1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 90378)
2     Michael T. Zeller (Bar No. 196417)
      Shane H. McKenzie (Bar No. 228978)
3  865 South Figueroa Street, 10th Floor
   Los Angeles, California  90017-2543
4  Telephone: (213) 443-3000
   Facsimile: (213) 443-3100
5
   Attorneys for Plaintiff and Counter-Defendant
6  Mattel, Inc.

7

8                 UNITED STATES DISTRICT COURT

9               CENTRAL DISTRICT OF CALIFORNIA

10

11

12  MATTEL, INC., a Delaware corporation,  ) Case No. CV 04-09059 NM (RNBx)
                                           )
13                   Plaintiff,            )
                                           ) MATTEL, INC.'S FIRST SET OF
14          v.                             ) REQUESTS FOR PRODUCTION
                                           ) OF DOCUMENTS AND
15  CARTER BRYANT, an individual           ) TANGIBLE THINGS TO MGA
                                           ) ENTERTAINMENT INC.
16                   Defendant.            )
                                           )
17  _____       )
                                           )
18  CARTER BRYANT, on behalf of himself,   )
    all present and former employees of    )
19  Mattel, Inc., and the general public,  )
                                           )
20                  Counterclaimant,       )
                                           )
21          v.                             )
                                           )
22  MATTEL, INC., a Delaware corporation,  )
                                           )
23              Counter-defendant.         )
                                           )
24

25

26

27                          EXHIBIT _____1_____

28                          PAGE _____1_____

07209/642197.1

FIRST REQUEST FOR PRODUCTION TO MGA

1    Pursuant to <u>Rule</u> 34 of the <u>Federal Rules of Civil Procedure</u>, Plaintiff

2  and Counter-Defendant Mattel, Inc. hereby requests that MGA Entertainment Inc.

3  make available for inspection and copying the following documents and things

4  within thirty days of the service of these Requests, at the offices of Quinn Emanuel

5  Urquhart Oliver & Hedges, LLP, 865 South Figueroa Street, 10th Floor, Los

6  Angeles, California 90036.

7    These Requests shall be deemed to be continuing, and MGA

8  Entertainment Inc. shall be obligated to supplement its responses to these requests

9  at such times and to the extent required by <u>Rule</u> 26(e) of the <u>Federal Rules of Civil</u>

10  <u>Procedure</u>.

11

12               <u>DEFINITIONS</u>

13

14    For purposes of this Request for Production of Documents:

15    A.   "YOU" or "YOUR" means MGA Entertainment Inc. and any of

16  its current or former employees, officers, directors, agents, representatives,

17  attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and

18  successors-in-interest, and any other PERSON acting on its behalf, pursuant to its

19  authority or subject to its control.

20    B.   "MATTEL" means Mattel, Inc. and any of its current or former

21  employees, officers, directors, agents, representatives, attorneys, subsidiaries,

22  divisions, affiliates, predecessors-in-interest and successors-in-interest, and any

23  other PERSON acting on its behalf, pursuant to its authority or subject to its

24  control.

25    C.   "DOCUMENT" or "DOCUMENTS" means all "writings" and

26  "recordings" as those terms are defined in <u>Rule</u> 34 of the <u>Federal Rules of Civil</u>

27  <u>Procedure</u> and <u>Rule</u> 1001 of the <u>Federal Rules of Evidence</u>, including, but not

28  limited to, all writings and records of every type and description including, but not

EXHIBIT _____ 1 _____

PAGE _____ 2 _____

-2-

1  limited to, contracts, agreements, correspondence, memoranda, letters, facsimiles,

2  electronic mail ("e-mail"), records of telephone conversations, handwritten and

3  typewritten notes of any kind, statements, reports, minutes, recordings, transcripts

4  and summaries of meetings, voice recordings, pictures, photographs, drawings,

5  computer cards, tapes, discs, printouts and records of all types, studies, instruction

6  manuals, policy manuals and statements, books, pamphlets, invoices, canceled

7  checks and every other device or medium by which or through which information

8  of any type is transmitted, recorded or preserved.  Without any limitation on the

9  foregoing, the term "DOCUMENT" shall include all copies that differ in any

10  respect from the original or other versions of the DOCUMENT, including, but not

11  limited to, all drafts and all copies of such drafts or originals containing initials,

12  comments, notations, insertions, corrections, marginal notes, amendments or any

13  other variation of any kind.

14       D.    "REFER OR RELATE TO" means constituting, embodying,

15  containing, referring to, commenting on, evidencing, regarding, discussing,

16  describing, mentioning, reflecting, expressing, pertaining to, concerning,

17  supporting, contradicting, negating, revoking or otherwise relating to in any

18  manner.

19       E.    "PERSON" or "PERSONS" means all natural persons,

20  partnerships, corporations, joint ventures and any kind of business, legal or public

21  entity or organization, as well as its, its or her agents, representatives, employees,

22  officers and directors and any one else acting on its, its or her behalf, pursuant to

23  its, its or her authority or subject to its, its or her control.

24       F.    "BRYANT" means Carter Bryant, any of his current or former

25  agents, representatives, attorneys, employees, partners, joint venturers,

26  predecessors-in-interest and successors-in-interest, and any other PERSON acting

27  on his behalf, pursuant to his authority or subject to his control.

28

EXHIBIT _____ *1*

PAGE _____ *3*

FIRST REQUEST FOR PRODUCTION TO MGA

07209/642197.1

1    G.    "BRATZ" means any project ever known by that name

2  (whether in whole or in part and regardless of what such project is or has been

3  also, previously or subsequently called) and any doll or any portion thereof that is

4  now or has ever been known as, or sold or marketed under, the name or term

5  "Bratz" (whether in whole or in part and regardless of what such doll is or has

6  been also, previously or subsequently called) or that is now or has ever been sold

7  or marketed as part of the "Bratz" line, and all prototypes, models, samples and

8  versions of such doll or any portion thereof.

9    H.    "ANGEL" means any project that is the subject of

10  MGA000706-08, MGA000710-12, MGA000714-16, MGA000718-20,

11  MGA000724-28 and MGA000734, and any doll (sometimes purportedly called

12  "Angel," "Angel Faces" and/or "Prayer Angels") or any portion thereof that is the

13  subject of MGA000706-08, MGA000710-12, MGA000714-16, MGA000718-20,

14  MGA000724-28 and MGA000734, including all prototypes, models, samples and

15  versions of such doll(s) or any portion thereof.  Without limiting the generality of

16  the foregoing, "ANGEL" means any project or any doll or any portion thereof that

17  is the subject of MGA000706-08, MGA000710-12, MGA000714-16,

18  MGA000718-20, MGA000724-28 and MGA000734, regardless of what any such

19  project or doll has in fact been called, and regardless of what any such project or

20  doll is or has been also, previously or subsequently called.

21    I.    "DESIGNS" means any and all works, designs, artwork,

22  sketches, drawings, illustrations, representations, depictions, blueprints,

23  schematics, diagrams, descriptions, sculptures, prototypes, models, samples,

24  reductions to practice, developments, know-how, ideas, concepts, inventions

25  and/or improvements, as well as all other items, things and DOCUMENTS in

26  which any of the foregoing are or have been expressed, embodied, contained,

27  fixed or reflected in any manner, whether in whole or in part.

28

EXHIBIT _____ *1*

PAGE _____ 4

FIRST REQUEST FOR PRODUCTION TO MGA

1        J.      "COMMUNICATION" or "COMMUNICATIONS" means and

2   includes any disclosure, transfer or exchange of information between two or more

3   PERSONS, whether orally or in writing, including, without limitation, any

4   conversation or discussion by means of meeting, letter, telephone, note,

5   memorandum, telegraph, telex, telecopier, electronic mail, or any other electronic

6   or other medium, including without limitation in written, audio or video form.

7        K.      The singular form of a noun or pronoun includes within its

8   meaning the plural form of the noun or pronoun so used, and *vice versa*; the use of

9   the masculine form of a pronoun also includes within its meaning the feminine

10  form of the pronoun so used, and *vice versa*; the use of any tense of any verb

11  includes also within its meaning all other tenses of the verb so used, whenever

12  such construction results in a broader request for information; and "and" includes

13  "or" and *vice versa*, whenever such construction results in a broader disclosure of

14  documents or information.

15

16                              INSTRUCTIONS

17

18       A.      Unless otherwise specified, these requests call for

19  DOCUMENTS prepared on or after January 1, 1995 through the present.

20  Documents shall be produced in their original file folders, or in lieu thereof, any

21  writing on the file folder from which each such document is taken shall be copied

22  and appended to such document and the person for whom or department, division,

23  or office for which the document or the file folder is maintained shall be

24  identified.

25       B.      YOU are to produce all DOCUMENTS requested hereby that

26  are in YOUR possession, custody and control.

27       C.      In the event that any document called for by these requests is to

28  be withheld on the basis of a claim of privilege or immunity from discovery, that

07209/642197.1

EXHIBIT _____

PAGE _____ 5

-5-

FIRST REQUEST FOR PRODUCTION TO MGA

1  document is to be identified by stating (i) any addressor and addressee; (ii) any

2  indicated or blind copy; (iii) the document's date, subject matter, number of pages,

3  and attachments or appendices; (iv) all persons to whom the document was

4  distributed, shown, or explained; (v) its present custodian; and (vi) the nature of

5  the privilege or immunity asserted.

6          D.    In the event that any document called for by these requests has

7  been destroyed or discarded, that document is to be identified by stating: (i) any

8  addressor and addressee; (ii) any indicated or blind copies; (iii) the document's

9  date, subject matter, number of pages, and attachments or appendices; (iv) all

10  persons to whom the document was distributed, shown, or explained; (v) the date

11  of destruction or discard, manner of destruction or discard, and reason for

12  destruction or discard; (vi) the persons who were authorized to carry out such

13  destruction or discard; and (vii) whether any copies of the document presently

14  exist and, if so, the name of the custodian of each copy.

15

16                          REQUESTS FOR PRODUCTION

17

18  REQUEST FOR PRODUCTION NO. 1:

19          All DOCUMENTS that REFER OR RELATE TO any agreement or

20  contract between YOU and BRYANT, including without limitation all drafts

21  thereof and all actual or proposed amendments, modifications and revisions

22  thereto.

23

24  REQUEST FOR PRODUCTION NO. 2:

25          All DOCUMENTS that REFER OR RELATE TO the performance of

26  any agreement or contract between YOU and BRYANT.

27

28

EXHIBIT _____ 1 _____

PAGE _____ 6 _____

07209/642197.1

-6-

FIRST REQUEST FOR PRODUCTION TO MGA

REQUEST FOR PRODUCTION NO. 3:

ALL DOCUMENTS that REFER OR RELATE TO the agreement dated as of September 18, 2000 between YOU and BRYANT, including without limitation all drafts thereof and any actual or proposed modifications, amendments or revisions thereto.

REQUEST FOR PRODUCTION NO. 4:

ALL DOCUMENTS that REFER OR RELATE TO the Modification and Clarification of the Agreement dated as of September 18, 2000 between YOU and BRYANT, including without limitation all drafts thereof and any actual or proposed modifications, amendments or revisions thereto.

REQUEST FOR PRODUCTION NO. 5:

ALL DOCUMENTS that REFER OR RELATE TO the agreement dated April 2001 between YOU and BRYANT, including without limitation all drafts thereof and any actual or proposed modifications, amendments or revisions thereto.

REQUEST FOR PRODUCTION NO. 6:

All DOCUMENTS prepared, created, received or transmitted (whether in whole or in part) prior to January 1, 2001 that REFER OR RELATE TO BRYANT.

REQUEST FOR PRODUCTION NO. 7:

All DOCUMENTS that REFER OR RELATE TO any work, activities or services, including without limitation any freelance work or consulting services, that BRYANT performed for or with YOU or on YOUR

EXHIBIT _____ 1

PAGE _____ 7

FIRST REQUEST FOR PRODUCTION TO MGA

07209/642197.1

behalf prior to January 1, 2001 (regardless of when any such DOCUMENT was prepared, created, received or transmitted, whether in whole or in part).

REQUEST FOR PRODUCTION NO. 8:

All DOCUMENTS that REFER OR RELATE TO any work, activities or services, including without limitation any freelance work or consulting services, that Anna Rhee performed for or with YOU or on YOUR behalf prior to January 1, 2001 (regardless of when any such DOCUMENT was prepared, created, received or transmitted, whether in whole or in part).

REQUEST FOR PRODUCTION NO. 9:

All DOCUMENTS that REFER OR RELATE TO any work, activities or services, including without limitation any freelance work or consulting services, that Veronica Marlow performed for or with YOU or on YOUR behalf prior to January 1, 2001 (regardless of when any such DOCUMENT was prepared, created, received or transmitted, whether in whole or in part).

REQUEST FOR PRODUCTION NO. 10:

All DOCUMENTS that REFER OR RELATE TO any work, activities or services, including without limitation any freelance work or consulting services, that Sarah Halpern performed for or with YOU or on YOUR behalf prior to January 1, 2001 (regardless of when any such DOCUMENT was prepared, created, received or transmitted, whether in whole or in part).

REQUEST FOR PRODUCTION NO. 11:

All DOCUMENTS that REFER OR RELATE TO any work, activities or services, including without limitation any freelance work or consulting services, that Jesse Ramirez performed for or with YOU or on YOUR

EXHIBIT _____ 1

PAGE _____ 8

07209/642197.1

FIRST REQUEST FOR PRODUCTION TO MGA

1  behalf prior to January 1, 2001 (regardless of when any such DOCUMENT was

2  prepared, created, received or transmitted, whether in whole or in part).

3

4  REQUEST FOR PRODUCTION NO. 12:

5       All DOCUMENTS that REFER OR RELATE TO any work,

6  activities or services, including without limitation any freelance work or

7  consulting services, that Margaret Hatch (also known as Margaret Leahy and/or

8  Margaret Hatch-Leahy) performed for or with YOU or on YOUR behalf prior to

9  January 1, 2001 (regardless of when any such DOCUMENT was prepared,

10  created, received or transmitted, whether in whole or in part).

11

12  REQUEST FOR PRODUCTION NO. 13:

13       All DOCUMENTS that REFER OR RELATE TO any work,

14  activities or services, including without limitation any freelance work or

15  consulting services, that Elise Cloonan performed for or with YOU or on YOUR

16  behalf prior to January 1, 2001 (regardless of when any such DOCUMENT was

17  prepared, created, received or transmitted, whether in whole or in part).

18

19  REQUEST FOR PRODUCTION NO. 14:

20       All agreements and contracts between YOU and Anna Rhee,

21  including without limitation all drafts thereof and amendments, modifications and

22  revisions thereto.

23

24  REQUEST FOR PRODUCTION NO. 15:

25       All DOCUMENTS that REFER OR RELATE TO any agreement or

26  contract between YOU and Anna Rhee, including without limitation all

27  COMMUNICATIONS that REFER OR RELATE thereto.

28

EXHIBIT _____ 1

PAGE _____ 9

FIRST REQUEST FOR PRODUCTION TO MGA

REQUEST FOR PRODUCTION NO. 16:

All agreements and contracts between YOU and Veronica Marlow, including without limitation all drafts thereof and amendments, modifications and revisions thereto.

REQUEST FOR PRODUCTION NO. 17:

All DOCUMENTS that REFER OR RELATE TO any agreement or contract between YOU and Veronica Marlow, including without limitation all COMMUNICATIONS that REFER OR RELATE thereto.

REQUEST FOR PRODUCTION NO. 18:

All agreements and contracts between YOU and Margaret Hatch (also known as Margaret Leahy and/or Margaret Hatch-Leahy), including without limitation all drafts thereof and amendments, modifications and revisions thereto.

REQUEST FOR PRODUCTION NO. 19:

All DOCUMENTS that REFER OR RELATE TO any agreement or contract between YOU and Margaret Hatch (also known as Margaret Leahy and/or Margaret Hatch-Leahy), including without limitation all COMMUNICATIONS that REFER OR RELATE thereto.

REQUEST FOR PRODUCTION NO. 20:

All agreements and contracts between YOU and Sarah Halpern, including without limitation all drafts thereof and amendments, modifications and revisions thereto.

EXHIBIT _____ I

PAGE _____ Io

FIRST REQUEST FOR PRODUCTION TO MGA

REQUEST FOR PRODUCTION NO. 21:

All DOCUMENTS that REFER OR RELATE TO any agreement or contract between YOU and Sarah Halpern, including without limitation all COMMUNICATIONS that REFER OR RELATE thereto.

REQUEST FOR PRODUCTION NO. 22:

All agreements and contracts between YOU and Jesse Ramirez, including without limitation all drafts thereof and amendments, modifications and revisions thereto.

REQUEST FOR PRODUCTION NO. 23:

All DOCUMENTS that REFER OR RELATE TO any agreement or contract between YOU and Jesse Ramirez, including without limitation all COMMUNICATIONS that REFER OR RELATE thereto.

REQUEST FOR PRODUCTION NO. 24:

All agreements and contracts between YOU and Elise Cloonan, including without limitation all drafts thereof and amendments, modifications and revisions thereto.

REQUEST FOR PRODUCTION NO. 25:

All DOCUMENTS that REFER OR RELATE TO any agreement or contract between YOU and Elise Cloonan, including without limitation all COMMUNICATIONS that REFER OR RELATE thereto.

EXHIBIT _____/_____

PAGE _____(/_____

FIRST REQUEST FOR PRODUCTION TO MGA

1  REQUEST FOR PRODUCTION NO. 26:

2          All DOCUMENTS that REFER OR RELATE TO DESIGNS that

3  BRYANT produced, prepared, created, authored, conceived of or reduced to

4  practice, whether alone or jointly with others, prior to January 1, 2001.

5

6  REQUEST FOR PRODUCTION NO. 27:

7          All DOCUMENTS that REFER OR RELATE TO DESIGNS

8  produced, prepared, created, authored, conceived of or reduced to practice prior to

9  January 1, 2001 by BRYANT, whether alone or jointly with others, in which YOU

10  have purported at any time to purchase, acquire or own any right, title or interest

11  (whether in whole or in part).

12

13  REQUEST FOR PRODUCTION NO. 28:

14          All DOCUMENTS that REFER OR RELATE TO DESIGNS

15  produced, prepared, created, authored, conceived of or reduced to practice prior to

16  January 1, 2001 by Margaret Hatch (also known as Margaret Leahy and/or

17  Margaret Hatch-Leahy), whether alone or jointly with others, in which YOU have

18  purported at any time to purchase, acquire or own any right, title or interest

19  (whether in whole or in part).

20

21  REQUEST FOR PRODUCTION NO. 29:

22          All DOCUMENTS, including without limitation all

23  COMMUNICATIONS between YOU and any PERSON, that REFER OR

24  RELATE TO any agreement or contract between BRYANT and Mattel, Inc.

25

26  REQUEST FOR PRODUCTION NO. 30:

27          All DOCUMENTS, including without limitation all

28  COMMUNICATIONS between YOU and any PERSON, that REFER OR

07209/642197.1

EXHIBIT _____ 1

PAGE _____ 12

-12-

FIRST REQUEST FOR PRODUCTION TO MGA

RELATE TO any agreement or contract between Margaret Hatch (also known as Margaret Leahy and/or Margaret Hatch-Leahy) and Mattel, Inc.

REQUEST FOR PRODUCTION NO. 31:

All COMMUNICATIONS between YOU and BRYANT that REFER OR RELATE TO Mattel, Inc. or any officer, director, employee or representative of Mattel, Inc.

REQUEST FOR PRODUCTION NO. 32:

All DOCUMENTS prepared, written, transmitted or received (whether in whole or in part) prior to January 1, 2001 that REFER OR RELATE TO BRATZ.

REQUEST FOR PRODUCTION NO. 33:

All DOCUMENTS that REFER OR RELATE TO BRATZ that REFER OR RELATE TO any time prior to January 1, 2001 (regardless of when such document was prepared, written, transmitted or received, whether in whole or in part).

REQUEST FOR PRODUCTION NO. 34:

All DOCUMENTS prepared, written, transmitted or received (whether in whole or in part) prior to January 1, 2001 that REFER OR RELATE TO ANGEL.

REQUEST FOR PRODUCTION NO. 35:

All DOCUMENTS that REFER OR RELATE TO ANGEL that REFER OR RELATE TO any time prior to January 1, 2001 (regardless of when

EXHIBIT ____ 1
PAGE ____ 13

FIRST REQUEST FOR PRODUCTION TO MGA

1  such document was prepared, written, transmitted or received, whether in whole or
2  in part).

3

4  REQUEST FOR PRODUCTION NO. 36:

5          All DOCUMENTS that REFER OR RELATE TO the origin(s),
6  conception or creation of BRATZ, including without limitation all DOCUMENTS
7  that REFER OR RELATE TO the timing of, and the method and manner in which,
8  BRATZ first came to YOUR attention.

9

10  REQUEST FOR PRODUCTION NO. 37:

11          All declarations, affidavits and other sworn written statements of any
12  other type or form by YOU that REFER OR RELATE TO BRATZ (other than
13  those previously filed and served in this action).

14

15  REQUEST FOR PRODUCTION NO. 38:

16          All transcripts and video and/or audio recordings of statements made
17  by YOU under oath, including without limitation all deposition transcripts, trial
18  transcripts and arbitration transcripts, that REFER OR RELATE TO BRATZ
19  (other than those taken in this action when Mattel, Inc.'s counsel was in
20  attendance).

21

22  REQUEST FOR PRODUCTION NO. 39:

23          All declarations, affidavits and other sworn written statements of any
24  other type or form by any PERSON that REFER OR RELATE TO ANGEL (other
25  than those previously filed and served in this action).

26

27

28

EXHIBIT _____ 1

PAGE _____ 14

FIRST REQUEST FOR PRODUCTION TO MGA

REQUEST FOR PRODUCTION NO. 40:

All transcripts and video and/or audio recordings of statements made by any PERSON under oath, including without limitation all deposition transcripts, trial transcripts and arbitration transcripts, that REFER OR RELATE TO ANGEL (other than those taken in this action when Mattel, Inc.'s counsel was in attendance).

REQUEST FOR PRODUCTION NO. 41:

All DOCUMENTS that REFER OR RELATE TO BRATZ and/or ANGEL filed, submitted or served in the suit and/or arbitration proceedings brought by Farhad Larian against Isaac Larian, including without limitation all declarations, affidavits and sworn testimony given by any PERSON in such suit or arbitration proceedings.

REQUEST FOR PRODUCTION NO. 42:

All DOCUMENTS that REFER OR RELATE TO any payment made to or on behalf of BRYANT prior to October 21, 2000 or for work or services performed by BRYANT prior to October 21, 2000 regardless of when such payment was actually made.

REQUEST FOR PRODUCTION NO. 43:

All DOCUMENTS that REFER OR RELATE TO any payment made to or on behalf of BRYANT for DESIGNS that BRYANT assigned or transferred to YOU prior to October 21, 2000, regardless of when such payment was actually made.

EXHIBIT _____ 1 _____

PAGE _____ 15 _____

FIRST REQUEST FOR PRODUCTION TO MGA

1  REQUEST FOR PRODUCTION NO. 44:

2          All DOCUMENTS that REFER OR RELATE TO invoices submitted

3  by BRYANT to YOU prior to January 31, 2001.

4

5  REQUEST FOR PRODUCTION NO. 45:

6          All of YOUR royalty statements to or for BRYANT.

7

8  REQUEST FOR PRODUCTION NO. 46:

9          All DOCUMENTS that REFER OR RELATE TO BRYANT'S

10  participation in the conception, creation, design, development, sculpting, tooling,

11  production or manufacture of BRATZ.

12

13  REQUEST FOR PRODUCTION NO. 47:

14          All DOCUMENTS that REFER OR RELATE TO BRYANT'S

15  participation in the conception, creation, design, development, sculpting, tooling,

16  production or manufacture of ANGEL.

17

18  REQUEST FOR PRODUCTION NO. 48:

19          All non-privileged COMMUNICATIONS between YOU and any

20  PERSON that REFER OR RELATE TO this action.

21

22  REQUEST FOR PRODUCTION NO. 49:

23          All DOCUMENTS that REFER OR RELATE TO any

24  indemnification that BRYANT has sought, proposed, requested or obtained in

25  connection with this action.

26

27

28

EXHIBIT ___1___

PAGE ___16___

-16-

FIRST REQUEST FOR PRODUCTION TO MGA

REQUEST FOR PRODUCTION NO. 50:

All DOCUMENTS that REFER OR RELATE TO any indemnification that YOU have sought, proposed, requested or obtained in connection with this action.

REQUEST FOR PRODUCTION NO. 51:

All DOCUMENTS that REFER OR RELATE TO each and every sculpt of BRATZ (including without limitation any model, prototype or sample thereof) prior to June 1, 2001.

REQUEST FOR PRODUCTION NO. 52:

All DOCUMENTS that REFER OR RELATE TO each and every sculpt of ANGEL (including without limitation any model, prototype or sample thereof).

REQUEST FOR PRODUCTION NO. 53:

All DOCUMENTS that REFER OR RELATE TO the procurement, fabrication, preparation and production of each and every mold for BRATZ (including without limitation for any model, prototype or sample thereof) prior June 1, 2001, including without limitation all orders, purchase orders and invoices relating thereto.

REQUEST FOR PRODUCTION NO. 54:

DOCUMENTS sufficient to show when any mold for ANGEL (including without limitation for any model, prototype or sample thereof) was first ordered, procured, fabricated, prepared and produced.

EXHIBIT ___1___

PAGE ___17___

07209/642197.1

-17-

FIRST REQUEST FOR PRODUCTION TO MGA

**REQUEST FOR PRODUCTION NO. 55:**

All DOCUMENTS that REFER OR RELATE TO the exhibition, or proposed, offered or requested exhibition, of BRATZ (including without limitation any model, prototype or sample thereof) to any third party prior to June 1, 2001.

**REQUEST FOR PRODUCTION NO. 56:**

DOCUMENTS sufficient to show when ANGEL (including without limitation any model, prototype or sample thereof) was first exhibited to any third party.

**REQUEST FOR PRODUCTION NO. 57:**

DOCUMENTS sufficient to show when and where BRATZ (including without limitation any model, prototype or sample thereof) was first marketed to any wholesaler, distributor and/or retailer.

**REQUEST FOR PRODUCTION NO. 58:**

DOCUMENTS sufficient to show when and where ANGEL (including without limitation any model, prototype or sample thereof) was first marketed to any wholesaler, distributor and/or retailer.

**REQUEST FOR PRODUCTION NO. 59:**

DOCUMENTS sufficient to show when and where BRATZ (including without limitation any model, prototype or sample thereof) was first offered for sale to any wholesaler, distributor and/or retailer.

EXHIBIT _____ 1 _____

PAGE _____ 18 _____

FIRST REQUEST FOR PRODUCTION TO MGA

REQUEST FOR PRODUCTION NO. 60:

DOCUMENTS sufficient to show when and where ANGEL (including without limitation any model, prototype or sample thereof) was first offered for sale by YOU to any wholesaler, distributor and/or retailer.

REQUEST FOR PRODUCTION NO. 61:

DOCUMENTS sufficient to show when and where BRATZ was first shipped, distributed and sold.

REQUEST FOR PRODUCTION NO. 62:

DOCUMENTS sufficient to show when and where ANGEL was first shipped, distributed and sold.

