| | |
|---|---|
| **From:** | Diane Hutnyan |
| **Sent:** | Monday, April 21, 2008 4:29 PM |
| **To:** | 'Park, Amy S' |
| **Cc:** | Michael T Zeller; Chris Grohman |
| **Subject:** | Notice of Appeal Re Tangible Items and Motion to Enforce and Compel; and Notice of Ex Parte Application For Expedited Hearing |

Dear Amy,

This email is intended to provide further and more detailed notice of Mattel's intention to move before Judge Larson on an expedited basis to appeal the Discovery Master's April 11, 2008 order denying Mattel's motion to enforce the May 15, 2007 and August 13, 2007 orders and the June 20, 2006 stipulation; and of Mattel's application to enforce those Orders and compel MGA to make available for immediate inspection, imaging and scanning all tangible items responsive to requests compelled in the May 15, 2007 and August 13, 2007 orders, and to request modification of the scheduling order to allow for follow-up depositions and other discovery related to the tangible items that were never produced.

We plan to file the motion later this evening, April 21, 2008. Along with this motion, we are also filing an ex parte application for an expedited hearing. We are requesting April 28, 2008 as the hearing date.

I understand from our telephone conversation about this on April 16, 2008 that MGA opposes Mattel's requested relief. Please let know as soon as possible if you change your position, have any questions, or would like to meet and confer further.

Thanks


Diane Cafferata Hutnyan, Esq.
**quinn emanuel urquhart oliver & hedges llp**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3666
Main Phone: (213) 443-3000
Main Fax: (213) 443-3100
E-mail: dianehutnyan@quinnemanuel.com
Web: www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

EXHIBIT _____ PAGE _____

**From:** Park, Amy S [Amy.Park@skadden.com]
**Sent:** Monday, April 21, 2008 5:10 PM
**To:** Diane Hutnyan
**Cc:** Michael T Zeller; Chris Grohman
**Subject:** RE: Notice of Appeal Re Tangible Items and Motion to Enforce and Compel; and Notice of Ex Parte Application For Expedited Hearing

Diane,

MGA will oppose your appeal.

To be clear, when we spoke last week, you did not tell me that you intended to pursue an expedited appeal or that you intended to file an ex parte application seeking an expedited hearing. MGA will oppose that as well.

Amy

---

**From:** Diane Hutnyan [mailto:dianehutnyan@quinnemanuel.com]
**Sent:** Monday, April 21, 2008 4:29 PM
**To:** Park, Amy S (PAL)
**Cc:** Michael T Zeller; Chris Grohman
**Subject:** Notice of Appeal Re Tangible Items and Motion to Enforce and Compel; and Notice of Ex Parte Application For Expedited Hearing

Dear Amy,

This email is intended to provide further and more detailed notice of Mattel's intention to move before Judge Larson on an expedited basis to appeal the Discovery Master's April 11, 2008 order denying Mattel's motion to enforce the May 15, 2007 and August 13, 2007 orders and the June 20, 2006 stipulation; and of Mattel's application to enforce those Orders and compel MGA to make available for immediate inspection, imaging and scanning all tangible items responsive to requests compelled in the May 15, 2007 and August 13, 2007 orders, and to request modification of the scheduling order to allow for follow-up depositions and other discovery related to the tangible items that were never produced.

We plan to file the motion later this evening, April 21, 2008. Along with this motion, we are also filing an ex parte application for an expedited hearing. We are requesting April 28, 2008 as the hearing date.

I understand from our telephone conversation about this on April 16, 2008 that MGA opposes Mattel's requested relief. Please let know as soon as possible if you change your position, have any questions, or would like to meet and confer further.

