QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>              Plaintiff,<br><br>       vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>              Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case No. CV 04-09059, Case No. CV 05-02727<br><br>Hon. Stephen G. Larson<br><br>MATTEL, INC.'S OPPOSITION TO CARTER BRYANT'S *EX PARTE* APPLICATION TO STRIKE MATTEL, INC.'S (1) NOTICE OF SUPPLEMENTAL AUTHORITY [DOC. NO. 3196]; (2) RESPONSE TO BRYANT'S NOTICE OF SUPPLEMENTAL AUTHORITY [DOC. NO. 3196]; AND (3) REPLY IN SUPPORT OF MATTEL'S REQUEST FOR RELIEF UNDER RULE 56(F) [DOC. NO. 3197], OR, IN THE ALTERNATIVE, FOR LEAVE TO FILE THE SUBMISSIONS AT ISSUE<br><br>Hearing Date: N/A<br>Time: N/A<br>Place: N/A<br><br>**Phase I**<br>Discovery Cut-off:     January 28, 2008<br>Pre-trial Conference:  May 5, 2008<br>Trial Date:            May 27, 2008 |

07209/2479798.1

MATTEL'S OPPOSITION TO BRYANT'S EX PARTE APPLICATION

# MEMORANDUM OF POINTS AND AUTHORITIES

## Preliminary Statement

Mattel recently filed three supplemental submissions, each of which provides or addresses on-point case law regarding the parties' partial summary judgment motions currently pending before the Court. Bryant attempts to dissuade the Court from considering these submissions. The Court should reject Bryant's efforts.

In ruling on summary judgment, the Court should consider all relevant and applicable authority, whether the authority was cited in the initial motion papers or not. Bryant tellingly does not dispute that each of Mattel's submissions provides relevant authority regarding the parties' summary judgment motions. Therefore, Mattel respectfully requests that the Court deny Bryant's *ex parte* application and consider the three submissions at issue when it rules on the parties' pending motions for partial summary judgment.

Bryant complains that he was deprived of an opportunity to address Mattel's submissions. That Bryant elected to use his time to write a 10-page *ex parte* application instead of responding (if he thought it necessary), does not constitute a prejudice or a basis to grant the application.

In the alternative, Mattel requests that the Court grant Mattel leave to file the three submissions at issue.

## Argument

### I. THE COURT SHOULD CONSIDER MATTEL'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT

Mattel's Notice of Supplemental Authority in Support of Its Motion for Partial Summary Judgment ("Notice") is not an improper surreply. It simply brings to the Court's attention six additional authorities relevant to issues raised in Mattel's

1  motion for partial summary judgment and Defendants' proposed jury instructions.[1]

2  In moving to strike Mattel's Notice, Bryant does not dispute that the authorities

3  Mattel lists in its Notice are relevant and directly applicable to the issues presently

4  before the Court. Instead, Bryant relies on a technicality in an attempt to prevent the

5  Court from considering on-point cases simply because he does not like what the

6  cases say.

7          In ruling on summary judgment, the Court should consider all

8  applicable and relevant law -- regardless of whether the particular law was cited in

9  the parties' initial briefing materials. See E.E.O.C. v. Kovacevich "5" Farms, 2006

10 WL 3060149 at *2 (E.D. Cal. October 27, 2006) ("Because any decision on a

11 motion should comply with the law, appropriate legal authority should not be

12 disregarded merely because it was not cited in an initial brief."). Thus, the Court

13 should not disregard the relevant supplemental authorities listed in Mattel's Notice

14 just because Mattel did not include these authorities in its initial moving papers.

15         Moreover, Local Rule 7-10 does not prevent the Court from

16 considering the authorities listed in Mattel's Notice. See Green v. Baca, 306 F.

17 Supp. 2d 903, 913, n. 40 (C.D. Cal. 2004) ("The court, however, has broad

18 discretion in the application of the local rules."); United States v. Warren, 601 F.2d

19 471, 473-74 (9th Cir. 1979) ("Only in rare cases will we question the exercise of

20 discretion in connection with the application of local rules"). This is particularly

21 true where, as here, Bryant has not demonstrated -- or even asserted -- that he has

---

[1] As Mattel explained in its Notice, Defendants' proposed jury instructions were not exchanged until after briefing on the parties' motions for summary judgment was completed. Defendants' proposed jury instructions revealed their contention that the jury should make the determination as to what is protectable material in Bryant's drawings and the Bratz dolls. This analysis presents an issue of law to be properly decided by the Court and relates directly to Mattel's motion for partial summary judgment, which seeks a finding that the first generation Bratz dolls are substantially similar to Bratz drawings. Accordingly, Mattel submitted a Notice of Supplemental Authority alerting the Court to six additional authorities that
 (footnote continued)

been prejudiced by Mattel's Notice.  See Green, 306 F. Supp. 2d at 913 (considering defendant's untimely declaration because there was no indication that plaintiff was prejudiced by the late filing); Luke v. Abbott, No. SA CV 96-176-GLT[RC], 1996 U.S. Dist. LEXIS 20890 at *7 (C.D. Cal. 1996) (denying a motion to strike based on "the timeliness of the filing" because "the moving party has not shown any prejudice from the late filing"); see also Marshall v. Gates, 44 F.3d 722, 725-26 (9th Cir. 1995) (reversing the district court for failure to consider late-filed affidavits because the sanction of failing to consider them was too prejudicial).  The Court should consider Mattel's Notice.

