# EXHIBIT 19

1  Hon. Edward A. Infante (Ret.)
   JAMS
2  Two Embarcadero Center
   Suite 1500
3  San Francisco, California  94111
   Telephone:    (415) 774-2611
4  Facsimile:    (415) 982-5287

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10                        EASTERN DIVISION

11

12 | CARTER BRYANT, an individual, | CASE NO. CV 04-09049 SGL (RNBx)
   |                              | JAMS Reference No. 1100049530
13 |          Plaintiff,          |
   |                              |
14 |     v.                       | Consolidated with
   |                              | Case No. CV 04-09059
15 | MATTEL, INC., a Delaware corporation, | Case No. CV 05-2727
   |                              |
16 |          Defendant.          | **ORDER GRANTING IN PART**
   |                              | **MATTEL'S MOTION TO COMPEL**
17 |                              | **THE CONTINUED DEPOSITION OF**
   |                              | **ISAAC LARIAN**
18
   CONSOLIDATED WITH
19 MATTEL, INC. v. BRYANT and
   MGA ENTERTAINMENT, INC. v. MATTEL,
20 INC.

21

22                        I. INTRODUCTION

23        On January 22, 2008, Mattel, Inc. ("Mattel") submitted a "Motion to Compel the

24 Continued Deposition of Isaac Larian and to Overrule Instructions Not to Answer." On January

25 31, 2008, Isaac Larian ("Larian"), MGA submitted an opposition.  On February 5, 2008, Mattel

26 submitted a reply.  Thereafter the parties were directed to meet and confer further regarding the

27 motion, which has been completed. The motion was heard on March 10, 2008.

28
   Bryant v. Mattel, Inc.,
   CV-04-09049 SGL (RNBx)

                                    EXHIBIT __19__

                                    PAGE __271__

                        3/10/08

## II. BACKGROUND

Mattel deposed Larian on July 18, 2006 for nearly six hours. Mattel contends that prior to the deposition, the parties agreed that the deposition would proceed on Mattel v. Bryant issues only and that Larian would be made available for another deposition on issues in the MGA v. Mattel suit. Mattel contends that Larian has refused to abide by his agreement, and accordingly seeks an order compelling Larian to appear for another seven hours of deposition. Moreover, Mattel contends that there is good cause to resume his deposition because he is a named party, a key witness and has unique personal knowledge regarding the underlying claims and defenses in the case. Mattel also contends that Larian's "apex" status does not immunize Larian from further questioning. Mattel also seeks an order overruling certain instructions not to answer.

Larian contends that the motion should be denied because (1) he has already been deposed for the time permitted by Rule 30, Fed.R.Civ.P.; (2) Mattel made the tactical decision to depose him at the outset of fact discovery; (3) he is the Chief Executive Officer of MGA and an additional day of deposition would impose a significant burden on him and MGA; (4) Mattel refused to allow MGA to depose Mattel's Chief Executive Officer, Mr. Bob Eckert, for a complete day based on Mr. Eckert's "apex" status; (5) the January 28, 2008 discovery cut-off for Phase 1 discovery has passed; and (6) the Phase 1 trial has not been completed. In the alternative, Larian contends that his continued deposition should be limited in scope to Phase 2 issues; be limited in duration to two-hours; and occur only after the Phase 1 trial.

Further, Larian contends that most, if not all, of the challenged instructions not to answer were proper. Relying on U.S. ex. rel. Bagley v. TRW, Inc., 212 F.R.D. 554, 564 (C.D. Cal. 2003) and other cases, Larian contends that whether his counsel showed him documents in preparation for his deposition, including how many and which documents counsel showed him, are protected by the work product doctrine.

## III. DISCUSSION

"Unless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours." Fed.R.Civ.P. 30(d)(1). Exceptions to the "one-day rule" are permitted only upon a

1  showing of good cause. Fed.R.Civ.P. 30(d)(2) Advisory Committee's Note (2000 Amend.) In

2  assessing whether "good cause" exists, courts are guided by Rule 26(b)(2), Fed.R.Civ.P., which

3  provides that the court shall limit the frequency or extent of use of the discovery methods if the

4  court determines that, among other things, the party seeking discovery has had ample opportunity

5  to obtain the information sought, or if the burden or expense of the proposed discovery outweighs

6  its likely benefit. Fed.R.Civ.P. 26(b)(2).

7       Although Mattel made the tactical decision to depose Larian at the outset of discovery and

8  deposed him for nearly six hours, good cause exists to resume Larian's deposition promptly and

9  without subject matter limitations for a limited duration. Larian's first deposition was limited to

10  Mattel v. Bryant issues and Larian's prior counsel agreed to produce Larian for another deposition

11  on issues in the MGA v. Mattel case. Phase 1 discovery is defined more broadly than the Mattel

12  v. Bryant issues insofar as it includes a number of claims in the MGA v. Mattel case, such as

13  Mattel's claims of copyright infringement, conversion and intentional interference with contract.

14  Larian has not yet been deposed on the claims of copyright infringement, conversion and

15  intentional interference with contract. Thus, Mattel has yet to complete its deposition of Larian

16  on all Phase 1 issues, much less Phase 2 issues. Judge Larson's recent order confirms that

17  "individual depositions that may be related to both Phase 1 and Phase 2," such as Larian's

18  deposition, "may proceed."

19       Additional time to depose Larian is also warranted because Mattel alleges that Larian was

20  involved in virtually every aspect of the consolidated cases. Furthermore, for many of the claims

21  in the consolidated cases, Larian's personal knowledge of the relevant facts is unique and superior

22  to other witnesses and sources of information. Additional time is also warranted because Mattel

23  added new claims after Larian's deposition.

24  V. CONCLUSION

25       For the reasons set forth above, Mattel's motion to compel the continued deposition of

26  Larian is granted in part. Larian shall appear for his continued deposition in Los Angeles no later

27  than March 31, 2008. The deposition shall not exceed five (5) hours and is not limited in subject

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

3

EXHIBIT 19

PAGE 273

1  matter.

2       Further, each of the instructions marked as "Overruled" in Attachment "A" hereto is

3  overruled.  Larian is ordered to answer those questions and reasonable follow-up questions at his

4  deposition.

5       Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery

6  Master, Mattel shall file this Order with the Clerk of Court forthwith.

7

8  Dated: March 10, 2008

9                                HON. EDWARD A. INFANTE (Ret.)
                                    Discovery Master

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

4

EXHIBIT 19

PAGE 274

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Attachment "A"

INSTRUCTIONS NOT TO ANSWER AT ISSUE DURING THE LARIAN DEPOSITION

| PAGE/LINE | ALLEGED BASES FOR INSTRUCTION | OVERRULED |
|---|---|---|
| 67:15-67:23 | Attorney-Client Privilege Work Product | Overruled |
| 68:17-68:21 | Attorney-Client Privilege | Overruled |
| 69:2-69:10 | Attorney-Client Privilege | Overruled |
| 69:23-70:15 | Attorney-Client Privilege Work Product | Overruled |
| 93:13-93:18 | Attorney-Client Privilege | Overruled |
| 93:20-95:25 | Attorney-Client Privilege | Overruled |
| 96:1-96:11 | Attorney-Client Privilege | Overruled |
| 165:19-166:13 | Work Product | Overruled |
| 167:2-168:7 | Attorney-Client Privilege | Overruled |
| 173:14-174:6 | Attorney-Client Privilege | Overruled |
| 174:8-174:13 | Attorney-Client Privilege | Overruled |
| 174:15-174:19 | Attorney-Client Privilege | Overruled |
| 174:21-174:24 | Attorney-Client Privilege | Overruled |
| 191:25-192:6 | Attorney-Client Privilege Work Product | Overruled |

EXHIBIT **19** ⁵

PAGE **275**

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on March 10, 2008, I served the attached: (1) ORDER GRANTING IN PART MATTEL'S MOTION TO COMPEL THE CONTINUED DEPOSITION OF ISAAC LARIAN; (2) ORDER DIRECTING MATTEL TO SUBMIT DOCUMENT NOS. M0199767-68 AND M0199769-70 FOR IN CAMERA REVIEW; GRANTING MOTION TO COMPEL PRODUCTION OF "NHB" DOCUMENTS; (3) ORDER GRANTING CARTER BRYANT'S MOTION TO QUASH MATTEL'S SUBPOENA TO PEOPLES BANK OF THE OZARKS; AND (4) ORDER DENYING MATTEL'S MOTION TO COMPEL A COMPLETE RESPONSE TO MATTEL'S SUPPLEMENTAL INTERROGATORY RE TEST PROJECTS in the within action by email addressed as follows:

| | | |
|---|---|---|
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| Matthew M. Werdegar, Esq. | Keker & Van Nest | mwerdegar@kvn.com |
| John E. Trinidad, Esq. | Keker & Van Nest | jtrinidad@kvn.com |
| Audrey Walton-Hadlock, Esq. | Keker & Van Nest | awalton-hadlock@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johnquinn@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| John Gordon | Quinn, Emanuel, Urquhart, Oliver & Hedges | johngordon@quinnemanuel.com |
| Thomas J. Nolan, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tnolan@skadden.com |
| Raoul D. Kennedy, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | rkennedy@skadden.com |
| Amy S. Park, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | apark@skadden.com |
| Harriet S. Posner, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | hposner@skadden.com |
| Carl Alan Roth, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | croth@skadden.com |
| Timothy A. Miller, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tmiller@skadden.com |
| Marcus R. Mumford, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Mmumford@skadden.com |
| Paul M. Eckles, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Paul.eckles@skadden.com |
| Lance A. Etcheverry, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Lance.etcheverry@skadden.com |
| Robert J. Herrington, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Robert.herrington@skadden.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on March 10, 2008, at San Francisco, California.

