1 THOMAS J. NOLAN (Bar No. 66992)
  (tnolan@skadden.com)
2 SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
  300 South Grand Avenue, Suite 3400
3 Los Angeles, CA 90071
  Tel.: (213) 687-5000/Fax: (213) 687-5600
4
5 KENNETH PLEVAN (admitted *pro hac vice*)
  (kplevan@skadden.com)
  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
6 Four Times Square
  New York, NY 10036
7 Tel.: (212) 735-3000 / Fax: (212) 735-2000

8 Attorneys for MGA Entertainment, Inc., MGA Entertainment (HK) Limited,
  MGAE de Mexico, S.R.L. DE C.V., and Isaac Larian
9

10

11                UNITED STATED DISTRICT COURT

12                CENTRAL DISTRICT OF CALIFORNIA

13 | CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
|---|---|
| Plaintiff, | Consolidated with Case No. 04-9059 and Case No. 05-2727 |
| v. | MGA PARTIES' OPPOSITION TO MATTEL, INC.'S *EX PARTE* APPLICATION FOR (1) RELIEF FROM THE TWENTY-DAY REQUIREMENT OF LOCAL RULE 7-3; AND (2) FOR AN EXPEDITED HEARING DATE OF APRIL 28, 2008 |
| MATTEL, INC., a Delaware corporation, | |
| Defendant. | |
| AND CONSOLIDATED ACTIONS | |
| | Date: TBD<br>Time: TBD<br>Judge: Hon. Stephen G. Larson |

## I. PRELIMINARY STATEMENT

Having now filed its ***sixth*** *ex parte* application this month, Mattel has apparently decided to ignore completely the Court's admonition in its Standing Order that "<u>ex parte</u> applications are solely for extraordinary relief." Court's Standing Order at 5, citing *Mission Power Engineering Co. v. Continental Cas. Co.*, 883 F. Supp. 488 (C.D. Cal. 1995). Indeed, there is no other explanation for Mattel's latest *ex parte* application—a request to have its 19-page appeal of the Discovery Master's April 11, 2008 Order fully briefed and heard in five court days, even though Mattel made no attempt to expedite its own preparation and filing of the appeal or the Discovery Master's determination of Mattel's underlying motion. Mattel has failed to show good cause for expediting the hearing on its appeal, and its *ex parte* application should therefore be denied.

## II. SUMMARY OF FACTS

On January 24, 2008, Mattel filed an *ex parte* application seeking various relief regarding the MGA Parties' production of certain tangible items (the "Application Re Tangible Items"). The matter was fully briefed and heard by this Court on February 4, 2008. After considering all of the parties' arguments, the Court granted Mattel partial relief. (Declaration of Bernard Shek ("Shek Decl."), Ex. 1 at 4.)

On February 19, 2008, fifteen days after this Court issued its order, Mattel re-noticed its Application Re Tangible Items before the Discovery Master. (Shek Decl., Ex. 2 at 1.) Mattel requested that the Discovery Master grant the portions of Mattel's application that this Court had previously denied on the ground that the Court had directed the Discovery Master to resolve those portions of Mattel's application. In fact, however, the record shows that the Court decided Mattel's entire application and never ordered or suggested such piecemeal determination of the issues. (Shek Decl., Ex. 1 at 4-5; Ex. 3 at 66:6-79:22.) Despite lacking any support in the record for its position, Mattel pursued its re-noticed Application Re Tangible Items with the Discovery Master, and the matter was fully briefed by February 25, 2008.

On March 10, 2008, the Discovery Master held a hearing regarding eleven pending discovery motions, including six motions filed by Mattel. (Shek Decl., Ex. 4.) Although Mattel was able to choose in advance of the hearing which six of its motions would be heard, Mattel did not select its Application Re Tangible Items as one of them. (*Id.*) On April 11, 2008, the Discovery Master held another hearing to address other pending discovery motions, at which time he heard Mattel's Application Re Tangible Items. (Shek Decl., Ex. 2 at 2.)

Shortly after the April 11 hearing, the Discovery Master issued an order denying Mattel's Application Re Tangible Items. (*Id.*) After reviewing the Court's February 4, 2008 hearing transcript and minute order, the Discovery Master correctly concluded that this Court had already "heard and decided in full" Mattel's application and that "[c]ontrary to Mattel's assertion, at no time during the February 4, 2008 hearing or in its February 4, 2008 Civil Minute Order did the court state or even intimate that it was only deciding a portion of Mattel's Application." (*Id.*) Ten days later, on April 21, 2008, Mattel appealed the Discovery Master's order.

### III. THE COURT SHOULD DENY MATTEL'S *EX PARTE* APPLICATION.

By its *ex parte* application, Mattel seeks (1) relief from Local Rule 7-3's twenty-day requirement, and (2) an expedited hearing date of April 28, 2008 on its appeal of the Discovery Master's April 11, 2008 Order. Both requests should be rejected as without merit.

