THOMAS J. NOLAN (Bar No. 66992)
(tnolan@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, CA 90071
Tel.: (213) 687-5000/Fax: (213) 687-5600

KENNETH PLEVAN (admitted *pro hac vice*)
(kplevan@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, NY 10036
Tel.: (212) 735-3000 / Fax: (212) 735-2000

Attorneys for MGA Entertainment, Inc., MGA Entertainment (HK) Limited,
MGAE de Mexico, S.R.L. DE C.V., and Isaac Larian

## UNITED STATED DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>             Plaintiff,<br><br>    v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>             Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case No. 04-9059 and Case No. 05-2727<br><br>DECLARATION OF BERNARD SHEK IN SUPPORT OF MGA PARTIES' OPPOSITION TO MATTEL, INC.'S *EX PARTE* APPLICATION FOR (1) RELIEF FROM THE TWENTY-DAY REQUIREMENT OF LOCAL RULE 7-3; AND (2) FOR AN EXPEDITED HEARING DATE OF APRIL 28, 2008<br><br>Date:   TBD<br>Time:   TBD<br>Judge:  Hon. Stephen G. Larson |

1       I, Bernard Shek, declare:

2       1.      I am an attorney duly licensed to practice law in the State of California

3   and am an associate with the law firm of Skadden, Arps, Slate, Meagher & Flom

4   LLP, counsel of record for MGA Entertainment Inc., MGA Entertainment (HK)

5   Limited, MGAE De Mexico, S.R.L. De C.V. and Isaac Larian in this action.  Except

6   where otherwise noted, I have personal knowledge of the facts set forth below and

7   could competently testify thereto.

8       2.      Attached hereto as Exhibit 1 is a true and complete copy of the Court's

9   Minute Order, dated February 4, 2008.

10      3.      Attached hereto as Exhibit 2 is a true and complete copy of the

11  Discovery Master's Order Denying Mattel's Application to Enforce Court Orders

12  Compelling Production of Tangible Items, dated April 11, 2008.

13      4.      Attached hereto as Exhibit 3 is a true and complete copy of excerpts

14  from the Court's February 4, 2008 hearing.

15      5.      Attached hereto as Exhibit 4 is a true and complete copy of an email

16  dated February 26, 2008, from the Discovery Master to counsel for the parties.

17

18      I declare under penalty of perjury under the laws of the United States of

19  America that the foregoing is true and correct.  Executed this 22nd day of April,

20  2008, in Palo Alto, California.

                                            _____
                                                    Bernard Shek

# Exhibit 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA  92501
<u>CIVIL MINUTES -- GENERAL</u>

Case No.   CV 04-09049 SGL(RNBx)                         Date: February 4, 2008
Title:     CARTER BRYANT -v- MATTEL, INC.
           AND CONSOLIDATED ACTIONS
=================================================================
PRESENT:   HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

          Jim Holmes                          Theresa Lanza
          Courtroom Deputy Clerk              Court Reporter

**ATTORNEYS PRESENT FOR CARTER**                **ATTORNEYS PRESENT FOR MATTEL:**
**BRYANT:**

 Michael Page                                    John Quinn
                                                 Jon D. Corey

                                                **ATTORNEY PRESENT FOR CARLOS**
**ATTORNEYS PRESENT FOR MGA:**                  **GUSTAVO MACHADO GOMEZ:**

 Thomas J.  Nolan
 Carl A. Roth
 Robert J. Harrington

**ATTORNEYS PRESENT FOR THIRD-**
**PARTY WITNESSES**

 Larry W. McFarland
 Scott Gizer
 Ramit Mizrahi
 Henry H. Gonzalez
 Neal A. Potischman
 John Patrick Petrullo




 Alexander H. Cote


**MINUTES FORM 90**                                  Initials of Deputy Clerk ___jh____
**CIVIL -- GEN**                    1                Time: 1/45

Exhibit __1__,
P.____2____

PROCEEDINGS:

HEARING ON EX PARTE APPLICATIONS:

**1722 EX PARTE APPLICATION to Compel Deposition of Ana Cabrera, Beatriz Morales, and Maria Salazar and Mel Woods**

**1724 EX PARTE APPLICATION to Compel Depositions of Daphne Gronich, Joe Tiongco, Mariana Trueba, Pablo Vargas, MGA Entertainment, Inc.**

**1538 EX PARTE APPLICATION for Relief from 01-07-2008 Order re Motion Hearing**

**1583 EX PARTE APPLICATION to Compel Production of Electronic Media from Third Parties Elise Cloonan, Margaret Hatch-Leahy, and Veronica Marlow**

**1624 EX PARTE APPLICATION to Enforce Court's Orders Compelling Production of Tangible Items**

**1628 EX PARTE APPLICATION to Stay pending Review of Discovery Master's January 11, 2008 Order Granting MGA's and Bryant's Motion to Compel**

**ORDER TO SHOW CAUSE DIRECTED TO COUNSEL LARRY McFARLAND**

Having considered the documents submitted in support of and opposition to the applications set forth above, and having heard oral argument, the Court issues its rulings on these matters as stated on the record and as follows:

**EX PARTE APPLICATIONS REGARDING DEPOSITIONS
(DOCKET #1722 AND #1724) AND ORDER TO SHOW CAUSE**

These applications are DENIED IN PART, subject to the following rulings:

(1)     The Court's January 7, 2008, Order was intended to grant certain specified relief from the numerical limitations on discovery requests; it was not meant to make definitive rulings on burdensomeness, relevance, privilege, or service of discovery requests.

(2)     The Phase 1 discovery deadline has expired. Any Phase 1 discovery not properly served on or before this deadline may not now be pursued. Based on the representation of counsel that process for the letters rogatory on the Hong Kong witnesses has not been initiated, these witnesses may not be deposed on Phase 1 issues. Notwithstanding this ruling, however, the Court is concerned with the allegations by Mattel in its ex parte application regarding certain actions of Larry

MINUTES FORM 90
CIVIL -- GEN                                    2

Initials of Deputy Clerk __jh_____
Time: 1/45

Exhibit {___,
P. _3_

Case 2:04-cv-09049-DOC-RNB   Document 3244-2   Filed 04/22/08   Page 6 of 35   Page ID
#:54732
Case 2:04-cv-09049-SGL-RNB   Document 1931   Filed 02/04/2008   Page 3 of 7

McFarland, who represents certain third-party witnesses.  Mattel submits that Mr.
McFarland has been deliberately evading service of a notice of deposition on him
and his clients – serious allegations when made by an officer of the Court against
another officer of the Court.   Accordingly, Mr. McFarland is **ORDERED TO SHOW
CAUSE** why he and his clients should not be ordered to appear for deposition.  A
written response to this OSC must be filed no later than February 11, 2008.  Other
parties may file written replies no later than February 19, 2008.  The Court will hear
the matter at 10:00 a.m., February 25, 2008, in Courtroom One of the above-
referenced Court.

(3)      Phase 1 depositions that have been scheduled past the discovery deadline for the
convenience of the witnesses or pursuant to the stipulation of the parties and/or
witnesses may proceed as scheduled.

(4)      All discovery related to Phase 2, other than certain individual depositions that may be
related to both Phase 1 and Phase 2, is STAYED until further order of the Court.

(5)      As previously ordered and reaffirmed by this Court, all discovery matters shall be
presented in the first instance to the Discovery Master.  The fact that the Discovery
Master's ruling might impact upon the Court's scheduling order does not relieve the
parties of following this procedure.  For instance, motions to compel, motions to
quash, or motions challenging service as to existing discovery requests shall be
brought before the Discovery Master.  So, too, must objections based on
burdensomeness, relevancy, or privilege.  In general, and on the matters touched
upon herein, the Court expresses no opinion as to these issues, and instead leaves
those issues to the Discovery Master to decide in the first instance.

(6)      To the extent that certain challenged depositions are within the scope of the Court's
January 7, 2008, Order, and are related to Phase 1 (or to the extent that a given
deposition (other than a Rule 30(b)(6) deposition) is related to both Phase 1 and
Phase 2), said deposition may proceed subject to the challenges set forth in the
previous paragraph.  To the extent that the depositions are related to Phase 2, they
are STAYED, as set forth above, notwithstanding the January 7, 2008, Order.

