1  KEKER & VAN NEST, LLP
   JOHN W. KEKER - #49092
2  jkeker@kvn.com
   MICHAEL H. PAGE - #154913
3  mpage@kvn.com
   CHRISTA M. ANDERSON - #184325
4  canderson@kvn.com
   MATTHEW M. WERDEGAR - #200470
5  mwerdegar@kvn.com
   710 Sansome Street
6  San Francisco, CA  94111-1704
   Telephone:  (415) 391-5400
7  Facsimile:  (415) 397-7188

8  Attorneys for Plaintiff
   CARTER BRYANT
9

10                 UNITED STATES DISTRICT COURT
11                CENTRAL DISTRICT OF CALIFORNIA
12                      EASTERN DIVISION
13

| | |
|---|---|
| 14  CARTER BRYANT, an individual, | Case No. CV 04-09049 SGL (RNBx) (consolidated with CV 04-9059 & 05-2727 |
| 15                            Plaintiff, | |
| 16  v. | |
| 17  MATTEL, INC. a Delaware Corporation, | **CARTER BRYANT'S REPLY IN SUPPORT OF** *EX PARTE* **APPLICATION TO STRIKE MATTEL INC.'S (1) NOTICE OF SUPPLEMENTAL AUTHORITY** |
| 18 | |
| 19                            Defendant. | **[DOC. NO. 3193]; (2) RESPONSE TO BRYANT'S NOTICE OF SUPPLEMENTAL AUTHORITY [DOC. NO. 3196]; AND (3) REPLY** |
| 20  CONSOLIDATED WITH MATTEL, INC., v. BRYANT and MGA | **IN SUPPORT OF MATTEL'S REQUEST FOR RELIEF UNDER** |
| 21  ENTERTAINMENT, INC. v. MATTEL, INC. | **RULE 56(F) [DOC. NO. 3197]** |
| 22 | |
| 23 | Date:      N/A<br>Time:      N/A<br>Place:     N/A |
| 24 | |
| 25 | Date Comp. Filed:  April 13, 2005<br>Discovery Cut-Off:  Jan. 28, 2008 |
| 26 | Pre-Trial Conference:  May 5, 2008<br>Trial Date:  May 27, 2008 |
| 27 | |
| 28 | |

BRYANT'S REPLY IN SUPPORT OF *EX PARTE* APPLICATION TO STRIKE MATTEL'S (1) NOTICE OF
SUPP. AUTHORITY; (2) RESPONSE TO BRYANT'S NOTICE OF SUPP. AUTHORITY; AND (3) REPLY IN
SUPPORT OF MATTEL'S REQUEST FOR RULE 56(F) RELIEF
CASE NO. CV 04-09049 SGL (RNBx)

415981.01

# I.   INTRODUCTION

Mattel's counter argument to Bryant's *ex parte* application boils down to this:  the Court's Local Rules are merely a "technicality" that the Court can permit Mattel to ignore.  *See* Opp., at 2.  Noticeably absent from Mattel's opposition brief is any support for Mattel's contention that it can bring new legal arguments for the first time after the close of summary judgment briefing, without first seeking permission from the Court.  Local Rule 7-10 is clear:  Absent leave of Court, no surreplies or additional legal argument can be submitted after a reply has been filed.  The Central District has found that this rule is "necessary to promote the expeditious, efficient, and fair resolution of litigation." *Samsung SDI Co. v. Matsushita Elec. Indus. Co., Case No. 05-8493 PA (SHx)* 2006 WL 5097404, at *1 (C.D. Cal. 2006). (discussing Local Rule 7-10 and Court's scheduling orders). Therefore, the Court should grant Bryant's motion and strike these last minute submissions, and bar them from consideration in ruling on the parties' summary judgment motions.  In addition, the Court should deny Mattel's belated request for leave to file the submissions at issue.  *See* Opp. at 5.  Mattel's violation of the Federal and Local Rules should not be absolved simply because  Mattel now (on the same day of the Summary Judgment Hearing) deigns to acknowledge the existence of the Court's rules.

# II.   ARGUMENT

**A.    Mattel's Notice of Supplemental Authority in Support of its Motion for Partial Summary Judgment [Doc. No. 3193] is improper and should be stricken from the Court's record.**

Mattel be barred from launching new legal arguments through an unsanctioned surreply disguised as a Notice of Supplemental Authority.  Bryant has been denied any opportunity to present legal arguments in opposition to the new legal arguments in Mattel's Notice, filed less than two court days before the Summary Judgment hearing, and has thus been prejudiced.  The appropriate

1

415981.01

1  remedy is to strike Mattel's Notice.

