1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   John B. Quinn (Bar No. 090378)
2  (johnquinn@quinnemanuel.com)
   Michael T. Zeller (Bar No. 196417)
3  (michaelzeller@quinnemanuel.com)
   Jon D. Corey (Bar No. 185066)
4  (joncorey@quinnemanuel.com)
5  865 South Figueroa Street, 10th Floor
   Los Angeles, California 90017-2543
6  Telephone: (213) 443-3000
7  Facsimile: (213) 443-3100
8
   Attorneys for Mattel, Inc.
9

10              UNITED STATES DISTRICT COURT

11              CENTRAL DISTRICT OF CALIFORNIA

12                   EASTERN DIVISION

13

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>[PUBLIC REDACTED]<br>SECOND SUPPLEMENTAL DECLARATION OF DIANE C. HUTNYAN IN SUPPORT OF MATTEL, INC.'S *EX PARTE* APPLICATION FOR ACCESS TO CERTAIN BRYANT ORIGINALS FOR NON-DESTRUCTIVE EXAMINATION AND IMAGING<br><br>Hearing Date: TBA<br>Time: TBA<br>Place: TBA<br><br>Discovery Cut-Off: January 28, 2008<br>Pre-Trial Conference: May 5, 2008<br>Trial Date: May 27, 2008 |

07209/2479000.1

-1-

1    **DECLARATION OF DIANE C. HUTNYAN**

2    I, Diane C. Hutnyan, declare as follows:

3    I am a member of the bar of the State of California, am admitted to
4    practice before this court and am a partner at Quinn Emanuel Urquhart Oliver &
5    Hedges, LLP, attorneys for plaintiff and cross-defendant Mattel, Inc. ("Mattel"). I
6    make this declaration of personal, firsthand knowledge and, if called and sworn as a
7    witness, I could and would testify competently thereto.

8    1.    At a hearing on April 14, 2008, the District Court granted Mattel's
9    Motion to Supplement the Expert Reports of Messrs. Cunningham and Flynn.

10   2.    Attached hereto as Exhibit 1 is a true and correct copy of the
11   Court's April 14, 2008 Minute Order stemming from that hearing.

12   3.    The purported significance of MGA's stance of the purported
13   presence of faint pencil lines was not revealed until the deposition of Mr. Cunningham
14   on March 31, 2008. On April 2, 2008, I requested, via letter to opposing counsel, the
15   opportunity to test the veracity of MGA's stance by having our experts perform
16   additional examination on certain Bryant originals. After meet and confer discussions
17   failed, Mattel filed the instant *ex parte* application.

18   4.    Attached hereto as Exhibit 2 is a true and correct copy of MGA
19   and Bryant's Joint Opposition to Mattel's Motion for Appointment of Expert
20   Witnesses dated June 26, 2006.

21   5.    Attached hereto as Exhibit 3 is a true and correct copy Carter
22   Bryant's Opposition To Mattel, Inc.'s Motion to Compel Bryant To Make Original
23   Documents Available For Expert Examination and Testing And For Sanctions, dated
24   July 16, 2007

25   6.    Attached hereto as Exhibit 4 is a true and correct copy of MGA's
26   Opposition to Mattel, Inc.'s *Ex Parte* Application For Protective Order Preventing
27   MGA's Destructive Sampling of The Prince Notary Book, dated March 12, 2008.

28

1       7.      Attached hereto as Exhibit 5 is a true and correct copy of a letter
2   from myself to Matthew Sloan and Matthew Werdegar dated April 2, 2008.

3       8.      Attached hereto as Exhibit 6 is a true and correct copy of excepts
4   from the Deposition Transcript of Robert Kullman dated April 8, 2008.

5       9.      Attached hereto as Exhibit 7 is a true and correct copy of excepts
6   from the Deposition Transcript of Lloyd Cunningham dated March 31, 2008.

7       10.     Attached hereto as Exhibit 8 is a true and correct copy of excepts
8   from the Deposition Transcript of William Flynn dated March 27, 2008.

9       11.     Attached hereto as Exhibit 9 is a true and correct copy of Mattel,
10  Inc.'s Motion to Compel Bryant To Make Original Documents Available For Expert
11  Examination and Testing And For Sanctions, dated January 23, 2007.

12      12.     Attached hereto as Exhibit 10 is a true and correct copy of an
13  excerpt from the rough draft of the deposition transcript of Dr. Albert Lyter dated
14  April 17, 2008.

15      13.     Attached hereto as Exhibit 11 is a true and correct copy of the CV
16  of Mr. Cunningham.

17      14.     Attached hereto as Exhibit 12 is a true and correct copy of the CV
18  of Mr. Flynn.

19      15.     Mattel proposed a way that MGA could conduct destructive
20  sampling this week sufficient to replicate Dr. Aginsky's ink tests, MGA has
21  completely ignored the offer, showing that its concern for the scheduling implications
22  of forensic testing at this time extends only to Mattel's simple request for fair access
23  but not to its own request for destructive testing that it knows is likely to reinforce
24  Mattel's expert's findings.  MGA has no concern for the schedule in that instance
25  because it hopes to exclude Dr. Aginsky's findings on the false basis that Mattel would
26  not allow reasonable testing.

27

28

1         16.    Mattel did not have 40 days to examine the document as

2    Defendants contend; rather they had 35 days to examine them during which they had

3    to shuttle the documents between 4 experts located in vastly different parts of the

4    country.    The stipulation for four days of paper testing by Mr. Rantanen only

5    contemplated sampling of 200 documents; the balance of the documents were sent

6    because MGA and Bryant insisted on keeping all the documents in their original order

7    at all times.

8         17.    Attached hereto as Exhibit 13 is a true and correct copy of excepts

9    from the Deposition Transcript of Jacqueline Prince dated March 31, 2008.

10       I declare under penalty of perjury under the laws of the State of

11   California and the United States of America that the foregoing is true and correct.

12

13       Executed this 22nd day of April, 2008, in Los Angeles, California.

14

15

16                     Diane C. Hutnyan

17

18

19

20

21

22

23

24

25

26

27

07209/2479000.1   28