QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>        Plaintiff,<br><br>   vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>        Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>The Honorable Stephen G. Larson<br><br>**MATTEL, INC.'S REPLY IN SUPPORT OF ITS *EX PARTE* APPLICATION FOR (1) RELIEF FROM THE TWENTY-DAY REQUIREMENT OF LOCAL RULE 7-3; AND (2) FOR AN EXPEDITED HEARING DATE OF APRIL 28, 2008**<br><br>Hearing Date:   TBD<br>Time:           TBD<br>Place:          TBD<br><br>**Phase 1:**<br>Discovery Cut-Off:    January 28, 2008<br>Pre-Trial Conference: May 5, 2008<br>Trial Date:           May 27, 2008 |

07209/2481449.1

# ARGUMENT

Once again, MGA opposes Mattel's reasonable request for an expedited hearing on a vital discovery question. The relief Mattel requests in its underlying motion -- access to Bratz molds and other tangibles items that it has never seen -- is core discovery that it should have received years ago. Now, only a *few short weeks from trial*, Mattel needs to examine these items, scan these items, take follow up discovery on these items, supplement its expert reports, and ultimately determine their importance in its trial strategy. Thus, time is of the essence, and the appeal is just the kind of core discovery matter that needs expedited consideration, expedited consideration the District Court said it would try to accommodate. At the February 4 hearing, the Court said it would "certainly do all that I can to hear [an appeal] on an <u>expedited basis</u>." (emphasis added).[1]

Nowhere does MGA claim that an expedited hearing on this matter would in any way prejudice it. This matter was fully briefed by the end of January. On January 24, 2008, Mattel filed an *ex parte* application asking the Court to enforce its orders compelling MGA to produce certain tangibles.[2] MGA filed a lengthy opposition, and Mattel filed a reply. The Court granted Mattel's application in part and left the remainder to the Discovery Master. Pursuant to the Court's direction, Mattel did not initiate new briefing but instead submitted the discovery issue in its motion -- the production of the previously ordered but missing tangible

---

[1] <u>See</u> Hearing Transcript dated February 4, 2008 attached as Exh. 3 to the Declaration of Diane C. Hutnyan in support of Mattel's Motion for an expedited hearing dated April 20, 2008 at 27:10-14.

[2] <u>See</u> Mattel's *Ex Parte* Application to Enforce Court Orders Compelling Production of Tangible Items, dated January 24, 2008, attached as Exh. 17 to the Declaration of Diane C. Hutnyan in support of Mattel's Appeal of the Discovery Master's April 11, 2008 Order.

items -- to the Discovery Master for adjudication, along with MGA's opposition brief and the reply brief by affixing a Notice of Rehearing.[3]

MGA did not try to add new briefing on the merits at any point after filing its opposition. Instead, it merely opposed the Notice of Rehearing by contending that this Court had already ruled on the discovery issue and had denied the requested relief.[4] And two months later, on April 16, MGA's counsel stated that its position "*has not changed*."[5] Thus, it should take MGA a matter of hours, rather than a matter of weeks, to file an opposition on an issue that it has already fully briefed, and one that that argues a position that has not changed in months.

So Mattel has certainly established good cause for an expedited hearing. Mattel's original brief, filed four months ago before the District Court, was submitted on an *ex parte* basis given the importance of the discovery requested in relation to the expert discovery cut-off (Mattel hoped to be able to include analysis and scans of the missing tangible items in its initial expert reports). Immediately after the hearing on its application before the Court, rather than rebriefing it before the Discovery Matter, it did the most expeditious thing and just submitted all the prior briefing to the Discovery Master and requested a new hearing date.[6] Then,

---

[3] See Mattel's Notice of Change of Hearing on Tangibles Application, dated February 19, 2008, attached as Exh. 4 to the Declaration of Diane C. Hutnyan in support of Mattel's Appeal of the Discovery Master's April 11, 2008 Order.

[4] See MGA's Opposition to Mattel's Notice of Change of Hearing on Tangibles Application, dated February 20, 2008, attached as Exh. 5 to the Declaration of Diane C. Hutnyan in support of Mattel's Appeal of the Discovery Master's April 11, 2008 Order.

[5] See letter from Amy Park to Diane Hutnyan dated January 15, 2008 attached a Exh. 8 to the Declaration of Diane C. Hutnyan in support of Mattel's Appeal of the Discovery Master's April 11, 2008 Orderat 2 ("our position has not changed").

[6] Arguably, a notice of a change in hearing on an *ex parte* application is automatically submitted *ex parte*.

1 once the Discovery Master denied Mattel's requested relief, it immediately appealed,
2 filing its appeal four days before it was due.[7]

3       Finally, MGA admits in its opposition that there is no 20-day waiting
4 requirement under Local Rule 7-3 and that all necessary meet and confer hearings
5 on the underlying appeal have been held.  MGA presents no valid reason for
6 delaying the adjudication of Mattel's appeal.  Nor does it challenge Mattel's
7 assertion that the discovery requested is vital to Mattel's case.  MGA has already
8 admitted that it has nothing new to say on the issue;  thus, MGA would suffer no
9 prejudice in arguing this motion in an expedited manner.

## **CONCLUSION**

11       For the foregoing reasons, Mattel's Ex Parte Application for an
12 expedited hearing on its Appeal of the Discovery Master's April 11, 2008 Order
13 should be granted.

14 DATED:  April 23, 2008        QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

16       By /S/
17         Diane C. Hutnyan
        Attorneys for Mattel, Inc.

---

[7] MGA's contention that Mattel has been dilatory because it filed its appeal on the last day possible (See MGA's Opposition at 4) is false.  The Discovery Master's ruling was issued on April 11, 2008.  Thus, under Federal Rule 6 and the Order Appointing the Discovery Master, Mattel has 10 court days, or until April 25, 2008, to file its appeal.  Mattel filed its Appeal on April 11, 2008