Hon. Edward A. Infante (Ret.)
JAMS
Two Embarcadero Center
Suite 1500
San Francisco, California 94111
Telephone:   (415) 774-2611
Facsimile:    (415) 982-5287

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>CONSOLIDATED WITH<br>MATTEL, INC. v. BRYANT and<br>MGA ENTERTAINMENT, INC. v. MATTEL, INC. | CASE NO. CV 04-09049 SGL (RNBx)<br>JAMS Reference No. 1100049530<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-2727<br><br>**ORDER GRANTING THIRD-PARTY MATTHEW BOUSQUETTE'S MOTION TO QUASH SUBPOENA; DEEMING MOOT MATTEL'S MOTION FOR PROTECTIVE ORDER RE: MATTHEW BOUSQUETTE** |

On March 27, 2008, non-party Matthew Bousquette ("Bousquette") submitted a "Motion to Quash the Subpoena Seeking Deposition of Matthew Bousquette; or, in the Alternative, Motion for a Protective Order." That same day, Mattel, Inc. ("Mattel") submitted a separate "Motion for Protective Order re: Matthew Bousquette." On April 3, 2008, MGA Entertainment, Inc., Isaac

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

1

Larian, MGA Entertainment (HK) Limited, and MGAE de Mexico S.R.L. de C.V. (collectively "MGA") submitted a joint opposition to both motions. On April 8, 2008, Bousquette and Mattel submitted separate reply briefs. Pursuant to Paragraph 5 of the Stipulation and Order for Appointment of a Discovery Master, the Discovery Master finds it appropriate to decide the motions without oral argument.

On March 16, 2008, MGA's process server personally served Bousquette in Palm Springs. The subpoena, which was issued by the Central District of California, called for Bousquette to appear for deposition on March 28, 2008, in Palm Springs, California.

Bousquette claims that he lives and works in Illinois, and therefore the subpoena must be quashed or modified under Rule 45(c)(3)(A)(ii), Fed.R.Civ.P. Alternatively, Bousquette seeks a protective order pursuant to Rules 26(c), 45(c)(1) and 45(c)(3)(A)(i), Fed.R.Civ.P., to ensure that his deposition proceeds at a time and a location that will not cause him unreasonable and unnecessary inconvenience. Mattel contends that Bousquette's deposition should not proceed unless and until MGA's unfair competition document production is substantially complete.

MGA disputes whether Bousquette resides and works in Illinois based upon the following: Bousquette owns a residence in Palm Springs; Bousquette claims a "homeowners exemption" from property taxes for a residence he owns in Palm Springs; Bousquette is registered to vote in Riverside County, California; Bousquette owns and operates a business in California called "MCB Prop" or "MCB Properties LLC"; MCB Properties owns several properties in Palm Springs and Los Angeles; other publicly available databases list an additional address for Bousquette in Irvine, California, indicating that it is current through at least February 2008; and Bousquette or his business are listed as the owners of at least three vehicles registered in California in 2007. In response to Mattel's motion, MGA contends that its document production with respect to Bousquette is substantially complete, and therefore there is no basis for postponing Bousquette's deposition. Lastly, MGA requests that the court impose $25,000 in sanctions against Bousquette, Mattel and their counsel for purportedly making false statements to the court.

Rule 45 of the Federal Rules of Civil Procedure provides, in pertinent part, that the court

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

2

1  must quash or modify a subpoena that "requires a person who is neither a party nor a party's
2  officer to travel more than 100 miles from where that person resides, is employed, or regularly
3  transacts business in person." Fed.R.Civ.P. 45(c)(3)(A)(ii). In this case, Bousquette submitted a
4  declaration under penalty of perjury in which he states unequivocally that he resides and works in
5  Itasca, Illinois. Bousquette Decl., ¶2. Bousquette explains that he has maintained his permanent
6  residence in Itasca for more than a year and intends to file his 2007 federal and state tax returns as
7  a resident of Illinois. Id. He also states that he presently has no intention of changing his
8  residence and expects to remain a resident of Illinois indefinitely. Id. Further, Bousquette
9  explains that although he owns several properties in California and visits California regularly, his
10 primary residence is now Illinois. Bousquette also states, "I do not reside or regularly transact
11 business in person within 100 miles of Palm Springs, California." Id. at ¶7. The information
12 MGA collected regarding Bousquette's various ties to California is not necessarily inconsistent
13 with and does not discredit the representations made by Bousquette.

