UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| CARTER BRYANT,<br><br>        PLAINTIFF(S),<br>  v.<br>MATTEL, INC., et al.,<br><br>        DEFENDANT(S), | CASE NUMBER<br>CV 04-09049 SGL (RNBx)<br><br>NOTICE OF CLERICAL ERROR |
|---|---|

TO: U. S. District Judge(s)
   U. S. Magistrate Judge(s)
   Counsel of Record

You are hereby notified that due to a clerical error ☐ documents associated with the filing of the new action ☐ the following scanned document ☑ docket entry   have/has been corrected as indicated below.

Title of Scanned Document: <u>Minute Order of 4-25-08, Granting in part, Denying in part, and Deferring in Part the Parties' MSJ</u>

Filed Date: <u>4-25-08</u>     Document Number: <u>3285</u>

☐ Incorrect case number _____ was assigned to this ☐ action ☐ document.

☐ Case number has been corrected. The correct case number is _____

☐ Incorrect judge's initials were indicated on this ☐ action ☐ document. The correct judge's initials are _____

☐ Incorrect magistrate judge's initials were indicated on this ☐ action ☐ document. The correct magistrate judge's initials are _____.

☐ Case has been reassigned from ☐ Judge ☐ Magistrate Judge _____ to ☐ Judge ☐ Magistrate Judge _____. The initials of the new judge(s) are _____

☐ Case was assigned to ☐ Western ☐ Southern ☐ Eastern division. Pursuant to General Order ☐ 349, ☐ 98-3 ☐ 02-06, the case has been reassigned to the ☐ Western ☐ Southern ☐ Eastern division. The former case number _____ has been reassigned to new case number _____

☐ Subsequent documents must be filed at the ☐ Western ☐ Southern ☐ Eastern division. Failure to file at the proper location will result in your documents being returned to you.

☐ Case title is corrected from _____ to _____

☐ Document has been re-numbered as document number _____

☐ Incorrect ☐ Filed Date ☐ Date of Document ☐ ENTERED Date ☐ DATE ENTERED ON CM/ICMS was stamped on document. The correct date is _____

☑ Document is missing page number(s): <u>7 and 8</u>

☐ To ensure proper routing of documents, all documents filed with the court must reflect the following case number and judge's initials: _____

☑ Other: a complete copy with missing pages are re-scanned for service on the parties.

CLERK, U.S. DISTRICT COURT

Date <u>4-25-08</u>    By: _____<u>Jim Holmes, CRD</u>_____
                  Deputy Clerk

*cc: Intake Supervisor / Deputy In Charge*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA 92501
<u>CIVIL MINUTES -- GENERAL</u>

Case No.   CV 04-09049 SGL(RNBx)                                        Date: April 25, 2008
Title:         CARTER BRYANT -v- MATTEL, INC.

<u>Consolidated With Related Actions</u>:
CASE NO. CV 04-09059 SGL(RNBx): MATTEL, INC., v. CARTER BRYANT,
CASE NO. CV 05-02727 SGL (RNBx): MGA ENTERTAINMENT, INC., v. MATTEL, INC.,
===============================================================
PRESENT:   HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

        Jim Holmes
        Courtroom Deputy Clerk

<u>ATTORNEYS PRESENT FOR CARTER BRYANT</u>:        <u>ATTORNEYS PRESENT FOR MATTEL</u>:

None Present                                                              None Present


<u>ATTORNEYS PRESENT FOR MGA AND
ISAAC LARIAN</u>:

None Present

**PROCEEDINGS:**      **ORDER GRANTING IN PART, DENYING IN PART, AND DEFERRING IN PART THE PARTIES' MOTIONS FOR PARTIAL SUMMARY JUDGMENT (IN CHAMBERS)**

      This matter is before the Court on the parties' motions for partial summary judgment. The motions were heard on April 22, 2008, and the Court has set the motions for further hearing on May 19, 2008, at 1:30 p.m. As set forth below, the Court rules on a number of issues presented by the motions for partial summary judgment and reserves ruling on other issues until after further hearing on the motions for partial summary judgment and, in the case of MGA's affirmative defenses, until after the Phase 1 trial.

