1  Larry McFarland (Bar No. 129668)
   Christian Dowell (Bar No. 241973)
2  KEATS, McFARLAND & WILSON LLP
   9720 Wilshire Blvd.
3  Penthouse Suite
   Beverly Hills, CA 90212
4  Telephone:   (310) 248-3830
   Facsimile:    (310) 860-0363
5  Email:   lmcfarland@kmwlaw.com
            cdowell@kmwlaw.com
6
7  Attorneys for AnaElise Cloonan

8                 UNITED STATES DISTRICT COURT

9                CENTRAL DISTRICT OF CALIFORNIA

10                      EASTERN DIVISION

11

| 12 | CARTER BRYANT, an individual, | Case No.: CV 04 – 09049 SGL (RNBx) |
|----|-------------------------------|-------------------------------------|

12  CARTER BRYANT, an individual,      Case No.: CV 04 – 09049 SGL (RNBx)
13                                      Consolidated with Case Nos.
                    Plaintiff,          CV 04-9059 and CV 05-2727
14         v.                           Hon. Stephen G. Larson

15  MATTEL, INC., a Delaware            ANAELISE CLOONAN'S NOTICE OF
16  corporation;                        MOTION AND MOTION OBJECTING TO
                                        PORTIONS OF DISCOVERY MASTER'S
17                  Defendant.          APRIL 11, 2008 ORDER REGARDING A
                                        FURTHER EXAMINATION OF MS.
18                                      CLOONAN'S COMPUTER AND ZIP DISK;
19  AND RELATED ACTIONS.                AND
20
21                                      MEMORANDUM OF POINTS AND
                                        AUTHORITIES
22
23                                      Hearing Date:    May 19, 2008
                                        Time:            N/A
24                                      Place:           N/A
25
26
27
28

1  TO ALL PARTIES AND THEIR ATTORNEY OF RECORD:

2         PLEASE TAKE NOTICE that on May 19, 2008, at 10:00 a.m., or as soon

3  thereafter as counsel may be heard, in the Courtroom of The Honorable Stephen G.

4  Larson, located at 3470 Twelfth Street, Riverside, California 92501, third party

5  AnaElise Cloonan ("Ms. Cloonan") will, and hereby does move the Court to overrule

6  portions of the Discovery Master's April 11, 2008 Order Granting in Part and

7  Denying in Part Mattel's Motion to Compel Production of Electronic Media From

8  Third Parties Elise Cloonan, Margaret Hatch-Leahy and Veronica Marlow.

9         This Motion is made pursuant to Federal Rule of Civil Procedure 72(a) and

10  Federal Rule of Evidence 706, on the grounds that the Discovery Master's Order was

11  clearly erroneous and contrary to law in its ruling granting the motion to compel a

12  further examination of Ms. Cloonan's computer and zip disk because the computer

13  and zip disk have already been reviewed pursuant to the protocol proposed by Mattel

14  and Mattel has failed to meet its burden of establishing that it has any right to conduct

15  a further review of Ms. Cloonan's personal computer and zip disk.  Ms. Cloonan will

16  request that this Court overrule Judge Infante's April 11, 2008, order allowing Mattel

17  to conduct a further review of Ms. Cloonan's personal computer and zip disk, and

18  order that no further review be conducted.  In the alternative, Ms. Cloonan will

19  respectfully request that if this Court orders any further review of Ms. Cloonan's

20  personal computer and zip disk that any such additional review be conducted pursuant

21  to the agreed to Protocol with the addition of certain individual names.  In the

22  alternative, if this Court decides to order a broader review of Ms. Cloonan's computer

23  and zip disk, Ms. Cloonan will respectfully request that such review be conducted

24  pursuant to the protocol agreed to or ordered with respect to Mr. Larian.

25         This Motion is based on this Notice of Motion and Motion, the accompanying

26  Memorandum of Points and Authorities, the Declaration of Larry W. McFarland filed

27  concurrently herewith, and all other matters of which the Court may take judicial

28  notice.

ANAELISE CLOONAN'S NOTICE OF MOTION
AND MOTION

1

2                        **Statement of Rule 37-1 Compliance**

3          The parties met and conferred regarding this motion on several occasions,

4     including on April 17, 2008.

5

6     Dated:  April 25, 2008                    KEATS MCFARLAND & WILSON LLP

7

8                                              /s/
                                               _____
9                                              Larry McFarland, Esq.
                                               Christian C. Dowell, Esq.
10                                             Attorneys for Non-Party AnaElise Cloonan

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## TABLE OF CONTENTS

Page

I.     INTRODUCTION ....................................................................................1

II.    STATEMENT OF FACTS.......................................................................2

    A.    The Parties Agree to a Protocol. ................................................2

    B.    Ms. Cloonan's Personal Computer and Zip Disk are Reviewed Pursuant to the Protocol and Ms. Cloonan is Deposed. ...........6

    C.    Mattel Files Its Ex Parte Application With This Court............8

    D.    Mattel Re-Files the Ex Parte Application as a Motion with Judge Infante...................................................................................9

III.    ARGUMENT.......................................................................................19

    1. The Discovery Master's April 11 Order is Clearly Erroneous Because Mattel Failed to Meet its Burden ......................................19

    2. To the Extent That the Magistrate Judge's April 11 Order Allows Mattel to Obtain a Mirror Image of Ms. Cloonan's Personal Computer and Zip Disk, This Order is Clearly Erroneous...........21

       a. If This Court Orders a Further Review of the Computer and Zip Disk, the Review Should be Conducted Pursuant to the Agreed to Protocol......................................22

       b. If This Court Orders a Broader Further Review of the Computer and Zip Disk, the Review Should be Conducted Pursuant to the Protocol Governing the Review of Mr. Larian's Computer. ...................................23

IV.    CONCLUSION ..................................................................................24

# TABLE OF AUTHORITIES

Page(s)

**Cases**

Ameriwood Indus., Inc. v. Liberman, No. 4-06CV524-DJS, 2006 WL 3825291 (E.D. Mo. Dec. 27, 2006) ..................................................................................... 20

Balfour Beatty Rail, Inc. v. Vaccarello, No. 3:06-cv-551-J-20MCR, 2007 WL 169628, at *2-3 (M.D. Fla. Jan. 18, 2007)................................................................... 20

Bethea v. Comcast, 218 F.R.D. 328 (D.D.C. 2003) ...................................... 20

Caylon v. Mizuho Sec. USA Inc., 2007 WL 1468889 (S.D.N.Y. May 28, 2007)......... 22

