1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Carter Bryant v. Mattel Inc.**
Case No.: CV 04 – 09049 SGL (RNBx)
Consolidated with Case Nos.
CV 04-9059 and CV 05-2727
Hon. Stephen G. Larson

# **EXHIBIT 1**

**EXHIBIT TO**:   DECLARATION OF LARRY W. McFARLAND IN SUPPORT OF ANAELISE CLOONAN'S NOTICE OF MOTION AND MOTION OBJECTING TO PORTIONS OF DISCOVERY MASTER'S APRIL 11, 2008 ORDER REGARDING A FURTHER EXAMINATION OF MS. CLOONAN'S COMPUTER AND ZIP DISK

# KEATS McFARLAND & WILSON LLP

## ATTORNEYS AT LAW

TEL (310) 248-3830
FAX (310) 860-0363

9720 WILSHIRE BOULEVARD
PENTHOUSE SUITE
BEVERLY HILLS, CALIFORNIA 90212

www.kmwlaw.com

WRITER'S DIRECT DIAL
(310) 777-3750

WRITER'S EMAIL
lmcfarland@kmwlaw.com

December 4, 2007

VIA HAND DELIVERY

B. Dylan Proctor, Esq.
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

      Re:    Mattel v. Bryant

Dear Dylan:

      Pursuant to our agreement outlined in my letter of November 21, 2007, Data Chasers has completed its forensic review of the disk belonging to Ms. Cloonan. I have enclosed the single item that was located by Data Chasers. In the interest of speeding up production, and pursuant to my discussion with Mr. Albee of Data Chasers, we have applied a Bates number and are producing the document to you directly. The Bates number is the next in sequence with the other computer forensics items produced by Data Chasers from Ms. Cloonan's computer.

      Very truly yours,

Larry W. McFarland
Keats McFarland & Wilson LLP

LWM/ccd

cc:  Thomas J. Nolan
      Michael Page
      Rick Albee

Enclosure (ACFR 000391)

EXHIBIT 1

PAGE 4

**Carter Bryant v. Mattel Inc.**
Case No.: CV 04 – 09049 SGL (RNBx)
Consolidated with Case Nos.
CV 04-9059 and CV 05-2727
Hon. Stephen G. Larson

# **EXHIBIT 2**

**EXHIBIT TO**:   DECLARATION OF LARRY W. McFARLAND IN SUPPORT OF ANAELISE CLOONAN'S NOTICE OF MOTION AND MOTION OBJECTING TO PORTIONS OF DISCOVERY MASTER'S APRIL 11, 2008 ORDER REGARDING A FURTHER EXAMINATION OF MS. CLOONAN'S COMPUTER AND ZIP DISK

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA 92501
<u>CIVIL MINUTES -- GENERAL</u>

Case No.    CV 04-09049 SGL(RNBx)                    Date: February 4, 2008
Title:      CARTER BRYANT -v- MATTEL, INC.
            AND CONSOLIDATED ACTIONS

========================================================================

PRESENT:    HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

            Jim Holmes                           Theresa Lanza
            Courtroom Deputy Clerk               Court Reporter

ATTORNEYS PRESENT FOR CARTER          ATTORNEYS PRESENT FOR MATTEL:
BRYANT:

Michael Page                              John Quinn
                                          Jon D. Corey

                                      ATTORNEY PRESENT FOR CARLOS
ATTORNEYS PRESENT FOR MGA:            GUSTAVO MACHADO GOMEZ:

Thomas J. Nolan
Carl A. Roth
Robert J. Harrington

ATTORNEYS PRESENT FOR THIRD-
PARTY WITNESSES

Larry W. McFarland
Scott Gizer
Ramit Mizrahi
Henry H. Gonzalez
Neal A. Potischman
John Patrick Petrullo

Alexander H. Cote

MINUTES FORM 90                                Initials of Deputy Clerk __jh_
CIVIL -- GEN                 1                 Time: 1/45

                                               EXHIBIT 2
                                               PAGE 5

Case 2:04-cv-09049-DOC-RNB   Document 3287-3   Filed 04/25/08   Page 5 of 39   Page ID
#:55142
Case 2:04-cv-09049-SGL-RNB   Document 1931   Filed 02/04/2008   Page 2 of 7

PROCEEDINGS:

HEARING ON EX PARTE APPLICATIONS:

**1722 EX PARTE APPLICATION to Compel Deposition of Ana Cabrera, Beatriz Morales, and Maria Salazar and Mel Woods**

**1724 EX PARTE APPLICATION to Compel Depositions of Daphne Gronich, Joe Tiongco, Mariana Trueba, Pablo Vargas, MGA Entertainment, Inc.**

**1538 EX PARTE APPLICATION for Relief from 01-07-2008 Order re Motion Hearing**

**1583 EX PARTE APPLICATION to Compel Production of Electronic Media from Third Parties Elise Cloonan, Margaret Hatch-Leahy, and Veronica Marlow**

**1624 EX PARTE APPLICATION to Enforce Court's Orders Compelling Production of Tangible Items**

**1628 EX PARTE APPLICATION to Stay pending Review of Discovery Master's January 11, 2008 Order Granting MGA's and Bryant's Motion to Compel**

**ORDER TO SHOW CAUSE DIRECTED TO COUNSEL LARRY McFARLAND**

Having considered the documents submitted in support of and opposition to the applications set forth above, and having heard oral argument, the Court issues its rulings on these matters as stated on the record and as follows:

### EX PARTE APPLICATIONS REGARDING DEPOSITIONS
### (DOCKET #1722 AND #1724) AND ORDER TO SHOW CAUSE

These applications are DENIED IN PART, subject to the following rulings:

(1)  The Court's January 7, 2008, Order was intended to grant certain specified relief from the numerical limitations on discovery requests; it was not meant to make definitive rulings on burdensomeness, relevance, privilege, or service of discovery requests.

(2)  The Phase 1 discovery deadline has expired. Any Phase 1 discovery not properly served on or before this deadline may not now be pursued. Based on the representation of counsel that process for the letters rogatory on the Hong Kong witnesses has not been initiated, these witnesses may not be deposed on Phase 1 issues. Notwithstanding this ruling, however, the Court is concerned with the allegations by Mattel in its ex parte application regarding certain actions of Larry

MINUTES FORM 90
CIVIL -- GEN

2

Initials of Deputy Clerk __jh_____
Time: 1/45

EXHIBIT___2____
PAGE _____6___

Case 2:04-cv-09049-DOC-RNB   Document 3287-3   Filed 04/25/08   Page 6 of 39   Page ID
#:55143
Case 2:04-cv-09049-SGL-RNB     Document 1931     Filed 02/04/2008     Page 3 of 7

McFarland, who represents certain third-party witnesses. Mattel submits that Mr. McFarland has been deliberately evading service of a notice of deposition on him and his clients – serious allegations when made by an officer of the Court against another officer of the Court.  Accordingly, Mr. McFarland is **ORDERED TO SHOW CAUSE** why he and his clients should not be ordered to appear for deposition. A written response to this OSC must be filed no later than February 11, 2008.  Other parties may file written replies no later than February 19, 2008.  The Court will hear the matter at 10:00 a.m., February 25, 2008, in Courtroom One of the above-referenced Court.

(3)     Phase 1 depositions that have been scheduled past the discovery deadline for the convenience of the witnesses or pursuant to the stipulation of the parties and/or witnesses may proceed as scheduled.

(4)     All discovery related to Phase 2, other than certain individual depositions that may be related to both Phase 1 and Phase 2, is STAYED until further order of the Court.

(5)     As previously ordered and reaffirmed by this Court, all discovery matters shall be presented in the first instance to the Discovery Master.  The fact that the Discovery Master's ruling might impact upon the Court's scheduling order does not relieve the parties of following this procedure.  For instance, motions to compel, motions to quash, or motions challenging service as to existing discovery requests shall be brought before the Discovery Master.  So, too, must objections based on burdensomeness, relevancy, or privilege.  In general, and on the matters touched upon herein, the Court expresses no opinion as to these issues, and instead leaves those issues to the Discovery Master to decide in the first instance.

(6)     To the extent that certain challenged depositions are within the scope of the Court's January 7, 2008, Order, and are related to Phase 1 (or to the extent that a given deposition (other than a Rule 30(b)(6) deposition) is related to both Phase 1 and Phase 2), said deposition may proceed subject to the challenges set forth in the previous paragraph.  To the extent that the depositions are related to Phase 2, they are STAYED, as set forth above, notwithstanding the January 7, 2008, Order.

