1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Carter Bryant v. Mattel Inc.

Case No.: CV 04 – 09049 SGL (RNBx)
Consolidated with Case Nos.
CV 04-9059 and CV 05-2727
<u>Hon. Stephen G. Larson</u>

# <u>EXHIBIT 16</u>

**<u>EXHIBIT TO</u>**: DECLARATION OF LARRY W. McFARLAND IN SUPPORT OF ANAELISE CLOONAN'S NOTICE OF MOTION AND MOTION OBJECTING TO PORTIONS OF DISCOVERY MASTER'S APRIL 11, 2008 ORDER REGARDING A FURTHER EXAMINATION OF MS. CLOONAN'S COMPUTER AND ZIP DISK

# KEATS McFARLAND & WILSON LLP

## ATTORNEYS AT LAW

TEL (310) 248-3830
FAX (310) 860-0363

9720 WILSHIRE BOULEVARD
PENTHOUSE SUITE
BEVERLY HILLS, CALIFORNIA 90212

www.kmwlaw.com

January 18, 2008

WRITER'S DIRECT DIAL
(310) 777-3750

WRITER'S EMAIL
lmcfarland@kmwlaw.com

<u>VIA FACSIMILE, U.S. MAIL and E-MAIL</u>

Christopher Tayback, Esq.
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

Re:   <u>Mattel v. Bryant</u>

Dear Chris,

This responds to your e-mail dated January 17, 2008, in which you state your intent to file an *ex parte* application seeking an order to compel the production of the imaged hard drives taken from my clients' computers and the "zip disk" on which the data is stored, or in the alternative, modification of the scheduling order to allow sufficient time for expert examination. We oppose this motion on the merits, and in addition, on the grounds that it is improper to bring this motion on an *ex parte* basis.

With respect to the merits, I reiterate my position, most recently set forth in my January 16, 2008, letter to Dylan Proctor, that the computers and zip disk have already been reviewed pursuant to the protocol that your partner, Susan Wines, and I agreed to in September of last year. As you know, all relevant documents obtained via the search protocol were produced to Mattel by December 4, 2007, which was well in advance of the depositions of my clients Ms. Leahy and Ms. Cloonan. Also, your contention that "the testimony of the witnesses makes clear that there are graphical (and perhaps other) files on the Cloonan and Leahy hard drives that are relevant, responsive, non-privileged documents but which were either not produced by you or not identified by the prior search protocol," does not justify the additional review of the computers and zip disk pursuant to a new protocol. As you know, the fact that there could be graphical files on my clients' computers is not new information. Without limitation, Mr. Bryant testified during his deposition that he and/or Ms. Cloonan may have utilized the computer belonging to Ms. Cloonan to create graphics for Bratz. Therefore, Mattel has known of the possible existence of these files and documents since 2004. That Mattel has waited until now to raise these issues is no one's fault but its own.

In addition, as you are well aware by now, it is improper for you to bring this motion on an *ex parte* basis. As you know, "[e]x parte motions are rarely justified," *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995), and, as the Court's Standing

EXHIBIT 16
PAGE 62

Christopher Tayback, Esq.
January 18, 2008
Page 2

Order makes clear, "are solely for extraordinary relief." Standing Order at 5, *citing Mission Power*, 883 F. Supp. at 488. Moreover, because of the urgency that attends *ex parte* applications, courts hold such requests and those who file them to a greater scrutiny than in the case of regularly filed motions. *See Mission Power*, 883 F. Supp. at 492 ("Lawyers must understand that filing an ex parte motion … is the forensic equivalent of standing in a crowded theatre and shouting, 'Fire!' There had better be a fire."). This Court has held that *ex parte* relief is warranted where the movant establishes that (1) the movant will suffer irreparable prejudice absent the requested relief, and (2) "the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Id.* "To show that the moving party is without fault, or guilty only of excusable neglect, requires more than a showing that the other party is the sole wrongdoer. … For example merely showing that trial is fast approaching and that the opposing party still has not answered interrogatories is insufficient to justify ex parte relief. The moving party must also show that it used the entire discovery period efficiently and could not have, with due diligence, sought to obtain the discovery earlier in the discovery period." *Id.* at 493. Without limitation, given that we agreed to the protocol in September of last year and all of the documents located pursuant to the protocol were produced by December 4, 2007, you cannot satisfy the standards set forth in *Mission Power*.

Unfortunately, I can only conclude that your decision to file an *ex parte* application is an attempt to obtain a strategic advantage. As you know, one of the main reasons that *ex parte* motions are so disfavored is that it puts the non-moving party at a severe disadvantage. Mattel, as the moving party, has had considerable time to prepare its application, whereas we will have only 24 hours after you file to oppose. As set forth herein, it is our position that to bring this matter as an *ex parte* application is a violation of the federal and local rules, and I strongly urge you to reconsider and to instead file a regularly noticed motion.

Finally, I expect that you will be filing this motion (or application) with Judge Infante because, as you have repeatedly argued and Judge Larson has confirmed in a written order, all discovery matters, including with respect to third parties, shall be heard by Judge Infante. Please let me know if I am wrong in this regard.

I look forward to hearing from you.

Very truly yours,

Larry W. McFarland
Keats McFarland & Wilson LLP

LWM/jlt

cc:  Thomas J. Nolan
     Michael Page

EXHIBIT __16__

PAGE __63__

**Carter Bryant v. Mattel Inc.**

Case No.: CV 04 – 09049 SGL (RNBx)
Consolidated with Case Nos.
CV 04-9059 and CV 05-2727
Hon. Stephen G. Larson

# **EXHIBIT 17**

**EXHIBIT TO**: DECLARATION OF LARRY W. McFARLAND IN SUPPORT OF ANAELISE CLOONAN'S NOTICE OF MOTION AND MOTION OBJECTING TO PORTIONS OF DISCOVERY MASTER'S APRIL 11, 2008 ORDER REGARDING A FURTHER EXAMINATION OF MS. CLOONAN'S COMPUTER AND ZIP DISK

1

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

- - -

HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING

- - -

CARTER BRYANT, ET. AL.,                    )
                                           )
                    PLAINTIFFS,            )
                                           )
          VS.                              )   NO. ED CV 04-09049
                                           )   (LEAD LOW NUMBER)
MATTEL, INC., ET. AL.,                     )
                                           )
                    DEFENDANTS.            )   EX-PARTE APPLICATIONS
_____    )   RE:  DISCOVERY
AND CONSOLIDATED ACTIONS,                  )
                                           )


REPORTER'S TRANSCRIPT OF PROCEEDINGS

RIVERSIDE, CALIFORNIA

MONDAY, FEBRUARY 4, 2008

10:15 A.M.




THERESA A. LANZA, RPR, CSR

FEDERAL OFFICIAL COURT REPORTER

3470 12TH STREET, RM. 134

RIVERSIDE, CALIFORNIA  92501

951-274-0844

CSR11457@SBCGLOBAL.NET

EXHIBIT 17
PAGE 64

2

```
1    APPEARANCES:
2    ON BEHALF OF CARTER BRYANT:
3                          KEKER & VAN NEST
                           BY:  MICHAEL PAGE
4                          710 SANSOME STREET
                           SAN FRANCISCO, CALIFORNIA  94111-1704
5                          415-391-5400
6
     ON BEHALF OF MATTEL:
7
                           QUINN EMANUEL
8                          BY:  JOHN QUINN
                           BY:  JON COREY
9                          865 S. FIGUEROA STREET,
                           10TH FLOOR
10                         LOS ANGELES, CALIFORNIA  90017
                           213-624-7707
11
12   ON BEHALF OF MGA ENTERTAINMENT:
13                         SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
                           BY:  THOMAS J. NOLAN
14                         BY:  CARL ALAN ROTH
                           BY:  ROBERT JAMES HERRINGTON
15                         300 SOUTH GRAND AVENUE
                           LOS ANGELES, CALIFORNIA  90071-3144
16                         213-687-5000
17
     ON BEHALF OF GUSTAVO MACHADO:
18
                           OVERLAND BORENSTEIN SCHEPER & KIM LLP
19                         BY:  ALEXANDER H. COTE
                           300 SOUTH GRAND AVENUE
20                         SUITE 2750
                           LOS ANGELES, CALIFORNIA  90071
21                         213-613-4660
22
     ON BEHALF OF CLOONAN, MARLOW & LEAHY:
23
                           KEATS MCFARLAND & WILSON LLP
24                         BY:  LARRY W. MCFARLAND
                           9720 WILSHIRE BOULEVARD
25                         BEVERLY HILLS, CA  90212
                           310-777-3750
```

