1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
2  John B. Quinn (Bar No. 090378)
   (johnquinn@quinnemanuel.com)
   Michael T. Zeller (Bar No. 196417)
3  (michaelzeller@quinnemanuel.com)
   Jon D. Corey (Bar No. 185066)
4  (joncorey@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
6  Facsimile: (213) 443-3100

7  Attorneys for Mattel, Inc.

8                    UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10                       EASTERN DIVISION

11

12  CARTER BRYANT, an individual,          CASE NO. CV 04-9049 SGL (RNBx)
                                           Consolidated with
13              Plaintiff,                 Case Nos. CV 04-09059 & CV 05-2727

14       vs.                               **DISCOVERY MATTER**

15  MATTEL, INC., a Delaware               Hon. Stephen G. Larson
    corporation,
16                                         **(PUBLIC REDACTED VERSION)**
                Defendant.
17                                         DECLARATION OF CHRISTOPHER
                                           TAYBACK IN SUPPORT OF
18  AND CONSOLIDATED ACTIONS               MATTEL, INC.'S MOTION
                                           OBJECTING TO PORTIONS OF THE
19                                         DISCOVERY MASTER'S APRIL 11,
                                           2008 ORDER GRANTING IN PART
20                                         AND DENYING IN PART MATTEL'S
                                           MOTION TO COMPEL
21                                         PRODUCTION OF ELECTRONIC
                                           MEDIA FROM THIRD PARTIES
22                                         ELISE CLOONAN, MARGARET
                                           HATCH-LEAHY AND VERONICA
23                                         MARLOW.

24                                         Hearing Date:    Not Applicable
                                           Time:            Not Applicable
25

26                                         **Phase 1**
                                           Discovery Cut-Off:   January 28, 2008
27                                         Pre-Trial Conference: May 5, 2008
                                           Trial Date:          May 27, 2008
28

07209/2481442.1

                                    DECLARATION OF CHRISTOPHER TAYBACK

1            <u>DECLARATION OF CHRISTOPHER TAYBACK</u>

2            I, Christopher Tayback, declare as follows:

3            1.      I am a member of the bar of the State of California, admitted to

4 practice in the Central District of California and elsewhere, and a partner at Quinn

5 Emanuel Urquhart Oliver & Hedges, LLP, attorneys for Mattel, Inc. ("Mattel").

6 Except where otherwise indicated, I make this declaration of personal, firsthand

7 knowledge, and if called and sworn as a witness, I could and would testify

8 competently thereto.

9            2.      Attached hereto as Exhibit 1 are true and correct copies of

10 excerpts of the deposition of Veronica Marlow, taken on December 28, 2007.

11            3.      Attached hereto as Exhibit 2 are true and correct copies of

12 excerpts of the deposition of Paula Garcia, taken May 24, 2007.

13            4.      Attached hereto as Exhibit 3 are true and correct copies of

14 excerpts of the deposition of Carter Bryant, dated November 4 and 5, 2004 and

15 January 23, 2008.

16            5.      Attached hereto as Exhibit 4 are true and correct copies of

17 excerpts from the deposition of Lisa Tonnu, dated January 24, 2008.

18            6.      Attached hereto as Exhibit 5 are MGA's Supplemental

19 Responses to Mattel's Revised Third Set of Interrogatories, dated November 30,

20 2007.

21            7.      Attached hereto as Exhibit 6 is a true and correct copy of

22 excerpts of the interview of Ana Cabrera, dated January 2, 2008.

23            8.      Attached hereto as Exhibit 7 is a true and correct copy of

24 excerpts of the interview of Beatriz Morales, dated January 14, 2008.

25            9.      Attached hereto as Exhibit 8 is a true and correct copy of the

26 Summary of Findings of Forensic Analysis Report 1 of Mark J. Menz, dated

27 February 10, 2008.

28

1        10.    Attached hereto as Exhibit 9 are true and correct copies of

2    excerpts of the deposition of Victoria O'Connor, dated December 6, 2004.

3        11.    Attached hereto as Exhibit 10 is a true and correct copy of

4    Margaret Hatch-Leahy's application for employment with Mattel.

5        12.    Attached hereto as Exhibit 11 is a true and correct copy of pages

6    from the redacted day planner produced by Ms. Hatch-Leahy.

7        13.    Attached hereto as Exhibit 12 is a true and correct copy of pages

8    from the second redacted day planner produced by Ms. Hatch-Leahy.  This day

9    planner shows some relevant entries that were redacted from the planner that was

10   previously produced.

11       14.    Attached hereto as Exhibit 13 are true and correct copies of

12   excerpts of the deposition of Margaret Hatch-Leahy, taken December 12, 2007.

13       15.    Attached hereto as Exhibit 14 is a true and correct copy of the

14   signed protocol letter to Larry McFarland, dated September 13, 2000.

15       16.    Attached hereto as Exhibit 15 is a true and correct copy of a

16   letter to Larry McFarland, dated December 20, 2007.

17       17.    Attached hereto as Exhibit 16 is a true and correct copy of a

18   letter to Christopher Tayback and Dylan Procter, dated December 26, 2007.

19       18.    Attached hereto as Exhibit 17 is a true and correct copy of a

20   letter to Christopher Tayback and Dylan Procter, dated January 2, 2008.

21       19.    Attached hereto as Exhibit 18 is a true and correct copy of an

22   email to Larry McFarland, dated January 4, 2008.

23       20.    Attached hereto as Exhibit 19 is a true and correct copy of an

24   email to Christopher Tayback, dated January 7, 2008.

25       21.    Attached hereto as Exhibit 20 is a true and correct copy of an

26   email to Larry McFarland, dated January 9, 2008.

27       22.    Attached hereto as Exhibit 21 is a true and correct copy of an

28   email to Larry McFarland, dated January 17, 2008.

1         23.    Attached hereto as Exhibit 22 is a true and correct copy of the

2  Discovery Master's Order Granting in Part and Denying in Part Mattel's Motion to

3  Compel Production of Electronic Media from Third Parties Elise Cloonan, Margaret

4  Hatch-Leahy and Veronica Marlow.

5         24.    Attached hereto as Exhibit 23 is a true and correct copy of

6  MGA's Rule 26(a) Disclosures, dated January 6, 2005.

7         25.    Attached hereto as Exhibit 24 is a true and correct copy of a

8  letter from Larry McFarland to Michael Zeller dated October 26, 2007.

9         26.    Attached hereto as Exhibit 25 is a true and correct copy of the

10  Declarations Of Erin Bric And Sergio Hernandez In Support Of Opposition Of

11  Mattel, Inc. To Mga Entertainment Inc.'s Motion To Compel.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

07209/2481442.1

-3-

DECLARATION OF CHRISTOPHER TAYBACK

1

2           I declare under penalty of perjury under the laws of the United States of

3  America that the foregoing is true and correct.

4           Executed on April 23, 2008 at Los Angeles, California.

5

6                             _____

7                   Christopher Tayback

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

07209/2481442.1

-4-

# EXHIBIT 1

THIS EXHIBIT IS FILED UNDER SEAL

PURSUANT TO PROTECTIVE ORDER

# EXHIBIT 2

**THIS EXHIBIT IS FILED UNDER SEAL**

**PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 3

THIS EXHIBIT IS FILED UNDER SEAL

PURSUANT TO PROTECTIVE ORDER

# EXHIBIT 4

**THIS EXHIBIT IS FILED UNDER SEAL**

**PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 5

**THIS EXHIBIT IS FILED UNDER SEAL**

**PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 6

THIS EXHIBIT IS FILED UNDER SEAL

PURSUANT TO PROTECTIVE ORDER

# EXHIBIT 7

**THIS EXHIBIT IS FILED UNDER SEAL**

**PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 8

**THIS EXHIBIT IS FILED UNDER SEAL**

**PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 9

THIS EXHIBIT IS FILED UNDER SEAL

PURSUANT TO PROTECTIVE ORDER

# EXHIBIT 10

THIS EXHIBIT IS FILED UNDER SEAL

PURSUANT TO PROTECTIVE ORDER

# EXHIBIT 11

THIS EXHIBIT IS FILED UNDER SEAL

PURSUANT TO PROTECTIVE ORDER

EXHIBIT 12

THIS EXHIBIT IS FILED UNDER SEAL

PURSUANT TO PROTECTIVE ORDER

# EXHIBIT 13

THIS EXHIBIT IS FILED UNDER SEAL

PURSUANT TO PROTECTIVE ORDER

# EXHIBIT 14

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

September 13, 2007

VIA FACSIMILE AND U.S. MAIL

Larry McFarland, Esq.
Keats McFarland & Wilson LLP
9720 Wilshire Boulevard, Penthouse Suite
Beverly Hills, California 90212

Re:    Mattel, Inc. v. Bryant et al.

Dear Mr. McFarland:

I follow-up on our telephone conversation today regarding the protocol for the inspection of computer hard drives and laptop computers. We propose the following:

- The expert will be from the following firm: DataChasers, Inc., Richard L. Albee, CEO, P.O. Box 2861, Riverside, California 92516, phone (877) 328-2392. DataChasers has not, to our knowledge, done any work for Mattel.

- Mattel will bear the costs of the expert.

- The computers shall be made available to the expert for imaging at your offices, but neither your lawyers nor your clients may be present for the imaging. No verbal directions may be given to the expert while he or she is working at your offices.

- The search terms to be used by the expert are attached on Attachment A. The expert will perform the search for responsive documents, including the computer's unallocated and file-slack space. The expert shall provide file- and system-level metadata for all such documents. The expert shall sign the protective order and

**quinn emanuel urquhart oliver & hedges, llp**

07209/2194393.1

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 65·

EXHIBIT  14

PAGE  322

agree to be bound by its confidentiality requirements.  Access by the expert to information protected by the attorney-client privilege or work product doctrine shall not constitute a waiver of the privilege.

