QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>The Honorable Stephen G. Larson<br><br>**MATTEL, INC.'S *EX PARTE* APPLICATION FOR (1) RELIEF FROM THE FIVE-DAY REQUIREMENT OF LOCAL RULE 7-3; AND (2) FOR AN EXPEDITED HEARING DATE OF MAY 2, 2008**<br><br>Hearing Date: TBD<br>Time: TBD<br>Place: TBD<br><br>**Phase 1:**<br>Discovery Cut-Off: January 28, 2008<br>Pre-Trial Conference: May 5, 2008<br>Trial Date: May 27, 2008 |

Pursuant to the Federal Rules and Local Rule 7-19, Mattel, Inc. ("Mattel") respectfully submits this *ex parte* application seeking relief from the five-day requirement of Local Rule 7-3; and (2) an expedited hearing date of May 2, 2008.

Mattel makes this application on the grounds that portions of Judge Infante's April 11, 2008 Order Granting In Part And Denying In Part Mattel's Motion To Compel Production Of Electronic Media From Third Parties Elise Cloonan, Margaret Hatch-Leahy And Veronica Marlow are clearly erroneous and contrary to law. Mattel moves the Court for an order compelling Margaret Hatch-Leahy and Veronica Marlow to make available for immediate inspection all electronic media.

Pursuant to Local Rule 7-19.1, on April 22, 2008, Larry W. McFarland, of Keats, McFarland & Wilson, LLP, counsel for Margaret Hatch-Leahy and Veronica Marlow (telephone: (310) 248-3830; address: 9720 Wilshire Boulevard, Penthouse Suite, Beverly Hills, California 90212) was given notice of this *ex parte* application.[1]

---

[1] See Email from Christopher Tayback to Larry W. McFarland, dated April 23, 2008, attached as Exh. 1 to the Declaration of Christopher Tayback In Support of Mattel's Ex Parte Application.

1  This application is based on this Application and the accompanying
2  memorandum, the Declaration of Christopher Tayback filed concurrently with this
3  application, the pleadings and other papers on file in this action, and all matters of
4  which the Court may take judicial notice.

DATED: April 25, 2008

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By: /s/ Michael T. Zeller
Michael Zeller
Attorneys for Mattel, Inc.

## Mattel's Ex Parte Application

Under the Local Rules, parties are generally required to meet and confer prior to filing a motion so that the parties may attempt to "eliminate[] the necessity for a hearing" on the disputed issue. C.D. Cal. L.R. 7-3. If the "motion is one which under the F.R.Civ.P. must be filed within a specified period of time" the rules require that the conference "take place at least five (5) days prior to the last day for filing the motion." Id.

Mattel seeks relief from this requirement on the grounds that counsel for Mattel and counsel for Margaret Hatch-Leahy and Veronica Marlow--the witnesses whose computer drives are implicated by the motion to compel--were both out of town on other matters and were unable to meet and confer five days prior to the due date of Mattel's proposed motion. Given these prior commitments and the short ten-day window for filing Mattel's proposed motion, the parties made a good faith effort to meet and confer as soon as possible. The parties exchanged emails discussing the issues addressed in Mattel's proposed motion five days before the due date on April 21, 2008,[2] and formally met and conferred via telephone one day later on April 22, 2008. In addition, the parties have met and conferred on the issues raised in Mattel's proposed motion on numerous occasions without any resolution. Additional conferences will not further the purpose of the rule.

This is the second time Mattel has sought relief from the Court related to the issues raised in Mattel's proposed motion. The issues have been thoroughly briefed. Moreover, this is a vital discovery matter and the case is going to trial in a

---

[2] See Email from Christopher Tayback to Larry W. McFarland and Mr. McFarland's reply email dated April 21, 2008 and attached as Exh. 2 to the Declaration of Christopher Tayback In Support of Mattel's Ex Parte Application

1  matter of weeks. As Judge Larson discussed in a recent hearing, discovery appeals
2  can be decided on an expedited basis:

> TO THE EXTENT THAT MATTEL OR MGA OR CARTER BRYANT OR ANYBODY ELSE DISAGREES WITH THE DECISION MADE BY JUDGE INFANTE, THEN THAT CAN BE BROUGHT BEFORE THIS COURT, AND I WOULD CERTAINLY DO ALL THAT I CAN TO HEAR THAT ON AN EXPEDITED BASIS.[3]

Accordingly, Mattel respectfully requests that the Court relieve Mattel of the five-day meet and confer requirement (by one day).

For the same reasons, Mattel also respectfully requests that the matters raised by its appeal and motion be heard expeditiously. Mattel respectfully requests that the Court set this matter for hearing on May 2, 2008, or as soon as possible, rather than waiting until a later hearing date. Ms. Hatch-Leahy and Ms. Marlow will in no way be prejudiced by an May 2 hearing date as it has already had ample time to consider and prepare to oppose Mattel's request for relief in briefing it for hearing before Judge Larson and the Discovery Master previously. Accordingly, setting the appeal and motion for hearing on 7 days' notice will not prejudice Ms. Hatch-Leahy and Ms. Marlow, and will allow the prompt resolution of the serious issues raised.

DATED: April 25, 2008

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/ Michael T. Zeller
Michael Zeller
Attorneys for Mattel, Inc.

---

[3] See Hearing Transcript dated February 4, 2008 attached as Exh. 3 to the Tayback Dec. at 27:10-14.