

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED CASES | CASE NO. CV 04-9049 SGL (RNBx)<br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>**DISCOVERY MATTER**<br><br>**[To Be Heard By Discovery Master Hon. Edward Infante (Ret.) Pursuant to the Court's Order of December 6, 2006]**<br><br>**MATTEL, INC. 'S OPPOSITION TO MGA ENTERTAINMENT INC. AND MGAE DE MEXICO, S.R.L. DE C.V.'S MOTION FOR PROTECTIVE ORDER FROM MATTEL'S FOURTH NOTICE OF DEPOSITION OF MGA AND NOTICE OF DEPOSITION OF MGA MEXICO PURSUANT TO FEDERAL OF CIVIL PROCEDURE 30(b)(6)**<br><br>**[Declaration of Jon Corey and Response to Separate Statement No. 1 Filed Concurrently Herewith]**<br><br>Date:    TBA<br>Time:    TBA<br>Place:    TBA<br>Discovery Cut-Off:    January 28, 2008<br>Pre-Trial Conference:  May 19, 2008<br>Trial Date:    May 27, 2008 |

07209/2485162.1

MATTEL'S OPPOSITION TO MOTION FOR PROTECTIVE ORDER RE: FOURTH DEPOSITION NOTICE.

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ................................................................................ 1

STATEMENT OF FACTS ..................................................................................... 2

I.   NO GOOD CAUSE EXISTS TO GRANT A PROTECTIVE ORDER .......... 6

    A.   Topic No. 94 is Described With Reasonable Particularity .................... 7

    B.   MGA Failed To Show That The Deposition Topics Are Unduly Burdensome ........................................................................................ 8

    C.   Mattel Is Not Required To Obtain The Requested Discovery In Topics Nos. 84, 87 and 94 Through Only Contention Interrogatories ................................................................................ 10

        1.   The Various Discovery Methods Authorized By the Federal Rules Are Not Mutually Exclusive, And Mattel Is Not Required to Propound Interrogatories In Lieu of Deposition Testimony ............................................................. 11

        2.   Depositions Are An Appropriate Vehicle For Learning The Factual Bases For a Party's Claims or Defenses ................ 13

    D.   Topics Nos. 82, 84 and 87 Are Not Unreasonably Cumulative Or Duplicative of Prior Interrogatories ....................................................... 16

CONCLUSION ................................................................................................. 21

-i-

# TABLE OF AUTHORITIES

**Page**

## Cases

AMP, Inc. v. Fujitsu Microelectronics, Inc.,
853 F. Supp. 808 (M.D. Pa. 1994) .................................................................. 13

Bendt v. G.D. Searle & Co.,
1990 WL. 299926 (D. Minn. 1990) ................................................................ 12

CSX Transp., Inc. v. Vela,
2007 WL. 3334966 (S.D. Ind. Nov. 8, 2007)................................................. 20

Cippolene v. Liggett Group,
785 F.2d 1108 (3d Cir. 1986) ........................................................................... 9

Ieradi v. Lorillard, Inc.,
1991 WL. 158911 (E.D. Pa. 1991)................................................................. 11

In re Independent Serv. Orgs. Antitrust Litig,
168 F.R.D. 651 ............................................................................................... 12

Lehnert v. Ferris Faculty Ass'n-MEA-NEA,
556 F. Supp. 316 (D.C. Mich. 1983)........................................................... 9, 10

McCormick Morgan, Inc. v. Teledyne Indus., Inc.,
134 F.R.D. 275 (N.D.Cal. 1991), infra...................................................... 12, 20

S. Boston Mgmt. Corp. v. BP Prods. N. Am., Inc.,
2006 WL. 162916 (S.D.N.Y Jan. 19, 2006)................................................... 8

Security Ins. Co. of Hartford v. Trustmark Ins. Co.,
218 F.R.D. 29 (D.Conn., 2003)............................................................... 12, 16

Taylor v. Shaw
2007 WL. 710186 (D. Nev. 2007. Mar. 07, 2007)....................................... 9, 12

Turner Broadcasting System, Inc. v. Tracinda Corp.,
175 F.R.D. 554 (D. Nev., 1997)...................................................................... 9

## Statutes

Federal Rule of Civil Procedure
Rule 26(b)(1) .................................................................................................... 6
Rule 26(b)(2)(C) ............................................................................................... 6
Rule 26.............................................................................................................. 9
Rule 26(c)(1) .................................................................................................... 6
Rule 30(b)(6) .................................................................................... 9, 12, 13, 16

07209/2485162.1

**Other Authorities**

Schwarzer, Tashima & Wagstaffe,
   <u>Fed. Prac. Guide: Civ. Proc. Before Trial</u>, § 11:1071 (Rutter's Group 2008)..........7

MATTEL'S OPPOSITION TO MOTION FOR PROTECTIVE ORDER RE: FOURTH DEPOSITION NOTICE.

1

## Preliminary Statement

2     By its Motion for a Protective Order, MGA seeks to avoid Rule
3 30(b)(6) binding testimony on key facts concerning its agreement with Carter
4 Bryant and MGA's exploitation of the rights concerning BRATZ it believes were
5 created by the parties' agreement. Judge Larson has already ruled that good cause
6 exists for Mattel to take MGA's deposition on these facts. Further, MGA does not
7 dispute that it possesses the information requested by Mattel, or that the Rule
8 30(b)(6) testimony requested seeks relevant information.

