QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br>Consolidated with<br>Case Nos. CV 04-09059 & CV 05-2727<br><br>MATTEL, INC.'S RESPONSE TO SEPARATE STATEMENT NO. 1 [Re FOURTH MGA NOTICE] IN SUPPORT OF MGA'S MOTION FOR PROTECTIVE ORDER FROM MATTEL INC.'S DEPOSITION NOTICES TO MGA ENTERTAINMENT, INC. AND MGAE DE MEXICO, S.R.L. DE C.V PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)<br><br>Date: TBA<br>Time: TBA<br>Place: TBA<br><br>**Phase 1:**<br>Discovery Cut-Off:    January 28, 2008<br>Pre-Trial Conference: May 19, 2008<br>Trial Date:             May 27, 2008 |

07209/2483403.1

1 | **MATTEL'S TOPIC NO. 82:**

2 |       YOUR understanding or belief of whether the BRYANT/MGA

3 | AGREEMENT was lawful when YOU entered into it, and DOCUMENTS and

4 | COMMUNICATIONS related thereto.

5

6 | **MGA'S REASON FOR PROTECTIVE ORDER RE TOPIC NO. 82:**

7 |       The Court should order that the discovery sought in this Topic be

8 | forbidden as unduly burdensome because it is unreasonably cumulative and

9 | duplicative of Mattel's Revised Third Set Of Interrogatories Nos. 30, 31, 34, 35, 36,

10 | 37 and 38. <u>See</u> Fed. R. Civ. Proc. 26(c)(1)(A), 26(b)(2)(C)(i). This Topic seeks a

11 | wide variety of detailed factual information about MGA's agreement with Carter

12 | Bryant. However, Mattel has already propounded interrogatories seeking the same

13 | information. Good cause for this order exists because limiting the burden and

14 | expense to MGA of preparing a witness or witnesses to testify on this Topic far

15 | outweighs the scant benefit Mattel would obtain from the testimony, particularly

16 | where MGA has already provided Mattel with discovery responses concerning the

17 | subject matter of this Topic. <u>CSX Transp. v. Vela</u>, 2007 WL 3334966, at *6 (S.D.

18 | Ind. 2007) (granting motion for protective order where party sought 30(b)(6)

19 | deposition on matters the noticed party had previously answered in discovery

20 | because "additional testimony is unduly burdensome"); <u>McCormick-Morgan, Inc. v.</u>

21 | <u>Teledyne Indus.</u>, 134 F.R.D. 275, 286 87 (N.D. Cal.) (there is "no reason to permit

22 | the parties in this case to pursue the kind of information [at issue] through more than

23 | one discovery device"), rev'd in part on other grounds, 765 F. Supp. 611 (N.D. Cal.

24 | 1991).

25

26 | **MATTEL'S RESPONSE TO REASON NO. 82:**

27 |       The <u>Federal Rules of Civil Procedure</u>, do not preclude a party from

28 | employing both <u>Rule</u> 30(b)(6) depositions and contention interrogatories to seek

07209/2483403.1

MATTEL, INC.'S RESPONSE TO MGA'S SEPARATE STATEMENT NO. 1 [Re FOURTH MGA NOTICE]

1 important information. See Security Ins. Co. of Hartford v. Trustmark Ins. Co., 218

2 F.R.D. 29, 34 (D.Conn., 2003) ("nothing precludes a deposition either in lieu of or

3 in conjunction with such interrogatories").

4        Indeed, while the Interrogatories that MGA believes Topic No. 82 to be

5 duplicative of may contain some overlapping facts, the overlap is not so substantial

6 as to render the Topics "unreasonably cumulative or duplicative" of the

7 interrogatories. Further, the interrogatories focus on issues separate from Topic No.

8 82. A comparison of Topic No. 82 and the Interrogatories that MGA believes to be

9 duplicative is illustrative:

| Rule 30(b)(6) Deposition Topic | Interrogatories[1] |
|---|---|
| **Topic No. 82:** YOUR understanding or belief of whether the BRYANT/MGA AGREEMENT was lawful when YOU entered into it, and DOCUMENTS and COMMUNICATIONS related thereto. | **INTERROGATORY NO. 30:**<br><br>State all facts that support YOUR contention, if YOU so contend, that, assuming BRYANT assigned rights in any BRATZ INVENTION to MATTEL pursuant to the INVENTIONS AGREEMENT, MGA is entitled to priority over and/or has superior rights to MATTEL as to such BRATZ INVENTION, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such facts.<br><br>**INTERROGATORY NO. 31:**<br><br>State all facts that support YOUR contention, if YOU so contend, that the INVENTIONS AGREEMENT is not valid and enforceable, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such facts.<br><br>**INTERROGATORY NO. 34:**<br><br>State all facts that support YOUR contention, if YOU so contend, that |

[1] All citations for the Interrogatories in this table are to Mattel, Inc.'s Revised Third Set of Interrogatories, dated September 21, 2007, Corey Dec., Exh. 7.

1    YOU did not intentionally interfere with
     the INVENTIONS AGREEMENT when
2    BRYANT purported to TRANSFER and
     MGA purported to ACQUIRE rights to
3    BRATZ, and IDENTIFY all PERSONS
     with knowledge of such facts and all
4    DOCUMENTS that REFER OR
     RELATE TO such facts.
5
     **INTERROGATORY NO. 35:**
6
7    State all facts that support YOUR
     contention, if YOU so contend, that
     YOU did not aid or abet any breach of
8    fiduciary duty or duty of loyalty owed by
     BRYANT to MATTEL when BRYANT
9    performed work or services with or for
     MGA while BRYANT was employed by
10   MATTEL, and IDENTIFY all
     PERSONS with knowledge of such facts
11   and all DOCUMENTS that REFER OR
     RELATE TO such facts.
12
     **INTERROGATORY NO. 36:**
13
14   State all facts that support YOUR
     contention, if YOU so contend, that
15   YOU acted with an innocent state of
     mind or reasonably believed that
16   MATTEL did not own any rights in any
     BRATZ INVENTION when BRYANT
     purported to TRANSFER and MGA
17   purported to ACQUIRE rights to
     BRATZ, and IDENTIFY all PERSONS
18   with knowledge of such facts and all
     DOCUMENTS that REFER OR
19   RELATE TO such facts.
20   **INTERROGATORY NO. 37:**
21   State all facts that support YOUR
     contention, if YOU so contend, that
22   BRYANT did not breach the
     INVENTIONS AGREEMENT when
23   BRYANT purported to TRANSFER
     rights to BRATZ to MGA, and
24   IDENTIFY all PERSONS with
     knowledge of such facts and all
25   DOCUMENTS that REFER OR
     RELATE TO such facts.
26   **INTERROGATORY NO. 38:**
27   State all facts that support YOUR
28   contention, if YOU so contend, that

07209/2483403.1

-4-

1
2
3
4
5

BRYANT did not breach BRYANT's duty of loyalty or fiduciary duties to MATTEL when BRYANT performed work or services with or for MGA while BRYANT was employed by MATTEL, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

6  Topic No. 82 does not seek testimony on the exact subjects of these Interrogatories,

7  as asserted by MGA. For example, Topic No. 82 seeks testimony concerning

8  MGA's understanding whether the Bryant and MGA Agreement was lawful when

9  entered into. MGA asserts that Topic No. 82 is duplicative of Interrogatory No. 31.

