# EXHIBIT 1

1              UNITED STATES DISTRICT COURT

2             CENTRAL DISTRICT OF CALIFORNIA

3                  EASTERN DIVISION

4                      - - -

5       HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING

6                      - - -

7    CARTER BRYANT, ET. AL.,        )
                                    )
8              PLAINTIFFS,  )
                                    )
9         VS.            ) NO. ED CV 04-09049
                         ) (LEAD LOW NUMBER)
10   MATTEL, INC., ET. AL.,         )
                                    )
11             DEFENDANTS.  )  MOTIONS FOR PARTIAL
     _____) SUMMARY JUDGEMENT
12   AND CONSOLIDATED ACTIONS,        )
                                    )
13

14

15          REPORTER'S TRANSCRIPT OF PROCEEDINGS

16               RIVERSIDE, CALIFORNIA

17              TUESDAY, APRIL 22, 2008

18                   10:07 A.M.

19

                      VOLUME I

20                  PAGES 1-213

21

22

23         THERESA A. LANZA, RPR, CSR

          FEDERAL OFFICIAL COURT REPORTER

24         3470 12TH STREET, RM. 134

          RIVERSIDE, CALIFORNIA  92501

25            951-274-0844

           WWW.THERESALANZA.COM

1   WHAT YOU'RE SAYING THERE, SO LET ME ASK.

2        WOULD YOU CONCEDE THAT IF THERE ARE TWO REASONABLE

3   INTERPRETATIONS, TWO DIFFERENT REASONABLE INTERPRETATIONS WHIC

4   LED TO TWO DIFFERENT CONCLUSIONS, THEN THERE WOULD BE

5   AMBIGUITY?

6        MR. QUINN:  I WOULD AGREE WITH THAT --

7        THE COURT:  OKAY.

8        MR. QUINN:  -- IF THERE ARE TWO EQUALLY REASONABLE

9   INTERPRETATIONS.

10        THE COURT:  SO IF YOUR INTERPRETATION IS REASONABLE

11   AND CARTER BRYANT'S INTERPRETATION IS REASONABLE, THEN I HAVE

12   AN AMBIGUOUS CONTRACT.

13        MR. QUINN:  I WOULD SAY IF THEY'RE BOTH EQUALLY

14   REASONABLE.

15        YOUR HONOR, THE REASON MAY BE A CONTINUUM.

16   OBVIOUSLY, THESE ARE REASONABLE LAWYERS SITTING OVER HERE TO MY

17   LEFT, AND INVENTIVE LAWYERS, IF I MAY USE THE TERM, AND THEY'VE

18   COME UP WITH AN ARGUMENT WITH -- I SUBMIT, THERE'S SOME GAPS IN

19   THE LOGIC, BUT I'M NOT PREPARED TO SAY THERE'S NO REASON

20   WHATSOEVER TO THE ARGUMENT.

21        BUT I DO NOT THINK THAT THE PROFFERED INTERPRETATION

22   THAT THIS CONTRACT ONLY COVERS PATENTABLE MATERIAL IS A

23   REASONABLE INTERPRETATION, OR IS AT LEAST AS REASONABLE AS THE

24   ONE THAT WE'VE ADVANCED THAT IT ALSO COVERS COPYRIGHTABLE

25   MATERIAL.

1     I DON'T KNOW IF I'VE MADE MYSELF CLEAR ON THAT POINT,

2  YOUR HONOR.

3     THE COURT:  WELL, YOU SEEM TO BE MAKING TWO DIFFERENT

4  POINTS.  THE FORMER PART OF THAT POINT IS THAT YOU DON'T THINK

5  THAT THEIR INTERPRETATION IS REASONABLE TO LIMIT IT SIMPLY TO

6  PATENTABLE.

7     MR. QUINN:  RIGHT.

8     THE COURT:  BUT IF YOU'RE SUGGESTING THAT, PERHAPS,

9  THAT IS A REASONABLE INTERPRETATION, BUT THAT YOURS IS SIMPLY

10  MORE REASONABLE, I DON'T KNOW IF THE LAW REQUIRES THE COURT TO

11  JUST TRY TO FIGURE OUT THE MOST REASONABLE INTERPRETATION OF A

12  CONTRACT, IF THE COURT DOES, IN FACT, HAVE TWO INTERPRETATIONS

13  THAT CROSS THE THRESHOLD OF REASONABLENESS.

14     MR. QUINN:  RIGHT.

15     THE COURT:  I HOPE YOU UNDERSTAND WHAT I'M SAYING.

16     MR. QUINN:  I THINK THEIR INTERPRETATION CAN BE

17  ARTICULATED IN A REASONABLE SOUNDING WAY.  THAT'S WHAT I MEANT

18  TO SAY.  I BELIEVE THERE ARE LOGICAL GAPS IN IT.  BECAUSE,

19  AMONG OTHER THINGS, IT LEADS TO THE CONCLUSION -- AND THIS IS

20  THE POINT I'M ABOUT TO MAKE, YOUR HONOR:  THERE'S NO MYSTERY

21  WHERE THIS LANGUAGE CAME FROM.  WHOEVER WROTE THIS -- AND I

22  ASSUME IT WAS A LAWYER -- HAD OPEN BEFORE THEM THE LANGUAGE OF

23  SECTION 2870, WHERE ALL OF THIS LANGUAGE APPEARS, INCLUDING

