KEKER & VAN NEST, LLP
JOHN W. KEKER - #49092
jkeker@kvn.com
MICHAEL H. PAGE - #154913
mpage@kvn.com
CHRISTA M. ANDERSON - #184325
canderson@kvn.com
MATTHEW M. WERDEGAR - #200470
mwerdegar@kvn.com
JOHN E. TRINIDAD - #250468
jtrinidad@kvn.com
AUDREY WALTON-HADLOCK- #250574
awaltonhadlock@kvn.com
710 Sansome Street
San Francisco, CA 94111-1704
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

Attorneys for Plaintiff
CARTER BRYANT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC. a Delaware Corporation,<br><br>Defendant.<br><br>CONSOLIDATED WITH MATTEL, INC., v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | Case No. CV 04-09049 SGL (RNBx) (consolidated with CV 04-9059 & 05-2727)<br><br>**CARTER BRYANT'S OPPOSITION TO MATTEL, INC.'S MOTION IN LIMINE NO. 11 TO PRECLUDE DEFENDANTS FROM OFFERING IMPROPERLY DISCLOSED EVIDENCE, AND JOINDER IN MGA'S OPPOSITION TO SAME**<br><br>Date:   May 21, 2008<br>Time:   1:00 p.m.<br>Dept:   Courtroom 1<br>Judge:  Hon. Stephen G. Larson<br><br>Date Comp. Filed: April 13, 2005<br><br>**Phase 1**<br>Pre-Trial Conference: May 19, 2008<br>Trial Date: May 27, 2008 |

415493.03

CARTER BRYANT'S OPPOSITION TO MATTEL, INC.'S MOTION IN LIMINE NO. 11 TO PRECLUDE DEFENDANTS FROM OFFERING IMPROPERLY DISCLOSED EVIDENCE
CASE NO. CV 04-09049 SGL (RNBx)

# TABLE OF CONTENTS

I. INTRODUCTION .................................................................................................1

II. BACKGROUND ..................................................................................................3

III. ARGUMENT........................................................................................................4

    A. Mattel—not Bryant—bears the initial burden of proof with respect to establishing damages for copyright infringement ................4

    B. Bryant properly and necessarily waited to see if, and how, Mattel would seek to meet its initial burden before rebutting Mattel's damages claims for copyright infringement ..........................6

    C. Without analysis or explanation, Mattel's motion improperly requests that the Court exclude portions of Mr. Kidder's report unrelated to the apportionment analysis. ....................................9

    D. Exclusion is inappropriate where, as here, any error was substantially justified and harmless .......................................................10

IV. CONCLUSION ..................................................................................................11

i

CARTER BRYANT'S OPPOSITION TO MATTEL, INC.'S MOTION IN LIMINE NO. 11 TO PRECLUDE DEFENDANTS FROM OFFERING IMPROPERLY DISCLOSED EVIDENCE
CASE NO. CV 04-09049 SGL (RNBx)

415493.03

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Ackrie v. Avis Rent A Car System, Inc.*
C 04-5248 SBA, 2006 WL 2583609 (N.D. Cal. Sept. 7, 2006) .................................. 5

*Associated Residential Design, LLC v. Molotky*
226 F. Supp. 2d 1251 (D. Nev. 2002) ......................................................................... 5

*Bonner v. Dawon*
404 F.3d 290 (4th Cir. 2005) ....................................................................................... 5

*FLOE Intern. Inc. v. Newmans' Mfg. Inc.*
04-5120, 2006 WL 5159513, at *7 (D. Minn. Feb. 23, 2006) ......................... 1, 6, 8

*Masterson Marketing, Inc. v. KSL Recreation*
495 F. Supp. 2d 1044 (S.D. Cal. 2007) ...................................................................... 6

*On Davis v. Gap, Inc.*
246 F.3d 152 (2d Cir. 2001) ............................................................................... 4, 5, 6

*Polar Bear Products, Inc. v. Timex Corp.*
384 F.3d 700 (9th Cir. 2004) ............................................................................. 1, 4, 5

