THOMAS J. NOLAN (Bar No. 66992)
(tnolan@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, CA 90071-3144
Tel.: (213) 687-5000/Fax: (213) 687-5600

RAOUL D. KENNEDY (Bar No. 40892)
(rkennedy@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
4 Embarcadero Center, 38th Floor
San Francisco, CA 94111-5974
Tel.: (415) 984-6400 / Fax: (415) 984-2698

Attorneys for MGA Entertainment, Inc., MGA Entertainment (HK) Limited,
MGAE de Mexico, S.R.L. DE C.V., and Isaac Larian

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with Case No. 04-9059 and Case No. 05-2727 |
| v. | DECLARATION OF ROBERT J. HERRINGTON IN SUPPORT OF MGA'S MOTION OBJECTING TO DISCOVERY MASTER'S APRIL 22, 2008 ORDER GRANTING MATTHEW BOUSQUETTE'S MOTION TO QUASH SUBPOENA |
| MATTEL, INC., a Delaware corporation, | |
| Defendant. | |
| AND CONSOLIDATED ACTIONS | Date: May 5, 2008 Time: 10:00 a.m. Judge: Honorable Stephen G. Larson Place: Courtroom 1 |

1

2   I, Robert J. Herrington, declare and state as follows:

3          I am an attorney with Skadden, Arps, Slate, Meagher & Flom LLP

4   ("Skadden"), counsel of record for MGA Entertainment, Inc. ("MGA"), and Isaac

5   Larian.  I am submitting this Declaration in support of MGA's motion objecting to

6   the Discovery Master's April 22, 2008 order granting Matthew Bousquette's motion

7   to quash his deposition subpoena.

8          1.     Attached as **Exhibit 1** hereto is a true and correct copy of Matthew

9   Bousquette's Notice of Deposition, dated November 22, 2006.

10         2.     Attached as **Exhibit 2** hereto is a true and correct copy of Mattel's and

11  Matthew Bousquette's Objections And Responses To MGA Entertainment, Inc.'s

12  Notice of Deposition And Subpoena For Production Of Documents To Matt

13  Bousquette, dated December 6, 2006.

14         3.     On January 9, 2007, Timothy L. Alger of Quinn, Emanuel, Quinn,

15  Emanuel, Urquhart, Oliver & Hedges, LLP sent a letter to James Jenal of O'Melveny

16  & Myers, LLP.  A true and correct copy is attached hereto as **Exhibit 3**.

17         4.     On January 16, 2007, Timothy Alger sent a letter to James Jenal.  A true

18  and correct copy is attached hereto as **Exhibit 4**.

19         5.     Attached as **Exhibit 5** hereto is a true and correct copy of excerpts from

20  the February 13, 2007 telephonic hearing before the Discovery Master.

21         6.     I understand that, since February 2007, MGA has produced more than 4

22  million pages of documents in this action, including hundreds of thousands of pages

23  relating to its unfair competition claims.

24         7.     On December 10, 2007, Marcus Mumford of Skadden sent a letter to

25  Jon Corey of Quinn, Emanuel, Quinn, Emanuel, Urquhart, Oliver & Hedges, LLP.

26  A true and correct copy is attached hereto as **Exhibit 6**.

27

28

8.      On December 11, 2007, Jon Corey sent a letter to Marcus Mumford.  A true and correct copy is attached hereto as **Exhibit 7**.

9.      On January 2, 2008, Jon Corey sent a letter to Thomas Nolan of Skadden and Michael Page of Keker & Van Nest, LLP.  A true and correct copy is attached hereto as **Exhibit 8**.

10.     On January 9, 2008, Marcus Mumford sent a letter to Jon Corey.  A true and correct copy is attached hereto as **Exhibit 9**.

11.     On February 11, 2008, Michael Zeller of Quinn, Emanuel, Quinn, Emanuel, Urquhart, Oliver & Hedges, LLP sent a letter to Michael Page and Thomas Nolan.  A true and correct copy is attached hereto as **Exhibit 10**.

12.     On February 11, 2008, Thomas Nolan sent a letter to Michael Zeller.  A true and correct copy is attached hereto as **Exhibit 11**.

13.     On February 12, 2008, Michael Zeller sent a letter to Thomas Nolan and Michael Page.  A true and correct copy is attached hereto as **Exhibit 12**.

14.     On February 13, 2008, Thomas Nolan sent a letter to Michael Zeller.  A true and correct copy is attached hereto as **Exhibit 13**.

15.     On February 14, 2008, Michael Zeller sent a letter to Thomas Nolan and Michael Page.  A true and correct copy is attached hereto as **Exhibit 14**.

16.     Attached as **Exhibit 15** hereto is a true and correct copy of excerpts from the February 25, 2008 hearing before Judge Larson.

17.     Attached as **Exhibit 16** hereto is a true and correct copy of the Minute Order, dated February 25, 2008.

18.     Attached as **Exhibit 17** hereto is a true and correct copy of Opposition By Non-Party Matthew Bousquette To Motion To Compel Deposition; Declaration Of Christopher G. Caldwell, filed on March 7, 2008.

19.     Attached as **Exhibit 18** hereto is a true and correct copy of excerpts of the March 10, 2008 telephonic hearing before the Discovery Master.

20.     Attached as **Exhibit 19** hereto is a true and correct copy of the Declaration of Thomas Nolan In Support Of MGA's Opposition To Matthew Bousquette And Mattel's Motion To Quash And Motion For Protective Order, dated April 3, 2008

21.     Attached as **Exhibit 20** hereto is a true and correct copy of the Declaration of Wayne Sherman, dated April 2, 2008.

22.     Attached as **Exhibit 21** hereto is a true and correct copy of the Notice of Deposition and Service Of Subpoena To Matthew Bousquette.

23.     Attached as **Exhibit 22** hereto is a true and correct copy of an internet printout from the Board of Equalization's website regarding California's Homeowner's Exemption

24.     Attached as **Exhibit 23** hereto is a true and correct copy of Matthew Bousquette's Declaration In Support of Motion To Quash The Subpoena Seeking Deposition of Matthew Bousquette; Or In The Alternative Motion For a Protective Order, dated March 27, 2008.

25.     Attached as **Exhibit 24** hereto is a true and correct copy of the Supplemental Declaration of Wayne Sherman, dated April 8, 2008.

26.     On March 17, 2008, Christopher Caldwell of Caldwell, Leslie & Proctor, PC sent a letter to Thomas Nolan.  A true and correct copy is attached hereto as **Exhibit 25**.

27.     On March 27, 2008, Robert Herrington of Skadden sent a letter to Christopher Caldwell.  A true and correct copy is attached hereto as **Exhibit 26**.

28.     Attached as **Exhibit 27** hereto is a true and correct copy of Mattel, Inc.'s Notice of Motion and Motion For Protective Order Re: Matthew Bousquette.

29.     Attached as **Exhibit 28** hereto is a true and correct copy of the Notice of Motion And Motion To Quash The Subpoena Seeking Deposition Of Matthew Bousquette; Or In The Alternative Motion For A Protective Order, dated March 27, 2008.

30.     A true and correct copy of Mattel's Phase One Witness List, served on April 1, 2008, is attached as **Exhibit 29**.  In these disclosures, Mattel identifies Mr. Bousquette as a witness for the Phase I trial.

31.     Attached as **Exhibit 30** hereto is a true and correct copy of the Discovery Master's April 22, 2008 Order Granting Third-Party Matthew Bousquette's Motion To Quash Subpoena.

32.     Attached as **Exhibit 31** hereto is a true and correct copy of the Stipulation For Appointment Of A Discovery Master And Order.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on April 28, 2008, at Los Angeles, California.

By: _____
Robert J. Herrington

# Exhibit 1

1  DIANA M. TORRES (S.B. #162284)
    JAMES P. JENAL (S.B. #180190)
2  O'MELVENY & MYERS LLP
    400 South Hope Street
3  Los Angeles, California 90071-2899
    Telephone: (213) 430-6000
4  Facsimile: (213) 430-6407

5  DALE M. CENDALI (admitted pro hac vice)
    O'MELVENY & MYERS LLP
6  7 Times Square
    New York, New York 10036
7  Telephone: (212) 326-2000
    Facsimile: (212) 326-2061

8

9  Attorneys for Plaintiff,
    MGA Entertainment, Inc.

10

11            **UNITED STATES DISTRICT COURT**

12            **CENTRAL DISTRICT OF CALIFORNIA**

13

14  CARTER BRYANT, an individual,    Case No.  CV 04-09049 SGL (RNBx)

15          Plaintiff,        **NOTICE OF DEPOSITION OF**

16     v.            **MATT BOUSQUETTE**

17  MATTEL, INC., a Delaware

18  Corporation,            Date:     January 9, 2007

19                   Time:     10:00 a.m.

20         Defendant.

21

22  CONSOLIDATED WITH       Place:   O'Melveny & Myers LLP
                                     400 South Hope Street
23                                     Los Angeles, California
24  MATTEL, INC. v. BRYANT and

25

26  MGA ENTERTAINMENT, INC. v.
    MATTEL, INC.

27

28

LA2:817505.1

Exhibit 1 ,
P. 6

1      **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

2      PLEASE TAKE NOTICE that Plaintiff MGA Entertainment, Inc. ("MGA")

3      will take the deposition of Matt Bousquette on January 9, 2007 at 10:00 a.m. and

4      continuing from day to day thereafter, excluding weekends and holidays, or as otherwise

5      agreed by counsel, until completed. The deposition will be held at the offices of

6      O'Melveny & Myers LLP, 400 South Hope Street, Los Angeles, California 90071. This

7      deposition will be taken before a court reporter authorized to administer oaths and will be

8      recorded stenographically (including real-time transcription) and by sound-and-visual

9      means.

10     PLEASE TAKE FURTHER NOTICE that the deponent is not a party to

11     this action. So far as known to the deposing party, the deponent's address is as follows:

12     9649 Lawlen Way, Beverly Hills, California 90210-2224. Said deponent has been served

13     with a Subpoena *Duces Tecum*, a copy of which is attached hereto.

14

15     Dated: November 22, 2006

16

17                                DALE M. CENDALI
                                   DIANA M. TORRES
18                                 JAMES P. JENAL
                                   O'MELVENY & MYERS LLP
19

20     By
                                   James P. Jenal
21                                 Attorneys for Plaintiff MGA
22                                 Entertainment, Inc.

23

24

25

26

27

28

LA2:817505.1                    1       MGA'S DEPOSITION NOTICE – MATT BOUSQUETTE
                                         CASE NO. CV 04-09049 SGL (RNBx)

Exhibit 1 ,
P. 7

AO 88 (Rev.11/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

CARTER BRYANT

           Plaintiff,

        v.

MATTEL, INC.

           Defendants.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] CV-04-9049 SGL (RNBx)

TO: Matt Bousquette
9649 Lawlen Way
Beverly Hills, CA 90210-2224

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
| O'Melveny & Myers LLP, 400 S. Hope St., Los Angeles, CA 90071 | 1/9/2007,10:00 am |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHMENT A

| PLACE | DATE AND TIME |
| --- | --- |
| Attn: Jim Jenal<br>O'Melveny & Myers LLP, 400 S. Hope St., Los Angeles, CA 90071 | 12/22/2006 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| Jim Jenal, Attorney for Plaintiff MGA Entertainment, Inc. | 11/22/2006 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER

Jim Jenal (213) 430-6584
O'Melveny & Myers LLP, 400 South Hope Street, Los Angeles, CA 90071

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

Exhibit 1,
P. 8

AO 88 (Rev. 11/94)  Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | | PLACE |
|---|---|---|---|

**SERVED**

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                        DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)  A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)  (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)  Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises.  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)  (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)  fails to allow reasonable time for compliance,

(ii)  requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to

attend trial be commanded to travel from any such place within the state in which the trial is held, or the demanding party to contest the claim.

(iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)  subjects a person to undue burden.

(B)  If a subpoena

(i)  requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)  DUTIES IN RESPONDING TO SUBPOENA.

(1)  A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)  When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

Exhibit ___1___ ,
P. ___9___

# EXHIBIT A

## DEFINITIONS

As used in these Requests:

1.      "BRATZ" means and refers to each image, character, logo, doll, toy, accessory, product, packaging or other thing or matter that is or has ever been manufactured, marketed or sold by MGA, or others under license by MGA, as part of a line of goods or merchandise commonly known as, or sold and marketed under the "Bratz" trademark or trade dress.

2.      "BRYANT" means defendant Carter Bryant.

3.      "COMMUNICATION[S]" means any transmission of information from one person or entity to another, including, without limitation, by personal meeting, conversation, letter, telephone, facsimile or electronic mail. Each request that encompasses information relating in any way to communications to, from or within a business or corporate entity is hereby designated to mean, and should be construed to include, all communications by and between representatives, employees, agents or servants of the business or corporate entity.

4.      "DOCUMENT[S]" incorporates the full meaning of Federal Rule of Civil Procedure 34, and shall be construed in the broadest sense to mean any and all writings, tangible things and property, of any kind, that are now or that have been in YOUR actual or constructive possession, custody or control, including, but not limited to, any handwritten, typewritten, printed, drawn, charted, taped, filmed, punched, copied, recorded, transcribed, graphic or photographic matter of any kind or nature, in, through, or from which information may be embodied, translated, conveyed or stored, whether an original, a draft or copy, however produced or reproduced, whether sent or received or neither, including, but not limited to, notes, memoranda, correspondence, letters, facsimiles and facsimile transmittals, reports,

Exhibit ___ ,
P. __10__

inter- and intra-office COMMUNICATIONS, work papers, work sheets, work records, ledgers, graphs, indexes, advertisements, brochures, price lists, cost sheets, estimating sheets, bills, bills of lading, bids, time cards, receipts, telephone records, telegrams, telexes, literature, invoices, contracts, purchase orders, estimates, recordings, transcriptions of recordings, records, books, pamphlets, periodicals, publications, papers, tapes, DVDs, video CDs, video, audio and digital recordings, television commercials, story boards, website or other spot advertisements, movies, movie trailers, prototypes, samples, products, diaries, calendars, charts, drawings, sketches, messages, photographs and data contained in or accessible through any electronic data processing system, including, but not limited to, computer databases, data sheets, data processing cards, computer files and tapes, computer disks, CD-ROMs, computer meta-data, microfilm, microfiche, electronic mail, website and web pages and transcriptions thereof and all other memorializations of any conversations, meetings and conferences, by telephone or otherwise. The term DOCUMENT also means every copy of a DOCUMENT, where such copy is not an identical duplicate of the original, whether because of deletions, underlinings, showing of blind copies, initialing, signatures, receipt stamps, comments, notations, differences in stationery or any other difference or modification of any kind.

5.     "MATTEL" means Mattel, Inc. and any of its past or present officers, directors, agents, employees, representatives, consultants, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest, entities and persons acting in joint venture or partnership relationships with MATTEL and any others acting on MATTEL'S behalf, pursuant to MATTEL'S authority or subject to MATTEL'S control.

6.     "MGA" means MGA Entertainment, Inc. and any of its past or present officers, directors, agents, employees, representatives, consultants, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest, entities and

2

persons acting in joint venture or partnership relationships with MGA and any others acting on MGA's behalf, pursuant to its authority or subject to its control.

7.     "LARIAN" means MGA's Chief Executive Officer, Isaac Larian.

8.     "ALIEN RACERS" means and refers to each image, character, logo, doll, toy, accessory, product, packaging or any other thing that is or has ever been manufactured, marketed or sold by MGA, or others under license by MGA, as part of a line of goods or merchandise commonly known as, or sold and marketed under the name "Alien Racers."

9.     "4-EVER BEST FRIENDS" means and refers to each image, character, logo, doll, toy, accessory, product, packaging or any other thing that is or has ever been manufactured, marketed or sold by MGA, or others under license by MGA, as part of a line of goods or merchandise commonly known as, or sold and marketed under the name "4-Ever Best Friends."

10.    "MOMMY'S LITTLE PATIENT" means and refers to each image, character, logo, doll, toy, accessory, product, packaging or any other thing that is or has ever been manufactured, marketed or sold by MGA, or others under license by MGA, as part of a line of goods or merchandise commonly known as, or sold and marketed under the name "Mommy's Little Patient."

11.    "LIL BRATZ" means and refers to each image, character, logo, doll, toy, accessory, product, packaging or any other thing that is or has ever been manufactured, marketed or sold by MGA, or others under license by MGA, as part of a line of goods or merchandise commonly known as, or sold and marketed under the name "Lil' Bratz."

12.    "MY SCENE" means and refers to each image, character, logo, doll, toy, accessory, product, packaging or any other thing that is or has ever been manufactured, marketed or sold by MATTEL, or others under license by MATTEL,

Exhibit __1__,
P. __12__

as part of a line of goods or merchandise commonly known as, or sold and marketed under the names "My Scene" or "My Scene Barbie."

13.   "FLAVAS" means and refers to each image, character, logo, doll, toy, accessory, product, packaging or any other thing that is or has ever been manufactured, marketed or sold by MATTEL, or others under license by MATTEL, as part of a line of goods or merchandise commonly known as, or sold and marketed under the name "Flavas."

14.   "TOON TEENS" means and refers to each image, character, logo, doll, toy, accessory, product, packaging or any other thing that is or has ever been manufactured, marketed or sold by MATTEL, or others under license by MATTEL, as part of a line of goods or merchandise commonly known as, or sold and marketed under the name "Toon Teens."

15.   "DIVA STARZ" means and refers to each image, character, logo, doll, toy, accessory, product, packaging or any other thing that is or has ever been manufactured, marketed or sold by MATTEL, or others under license by MATTEL, as part of a line of goods or merchandise commonly known as, or sold and marketed under the name "Diva Starz."

16.   "YOU" or "YOUR" refers to Matt Bousquette and any of YOUR past or present agents, employees, representatives, consultants and attorneys and persons acting in joint venture or partnership relationships with YOU and any others acting on YOUR behalf, pursuant to YOUR authority or subject to YOUR control.

17.   The singular form includes the plural, and vice versa.

18.   The terms "any" and "all" are interchangeable.

19.   The terms "and" and "or" shall be construed disjunctively and conjunctively, and each shall include the other whenever such dual construction will serve to bring within the scope of any Request, DOCUMENTS that would otherwise not be within its scope.

4

Exhibit __I__,
P. __13__

20.   The term "REFERRING OR RELATING TO" should be construed in the broadest possible sense to mean concerning, consisting of, referring to, relating to, describing, discussing, constituting, evidencing, containing, reflecting, mentioning, pertaining to, citing, summarizing, analyzing or bearing any logical or factual connection with the matter discussed.

## INSTRUCTIONS

1.   YOU are instructed to produce all non-privileged DOCUMENTS in YOUR possession, custody or control.  A document is in YOUR "possession, custody, or control" if it is in YOUR physical possession, or if, as a practical matter, YOU have the ability, upon request, to obtain possession of the DOCUMENT or a copy thereof from another person or entity who has physical possession of the DOCUMENT.

2.   Each DOCUMENT is to be produced as it is kept in the usual course of business, including all file folders, binders, notebooks, and other devices by which such DOCUMENTS may be organized or separated

3.   If YOU withhold any DOCUMENT, or portion of a DOCUMENT, on grounds that it is protected from discovery by the attorney-client privilege, work product doctrine, or other privilege, please set forth for each such DOCUMENT or portion of a DOCUMENT withheld:

   a.   The date the DOCUMENT was created;

   b.   The names and organization position, if any, of each author, sender, and recipient of the DOCUMENT;

   c.   A general description of the subject matter of the DOCUMENT;

   d.   The basis of any claim of privilege; and

   e.   If work-product is asserted, the proceeding for which the DOCUMENT was created.

5

Exhibit ___,
P. 14

# REQUESTS FOR PRODUCTION

**REQUEST NO. 1.:**

All DOCUMENTS REFERRING OR RELATING TO BRYANT, including without limitation all DOCUMENTS REFERRING OR RELATING TO any investigation or inquiry YOU or MATTEL conducted concerning BRYANT and to information in YOUR or MATTEL'S possession prior to December 1, 2003, concerning BRYANT's involvement in the creation, design, or development of BRATZ.

**REQUEST NO. 2.:**

All DOCUMENTS REFERRING OR RELATING TO the creation, origin or sources of inspiration of "BRATZ."

**REQUEST NO. 3.:**

All COMMUNICATIONS with *The Wall Street Journal* REFERRING OR RELATING TO BRYANT, MGA, "BRATZ" or LARIAN, and all DOCUMENTS REFERRING OR RELATING TO such COMMUNICATIONS.

**REQUEST NO. 4.:**

All DOCUMENTS REFERRING OR RELATING TO MGA or LARIAN.

