**EXHIBIT 1**

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
John B. Quinn (Bar No. 090378)
johnquinn@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
(michaelzeller@quinnemanuel.com)
Jon D. Corey (Bar No. 185066)
(joncorey@quinnemanuel.com)
Timothy L. Alger (Bar No. 160303)
(timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727 |
| vs. | |
| MATTEL, INC., a Delaware corporation, | MATTEL, INC.'S FIFTH SET OF REQUESTS FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC. |
| Defendant. | |
| AND CONSOLIDATED CASES | |

1  Pursuant to Rule 34 of the Federal Rules of Civil Procedure,
2 Mattel, Inc. hereby requests that MGA Entertainment, Inc. ("MGA") respond to
3 these document requests ("Requests") and make available for inspection and
4 copying originals of the following documents within 30 days of service at the
5 offices of Quinn Emanuel Urquhart Oliver & Hedges, LLP, 865 South Figueroa
6 Street, 10th floor, Los Angeles, CA 90017. MGA shall be obligated to supplement
7 responses to these requests at such times and to the extent required by Rule 26(e) of
8 the Federal Rules of Civil Procedure.

10  I.  **DEFINITIONS**
11     A.  "YOU," "YOUR" and "MGA" means MGA Entertainment, Inc.
12 and all current or former subsidiaries, divisions, AFFILIATES, predecessors-in-
13 interest and successors-in-interest. Without limiting the foregoing, MGA
14 Entertainment, Inc. includes ABC International Traders and ABC International
15 Traders, Inc.
16     B.  "LARIAN" means Isaac Larian, any FAMILY MEMBER of
17 Isaac Larian, and any trust of which Isaac Larian is a trustee or of which any
18 FAMILY MEMBER of Isaac Larian is a beneficiary including, without limitation,
19 the Isaac and Angela Larian Trust and the Isaac Larian Annuity Trust.
20     B.  "DOCUMENT" or "DOCUMENTS" means all "writings" and
21 "recordings" as those terms are defined in Rule 1001 of the Federal Rules of
22 Evidence and Rule 34 of the Federal Rules of Civil Procedure and shall include all
23 writings, including but not limited to handwriting, typewriting, printing, image,
24 photograph, photocopy, digital file of any kind, transmittal by (or as an attachment
25 to) electronic mail (including instant messages and text messages) or facsimile,
26 video and audio recordings, and every other means of recording upon any tangible
27 thing, any form of communication or representation, and any record thereby created,
28 regardless of the manner in which the record has been stored, and all non-identical

1  copies of such DOCUMENTS, in the possession, custody, or control of YOU,
2  YOUR counsel, or any other PERSON acting on YOUR behalf.
3        C.    "AFFILIATES" means any and all corporations, proprietorships,
4  d/b/a's, partnerships, joint ventures and business entities of any kind that, directly or
5  indirectly, in whole or in part, own or control, are under common ownership or
6  control with, or are owned or controlled by a PERSON, party or entity, including
7  without limitation each parent, subsidiary and joint venture of such PERSON, party
8  or entity.
9        D.    "IDENTIFY" or "IDENTITY" means the following:
10       (a)    With reference to an individual, means such individual's name,
11 current or last known business title, current or last known business affiliation,
12 current or last known relationship to YOU, current or last known residential and
13 business address, and current or last known telephone number.
14       (b)    With reference to an account with a bank or financial institution,
15 means the name and address of the bank or financial institution, the account
16 number(s) for or otherwise associated with such account and the name of each
17 holder, including without limitation each beneficial holder, of each such account.
18       E.    "FAMILY MEMBER" means any PERSON who at any time is,
19 was or has been a parent, spouse, child or sibling of another PERSON.
20       F.    "RELATING," "RELATING TO," "REFERRING OR
21 RELATING TO," or "REFER OR RELATE TO" means any and all of the following
22 terms and their synonyms: refer to, discuss, constitute, evidence, pertain to,
23 mention, support, contradict, negate, bear on, touch on, contain, embody, reflect,
24 identify, state, deal with, concern, comment on, summarize, respond to, relate to, or
25 describe.
26       G.    "PERSON," in the plural as well as the singular, means any
27 natural person, association, partnership, corporation, joint venture, government
28

entity, organization, trust, institution, proprietorship, or any other entity recognized as having an existence under the laws in the United States or any other nation.

