QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09039<br>Case No. CV 05-02727<br><br>**[PUBLIC REDACTED]** MATTEL, INC.'S OPPOSITION TO MGA PARTIES' MOTION *IN LIMINE* NO. 2 TO EXCLUDE EVIDENCE RELATING TO THE WEALTH AND ASSETS OF ISAAC LARIAN<br><br>Date: May 21, 2008<br>Time: 1:00 p.m.<br>Place: Courtroom 1<br><br>**Phase 1**<br>Pre-Trial Conference: May 19, 2008<br>Trial Date: May 27, 2008 |

## Preliminary Statement

Larian ignores the law in arguing that his own financial gains from Bratz are irrelevant and should be excluded. Larian's financial gains and self-interested profits are relevant to Mattel's aiding and abetting claims in Phase 1a and vicarious infringement claim in Phase 1b, and are relevant to Larian's credibility in both phases. Such evidence is also essential to Mattel's claim for disgorgement and to Mattel's pursuit of punitive damages from Larian. For any or all of these reasons, Larian's motion *in limine* No. 2 should be denied.

## Relevant Background Facts

Larian, a named defendant in this case, is MGA's founder, President, and CEO.[1] Since December 2000, he has been MGA's majority shareholder; he owns 81.82% of MGA's stock.[2] According to MGA's March 2001 Business Plan, "Larian oversees all divisions of the company."[3] According to Larian, "whatever [I say] at MGA goes."[4]

**REDACTED**

---

[1] Transcript of Excerpted Portion of Trial, Art Attacks Ink, LLC v. MGA Entertainment, Inc., dated May 1, 2007 ("Art Attacks Tr.") at 7:21-24, Declaration of Stephen Hauss ("Hauss Dec."), Exh. 30.

[2] Id. at 8:7-9, 24:17-23; see also Isaac and Angela Larian, Lists of Assets, 2006 and 2007 ("2006 and 2007 Net Assets") (MGA 3787276- MGA 3787277; MGA 3787279), Declaration of Tamar Buchakjian ("Buchakjian Dec."), Exhs. 73, 135; Deposition of Lisa Tonnu ("Tonnu Depo"), Vol. IV, 814:25-815:8, January 17, 2008, Hauss Dec., Exh. 36.

[3] ABC International Traders, Inc., March 2001 Business Plan ("2001 Business Plan") at 10 (MGA 0050638 - MGA 0050660), Buchakjian Dec., Exh. 82.

[4] Art Attacks Tr. at 8:14-17, Hauss Dec., Exh. 30.

REDACTED

## Argument

### I. LARIAN'S ASSETS AND MGA-RELATED PROFITS ARE RELEVANT TO THE ISSUES IN PHASE 1

Larian does not dispute that he personally has reaped extraordinary profits and financial gains from the success of Bratz. This evidence is relevant to both the merits of Mattel's claims against Larian and the damages Mattel seeks.

#### A. Evidence of Larian's Financial Gain and Self-Interested Profit Is Relevant to Mattel's Aiding and Abetting Claim

Mattel's claims against Larian include a claim for aiding and abetting Bryant's breaches of duty. A defendant aids and abets the commission of an intentional tort if he (1) knows the other's conduct constitutes a breach of duty, and (2) gives substantial assistance or encouragement to the other so to act. See, e.g., Neilson v. Union Bank of Calif., 290 F. Supp. 2d 1101, 1119 (C.D. Cal. 2003); Casey v. U.S. Bank Nat'l Assoc., 127 Cal. App. 4th 1138, 1144 (2005).

MGA claims in its motion that because the district court in Nielson concluded that the "California Supreme Court would not hold that personal financial gain is an element of an aiding and abetting claim for breach of fiduciary duty," Nielson, 290 F. Supp. 2d at 1129, such evidence is irrelevant and should be excluded. In fact, Nielson held the opposite: Financial gain from another's tortious conduct is unquestionably relevant, because it can be used to corroborate "evidence of knowledge, substantial assistance, or both." Id. at 1128 (citing, inter alia, Alan R.

---

[5] Expert Report of Michael J. Wagner (without exhibits), dated February 11, 2008 ("Wagner Expert Report"), Declaration of B. Dylan Proctor, Exh. 56; Tab B2, Schedule 6.0 to Wagner Expert Report, Buchakjian Dec., Exh. 72.

[6] 2007 Net Assets, Buchakjian Dec., Exh. 73.

Bromberg & Lewis D. Lowenfels, <u>Aiding and Abetting Securities Fraud: A Critical Examination</u>, 52 Alb. L. Rev. 637, 739-48 (1988) (financial gain has significance in aiding and abetting cases in determining whether knowledge or the substantial assistance requirements, or both, are satisfied). Simply put, because Larian was "an active participant in the breach of duty and <u>reaped the benefit</u>, [he] cannot disclaim the burden" of liability for that breach. <u>Nielson</u>, 290 F. Supp. 2d at 1127 (emphasis added) (citing <u>Heckmann v. Ahmanson,</u> 168 Cal. App. 3d 119, 127 (1985); <u>Bancroft-Whitney Co. v. Glen</u>, 64 Cal. 2d 327, 353 (1966).

