QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>            Plaintiff,<br><br>    vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>            Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>**MATTEL, INC.'S *EX PARTE* APPLICATION FOR RELIEF FROM THE TWENTY-DAY MEET AND CONFER REQUIREMENT OF LOCAL RULE 7-3 AND FOR AN EXPEDITED HEARING DATE ON MATTEL'S MOTION FOR "ADVERSE INFERENCE" JURY INSTRUCTION**<br><br>Date: TBA<br>Time: TBA<br>Place: Courtroom 1<br><br>**Phase I**<br>Pre-trial Conference: May 19, 2008<br>Trial Date: May 27, 2008 |

1    Pursuant to the *Federal Rules* and *Local Rule* 7-19, Mattel, Inc.
2 respectfully submits this *ex parte* application seeking relief from the twenty-day
3 requirement of *Local Rule* 7-3 regarding its Motion for Order Granting "Adverse
4 Inference" Jury Instruction, filed concurrently herewith, and for an expedited hearing
5 date of May 21, 2008, on that motion.

6    Mattel makes this application on the grounds that defendant Carter Bryant
7 stated in his Motion *in Limine* No. 13 that he opposes Mattel's proposed "adverse
8 inference" jury instruction and he set forth in detail the reasons for his opposition. As
9 such, any meeting and conferring on the subject would be fruitless and unnecessary and
10 would only delay the resolution of this critical issue. Moreover, the expedited hearing
11 date is appropriate so that Mattel's jury instruction motion, which raises issues also
12 addressed in the parties' briefing regarding Motion *in Limine* No. 13, can be heard
13 together with that *in limine* motion.

14    Pursuant to *Local Rule* 7-19.1, on April 25, 2008, Mattel's counsel gave
15 notice via an e-mail message to counsel for Carter Bryant, Matthew Werdegar and
16 Christa Anderson (telephone: 415-391-5400; address: 710 Sansome Street, San
17 Francisco, CA 94111). On April 27, 2008, Mr. Werdegar responded in an e-mail
18 message that Bryant opposes this application.

19    This application is based on this Application and the accompanying
20 memorandum, the pleadings and other papers on file in this action, and all matters of
21 which the Court may take judicial notice.

23 DATED: April 28, 2008        QUINN EMANUEL URQUHART OLIVER &
                                HEDGES, LLP

                                By_____
                                   Christopher Tayback
                                   Attorneys for Mattel, Inc.

07209/2484412.1

*EX PARTE* APPLICATION FOR RELIEF FROM RULE 7-3 REQUIREMENT RE MOTION FOR ADVERSE INFERENCE JURY INSTRUCTION

## Mattel's *Ex Parte* Application

Under the *Local Rules*, parties are generally required to meet and confer before filing a motion so they may attempt to "eliminate[] the necessity for a hearing" on the disputed issue. *C.D. Cal. L.R.* 7-3. Unless otherwise specified, this conference of counsel must take place at least twenty days before the filing of the motion. *Id.*

Mattel seeks relief from this requirement with respect to its Motion for Order Granting "Adverse Inference" Jury Instruction (the "Jury Instruction Motion"), filed concurrently herewith and set for hearing on June 16, 2008. In that motion, Mattel argues it is entitled to a jury instruction informing the jury that "if [it finds] that relevant evidence that was within the defendants' control is missing or has been destroyed and that the evidence is missing because of the defendants' bad faith or negligent, unjustified or careless actions or inaction, [it] may infer that such evidence, if available now, would have been favorable to Mattel and adverse to the defendants."

In his Motion *in Limine* No. 13, Bryant argues at length that he believes the jury instruction Mattel seeks is improper and should not be given. In particular, Bryant argues that Mattel is not entitled to such "adverse inference" instruction because it has not previously moved for sanctions and obtained a judicial finding that Bryant "spoliated evidence." For the reasons set forth in detail in Mattel's Opposition to Motion *in Limine* No. 13, filed herewith, Mattel does not believe it must obtain a Court order before the subject jury instruction can be given. Nonetheless, in an abundance of caution, Mattel brings its Jury Instruction Motion to place Bryant's misconduct squarely before the Court and formally request the issuance of an instruction that allows the jury to evaluate whether Bryant wrongfully destroyed evidence that could have been favorable to Mattel.

In these circumstances, the *ex parte* relief Mattel seeks is justified because Bryant already has set forth in detail the nature of his opposition to Mattel's proposed jury instruction (and reiterated that opposition in connection with meeting and conferring regarding this application) such that any further meeting and conferring

| | |
|---|---|
| 1 | would not be fruitful and would not absolve the need for a hearing on this issue. |
| 2 | Further, conducting the hearing on Mattel's Jury Instruction Motion at the same time as |
| 3 | the hearing on Bryant's Motion *in Limine* No. 13 (scheduled for May 21, 2008 at 1:00 |
| 4 | p.m.) would serve the interests of judicial economy inasmuch as both motions address |
| 5 | largely overlapping issues that will bear on the resolution of each motion. Also, given |
| 6 | the significance of the jury instruction Mattel seeks and the pending trial date, Mattel |
| 7 | believes this issue should be resolved as expeditiously as possible and without further |
| 8 | delay. |

Finally, although counsel for Bryant has stated their opposition to this application, they can be neither surprised nor prejudiced by this request. It was Bryant who initiated this dispute by arguing at length against the propriety of Mattel's proposed jury instruction in his Motion *in Limine* No. 13, and insisting that prior to obtaining such instruction, Mattel must move for affirmative relief from the Court. Being that Bryant has fully briefed this issue in connection with his *in limine* motion, he cannot be surprised, unprepared, or prejudiced by Mattel's request to have this motion heard on May 21 at the same time as Bryant's corollary motion *in limine*.

For these reasons, Mattel respectfully requests that the Court waive the 20-day meet and confer requirement with respect to its Jury Instruction Motion, and also advance the hearing date on that motion to May 21, 2008, at 1:00 p.m., to coincide with the hearing on Bryant's Motion *in Limine* No. 13.

DATED: April 28, 2008

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By _____
Christopher Tayback
Attorneys for Mattel, Inc.