Larry McFarland (Bar No. 129668)
Christian Dowell (Bar No. 241973)
KEATS, McFARLAND & WILSON LLP
9720 Wilshire Blvd.
Penthouse Suite
Beverly Hills, CA 90212
Telephone:  (310) 248-3830
Facsimile:   (310) 860-0363
Email:   lmcfarland@kmwlaw.com
             cdowell@kmwlaw.com

Attorneys for Margaret Hatch-Leahy
and Veronica Marlow

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>                    Plaintiff,<br><br>    v.<br><br>MATTEL, INC., a Delaware corporation;<br><br>                    Defendant.<br><br>AND RELATED ACTIONS. | Case No.: CV 04 – 09049 SGL (RNBx)<br>Consolidated with Case Nos.<br>CV 04-9059 and CV 05-2727<br><u>Hon. Stephen G. Larson</u><br><br>MARGARET HATCH-LEAHY'S AND VERONICA MARLOW'S OPPOSITION IN PART TO MATTEL'S <u>EX PARTE</u> APPLICATION FOR (1) RELIEF FROM THE FIVE-DAY REQUIREMENT OF LOCAL RULE 7-3; AND (2) FOR AN EXPEDITED HEARING DATE OF MAY 2, 3008<br><br>Hearing Date:     N/A<br>Time:                  N/A<br>Place:                 N/A |

Non-parties Margaret Hatch-Leahy and Veronica Marlow (collectively, the "Non-Party Witnesses") hereby respectfully submit this *partial* Opposition ("Opposition") to Mattel's Ex Parte Application for (1) relief from the five-day requirement of Local Rule 7-3; and (2) for an expedited hearing date of May 2, 2008 ("Ex Parte Application").

## I.  INTRODUCTION

With respect to Mattel's Ex Parte Application that this Court grant it relief from the requirement that the meet-and-confer occur five days before the filing of the motion, Mattel is correct that counsel for the Non-Party Witnesses stated that he would not oppose the ex parte application for relief from the five-day rule. In an email dated April 23, 2008, Mr. Tayback stated as follows: "I wanted to give you notice that along with the appeal from the above-captioned Order we intend to file an ex parte application for relief from the 5-day meet and confer requirement set forth in Local Rule 7-3. Please advise if you intend to oppose that application."[1] Counsel for the Non-Party Witnesses telephoned Mr. Tayback to confirm what Mattel was asking for and Mr. Tayback stated that Mattel would be asking for relief from the five-day meet-and-confer requirement because the date of Mr. Tayback's first email requesting a meet-and-confer was on April 21, 2008, which was four days before the last day for Mattel to file its motion.[2] Counsel for the Non-Party Witnesses told Mr. Tayback that he did not oppose Mattel's ex parte application for relief from the five-day meet-and-confer rule.[3] However, not during that conversation, nor at any other time, did Mattel

---

[1] Declaration of Larry McFarland ("McFarland Decl."), Exhibit ("Exh.") 1.
[2] The statement in Mattel's Ex Parte Application that "The parties exchanged emails discussing the issues addressed in Mattel's proposed motion five days before the due date on April 21, 2008" is, therefore, not accurate. Ex Parte Application at 1.
[3] McFarland Decl. at ¶ 2.

provide notice to counsel for the Non-Party Witnesses that Mattel would be filing an ex parte application for an expedited hearing date.[4]

## II. ARGUMENT

### A. Mattel's Ex Parte Application For An Expedited Hearing Should Be Denied Because The Non-Party Witnesses Were Not Given Proper Notice Pursuant to Local Rule 7-19.1.

Because counsel for Mattel failed to provide counsel for the Non-Party Witnesses with notice of its intent to seek an expedited hearing date as required by Local Rule 7-19.1, Mattel's Ex Parte Application for an expedited hearing date is defective on its face and should be denied. Local Rule 7-19.1 requires that it shall be the duty of the attorney applying for ex parte relief to make a "good faith effort to advise counsel for all other parties" of the substance of the proposed ex parte application. Counsel for Mattel never made any attempt to notify counsel for the Non-Party Witnesses of its intent to seek an expedited hearing schedule.[5] Notably, the Ex Parte Application states that counsel for Mattel "exchanged emails discussing the issues addressed in Mattel's proposed motion" and "met and conferred via telephone" but nowhere in the Ex Parte Application does Mattel claim that the parties discussed an expedited hearing schedule.[6] This is because an expedited hearing schedule was never the subject of any communication between counsel for the parties and proper notice was not afforded to counsel for the Non-Party Witnesses.

