QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059 and<br>Case No. CV 05-02727<br><br>Hon. Stephen G. Larson<br><br>**[PUBLIC REDACTED]** MATTEL, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* NO. 11 TO STRIKE THE EXPERT REBUTTAL REPORT OF ROBERT C. LIND<br><br>[Notice of Lodging and Declarations of Tamar Buchakjian and Stephen Hauss filed concurrently]<br><br>Date: May 21, 2008<br>Time: 1:00 p.m.<br>Place: Courtroom 1<br><br>**Phase 1**<br>Pre-Trial Conference: May 19, 2008<br>Trial Date: May 27, 2008 |

07209/2485339.2

MATTEL'S OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* NO. 11

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................ 1

ARGUMENT ............................................................................................................. 2

I. IF MGA IS PERMITTED TO PRESENT EXPERT EVIDENCE RELATED TO COPYRIGHT LAW AND THE "INTRINSIC TEST," MATTEL MUST BE ALLOWED TO REBUT MGA'S CLAIMS THROUGH ITS OWN EXPERT REPORT .................................................. 2

II. IN CONTRAST TO MENELL, PROFESSOR LIND'S OPINIONS ARE ADMISSIBLE BECAUSE THEY ARE RELIABLE AND WOULD BE HELPFUL TO THE JURY .............................................................................. 4

III. PROFESSOR LIND IS QUALIFIED TO OFFER OPINIONS REGARDING THE EXTRINSIC TEST FOR VISUAL WORKS ..................... 6

IV. AGREEING THAT PROFESSOR LIND'S OPINION IS CORRECT IS NOT PROPER GROUNDS FOR STRIKING HIS OPINION ........................... 6

CONCLUSION ......................................................................................................... 7

# TABLE OF AUTHORITIES

**Page**

**Cases**

Hynix Semiconductor Inc. v. Rambus Inc.,
   No. CV-00-20905 RMW, 2008 WL 73681 (N.D. Cal. Jan. 5, 2008) ................ 6

Mesfun v. Hagos, No. CV 03-02182 MMM (RNBx),
   2005 WL 5956612 (C.D. Cal. Feb. 16, 2005) ................................................. 5

Rice v. Fox Broad. Co.,
   330 F.3d 1170 (9th Cir. 2003) ............................................................... 4, 5

Three Boys Music Corp. v. Bolton,
   212 F.3d 477 (9th Cir. 2000) ................................................................. 4, 5

U.S. v. Cordoba,
   194 F.3d 1053 (9th Cir. 1999) ............................................................... 5, 6

Westfield Ins. Co. v. Harris,
   134 F.3d 608 (4th Cir. 1998) ....................................................................... 6

**Statutes**

Fed. R. Evid. 702 ........................................................................................ 2, 5, 6

Defendant and Counterclaimant Mattel, Inc. ("Mattel") hereby responds to MGA Parties' Motion *in Limine* No. 11 to Strike the Expert Rebuttal Report of Robert C. Lind.

### **Preliminary Statement**

MGA incongruously argues that Professor Lind's opinions concerning copyright law and the "intrinsic test" are not the proper subject of expert testimony, while at the same time seeking to admit the opinions of its own purported expert, Peter S. Menell, on the same subject. Similarly, MGA argues that Lind is not a "doll expert" because he is a copyright law professor, but seeks to admit the opinions of Menell -- another copyright law professor -- on the subject of doll design and doll design history. MGA cannot eat its cake and have it too. The alleged infirmities MGA assigns to Professor Lind's report fully pervade Menell's report.

Indeed, in contrast to Menell's report, which inexplicably explains Second Circuit law and then supplies ultimate conclusions, Professor Lind's testimony would be helpful to the jury because he walks through the process of conducting a copyright infringement analysis under Ninth Circuit law, and in particular the extrinsic test. The application of the extrinsic test to a non-linear work intended to be seen simultaneously (as opposed to a book or movie whose elements are seen sequentially) is difficult and, as the Ninth Circuit has noted, can be the subject of expert testimony.

