QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>MATTEL, INC.'S NOTICE OF MOTION AND MOTION OBJECTING TO PORTIONS OF DISCOVERY MASTER'S APRIL 14, 2008 ORDER GRANTING IN PART AND DENYING IN PART MATTEL, INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND THINGS BY MGA ENTERTAINMENT, INC.<br><br>Date: June 16, 2008<br>Time: 10:00 a.m.<br>Place: Courtroom 1<br><br>**Phase 1**<br>Pre-Trial Conference: May 19, 2008<br>Trial Date: May 27, 2008 |

-07209/2486431.1

Case No. CV 04-9049 SGL (RNBx)
MATTEL'S MOTION OBJECTING TO DISCOVERY MASTER'S APRIL 14, 2008 ORDER DENYING IN PART MATTEL'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY MGA

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on June 16, 2008, at 10:00 a.m., or as soon thereafter as counsel may be heard, in the Courtroom of The Honorable Stephen G. Larson, located at 3470 Twelfth Street, Riverside, California 92501, plaintiff and counter-defendant Mattel, Inc. ("Mattel") will, and hereby does, move the Court to overrule portions of the Discovery Master's April 14, 2008 Order Granting in Party and Denying in Part Mattel's Motion to Compel Production of Documents and Things by MGA Entertainment, Inc.; Denying Request for Sanctions.

This Motion is made pursuant to Federal Rule of Civil Procedure 72(a) on the grounds that the Discovery Master's Order was clearly erroneous in its ruling denying Mattel's motion to compel production as to Request Nos. 6, 15, 23 and 25.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Jon D. Corey filed concurrently herewith, and all other matters of which the Court may take judicial notice.

**Statement of Rule 37-1 Compliance**

Mattel met and conferred with MGA Entertainment, Inc. on the issues raised in this motion beginning on December 24, 2007 and times thereafter.

DATED: April 28, 2008        QUINN EMANUEL URQUHART OLIVER &
                             HEDGES, LLP


                             By  /s/ Jon D. Corey
                                Jon D. Corey
                                Attorneys for Mattel, Inc.

**Preliminary Statement**

Contradicting positions MGA espouses in this case, MGA has accused other toy companies of producing dolls that infringe the copyrights in Carter Bryant's Bratz drawings.  MGA has asserted in those suits (a) Bryant's Bratz drawings are original and protected by copyright; (b) that three-dimensional dolls infringe the copyrights in those two-dimensional drawings, and (c) that the allegedly infringing dolls are substantially similar to both Bryant's drawings and the Bratz dolls.  In this case, however, and in a complete about face, MGA argues that Bryant's Bratz drawings are not original or protectible, that three-dimensional dolls cannot infringe those two-dimensional drawings, and that even through competitors' dolls are substantially similar to the drawings *and the Bratz dolls*, Bryant's drawings and the Bratz dolls are not substantially similar.

To prove that these arguments are a contrivance for this case and to show that MGA is judicially estopped from making those arguments here, Mattel served its Third Set of Requests for Documents and Things to MGA (the "Third Requests"), seeking, among other things, documents from the cases in which MGA had taken the opposite position.  MGA refused to produce them.  The Discovery Master denied Mattel's motion to compel production of these documents even though Mattel, during the meet and confer process, agreed to reduce MGA's claimed "burden" to simply identifying the location of the court and pleading files from these cases (which would contain only non-privileged documents) so that Mattel could go to their locations and review these non-privileged documents.  The Discovery Master's decision to deny Mattel such unquestionably relevant and potentially determinative evidence is clear error and contrary to law.

Mattel moves this Court for an Order overruling the Discovery Master's April 14, 2008 Order regarding Mattel's Third Requests as to four specific requests only.  Request Nos. 6, 15, 23 and 25 seek documents relating to claims or

contentions by MGA that dolls or other products infringe Bratz or are confusingly similar to Bratz and court orders and judgments from other Bratz-related lawsuits. These requests are narrowly tailored to documents that are directly relevant to MGA's claims and defenses in this lawsuit. Accordingly, the Discovery Master's Order denying Mattel's motion to compel production of documents responsive to these requests should be overruled, and MGA should be ordered to produce responsive documents.

**Procedural History**

Mattel served its Third Set of Requests for Documents and Things to MGA Entertainment, Inc. (the "Third Requests") on October 24, 2007.[1] Mattel sought documents related to claims and contentions by MGA—in other lawsuits or otherwise—about what type of products MGA claims infringes the Bratz copyrights, including Bryant's drawings.[2]

MGA served its responses to the Third Requests on November 26, 2007.[3] In its initial responses, MGA objected to each requests and did not agree to produce any responsive documents. After meeting and conferring, MGA agreed to a limited production, but still would not agree to produce responsive documents relating to positions taken in other Bratz copyright infringement cases.

