QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>[PUBLIC REDACTED] DECLARATION OF JON D. COREY IN SUPPORT OF MATTEL, INC.'S MOTION OBJECTING TO PORTIONS OF DISCOVERY MASTER'S APRIL 14, 2008 ORDER GRANTING IN PART AND DENYING IN PART MATTEL, INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND THINGS BY MGA ENTERTAINMENT, INC.<br><br>Date: June 16, 2008<br>Time: 10:00 a.m.<br>Place: Courtroom 1<br><br>**Phase 1**<br>Pre-Trial Conference: May 19, 2008<br>Trial Date: May 27, 2008 |

07209/2486433.1

1    I, Jon D. Corey, declare as follows:

2        1.    I am a member of the bar of the State of California and a partner

3    at Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for Mattel, Inc.

4    ("Mattel").  I make this declaration of personal, firsthand knowledge and, if called

5    and sworn as a witness, I could and would testify competently thereto.

6        2.    Attached as Exhibit 1 is a true and correct copy of the Discovery

7    Master's April 14, 2008 Order Granting in Part and Denying in Part Mattel's Motion

8    to Compel Production of Documents and Things by MGA Entertainment, Inc.;

9    Denying Request for Sanctions.

10        3.    Attached as Exhibit 2 is a true and correct copy of excerpts of the

11   MGA Parties' Memorandum of Points and Authorities in Opposition to Mattel, Inc.'s

12   Motion for Partial Summary Judgment, dated March 24, 2008.  This document was

13   filed under seal by the MGA Parties.

14        4.    Attached as Exhibit 3 is a true and correct copy of the Expert

15   Report of Peter S. Menell, dated February 11, 2008.  This report is marked

16   "Confidential – Attorneys Eyes Only."

17        5.    Attached as Exhibit 4 is a true and correct copy of the Expert

18   Report of Mary Bergstein, dated February 11, 2008.  This report is marked

19   "Confidential – Attorneys Eyes Only."

20        6.    Attached as Exhibit 5 is a true and correct copy of the Expert

21   Report of Debora Middleton, dated February 11, 2008.  This report is marked

22   "Confidential – Attorneys Eyes Only."

23        7.    Attached as Exhibit 6 is a true and correct copy of excerpts of the

24   Expert Report of Paul K. Meyer, dated February 11, 2008.  This report is marked

25

26

27

28

07209/2486433.1

-1-

1 | "Confidential – Attorneys' Eyes Only."

2 |       I declare under penalty of perjury under the laws of the United States of

3 | America that the foregoing is true and correct.

4 |       Executed this 28th day of April, 2008, at Los Angeles, California.

5 |

6 |

7 | Jon D. Corey

8 |

9 |

10 |

DECLARATION OF JON D. COREY IN SUPPORT OF MATTEL, INC.'S MOTION OBJECTING TO PORTIONS OF DISCOVERY MASTER'S APRIL 14, 2008 ORDER

EXHIBIT 1

1   Hon. Edward A. Infante (Ret.)
    JAMS
2   Two Embarcadero Center
    Suite 1500
3   San Francisco, California 94111
    Telephone:   (415) 774-2611
4   Facsimile:   (415) 982-5287

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10                        EASTERN DIVISION

11

12  CARTER BRYANT, an individual,            CASE NO. CV 04-09049 SGL (RNBx)
                                             JAMS Reference No. 1100049530
13           Plaintiff,

14       v.                                  Consolidated with
                                             Case No. CV 04-09059
15  MATTEL, INC., a Delaware corporation,    Case No. CV 05-2727

16           Defendant.                      **ORDER GRANTING IN PART AND
                                             DENYING IN PART MATTEL'S
17                                           MOTION TO COMPEL PRODUCTION
                                             OF DOCUMENTS AND THINGS BY
18                                           MGA ENTERTAINMENT, INC.;
                                             DENYING REQUEST FOR
19                                           SANCTIONS**

20  CONSOLIDATED WITH
    MATTEL, INC. v. BRYANT and
21  MGA ENTERTAINMENT, INC. v. MATTEL,
    INC.
22

23

24                          I. INTRODUCTION

25       On January 28, 2008, Mattel, Inc. ("Mattel") submitted a Motion to Compel Production of

26  Documents and Things by MGA Entertainment, Inc. ("MGA") and for Award of Monetary

27                                           EXHIBIT ___1___

28                                           PAGE ___3___                    1
    Bryant v. Mattel, Inc.,
    CV-04-09049 SGL (RNBx)

1    Sanctions.  Specifically, Mattel seeks an order compelling MGA to produce documents and things

2    responsive to Request Nos. 1-88 of Mattel's Third Set of Requests for Documents and Things, as

