QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   John B. Quinn (Bar No. 090378)
   johnquinn@quinnemanuel.com
   Michael T. Zeller (Bar No. 196417)
   (michaelzeller@quinnemanuel.com)
   Jon D. Corey (Bar No. 185066)
   (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727 |
| vs. | |
| MATTEL, INC., a Delaware corporation, | NOTICE OF MOTION AND MOTION OBJECTING TO PORTIONS OF DISCOVERY MASTER'S APRIL 11, 2008 ORDER GRANTING IN PART MGA'S MOTION TO COMPEL MATTEL TO PRODUCE A WITNESS PURSUANT TO NOTICE OF DEPOSITION UNDER RULE 30(b)(6) |
| Defendant. | |
| AND CONSOLIDATED ACTIONS | |
| | [Declaration of Michael T. Zeller and Notice of Lodging filed concurrently herewith] |
| | Date:    June 16, 2008<br>Time:    10:00 a.m.<br>Place:    Courtroom 1 |
| | **Phase 1**<br>Pre-Trial Conference:    May 5, 2008<br>Trial Date:    May 27, 2008 |

07209/2485387.6

Case No. CV 04-9049 SGL (RNBx)

MATTEL'S MOTION OBJECTING TO DISCOVERY MASTER'S APRIL 11, 2008 ORDER GRANTING MGA'S MOTION TO COMPEL ADDITIONAL RULE 30(b)(6) TESTIMONY

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on June 16, 2008, at 10:00 a.m., or as soon as counsel may be heard, in the Courtroom of The Honorable Stephen G. Larson, located at 3470 Twelfth Street, Riverside, California 92501, plaintiff and counter-defendant Mattel, Inc. ("Mattel") will, and hereby does, move the Court to overrule portions of the Discovery Master's April 11, 2008 Order Granting in Part and Denying in Part MGA's Motion to Compel Mattel to Produce Witnesses Pursuant to Notice of Deposition Under <u>Rule</u> 30(b)(6) (the "Order").

This Motion is made pursuant to <u>Federal Rules of Civil Procedure</u> 26(b), 30(a), 30(b)(6) and 72(a) on the grounds that the Discovery Master's Order was clearly erroneous and contrary to law because it allows MGA to take depositions in a manner contrary to the <u>Federal Rules</u> and this Court's prior Orders, and requires that Mattel submit to cumulative and duplicative 30(b)(6) depositions and would impose an undue burden on Mattel.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Michael T. Zeller and the Notice of Lodging filed concurrently herewith, and all other matters of which the Court may take judicial notice.

<u>**Statement of Rule 37-1 Compliance**</u>

The parties met and conferred regarding the issues raised in this motion on December 12 and 20, 2007, February 22, 2008, and April 23, 2008, and at times thereafter.

DATED:  April 28, 2008               QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP


By Michael T. Zeller /s/
   Michael T. Zeller
   Attorneys for Mattel, Inc.

-2-                    Case No. CV 04-9049 SGL (RNBx)

# **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................. 1

BACKGROUND ......................................................................................... 2

ARGUMENT ............................................................................................. 4

I.     STANDARD OF REVIEW .............................................................. 4

II.    THE FEDERAL RULES PERMIT A PARTY TO BE DEPOSED ONLY ONCE ABSENT LEAVE OF THE COURT ....................................... 5

    A.    MGA's Notice Contravened The "One Deposition Rule" .................. 5

    B.    MGA's Belated Attempt To Seek Leave For An Additional Deposition Was Improper And Should Have Been Denied .................. 6

III.   THE DISCOVERY MASTER'S ORDER WAS CLEARLY ERRONEOUS BECAUSE MGA FAILED TO PROVIDE ANY BASIS FOR A FINDING OF GOOD CAUSE ................................................. 8

    A.    The Order Impermissibly Requires Mattel To Submit To Cumulative And Duplicative Deposition By MGA ........................... 8

    B.    The Order Imposes An Undue Burden On Mattel ............................. 16

IV.   THE DISCOVERY MASTER'S ORDER CONTRAVENES THIS COURT'S ORDERS ....................................................................... 21

    A.    The Order Impermissibly Allows MGA To Depose Mattel on Topics That Have Been Stayed By This Court's Prior Orders ........... 21

    B.    The Order Impermissibly Allows MGA To Depose Mattel On Matters That Are Moot Under This Court's Partial Summary Judgment Ruling .................................................................. 22

CONCLUSION ...................................................................................... 23

07209/2485387.6

-i-

Case No. CV 04-9049 SGL (RNBx)

MATTEL'S MOTION OBJECTING TO DISCOVERY MASTER'S APRIL 11, 2008 ORDER GRANTING MGA'S MOTION TO COMPEL ADDITIONAL RULE 30(b0(6) TESTIMONY

1

# TABLE OF AUTHORITIES

2

**Page**

3

## Cases

4

Ameristar Jet Charter, Inc. v. Signal Composites, Inc.,
  244 F.3d 189 (1st Cir. 2001) ................................................................ 5

5

6

CSX Transp., Inc. v. Vela,
  2007 WL 3334966 (S.D. Ind. 2007) ..................................................... 8

7

Cummings v. General Motors Corp.,
  2002 WL 32713320 (W.D. Okla. 2002) ................................................ 8

8

9

Innomed Labs, LLC v. Alza Corp.,
  211 F.R.D. 237 (S.D.N.Y. 2002) ......................................................... 7

10

Omni Home Financing, Inc. v. Hartford Life & Annuity Ins. Co.,
  2008 WL 66562 (S.D. Cal. 2008) ........................................................ 16

11

12

Provide Commerce, Inc. v. Preferred Commerce, Inc.,
  2008 WL 360588 (S.D. Fla. 2008) ....................................................... 5

13

14

Static Control Components, Inc. v. Lexmark Intern., Inc.,
  2006 WL 3256767 (E.D. Ky. 2006) ..................................................... 8

15

In re Sulfuric Acid Antitrust Litig.,
  230 F.R.D. 527, 2005 WL 1994105 (N.D. Ill. 2005) ...................... 5, 7

16

17

Thumin v. Bumble Bee Seafoods, Inc.,
  2001 WL 1164691 (S.D.N.Y. 2001) ..................................................... 17

18

19

Tingley Systems, Inc. v. HealthLink, Inc.,
  2007 WL 1365341 (M.D. Fla. 2007) ..................................................... 7

20

United States v. Int'l Bus. Machines,
  453 F. Supp. 692 (S.D.N.Y. 1978) ....................................................... 20

