# EXHIBIT 1

Hon. Edward A. Infante (Ret.)
JAMS
Two Embarcadero Center
Suite 1500
San Francisco, California 94111
Telephone:    (415) 774-2611
Facsimile:    (415) 982-5287

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>CONSOLIDATED WITH<br>MATTEL, INC. v. BRYANT and<br>MGA ENTERTAINMENT, INC. v. MATTEL,<br>INC. | CASE NO. CV 04-09049 SGL (RNBx)<br>JAMS Reference No. 1100049530<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-2727<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MGA'S MOTION TO COMPEL MATTEL TO PRODUCE WITNESSES PURSUANT TO NOTICE OF DEPOSITION UNDER RULE 30(b)(6); DENYING REQUEST FOR SANCTIONS** |

## I. INTRODUCTION

On December 21, 2007, MGA Entertainment, Inc. ("MGA") submitted a Motion to Compel Mattel to Produce Witnesses Pursuant to Notice of Deposition Under Rule 30(b)(6), or,

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT _____ 1

PAGE _____ 4

1   in the Alternative, for Leave to Serve Such Notice." Mattel submitted an opposition on January

2   11, 2008, and MGA submitted a reply on January 17, 2008. The motion was heard on April 11,

3   2008.

4   ## II. BACKGROUND

5   MGA originally sought an order (1) compelling Mattel to designate and produce witnesses

6   to testify on topic nos. 8-9, 11-24, 26-32, 39, 42, 47, 48, 58, 60, 65, 69-85 of its Rule 30(b)(6)

7   notice, or in the alternative granting leave to serve notice on Mattel of the above-listed topics,

8   and (2) awarding sanctions. After meeting and conferring further, the parties were able to narrow

9   the scope of the Motion. See Joint Report to Discovery Master Regarding Pending Discovery

10  Motions dated March 28, 2008. Specifically, MGA withdraws its motion as to topic nos. 21-23,

11  60, 65, and 71-85, without prejudice to MGA's right to seek testimony on these topics in Phase 2.

12  The parties also represent that topic nos. 8-9, 12-17, 19-20, 24, 27-32, 48[1], 58 and 69 remain at

13  issue as drafted, and that topic nos. 18, 26, 39, 42, 47 and 70 remain at issue but have been

14  narrowed.

15  MGA contends that it is entitled to notice a 30(b)(6) deposition to develop its claims and

16  defenses, and that it has not previously served a single 30(b)(6) notice on Mattel. MGA also

17  contends that contrary to Mattel's assertion, the 30(b)(6) notice Carter Bryant served on Mattel in

18  2004 should not be attributed to MGA because the two are different parties and represented by

19  different counsel. Furthermore, MGA contends that Carter Bryant's 30(b)(6) notice was crafted to

20  develop Carter Bryant's own claims and defenses, not MGA's claims and defenses. MGA also

21  contends that the topics at issue do not materially overlap with those served by Carter Bryant.

22  Furthermore, MGA contends that even if Carter Bryant's 30(b)(6) notice is attributed to MGA,

23  MGA should be permitted to take a 30(b)(6) deposition of Mattel because of the three years of

24  _____

25  [1] In the Joint Report, the parties list no. 48 both among the topics that MGA has withdrawn and the topics
    that remain at issue. Topic no. 11 is not included on either list. Because both topics are listed in MGA's motion and
26  the Joint Report does not clearly specify that these topics have been withdrawn, the court assumes that the topics
    remain at issue.

27                                                                          (continued...)

28  Bryant v. Mattel, Inc.,
    CV-04-09049 SGL (RNBx)

EXHIBIT _____ 2

PAGE _____ 5

1 | intervening litigation and the parties' amendments to the pleadings since Carter Bryant served
2 | Mattel with his 30(b)(6) notice.

3 |        Mattel contends that MGA took most or all of the 30(b)(6) depositions noticed by Carter
4 | Bryant and that MGA is not permitted to take Mattel's deposition for a second time absent a
5 | showing of good cause. By Mattel's calculations, Carter Bryant and MGA deposed Mattel's
6 | designees for 18 days, of which MGA took 13.5 days and Carter Bryant took only 4.5 days.
7 | Mattel contends that MGA has failed to establish the requisite good cause for another 30(b)(6)
8 | deposition, and further that MGA's deposition topics are objectionable for several reasons.
9 | Among other things, Mattel contends that MGA's deposition topics are duplicative and
10 | cumulative of the topics for which Mattel has already provided 30(b)(6) testimony, overbroad,
11 | unduly burdensome, not reasonably particularized, vague and ambiguous, seek information that is
12 | not available to Mattel, and seek information that is more appropriately obtained through
13 | contention interrogatories. Lastly, Mattel contends that there are no changed circumstances to
14 | warrant MGA's requested relief.

15 | III. DISCUSSION

16 |        Rule 26 of the Federal Rules of Civil Procedure provides that parties may obtain discovery
17 | regarding any matter, not privileged, that is relevant to any party's claim or defense. Fed.R.Civ.P.
18 | 26(b)(1). Further, "[a]ll discovery is subject to the limitations imposed by Rule 26(b)(2)(C)."
19 | Fed.R.Civ.P. 26(b)(1). Pursuant to Rule 26(b)(2)(C), Fed.R.Civ.P., the court must limit the
20 | frequency or extent of use of discovery otherwise allowed by the Federal Rules of Civil Procedure
21 | or by local rule if the court determines that: "(i) the discovery sought is unreasonably cumulative
22 | or duplicative, or can be obtained from some other source that is more convenient, less
23 | burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to
24 | obtain the information by discovery in the action; or (iii) the burden or expense of the proposed
25 | discovery outweighs its likely benefit, considering the needs of the case, the amount in

26 |

   (...continued)

27 |

28 |

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT _____ 3

PAGE _____ 6

1  controversy, the parties' resources, the importance of the issues at stake in the action, and the

2  importance of the discovery in resolving the issues." Fed.R.Civ.P. 26(b)(2)(C).

3      Applying the standards set forth above, and good cause appearing[2], MGA's motion is

4  granted as to topic nos. 8-9, 11-17, 18 (as narrowed during the meet and confer), 19-20, 24, 26 (as

5  narrowed during the meet and confer), 28-30, 32, 39 (as narrowed during the meet and confer),

6  48, 58, 69 and 70 (as narrowed during the meet and confer). These topics are relevant to the

7  claims and defenses in the case. Although some of the topics overlap with topics in Carter

8  Bryant's 30(b)(6) notice, the overlap is not so substantial as to render the topics duplicative or

9  cumulative of Carter Bryant's 30(b)(6) topics.

10      Nor are these topics unduly burdensome in the context of this litigation. Notably, Mattel

11  has served six separate 30(b)(6) notices on MGA (and its affiliates) that include 291 separate

12  topics. In light of the enormous breadth and burden of the deposition testimony Mattel has sought

13  from MGA, Mattel's objection based upon burden is unpersuasive. Mattel's remaining objections

14  are equally without merit.

15      MGA's motion is denied as to topic nos. 27, 31, 42 and 47. Although these topics are

16  relevant to the claims and defenses, the burden and expense of requiring Mattel to produce a

17  witness to testify on these topics outweigh its likely benefit, taking into consideration all of the

18  factors set forth in Rule 26(b)(2)(C), Fed.R.Civ.P.

19  //

20  //

21  //

22

---

23  [2] The parties dispute whether Rule 30(a)(2)(B), Fed.R.Civ.P., applies to depositions taken pursuant Rule 30(b)(6), Fed.R.Civ.P. This issue was raised and addressed in the context of Mattel's earlier filed motion to compel

24  MGA to produce 30(b)(6) designees. See Order Granting in Part and Denying in Part Mattel's Motion to Compel MGA to Produce Witnesses Pursuant to Third Notice of Deposition Under Rule 30(b)(6) and for Sanctions, dated August 6, 2007. As before, it is unnecessary to resolve this conflict in the law because the debate is purely academic

25  and inconsequential. As MGA requested, MGA's motion is treated herein as a motion for leave to serve an additional 30(b)(6) notice with additional topics. In evaluating the appropriateness of the topics, it is MGA's burden to

26  demonstrate that there is good cause for such discovery (see e.g. Boston Scientific Corp. v. Cordis Corp., 2004 WL 1945643 (N.D.Cal. 2004)), applying the principles stated in Rule 26(b)(2), Fed.R.Civ.P.

27                                                                      (continued...)

28  Bryant v. Mattel, Inc.,
    CV-04-09049 SGL (RNBx)

EXHIBIT _____ 4

PAGE _____

1
4

1

IV. CONCLUSION

2       For the reasons set forth above, MGA's motion is granted as to all of the topics at issue

3   except 27, 42, 47 and 31.  Mattel shall produce corporate designees for deposition consistent with

4   this order no later than May 5, 2008.  MGA's request for sanctions is denied.

5       Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery

6   Master, Mattel shall file this Order with the Clerk of Court forthwith.

7

8   Dated: April 11, 2008

        HON. EDWARD A. INFANTE (Ret.)
9                                           Discovery Master

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26   _____
       (...continued)
27

28   Bryant v. Mattel, Inc.,
     CV-04-09049 SGL (RNBx)

EXHIBIT _____ 5

PAGE _____ 8

# EXHIBIT 2

Case 2:04-cv-09049-DOC-RNB   Document 3334-3   Filed 04/28/08   Page 8 of 52   Page ID
#:56781
Case 2:04-cv-09049-SGL-RNB   Document 2859   Filed 03/28/2008   Page 1 of 15

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   John B. Quinn (Bar No. 090378)
2  (johnquinn@quinnemanuel.com)
   Michael T. Zeller (Bar No. 196417)
3  (michaelzeller@quinnemanuel.com)
   Jon D. Corey (Bar No. 185066)
4  (joncorey@quinnemnauel.com)
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
6  Facsimile: (213) 443-3100

7  Attorneys for Mattel, Inc.

8  [Additional Counsel Listed On Following Page]

9              UNITED STATES DISTRICT COURT

10           CENTRAL DISTRICT OF CALIFORNIA

11                  EASTERN DIVISION

| 12 | CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
|---|---|---|
| 13 | Plaintiff, | Consolidated with |
| 14 | vs. | Case No. CV 04-09059 Case No. CV 05-02727 |
| 15 | MATTEL, INC., a Delaware corporation, | **DISCOVERY MATTER** |
| 16 | Defendant. | **JOINT REPORT TO DISCOVERY MASTER REGARDING PENDING DISCOVERY MOTIONS** |
| 17 |  |  |
| 18 | CONSOLIDATED ACTIONS | **Phase 1:** |
| 19 |  | Discovery Cut-off:     January 28, 2008 Pre-trial Conference:  May 5, 2008 Trial Date:            May 27, 2008 |
| 20 |  |  |
| 21 |  |  |
| 22 |  |  |
| 23 |  |  |
| 24 |  |  |
| 25 |  |  |
| 26 |  |  |
| 27 |  |  |
| 28 |  |  |

