# EXHIBIT 7

CALENDARED

RECEIVED

FEB 2 3 2007

SEND

1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9          CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

10

11   MATTEL, INC.,                    )   Case No. CV 04-09059 SGL (RNBx)
                                       )
12                    Plaintiff,       )   SCHEDULING ORDER [FRCP 16(b)]
                                       )
13       v.                            )   1.   Establishing a Discovery Cut-off Date of
                                       )        October 22, 2007
14   CARTER BRYANT, DOES 1-10,         )
     INCLUSIVE,                        )   2.   Non-Discovery Motion Hearing Cutoff
15                                     )        date of November 19, 2007, at 10:00
                      Defendants.      )        a.m.
16                                     )
                                           3.   Setting Final Pretrial Conference for
17                                              January 14, 2008, at 11:00 a.m.

18                                         4.   Setting Jury Trial Date of February 12,
                                                2008, at 9:30 a.m.
19

20

21       READ THIS ORDER CAREFULLY. IT CONTROLS THE CASE

22       AND DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES.

23

24       The above matter is set for trial before the Honorable Stephen G. Larson,

25   United States District Judge, Courtroom 1, United States District Court, Eastern

26   Division, 2nd Floor, Riverside, California.

27

28       1.    **Discovery Cut-Off:** This is the last date to complete discovery, including

     expert discovery, and the resolution of any discovery motions before this court. If

DOCKETED ON
FEB 2 2 2007

EXHIBIT
PAGE

7
50

1 expert witnesses are to be called at trial, the parties shall designate experts to be called
2 at trial and provide reports required by Fed. R. Civ. P. 26(a)(B), not later than eight
3 weeks prior to the discovery cutoff date. Rebuttal expert witnesses shall be designated
4 and reports provided as required by Fed.R.Civ.P. 26(a)(2)(B), not later than five weeks
5 prior to the discovery cutoff date. Failure to timely comply with this deadline may result
6 in the expert being excluded at trial as a witness. The Court requires compliance with
7 Local Rule 37-1 and 37-2 in the preparation and filing of discovery motions. Discovery
8 motions may not be heard on an ex parte basis.

9     **2.**     **Joinder of Parties and Amendment of Pleadings:** This deadline does
10 not apply if the deadline for joining parties or amending pleadings has already been
11 calendared or occurred by virtue of an order issued by another Judge.

12     In addition to the requirements of Local Rule 15-1, all motions to amend the
13 pleadings shall (a) state the effect of the amendment; (b) be serially numbered to
14 differentiate the amendment from previous amendments and (c) state the page, line
15 number(s), and wording of any proposed change or addition of material.

16     3.     **Motion Filing Cut-Off:** The Court hears motions on Mondays at 10:00
17 a.m. The motion filing cut-off date is the last day motions may be heard (not filed). The
18 Court will not decide late motions. Issues left undetermined by the passage of the
19 motion cut-off date should be listed as issues for trial in the Final Pretrial Conference
20 Order. As an exception to the above, motions in limine dealing with evidentiary matters
21 may be heard at or before trial; however, summary judgment motions disguised as
22 motions in limine will not be heard. Parties need not wait until the discovery cut-off to
23 bring motions for summary judgment or partial summary judgment. However, in the
24 usual case, the court expects that more than the minimum notice will be provided to
25 counsel opposing motions for summary judgment. In the usual case, the parties should
26 confer and agree on the date for setting such motions.

27
28

2

EXHIBIT _____     7

PAGE _____     51

1     Ex parte applications are entertained solely for extraordinary relief. See Mission
2 Power Eng. Co. v. Continential Casualty Co., 883 F.Supp. 488 (C.D. Cal. 1995). Strict
3 adherence to proper ex parte procedures is required for any ex parte application filed
4 with the Court.

5     4.    **Stipulations to Extend Time:** Stipulations to extend the time to file any
6 required document or to continue any pretrial or trial date must set forth (a) the existing
7 due date or hearing date; (b) the current pretrial conference date and trial date; (c) the
8 specific reasons supporting good cause for granting the extension or continuance; and
9 (d) whether there have been any prior requests for extensions or continuances, and
10 whether these were granted or denied by the Court.

11     5.    **Summary Judgment Motions:** The Separate Statement of Undisputed Facts
12 is to be prepared in a two-column format. The left-hand column should set forth the
13 allegedly undisputed fact. The right-hand column should set forth the evidence that
14 supports the factual statement. The fact statements should be set forth in sequentially
15 numbered paragraphs. Each paragraph should contain a narrowly focused statement
16 of fact. Each numbered paragraph should address a single subject in as concise a
17 manner as possible.

18     The opposing party's statement of genuine issues must be in two columns and
19 track the movant's separate statement exactly as prepared. The document must be in
20 two columns; the left-hand column must restate the allegedly undisputed fact, and the
21 right-hand column must indicate either undisputed, or disputed. The opposing party
22 may dispute all or only a portion of the statement, but if disputing only a portion, must
23 clearly indicate what part is being disputed. Where the opposing party is disputing the
24 fact in whole or part, the opposing party must, in the right-hand column, label and
25 restate the moving party's evidence in support of the fact, followed by the opposing
26 party's evidence controverting the fact. Where the opposing party is disputing the fact
27 on the basis of an evidentiary objection, the party must cite to the evidence alleged to
28

3

EXHIBIT _____ 7

PAGE _____ 52

1  be objectionable and state the ground of the objection and nothing more. **No**

2  **argument should be set forth in this document.**

3      The opposing party may submit additional material facts that bear on or relate to

4  the issues raised by the movant, which shall follow the format described above for the

5  moving party's separate statement. These additional facts shall follow the movant's

6  facts, shall continue in sequentially numbered paragraphs (i.e., if movant's last

7  statement of fact was set forth in paragraph 30, then the first new fact will be set forth in

8  paragraph 31), and shall set forth in the right hand column the evidence that supports

9  that statement.

10      The moving party, in its reply, shall respond to the additional facts in the same

11  manner and format that the opposition party is required to adhere to in responding to

12  the

13  statement of undisputed facts, as described above.

14      **(a) Supporting Evidence:** No party should submit any evidence other than

15  the specific items of evidence or testimony necessary to support or controvert a

16  proposed statement of undisputed fact. Thus, for example, the entire transcript of a

17  deposition, entire sets of interrogatory responses, and documents that do not

18  specifically support or controvert material in the separate statements, should not be

19  submitted in support or opposition to a motion for summary judgment. Any such

20  material will not be considered.

21      Evidence submitted in support of or in opposition to a motion should be

22  submitted either by way of stipulation or as exhibits to declarations sufficient to

23  authenticate the proffered evidence, and should not be attached to the Memorandum of

24  Points and Authorities. The Court will accept counsel's authentication of deposition

25  transcript, of written discovery responses, and of the receipt of documents in discovery

26  if the fact that the document was in the opponent's possession is of independent

27  significance. Documentary evidence as to which there is no stipulation regarding

28

4

EXHIBIT ___ 7

PAGE ___ 53

1  foundation must be accompanied by the testimony, either by declaration or properly
2  authenticated deposition transcript, of a witness who can establish its authenticity.

3       If evidence in support of or in opposition to a motion exceeds twenty pages, the
4  evidence must be in a separate bound volume and include a Table of Contents.

5       **(b) Objections to Evidence:**  If a party disputes a fact based in whole or in
6  part on an evidentiary objection, the ground of the objection, as indicated above,
7  should be  stated in the separate statement but not argued in that document.
8  Evidentiary objections  are to be addressed in a separate memorandum to be filed with
9  the opposition or reply brief of the party.  This memorandum should be organized **to**
10 **track the paragraph numbers of the separate statement in sequence.**  It should
11 identify the specific item of evidence to which objection is made, the ground of the
12 objection, and a very brief argument with citation to authority as to why the objection is
13 well taken.  The following is an example of the format contemplated by the Court:

14       Separate Statement Paragraph 1:  Objection to the supporting deposition
15       transcript of Jane Smith at 60:1-10 on the grounds that the statement
16       constitutes inadmissible hearsay and no exception is applicable.  To the
17       extent it is offered to prove her state of mind, it is irrelevant since her state of
18       mind is not in issue.

19       Fed. R. Evid. 801, 802.

20       Do not submit blanket or boilerplate objections to the opponent's statements of
21  undisputed fact: these will be disregarded and overruled.

22       **(c) The Memorandum of Points and Authorities:**  The movant's
23  memorandum of points and authorities should be in the usual form required under
24  Local Rule 7-5 and should contain a narrative statement of facts as to those aspects of
25  the case that are before the Court. All facts should be supported with citations to the
26  paragraph number in the  Separate Statement that supports the factual assertion and
27  not to the underlying evidence.

28

EXHIBIT ___7___

PAGE ___54___

1    Unless the case involves some unusual twist on Rule 56, the motion need
2 only
3 contain a brief statement of the Rule 56 standard;  the Court is familiar with the Rule
4 and
5 with its interpretation under Celotex and its progeny.  If at all possible, the argument
6 should be organized to focus on the pertinent elements of the cause(s) of action or
7 defense(s) in issue, with the purpose of showing the existence or non-existence of a
8 genuine issue of material fact for trial on that element of the claim or defense.

