# EXHIBIT 9

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA  92501
CIVIL MINUTES – GENERAL

Case No.    CV 04-09049 SGL(RNBx)                          Date: February 4, 2008
Title:      CARTER BRYANT -v- MATTEL, INC.
            AND CONSOLIDATED ACTIONS
=========================================================================
PRESENT:   HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

            Jim Holmes                              Theresa Lanza
            Courtroom Deputy Clerk                  Court Reporter

ATTORNEYS PRESENT FOR CARTER            ATTORNEYS PRESENT FOR MATTEL:
BRYANT:

Michael Page                            John Quinn
                                        Jon D. Corey

                                        ATTORNEY PRESENT FOR CARLOS
ATTORNEYS PRESENT FOR MGA:              GUSTAVO MACHADO GOMEZ:

Thomas J. Nolan
Carl A. Roth
Robert J. Harrington

ATTORNEYS PRESENT FOR THIRD-
PARTY WITNESSES

Larry W. McFarland
Scott Gizer
Ramit Mizrahi
Henry H. Gonzalez
Neal A. Potischman
John Patrick Petrullo


Alexander H. Cote


MINUTES FORM 90                                  Initials of Deputy Clerk __jh
CIVIL – GEN                        1             Time: 1/45

EXHIBIT ____9____

PAGE ____91____

PROCEEDINGS:

      HEARING ON EX PARTE APPLICATIONS:

      **1722 EX PARTE APPLICATION to Compel Deposition of Ana Cabrera, Beatriz Morales, and Maria Salazar and Mel Woods**

      **1724 EX PARTE APPLICATION to Compel Depositions of Daphne Gronich, Joe Tiongco, Mariana Trueba, Pablo Vargas, MGA Entertainment, Inc.**

      **1538 EX PARTE APPLICATION for Relief from 01-07-2008 Order re Motion Hearing**

      **1583 EX PARTE APPLICATION to Compel Production of Electronic Media from Third Parties Elise Cloonan, Margaret Hatch-Leahy, and Veronica Marlow**

      **1624 EX PARTE APPLICATION to Enforce Court's Orders Compelling Production of Tangible Items**

      **1628 EX PARTE APPLICATION to Stay pending Review of Discovery Master's January 11, 2008 Order Granting MGA's and Bryant's Motion to Compel**

      **ORDER TO SHOW CAUSE DIRECTED TO COUNSEL LARRY McFARLAND**

      Having considered the documents submitted in support of and opposition to the applications set forth above, and having heard oral argument, the Court issues its rulings on these matters as stated on the record and as follows:

              **EX PARTE APPLICATIONS REGARDING DEPOSITIONS**
             **(DOCKET #1722 AND #1724) AND ORDER TO SHOW CAUSE**

      These applications are DENIED IN PART, subject to the following rulings:

(1)    The Court's January 7, 2008, Order was intended to grant certain specified relief from the numerical limitations on discovery requests; it was not meant to make definitive rulings on burdensomeness, relevance, privilege, or service of discovery requests.

(2)    The Phase 1 discovery deadline has expired. Any Phase 1 discovery not properly served on or before this deadline may not now be pursued. Based on the representation of counsel that process for the letters rogatory on the Hong Kong witnesses has not been initiated, these witnesses may not be deposed on Phase 1 issues. Notwithstanding this ruling, however, the Court is concerned with the allegations by Mattel in its ex parte application regarding certain actions of Larry

EXHIBIT _____ 9

PAGE _____ 92

McFarland, who represents certain third-party witnesses. Mattel submits that Mr.
McFarland has been deliberately evading service of a notice of deposition on him
and his clients -- serious allegations when made by an officer of the Court against
another officer of the Court. Accordingly, Mr. McFarland is **ORDERED TO SHOW
CAUSE** why he and his clients should not be ordered to appear for deposition. A
written response to this OSC must be filed no later than February 11, 2008. Other
parties may file written replies no later than February 19, 2008. The Court will hear
the matter at 10:00 a.m., February 25, 2008, in Courtroom One of the above-
referenced Court.

(3)    Phase 1 depositions that have been scheduled past the discovery deadline for the
       convenience of the witnesses or pursuant to the stipulation of the parties and/or
       witnesses may proceed as scheduled.

(4)    All discovery related to Phase 2, other than certain individual depositions that may be
       related to both Phase 1 and Phase 2, is STAYED until further order of the Court.

(5)    As previously ordered and reaffirmed by this Court, all discovery matters shall be
       presented in the first instance to the Discovery Master. The fact that the Discovery
       Master's ruling might impact upon the Court's scheduling order does not relieve the
       parties of following this procedure. For instance, motions to compel, motions to
       quash, or motions challenging service as to existing discovery requests shall be
       brought before the Discovery Master. So, too, must objections based on
       burdensomeness, relevancy, or privilege. In general, and on the matters touched
       upon herein, the Court expresses no opinion as to these issues, and instead leaves
       those issues to the Discovery Master to decide in the first instance.

(6)    To the extent that certain challenged depositions are within the scope of the Court's
       January 7, 2008, Order, and are related to Phase 1 (or to the extent that a given
       deposition (other than a Rule 30(b)(6) deposition) is related to both Phase 1 and
       Phase 2), said deposition may proceed subject to the challenges set forth in the
       previous paragraph. To the extent that the depositions are related to Phase 2, they
       are STAYED, as set forth above, notwithstanding the January 7, 2008, Order.

(7)    The parties' arguments require the Court to resolve an internal inconsistency in the
       Court's January 7, 2008, Order. The Court's Order was meant to grant all parts of
       Mattel's Motion for Leave to Take Additional Discovery (docket #1134) except the
       relief sought as to the deposition of Carter Bryant. The Court amends its 01.07.08
       Order as follows:

              Delete: <Specifically, the Court grants Mattel's request to take the
              individual depositions relating to the Bratz claims (set forth in the
              moving papers at 9-11) and relating to the trade secret and RICO

MINUTES FORM 90                                      Initials of Deputy Clerk __jh_____
CIVIL -- GEN                          3              Time: 1/45

EXHIBIT _____9_____

PAGE _____9 3_____

claims (set forth in the moving papers at 13).>

Replace with: <Specifically, the Court grants Mattel's request to take the individual depositions relating to the Bratz claims (set forth in the moving papers at 9-11), relating to the trade secret and RICO claims (set forth in the moving papers at 13), and relating to document preservation (set forth in the moving papers at 14 (Joe Tiongco and Daphne Gronich)).>

(8)    The Court's January 7, 2008, Order granted leave to take additional discovery over and above the previously allocated 24 depositions per side. Nevertheless, as to all other depositions, how to "count" the previously allocated depositions is left to the discretion of the Discovery Master.

(9)    At the hearing, counsel for Christensen, Glaser requested that the Court clarify that its January 7, 2008, ruling granted leave to depose it on only one issue. That is not the case, and the request is DENIED. Mattel has been granted relief from the numerical limitations that previously restricted its ability to depose those individuals and entities addressed by the Court's January 7, 2008, Order, including its ability to depose Christensen, Glaser. Unless otherwise restricted by the Discovery Master upon proper presentation of the issue to him, Mattel may depose Christensen, Glaser on any relevant, non-privileged matter.

### MACHADO GOMEZ'S EX PARTE APPLICATION RE
### JANUARY 7, 2008, ORDER (DOCKET # 1504)

This application is GRANTED. As noted above, Phase 2 discovery is STAYED until further order of the Court. The Court will address Phase 2 discovery, motions, pretrial, and trial dates after the conclusion of Phase 1 of the trial.

### MATTEL'S EX PARTE APPLICATION RE MOTION TO COMPEL PRODUCTION OF
### ELECTRONIC MEDIA FROM THIRD PARTIES (DOCKET #1538)

This application is DENIED. This matter must be addressed in the first instance by the Discovery Master.

### MATTEL'S EX PARTE APPLICATION TO ENFORCE COURT'S ORDERS
### COMPELLING PRODUCTION OF TANGIBLE ITEMS (#1624)

This application is GRANTED IN PART. Counsel for MGA shall employ its best efforts to arrange for shipment of those tangible things located in the Peoples' Republic of China ("PRC") to Hong Kong Special Administrative Region ("Hong Kong") for examination in conjunction with those tangible things already located in Hong Kong. Otherwise, counsel for MGA shall cooperate in the

MINUTES FORM 90
CIVIL -- GEN

4

Initials of Deputy Clerk __jh_____
Time: 1/45

EXHIBIT ____9____

PAGE ____94____

arrangements for inspection in both Hong Kong and the PRC.  Mattel's request for costs is denied without prejudice.