REQUEST FOR PRODUCTION NO. 63:

All DOCUMENTS that REFER OR RELATE TO the licensing, including without limitation the proposed or requested licensing, of BRATZ prior to December 31, 2001.

REQUEST FOR PRODUCTION NO. 64:

All COMMUNICATIONS between YOU and any manufacturer, or any contemplated, proposed or potential manufacturer, that REFER OR RELATE TO BRATZ prior to June 1, 2001.

REQUEST FOR PRODUCTION NO. 65:

DOCUMENTS sufficient to identify when YOU first contacted any manufacturer, or any contemplated, proposed or potential manufacturer, for the manufacture of ANGEL.

EXHIBIT _____ 1

PAGE _____ 19

07209/642197.1

-19-

FIRST REQUEST FOR PRODUCTION TO MGA

REQUEST FOR PRODUCTION NO. 66:

All COMMUNICATIONS between YOU and any PERSON that REFER OR RELATE TO the distribution or proposed or potential distribution of BRATZ prior to June 1, 2001.

REQUEST FOR PRODUCTION NO. 67:

All COMMUNICATIONS between YOU and Universal Commerce Corp., Ltd. prior to June 1, 2001.

REQUEST FOR PRODUCTION NO. 68:

All DOCUMENTS that REFER OR RELATE TO Mattel, Inc., or that were prepared, authored or created by Mattel, Inc. or any officer, director, employee or representative of Mattel, Inc., that BRYANT has ever provided to, shown, described to, communicated to or disclosed in any manner to YOU.

REQUEST FOR PRODUCTION NO. 69:

All COMMUNICATIONS between YOU and BRYANT prior to January 1, 2001, including without limitation all diaries, notes, calendars, logs, phone records and letters, that reflect, record or memorialize or otherwise REFER OR RELATE TO any such COMMUNICATIONS.

REQUEST FOR PRODUCTION NO. 70:

All COMMUNICATIONS between YOU and Elise Cloonan that REFER OR RELATE TO BRYANT, Mattel, Inc., BRATZ and/or Anna Rhee, including without limitation all diaries, notes, calendars, logs, phone records and letters, that reflect, record or memorialize or otherwise REFER OR RELATE TO any such COMMUNICATIONS.

EXHIBIT _____ 1

PAGE _____ 20

07209/642197.1

-20-

FIRST REQUEST FOR PRODUCTION TO MGA

1 | REQUEST FOR PRODUCTION NO. 71:

2 |   All COMMUNICATIONS between YOU and Elise Cloonan prior to
3 | June 11, 2002, including without limitation all diaries, notes, calendars, logs,
4 | phone records and letters, that reflect, record or memorialize or otherwise REFER
5 | OR RELATE TO any such COMMUNICATIONS.

6 |

7 | REQUEST FOR PRODUCTION NO. 72:

8 |   All COMMUNICATIONS between YOU and Veronica Marlow prior
9 | to January 1, 2001, including without limitation all diaries, notes, calendars, logs,
10 | phone records and letters, that reflect, record or memorialize or otherwise REFER
11 | OR RELATE TO any such COMMUNICATIONS.

12 |

13 | REQUEST FOR PRODUCTION NO. 73:

14 |   All COMMUNICATIONS between YOU and Mercedeh Ward prior
15 | to November 6, 2000, including without limitation all diaries, notes, calendars,
16 | logs, phone records and letters, that reflect, record or memorialize or otherwise
17 | REFER OR RELATE TO any such COMMUNICATIONS.

18 |

19 | REQUEST FOR PRODUCTION NO. 74:

20 |   All COMMUNICATIONS between YOU and Margaret Hatch (also
21 | known as Margaret Leahy and/or Margaret Hatch-Leahy) prior to January 1, 2001,
22 | including without limitation all diaries, notes, calendars, logs, phone records and
23 | letters, that reflect, record or memorialize or otherwise REFER OR RELATE TO
24 | any such COMMUNICATIONS.

25 |

26 | REQUEST FOR PRODUCTION NO. 75:

27 |   All COMMUNICATIONS between YOU and Anna Rhee prior to
28 | January 1, 2001, including without limitation all diaries, notes, calendars, logs,

07209/642197.1

EXHIBIT _____ 1 _____

-21-

PAGE _____ 21 _____

1  phone records and letters, that reflect, record or memorialize or otherwise REFER
2  OR RELATE TO any such COMMUNICATIONS.

3

4  REQUEST FOR PRODUCTION NO. 76:

5      All COMMUNICATIONS between Veronica Marlow and Anna Rhee
6  prior to January 1, 2001, including without limitation all diaries, notes, calendars,
7  logs, phone records and letters, that reflect, record or memorialize or otherwise
8  REFER OR RELATE TO any such COMMUNICATIONS.

9

10  REQUEST FOR PRODUCTION NO. 77:

11      All COMMUNICATIONS between YOU and Sarah Halpern prior to
12  January 1, 2001, including without limitation all diaries, notes, calendars, logs,
13  phone records and letters, that reflect, record or memorialize or otherwise REFER
14  OR RELATE TO any such COMMUNICATIONS.

15

16  REQUEST FOR PRODUCTION NO. 78:

17      All COMMUNICATIONS between YOU and Jesse Ramirez prior to
18  January 1, 2001, including without limitation all diaries, notes, calendars, logs,
19  phone records and letters, that reflect, record or memorialize or otherwise REFER
20  OR RELATE TO any such COMMUNICATIONS.

21

22  REQUEST FOR PRODUCTION NO. 79:

23      Any personnel or vendor file that YOU have created or maintained
24  concerning BRYANT.

25

26  REQUEST FOR PRODUCTION NO. 80:

27      Any personnel file that YOU have created or maintained concerning
28  Paula Treantafellas.

EXHIBIT _____ 1 _____

PAGE _____ 22 _____

FIRST REQUEST FOR PRODUCTION TO MGA

REQUEST FOR PRODUCTION NO. 81:

Any personnel file that YOU have created or maintained concerning Mercedeh Ward.

REQUEST FOR PRODUCTION NO. 82:

Any personnel or vendor file that YOU have created or maintained concerning Margaret Hatch (also known as Margaret Leahy and/or Margaret Hatch-Leahy).

REQUEST FOR PRODUCTION NO. 83:

Any personnel or vendor file that YOU have created or maintained concerning Veronica Marlow.

REQUEST FOR PRODUCTION NO. 84:

Any personnel or vendor file that YOU have created or maintained concerning Anna Rhee.

REQUEST FOR PRODUCTION NO. 85:

Any personnel or vendor file that YOU have created or maintained concerning Jessie Ramirez.

REQUEST FOR PRODUCTION NO. 86:

Any personnel file that YOU have created or maintained concerning Shirin Salemnia.

REQUEST FOR PRODUCTION NO. 87:

Any personnel file that YOU have created or maintained concerning Victoria O'Connor.

EXHIBIT _____ 1 _____

PAGE _____ 23 _____

FIRST REQUEST FOR PRODUCTION TO MGA

1   REQUEST FOR PRODUCTION NO. 88:

2          Any personnel file that YOU have created or maintained concerning

3   Farhad Larian.

4

5   REQUEST FOR PRODUCTION NO. 89:

6          All telephone records for MGA Entertainment Inc. for the time period

7   from January 1, 1998 through January 1, 2001.

8

9   REQUEST FOR PRODUCTION NO. 90:

10         All DOCUMENTS that REFER OR RELATE TO any copyright,

11  patent or any other application or registration for BRATZ DESIGNS, including

12  without limitation all COMMUNICATIONS pertaining thereto.

13

14  REQUEST FOR PRODUCTION NO. 91:

15         All DOCUMENTS that REFER OR RELATE TO any copyright,

16  patent or any other application or registration for ANGEL DESIGNS, including

17  without limitation all COMMUNICATIONS pertaining thereto.

18

19  REQUEST FOR PRODUCTION NO. 92:

20         All DOCUMENTS that REFER OR RELATE TO any testing of or

21  sampling from any DOCUMENTS that REFER OR RELATE TO BRATZ or

22  BRYANT, including without limitation any such testing or sampling in connection

23  with any ink, paper or chemical analysis to date any such DOCUMENTS and

24  including without limitation all results and reports relating thereto.

25

26

27

28

EXHIBIT _____1_____

PAGE _____24_____

FIRST REQUEST FOR PRODUCTION TO MGA

REQUEST FOR PRODUCTION NO. 93:

An electronic copy of each DOCUMENT that YOU have produced in this action, or that is responsive to these Requests, that is or was created, prepared, generated, maintained or transmitted in digital form.

REQUEST FOR PRODUCTION NO. 94:

The metadata for each DOCUMENT that YOU have produced in this action, or that is responsive to these Requests, that is or was created, prepared, generated, maintained or transmitted in digital form.

REQUEST FOR PRODUCTION NO. 95:

All DOCUMENTS that support, refute or otherwise REFER OR RELATE TO any facts underlying YOUR Affirmative Defenses in this action.

REQUEST FOR PRODUCTION NO. 96:

All doll heads, sculpts, prototypes, models, samples and tangible items that were created, prepared or made, whether in whole or in part, prior to January 1, 2001 that REFER OR RELATE TO BRATZ.

REQUEST FOR PRODUCTION NO. 97:

All doll heads, sculpts, prototypes, models, samples and tangible items that were created, prepared or made, whether in whole or in part, prior to January 1, 2001 that REFER OR RELATE TO ANGEL.

REQUEST FOR PRODUCTION NO. 98:

All doll heads, sculpts, prototypes, models, samples and tangible items that Anna Rhee painted, whether in whole or in part, for or with YOU or on YOUR behalf or for or on behalf of BRYANT prior to January 1, 2001.

EXHIBIT _____

PAGE _____ 25

-25-

FIRST REQUEST FOR PRODUCTION TO MGA

REQUEST FOR PRODUCTION NO. 99:

All doll heads, sculpts, prototypes, models, samples and tangible items that REFER OR RELATE TO DESIGNS for dolls, doll accessories or toys that BRYANT produced, created, authored, conceived of or reduced to practice, whether alone or jointly with others, prior to January 1, 2001.

REQUEST FOR PRODUCTION NO. 100:

All doll heads, sculpts, prototypes, models, samples and tangible items that support, refute or otherwise REFER OR RELATE TO any facts underlying YOUR Affirmative Defenses in this action.

DATED:  March 14, 2005

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By _____
     Shane Heather McKenzie
     Attorneys for Plaintiff/Counter-defendant
     Mattel, Inc.

EXHIBIT ____1____

PAGE ____26____

-26-

FIRST REQUEST FOR PRODUCTION TO MGA

**PROOF OF SERVICE**

1013A(3) CCP Revised 5/1/88

**STATE OF CALIFORNIA**       )
                              ) SS
**COUNTY OF LOS ANGELES**     )

I am employed in the county of Los Angeles  State of California.  I am over the age of 18 and not a party to the within action; my business address is: 865 South Figueroa Street, 10th Floor, Los Angeles, California  90017.

On March 14, 2005, I served the foregoing document described as **Mattel, Inc.'s First Set of Requests For Production of Documents And Tangible Things to MGA Entertainment Inc.** on all interested parties in this action.

Robert F. Millman, Esq.
Douglas A. Wickham, Esq.
**Littler Mendelson**
**A Professional Corporation**
2049 Century Park East, 5th Floor
Los Angeles, California 90067-3107
**FAX: 310-553-5583**

[   ]   By placing [ ] the original [ ] true copies thereof enclosed in sealed envelopes addressed as follows:

[ X ]   **BY MAIL:**   I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid. As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ X ]   **BY TELECOPIER** By transmitting the above listed document(s) to the fax number(s) set forth above on this date.

Executed on March 14, 2005, at Los Angeles, California.

[   ]   (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[ X ]   (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Rebecca A. Ramos
Print Name

Signature

EXHIBIT _____1_____

PAGE _____27_____

1

**PROOF OF SERVICE**

1013A(3) CCP Revised 5/1/88

2

**STATE OF CALIFORNIA**   )
                           ) SS
3    **COUNTY OF LOS ANGELES**   )

4        I am employed in the county of Los Angeles  State of California.  I am over the age of 18 and not a party to the within action; my business address is: 865 South Figueroa Street, 10th Floor,
5    Los Angeles, California  90017.

6        On March 14, 2005, I served the foregoing document described as **Mattel, Inc.'s First Set of Requests For Production of Documents And Tangible Things to MGA Entertainment Inc.**
7    on all interested parties in this action.

8                           **Paula E. Ambrosini, Esq.**
                            **O'Melveny & Meyers**
9                           400 So. Hope Street
                            Los Angeles, CA  90071
10                          (213) 430-6407

11   [   ]   By placing [  ] the original [  ] true copies thereof enclosed in sealed envelopes addressed as
             follows:

12   [   ]   **BY MAIL**:    I deposited such envelope in the mail at Los Angeles, California.  The
             envelope was mailed with postage thereon fully prepaid. As follows: I am "readily familiar"
13           with the firm's practice of collection and processing correspondence for mailing.  Under that
             practice it would be deposited with U.S. postal service on that same day with postage thereon
14           fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that
             on motion of the party served, service is presumed invalid if postal cancellation date or
15           postage meter date is more than one day after date of deposit for mailing in affidavit.

16
     [ X ]   **BY TELECOPIER** By transmitting the above listed document(s) to the fax number(s)
17           set forth above on this date.

18   [ X ]   **BY PERSONAL SERVICE** I caused to be delivered such envelope by hand to the
             addressee.
19
     Executed on March 14, 2005, at Los Angeles, California.
20
     [   ]   (State) I declare under penalty of perjury under the laws of the State of California that the
21           above is true and correct.

22   [ X ]   (Federal) I declare that I am employed in the office of a member of the bar of this court at
             whose direction the service was made.
23

24

25   Rebecca A. Ramos                           Rebecca A. Ramos
     Print Name                                 Signature
26

27

28

EXHIBIT _____/_____

PAGE _____28_____

1 | QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
John B. Quinn (Bar No. 90378)
2 | (johnquinn@quinnemanuel.com)
Michael T. Zeller (Bar No. 196417)
3 | (michaelzeller@quinnemanuel.com)
Jon D. Corey (Bar No. 185066)
4 | (joncorey@quinnemanuel.com)
Timothy L. Alger (Bar No. 160303)
5 | (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
6 | Los Angeles, California 90017-2543
Telephone: (213) 443-3000
7 | Facsimile: (213) 443-3100

8 | Attorneys for Mattel, Inc.

9 | UNITED STATES DISTRICT COURT

10 | CENTRAL DISTRICT OF CALIFORNIA

11 | EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727 |
| v. | |
| MATTEL, INC., a Delaware corporation, | MATTEL, INC.'S FIRST SET OF REQUESTS FOR DOCUMENTS AND THINGS RE CLAIMS OF UNFAIR COMPETITION TO MGA ENTERTAINMENT, INC. |
| Defendant. | |
| AND CONSOLIDATED CASES. | |

21 |         Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Mattel,

22 | Inc. hereby requests that MGA Entertainment, Inc. ("MGA") respond to these

23 | document requests ("Requests") and make available for inspection and copying

24 | originals of the following documents within 30 days of service at the offices of

25 | Quinn Emanuel Urquhart Oliver & Hedges, LLP, 865 South Figueroa Street, 10th

26 | floor, Los Angeles, CA 90017.  MGA shall be obligated to supplement responses to

27 | these requests at such times and to the extent required by Rule 26(e) of the Federal

28 | Rules of Civil Procedure.

EXHIBIT _____ 2

PAGE _____ 28

07975/1928319.2

## I.   **DEFINITIONS**

For purposes of these Requests, the following definitions apply:

A.   The terms "YOU," "YOUR" and "MGA" mean MGA Entertainment, Inc. and any individual or entity acting directly or indirectly by, through, under or on behalf of MGA Entertainment, Inc., including but not limited to current or former directors, officers, employees, agents, contractors, attorneys, accountants, or representatives of MGA Entertainment, Inc. and any corporation, partnership, association, trust, parent, subsidiary, division, affiliate, predecessor-in-interest and successor-in-interest, and any other PERSON acting on its behalf.

B.   The term "MATTEL" means Mattel, Inc. and all current or former directors, officers, employees, agents, contractors, attorneys, accountants, representatives, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

C.   "DOCUMENT" or "DOCUMENTS" means all "writings" and "recordings" as those terms are defined in Rule 1001 of the Federal Rules of Evidence and Rule 34 of the Federal Rules of Civil Procedure and shall include all writings, including but not limited to handwriting, typewriting, printing, image, photograph, photocopy, digital file of any kind, transmittal by (or as an attachment to) electronic mail (including instant messages and text messages) or facsimile, video and audio recordings, and every other means of recording upon any tangible thing, any form of communication or representation, and any record thereby created, regardless of the manner in which the record has been stored, and all non-identical copies of such DOCUMENTS, in the possession, custody, or control of YOU, YOUR counsel, or any other PERSON acting on YOUR behalf.

D.   The term "COMMUNICATION," in the plural as well as the singular, means any transmittal and/or receipt of information, whether such was oral or written, and whether such was by chance, prearranged, formal or informal, and

1    specifically includes, but is not limited to, conversations in person, telephone

2    conversations, electronic mail (including instant messages and text messages),

3    voicemail, letters, memoranda, statements, media releases, magazine and newspaper

4    articles, and video and audio transmissions.

5           E.    "EMBODIMENT" means any representation of the identified

6    product or its retail packaging, whether two-dimensional or three-dimensional, and

7    whether in tangible, digital, electronic or other form, including but not limited to all

8    works, designs, artwork, sketches, drawings, illustrations, representations,

9    depictions, blueprints, schematics, diagrams, images, sculptures, prototypes, models,

10   samples, reductions to practice, developments, inventions and/or improvements, as

11   well as all other items, things and DOCUMENTS in which any of the foregoing are

12   or have been expressed, embodied, contained, fixed or reflected in any manner,

13   whether in whole or in part.

14          F.    "CONTESTED MGA PRODUCTS" means the CONTESTED

15   BRATZ DOLLS PRODUCTS, the CONTESTED BRATZ PETZ PRODUCTS, the

16   CONTESTED BRATZ FUNKY FASHION MAKEOVER HEAD, the

17   CONTESTED 4-EVER BEST FRIENDS PRODUCTS, the CONTESTED

18   MOMMY'S LITTLE DOLL PRODUCTS, and the CONTESTED ALIENRACERS

19   PRODUCTS, and any doll, toy, portion thereof, or version thereof that is now or has

20   ever been known as, or sold, offered for sale, licensed, offered for license or

21   marketed under the name or terms "Bratz," "4-ever Best Friends," "Mommy's

22   Little," "Alienracers," or any derivative thereof, that provides a basis for any claim

23   by YOU against MATTEL, including but not limited to "Bratz Dolls," "Bratz

24   Dogz," "Winter Wonderland," "Bratz Sportz," "Formal Funk," "Sun-Kissed

25   Summer," "Funky Fashion Makeover Head," "Runway Disco," "4-ever Best

26   Friends," "Mommy's Little Patient," and "Alienracers."

27          G.    "CONTESTED BRATZ DOLLS PRODUCTS" means any of

28   the following that provides a basis for any claim by YOU against MATTEL:  (i) any

07975/1928319.2

-3-

1    EMBODIMENT or project ever known by the name "Bratz" or any derivative

2    thereof (whether in whole or in part and regardless of what such EMBODIMENT or

3    project is or has been also, previously or subsequently called) and any doll or any

4    portion thereof that is now or has ever been known as, or sold, offered for sale,

5    licensed, offered for license or marketed under, the name or term "Bratz" or any

6    derivative thereof (whether in whole or in part and regardless of what such doll is or

7    has been also, previously or subsequently called), and all prototypes, models,

8    samples and versions of such EMBODIMENT, doll or any portion thereof; (ii) any

9    playset and accessory that YOU distribute under the name "Bratz" or any derivative

10   thereof; and/or (iii) any and all other goods, product packaging, advertisements,

11   promotional materials or other thing or item or material manufactured, produced,

12   printed, ordered, marketed, advertised, promoted, displayed, distributed, shipped,

13   imported, exported, licensed, offered for license, sold or offered for sale by YOU or

14   on YOUR behalf under the name "Bratz" or any derivative thereof.

15          H.    "CONTESTED BRATZ PETZ PRODUCTS" means any of the

16   following that provides a basis for any claim by YOU against MATTEL:  (i) any

17   EMBODIMENT or project ever known by the name "Bratz Petz" or any derivative

18   thereof (whether in whole or in part and regardless of what such EMBODIMENT or

19   project is or has been also, previously or subsequently called) and any toy pet or any

20   portion thereof that is now or has ever been known as, or sold, offered for sale,

21   licensed, offered for license or marketed under, the name or term "Bratz" or any

22   derivative thereof (whether in whole or in part and regardless of what such toy pet is

23   or has been also, previously or subsequently called), and all prototypes, models,

24   samples and versions of such EMBODIMENT, toy pet or any portion thereof; (ii)

25   any playset and accessory that YOU distribute under the name "Bratz Petz" or any

26   derivative thereof; and/or (iii) any and all other goods, product packaging,

27   advertisements, promotional materials or other thing or item or material

28   manufactured, produced, printed, ordered, marketed, advertised, promoted,

1  displayed, distributed, shipped, imported, exported, licensed, offered for license,

2  sold or offered for sale by YOU or on YOUR behalf under the name "Bratz Petz" or

3  any derivative thereof.

4         I.     "CONTESTED BRATZ FUNKY FASHION MAKEOVER

5  HEAD" means any of the following that provides a basis for any claim by YOU

6  against MATTEL:  (i) any EMBODIMENT or project ever known by the name

7  "Bratz Funky Fashion Makeover Head" or any derivative thereof (whether in whole

8  or in part and regardless of what such EMBODIMENT or project is or has been

9  also, previously or subsequently called) and any styling head or any portion thereof

10  that is now or has ever been known as, or sold, offered for sale, licensed, offered for

11  license or marketed under, the name or term "Bratz" or any derivative thereof

12  (whether in whole or in part and regardless of what such styling head is or has been

13  also, previously or subsequently called), and all prototypes, models, samples and

14  versions of such EMBODIMENT, styling head or any portion thereof; (ii) any

15  accessory that YOU distribute under the name "Bratz Funky Fashion Makeover

16  Head" or any derivative thereof; and/or (iii) any and all other goods, product

17  packaging, advertisements, promotional materials or other thing or item or material

18  manufactured, produced, printed, ordered, marketed, advertised, promoted,

19  displayed, distributed, shipped, imported, exported, licensed, offered for license,

20  sold or offered for sale by YOU or on YOUR behalf under the name "Bratz Funky

21  Fashion Makeover Head" or any derivative thereof.

22         J.     "CONTESTED 4-EVER BEST FRIENDS PRODUCTS" means

23  any of the following that provides a basis for any claim by YOU against MATTEL:

24  (i) any EMBODIMENT or project ever known by the name "4-ever Best Friends" or

25  any derivative thereof (whether in whole or in part and regardless of what such

26  EMBODIMENT or project is or has been also, previously or subsequently called)

27  and any doll or any portion thereof that is now or has ever been known as, or sold,

28  offered for sale, licensed, offered for license or marketed under, the name or term

1  "4-ever Best Friends" or any derivative thereof (whether in whole or in part and

2  regardless of what such doll is or has been also, previously or subsequently called),

3  and all prototypes, models, samples and versions of such EMBODIMENT, doll or

4  any portion thereof; (ii) any playset and accessory that YOU distribute under the

5  name "4-ever Best Friends" or any derivative thereof; and/or (iii) any and all other

6  goods, product packaging, advertisements, promotional materials or other thing or

7  item or material manufactured, produced, printed, ordered, marketed, advertised,

8  promoted, displayed, distributed, shipped, imported, exported, licensed, offered for

9  license, sold or offered for sale by YOU or on YOUR behalf under the name "4-ever

10  Best Friends" or any derivative thereof.

11         K.      "CONTESTED MOMMY'S LITTLE DOLL PRODUCTS"

12  means any of the following that provides a basis for any claim by YOU against

13  MATTEL:  (i) any EMBODIMENT or project ever known by the name "Mommy's

14  Little Patient" or similar name or any derivative thereof (whether in whole or in part

15  and regardless of what such EMBODIMENT or project is or has been also,

16  previously or subsequently called) and any doll or any portion thereof that is now or

17  has ever been known as, or sold, offered for sale, licensed, offered for license or

18  marketed under, the name or term "Mommy's Little Patient" or similar name or any

19  derivative thereof (whether in whole or in part and regardless of what such doll is or

20  has been also, previously or subsequently called), and all prototypes, models,

21  samples and versions of such EMBODIMENT, doll or any portion thereof; (ii) any

22  playset and accessory that YOU distribute under the name "Mommy's Little Patient"

23  or similar name or any derivative thereof; and/or (iii) any and all other goods,

24  product packaging, advertisements, promotional materials or other thing or item or

25  material manufactured, produced, printed, ordered, marketed, advertised, promoted,

26  displayed, distributed, shipped, imported, exported, licensed, offered for license,

27  sold or offered for sale by YOU or on YOUR behalf under the name "Mommy's

28  Little Patient" or similar name or any derivative thereof.    EXHIBIT ___2___

1    L.    "CONTESTED ALIENRACERS PRODUCTS" means any of

2  the following that provides a basis for any claim by YOU against MATTEL:  (i) any

3  EMBODIMENT or project ever known by the name "Alienracers" or any derivative

4  thereof (whether in whole or in part and regardless of what such EMBODIMENT or

5  project is or has been also, previously or subsequently called) and any toy vehicle,

6  character, or any portion thereof that is now or has ever been known as, or sold,

7  offered for sale, licensed, offered for license or marketed under, the name or term

8  "Alienracers" or any derivative thereof (whether in whole or in part and regardless

9  of what such toy is or has been also, previously or subsequently called), and all

10  prototypes, models, samples and versions of such EMBODIMENT, toy vehicle,

11  character, or any portion thereof; (ii) any playset and accessory that YOU distribute

12  under the name "Alienracers" or any derivative thereof; and/or (iii) any and all other

13  goods, product packaging, advertisements, promotional materials or other thing or

14  item or material manufactured, produced, printed, ordered, marketed, advertised,

15  promoted, displayed, distributed, shipped, imported, exported, licensed, offered for

16  license, sold or offered for sale by YOU or on YOUR behalf under the name

17  "Alienracers" or any derivative thereof.

18    M.    "CONTESTED MATTEL PRODUCTS" means the

19  CONTESTED MATTEL MY SCENE DOLLS PRODUCTS, the CONTESTED

20  MATTEL MY SCENE PETS PRODUCTS, the CONTESTED MATTEL MY

21  SCENE STYLING HEAD, the CONTESTED MATTEL WEE-3 PRODUCTS, the

22  CONTESTED MATTEL LITTLE MOMMY DOLL PRODUCTS, and the

23  CONTESTED MATTEL ACCELERACERS PRODUCTS, and any doll, toy,

24  portion thereof, or version thereof that is now or has ever been known as, or sold,

25  offered for sale, licensed, offered for license or marketed under the name or terms

26  "My Scene," "Wee-3," "Little Mommy," "AcceleRacerS," or any derivative thereof,

27  that provides a basis for any claim by YOU against MATTEL, including but not

28  limited to "My Scene Dolls," "My Scene Pets," "My Scene Chillin' Out," "My Scene

07975/1928319.2

-7-

1  Miami Getaway," "My Scene Night on the Town," "My Scene Jammin' in Jamaica,"

2  "My Scene Guava Gulch Tiki Lounge," "My Scene Sound Lounge," "My Scene

3  Stylin' Head," "Mattel Wee-3," "Mattel Little Mommy Potty Training Baby Doll,"

4  and "Mattel Acceleracers."