Thanks

Diane Cafferata Hutnyan, Esq.
**quinn emanuel urquhart oliver & hedges llp**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3666

EXHIBIT 2   PAGE 2

4/21/2008

```
                                                                    1

 1                    UNITED STATES DISTRICT COURT

 2                   CENTRAL DISTRICT OF CALIFORNIA

 3                          EASTERN DIVISION

 4                              - - -

 5         HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING

 6                              - - -

 7   CARTER BRYANT, ET. AL.,        )
                                    )
 8                   PLAINTIFFS,    )
                                    )
 9            VS.                   )   NO. ED CV 04-09049
                                    )   (LEAD LOW NUMBER)
10   MATTEL, INC., ET. AL.,         )
                                    )
11                   DEFENDANTS.    )   EX-PARTE APPLICATIONS
     _____)   RE:  DISCOVERY
12   AND CONSOLIDATED ACTIONS,      )
                                    )
13   _____)

14

15             REPORTER'S TRANSCRIPT OF PROCEEDINGS

16                    RIVERSIDE, CALIFORNIA

17                  MONDAY, FEBRUARY 4, 2008

18                         10:15 A.M.

19

20

21

22

23              THERESA A. LANZA, RPR, CSR
              FEDERAL OFFICIAL COURT REPORTER
24               3470 12TH STREET, RM. 134
               RIVERSIDE, CALIFORNIA  92501
25                     951-274-0844
               CSR11457@SBCGLOBAL.NET
```

**CERTIFIED COPY**

EXHIBIT 3 PAGE 3

```
 1   COMPENSATION FOR THE BURDEN THAT'S BEING PLACED ON HIM, AND I
 2   THINK HE'S DOING A FABULOUS JOB OF MANAGING THIS.  I WILL CALL
 3   HIM THIS AFTERNOON AND LET HIM KNOW THAT ANY MATTER RELATED TO
 4   PHASE TWO DOES NOT NEED TO BE RESOLVED RIGHT NOW.  TO THE
 5   EXTENT THAT THERE HAVE BEEN CHALLENGES MADE TO PHASE TWO
 6   DEPONENTS, YOU CAN PUT THAT OFF.  THAT'S NOT TO SAY THAT HE'S
 7   NOT GOING TO HAVE TO CROSS THAT BRIDGE AT SOME TIME; HE
 8   CERTAINLY WILL; BUT I THINK THAT WILL FREE UP THE TIME TO
 9   ADDRESS THOSE MATTERS THAT RELATE TO PHASE ONE.
10           AND THEN TO THE EXTENT THAT MATTEL OR MGA OR
11   CARTER BRYANT OR ANYBODY ELSE DISAGREES WITH THE DECISION MADE
12   BY JUDGE INFANTE, THEN THAT CAN BE BROUGHT BEFORE THIS COURT,
13   AND I WOULD CERTAINLY DO ALL THAT I CAN TO HEAR THAT ON AN
14   EXPEDITED BASIS.
15           WHAT I DON'T THINK IS PROPER FOR THIS COURT TO DO IS
16   TO START ISSUING DISCOVERY ORDERS THAT MAY OR MAY NOT CONFLICT
17   WITH EARLIER POSITIONS THAT JUDGE INFANTE HAS TAKEN.  I THINK
18   THAT JUST MAKES A MESS OF THE WHOLE THING.
19           SO THAT'S KIND OF THE TWO-PRONGED APPROACH THAT I
20   THOUGHT WE WOULD TAKE THROUGH THIS TO HOPEFULLY KEEP THIS
21   GOING.
22           AS FAR AS, HOWEVER, THE DEPOSITIONS THAT I'VE GIVEN
23   LEAVE TO TAKE THAT ARE PHASE ONE DEPOSITIONS, I GUESS A THIRD
24   ASPECT OF THE ORDER WOULD BE THAT, YES, PLAINTIFF DOES HAVE
25   LEAVE TO TAKE THOSE, EVEN IF THAT MEANS TAKING THEM IN
```

EXHIBIT 3  PAGE 4

FEBRUARY 4, 2008                                ED CV 04-9059-SGL