## II. THE COURT SHOULD CONSIDER MATTEL'S RESPONSE TO CARTER BRYANT'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF DEFENDANTS' MOTIONS FOR PARTIAL SUMMARY JUDGMENT

The Court should also consider Mattel's Response to Carter Bryant's Notice of Supplemental Authority in Support of Defendants' Motions for Partial Summary Judgment ("Response").  Mattel's Response properly addresses the additional case that Bryant submitted after the parties finished briefing their motions for partial summary judgment and nothing more.

Bryant does not dispute that Mattel was entitled to respond to his Notice of Supplemental Authority.  He asserts, however, that Mattel should have filed a motion to strike instead of addressing the merits of the additional case law.  Mattel agrees that if there are additional cases relevant to the parties' motions for summary judgment, they should be brought to the Court's attention.  At the same time, however, Mattel is entitled to address why Bryant's newly-cited case law does not support his position.  Bryant has provided no authority to the contrary.

---

demonstrate that an analysis of what is protectable material is a question of law, not of fact.

## III. THE COURT SHOULD CONSIDER MATTEL'S REPLY IN SUPPORT OF ITS REQUEST FOR RELIEF UNDER RULE 56(F) IN CONNECTION WITH ITS OPPOSITION TO DEFENDANTS' MOTIONS FOR PARTIAL SUMMARY JUDGMENT

Finally, the Court should consider Mattel's Reply in Support of Its Request for Relief Under Rule 56(f) ("Reply"). In connection with its opposition to Defendants' motions for partial summary judgment, Mattel submitted a declaration of B. Dylan Proctor which requested relief under Rule 56(f). Defendants opposed Mattel's request for Rule 56(f) relief because the request was made in a declaration and not in Mattel's opposition brief itself. Mattel's 1-page Reply simply responds to Defendants' assertion that Mattel has not met the requirements of Rule 56(f). Mattel's Reply is clearly relevant to its Rule 56(f) request, and the Court should consider it.

Bryant, however, rehashes Defendants' assertion that Mattel's Rule 56(f) request is deficient because it was raised in a declaration, rather than in a separate motion. As discussed in Mattel's Reply, this assertion is misplaced. To prevail under Rule 56(f), the party opposing a motion for summary judgment must submit a declaration that shows: (1) facts establishing a likelihood that controverting evidence may exist as to a material fact; (2) the specific reasons why such evidence cannot be presented at present time; and (3) the steps or procedures that the opposing party intends to utilize to obtain such evidence. Terrell v. Brewer, 935 F.2d 1015, 1018 (9th Cir. 1991). That is precisely what Mattel did when it showed, by declaration, that it expects to obtain additional facts in discovery further showing the lack of merit of Defendants' motions.

Furthermore, in rehashing this argument, Bryant spends a large portion of his *ex parte* attacking the merits of Mattel's Rule 56(f) request, rather than the propriety of Mattel's Reply in support of that request. If anyone has made an

07209/2479798.1

-4-
MATTEL'S OPPOSITION TO BRYANT'S EX PARTE APPLICATION

attempt to "inject additional arguments after reply briefs have been filed," it is Bryant, not Mattel.

## IV. IN THE ALTERNATIVE, THE COURT SHOULD GRANT MATTEL LEAVE TO FILE THE SUBMISSIONS AT ISSUE

Each of the three submissions at issue contains law that is directly relevant to the parties' motions for partial summary judgment that are currently pending before the Court. Accordingly, if the Court finds that leave of court is required before it will consider these three submissions, then Mattel respectfully requests in the alternative that the Court grant Mattel leave to file each of the three submissions at issue. See C&R Forestry, Inc. v. Consolidated Human Resources, AZ, Inc., 2007 WL 914198 at *3 (D. Idaho March 23, 2007) (granting motion to supplement authority in opposition to motion for summary judgment where additional case was "relevant to the issues of [the] case") (citing S.E.C. v. Seaboard Corp., 677 F.2d 1301, 1314 (9th Cir. 1982)).

### Conclusion

For the foregoing reasons, the Court should deny Bryant's *Ex Parte* Application. In the alternative, the Court should grant Mattel leave to file the three supplemental submissions at issue.

DATED: April 22, 2008         QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/ B. Dylan Proctor
   B. Dylan Proctor
   Attorneys for Mattel, Inc.