_____
Sandra Chan

EXHIBIT 19

PAGE 276

# Miscellaneous Filings (Other Documents)

2:04-cv-09049-SGL-RNB Carter Bryant v. Mattel Inc

(RNBx), AO279, DISCOVERY, PROTORD, RELATED-G

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

### Notice of Electronic Filing

The following transaction was entered by Proctor, Brett on 3/11/2008 at 3:37 PM PDT and filed on
3/11/2008
**Case Name:**      Carter Bryant v. Mattel Inc
**Case Number:**    2:04-cv-9049
**Filer:**          Mattel Inc
**Document Number:** 2577

**Docket Text:**
Order Granting in Part Mattel's Motion to Compel The Continued Deposition of Isaac Larian filed by
Defendant Mattel Inc re: MOTION to Compel Deposition of Isaac Larian *and to Overrule Instructions
Not to Answer*[1576] (Proctor, Brett)

**2:04-cv-9049 Notice has been electronically mailed to:**

Juan Pablo Alban      juanpabloalban@quinnemanuel.com

Timothy L Alger       timalger@quinnemanuel.com

Christa M Anderson    canderson@kvn.com

Linda M Burrow        burrow@caldwell-leslie.com

Michelle M Campana    michelle.campana@skadden.com

Jon D Corey           joncorey@quinnemanuel.com

Alexander H Cote      acote@obsklaw.com

Leah Chava Gershon    leah@spertuslaw.com

Alan Neil Goldberg    agoldberg@sgattys.com

Melissa Grant         melissagrant@quinnemanuel.com

Emil W Herich         eherich@kmwlaw.com

Diane C Hutnyan       dianehutnyan@quinnemanuel.com, andreahoeven@quinnemanuel.com

EXHIBIT 19

John W Keker    jkeker@kvn.com, DRoberts@kvn.com, efiling@kvn.com

Raoul D Kennedy    rkennedy@skadden.com

Alisa Morgenthaler Lever    amorgenthaler@chrisglase.com

Larry W McFarland    lmcfarland@kmwlaw.com

Cyrus S Naim    cyrusnaim@quinnemanuel.com

Thomas J Nolan    tnolan@skadden.com, carl.roth@skadden.com, marcus.mumford@skadden.com

Mark E Overland    moverland@obsklaw.com

Michael H Page    mhp@kvn.com

Kenneth A Plevan    kenneth.plevan@skadden.com, drogosa@skadden.com, sumclaug@skadden.com

Brett Dylan Proctor    dylanproctor@quinnemanuel.com

John B Quinn    johnquinn@quinnemanuel.com

David C Scheper    dscheper@obsklaw.com, feseroma@obsklaw.com

Oleg Stolyar    alexstolyar@quinnemanuel.com

John Elliot Trinidad    jtrinidad@kvn.com, efiling@kvn.com, yjayasuriya@kvn.com

Audrey Walton-Hadlock    awaltonhadlock@kvn.com

Matthew M Werdegar    mmw@kvn.com

Michael T Zeller    michaelzeller@quinnemanuel.com

**2:04-cv-9049 Notice has been delivered by First Class U. S. Mail or by fax to: :**

Nathan Meyer
Kaye Scholer
1999 Avenue of the Stars, Suite 1700
Los Angeles, CA 90067

Kien C Tiet
Stern and Goldberg
6345 Balboa Boulevard, Suite 200
Encino, CA 91316

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**C:\Documents and Settings\laurakinsey\Desktop\order granting mtn to compel re
Larian Depo.pdf

EXHIBIT **19**

CM/ECF - California Central District                                          Page 3 of 3

**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=3/11/2008] [FileNumber=5501237-0]
[10cec844f7ddc7d35404135b20dd1596e6d9351a8a1c8afccaf555d08c7f4bf0677b
42e10e459a8fb3bf508d22e4e019ef177cb7cbf3463f71158f62a917843c]]

EXHIBIT __19__

PAGE __279__

1   Hon. Edward A. Infante (Ret.)
    JAMS
2   Two Embarcadero Center
    Suite 1500
3   San Francisco, California 94111
    Telephone:    (415) 774-2611
4   Facsimile:    (415) 982-5287

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10                         EASTERN DIVISION

11

12   CARTER BRYANT, an individual,          CASE NO. CV 04-09049 SGL (RNBx)
                                            JAMS Reference No. 1100049530
13              Plaintiff,

14        v.                               Consolidated with
                                           Case No. CV 04-09059
15   MATTEL, INC., a Delaware corporation, Case No. CV 05-2727

16              Defendant.                 **ORDER GRANTING IN PART
                                           MATTEL'S MOTION TO COMPEL
17                                         THE CONTINUED DEPOSITION OF
                                           ISAAC LARIAN**
18
     CONSOLIDATED WITH
19   MATTEL, INC. v. BRYANT and
     MGA ENTERTAINMENT, INC. v. MATTEL,
20   INC.

21

22                         I. INTRODUCTION

23        On January 22, 2008, Mattel, Inc. ("Mattel") submitted a "Motion to Compel the

24   Continued Deposition of Isaac Larian and to Overrule Instructions Not to Answer." On January

25   31, 2008, Isaac Larian ("Larian"), MGA submitted an opposition.  On February 5, 2008, Mattel

26   submitted a reply.  Thereafter the parties were directed to meet and confer further regarding the

27   motion, which has been completed. The motion was heard on March 10, 2008.

28   Bryant v. Mattel, Inc.,
     CV-04-09049 SGL (RNBx)

**EXHIBIT 19**

**PAGE 280**

## II. BACKGROUND

Mattel deposed Larian on July 18, 2006 for nearly six hours. Mattel contends that prior to the deposition, the parties agreed that the deposition would proceed on Mattel v. Bryant issues only and that Larian would be made available for another deposition on issues in the MGA v. Mattel suit. Mattel contends that Larian has refused to abide by his agreement, and accordingly seeks an order compelling Larian to appear for another seven hours of deposition. Moreover, Mattel contends that there is good cause to resume his deposition because he is a named party, a key witness and has unique personal knowledge regarding the underlying claims and defenses in the case. Mattel also contends that Larian's "apex" status does not immunize Larian from further questioning. Mattel also seeks an order overruling certain instructions not to answer.

Larian contends that the motion should be denied because (1) he has already been deposed for the time permitted by Rule 30, Fed.R.Civ.P.; (2) Mattel made the tactical decision to depose him at the outset of fact discovery; (3) he is the Chief Executive Officer of MGA and an additional day of deposition would impose a significant burden on him and MGA; (4) Mattel refused to allow MGA to depose Mattel's Chief Executive Officer, Mr. Bob Eckert, for a complete day based on Mr. Eckert's "apex" status; (5) the January 28, 2008 discovery cut-off for Phase 1 discovery has passed; and (6) the Phase 1 trial has not been completed. In the alternative, Larian contends that his continued deposition should be limited in scope to Phase 2 issues; be limited in duration to two-hours; and occur only after the Phase 1 trial.

Further, Larian contends that most, if not all, of the challenged instructions not to answer were proper. Relying on U.S. ex. rel. Bagley v. TRW, Inc., 212 F.R.D. 554, 564 (C.D. Cal. 2003) and other cases, Larian contends that whether his counsel showed him documents in preparation for his deposition, including how many and which documents counsel showed him, are protected by the work product doctrine.

## III. DISCUSSION

"Unless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours." Fed.R.Civ.P. 30(d)(1). Exceptions to the "one-day rule" are permitted only upon a

1    showing of good cause. Fed.R.Civ.P. 30(d)(2) Advisory Committee's Note (2000 Amend.)  In

2    assessing whether "good cause" exists, courts are guided by Rule 26(b)(2), Fed.R.Civ.P., which

3    provides that the court shall limit the frequency or extent of use of the discovery methods if the

4    court determines that, among other things, the party seeking discovery has had ample opportunity

5    to obtain the information sought, or if the burden or expense of the proposed discovery outweighs

6    its likely benefit.  Fed.R.Civ.P. 26(b)(2).