Relief from the twenty-day requirement is unnecessary because that requirement does not apply here. Because an order issued by the Discovery Master in this case is treated as a ruling by a Magistrate Judge (*see* Docket No. 107 at ¶ 6), Federal Rule of Civil Procedure 72(a) specifies that any appeal of that order must be filed within ten days. Fed. R. Civ. P. 72(a). Thus, the portion of Local Rule 7-3 that governs is not the twenty-day requirement, but is the portion that reads as follows: "If the proposed motion is one which under the F.R.Civ.P. must be filed within a specified period of time …, then this conference shall take place at least five (5) days

prior to the last day for filing the motion." L.R. 7-3. The MGA Parties do not dispute that the parties conferred at least five days prior to the last day for the filing of Mattel's appeal. Accordingly, Mattel's request for relief from Local Rule 7-3's twenty-day requirement should be denied.

The Court also should deny Mattel's request for an expedited hearing because Mattel has failed to show good cause to have its appeal heard on one week's notice. Indeed, Mattel's actions before the Discovery Master and in filing this appeal expose Mattel's purported need for expedited relief as nothing more than pure fiction.

Mattel made no effort to have the Discovery Master decide its Application Re Tangible Items on an expedited or shortened schedule. After this Court issued its ruling on Mattel's application on February 4, 2008, Mattel waited *fifteen days* to file its re-noticed application with the Discovery Master. Once its Application Re Tangible Items was pending before the Discovery Master, Mattel further delayed in having its application heard. Mattel could have presented its application at the Discovery Master's March 10, 2008 hearing, but chose to argue six other motions at that hearing. In addition, although the next scheduled hearing date was not until April 11, 2008, Mattel made no request to have the Discovery Master hear and decide its application earlier.

If Mattel truly required "prompt resolution" of its Application Re Tangible Items as it now asserts (*Ex Parte* App. at 2), Mattel could have filed its application with the Discovery Master earlier. If Mattel actually considered its application to be the "vital discovery matter" that Mattel now claims it to be (*id*. at 1), Mattel could have chosen that application as one of its six motions to be heard at the Discovery Master's March 10, 2008 hearing or could have made some attempt to have its application heard before April 11, 2008. Mattel did none of these things. Having failed to take prompt action itself, Mattel cannot now credibly assert that the approaching trial date requires that its appeal "be heard expeditiously." (*Id*. at 2.)

1  *See Mission Power*, 883 F. Supp. at 492 (parties seeking *ex parte* relief must show they are "without fault in creating the crisis that requires ex parte relief").

The Court should also reject Mattel's request for an abbreviated schedule because Mattel did nothing to accelerate the preparation and filing of its appeal. The Discovery Master issued his order denying Mattel's Application Re Tangible Items on April 11, 2008. Thus, the last date for Mattel to appeal that order was April 21, 2008. *See* Fed. R. Civ. P. 72(a). Given Mattel's purported need to have its appeal heard immediately, one would have expected Mattel to file its appeal well in advance of that deadline. Mattel did not. Instead, Mattel waited the entire ten-day period until the last possible moment—10:09 p.m. on April 21, 2008—to file its appeal. There is simply no justification for advancing the briefing schedule and hearing date on an appeal that Mattel is not even willing to prepare and file on an expedited basis.

Setting Mattel's appeal for hearing on April 28, 2008, also would unfairly prejudice the MGA Parties because it would give them very little time to prepare an opposition. Essentially, Mattel asks that the MGA Parties have only a day or two to respond to Mattel's 19-page appeal brief, which is accompanied by 22 exhibits totaling 200 pages. If granted, Mattel's request would deny the MGA Parties any meaningful opportunity to respond to Mattel's appeal.[1] Moreover, Mattel's proposed schedule is particularly egregious because Mattel took ten days to prepare its appeal. The Court should not punish the MGA Parties for Mattel's dilatory behavior. Accordingly, Mattel's request for an expedited schedule should be denied.

---

[1] Given a full and fair opportunity to respond, the MGA Parties will show that Mattel's appeal is without merit. Not only has Mattel misstated this Court's prior ruling on Mattel's Application Re Tangible Items, but as the MGA Parties previously told Mattel, the Court and the Discovery Master, the MGA Parties have already complied with prior orders regarding tangible items and have produced all responsive tangible items that they have found after a reasonably diligent, good faith search.

## IV. CONCLUSION

For the foregoing reasons, the MGA Parties respectfully request that the Court deny Mattel's *ex parte* application in its entirety.

DATED: April 22, 2008

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

By: *Thomas Nolan (APO)*
Thomas J. Nolan

Attorneys for MGA Entertainment, Inc. MGA Entertainment (HK) Limited, MGAE de Mexico, S.R.L. DE C.V., and Isaac Larian