(7)      The parties' arguments require the Court to resolve an internal inconsistency in the
Court's January 7, 2008, Order.  The Court's Order was meant to grant all parts of
Mattel's Motion for Leave to Take Additional Discovery (docket #1134) except the
relief sought as to the deposition of Carter Bryant.  The Court amends its 01.07.08
Order as follows:

Delete: <Specifically, the Court grants Mattel's request to take the
individual depositions relating to the Bratz claims (set forth in the
moving papers at 9-11) and relating to the trade secret and RICO

Exhibit  1
P.  4

claims (set forth in the moving papers at 13).>

Replace with: <Specifically, the Court grants Mattel's request to take the individual depositions relating to the Bratz claims (set forth in the moving papers at 9-11), relating to the trade secret and RICO claims (set forth in the moving papers at 13), and relating to document preservation (set forth in the moving papers at 14 (Joe Tiongco and Daphne Gronich)).>

(8)     The Court's January 7, 2008, Order granted leave to take additional discovery over and above the previously allocated 24 depositions per side. Nevertheless, as to all other depositions, how to "count" the previously allocated depositions is left to the discretion of the Discovery Master.

(9)     At the hearing, counsel for Christensen, Glaser requested that the Court clarify that its January 7, 2008, ruling granted leave to depose it on only one issue. That is not the case, and the request is DENIED. Mattel has been granted relief from the numerical limitations that previously restricted its ability to depose those individuals and entities addressed by the Court's January 7, 2008, Order, including its ability to depose Christensen, Glaser. Unless otherwise restricted by the Discovery Master upon proper presentation of the issue to him, Mattel may depose Christensen, Glaser on any relevant, non-privileged matter.

## MACHADO GOMEZ'S EX PARTE APPLICATION RE
## JANUARY 7, 2008, ORDER (DOCKET # 1504)

This application is GRANTED. As noted above, Phase 2 discovery is STAYED until further order of the Court. The Court will address Phase 2 discovery, motions, pretrial, and trial dates after the conclusion of Phase 1 of the trial.

## MATTEL'S EX PARTE APPLICATION RE MOTION TO COMPEL PRODUCTION OF
## ELECTRONIC MEDIA FROM THIRD PARTIES (DOCKET #1538)

This application is DENIED. This matter must be addressed in the first instance by the Discovery Master.

## MATTEL'S EX PARTE APPLICATION TO ENFORCE COURT'S ORDERS
## COMPELLING PRODUCTION OF TANGIBLE ITEMS (#1624)

This application is GRANTED IN PART. Counsel for MGA shall employ its best efforts to arrange for shipment of those tangible things located in the Peoples' Republic of China ("PRC") to Hong Kong Special Administrative Region ("Hong Kong") for examination in conjunction with those tangible things already located in Hong Kong. Otherwise, counsel for MGA shall cooperate in the

arrangements for inspection in both Hong Kong and the PRC.   Mattel's request for costs is denied without prejudice.

Counsel are encouraged to meet and confer with the intent of reaching a stipulation regarding the supplementation of expert reports.  Absent such stipulation, at the appropriate time, the Court will entertain an ex parte application from any party regarding this issue.

## MATTEL'S EX PARTE APPLICATION TO STAY PENDING REVIEW OF DISCOVERY MASTER'S JANUARY 11, 2008 ORDER (DOCKET # 1628)

This application is GRANTED IN PART.  The Court sets the motion for hearing on February 11, 2008.  Opposition shall be filed no later than February 6, 2008; any reply shall be filed no later than February 8, 2008.  The Discovery Master's January 11, 2008, Order is stayed until the issuance of the Court's minute order regarding the February 11, 2008, hearing.

**IT IS SO ORDERED**.

MINUTES FORM 90
CIVIL -- GEN

5

Initials of Deputy Clerk ___jh_____
Time: 1/45

Exhibit _1_,
P. _6_

# NOTICE PARTY SERVICE LIST

**Case No.**  CV 04-09049 SGL(RNBx)  **Case Title**  Carter Bryant v. Mattel, Inc.

**Title of Document**  Minute Order of February 4, 2008

| | |
|---|---|
| | Atty Sttlmnt Officer Panel Coordinator |
| | BAP (Bankruptcy Appellate Panel) |
| | Beck, Michael J (Clerk, MDL Panel) |
| | BOP (Bureau of Prisons) |
| | CA St Pub Defender (Calif. State PD) |
| | CAAG (California Attorney General's Office - Keith H. Borjon, L.A. Death Penalty Coordinator) |
| | Case Asgmt Admin (Case Assignment Administrator) |
| | Catterson, Cathy (9th Circuit Court of Appeal) |
| | Chief Deputy Admin |
| | Chief Deputy Ops |
| | Clerk of Court |
| | Death Penalty H/C (Law Clerks) |
| | Dep In Chg E Div |
| | Dep In Chg So Div |
| | Federal Public Defender |
| | Fiscal Section |
| | Intake Section, Criminal LA |
| | Intake Section, Criminal SA |
| | Intake Supervisor, Civil |
| | PIA Clerk - Los Angeles (PIALA) |
| | PIA Clerk - Riverside (PIAED) |
| | PIA Clerk - Santa Ana (PIASA) |
| | PSA - Los Angeles (PSALA) |
| | PSA - Riverside (PSAED) |
| | PSA - Santa Ana (PSASA) |
| | Schnack, Randall (CJA Supervising Attorney) |
| | Statistics Clerk |

| | |
|---|---|
| | US Attorneys Office - Civil Division -L.A. |
| | US Attorneys Office - Civil Division - S.A. |
| | US Attorneys Office - Criminal Division -L.A. |
| | US Attorneys Office - Criminal Division -S.A. |
| | US Bankruptcy Court |
| | US Marshal Service - Los Angeles (USMLA) |
| | US Marshal Service - Riverside (USMED) |
| | US Marshal Service -Santa Ana (USMSA) |
| | US Probation Office (USPO) |
| | US Trustee's Office |
| | Warden, San Quentin State Prison, CA |

| ✓ | *ADD NEW NOTICE PARTY* (if sending by fax, mailing address must also be provided) |
|---|---|

Name: Ambassador Pierre-Richard Prosper

Firm:

Address (*include suite or floor*): P.O. Box 581103

Salt Lake City, UT  84158

*E-mail: Prosper.Pierre@Arentfox.com

*Fax No.:

\* For CIVIL cases only

| *JUDGE / MAGISTRATE JUDGE (list below):* |
|---|
| |
| |
| |

**Initials of Deputy Clerk** jh

Exhibit  1
P.  7

Case 2:04-cv-09049-DOC-RNB  Document 3244-2  Filed 04/22/08  Page 10 of 35  Page ID
#:10931
Case 2:04-cv-09049-SGL-RNB   Document 1931   Filed 02/04/2008   Page 7 of 7

# NOTICE PARTY SERVICE LIST

**Case No.**  <u>CV 04-09049 SGL(RNBx)</u>   **Case Title** <u>Carter Bryant v. Mattel, Inc.</u>

**Title of Document**  <u>Minute Order of February 4, 2008</u>

| | |
|---|---|
| | Atty Sttlmnt Officer Panel Coordinator |
| | BAP (Bankruptcy Appellate Panel) |
| | Beck, Michael J (Clerk, MDL Panel) |
| | BOP (Bureau of Prisons) |
| | CA St Pub Defender (Calif. State PD) |
| | CAAG (California Attorney General's Office - Keith H. Borjon, L.A. Death Penalty Coordinator) |
| | Case Asgmt Admin (Case Assignment Administrator) |
| | Catterson, Cathy (9th Circuit Court of Appeal) |
| | Chief Deputy Admin |
| | Chief Deputy Ops |
| | Clerk of Court |
| | Death Penalty H/C (Law Clerks) |
| | Dep In Chg E Div |
| | Dep In Chg So  Div |
| | Federal Public Defender |
| | Fiscal Section |
| | Intake Section, Criminal LA |
| | Intake Section, Criminal SA |
| | Intake Supervisor, Civil |
| | PIA Clerk - Los Angeles (PIALA) |
| | PIA Clerk - Riverside (PIAED) |
| | PIA Clerk - Santa Ana (PIASA) |
| | PSA - Los Angeles (PSALA) |
| | PSA - Riverside (PSAED) |
| | PSA - Santa Ana (PSASA) |
| | Schnack, Randall (CJA Supervising Attorney) |
| | Statistics Clerk |

| | |
|---|---|
| | US Attorneys Office - Civil Division -L.A. |
| | US Attorneys Office - Civil Division - S.A. |
| | US Attorneys Office - Criminal Division -L.A. |
| | US Attorneys Office - Criminal Division -S.A. |
| | US Bankruptcy Court |
| | US Marshal Service - Los Angeles (USMLA) |
| | US Marshal Service -  Riverside (USMED) |
| | US Marshal Service -Santa Ana (USMSA) |
| | US Probation Office (USPO) |
| | US Trustee's Office |
| ✓ | Warden, San Quentin State Prison, CA |

| ✓ | ***ADD NEW NOTICE PARTY*** (if sending by fax, mailing address must also be provided) |
|---|---|

Name: Hon. Edward A. Infante (Ret.)