2      Nor is it proper for the Court to consider the six cases cited in Mattel's

3  Notice.  Mattel provides absolutely no support for why the Court should now

4  consider six cases, all of which were decided between 3 and 19 years ago.  Mattel

5  was aware (or should have been aware) of these cases at the time it filed its initial

6  motion.  And any argument to the contrary flies in the face of reason, since

7  Mattel's Notice asks the court to consider the  Federal District Court cases in *Pivot*

8  *Point Int'l, Inc. v. Charlene Prods., Inc.*, 932 F.Supp. 220, 225 (N.D. Ill. 1996)

9  *even though* Mattel's Motion for Partial Summary Judgment cited to the Seventh

10 Circuit opinion *in this same case.  Compare* Mattel's Notice at 1 and Mattel's

11 Correct Mot. for Partial Summary Judgment at viii.  These cases were clearly at

12 Mattel's disposal when it filed its initial motion for summary judgment (a brief that

13 cites to over 100 cases).

14      Even if the cases are relevant to the issues in summary judgment (which

15 Bryant does not concede), they should not be considered by the Court.  Mattel does

16 not dispute that courts typically consider supplemental authority only when it

17 involves a new or recent judicial opinions.  *See generally Moreno v. Baca*, Case

18 No. CV 00-7149 ABC (CWX), 2002 WL 338366 at *2 n.3 (C.D. Cal. 2002)

19 (refusing to consider "supplemental opposition" to Defendants' Motion for

20 Summary judgment in part because "filing cites additional cases of which Plaintiff

21 should have been aware when he filed his opposition.").  Moreover, allowing a

22 party to submit supplemental authority for cases that were available before the

23 filing of a motion basically allows the parties to constantly amend their briefings

24 after they've been filed.

25      And that is precisely the rule that Mattel asks the Court to adopt.  By

26 Mattel's logic, the parties are free to amend their motions and briefs through a

27 "Notice of Supplemental Authority" whenever they stumble upon any case related

28

2

415981.01

1    directly or tangentially to the issues properly before the court.  They can do so any

2    time up to the date the moment the court hands down an opinion.  Mattel cites to

3    only one case for this proposition: *E.E.O.C. v. Kovacevich "5" Farms*, 2006 WL

4    3060149 (E.D. Ca. Oct. 27, 2006).  In that case, the Court decided it was proper to

5    consider a two year old court order submitted for the first time in a supplemental

6    response, but it did so only after Counsel for the notice-requesting party asserted

7    that he became aware of that order on the day he filed the notice. *Id*. at *2.

8    Nowhere in Mattel's request for supplemental authority, nor in its opposition to

9    Bryant's *ex parte* application, does Mattel assert that it only recently became aware

10   of the cases listed in its notice.  As such, *EEOC* provides no support for Mattel's

11   contention that it can willy nilly amend its summary judgment brief by adding new

12   cites and new legal arguments, and ignore the Local Rules.

13

14   **B.     Mattel's Response to Carter Bryant's Notice of Supplemental Authority
             in Support of Defendants' Motions for Partial Summary Judgment is**

15           **improper and should be stricken from the Court's record [Doc. No.
             3196].**

16

17   In contrast to Mattel's actions, Bryant did not attempt to sneak in years-old

18   case law through his April 3, 2008 Notice of Supplemental Authority.  Instead,

19   Bryant properly asked the court to take notice of a new case that was first

20   published on April 1, 2008.  In so doing, Bryant refrained from making any legal

21   arguments about the case, implicitly acknowledging that briefing on summary

22   judgment had closed and no new arguments were permitted.

23   Mattel overreached when it submitted its Mattel's multi-page "response" to

24   Bryant's notice and launched into a full blown legal argument.  By so doing,

25   Mattel essentially appends three extra pages of argument to Mattel's Opposition to

26   Defendants' Motions for Partial Summary Judgment without leave of the Court.

27   If Mattel disagreed with Bryant's Notice, it could have properly brought a

28

415981.01

1   Motion to Strike.  *See generally Moreno v. Baca*, Case No. CV 00-7149, 2002 WL

2   338366 at *2n.3 (C.D. Cal. 2002) (noting defendant's motions to strike surreply

3   containing supplemental authority); *Crown Paper Liquidating Trust v. American

4   Intern. Group, Inc.*, Case No. 07-2308, 2007 WL 4207943 *2 n.2 (N.D. Cal. 2007)

5   (same).  Mattel does not dispute that such a motion is the proper vehicle for

6   opposing a Notice of Supplemental Authority.  Nor does Mattel provide *any*

7   explanation why it chose to file an improper "response" to Bryant's Notice in

8   violation of Local Rule 7-10.  As such, Mattel's filing is invalid, should be

9   stricken, and should not be considered in summary judgment.