14      Based upon Bousquette's representations that he lives and works in Illinois, Bousquette's
15 motion to quash the subpoena pursuant to Rule 45(c)(3)(A)(ii), Fed.R.Civ.P., is granted. Mattel's
16 motion for a protective order is deemed moot. MGA's request for sanctions is denied.[1]

17      Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery
18 Master, Mattel shall file this Order with the Clerk of Court forthwith.

21 Dated: April 22, 2008

HON. EDWARD A. INFANTE (Ret.)
Discovery Master

---

[1] Nothing in this Order is intended to preclude MGA from seeking Bousquette's deposition during Phase 2 discovery, if appropriate.

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

3

Case 2:04-cv-09049-DOC-RNB   Document 3274   Filed 04/24/08   Page 4 of 4   Page ID #:54947

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on April 22, 2008, I served the attached: (1) ORDER DENYING MATTEL'S MOTION TO COMPEL ADDITIONAL DEPOSITION TESTIMONY OF VERONICA MARLOW; (2) ORDER GRANTING THIRD-PARTY MATTHEW BOUSQUETTE'S MOTION TO QUASH SUBPOENA; DEEMING MOOT MATTEL'S MOTION FOR PROTECTIVE ORDER RE: MATTHEW BOUSQUETTE; and (3) ORDER GRANTING MGA PARTIES' MOTION FOR CLARIFICATION REGARDING PORTIONS OF FEBRUARY 15, 2008 ORDER GRANTING IN PART AND DENYING IN PART MATTEL'S MOTION TO COMPEL RESPONSES TO INTERROGATORY NOS. 27-44 AND 46-50 BY THE MGA PARTIES in the within action by email addressed as follows:

| Name | Firm | Email |
|---|---|---|
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| Matthew M. Werdegar, Esq. | Keker & Van Nest | mwerdegar@kvn.com |
| John E. Trinidad, Esq. | Keker & Van Nest | jtrinidad@kvn.com |
| Audrey Walton-Hadlock, Esq. | Keker & Van Nest | awalton-hadlock@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johnquinn@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| John Gordon | Quinn, Emanuel, Urquhart, Oliver & Hedges | johngordon@quinnemanuel.com |
| Diane Hutnyan, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dianehutnyan@quinnemanuel.com |
| Thomas J. Nolan, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tnolan@skadden.com |
| Raoul D. Kennedy, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | rkennedy@skadden.com |
| Amy S. Park, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | apark@skadden.com |
| Harriet S. Posner, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | hposner@skadden.com |
| Carl Alan Roth, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | croth@skadden.com |
| Timothy A. Miller, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tmiller@skadden.com |
| Marcus R. Mumford, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Mmumford@skadden.com |
| Paul M. Eckles, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Paul.eckles@skadden.com |
| Robert J. Herrington, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Robert.herrington@skadden.com |
| Larry W. McFarland | Keats, McFarland & Wilson | lmcfarland@kmwlaw.com |
| Christian Dowell | Keats, McFarland & Wilson | cdowell@kmwlaw.com |
| Mark Overland, Esq. | Overland, Borenstein, et al. | moverland@obsklaw.com |
| Alexander Cote, Esq. | Overland, Borenstein, et al. | acote@obsklaw.com |
| David C. Scheper, Esq. | Overland, Borenstein, et al. | dscheper@obsklaw.com |
| Christopher G. Caldwell | Caldwell Leslie & Proctor, PC | caldwell@caldwell-leslie.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on April 22, 2008, at San Francisco, California.

_____
Sandra Chan