      The parties have made hundreds of objections to evidence offered in support of and in opposition to the motions for partial summary judgment. Although counsel for Bryant requested

explicit rulings on the objections raised by Bryant, the Court declines to do so. To the extent that this Order necessarily relies on evidence subject to any party's objections, the objections are implicitly overruled.

## PREEMPTION

MGA and Bryant seek summary judgment in their favor as to Mattel's claims for intentional interference with contractual relations, conversion, and unfair competition, arguing that these claims are preempted by the Copyright Act. They are partially correct.

A state law is preempted by the Copyright Act where (1) the work at issue comes within the subject matter of copyright, and (2) the state law rights are "equivalent to rights within the general scope of copyright[.]" Del Madera Properties v. Rhodes and Gardner, Inc., 820 F.2d 973, 977 (9th Cir.1987). "If a state law claim includes an 'extra element' that makes the right asserted qualitatively different from those protected under the Copyright Act, the state law claim is not preempted by the Copyright Act." Altera Corp. v. Clear Logic, Inc., 424 F.3d 1079, 1089 (9th Cir. 2005). Generally the Copyright Act does not preempt the enforcement of contractual rights. Id.

As to the first element, the intentional interference with contractual relations claim addresses generally an issue within the subject matter of copyright -- the underlying wrong upon which the claim is premised is Mattel's deprivation of rights to intellectual property.

As to the second element, it is clear that the tort of intentional interference with contractual relations is neither categorically preempted or categorically saved from preemption; rather, the Court must engage in a determination of whether the substance of the tort claim differs qualitatively from the copyright claim at issue. Compare Altera, 424 F.3d at 1089 (holding that a intentional interference claim was not preempted because it was based not on copyrights but on a contractual provision) with Laws v. Sony Music Entertainment, Inc., 448 F.3d 1134, 1144 (9th Cir. 2006) (holding preempted a singer's voice misappropriation claim was not qualitatively different from her copyright claim).

Here, to the extent that the tortious interference is premised upon MGA's alleged interference with any copyrights that Mattel may have under the Inventions Agreement, it is preempted. Such a claim is not qualitatively different from Mattel's copyright claim. However, to the extent that the claim is based on MGA's acts that may be found to have aided and abetted the breach or induced the breach of Bryant's fiduciary duty, the claim is not preempted. That claim is qualitatively different from Mattel's copyright claim.

Therefore, the tortious interference with contractual relations is preempted to the extent that it is based on Mattel's rights to Bratz. It is not preempted as to Mattel's claims for breach of fiduciary duty.

The parties' arguments regarding the conversion claim address two distinct issues: Conversion of ideas and conversion of tangible things. The Court addresses each in turn.

Both sides acknowledge, as this Court certainly agrees, that one cannot copyright an idea. Thus, it would seem, a claim for conversion of ideas is not subject to preemption because it is not "within the subject matter of copyright." Del Madera, 820 F.2d at 977. MGA argues that ideas are not subject to a claim of conversion, to which Mattel responds that such rights in ideas may be created by contract. Mattel relies on Desny v. Wilder, 46 Cal.2d 715, 733 (1956) which, remarkably, so holds. However, that case does not support the proposition that a breach of such rights may be remedied by the tort claim of conversion rather than a breach of contract claim. The law in California regarding the tort of conversion's applicability to ideas remains the same today as in 1956: "The tort of conversion does not apply to ideas." Melchior v. New Line Productions, Inc., 106 Cal.App.4th 779 (2003). Therefore, although this claim is not preempted, it is not actionable as a tort claim. Accordingly, summary judgment in favor of MGA and Bryant is granted as to this particular claim.