In re Ford Motor Co., 345 F.3d 1315 (11th Cir. 2003) ................................. 22

Kucala Enterprises, Ltd. v. Auto Wax Co., Inc., 2003 WL 2123065 (N.D. Ill. 2003). 3, 5

McCurdy Group, LLC v. Am. Biomedical Group, Inc., 9 Fed. Appx. 822 (10th Cir. 2001) ................................................................................................. 20

Playboy Enterprises, Inc. v. Welles, 60 F. Supp. 2d 1050 (S.D. Cal. 1999)........ 2, 3, 4, 5

Powers v. Thomas M. Cooley Law School, 2006 WL 2711512 (W.D. Mich. 2006).... 20

Simon Property Group L.P. v. mySimon, Inc., 194 F.R.D. 639 (S.D. Ind. 2000) ... 3, 4, 5

Superior Consultant Co. v. Bailey, 2000 WL 1279161 (E.D. Mich. August 22, 2000) ....................................................................... 3, 5

Walpex Trading Co. v. Yacimientos Petroliferos Fiscales Bolivianos, 1994 WL 167952 (S.D.N.Y. Apr. 29, 1994)........................................................................ 21

**Rules**

Fed. R. Civ. P. 34.......................................................................................... 2

Fed. R. Civ. P. 34(a)(1)............................................................................... 21

Fed. R. Civ. P. 72(a) ................................................................................... 19

ANAELISE CLOONAN'S NOTICE OF MOTION AND MOTION

## MEMORANDUM OF POINTS AND AUTHORITIES

Non-party Elise Cloonan ("Ms. Cloonan") hereby respectfully moves for an Order ("Order") overruling the portion of Judge Infante's April 11, 2008, Order which ordered another examination of Ms. Cloonan's personal computer and zip disk, or, in the alternative, for an order that any such further review of Ms. Cloonan's personal computer and zip disk be conducted pursuant to a protocol that protects Ms. Cloonan's privileged and private information.

## I.   INTRODUCTION

Ms. Cloonan's personal computer and zip disk have already been reviewed by a forensics expert chosen by Mattel pursuant to a protocol agreed to and proposed by Mattel.  Review of these two items was completed by November 30, 2007, and by December 4, 2007, all documents identified and recovered pursuant to the protocol were delivered to Mattel's counsel.[1]  Mattel deposed Ms. Cloonan on December 14, 2007.  On January 23, 2008, Mattel filed an Ex Parte Application to (1) Compel Production of Electronic Media From Third-Parties Elise Cloonan, Margaret Hatch-Leahy and Veronica Marlow and (2) in the Alternative Modify the Scheduling Order ("Ex Parte Application").  At a hearing held on February 4, 2008, this Court denied the Ex Parte Application stating that it should be filed with Judge Infante.[2]

On February 6, 2008, Mattel re-filed its Ex Parte Application with Judge Infante, and in an order dated April 11, 2008, Judge Infante granted Mattel's motion as to Ms. Cloonan's personal computer and zip disk. [3]

---

[1] Declaration of Larry McFarland in support of Motion Objecting to Portions of Discovery Master's Order Re Cloonan's Computer and Zip Disk ("McFarland Decl.") Exhibit ("Exh.") 1.
[2] McFarland Decl., Exh. 2.
[3] McFarland Decl., Exh. 3.  Judge Infante denied Mattel's motion with respect to Ms. Leahy and Ms. Marlow.

ANAELISE CLOONAN'S NOTICE OF MOTION AND MOTION

Ms. Cloonan respectfully requests that this Court overrule Judge Infante' order allowing Mattel to conduct another examination of her personal computer and zip disk on the grounds that the computer and zip disk have already been reviewed pursuant to the protocol proposed by Mattel and that Mattel has failed to meet its burden of establishing that it has any right to conduct a further review of Ms. Cloonan's personal computer and zip disk.  In the alternative, if this Court believes that a further review is required, Ms. Cloonan respectfully requests that the additional review be performed pursuant to the agreed to protocol but with the addition of the following search terms: "Ana Isabela Cabrera"; "Beatriz Morales"; "Maria Elena Salazar"; "Pedro Salazar"; and reasonable variations of these names.  In the alternative, if this Court orders a broader further review of Ms. Cloonan's computer and zip disk, Ms. Cloonan respectfully requests that any such additional review be conducted pursuant to a protocol that protects Ms. Cloonan's privileged and private information.

## II.   STATEMENT OF FACTS

### A.   The Parties Agree to a Protocol.

On June 21, 2007, Mattel's counsel, Susan Wines, sent a letter to counsel for Ms. Cloonan, stating that "Mattel is entitled to inspect and image Ms. Halpern's[4] and Ms. Cloonan's hard drives," and demanding that Mattel be provided with "a mirror image of their hard drives" to review for relevant information.[5]  However, Ms. Wines did not provide any justification for the inspection.  Instead, Ms. Wines focused her attention on an argument that Federal Rule of Civil Procedure 34 allows discovery of electronic storage media in some instances.  In support, Ms. Wines cited the Advisory Committee Notes to Rules 34 and 45, and four federal cases: <u>Playboy Enters., Inc. v. Welles</u>, 60 F. Supp. 2d 1050, 1053 (S.D. Cal. 1999); <u>Simon Prop. Group L.P. v.</u>

---

[4] The original negotiations with Mattel also involved an old computer owned by Ms. Halpern which is not at issue.

[5] McFarland Decl., Exh. 4.

1   mySimon, Inc., 194 F.R.D. 639, 640-41 (S.D. Ind. 2000); Kucala Enters., Ltd. v. Auto

2   Wax Co., Inc., 2003 WL 2123065, at *4 n.5 (N.D. Ill. 2003); and Sup. Consultant Co.

3   v. Bailey, 2000 WL 1279161, at *13 (E.D. Mich. Aug. 22, 2000).[6]

4           On June 28, 2007, Mr. McFarland responded in a letter to Ms. Wines rejecting

5   Mattel's request that Ms. Cloonan make her computer available to Mattel.[7]

6   Mr. McFarland distinguished the cases cited by Ms. Wines as follows:

7                   With respect to the authorities set forth in your June 21, 2007,

8                   letter alleging that Mattel is "entitled to inspect and image" the

9                   personal computers belonging to Elise Cloonan and Sarah Halpern,

10                  the cases that you cite fail to support your position.