(7)     The parties' arguments require the Court to resolve an internal inconsistency in the Court's January 7, 2008, Order.  The Court's Order was meant to grant all parts of Mattel's Motion for Leave to Take Additional Discovery (docket #1134) except the relief sought as to the deposition of Carter Bryant.  The Court amends its 01.07.08 Order as follows:

> Delete: <Specifically, the Court grants Mattel's request to take the individual depositions relating to the Bratz claims (set forth in the moving papers at 9-11) and relating to the trade secret and RICO

MINUTES FORM 90
CIVIL -- GEN                                    3

Initials of Deputy Clerk __jh_____
Time: 1/45

EXHIBIT____2___
PAGE _____7_____

claims (set forth in the moving papers at 13).>

Replace with: <Specifically, the Court grants Mattel's request to take the individual depositions relating to the Bratz claims (set forth in the moving papers at 9-11), relating to the trade secret and RICO claims (set forth in the moving papers at 13), and relating to document preservation (set forth in the moving papers at 14 (Joe Tiongco and Daphne Gronich)).>

(8)  The Court's January 7, 2008, Order granted leave to take additional discovery over and above the previously allocated 24 depositions per side. Nevertheless, as to all other depositions, how to "count" the previously allocated depositions is left to the discretion of the Discovery Master.

(9)  At the hearing, counsel for Christensen, Glaser requested that the Court clarify that its January 7, 2008, ruling granted leave to depose it on only one issue. That is not the case, and the request is DENIED. Mattel has been granted relief from the numerical limitations that previously restricted its ability to depose those individuals and entities addressed by the Court's January 7, 2008, Order, including its ability to depose Christensen, Glaser. Unless otherwise restricted by the Discovery Master upon proper presentation of the issue to him, Mattel may depose Christensen, Glaser on any relevant, non-privileged matter.

## MACHADO GOMEZ'S EX PARTE APPLICATION RE JANUARY 7, 2008, ORDER (DOCKET # 1504)

This application is GRANTED. As noted above, Phase 2 discovery is STAYED until further order of the Court. The Court will address Phase 2 discovery, motions, pretrial, and trial dates after the conclusion of Phase 1 of the trial.

## MATTEL'S EX PARTE APPLICATION RE MOTION TO COMPEL PRODUCTION OF ELECTRONIC MEDIA FROM THIRD PARTIES (DOCKET #1538)

This application is DENIED. This matter must be addressed in the first instance by the Discovery Master.

## MATTEL'S EX PARTE APPLICATION TO ENFORCE COURT'S ORDERS COMPELLING PRODUCTION OF TANGIBLE ITEMS (#1624)

This application is GRANTED IN PART. Counsel for MGA shall employ its best efforts to arrange for shipment of those tangible things located in the Peoples' Republic of China ("PRC") to Hong Kong Special Administrative Region ("Hong Kong") for examination in conjunction with those tangible things already located in Hong Kong. Otherwise, counsel for MGA shall cooperate in the

EXHIBIT 2
PAGE 8

Case 2:04-cv-09049-DOC-RNB   Document 3287-3   Filed 04/25/08   Page 8 of 39   Page ID
#:55145
Case 2:04-cv-09049-SGL-RNB      Document 1931      Filed 02/04/2008      Page 5 of 7

arrangements for inspection in both Hong Kong and the PRC.   Mattel's request for costs is denied without prejudice.

Counsel are encouraged to meet and confer with the intent of reaching a stipulation regarding the supplementation of expert reports.  Absent such stipulation, at the appropriate time, the Court will entertain an ex parte application from any party regarding this issue.

### MATTEL'S EX PARTE APPLICATION TO STAY PENDING REVIEW OF DISCOVERY MASTER'S JANUARY 11, 2008 ORDER (DOCKET # 1628)

This application is GRANTED IN PART.  The Court sets the motion for hearing on February 11, 2008.  Opposition shall be filed no later than February 6, 2008; any reply shall be filed no later than February 8, 2008.  The Discovery Master's January 11, 2008, Order is stayed until the issuance of the Court's minute order regarding the February 11, 2008, hearing.

IT IS SO ORDERED.

Initials of Deputy Clerk __jh_____
Time: 1/45

EXHIBIT___2___
PAGE ___9___

# NOTICE PARTY SERVICE LIST

**Case No.**   CV 04-09049 SGL(RNBx)     **Case Title**   Carter Bryant v. Mattel, Inc.

**Title of Document**   Minute Order of February 4, 2008

| | |
|---|---|
| Atty Sttlmnt Officer Panel Coordinator | |
| BAP (Bankruptcy Appellate Panel) | |
| Beck, Michael J (Clerk, MDL Panel) | |
| BOP (Bureau of Prisons) | |
| CA St Pub Defender (Calif. State PD) | |
| CAAG (California Attorney General's Office - Keith H. Borjon, L.A. Death Penalty Coordinator) | |
| Case Asgmt Admin (Case Assignment Administrator) | |
| Catterson, Cathy (9th Circuit Court of Appeal) | |
| Chief Deputy Admin | |
| Chief Deputy Ops | |
| Clerk of Court | |
| Death Penalty H/C (Law Clerks) | |
| Dep In Chg E Div | |
| Dep In Chg So Div | |
| Federal Public Defender | |
| Fiscal Section | |
| Intake Section, Criminal LA | |
| Intake Section, Criminal SA | |
| Intake Supervisor, Civil | |
| PIA Clerk - Los Angeles (PIALA) | |
| PIA Clerk - Riverside (PIAED) | |
| PIA Clerk - Santa Ana (PIASA) | |
| PSA - Los Angeles (PSALA) | |
| PSA - Riverside (PSAED) | |
| PSA - Santa Ana (PSASA) | |
| Schnack, Randall (CJA Supervising Attorney) | |
| Statistics Clerk | |

| | |
|---|---|
| US Attorneys Office - Civil Division -L.A. | |
| US Attorneys Office - Civil Division - S.A. | |
| US Attorneys Office - Criminal Division -L.A. | |
| US Attorneys Office - Criminal Division -S.A. | |
| US Bankruptcy Court | |
| US Marshal Service - Los Angeles (USMLA) | |
| US Marshal Service - Riverside (USMED) | |
| US Marshal Service -Santa Ana (USMSA) | |
| US Probation Office (USPO) | |
| US Trustee's Office | |
| Warden, San Quentin State Prison, CA | |

✓ **ADD NEW NOTICE PARTY**
(if sending by fax, mailing address must also be provided)

Name: Ambassador Pierre-Richard Prosper

Firm:

Address (include suite or floor): P.O. Box 581103

Salt Lake City, UT  84158

*E-mail: Prosper.Pierre@Arentfox.com

*Fax No.:

\* For CIVIL cases only

**JUDGE / MAGISTRATE JUDGE (list below):**

**Initials of Deputy Clerk** jh

EXHIBIT 2
PAGE 10

# NOTICE PARTY SERVICE LIST

**Case No.**  CV 04-09049 SGL(RNBx)    **Case Title**  Carter Bryant v. Mattel, Inc.

**Title of Document**  Minute Order of February 4, 2008

| | | | |
|---|---|---|---|
| Atty Sttlmnt Officer Panel Coordinator | | US Attorneys Office - Civil Division -L.A. | |
| BAP (Bankruptcy Appellate Panel) | | US Attorneys Office - Civil Division - S.A. | |
| Beck, Michael J (Clerk, MDL Panel) | | US Attorneys Office - Criminal Division -L.A. | |
| BOP (Bureau of Prisons) | | US Attorneys Office - Criminal Division -S.A. | |
| CA St Pub Defender (Calif. State PD) | | US Bankruptcy Court | |
| CAAG (California Attorney General's Office - Keith H. Borjon, L.A. Death Penalty Coordinator) | | US Marshal Service - Los Angeles (USMLA) | |
| Case Asgmt Admin (Case Assignment Administrator) | | US Marshal Service -  Riverside (USMED) | |
| Catterson, Cathy (9th Circuit Court of Appeal) | | US Marshal Service -Santa Ana (USMSA) | |
| Chief Deputy Admin | | US Probation Office (USPO) | |
| Chief Deputy Ops | | US Trustee's Office | |
| Clerk of Court | | Warden, San Quentin State Prison, CA | |
| Death Penalty H/C (Law Clerks) | | | |
| Dep In Chg E Div | | | |

**✓  ADD NEW NOTICE PARTY** (if sending by fax, mailing address must also be provided)

Name: Hon. Edward A. Infante (Ret.)