EXHIBIT 17

PAGE 65

3

```
 1    APPEARANCES CONTINUED:
 2
      ON BEHALF OF NON-PARTY CHRISTENSEN GLASER:
 3
                         CHRISTENSEN, GLASER, FINK, JACOBS,
 4                        WEIL & SHAPIRO, LLP
                          BY:  SCOTT E. GIZER
 5                        10250 CONSTELLATION BOULEVARD
                          LOS ANGELES, CA  90067
 6                        310-553-3000
 7
      ON BEHALF OF THIRD PARTIES ANA CABRERA & BEATRIZ MORALES:
 8
                          ALLRED, MAROKO & GOLDBERG
 9                        BY:  RAMIT MIZRAHI
                          6300 WILSHIRE BOULEVARD,
10                        SUITE 1500
                          LOS ANGELES, CA  90048
11                        323-653-6530
12
      ON BEHALF OF THIRD PARTY WITNESS GENTLE GIANT STUDIOS:
13
                          BAUTE & TIDUS LLP
14                        BY:  HENRY H. GONZALEZ
                          777 S. FIGUEROA STREET,
15                        SUITE 4900
                          LOS ANGELES, CA  90017
16                        213-630-5000
17
      ON BEHALF OF WACHOVIA:
18
                          DAVIS POLK & WARDWELL
19                        BY:  NEAL A. POTISCHMAN
                          1600 EL CAMINO REAL
20                        MENLO PARK, CA  94025
                          650-752-2000
21
22    ON BEHALF OF KAMI GILMOR:
23                        BUCHALTER NEMER
                          BY:  JOHN PATRICK PETRULLO
24                        1000 WILSHIRE BOULEVARD,
                          SUITE 1500
25                        LOS ANGELES, CA  90017-2457
                          213-891-0700
```

EXHIBIT 17
PAGE 66

4

| | |
|---|---|
| 1 | I N D E X |
| 2 | PAGE |
| 3 | HEARING......................................... 5 |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |

EXHIBIT 17
PAGE 67

FEBRUARY 4, 2008          ED CV 04-9059-SGL

```
 1            RIVERSIDE, CALIFORNIA; MONDAY, FEBRUARY 4, 2008; 10:15 A.M.

 2                              -oOo-

 3            THE CLERK:  CALLING CALENDAR ITEM NUMBER FIVE, IN THE

 4    MATTER OF CARTER BRYANT VERSUS MATTEL, INC., AND ALSO RELATED

 5    CONSOLIDATED ACTIONS, CASE NUMBER CV 04-9059.

 6            MAY WE HAVE COUNSEL PLEASE STATE YOUR APPEARANCES.

 7            MR. QUINN:  GOOD MORNING, YOUR HONOR.

 8            JOHN QUINN, JON COREY FOR MATTEL.

 9            THE COURT:  MR. QUINN, MR. COREY, GOOD MORNING.

10            MR. NOLAN:  GOOD MORNING, YOUR HONOR.

11            TOM NOLAN, CARL ROTH, AND ROB HERRINGTON ON BEHALF OF

12    THE MGA DEFENDANTS.

13            THE COURT:  GOOD MORNING, COUNSEL.

14            MR. COTE:  GOOD MORNING, YOUR HONOR.

15            ALEXANDER COTE ON BEHALF OF CARLOS GUSTAVO MACHADO.

16            THE COURT:  COUNSEL.

17            MR. MCFARLAND:  LARRY MCFARLAND ON BEHALF OF

18    NONPARTIES MS. CLOONAN, MS. LEAHY, AND MS. MARLOW.

19            THE COURT:  MR. MCFARLAND, GOOD MORNING.

20            MR. GIZER:  GOOD MORNING, YOUR HONOR.

21            SCOTT GIZER FROM CHRISTENSEN & GLASER ON BEHALF OF

22    NON-PARTY CHRISTENSEN & GLASER.

23            THE COURT:  GOOD MORNING.

24            MR. PAGE:  GOOD MORNING, YOUR HONOR.

25            MICHAEL PAGE ON BEHALF OF CARTER BRYANT.
```