- Once the expert has made the mirror image of the hard drive, he or she will print out all documents and data collected in response to the search terms and Bates stamp the documents.  Those documents will be provided to your office to pull for privilege.  You will provide us with a privilege log sufficient to show the basis for withholding any documents.  Within eleven (11) court days of the time that your office receives the documents and data that he or she has printed out, the expert will provide us with all such documents and data, including native files, except for any such documents or data for which privilege is asserted.  You will serve upon us and the expert the privilege log identifying the documents or data, if any, to be withheld on privilege grounds within ten (10) court days of your receipt of the documents and data from the expert.

- The expert also will follow the same procedures as set forth above with respect to any documents or data relating to any alteration of the hard drives or data on the hard drives by, for example, providing a listing of all application programs and when they were installed, detailing whether there is any evidence of the presence or use of a data destruction program on the computer, evidence regarding the transfer of relevant documents to or from the computer via media or e-mail, and/or user account information present on the system.

- If there is any issue or question regarding the authenticity, correctness, integrity or completeness of any matter, including without limitation any document or data from the computers, this protocol does not foreclose Mattel from seeking production and inspection of any matter, including without limitation the original data, drives or documents.

Please sign below on behalf of your clients, Elise Cloonan and Sarah Halpern, if this is agreeable.

Very truly yours,

Susan Wines

SLW:wp
07209/2194393.1

Larry W. McFarland
Dated: September __, 2007

07209/2194393.1                                      2

EXHIBIT ____14____

PAGE 323

## ATTACHMENT A - PROPOSED SEARCH TERMS

MGA Entertainment, Inc.
ABC International Traders, Inc.
MGA Entertainment (HK) Limited
Bandai
Hasbro
Tomy

Carter Bryant and/or family members
Richard Irmen and/or family members
Isaac Larian and/or family members
Farhad Larian and/or family members
Morad Zarabi and/or family members

Ana Elise Cloonan
Paula (Treantafalles) Garcia
Sarah Halpern
Rachel Harris
Rebecca (Becky) Harris
Margaret Hatch-Leahy
Daniel Leahy
Kerri Legg Brode
Barbara Malcolm
Veronica Marlowe
Victoria O'Connor
Maureen Mullen Chianese
Amy Myers
Anna Rhee
Mercedeh Ward

Bratz
Prayer Angels or Angel

EXHIBIT ___14___

PAGE _324_

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

| NEW YORK | LOS ANGELES | SAN FRANCISCO |
|---|---|---|
| 51 Madison Avenue, 22nd Floor | 865 South Figueroa Street, 10th Floor | 50 California Street, 22nd Floor |
| New York, NY 10010 | Los Angeles, CA 90017 | San Francisco, CA 94111 |
| (212) 849-7000 | (213) 443-3000 | (415) 875-6600 |
| Facsimile: (212) 849-7100 | Facsimile: (213) 443-3100 | Facsimile: (415) 875-6700 |

SILICON VALLEY
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

*3.37pm*

**DATE:**     September 13, 2007

**NUMBER OF PAGES, INCLUDING COVER: 4**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Larry McFarland, Esq.<br>Keats McFarland & Wilson LLP | 310-248-3830 | 310-860-0363 |

**FROM:**     Susan Wines

**RE:**     Mattel v. Bryant, et al.

**MESSAGE:**

Please see attached.

*FAXED*
*SEP 1 3 2007*

---

07209/2143584.1

| CLIENT # | 7209 | ROUTE/<br>RETURN TO: Yalonda J. Dekle | ☒ CONFIRM FAX<br>☒ INCLUDE CONF. REPORT |
|---|---|---|---|
| OPERATOR: | | CONFIRMED? ☐ NO ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution, or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.**

EXHIBIT ___14___

PAGE ___325___

# Confirmation Report — Memory Send

Page     : 001
Date & Time: 09-13-2007   03:31pm
Line 1   : 2134433100
Line 2   :
Machine ID : QUINN EMANUEL

Job number          :  511

Date                :  09-13  03:29pm

To                  :  ☎9643N7209N13108600363

Number of pages     :  004

Start time          :  09-13  03:29pm

End time            :  09-13  03:31pm

Pages sent          :  004

Status              :  OK

Job number    : 511          *** SEND SUCCESSFUL ***

## QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

NEW YORK
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

LOS ANGELES
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

SAN FRANCISCO
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

SILICON VALLEY
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

### LOS ANGELES OFFICE
### FACSIMILE TRANSMISSION

**DATE:**     September 13, 2007

**NUMBER OF PAGES, INCLUDING COVER: 4**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Larry McFarland, Esq.<br>Keats McFarland & Wilson LLP | 310-248-3830 | 310-860-0363 |

**FROM:**    Susan Winos

**RE:**      Mattel v. Bryant, et al.

**MESSAGE:**

Please see attached.

07209/2143384.1

| ROUTE/RETURN TO: | Yolanda J. Dehin | CONFIRM FAX |
|---|---|---|
| CLIENT #.  7209 | | INCLUDE CONF. REPORT |
| OPERATOR: | CONFIRMED?  ☐ NO  ☐ YES: |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.**

EXHIBIT     14

PAGE    326

Received:   8/27/07  1:0...  ->Quinn,Emanuel,Urquhart,Oliv...H; #038; Page 2
SEP 27 2007 13:05 FR ...TS MCFARLAND WILSO  3108600363 ...2945#10595#00001 P.02/03

# KEATS McFARLAND & WILSON LLP

## ATTORNEYS AT LAW

TEL (310) 248-3830
FAX (310) 860-0363

9720 WILSHIRE BOULEVARD
PENTHOUSE SUITE
BEVERLY HILLS, CALIFORNIA 90212

www.kmwlaw.com

WRITER'S DIRECT DIAL
(310) 777-3750
WRITER'S EMAIL
lmcfarland@kmwlaw.com

September 27, 2007

<u>VIA FACSIMILE</u>

Susan Wines, Esq.
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

Re:   <u>Mattel v. Bryant</u>

Dear Susan:

I have executed and am enclosing the signature page to the letter agreement dated September 13, 2007, regarding the protocol for the inspection of computer hard drives and laptop computers for my clients, Elise Cloonan and Sarah Halpern.

Please call me should you have any questions.

Very truly yours,

Larry W. McFarland
Keats McFarland & Wilson LLP

LWM/jlt

EXHIBIT __14__

PAGE __327__

Received:   9/27/07   1:0... ->Quinn,Emanuel,Urquhart,Oliv... H; #938; Page 3
SEP 27 2007 13:05 FR ...TS MCFARLAND WILSO  3108600363   2945#10595#00001 P.03/03

agree to be bound by its confidentiality requirements. Access by the expert to information protected by the attorney-client privilege or work product doctrine shall not constitute a waiver of the privilege.

Once the expert has made the mirror image of the hard drive, he or she will print out all documents and data collected in response to the search terms and Bates stamp the documents. Those documents will be provided to your office to pull for privilege. You will provide us with a privilege log sufficient to show the basis for withholding any documents. Within eleven (11) court days of the time that your office receives the documents and data that he or she has printed out, the expert will provide us with all such documents and data, including native files, except for any such documents or data for which privilege is asserted. You will serve upon us and the expert the privilege log identifying the documents or data, if any, to be withheld on privilege grounds within ten (10) court days of your receipt of the documents and data from the expert.

The expert also will follow the same procedures as set forth above with respect to any documents or data relating to any alteration of the hard drives or data on the hard drives by, for example, providing a listing of all application programs and when they were installed, detailing whether there is any evidence of the presence or use of a data destruction program on the computer, evidence regarding the transfer of relevant documents to or from the computer via media or e-mail, and/or user account information present on the system.

If there is any issue or question regarding the authenticity, correctness, integrity or completeness of any matter, including without limitation any document or data from the computers, this protocol does not foreclose Mattel from seeking production and inspection of any matter, including without limitation the original data, drives or documents.

Please sign below on behalf of your clients, Elise Cloonan and Sarah Halpern, if this is agreeable.

Very truly yours,

Susan Wines

SLW:wp
07209/2104383.1

Larry W. McFarland
Dated: September 27, 2007

07209/2194399.1

2

EXHIBIT __14__

PAGE __328__

# EXHIBIT 15

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

December 20, 2007

<u>VIA FACSIMILE AND U.S. MAIL</u>

Larry McFarland, Esq.
Keats, McFarland & Wilson, LLP
9720 Wilshire Blvd., Penthouse Suite
Beverly Hills, CA 90212

Re:     <u>Mattel v. Bryant</u>

Dear Larry:

I write to follow up on our telephone conversation earlier this week and, as we discussed, to make a proposal regarding Ms. Cloonan's G3 computer hard drive and the zip disk that she testified about at her deposition.

At the outset, Ms. Cloonan testified that she gave the zip disk and hard drive to you in April of 2005 in response to the subpoena that Mattel served on Ms. Cloonan nearly three years ago. Nonetheless, Mattel did not learn until last Friday -- barely one month before the close of discovery in this case -- that Ms. Cloonan had found in early 2005 a zip disk in her possession bearing the title "Bratz" on it. When you received that disk in April 2005, you had an obligation to produce documents responsive to Mattel's subpoena. A zip disk bearing the title "Bratz" is obviously responsive to Mattel's subpoena. The protocol for electronic data production to which you and Mattel agreed earlier this year in no way negated your pre-existing obligation to produce responsive documents. Nonetheless, Mattel just learned of the existence of this disk and the title on the disk.