9     Mattel and MGA have agreed to narrow the Topics at issue in MGA's
10 Motion to Topic Nos. 82, 84, 87 and 94. MGA, however, provides no good cause
11 for why it should not be required to provide testimony on these remaining four
12 Topics. In the case of Topic Nos. 82, 84 and 87 MGA seeks to avoid testimony by
13 objecting that the deposition topics are cumulative or duplicative of Mattel's
14 previously propounded interrogatories, but these interrogatories concern different
15 subject matter. In the case of Topic No. 94, MGA oddly asserts that the topic is not
16 set forth with reasonable particularity, but the Topic simply asks MGA to identify its
17 own products that are or were derived from BRATZ related materials -- if that
18 requires a long list of materials, that is the fault of MGA and its creation of
19 numerous products, not Mattel's deposition Topic. In the case of Topic Nos. 84, 87
20 and 94, MGA objects on the grounds that the deposition Topics are better suited as
21 contention interrogatories. MGA, unsurprisingly, cites no authority stating that it
22 may dictate Mattel's method of discovery. Finally, in seeking a protective order
23 precluding testimony on these Topics, MGA points to no specific undue burden,
24 cost or harm rendering the information requested reasonably accessible. Not only
25 do MGA's positions fail to support the good cause standard for issuance of a
26 protective order, as discussed more fully herein, they are unsupported in the law.
27 MGA's Motion is therefore improper. Accordingly, it should be denied in its
28 entirety.

-1-

1

2                                   **Statement of Facts**

3          Mattel's Motion for Additional Discovery. On November 19, 2007,

4   Mattel filed a Motion for Leave to Take Additional Discovery.[1]  In its Motion for

5   Additional Discovery, Mattel sought leave to, among other things, propound

6   additional interrogatories, take numerous individual depositions and take the

7   depositions of MGA Entertainment, Inc. ("MGA") and MGAE De Mexico, S.R.L.

8   De C.V. ("MGA Mexico").

9          MGA filed its Opposition to Mattel's Motion for Additional Discovery

10  on or about December 24, 2007.[2]  In its Opposition, MGA argued that the additional

11  discovery sought by Mattel – including the depositions of MGA and MGA Mexico

12  – should be denied because, among other things, Mattel had ample opportunity to

13  take the discovery, the discovery sought was cumulative and duplicative of other

14  discovery and because it was unduly burdensome.[3]  Mattel filed its Reply in support

15  of its Motion for Additional Discovery thereafter.

16         Judge Larson's Order Granting Additional Discovery. On January 7,

17  2008, Judge Larson heard oral arguments on Mattel's Motion for Additional

18  Discovery.[4]  After extensive oral arguments by the parties, Judge Larson issued an

19  Order granting in part Mattel's Motion for Additional Discovery.[5]  Judge Larson

20  allowed all of the additional discovery sought by Mattel, except that he denied

21  _____

22  [1] Motion for Leave to Take Additional Discovery, dated November 19, 2007,
    attached to the Declaration of Jon Corey dated April 25, 2008 ("Corey Dec."),
23  Exh. 1.

24  [2] MGA's Opposition to Mattel's Motion for Additional Discovery, attached to the
    Corey Dec., Exh. 2.
25  [3] Id.

26  [4] The transcript of the January 7, 2008 hearing is attached as Exhibit F to the
    Miller Dec.
27  [5] Judge Larson's January 7, 2008 Civil Minutes ("January 7, 2008 Order"),
28  attached to the Corey Dec., Exh. 3.

1   Mattel's request for additional time to depose Carter Bryant.[6]  In his Order, Judge

2   Larson specifically found that Mattel had shown good cause for the additional

3   discovery allowed, particularly in light of the complexity of the case, the number of

4   parties, the substitution of counsel, the concerns over spoliation of evidence, and the

5   delay in obtaining other discovery.[7]  The Order further stated that:

> As to all the depositions permitted by this Order, all counsel are expected coordinate their schedules with those of the deponents such that the depositions are held prior to the discovery cutoff date of January 28, 2008. However, as set forth above in connection with Mattel's motion to take additional discovery, Phase 2 depositions may be taken in February pursuant to a Court-approved stipulation.[8]

11   <u>MGA's Refusal to Produce Corporate Designees and Its Half Hearted</u>

12   <u>Efforts to Meet and Confer</u>.  Notwithstanding Judge Larson's Order allowing Mattel

13   to depose MGA and MGA Mexico, and its clear direction that the depositions go

14   forward in January (or February pursuant to a Court approved stipulation), MGA

15   failed to designate or produce any witnesses for these depositions.[9]

16   In January, 2008, counsel for Mattel and MGA attempted to meet and

17   confer regarding the depositions of MGA and MGA Mexico.[10]  Although MGA

18   argues in its Motion that it asked Mattel to narrow the scope of the deposition topics,

19   that is not the case. The only issue MGA raised in the meet and confer with respect

20   to the Rule 30(b)(6) depositions is the timing of those depositions. Specifically,

21   MGA argued that Judge Larson's Order did not require the deposition of MGA and

---

25   [6] <u>Id</u>. at pp. 2-3

26   [7] <u>Id.</u>

27   [8] <u>Id.</u>

27   [9] Corey Dec., ¶ 10.

28   [10] Corey Dec., ¶ 11.