10  Interrogatory No. 31, however, seeks information concerning Mattel and Bryant's

11  Inventions Agreement, a separate issue. Importantly, even assuming that the Topic

12  No. 82 is cumulative or duplicative of Mattel's Interrogatories (and it is not) MGA

13  does not show how it is <u>unreasonably</u> so. Indeed, if anything, Mattel has the right to

14  follow up with a witness on the response to those Interrogatories.

15  In support of its position, MGA relies on case law granting protective

16  orders when <u>Rule</u> 30(b)(6) deposition topics mirror propounded interrogatories, or

17  when the responding party has already provided a sworn response to an

18  interrogatory stating that the information sought by the deposition topic does not

19  exist. See <u>CSX Transp., Inc. v. Vela</u>, 2007 WL 3334966, *3-*6 (S.D. Ind. Nov. 8,

20  2007). As discussed above, Topic No. 82 is not a mirror of Mattel's Interrogatories.

21  Further, MGA has not provided sworn statements stating that the requested

22  information does not exist.

23  MGA also relies on <u>McCormick Morgan, Inc. v. Teledyne Indus., Inc.</u>,

24  134 F.R.D. 275 (N.D.Cal. 1991) for the proposition that Mattel should not be

25  permitted to seek the same discovery in both deposition and through interrogatories.

26  <u>McCormick</u>, however, finds that, in a highly complicated patent action, contention

27  interrogatories are appropriate when seeking information concerning all facts and

28  evidence in support of a contention, and testimony best answered by lawyers

1 | because the subjects call for "quasi legal arguments." Id. at 286-87. McCormick
2 | does not assert that interrogatories and deposition topics pursuing some potentially
3 | overlapping factual information are mutually exclusive. See id. at 286. Further,
4 | Mattel's deposition topics do not call for MGA to "set forth in full detail every item
5 | of evidence and every aspect of legal argument or authority that had any tendency to
6 | help or support any position (factual or legal) [MGA] was taking in the litigation,"
7 | as was the concern in McCormick. Id. Here, Mattel seeks specific, factual
8 | information concerning MGA's understanding of the facts surrounding its hiring of
9 | Bryant. Mattel does not seek "complex, quasi-legal arguments" to which only a
10 | lawyer may respond. Accordingly, MGA's authority does not support its
11 | proposition that interrogatories and deposition topics are mutually exclusive, and
12 | Mattel should not be confined to testimony received through MGA's responses to
13 | interrogatories somewhat related to the Topics.

14

15 | **MATTEL'S TOPIC NO. 84:**

16 | The factual basis for YOUR alleged belief that YOU had the right to
17 | market products developed as a result of the BRYANT/MGA AGREEMENT and to
18 | the lawful right to fully exploit the drawings drawn and presented by BRYANT
19 | prior to the execution of the BRYANT/MGA AGREEMENT, and the
20 | DOCUMENTS and COMMUNICATIONS YOU so relied upon when YOU entered
21 | into the agreement.

22

23 | **MGA'S REASON FOR PROTECTIVE ORDER RE TOPIC NO. 84:**

24 | The Court should order that the discovery sought in this Topic be
25 | forbidden as unduly burdensome because it is unreasonably cumulative and
26 | duplicative of Mattel's Revised Third Set Of Interrogatories Nos. 30, 36, 37 and 38.
27 | See Fed. R. Civ. Proc. 26(c)(1)(A), 26(b)(2)(C)(i). This Topic seeks a wide variety
28 | of detailed factual information about MGA's agreement with Carter Bryant and

1  underlying documents and communications. However, Mattel has already

2  propounded interrogatories seeking the same information. Good cause for this order

3  exists because limiting the burden and expense to MGA of preparing a witness or

4  witnesses to testify on this Topic far outweighs the scant benefit Mattel would

5  obtain from the testimony, particularly where MGA has already provided Mattel

6  with discovery responses concerning the subject matter of this Topic. CSX

7  Transp. v. Vela, 2007 WL 3334966, at *6 (S.D. Ind. 2007) (granting motion for

8  protective order where party sought 30(b)(6) deposition on matters the noticed party

9  had previously answered in discovery because "additional testimony is unduly

10  burdensome"); McCormick-Morgan, Inc. v. Teledyne Indus., 134 F.R.D. 275, 286-

11  87 (N.D. Cal.) (there is "no reason to permit the parties in this case to pursue the

12  kind of information [at issue] through more than one discovery device"), rev'd in

13  part on other grounds, 765 F. Supp. 611 (N.D. Cal. 1991). This Topic is also an

14  improper contention interrogatory. McCormick, 134 F.R.D. at 286-87.

15

16  **MATTEL'S RESPONSE TO REASON NO. 84:**

17

18          **Mattel Is Not Required To Obtain The Requested Discovery In Topic**

19          **Nos. 84 Through Only Contention Interrogatories**

20          Rule 26 permits Mattel to take discovery of relevant information. It

21  does not state that the responding party may dictate the form in which the discovery

22  is propounded. MGA baldly asserts that Topic No. 84 "is also an improper

23  contention interrogatory." MGA fails to explain why MGA may elect not to

24  produce a witness in response thereto based solely on its purported belief that

25  Mattel's deposition topics are better set forth as contention interrogatories. That

26  MGA would prefer to respond to contention interrogatories does not render Mattel's

27  deposition topics improper. MGA's attempt to dictate to Mattel the particular

28  method of discovery Mattel employs is unavailing.