24  "REDUCED TO PRACTICE."  IT APPEARS IN THE LANGUAGE OF THE

25  STATUTE.  AND WHOEVER WAS WRITING THIS WAS CLEARLY TRYING TO

1   WRITE AN AGREEMENT THAT WOULD BE ENFORCEABLE UNDER THAT

2   SECTION.

3        WE HAVE THE ICONIX CASE, WHICH SAYS THAT PROTECTS

4   PEOPLE WHO WRITE COPYRIGHTABLE MATERIALS.

5        ON THE EXTRINSIC EVIDENCE, THERE REALLY ISN'T -- NO

6   EXTRINSIC EVIDENCE HAS EVER BEEN OFFERED THAT MR. BRYANT, AT

7   ANY TIME, UNDERSTOOD THIS TO ONLY REFER TO PATENTABLE

8   MATERIALS.  THE ONLY EVIDENCE ON THAT IS THAT HE KNEW IT

9   COVERED HIS DESIGNS; HIS RESPONSE TO HIS MOTHER.

10       WITH RESPECT TO LATER CHANGES TO THE AGREEMENT, OR

11   EARLIER AGREEMENTS, WE'RE NOT TALKING ABOUT THOSE AGREEMENTS.

12   AND THERE'S A CASE THAT WE'VE CITED, YOUR HONOR, BAMERY V.

13   GREIF, 949 F. SUPP. 523, WHICH SAYS THAT IT'S NOT APPROPRIATE

14   TO LOOK AT THOSE OTHER VERSIONS OF AN AGREEMENT.

15       THE SUBSEQUENT AGREEMENT THAT WAS ENTERED INTO, THIS

16   WAS NOT JUST A MINOR TWEAKING OF SOME LANGUAGE.  THAT GREW TO

17   BECOME A FIVE-PAGE AGREEMENT INSTEAD OF A ONE-PAGE AGREEMENT.

18       SO I THINK IT'S NOT APPROPRIATE TO SORT OF ISOLATE

19   ONE LANGUAGE -- YOU KNOW, ONE TERM IN THERE, AND SAY, 'WELL,

20   THIS IS' -- 'OBVIOUSLY, THEY MUST HAVE RECOGNIZED SOMETHING WAS

21   WRONG.'

22       THE COURT:  LET'S PUT THAT ASIDE.  FAIR ENOUGH.

23   BECAUSE YOU ARE CORRECT IN THE CASE YOU CITE.

24       BUT WHAT ABOUT THE SUBSTANCE OF MR. NOLAN'S ARGUMENT

25   THAT THIS CONCEPT OF AN IDEA WAS LACKING; AND WHETHER IT CAME

1    IN IN ANOTHER AGREEMENT OR NOT, PERHAPS THAT MIGHT BE

2    IRRELEVANT.  BUT THAT PHRASE, OR THAT CONCEPT, HOWEVER YOU WANT

3    TO DEFINE IT, HE ARGUES, IS NOT PRESENT.

4         MR. QUINN:  WELL, IT SAYS "CONCEIVED OF," OR "REDUCED

5    TO PRACTICE."  AND THAT'S ALSO THE LANGUAGE IN THE STATUTE.

6    AND I SUBMIT, "CONCEIVED OF" PICKS UP IDEAS.  SO IF YOU COME UP

7    WITH AN IDEA RELATING TO A TOY WHILE YOU WORK FOR US, YES, WE

8    OWN THAT, TO THE EXTENT THE LAW PERMITS THAT.

9         THE COURT:  LET'S MOVE ON TO, ASSUMING THERE IS AN

10   AGREEMENT HERE THAT'S ENFORCEABLE, THE CONSEQUENCES THEREOF.

11        MR. NOLAN:  YOUR HONOR, MAY I JUST GIVE A CITE ON

12   THIS POINT.

13        I'M JUST POINTING OUT THAT THE DISTINCTION WE WERE

14   MAKING BETWEEN DRAWINGS AND DESIGNS AND IDEAS AND THAT THEY'RE

15   ONLY CLAIMING IT'S THE DRAWING, I WANTED TO CITE TO MATTEL'S

16   CORRECTED OPPOSITION TO THE MGA PARTIES IN CARTER BRYANT'S

17   MOTION FOR PARTIAL SUMMARY JUDGMENT AT PAGE 71, AND I'M QUOTING

18   FROM LINE 21.  IT SAYS, "AS EXPLAINED IN MATTEL'S MOTION AT

19   PAGES 6 TO 10, MATTEL OWNS THE INTANGIBLE BRATZ IDEAS AND

20   CONCEPTS PURSUANT TO THE INVENTIONS AGREEMENT.  ACCORDING TO

21   THE INVENTIONS AGREEMENT, IT CREATES A PROTECTED PROPERTY

22   INTEREST IN THE IDEAS AND CONCEPTS BRYANT CREATED OR CONCEIVED

23   WHILE EMPLOYED AT MATTEL."

24        THANK YOU.

25        THE COURT:  THANK YOU, COUNSEL.

[HEARING] 2008 04 22 Transcript of Proceedings  4/26/2008  12:00:00 PM

1                       CERTIFICATE

2

3       I HEREBY CERTIFY THAT PURSUANT TO SECTION 753, TITLE 28, UNITED

        STATES CODE, THE FOREGOING IS A TRUE AND CORRECT TRANSCRIPT OF

4       THE STENOGRAPHICALLY RECORDED PROCEEDINGS HELD IN THE ABOVE-

        ENTITLED MATTER AND THAT THE TRANSCRIPT PAGE FORMAT IS IN

5       CONFORMANCE WITH THE REGULATIONS OF THE JUDICIAL CONFERENCE OF

        THE UNITED STATES.

6

7       _____          _____

        THERESA A. LANZA, CSR, RPR               DATE

8       FEDERAL OFFICIAL COURT REPORTER

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25