*Rondor Music Inetern. Inc. v. TVT Records LLC*
CV 05-2909-JTL, 2006 WL 5105272 (C.D. Cal. Aug. 21, 2006) ........................... 5

*Straus v. DVC Worldwide, Inc.*
484 F. Supp. 2d 620 (S.D. Tex. 2007) ................................................................ passim

## STATE CASES

*First Commercial Mortgage Co. v. Reece*
89 Cal. App. 4th 731 (2001) ........................................................................................ 9

*Huong Que, Inc. v. Luu*
150 Cal. App. 4th 400 (2007) ...................................................................................... 9

*Mendoza v. Rast Produce Co., Inc.*
140 Cal. App. 4th 1395 (2006) .................................................................................... 9

*Slovensky v. Friedman*
142 Cal. App. 4th 1518 (2006) .................................................................................... 9

## FEDERAL STATUTES

Fed. R. Civ. P. 26(e) .................................................................................................... 6

415493.03

## I. INTRODUCTION

Carter Bryant hereby joins in the MGA parties' opposition to Mattel's Motion *In Limine* No. 11 and all of the arguments set forth therein. Bryant also submits this separate opposition to specifically address that portion of Mattel's motion concerning the rebuttal expert testimony of Douglas Kidder.

Mattel's motion to exclude portions of Mr. Kidder's rebuttal expert report completely ignores the first half of the two-step framework for the recovery of profits under the copyright statute and then asks the Court to exclude evidence to which it has articulated no objection at all. It is a transparent attempt to evade any challenge to the inadequate damages analysis of Mattel's expert, Michael Wagner. The Court should deny the motion.

Two arguments are put forward by Mattel for excluding evidence relating to portions of Mr. Kidder's report. Neither has merit. First, Mattel argues that those portions of Mr. Kidder's report that discuss the apportionment of profits for Mattel's copyright infringement claim should have been included in Bryant's initial expert disclosures because a copyright "defendant bears the burden of proving its costs and . . . apportionment." Mattel's Mot. in Limine No. 11 to Preclude Defs. from Offering Improperly Disclosed Evidence (Docket No 3162) ("Mattel Mot."), 1. Section 504(b), however, imposes a two-step framework for the recovery of profits, and Mattel—not Bryant—bears the initial burden of proof. *Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700, 711 (9th Cir. 2004). The burden does not shift to Bryant to apportion profits until *after* Mattel has shown a causal nexus between the alleged infringement and the gross revenues it has identified. *Id.* As the party bearing the initial burden of proof for establishing damages under § 504(b), the onus was therefore on Mattel to disclose an initial expert report on that issue. *See Straus v. DVC Worldwide, Inc.*, 484 F. Supp. 2d 620, 632 (S.D. Tex. 2007); *FLOE Intern. Inc. v. Newmans' Mfg. Inc.*, 04-5120, 2006 WL 5159513, at *7 (D. Minn. Feb. 23, 2006).

Second, Mattel argues that Mr. Kidder could not address Mattel's failure to establish the requisite causal relationship, or conduct any analysis relating to apportionment, because Mattel's damages expert did not address those issues. Mattel Mot., 1. Boiled down, Mattel's argument is that Bryant is foreclosed from pointing out why and how Mr. Wagner's analysis is incomplete *because* Mr. Wagner failed to address key issues. But Mattel cannot have it both ways. If Mattel believes that Mr. Wagner's analysis is relevant to the jury's assessment of its alleged damages against Bryant, then Bryant is free to rebut that claim by demonstrating that Mr. Wagner failed to consider important factors. Moreover, because Mattel (not Bryant) bears the initial burden of establishing damages under § 504(b), Bryant properly waited to see if, and how, Mattel would meet its burden before attempting to rebut its claims through, among other things, evidence regarding the proper apportionment of any profits. *See Straus*, 484 F. Supp. 2d at 632. Courts have explicitly found that this is proper. *Id.*