**REQUEST NO. 5.:**

All DOCUMENTS REFERRING OR RELATING TO "BRATZ", "ALIEN RACERS," "4-EVER BEST FRIENDS," "MOMMY'S LITTLE PATIENT" or "LIL BRATZ," including without limitation the advertising or marketing of such products and the presence at MATTEL facilities of, or YOUR or MATTEL'S review of, such products and their related advertising and marketing.

6

Exhibit __l__ ,
P. __15__

## REQUEST NO. 6.

All DOCUMENTS REFERRING OR RELATING TO the origins or sources of inspiration of "MY SCENE" including, without limitation, the purpose for which "MY SCENE" products were created.

## REQUEST NO. 7.:

All DOCUMENTS REFERRING OR RELATING TO the creation or development of any aspect of "MY SCENE" that in any way refer to MGA, "BRATZ" or competition generally.

## REQUEST NO. 8.

All DOCUMENTS REFERRING OR RELATING TO the origins or sources of inspiration of "FLAVAS" including, without limitation, the purpose for which "FLAVAS" products were created.

## REQUEST NO. 9.:

All DOCUMENTS REFERRING OR RELATING TO the creation or development of any aspect of "FLAVAS" that in any way refer to MGA, "BRATZ" or competition generally.

## REQUEST NO. 10.

All DOCUMENTS REFERRING OR RELATING TO the origins or sources of inspiration of "TOON TEENS" including, without limitation, the purpose for which "TOON TEENS" products were created.

## REQUEST NO. 11.:

All DOCUMENTS REFERRING OR RELATING TO the creation or development of any aspect of "TOON TEENS" that in any way refer to MGA, "BRATZ" or competition generally.

7

Exhibit 1 ,
P. 16

**REQUEST NO. 12.:**

All DOCUMENTS REFERRING OR RELATING TO the creation or development of any aspect of "DIVA STARZ" that in any way refer to MGA, "BRATZ" or competition generally.

**REQUEST NO. 13.:**

All DOCUMENTS REFERRING OR RELATING TO the timing or plans for release of any MATTEL product, including but not limited to "MY SCENE," "FLAVAS," "TOON TEENS" and "DIVA STARZ," that in any way refer to MGA, "BRATZ" or competition generally.

**REQUEST NO. 14.:**

All DOCUMENTS REFERRING OR RELATING TO any similarity between the packaging for "BRATZ" and any MATTEL product, including but not limited to "MY SCENE," "FLAVAS," "TOON TEENS" and "DIVA STARZ," including without limitation, similarities in character art, color schemes, product display, shape, and transparent style of packaging.

**REQUEST NO. 15.:**

All DOCUMENTS REFERRING OR RELATING TO any similarity between "BRATZ" and any MATTEL product, including but not limited to "MY SCENE," "FLAVAS," "TOON TEENS" and "DIVA STARZ," including without limitation to similarities in themes, accessories, clothing, packaging, character art, or any physical attributes such as shoes, feet, hair, removable heads, face paint, head size, body proportions, or other physical attributes.

**REQUEST NO. 16.:**

All DOCUMENTS REFERRING OR RELATING TO whether any MATTEL product, including but not limited to "MY SCENE," "FLAVAS," "TOON TEENS" and "DIVA STARZ," copies, replicates, in any way imitates the

8

Exhibit (___,
P. 17

appearance of or infringes or potentially infringes the copyrights, trademarks, or trade dress of "BRATZ."

**REQUEST NO. 17.:**

All DOCUMENTS REFERRING OR RELATING TO whether "BRATZ" copies, replicates, in any way imitates the appearance of or infringes or potentially infringes the copyrights, trademarks, or trade dress of any MATTEL product or that MATTEL claims to own.

**REQUEST NO. 18.:**

All DOCUMENTS REFERRING OR RELATING TO actual or potential consumer confusion between "MY SCENE" products and MGA products.

**REQUEST NO. 19.:**

All DOCUMENTS REFERRING OR RELATING TO any claim or belief by YOU or MATTEL that MGA misappropriated or learned MATTEL trade secrets, proprietary information or information YOU or MATTEL believed to be trade secrets or proprietary information.

**REQUEST NO. 20.:**

All DOCUMENTS REFERRING OR RELATING TO any claim or belief by YOU or MATTEL that MATTEL misappropriated or learned MGA trade secrets, proprietary information or information YOU or MATTEL believed to be trade secrets or proprietary information.

**REQUEST NO. 21.:**

All DOCUMENTS REFERRING OR RELATING TO the lawsuit entitled *Mattel, Inc. v. Carter Bryant, et al.*, CV 04-9059 SGL (RNBx) (the "BRYANT suit"), including but not limited to COMMUNICATIONS with MATTEL or others about the BRYANT suit, and DOCUMENTS REFERRING OR RELATING TO MATTEL's decision whether to file and the timing of filing the BRYANT suit.

Exhibit ___,
P. _18_

**REQUEST NO. 22.:**

All DOCUMENTS REFERRING OR RELATING TO MATTEL'S attempts to preserve or not preserve documents relevant to the issues in the BRYANT suit or its intended suit against MGA.

**REQUEST NO. 23.:**

All DOCUMENTS REFERRING OR RELATING TO MATTEL'S attempts to avoid discovery of documents relevant to the issues in the BRYANT suit or its intended suit against MGA.

10

Exhibit _1_,
P. _19_

## PROOF OF SERVICE

I, Karen A. Nakatsu, declare:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 400 South Hope Street, Los Angeles, California 90071-2899. On November 22, 2006, I served the within document(s):

**NOTICE OF DEPOSITION OF MATT BOUSQUETTE**

[X]   by causing to be personally served the document(s) listed above to the person(s) listed below.

John Quinn, Esq.
Michael T. Zeller, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017

[X]   by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collecting and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Keith A. Jacoby, Esq.               Patricia Glaser, Esq.
Littler Mendelson, P.C.             Christensen, Glaser, Fink, Jacobs,
2049 Century Park East,             Weil & Shapiro, LLP
Fifth Floor                         10250 Constellation Blvd.,
Los Angeles, CA 90067               19th Floor
                                    Los Angeles, CA 90067

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on November 22, 2006, at Los Angeles, California.

_Karen A. Nakatsu_
Karen A. Nakatsu

LA2:817525.1

Exhibit __,
P. 20

## PROOF OF PERSONAL SERVICE

I am a citizen of the United States and employed in the County of Los Angeles, State of California, by Worldwide Network, Inc., whose address is 350 South Figueroa Street, Suite 299, Los Angeles, CA 90071. I am over the age of eighteen years and not a party to the within action. On November 22, 2006, I personally served the following:

### NOTICE OF DEPOSITION OF MATT BOUSQUETTE

by delivering a copy thereof to the office of the following, and either handing the copy to or leaving it with the ___Alicia Sotelo___ of the office thereof:

### Service List

John Quinn, Esq.
Michael T. Zeller, Esq.
QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP
865 Figueroa Street, 10th Floor
Los Angeles, California 90017

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on November 22, 2006, at Los Angeles, California.

SIGNATURE: _____

PRINTED NAME: Luis Rivas

LA2:817520.1

Exhibit 1 ,
P. 21

# Exhibit 2

1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 090378)
2     johnquinn@quinnemanuel.com
     Michael T. Zeller (Bar No. 196417)
3     (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4     (joncorey@quinnemanuel.com)
     Timothy L. Alger (Bar No. 160303)
5     (timalger@quinnemanuel.com)
     865 South Figueroa Street, 10th Floor
6   Los Angeles, California 90017-2543
    Telephone: (213) 443-3000
7   Facsimile: (213) 443-3100

8   Attorneys for Plaintiff and Counter-
    Defendant Mattel, Inc. and Third-Party
9   Matt Bousquette

10

11

12             UNITED STATES DISTRICT COURT

13            CENTRAL DISTRICT OF CALIFORNIA

14                EASTERN DIVISION

| | |
|---|---|
| 15   CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| 16          Plaintiff, | Consolidated With Case No. 04-9059 and Case No. 05-2727 |
| 17     vs. | Hon. Stephen G. Larson |
| 18   MATTEL, INC., a Delaware corporation, | OBJECTIONS AND RESPONSES TO MGA ENTERTAINMENT, INC.'S |
| 19         Defendant. | NOTICE OF DEPOSITION AND SUBPOENA FOR PRODUCTION OF |
| 20 | DOCUMENTS TO MATT BOUSQUETTE |

21

22

23

24

25

26

27

28

1975/2009160.1

OBJECTIONS TO MGA'S NOTICE OF DEPOSITION AND SUBPOENA TO MATT BOUSQUETTE

Exhibit 2 ,
P. 23

Pursuant to <u>Rules</u> 26, 30 and 45 of the <u>Federal Rules of Civil Procedure,</u> Mattel, Inc. ("Mattel") and third-party Matt Bousquette ("Bousquette") object and respond to MGA Entertainment, Inc.'s ("MGA") Notice of Deposition of Matt Bousquette ("Notice") and Subpoena (the "Subpoena"), including the requests for production of documents (the "Requests"), and the instructions and definitions thereto, contained in Attachment A to the Subpoena, as follows:

## GENERAL OBJECTIONS TO THE NOTICE AND THE SUBPOENA

Mattel and Bousquette generally object to the Notice and Subpoena on each of the following grounds:

1.    Mattel and Bousquette object to the Notice and the Subpoena on the grounds that MGA has failed to comply with its obligation to make its initial disclosures relating to MGA's purported claims as required by <u>Rule</u> 26.  No deposition will proceed until after MGA complies with its initial disclosure obligations.

2.    Mattel and Bousquette object to the Notice and the Subpoena on the grounds and to the extent that they seek information that is neither relevant to a claim or defense asserted in this action nor reasonably calculated to lead to the discovery of admissible evidence.

3.    Mattel and Bousquette object to the Notice and the Subpoena on the grounds and to the extent that they seek disclosure of privileged information, including without limitation, information protected from discovery by the attorney-client privilege, attorney work-product doctrine, the joint defense or common interest privilege and any other applicable privilege.  Such information will not be disclosed.

4.    Mattel and Bousquette object to the Notice and the Subpoena on the grounds and to the extent that the information sought is equally available to

-2-
OBJECTIONS TO MGA'S NOTICE OF DEPOSITION AND SUBPOENA TO MATT BOUSQUETTE

Exhibit 2 ,
P. 23

19/3/2009160.1

1 | MGA through documents currently in its possession or under its control, or in the
2 | possession or control of its attorneys, past or present.

3 |        5.    Mattel and Bousquette object to the Notice and the Subpoena on
4 | the grounds and to the extent that they seek to impose discovery obligations beyond
5 | those required or permitted by the <u>Federal Rules of Civil Procedure</u>.

6 |

7 |        **<u>GENERAL OBJECTIONS TO THE REQUESTS</u>**

8 |

9 |        Mattel and Bousquette generally object to each of the Requests on each
10 | and every one of the following grounds, which are incorporated into and made a part
11 | of the response to each and every individual request:

12 |        1.    Mattel and Bousquette object to the Requests on the grounds that
13 | MGA has failed to comply with its obligation to make its initial disclosures as
14 | required by <u>Rule</u> 26. No documents will be produced in response to the Requests
15 | that relate to MGA's purported claims until after MGA complies with its initial
16 | disclosure obligations.

17 |        2.    Mattel and Bousquette object to the Requests on the grounds and
18 | to the extent that they seek to impose discovery obligations beyond those required or
19 | permitted by the <u>Federal Rules of Civil Procedure</u>.

20 |        3.    Mattel and Bousquette object to the Requests on the grounds and
21 | to the extent they call for the production of documents subject to the attorney-client
22 | privilege, the attorney work product doctrine, the right to privacy as set forth in the
23 | United States and/or California Constitutions, or any other applicable law, privilege,
24 | immunity, doctrine or other ground of privilege. Bousquette will not produce such
25 | privileged documents.

26 |        4.    Mattel and Bousquette object to the Requests on the grounds and
27 | to the extent they are overly broad, unduly burdensome, oppressive or unreasonably
28 | cumulative.

OBJECTIONS TO MGA'S NOTICE OF DEPOSITION AND SUBPOENA TO MATT BOUSQUETTE

Exhibit 2,
P. 24

5.   Mattel and Bousquette object to the Requests on the grounds and to the extent they seek information which is not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

6.   Mattel and Bousquette object to the Requests on the grounds and to the extent they seek documents equally or more available to, or already in the possession, custody or control of MGA.

7.   Mattel and Bousquette object to the Requests on the grounds and to the extent they seek documents not in Bousquette's possession, custody or control.

8.   Mattel and Bousquette object to the Requests on the ground and to the extent they seek trade secret, proprietary or otherwise confidential information of Mattel or third parties or would violate the terms of any agreement or contracts with third parties.  Any such documents that are produced, if any, will be produced only pursuant to and in reliance upon the Protective Order entered in this case.

9.   Mattel and Bousquette object to the Requests on the grounds that the definitions of the terms "MATTEL" and "MGA" are overbroad, vague and ambiguous, and unduly burdensome.

10.   Mattel and Bousquette object to each and every Request that seeks "all" documents which constitute, mention, refer or relate to a given topic on the grounds of undue burden and oppression.  Bousquette will make available for inspection and copying those documents and tangible items, if any, that he is able to locate after a reasonable, good-faith search for and review of non-privileged responsive documents.

11.   Objection to the production of any document or category of documents described in the Requests, or agreement to produce any such documents, is not and shall not be construed as an admission by Bousquette that any such documents or category of documents exist.  Where the responses indicate that he

-4-

OBJECTIONS TO MGA'S NOTICE OF DEPOSITION AND SUBPOENA TO MATT BOUSQUETTE

Exhibit 2,
P. 25

/975/2009160.1

1 | will produce responsive documents, such documents, if any, will be produced if and
2 | to the extent any such documents are in his possession, custody or control.

3

4 | ## SPECIFIC OBJECTIONS AND RESPONSES TO DOCUMENT REQUESTS

5

6 | Each of the following objections and responses to the Requests is
7 | expressly made subject to the above General Objections, all of which are
8 | incorporated in each of the following objections and responses to specific requests.
9 | A statement that Bousquette will produce documents or tangible things in response
10 | to a Request is not intended to suggest, nor should it be construed to mean, that any
11 | such documents or tangible things exist, or that they are in Bousquette's possession,
12 | custody or control.

13

14 | ## REQUEST FOR PRODUCTION NO. 1:

15 | All DOCUMENTS REFERRING OR RELATING TO BRYANT,
16 | including without limitation all DOCUMENTS REFERRING OR RELATING TO
17 | any investigation or inquiry YOU or MATTEL conducted concerning BRYANT
18 | and to information in YOUR or MATTEL'S possession prior to December 1, 2003,
19 | concerning BRYANT's involvement in the creation, design, or development of
20 | BRATZ.

21

22 | ## RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

23 | In addition to the general objections stated above which are
24 | incorporated herein by reference, Mattel and Bousquette object to this Request as
25 | overbroad and unduly burdensome on the grounds that it seeks all documents
26 | referring or relating to Bryant without limitation as to time or subject matter, and
27 | regardless of whether such documents concern matters at issue in this case. Mattel
28 | and Bousquette further object to this Request on the grounds that it calls for the

1975/2009160.1

OBJECTIONS TO MGA'S NOTICE OF DEPOSITION AND SUBPOENA TO MATT BOUSQUETTE

Exhibit 2 ,
P. 26

1 disclosure of information subject to the attorney-client privilege, the attorney work-
2 product doctrine and other applicable privileges.
3         Without waiving, and subject to, the foregoing general and specific
4 objections, Bousquette will produce responsive, non-privileged documents within
5 his possession, custody or control, if any.
6
7 REQUEST FOR PRODUCTION NO. 2:
8         All DOCUMENTS REFERRING OR RELATING TO the creation,
9 origin or sources of inspiration of "BRATZ."
10
11 RESPONSE TO REQUEST FOR PRODUCTION NO. 2:
12         In addition to the general objections stated above which are
13 incorporated herein by reference, Mattel and Bousquette object to this Request on
14 the grounds that it is overbroad and unduly burdensome, including in that it seeks all
15 documents that refer or relate to the creation, origin or sources of inspiration of
16 "BRATZ" without limitation as to time.  For these same reasons, Mattel and
17 Bousquette object to this Request on the grounds that it seeks documents that are
18 neither relevant to this action nor reasonably calculated to lead to the discovery of
19 admissible evidence.  Mattel and Bousquette further object to this Request on the
20 grounds that it calls for the disclosure of information subject to the attorney-client
21 privilege, the attorney work-product doctrine and other applicable privileges.
22         Without waiving, and subject to, the foregoing general and specific
23 objections, Bousquette will produce responsive, non-privileged documents within
24 his  possession, custody or control, if any.
25
26
27
28

1975/2009160.1

-6-
OBJECTIONS TO MGA'S NOTICE OF DEPOSITION AND SUBPOENA TO MATT BOUSQUETTE

Exhibit 2,
P. 27

1  REQUEST FOR PRODUCTION NO. 3:

2          All COMMUNICATIONS with *The Wall Street Journal* REFERRING

3  OR RELATING TO BRYANT, MGA, "BRATZ" or LARIAN, and all

4  DOCUMENTS REFERRING OR RELATING TO such COMMUNICATIONS.

5

6  RESPONSE TO REQUEST FOR PRODUCTION NO. 3:

7          In addition to the general objections stated above which are

8  incorporated herein by reference, Mattel and Bousquette object to this Request as

9  overbroad and unduly burdensome on the grounds that it seeks all communications

10 and all documents that refer or relate to communications with *The Wall Street*

11 *Journal* that refer or relate to Bryant "MGA," "BRATZ," or Isaac Larian, without

12 limitation as to time or subject matter, and regardless of whether such documents

13 concern matters at issue in this case. Mattel and Bousquette further object to the

14 Request on the grounds that it seeks documents that are not relevant to this action or

15 likely to lead to the discovery of admissible evidence. Mattel and Bousquette

16 further object to this Request on the grounds that it calls for the disclosure of

17 information subject to the attorney-client privilege, the attorney work-product

18 doctrine and other applicable privileges.

19

20 REQUEST FOR PRODUCTION NO. 4:

21          All DOCUMENTS REFERRING OR RELATING TO MGA or

22 LARIAN.

23

24 RESPONSE TO REQUEST FOR PRODUCTION NO. 4:

25          In addition to the general objections stated above which are

26 incorporated herein by reference, Mattel and Bousquette object to this Request as

27 overbroad and unduly burdensome on the grounds that it seeks all documents

28 mentioning, referring or relating to MGA or Isaac Larian, without limitation as to

0975/2009160.1

-7-

OBJECTIONS TO MGA'S NOTICE OF DEPOSITION AND SUBPOENA TO MATT BOUSQUETTE

Exhibit 2,
P. 28

1   time or subject matter, and regardless of whether such documents concern matters or
2   products at issue in this case. Mattel and Bousquette further object to the Request
3   on the grounds that it seeks documents that are not relevant to this action or likely to
4   lead to the discovery of admissible evidence. Mattel and Bousquette further object
5   to this Request on the grounds that it calls for the disclosure of information subject
6   to the attorney-client privilege, the attorney work-product doctrine and other
7   applicable privileges.

8

9   REQUEST FOR PRODUCTION NO. 5:
10          All DOCUMENTS REFERRING OR RELATING TO "BRATZ",
11   "ALIEN RACERS," "4-EVER BEST FRIENDS," "MOMMY'S LITTLE
12   PATIENT" or "LIL BRATZ," including without limitation the advertising or
13   marketing of such products and the presence at MATTEL facilities of, or YOUR or
14   MATTEL'S review of, such products and their related advertising and marketing.