H.  The singular form of a noun or pronoun includes within its meaning the plural form of the noun or pronoun so used, and vice versa; the use of the masculine form of a pronoun also includes within its meaning the feminine form of the pronoun so used, and vice versa; the use of any tense of any verb includes also within its meaning all other tenses of the verb so used, whenever such construction results in a broader request for information; and "and" includes "or" and vice versa, whenever such construction results in a broader disclosure of documents or information.

## II.  INSTRUCTIONS

A.  YOU are to produce all requested DOCUMENTS in YOUR possession, custody or control.

B.  If YOU contend that YOU are not required to produce certain DOCUMENTS called for by these Requests on the grounds of a privilege or protection that YOU are not prepared to waive, identify each such DOCUMENT and provide the following information:

1.  the date and type of the DOCUMENT, the author(s) and all recipients;
2.  the privilege or protection that YOU claim permits YOU to withhold the DOCUMENT;
3.  the title and subject matter of the DOCUMENT;
4.  any additional facts on which YOU base YOUR claim of privilege or protection; and
5.  the identity of the current custodian of the original of the DOCUMENT.

C.  DOCUMENTS shall be produced in their original file folders, or in lieu thereof, any writing on the file folder from which each such DOCUMENT is taken shall be copied and appended to such DOCUMENT and the PERSON for whom or department, division or office for which the DOCUMENT or the file folder is maintained shall be identified.

D.  The DOCUMENTS should be produced in their complete and unaltered form. Attachments to DOCUMENTS should not be removed. The DOCUMENTS should not be cut-up, pasted over, redacted or altered in any way for any reason, including alleged nonrelevance. If emails are produced that had attachments, the attachments shall be attached when produced.

E.  DOCUMENTS in electronic form shall be produced in that form.

F.  In the event that any DOCUMENT called for by these requests has been destroyed or discarded, that DOCUMENT is to be identified by stating:

1. the date and type of the DOCUMENT, the author(s) and all recipients;
2. the DOCUMENT's date, subject matter, number of pages, and attachments or appendices;
3. the date of destruction or discard, manner of destruction or discard, and reason for destruction or discard;
4. the PERSONS who were authorized to carry out such destruction or discard;
5. the PERSONS who have knowledge of the content, origins, distribution and destruction of the DOCUMENT; and
6. whether any copies of the document exist and, if so, the name of the custodian of each copy.

## III. REQUESTS FOR DOCUMENTS AND THINGS

REQUEST FOR PRODUCTION NO. 1:

YOUR Articles of Incorporation and any amendments thereto.

REQUEST FOR PRODUCTION NO. 2:

YOUR By-Laws and any amendments thereto.

REQUEST FOR PRODUCTION NO. 3:

YOUR Notice of Incorporation as it appeared when first published and any amendments thereto.

REQUEST FOR PRODUCTION NO. 4:

YOUR quarterly and annual profits and loss statements (both audited and unaudited) from the date of YOUR incorporation to 1999.

REQUEST FOR PRODUCTION NO. 5:

YOUR quarterly and annual financial statements (both audited and unaudited) from the date of YOUR incorporation to 1999.

REQUEST FOR PRODUCTION NO. 6:

YOUR general ledger from the date of YOUR incorporation to 1999.

REQUEST FOR PRODUCTION NO. 7:

YOUR federal and state tax returns for each year from the date of YOUR incorporation to the present.

REQUEST FOR PRODUCTION NO. 8:

DOCUMENTS sufficient to evidence any and all meetings of shareholders of MGA, including the date, time and location of the meeting and the IDENTITY of each PERSON in attendance.

REQUEST FOR PRODUCTION NO. 9:

The minutes of all meetings of shareholders of MGA.

REQUEST FOR PRODUCTION NO. 10:

DOCUMENTS sufficient to evidence any and all meetings of the board of directors of MGA, including the date, time and location of the meeting and the IDENTITY of each PERSON in attendance.