The fact that the benefit Larian reaped made him extraordinarily wealthy does not make the evidence of his gains irrelevant or unfairly prejudicial. To the contrary, Larian's financial gains and self-interested profit from Bratz are highly probative of Larian's aiding and abetting liability. This evidence corroborates Mattel's other evidence that Larian knowingly provided substantial assistance or encouragement to Bryant to breach his duties to Mattel.

Other than <u>Nielson</u>, not one of Larian's cases even addresses the relevance and probative value of financial gain and self-interested profit of a defendant who is subject to an aiding and abetting claim or a copyright infringement claim. Indeed, in none of those cases is the evidence of profits the quantum of damages from an infringing product and other misconduct. Rather, most are criminal cases in which evidence of a defendants' financial state is separately considered. Were this a criminal case, then Mr. Larian may have an argument. It is not. In <u>United States v. Mitchell</u>, 172 F.3d 1104, 1110 (9th Cir. 1999), the district court allowed the prosecution to introduce evidence of the defendant's poverty to show the defendant's motive for committing a bank robbery. The Ninth Circuit reversed, holding the probative value of evidence of poverty was substantially outweighed by the risk of unfair prejudice. In <u>United States v. Walker</u>, 479 F. 2d 407, 408-09 (9th Cir. 1973), the defendant was charged with tax evasion. His defense was that he did not know his income exceeded the statutory minimum

requiring the filing of a tax return. Because the jury already had evidence that defendant's income exceeded the statutory minimum, the court held admission of evidence that his gross income was $248,241 was more prejudicial than probative.

The civil cases that Larian cites are no more helpful. TM2 Software, Inc. v. Madacy Entm't, 2003 WL 25667610 at *2 (C.D. Cal. Jan. 23, 2003), was a trademark infringement case in which the issue was whether the damages award could based on a reasonable royalty theory. The court held that evidence of the amounts defendants expended to produce, market and promote the infringing products was relevant to the extent to which plaintiff's mark was harmed, but evidence of defendant's "net worth, profits, stock prices, remuneration of their officers and the like" was irrelevant and inadmissible unless the jury returned a verdict with findings warranting an award of punitive damages, like the jury here will consider in Phase 2. In Pennington v. Clayton Indus., 2002 WL 343574828, at *2 (C.D. Cal. April 18, 2002), an employment discrimination-wrongful termination case, the court held the probative value of evidence of the compensation defendant paid its non-defendant upper-level executives was outweighed by the risk of prejudice. In Candle Corp. v. Boole & Baggage, 1985 WL 1087794, at *7-*8 (C.D. Cal. Aug. 2, 10985), the court held evidence of the defendant's CEO's position and interest in the financial well-being of the defendant was irrelevant and unfairly prejudicial to issues of patent invalidity, but his compensation was relevant to his interest in the litigation and to the issue of his credibility. Van Bumble v. Wal-Mart Stores, Inc., 4097 F. 3d 823 (7th Cir. 2006) and Papadopoulos v. Fred Meyer Stores, Inc., 2006 WL 3249195 (W.D. Wash. Nov. 8, 2006) are wholly inapposite personal injury cases.

For this reason alone, Larian's motion should be denied.

### B. Evidence of Larian's Financial Gain and Self-Interested Profit Is Relevant to Mattel's Claim for Vicarious Copyright Infringement

Larian's financial gain and self-interest profit are also relevant to his liability for vicarious copyright infringement. A defendant is liable for vicarious copyright infringement if he has the right and ability to control the infringing activity and fails to do so, and "has a direct financial interest in such activity." Fonvisa, Inc. v. Cherry Auction, Inc., 76 F.3d 259, 262 (9th Cir. 1996); see also 3 Nimmer on Copyright § 12.04 at 1270-72 (1995).

Larian's argument that Mattel need only introduce evidence that MGA profited from Bratz and that Larian owns stock in MGA to satisfy these elements is without merit. First, Larian is charged with vicarious copyright infringement not as MGA's majority shareholder, but as an individual defendant. Second, on its vicarious infringement claim, Mattel is entitled to recover "any profits of the infringer [Larian] that are attributable to the infringement." 17 U.S.C. § 504(b). "The purpose of allowing the recovery of profits "is to make the infringement *worthless* to the infringer." Bucklew v. Hawkins, Ash, Baptie & Co., 329 F.3d 923, 933 (7th Cir. 2003) (original italics). Profits are awarded to prevent infringers from receiving "'any benefit derived from their infringement.'" Kleier Advertising Co., Inc. v. James Miller Chevrolet, Inc., 722 F. Supp. 1544, 1545 (N.D. Ill. 1989) (quoting H.R. Rep. No. 1476, 94th Cong., 2d Sess. 161) (emphasis added);[7] see also U.S. Payphone, Inc. v. Executives Unlimited of Durham, Inc., 781 F. Supp. 412, 413 (M.D.N.C. 1991) (recovery of profits "designed to ensure that infringers are not able to retain some benefit"). Mattel cannot prove the quantum of Larian's "profit" without establishing the amount of income that he derived from Bratz.