### B. Mattel's Ex Parte Application For an Expedited Hearing Should Be Denied Because Mattel Has Not Satisfied The Standards For Ex Parte Relief.

This is not the first time that Mattel has attempted to seek ex parte relief in an

---

[4] McFarland Decl. at ¶ 3.
[5] Id.
[6] Ex Parte Application at 1.

1  inappropriate situation and the Non-Party Witnesses respectfully request that this Court
2  deny Mattel's request for an expedited hearing schedule.  As this Court has observed,
3  "[e]x parte applications have reached epidemic proportions in the Central District."  In
4  re Intermagnetics America, Inc., 101 B.R. 191, 192 (C.D. Cal. 1989).  Since that
5  statement was made, "the abusive use of ex parte motions has worsened."  Mission
6  Power Engineering Co. v. Continental Cas. Co., 883 F. Supp. 488, 489 (C.D. Cal.
7  1995).  "This abuse is detrimental to the administration of justice and, unless
8  moderated, will increasingly erode the quality of litigation and present ever-increasing
9  problems…."  Id.  Consequently, "[e]x parte motions are rarely justified," id. at 490,
10 and "are nearly always improper."  In re Intermagnetics, 101 B.R. at 192.  Indeed, as
11 the Court's Standing Order makes clear, "ex parte applications are solely for
12 extraordinary relief."[7]

13       Because of the urgency that attends ex parte applications, courts hold such
14 requests and those who file them to greater scrutiny than in the case of regularly filed
15 motions.  See Mission Power, 883 F. Supp. at 492 ("Lawyers must understand that
16 filing an ex parte motion … is the forensic equivalent of standing in a crowded theater
17 and shouting, 'Fire!'  There had better be a fire.").  Therefore, ex parte relief is only
18 warranted where the movant establishes that (1) the movant will suffer irreparable
19 prejudice absent the requested relief, and (2) "the moving party is without fault in
20 creating the crisis that requires ex parte relief, or that the crisis occurred as a result of
21 excusable neglect."  Id.

22       To show that the moving party is without fault, or guilty only
23       of excusable neglect, requires more than a showing that the
24       other party is the sole wrongdoer.  …  For example, merely
25       showing that trial is fast approaching and that the opposing
26       party still has not answered crucial interrogatories is

---

[7] Court's Standing Order at 5, citing Mission Power, 883 F. Supp. 488.

        insufficient to justify ex parte relief.  The moving party must also show that it used the entire discovery period efficiently and could not have, with due diligence, sought to obtain the discovery earlier in the discovery period.

Id. at 493.

As is shown below, Mattel has not satisfied either prong of the two-part test set forth in Mission Power.

### 1. Mattel Will Not Be Prejudiced if the Court Does Not Grant An Expedited Hearing Date.

Mattel will not suffer prejudice if the Court denies its Ex Parte Application regarding the expedited hearing date.  In fact, Mattel does not even assert any grounds upon which it will be irreparably prejudiced if its ex parte request for an expedited hearing schedule is not granted.  Rather, Mattel simply cites the Court's comments regarding the importance of discovery appeals, but makes no attempt satisfy its burden to establish that it will be prejudiced if the matter is heard as a regularly noticed motion.  Rather, it is the Non-Party Witnesses who will be severely prejudiced if an expedited hearing is granted, as explained below.