Professor Lind's opinions are not offered for the purpose of instructing the jury on what the law is -- clearly that is the sole province of the Court -- but to demonstrate how to compare elements of artistic expression in the context of the "extrinsic test" as part of substantial similarity analysis. Because any explanation of these principles in a vacuum would be unintelligible, Professor Lind's report perforce addresses the cases setting forth the legal elements of the Ninth Circuit infringement analysis so that he can explain to persons who are not copyright law professors how those elements are properly applied. That is well within Professor Lind's scope of

expertise, based on his 27 years of teaching copyright law, and -- at least if Menell's testimony is admitted -- is a proper subject for expert testimony.

MGA's argument that Professor Lind's report should be stricken because he is not an expert on dolls is nonsensical. Professor Lind is not offered as an expert in doll design, but as an expert on how to compare elements of expression in visual works. For purposes of such an analysis, it makes no difference whether dolls or any other visual works are being compared. Professor Lind properly relies on the reports of others who are experts on dolls, which is specifically permitted by Rule 703 and the case law. MGA's criticism on this score is particularly nonsensical given Menell's extensive reliance on others' reports.

Bizarrely, MGA also seeks to strike Professor Lind's opinion that Carter Bryant's drawings qualify for copyright protection by agreeing that Bryant's drawings "qualify for copyright protection." MGA improperly ignores that Professor Lind's explanation is merely a predicate to his opinion concerning the scope of protection that Bryant's drawings merit -- an issue that is hotly disputed.

## Argument

### I. IF MGA IS PERMITTED TO PRESENT EXPERT EVIDENCE RELATED TO COPYRIGHT LAW AND THE "INTRINSIC TEST," MATTEL MUST BE ALLOWED TO REBUT MGA'S CLAIMS THROUGH ITS OWN EXPERT REPORT

Mattel agrees with MGA that matters of law are ordinarily not the proper subject of expert testimony.[1] Mattel also agrees that "[i]t is the Court's distinct and exclusive province to instruct the jury on the applicable copyright law."[2] For these reasons, the "Copyright Tutorial" and "Copyright Infringement Analysis" sections of

---

[1] Motion at 2-3.
[2] Motion at 3:8-13.

Menell's Report -- which, as their titles indicate, address almost exclusively matters of copyright law -- must be stricken in their entirety.[3]

However, if MGA is improperly permitted to introduce Menell's opinions on copyright law and its application to the facts here into evidence, Mattel must be allowed to rebut his improper legal arguments and conclusions. Menell attempts to usurp the role of the jury. For example, he compares Bryant's BRATZ drawings to MGA's BRATZ dolls as a whole and opines that:

Professor Lind's report merely responds to Menell's inappropriate and incorrect claims, without purporting to decide the case for the jury as Menell does.

MGA must not be allowed to take the inconsistent position that Menell's report should be allowed into evidence while Lind's report is stricken. Indeed, even if Menell is precluded, as he should be, Lind should be permitted to testify.

---

[3] See Mattel's Motion in Limine No. 12 to Exclude the Testimony of Peter S. Menell, at 4-6.

[4] Expert Report of Peter S. Menell ("Menell Report") ¶ 65, attached as Exhibit 69 to Volume 5 of the Declaration of B. Dylan Proctor in support of Mattel's Motions in Limine Nos. 1-13, dated April 14, 2008 ("Proctor Dec."), attached as Exhibit 6 to the concurrently filed Notice of Lodging.

[5] Menell Report ¶ 66.