---

[1] Mattel, Inc.'s Third Set of Requests for Documents and Things to MGA Entertainment, Inc. dated October 24, 2007 ("Third Requests") (The Third Requests are attached as Exhibit 1 to the January 28, 2008 Declaration of Scott B. Kidman in Support of Mattel, Inc.'s Motion to Compel Production of and Things by MGA Entertainment, Inc. and for Award of Monetary Sanctions ("Kidman Dec."), a copy of is being concurrently lodged with the Court.)

[2] Id. at 11, 13, 14-15 (Request Nos. 6, 15, 23 and 25).

[3] MGA Entertainment, Inc.'s Objections and Responses to Mattel, Inc.'s Third Set of Requests for Production of Documents and Things, dated November 26, 2007 and Objections and Supplemental Responses to Mattel, Inc.'s Third Set of Requests for Production of Documents and Things, dated January 9, 2008 (Kidman Dec. Exs. 2, 4).

...

Mattel moved to compel. The Discovery Master issued an Order Granting in Part and Denying in Part Mattel's Motion on April 14, 2008.[4] The Discovery Master denied Mattel's motion to compel production of documents in response to Request Nos. 1-30 on the grounds that the requests are overbroad and unduly burdensome.[5] The Discovery Master found that "the burden and expense of responding to Request Nos. 1-30, which cover seven years worth of litigation from twenty-five separate lawsuits, far outweigh the likely benefit of the discovery."[6]

**Argument**

**I.   THE STANDARD OF REVIEW**

By Stipulation and Order appointing the Discovery Master in this case, the Discovery Master's ruling are treated like those of a Magistrate Judge. Such rulings should be overruled if they are "clearly erroneous or [] contrary to law." Fed. R. Civ. Proc. 72(a).

Mattel seeks an Order overruling the Discovery Master's denial of Mattel's motion to compel regarding the Third Requests as to four specific requests only. These requests are:

- **REQUEST NO. 6:** "All DOCUMENTS that REFER OR RELATE TO any claim or contention by YOU (other than in this ACTION) that any doll, product or other matter, whether in whole or in part, that has been sold, offered for sale,

---

[4] Discovery Master's April 14, 2008 Order Granting in Part and Denying in Part Mattel's Motion to Compel Production of Documents and Things by MGA Entertainment, Inc.; Denying Request for Sanctions ("April 14, 2008 Order") (Corey Dec. Ex. 1).

[5] Id. at 2.

[6] Id. at 3.

manufactured, distributed, promoted or advertised by any PERSON INFRINGES BRATZ."

- **REQUEST NO. 15:** "All pleadings and other DOCUMENTS filed, submitted or served by YOU in the BRATZ LAWSUITS that claim, allege or assert that the appearance or features of any doll or other product, whether in whole or in part, INFRINGES BRATZ."

- **REQUEST NO. 23:** "All Court orders, decisions and judgments in the BRATZ LAWSUITS."

- **REQUEST NO. 25:** "To the extent not produced in response to any other Request for Production, all DOCUMENTS in which YOU have claimed, alleged or stated, in words or substance, that any doll, product or other matter sold, offered for sale, manufactured, distributed, promoted or advertised by any PERSON infringes, dilutes or is confusingly similar to BRATZ."

## II. THE ORDER IS CLEARLY ERRONEOUS AND CONTRARY TO LAW IN DECLINING TO COMPEL MGA TO PRODUCE DOCUMENTS SHOWING THAT MGA HAS TAKEN AND PREVAILED ON POSITIONS CONTRARY TO THOSE IT ASSERTS HERE

### A. Documents Referring or Relating to Claims by MGA (in Lawsuits and Otherwise) That Other Dolls and Products Infringe Bratz

The Discovery Master's Order was clearly erroneous and contrary to law in denying Mattel's motion to compel documents responsive to Request Nos. 6, 15, 23 and 25. Request Nos. 6, 15 and 25 seek documents relating to claims or

1  contentions by MGA that other dolls or products infringe Bratz or are confusingly
2  similar to Bratz.  Request No. 23 seeks court orders, decisions and judgments from
3  other Bratz-related lawsuits to which MGA is or was a party.