3    well as a complete privilege log identifying any documents responsive to these Requests that have

4    been withheld on privilege grounds.  On February 7, 2008, MGA submitted an opposition, and on

5    February 14, 2008, Mattel submitted a reply.  On April 9, 2008, Mattel submitted the

6    Supplemental Declaration of Jon D. Corey, and the next day MGA submitted the Supplemental

7    Declaration of Bernard Shek.  The motion was heard on April 11, 2008.

8                                    II. DISCUSSION

9           Rule 26 of the Federal  Rules of Civil Procedure provides that "[p]arties may obtain

10   discovery regarding any matter, not privileged, that is relevant to the claim or defense of any

11   party."  Fed.R.Civ.P. 26(b)(1).  The court shall, however, limit the frequency or extent of use of

12   the discovery methods if the court determines that (i) the discovery sought is unreasonably

13   cumulative or duplicative, or is obtainable from some other source that is more convenient, less

14   burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by

15   discovery in the action to obtain the information sought; or (iii) the burden or expense of the

16   proposed discovery outweighs its likely benefit, taking into account the needs of the case, the

17   amount in controversy, the parties' resources, the importance of the issues at stake in the

18   litigation, and the importance of the proposed discovery in resolving the issues.  Fed.R.Civ.P.

19   26(b)(2)(C).

20   A.  Documents and Things Related to Other Bratz-Related Lawsuits and Claims by MGA That

21   Other Dolls or Products Infringe Bratz (Request Nos. 1-30)

22          In Request Nos. 1-30, Mattel asks for documents and things relating to MGA's assertion of

23   rights relating to Bratz and to twenty-five different litigations that Mattel defines as the "BRATZ

24   LAWSUITS."  These requests are grossly overbroad and unduly burdensome.  The mere fact that

25   Bratz was the subject of separate and unrelated litigation between MGA (and its affiliates) and

26   various third parties does not render every pleading, discovery response, order, exhibit, transcript

27

28

EXHIBIT _____1_____

PAGE ____4_____

1    or other document or thing relating to these twenty-five different litigations relevant to this

2    litigation. Mattel has made no attempt to narrow these requests to the claims and defenses in this

3    case. For example, Request No. 6 seeks "[a]ll DOCUMENTS that REFER OR RELATE TO any

4    claim or contention by YOU (other than in this ACTION) that any doll, product or other matter,

5    whether in whole or in part, that has been sold, offered for sale, manufactured, distributed,

6    promoted or advertised by any PERSON INFRINGES BRATZ." Kidman Decl., Ex. 1. The

7    phrase "REFER OR RELATE" is defined expansively to mean "constituting, embodying,

8    containing, referring to, commenting on, evidencing, regarding, discussing, describing,

9    mentioning, reflecting, expressing, pertaining to, concerning, supporting, contradicting, negating,

10   revoking or otherwise relating to in any manner." Id. As another example, Request No. 20 seeks

11   "[a]ll DOCUMENTS produced or made available for inspection by YOU in the BRATZ

12   LAWSUITS." Kidman Decl., Ex. 1. Mattel has not demonstrated how all of these requested

13   documents could be relevant to the claims and defenses in this case.

14        Further, to the extent Request Nos. 1-30 encompass relevant documents and things, the

15   requests are unreasonably cumulative of other discovery Mattel has sought and received from

16   MGA. According to MGA's calculations, MGA has produced more than 20,000 pages of

17   documents relating to more than a dozen other lawsuits, including numerous sworn statements

18   and testimony. Moreover, the burden and expense of responding to Request Nos. 1-30, which

19   cover seven years worth of litigation from twenty-five separate lawsuits, far outweigh the likely

20   benefit of the discovery, particularly in light of the production of documents MGA has already

21   made. Accordingly, Mattel's motion is denied as to Request Nos. 1-30.

22   B. Documents Relating to Any Use or Considered Use of the Term "Jade" (Request No. 31)

23        In Request No. 31, Mattel seeks documents related to the use or considered use of the term

24   "Jade" in connection with any MGA doll or product. In its supplemental response, MGA agrees

25   to produce non-privileged documents in its possession, custody or control, if any, that it is able to

26   locate following a reasonably diligent search, that were created prior to January 1, 2001 and refer

27

28

EXHIBIT _____ 1 _____

PAGE _____ 5 _____

3

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

or relate to the use, or considered, proposed or potential use, of the term "Jade" in connection with any MGA doll, product or other matter. The parties' most recent submissions indicate that Mattel is prepared to limit the time frame for its request through September 30, 2001, whereas MGA proposes through June 30, 2001.