21

22

23

## Statutes

24

Fed. R. Civ. P.
  Rule 26 ............................................................................. 16, 18, 20
  Rule 26(b)(2)(C) ................................................................... 8, 16
  Rule 30 .......................................................................................... 16
  Rule 30(a)(1) ................................................................................. 5
  Rule 30(a)(2) .................................................................. 5, 6, 7, 16
  Rule 72(a) ....................................................................................... 4

25

26

27

28

-ii-                         Case No. CV 04-9049 SGL (RNBx)
MATTEL'S MOTION OBJECTING TO DISCOVERY MASTER'S APRIL 11, 2008 ORDER GRANTING MGA'S
MOTION TO COMPEL ADDITIONAL RULE 30(b)(6) TESTIMONY

1

## **Other Authorities**

2    7 Moore's Federal Practice § 30.05[1][c] (3d ed. 2008) ........................................... 5

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

### **Preliminary Statement**

2      MGA has thoroughly deposed Mattel in this proceeding, pursuant to

3  two prior <u>Rule</u> 30(b)(6) notices.  Nevertheless, the Discovery Master recently

4  ordered Mattel to submit to an additional round of depositions on twenty-two topics

5  in a third notice.  That Order was clearly erroneous and contrary to law.

6      First, the Order is contrary to law because it permitted MGA to

7  circumvent the clear directives of the <u>Federal Rules</u> mandating that a party seek

8  leave of the court before noticing additional depositions.  MGA's abusive tactics

9  cannot be justified after-the-fact, and the Order should be reversed.

10     Second, the Order is clearly erroneous and contrary to law because it

11 requires Mattel to submit to deposition on exactly the same topics on which MGA

12 has already taken Mattel's deposition.  Such cumulative and duplicative discovery is

13 not permitted, and the Order should be reversed.

14     Third, the Order is clearly erroneous and contrary to law because

15 compliance would impose upon Mattel a significant burden to adequately prepare

16 knowledgeable witnesses on MGA's topics.  That cannot be justified here, and the

17 Order should be reversed.

18     Fourth, the Order is clearly erroneous and contrary to law because it

19 impermissibly allows MGA to seek discovery on matters that have no bearing on the

20 claims and defenses at issue in Phase 1 of this litigation.  The Order thus

21 contravenes this Court's stay of Phase 2 discovery, and should be reversed.

22     Finally, the Order is clearly erroneous and contrary to law because it

23 impermissibly allows MGA to seek discovery on matters that have been resolved in

24 Mattel's favor by the Court's summary judgment ruling.  Those issues are moot, and

25 allowing further discovery under the Order would be needless and in contravention

26 of this Court's holdings.  The Order should be reversed.

27

28

MATTEL'S MOTION OBJECTING TO DISCOVERY MASTER'S APRIL 11, 2008 ORDER GRANTING MGA'S
MOTION TO COMPEL ADDITIONAL <u>RULE</u> 30(b0(6) TESTIMONY

**<u>Background</u>**

<u>MGA Deposed Mattel's Witnesses Pursuant to Bryant's First and Second Rule 30(b)(6) Notices</u>.  Mattel has been thoroughly deposed by MGA.  In addition to the scores of individual Mattel employee depositions, Bryant served two <u>Rule</u> (30)(b)(6) notices on Mattel, setting forth 65 topics of examination.[1]  Pursuant to those two notices, MGA and Bryant had, at time of MGA's notice, already deposed 14 Mattel corporate designees for a total of 18 days on some 65 topics at the heart of this litigation.[2]  Those depositions constitute 3,339 pages of transcripts.[3]  Of those 18 days of deposition, *MGA took 13.5 days of testimony*; Carter Bryant took 4.5 days of testimony.[4]  During those depositions, Mattel expressly stated to MGA that it could not later seek to depose Mattel again on those same topics simply by issuing its own 30(b)(6) notice:

> Mr. Corey:  . . . I'd would also like to further note that the noticing party who is Carter Bryant is not taking this deposition.  It's entirely possible that Mr. Bryant may have questions for the witness on this topic and Mattel is operating under the assumption that to the extent that MGA Entertainment is proceeding with this deposition, it will not in the future propound a <u>Rule</u> 30(b)(6) notice on Mattel on this or similar topics as to which

---

[1]   <u>See</u> MGA & Bryant's Notices of Deposition of Plaintiff and Counter Defendant Mattel attached as Exhibit 4 to the Declaration of Jon D. Corey ("Corey Decl."), dated January 11, 2008, ¶ 5.  The Corey Declaration, originally submitted in support of Mattel's Opposition, has been lodged concurrently with Mattel's current Objections.

[2]   <u>See</u> Corey Decl. ¶ 5.

[3]   <u>See</u> Corey Decl. ¶ 7.

[4]   <u>See</u> Corey Decl. ¶ 6.  Since MGA submitted its motion to compel, it has deposed another Mattel designee for another full day of testimony.

MATTEL'S MOTION OBJECTING TO DISCOVERY MASTER'S APRIL 11, 2008 ORDER GRANTING MGA'S MOTION TO COMPEL ADDITIONAL <u>RULE</u> 30(b0(6) TESTIMONY

Mr. Kawashima or any other witness to whom MGA has previously deposed has testified.[5]

Thereafter, MGA did not seek to serve its own notice. Instead, over the course of the next ten months, MGA continued to take Mattel's deposition through nine separate corporate designees—all pursuant to "Bryant's" Rule 30(b)(6) notices.[6]

MGA's Notice of Deposition is the Third Rule 30(B)(6) Notice Served on Mattel. On September 5, 2007, MGA served a notice of deposition pursuant to Rule 30(b)(6) seeking to depose Mattel yet again. On September 19, 2007, Mattel objected to MGA's notice on the grounds that, among other deficiencies, it was served without seeking leave of the Court as required by Rule 30(a)(2).[7]

On December 21, 2007, MGA moved to compel Mattel's testimony pursuant to its previously served Rule 30(b)(6) notice. MGA's motion also sought, in the alternative, leave to serve the notice it had already served. On January 11, 2008, Mattel filed its opposition, arguing that MGA's notice was invalid and that its after-the-fact attempt to seek leave was not only invalid, but failed to provide any evidence constituting good cause. While Mattel's objections were pending, the parties were directed to further meet and confer to determine whether any agreement could be reached to narrow the scope of or lessen the number of pending motions before the Discovery Master. While the parties were able to reach agreement as to

---

[5]  Deposition Transcript of Fred Kawashima, at 6:12-22, Corey Decl., Ex. 29.