07209/2445768.1

EXHIBIT    2

PAGE    9

Case 2:04-cv-09049-DOC-RNB   Document 3334-3   Filed 04/28/08   Page 9 of 52   Page ID
#:56782
Case 2:04-cv-09049-SGL-RNB   Document 2839   Filed 03/28/2008   Page 2 of 15

1  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
     Thomas J. Nolan (Bar No. 066992)
2  300 South Grand Avenue
   Los Angeles, California 90071-3144
3  Telephone: (213) 687-5000
   Facsimile: (213) 687-5600
4  E-mail: tnolan@skadden.com

5  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
     Raoul D. Kennedy (Bar No. 40892)
6  Four Embarcadero Center, Suite 3800
   San Francisco, California 94111
7  Telephone: (415) 984-6400
   Facsimile: (415) 984-2698
8  E-mail: rkennedy@skadden.com

9  Attorneys for MGA Entertainment, Inc., Isaac Larian, MGA Entertainment (HK)
   Limited, and MGAE de Mexico S.R.L. de C.V.
10

11  KEKER & VAN NEST, LLP
      John W. Keker (Bar No. 49092)
12    Michael H. Page (Bar No. 154913)
      Christa M. Anderson (Bar No. 184325)
13  710 Sansome Street
   San Francisco, California 94111
14
   Attorneys for Carter Bryant
15

16

17

18

19

20

21

22

23

24

25

26

27

28

07209/2445768.1                         -2-

EXHIBIT 2

PAGE 10

Case 2:04-cv-09049-DOC-RNB  Document 3334-3  Filed 04/28/08  Page 10 of 52  Page ID
#:56783
Case 2:04-cv-09049-SGL-RNB  Document 2839  Filed 03/28/2008  Page 3 of 15

1   Pursuant to the Discovery Master's request, Carter Bryant, MGA

2   Entertainment, Inc., Isaac Larian and Mattel have met and conferred regarding the

3   currently pending discovery motions.  The parties have agreed as follows:

4

5   **Motions That Have Been Resolved**

6

7   Mattel's Motion to Enforce the 5/15/07 Order of the Discovery Master

8   Re Production of Larian v. Larian Documents and for Sanctions (filed

9   12/21/07)

10

11   Mattel will agree to withdraw this motion without prejudice.

12

13   Mattel's Motion to Compel Deposition of MGA Hong Kong and for

14   Sanctions (filed 1/28/08)

15

16   This Motion will be resolved by stipulation.

17

18   Mattel's Motion to Enforce the Court's 5/15/07 Order, to Compel MGA

19   to Produce Compelled Calendars, and for Sanctions (filed 1/28/08)

20

21   Mattel will agree to withdraw this motion without prejudice.

22

23   Mattel's Motion to Compel Production of Fee Agreements and

24   Privilege Logs from Leahy, Cloonan, Halpern and Marlow (filed

25   1/28/08)

26

27

28

EXHIBIT  2

PAGE  11

Case 2:04-cv-09049-DOC-RNB   Document 3334-3   Filed 04/28/08   Page 11 of 52   Page ID
Case 2:04-cv-09049-SGL-RNB   Document 2859   Filed 03/28/2008   Page 4 of 15
#:56784

1    Mattel will agree to withdraw this motion without prejudice upon
2    receipt of the fee agreements and certain representations
3    regarding documents being withheld.
4
5    Mattel's Motion for Leave to Obtain Discovery After the Phase 1
6    Discovery Cut-Off in Response to Subpoenas Served on Doll Bag, Inc.,
7    Veronica Marlow, Inc., Marlow Techno-Logic, Inc., People's Bank of
8    the Ozarks and Washington Mutual Bank (1/28/08)
9
10    This Motion will be resolved by stipulation.
11
12    Non-Party Veronica Marlow's Motion to Compel Mattel to Purge Itself
13    of Private Bank Records (filed 1/28/08)
14
15    This Motion will be resolved by stipulation.
16
17    **Motions To Be Taken Off Calendar Because They Relate Exclusively to Phase**
18    **2 Issues**
19
20    Mattel's Motion to Compel: 1) Deposition of Carlos Gustavo Machado
21    Gomez; and 2) Consent to Production of Electronic Mail Messages
22    (filed 11/15/07)
23
24    MGA's Motion to Compel Mattel to Produce Documents Responses to
25    MGA's Requests for Production Nos. 526 and 528 (filed 1/16/08)
26
27    Mattel's Motion to: 1) Enforce the Court's 8/13/07 Order and to
28    Compel; and 2) for an Award of Monetary Sanctions (filed 1/22/08)

EXHIBIT __2__

07209/2445768.1                      -4-                      PAGE __12__

1 | **Motions That The Parties Have Been Unable To Resolve Or Narrow And**
2 | **Should Be Decided In Their Entirety**
3 |
4 | MGA's Motion to Compel Mattel to Produce E-Mail (filed 1/16/08)
5 |
6 | MGA, MGA HK, MGA Mexico and Isaac Larian's Motion to Quash
7 | Subpoenas or, in the Alternative, for Protective Order [re Mattel's
8 | subpoenas to ConsumerQuest, Deloitte & Touche, Ernst & Young, the
9 | Isaac and Angela Larian Trust, the Isaac Larian Annuity Trust, Moss
10 | Adams, Wachovia, and Wells Fargo] and Mattel's Countermotion to
11 | Compel Production (motion filed 12/21/07; counter motion filed
12 | 1/18/08);
13 |
14 | Mattel's Motion for Reconsideration of Portions of Discovery Master's
15 | 12/31/07 Order (filed 1/16/08)
16 |
17 | Mattel's Motion to Compel Production of Documents and Things by
18 | MGA and for Award of Monetary Sanctions [Mattel's Third Set of
19 | Requests for Production] (filed 1/28/08)
20 |
21 | Mattel's Motion to Compel Production of Documents by MGA in
22 | Response to Mattel's Fifth Set of Requests for Documents and Things
23 | to MGA (filed 1/28/08)
24 |
25 | Mattel's Motion to Compel Further Deposition of Margaret Hatch-
26 | Leahy and to Overrule Instructions Not to Answer (filed 1/28/08)
27 |
28 |

EXHIBIT ___2___

07209/2445768.1                     -5-

PAGE ___13___

Case 2:04-cv-09049-DOC-RNB  Document 3334-3  Filed 04/28/08  Page 13 of 52  Page ID
#:56786
Case 2:04-cv-09049-SGL-RNB  Document 2859  Filed 03/28/2008  Page 6 of 15

1    MGA Defendants' Motion to Quash Subpoena to Bank of America or,

2    in the alternative, for Protective Order (filed 1/29/08)

3

4    Mattel's Motion to Compel MGA to Produce Communications

5    Regarding this Action (filed 2/5/08)

6

7    Mattel's Motion to Compel Production of Electronic Media From Third

8    Parties Elise Cloonan, Margaret Hatch-Leahy and Veronica Marlow (ex

9    parte briefing filed 2/6/08)

10

11   Mattel's Application to Enforce Court Orders Compelling Production of

12   Tangible Items (notice of change of hearing filed 2/20/08)

13

14   Mattel's Motion to Compel MGA and Carter Bryant to Return

15   Privileged Documents and for Protective Order (filed 2/28/08)

16

17   Mattel's Motion to Compel Deposition and Production of Documents of

18   Christensen Glaser Fink Jacobs Weil & Shapiro LLP (filed 2/29/08)

19

20   Motion of MGA Parties for Clarification re Portions of 2/15/08 Order

21   Granting in Part and Denying in Part Mattel's Motion to Compel

22   Responses to Interrogatory Nos. 27-44 and 46-50 by the MGA Parties

23   (filed 3/3/08)

24

25   MGAs' Motion to Compel Production of Documents from Third Party

26   Rights Management Consultants, Inc. (filed 3/10/08)

27

28

EXHIBIT ____ 2

Case 2:04-cv-09049-DOC-RNB   Document 3334-3   Filed 04/28/08   Page 14 of 52   Page ID
#:56787
Case 2:04-cv-09049-SGL-RNB   Document 2859   Filed 03/28/2008   Page 7 of 15

1    Mattel's Ex Parte Application For Protective Order Preventing MGA's

2    Unauthorized Destructive Sampling Of The Prince Notary Book (filed

3    3/10/08)

4

5    MGA Defendants' Motion To Quash Larry Mcfarland's Deposition

6    Subpoena (filed 3/17/08)

7

8    MGA Defendants' Motion For Protective Order From Mattel's Notice

9    Of Deposition Of Lucy Arant (filed    3/17/08)

10

11   Third-Party Matthew Bousquette's Motion to Quash Subpoena Seeking

12   the Deposition or, alternatively, Motion for Protective Order (filed

13   3/27/08)

14

15   Mattel's Motion for Protective Order re: Matthew Bousquette (filed

16   3/27/08)

17

18   **Motions That The Parties Have Been Able To Narrow And Are Now Ripe For**

19   **Decision**

20

21   MGA's Motion to Compel Mattel to Produce Witnesses Pursuant to

22   Notice of Deposition Under Rule 30(b)(6), or in the Alternative, for

23   Leave to Serve Such Notice (filed 12/21/07)

24

25   <u>Requests No Longer at Issue (without prejudice to MGA's</u>

26   <u>right to seek testimony on these topics in Phase 2)</u>

27

28                                                        EXHIBIT _____ 2

PAGE _____ 15

Case 2:04-cv-09049-DOC-RNB   Document 3334-3   Filed 04/28/08   Page 15 of 52   Page ID
#:56788
Case 2:04-cv-09049-SGL-RNB   Document 2859   Filed 03/28/2008   Page 8 of 15

1    MGA withdraws its request as to Topics 21-23, 48, 60, 65,
2    and 71-85.
3        Requests that remain at issue as drafted:
4    Topics 8-9, 12-17, 19-20, 24, 27-32,  48, 58, 69
5        Requests that remain at issue but that have been narrowed
6        (without prejudice to MGA's right to seek further
7        testimony on these topics in Phase 2):
8        Topic 18:  MGA limits its request to testimony regarding Mattel's
9            policies and practices (as opposed to questions regarding specific
10           employees).
11       Topic 26:  MGA limits its request to people employed in the Mattel
12           design center from 1995 to the present (consistent with Judge
13           Infante's February 11, 2008 Order on Mattel's motion for
14           reconsideration).
15       Topic 39:  MGA limits its request to copying or infringement issues (as
16           opposed to theft of trade secrets issues).
17       Topics 42 & 47:  MGA limits its request to DIVA STARZ.
18       Topic 70:  MGA limits its request as to communications with third-
19           parties.
20
21   MGA's Motion to Overrule Mattel's Relevance Objection and Compel
22   Discovery Relevant to Statute of Limitations and Laches Defenses
23   (filed 1/17/08)
24
25       By this Motion, MGA seeks to compel Mattel to
26       supplement certain discovery responses based on the
27       Court's January 9, 2008 order overruling Mattel's
28

EXHIBIT _____ 2

PAGE _____ 16

07209/2445768.1                                   -8-

1    relevance objection to discovery relating to MGA's statute

2    of limitations and laches defenses.