9    Likewise, the opposition memorandum of points and authorities should be in
10 the
11 usual form required by Local Rule 7-5, and where the opposition memorandum sets
12 forth facts, the memorandum should cite to paragraphs in the separate statement if
13 they are not in dispute, to the evidence that contravenes the fact where the fact is in
14 dispute or, if the fact is contravened by an additional fact in the statement of genuine
15 issues, the citation should be to such fact by paragraph number.

16    **(d) Timing:**  In virtually every case, the Court expects that the moving party
17 will provide more than the minimum twenty-one (21) day notice for such motions.  The
18 moving party should deliver to chambers a copy of a diskette, in WordPerfect format
19 (11.0 or earlier versions), containing the Statement of Uncontroverted Facts and
20 Conclusions of Law.

21    6.   **Motions in Limine:**  The parties must file motions in limine addressing the
22 admissibility of evidence in accordance with Local Rule 7-3.  The parties shall file their
23 opposing and reply papers in accordance with Local Rules 7-9 and 7-10 respectively.

24    7.   **Pretrial Conference and Trial Setting:**  Compliance with the requirements of
25 Local Rule 16 is mandatory.  Counsel shall submit carefully prepared Memoranda of
26 Contentions of Fact and Law (which may also serve as the trial briefs) and Proposed
27 Pre-Trial Conference Order ("PTCO") in accordance with the provisions of Local Rules
28 16-2.8 through 16-6. The Proposed Pre-Trial Conference Order shall conform to the

6

EXHIBIT __7__

PAGE __SS__

1  example set forth in Appendix A to the Local Rules, modified as necessary to comply
2  with this order.              The Memoranda of Contentions of Fact and Law, Exhibit
3  Lists, and Witness Lists shall be served and filed no later than fourteen (14) calendar
4  days before the Pre-Trial Conference. The Proposed Pre-Trial Conference Order shall
5  be lodged fourteen (14) calendar days before the Pre-Trial Conference.

6        The Proposed Pre-Trial Conference Order must contain a Table of Contents.
7  Place in all capital letters and in bold the separately numbered headings for each
8  category in the PTCO. Under paragraph 1, list each claim, counterclaim, or defense
9  that has been dismissed or abandoned. In multiple-party cases where not all claims or
10 counterclaims will be prosecuted against all remaining parties on the other side, please
11 specify to which party each claim or counterclaim is directed. The factual issues in
12 dispute should track the elements of a claim or defense upon which the jury would be
13 required to make findings. Counsel should state issues in ultimate fact form, not as
14 evidentiary fact issues (i.e., "was the defendant negligent," "was defendant's negligence
15 the proximate cause of plaintiff's injury;" not "was the plaintiff standing on the corner of
16 12th Street and Lemon Avenue at 10:00 a.m. on March 1"). Issues of law should state
17 legal issues upon which the Court will be required to rule after the Pre-Trial Conference,
18 including during the trial, and should not list ultimate fact issues to be submitted to the
19 trier of fact.

20       In drafting the PTCO, the court expects that counsel will attempt to agree on
21 and set forth as many non-contested facts as possible. The court will normally read the
22 uncontested facts to the jury at the start of the trial. Carefully drafted and
23 comprehensively stated stipulation of facts will reduce the length of trial and increase
24 jury understanding of the case.

25       If expert witnesses are to be called at trial, each party must list and identify its
26 respective expert witnesses, both retained and non-retained. Failure of a party to list
27 and identify an expert witness in the Proposed Pre-Trial Conference Order shall
28 preclude a party from calling that expert witness at trial.

7

EXHIBIT 7
PAGE 56

1        This case has been placed on calendar for a Final Pretrial Conference ("PTC")
2   pursuant to Fed. R. Civ. P. 16 and Local Rule 16-1, unless the PTC was expressly
3   waived at the Scheduling Conference by the court. Unless excused for good cause,
4   each party appearing in this action shall be represented at the PTC and all pretrial
5   meetings of counsel, by lead trial counsel. The failure to attend the PTC or to submit
6   the required pretrial documents may result in the dismissal of the action, striking the
7   answer and entering a default, and/or the imposition of sanctions.

8        A continuance of the Final Pretrial Conference at counsel's request or
9   stipulation will <u>only</u> be approved upon a showing of good cause. Counsel should plan
10  to do the necessary pretrial work on a schedule which will insure its completion with
11  time to spare before the Final Pretrial Conference. Specifically, failure to complete
12  discovery work, including expert discovery, is not a ground for a continuance.

13       Compliance with the requirements of Local Rules 16-1 to 16-13 is required by
14  the court. Carefully prepared Memoranda of Contentions of Fact (which may also serve
15  as the trial brief) and a proposed Final Pretrial Conference Order shall be submitted in
16  accordance with the provisions of Local Rule 16-6 and the form of the proposed Final
17  Pretrial Conference Order shall be in conformity with the format set forth in Appendix A
18  to the Local Rules.

19       At the PTC, counsel should be prepared to discuss means of streamlining the
20  trial, including, but not limited to: bifurcation, presentation of non-critical testimony by
21  deposition excerpts, stipulations as to the content of testimony, presentation of
22  testimony on direct examination by declaration subject to cross-examination, and
23  qualification of experts by admitted resumes. In certain cases where the PTC is waived
24  by the court, counsel must follow Local Rule 16-10.

25  **8.   Witness List and Times Estimates:** Counsel shall prepare a list of their
26  witnesses, an estimate of the length of time needed for direct examination for each
27  witness, and whether the witness will testify by deposition or in person. Counsel shall

28

                                        8

                            EXHIBIT   7

                            PAGE   57

1  exchange these lists with opposing counsel.[1]  **Counsel shall jointly file a single**
2  **witness list, including estimates for direct examination of their own witnesses**
3  **and estimates for cross-examination of opposing witnesses.** This list shall be filed
4  at the time counsel lodge the Proposed Pre-Trial Conference Order, i.e., fourteen (14)
5  days before the Pre-Trial Conference.

6      **9.**   **Jury Instructions and Verdict Forms:** Fourteen (14) calendar days prior to
7  counsel's Rule 16 pre-trial meeting, counsel shall exchange proposed jury instructions
8  (general and special) and special verdict forms (if applicable). Seven (7) calendar days
9  prior to the Rule 16-2 meeting, counsel shall exchange any objections to the
10 instructions and special verdict forms. Prior to, or at the time of the Rule 16 meeting,
11 counsel shall meet and confer with the goal of reaching agreement on one set of joint
12 jury instructions and one special verdict form.

13     The parties should make every attempt to agree upon the jury instructions
14 before submitting them to the Court. The Court expects counsel to agree on the
15 substantial majority of jury instructions, particularly when pattern instructions provide a
16 statement of applicable law. When the Manual of Model Civil Jury Instructions for the
17 Ninth Circuit provides a version of an applicable requested instruction, the parties
18 should submit the most recent version of the Model instruction. Where language
19 appears in brackets in the model instruction, counsel shall select the appropriate text
20 and eliminate the inapplicable bracketed text. Where California law applies, counsel
21 should use California Jury Instructions – Civil (8th ed.) ("BAJI"). If neither of the above
22 sources is applicable, counsel are directed to use the instructions from O'Malley, Grenig
23 & Lee (formerly Devitt, et al.), Federal Jury Practice and Instructions (latest edition).
24 Each requested jury instruction shall cover only one subject or principle of law and shall
25 be numbered and set forth in full on a separate page, citing the authority or source of
26 the requested instruction (except for the "clean" jury copy discussed below).

27

28     [1] See "Joint Trial Witness Estimate Form" appended to this order.

EXHIBIT 7

PAGE 58

1        When the parties disagree on an instruction, the party opposing the instruction
2  must attach a short statement (one to two paragraphs) supporting the objection, and
3  the party submitting the instruction must attach a short statement supporting the
4  instruction. Each statement should be on a separate page and should follow directly
5  after the disputed instruction.

6        The parties ultimately must submit one document or, if the parties disagree
7  over any proposed jury instructions, two documents. If the parties submit two
8  documents, those documents shall consist of: (a) a set of Joint Proposed Jury
9  Instructions and (b) a set of Disputed Jury Instructions, along with reasons supporting
10  and opposing each disputed instruction in the format set forth in the previous
11  paragraph.

12        The parties must file proposed jury instructions fourteen (14) calendar days
13  before the Pre-Trial Conference. If the court is closed that day, counsel shall file the
14  proposed instructions the preceding Friday. No later than 4:00 p.m. on the date such
15  instructions are due, the parties must submit conformed courtesy copies to the Court's
16  courtesy box located outside the entrance to Courtroom 1, United States District Court,
17  3470 Twelfth Street, 2nd Floor, Riverside, California. Counsel shall also provide the
18  Court with a 3½ inch diskette compatible with WordPerfect version 11.0 or lower
19  containing the proposed jury instructions, in accordance with this paragraph and the
20  previous paragraph.

21        The Court will send a copy of the instructions into the jury room for the jury's
22  use during deliberations. Accordingly, in addition to the file copies described above, the
23  diskette submitted with the jury instructions shall contain a "clean set" of Joint Proposed
24  and/or Disputed Jury Instructions, containing only the text of each instruction set forth in
25  full on each page, with the caption "Court's Instruction No. __" (eliminating titles,
26  supporting authority, indication of party proposing, etc.).

27        An index page shall accompany all jury instructions submitted to the Court.
28  The index page shall indicate the following:

10

EXHIBIT ___7___

PAGE ___59___

1     (a)  The number of the instruction;

2     (b)  A brief title of the instruction;

3     (c)  The source of the instruction and any relevant case citations; and

4     (d)  The page number of the instruction.