Counsel are encouraged to meet and confer with the intent of reaching a stipulation regarding the supplementation of expert reports.  Absent such stipulation, at the appropriate time, the Court will entertain an ex parte application from any party regarding this issue.

### MATTEL'S EX PARTE APPLICATION TO STAY PENDING REVIEW OF DISCOVERY MASTER'S JANUARY 11, 2008 ORDER (DOCKET # 1628)

This application is GRANTED IN PART.  The Court sets the motion for hearing on February 11, 2008.  Opposition shall be filed no later than February 6, 2008; any reply shall be filed no later than February 8, 2008.  The Discovery Master's January 11, 2008, Order is stayed until the issuance of the Court's minute order regarding the February 11, 2008, hearing.

IT IS SO ORDERED.

MINUTES FORM 90
CIVIL -- GEN                                   5

Initials of Deputy Clerk __jh_____
Time: 1/45

EXHIBIT _____ 9

PAGE _____ 95

## NOTICE PARTY SERVICE LIST

**Case No.** CV 04-09049 SGL(RNBx)   **Case Title** Carter Bryant v. Mattel, Inc.

**Title of Document** Minute Order of February 4, 2008

| | |
|---|---|
| Atty Sttlmnt Officer Panel Coordinator | US Attorneys Office - Civil Division -L.A. |
| BAP (Bankruptcy Appellate Panel) | US Attorneys Office - Civil Division - S.A. |
| Beck, Michael J (Clerk, MDL Panel) | US Attorneys Office - Criminal Division -L.A. |
| BOP (Bureau of Prisons) | US Attorneys Office - Criminal Division -S.A. |
| CA St Pub Defender (Calif. State PD) | US Bankruptcy Court |
| CAAG (California Attorney General's Office - Keith H. Borjon, L.A. Death Penalty Coordinator) | US Marshal Service - Los Angeles (USMLA) |
| Case Asgmt Admin (Case Assignment Administrator) | US Marshal Service - Riverside (USMED) |
| | US Marshal Service -Santa Ana (USMSA) |
| Catterson, Cathy (9th Circuit Court of Appeal) | US Probation Office (USPO) |
| Chief Deputy Admin | US Trustee's Office |
| Chief Deputy Ops | Warden, San Quentin State Prison, CA |
| Clerk of Court | |
| Death Penalty H/C (Law Clerks) | |
| Dep In Chg E Div | |

✓ **ADD NEW NOTICE PARTY**
(if sending by fax, mailing address must also be provided)

| | |
|---|---|
| Dep In Chg So Div | Name: Ambassador Pierre-Richard Prosper |
| Federal Public Defender | Firm: |
| Fiscal Section | Address (include suite or floor): P.O. Box 581103 |
| Intake Section, Criminal LA | Salt Lake City, UT  84158 |
| Intake Section, Criminal SA | |
| Intake Supervisor, Civil | *E-mail: Prosper.Pierre@Arentfox.com |
| PIA Clerk - Los Angeles (PIALA) | *Fax No.: |
| PIA Clerk - Riverside (PIAED) | * For CIVIL cases only |

**JUDGE / MAGISTRATE JUDGE (list below):**

| |
|---|
| PIA Clerk - Santa Ana (PIASA) |
| PSA - Los Angeles (PSALA) |
| PSA - Riverside (PSAED) |
| PSA - Santa Ana (PSASA) |
| Schnack, Randall (CJA Supervising Attorney) |
| Statistics Clerk |

Initials of Deputy Clerk jh

EXHIBIT _____ 9

PAGE _____ 96

# NOTICE PARTY SERVICE LIST

**Case No.**  CV 04-09049 SGL(RNBx)   **Case Title**  Carter Bryant v. Mattel, Inc.

**Title of Document**   Minute Order of February 4, 2008

| | |
|---|---|
| | Atty Sttlmnt Officer Panel Coordinator |
| | BAP (Bankruptcy Appellate Panel) |
| | Beck, Michael J (Clerk, MDL Panel) |
| | BOP (Bureau of Prisons) |
| | CA St Pub Defender (Calif. State PD) |
| | CAAG (California Attorney General's Office - Keith H. Borjon, L.A. Death Penalty Coordinator) |
| | Case Asgmt Admin (Case Assignment Administrator) |
| | Catterson, Cathy (9th Circuit Court of Appeal) |
| | Chief Deputy Admin |
| | Chief Deputy Ops |
| | Clerk of Court |
| | Death Penalty H/C (Law Clerks) |
| | Dep In Chg E Div |
| | Dep In Chg So Div |
| | Federal Public Defender |
| | Fiscal Section |
| | Intake Section, Criminal LA |
| | Intake Section, Criminal SA |
| | Intake Supervisor, Civil |
| | PIA Clerk - Los Angeles (PIALA) |
| | PIA Clerk - Riverside (PIAED) |
| | PIA Clerk - Santa Ana (PIASA) |
| | PSA - Los Angeles (PSALA) |
| | PSA - Riverside (PSAED) |
| | PSA - Santa Ana (PSASA) |
| | Schnack, Randall (CJA Supervising Attorney) |
| | Statistics Clerk |

| | |
|---|---|
| | US Attorneys Office - Civil Division -L.A. |
| | US Attorneys Office - Civil Division - S.A. |
| | US Attorneys Office - Criminal Division -L.A. |
| | US Attorneys Office - Criminal Division -S.A. |
| | US Bankruptcy Court |
| | US Marshal Service - Los Angeles (USMLA) |
| | US Marshal Service - Riverside (USMED) |
| | US Marshal Service -Santa Ana (USMSA) |
| | US Probation Office (USPO) |
| | US Trustee's Office |
| | Warden, San Quentin State Prison, CA |

| ✓ | **ADD NEW NOTICE PARTY** (if sending by fax, mailing address must also be provided) |
|---|---|
| | Name: Hon. Edward A. Infante (Ret.) |
| | Firm: |
| | Address *(include suite or floor)*:  Two Embarcadero Center, Suite 1500, San Francisco, CA  94111 |
| | *E-mail: |
| | *Fax No.: |

\* For CIVIL cases only

| **JUDGE / MAGISTRATE JUDGE (list below):** |
|---|
| |
| |
| |
| |

Initials of Deputy Clerk  jh

EXHIBIT ____ 9

PAGE ____ 97

# EXHIBIT 10

Case 2:04-cv-09049-DOC-RNB   Document 3334-5   Filed 04/28/08   Page 10 of 31   Page ID
#:56752
Case 2:04-cv-09049-SGL-RNB   Document 3286   Filed 04/25/2008   Page 2 of 11

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA 92501
CIVIL MINUTES – GENERAL

Case No.    CV 04-09049 SGL(RNBx)                          Date:  April 25, 2008
Title:      CARTER BRYANT -v- MATTEL, INC.

Consolidated With Related Actions:
CASE NO. CV 04-09059 SGL(RNBx):  MATTEL, INC.,  v. CARTER BRYANT,
CASE NO. CV 05-02727 SGL (RNBx): MGA ENTERTAINMENT, INC., v. MATTEL, INC.,
=============================================================================

PRESENT:  HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

            Jim Holmes
            Courtroom Deputy Clerk

ATTORNEYS PRESENT FOR CARTER BRYANT:        ATTORNEYS PRESENT FOR MATTEL:

None Present                                None Present

ATTORNEYS PRESENT FOR MGA AND
ISAAC LARIAN:

None Present

PROCEEDINGS:    ORDER GRANTING IN PART, DENYING IN PART, AND DEFERRING IN
                PART THE PARTIES' MOTIONS FOR PARTIAL SUMMARY JUDGMENT
                (IN CHAMBERS)

        This matter is before the Court on the parties' motions for partial summary judgment.  The
motions were heard on April 22, 2008, and the Court has set the motions for further hearing on
May 19, 2008, at 1:30 p.m.  As set forth below, the Court rules on a number of issues presented
by the motions for partial summary judgment and reserves ruling on other issues until after further
hearing on the motions for partial summary judgment and, in the case of MGA's affirmative
defenses, until after the Phase 1 trial.