5       N.     "CONTESTED MATTEL MY SCENE DOLLS PRODUCTS"

6  means any of the following that provides a basis for any claim by YOU against

7  MATTEL:  (i) any EMBODIMENT or project ever known by the name "My Scene"

8  or any derivative thereof (whether in whole or in part and regardless of what such

9  EMBODIMENT or project is or has been also, previously or subsequently called)

10 and any doll or any portion thereof that is now or has ever been known as, or sold,

11 offered for sale, licensed, offered for license or marketed under, the name or term

12 "My Scene" or any derivative thereof (whether in whole or in part and regardless of

13 what such doll is or has been also, previously or subsequently called), and all

14 prototypes, models, samples and versions of such EMBODIMENT, doll or any

15 portion thereof; (ii) any playset and accessory that MATTEL distributes under the

16 name "My Scene" or any derivative thereof; and/or (iii) any and all other goods,

17 product packaging, advertisements, promotional materials or other thing or item or

18 material manufactured, produced, printed, ordered, marketed, advertised, promoted,

19 displayed, distributed, shipped, imported, exported, licensed, offered for license,

20 sold or offered for sale by MATTEL under the name "My Scene" or any derivative

21 thereof.

22      O.     "CONTESTED MATTEL MY SCENE PETS PRODUCTS"

23 means any of the following that provides a basis for any claim by YOU against

24 MATTEL:  (i) any EMBODIMENT or project ever known by the name "My Scene

25 Pets" or any derivative thereof (whether in whole or in part and regardless of what

26 such EMBODIMENT or project is or has been also, previously or subsequently

27 called) and any toy pet or any portion thereof that is now or has ever been known as,

28 or sold, offered for sale, licensed, offered for license or marketed under, the name or

EXHIBIT ___

PAGE ___

1  term "My Scene" or any derivative thereof (whether in whole or in part and

2  regardless of what such toy pet is or has been also, previously or subsequently

3  called), and all prototypes, models, samples and versions of such EMBODIMENT,

4  toy pet or any portion thereof; (ii) any playset and accessory that MATTEL

5  distributes under the name "My Scene Pets" or any derivative thereof; and/or (iii)

6  any and all other goods, product packaging, advertisements, promotional materials

7  or other thing or item or material manufactured, produced, printed, ordered,

8  marketed, advertised, promoted, displayed, distributed, shipped, imported, exported,

9  licensed, offered for license, sold or offered for sale by MATTEL under the name

10  "My Scene Pets" or any derivative thereof.

11          P.      "CONTESTED MATTEL MY SCENE STYLING HEAD"

12  means any of the following that provides a basis for any claim by YOU against

13  MATTEL:  (i) any EMBODIMENT or project ever known by the name "My Scene

14  Styling Head" or any derivative thereof (whether in whole or in part and regardless

15  of what such EMBODIMENT or project is or has been also, previously or

16  subsequently called) and any styling head or any portion thereof that is now or has

17  ever been known as, or sold, offered for sale, licensed, offered for license or

18  marketed under, the name or term "My Scene" or any derivative thereof (whether in

19  whole or in part and regardless of what such styling head is or has been also,

20  previously or subsequently called), and all prototypes, models, samples and versions

21  of such EMBODIMENT, styling head or any portion thereof; (ii) any accessory that

22  MATTEL distributes under the name "My Scene Styling Head" or any derivative

23  thereof; and/or (iii) any and all other goods, product packaging, advertisements,

24  promotional materials or other thing or item or material manufactured, produced,

25  printed, ordered, marketed, advertised, promoted, displayed, distributed, shipped,

26  imported, exported, licensed, offered for license, sold or offered for sale by

27  MATTEL under the name "My Scene Styling Head" or any derivative thereof.

28                                              EXHIBIT _____ 2

1    Q.    "CONTESTED MATTEL WEE-3 PRODUCTS" means any of

2  the following that provides a basis for any claim by YOU against MATTEL:  (i) any

3  EMBODIMENT or project ever known by the name "Wee-3" or any derivative

4  thereof (whether in whole or in part and regardless of what such EMBODIMENT or

5  project is or has been also, previously or subsequently called) and any doll or any

6  portion thereof that is now or has ever been known as, or sold, offered for sale,

7  licensed, offered for license or marketed under, the name or term "Wee-3" or any

8  derivative thereof (whether in whole or in part and regardless of what such doll is or

9  has been also, previously or subsequently called), and all prototypes, models,

10  samples and versions of such EMBODIMENT, doll or any portion thereof; (ii) any

11  playset and accessory that MATTEL distributes under the name "Wee-3" or any

12  derivative thereof; and/or (iii) any and all other goods, product packaging,

13  advertisements, promotional materials or other thing or item or material

14  manufactured, produced, printed, ordered, marketed, advertised, promoted,

15  displayed, distributed, shipped, imported, exported, licensed, offered for license,

16  sold or offered for sale by MATTEL under the name "Wee-3" or any derivative

17  thereof.

18    R.    "CONTESTED MATTEL LITTLE MOMMY DOLL

19  PRODUCTS" means any of the following that provides a basis for any claim by

20  YOU against MATTEL:  (i) any EMBODIMENT or project ever known by the

21  name "Little Mommy" or any derivative thereof (whether in whole or in part and

22  regardless of what such EMBODIMENT or project is or has been also, previously or

23  subsequently called) and any doll or any portion thereof that is now or has ever been

24  known as, or sold, offered for sale, licensed, offered for license or marketed under,

25  the name or term "Little Mommy" or any derivative thereof (whether in whole or in

26  part and regardless of what such doll is or has been also, previously or subsequently

27  called), and all prototypes, models, samples and versions of such EMBODIMENT,

28  doll or any portion thereof; (ii) any playset and accessory that MATTEL distributes

-10-

MATTEL'S FIRST SET OF DOCUMENT REQUESTS (UNFAIR COMPETITION)

EXHIBIT ___

PAGE ___ 37

1  under the name "Little Mommy" or any derivative thereof; and/or (iii) any and all

2  other goods, product packaging, advertisements, promotional materials or other

3  thing or item or material manufactured, produced, printed, ordered, marketed,

4  advertised, promoted, displayed, distributed, shipped, imported, exported, licensed,

5  offered for license, sold or offered for sale by MATTEL under the name "Little

6  Mommy" or any derivative thereof.

7          S.      "CONTESTED MATTEL ACCELERACERS PRODUCTS"

8  means any of the following that provides a basis for any claim by YOU against

9  MATTEL:  (i) any EMBODIMENT or project ever known by the name

10  "AcceleRacers" or any derivative thereof (whether in whole or in part and regardless

11  of what such EMBODIMENT or project is or has been also, previously or

12  subsequently called) and any toy vehicle, character, or any portion thereof that is

13  now or has ever been known as, or sold, offered for sale, licensed, offered for

14  license or marketed under, the name or term "AcceleRacers" or any derivative

15  thereof (whether in whole or in part and regardless of what such toy is or has been

16  also, previously or subsequently called), and all prototypes, models, samples and

17  versions of such EMBODIMENT, toy vehicle, character, or any portion thereof; (ii)

18  any playset and accessory that MATTEL distributes under the name "AcceleRacers"

19  or any derivative thereof ; and/or (iii) any and all other goods, product packaging,

20  advertisements, promotional materials or other thing or item or material

21  manufactured, produced, printed, ordered, marketed, advertised, promoted,

22  displayed, distributed, shipped, imported, exported, licensed, offered for license,

23  sold or offered for sale by MATTEL under the name "AcceleRacers" or any

24  derivative thereof.

25          T.      The term "PERSON," in the plural as well as the singular, means

26  any natural person, association, partnership, corporation, joint venture, government

27  entity, organization, trust, institution, proprietorship, or any other entity recognized

28  as having an existence under the laws in United States or any other nation.

1      U.    The term "RELATING TO" means any and all of the following

2  terms and their synonyms:  refer to, discuss, constitute, evidence, pertain to,

3  mention, support, contradict, negate, bear on, touch on, contain, embody, reflect,

4  identify, state, deal with, concern, comment on, respond to, relevant to, or describe.

5      V.    "COMPLAINT"  means the Complaint for False Designation of

6  Origin, Affiliation, Association or Sponsorship (15 U.S.C. § 1125(a)); Unfair

7  Competition (15 U.S.C. § 1125(a)); Cal. Bus. & Prof. Code § 17200 *et seq.* and

8  California Common Law); Dilution (15 U.S.C. § 1125(c), Cal Bus. & Prof. Code

9  § 14330 and California Common Law); and Unjust Enrichment, filed by YOU on or

10  about April 13, 2005.

11

12  **II.**    **INSTRUCTIONS**

13      A.    YOU are to produce all requested DOCUMENTS in YOUR

14  possession, custody or control.

15      B.    If YOU contend that YOU are not required to produce certain

16  DOCUMENTS called for by these Requests on the grounds of a privilege or

17  protection that YOU are not prepared to waive, identify each such DOCUMENT

18  and provide the following information:

19         1.        the date and type of the DOCUMENT, the author(s) and

20                 all recipients;

21         2.        the privilege or protection that YOU claim permits YOU

22                 to withhold the DOCUMENT;

23         3.        the title and subject matter of the DOCUMENT;

24         4.        any additional facts on which YOU base YOUR claim of

25                 privilege or protection; and

26         5.        the identity of the current custodian of the original of the

27                 DOCUMENT.    EXHIBIT _____ 2

28                               PAGE _____ 39

1         C.    DOCUMENTS shall be produced in their original file folders, or

2   in lieu thereof, any writing on the file folder from which each such DOCUMENT is

3   taken shall be copied and appended to such DOCUMENT and the PERSON for

4   whom or department, division or office for which the DOCUMENT or the file

5   folder is maintained shall be identified.

6         D.    The DOCUMENTS should be produced in their complete and

7   unaltered form.  Attachments to DOCUMENTS should not be removed.  The

8   DOCUMENTS should not be cut-up, pasted over, redacted or altered in any way for

9   any reason, including alleged nonrelevance.  If emails are produced that had

10  attachments, the attachments shall be attached when produced.

11        E.    DOCUMENTS in electronic form shall be produced in that form.

12        F.    In the event that any DOCUMENT called for by these requests

13  has been destroyed or discarded, that DOCUMENT is to be identified by stating:

14          1.    the date and type of the DOCUMENT, the author(s) and

15              all recipients;

16          2.    the DOCUMENT's date, subject matter, number of pages,

17              and attachments or appendices;

18          3.    the date of destruction or discard, manner of destruction

19              or discard, and reason for destruction or discard;

20          4.    the PERSONS who were authorized to carry out such

21              destruction or discard;

22          5.    the PERSONS who have knowledge of the content,

23              origins, distribution and destruction of the DOCUMENT;

24              and

25          6.    whether any copies of the document exist and, if so, the

26              name of the custodian of each copy.

27                      EXHIBIT _____ 2

28                      PAGE _____ 40

07975/1928319.2

MATTEL'S FIRST SET OF DOCUMENT REQUESTS (UNFAIR COMPETITION)

## III.    REQUESTS FOR DOCUMENTS AND THINGS

REQUEST FOR PRODUCTION NO. 1:

A sample of each of the CONTESTED MGA PRODUCTS, together with each such product's packaging and all instructions, promotional literature, coupons, bounce-back cards and any other materials inserted in or associated with such packaging.

REQUEST FOR PRODUCTION NO. 2:

A sample of each display, including but not limited to each point-of-purchase or in-store display, prepared, produced, printed, manufactured or used in connection with the CONTESTED MGA PRODUCTS.

REQUEST FOR PRODUCTION NO. 3:

A complete copy of each advertisement or promotional statement prepared, produced, printed, broadcast, made available to anyone in any manner via the Internet, or otherwise used or disseminated in any way in connection with the CONTESTED MGA PRODUCTS.

REQUEST FOR PRODUCTION NO. 4:

A complete copy of each COMMUNICATION, advertisement, promotional statement that provides a basis for any claim by YOU against MATTEL.

REQUEST FOR PRODUCTION NO. 5:

All DOCUMENTS RELATING TO the invention, creation, origin, conception, authorship, and ownership of the CONTESTED MGA PRODUCTS.

EXHIBIT _____ 2

PAGE _____ 41

07975/1928319.2

MATTEL'S FIRST SET OF DOCUMENT REQUESTS (UNFAIR COMPETITION)

1  REQUEST FOR PRODUCTION NO. 6:

2          All DOCUMENTS RELATING TO the invention, creation, origin,

3  conception, authorship, and ownership of any product packaging that provides a

4  basis for any claim by YOU against MATTEL.

5

6  REQUEST FOR PRODUCTION NO. 7:

7          All DOCUMENTS RELATING TO COMMUNICATIONS with any

8  PERSON regarding the invention, creation, origin, conception, authorship, and

9  ownership of the CONTESTED MGA PRODUCTS.

10

11  REQUEST FOR PRODUCTION NO. 8:

12          All DOCUMENTS RELATING TO COMMUNICATIONS with any

13  PERSON regarding the invention, creation, origin, conception, authorship, and

14  ownership of all product packaging that provides a basis for any claim by YOU

15  against MATTEL.

16

17  REQUEST FOR PRODUCTION NO. 9:

18          All DOCUMENTS RELATING TO the invention, creation, origin,

19  conception, authorship, design, development, production, engineering, manufacture,

20  distribution, sale, and ownership of products and packaging that YOU contend

21  provide a basis for any claim against MATTEL, whether or not such claim is made

22  in the COMPLAINT.

23

24  REQUEST FOR PRODUCTION NO. 10:

25          All DOCUMENTS RELATING TO the invention, creation, origin,

26  conception, authorship, design, development, production, engineering, manufacture,

27  distribution, sale, and ownership of all products and packaging that YOU contend

28  MATTEL copied or infringed.

EXHIBIT _____ 2 _____

PAGE _____ 42

1  REQUEST FOR PRODUCTION NO. 11:

2  　　　　All DOCUMENTS RELATING TO COMMUNICATIONS with any

3  PERSON regarding the invention, creation, origin, conception, authorship, design,

4  development, production, engineering, manufacture, distribution, sale, and

5  ownership of the CONTESTED MATTEL PRODUCTS and their associated

6  packaging.

7

8  REQUEST FOR PRODUCTION NO. 12:

9  　　　　All DOCUMENTS RELATING TO COMMUNICATIONS with any

10  PERSON regarding the invention, creation, origin, conception, authorship, design,

11  development, production, engineering, manufacture, distribution, sale, and

12  ownership of all products and packaging that YOU contend MATTEL copied or

13  infringed.

14

15  REQUEST FOR PRODUCTION NO. 13:

16  　　　　All DOCUMENTS RELATING TO any revision of any CONTESTED

17  MGA PRODUCTS, including but not limited to any proposed alternatives,

18  modifications or changes (whether or not implemented) to such CONTESTED

19  MGA PRODUCTS.

20

21  REQUEST FOR PRODUCTION NO. 14:

22  　　　　All DOCUMENTS RELATING TO the first date of availability for

23  retail sale of each of the CONTESTED MGA PRODUCTS.

24

25  REQUEST FOR PRODUCTION NO. 15:

26  　　　　All DOCUMENTS RELATING TO the first date that each of the

27  CONTESTED MGA PRODUCTS was shown to any PERSON not employed by

28  MGA, whether in concept, prototype, or finished form.

EXHIBIT ____ 2

PAGE ____ 43

07975/1928319.2

MATTEL'S FIRST SET OF DOCUMENT REQUESTS (UNFAIR COMPETITION)

1  REQUEST FOR PRODUCTION NO. 16:

2          All head sculptures, including all preliminary head sculptures and all

3  versions of such sculptures, made, produced or prepared in connection with the

4  CONTESTED BRATZ DOLLS PRODUCTS.

5

6  REQUEST FOR PRODUCTION NO. 17:

7          All DOCUMENTS RELATING TO the tooling for any of the

8  CONTESTED BRATZ DOLLS PRODUCTS, including but not limited to all

9  invoices, contracts, sales orders, purchase orders and payment relating thereto and

10  including but not limited to all DOCUMENTS relating to the engineering,

11  preparation, fabrication and creation of the molds and face paint masks used in

12  connection therewith and to the film and/or digital files used in connection with the

13  packaging therefor.

14

15  REQUEST FOR PRODUCTION NO. 18:

16          All DOCUMENTS RELATING TO the marketing, advertising,

17  promotion, licensing, offering for sale or sale of the CONTESTED MGA

18  PRODUCTS, including but not limited to all marketing studies, marketing plans,

19  sales plans, sales forecasts, strategies, surveys and analyses and including but not

20  limited to all catalogs, advertisements, brochures, displays and Internet publications.

21

22  REQUEST FOR PRODUCTION NO. 19:

23          All DOCUMENTS RELATING TO the ownership of any right, title or

24  interest, whether in whole or in part, in or to the CONTESTED MGA PRODUCTS.

25                                          EXHIBIT _____2_____

26  REQUEST FOR PRODUCTION NO. 20:          PAGE _____44_____

27          All DOCUMENTS RELATING TO any copyright, patent, design right

28  or any other registration or application for registration of the CONTESTED MGA

07975/1928319.2

-17-

1  PRODUCTS, including but not limited to the complete file history relating thereto,

2  all COMMUNICATIONS relating thereto, and all filings, declarations, affidavits,

3  correspondence, notes and other DOCUMENTS relating thereto.

4

5  REQUEST FOR PRODUCTION NO. 21:

6       Documents sufficient to identify each of the CONTESTED MGA

7  PRODUCTS by internal job or product number, SKU, and bar code number.

8

9  REQUEST FOR PRODUCTION NO. 22:

10       Documents sufficient to identify the individuals who worked on or

11  were involved in any manner with the invention, creation, origin, conception,

12  authorship, or design of the CONTESTED MGA PRODUCTS.

13

14  REQUEST FOR PRODUCTION NO. 23:

15       All DOCUMENTS RELATING TO the display, exhibition,

16  distribution, publication, circulation, or other dissemination of the CONTESTED

17  MGA PRODUCTS to distributors, the media, or the public, including but not

18  limited to toy and trade shows and conventions.

19

20  REQUEST FOR PRODUCTION NO. 24:

21       All DOCUMENTS RELATING TO any contracts or licenses entered

22  into, negotiated, proposed, or requested RELATING TO any of the CONTESTED

23  MGA PRODUCTS.

24

25  REQUEST FOR PRODUCTION NO. 25:

26       All DOCUMENTS RELATING TO any actual, proposed, offered, or

27  requested licensing, sale, or purchase of the CONTESTED MGA PRODUCTS,

28

EXHIBIT _____ 2

PAGE _____ 45

1   including but not limited to all contracts and proposed or offered contracts relating

2   thereto.

3

4   <u>REQUEST FOR PRODUCTION NO. 26</u>:

5          All DOCUMENTS RELATING TO the target market or potential

6   target market, and the demographics of any actual, potential or prospective

7   consumers, customers, purchasers or licensees of the CONTESTED MGA

8   PRODUCTS.

9

10   <u>REQUEST FOR PRODUCTION NO. 27</u>:

11          All DOCUMENTS RELATING TO the number of units of the

12   CONTESTED MGA PRODUCTS manufactured, produced, ordered, stored in

13   inventory, imported, exported, shipped, sold, or offered for sale by any PERSON,

14   including but not limited to YOU.

15

16   <u>REQUEST FOR PRODUCTION NO. 28</u>:

17          All DOCUMENTS RELATING TO revenues received by YOU in

18   connection with each of the CONTESTED MGA PRODUCTS.

19

20   <u>REQUEST FOR PRODUCTION NO. 29</u>:

21          All DOCUMENTS RELATING TO YOUR costs, including but not

22   limited to YOUR per-unit cost, for each of the CONTESTED MGA PRODUCTS.

23

24   <u>REQUEST FOR PRODUCTION NO. 30</u>:

25          All DOCUMENTS RELATING TO YOUR profits, including but not

26   limited to gross, incremental and net profits, for each of the CONTESTED MGA

27   PRODUCTS.

28

EXHIBIT ___2___

PAGE ___46___

07975/1928319.2

-19-

MATTEL'S FIRST SET OF DOCUMENT REQUESTS (UNFAIR COMPETITION)

REQUEST FOR PRODUCTION NO. 31:

All DOCUMENTS RELATING TO any complaints or dissatisfaction concerning the CONTESTED MGA PRODUCTS, including but not limited to DOCUMENTS recording the returns of, or the number of or rate of defects for, such products.

REQUEST FOR PRODUCTION NO. 32:

All DOCUMENTS RELATING TO the belief of any PERSON (whether or not such belief is accurate) as to the origin, affiliation, sponsorship or association of the CONTESTED MGA PRODUCTS, including but not limited to all studies, surveys, interviews, reports, and COMMUNICATIONS regarding any such belief.

REQUEST FOR PRODUCTION NO. 33:

All DOCUMENTS RELATING TO the belief of any PERSON (whether or not such belief is accurate) as to the origin, affiliation, sponsorship or association of the CONTESTED MATTEL PRODUCTS, including but not limited to all studies, surveys, interviews, reports and COMMUNICATIONS regarding any such belief.

REQUEST FOR PRODUCTION NO. 34:

All DOCUMENTS RELATING TO any potential or actual confusion, any potential or actual mistake or any potential or actual deception of any PERSON as to the origin, affiliation, sponsorship or association of the CONTESTED MGA PRODUCTS, including but not limited to all studies, surveys, interviews, reports and COMMUNICATIONS regarding any such confusion, mistake or deception.

EXHIBIT _____ 2 _____

PAGE _____ 47 _____

-20-
MATTEL'S FIRST SET OF DOCUMENT REQUESTS (UNFAIR COMPETITION)

REQUEST FOR PRODUCTION NO. 35:

All DOCUMENTS RELATING TO any potential or actual confusion, any potential or actual mistake or any potential or actual deception of any PERSON as to the origin, affiliation, sponsorship or association of the CONTESTED MATTEL PRODUCTS, including but not limited to all studies, surveys, interviews, reports and COMMUNICATIONS regarding any such confusion, mistake or deception.

REQUEST FOR PRODUCTION NO. 36:

All DOCUMENTS RELATING TO any consumer studies, reports, surveys, interviews or reports regarding the CONTESTED MGA PRODUCTS or the CONTESTED MATTEL PRODUCTS.

REQUEST FOR PRODUCTION NO. 37:

All DOCUMENTS RELATING TO the marketing, advertising, promotion, licensing, offering for sale or sale of the CONTESTED MATTEL PRODUCTS, including but not limited to all marketing studies, marketing plans, sales plans, sales forecasts, strategies, surveys and analyses and including but not limited to all catalogs, advertisements, brochures, displays and Internet publications.

REQUEST FOR PRODUCTION NO. 38:

All DOCUMENTS RELATING TO the ownership of any right, title or interest, whether in whole or in part, in or to the CONTESTED MATTEL PRODUCTS.

EXHIBIT _____ 2 _____

PAGE _____ 48 _____

07975/1928319.2

-21-

1  REQUEST FOR PRODUCTION NO. 39:

2          All DOCUMENTS RELATING TO the invention, creation, origin,

3  conception, authorship, design, and ownership of the CONTESTED MATTEL

4  PRODUCTS.

5

6  REQUEST FOR PRODUCTION NO. 40:

7          All DOCUMENTS RELATING TO the display, exhibition,

8  distribution, publication, circulation, or other dissemination of the CONTESTED

9  MATTEL PRODUCTS to distributors, the media, or the public, including but not

10  limited to toy and trade shows and conventions.

11

12  REQUEST FOR PRODUCTION NO. 41:

13          All COMMUNICATIONS between YOU and any stock analyst,

14  investment analyst, investment bank, institutional lender, or venture capital fund

15  since January 1, 1999.

16

17  REQUEST FOR PRODUCTION NO. 42:

18          All COMMUNICATIONS between YOU and any individual while the

19  individual was employed by MATTEL.

20

21  REQUEST FOR PRODUCTION NO. 43:

22          All COMMUNICATIONS between YOU and MATTEL RELATING

23  TO the CONTESTED MGA PRODUCTS or the CONTESTED MATTEL

24  PRODUCTS.

25

26

27

28

EXHIBIT _____ 2 _____

PAGE _____ 49 _____

07975/1928319.2

-22-

MATTEL'S FIRST SET OF DOCUMENT REQUESTS (UNFAIR COMPETITION)

1   REQUEST FOR PRODUCTION NO. 44:

2       All COMMUNICATIONS between YOU and any PERSON

3   RELATING TO the claims made in YOUR COMPLAINT or the facts that YOU

4   contend support such claims.

5

6   REQUEST FOR PRODUCTION NO. 45:

7       All DOCUMENTS RELATING TO YOUR knowledge of MATTEL's

8   alleged infringement of YOUR claimed EMBODIMENTS.

9

10   REQUEST FOR PRODUCTION NO. 46:

11       All DOCUMENTS RELATING TO any unjust enrichment, damage,

12   loss, or injury that YOU claim has been sustained by reason of any act or omission

13   by MATTEL, including but not limited to all DOCUMENTS RELATING TO any

14   alleged lost profits, lost sales, lost opportunity, lost license, price erosion,

15   consequential or incidental damage, information or intellectual property provided to

16   any competitor, or benefit obtained by any competitor, including but not limited to

17   all DOCUMENTS RELATING TO the causation for any such alleged unjust

18   enrichment, damage, loss, or injury.

19

20   REQUEST FOR PRODUCTION NO. 47:

21       All DOCUMENTS supporting YOUR contention that MATTEL

22   created, designed, derived, or developed products, packaging, and advertising using

23   concepts, products, or intellectual property owned by YOU.

EXHIBIT _____ 2

24

25   REQUEST FOR PRODUCTION NO. 48:

PAGE _____ 50

26       All DOCUMENTS RELATING TO the copying, reproduction or use

27   of any MATTEL work, product, or EMBODIMENT by YOU or on YOUR behalf.

28

07975/1928319.2

REQUEST FOR PRODUCTION NO. 49:

All DOCUMENTS RELATING TO any similarity or dissimilarity between, on the one hand, any of the CONTESTED MGA PRODUCTS and any other work or product developed, manufactured, or distributed by any other person or entity, including but not limited to MATTEL.

REQUEST FOR PRODUCTION NO. 50:

All DOCUMENTS RELATING TO the reasons why consumers purchase any of the CONTESTED MGA PRODUCTS, including but not limited to all consumer surveys, studies and comments pertaining thereto.

REQUEST FOR PRODUCTION NO. 51:

All DOCUMENTS RELATING TO the channels of trade or potential or prospective channels of trade for the CONTESTED MGA PRODUCTS.

REQUEST FOR PRODUCTION NO. 52:

All DOCUMENTS RELATING TO any similarity or dissimilarity between any of the CONTESTED MGA PRODUCTS and any EMBODIMENTS authored, created, distributed, made, sold or offered for sale by any PERSON other than YOU.

REQUEST FOR PRODUCTION NO. 53:

All DOCUMENTS RELATING TO any similarity or dissimilarity between any of the CONTESTED MGA PRODUCTS and any of the CONTESTED MATTEL PRODUCTS.