7         Although Mattel made the tactical decision to depose Larian at the outset of discovery and

8    deposed him for nearly six hours, good cause exists to resume Larian's deposition promptly and

9    without subject matter limitations for a limited duration.  Larian's first deposition was limited to

10   Mattel v. Bryant issues and Larian's prior counsel agreed to produce Larian for another deposition

11   on issues in the MGA v. Mattel case. Phase 1 discovery is defined more broadly than the Mattel

12   v. Bryant issues insofar as it includes a number of claims in the MGA v. Mattel case, such as

13   Mattel's claims of copyright infringement, conversion and intentional interference with contract.

14   Larian has not yet been deposed on the claims of copyright infringement, conversion and

15   intentional interference with contract.  Thus, Mattel has yet to complete its deposition of Larian

16   on all Phase 1 issues, much less Phase 2 issues.  Judge Larson's recent order confirms that

17   "individual depositions that may be related to both Phase 1 and Phase 2," such as Larian's

18   deposition, "may proceed."

19        Additional time to depose Larian is also warranted because Mattel alleges that Larian was

20   involved in virtually every aspect of the consolidated cases.  Furthermore, for many of the claims

21   in the consolidated cases, Larian's personal knowledge of the relevant facts is unique and superior

22   to other witnesses and sources of information.  Additional time is also warranted because Mattel

23   added new claims after Larian's deposition.

### V. CONCLUSION

25        For the reasons set forth above, Mattel's motion to compel the continued deposition of

26   Larian is granted in part.  Larian shall appear for his continued deposition in Los Angeles no later

27   than March 31, 2008.  The deposition shall not exceed five (5) hours and is not limited in subject

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT _19_

PAGE _282_

3

1  matter.

2  Further, each of the instructions marked as "Overruled" in Attachment "A" hereto is

3  overruled.  Larian is ordered to answer those questions and reasonable follow-up questions at his

4  deposition.

5  Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery

6  Master, Mattel shall file this Order with the Clerk of Court forthwith.

7

8  Dated: March 10, 2008

                                          HON. EDWARD A. INFANTE (Ret.)

9                                             Discovery Master

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT 19

PAGE 283

4

1

## Attachment "A"

2

### INSTRUCTIONS NOT TO ANSWER AT ISSUE DURING THE LARIAN DEPOSITION

3

4

| PAGE/LINE | ALLEGED BASES FOR INSTRUCTION | OVERRULED |
|---|---|---|
| 67:15-67:23 | Attorney-Client Privilege Work Product | Overruled |
| 68:17-68:21 | Attorney-Client Privilege | Overruled |
| 69:2-69:10 | Attorney-Client Privilege | Overruled |
| 69:23-70:15 | Attorney-Client Privilege Work Product | Overruled |
| 93:13-93:18 | Attorney-Client Privilege | Overruled |
| 93:20-95:25 | Attorney-Client Privilege | Overruled |
| 96:1-96:11 | Attorney-Client Privilege | Overruled |
| 165:19-166:13 | Work Product | Overruled |
| 167:2-168:7 | Attorney-Client Privilege | Overruled |
| 173:14-174:6 | Attorney-Client Privilege | Overruled |
| 174:8-174:13 | Attorney-Client Privilege | Overruled |
| 174:15-174:19 | Attorney-Client Privilege | Overruled |
| 174:21-174:24 | Attorney-Client Privilege | Overruled |
| 191:25-192:6 | Attorney-Client Privilege Work Product | Overruled |

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

**EXHIBIT 19**

**PAGE 284**

1  Hon. Edward A. Infante (Ret.)
   JAMS
2  Two Embarcadero Center
   Suite 1500
3  San Francisco, California 94111
   Telephone:    (415) 774-2611
4  Facsimile:    (415) 982-5287

5

6

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                    EASTERN DIVISION

11

12                                          CASE NO. CV 04-09049 SGL (RNBx)
                                            JAMS Reference No. 1100049530
13 CARTER BRYANT, an individual,

14              Plaintiff,
                                            Consolidated with
15         v.                               Case No. CV 04-09059
                                            Case No. CV 05-2727
16 MATTEL, INC., a Delaware corporation,

17              Defendant.                   **ORDER DIRECTING MATTEL TO
                                            SUBMIT DOCUMENT NOS.
18                                          M0199767-68 AND M0199769-70 FOR
                                            IN CAMERA REVIEW; GRANTING
                                            MOTION TO COMPEL PRODUCTION
19                                          OF "NHB" DOCUMENTS**

20 CONSOLIDATED WITH
   MATTEL, INC. v. BRYANT and
21 MGA ENTERTAINMENT, INC. v. MATTEL,
   INC.
22

23         On January 28, 2008, MGA Entertainment, Inc. ("MGA") and Carter Bryant ("Bryant")

24 submitted a joint "Motion to Compel Production of Improperly Withheld Mattel Documents

25 Showing Mattel's Investigation of MGA and Carter Bryant Prior to November 2003 and to

26 Compel Production of all 'NHB' Documents." On February 7, 2008, Mattel, Inc. ("Mattel")

27

28
   Bryant v. Mattel, Inc.,
   CV-04-09049 SGL (RNBx)

**EXHIBIT** 19

**PAGE** 285

1   submitted an opposition, and on February 15, 2008, Mattel submitted a reply. The parties were

2   directed to meet and confer further regarding the motion, which has been completed. The motion

3   was heard on March 10, 2008.

4          This motion raises essentially two issues arising from Mattel's recent request to claw back

5   two documents. The first issue concerns the documents themselves, bearing Bates Nos.

6   M0199767-68 and M0199769-70. MGA and Bryant describe the two documents at issue as

7   follows:

8          "•M0199767-68 reflects a summary of former MGA employee Mercedah Ward's

9          contact with Mattel, including the fact that Mattel employees were reaching out to

10         her in 2001 for information concerning the development and creation of Bratz,

11         and the suggestion that Mattel had concluded that Ward was the source of the

12         anonymous letter Mattel CEO Robert Eckert received in August 2002 – extremely

13         relevant information going, *inter alia*, to the parties' statute of limitations and

14         laches defenses.

15         •M0199769-70 reflects a task list, dated August 10, 2003, including the efforts of

16         Mattel employees to contact MGA employees; a "suspected mole"; the obtaining

17         of human resources files of Mattel employees; the pulling of Carter Bryant's

18         PeopleSoft information and employment file; a reference to Mattel's current trial

19         counsel; and inquiries into MGA and Carter Bryant. The assertion of work

20         product with respect to this document, dated August 2003, is particularly

21         problematic in that it directly contravenes the position Mattel has taken with this

22         Court concerning when it first suspected and began collecting evidence

23         concerning the alleged wrongdoing."

24   Joint Motion at p.1. MGA and Bryant contend that the two documents are responsive to several

25   discovery requests and are not protected by either the attorney-client privilege or the work product

26   doctrine. More specifically, MGA and Bryant contend that the first document at issue does not

27

28
     Bryant v. Mattel, Inc.,
     CV-04-09049 SGL (RNBx)

                                                              2

                                        EXHIBIT __19__

                                        PAGE __286__

1  contain any indicia of a request for legal advice, but rather consists of a summary of underlying

2  facts. MGA and Bryant contend that the second document similarly lacks any evidence that it

3  reflects confidential attorney-client communications, but instead consists of a "to do" list. MGA

4  and Bryant contend that the two documents at issue are not protected by the work product

5  doctrine because the documents were not prepared in anticipation of litigation.

6       Mattel contends that the two documents are protected by the attorney-client privilege. To

7  substantiate its claims of privilege, Mattel submitted the declaration of its counsel, Michael

8  Moore, which states, in pertinent part, as follows:

9       4.    Acting solely as the company's legal advisor, I instructed Adelle Jones, a

10            paralegal within Mattel's Law Department, to prepare for me the document Bates

11            stamped M0199767-68 in 2003. It records information gathered by Ms. Jones at

12            my request and outside counsel's request. I then transmitted the document to

13            outside legal counsel for purposes of obtaining legal advice.

14       5.    Also acting solely as the company's legal advisor, I personally created the

15            document Bates stamped M0199769-70 in 2003. It reflects my communications

16            with and directions from Mattel's outside counsel regarding tasks to be performed.

17            The document also reflects notations from Jill Thomas, Mattel's Assistant General

18            Counsel, and Mattel's outside counsel. I transmitted the document to outside legal

19            counsel for purposes of obtaining legal advice.

20  Decl. of Michael Moore in Support of Mattel's Opposition.

21       An *in camera* inspection of disputed documents is appropriate to resolve claims of

22  privilege. See United States v. Zolin, 491 U.S. 554, 568-69, 109 S.Ct. 2619, 105 L.Ed.2d 469

23  (1989). The practice is both long-standing and routine in cases involving claims of privilege. In

24  re Grand Jury Subpoenas Dated March 19, 2002 and August 2, 2002, 318 F.3d 379 (2d Cir.

25  2003); see also In re Grand Jury Proceedings, 220 F.3d 568, 571 (7th Cir. 2000). Accordingly,

26

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

3

EXHIBIT 19

PAGE 287

1  Mattel is ordered to submit the disputed documents for *in camera* review no later than March 14,

2  2008.