Firm:

Address (*include suite or floor*): Two Embarcadero

Center, Suite 1500, San Francisco, CA  94111

*E-mail:

*Fax No.:

* For CIVIL cases only

| ***JUDGE / MAGISTRATE JUDGE (list below):*** |
|---|
| |
| |
| |

**Initials of Deputy Clerk** <u>jh</u>

Exhibit  ___1___ ,
P.___8___

**Exhibit 2**

1   Hon. Edward A. Infante (Ret.)
    JAMS
2   Two Embarcadero Center
    Suite 1500
3   San Francisco, California 94111
    Telephone:    (415) 774-2611
4   Facsimile:    (415) 982-5287

5

6

7

8                   UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10                        EASTERN DIVISION

11

12  | CARTER BRYANT, an individual, | CASE NO. CV 04-09049 SGL (RNBx) |
    |                               | JAMS Reference No. 1100049530  |
13  |          Plaintiff,           |                                |
14  |                               |                                |
    |        v.                     | Consolidated with              |
15  |                               | Case No. CV 04-09059           |
    | MATTEL, INC., a Delaware corporation, | Case No. CV 05-2727     |
16  |          Defendant.           | **ORDER DENYING MATTEL'S**     |
    |                               | **APPLICATION TO ENFORCE COURT** |
17  |                               | **ORDERS COMPELLING**          |
    |                               | **PRODUCTION OF TANGIBLE ITEMS** |
18  | CONSOLIDATED WITH             |                                |
19  | MATTEL, INC. v. BRYANT and    |                                |
    | MGA ENTERTAINMENT, INC. v. MATTEL, |                           |
20  | INC.                          |                                |

21

22          On February 19, 2008, Mattel, Inc. ("Mattel") submitted a "Notice of Change of Hearing

23  on Application to Enforce Court Orders Compelling Production of Tangible Items."  On February

24  20, 2008, MGA Entertainment, Inc., Isaac Larian, MGA Entertainment (HK) Limited and MGAE

25  de Mexico S.R.L. de C.V. (collectively "MGA") submitted an opposition to Mattel's so-called

26

27

28
    Bryant v. Mattel, Inc.,                    Exhibit  2  ,                        1
    CV-04-09049 SGL (RNBx)                     P.  9

1   "Notice of Change of Hearing."  On February 25, 2008, Mattel submitted a response.  The matter

2   was heard on April 11, 2008.

3          Having considered the motion papers and the comments of counsel at the hearing, Mattel's

4   Application is denied.  Mattel previously noticed its Application for hearing before the district

5   court in the form of an *Ex Parte* Application.  The Application was heard and decided in full by

6   Judge Larson on February 4, 2008, as evidenced by the transcript of the proceedings and the Civil

7   Minute Order filed the same day.  Notably, during the hearing, Mattel's counsel drew the court's

8   attention to the list of tangible items Mattel now seeks.  See Transcript of February 4, 2008

9   hearing at p. 78 ("We've identified some things that have been in our reply on pages 1 and 2 that

10  have been identified in the document production, that are tangible items, that have not been

11  provided.  I'd encourage the court to look at that.").  Immediately thereafter, the court stated its

12  intent to grant Mattel's Application in part.  Id. at p. 79.

13         Contrary to Mattel's assertion, at no time during the February 4, 2008 hearing or in its

14  February 4, 2008 Civil Minute Order did the court state or even intimate that it was only deciding

15  a portion of Mattel's Application.  Nor did the court direct or even suggest that Mattel present any

16  portion of its Application to the undersigned Discovery Master for determination.  If the court had

17  intended to refer certain issues raised in the Application to the Discovery Master for

18  determination, the court would have done so expressly, as it did with Mattel's *Ex Parte*

19  Application re Motion to Compel Production of Electronic Media from Third Parties.  See Civil

20  Minute Order at p.4 ("This application is DENIED.  This matter must be addressed in the first

21  instance by the Discovery Master.").

22         Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery

23  Master, MGA shall file this Order with the Clerk of Court forthwith.

24

25  Dated: April *11*, 2008

26                                              HON. EDWARD A. INFANTE (Ret.)
                                                Discovery Master

27

28

# Exhibit 3

1              UNITED STATES DISTRICT COURT

2             CENTRAL DISTRICT OF CALIFORNIA

3                  EASTERN DIVISION

4                      - - -

5        HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING

6                      - - -

7   CARTER BRYANT, ET. AL.,              )
                                         )
8                    PLAINTIFFS,         )
                                         )
9         VS.                            )   NO. ED CV 04-09049
                                         )   (LEAD LOW NUMBER)
10  MATTEL, INC., ET. AL.,               )
                                         )
11                   DEFENDANTS.         )   EX-PARTE APPLICATIONS
    _____ )   RE:  DISCOVERY
12  AND CONSOLIDATED ACTIONS,            )
                                         )

13

14

15           REPORTER'S TRANSCRIPT OF PROCEEDINGS

16               RIVERSIDE, CALIFORNIA

17             MONDAY, FEBRUARY 4, 2008

18                   10:15 A.M.

19

20

21

22

23           THERESA A. LANZA, RPR, CSR

             FEDERAL OFFICIAL COURT REPORTER

24             3470 12TH STREET, RM. 134

             RIVERSIDE, CALIFORNIA  92501

25               951-274-0844

             CSR11457@SBCGLOBAL.NET

```
 1   APPEARANCES:
 2   ON BEHALF OF CARTER BRYANT:
 3                         KEKER & VAN NEST
                          BY:  MICHAEL PAGE
 4                         710 SANSOME STREET
                          SAN FRANCISCO, CALIFORNIA  94111-1704
 5                         415-391-5400
 6
     ON BEHALF OF MATTEL:
 7
                          QUINN EMANUEL
 8                         BY:  JOHN QUINN
                          BY:  JON COREY
 9                         865 S. FIGUEROA STREET,
                          10TH FLOOR
10                         LOS ANGELES, CALIFORNIA  90017
                          213-624-7707
11
12   ON BEHALF OF MGA ENTERTAINMENT:
13                         SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
                          BY:  THOMAS J. NOLAN
14                         BY:  CARL ALAN ROTH
                          BY:  ROBERT JAMES HERRINGTON
15                         300 SOUTH GRAND AVENUE
                          LOS ANGELES, CALIFORNIA  90071-3144
16                         213-687-5000
17
     ON BEHALF OF GUSTAVO MACHADO:
18
                          OVERLAND BORENSTEIN SCHEPER & KIM LLP
19                         BY:  ALEXANDER H. COTE
                          300 SOUTH GRAND AVENUE
20                         SUITE 2750
                          LOS ANGELES, CALIFORNIA  90071
21                         213-613-4660
22
     ON BEHALF OF CLOONAN, MARLOW & LEAHY:
23
                          KEATS MCFARLAND & WILSON LLP
24                         BY:  LARRY W. MCFARLAND
                          9720 WILSHIRE BOULEVARD
25                         BEVERLY HILLS, CA  90212
                          310-777-3750
```