10  **C.   Mattel's Reply in Support of Its Request for Relief Under Rule 56(f) in
         Connection with Its Opposition to Defendants' Motions for Partial
11       Summary Judgment is improper and should be stricken from the
         Court's record [Document No. 3197].**

13     The following facts and chronology surrounding Mattel's 56(f) "Reply" are

14  undisputed:

15     (1) **MOTION**:  The parties filed their motions for partial summary
       judgment were filed on March 7. 2008;

16     (2) **OPPOSITION**:  Mattel subsequently filed an Opposition to
       Defendants' Motions for Partial Summary Judgment, and did not
17     make any request for Rule 56(f) relief in that brief.  However, Mattel
       filed a "Rule 56(f) Declaration of B. Dylan Proctor" (hereinafter
18     "Rule 56(f) Declaration") on the same day it filed its Opposition.

19     (3) **REPLY**:  Reply briefs were filed on April 1, and defendants'
       reply included a section arguing that Mattel had failed to properly
20     request 56(f) relief.

21     (4) **????**:  Almost three weeks after submitting the Rule 56(f)
       Declaration, and 17 days after defendants' submitted their reply brief
22     arguing that the Rule 56(f) Declaration was improper, Mattel files a
       "Reply" in Support of Its Request for Relief Under Rule 56(f) in
23     Connection with Its Opposition to Defendants' Motions for Partial
       Summary Judgment ("56(f) Reply").

25  Indeed, Mattel now acknowledges that their "Reply" was not attached to any

26  motion, but was instead a surreply meant to oppose contentions made in

27  defendants' Reply Summary Judgment Brief.  Mattel's Op at 4 (stating that 56(f)

28

415981.01

1  Reply was filed to "simply respond[] to Defendants' assertion that Mattel has not

2  met the requirements of Rule 56(f).").  If Mattel had bothered to either look at the

3  Local Rules or follow common motion practice, it would have realized that such a

4  submission is not acceptable without leave of Court.

5      Mattel essentially concedes a L.R. 7-10 violation, but attempts to distract the

6  Court by mischaracterizes Bryant's arguments regarding the deficiencies in

7  Mattel's request for Rule 56(f) relief.  This section of Bryant's *ex parte* application

8  is rather straight forward.  Because Mattel purported to submit a "reply", Bryant

9  asked a simple question:  to what MOTION was Mattel submission supposedly

10  REPLYING?  The answer is that there is *no* proper motion for 56(f) relief before

11  the Court, and thus *no* reply is warranted (nor any Rule 56(f) relief).  *See, e.g.,*

12  *Caviness v. England,* No. CIV S-042388 GEB DAD PS, 2007 WL 1302522, at *9

13  (E.D. Cal. 2007) (party seeking 56(f) relief is required to file a motion under Rule

14  56).  Mattel concedes this point: "the Rule 56(f) request was made in a

15  declaration, not in the opposition brief itself."  Mattel's 56(f) Reply, at 1.  Because

16  there is no motion, there can be no reply, and thus Mattel's 56(f) Reply is invalid.

17

18

19

20

21

22

23

24

25

26

27

28

BRYANT'S REPLY IN SUPPORT OF *EX PARTE* APPLICATION TO STRIKE MATTEL'S (1) NOTICE OF
SUPP. AUTHORITY; (2) RESPONSE TO BRYANT'S NOTICE OF SUPP. AUTHORITY; AND (3) REPLY IN
SUPPORT OF MATTEL'S REQUEST FOR RULE 56(F) RELIEF
CASE NO. CV 04-09049 SGL (RNBx)

415981.01

## III.   CONCLUSION

For the above stated reasons, and for the reasons cited in Bryant's *ex parte* application and memorandum of points and authorities thereto, Carter Bryant respectfully requests that the Court strike from the Court's record and decline to consider the following three pleadings filed by Mattel on April 18, 2008:

> Mattel, Inc.'s Notice of Supplemental Authority In Support of Its Motion for Partial Summary Judgment [Document No. 3193];
>
> Mattel, Inc.'s Response to Carter Bryant's Notice of Supplemental Authority in Support of Defendants' Motions for Partial Summary Judgment [Document No. 3196]; and
>
> Mattel, Inc.'s Reply In Support of Its Request for Relief Under Rule 56(F) In connection with Its Opposition to Defendants' Motions for Partial Summary Judgment [Document No. 3197].

Respectfully submitted,

Dated: April 23, 2008

KEKER & VAN NEST, LLP

By:   /s/ Matthew Werdegar
      MATTHEW WERDEGAR
      Attorneys for Plaintiff
      CARTER BRYANT

BRYANT'S REPLY IN SUPPORT OF *EX PARTE* APPLICATION TO STRIKE MATTEL'S (1) NOTICE OF SUPP. AUTHORITY; (2) RESPONSE TO BRYANT'S NOTICE OF SUPP. AUTHORITY; AND (3) REPLY IN SUPPORT OF MATTEL'S REQUEST FOR RULE 56(F) RELIEF
CASE NO. CV 04-09049 SGL (RNBx)

415981.01