Mattel also argues that its conversion claim is not preempted to the extent that it seeks the return of tangible things, most notably the original Bratz drawings. This claim is "within the subject matter of copyright," but the state rights go beyond the rights protected by the Copyright Act by allowing for the return of property.

At oral argument, counsel for MGA argued that Mattel seeks the rights that the drawings represent, not the "paper and ink" of which those drawings are comprised. Mattel disagreed with that interpretation, noting that it seeks the return of the original drawings and certain sculpts to which it may have rights under the Inventions Agreement.

The items to which Mattel lays claim are not like the manuscript at issue in Dielsi v. Falk, 916 F.Supp. 985, 992 (C.D. Cal. 1996), or the government documents at issue in Idema v. Dreamworks, Inc., 162 F.Supp.2d 1129, 1192-93 (C.D. Cal. 2001), both of which had value merely for their ability to hold and convey their contents. Rather, the materials Mattel seeks are works of art that may have value apart from the copyrights they represent or the "paper and ink" and other materials of which they are comprised. Given the role of the drawings and sculpts in developing a new, commercially successful line of fashion dolls, and given the role of these items in the present litigation, the Court discerns a possible inherent value to the materials themselves.

MGA and Bryant also pressed at oral argument that Mattel had not advanced such a claim for return of tangible items. The Court disagrees. Citing to its Complaint at ¶ 157, Mattel contends it has long sought the return of tangible items.[1] An examination of Mattel's claim for conversion reveals that it encompasses such a claim. Therefore, the conversion claim seeking the return of tangible items is not preempted. MGA and Bryant's motions for summary judgment on this issue are therefore denied.

To the extent that Mattel's statutory unfair competition claim, discussed more fully below, is

---

[1] From a review of the record, it is clear to the Court that Mattel intended to cite ¶ 157 of its Amended Answer and Counterclaims, not its Complaint.

based on copyright infringement, it is preempted, and the Court grants summary judgment in favor of MGA on this issue.

## STATUTE OF LIMITATIONS

The Court heard argument at length on the statute of limitations issue. Although it is not entirely clear, it appears to the Court from the hearing and from MGA's Rule 56(f) affidavit, that there remain outstanding discovery matters that may have the potential, if resolved in MGA's favor, to factor into the inquiry into the determination of the date of the accrual of any claims against Bryant and/or MGA. Accordingly, the Court defers ruling on the issue of statute of limitations at this time.

## INVENTIONS AGREEMENT

The Court addressed many issues of the enforceability of the Employee Confidentiality and Inventions Agreement in its July 17, 2006, Order. The Court finds no good reason to revisit or revise that Order.

Bryant argues that the Inventions Agreement is ambiguous on the issue of whether it covered anything other than "inventions" as that term is used in patent law. Here, Bryant was a fashion designer. He signed an agreement that assigned his "inventions" to Mattel. "Inventions" is defined by the agreement to include "designs," which was undeniably the focus of Bryant's employment with Mattel. In addition to assigning all rights to Bryant's "inventions" (i.e., "designs") to Mattel, the agreement also assigned to Mattel "all [Bryant's] right, title, and interest in any . . . copyrights . . . and copyright applications based [on those inventions]".

In order to conclude that the Inventions Agreement is ambiguous on the issue of whether it would include any copyrightable drawings or doll designs developed by an employee, the Court would have to read out of the agreement explicit terms assigning to the employer the rights to "designs," "copyrights," and "copyright applications." The Court is required to read the contract as a whole and, where possible, give effect to all its terms. Cal. Civ. Code § 1641 ("The whole of a contract is to be taken together, so as to give effect to every part, if reasonably practicable, each clause helping to interpret the other."). To accept the interpretation advanced by Bryant, the Court would have to disregard this bedrock principle of contract construction by ignoring an explicit assignment by the employee to the employer of copyrights. The interpretation advanced by Bryant is therefore not reasonable, and the Court finds that the Inventions Agreement is not ambiguous on the issue of its scope with respect to copyrightable materials.