11                  For instance, while we, of course, agree that the term "documents"

12                  includes documents stored in electronic form, the significance of

13                  Playboy Enterprises, Inc. v. Welles, 60 F.Supp.2d 1050 (S.D. Cal.

14                  1999) is that this case establishes a strict protocol to be followed

15                  when discoverable information is sought from an opposing party's

16                  computer hard drives.  The Playboy court set forth a protocol

17                  which would allow the party requesting discovery to recover

18                  discoverable information while at the same time protecting the

19                  privacy and privilege concerns of the responding party.  The

20                  protocol called for an independent third-party expert, agreed upon

21                  by both parties or appointed by the court, to conduct the inspection

22                  and create a "mirror image" copy of the defendant's computer hard

23                  drive.  Following the inspection, the "mirror image" copy would be

24                  given to the defendant's counsel, who would then print and review

25                  any recovered documents and produce to the plaintiff those

26

27   _____

     [6]  McFarland Decl., Exh. 4.

28   [7]  McFarland Decl., Exh. 5.

ANAELISE CLOONAN'S NOTICE OF MOTION
                                                                          AND MOTION

communications that are responsive and relevant.  Finally, the court noted that the defendant's counsel would be the sole custodian of the "mirror image" copies throughout the litigation. Your letter also cites Simon Property Group L.P. v. mySimon, Inc., 194 F.R.D. 639 (S.D. Ind. 2000) as support for the proposition that deleted records are discoverable and that courts routinely permit inspection of home computers.  As in Playboy, Simon Property also involved a plaintiff seeking access to defendant's computers for the purpose of attempting to recover discoverable information, including deleted files.  The court ordered a protocol requiring the inspection and "mirror image" copying to be conducted by a third-party expert.  In doing so, the court referred to Playboy's protocol as offering the best approach, and fashioned a protocol which was nearly identical to the one in Playboy.  The court stated that plaintiff and defendant should attempt to agree on an expert to inspect and create a "mirror image" of the hard drives, and if they failed to do so, the court would appoint one.  The expert would then make the "mirror image" copy, and provide the copy to defendant's counsel.  However, the copying would be limited to "the types of files reasonably likely to contain material potentially relevant" to the case.  Thereafter, defendant's counsel would review the records for privilege and responsiveness to plaintiff's discovery requests, and supplement defendant's responses to discovery requests, as appropriate.  Finally, the court ordered that the expert would sign the protective order and retain until the end of the litigation the "mirror image" copies of the hard drives, without "disclos[ing] the contents of any files or documents to plaintiff or its counsel or other persons."

ANAELISE CLOONAN'S NOTICE OF MOTION
AND MOTION

1    The third case that you cite, <u>Superior Consultant Co. v. Bailey</u>,

2    2000 WL 1279161 (E.D. Mich. 2000), further supports the

3    protocol applied in <u>Playboy</u> and <u>Simon Property</u>.  Finally, <u>Kucala</u>

4    <u>Enterprises, Ltd. v. Auto Wax Co., Inc.</u>, 2003 WL21230605 (N.D.

5    Ill. 2003) is not applicable to our case.  That case concerned the

6    plaintiff's acts of spoliation and destruction of evidence, which is

7    not present with Ms. Cloonan or Ms. Halpern.

8    Of further significance is the fact that each of the four cases cited

9    in your letter concerns discovery as between *parties* to an action.

10   However, both of our clients are non-party *witnesses* in this case.

11   Since courts already protect the privacy and privilege interests of

12   parties in these inspection cases, there will likely be a much greater

13   level of protection for non-parties.  Thus, in order to inspect our

14   clients' computer hard drives, the Court may force Mattel to meet a

15   much higher burden than when dealing with a party.[8]

16   Notwithstanding the fact that Mattel had failed to meet its burden of establishing

17   that it had the right to inspect Ms. Cloonan's computer materials, counsel for

18   Ms. Cloonan met-and-conferred with counsel for Mattel in an effort to move discovery

19   forward.  As part of this effort, counsel for Ms. Cloonan agreed that he would allow

20   Ms. Cloonan's computer materials to be reviewed on the condition that the computer

21   review protocol provided adequate protections to prevent unnecessary intrusion into

22   Ms. Cloonan's private affairs.  Mr. McFarland also emphasized numerous times that all

23   of the documents needed to be produced and the computer materials reviewed prior to

24   the deposition of Ms. Cloonan because he did not want Mattel to use the possibility that

25   all of the documents may not have been produced as an excuse to depose Ms. Cloonan

---

[8] <u>Id</u>.

- 5 -

1  a second time.[9]

2      After a series of discussions spanning almost three months, Ms. Wines backed

3  down from her demand that the hard drives be produced to Mattel and finally agreed to

4  a more reasonable approach for identifying and producing responsive, non-privileged

5  documents from Ms. Cloonan's computer materials.  On September 13, 2007,

6  Ms. Wines sent a letter to Mr. McFarland proposing a protocol (the "Protocol") to

7  manage the electronic discovery of Ms. Cloonan's computer materials.[10]  The Protocol

8  allowed Mattel to receive the relevant information located on the computer materials

9  while necessarily protecting the privacy and confidentiality interests of Ms. Cloonan.

10  The Protocol called for an independent expert recommended by Mattel, Rick Albee of

11  DataChasers, Inc. ("DataChasers"), to review the computer materials for responsive

12  documents based upon search terms provided by Ms. Wines.  Counsel for Ms. Cloonan

13  agreed to all of the search terms requested by Ms. Wines, which included Bratz, MGA,

14  Carter Bryant, Isaac Larian, Prayer Angels and many others.  Mr. Albee would then

15  deliver the recovered documents to Mr. McFarland, who would have ten court days to

16  review the documents for privileged information.  Mr. Albee would then provide

17  Mattel's counsel with all of the non-privileged documents.[11]  The Protocol was signed

18  by both counsel and became effective on September 27, 2007.

19      **B.    Ms. Cloonan's Personal Computer and Zip Disk are Reviewed**

20      **Pursuant to the Protocol and Ms. Cloonan is Deposed.**

21      Mr. Albee picked up the computer materials from Mr. McFarland's office to

22  conduct the review pursuant to the Protocol and on October 26, 2007, counsel for the

23  Non-Party Witnesses authorized DataChasers to produce to Mattel all of the

24  documents recovered pursuant to the Protocol.[12]  No documents were withheld by

25  _____

26  [9] McFarland Decl., Exh. 6.

27  [10] McFarland Decl., Exh. 7.
    [11] Id.

28  [12]  McFarland Decl., Exh. 8.