Firm:

Address *(include suite or floor)*:  Two Embarcadero Center, Suite 1500, San Francisco,  CA  94111

*E-mail:

*Fax No.:

* For CIVIL cases only

| | | | |
|---|---|---|---|
| Dep In Chg So  Div | | | |
| Federal Public Defender | | | |
| Fiscal Section | | | |
| Intake Section, Criminal LA | | | |
| Intake Section, Criminal SA | | | |
| Intake Supervisor, Civil | | | |
| PIA Clerk - Los Angeles (PIALA) | | | |
| PIA Clerk - Riverside (PIAED) | | | |
| PIA Clerk - Santa Ana (PIASA) | | | |
| PSA - Los Angeles (PSALA) | | | |
| PSA - Riverside (PSAED) | | | |
| PSA - Santa Ana (PSASA) | | | |
| Schnack, Randall (CJA Supervising Attorney) | | | |
| Statistics Clerk | | | |

*JUDGE / MAGISTRATE JUDGE (list below):*

**Initials of Deputy Clerk** jh

EXHIBIT   2

PAGE   11

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Carter Bryant v. Mattel Inc.**
Case No.: CV 04 – 09049 SGL (RNBx)
Consolidated with Case Nos.
CV 04-9059 and CV 05-2727
<u>Hon. Stephen G. Larson</u>

# **EXHIBIT 3**

**<u>EXHIBIT TO</u>**:   DECLARATION OF LARRY W. McFARLAND IN SUPPORT OF ANAELISE CLOONAN'S NOTICE OF MOTION AND MOTION OBJECTING TO PORTIONS OF DISCOVERY MASTER'S APRIL 11, 2008 ORDER REGARDING A FURTHER EXAMINATION OF MS. CLOONAN'S COMPUTER AND ZIP DISK

1    Hon. Edward A. Infante (Ret.)
     JAMS
2    Two Embarcadero Center
     Suite 1500
3    San Francisco, California 94111
     Telephone:    (415) 774-2611
4    Facsimile:    (415) 982-5287

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10                       EASTERN DIVISION

11

12   | CARTER BRYANT, an individual, | CASE NO. CV 04-09049 SGL (RNBx) |
13   |                               | JAMS Reference No. 1100049530   |
     |         Plaintiff,            |                                 |
14   |                               |                                 |
     |            v.                 | Consolidated with               |
15   |                               | Case No. CV 04-09059            |
     | MATTEL, INC., a Delaware corporation, | Case No. CV 05-2727       |
16   |                               |                                 |
     |         Defendant.            | **ORDER GRANTING IN PART AND**  |
17   |                               | **DENYING IN PART MATTEL'S**    |
     |                               | **MOTION TO COMPEL PRODUCTION** |
18   |                               | **OF ELECTRONIC MEDIA FROM**    |
     |                               | **THIRD PARTIES ELISE CLOONAN,**|
19   |                               | **MARGARET HATCH-LEAHY AND**    |
     |                               | **VERONICA MARLOW**             |
20   | CONSOLIDATED WITH             |                                 |
21   | MATTEL, INC. v. BRYANT and    |                                 |
     | MGA ENTERTAINMENT, INC. v. MATTEL, |                            |
22   | INC.                          |                                 |

23

24                        I. INTRODUCTION

25          On February 6, 2008, Mattel, Inc. ("Mattel") submitted its "Motion to Compel Production

26   of Electronic Media From Third Parties Elise Cloonan, Margaret Hatch-Leahy and Veronica

27   Marlow" ("Motion").  Mattel previously sought identical relief, in addition to relief from the

28

     Bryant v. Mattel, Inc.,                                          1
     CV-04-09049 SGL (RNBx)

                              EXHIBIT 3
                              PAGE 12

1   expert witness cut-off date in an *ex parte* application presented to the district court.  On February

2   4, 2008, the court ordered this matter submitted to the Discovery Master for ruling.  The parties

3   have fully briefed the issue presented by Mattel's Motion – the production of the electronic media.

4   Mattel previously filed its Ex Parte Application to (1) Compel Production of Electronic Media

5   From Third-Parties Elise Cloonan, Margaret Hatch-Leahy, And Veronica Marlow Or (2) In The

6   Alternative, Modify the Scheduling Order on January 23, 2008.  Third parties Cloonan, Hatch-

7   Leahy and Marlow filed an opposition on January 27, 2008.  MGA Entertainment, Inc., MGA

8   Entertainment (HK) Limited, and MGAE de Mexico, S.R.L. de C.V. ("MGA") filed a joinder in

9   the third parties' opposition on January 28, 2008.  Mattel filed a reply on February 1, 2008.  The

10  motion was heard on April 11, 2008.

11                              II. BACKGROUND

12          Mattel served subpoenas for deposition and documents on the three witnesses in April

13  2005.  In the fall of 2007, the parties agreed on a protocol for an independent expert, Rick Albee

14  of DataChasers, Inc., to run certain "key word" search terms on the computer data in the

15  possession of Ms. Cloonan and Ms. Hatch-Leahy and to produce documents to the witnesses'

16  counsel, who would review the documents and produce responsive non-privileged documents.

17  The "key word" search terms included Bratz, MGA, Carter Bryant, Isaac Larian, Prayer Angels

18  and others.  The protocol to which the parties agreed did not "foreclose Mattel from seeking

19  production and inspection of any matter, including without limitation the original date, drives or

20  documents."  Tayback Decl., Ex. 14.  Ms. Cloonan's and Ms. Hatch-Leahy's counsel produced

21  documents to Mattel before their depositions.

22                              Ms. Hatch-Leahy

23          Ms. Hatch-Leahy was a Mattel employee until September 5, 2000.  Bryant solicited Ms.

24  Hatch-Leahy to sculpt Bratz dolls and introduced her to MGA.  According to the testimony of

25  MGA's Paula Garcia, Ms. Hatch-Leahy created the first Bratz sculpts and was the sole person to

26  work on the first Bratz sculpts in 2000.

27          Ms. Hatch-Leahy appeared for her deposition on December 12, 2007 and testified, in

28

1    pertinent part, that she worked for Mattel competitors while working for Mattel.  Although Ms.

2    Hatch-Leahy's computer was examined by an independent expert pursuant to the parties' agreed

3    upon protocol, Mattel seeks production of her computer to search for additional material that is

4    responsive to Mattel's discovery requests, including graphic files.  Mattel also intends to examine

5    Ms. Hatch-Leahy's computer to determine whether any data has been deleted.

6                                              Ms. Cloonan

7            Ms. Cloonan was Bryant's roommate while both worked at Mattel in 1999 and 2000.

8    Bryant testified that he used Ms. Cloonan's home computer to create Bratz materials he used to

9    pitch Bratz to MGA in September 2000.  Bryant also testified that Ms. Cloonan prepared a logo

10   used in the Bratz pitch materials that he presented to MGA.

11           Ms. Cloonan appeared for her deposition on December 14, 2007.  She testified that Bryant

12   used her computer and that she may have used her computer to prepare graphics for him.  She

13   also testified that she identified a Zip disk in her possession labeled "Bratz," which she gave to

14   her attorney in 2005.  Although Ms. Cloonan's computer and the Zip disk were examined

15   pursuant to the parties' agreed upon protocol, Mattel seeks production of these electronic media to

16   search for additional material that is responsive to Mattel's discovery requests, including graphic

17   files, and to determine whether any data has been deleted.

18                                              Ms. Marlow

19           Ms. Marlow allegedly introduced Carter Bryant ("Bryant") and MGA to one another and

20   worked on Bratz fashions.  Bryant has paid Ms. Marlow a substantial "finder's fee" for bringing

21   him and MGA together.  In addition, MGA has paid Ms. Marlow a substantial sum of money in

22   connection with Bratz.

23           Mattel deposed Ms. Marlow on December 28, 2007, and learned that three Mattel

24   employees – Maria Salazar, Ana Isabela Cabrera and Beatriz Morales – worked on Bratz while

25   they were employed at Mattel.  Mattel seeks production of Ms. Marlow's computer, which was

26   not subject to the independent expert review protocol outlined above, so that Mattel can search for

27   additional materials that are responsive to Mattel's discovery requests and determine whether any

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT  3

PAGE  14

3

1    data has been deleted.

2                                   III. STANDARDS

3            Rule 26 of the Federal Rules of Civil Procedure provides that parties may obtain discovery

4    regarding any matter, not privileged, that is relevant to any party's claim or defense.  Fed.R.Civ.P.

5    26(b)(1).  Fishing expeditions to discover new claims, however, are not permitted.  See

6    Fed.R.Civ.P. 26(b)(1); Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District

7    courts need not condone the use of discovery to engage in 'fishing expeditions.'"); Bernstein v.