EXHIBIT 17
PAGE 68

6

1          THE COURT:  MR. PAGE.

2          MS. MIZRAHI:  GOOD MORNING, YOUR HONOR.

3          RAMIT MIZRAHI ON BEHALF OF NONPARTIES ANA CABRERA AND

4     BEATRIZ MORALES.

5          THE COURT:  GOOD MORNING.

6          MR. GONZALEZ:  GOOD MORNING, YOUR HONOR.

7          HENRY GONZALEZ ON BEHALF OF NONPARTY GENTLE GIANT

8     STUDIOS.

9          THE COURT:  GOOD MORNING.

10          MR. POTISCHMAN:  GOOD MORNING, YOUR HONOR.

11          NEIL POTISCHMAN FROM DAVIS, POLK & WARDWELL ON BEHALF

12     OF NONPARTY WACHOVIA CORPORATION.

13          THE COURT:  COUNSEL.

14          MR. PETRULLO:  AND GOOD MORNING, YOUR HONOR.

15          JOHN PETRULLO FROM BUCHALTER & NEMER APPEARING FOR A

16     NONPARTY WITNESS, MS. GILMORE.

17          THE COURT:  GOOD MORNING.

18          GOOD MORNING TO YOU ALL.

19          WE'RE ON CALENDAR THIS MORNING ON THE COURT'S OWN

20     ORDER TO SET THE VARIOUS EX-PARTE APPLICATIONS THAT THE COURT

21     RECEIVED FOR A HEARING.

22          THE COURT HAS RECEIVED AND REVIEWED -- ACTUALLY,

23     THERE'S SIX EX-PARTE APPLICATIONS.  ONE OF THE EX-PARTE

24     APPLICATIONS HAS A SUPPLEMENT, SO I GUESS WE CAN COUNT THAT AS

25     SEVEN.  I'LL TRY TO GET THROUGH THESE AS BEST I CAN THIS

EXHIBIT ___17___

PAGE ___69___

79

1          THE COURT:  I AM GOING TO GRANT THE EX-PARTE

2    APPLICATION IN PART.  I AM GOING TO GRANT LEAVE TO MATTEL TO

3    TAKE THESE PHOTOGRAPHS AND OBTAIN THIS INFORMATION AND TO

4    REVIEW THE MOLDS.

5          I'M DISINCLINED AT THIS POINT TO MAKE THE

6    COST-SHIFTING.  I WILL GIVE LEAVE TO SUPPLEMENT EXPERT REPORTS,

7    THOUGH, DEPENDING ON THE TIMING AND WHEN THIS INFORMATION AND

8    THESE THINGS ARE MADE AVAILABLE.  BUT I DO WANT COUNSEL TO MEET

9    AND CONFER.

10          AND THE COURT'S DENIAL OF THE COST-SHIFTING IS MADE

11   WITHOUT PREJUDICE.  IF EITHER SIDE IS UNREASONABLE IN TERMS OF

12   HOW THEY GO ABOUT MAKING THESE MOLDS AVAILABLE, THE COURT MIGHT

13   RECONSIDER IT DOWN THE ROAD.  BUT LET'S TRY TO GET THESE MOLDS

14   TOGETHER IN HONG KONG, IF WE CAN.  IF WE CAN'T, WE CAN'T.  AND

15   I'M NOT GOING TO ORDER YOU TO DO SOMETHING YOU CAN'T DO.

16          LET'S TRY TO FIND SOMEBODY OVER THERE ON THE GROUND

17   THAT CAN TAKE IT AND WORK OUT A STIPULATION IN TERMS OF ANY

18   OBJECTIONS TO THAT BEING RELIED UPON BY THE EXPERT.  AND IF

19   ANYONE IS UNREASONABLE IN TRYING TO COME UP WITH SOME

20   COST-SAVING MEASURES, THEN THE COURT MIGHT RECONSIDER IMPOSING

21   COSTS.  BUT ASSUMING THAT EVERYONE IS WORKING IN GOOD FAITH,

22   I'M GOING TO DECLINE TO DO THAT.

23          THE LAST EX-PARTE APPLICATION IS CONCERNING THE

24   COMPELLING OF PRODUCTION OF ELECTRONIC MEDIA FROM THIRD

25   PARTIES, OR, IN THE ALTERNATIVE, MODIFYING THE SCHEDULING


EXHIBIT 17
PAGE 79

FEBRUARY 4, 2008          ED CV 04-9059-SGL

1    ORDER.

2            MY SENSE ON THIS EX-PARTE APPLICATION IS THAT THIS IS

3    SOMETHING WHICH IS PROPERLY BEFORE JUDGE INFANTE.  IT'S NOT

4    CLEAR TO ME WHY THIS SHOULD NOT BE, AS OTHER DISPUTES OVER

5    PROVIDING THE ELECTRONIC MEDIA -- WHY IT IS NOT BEFORE

6    JUDGE INFANTE.

7            SO I'D LIKE TO HEAR FROM THE PLAINTIFF, FROM MATTEL,

8    ON THIS.

9            IN FACT, MR. NOLAN ACTUALLY MAKES THE ACCUSATION THAT

10   YOU'RE DOING A BIT OF FORUM SHOPPING IN THIS; THAT YOU GOT AN

11   ADVERSE RULING ON THIS BEFORE JUDGE INFANTE ON AN UNRELATED

12   WITNESS AND THAT'S WHY YOU'RE BEFORE THE COURT HERE ON THIS.

13           IS JUST NOT CLEAR TO ME, MR. COREY, WHY THIS IS

14   BEFORE THIS COURT AND NOT BEFORE JUDGE INFANTE.

15           MR. COREY:  THE REASON THIS APPLICATION IS BEFORE

16   THIS COURT IS THE SAME AS THE OTHER APPLICATION.  ONLY YOUR

17   HONOR HAS THE ABILITY TO ENSURE THAT WE CAN EITHER GET RELIEF

18   FROM THE EXPERT CUTOFF -- FROM THE FILING OF THE EXPERT CUTOFF

19   DATE, BUT BY RELYING ON INFORMATION THAT IS THE SUBJECT OF THIS

20   EX-PARTE APPLICATION THAT WE WILL UNDOUBTEDLY RECEIVE AFTER THE

21   CLOSE OF DISCOVERY.

22           THE COURT:  AND THAT'S FAIR ENOUGH.  AND I WILL

23   CERTAINLY GIVE ANY PARTY LEAVE TO COME BACK TO THE COURT AFTER

24   A RULING BY JUDGE INFANTE THAT APPARENTLY HAS AN EFFECT OR IS

25   MAKING THE SCHEDULING ORDER UNMANAGEABLE OR NEEDS RELIEF TO

EXHIBIT  17
PAGE  71

81

1    FILE A SUPPLEMENTAL EXPERT REPORT, OR WHATEVER IT MIGHT BE.

2    BUT IN THE FIRST INSTANCE, I THINK THIS ISSUE SHOULD BE DECIDED

3    BY JUDGE INFANTE.  I DON'T WANT TO HAVE ME DECIDING SOME OF

4    THESE ISSUES AND JUDGE INFANTE DECIDING OTHER ONES.

5          MR. COREY:  WE'LL PUT THIS IN FRONT OF JUDGE INFANTE,

6    YOUR HONOR.

7          THE COURT:  VERY WELL.

8          SO THIS EX-PARTE APPLICATION IS DENIED.

9          I THINK THAT TAKES CARE OF ALL OF IT.  I'M GOING TO

10   ISSUE AN ORDER THIS AFTERNOON WHICH WILL SPELL THIS OUT AS

11   CLEARLY AS I CAN.  IF THERE ARE ANY QUESTIONS ABOUT IT, COME

12   BACK EARLY AS OPPOSED TO LATER.

13         AND MR. QUINN...

14         MR. QUINN:  YOUR HONOR, JUST ONE THING THAT HAD

15   OCCURRED TO ME ABOUT PUTTING PHASE TWO DEPOSITIONS OFF.  THERE

16   IS ONE IN LONDON THIS WEEK.  OUR LAWYER IS ALREADY ON AN

17   AIRPLANE TO GET OVER THERE; THAT'S MR. BRAUR.

18         I DON'T KNOW IF THAT'S GOING TO BE A PROBLEM.

19         MR. NOLAN:  NO ISSUE.  WE'LL AGREE.

20         MR. DICANIO, WHO'S OVER IN LONDON, WILL KILL ME IF HE

21   COMES HOME WITHOUT HAVING BEEN DEPOSED.  WE MADE HIM AVAILABLE

22   ONE DAY IN LONDON AND --

23         THE COURT:  SOUNDS GOOD.

24         MR. QUINN:  THEN, YOUR HONOR, WE'RE THINKING AHEAD TO

25   SUMMARY JUDGMENT MOTIONS.  I KNOW WE ALL ARE LOOKING AT THIS

EXHIBIT 17

PAGE 72

FEBRUARY 4, 2008          ED CV 04-9059-SGL

**Carter Bryant v. Mattel Inc.**

Case No.: CV 04 – 09049 SGL (RNBx)
Consolidated with Case Nos.
CV 04-9059 and CV 05-2727
<u>Hon. Stephen G. Larson</u>

# <u>EXHIBIT 18</u>

<u>**EXHIBIT TO**</u>:   DECLARATION OF LARRY W. McFARLAND IN SUPPORT OF ANAELISE CLOONAN'S NOTICE OF MOTION AND MOTION OBJECTING TO PORTIONS OF DISCOVERY MASTER'S APRIL 11, 2008 ORDER REGARDING A FURTHER EXAMINATION OF MS. CLOONAN'S COMPUTER AND ZIP DISK

1    QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
       John B. Quinn (Bar No. 090378)
2      johnquinn@quinnemanuel.com
       Michael T. Zeller (Bar No. 196417)
3      (michaelzeller@quinnemanuel.com)
       Jon D. Corey (Bar No. 185066)
4      (joncorey@quinnemanuel.com)
     865 South Figueroa Street, 10th Floor
5    Los Angeles, California  90017-2543
     Telephone:  (213) 443-3000
6    Facsimile:   (213) 443-3100

7    Attorneys for Plaintiff Mattel, Inc.

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10                        EASTERN DIVISION

| 11 | CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
|---|---|---|
| 12 | Plaintiff, | Consolidated with |
| 13 | vs. | Case No. CV 04-09059<br>Case No. CV 05-02727 |
| 14 | MATTEL, INC., a Delaware corporation, | Hon. Stephen G. Larson |
| 15 | | |
| 16 | Defendant. | [PROPOSED] ORDER RE: MATTEL, INC.'S *EX PARTE* APPLICATION TO (1) COMPEL PRODUCTION OF ELECTRONIC MEDIA FROM THIRD-PARTIES ELISE CLOONAN, MARGARET HATCH-LEAHY, AND VERONICA MARLOW OR (2) IN THE ALTERNATIVE, MODIFY THE SCHEDULING ORDER |
| 17 | AND CONSOLIDATED CASES | |
| 18 | | |
| 19 | | |
| 20 | | [Local Rule 7-19] |
| 21 | | Hearing Date:      Not Applicable |
| 22 | | Time:                   Not Applicable |
| 23 | | **Phase 1:** |
| 24 | | Discovery Cut-Off:    January 28, 2008<br>Pre-Trial Conference: May 5, 2008 |
| 25 | | Trial Date:        May 27, 2008 |
| 26 | | |
| 27 | | EXHIBIT  18 |
| 28 | | PAGE  73 |

07209/2364821.1

-1-

[PROPOSED] ORDER

1                                    [PROPOSED] ORDER

2

3              Having considered Mattel, Inc.'s *Ex Parte* Application to (1) Compel

4    Production of Electronic Media From Third-Parties Elise Cloonan, Margaret Hatch-

5    Leahy, and Veronica Marlow or (2) in the Alternative, Modify the Scheduling

6    Order, oppositions thereto and all other papers filed in connection therewith, and

7    finding good cause therefore,

8                        IT IS HEREBY ORDERED that

9         1.       Third-parties Elise Cloonan, Margaret Hatch-Leahy and Veronica

10   Marlow are ordered to produce all electronic media responsive to Mattel's

11   subpoenas no later than January 30, 2008.