Consistent with Mattel's discovery rights -- rights Mattel expressly reserved when it entered into the protocol with you earlier this year -- Mattel is entitled to an image of both the zip disk and Ms. Cloonan's hard drive. In addition, Mattel expects that it will receive a file listing of all of the

**quinn emanuel urquhart oliver & hedges, llp**

07209/2322219.1

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100

SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700

SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

EXHIBIT ___15___

PAGE ___329___

files on both media that will include the file path, file name, file type, date of creation, last modified date, last accessed date and file size. As you agreed in our call, Mattel is entitled to an exemplification of the disk medium and the "Bratz" label on it, which you did not produce to us earlier despite its obvious relevance and even though it squarely fell within our subpoena requests. I understand from your letter of December 18 that you have now instructed the expert to provide photocopies of the front and back of the zip disk to Mattel. I look forward to receiving these.

Ms. Cloonan testified that the zip disk is not hers, which necessarily means that she has no expectation of privacy in its contents and no privileged files should exist on it. Ms. Cloonan testified that the hard drive is a computer that she bought sometime in the 1998/1999 time period and that she stopped using in the late 2002/early 2003 time period. As that period pre-dates this litigation, no privileged documents should exist on that drive. In addition, the contents of that drive are highly probative because Ms. Cloonan's testimony directly contradicts Mr. Bryant's testimony regarding work he alleged Ms. Cloonan performed on Bratz. Mr. Bryant further alleged that he personally worked on Bratz on that computer. Thus, the existence of responsive documents or the absence of responsive documents on Ms. Cloonan's computer will be evidence either corroborating Mr. Bryant's testimony or contradicting it.

You agreed during our call to instruct the independent expert to retain the zip disk and hard drive until further notice. Please confirm that you are standing by that agreement. The integrity of this zip disk and the drive is of paramount importance, so Mattel also expects that you will make no effort to get the zip disk or hard drive back from the expert absent written agreement by us or Court Order. If you do so, we will seek *ex parte* relief barring you from attempting to get either media back. Provided you do so, we agree to address these issues with you, and not directly with the independent expert.

Please let me know if you agree to the above. In the event you do not, please consider this letter to be a request to meet and confer. If we are unable to reach agreement with you on these matters, we anticipate seeking orders from the Court allowing Mattel to take forensic images of the disk and drive and to photograph the physical media, including the "Bratz" label on the disk. Mattel also may seek sanctions, including most notably based upon your failure to produce any depiction of the plainly relevant "Bratz" label.

Very truly yours,

*Christopher Tayback* BMH

Christopher Tayback

EXHIBIT ___15___

PAGE _330_

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**TOKYO**
Akasaka Twin Tower Main Building, 6th Floor
17-22 Akasaka 2-Chome
Minato-ku, Tokyo 107-0052, Japan
+81 3 5561-1711
Facsimile: +81 3 5561-1712

**SILICON VALLEY**
655 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

**DATE:**   December 20, 2007

**NUMBER OF PAGES, INCLUDING COVER: 3**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Larry McFarland<br>Keats, McFarland & Wilson | 310-248-3830 | 310-860-0363 |

**FROM:**   Christopher Tayback, Esq.

**RE:**   Mattel, Inc. v. Bryant

**MESSAGE:**



FAXED
(12-20-07)

| 07209/2315439.2 | | | | |
|---|---|---|---|---|
| CLIENT # | 7209 | ROUTE/<br>RETURN TO: | Tiffany Garcia | ☒ CONFIRM FAX<br>☒ INCLUDE CONF. REPORT |
| OPERATOR: | *Prudiel Libatique* | CONFIRMED? | ☐ NO  ☒ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

EXHIBIT __15__

PAGE __331__

TRANSMISSION VERIFICATION REPORT

```
TIME    :  12/20/2007 23:42
NAME    :  JOHN B QUINN
FAX     :  2134690000
TEL     :  2134433201
SER.#   :  BROE5J272067
```

```
DATE,TIME          12/20   23:41
FAX NO./NAME       13100600363
DURATION           00:00:53
PAGE(S)            03
RESULT             OK
MODE               STANDARD
                   ECM
```

EXHIBIT  15

PAGE  332

# EXHIBIT 16

DEC 26 2007 16:48 FR ⬠AT⬠ ⬠CFARLAND WILSO  3108600363 TO  ⬠45#1⬠ ⬠H00001 P.01/02

# KEATS McFARLAND & WILSON LLP

### ATTORNEYS AT LAW

9720 WILSHIRE BOULEVARD
PENTHOUSE SUITE
BEVERLY HILLS, CALIFORNIA  90212
TELEPHONE (310) 248-3830
FAX (310) 860-0363

## FACSIMILE TRANSMITTAL SHEET

| To: | Dylan Proctor, Esq.<br>Chris Tayback, Esq. | From: | Larry W. McFarland, Esq. |
|---|---|---|---|
| Company: | Quinn Emanuel Urquhart Oliver & Hedges, LLP | Date: | 12/26/2007 |
| Fax No.: | 213-443-3100 | Pages: | 2 |
| Phone No.: | 213-443-3000 | Ref No.: | 10595.1 |
| Re: | Mattel v. Bryant | | |

☐ URGENT  ☐ FOR REVIEW  ☐ PLEASE COMMENT  ☐ PLEASE REPLY  ☐ PLEASE RECYCLE

NOTES/COMMENTS:

Please see attached correspondence.

### PRIVACY NOTICE

THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW.

If the reader of this message is not the intended recipient or the employee of agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, and return the original message to us at the above address via the U.S. Postal Service. Thank you.

EXHIBIT ___16___

PAGE ___333___

DEC 26 2007 16:48 FR ˙˙˙AT˙ ˙CFARLAND WILSO 3108600363 TC ˙45#16˙˙˙3#00001 P.02/02

# KEATS McFARLAND & WILSON LLP

### ATTORNEYS AT LAW

TEL (310) 248-3830
FAX (310) 860-0363

9720 WILSHIRE BOULEVARD
PENTHOUSE SUITE
BEVERLY HILLS, CALIFORNIA 90212

WRITER'S DIRECT DIAL
(310) 777-3750

WRITER'S EMAIL
lmcfarland@kmwlaw.com

www.kmwlaw.com

December 26, 2007

VIA FACSIMILE and E-MAIL

B. Dylan Proctor, Esq.
Christopher Tayback, Esq.
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

Re:     Mattel v. Bryant

Dear Dylan and Christopher:

Dylan, I am writing in response to your letters dated December 18, 2007 (which I received at 10:22 p.m.), December 19, 2007, and December 21, 2007, and Christopher, I also write in response to your letter dated December 20, 2007.

As you each know, I was in Texas for my parents' 50th wedding anniversary starting last Wednesday, December 19, 2007. I am now back in the office, and I will respond to all of your letters as soon as I can.

Very truly yours,

Larry W. McFarland
Keats McFarland & Wilson LLP

LWM/jlt

cc:  Thomas J. Nolan
     Michael Page

EXHIBIT 16

PAGE 334

** TOTAL PAGE.02 **

# EXHIBIT 17

JAN 02 2008 11:07 PM KEATS MCFARLAND 3310956002353 TO 911055500001 P 04/22

# KEATS McFARLAND & WILSON LLP

## ATTORNEYS AT LAW

9720 WILSHIRE BOULEVARD
PENTHOUSE SUITE
BEVERLY HILLS, CALIFORNIA 90212
TELEPHONE (310) 248-3830
FAX (310) 860-0363

# FACSIMILE TRANSMITTAL SHEET

| To: | Dylan Proctor, Esq.<br>Chris Tayback, Esq. | From: | Larry W. McFarland, Esq. |
|---|---|---|---|
| Company: | Quinn Emanuel Urquhart Oliver & Hedges, LLP | Date: | 1/2/2008 |
| Fax No.: | 213-443-3100 | Pages: | 2 |
| Phone No.: | 213-443-3000 | Ref No.: | 10595.1 |
| Re: | Mattel v. Bryant | | |

☐ URGENT   ☐ FOR REVIEW   ☐ PLEASE COMMENT   ☐ PLEASE REPLY   ☐ PLEASE RECYCLE

NOTES/COMMENTS:

Please see attached correspondence.

### PRIVACY NOTICE

THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW.

If the reader of this message is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, and return the original message to us at the above address via the U.S. Postal Service. Thank you.

EXHIBIT __17__

PAGE __335__

JAN 02 2008 11:07   KEATS MCFARLAND 8AULA 3106509353 TO   4541050590090001 P.02/02

# KEATS McFARLAND & WILSON LLP

## ATTORNEYS AT LAW

9720 WILSHIRE BOULEVARD
PENTHOUSE SUITE
BEVERLY HILLS, CALIFORNIA 90212

TEL (310) 248-3830
FAX (310) 860-0363

WRITER'S DIRECT DIAL
(310) 777-3750

WRITER'S EMAIL
lmcfarland@kmwlaw.com

www.kmwlaw.com

January 2, 2008

VIA FACSIMILE and E-MAIL

B. Dylan Proctor, Esq.
Christopher Tayback, Esq.
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

Re:   Mattel v. Bryant

Dear Dylan and Christopher:

I am writing to follow up on my letter dated December 26, 2007. I am back in the office and will respond to your various letters by the end of today.

Very truly yours,

Larry W. McFarland
Keats McFarland & Wilson LLP

LWM/jlt

cc:   Thomas J. Nolan
      Michael Page

EXHIBIT **17**

PAGE **336**

** TOTAL PAGE.02 **

# EXHIBIT 18

**Christopher Tayback**

| | |
|---|---|
| **From:** | Christopher Tayback |
| **Sent:** | Friday, January 04, 2008 7:15 PM |
| **To:** | 'Lmcfarland@kmwlaw.com' |
| **Cc:** | Dylan Proctor |
| **Subject:** | Meet and Confer |

Dear Mr. McFarland—

I left you a voicemail regarding this previously, but wanted to follow up by email.  there are a number of outstanding issues about which I would like to meet and confer with you as soon as possible, including the issues we have previously discussed surrounding the zip disk labeled "Bratz" that as in Ms. Cloonan's possession, Ms. Cloonan's hard drive, and, relatedly, Ms. Leahy's hard drive.  I am available, and in the office, much of this weekend, and will also be available in the office on Monday.