-3-

1  MGA Mexico go forward in January 2008.  MGA did not raise any objection to the

2  scope of the deposition topics in the meet and confer.[11]

3         Judge Larson Stays Phase 2 Discovery; the Discovery Master Directs

4  the Parties to Meet and Confer Regarding this Motion.  On January 18, 2008, MGA

5  and MGA Mexico filed the present Motion.  Subsequent to MGA and MGA

6  Mexico's filing of their Motion, Judge Larson ruled that:

7         All discovery related to Phase 2, other than certain
       individual depositions that may be related to both Phase 1
8         and Phase 2, is STAYED until further order of the Court.[12]

9  Further, during a telephonic hearing before the Discovery Master on February 11,

10 2008, he ordered the parties to "conduct an in-depth meet and confer session, in

11 person, remaining all pending motions" and report back to the Discovery Master.[13]

12         The Parties Resolve the Majority of Their Disputes Concerning the

13 Phase 1 Topics, Except as to Topics 82, 84, 87 and 94.  Pursuant to the Discovery

14 Master's ruling on February 11, 2008, the parties met and conferred on February 20

15 and 21, 2008.  During this meet and confer session, Mattel noted that the topics

16 directed at MGA Mexico pertain to Phase Two discovery, and would therefore be

17 subject to the Stay until Phase Two discovery commences.  As to the topics in the

18 Notice to MGA, Mattel identified the following which pertain, at least in part, to

19 Phase One: Topic Nos. 7-14, 82, 84-87, 89-95, 97, 98 and 102.  MGA conceded

20 that Topic Nos. 82, 84-87 and 94 are relevant to Phase One, but argued that they are

21 duplicative of MGA's interrogatory responses.  Further, MGA agreed to produce a

22 witness in response to Topic Nos. 89-93, which all pertain to Fred Larian, though

23 MGA was unable to identify who the witness will be or when that witness will be

24 available.  The parties further agreed to put the remaining issues in this Motion off

25 _____

26  [11]  Corey Dec., ¶ 11.

27  [12]  Civil Minutes, February 4, 2008, attached to the Corey Dec., Exh. 4, p. 3.
   [13]  February 11, 2008 hearing Transcript, 56:8-22, attached to the Corey Dec,

28 Exh. 5.

1   until the Phase Two stay is lifted.[14]  Mattel, having further considered the topics,

2   agrees that Topic Nos. 7-14, 97 and 98 belong in Phase 2.  Finally, the parties

3   agreed that Mattel would file an opposition pertaining to the narrow issues of Topics

4   82, 84, 87, and 94.  The parties continued to meet and confer regarding these

5   Topics.[15]

6           Topics 82, 84, 87 and 94 (the "Topics") seek the following testimony:

7           Topic No. 82: YOUR understanding or belief of whether
    the BRYANT/MGA AGREEMENT was lawful when
8           YOU entered into it, and DOCUMENTS and
    COMMUNICATIONS related thereto.

9           Topic No. 84: The factual basis for YOUR alleged belief
10          that YOU had the right to market products developed as a
    result of the BRYANT/MGA AGREEMENT and to the
11          lawful right to fully exploit the drawings drawn and
    presented by BRYANT prior to the execution of the
12          BRYANT/MGA AGREEMENT, and the DOCUMENTS
    and COMMUNICATIONS YOU so relied upon when
13          YOU entered into the agreement.

14          Topic No. 87: Any investigation or inquiry YOU
    conducted to confirm the timing of BRYANT'S work prior
15          to executing the BRYANT/MGA AGREEMENT,
    including but not limited to DOCUMENTS and
16          COMMUNICATIONS RELATING thereto.

17          Topic No. 94: The identity of each doll, accessory,
    product, work or item produced, developed, manufactured,
18          licensed, sold or offered for sale by or for YOU or on
    YOUR behalf that was BASED ON any BRATZ DESIGN
19          or any design derivative of any BRATZ DESIGN.[16]

20

21

22

23

24     [14]  <u>See</u> Letter from Jon Corey to Raoul Kennedy, dated February 26, 2008,
25  attached to the Corey Dec., Exh. 9.
       [15]  <u>See</u> Joint Report to Discovery Master Regarding Pending Discovery Motions,
26  dated March 28, 2008, at 11:16-18, Corey Dec., Exh. 10.
27     [16]  Fourth Notice of Deposition of MGA Entertainment, Inc. Pursuant to <u>Federal</u>
28  <u>Rule of Civil Procedure</u> 30(b)(6) ("Fourth Deposition Notice"), Miller Dec., Exh. A.

1

## Argument

2

## I.   NO GOOD CAUSE EXISTS TO GRANT A PROTECTIVE ORDER

3

4

As MGA admits, pursuant to Federal Rule of Civil Procedure 26(c)(1),

5

"[a]s the party seeking protection, MGA bears the burden of demonstrating that

6

good cause exists for the protective order."[17]   Accord Fed. R. Civ. P. 26(c)(1).

7

MGA, however, omits the portion of Rule 26 providing for the scope of permissible

8

discovery, which provides:

9

10

11

12

13

14

15

> Unless otherwise limited by court order, the scope of discovery is as follows: ***Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense***--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

16

Fed. R. Civ. P. 26(b)(1) (emphasis added).  Rule 26(b)(2)(C) provides:

17

18

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:

19

20

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

21

22

> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

23

24

25

> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

26

27

---

28

[17]   Motion, 11:11-12.

07209/2485162.1

1   MGA also omits that "[MGA] must make a clear showing of a <u>particular and</u>

2   <u>specific need</u> for the order."  Schwarzer, Tashima & Wagstaffe, <u>Fed. Prac. Guide:</u>

3   <u>Civ. Proc. Before Trial</u>, § 11:1071 (Rutter's Group 2008) (emphasis in original).

4              Mattel's deposition Topics seek MGA's testimony concerning MGA

5   and Carter Bryant's employment relationship and MGA's belief that it could acquire

6   and otherwise use rights to BRATZ materials as a result thereof.  Topic Nos. 82, 84

7   and 87 seek information regarding MGA's belief that Bryant's offer of the right to

8   Bratz was legitimate, a defense that MGA has asserted.  These topics seek

9   information relevant to Mattel's intentional interference and aiding and abetting

10  claims, because the lack of such an inquiry or making a knowingly inadequate

11  inquiry proves MGA's scienter.  Topic No. 94 is relevant to Mattel's damages.