1.   The Various Discovery Methods Authorized By the Federal
Rules Are Not Mutually Exclusive, And Mattel Is Not Required
to Propound Interrogatories In Lieu of Deposition Testimony

MGA cites no law requiring Mattel to request the information it seeks in Topic No. 84 only in the form of a contention interrogatory. Unlike interrogatories, depositions permit the party seeking discovery to ask follow up questions based on the answers to the prior question. Additionally, a responding party's efforts at evasion are more easily dealt with in deposition, where the examiner is able to persist in the examination and obtain a satisfactory response within a matter of minutes. In contrast, evasive answers to interrogatories often cannot be cured until several months have elapsed – after the parties have engaged in substantial meet and confer efforts, possible motions to compel, and the preparation of supplemental responses. Indeed, many courts have recognized that contention interrogatories simply are not an adequate substitute for depositions. See Ieradi v. Lorillard, Inc., 1991 WL 158911 at *2 (E.D. Pa. 1991) (answers to interrogatories "are an inadequate substitute" for deposition testimony pursuant to Rule 30(b)(6)); and Bendt v. G.D. Searle & Co., 1990 WL 299926 at *1 (D. Minn. 1990) ("Interrogatories are not substitutes for depositions, and are not per se more efficient or economical."). Here, there is no reasonable basis for requiring Mattel to employ the discovery vehicle of MGA's choice, rather than Mattel's. See Security Ins. Co. of Hartford v. Trustmark Ins. Co., 218 F.R.D. 29, 34 (D.Conn., 2003) ("It is of no consequence that contention interrogatories may be the more appropriate route to obtain the information as nothing precludes a deposition either in lieu of or in conjunction with such interrogatories").

2.   Depositions Are An Appropriate Vehicle For Learning The
Factual Bases For a Party's Claims or Defenses

MGA argues that deposition topics asking for facts supporting its claims or defenses are improper and that such information may be obtained only

-8-

1 | through contention interrogatories.  Not so.  Contrary to MGA's claim, there is

2 | nothing improper about <u>Rule</u> 30(b)(6) deposition topics that seek the factual basis

3 | for a party's claims or defenses.  <u>AMP, Inc. v. Fujitsu Microelectronics, Inc.</u>, 853 F.

4 | Supp. 808, 831 (M.D. Pa. 1994) (compelling a corporate defendant to produce a

5 | <u>Rule</u> 30(b)(6) witness to answer questions regarding the contentions and affirmative

6 | defenses detailed in defendants' answer and counterclaim).  Rule 30(b)(6) requires a

7 | corporation served with a deposition notice to provide a witness to testify to matters

8 | "known or reasonably available" to the corporation.  It is not unreasonable to

9 | conclude that someone at MGA believed there were factual bases for its claims or

10 | defenses.  <u>Id</u>.

11 | Moreover, MGA's <u>Rule</u> 30(b)(6) deposition notice to Mattel contained

12 | similar requests.  For example, MGA's deposition topics include:

> YOUR knowledge of all acts YOU contend are the
> predicate acts constituting a pattern of racketeering
> activity in violation of RICO as alleged in paragraph 93 of
> YOUR COUNTERCLAIMS and Exhibit C to YOUR
> COUNTERCLAIMS. [MGA Deposition Topic No. 7 to
> Mattel.][2]

> MGA's alleged theft of "BRATZ" from YOU, including
> but not limited to (a) MGA's showing of BRATZ
> prototypes or products to focus groups and retailers in
> November 2000 as alleged in paragraph 29 of YOUR
> COUNTERCLAIMS; (b) MGA's and LARIAN's alleged
> encouragement, aiding, and financing of BRYANT to
> develop BRATZ while he was a MATTEL employee as
> alleged in paragraph 33 of YOUR COUNTERCLAIMS;
> and (c) BRYANT's and MGA's alleged concealment of
> facts that prevented MATTEL from discovering that
> MATTEL allegedly was the true owner of BRATZ as
> alleged in paragraph 35 of YOUR COUNTERCLAIMS.
> [MGA Deposition Topic 9 to Mattel.][3]

---

[2] MGA's Notice of Deposition of Mattel, Inc. Pursuant to Fed. R. Civ. P.
30(b)(6), dated September 5, 2007, attached to the Corey Dec., Exh. 6.

[3] <u>Id</u>.

07209/2483403.1

1  | To the extent not covered by any of the topics above, the
2  | identity of any product, project or concept that YOU
   | contend MGA copied or infringed or about which YOU
   | contend that MGA misappropriated MATTEL'S trade
3  | secrets or other confidential information, and, for each
   | such product, project or concept, (a) all facts concerning
4  | its origin, creation, design and development; and (b) any
   | facts underlying YOUR claim or contention that MGA
5  | copied or infringed such product, project or concept; and
   | (c) MGA's use of MATTEL's intellectual property,
6  | confidential information or trade secret information in
   | connection therewith. [MGA Deposition Topic No. 39 to
7  | Mattel.][4]

8  | The facts supporting each of the Affirmative Defenses in
   | YOUR Second Amended Answer in Case No. 05-2727,
9  | dated July 12, 2007.  [MGA Deposition Topic No. 64 to
   | Mattel.][5]

10  Indeed, MGA did not even restrict itself to asking Mattel to designate a witness on

11  the factual bases for Mattel's claims and defense; MGA went so far as to ask Mattel

12  to designate a corporate witness on the factual bases for MGA's defenses to Mattel's

13  claims:

14  | The facts REFERRING OR RELATING to MGA's Third
15  | Affirmative Defense of Unclean Hands in MGA's Answer
   | and Affirmative Defenses dated August 13, 2007,
16  | including, but not limited to: (a) MATTEL'S efforts to
   | undermine MGA's business and to "kill" Bratz at any cost,
17  | including but not limited to Mattel's efforts to infringe and
   | dilute MGA's trade dress, copy MGA's products,
18  | packaging, themes, and advertising (including for Mattel
   | products MY SCENE, DIVA STARZ, WEE 3 FRIENDS,
19  | ACCELERACERS; and POLLY POCKET) and engage in
   | other acts of unfair competition against MGA as alleged in
20  | MGA's complaint against MATTEL; (b) MATTEL'S
   | efforts to create negative publicity or press about MGA,
21  | MGA products, BRYANT, LARIAN, or MGA employees;
   | (c) MATTEL'S efforts to fund or commission market
22  | research or studies that portray BRATZ or MGA products
   | negatively; (d) MATTEL'S efforts to interfere with MGA's
23  | acquisition of or investment in Zapf Creation AG;
   | (e) MATTEL'S efforts to include negative references to
24  | MGA or BRATZ on MATTEL's "We Believe in Girls"
   | website; (f) MATTEL'S efforts or intent to interfere with
25  | business dealings or contractual relations between MGA

26

27  [4] Id.
28  [5] Id.