Finally, Mattel has suffered no prejudice as a result of the apportionment aspects of Mr. Kidder's report. The very same analysis underlying Mr. Kidder's discussion of apportionment is also relevant to his rebuttal analysis concerning Mattel's other damages claims, which Mattel has not challenged. Mattel has therefore not been put in the position of having to respond to *any* independent analysis concerning apportionment that would not otherwise be unquestionably admissible to rebut its other damages claims against Bryant. To the extent Mattel believed it was necessary to respond to Mr. Kidder's report, it could have sought leave to file a supplemental damages report (as they did for their experts William Flynn and Lloyd Cunningham) but made the tactical decision not to do so. *See* Mattel, Inc.'s *Ex Parte* Application to File Supp. Expert Reports by Messrs. William Flynn and Lloyd Cunningham (Docket No. 3008).

Because the sections of Mr. Kidder's expert report challenged by Mattel were properly disclosed and constitute proper rebuttal testimony, Bryant

2
CARTER BRYANT'S OPPOSITION TO MATTEL, INC.'S MOTION IN LIMINE NO. 11 TO PRECLUDE DEFENDANTS FROM OFFERING IMPROPERLY DISCLOSED EVIDENCE
CASE NO. CV 04-09049 SGL (RNBx)

415493.03

respectfully requests that the Court deny Mattel's motion.

## II. BACKGROUND

On February 11, 2008, the parties exchanged initial expert disclosures. Among the expert reports initially disclosed by Mattel was the report of its damages expert, Mr. Wagner. *See* Decl. of B. Dylan Proctor in Support of Mattel's Mot. in Limine Nos. 1-13 (Docket Nos. 3167-72) ("Proctor Dec."), Exh. 56 (Expert Report of Michael J. Wagner). Mr. Wagner's analysis of damages issues relating to Bryant was extraordinarily brief. In a mere four sentences, Mr. Wagner simply recited the total royalties Bryant has ever received as a result of his consulting agreement with MGA over the past seven years. *Id.* at 1869. Mr. Wagner made no attempt to connect this figure to any specific wrongful acts by Bryant. *Id.*

Unsurprisingly, in his rebuttal expert report, Bryant's damages expert explained that Mr. Wagner's analysis was incomplete and failed to provide sufficient information to evaluate the forms of damages sought by Mattel. *See* Proctor Dec., Exh. 60 (Expert Report of Douglas Kidder). The vast majority of Mr. Kidder's report was devoted to explaining why Mr. Wagner's analysis was inadequate to assess Mattel's alleged damages for its breach of contract, breach of fiduciary duty, breach of the duty of loyalty, and conversion claims. *Id.* at ¶¶ 22-29, 36-51, 53. Mattel does not contest that it bears the burden of proving *all* of the essential elements for each of these claims, including its damages (if any). Among the factors Mr. Kidder observed Mr. Wagner had failed to address in his report was the maximum outside value of Bryant's original Bratz idea and sketches. *Id.* at ¶¶ 36-53, Table Nos. 1, 2.

Mattel filed its motion in limine to exclude evidence relating to certain portions of Mr. Kidder's report on April 14, 2008. In its motion, Mattel argues that: (1) because Bryant and MGA "have the burden of proof on that issue [apportionment], their experts were required to disclose their opinions regarding

3

415493.03

CARTER BRYANT'S OPPOSITION TO MATTEL, INC.'S MOTION IN LIMINE NO. 11 TO PRECLUDE DEFENDANTS FROM OFFERING IMPROPERLY DISCLOSED EVIDENCE
CASE NO. CV 04-09049 SGL (RNBx)

apportionment in their initial reports"; and (2) that Mr. Kidder's report does "not rebut any opinions expressed in Mattel's expert reports because Mattel's experts did not address apportionment." Mattel Mot., 1. Both of Mattel's objections to Mr. Kidder's report exclusively concern his apportionment analysis for the copyright infringement claim. Nonetheless, without analysis or explanation, Mattel requests that the Court not only exclude that portion of Mr. Kidder's report discussing apportionment (paragraphs 30-35), but also several paragraphs of Mr. Kidder's report that do not discuss copyright damages. *See* Mattel Mot., 25 (requesting that the court prevent the defendants from relying on, *inter alia*, paragraph 39 (damages for breach of loyalty), paragraph 42 (damages for breach of contract), paragraph 50 (damages for breach of contract), paragraph 53 (damages for all claims other than copyright)).