15

16   RESPONSE TO REQUEST FOR PRODUCTION NO. 5:
17          In addition to the general objections stated above which are
18   incorporated herein by reference, Mattel and Bousquette object to this Request on
19   the grounds that it is overbroad and unduly burdensome. Mattel and Bousquette
20   further object to this Request as overbroad and unduly burdensome on the grounds
21   that it seeks all documents that refer or relate to "BRATZ," "ALIEN RACERS," "4-
22   EVER BEST FRIENDS," "MOMMY'S LITTLE PATIENT" or "LIL' BRATZ,"
23   without limitation as to time and without meaningful limitation as to subject matter,
24   and regardless of whether such documents concern matters at issue in this case.
25   Mattel and Bousquette further object to the Request on the grounds that it seeks
26   documents that are not relevant to this action or likely to lead to the discovery of
27   admissible evidence. Mattel and Bousquette further object to this Request on the
28   ground that the terms "BRATZ," "ALIEN RACERS," "4-EVER BEST FRIENDS,"

-8-
OBJECTIONS TO MGA'S NOTICE OF DEPOSITION AND SUBPOENA TO MATT BOUSQUETTE

Exhibit 2,
P. 29

1  "MOMMY'S LITTLE PATIENT," "LIL' BRATZ" and "MATTEL" are overbroad,
2  and vague and ambiguous. Mattel and Bousquette further object to this Request on
3  the grounds that it calls for the disclosure of information subject to the attorney-
4  client privilege, the attorney work-product doctrine and other applicable privileges.
5
6  REQUEST FOR PRODUCTION NO. 6:
7        All DOCUMENTS REFERRING OR RELATING TO the origins or
8  sources of inspiration of "MY SCENE" including, without limitation, the purpose
9  for which "MY SCENE" products were created.
10
11  RESPONSE TO REQUEST FOR PRODUCTION NO. 6:
12        In addition to the general objections stated above which are
13  incorporated herein by reference, Mattel and Bousquette object to this Request on
14  the grounds that it is overbroad, unduly burdensome and unintelligible, including in
15  that it seeks all documents on this subject without limitation as to time, and
16  regardless of whether such documents relate to products or matters at issue in this
17  case. Mattel and Bousquette further object to the Request on the grounds that it
18  seeks documents that are not relevant to this action or likely to lead to the discovery
19  of admissible evidence. Mattel and Bousquette further object to this Request on the
20  grounds that it calls for the disclosure of information subject to the attorney-client
21  privilege, the attorney work-product doctrine and other applicable privileges.
22
23  REQUEST FOR PRODUCTION NO. 7:
24        All DOCUMENTS REFERRING OR RELATING TO the creation or
25  development of any aspect of "MY SCENE" that in any way refer to MGA,
26  "BRATZ" or competition generally.
27
28

-9-

Exhibit 2,
P. 30

1  RESPONSE TO REQUEST FOR PRODUCTION NO. 7:

2          In addition to the general objections stated above which are

3  incorporated herein by reference, Mattel and Bousquette object to this Request as

4  overbroad and unduly burdensome, including in that it seeks all documents that refer

5  or relate to the creation or development of any aspect of "MY SCENE" that in any

6  way refer to MGA, "BRATZ" or competition generally, without limitation as to

7  time, and regardless of whether such documents relate to products or matters at issue

8  in this case. Mattel and Bousquette further object to the Request on the grounds that

9  it seeks documents that are not relevant to this action or likely to lead to the

10  discovery of admissible evidence. Mattel and Bousquette further object to this

11  Request on the grounds that it calls for the disclosure of information subject to the

12  attorney-client privilege, the attorney work-product doctrine and other applicable

13  privileges.

14

15  REQUEST FOR PRODUCTION NO. 8:

16          All DOCUMENTS REFERRING OR RELATING TO the origins or

17  sources of inspiration of "FLAVAS" including, without limitation, the purpose for

18  which "FLAVAS" products were created.

19

20  RESPONSE TO REQUEST FOR PRODUCTION NO. 8:

21          In addition to the general objections stated above which are

22  incorporated herein by reference, Mattel and Bousquette object to this Request on

23  the grounds that it is overbroad and unduly burdensome, including in that it seeks all

24  documents that relate or refer to the origins or sources of inspiration of "FLAVAS"

25  and the purpose for which "FLAVAS" was created without limitation as to time, and

26  regardless of whether such documents relate to matters at issue in this case. Mattel

27  and Bousquette further object to the Request on the grounds that it seeks documents

28  that are not relevant to this action or likely to lead to the discovery of admissible

OBJECTIONS TO MGA'S NOTICE OF DEPOSITION AND SUBPOENA TO MATT BOUSQUETTE

Exhibit 2 ,
P. 31

1  evidence.  Mattel and Bousquette further object to this Request on the grounds that
2  it calls for the disclosure of information subject to the attorney-client privilege, the
3  attorney work-product doctrine and other applicable privileges.

4

5  REQUEST FOR PRODUCTION NO. 9:

6         All DOCUMENTS REFERRING OR RELATING TO the creation or
7  development of any aspect of "FLAVAS" that in any way refer to MGA, "BRATZ"
8  or competition generally.

9

10  RESPONSE TO REQUEST FOR PRODUCTION NO. 9:

11         In addition to the general objections stated above which are
12  incorporated herein by reference, Mattel and Bousquette object to this Request as
13  overbroad and unduly burdensome, including in that it seeks all documents that refer
14  or relate to the creation or development of any aspect of "FLAVAS" that in any way
15  refer to "MGA," "BRATZ" or competition generally, without limitation as to time,
16  and regardless of whether such documents relate to matters at issue in this case.
17  Mattel and Bousquette further object to the Request on the grounds that it seeks
18  documents that are not relevant to this action or likely to lead to the discovery of
19  admissible evidence.  Mattel and Bousquette further object to this Request on the
20  grounds that it calls for the disclosure of information subject to the attorney-client
21  privilege, the attorney work-product doctrine and other applicable privileges.

22

23  REQUEST FOR PRODUCTION NO. 10:

24         All DOCUMENTS REFERRING OR RELATING TO the origins or
25  sources of inspiration of "TOON TEENS" including, without limitation, the purpose
26  for which "TOON TEENS" products were created.

27

28

/975/2009160.1

-11-
OBJECTIONS TO MGA'S NOTICE OF DEPOSITION AND SUBPOENA TO MATT BOUSQUETTE

Exhibit 2,
P. 32

1   RESPONSE TO REQUEST FOR PRODUCTION NO. 10:

2          In addition to the general objections stated above which are

3   incorporated herein by reference, Mattel and Bousquette object to this Request on

4   the grounds that it calls for the disclosure of information subject to the attorney-

5   client privilege, the attorney work-product doctrine and other applicable privileges.

6          Without waiving, and subject to, the foregoing general and specific

7   objections, Bousquette will produce responsive, non-privileged documents within

8   his possession, custody or control, if any.

9

10  REQUEST FOR PRODUCTION NO. 11:

11         All DOCUMENTS REFERRING OR RELATING TO the creation or

12  development of any aspect of "TOON TEENS" that in any way refer to MGA,

13  "BRATZ" or competition generally.

14

15  RESPONSE TO REQUEST FOR PRODUCTION NO. 11:

16         In addition to the general objections stated above which are

17  incorporated herein by reference, Mattel and Bousquette object to this Request as

18  overbroad, unduly burdensome and unintelligible, including in that it seeks all

19  documents that refer or relate to the creation or development of any aspect of

20  "TOON TEENS" that in any way refer to MGA, "BRATZ" or competition

21  generally, without limitation as to time, and regardless of whether such documents

22  relate to matters at issue in this case.  Mattel and Bousquette further object to the

23  Request on the grounds that it seeks documents that are not relevant to this action or

24  likely to lead to the discovery of admissible evidence.  Mattel and Bousquette

25  further object to this Request on the grounds that it calls for the disclosure of

26  information subject to the attorney-client privilege, the attorney work-product

27  doctrine and other applicable privileges.

28

7975/2009160.1

-12-

Exhibit 2 ,
P. 33

1  REQUEST FOR PRODUCTION NO. 12:

2         All DOCUMENTS REFERRING OR RELATING TO the creation or

3  development of any aspect of "DIVA STARZ" that in any way refer to MGA,

4  "BRATZ" or competition generally.

5

6  RESPONSE TO REQUEST FOR PRODUCTION NO. 12:

7         In addition to the general objections stated above which are

8  incorporated herein by reference, Mattel and Bousquette object to this Request on

9  the grounds that it is overbroad, unduly burdensome, and unintelligible, including in

10  that it seeks all documents that refer or relate to the creation or development of any

11  aspect of "DIVA STARZ" that in any way refer to MGA, "BRATZ" or competition

12  generally, without limitation as to time, and regardless of whether such documents

13  relate to matters at issue in this case.  Mattel and Bousquette further object to the

14  Request on the grounds that it seeks documents that are not relevant to this action or

15  likely to lead to the discovery of admissible evidence.  Mattel and Bousquette

16  further object to this Request on the grounds that it calls for the disclosure of

17  information subject to the attorney-client privilege, the attorney work-product

18  doctrine and other applicable privileges.

19

20  REQUEST FOR PRODUCTION NO. 13:

21         All DOCUMENTS REFERRING OR RELATING TO the timing or

22  plans for release of any MATTEL product, including but not limited to "MY

23  SCENE," "FLAVAS," "TOON TEENS" and "DIVA STARZ," that in any way refer

24  to MGA, "BRATZ" or competition generally.

25

26  RESPONSE TO REQUEST FOR PRODUCTION NO. 13:

27         In addition to the general objections stated above which are

28  incorporated herein by reference, Mattel and Bousquette object to this Request on

-13-
OBJECTIONS TO MGA'S NOTICE OF DEPOSITION AND SUBPOENA TO MATT BOUSQUETTE

Exhibit 2,
P. 34

1 | the grounds that it is overbroad, unduly burdensome, and unintelligible, including in
2 | that it seeks all documents that refer or relate the timing or plans for release of any
3 | MATTEL product, without limitation as to time, without meaningful limitation as to
4 | subject matter and regardless of whether such documents relate to products or
5 | matters at issue in this case.  Mattel and Bousquette further object to the Request on
6 | the grounds that it seeks documents that are not relevant to this action or likely to
7 | lead to the discovery of admissible evidence.  Mattel and Bousquette further object
8 | to this Request on the grounds that it calls for the disclosure of information subject
9 | to the attorney-client privilege, the attorney work-product doctrine and other
10 | applicable privileges.
11 |
12 | **REQUEST FOR PRODUCTION NO. 14:**
13 |       All DOCUMENTS REFERRING OR RELATING TO any similarity
14 | between the packaging for "BRATZ" and any MATTEL product, including but not
15 | limited to "MY SCENE," "FLAVAS," "TOON TEENS" and "DIVA STARZ,"
16 | including without limitation, similarities in character art, color schemes, product
17 | display, shape, and transparent style of packaging.
18 |
19 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**
20 |       In addition to the general objections stated above which are
21 | incorporated herein by reference, Mattel and Bousquette object to this Request on
22 | the grounds that it is overbroad, unduly burdensome, and unintelligible, including in
23 | that it seeks all documents that refer or relate any supposed similarity between the
24 | packaging for "BRATZ" and any MATTEL product, without limitation as to time,
25 | and regardless of whether such documents relate to products or matters at issue in
26 | this case.  Mattel and Bousquette further object to the Request on the grounds that it
27 | seeks documents that are not relevant to this action or likely to lead to the discovery
28 | of admissible evidence.  Mattel and Bousquette further object to this Request on the

-14-

OBJECTIONS TO MGA'S NOTICE OF DEPOSITION AND SUBPOENA TO MATT BOUSQUETTE

Exhibit 2
P. 35

1  grounds that it calls for the disclosure of information subject to the attorney-client
2  privilege, the attorney work-product doctrine and other applicable privileges.
3
4  REQUEST FOR PRODUCTION NO. 15:
5          All DOCUMENTS REFERRING OR RELATING TO any similarity
6  between "BRATZ" and any MATTEL product, including but not limited to "MY
7  SCENE," "FLAVAS," "TOON TEENS" and "DIVA STARZ," including without
8  limitation to similarities in themes, accessories, clothing, packaging, character art, or
9  any physical attributes such as shoes, feet, hair, removable heads, face paint, head
10  size, body proportions, or other physical attributes.
11
12  RESPONSE TO REQUEST FOR PRODUCTION NO. 15:
13          In addition to the general objections stated above which are
14  incorporated herein by reference, Mattel and Bousquette object to this Request on
15  the grounds that it is overbroad, unduly burdensome, and unintelligible, including in
16  that it seeks all documents that refer or relate any supposed similarity between
17  "BRATZ" and any MATTEL product, without limitation as to time, without
18  limitation as to subject matter and regardless of whether such documents relate to
19  products or matters at issue in this case. Mattel and Bousquette further object to the
20  Request on the grounds that it seeks documents that are not relevant to this action or
21  likely to lead to the discovery of admissible evidence. Mattel and Bousquette
22  further object to this Request on the grounds that it calls for the disclosure of
23  information subject to the attorney-client privilege, the attorney work-product
24  doctrine and other applicable privileges.
25
26  REQUEST FOR PRODUCTION NO. 16:
27          All DOCUMENTS REFERRING OR RELATING TO whether any
28  MATTEL product, including but not limited to "MY SCENE," "FLAYAS," "TOON

-15-
OBJECTIONS TO MGA'S NOTICE OF DEPOSITION AND SUBPOENA TO MATT BOUSQUETTE

Exhibit 2 ,
P. 36

1  TEENS" and "DIVA STARZ," copies, replicates, in any way imitates the

2  appearance of or infringes or potentially infringes the copyrights, trademarks, or

3  trade dress of "BRATZ."

4

5  RESPONSE TO REQUEST FOR PRODUCTION NO. 16:

6          In addition to the general objections stated above which are

7  incorporated herein by reference, Mattel and Bousquette object to this Request on

8  the grounds that it is overbroad, unduly burdensome, and unintelligible, including in

9  that it seeks all documents that refer or relate to whether any MATTEL product

10  supposedly copies, replicates, in any way imitates the appearance of or infringes or

11  potentially infringes the copyrights, trademarks, or trade dress of "BRATZ," without

12  limitation as to time, and regardless of whether such documents relate to products or

13  matters at issue in this case.  Mattel and Bousquette further object to the Request on

14  the grounds that it seeks documents that are not relevant to this action or likely to

15  lead to the discovery of admissible evidence.  Mattel and Bousquette further object

16  to this Request on the grounds that it calls for the disclosure of information subject

17  to the attorney-client privilege, the attorney work-product doctrine and other

18  applicable privileges.

19

20  REQUEST FOR PRODUCTION NO. 17:

21          All DOCUMENTS REFERRING OR RELATING TO whether

22  "BRATZ" copies, replicates, in any way imitates the appearance of or infringes or

23  potentially infringes the copyrights, trademarks, or trade dress of any MATTEL

24  product or that MATTEL claims to own.

25

26  RESPONSE TO REQUEST FOR PRODUCTION NO. 17:

27          In addition to the general objections stated above which are

28  incorporated herein by reference, Mattel and Bousquette object to this Request on

-16-
OBJECTIONS TO MGA'S NOTICE OF DEPOSITION AND SUBPOENA TO MATT BOUSQUETTE

Exhibit 2,
P. 37

1 the grounds that it is overbroad, unduly burdensome, and unintelligible, including in
2 that it seeks all documents that refer or relate to whether "BRATZ" copies,
3 replicates, in any way imitates the appearance of or infringes or potentially infringes
4 the copyrights, trademarks, or trade dress of any MATTEL product or that
5 MATTEL claims to own, without limitation as to time, and regardless of whether
6 such documents relate to products or matters at issue in this case. Mattel and
7 Bousquette further object to this Request on the grounds that it calls for the
8 disclosure of information subject to the attorney-client privilege, the attorney work-
9 product doctrine and other applicable privileges.

10

11 REQUEST FOR PRODUCTION NO. 18:
12          All DOCUMENTS REFERRING OR RELATING TO actual or
13 potential consumer confusion between "MY SCENE" products and MGA products.

14

15 RESPONSE TO REQUEST FOR PRODUCTION NO. 18:
16          In addition to the general objections stated above which are
17 incorporated herein by reference, Mattel and Bousquette object to this Request on
18 the grounds that it is overbroad and unduly burdensome, including in that it seeks all
19 documents on this alleged subject, without limitation as to time and regardless of
20 whether some documents relate to products or matters at issue in this case. For that
21 same reason, Mattel and Bousquette object to this Request on the grounds that it
22 seeks documents that are not relevant to this action or likely to lead to the discovery
23 of admissible evidence. Mattel and Bousquette further object to this Request on the
24 grounds that it calls for the disclosure of information subject to the attorney-client
25 privilege, the attorney work-product doctrine and other applicable privileges.

26

27

28

/975/2009160.1

-17-
OBJECTIONS TO MGA'S NOTICE OF DEPOSITION AND SUBPOENA TO MATT BOUSQUETTE

Exhibit 2 ,
P. 38

REQUEST FOR PRODUCTION NO. 19:

All DOCUMENTS REFERRING OR RELATING TO any claim or belief by YOU or MATTEL that MGA misappropriated or learned MATTEL trade secrets, proprietary information or information YOU or MATTEL believed to be trade secrets or proprietary information.

RESPONSE TO REQUEST FOR PRODUCTION NO. 19:

In addition to the general objections stated above which are incorporated herein by reference, Mattel and Bousquette object to this Request on the grounds that it is overbroad, unduly burdensome, and unintelligible. Mattel and Bousquette further object to this Request as overbroad and unduly burdensome on the grounds that it seeks all documents that refer or relate to any claim or belief that MGA misappropriated or learned Mattel trade secrets, proprietary information or information believed to be trade secrets or proprietary information, without limitation as to time, and regardless of whether such documents relate to matters at issue in this case. Mattel and Bousquette further object to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Without waiving, and subject to, the foregoing general and specific objections, Bousquette will produce responsive, non-privileged documents within his possession, custody or control, if any.

REQUEST FOR PRODUCTION NO. 20:

All DOCUMENTS REFERRING OR RELATING TO any claim or belief by YOU or MATTEL that MATTEL misappropriated or learned MGA trade secrets, proprietary information or information YOU or MATTEL believed to be trade secrets or proprietary information.

OBJECTIONS TO MGA'S NOTICE OF DEPOSITION AND SUBPOENA TO MATT BOUSQUETTE

Exhibit 2,
P. 39

1  RESPONSE TO REQUEST FOR PRODUCTION NO. 20:

2        In addition to the general objections stated above which are
3  incorporated herein by reference, Mattel and Bousquette object to this Request on
4  the grounds that it is overbroad, unduly burdensome, and unintelligible, including in
5  that MGA has not made, and cannot plausibly make, any such claim.  Mattel and
6  Bousquette further object to this Request as overbroad and unduly burdensome on
7  the grounds that it seeks all documents that refer or relate any claim or belief that
8  Mattel misappropriated or learned MGA trade secrets, proprietary information or
9  information believed to be trade secrets or proprietary information, without
10  limitation as to time, and regardless of whether such documents relate to matters at
11  issue in this case.  Mattel and Bousquette further object to the Request on the
12  grounds that it seeks documents that are not relevant to this action or likely to lead
13  to the discovery of admissible evidence.  Mattel and Bousquette further object to
14  this Request on the grounds that it calls for the disclosure of information subject to
15  the attorney-client privilege, the attorney work-product doctrine and other applicable
16  privileges.

17

18  REQUEST FOR PRODUCTION NO. 21:

19        All DOCUMENTS REFERRING OR RELATING TO the lawsuit
20  entitled *Mattel, Inc. v. Carter Bryant, et al.*, CV 04-9059 SGL (RNBx) (the
21  "BRYANT suit"), including but not limited to COMMUNICATIONS with
22  MATTEL or others about the BRYANT suit, and DOCUMENTS REFERRING OR
23  RELATING TO MATTEL's decision whether to file and the timing of filing the
24  BRYANT suit.

25

26  RESPONSE TO REQUEST FOR PRODUCTION NO. 21:

27        In addition to the general objections stated above which are
28  incorporated herein by reference, Mattel and Bousquette object to this Request on

-19-

OBJECTIONS TO MGA'S NOTICE OF DEPOSITION AND SUBPOENA TO MATT BOUSQUETTE

Exhibit 2,
P. 40

1   the grounds that it calls for the disclosure of information subject to the attorney-

2   client privilege, the attorney work-product doctrine and other applicable privileges.

3   Without waiving, and subject to, the foregoing general and specific

4   objections, Bousquette will produce responsive, non-privileged documents within

5   his possession, custody or control, if any.

6

7   REQUEST FOR PRODUCTION NO. 22:

8   All DOCUMENTS REFERRING OR RELATING TO MATTEL'S

9   attempts to preserve or not preserve documents relevant to the issues in the

10   BRYANT suit or its intended suit against MGA.

11

12   RESPONSE TO REQUEST FOR PRODUCTION NO. 22:

13   In addition to the general objections stated above which are

14   incorporated herein by reference, Mattel and Bousquette object to this Request on

15   the grounds that it is overbroad, unduly burdensome, and unintelligible, including in

16   its groundless assumption that documents have not been preserved. Mattel and

17   Bousquette further object to this Request on the grounds that it calls for the

18   disclosure of information subject to the attorney-client privilege, the attorney work-

19   product doctrine and other applicable privileges.

20   Without waiving, and subject to, the foregoing general and specific

21   objections, Bousquette will produce responsive, non-privileged documents within

22   his possession, custody or control, if any.

23

24   REQUEST FOR PRODUCTION NO. 23:

25   All DOCUMENTS REFERRING OR RELATING TO MATTEL'S

26   attempts to avoid discovery of documents relevant to the issues in the BRYANT suit

27   or its intended suit against MGA.