REQUEST FOR PRODUCTION NO. 11:

The minutes of all meetings of the board of directors of MGA.

REQUEST FOR PRODUCTION NO. 12:

DOCUMENTS sufficient to show any and all salary, benefits or any other compensation paid to LARIAN or any business affiliated with LARIAN, including to whom the payments were made, the amounts paid and the dates of payment.

REQUEST FOR PRODUCTION NO. 13:

DOCUMENTS sufficient to show any and all payments or transfers of anything of value to LARIAN or any business affiliated with LARIAN, including to whom the payments or transfers were made, the amounts of the payments or the value of the item transferred and the dates of the payments or transfers.

REQUEST FOR PRODUCTION NO. 14:

Statements for accounts maintained by YOU at any bank or other financial institution sufficient to show any and all payments to LARIAN or any business affiliated with LARIAN.

REQUEST FOR PRODUCTION NO. 15:

DOCUMENTS sufficient to show any and all payments of dividends to LARIAN or any business affiliated with LARIAN, including to whom the dividends were paid, the amounts paid and the dates of payment.

REQUEST FOR PRODUCTION NO. 16:

DOCUMENTS sufficient to show any and all distributions to LARIAN or any business affiliated with LARIAN, including to whom the distributions were made, the amounts of the distributions and the dates the distributions were made.

REQUEST FOR PRODUCTION NO. 17:

DOCUMENTS sufficient to show any and all advances of funds to LARIAN or any business affiliated with LARIAN for services to be performed at a later date, including the amount of the advance, the date of the advance, the services to be performed, whether the services were performed and, if so, when they were performed.

REQUEST FOR PRODUCTION NO. 18:

DOCUMENTS sufficient to show any and all gifts to LARIAN or any business affiliated with LARIAN, including to whom the gift was made, when the gift was made, the nature, amount and value of the gift and the reasons for making the gift.

**REQUEST FOR PRODUCTION NO. 19:**

DOCUMENTS sufficient to show any and all loans from MGA to LARIAN or any business affiliated with LARIAN, including the date of the loan, the amount of the loan, the interest rate, if any, whether the loan has been repaid or forgiven in whole or in part and, if so, when and by whom.

**REQUEST FOR PRODUCTION NO. 20:**

DOCUMENTS sufficient to show any and all loans from LARIAN or any business affiliated with LARIAN to MGA, including the date of the loan, the amount of the loan, the interest rate, if any, whether the loan has been repaid or forgiven in whole or in part and, if so, when and by whom.

**REQUEST FOR PRODUCTION NO. 21:**

DOCUMENTS sufficient to show any and all obligations of LARIAN or any business affiliated with LARIAN guaranteed or cosigned by MGA, including the IDENTITY of the PERSON whose obligation was guaranteed or cosigned, the identity of the creditor or lender, the nature and amount of the obligation, the date the obligation was guaranteed or cosigned, whether the obligation has been satisfied and, if so, when and by whom.

**REQUEST FOR PRODUCTION NO. 22:**

DOCUMENTS sufficient to show any and all obligations of MGA guaranteed or cosigned by LARIAN or any business affiliated with LARIAN, including the IDENTITY of the PERSON who guaranteed or cosigned the obligation, the identity of the creditor or lender, the nature and amount of the obligation, the date the obligation was guaranteed or cosigned, whether the obligation has been satisfied and, if so, when and by whom.

REQUEST FOR PRODUCTION NO. 23:

DOCUMENTS sufficient to IDENTIFY each and every PERSON who has owned stock in MGA at any time including, without limitation, DOCUMENTS sufficient to show whether such PERSON is a FAMILY MEMBER of Isaac Larian.

REQUEST FOR PRODUCTION NO. 24:

For each PERSON who has owned stock in MGA, DOCUMENTS sufficient to show the number of shares of stock owned by such PERSON, the percentage of shares owned as measured against the total outstanding shares, the dates upon which the PERSON acquired the shares, the consideration paid or promised for the shares and the dates on which such consideration was paid or promised.