---

[7] Notes of Committee on the Judiciary, House Report No. 94-1476 (1976 Act) ("profits are awarded to prevent the infringer from unfairly benefiting from a wrongful act").


Finally, Mattel's relief includes that Larian "disgorge all payments, revenues, profits, monies and royalties and any other benefits derived or obtained as a result of the conduct alleged, including without limitation of all revenues and profits attributable to infringement of Mattel's copyrights under 17 U.S.C. § 504."[8] Larian's financial gains and profits attributable to Bratz are obviously relevant to prove the amount to be disgorged.

### C. Evidence of Larian's Financial Gain and Self-Interested Profit is Relevant to His Credibility

Larian's compensation and financial gain from Bratz is also relevant to his credibility as a witness. <u>Candle Corp. v. Boole & Babbage, Inc.</u>, 1985 WL 1087794 at *7 (C.D. Cal. 1985) (evidence of position and compensation of chief executive and sole shareholder of party corporation is relevant to credibility). In short, the incredible amount of money Larian has made on Bratz -- and stands to lose -- provides a strong bias and incentive to lie. That bias cannot be shielded from the jury.

**REDACTED**

---

[8] Mattel's Second Amended Answer in Case No. 05-2727 and Counterclaims, dated July 12, 2007, Prayer for Relief ¶ 7, Proctor Dec., Exh. 12.
[9] Art Attacks Tr. at 23:8-9; Hauss Dec.; Exh. 30.

**REDACTED**

1

**REDACTED**

2
3
4
5
6
7
8
9
10
11
12

13       Larian's financial gains and self-interested profit from Bratz are relevant both to his credibility generally, and to his particular lies about these subjects under oath.

### D. Evidence of Larian's Assets and Bratz-Related Profits Are Essential to Mattel's Claim for Punitive Damages

      Larian does not even argue that evidence of his financial condition is not relevant to Mattel's punitive damages claim. Nor could he. Evidence of a defendant's financial condition is a prerequisite under California law to an award of

---

**REDACTED**

[11] Art Attacks Tr. at Id. at 25:19-27:7; Hauss Dec.; Exh.30.
[12] Isaac Larian: Total Income Per Tax Returns (MGA 3787273), Buchakjian Dec., Exh. 155.
[13] Id.

punitive damages. See Adams v. Murakami, 54 Cal. 3d 105, 115-16 (1991); Lara v. Cadag, 13 Cal. App. 4th 1061, 1064 (1993). Such evidence includes evidence of Larian's assets and liabilities, and earnings and profits, not just evidence of "net worth" that is "subject to easy manipulation." Id. at 1065 n.3.

Under California law a wide range of indicators of a defendant's wealth are to be considered in assessing punitive damages. See, e.g., Cummings Medical Corp. v. Occupational Medical Corp., 10 Cal. App. 4th 1291 (1992) (evidence of the profitability of the defendant's fraudulent conduct); Zaxis Wireless Communications, Inc., 89 Cal. App. 4th at 583 (net worth, revenues, net profit); Pistorius v. Prudential Insurance Co., 123 Cal. App. 3d 541, 554-55 (1981) (net income after taxes, gross assets, net worth). There can be no dispute that Larian's assets and financial gain from Bratz are relevant to Mattel's claim for punitive damages.

### Conclusion

For the foregoing reasons, Mattel respectfully requests that MGA's motion *in limine* No. 2 be denied.

DATED: April 28, 2008

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/ John Quinn
John Quinn
Attorneys for Mattel, Inc.

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is Now Legal Service, 1301 W. 2nd Street, Suite 206, Los Angeles, CA 90026.

On April 28, 2008, I served true copies of the following document(s) described as **MATTEL, INC.'S OPPOSITION TO MGA PARTIES' MOTION *IN LIMINE* NO. 2 TO EXCLUDE EVIDENCE RELATING TO THE WEALTH AND ASSETS OF ISAAC LARIAN** on the parties in this action as follows:

Thomas J. Nolan
**Skadden, Arps, Slate, Meageher & Flom LLP**
300 South Grand Ave., Ste. 3400
Los Angeles, CA 90071

Mark E. Overland
David C. Scheper
Alexander H. Cote
**Overland Borenstein Scheper & Kim LLP**
601 West Fifth Street, 12th Floor
Los Angeles, CA 90017

John W. Keker, Esq.
Michael H. Page, Esq.
Christina M. Anderson, Esq.
**Keker & Van Nest, LLP**
710 Sansome Street
San Francisco, CA 94111

**BY PERSONAL SERVICE:** I delivered such envelope(s) by hand to the office of the person(s) being served.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on April 28, 2008, at Los Angeles, California.

_____
NOW LEGAL -- Dave Quintana

07209/2485999.1