### 2. Mattel's Own Actions Contributed to this Alleged Crisis.

Mattel also fails to satisfy the second prong of Mission Power by failing to show that it is "without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect."  Mission Power, 883 F. Supp. at 492.  "The moving party must also show that it used the entire discovery period efficiently and could not have, with due diligence, sought to obtain the discovery earlier in the discovery period."  Id. at 493.  In September 2007, counsel for Ms. Leahy and Mattel agreed to a protocol for the review of Ms. Leahy's hard disk drives (the "Protocol"), and on October 26, 2007, counsel for Ms. Leahy authorized DataChasers to produce to

Mattel all of the documents recovered pursuant to the Protocol.[8]  With respect to Ms. Marlow, Mattel did not even request to inspect and copy her hard drives until January 2, 2008.[9]  In light of these facts, Mattel waited until January 23, 2008, to file with this Court its <u>Ex Parte</u> Application to (1) Compel Production of Electronic Media from Third-Parties Elise Cloonan, Margaret Hatch-Leahy, and Veronica Marlow or (2) in the Alternative, Modify the Scheduling Order.  This Court denied the <u>ex parte</u> application stating that it should be filed with Judge Infante.  Mattel then filed the <u>ex parte</u> application as a motion with Judge Infante.  Mattel knew full well that such a matter should have been brought before Judge Infante in the first instance, therefore wasting even more time.  Mattel not only contributed to, but essentially caused this alleged crisis.

### C. Mattel's <u>Ex Parte</u> Application For An Expedited Hearing Date Should Be Denied Because Ms. Marlow and Ms. Leahy Will Be Severely Prejudiced.

Mattel claims that the Non-Party Witnesses "will in no way be prejudiced by an [sic] May 2 hearing date as it [sic] has already had ample time to consider and prepare to oppose Mattel's request for relief in briefing it for hearing before Judge Larson and the Discovery Master previously."[10]  This conclusory statement is inaccurate.  In fact, the Non-Party Witnesses will be greatly prejudiced because additional activity has occurred with respect to Ms. Marlow since the time of the prior briefings and it is vital that counsel for the Non-Party Witnesses be allowed time to formulate and provide the Court with an update as to the current situation at hand.  These facts include the recent

---

[8] Non-parties Margaret Hatch-Leahy, Elise Cloonan and Veronica Marlow's Opposition to Mattel's <u>Ex Parte</u> Application to (1) Compel Production of Electronic Media from Third-Parties Elise Cloonan, Margaret Hatch-Leahy, and Veronica Marlow or (2) in the Alternative, Modify the Scheduling Order at 9.
[9] <u>Id</u>. at 11.
[10] <u>Ex Parte</u> Application at 2.

production by various third parties of thousands of pages of documents that counsel believes are relevant to Mattel's motion with respect to Ms. Marlow.

In addition, Mattel has chosen May 2, 2008, as the hearing date, knowing full well that counsel for the Marlows will be occupied with Peter Marlow's deposition that same day. Forcing counsel for the Non-Party Witnesses to prepare for and defend a deposition, as well as appear for a crucial hearing on the same day is excessively burdensome. Quinn Emanuel is attempting to use its considerable size advantage over counsel for the Non-Party Witnesses to tip the strategic scales in its favor. [11]

## III.   CONCLUSION

For the foregoing reasons, the Non-Party Witnesses respectfully request that the Court deny the portion of Mattel's Ex Parte Application requesting an expedited hearing date.

Dated: April 28, 2008         KEATS MCFARLAND & WILSON LLP

/s/
Christian C. Dowell, Esq.
Attorneys for Non-Parties Margaret Hatch-Leahy and Veronica Marlow

---

[11] Courts have recognized the inherent danger in abusing ex parte applications. See, e.g., Mission Power, 883 F. Supp. at 490-91 (recognizing that in filing ex parte applications, "[t]he goal often appears to be to surprise opposing counsel or at least force him or her to drop all other work to respond on short notice…. All of this detracts from a fundamental purpose of the adversary system, namely, to give the court the best possible presentation of the merits and demerits of the case on each side. The opposing party can rarely make its best presentation on such short notice."); In re Intermagnetics America, Inc., 101 B.R. 191, 193 (C.D. Cal 1989) ("Ex parte applications throw the system out of whack. They impose an unnecessary administrative burden on the court and an unnecessary adversarial burden on opposing counsel who are required to make a hurried response under pressure, usually for no good reason.").