## II. IN CONTRAST TO MENELL, PROFESSOR LIND'S OPINIONS ARE ADMISSIBLE BECAUSE THEY ARE RELIABLE AND WOULD BE HELPFUL TO THE JURY

MGA's criticism of Professor Lind that he relied on "mainly Ninth Circuit decisions"[6] is nothing short of bizarre. This case was filed in the Ninth Circuit and is governed by its law, <u>not</u> the Second Circuit law relied upon by Menell. Accordingly, Professor Lind's opinions are based on correct law, and unlike those of Menell are reliable.[7]

Further, Professor Lind's testimony would be helpful to the jury because he explains how to analyze copyright infringement under Ninth Circuit law. For example, he explains the nature of the "extrinsic" test and how to compare specific elements of expression.[8] This can be a proper subject for expert testimony. <u>See</u>, <u>e.g.</u>, <u>Rice v. Fox Broad. Co.</u>, 330 F.3d 1170, 1179 (9th Cir. 2003) ("we have recognized that the extrinsic test often requires analytical dissection of a work and expert testimony"); <u>Three Boys Music Corp. v. Bolton</u>, 212 F.3d 477, 485 (9th Cir. 2000) (similar).

Professor Lind's opinions are not offered for the purpose of instructing the jury on what the law is. He merely explains how one goes about applying the extrinsic test with respect to visual works, identifying elements such as the type of artwork involved, materials used, subject matter, setting for the subject, shapes, colors, and arrangement of the representations.[9] Because the extrinsic test is far more nuanced when applied to non-linear works, such as drawings or dolls, as opposed to

---

[6] Motion at 2:27-3:3

[7] <u>See</u> <u>generally</u> Expert Rebuttal Report of Robert C. Lind ("Lind Report"), attached as Exhibit 84 to the concurrently filed Declaration of Tamar Buchakjian; <u>see</u> <u>also</u> Mattel Motion <i>in Limine</i> No. 12.

[8] Lind Report at 10-12.

[9] Lind Report at 13-14.

linear works (*e.g.*, scripts or books) to which analytic dissection was initially applied, expert testimony is particularly appropriate here. Unlike Menell, who improperly opines on the ultimate issue (*i.e.*, that the dolls do not infringe the drawings), Professor Lind merely explains how elements of expression in visual works can be factored into the analysis.[10]

Because any explanation of the "extrinsic test" in a vacuum would be unintelligible, Professor Lind's report perforce addresses the cases setting forth the legal elements of the Ninth Circuit copyright infringement test, so that he can explain to persons who are not copyright law professors how those elements are properly applied.[11] That is well within Professor Lind's scope of expertise, based on his 27 years of teaching copyright law. See, e.g., United States v. Cordoba, 194 F.3d 1053, 1060 (9th Cir. 1999) (finding witness qualified based purely on his experience); Mesfun v. Hagos, No. CV 03-02182 MMM (RNBx), 2005 WL 5956612, at *4 (C.D. Cal. Feb. 16, 2005) (holding that experience is "one among the five different ways to demonstrate an expert is qualified"); see also Rule 702.

Professor Lind's testimony is clearly limited to the extrinsic test, which is a proper subject of expert opinion and specifically permitted under Ninth Circuit law. See, e.g., Rice, 330 F.3d at 1179; Three Boys Music, 212 F.3d at 485. Professor Lind does not offer any opinion with respect to the "intrinsic test." Instead, he clearly states that the "intrinsic test" is reserved for the jury, and simply informs the reader of what the "intrinsic test" is, and that it is part of the Ninth Circuit copyright infringement analysis.[12]

---

[10] Lind Report at 10-14.
[11] Lind Report at 9-10.
[12] Lind Report at 14.

### III. PROFESSOR LIND IS QUALIFIED TO OFFER OPINIONS REGARDING THE EXTRINSIC TEST FOR VISUAL WORKS

MGA's argument that Professor Lind is not a "doll expert" is beside the point because Professor Lind is not offered as an expert in doll design. He is offered as an expert on how to apply the extrinsic test to visual works. For purposes of such an analysis, it makes no difference whether dolls or any other visual works are being compared. Professor Lind is qualified to offer an opinion on this subject based on his 27 years' experience teaching copyright law, skill, knowledge, and training in the area. See Fed. R. Evid. 702; see also Cordoba, 194 F.3d at 1060 (finding witness qualified based purely on his experience).