4        Documents responsive to these four requests are directly relevant to
5  key issues in this lawsuit, including some of MGA's primary defenses to Mattel's
6  copyright infringement claim.  MGA has taken the position in this lawsuit that
7  Bryant Bratz drawings are not original or otherwise materially protectible under
8  copyright and that its three-dimensional Bratz dolls cannot infringe the two-
9  dimensional Bratz drawings created by Carter Bryant that Mattel claims it owns
10 pursuant to the Inventions Agreement.  MGA has also taken the position that the
11 Bratz dolls are not substantially similar to Mr. Bryant's Bratz drawings.[7]

12       To rebut those defenses, Mattel wishes to show that MGA has
13 repeatedly asserted—and successfully argued to courts—that other three-
14 dimensional dolls infringe the copyrights in Mr. Bryant's drawings.  In fact, Mattel
15 is aware of at least two instances in which MGA has done this.  In MGA
16 Entertainment, Inc. v. Multitoy, Inc., et al., Case No. CV04-2524 (C.D. Cal.), MGA

---

[7] See, e.g., MGA Parties' Mem. of Points and Auths. in Opp. to Mattel, Inc.'s Motion for Partial Summary Judgment (Corey Dec. Ex. 2), at 4 ("MGA Parties' experts show that when Bryant's sketches are filtered of their unprotectable elements, *little original expression remains and that expression is not duplicated in the Bratz dolls*"; "*Bryant's sketches are only entitled to 'thin' copyright protection . . . .*") (emphasis added); MGA Entertainment, Inc.'s Supplemental Responses to Mattel, Inc.'s Amended Fourth Set of Interrogatories, dated November 30, 2007 (Kidman Dec. Ex. 10), at 7, 9-12 (MGA's Supplemental Response to Interrogatory No. 42) ("[W]ith respect to Carter Bryant's drawings, MGA points out that *two-dimensional drawings do not translate into three-dimensional dolls* without original, creative effort.") (emphasis added); Expert Report of Peter S. Menell, dated February 11, 2008 (Corey Dec. Ex. 3); Expert Report of Mary Bergstein, dated February 11, 2008 (Corey Dec. Ex. 4); Expert Report of Debora Middleton, dated February 11, 2008 (Corey Dec. Ex. 5); Expert Report of Paul K. Meyer, dated February 11, 2008 (Corey Dec. Ex. 6), at 16.

1  asserted claims of copyright infringement against defendants for producing and
2  selling dolls that allegedly infringed the copyrights in Mr. Bryant's Bratz drawings.[8]
3  And, in litigation initiated by MGA in Hong Kong against Cityworld Ltd. and other
4  companies, MGA's CEO, Isaac Larian, submitted an affidavit confirming that MGA
5  was claiming that defendants' dolls "have infringed the 2 dimensional drawings
6  which are artistic works in which copyright subsists."[9]  The Bratz drawings at issue
7  in these other lawsuits are the very Bryant Bratz drawings that are at the heart of this
8  case.  Mattel is entitled to discover MGA's similarly inconsistent contentions in
9  other litigation.

10             Documents from other Bratz-related lawsuits are highly relevant here,
11 and the requested documents should be produced.  By successfully arguing to other
12 courts that Carter Bryant's drawings are protectable, that those drawings are
13 infringed by three-dimensional dolls and that other dolls are substantially similar to
14 those drawings *and the Bratz dolls*, MGA is judicially estopped from taking
15 inconsistent positions in this lawsuit.  See Hamilton v. State Farm Fire & Cas. Co.,
16 270 F.3d 778, 782 (9th Cir. 2001) ("Judicial estoppel is an equitable doctrine that
17 precludes a party from gaining an advantage by asserting one position, and then later
18 seeking an advantage by taking a clearly inconsistent position.").  As recognized by
19 the Ninth Circuit, "[t]he application of judicial estoppel is not limited to bar the
20 assertion of inconsistent positions in the same litigation, but is also appropriate to

---

[8] See Complaint filed by MGA in MGA Entertainment, Inc. v. Multitoy, Inc., et al., Case No. CV04-2524 CBM (CWx).  (A copy of the Multitoy, Inc. Complaint is attached as Exhibit B to the April 9, 2008 Supplemental Declaration of Jon D. Corey in Support of Mattel, Inc.'s Motion to Compel Production of Documents and Things by MGA Entertainment, Inc. and for Award of Monetary Sanctions("Supp'l Corey Dec."), a copy of which is being lodged concurrently herewith.)

[9] Affidavit of Isaac Larian from ABC Int'l Traders, Inc. d/b/a MGA Entertainment v. Toys & Trends (Hong Kong) Ltd., et al. matter in High Court of the Hong Kong Special Administrative Region (Supp'l Corey Dec. Ex. C), at ¶ 12.

bar litigants from making incompatible statements in two different cases." Id. at 783 (citing Rissetto v. Plumbers & Steamfitters Local 343, 94 F.3d 497, 605 (9th Cir. 1996)). To refute MGA's contrived defenses in this lawsuit, Mattel has every right to obtain discovery regarding MGA's positions regarding the Bryant drawings and Bratz dolls in other lawsuits—to show that MGA is judicially estopped from taking inconsistent positions in this lawsuit and also to impeach the current positions of MGA and its experts.