Mattel's motion to compel production of documents responsive to Request No. 31 is granted with respect to the period through June 30, 2001. Bratz was released to the market sometime in June 2001, and thus MGA's proposed time frame is reasonably tailored to include documents relevant to the creation and development of Bratz. To the extent Mattel seeks documents beyond what MGA agrees to produce, Mattel's motion is denied. The burden and expense of requiring MGA to conduct another search for responsive documents at this stage in the litigation far outweigh the likely benefit of the discovery, taking into consideration all of the factors set forth in Rule 26(b)(2)(C), Fed.R.Civ.P.

C. Documents and Things Related to Sandra Bilotto, the "Prayer Angels" (Request Nos. 32-41)

In Request Nos. 32-41, Mattel seeks documents and things related to Sandra Bilotto, a former Mattel vendor and the sculptor of MGA's "Prayer Angels" dolls. In its supplemental responses, MGA agrees to produce documents requested in Nos. 35, 37, 39 and 41, limited to the period prior to January 1, 2001. MGA objects to producing any additional documents responsive to this category of requests.

The parties' most recent submissions indicate that Mattel agrees to defer its motion to compel as to Request Nos. 32, 33, 36 and 38 in light of the stay on Phase 2 discovery, and to withdraw its motion as to Request Nos. 34, 35, 37 and 39 based upon MGA's representations regarding the completeness of its document production.[1] Further, Mattel agrees to limit Request

---

[1] Although Mattel agrees to withdraw its motion as to Request Nos. 34, 35, 37 and 39, Mattel requests that MGA update its supplemental responses to these requests to reflect what documents MGA has produced. Mattel's request is granted. MGA shall serve supplemental responses to these requests no later than April 30, 2008.

EXHIBIT ___1___

PAGE ___6___

1 | Nos. 40 and 41 to documents through September 30, 2001.  In contrast, MGA proposes limiting

2 | Request Nos. 40 and 41 to documents through June 30, 2001.

3 |      Mattel's motion to compel production of documents responsive to Request Nos. 40 and 41

4 | is granted consistent with MGA's proposal.  To the extent Mattel seeks documents beyond what

5 | MGA agrees to produce, Mattel's motion is denied on the grounds that the discovery is overly

6 | broad and unduly burdensome, taking into consideration all of the factors set forth in Rule

7 | 26(b)(2)(C), Fed.R.Civ.P.

8 | D. MGA's Communications With and Payments to Paula Garcia (Request Nos. 42, 76, 77)

9 |      In Request Nos. 42, 76 and 77, Mattel seeks communications between Isaac Larian and

10 | Paula Garcia, and documents regarding MGA's payments to Ms. Garcia.  Ms. Garcia was MGA's

11 | Bratz project manager.  Prior to her employment with MGA, Ms. Garcia was employed by Mattel.

12 |      The parties' most recent submissions indicate that Mattel agrees to narrow Request No. 42

13 | to communications through September 30, 2001.  In contrast, MGA proposes limiting Request

14 | No. 42 to communications between Mr. Larian and Ms. Garcia that refer or relate to Carter Bryant

15 | or Bratz through June 30, 2001.

16 |      Mattel's motion to compel production of documents responsive to Request No. 42 is

17 | granted consistent with MGA's proposal.  To the extent Mattel seeks additional communications

18 | beyond what MGA agrees to produce, Mattel's motion is denied because the discovery sought is

19 | overbroad, unduly burdensome, and cumulative of other Phase 1 discovery Mattel has previously

20 | sought and received.  See Temkin Decl., ¶3.

21 |      With respect to Request Nos. 76-77, Mattel's recent submission indicates that Mattel is

22 | willing to withdraw its motion if MGA represents that it has produced and can identify documents

23 | that show the total amount of payments made to Ms. Garcia.  MGA provides the requested

24 | representation and identification of documents in its April 10, 2008 submission.  During the April

25 | 11, 2008 hearing, however, it was apparent that these requests remained at issue.

26 |

27 |

28 |

EXHIBIT ____1____

PAGE ____7____

5

1    Mattel's motion is denied as to Request Nos. 76-77 because MGA has already produced

2    documents sufficient to show what payments MGA has made to Ms. Garcia.  See Supp. Shek

3    Decl., Ex. at p.6.  Furthermore, although the requests encompass relevant documents, the requests

4    are overbroad and unduly burdensome, taking into consideration all of the factors set forth in Rule

5    26(b)(2)(C), Fed.R.Civ.P.