[6]  After being warned in January 2007 that it would not be able to propound its own duplicative Rule 30(b)(6) notice, MGA took the 30(b)(6) depositions of Lisa Freed (May 3, 2007), Sandy Yonemoto (May 30, 2007), Kislap Ongchangco (April 24, 2007), Joni Pratte (June 1, 2007), Julia Jensen (June 8, 2007), Rene Pasko (June 13, 2007), Rodney Palmer (June 26, 2007), Robert Hudnut (July 13, 2007), and Jill Nordquist (July 31, 2007).

[7]  See Mattel's Objections to MGA's Notice of Deposition of Mattel, Inc. Pursuant to Fed. R. Civ. Proc. 30(b)(6), Corey Decl., Ex. 3.

1  some of the noticed topics, there remained substantial disagreement as to the

2  appropriateness of the remaining topics.[8]

3           <u>Discovery Master's Order</u>.  On April 11, 2008, the Discovery Master

4  conducted a hearing on a number of pending discovery motions.  After a limited

5  discussion regarding MGA's notices, the Discovery Master granted MGA leave to

6  take depositions on the bulk of its proposed topics.[9]  Specifically, the Discovery

7  Master ordered Mattel to prepare witnesses on Topic Nos. 8, 9, 11-20, 24, 26, 28-30,

8  32, 39, 48, 58, 69 and 70 of MGA's Notice.  Further, as the Discovery Master's

9  Order mandated that Mattel comply by May 5, 2008, the parties have stipulated to a

10  stay of Mattel's obligations to comply with the Order pending the Court's

11  consideration of Mattel's Objections, and for an expedited hearing date of May 5,

12  2008.[10]

13                                              **<u>Argument</u>**

14  **I.      <u>STANDARD OF REVIEW</u>**

15           By the Stipulation and Order to appoint a Discovery Master in this

16  case, the Discovery Master's rulings are treated like those of a Magistrate Judge.

17  Such ruling should be overruled if they are "clearly erroneous" or "contrary to law."

18  <u>Fed. R. Civ. Proc.</u> 72(a).

19

20

21

22

23      [8]   Joint Report to the Discovery Master Regarding Pending Discovery Motions,

24  at 7-8, attached as Exhibit 1 to the concurrently filed Declaration of Michael T. Zeller ("Zeller Decl.").

25      [9]   <u>See</u> Order Granting in Part and Denying in Part MGA's Motion to Compel

26  Mattel to Produce Witnesses Pursuant to Notice of Deposition Under Rule 30(b)(6), dated April 11, 2008 ("Order"), Zeller Decl., Ex. 2.

27      [10]  <u>See</u> Stipulation Regarding Briefing Schedule on Objections to Discovery Master's Orders of April 11 and 22, 2008, dated April 25, 2008, Zeller Decl., Ex. 5.

28

## II.   **THE FEDERAL RULES PERMIT A PARTY TO BE DEPOSED ONLY ONCE ABSENT LEAVE OF THE COURT**

### A.   **MGA's Notice Contravened The "One Deposition Rule"**

The Federal Rules of Civil Procedure mandate that a person may be deposed only once.  Fed. R. Civ. P. 30(a)(1).  Leave must thereafter be expressly granted in order to conduct any additional deposition of that person.  Fed. R. Civ Proc. 30(a)(2)(ii).  Because this limitation on multiple depositions of the same person applies with equal force to the Rule 30(b)(6) deposition of a corporation, a corporation may only be deposed once absent leave.  See Ameristar Jet Charter, Inc. v. Signal Composites, Inc., 244 F.3d 189, 192 (1st Cir. 2001) (holding that a second Rule 30(b)(6) notice issued without leave of the court was invalid); see also 7 Moore's Federal Practice § 30.05[1][c] (3d ed. 2008) ("The rule requiring leave of the court to take a second deposition applies to an entity that is deposed pursuant to Rule 30(b)(6).").[11]

MGA has argued that its notice complies with Rule 30(b)(6) on the basis that it had not previously noticed Mattel's deposition, and that only Bryant had done so.  This argument fails.  The Rules prohibit multiple depositions notices served on a deposed person, drawing no distinction between the serving party.  See Rule 30(a)(2) (leave required where "*the deponent* has already been deposed in the case") (emphasis added); see also Ameristar, 244 F.3d 189 at 192 (rejecting argument that leave was not required for a defendant serving its first 30(b)(6) notice on plaintiff where another defendant had already served a notice on plaintiff).  After

---

[11]   See also Provide Commerce, Inc. v. Preferred Commerce, Inc., 2008 WL 360588, at *3 (S.D. Fla. 2008) ("the limitations on multiple depositions of the same person apply to Rule 30(b)(6) motions"); In re Sulfuric Acid Litig., 2005 WL 1994105, at *2 (N.D. Ill. 2005) (holding that a party must seek prior approval of the court before seeking to depose corporation for a second time).

1  being twice deposed, Mattel may not be deposed in this action without MGA

2  seeking prior leave of the Court.

3       Moreover, MGA's argument that it has been deprived of this discovery

4  is disingenuous.  Although only Bryant served <u>Rule</u> 30(b)(6) deposition notices on

5  Mattel, MGA attended all of the depositions of Mattel's designees, and indeed, it

6  was MGA and not Bryant that took most of the deposition on the various noticed

7  topics.  In fact, for many of the depositions on the "Bryant" topics, Bryant's counsel

8  was either not even present or asked few, if any, questions.[12]  MGA, not Bryant, also

9  moved to compel Mattel to produce witnesses on the topics in "Bryant's" notice.[13]

10 Further, as addressed in detail below, many of the topics in MGA's notice are

11 duplicative of those in Bryant's notices.  In sum, MGA's claim that it has not had an

12 adequate opportunity to obtain testimony in this manner from Mattel is unfounded.

    **B.**     <u>**MGA's Belated Attempt To Seek Leave For An Additional**</u>

13

14      <u>**Deposition Was Improper And Should Have Been Denied**</u>

15      Recognizing that its notice did not comply with the requirements of

16 <u>Rule</u> 30(a)(2), MGA asked the Discovery Master to treat its motion instead as one

17 "for leave to serve an additional 30(b)(6) notice with additional topics."  (Order at 4

18 n.2.)  The Discovery Master did so—holding that this issue was "academic and

19 inconsequential"—and proceeded to consider whether MGA has shown "good

20 cause" for its request that leave be granted.  (<u>Id.</u>)  That ruling was contrary to law.

21

22     [12]  Corey Dec. ¶ 6.