3    Requests No Longer at Issue

4    During the meet and confer, Mattel represented that it has

5    not withheld any documents based on its relevance

6    objection. Based on Mattel's representation, MGA

7    withdraws its motion as to the documents requests.

8

9    Mattel also represented that its response to Interrogatory

10   No. 5 is complete and that it will supplement its response

11   if it receives additional responsive information. Based on

12   Mattel's representation, MGA withdraws its motion as to

13   Interrogatory No. 5.

14   Requests Still at Issue

15   Mattel's responses to Interrogatories Nos. 9-11 and

16   Requests for Admission No. 241, 243 and 245 remain at

17   issue.

18

19   Mattel's Motion to Compel Production of Documents Improperly

20   Withheld as Privileged by MGA, Isaac Larian and Third-Party David

21   Rosenbaum (filed 1/28/08)

22

23   MGA has agreed to produce some of the withheld

24   documents originally at issue in this motion. Mattel has

25   withdrawn the motion as to others. However, the parties

26   continue to dispute whether certain documents are

27   privileged.

28

EXHIBIT _____ 2

PAGE _____ 17

Case 2:04-cv-09049-DOC-RNB Document 3334-3 Filed 04/28/08 Page 17 of 52 Page ID
#:56790
Case 2:04-cv-09049-SGL-RNB Document 2859 Filed 03/28/2008 Page 10 of 15

1    Mattel's Motion to Compel Production of Documents by Anne Wang
2    (filed (1/28/08)
3
4        Post-filing, the parties resolved all aspects of this motion
5        except as to one document withheld by Wang on a claim
6        of privilege. The opposition and reply papers address this
7        document specifically.
8
9    Mattel's Motion to Compel Additional Deposition Testimony and
10   Production of Documents by Veronica Marlow (filed 1/28/08)
11
12       The documents aspect of this motion will be resolved by
13       stipulation. The deposition aspect of the Motion, however,
14       will need to be resolved by the Discovery Master.
15
16   MGA's Motion to Overrule Mattel's and Richard De Anda's Objections
17   to Subpoena and to Compel Discovery (filed 1/28/08)
18
19       MGA has narrowed its motion to Request Nos. 5, 6 and
20       11. With respect to Request Nos 5 and 6, MGA is seeking
21       documents sufficient to show (1) how much time Mr. De
22       Anda has been devoting to his business, and (2) what type
23       of work he has been doing in connection with his business.
24       MGA agrees that Mr. De Anda may redact any private
25       information pertaining to client identification. With
26       respect to Request No. 11, MGA is seeking any
27       employment agreements between MGA and Mr. De Anda.
28

EXHIBIT _____ 2

PAGE _____ 18

07209/2445768.1                         -10-

Case 2:04-cv-09049-DOC-RNB   Document 3334-3   Filed 04/28/08   Page 18 of 52   Page ID
#:56791
Case 2:04-cv-09049-SGL-RNB   Document 2859   Filed 03/28/2008   Page 11 of 15

1    Mattel's Motion to Compel MGA, MGA Hong Kong, Isaac Larian, and

2    Carter Bryant to Respond to Mattel's First Set of Requests for

3    Admission Propounded to MGA, Carter Bryant, MGA Hong Kong and

4    Isaac Larian (filed 2/7/08)

5

6          Mattel has withdrawn this motion as to Carter Bryant,

7          based on his supplemental responses.  The motion remains

8          at issue as to MGA, MGA Hong Kong and Isaac Larian.

9          They have also served supplemental responses, but the

10         parties disagree whether those responses are adequate.

11

12   **Motions About Which The Parties Are Continuing To Meet And Confer**

13   Mattel's Motion to Compel Deposition of Littler Mendelson (filed

14   12/14/07)

15

16   MGA and MGA Mexico's Motion for Protective Order from Mattel's

17   Fourth Notice of Deposition of MGA and Notice of Deposition of

18   MGA Mexico (filed 1/18/08)

19

20   Mattel's Motion to Compel Documents Only Portions of Which Are

21   Allegedly Privileged (1/22/08)

22

23   Mattel's Motion for Order Compelling Production of Withheld MGA

24   (1) Trademark Search Results, (2) Date of First Use Information, and

25   (3) Factual Data Communicated for the Purpose of Filing Trademark or

26   Other Intellectual Property Applications (filed 1/23/08)

27

28

EXHIBIT _____2_____

PAGE _____19_____

Case 2:04-cv-09049-DOC-RNB  Document 3334-3  Filed 04/28/08  Page 19 of 52  Page ID
#:56792
Case 2:04-cv-09049-SGL-RNB  Document 2859  Filed 03/28/2008  Page 12 of 15

1   Mattel's Motion Compelling Production of Third-Party

2   Communications Improperly Withheld Under Claim of "Common

3   Interest" Privilege (filed 1/23/08)

4       For the convenience of the Discovery Master, counsel have attached as

5   Exhibit A a document setting forth the parties' desired order of priority for the

6   motions to be heard.

7

8   Respectfully submitted.

9

10  Dated: March 28, 2008

11                                  Michael Page

12                                  Keker & Van Nest, LLP

13                                  Attorneys For CARTER BRYANT

14

15  Dated: March 28, 2008

16                                  Paul Eckles

17                                  Skadden Arps Slate Meagher & Flom, LLP
                                    Attorneys For MGA ENTERTAINMENT, INC.;
18                                  ISAAC LARIAN; MGA ENTERTAINMENT (HK),
                                    LIMITED; AND MGA DE MEXICO S.R.L. DE
19                                  C.V.

20

21  Dated: March 28, 2008

22                                  Jon D. Corey

23                                  Quinn Emanuel Urquhart Oliver & Hedges, LLP
                                    Attorneys for MATTEL, INC.
24

25

26

27

28
                                         EXHIBIT    2

07209/2445768.1          -12-            PAGE    20

Case 2:04-cv-09049-DOC-RNB   Document 3334-3   Filed 04/28/08   Page 20 of 52   Page ID
#:56793
Case 2:04-cv-09049-SGL-RNB   Document 2859   Filed 03/28/2008   Page 13 of 15

# EXHIBIT A

EXHIBIT _____ 2

PAGE _____ 21

Case 2:04-cv-09049-DOC-RNB  Document 3334-3  Filed 04/28/08  Page 21 of 52  Page ID
#:56794
Case 2:04-cv-09049-SGL-RNB  Document 2859  Filed 03/28/2008  Page 14 of 15

1

**Exhibit A**

2    1.   Mattel's Motion to Compel Production of Electronic Media From Third
3      Parties Elise Cloonan, Margaret Hatch-Leahy and Veronica Marlow (ex parte
     briefing filed 2/6/08)

4

5    2.   MGA's Motion to Compel Mattel to Produce E-Mail (filed 1/16/08)

6    3.   Mattel's Application to Enforce Court Orders Compelling Production of
7      Tangible Items (notice of change of hearing filed 2/20/08)

8    4.   MGA's Motion to Compel Discovery as to Issues as to Which Mattel has
9      Waived the Attorney-Client and Work Product Privileges by Claims
     Assertion (filed 1/18/08)

10

11    5.   Mattel's Motion to Compel Production of Documents and Things by MGA
     and for Award of Monetary Sanctions [Mattel's Third Set of Requests for
12      Production] (filed 1/28/08)

13
   6.   MGA's Motion to Compel Mattel to Produce Witnesses Pursuant to Notice of
14      Deposition Under Rule 30(b)(6), or in the Alternative, for Leave to Serve
     Such Notice (filed 12/21/07)
15

16    7.   Mattel's Motion to Compel Production of Documents by MGA in Response to
17      Mattel's Fifth Set of Requests for Documents and Things to MGA (filed
     1/28/08)
18

19    8.   MGA's Motion to Overrule Mattel's Relevance Objection and Compel
     Discovery Relevant to Statute of Limitations and Laches Defenses (filed
20      1/17/08)

21
   9.   Mattel's Motion to Compel MGA to Produce Communications Regarding this
22      Action (filed 2/5/08)

23
   10.   MGAs' Motion to Compel Production of Documents from Third Party Rights
24      Management Consultants, Inc. (filed 3/10/08)

25
   11.   Mattel's Motion to Compel Additional Deposition Testimony and Production
26      of Documents by Veronica Marlow (filed 1/28/08)

27

28

EXHIBIT   2

     PAGE   22

Case 2:04-cv-09049-DOC-RNB  Document 3334-3  Filed 04/28/08  Page 22 of 52  Page ID
#:56785
Case 2:04-cv-09049-SGL-RNB  Document 2859  Filed 03/28/2008  Page 15 of 15

1    12.    MGA's Motion to Overrule Mattel's and Richard De Anda's Objections to
2           Subpoena and to Compel Discovery (filed 1/28/08)

3    13.    Mattel's Motion to Compel Further Deposition of Margaret Hatch-Leahy and
4           to Overrule Instructions Not to Answer (filed 1/28/08)

5    14.    MGA's and Carter Bryant's Motion to Compel An Unredacted Version Of
6           M0074400, Mattel's Investigative File 02-299 And The Further Deposition Of
            Richard De Anda (filed 1/4/08)
7
8    15.    Mattel's Motion to Compel Deposition and Production of Documents of
            Christensen Glaser Fink Jacobs Weil & Shapiro LLP (filed 2/29/08)
9
10   16.    MGA Defendants' Motion to Quash Subpoena to Bank of America or, in the
            alternative, for Protective Order (filed 1/29/08)
11
12   17.    MGA, MGA HK, MGA Mexico and Isaac Larian's Motion to Quash
            Subpoenas or, in the Alternative, for Protective Order [re Mattel's subpoenas
13          to ConsumerQuest, Deloitte & Touche, Ernst & Young, the Isaac and Angela
14          Larian Trust, the Isaac Larian Annuity Trust, Moss Adams, Wachovia, and
            Wells Fargo] and Mattel's Countermotion to Compel Production (motion filed
15          12/21/07; counter motion filed 1/18/08);