5     EXAMPLE:

| Number | Title | Source | Page |
|--------|-------|--------|------|
| 1 | Trademark-Defined<br>(15 U.S.C. § 1127) | 9th Cir. 15.3.2 | 7 |

Along with the jury instructions, counsel shall submit any necessary special verdict form fourteen (14) calendar days before the Pre-Trial Conference.

**10. Voir Dire Questions:** Counsel may, but need not, submit brief proposed voir dire questions for the jury at the Pre-Trial Conference. The Court will conduct its own voir dire after consulting any proposed voir dire submitted by counsel. After the Court conducts its own voir dire, counsel will be provided an opportunity to ask supplemental questions subject to Court approval.

**11. Joint Statement of the Case:** Counsel shall submit a joint statement of the case at the Pretrial Conference. The joint statement of the case will be read to the prospective panel of jurors prior to the commencement of voir dire. The statement should not exceed one page. The statement shall be filed with the Court no later than 4:00 p.m., on the Wednesday prior to the Pre-Trial Conference.

**12. Exhibits:** The parties shall file their witness lists and exhibits lists in accordance with Local Rule 16. Counsel are to assemble their exhibits by placing them in three-ring binders labeled on the spine portion of the binder showing both the volume number and the exhibit numbers. Each exhibit shall be separated by a tabbed divider on the right side. Counsel shall provide original exhibits for the courtroom deputy clerk and a duplicate set for the judge. The original exhibits shall be tagged with the appropriate exhibit tags in the upper or lower right corner of the first page of each exhibit and include the case number, case name, and exhibit number. Each binder

EXHIBIT ___7___

PAGE ___60___

1  shall contain a Table of Contents. Counsel must comply with Local Rule 26-4 when

2  numbering the exhibits. The Clerk's Office, located at the United States District Court,

3  3470 Twelfth Street, Riverside, California can supply counsel with appropriate exhibit

4  tags.

5  The Court requires the following to be submitted to the courtroom deputy clerk

6  on the first day of trial: (a) The original exhibits with the Court's exhibit tags; (b) one

7  bench book with a copy of each exhibit for the Court's use, tabbed as described above;

8  (c) three (3) copies of exhibit lists and a floppy disk containing the exhibit list; (d) three

9  (3) copies of witness lists in the order in which the witnesses will be called to testify; and

10  (e) file a Notice of Lodging of Deposition Transcripts (original and 2 copies) and Lodge

11  all anticipated trial deposition transcripts directly with the deputy clerk in the courtroom.

12  All counsel are to meet no later than ten (10) calendar days before trial to

13  discuss and agree to the extent possible on issues including foundation and

14  admissibility.

15  **13. Pre-Trial Exhibit Stipulation:** The parties shall prepare a Pre-Trial Exhibit

16  Stipulation which shall contain each party's numbered list of trial exhibits, with

17  objections, if any, to each exhibit including the basis of the objection and the offering

18  party's response. All exhibits to which there is no objection shall be deemed admitted.

19  All parties shall stipulate to the authenticity of exhibits whenever possible, and the Pre-

20  Trial Exhibit Stipulation shall identify any exhibits whose authenticity has not been

21  stipulated to and the specific reasons for the party's failure to stipulate.

22  The Stipulation shall be substantially in the following form:

23  Pre-Trial Exhibit Stipulation

24  Plaintiff's Exhibits

25  | Number | Description | Objection | Response to Question |

26

27  Defendant's Exhibits

28  | Number | Description | Objection | Response to Question |

12

EXHIBIT 7

PAGE 61

1

2 The Pre-Trial Exhibit Stipulation shall be filed at the same time as counsel lodges

3 the Proposed Pre-Trial Conference Order. Failure to comply with this paragraph may

4 constitute a waiver of all objections.

5 **14. Findings of Fact and Conclusions of Law:** For a non-jury trial, counsel for

6 each party shall lodge proposed findings of fact and conclusions of law fourteen (14)

7 days before trial. The parties should deliver to chambers a copy of these findings and

8 conclusions of law on disk in WordPerfect format.

9   (a) Underline in red the portions which it disputes;

10   (b) Underline in blue the portions which it admits;  and

11   (c) Underline in black the portions which it deems not disputed, but

12     deems irrelevant.

13 Counsel may agree with a part of a finding or conclusion, disagree with a part

14 of it and/or consider a part of irrelevant.

15 Two marked copies of opposing counsel's proposed findings of fact and

16 conclusions of law shall be lodged with the court seven (7) days before trial and one

17 marked copy shall be served on opposing counsel. Courtesy copies of the marked

18 copies shall be deposited in the drop box located outside the entrance of Courtroom 1

19 of the above-entitled court on the date due.

20 **15. Settlement:** Local Rule 16-14.2 provides that the Settlement Conference

21 shall be conducted not later than 45 days before the Pretrial Conference. The Court

22 believes that in most cases completion of all discovery and dispositive motions will help

23 the parties assess their positions before they embark on the costly pre-trial process.

24 However, in many cases, the parties find it more difficult to settle after they have

25 incurred the cost of all discovery and motion practice. Accordingly, the Court strongly

26 encourages counsel and the parties to pursue settlement earlier.

27 The Court has a keen interest in helping the parties achieve settlement. If the

28 parties believe that it would be more likely that a settlement would be reached if they

13

EXHIBIT ___ 7

PAGE ___ 62

1  conduct settlement conference at an earlier time than that specified by the Court, they
2  should conduct it at that time. In any event, the parties must file a Status Report re
3  Settlement at the time they lodge the Proposed Pretrial Order.

4      The Court will not conduct settlement conferences in non-jury cases which the
5  Court will try. In jury cases, the Court will conduct a settlement conference at the
6  parties' request if three conditions exist: (a) The parties are satisfied that the fact issues
7  in the case will be tried to a jury; (b) all significant pre-trial rulings which Court must
8  make have been made; and (c) the parties desire the Court to conduct the conference,
9  understanding that if settlement fails, the Court will preside over the trial of the case.

10     **If a settlement is reached, it shall be reported immediately to this Court as**
11  **required by Local Rule 16-14.7.**

12     16. The failure to attend the pretrial conference or to submit timely in conformity
13  with the format set forth in this order, the jury instructions, pre-trial exhibit stipulation,
14  joint statement of the case, voir dire questions, summary of witness testimony and
15  times estimates, proposed Pretrial Conference Order or the memorandum of
16  contentions of fact and law may result in the dismissal of the action, striking the answer
17  and entering default and/or the imposition of sanctions.

18     **17. Telephonic Status Conference:**

19     Telephonic status conferences are sometimes set by the court to discuss
20  settlement status and other pending issues. If a telephonic status conference has been
21  set, all counsel are ordered to discuss the matter with their clients and opposing
22  counsel before the telephonic status conference. Plaintiff's counsel must make the
23  arrangements and place the conference call. Plaintiff's counsel shall include all counsel
24  of record and the Court on the date and time scheduled. The conference operator is to
25  place the final call to the Court at (951) 328-4410. To assist the Court and staff,
26  participants shall identify themselves each time they speak. No cellular telephones or
27  speaker telephones will be allowed.

28

14

EXHIBIT 7

PAGE 63

1                      **Internet Site**

2       Counsel are encouraged to review the Central District's website for additional

3 information. The address is "http: //www.cacd.uscourts.gov"

4

5       The courtroom deputy clerk is ordered to serve a copy of this Order by mail,

6 facsimile or e-mail on counsel for all parties to this action.

7

8       IT IS SO ORDERED.

9 Dated: ___FEB 2 1 2007___

10

11

12

13                            STEPHEN G. LARSON
                            UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT ___7___

PAGE ___64___

## Joint Trial Witness Estimate Form

Case:_____                                    Trial Date:_____

| | WITNESS NAME | PARTY CALLING WITNESS AND ESTIMATE | X-EXAMINER'S ESTIMATE | DESCRIPTION OF TESTIMONY | COMMENTS |
|---|---|---|---|---|---|
| 1. | | | | | |
| 2. | | | | | |
| 3. | | | | | |
| 4. | | | | | |
| 5. | | | | | |
| 6. | | | | | |
| 7. | | | | | |
| 8. | | | | | |
| 9. | | | | | |
| 10. | | | | | |
| 11. | | | | | |
| 12. | | | | | |
| | Total Estimates This Page: | | | | |

**Instructions:**
(1) List witnesses (last name first); (2) For description, be extremely brief, e.g. "eyewitness to accident." Or "expert on standard of care"(3) Use estimates within fractions of an hour, rounded off to the closest quarter of an hour. e.g. if you estimate 20 minutes, make it .25. An estimate of one and one-half hours would be 1.5. An estimate of three-quarters of an hour would be .75; (4) Note special factors in "Comments" column. e.g., "Needs Interpreter." (5) Entries may be in handwriting if very neat and legible.

Righ↑.AX          2/22/2007 3:18   #:56843 PAGE 002/017   Fax Server

**SEND**

1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9          CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

10

11   MGA ENTERTAINMENT, INC.,              )   Case No. CV 05-02727 SGL(RNBx)
                                           )
12                  Plaintiff,             )   SCHEDULING ORDER [FRCP 16(b)]
                                           )
13        v.                               )   1.   Establishing a Discovery Cut-off Date of
                                           )        March 3, 2008
14   MATTEL, INC.,                         )
                                           )   2.   Non-Discovery Motion Hearing Cutoff
15                  Defendants.            )        date of April 7, 2008, at 10:00 a.m.
                                           )
16   _____      )   3.   Setting Final Pretrial Conference for
                                                    June 2, 2008, at 11:00 a.m.
17
                                               4.   Setting Jury Trial Date of July 1, 2008, at
18                                                  9:30 a.m.