        The parties have made hundreds of objections to evidence offered in support of and in
opposition to the motions for partial summary judgment.  Although counsel for Bryant requested

MINUTES FORM 90
CIVIL – GEN                          Page 1

EXHIBIT     10
PAGE        98

Case 2:04-cv-09049-DOC-RNB   Document 3334-5   Filed 04/28/08   Page 11 of 31   Page ID
#:56753
Case 2:04-cv-09049-SGL-RNB   Document 9266   Filed 04/25/2008   Page 3 of 11

explicit rulings on the objections raised by Bryant, the Court declines to do so. To the extent that this Order necessarily relies on evidence subject to any party's objections, the objections are implicitly overruled.

## PREEMPTION

MGA and Bryant seek summary judgment in their favor as to Mattel's claims for intentional interference with contractual relations, conversion, and unfair competition, arguing that these claims are preempted by the Copyright Act. They are partially correct.

A state law is preempted by the Copyright Act where (1) the work at issue comes within the subject matter of copyright, and (2) the state law rights are "equivalent to rights within the general scope of copyright[.]" Del Madera Properties v. Rhodes and Gardner, Inc., 820 F.2d 973, 977 (9th Cir.1987). "If a state law claim includes an 'extra element' that makes the right asserted qualitatively different from those protected under the Copyright Act, the state law claim is not preempted by the Copyright Act." Altera Corp. v. Clear Logic, Inc., 424 F.3d 1079, 1089 (9th Cir. 2005). Generally the Copyright Act does not preempt the enforcement of contractual rights. Id.

As to the first element, the intentional interference with contractual relations claim addresses generally an issue within the subject matter of copyright -- the underlying wrong upon which the claim is premised is Mattel's deprivation of rights to intellectual property.

As to the second element, it is clear that the tort of intentional interference with contractual relations is neither categorically preempted or categorically saved from preemption; rather, the Court must engage in a determination of whether the substance of the tort claim differs qualitatively from the copyright claim at issue. Compare Altera, 424 F.3d at 1089 (holding that a intentional interference claim was not preempted because it was based not on copyrights but on a contractual provision) with Laws v. Sony Music Entertainment, Inc., 448 F.3d 1134, 1144 (9th Cir. 2006) (holding preempted a singer's voice misappropriation claim was not qualitatively different from her copyright claim).

Here, to the extent that the tortious interference is premised upon MGA's alleged interference with any copyrights that Mattel may have under the Inventions Agreement, it is preempted. Such a claim is not qualitatively different from Mattel's copyright claim. However, to the extent that the claim is based on MGA's acts that may be found to have aided and abetted the breach or induced the breach of Bryant's fiduciary duty, the claim is not preempted. That claim is qualitatively different from Mattel's copyright claim.

Therefore, the tortious interference with contractual relations is preempted to the extent that it is based on Mattel's rights to Bratz. It is not preempted as to Mattel's claims for breach of fiduciary duty.

The parties' arguments regarding the conversion claim address two distinct issues: Conversion of ideas and conversion of tangible things. The Court addresses each in turn.

Initials of Deputy Clerk: jh

EXHIBIT _____ 10

PAGE _____ 99

Case 2:04-cv-09049-DOC-RNB   Document 3334-5   Filed 04/28/08   Page 12 of 31   Page ID
Case 2:04-cv-09049-SGL-RNB   Document 3286   Filed 04/25/2008   Page 4 of 11
#:56756

Both sides acknowledge, as this Court certainly agrees, that one cannot copyright an idea. Thus, it would seem, a claim for conversion of ideas is not subject to preemption because it is not "within the subject matter of copyright." Del Madera, 820 F.2d at 977. MGA argues that ideas are not subject to a claim of conversion, to which Mattel responds that such rights in ideas may be created by contract. Mattel relies on Desny v. Wilder, 46 Cal.2d 715, 733 (1956) which, remarkably, so holds. However, that case does not support the proposition that a breach of such rights may be remedied by the tort claim of conversion rather than a breach of contract claim. The law in California regarding the tort of conversion's applicability to ideas remains the same today as in 1956: "The tort of conversion does not apply to ideas." Melchior v. New Line Productions, Inc., 106 Cal.App.4th 779 (2003). Therefore, although this claim is not preempted, it is not actionable as a tort claim. Accordingly, summary judgment in favor of MGA and Bryant is granted as to this particular claim.

Mattel also argues that its conversion claim is not preempted to the extent that it seeks the return of tangible things, most notably the original Bratz drawings. This claim is "within the subject matter of copyright," but the state rights go beyond the rights protected by the Copyright Act by allowing for the return of property.

At oral argument, counsel for MGA argued that Mattel seeks the rights that the drawings represent, not the "paper and ink" of which those drawings are comprised. Mattel disagreed with that interpretation, noting that it seeks the return of the original drawings and certain sculpts to which it may have rights under the Inventions Agreement.

The items to which Mattel lays claim are not like the manuscript at issue in Dielsi v. Falk, 916 F.Supp. 985, 992 (C.D. Cal. 1996), or the government documents at issue in Idema v. Dreamworks, Inc., 162 F.Supp.2d 1129, 1192-93 (C.D. Cal. 2001), both of which had value merely for their ability to hold and convey their contents. Rather, the materials Mattel seeks are works of art that may have value apart from the copyrights they represent or the "paper and ink" and other materials of which they are comprised. Given the role of the drawings and sculpts in developing a new, commercially successful line of fashion dolls, and given the role of these items in the present litigation, the Court discerns a possible inherent value to the materials themselves.

MGA and Bryant also pressed at oral argument that Mattel had not advanced such a claim for return of tangible items. The Court disagrees. Citing to its Complaint at ¶ 157, Mattel contends it has long sought the return of tangible items.[1] An examination of Mattel's claim for conversion reveals that it encompasses such a claim. Therefore, the conversion claim seeking the return of tangible items is not preempted. MGA and Bryant's motions for summary judgment on this issue are therefore denied.

To the extent that Mattel's statutory unfair competition claim, discussed more fully below, is

---

[1] From a review of the record, it is clear to the Court that Mattel intended to cite ¶ 157 of its Amended Answer and Counterclaims, not its Complaint.

Initials of Deputy Clerk: jh

EXHIBIT _____ (o

PAGE _____ (oo

Case 2:04-cv-09049-DOC-RNB Document 3334-5 Filed 04/28/08 Page 13 of 31 Page ID
#:50756
Case 2:04-cv-09049-SGL-RNB Document 9286 Filed 04/25/2008 Page 5 of 11

based on copyright infringement, it is preempted, and the Court grants summary judgment in favor
of MGA on this issue.

## STATUTE OF LIMITATIONS

The Court heard argument at length on the statute of limitations issue. Although it is not
entirely clear, it appears to the Court from the hearing and from MGA's Rule 56(f) affidavit, that
there remain outstanding discovery matters that may have the potential, if resolved in MGA's
favor, to factor into the inquiry into the determination of the date of the accrual of any claims
against Bryant and/or MGA. Accordingly, the Court defers ruling on the issue of statute of
limitations at this time.

## INVENTIONS AGREEMENT

The Court addressed many issues of the enforceability of the Employee Confidentiality and
Inventions Agreement in its July 17, 2006, Order. The Court finds no good reason to revisit or
revise that Order.

Bryant argues that the Inventions Agreement is ambiguous on the issue of whether it
covered anything other than "inventions" as that term is used in patent law. Here, Bryant was a
fashion designer. He signed an agreement that assigned his "inventions" to Mattel. "Inventions"
is defined by the agreement to include "designs," which was undeniably the focus of Bryant's
employment with Mattel. In addition to assigning all rights to Bryant's "inventions" (i.e., "designs")
to Mattel, the agreement also assigned to Mattel "all [Bryant's] right, title, and interest in any . . .
copyrights . . . and copyright applications based [on those inventions]".