EXHIBIT _____ 2

PAGE _____ 51

07975/1928319.2

-24-

MATTEL'S FIRST SET OF DOCUMENT REQUESTS (UNFAIR COMPETITION)

REQUEST FOR PRODUCTION NO. 54:

All DOCUMENTS RELATING TO any COMMUNICATION by YOU with any news organization regarding the CONTESTED MGA PRODUCTS or the CONTESTED MATTEL PRODUCTS.

REQUEST FOR PRODUCTION NO. 55:

All periodicals, whether they be magazines, newspapers, newsletters, or any other type of periodical, that mention the CONTESTED MGA PRODUCTS that have been published since January 1, 1999.

REQUEST FOR PRODUCTION NO. 56:

All television or radio broadcasts or cablecasts that mention the CONTESTED MGA PRODUCTS that have been disseminated since January 1, 1999.

REQUEST FOR PRODUCTION NO. 57:

All Internet postings or COMMUNICATIONS that mention the CONTESTED MGA PRODUCTS that have been disseminated since January 1, 1999.

REQUEST FOR PRODUCTION NO. 58:

All DOCUMENTS RELATING TO publicity by YOU or about the CONTESTED MGA PRODUCTS since January 1, 1999, including but not limited to advertising, media releases, and public relations material.

EXHIBIT _____ 2

REQUEST FOR PRODUCTION NO. 59:

PAGE _____ 52

All DOCUMENTS RELATING TO any effort by YOU to recruit employees or contractors since January 1, 1999, including but not limited to

1 advertising, media releases, brochures, articles, catalogs, handbooks, and public

2 relations material.

3

4 REQUEST FOR PRODUCTION NO. 60:

5         All DOCUMENTS RELATING TO the hiring, engagement, or

6 retention by YOU of any current or former MATTEL employee or contractor since

7 January 1, 1999, including but not limited to all employment agreements and

8 agreements RELATING TO confidentiality or the invention, authorship, or

9 ownership of any concept or product.

10

11 REQUEST FOR PRODUCTION NO. 61:

12         All DOCUMENTS RELATING TO any of the CONTESTED

13 MATTEL PRODUCTS that were obtained by YOU before the date that such

14 product was first offered for sale to the general public.

15

16 REQUEST FOR PRODUCTION NO. 62:

17         All DOCUMENTS, since January 1, 1999, RELATING TO YOUR

18 receipt, reproduction, copying, storage, transmission, transfer, retention, destruction,

19 deletion or use of any DOCUMENTS, data and/or information, including but not

20 limited to any compilation of information, that was prepared, made, created,

21 generated, assembled or compiled by or for MATTEL and that was not publicly

22 available at the time of YOUR receipt of such DOCUMENT, data and/or

23 information.

24                                   EXHIBIT ____ 2

25 REQUEST FOR PRODUCTION NO. 63:       PAGE ____ 53

26         All DOCUMENTS, since January 1, 1999, RELATING TO YOUR

27 knowledge of any MATTEL product prior to the time that such product had been

28

1  announced or disclosed by MATTEL to retailers or the public, including but not

2  limited to the CONTESTED MATTEL PRODUCTS.

3

4  REQUEST FOR PRODUCTION NO. 64:

5        All DOCUMENTS, since January 1, 1999, RELATING TO YOUR

6  receipt, reproduction, copying, storage, transmission, transfer, retention, destruction,

7  deletion or use of any MATTEL line list or other DOCUMENT prepared by

8  MATTEL identifying MATTEL products in the planning, design or development

9  phase.

10

11  REQUEST FOR PRODUCTION NO. 65:

12        Copies of all DOCUMENTS that were seized by Mexican authorities

13  from MGA's office in Mexico City, Mexico.

14

15  REQUEST FOR PRODUCTION NO. 66:

16        All DOCUMENTS RELATING TO the DOCUMENTS, data and/or

17  information that were seized by Mexican authorities from MGA's office in Mexico

18  City, Mexico.

19

20  REQUEST FOR PRODUCTION NO. 67:

21        All DOCUMENTS, including all COMMUNICATIONS, RELATING

22  to the search of MGA's office in Mexico City, Mexico that was conducted by

23  Mexican authorities.

24

25  REQUEST FOR PRODUCTION NO. 68:

26        All DOCUMENTS RELATING TO the email account

27  <plot04@aol.com>, including but not limited to all emails and attachments sent

28

EXHIBIT _____ 2

from, sent to, received by, transmitted by way of or through and/or stored in such account in any manner.

REQUEST FOR PRODUCTION NO. 69:

All DOCUMENTS RELATING TO when the email account <plot04@aol.com> was first registered, set up or established.

REQUEST FOR PRODUCTION NO. 70:

All DOCUMENTS identifying each PERSON who registered, set up, established or used the email account <plot04@aol.com>.

REQUEST FOR PRODUCTION NO. 71:

All COMMUNICATIONS between YOU and Carlos Gustavo Machado Gomez ("Machado") prior to April 20, 2004.

REQUEST FOR PRODUCTION NO. 72:

All DOCUMENTS RELATING TO COMMUNICATIONS between YOU and Machado prior to April 20, 2004, including but not limited to all calendar entries, phone logs, phone records and notes reflecting such COMMUNICATIONS.

REQUEST FOR PRODUCTION NO. 73:

All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, RELATING TO Machado prior to April 20, 2004.

EXHIBIT ____2____

PAGE ____55____

07975/1928319.2

-28-

MATTEL'S FIRST SET OF DOCUMENT REQUESTS (UNFAIR COMPETITION)

1  REQUEST FOR PRODUCTION NO. 74:

2          All DOCUMENTS, including but not limited to all

3  COMMUNICATIONS with any PERSON, RELATING TO Machado's resignation

4  from Mattel.

5

6  REQUEST FOR PRODUCTION NO. 75:

7          All DOCUMENTS, including but not limited to all

8  COMMUNICATIONS with any PERSON, RELATING TO compensation, money

9  or any other item of value paid to Machado, whether directly or indirectly, by YOU.

10

11  REQUEST FOR PRODUCTION NO. 76:

12          All DOCUMENTS received by YOU, directly or indirectly, from

13  Machado RELATING TO any MATTEL product or plan.

14

15  REQUEST FOR PRODUCTION NO. 77:

16          All DOCUMENTS, including but not limited to all

17  COMMUNICATIONS with any PERSON, RELATING TO YOUR receipt,

18  reproduction, copying, storage, transmission, transfer, retention, destruction,

19  deletion or use of any DOCUMENTS, data and/or information, including but not

20  limited to any compilation of information, that was prepared, made, created,

21  generated, assembled or compiled by or for MATTEL and that YOU received,

22  directly or indirectly, from Machado.

23

24  REQUEST FOR PRODUCTION NO. 78:

25          A copy of each personnel file maintained or created by YOU

26  RELATING TO Machado.

27

28

EXHIBIT _____ 2 _____

PAGE _____ 56 _____

07975/1928319.2

-29-

MATTEL'S FIRST SET OF DOCUMENT REQUESTS (UNFAIR COMPETITION)

1  REQUEST FOR PRODUCTION NO. 79:

2      All DOCUMENTS, including but not limited to all

3  COMMUNICATIONS, prepared, created, sent or transmitted, whether in whole or

4  in part, by Machado RELATING TO any of the CONTESTED MGA PRODUCTS.

5

6  REQUEST FOR PRODUCTION NO. 80:

7      All DOCUMENTS, including but not limited to all

8  COMMUNICATIONS, prepared, created, sent or transmitted, whether in whole or

9  in part, by Machado RELATING TO any of the CONTESTED MATTEL

10  PRODUCTS.

11

12  REQUEST FOR PRODUCTION NO. 81:

13      All COMMUNICATIONS between YOU and Mariana Trueba Almada

14  ("Trueba") prior to April 20, 2004.

15

16  REQUEST FOR PRODUCTION NO. 82:

17      All DOCUMENTS RELATING TO COMMUNICATIONS between

18  YOU and Trueba prior to April 20, 2004, including but not limited to all calendar

19  entries, phone logs, phone records and notes reflecting such COMMUNICATIONS.

20

21  REQUEST FOR PRODUCTION NO. 83:

22      All DOCUMENTS, including but not limited to all

23  COMMUNICATIONS with any PERSON, RELATING TO Trueba prior to April

24  20, 2004.

25

26

27

28

EXHIBIT _____ 2 _____

PAGE _____ 57 _____

07975/1928319.2

-30-

1  REQUEST FOR PRODUCTION NO. 84:

2          All DOCUMENTS, including but not limited to all

3  COMMUNICATIONS with any PERSON, RELATING TO Trueba's resignation

4  from Mattel.

5

6  REQUEST FOR PRODUCTION NO. 85:

7          All DOCUMENTS, including but not limited to all

8  COMMUNICATIONS with any PERSON, RELATING TO compensation, money

9  or any other item of value paid to Trueba, whether directly or indirectly, by YOU.

10

11  REQUEST FOR PRODUCTION NO. 86:

12          All DOCUMENTS received by YOU, directly or indirectly, from

13  Trueba RELATING TO any MATTEL product or plan.

14

15  REQUEST FOR PRODUCTION NO. 87:

16          All DOCUMENTS, including but not limited to all

17  COMMUNICATIONS with any PERSON, RELATING TO YOUR receipt,

18  reproduction, copying, storage, transmission, transfer, retention, destruction,

19  deletion or use of any DOCUMENTS, data and/or information, including but not

20  limited to any compilation of information, that was prepared, made, created,

21  generated, assembled or compiled by or for MATTEL and that YOU received,

22  directly or indirectly, from Trueba.

23

24  REQUEST FOR PRODUCTION NO. 88:

25          A copy of each personnel file maintained or created by YOU

26  RELATING TO Trueba.

27

28

EXHIBIT _____ 2 _____

PAGE _____ 58 _____

07975/1928319.2

-31-

MATTEL'S FIRST SET OF DOCUMENT REQUESTS (UNFAIR COMPETITION)

1 | REQUEST FOR PRODUCTION NO. 89:

2         All DOCUMENTS, including but not limited to all

3 COMMUNICATIONS, prepared, created, sent or transmitted, whether in whole or

4 in part, by Trueba RELATING TO any of the CONTESTED MGA PRODUCTS.

5

6 | REQUEST FOR PRODUCTION NO. 90:

7         All DOCUMENTS, including but not limited to all

8 COMMUNICATIONS, prepared, created, sent or transmitted, whether in whole or

9 in part, by Trueba RELATING TO any of the CONTESTED MATTEL

10 PRODUCTS.

11

12 | REQUEST FOR PRODUCTION NO. 91:

13         All COMMUNICATIONS between YOU and Pablo Vargas San Jose

14 ("Vargas") prior to April 20, 2004.

15

16 | REQUEST FOR PRODUCTION NO. 92:

17         All DOCUMENTS RELATING TO COMMUNICATIONS between

18 YOU and Vargas prior to April 20, 2004, including but not limited to all calendar

19 entries, phone logs, phone records and notes reflecting such COMMUNICATIONS.

20

21 | REQUEST FOR PRODUCTION NO. 93:

22         All DOCUMENTS, including but not limited to all

23 COMMUNICATIONS with any PERSON, RELATING TO Vargas prior to April

24 20, 2004.

25

26

27                         EXHIBIT _____ 2

28                         PAGE _____ 59

-32-

MATTEL'S FIRST SET OF DOCUMENT REQUESTS (UNFAIR COMPETITION)

1  REQUEST FOR PRODUCTION NO. 94:

2      All DOCUMENTS, including but not limited to all

3  COMMUNICATIONS with any PERSON, RELATING TO Vargas' resignation

4  from Mattel.

5

6  REQUEST FOR PRODUCTION NO. 95:

7      All DOCUMENTS, including but not limited to all

8  COMMUNICATIONS with any PERSON, RELATING TO compensation, money

9  or any other item of value paid to Vargas, whether directly or indirectly, by YOU.

10

11  REQUEST FOR PRODUCTION NO. 96:

12      All DOCUMENTS received by YOU, directly or indirectly, from

13  Vargas RELATING TO any MATTEL product or plan.

14

15  REQUEST FOR PRODUCTION NO. 97:

16      All DOCUMENTS, including but not limited to all

17  COMMUNICATIONS with any PERSON, RELATING TO YOUR receipt,

18  reproduction, copying, storage, transmission, transfer, retention, destruction,

19  deletion or use of any DOCUMENTS, data and/or information, including but not

20  limited to any compilation of information, that was prepared, made, created,

21  generated, assembled or compiled by or for MATTEL and that YOU received,

22  directly or indirectly, from Vargas.

23

24  REQUEST FOR PRODUCTION NO. 98:

25      A copy of each personnel file maintained or created by YOU

26  RELATING TO Vargas.

27

28

EXHIBIT _____ 2

PAGE _____ 60

07975/1928319.2

-33-

MATTEL'S FIRST SET OF DOCUMENT REQUESTS (UNFAIR COMPETITION)

1  REQUEST FOR PRODUCTION NO. 99:

2        All DOCUMENTS, including but not limited to all

3  COMMUNICATIONS, prepared, created, sent or transmitted, whether in whole or

4  in part, by Vargas RELATING TO any of the CONTESTED MGA PRODUCTS.

5

6  REQUEST FOR PRODUCTION NO. 100:

7        All DOCUMENTS, including but not limited to all

8  COMMUNICATIONS, prepared, created, sent or transmitted, whether in whole or

9  in part, by Vargas RELATING TO any of the CONTESTED MATTEL

10  PRODUCTS.

11

12  REQUEST FOR PRODUCTION NO. 101:

13        All COMMUNICATIONS between YOU and Janine Brisbois

14  ("Brisbois") prior to September 27, 2005.

15

16  REQUEST FOR PRODUCTION NO. 102:

17        All DOCUMENTS RELATING TO COMMUNICATIONS between

18  YOU and Brisbois prior to September 27, 2005, including but not limited to all

19  calendar entries, phone logs, phone records and notes reflecting such

20  COMMUNICATIONS.

21

22  REQUEST FOR PRODUCTION NO. 103:

23        All DOCUMENTS, including but not limited to all

24  COMMUNICATIONS with any PERSON, RELATING TO Brisbois prior to

25  September 27, 2005.

EXHIBIT 2

PAGE 61

MATTEL'S FIRST SET OF DOCUMENT REQUESTS (UNFAIR COMPETITION)

07975/1928319.2

REQUEST FOR PRODUCTION NO. 104:

All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, RELATING TO Brisbois' resignation from Mattel.

REQUEST FOR PRODUCTION NO. 105:

All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, RELATING TO compensation, money or any other item of value paid to Brisbois, whether directly or indirectly, by YOU.

REQUEST FOR PRODUCTION NO. 106:

All DOCUMENTS received by YOU, directly or indirectly, from Brisbois RELATING TO any MATTEL product or plan.

REQUEST FOR PRODUCTION NO. 107:

All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, RELATING TO YOUR receipt, reproduction, copying, storage, transmission, transfer, retention, destruction, deletion or use of any DOCUMENTS, data and/or information, including but not limited to any compilation of information, that was prepared, made, created, generated, assembled or compiled by or for MATTEL and that YOU received, directly or indirectly, from Brisbois.

REQUEST FOR PRODUCTION NO. 108:

A copy of each personnel file maintained or created by YOU RELATING TO Brisbois.

EXHIBIT _____ 2

PAGE _____ 62

MATTEL'S FIRST SET OF DOCUMENT REQUESTS (UNFAIR COMPETITION)

REQUEST FOR PRODUCTION NO. 109:

All DOCUMENTS, including but not limited to all COMMUNICATIONS, prepared, created, sent or transmitted, whether in whole or in part, by Brisbois RELATING TO any of the CONTESTED MGA PRODUCTS.

REQUEST FOR PRODUCTION NO. 110:

All DOCUMENTS, including but not limited to all COMMUNICATIONS, prepared, created, sent or transmitted, whether in whole or in part, by Brisbois RELATING TO any of the CONTESTED MATTEL PRODUCTS.

REQUEST FOR PRODUCTION NO. 111:

All COMMUNICATIONS between YOU and Ron Brawer ("Brawer") prior to October 2, 2004.

REQUEST FOR PRODUCTION NO. 112:

All DOCUMENTS RELATING TO COMMUNICATIONS between YOU and Brawer prior to October 2, 2004, including but not limited to all calendar entries, phone logs, phone records and notes reflecting such COMMUNICATIONS.

REQUEST FOR PRODUCTION NO. 113:

All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, RELATING TO Brawer prior to October 2, 2004.

EXHIBIT ___2___

PAGE ___63___

07975/1928319.2

-36-

MATTEL'S FIRST SET OF DOCUMENT REQUESTS (UNFAIR COMPETITION)

REQUEST FOR PRODUCTION NO. 114:

All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, RELATING TO Brawer's resignation from Mattel.

REQUEST FOR PRODUCTION NO. 115:

All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, RELATING TO compensation, money or any other item of value paid to Brawer, whether directly or indirectly, by YOU.

REQUEST FOR PRODUCTION NO. 116:

All DOCUMENTS received by YOU, directly or indirectly, from Brawer RELATING TO any MATTEL product or plan.

REQUEST FOR PRODUCTION NO. 117:

All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, RELATING TO YOUR receipt, reproduction, copying, storage, transmission, transfer, retention, destruction, deletion or use of any DOCUMENTS, data and/or information, including but not limited to any compilation of information, that was prepared, made, created, generated, assembled or compiled by or for MATTEL and that YOU received, directly or indirectly, from Brawer.

REQUEST FOR PRODUCTION NO. 118:

All DOCUMENTS RELATING TO the existence or extent of competition or substitution between any of the CONTESTED MGA PRODUCTS and any of the CONTESTED MATTEL PRODUCTS.

EXHIBIT _____

PAGE _____

MATTEL'S FIRST SET OF DOCUMENT REQUESTS (UNFAIR COMPETITION)

07975/1928319.2

REQUEST FOR PRODUCTION NO. 119:

All DOCUMENTS RELATING TO the facts that YOU contend support the claims for relief in YOUR COMPLAINT.

REQUEST FOR PRODUCTION NO. 120:

All DOCUMENTS RELATING TO any claim by YOU that any of the CONTESTED MGA PRODUCTS have acquired secondary meaning or are famous.

REQUEST FOR PRODUCTION NO. 121:

All DOCUMENTS RELATING TO any claim by YOU that MATTEL's actions have caused actual dilution.

REQUEST FOR PRODUCTION NO. 122:

All DOCUMENTS RELATING TO the allegation in Paragraph 9 of YOUR COMPLAINT that "Mattel has intimidated, coerced and threatened retailers, licensees, suppliers and others in the industry."

REQUEST FOR PRODUCTION NO. 123:

All DOCUMENTS RELATING TO the allegation in Paragraph 9 of YOUR COMPLAINT that "Mattel has . . . serially imitated and copy-catted [sic] the look of MGA products, trade dress, trademarks, themes, ideas, advertising and packaging."

REQUEST FOR PRODUCTION NO. 124:

All DOCUMENTS RELATING TO the allegation in Paragraphs 34 and 36 of YOUR COMPLAINT that the Bratz dolls launched in 2001 were "unique and distinctive."

EXHIBIT _____ 2

PAGE _____ 64

MATTEL'S FIRST SET OF DOCUMENT REQUESTS (UNFAIR COMPETITION)

07975/1928319.2

REQUEST FOR PRODUCTION NO. 125:

All DOCUMENTS RELATING TO any allegation by YOU that YOU have any legally protected interest in any of the following "themes" or any other Bratz "theme" that you contend was copied by MATTEL: "Winter Wonderland," "Bratz Sportz," "Formal Funk," "Sun-Kissed Summer."

REQUEST FOR PRODUCTION NO. 126:

All DOCUMENTS RELATING TO any allegation by YOU that YOU have any legally protected interest in any "color scheme" that you contend was copied by MATTEL.

REQUEST FOR PRODUCTION NO. 127:

All DOCUMENTS RELATING TO the allegation in Paragraph 56 of YOUR COMPLAINT that the press has confused YOUR products with those of MATTEL, or vice versa.

REQUEST FOR PRODUCTION NO. 128:

All DOCUMENTS RELATING TO any allegation by YOU that anyone has confused any commercial for YOUR Funky Fashion Makeover Head with any commercial for MATTEL's My Scene Styling Head.

REQUEST FOR PRODUCTION NO. 129:

All DOCUMENTS RELATING TO any allegation by YOU that MATTEL has used any "tag line" allegedly belonging to YOU, including but not limited to "Passion for Fashion" or any derivative thereof.

EXHIBIT _____

PAGE _____

1 REQUEST FOR PRODUCTION NO. 130:

2   All DOCUMENTS RELATING TO the allegation in Paragraph 61 of

3 YOUR COMPLAINT that retailers have been confused by Bratz Petz and

4 MATTEL's My Scene Pets, including but not limited to YOUR allegation that "even

5 sophisticated retailers . . . have mistakenly merchandised 'My Scene' dogs in the

6 middle of the 'BRATZ' section of a retail display, next to and as if they were part of

7 MGA's 'BRATZ Petz' line."

8

9 REQUEST FOR PRODUCTION NO. 131:

10   All DOCUMENTS RELATING TO the allegation in Paragraph 62 of

11 YOUR COMPLAINT that advertising executives have "expressed concern" about

12 "Bratz" and Mattel's "My Scene," including but not limited to the alleged remarks

13 set forth in Paragraph 62.

14

15 REQUEST FOR PRODUCTION NO. 132:

16   All DOCUMENTS RELATING TO the allegations in Paragraph 63 of

17 YOUR COMPLAINT that the press "has taken notice" of alleged confusion

18 between "Bratz" and Mattel's "My Scene," including but not limited to the alleged

19 remarks set forth in Paragraph 63.

20

21 REQUEST FOR PRODUCTION NO. 133:

22   All DOCUMENTS RELATING TO the allegation in Paragraph 64 of

23 YOUR COMPLAINT that customers have contacted YOU to purchase Mattel's "My

24 Scene" dolls.

25

26

27 EXHIBIT    2

28 PAGE    65

07975/1928319.2

-40-

MATTEL'S FIRST SET OF DOCUMENT REQUESTS (UNFAIR COMPETITION)

1  REQUEST FOR PRODUCTION NO. 134:

2        All DOCUMENTS RELATING TO any allegation by YOU that YOU

3  have a legally protected interest in what YOU describe in Paragraph 71 of YOUR

4  COMPLAINT as "MGA's 'other-worldly' theme."

5

6  REQUEST FOR PRODUCTION NO. 135:

7        All DOCUMENTS RELATING TO the allegation in Paragraph 71 of

8  YOUR COMPLAINT that MATTEL's commercials and product "mimic[] MGA's

9  alien theme and commercials in which MGA's 'AlienRacers' are engaged in a 'race

10  to save the universe.'"

11

12  REQUEST FOR PRODUCTION NO. 136:

13        All DOCUMENTS RELATING TO the allegation in Paragraph 74 of

14  YOUR COMPLAINT that MATTEL has engaged in "strong-arm tactics, and other

15  illegitimate, unfair and anti-competitive means."

16

17  REQUEST FOR PRODUCTION NO. 137:

18        All DOCUMENTS RELATING TO the allegations in Paragraph 75 of

19  YOUR COMPLAINT regarding MATTEL's dealings and COMMUNICATIONS

20  with former employees, including but not limited to all COMMUNICATIONS

21  between YOU and any present or former employees or contractors of MATTEL.

22

23  REQUEST FOR PRODUCTION NO. 138:

24        All COMMUNICATIONS between YOU and any PERSON

25  RELATING TO the departure from MATTEL of any current or former MATTEL

26  employee or contractor.

27                  EXHIBIT _____

28                  PAGE _____

-41-

MATTEL'S FIRST SET OF DOCUMENT REQUESTS (UNFAIR COMPETITION)

1 | REQUEST FOR PRODUCTION NO. 139:

2         All COMMUNICATIONS between YOU and any PERSON

3 RELATING TO the obligations to MATTEL, including the duty of confidentiality,

4 of any current or former MATTEL employee or contractor.

5

6 | REQUEST FOR PRODUCTION NO. 140:

7         All COMMUNICATIONS between YOU and any current or former

8 MATTEL employee or contractor RELATING TO the ownership of any idea,

9 concept, design, or product.

10

11 | REQUEST FOR PRODUCTION NO. 141:

12         All COMMUNICATIONS between YOU and any PERSON

13 RELATING TO the retention, destruction, transfer, or use of any information or

14 DOCUMENTS known to or possessed by any current or former MATTEL

15 employee or contractor.

16

17 | REQUEST FOR PRODUCTION NO. 142:

18         All DOCUMENTS RELATING TO the "warnings" or "threats" alleged

19 in Paragraph 76 of YOUR COMPLAINT, including but not limited to all

20 COMMUNICATIONS with any present or former licensees of MATTEL.

21

22 | REQUEST FOR PRODUCTION NO. 143:

23         All DOCUMENTS RELATING TO the "intimidation" alleged in

24 Paragraph 77 of YOUR COMPLAINT, including but not limited to all

25 COMMUNICATIONS with any present or former distributors and retailers of MGA

26 and MATTEL products.

27

28

EXHIBIT _____ 2

PAGE _____ 66

-42-

MATTEL'S FIRST SET OF DOCUMENT REQUESTS (UNFAIR COMPETITION)

1  REQUEST FOR PRODUCTION NO. 144:

2          All COMMUNICATIONS between YOU and any retailer, wholesaler

3  or distributor RELATING TO the CONTESTED MATTEL PRODUCTS.

4

5  REQUEST FOR PRODUCTION NO. 145:

6          All DOCUMENTS RELATING TO the allegation in Paragraph 78 of

7  YOUR COMPLAINT that MATTEL was responsible for what YOU refer to as a

8  "shortage of doll hair in October 2002."

9

10  REQUEST FOR PRODUCTION NO. 146:

11          All DOCUMENTS RELATING TO the allegation in Paragraph 79 of

12  YOUR COMPLAINT that MATTEL has "manipulated the retail market," including

13  but not limited to all COMMUNICATIONS with any persons RELATING TO

14  YOUR allegation that "Mattel merchandisers have been caught tampering with

15  MGA's retail displays."

16

17  REQUEST FOR PRODUCTION NO. 147:

18          All DOCUMENTS RELATING TO any allegation by YOU that

19  MATTEL has made false statements about YOU or YOUR business practices,

20  including but not limited to the allegations in Paragraph 79 of YOUR

21  COMPLAINT.

22

23  REQUEST FOR PRODUCTION NO. 148:

24          All DOCUMENTS RELATING TO any allegation by YOU that

25  MATTEL has violated any rules or restrictions relating to data provided to

26  subscribers by NPD or engaged in any other wrongful conduct relating to NPD.

27          EXHIBIT _____ 2

28          PAGE _____ 67

07975/1928319.2

-43-

MATTEL'S FIRST SET OF DOCUMENT REQUESTS (UNFAIR COMPETITION)

1  REQUEST FOR PRODUCTION NO. 149:

2     All DOCUMENTS RELATING TO any COMMUNICATIONS

3  between YOU and NPD, other than periodic reports, between January 1, 2000 and

4  the present.

5

6  REQUEST FOR PRODUCTION NO. 150:

7     DOCUMENTS sufficient to show the status of YOUR NPD

8  subscription between January 1, 2000 and the present.