3       The second issue concerns references to "NHB" in the two clawed back documents. MGA

4  and Bryant contend that Mattel uses the codename "NHB" for MGA. Aside from the two clawed

5  back documents, MGA and Bryant are aware of only one other instance of "NHB" documents in

6  Mattel's document production -- the use of "NHB Timeline" across the top of an e-mail that Mattel

7  CEO Robert Eckert forwarded to himself related to this lawsuit. There are no other "NHB"

8  documents in Mattel's production or listed on Mattel's privilege log.

9       MGA and Bryant contend that Mattel should not be able to hide behind its codename for

10  MGA to avoid its discovery obligations. They contend that all documents referencing MGA as

11  "NHB" are responsive to any document requests that call for MGA documents, regardless of the

12  manner in which MGA is referenced. Accordingly, MGA and Bryant request an order

13  compelling Mattel to produce all "NHB" documents that are responsive to MGA's First Set of

14  Requests for Production of Documents and Things dated January 31, 2004 ("MGA's Requests").

15  Joint Motion at p.8.

16       In response, Mattel represents that it "has not withheld from production any non-

17  privileged documents because they contain 'NHB.'" Mattel's Opposition at p.1. Elsewhere Mattel

18  represents that it "has not withheld from production any non-privileged documents on the basis

19  that it uses 'NHB,'" (id. at p.4; see also Alger Decl., ¶2), and that "Mattel is not withholding from

20  production any non-privileged documents that contain 'NHB'." (Id. at .7). As an example, Mattel

21  points to the NHB Timeline. Furthermore, Mattel contends that MGA and Bryant are not entitled

22  to documents simply because they contain a reference to "NHB."

23       MGA and Bryant's motion to compel production of "NHB" documents is granted. Mattel

24  has not confirmed that documents containing "NHB" were searched for in response to MGA's

25  Requests and Mattel's submissions appear to side-step the issue. Mattel has also not confirmed

26  that "NHB" documents were not inadvertently deemed non-responsive and/or overlooked on

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

4

EXHIBIT 19

PAGE 288

1   account of Mattel's use of the codename "NHB." In other words, Mattel has not confirmed

2   whether documents that refer to MGA only by the "NHB" codename have been reviewed for

3   responsiveness and produced. In particular, Mattel has not verified whether it has conducted a

4   key word search of its databases using the codename "NHB." Accordingly, MGA and Bryant's

5   motion to compel production of "NHB" documents is granted. Mattel shall conduct a search of

6   all "NHB" documents in its databases and produce all "NHB" documents that are responsive to

7   MGA's Requests no later than March 14, 2008. All responsive documents being withheld on the

8   basis of a claim of privilege must be identified on a privilege log, which must also be produced no

9   later than March 14, 2008.

10          Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery

11   Master, MGA shall file this Order with the Clerk of Court forthwith.

12

13   Dated: March 10, 2008

14                                             HON. EDWARD A. INFANTE (Ret.)
                                                      Discovery Master

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

5

EXHIBIT 19

PAGE 287

1   Hon. Edward A. Infante (Ret.)
    JAMS
2   Two Embarcadero Center
    Suite 1500
3   San Francisco, California 94111
    Telephone:    (415) 774-2611
4   Facsimile:    (415) 982-5287

5

6

7

8               UNITED STATES DISTRICT COURT

9               CENTRAL DISTRICT OF CALIFORNIA

10                     EASTERN DIVISION

11

12  | CARTER BRYANT, an individual, | CASE NO. CV 04-09049 SGL (RNBx) |
13  |                               | JAMS Reference No. 1100049530   |
    |         Plaintiff,            |                                 |
14  |                               | Consolidated with               |
    |            v.                 | Case No. CV 04-09059            |
15  |                               | Case No. CV 05-2727             |
    | MATTEL, INC., a Delaware corporation, |                         |
16  |                               | **ORDER GRANTING CARTER**       |
    |         Defendant.            | **BRYANT'S MOTION TO QUASH**    |
17  |                               | **MATTEL'S SUBPOENA TO PEOPLES**|
    |                               | **BANK OF THE OZARKS**          |
18  | CONSOLIDATED WITH             |                                 |
19  | MATTEL, INC. v. BRYANT and    |                                 |
    | MGA ENTERTAINMENT, INC. v. MATTEL, |                            |
20  | INC.                          |                                 |

21

22

23                     I. INTRODUCTION

24       On January 28, 2008, Carter Bryant ("Bryant") submitted a Motion to Quash Mattel Inc.'s

25  Subpoena Issued to Peoples Bank of the Ozarks or in the Alternative, for Protective Order.  On

26  February 7, 2008, Mattel, Inc. ("Mattel") submitted an opposition.  On February 13, 2008, Bryant

27  submitted a reply.  The parties were directed to meet and confer further regarding the motion,

28
    Bryant v. Mattel, Inc.,                                                              1
    CV-04-09049 SGL (RNBx)

EXHIBIT _19_

PAGE _290_

1    which has been completed.  The motion was heard on March 10, 2008.

2                                      II. BACKGROUND[1]

3           On January 21, 2008, Mattel served a subpoena for documents on Bryant's personal bank,

4    the Peoples Bank of the Ozarks ("Peoples Bank").  The return date was January 28, 2008–the

5    Phase I discovery cut-off.  The subpoena contained six requests:

6           (1) All DOCUMENTS REFERRING OR RELATING TO CARTER BRYANT

7           ENTERPRISES from January 1, 1999 to the present, inclusive.

8           (2) All DOCUMENTS REFERRING OR RELATING TO CARTER BRYANT

9           from January 1, 1999 to the present, inclusive.

10          (3) All DOCUMENTS REFERRING OR RELATING TO the ACCOUNT

11          maintained by YOU numbered 300368180, including but not limited to

12          statements, monthly statements, annual statements, daily transaction history

13          reports, monthly transaction history reports, deposit reports, deposit slips,

14          canceled checks, signature cards, and COMMUNICATIONS REFERRING OR

15          RELATING TO such ACCOUNT, created between January 1, 1999 and the

16          present, inclusive.

17          (4) All DOCUMENTS REFERRING OR RELATING TO any other ACCOUNT

18          maintained by YOU that is in the name of, for the benefit of or concerns

19          CARTER BRYANT ENTERPRISES or CARTER BRYANT, including but not

20          limited to statements, monthly statements, annual statements, daily transaction

21          history reports, monthly transaction history reports, deposit reports, deposit slips,

22          canceled checks, signature cards, and COMMUNICATIONS REFERRING OR

23          RELATING TO such ACCOUNTS, created between January 1, 1999 and the

24          present, inclusive.

25

26    _____

27          [1] Because the parties are familiar with the procedural history of this motion, the "Background" section set
      forth herein includes only a brief summary of that history and a brief summary of the parties' main contentions.

28    Bryant v. Mattel, Inc.,
      CV-04-09049 SGL (RNBx)                                                                              2

                                            EXHIBIT 19

                                            PAGE 291

1     (5) DOCUMENTS sufficient to show the account number of all ACCOUNTS

2     maintained by YOU in the name of, for the benefit of or concerning CARTER

3     BRYANT ENTERPRISES or CARTER BRYANT between January 1, 1999 and

4     the present, inclusive.

5     (6) All DOCUMENTS showing or relating to any account(s) held by CARTER

6     BRYANT ENTERPRISES or CARTER BRYANT or any account(s) for which

7     CARTER BRYANT ENTERPRISES or CARTER BRYANT has signatory

8     authority at any other financial institution.

9   Grant Decl., Ex. C. On Friday, January 25, 2008, Mattel served notice of the subpoena on Bryant.

10   Also on January 25, 2008, Peoples Bank advised Mattel that it would comply with the subpoena.

11     Bryant contends that the subpoena to People's Bank should be quashed for three

12   independent reasons. First, Bryant contends that Mattel failed to give notice of the subpoena prior

13   to its service, in violation of Rule 45(b)(1), Fed.R.Civ.P. Second, Bryant contends that the

14   subpoena unnecessarily intrudes upon his privacy interests and seeks cumulative discovery.

15   Third, Bryant contends that Mattel's subpoena is overbroad in seeking, for example, "all

16   documents relating to" Bryant and Carter Bryant Enterprises without any limitation as to subject

17   matter.

18     Mattel contends that the documents it seeks are relevant to the claims and defenses in the

19   case. In particular, Mattel contends that the documents it seeks are relevant to establish Mattel's

20   entitlement to the remedy of disgorgement and to assess Bryant's net worth for purposes of

21   punitive damages, as well as to support Mattel's claims for commercial bribery and to show bias.

22   Mattel also contends that it is entitled to the subpoenaed documents because of legitimate

23   concerns of spoliation and document tampering. Mattel further contends that the subpoenaed

24   documents are not cumulative of other discovery because Bryant has failed to produce his

25   financial records. Mattel's Opposition at p.3.