FEBRUARY 4, 2008          ED CV 04-9059-SGL

Exhibit  3  ,

P.  12

Page 3

```
 1    APPEARANCES CONTINUED:
 2

      ON BEHALF OF NON-PARTY CHRISTENSEN GLASER:
 3
                              CHRISTENSEN, GLASER, FINK, JACOBS,
 4                             WEIL & SHAPIRO, LLP
                              BY:  SCOTT E. GIZER
 5                             10250 CONSTELLATION BOULEVARD
                              LOS ANGELES, CA  90067
 6                             310-553-3000
 7
      ON BEHALF OF THIRD PARTIES ANA CABRERA & BEATRIZ MORALES:
 8
                              ALLRED, MAROKO & GOLDBERG
 9                             BY:  RAMIT MIZRAHI
                              6300 WILSHIRE BOULEVARD,
10                             SUITE 1500
                              LOS ANGELES, CA  90048
11                             323-653-6530
12
      ON BEHALF OF THIRD PARTY WITNESS GENTLE GIANT STUDIOS:
13
                              BAUTE & TIDUS LLP
14                             BY:  HENRY H. GONZALEZ
                              777 S. FIGUEROA STREET,
15                             SUITE 4900
                              LOS ANGELES, CA  90017
16                             213-630-5000
17
      ON BEHALF OF WACHOVIA:
18
                              DAVIS POLK & WARDWELL
19                             BY:  NEAL A. POTISCHMAN
                              1600 EL CAMINO REAL
20                             MENLO PARK, CA  94025
                              650-752-2000
21
22    ON BEHALF OF KAMI GILMOR:
23                             BUCHALTER NEMER
                              BY:  JOHN PATRICK PETRULLO
24                             1000 WILSHIRE BOULEVARD,
                              SUITE 1500
25                             LOS ANGELES, CA  90017-2457
                              213-891-0700
```