The Inventions Agreement explicitly conveys to Mattel an employee's interest in any copyrights or copyright applications. Assuming copyrightability and the resolution of certain (as yet unresolved) issues of timing of creation and/or alteration in Mattel's favor, the original Bratz drawings clearly fall within the scope of the Inventions Agreement.

Moreover, the Inventions Agreement incorporates, and therefore does not violate, Cal.

Labor Code § 2870. Pursuant to that statute (and its incorporation in the Inventions Agreement), because the subject matter at issue -- the Bratz dolls -- relate to Mattel's business of marketing fashion dolls, the factual question of whether Bryant worked on them on his own time, rather during his working hours at Mattel, is not relevant.

MGA argues that contracts of adhesion are unenforceable if they are either outside the scope of the parties' expectations or they are substantively unconscionable. The Court previously determined that the Inventions Agreement was not substantively unconscionable, and now determines that it is not outside the scope of the parties' expectations. As noted above, Bryant was a designer, and the plain language of the Inventions Agreement assigns his "designs" to his employer. Objectively, therefore, it would not be surprising that Mattel would lay claim to Bryant's rights to any doll or doll fashions he designed during the period of his employment with Mattel. Moreover, undisputed evidence establishes that Bryant's subjective understanding of the contract was that it transferred at least some of his rights to Mattel.

Bryant also argues that his actions went no further than lawful preparations to compete with his employer. The undisputed facts, however, tell a different story: Bryant directly competed with Mattel by entering into a contract with its competitor to produce a competing product while still employed by Mattel.

The Court grants summary judgment in favor of Mattel on the issue of the enforceability of the Inventions Agreement and the issue of applicability of the Inventions Agreement to any Bratz-related "inventions" (including any designs, improvements, ideas, concepts, and copyrightable subject matter) that he is found to have created during the period of his employment with Mattel.

## DUTY OF LOYALTY AND FIDUCIARY DUTY

Carter Bryant, like all other California employees, owed a duty of loyalty to Mattel while employed there. See Cal. Labor Code § 2863. The undisputed facts establish that he breached this duty by entering into a contract with Mattel's competitor, while still employed by Mattel, to produce a line of fashion dolls to be marketed in direct competition with Mattel's products. See Huong Que, Inc. v. Luu, 150 Cal.App.4th 400, 414 (2007) ("The duty of loyalty is breached, and the breach may give rise to a cause of action in the employer, when the employee takes action which is inimical to the best interests of the employer.") (internal quotation marks and citation omitted).

Bryant also owed a fiduciary duty to Mattel by virtue of the language set forth in ¶ 1(a) of the Inventions Agreement. Id. ("The value of the Proprietary Information depends on it remaining confidential. The Company depends on me to maintain that confidentiality, and I accept that position of trust."). Under California law, a confidential relationship that gives rise to a fiduciary duty is created "where a confidence is reposed by one person in the integrity of another, and . . . the party in whom the confidence is reposed . . . voluntarily accepts or assumes to accept the confidence . . . ." City Solutions, Inc. v. Clear Channel Communications, Inc., 201 F.Supp.2d 1048, 1050-51 (N.D. Cal. 2002). The Inventions Agreement imposed such a duty on Bryant.

At the hearing on this matter, counsel contended that a required element for imposing a fiduciary duty -- that the party with the duty be in a superior position to the party to whom the duty is owed -- was missing. That element is described as follows: "[T]he essence of a fiduciary or confidential relationship is that the parties do not deal on equal terms, because the person in whom trust and confidence is reposed and who accepts that trust and confidence is in a superior position to exert unique influence over the dependent party." City Solutions, Inc. v. Clear Channel Communications, Inc., 201 F.Supp.2d 1048, 1050 (N.D. Cal. 2002) (internal quotation marks and citation omitted). The "superior position" to which California courts refer in this context is not superior bargaining power -- a position on which Mattel would apparently have the edge -- but rather it refers to a superior position vis-à-vis the duty imposed. Here, because the duty imposed upon Bryant was essentially to police his own actions by maintaining Mattel's confidentiality and communicating his own "inventions" to Mattel, Bryant was "in a superior position to exert unique influence over" Mattel because he was in the best position, arguably the only one in a position, to know of and police his actions.