ANAELISE CLOONAN'S NOTICE OF MOTION AND MOTION

counsel for Ms. Cloonan.[13]  On November 21, 2007, counsel for Ms. Cloonan notified Mattel's counsel that DataChasers had not picked up Ms. Cloonan's zip disk and offered to deliver the zip disk to DataChasers.[14]  To speed up the process, counsel for Ms. Cloonan further offered to review anything found by DataChasers on the disk within five court days rather than the ten court days allowed under the Protocol.[15]  On November 28, 2007, Mattel's counsel, Dylan Proctor, approved DataChasers' review of the zip disk, agreeing "to follow the protocol outlined in [its] September 13, 2007 letter" with respect to that zip disk.[16]  On November 30, 2007, DataChasers provided counsel for Ms. Cloonan with a copy of the only document that was recovered from Ms. Cloonan's zip disk.[17]  Two court days later, on December 4, 2007, a copy of the document was hand-delivered to Mattel's counsel.[18]  Accordingly, by December 4, 2007, Mattel's counsel had received all documents from Ms. Cloonan's personal computer and zip disk that were identified and recovered pursuant to the Protocol. Mattel took the deposition of Ms. Cloonan on December 14, 2007.

On December 17, 2007, after the deposition of Ms. Cloonan, Mr. McFarland called Mr. Albee and during that conversation, Mr. Albee told Mr. McFarland that Mattel's counsel had called and told him that Mattel wanted to change the Protocol. Prior to that time, Mattel's counsel had not informed Mr. McFarland of its attempt to change the Protocol with Mr. Albee.  Shortly thereafter, Mr. McFarland sent a letter to Mr. Albee confirming the telephone conversation and placing Mr. Albee "on written notice that you are not authorized to conduct any further examination of my clients' Property or to access, analyze or review my clients' Property in any manner."[19]  The

---

[13] Id.
[14] McFarland Decl., Exh. 9.
[15] Id.
[16] McFarland Decl., Exh. 10.
[17] McFarland Decl., Exh. 11.
[18] See McFarland Decl., Exh. 1.
[19] McFarland Decl., Exh. 12.

ANAELISE CLOONAN'S NOTICE OF MOTION
AND MOTION

1   next day, Mr. McFarland sent a second letter to Mr. Albee repeating the instructions of
2   the December 17 letter.[20]  Both of these letters were copied to Mattel's counsel.

3        In an e-mail dated January 9, 2008, Mattel's counsel demanded an additional
4   review of Ms. Cloonan's computer and zip disk.  Counsel for Ms. Cloonan responded
5   that the "computers have already been reviewed pursuant to the protocol that your
6   partner, Susan Wines, and I agreed to several months ago.  Moreover, all of the
7   documents located by the expert's search pursuant to the agreed to protocol have
8   already been produced and both Ms. Leahy and Ms. Cloonan have been deposed.  We
9   are, therefore, not willing at this late date to agree to a new protocol."[21]

10       **C.**    **Mattel Files Its Ex Parte Application With This Court**

11        On January 17, 2008, Mattel's counsel stated in an e-mail to Mr. McFarland that
12   it "will be filing an ex parte application next week to compel the production of the
13   imaged hard drives mentioned above and the zip disk, as we previously discussed, or in
14   the alternative to modify the scheduling order to allow sufficient time for expert
15   examination of such items and disclosure of an expert report in the event the Court
16   requires us to proceed by noticed motion."[22]  The next day, on January 18, 2008,
17   Mr. McFarland responded in a letter objecting to the <u>ex parte</u> nature of the application
18   and opposing the merits of Mattel's claims.[23]  On January 25, 2008, Mattel filed its Ex
19   Parte Application.  At a hearing held on February 4, 2008, this Court stated as follows:

20        My sense on this Ex-Parte Application is that this is something
21       which is properly before Judge Infante.  It's not clear to me why
22       this should not be, as other disputes over providing the electronic
23       media – why it is not before Judge Infante.  So I'd like to hear
24       from the Plaintiff, from Mattel, on this.  In fact, Mr. Nolan actually

---

26   [20]  McFarland Decl., Exh. 13.
27   [21]  <u>See</u> McFarland Decl., Exh. 14 at 55.
     [22]  McFarland Decl., Exh. 15.
28   [23]  McFarland Decl., Exh. 16.

ANAELISE CLOONAN'S NOTICE OF MOTION
AND MOTION

1    makes the accusation that you're doing a bit of forum shopping in

2    this; that you got an adverse ruling on this before Judge Infante on

3    an unrelated witness and that's why you're before the Court here

4    on this.  Is [sic] just not clear to me, Mr. Corey, why this is before

5    this Court and not before Judge Infante.

6                                        .     .     .

7    But in the first instance, I think this issue should be decided by

8    Judge Infante.

9                                        .     .     .

10   So this Ex-Parte Application is denied.[24]

**D.     Mattel Re-Files the Ex Parte Application as a Motion with Judge Infante.**

On February 6, 2008, Mattel re-filed the Ex Parte Application as a motion with Judge Infante.  In an order dated April 11, 2008, Judge Infante stated as follows:

> Although Ms. Cloonan's computer and the zip disk were examined pursuant to the parties' agreed upon protocol, Mattel seeks production of these electronic media to search for additional material that is responsive to Mattel's discovery request, including graphical files, and to determine whether any data has been deleted.[25]

In its proposed order, Mattel requested that Ms. Cloonan be "ordered to produce all electronic media <u>responsive</u> to Mattel's subpoena no later than January 30, 2008."[26] (emphasis added)  Judge Infante ordered that "Mattel's motion is granted in part as to

---

[24] <u>See</u> McFarland Decl., Exh. 17 at 71-72. [hearing transcript at 80-81]

[25] McFarland Decl., Exh. 3 at 14.

[26] McFarland Decl., Exh. 18.