8    Travelers Ins. Co., 447 F.Supp.2d 1100, 1102 (N.D. Cal. 2006) (citing Rule 26(b), Advisory

9    Committee's Note to Amendments Effective December 1, 2000) (Congress' changes in the

10   language of Rule 26(c), substituting the words "claim or defense" for the phrase "subject matter

11   involved in the pending action," were intended to prevent discovery that swept far beyond the

12   claims and defenses of the parties and that seemed designed not to fairly litigate the issues

13   presented by the pleadings but to develop new claims or defenses.).

14           Furthermore, "[a]ll discovery is subject to the limitations imposed by Rule 26(b)(2)(C)."

15   Fed.R.Civ.P. 26(b)(1).  Pursuant to Rule 26(b)(2)(C), Fed.R.Civ.P., the court must limit the

16   frequency or extent of use of discovery otherwise allowed by the Federal Rules of Civil Procedure

17   or by local rule if the court determines that: "(i) the discovery sought is unreasonably cumulative

18   or duplicative, or can be obtained from some other source that is more convenient, less

19   burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to

20   obtain the information by discovery in the action; or (iii) the burden or expense of the proposed

21   discovery outweighs its likely benefit, considering the needs of the case, the amount in

22   controversy, the parties' resources, the importance of the issues at stake in the action, and the

23   importance of the discovery in resolving the issues."  Fed.R.Civ.P. 26(b)(2)(C).

24                                  IV. DISCUSSION

25                                  Ms. Hatch-Leahy

26           Mattel's motion is denied as to Ms. Hatch-Leahy's electronic media.  As Mattel readily

27   acknowledges, Ms. Hatch-Leahy's computer was subject to the parties' negotiated protocol, and

28
     Bryant v. Mattel, Inc.,
     CV-04-09049 SGL (RNBx)                                        EXHIBIT  3

                                                                    PAGE  15

1    none of Mattel's proffered justifications for another search has merit.  Mattel attempts to justify

2    another search of Ms. Hatch-Leahy's electronic media based upon the identification of Pedro

3    Salazar, Maria Salazar, Ana Isabela Cabrera and Beatriz Morales during Ms. Marlow's recent

4    deposition.  These individuals, however, assisted Ms. Marlow with sewing Bratz fashions.  Ms.

5    Hatch-Leahy sculpted Bratz dolls; she did not work on Bratz fashions.

6           Mattel also attempts to justify another search because "the key word searches do not

7    capture the evidence that arises from the absence of documents on the computer hard drives,

8    specifically the absence of documents that these witnesses testified at the deposition should have

9    been located on their respective hard drives but which were not, for some reason, produced."

10   Mattel's Ex Parte App. at p.3.  Mattel, however, has not provided any citation to Ms. Hatch-

11   Leahy's deposition transcript to support this assertion, and moreover, Ms. Hatch-Leahy denies

12   making such a statement.  See Opposition at p. 21.

13          Mattel's speculation about deleted or missing data also does not justify another search

14   because the parties' agreed upon protocol included a provision to address this issue.  Among other

15   things, the parties' protocol provided the following:

16          The expert will follow the same procedures as set forth above with respect to any
             documents or data relating to any alteration of the hard drives or data on the hard
17          drives by, for example, providing a listing of all application programs and when
             they were installed, detailing whether there is any evidence of the presence or use
18          of a data destruction program on the computer, evidence regarding the transfer of
             relevant documents to or from the computer via media or e-mail, and/or user
19          account information present on the system.

20   Tayback Decl. in Support of Mattel's Motion, Ex. 14.  Nor does the fact that Ms. Hatch-Leahy's

21   document production did not include graphic files justify another search.  There is no evidence to

22   suggest that Ms. Hatch-Leahy's electronic media contained graphic files.  Furthermore, there is no

23   evidence to suggest that the independent expert failed to apply or was not able to apply the key

24   word search to graphical computer files.  In any event, given that Ms. Hatch-Leahy's electronic

25   media has already been searched by an independent expert in accordance with the parties'

26   negotiated protocol, the burden, expense, and intrusion into Ms. Hatch-Leahy's privacy interests

27   associated with conducting yet another search substantially outweigh its likely benefit taking into

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT    3

PAGE    16

5

1   consideration all of the factors set forth in Rule 26(b)(2)(C), Fed.R.Civ.P.

2   <u>Ms. Cloonan</u>

3       Mattel's motion is granted with respect to Ms. Cloonan's computer and the Zip disk. Both

4   Bryant and Ms. Cloonan testified that Bryant used Ms. Cloonan's computer for Bratz. She also

5   testified that the Zip disk in her possession was labeled "Bratz." In light of this testimony, Ms.

6   Cloonan's computer and the Zip disk are likely to contain information relevant to the origin,

7   creation and development of Bratz. On balance, the potential relevance of the information on Ms.

8   Cloonan's computer and the Zip disk outweigh the burden and expense of another examination of

9   these items by Mattel. Further, although Rule 34, Fed.R.Civ.P., does not authorize the routine

10   production of electronic devices, the intrusion into Ms. Cloonan's privacy interests is warranted

11   because of the strong likelihood that there may be relevant information on the electronic devices

12   that is not available from any other source.

13   <u>Ms. Marlow</u>

14       Mattel's motion is denied with respect to Ms. Marlow's electronic media. Ms. Marlow

15   testified at her deposition that she searched for and turned over all of her Bratz-related documents

16   to her counsel, and that she has never thrown away, shredded or destroyed any documents related

17   to Bratz. In light of Ms. Marlow's unequivocal testimony and substantial document production,

18   Mattel's concerns over the completeness of the production and potential document destruction are

19   unfounded.

20       In addition, Ms. Marlow has produced over eight thousand pages of documents in

21   response to Mattel's subpoena, which included documents identifying Pedro Salazar, Maria

22   Salazar, Ana Isabela Cabrera and Beatriz Morales. Therefore, Mattel's attempt to justify

23   production of Ms. Marlow's computers based upon the identification of these individuals at her

24   deposition is without merit.

25       In sum, the record indicates that Ms. Marlow has substantially complied with her

26   discovery obligations and there is no evidence to the contrary. Therefore, the burden, expense,

27   and intrusion into Ms. Marlow's privacy interests associated with the production of her personal

28

1  computers is unjustified, taking into consideration all of the factors set forth in Rule 26(b)(2)(C),

2  Fed.R.Civ.P.

3                          V. CONCLUSION

4          For the reasons set forth above, Mattel's motion is granted in part as to Ms. Cloonan's

5  computer and the Zip disk, and denied in all other respects.  Pursuant to Paragraph 6 of the

6  Stipulation and Order for Appointment of a Discovery Master, Mattel shall file this Order with

7  the Clerk of Court forthwith.

8

9  Dated: April _11_, 2008

10                                          HON. EDWARD A. INFANTE (Ret.)
                                                Discovery Master

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
   Bryant v. Mattel, Inc.,
   CV-04-09049 SGL (RNBx)

EXHIBIT _3_

PAGE _18_

7

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Carter Bryant v. Mattel Inc.**

Case No.: CV 04 – 09049 SGL (RNBx)

Consolidated with Case Nos.

CV 04-9059 and CV 05-2727

<u>Hon. Stephen G. Larson</u>

# **EXHIBIT 4**

**<u>EXHIBIT TO</u>**: DECLARATION OF LARRY W. McFARLAND IN SUPPORT OF ANAELISE CLOONAN'S NOTICE OF MOTION AND MOTION OBJECTING TO PORTIONS OF DISCOVERY MASTER'S APRIL 11, 2008 ORDER REGARDING A FURTHER EXAMINATION OF MS. CLOONAN'S COMPUTER AND ZIP DISK

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street. 10th Floor. Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

June 21, 2007

VIA FACSIMILE AND U.S. MAIL

Larry McFarland, Esq.
Keats McFarland & Wilson LLP
9720 Wilshire Boulevard, Penthouse Suite
Beverly Hills, California  90212

Re:     Mattel, Inc. v. Bryant et al.

Dear Mr. McFarland:

I write to follow up on our phone conversation of today regarding Sarah Halpern and Elise Cloonan's obligation to make their computer hard drives available for inspection by Mattel.