12

13

14

15   DATED:                          . 2008

16

17                                        _____

18                                        Hon. Stephen G. Larson

19

20

21

22

23

24

25

26                                         EXHIBIT ___18___

27                                         PAGE ___74___

28

07209/2364821.1

                                                              [PROPOSED] ORDER

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Carter Bryant v. Mattel Inc.**

Case No.: CV 04 – 09049 SGL (RNBx)
Consolidated with Case Nos.
CV 04-9059 and CV 05-2727
Hon. Stephen G. Larson

# **EXHIBIT 19**

**EXHIBIT TO**:   DECLARATION OF LARRY W. McFARLAND IN SUPPORT OF ANAELISE CLOONAN'S NOTICE OF MOTION AND MOTION OBJECTING TO PORTIONS OF DISCOVERY MASTER'S APRIL 11, 2008 ORDER REGARDING A FURTHER EXAMINATION OF MS. CLOONAN'S COMPUTER AND ZIP DISK

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

<table>
<tr>
<td>NEW YORK<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010<br>(212) 849-7000<br>Facsimile: (212) 849-7100</td>
<td>LOS ANGELES<br>865 South Figueroa Street, 10th Floor<br>Los Angeles, CA 90017<br>(213) 443-3000<br>Facsimile: (213) 443-3100</td>
<td>SAN FRANCISCO<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111<br>(415) 875-6600<br>Facsimile: (415) 875-6700</td>
</tr>
<tr>
<td>TOKYO<br>Akasaka Twin Tower Main Building, 6th Floor<br>17-22 Akasaka 2-Chome<br>Minato-ku, Tokyo 107-0052, Japan<br>+81 3 5561-1711<br>Facsimile: +81 3 5561-1712</td>
<td></td>
<td>SILICON VALLEY<br>555 Twin Dolphin Drive, Suite 560<br>Redwood Shores, CA 94065<br>(650) 801-5000<br>Facsimile: (650) 801-5100</td>
</tr>
</table>

## LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

DATE:   April 15, 2008

NUMBER OF PAGES, INCLUDING COVER:

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Larry W. McFarland, Esq. | (310) 248-3830 | (310) 860-0363 |

FROM:   Melissa Grant, Esq.

RE:   Bryant v. Mattel, Inc.

MESSAGE:

See attached.

EXHIBIT  19
PAGE  75

| CLIENT # | 7209 | ROUTE/RETURN TO: | Lucille Clavel | ☒ CONFIRM FAX<br>☐ INCLUDE CONF. REPORT |
|---|---|---|---|---|
| OPERATOR: | | | CONFIRMED?   ☐ NO   ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street. 10th Floor. Los Angeles. California 90017 | TEL 213-443-3000 FAX 213-443-3100

April 15, 2008

VIA E-MAIL, FACSIMILE AND U.S. MAIL

Larry W. McFarland, Esq.
Keats McFarland & Wilson LLP
9720 Wilshire Boulevard, Penthouse Suite
Beverly Hills, CA 90212

Re:    **Bryant v. Mattel, Inc.**

Dear Larry:

This letter is further to my conversation with Christian Dowell yesterday evening regarding the production of Elise Cloonan's computer and zip drive that had been in her possession, pursuant to the Discovery Master's April 11, 2008 Order (a copy of which is enclosed).

By that Order, the Discovery Master granted Mattel's motion to compel production of Ms. Cloonan's electronic media and ordered production of the "zip disk" and Ms. Cloonan's computer for forensic examination by Mattel. As the Discovery Master stated in his Order, the purpose of the forensic examination is "to search for additional material that is responsive to Mattel's discovery requests, including graphic files, and to determine whether any data has been deleted." See Discovery Master's April 11, 2008 Order at 3:15-17.

Accordingly, we will be proceeding with imaging of the media and the copying of any Datachaser's images by a Mattel forensic computer expert. Christian advised me that Ms. Cloonan's computer and zip disk is in Datachaser's possession. To expedite the process and ensure its transparency, Mattel would agree to conduct the imaging and copying at Datachaser's offices, if feasible. If you or an expert of your choosing would like to be present during the imaging and copying, Mattel has no objection.

EXHIBIT ____19____

PAGE ____76____

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue. 22nd Floor. New York. New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street. 22nd Floor. San Francisco. California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive. Suite 560. Redwood Shores. California 94065 | TEL 650-801-5000 FAX 650-801-5100

07209/2471307.1

APR 15 2008 11:18                                        2134433100            PAGE.02

Larry W. McFarland
April 15, 2008
Page Two

As you know, in granting Mattel's motion, the Discovery Master overruled Ms. Cloonan's privacy objections and specifically concluded that "the intrusion into Ms. Cloonan's privacy interests is warranted because of the strong likelihood that there may be relevant information on the electronic devices that is not available from any other source." Id. at 6:10-12. Ms. Cloonan's privacy interests are also fully protected by the operative protective order. Accordingly, we cannot agree to a preemptive privacy review of Ms. Cloonan's electronic media. We are willing, however, to consider agreeing not to use at trial files from her computer that you specifically identify and that are demonstrably irrelevant and wholly personal in nature pending your client's agreement or order of the Court. Please note that we expect the imaging and copying to proceed immediately regardless of the prospect of such an agreement.

I will call you today to finalize the arrangements.

Very truly yours,

*Melissa Grant/lc*

Melissa Grant

MG:lc

Enclosure

cc:    Christopher Tayback

EXHIBIT 19
PAGE 77

1 | Hon. Edward A. Infante (Ret.)
JAMS
2 | Two Embarcadero Center
Suite 1500
3 | San Francisco, California 94111
Telephone:   (415) 774-2611
4 | Facsimile:   (415) 982-5287

5

6

7

8                  UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10                       EASTERN DIVISION

11

12 | CARTER BRYANT, an individual,          CASE NO. CV 04-09049 SGL (RNBx)
                                           JAMS Reference No. 1100049530
13              Plaintiff,

14       v.                                Consolidated with
                                           Case No. CV 04-09059
15 | MATTEL, INC., a Delaware corporation,  Case No. CV 05-2727

16              Defendant.                 **ORDER GRANTING IN PART AND
                                           DENYING IN PART MATTEL'S
17                                         MOTION TO COMPEL PRODUCTION
                                           OF ELECTRONIC MEDIA FROM
18                                         THIRD PARTIES ELISE CLOONAN,
                                           MARGARET HATCH-LEAHY AND
19                                         VERONICA MARLOW**

20 | CONSOLIDATED WITH
MATTEL, INC. v. BRYANT and
21 | MGA ENTERTAINMENT, INC. v. MATTEL,
INC.
22

23

24                     I. INTRODUCTION

25       On February 6, 2008, Mattel, Inc. ("Mattel") submitted its "Motion to Compel Production

26 | of Electronic Media From Third Parties Elise Cloonan, Margaret Hatch-Leahy and Veronica

27 | Marlow" ("Motion"). Mattel previously sought identical relief, in addition to relief from the

28 | Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT 19
PAGE 78

04-15-2008  11:08   From-QUINN EMANUEL                    2134433100         T-131   P.005/012   F-531

1  expert witness cut-off date in an *ex parte* application presented to the district court. On February

2  4, 2008, the court ordered this matter submitted to the Discovery Master for ruling. The parties

3  have fully briefed the issue presented by Mattel's Motion – the production of the electronic media.

4  Mattel previously filed its Ex Parte Application to (1) Compel Production of Electronic Media

5  From Third-Parties Elise Cloonan, Margaret Hatch-Leahy, And Veronica Marlow Or (2) In The

6  Alternative, Modify the Scheduling Order on January 23, 2008. Third parties Cloonan, Hatch-

7  Leahy and Marlow filed an opposition on January 27, 2008. MGA Entertainment, Inc., MGA

8  Entertainment (HK) Limited, and MGAE de Mexico, S.R.L. de C.V. ("MGA") filed a joinder in

9  the third parties' opposition on January 28, 2008. Mattel filed a reply on February 1, 2008. The

10  motion was heard on April 11, 2008.

11                                 II. BACKGROUND

12      Mattel served subpoenas for deposition and documents on the three witnesses in April

13  2005. In the fall of 2007, the parties agreed on a protocol for an independent expert, Rick Albee

14  of DataChasers, Inc., to run certain "key word" search terms on the computer data in the

15  possession of Ms. Cloonan and Ms. Hatch-Leahy and to produce documents to the witnesses'

16  counsel, who would review the documents and produce responsive non-privileged documents.