Regards,

Christopher Tayback
(213) 443-3170

EXHIBIT __18__

PAGE __337__

1/31/2008

# EXHIBIT 19

# EXHIBIT 20

## Christopher Tayback

| | |
|---|---|
| **From:** | Christopher Tayback |
| **Sent:** | Wednesday, January 09, 2008 6:13 PM |
| **To:** | 'Larry W. McFarland' |
| **Cc:** | Dylan Proctor |
| **Subject:** | Mattel v. MGA, et al. |

Dear Larry–

This confirms our telephonic meet and confer of a few moments ago on several outstanding issues. I also provide below the additional names which we believe should be included in a further "key word" search of directories, sub-directories, file names and text files for any computer hard drives searched by that method, including those which belonged to Cloonan, Leahy and Marlowe.

First, we requested that the zip disk labelled "Bratz" in Ms. Cloonan's possession be provided to us to inspect. We believe her testimony establishes that she has no privacy interest in the contents of that disk and, given the label, it clearly contains relevant evidence that we have not been provided.

Second, the testimony of the witnesses makes clear that there are graphical (and perhaps other) files on the Cloonan and Leahy hard drives that are relevant, responsive, non-privileged documents but which were either not produced by you or not identified by the prior search protocol. Accordingly, we request that you provide us with print outs listing the directories, sub-directories and file names for our review. Further, we request that you search all graphical files on those hard drives and produce to us any responsive, non-privileged documents that you find through that search. Finally, we ask that you run a further text search on those hard drives based on combinations, permutations and abbreviations of the following additional names identified in recent discovery, including Pedro Salazar, Maria Salazar, Ana Isabela Cabrera, and Beatriz Morales.

Third, for the reasons set forth in Mr. Proctor's letter to you dated January 2, we request that you produce to us for inspection Ms. Marlowe's hard drive or an image thereof for inspection as we now understand that such hard drive has never been inspected by an independent expert.

I understood that you would review these matters with your client and respond promptly so that we may agree upon a briefing schedule if we cannot reach agreement on these matters.


Regards,


Christopher Tayback


EXHIBIT ___**20**_____

PAGE _____

1/22/2008

# EXHIBIT 21

## Christopher Tayback

| | |
|---|---|
| **From:** | Christopher Tayback |
| **Sent:** | Thursday, January 17, 2008 10:11 PM |
| **To:** | 'Lmcfarland@kmwlaw.com' |
| **Cc:** | Dylan Proctor |

**Subject:** Cloonan, Leahy and Marlow computer hard drive images and the "zip disk"

Larry--

Dylan informed me that you rejected all of my requests at our meet and confer.  This is to advise you that we will
be filing an ex parte application next week to compel the production of the imaged hard drives mentioned above
and the zip disk, as we previously discussed, or in the alternative to modify the scheduling order to allow sufficient
time for expert examination of such items and disclosure of an expert report in the event the Court requires us to
proceed by noticed motion.  Please advise if you intend to oppose such an application.

Regards,

Chris Tayback

EXHIBIT ___21___

PAGE ___340___

1/31/2008

# EXHIBIT 22



1   Hon. Edward A. Infante (Ret.)
    JAMS
2   Two Embarcadero Center
    Suite 1500
3   San Francisco, California 94111
    Telephone:    (415) 774-2611
4   Facsimile:    (415) 982-5287

5

6

7

8                      UNITED STATES DISTRICT COURT

9                      CENTRAL DISTRICT OF CALIFORNIA

10                          EASTERN DIVISION

11

12  CARTER BRYANT, an individual,          CASE NO. CV 04-09049 SGL (RNBx)
                                           JAMS Reference No. 1100049530
13             Plaintiff,

14        v.                               Consolidated with
                                           Case No. CV 04-09059
15  MATTEL, INC., a Delaware corporation,  Case No. CV 05-2727

16             Defendant.                  ORDER GRANTING IN PART AND
                                           DENYING IN PART MATTEL'S
17                                         MOTION TO COMPEL PRODUCTION
                                           OF ELECTRONIC MEDIA FROM
18                                         THIRD PARTIES ELISE CLOONAN,
                                           MARGARET HATCH-LEAHY AND
19                                         VERONICA MARLOW

20
    CONSOLIDATED WITH
21  MATTEL, INC. v. BRYANT and
    MGA ENTERTAINMENT, INC. v. MATTEL,
22  INC.

23

24                          I. INTRODUCTION

25        On February 6, 2008, Mattel, Inc. ("Mattel") submitted its "Motion to Compel Production

26  of Electronic Media From Third Parties Elise Cloonan, Margaret Hatch-Leahy and Veronica

27  Marlow" ("Motion").  Mattel previously sought identical relief, in addition to relief from the

28  Bryant v. Mattel, Inc.,                                              1.
    CV-04-09049 SGL (RNBx)

EXHIBIT ___22___

4-11-08   PAGE ___341___

1  expert witness cut-off date in an *ex parte* application presented to the district court. On February

2  4, 2008, the court ordered this matter submitted to the Discovery Master for ruling. The parties

3  have fully briefed the issue presented by Mattel's Motion – the production of the electronic media.

4  Mattel previously filed its Ex Parte Application to (1) Compel Production of Electronic Media

5  From Third-Parties Elise Cloonan, Margaret Hatch-Leahy, And Veronica Marlow Or (2) In The

6  Alternative, Modify the Scheduling Order on January 23, 2008. Third parties Cloonan, Hatch-

7  Leahy and Marlow filed an opposition on January 27, 2008. MGA Entertainment, Inc., MGA

8  Entertainment (HK) Limited, and MGAE de Mexico, S.R.L. de C.V. ("MGA") filed a joinder in

9  the third parties' opposition on January 28, 2008. Mattel filed a reply on February 1, 2008. The

10  motion was heard on April 11, 2008.

11  <div align="center">II. BACKGROUND</div>

12       Mattel served subpoenas for deposition and documents on the three witnesses in April

13  2005. In the fall of 2007, the parties agreed on a protocol for an independent expert, Rick Albee

14  of DataChasers, Inc., to run certain "key word" search terms on the computer data in the

15  possession of Ms. Cloonan and Ms. Hatch-Leahy and to produce documents to the witnesses'

16  counsel, who would review the documents and produce responsive non-privileged documents.

17  The "key word" search terms included Bratz, MGA, Carter Bryant, Isaac Larian, Prayer Angels

18  and others. The protocol to which the parties agreed did not "foreclose Mattel from seeking

19  production and inspection of any matter, including without limitation the original date, drives or

20  documents." Tayback Decl., Ex. 14. Ms. Cloonan's and Ms. Hatch-Leahy's counsel produced

21  documents to Mattel before their depositions.

22  <div align="center">Ms. Hatch-Leahy</div>

23       Ms. Hatch-Leahy was a Mattel employee until September 5, 2000. Bryant solicited Ms.

24  Hatch-Leahy to sculpt Bratz dolls and introduced her to MGA. According to the testimony of

25  MGA's Paula Garcia, Ms. Hatch-Leahy created the first Bratz sculpts and was the sole person to

26  work on the first Bratz sculpts in 2000.

27       Ms. Hatch-Leahy appeared for her deposition on December 12, 2007 and testified, in

28

2

EXHIBIT _____22_____

PAGE _____342_____

1  pertinent part, that she worked for Mattel competitors while working for Mattel. Although Ms.

2  Hatch-Leahy's computer was examined by an independent expert pursuant to the parties' agreed

3  upon protocol, Mattel seeks production of her computer to search for additional material that is

4  responsive to Mattel's discovery requests, including graphic files. Mattel also intends to examine

5  Ms. Hatch-Leahy's computer to determine whether any data has been deleted.

<div align="center">Ms. Cloonan</div>

7       Ms. Cloonan was Bryant's roommate while both worked at Mattel in 1999 and 2000.

8  Bryant testified that he used Ms. Cloonan's home computer to create Bratz materials he used to

9  pitch Bratz to MGA in September 2000. Bryant also testified that Ms. Cloonan prepared a logo

10  used in the Bratz pitch materials that he presented to MGA.

11      Ms. Cloonan appeared for her deposition on December 14, 2007. She testified that Bryant

12  used her computer and that she may have used her computer to prepare graphics for him. She

13  also testified that she identified a Zip disk in her possession labeled "Bratz," which she gave to

14  her attorney in 2005. Although Ms. Cloonan's computer and the Zip disk were examined

15  pursuant to the parties' agreed upon protocol, Mattel seeks production of these electronic media to

16  search for additional material that is responsive to Mattel's discovery requests, including graphic

17  files, and to determine whether any data has been deleted.

<div align="center">Ms. Marlow</div>

19      Ms. Marlow allegedly introduced Carter Bryant ("Bryant") and MGA to one another and

20  worked on Bratz fashions. Bryant has paid Ms. Marlow a substantial "finder's fee" for bringing

21  him and MGA together. In addition, MGA has paid Ms. Marlow a substantial sum of money in

22  connection with Bratz.

23      Mattel deposed Ms. Marlow on December 28, 2007, and learned that three Mattel

24  employees – Maria Salazar, Ana Isabela Cabrera and Beatriz Morales – worked on Bratz while

25  they were employed at Mattel. Mattel seeks production of Ms. Marlow's computer, which was

26  not subject to the independent expert review protocol outlined above, so that Mattel can search for

27  additional materials that are responsive to Mattel's discovery requests and determine whether any

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

3

EXHIBIT _____22_____

PAGE _____343_____

1    data has been deleted.