12  Mattel has a claim for copyright infringement.  Mattel is entitled to know the

13  identity of which products MGA has offered for sale with allegedly infringing Bratz

14  designs.  MGA does not refute that the information sought by these topics is

15  relevant.  Further, MGA does not dispute that it has the information sought by the

16  Topics.  Nor does MGA assert any persuasive explanation, let alone a particular and

17  specific need, for why a protective order should issue precluding its testimony

18  regarding these Topics.

19

20  **A.    Topic No. 94 is Described With Reasonable Particularity**

21              MGA claims that Topic No. 94 is "unduly burdensome as not described

22  with reasonable particularity."[18]  Tellingly, MGA does not specifically address what

23  about Topic 94 is not described "with reasonable particularity."  Topic No. 94 seeks

24  the following testimony:

25  _____

26  [18]   MGA's Separate Statement No. 1 [Re Fourth MGA Notice] in Support of

     MGA's Motion for Protective Order from Mattel, Inc.'s Deposition Notices to MGA

27  Entertainment, Inc. and MGAE de Mexico, S.R.L. de C.V. Pursuant to Federal Rule

28  of Civil Procedure 30(b)(6), dated January 18, 2008, 74:7-8.

> Topic No. 94: The identity of each doll, accessory, product, work or item produced, developed, manufactured, licensed, sold or offered for sale by or for YOU or on YOUR behalf that was BASED ON any BRATZ DESIGN or any design derivative of any BRATZ DESIGN.[19]

Topic No. 94 seeks specific information concerning the items MGA created using BRATZ related materials. This Topic is not "boundless," as Mattel asserts.[20] Instead, it seeks, as narrowly as possible, testimony concerning the items, based on Mattel's copyrights, created by MGA.[21]

### B. MGA Failed To Show That The Deposition Topic Is Unduly Burdensome

Topic No. 94 seeks deposition testimony identifying MGA's products that are derived, in some manner, from BRATZ works. If MGA's testimony in response to Topic No. 94 requires testimony on a large number of products as a result of MGA's multiple creations, that is a not a problem with the wording of the Topic as posed by Mattel. An alleged infringer, like MGA, cannot refuse to provide discovery because a lot of its products infringe. Such testimony may be burdensome, but not unduly burdensome. Judge Larson overruled such an objection

---

[19]   Fourth Notice of Deposition of MGA Entertainment, Inc. Pursuant to Federal Rule of Civil Procedure 30(b)(6), Miller Dec., Exh. A.

[20]   Motion, 12:26.

[21]   MGA's case law does not support its position. In S. Boston Mgmt. Corp. v. BP Prods. N. Am., Inc., 2006 WL 162916, *1 (S.D.N.Y Jan. 19, 2006), the court found that the Rule 30(b)(6) deposition notice did "not meet the 'reasonable particularity' requirement. The notice not only does not refer to FRCP 30(b)(6), but also fails to specify any particular focus for the proposed examination." There is no dispute that Mattel specified Rule 30(b)(6) in its notice and, as discussed herein, Topic No. 94 has a specific focus -- the identify of MGA's products derived from BRATZ related materials. The remainder of MGA's case law concerns deposition topics using purportedly overbroad language not at issue in Topic No. 94.

1   in his January 7, 2008 Order granting Mattel leave to serve its Fourth Deposition

2   Notice, including Topic No. 94.[22]

3          Broad allegations of harm, unsubstantiated by specific examples or

4   articulated reasoning, do not satisfy the Rule 26 test for a protective order.  See

5   Cippolene v. Liggett Group, 785 F.2d 1108 (3d Cir. 1986).  A showing that

6   discovery may involve "inconvenience and expense" does not suffice to establish

7   good cause for issuance of a protective order.  Turner Broadcasting System, Inc. v.

8   Tracinda Corp., 175 F.R.D. 554, 556 (D. Nev., 1997).  As the court in Taylor v.

9   Shaw noted:

10          Rule 30(b)(6) explicitly requires [an organization] to have

11          persons testify on its behalf as to all matters known or

12          reasonably available to it and, therefore, implicitly

13          requires person to review all matters known or reasonably

14          available to it in preparation for the 30(b)(6) deposition. ...

15          The Court understands that preparing for a Rule 30(b)(6)

16          deposition can be burdensome.  However, this is merely

17          the result of the concomitant obligation from the privilege

18          of being able to use the corporate form in order to conduct

19          business.

20   2007 WL 710186, *2 (D. Nev. 2007. Mar. 07, 2007).

21          Moreover, even a "substantial" burden may not be enough to establish

22   good cause under Rule 26(c).  Lehnert v. Ferris Faculty Ass'n-MEA-NEA, 556 F.

23   Supp. 316, 318 (D.C. Mich. 1983) ("Although plaintiffs' request for production

24   would appear to place a substantial burden of compliance on defendants, such a

25   burden is not, in itself, grounds for a protective order").  Rather, as the court went on

26   to say: "the extent of a discovery burden that a party must justifiably bear is

27

28          [22]   January 7, 2008 Order, pp. 2-3, Corey Dec., Exh. 3.

1  measured by the nature, importance, and complexity of the inquiry involved in a

2  given case." Id.