-10-

1  and Smoby Group; (g) influencing Nickelodeon to reject
   MGA advertisements or to limit time slots for
2  advertisements; (h) assisting parties in lawsuits against
   MGA; (i) monitoring, "spying on" or gaining knowledge
3  of MGA's trade secrets, non-public information, non-
   public activities, unreleased products, and/or product
4  development; (j) gaining access, or attempts to gain
   access, to MGA showrooms, Plan-o-Grams,
5  merchandising displays, Toy Fair displays on false
   pretenses; (k) wrongfully obtaining MGA's costs and sales
6  information through Mattel-employed category managers
   at retailers; (l) inducing non-party customers to breach
7  confidentiality agreements with MGA and divulge non-
   public, information about MGA's unreleased products;
8  (m) covertly investigating MGA, its officers and
   employees, and their family members; (n) contacting
9  persons under false pretense in order to interrogate them
   about BRATZ and this litigation; (o) coercing MATTEL
10 employees to accept restrictive covenants (right before
   massive layoffs) and non-compete clauses and other
11 efforts to prevent prospective MGA employees from.
   accepting offers of employment; (p) M MATTEL'S delay
12 in suing BRYANT because, *inter alia*, MATTEL wanted
   BRYANT to testify in an unrelated MATTEL case;
13 (q) falsely inflating its BARBIE sales figures in an effort
   to mislead the public and retailers; and (r) taking all
14 measures to conceal its bad acts, including the willful non-
   retention and destruction of documents.   [MGA
15 Deposition Topic No. 65 to Mattel.][6]

16     MGA should not be permitted to require Mattel to produce corporate

17 witnesses on topics concerning the factual support for Mattel's claims and defenses,

18 but then refuse to submit to similar examination by Mattel.  MGA has not provided

19 any authority that would permit such grossly unfair and one-sided discovery tactics,

20 and its request for a protective order should be denied.

21 ### Topics No. 84 Is Not Unreasonably Cumulative Or Duplicative of Prior

22 ### Interrogatories

23     The <u>Federal Rules of Civil Procedure</u>, do not preclude a party from

24 employing both <u>Rule</u> 30(b)(6) depositions and contention interrogatories to seek

25

26

27  [6] <u>Id</u>.

28

1   important information.  <u>Security</u>, 218 F.R.D. at 34 ("nothing precludes a deposition

2   either in lieu of or in conjunction with such interrogatories").

3            Indeed, while the Interrogatories that MGA believes the Topic No. 84

4   to be duplicative of may contain some overlapping facts, the overlap is not so

5   substantial as to render the Topic "<u>unreasonably</u> cumulative or duplicative" of the

6   Interrogatories.  Further, the Interrogatories focus issues separate from the Topic.  A

7   comparison of Topic No. 84 and the Interrogatories that MGA believes to be

8   duplicative is illustrative:

| __Rule 30(b)(6) Deposition Topic__ | __Interrogatories__[7] |
|---|---|
| **Topic No. 84:** The factual basis for YOUR alleged belief that YOU had the right to market products developed as a result of the BRYANT/MGA AGREEMENT and to the lawful right to fully exploit the drawings drawn and presented by BRYANT prior to the execution of the BRYANT/MGA AGREEMENT, and the DOCUMENTS and COMMUNICATIONS YOU so relied upon when YOU entered into the agreement. | **INTERROGATORY NO. 30:**<br><br>State all facts that support YOUR contention, if YOU so contend, that, assuming BRYANT assigned rights in any BRATZ INVENTION to MATTEL pursuant to the INVENTIONS AGREEMENT, MGA is entitled to priority over and/or has superior rights to MATTEL as to such BRATZ INVENTION, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such facts.<br><br>**INTERROGATORY NO. 36:**<br><br>State all facts that support YOUR contention, if YOU so contend, that YOU acted with an innocent state of mind or reasonably believed that MATTEL did not own any rights in any BRATZ INVENTION when BRYANT purported to TRANSFER and MGA purported to ACQUIRE rights to BRATZ, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such facts. |

[7]   All citations for the Interrogatories in this table are to Mattel, Inc.'s Revised Third Set of Interrogatories, dated September 21, 2007, Corey Dec., Exh. 7.

MATTEL, INC.'S  RESPONSE TO MGA'S SEPARATE STATEMENT NO. 1 [Re FOURTH MGA NOTICE]

07209/2483403.1

**INTERROGATORY NO. 37:**

State all facts that support YOUR contention, if YOU so contend, that BRYANT did not breach the INVENTIONS AGREEMENT when BRYANT purported to TRANSFER rights to BRATZ to MGA, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

**INTERROGATORY NO. 38:**

State all facts that support YOUR contention, if YOU so contend, that BRYANT did not breach BRYANT's duty of loyalty or fiduciary duties to MATTEL when BRYANT performed work or services with or for MGA while BRYANT was employed by MATTEL, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

Topic No. 84 does not seek testimony on the exact subjects of these Interrogatories, contrary to MGA's assertion.  Topic No. 84 seeks testimony concerning MGA's beliefs that it could market products as a result of its agreement with Bryant, and the facts surrounding its entering of the agreement.  MGA asserts that Topic No. 82 is duplicative of Interrogatories seeking information concerning Mattel's agreements with Bryant, and Bryant's duties and acts hereunder.  Importantly, even assuming that Topic No. 84 is cumulative or duplicative of Mattel's Interrogatories (and it is not) MGA does not show how the deposition topic is <u>unreasonably</u> so.  Indeed, if anything, Mattel has the right to follow up with a witness on the response to those interrogatories.

In support of its position, MGA relies on case law granting protective orders when <u>Rule</u> 30(b)(6) deposition topics mirror propounded interrogatories, or when the responding party has already provided a sworn response to an interrogatory stating that the information sought by the deposition topic does not

-13-

1  exist.  See CSX Transp., Inc. v. Vela, 2007 WL 3334966, *3-*6 (S.D. Ind. Nov. 8,

2  2007).  As discussed above, the Topic is not a mirror of Mattel's Interrogatories.