For the reasons articulated below, Mattel's motion with respect to Mr. Kidder's report should be denied in its entirety.

### III.  ARGUMENT

**A.  Mattel—not Bryant—bears the initial burden of proof with respect to establishing damages for copyright infringement.**

Over a dozen times, Mattel asserts that Bryant and MGA bear the burden of proving apportionment—*i.e.*, of demonstrating what portion of "gross revenues" identified by Mattel are attributable to factors other than the alleged copyright infringement. Mattel, however, gets the law only half right. While it is true that Bryant and MGA may ultimately bear the burden of proving apportionment at trial, that burden arises only *after* Mattel has shown a reasonable relationship between the alleged infringement and the gross revenues it has identified. *Polar Bear Prods.*, 384 F.3d at 711; *On Davis v. Gap, Inc.*, 246 F.3d 152, 160 (2d Cir. 2001). In the two-step framework for the recovery of profits in a copyright infringement action, it is Mattel, and not Bryant, that bears the initial burden of proof.

Where a copyright claimant seeks to recover profits beyond those generated

4

CARTER BRYANT'S OPPOSITION TO MATTEL, INC.'S MOTION IN LIMINE NO. 11 TO PRECLUDE DEFENDANTS FROM OFFERING IMPROPERLY DISCLOSED EVIDENCE
CASE NO. CV 04-09049 SGL (RNBx)

415493.03

directly from the sale of an infringing product, courts have adopted a "two-step framework" for the burden of proof.[1]  *See, e.g., Polar Bear Prods.*, 384 F.3d at 711; *Bonner v. Dawon*, 404 F.3d 290, 294 (4th Cir. 2005); *On Davis*, 246 F.3d at 160. The Ninth Circuit laid out this framework in *Polar Bear Productions*:

> . . . § 504(b) creates a two-step framework for recovery of indirect profits: 1) the copyright claimant must first show a causal nexus between the infringement and the gross revenue; and 2) *once the causal nexus is shown*, the infringer bears the burden of apportioning the profits that were not the result of infringement.

*Polar Bear Prods.*, 384 F.3d at 711 (emphasis added); *see also Ackrie v. Avis Rent A Car Sys., Inc.*, C 04-5248 SBA, 2006 WL 2583609, at *1 (N.D. Cal. Sept. 7, 2006) (same); *Rondor Music Inetern. Inc. v. TVT Records LLC*, CV 05-2909-JTL, 2006 WL 5105272, at *9 (C.D. Cal. Aug. 21, 2006) (same). The copyright plaintiff thus has the burden of "demonstrat[ing] both the defendant's gross revenue, and a causal relationship between the infringement and the defendant's profits[;] the burden then shifts to the defendant to show his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work." *Associated Residential Design, LLC v. Molotky*, 226 F.Supp.2d 1251, 1255-56 (D. Nev. 2002) (quotations omitted); *see also Bonner*, 404 F.3d at 294 ("The copyright owner thus has the burden of demonstrating some causal link between the infringement and the particular profit stream before the burden-shifting provisions of § 504(b) apply.").

Mattel's claim that its only burden was to put forward some figure representing Bryant's "gross revenues" is therefore incorrect. The Ninth Circuit has expressly cautioned that "a copyright owner is required to do more initially than toss up an undifferentiated gross revenue number." *Polar Bear Prods.*, 384

---

[1] This two-step framework applies here because Mattel is seeking damages far in excess of the amount Bryant arguably received for the initial transfer of the allegedly infringed sketches. Instead, Mattel is apparently seeking to recover every payment Bryant has ever received for his consulting services for MGA over the course of over seven years, including his gains from fashion-design and other undisputedly non-infringing work on Bratz. *See* Proctor Dec., Exh. 56 at 1869.