28

OBJECTIONS TO MGA'S NOTICE OF DEPOSITION AND SUBPOENA TO MATT BOUSQUETTE

Exhibit 2,
P. 41

1 | RESPONSE TO REQUEST FOR PRODUCTION NO. 23:

2 |       In addition to the general objections stated above which are

3 | incorporated herein by reference, Mattel and Bousquette object to this Request on

4 | the grounds that it is overbroad, unduly burdensome, and unintelligible, including in

5 | its groundless assumption that Mattel has attempted to avoid discovery of relevant

6 | evidence. Mattel and Bousquette further object to this Request on the grounds that

7 | it calls for the disclosure of information subject to the attorney-client privilege, the

8 | attorney work-product doctrine and other applicable privileges.

9 |       Without waiving, and subject to, the foregoing general and specific

10 | objections Bousquette will produce responsive, non-privileged documents within his

11 | possession, custody or control, if any.

12 |

13 | DATED: December 6, 2006           QUINN EMANUEL URQUHART OLIVER &
                                        HEDGES, LLP

14 |

15 |                                   By Michael Zeller ᴹᵀᶻ

16 |                                     Michael T. Zeller
                                         Attorneys for Plaintiff and Counter-
17 |                                      Defendant Mattel, Inc. and Third-Party
                                         Matt Bousquette

18 |

-/5/2009160.1

-21-
OBJECTIONS TO MGA'S NOTICE OF DEPOSITION AND SUBPOENA TO MATT BOUSQUETTE

Exhibit 2
P. 42

# Exhibit 3

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

January 9, 2007

VIA FACSIMILE AND U.S. MAIL

James P. Jenal, Esq.
O'Melveny & Myers, LLP
400 South Hope Street
Los Angeles, California 90071

SERVED ON US BY MAIL
1-9-07

Mattel, Inc. v. MGA Entertainment, Inc.

Dear Jim:

We are in receipt of MGA's Rule 26(a)(1) Disclosures ("Initial Disclosures"). As I am sure you recognize, the Initial Disclosures are inadequate in material respects.

First, a litigant must "provide to the other parties . . . the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information." Fed. R. Civ. Proc. 26(a)(1)(A).

Rather than provide this information, the Initial Disclosures identify by name only three witnesses associated or affiliated with MGA -- namely, Isaac Larian, Paula Garcia and Shirin Salemnia. The Initial Disclosures then go on to reference "[v]arious present or former employees and contractors of MGA are potential witnesses," without any disclosure of their names or areas of knowledge.

MGA's failure to properly identify its witnesses not only disregards the requirements of Rule 26(a)(1), but it impedes discovery and prejudices Mattel. MGA is leaving Mattel to guess about the identities of people at MGA who MGA might use to support its claims or defenses. These deficiencies in MGA's disclosures are particularly troubling given that MGA's Complaint purports to put in issue broad areas of MGA's business, the ownership of MGA's main product line Bratz and other product lines as well, events involving at least three industry organizations and the products and operations of Mattel over the past decade. And, MGA's Complaint claims that MGA is entitled to "tens of millions of dollars" in damages. Yet, the Initial Disclosures now appear to reflect that MGA cannot identify by name any witnesses employed by or under contract to MGA other than three individuals. (Initial Disclosures, "Witnesses" ¶ 4, at 2.)

07975/2032336.1

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 335 Madison Avenue, 17th Floor, New York, New York 10017 | TEL 212-702-8100 FAX 212-702-8200
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94104 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
PALM SPRINGS | 45-025 Manitou Drive, Suite 10, Indian Wells, California 92210 | TEL 760-345-4757 FAX 760-345-1414
SAN DIEGO | 4445 Eastgate Mall, Suite 200, San Diego, California 92121 | TEL 858-812-3107 FAX 858-812-3336

Exhibit 3
P. 43

James P. Jenal, Esq.
January 9, 2007
Page 2

Second, MGA's strategy relating to witnesses employed at or otherwise affiliated with Mattel also violates Rule 26. MGA claims that "[t]he identities, whereabouts and relevant knowledge of such potential witnesses are best known by Mattel." (Initial Disclosures, "Witnesses" ¶ 5, at 2.) Rule 26 does not permit a litigant to shift the identification of witnesses to its opponent. MGA must identify witnesses that MGA may use to support its claims or defenses. Indeed, even for those four past or present Mattel officers or employees actually named – Robert Eckert, Neil Friedman, Matthew Bousquette and Erika Ashbrook – MGA fails to provide any description of their areas of knowledge. See Rule 26(a)(1) ("A party . . . is not excused from making its disclosures because it has not fully completed its investigation of the case . . . or because another party has not made its disclosures.").

Third, MGA's failure to discharge its Rule 26 obligations in good faith is made further evident by MGA's incomplete, highly selective production of documents and descriptions of documents that MGA might use to support its claims or defenses. MGA's Complaint makes allegations far beyond MGA's claims of trade dress infringement. Yet, MGA did not identify any documents that bear on those allegations (see Initial Disclosures, "Documents" ¶¶ 1-2, at 3), nor has it produced documents on such subjects.

By signing the Initial Disclosures, MGA's counsel certified "that to the best of [their] knowledge, information, and belief, formed after a reasonable inquiry, the disclosure is *complete* and correct as of the time it is made." Rule 26(g)(1) (emphasis added). A simple comparison of MGA's Complaint and its Initial Disclosures establishes that the Initial Disclosures are not complete and correct.

Please let us know whether MGA is taking the position that the Initial Disclosures that we received, and its accompanying document production, are indeed "complete" as MGA certified and whether MGA will be standing on them as its Initial Disclosures. If MGA is unwilling to so state, please let us know when MGA's counsel is available to meet and confer within the time required to discuss Mattel's anticipated motion to compel, to strike, and for sanctions pursuant to Rules 26(g)(3), 37(a)(4)(A), and 37(c)(1).

Regarding your letter of today, in which you seek a meet-and-confer regarding deposition dates for Matt Bousquette and Ivy Ross, Mattel has made clear that these depositions will not proceed unless and until MGA made initial disclosures in compliance with Rule 26. There was no agreement to postpone the depositions merely "for the convenience of the witnesses," as you assert in your letter. Rather, Mattel has taken the consistent position, which I reiterated during the conference of counsel on December 15, that the parties would select new dates convenient for the witnesses and sufficiently after MGA's initial disclosures to allow a fair review of the materials. Given that MGA has not complied with its initial disclosure obligations, it is not appropriate or reasonable to yet discuss scheduling these depositions for reasons we have stated previously.

Exhibit 3
P. 44

James P. Jenal, Esq.
January 9, 2007
Page 3


I propose that we meet-and-confer as to all of the foregoing matters on Friday, January 12, at any time after 9:30 a.m. that is convenient for you.

This is not a complete statement of Mattel's position, and it reserves all rights to object to other deficiencies and seek all other relief available under the law for MGA's failure to abide by its <u>Rule</u> 26 obligations.

Very truly yours,

Timothy L. Alger


cc:  Douglas Wickham, Esq.

Exhibit 3 ,
P. 45

# Exhibit 4

01/16/2007  15:20 FAX  2136240643        QEUOH-LAO-2                    ☑002/006

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

January 16, 2007

<u>Via Facsimile and U.S. Mail</u>

James P. Jenal, Esq.
O'Melveny & Myers, LLP
400 South Hope Street
Los Angeles, California 90071

<u>Mattel, Inc. v. MGA Entertainment, Inc.</u>

Dear Jim:

This letter confirms and follows from our conference on Friday.

First, we discussed the inadequacies of MGA's Initial Disclosures on January 5, 2007, which also were the subject of my meet and confer letter of January 9. MGA produced a mere 80 pages of documents that you confirmed during our conference were simply photos of the products and images referenced in MGA's Complaint. You also acknowledged that the other documents produced by MGA on January 5 were a supplemental production in response to Mattel's prior document requests, relating to early "Bratz" and MGA's supposedly separate "Angel" project.

I asked you to confirm that MGA had produced or identified all documents which it might use to support its claims or defenses in its claims against Mattel, as required by Rule 26(a)(1). You would only state that MGA had produced or identified "the documents that as of the time of the disclosure we understood we might use" and you asserted that <u>all</u> documents which MGA might use to support its claims or defenses that did not relate to MGA's products were in the possession of Mattel or "third parties."

MGA's disclosures do not come close to complying with <u>Rule 26</u>. <u>Rule 26(a)(1)(B)</u> requires that each party, without awaiting a discovery request, provide to the other parties "a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses." The Advisory Committee notes make clear the requirement that

**quinn emanuel urquhart oliver & hedges, llp**

07209/2037527.1

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
PALM SPRINGS | 45-025 Manitou Drive, Suite 10, Indian Wells, California 92210 | TEL 760-345-4717 FAX 760-345-2414
SAN DIEGO | 4445 Eastgate Mall, Suite 200, San Diego, California 92121 | TEL 858-812-3107 FAX 858-812-3336

Exhibit 4
P. 46

01/16/2007 15:20 FAX  2136240643          QEUOH-LA0-2                              ☑003/006

James P. Jenal, Esq.
January 16, 2007
Page 2

the disclosure "describe and categorize, to the extent identified during the initial investigation, the nature and location of potentially relevant documents and records, including computerized data and other electronically recorded information, sufficiently to enable opposing parties (1) to make an informed decision concerning which documents might need to be examined, at least initially, and (2) to frame their document requests in a manner likely to avoid squabbles resulting from the wording of the requests." See Rule 26, Advisory Committee Notes (1993 Amendments). Moreover, as you and I had agreed prior to January 5, 2006, the parties' initial disclosures were to include *documents*, not just descriptions. Indeed, the focus of our previous communications was the parties' expectation that there would be a mutual exchange of documents, and Mattel has made clear that such a production was a necessary predicate to other written discovery relating to the unfair competition case.

Delivering copies of photographs that merely illustrate the Complaint is not a meaningful production. Also, even apart from being contrary to the parties' understandings, the purported designation in MGA's Initial Disclosures of three categories of documents does not "describe and categorize . . . the nature and location of potentially relevant documents and records." Category 1 merely makes vague mention of "[d]ocuments and things relating to MGA's products and product packaging that are the subject of the complaint." It does not describe the documents in any manner, nor does it disclose the location of the documents. The description is either a maneuver to defeat Rule 26(a) or an invitation by MGA to wholesale discovery of every document and thing "relating to MGA's products and product packaging that are the subject of the complaint."

Similarly, Category 2 makes mention of "[d]ocuments and things relating to the strength and fame of MGA's trade dress in its 'Bratz' line, including, without limitation, advertisements and television commercials for its 'Bratz' products, honors and prizes awarded to the 'Bratz' line, and the market share of 'Bratz' products." This description is no better than Category 1, and, indeed, makes no mention of documents necessary to establish that the Bratz products and packaging are unique and distinctive (Complaint ¶¶ 28, 41, 54), or that a substantial segment of consumers and potential consumers actually identify MGA as the source of the elements of the Bratz products that MGA claims as its trade dress. See Wal-Mart Stores, Inc. v. Samara Bros., 529 U.S. 205, 211 (2000). The only conclusion that can be drawn from MGA's initial disclosures is that MGA has no intention of presenting evidence of secondary meaning relating to the non-"Bratz" products that are the subject of MGA's Complaint, including "4-Ever Best Friends," "Mommy's Little Patient," and "Alien Racers."

The only other documents that MGA might use fall into Category 3: "Other documents not yet in MGA's possession, custody or control but believed to be in possession of or under the control of Mattel, as described in MGA's First Set of Requests For the Production of Documents and

07209/2037327.1



Exhibit 4
P. 47

James P. Jenal, Esq.
January 16, 2007
Page 3

Things and/or third party subpoenas." Such a response is an obvious attempt to avoid the requirements of <u>Rule 26(a)</u>. MGA does not identify the documents, their subject matter, their relevance, or their nature. As for documents not in Mattel's possession, MGA also declines to disclose the third parties who might possess them, or their location.

MGA's defiance of <u>Rule 26(a)</u> is all the more striking when one considers the sweep and gravity of MGA's allegations and the fact that nearly two years have passed since the Complaint was filed. MGA declined to produce or even identify documents with respect to any of the following allegations, among others, even though the evidence should be in the possession of <u>MGA</u>, not Mattel:

* Sophisticated retailers have mistakenly "merchandised" "My Scene" dogs in the middle of the "Bratz" retail display, "next to and as if they were part of" MGA's "Bratz Petz" line. Complaint ¶ 61.

* An anonymous "advertising executive" said that, "although imitation is the best form of flattery, what [I] saw at Mattel's showroom, and how its 'My Scene' dolls look now so confusingly similar to 'Bratz', was shocking." <u>Id.</u> ¶ 62.

* Customers have contacted MGA to purchase "My Scene" dolls. <u>Id.</u> ¶ 64.

* "On or about February 18, 2005, a visitor to MGA's showroom from a prominent news publication stated, 'Oh my, I just came from Mattel's showroom and their new 'My Scene' packaging is just like "Bratz" minus the handle.'" <u>Id.</u> ¶ 63.

* "Another member of the press visiting MGA's showroom offered the unsolicited comment, 'have you seen the new 'My Scene' dolls [sic] eyes are exactly like "Bratz"." <u>Id.</u> ¶ 63.

* "[S]till another [reporter] opined that Mattel's 'My Scene' line was exactly like 'Bratz'" such that the reporter "confusingly thought that Mattel had bought 'Bratz'." <u>Id.</u> ¶ 63.

* MGA has "suffered extensive injury" from Mattel's alleged copying of MGA products. <u>Id.</u> ¶ 73.

* MGA "lost valuable licensing opportunities as a result" of alleged warnings by Mattel to "a number of companies . . . not to license MGA products, or risk retribution." <u>Id.</u> ¶ 76.

* MGA "faced a shortage of doll hair in October 2002," which it believes was the result of Mattel's purchase of supply from two hair supply companies. <u>Id.</u> ¶ 78.

Exhibit 4,
P. 48

James P. Jenal, Esq.
January 16, 2007
Page 4

- "Mattel merchandisers have been caught tampering with MGA's retail displays, replacing favorably located MGA merchandise with Mattel merchandise instead." Id. ¶ 79.

- MGA "has suffered and, unless abated, will continue to suffer lost sales, lost licensing fees, lost contracts, lost relationships, lost business opportunities and other damages . . . ." Id. ¶ 100.

- MGA's "ability to enter new markets and product lines has been hampered and delayed." Id.

- MGA's "production costs have increased, its reputation and relationships with important players in the industry have been negatively impacted, the value of its business has been diminished, and its ability to attract, hire and retain employees has been affected." Id.

When I attempted to review with you these examples as well as other allegations in the Complaint, you declined to respond and cut off the discussion. At another point during our conference, you stated that MGA has no intention to supplement its disclosures of witnesses or documents. Given this, it appears that MGA does not possess documents that it may use in support of the foregoing claims or any identifiable witnesses other than the few mentioned in the initial disclosures. Please let me know immediately if I am wrong.

Second, we discussed the depositions of Matt Bousquette and Ivy Ross. I reiterated Mattel's consistent position that Mr. Bousquette and Ms. Ross will be made available on dates convenient for the witnesses after MGA makes initial disclosures in compliance with Rule 26(a), which has not occurred.

Third, we discussed Mattel's designation of its Consolidated Initial Disclosures Relating to MGA's Unfair Competition Claims, and Second Supplemental Initial Disclosures Relating to Mattel's Claims Against Bryant and MGA ("Consolidated Initial Disclosures") as "Confidential – Attorneys' Eyes Only." In light of MGA's practice of employee raiding, a list of Mattel employees is commercially sensitive and its disclosure would cause competitive disadvantage or harm to Mattel. Mattel rejects your view that the Consolidated Initial Disclosures do not fall within the scope of the Stipulated Protective Order. Disclosures under Rule 26(a) are a form of discovery; just as the parties may mark interrogatories or deposition transcripts "Confidential – Attorneys' Eyes Only," they may apply that protection to initial disclosures. See Rule 26, Advisory Committee Notes (1993 Amendments) (Rule 26(a)(1) disclosures are "the functional equivalent of court-ordered interrogatories"). Moreover, the Stipulated Protective Order by its own terms extends to "trade secret, confidential and proprietary information, documents and things that are produced or disclosed in any form during the course of the Action by any party or

07209/2037527.1

Exhibit  4
P.  49

}

James P. Jenal, Esq.
January 16, 2007
Page 5

any nonparty . . . <u>in any pleading, document or other writing</u> . . . ." Stipulated Protective Order, at 3 (emphasis added).

To accommodate your desire to share the Consolidated Initial Disclosures with your client, Mattel proposed during our conference that (1) a redacted, non-confidential copy of the Consolidated Initial Disclosures be prepared, in which Mattel employee names would be redacted, or (2) MGA agree not to contact any of the Mattel employees identified in the Consolidated Initial Disclosures for a reasonable stipulated period. You outright rejected both of these proposals, which simply confirms our concern that MGA is asking for a re-designation of the list so that it can further raid Mattel employees.

I would be glad to discuss any of these matters further with you, although as matters stand MGA is leaving us with no alternative but to file a motion regarding MGA's inadequate Initial Disclosures. We presume that MGA agrees that our motion on this subject can properly be heard and decided by the Discovery Master as opposed to Judge Larson. If MGA disagrees, however, please let me know promptly.

Very truly yours,

Timothy L. Alger

cc:    Douglas Wickham, Esq.

07209/2037527.1

Exhibit  4 ,
P.   50

**Exhibit 5**

**CERTIFIED COPY**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, AN INDIVIDUAL, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | NO.  CV 04-9040 SGL (RNBX) |
| V. ) | (CONSOLIDATED WITH |
| ) | CASE NO. 04-9059 AND |
| MATTEL, INC., A DELAWARE ) | CASE NO. 05-27271) |
| CORPORATION, ) | |
| DEFENDANT. ) | |
| ) | |
| AND CONSOLIDATED ACTION(S). ) | |
| ) | |

# TRANSCRIPT OF
# TELEPHONIC PROCEEDINGS

# FEBRUARY 13, 2007

REPORTED BY:
ANGELA DUPRE
CSR NO. 7804
JOB NO. 07AD019



700 S. Flower Street
Suite 1100
Los Angeles, California 90017
Office: (213) 955-0070
Fax: (213) 955-0077

Exhibit  5
P.  51

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

CARTER BRYANT, AN INDIVIDUAL,)
                             )
            PLAINTIFF,       )
                             )
      VS.                    ) CASE NO.
                             )
MATTEL, INC., A DELAWARE     ) CV 04-9049 SGL (RNBX)
CORPORATION,                 ) [CONSOLIDATED WITH
                             ) CASE NO. 04-9059 AND
            DEFENDANT.       ) CASE NO. 05-2727]
                             )
_____)
                             )
AND CONSOLIDATED ACTION(S).  )
_____)


        TRANSCRIPT OF TELEPHONIC
        PROCEEDINGS, TAKEN BEFORE
        HON. EDWARD A. INFANTE, AT
        865 SOUTH FIGUEROA STREET, LOS
        ANGELES, CALIFORNIA, COMMENCING
        AT 8:13 A.M., MONDAY,
        FEBRUARY 13, 2007, BEFORE ANGELA
        DUPRE, CSR 7804.