REQUEST FOR PRODUCTION NO. 25:

DOCUMENTS sufficient to show the total outstanding shares of MGA stock at any time from the incorporation of MGA to the present.

REQUEST FOR PRODUCTION NO. 26:

All DOCUMENTS that REFER OR RELATE TO the issuance of MGA stock certificates any time since the incorporation of MGA to the present, including without limitation to whom they were issued and the dates of issuance.

REQUEST FOR PRODUCTION NO. 27:

All DOCUMENTS, including without limitation all COMMUNICATIONS, that REFER OR RELATE TO the purchase, sale, transfer, alienation, pledge, hypothecation or alienation of MGA stock or any ownership interest in MGA.

REQUEST FOR PRODUCTION NO. 28:

All DOCUMENTS, including without limitation all COMMUNICATIONS, that REFER OR RELATE TO any instance in which any shareholder, stockholder or other owner of any interest in MGA lost, misplaced or was unable to locate original MGA stock certificates or in which any shareholder, stockholder or other owner of any interest in MGA requested that any PERSON attest to or assert such loss, misplacement or inability to locate, including without limitation the emails between Isaac Larian and Jahangir Makabi requesting that Makabi sign an affidavit that he lost his original stock certificates despite Makabi's protestation that he never had any such certificates.

REQUEST FOR PRODUCTION NO. 29:

All DOCUMENTS that REFER OR RELATE TO how MGA was capitalized upon its incorporation including, without limitation, the IDENTITY of each PERSON who purchased or subscribed to stock in MGA, the number of shares purchased or subscribed by each such PERSON, the amount paid or promised for the shares purchased or subscribed by each such PERSON and the dates such amounts were paid or promised.

REQUEST FOR PRODUCTION NO. 30:

DOCUMENTS sufficient to show how MGA has been capitalized from the date of its incorporation to the present.

REQUEST FOR PRODUCTION NO. 31:

DOCUMENTS sufficient to show any and all payments of dividends to any shareholder of MGA, including to whom the dividends were paid, the amounts paid and the dates of payment.

**REQUEST FOR PRODUCTION NO. 32:**

DOCUMENTS sufficient to show any and all distributions to any shareholders of MGA, including to whom the distributions were made, the amounts of the distributions and the dates the distributions were made.

**REQUEST FOR PRODUCTION NO. 33:**

DOCUMENTS sufficient to IDENTIFY each PERSON who has served as an officer or director of MGA including, without limitation, the offices or positions held by each such PERSON and the dates such offices or positions were held.

**REQUEST FOR PRODUCTION NO. 34:**

DOCUMENTS sufficient to show any and all salary, benefits or any other compensation paid to any officer, director or shareholder of MGA, including to whom the payments were made, the amounts paid and the dates of payment.

**REQUEST FOR PRODUCTION NO. 35:**

DOCUMENTS sufficient to show any and all payments or transfers of anything of value to any officer, director or shareholder of MGA, including to whom the payments or transfers were made, the amounts of the payments or the value of the item transferred and the dates of the payments or transfers.

**REQUEST FOR PRODUCTION NO. 36:**

DOCUMENTS sufficient to show any and all salary, benefits or any other compensation paid to any officer, director or shareholder of MGA, including to whom the payments were made, the amounts paid and the dates of payment.

REQUEST FOR PRODUCTION NO. 37:

DOCUMENTS sufficient to show any and all payments or transfers of anything of value to any officer, director or shareholder of MGA, including to whom the payments or transfers were made, the amounts of the payments or the value of the item transferred and the dates of the payments or transfers.

REQUEST FOR PRODUCTION NO. 38:

DOCUMENTS sufficient to show any and all salary, benefits or any other compensation paid to any FAMILY MEMBER of any officer, director or shareholder of MGA, including to whom the payments were made, the amounts paid and the dates of payment.

REQUEST FOR PRODUCTION NO. 39:

DOCUMENTS sufficient to show any and all payments or transfers of anything of value to any FAMILY MEMBER of any officer, director or shareholder of MGA, including to whom the payments or transfers were made, the amounts of the payments or the value of the item transferred and the dates of the payments or transfers.