Professor Lind carefully notes that his references to the similarities between the BRATZ dolls and Carter Bryant's BRATZ drawings are based on "other expert reports on which I am relying."[13] Rule 703 permits experts to base their opinions, not only on data and direct observations, but also on the opinions and observations of others. See Advisory Committee Notes to Rule 703 (stating that experts may base their opinions on "reports and opinions" of other experts); see also Westfield Ins. Co. v. Harris, 134 F.3d 608, 612 (4th Cir. 1998) (reversing district court's decision "that it was improper for [expert] to give an opinion based on other expert reports"); Hynix Semiconductor Inc. v. Rambus Inc., No. CV-00-20905 RMW, 2008 WL 73681, at *2 (N.D. Cal. Jan. 5, 2008) (holding that "[f]acts or data" [relied upon by experts] may include other experts' reliable opinions").

### IV. AGREEING THAT PROFESSOR LIND'S OPINION IS CORRECT IS NOT PROPER GROUNDS FOR STRIKING HIS OPINION

Bizarrely, MGA's argument for striking Professor Lind's opinion on the basis that Carter Bryant's drawings "meet the requirements for copyright protection"

---

[13] Lind Report at 11.

is based on its admission that Bryant's drawings "qualify for copyright protection."[14] MGA's argument that Professor Lind's opinion on the drawings' "copyrightability" is not relevant because the opinion is not disputed ignores the obvious. The parties dispute the scope of protection to which Bryant's drawings are entitled, with MGA erroneously claiming they are entitled only to "thin" protection.[15] Professor Lind cannot testify regarding the scope of that protection without first explaining that the drawings are copyrightable.[16]

## Conclusion

For the foregoing reasons, Mattel respectfully requests that the Court deny in its entirety MGA's Motion *in Limine* No. 11.

DATED: April 28, 2008

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By John Quinn O.S.
John B. Quinn
Attorneys for Mattel, Inc.

---

[14] Motion at 4:16-18.
[15] See MGA Parties' Opposition to Mattel's Motion for Partial Summary Judgment, at 4:15-17, Buchakjian Dec. Exh. 85; see also Menell Report, at ¶¶ 15, 52, 66.
[16] MGA's claim that Professor Lind purportedly "offers no basis" for Carter Bryant's assignment of copyright to Mattel is incorrect. Professor Lind specifically cites to and relies on the Mattel Employee Confidential Information and Inventions Agreement, ¶ 2, which assigns any copyrights from products conceived or created by Bryant to Mattel. See Lind Report at 3.

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is Now Legal Service, 1301 W. 2nd Street, Suite 206, Los Angeles, CA 90026.

On April 28, 2008, I served true copies of the following document(s) described as **MATTEL, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* NO. 11 TO STRIKE THE EXPERT REBUTTAL REPORT OF ROBERT C. LIND**

on the parties in this action as follows:

Thomas J. Nolan
**Skadden, Arps, Slate, Meageher & Flom LLP**
300 South Grand Ave., Ste. 3400
Los Angeles, CA 90071

Mark E. Overland
David C. Scheper
Alexander H. Cote
**Overland Borenstein Scheper & Kim LLP**
601 West Fifth Street, 12th Floor
Los Angeles, CA 90017

John W. Keker, Esq.
Michael H. Page, Esq.
Christina M. Anderson, Esq.
**Keker & Van Nest, LLP**
710 Sansome Street
San Francisco, CA 94111

**BY PERSONAL SERVICE:** I delivered such envelope(s) by hand to the office of the person(s) being served.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on April 28, 2008, at Los Angeles, California.

NOW LEGAL -- Dave Quintana

07209/2442344.1