Each of the four requests as to which Mattel seeks relief are properly tailored to seek documents bearing on these issues. For example, Request Nos. 6, 15 and 25 seek documents relating to claims or contentions by MGA that dolls or other products infringe Bratz or are confusingly similar to Bratz. Request No. 23 seeks court orders, decisions and judgments from other Bratz-related lawsuits.[10] These documents are relevant to this lawsuit for the reasons identified above.

Moreover, prior court orders and decisions from other Bratz-related lawsuits are also relevant to another key issue in this case—the origins of Bratz. MGA has admitted that issues relating to the origins of Bratz have been previously litigated in lawsuits between MGA and alleged infringers and counterfeiters, and obtaining discovery regarding those court orders and decisions from those cases is reasonably calculated to lead to the discovery of admissible evidence on that issue.[11]

Documents responsive to the Request Nos. 6, 15, 23 and 25 are directly relevant to rebutting and impeaching MGA's current litigation positions and its experts' claims on these issues in this case. Mattel is plainly entitled to discover

---

[10] Mattel specifically defined "Bratz Lawsuits" in the Third Requests and identified twenty-five lawsuits that Mattel believes may be Bratz-related lawsuits, though there are likely others of which Mattel is unaware.

[11] See MGA Entertainment, Inc.'s Opposition to Mattel, Inc.'s Motion to Compel Production of Documents and Interrogatory Answers, dated February 20, 2007 (Kidman Dec. Ex. 8), at 25.

07209/2486431.1

-7-   Case No. CV 04-9049 SGL (RNBx)
MATTEL'S MOTION OBJECTING TO DISCOVERY MASTER'S APRIL 14, 2008 ORDER DENYING IN PART MATTEL'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY MGA

other instances in which MGA has made statements and representations to courts or other parties that are inconsistent with its current positions in this lawsuit that the Bratz dolls cannot infringe Carter Bryant's two-dimensional Bratz drawings and that the dolls are not substantially similar to those drawings.

The Discovery Master denied Mattel's motion to compel production of these documents in large part because he found that "the burden and expense of responding to [these requests] . . . far outweigh the likely benefit of the discovery."[12] But that finding is unsupportable on the record.  Mattel sought to limit any burden on MGA by asking that MGA merely identifying the location of responsive non-privileged files from other Bratz-related lawsuits.[13]  MGA refused, showing that MGA's unsubstantiated claims of undue burden as to the requests are nothing more than an effort to avoid its discovery obligations.

In fact, there was no legal or evidentiary basis for the conclusion of undue burden as to the requests at issue here.  As the Discovery Master has previously held in this case, the party claiming undue burden is required to prove it.[14]  This is consistent with well-settled law.  See Oakes v. Halvorsen Marine Ltd., 179 F.R.D. 281, 283 (C.D. Cal. 1998) ("The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections."); U.S. v. Uptergrove, 2008 WL 652119, *6 (E.D. Cal. 2008) (same); Cram v. Electronic Data Systems Corp., 2007 WL 4365516, *2 (S.D. Cal. 2007) (same); see also Rivera v. NIBCO, Inc., 364

---

[12]   Discovery Master's April 14, 2008 Order (Corey Dec. Ex. 1), at 3.

[13]   April 9, 2008 Letter from Jon Corey to Amy Park (Supp'l Corey Dec. Ex. A), at 2.

[14]   See, e.g., Order Granting Mattel's Motion To Compel Production Of Documents And Interrogatory Responses By MGA, dated May 16, 2007 at 12-13, ("Nor has MGA carried its burden of establishing that the interrogatory is unduly burdensome . . . ").

F.3d 1057, 1063 (9th Cir. 2004) (holding that it is burden of party seeking protective order to "demonstrat[e] harm or prejudice that will result from the discovery"). None of MGA's declarations below demonstrated that compliance with these four requests would be unduly burdensome, and certainly not with respect to Mattel's proposal whereby all MGA would have to do is identify the location of responsive files from other Bratz-related lawsuits. Request Nos. 6, 15, 23 and 25 are not unduly burdensome, especially relative to Mattel's need for this significant evidence to refute MGA's own arguments about key copyrighted works at issue in this case.

        The Discovery Master's Order denying Mattel's motion to compel production of these documents accordingly should be overruled.

## Conclusion

        For the foregoing reasons, Mattel, Inc. respectfully requests that the Court enter an Order overruling the Discovery Master's April 14, 2008 Order as to Request Nos. 6, 15, 23 and 25 of Mattel's Third Requests and compelling MGA Entertainment, Inc. to produce documents responsive to those requests.

DATED:  April 28, 2008        QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

        By  /s/ Jon D. Corey
          Jon D. Corey
          Attorneys for Mattel, Inc.

07209/2486431.1

-9-    Case No. CV 04-9049 SGL (RNBx)
MATTEL'S MOTION OBJECTING TO DISCOVERY MASTER'S APRIL 14, 2008 ORDER DENYING IN PART MATTEL'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY MGA