6    E. Documents Relating to the Development of Scooter Samantha (Request Nos. 43-55)

7    In Request Nos. 43-55, Mattel seeks documents and things related to the conception,

8    design and development of MGA's Scooter Samantha products.  Mattel's motion is denied as to

9    these requests because they relate primarily to Phase 2 of this case, and discovery relating to

10    Phase 2 has been stayed.  Mattel's reasons for seeking such discovery in Phase 1 are twofold:  to

11    develop evidence to challenge MGA's product development timeline for Bratz and to impeach

12    Ms. Garcia's credibility.  Mattel's stated reasons do not justify the substantial breadth and burden

13    of the requested discovery, taking into consideration all of the factors set forth in Rule

14    26(b)(2)(C), Fed.R.Civ.P.

15    F. Documents Relating to the Development of Scot Reyes and the Development of Space Babes

16    (Request Nos. 56-75)

17    In Request Nos. 56-75, Mattel seeks documents and things related to the conception,

18    design and development of Space Babes and to Scot Reyes, a former Mattel employee.  Mattel's

19    most recent submission indicates that Mattel agrees to defer its motion to compel as to Request

20    Nos. 56-75 in light of the stay on Phase 2 discovery.

21    G. Personnel and Vendor Files (Request Nos. 78-88)

22    In Request Nos. 78-88, Mattel seeks all personnel and vendor files for more than 120

23    individuals.  In its supplemental responses, MGA agrees to produce non-privileged documents

24    from the personnel and vendor files of the individuals identified in Request Nos. 78-86 to the

25    extent such documents relate to work that the individuals performed relating to Bratz prior to

26

27

28

EXHIBIT ___1___

PAGE ___8___

6

1    January 1, 2001. MGA objects to producing any documents responsive to Request Nos. 87 and
2    88.

3        The parties' most recent submissions indicate that MGA proposes to produce documents
4    from the personnel and vendor files of the individuals identified in Request Nos. 78-86 that relate
5    to any work they performed on Bratz, Angel and Prayer Angel through June 30, 2001. Mattel
6    contends that it is entitled to all documents it has requested.

7        . Mattel's motion is granted as to Request Nos. 78-86 consistent with MGA's proposal. To
8    the extent Mattel seeks any additional documents responsive to Request Nos. 78-86, Mattel's
9    motion is denied pursuant to Rule 26(b)(2)(C), Fed.R.Civ.P.

10        Mattel's motion is also denied as to Request Nos. 87 and 88 (files for former Mattel
11   employees), because they relate primarily to Phase 2 issues. To the extent Request Nos. 87 and
12   88 include documents potentially relevant to Phase 1 issues, these requests are overbroad and
13   unduly burdensome, taking into consideration all of the factors set forth in Rule 26(b)(2)(C),
14   Fed.R.Civ.P.

15                                III. CONCLUSION

16        For the reasons set forth above, Mattel's motion to compel is granted as to Request Nos.
17   31, 40-42 and 78-86, only to the extent MGA agrees to produce responsive documents as
18   reflected in MGA's Supplemental Declaration of Bernard Shek dated April 10, 2008. MGA shall
19   produce documents and things in accordance with this order, as well as privilege log identifying
20   responsive documents withheld on the basis of privilege, no later than April 30, 2008. Further,
21   MGA shall serve supplemental responses to Request Nos. 34, 35, 37 and 39 no later than April
22   30, 2008.

23   Mattel's motion to compel is denied in all other respects. Mattel's request for sanctions is denied.

24        In view of the stay on Phase 2 discovery, this Order does not address the propriety of any
25   of Mattel's requests for purposes of Phase 2 discovery. Nothing in this Order is intended to

26

27                                          EXHIBIT _____1_____
28
     Bryant v. Mattel, Inc.,                 PAGE ____9____                        7
     CV-04-09049 SGL (RNBx)

1    authorize or preclude Mattel from seeking further production of documents in response to Request

2    Nos. 1-88 during Phase 2 discovery.

3         Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery

4    Master, Mattel shall file this Order with the Clerk of Court forthwith.

6    Dated: April 14, 2008

                                          HON. EDWARD A. INFANTE (Ret.)
                                                  Discovery Master

EXHIBIT ___1___

PAGE ___10___

EXHIBIT 2

**THIS EXHIBIT IS FILED UNDER SEALED PURSUANT TO PROTECTIVE ORDER**

EXHIBIT 3

.

**THIS EXHIBIT IS FILED UNDER SEALED PURSUANT TO
PROTECTIVE ORDER**

EXHIBIT 4

**THIS EXHIBIT IS FILED UNDER SEALED PURSUANT TO PROTECTIVE ORDER**

EXHIBIT 5

**THIS EXHIBIT IS FILED UNDER SEALED PURSUANT TO PROTECTIVE ORDER**

**THIS EXHIBIT IS FILED UNDER SEALED PURSUANT TO PROTECTIVE ORDER**

EXHIBIT 6

**THIS EXHIBIT IS FILED UNDER SEALED PURSUANT TO PROTECTIVE ORDER**