23     [13]  Indeed, when Mattel initially objected to MGA's motions related to Bryant's earlier notices, MGA argued (and the Discovery Master concurred) that "the fact

24 that Bryant served the 30(b)(6) notice is immaterial."  <u>See</u> MGA and Bryant's Reply in Support of their Joint Motion to Compel the Production of Documents and the

25 Deposition of 30(b)(6) Witnesses, dated January 22, 2007, at 2, Zeller Decl., Ex. 3.

26 MGA should not be heard to argue that it did not have an adequate opportunity to depose Mattel because it did not issue the actual notices (and upon which it deposed

27 Mattel's designees for weeks of testimony).

28

MATTEL'S MOTION OBJECTING TO DISCOVERY MASTER'S APRIL 11, 2008 ORDER GRANTING MGA'S MOTION TO COMPEL ADDITIONAL <u>RULE</u> 30(b0(6) TESTIMONY

1    Courts routinely deny motions "seeking leave to re-depose a party for

2    failure to comply" with the <u>Rules</u> in the first instance.  <u>Innomed Labs, LLC v. Alza</u>

3    <u>Corp.</u>, 211 F.R.D. 237, 240 (S.D.N.Y. 2002) (denying leave for additional 30(b)(6)

4    deposition).  The key issue is whether the party sought leave of the Court as

5    mandated by the <u>Rules</u>, not whether, notwithstanding the party's violation, it would

6    have shown good cause if it had first sought leave.  For example, the <u>In re Sulfuric</u>

7    <u>Acid</u> court rejected a similar argument from a party seeking to justify its improper

8    additional <u>Rule</u> 30(b)(6) notice by arguing—after serving the notice—that leave

9    should nevertheless be granted.  The court held that "by noticing the second

10   depositions *without* first seeking court approval," the notices were "as a result,

11   invalid" and could not be corrected by seeking leave after the fact—regardless of

12   good cause shown.  <u>In re Sulfuric Acid Antitrust Litig.</u>, 230 F.R.D. 527, 531 (N.D.

13   Ill. 2005) (emphasis in original); <u>see also</u> <u>Tingley Systems, Inc. v. HealthLink, Inc.</u>,

14   2007 WL 1365341, at *2 (M.D. Fla. 2007) (affirming order denying second <u>Rule</u>

15   30(b)(6) deposition and declining to treat motion to compel as motion for leave from

16   restrictions of 30(a)(2)).

17   The <u>Rules</u> unequivocally require that a party shall *seek leave of the*

18   *Court* for further depositions by showing good cause *before* noticing the party to be

19   deposed yet again.  Treating the clear leave requirement of <u>Rule</u> 30(a)(2) as a

20   technicality that may be ignored by a party—and dispensed with by the Discovery

21   Master upon an alleged, after-the-fact showing of good cause—eviscerates the

22   purpose of the rule entirely.  <u>See, e.g.</u>, <u>In re Sulfuric Acid</u>, 2005 WL at *6 (noting

23   that while the <u>Federal Rules</u> may be applied flexibly, "[t]hey are not to be ignored"

24   and that compliance with the restrictions of <u>Rule</u> 30(a)(2) is especially important in

25   complex cases with multiple parties on each side).  As such, the Discovery Master's

26   ruling was contrary to law, and the Order granting MGA's motion should be set

27   aside.

28

-7-

III.   **THE DISCOVERY MASTER'S ORDER WAS CLEARLY ERRONEOUS BECAUSE MGA FAILED TO PROVIDE ANY BASIS FOR A FINDING OF GOOD CAUSE**

Apart from the Discovery Master's erroneous decision to treat MGA's request for leave after-the-fact as proper, MGA also failed to make any showing of "good cause" that would justify an additional Rule 30(b)(6) deposition of Mattel. As the Discovery Master noted, it was "MGA's burden to demonstrate that there is good cause for such discovery." (Order at 4 n.2.) MGA offered *no evidence whatsoever* to justify the discovery sought.

A.   **The Order Impermissibly Requires Mattel To Submit To Cumulative And Duplicative Deposition By MGA**

MGA did not make any showing of good cause as to why it is entitled to depose Mattel on topics which are, in large part, duplicative of those set forth in Bryant's prior Rule 30(b)(6) notices upon which Mattel was fully deposed, including by MGA itself. It is fundamental to the Federal Rules that a party is not entitled to pursue discovery that is duplicative and cumulative of prior discovery. See Fed. R. Civ. P. 26(b)(2)(C) ("the court *must limit* the frequency or extent of discovery otherwise allowed by these rules . . . [if] the discovery sought is unreasonably cumulative or duplicative . . .") (emphasis added); see also CSX Transp., Inc. v. Vela, 2007 WL 3334966, at *3 (S.D. Ind. 2007) (denying motion to compel on ground that "a Rule 30(b)(6) deposition on this topic would be unduly cumulative"); Static Control Components, Inc. v. Lexmark Intern., Inc., 2006 WL 3256767, at *5 (E.D. Ky. 2006) (denying defendant's motion to compel, because topics were duplicative of another defendant's previous Rule 30(b)(6) depositions, and because moving defendant was present at those depositions and had an opportunity to ask questions); Cummings v. General Motors Corp., 2002 WL 32713320, at *6 (W.D. Okla. 2002) (granting protective order where Rule 30(b)(6) notice was duplicative of other notices).

Case No. CV 04-9049 SGL (RNBx)

1    The Discovery Master acknowledged that "some of the topics [in

2 MGA's notice] overlap with topics in Carter Bryant's 30(b)(6) notice," but

3 nevertheless held that the "the overlap is not so substantial as to render the topics

4 duplicative or cumulative of Carter Bryant's 30(b)(6) topics." (Order at 4.)  This

5 conclusion was clearly erroneous.