16   18.    Motion of MGA Parties for Clarification re Portions of 2/15/08 Order
17          Granting in Part and Denying in Part Mattel's Motion to Compel Responses to
            Interrogatory Nos. 27-44 and 46-50 by the MGA Parties (filed 3/3/08)
18
19   19.    MGA and MGA Mexico's Motion for Protective Order from Mattel's Fourth
20          Notice of Deposition of MGA and Notice of Deposition of MGA Mexico
            (filed 1/18/08)
21
22   20.    MGA Defendants' Motion For Protective Order From Mattel's Notice Of
            Deposition Of Lucy Arant (filed 3/17/08)
23
24   21.    MGA Defendants' Motion To Quash Larry Mcfarland's Deposition Subpoena
            (filed 3/17/08)
25   22.    Third-Party Matthew Bousquette's Motion to Quash Subpoena Seeking the
            Deposition or, alternatively, Motion for Protective Order (filed 3/27/08)
26
27   23.    Mattel's Motion for Protective Order re: Matthew Bousquette (filed 3/27/08)
28
                                              EXHIBIT ____2____
                                              PAGE ____23____

07209/2445768.1                 -14-

# EXHIBIT 3

RECEIVED

JAN 23 2007

1   DALE M. CENDALI (admitted *pro hac vice*)
    DIANA M. TORRES (S.B. #162284)
2   JAMES P. JENAL (S.B. # 180190)
    O'MELVENY & MYERS LLP
3   400 South Hope Street
    Los Angeles, CA 90071-2899
4   Telephone: (213) 430-6000
    Facsimile: (213) 430-6407
5   Email:       jjenal@omm.com

6   PATRICIA GLASER (S.B. #55668)
    CHRISTENSEN, GLASER, FINK,
7   JACOBS, WEIL & SHAPIRO, LLP
    10250 Constellation Boulevard, 19th Floor
8   Los Angeles, CA 90067
    Telephone: (310) 553-3000
9   Facsimile: (310) 557-9815

10  Attorneys for MGA Entertainment, Inc.

11  DOUGLAS A. WICKHAM (S.B. #127268)
    KEITH A. JACOBY (S.B. #150233)
12  LITTLER MENDELSON
    A Professional Corporation
13  2049 Century Park East, 5th Floor
    Los Angeles, CA 90067.3107
14  Telephone: (310) 553-0308
    Facsimile: (310) 553-5583
15
    Attorneys for Carter Bryant
16                    UNITED STATES DISTRICT COURT
17                   CENTRAL DISTRICT OF CALIFORNIA
                            EASTERN DIVISION
18

19  CARTER BRYANT, an individual,        Case No. CV 04-09049 SGL (RNBx)
                                          (consolidated with CV 04-9059 & 05-2727)
                 Plaintiff,
20                                        **DISCOVERY MATTER**
          v.
21                                        **MGA AND BRYANT'S REPLY IN**
    MATTEL, INC., a Delaware              **SUPPORT OF THEIR JOINT MOTION**
22  Corporation,                          **TO COMPEL THE PRODUCTION OF**
                 Defendant.               **DOCUMENTS AND THE DEPOSITION**
23                                        **OF 30(B)(6) WITNESSES**

24  CONSOLIDATED WITH                     Hearing date:   January 25, 2007
    MATTEL, INC. v. BRYANT and            Hearing time:   9:00 a.m.
25  MGA ENTERTAINMENT, INC. v.
    MATTEL, INC.
26

27

28                                        EXHIBIT  1-22            3
                                          MGA AND BRYANT'S REPLY
                                          TO JOINT MOTION TO COMPEL
                                          PAGE CV 04-09049 SGL (RNBX)   24

1        This memorandum of points and authorities is filed in support of MGA

2   Entertainment, Inc.'s ("MGA") and Carter Bryant's ("Bryant") reply in support of

3   their joint motion to compel Mattel, Inc. ("Mattel") to produce documents and

4   depositions of witnesses designated by Mattel under Federal Rule of Civil

5   Procedure 30(b)(6) in the case originally captioned *Mattel, Inc. v. Bryant,* Case No.

6   CV 04-9059 SGL (RNBx).

7

8   **I.     INTRODUCTION**

9

10        Mattel's opposition attempts to misdirect the focus of attention away from its

11   continued refusal to provide discovery to which MGA and Bryant are entitled.

12   Mattel first argues that the present motion should be denied because MGA lacks

13   standing to bring it, since Bryant, not MGA, served the 30(b)(6) deposition notice.

14   As Mattel is well aware, however, Bryant and MGA have long operated under a

15   Joint Defense Agreement in this case, the motion was captioned as a joint motion,

16   and it was signed by both parties. Thus, the fact that Bryant served the 30(b)(6)

17   notice is immaterial.

18        Mattel next argues that evidence related to the 2002 Anonymous Letter and

19   investigation is irrelevant and that the District Court's January 12, 2007 Order

20   mooted the issue. In fact, the District Court's Order did not in any way preclude

21   MGA and Bryant from arguing that Mattel's ownership and copyright claims are

22   barred by the statute of limitations. Rather, the District Court specifically noted

23   that MGA and Bryant's concerns regarding the statute of limitations would *not* be

24   affected by allowing Mattel to amend its answer and to assert counterclaims in the

25   *MGA v. Mattel* litigation. Moreover, Mattel failed to address Bryant and MGA's

26   argument that evidence related to the 2002 Anonymous Letter and investigation is

27   highly relevant to the laches defense as it will show when Mattel first became

28   aware of its alleged claims against Bryant and MGA. Additionally, the District

- 2 -

1   Court's Order did not address the laches defense, nor did it contain any

2   determination as to the relevance of evidence related to the 2002 Anonymous Letter

3   and investigation.  To the contrary, that defense is very much alive, and this

4   evidence is highly relevant.

5          Finally, Mattel argues that it has already identified and provided dates for the

6   depositions of its designated 30(b)(6) witnesses.  Contrary to Mattel's

7   representation to this Court, however, Mattel continues to refuse to provide dates

8   for the depositions of nine of its 15 topic designees, and deposition dates for the six

9   remaining designees that Mattel first promised in May of 2005 were only provided

10  *after this Motion was filed.*  Accordingly, the Court should grant MGA and

11  Bryant's joint motion to compel Mattel to produce documents related to the 2002

12  Anonymous Letter and investigation, and to permit the re-examination of witnesses.

13  Additionally, the Court should require Mattel to provide dates for the depositions of

14  its remaining 30(b)(6) witnesses and order those witnesses to appear as designated.

15

16  **II.    ARGUMENT**

17        **A.    Mattel's Assertion That The Court Should Deny MGA and
               Bryant's Joint Motion On The Theory That MGA Lacks Standing
18             is Without Merit**

19

20         As a preliminary matter, Mattel's argument that the Court should deny the

21  instant motion on the theory that MGA lacks standing because Bryant noticed the

22  30(b)(6) deposition is without merit.  Mattel conveniently ignores the fact that the

23  motion to compel was captioned as a joint motion and signed by counsel for both

24  MGA and Bryant.  Moreover, as Mattel is well aware, MGA and Bryant have a

25  Joint Defense Agreement in this action and routinely collaborate on depositions and

26  motions relevant to both parties.  (*See* Declaration of Keith Jacoby ("Jacoby Decl.")

27  ¶ 2.)  The identity of the party that "takes the laboring oar" in drafting a joint

28  motion has nothing to do with the question of standing to bring a joint motion.  As

- 3 -

EXHIBIT 3

PAGE 26

1   long as either defendant has standing – and Mattel concedes that Bryant does – the

2   joint motion's *author* is immaterial.

3

4   **B.     MGA and Bryant's Motion to Compel the Production of Evidence**
        **Related to the 2002 Anonymous Letter and Investigation Has Not**
5       **Been Mooted by the Court's Recent Order**

6          **1.    MGA and Bryant Should be Allowed to Seek Evidence**
                **Regarding the 2002 Anonymous Letter and Investigation to**
7               **Determine When Mattel Was First On Notice of Any Claims**

8          On January 12, 2007, the District Court issued an Order denying Mattel's

9   motion for leave to amend its complaint in the *Mattel v. Bryant* action, and instead

10  granted Mattel leave to amend its answer and to assert counterclaims in the *MGA v.*

11  *Mattel* litigation. In its Order, the District Court concluded that Mattel's

12  amendment was not futile under Rule 15 and allowed it to file its amended answer

13  and counterclaims based on the liberal standard applicable to motions for leave to

14  amend. In so doing, the District Court made a pleading-based ruling that Mattel

15  properly alleged facts sufficient to invoke the relation back doctrine. (Order

16  Regarding Mattel's Motion For Leave to Amend, at 13-15.)

17         Nothing in the District Court's Order precludes Bryant and MGA from

18  arguing in a motion for summary judgment that Mattel's ownership and copyright

19  infringement claims are barred by the statute of limitations. *See Hurst v. Beck,*

20  1992 U.S. Dist. LEXIS 11377, *14 (E.D. Pa. 1992) (on order granting leave to

21  amend, court acknowledged reliance on facts as pleaded by plaintiff, thus

22  defendant's statute of limitations argument could be raised in a summary judgment

23  motion following factual discovery on the issue). In fact, the District Court's Order

24  expressly states that "[n]one of the substantive concerns raised by MGA and Bryant

25  to the present amended complaint, *e.g.,* statutes of limitations, would appear to be

26  affected" by allowing Mattel to file an amended answer and counterclaims in the

27  *MGA v. Mattel* litigation rather than as new claims in the *Mattel v. Bryant* action.

28

- 4 -

3

27

1  (Order Regarding Mattel's Motion For Leave to Amend, at 22.) Thus, Bryant and

2  MGA should be allowed to conduct discovery on this issue to test the correctness of

3  Mattel's factual averments as to when it first became aware of its alleged claims

4  regarding "Bratz."

5          2.      **Evidence Related to the 2002 Anonymous Letter and
6                  Investigation is Relevant to Defendants' Laches Defense**

7          Evidence related to the 2002 Anonymous Letter and investigation is also

8  relevant to Bryant and MGA's defense based on the doctrine of laches.[1]  As MGA

9  and Bryant explained in their opening brief, evidence relating to the 2002

10 Anonymous Letter and investigation is highly relevant to determining the point in

11 time that Mattel was on notice of the claims it seeks to bring regarding "Bratz."