19

20   **READ THIS ORDER CAREFULLY. IT CONTROLS THE CASE**        FEB 2 2 2007

21   **AND DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES.**

22

23        The above matter is set for trial before the Honorable Stephen G. Larson, United

24   States District Judge, Courtroom 1, United States District Court, Eastern Division, 2nd

25   Floor, Riverside, California.

26

27        1.     Discovery Cut-Off: This is the last date to complete discovery, including

28                                                      FEB 2 2 2007

EXHIBIT  7

PAGE  66

1   expert discovery, and the resolution of any discovery motions before this court.  If expert
2   witnesses are to be called at trial, the parties shall designate experts to be called at trial and
3   provide reports required by Fed. R. Civ. P. 26(a)(B), not later than eight weeks prior to the
4   discovery cutoff date.  Rebuttal expert witnesses shall be designated and reports provided as
5   required by Fed.R.Civ.P. 26(a)(2)(B), not later than five weeks prior to the discovery cutoff
6   date.  Failure to timely comply with this deadline may result in the expert being excluded at
7   trial as a witness.  The Court requires compliance with Local Rule 37-1 and 37-2 in the
8   preparation and filing of discovery motions.  Discovery motions may not be heard on an ex
9   parte basis.

10      2.      **Joinder of Parties and Amendment of Pleadings:**  Any motions to join other
11  parties or for leave to amend the pleadings shall be filed within sixty (60) days of the date of
12  this Order so that they can be heard and decided prior to the deadline.  This deadline does
13  not apply if the deadline for joining parties or amending pleadings has already been
14  calendared or occurred by virtue of an order issued by another Judge.

15      In addition to the requirements of Local Rules 15-1, 15-2, and 15-3, all motions to
16  amend the pleadings shall (a) state the effect of the amendment; (b) be serially numbered to
17  differentiate the amendment from previous amendments and (c) state the page, line
18  number(s), and wording of any proposed change or addition of material.

19      3.      **Motion Filing Cut-Off:**  The Court hears motions on Mondays at 10:00 a.m.
20  The motion filing cut-off date is the last day motions may be heard (not filed).  The Court will
21  not decide late motions.  Issues left undetermined by the passage of the motion cut-off date
22  should be listed as issues for trial in the Final Pretrial Conference Order.  As an exception to
23  the above, motions in limine dealing with evidentiary matters may be heard at or before trial;
24  however, summary judgment motions disguised as motions in limine will not be heard.
25  Parties need not wait until the discovery cut-off to bring motions for summary judgment or
26  partial summary judgment.  However, in the usual case, the court expects that more than the
27  minimum notice will be provided to counsel opposing motions for summary judgment.  In the
28

                                2

EXHIBIT ____7____

PAGE____67____

1   usual case, the parties should confer and agree on the date for setting such motions.

2           Ex parte applications are entertained solely for extraordinary relief. See Mission Power

3   Eng. Co. v. Continential Casualty Co., 883 F.Supp. 488 (C.D. Cal. 1995). Strict adherence to

4   proper ex parte procedures is required for any ex parte application filed with the Court.

5           4.   **Stipulations to Extend Time:** Stipulations to extend the time to file any required

6   document or to continue any pretrial or trial date must set forth (a) the existing due date or

7   hearing date; (b) the current pretrial conference date and trial date; (c) the specific reasons

8   supporting good cause for granting the extension or continuance; and (d) whether there have

9   been any prior requests for extensions or continuances, and whether these were granted or

10  denied by the Court.

11          5.   **Summary Judgment Motions:** The Separate Statement of Undisputed Facts is to

12  be prepared in a two-column format. The left-hand column should set forth the allegedly

13  undisputed fact. The right-hand column should set forth the evidence that supports the

14  factual statement. The fact statements should be set forth in sequentially numbered

15  paragraphs. Each paragraph should contain a narrowly focused statement of fact. Each

16  numbered paragraph should address a single subject in as concise a manner as possible.

17          The opposing party's statement of genuine issues must be in two columns and

18  track the movant's separate statement exactly as prepared. The document must be in two

19  columns; the left-hand column must restate the allegedly undisputed fact, and the right-hand

20  column must indicate either undisputed, or disputed. The opposing party may dispute all or

21  only a portion of the statement, but if disputing only a portion, must clearly indicate what part

22  is being disputed. Where the opposing party is disputing the fact in whole or part, the

23  opposing party must, in the right-hand column, label and restate the moving party's evidence

24  in support of the fact, followed by the opposing party's evidence controverting the fact.

25  Where the opposing party is disputing the fact on the basis of an evidentiary objection, the

26  party must cite to the evidence alleged to be objectionable and state the ground of the

27

28

                                    3

EXHIBIT ___7___

PAGE ___68___

1  objection and nothing more. **No argument should be set forth in this document.**

2      The opposing party may submit additional material facts that bear on or relate to the

3  issues raised by the movant, which shall follow the format described above for the moving

4  party's separate statement. These additional facts shall follow the movant's facts, shall

5  continue in sequentially numbered paragraphs (i.e., if movant's last statement of fact was set

6  forth in paragraph 30, then the first new fact will be set forth in paragraph 31), and shall set

7  forth in the right hand column the evidence that supports that statement.

8      The moving party, in its reply, shall respond to the additional facts in the same

9  manner and format that the opposition party is required to adhere to in responding to the

10  statement of undisputed facts, as described above.

11      **(a) Supporting Evidence:** No party should submit any evidence other than the

12  specific items of evidence or testimony necessary to support or controvert a proposed

13  statement of undisputed fact. Thus, for example, the entire transcript of a deposition, entire

14  sets of interrogatory responses, and documents that do not specifically support or controvert

15  material in the separate statements, should not be submitted in support or opposition to a

16  motion for summary judgment. Any such material will not be considered.

17      Evidence submitted in support of or in opposition to a motion should be submitted

18  either by way of stipulation or as exhibits to declarations sufficient to authenticate the

19  proffered evidence, and should not be attached to the Memorandum of Points and

20  Authorities. The Court will accept counsel's authentication of deposition transcript, of written

21  discovery responses, and of the receipt of documents in discovery if the fact that the

22  document was in the opponent's possession is of independent significance. Documentary

23  evidence as to which there is no stipulation regarding foundation must be accompanied by

24  the testimony, either by declaration or properly authenticated deposition transcript, of a

25  witness who can establish its authenticity.

26      If evidence in support of or in opposition to a motion exceeds twenty pages, the

27

28

4

EXHIBIT ___7___

PAGE ___69___

1   evidence must be in a separate bound volume and include a Table of Contents.

2       **(b) Objections to Evidence:** If a party disputes a fact based in whole or in part

3   on an evidentiary objection, the ground of the objection, as indicated above, should be

4   stated in the separate statement but not argued in that document.  Evidentiary objections

5   are to be addressed in a separate memorandum to be filed with the opposition or reply brief

6   of the party.  This memorandum should be organized **to track the paragraph numbers of**

7   **the separate statement in sequence**.  It should identify the specific item of evidence to

8   which objection is made, the ground of the objection, and a very brief argument with citation

9   to authority as to why the objection is well taken.  The following is an example of the format

10  contemplated by the Court:

11          Separate Statement Paragraph 1: Objection to the supporting deposition transcript

12              of Jane Smith at 60:1-10 on the grounds that the statement constitutes inadmissible

13              hearsay and no exception is applicable.  To the extent it is offered to prove her

14              state of mind, it is irrelevant since her state of mind is not in issue.

15          Fed. R. Evid. 801, 802.

16      Do not submit blanket or boilerplate objections to the opponent's statements of

17  undisputed fact: these will be disregarded and overruled.

18      **(c) The Memorandum of Points and Authorities:** The movant's memorandum of

19  points and authorities should be in the usual form required under Local Rule 7-5 and should

20  contain a narrative statement of facts as to those aspects of the case that are before the

21  Court. All facts should be supported with citations to the paragraph number in the  Separate

22  Statement that supports the factual assertion and not to the underlying evidence.

23          Unless the case involves some unusual twist on Rule 56, the motion need only

24  contain a brief statement of the Rule 56 standard;  the Court is familiar with the Rule and

25  with its interpretation under Celotex and its progeny. If at all possible, the argument should

26  be organized to focus on the pertinent elements of the cause(s) of action or defense(s) in

27

28

EXHIBIT _____ 7

PAGE _____ 70

1    issue, with the purpose of showing the existence or non-existence of a genuine issue of

2    material fact for trial on that element of the claim or defense.

3         Likewise, the opposition memorandum of points and authorities should be in the

4    usual form required by Local Rule 7-5, and where the opposition memorandum sets forth

5    facts, the memorandum should cite to paragraphs in the separate statement if they are not in

6    dispute, to the evidence that contravenes the fact where the fact is in dispute or, if the fact is

7    contravened by an additional fact in the statement of genuine issues, the citation should be

8    to such fact by paragraph number.