In order to conclude that the Inventions Agreement is ambiguous on the issue of whether it
would include any copyrightable drawings or doll designs developed by an employee, the Court
would have to read out of the agreement explicit terms assigning to the employer the rights to
"designs," "copyrights," and "copyright applications." The Court is required to read the contract as
a whole and, where possible, give effect to all its terms. Cal. Civ. Code § 1641 ("The whole of a
contract is to be taken together, so as to give effect to every part, if reasonably practicable, each
clause helping to interpret the other."). To accept the interpretation advanced by Bryant, the Court
would have to disregard this bedrock principle of contract construction by ignoring an explicit
assignment by the employee to the employer of copyrights. The interpretation advanced by
Bryant is therefore not reasonable, and the Court finds that the Inventions Agreement is not
ambiguous on the issue of its scope with respect to copyrightable materials.

The Inventions Agreement explicitly conveys to Mattel an employee's interest in any
copyrights or copyright applications. Assuming copyrightability and the resolution of certain as
yet unresolved) issues of timing of creation and/or alteration in Mattel's favor, the original Bratz
drawings clearly fall within the scope of the Inventions Agreement.

Moreover, the Inventions Agreement incorporates, and therefore does not violate, Cal.

MINUTES FORM 90
CIVIL -- GEN

Page 4

Initials of Deputy Clerk: jh

EXHIBIT _____ 10

PAGE _____ 101

Case 2:04-cv-09049-DOC-RNB  Document 3334-5  Filed 04/28/08  Page 14 of 31  Page ID
Case 2:04-cv-09049-SGL-RNB  Document 9286  Filed 04/25/2008  Page 6 of 11
#:56756

Labor Code § 2870. Pursuant to that statute (and its incorporation in the Inventions Agreement),
because the subject matter at issue -- the Bratz dolls -- relate to Mattel's business of marketing
fashion dolls, the factual question of whether Bryant worked on them on his own time, rather
during his working hours at Mattel, is not relevant.

MGA argues that contracts of adhesion are unenforceable if they are either outside the
scope of the parties' expectations or they are substantively unconscionable. The Court previously
determined that the Inventions Agreement was not substantively unconscionable, and now
determines that it is not outside the scope of the parties' expectations. As noted above, Bryant
was a designer, and the plain language of the Inventions Agreement assigns his "designs" to his
employer. Objectively, therefore, it would not be surprising that Mattel would lay claim to Bryant's
rights to any doll or doll fashions he designed during the period of his employment with Mattel.
Moreover, undisputed evidence establishes that Bryant's subjective understanding of the contract
was that it transferred at least some of his rights to Mattel.

Bryant also argues that his actions went no further than lawful preparations to compete with
his employer. The undisputed facts, however, tell a different story: Bryant directly competed with
Mattel by entering into a contract with its competitor to produce a competing product while still
employed by Mattel.

The Court grants summary judgment in favor of Mattel on the issue of the enforceability of
the Inventions Agreement and the issue of applicability of the Inventions Agreement to any Bratz-
related "inventions" (including any designs, improvements, ideas, concepts, and copyrightable
subject matter) that he is found to have created during the period of his employment with Mattel.

## DUTY OF LOYALTY AND FIDUCIARY DUTY

Carter Bryant, like all other California employees, owed a duty of loyalty to Mattel while
employed there. See Cal. Labor Code § 2863. The undisputed facts establish that he breached
this duty by entering into a contract with Mattel's competitor, while still employed by Mattel, to
produce a line of fashion dolls to be marketed in direct competition with Mattel's products. See
Huong Que, Inc. v. Luu, 150 Cal.App.4th 400, 414 (2007) ("The duty of loyalty is breached, and
the breach may give rise to a cause of action in the employer, when the employee takes action
which is inimical to the best interests of the employer.") (internal quotation marks and citation
omitted).

Bryant also owed a fiduciary duty to Mattel by virtue of the language set forth in ¶ 1(a) of
the Inventions Agreement. Id. ("The value of the Proprietary Information depends on it remaining
confidential. The Company depends on me to maintain that confidentiality, and I accept that
position of trust."). Under California law, a confidential relationship that gives rise to a fiduciary
duty is created "where a confidence is reposed by one person in the integrity of another, and . . .
the party in whom the confidence is reposed . . . voluntarily accepts or assumes to accept the
confidence . . . ." City Solutions, Inc. v. Clear Channel Communications, Inc., 201 F.Supp.2d
1048, 1050-51 (N.D. Cal. 2002). The Inventions Agreement imposed such a duty on Bryant.

Page 5

Initials of Deputy Clerk: jh

EXHIBIT _____ 10
PAGE _____ 102

At the hearing on this matter, counsel contended that a required element for imposing a fiduciary duty -- that the party with the duty be in a superior position to the party to whom the duty is owed -- was missing. That element is described as follows: "[T]he essence of a fiduciary or confidential relationship is that the parties do not deal on equal terms, because the person in whom trust and confidence is reposed and who accepts that trust and confidence is in a superior position to exert unique influence over the dependent party." City Solutions, Inc. v. Clear Channel Communications, Inc., 201 F.Supp.2d 1048, 1050 (N.D. Cal. 2002) (internal quotation marks and citation omitted). The "superior position" to which California courts refer in this context is not superior bargaining power -- a position on which Mattel would apparently have the edge -- but rather it refers to a superior position vis-à-vis the duty imposed. Here, because the duty imposed upon Bryant was essentially to police his own actions by maintaining Mattel's confidentiality and communicating his own "inventions" to Mattel, Bryant was "in a superior position to exert unique influence over" Mattel because he was in the best position, arguably the only one in a position, to know of and police his actions.

As with the duty of loyalty, the undisputed facts establish that Bryant breached his fiduciary duty to communicate his inventions to Mattel when, rather than doing so, he secretly entered into a contract with Mattel's competitor, while still employed by Mattel, to produce a line of fashion dolls to be marketed in direct competition with Mattel's products.

Accordingly, the Court grants Mattel's motion for summary judgment on the issues of the existence and breach of the duty of loyalty. The Court grants Mattel's motion for summary judgment and denies Bryant's motion for summary judgment on the issue of the existence and breach of a fiduciary duty.

In its motion, MGA argued that there can be no liability for aiding and abetting a breach of fiduciary duty in the absence of a fiduciary duty. Because the Court has rejected this argument, the Court denies MGA's motion for summary judgment on this issue.

## INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS

MGA moved for summary judgment as to Mattel's claim for intentional interference with contractual relations.

The elements of a claim for intentional interference with contractual relations are stated as (1) a valid contract between a plaintiff and a third party; (2) the defendant's knowledge of the contract; (3) the defendant's intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage. Family Home & Finance Center, Inc. v. Federal Home Loan Mortg. Corp., 461 F.Supp.2d 1188, 1193 (C.D. Cal. 2006) (citing Pac. Gas & Elec. Co. v. Bear Stearns Co., 50 Cal.3d 1118, 1126 (1990)).

The undisputed facts show that the first, third, and fifth elements are met. Mattel has raised a triable issue of fact as to the second. The fourth element may be resolved after the

MINUTES FORM 90
CIVIL -- GEN

Page 6

Initials of Deputy Clerk: jh

EXHIBIT _____ 10

PAGE _____ 103

Case 2:04-cv-09049-DOC-RNB Document 3334-5 Filed 04/28/08 Page 16 of 31 Page ID
#:56758
Case 2:04-cv-09049-SGL-RNB Document 3286 Filed 04/25/2008 Page 8 of 11

Court's further hearing on the motions for partial summary judgment. The Court therefore defers ruling on this issue.

## UNFAIR COMPETITION

MGA and Bryant's motions are granted in part and denied in part as to Mattel's unfair competition claims.

Mattel's statutory unfair competition claim, brought pursuant to Cal. Bus. & Profs. Code § 17200, survives summary judgment because Mattel has raised a triable issue of fact as to whether MGA tortiously interfered with Bryant and Mattel's contractual relationship and whether MGA engaged in commercial bribery.

However, two bases for this claim are foreclosed at this time. To the extent that the § 17200 claim is based on copyright infringement, it is preempted. To the extent that it is based on unfair conduct, summary judgment in favor of MGA is granted because the articulated unfair conduct does not approximate an antitrust violation that threatens competition. See Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co., 20 Cal.4th 163, 186-87 (1999).

As to Mattel's common law unfair competition claim, summary judgment in favor of MGA and Bryant is granted. This claim is not, as it must be, based on the act of passing off another's goods as one's own. See Sybersound Records, Inc. v. UAV Corp., 517 F.3d 1137, 1153 (9th Cir. 2008) (citing Bank of the W. v. Superior Court, 2 Cal.4th 1254 (1992)).