9

10  REQUEST FOR PRODUCTION NO. 151:

11     All DOCUMENTS RELATING TO the allegation in Paragraph 89 of

12  YOUR COMPLAINT that MATTEL "used its influence . . . to induce CARU to

13  place onerous restrictions on MGA advertisements, and require MGA to amend

14  aspects of commercials that have gone unchallenged in other parties' commercials."

15

16  REQUEST FOR PRODUCTION NO. 152:

17     All DOCUMENTS RELATING TO any COMMUNICATIONS

18  between YOU and CARU between January 1, 2000 and the present.

19

20  REQUEST FOR PRODUCTION NO. 153:

21     All DOCUMENTS RELATING TO any allegation by YOU that

22  MATTEL has exercised improper influence with or within TIA, including but not

23  limited to the procedures for and manner in which the Toy of the Year was selected

24  for 2003.

25

26  REQUEST FOR PRODUCTION NO. 154:

27     All DOCUMENTS RELATING TO any COMMUNICATIONS with

28  TIA RELATING TO Toy of the Year since January 1, 2000.

EXHIBIT _____ 2

PAGE _____ 68

07975/1928319.2

-44-

MATTEL'S FIRST SET OF DOCUMENT REQUESTS (UNFAIR COMPETITION)

REQUEST FOR PRODUCTION NO. 155:

All DOCUMENTS RELATING TO the allegation in Paragraph 113 of YOUR COMPLAINT that MATTEL has "willfully and maliciously used its power, influence and intimidation to threaten certain retailers, suppliers, licensees, distributors and manufacturers so as to limit, if not prevent, MGA from doing business with these retailers, suppliers, licensees, distributors and manufacturers, using its power and influence to intimidate and manipulate industry bodies."

REQUEST FOR PRODUCTION NO. 156:

All DOCUMENTS RELATING TO the allegation in Paragraph 113 of YOUR COMPLAINT that MATTEL has "used its power and influence to attempt to, if not actually, intimidate and threaten MGA's current and potential employees so as to cause MGA competitive injury."

REQUEST FOR PRODUCTION NO. 157:

YOUR quarterly and annual profit and loss statements (both audited and unaudited) for the years 2000 through the present, inclusive.

REQUEST FOR PRODUCTION NO. 158:

YOUR quarterly and annual financial statements (both audited and unaudited) for the years 2000 through the present, inclusive.

REQUEST FOR PRODUCTION NO. 159:

YOUR annual reports for each of the years 2000 through the present, inclusive.

EXHIBIT _____ 2
PAGE _____ 69

07975/1928319.2

MATTEL'S FIRST SET OF DOCUMENT REQUESTS (UNFAIR COMPETITION)

1  REQUEST FOR PRODUCTION NO. 160:

2       All DOCUMENTS received from MATTEL (whether directly or

3  indirectly) by YOU at any time since January 1, 1999.

4

5  REQUEST FOR PRODUCTION NO. 161:

6       All DOCUMENTS that YOU have reason to believe were created by or

7  originated from MATTEL, other than MATTEL products that YOU purchased at

8  retail.

9

10 REQUEST FOR PRODUCTION NO. 162:

11      All DOCUMENTS RELATING TO the destruction or retention of any

12 DOCUMENT RELATING TO the CONTESTED MGA PRODUCTS or the

13 CONTESTED MATTEL PRODUCTS.

14

15 REQUEST FOR PRODUCTION NO. 163:

16      All internal MGA COMMUNICATIONS and schedules RELATING

17 TO document retention or destruction between January 1, 1999 and the present.

18

19 REQUEST FOR PRODUCTION NO. 164:

20      All DOCUMENTS RELATING TO any COMMUNICATIONS with,

21 or inquiry or investigation by, any government entity RELATING TO the

22 CONTESTED MGA PRODUCTS or the CONTESTED MATTEL PRODUCTS.

23

24 REQUEST FOR PRODUCTION NO. 165:

25      All DOCUMENTS RELATING TO any COMMUNICATIONS with,

26 or inquiry or investigation by, any toy industry organization, safety compliance, or

27 consumer organization RELATING TO the CONTESTED MGA PRODUCTS or

28 the CONTESTED MATTEL PRODUCTS.

EXHIBIT _____ 2

PAGE _____ 70

07975/1928319.2

-46-

1   <u>REQUEST FOR PRODUCTION NO. 166</u>:

2         To the extent not produced in response to any other Request for

3   Production, all DOCUMENTS and tangible things upon which YOU intend to rely

4   upon in this action.

5

6   DATED:  December 18, 2006      QUINN EMANUEL URQUHART OLIVER &
7                            HEDGES, LLP

8

9                      By _____

10                        Timothy L. Alger
                        Attorneys for Mattel, Inc.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                              EXHIBIT _____ 2 _____

28                              PAGE _____ 71 _____

07975/1928319.2

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is NOW Messenger Service, 1301 West Second Street, Suite 206, Los Angeles, California 90026.

On December 18, 2006, I true copies of the following document(s) described as:

**MATTEL, INC.'S FIRST SET OF REQUESTS FOR DOCUMENTS**

**AND THINGS RE CLAIMS OF UNFAIR COMPETITION**

**TO MGA ENTERTAINMENT, INC.**

on the parties in this action as follows:

| | |
|---|---|
| Diana M. Torres, Esq.<br>O'Melveny & Myers<br>400 So. Hope Street<br>Los Angeles, CA 90071<br>Telephone: (213) 430-6000<br>Facsimile: (213) 430-6407 | Keith A. Jacoby, Esq.<br>Littler Mendelson<br>2049 Century Park East, 5th Floor<br>Los Angeles, CA 90067-3107<br>Telephone: (310) 553-0308<br>Facsimile: (310) 553-5583 |

[√ ]   [PERSONAL] by personally delivering the document listed above to the person(s) at the address(es) set forth above.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made

Executed on December 18, 2006 at Los Angeles, California.

David Quintana

EXHIBIT _____ 2

PAGE _____ 72

07209/2020338.1

Case No. SACV 05-00953 JVS (ANx)
PROOF OF SERVICE

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA 92501
<u>CIVIL MINUTES -- GENERAL</u>

Case No.    CV 04-09049 SGL(RNBx)                    Date: February 4, 2008
Title:      CARTER BRYANT -v- MATTEL, INC.
            AND CONSOLIDATED ACTIONS

==============================================================================

PRESENT:  HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

         Jim Holmes                          Theresa Lanza
         Courtroom Deputy Clerk              Court Reporter

ATTORNEYS PRESENT FOR CARTER          ATTORNEYS PRESENT FOR MATTEL:
BRYANT:

Michael Page                             John Quinn
                                         Jon D. Corey

                                      ATTORNEY PRESENT FOR CARLOS
ATTORNEYS PRESENT FOR MGA:             GUSTAVO MACHADO GOMEZ:

Thomas J. Nolan
Carl A. Roth
Robert J. Harrington

ATTORNEYS PRESENT FOR THIRD-
PARTY WITNESSES

Larry W. McFarland
Scott Gizer
Ramit Mizrahi
Henry H. Gonzalez
Neal A. Potischman
John Patrick Petrullo


Alexander H. Cote


MINUTES FORM 90                                Initials of Deputy Clerk __jh_
CIVIL -- GEN                    1               Time: 1/45

EXHIBIT ___3___
PAGE ___73___

PROCEEDINGS:

HEARING ON EX PARTE APPLICATIONS:

**1722 EX PARTE APPLICATION to Compel Deposition of Ana Cabrera, Beatriz Morales, and Maria Salazar and Mel Woods**

**1724 EX PARTE APPLICATION to Compel Depositions of Daphne Gronich, Joe Tiongco, Mariana Trueba, Pablo Vargas, MGA Entertainment, Inc.**

**1538 EX PARTE APPLICATION for Relief from 01-07-2008 Order re Motion Hearing**

**1583 EX PARTE APPLICATION to Compel Production of Electronic Media from Third Parties Elise Cloonan, Margaret Hatch-Leahy, and Veronica Marlow**

**1624 EX PARTE APPLICATION to Enforce Court's Orders Compelling Production of Tangible Items**

**1628 EX PARTE APPLICATION to Stay pending Review of Discovery Master's January 11, 2008 Order Granting MGA's and Bryant's Motion to Compel**

**ORDER TO SHOW CAUSE DIRECTED TO COUNSEL LARRY McFARLAND**

Having considered the documents submitted in support of and opposition to the applications set forth above, and having heard oral argument, the Court issues its rulings on these matters as stated on the record and as follows:

### EX PARTE APPLICATIONS REGARDING DEPOSITIONS
### (DOCKET #1722 AND #1724) AND ORDER TO SHOW CAUSE

These applications are DENIED IN PART, subject to the following rulings:

(1)     The Court's January 7, 2008, Order was intended to grant certain specified relief from the numerical limitations on discovery requests; it was not meant to make definitive rulings on burdensomeness, relevance, privilege, or service of discovery requests.

(2)     The Phase 1 discovery deadline has expired. Any Phase 1 discovery not properly served on or before this deadline may not now be pursued. Based on the representation of counsel that process for the letters rogatory on the Hong Kong witnesses has not been initiated, these witnesses may not be deposed on Phase 1 issues. Notwithstanding this ruling, however, the Court is concerned with the allegations by Mattel in its ex parte application regarding certain actions of Larry

MINUTES FORM 90
CIVIL – GEN                                    2

Initials of Deputy Clerk __jh_____
Time: 1/45

EXHIBIT _____3_____

PAGE _____74_____

McFarland, who represents certain third-party witnesses. Mattel submits that Mr. McFarland has been deliberately evading service of a notice of deposition on him and his clients – serious allegations when made by an officer of the Court against another officer of the Court.   Accordingly, Mr. McFarland is **ORDERED TO SHOW CAUSE** why he and his clients should not be ordered to appear for deposition.  A written response to this OSC must be filed no later than February 11, 2008.  Other parties may file written replies no later than February 19, 2008.  The Court will hear the matter at 10:00 a.m., February 25, 2008, in Courtroom One of the above-referenced Court.

(3)     Phase 1 depositions that have been scheduled past the discovery deadline for the convenience of the witnesses or pursuant to the stipulation of the parties and/or witnesses may proceed as scheduled.

(4)     All discovery related to Phase 2, other than certain individual depositions that may be related to both Phase 1 and Phase 2, is STAYED until further order of the Court.

(5)     As previously ordered and reaffirmed by this Court, all discovery matters shall be presented in the first instance to the Discovery Master.  The fact that the Discovery Master's ruling might impact upon the Court's scheduling order does not relieve the parties of following this procedure.   For instance, motions to compel, motions to quash, or motions challenging service as to existing discovery requests shall be brought before the Discovery Master.  So, too, must objections based on burdensomeness, relevancy, or privilege.  In general, and on the matters touched upon herein, the Court expresses no opinion as to these issues, and instead leaves those issues to the Discovery Master to decide in the first instance.

(6)     To the extent that certain challenged depositions are within the scope of the Court's January 7, 2008, Order, and are related to Phase 1 (or to the extent that a given deposition (other than a Rule 30(b)(6) deposition) is related to both Phase 1 and Phase 2), said deposition may proceed subject to the challenges set forth in the previous paragraph.  To the extent that the depositions are related to Phase 2, they are STAYED, as set forth above, notwithstanding the January 7, 2008, Order.

(7)     The parties' arguments require the Court to resolve an internal inconsistency in the Court's January 7, 2008, Order.  The Court's Order was meant to grant all parts of Mattel's Motion for Leave to Take Additional Discovery (docket #1134) except the relief sought as to the deposition of Carter Bryant.  The Court amends its 01.07.08 Order as follows:

   Delete: <Specifically, the Court grants Mattel's request to take the individual depositions relating to the Bratz claims (set forth in the moving papers at 9-11) and relating to the trade secret and RICO

EXHIBIT _____3_____

PAGE _____75_____

claims (set forth in the moving papers at 13).>

Replace with: <Specifically, the Court grants Mattel's request to take the individual depositions relating to the Bratz claims (set forth in the moving papers at 9-11), relating to the trade secret and RICO claims (set forth in the moving papers at 13), and relating to document preservation (set forth in the moving papers at 14 (Joe Tiongco and Daphne Gronich)).>

(8)   The Court's January 7, 2008, Order granted leave to take additional discovery over and above the previously allocated 24 depositions per side. Nevertheless, as to all other depositions, how to "count" the previously allocated depositions is left to the discretion of the Discovery Master.

(9)   At the hearing, counsel for Christensen, Glaser requested that the Court clarify that its January 7, 2008, ruling granted leave to depose it on only one issue. That is not the case, and the request is DENIED. Mattel has been granted relief from the numerical limitations that previously restricted its ability to depose those individuals and entities addressed by the Court's January 7, 2008, Order, including its ability to depose Christensen, Glaser. Unless otherwise restricted by the Discovery Master upon proper presentation of the issue to him, Mattel may depose Christensen, Glaser on any relevant, non-privileged matter.

## MACHADO GOMEZ'S EX PARTE APPLICATION RE JANUARY 7, 2008, ORDER (DOCKET # 1504)

This application is GRANTED. As noted above, Phase 2 discovery is STAYED until further order of the Court. The Court will address Phase 2 discovery, motions, pretrial, and trial dates after the conclusion of Phase 1 of the trial.

## MATTEL'S EX PARTE APPLICATION RE MOTION TO COMPEL PRODUCTION OF ELECTRONIC MEDIA FROM THIRD PARTIES (DOCKET #1538)

This application is DENIED. This matter must be addressed in the first instance by the Discovery Master.

## MATTEL'S EX PARTE APPLICATION TO ENFORCE COURT'S ORDERS COMPELLING PRODUCTION OF TANGIBLE ITEMS (#1624)

This application is GRANTED IN PART. Counsel for MGA shall employ its best efforts to arrange for shipment of those tangible things located in the Peoples' Republic of China ("PRC") to Hong Kong Special Administrative Region ("Hong Kong") for examination in conjunction with those tangible things already located in Hong Kong. Otherwise, counsel for MGA shall cooperate in the

MINUTES FORM 90
CIVIL – GEN

4

Initials of Deputy Clerk __jh_____
Time: 1/45

EXHIBIT _____3_____

PAGE _____76_____

arrangements for inspection in both Hong Kong and the PRC.   Mattel's request for costs is denied without prejudice.

Counsel are encouraged to meet and confer with the intent of reaching a stipulation regarding the supplementation of expert reports.  Absent such stipulation, at the appropriate time, the Court will entertain an ex parte application from any party regarding this issue.

### MATTEL'S EX PARTE APPLICATION TO STAY PENDING REVIEW OF DISCOVERY MASTER'S JANUARY 11, 2008 ORDER (DOCKET # 1628)

This application is GRANTED IN PART.  The Court sets the motion for hearing on February 11, 2008.  Opposition shall be filed no later than February 6, 2008; any reply shall be filed no later than February 8, 2008.  The Discovery Master's January 11, 2008, Order is stayed until the issuance of the Court's minute order regarding the February 11, 2008, hearing.

**IT IS SO ORDERED.**

MINUTES FORM 90
CIVIL -- GEN

5

Initials of Deputy Clerk ___jh_____
Time: 1/45

EXHIBIT _____3_____

PAGE _____77_____

## NOTICE PARTY SERVICE LIST

Case No.   CV 04-09049 SGL(RNBx)     Case Title   Carter Bryant v. Mattel, Inc.

Title of Document   Minute Order of February 4, 2008

| | |
|---|---|
| | Atty Sttlmnt Officer Panel Coordinator |
| | BAP (Bankruptcy Appellate Panel) |
| | Beck, Michael J (Clerk, MDL Panel) |
| | BOP (Bureau of Prisons) |
| | CA St Pub Defender (Calif. State PD) |
| | CAAG (California Attorney General's Office - Keith H. Borjon, L.A. Death Penalty Coordinator) |
| | Case Asgmt Admin (Case Assignment Administrator) |
| | Catterson, Cathy (9th Circuit Court of Appeal) |
| | Chief Deputy Admin |
| | Chief Deputy Ops |
| | Clerk of Court |
| | Death Penalty H/C (Law Clerks) |
| | Dep In Chg E Div |
| | Dep In Chg So  Div |
| | Federal Public Defender |
| | Fiscal Section |
| | Intake Section, Criminal LA |
| | Intake Section, Criminal SA |
| | Intake Supervisor, Civil |
| | PIA Clerk - Los Angeles (PIALA) |
| | PIA Clerk - Riverside (PIAED) |
| | PIA Clerk - Santa Ana (PIASA) |
| | PSA - Los Angeles (PSALA) |
| | PSA - Riverside (PSAED) |
| | PSA - Santa Ana (PSASA) |
| | Schnack, Randall (CJA Supervising Attorney) |
| | Statistics Clerk |

| | |
|---|---|
| | US Attorneys Office - Civil Division -L.A. |
| | US Attorneys Office - Civil Division - S.A. |
| | US Attorneys Office - Criminal Division -L.A. |
| | US Attorneys Office - Criminal Division -S.A. |
| | US Bankruptcy Court |
| | US Marshal Service - Los Angeles (USMLA) |
| | US Marshal Service -  Riverside (USMED) |
| | US Marshal Service -Santa Ana (USMSA) |
| | US Probation Office (USPO) |
| | US Trustee's Office |
| | Warden, San Quentin State Prison, CA |

| ✓ | **ADD NEW NOTICE PARTY** (if sending by fax, mailing address must also be provided) |
|---|---|

Name: Ambassador Pierre-Richard Prosper

Firm:

Address (include suite or floor): P.O. Box 581103

Salt Lake City, UT   84158

*E-mail: Prosper.Pierre@Arentfox.com

*Fax No.:

* For CIVIL cases only

| **JUDGE / MAGISTRATE JUDGE (list below):** |
|---|
| |
| |
| |

Initials of Deputy Clerk   jh

G-75   (03/07)                                 NOTICE PARTY SERVICE LIST

EXHIBIT _____ 3 _____

PAGE _____ 78 _____

# NOTICE PARTY SERVICE LIST

**Case No.**  CV 04-09049 SGL(RNBx)  **Case Title** Carter Bryant v. Mattel, Inc.

**Title of Document**  Minute Order of February 4, 2008

| | |
|---|---|
| | Atty Sttlmnt Officer Panel Coordinator |
| | BAP (Bankruptcy Appellate Panel) |
| | Beck, Michael J (Clerk, MDL Panel) |
| | BOP (Bureau of Prisons) |
| | CA St Pub Defender (Calif. State PD) |
| | CAAG (California Attorney General's Office - Keith H. Borjon, L.A. Death Penalty Coordinator) |
| | Case Asgmt Admin (Case Assignment Administrator) |
| | Catterson, Cathy (9th Circuit Court of Appeal) |
| | Chief Deputy Admin |
| | Chief Deputy Ops |
| | Clerk of Court |
| | Death Penalty H/C (Law Clerks) |
| | Dep In Chg E Div |
| | Dep In Chg So Div |
| | Federal Public Defender |
| | Fiscal Section |
| | Intake Section, Criminal LA |
| | Intake Section, Criminal SA |
| | Intake Supervisor, Civil |
| | PIA Clerk - Los Angeles (PIALA) |
| | PIA Clerk - Riverside (PIAED) |
| | PIA Clerk - Santa Ana (PIASA) |
| | PSA - Los Angeles (PSALA) |
| | PSA - Riverside (PSAED) |
| | PSA - Santa Ana (PSASA) |
| | Schnack, Randall (CJA Supervising Attorney) |
| | Statistics Clerk |

| | |
|---|---|
| | US Attorneys Office - Civil Division -L.A. |
| | US Attorneys Office - Civil Division - S.A. |
| | US Attorneys Office - Criminal Division -L.A. |
| | US Attorneys Office - Criminal Division -S.A. |
| | US Bankruptcy Court |
| | US Marshal Service - Los Angeles (USMLA) |
| | US Marshal Service - Riverside (USMED) |
| | US Marshal Service -Santa Ana (USMSA) |
| | US Probation Office (USPO) |
| | US Trustee's Office |
| | Warden, San Quentin State Prison, CA |

**✓ ADD NEW NOTICE PARTY**
(if sending by fax, mailing address must also be provided)

Name: Hon. Edward A. Infante (Ret.)

Firm:

Address (include suite or floor):  Two Embarcadero Center, Suite 1500, San Francisco, CA  94111

*E-mail:

*Fax No.:

* For CIVIL cases only

**JUDGE / MAGISTRATE JUDGE (list below):**

Initials of Deputy Clerk  jh

EXHIBIT _____ 3

PAGE _____ 79

1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 090378)
2      johnquinn@quinnemanuel.com
      Michael T. Zeller (Bar No. 196417)
3      (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
4      (joncorey@quinnemanuel.com)
    865 South Figueroa Street, 10th Floor
5   Los Angeles, California 90017-2543
    Telephone:  (213) 443-3000
6   Facsimile:   (213) 443-3100

7   Attorneys Mattel, Inc.

8

9                UNITED STATES DISTRICT COURT

10              CENTRAL DISTRICT OF CALIFORNIA

11                    EASTERN DIVISION

| | |
|---|---|
| 12  CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| 13      Plaintiff, | Consolidated with<br>Case No. CV 04-09059 |
| 14      vs. | Case No. CV 05-02727 |
| 15  MATTEL,   INC.,   a   Delaware<br>corporation, | **DISCOVERY MATTER** |
| 16 | **[To Be Heard By Discovery Master<br>Hon. Edward Infante (Ret.)]** |
| 17      Defendant. | |
| 18  AND CONSOLIDATED ACTIONS | MATTEL, INC.'S NOTICE OF<br>CHANGE OF HEARING ON<br>APPLICATION TO ENFORCE |
| 19 | COURT ORDERS COMPELLING<br>PRODUCTION OF TANGIBLE |
| 20 | ITEMS |
| 21 | Hearing Date:  TBA<br>Time:          TBA |
| 22 | Place:         TBA |
| 23 | **Phase 1** |
| 24 | Discovery Cut-Off: January 28, 2008<br>Pre-Trial Conference: May 5, 2008 |
| 25 | Trial Date: May 27, 2008 |
| 26 | [Notice of Lodging filed concurrently<br>herewith] |

27                     EXHIBIT _____ 4

28                     PAGE _____ 86

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that the hearing on Mattel, Inc.'s [previously *Ex Parte*] Application To Enforce Court Orders Compelling Production Of Tangible Items, previously noticed for hearing on February 4, 2008 at 10:15 a.m. in the courtroom of the Honorable Stephen G. Larson in the above-entitled Court, has been changed to a telephone conference before the Discovery Master Hon. Edward Infante (Ret.), on a date and time to be determined by Judge Infante.

Plaintiff Mattel, Inc. ("Mattel") will, and hereby does, move the Court for an order (1) enforcing the May 15, 2007 Order Granting Mattel's Motion To Compel Production of Documents And Interrogatory Responses By MGA ("May 2007 Order"), the August 13, 2007 Order Granting In Part And Denying In Part Mattel's Motion To Compel Production Of Documents by MGA; Denying Request For Monetary Sanctions ("August 2007 Order"), and the June 20, 2006 on-the-record stipulation before the Honorable Robert N. Block, Magistrate Judge, in which MGA agreed to provide responsive tangible items for inspection within fifteen days of a request; and (2) compelling Defendant MGA to make available for immediate inspection, imaging and 3D scanning all tangible items responsive to Request Nos. 7-13, 26-27, 32-36, 46, 51, 53, 55, 96-100 of Mattel, Inc.'s First Set of Requests For Production Of Documents And Tangible Things To MGA Entertainment, Inc. ("First Set") and to Request Nos. 5, 6, 9-10, 13, 16-17, 49, 52, and 166 of Mattel, Inc.'s First Set of Requests For Documents And Things Re Claims Of Unfair Competition To MGA Entertainment, Inc. ("First UC Set")[1].

Mattel previously sought identical relief, in addition to relief from the expert witness cut-off date dictated by Judge Larson's Scheduling Order, in an *ex*

---

[1] Request Nos. 7-13, 26-27, 32-36, 46, 51, 53, 55, 96-100 of the First Set and Request Nos. 5, 6, 9-10, 13, 16-17, 49, 52, and 166 of the First UC Set are collectively referred to herein as "the Compelled Requests."  EXHIBIT ____ 4

PAGE ____ 8 1

MATTEL'S NOTICE OF CHANGE OF HEARING

1   *parte* application.  On February 4, 2008, the Court issued an order that resolved the
2   question of relief from the expert witness cut-off date and also resolved, for the time
3   being, the dispute about certain items being produced for inspection and scanning in
4   Hong Kong and Shenzhen, China.[2]  Pursuant to the direction of the Court at the
5   February 4, 2008 hearing and in the Court's February 4, 2008 Minute Order, Mattel
6   provides notice that its Application, which seeks the balance of Mattel's original
7   relief sought (as explained below) will be heard by the Discovery Master.

8        The parties have thus fully briefed the remaining issue presented by
9   Mattel's Application—the production of all tangible items pertinent to the design,
10  development and manufacture of Bratz and Prayer Angel that MGA has withheld
11  from production.  As Mattel recently found out, MGA deliberately and secretly
12  interpreted the scope of Mattel's previously compelled requests to exclude such
13  items as:

14  •   clay sculpts for each doll developed;
15  •   mold(s) taken of the clay, perhaps of rubber, perhaps in multiple
16      versions;
17  •   closures and documentation and tooling related to the design of the
18      closures;
19  •   resin or fastcast sculpts from the mold of the clay;
20  •   metal molds relating to all the body parts, including the head;
21  •   vinyl super master of the head;
22  •   multiple masters of the head;
23  •   paint master;
24  •   face paint masks;
25  •   molds for all plastic accessories coming with the dolls;
26  •   printing plates for packaging;

27  [2] February 4, 2008 Order, attached hereto as Exhibit A.  EXHIBIT __4__
28                                                PAGE __82__

MATTEL'S NOTICE OF CHANGE OF HEARING

- documentation including schematics, engineering drawings and communications with the manufacturer about machining, tolerances, dimensions, or assembly of the dolls;

- anything purportedly dating from before or after February 2001; and

- anything relating to the mock-up development tooling and documentation that was transferred from MGA vendor Wah Sing to MGA vendor Early Light at MGA's direction on or around December 8, 2000, such as the "roto head skin-master" that was referenced in an email produced by MGA bates-numbered MGA 0065414-15.

Although Judge Larson did not rule on the issue of the items that had never been produced, he did specifically note at the hearing that "[t]here's this repeated representation that no one deliberately did anything, and I guess I'm not concerned about what people deliberately did or didn't do; I'm more concerned about why these things were not identified sooner. And I guess I don't have a real clear answer on that . . . given -- let me say this -- given the representations that were made about the diligence upon which searches were done pursuant to document requests. *There's no dispute that these [items] are covered by the document requests. Judge Infante has found such, essentially; and I -- reading the document requests, I think Mattel is right on that these are certainly within the ambit of several of the document requests; so there's no question that they need to be produced. They've been asked for.*"[3]

During the meet-and-confer process that took place before the original *ex parte* application was filed, MGA begrudgingly identified a few doll heads and bodies, and 8 manufacturing molds that had never been produced in the case. To this day, however, MGA refuses either to produce the rest of the tangible items or to

---

[3]   Hearing Transcript, dated February 4, 2008, at 66:10-24 (lodged concurrently herewith) (emphasis added).