26     Mattel also contends that Bryant's burden and overbreadth objections are meritless

27   because the Peoples Bank has not made any objections to the subpoena and instead represented

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

3

EXHIBIT _19_

PAGE _292_

1   that it is prepared to produce responsive documents. Mattel also contends that Bryant's privacy

2   objection has been considered and overruled in the context of a prior Mattel motion compelling

3   Bryant to produce financial information. Lastly, Mattel contends that Bryant's lack of notice

4   objection is disingenuous because Bryant has repeatedly subpoenaed third parties without

5   providing notice, and that moreover, Bryant has not been prejudiced by the lack of notice.

6                                     III. STANDARDS

7          Rule 26 of the Federal Rules of Civil Procedure provides that "[p]arties may obtain

8   discovery regarding any matter, not privileged, that is relevant to the claim or defense of any

9   party." Fed.R.Civ.P. 26(b)(1). The court shall, however, limit the frequency or extent of use of

10  the discovery methods if the court determines that (i) the discovery sought is unreasonably

11  cumulative or duplicative, or is obtainable from some other source that is more convenient, less

12  burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by

13  discovery in the action to obtain the information sought; or (iii) the burden or expense of the

14  proposed discovery outweighs its likely benefit, taking into account the needs of the case, the

15  amount in controversy, the parties' resources, the importance of the issues at stake in the

16  litigation, and the importance of the proposed discovery in resolving the issues. Fed.R.Civ.P.

17  26(b)(2)(C).

18         Rule 45 of the Federal Rules of Civil Procedure governs the use of subpoenas. "If the

19  subpoena commands the production of documents, electronically stored information, or tangible

20  things or the inspection of premises before trial, then before it is served, a notice must be served

21  on each party." Fed.R.Civ.P. 45(b)(1). A third party served with a subpoena for documents must

22  produce documents (and reasonably accessible electronically stored information) that are

23  responsive to the subpoena. Fed.R.Civ.P. 45 (b), (d). If the subpoenaed documents are relevant

24  and there is good cause for their production, the subpoena is enforced unless the documents are

25  privileged or the subpoena is unreasonable, oppressive, annoying or embarrassing. U.S. v.

26  American Optical Co., 39 F.R.D. 580, 583 (N.D. Cal. 1966).

27         Rule 45(c)(1), Fed.R.Civ.P., provides that "[a] party or attorney responsible for issuing

28

                                                                          4

EXHIBIT _19_

PAGE _293_

1    and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on

2    a person subject to the subpoena." Furthermore, "[t]he issuing court must enforce this duty and

3    impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--

4    on a party or attorney who fails to comply." Id.

5         Rule 45 also provides that the issuing court must quash or modify a subpoena under

6    certain circumstances, including among others, when the subpoena requires the disclosure of

7    privileged or other protected matter or subjects a person to undue burden. Fed.R.Civ.P.

8    45(c)(3)(A)(iii) and (iv). A motion to quash a subpoena or for a protective order as to that

9    subpoena may be made by a party-opponent. See Moon v. SCP Pool Corp., 232 F.R.D. 633, 636

10   (C. D. Cal. 2005) (granting defendants' motion to quash subpoena).

11        In evaluating whether a subpoena imposes an undue burden, Rule 45(c)(3)(A),

12   Fed.R.Civ.P., "'requires the court to weigh the burden to the subpoenaed party against the value of

13   the information to the serving party,' . . . and in particular requires the court to consider: 'such

14   factors as relevance, the need of the party for the documents, the breadth of the document request,

15   the time period covered by it, the particularity with which the documents are described and the

16   burden imposed.'" Moon, 232 F.R.D. at 637, quoting Travelers Indem. Co. v. Metropolitan Life

17   Ins. Co., 228 F.R.D. 111, 113 (D. Conn. 2005). Another important factor in evaluating burden is

18   whether the subpoenaing party "can be more easily and inexpensively obtain the documents from

19   [another party], rather than from [the] nonparty." Moon, 232 F.R.D. at 638. See also Lectrolarm

20   Custom Sys. v. Pelco Sales, 212 F.R.D. 567, 573 (E.D. Cal. 2002) (protective order granted where

21   plaintiff subpoenaed non-party for documents that plaintiff had sought from defendant because

22   the "burden and harassing nature of the requests clearly outweigh[ed] the minimal need for the

23   very limited amount of information that could be discovered under the subpoenas.").

## IV. DISCUSSION

25        Although the Peoples Bank subpoena calls for the production of documents that are

26   potentially relevant to Mattel's claims and several issues in the case, the subpoena is nevertheless

27   unreasonable because it is overbroad. For example, Mattel seeks all documents referring or

28    

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

5

EXHIBIT 19

PAGE 294

1   relating to Carter Bryant and Carter Bryant Enterprises from January 1, 1999 to the present.  The
2   requests are not limited by subject matter to Bratz, MGA or any other relevant issue in the case.
3   The production of documents responsive to such overly broad requests would likely sweep in
4   many sensitive and personal financial documents having little to no relevance to the case.
5   Furthermore, the subpoena intrudes upon Bryant's privacy rights as recognized under the
6   California Constitution.  Mattel has not adequately demonstrated the relevance of all of the
7   documents falling within the scope of its expansive subpoena to overcome the privacy protections
8   afforded to Bryant's personal financial information.
9        The Peoples Bank subpoena is also objectionable insofar as it seeks financial information
10  that Bryant has already provided to Mattel in discovery.  Prior to Mattel serving the Peoples Bank
11  subpoena, Bryant had already produced financial documents responsive to Mattel's requests for
12  production of documents, including documents evidencing all payments he or Carter Bryant
13  Enterprises has received from MGA or Isaac Larian.  Bryant's Motion at p.9; Bryant's Reply at
14  p.7.
15       In addition, Bryant recently agreed to produce, to the extent he has not already done so,
16  several categories of documents from his accountant, Foothill Business Services ("Foothill"), in
17  exchange for Mattel withdrawing the subpoena it had served on Foothill.  Specifically, Bryant
18  agreed to gather and produce from Foothill the following categories of documents:  all available
19  profit and loss/income statements for Carter Bryant Enterprises; documents sufficient to show all
20  payments to Bryant from MGA and/or Isaac Larian; documents sufficient to show all payments to
21  Veronica Marlow from Bryant or Carter Bryant Enterprises; documents sufficient to show
22  Bryant's net worth; document sufficient to identify any witness or witness' counsel to whom
23  Bryant has made any payments for fees, costs, or expenses incurred by that witness in connection
24  with the present litigation and the amount paid, if any, to or on behalf of such witness; Foothill
25  Business Service's document retention policy, if they have one; and documents constituting
26  communications between Bryant and Foothill Business Services substantively related to Bratz, if
27  any exist.  Bryant's Motion at p.3.  Bryant represents that in accordance with this agreement, he
28  

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT _19_

PAGE _295_

6

1   produced documents on January 18 and 23, 2008. Indeed, Mattel acknowledges that it has

2   received the following documents: two Carter Bryant Enterprises income statements from 2003,

3   four Carter Bryant Enterprise quarterly income statements from 2006, four Carter Bryant

4   Enterprises quarterly income statements from 2007, and ledger of payments to Veronica Marlow

5   in 2006 and 2007.

6        Mattel contends that Bryant's production of financial information regarding payments he

7   has received, his net worth, and payments he has made to Veronica Marlow, as well as the

8   production from Foothill Business Services, are incomplete. Mattel, however, did not raise these

9   issues with Bryant earlier, much less fulfill its obligation to meet and confer prior to raising these

10   issues with the court.

11        Mattel has also had ample opportunity to depose Bryant about relevant financial

12   information. In light of the financial information Mattel has already obtained throughout the

13   course of this litigation, the subpoena to the Peoples Bank is unjustified, taking into consideration

14   all of the factors set forth in Rule 26(b)(2)(C), Fed.R.Civ.P.

15        In addition to the reasons discussed above, the subpoena is also objectionable insofar as

16   Mattel failed to comply with Rule 45(b)(1), Fed.R.Civ.P. As stated above, Rule 45(b)(1),

17   Fed.R.Civ.P., requires a party serving a subpoena to serve notice of that subpoena on each party

18   before the subpoena is served. In this case, Mattel served the subpoena on Peoples Bank on

19   January 21, 2008, but failed to serve notice of the subpoena on Bryant until Friday, January 25,

20   2008—only one business day before the close of Phase I discovery and less than one business day

21   before the return date of the subpoena. Thus, Mattel clearly violated the notice requirement of

22   Rule 45(b)(1), Fed.R.Civ.P.

23        Mattel attempts to defend itself by pointing out that Bryant has repeatedly subpoenaed

24   parties without providing prior notice to Mattel. Even if that is true, it does not excuse Mattel

25   from complying with the notice requirement of Rule 45(b)(1). Moreover, Mattel has never sought

26   redress for Bryant's alleged violations of Rule 45(b)(1). Mattel also contends that the lack of

27   prior notice did not prejudice Bryant, as evidenced by Bryant's ability to bring the instant motion,

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

7

EXHIBIT __9__

PAGE __296__

1    and therefore there is no basis to quash the subpoena. Contrary to Mattel's assertion, however, the

2    lack of notice obviously hindered Bryant's ability to communicate with his bank and to object to

3    the subpoena in a timely manner. It also prevented any opportunity for the parties to meet and

4    confer in order to reach a resolution.