FEBRUARY 4, 2008          ED CV 04-9059-SGL

Exhibit  3  ,
P.  13

1    AMONGST YOURSELVES.

2         I'M CERTAINLY GOING TO AGREE TO ANY STIPULATION THAT

3    YOU REACH, AS LONG AS YOU GIVE ME ONE FULL WEEKEND TO GET READY

4    FOR THE MONDAY HEARING; THAT'S ALL I'M ASKING FOR.

5         MR. PAGE:  THANK YOU, YOUR HONOR.

6         THE COURT:  THE NEXT EX PARTE IS MATTEL'S EX PARTE TO

7    ENFORCE COURT ORDERS COMPELLING PRODUCTION OF TANGIBLE ITEMS.

8    THESE RELATE TO THESE 12 MOLDS THAT ARE OVER IN CHINA.

9         SO, MR. NOLAN, LET ME BEGIN WITH YOU.

10        I AM A LITTLE -- THERE'S THIS REPEATED REPRESENTATION

11   THAT NO ONE DELIBERATELY DID ANYTHING, AND I GUESS I'M NOT

12   CONCERNED ABOUT WHAT PEOPLE DELIBERATELY DID OR DIDN'T DO; I'M

13   MORE CONCERNED ABOUT WHY THESE THINGS WERE NOT IDENTIFIED

14   SOONER.  AND I GUESS I DON'T HAVE A REAL CLEAR ANSWER TO THAT.

15        MR. NOLAN:  YOUR HONOR, ALL I CAN SAY --

16        THE COURT:  -- GIVEN -- LET ME SAY THIS -- GIVEN THE

17   REPRESENTATIONS THAT WERE MADE ABOUT THE DILIGENCE UPON WHICH

18   SEARCHES WERE DONE PURSUANT TO DOCUMENT REQUESTS.

19        THERE'S NO DISPUTE THAT THESE ARE COVERED BY THE

20   DOCUMENT REQUESTS.  JUDGE INFANTE HAS FOUND SUCH, ESSENTIALLY;

21   AND I -- READING THE DOCUMENT REQUESTS, I THINK MATTEL IS RIGHT

22   ON THAT THESE ARE CERTAINLY WITHIN THE AMBIT OF SEVERAL OF THE

23   DOCUMENT REQUESTS; SO THERE'S NO QUESTION THAT THEY NEED TO BE

24   PRODUCED.  THEY'VE BEEN ASKED FOR.

25        I'M SOMEWHAT CONCERNED AS TO WHY THEY WERE JUST

1    FOUND.

2              MR. NOLAN:  YOUR HONOR, I THINK IT'S PRETTY CLEAR.

3              BOTH SIDES HAVE BEEN ENGAGED IN ROLLING PRODUCTIONS

4    AS THEY HAVE FOUND NEW MATERIAL.  AND WE CERTAINLY, COMING INTO

5    THIS, HAVE DONE THAT, YOUR HONOR; AND I THINK THE RECORD IS

6    CLEAR THAT WE HAVE PRODUCED -- I THINK IT'S SOMEWHERE AROUND

7    800 TO 900 INTANGIBLE OBJECTS AS WE'VE LOCATED THEM

8    DOMESTICALLY.  WE THEN CAME UP AND IDENTIFIED, IN -- I BELIEVE

9    IT WAS EARLY DECEMBER, THE LOCATION IN CHINA AND IN HONG KONG,

10   THESE ADDITIONAL ITEMS.  ALL IN GOOD FAITH, YOUR HONOR.

11             WE'RE TRYING TO DO WHAT WE CAN.

12             MATTEL PRODUCED 73 PERCENT OF THEIR DOCUMENTS IN

13   JANUARY, IN OUR PRODUCTION, YOUR HONOR.

14             THE COURT:  I UNDERSTAND THAT ARGUMENT THAT YOU MADE.

15             MR. NOLAN:  ALL I'M SAYING IS, YOUR HONOR, WITH

16   RESPECT TO THIS, WE IMMEDIATELY NOTIFIED THEM WHEN THEY WERE

17   IDENTIFIED AS MOLDS RELATED TO BRATZ.  THERE'S A LOT OF MOLDS

18   OUT THERE, YOUR HONOR, AND SCULPTS AND PRODUCTS AND STUFF LIKE

19   THAT.  IT IS SIMPLY THAT, YOUR HONOR; WE IDENTIFIED IT, WE

20   FOUND IT, WE IMMEDIATELY TURNED IT OVER.

21             I CAN'T ADDRESS WHAT O'MELVENY --

22             THE COURT:  I'M NOT ASKING YOU TO.

23             MR. NOLAN:  NO, NO, NO.  BUT WHAT I MEANT BY THAT IS

24   THAT I CAN REPRESENT TO THE COURT THAT I HAVE SEEN NOTHING

25   WHICH WOULD SUGGEST, 'OH, DON'T PRODUCE THAT.'  THAT'S NOT THE

Page 68

1   ISSUE HERE.

2          THE COURT:  I'LL TELL YOU THE ONE THING, THE ONLY

3   THING THAT SEEMS TO SUGGEST THAT, ARE THESE LETTERS AND

4   CORRESPONDENCE WHICH SUGGESTS AN INTERPRETATION OF THE REQUEST

5   AS NOT CALLING FOR THAT.

6          MR. NOLAN:  ON THE MOLDS?

7          THE COURT:  YES.

8          HOW CAN YOU BE SUGGESTING THAT ON THE ONE HAND,

9   YOU'RE IN GOOD FAITH, LOOKING FOR THESE, BUT ON THE OTHER HAND,

10  COUNSEL IS SAYING, 'NO, THIS IS NOT COVERED'?

11         MR. NOLAN:  WELL, IF I MIGHT ADDRESS THAT REAL

12  QUICKLY, YOUR HONOR.

13         DESPITE THAT CORRESPONDENCE, AT THE SAME TIME, WE ARE

14  ALSO TELLING THEM ABOUT IT AND ALSO PROVIDING DIGITAL

15  PHOTOGRAPHS OF IT SO THEY CAN START PROCESSING IT IMMEDIATELY.

16         YOUR HONOR, ALL I CAN SAY IS THAT IN THIS CASE, MORE

17  THAN ANY CASE I'VE EVER SEEN, EVERY POSSIBLE ARGUMENT IS

18  RESERVED; AND IF WE'RE GUILTY OF THAT, I OWN UP TO IT; I'M

19  RESPONSIBLE AS THE LEAD LAWYER ON THIS CASE.  BUT IT WAS NOT

20  INTENDED AT ALL TO EVER SAY, 'YOU CAN'T HAVE ACCESS TO THIS

21  MATERIAL.'

22         NOW, I COULD MAKE AN INTERESTING ARGUMENT THAT ON ONE

23  PRODUCTION, THEY DID ASK FOR MOLDS SPECIFICALLY.  ON THE ONE

24  THAT WE WERE RESPONDING TO, THAT DIDN'T RELATE TO THESE, IT

25  DIDN'T RELATE TO THAT LOCATION, BUT --

1          THE COURT:  I DON'T FIND THAT A CONVINCING ARGUMENT.

2          MR. NOLAN:  BUT WE'RE NOT ADVANCING THAT ARGUMENT.

3          THE COURT:  FAIR ENOUGH.

4          MR. NOLAN:  AND WE DIDN'T ARGUE THAT.

5          YOUR HONOR, WHAT I'M ADVANCING IS OUR POSITION, IS

6  THAT WE DID A DILIGENT SEARCH.  WE WENT AND WE LOCATED THIS.

7  WE IMMEDIATELY NOTIFIED MATTEL.  WE PROVIDED THEM DATES FOR

8  THEM TO LOOK AT THIS STUFF.

9          WE CAN'T GET IT OUT OF CHINA.

10         THE COURT:  WHAT ABOUT THAT?  I KNOW THERE'S THIS

11  UNDERTAKING.  WHAT EFFORTS HAVE BEEN MADE TO GET RELIEF FROM

12  THAT AND GET THEM OVER HERE?

13         MR. NOLAN:  REAL QUICKLY, YOUR HONOR -- AND I WAS

14  HANDLING THIS, SO I CAN SPEAK TO THIS FIRST HAND -- I WAS

15  ADVISED AS TO THE LOCATION OF THIS MATERIAL IN HONG KONG.  I

16  WAS TOLD THAT THEY WERE SUBJECT TO AN UNDERTAKING BECAUSE

17  THERE'S LITIGATION GOING ON.  IT'S LIKE REMOVING EVIDENCE FROM

18  THE COURTROOM.

19         WE THEN IMMEDIATELY CALLED MATTEL, ADVISED THEM OF

20  THE SITUATION, AND TOLD THEM, 'LISTEN, WE HAVE TWO CHOICES.

21  ONE IS THAT WE CAN MAKE IT AVAILABLE IN HONG KONG.  THAT'S NOT

22  AN ISSUE.  BY THE WAY, WE NOTE THAT YOU HAVE AN OFFICE RIGHT

23  ACROSS FROM OUR OFFICES IN HONG KONG' -- THIS IS MATTEL AND MGA

24  -- 'SO THAT SHOULDN'T BE AN ISSUE.  BUT WE'LL GO THE EXTRA

25  MILE, AND WE WILL TALK TO COUNSEL IN HONG KONG TO TRY TO GET A

1    RELIEF FROM THE COURT.'

2            WE DID THAT.  SKADDEN IMMEDIATELY CALLED THE LAWYER

3    OVER IN HONG KONG, INSTRUCTED HIM TO GO TO COURT AND SEEK A

4    RELIEF SO THAT WE COULD MAKE THEM AVAILABLE.

5            THE COURT:  WHAT'S THE STATUS OF THAT?

6            MR. NOLAN:  THE FIRST COURT DENIED THE REQUEST AND

7    SAID -- AND I MAY BE WRONG ON THIS, YOUR HONOR -- IT WOULD BE

8    AKIN TO ALMOST LIKE ONE MAGISTRATE HAVING CRIMINAL DUTY AND