As with the duty of loyalty, the undisputed facts establish that Bryant breached his fiduciary duty to communicate his inventions to Mattel when, rather than doing so, he secretly entered into a contract with Mattel's competitor, while still employed by Mattel, to produce a line of fashion dolls to be marketed in direct competition with Mattel's products.

Accordingly, the Court grants Mattel's motion for summary judgment on the issues of the existence and breach of the duty of loyalty. The Court grants Mattel's motion for summary judgment and denies Bryant's motion for summary judgment on the issue of the existence and breach of a fiduciary duty.

In its motion, MGA argued that there can be no liability for aiding and abetting a breach of fiduciary duty in the absence of a fiduciary duty. Because the Court has rejected this argument, the Court denies MGA's motion for summary judgment on this issue.

## INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS

MGA moved for summary judgment as to Mattel's claim for intentional interference with contractual relations.

The elements of a claim for intentional interference with contractual relations are stated as (1) a valid contract between a plaintiff and a third party; (2) the defendant's knowledge of the contract; (3) the defendant's intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage. Family Home & Finance Center, Inc. v. Federal Home Loan Mortg. Corp., 461 F.Supp.2d 1188, 1193 (C.D. Cal. 2006) (citing Pac. Gas & Elec. Co. v. Bear Stearns Co., 50 Cal.3d 1118, 1126 (1990)).

The undisputed facts show that the first, third, and fifth elements are met. Mattel has raised a triable issue of fact as to the second. The fourth element may be resolved after the

Court's further hearing on the motions for partial summary judgment. The Court therefore defers ruling on this issue.

## UNFAIR COMPETITION

MGA and Bryant's motions are granted in part and denied in part as to Mattel's unfair competition claims.

Mattel's statutory unfair competition claim, brought pursuant to Cal. Bus. & Profs. Code § 17200, survives summary judgment because Mattel has raised a triable issue of fact as to whether MGA tortiously interfered with Bryant and Mattel's contractual relationship and whether MGA engaged in commercial bribery.

However, two bases for this claim are foreclosed at this time. To the extent that the § 17200 claim is based on copyright infringement, it is preempted. To the extent that it is based on unfair conduct, summary judgment in favor of MGA is granted because the articulated unfair conduct does not approximate an antitrust violation that threatens competition. See Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co., 20 Cal.4th 163, 186-87 (1999).

As to Mattel's common law unfair competition claim, summary judgment in favor of MGA and Bryant is granted. This claim is not, as it must be, based on the act of passing off another's goods as one's own. See Sybersound Records, Inc. v. UAV Corp., 517 F.3d 1137, 1153 (9th Cir. 2008) (citing Bank of the W. v. Superior Court, 2 Cal.4th 1254 (1992)).

## UNJUST ENRICHMENT

Because Mattel failed to oppose this portion of Bryant's motion, the Court grants Bryant's motion for partial summary judgment on the issue of unjust enrichment.

## AFFIRMATIVE DEFENSES

Mattel seeks summary judgment as to many of the affirmative defenses asserted by the MGA entities and Carter Bryant. Most of these defenses are essentially equitable in nature, and therefore the Court **DEFERS RULING** on them until after trial. Specifically, the Court **DEFERS RULING** on the affirmative defenses of abandonment, acts and omissions of others, acquiescence, consent, estoppel, failure to mitigate, laches, unclean hands, and waiver until after trial.

For the reason set forth above in a separate section, the Court defers ruling on Mattel's motion as to the statute of limitations defense.