ANAELISE CLOONAN'S NOTICE OF MOTION AND MOTION

1  Ms. Cloonan's computer and zip disk, and denied in all other respects."[27]  Judge Infante

2  further stated:

> 3  Mattel's motion is granted with respect to Ms. Cloonan's computer
>
> 4  and the zip disk.  Both Bryant and Ms. Cloonan testified that
>
> 5  Bryant used Ms. Cloonan's computer for Bratz. She also testified
>
> 6  that the Zip disk in her possession was labeled "Bratz."  In light of
>
> 7  this testimony, Ms. Cloonan's computer and zip disk are likely to
>
> 8  contain information relevant to the origin, creation and
>
> 9  development of Bratz.  On balance, the potential relevance of the
>
> 10  information on Ms. Cloonan's computer and Zip disk outweigh the
>
> 11  burden and expense of another examination of these items by
>
> 12  Mattel.  Further, although Rule 34, Fed.R.Civ.P., does not
>
> 13  authorize the routine production of electronic devices, the intrusion
>
> 14  into Ms. Cloonan's privacy interest is warranted because of the
>
> 15  strong likelihood that there may be relevant information on the
>
> 16  electronic devices that is not available from any other source.[28]

17  Counsel for Ms. Cloonan and counsel for Mattel disagree as to what it is that

18  Judge Infante ordered.  In an effort to try and avoid taking this Court's time, and

19  without waiver of Ms. Cloonan's position that no further review of her personal

20  computer and zip disk should be allowed, counsel for Ms. Cloonan tried to reach an

21  agreement with Mattel's counsel on a protocol that would allow a further review of Ms.

22  Cloonan's computer and zip disk, but all of counsel's proposals have been rejected.  In

23  a series of letters dated April 15-17, 2008, counsel set forth their opposing

24  interpretations of Judge Infante's order.  Mattel's position as set forth in Ms. Grant's

25  letter dated April 15, 2008, is that Mattel:

26

27  [27] See McFarland Decl., Exh. 3 at 18.

28  [28] See McFarland Decl., Exh. 3 at 17.

ANAELISE CLOONAN'S NOTICE OF MOTION AND MOTION

1  Will be proceeding with imaging of the media and the copying of

2  any DataChaser's images by a Mattel forensic computer expert…

3  As you know, in granting Mattel's motion, the Discovery Master

4  overruled Ms. Cloonan's privacy objections and specifically

5  concluded that "the intrusion into Ms. Cloonan's privacy interests

6  is warranted because of the strong likelihood that there may be

7  relevant information on the electronic devices that is not available

8  from any other source." Id. At 6:10-12.  Ms. Cloonan's privacy

9  interests are also fully protected by the operative protective order.

10  Accordingly, we cannot agree to a preemptive privacy review of

11  Ms. Cloonan's electronic media.  We are willing, however, to

12  consider agreeing not to use at trial files from her computer that

13  you specifically identify and that are demonstrably irrelevant and

14  wholly personal in nature pending your client's agreement or order

15  of the Court.  Please note that we expect the imaging and copying

16  to proceed immediately regardless of the prospect of such an

17  agreement.[29]  (emphasis added)

18      Counsel for Ms. Cloonan responded in a letter dated April 15, 2008, as

19  follows:

20  I am writing in response to your letter of today, and to follow up

21  with our conversation last night regarding the further review of

22  Ms. Cloonan's computer and zip disk.  At the outset, I would like

23  to clarify that it is our understanding that Judge Infante granted

24  Mattel's motion with respect to Ms. Cloonan, which clearly only

25  requested that Ms. Cloonan "produce all electronic media

26  *responsive* to Mattel's subpoena," not that she turn over all of her

27

28  [29] McFarland Decl., Exh. 19.

ANAELISE CLOONAN'S NOTICE OF MOTION
AND MOTION

personal photographs or other personal non-responsive items. (emphasis added) Judge Infante specifically reiterated in his order that "Mattel" [sought] production of these electronic media to search for additional material that is *responsive* to Mattel's discovery requests." (emphasis added)  So, I must take issue with your assertion that Judge Infante's order somehow vitiated Ms. Cloonan's interests in her private images that are wholly unrelated to this case.

As I discussed with you last night, we would like to move through this process as quickly as possible and have Ms. Cloonan's computer and zip disk further reviewed.  But, I also pointed out, and you agreed, that there are likely very personal images that will be recovered, which are not related to this litigation.

It is not our wish to impede discovery, but I believe we have two different interpretations of Judge Infante's order.  In order to move this process forward, I suggest that we utilize the procedure as suggested by Ms. Wines and allow DataChasers [Footnote excluded] (the independent experts of your choosing) to review the computer and zip disk for the terms that you believe are responsive, such as keywords, names, and graphical files that Mr. Tayback proposed in his email to Mr. McFarland dated January 9, 2008, as well as evidence of deleted items as set forth in Judge Infante's order.  All of the responsive documents and files that were located by DataChasers would be provided to our office for review as was done in the procedure suggested by Ms. Wines. Within five days, we will notify DataChasers of any privileged documents and DataChasers will then produce all of the non-

ANAELISE CLOONAN'S NOTICE OF MOTION
AND MOTION

privileged documents directly to you.  This will ensure that Mattel

receives all responsive documents directly from DataChasers.

We have no interest in slowing this process down, but if we are

unable to reach an agreement as to Judge Infante's order, we will

be forced to seek review before Judge Larson.  Please contact me

at your earliest convenience so that we can discuss this issue.[30]

In a letter dated April 16, 2008, Mattel rejected Cloonan's counsel's suggestion that the parties follow the structure of the Protocol proposed by Ms. Wines and stated as follows:

I write in response to your letter of April 15, 2008.

Your interpretation of Judge Infante's April 11, 2008 Order is

without merit.  Judge Infante granted Mattel's motion to compel

production of Ms. Cloonan's electronic media and ordered her to

produce her "computer and the Zip Disk" labeled "Bratz" to Mattel

for *forensic examination*.  The Order is clear and unequivocal.

Your refusal to comply with it is inexcusable – particularly on the

grounds asserted in your letter.

For you to refuse to comply with Judge Infante's Order requiring

Ms. Cloonan to produce her "electronic devices" to Mattel for

forensic examination, and yet claim that "it" is not [your] wish to

impede discovery" is disingenuous at best.

Accordingly, please send us written confirmation by 1:00 p.m.

tomorrow that you will comply with the April 11, 2008 Order and

produce to Mattel Ms. Cloonan's computer and zip disk on or

before Friday, April 18, 2008.  Otherwise, Mattel will be forced to

bring an ex parte application before Judge Larson for an order to

---

[30] McFarland Decl., Exh. 20.