Mattel is entitled to inspect and image Ms. Halpern's and Ms. Cloonan's hard drives to ensure that evidence is not lost and to permit Mattel to ascertain whether any relevant materials have been deleted.  As noted in the 2006 Committee Notes to Federal Rule of Civil Procedure 45, "Rule 45(a)(1)(C) is amended to recognize that electronically stored information, as defined in Rule 34(a), can also be sought by subpoena."  Under Federal Rule of Civil Procedure 34(a), the term "documents" includes documents stored in electronic form.  See Playboy Enterprises, Inc. v. Welles, 60 F. Supp. 2d 1050, 1053 (S.D. Cal. 1999); Fed. R. Civ. P. 34, adv. comm. note. Mattel's subpoenas to Halpern and Cloonan also defined "documents" to include electronic data and documents.  Even if the relevant materials on their computers have been deleted, the hard drives must be produced because deleted records are discoverable.  See Simon Property Group L.P. v. mySimon, Inc., 194 F.R.D. 639, 640-41 (S.D. Ind. 2000) (holding that plaintiff was entitled to attempt to recover deleted computer files from computers used by employees of the defendant to develop evidence supporting its claims); Playboy Enterprises, 60 F. Supp. 2d at 1054-55 (ordering a computer expert to make a mirror image of defendant's hard drive to search for emails deleted by defendant); Kucala Enterprises, Ltd. v. Auto Wax Co., Inc., 2003 WL

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue. 22nd Floor. New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor. San Francisco. California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive. Suite 560. Redwood Shores. California 94065 | TEL 650-801-5000 FAX 650-801-5100

07209/2150439.1

EXHIBIT    4

PAGE    19

21230605, at *4, fn. 5 (N.D. Ill. 2003) ("Emails and other electronic documents are discoverable, as are deleted documents still located in a computer's hard drive.") .

Further, Mattel is entitled to inspect these hard drives to determine whether the computers contain additional responsive documents. The evidence suggests that they do. Carter Bryant admitted in his deposition that he used Ms. Cloonan's computer when they were roommates from approximately late 1998 to 2000, which is a critical time period in the case. Carter Bryant also acknowledged working with Ms. Halpern on Bratz in late 2000. As Ms. Halpern was a freelancer, she likely did much of her work on her personal computer.

The fact that these computers are the personal computers of Ms. Halpern and Ms. Cloonan does not make them immune from production. Courts routinely permit inspection of home computers. See Simon Property Group L.P., 194 F.R.D. at 640-41 (holding that plaintiff in trademark case was entitled to attempt to recover deleted computer files from computers used by employees of the defendant - whether such computers were at home or at work - to develop evidence supporting its claims); Superior Consultant Co. v. Bailey, 2000 WL 1279161, at *13 (E.D. Mich. 2000) (ordering defendants to "create and produce to defense counsel a backup file of defendant Bailey's laptop computer, and a backup file of any personal computer hard-drive to which defendant Bailey has had access at any time."). Such an inspection is particularly appropriate where, as here, both computers were used for business as well as personal purposes.

While Mattel is clearly entitled to these computer hard drives, it is also anxious to avoid subjecting Ms. Halpern or Ms. Cloonan to any undue burden. That is why we suggested only taking a mirror image of their hard drives. Creating a mirror image not only is forensically sound, but it takes very little time and causes no disruption to the computer's functionality. Mattel, of course, is willing to pay the costs involved in imaging the computer hard drives and is prepared to do so immediately. I hope we will be able to resolve this issue without burdening the court with a motion to compel.

I look forward to speaking with you early next week regarding this issue.


Very truly yours,

Susan Wines

Susan Wines

SLW
07209/2150439.1

EXHIBIT 4
PAGE 20

1

**Carter Bryant v. Mattel Inc.**

2

Case No.: CV 04 – 09049 SGL (RNBx)

Consolidated with Case Nos.

3

CV 04-9059 and CV 05-2727

Hon. Stephen G. Larson

4

5

6

# **EXHIBIT 5**

7

8

**EXHIBIT TO**:   DECLARATION OF LARRY W. McFARLAND IN SUPPORT OF ANAELISE CLOONAN'S NOTICE OF MOTION AND MOTION OBJECTING TO PORTIONS OF DISCOVERY MASTER'S APRIL 11, 2008 ORDER REGARDING A FURTHER EXAMINATION OF MS. CLOONAN'S COMPUTER AND ZIP DISK

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# KEATS McFARLAND & WILSON LLP

## ATTORNEYS AT LAW

TEL (310) 248-3830
FAX (310) 860-0363

9720 WILSHIRE BOULEVARD
PENTHOUSE SUITE
BEVERLY HILLS, CALIFORNIA 90212

www.kmwlaw.com

WRITER'S DIRECT DIAL

(310) 777-3730
WRITER'S EMAIL

lmcfarland@kmwlaw.com

June 28, 2007

VIA FACSIMILE

Susan Wines, Esq.
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

   Re:  Mattel v. Bryant

Dear Ms. Wines:

  I am writing in response to your letter dated June 25, 2007, and to follow up on our meet and confer which we held yesterday morning at 10:00 a.m. I will address the points in the order set forth in your June 25 letter.

A.  Margaret Hatch-Leahy and Veronica Marlow

I.  Unjustified Redaction of Documents

  With respect to the review of Ms. Leahy's day planner and Ms. Marlow's faxes, I have requested these documents. I will let you know as soon as I have them.

II.  Ms. Marlow's Wells Fargo Account

  I will confirm the information with Ms. Marlow when I meet with her. As you know, she has been in Brazil.

B.  Elise Cloonan

  As set forth in my letter dated June 26, 2007, we do not agree that there has been any waiver of Ms. Cloonan's objections, and with that letter we provided you with Ms. Cloonan's written responses. I have also asked Ms. Cloonan to provide us with a doctor's note.

C.  Sarah Halpern

  There are no differences intended by the language in the responses to Request No. 2 and Request No. 3. For clarity, we hereby modify the response to Request No. 3 to read as follows: "no responsive documents are in the possession, custody or control of Halpern."

EXHIBIT 5
PAGE 21

Susan Wines, Esq.
June 28, 2007
Page 2


D.     Computers

        I will ask all four of our clients about computers, including laptops, that they may have used during the relevant time frame.

        With respect to the authorities set forth in your June 21, 2007, letter alleging that Mattel is "entitled to inspect and image" the personal computers belonging to Elise Cloonan and Sarah Halpern, the cases that you cite fail to support your position.

        For instance, while we, of course, agree that the term "documents" includes documents stored in electronic form, the significance of Playboy Enterprises, Inc. v. Welles, 60 F.Supp.2d 1050 (S.D. Cal. 1999) is that this case establishes a strict protocol to be followed when discoverable information is sought from an opposing party's computer hard drives. The Playboy court set forth a protocol which would allow the party requesting discovery to recover discoverable information while at the same time protecting the privacy and privilege concerns of the responding party.   The protocol called for an independent third-party expert, agreed upon by both parties or appointed by the court, to conduct the inspection and create a "mirror image" copy of the defendant's computer hard drive. Following the inspection, the "mirror image" copy would be given to the defendant's counsel, who would then print and review any recovered documents and produce to the plaintiff those communications that are responsive and relevant. Finally, the court noted that the defendant's counsel would be the sole custodian of the "mirror image" copies throughout the litigation.

        Your letter also cites Simon Property Group L.P. v. mySimon, Inc., 194 F.R.D. 639 (S.D. Ind. 2000) as support for the proposition that deleted records are discoverable and that courts routinely permit inspection of home computers. As in Playboy, Simon Property also involved a plaintiff seeking access to defendant's computers for the purpose of attempting to recover discoverable information, including deleted files. The court ordered a protocol requiring the inspection and "mirror image" copying to be conducted by a third-party expert.  In doing so, the court referred to Playboy's protocol as offering the best approach, and fashioned a protocol which was nearly identical to the one in Playboy. The court stated that plaintiff and defendant should attempt to agree on an expert to inspect and create a "mirror image" of the hard drives, and if they failed to do so, the court would appoint one. The expert would then make the "mirror image" copy, and provide the copy to defendant's counsel. However, the copying would be limited to "the types of files reasonably likely to contain material potentially relevant" to the case.[1] Thereafter, defendant's counsel would review the records for privilege and responsiveness to plaintiff's discovery requests, and supplement defendant's responses to discovery requests, as appropriate.[2] Finally, the court ordered that the expert would sign the protective order and retain

---

[1]    Id. at 641; citing Adobe Systems, Inc. v. South Sun Products, Inc., 187 F.R.D. 636, 642–43 (S.D. Cal. 1999) (noting that Microsoft Office 97 occupies more than 200 megabytes on hard drive of a personal computer).
[2]    Id. at 641-42.