17  The "key word" search terms included Bratz, MGA, Carter Bryant, Isaac Larian, Prayer Angels

18  and others. The protocol to which the parties agreed did not "foreclose Mattel from seeking

19  production and inspection of any matter, including without limitation the original date, drives or

20  documents." Tayback Decl., Ex. 14. Ms. Cloonan's and Ms. Hatch-Leahy's counsel produced

21  documents to Mattel before their depositions.

22                                 Ms. Hatch-Leahy

23      Ms. Hatch-Leahy was a Mattel employee until September 5, 2000. Bryant solicited Ms.

24  Hatch-Leahy to sculpt Bratz dolls and introduced her to MGA. According to the testimony of

25  MGA's Paula Garcia, Ms. Hatch-Leahy created the first Bratz sculpts and was the sole person to

26  work on the first Bratz sculpts in 2000.

27      Ms. Hatch-Leahy appeared for her deposition on December 12, 2007 and testified, in

28
Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

                                                              2

EXHIBIT  19
PAGE  79

APR 15 2008 11:19                          2134433100              PAGE.05

1    pertinent part, that she worked for Mattel competitors while working for Mattel. Although Ms.

2    Hatch-Leahy's computer was examined by an independent expert pursuant to the parties' agreed

3    upon protocol, Mattel seeks production of her computer to search for additional material that is

4    responsive to Mattel's discovery requests, including graphic files. Mattel also intends to examine

5    Ms. Hatch-Leahy's computer to determine whether any data has been deleted.

6                                              Ms. Cloonan

7          Ms. Cloonan was Bryant's roommate while both worked at Mattel in 1999 and 2000.

8    Bryant testified that he used Ms. Cloonan's home computer to create Bratz materials he used to

9    pitch Bratz to MGA in September 2000. Bryant also testified that Ms. Cloonan prepared a logo

10   used in the Bratz pitch materials that he presented to MGA.

11         Ms. Cloonan appeared for her deposition on December 14, 2007. She testified that Bryant

12   used her computer and that she may have used her computer to prepare graphics for him. She

13   also testified that she identified a Zip disk in her possession labeled "Bratz," which she gave to

14   her attorney in 2005. Although Ms. Cloonan's computer and the Zip disk were examined

15   pursuant to the parties' agreed upon protocol, Mattel seeks production of these electronic media to

16   search for additional material that is responsive to Mattel's discovery requests, including graphic

17   files, and to determine whether any data has been deleted.

18                                             Ms. Marlow

19         Ms. Marlow allegedly introduced Carter Bryant ("Bryant") and MGA to one another and

20   worked on Bratz fashions. Bryant has paid Ms. Marlow a substantial "finder's fee" for bringing

21   him and MGA together. In addition, MGA has paid Ms. Marlow a substantial sum of money in

22   connection with Bratz.

23         Mattel deposed Ms. Marlow on December 28, 2007, and learned that three Mattel

24   employees – Maria Salazar, Ana Isabela Cabrera and Beatriz Morales – worked on Bratz while

25   they were employed at Mattel. Mattel seeks production of Ms. Marlow's computer, which was

26   not subject to the independent expert review protocol outlined above, so that Mattel can search for

27   additional materials that are responsive to Mattel's discovery requests and determine whether any

28
     Bryant v. Mattel, Inc.,
     CV-04-09049 SGL (RNBx)

EXHIBIT    19
PAGE    80

1  data has been deleted.

2  ## III. STANDARDS

3     Rule 26 of the Federal Rules of Civil Procedure provides that parties may obtain discovery

4  regarding any matter, not privileged, that is relevant to any party's claim or defense. Fed.R.Civ.P.

5  26(b)(1). Fishing expeditions to discover new claims, however, are not permitted. See

6  Fed.R.Civ.P. 26(b)(1); Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District

7  courts need not condone the use of discovery to engage in 'fishing expeditions.'"); Bernstein v.

8  Travelers Ins. Co., 447 F.Supp.2d 1100, 1102 (N.D. Cal. 2006) (citing Rule 26(b), Advisory

9  Committee's Note to Amendments Effective December 1, 2000) (Congress' changes in the

10  language of Rule 26(c), substituting the words "claim or defense" for the phrase "subject matter

11  involved in the pending action," were intended to prevent discovery that swept far beyond the

12  claims and defenses of the parties and that seemed designed not to fairly litigate the issues

13  presented by the pleadings but to develop new claims or defenses.).

14     Furthermore, "[a]ll discovery is subject to the limitations imposed by Rule 26(b)(2)(C)."

15  Fed.R.Civ.P. 26(b)(1). Pursuant to Rule 26(b)(2)(C), Fed.R.Civ.P., the court must limit the

16  frequency or extent of use of discovery otherwise allowed by the Federal Rules of Civil Procedure

17  or by local rule if the court determines that: "(i) the discovery sought is unreasonably cumulative

18  or duplicative, or can be obtained from some other source that is more convenient, less

19  burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to

20  obtain the information by discovery in the action; or (iii) the burden or expense of the proposed

21  discovery outweighs its likely benefit, considering the needs of the case, the amount in

22  controversy, the parties' resources, the importance of the issues at stake in the action, and the

23  importance of the discovery in resolving the issues." Fed.R.Civ.P. 26(b)(2)(C).

24  ## IV. DISCUSSION

25  ### Ms. Hatch-Leahy

26     Mattel's motion is denied as to Ms. Hatch-Leahy's electronic media. As Mattel readily

27  acknowledges, Ms. Hatch-Leahy's computer was subject to the parties' negotiated protocol, and

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT 19

PAGE 81

1   none of Mattel's proffered justifications for another search has merit. Mattel attempts to justify

2   another search of Ms. Hatch-Leahy's electronic media based upon the identification of Pedro

3   Salazar, Maria Salazar, Ana Isabela Cabrera and Beatriz Morales during Ms. Marlow's recent

4   deposition. These individuals, however, assisted Ms. Marlow with sewing Bratz fashions. Ms.

5   Hatch-Leahy sculpted Bratz dolls; she did not work on Bratz fashions.

6        Mattel also attempts to justify another search because "the key word searches do not

7   capture the evidence that arises from the absence of documents on the computer hard drives,

8   specifically the absence of documents that these witnesses testified at the deposition should have

9   been located on their respective hard drives but which were not, for some reason, produced."

10  Mattel's Ex Parte App. at p.3. Mattel, however, has not provided any citation to Ms. Hatch-

11  Leahy's deposition transcript to support this assertion, and moreover, Ms. Hatch-Leahy denies

12  making such a statement. See Opposition at p. 21.

13       Mattel's speculation about deleted or missing data also does not justify another search

14  because the parties' agreed upon protocol included a provision to address this issue. Among other

15  things, the parties' protocol provided the following:

16       The expert will follow the same procedures as set forth above with respect to any
         documents or data relating to any alteration of the hard drives or data on the hard
17       drives by, for example, providing a listing of all application programs and when
         they were installed, detailing whether there is any evidence of the presence or use
18       of a data destruction program on the computer, evidence regarding the transfer of
         relevant documents to or from the computer via media or e-mail, and/or user
19       account information present on the system.

20  Tayback Decl. in Support of Mattel's Motion, Ex. 14. Nor does the fact that Ms. Hatch-Leahy's

21  document production did not include graphic files justify another search. There is no evidence to

22  suggest that Ms. Hatch-Leahy's electronic media contained graphic files. Furthermore, there is no

23  evidence to suggest that the independent expert failed to apply or was not able to apply the key

24  word search to graphical computer files. In any event, given that Ms. Hatch-Leahy's electronic

25  media has already been searched by an independent expert in accordance with the parties'

26  negotiated protocol, the burden, expense, and intrusion into Ms. Hatch-Leahy's privacy interests

27  associated with conducting yet another search substantially outweigh its likely benefit taking into

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT __19__
PAGE __82__

1    consideration all of the factors set forth in Rule 26(b)(2)(C), Fed.R.Civ.P.

2                                Ms. Cloonan

3          Mattel's motion is granted with respect to Ms. Cloonan's computer and the Zip disk. Both

4    Bryant and Ms. Cloonan testified that Bryant used Ms. Cloonan's computer for Bratz. She also

5    testified that the Zip disk in her possession was labeled "Bratz." In light of this testimony, Ms.

6    Cloonan's computer and the Zip disk are likely to contain information relevant to the origin,

7    creation and development of Bratz. On balance, the potential relevance of the information on Ms.