2                                III. STANDARDS

3         Rule 26 of the Federal Rules of Civil Procedure provides that parties may obtain discovery

4    regarding any matter, not privileged, that is relevant to any party's claim or defense. Fed.R.Civ.P.

5    26(b)(1). Fishing expeditions to discover new claims, however, are not permitted. See

6    Fed.R.Civ.P. 26(b)(1); Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District

7    courts need not condone the use of discovery to engage in 'fishing expeditions.'"); Bernstein v.

8    Travelers Ins. Co., 447 F.Supp.2d 1100, 1102 (N.D. Cal. 2006) (citing Rule 26(b), Advisory

9    Committee's Note to Amendments Effective December 1, 2000) (Congress' changes in the

10   language of Rule 26(c), substituting the words "claim or defense" for the phrase "subject matter

11   involved in the pending action," were intended to prevent discovery that swept far beyond the

12   claims and defenses of the parties and that seemed designed not to fairly litigate the issues

13   presented by the pleadings but to develop new claims or defenses.).

14        Furthermore, "[a]ll discovery is subject to the limitations imposed by Rule 26(b)(2)(C)."

15   Fed.R.Civ.P. 26(b)(1). Pursuant to Rule 26(b)(2)(C), Fed.R.Civ.P., the court must limit the

16   frequency or extent of use of discovery otherwise allowed by the Federal Rules of Civil Procedure

17   or by local rule if the court determines that: "(i) the discovery sought is unreasonably cumulative

18   or duplicative, or can be obtained from some other source that is more convenient, less

19   burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to

20   obtain the information by discovery in the action; or (iii) the burden or expense of the proposed

21   discovery outweighs its likely benefit, considering the needs of the case, the amount in

22   controversy, the parties' resources, the importance of the issues at stake in the action, and the

23   importance of the discovery in resolving the issues." Fed.R.Civ.P. 26(b)(2)(C).

24                                IV. DISCUSSION

25                                Ms. Hatch-Leahy

26        Mattel's motion is denied as to Ms. Hatch-Leahy's electronic media. As Mattel readily

27   acknowledges, Ms. Hatch-Leahy's computer was subject to the parties' negotiated protocol, and

28
     Bryant v. Mattel, Inc.,
     CV-04-09049 SGL (RNBx)

                              EXHIBIT ___22___

                              PAGE ___344___

                                                                                              4

1   none of Mattel's proffered justifications for another search has merit. Mattel attempts to justify

2   another search of Ms. Hatch-Leahy's electronic media based upon the identification of Pedro

3   Salazar, Maria Salazar, Ana Isabela Cabrera and Beatriz Morales during Ms. Marlow's recent

4   deposition. These individuals, however, assisted Ms. Marlow with sewing Bratz fashions. Ms.

5   Hatch-Leahy sculpted Bratz dolls; she did not work on Bratz fashions.

6         Mattel also attempts to justify another search because "the key word searches do not

7   capture the evidence that arises from the absence of documents on the computer hard drives,

8   specifically the absence of documents that these witnesses testified at the deposition should have

9   been located on their respective hard drives but which were not, for some reason, produced."

10   Mattel's Ex Parte App. at p.3. Mattel, however, has not provided any citation to Ms. Hatch-

11   Leahy's deposition transcript to support this assertion, and moreover, Ms. Hatch-Leahy denies

12   making such a statement. See Opposition at p. 21.

13         Mattel's speculation about deleted or missing data also does not justify another search

14   because the parties' agreed upon protocol included a provision to address this issue. Among other

15   things, the parties' protocol provided the following:

16         The expert will follow the same procedures as set forth above with respect to any
           documents or data relating to any alteration of the hard drives or data on the hard

17         drives by, for example, providing a listing of all application programs and when
           they were installed, detailing whether there is any evidence of the presence or use

18         of a data destruction program on the computer, evidence regarding the transfer of
           relevant documents to or from the computer via media or e-mail, and/or user

19         account information present on the system.

20   Tayback Decl. in Support of Mattel's Motion, Ex. 14. Nor does the fact that Ms. Hatch-Leahy's

21   document production did not include graphic files justify another search. There is no evidence to

22   suggest that Ms. Hatch-Leahy's electronic media contained graphic files. Furthermore, there is no

23   evidence to suggest that the independent expert failed to apply or was not able to apply the key

24   word search to graphical computer files. In any event, given that Ms. Hatch-Leahy's electronic

25   media has already been searched by an independent expert in accordance with the parties'

26   negotiated protocol, the burden, expense, and intrusion into Ms. Hatch-Leahy's privacy interests

27   associated with conducting yet another search substantially outweigh its likely benefit taking into

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT _____22_____

PAGE _____345_____

1    consideration all of the factors set forth in Rule 26(b)(2)(C), Fed.R.Civ.P.

2                                    Ms. Cloonan

3          Mattel's motion is granted with respect to Ms. Cloonan's computer and the Zip disk. Both

4    Bryant and Ms. Cloonan testified that Bryant used Ms. Cloonan's computer for Bratz. She also

5    testified that the Zip disk in her possession was labeled "Bratz." In light of this testimony, Ms.

6    Cloonan's computer and the Zip disk are likely to contain information relevant to the origin,

7    creation and development of Bratz. On balance, the potential relevance of the information on Ms.

8    Cloonan's computer and the Zip disk outweigh the burden and expense of another examination of

9    these items by Mattel. Further, although Rule 34, Fed.R.Civ.P., does not authorize the routine

10   production of electronic devices, the intrusion into Ms. Cloonan's privacy interests is warranted

11   because of the strong likelihood that there may be relevant information on the electronic devices

12   that is not available from any other source.

13                                    Ms. Marlow

14         Mattel's motion is denied with respect to Ms. Marlow's electronic media. Ms. Marlow

15   testified at her deposition that she searched for and turned over all of her Bratz-related documents

16   to her counsel, and that she has never thrown away, shredded or destroyed any documents related

17   to Bratz. In light of Ms. Marlow's unequivocal testimony and substantial document production,

18   Mattel's concerns over the completeness of the production and potential document destruction are

19   unfounded.

20         In addition, Ms. Marlow has produced over eight thousand pages of documents in

21   response to Mattel's subpoena, which included documents identifying Pedro Salazar, Maria

22   Salazar, Ana Isabela Cabrera and Beatriz Morales. Therefore, Mattel's attempt to justify

23   production of Ms. Marlow's computers based upon the identification of these individuals at her

24   deposition is without merit.

25         In sum, the record indicates that Ms. Marlow has substantially complied with her

26   discovery obligations and there is no evidence to the contrary. Therefore, the burden, expense,

27   and intrusion into Ms. Marlow's privacy interests associated with the production of her personal

28

Bryant v. Mattel, Inc.,                                                          6
CV-04-09049 SGL (RNBx)

EXHIBIT ___22___

PAGE ___346___

1  computers is unjustified, taking into consideration all of the factors set forth in Rule 26(b)(2)(C),

2  Fed.R.Civ.P.

3  <center>V. CONCLUSION</center>

4      For the reasons set forth above, Mattel's motion is granted in part as to Ms. Cloonan's

5  computer and the Zip disk, and denied in all other respects.  Pursuant to Paragraph 6 of the

6  Stipulation and Order for Appointment of a Discovery Master, Mattel shall file this Order with

7  the Clerk of Court forthwith.

8

9  Dated: April 11, 2008

10                        HON. EDWARD A. INFANTE (Ret.)

                           Discovery Master

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

                                        7

EXHIBIT _____ 22

PAGE _____ 347

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on April 11, 2008, I served the attached: (1) ORDER GRANTING IN PART AND DENYING IN PART MATTEL'S MOTION TO COMPEL PRODUCTION OF ELECTRONIC MEDIA FROM THIRD PARTIES ELISE CLOONAN, MARGARET HATCH-LEAHY AND VERONICA MARLOW; (2) ORDER GRANTING IN PART AND DENYING IN PART MGA'S MOTION TO COMPEL MATTEL TO PRODUCE WITNESSES PURSUANT TO NOTICE OF DEPOSITION UNDER RULE 30(b)(6); DENYING REQUEST FOR SANCTIONS; (3) ORDER DENYING MATTEL'S APPLICATION TO ENFORCE COURT ORDERS COMPELLING PRODUCTION OF TANGIBLE ITEMS; (4) ORDER GRANTING IN PART AND DENYING IN PART MGA'S MOTION TO OVERRULE RELEVANCE OBJECTION AND COMPEL DISCOVERY RELEVANT TO STATUE OF LIMITATIONS AND LACHES DEFENSES; DENYING REQUEST FOR SANCTIONS; AND (5) ORDER DENYING MGA'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM THIRD PARTY RIGHT MANAGEMENT CONSULTANTS, INC. in the within action by email addressed as follows:

| | | |
|---|---|---|
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| Matthew M. Werdegar, Esq. | Keker & Van Nest | mwerdegar@kvn.com |
| John E. Trinidad, Esq. | Keker & Van Nest | jtrinidad@kvn.com |
| Audrey Walton-Hadlock, Esq. | Keker & Van Nest | awalton-hadlock@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johnquinn@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| John Gordon | Quinn, Emanuel, Urquhart, Oliver & Hedges | johngordon@quinnemanuel.com |
| Thomas J. Nolan, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tnolan@skadden.com |
| Raoul D. Kennedy, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | rkennedy@skadden.com |
| Amy S. Park, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | apark@skadden.com |
| Harriet S. Posner, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | hposner@skadden.com |
| Carl Alan Roth, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | croth@skadden.com |
| Timothy A. Miller, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tmiller@skadden.com |
| Marcus R. Mumford, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Mmumford@skadden.com |
| Paul M. Eckles, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Paul.eckles@skadden.com |
| Lance A. Etcheverry, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Lance.etcheverry@skadden.com |
| Robert J. Herrington, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Robert.herrington@skadden.com |
| Mark Overland, Esq. | Overland, Borenstein, et al. | moverland@obsklaw.com |
| Alexander Cote, Esq. | Overland, Borenstein, et al. | acote@obsklaw.com |

EXHIBIT _____22_____

PAGE _____348_____

David C. Scheper, Esq.
Larry W. McFarland
Christian Dowell
Cheryl Plambeck, Esq.