3          Here, MGA has not presented any evidence of undue burden in

4  response to Topic No. 94.  MGA has made no specific showing that it would be

5  unable to prepare witnesses to testify in response to Topic No. 94.  Even if MGA's

6  bare statement that Topic No. 94 is "unduly burdensome as not described with

7  reasonable particularity"[23] was sufficient to show some burden, MGA certainly has

8  not shown undue burden in light of what is at issue in this case.  Mattel claims that

9  MGA's Bratz-related products infringe Mattel's Copyrights.  MGA cannot complain

10  of burden because most of its products infringe.  While it is may be burdensome for

11  MGA to comply with its Rule 30(b)(6) obligations, it is not unduly so given the

12  importance and complexity of the inquiry, and the amounts that are at stake.[24]

13

14         **C.**    **Mattel Is Not Required To Obtain The Requested Discovery In**

15                 **Topics Nos. 84, 87 and 94 Through Only Contention**

16                 **Interrogatories**

17          Rule 26 permits Mattel to take discovery of relevant information.  It

18  does not state that the responding party may dictate the form in which the discovery

19  is propounded.  MGA argues that Topic 94 "is a contention interrogatory" "seeking

20  _____

21     [23]  MGA's Separate Statement No. 1 [Re Fourth MGA Notice] in Support of

22  MGA's Motion for Protective Order from Mattel, Inc.'s Deposition Notices to MGA
Entertainment, Inc. and MGAE de Mexico, S.R.L. de C.V. Pursuant to Federal Rule

23  of Civil Procedure 30(b)(6), dated January 18, 2008 ("MGA's Separate Statement"),

24  74:7-8.

   [24]  Indeed, MGA recognized as much in its Motion to Compel Mattel's

25  deposition, when it argued that the complexity of this case warranted broad

26  deposition discovery from Mattel.  See MGA's Reply Memorandum In Support of
Its Motion to Compel Mattel to Produce Witnesses Pursuant to Notice of Deposition

27  Under Rule 30(b)(6), Or, In The Alternative, For Leave To Serve Such Notice,

28  dated January 17, 2008, at page 6, Corey Dec., Exh. 8.

MATTEL'S OPPOSITION TO MOTION FOR PROTECTIVE ORDER RE: FOURTH DEPOSITION NOTICE.

1 | detailed factual information about 'each doll, accessory, product, work or item
2 | produced, developed, manufactured, licensed, sold or offered for sale by or for'
3 | MGA.'"[25]  MGA further asserts that because Topic No. 84 seeks "the factual basis"
4 | for MGA's allegations, it is a "classic contention interrogator[y] converted to [an]
5 | unduly burdensome deposition topic[]."[26]  MGA asserts that Topic No. 87 is "an
6 | improper contention interrogatory."[27]  MGA fails to explain why MGA may elect
7 | not to produce a witness in response thereto based solely on its purported belief that
8 | Mattel's deposition topics are better set forth as contention interrogatories.  That
9 | MGA would prefer to respond to contention interrogatories does not render Mattel's
10 | deposition topics improper.  MGA's attempt to dictate to Mattel the particular
11 | method of discovery Mattel employs is unavailing.

12 |     1.    The Various Discovery Methods Authorized By the Federal
13 |         Rules Are Not Mutually Exclusive, And Mattel Is Not Required
14 |         to Propound Interrogatories In Lieu of Deposition Testimony

15 |     MGA cites no law requiring Mattel to request the information it seeks
16 | in Topic Nos. 84, 87 and 94 only in the form of a contention interrogatory.  Unlike
17 | interrogatories, depositions permit the party seeking discovery to ask follow up
18 | questions based on the answers to the prior question.  Additionally, a responding
19 | party's efforts at evasion are more easily dealt with in deposition, where the
20 | examiner is able to persist in the examination and obtain a satisfactory response
21 | within a matter of minutes.  In contrast, evasive answers to interrogatories often
22 | cannot be cured until several months have elapsed – after the parties have engaged
23 | in substantial meet and confer efforts, possible motions to compel, and the
24 | preparation of supplemental responses.  Indeed, many courts have recognized that

---

[25]  MGA's Separate Statement, 74:9-14.
[26]  Motion, 19:3-9.
[27]  MGA's Separate Statement, 69:19-20.

07209/2485162.1

-11-

MATTEL'S OPPOSITION TO MOTION FOR PROTECTIVE ORDER RE: FOURTH DEPOSITION NOTICE.

1  contention interrogatories simply are not an adequate substitute for depositions. <u>See</u>
2  <u>Ieradi v. Lorillard, Inc.</u>, 1991 WL 158911 at *2 (E.D. Pa. 1991) (answers to
3  interrogatories "are an inadequate substitute" for deposition testimony pursuant to
4  <u>Rule</u> 30(b)(6)); and <u>Bendt v. G.D. Searle & Co.</u>, 1990 WL 299926 at *1 (D. Minn.
5  1990) ("Interrogatories are not substitutes for depositions, and are not per se more
6  efficient or economical."). Here, there is no reasonable basis for requiring Mattel to
7  employ the discovery vehicle of MGA's choice, rather than Mattel's. <u>See</u> <u>Security</u>
8  <u>Ins. Co. of Hartford v. Trustmark Ins. Co.</u>, 218 F.R.D. 29, 34 (D.Conn., 2003) ("It is
9  of no consequence that contention interrogatories may be the more appropriate route
10  to obtain the information as nothing precludes a deposition either in lieu of or in
11  conjunction with such interrogatories").