3  Further, MGA has not provided sworn statements stating that the requested

4  information does not exist.

5  　 　 MGA also relies on McCormick Morgan, Inc. v. Teledyne Indus., Inc.,

6  134 F.R.D. 275 (N.D.Cal. 1991) for the proposition that Mattel should not be

7  permitted to seek the same discovery in both deposition and through interrogatories.

8  McCormick, however, finds that, in a highly complicated patent action, contention

9  interrogatories are appropriate when seeking information concerning all facts and

10  evidence in support of a contention, and testimony best answered by lawyers

11  because the subjects call for "quasi legal arguments."  Id. at 286-87.  McCormick

12  does not assert that interrogatories and deposition topics pursuing some potentially

13  overlapping factual information are mutually exclusive.  See id. at 286.  Further,

14  Mattel's deposition topics do not call for MGA to "set forth in full detail every item

15  of evidence and every aspect of legal argument or authority that had any tendency to

16  help or support any position (factual or legal) [MGA] was taking in the litigation,"

17  as was the concern in McCormick.  Id.  Here, Mattel seeks specific, factual

18  information concerning MGA's understanding of the facts and its rights as a result of

19  its agreement with Bryant.  Mattel does not seek "complex, quasi-legal arguments"

20  to which only a lawyer may respond.  Accordingly, MGA's authority does not

21  support its proposition that interrogatories and deposition topics are mutually

22  exclusive, and Mattel should not be confined to testimony received through MGA's

23  responses to interrogatories somewhat related to the Topic.

24

25

26

27

28

-14-

1 **MATTEL'S TOPIC NO. 87:**

2    Any investigation or inquiry YOU conducted to confirm the timing of

3 BRYANT'S work prior to executing the BRYANT/MGA AGREEMENT, including

4 but not limited to DOCUMENTS and COMMUNICATIONS RELATING thereto.

5

6 **MGA'S REASON FOR PROTECTIVE ORDER RE TOPIC NO. 87:**

7    The Court should order that the discovery sought in this Topic be

8 forbidden as unduly burdensome because it is unreasonably cumulative and

9 duplicative of Mattel's Revised Third Set Of Interrogatories No. 36. See Fed. R. Civ.

10 Proc. 26(c)(1)(A), 26(b)(2)(C)(i). This Topic seeks a wide variety of detailed factual

11 information about MGA's investigation of Carter Bryant's work and underlying

12 documents and communications. However, Mattel has already propounded

13 interrogatories seeking the same information. Good cause for this order exists

14 because limiting the burden and expense to MGA of preparing a witness or

15 witnesses to testify on this Topic far outweighs the scant benefit Mattel would

16 obtain from the testimony, particularly where MGA has already provided Mattel

17 with discovery responses concerning the subject matter of this Topic. CSX

18 Transp. v. Vela, 2007 WL 3334966, at *6 (S.D. Ind. 2007) (granting motion for

19 protective order where party sought 30(b)(6) deposition on matters the noticed party

20 had previously answered in discovery because "additional testimony is unduly

21 burdensome"); McCormick-Morgan, Inc. v. Teledyne Indus., 134 F.R.D. 275, 286-

22 87 (N.D. Cal.) (there is "no reason to permit the parties in this case to pursue the

23 kind of information [at issue] through more than one discovery device"), rev'd in

24 part on other grounds, 765 F. Supp. 611 (N.D. Cal. 1991). This Topic is also an

25 improper contention interrogatory. McCormick, 134 F.R.D. at 286-87.

26

27

28

1 | **MATTEL'S RESPONSE TO REASON NO. 87:**

2       Mattel incorporates its responses to MGA's Reason For Protective

3 | Order Re Topic Nos. 82 and 84.

4       Further, the <u>Federal Rules of Civil Procedure</u> do not preclude a party

5 | from employing both <u>Rule</u> 30(b)(6) depositions and contention interrogatories to

6 | seek important information. <u>Security</u>, 218 F.R.D. at 34 ("nothing precludes a

7 | deposition either in lieu of or in conjunction with such interrogatories").

8       Indeed, while the Interrogatory that MGA believes Topic No. 87 to be

9 | duplicative of may contain some overlapping facts, the overlap is not so substantial

10 | as to render the Topic "<u>unreasonably</u> cumulative or duplicative" of the Interrogatory.

11 | Further, the Interrogatory focuses on issues separate from the Topic. A comparison

12 | of Topic No. 87 and the Interrogatory that MGA believes to be duplicative is

13 | illustrative:

14

| <u>**Rule 30(b)(6) Deposition Topic**</u> | <u>**Interrogatories**</u> |
|---|---|
| **Topic No. 87:** Any investigation or inquiry YOU conducted to confirm the timing of BRYANT'S work prior to executing the BRYANT/MGA AGREEMENT, including but not limited to DOCUMENTS and COMMUNICATIONS RELATING thereto. | **INTERROGATORY NO. 36:**[8] <br><br> State all facts that support YOUR contention, if YOU so contend, that YOU acted with an innocent state of mind or reasonably believed that MATTEL did not own any rights in any BRATZ INVENTION when BRYANT purported to TRANSFER and MGA purported to ACQUIRE rights to BRATZ, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such facts. |

Topic No. 87 does not seek testimony on the exact subject of Interrogatory No. 36,

as asserted by MGA. Topic No. 87 seeks testimony concerning MGA's

    [8] Mattel, Inc.'s Revised Third Set of Interrogatories, dated September 21, 2007,
Corey Dec., Exh. 7.

07209/2483403.1

1   investigation prior to executing its agreement with Bryant. MGA asserts that Topic
2   No. 82 is duplicative of Interrogatory No. 36. Interrogatory No. 36, however, seeks
3   information about MGA's beliefs concerning Mattel's rights to BRATZ, a separate
4   issue. Importantly, even assuming that the Topic is cumulative or duplicative of
5   Mattel's Interrogatories (and it is not) MGA does not show how the deposition topic
6   is <u>unreasonably</u> so. Indeed, if anything, Mattel has the right to follow up with a
7   witness on the response to those interrogatories.

8           In support of its position, MGA relies on case law granting protective
9   orders when <u>Rule</u> 30(b)(6) deposition topics mirror propounded interrogatories, or
10  when the responding party has already provided a sworn response to an
11  interrogatory stating that the information sought by the deposition topic does not
12  exist. <u>See</u> <u>CSX Transp., Inc. v. Vela</u>, 2007 WL 3334966, *3-*6 (S.D. Ind. Nov. 8,
13  2007). As discussed above, Topic No. 87 is not a mirror of Mattel's Interrogatory.
14  Further, MGA has not provided sworn statements stating that the requested
15  information does not exist.