F.3d at 711. Rather, Mattel's burden of proof was two-fold: first, it had to identify the profits it sought, and second, it had to show how those profits arise from the alleged acts of infringement. *Id.* ("[I]t is implicit that the profits sought are those that arise from the infringement."); *see also Masterson Mktg., Inc. v. KSL Recreation*, 495 F. Supp. 2d 1044, 1049 (S.D. Cal. 2007) ("In order to recover an alleged infringer's profits, the plaintiff must establish a causal connection between the alleged infringer's revenues and the alleged infringement."); *On Davis v. Gap, Inc.*, 246 F.3d 152 (2d Cir. 2001) ("[W]e think the term 'gross revenue' under the [copyright] statute means gross revenue reasonably related to the infringement, not unrelated revenues."). Then, and only then, does Bryant have the burden of showing what portion of those revenues relate to deductible expenses or are attributable to factors other than the copyrighted work.

**B.   Bryant properly and necessarily waited to see if, and how, Mattel would seek to meet its initial burden before rebutting Mattel's damages claims for copyright infringement.**

Given the two-step burden-shifting order of proof, Bryant properly (and necessarily) waited to see if and how Mattel would attempt to identify "gross profits" and the requisite causal relationship before he undertook to rebut Mattel's claims. This approach accords with the Federal Rules, the case law, and common sense.

Because Mattel (not Bryant) bore the initial burden of proof with respect to Mattel's damages under § 504(b), the onus was on Mattel (not Bryant) to disclose the initial expert report on this issue. Under Federal Rule 26(a)(2), the party bearing the initial burden of proof "should disclose its expert testimony *before* other parties have to make their disclosures on that issue." Fed. R. Civ. P. 26(e) advisory committee's note (1993) (emphasis added); *see also FLOE Intern. Inc. v. Newmans' Mfg. Inc.*, 2006 WL 5159513, at *7 (noting that where expert report deadlines are staggered, the party not bearing the burden of proof on an issue should be allowed to submit an expert report in rebuttal "even in the absence of an

6
CARTER BRYANT'S OPPOSITION TO MATTEL, INC.'S MOTION IN LIMINE NO. 11 TO PRECLUDE DEFENDANTS FROM OFFERING IMPROPERLY DISCLOSED EVIDENCE
CASE NO. CV 04-09049 SGL (RNBx)

415493.03

1  initial report produced by the party which bears the burden of proof"). As
2  discussed above, a copyright claimant bears the initial burden of proof when
3  attempting to recovery profits under § 504(b). Courts have consequently found
4  that copyright defendants may properly disclose expert evidence on apportionment
5  for the first time in rebuttal disclosures, regardless of whether that topic was
6  addressed in the plaintiff's initial disclosures. *See, e.g., Straus*, 484 F. Supp. 2d at
7  632.

8  In *Straus*, for example, the copyright defendants designated their damages
9  expert for the first time on the deadline for rebuttal expert disclosures. *Id.* The
10 plaintiffs moved to exclude the evidence, making precisely the argument raised by
11 Mattel in its motion—that any expert addressing apportionment had to have been
12 disclosed in the defendants' initial expert disclosures. *Id.* The court rejected this
13 argument out of hand, finding:

> The defendants did not have the burden to show that their revenues are attributable to factors other than the alleged infringement until Straus presented evidence of a causal link between the infringing acts and their revenues. Section 504(b) creates a burden-shifting approach to establishing damages. The motion to strike the testimony of [the defendant's damages expert] is denied.

18 *Id.* Mattel fails to cite a single case contrary to *Straus* for the proposition that a
19 copyright defendant must disclose experts on apportionment in its initial expert
20 disclosures.