                                              2

Exhibit 5
P. 52

```
1    APPEARANCES OF COUNSEL:
2
3    FOR CARTER BRYANT:
4         LITTLER MENDELSON
          BY:  KEITH A. JACOBY, ESQ.
5         2049 CENTURY PARK EAST
          FIFTH FLOOR
6         LOS ANGELES, CALIFORNIA 90067-3107
          (310) 553-0308
7         (TELEPHONICALLY)
8
9    FOR MATTEL, INC.:
10        QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
          BY:  MICHAEL T. ZELLER, ESQ.
11             TIMOTHY ALGER, ESQ.
          865 SOUTH FIGUEROA STREET
12        TENTH FLOOR
          LOS ANGELES, CALIFORNIA 90017-2543
13        (213) 624-7707
14
15   FOR MGA ENTERTAINMENT, INC.:
16        O'MELVENY & MYERS, LLP
          BY:  JAMES JENAL, ESQ.
17        400 SOUTH HOPE STREET
          LOS ANGELES, CALIFORNIA 90071-2899
18        (213) 430-6000
          (TELEPHONICALLY)
19
20
     ALSO PRESENT:
21
          HON. EDWARD A. INFANTE
22        (TELEPHONICALLY)
23
24
25
```

3

Exhibit 5 ,
P. 53

```
1   THIS MESSY CASE ARE TO RULE ON THE DISCOVERY
2   REQUESTS THAT HAVE BEEN SERVED.  DISCOVERY
3   ESSENTIALLY HAS OVERRUN RULE 26 IN THIS CASE.  AND
4   I THINK THERE WILL BE A BETTER RECORD AT THE END OF
5   THE DAY IF THE SPECIAL MASTER, AND ULTIMATELY THE
6   COURT, RULES ON DISCOVERY DISPUTES WHERE THE
7   VEHICLES ARE THE DISCOVERY REQUESTS UNDER RULES 34
8   AND 33 THAT HAVE BEEN SERVED.
9           AND, FOR THAT REASON, I'M DENYING THE
10  MOTION TO COMPEL INITIAL DISCLOSURES, AND I'M
11  DENYING THE REQUEST FOR PROTECTIVE ORDER BARRING
12  DEPOSITIONS UNTIL MGA COMPLETES ITS DISCLOSURES.
13  THE MOTION IS DENIED, EVEN THOUGH YOU ARE QUITE
14  CORRECT IN YOUR CRITICISMS AND ANALYSIS OF MGA'S
15  PERFORMANCE UNDER RULE 26(A).
16          NOTHING IN MY ORDER HERE EXCUSES MGA OF
17  ITS OBLIGATIONS TO SUPPLEMENT ITS DISCLOSURES AT
18  APPROPRIATE INTERVALS, IN ACCORDANCE WITH RULE
19  26(E)(1), FEDERAL RULES OF CIVIL PROCEDURE.
20          SO THE MOTION IS DENIED.  I'M ISSUING A
21  WRITTEN ORDER.  YOU'LL HAVE IT BY THE CLOSE OF
22  BUSINESS TODAY.
23          ANY QUESTIONS?
24      MR. ZELLER:  YES, YOUR HONOR.  IT'S MIKE ZELLER
25  FOR MATTEL.
```

33

Exhibit 5
P. 54

1    IF I MAY JUST INQUIRE ABOUT A PRACTICAL

2  ISSUE ON THIS, WHICH IS -- YOU KNOW, AS MR. JENAL

3  HAS INDICATED, THEY WANT TO DEPOSE OUR FORMER

4  PRESIDENT, MATT BOUSQUETTE.  WE DON'T HAVE ANY OF

5  THEIR DOCUMENTS.  IT'S -- IT'S PROBLEMATIC FOR US

6  TO, IN THIS CASE -- AND, OF COURSE, THE COURT HAS

7  SEEN THEIR COMPLAINT, WHICH IS REALLY ALL WE HAVE

8  IN TERMS OF WHAT ARE THE PARAMETERS OF THE CASE,

9  WHAT ARE THEIR ALLEGATIONS.

10    I SHOULD CORRECT IT.  WE OBVIOUSLY HAVE

11  THEIR INTERROGATORY RESPONSES, BUT WE DON'T HAVE

12  DOCUMENTS.  AND SO IT'S SOMEWHAT, JUST AS A

13  PRACTICAL MATTER, DIFFICULT TO HAVE SOMEONE DEPOSED

14  UNDER THOSE CIRCUMSTANCES.

15    JUDGE INFANTE:  I THINK THE DEPOSITION SHOULD

16  NOT TAKE PLACE UNTIL THE DOCUMENT DISCOVERY IS

17  SUBSTANTIALLY COMPLETED, WITH RESPECT TO THAT

18  WITNESS.

19    MR. ZELLER:  I WOULD APPRECIATE THAT, YOUR

20  HONOR.

21    JUDGE INFANTE:  BUT THAT'S ALL I'M GOING TO SAY

22  AT THIS POINT.

23    OKAY.  I'LL ISSUE MY ORDER, AND YOU

24  SHOULD HAVE IT BY THE END OF TODAY.

25    THANK YOU, VERY MUCH.

34

Exhibit 5 ,
P. 55

# Exhibit 6

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

300 SOUTH GRAND AVENUE

LOS ANGELES, CALIFORNIA 90071-3144

TEL: (213) 687-5000

FAX: (213) 687-5600

www.skadden.com

DIRECT DIAL
(213) 687-5514
DIRECT FAX
(213) 621-5514
EMAIL ADDRESS
MMUKPONO@SKADDEN.COM

FIRM/AFFILIATE OFFICES
BOSTON
CHICAGO
HOUSTON
NEW YORK
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON

BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

December 10, 2007

VIA FACSIMILE AND U.S. MAIL

Jon Corey, Esq.
Quinn, Emanuel, Urquhart, Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543

RE:    *Bryant v. Mattel, Inc.*

Dear Jon:

I write in response to your December 4, 2007 letter concerning deposition dates. As you know, MGA has been requesting dates for these depositions for several months, in some cases over a year. Yet, despite the fact that Mattel agreed at our November 16 meet and confer to provide dates for these witnesses promptly within a reasonable range of dates proposed by MGA, in all but one instance, Mattel has been unwilling to accommodate the requested date, and in many instances has not provided any dates.

MGA noticed the deposition of Adrienne Fontanella on September 5, 2007. At the November 16 meet and confer, Mattel stated that she was reasonably available. On November 26, MGA requested a date for the week of December 17, 2007. At the meet and confers of November 29 and December 6, 2007, MGA reiterated its request for a deposition date. Your December 4 letter does not even mention Ms. Fontanella. Please provide a date in December for this deposition immediately.

MGA noticed the deposition of Tina Patel on September 5, 2007. At the November 16 meet and confer, Mattel stated that she was reasonably available. On November 26, MGA requested a date for the week of December 10. Without any explanation, your December 4 letter states that Tina Patel is available on Tuesdays in January 2008 and is not available on January 7. We will take her deposition on Tuesday, January 8, 2007.

Exhibit 6
P. 56

Jon Corey, Esq.
December 10, 2007
Page 2

MGA noticed the deposition of Matt Bousquette on November 22, 2006. At the November 16 meet and confer, Mattel stated that he was reasonably available. Mattel raised the status of MGA's unfair competition document production, but the parties agreed that Mattel would provide a date, and that MGA would confirm, prior to the deposition, that its unfair competition document production was substantially complete. On November 26, MGA requested a date the week of December 17. Mattel refused to confirm or even suggest a possible date for the deposition until it had MGA's confirmation in hand. That was contrary to the parties' agreement. Nevertheless, MGA can confirm that its document production with respect to its unfair competition claims is substantially complete. There is no reason for any more delay in this matter. Please provide a date in December for this deposition immediately.

MGA noticed the deposition of Ivy Ross on November 22, 2006. At the November 16 meet and confer, Mattel stated that she was unavailable, because she was in China, until January 17, 2008. On November 26, we confirmed that date, and, because Mattel had indicated that it was going to designate Ivy Ross as a Rule 30(b)(6) deponent on a number of topics, confirmed the date of January 18 to depose Ms. Ross on the designated 30(b)(6) topics.

On December 3, 2007, we informed you that we had reason to believe that, contrary to what Mattel represented on November 16, Ms. Ross was in the United States, and we asked you to reconfirm that Ivy Ross was in fact in China and not available for her deposition until January 17 and 18th. Your letter of December 4 confirmed that Ms. Ross was "not available" in December, but omitted any mention of China. We assume this is because, in fact, she is in the United States, and Mattel is simply unwilling to produce her earlier.

Your letter states that Mattel is unwilling to produce Ms. Ross for a 30(b)(6) deposition "unless MGA can make a showing that seven-hours is not sufficient." That position is contrary to Rule 30(b)(6), which, as you know, "does not preclude taking a deposition by any other procedure authorized in these rules." MGA will take its noticed deposition of Ms. Ross on January 17. Mattel promised a letter last week confirming the topics for which Ms. Ross will be designated to testify on its behalf. Please send that letter immediately so that we may assess the sufficiency of Mattel's outstanding 30(b)(6) designations. Also, if January 18 is an unacceptable date, we request that you propose another immediately.

MGA noticed the deposition of Richard De Anda on September 5, 2007. In reply to your December 4 letter, MGA confirmed that Mr. De Anda's deposition will take place December 19, 2007, at our offices, beginning at 9:00 a.m. You have indicated that Mattel also intends to designate Mr. De Anda on certain Rule 30(b)(6) topics. Please confirm which topic(s) and provide additional dates in December (other than December 19) for him to testify on them.

Exhibit  6 ,
P. 57

Jon Corey, Esq.
December 10, 2007
Page 3

On other matters, MGA finally received on Saturday, December 8, Mattel's supplemental response to MGA's First Set of Interrogatories. Mattel failed to live up to previous agreements to supplement these responses by October 4, October 11, and November 30, 2007. And Mattel still has not provided the supplemental responses it agreed to provide to Carter Bryant's interrogatories by November 30.

The above reflects a developing pattern of delay and noncompliance on the part of Mattel in responding to discovery requests. Since the October 31, 2007 status hearing before Judge Larson, where you opposed a 90-day stay, it has become clear that Mattel is engaged in a delay strategy to run out the discovery clock on MGA. This has manifest itself even in the depositions of third parties, where notwithstanding Judge Larson's admonition – "I trust it will be scheduled some time in the next two to three weeks, counsel.... I don't want to hear in two to three weeks' time that that deposition has not been completed" (12/3/07 Hrg. Tr. at 34-35) – your firm has still not provided a date for the deposition of Kumi Croom at Young & Rubicam. That deposition has been outstanding since November 15, 2007. It is unacceptable that Mattel is still obstructing it.

If we do not receive the requested deposition dates by the close of business tomorrow, we will have no choice but to seek ex parte assistance from the court. Please let me know if you have any questions, or if I can be of any help resolving the above matters.

Sincerely,

Marcus R. Mumford

Exhibit 6,
P. 58

**Exhibit 7**

**quinn emanuel** trial lawyers | los angeles
865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

December 11, 2007

**FACSIMILE AND U.S. MAIL**

Marcus Mumford, Esq.
Skadden Arps Slate Meagher & Flom, LLP
300 South Grand Avenue, Suite 3400
Los Angeles, CA 90071

Re:    Mattel v. Bryant

Dear Marcus:

I write in response to your December 10, 2007 letter sent after the close of business. I write specifically to correct the false statements that I have previously corrected and that I have repeatedly corrected, but with which you persist.

First, Adrienne Fontanella, Matt Bousquette, Tina Patel and Ivy Ross are not Mattel employees, but third parties. My firm represents them, but I never represented at the November 16 meeting of counsel or at any other time that they are reasonably available at times unilaterally dictated by MGA. They are not.

Second, Mattel never agreed to produce any witness on the dates dictated by MGA. You and I discussed this at length at a meeting of counsel last Thursday. At that conference of counsel, I unequivocally stated that Mattel had requested a range of dates when MGA would be available to take Ms. Fontanella's deposition, and you provided dates which provided almost no notice for her. Indeed, you were told at our meeting of counsel on November 21, 2007 that Ms. Fontanella was available through only the first part of December and then not until January so you needed to advise us promptly if MGA would be in a position to take her deposition in December. You failed to do so. Mattel is working to find a date for her, and will let you know as soon as we have an available date.

**quinn emanuel urquhart oliver & hedges, llp**
NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

07209/2320253.1

Exhibit 7
P. 59

Third, Mattel never agreed to produce Mr. Bousquette before MGA made the representation – required by Judge Infante – that its unfair competition document production is substantially complete. Quite the opposite was true. We reminded you and your colleagues of this at the November 21, 2007 conference as well. MGA has known of this requirement for almost a month, but was willing to make that representation for the first time yesterday. Now that it has been willing to do so, Mattel will seek a date from Mr. Bousquette. Please be advised, however, that such a date will not be in December. Nor is there any requirement that it be in December because Mr. Bousquette, to Mattel's knowledge, does not have knowledge relating to the claims at issue in Phase 1. Rather, a deposition for Mr. Bousquette will likely be after the close of Phase 1 discovery so, as you explained in your November 29, 2007 letter, the parties can concentrate on Phase 1 discovery.

Fourth, Ms. Ross, as I advised you on November 16, 2007, is available for deposition on January 17, 2008 as both Mattel's designee and individually. As a third-party she will not, as Judge Infante has already provided direction on, be deposed twice. The scheduling of this date has nothing to do with Mattel's willingness or unwillingness to produce Ms. Ross. Ms. Ross is a senior executive at a third-party. January 17th is the date that she is available for deposition. Indeed, we had offered Ms. Ross for multiple dates in the past that MGA elected not to take.

Fifth, as you and I discussed last Thursday, the parties have a dispute over the scope of the topics as to which Mattel contemplated designating Mr. de Anda. You and I agreed that the deposition of Mr. de Anda, as an individual, not as a Mattel designee, would go forward on December 19. At this time and until Judge Infante rules on the scope of the Topics in dispute, Mattel will not make Mr. de Anda a designee. Of course, if MGA is willing to reconsider its rejection of Mattel's proposals to properly narrow the Topics, we can revisit that issue.

Sixth, Mattel served supplemental responses to MGA's First Set of Interrogatories last week. Mattel will serve supplemental responses to Bryant's First Set of Interrogatories by tomorrow. The delay in serving these responses was because Mattel was reviewing, and continues to review the documents produced by MGA, including documents that for various technical reasons (including those for which MGA was responsible for) were not accessible to us. Notably, Mattel's supplemental responses far exceed the cursory "supplemental" responses that your firm has recently provided and which were the subject of a meeting of counsel yesterday, at which MGA did not agree to provide remotely complete responses to Mattel's interrogatories.

Finally, Mattel has not engaged in a pattern of delay. To the contrary, as reflected in your letter, Mattel has provided or has agreed to provide for deposition before the close of Phase I discovery the witnesses who MGA has identified who possess information related to Phase 1 claims—a request that you yourself made. Rather, MGA, not Mattel, has engaged in a repeated pattern of delay and disruption, as reflected most recently by MGA's failure to comply with its representations that it would address Mattel's complaints about the deficiencies in MGA's interrogatory responses. This is consistent with MGA's conduct that both before and after it retained your firm to represent it, and continues to this day.

Exhibit 7
P. 60

We can either cooperate in the scheduling of depositions, as Mattel has been and MGA has not (notably we do not have dates for the continuance of Mr. Larian's deposition which Mattel has repeatedly requested), or you can run to Judge Infante.  Please be advised, however, that Mattel will oppose MGA's application and will serve its own ex parte application seeking a date for the continuance of Mr. Larian's deposition, Bryant's deposition, Farhad Larian's deposition and the other depositions that we have requested dates for at the same time.

If you have any questions regarding the foregoing, please do not hesitate to call.

Best regards,

*Jon Corey*

Jon Corey

cc: Christa Anderson

Exhibit 7,
P. 61

**Exhibit 8**

01/02/2008 13:45 FAX  12134433100          QEUGH-LAO-2                          002/002

**QUINN EMANUEL** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

January 2, 2008

<u>VIA FACSIMILE AND U.S. MAIL</u>

Thomas J. Nolan, Esq.                        Michael Page, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP     Keker & Van Nest, LLP
300 South Grand Avenue, Suite 3400           710 Sansome Street
Los Angeles, CA 90071                        San Francisco, CA 94111-1704

Re:    <u>Mattel, Inc. v. Carter Bryant, et al.</u>

Dear Counsel:

I write to advise you that Matt Bousquette is available to be deposed in Chicago, Illinois on February 12 or February 13. Mr. Bousquette is not available prior to that time because he is traveling out of the country.  Please let me know which of those dates you prefer.

If you have any questions regarding the foregoing, please do not hesitate to call.

Best regards,

*Jon Corey*

Jon Corey

quinn emanuel urquhart oliver & hedges, llp

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

07209/2331917.1

Exhibit  8 ,
P.  60

01/02/2008 13:44 FAX 12134433100          QEUOH-LAO-2                          ☒001/002

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE

# FACSIMILE TRANSMISSION

**DATE:** January 2, 2008          **NUMBER OF PAGES, INCLUDING COVER: 2**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Thomas Nolan, Esq.<br>Carl Roth, Esq.<br>**Skadden, Arps, Slate, Meagher & Flom LLP** | 213.687.5000 | 213.687.5600 |
| Michael H. Page, Esq.<br>**Keker & Van Nest, LLP** | (415) 391-5400 | (415) 397-7188 |

**FROM:** Jon Corey

**RE:** *Bryant v. Mattel*

**MESSAGE:**

*[stamp:]* COPY CENTER 34TH FLOOR    08 JAN -2 PH 1:58    SASH&F L.A.

---

07209/2123182.1

**CLIENT #** 7209    **ROUTE/ RETURN TO:** Johanna Lopez -10th Floor    ☑ CONFIRM FAX
☑ INCLUDE CONF. REPORT

**OPERATOR:** _[signature]_    , CONFIRMED?  ☐ No  ☐ Yes: _____

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

Exhibit _8_ ,
P. _63_

# Exhibit 9

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

300 SOUTH GRAND AVENUE

LOS ANGELES, CALIFORNIA 90071-3144

TEL: (213) 687-5000

FAX: (213) 687-5600

www.skadden.com

DIRECT DIAL
(213) 687-5514
DIRECT FAX
(213) 621-5514
EMAIL ADDRESS
MMUMFORD@SKADDEN.COM

FIRM/AFFILIATE OFFICES
BOSTON
CHICAGO
HOUSTON
NEW YORK
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON
—
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

January 9, 2008

VIA FACSIMILE & U.S. MAIL

Jon D. Corey, Esq.
Quinn, Emanuel, Urquhart, Oliver & Hedges, LLP
865 South Figueroa St., 10th Floor
Los Angeles, CA 90017

RE:     *Mattel, Inc. v. Bryant*

Dear Jon:

In light of Judge Larson's order requiring the parties to complete all depositions prior to the discovery cut-off of January 28, 2008, please provide a date for the deposition of Matthew Bousquette prior to that date. If the deposition is not to be conducted in Los Angeles or Chicago, please tell us where it is to be conducted, and we will make the necessary arrangements. We look forward to hearing from you shortly.

Sincerely,

Marcus R. Mumford

cc:   Christa M. Anderson

Exhibit 9
P. 64

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3144

TELEPHONE No.: (213) 687-5000
FACSIMILE No.: (213) 687-5600

EMAIL: MMUMFORD@skadden.com

## FACSIMILE TRANSMITTAL SHEET

FROM: Marcus Mumford                          DATE: January 9, 2008
DIRECT DIAL: (213) 687-5514                    FLOOR/OFFICE No.: 36
DIRECT FACSIMILE: (213) 621-5514

THIS FACSIMILE IS INTENDED ONLY FOR USE OF THE ADDRESSEE(S) NAMED HEREIN AND MAY CONTAIN LEGALLY PRIVILEGED AND/OR CONFIDENTIAL INFORMATION. IF YOU ARE NOT THE INTENDED RECIPIENT OF THIS FACSIMILE, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS FACSIMILE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS FACSIMILE IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL FACSIMILE TO US AT THE ADDRESS ABOVE VIA THE LOCAL POSTAL SERVICE. WE WILL REIMBURSE ANY COSTS YOU INCUR IN NOTIFYING US AND RETURNING THE FACSIMILE TO US.

IF THIS TRANSMISSION IS UNCLEAR OR INCOMPLETE, PLEASE CONTACT THE FACSIMILE DEPARTMENT AT (213) 687-5443.
WHEN TRANSMITTING TO OUR MACHINES, PLEASE INCLUDE YOUR COVER SHEET AND NUMBER ALL PAGES CONSECUTIVELY.

TOTAL NUMBER OF PAGES INCLUDING COVER(S):   2

PLEASE DELIVER THE FOLLOWING PAGE(S) TO:

1.   NAME:  Jon D. Corey, Esq.          FIRM:  Quinn Emanuel Urquhart, etc.
     CITY:  Los Angeles                 TELEPHONE No.:  (213) 443-3000
     FACSIMILE No.:  (213) 443-3100

2.   NAME:  Christa M. Anderson, Esq.   FIRM:  Keker & Van Nest, LLP
     CITY:                              TELEPHONE No.:  (415) 391-5400
     FACSIMILE No.:  (415) 397-7188

MESSAGE:  Please see attached letter.

COMPLETED

08 JAN -9 PM 7:31

SASM & FL'A'

Exhibit 9,
P. 65

**Exhibit 10**

**quinn emanuel** trial lawyers | los angeles
865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

February 11, 2008

VIA FACSIMILE AND U.S. MAIL

Michael H. Page, Esq.                        Thomas J. Nolan, Esq.
Keker & Van Nest, LLP                        Skadden, Arps, Slate, Meagher & Flom LLP
710 Sansome Street                           300 South Grand Avenue, Suite 3400
San Francisco, CA 94111                      Los Angeles, CA 90071

Re:    Mattel, Inc. v. Bryant, et al.

Dear Counsel:

In light of Judge Larson's decision to stay Phase 2 discovery until after the Phase 1 trial, this
letter will confirm that the depositions of Tina Patel and Matt Bousquette will not go forward
until after the Phase 1 trial, as their knowledge relates solely to the claims and defenses to be
tried in Phase 2. Likewise, Mattel's Rule 30(b)(6) designee on certain Phase 2 topics, Lily
Martinez, will not go forward until after Phase 1 trial.

Please let us know if you have any questions or concerns.