REQUEST FOR PRODUCTION NO. 40:

Statements for accounts maintained by YOU at any bank or other financial institution sufficient to show any and all payments to any officer, director or shareholder of MGA.

REQUEST FOR PRODUCTION NO. 41:

Statements for accounts maintained by YOU at any bank or other financial institution sufficient to show any and all payments to any FAMILY MEMBER of any officer, director or shareholder of MGA.

REQUEST FOR PRODUCTION NO. 42:

DOCUMENTS sufficient to show any and all advances of funds to any officer, director or shareholder of MGA for services to be performed at a later date, including the amount of the advance, the date of the advance, the services to be performed, whether they were performed and when they were performed.

REQUEST FOR PRODUCTION NO. 43:

DOCUMENTS sufficient to show any and all gifts to any officer, director or shareholder of MGA, including to whom the gift was made, when the gift was made, the nature, amount and value of the gift and the reason for making the gift.

REQUEST FOR PRODUCTION NO. 44:

DOCUMENTS sufficient to show any and all gifts to any FAMILY MEMBER of any officer, director or shareholder of MGA, including to whom the gift was made, when the gift was made, the nature, amount and value of the gift and the reason for making the gift.

REQUEST FOR PRODUCTION NO. 45:

DOCUMENTS sufficient to show any and all obligations of any officer, director or shareholder of MGA guaranteed or cosigned by MGA, including the IDENTITY of the PERSON whose obligation was guaranteed or cosigned, the identity of the creditor or lender, the nature and amount of the obligation, the date the obligation was guaranteed or cosigned, whether the obligation has been satisfied and, if so, by whom.

REQUEST FOR PRODUCTION NO. 46:

DOCUMENTS sufficient to show any and all obligations of MGA guaranteed or cosigned by any officer, director, shareholder or employee of MGA, including the IDENTITY of the PERSON who guaranteed or cosigned the obligation, the identity of the creditor or lender, the nature and amount of the obligation, the date the obligation was guaranteed or cosigned, whether the obligation has been satisfied and, if so, by whom.

REQUEST FOR PRODUCTION NO. 47:

For each account maintained in the name of MGA at any bank or other financial institution, a copy of each and every monthly statement from the date of YOUR incorporation to the present, and DOCUMENTS sufficient to IDENTIFY each PERSON authorized to sign checks on or access the account.

DATED: November 27, 2007

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/ Scott B. Kidman
Scott B. Kidman
Attorneys for Mattel, Inc.

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is Now Legal Service, 1301 W. 2nd Street, Suite 206, Los Angeles, CA 90026.

On November 27, 2007, I served true copies of the following document(s) described as **MATTEL, INC.'S FIFTH SET OF REQUESTS FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC.** on the parties in this action as follows:

Thomas Nolan, Esq.
**SKADDEN ARPS SLATE MEAGHER & FLOM, LLP**
300 South Grand Avenue, Suite 3400
Los Angeles, CA 90071

**BY PERSONAL SERVICE:** I delivered such envelope(s) by hand to the office of the person(s) being served.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on November 27, 2007, at Los Angeles, California.

_____
NOW LEGAL -- Dave Quintana

Exhibit 1
Page 21

07209/2305585.1
-1-

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543.

On November 27, 2007, I served true copies of the following document(s) described as **MATTEL, INC.'S FIFTH SET OF REQUESTS FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC.** on the parties in this action as follows:

| | |
|---|---|
| Mark E. Overland, Esq. | Michael H. Page, Esq. |
| David C. Scheper, Esq. | **KEKER & VAN NEST, LLP** |
| Alexander H. Cote | 710 Sansome Street |
| **OVERLAND BORENSTEIN** | San Francisco, CA 94111 |
| **SCHEPER & KIM LLP** | |
| 300 South Grand Avenue, Suite 2750 | |
| Los Angeles, CA 90071-3144 | |

**BY MAIL:** I enclosed the foregoing into sealed envelope(s) addressed as shown above, and I deposited such envelope(s) in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on November 27, 2007, at Los Angeles, California.

_____
Charlene Ho

07209/2305581.1

Exhibit 1
Page 22