6    A comparison of the topics in MGA's notice with the topics on which

7 MGA previously took Mattel's deposition testimony under "Bryant's" topics plainly

8 shows that MGA's notice is impermissibly duplicative.  For example, in Topic

9 No. 16 of MGA's notice, MGA sought to depose Mattel a second time on matters

10 related to a July 23, 2003 *Wall Street Journal* article:

11    Topic 16:  The WSJ STATEMENTS, including, but not limited to

12    (a) YOUR knowledge of who made the WSJ STATEMENTS, or

13    provided any of the information contained in the WSJ STATEMENTS,

14    to any WSJ REPORTERS; (b) the identity of all fashion doll or doll

15    designers who left MATTEL in 2001; (c) any efforts by YOU to

16    facilitate the publication of the WSJ STATEMENTS, including, but not

17    limited to, assisting a WSJ REPORTER to obtain the WSJ

18    STATEMENTS or the information contained in the WSJ

19    STATEMENTS, to identify people for WSJ REPORTERS to contact

20    and interview, and to verify the WSJ STATEMENTS or the

21    information contained in the WSJ STATEMENTS; (d) when YOU first

22    learned or became aware of the WSJ STATEMENTS; (e) YOUR

23    response or reaction to the WSJ STATEMENTS after YOU first

24    learned or became aware of them; (f) any actions taken by YOU

25    (including, but not limited to, any investigation or interviews) in

26

27

28

Case No. CV 04-9049 SGL (RNBx)

MATTEL'S MOTION OBJECTING TO DISCOVERY MASTER'S APRIL 11, 2008 ORDER GRANTING MGA'S
MOTION TO COMPEL ADDITIONAL RULE 30(b0(6) TESTIMONY

response to the WSJ STATEMENTS; and (g) COMMUNICATIONS among MATTEL employees regarding the WSJ STATEMENTS.[14]

That topic is substantially duplicative of Bryant's prior noticed Topic 41 regarding that very same *Wall Street Journal* article:

Topic 41: All statements of Mattel or ex-Mattel employees in the July 2003 Wall Street Journal article (produced by Mattel to Bryant in the present case), including, without limitation, "Inside Mattel, some are convinced the Bratz borrow liberally from a Mattel project that was scrapped at the testing stage in 1998"; "But the Bratz' oversized heads -- with their pursed lips and cartoonist eyes -- are "'virtually identical' to the heads of the dolls her team created"; "Anyone who passed by [Lily Martinez's] cubicle would see the picture up on the wall"; and "The big heads, the big eyes, the big feet -- they were all the same [as the Bratz]."[15]

Plainly, these topics seek Mattel's deposition on the very same matters.[16] Having taken the deposition of Mattel's designee on this topic, there was no basis for the Discovery Master's Order that Mattel yet again provide testimony

---

[14]  See Mattel, Inc.'s Separate Statement in Opposition to MGA's Motion to Compel Mattel to Produce Witnesses Pursuant to Notice of Deposition Under Rule 30(b)(6) ("Separate Statement"), at 13-14.  Mattel's Separate Statement, which was submitted to the Discovery Master with its Opposition to MGA's Motion, has been lodged concurrently Mattel's Objections.

[15]  Separate Statement at 13-14.

[16]  Indeed, as set forth more fully in Mattel's Separate Statement, previously the Discovery Master had appropriately denied similar requests for duplicative testimony on the *Wall Street Journal* article.  See Separate Statement at 14.  He should have done the same again here.

on this same topic.  This is not mere "overlap"—rather, it is exactly the type of duplicative discovery that the <u>Rules</u> prohibit.

MGA's Topic No. 9, which seeks testimony regarding MGA's theft of Bratz from Mattel, including Bryant and MGA's concealment of facts from Mattel, has similarly been the subject of prior deposition notices.  In its latest iteration, the Topic is as follows:

> <u>Topic No. 9</u>:  MGA's alleged theft of "BRATZ" from YOU, including but not limited to (a) MGA's showing of BRATZ prototypes or products to focus groups and retailers in November 2000 as alleged in paragraph 29 of YOUR COUNTERCLAIMS; (b) MGA's and LARIAN's alleged encouragement, aiding, and financing of BRYANT to develop BRATZ while he was a MATTEL employee as alleged in paragraph 33 of YOUR COUNTERCLAIMS; and (c) BRYANT's and MGA's alleged concealment of facts that prevented MATTEL from discovering that MATTEL allegedly was the true owner of BRATZ as alleged in paragraph 35 of YOUR COUNTERCLAIMS.[17]

Again, this is precisely the same information that was covered by the prior 30(b)(6) notices to Mattel.  Specifically, Topic Nos. 8, 13 and 55 of Bryant's notice sought information related to MGA's copying of Bratz from Mattel and misrepresentations made by Bryant upon his departure:

> <u>Topic No. 8</u>:   All acts, omissions, circumstances and/or evidence showing, or tending to show, that any and all products of MGA, including but not limited to, any and all products sold under the trade name "Bratz," originated from, were derived from, are based upon, are copied or incorporated from, or are substantially or confusingly similar

---

[17]   Separate Statement at 4.

-11-

to, any design, research and developmental work, work in progress, or product owned at any time by Mattel or created by any Mattel employee, including but not limited to Bryant, or by any independent contractor during the time that such Person was working for Mattel.

Topic No. 13:   All acts, omissions, circumstances and/or evidence showing, or tending to show, that any product sold at any time by MGA under the trade name "Bratz" originated from, is derived from, is based on, copies, incorporates, or is substantially or confusingly similar to any design or work product owned at any time by Mattel or created by Bryant during the time Bryant was working for Mattel.

Topic No. 55:   All acts, omissions, circumstances and/or evidence showing, or tending to show, that Bryant made affirmative misrepresentations to any and all Mattel employees upon his departure from Mattel.[18]

The only change in MGA's newly stated Topics in this instance is that they have been revised to specifically reference Mattel's counterclaims.  This is duplicative of prior discovery.  Moreover, Mattel's counterclaims did not alter Mattel's claims against Bryant—the claims that are at the heart of the issues to be litigated in Phase 1.[19]

---

[18]   Separate Statement at 4-5.

[19]   MGA acknowledged in its Motion that it was "only seeking testimony relating to Phase I topics." (Mot. at 4.)  As discussed below, many of MGA's topic relate solely to Phase 2 and, for that reason alone, should have been denied.  See infra Part IV.a.

MGA's Topics No. 11, 13, 14, and 15 seek information related to when Mattel learned about Bryant's involvement with the development of Bratz.  Topic No. 11 and 13 are illustrative:

> Topic No. 11:   MATTEL's knowledge or information about the involvement of BRYANT or any person then employed by MATTEL (directly or via a temporary employment agency), in the origin, creation, design or and development of BRATZ, including, but not limited to (a) when MATTEL first learned about BRYANT's involvement with the origin and development of BRATZ; and (b) who at MATTEL knew about the involvement of BRYANT or any person then employed by MATTEL with the origin, creation, design or development of BRATZ, and when and how each individual came to possess such knowledge or information.[20]

> Topic No. 13:  MATTEL's knowledge about BRYANT's performance of services for MGA, including, without limitation (a) when and how MATTEL first learned about BRYANT's performance of any services for MGA; (b) when and how MATTEL first learned about the first instance of BRYANT's performance of services for MGA; and (c) who at MATTEL knew about BRYANT's performance of any services for MGA.[21]

The testimony sought by these topics is exactly the same as that covered by topic Nos. 15-18 of Bryant's First Notice of Deposition:

---

[20]   Separate Statement at 51-52.
[21]   Id.