12         Mattel denied for years that it sought the rights to "Bratz," or that it was

13 asserting a claim for copyright infringement.  There can be no doubt now that

14 Mattel's repeated denials were nothing more than a calculated manipulation of the

15 District Court, all the while allowing MGA to continue to invest millions building

16 the "Bratz" brand.  Significantly, Mattel never mentions - let alone addresses -

17 MGA and Bryant's argument that evidence related to the 2002 Anonymous Letter

18 and investigation is relevant to their laches defense.  Indeed, Mattel's failure to

19 address this argument is a tacit admission that evidence related to the 2002

20 Anonymous Letter and investigation is highly relevant and has not been mooted by

21 the District Court's recent Order.[2]  That alone is a sufficient basis to grant MGA

22 and Bryant's joint motion to compel the production of documents related to the

23 2002 Anonymous Letter and investigation, and to require the re-examination of

[1] Notably, Bryant and MGA's laches defense was not raised in either party's opposition to
Mattel's motion for leave to amend, nor addressed in the District Court's January 12, 2007 Order.
Indeed, contrary to Mattel's suggestion, there is nothing to suggest that evidence related to the
2002 Anonymous Letter and investigation is anything other than what it is – highly relevant.
[2] While Mattel claims that it need not put documents related to the 2002 Anonymous Letter
investigation on its privilege log because it has unilaterally declared them to not be relevant
(Opp'n at 15), a ruling here that these documents are relevant to both statute of limitations and
laches defenses strips Mattel of this self-serving basis for withholding discovery.

- 5 -

MGA AND BRYANT'S REPLY
TO JOINT MOTION TO COMPEL
CV 04-09049 SGL (RNBX)

EXHIBIT 3
PAGE 28

1    Alan Kaye.

2            **3.    Mattel Rejected Bryant's Proposal Regarding the 2002
3                    Anonymous Letter and Investigation**

4            MGA and Bryant's motion was not brought in bad faith because Mattel

5    rejected their proposal and refused to provide discovery to which MGA and Bryant

6    are entitled. In an attempt to avoid unnecessary motion practice, MGA and Bryant

7    proposed during the meet and confer on December 27, 2006, that Mattel agree to:

8    1) provide an updated privilege log reflecting documents related to the 2002

9    Anonymous Letter and investigation that Mattel is withholding based on its claim

10   that such documents are privileged; 2) supply a list of names of the individuals

11   involved in the investigation of the allegations in the 2002 Anonymous Letter; ***and***

12   3) allow the re-examination of witnesses, in particular Alan Kaye, regarding the

13   2002 Anonymous Letter investigation. (*See* Jacoby Decl. ¶¶ 7-8.) Mattel thereafter

14   contacted counsel for MGA and Bryant and offered a comprise agreement. In

15   particular, Mattel agreed to update its privilege log and to provide a list of names of

16   persons involved in the investigation of the allegations in the 2002 Anonymous

17   Letter, but rejected MGA and Bryant's request to allow the re-examination of

18   witnesses with regard to the investigation. (*See* Jacoby Decl. ¶ 10.) That

19   "compromise" – requiring MGA and Bryant to give up discovery to which they

20   were entitled in exchange for a privilege log that Mattel was already obligated to

21   produce – was unacceptable. (*See* Jacoby Decl. ¶¶ 10-11.)

22           Mattel cannot now rely on the fact that it belatedly agreed to update its

23   privilege log and to supply names of persons involved with the investigation to

24   claim that the present motion was brought in bad faith.[3]  MGA and Bryant are

25   entitled to examine Mattel's witnesses regarding its investigation of the allegations

26

27   [3] Although Mattel stated that it "intends to serve an amended privilege log that lists all withheld
     documents relating to the anonymous letter 'investigation' expeditiously as a showing of good
28   faith," (Opp'n at n. 43), as of the date of this Reply, Mattel has not produced any such amended
     privilege log.

- 6 -    EXHIBIT __3__    MGA AND BRYANT'S REPLY
                         TO JOINT MOTION TO COMPEL
                         CV 04-09049 SGL (RNBX)

         PAGE __29__

1  contained in the 2002 Anonymous Letter. Mattel should not be allowed to withhold

2  discovery it is obligated to produce as a means of handling a discovery dispute.

4  ### C.  Mattel Should Be Compelled to Produce Its 30(b)(6) Witnesses

As set forth in Bryant and MGA's moving papers, the parties communicated at length regarding Mattel's failure to respond to MGA's repeated requests for deposition dates. In an attempt to bring closure to the issue, on January 3, 2007, MGA proposed the parties enter into a joint stipulation, whereby MGA and Mattel would each provide the names and available dates for depositions of the parties' remaining 30(b)(6) witnesses on Friday, January 5, 2007. (*See* Declaration of James P. Jenal, filed January 5, 2007 ("Jenal Decl."), ¶ 13 & Ex. R.) That offer required Mattel to finally comply by noon on Friday, January 5, 2007, and Mattel's counsel confirmed its understanding of that offer. (Jenal Decl. ¶ 13.) By late afternoon on Friday, despite not having received any response from Mattel regarding the offered joint stipulation, or any indication that Mattel intended to provide witnesses or dates for their depositions in response to the 30(b)(6) notices, MGA nevertheless provided Mattel with the list of its designated 30(b)(6) witnesses and the dates those witnesses were available for deposition.[4] Even then, Mattel failed to respond and Bryant and MGA filed the instant Motion.

Tellingly, Mattel admits that it did not offer additional dates for deponents to testify in response to Bryant's 30(b)(6) notices until *after* MGA and Bryant filed their motion to compel. (Opp'n at 21, referencing letters of January 8 and 16.)

[4] Mattel disingenuously claims that MGA refused to disclose why Paula Garcia, MGA's witness designated to testify regarding the majority of topics in Mattel's 30(b)(6) notice, is not available prior to mid-March. Contrary to Mattel's assertion, MGA informed Mattel at the time it offered dates for its 30(b)(6) witnesses to testify that Ms. Garcia is currently working out of the country. (*See* Supplemental Declaration of James P. Jenal ("Supp. Jenal Decl."), filed concurrently herewith, ¶ 3, Ex. A.) Moreover, Kerri Brode, the second of MGA's two designated 30(b)(6) witnesses, was produced for her deposition on the designated topics on January 19, 2007, but counsel for Mattel terminated the deposition without having asked Ms. Brode a single question regarding the two topics for which she had been designated. (*See* Supp. Jenal Decl., ¶ 4.)

- 7 -   MGA AND BRYANT'S REPLY TO JOINT MOTION TO COMPEL CV 04-09049 SGL (RNBX)

EXHIBIT  5
PAGE  30

1   Thus, Mattel's claim that MGA and Bryant filed the instant motion in bad faith

2   knowing that Mattel was going to designate witnesses and dates for deposition is

3   baseless. Having witnessed months of delay, combined with Mattel's refusal to

4   enter into a binding stipulation that would have prevented any further delay, Bryant

5   and MGA rightly believed that at the very least, the threat of a court order was

6   necessary to secure firm dates for these depositions. And the record bears that out –

7   only since filing this motion has Mattel grudgingly offered dates for depositions on

8   six of the remaining fifteen 30(b)(6) topics. (Supp. Jenal Decl. ¶ 2.) As there is no

9   dispute about the relevance or appropriateness of these remaining 30(b)(6) topics

10   (as evidenced by Mattel's 2005 agreement to produce them), Mattel's continued

11   refusal to provide deposition dates for these witnesses should not be permitted, and

12   an Order compelling their testimony by the end of February is still appropriate.

14       **D.**   **Sanctions Are Not Warranted Because MGA and Bryant Did Not File The Instant Motion in Bad Faith**

16      Finally, Mattel argues that it is entitled to sanctions because MGA and

17   Bryant allegedly brought the instant motion in bad faith. As set forth at length

18   above, and contrary to Mattel's assertions, the joint motion was brought to resolve

19   legitimate disputes between the parties. To the contrary, if anyone should be

20   required to pay sanctions, it should be Mattel for refusing for years to provide

21   MGA and Bryant with discovery to which they are properly entitled and for

22   attempting to turn this simple discovery dispute into something incomprehensible.

24   **III.**   **CONCLUSION**

25      For the reasons stated in MGA and Bryant's joint motion to compel, as well

26   as those detailed herein, the Court should grant MGA and Bryant's Joint Motion to

27   Compel Mattel to produce documents related to the 2002 Anonymous Letter and

- 8 -

EXHIBIT 3

PAGE 31

MGA AND BRYANT'S REPLY TO JOINT MOTION TO COMPEL CV 04-09049 SGL (RNBX)

1   investigation, to permit the re-examination of Mr. Kaye, to require Mattel to log

2   any documents withheld on the grounds of privilege and to produce its 30(b)(6)

3   witnesses for deposition by the end of February.

4

5       Dated:  January 22, 2007          O'MELVENY & MYERS LLP

6

7                                         By: James P. Jenal
                                          Attorneys for MGA Entertainment, Inc.
8                                         LITTLER MENDELSON

9

10                                        By: Keith A. Jacoby
                                          Attorneys for Carter Bryant
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                          - 9 -                    MGA AND BRYANT'S REPLY
                                                  TO JOINT MOTION TO COMPEL
                                                   CV 04-09049 SGL (RNBX)

                                          EXHIBIT ___8___

                                          PAGE ___32___

1               PROOF OF SERVICE

2          I, Mila D. Sucgang, declare:

3          I am a resident of the State of California and over the age of eighteen
4   years, and not a party to the within action; my business address is 400 South Hope
    Street, Los Angeles, California  90071-2899.  On January 22, 2007, I served the
5   within document:

6          MGA & BRYANT'S REPLY IN SUPPORT OF THEIR
7          JOINT MOTION TO COMPEL THE PRODUCTION OF
           DOCUMENTS AND THE DEPOSITION OF 30(B)(6)
8          WITNESSES;

9       ☒   by causing to be personally served and by sending an electronic mail
10          the document(s) listed above to the person(s) listed below.

11      Jon D. Corey, Esq.
        Quinn Emanuel Urquhart Oliver & Hedges, LLP
12      865 South Figueroa Street, 10th Floor
        Los Angeles, CA 90017
13      michaelzeller@quinnemanuel.com

14      Douglas A. Wickham, Esq.          Patricia Glaser, Esq.
15      Keith A. Jacoby, Esq.             Christensen, Glaser, Fink, Jacol
        Littler Mendelson, P.C.           Weil & Shapiro, LLP
16      2049 Century Park East            10250 Constellation Blvd.
        Fifth Floor                       19th Floor
17      Los Angeles, CA 90067             Los Angeles, CA 90067

18         I declare under penalty of perjury under the laws of the United States
19   that the above is true and correct.

20         Executed on January 22, 2007, at Los Angeles, California.

21

22                                    _____
                                            Mila D. Sucgang
23

24

25

26

27

28
                                    EXHIBIT    3
                                    _____
                                           PROOF OF SERVICE
                                    PAGE    33
                                    _____

# EXHIBIT 4

**FILE COPY**

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

February 19, 2008

<u>VIA ELECTRONIC MAIL AND U.S. MAIL</u>

Thomas J. Nolan, Esq.                              Christa Anderson, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP           Keker & Van Nest, LLP
300 South Grand Avenue, Suite 3400                 710 Sansome Street
Los Angeles, CA 90071                              San Francisco, CA 94111

Re:    <u>Mattel, Inc. v. Bryant, et al.</u>

Dear Counsel:

I write to advise you that Mattel's designee on Topic Nos. 2-8, 11-13, 15-21 and 24 (as those topics have been narrowed and modified by agreement of the parties, by concession and by orders of Magistrate Judge Block, the Discovery Master and Judge Larson), will be made available for deposition on Friday, February 22, 2008 at 9:00 a.m. Mattel's designee will be Kathleen Simpson-Taylor. If you have any questions regarding the foregoing, please do not hesitate to call.