9         **(d) Timing:** In virtually every case, the Court expects that the moving party will

10   provide more than the minimum twenty-one (21) day notice for such motions. The moving

11   party should deliver to chambers a copy of a diskette, in WordPerfect format (11.0 or earlier

12   versions), containing the Statement of Uncontroverted Facts and Conclusions of Law.

13     6.    **Motions in Limine:** The parties must file motions in limine addressing the

14   admissibility of evidence in accordance with Local Rule 7-3. The parties shall file their

15   opposing and reply papers in accordance with Local Rules 7-9 and 7-10 respectively.

16     7.    **Pretrial Conference and Trial Setting:** Compliance with the requirements of

17   Local Rule 16 is mandatory. Counsel shall submit carefully prepared Memoranda of

18   Contentions of Fact and Law (which may also serve as the trial briefs) and Proposed Pre-

19   Trial Conference Order ("PTCO") in accordance with the provisions of Local Rules 16-1

20   through 16-7. The Proposed Pre-Trial Conference Order shall conform to the example set

21   forth in Appendix A to the Local Rules, modified as necessary to comply with this order.

22         The Memoranda of Contentions of Fact and Law, Exhibit Lists, and Witness Lists

23   shall be served and filed no later than fourteen (14) calendar days before the Pre-Trial

24   Conference. The Proposed Pre-Trial Conference Order shall be lodged fourteen (14)

25   calendar days before the Pre-Trial Conference.

26         The Proposed Pre-Trial Conference Order must contain a Table of Contents. Place

27

28

EXHIBIT 7

PAGE 71

1    in all capital letters and in bold the separately numbered headings for each category in the
2    PTCO. Under paragraph 1, list each claim, counterclaim, or defense that has been
3    dismissed or abandoned. In multiple-party cases where not all claims or counterclaims will
4    be prosecuted against all remaining parties on the other side, please specify to which party
5    each claim or counterclaim is directed. The factual issues in dispute should track the
6    elements of a claim or defense upon which the jury would be required to make findings.
7    Counsel should state issues in ultimate fact form, not as evidentiary fact issues (i.e., "was the
8    defendant negligent," "was defendant's negligence the proximate cause of plaintiff's injury;"
9    not "was the plaintiff standing on the corner of 12th Street and Lemon Avenue at 10:00 a.m.
10   on March 1"). Issues of law should state legal issues upon which the Court will be required
11   to rule after the Pre-Trial Conference, including during the trial, and should not list ultimate
12   fact issues to be submitted to the trier of fact.

13        In drafting the PTCO, the court expects that counsel will attempt to agree on and
14   set forth as many non-contested facts as possible. The court will normally read the
15   uncontested facts to the jury at the start of the trial. Carefully drafted and comprehensively
16   stated stipulation of facts will reduce the length of trial and increase jury understanding of the
17   case.

18        If expert witnesses are to be called at trial, each party must list and identify its
19   respective expert witnesses, both retained and non-retained. Failure of a party to list and
20   identify an expert witness in the Proposed Pre-Trial Conference Order shall preclude a party
21   from calling that expert witness at trial.

22        This case has been placed on calendar for a Final Pretrial Conference ("PTC")
23   pursuant to Fed. R. Civ. P. 16 and Local Rule 16-1, et seq., unless the PTC was expressly
24   waived at the Scheduling Conference by the court. Unless excused for good cause, each
25   party appearing in this action shall be represented at the PTC and all pretrial meetings of
26   counsel, by lead trial counsel. The failure to attend the PTC or to submit the required pretrial
27
28

                                          7

EXHIBIT ___ 7
PAGE ___ 72

1   documents may result in the dismissal of the action, striking the answer and entering a

2   default, and/or the imposition of sanctions.

3          A continuance of the Final Pretrial Conference at counsel's request or stipulation

4   will only be approved upon a showing of good cause.  Counsel should plan to do the

5   necessary pretrial work on a schedule which will insure its completion with time to spare

6   before the Final Pretrial Conference.  Specifically, failure to complete discovery work,

7   including expert discovery, is not a ground for a continuance.

8          Compliance with the requirements of Local Rules 16-1 to 16-13  is required by the

9   court.  Carefully prepared Memoranda of Contentions of Fact (which may also serve as the

10  trial brief) and a proposed Final Pretrial Conference Order shall be submitted in accordance

11  with the provisions of Local Rule 16-7 and the form of the proposed Final Pretrial Conference

12  Order shall be in conformity with the format set forth in Appendix A to the Local Rules.

13         At the PTC, counsel should be prepared to discuss means of streamlining the trial,

14  including, but not limited to: bifurcation, presentation of non-critical testimony by  deposition

15  excerpts, stipulations as to the content of testimony, presentation of testimony on direct

16  examination by declaration subject to cross-examination, and qualification of experts by

17  admitted resumes.  In certain cases where the PTC is waived by the court, counsel must

18  follow Local Rule 16-11.

19      8.   **Witness List and Times Estimates:**  Counsel shall prepare a list of their witnesses,

20  an estimate of the length of time needed for direct examination for each witness, and whether

21  the witness will testify by deposition or in person.  Counsel shall exchange these lists with

22  opposing counsel.[1]  **Counsel shall jointly file a single witness list, including estimates for**

23  **direct examination of their own witnesses and estimates for cross-examination of**

24  **opposing witnesses.**  This list shall be filed at the time counsel lodge the Proposed Pre-Trial

25

26  _____

27  [1]  See "Joint Trial Witness Estimate Form" appended to this order.

28

8

EXHIBIT ___7___

PAGE ___73___

1   Conference Order, i.e., fourteen (14) days before the Pre-Trial Conference.

2      **9.**   **Jury Instructions and Verdict Forms:**  Fourteen (14) calendar days prior to

3   counsel's Rule 16 pre-trial meeting, counsel shall exchange proposed jury instructions

4   (general and special) and special verdict forms (if applicable). Seven (7) calendar days prior

5   to the Rule 16-2 meeting, counsel shall exchange any objections to the instructions and

6   special verdict forms. Prior to, or at the time of the Rule 16 meeting, counsel shall meet and

7   confer with the goal of reaching agreement on one set of joint jury instructions and one special

8   verdict form.

9      The parties should make every attempt to agree upon the jury instructions before

10   submitting them to the Court. The Court expects counsel to agree on the substantial majority

11   of jury instructions, particularly when pattern instructions provide a statement of applicable law.

12   When the Manual of Model Civil Jury Instructions for the Ninth Circuit provides a version of an

13   applicable requested instruction, the parties should submit the most recent version of the

14   Model instruction. Where language appears in brackets in the model instruction, counsel shall

15   select the appropriate text and eliminate the inapplicable bracketed text. Where California law

16   applies, counsel should use Judicial Council of California Civil Jury Instructions (June 2006)

17   ("CACI"). If neither of the above sources is applicable, counsel are directed to use the

18   instructions from O'Malley, Grenig & Lee (formerly Devitt, et al.), Federal Jury Practice and

19   Instructions (latest edition). Each requested jury instruction shall cover only one subject or

20   principle of law and shall be numbered and set forth in full on a separate page, citing the

21   authority or source of the requested instruction (except for the "clean" jury copy discussed

22   below).

23      When the parties disagree on an instruction, the party opposing the instruction must

24   attach a short statement (one to two paragraphs) supporting the objection, and the party

25   submitting the instruction must attach a short statement supporting the instruction. Each

26   statement should be on a separate page and should follow directly after the disputed

27

28

EXHIBIT   7

PAGE   74

1  instruction.

2      The parties ultimately must submit one document or, if the parties disagree over any
3  proposed jury instructions, two documents. If the parties submit two documents, those
4  documents shall consist of: (a) a set of Joint Proposed Jury Instructions and (b) a set of
5  Disputed Jury Instructions, along with reasons supporting and opposing each disputed
6  instruction in the format set forth in the previous paragraph.

7      The parties must file proposed jury instructions fourteen (14) calendar days before
8  the Pre-Trial Conference. If the court is closed that day, counsel shall file the proposed
9  instructions the preceding Friday. No later than 4:00 p.m. on the date such instructions are
10 due, the parties must submit conformed courtesy copies to the Court's courtesy box located
11 outside the entrance to Courtroom 1, United States District Court, 3470 Twelfth Street, 2nd
12 Floor, Riverside, California. Counsel shall also provide the Court with a 3½ inch diskette
13 compatible with WordPerfect version 11.0 or lower containing the proposed jury instructions, in
14 accordance with this paragraph and the previous paragraph.

15     The Court will send a copy of the instructions into the jury room for the jury's use
16 during deliberations. Accordingly, in addition to the file copies described above, the diskette
17 submitted with the jury instructions shall contain a "clean set" of Joint Proposed and/or
18 Disputed Jury Instructions, containing only the text of each instruction set forth in full on each
19 page, with the caption "Court's Instruction No. __" (eliminating titles, supporting authority,
20 indication of party proposing, etc.).

21     An index page shall accompany all jury instructions submitted to the Court. The
22 index page shall indicate the following:

23     (a) The number of the instruction;

24     (b) A brief title of the instruction;

25     (c) The source of the instruction and any relevant case citations; and

26     (d) The page number of the instruction.

27

28

10

EXHIBIT ___7___

PAGE ___75___

EXAMPLE:

| Number | Title | Source | Page |
|--------|-------|--------|------|
| 1 | Trademark-Defined (15 U.S.C. § 1127) | 9th Cir. 15.3.2 | 7 |

Along with the jury instructions, counsel shall submit any necessary special verdict form fourteen (14) calendar days before the Pre-Trial Conference.