## UNJUST ENRICHMENT

Because Mattel failed to oppose this portion of Bryant's motion, the Court grants Bryant's motion for partial summary judgment on the issue of unjust enrichment.

## AFFIRMATIVE DEFENSES

Mattel seeks summary judgment as to many of the affirmative defenses asserted by the MGA entities and Carter Bryant. Most of these defenses are essentially equitable in nature, and therefore the Court **DEFERS RULING** on them until after trial. Specifically, the Court **DEFERS RULING** on the affirmative defenses of abandonment, acts and omissions of others, acquiescence, consent, estoppel, failure to mitigate, laches, unclean hands, and waiver until after trial.

For the reason set forth above in a separate section, the Court defers ruling on Mattel's motion as to the statute of limitations defense.

The final affirmative defense is based on 17 U.S.C. § 205(d). With this affirmative defense, MGA essentially contends that it is a bona fide purchaser for value of the Bratz copyrights which

Initials of Deputy Clerk: jh

EXHIBIT _____ 10 _____

PAGE _____ 104 _____

Case 2:04-cv-09049-DOC-RNB   Document 3334-5   Filed 04/28/08   Page 17 of 31   Page ID
#:56759
Case 2:04-cv-09049-SGL-RNB   Document 9266   Filed 04/25/2008   Page 9 of 11

took the rights in good faith and without notice of any prior transfer of the rights therein to Mattel. As the issue is argued by the parties, the Court would be required to determine the legal issue of whether MGA's registration of the copyrights as an "assignment" constitutes "constructive notice" in the manner required to give MGA the protection of 17 U.S.C. § 205(d). In the Court's view, this is a complex legal issue that is not thoroughly addressed by the parties' briefs. Moreover, the Court notes that a trial on the merits is likely to resolve the less complex factual issue of whether MGA acted in good faith and without notice of an earlier assignment of rights. Accordingly, the Court **DEFERS RULING** on this issue until after the Phase 1 trial.

* * * *

The Court will consider a number of remaining issues at the further hearing on these motions, set for May 19, 2008. Specifically, referencing the parties' Notices of Motion, the Court will consider the following issues:

Mattel's motion: Issue (2)(c), whether there is a factual dispute regarding the timing of certain drawings and a dummy model; issue (3), whether the first-generation Bratz dolls are substantially similar to seventeen drawings and a doll sculpt drawing or blueprint created by Bryant and whether those are original, protectable works of expression; issue (5), whether MGA and Larian are liable for aiding and abetting Bryant's breaches of the duty of loyalty and fiduciary duty; and issue (6)(a) whether Mattel is entitled to summary judgment as to the affirmative defense of statute of limitations.

Bryant's motion: Whether Bryant is entitled to summary judgment as to Mattel's claim for copyright infringement; whether Bryant is entitled to summary judgment as to Mattel's breach of contract claim; and whether Bryant is entitled to summary judgment on any portion of his claim for declaratory relief.

MGA's motion: Whether Mattel's claims are time barred; and whether the fourth element of intentional interference with contractual relations -- actual breach or disruption of the contractual relationship -- can be resolved on summary judgment.

Except for any updates from any party regarding the outstanding discovery matters that may be relevant to the statute of limitations, these issues are considered by the Court to be fully briefed. Any supplemental briefs by the parties on any issue other than the statute of limitations will be stricken by the Court. Any supplemental filings regarding the statute of limitations issue shall be limited to addressing the status of outstanding discovery issues and/or recently produced evidence.

**IT IS SO ORDERED.**

Initials of Deputy Clerk: jh

EXHIBIT _____ 10
PAGE _____ 105

Case 2:04-cv-09049-DOC-RNB   Document 3334-5   Filed 04/28/08   Page 18 of 31   Page ID
Case 2:04-cv-09049-SGL-RNB   Document 3266   Filed 04/25/2008   Page 10 of 11
#:56366

## NOTICE PARTY SERVICE LIST

**Case No.**   CV 04-09049 SGL(RNBx)   **Case Title** Carter Bryant v. Mattel, Inc.

**Title of Document**   Minute Order of April 25, 2008

| |
|---|
| Atty Sttlmnt Officer Panel Coordinator |
| BAP (Bankruptcy Appellate Panel) |
| Beck, Michael J (Clerk, MDL Panel) |
| BOP (Bureau of Prisons) |
| CA St Pub Defender (Calif. State PD) |
| CAAG (California Attorney General's Office - Keith H. Borjon, L.A. Death Penalty Coordinator) |
| Case Asgmt Admin (Case Assignment Administrator) |
| Catterson, Cathy (9th Circuit Court of Appeal) |
| Chief Deputy Admin |
| Chief Deputy Ops |
| Clerk of Court |
| Death Penalty H/C (Law Clerks) |
| Dep In Chg E Div |
| Dep In Chg So Div |
| Federal Public Defender |
| Fiscal Section |
| Intake Section, Criminal LA |
| Intake Section, Criminal SA |
| Intake Supervisor, Civil |
| PIA Clerk - Los Angeles (PIALA) |
| PIA Clerk - Riverside (PIAED) |
| PIA Clerk - Santa Ana (PIASA) |
| PSA - Los Angeles (PSALA) |
| PSA - Riverside (PSAED) |
| PSA - Santa Ana (PSASA) |
| Schnack, Randall (CJA Supervising Attorney) |
| Statistics Clerk |

| |
|---|
| US Attorneys Office - Civil Division -L.A. |
| US Attorneys Office - Civil Division - S.A. |
| US Attorneys Office - Criminal Division -L.A. |
| US Attorneys Office - Criminal Division -S.A. |
| US Bankruptcy Court |
| US Marshal Service - Los Angeles (USMLA) |
| US Marshal Service - Riverside (USMED) |
| US Marshal Service -Santa Ana (USMSA) |
| US Probation Office (USPO) |
| US Trustee's Office |
| Warden, San Quentin State Prison, CA |

✓  **ADD NEW NOTICE PARTY**
(if sending by fax, mailing address must also be provided)

Name: Ambassador Pierre-Richard Prosper

Firm:

Address *(include suite or floor)*: P.O. Box 581103

Salt Lake City, UT 84158

\*E-mail: Prosper.Pierre@Arentfox.com

\*Fax No.:

\* For CIVIL cases only

*JUDGE / MAGISTRATE JUDGE (list below):*

**Initials of Deputy Clerk** jh

EXHIBIT _____ 10

PAGE _____ 106

Case 2:04-cv-09049-DOC-RNB   Document 3334-5   Filed 04/28/08   Page 19 of 31   Page ID
#:59264
Case 2:04-cv-09049-SGL-RNB   Document 3286   Filed 04/25/2008   Page 11 of 11

## NOTICE PARTY SERVICE LIST

**Case No.** CV 04-09049 SGL(RNBx)   **Case Title** Carter Bryant v. Mattel, Inc.

**Title of Document** Minute Order of April 25, 2008

| |
|---|
| Atty Sttlmnt Officer Panel Coordinator |
| BAP (Bankruptcy Appellate Panel) |
| Beck, Michael J (Clerk, MDL Panel) |
| BOP (Bureau of Prisons) |
| CA St Pub Defender (Calif. State PD) |
| CAAG (California Attorney General's Office - Keith H. Borjon, L.A. Death Penalty Coordinator) |
| Case Asgmt Admin (Case Assignment Administrator) |
| Catterson, Cathy (9th Circuit Court of Appeal) |
| Chief Deputy Admin |
| Chief Deputy Ops |
| Clerk of Court |
| Death Penalty H/C (Law Clerks) |
| Dep In Chg E Div |
| Dep In Chg So Div |
| Federal Public Defender |
| Fiscal Section |
| Intake Section, Criminal LA |
| Intake Section, Criminal SA |
| Intake Supervisor, Civil |
| PIA Clerk - Los Angeles (PIALA) |
| PIA Clerk - Riverside (PIAED) |
| PIA Clerk - Santa Ana (PIASA) |
| PSA - Los Angeles (PSALA) |
| PSA - Riverside (PSAED) |
| PSA - Santa Ana (PSASA) |
| Schnack, Randall (CJA Supervising Attorney) |
| Statistics Clerk |

| |
|---|
| US Attorneys Office - Civil Division -L.A. |
| US Attorneys Office - Civil Division - S.A. |
| US Attorneys Office - Criminal Division -L.A. |
| US Attorneys Office - Criminal Division -S.A. |
| US Bankruptcy Court |
| US Marshal Service - Los Angeles (USMLA) |
| US Marshal Service - Riverside (USMED) |
| US Marshal Service -Santa Ana (USMSA) |
| US Probation Office (USPO) |
| US Trustee's Office |
| Warden, San Quentin State Prison, CA |

✓ **ADD NEW NOTICE PARTY**
(if sending by fax, mailing address must also be provided)

Name: Hon. Edward A. Infante (Ret.)