EXHIBIT _____ 4

PAGE _____ 83

-3-

1  state that it has produced the rest of the tangible items responsive to the requests,

2  instead taking the position that tangible items are not responsive to the requests and

3  stating that it has made a substantial production of all "responsive" items, whatever

4  MGA means by that.  MGA's delay in producing these items has already prejudiced

5  Mattel by preventing it from taking related discovery before the January 28, 2008

6  fact discovery cut-off, and by preventing Mattel's experts from being able to finish

7  their analyses and prepare their initial reports by February 11, 2008.

8          Mattel's original *ex parte* application was filed on January 25, 2008.

9  MGA filed an opposition brief on January 25, 2008.  Mattel's reply brief was filed

10  on January 28, 2008.  Mattel concurrently lodges this briefing and all supporting

11  documents with the Discovery Master.

12          Mattel does not anticipate there will be any need for further briefing on

13  the issues raised in this Motion.

### Statement of Rule 37-1 Compliance

15          Counsel met and conferred regarding this motion on numerous

16  occasions between January 3, 2008 and February 15, 2008.

17

18  DATED: February 19, 2008          QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

19

20                                    By_____
                                         Diane C. Hutnyan
21                                       Attorneys for Mattel, Inc.

22

23

24

25

26

27                                    EXHIBIT _____4_____

28                                    PAGE _____84_____

-4-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA 92501
<u>CIVIL MINUTES -- GENERAL</u>

Case No.   CV 04-09049 SGL(RNBx)                    Date: February 4, 2008
Title:     CARTER BRYANT -v- MATTEL, INC.
           AND CONSOLIDATED ACTIONS

======================================================================

PRESENT:   HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

           Jim Holmes                               Theresa Lanza
           Courtroom Deputy Clerk                   Court Reporter

ATTORNEYS PRESENT FOR CARTER          ATTORNEYS PRESENT FOR MATTEL:
BRYANT:

Michael Page                          John Quinn
                                      Jon D. Corey

                                      ATTORNEY PRESENT FOR CARLOS
                                      GUSTAVO MACHADO GOMEZ:
ATTORNEYS PRESENT FOR MGA:

Thomas J. Nolan
Carl A. Roth
Robert J. Harrington

ATTORNEYS PRESENT FOR THIRD-
PARTY WITNESSES

Larry W. McFarland
Scott Gizer
Ramit Mizrahi
Henry H. Gonzalez
Neal A. Potischman
John Patrick Petrullo


Alexander H. Cote


MINUTES FORM 90                              Initials of Deputy Clerk __jh__
CIVIL -- GEN                    1            Time: 1/45

EXHIBIT ____4____

PAGE ____85____

PROCEEDINGS:

HEARING ON EX PARTE APPLICATIONS:

**1722 EX PARTE APPLICATION to Compel Deposition of Ana Cabrera, Beatriz Morales, and Maria Salazar and Mel Woods**

**1724 EX PARTE APPLICATION to Compel Depositions of Daphne Gronich, Joe Tiongco, Mariana Trueba, Pablo Vargas, MGA Entertainment, Inc.**

**1538 EX PARTE APPLICATION for Relief from 01-07-2008 Order re Motion Hearing**

**1583 EX PARTE APPLICATION to Compel Production of Electronic Media from Third Parties Elise Cloonan, Margaret Hatch-Leahy, and Veronica Marlow**

**1624 EX PARTE APPLICATION to Enforce Court's Orders Compelling Production of Tangible Items**

**1628 EX PARTE APPLICATION to Stay pending Review of Discovery Master's January 11, 2008 Order Granting MGA's and Bryant's Motion to Compel**

**ORDER TO SHOW CAUSE DIRECTED TO COUNSEL LARRY McFARLAND**

Having considered the documents submitted in support of and opposition to the applications set forth above, and having heard oral argument, the Court issues its rulings on these matters as stated on the record and as follows:

**EX PARTE APPLICATIONS REGARDING DEPOSITIONS
(DOCKET #1722 AND #1724) AND ORDER TO SHOW CAUSE**

These applications are DENIED IN PART, subject to the following rulings:

(1)    The Court's January 7, 2008, Order was intended to grant certain specified relief from the numerical limitations on discovery requests; it was not meant to make definitive rulings on burdensomeness, relevance, privilege, or service of discovery requests.

(2)    The Phase 1 discovery deadline has expired. Any Phase 1 discovery not properly served on or before this deadline may not now be pursued. Based on the representation of counsel that process for the letters rogatory on the Hong Kong witnesses has not been initiated, these witnesses may not be deposed on Phase 1 issues.   Notwithstanding this ruling, however, the Court is concerned with the allegations by Mattel in its ex parte application regarding actions of Larry

Initials of Deputy Clerk __jh_____
Time: 1/45

EXHIBIT _____4_____

PAGE _____86_____

McFarland, who represents certain third-party witnesses. Mattel submits that Mr.
McFarland has been deliberately evading service of a notice of deposition on him
and his clients – serious allegations when made by an officer of the Court against
another officer of the Court. Accordingly, Mr. McFarland is **ORDERED TO SHOW
CAUSE** why he and his clients should not be ordered to appear for deposition. A
written response to this OSC must be filed no later than February 11, 2008. Other
parties may file written replies no later than February 19, 2008. The Court will hear
the matter at 10:00 a.m., February 25, 2008, in Courtroom One of the above-
referenced Court.

(3)     Phase 1 depositions that have been scheduled past the discovery deadline for the
        convenience of the witnesses or pursuant to the stipulation of the parties and/or
        witnesses may proceed as scheduled.

(4)     All discovery related to Phase 2, other than certain individual depositions that may be
        related to both Phase 1 and Phase 2, is STAYED until further order of the Court.

(5)     As previously ordered and reaffirmed by this Court, all discovery matters shall be
        presented in the first instance to the Discovery Master. The fact that the Discovery
        Master's ruling might impact upon the Court's scheduling order does not relieve the
        parties of following this procedure. For instance, motions to compel, motions to
        quash, or motions challenging service as to existing discovery requests shall be
        brought before the Discovery Master. So, too, must objections based on
        burdensomeness, relevancy, or privilege. In general, and on the matters touched
        upon herein, the Court expresses no opinion as to these issues, and instead leaves
        those issues to the Discovery Master to decide in the first instance.

(6)     To the extent that certain challenged depositions are within the scope of the Court's
        January 7, 2008, Order, and are related to Phase 1 (or to the extent that a given
        deposition (other than a Rule 30(b)(6) deposition) is related to both Phase 1 and
        Phase 2), said deposition may proceed subject to the challenges set forth in the
        previous paragraph. To the extent that the depositions are related to Phase 2, they
        are STAYED, as set forth above, notwithstanding the January 7, 2008, Order.

(7)     The parties' arguments require the Court to resolve an internal inconsistency in the
        Court's January 7, 2008, Order. The Court's Order was meant to grant all parts of
        Mattel's Motion for Leave to Take Additional Discovery (docket #1134) except the
        relief sought as to the deposition of Carter Bryant. The Court amends its 01.07.08
        Order as follows:

        Delete: <Specifically, the Court grants Mattel's request to take the
        individual depositions relating to the Bratz claims (set forth in the
        moving papers at 9-11) and relating to the trade secret and RICO

MINUTES FORM 90
CIVIL – GEN                                3

Initials of Deputy Clerk ___jh_____
Time: 1/45

EXHIBIT _____4_____

PAGE _____87_____

claims (set forth in the moving papers at 13).>

Replace with: <Specifically, the Court grants Mattel's request to take the individual depositions relating to the Bratz claims (set forth in the moving papers at 9-11), relating to the trade secret and RICO claims (set forth in the moving papers at 13), and relating to document preservation (set forth in the moving papers at 14 (Joe Tiongco and Daphne Gronich)).>

(8)   The Court's January 7, 2008, Order granted leave to take additional discovery over and above the previously allocated 24 depositions per side. Nevertheless, as to all other depositions, how to "count" the previously allocated depositions is left to the discretion of the Discovery Master.

(9)   At the hearing, counsel for Christensen, Glaser requested that the Court clarify that its January 7, 2008, ruling granted leave to depose it on only one issue. That is not the case, and the request is DENIED. Mattel has been granted relief from the numerical limitations that previously restricted its ability to depose those individuals and entities addressed by the Court's January 7, 2008, Order, including its ability to depose Christensen, Glaser. Unless otherwise restricted by the Discovery Master upon proper presentation of the issue to him, Mattel may depose Christensen, Glaser on any relevant, non-privileged matter.

### MACHADO GOMEZ'S EX PARTE APPLICATION RE JANUARY 7, 2008, ORDER (DOCKET # 1504)

This application is GRANTED. As noted above, Phase 2 discovery is STAYED until further order of the Court. The Court will address Phase 2 discovery, motions, pretrial, and trial dates after the conclusion of Phase 1 of the trial.

### MATTEL'S EX PARTE APPLICATION RE MOTION TO COMPEL PRODUCTION OF ELECTRONIC MEDIA FROM THIRD PARTIES (DOCKET #1538)

This application is DENIED. This matter must be addressed in the first instance by the Discovery Master.

### MATTEL'S EX PARTE APPLICATION TO ENFORCE COURT'S ORDERS COMPELLING PRODUCTION OF TANGIBLE ITEMS (#1624)

This application is GRANTED IN PART. Counsel for MGA shall employ its best efforts to arrange for shipment of those tangible things located in the Peoples' Republic of China ("PRC") to Hong Kong Special Administrative Region ("Hong Kong") for examination in conjunction with those tangible things already located in Hong Kong. Otherwise, counsel for MGA shall cooperate in the

EXHIBIT _____ Y _____

PAGE _____ 88 _____

arrangements for inspection in both Hong Kong and the PRC.   Mattel's request for costs is denied without prejudice.

Counsel are encouraged to meet and confer with the intent of reaching a stipulation regarding the supplementation of expert reports.  Absent such stipulation, at the appropriate time, the Court will entertain an ex parte application from any party regarding this issue.

### MATTEL'S EX PARTE APPLICATION TO STAY PENDING REVIEW OF DISCOVERY MASTER'S JANUARY 11, 2008 ORDER (DOCKET # 1628)

This application is GRANTED IN PART.  The Court sets the motion for hearing on February 11, 2008.  Opposition shall be filed no later than February 6, 2008; any reply shall be filed no later than February 8, 2008.  The Discovery Master's January 11, 2008, Order is stayed until the issuance of the Court's minute order regarding the February 11, 2008, hearing.

**IT IS SO ORDERED.**

MINUTES FORM 90
CIVIL -- GEN                                                          5

Initials of Deputy Clerk __jh_____
Time: 1/45

EXHIBIT _____4_____

PAGE _____89_____

## NOTICE PARTY SERVICE LIST

**Case No.** CV 04-09049 SGL(RNBx)   **Case Title** Carter Bryant v. Mattel, Inc.

**Title of Document** Minute Order of February 4, 2008

| | |
|---|---|
| | Atty Sttlmnt Officer Panel Coordinator |
| | BAP (Bankruptcy Appellate Panel) |
| | Beck, Michael J (Clerk, MDL Panel) |
| | BOP (Bureau of Prisons) |
| | CA St Pub Defender (Calif. State PD) |
| | CAAG (California Attorney General's Office - Keith H. Borjon, L.A. Death Penalty Coordinator) |
| | Case Asgmt Admin (Case Assignment Administrator) |
| | Catterson, Cathy (9th Circuit Court of Appeal) |
| | Chief Deputy Admin |
| | Chief Deputy Ops |
| | Clerk of Court |
| | Death Penalty H/C (Law Clerks) |
| | Dep In Chg E Div |
| | Dep In Chg So Div |
| | Federal Public Defender |
| | Fiscal Section |
| | Intake Section, Criminal LA |
| | Intake Section, Criminal SA |
| | Intake Supervisor, Civil |
| | PIA Clerk - Los Angeles (PIALA) |
| | PIA Clerk - Riverside (PIAED) |
| | PIA Clerk - Santa Ana (PIASA) |
| | PSA - Los Angeles (PSALA) |
| | PSA - Riverside (PSAED) |
| | PSA - Santa Ana (PSASA) |
| | Schnack, Randall (CJA Supervising Attorney) |
| | Statistics Clerk |

| | |
|---|---|
| | US Attorneys Office - Civil Division -L.A. |
| | US Attorneys Office - Civil Division - S.A. |
| | US Attorneys Office - Criminal Division -L.A. |
| | US Attorneys Office - Criminal Division -S.A. |
| | US Bankruptcy Court |
| | US Marshal Service - Los Angeles (USMLA) |
| | US Marshal Service - Riverside (USMED) |
| | US Marshal Service -Santa Ana (USMSA) |
| | US Probation Office (USPO) |
| | US Trustee's Office |
| | Warden, San Quentin State Prison, CA |

| ✓ | ADD NEW NOTICE PARTY (if sending by fax, mailing address must also be provided) |
|---|---|

Name: Ambassador Pierre-Richard Prosper

Firm:

Address *(include suite or floor):* P.O. Box 581103

Salt Lake City, UT  84158

*E-mail: Prosper.Pierre@Arentfox.com

*Fax No.:

* For CIVIL cases only

| JUDGE / MAGISTRATE JUDGE (list below): |
|---|
| |
| |
| |

**Initials of Deputy Clerk** jh

EXHIBIT _____ 4

PAGE _____ 90

Case 2:04-cv-09049-SGL-RNB   Document 1931   Filed 02/04/2008   Page 7 of 7

## NOTICE PARTY SERVICE LIST

**Case No.**   CV 04-09049 SGL(RNBx)   **Case Title**   Carter Bryant v. Mattel, Inc.

**Title of Document**   Minute Order of February 4, 2008

| | |
|---|---|
| | Atty Sttlmnt Officer Panel Coordinator |
| | BAP (Bankruptcy Appellate Panel) |
| | Beck, Michael J (Clerk, MDL Panel) |
| | BOP (Bureau of Prisons) |
| | CA St Pub Defender (Calif. State PD) |
| | CAAG (California Attorney General's Office - Keith H. Borjon, L.A. Death Penalty Coordinator) |
| | Case Asgmt Admin (Case Assignment Administrator) |
| | Catterson, Cathy (9th Circuit Court of Appeal) |
| | Chief Deputy Admin |
| | Chief Deputy Ops |
| | Clerk of Court |
| | Death Penalty H/C (Law Clerks) |
| | Dep In Chg E Div |
| | Dep In Chg So Div |
| | Federal Public Defender |
| | Fiscal Section |
| | Intake Section, Criminal LA |
| | Intake Section, Criminal SA |
| | Intake Supervisor, Civil |
| | PIA Clerk - Los Angeles (PIALA) |
| | PIA Clerk - Riverside (PIAED) |
| | PIA Clerk - Santa Ana (PIASA) |
| | PSA - Los Angeles (PSALA) |
| | PSA - Riverside (PSAED) |
| | PSA - Santa Ana (PSASA) |
| | Schnack, Randall (CJA Supervising Attorney) |
| | Statistics Clerk |

| | |
|---|---|
| | US Attorneys Office - Civil Division -L.A. |
| | US Attorneys Office - Civil Division - S.A. |
| | US Attorneys Office - Criminal Division -L.A. |
| | US Attorneys Office - Criminal Division -S.A. |
| | US Bankruptcy Court |
| | US Marshal Service - Los Angeles (USMLA) |
| | US Marshal Service - Riverside (USMED) |
| | US Marshal Service -Santa Ana (USMSA) |
| | US Probation Office (USPO) |
| | US Trustee's Office |
| | Warden, San Quentin State Prison, CA |

| ✓ | ***ADD NEW NOTICE PARTY*** (if sending by fax, mailing address must also be provided) |
|---|---|

Name: Hon. Edward A. Infante (Ret.)

Firm:

Address (include suite or floor): Two Embarcadero Center, Suite 1500, San Francisco, CA 94111

*E-mail:

*Fax No.:

\* For CIVIL cases only

| ***JUDGE / MAGISTRATE JUDGE (list below):*** |
|---|
| |
| |
| |
| |

**Initials of Deputy Clerk** jh

G-75  (03/07)                    NOTICE PARTY SERVICE LIST

EXHIBIT _____ Y

PAGE _____ 91

# Notices

2:04-cv-09049-SGL-RNB Carter Bryant v. Mattel Inc
(RNBx), AO279, DISCOVERY, PROTORD, RELATED-G

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

### Notice of Electronic Filing

The following transaction was entered by Hutnyan, Diane on 2/20/2008 at 11:31 AM PST and filed on
2/20/2008
**Case Name:**        Carter Bryant v. Mattel Inc
**Case Number:**      2:04-cv-9049
**Filer:**            Mattel Inc
**Document Number:** 2305

**Docket Text:**
NOTICE of Change of Hearing on Application to Enforce Court Orders Compelling Production of
Tangible Items filed by Counter Claimant Mattel Inc. *Re: Document #1624* (Attachments: # (1) Exhibit
A# (2) Notice of Lodging# (3) Proof of Service)(Hutnyan, Diane)

**2:04-cv-9049 Notice has been electronically mailed to:**

Juan Pablo Alban    juanpabloalban@quinnemanuel.com

Timothy L Alger    timalger@quinnemanuel.com

Christa M Anderson    canderson@kvn.com

Linda M Burrow    burrow@caldwell-leslie.com

Michelle M Campana    michelle.campana@skadden.com

Jon D Corey    joncorey@quinnemanuel.com

Alexander H Cote    acote@obsklaw.com

Leah Chava Gershon    leah@spertuslaw.com

Alan Neil Goldberg    agoldberg@sgattys.com

Melissa Grant    melissagrant@quinnemanuel.com

Emil W Herich    eherich@kmwlaw.com

Diane C Hutnyan    dianehutnyan@quinnemanuel.com, andreahoeven@quinnemanuel.com

EXHIBIT _____ 4
PAGE _____ 92

John W Keker    jkeker@kvn.com, DRoberts@kvn.com, efiling@kvn.com

Raoul D Kennedy    rkennedy@skadden.com

Alisa Morgenthaler Lever    amorgenthaler@chrisglase.com

Larry W McFarland    lmcfarland@kmwlaw.com

Nathan Meyer    nmeyer@kayescholer.com, dclow@kayescholer.com

Cyrus S Naim    cyrusnaim@quinnemanuel.com

Thomas J Nolan    tnolan@skadden.com, carl.roth@skadden.com, marcus.mumford@skadden.com

Mark E Overland    moverland@obsklaw.com

Michael H Page    mhp@kvn.com

Kenneth A Plevan    kenneth.plevan@skadden.com, drogosa@skadden.com, sumclaug@skadden.com

Brett Dylan Proctor    dylanproctor@quinnemanuel.com

John B Quinn    johnquinn@quinnemanuel.com

David C Scheper    dscheper@obsklaw.com, feseroma@obsklaw.com

Oleg Stolyar    alexstolyar@quinnemanuel.com

John Elliot Trinidad    jtrinidad@kvn.com, efiling@kvn.com, yjayasuriya@kvn.com

Audrey Walton-Hadlock    awaltonhadlock@kvn.com

Matthew M Werdegar    mmw@kvn.com

Michael T Zeller    michaelzeller@quinnemanuel.com

**2:04-cv-9049 Notice has been delivered by First Class U. S. Mail or by fax to: :**

Kien C Tiet
Stern and Goldberg
6345 Balboa Boulevard, Suite 200
Encino, CA 91316

EXHIBIT _____ 4

The following document(s) are associated with this transaction:

PAGE _____ 93

**Document description:** Main Document
**Original filename:** C:\Documents and Settings\AndreaHoeven\Desktop\E-filing\2-20-08\Mattel, Inc.'s Notice of Change of Hearing on Application to Enforce Court Orders Compelling Production of Tangible Items.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=2/20/2008] [FileNumber=5386703-0]

[2f9c25513ae7428267cf905ec4a8ad3af85cbd1a92f71bb84dc20004338ccda6086a
bad55640615025a66a35c3b48b60e2e15bb7879d60bd0b36f228a956cfa8]]
**Document description:** Exhibit A
**Original filename:** C:\Documents and Settings\AndreaHoeven\Desktop\E-filing\2-20-08\Exhibit A.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=2/20/2008] [FileNumber=5386703-1]
[9d8f5085d205e12e2fc10161f1b8624f3d2085b4277704797a1cbc1ed79587a3fda3
fc1c7e3f4d0cce41b5410ddd94c906677b140868c5d89ce3db95270dafcd]]
**Document description:** Notice of Lodging
**Original filename:** C:\Documents and Settings\AndreaHoeven\Desktop\E-filing\2-20-08\Notice of
Lodging.PDF
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=2/20/2008] [FileNumber=5386703-2]
[0038b70d6cbc985df6fee782e8d40c1e3e39c74235b080a4b96975eecb4274862086
d90789a033c2000bff519c20303196f4332419edf14d1fef3e8af206fce7]]
**Document description:** Proof of Service
**Original filename:** C:\Documents and Settings\AndreaHoeven\Desktop\E-filing\2-20-08\Proof of
Service.PDF
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=2/20/2008] [FileNumber=5386703-3]
[3bef3acd5bbcc336a02a5bfd85e02495820efbcfb119381a46c99b33b56fad040ee9
72ab2852823b3a0d38bdeff888c44973a337e9f386f02ff9ba342a168d6d]]

EXHIBIT _____4_____

PAGE _____94_____

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
    John B. Quinn (Bar No. 090378)
2    johnquinn@quinnemanuel.com
    Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
    Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
6  Facsimile: (213) 443-3100

7  Attorneys for Mattel, Inc.

8              UNITED STATES DISTRICT COURT

9             CENTRAL DISTRICT OF CALIFORNIA

10                   EASTERN DIVISION

11

12 | CARTER BRYANT, an individual,        | CASE NO. CV 04-9049 SGL (RNBx)

      Plaintiff,                            Consolidated with
13                                          Case No. CV 04-09059
      vs.                                   Case No. CV 05-02727
14
   MATTEL, INC., a Delaware               **Proof of Service**
15 corporation,
                                          Date:  TBA
16      Defendant.                        Time:  TBA
                                          Place: TBA
17
                                          Discovery Cut-Off: January 28, 2008
18                                        Pre-Trial Conference: May 5, 2008
                                          Trial Date:         May 27, 2008
19

20

21

22

23

24

25

26                                        EXHIBIT _____ 4
27                                                       95
                                          PAGE _____
28

07209/2391134.1                    -1-        Case No. CV 04-9049 SGL (RNBx)
                                              PROOF OF SERVICE

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is NOW Messenger Service, 1301 West Second Street, Suite 206, Los Angeles, California 90026.

On February 19, 2008, I served true copies of the following documents described as:

**SEE ATTACHED DOCUMENT LIST**

on the parties in this action as follows:

Thomas J. Nolan, Esq.
**Skadden, Arps, Slate, Meagher & Flom LLP**
300 South Grand Avenue, Suite 3400
Los Angeles, CA  90071

Mark E. Overland
David C. Sheper
Alexander H. Cote
**Overland Borenstein Scheper & Kim LLP**
300 South Grand Avenue, Suite 2750
Los Angeles, CA 90071

[√]   **PERSONAL**:  By personally delivering the document listed above to the person(s) at the address(es) set forth above.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made

Executed on February 19, 2008, at Los Angeles, California.

_____
Dave Quintana

EXHIBIT _____4_____

PAGE _____96_____

07209/2391134.1

1

## PROOF OF SERVICE

2       I am employed in the County of Los Angeles, State of California.  I am over

3   the age of eighteen years and not a party to the within action; my business address is

4   865 South Figueroa Street, 10th Floor, Los Angeles, California 90017.

5       On February 19, 2008, I served true copies of the following documents

6   described as:

7              **SEE ATTACHED DOCUMENT LIST**

8
9   on the parties in this action as follows:

10  John W. Keker, Esq.
    Michael H. Page, Esq.
11  Christa M. Anderson, Esq.
    **Keker & Van Nest, LLP**
12  710 Sansome Street
    San Francisco, CA 94111
13

14      [√]    **BY MAIL:**  I enclosed the foregoing into sealed envelope(s) addressed as shown above, and I deposited such envelope(s) in the mail at Los Angeles, California.  The envelope was mailed with postage thereon fully prepaid.

15

16      [√]    **BY FEDEX:**  I deposited such document(s) in a box or other facility regularly maintained by FedEx, or delivered such document(s) to a courier or driver
17  authorized by FedEx to receive documents, in sealed envelope(s) or package(s) designated by FedEx with delivery fees paid or provided for, addressed to the person(s) being served.

18

19      Executed on February 19, 2008, at Los Angeles, California.

20

21                  Andrea Hoeven

22

23

24

25

26  EXHIBIT _____4_____

27

28  PAGE _____97_____

07209/2391134.1

-3-

Case No. CV 04-9049 SGL (RNBx)
PROOF OF SERVICE

# DOCUMENT LIST

1.    MATTEL, INC.'S NOTICE OF CHANGE OF HEARING ON APPLICATION TO ENFORCE COURT ORDERS COMPELLING PRODUCTION OF TANGIBLE ITEMS

2     NOTICE OF LODGING RE MATTEL, INC.'S NOTICE OF CHANGE OF HEARING ON APPLICATION TO ENFORCE COURT ORDERS COMPELLING PRODUCTION OF TANGIBLE ITEMS

EXHIBIT _____ 4

PAGE _____ 98

07209/2391134.1

-4-

Case No. CV 04-9049 SGL (RNBx)
PROOF OF SERVICE

1 THOMAS J. NOLAN (Bar No. 66992)
  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2 300 South Grand Avenue
  Los Angeles, CA 90071-3144
3 Telephone: (213) 687-5000
  Facsimile: (213) 687-5600
4 E-mail: tnolan@skadden.com

5 RAOUL D. KENNEDY (Bar No. 40892)
  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
6 4 Embarcadero Center, 38th Floor
  San Francisco, California 94111-5974
7 Telephone: (415) 984-6400
  Facsimile: (415) 984-2698
8 Email: rkennedy@skadden.com

9 Attorneys for Counter-Defendants,
  MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA
10 ENTERTAINMENT (HK) LIMITED, and MGAE de MEXICO S.R.L. de C.V.

11              UNITED STATES DISTRICT COURT

12            CENTRAL DISTRICT OF CALIFORNIA

13 CARTER BRYANT, an individual,      ) CASE NO. CV 04-9049 SGL (RNBx)

14            Plaintiff,              ) Consolidated with Case No. 04-9059
                                      ) and Case No. 05-2727
15    v.                             )
                                      ) **DISCOVERY MATTER**
16 MATTEL, INC., a Delaware          )
   corporation,                      ) **[To be heard by Discovery Master
17                                    ) Hon. Edward A. Infante (Ret.)]**
18            Defendant.             )
                                      ) **MGA DEFENDANTS'
19                                    ) OPPOSITION TO MATTEL, INC.'S
                                      ) PURPORTED NOTICE OF
20                                    ) CHANGE OF HEARING ON
                                      ) APPLICATION TO ENFORCE
21                                    ) COURT ORDERS COMPELLING
                                      ) PRODUCTION OF TANGIBLE
22                                    ) ITEMS**
   _____)
23 Consolidated with MATTEL, INC. v.  ) **[DECLARATION OF AMY S.
   BRYANT and MGA                    ) PARK, FILED UNDER SEPARATE
24 ENTERTAINMENT, INC. v.            ) COVER]**
   MATTEL, INC.                      )
25                                    ) Date: TBD
                                      ) Time: TBD
26                                    ) Place: TBD
   _____)

EXHIBIT _____5_____

PAGE _____95_____

27

28
_____
MGA DEFENDANTS' OPPOSITION TO MATTEL'S PURPORTED NOTICE OF CHANGE OF
HEARING ON APPLICATION RE TANGIBLE ITEMS

1    In a poor attempt to hide its blatant forum shopping, Mattel has filed a so-
2  called "Notice of Change of Hearing" regarding its *Ex Parte* Application to Enforce
3  Court Orders Compelling Production Tangible Items (the "Application"), which was
4  ***heard and decided*** by the District Court on February 4, 2008.  The Court chose not
5  to grant the relief that Mattel now seeks from the Discovery Master, and Mattel
6  should not be allowed to circumvent the Court's order with a disguised motion for
7  reconsideration.