5                                    V. CONCLUSION

6          For the reasons set forth above, Bryant's motion to quash Mattel's subpoena issued to the

7    Peoples Bank of the Ozarks, and for a protective order relieving Peoples Bank from the obligation

8    to produce documents in response to the subpoena, is granted. Pursuant to Paragraph 6 of the

9    Stipulation and Order for Appointment of a Discovery Master, Bryant shall file this Order with

10   the Clerk of Court forthwith.

11

12   Dated: March 10, 2008

                                    HON. EDWARD A. INFANTE (Ret.)
13                                       Discovery Master

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

8

EXHIBIT _19_

PAGE _277_

1  Hon. Edward A. Infante (Ret.)
   JAMS
2  Two Embarcadero Center
   Suite 1500
3  San Francisco, California 94111
   Telephone:    (415) 774-2611
4  Facsimile:    (415) 982-5287

5

6

7

8                  UNITED STATES DISTRICT COURT

9                 CENTRAL DISTRICT OF CALIFORNIA

10                      EASTERN DIVISION

11

12  CARTER BRYANT, an individual,          CASE NO. CV 04-09049 SGL (RNBx)
                                           JAMS Reference No. 1100049530
13            Plaintiff,

14       v.                                Consolidated with
                                           Case No. CV 04-09059
15  MATTEL, INC., a Delaware corporation,  Case No. CV 05-2727

16            Defendant.                   **ORDER DENYING MATTEL'S
                                           MOTION TO COMPEL A COMPLETE
17                                         RESPONSE TO MATTEL'S
                                           SUPPLEMENTAL INTERROGATORY
18                                         RE TEST PROJECTS**

19  CONSOLIDATED WITH
    MATTEL, INC. v. BRYANT and
20  MGA ENTERTAINMENT, INC. v. MATTEL,
    INC.
21

22                        I. INTRODUCTION

23       On January 28, 2008, Mattel, Inc. ("Mattel") submitted a Motion to Compel a Complete

24  Response to Mattel's Supplemental Interrogatory re Test Projects.  On February 7, 2008, MGA

25  Entertainment, Inc. ("MGA") submitted an opposition, and on February 15, 2008, Mattel

26  submitted a reply.  The parties were directed to meet and confer further regarding the motion,

27  which has been completed.  The motion was heard on March 10, 2008.

28  Bryant v. Mattel, Inc.,
    CV-04-09049 SGL (RNBx)

                                           EXHIBIT _19_

                                           PAGE _298_

## II. BACKGROUND[1]

In July of 2007, Mattel brought a motion to compel MGA to produce witnesses pursuant to Mattel's Third Notice of Deposition Under Rule 30(b)(6). Among the ten deposition topics at issue was No. 9, which asked MGA to "IDENTIFY, fully and completely, each and every TEST PROJECT that YOU caused, had, requested, asked or solicited any PERSON to perform during the time period January 1, 1998 through December 31, 2004, inclusive, and IDENTIFY all PERSONS with knowledge thereof and all DOCUMENTS that REFER OR RELATE TO such TEST PROJECT." Mattel's stated purpose for seeking testimony on Topic No. 9 was to obtain information to refute MGA and Carter Bryant's ("Bryant") assertions that Bryant's working for MGA while employed by Mattel was no different than a supposedly standard industry practice of having candidates for creative positions make artwork as part of the job interview (the "test project defense"). MGA objected to Topic No. 9 on several grounds, and also suggested that a "contention interrogatory" was a more appropriate means to learn what supports Bryant's claims as to industry practice. Proctor Decl., Ex. 4.

By order dated September 25, 2007 ("Order"), Mattel's motion was denied with respect to Topic No. 9 because although Mattel's Topic No. 9 sought relevant information, the topic was overbroad and burdensome. In lieu of taking a deposition on Topic No. 9, however, Mattel was granted leave to serve a "contention interrogatory regarding Topic No. 9 limited to the years 1998 through 2004." Buchakjian Decl., Ex. 1.

Thereafter Mattel propounded a supplemental interrogatory asking MGA to: "IDENTIFY, fully and completely, each and every TEST PROJECT that YOU caused, had, requested, asked or solicited any PERSON to perform during the time period January 1, 1998 through December 31, 2004, inclusive, and IDENTIFY all PERSONS with knowledge thereof and all DOCUMENTS that REFER OR RELATE TO such TEST PROJECT" ("Supplemental Interrogatory").

---

[1] Because the parties are familiar with the procedural history of this motion, the "Background" section set forth herein includes only a brief summary of that history and a brief summary of the parties' main contentions.

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

2

EXHIBIT 19

PAGE 299

1       MGA's response included numerous objections.  In particular, MGA objected to the

2  Supplemental Interrogatory because it was not phrased as a contention interrogatory.  MGA then

3  interpreted Mattel's Supplemental Interrogatory "as asking first whether MGA contends that

4  MGA caused, had, requested, asked or solicited Bryant to perform a TEST PROJECT and, if

5  MGA so contends, to 'IDENTIFY, fully and completely, each and every TEST PROJECT that

6  YOU caused, had, requested, asked or solicited any PERSON to perform during the time period

7  January 1, 1998 through December 31, 2004, inclusive, and IDENTIFY all PERSONS with

8  knowledge thereof and all DOCUMENTS that REFER OR RELATE TO such TEST PROJECT.'"

9  Buchakjian Decl., Ex.7.  MGA responded to its version of the Supplemental Interrogatory by

10  stating, "MGA does not contend that it caused, had, requested, asked or solicited Bryant to

11  perform a TEST PROJECT." <u>Id</u>.

12       Mattel now seeks an order compelling MGA to provide a "complete response" to the

13  Supplemental Interrogatory and for sanctions.  Mattel contends that the requested information is

14  relevant to Bryant's and MGA's defenses in this action.  More specifically, Mattel contends that

15  the requested information is relevant to rebut Bryant's testimony that he performed a "tryout" or

16  "test project" for MGA, and was not actually working for MGA when he worked for Mattel.

17  Mattel's Motion at pp. 8-9.  Mattel also contends that the requested information is relevant to

18  rebut Bryant's assertions, regardless of whether or not MGA contends Bryant performed a test

19  project. <u>Id</u>.

20       MGA opposes the motion, contending that (1) the Supplemental Interrogatory was not

21  authorized by the Order because it is not in the form of a contention interrogatory; (2) MGA does

22  not contend that it asked Bryant to perform a test project, and (3) given that MGA does not

23  contend that it asked Bryant to perform a "test project," the information sought in Mattel's

24  Supplemental Interrogatory is not relevant to the claims and defenses of any party in this action

25  because MGA's past practices with respect to "test projects" will not tend to prove or disprove

26  Bryant's claim that he "understood" that his work on an MGA project called "Prayer Angels" prior

27  to his departure from Mattel was a test project.  MGA's Opposition at p.1.

28

III. DISCUSSION

1 

2       Mattel's Supplemental Interrogatory does not conform with the Order, which specified that

3 Mattel was granted leave to serve a "contention interrogatory." Therefore, it was reasonable for

4 MGA to construe Mattel's Supplemental Interrogatory in the manner that it did. In any event, in

5 light of MGA's response –that MGA does not contend that it caused, had, requested, asked or

6 solicited Bryant to perform a "test project" – the information Mattel seeks in this motion is

7 minimally relevant. Finally, the burden and expense of requiring MGA to respond any further to

8 the Supplemental Interrogatory substantially outweigh its likely benefit, taking into consideration

9 all of the factors set forth in Rule 26(b)(2)(C), Fed.R.Civ.P.

IV. CONCLUSION

11       For the reasons set forth above, Mattel's motion to compel and request for sanctions are

12 denied. Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery

13 Master, MGA shall file this Order with the Clerk of Court forthwith.

15 Dated: March 10, 2008

HON. EDWARD A. INFANTE (Ret.)
Discovery Master

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

4

EXHIBIT 19

PAGE 301

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on March 10, 2008, I served the attached:  (1) ORDER GRANTING IN PART MATTEL'S MOTION TO COMPEL THE CONTINUED DEPOSITION OF ISAAC LARIAN; (2) ORDER DIRECTING MATTEL TO SUBMIT DOCUMENT NOS. M0199767-68 AND M0199769-70 FOR IN CAMERA REVIEW; GRANTING MOTION TO COMPEL PRODUCTION OF "NHB" DOCUMENTS; (3) ORDER GRANTING CARTER BRYANT'S MOTION TO QUASH MATTEL'S SUBPOENA TO PEOPLES BANK OF THE OZARKS; AND (4) ORDER DENYING MATTEL'S MOTION TO COMPEL A COMPLETE RESPONSE TO MATTEL'S SUPPLEMENTAL INTERROGATORY RE TEST PROJECTS in the within action by email addressed as follows:

| | | |
|---|---|---|
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| Matthew M. Werdegar, Esq. | Keker & Van Nest | mwerdegar@kvn.com |
| John E. Trinidad, Esq. | Keker & Van Nest | jtrinidad@kvn.com |
| Audrey Walton-Hadlock, Esq. | Keker & Van Nest | awalton-hadlock@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johnquinn@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| John Gordon | Quinn, Emanuel, Urquhart, Oliver & Hedges | johngordon@quinnemanuel.com |
| Thomas J. Nolan, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tnolan@skadden.com |
| Raoul D. Kennedy, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | rkennedy@skadden.com |
| Amy S. Park, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | apark@skadden.com |
| Harriet S. Posner, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | hposner@skadden.com |
| Carl Alan Roth, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | croth@skadden.com |
| Timothy A. Miller, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tmiller@skadden.com |
| Marcus R. Mumford, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Mmumford@skadden.com |
| Paul M. Eckles, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Paul.eckles@skadden.com |
| Lance A. Etcheverry, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Lance.etcheverry@skadden.com |
| Robert J. Herrington, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Robert.herrington@skadden.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on March 10, 2008, at San Francisco, California.