9    MAKING A RULING AND THEN GETTING A NEW MAGISTRATE AND THAT

10   MAGISTRATE SAYS, 'YOU KNOW, THE OTHER MAGISTRATE REVIEWED THE

11   BAIL CONDITIONS' -- THIS IS MY INTERPRETATION OF IT.  SO THE

12   FIRST JUDGE SAID, 'SOMEBODY ELSE RULES ON IT.  YOU HAVE TO GO

13   TO THE OTHER PERSON.'

14           WE WENT TO THE OTHER PERSON, AND THAT MATTER IS STILL

15   PENDING BEFORE THE COURT.  SO WE'VE MADE EVERY EFFORT, ALL OF

16   THE TIME, SAYING TO MATTEL, 'YOU HAVE OFFICES IN CHINA, AND YOU

17   HAVE OFFICES IN HONG KONG.  THESE THINGS ARE AVAILABLE.  HERE

18   ARE THE DATES THAT THEY'RE AVAILABLE.'  AND WE GAVE THEM DATES,

19   YOUR HONOR; WE GAVE THEM DATES IN ADVANCE.

20           AND I'LL REPRESENT TO THE COURT THAT WE CANNOT TAKE

21   THE MOLDS OUT OF CHINA, BECAUSE OF THE SIZE -- I MEAN, EVEN

22   THOSE THESE ARE SMALL DOLLS, THESE MOLDS ARE ENORMOUS; SO IT

23   MADE SENSE TO US TO JUST SIMPLY SAY, 'THIS ISN'T A BURDEN.

24   YOU'RE GOING TO HAVE A CAMERA TAKE PICTURES OF THIS' -- AND

25   THAT'S ALL THEY'RE GOING TO DO, IS TAKE THE DIGITAL PHOTOGRAPHS

1   OF THEM AND BRING THEM OVER HERE -- 'YOU'VE GOT STAFF OVER IN

2   CHINA AND IN HONG KONG.

3            THE COURT:  THIS ISN'T LIKE A KODAK CAMERA.  THIS

4   SOUNDS LIKE A PRETTY INTENSIVE, THREE-DIMENSIONAL

5   PHOTOGRAPHY --

6            MR. NOLAN:  YOUR HONOR, THAT'S THEIR OWN CHOOSING.

7   YOU KNOW, WE'RE MAKING THEM AVAILABLE IN THE LOCATION WHERE

8   THEY ARE KEPT --

9            THE COURT:  WHAT ABOUT THE EXPENSES SHIFTING ON THIS

10  BECAUSE OF THE INABILITY OF MGA TO GET THOSE OVER HERE?

11           MR. NOLAN:  I'M NOT AWARE OF ANY SITUATION WHERE

12  BECAUSE OF COURT RESTRICTIONS IN A JURISDICTION, WHERE WE'RE

13  BEING BOUND BY THOSE RULINGS, THAT WE SHOULD HAVE TO BEAR THE

14  BURDEN OF COSTS, WHERE THE PARTY HAS OFFICES AND A PRESENCE IN

15  BOTH HONG KONG AND IN CHINA.

16           I MEAN, YOUR HONOR, LET'S FACE IT, BOTH OF OUR

17  CLIENTS HAVE MANUFACTURING PLANTS LOCATED IN CHINA AND HONG

18  KONG.  THIS IS NOT A BURDEN TO THEM.  WE'RE NOT GETTING ANY

19  BENEFIT FROM THIS.

20           I WOULD REPRESENT TO YOU, YOUR HONOR, I THINK THAT

21  WE'VE ACTED IN COMPLETE GOOD FAITH IN THIS RESPECT.  IN TERMS

22  OF COST-SHIFTING, THE COST THAT WE'VE BORNE IN RESPONSE TO SOME

23  OF THE DISCOVERY IN THIS CASE IS JUST ASTRONOMICAL.  AND ONE OF

24  THE MOTIONS THAT YOU'RE GOING TO HEAR ABOUT SOON, YOUR HONOR,

25  IS THAT THERE'S A MOTION IN FRONT OF JUDGE INFANTE, THAT WE

Page 72

1  JUST LEARNED ABOUT ON THURSDAY IN THE OPPOSITION -- IF YOU'RE

2  TALKING ABOUT COST-SHIFTING -- WHERE -- AND I THINK IN ONE OF

3  OUR PAPERS HERE, WE SAID THAT WE'VE PAID -- EXCLUSIVE

4  ATTORNEY'S FEE, WE'VE PAID $4 MILLION TO MAKE PRODUCTION HERE.

5  WE LEARNED ON THURSDAY THAT DESPITE JUDGE INFANTE'S ORDERS IN

6  THIS CASE, MATTEL HAS NOT REVIEWED LIVE E-MAILS OR BACKUP TAPE

7  E-MAILS IN DOING THEIR PRODUCTION REQUESTS, BECAUSE ON THEIR

8  OWN, THEY DETERMINED THAT IT WAS TOO EXPENSIVE.

9           SO I'M JUST SAYING, YOUR HONOR, I RESPECTFULLY DO NOT

10  BELIEVE THAT IT IS APPROPRIATE FOR COST-SHIFTING HERE,

11  ESPECIALLY WHEN WE HAVE PROVIDED THEM SO MUCH DISCOVERY HERE,

12  IN TERMS OF OBJECTS, MOLDS -- THEY ALREADY HAVE OTHER MOLDS

13  THAT WERE USED, YOUR HONOR.  THEY COULD EASILY GO, WALK ACROSS

14  THE STREET, DO WHATEVER CAMERA PHOTOGRAPHS THEY NEED.  WE'VE

15  ALREADY PROVIDED DIGITAL PHOTOGRAPHS TO THEM.

16           THE COURT:  OKAY, COUNSEL.  I THINK I UNDERSTAND YOUR

17  POSITION.

18           LET ME HEAR FROM MR. COREY ON THIS.

19           AND, MR. COREY, MAYBE I SHOULD SAY THIS:  I AGREE

20  THAT YOU NEED TO HAVE ACCESS TO THESE, AND I'M PREPARED TO GIVE

21  YOU LEAVE THROUGH THE MONTH OF FEBRUARY, UNTIL MARCH 1ST, TO

22  HAVE ACCESS TO THESE, TO TAKE THE THREE-DIMENSIONAL

23  PHOTOGRAPHS.

24           MY QUESTION IS -- WHAT I'M DECIDING HERE IS BASICALLY

25  ON THE COST-SHIFTING ISSUE.

1          MR. COREY:  WITH RESPECT TO THE COST-SHIFTING ON THIS

2     PARTICULAR ISSUE, I DO THINK IT'S APPROPRIATE, AND IT'S

3     APPROPRIATE FOR THE REASON THAT THE COURT IDENTIFIED; THAT IF

4     THERE HAD BEEN SOME SHOWING OF DILIGENCE, THEN WE COULD HAVE

5     DEALT WITH THE UNDERTAKING SOONER.  IT COULD HAVE BEEN PRODUCED

6     IN THE UNITED STATES.

7          I THINK THE FACT THAT THEY'RE JUST GETTING AROUND TO

8     IDENTIFYING THE UNDERTAKING FOR US NOW, SAYING THAT THEY'RE

9     TRYING TO DEAL WITH IT IN THIS VERY COMPRESSED PERIOD OF TIME,

10    IN LIGHT OF THE FACT THAT JUDGE INFANTE HAD ORDERED THAT THESE

11    THINGS SHOULD HAVE BEEN PRODUCED OR MADE AVAILABLE TO US MONTHS

12    AGO --

13         THE COURT:  CAN I REALLY MAKE THAT FINDING, THOUGH,

14    BECAUSE I REALLY DON'T KNOW ENOUGH ABOUT THAT COURT PROCEEDING

15    OVER IN HONG KONG TO SAY WHETHER THIS CHALLENGE TO THE

16    UNDERTAKING OR REQUEST FOR RELIEF FROM THE UNDERTAKING WOULD

17    HAVE BEEN MADE IN OCTOBER, AS OPPOSED TO JANUARY, THAT THAT

18    REALLY WOULD HAVE HAD ANY DIFFERENT RESULT.

19         MR. COREY:  I THINK THE ABSENCE OF EVIDENCE ON THIS

20    IS SIGNIFICANT, BUT I DON'T THINK THAT SHOULD BEAR AGAINST

21    MATTEL.  THE ONUS IS ON THEM TO SAY, 'THIS IS THE NATURE OF THE

22    UNDERTAKING, THIS IS THE NATURE OF THE PROCEEDING.'  THEY

23    HAVEN'T EVEN IDENTIFIED THE PROCEEDING FOR US.

24         THIS ISN'T AN OBJECTION OR ANYTHING THAT THEY HAD

25    RAISED IN FRONT OF JUDGE INFANTE, WHEN THESE REQUESTS WERE IN

1   FRONT OF HIM.  SO I DON'T THINK THAT BURDEN, PARTICULARLY IN

2   LIGHT OF THE ABSENCE OF EVIDENCE, AN ARTICULATION OF WHAT

3   EXACTLY THE NATURE OF THIS UNDERTAKING IS.  WHAT PRODUCTS OR

4   WHAT ITEMS THIS APPLIES TO SHOULD BE BORNE BY MATTEL.

5            THE COURT:  IS THERE ANYTHING ELSE YOU WANT TO SAY,

6   COUNSEL?

7            MR. COREY:  YES.  VERY BRIEFLY.

8            WHAT WE'RE REALLY CONCERNED ABOUT HERE IS BEING

9   PREJUDICED WITH RESPECT TO WHAT OUR EXPERTS CAN LOOK AT; AND

10  THAT'S THE REASON THAT THIS IS BEFORE THIS COURT AND NOT BEFORE

11  JUDGE INFANTE.

12           WE WOULD LIKE SOME RELIEF, OR AT LEAST THE ABILITY TO

13  SUPPLEMENT OUR INITIAL EXPERT REPORTS WITH INFORMATION THAT WE

14  MAY OBTAIN FROM THESE SCANS.

15           AND THE NEXT POINT IS, WE APPRECIATE THE OPPORTUNITY

16  TO DO IT BY THE END OF FEBRUARY.  WE WILL TRY TO DO THAT.  THE