The final affirmative defense is based on 17 U.S.C. § 205(d). With this affirmative defense, MGA essentially contends that it is a bona fide purchaser for value of the Bratz copyrights which

took the rights in good faith and without notice of any prior transfer of the rights therein to Mattel. As the issue is argued by the parties, the Court would be required to determine the legal issue of whether MGA's registration of the copyrights as an "assignment" constitutes "constructive notice" in the manner required to give MGA the protection of 17 U.S.C. § 205(d). In the Court's view, this is a complex legal issue that is not thoroughly addressed by the parties' briefs. Moreover, the Court notes that a trial on the merits is likely to resolve the less complex factual issue of whether MGA acted in good faith and without notice of an earlier assignment of rights. Accordingly, the Court **DEFERS RULING** on this issue until after the Phase 1 trial.

* * * *

The Court will consider a number of remaining issues at the further hearing on these motions, set for May 19, 2008. Specifically, referencing the parties' Notices of Motion, the Court will consider the following issues:

Mattel's motion: Issue (2)(c), whether there is a factual dispute regarding the timing of certain drawings and a dummy model; issue (3), whether the first-generation Bratz dolls are substantially similar to seventeen drawings and a doll sculpt drawing or blueprint created by Bryant and whether those are original, protectable works of expression; issue (5), whether MGA and Larian are liable for aiding and abetting Bryant's breaches of the duty of loyalty and fiduciary duty; and issue (6)(a) whether Mattel is entitled to summary judgment as to the affirmative defense of statute of limitations.

Bryant's motion: Whether Bryant is entitled to summary judgment as to Mattel's claim for copyright infringement; whether Bryant is entitled to summary judgment as to Mattel's breach of contract claim; and whether Bryant is entitled to summary judgment on any portion of his claim for declaratory relief.

MGA's motion: Whether Mattel's claims are time barred; and whether the fourth element of intentional interference with contractual relations -- actual breach or disruption of the contractual relationship -- can be resolved on summary judgment.

Except for any updates from any party regarding the outstanding discovery matters that may be relevant to the statute of limitations, these issues are considered by the Court to be fully briefed. Any supplemental briefs by the parties on any issue other than the statute of limitations will be stricken by the Court. Any supplemental filings regarding the statute of limitations issue shall be limited to addressing the status of outstanding discovery issues and/or recently produced evidence.

**IT IS SO ORDERED.**

# NOTICE PARTY SERVICE LIST

Case No. CV 04-09049 SGL(RNBx)    Case Title Carter Bryant v. Mattel, Inc.

Title of Document Minute Order of April 25, 2008

| | |
|---|---|
| | Atty Sttlmnt Officer Panel Coordinator |
| | BAP (Bankruptcy Appellate Panel) |
| | Beck, Michael J (Clerk, MDL Panel) |
| | BOP (Bureau of Prisons) |
| | CA St Pub Defender (Calif. State PD) |
| | CAAG (California Attorney General's Office - Keith H. Borjon, L.A. Death Penalty Coordinator) |
| | Case Asgmt Admin (Case Assignment Administrator) |
| | Catterson, Cathy (9th Circuit Court of Appeal) |
| | Chief Deputy Admin |
| | Chief Deputy Ops |
| | Clerk of Court |
| | Death Penalty H/C (Law Clerks) |
| | Dep In Chg E Div |
| | Dep In Chg So Div |
| | Federal Public Defender |
| | Fiscal Section |
| | Intake Section, Criminal LA |
| | Intake Section, Criminal SA |
| | Intake Supervisor, Civil |
| | PIA Clerk - Los Angeles (PIALA) |
| | PIA Clerk - Riverside (PIAED) |
| | PIA Clerk - Santa Ana (PIASA) |
| | PSA - Los Angeles (PSALA) |
| | PSA - Riverside (PSAED) |
| | PSA - Santa Ana (PSASA) |
| | Schnack, Randall (CJA Supervising Attorney) |
| | Statistics Clerk |