ANAELISE CLOONAN'S NOTICE OF MOTION AND MOTION

1    show cause why Keats McFarland and Elise Cloonan should not be

2    held in contempt and for other sanctions based upon the refusal to

3    comply with the April 18, 2008 Order[31]

4    In a letter dated April 17, 2008, counsel for Ms. Cloonan responded as

5 follows:

6    I am writing in response to your letter dated April 16, 2008 to Mr.

7    Dowell.

8    Frankly, I am at a loss to understand the statements in your letter.

9    Not only do you misrepresent your conversation with Mr. Dowell,

10    but you begin with the following misstatement:

11        Judge Infante granted Mattel's motion to compel

12        production of Ms. Cloonan's electronic media and

13        ordered her to produce her "computer and the Zip Disc"

14        labeled "Bratz" to Mattel for *forensic examination*.

15    Notably, you fail to cite to any portion of Judge Infante's order as

16    support for this statement for the simple reason that your statement is

17    not found *anywhere* in Judge Infante's order.  Judge Infante never

18    ordered Ms. Cloonan to "produce her computer and zip disc labeled

19    "Bratz" to Mattel for *forensic examination*."  What Judge Infante

20    ordered is that Mattel's motion is granted with respect to Ms.

21    Cloonan's computer and zip disc.  As you know, what Mattel

22    requested in the Proposed Order submitted with its motion is the

23    following: "Third-parties Anaelise Cloonan … are ordered to

24    produce all electronic media responsive to Mattel's subpoenas no

25    later than January 30, 2008."  Proposed Order Re Mattel Inc.'s *Ex

26    Parte* Application to Compel Production of Electronic Media,

27    _____

28    [31] McFarland Decl., Exh. 21.

ANAELISE CLOONAN'S NOTICE OF MOTION
AND MOTION

January 23, 3008 (emphasis added).  The key word here is "responsive."  This point was further clarified in Mattel's Reply in which it states that it is "entitled to relevant evidence…"  Reply Re Mattel Inc.'s *Ex Parte* Application to Compel Production of Electronic Media, February 1, 3008.

As Mr. Dowell stated in his letter of April 15, 2008, even though we have the right to appeal Judge Infante's order to Judge Larson, we were willing not to file that appeal, but instead to allow "another examination of these items" by Mattel as ordered by Judge Infante.  All that we were requesting in that letter was that a protocol be followed that prevents the production of Ms. Cloonan's privileged information to Quinn Emanuel.  Unfortunately, in your April 16 letter, you not only reject out of hand the protocol that we suggested (which is the same protocol suggested by your former partner Susan Wines) but you go on to threaten not only sanctions, but contempt.  These types of threats are unacceptable and unprofessional, but unfortunately seem to be standard operating procedure for Quinn Emanuel.  Melissa, you know full well that we have not and are not refusing to comply with Judge Infante's order.  Moreover, you know full well that we have every right to appeal that order to Judge Larson.

Given your rejection of the protocol set forth in Mr. Dowell's April 15 letter, we will try one more time to see if we can resolve this matter without the need for an appeal to Judge Larson.  As you know, your firm took the same position with respect to Isaac Larian's hard drives as you are taking with respect to Ms. Cloonan's computer and zip disk.  Specifically, in the order that you submitted to Judge Larson regarding Mr. Larian, you stated the following:

ANAELISE CLOONAN'S NOTICE OF MOTION AND MOTION

1    IT IS FURTHER ORDERED THAT Isaac Larian shall
2    make available within ten (10) calendar days the
3    following hard drives that are in the possession,
4    custody, or control for inspection and coping:
5    1. All hard drives from, or that were at any time
6    connected to, any computer used by either Isaac Larian
7    or Cater Bryant at any time from 1999 to the present
8    and that contain or previously contained any digital
9    information referring or relating to Bratz, Angel, MGA
10   or Bryant (as those terms are defined in Mattel's
11   Requests).
12   A consultant of Mattel's choosing, who Mattel will
13   identify before the inspection, shall be allowed to
14   inspect each of the hard drives produced.  **Mattel's**
15   **consultant shall be allowed to make a forensically**
16   **sound image of each hard drive produced.**  The
17   inspection may take place at a location of Larian's
18   choosing in this District, so long as the location has the
19   minimum requirements necessary to inspect and create
20   a forensically sound image of the produced hard drives.
21   A consultant of Larian's choosing, who Larian will
22   identify before the inspection, shall be allowed to
23   observe the inspection and imaging of the hard drives.
24   (emphasis added)
25   At a hearing held with respect to this order on February 28, 2008,
26   counsel for MGA expressed his concern that as written, the order
27   would allow Mattel unfettered access to Mr. Larian's privileged and
28   personal information.  Judge Larson stated as follows:

- 16 -

ANAELISE CLOONAN'S NOTICE OF MOTION
AND MOTION

1   The Court:  I certainly understand the concerns and the

2   privacy concerns of Mr. Larian and his children, and I

3   suspect that would be something that Mr. Corey and

4   Mr. Quinn would be willing to discuss with you.  I

5   would hope that you could work that out among

6   yourself.

7   If you need to seek relief from the court, I would

8   certainly give you leave to do so, but not before you've

9   tried to work this out.

10  Mr. Nolan:  Right.

11  The Court:  I understand your concerns.  To me, they

12  are not sufficient, given where we are on this, given

13  what the rules are on this and not having the evidence

14  reviewed.  **But certainly we need to install certain**

15  **prophylactic measures that prevent that type of**

16  **information from getting out, even to the attorneys,**

17  **not to mention the parties in this case**, unless and

18  until it is determined that this really is evidence that's

19  going to be used in the motion or in the trial.  (emphasis

20  added)

21  Mr. Nolan:  Right.

22  Your honor, even Mattel in its reply papers, suggested

23  that a so-called neutral –

24  The Court:  Right.

25  Mr. Corey:  We're more than happy to discuss that with

26  Mr. Nolan and come up with a protocol.

27  The court:  **A protocol needs to come up.**  I will take

28  responsibility for that.  I should have looked more

ANAELISE CLOONAN'S NOTICE OF MOTION AND MOTION

1    carefully and considered more carefully that dimension

2    of the order before issuing it or made it clear that I

3    wanted to have that included.  So please do that.  **That**

4    **was certainly the intention of the court to have that**

5    **type of protocol established.**  Perhaps I just assumed

6    that was in place between the parties, but I shouldn't

7    make that kind of assumptions, of course, in a matter of

8    this nature.

9        I'll leave it to you in the first instance to try to work

10    that out.  **If there's any dispute over that protocol**, let

11    me know.  (emphasis added)

12    Judge Larson responded further to clarify as reflected in the record

13    below:

14        Mr. Nolan:  Right.  I wasn't trying to back door the

15        reconsideration motion on the actual issue itself, but more that

16        there's nothing in the Court's order that was intended to

17        suggest that Mattel could have access –

18        The Court:  **Unfettered access; no, of course not.** (emphasis

19        added)

20    As you no doubt know, attorneys at your firm and Skadden are

21    currently negotiating a protocol for the review of Mr. Larian's hard

22    drives.  Given that you have rejected the protocol set forth in Mr.