EXHIBIT   5
PAGE   22

Susan Wines, Esq.
June 28, 2007
Page 3

until the end of the litigation the "mirror image" copies of the hard drives, without "disclos[ing] the contents of any files or documents to plaintiff or its counsel or other persons."[3]

The third case that you cite, Superior Consultant Co. v. Bailey, 2000 WL 1279161 (E.D. Mich. 2000), further supports the protocol applied in Playboy and Simon Property. Finally, Kucala Enterprises, Ltd. v. Auto Wax Co., Inc., 2003 WL21230605 (N.D. Ill. 2003) is not applicable to our case. That case concerned the plaintiff's acts of spoliation and destruction of evidence, which is not present with Ms. Cloonan or Ms. Halpern.

Of further significance is the fact that each of the four cases cited in your letter concerns discovery as between *parties* to an action. However, both of our clients are non-party *witnesses* in this case. Since courts already protect the privacy and privilege interests of parties in these inspection cases, there will likely be a much greater level of protection for non-parties. Thus, in order to inspect our clients' computer hard drives, the Court may force Mattel to meet a much higher burden than when dealing with a party.

Once again, the central dispute at issue is not, as your letter maintains, whether Mattel has a right to discover information contained in our clients' computer hard drives. In fact, we agree that such information is discoverable and, if relevant and non-privileged, should be produced. However, our clients" computers contain substantial non-relevant and confidential information that would infringe their rights of privacy if produced. Therefore, based on the foregoing authorities, we propose to use the protocol set forth in Playboy as follows:

- Your firm and ours mutually agree on an independent third-party, who is an expert in the field of computer forensics, to conduct the necessary inspection and "mirror image" copying of our clients' computer hard drives. The inspection shall include searches for relevant deleted documents and metadata. If no expert can be jointly agreed upon, the Court shall select an expert. Regardless of the method of selection, the chosen expert shall sign the protective order to maintain confidentiality of the documents copied. To the extent that the computer expert has direct or indirect access to information protected by the attorney-client privilege, such "disclosure" shall not result in a waiver of the attorney-client privilege. Mattel shall pay all costs for this computer expert;

- Once the expert has been chosen, the expert shall make the "mirror image" copies of Ms. Cloonan's and Ms. Halpern's computer hard drives and shall search for relevant deleted documents and metadata. Only us and Ms. Cloonan and/or Ms. Halpern may be present when the computer is inspected and the mirror images made. Thereafter, the expert shall deliver the "mirror

---

[3]    Id. at 642.

EXHIBIT 5
PAGE 23

Susan Wines, Esq.
June 28, 2007
Page 4

image" copies to us, as counsel for Ms. Cloonan and Ms. Halpern, for our review;

• We will print and review any recovered documents and produce to you all non-privileged documents that are responsive to the subpoenas served on Ms. Cloonan and/or Ms. Halpern, as the case may be. We will set forth all documents that are withheld on a claim of privilege in a privilege log. Depending on the volume of data recovered from the computers, the parties may need to meet and confer regarding relevant search terms so as to make the task of searching the hard drives manageable; and

• We shall be the sole custodian of the "mirror image" copies throughout the litigation.

This protocol will allow Mattel to recover the relevant documents, if any, while maintaining our clients' rights of privacy and confidentiality.

E.    Fee Agreements

I will review the order from Judge Infante and relevant case law regarding third party retainer agreements and get back to you.

F.    Deposition Dates

I will ask our four clients about possible deposition dates.

Very truly yours,

Larry W. McFarland
Keats McFarland & Wilson LLP

LWM/jlt

EXHIBIT 5
PAGE 24

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Carter Bryant v. Mattel Inc.**
Case No.: CV 04 – 09049 SGL (RNBx)
Consolidated with Case Nos.
CV 04-9059 and CV 05-2727
Hon. Stephen G. Larson

# **EXHIBIT 6**

**EXHIBIT TO**: DECLARATION OF LARRY W. McFARLAND IN SUPPORT OF ANAELISE CLOONAN'S NOTICE OF MOTION AND MOTION OBJECTING TO PORTIONS OF DISCOVERY MASTER'S APRIL 11, 2008 ORDER REGARDING A FURTHER EXAMINATION OF MS. CLOONAN'S COMPUTER AND ZIP DISK

# KEATS McFARLAND & WILSON LLP

## ATTORNEYS AT LAW

TEL (310) 248-3830
FAX (310) 860-0363

9720 WILSHIRE BOULEVARD
PENTHOUSE SUITE
BEVERLY HILLS, CALIFORNIA 90212

www.kmwlaw.com

WRITER'S DIRECT DIAL

(310) 777-3730

WRITER'S EMAIL

lmcfarland@kmwlaw.com

July 17, 2007

VIA FACSIMILE and U.S. MAIL

Susan Wines, Esq.
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

Re:  Mattel v. Bryant

Dear Ms. Wines:

I am writing in response to your letter dated July 13, 2007.

With respect to Ms. Cloonan, as you know, she very recently had a caesarian section, and I have asked that she get me a doctor's note. I will let you know as soon as I have it. With respect to possible deposition dates for Ms. Marlow, Ms. Leahy and Ms. Halpern, as we have previously discussed, it makes sense that we have the document production finalized before you take their depositions. Because these individuals are third party witnesses, it is particularly important that they not be burdened with more than one day of deposition which might occur if they were to be deposed before you and I have resolved the document production issues. On that note, I have not heard from you with respect to the proposal for the inspection of the hard drives for Ms. Halpern and Ms. Cloonan set forth in my letter dated June 28, 2007. Also, on July 12, 2007, I received from Ms. Lewis a copy of the Order Granting Mattel's Motion to Compel Production of Documents. Based on our discussions, it appears to be your position that all four of our witnesses need to produce documents relating to Bratz through the present time. We need to discuss this issue, but if we were to agree with you, in the case of Ms. Leahy and Ms. Marlow, this will necessitate the production of additional documents.

Therefore, as it stands now, there are outstanding document production issues with Ms. Halpern, Ms. Marlow and Ms. Leahy that need to be resolved before their depositions can be taken.

I look forward to discussing these issues further with you at your convenience.

Very truly yours,

Larry W. McFarland
Keats McFarland & Wilson LLP

LWM/jlt

EXHIBIT  6
PAGE  25

# KEATS McFARLAND & WILSON LLP

### ATTORNEYS AT LAW

TEL (310) 248-3830
FAX (310) 860-0363

9720 WILSHIRE BOULEVARD
PENTHOUSE SUITE
BEVERLY HILLS, CALIFORNIA 90212

www.kmwlaw.com

WRITER'S DIRECT DIAL

(310) 777-3750

WRITER'S EMAIL

lmcfarland@kmwlaw.com

September 7, 2007

VIA FACSIMILE

Susan Wines, Esq.
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

Re:    Mattel v. Bryant

Dear Ms. Wines:

I am writing in response to your letter dated September 4, 2007.

With respect to Ms. Marlow, as I stated in my letter to you dated July 23, 2007, at that time we had not received any documents from Wells Fargo in response to your subpoena. To date, we have still not received these documents. I again suggest that you contact Wells Fargo and pursuant to our agreement, have the responsive documents produced to me for our review. In addition, we have located additional e-mails that we are currently reviewing. We will produce the responsive e-mails to you no later than next Friday, September 14, 2007. In the meantime, I will again check with Ms. Marlow regarding her schedule so that we can set the deposition soon after the document production from Wells Fargo and Ms. Marlow is completed.

With respect to Ms. Leahy, as you know we produced additional responsive documents on August 14, 2007. In addition, because you have requested all documents relating to Bratz, regardless of the time period, Ms. Leahy is having to review documents that have been stored away. I have spoken with her and she should be done with this review shortly. I will also speak with her regarding her availability for deposition.

With respect to the review of the computers of Ms. Cloonan and Ms. Halpern, the changes to the fourth and fifth bullet points as set forth in your letter dated August 27, 2007, are fine. My issue lies with respect to the addition of the language at the end of your letter as follows: "Please sign below on behalf of your clients, Elise Cloonan, Margaret Hatch-Leahy, Sarah Halpern and Veronica Marlow if this is agreeable." The problem I have with this language is that you and I have never discussed inspecting any computers of Ms. Leahy or Ms. Marlow. We have only discussed

EXHIBIT ___6___

PAGE ___26___

Susan Wines, Esq.
September 7, 2007
Page 2

the procedures with respect to inspecting the computers of Ms. Cloonan and Ms. Halpern. If Ms. Leahy and Ms. Marlow are deleted, I am fine with this letter.