8    Cloonan's computer and the Zip disk outweigh the burden and expense of another examination of

9    these items by Mattel. Further, although Rule 34, Fed.R.Civ.P., does not authorize the routine

10   production of electronic devices, the intrusion into Ms. Cloonan's privacy interests is warranted

11   because of the strong likelihood that there may be relevant information on the electronic devices

12   that is not available from any other source.

13                               Ms. Marlow

14         Mattel's motion is denied with respect to Ms. Marlow's electronic media. Ms. Marlow

15   testified at her deposition that she searched for and turned over all of her Bratz-related documents

16   to her counsel, and that she has never thrown away, shredded or destroyed any documents related

17   to Bratz. In light of Ms. Marlow's unequivocal testimony and substantial document production,

18   Mattel's concerns over the completeness of the production and potential document destruction are

19   unfounded.

20         In addition, Ms. Marlow has produced over eight thousand pages of documents in

21   response to Mattel's subpoena, which included documents identifying Pedro Salazar, Maria

22   Salazar, Ana Isabela Cabrera and Beatriz Morales. Therefore, Mattel's attempt to justify

23   production of Ms. Marlow's computers based upon the identification of these individuals at her

24   deposition is without merit.

25         In sum, the record indicates that Ms. Marlow has substantially complied with her

26   discovery obligations and there is no evidence to the contrary. Therefore, the burden, expense,

27   and intrusion into Ms. Marlow's privacy interests associated with the production of her personal

28
     Bryant v. Mattel, Inc.,                                                    6
     CV-04-09049 SGL (RNBx)

EXHIBIT 19
PAGE 83

04-15-2008   11:09   From-QUINN EMANUEL                                    2134433100                T-131   P.01G/012   F-531

1   computers is unjustified, taking into consideration all of the factors set forth in Rule 26(b)(2)(C),

2   Fed.R.Civ.P.

3                              V. CONCLUSION

4          For the reasons set forth above, Mattel's motion is granted in part as to Ms. Cloonan's

5   computer and the Zip disk, and denied in all other respects.  Pursuant to Paragraph 6 of the

6   Stipulation and Order for Appointment of a Discovery Master, Mattel shall file this Order with

7   the Clerk of Court forthwith.

8

9   Dated: April 11, 2008

10                                              HON. EDWARD A. INFANTE (Ret.)
                                                       Discovery Master

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
    Bryant v. Mattel, Inc.,                                                          7
    CV-04-09049 SGL (RNBx)

EXHIBIT 12
PAGE 84

APR 15 2008 11:19                                          2134433100          PAGE.10

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on April 11, 2008, I served the attached: (1) ORDER GRANTING IN PART AND DENYING IN PART MATTEL'S MOTION TO COMPEL PRODUCTION OF ELECTRONIC MEDIA FROM THIRD PARTIES ELISE CLOONAN, MARGARET HATCH-LEAHY AND VERONICA MARLOW; (2) ORDER GRANTING IN PART AND DENYING IN PART MGA'S MOTION TO COMPEL MATTEL TO PRODUCE WITNESSES PURSUANT TO NOTICE OF DEPOSITION UNDER RULE 30(b)(6); DENYING REQUEST FOR SANCTIONS; (3) ORDER DENYING MATTEL'S APPLICATION TO ENFORCE COURT ORDERS COMPELLING PRODUCTION OF TANGIBLE ITEMS; (4) ORDER GRANTING IN PART AND DENYING IN PART MGA'S MOTION TO OVERRULE RELEVANCE OBJECTION AND COMPEL DISCOVERY RELEVANT TO STATUE OF LIMITATIONS AND LACHES DEFENSES; DENYING REQUEST FOR SANCTIONS; AND (5) ORDER DENYING MGA'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM THIRD PARTY RIGHT MANAGEMENT CONSULTANTS, INC. in the within action by email addressed as follows:

| | | |
|---|---|---|
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| Matthew M. Werdegar, Esq. | Keker & Van Nest | mwerdegar@kvn.com |
| John E. Trinidad, Esq. | Keker & Van Nest | jtrinidad@kvn.com |
| Audrey Walton-Hadlock, Esq. | Keker & Van Nest | awalton-hadlock@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johnquinn@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| John Gordon | Quinn, Emanuel, Urquhart, Oliver & Hedges | johngordon@quinnemanuel.com |
| Thomas J. Nolan, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tnolan@skadden.com |
| Raoul D. Kennedy, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | rkennedy@skadden.com |
| Amy S. Park, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | apark@skadden.com |
| Harriet S. Posner, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | hposner@skadden.com |
| Carl Alan Roth, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | croth@skadden.com |
| Timothy A. Miller, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tmiller@skadden.com |
| Marcus R. Mumford, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Mmumford@skadden.com |
| Paul M. Eckles, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Paul.eckles@skadden.com |
| Lance A. Etcheverry, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Lance.etcheverry@skadden.com |
| Robert J. Herrington, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Robert.herrington@skadden.com |
| Mark Overland, Esq. | Overland, Borenstein, et al. | moverland@obsklaw.com |
| Alexander Cote. Esq. | Overland, Borenstein, et al. | acote@obsklaw.com |

APR 15 2008 11:20

2134433100          PAGE. 11

EXHIBIT 12
PAGE 85

| | | |
|---|---|---|
| David C. Scheper, Esq. | Overland, Borenstein, et al. | dscheper@obsklaw.com |
| Larry W. McFarland | Keats, McFarland & Wilson | lmcfarland@kmwlaw.com |
| Christian Dowell | Keats, McFarland & Wilson | cdowell@kmwlaw.com |
| Cheryl Plambeck, Esq. | Davis & Gilbert LLP | cplambeck@dglaw.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on April 11, 2008, at San Francisco, California.

_Sandra Chan_

Sandra Chan

EXHIBIT ___19___

PAGE ___86___

**Carter Bryant v. Mattel Inc.**

Case No.: CV 04 – 09049 SGL (RNBx)
Consolidated with Case Nos.
CV 04-9059 and CV 05-2727
Hon. Stephen G. Larson

# **EXHIBIT 20**

**EXHIBIT TO**:   DECLARATION OF LARRY W. McFARLAND IN SUPPORT OF ANAELISE CLOONAN'S NOTICE OF MOTION AND MOTION OBJECTING TO PORTIONS OF DISCOVERY MASTER'S APRIL 11, 2008 ORDER REGARDING A FURTHER EXAMINATION OF MS. CLOONAN'S COMPUTER AND ZIP DISK

# KEATS McFARLAND & WILSON LLP

### ATTORNEYS AT LAW

TEL (310) 248-3830
FAX (310) 860-0363

9720 WILSHIRE BOULEVARD
PENTHOUSE SUITE
BEVERLY HILLS, CALIFORNIA 90212

www.kmwlaw.com

WRITER'S DIRECT DIAL

(310) 777-3749

WRITER'S EMAIL

cdowell@kmwlaw.com

April 15, 2008

**VIA FACSIMILE AND
ELECTRONIC MAIL**

Melissa Grant
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

      Re:    Mattel v. Bryant

Dear Melissa,

      I am writing in response to your letter of today, and to follow up with our conversation last night regarding the further review of Ms. Cloonan's computer and zip disk. At the outset, I would like to clarify that it is our understanding that Judge Infante granted Mattel's motion with respect to Ms. Cloonan, which clearly only requested that Ms. Cloonan "produce all electronic media *responsive* to Mattel's subpoenas," not that she turn over all of her personal photographs or other personal non-responsive items. (emphasis added) Judge Infante specifically reiterated in his order that "Mattel [sought] production of these electronic media to search for additional material that is *responsive* to Mattel's discovery requests." (emphasis added) So, I must take issue with your assertion that Judge Infante's order somehow vitiated Ms. Cloonan's interests in her private images that are wholly unrelated to this case.

      As I discussed with you last night, we would like to move through this process as quickly as possible and have Ms. Cloonan's computer and zip disk further reviewed. But, I also pointed out, and you agreed, that there are likely very personal images that will be recovered, which are not related to this litigation.

      It is not our wish to impede discovery, but I believe we have two different interpretations of Judge Infante's order. In order to move this process forward, I suggest that we utilize the procedure as suggested by Ms. Wines and allow DataChasers[1] (the independent experts of your choosing) to review the computer and zip disk for the terms that you believe are responsive, such as keywords,

---

[1] Ms. Cloonan's computer and disk are currently in possession of DataChasers and pursuant to Mr. McFarland's confirmation letter of January 2, 2008, neither party shall address DataChasers directly without prior review of these issues with each other.