Overland, Borenstein, et al.
Keats, McFarland & Wilson
Keats, McFarland & Wilson
Davis & Gilbert LLP

dscheper@obsklaw.com
lmcfarland@kmwlaw.com
cdowell@kmwlaw.com
cplambeck@dglaw.com

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on April 11, 2008, at San Francisco, California.

_____
Sandra Chan

**EXHIBIT** __22__

**PAGE** __349__

EXHIBIT 23

RECEIVED

JAN 0 7 2005

1  DIANA M. TORRES (S.B. #162284)
   PAULA E. AMBROSINI (S.B. # 193126)
2  ALICIA C. MEYER (S.B. #230189)
   O'MELVENY & MYERS, LLP
3  400 South Hope Street
   Los Angeles, California 90071-2899
4  Telephone: (213) 430-6000
   Facsimile: (213) 430-6407
5
   Attorneys for Defendant-in-Intervention,
6  MGA Entertainment, Inc.

7

8                 UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11  | MATTEL, INC., a Delaware | Case No.  CV 04-9059 NM (RNBx) |
12  | Corporation, | **MGA'S RULE 26(a) DISCLOSURES** |
13  |        Plaintiff, | |
14  |    v. | |
15  | CARTER BRYANT, an individual, | |
16  | and MGA ENTERTAINMENT, INC., a California Corporation | |
17  |        Defendant and Defendant-in-Intervention. | |
18  | | |
19  | | |
20  | AND RELATED COUNTER-CLAIMS | |
21  | | |

22

23

24

25

26

27

28

MGA'S INITIAL DISCLOSURES
PURSUANT TO RULE 26 (CV 04-9059 NM)

EXHIBIT ___23___

PAGE ___350___

1    Defendant-in-Intervention, MGA Entertainment, Inc. ("MGA"), hereby

2    submits the following initial disclosures to plaintiff, Mattel, Inc. ("Mattel"),

3    pursuant to Rule 26 (a) of the Federal Rules of Civil Procedure.  MGA reserves the

4    right to identify additional documents and witnesses hereafter, and otherwise to

5    provide supplemental disclosures as appropriate or necessary.

6

7    **Witnesses**

8        MGA is presently uncertain of the true nature and scope of Mattel's claims

9    and, thus, is unable to fully identify the witnesses with knowledge relevant to

10   MGA's defenses in this case.  Subject to the foregoing, MGA identifies the

11   following potential witnesses:

12       1.    Carter Bryant.  Carter Bryant may be contacted through his

13   counsel, Douglas Wickham and Keith Jacoby of Littler Mendelson, P.C., 2049

14   Century Park East, 5th Floor, Los Angeles, California  90067, telephone 310-553-

15   0308.  Carter Bryant possesses information relevant to the conception, creation,

16   design and development of "BRATZ;" the nature and scope of his employment at

17   Mattel; the nature and scope of his work for and with MGA; and information

18   relevant to his own defenses in this matter.

19       2.    Janet Bryant.  Ms. Bryant may be contacted through Carter

20   Bryant's counsel, Douglas Wickham and Keith Jacoby of Littler Mendelson, P.C.,

21   2049 Century Park East, 5th Floor, Los Angeles, California  90067, telephone 310-

22   553-0308.  Ms. Bryant possesses information concerning, among other things, Mr.

23   Bryant's general skills and talents as a designer and his conception, creation, design

24   and development of various matters when he was not employed by Mattel.

25       3.    Tom Bryant.  Tom Bryant may be contacted through Carter

26   Bryant's counsel, Douglas Wickham and Keith Jacoby of Littler Mendelson, P.C.,

27   2049 Century Park East, 5th Floor, Los Angeles, California  90067, telephone 310-

28   553-0308.  Tom Bryant possesses information concerning, among other things, Mr.

-1-

MGA'S INITIAL DISCLOSURES
PURSUANT TO RULE 26 (CV 04-9059 NM)

EXHIBIT ___23___

PAGE ___357___

1   Bryant's general skills and talents as a designer and his conception, creation, design
2   and development of various matters when he was not employed by Mattel.

3        4.     Elise Cloonan.  Ms. Cloonan may be contacted through her
4   counsel, Michael B. Margolis of Margolis & Morin, LLP, 444 South Flower Street,
5   Sixth Floor, Los Angeles, California  90071, telephone 213-683-0300.  Ms.
6   Cloonan possesses information relevant to the conception, creation, design and
7   development of "BRATZ."

8        5.     Margaret Leahy.  Ms. Leahy may be contacted through her
9   counsel, Stephen C. Contopulos, Sidley Austin Brown & Wood LLP, 555 West
10  Fifth Street, Los Angeles, California  90013, telephone 213-896-6000.  Ms. Leahy
11  possesses information relevant to the conception, creation, design and development
12  of "BRATZ."

13       6.     Veronica Marlow.  Ms. Marlow may be contacted through her
14  counsel, Stephen C. Contopulos, Sidley Austin Brown & Wood LLP, 555 West
15  Fifth Street, Los Angeles, California  90013, telephone 213-896-6000.  Ms. Marlow
16  possesses information relevant to the conception, creation, design and development
17  of "BRATZ."

18       7.     Victoria O'Connor.  MGA believes that Mattel has Ms.
19  O'Connor's contact information.  Ms. O'Connor possesses information relevant to
20  the conception, creation, design and development of "BRATZ."

21       8.     Ramona Prince.  Ms. Prince may be contacted through her
22  counsel, Daniel Warren, Sutherland, Asbill & Brennan, LLP, 999 Peachtree Street,
23  N.E., Atlanta, Georgia  30309, telephone 404-853-8028.  Ms. Prince possesses
24  information relevant to Mr. Bryant's conception of "BRATZ."

25       9.     Anna Rhee.  Ms. Rhee may be contacted through her counsel,
26  Laurence Berman, Berman, Mausner & Resser, A Law Corporation, 11601
27  Wilshire Boulevard, Suite 600, Los Angeles, California  90025, telephone 213-473-
28  3333.  Ms. Rhee possesses information relevant to the conception, creation, design

-2-

EXHIBIT    23

PAGE    352

1   and development of "BRATZ."

2       10.   Paula Garcia.  Ms. Garcia may be contacted through MGA's
3   counsel of record.  Ms. Garcia possesses information relevant to the conception,
4   creation, design and development of "BRATZ."

5       11.   Mercedeh Ward.  Ms. Ward may be contacted through her
6   counsel, Derrick Coleman, Coleman Law Group, 501 Colorado Avenue, Suite 204,
7   Santa Monica, California  90401, telephone 310-576-7312.  Ms. Ward possesses
8   information relevant to the conception, creation, design and development of
9   "BRATZ."

10      12.   Various present or former employees and contractors of MGA
11  are potential witnesses.  Such individuals may be contacted through MGA's
12  counsel of record.  MGA is currently unable to identify the specific witnesses and
13  information such witnesses may possess.

14      13.   Various present or former employees and contractors of Mattel
15  are potential witnesses.  The identities, whereabouts and relevant knowledge of
16  such potential witnesses are best known by Mattel.  These witnesses are currently
17  believed to include, without limitation, Cassidy Park, Lilly Martinez, Matthew
18  Bousquette and Ivy Ross.

19

20  **Documents**

21      MGA is presently uncertain of the true nature and scope of Mattel's
22  claims and, thus, is unable to fully identify the documents that may support all of its
23  defenses in this action.  Subject to the foregoing, and subject to, as applicable, the
24  designations of confidentiality which have or may be made pursuant to the terms
25  and provisions of the Stipulated Protective Order governing the disclosure of
26  confidential material in this case, MGA identifies the following documents:

27      1.   The Employee Confidential Information and Inventions
28  Agreement attached to Mattel's complaint.

-3-

**MGA'S INITIAL DISCLOSURES
PURSUANT TO RULE 26 (CV 04-9059 NM)**

EXHIBIT __23__

PAGE __353__

2.     The Conflict of Interest Questionnaire attached to Mattel's complaint.

3.     Some or all of the documents previously produced by MGA to Mattel pursuant to subpoena bearing the Bates serial numbers MGA 000001-676.

4.     Some or all of the documents previously produced by Carter Bryant to Mattel bearing the Bates serial numbers BRYANT 00001-01588.

5.     Carter Bryant's personnel, payroll and other files and records, including telephone records of Mattel, which are in Mattel's possession and the nature and relevance of which is best known by Mattel.

6.     Documents relating to the negotiation of MGA's contract with Carter Bryant dated as of September 18, 2000.

7.     Documents relating to the design and development of the first generation of "Bratz."

8.     Documents relating to or consisting of various drawings, sketches and finished product that Carter Bryant conceived of, created, designed or developed, or in whose conception, creation, design and development he assisted, before and after he was employed by Mattel.

**Damages**

The required disclosure regarding damages is presently inapplicable.