12      MGA relies on <u>In re Independent Serv. Orgs. Antitrust Litig</u>,
13  168 F.R.D. 651, 654 for the proposition that a party is not "required to have counsel
14  marshal all of its factual proof and prepare a witness to be able to testify on a given
15  defense or counterclaim." Motion, 74:14-17. In <u>Independent</u>, however, the
16  deposition party sought corporate testimony "about facts supporting numerous
17  paragraphs of the corporate party's denials and affirmative defenses in its Answer
18  and Counterclaims," and the information sought was attorney-work product,
19  required legal opinions or conclusions, and expert testimony. <u>Independent</u>
20  168 F.R.D. at 654. Here, in Topic Nos. 84, 87 and 94, Mattel seeks particular,
21  factual information as to MGA's belief that it could exploit the rights given to it by
22  its agreement with Bryant, and its investigations of Bryant's work. Mattel also seeks
23  the identity of the items MGA created using Bratz related materials. These finite
24  factual topics hardly require MGA to "marshal all of its factual proof" and prepare a

25
26
27
28

-12-

1  witness about facts asserted in MGA's counter-claims and answer.  Importantly,

2  MGA  does not even assert that this is the case.[28]

3

4          2.     Depositions Are An Appropriate Vehicle For Learning The

5                 Factual Bases For a Party's Claims or Defenses

6          MGA argues that deposition topics asking for facts supporting its

7  claims or defenses are improper and that such information may be obtained only

8  through contention interrogatories.  Not so.  Contrary to MGA's claim, there is

9  nothing improper about Rule 30(b)(6) deposition topics that seek the factual basis

10 for a party's claims or defenses.  AMP, Inc. v. Fujitsu Microelectronics, Inc., 853 F.

11 Supp. 808, 831 (M.D. Pa. 1994) (compelling a corporate defendant to produce a

12 Rule 30(b)(6) witness to answer questions regarding the contentions and affirmative

13 defenses detailed in defendants' answer and counterclaim).  Rule 30(b)(6) requires a

14 corporation served with a deposition notice to provide a witness to testify to matters

15 "known or reasonably available" to the corporation.  It is not unreasonable to

16 conclude that someone at MGA believed there were factual bases for its claims or

17 defenses.  Id.

18         Moreover, MGA's Rule 30(b)(6) deposition notice to Mattel contained

19 similar requests.  For example, MGA's deposition topics include:

20              YOUR knowledge of all acts YOU contend are the
               predicate acts constituting a pattern of racketeering
21              activity in violation of RICO as alleged in paragraph 93 of
               YOUR COUNTERCLAIMS and Exhibit C to YOUR
22              COUNTERCLAIMS.  [MGA Deposition Topic No. 7 to
               Mattel.][29]
23
               MGA's alleged theft of "BRATZ" from YOU, including
24             but not limited to (a) MGA's showing of BRATZ

25

26 [28]  See also discussion concerning McCormick Morgan, Inc. v. Teledyne
   Indus., Inc., 134 F.R.D. 275 (N.D.Cal. 1991), infra.
27 [29]  MGA's Notice of Deposition of Mattel, Inc. Pursuant to Fed. R. Civ. P.
28 30(b)(6), dated September 5, 2007, attached to the Corey Dec., Exh. 6.

prototypes or products to focus groups and retailers in November 2000 as alleged in paragraph 29 of YOUR COUNTERCLAIMS; (b) MGA's and LARIAN's alleged encouragement, aiding, and financing of BRYANT to develop BRATZ while he was a MATTEL employee as alleged in paragraph 33 of YOUR COUNTERCLAIMS; and (c) BRYANT's and MGA's alleged concealment of facts that prevented MATTEL from discovering that MATTEL allegedly was the true owner of BRATZ as alleged in paragraph 35 of YOUR COUNTERCLAIMS. [MGA Deposition Topic 9 to Mattel.][30]

To the extent not covered by any of the topics above, the identity of any product, project or concept that YOU contend MGA copied or infringed or about which YOU contend that MGA misappropriated MATTEL'S trade secrets or other confidential information, and, for each such product, project or concept, (a) all facts concerning its origin, creation, design and development; and (b) any facts underlying YOUR claim or contention that MGA copied or infringed such product, project or concept; and (c) MGA's use of MATTEL's intellectual property, confidential information or trade secret information in connection therewith. [MGA Deposition Topic No. 39 to Mattel.][31]

The facts supporting each of the Affirmative Defenses in YOUR Second Amended Answer in Case No. 05-2727, dated July 12, 2007.  [MGA Deposition Topic No. 64 to Mattel.][32]

Indeed, MGA did not even restrict itself to asking Mattel to designate a witness on the factual bases for Mattel's claims and defense; MGA went so far as to ask Mattel to designate a corporate witness on the factual bases for MGA's defenses to Mattel's claims:

The facts REFERRING OR RELATING to MGA's Third Affirmative Defense of Unclean Hands in MGA's Answer and Affirmative Defenses dated August 13, 2007, including, but not limited to: (a) MATTEL'S efforts to undermine MGA's business and to "kill" Bratz at any cost, including but not limited to Mattel's efforts to infringe and dilute MGA's trade dress, copy MGA's products, packaging, themes, and advertising (including for Mattel products MY SCENE, DIVA STARZ, WEE 3 FRIENDS, ACCELERACERS; and POLLY POCKET) and engage in

---

[30] Id.
[31] Id.
[32] Id.

07209/2485162.1

-14-

MATTEL'S OPPOSITION TO MOTION FOR PROTECTIVE ORDER RE: FOURTH DEPOSITION NOTICE.