16          MGA also relies on <u>McCormick Morgan, Inc. v. Teledyne Indus., Inc.</u>,
17  134 F.R.D. 275 (N.D.Cal. 1991) for the proposition that Mattel should not be
18  permitted to seek the same discovery in both deposition and through interrogatories.
19  <u>McCormick</u>, however, finds that, in a highly complicated patent action, contention
20  interrogatories are appropriate when seeking information concerning all facts and
21  evidence in support of a contention, and testimony best answered by lawyers
22  because the subjects call for "quasi legal arguments." <u>Id.</u> at 286-87. <u>McCormick</u>
23  does not assert that interrogatories and deposition topics pursuing some potentially
24  overlapping factual information are mutually exclusive. <u>See id.</u> at 286. Further,
25  Mattel's deposition topics do not call for MGA to "set forth in full detail every item
26  of evidence and every aspect of legal argument or authority that had any tendency to
27  help or support any position (factual or legal) [MGA] was taking in the litigation,"
28  as was the concern in <u>McCormick</u>. <u>Id.</u> Here, Mattel seeks specific, factual

1 information concerning MGA's understanding of the facts surrounding its hiring of

2 Bryant. Mattel does not seek "complex, quasi-legal arguments" to which only a

3 lawyer may respond. Accordingly, MGA's authority does not support its

4 proposition that interrogatories and deposition topics are mutually exclusive, and

5 Mattel should not be confined to testimony received through MGA's responses to

6 interrogatories somewhat related to Topic No. 87.

7

8 **MATTEL'S TOPIC NO. 94:**

9         The identity of each doll, accessory, product, work or item produced,

10 developed, manufactured, licensed, sold or offered for sale by or for YOU or on

11 YOUR behalf that was BASED ON any BRATZ DESIGN or any design derivative

12 of any BRATZ DESIGN.

13

14 **MGA'S REASON FOR PROTECTIVE ORDER RE TOPIC NO. 94:**

15         The Court should order that the discovery sought through this Topic be

16 forbidden as unduly burdensome as not described with reasonable particularity. Fed.

17 Rule Civ. Proc. 26(c)(1)(A), 26(b)(2)(C)(iii). This Topic is a contention

18 interrogatory seeking detailed factual information about "each doll, accessory,

19 product, work or item produced, developed, manufactured, licensed, sold or offered

20 for sale by or for" MGA, which fails to describe the topics of deposition with

21 reasonable particularity, and good cause exists to forbid Mattel from misusing a

22 Rule 30(b)(6) notice in the place of properly-framed contention interrogatories. In re

23 Independent Service Orgs. Antitrust Litig., 168 F.R.D. 651, 654 (D. Kan. 1996) (a

24 "party is not required to have counsel marshal all of its factual proof and prepare a

25 witness to be able to testify on a given defense or counterclaim"); McCormick-

26 Morgan, Inc. v. Teledyne Indus., 134 F.R.D. 275, 286-87 (N.D. Cal.) (there is no

27 reason to permit the parties in this case to pursue the kind of information [at issue]

28

1  through more than one discovery device"), rev'd in part on other grounds, 765 F.

2  Supp. 611 (N.D. Cal. 1991).

3

4  **MATTEL'S RESPONSE TO REASON NO. 94:**

5         Mattel incorporates its Response to Reason No. 84.

6

7  ## Topic No. 94 is Described with Reasonable Particularity

8         Further, MGA claims that Topic No. 94 is "unduly burdensome as not

9  described with reasonable particularity." Tellingly, MGA does not specifically

10  address what about Topic 94 is not described "with reasonable particularity." Topic

11  No. 94 seeks specific information concerning the items MGA created using BRATZ

12  related materials. This Topic seeks, as narrowly as possible, testimony concerning

13  the items, based on Mattel's copyrights, created by MGA.

14

15  ## MGA Failed To Show That The Deposition Topics Are Unduly
16  ## Burdensome

17         Topic No. 94 seeks deposition testimony identifying MGA's products

18  that are derived, in some manner, from BRATZ works. If MGA's testimony in

19  response to Topic No. 94 requires testimony on a large number of products as a

20  result of MGA's multiple creations, that is a not a problem with the wording of the

21  Topic as posed by Mattel. An alleged infringer, like MGA, cannot refuse to provide

22  discovery because a lot of its products infringe. Such testimony may be

23  burdensome, but not unduly burdensome. Judge Larson overruled such an objection

24  in his January 7, 2008 Order granting Mattel leave to serve its Fourth Deposition

25  Notice, including Topic No. 94.[9]

26  _____

27    [9]   January 7, 2008 Order, pp. 2-3.

28

1    Broad allegations of harm, unsubstantiated by specific examples or
2    articulated reasoning, do not satisfy the Rule 26 test for a protective order. See
3    Cippolene v. Liggett Group, 785 F.2d 1108 (3d Cir. 1986). A showing that
4    discovery may involve "inconvenience and expense" does not suffice to establish
5    good cause for issuance of a protective order. Turner Broadcasting System, Inc. v.
6    Tracinda Corp., 175 F.R.D. 554, 556 (D. Nev., 1997). As the court in Taylor v.
7    Shaw noted:

8          Rule 30(b)(6) explicitly requires [an organization] to have
9          persons testify on its behalf as to all matters known or
10         reasonably available to it and, therefore, implicitly
11         requires person to review all matters known or reasonably
12         available to it in preparation for the 30(b)(6) deposition. ...
13         The Court understands that preparing for a Rule 30(b)(6)
14         deposition can be burdensome. However, this is merely
15         the result of the concomitant obligation from the privilege
16         of being able to use the corporate form in order to conduct
17         business.

18   2007 WL 710186, *2 (D. Nev. 2007. Mar 07, 2007).

19         Moreover, even a "substantial" burden may not be enough to establish
20   good cause under Rule 26(c). Lehnert v. Ferris Faculty Ass'n-MEA-NEA, 556 F.
21   Supp. 316, 318 (D.C. Mich. 1983) ("Although plaintiffs' request for production
22   would appear to place a substantial burden of compliance on defendants, such a
23   burden is not, in itself, grounds for a protective order"). Rather, as the court went on
24   to say: "the extent of a discovery burden that a party must justifiably bear is
25   measured by the nature, importance, and complexity of the inquiry involved in a
26   given case." Id.