21 The rationale of the court in *Straus* accords with common sense and an
22 orderly development of the evidence. It is unclear how Mattel believes that Bryant
23 or MGA should have gone about disclosing an expert report apportioning "gross
24 revenues" before they knew what revenues Mattel was going to claim were related
25 to the alleged infringement. This is particularly true for Bryant, who does not
26 himself sell any Bratz dolls and who has received virtually all of his payments on
27 the basis of fashion and soft good design work he performs that cannot be
28 considered an act of infringement. As it turns out, Mattel is apparently seeking

7
CARTER BRYANT'S OPPOSITION TO MATTEL, INC.'S MOTION IN LIMINE NO. 11 TO PRECLUDE
DEFENDANTS FROM OFFERING IMPROPERLY DISCLOSED EVIDENCE
CASE NO. CV 04-09049 SGL (RNBx)

415493.03

every dollar that Bryant earned that in any way relates to Bratz, notwithstanding the requirement that there be (and the absence of) a reasonable causal connection. But Bryant was not in a position to know that, and thus to know what revenues he needed to apportion, until after Mattel served its initial damages expert report.

Mattel's claims that it will be "substantially prejudiced" by the introduction of evidence relating to the apportionment aspects of Mr. Kidder's report should not be credited. First, Mattel made the strategic decision to have its expert put forward no analysis tying the total royalties to profits, much less tying them to any alleged act of infringement. This was Mattel's burden and Bryant is entitled to rebut Mr. Wagner's report by demonstrating that his analysis is incomplete. *See FLOE*, 2006 WL 5159513, at *7. Second, to the extent Mattel felt it was necessary to respond to the portions of Mr. Kidder's report discussing apportionment, Mattel was free to request permission to file a responsive expert report. Its claims that it does not have time to do so now are both unsupported and unsupportable. Mattel already has a damages expert, and it has a host of purported experts who have already opined on the alleged relationship between Bryant's drawings and MGA's Bratz dolls. Moreover, Mattel sought leave to file sur-reply expert reports for two of its other experts, Willaim Flynn and Lloyd Cunningham, despite the same purported time constraints. *See* Mattel, Inc.'s *Ex Parte* Application to File Supp. Expert Reports by Messrs. William Flynn and Lloyd Cunningham (Docket No. 3008). Mattel, however, chose not to request any such relief and has opted instead to attempt to exclude evidence that was properly disclosed under clear case law and the Federal Rules. Any prejudice Mattel suffers as a result of this decision is entirely of its own making.

Mattel's suggestion that Mr. Kidder's report somehow inappropriately rebuts the report of another one of Bryant's experts, Paul Meyer, is equally baseless. Mattel Mot., 17. Bryant has never suggested that Mr. Kidder's report is intended to rebut Mr. Meyer's report and Mr. Kidder did not state that he was attempting to

do so. Rather, in making the apportionment analysis, Mr. Kidder responded to Mr. Meyer's report and commented on his analysis. *See* Proctor Dec., Exh. 60 (Expert Report of Douglas Kidder), ¶¶ 30-35. Mattel cites no authority for the proposition that responding to another expert's report is improper. Mattel Mot., 17. It is entirely proper.

Paragraphs 30-35 and 52 of Mr. Kidder's report—the only portions of the report that address the issue of apportionment—thus constitute proper rebuttal to the report of Mr. Wagner.

### C. Without analysis or explanation, Mattel's motion improperly requests that the Court exclude portions of Mr. Kidder's report unrelated to the apportionment analysis.

After devoting the entirety of its analysis concerning Mr. Kidder's report to challenging his discussion of apportionment for copyright damages, Mattel then requests that the Court exclude portions Mr. Kidder's report that have nothing to do with an apportionment analysis. Mattel Mot., 25.