Very truly yours,

Michael T. Zeller
07209/2386409.1

quinn emanuel urquhart oliver & hedges, llp
NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 | FAX 650-801-5100

07209/2386409.1

Exhibit  10 ,
P.  66

02-11-2008   19:19   From-QUINN EMANUEL                    2194489100              T-749   P.001/002   F-663

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**TOKYO**
Akasaka Twin Tower Main Building, 6th Floor
17-22 Akasaka 2-Chome
Minato-ku, Tokyo 107-0052, Japan
+81 3 5561-1711
Facsimile: +81 3 5561-1712

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

DATE:    February 11, 2008            NUMBER OF PAGES, INCLUDING COVER:  **2**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Thomas J. Nolan, Esq. | (213) 687-5000 | (213) 687-5600 |
| Michael H. Page, Esq. | (415) 391-5400 | (415) 397-7188 |

FROM:    Michael T. Zeller, Esq.

RE:    Bryant v. Mattel

MESSAGE:

See attached.

COPY CENTER 34TH FLOOR     08 FEB 11 PM 4:32     QE&H LA.

| 07209/2374646.1 | ROUTE/ |  |  |  | ☒ CONFIRM FAX |
|---|---|---|---|---|---|
|  | RETURN TO: | Tiffany Garcia - 3rd floor |  |  | ☒ INCLUDE CONF. REPORT |
| CLIENT # | 7209 |  |  |  |  |
| OPERATOR: | PASCUA |  | CONFIRMED? | ☐ NO   ☐ YES: |  |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original messages to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

Exhibit _10_
P. _67_

**Exhibit 11**

# SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

### 300 SOUTH GRAND AVENUE

### LOS ANGELES, CALIFORNIA 90071-3144

TEL: (213) 687-5000
FAX: (213) 687-5600
www.skadden.com

FIRM/AFFILIATE OFFICES
BOSTON
CHICAGO
HOUSTON
NEW YORK
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

February 11, 2008

**BY FACSIMILE & U.S. MAIL**

Michael T. Zeller, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017

RE:     Bryant v. Mattel

Dear Mr. Zeller:

        I write in response to your letter dated today, in which you purport to "confirm" that Tina Patel and Matthew Bousquette are Phase 2 witnesses and that their depositions must therefore be postponed until after the Phase 1 trial.

        Contrary to your assertions, both Mr. Bousquette and Ms. Patel are Phase 1 witnesses who possess knowledge relevant to both the merits and damages portions of Phases 1A and 1B. While Mr. Bousquette and Ms. Patel may have knowledge pertaining to certain Phase 2 claims and defenses, the focus of our depositions will be Phase 1 issues, and therefore the depositions must proceed as part of Phase 1 discovery. As Judge Larson explained at the February 4, 2008 hearing:

> "I did not want to have discovery bogged down by disputes over whether or not a particular witness's or deponent's testimony was Phase One discovery or Phase Two discovery.... I would still want to keep in place my admonition or direction that to the extent that a Phase One witness is being deposed and has Phase Two information, that that all be taken at the same deposition."

(2/4/2008 Hr'g Tr. 8:23-10:11.)

Exhibit __11__,
P. __68__

Michael T. Zeller, Esq.
February 11, 2008
Page 2


      Accordingly, we intend to depose Mr. Bousquette as agreed on February 15, 2008 in Chicago. Additionally, we intend to depose Ms. Patel on either February 19 or February 26, 2008. Please advise regarding a specific date and location for that deposition.

      In the event Mattel is not prepared to produce Mr. Bousquette and Ms. Patel immediately, please consider this notice of our intent to seek *ex parte* relief before Judge Larson to compel their depositions.

                           Sincerely,

                           Thomas J. Nolan

Cc: Michael H. Page, Esq.

Exhibit 11 ,
P. 89

Confirmation Report—Memory Send

```
Time      : 02-11-2008   08:49pm
Tel line 1 : +2136875600
Tel line 2 : +2136875600
Name       : SASMF  16
```

| | | |
|---|---|---|
| Job number | : | 329 |
| Date | : | 02-11  08:49pm |
| To | : | 912134433100 |
| Document Pages | : | 003 |
| Start time | : | 02-11  08:48pm |
| End time | : | 02-11  08:49pm |
| Pages sent | : | 003 |
| Status | : | OK |

Job number   : 329          *** SEND SUCCESSFUL ***

---

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3144
TELEPHONE NO  : (213) 687-5000
FACSIMILE NO  : (213) 687-5600
EMAIL: TNOLAN@skadden.com

FACSIMILE TRANSMITTAL SHEET

From: Thomas Nolan                        Date: February 11, 2008
Direct Dial: (213) 687-5250               Pages/Matter No :
Direct Facsimile: (213) 621-5250

THIS FACSIMILE IS INTENDED ONLY FOR USE OF THE ADDRESSEE(S) NAMED HEREIN AND MAY CONTAIN LEGALLY PRIVILEGED AND/OR CONFIDENTIAL INFORMATION. IF YOU ARE NOT THE INTENDED RECIPIENT OF THIS FACSIMILE, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION OR DISTRIBUTION OR COPYING OF THIS FACSIMILE IS STRICTLY PROHIBITED. IF THIS FACSIMILE HAS BEEN RECEIVED IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL FACSIMILE TO US AT THE ADDRESS ABOVE VIA THE U.S. POSTAL SERVICE.

IF THIS TRANSMISSION IS UNCLEAR OR INCOMPLETE, PLEASE CONTACT THE FACSIMILE DEPARTMENT AT (213) 687-5550
WHEN TRANSMITTING TO OUR MACHINES, PLEASE INCLUDE YOUR COVER SHEET AND NUMBER ALL PAGES CONSECUTIVELY.

TOTAL NUMBER OF PAGES INCLUDING COVER(S):   3

PLEASE DELIVER THE FOLLOWING PAGE(S) TO:

| | |
|---|---|
| Name: Michael T. Zeller, Esq. | Firm: Quinn Emanuel Urquhart Oliver & Hedges, LLP |
| City: Los Angeles | Telephone No : 213.443.3000 |
| Facsimile No : 213.443.3100 | |
| Name: Michael H. Page, Esq. | Firm: Keker & Van Nest, LLP |
| City: San Francisco | Telephone No : 415.391.5400 |
| Facsimile No : 415.397.7188 | |

MESSAGE  Please see attached.

---

Exhibit  11 ,
P. 70

**Exhibit 12**

**quinn emanuel** trial lawyers | los angeles
865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL: (213) 443-3000 FAX: (213) 443-3100

February 12, 2008

VIA E-MAIL AND FACSIMILE

Thomas J. Nolan, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
300 S. Grand Ave.
Los Angeles, CA 90071

Michael Page, Esq.
Keker & Van Nest, LLP
710 Sansome Street
San Francisco, CA 94111

Re:   Bryant v. Mattel

Dear Counsel:

I am in receipt of Tom Nolan's letter of last night.

The letter claims that Matt Bousquette and Tina Patel are phase 1 witnesses. It fails, however, to specify any basis for that assertion beyond claiming they are "relevant to both the merits and damages portions of Phases 1A and Phase 1B." Please provide substantiation for that claim, including in what particular respects MGA claims they have knowledge pertaining to phase 1.

Although there are other flaws in MGA's threatened *ex parte*, we see no reason to address them at this juncture since MGA has yet to articulate any specific grounds for its anticipated motion with respect to these third-party witnesses.

quinn emanuel urquhart oliver & hedges, llp
NEW YORK | 51 Madison Avenue, 22nd Floor, New York, NY 10010 | TEL (212) 849-7000 FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, CA 94111 | TEL (415) 875-6600 FAX (415) 875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, CA 94065 | TEL (650) 801-5000 FAX (650) 801-5100
TOKYO | Akasaka Twin Tower Main Building, 6th Floor, 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052, Japan | TEL +81 3 5561-1711 FAX +81 3 5561-1712

Exhibit 12,
P. 71

02-12-2008  15:04    From-QUINN EMANUEL                    2134433100            T-787  P.003/003  F-673

I look forward to hearing from you.

Best Regards,

Michael T. Zeller

07209/2369016.1

2

Exhibit 12
P. 72

02-12-2008  15:02   From-QUINN EMANUEL                     2134418100            T-797  P.001/003  F-979

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**TOKYO**
Akasaka Twin Tower Main Building, 8th Floor
17-22 Akasaka 2-Chome
Minato-ku, Tokyo 107-0052, Japan
+81 3 5561-1711
Facsimile: +81 3 5561-1712

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
# FACSIMILE TRANSMISSION

**DATE:**   February 12, 2008

NUMBER OF PAGES, INCLUDING COVER:   **3**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Thomas J. Nolan, Esq. | (213) 687-5000 | (213) 687-5600 |
| Michael H. Page, Esq. | (415) 391-5400 | (415) 397-7188 |

**FROM:**     Michael T. Zeller, Esq.

**RE:**        Bryant v. Mattel

**MESSAGE:**

See attached.

07209/2374646.1

| ROUTE/RETURN TO: Tiffany Garcia - 3rd Floor | ☒ CONFIRM FAX<br>☒ INCLUDE CONF. REPORT |
|---|---|

CLIENT #   7209          CONFIRMED?   ☐ NO   ☐ YES:

OPERATOR:

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

Exhibit 12,
P. 73

# Exhibit 13

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

300 SOUTH GRAND AVENUE

LOS ANGELES, CALIFORNIA 90071-3144
—
TEL: (213) 687-5000

FAX: (213) 687-5600

www.skadden.com

FIRM/AFFILIATE OFFICES
BOSTON
CHICAGO
HOUSTON
NEW YORK
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON

BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

February 13, 2008

**BY FACSIMILE & U.S. MAIL**

Michael T. Zeller, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017

RE:   Bryant v. Mattel

Dear Mr. Zeller:

I write in response to your letter of yesterday, in which you demand proof that Mattel witnesses Matthew Bousquette and Tina Patel possess evidence relevant to Phase 1 of this case.

Notwithstanding your attempt to delay the meet-and-confer process on the issue of the witnesses' pending depositions, we interpret your letter as further confirmation of Mattel's intent to renege on its prior agreement to produce Mr. Bousquette on Friday and Ms. Patel on either February 19 or February 26, 2008. As a result, we plan to move *ex parte* to compel these depositions if we do not hear from you by the close of business today.

In the meantime, your letter suggests a standard of proof that MGA must meet to convince you that Mr. Bousquette and Ms. Patel's depositions relate to Phase 1. Nothing in Judge Larson's Order contemplates such an obligation. To the contrary, Judge Larson stated: "I've got to believe ... you're at a point in this case where you can identify between the two [phases]. If it's mixed, then [the deposition] goes forward." (2/8/2008 Hr'g Tr. 11:11-13.). Nevertheless, in an attempt to resolve the matter as expeditiously as possible, I offer below evidence that demonstrates the relevance of both witnesses to the first phase of the trial.

Exhibit 13,
P. 74

Michael T. Zeller, Esq.
February 13, 2008
Page 2

        With regard to Mr. Bousquette, there should be no dispute at all.
Mattel has already conceded, and MGA agrees, that Mr. Bousquette has knowledge
of "Mattel's business operations and the development and ownership of the
intellectual property at issue."[1]  Indeed, ample evidence corroborates Mattel's initial
disclosure.  At least two Mattel witnesses have testified that Mr. Bousquette
"presided" over a meeting in which Mattel unveiled the revised version of its
"Employee Assignment and Inventions Agreement," the same agreement on which
Mattel relies to assert ownership of Bratz.[2]  Further, as shown in the expert reports,
MGA's experts believe that Mr. Bousquette's views on the relationship between
fashion doll sales and marketing, branding, advertising, and themes are important to
apportioning damages, if any, in Phase 1.  Scores of Mattel documents created
during Mr. Bousquette's tenure as President of Mattel Brands analyze the factors
behind the commercial success of Bratz.  Still other evidence demonstrates Mr.
Bousquette's active interest in analyzing the effectiveness of MGA's television
advertising.[3]  Additionally, MGA's expert reports explain that Bratz sales depended
in part on creative "themes" that guided Bratz doll fashions, packaging, face paint,
accessories, storylines, and licensed products.  Mattel itself acknowledged the
importance of such themes in 2004 when it invested millions in a "Worlds Of"
strategy designed to boost Barbie sales.[4]  And Mattel's CFO, Kevin Farr, testified
that Mr. Bousquette alone was the "primary driver" behind this "Words Of"
initiative.[5]

        For similar reasons, Ms. Patel is plainly relevant to Phase 1.  Ms.
Patel possesses intimate knowledge of branding strategies at Mattel and MGA by
virtue of having served in marketing capacities at both companies.  Ms. Patel was a
Bratz brand manager from August 2002 to May 2003[6], a period in which Bratz sales
skyrocketed.  At Mattel, Ms. Patel advised on various competitive analyses regarding
Bratz, including a lengthy study that answers the question: "Why is Bratz

---

[1] Mattel, Inc.'s Consolidated (1) Initial Disclosures Relating to MGA's Unfair
    Competition, Claims, and (2) Second Supplemental Initial Disclosures Relating
    to Mattel's Claims Against Bryant and MGA, dated January 5, 2007.

[2] Driskill Dep. 43-44; Kaye Dep. 240-241.

[3] M 94669 – 94671.

[4] *See* Mattel 10-K filed March 12, 2004, at 17.

[5] Farr Dep. 220:25 – 221:7.

[6] *See* MGA's Responses to Mattel's First Set of Interrogatories.

Exhibit 13,
P. 75

Michael T. Zeller, Esq.
February 13, 2008
Page 3

Successful?"[7]  This is the very question that jurors will be asked to consider should Phase 1 ever reach the damages stage, and Ms. Patel's contemporaneous views on the subject are indisputably relevant to the trier of fact.

Please let us know whether, notwithstanding the relevance of both Mr. Bousquette and Ms. Patel to Phase 1, Mattel intends to unilaterally cancel both depositions.  We look forward to your response.

Sincerely,

Thomas J. Nolan

Cc:  Michael H. Page, Esq.

---

[7] M 0072014 – 0072060.

Exhibit 13 ,
P. 76

Job number    : 365          *** SEND SUCCESSFUL ***

# SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
## 300 SOUTH GRAND AVENUE
## LOS ANGELES, CALIFORNIA 90071-3144
TELEPHONE No : (213) 687-5000
FACSIMILE No : (213) 687-5600
EMAIL: TNOLAN@skadden.com

## FACSIMILE TRANSMITTAL SHEET

FROM: Thomas Nolan                          DATE: February 13, 2008
DIRECT DIAL: (213) 687-5250                 FLOOR/OFFICE NO.:
DIRECT FACSIMILE: (213) 621-5250

THIS FACSIMILE IS INTENDED ONLY FOR USE OF THE ADDRESSEE(S) NAMED HEREIN AND MAY CONTAIN LEGALLY PRIVILEGED AND/OR CONFIDENTIAL INFORMATION. IF YOU ARE NOT THE INTENDED RECIPIENT OF THIS FACSIMILE, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS FACSIMILE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS FACSIMILE IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL FACSIMILE TO US AT THE ADDRESS ABOVE VIA THE LEGAL POSTAL SERVICE. WE WILL REIMBURSE ANY COSTS YOU INCUR IN NOTIFYING US AND RETURNING THE FACSIMILE TO US.

IF THIS TRANSMISSION IS UNCLEAR OR INCOMPLETE, PLEASE CONTACT THE FACSIMILE DEPARTMENT AT (213) 687-5250.
WHEN TRANSMITTING TO OUR MACHINES, PLEASE INCLUDE YOUR COVER SHEET AND NUMBER ALL PAGES CONSECUTIVELY

### TOTAL NUMBER OF PAGES INCLUDING COVER(S):   4

PLEASE DELIVER THE FOLLOWING FAX(ES) TO:

| | | | |
|---|---|---|---|
| 1 | NAME: Michael Zeller, Esq. | FIRM: | Quinn Emanuel Urquhart Oliver & Hedges, LLP |
| | CITY: Los Angeles | TELEPHONE NO.: | 213.443.3000 |
| | FACSIMILE NO: 213.443.3100 | | |
| 2 | NAME: Michael Page, Esq. | FIRM: | Keker & Van Nest |
| | CITY: San Francisco | TELEPHONE NO.: | 415.391.5400 |
| | FACSIMILE NO.: 415.397.7188 | | |

MESSAGE: Bryant v. Mattel

Exhibit 13,
P. 77

# Exhibit 14

**quinn emanuel** trial lawyers | los angeles
865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

WRITER'S DIRECT DIAL NO.
(213) 443-3180

WRITER'S INTERNET ADDRESS
michaelzeller@quinnemanuel.com

February 14, 2008

VIA FACSIMILE AND U.S. MAIL

Thomas J. Nolan, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
300 South Grand Avenue
Los Angeles, California 90071-3144
Facsimile: (213) 687-5600

Michael Page, Esq.
Keker & Van Nest, LLP
710 Sansome Street
San Francisco, California 94111
Facsimile: (415) 397-7188

Re:   Bryant v. Mattel

Dear Counsel:

I write in response to Tom Nolan's letter from yesterday afternoon regarding the depositions of Matthew Bousquette and Tina Patel. We disagree as to what is relevant to Phase 1. Given the stay of Phase 2 depositions, Mattel does not intend to produce Mr. Bousquette or Ms. Patel at this time.

Best regards,

*Michael Zeller* /rss

Michael T. Zeller
07209/2386544.1

quinn emanuel urquhart oliver & hedges, llp
NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
LOS ANGELES | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

07209/2389844 1

Exhibit 14,
P. 78

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**TOKYO**
Akasaka Twin Tower Main Building, 6th Floor
17-22 Akasaka 2-Chome
Minato-ku, Tokyo 107-0052, Japan
+81 3 5561-1711
Facsimile: +81 3 5561-1712

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

DATE:   February 14, 2008

NUMBER OF PAGES, INCLUDING COVER: 2

| NAME/COMPANY | PHONE NO. | FAX No. |
|---|---|---|
| Thomas J. Nolan, Esq. Skadden, Arps, Slate, Meagher & Flom LLP | 213/687-5000 | 213/687-5600 |
| Michael Page, Esq. Keker & Van Nest, LLP | 415/391-5400 | 415/397-7188 |

FROM:   Michael T. Zeller

RE:   Bryant v. Mattel, Inc.

MESSAGE:

Please see attached.

CLIENT #: 7209   ROUTE/RETURN TO: Rita Turger
OPERATOR:   CONFIRMED?  ☐ No  ☐ Yes
☐ CONFIRM FAX
☐ INCLUDE CONF. REPORT

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

Exhibit 14,
P. 79

**Exhibit 15**

Page 1

1                   UNITED STATES DISTRICT COURT

2                   CENTRAL DISTRICT OF CALIFORNIA

3                         EASTERN DIVISION

4                            - - -

5          HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING

6                            - - -

7     CARTER BRYANT, ET. AL.,            )
                                         )
8                        PLAINTIFFS,     )
                                         )
9              VS.                       )    NO. ED CV 04-09049
                                         )    (LEAD LOW NUMBER)
10    MATTEL, INC., ET. AL.,             )
                                         )
11                       DEFENDANTS.     )    MOTION; OSC HEARING
      _____)
12    AND CONSOLIDATED ACTIONS,          )
                                         )

13

14

15            REPORTER'S TRANSCRIPT OF PROCEEDINGS

16                   RIVERSIDE, CALIFORNIA

17               MONDAY, FEBRUARY 25, 2008

18                      11:24 A.M.