Topic 15:  All acts, omissions, circumstances and/or evidence showing, or tending to show, when Mattel first became aware of any alleged wrongful conduct of Bryant.

Topic 16:  All acts, omissions, circumstances and/or evidence showing, or tending to show, the manner and mode by which Mattel first became aware of any alleged wrongful conduct of Bryant.

Topic 17:  All acts, omissions, circumstances and/or evidence showing, or tending to show, when You first became aware that Bryant was involved in the conception, creation, design and/or reduction to practice of Bratz.

Topic 18:  All acts, omissions, circumstances and/or evidence showing, or tending to show, how You first became aware that Bryant was involved in the conception, creation, design and/or reduction to practice of Bratz.[22]

Mattel was thoroughly examined on these topics, including, most recently, less than two months ago at the February 23, 2008 Rule 30(b)(6) deposition of Kathleen Simpson-Taylor.[23]  Indeed the Discovery Master recently noted—in the course of rejecting a separate motion to compel by MGA—that MGA has received adequate testimony on exactly these issues:

MGA recently took the deposition of Mattel's 30(b)(6) designee [Ms. Simpson-Taylor] on several topics relevant to MGA's defenses,

---

[22]  Id.

[23]  See February 19, 2008 Letter from J. Corey to T. Nolan, et al., Zeller Decl., Ex. 4 (stating that Ms. Simpson-Taylor would be Mattel's designee on various topics including Topic Nos. 15-21).

including all acts, omissions, circumstances and/or evidence showing, or tending to show (1) when Mattel first became aware of any alleged wrongdoing by Bryant, (2) the manner and mode by which Mattel first became aware of any alleged wrongful conduct of Bryant, (3) when Mattel first became aware of that Bryant was involved in the conception, creation, design and/or reduction to practice of Bratz, (4) how Mattel first became aware that Bryant was involved in the conception, creation, design and/or reduction to practice of Bratz, and (5) all actions taken by Mattel, including but not limited to all circumstances surrounding any investigations Mattel has undertaken, relating to Bratz after Mattel learned that Bryant was involved in the conception, creation, design and/or reduction to practice of Bratz.[24]

Rejecting MGA's argument that the testimony was insufficient, the Discovery Master held that "*a review of the deposition transcript [of Ms. Simpson-Taylor] . . . reveals that Mattel's 30(b)(6) witness provided substantial testimony*" on these matters, specifically noting that she "*provided significant factual evidence related to how and when Mattel first learned that Bryant was working for MGA while he was employed by Mattel.*"[25]  MGA has thoroughly deposed Mattel on these topics. Further testimony on "when MATTEL first learned about BRYANT's involvement with the origin and development of BRATZ" (MGA's Topic No. 11) or "when and how MATTEL first learned about BRYANT's performance of any services for

---

[24]  <u>See</u> Order Denying MGA's Motion to Compel Discovery as to Issues as to Which Mattel has Purportedly Waived the Attorney-Client and Work Product Privileges by Claim Assertion, dated April 25, 2008 ("April 25 Order"), at 9, Zeller Decl., Ex. 6.

[25]  April 25 Order at 9-10 (emphasis added).

1    MGA" (MGA's Topic No. 13) is unwarranted and needlessly cumulative.  MGA

2    should not  be permitted another opportunity to take this very same discovery.[26]

3           Bryant has already served Mattel with two Rule 30(b)(6) notices with

4    65 topics related to all aspects of the issues to be litigated in Phase 1 (on which

5    MGA took the majority of the deposition testimony).  MGA's claim that the third

6    notice was appropriate because it was MGA's "first and only" notice ignores the

7    reality that not only was MGA present and had an opportunity to ask ample

8    questions of each of Mattel's fifteen 30(b)(6) designees, *but that MGA conducted*

9    *the vast majority of the examinations.*[27]  Indeed, Bryant's counsel played very little

10   role in these depositions, often showing up late and asking few, if any, questions.[28]

11   Yet, MGA is now being permitted to elicit the same information from the same

12   deponent.  This is the type of duplicative testimony which Rule 30 is designed to

13   prevent.  See Fed. R. Civ. P. 30(a)(2).  The Order should be reversed.

14          **B.    The Order Imposes An Undue Burden On Mattel**

15          Preparing a Rule 30(b)(6)witness on MGA's wide-ranging and poorly-

16   framed topics would impose a substantial burden on Mattel that is not justified in

17   this instance.  Rule 26 required the Discovery Master to "limit the frequency or

18   extent of discovery . . . [if] the burden or expense of the proposed discovery

19   outweigh[ed] its likely benefit."  Rule 26(b)(2)(C); see also Omni Home

20   Financing, Inc. v. Hartford Life & Annuity Ins. Co., 2008 WL 66562, at *3 (S.D.

21   Cal. 2008) (denying request for depositions because burden outweighed benefit);

22

23   ─────────────────

24   [26]   MGA's other duplicative topic are discussed more fully in Mattel's Separate
     Statement.  See Separate Statement at 8-11 (Topic No. 12, on the use of Mattel

25   resources), 16-21 (Topic No. 17, on Mattel's investigations), 61 (Topic No. 29, on
     the impact of Bratz on Mattel), 32-38 (No. 32, on Mattel's awareness and reaction to

26   Bratz).

27   [27]   See Corey Decl. ¶ 6.
     [28]   See Corey Decl. ¶ 6.

28

1   <u>Thumin v. Bumble Bee Seafoods, Inc.</u>, 2001 WL 1164691, at *1 (S.D.N.Y. 2001)

2   (denying deposition because "the burden outweighs its likely benefit").  That is the

3   situation here.

4           Many of MGA's topics are unjustifiably burdensome, and several are

5   particularly egregious.  For example, Topic No. 24 seeks  the "process(es) by which

6   MATTEL evaluates and approves ideas for new fashion dolls, including, but not

7   limited to, any changes to such process(es) after BRATZ dolls were released in

8   2001."[29]  To prepare a witness to testify as to the processes by which Mattel

9   evaluates and approves ideas for new fashion dolls would require Mattel designees

10  to speak with an unjustifiably large number of people regarding the evaluation and

11  approval process followed not only for each of the BARBIE Mainline dolls over the

12  past seven years, but also those considered by BARBIE Collector and by BARBIE

13  Customized.[30]  Between 2001 and the present, over a hundred people worked solely

14  on conception, evaluation and approval of BARBIE Mainline products, with

15  hundreds more working on Collector, Customized and the other non-BARBIE

16  fashion dolls that Mattel considered.[31]  To simply identify the actual consideration

17  and approval process for each of the fashion dolls that Mattel considered would

18  require Mattel to interview an unduly burdensome number of people, including

19  many who are no longer with the company.[32]  That process alone would take many

20  weeks, if not months.[33]

21          Further, for each unique concept or doll, the members of the

22  responsible group followed an approval process that was unique for each non-

23  _____

24  [29]  Separate Statement at 25.