Best regards,

Jon Corey

Jon Corey
07209/2392905.1

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100

SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700

SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

07209/2392905.1

EXHIBIT    4

PAGE    34

# EXHIBIT 5

Case 2:04-cv-09049-DOC-RNB   Document 3334-3   Filed 04/28/08   Page 37 of 52   Page ID
#:56810
Case 2:04-cv-09049-SGL-RNB   Document 3292   Filed 04/25/2008   Page 1 of 3

1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 090378)
2      johnquinn@quinnemanuel.com
      Michael T. Zeller (Bar No. 196417)
3      (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
4      (joncorey@quinnemanuel.com)
    865 South Figueroa Street, 10th Floor
5   Los Angeles, California 90017-2543
    Telephone: (213) 443-3000
6   Facsimile: (213) 443-3100

7
    Attorneys for Plaintiff
8   Mattel, Inc.

9                  UNITED STATES DISTRICT COURT

10              CENTRAL DISTRICT OF CALIFORNIA

11                      EASTERN DIVISION

12   CARTER BRYANT, an individual,        Case No. CV 04-09049 SGL (RNBx)

13                Plaintiff,              Consolidated with
                                          Case No. CV 04-09059
14          vs.                           Case No. CV 05-02727

15   MATTEL, INC., a Delaware             STIPULATION REGARDING
     corporation,                         BRIEFING SCHEDULE ON
16                                        OBJECTIONS TO DISCOVERY
                  Defendant.              MASTER'S ORDERS OF APRIL 11
17                                        AND 22, 2008

18   AND CONSOLIDATED CASES               [Proposed Order filed concurrently]

19                                        **Phase 1:**
                                          Pre-trial Conference: May 5, 2008
20                                        Trial Date:           May 27, 2008

21

22

23

24

25

26

27                                        EXHIBIT _____ 5

28                                        PAGE _____ 35

07209/2483384.1

          STIPULATION RE OBJECTIONS TO DISCOVERY MASTER ORDERS

Case 2:04-cv-09049-DOC-RNB   Document 3334-3   Filed 04/28/08   Page 38 of 52   Page ID
#:56811
Case 2:04-cv-09049-SGL-RNB   Document 3292   Filed 04/25/2008   Page 2 of 3

## STIPULATION

WHEREAS, on April 11, 2008 the Discovery Master issued an Order Granting in Part and Denying in Part MGA's Motion to Compel Mattel to Produce a Witness Pursuant to Notice of Deposition Under Rule 30(b)(6) (the "April 11 Order");

WHEREAS, the April 11 Order requires compliance by Mattel no later than May 5, 2008;

WHEREAS, Mattel's Objections are due to be filed by April 25, 2008;

WHEREAS, Mattel intends to file Objections to the April 11 Order;

WHEREAS, on April 22, 2008 the Discovery Master issued an Order Granting Third-Party Matthew Bousquette's Motion to Quash Subpoena (the "April 22 Order";

WHEREAS, MGA intends to file Objections to the April 22 Order;

WHEREAS, Mattel, MGA and Matthew Bousquette (the "Parties") believe that the Discovery Master's Orders raise important issues that should be resolved on an expedited basis;

NOW, THEREFORE, the Parties, by and through their counsel of record, hereby agree as follows:

1. The Parties' shall have until Monday, April 28, 2008, to file their respective Objections to the Discovery Master's Orders.

2. The Parties shall have until Thursday, May 1, 2008, to file their respective Oppositions.

3. The Parties shall file their replies, if any, no later than the morning of Monday, May 5, 2008.

4. The hearing on the Parties' objections shall be held on Monday, May 5, 2008, at 10:00 a.m., or at such other time as may be designated by the Court.

EXHIBIT ___ 5

PAGE ___ 36

Case 2:04-cv-09049-DOC-RNB   Document 3334-3   Filed 04/28/08   Page 39 of 52   Page ID
#:56812
Case 2:04-cv-09049-SGL-RNB   Document 3292   Filed 04/25/2008   Page 3 of 3

1          5.      The Parties agree that while Mattel's Objections are pending, its

2  obligations to comply with the Discovery Master's April 11, 2008 Order shall be

3  stayed.

4          IT IS SO STIPULATED.

5

6  DATED:  April 25, 2008          QUINN EMANUEL URQUHART OLIVER &
                                    HEDGES, LLP
7

8
                                    By  Jon D. Corey  /ZDK
9                                       Jon D. Corey
10                                      Attorneys for Mattel, Inc.

11
   DATED:  April 25, 2008          CALDWELL LESLIE & PROCTOR, PC
12

13
                                    By  Christopher Caldwell  /ZDK
14                                      Christopher Caldwell
15                                      Attorneys for Third-Party Matthew
                                        Bousquette
16
17  DATED:  April 25, 2008          SKADDEN ARPS SLATE MEAGHER &
                                    FLOM, LLP
18

19
                                    By  Marcus Mumford  /ZDK
20                                      Marcus M. Mumford
21                                      Attorneys for MGA Entertainment, Inc.,
                                        Isaac Larian, and MGA Entertainment
22                                      (HK) Ltd.

23

24

25

26

27

28

07209/2483384.1

-3-

EXHIBIT     5

PAGE     37

# EXHIBIT 6

1   Hon. Edward A. Infante (Ret.)
    JAMS
2   Two Embarcadero Center
    Suite 1500
3   San Francisco, California  94111
    Telephone:      (415) 774-2611
4   Facsimile:      (415) 982-5287

5

6

7

8                       UNITED STATES DISTRICT COURT

9                      CENTRAL DISTRICT OF CALIFORNIA

10                            EASTERN DIVISION

11

12  CARTER BRYANT, an individual,              CASE NO. CV 04-09049 SGL (RNBx)
                                               JAMS Reference No. 1100049530
13
                Plaintiff,
14                                             Consolidated with
          v.                                   Case No. CV 04-09059
15                                             Case No. CV 05-2727
    MATTEL, INC., a Delaware corporation,
16                                             **ORDER DENYING MGA'S MOTION**
                Defendant.                     **TO COMPEL DISCOVERY AS TO**
17                                             **ISSUES AS TO WHICH MATTEL HAS**
                                               **PURPORTEDLY WAIVED THE**
18                                             **ATTORNEY-CLIENT AND WORK**
                                               **PRODUCT PRIVILEGES BY CLAIM**
19                                             **ASSERTION**

20  CONSOLIDATED WITH
    MATTEL, INC. v. BRYANT and
21  MGA ENTERTAINMENT, INC. v. MATTEL,
    INC.
22

23

24                            I. INTRODUCTION

25          On January 18, 2008, MGA Entertainment, Inc., ("MGA") submitted a "Motion to

26  Compel Discovery as to Issues as to Which Mattel has Waived the Attorney-Client and Work

27  Product Privileges by Claims Assertion."  At issue is whether, under the standards set forth in

28  Bryant v. Mattel, Inc.,
    CV-04-09049 SGL (RNBx)

EXHIBIT ___6___

PAGE ___38___

1   Hearn v. Hearn v. Rhay, 68 F.R.D. 574 (E.D. Wash. 1975), Mattel has impliedly waived the

2   attorney-client privilege and work product doctrine concerning what it knew or had reason to

3   suspect, prior to November 2003, regarding (a) Carter Bryant's involvement in Bratz, (b) his

4   alleged breach of contract, (c) his work for MGA, and/or (d) Mattel's alleged ownership of Bratz.

5   On January 31, 2008, Mattel, Inc. ("Mattel") submitted an opposition, and on February 5, 2008,

6   Mattel submitted a reply. On April 7, 2008, MGA submitted a twenty-one page supplemental

7   memorandum of points and authorities, the declaration of Lance Etcheverry and the second

8   supplemental declaration of Marcus Mumford. On April 11, 2008, Mattel submitted the

9   declaration of Dylan Proctor. The matter was heard on April 11, 2008.

## II. BACKGROUND

10   In July of 2007, Mattel filed counterclaims alleging, inter alia, that it was the "true owner

11   of Bratz" pursuant to agreements it had with Carter Bryant ("Bryant"), and that Bryant

12   "conceived, created or reduced to practice" Bratz designs and worked for MGA while employed

13   at Mattel. Mumford Decl., Ex. 1, Second Amended Counterclaim, ¶¶23-27, 29, 34. Mattel

14   alleged that "Bryant and MGA deliberately and intentionally concealed facts sufficient for Mattel

15   to suspect or to know that it was the true owner of Bratz . . . . includ[ing] . . . the fact that Bryant

16   conceived, created, designed and developed Bratz while employed by Mattel, . . . the fact that

17   Bryant worked with and assisted MGA during the time Bryant was employed by Mattel, . . . [and]

18   concealing Bryant's role in Bratz." Id. at ¶35. Further, Mattel alleged that:

19       [b]ecause of Bryant's and MGA's acts of concealment. . . Mattel had no reason to
         suspect that Bryant had worked with MGA, or assisted MGA, while he [sic] still
20       employed by Mattel until approximately November 24, 2003, when Mattel
         received, through an unrelated legal action, a copy of Bryant's agreement with
21       MGA, which showed that the date of Bryant's agreement with MGA predated
         Bryant's departure from Mattel. It was then, as a result, that Mattel learned for the
22       first time that Bryant had secretly aided, assisted and worked for and with MGA .
         . . in violation of his Mattel Employment Agreement.
23
     Id. at ¶¶35-36. Based on the above, Mattel asserted numerous claims against MGA and Bryant,
24
     including, inter alia, copyright infringement, civil RICO violations, conspiracy to violate RICO,
25
     breach of contract, intentional interference with contract, breach of fiduciary duty, aiding and
26
     abetting breach of fiduciary duty, breach of duty of loyalty, aiding and abetting breach of duty of
27
     loyalty, conversion, unfair competition, and declaratory relief.
28
     Bryant v. Mattel, Inc.,
     CV-04-09049 SGL (RNBx)

EXHIBIT ___6___ 2

PAGE ___39___

1    MGA and Bryant denied the allegations in Mattel's counterclaims and pleaded several

2    affirmative defenses, including statute of limitations and laches.  MGA and Bryant sought and

3    received discovery relating to these two defenses.  More specifically, MGA and Bryant obtained

4    interrogatory responses, documents, admissions, and deposition testimony directed to when, in

5    fact, Mattel first had reason to suspect Bryant's involvement in Bratz, his alleged breach of

6    contract, his work for MGA, and Mattel's alleged true ownership of Bratz.