**10. Voir Dire Questions:** Counsel may, but need not, submit brief proposed voir dire questions for the jury at the Pre-Trial Conference. The Court will conduct its own voir dire after consulting any proposed voir dire submitted by counsel. After the Court conducts its own voir dire, counsel will be provided an opportunity to ask supplemental questions subject to Court approval.

**11. Joint Statement of the Case:** Counsel shall submit a joint statement of the case at the Pretrial Conference. The joint statement of the case will be read to the prospective panel of jurors prior to the commencement of voir dire. The statement should not exceed one page. The statement shall be filed with the Court no later than 4:00 p.m., on the Wednesday prior to the Pre-Trial Conference.

**12. Exhibits:** The parties shall file their witness lists and exhibits lists in accordance with Local Rule 16. Counsel are to assemble their exhibits by placing them in three-ring binders labeled on the spine portion of the binder showing both the volume number and the exhibit numbers. Each exhibit shall be separated by a tabbed divider on the right side. Counsel shall provide original exhibits for the courtroom deputy clerk and a duplicate set for the judge. The original exhibits shall be tagged with the appropriate exhibit tags in the upper or lower right corner of the first page of each exhibit and include the case number, case name, and exhibit number. Each binder shall contain a Table of Contents. Counsel must comply with Local Rule 26-3 when numbering the exhibits. The Clerk's Office, located at the United States District Court, 3470 Twelfth Street, Riverside, California can supply counsel with appropriate exhibit tags.

EXHIBIT 7

PAGE 76

1       The Court requires the following to be submitted to the courtroom deputy clerk on the

2   first day of trial: (a) The original exhibits with the Court's exhibit tags; (b) one bench book with

3   a copy of each exhibit for the Court's use, tabbed as described above; (c) three (3) copies of

4   exhibit lists and a floppy disk containing the exhibit list; (d) three (3) copies of witness lists in

5   the order in which the witnesses will be called to testify; and (e) file a Notice of Lodging of

6   Deposition Transcripts (original and 2 copies) and Lodge all anticipated trial deposition

7   transcripts directly with the deputy clerk in the courtroom.

8       All counsel are to meet no later than ten (10) calendar days before trial to discuss

9   and agree to the extent possible on issues including foundation and admissibility.

10  **13. Pre-Trial Exhibit Stipulation:** The parties shall prepare a Pre-Trial Exhibit

11  Stipulation which shall contain each party's numbered list of trial exhibits, with objections, if

12  any, to each exhibit including the basis of the objection and the offering party's response. All

13  exhibits to which there is no objection shall be deemed admitted. All parties shall stipulate to

14  the authenticity of exhibits whenever possible, and the Pre-Trial Exhibit Stipulation shall

15  identify any exhibits whose authenticity has not been stipulated to and the specific reasons for

16  the party's failure to stipulate.

17      The Stipulation shall be substantially in the following form:

18                          Pre-Trial Exhibit Stipulation

19  Plaintiff's Exhibits

20  Number      Description       Objection       Response to Question

21

22  Defendant's Exhibits

23  Number      Description       Objection       Response to Question

24

25      The Pre-Trial Exhibit Stipulation shall be filed at the same time as counsel lodges the

26  Proposed Pre-Trial Conference Order. Failure to comply with this paragraph may constitute a

27

28

12

EXHIBIT ___7___

PAGE ___77___

1    waiver of all objections.

2        **14. Findings of Fact and Conclusions of Law:** For a non-jury trial, counsel for each

3    party shall lodge proposed findings of fact and conclusions of law fourteen (14) days before

4    trial. The parties should deliver to chambers a copy of these findings and conclusions of law

5    on disk in WordPerfect format.

6            (a)    Underline in red the portions which it disputes;

7            (b)    Underline in blue the portions which it admits; and

8            (c)    Underline in black the portions which it deems not disputed, but deems

9                    irrelevant.

10       Counsel may agree with a part of a finding or conclusion, disagree with a part of it

11   and/or consider a part of irrelevant.

12       Two marked copies of opposing counsel's proposed findings of fact and conclusions of

13   law shall be lodged with the court seven (7) days before trial and one marked copy shall be

14   served on opposing counsel. Courtesy copies of the marked copies shall be deposited in the

15   drop box located outside the entrance of Courtroom 1 of the above-entitled court on the date

16   due.

17       **15. Settlement:** Local Rule 16-15.2 provides that the Settlement Conference shall be

18   conducted not later than 45 days before the Pretrial Conference. The Court believes that in

19   most cases completion of all discovery and dispositive motions will help the parties assess

20   their positions before they embark on the costly pre-trial process. However, in many cases,

21   the parties find it more difficult to settle after they have incurred the cost of all discovery and

22   motion practice. Accordingly, the Court strongly encourages counsel and the parties to pursue

23   settlement earlier.

24       The Court has a keen interest in helping the parties achieve settlement. If the parties

25   believe that it would be more likely that a settlement would be reached if they conduct

26   settlement conference at an earlier time than that specified by the Court, they should conduct

27

28

EXHIBIT _____7___

PAGE _____7-8___

●                              ●

1   it at that time. In any event, the parties must file a Status Report re Settlement at the time
2   they lodge the Proposed Pretrial Order.

3       The Court will not conduct settlement conferences in non-jury cases which the Court will
4   try. In jury cases, the Court will conduct a settlement conference at the parties' request if
5   three conditions exist: (a) The parties are satisfied that the fact issues in the case will be tried
6   to a jury; (b) all significant pre-trial rulings which Court must make have been made; and (c)
7   the parties desire the Court to conduct the conference, understanding that if settlement fails,
8   the Court will preside over the trial of the case.

9       **If a settlement is reached, it shall be reported immediately to this Court as**
10  **required by Local Rule 16-15.7.**

11      16. The failure to attend the pretrial conference or to submit timely in conformity
12  with the format set forth in this order, the jury instructions, pre-trial exhibit stipulation, joint
13  statement of the case, voir dire questions, summary of witness testimony and times estimates,
14  proposed Pretrial Conference Order or the memorandum of contentions of fact and law may
15  result in the dismissal of the action, striking the answer and entering default and/or the
16  imposition of sanctions.

17      17. <u>Telephonic Status Conference:</u>

18      Telephonic status conferences are sometimes set by the court to discuss settlement
19  status and other pending issues. If a telephonic status conference has been set, all counsel
20  are ordered to discuss the matter with their clients and opposing counsel before the telephonic
21  status conference. Plaintiff's counsel must make the arrangements and place the conference
22  call. Plaintiff's counsel shall include all counsel of record and the Court on the date and time
23  scheduled. The conference operator is to place the final call to the Court at (951) 328-4410.
24  To assist the Court and staff, participants shall identify themselves each time they speak. No
25  cellular telephones or speaker telephones will be allowed.

26                          **Internet Site**

27

28

14

EXHIBIT ___7___

PAGE ___79___

1    Counsel are encouraged to review the Central District's website for additional information.

2    The address is "http: //www.cacd.uscourts.gov".

3

4    The courtroom deputy clerk is ordered to serve a copy of this Order by mail, facsimile or

5    e-mail on counsel for all parties to this action.

6

7              IT IS SO ORDERED.

8    Dated:         FEB 2 1 2007

9

10

11

12    STEPHEN G. LARSON
      UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

15

EXHIBIT          7

PAGE             80

## Joint Trial Witness Estimate Form

Case:_____     Trial Date: _____

| | WITNESS NAME | PARTY CALLING WITNESS AND ESTIMATE | X-EXAMINER'S ESTIMATE | DESCRIPTION OF TESTIMONY | COMMENTS |
|---|---|---|---|---|---|
| 1. | | | | | |
| 2. | | | | | |
| 3. | | | | | |
| 4. | | | | | |
| 5. | | | | | |
| 6. | | | | | |
| 7. | | | | | |
| 8. | | | | | |
| 9. | | | | | |
| 10. | | | | | |
| 11. | | | | | |
| 12. | | | | | |
| | **Total Estimates This Page:** | | | | |

**Instructions:**
(1) List witnesses (last name first); (2) For description, be extremely brief, *e.g.* "eyewitness to accident." Or "expert on standard of care"(3) Use estimates within fractions of an hour, rounded off to the closest quarter of an hour. *e.g.* if you estimate 20 minutes, make it .25. An estimate of one and one-half hours would be 1.5. An estimate of three-quarters of an hour would be .75; (4) Note special factors in "Comments" column. *e.g.*, "Needs Interpreter." (5) Entries may be in handwriting if very neat and legible.