Firm:

Address (*include suite or floor*): Two Embarcadero

Center, Suite 1500, San Francisco, CA 94111

*E-mail:

*Fax No.:

* For CIVIL cases only

**JUDGE / MAGISTRATE JUDGE (list below):**

**Initials of Deputy Clerk** jh

EXHIBIT _____ 10

PAGE _____ 107

# EXHIBIT 11

1 | QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
John B. Quinn (Bar No. 090378)
2 | johnquinn@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
3 | (michaelzeller@quinnemanuel.com)
Jon D. Corey (Bar No. 185066)
4 | (joncorey@quinnemanuel.com)
Timothy L. Alger (Bar No. 160303)
5 | (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
6 | Los Angeles, California 90017-2543
Telephone: (213) 443-3000
7 | Facsimile: (213) 443-3100

8 | Attorneys for Mattel, Inc. and Richard De
Anda
9

10 | UNITED STATES DISTRICT COURT

11 | CENTRAL DISTRICT OF CALIFORNIA

12 | EASTERN DIVISION

| | |
|---|---|
| 13 CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| 14 Plaintiff, | Consolidated with |
| 15 vs. | Case No. CV 04-09059<br>Case No. CV 05-02727 |
| 16 MATTEL, INC., a Delaware corporation, | **DISCOVERY MATTER** |
| 17 Defendant. | **[To Be Heard By Discovery Master Hon. Edward Infante (Ret.) Pursuant To The Court's Order of December 6,** |
| 18 | **2006]** |
| 19 AND CONSOLIDATED ACTIONS | OPPOSITION TO MGA'S MOTION TO OVERRULE MATTEL'S AND RICHARD DE ANDA'S OBJECTIONS TO SUBPOENA AND TO COMPEL DISCOVERY |
| 20 | |
| 21 | |
| 22 | [Declarations of Jon. D. Corey and |
| 23 | Richard De Anda filed concurrently] |
| 24 | |
| 25 | Date: TBA<br>Time: TBA<br>Place: TBA |
| 26 | |
| 27 | **Phase I**<br>Discovery Cut-off: January 28, 2008 |
| 28 | Pre-trial Conference: May 5, 2008<br>Trial Date: May 27, 2008 |

07209/2376581.1

EXHIBIT 11

PAGE 108

1
**Preliminary Statement**

2      MGA's Motion to Compel seeks wide-ranging discovery related to Mr. De
3   Anda and his investigative and security services company, Richard N. De Anda
4   Associates. That discovery should be denied for three reasons. First, MGA once
5   again has failed to comply with the Local Rules and this Court's prior orders ·
6   regarding the scope of permissible discovery. Second, the requests seek documents
7   that are entirely irrelevant to the claims and defenses at issue in this litigation.
8   Indeed, many of MGA's requests seek documents that have nothing to do with the
9   subject matter of this suit, which do not even exist, and arise from events that never
10  happened. Third, MGA's overbroad requests would require Mr. De Anda to breach
11  his professional obligations under California law and impermissibly impinge on the
12  statutory privacy rights of his firm's clients, in violation of the constitutional
13  guarantees of both the State of California and the United States.

14
**Argument**

15
16  I.   **THE COURT SHOULD DENY MGA'S MOTION BASED ON ITS**
17       **FAILURE TO COMPLY WITH LOCAL RULE 37 AND THIS COURT'S**
         **PRIOR ORDERS**
18
19      MGA impermissibly makes blanket arguments to compel production of
20  discovery to which it is not entitled. MGA's motion seeks an order overruling
21  Mattel's and De Anda's objections and compelling the production of documents
22  which MGA claims are relevant to MGA's "statute-of-limitations and laches
23  defenses" and the proper "interpretation of the employee agreements and policies at
24  issues in this case." (Mot. at 1.) But rather than respond directly to the specific
25  objections raised by Mattel and De Anda in their January 14, 2008 Objections and
26
27
28

1  Responses,[1] MGA instead ignores them by summarily characterizing them as
2  "blanket objection[s]." (Mot. at 1.). The Discovery Master has rejected this type of
3  imprecise argument for overbroad relief time and again.[2] Mattel's objections to
4  MGA's various discovery requests are often similar because MGA's requests all
5  present common deficiencies. Most of the requests seek disclosure of privileged
6  information and are unbounded by any reasonable limitation at to time or subject
7  matter,—for example, seeking all communications relating to MGA or Larian.[3] This
8  Court has repeatedly instructed MGA that just because a document may reference
9  MGA or Larian does not make it relevant.[4] In fact, numerous MGA discovery
10  requests which require the production of documents that "merely mention MGA,
11  Larian, Bratz, or other MGA, products regardless of whether or not they have
12  anything to do with the claims and defenses in this case" have been found "grossly
13  overbroad."

14      Compounding its failure to particularize its motion, MGA has also failed to
15  comply with the Local Rules, which require that motions compelling further

16

17

18  [1]  See Mattel, Inc.'s and Richard De Anda's Objections and Responses to MGA
     Entertainment, Inc.'s Subpoena to Richard De Anda, dated January 14, 2008
19  ("Mattel's Objections"), attached as Exhibit 3 to the Declaration of Marcus R.
     Mumford in Support of MGA's Motion to Overrule Mattel's and Richard De Anda's
20  Objections to Subpoena and to Compel Discovery ("Mumford Decl.").

21  [2]  See, e.g., Transcript of January 3, 2008 Hearing, at 42:17-43:1, attached as
22  Exhibit 1 to the concurrently filed Declaration of Jon D. Corey ("Corey Decl.")
     (indicating that the Court would not compel discovery on a blanket basis and denying
23  request to supplement all responses).

24  [3]  See, e.g., Request for Production No. 1, Mumford Decl., Exh. 3 (requesting
25  "All communications and/or documents referring or relating to MGA, Isaac Larian or
     any member of his family, and/or Carter Bryant.").

26  [4]  Order Granting in Part and Denying in Part MGA's Motion to Compel
27  Documents Responsive to First Set of Requests for Production of Documents Dated
28  November 22, 2006 ("May 22, 2007 Order"), at 18, Corey Decl., Exh. 2.

-2-
OPPOSITION TO MGA'S MOTION TO OVERRULE OBJECTIONS TO DE ANDA SUBPOENA

EXHIBIT

PAGE

Case 2:04-cv-09049-DOC-RNB  Document 3334-5  Filed 04/28/08  Page 24 of 31  Page ID
Case 2:04-cv-09049-SGL-RNB  Document 2020  Filed 02/08/2008  Page 4 of 11
#:56766

1  responses to general discovery requests be supported by a document setting forth
2  either the specific requests or specific question, and any specific objections, so that
3  the Discovery Master will have both precision and context for such rulings. Central
4  District Local Rule 37-2.1; see, e.g., Ballard v. U.S., 2007 WL 4794101, at *2 (C.D.
5  Cal. Aug. 8, 2007). MGA has failed to do so, and MGA's motion should be denied
6  for this reason alone.[5]

7  **II.    MGA'S REQUEST FOR PRODUCTION NOS. 1, 2, 3, & 4 SHOULD BE**
8  **DENIED AS THEY SEEK DOCUMENTS WHICH DO NOT EXIST**
9  **RELATING TO EVENTS THAT NEVER HAPPENED**

10  MGA's Requests for Production Nos. 1, 2, 3, and 4 seek various documents
11  related to any investigations of MGA, Larian or Bryant, personally undertaken by Mr.
12  De Anda, or his firm, independent of those undertaken as Vice President of Global
13  Security at Mattel. MGA's argues that "whether and when De Anda or his private
14  investigation firm conducted an investigation of MGA, Larian or Bryant, and what
15  was discovered" is directly relevant to the claims and defenses at issue in this
16  litigation. (Mot. at 4-5.)