8    By its Application, Mattel sought from the Court the same relief it now seeks
9  from the Discovery Master, as well as an order compelling production of certain
10  items in Hong Kong and China, shifting the cost of such production to MGA, and
11  extending fact and expert discovery cut-off dates.  After reading the parties' briefs
12  and hearing their arguments, the Court held that the Application was "GRANTED IN
13  PART."  (Mattel's "Notice," Ex. A at 4.)  Specifically, the Court granted Mattel's
14  Application ***only with respect to*** the production of tangible items located in Hong
15  Kong and China.  (*Id*. at 4-5.)  As it had agreed to do even before Mattel filed its
16  Application, MGA has made those items available for Mattel's inspection, and
17  Mattel is conducting that inspection this week.  (Declaration of Amy Park ("Park
18  Decl."), ¶ 2.)

19    Contrary to Mattel's assertion, at no time during the February 4, 2008 hearing
20  or in its February 4, 2008 Minute Order did the Court state or even intimate that it
21  was only deciding part of Mattel's Application.  Nor did the Court direct, authorize
22  or suggest that the parties have the Discovery Master decide "the balance" of relief
23  sought by the Application, as Mattel contends.  In fact, the Court expressed its
24  disfavor of such piecemeal determination of issues by the Court and the Discovery
25  Master.  (Park Decl., Ex. 1 at 81:3-4 ("I don't want me deciding some of these issues
26  and Judge Infante deciding other ones.").)  In addition, it is clear from the Court's
27  minute order that had the Court intended to refer certain issues to the Discovery
28

MGA DEFENDANTS' OPPOSITION TO MATTEL'S PURPORTED NOTICE OF CHANGE OF
HEARING ON APPLICATION RE TANGIBLE ITEMS

EXHIBIT _____ 5 _____

PAGE _____ 96 _____

1  Master, the Court would have done so, as it did with Mattel's *Ex Parte* Application

2  re Motion to Compel Product of Electronic Media from Third Parties. (Mattel's

3  "Notice," Ex. A at 4 ("This application is DENIED. This matter must be addressed

4  in the first instance by the Discovery Master."); *see also* Park Decl., Ex. 1 at 79:23-

5  81:8 (holding same).)

6        Tellingly, Mattel does not cite any portion of the hearing transcript or the

7  Court's order to support its assertions that the Court intended to consider only part of

8  Mattel's Application. Rather, Mattel appears to assert that the Court did not intend

9  to rule on all issues because the Court did not expressly address every argument

10  made by Mattel. Mattel's contention is nonsensical. The Court is not required to

11  have specifically discussed every argument in order to have considered and ruled on

12  the entirety of the Application. In fact, the Court's consideration of all of Mattel's

13  arguments, whether or not specifically discussed, is plainly reflected in the Court's

14  decision to grant only some of the relief sought by Mattel. For example, by choosing

15  not to grant Mattel's request to extend fact discovery on issues related to tangible

16  items, the Court necessarily considered and rejected Mattel's argument that MGA's

17  purported delay in producing tangible items prejudiced Mattel's ability to take

18  related discovery before the fact discovery cut-off date.

19        In addition to mischaracterizing what issues were decided by the Court, Mattel

20  makes other misstatements that require correction. First, Mattel improperly asserts

21  that the Court's comments about what items needed to be produced applied to all

22  tangible items that Mattel enumerated in its Application. (Mattel's "Notice" at 3.)

23  The hearing transcript makes clear, however, that the Court's comments were made

24  only with respect to the molds located in China, not to all tangible items. (Park Decl.,

25  Ex. 1 at 66:6-69:3.) Moreover, Mattel cannot have it both ways. They cannot argue

26  – as a basis for their disguised motion for reconsideration – that the Court decided

27  only that portion of their Application dealing with the expert discovery cut-off date

28

MGA DEFENDANTS' OPPOSITION TO MATTEL'S PURPORTED NOTICE OF CHANGE OF
HEARING ON APPLICATION RE TANGIBLE ITEMS

EXHIBIT _____ 5 _____

PAGE _____ 97 _____

1   and the tangible items overseas, and at the same time claim that the Court ruled on

2   the entirety of their motion by stating that MGA needed to produce all of the tangible

3   items listed in the Application.  Mattel's inconsistency aside, the record is clear – the

4   Court decided the entirety of Mattel's Application, but granted only a portion of it.

5          Mattel also misstates the parties' meet-and-confer communications by

6   wrongly asserting that "[t]o this day, … MGA refuses either to produce the rest of

7   the tangible items or to state that it has produced the rest of the tangible items

8   responsive to the requests."  (Mattel's "Notice" at 3-4.)  In the parties' most recent

9   correspondence on this matter, MGA stated:

10          MGA has made available more than 900 tangible items in response to
            Mattel's thousands of requests for production.  Indeed, as I explained in
11          past correspondence and submissions with the court, MGA conducted a
            reasonably diligent, good faith search for responsive materials and
12          promptly made them available as they were located, including numerous
            items relating to the origin, creation, design, development and
13          manufacture of Bratz.  MGA did not deliberately exclude or direct
            anyone to exclude any specific types of tangible items.  Nor is MGA
14          withholding any responsive items that it was ordered to produce or that
            otherwise concern the Phase 1 claims.
15

16   (Park Decl., Ex. 2 at 2.)

17          The record is clear that the Court gave full and due consideration to all of the

18   arguments made by both parties concerning the various issues raised by the

19   Application.  Based on its analysis, the Court decided to grant relief only as to the

20   items located in Hong Kong and China and nothing more.  (Mattel's "Notice," Ex. A

21   at 4-5.)  That Mattel is dissatisfied with the Court's ruling does not justify having the

22   Discovery Master hear and decide the same issues already considered and decided by

23   the Court.  Accordingly, the MGA Defendants respectfully request that the

24   Discovery Master deny Mattel's purported Notice of Change of Hearing on its

25   Application to Enforce Court Orders Compelling Production of Tangible Items.

26

27

28

---

3

MGA DEFENDANTS' OPPOSITION TO MATTEL'S PURPORTED NOTICE OF CHANGE OF
HEARING ON APPLICATION RE TANGIBLE ITEMS

EXHIBIT _____ 5

PAGE _____ 98

1    DATED:  February 20, 2008

2                         SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

3

4                         By: _____

5                              Raoul D. Kennedy

6                         Attorneys for Counter-Defendants, MGA ENTERTAINMENT, INC.,

7                         ISAAC LARIAN, MGA ENTERTAINMENT (HK) LIMITED, and

8                         MGAE de MEXICO S.R.L. de C.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MGA DEFENDANTS' OPPOSITION TO MATTEL'S PURPORTED NOTICE OF CHANGE OF HEARING ON APPLICATION RE TANGIBLE ITEMS

EXHIBIT _____ 5

PAGE _____ 99

1 | THOMAS J. NOLAN (Bar No. 66992)
  | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2 | 300 South Grand Avenue
  | Los Angeles, CA 90071-3144
3 | Telephone: (213) 687-5000
  | Facsimile: (213) 687-5600
4 | E-mail: tnolan@skadden.com

5 | RAOUL D. KENNEDY (Bar No. 40892)
  | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
6 | Four Embarcadero Center, Suite 3800
  | San Francisco, CA 94111
7 | Telephone: (415) 984-6400
  | Facsimile: (415) 984-2698
8 | E-mail: rkennedy@skadden.com

9 | Attorneys for Counter-Defendants,
  | MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA ENTERTAINMENT
10 | (HK) LIMITED, AND MGAE de MEXICO S.R.L. de C.V.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## EASTERN DIVISION

| CARTER BRYANT, an individual | ) | CASE NO. CV 04-9049 SGL (RNBx) |
|---|---|---|
| Plaintiff, | ) | Consolidated with Case No. 04-9059 and Case No. 05-2727 |
| v. | ) | |
| MATTEL, INC., a Delaware corporation | ) | **DISCOVERY MATTER** |
| Defendant. | ) | **PROOF OF SERVICE** |
| Consolidated with MATTEL, INC. v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | ) | **Phase 1:** Discovery Cut-Off: January 28, 2008 Pre-Trial Conference: May 5, 2008 Trial Date: May 27, 2008 |

PROOF OF SERVICE

NO. CV 04-9049 SGL (RNBx)

EXHIBIT ____5____

PAGE ____100____

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 300 South Grand Avenue, Suite 3400, Los Angeles, California 90071.

On **February 20, 2008**, I served the foregoing documents described as:

### SEE ATTACHED DOCUMENT LIST

on the interested parties in this action addressed as follows:

### SEE ATTACHED SERVICE LIST

(X)   (BY PERSONAL SERVICE)   ☒   By personally delivering copies to the person served. (FEDERAL)

☒   I caused such document to be hand delivered to the above addressees. (FEDERAL)

(X)   (BY FEDERAL EXPRESS)

( )   (BY ELECTRONIC MAIL)

I declare under penalty of perjury under the laws of the State of California and the United States of America that the above is true and correct.

Executed on **February 20, 2008**, in San Francisco, California.

Matthew Bowman
PRINT NAME                           SIGNATURE

PROOF OF SERVICE                                    NO. CV 04-9049 SGL (RNBx)

EXHIBIT _____ 5

PAGE _____ 101

1

<u>DOCUMENT LIST</u>

2  (1)    MGA DEFENDANTS' OPPOSITION TO MATTEL, INC.'S PURPORTED
3  NOTICE OF CHANGE OF HEARING ON APPLICATION TO ENFORCE
   COURT ORDERS COMPELLING PRODUCTION OF TANGIBLE ITEMS
4

5  (2)    DECLARATION OF AMY S. PARK IN SUPPORT OF MGA
   DEFENDANTS' OPPOSITION TO MATTEL, INC.'S PURPORTED NOTICE OF
6  CHANGE OF HEARING ON APPLICATION TO ENFORCE COURT ORDERS
   COMPELLING PRODUCTION OF TANGIBLE ITEMS
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

NO. CV 04-9049 SGL (RNBx)

EXHIBIT _____5_____

PAGE _____102_____

1

## SERVICE LIST

2

3  Jon D. Corey, Esq.                    John Trinidad, Esq.
4  Michael T. Zeller, Esq.               John Keker, Esq.
   John Quinn, Esq.                      Keker & Van Nest, LLP
   Quinn Emanuel Urquhart Oliver &       710 Sansome Street
5  Hedges, LLP                           San Francisco, CA  94111
   865 South Figueroa Street, 10th Floor (415)  391-5400
6  Los Angeles, CA  90017-2543           (415)  397-7188 (Fax)
   (213)  443-3000
7  (213)  443-3100 (Fax)                 Attorneys for Carter Bryant
                                         [Federal Express]
8  Attorneys for Mattel, Inc
   [Personal Service]

9

10
   Mark E. Overland, Esq.
11 Alexander H. Cote, Esq.
   David C. Scheper, Esq.
12 Overland Borenstein Scheper & Kim
   300 South Grand Avenue, Suite 2750
13 Los Angeles, CA 90071
   (213) 613-4655
14 (213) 613-4656

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

PROOF OF SERVICE

NO. CV 04-9049 SGL (RNBx)

EXHIBIT _____ 5 _____

PAGE _____ 103 _____

1   Hon. Edward A. Infante (Ret.)
    JAMS
2   Two Embarcadero Center
    Suite 1500
3   San Francisco, California  94111
    Telephone:    (415) 774-2611
4   Facsimile:    (415) 982-5287

5

6

7

8                  UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10                        EASTERN DIVISION

11

| | |
|---|---|
| 12 CARTER BRYANT, an individual, | CASE NO. CV 04-09049 SGL (RNBx) |
| 13           Plaintiff, | JAMS Reference No. 1100049530 |
| 14     v. | Consolidated with |
| 15 MATTEL, INC., a Delaware corporation, | Case No. CV 04-09059 |
| 16           Defendant. | Case No. CV 05-2727 |
| 17 | **ORDER DENYING MATTEL'S APPLICATION TO ENFORCE COURT ORDERS COMPELLING PRODUCTION OF TANGIBLE ITEMS** |
| 18 CONSOLIDATED WITH | |
| 19 MATTEL, INC. v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | |
| 20 | |

21

22      On February 19, 2008, Mattel, Inc. ("Mattel") submitted a "Notice of Change of Hearing

23   on Application to Enforce Court Orders Compelling Production of Tangible Items."  On February

24   20, 2008, MGA Entertainment, Inc., Isaac Larian, MGA Entertainment (HK) Limited and MGAE

25   de Mexico S.R.L. de C.V. (collectively "MGA") submitted an opposition to Mattel's so-called

26

27

28
    Bryant v. Mattel, Inc.,
    CV-04-09049 SGL (RNBx)

EXHIBIT ___6___

PAGE ___104___

1

1    "Notice of Change of Hearing."  On February 25, 2008, Mattel submitted a response.  The matter

2    was heard on April 11, 2008.

3         Having considered the motion papers and the comments of counsel at the hearing, Mattel's

4    Application is denied.  Mattel previously noticed its Application for hearing before the district

5    court in the form of an *Ex Parte* Application.  The Application was heard and decided in full by

6    Judge Larson on February 4, 2008, as evidenced by the transcript of the proceedings and the Civil

7    Minute Order filed the same day.  Notably, during the hearing, Mattel's counsel drew the court's

8    attention to the list of tangible items Mattel now seeks.  See Transcript of February 4, 2008

9    hearing at p. 78 ("We've identified some things that have been in our reply on pages 1 and 2 that

10   have been identified in the document production, that are tangible items, that have not been

11   provided.  I'd encourage the court to look at that.").  Immediately thereafter, the court stated its

12   intent to grant Mattel's Application in part.  Id. at p. 79.

13        Contrary to Mattel's assertion, at no time during the February 4, 2008 hearing or in its

14   February 4, 2008 Civil Minute Order did the court state or even intimate that it was only deciding

15   a portion of Mattel's Application.  Nor did the court direct or even suggest that Mattel present any

16   portion of its Application to the undersigned Discovery Master for determination.  If the court had

17   intended to refer certain issues raised in the Application to the Discovery Master for

18   determination, the court would have done so expressly, as it did with Mattel's *Ex Parte*

19   Application re Motion to Compel Production of Electronic Media from Third Parties.  See Civil

20   Minute Order at p.4 ("This application is DENIED.  This matter must be addressed in the first

21   instance by the Discovery Master.").

22        Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery

23   Master, MGA shall file this Order with the Clerk of Court forthwith.

24

25   Dated: April /_, 2008

26                                          HON. EDWARD A. INFANTE (Ret.)
                                            Discovery Master

27

28   Bryant v. Mattel, Inc.,
     CV-04-09049 SGL (RNBx)

     EXHIBIT _____ 6 _____

     PAGE _____ 105 _____

                                                                                              2

1  Hon. Edward A. Infante (Ret.)
   JAMS
2  Two Embarcadero Center
   Suite 1500
3  San Francisco, California 94111
   Telephone:     (415) 774-2611
4  Facsimile:     (415) 982-5287

5

6

7

8               UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                  EASTERN DIVISION

11

12 | CARTER BRYANT, an individual, | CASE NO. CV 04-09049 SGL (RNBx)
   |                              | JAMS Reference No. 1100049530
13 |          Plaintiff,          |
14 |                              | Consolidated with
   |        v.                    | Case No. CV 04-09059
15 |                              | Case No. CV 05-2727
   | MATTEL, INC., a Delaware corporation, |
16 |                              | **ORDER GRANTING IN PART AND**
   |          Defendant.          | **DENYING IN PART MGA'S MOTION**
17 |                              | **TO COMPEL MATTEL TO PRODUCE**
   |                              | **WITNESSES PURSUANT TO NOTICE**
18 |                              | **OF DEPOSITION UNDER RULE**
   |                              | **30(b)(6); DENYING REQUEST FOR**
19 |                              | **SANCTIONS**
20
21 | CONSOLIDATED WITH
   | MATTEL, INC. v. BRYANT and
22 | MGA ENTERTAINMENT, INC. v. MATTEL,
   | INC.
23

24

25                    I. INTRODUCTION

26      On December 21, 2007, MGA Entertainment, Inc. ("MGA") submitted a Motion to

27 Compel Mattel to Produce Witnesses Pursuant to Notice of Deposition Under Rule 30(b)(6), or,

28

                              EXHIBIT ____6____

                              PAGE ____106____

1  in the Alternative, for Leave to Serve Such Notice." Mattel submitted an opposition on January

2  11, 2008, and MGA submitted a reply on January 17, 2008. The motion was heard on April 11,

3  2008.

### II. BACKGROUND

5  MGA originally sought an order (1) compelling Mattel to designate and produce witnesses

6  to testify on topic nos. 8-9, 11-24, 26-32, 39, 42, 47, 48, 58, 60, 65, 69-85 of its Rule 30(b)(6)

7  notice, or in the alternative granting leave to serve notice on Mattel of the above-listed topics,

8  and (2) awarding sanctions. After meeting and conferring further, the parties were able to narrow

9  the scope of the Motion. See Joint Report to Discovery Master Regarding Pending Discovery

10  Motions dated March 28, 2008. Specifically, MGA withdraws its motion as to topic nos. 21-23,

11  60, 65, and 71-85, without prejudice to MGA's right to seek testimony on these topics in Phase 2.

12  The parties also represent that topic nos. 8-9, 12-17, 19-20, 24, 27-32, 48[1], 58 and 69 remain at

13  issue as drafted, and that topic nos. 18, 26, 39, 42, 47 and 70 remain at issue but have been

14  narrowed.

15  MGA contends that it is entitled to notice a 30(b)(6) deposition to develop its claims and

16  defenses, and that it has not previously served a single 30(b)(6) notice on Mattel. MGA also

17  contends that contrary to Mattel's assertion, the 30(b)(6) notice Carter Bryant served on Mattel in

18  2004 should not be attributed to MGA because the two are different parties and represented by

19  different counsel. Furthermore, MGA contends that Carter Bryant's 30(b)(6) notice was crafted to

20  develop Carter Bryant's own claims and defenses, not MGA's claims and defenses. MGA also

21  contends that the topics at issue do not materially overlap with those served by Carter Bryant.

22  Furthermore, MGA contends that even if Carter Bryant's 30(b)(6) notice is attributed to MGA,

23  MGA should be permitted to take a 30(b)(6) deposition of Mattel because of the three years of

24

25  [1] In the Joint Report, the parties list no. 48 both among the topics that MGA has withdrawn and the topics
that remain at issue. Topic no. 11 is not included on either list. Because both topics are listed in MGA's motion and

26  the Joint Report does not clearly specify that these topics have been withdrawn, the court assumes that the topics
remain at issue.

27  (continued...)

28  Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT _____ 6

PAGE _____ 107

2

1   intervening litigation and the parties' amendments to the pleadings since Carter Bryant served

2   Mattel with his 30(b)(6) notice.

3        Mattel contends that MGA took most or all of the 30(b)(6) depositions noticed by Carter

4   Bryant and that MGA is not permitted to take Mattel's deposition for a second time absent a

5   showing of good cause.  By Mattel's calculations, Carter Bryant and MGA deposed Mattel's

6   designees for 18 days, of which MGA took 13.5 days and Carter Bryant took only 4.5 days.

7   Mattel contends that MGA has failed to establish the requisite good cause for another 30(b)(6)

8   deposition, and further that MGA's deposition topics are objectionable for several reasons.

9   Among other things, Mattel contends that MGA's deposition topics are duplicative and

10  cumulative of the topics for which Mattel has already provided 30(b)(6) testimony, overbroad,

11  unduly burdensome, not reasonably particularized, vague and ambiguous, seek information that is

12  not available to Mattel, and seek information that is more appropriately obtained through

13  contention interrogatories.  Lastly, Mattel contends that there are no changed circumstances to

14  warrant MGA's requested relief.

15                               III. DISCUSSION

16        Rule 26 of the Federal Rules of Civil Procedure provides that parties may obtain discovery

17  regarding any matter, not privileged, that is relevant to any party's claim or defense.  Fed.R.Civ.P.

18  26(b)(1).  Further, "[a]ll discovery is subject to the limitations imposed by Rule 26(b)(2)(C)."

19  Fed.R.Civ.P. 26(b)(1).  Pursuant to Rule 26(b)(2)(C), Fed.R.Civ.P., the court must limit the

20  frequency or extent of use of discovery otherwise allowed by the Federal Rules of Civil Procedure

21  or by local rule if the court determines that: "(i) the discovery sought is unreasonably cumulative

22  or duplicative, or can be obtained from some other source that is more convenient, less

23  burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to

24  obtain the information by discovery in the action; or (iii) the burden or expense of the proposed

25  discovery outweighs its likely benefit, considering the needs of the case, the amount in

26  _____

27        (...continued)

28  Bryant v. Mattel, Inc.,
    CV-04-09049 SGL (RNBx)

EXHIBIT _____ *6*

PAGE _____ *108*

3

1    controversy, the parties' resources, the importance of the issues at stake in the action, and the

2    importance of the discovery in resolving the issues." Fed.R.Civ.P. 26(b)(2)(C).

3          Applying the standards set forth above, and good cause appearing[2], MGA's motion is

4    granted as to topic nos. 8-9, 11-17, 18 (as narrowed during the meet and confer), 19-20, 24, 26 (as

5    narrowed during the meet and confer), 28-30, 32, 39 (as narrowed during the meet and confer),

6    48, 58, 69 and 70 (as narrowed during the meet and confer). These topics are relevant to the

7    claims and defenses in the case. Although some of the topics overlap with topics in Carter

8    Bryant's 30(b)(6) notice, the overlap is not so substantial as to render the topics duplicative or

9    cumulative of Carter Bryant's 30(b)(6) topics.

10         Nor are these topics unduly burdensome in the context of this litigation. Notably, Mattel

11   has served six separate 30(b)(6) notices on MGA (and its affiliates) that include 291 separate

12   topics. In light of the enormous breadth and burden of the deposition testimony Mattel has sought

13   from MGA, Mattel's objection based upon burden is unpersuasive. Mattel's remaining objections

14   are equally without merit.

15         MGA's motion is denied as to topic nos. 27, 31, 42 and 47. Although these topics are

16   relevant to the claims and defenses, the burden and expense of requiring Mattel to produce a

17   witness to testify on these topics outweigh its likely benefit, taking into consideration all of the

18   factors set forth in Rule 26(b)(2)(C), Fed.R.Civ.P.

19   //

20   //

21   //

22   _____

     [2] The parties dispute whether Rule 30(a)(2)(B), Fed.R.Civ.P., applies to depositions taken pursuant Rule
23   30(b)(6), Fed.R.Civ.P. This issue was raised and addressed in the context of Mattel's earlier filed motion to compel
     MGA to produce 30(b)(6) designees. See Order Granting in Part and Denying in Part Mattel's Motion to Compel
24   MGA to Produce Witnesses Pursuant to Third Notice of Deposition Under Rule 30(b)(6) and for Sanctions, dated
     August 6, 2007. As before, it is unnecessary to resolve this conflict in the law because the debate is purely academic
25   and inconsequential. As MGA requested, MGA's motion is treated herein as a motion for leave to serve an additional
     30(b)(6) notice with additional topics. In evaluating the appropriateness of the topics, it is MGA's burden to
26   demonstrate that there is good cause for such discovery (see e.g. Boston Scientific Corp. v. Cordis Corp., 2004 WL
     1945643 (N.D.Cal. 2004)), applying the principles stated in Rule 26(b)(2), Fed.R.Civ.P.
27                                                                           (continued...)

28   Bryant v. Mattel, Inc.,
     CV-04-09049 SGL (RNBx)                                                                    4

                                        EXHIBIT _____6_____

                                        PAGE _____109_____

IV. CONCLUSION

For the reasons set forth above, MGA's motion is granted as to all of the topics at issue except 27, 42, 47 and 31. Mattel shall produce corporate designees for deposition consistent with this order no later than May 5, 2008. MGA's request for sanctions is denied.

Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery Master, Mattel shall file this Order with the Clerk of Court forthwith.

Dated: April _11_, 2008

HON. EDWARD A. INFANTE (Ret.)
Discovery Master

(...continued)

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT _____6_____

PAGE _____110_____

5

CONFORMED COPY
LODGED                    FILED

2007 MAY 16   PM 1:59    2007 MAY 16   PM 2:00

CLERK U.S. DISTRICT COURT    CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.      CENTRAL DIST. OF CALIF.
RIVERSIDE                    RIVERSIDE
BY                           BY

1   Hon. Edward A. Infante (Ret.)
    JAMS
2   Two Embarcadero Center
    Suite 1500
3   San Francisco, California 94111
    Telephone:    (415) 774-2611
4   Facsimile:    (415) 982-5287

5

6

7                    UNITED STATES DISTRICT COURT

8                  CENTRAL DISTRICT OF CALIFORNIA

9                         EASTERN DIVISION

10

11  CARTER BRYANT, an individual,          CASE NO. C 04-09049 SGL (RNBx)
                                           JAMS Reference No. 1100049530
12          Plaintiff,

13      v.                                 Consolidated with
                                           Case No. CV 04-09059
14  MATTEL, INC., a Delaware corporation,  Case No. CV 05-2727

15          Defendant.                     **ORDER GRANTING MATTEL'S**
                                           **MOTION TO COMPEL PRODUCTION**
16                                         **OF DOCUMENTS AND**
                                           **INTERROGATORY RESPONSES BY**
17  CONSOLIDATED WITH                      **MGA**
    MATTEL, INC. v. BRYANT and
18  MGA ENTERTAINMENT, INC. v. MATTEL,
    INC.
19

20                          I.  INTRODUCTION

21       On February 2, 2007, Mattel, Inc. ("Mattel") submitted its Motion To Compel Production

22  of Documents and Interrogatory Answers by MGA Entertainment, Inc. ("MGA"). On February

23  20, 2007, MGA submitted its opposition brief, and on February 26, 2007, Mattel submitted a

24  reply brief. The matter was heard on March 5, 2007. Thereafter the motion was taken under

25  submission pending the parties' submission of a proposed protective order, which was received

26

27

28  Bryant v. Mattel, Inc.,
    CV-04-09049 SGL (RNBx)

EXHIBIT ___7___
PAGE ___111___

1  on April 23, 2007. Having considered the motion papers and comments of counsel at the hearing,

2  Mattel's motion to compel is granted.

3  ## II.  BACKGROUND

4      A.  Requests for Documents

5        In June of 2004, two months after Mattel filed suit against Bryant, and before MGA

6  became a party to the action, Mattel served MGA with an eight-page subpoena for twenty-one

7  categories of documents, to be produced in ten days.  MGA filed a motion to quash, which the

8  court granted because of the short amount of time provided for compliance with the subpoena.