_____
Sandra Chan

EXHIBIT 19

PAGE 302

**Tiffany Garcia**

| | |
|---|---|
| **From:** | Bridget Hauler [bridgethauler@quinnemanuel.com] |
| **Sent:** | Monday, March 10, 2008 2:20 PM |
| **To:** | Geoffrey Grundy; Cheryl Branham; Tiffany Garcia; Lynne Glass; Monica Ascarrunz |
| **Subject:** | FW: Bryant, Carter vs. Mattel, Inc.; Orders Re Various Motions Heard on March 10, 2008 |
| **Attachments:** | Orders 031008.pdf |

-----------------------------

**From:** Chan Sandra[SMTP:SCHAN@JAMSADR.COM]
**Sent:** Monday, March 10, 2008 2:19:01 PM
**To:** John Quinn; Michael T Zeller; Jon Corey; Duane Lyons; Timothy Alger;
Dominic Surprenant; Dylan Proctor; Shane McKenzie; Bridget Hauler;
Tamar Buchakjian; Juan Pablo Alban; jkeker@KVN.com; mhp@kvn.com;
cma@kvn.com; jtrinidad@kvn.com; tnolan@skadden.com; rkennedy@skadden.com;
apark@skadden.com; hposner@skadden.com; croth@skadden.com;
cholden@mgae.com; tmiller@skadden.com; mwerdegar@kvn.com;
awalton-hadlock@kvn.com; mmumford@skadden.com; paul.eckles@skadden.com;
robert.herrington@skadden.com; John Gordon; lance.etcheverry@skadden.com;
caldwell@caldwell-leslie.com
**Subject:** Bryant, Carter vs. Mattel, Inc.; Orders Re Various Motions Heard on March 10, 2008
**Auto forwarded by a Rule**

Dear Counsel:

Attached please find the following Orders and a proof of serve:

1. Order Granting in Part Mattel's Motion to Compel the Continued Deposition of Isaac Larian;
2. Order Directing Mattel to Submit Document Nos. M10199767-68 and M0199769-70 for *in camera* Review; Granting Motion to Compel Production of "NHB" Documents;
3. Order Granting Carter Bryant's Motion to Quash Mattel's Subpoena to Peoples Bank of the Ozarks;
4. Order Denying Mattel's Motion to Compel a Complete Response to Mattel's Supplemental Interrogatory Re Test Projects.

Best Regards,
Sandra Chan
JAMS
Two Embarcadero Center, Suite 1500
San Francisco, CA 94111
Tel: 415-982-5267
Direct Dial: 415-774-2611
Fax: 415-982-5287
email: schan@jamsadr.com

EXHIBIT _19_

PAGE _303_

# EXHIBIT 20

1

# CERTIFIED COPY

2  UNITED STATES DISTRICT COURT
   CENTRAL DISTRICT OF CALIFORNIA
3  EASTERN DIVISION
   -------------------------------------------X
4  CARTER BRYANT, an individual,

5                          Plaintiff,

6                          Case No. CV 04-9049

7            -against-

8  MATTEL, INC., a Delaware corporation,

9                          Defendant.
   -------------------------------------------
10  AND CONSOLIDATED CASES
   -------------------------------------------X
11                      180 Maiden Lane
                        New York, New York
12
                        DATE: September 28, 2007
13                      TIME: 10:32 a.m.

14

15            DEPOSITION of MAUREEN TKACIK, taken

16  pursuant to the Federal Rules of Civil Procedure,

17  and Subpoena, held at the above-mentioned time and

18  place before Karen D. Williams, a Notary Public of

19  the State of New York.

20

21

22

23  ATKINSON-BAKER, INC.
   COURT REPORTERS
24  (800) 288-3376
   www.depo.com
25  FILE NO.:  A10825B

EXHIBIT __20__

PAGE __304__

1

1

2   A P P E A R A N C E S:

3

4           KEKER & VAN NEST, LLP
                    Attorney for Plaintiff
5                   710 Sansome Street
                    San Francisco, California 94111
6           BY:     (Not present)

7

8           DOW JONES & COMPANY, INC.
                    Attorney for Defendant
                    The Wall Street Journal
9                   200 Liberty Street
                    New York, New York 10281
10          BY:     STUART D. KARLE, ESQ.

11

12          LAW OFFICES OF JAMES W. SPERTUS
                    Attorney for Defendant
                    Carlos Gustavo Machado Gomez
13                  12100 Wilshire Boulevard
                    Suite 620
14                  Los Angeles, California 90025
            BY:     (Not Present)
15

16          STROOCK & STROOCK & LAVAN, LLP
                    Attorney for Defendant
17                  Mattel, Inc.
                    2029 Century Park East
18                  Los Angeles, California 90067
            BY:     MICHAEL J. NIBORSKI
19

20

21

22

23

24

25
                                        EXHIBIT 20

                                        PAGE 305

                                                                    2

```
 1
 2    A P P E A R A N C E S:
 3
 4              O'MELVENY & MYERS
                     Attorney for Defendant
 5                   MGA Entertainment, Inc.,
                     MGA Entertainment, (HK), LTD.,
 6                   Isaac Larian and
                     MGAE de Mexico, S.R.I. de C.V.
 7                   Times Square Tower
                     7 Times Square
 8                   New York, New York 10036
              BY:    DALE M. CENDALI, ESQ.
 9
10
              O'MELVENY & MYERS
11                   Attorney for Defendant
                     MGA Entertainment, Inc.,
12                   MGA Entertainment, (HK), LTD.,
                     Isaac Larian and
13                   MGAE de Mexico, S.R.I. de C.V.
                     Times Square Tower
14                   7 Times Square
                     New York, New York 10036
15            BY:    KENDALL J. BURR, ESQ.
16
17
18
19
20
21
22
23
24
25
```

EXHIBIT 20

PAGE 306

3

1

2

3

4

5              IT IS HEREBY STIPULATED AND AGREED, by

6     and between the attorneys for the respective

7     parties herein, that the sealing and filing of the

8     within deposition be waived.

9

10

11             IT IS FURTHER STIPULATED AND AGREED

12    that this deposition may be signed and sworn to

13    before any officer authorized to administer an oath

14    with the same force and effect as if signed and

15    sworn to before the officer before whom said

16    deposition is taken.

17

18

19             IT IS FURTHER STIPULATED AND AGREED

20    that all objections, except as to form, are

21    reserved to the time of trial.

22

23

24

25

EXHIBIT 20

PAGE 307

4

```
 1                        TKACIK
 2    M A U R E E N   T K A C I K, having first been
 3    duly sworn by a Notary Public of the State of New
 4    York, was examined and testified as follows:
 5    BY THE REPORTER:
 6          Q     Please state your name for the record.
 7          A     Maureen Tkacik.
 8          Q     What is your address?
 9          A     65-67 Rivington, Apartment 7, New York,
10    New York 10002.
11
12    EXAMINATION BY
13    MR. NIBORSKI:
14          Q     Good morning, Miss Tkacik.
15          A     Good morning.
16          Q     Could you tell us where you are
17    currently employed?
18          A     I am currently employed by Gawker
19    Media.
20          Q     And is that here in New York?
21          A     Yes.
22          Q     And were you previously employed by the
23    Wall Street Journal?
24          A     I was.
25          Q     And approximately what time period were
```

EXHIBIT 20

PAGE 308

5

1                          TKACIK

2                  the bottom of which is an e-mail from

3                  Mr. Larian to Miss Tkacik dated July 14,

4                  2003.

5                      (Whereupon, the aforementioned

6                  e-mail was marked as Plaintiff's Exhibit

7                  8 for identification as of this date by

8                  the Reporter.)

9          Q      Miss Tkacik, do you recognize the

10    oldest e-mail in the chain, the last e-mail on the

11    page as an e-mail you received on or about July 14,

12    2003 from Mr. Larian to you?