17  CHINESE NEW YEAR, HOWEVER, RUNS BETWEEN, I BELIEVE,

18  FEBRUARY 2ND AND FEBRUARY 16TH, WHEN NOTHING CAN REALLY HAPPEN.

19  MY UNDERSTANDING IS THAT IT TAKES ABOUT TEN DAYS TO GET THROUGH

20  CUSTOMS WITH THIS TYPE OF SCANNING EQUIPMENT.

21           WHAT WOULD MAKE IT EXCEEDINGLY --

22           THE COURT:  THEY DON'T HAVE THAT OVER THERE?  HONG

23  KONG IS PRETTY ADVANCED.

24           MR. QUINN:  IT'S THE CONSULTANT'S SCANNING EQUIPMENT.

25  I CAN'T SPEAK INTELLIGENTLY TO EXACTLY WHAT IT IS.  IT'S HIS

Page 75

1    EQUIPMENT.  IT'S SET UP THE WAY HE LIKES IT.  IF HE USES

2    SOMEBODY ELSE'S SCANNING EQUIPMENT, I GUARANTEE YOU, HE WOULD

3    BE CROSS-EXAMINED ON THE FACT THAT HE DIDN'T USE HIS OWN

4    EQUIPMENT.  THAT'S REALLY WHAT IT COMES DOWN TO.

5               THE COURT:  I SEE.

6               MR. COREY:  WE WILL TRY TO GET IT ACCOMPLISHED IN

7    MARCH.  WHAT WOULD BE EXCEEDINGLY HELPFUL IS IF ALL OF THE

8    MATERIALS CAN BE MADE AVAILABLE IN A SINGLE LOCATION.  I

9    UNDERSTAND THAT (UNINTELLIGIBLE) IS ABOUT 20 MILES FROM HONG

10   KONG.  IF ALL OF THOSE MATERIALS COULD BE MADE AVAILABLE IN THE

11   SAME LOCATION, THAT WOULD PREVENT THE CONSULTANT FROM HAVING TO

12   TAKE HIS SCANNING EQUIPMENT THROUGH CUSTOMS TWICE.

13              THE COURT:  RIGHT.  YOU JUST WANT TO GO INTO THE

14   ADMINISTRATIVE ZONE OF HONG KONG AND NOT HAVE TO GO INTO THE

15   PRC ITSELF.

16              MR. COREY:  RIGHT.  ABSOLUTELY.

17              THE COURT:  I'M NOT SUGGESTING THAT HONG KONG IS NOT

18   PART OF THE PRC.

19              MR. COREY:  ALL I'M SAYING IS, IF WE CAN GO THROUGH

20   CUSTOMS ONCE, THAT WOULD BE MUCH EASIER.

21              THE COURT:  VERY WELL.

22              COUNSEL, WHAT ABOUT THE IDEA OF BRINGING IT TOGETHER

23   IN HONG KONG?  IS THAT SOMETHING THAT CAN HAPPEN?

24              MR. NOLAN:  YOUR HONOR, WE WOULD TRY TO ACCOMMODATE,

25   FOR THE CONVENIENCE OF THE PARTY, PUTTING THEM ALL IN ONE

1    LOCATION.  HOWEVER, I CANNOT TALK TO THE CUSTOMS PROCEDURES.  I

2    DON'T KNOW HOW EASY IT IS TO GET THE MOLDS TO HONG KONG OR GET

3    THE PRODUCT THAT'S IN HONG KONG OVER TO CHINA.  I THINK THAT

4    THERE ARE ISSUES.

5              AND I RESPECTFULLY SUBMIT, YOUR HONOR, THAT IF THIS

6    IS JUST A -- AND I'M NOT SAYING "JUST" A CONSULTANT -- BUT IF

7    THIS IS BECAUSE THEY'RE USING A PARTICULAR CONSULTANT WHO LIKES

8    A PARTICULAR CAMERA, A, I DON'T THINK THERE'S A REASON FOR THE

9    COST-SHIFTING TO ME, AS A RESULT BECAUSE THEY HAVE A PREFERENCE

10   TO USE ONE CAMERA VERSUS --

11             THE COURT:  IT'S NOT A PREFERENCE.  HE'S CONCERNED

12   ABOUT YOUR OBJECTION TO THE EXPERT RELYING ON SOMEBODY ELSE'S

13   THREE-DIMENSIONAL PHOTOGRAPHS.  THEY'RE WILLING TO STIPULATE TO

14   WHATEVER THESE PHOTOGRAPHS ARE AND NOT RAISE ANY OBJECTION.

15             MR. NOLAN:  YOUR HONOR, WE PROVIDED THEM DIGITAL

16   PHOTOGRAPHS.  THEY ASKED US TO TAKE THE DIGITAL PHOTOGRAPHS.

17   YOUR HONOR, IF THEY WANT TO COME TO US AND SHOW US PHOTOGRAPHS

18   OF THESE OBJECTS AND LET US BE THERE WHEN THEY TAKE THE

19   PHOTOGRAPHS, WE'VE GOT -- WE'RE GOING TO WIN THIS CASE IN A

20   DIFFERENT WAY THAN WORRYING ABOUT WHETHER OR NOT THE CAMERA WAS

21   AN INSTAMATIC OR A VIDEO CAMERA.

22             THE COURT:  ALL RIGHT.

23             MR. NOLAN:  BUT I DO WANT TO MAKE ONE LAST POINT ON

24   THIS, SO THE RECORD IS CLEAR, YOUR HONOR.

25             WE IDENTIFIED, IN DECEMBER, IN FACT DECEMBER 7TH,

Exhibit  3  ,
P.  24

1    THAT THERE WAS AN UNDERTAKING THAT WE HAD TO DEAL WITH; AND IT

2    WAS MATTEL THAT ASKED US FOR THE RIGHT TO INSPECT IN HONG KONG.

3    AND WE IMMEDIATELY SAID YES.

4              AT THE SAME TIME, WE DID THIS DOUBLE-TRACKING.

5              IT WASN'T UNTIL DECEMBER 26TH, FOR WHATEVER REASON --

6    WHY IT TOOK 22 DAYS, I DON'T KNOW -- FOR THEM TO ADVISE US THAT

7    THEY WERE GOING TO HAVE TROUBLE GETTING A CAMERA THROUGH

8    CUSTOMS.  IT WAS GOING TO TAKE SEVEN DAYS TO GET THROUGH

9    CUSTOMS.

10             ALL I'M SAYING IS, YOUR HONOR, I'M JUST ADDRESSING

11   THIS COST-SHIFTING ISSUE.

12             THE COURT:  VERY WELL.

13             MR. COREY:  EXTRAORDINARILY BRIEFLY.

14             JUST SO THERE'S NO CONFUSION, WE'RE NOT TALKING

15   ABOUT, LIKE, A CAMERA THAT YOU CAN GO BUY AT A STORE.  I MEAN,

16   THE EQUIPMENT COSTS ABOUT A QUARTER OF A MILLION DOLLARS; AND

17   THAT'S BEFORE IT'S CALIBRATED.  THE DEGREE OF PRECISION HERE IS

18   VERY SIGNIFICANT.  I'M NOT TALKING ABOUT SOMETHING SOMEBODY CAN

19   RUN DOWN TO BEST BUY AND BUY.  IT'S NOT A TRIVIAL UNDERTAKING.

20             THE COURT:  BUT IF THERE IS SOMEBODY WITH THAT KIND

21   OF EQUIPMENT AND THAT KIND OF EXPERTISE TO DO IT OVER IN HONG

22   KONG ALREADY, AND COUNSEL IS WILLING TO STIPULATE THAT WHATEVER

23   PICTURE THEY TAKE CAN BE USED BY THE EXPERT FOR HIS PURPOSES,

24   AND THERE'S NOT GOING TO BE ANY AUTHENTICATION OR FOUNDATION OR

25   CHALLENGE BASED ON THE PHOTOGRAPH ITSELF, THEN THAT WOULD SAVE

1   A LOT OF MONEY AND A LOT OF TIME AND EFFORT FOR EVERYBODY;

2   CORRECT?

3              MR. COREY:  IT THEORETICALLY WOULD.  BUT IN LIGHT OF

4   THE CHINESE NEW YEAR, THAT'S NOT A PROCESS WE WOULD EVEN BE

5   ABLE TO START UNTIL THE SECOND HALF OF THIS MONTH.

6              THE COURT:  ALL RIGHT.

7              WELL, ASSUMING THE COURT GAVE YOU SUFFICIENT TIME TO

8   OBTAIN THIS...

9              MR. COREY:  THAT'S REALLY THE BASIS FOR OUR MOTION,

10  IS WE DON'T WANT TO BE PREJUDICED BY HAVING THIS STUFF GIVEN TO

11  US --

12             THE COURT:  YOU'RE NOT GOING TO BE PREJUDICED.

13             MR. NOLAN:  BY THE WAY, WE DON'T OPPOSE THE

14  SUPPLEMENTATION OF THE EXPERT REPORTS.  IN FACT, I THINK SINCE

15  THE WAY THE TIMING IS GOING TO BE WITH JUDGE INFANTE'S RULINGS

16  COMING OUT ON EITHER THE 11TH OR THE 13TH, I THINK BOTH SIDES

17  ARE GOING TO HAVE TO BE SUPPLEMENTING THEIR EXPERT REPORTS THAT

18  ARE DUE ON THE 11TH.  IT'S JUST GOING TO BE VIRTUALLY

19  IMPOSSIBLE.  SO WE HAVE NO OBJECTION, YOUR HONOR, AS THIS PLAYS

20  OUT, IF THEY HAVE TO SUPPLE ONE OF THEIR EXPERTS.

21             MR. COREY:  WE'VE IDENTIFIED SOME THINGS THAT HAVE

22  BEEN IN OUR REPLY ON PAGES 1 AND 2 THAT HAVE BEEN IDENTIFIED IN

23  THE DOCUMENT PRODUCTION, THAT ARE TANGIBLE ITEMS, THAT HAVE NOT