| | |
|---|---|
| | US Attorneys Office - Civil Division -L.A. |
| | US Attorneys Office - Civil Division - S.A. |
| | US Attorneys Office - Criminal Division -L.A. |
| | US Attorneys Office - Criminal Division -S.A. |
| | US Bankruptcy Court |
| | US Marshal Service - Los Angeles (USMLA) |
| | US Marshal Service - Riverside (USMED) |
| | US Marshal Service -Santa Ana (USMSA) |
| | US Probation Office (USPO) |
| | US Trustee's Office |
| | Warden, San Quentin State Prison, CA |

| ✓ | ADD NEW NOTICE PARTY (if sending by fax, mailing address must also be provided) |
|---|---|
| Name: | Ambassador Pierre-Richard Prosper |
| Firm: | |
| Address (include suite or floor): | P.O. Box 581103 |
| | Salt Lake City, UT  84158 |
| *E-mail: | Prosper.Pierre@Arentfox.com |
| *Fax No.: | |

* For CIVIL cases only

*JUDGE / MAGISTRATE JUDGE (list below):*

Initials of Deputy Clerk jh

G-75  (03/07)                                    NOTICE PARTY SERVICE LIST

# NOTICE PARTY SERVICE LIST

Case No. CV 04-09049 SGL(RNBx)   Case Title Carter Bryant v. Mattel, Inc.

Title of Document  Minute Order of April 25, 2008

| | Notice Party | | Notice Party |
|---|---|---|---|
| | Atty Sttlmnt Officer Panel Coordinator | | US Attorneys Office - Civil Division -L.A. |
| | BAP (Bankruptcy Appellate Panel) | | US Attorneys Office - Civil Division - S.A. |
| | Beck, Michael J (Clerk, MDL Panel) | | US Attorneys Office - Criminal Division -L.A. |
| | BOP (Bureau of Prisons) | | US Attorneys Office - Criminal Division -S.A. |
| | CA St Pub Defender (Calif. State PD) | | US Bankruptcy Court |
| | CAAG (California Attorney General's Office - Keith H. Borjon, L.A. Death Penalty Coordinator) | | US Marshal Service - Los Angeles (USMLA) |
| | Case Asgmt Admin (Case Assignment Administrator) | | US Marshal Service - Riverside (USMED) |
| | Catterson, Cathy (9th Circuit Court of Appeal) | | US Marshal Service -Santa Ana (USMSA) |
| | Chief Deputy Admin | | US Probation Office (USPO) |
| | Chief Deputy Ops | | US Trustee's Office |
| | Clerk of Court | | Warden, San Quentin State Prison, CA |
| | Death Penalty H/C (Law Clerks) | | |
| | Dep In Chg E Div | | |
| | Dep In Chg So Div | | |
| | Federal Public Defender | | |
| | Fiscal Section | | |
| | Intake Section, Criminal LA | | |
| | Intake Section, Criminal SA | | |
| | Intake Supervisor, Civil | | |
| | PIA Clerk - Los Angeles (PIALA) | | |
| | PIA Clerk - Riverside (PIAED) | | |
| | PIA Clerk - Santa Ana (PIASA) | | |
| | PSA - Los Angeles (PSALA) | | |
| | PSA - Riverside (PSAED) | | |
| | PSA - Santa Ana (PSASA) | | |
| | Schnack, Randall (CJA Supervising Attorney) | | |
| | Statistics Clerk | | |

✓ **ADD NEW NOTICE PARTY** (if sending by fax, mailing address must also be provided)

Name: Hon. Edward A. Infante (Ret.)

Firm:

Address (include suite or floor): Two Embarcadero Center, Suite 1500, San Francisco, CA 94111

*E-mail:

*Fax No.:

* For CIVIL cases only

**JUDGE / MAGISTRATE JUDGE (list below):**

Initials of Deputy Clerk  jh