23    Dowell's April 15 letter, we are willing to agree to be bound by the

24    protocol ultimately agreed to (or ordered) with respect to Mr.

25    Larian's hard drives.  This position is more than reasonable given

26    that Mr. Larian is a party and Ms. Cloonan is not.  As Judge Infante

27    has recognized, third parties are entitled to greater protection than

28    parties.  Please let me know if this proposal is acceptable.

ANAELISE CLOONAN'S NOTICE OF MOTION AND MOTION

1    Let me be very clear about this.  If Quinn Emanuel will not agree to

2    this proposal, please take this as notice that we plan to appeal Judge

3    Infante's order to Judge Larson.  Also, I hope it is obvious that we

4    will oppose any ex parte application for an order to show cause why

5    Keats McFarland & Wilson LLP and Elise Cloonan should be held

6    in contempt and for sanctions.  Moreover, we will certainly seek

7    sanctions against your firm and Mattel if you decide to file such a

8    frivolous motion.[32]

9        In an e-mail dated April 21, 2008, counsel for Mattel rejected Ms. Cloonan's

10   counsel's offer, stating as follows: "With respect to the Cloonan disk and hard drive, I

11   don't see that we can reach a compromise – at least not on the terms we discussed the

12   other day.  I believe that Judge Infante's order allows Mattel to make and inspect an

13   image of both, and this the only way I can think of to obtain the evidence we need."[33]

14   **III.   ARGUMENT**

15       By the stipulation and Court order appointing a Discovery Master, the Discovery

16   Master's rulings are treated like those of a magistrate judge.  Such ruling should be

17   overruled if they are "clearly erroneous or [] contrary to law."  Fed. R. Civ. P. 72(a).

18       **1.     The Discovery Master's April 11 Order is Clearly Erroneous Because**

19             **Mattel Failed to Meet its Burden**

20       As stated above, Judge Infante ordered an additional review of Ms. Cloonan's

21   personal computer and zip disk finding that "although Rule 34 F.R.C.P., does not

22   authorize the routine production of electronic devices, the intrusion into Ms. Cloonan's

23   privacy interests is warranted because of the strong likelihood that there may be relevant

24   information on the electronic devices that is not available from any other source"[34]

25

26   _____

27   [32] McFarland Decl., Exh. 22.
     [33] McFarland Decl., Exh. 23.

28   [34] McFarland Decl., Exh. 3 at 17.

ANAELISE CLOONAN'S NOTICE OF MOTION
                                                                         AND MOTION

1        This finding is in error because it is not supported by any evidence in the record

2   and rests merely on Mattel' speculation that there might be responsive evidence that was

3   not located by the search that was conducted pursuant to the Protocol proposed by Mattel.

4   It is Mattel's burden to come forward with evidence to support the finding that it is

5   entitled to an additional review of Ms. Cloonan's personal computer and zip disk and it

6   failed to satisfy that burden.  Indeed, courts will not compel the inspection of a

7   responding party's computer hard drive for a purely speculative inquiry, or in the

8   absence of a showing by the requesting party that the documents it seeks actually exist

9   or that the responding party has unlawfully failed to produce them.  See Bethea v.

10  Comcast, 218 F.R.D. 328, 330 (D.D.C. 2003); Floeter v. City of Orlando, 2006 WL

11  1000306, at *3 (M.D. Fla. Apr. 16, 2006) (plaintiff "has not made any showing that he

12  has requested information contained on these computer hard drives that the [defendant]

13  has failed to produce"); Balfour Beatty Rail, Inc. v. Vaccarello, 2007 WL 169628, at

14  *2-3 (M.D. Fla. Jan. 18, 2007) (motion to compel denied because "Plaintiff's requests

15  simply seek computer hard drives.  Plaintiff does not provide any information regarding

16  what it seeks to discover from the hard drives nor does it make any contention that

17  Defendants have failed to provide requested information contained on these hard

18  drives.").  In addition, the mere fact that a requesting party is skeptical that a

19  responding party has produced copies of all relevant and non-privileged documents

20  does not warrant compelling additional discovery.  See McCurdy Group, LLC v. Am.

21  Biomedical Group, Inc., 9 Fed. Appx. 822, 831 (10th Cir. 2001) (court denied motion

22  to compel because plaintiff "has never explained, either in the district court or on

23  appeal, why it should be allowed to conduct a physical inspection of [defendant]'s

24  computer hard drive(s)."); Powers v. Thomas M. Cooley Law School, 2006 WL

25  2711512, at *5 (W.D. Mich. 2006) ("This court is therefore loathe to sanction intrusive

26  examination of an opponent's computer as a matter of course, or on the mere suspicion

27  that the opponent may be withholding discoverable information."); Ameriwood Indus.,

28  Inc. v. Liberman, 2006 WL 3825291, at *4 (E.D. Mo. Dec. 27, 2006) ("[A] party may

ANAELISE CLOONAN'S NOTICE OF MOTION
AND MOTION

1   not inspect the physical hard drives of a computer merely because the party wants to

2   search for additional documents responsive to the party's document requests.").  Mattel

3   has failed to establish that Ms. Cloonan's discovery obligations have not been fully

4   satisfied and has failed to establish that the documents it seeks actually exist.  Instead,

5   Mattel relies on highly speculative conjecture, which numerous courts have held is

6   insufficient to warrant Mattel's requested relief.[35]

7        In addition, the Discovery Master's April 11, 2008 order is clearly erroneous

8   because Mattel should not be allowed to demand a <u>new</u> protocol at this late date in the

9   litigation.  The purpose of negotiating a protocol is so that discovery can proceed and the

10  case can get to trial.  If a party is able to continually demand that a new protocol be used

11  and/or a new review be conducted, discovery will never end.  <u>See</u> <u>Walpex Trading Co. v.</u>

12  <u>Yacimientos Petroliferos Fiscales Bolivianos</u>, 1994 WL 167952, at *2 (S.D.N.Y. Apr.