With respect to the inspection of Ms. Cloonan's and Ms. Halpern's computers, to speed things up I would suggest that you send me the search terms that you propose the expert will use in his or her search. Once we get through the inspection of these computers, we can schedule the depositions of Ms. Cloonan and Ms. Leahy.

I look forward to hearing from you at your convenience.

Very truly yours,

Larry W. McFarland
Keats McFarland & Wilson LLP

EXHIBIT 6
PAGE 27

# KEATS McFARLAND & WILSON LLP

## ATTORNEYS AT LAW

TEL (310) 248-3830
FAX (310) 860-0363

9720 WILSHIRE BOULEVARD
PENTHOUSE SUITE
BEVERLY HILLS, CALIFORNIA 90212

www.kmwlaw.com

WRITER'S DIRECT DIAL

(310) 777-3750

WRITER'S EMAIL

lmcfarland@kmwlaw.com

September 21, 2007

<u>VIA FACSIMILE</u>

Susan Wines, Esq.
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

     Re:   <u>Mattel v. Bryant</u>

Dear Susan:

    I am writing with respect to my continuing efforts regarding the depositions for the four witnesses that I represent. I have been working diligently on this since we spoke last week. Here is the update.

<u>Veronica Marlow</u>

    As I mentioned, we have located additional documents responsive to your subpoena. We are producing some of these documents by Monday, and are continuing to review additional documents for production. In addition, Ms. Marlow is continuing to review her documents to insure that all responsive documents have been produced. I anticipate that all documents should be reviewed and produced to you by October 16, 2006. In addition, as set forth in my letter dated September 7, we have not received any documents from Wells Fargo in response to your subpoena. As I have repeatedly stated, I want all of the documents produced prior to the depositions of my witnesses so that Mattel does not have any basis to try to take a second day of deposition. Based on the understanding that theses documents will be produced prior to Ms. Marlow's deposition, I can confirm that Ms. Marlow and I are available for her deposition on Wednesday, October 24, 2007 at 10:00 a.m.

<u>Elise Cloonan</u>

    I have spoken with Ms. Cloonan and she is still recovering from her caesarean, and is adjusting to being a new mother. Ms. Cloonan believes that she will be able to sit for her deposition in mid-November. Based on that, I am willing to set her deposition for Wednesday, November 14, 2007 at 10:00 a.m.

EXHIBIT ___6___

PAGE ___28___

Susan Wines, Esq.
September 21, 2007
Page 2


<u>Sarah Halpern</u>

I have left messages, but I have thus far been unable to reach Ms. Halpern.  I will let you know as soon as I am able to reach her to obtain deposition dates.

<u>Margaret Leahy</u>

As I mentioned, Ms. Leahy is re-reviewing her documents based upon your position that all versions of Bratz are at issue.  I anticipate that Ms. Leahy will be finished with this review in the next two to three weeks.  I am continuing to work with Ms. Leahy with respect to an available deposition date.

Also, as set forth in my September 7, 2007 letter, please provide me with the search terms that you propose that the computer expert use to search the computers of Ms. Cloonan and Ms. Halpern.  It is imperative that we have the review completed and all responsive, non-privileged documents produced prior to the depositions of Ms. Cloonan and Ms. Halpern.

Finally, I note that many documents that Mattel has produced in this litigation are designated as Attorney Eyes Only ("AEO").  In order to properly prepare my witnesses, I need two things.  First, I need to know well prior to the depositions if Mattel plans to show any AEO documents to my witnesses during the depositions.  If so, I need for Mattel to identify those documents to me and to provide me with permission to show such documents to my witnesses prior to their depositions so that they can be adequately prepared.

I appreciate your continued cooperation in moving these depositions forward.

Very truly yours,

Larry W. McFarland
Keats McFarland & Wilson LLP


LWM/jlt


EXHIBIT ___6___
PAGE ___22___

# KEATS McFARLAND & WILSON LLP

### ATTORNEYS AT LAW

TEL (310) 248-3830
FAX (310) 860-0363

9720 WILSHIRE BOULEVARD
PENTHOUSE SUITE
BEVERLY HILLS, CALIFORNIA 90212

WRITER'S DIRECT DIAL

(310) 777-3750

WRITER'S EMAIL

lmcfarland@kmwlaw.com

www.kmwlaw.com

September 27, 2007

<u>VIA FACSIMILE</u>

Susan Wines, Esq.
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

Re:    <u>Mattel v. Bryant</u>

Dear Susan:

I am writing to follow up on our discussion regarding the depositions of Sarah Halpern and Margaret Leahy. I have had difficulty finding a date that both Ms. Halpern and I are available, particularly given the time commitments that Ms. Halpern has with respect to teaching and her oncology appointments. However, I can confirm that both Ms. Halpern and I are available on Monday October 29, at 10:00 a.m.

With respect to Ms. Leahy, because you have taken the position that all versions of Bratz are at issue, Ms. Leahy has had to devote a considerable amount of time to reviewing her documents. That review is not yet completed. However, I can confirm that Ms. Leahy has located documents that I have for your review. In addition, Ms. Leahy has located an external hard drive. We need to discuss how we want to handle this hard drive. Please give me a call with respect to this matter. As I have repeatedly stated, we need to get all of the document issues resolved prior to the depositions of these witnesses. I am not willing for these independent witnesses to be deposed for a second day in violation of the federal rules.

In addition, I have not received a response to the request in my letter dated September 21, 2007 that you provide me with all AEO documents that you plan to show any of my witnesses well prior to their depositions. Please let me know your position.

I look forward to speaking with you.

Very truly yours,

Larry W. McFarland
Keats McFarland & Wilson LLP

LWM/jlt

EXHIBIT ___6___
PAGE ___30___

# KEATS McFARLAND & WILSON LLP

### ATTORNEYS AT LAW

TEL (310) 248-3830
FAX (310) 860-0363

9720 WILSHIRE BOULEVARD
PENTHOUSE SUITE
BEVERLY HILLS, CALIFORNIA 90212

www.kmwlaw.com

WRITER'S DIRECT DIAL
(310) 777-3750
WRITER'S EMAIL
lmcfarland@kmwlaw.com

October 2, 2007

**VIA FACSIMILE**

Susan Wines, Esq.
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

Re:    Mattel v. Bryant

Dear Susan:

I am writing to follow up with my letter dated September 21, 2007 and my subsequent letter dated September 27, 2007, regarding any Attorneys' Eyes Only ("AEO") designated documents which you plan to utilize during the depositions of my clients. Given that I have now provided you with dates for each of my witnesses, I am requesting that you provide me any AEO documents that you plan to use at least fourteen (14) days before the date of said depositions. I also need permission to show such documents to my witnesses prior to their depositions so that they can be adequately prepared. Based upon the impending deposition dates, please advise me as soon as possible regarding this matter.

In addition, with regard to the forensic review of the computers belonging to Elise Cloonan, Sarah Halpern, and Margaret Leahy, we are awaiting a date from you when DataChasers, Inc. will be available at our offices for the hard drive imaging. We are available as early as Wednesday, Thursday, or Friday of this week. It is imperative that the entire review process per our agreement be completed prior to the deposition dates, in order to allow for any related questioning. As I have repeatedly stated, I am not willing to have these independent witnesses deposed for more than seven hours.

I look forward to hearing from you as soon as possible and appreciate your continued cooperation in accomplishing these tasks.

Very truly yours,

Larry W. McFarland
Keats McFarland & Wilson LLP

LWM/ccd

EXHIBIT    6
PAGE    31

# KEATS McFARLAND & WILSON LLP

## ATTORNEYS AT LAW

TEL (310) 248-3830
FAX (310) 860-0363

9720 WILSHIRE BOULEVARD
PENTHOUSE SUITE
BEVERLY HILLS, CALIFORNIA 90212

www.kmwlaw.com

WRITER'S DIRECT DIAL

(310) 777-3750

WRITER'S EMAIL

lmcfarland@kmwlaw.com

October 4, 2007

**VIA FACSIMILE**

Michael Zeller, Esq.
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

Re:   Mattel v. Bryant

Dear Michael:

I am writing in response to your letter dated October 1, 2007, regarding your proposed stipulation and order.