EXHIBIT 20

87

April 15, 2008
· Page 2


names, and graphical files that Mr. Tayback proposed in his email to Mr. McFarland dated January 9, 2008, as well as evidence of deleted items as set forth in Judge Infante's order. All of the responsive documents and files that were located by DataChasers would be provided to our office for review as was done in the procedure suggested by Ms. Wines. Within five days, we will notify DataChasers of any privileged documents and DataChasers will then produce all of the non-privileged documents directly to you. This will ensure that Mattel receives all responsive documents directly from DataChasers.

We have no interest in slowing this process down, but if we are unable to reach an agreement as to Judge Infante's order, we will be forced to seek review before Judge Larson. Please contact me at your earliest convenience so that we can discuss this issue.

Very truly yours,

Christian C. Dowell
Keats McFarland & Wilson LLP

CCD/jd


EXHIBIT ___20___
PAGE ___88___

# Carter Bryant v. Mattel Inc.

Case No.: CV 04 – 09049 SGL (RNBx)
Consolidated with Case Nos.
CV 04-9059 and CV 05-2727
Hon. Stephen G. Larson

# **EXHIBIT 21**

**EXHIBIT TO**:   DECLARATION OF LARRY W. McFARLAND IN SUPPORT OF ANAELISE CLOONAN'S NOTICE OF MOTION AND MOTION OBJECTING TO PORTIONS OF DISCOVERY MASTER'S APRIL 11, 2008 ORDER REGARDING A FURTHER EXAMINATION OF MS. CLOONAN'S COMPUTER AND ZIP DISK

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3191**
WRITER'S INTERNET ADDRESS
melissagrant@quinnemanuel.com

April 16, 2008

**VIA EMAIL, FACSIMILE AND U.S. MAIL**

Christian C. Dowell, Esq.
Keats McFarland & Wilson LLP
9720 Wilshire Boulevard
Penthouse Suite
Beverly Hills, CA 90212

Re:    Mattel, Inc. v. Bryant et al.

Dear Christian:

I write in response to your letter of April 15, 2008.

Your interpretation of Judge Infante's April 11, 2008 Order is without merit. Judge Infante granted Mattel's motion to compel production of Ms. Cloonan's electronic media and ordered her to produce her "computer and the Zip Disk" labeled "Bratz" to Mattel for *forensic examination*. The Order is clear and unequivocal. Your refusal to comply with it is inexcusable—particularly on the grounds asserted in your letter.

Relevance and privacy are the precise grounds on which you based your opposition to Mattel's motion. Judge Infante expressly considered--and rejected--those grounds in his Order, which reads, in pertinent part, as follows:

> Mattel's motion is granted with respect to Ms. Cloonan's computer and the Zip Disk. Both Bryant and Ms. Cloonan testified that Bryant used Ms. Cloonan's computer for Bratz. She also testified that the Zip disk in her possession was

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
SAN DIEGO | 4445 Eastgate Mall, Suite 200, San Diego, California 92121 | TEL 858-812-3107 FAX 858-812-3336

EXHIBIT 21
PAGE 89

Christian C. Dowell, Esq.
April 16, 2008
Page 2

> labeled "Bratz." In light of this testimony, Ms. Cloonan's computer and the Zip disk are likely to contain information relevant to the origin, creation and development of Bratz. **On balance, the potential relevance of the information on Ms. Cloonan's computer and the Zip disk outweigh the burden and expense of another *examination of these items by Mattel*. Further, although Rule 34, Fed. R. Civ. P., does not authorize the routine production of *electronic devices, the intrusion into Ms. Cloonan's privacy interests is warranted because of the strong likelihood that there may be relevant information on the electronic devices that is not available from any other source.***"

Order at 6:3-12.

The suggestion that the "zip disk" may contain Ms. Cloonan's personal photographs or files is particularly baseless. Ms. Cloonan testified that the zip disk was not even hers, which necessarily means that she has no expectation of privacy in its contents and no privileged files should exist on it. Your effort to now set up a "protocol" for pre-screening out potentially private items is simply an effort to turn back the clock and negotiate a compromise—a process that, as you know, was unsuccessful because of your flat refusals to consider any reasonable proposals. Mattel has now prevailed on this motion to compel and is entitled to the relief it sought—access to the electronic media in question.

Moreover, you misstate what I said during our conversation on Monday evening. I did not "agree" with your statement that "there are likely very personal images that will be recovered" from Ms. Cloonan's computer and zip disk. I specifically disagreed with your suggestion that the Order permits you to produce only certain electronic files. I said that Judge Infante's Order is clear: Ms. Cloonan was ordered to produce her computer and zip disk to Mattel for its forensic examination. I also said that Mattel had no objection if you or your expert wanted to be present during Mattel's forensic examination and imaging, and that we would consider agreeing not to use at trial specifically identified electronic files that are demonstrably irrelevant and personal in nature. You asked that I send you a letter reflecting what I told you, which I did.

For you to refuse to comply with Judge Infante's Order requiring Ms. Cloonan to produce her "electronic devices" to Mattel for forensic examination, and yet claim that "it is not [your] wish to impede discovery" is disingenuous at best.

2

EXHIBIT 21
PAGE 90

Christian C. Dowell, Esq.
April 16, 2008
Page 3


Accordingly, please send us written confirmation by 1:00 p.m. tomorrow that you will comply with the April 11, 2008 Order and produce to Mattel Ms. Cloonan's computer and zip disk on or before Friday, April 18, 2008.  Otherwise, Mattel will be forced to bring an ex parte application before Judge Larson for an order to show cause why Keats McFarland and Elise Cloonan should not be held in contempt and for other sanctions based upon the refusal to comply with the April 18, 2008 Order.

Very truly yours,

Melissa Grant


MG:lc

cc:     Christopher Tayback, Esq.


07209/2472729.2

EXHIBIT ___2|___
PAGE ___2|___

3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Carter Bryant v. Mattel Inc.**

Case No.: CV 04 – 09049 SGL (RNBx)
Consolidated with Case Nos.
CV 04-9059 and CV 05-2727
Hon. Stephen G. Larson

# **EXHIBIT 22**

**EXHIBIT TO**:  DECLARATION OF LARRY W. McFARLAND IN SUPPORT OF ANAELISE CLOONAN'S NOTICE OF MOTION AND MOTION OBJECTING TO PORTIONS OF DISCOVERY MASTER'S APRIL 11, 2008 ORDER REGARDING A FURTHER EXAMINATION OF MS. CLOONAN'S COMPUTER AND ZIP DISK

# KEATS McFARLAND & WILSON LLP

### ATTORNEYS AT LAW

TEL (310) 248-3830
FAX (310) 860-0363

9720 WILSHIRE BOULEVARD
PENTHOUSE SUITE
BEVERLY HILLS, CALIFORNIA 90212

www.kmwlaw.com

WRITER'S DIRECT DIAL

(310) 777-3750

WRITER'S EMAIL

lmcfarland@kmwlaw.com

April 17, 2008

## VIA FACSIMILE AND
## ELECTRONIC MAIL

Melissa Grant
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

Re:   Mattel v. Bryant

Dear Melissa,

I am writing in response to your letter dated April 16, 2008 to Mr. Dowell.

Frankly, I am at a loss to understand the statements in your letter. Not only do you misrepresent your conversation with Mr. Dowell, but you begin with the following misstatement:

> Judge Infante granted Mattel's motion to compel production of Ms. Cloonan's electronic media and ordered her to produce her "computer and the Zip Disc" labeled "Bratz" to Mattel for _forensic examination._

Notably, you fail to cite to any portion of Judge Infante's order as support for this statement for the simple reason that your statement is not found *anywhere* in Judge Infante's order. Judge Infante never ordered Ms. Cloonan to "produce her computer and zip disc labeled "Bratz" to Mattel for _forensic examination._" What Judge Infante ordered is that Mattel's motion is granted with respect to Ms. Cloonan's computer and zip disc. As you know, what Mattel requested in the Proposed Order submitted with its motion is the following: "Third-parties Anaelise Cloonan... are ordered to produce all electronic media responsive to Mattel's subpoenas no later than January 30, 2008." Proposed Order Re Mattel Inc.'s *Ex Parte* Application to Compel Production of Electronic Media, January 23, 3008 (emphasis added). The key word here is "responsive." This point was further clarified in Mattel's Reply in which it states that it is "entitled to relevant evidence..."