-4-

**MGA'S INITIAL DISCLOSURES PURSUANT TO RULE 26 (CV 04-9059 NM)**

EXHIBIT **23**

PAGE **354**

1    **Insurance**

2              The required disclosure regarding insurance is presently inapplicable.

3

4

5    Dated:  January 6, 2005                    DIANA M. TORRES
                                                PAULA E. AMBROSINI
6                                               ALICIA C. MEYER
                                                O'MELVENY & MYERS, LLP
7

8                                               By: _Paula E. A_____

9                                                   Paula E. Ambrosini
                                                    Attorneys for Defendant-in-
10                                                  Intervention, MGA Entertainment,
                                                    Inc.
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                         -5-

                                                **MGA'S INITIAL DISCLOSURES**
                                                **PURSUANT TO RULE 26 (CV 04-9059 NM)**


EXHIBIT ____23____

PAGE ___355___

**PROOF OF SERVICE**

I, Suzanne I. Jimenez, declare:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 400 South Hope Street, Los Angeles, California 90071. On January 6, 2005, I served the within documents:

**MGA'S RULE 26(a) DISCLOSURES**

☒ by transmitting via facsimile machine the document(s) listed above to the fax number(s) set forth below on this date. The outgoing facsimile machine telephone number in this office is (213) 430-6407. The facsimile machines used in this office create a transmission report for each outgoing facsimile transmitted. A copy of the transmission report(s) for the service of this document, properly issued by the facsimile machine(s) that transmitted this document and showing that such transmission was (transmissions were) completed without error, is attached hereto.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles addressed as set forth below. I am readily familiar with the firm's practice of collecting and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

*(By Facsimile and U.S. Mail)*
Douglas A. Wickham
Keith Jacoby
Littler Mendelson
A Professional Corporation
2049 Century Park East, 5th Floor
Los Angeles, CA 90067-3107
Tel: (310) 553-0308
Fax: (310) 553-5583

*(By Facsimile and U.S. Mail)*
Michael T. Zeller
Quinn Emanuel Urquhart
  Oliver & Hedges, LLP
865 South Figueroa St., 10th Floor
Los Angeles, CA 90017-2543
Tel: (213) 443-3000
Fax: (213) 443-3100

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on January 6, 2005, at Los Angeles, California.

*Suzanne I. Jimenez*
Suzanne I. Jimenez

LA2:746615.1                                    -6-
PROOF OF SERVICE

EXHIBIT __23__

PAGE __356__

```
*************** -COMM. JOURNAL- ******************** DATE JAN-06-206.  **** TIME 14:22 ********

MODE = MEMORY TRANSMISSION            START=JAN-06 14:20    END=JAN-06 14:22
    FILE NO.=532

STN NO.  COMM.  ABBR NO.   STATION NAME/TEL NO.   PAGES   DURATION

001      OK     *          94433100               008/008 00:02:13

******************************** -            - *****  -            - *********
```

O'MELVENY & MYERS LLP

400 South Hope Street
Los Angeles, California 90071-2899

TELEPHONE (213) 430-6000
FACSIMILE (213) 430-6407

FAX TRANSMITTAL

DATE:                                              TOTAL NUMBER OF PAGES:
January 6, 2005                                    8

TO:                          FAX NUMBER:           TELEPHONE NUMBER:
Michael T. Zeller, Esq.      (213) 443-3100        (213) 443-3000
Quinn Emanuel Urquhart Oliver
& Hedges, LLP

Douglas A. Wickham, Esq.     (310) 552-3229        (310) 552-2766
Keith Jacoby, Esq.
Littler Mendelson, A Professional
Corporation

FROM:                        RETURN FAX NUMBER:    TELEPHONE NUMBER:
Paula E. Ambrosini           (213) 430-6407        (213) 430-7466

MESSAGE

IF YOU DID NOT RECEIVE ALL PAGES, PLEASE CALL OUR FAX DEPARTMENT AT (213) 430-6407

| FILE NO.: | 527,436-004 | RETURN ORIGINAL TO: | Suzanne I. Jimenez |
| USER NO.: | 09901 | EXTENSION: | 7241 |
| RESPONSIBLE ATTY NAME: | Paula E. Ambrosini | LOCATION: | 11x04 |
| SPECIAL INSTRUCTIONS: | | | |

This document is intended for the exclusive use of the addressee. It may contain privileged, confidential, or non-disclosable information. If you are not the addressee, or someone responsible for delivering this document to the addressee, you may not read, copy, or distribute it. If you have received this document by mistake, please call us promptly and securely dispose of it. Thank you.

EXHIBIT __23__

PAGE __357__

******** –COMM. JRL– ****************** DATE JAN-06-2005 *** TIME 14:32 ********

MODE = MEMORY TRANSMISSION         START=JAN-06 14:30   END=JAN-06 14:32

FILE NO.=533

STN NO.   COMM.   ABBR NO.   STATION NAME/TEL. NO.   PAGES   DURATION

001      OK      &          913105523229             008/008  00:02:19

****************************** –            – ***** –              – *********

# O

## O'MELVENY & MYERS LLP

400 South Hope Street
Los Angeles, California 90071-2899

TELEPHONE (213) 430-6000
FACSIMILE (213) 430-6407

## FAX TRANSMITTAL

| DATE:<br>January 6, 2005 | | TOTAL NUMBER OF PAGES:<br>8 |
|---|---|---|
| TO:<br>Michael T. Zeller, Esq.<br>*Quinn Emanuel Urquhart Oliver & Hedges, LLP* | FAX NUMBER:<br>(213) 443-3100 | TELEPHONE NUMBER:<br>(213) 443-3000 |
| Douglas A. Wickham, Esq.<br>Keith Jacoby, Esq.<br>*Littler Mendelson, A Professional Corporation* | (310) 552-3229 | (310) 552-2766 |
| FROM:<br>Paula E. Ambrosini | RETURN FAX NUMBER:<br>(213) 430-6407 | TELEPHONE NUMBER:<br>(213) 430-7466 |

## MESSAGE

IF YOU DID NOT RECEIVE ALL PAGES, PLEASE CALL OUR FAX DEPARTMENT AT (213) 430-6407

| FILE NO.: | 527,436-004 | RETURN ORIGINAL TO: | Suzanne L Jimenez |
|---|---|---|---|
| USER NO.: | 09901 | EXTENSION: | 7241 |
| RESPONSIBLE ATTY NAME: | Paula E. Ambrosini | LOCATION: | 11n04 |
| SPECIAL INSTRUCTIONS: | | | |

This document is intended for the exclusive use of the addressee. It may contain privileged, confidential, or non-disclosable information. If you are not the addressee, or someone responsible for delivering this document to the addressee, you may not read, copy, or distribute it. If you have received this document by mistake, please call us promptly and securely dispose of it. Thank you.

EXHIBIT _____ 23

PAGE _____ 358

# EXHIBIT 24



RECEIVED
OCT 2 9 2007

# KEATS McFARLAND & WILSON LLP
### ATTORNEYS AT LAW

TEL (310) 248-3830                9720 WILSHIRE BOULEVARD                WRITER'S DIRECT DIAL
FAX (310) 860-0363              PENTHOUSE SUITE                          (310) 777-3750
                            BEVERLY HILLS, CALIFORNIA 90212
                                                                       WRITER'S EMAIL
                               www.kmwlaw.com                        lmcfarland@kmwlaw.com

October 26, 2007

VIA FACSIMILE, E-MAIL, AND U.S. MAIL

Michael Zeller, Esq.
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

    Re:   Mattel v. Bryant

Dear Michael,

    Pursuant to our agreed upon protocol for inspection of the computer hard drives of Margaret Leahy, Elise Cloonan, and Sarah Halpern, we have reviewed the Bates stamped documents received from Data Chasers, Inc. for privilege.

    Our review did not reveal any documents which should be withheld for privilege. However, due to the manner in which the search terms were applied to each hard drive, many non-responsive documents were pulled by Data Chasers, Inc. For example, it appears as though each hard drive was searched using the particular owner's name, which inadvertently pulled many non-responsive documents containing personal emails that are not relevant to this case. For example, Ms. Cloonan's computer was searched for documents that contained her name. The result is that none of the documents located by the expert on Ms. Cloonan's computer relate in any way to the case.

    Pursuant to the protocol, Data Chasers, Inc. will be providing you with all the documents and data, including the native files. I believe that after your review, you will agree that many of the documents are non-responsive and should be removed from the production accordingly. Please contact me to discuss this matter as soon as you have had a chance to review the documents. Please note though that all of these documents should be classified as **CONFIDENTIAL – ATTORNEYS' EYES ONLY**.

               Very truly yours,

               Larry W. McFarland
               KEATS McFARLAND & WILSON LLP

LWM/ccd
cc:  Rick Albee

EXHIBIT ___**24**___

PAGE ___**359**___

# EXHIBIT 25

1 | QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
2 | John B. Quinn (Bar No. 90378)
   | (johnquinn@quinnemanuel.com)
   | Michael T. Zeller (Bar No. 196417)
3 | (michaelzeller@quinnemanuel.com)
   | Jon D. Corey (Bar No. 185066)
4 | (joncorey@quinnemanuel.com)
   | Timothy L. Alger (Bar No. 160303)
5 | (timalger@quinnemanuel.com)
   | 865 South Figueroa Street, 10th Floor
6 | Los Angeles, California 90017-2543
   | Telephone: (213) 443-3000
7 | Facsimile: (213) 443-3100

8 | Attorneys for Mattel, Inc.

9

UNITED STATES DISTRICT COURT

10

CENTRAL DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with Case No. CV 04-09059 Case No. CV 05-02727 |
| vs. | **DISCOVERY MATTER** |
| MATTEL, INC., a Delaware corporation, | **[To Be Heard By Discovery Master Hon. Edward Infante (Ret.) Pursuant to Court's Order of December 6, 2006]** |
| Defendant. | |
| AND CONSOLIDATED ACTIONS | DECLARATIONS OF ERIN BRIC AND SERGIO HERNANDEZ IN SUPPORT OF OPPOSITION OF MATTEL, INC. TO MGA ENTERTAINMENT INC.'S MOTION TO COMPEL |
| | Hearing Date:    TBA Time:    TBA Place:    TBA |
| | Discovery Cut-off: March 3, 2008 Pre-trial Conference: June 2, 2008 Trial Date: July 1, 2008 |

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

07975/2106517.1

BRIC AND HERNANDEZ DECLARATIONS ISO MATTEL'S OPPOSITION TO MOTION TO COMPEL

EXHIBIT ___25___

PAGE ___360___

C4/25/c7

## DECLARATION OF ERIN BRIC

I, Erin Bric, declare as follows:

1.    I am Leadership Development Coordinator for Mattel, Inc. ("Mattel"). I make this declaration based on personal, firsthand knowledge, my review of the corporate records available to me, and my knowledge of Mattel and its operations, and, if called and sworn as a witness, I could and would testify competently thereto.