1    other acts of unfair competition against MGA as alleged in
MGA's complaint against MATTEL; (b) MATTEL'S

2    efforts to create negative publicity or press about MGA,
MGA products, BRYANT, LARIAN, or MGA employees;

3    (c) MATTEL'S efforts to fund or commission market
research or studies that portray BRATZ or MGA products

4    negatively; (d) MATTEL'S efforts to interfere with MGA's
acquisition of or investment in Zapf Creation AG;

5    (e) MATTEL'S efforts to include negative references to
MGA or BRATZ on MATTEL's "We Believe in Girls"

6    website; (f) MATTEL'S efforts or intent to interfere with
business dealings or contractual relations between MGA

7    and Smoby Group; (g) influencing Nickelodeon to reject
MGA advertisements or to limit time slots for

8    advertisements; (h) assisting parties in lawsuits against
MGA; (i) monitoring, "spying on" or gaining knowledge

9    of MGA's trade secrets, non-public information, non-
public activities, unreleased products, and/or product

10    development; (j) gaining access, or attempts to gain
access, to MGA showrooms, Plan-o-Grams,

11    merchandising displays, Toy Fair displays on false
pretenses; (k) wrongfully obtaining MGA's costs and sales

12    information through Mattel-employed category managers
at retailers; (l) inducing non-party customers to breach

13    confidentiality agreements with MGA and divulge non-
public, information about MGA's unreleased products;

14    (m) covertly investigating MGA, its officers and
employees, and their family members; (n) contacting

15    persons under false pretense in order to interrogate them
about BRATZ and this litigation; (o) coercing MATTEL

16    employees to accept restrictive covenants (right before
massive layoffs) and non-compete clauses and other

17    efforts to prevent prospective MGA employees from.
accepting offers of employment; (p) M MATTEL'S delay

18    in suing BRYANT because, *inter alia*, MATTEL wanted
BRYANT to testify in an unrelated MATTEL case;

19    (q) falsely inflating its BARBIE sales figures in an effort
to mislead the public and retailers; and (r) taking all

20    measures to conceal its bad acts, including the willful non-
retention and destruction of documents. [MGA

21    Deposition Topic No. 65 to Mattel.][33]

22

23        MGA should not be permitted to require Mattel to produce corporate

24 witnesses on topics concerning the factual support for Mattel's claims and defenses,

25 but then refuse to submit to similar examination by Mattel.  MGA has not provided

26

27 —————————————

28   [33] <u>Id</u>.

1  any authority that would permit such grossly unfair and one-sided discovery tactics,
2  and its request for a protective order should be denied.

3

4  **D.  Topics Nos. 82, 84 and 87 Are Not Unreasonably Cumulative Or**
5  **Duplicative of Prior Interrogatories**

6  MGA argues that Topic Nos. 82, 84 and 87 are improper because
7  "MGA has already responded to interrogatories seeking much of the same
8  information."[34] The Federal Rules of Civil Procedure, however, do not preclude a
9  party from employing both Rule 30(b)(6) depositions and contention interrogatories
10  to seek important information. Security, 218 F.R.D. at 34 ("nothing precludes a
11  deposition either in lieu of or in conjunction with such interrogatories").

12  Indeed, while the Interrogatories that MGA believes the deposition
13  Topics to be duplicative may contain some overlapping facts, the overlap is not so
14  substantial as to render the Topics "unreasonably cumulative or duplicative" of the
15  interrogatories. Further, the Interrogatories focus issues separate from the Topics.
16  A comparison of the Topics and the Interrogatories that MGA believes to be
17  duplicative is illustrative[35]:

| **Rule 30(b)(6) Deposition Topic** | **Interrogatories[36]** |
|---|---|
| **Topic No. 82:** YOUR understanding or belief of whether the BRYANT/MGA AGREEMENT was lawful when YOU entered into it, and DOCUMENTS and COMMUNICATIONS related thereto. | **INTERROGATORY NO. 30:**<br><br>State all facts that support YOUR contention, if YOU so contend, that, assuming BRYANT assigned rights in any BRATZ INVENTION to MATTEL pursuant to the INVENTIONS AGREEMENT, MGA is entitled to priority over and/or has superior rights to MATTEL as to such BRATZ INVENTION. and IDENTIFY all |

25  _____

26  [34]  Motion, 24:16-17.
   [35]  See MGA's Separate Statement, at 64:26, 66:13, and 69: 4.
27  [36]  All citations for the Interrogatories in this table are to Mattel, Inc.'s Revised
28  Third Set of Interrogatories, dated September 21, 2007, Corey Dec., Exh. 7.

-16-

PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

**INTERROGATORY NO. 31:**

State all facts that support YOUR contention, if YOU so contend, that the INVENTIONS AGREEMENT is not valid and enforceable, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

**INTERROGATORY NO. 34:**

State all facts that support YOUR contention, if YOU so contend, that YOU did not intentionally interfere with the INVENTIONS AGREEMENT when BRYANT purported to TRANSFER and MGA purported to ACQUIRE rights to BRATZ, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

**INTERROGATORY NO. 35:**

State all facts that support YOUR contention, if YOU so contend, that YOU did not aid or abet any breach of fiduciary duty or duty of loyalty owed by BRYANT to MATTEL when BRYANT performed work or services with or for MGA while BRYANT was employed by MATTEL, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

**INTERROGATORY NO. 36:**

State all facts that support YOUR contention, if YOU so contend, that YOU acted with an innocent state of mind or reasonably believed that MATTEL did not own any rights in any BRATZ INVENTION when BRYANT purported to TRANSFER and MGA purported to ACQUIRE rights to BRATZ, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

07209/2485162.1

-17-
MATTEL'S OPPOSITION TO MOTION FOR PROTECTIVE ORDER RE: FOURTH DEPOSITION NOTICE.

**INTERROGATORY NO. 37:**

State all facts that support YOUR contention, if YOU so contend, that BRYANT did not breach the INVENTIONS AGREEMENT when BRYANT purported to TRANSFER rights to BRATZ to MGA, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

**INTERROGATORY NO. 38:**

State all facts that support YOUR contention, if YOU so contend, that BRYANT did not breach BRYANT's duty of loyalty or fiduciary duties to MATTEL when BRYANT performed work or services with or for MGA while BRYANT was employed by MATTEL, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

**Topic No. 84:** The factual basis for YOUR alleged belief that YOU had the right to market products developed as a result of the BRYANT/MGA AGREEMENT and to the lawful right to fully exploit the drawings drawn and presented by BRYANT prior to the execution of the BRYANT/MGA AGREEMENT, and the DOCUMENTS and COMMUNICATIONS YOU so relied upon when YOU entered into the agreement.