27         Here, MGA has not presented any evidence of undue burden in
28   response to Topic No. 94. MGA has made no specific showing that it would be

1   unable to prepare witnesses to testify in response to Topic No. 94. Even if MGA's

2   bare statement that Topic No. 94 is "unduly burdensome as not described with

3   reasonable particularity" was sufficient to show some burden, MGA certainly has

4   not shown undue burden in light of what is at issue in this case. Mattel claims that

5   MGA's Bratz-related products infringe Mattel's Copyrights. MGA cannot complain

6   of burden because most of its products infringe. While it is may be <u>burdensome</u> for

7   MGA to comply with its Rule 30(b)(6) obligations, it is not <u>unduly</u> so given the

8   importance and complexity of the inquiry, and the amounts that are at stake.[10]

9

10          **B.     Mattel Is Not Required To Obtain The Requested Discovery In**

11          **Topic No. 94 Through Only Contention Interrogatories**

12          Rule 26 permits Mattel to take discovery of relevant information. It

13  does not state that the responding party may dictate the form in which the discovery

14  is propounded. MGA argues that Topic No. 94 "is a contention interrogatory"

15  "seeking detailed factual information about 'each doll, accessory, product, work or

16  item produced, developed, manufactured, licensed, sold or offered for sale by or for'

17  MGA.'" MGA fails to explain why MGA may elect not to produce a witness in

18  response thereto based solely on its purported belief that Mattel's deposition topics

19  are better set forth as contention interrogatories. That MGA would prefer to respond

20  to contention interrogatories does not render Mattel's deposition topics improper.

21  MGA's attempt to dictate to Mattel the particular method of discovery Mattel

22  employs is unavailing.

23  _____

24          [10] Indeed, MGA recognized as much in its Motion to Compel Mattel's deposition,
    when it argued that the complexity of this case warranted broad deposition
25  discovery from Mattel. <u>See</u> MGA's Reply Memorandum In Support of Its Motion to
    Compel Mattel to Produce Witnesses Pursuant to Notice of Deposition Under Rule
26  30(b)(6), Or, In The Alternative, For Leave To Serve Such Notice, dated January 17,
    2008, at page 6, Corey Dec., Exh. 8.
27

28

1          1.    The Various Discovery Methods Authorized By the Federal
2                Rules Are Not Mutually Exclusive, And Mattel Is Not Required
3                to Propound Interrogatories In Lieu of Deposition Testimony
4          MGA cites no law requiring Mattel to request the information it seeks
5  in Topic No. 94 only in the form of a contention interrogatory.  Unlike
6  interrogatories, depositions permit the party seeking discovery to ask follow up
7  questions based on the answers to the prior question.  Additionally, a responding
8  party's efforts at evasion are more easily dealt with in deposition, where the
9  examiner is able to persist in the examination and obtain a satisfactory response
10 within a matter of minutes.  In contrast, evasive answers to interrogatories often
11 cannot be cured until several months have elapsed – after the parties have engaged
12 in substantial meet and confer efforts, possible motions to compel, and the
13 preparation of supplemental responses.  Indeed, many courts have recognized that
14 contention interrogatories simply are not an adequate substitute for depositions.  See
15 Ieradi v. Lorillard, Inc., 1991 WL 158911 at *2 (E.D. Pa. 1991) (answers to
16 interrogatories "are an inadequate substitute" for deposition testimony pursuant to
17 Rule 30(b)(6)); and Bendt v. G.D. Searle & Co., 1990 WL 299926 at *1 (D. Minn.
18 1990) ("Interrogatories are not substitutes for depositions, and are not per se more
19 efficient or economical.").  Here, there is no reasonable basis for requiring Mattel to
20 employ the discovery vehicle of MGA's choice, rather than Mattel's.  See Security
21 Ins. Co. of Hartford v. Trustmark Ins. Co., 218 F.R.D. 29, 34 (D.Conn., 2003) ("It is
22 of no consequence that contention interrogatories may be the more appropriate route
23 to obtain the information as nothing precludes a deposition either in lieu of or in
24 conjunction with such interrogatories"); and Taylor, 166 F.R.D. at 362-63.
25         MGA relies on In re Independent Serv. Orgs. Antitrust Litig, 168
26 F.R.D. 651, 654 for the proposition that a party is not "required to have counsel
27 marshal all of its factual proof and prepare a witness to be able to testify on a given
28 defense or counterclaim."  In Independent, however, the deposition party sought

1   corporate testimony "about facts supporting numerous paragraphs of the corporate

2   party's denials and affirmative defenses in its Answer and Counterclaims," and the

3   information sought was attorney-work product, required legal opinions or

4   conclusions, and expert testimony.  Independent 168 F.R.D. at 654.  Here, Mattel

5   seeks particular, factual information as to MGA's belief that it could exploit the

6   rights given to it by its agreement with Bryant, and seeks the identity of the items

7   MGA created using Bratz related materials -- not legal opinions or expert testimony,

8   for example.  These finite factual topics hardly require MGA to "marshal all of its

9   factual proof" and prepare a witness about facts asserted in MGA's counter-claims

10   and answer.  Importantly, MGA does not even assert that this is the case.[11]

11

12              2.   Depositions Are An Appropriate Vehicle For Learning The

13                    Factual Bases For a Party's Claims or Defenses

14         MGA asserts that Topic No. 94 "is a contention interrogatory."  Simply

15   because MGA believes Mattel should submit its discovery in a certain form does not

16   make it proper, or Mattel's discovery improper.  Topic No. 94 is a proper Rule

17   30(b)(6) Topic, as discussed herein. There is nothing improper about Rule 30(b)(6)

18   deposition topics that seek the factual basis for a party's claims or defenses.  AMP,

19   Inc. v. Fujitsu Microelectronics, Inc., 853 F.Supp. 808, 831 (M.D. Pa. 1994)

20   (compelling a corporate defendant to produce a Rule 30(b)(6) witness to answer

21   questions regarding the contentions and affirmative defenses detailed in defendants'

22   answer and counterclaim).  Rule 30(b)(6) requires a corporation served with a

23   deposition notice to provide a witness to testify to matters "known or reasonably

24   available" to the corporation.  It is not unreasonable to conclude that someone at

25   MGA believed there were factual bases for its claims or defenses.  Id.

26

27     [11]  See also discussion concerning McCormick Morgan, Inc. v. Teledyne Indus.,
Inc., 134 F.R.D. 275 (N.D.Cal. 1991), infra.