The bulk of Mr. Kidder's report is devoted, not to apportionment, but rather to explaining why Mr. Wagner's analysis is incomplete and unhelpful in assessing Mattel's alleged damages for its breach of contract, breach of fiduciary duty, breach of the duty of loyalty, and conversion claims against Bryant. *See* Proctor Dec., Exh. 60 (Expert Report of Douglas Kidder), ¶¶ 22-29, 36-51, 53. Mattel bears the burden of proving all of the essential elements of these claims, including its damages, if any. *See, e.g., First Commercial Mortgage Co. v. Reece*, 89 Cal. App. 4th 731, 745, (2001) (breach of contract); *Slovensky v. Friedman*, 142 Cal. App. 4th 1518, 1534 (2006) (breach of fiduciary duty); *Huong Que, Inc. v. Luu*, 150 Cal. App. 4th 400, 410 (2007) (breach of duty of loyalty); *Mendoza v. Rast Produce Co., Inc.*, 140 Cal. App. 4th 1395, 1404-1405 (2006) (conversion). Mattel does not, and cannot, contest that Mr. Kidder's report, as it relates to these claims, is a proper rebuttal report.

Nonetheless, in the conclusion of its motion, without any analysis or

9
CARTER BRYANT'S OPPOSITION TO MATTEL, INC.'S MOTION IN LIMINE NO. 11 TO PRECLUDE DEFENDANTS FROM OFFERING IMPROPERLY DISCLOSED EVIDENCE
CASE NO. CV 04-09049 SGL (RNBx)

415493.03

explanation whatsoever, Mattel requests that the Court preclude Bryant from relying on paragraphs 39, 42, 45, 50 and 53 of Mr. Kidder's report—none of which deal with the issue of apportionment for copyright damages. Mattel Mot., 25. Because Mattel failed to articulate (and cannot possibly articulate) any objection to Mr. Kidder's rebuttal damages analysis for the non-copyright claims, the requested relief is improper and should be denied.

### D. Exclusion is inappropriate where, as here, any error was substantially justified and harmless.

Even assuming for sake of argument only that Mr. Kidder's report should have been disclosed on the date for initial expert disclosures (it should not have been), exclusion would not be warranted because any such error would be substantially justified and harmless under Federal Rule 37(c)(1).

First, Bryant reasonably relied on federal case law directly on point stating a copyright defendant may appropriately disclose expert evidence on apportionment on the deadline for rebuttal disclosures. *See, supra*, at III.B. Mattel cites no authority for the contrary proposition that a copyright defendant must disclose an expert on apportionment in its initial expert disclosures, and Bryant was unable to locate any. To the extent this Court adopts a different approach than that of the district court in *Straus*, Bryant's reliance on that authority was nonetheless substantially justified.

Second, any error was harmless because the same analysis underlying Mr. Kidder's discussion of apportionment—a determination of the value of Bryant's original Bratz idea and the profits he received from the sale of that idea—is also relevant to Mr. Kidder's rebuttal analysis with respect to Mattel's other damages claims. *See* Proctor Dec., Exh. 60 (Expert Report of Douglas Kidder), at Tables 1, 2 (noting that the portion of Bryant's profits attributable to the allegedly copyrighted material is also relevant to assessing Mattel's claims for breach of the duty of loyalty, breach of contract, breach of fiduciary duty, and unfair

10
CARTER BRYANT'S OPPOSITION TO MATTEL, INC.'S MOTION IN LIMINE NO. 11 TO PRECLUDE DEFENDANTS FROM OFFERING IMPROPERLY DISCLOSED EVIDENCE
CASE NO. CV 04-09049 SGL (RNBx)

415493.03

competition). Mattel has not, therefore, been put in the position of having to respond to any independent analysis concerning apportionment that would not otherwise be unquestionably admissible to rebut Mattel's other damages claims.

### IV.   CONCLUSION

Bryant respectfully requests that the Court deny Mattel's eleventh motion in limine.

Dated: April 28, 2008                                          KEKER & VAN NEST, LLP

By:   /s/ Matthew Werdegar
MATTHEW WERDEGAR
Attorneys for Plaintiff
CARTER BRYANT

11
CARTER BRYANT'S OPPOSITION TO MATTEL, INC.'S MOTION IN LIMINE NO. 11 TO PRECLUDE DEFENDANTS FROM OFFERING IMPROPERLY DISCLOSED EVIDENCE
CASE NO. CV 04-09049 SGL (RNBx)

415493.03