19

20

21

22

23              THERESA A. LANZA, RPR, CSR
             FEDERAL OFFICIAL COURT REPORTER
24              3470 12TH STREET, RM. 134
              RIVERSIDE, CALIFORNIA  92501
25                  951-274-0844
                WWW.THERESALANZA.COM

Exhibit 15,
P. 80

Page 2

```
 1    APPEARANCES:
 2
 3

      ON BEHALF OF MATTEL:
 4
                          QUINN EMANUEL
 5                        BY:  JOHN QUINN
                          BY:  JON COREY
 6                        865 S. FIGUEROA STREET,
                          10TH FLOOR
 7                        LOS ANGELES, CALIFORNIA  90017
                          213-624-7707
 8
 9

      ON BEHALF OF MGA ENTERTAINMENT:
10
                          SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
11                        BY:  THOMAS J. NOLAN
                          BY:  CARL ALAN ROTH
12                        300 SOUTH GRAND AVENUE
                          LOS ANGELES, CALIFORNIA  90071-3144
13                        213-687-5000
14
15    ON BEHALF OF MCFARLAND, CLOONAN, MARLOW & LEAHY:
16                        KEATS MCFARLAND & WILSON LLP
                          BY:  LARRY W. MCFARLAND
17                        9720 WILSHIRE BOULEVARD
                          BEVERLY HILLS, CA  90212
18                        310-777-3750
19
20
21
22
23
24
25                   Exhibit 15 ,
                        P.  81
```

Page 3

1                    I N D E X

2                                             PAGE

3    MOTION  ........................................    4

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
                    Exhibit 15 ,
                    P. 82