25  [30]  Declaration of Vickie Cerrito ¶ 6.  The Declaration of Vickie Cerrito has been
    lodged concurrently with Mattel's Objections.

26  [31]  <u>Id.</u>

27  [32]  <u>Id.</u>

28  [33]  <u>Id.</u>

MATTEL'S MOTION OBJECTING TO DISCOVERY MASTER'S APRIL 11, 2008 ORDER GRANTING MGA'S
MOTION TO COMPEL ADDITIONAL <u>RULE</u> 30(b0(6) TESTIMONY

1  BARBIE fashion doll.[34]  To determine what the process was for each of the non-

2  BARBIE fashion dolls that Mattel considered and rejected, undertook development

3  of or took to market, a person would have to speak with the members of the teams

4  responsible for those products (frequently between 20 and 50 people, and more for

5  those taken to market), and would have to look at documents related to each

6  product, particularly those associated with ideating, planning, scheduling, goals and

7  milestones, planner notes and related documentation.[35]  Such documentation would

8  be on the order of two to five boxes of documents per project (and more for those

9  taken to market) and would require a person to speak with in excess of fifty people

10  to account for the non-BARBIE products that Mattel considered since 2001.[36]  That

11  is exactly the type of overly burdensome discovery that Rule 26 prohibits.

12         Topic No. 32 seeks a Mattel witness to testify about all of Mattel's

13  "strategies and efforts to compete with 'Bratz' since its release in 2001."[37]  In failing

14  to limit this topic in any manner to the claims and defenses at issue in this litigation,

15  MGA has sought to compel a Mattel witness on a topic that is impossible to prepare

16  for adequately (much less without being subjected to an undue burden).  Obviously

17  as the main product of a competitor, Mattel's "awareness of and response to" Bratz

18  or "strategies and efforts to compete with Bratz" over the past seven years appears

19  in a host of communications and documents at Mattel, including those related to

20  research, consumer testing, retail sales, marketing reports and industry analyses.[38]

21  Mattel's "awareness" of and "competition" with Bratz is also reflected in vast

22  quantities of public documents that Mattel collects about its competitors, including

23  _____

24    [34]   Id. at ¶ 7.

25    [35]   Id.

26    [36]   Id.
       [37]   Separate Statement at 32.

27    [38]   Declaration of Erin Bric ¶ 7.  The Bric Declaration, submitted with Mattel's

28  opposition, has been lodged concurrently with Mattel's Objections.

MATTEL'S MOTION OBJECTING TO DISCOVERY MASTER'S APRIL 11, 2008 ORDER GRANTING MGA'S
MOTION TO COMPEL ADDITIONAL RULE 30(b0(6) TESTIMONY

1  catalogs, advertising, press releases and media reports.[39]  In short, Mattel has

2  hundreds of thousands, if not millions of documents that reference Bratz and reflect

3  Mattel's "awareness of and response to" Bratz over the past seven years.[40]  Time and

4  again, when MGA (or for that matter Mattel) has propounded discovery requests or

5  sought deposition testimony that "merely mention MGA, Larian, Bratz or other

6  MGA products, regardless of whether or not they have anything to do with the

7  claims and defenses in the case," that discovery has been denied by the Discovery

8  Master as being "grossly overbroad."[41]

9           Topic No. 48 seeks "[a]ll COMMUNICATIONS between MATTEL on

10  the one hand and present or former employees or contractors of MGA on the

11  other."[42]  MGA's topic, which is not limited to the claims and defenses at issue here,

12  and would include even MGA employees who left prior to Bryant began working

13  there, is unduly burdensome.  Again, these types of broadly framed discovery topics

14  have been routinely held to be "grossly overbroad" and the Discovery Master should

15  have made the same finding here.[43]  MGA's other topics were similarly burdensome

16  and should have been denied also.[44]

---

18  [39]  Id. at ¶ 8.

19  [40]  Id. at ¶ 6-12.
   [41]  Order Granting in Part and Denying in Part MGA's Motion to Compel

20  Documents Responsive to First Set of Requests for Production of Documents, dated
   May 22, 2007 ("May 22 Order"), at 17-18, Corey Decl., Ex. 5.

21  [42]  Separate Statement at 75.

22  [43]  For example, in the May 22 Order the Discovery Master found MGA's

23  request seeking any communications between Mattel and current or former MGA
   employees "relating to Bratz, Larian, or MGA regarding the origins, design,

24  development, product launch, sales, promotions, advertising, quality, or price of
   Bratz or any other MGA product" to be "grossly overbroad."  See May 22 Order at

25  17-18.  Here, MGA's Topic No. 48 is even broader.

26  [44]  As set forth in Mattel's concurrently lodged Separate Statement, many of
   MGA's other topics, specifically Nos. 17, 18, 26, and 48, are equally without any

27  reasonable limitation and would impose a wholly unreasonable burden on Mattel if
       (footnote continued)

28

MATTEL'S MOTION OBJECTING TO DISCOVERY MASTER'S APRIL 11, 2008 ORDER GRANTING MGA'S
MOTION TO COMPEL ADDITIONAL RULE 30(b0(6) TESTIMONY

1       MGA did not make the requisite showing of good cause that the

2   deposition testimony is necessary, much less that its importance outweighed the

3   burden it would impose on Mattel.  Indeed, the crux of MGA's argument before the

4   Discovery Master was that because Mattel was once granted leave to serve

5   additional Rule 30(b)(6) notices, MGA must also be permitted to do so.  But MGA's

6   claim that denying its requests would somehow subject it to a "double standard"

7   fundamentally misapprehends the nature of the discovery rules.  (Rep. at 2.)  The

8   purpose of Rule 26 can hardly be to ensure that each party is subjected to the same

9   burden—rather, each specific discovery requested must be weighed considering its

10  likely benefit and the burden imposed by that request.[45]

11      Nevertheless, the Discovery Master held that MGA's topics were "not

12  burdensome in the context of this litigation," expressly basing his decision on the

13  "enormous breadth and burden of the deposition testimony Mattel has sought from

14  MGA."  (Order at 4.)  The fact that Mattel previously presented good cause and

15  therefore was granted leave to serve additional Rule 30(b)(6) notices is not relevant

16  to whether MGA has presented good cause for its request.  It did not—nor can it—

17  and the Discovery Master should have denied the motion.  Because of its clear error,

18  the Order must be reversed.[46]

---

it was required to fully prepare witnesses on those topics.  See Separate Statement at
20-21, 23-25, 29-30, 76-77.