7    In response to an interrogatory, Mattel provided the following information relating to

8    when and how Mattel first learned that Bryant performed work for MGA:

9    To Mattel's knowledge, Bryant was first confirmed as the Bratz designer in the
     July 18, 2003 *Wall Street Journal* article, in which Isaac Larian also indicated that
     Bryant had been involved in some manner with MGA in or about "late 1999."

10

11   Subsequently, in November 2003, Mattel obtained a copy of a contract between
     defendant Carter Bryant and defendant MGA . . . .  Through this agreement,
12   Mattel concluded that Bryant . . . worked as a designer for a Mattel competitor,
     MGA.

13

14   Mumford Decl., Ex. 17.  Mattel later supplemented its response to state:  "[a]fter Bryant left

15   Mattel, but prior to the July 18, 2003 [*Wall Street Journal*] article, there was rumor and innuendo

16   that Bryant may be working with MGA on Bratz."  Id., Ex. 3.  Mattel's supplemental interrogatory

17   response also includes an assertion that Bryant used several Mattel employees to work on the

18   Bratz dolls so that the Bratz dolls "had been designed and were far along in development during

     the time that Bryant was employed by Mattel."  Id., Ex. 4.

19   In the instant motion, MGA contends that Mattel has impliedly waived the attorney-client

20   and work product privileges concerning what Mattel knew or had reason to suspect, prior to

21   November 2003, regarding (a) Bryant's involvement in Bratz, (b) his alleged breach of contract,

22   (c) his work for MGA, and/or (d) Mattel's alleged true ownership of Bratz.  MGA reasons that in

23   order to avoid the statute of limitations and laches doctrine, Mattel affirmatively injected into this

24   litigation the issue of what it knew or had reason to suspect prior to November 2003 regarding

25   these subjects, and that Mattel has denied MGA access to information vital to its defenses by

26   asserting the attorney-client privilege and work product doctrine.  MGA contends that fairness

27   dictates that MGA be given access to all evidence that might show what Mattel knew or had

28   Bryant v. Mattel, Inc.,
     CV-04-09049 SGL (RNBx)

EXHIBIT ___6___3

PAGE ___40___

1   reason to suspect concerning these subjects, including attorney-client communications and work

2   product. MGA further contends that, based upon the discovery it has received to date, there is

3   good reason to believe that at least as early as the summer of 2001, when Bratz was first released,

4   Mattel suspected or had reason to suspect that Bryant was involved in Bratz and that he also

5   worked for MGA while a Mattel employee. See MGA's Motion at pp. 2-5. MGA seeks an order

6   (1) finding that Mattel has waived the attorney-client privilege and work product doctrine

7   concerning what Mattel knew or had reason to suspect prior to November 2003 regarding Bryant's

8   involvement in Bratz, his alleged breach of contract, his work for MGA, and/or Mattel's alleged

9   true ownership of Bratz, and (2) compelling Mattel to supplement its pertinent discovery

10   responses and document productions accordingly.

11          Mattel contends that there is no basis for finding a waiver because Mattel has not

12   affirmatively placed its privileged communications at issue. Mattel draws a clear distinction

13   between pleading fraudulent concealment and relying on privileged information to support that

14   pleading. Mattel contends that under Ninth Circuit precedent, merely pleading fraudulent

15   concealment does not place privileged information at issue, and therefore cannot support a finding

16   of waiver. Mattel reasons that if this were the rule, the privilege would be waived any time a

17   party asserts fraudulent concealment simply because privileged information may be probative of

18   what a party knew.

19          In Mattel's view, the Ninth Circuit has only found that a party affirmatively put privileged

20   information at issue in two situations: (1) where a party relies on privileged information to

21   support a claim or defense, and (2) where the only evidence available to assess the truthfulness of

22   a party's claim or defense consists of privileged information. Mattel contends neither situation is

23   present here. Mattel contends that it has not relied upon any privileged information to support its

24   fraudulent concealment allegation, and that the evidence related to its fraudulent concealment

25   allegations is not solely privileged. Mattel also denies shielding any of the facts of when and how

26   it learned that Bryant allegedly worked for MGA while he was employed by Mattel.

27   Furthermore, Mattel contends that in view of the substantial non-privileged information that exists
     and has been produced, MGA cannot show that Mattel's claims of privilege have denied MGA

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT _____ 6  4

PAGE _____ 41

1 | information critical to its defenses.

2 | ## III. DISCUSSION

3 | In Hearn v. Rhay, 68 F.R.D. 574 (E.D. Wash. 1975), the court established a three-part test

4 | for determining whether a party has impliedly waived the attorney-client privilege and work

5 | product privileges as to subject matter the party has placed at issue. The Hearn test for finding an

6 | implied waiver requires that:

7 | (1) assertion of the privilege was a result of some affirmative act, such as filing suit, by the asserting party; (2) through this affirmative act, the asserting party put the protected information at issue by making it relevant to the case; and (3)

8 | application of the privilege would have denied the opposing party access to information vital to his defense.

9 |

10 | Hearn, 68 F.R.D. at 581, see also Home Indem. Co v. Lane Powell Moss and Miller, 43 F.3d

11 | 1322, 1326 (9th Cir. 1995) (adopting the Hearn test in the Ninth Circuit); United States v. Amlani,

12 | 169 F.3d 1189, 1195 (9th Cir. 1999). In the instant case, the second and third element of the

13 | Hearn test are not satisfied, and therefore a finding of implied waiver is unwarranted.

14 | Because the parties dispute the meaning of the second element of the Hearn test, the facts

15 | in Hearn require careful scrutiny. In Hearn, an inmate brought a civil rights action against prison

16 | officials complaining of his confinement at a state penitentiary and sought discovery of

17 | information to negate the defense that the prison officials acted in good faith and were therefore

18 | immune from suit for damages. The Hearn court found that defendants had impliedly waived the

19 | attorney-client privilege. With respect to the second element, the court reasoned that defendants

20 | had placed privileged information at issue, "for the legal advice they received is germane to the

21 | qualified immunity defense they raised." Hearn, 68 F.R.D. at 851. Despite the court's use of the

22 | term "germane," it is apparent later in the decision that the court's holding was based upon a

23 | finding that the privileged information was more than merely "germane" to the defense raised.

24 | The court stated that defendants' communications with their attorney were "inextricably merged

25 | with the elements of plaintiff's case and defendants' affirmative defense." Id. at 582. The court

26 | also emphasized that "[t]hese communications are not incidental to the case; they inhere in the

27 | controversy itself, and to deny access to them would preclude the court from a fair and just determination of the issues." Id.

28 | Bryant v. Mattel, Inc., CV-04-09049 SGL (RNBx)

EXHIBIT 6 s
PAGE 42

1    Other cases applying Hearn make clear that it is not enough that the privileged
2    information be merely germane or relevant to an issue asserted in the case in order to satisfy the
3    second element of the Hearn test. See U.S. v. Amlani, 169 F.3d 1189, 1195 (9th Cir. 1999)
4    ("[p]rivileged communications do not become discoverable simply because they are related to
5    issues raised in the litigation"). Rather, courts have found that a party affirmatively puts at issue
6    privileged information when that party relies on privileged communications or work product in
7    support of its claims or defenses. See e.g. Chevron Corp. v. Pennzoil Co., 974 F.2d 1156 (9th Cir.
8    1992) (finding implied waiver where defendant asserted advice of counsel defense).
9    Alternatively, courts have found that a party affirmatively puts at issue privileged information
10   when the only evidence available to assess a party's claim or defenses consists of privileged
11   information. See e.g. U.S. v. Amlani, 169 F.3d 1189, 1195 (9th Cir. 1999) (finding implied
12   waiver where the only evidence of an essential element of plaintiff's attorney disparagement claim
13   was privileged communications); Holmgren v. Sate Farm Mutual Automobile Ins. Co., 976 F.2d
14   573, 577 (9th Cir. 1992) (in an action for bad faith claim settlement practices, finding implied
15   waiver of work product regarding insurer's counsel's handling of a claim).
16       Indeed, two of the cases cited by MGA in support of waiver were predicated upon a party
17   putting at issue privileged information by relying on such information to defeat a statute of
18   limitations defense. For example, in In re Imperial Corp. of Amer., 179 F.R.D. 286 (S.D. Cal.
19   1998), the court found implied waiver where the plaintiff contended that it learned it had a claim
20   for legal malpractice by means of counsel's investigation. The plaintiff in that case testified "that
21   he relied on his attorney's advice and investigation regarding overcoming [defendant's] statute of
22   limitations defense." Id. at 288. Similarly, in Titan Corp. v. M/A-Com, Inc., 1994 WL
23   16001739, at *1 (S.D. Cal. 1994), the plaintiff indicated in discovery and elsewhere that it had no
24   actual knowledge of any alleged fraud by defendant until an investigation was conducted by its
25   counsel. The Titan court held that the "plaintiff put the alleged protected information in issue by
26   relying on its counsel's investigation in order to overcome the statute of limitations bar." Id. at *2.
27       A third case relied upon by MGA, Aloe Vera of America, Inc. v. United States, No. CV
28   99-1794 PHX JAT, 2003 WL 22429082 (D. Ariz. 2003), did not involve direct reliance on

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT __6__    6

PAGE __43__

1   privileged information.  In <u>Aloe Vera</u>, the plaintiffs brought suit against the Internal Revenue

2   Service for an allegedly unauthorized disclosure of information to Japan's National Tax Authority

3   ("NTA").  Plaintiffs alleged that they first became aware of the basis of its claim when the

4   government provided information in response to its Freedom of Information Act ("FOIA")

5   complaint demanding release of documents.  Plaintiffs attempted to avoid discovery of privileged

6   documents relating to the "date of discovery" issue by arguing that their Second Amended

7   Complaint made no affirmative reference to their attorneys' investigations as to the accrual of a

8   cause of action.  The court rejected plaintiffs' argument because the evidence in the record

9   demonstrated, among other things, that plaintiffs' retained counsel filed the FOIA request,

10  received a partial response to their FOIA request, and wrote a letter to the IRS stating that IRS

11  conclusions were erroneous and that these conclusions were communicated to the NTA.  The

12  court also noted that plaintiffs claimed in their Second Amended Complaint that several years

13  before suit was filed, their "representatives" (whom the court suspected were plaintiffs' attorneys)

14  were threatened by an NTA official with a press leak to coerce Plaintiffs into accepting their audit

15  proposal.  Therefore, the court concluded that plaintiffs' attorneys' involvement in plaintiffs'

    alleged date of discovery had been placed "at issue" in the case.[1]

16          In the instant case, Mattel has not affirmatively put at issue privileged information in

17  support of its claim or defense.  Mattel's complaint does not refer directly or indirectly to any

18  attorney investigation or attorney involvement in Mattel's alleged discovery of the basis of its

19  claims.  Nor has Mattel alleged that it learned the basis of its claims by means of privileged

20  attorney-client communications or work product.  Mattel's discovery responses also make clear

21  that Mattel is not relying on any privileged information to support its allegations of fraudulent

22  concealment.  Instead, Mattel has disclosed that it first learned of the basis of its claims when it

23  received a copy of Bryant's agreement with MGA in unrelated litigation.  Therefore, the second

24  element of the <u>Hearn</u> test has not been satisfied.