EXHIBIT ___ PAGE ___

Right tFAX

2/22/2007 3:18   PAGE 017/017   Fax Server

Confirmation Report — Memory Send

```
                                    Page      : 001
                                    Date & Time: 02-22-2007   03:24pm
                                    Line 1    : 2136240643
                                    Line 2    :
                                    Machine ID : QUINN EMANUEL
```

| | | |
|---|---|---|
| Job number | : | 447 |
| Date | : | 02-22  03:19pm |
| To | : | ☎76039#7943#13102755697 |
| Number of pages | : | 003 |
| Start time | : | 02-22  03:22pm |
| End time | : | 02-22  03:24pm |
| Pages sent | : | 003 |
| Status | : | OK |

Job number    : 447            *** SEND SUCCESSFUL ***

## QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

NEW YORK
335 Madison Avenue, 17th Floor
New York, NY 10017
(212) 702-8100
Facsimile: (212) 702-8200

SAN DIEGO
4445 Eastgate Mall, Suite 200
San Diego, CA 92121
(858) 812-3107
Facsimile: (858) 812-3336

LOS ANGELES
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

SAN FRANCISCO
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

SILICON VALLEY
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

### LOS ANGELES OFFICE
### FACSIMILE TRANSMISSION

DATE:    February 22, 2007          NUMBER OF PAGES, INCLUDING COVER:

|  NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Wayne S. Ball<br>Browne Woods & George LLP | 310.274.7100 | 310.275.5697 |

FROM:    Iris K. Woon

RE:    Sargon v. USC

MESSAGE:

---

| 07P43/1936613.1 | | | |
|---|---|---|---|
| CLIENT # | 7943 | ROUTE/<br>RETURN TO:  Iris Felix – 4th Floor | ☒ CONFIRM FAX<br>☒ INCLUDE CONF. REPORT |
| OPERATOR: | | CONFIRMED?   ☐ NO  ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

EXHIBIT ___7___

PAGE ___82___

**From:**  Name:      United States District Court
                      312 North Spring Street
                      Los Angeles, CA 90012
           Voice Phone:  (213) 894-5474


**To:**    Name:      Michael Zeller
           Company:

                      865 S Figueroa St, 10th Floor,
           City/State:  Los Angeles, CA 90017-2543
           Fax Number:  213-443-3100



### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

## Automated Document Delivery Service
*Notice pursuant to Rule 77(d) FRCiv.P*
*The attached copy is hereby served upon you pursuant to Federal Rule of Civil Procedure 77(d).*

**ax Notes:**

ase 2:05-CV-02727 : MGA ENTERTAINMENT INC V. MATTEL INC ET AL

*ursuant to General Order 06-07, Section F, the following documents shall be submitted in the traditional manner: Pen Registers, Search Warrants, Seizure Warrants, Wire Taps, Bond Related Documents, Under Seal and In-Camera Documents, and All Charging Documents (Complaints, Informations, Indictments, and Superseding Charging Documents). All other documents filed in cases unassigned to a judge shall be filed electronically with a copy e-mailed to the criminal intake mailbox for the appropriate division. The proper e-mail address for each division is as follows:*

*Western Division: CrimIntakeCourtDocs-LA@cacd.uscourts.gov*
*Southern Division: CrimIntakeCourtDocs-SA@cacd.uscourts.gov*
*Eastern Division: CrimIntakeCourtDocs-RS@cacd.uscourts.gov*

*For additional information and assistance, please refer to the CM/ECF page on the Court website at www.cacd.uscourts.gov.*

**Switch to e-mail delivery and get these documents sooner!**
**To switch, complete and submit**
**Optical Scanning Enrollment / Update form G-76.**
**Call 213-894-5474 for help and free technical support.**

*f you received this document in error because the attorney with whom this document is directed is no longer the attorney on the case, a Notice of Change of Attorney Information, form G-6, must be filed. If there are other cases which you've received documents for which you are no longer the attorney, separate notices must be filed for each case. Failure to do so will result in the continued sending of documents to you. Form G-6 is available on the court's website at www.cacd.uscourts.gov or at the Clerk's Office.*

ate and time of transmission:          Thursday, February 22, 2007 3:14:36 PM
umber of pages including this cover sheet:  17

EXHIBIT _____ 7 _____

PAGE _____ 83 _____

## Confirmation Report — Memory Send

```
                                        Page      : 001
                                        Date & Time: 02-22-2007   03:22pm
                                        Line 1    : 2136240643
                                        Line 2    :
                                        Machine ID : QUINN EMANUEL
```

| | | |
|---|---|---|
| Job number | : | 446 |
| Date | : | 02-22  03:18pm |
| To | : | ☎76039#20257#13104771699 |
| Number of pages | : | 016 |
| Start time | : | 02-22  03:18pm |
| End time | : | 02-22  03:22pm |
| Pages sent | : | 016 |
| Status | : | OK |

Job number    : 446            \*\*\* SEND SUCCESSFUL \*\*\*

## QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

NEW YORK
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

LOS ANGELES
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

SAN FRANCISCO
60 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

SILICON VALLEY
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

### LOS ANGELES OFFICE
### FACSIMILE TRANSMISSION

DATE:    February 22, 2007            NUMBER OF PAGES, INCLUDING COVER: 16

NAME/COMPANY                         PHONE NO.          FAX NO.
Rahul Ravipudi, Esq.                 (310) 477-1700     (310) 477-1699

FROM:    Allison Burkholder, Esq.

RE:      Gulari v. IBM

MESSAGE:    PLEASE SEE ATTACHED

| | | ROUTE/ | | ☐ CONFIRM FAX |
|---|---|---|---|---|
| 20257/2008846.2 | | RETURN TO: | Monica Ascarrunz | ☐ INCLUDE CONF. REPORT |
| CLIENT # | 20257 | | | |
| OPERATOR: | Rafael | | CONFIRMED?    ☐ NO   ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

EXHIBIT ___7___

PAGE ___84___

# EXHIBIT 8

THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(D).

**PRIORITY SEND**
& ENTERED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA  92501
<u>CIVIL MINUTES – GENERAL</u>

Case No.     CV 04-09049 SGL(RNBx)                         Date:  July 2, 2007

Title:       CARTER BRYANT -v- MATTEL, INC.
             AND CONSOLIDATED ACTIONS

==========================================================================

PRESENT:  HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

        Jim Holmes                              Theresa Lanza
        Courtroom Deputy Clerk                  Court Reporter

ATTORNEYS PRESENT FOR CARTER          ATTORNEYS PRESENT FOR MATTEL:
BRYANT:

John W. Keker                         John B. Quinn
                                      Brett Dylan Proctor
                                      Michael T. Zeller

ATTORNEYS PRESENT FOR MGA:

ENTERED
CLERK, U.S. DISTRICT COURT

JUL - 5 2007

CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION    BY DEPUTY

Dale M. Cendali
Patricia Glaser



DOCKETED ON CM

JUL - 5 2007

BY _____ 164

PROCEEDINGS:    MINUTE ORDER

        As set forth more fully herein, the Court hereby makes the following ruling regarding matters heard on July 2, 2007:

(1)     The Court **GRANTS** Mattel's Motion re Trial Structure (docket #462);

(2)     The Court **GRANTS IN PART AND DENIES IN PART** MGA's Motion re Discovery Master's May 15, 2007, Order (docket #505);

(3)     The Court **GRANTS IN PART AND DENIES IN PART** MGA's Ex Parte Application

MINUTES FORM 90                                    Initials of Deputy Clerk ___
CIVIL -- GEN                           1           Time: 01/15

regarding date of production of documents (docket #545); and

(4)    The Court **DENIES** MGA's Motion re Discovery Master's May 16, 2007, Order (docket #508).

(5)    The Court **DENIES** the parties' oral request for modification of pretrial and trial dates.


(1)    Motion re Trial Structure (docket #462)

        Previous orders of the Court specified that the claims and counterclaims brought in this action will be tried in two phases.  The parties have agreed, in large part, to a refinement of the Court's mandate that all issues regarding the ownership of Bratz shall be tried in Phase 1.  Where the parties differ is upon a proposal by Mattel that the Phase 1 be bifurcated into two sub-phases, with Mattel's copyright infringement claim (its first counterclaim in the 05-02727 case) and all Phase 1 damages being tried after all the other issues.  Phase 1(a) would be limited to issues surrounding Carter Bryant's employment with Mattel, and how those issues impact the ownership of certain original Bratz drawings, while Phase 1(b) would address approximately two-hundred Bratz products that are potentially derivative of the original drawings.  This approach has the appeal of limiting Phase 1(a) to discrete issue of the ownership of the original Bratz drawings.  A finding that Bryant owns these original drawings in Phase 1(a) has the potential to eliminate the need for Phase 1(b).

        Accordingly, **THE COURT ADOPTS MATTEL'S MODIFICATION OF DEFENDANTS' PROPOSAL,** as set forth at 8-9 of its Memorandum Regarding Trial Structure, filed June 20, 2007.  Phase 1(a) and Phase 1(b) (if necessary) will be tried to the same jury.

(2)    MGA's Motion re Discovery Master's May 15, 2007, Order (docket #505), and
(3)    MGA's Ex Parte Application regarding date of production of documents (docket #545).

        The Discovery Master's May 15, 2007, Order compels production of documents regarding ink, paper, and chemical analysis and documents relating to unreleased MGA products.  The order required that documents be produced no later than the end of May.

        The Court reviews the Discovery Master's orders under the "clearly erroneous" or "contrary to law" standard set forth in Fed. R. Civ. P. 72(a).

        The Discovery Master's order compels the production of only non-privileged documents. Therefore, MGA's arguments that the Discovery Master's order requires production of documents in violation of the attorney-client privilege are misplaced.  If the only responsive documents are privileged, then MGA need not produce them, but must produce a privilege log.