17  The Discovery Master need not consider this argument, because no such
18  documents exist, as MGA is already aware. The objections make clear that Mr. De
19  Anda "possesses no responsive documents in his personal files."[6] Neither Mr. De
20  Anda, nor his firm, ever undertook any investigation of MGA, Isaac Larian or Carter

21  

22  [5] Further, MGA's suggestion that Mattel refused to meet and confer is incorrect,
23  as Mattel did not have an adequate opportunity to respond to MGA's request for an
"expedited" meet and confer. See Corey Decl. ¶ 2.
24  [6] Mattel's Objections to Requests No. 1, 3, 4, Mumford Decl., Exh. 3. As set
25  forth in Mattel's objections, Mattel has already produced "[n]on-privileged,
responsive documents" relating to such investigations from Mattel's Global Security
26  files. See id. As the Court is familiar, these files have been the subject of a number of
27  MGA's discovery motions. If MGA seeks those documents by this subpoena, then it
28  should be denied as duplicative. Fed. R. Civ. P. 26(b)(2)(c).

1 | Bryant.[7]  Indeed, MGA's motion concedes as much, noting that "[De Anda] had no
2 | knowledge of any investigation he had conducted or approved in his own time of
3 | MGA, Isaac Larian or Carter Bryant" and offering not one shred of evidence
4 | suggesting that any such investigations ever occurred.[8]  (Mot. at 1.)  Based on this
5 | concession, MGA had no good faith basis to move to compel De Anda to produce
6 | documents it had no reason to believe exist.  MGA's motion is thus not only
7 | misplaced and groundless—it is abusive.  To the extent that MGA's requests are
8 | intended (as they say they are) to determine "whether and when" Mr. De Anda or his
9 | firm conducted such investigations, then MGA already has its answers: respectively,
10 | "no," and "never."[9]

11 | **III.  MGA'S REQUEST FOR PRODUCTION NO. 11 RELATING TO DE**
12 | **ANDA'S EMPLOYMENT RELATIONSHIP WITH MATTEL SHOULD**
13 | **BE DENIED**

14 | MGA seeks documents regarding Mr. De Anda's outside work in the
15 | misguided surmise that it is relevant to Mattel's policies and, presumably, in the
16 | hopes that it might serve to mitigate the wrongfulness of Carter Bryant's extra-
17 | contractual misdeeds and MGA's complicity in them.  Thus, MGA argues that the
18 | documents sought are "relevant to the interpretation of the same or similar Mattel

19 |
20 | [7]  See Declaration of Richard M. De Anda ("De Anda Decl.") ¶ 4.

21 | [8]  Nor is it likely that any documents relating to the Mattel investigations might
have inadvertently found their way into De Anda's personal files or those of his firm,
22 | as Mr. De Anda's testimony made clear that such files were kept segregated, with
23 | Mattel files in at Mattel, and De Anda's files at his home.  See De And Depo. Tr.
100:6-13; 304:17-306:19, Corey Decl., Exh. 4.  Of course, as Mr. De Anda has
24 | confirmed that his personal files, less than six inches of documents, contain no such
25 | documents.  See De Anda Decl. ¶ 5.  MGA's speculation is just that.

26 | [9]  MGA's suggestion that the Discovery Master has already overruled objections
on this issue is not only wrong, but is nothing more than a red herring.  The January 3
27 | hearing focused on the relevancy of certain evidence to MGA's claims and defenses,
28 | but means little when no such evidence exists.

07209/2376581.1

EXHIBIT ⑪

PAGE 112

1 | employee agreements that are at issue in this litigation." (Mot. at 5.)  The premise of
2 | MGA's relevancy argument is that Mr. De Anda "disregarded purported [Mattel]
3 | policy of obtaining written authorization to engage in secondary employment," and.
4 | that by so "disregarding" Mattel's policy, his employment agreement is allegedly
5 | relevant.  (Mot. at 2.)  The premise, however, is false, as Mr. De Anda has written
6 | authorization to consult and provide expert witness services.[10]

7 |      MGA has not shown, nor can it, that Mr. De Anda's and Carter Bryant's
8 | employee agreements are similar.  Unlike Bryant, and consistent with Mattel policy,
9 | Mr. De Anda had express written authorization from Mattel to engage in non-
10 | competitive investigative activities outside of his responsibilities to Mattel.  Alan ·
11 | Kaye, a Mattel Senior Vice-President responsible for Human Resources, noted on Mr.
12 | De Anda's engagement letter that he remained eligible to serve as a security
13 | consultant or expert witness, so long as it did not conflict with Mattel's business.[11]
14 | By contrast, Mr. Bryant's agreement expressly prohibited him from engaging in
15 | conflicting outside business activities without Mattel's prior written consent, which he
16 | did not obtain:

17 |     "My employment with the Company requires my undivided attention
18 | and efforts. . . . I shall not, without the Company's express written
    consent, engage in any employment or business other than for the
19 | company, or invest in or assist (in any manner) any business competitive
20 | with the business or future business plans of the Company."[12]

21

22

23 |   [10] At his deposition, Mr. De Anda could not recall whether he had received
written authorization, or just verbal authorization to consult.  See De Anda Tr.
24 | 140:13-18, Mumford Decl., Exh. 1; De Anda Decl. ¶2.  He, unlike Bryant, testified
25 | that he disclosed his activities before joining.  See id.
  [11] See De Anda Decl. ¶ 2; October 21, 1997 Letter of Engagement, De Anda
26 | Decl., Exh. B.
27 |   [12] See Employee Confidential Information and Inventions Agreement, dated
28 | January 4, 1999, Corey Decl., Exh. 3.

07209/2376581.1

Case 2:04-cv-09049-DOC-RNB  Document 3334-5  Filed 04/28/08  Page 27 of 31  Page ID
Case 2:04-cv-09049-SGL-RNB  Document 2020  Filed 02/08/2008  Page 7 of 11
#:56769

1   The two employee's circumstances—as well as the nature of their employment

2   relationships with Mattel—are so markedly different, that neither offers any insight

3   into the other. Accordingly, the basic premise behind MGA's request, that De Anda

4   breached Mattel policy by having secondary employment, fails.

5      Moreover, to the extent that Mr. De Anda's employment relationship had any

6   marginal relevance, MGA's request remains objectionable given its gross overbreadth

7   and vagueness in requiring all documents or communications "relating to De Anda's

8   employment with Mattel."[13]  As such, the objections to MGA's Request for

9   Production No. 11 should be upheld, and MGA should be precluded from seeking

10   this discovery.

11   **IV.   MGA'S REQUESTS FOR PRODUCTION SEEK NON-RELEVANT**

12        **MATERIALS PROTECTED BY THE ATTORNEY-CLIENT AND**

13        **WORK PRODUCT PRIVILEGES WHICH NEED NOT BE LOGGED**

14      Many of MGA's requests would also call for the production of materials that

15   are shielded from disclosure under the attorney-client and work product privileges.

16   For example, Request No. 5 (which inquires into the investigative services provided

17   by Mr. De Anda) and Request No. 10 (which inquires into Mr. De Anda's work as a

18   consultant and expert) would undoubtedly raise significant privilege concerns, given

19   that Mr. De Anda's client's frequently include law firms or otherwise relate to legal

20   issues.[14]  MGA argues that this assertion of privilege is improper because it is

21   unaccompanied by a privilege log. (Mot. at 6). This argument is unpersuasive

22   because while it is true that *relevant* privileged must be logged, Mr. De Anda does

23   not personally have any relevant materials relating to the claims and defenses at issue

24

25

26   [13]   MGA's Request for Production No. 11, Mumford Decl., Exh. 3.

27   [14]   See, e.g., De Anda Depo Tr. 98:18-100:2, Corey Decl., Exh. 4; De Anda Decl.

28   ¶ 6.