9  The parties met and conferred in July of 2004, and reached an agreement to limit the scope of

10  some of Mattel's requests.  In particular, the parties agreed to limit production to the "first

11  generation" Bratz dolls.  On August 12, 2004, MGA produced documents.

12        In 2005, the parties stipulated to supplementing their document productions on May 16,

13  2005.  Mattel agreed to continue limiting its discovery requests to "first generation" Bratz dolls.

14        In September of 2006, MGA made a supplemental production of documents.  On February

15  5, 2007, MGA produced about 2,300 pages of documents to replace earlier produced documents

16  with legibility problems.  On February 20, 2007, MGA produced an additional 224 pages of

17  documents to replace earlier produced documents with legibility problems.

18        Mattel now moves to compel MGA to produce documents responsive to its requests.  As a

19  preliminary matter, Mattel contends that MGA's production is deficient because it contains

20  redactions and cut-off text.  Further, Mattel contends that MGA's production is incomplete with

21  respect to essentially five categories of documents.  First, Mattel contends that MGA is

22  withholding documents relating to the origins of Bratz and Bryant's work for MGA.  Mattel

23  believes that MGA's production is incomplete based upon its review of documents that have been

24  produced by third party Steven Linker.  According to Mattel, Linker's documents from October

25  of 2000 show that Bratz was much farther along before Bryant left Mattel than MGA or Bryant

26  previously represented.  Mattel also contends that MGA's responses to the document requests

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

2

EXHIBIT _____ 7

PAGE _____ 112

1    contain inappropriate limitations, such as MGA's statement that it will produce "relevant and

2    responsive non-objectionable documents" or only that it will produce documents "sufficient" to

3    show when certain dates relating to Bratz occurred.  Mattel contends that these "carve outs

4    purport to allow MGA to cherry-pick what it will and will not produce to Mattel."  Mattel's

5    Separate Statement at 17:11-13.  Mattel also contends that the carve-outs fail to provide notice of

6    what is or is not being withheld.  Mattel also contends that MGA's objections based upon its

7    confidentiality concerns or the privacy rights of third parties are unwarranted in light of the

8    protective order in place.  In addition, Mattel contends that MGA's objection to producing

9    documents relating to activities or conduct in foreign countries is wholly improper because those

10   documents may contain information relevant to Mattel's claims.

11        Second, Mattel seeks documents relating to the origins of Bratz, regardless of whether

12   such documents relate to the "first generation" Bratz dolls.  Mattel argues that whether the work

13   ultimately resulted in Bratz dolls that were released at a particular time does not matter for

14   discovery purposes.  Mattel contends that the works created by Bryant during his Mattel

15   employment are highly relevant because Mattel owns them, regardless of whether they resulted in

16   a Bratz doll released at a particular time.[1]

17        Mattel next contends that MGA is improperly withholding documents about designs

18   Bryant created on Bratz dolls that were released after June 2001, even though such designs may

19   be derivative of work he did when employed by Mattel.  Mattel contends that it is entitled to

20   explore whether such works and the profits from Bratz dolls other than the "first generation"

21   Bratz dolls were derived from works owned by Mattel both for purposes of establishing liability

22   and damages.  Furthermore, Mattel asserts that the "first generation" limitation on discovery is

23   improper in light of Bryant's continuing duty not to use Mattel's confidential and proprietary

24   information as well as MGA's unfair competition claims.

25   _____

26      [1]  Mattel also reiterates many of the arguments it made previously in connection with its earlier filed motion to compel Bryant to produce documents.

27

28   Bryant v. Mattel, Inc.,
    CV-04-09049 SGL (RNBx)

3

EXHIBIT _____ 7 _____

PAGE _____ 113 _____

1    Mattel also asserts that MGA is improperly withholding documents relating to products,
2    services and matters other than those relating to "dolls." According to Mattel, it has evidence that
3    Bryant conceived of marketing and advertising ideas for the Bratz line while he was employed by
4    Mattel. Mattel contends that any such ideas or contributions may belong to it pursuant to the
5    Inventions Agreement.
6    Third, Mattel seeks documents relating to all of MGA's payments to Bryant, and not just
7    payments for the "first generation" Bratz dolls. Mattel asserts that such information is relevant
8    because (1) Mattel seeks all benefits Bryant received as a result of violating his duties to Mattel;
9    (2) under the Copyright Act, Mattel is entitled to all profits from infringement as well as actual
10   damages; and (3) payments may show when and what trade secret information Bryant and other
11   defendants allegedly misappropriated from Mattel.
12   Fourth, Mattel seeks documents relating to MGA's agreements with Bryant. Mattel
13   contends that all agreements between Bryant and MGA are relevant, not just the original
14   September 18, 2000 agreement. In particular, Mattel contends that it is entitled to discover all
15   documents relating to MGA and Bryant's alleged joint defense agreement because such
16   information would be relevant to demonstrate bias and lack of credibility.
17   Fifth, Mattel seeks production of all declarations, affidavits and other sworn written
18   statements from other cases that refer or relate to Bratz or Angel. Mattel contends that such
19   information may reveal relevant information about the date of creation of Bryant's Bratz
20   drawings.
21   In response, MGA denies withholding responsive documents and asserts that it has
22   produced volumes of documents responsive to Mattel's requests. In particular, MGA represents
23   that it has produced all responsive and relevant documents that it was able to locate in response to
24   request nos. 6, 7, 9, 26, 27, 32, 33, 34, 35, 36, 55, 69, and 70. Further, MGA asserts that even
25   before the motion was filed, it had agreed to address the vast majority of the issues raised in this
26   motion. In particular, MGA represents that it is diligently working to produce documents related
27
28

EXHIBIT ___ 7

PAGE ___ 114

1    to Bratz other than "first generation" Bratz in response to request nos. 1, 2, 8, 10, 11, 43, 45, 46,

2    49, 50, 51, 53, 57, 59, 61, 63, 64, 66, 96, 97, 98, 99 and 100.  MGA represents that it informed

3    Mattel that it would produce documents pertaining to subsequent generations of Bratz dolls that

4    have been released on the market. In addition, MGA represents that it has agreed to produce

5    documents relevant to Bratz or Prayer Angels that it received from Union Bank.  More

6    specifically, MGA represents that it agreed to review and produce documents provided to it by

7    Union Bank for the years 1999 – 2001 concerning payments that it could identify as being for

8    Bratz or Prayer Angels.  MGA also represents that it has agreed to produce royalty statements.

9    Therefore, MGA views the motion as unnecessary.

10          MGA next contends that Mattel's motion should be denied for the following additional

11   reasons.  First, MGA contends that Mattel is not entitled to MGA's product design documents for

12   unreleased products.  MGA asserts that its product design documents for its unreleased toy

13   concepts are among its most highly valuable trade secrets.  Furthermore, MGA contends that

14   designs and drawings for products currently under development, over six years after Bryant first

15   created his original Bratz drawings, have no relevance to any of Mattel's claims.  In the event that

16   documents relating to unreleased products are ordered produced, MGA requests a protective order

17   under Rule 26(c), Fed.R.Civ.P., that limits the dissemination of its documents more drastically

18   than the current protective order provides.  In the alternative, MGA requests that any order

19   compelling production of documents relating to unreleased products should essentially be stayed

20   until after MGA's products are publicly released.

21          Second, MGA contends that Mattel is not entitled to information concerning Bryant's

22   attorneys' fees because the information is privileged.  Furthermore, MGA contends that the

23   information is not relevant to demonstrate bias because "there is no dispute that Bryant's interests

24

25

26

27

28
     Bryant v. Mattel, Inc.,
     CV-04-09049 SGL (RNBx)

                                                                            5

EXHIBIT _____ 7

PAGE _____ 15

1  in this case are aligned with those of MGA, and that Bryant is 'biased' in that sense." MGA's

2  Opposition at 24:9-12.[2]

3      Third, MGA asserts that Mattel is not entitled to review all non-public witness statements

4  and litigation documents concerning Bratz for a variety of reasons, including because Mattel has

5  refused to produce similar types of documents. More significantly, MGA contends that Mattel's

6  requests for non-public witness statements are "a blatant attempt to avoid the discovery

7  limitations imposed by both the Federal Rules of Civil Procedure and those additional limitations

8  imposed by this Court." MGA's Opposition at 25:6-7. MGA explains its position as follows.

9  MGA is involved in litigation against a number of counterfeiters and infringers in Asia. In 2003,

10 Mattel allegedly began feeding documents concerning "Toon Teens" to those defendants in an

11 attempt to prove that Bryant created Bratz while working at Mattel, even though Mattel

12 abandoned its claims based upon "Toon Teens" in this court. Thereafter, those defendants took

13 the position that MGA did not own, and therefore could not enforce, the rights to Bratz. MGA

14 was thus forced to litigate the issue of ownership. MGA contends that "[i]n effect, by prompting

15 foreign counterfeiters to espouse a theory that Mattel now admits has no merit, Mattel has created

16 a situation in which MGA has been forced to give testimony and provide evidence related to

17 issues in this case that Mattel now seeks to obtain wholesale." MGA's Opposition at 25:5-24.

18      Fourth, MGA contends that Mattel is not entitled to documents concerning a family

19 dispute between MGA's chief executive officer and his brother because such documents are in no

20 way relevant to this lawsuit. MGA explains that the brothers were involved in an arbitration

21 proceeding relating to MGA's CEO's purchase of his brother's interest in MGA. Moreover,

22 MGA contends that the brothers were bound by a protective order prohibiting the use of any

23 documents or testimony for any purpose other than the arbitration.

24

25  _____

26      [2]  Nevertheless, MGA represents that it has produced the only non-privileged document responsive to the
   request.

27

28  Bryant v. Mattel, Inc.,                                                          6
   CV-04-09049 SGL (RNBx)

EXHIBIT _____ 7 _____

PAGE _____ 116 _____

1     Fifth, MGA contends that Mattel is not entitled to its chief executive officer's personnel

2 files because they contain confidential information and are not relevant to the lawsuit. Sixth,

3 MGA contends that Mattel is not entitled to obtain documents from MGA that belong to, and are

4 in the possession, custody and control of, its indirect foreign subsidiary, MGA HK Ltd. Lastly,

5 MGA objects to producing documents relating to any testing performed to determine the date that

6 Bratz documents were created. MGA contends that such discovery is premature and should not

7 proceed until experts are designated.

8     B. <u>Interrogatories</u>

9     On April 28, 2005, Mattel served its Second Set of Interrogatories. On May 20, 2005,

10 however, the district court stayed the action. On May 17, 2006, the district court lifted the stay.

11 On May 30, 2006, MGA responded to the interrogatories.

12     Mattel contends that MGA's responses to the interrogatories were untimely. Further,

13 Mattel contends that the interrogatory responses to numbers five through eleven are deficient

14 because they lack substantive information and consist almost entirely of objections. MGA

15 responds that the motion is moot because it is prepared to provide supplemental responses to its

16 interrogatories. MGA does not otherwise assert any additional grounds for opposing Mattel's

17 motion to compel responses to interrogatories.

18 III. DISCUSSION

19     A. <u>Rule 26 of the Federal Rules of Civil Procedure</u>

20     Rule 26 of the Federal Rules of Civil Procedure provides that "[p]arties may obtain

21 discovery regarding any matter, not privileged, that is relevant to the claim or defense of any

22 party." Fed.R.Civ.P. 26(b)(1). "Relevant information need not be admissible at trial if the

23 discovery appears reasonably calculated to lead to the discovery of admissible evidence." <u>Id.</u>

24 Discovery shall, however, be limited by the court if it determines that: "(i) the discovery sought is

25 unreasonably cumulative or duplicative, or is obtainable from some other source that is more

26 convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample

27

28 Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

7

EXHIBIT _____ 7

PAGE _____ 1/7

1    opportunity by discovery in the action to obtain the information sought; or (iii) the burden or

2    expense of the proposed discovery outweighs its likely benefit, taking into account the needs of

3    the case, the amount in controversy, the parties' resources, the importance of the issues at stake in

4    the litigation, and the importance of the proposed discovery in resolving the issues." Fed.R.Civ.P.

5    26(b)(2).

6          B.   Document Requests

7                1.   Requests re Origins of Bratz and Bryant's Work for MGA (Nos. 6, 26, 27, 32, 33,

8                     34, 35, 51, 53, 55, 64, 69, 96, 97, 98, 99, 100

9          The requests above seek discoverable information regarding the origins of Bratz and

10   Bryant's work for MGA.  MGA represents that it has produced all responsive documents in

11   response to request nos. 6, 26, 27, 32, 33, 34, 35, 55,and  69 (MGA's Opposition at 13:4-5), and is

12   "diligently working to produce documents in response to" request nos. 51, 53, 64, 96, 97, 98, 99,

13   and 100, including documents related to Bratz other than "first generation" (MGA's Opposition at

14   14:1-4 and note 39).  MGA does, however, object to producing design documents for unreleased

15   products and documents from MGA Hong Kong.

16         As a threshold matter, MGA's responses are inadequate to the extent MGA has restricted

17   its production to "relevant and responsive non-objectionable documents" or documents

18   "sufficient" to show when events relating to Bratz occurred.  These restrictions suggest that MGA

19   might be excluding documents that are responsive to the request based upon its unilateral

20   determination of what is "relevant" or "sufficient."  Mattel shall provide the responses to

21   document requests ordered herein without these restrictions.

22                     Design Documents for Unreleased Products

23         MGA's design documents for unreleased products are relevant to Mattel's claims and

24   defenses and must be produced.  See Order Modifying Protective Order.  On April 23, 2007, the

25   parties submitted a stipulation to modify the existing protective order to limit the disclosure of

26   design documents for unreleased products that constitute trade secret information.  See Stipulation

27

28

EXHIBIT _____ 7

PAGE _____ 118

1   to Modify Protective Order; And Proposed Order Thereon ("stipulation"). The parties' stipulation

2   has been approved and entered as an order of the court. MGA is ordered to produce design

3   documents for unreleased products that are responsive to Mattel's document requests in

4   accordance with the terms of the stipulation and order.

Documents from MGA Hong Kong

6       Documents relating to activities or conduct in foreign countries are relevant and

7   discoverable because Mattel has evidence indicating that MGA Hong Kong was involved with

8   Bratz. Nevertheless, MGA objects to producing documents from Hong Kong unless Mattel

9   provides reciprocal discovery from its subsidiaries.

10       Whether MGA is entitled to discovery from Mattel's subsidiaries has not been briefed in

11   the context of this motion, and therefore is not addressed herein. MGA is ordered to produce

12   documents from MGA Hong Kong.

13       Mattel's motion is granted with respect to request nos. 6, 26, 27, 32, 33, 34, 35, 51, 53, 55,

14   64, 69, 96, 97, 98, 99, 100.

15       2. <u>Additional Requests re Origins of Bratz (Nos. 7, 8, 9, 10, 11, 12, 13, 36, 46, 57, 59,</u>

16       <u>61, 63, 66, 67, 70, 88, 90, 91</u>

17       Mattel contends that MGA is improperly limiting its document production to the "first

18   generation" Bratz dolls. MGA represents, however, that it has agreed to produce subsequent

19   generations of Bratz products (MGA's Opposition at 9:20-25, 13:6-14:1), except design

20   documents for yet unreleased products.

21       As stated previously, design documents for yet unreleased products are relevant and

22   discoverable. <u>See</u> Order Modifying Protective Order. Accordingly, MGA is ordered to produce

23   all non-privileged documents that are responsive to request nos. 7, 8, 9, 10, 11, 12, 13, 36, 46, 57,

24   59, 61, 63, 66, 67, 70, 88, 90, and 91.

25       //

26       //

27

28

EXHIBIT   7

PAGE   119

3. <u>MGA's Payments to Bryant (Nos.43, 45)</u>

MGA represents that it has already agreed to produce documents related to Bratz, without limiting its production to "first generation" Bratz. MGA's motion at 13:7-14:3. Nevertheless, Mattel is entitled to an order compelling production of such documents by a date certain. Mattel's motion is granted with respect to request nos. 43 and 45.

4. <u>MGA's Agreements with Bryant (Nos. 1, 2, 49, 50)</u>

MGA represents that it has already agreed to produce non-privileged documents responsive to request nos. 1, 2, 49, and 50, even though it believes that such documents are not relevant (MGA's motion at 13:7-14:3). These requests seek documents relating to fee or indemnity agreements between MGA and Bryant .

Fee or indemnity agreements are relevant to demonstrate bias and lack of credibility. Accordingly, Mattel's motion is granted with respect to request nos. 1, 2, 49, and 50. Any responsive documents withheld on the basis of a privilege must be properly identified in a privilege log.

5. <u>Declarations, Affidavits & Other Sworn Written Statements (Nos. 37, 38, 39, 40, 41,</u>

In request nos. 37, 38, 390, 40, and 41, Mattel seeks production of declarations, affidavits, and other sworn written statements from cases that refer or relate to Bratz or Angel. Mattel anticipates that these documents could provide evidence relating to the conception date for Bratz.

Request nos. 37, 38, 39, 40, and 41 seek relevant information regarding the conception date for Bratz. MGA admits in its opposition brief that this issue was litigated in its suits against alleged counterfeiters and infringers.[3] The issue also appears to have been raised in the arbitration proceedings between MGA's chief executive officer, Isaac Larian, and his brother Farhad Larian. In those proceedings, Farhad Larian alleged that Isaac Larian concealed from him

---

[3] Although MGA questions the propriety of Mattel providing assistance to the alleged counterfeiters and infringers in raising ownership of Bratz as a defense against MGA's claims, MGA has not cited to any legal authority that prohibits Mattel's conduct.

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

10

EXHIBIT _____ 7

PAGE _____ 120

1  that MGA was developing Bratz by early 2000.  Nevertheless, MGA objects to producing

2  documents from the Larians' arbitration on the grounds that the arbitration was governed by a

3  protective order that prohibits the use of any documents or testimony for any purpose other than

4  the arbitration.  MGA, however, has not provided any evidence of the protective order.

5  Accordingly, Mattel's motion to compel is granted as to request nos. 37, 38, 39, 40 and 41.[4]

6         6. Documents Regarding Date-Testing (Request No. 92)

7      Mattel's request no. 92 seeks documents that refer or relate to "any testing of or sampling

8  from any documents that refer or relate to Bratz or Bryant, including without limitation any such

9  testing or sampling in connection with ink, paper or chemical analysis to date any such documents

10  and including without limitation all results and reports relating thereto."  MGA contends that the

11  request is premature, and should proceed in the course of expert discovery.

12      The request calls for relevant discovery and there is no basis for delaying production of

13  responsive documents, other than expert reports.  The timing of expert reports is governed by

14  Rule 26(a)(2)(C), Fed.R.Civ.P.  Accordingly, Mattel's motion is granted as to request no. 92.

15      C. Interrogatories

16      Mattel contends that MGA's responses to interrogatories were untimely, and therefore

17  MGA has waived its objections to the interrogatories.  Pursuant to Rule 33(b)(3), Fed.R.Civ.P.,

18  responses to interrogatories are due thirty days after service.  In this case, Mattel served its

19  interrogatories on April 28, 2005, and responses were initially due May 31, 2005.  The district

20  court, however, issued a stay on May 20, 2005, twenty-two days after the interrogatories were

21  served.  The district court lifted the stay on May 17, 2006.

---

[4]  In its discussion of the arbitration proceedings, MGA raises an objection to producing Isaac Larian's
personnel file based upon privacy grounds.  The personnel file may have documents relevant to Bratz, and therefore
should be produced.  The protective order is sufficient to alleviate Mr. Isaac Larian's privacy concerns.

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

11

EXHIBIT _____ 7

PAGE _____ 121

1    Neither party has cited to any caselaw governing the calculation of the 30-day period

2  when there is an intervening stay in discovery.  In the absence of any caselaw, MGA's responses

3  will be treated as timely in order to preserve any valid objections MGA may have asserted.

4    Interrogatory No. 5 seeks the identity of each and every person who was involved in the

5  conception, origin, creation, design, development, sculpting, engineering, reduction to practice,

6  tooling or painting of, or who otherwise produced or contributed to any embodiment of Bratz

7  before December 31, 2001, including a description of each person's role and the start and end

8  dates of each person's involvement.  In response, MGA asserted numerous objections, but did

9  provide the names of five individuals.

10    The interrogatory clearly seeks information relevant to the claims at issue.  MGA's

11  objections are without merit.  The interrogatory is not vague, ambiguous, compound or overbroad.

12  Nor has MGA carried its burden of establishing that the interrogatory is unduly burdensome, calls

13  for confidential, proprietary or commercially sensitive information, or seeks information

14  protected by the attorney-client privilege.  Furthermore, MGA's response is incomplete insofar as

15  it fails to provide the description of each person's role and the start and end dates of each person's

16  involvement.  Accordingly, MGA is ordered to provide a complete response to Interrogatory No.

17  5 and identify documents in compliance with Rule 33(d), Fed.R.Civ.P.

18    Interrogatory No. 6 seeks the same information as Interrogatory No. 5 with respect to any

19  embodiment of Angel.  MGA is ordered to provide a complete response to Interrogatory No. 6 for

20  the reasons previously discussed in connection with Interrogatory No. 5.

21    Interrogatory No. 7 asks MGA to identify each and every embodiment of Bratz prior to

22  December 31, 2001.  In response, MGA asserted numerous objections and did not provide any

23  substantive information.

24    MGA's objections are without merit.  The interrogatory clearly seeks information relevant

25  to establishing when Bryant first conceived Bratz.  The interrogatory is not vague, ambiguous,

26  compound or overbroad.  Nor has MGA carried its burden of establishing that the interrogatory is

27

28    Bryant v. Mattel, Inc.,
      CV-04-09049 SGL (RNBx)                                      12

EXHIBIT ___7___

PAGE ___122___

1   unduly burdensome, calls for confidential, proprietary or commercially sensitive information, or

2   seeks information protected by the attorney-client privilege.  Accordingly, MG is ordered to

3   provide a complete response to Interrogatory No. 7.

4          Interrogatory No.8 asks MGA to identify each and every embodiment of Angel.  MGA is

5   ordered to provide a complete response to Interrogatory No. 8 for the reasons previously

6   discussed in connection with Interrogatory No. 7.

7          Interrogatory No. 9 requires MGA to identify each and every sworn statement that refers

8   or relates to the conception, origin, creation, design, development, sculpting, engineering, tooling

9   or painting of Bratz.  In response, MGA asserted numerous objections and did not provide any

10  substantive information.

11         The interrogatory seeks information relevant to establishing when Bryant first conceived

12  Bratz.  Furthermore, MGA's boiler-plate objections are unsubstantiated.  Accordingly, MGA is

13  ordered to provide a complete response to Interrogatory No. 9.

14         Interrogatory No. 10 requires MGA to identify each and every instance in which Bratz

15  was shown, displayed, or exhibited prior to June 1, 2001, including by stating the date(s) on

16  which each such instance occurred, the location of each show or exhibit, and the identity of

17  persons with knowledge of the shows or exhibits.  In response, MGA asserted numerous

18  objections and provided the following information:  Hong Kong Toy Fair in Hong Kong in or

19  about January 2001 and New York Toy Fair, New York, in or about February 2001.

20         Once again, MGA's boiler-plate objections are unsubstantiated.  The information is

21  potentially relevant to establish when Bryant conceived Bratz.  Further, the response is

22  incomplete insofar as it fails to identify any persons with knowledge.  Therefore, MGA is ordered

23  to provide a complete response to Interrogatory No. 10.

24         Interrogatory No. 11 requires MGA to state the "number for each and every telephone,

25  including without limitation each office, home and cell phone number, in the name of, for the

26  benefit of or for the account of Isaac Larian and any other telephone that Isaac Larian used from

27

28
   Bryant v. Mattel, Inc.,
   CV-04-09049 SGL (RNBx)
                                13

EXHIBIT _____ 7

PAGE _____ 123

1  January 1, 1998 through the present, and IDENTIFY each and every carrier (including without

2  limitation any long-distance carrier) for each such number.  In response, MGA asserted numerous

3  boiler-plate objections.

4        Once again, MGA has failed to substantiate any of its objections with supporting

5  declarations or legal authorities.  Accordingly, all objections are overruled and MGA is ordered to

6  provide a full response to Interrogatory No. 11.

7  IV. CONCLUSION

8        For the reasons set forth above, Mattel's motion to compel production of documents is

9  granted.  MGA shall produce all non-privileged documents that are responsive to the requests

10  identified in this Order.  Further, MGA shall produce all documents in un-redacted form, except

11  for redactions that are justified by the attorney-client privilege or work product doctrine.  Mattel's

12  motion to compel interrogatory answers is also granted.  MGA shall produce documents and

13  provide responses to interrogatories consistent with this Order, and produce a privilege log in

14  compliance with Rule 26(b)(5), Fed.R.Civ.P., no later than May 31, 2007.  Mattel's request for

15  sanctions is denied.

16        Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery

17  Master, Mattel shall file this Order with the Clerk of Court forthwith.

18

19

20

21  Dated: May 15, 2007

                                       

22  HON. EDWARD A. INFANTE (Ret.)

                                       Discovery Master

23

24

25

26

27

28

EXHIBIT ___7___

PAGE ___124___

## PROOF OF SERVICE BY E-MAIL

I, Anthony Sales, not a party to the within action, hereby declare that on May 15, 2007, I served the attached ORDER GRANTING MATTEL'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND INTERROGATORY RESPONSES BY MGA in the within action by e-mail addressed as follows:

| | | |
|---|---|---|
| Robert Millman Esq. | Littler Mendelson | rfmillman@littler.com |
| Douglas Wickham Esq. | Littler Mendelson | dwickham@littler.com |
| Keith Jacoby Esq. | Littler Mendelson | kjacoby@littler.com |
| Dominic Messiha Esq | Littler Mendelson | dmessiha@littler.com |
| Diba Rastegar Esq. | Littler Mendelson | drastegar@littler.com |
| Michelle Park Esq. | Littler Mendelson | mpark@littler.com |
| Alaya B. Meyers, Esq. | Littler Mendelson | ameyers@littler.com |
| Brady Mitchell, Esq. | Littler Mendelson | bmitchell@littler.com |
| Carol Miller, Esq. | Littler Mendelson | cmiller@littler.com |
| Ryan P. Eskin, Esq. | Littler Mendelson | reskin@littler.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | jbq@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Morris Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgetmorris@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| Dale Cendali Esq. | O'Melveny & Myers LLP | dcendali@omm.com |
| Diana Torres Esq. | O'Melveny & Myers LLP | dtorres@omm.com |
| James Jenal Esq. | O'Melveny & Myers LLP | jjenal@omm.com |
| Alicia Meyer Esq. | O'Melveny & Myers LLP | ameyer@omm.com |
| Jennifer Glad Esq. | O'Melveny & Myers LLP | jglad@omm.com |
| David Hurwitz, Esq. | O'Melveny & Myers LLP | dhurwitz@omm.com |
| Johanna Schmitt Esq. | O'Melveny & Myers LLP | jschmitt@omm.com |
| Patricia Glaser Esq. | Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP | pglaser@chrisglase.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on May 15, 2007, at San Francisco, California.

Anthony Sales

EXHIBIT _____ 7

PAGE _____ 125