13         A      I believe that -- I don't remember it

14    specifically, but I do remember him being -- I

15    remember him specifically saying to me at some

16    point, something about Formal Funk and how Mattel

17    had copied it, but I don't recognize the e-mail.  I

18    think it was one of the talking points.

19         Q      And there is nothing in this e-mail

20    that talks about a Bratz doll contest or when it

21    occurred; is that right?

22         A      Yes.

23         Q      And you are not aware of any written

24    communication of any kind from MGA on that point,

25    correct?

EXHIBIT 20

36  PAGE 309

1                          TKACIK

2        A     I don't know.

3        Q     And the e-mail also says, "Please

4   e-mail me a copy of the article when it's out as I

5   am in the orient. "

6              Do you see that?

7        A     Yes.

8        Q     And does that refresh your recollection

9   that he was, whether he mentioned to you he was in

10  Asia when he was speaking to you?

11       A     Yes, it does refresh.

12       Q     Now, when you spoke to Mr. Larian, did

13  you notice that he had a heavy accent?

14       A     I remember him, he does have an accent.

15  It certainly didn't make him unintelligible.

16       Q     Was it your impression that English was

17  not his first language?

18       A     I didn't really think about it.  He

19  spoke it very well.

20       Q     Do you understand that he came from

21  Iran?

22       A     I understood that he was Persian, but I

23  didn't know -- I don't remember.  I think that at

24  one point I probably talked to him about, you know,

25  when he had come over or what have you, but I have

EXHIBIT 20

PAGE 310

37

TKACIK

1

2    no recollection of that now.

3         Q       When you lived in Los Angeles, did you

4    have friends who worked for Mattel?

5         A       No.

6         Q       You say in your article after the

7    highlighted paragraph, "Mr. Larian, who emigrated

8    to the U.S. from Iran found his company in the late

9    1970."

10              Do you see that?  It's on Page 2.

11                   MR. KARLE:  It's right after the

12              highlight.

13        A       Okay.

14        Q       Does that refresh your recollection

15   that you understood that he had been born in Iran

16   and only later came to the United States?

17        A       Yes.

18        Q       Now, in your article, on that same Page

19   2, in the paragraph that starts, "The history of

20   the Bratz is intertwined with Mattel."

21              You see that?

22        A       Yes.

23        Q       And it goes on to say, "Inside Mattel,

24   some are convinced the Bratz borrowed liberally

25   from a Mattel project that was scrapped at the

EXHIBIT 20

PAGE 311

38

```
 1                        TKACIK

 2   testing stage in 1998."

 3             Do you see that?

 4      A     Yes.

 5      Q     Did Mr. Bousquette give you that

 6   information?

 7      A     No.

 8      Q     Did Miss Ross give you that

 9   information?

10      A     No one at Mattel who is quoted in the

11   story gave me that information.

12      Q     Did the people at Mattel who is quoted

13   in the story encourage you to investigate this

14   issue?

15      A     They had no idea.  They were oblivious.

16   My understand was that the people that I quoted in

17   the story were oblivious to that.

18      Q     So you have no idea, the people quoted

19   in the story never told you that they had been

20   involved in an investigation of Carter Bryant the

21   year before; is that right?

22      A     No.  They never told me anything like

23   that.

24      Q     Did you speak to Mr. Bousquette or

25   Miss Ross about Carter Bryant?
```

EXHIBIT **20**

PAGE **312**

39

```
 1
 2                    C E R T I F I C A T E
 3
 4   STATE OF NEW YORK      )
                         :   SS.:
 5   COUNTY OF KINGS        )
 6
 7
 8         I, KAREN D. WILLIAMS, a Notary Public for and
 9   within the State of New York, do hereby certify:
10         That the witness whose examination is
11   hereinbefore set forth was duly sworn and that such
12   examination is a true record of the testimony given
13   by that witness.
14         I further certify that I am not related to
15   any of the parties to this action by blood or by
16   marriage and that I am in no way interested in the
17   outcome of this matter.
18         IN WITNESS WHEREOF, I have hereunto set my
19   hand this 2nd  day of October, 2007.
20
21
22                    KAREN D. WILLIAMS
23
24
25  Signature Requested
```

EXHIBIT 20

PAGE 313

# EXHIBIT 21

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
2  JOHN B. QUINN (State Bar No. 090378)
   MICHAEL T. ZELLER (State Bar No. 196417)
3  JON D. COREY (State Bar No. 185066)
4  865 South Figueroa Street, 10th Floor
   Los Angeles, California 90017-2543
5  Telephone: (213) 443-3000; Facsimile: (213) 443-3100

6
   STROOCK & STROOCK & LAVAN LLP
7  BARRY B. LANGBERG (State Bar No. 048158)
8  MICHAEL J. NIBORSKI (State Bar No. 192111)
   2029 Century Park East, Suite 1600
9  Los Angeles, California 90067-3086
10 (lacalendar@stroock.com)
   Telephone: (310) 556-5800; Facsimile: (310) 556-5959
11

12 Attorneys for MATTEL, INC.

13            UNITED STATES DISTRICT COURT

14           CENTRAL DISTRICT OF CALIFORNIA

15                 EASTERN DIVISION

16 CARTER BRYANT, an individual,      )  Case No. CV 04-9049 SGL (RNBx)
                                       )  Consolidated with
17            Plaintiff,               )  Case No. CV 04-09059
                                       )  Case No. CV 05-02727
18      vs.                            )
                                       )  [PUBLIC REDACTED] SECOND
19                                     )  SUPPLEMENTAL DECLARATION
   MATTEL, INC., a Delaware            )  OF MICHAEL J. NIBORSKI IN
20 corporation,                        )  SUPPORT OF MATTEL, INC.'S
                                       )  REPLY IN SUPPORT OF MOTION
21            Defendant.               )  OBJECTING TO DISCOVERY
                                       )  MASTER'S FEBRUARY 26, 2008
22                                     )  ORDER DENYING MATTEL'S
                                       )  MOTION TO COMPEL DEPOSITION
23                                     )  OF CHRISTOPHER PALMERI
                                       )
24                                     )  Hearing Date:   April 14, 2008
                                       )  Time:           10:00 a.m.
25                                     )  Place:          Courtroom 1
26 AND CONSOLIDATED ACTIONS            )
                                       )
27                                     )
                                       )
28                                     )

                              SECOND SUPPLEMENTAL DECLARATION OF MICHAEL J. NIBORSKI

EXHIBIT 21
PAGE 314

## DECLARATION OF MICHAEL J. NIBORSKI

I, Michael J. Niborski, declare as follows:

1.      I am an attorney licensed to practice before all courts of the State of California and am an attorney with the law firm of Stroock & Stroock & Lavan LLP, co-counsel for Mattel, Inc. ("Mattel") in the above-captioned action. I submit this declaration in support of Mattel, Inc.'s Reply in Support of Motion Objecting to Discovery Master's February 26, 2008 Order Denying Mattel's Motion to Compel Deposition of Christopher Palmeri. The facts set forth in this declaration are true of my own personal knowledge, except where based on a review of the pleadings and records in this action and, if called as a witness, I could and would competently testify to such facts.

2.      On March 27, 2008, co-counsel for Mattel in this matter, Timothy Alger of the law firm Quinn Emanuel Urquhart Oliver & Hedges, LLP, and I engaged in conference with Alonzo Wickers, counsel for Christopher Palmeri and BusinessWeek magazine. During that discussion, counsel for Mattel informed Mr. Wickers that since Mattel filed its motion objecting to the Discovery's Master's February 26, 2008 Order, Isaac Larian had appeared for a second day of deposition, during which he was specifically asked about the source of the statements at issue in Mr. Palmeri's article and testified that he did not recall making the statements. Counsel for Mattel further informed Mr. Wickers that it would be submitting to the Court with its reply the relevant portions of the transcript of Larian's deposition along with a related exhibit. Counsel for Mattel requested that Mr. Palmeri reconsider his refusal to appear for deposition. Mr. Wickers said that he would discuss Mattel's request with his clients but did not believe that his clients would agree. Counsel for Mattel has not received any further response from Mr. Wickers.

3.      Attached hereto as Exhibit 1 is a true and correct copy of the relevant excerpts of the transcript of the deposition of Isaac Larian, dated March 26, 2008.

**EXHIBIT** _21_

**PAGE** _315_

4.      Attached hereto as Exhibit 2 is a true and correct copy of the relevant excerpts of the transcript of the deposition of David Malacrida, dated August 30, 2007.

5.      Attached hereto as Exhibit 3 is a true and correct copy of the relevant excerpts of the transcript of the deposition of Samir Khare, a <u>Rule</u> 30(b)(6) witness on behalf of MGA, dated January 23, 2008.

6.      Attached hereto as Exhibit 4 is a true and correct copy of an email from Christopher Palmeri to Isaac Larian, dated July 14, 2003, produced by MGA in this action and Bates-numbered MGA 3805091.  This document was marked as Exhibit 4941 in the Larian deposition on March 26, 2008.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed this 3rd day of April 2008, at Los Angeles, California.

Michael J. Niborski

EXHIBIT 21

PAGE 316