24  BEEN PROVIDED.

25             I'D ENCOURAGE THE COURT TO LOOK AT THAT.

1          THE COURT:  I AM GOING TO GRANT THE EX-PARTE

2    APPLICATION IN PART.  I AM GOING TO GRANT LEAVE TO MATTEL TO

3    TAKE THESE PHOTOGRAPHS AND OBTAIN THIS INFORMATION AND TO

4    REVIEW THE MOLDS.

5          I'M DISINCLINED AT THIS POINT TO MAKE THE

6    COST-SHIFTING.  I WILL GIVE LEAVE TO SUPPLEMENT EXPERT REPORTS,

7    THOUGH, DEPENDING ON THE TIMING AND WHEN THIS INFORMATION AND

8    THESE THINGS ARE MADE AVAILABLE.  BUT I DO WANT COUNSEL TO MEET

9    AND CONFER.

10         AND THE COURT'S DENIAL OF THE COST-SHIFTING IS MADE

11   WITHOUT PREJUDICE.  IF EITHER SIDE IS UNREASONABLE IN TERMS OF

12   HOW THEY GO ABOUT MAKING THESE MOLDS AVAILABLE, THE COURT MIGHT

13   RECONSIDER IT DOWN THE ROAD.  BUT LET'S TRY TO GET THESE MOLDS

14   TOGETHER IN HONG KONG, IF WE CAN.  IF WE CAN'T, WE CAN'T.  AND

15   I'M NOT GOING TO ORDER YOU TO DO SOMETHING YOU CAN'T DO.

16         LET'S TRY TO FIND SOMEBODY OVER THERE ON THE GROUND

17   THAT CAN TAKE IT AND WORK OUT A STIPULATION IN TERMS OF ANY

18   OBJECTIONS TO THAT BEING RELIED UPON BY THE EXPERT.  AND IF

19   ANYONE IS UNREASONABLE IN TRYING TO COME UP WITH SOME

20   COST-SAVING MEASURES, THEN THE COURT MIGHT RECONSIDER IMPOSING

21   COSTS.  BUT ASSUMING THAT EVERYONE IS WORKING IN GOOD FAITH,

22   I'M GOING TO DECLINE TO DO THAT.

23         THE LAST EX-PARTE APPLICATION IS CONCERNING THE

24   COMPELLING OF PRODUCTION OF ELECTRONIC MEDIA FROM THIRD

25   PARTIES, OR, IN THE ALTERNATIVE, MODIFYING THE SCHEDULING

Exhibit 3 ,
P. 27

1  AND MR. QUINN WERE ASKED TO FILE A RESPONSE OR A REPLY TO THE

2  COURT WITH RESPECT TO THE CIRCUMSTANCES.

3        THE COURT:  I THINK THEY INDICATED THAT THEY ALREADY

4  HAVE FILED A REPLY AND THAT THERE'S INFORMATION CONCERNING THAT

5  ON THIS.

6        MR. NOLAN:  I APOLOGIZE FOR NOT UNDERSTANDING.

7        THE COURT:  AM I RIGHT, MR. QUINN?

8        MR. QUINN:  THAT WAS MY UNDERSTANDING.

9        THE COURT:  THEY JUST DIDN'T KNOW ANYTHING ABOUT THE

10  REPLY; THAT WAS SOMEBODY ELSE WHO WROTE THAT; SO THEY DON'T

11  WANT TO TALK TO ME ABOUT IT RIGHT NOW.

12        THANK YOU.  GOOD AFTERNOON.

13

14

15

16

17

18                    CERTIFICATE

19

20  I HEREBY CERTIFY THAT PURSUANT TO SECTION 753, TITLE 28, UNITED
    STATES CODE, THE FOREGOING IS A TRUE AND CORRECT TRANSCRIPT OF
21  THE STENOGRAPHICALLY RECORDED PROCEEDINGS HELD IN THE ABOVE-
    ENTITLED MATTER AND THAT THE TRANSCRIPT PAGE FORMAT IS IN
22  CONFORMANCE WITH THE REGULATIONS OF THE JUDICIAL CONFERENCE OF
    THE UNITED STATES.

23

24  _____         _____

    THERESA A. LANZA, CSR, RPR                DATE
25  FEDERAL OFFICIAL COURT REPORTER

**Exhibit 4**

**From:** Chan Sandra[SMTP:SCHAN@JAMSADR.COM]
**Sent:** Tuesday, February 26, 2008 11:14:35 AM
**To:** johnquinn@quinnemanuel.com; michaelzeller@quinnemanuel.com; joncorey@quinnemanuel.com; duanelyons@quinnemanuel.com; timalger@quinnemanuel.com; DominicSurprenant@QuinnEmanuel.com; dylanproctor@quinnemanuel.com; shanemckenzie@quinnemanuel.com; bridgethauler@quinnemanuel.com; tamarbuchakjian@quinnemanuel.com; juanpabloalban@quinnemanuel.com; jkeker@KVN.com; mhp@kvn.com; cma@kvn.com; jtrinidad@kvn.com; Nolan, Thomas J (LAC); Kennedy, Raoul D (SFC); Park, Amy S (PAL); Posner, Harriet S (LAC); Roth, Carl A (LAC); cholden@mgae.com; Miller, Timothy A (SFC); mwerdegar@kvn.com; awalton-hadlock@kvn.com; acote@obsklaw.com; moverland@obsklaw.com; Mumford, Marcus R (LAC); lmcfarland@kmwlaw.com; cdowell@kmwlaw.com; Eckles, Paul M (NYC); Herrington, Robert J (LAC); johngordon@quinnemanuel.com; Etcheverry, Lance A (LAC)
**Subject:** RE: Bryant, Carter vs. Mattel, Inc.; Notice of Hearing of March 10, 2008
**Auto forwarded by a Rule**

Dear Counsel:

Thank you for your prompt responses.  This will confirm that a telephonic hearing on the following motions has been scheduled as follows:

DATE:          March 10, 2008 @ 8:30 a.m. for 2 hours

PANELIST:      Hon. Edward A. Infante (Ret.)

CALL-IN NO.:   1-877-696-5267

PASS CODE:     147014#

MOTIONS:

1. Mattel's Motion to Compel the Continued Deposition of Isaac Larian and to Overrule Instructions Not to Answer (Filed 1/22/08);

2. MGA Defendants' Motion to Quash Deposition Subpoenas [re Non-Parties Mel Woods, Daphne Gronich, Joe Tiongco, NPD Group, Inc., Ana Isabel Cabrera, Beatriz Morales, Moss Adams, and Wachovia Corp.; and Maria Elena Salazar] (filed 1/23/08);

3. Carter Bryant's Motion to Compel Responses to Discovery Requests (filed 2/8/08);

4. Mattel's Motion for Order Enforcing Court's 1/25/07 Order Compelling Bryant to Produce Computer Hard Drives and for Sanctions (filed 1/28/08);

5. MGA's and Carter Bryant's Joint Motion to Compel Production of Improperly Withheld Mattel Documents Showing Mattel's Investigation of MGA and Carter Bryant Prior to November 2003 and to Compel Production of All "NHB" Documents (filed 1/28/08);

6. Carter Bryant's Motion to Quash Mattel Inc.'s Subpoena Issued to People's Bank of the Ozarks or in the Alternative, for Protective Order (filed 1/28/08);

7. Mattel's Motion to Compel a Complete Response to Mattel's Supplemental Interrogatory re Test Projects (filed 1/28/08);

Exhibit  4
P.  29

8.      MGA and Carter Bryant's Joint Motion to Compel an Unredacted Version of M0074400, Mattel's Investigative File 02-299 and the Further Deposition of Richard De Anda (filed 1/4/08);

9.      Mattel's Motion to Compel Documents Only Portions of Which are Allegedly Privileged (filed 1/22/08);

10.     Mattel's Motion for Order Compelling Production of Withheld MGA (1) Trademark Search Results, (2) Date of First Use Information, and (2) Factual Data Communicated for the Purpose of Filing Trademark or Other Intellectual Property Applications (filed 1/23/08); and

11.     Mattel's Motion to Compel Production of Third Party Communications Improperly Withheld Under a Claim of "Common Interest" Privilege (filed 1/23/08)

Please dial the above call-in number and enter the pass code to participate in the hearing.  Should you need further assistance please feel free to contact me again.

Best Regards,
Sandra Chan
JAMS
Two Embarcadero Center, Suite 1500
San Francisco, CA  94111
Tel:  415-982-5267
Direct Dial:  415-774-2611
Fax:  415-982-5287
email:  schan@jamsadr.com

2

Exhibit  4 ,
P.  3ᴏ