13  29, 1994) ("At some point in time, the discovery phase of a case must end and the case

14  must proceed to trial.").  The discovery cut-off has passed and there needs to be an end

15  to fact discovery so that the case can go to trial.  The Protocol was agreed to; the

16  computer and zip disk were reviewed pursuant to the Protocol; all documents located

17  by the expert were produced, and Ms. Cloonan's deposition was taken.  That should be

18  the end of it.  Mattel has simply failed to put forward any evidence to justify a change in

19  the protocol or any additional review at this very late stage of this litigation.

20      **2.     To the Extent That the Magistrate Judge's April 11 Order Allows**

21      **Mattel to Obtain a Mirror Image of Ms. Cloonan's Personal**

22      **Computer and Zip Disk, This Order is Clearly Erroneous.**

23      "Courts should guard against undue intrusiveness resulting from inspecting or

24  testing such systems."  Fed. R. Civ. P. 34(a)(1), 2006 Adv. Comm. Notes.  Thus, Rule

25

26  _____

27  [35]  <u>See</u> e.g., <u>Williams</u>, 226 F.R.D. at 146 (absent any credible evidence that responding
    party failed to produce requested e-mail, court declined to order inspection of computer

28  hard drive).

ANAELISE CLOONAN'S NOTICE OF MOTION
                                        AND MOTION

34(a) does not entitle a party to "a routine right of direct access to a party's electronic information system…."  Id.  "Even in cases where courts have found computer imaging and inspection to be warranted, the courts have nonetheless adopted procedures to protect privilege and privacy concerns."  Caylon v. Mizuho Sec. USA Inc., 2007 WL 1468889, at *3 (S.D.N.Y. May 28, 2007); see In re Ford Motor Co., 345 F.3d 1315, 1317 (11th Cir. 2003) (observing that "the district court must 'protect respondent with respect to preservation of his records, confidentiality of nondiscoverable matters, and costs.'") (quoting Fed. R. Civ. P. 34, 1970 Adv. Comm. Notes).  Therefore, to the extent that Judge Infante's April 11, 2008, order allows Mattel to obtain a mirror image of Ms. Cloonan's personal computer and zip disk, the order is clearly erroneous.

If this Court decides to order any further review of Ms. Cloonan's computer and zip disk, Ms. Cloonan respectfully requests that this review be performed pursuant to a protocol that protects Ms. Cloonan's legitimate privilege and privacy interests.  As this Court recognized with respect to the review of Mr. Larian's computer, Mattel does not get "unfettered access" to computer hard drives.

### a.    If This Court Orders a Further Review of the Computer and Zip Disk, the Review Should be Conducted Pursuant to the Agreed to Protocol.

In the alternative, if this Court decides to order a further review of Ms. Cloonan's personal computer and zip disk, Ms. Cloonan respectfully requests that such additional review be conducted pursuant to the Protocol proposed and agreed to by Mattel with the change being that the following additional names and reasonable variations thereof be added to the list of reviewed names: Anna Isabela Cabrera, Beatriz Morales, Maria Elena Salazar and Pedro Salazar.[36]

This compromise solves Mattel's concern that the search of Ms. Cloonan's

---

[36] Counsel for Ms. Cloonan offered this compromise to counsel for Mattel at the meet and confer held on March 10, 2008.  McFarland Decl. ¶ 24.

ANAELISE CLOONAN'S NOTICE OF MOTION AND MOTION

1   personal computer and zip disk did not include certain individuals that it claims to have

2   learned of after the time that Ms. Wines identified all of the search terms in her

3   September 13, 2007, letter.  In addition, this proposal can be implemented quickly

4   because DataChasers can search for these additional names on the computer and zip

5   disk that are still in its possession.  Finally, counsel for Ms. Cloonan is willing to

6   review any documents located pursuant to this additional review in five calendar days

7   rather than the ten days set forth in the Protocol.

8        **b.       If This Court Orders a Broader Further Review of the**

9              **Computer and Zip Disk, the Review Should be Conducted**

10             **Pursuant to the Protocol Governing the Review of Mr. Larian's**

11             **Computer.**

12       In the alternative, if this Court orders an additional review of Ms. Cloonan's

13  computer and zip disk beyond a search for additional names, Ms. Cloonan respectfully

14  requests that this review should be conducted pursuant to a protocol that protects Ms.

15  Cloonan's privileged and confidential information.  As set forth above, this Court has

16  ordered counsel for MGA and Mattel to meet and confer with respect to a protocol for

17  the review of Mr. Larian's computers.  If this Court determines that a further review of

18  Ms Cloonan's computer and zip disk is justified, Ms. Cloonan respectfully requests that

19  she be afforded the same protections with respect to any possible privileged and private

20  materials as is Mr. Larian. [37]  Therefore, if this Court orders a further, broader review of

21  Ms. Cloonan's computer and zip disk, Ms. Cloonan proposes that such review be

22  conducted pursuant to the protocol agreed to with respect to Mr. Larian, or if no

23  agreement is reached between MGA and Mattel on this issue, then pursuant to the

24

25  [37] In addition, while Mr. Larian is a party, Ms. Cloonan is a third party and the
26  Discovery Master has already recognized that the Rule 26(b)(2) restrictions on
    discovery are "particularly important to consider where the discovery requests are
27  directed at a non-party." Order Re Mattel's Motions to Compel Farhad Larian, Kaye
28  Scholer and Stern & Goldbert to Produce Documents, January 25, 2007.

- 23 -

1 protocol ordered by this Court with respect to Mr. Larian.

2 **IV.   CONCLUSION**

3        Based on the foregoing, Ms. Cloonan respectfully requests that this Court

4 overrule Judge Infante's April 11, 2008, order allowing Mattel to conduct a further

5 review of Ms. Cloonan's personal computer and zip disk, and order that no further

6 review be conducted.  In the alternative, Ms. Cloonan respectfully requests that if this

7 Court orders any further review of Ms. Cloonan's personal computer and zip disk that

8 any such additional review be conducted pursuant to the agreed to Protocol with the

9 addition of certain individual names.  In the alternative, if this Court decides to order a

10 broader review of Ms. Cloonan's computer and zip disk, Ms. Cloonan respectfully

11 requests that such review be conducted pursuant to the protocol agreed to or ordered

12 with respect to Mr. Larian.

13

14 Dated:  April 25, 2008              KEATS MCFARLAND & WILSON LLP

15

16                                    /s/_____

17                                    Larry McFarland, Esq.
                                     Christian C. Dowell, Esq.
18                                    Attorneys for Non-Party Ana Elise Cloonan

19

20

21

22

23

24

25

26

27

28

ANAELISE CLOONAN'S NOTICE OF MOTION
AND MOTION