Unfortunately, your proposed stipulation does not accurately set forth the history of my efforts to move the deposition process forward. For example, you state:

> WHEREAS, Mattel has been actively seeking deposition dates for each of the foregoing since at least as early as June 2007;

> WHEREAS, not having received proposed deposition dates, Mattel sent counsel for Veronica Marlow, Elise Cloonan, Sarah Halpern and Margaret Hatch-Leahy a meet and confer letter on September 19, 2007, and the parties subsequently met and conferred on September 27, 2007 in connection with a contemplated motion to compel by Mattel;

This recitation makes it sound as though I have been uncooperative or obstructionist, when nothing could be further from the truth. As you and Ms. Wines know, I have in fact been working diligently to get all of the documents produced from these third party witnesses and to schedule their depositions. In addition, I have consistently taken the position that we need to resolve the document review and production issues with respect to my four witnesses prior to the depositions. My reason for this is simple. I do not want you to be able to use the fact that you do not have all of the witnesses' documents prior to their depositions as a basis to depose them a second time. These are all third party witnesses and I am only willing to agree for them to be deposed for one day up to seven hours as set forth in the federal rules.

EXHIBIT   6

PAGE   32

Michael Zeller, Esq.
October 4, 2007
Page 2

With respect to your statement in the stipulation that there have been "delays" in the production of these witnesses, to the extent that there have been any such delays, they are due to the actions of and positions taken by your firm. Without limitation, these include your firm's unreasonable proposal regarding the procedures for the review of Ms. Halpern's and Ms. Cloonan's computers and the expansive view that your firm takes with respect to what is at issue in this case.

Computer Review

One of the document review issues that took several months to resolve was the review of the computers from Ms. Cloonan and Ms. Halpern. In a letter dated June 1, 2007, Ms. Wines made the following proposal:

> We will pay for the forensic examination. The examiners will take possession of Ms. Halpern's hard drive, subject to the confidentiality provisions in the protective order. The examiners will make a forensic "image" of the hard drive, to determine whether the hard drive has been "wiped clean." If the computer has not been "wiped clean," then the parties can discuss the terms of the key word search, which will be used to generate a report of the files remaining on the hard drive.

I met and conferred with Ms. Wines regarding my position that your firm's position that "Mattel is clearly entitled to these computer hard drives" was unreasonable and invaded our clients' privacy rights. In a letter dated June 21, 2007, Ms. Wines set forth Mattel's justification for Mattel's position that it should be allowed to obtain possession of my clients' hard drives. In a letter dated June 28, 2007, I set forth my position as to why Mattel's proposal was unreasonable, and suggested a protocol for the computer review as follows:

- Your firm and ours mutually agree on an independent third-party, who is an expert in the field of computer forensics, to conduct the necessary inspection and "mirror image" copying of our clients' computer hard drives. The inspection shall include searches for relevant deleted documents and metadata. If no expert can be jointly agreed upon, the Court shall select an expert. Regardless of the method of selection, the chosen expert shall sign the protective order to maintain confidentiality of the documents copied. To the extent that the computer expert has direct or indirect access to information protected by the attorney-client privilege, such "disclosure" shall not result in a waiver of the attorney-client privilege. Mattel shall pay all costs for this computer expert;

- Once the expert has been chosen, the expert shall make the "mirror image" copies of Ms. Cloonan's and Ms. Halpern's computer hard drives and shall search for relevant deleted documents and metadata. Only us and Ms. Cloonan and/or Ms. Halpern may be present when the computer is inspected and the mirror images made. Thereafter, the expert shall

EXHIBIT 6
PAGE 33

Michael Zeller, Esq.
October 4, 2007
Page 3

deliver the "mirror image" copies to us, as counsel for Ms. Cloonan and
Ms. Halpern, for our review;

- We will print and review any recovered documents and produce to you
  all non-privileged documents that are responsive to the subpoenas served
  on Ms. Cloonan and/or Ms. Halpern, as the case may be. We will set
  forth all documents that are withheld on a claim of privilege in a
  privilege log. Depending on the volume of data recovered from the
  computers, the parties may need to meet and confer regarding relevant
  search terms so as to make the task of searching the hard drives
  manageable; and

- We shall be the sole custodian of the "mirror image" copies throughout
  the litigation.

In a letter dated August 27, 2007, Ms. Wines backed down from your firm's position that
copies of the hard drives be provided to you, but incorrectly included two witnesses in the protocol,
Ms. Leahy and Ms. Marlow, that we had not discussed. In a letter dated September 7, 2007, I
objected to the addition of these two witnesses and also stated that the protocol needed to include
the search terms. These issues were resolved and I signed the computer review protocol on
September 27, 2007. In addition, I subsequently learned that Ms. Leahy had external hard drives
for review, and I agreed to add the review of her hard drives to the protocol. Yesterday, I sent an
email to Rick Albee at Data Chasers authorizing him to pick up the computers and hard drives and
today he has picked up the two computers and the two hard drives. As I again stated to Alex Stolyar
yesterday, all of the activities set forth in the agreed protocol must be completed prior to the
depositions of Ms. Halpern, Ms. Leahy and Ms. Cloonan because I am not willing to have these
third party witnesses deposed twice. Given that Mr. Albee has picked up the equipment, and
assuming that Mr. Albee conducts the review promptly, this should be able to be accomplished.

Production of Additional Documents

As you know, your firm served Rule 45 subpoenas on Mattel Federal Credit Union
("MFCU") for all banking records for Ms. Leahy and Ms. Cloonan and a similar subpoena on Wells
Fargo for the records of Ms. Marlow. We had to meet and confer with Ms. Wines to get your firm
to back down from its position that you were entitled to all of our client's bank records regardless of
whether they related to this case. We were able to reach a resolution of this issue on the basis that
the checks would be produced to our firm and we would review the checks and produce those
relating to agreed upon persons and entities. Based on this agreement, on July 23, 2007, I produced
bank records for Ms. Cloonan that related to the agreed upon person and/or entities and confirmed
that no such documents existed with respect to the MFCU bank records for Ms. Leahy.

In addition, our clients have continued to search for responsive documents and we have
continued to produce additional documents. This additional document production has been driven
in large part by Mattel's position as set forth in Ms. Lewis' July 20, 2007, letter that Mattel is:

EXHIBIT____6____
PAGE____34____

Michael Zeller, Esq.
October 4, 2007
Page 4

...entitled to any documents Ms. Marlow, Ms. Leahy, Ms. Halpern or Ms. Cloonan have relating to Bratz or Bratz derivative works through the present time. As I mentioned in my email earlier today, we also are entitled, per the court's order of January 25, 2007, to documents relating to Angel, Angel Baby, Prayer Angel or any other product on which any of your clients worked with Carter Bryant.

Based on this much more expansive view of what is at issue in this case, our clients have been re-reviewing their documents. As you know, on August 14, 2007, we produced additional documents from Ms. Leahy. On September 24, 2007, we produced additional documents from Ms. Marlow. In addition, as I have stated, we are reviewing additional documents that Ms. Leahy and Ms. Marlow have located. These documents should be available for your review by the end of next week.

In addition to the above issues, I have been trying to get an answer regarding the documents that Mattel has designated as Attorneys Eyes Only ("AEO"). As set forth in my letter dated September 21, 2007:

Finally, I note that many documents that Mattel has produced in this litigation are designated as Attorney Eyes Only ("AEO"). In order to properly prepare my witnesses, I need two things. First, I need to know well prior to the depositions if Mattel plans to show any AEO documents to my witnesses during the depositions. If so, I need for Mattel to identify those documents to me and to provide me with permission to show such documents to my witnesses prior to their depositions so that they can be adequately prepared.

In my letter dated September 27, I reiterated this request and in my letter dated October 2, I stated as follows:

I am writing to follow up with my letter dated September 21, 2007 and my subsequent letter dated September 27, 2007, regarding any Attorneys' Eyes Only ("AEO") designated documents which you plan to utilize during the depositions of my clients. Given that I have now provided you with dates for each of my witnesses, I am requesting that you provide me any AEO documents that you plan to use at least fourteen (14) days before the date of said depositions. I also need permission to show such documents to my witnesses prior to their depositions so that they can be adequately prepared. Based upon the impending deposition dates, please advise me as soon as possible regarding this matter.

I still have not received a response to this request, and I look forward to receiving one.

EXHIBIT 6
PAGE 35

Michael Zeller, Esq.
October 4, 2007
Page 5

In conclusion, I am not able to sign the stipulation that you have proposed because it does not accurately set forth all of the extraordinary efforts that I have undertaken to move this process forward, but instead insinuates that I am the one that has been dilatory. In addition, I find it improper and uncalled for that you would ask me to stipulate to an order. I have worked hard to try and obtain all of the responsive documents and to have that project completed prior to the depositions. I have also provided you with dates that I and my witnesses are available. That is all that should be required.

Very truly yours,

Larry W. McFarland
Keats McFarland & Wilson LLP

LWM/jlt

EXHIBIT___6
PAGE___36