EXHIBIT 22

PAGE 92

Melissa Grant
April 17, 2008
Page 2

Reply Re Mattel Inc.'s *Ex Parte* Application to Compel Production of Electronic Media, February
1, 3008.

As Mr. Dowell stated in his letter of April 15, 2008, even though we have the right to appeal
Judge Infante's order to Judge Larson, we were willing not to file that appeal, but instead to allow
"another examination of these items" by Mattel as ordered by Judge Infante. All that we were
requesting in that letter was that a protocol be followed that prevents the production of Ms.
Cloonan's privileged information to Quinn Emanuel. Unfortunately, in your April 16 letter, you not
only reject out of hand the protocol that we suggested (which is the same protocol suggested by
your former partner Susan Wines) but you go on to threaten not only sanctions, but contempt.
These types of threats are unacceptable and unprofessional, but unfortunately seem to be standard
operating procedure for Quinn Emanuel. Melissa, you know full well that we have not and are not
refusing to comply with Judge Infante's order. Moreover, you know full well that we have every
right to appeal that order to Judge Larson.

Given your rejection of the protocol set forth in Mr. Dowell's April 15 letter, we will try one
more time to see if we can resolve this matter without the need for an appeal to Judge Larson. As
you know, your firm took the same position with respect to Isaac Larian's hard drives as you are
taking with respect to Ms. Cloonan's computer and zip disc.[1] Specifically, in the order that you
submitted to Judge Larson regarding Mr. Larian, you stated the following:

> IT IS FURTHER ORDERED THAT Isaac Larian shall make
> available within ten (10) calendar days the following hard drives that
> are in the possession, custody, or control for inspection and coping:
>
> 1.     All hard drives from, or that were at any time connected to,
>        any computer used by either Isaac Larian or Cater Bryant at
>        any time from 1999 to the present and that contain or
>        previously contained any digital information referring or
>        relating to Bratz, Angel, MGA or Bryant (as those terms are
>        defined in Mattel's Requests).
>
> A consultant of Mattel's choosing, who Mattel will identify before
> the inspection, shall be allowed to inspect each of the hard drives
> produced. **Mattel's consultant shall be allowed to make a
> forensically sound image of each hard drive produced.** The

---

[1] Ms. Cloonan should be afforded even more protection than the Court granted Mr. Larian because she is not a party
to this case. And, Judge Infante has expressed his intention to protect non-parties in this case and specifically stated
that discovery restrictions are particularly important to consider where the discovery requests are directed at a non-
party, citing Moon v. SCP Pool Corp., 232 F.R.D. 633, 638 (C.D. Cal. 2005) (citing Dart Indus. Co., Inc. v.
Westwood Chem. Co., Inc., 649 F.2d 649 (9th Cir. 1980) (discovery should be "more limited to protect third parties
from harassment, inconvenience, or disclosure of confidential information."). Order Re Mattel's Motions to Compel
Farhad Larian, Kaye Scholer and Stern & Goldbert to Produce Documents, January 25, 2007.

EXHIBIT  22
PAGE  93

Melissa Grant
April 17, 2008
Page 3

inspection may take place at a location of Larian's choosing in this District, so long as the location has the minimum requirements necessary to inspect and create a forensically sound image of the produced hard drives. A consultant of Larian's choosing, who Larian will identify before the inspection, shall be allowed to observe the inspection and imaging of the hard drives. (emphasis added)

At a hearing held with respect to this order on February 28, 2008, counsel for MGA expressed his concern that as written, the order would allow Mattel unfettered access to Mr. Larian's privileged and personal information. Judge Larson stated as follow:

The Court: I certainly understand the concerns and the privacy concerns of Mr. Larian and his children, and I suspect that would be something that Mr. Corey and Mr. Quinn would be willing to discuss with you. I would hope that you could work that out among yourself.

If you need to seek relief from the court, I would certainly give you leave to do so, but not before you've tried to work this out.

Mr. Nolan: Right.

The Court: I understand your concerns. To me, they are not sufficient, given where we are on this, given what the rules are on this and not having the evidence reviewed. **But certainly we need to install certain prophylactic measures that prevent that type of information from getting out, even to the attorneys, not to mention the parties in this case,** unless and until it is determined that this really is evidence that's going to be used in the motion or in the trial.

Mr. Nolan: Right.

Your honor, even Mattel in its reply papers, suggested that a so-called neutral —

The Court: Right.

Mr. Corey: We're more than happy to discuss that with Mr. Nolan and come up with a protocol.

The court: **A protocol needs to come up.** I will take responsibility for that. I should have looked more carefully and considered more carefully that dimension of the order before issuing

EXHIBIT 22
PAGE 94

Melissa Grant
April 17, 2008
Page 4

it or made it clear that I wanted to have that included.  So please do that.  **That was certainly the intention of the court to have that type of protocol established.**  Perhaps I just assumed that was in place between the parties, but I shouldn't make that kind of assumptions, of course, in a matter of this nature.

I'll leave it to you in the first instance to try to work that out.  **If there's any dispute over that protocol,** let me know.  (emphasis added)

Judge Larson responded further to clarify as reflected in the record below:

Mr. Nolan:    Right.   I wasn't trying to back door the reconsideration motion on the actual issue itself, but more that there's nothing in the Court's order that was intended to suggest that Mattel could have access –

The Court:    **Unfettered access; no, of course not.** (emphasis added)

As you no doubt know, attorneys at your firm and Skadden are currently negotiating a protocol for the review of Mr. Larian's hard drives.  Given that you have rejected the protocol set forth in Mr. Dowell's April 15 letter, we are willing to agree to be bound by the protocol ultimately agreed to (or ordered) with respect to Mr. Larian's hard drives.  This position is more than reasonable given that Mr. Larian is a party and Ms. Cloonan is not.  As Judge Infante has recognized, third parties are entitled to greater protection than parties.  Please let me know if this proposal is acceptable.

Let me be very clear about this.  If Quinn Emanuel will not agree to this proposal, please take this as notice that we plan to appeal Judge Infante's order to Judge Larson.  Also, I hope it is obvious that we will oppose any ex parte application for an order to show cause why Keats McFarland & Wilson LLP and Elise Cloonan should be held in contempt and for sanctions.  Moreover, we will certainly seek sanctions against your firm and Mattel if you decide to file such a frivolous motion.

Very truly yours,

Larry W. McFarland
Keats McFarland & Wilson LLP

LWM/jd

EXHIBIT   22
PAGE   95

**Carter Bryant v. Mattel Inc.**

Case No.: CV 04 – 09049 SGL (RNBx)
Consolidated with Case Nos.
CV 04-9059 and CV 05-2727
<u>Hon. Stephen G. Larson</u>

# <u>**EXHIBIT 23**</u>

**<u>EXHIBIT TO</u>**:   DECLARATION OF LARRY W. McFARLAND IN SUPPORT OF ANAELISE CLOONAN'S NOTICE OF MOTION AND MOTION OBJECTING TO PORTIONS OF DISCOVERY MASTER'S APRIL 11, 2008 ORDER REGARDING A FURTHER EXAMINATION OF MS. CLOONAN'S COMPUTER AND ZIP DISK

**Larry W. McFarland**

**From:**       Christopher Tayback [christayback@quinnemanuel.com]
**Sent:**       Monday, April 21, 2008 8:42 AM
**To:**         Larry W. McFarland
**Subject:**    Judge Infante's April 11, 2008 Order

Larry--

With respect to the Cloonan disk and hard drive, I don't see that we can reach a compromise--at least not on the terms we discussed the other day.  I believe that Judge Infante's order allows Mattel to make and inspect an image of both, and that is the only way I can think of to obtain the evidence we need.

With respect to the Marlow and Hatch-Leahy hard drives, I would like to meet and confer with you regarding that order and our intention to appeal from it.  We believe it is clearly erroneous in several respects, including the fact that the protocol clearly was not exclusive, did not apply to both computer drives, did not (and could not) capture the content of graphical files, and there is no way that it could have been prescribed to capture late-discovered names and information (such as Cabrera, Salazar, etc.).  Further, any privacy interests are adequatey protected by the protective order and are outweighed by Mattel's need for the evidence.

I am traveling, but is there a time today that I can contact you by telephone?

Chris Tayback

EXHIBIT 23

PAGE 96

1