2.    Mattel is the world's most successful toy company, with more than 140 subsidiaries and affiliates in 43 countries. Currently, Mattel sells over 10,000 different types of toys and dolls in more than 150 nations throughout the world. These toys vary widely, including, for example, collectible card games, electronic handheld devices, toy cars, and the BARBIE doll line. Mattel typically introduces more than 2,000 new toys each year.

3.    Mattel has over 25,000 employees worldwide. In the United States, Mattel has more than 5,000 employees.

4.    The four major retailers in the U.S. with which Mattel deals on a daily basis – Wal-Mart, Target, K-Mart and Toys R Us – report that they have more than 4,500 stores in the United States. Mattel deals with many hundreds more retailers and distributors domestically and overseas. Mattel has relationships with more than 1,400 licensees and licensors.

5.    Many products require or often involve the creation of many categories of documents relating to the design, marketing, consumer research, planning, engineering, costing, manufacture, distribution, sales, and finance. In addition to these types of documents, which are stored on Mattel's over 800 computer servers worldwide, countless other documents are in hardcopy or stored on individual employees' desktop computers and laptops.

6.    As part of my responsibilities at Mattel, I am generally familiar with products publicly sold by MGA. Over the past three years, MGA has sold,

-2-
BRIC AND HERNANDEZ DECLARATIONS ISO MATTEL'S OPPOSITION TO MOTION TO COMPEL

EXHIBIT __25__

PAGE __361__

1  directly or through its licensees, hundreds of different products, including such

2  diverse products as a "Spider-Man" memory game, a "Creature Mix" line of mix-

3  and-match animals, and its entire line of "Little Tikes" products for small children.

4  It sells these products in dozens of different geographic markets around the globe.

5  MGA's Bratz doll line has consisted of at least many dozens of dolls and licensed

6  products that compete against Mattel's dolls and other products in dozens of

7  different geographic markets, including throughout Europe, Mexico and Australia.

8  The Bratz doll line has been sold since approximately mid-2001. The press has

9  reported that MGA has sold more than 120 million Bratz dolls to date.

10       7.    I am informed that the defendant in this case, MGA, is

11  demanding that Mattel search for and produce, among other things, all Mattel

12  documents throughout the U.S. and the world that make any reference to MGA, its

13  CEO, Isaac Larian, Bratz, and other products manufactured and licensed by MGA.

14  Given that MGA is a competitor, MGA and its products are certainly referenced in

15  millions of pages of documents and computer files at Mattel. MGA and its products

16  are referenced in relation to consumer testing, retail sales, market reports, and so

17  forth. A great volume of this information in Mattel's possession is from third party

18  analysts and third party sources, including retail sales reports that track doll sales

19  across the entire industry, newspaper and magazine articles, commercials and

20  advertisements. One example is NPD, which provides retail sales data on MGA's

21  products as well as on thousands of other products in the toy industry. Hundreds of

22  employees at Mattel in the U.S. have access to and make decisions based on NPD

23  data, or have sent or received communications that reference the data. Mattel would

24  have to search through each of these employees' hard copy files and electronically

25  stored information to determine whether their copies of this data, or any related

26  documents that might have been created by Mattel, include a reference to MGA

27  products.

28

EXHIBIT 25

PAGE 362

8.    In order to compete in the marketplace, Mattel also collects great
quantities of documents about its competitors that are readily available on the
Internet or other public sources, including catalogs, advertising, press releases, and
media reports, and from retailers and distributors throughout the world.  MGA,
Larian, Bratz and other MGA products are undoubtedly referenced in much of this
material.

9.    Mattel also conducts, on an on-going basis, its own voluminous
internal marketing and sales research on competing toys, including not only the
Bratz dolls, but many other MGA products.  Mattel conducts, on an almost daily
basis, focus group marketing testing with consumers on a wide variety of
competitive doll products.  Mattel has thousands of documents, videotapes and other
materials relating to focus group testing alone that in some way reference Bratz
dolls.  Moreover, Mattel frequently conducts comparative safety testing and thus
also has numerous testing reports that refer to competing dolls, including not only
Bratz but many other MGA products, in some way.

10.    Also, Mattel's documents and reports often include references to
many competitive products in the market, not just a single competing toy.  For
example, marketing and consumer research reports and analysis will often cover not
just Bratz dolls, but any number of dolls that compete against Mattel's doll lines.  In
many instances, the only way to tell whether a particular report, document or tape
mentions Bratz dolls is to review the entire report, document or tape.

11.    These millions of documents are not centrally organized by
subject matter or competitor, or by product line, even on a departmental basis.  In El
Segundo, California alone, Mattel employs at least 320 people who work, in whole
or in part, on BARBIE brand products.  Virtually all of these people are likely to
have documents and other materials that mention or refer to Bratz dolls (as well as
the many other competing dolls on the market).  Even Mattel employees who focus
on marketing or design for the HOT WHEELS and MATCHBOX lines of toys

-4-

EXHIBIT 25

PAGE 363

1  might have documents that refer to MGA or MGA's product lines, especially now

2  that Mattel has introduced the POLLY POCKET "Wheels" playset line, which

3  combines toy cars with POLLY POCKET dolls.

4          12.    Simply put, <u>any</u> employee at Mattel might have documents that

5  are responsive to MGA's requests.  To locate all such documents would take years,

6  cost millions of dollars, and seriously interfere with the operation of Mattel's

7  business.   This burden and expense would be multiplied several times further if

8  Mattel were required to search the files in the possession of its separate worldwide

9  subsidiaries and affiliates.  Expanding a search to all documents referring to MGA

10  products would necessitate interviewing thousands of employees throughout the

11  world, and copying and reviewing the contents of every employee's desktop or

12  laptop computer.  The burden of searching for such documents from all of these

13  employees is incalculable.

14          I declare under penalty of perjury under the laws of the United States of

15  America that the foregoing is true and correct.

16          Executed this 25th day of April, 2007, at El Segundo, California.

17

18          _____

19                   Erin Bric

20

21

22

23

24

25

26

27

28

07975/2106517.1

-5-

BRIC AND HERNANDEZ DECLARATIONS ISO MATTEL'S OPPOSITION TO MOTION TO COMPEL

EXHIBIT __25__

PAGE __364__

## DECLARATION OF SERGIO HERNANDEZ

I, Sergio Hernandez, declare as follows:

1.      I am Lead Systems Engineer for plaintiff Mattel, Inc. ("Mattel"). I make this declaration of personal, firsthand knowledge and based on my review of the corporate records available to me and my knowledge of Mattel and its operations, and, if called and sworn as a witness, I could and would testify competently thereto.

2.      As part of my responsibilities at Mattel, I work with Mattel's information technology systems. Accordingly, I am familiar with the breadth of Mattel's global information technology resources as well as the information technology resources used by Mattel's El Segundo location.

3.      Vital to Mattel's operations are several computer systems and networks, some of which are extremely large. Mattel currently maintains over 800 computer servers worldwide. The computer servers that hold the bulk of Mattel's operational materials in the United States, including product information and documents maintained in the normal course of Mattel's business, contain over 76 terabytes of data. Among these are two email servers maintained in El Segundo cumulatively hold over 1.5 terabytes of data. Mattel's email systems at its El Segundo headquarters currently use two servers connected to approximately 2,300 computers. Employees communicate among each other, and with third parties including vendors, retailers, distributors, manufacturers, shippers and so forth, by email. I would estimate that more than 180,000 emails are exchanged among Mattel's employees in El Segundo each workday.

4.      Countless other electronic documents are stored in electronic form on individual employees' computer workstations. Mattel owns or leases approximately 11,000 desktop and laptop computers worldwide. At the El Segundo location alone,

-6-

EXHIBIT ___25___

PAGE ___365___

1  over 3,000 Mattel employees have, collectively, used thousands of computers,
2  software programs, and other computer hardware since January 1, 1998.

3      5.      Many of the network systems are not readily searchable, or searchable
4  at all, by use of keyword terms.  For example, Mattel's Zeus system, which a
5  computer system largely used by Mattel designers and engineers, overwhelmingly
6  consists of graphical files whose content cannot be searched by keywords.
7  Likewise, Mattel's Exchange servers for its email system are not currently
8  searchable by keywords.  It would cost in the neighborhood of $900,000 to acquire
9  the appropriate software tools to perform such search functions on the Exchange
10 servers.

11     6.      To locate all documents referencing MGA would require, in addition to
12 gathering data from the central servers, manually pulling documents from each and
13 every workstation, and additional laptop computers.  Such efforts would be in
14 addition to the cost of attorney review of the materials before they are produced in
15 litigation.

16     7.      The burden and expense is multiplied several times further if Mattel
17 were required to search the files in the possession of its worldwide subsidiaries.  In
18 that case, Mattel would be required to search and gather data from all 800 servers,
19 and, in addition, the workstations and laptop computers of more than 10,000
20 employees worldwide.

21         I declare under penalty of perjury under the laws of the United States of
22 America that the foregoing is true and correct.

23         Executed this 25th day of April, 2007, at El Segundo, California.

24

25

26         Sergio Hernandez

27

28

-7-

EXHIBIT __25__

PAGE __366__