**INTERROGATORY NO. 30:**

State all facts that support YOUR contention, if YOU so contend, that, assuming BRYANT assigned rights in any BRATZ INVENTION to MATTEL pursuant to the INVENTIONS AGREEMENT, MGA is entitled to priority over and/or has superior rights to MATTEL as to such BRATZ INVENTION, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

**INTERROGATORY NO. 36:**

State all facts that support YOUR contention, if YOU so contend, that YOU acted with an innocent state of mind or reasonably believed that MATTEL did not own any rights in any BRATZ INVENTION when BRYANT purported to TRANSFER and MGA purported to ACQUIRE rights to BRATZ, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR

-18-

RELATE TO such facts.

**INTERROGATORY NO. 37:**

State all facts that support YOUR contention, if YOU so contend, that BRYANT did not breach the INVENTIONS AGREEMENT when BRYANT purported to TRANSFER rights to BRATZ to MGA, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

**INTERROGATORY NO. 38:**

State all facts that support YOUR contention, if YOU so contend, that BRYANT did not breach BRYANT's duty of loyalty or fiduciary duties to MATTEL when BRYANT performed work or services with or for MGA while BRYANT was employed by MATTEL, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

**Topic No. 87:** Any investigation or inquiry YOU conducted to confirm the timing of BRYANT'S work prior to executing the BRYANT/MGA AGREEMENT, including but not limited to DOCUMENTS and COMMUNICATIONS RELATING thereto.

**INTERROGATORY NO. 36:**

State all facts that support YOUR contention, if YOU so contend, that YOU acted with an innocent state of mind or reasonably believed that MATTEL did not own any rights in any BRATZ INVENTION when BRYANT purported to TRANSFER and MGA purported to ACQUIRE rights to BRATZ, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

The Topics do not seek testimony on the exact subjects of the Interrogatories, contrary to MGA's assertion. For example, Topic No. 82 seeks testimony concerning whether the Bryant and MGA Agreement was lawful when entered into. MGA asserts that Topic No. 82 is duplicative of Interrogatory No. 31. Interrogatory No. 31, however, seeks information concerning Mattel and Bryant's Inventions Agreement, a separate issue. Importantly, even assuming that the Topics are

1 cumulative or duplicative of Mattel's Interrogatories (and they are not) MGA does
2 not show how the deposition topics are <u>unreasonably</u> so. Indeed, if anything, Mattel
3 has the right to follow up with a witness on the response to those interrogatories.

4         In support of its position, MGA relies on case law granting protective
5 orders when <u>Rule</u> 30(b)(6) deposition topics mirror propounded interrogatories, or
6 when the responding party has already provided a sworn response to an
7 interrogatory stating that the information sought by the deposition topic does not
8 exist. <u>See</u> <u>CSX Transp., Inc. v. Vela</u>, 2007 WL 3334966, *3-*6 (S.D. Ind. Nov. 8,
9 2007) (Motion, 24:17-22, Separate Statement 65:6-9, 66:21-24, and 69:12-15). As
10 discussed above, the Topics are not mirrors of Mattel's interrogatories. Further,
11 MGA has not provided sworn statements stating that the requested information does
12 not exist. Importantly, it points to such evidence in its Motion.

13         MGA also relies on <u>McCormick Morgan, Inc. v. Teledyne Indus., Inc.</u>,
14 134 F.R.D. 275 (N.D.Cal. 1991) for the proposition that Mattel should not be
15 permitted to seek the same discovery in both deposition and through interrogatories.
16 (Motion at 24:22-24, Separate Statement 65:9-12, 66:25-67:2, and 69:16-20).
17 <u>McCormick</u>, however, finds that, in a highly complicated patent action, contention
18 interrogatories are appropriate when seeking information concerning all facts and
19 evidence in support of a contention, and testimony best answered by lawyers
20 because the subjects call for "quasi legal arguments." <u>Id</u>. at 286-87. <u>McCormick</u>
21 does not assert that interrogatories and deposition topics pursuing some potentially
22 overlapping factual information are mutually exclusive. <u>See</u> <u>id</u>. at 286. Further,
23 Mattel's deposition topics do not call for MGA to "set forth in full detail every item
24 of evidence and every aspect of legal argument or authority that had any tendency to
25 help or support any position (factual or legal) [MGA] was taking in the litigation,"
26 as was the concern in <u>McCormick</u>. <u>Id</u>. Here, Mattel seeks specific, factual
27 information concerning MGA's understanding of the facts surrounding its hiring of
28 Bryant. Mattel does not seek "complex, quasi-legal arguments" to which only a

-20-

1  lawyer may respond. Accordingly, MGA's authority does not support its

2  proposition that interrogatories and deposition topics are mutually exclusive, and

3  Mattel should not be confined to testimony received through MGA's responses to

4  interrogatories somewhat related to the Topics.

5  ### Conclusion

6        For the reasons set forth above, Mattel respectfully requests that the

7  Court deny MGA's Motion for Protective Order in its entirety.

8

9  DATED:  April 25, 2008      QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

10

11            By /s/ Jon D. Corey

12            Jon D. Corey
          Attorneys for Mattel, Inc.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

07209/2485162.1

-21-

MATTEL'S OPPOSITION TO MOTION FOR PROTECTIVE ORDER RE: FOURTH DEPOSITION NOTICE.