28

1             Moreover, MGA's <u>Rule</u> 30(b)(6) deposition notice to Mattel contained

2 similar requests.  For example, MGA's deposition topics include:

3             YOUR knowledge of all acts YOU contend are the
predicate acts constituting a pattern of racketeering
4             activity in violation of RICO as alleged in paragraph 93 of
YOUR COUNTERCLAIMS and Exhibit C to YOUR
5             COUNTERCLAIMS.  [MGA Deposition Topic No. 7 to
Mattel.][12]

6

7             MGA's alleged theft of "BRATZ" from YOU, including
but not limited to (a) MGA's showing of BRATZ
prototypes or products to focus groups and retailers in
8             November 2000 as alleged in paragraph 29 of YOUR
COUNTERCLAIMS; (b) MGA's and LARIAN's alleged
9             encouragement, aiding, and financing of BRYANT to
develop BRATZ while he was a MATTEL employee as
10            alleged in paragraph 33 of YOUR COUNTERCLAIMS;
and (c) BRYANT's and MGA's alleged concealment of
11            facts that prevented MATTEL from discovering that
MATTEL allegedly was the true owner of BRATZ as
12            alleged in paragraph 35 of YOUR COUNTERCLAIMS.
[MGA Deposition Topic 9 to Mattel.][13]

13

14            To the extent not covered by any of the topics above, the
identity of any product, project or concept that YOU
15            contend MGA copied or infringed or about which YOU
contend that MGA misappropriated MATTEL'S trade
16            secrets or other confidential information, and, for each
such product, project or concept, (a) all facts concerning
17            its origin, creation, design and development; and (b) any
facts underlying YOUR claim or contention that MGA
18            copied or infringed such product, project or concept; and
(c) MGA's use of MATTEL's intellectual property,
19            confidential information or trade secret information in
connection therewith. [MGA Deposition Topic No. 39 to
Mattel.][14]

20

21            The facts supporting each of the Affirmative Defenses in
YOUR Second Amended Answer in Case No. 05-2727,
dated July 12, 2007.  [MGA Deposition Topic No. 64 to
22            Mattel.][15]

23

24

25 [12] MGA's Notice of Deposition of Mattel, Inc. Pursuant to Fed. R. Civ. P.
30(b)(6), dated September 5, 2007, attached to the Corey Dec., Exh. 6.
26 [13] <u>Id.</u>
27 [14] <u>Id.</u>
[15] <u>Id.</u>
28

MATTEL, INC.'S RESPONSE TO MGA'S SEPARATE STATEMENT NO. 1 [Re FOURTH MGA NOTICE]

1    Indeed, MGA did not even restrict itself to asking Mattel to designate a witness on

2    the factual bases for Mattel's claims and defense; MGA went so far as to ask Mattel

3    to designate a corporate witness on the factual bases for MGA's defenses to Mattel's

4    claims:

5           The facts REFERRING OR RELATING to MGA's Third
            Affirmative Defense of Unclean Hands in MGA's Answer
6           and Affirmative Defenses dated August 13, 2007,
            including, but not limited to: (a) MATTEL'S efforts to
7           undermine MGA's business and to "kill" Bratz at any cost,
            including but not limited to Mattel's efforts to infringe and
8           dilute MGA's trade dress, copy MGA's products,
            packaging, themes, and advertising (including for Mattel
9           products MY SCENE, DIVA STARZ, WEE 3 FRIENDS,
            ACCELERACERS; and POLLY POCKET) and engage in
10          other acts of unfair competition against MGA as alleged in
            MGA's complaint against MATTEL; (b) MATTEL'S
11          efforts to create negative publicity or press about MGA,
            MGA products, BRYANT, LARIAN, or MGA employees;
12          (c) MATTEL'S efforts to fund or commission market
            research or studies that portray BRATZ or MGA products
13          negatively; (d) MATTEL'S efforts to interfere with MGA's
            acquisition of or investment in Zapf Creation AG;
14          (e) MATTEL'S efforts to include negative references to
            MGA or BRATZ on MATTEL's "We Believe in Girls"
15          website; (f) MATTEL'S efforts or intent to interfere with
            business dealings or contractual relations between MGA
16          and Smoby Group; (g) influencing Nickelodeon to reject
            MGA advertisements or to limit time slots for
17          advertisements; (h) assisting parties in lawsuits against
            MGA; (i) monitoring, "spying on" or gaining knowledge
18          of MGA's trade secrets, non-public information, non-
            public activities, unreleased products, and/or product
19          development; (j) gaining access, or attempts to gain
            access, to MGA showrooms, Plan-o-Grams,
20          merchandising displays, Toy Fair displays on false
            pretenses; (k) wrongfully obtaining MGA's costs and sales
21          information through Mattel-employed category managers
            at retailers; (l) inducing non-party customers to breach
22          confidentiality agreements with MGA and divulge non-
            public, information about MGA's unreleased products;
23          (m) covertly investigating MGA, its officers and
            employees, and their family members; (n) contacting
24          persons under false pretense in order to interrogate them
            about BRATZ and this litigation; (o) coercing MATTEL
25          employees to accept restrictive covenants (right before
            massive layoffs) and non-compete clauses and other
26          efforts to prevent prospective MGA employees from.
            accepting offers of employment; (p) M MATTEL'S delay
27          in suing BRYANT because, inter alia, MATTEL wanted
            BRYANT to testify in an unrelated MATTEL case;
28          (q) falsely inflating its BARBIE sales figures in an effort

1    to mislead the public and retailers; and (r) taking all measures to conceal its bad acts, including the willful non-retention and destruction of documents.   [MGA Deposition Topic No. 65 to Mattel.][16]

2

3

4    MGA should not be permitted to require Mattel to produce corporate witnesses on topics concerning the factual support for Mattel's claims and defenses, but then refuse to submit to similar examination by Mattel.  MGA has not provided any authority that would permit such grossly unfair and one-sided discovery tactics, and its request for a protective order should be denied.

9    DATED:  April 25, 2008        QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

12                    By/s/ Jon Corey
                          Jon Corey
                          Attorneys for Mattel, Inc.

---

[16] Id.

MATTEL, INC.'S RESPONSE TO MGA'S SEPARATE STATEMENT NO. 1 [Re FOURTH MGA NOTICE]