Page 4

1    RIVERSIDE, CALIFORNIA; MONDAY, FEBRUARY 25, 2008; 11:24 A.M.

2                          -oOo-

3          THE CLERK:   CALLING CASE NUMBER ED CV 04-9059, ITEM

4    NUMBER 11, CARTER BRYANT VERSUS MATTEL, AND THE RELATED

5    CONSOLIDATED CASES AND CASE NUMBERS.

6          MAY WE HAVE COUNSEL PLEASE COME FORWARD AND STATE

7    YOUR APPEARANCES FOR THE RECORD.

8          MR. QUINN:   JOHN QUINN AND JON COREY APPEARING FOR

9    MATTEL.

10         MR. NOLAN:   TOM NOLAN AND CARL ROTH ON BEHALF OF THE

11   MGA PARTIES, INCLUDING ISAAC LARIAN.

12         THE COURT:   GOOD MORNING TO YOU ALL.

13         WE'VE GOT A COUPLE OF MATTERS TODAY.   WE'VE GOT THE

14   MOTION REGARDING HARD DRIVES; WE'VE GOT THE MOTION TO REVIEW

15   THE DISCOVERY MASTER'S DECISION CONCERNING THE PRODUCTION OF

16   THE HARD DRIVES AS SET FORTH IN THE DECEMBER 31ST, 2007 ORDER;

17   IT'S MATTEL'S MOTION.   THERE'S THE OSC REGARDING THE SERVICE OF

18   THE DEPOSITION FOR MR. MCFARLAND, WHO'S PRESENT, AND ARANT,

19   HALPERN AND MARLOW.

20         THEN I ALSO HAVE JUST RECEIVED THIS EX-PARTE

21   APPLICATION MADE BY MGA CONCERNING A VARIETY OF MATTERS WHICH

22   CAME IN OVER THE WEEKEND.   THIS IS TO COMPEL THE DEPOSITIONS OF

23   MR. BOUSQUETTE AND TINA PATEL.

24         MR. NOLAN:   BOUSQUETTE AND TINA PATEL, YOUR HONOR.

25         THE COURT:   LET ME BEGIN WITH THAT, BECAUSE I THINK

Exhibit 15,
P. 83

Page 5

1    THAT MIGHT BE THE MOST STRAIGHTFORWARD.

2              TO A CERTAIN EXTENT, MGA'S PROOF OF SERVICE KIND OF

3    ANSWERS THE QUESTION.  IT LISTS IT AS A DISCOVERY MATTER.  AND

4    I TEND TO AGREE.

5              WHY ISN'T THIS BEFORE THE DISCOVERY MASTER?

6              MR. NOLAN:  IT'S QUITE EASY, YOUR HONOR.

7              FIRST OF ALL, THE DEPOSITIONS OF BOUSQUETTE AND PATEL

8    GO TO THE QUESTION OF THE COURT'S ORDER AS TO THE DIFFERENCE

9    BETWEEN PHASE ONE AND PHASE TWO.  THAT IS NOT AN ISSUE THAT HAS

10   EVER BEEN BEFORE JUDGE INFANTE.

11             WHEN WE WERE HERE IN FEBRUARY LAST, THE COURT

12   INDICATED THAT YOU WOULD EXPECT US TO WORK OUT WHETHER OR NOT A

13   WITNESS HAD ISSUES RELATING TO PHASE ONE OR IF IT WAS SOLELY

14   PHASE TWO.

15             YOUR HONOR, MR. BOUSQUETTE AND MS. PATEL HAVE BEEN

16   IDENTIFIED BY US AS PHASE ONE FROM THE VERY BEGINNING OF THE

17   CASE.  IN FACT, YOUR HONOR, THE REASON WHY WE FILED THIS MOTION

18   AS AN EX-PARTE -- AND I KNOW LISTENING ALREADY TO WHAT YOU HAD

19   THIS MORNING, HOW OVERBURDENED YOU ALREADY ARE -- BUT THE

20   CANCELLATION OF THESE TWO DEPOSITIONS, YOUR HONOR, WAS DONE ON

21   THE DAY THE EXPERT REPORTS WERE DUE.  THE NOTICE CAME TO US AT

22   4:18 IN THE AFTERNOON THAT THEY WERE UNILATERALLY BEING

23   CANCELLED FOR FEBRUARY 15TH AND, I BELIEVE, FEBRUARY 18TH.

24             THESE DEPOSITIONS HAD BEEN PREVIOUSLY REPRESENTED

25   THAT WE WOULD BE ABLE TO TAKE THEM IN NOVEMBER; THEN WE WERE

Page 6

1   GIVEN A DATE IN FEBRUARY WHEN THE COURT ISSUED THE ORDER SAYING

2   YOU HAD TO CONCLUDE DEPOSITION TESTIMONY BEFORE JANUARY 28TH

3   FOR PHASE ONE.

4          WE WROTE A LETTER AND SAID WE WILL TAKE THEIR

5   DEPOSITIONS IN CHICAGO, LOS ANGELES, OR ANYWHERE IN THE WORLD

6   FOR MR. BOUSQUETTE; MS. PATEL IS GENERALLY AVAILABLE HERE

7   LOCALLY.  THEY WROTE BACK AND SAID NO, FEBRUARY 15TH.

8          THE REASON WHY THIS IS KEY AND WHY IT IS NOT BEFORE

9   JUDGE INFANTE -- AND BY THE WAY, JUDGE INFANTE, JUST A

10  FOOTNOTE, JUDGE INFANTE HAS UNDER SUBMISSION 31 MOTIONS.  THIS

11  CAN'T BE HEARD.

12          THESE DEPOSITIONS WERE CANCELLED ON THE SAME DAY THE

13  EXPERT REPORTS WERE FILED.  THEY DEAL WITH ISSUES AND HAVE

14  EVIDENCE RELATED TO MATTERS THAT ARE RAISED IN THE EXPERT

15  REPORTS.  MATT BOUSQUETTE WAS THE PRESIDENT OF MATTEL BRANDS.

16  MATT BOUSQUETTE IS SITTING IN AND TAKES THE LEAD IN AN

17  IMPORTANT MEETING IN 2004 WITH RESPECT TO CHANGES AND THE

18  CONFIDENTIALITY AGREEMENT.  BUT MOST IMPORTANTLY,

19  MATT BOUSQUETTE -- WHO, BY THE WAY, WAS FIRED BY MR. ECKERT,

20  AND THAT'S BEEN CONFIRMED IN MR. ECKERT'S DEPOSITION, AND PAID

21  $750,000 BY MATTEL TO COOPERATE IN THIS LITIGATION FOR THEM --

22  SITS AT A TIME WHEN MATTEL'S MARKETING DEPARTMENT IS REPORTING

23  TO THE BOARD OF DIRECTORS, AS WELL AS KEY MANAGERS, INCLUDING

24  MATT BOUSQUETTE, THAT 'THE HOUSE IS ON FIRE' -- MATTEL -- THE

25  BARBIE BRAND WAS IN CRISES; IT WAS A GENOCIDE AGAINST BARBIE;

Exhibit 15,
P. 85

Page 7

1   IT WAS GOING TO BE AN ALL-OUT WAR, AND ALL ATTRIBUTING IT TO

2   THE SUCCESS OF BRATZ.

3          THE COURT:  I NEVER THOUGHT I'D HEAR THE WORD

4   'GENOCIDE' AND 'BARBIE' IN THE SAME SENTENCE.  BUT YOU HAVE

5   SUCCEEDED IN DOING THAT.

6          MR. NOLAN:  ACTUALLY THOSE AREN'T MY WORDS; THOSE

7   WERE THE WORDS WITHIN THE DEPARTMENT AT MATTEL.

8          NOW, MATTEL IS PROJECTING, OBVIOUSLY, A DIFFERENT

9   FRONT IN THIS LAWSUIT, AND UNDER THE EXPERT BRANDING REPORTS

10  THAT WERE SUBMITTED BY BOTH SIDES, BOUSQUETTE, AS WELL AS OUR

11  EXPERT REPORTS, IT ALL GOES TO A PROPORTIONALITY OF WHAT WILL

12  BE THE COPYRIGHT DAMAGES, IF ANY, THAT IS ALIGNED TO MATTEL.

13         THE COURT:  PUTTING ASIDE THE SUBSTANCE OF THE

14  TESTIMONY FOR A MOMENT, WHAT I INDICATED TO YOU, CERTAINLY, WAS

15  THAT DURING THIS MONTH OF FEBRUARY, WHICH WE ARE ABOUT TO RUN

16  OUT, THAT THE FOCUS SHOULD BE ON PHASE ONE AND THAT I TRUSTED

17  THAT COUNSEL WOULD BE ABLE TO WORK THAT OUT AMONGST THEMSELVES,

18  AND THAT IF THERE WAS STILL SOME OVERLAP WITH PHASE ONE AND

19  PHASE TWO, THAT COULD GO FORWARD AS WELL, BUT LET'S TRY TO GET

20  PHASE ONE DEPOSITIONS.

21         LET ME ASK MR. QUINN.

22         IF MR. NOLAN IS SAYING THIS IS A PHASE ONE WITNESS

23  FOR HIM, WHY WAS THE DEPOSITION CANCELLED?

24         MR. QUINN:  YOUR HONOR, MR. COREY IS PREPARED TO

25  ADDRESS THAT, IF THAT'S ALL RIGHT.

Page 8

1          THE COURT:  THAT'S FINE.

2          MR. COREY:  IT WAS CANCELLED FOR THE REASON THAT IT'S

3     A PHASE TWO DEPOSITION.

4          THE COURT:  THAT'S NOT YOUR CALL TO MAKE.  THAT'S

5     MR. NOLAN'S CALL TO MAKE.  I'M NOT GOING TO HAVE MR. NOLAN

6     DECIDING YOUR WITNESS LIST OR WITNESS ORDER, AND I'M NOT GOING

7     TO HAVE YOU DECIDING HIS.

8          HOW COULD YOU KNOW WHAT HE'S GOING TO BE DOING IN

9     PHASE ONE?

10         MR. COREY:  IF I MAY, BECAUSE HE'S TOLD ME WHAT HE'S

11    GOING TO DO -- LET ME TAKE A STEP BACK.

12         BECAUSE I KNOW FROM HIS INITIAL DISCLOSURES EXACTLY

13    WHAT HE IDENTIFIED WITH RESPECT TO MR. BOUSQUETTE.

14         IF I MAY READ, YOUR HONOR.

15         "MGA BELIEVES MR. BOUSQUETTE IS A FORMER PRESIDENT OF

16    MATTEL BRANDS.  MR. BOUSQUETTE MAY POSSESS KNOWLEDGE OF

17    MATTEL'S SERIAL COPYING OF MGA'S DISTINCTIVE TRADE DRESS,

18    TRADEMARKS, PRODUCT PACKAGING, THEMES, IDEAS AND ADVERTISING.

19    MATTEL'S DELUSION OF MGA'S FAMOUS MARKS; MATTEL'S INTERFERENCE

20    WITH MGA'S ADVERTISING EFFORTS; MATTEL'S THREATS AND

21    INTIMIDATION OF RETAILERS, SUPPLIERS, LICENSEES, DISTRIBUTORS,

22    MANUFACTURERS AND FORMER EMPLOYEES AND FREELANCERS; MATTEL'S

23    IMPROPER INFLUENCE OF STANDARD SETTING AND INDUSTRY

24    ORGANIZATIONS; MATTEL'S MANIPULATION OF MGA'S RETAIL DISPLAYS

25    AND OTHER ASPECTS OF MATTEL'S UNCLEAN HANDS."

Exhibit 15,
P. 87

Page 9

1          THE COURT:  I THINK I CAN SEE HOW A GOOD NUMBER OF

2    THOSE ISSUES GO TO PHASE TWO.  BUT I CAN ALSO SEE HOW SOME OF

3    THOSE MIGHT BE RELATED TO PHASE ONE.

4          WHAT I'VE TRY TO AVOID IN THIS WHOLE PROCESS IS

5    PRECISELY THIS, AND THAT'S WHY I TRIED TO CAREFULLY WORD THE

6    ORDERS CONCERNING PHASE ONE, PHASE TWO, BIFURCATION, NOT TO

7    APPLY TO DISCOVERY.  BECAUSE I DON'T WANT TO BE IN A POSITION

8    UP HERE HAVING HEARINGS OVER WHAT'S A PHASE ONE WITNESS AND

9    WHAT'S A PHASE TWO WITNESS, AND WASTING A TREMENDOUS AMOUNT OF

10   TIME AND RESOURCES, NOT ONLY THE COURT'S, BUT THE PARTIES,

11   HAVING THIS KIND OF DISPUTE.  I REALLY WANT TO DEFER THIS

12   ISSUE, AND I'VE TRIED TO DEFER THIS ISSUE, TO THE PARTIES TO

13   EITHER WORK OUT, OR, IF YOU CAN'T WORK IT OUT, JUST TAKE THE

14   DEPOSITION AND WE'LL MOVE FORWARD.

15          MR. COREY:  I THINK IF YOU CAN'T WORK IT OUT, THEN

16   IT'S PHASE TWO, IT'S STAYED, AND THEN NO DEPOSITION IS TAKEN.

17   AND IF THERE'S AN ISSUE, THEN IT SHOULD GO TO THE DISCOVERY

18   MASTER, AS WAS PROPERLY POINTED OUT.

19          BUT WHAT CAN HAPPEN -- AND THIS IS WHAT'S BEEN

20   HAPPENING, AND THIS HAS BEEN MATTEL'S CONCERN FROM DAY ONE --

21   IS FROM THE TIME THAT NEW COUNSEL HAS ENTERED THE CASE, THEY

22   HAVE ASKED FOR A STAY OF PHASE TWO DISCOVERY.  THEY FINALLY

23   HAVE IT, AND NOW THE ISSUES THAT THEY SEEK TO DEPOSE

24   MR. BOUSQUETTE ABOUT ARE ISSUES THAT, UP UNTIL NOW, LITERALLY

25   UP UNTIL THE DAY OF THE EXPERT REPORTS, WERE PHASE TWO ISSUES.

Page 10

1   AND NOW THEY ARE SAYING "WE THEY WANT TO DEPOSE MR. BOUSQUETTE

2   AND MS. PATEL ABOUT WHAT MATTEL DID YEARS AFTER CARTER BRYANT

3   LEFT, YEARS AFTER BRATZ WAS CREATED."

4           I'VE LISTENED VERY CAREFULLY, AND I DIDN'T HEAR A

5   REFERENCE TO CARTER BRYANT OR A REFERENCE TO THE CREATION OF

6   BRATZ, WHICH THIS COURT HAS DECIDED ARE WHAT'S GOING TO BE

7   DECIDED IN PHASE ONE.  SO FOR THEM TO COME BACK -- IT'S VERY

8   LATE IN THE DAY -- AND SAY, 'WE WANT TO TAKE DISCOVERY, WE WANT

9   TO ASK PEOPLE ABOUT WHAT MATTEL'S COMPETITIVE RESPONSE TO BRATZ

10  WAS.'

11          THAT'S THE WHOLE REASON WE AGREED, ESSENTIALLY, TO

12  BIFURCATE PHASE ONE AND PHASE TWO.  BECAUSE WHATEVER MATTEL'S

13  RESPONSE MAY BE, IT DOESN'T MATTER UNTIL THERE'S A

14  DETERMINATION OF THE OWNERSHIP.

15          THE COURT:  MR. NOLAN, WOULD YOU CARE TO RESPOND?

16          MR. NOLAN:  YES.

17          I WANT TO RESPOND, FIRST OF ALL, THAT THE -- AND I'M

18  REALLY SURPRISED THAT THIS WAS DONE -- THE STATEMENT THAT

19  MR. COREY JUST READ TO YOU AND SAID THAT WAS FROM OUR INITIAL

20  DISCLOSURES, IN THEIR BRIEF AT PAGE 10, IT'S FOOTNOTE 33, IT

21  SAYS THAT WAS FILED DECEMBER 21ST OF 2007,

22          IN FACT, YOUR HONOR, IF YOU LOOK AT THEIR SUBMISSION,

23  IT'S EXHIBIT 12 -- IT'S HARD TO FIND BECAUSE THEY DON'T NUMBER

24  THE PAGES -- BUT IT IS, IN FACT, FILED SEPTEMBER 21ST, 2007.

25          NOW, WHAT HAS HAPPENED SINCE SEPTEMBER OF 2007?

Exhibit 15 ,
P. 89

Page 11

1          MATTEL HAS PRODUCED NEARLY 900,000 -- AND I MAY BE

2    WRONG, BUT IT'S CERTAINLY WITHIN THAT NEIGHBORHOOD OF

3    DOCUMENTS -- ONCE WE HAD THE PRODUCTION AND WE SAW THE

4    RELEVANCE OF MR. BOUSQUETTE -- THAT DISCLOSURE, BY THE WAY, WAS

5    DONE BY O'MELVENY & MEYERS -- BUT IMMEDIATELY WE STARTED

6    NOTICING AND ASKING FOR DATES OF MR. BOUSQUETTE AND MS. PATEL.

7    IN FACT, EVERY TIME WE WERE HERE IN THOSE CONTENTIOUS HEARINGS

8    ON JANUARY 7TH AND FEBRUARY 4TH, BOUSQUETTE AND PATEL HAD

9    ALREADY BEEN TAKEN CARE OF; THEY HAD AGREED THEY WERE GOING TO

10   PRODUCE THESE.

11          THESE ISSUES OF THE PROPORTIONALITY WITH RESPECT TO

12   DAMAGES HAVE NOTHING TO DO WITH UNFAIR BUSINESS PRACTICES.  IT

13   HAS EVERYTHING TO DO WITH THE WAY THEY FRAMED THE ISSUE BY

14   SUBMITTING THEIR BRANDING EXPERT FROM CAROL SCOTT AND OUR

15   EXPERT ON BRANDING, AND THAT IS, IF THERE ARE COPYRIGHT

16   DAMAGES -- AND THIS IS WELL SUPPORTED IN THE LAW, YOUR HONOR --

17   THOSE DAMAGES HAVE TO BE PROPORTIONED OUT TO WHAT WAS THE

18   PROTECTABLE COPYRIGHT PROPERTY.

19          WHAT MATTEL IS TRYING TO DO HERE -- AND THIS IS THE

20   FIRST TIME, YOUR HONOR, I'VE AUTHORIZED SEEKING SANCTIONS IN

21   THIS CASE -- IT IS A GAME THAT'S BEING PLAYED; THEY WANT TO DO

22   IT OVER.  THEY WANT A DO-OVER.  THEY WANT TO COME BACK HERE AND

23   UNLEASH PHASE TWO AGAIN.

24          I RESPECTFULLY SUBMIT, AND I THINK THIS HAS BEEN

25   BORNE OUT, THAT PART OF THIS STRATEGY HERE IS JUST TO BOMBARD

FEBRUARY 25, 2008          BRYANT V. MATTEL

Exhibit  15 ,
P.  90

Page 12

1   EVERYBODY WITH DISCOVERY.  RATHER THAN FOCUS ON THE ISSUES THAT

2   ARE GOING TO BE TRIED, THEY WANT TO KEEP REOPENING PHASE TWO;

3   THAT'S WHAT THIS IS ALL ABOUT.

4          WE NOTICED IT.  IT WAS COMMITTED.  WE DESCRIBED IT AS

5   A PHASE ONE.  AND THEY CAN'T UNILATERALLY DECIDE, YOUR HONOR

6   THAT, IT'S NOT PHASE ONE.

7          THE COURT:  I'M NOT FOLLOWING THAT.

8          HOW IS THAT AN EFFORT BY MATTEL TO -- ACTUALLY, THEY

9   ARE TRYING TO KEEP OUT PHASE TWO --

10         MR. NOLAN:  NO, YOUR HONOR.  IN THEIR PAPERS, WHAT

11  THEY SAY IS, IF YOU ALLOW BOUSQUETTE'S DEPOSITION TO GO

12  FORWARD, LET'S OPEN UP THE WHOLE THING.  THAT'S WHAT THEY ARE

13  DOING, YOUR HONOR, UNDER A GUISE OF SAYING A PROPORTIONALITY

14  UNDER THE COPYRIGHT DAMAGE ISSUE, WE'RE GOING TO BRING IN ALL

15  OF THIS OTHER STUFF.

16         THAT'S PHASE TWO.  IF THEY HAVE A DAMAGE CLAIM, IF

17  THEY CAN PROVE IT, THAT'S THE PHASE TWO TRIAL.

18         BUT THEY CAN'T UNLATERALLY DECIDE.

19         YOUR HONOR, ONE LAST POINT ON THIS.

20         WHEN THEY WROTE THE LETTER TO US, WE WERE SHOCKED

21  BECAUSE WE HAD BEEN WAITING FOR BOUSQUETTE'S DEPOSITION.  THEY

22  SAID 'WRITE US A LETTER, WE'LL HAVE A MEET AND CONFER.'

23         WE WROTE A LENGTHY LETTER MAKING ALL OF THESE

24  EXPLANATIONS.  NO RESPONSE, YOUR HONOR.  THEY JUST DISAGREED.

25  THEY WON'T MEET AND CONFER.  AND THAT'S WHY I RESPECTFULLY ASK

FEBRUARY 25, 2008        BRYANT V. MATTEL

Exhibit 15 ,
P.  91

Page 13

1   NOT ONLY DO WE GET THE DATES, BUT THAT THOSE DATES BE ORDERED

2   TO BE TAKEN IN SUCH TIME SO WE CAN HAVE HIM AVAILABLE FOR OUR

3   REPLY EXPERTS.

4           THAT'S WHAT THIS IS ALL ABOUT YOUR HONOR,

5   RESPECTFULLY.

6           THE COURT:  WHEN, AGAIN, IS THE REPLY FOR EXPERTS

7   NEEDED?

8           MR. NOLAN:  MARCH 17.

9           THE COURT:  COUNSEL, LET'S NOW TAKE UP THE MOTION

10  REGARDING THE HARD DRIVES.

11          MR. NOLAN:  YES, YOUR HONOR; THAT'S THE APPEAL FROM

12  MATTEL.

13          THE COURT:  YES.

14          MR. NOLAN:  I THINK, AGAIN, THE STANDARDS THAT ARE

15  APPLIED IN TERMS OF THE REVIEW BY THE DISCOVERY MASTER APPLY

16  HERE.

17          THE COURT:  THEY DO, CERTAINLY.

18          I HAVE A CONCERN, THOUGH, THAT THE DISCOVER MASTER

19  MAY HAVE NOT BEEN LOOKING AT THIS -- THE WAY THAT IT'S ARGUED

20  IS THAT THE HARD DRIVES ARE RELEVANT NOT SO MUCH TO GET THE

21  DOCUMENTS THEMSELVES THAT ALLEGEDLY HAVE BEEN DELETED, BUT TO

22  PROVE UP THE DELETION, WHICH IS A PREDICATE ACT OF THE RICO;

23  NAMELY, THAT DOCUMENTS WERE DELETED.

24          I'M CERTAINLY NOT SAYING THAT ANY OF THIS IS TRUE.

25          MR. NOLAN:  OF COURSE.  I UNDERSTAND THAT.

Exhibit 15
P. 92

Page 29

1          ACTUALLY, WHAT I CAN TELL THE COURT, WE ACTUALLY HAVE

2     THE SAME ISSUE WITH RESPECT TO THINGS BEING DESIGNATED UNDER

3     THE PROTECTIVE ORDER.  WE DID INITIATE A MEET AND CONFER

4     PROCESS A NUMBER OF MONTHS AGO WITH RESPECT TO THE THINGS THAT

5     ARE BEING DESIGNATED FROM THE YEAR 2000 WITH RESPECT TO THE

6     CREATION OF BRATZ; SO WE'LL HAVE A CONVERSATION WITH MR. NOLAN

7     ON THAT.  I THINK HE MAY BE LOOKING AT THINGS WITH FRESH EYES

8     NOW.

9          WITH RESPECT TO MR. BOUSQUETTE, I WANT TO MAKE THIS

10    VERY PRECISE THAT WHAT'S BEING ASSERTED IN THE EXPERT REPORTS

11    IS THAT MATTEL'S DAMAGES SHOULD BE REDUCED BECAUSE OF SOME

12    BRILLIANT THINGS THAT MGA HAS DONE.

13         MATTEL'S PHASE TWO CLAIMS ARE THAT THOSE BRILLIANT

14    THINGS WERE STOLEN FROM MATTEL.  AND SO BY STAYING PHASE TWO

15    DISCOVERY, WHICH WE HAVE NOT COMPLETED AND WHICH COUNSEL FOR

16    MGA AGREES WE HAVE NOT COMPLETED, MATTEL IS BEING DEPRIVED OF

17    THE OPPORTUNITY TO PRESENT ITS REBUTTAL OR ITS DEFENSE,

18    WHATEVER YOU WANT TO CALL IT, TO THAT THEORY OR THAT CLAIM.

19         THE COURT:  SO MR. NOLAN IS CORRECT; YOU DO WANT TO

20    OPEN UP PHASE TWO DISCOVERY RIGHT NOW.

21         MR COREY:  I THINK THE COURT NEEDS TO MAKE A CHOICE.

22    WHAT I DON'T WANT IS MATTEL TO BE PREJUDICED BY THEM ALLOWING

23    TO GO FORWARD WITH THEIR THEORIES THAT THEY ARE GOING TO RELY

24    ON TO REDUCE MATTEL'S CLAIMED DAMAGES WITHOUT MATTEL BEING

25    GIVEN AN OPPORTUNITY TO RESPOND TO THOSE.

FEBRUARY 25, 2008          BRYANT V. MATTEL

Exhibit 15,
P. 93

Page 30

1          FRANKLY, MATTEL DOESN'T CARE WHAT THE CHOICE IS.  IF

2   PHASE TWO IS GOING TO BE STAYED, THEN IT NEEDS TO BE STAYED.

3   BUT IF THESE THEORIES ARE GOING TO BE FLOATED IN PHASE ONE.

4   THEN PHASE TWO DISCOVERY SHOULD NOT BE STAYED; IT SHOULD BE

5   ALLOWED TO PROCEED.  AND THEN IF THE STAY ON PHASE TWO IS

6   LIFTED, THEN THERE'S NOT AN ISSUE WITH RESPECT TO --

7          THE COURT:  MR. COREY, IF I LIFT THE STAY ON PHASE

8   TWO DISCOVERY, I CAN'T IMAGINE WHAT THAT WOULD DO.  I MEAN,

9   POOR JUDGE INFANTE.  I JUST COULDN'T DO THAT TO HIM.  I JUST

10  COULDN'T.  THAT WOULD DERAIL THIS LITIGATION.

11         BASED ON HOW -- AND I'M NOT POINTING ANY FINGERS

12  HERE, THIS IS JUST ACROSS THE BOARD -- HOW DISCOVERY HAS BEEN

13  CONDUCTED, THE MILLIONS OF DOCUMENTS; THE, I DON'T KNOW, UNTOLD

14  NUMBER OF DEPOSITIONS AND THE INTERROGATORIES AND RFA'S; TO

15  LIFT STAY TWO DISCOVERY DURING THIS CRITICAL PERIOD AS WE'RE

16  TRYING TO DO THE MOTIONS, THE PRETRIAL ORDERS, AND GET READY

17  FOR THE FIRST TRIAL IN MAY, WHICH IS GOING FORWARD IN MAY, TO

18  START IN ON FULL SCALE PHASE TWO DISCOVERY, THAT'S

19  UNFATHOMABLE.

20         MR. COREY:  THAT'S NOT WHAT I THINK THE COURT SHOULD

21  DO.

22         THE COURT:  SO WE'RE ALL IN AGREEMENT ON THAT.

23         MR. COREY:  I THINK THE COURT SHOULD LIMIT THE ISSUES

24  TO PHASE ONE AS THE COURT HAS ARTICULATED THEM; THE CREATION OF

25  BRATZ AND CARTER BRYANT'S EMPLOYMENT WITH MATTEL.  THAT'S

Page 31

1   FAIRLY CONSTRAINED AND THAT'S NOT GOING TO BURDEN ANYBODY TO

2   GET THAT DONE.

3           THERE ARE A NUMBER OF ISSUES THAT GET TEED UP

4   DEPENDING ON THE OUTCOME OF WHAT DECISION THE JURY MAKES WITH

5   RESPECT TO THOSE ISSUES.  THERE'S NO NEED TO GET INTO THEM NOW.

6           I DO NEED TO ADD TWO QUICK THINGS WITH RESPECT TO

7   MR. BOUSQUETTE.

8           MATTEL DOES NOT CONTROL HIM; HE HAS SEPARATE COUNSEL;

9   IT'S CHRIS CALDWELL.  HE WOULD BE HERE TODAY EXCEPT HE'S IN

10  TRIAL.  AND NO SUBPOENA HAS BEEN SERVED ON MR. BOUSQUETTE.  HE

11  HAD AGREED TO APPEAR VOLUNTARILY ON FEBRUARY 15TH IN CHICAGO

12  BEFORE THE COURT HAD ISSUED --

13          THE COURT:  WHO CANCELLED HIS DEPOSITION, THEN?

14          MR. COREY:  WE IDENTIFIED HIM AS BEING PHASE TWO

15  DISCOVERY.

16          THE COURT:  SO YOU DID.

17          MR. COREY:  I WROTE A LETTER SAYING HE'S PHASE TWO

18  DISCOVERY.

19          THE COURT:  YOU'RE NOT HIS LAWYER.

20          WHAT WERE YOU DOING WRITING A LETTER SAYING HE'S NOT

21  GOING TO SHOW UP FOR HIS DEPOSITION?

22          MR. COREY:  HE HASN'T BEEN SUBPOENAED.

23          WHAT THE LETTER SAID WAS HE'S PHASE TWO; MS. PATEL IS

24  PHASE TWO; AND ANOTHER DESIGNEE ARE PHASE TWO.

25          THE COURT:  I UNDERSTAND THE WHOLE ARGUMENT.

FEBRUARY 25, 2008        BRYANT V. MATTEL        Exhibit 15,
                                                  P. 95

Page 32

1          I'M SAYING, IF YOU'RE TELLING ME NOW THAT YOU DON'T

2    CONTROL HIM, THAT HE'S GOT HIS OWN SEPARATE COUNSEL, THEN WHY

3    WOULD YOU BE THE ONE CANCELLING HIS DEPOSITION AND NOT HIS

4    LAWYER?

5          MR. COREY:  I IDENTIFIED HIM AS BEING PHASE TWO

6    DISCOVERY WITH TWO OTHER WITNESSES.  IF YOU WANT TO CALL THAT

7    CANCELLING HIS DEPOSITION, YOU CAN CALL THAT CANCELLING HIS

8    DEPOSITION.

9          THE COURT:  WHY DIDN'T HE SHOW UP FOR HIS DEPOSITION?

10         MR. COREY:  BECAUSE HE'S PHASE TWO.  HIS COUNSEL WAS

11   PROVIDED WITH A COPY --

12         THE COURT:  BUT HE PROBABLY DOESN'T KNOW THAT HE'S

13   PHASE TWO, DOES HE?

14         MR. COREY:  I GUARANTEE HIS COUNSEL KNOWS.

15         I HAVE NOT SPOKEN TO MR. BOUSQUETTE.  I SPOKE WITH

16   HIS COUNSEL.

17         THE COURT:  SO YOU TOLD HIS COUNSEL THAT IT'S PHASE

18   TWO AND THAT HE SHOULD CANCEL THE DEPOSITION.

19         MR. COREY:  I GAVE HIS COUNSEL A COPY OF THE ORDER IN

20   THE INITIAL DISCLOSURES.

21         THE COURT:  AND YOU TOLD HIM THAT YOU WERE GOING TO

22   CANCEL THE DEPOSITION.

23         MR. COREY:  I TOLD HIM THAT HE WAS A PHASE TWO

24   DEPONENT.

25         THE COURT:  AND... THAT'S IT?

Exhibit 15,
P. 96

Page 33

1          MR. COREY:  I TOLD HIM, YEAH, I TOLD HIM HE DIDN'T

2   HAVE TO APPEAR BECAUSE HE WAS PHASE TWO AND THE COURT HAD

3   STAYED IT.

4          THE COURT:  LET'S BE CAREFUL ON THIS, COUNSEL.

5          MR. COREY:  THE LAST POINT IS THAT I BELIEVE

6   MR. NOLAN REFERRED TO AN AGREEMENT THAT MR. BOUSQUETTE HAS WITH

7   MATTEL THAT'S ATTACHED AS AN EXHIBIT TO MR. HERRINGTON'S

8   SUPPLEMENTAL DECLARATION.

9          THAT AGREEMENT HAS EXPIRED.

10         THANK YOU, YOUR HONOR.

11         THE COURT:  ALL RIGHT.  I'LL BE ISSUING AN ORDER.

12  THIS IS ONE OF THOSE ORDERS THAT YOU'LL BE LOOKING FOR THAT

13  WILL ACTUALLY BE OF SUBSTANCE AND NOT JUST A SEALING, COUNSEL.

14         YOU'RE GOING TO TURN IN A PROPOSED ORDER?

15         MR. QUINN:  YES, YOUR HONOR.

16         THE COURT:  ANYTHING FURTHER?

17         MR. COREY:  NO, YOUR HONOR.

18                   CERTIFICATE

19

20  I HEREBY CERTIFY THAT PURSUANT TO SECTION 753, TITLE 28, UNITED

    STATES CODE, THE FOREGOING IS A TRUE AND CORRECT TRANSCRIPT OF

21  THE STENOGRAPHICALLY RECORDED PROCEEDINGS HELD IN THE

    ABOVE-ENTITLED MATTER AND THAT THE TRANSCRIPT PAGE FORMAT IS IN

22  CONFORMANCE WITH THE REGULATIONS OF THE JUDICIAL CONFERENCE OF

    THE UNITED STATES.

23

24

    _____              _____

25  THERESA A. LANZA, RPR, CSR                     DATE
    FEDERAL OFFICIAL COURT REPORTER

FEBRUARY 25, 2008        BRYANT V. MATTEL

Exhibit 15
P. 97

**Exhibit 16**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA  92501
<u>CIVIL MINUTES -- GENERAL</u>

Case No.     CV 04-09049 SGL(RNBx)                            Date:  February 25, 2008
Title:          CARTER BRYANT -v- MATTEL, INC.
                   AND CONSOLIDATED ACTIONS
=========================================================================
=
PRESENT:   HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

            Jim Holmes                              Anne Kielwasser
            Courtroom Deputy Clerk                  Court Reporter

ATTORNEYS PRESENT FOR CARTER          ATTORNEYS PRESENT FOR MATTEL:
BRYANT:

                                       John Quinn
                                       Jon D. Corey

                                       ATTORNEY PRESENT FOR THIRD-PARTY
ATTORNEYS PRESENT FOR MGA:             WITNESSES:

Thomas J.  Nolan                       Larry McFarland
Carl A. Roth

PROCEEDINGS:    **ORDER GRANTING MOTION OBJECTING TO PORTIONS OF THE
                  DISCOVERY MASTER'S DECEMBER 31, 2007, ORDER RE HARD DRIVES**

                **ORDER DISCHARGING ORDER TO SHOW CAUSE ON CONDITIONS**

                **ORDER STRIKING EX PARTE APPLICATION**

These matters were heard on February 25, 2008.

        As set forth in the concurrently filed order, the Court **GRANTS** Mattel's motion objecting to
portions of the Discovery Master's December 31, 2007, Order regarding hard drives.

        As set forth on the record, the Court orders that counsel Larry McFarland be deemed timely
served with a notice for his deposition and that he serve notices of deposition on his clients, Lucy
Arant, Sarah Halpern, and Peter Marlow.  Neither Mr. McFarland nor his clients may object to the

MINUTES FORM 90                                    Initials of Deputy Clerk __jh_____
CIVIL -- GEN                              1        Time: 00/35

Exhibit _16_,
P. _98_

Case 2:04-cv-09049-SGL-RNB      Document 2359      Filed 02/25/2008      Page 2 of 2

taking of their depositions on the basis of notice, service, or timeliness, but may assert any other
objections they may have thereto and may seek any appropriate protective orders from the
Discovery Master.  Subject to these conditions, the Court **DISCHARGES** the order to show cause.

     As for the final item, the Court **STRIKES** the ex parte application to compel the depositions
of Matthew Bousquette and Tina Patel, for two reasons.  First, the entire application and all exhibits
thereto were filed under seal without the requisite showing of the necessity of filing it under seal.
Putting aside for consideration on another day the much broader issue of the necessity of filing
under seal the narrower category of all documents designated under the protective order as
"Confidential" and/or "Attorneys Eyes Only", there is no possible justification for filing the present
ex parte application under seal.  Secondly, and importantly, the present ex parte application
ignores the Court's previous orders that discovery matters must be presented in the first instance
to the Discovery Master.  It is **STRICKEN** for that reason.

     **IT IS SO ORDERED.**

MINUTES FORM 90
CIVIL -- GEN                              2                  Initials of Deputy Clerk __jh_____
                                                            Time: 00/35

Exhibit _16_,
P. _99_

**Exhibit 17**

1   CALDWELL LESLIE & PROCTOR, PC
    CHRISTOPHER G. CALDWELL, State Bar No. 106790
2   1000 Wilshire Blvd., Suite 600
    Los Angeles, California 90017-2463
3   Telephone: (213) 629-9040
    Facsimile: (213) 629-9022
4
    Attorney for Non-Party
5   MATTHEW BOUSQUETTE

6

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10                         EASTERN DIVISION

11  CARTER BRYANT, an individual,        Case No. CV 04-9049 SGL (RNBx)

12                                        Consolidated with
              Plaintiff,                  Case No. CV 04-09059
13                                        Case No. CV 05-2727

14      v.                               DISCOVERY MATTER

15  MATTEL, INC., a Delaware             [To Be Heard by Discovery Master
16  corporation,                         Hon. Edward Infante (Ret.) Pursuant
                                         to the Court's Order of December 6,
17                                        2006]

18            Defendant.                 OPPOSITION BY NON-PARTY
                                         MATTHEW BOUSQUETTE TO
19                                        MOTION TO COMPEL
                                         DEPOSITION; DECLARATION OF
20                                        CHRISTOPHER G. CALDWELL

21

22                                        Hearing Date:    March 10, 2008
                                          Time:            8:30 a.m.
23                                        Place:           Telephonic

24  AND CONSOLIDATED ACTIONS             Phase I

25                                        Discovery Cutoff:    January 28, 2008
                                          Pretrial Conference: May 5, 2008
26                                        Trial Date:          May 27, 2008

27

28
CALDWELL
LESLIE &
PROCTOR

OPPOSITION BY NON-PARTY MATTHEW BOUSQUETTE TO MOTION TO COMPEL

Exhibit 17
P. 100

## I.    INTRODUCTION

Non-party Matthew Bousquette hereby submits the following Opposition to MGA's Motion to Compel his deposition.  As set forth below, MGA's Motion should be denied because the deposition subpoena on which MGA relies is defective, was never served on Mr. Bousquette, and this Motion is brought in the wrong court.

## II.   MATTHEW BOUSQUETTE CANNOT BE COMPELLED TO APPEAR

The Court lacks jurisdiction to compel Matthew Bousquette for deposition. MGA's motion to compel his deposition must therefore be denied.

First, MGA never served Mr. Bousquette with his deposition subpoena. Caldwell Decl., ¶ 5.  Mr. Bousquette has separate counsel, Christopher G. Caldwell, of Caldwell Leslie & Proctor, who has represented Mr. Bousquette since October 2005.  Neither Bousquette nor his counsel have permitted Quinn Emanuel to accept the service of a subpoena on his behalf. *Id.*, ¶ 6.  Thus, Mr. Bousquette cannot be compelled to appear for deposition because he has been not been properly served.  *See Fed. R. Civ. P.* 45(b) ("Serving a subpoena requires delivering a copy to the named person"); *see also Alexander v. Jesuits of Mo. Province,* 175 F.R.D. 556, 558 (D. Kan. 1997) (holding that witness was not required to appear for deposition in response to a subpoena which was not properly served).

Second, MGA's motion to compel is improper because an application to compel discovery from a non-party must be made "in the district where the discovery is being, or is to be, taken." *Fed. R. Civ. P.* 37(a)(1).  "With regard to the district court's enforcement authority, the Federal Rules provide that a motion to compel discovery or disclosure by a nonparty must be made to the court in the district where the discovery is being taken". *U.S. ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc.,* 444 F.3d 462, 468 (6th Cir. 2006).  Here, Mr. Bousquette has been purportedly subpoenaed to testify in Chicago, Illinois.

CALDWELL
LESLIE &
PROCTOR

-1-

1   Accordingly, any motion to compel discovery in response to that subpoena must

2   be filed in the Northern District of Illinois.  This Court does not have jurisdiction

3   to compel Mr. Bousquette's deposition.

4   **III.   CONCLUSION**

5          For the foregoing reasons, non-party Matthew Bousquette respectfully

6   submits that MGA's Motion to Compel should be denied.

7

8   DATED: March 7, 2008                    Respectfully submitted,

9                                           CALDWELL LESLIE & PROCTOR, PC

10

11  By  *Christopher G Caldwell /87*

12  CHRISTOPHER G. CALDWELL
    Attorney for Non-Party
13  MATTHEW BOUSQUETTE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CALDWELL
LESLIE &
PROCTOR

OPPOSITION BY NON-PARTY MATTHEW BOUSQUETTE TO MOTION TO COMPEL

Exhibit 17 ,
P. 102