[45]   See, e.g., United States v. Int'l Bus. Machines, 453 F. Supp. 692, 693
(S.D.N.Y. 1978) (rejecting argument that because one party was given leave to
conduct certain depositions, the other party should similarly granted leave for
"comparable discovery").

[46]   Mattel's objections to the remaining topics (Nos. 8, 19, 20, 28, 29, 39, 58, 69,
and 70) are fully set out in its Separate Statement.  See Separate Statement at 59-60,
62-65 (No. 8), 54-58 (Nos. 19, 20), 60-65 (No. 28, 29), 38-43 (No. 39), 76-81 (No.
58, 60), and 43-45 (No. 70).

IV.   **THE DISCOVERY MASTER'S ORDER CONTRAVENES THIS COURT'S ORDERS**

A.   **The Order Impermissibly Allows MGA To Depose Mattel on Topics That Have Been Stayed By This Court's Prior Orders**

On February 21, 2007, the Court bifurcated the trial in this case into two phases.[47]  Phase 1 focuses on Bryant's employment and ownership of Bratz, while the focus of Phase 2 will be on the other claims that the parties have asserted against each other, largely unrelated to Bryant or the creation and ownership of Bratz—specifically, MGA's misappropriation of trade secrets, violations of the RICO statute and unfair competition, and, on the other hand, to MGA's allegation that Mattel's My Scene dolls infringe MGA's claimed intellectual property in the Bratz dolls.[48]

In light of this bifurcated trial structure, on February 4, 2008, the Court ordered that "all discovery related to Phase 2" be stayed.[49]  Indeed, in its Motion, MGA expressly sought to justify its sought-after deposition topics to the Discovery Master by arguing that it was "only seeking testimony relating to Phase 1 topics." (Mot. at 4.)  Yet, MGA is now permitted to seek Mattel's deposition testimony on matters that are not related—in any conceivable fashion—to the claims or defenses at issue in Phase 1 of this litigation.  Thus, regardless of the fact that MGA's topics are duplicative and unduly burdensome, MGA should not be permitted discovery on them at this time for this reason alone.

Topic No. 32 seeks testimony about Mattel's "awareness" of Bratz, including Mattel's "strategies and efforts to compete" with Bratz "since its release in

---

[47]   See Scheduling Orders in Mattel v. Bryant, Case No. CV 04-09059 ("Phase 1") and MGA v. Mattel, Case No. CV 05-02727 ("Phase 2"), dated February 21, 2007, Zeller Decl., Ex. 7.

[48]   See Minute Order, dated July 2, 2007, at 2, Zeller Decl., Ex. 8.

[49]   February 4, 2008 Order, Zeller Decl., Ex. 9.

2001."[50]  Such matters are squarely Phase 2 topics (*i.e.*, MGA's allegations of infringement).  Similarly, MGA's Topic No. 18 seeks Mattel's deposition concerning its "policies and practices concerning interviews and investigations of employees who leave MATTEL to work for competitors" and asks why former Mattel employees or contractors ceased working for Mattel and joined MGA.[51]  Again this relates solely to a Phase 2 topic—*i.e.*, MGA's aiding and abetting and intentional interference with Mattel employees' (other than Bryant's) contractual and fiduciary duties to Mattel.  And MGA's Topic No. 30 seeks information regarding products that could only be relevant in Phase 2—the "net worth or value" of Mattel's BARBIE brand, a product which not at issue in Phase 1.[52]

These matters are simply not at issue in Phase 1 of this litigation. What relevance can a question such as whether and to what extent Bratz "products are present at [Mattel's] offices" (as asked in Topic No. 32) have to this stage of the litigation?[53]  None.  These issues have *no conceivable  bearing* on the essential question of Phase 1—the Bryant's employment at Mattel and the development, creation and ultimate ownership of Bratz.

## B.    The Order Impermissibly Allows MGA To Depose Mattel On Matters That Are Moot Under This Court's Partial Summary Judgment Ruling

On April 25, 2008, this Court issued an Order on the parties' respective motions for partial summary judgment.[54]  Among other rulings, the Court granted

---

[50]   Separate Statement at 32.
[51]   Separate Statement at 21.
[52]   Separate Statement at 62.
[53]   Separate Statement at 32.
[54]   See Order Granting in Part, Denying in Part, and Deferring Judgment in Part the Parties' Motions for Partial Summary Judgment, dated April 25, 2008 ("Summary Judgment Order"), Zeller Decl., Ex. 10.

1   summary judgment in favor of Mattel "on the issue of the enforceability of the

2   Inventions Agreement and the issue of the applicability of the Inventions Agreement

3   to any Bratz-related 'inventions'" created by Bryant while at Mattel.[55]  That Order

4   should preclude MGA from seeking Mattel's deposition under Topic No. 26

5   regarding "the number, percentage, and identity of MATTEL employees who have

6   refused to sign" Mattel Inventions Agreements.[56]  MGA has consistently sought

7   discovery regarding the contractual agreements of other Mattel employees on the

8   grounds that such agreements are "relevant to the interpretation of same or similar

9   Mattel employee agreements" at issue in this litigation[57]—*i.e.*, Bryant's Inventions

10  Agreement.  Because that issue has now been mooted by this Court's ruling that

11  Bryant's agreement is valid and enforceable, Mattel should not be subjected to the

12  burden of providing such needless and irrelevant deposition testimony.

13  <u>**Conclusion**</u>

14  For the foregoing reasons, Mattel respectfully requests that the Court

15  reverse the Discovery Master's April 11, 2008 Order.

16

17  DATED:  April 28, 2008          QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

18

19  By Michael T. Zeller /s/

20  Michael T. Zeller
    Attorneys for Mattel, Inc.

21

22

23

24  _____

25  [55]  Summary Judgment Order at 5.

26  [56]  Separate Statement at 28.
    [57]  See, e.g., Mattel's Opposition to MGA's Motion to Overrule Mattel's and

27  Richard De Anda's Objections and to Compel Discovery, dated February 7, 2008, at

28  4-5, Zeller Decl., Ex. 11 (quoting MGA's Motion at 5).