25

26

27      [1] This court declines to follow <u>Rambus Inc. v. Samsung Electronics Co., Ltd.</u>, 2007 WL 344376 (N.D. Cal.
    Nov. 3, 2007), as it appears to be inconsistent with the cases discussed immediately above.

28

EXHIBIT ___6___   7

PAGE ___44___

1    Furthermore, the third element of the Hearn test is clearly dispositive in this case because

2    MGA cannot show that application of the privilege would deny it access to information "vital" to

3    its defense.  Courts applying Hearn in the Ninth Circuit and elsewhere have construed "vital" to

4    mean that the information sought is not available from other sources.  See Amlani, 169 F.3d at

5    1195 ("When the sought-after evidence is "only 'one of several forms of indirect evidence' about

6    an issue," the privilege has not been waived.") (citing Hamilton v. Lumsden (In re Geothermal

7    Resources Int'l, Inc.), 93 F.3d 648, 653 (9th Cir. 1996); see also 1st Sec. Bank of Wash. v. Eriksen,

8    2007 WL 188881, at *3 (W.D. Wash 2007) ("[u]nder Hearn, the information sought must be

9    'vital' to defendants' case, meaning that the information is available from no other source").

10    In the instant case, there are many other means of proof available to MGA to support its

11    statute of limitations and laches defenses.  Mattel has produced hundreds of pages of non-

12    privileged documents regarding its investigations relating to Bryant and/or MGA, including the

13    2002 investigations regarding the "anonymous letter" and potential copyright infringement of

14    Mattel's Toon Teens.  In addition, MGA took the deposition of Richard De Anda, Mattel's head of

15    security, who testified regarding how and when Mattel first investigated Bryant and MGA.  Mr.

16    De Anda confirmed that he had not even heard of MGA, Bryant or Bratz before March 2002.

17    Mattel has also provided interrogatory responses explaining its investigations of Bryant and

18    MGA, and how and when it first learned of Bryant's allegedly wrongful conduct that forms the

19    basis for Mattel's claims.  Significantly, Mattel provided the following information:

20         Mattel conducted an investigation in Spring 2002 based on allegations that
      Bryant may have plagiarized "Toon Teens" and created Bratz dolls for MGA, and
21      later in August 2002 based on an anonymous letter sent to Mattel.  The letter's
      author (whoever it was) offered no evidence for his or her allegations.  The
22      potential claims investigated in 2002 have not been asserted in this case.  In
      March 2002, Mattel investigated allegations of possible copyright infringement of
23      "Toon Teens" designs, not whether Mr. Bryant created Bratz or worked with
      MGA during his Mattel employment.  The potential claims investigated in 2002
      did not give Mattel any knowledge, or even reason to believe, that Bryant worked
24      for MGA and/or conceived of Bratz while a Mattel employee.

25         Subsequently, on November 24, 2003, Mattel obtained a copy of a
      contract between defendant Carter Bryant and defendant MGA.  That contract –
26      which Bryant and MGA had entered into while Bryant was employed by Mattel –
      required Bryant to provide design services to MGA on a "top priority" basis, in
27      conflict with his then-existing obligations to Mattel.  It also purported to grant
      MGA ownership of works produced by Bryant both before and after the
28      agreement's effective date, in further contravention of his obligations to Mattel.

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT  6    8

PAGE    45

1          Through this agreement, Mattel first determined that it was likely that Bryant
      worked as a designer for a Mattel competitor, MGA, while being employed and
2          paid by Mattel for his exclusive services as a designer.

3    Supp. Responses to MGA's First Set of Interrogatories at p. 13, attached as Ex. 3 to Mumford

4    Decl. MGA has also had the opportunity to question Mattel's in-house lawyer, Michael Moore,

5    during an evidentiary hearing conducted by the district court.

6          In addition, MGA recently took the deposition of Mattel's 30(b)(6) designee on several

7    topics relevant to MGA's defenses, including all acts, omissions, circumstances and/or evidence

8    showing, or tending to show (1) when Mattel first became aware of any alleged wrongful conduct

9    of Bryant, (2) the manner and mode by which Mattel first became aware of any alleged wrongful

10   conduct of Bryant, (3) when Mattel first became aware that Bryant was involved in the

11   conception, creation, design and/or reduction to practice of Bratz, (4) how Mattel first became

12   aware that Bryant was involved in the conception, creation, design and/or reduction to practice of

13   Bratz, and (5) all actions taken by Mattel, including but not limited to all circumstances

14   surrounding any investigations Mattel has undertaken, relating to Bratz after Mattel learned that

15   Bryant was involved in the conception, creation, design and/or reduction to practice of Bratz.

16         MGA contends, however, that Mattel "deliberately under-prepared the 30(b)(6) witness on

17   statute of limitations and laches topics so that she would testify that nothing Mattel's Legal

18   Department or Security Department investigated prior to November 2003 could possibly have put

19   the company on notice of the facts underlying its claims in this litigation." MGA's Supplemental

20   Submission at p.1. MGA contends further that "[b]ecause the witness was shielded during her

21   preparation from critical facts that might show otherwise, it was tantamount to Mattel making a

22   privilege assertion before-the-fact rather than at the deposition itself." Id. at pp. 1-2. In

23   particular, MGA contends that the witness was not given access to Mattel's Legal Department's

24   file or redacted portions of Mattel's Security Department's files, or spoke to anyone about those

25   files, to ascertain what underlying facts had been disclosed or uncovered by Mattel in any of its

26   pre-November 2003 investigations. Id. at p.2.

27         A review of the deposition transcript, however, reveals that Mattel's 30(b)(6) witness

28   provided substantial testimony relevant to MGA's defense. Over the course of a ten hour day,

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT __6__ 9

PAGE __46__

1  Mattel's corporate designee gave over three hundred pages of testimony and freely answered all

2  but a handful of questions posed to her on this subject. The transcript shows that the witness fully

3  cooperated and gave responses to the best of her ability. Mattel's counsel did not obstruct MGA's

4  questioning of the witness. Nor did Mattel's counsel object to any questions based upon the

5  attorney-client privilege. The witness provided significant factual evidence related to how and

6  when Mattel first learned that Bryant was working for MGA while he was employed by Mattel.

7  Indeed, MGA has not pointed to any significant deficiencies in the witness' preparedness, other

8  than the witness' lack of knowledge concerning the contents of Mattel's Legal Department files

9  and Security Department investigation files. It is unclear, however, whether the witness' failure to

10  review the contents of Mattel's Legal Department and Security Department files materially

11  affected MGA's ability to obtain full and complete testimony because the witness was

12  knowledgeable about the scope of investigations conducted by both departments. In any event,

13  MGA's remedy lies in resumption of the deposition, and not the expansive subject matter waiver

   of privileged information MGA now seeks.

14      MGA next contends that the privileged information it seeks is vital because Mattel, in an

15  effort to defeat MGA's summary judgment motion, submitted the declaration of its in-house

16  counsel, Michael Moore, attesting that "Mattel knew nothing that could remotely put it on notice

17  of the facts underlying this lawsuit until November 24, 2003." MGA's Supp. Submission at p.2,

18  Second Supp. Mumford Decl., Ex. 2. Although Mattel's recent submission might arguably affect

19  the analysis under the second element of the Hearn test, it does not change the analysis under the

20  third prong. As previously discussed, Mattel has already produced substantial evidence related to

21  MGA's statute of limitations and laches defenses. MGA has not been denied factual evidence

22  related to how and when Mattel first learned that Bryant was working for MGA while he was

23  employed by Mattel. Therefore, the confidential information MGA now seeks is not "vital" to its

24  defense.

### IV. CONCLUSION

25      For the reasons set forth above, MGA's motion to compel discovery of information

26  protected by the attorney-client privilege and work product immunity based on waiver by claim

27

28  Bryant v. Mattel, Inc.,
   CV-04-09049 SGL (RNBx)

EXHIBIT __b__ 10

PAGE __47__

1    assertion is DENIED.

2         Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery

3    Master, Mattel shall file this Order with the Clerk of Court forthwith.

4

5    Dated: April 25, 2008                              / s /
                                        _____
6                                           HON. EDWARD A. INFANTE (Ret.)
                                                  Discovery Master
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
     Bryant v. Mattel, Inc.,
     CV-04-09049 SGL (RNBx)

EXHIBIT ___6___   11

PAGE ___48___

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on April 25, 2008, I served the attached ORDER DENYING MGA'S MOTION TO COMPEL DISCOVERY AS TO ISSUES AS TO WHICH MATTEL HAS PURPORTEDLY WAIVED THE ATTORNEY-CLIENT AND WORK PRODUCT PRIVILEGES BY CLAIM ASSERTION in the within action by email addressed as follows:

| | | |
|---|---|---|
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| Matthew M. Werdegar, Esq. | Keker & Van Nest | mwerdegar@kvn.com |
| John E. Trinidad, Esq. | Keker & Van Nest | jtrinidad@kvn.com |
| Audrey Walton-Hadlock, Esq. | Keker & Van Nest | awalton-hadlock@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johnquinn@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| John Gordon, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johngordon@quinnemanuel.com |
| Diane Hutnyan, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dianehutnyan@quinnemanuel.com |
| Thomas J. Nolan, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tnolan@skadden.com |
| Raoul D. Kennedy, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | rkennedy@skadden.com |
| Amy S. Park, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | apark@skadden.com |
| Harriet S. Posner, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | hposner@skadden.com |
| Carl Alan Roth, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | croth@skadden.com |
| Timothy A. Miller, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tmiller@skadden.com |
| Marcus R. Mumford, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Mmumford@skadden.com |
| Paul M. Eckles, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Paul.eckles@skadden.com |
| Lance A. Etcheverry, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Lance.etcheverry@skadden.com |
| Robert J. Herrington, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Robert.herrington@skadden.com |
| Mark Overland, Esq. | Overland, Borenstein, et al. | moverland@obsklaw.com |
| Alexander Cote, Esq. | Overland, Borenstein, et al. | acote@obsklaw.com |
| David C. Scheper, Esq. | Overland, Borenstein, et al. | dscheper@obsklaw.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on April 25, 2008, at San Francisco, California.

_____
Sandra Chan

EXHIBIT ___6___

PAGE ___49___