        MGA acknowledges that it has raised an argument before the Court that was not raised

Initials of Deputy Clerk __jh_____
Time: 01/15
EXHIBIT _____ 8
PAGE _____ 86

before the Discovery Master, namely, that Mattel has failed to establish that there are "exceptional circumstances" that allow Mattel to "discover facts known or opinions held by an expert . . . who is not expected to be called as a witness at trial." Fed. R. Civ. P. 26(b)(4)(B). MGA contends that the Discovery Master's order is contrary to law based on this standard, and that it was incumbent upon Mattel to raise it below. The Court disagrees. Mattel would be required to establish that exceptional circumstances existed if MGA objected to production on that grounds. A party seeking production cannot be expected to rebut all arguments that could possibly be raised by a party resisting production. MGA has not convinced the Court that the Discovery Master's failure to require Mattel to rebut an argument that was not raised by MGA is contrary to law.

MGA contends that the Discovery Master's order compelling production of documents regarding unreleased products is contrary to law. Relevant to that determination is a balancing test required to be applied by the Ninth Circuit when trade secrets are requested by a competitor in discovery. See Brown Bag Software v. Symantec Corp., 960 F.2d 1465, 1470 (9th Cir. 1992) ("Specifically, in this case we must balance the risk to [defendant] of inadvertent disclosure of trade secrets to competitors against the risk to [plaintiff] that protection of [defendant's] trade secrets [will] impair[] prosecution of [plaintiff's] claims.").

Here, the documents sought are of a particularly sensitive nature. They represent some of the most secretive documents maintained by MGA, and they are being ordered to be produced to MGA's fierce competitor. The Discovery Master recognized the sensitive nature of the documents and entered a strict protective order that severely limits access to those documents and that goes well beyond the normal "attorney eyes only" designation.

MGA argues that unreleased products are irrelevant to the issue of who owns the original Bratz drawings. That is clear. However, MGA's argument attempts to limit the discovery to issues involved in Phase 1 of the trial. There has been no bifurcation of discovery.

Mattel correctly points out that these documents are relevant to a number of its other claims. Specifically, if they show unreleased products that are similar to Mattel's unreleased products, the documents would be highly probative of Mattel's misappropriation of trade secrets claim. Moreover, these documents could be relevant to Mattel's RICO claims based on alleged acts of criminal copyright infringement.

Balancing tests are inherently subjective and particularly susceptible to varying interpretation by individual judicial officers. This Court, upon considering this issue from the outset, may very well have weighed the evidence differently and reached a contrary result. However, this Court is bound by the standard of review, and MGA's motion falls far short of convincing the Court that the Discovery Master's order is contrary to law.

The parties have a long history regarding the production of documents ordered in the May 15, 2007, Order, which is set forth in their papers and which need not be repeated here. Counsel for MGA represented that the remaining documents could be produced no later than July 31, 2007, with the exception of the documents from MGA Hong Kong, which could be produced no

MINUTES FORM 90
CIVIL -- GEN

3

Initials of Deputy Clerk __jh_____
Time: 01/15

EXHIBIT _____ 8
PAGE _____ 87

later than two weeks after that date. Accordingly, the Court **ORDERS** that MGA complete the document production set forth in the Discovery Master's May 15, 2007, order no later than July 31, 2007, with the exception of the documents from MGA Hong Kong, which shall be produced no later than August 14, 2007.

Accordingly, the Court **GRANTS** in part MGA's motion re the Discovery Master's May 15, 2007, Order, extending the document production date as set forth above. The Motion is **DENIED** in all other respects.

Likewise, the Court **GRANTS** in part MGA's ex parte application re date of production of documents, extending the document production date as set forth above. The application is **DENIED** in all other respects.

(4)   MGA's Motion re Discovery Master's May 16, 2007, Order (docket #508)

The Discovery Master's May 16, 2007, Order compelled the Rule 30(b)(6) depositions of witnesses on the topics of MGA's net worth, prior sworn statements, and ink, paper, and chemical analysis performed by MGA.

> A party may in the party's notice and in a subpoena name as the deponent a public or private corporation or a partnership or association or governmental agency and describe with reasonable particularity the matters on which examination is requested. In that event, the organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. . . . The persons so designated shall testify as to matters *known or reasonably available* to the organization.

Fed. R. Civ. P. 30(b)(6) (emphasis added). "The purpose behind Rule 30(b)(6) is to create testimony that will bind the corporation." Sanders v. Circle K Corp., 137 F.R.D. 292, 294 (D. Ariz. 1991) (internal citation omitted). Another purpose of Rule 30(b)(6) is aptly described by the District Court for the District of Columbia:

> [The purpose of Rule 30(b)(6) is to] prevent[] serial depositions of various witnesses without knowledge within an organization and eliminating 'bandying', which is the name given to the practice in which people are deposed in turn but each disclaims knowledge of facts that are clearly known to persons in the organization and thereby to the organization itself.

Alexander v. F.B.I., 186 F.R.D. 148, 152 (D.D.C. 1999) (citing the 1970 Advisory Committee Notes to Rule 30(b)(6)).

The Discovery Master's order compelling Rule 30(b)(6) depositions in the specified

Initials of Deputy Clerk __jh_____
Time: 01/15

EXHIBIT _____ 8

PAGE _____ 88

categories serve both these purposes and is not contrary to law.

Although MGA's net worth may not be known to it, MGA does not contend that the information is not readily available. That net worth is generally the subject of expert testimony at trial -- a proposition disputed by neither Mattel nor the Court -- does not render it an improper subject for a Rule 30(b)(6). Therefore, the Discovery Master's ruling on this issue is not contrary to law.

MGA likewise does not contend that information regarding prior sworn statements are not readily available to it. Although contending that this is not an appropriate subject for a Rule 30(b)(6) deposition, MGA fails to cite authority in support of that contention. Therefore, the Discovery Master's ruling on this issue is not contrary to law.

The ink, paper, and chemical analysis topic is likewise a proper subject of a Rule 30(b)(6) deposition. To the extent that such a deposition has the potential to encroach upon information protected by the work-product privilege, then that objection must be made on a question-by-question basis. MGA may not make a blanket objection and justify its refusal to produce a Rule 30(b)(6) designee on this topic based on that blanket objection. Therefore, the Discovery Master's ruling on this issue is not contrary to law.

Accordingly, the Court **DENIES** MGA's motion re the Discovery Master's May 16, 2007, Order.

(5)    Oral Request for Modification of pretrial and trial dates.

Although no motion or ex parte application on the subject was pending before the Court, the parties made an oral request at the hearing to continue certain pretrial and trial dates. A discussion ensued and it became apparent that no final agreement was reached by the parties regarding extending these dates. Accordingly, the Court **DENIES** the parties' oral request for modification of pretrial and trial dates. The Court will consider counsels' stipulation regarding extensions of those dates only where all counsel unqualifiedly stipulate to those dates. Until the scheduling order is modified by the Court, the dates previously set by the Court remain in effect. In addition, the Court is unlikely to entertain a continuance of the Phase 1 trial past April, 2008.

IT IS SO ORDERED.

Initials of Deputy Clerk __jh_____
Time: 01/15

EXHIBIT _____ 8

PAGE _____ 89

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CARTER BRYANT, | | **CASE NUMBER** |
| | PLAINTIFF(S), | CV 04-09049 SGL (RNBx) |
| v. | | |
| MATTEL, INC., et al., | | NOTICE OF CLERICAL ERROR |
| | DEFENDANT(S), | |

TO:   U. S. District Judge(s)
      U. S. Magistrate Judge(s)
      Counsel of Record

You are hereby notified that due to a clerical error ☐ documents associated with the filing of the new action ☐ the following scanned document ☑ docket entry  have/has been corrected as indicated below.

Title of Scanned Document:  Minute Order of 4-25-08, Granting in part, Denying in part, and Deferring in Part the Parties' MSJ

Filed Date: 4-25-08                          Document Number: 3285

☐   Incorrect case number _____ was assigned to this ☐ action ☐ document.

☐   Case number has been corrected. The correct case number is _____

☐   Incorrect judge's initials were indicated on this ☐ action ☐ document. The correct judge's initials are _____

☐   Incorrect magistrate judge's initials were indicated on this ☐ action ☐ document. The correct  magistrate judge's initials are _____.

☐   Case has been reassigned from ☐ Judge ☐ Magistrate Judge _____ to

      ☐ Judge ☐ Magistrate Judge _____. The initials of the new judge(s) are _____

☐   Case was assigned  to ☐ Western ☐ Southern ☐ Eastern division. Pursuant to General Order ☐ 349, ☐ 98-3 ☐ 02-06,

      the case has been reassigned to the ☐ Western ☐ Southern ☐ Eastern division. The former case number _____
      has been reassigned to new case number _____

☐   Subsequent documents must be filed at the ☐ Western ☐ Southern ☐ Eastern division. Failure to file at the proper location
      will result in your documents being returned to you.

☐   Case title is corrected from _____ to _____

☐   Document has been re-numbered as document number _____

☐   Incorrect ☐ Filed Date ☐ Date of Document ☐ ENTERED Date ☐ DATE ENTERED ON CM/ICMS was stamped on
      document.  The correct date is _____

☑   Document is missing page number(s):  7 and 8 _____

☐   To ensure proper routing of documents, all documents filed  with the court must reflect the following case number and judge's
      initials: _____.

☑   Other: a complete copy with missing pages are re-scanned for service on the parties.

CLERK, U.S. DISTRICT COURT

Date 4-25-08 _____          By: _____ Jim Holmes, CRD _____
                                                        Deputy Clerk

cc: Intake Supervisor / Deputy In Charge

G-11 (06/05)                    NOTICE OF CLERICAL ERROR          EXHIBIT ____ 8

                                                                 PAGE ____ 90