-6-

EXHIBIT    11

PAGE    114

Case 2:04-cv-09049-DOC-RNB Document 3334-5 Filed 04/28/08 Page 28 of 31 Page ID
#:56270
Case 2:04-cv-09049-SGL-RNB Document 2020 Filed 02/08/2008 Page 8 of 11

1 in this litigation.[15] His personal files or those of his firm—which relate to his

2 authorized consulting and investigative services or his appearance as an expert—are

3 irrelevant.[16] If the Discovery Master determines that they are relevant (and they are

4 not) then they will be logged. But it has never been any parties' practice to log

5 irrelevant materials, nor should it be condoned. See, e.g. Southern Scrap Material

6 Co. v. Fleming, 2003 WL 22415995, *6 (E.D. La. Oct. 21, 2003) (denying motion to

7 compel and finding that irrelevant materials need not be placed on privilege log); In

8 re Circle K Corp., 1996 WL 529399, *8 (Bankr. S.D.N.Y. May 30, 1996) (noting that

9 a party should not be required to "undertake the burdensome and entirely unnecessary

10 task of preparing a privilege log with respect to many documents that are totally

11 irrelevant to the issues in the lawsuit").

12 **V. MGA'S REQUESTS FOR PRODUCTION NOS. 5, 6, 7, 8, 9 & 10**

13 **REGARDING MR. DE ANDA'S AND HIS FIRM'S INVESTIGATIONS**

14 **SHOULD BE DENIED**

15 MGA's Requests for Production Nos. 5, 6, 7, 8, 9, 10 seek wide-ranging,

16 abusive discovery regarding Mr. De Anda personally and his firm, Richard N. De

17 Anda Associates. These requests are facially defective. They seek every document

18 that Mr. De Anda has related to his consulting or investigation. They are neither

19 reasonably limited in time nor directed to specific claims or defenses. As such, they

20 are overly broad and the motion must be denied as to these requests.

21 Mr. De Anda is also a licensed private investigator.[17] He operates an

22 investigative and security services company, and is its sole employee.[18] Through his

23 ___

24 [15] See Mattel's Objections to Request Nos. 1, 3, 4, Mumford Decl., Exh. 3
25 (stating that De Anda does not possess any responsive documents).

26 [16] See May 22, 2007 Order, at 18, Corey Decl., Exh. 2 (noting that in order for a
request to be relevant, the requests must be specifically linked to the claims and
27 defenses at issue).

28 [17] See De Anda Tr. 27:13-15, Corey Decl., Exh. 4; De Anda Decl. ¶ 2.

1  activities as an investigator, he is frequently in possession of private, proprietary,
2  confidential or otherwise sensitive client information.[19] These investigations include
3  matters which are, at times, deeply personal, including for example, an investigation
4  related to the sexual assault of a minor.[20]

5      California's <u>Private Investigator Act</u> mandates that an investigator "shall not
6  divulge to any other person, except as he or she may be required by law so to do, any
7  information acquired by him or her except at the direction of the employer or client
8  for whom the information was obtained." <u>Cal. Bus. & Prof. Code</u> § 7539(a); <u>see also</u>
9  8 Rutter, <u>Cal. Practice Guide</u> § 315.15 ("Private investigators are prohibited by law
10 from divulging information developed during the course of an investigation for a
11 client.").

12     Yet, that is exactly what MGA's broadly framed requests would require. For
13 example, Request No. 5 seeks all extant information regarding any and all of the
14 services provided by Mr. De Anda's business:

15     ALL COMMUNICATIONS and/or DOCUMENTS REFERRING OR
16     RELATING TO the nature of the services or products provided by
       YOU, and the names of any other owners, partners, proprietors,
17     members, officers, directors, representatives, employees or consultants,
18     including any past or present officers, directors, agents employees,
       representatives, consultants, attorneys, parents, subsidiaries, divisions,
19     affiliates, predecessors-in-interest, entities and persons acting in joint
20     venture or partnership relationships with YOU, and any others acting on
       YOUR behalf, pursuant to YOUR authority or subject to YOUR control.
21
22 Because there is no meaningful distinction between disclosing documents "related" to
23 the "nature of the services provided," this request seeks disclosure of the services
24 actually provided by Mr. De Anda. Full compliance with the request, which is

25 _____
26  [18]  <u>See</u> De Anda Decl. ¶ 6.
27  [19]  <u>See</u> De Anda Decl. ¶ 6.
28  [20]  <u>See</u> De Anda Decl. ¶ 6.

07209/2376581.1

Case 2:04-cv-09049-DOC-RNB   Document 3334-5   Filed 04/28/08   Page 30 of 31   Page ID
Case 2:04-cv-09049-SGL-RNB   Document 2026   Filed 02/08/2008   Page 10 of 11
#:56778

1  neither limited by time nor subject matter, would require the disclosure nearly every

2  communication or document related to *any and all* of Mr. De Anda's private

3  investigations, as well as every participant involved. The other related requests—

4  seeking such information as Mr. De Anda's time records,[21] financial information,[22]

5  including payments from clients, and his client agreements[23]—would undoubtedly

6  require Mr. De Anda to divulge the private confidential matters of his clients.[24]

7      Disclosure of such matters would violate not only Mr. De Anda's professional

8  obligations under California law, but also implicate his clients' firmly rooted

9  "inalienable right to privacy" provided by both the Californian and United States

10  Constitutions.[25] MGA ignores these important principles, arguing instead such

11  concerns are "without merit" and that harm caused by disclosure would be mitigated

12  by the Protective Order entered into by the parties. (Mot. at 7.) But ultimately,

13  whether disclosure of private confidential information is warranted, depends on a

14  balancing of the privacy interests against the importance of the discovery and the

15

16    [21]  See Request for Production Nos. 6 & 7, Mumford Decl., Exh. 4.

17    [22]  See Request for Production No. 8. Disclosure of these records would implicate
18  not only Mr. De Anda's clients' confidential information, but also his own privacy
   interests. Given that Mr. De Anda is not a party to this action, and the utter lack of
19  relevance of his financial records, disclosure is not warranted. See Valley Bank of
20  Nev. v. Sup. Ct., 15 Cal. 3d 652, 658 (1975).

21    [23]  See Request for Production Nos. 9 & 10.

22    [24]  MGA's overbroad requests would surely result in a breach of client
   confidences because it would likely disclose information obtained during the course
23  of an investigation. See Flynn v. Superior Court, 57 Cal. App. 4th 990, 995-996
24  (1997) (holding that identity of client not protected but information obtained during
   investigation is protected).

25    [25]  Calif. Const. Art. 1 § 1; see also Griswold v. State of Conn., 381 U.S. 479, 484
26  (1965). During his deposition, Mr. De Anda stated exactly this principle, noting that
   he could not disclose certain information because of his clients' privacy interests. See
27  De Anda Tr. at 107:6-23, Corey Decl., Exh. 4. At the time, at least, MGA's counsel
28  appeared to recognize this limitation. See id.

Case 2:04-cv-09049-DOC-RNB  Document 3334-5  Filed 04/28/08  Page 31 of 31  Page ID
#:56373
Case 2:04-cv-09049-SGL-RNB  Document 2020  Filed 02/08/2008  Page 11 of 11

1  public interest in disclosure. <u>See</u> <u>Garstang v. Superior Court</u>, 39 Cal. App. 4th 526,

2  532 (Cal. Ct. App. 1995) (denying discovery request because the right of privacy may

3  be "abridged only when there is a compelling and opposing state interest"). Given the

4  utter lack of relevance of Mr. De Anda's unrelated investigations to this proceeding,

5  coupled with the substantial privacy interests implicated, the balance weighs heavily

6  against disclosure.[26] Finally, contrary to MGA's argument, the existence of a

7  protective order does not absolve Mr. De Anda of his statutory obligations to preserve

8  the confidences of third parties.

### Conclusion

10     For the foregoing reasons Mattel respectfully requests that the Court uphold

11  Mattel's objections and deny MGA's motion to compel discovery.

13  DATED: February 7, 2008          QUINN EMANUEL URQUHART OLIVER &
                                     HEDGES, LLP

15                                   By  Jon D. Corey  /ZDK
16                                       Jon D. Corey
                                         Attorneys for Mattel, Inc.

---

[26]   Moreover, MGA's argument is belied by its own recent assertions of "privacy"
to shield disclosure of relevant communications. <u>See, e.g.</u>, MGA's January 25, 2008
Privilege Log Entry No. 2147 and 2148, at 241-42, Corey Decl., Exh. 5 (stating
documents "to be redacted for privacy").

EXHIBIT 118

PAGE