EXHIBIT 53

1   DOUGLAS A. WICKHAM (S.B. #127268)
    dwickham@littler.com
2   KEITH A. JACOBY (S.B. #150233)
    kjacoby@littler.com
3   LITTLER MENDELSON
    A Professional Corporation
4   2049 Century Park East, 5th Floor
    Los Angeles, CA  90067.3107
5   Telephone:   (310) 553-0308
    Facsimile:    (310) 553-5583
6
    Attorneys for Carter Bryant
7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

               EASTERN DIVISION
10

11  CARTER BRYANT, an individual,          Case No.  CV 04-09049 SGL (RNBx)
                                           (consolidated with CV 04-9059 & 05-2727)
12                Plaintiff,
                                           **DISCOVERY MATTER**
13        v.
                                           **[To Be Heard By Discovery Master**
14  MATTEL, INC., a Delaware               **Hon. Edward Infante (Ret.) Pursuant to**
    Corporation,                           **The Court's Order of December 6, 2006**
15
                  Defendant.               **DECLARATION OF KEITH A.**
16                                         **JACOBY IN SUPPORT OF CARTER**
                                           **BRYANT'S OPPOSITION TO**
17                                         **MATTEL INC.'S MOTION TO**
                                           **COMPEL THE PRODUCTION OF**
18                                         **DOCUMENTS**

19                                         Date:   January 23, 2007
                                           Time:   8:15 a.m.
20                                         Place:  Telephonic

21                                         Discovery Cut-off:  None set
                                           Pre-trial Conference:  None Set
22                                         Trial Date:  None Set

23  CONSOLIDATED WITH                      Judge:  Hon. Stephen G. Larson
    MATTEL, INC. v. BRYANT and
24  MGA ENTERTAINMENT, INC. v.             Discovery Cut-Off:   T.B.D.
    MATTEL, INC.
25

26

27

28
                                                    DECLARATION OF KEITH JACOBY

                                                         727C

EXHIBIT ___53___

PAGE ___501___

1    I, Keith A. Jacoby, declare as follows:

2        1.    I am a shareholder of the law firm of Littler Mendelson, a Professional

3    Corporation, counsel of record and co-lead counsel for Defendant Carter Bryant

4    ("Mr. Bryant") in this matter. I have personal knowledge of the matters set forth

5    herein and, if called as a witness, I could and would testify competently thereto.

6        2.    Mattel is an international toy manufacturer based in El Segundo,

7    California that markets numerous lines of toys, including its most well-known

8    product, the "Barbie" doll line.  See Mattel's Complaint at ¶ 7.

9        3.    Mr. Bryant was deposed in this matter on November 4, 5 and 8, 2004.

10   True and correct copies of excerpts of his depositions transcript are attached as

11   Exhibit "A" hereto.  At his deposition, Bryant testified to the following:

12           (a)    Bryant was formerly employed by Mattel as a designer of

13   Barbie fashions.  He worked from September 1995 to April 1998 in the "mainline

14   Barbie" fashions department, and from January 4, 1999 to October 20, 2000 in the

15   Barbie "Collectibles" unit.  Deposition of Carter Bryant ("Bryant Depo."), Vol. 1,

16   page 36, lines 10-11 and 14-16 (hereafter, 36:10-11 and 14-16); 37:3-5; Vol 2,

17   274:13.

18           (b)    During his 1998 hiatus from Mattel, Bryant moved to his

19   family's home in Missouri, worked part time at Old Navy, and created artwork.

20   One of his creations was drawings of hip teenage girls in funky modern clothes.  He

21   called the girls in these totally original drawings "Bratz," but he made no effort to

22   commercialize them at the time.  Bryant Depo. Vol. 1, 9:5-12, 142:10-15, 144:19-

23   20.

24           (c)    Needing money, and wanting to live on his own, Bryant moved

25   back to California and returned to work at Mattel in January 1999.  Bryant Depo.

26   Vol. 1, 44:15, 48:9-11.

27           (d)    Bryant left his employment at Mattel for a second time on

28   October 20, 2000 in order to pursue more financially and creatively lucrative

EXHIBIT    53

PAGE    502

1.

**DECLARATION OF KEITH A. JACOBY**

1 | discovery, nor has it logged it on any privilege log.

2 |     30.    Bryant has not "refused" to produce communications between himself

3 | and MGA. To the contrary, he has produced his agreement, his royalty statements,

4 | all manner of artwork that was done for MGA or assigned to MGA.

5 |     31.    Moreover, and contrary to Mattel's contentions, Bryant has conducted

6 | an extensive and diligent search for responsive and relevant information. Bryant

7 | made the computer hard drive of the computer he used from 2000 to 2002 available

8 | to his counsel, and counsel have not found any responsive documents or relevant

9 | information in his computer hard drives, or documents related to his

10 | communications with MGA.

11 |     32.    Mattel's speculation that Bryant's counsel "apparently has made no

12 | effort to look for or recover deleted data from that hard drive and made no effort to

13 | examine the other computers at all" is a complete falsehood, and contradicts

14 | express representations made to Mattel's counsel in the meet and confer that such a

15 | search was undertaken and did not reveal any responsive documents. This is set out

16 | in the Stipulation. Mattel's baseless representations ignore the fact that Bryant's

17 | counsel has examined his hard drive extensively for any responsive documents, and

18 | it has not found any. It also ignores the fact that scores of attorney hours have been

19 | spent searching for documents at Bryant's home and in his studio. While Bryant has

20 | tirelessly searched for and inspected his computer hard drives for relevant

21 | information, there is irrefutable evidence that Mattel has not turned over all of

22 | Bryant's electronic data, such as responsive emails or their attachments.

23 |     33.    Bryant has been even more accommodating in his furnishing of

24 | personal telephone records, but to no avail. He has produced pages of telephone

25 | records reflecting phone calls between MGA and himself. He also produced

26 | redacted phone records from Veronica Marlow, the individual that introduced

27 | Bryant to MGA. He produced those records in good faith, even though they are not

28 | his own, because they were turned over by Marlow to his attorneys during this

10.

**DECLARATION OF KEITH A. JACOBY**

EXHIBIT 53

PAGE 563

1    During that time, Mr. Bryant was questioned on thirty-four (34) separate exhibits,

2    collectively containing over 100 documents.

3           I declare under penalty of perjury under the laws of the United States

4    of America that the foregoing is true and correct. Executed this 11th day of January

5    2007.

6

7                                        _____

8                                                Keith A. Jacoby

9    Firmwide:81881546.1 028307.1010

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT ____53____                    12.         DECLARATION OF KEITH A. JACOBY

PAGE ____564____

EXHIBIT 54

CONFORMED COPY                    FILED

Hon. Edward A. Infante (Ret.)
JAMS
Two Embarcadero Center
Suite 1500
San Francisco, CA  94111
415-774-2611
415-982-5287 (fax)

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant. | CASE NO. C 04-09049 SGL (RNBx)<br>JAMS Reference No. 1100049530<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-2727<br><br>**ORDER GRANTING MATTEL'S<br>MOTION TO COMPEL PRODUCTION<br>OF DOCUMENTS** |
| CONSOLIDATED WITH<br>MATTEL, INC. v. BRYANT and<br>MGA ENTERTAINMENT, INC. v. MATTEL,<br>INC. | |

I.  INTRODUCTION

On January 3, 2007, Mattel, Inc. ("Mattel") submitted its Motion to Compel Production of Documents to the undersigned Discovery Master for disposition.[1]  On January 11, 2007, Carter Bryant ("Bryant") submitted his opposition brief, and on January 18, 2007, Mattel submitted a reply brief.  The matter was heard via telephonic conference call on January 24, 2007.  Having

[1]  Pursuant to a stipulation and order filed December 6, 2006, the undersigned was designated Discovery Master in accordance with Rule 53 of the Federal Rules of Civil Procedure.

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT ___54___

PAGE ___565___

1-26

CONFIDENTIAL

EXHIBIT ___54___

PAGE ___566___

considered the motion papers and comments of counsel at the hearing, Mattel's Motion to Compel

Production of Documents is GRANTED.

## II. BACKGROUND

At the heart of this lawsuit is a dispute over the rights to the "Bratz" dolls. This highly

lucrative line of dolls was first conceived by Bryant, a former Mattel employee, and made

commercially available by MGA Entertainment, Inc. ("MGA") in the summer of 2001. Sales of

Bratz dolls now rival Mattel's Barbie doll.

### A. Mattel's Original Complaint

On April 27, 2004, Mattel, the world's largest manufacturer and marketer of toys, filed

suit against its former employee Bryant in state court asserting claims for breach of contract,

breach of fiduciary duty, breach of duty of loyalty, unjust enrichment, and conversion. Mattel

employed Bryant as a product designer from September 1995 through April 1998, and from

January 1999 through October 2000. Upon starting his second term, Bryant signed an Employee

Confidential Information and Inventions Agreement which required him not to engage in any

employment or business other than for Mattel, or invest or assist in any manner any business

competitive with the business or future business plans of Mattel. Bryant also assigned to Mattel

all rights, title, and interest in the "inventions" he conceived of, or reduced to practice, during his

employment.

In addition, Bryant completed Mattel's Conflict of Interest Questionnaire, certifying that

he had not worked for any of Mattel's competitors in the prior twelve months and had not

engaged in any business dealings creating a conflict of interest. Bryant agreed to notify Mattel of

any future events raising a conflict of interest.

Mattel alleges that during his employment, Bryant secretly aided, assisted and worked for

a Mattel competitor (later identified as MGA). Bryant entered into an agreement with MGA to

EXHIBIT _____ 54

PAGE _____ 567

provide product design services on a "top priority" basis.[2] The agreement further provided that Bryant would receive royalties and other consideration for sales of products on which he provided aid or assistance; that all work and services furnished by Bryant to MGA under the agreement would be considered "works for hire"; and that all intellectual property rights to preexisting work by Bryant purportedly would be assigned to MGA. Mattel further alleges that Bryant converted, misappropriated and misused Mattel property and resources while he was employed at Mattel. In the complaint, Mattel claims ownership of all inventions and works created by Bryant during his Mattel employment and seeks to recover all benefits obtained as a result of his alleged breach of duties.

In May of 2004, Bryant removed the state court action to the U.S. District Court, asserting subject matter jurisdiction under both 28 U.S.C. §1331 (federal question jurisdiction) and 28 U.S.C. §1332 (diversity jurisdiction). Mattel filed a motion to remand and submitted a copy of Bryant's agreement with Mattel's competitor, namely MGA. The agreement was dated September 18, 2000 – a time when Bryant was still employed by Mattel — and required Bryant to provide MGA with design services for the Bratz dolls. In return, MGA agreed to compensate Bryant at a monthly rate for a period of time and to pay Bryant a 3% royalty on sales of Bratz dolls. In August of 2004, the district court remanded the action.

B. Bryant's Cross-complaint

In September of 2004, after the case was returned to state court, Bryant filed a cross-complaint against Mattel to challenge the legality of Mattel's Employee Confidential Information and Inventions Agreement. Bryant's cross-complaint included claims for unfair competition, rescission, declaratory relief, and fraud.

//

---

[2] Bryant has already produced his agreement with MGA. Therefore, the existence of the agreement does not appear to be in dispute.

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

3

EXHIBIT _____ 54

PAGE _____ 568

C. Bryant's Second Notice of Removal (CV 04-9059)

In November of 2004, Bryant filed a second notice of removal, once again invoking federal question and diversity jurisdiction. Bryant asserted that Mattel's complaint presented a federal question because events occurring since the first removal and remand demonstrated that Mattel's conversion claim involved the rights to the Bratz dolls, and therefore was preempted by the Copyright Act. Bryant also contended that there was diversity jurisdiction because he and Mattel were citizens of different states and the amount in controversy exceeded the $75,000 jurisdictional limit because the rights to the Bratz dolls were at stake. After the second notice of removal, MGA intervened as a defendant pursuant to a stipulation and order.

D. Bryant's Declaratory Relief Action Against Mattel (CV 04-9049)

On the same day that Bryant filed his second notice of removal, he also filed a complaint in federal court seeking a declaratory judgment that the Bratz dolls do not infringe Mattel's copyrights in a project known as "Toon Teens."

E. MGA's Complaint Against Mattel (CV 05-2727)

In April of 2005, MGA filed suit against Mattel alleging essentially unfair competition claims. MGA alleged that Mattel engaged in "serial copycatting" of Bratz dolls, Bratz "pets" and other Bratz products, Bratz television commercials, and Bratz packaging.

F. Mattel's Second Motion to Remand its Complaint against Bryant

Mattel filed another motion to remand its suit against Bryant. In March of 2005, the district court issued an order denying the motion to remand and certifying the order for interlocutory review. Mattel filed an appeal, and the district court stayed discovery in May of 2005. Discovery did not resume until May 2006, when the Ninth Circuit affirmed the district court ruling. After the stay was lifted the district court consolidated all three actions for all purposes. There is no scheduling order currently in place.

G. Court Dismisses Bryant's Cross-claims and Declaratory Relief Action

In July of 2006, the district court dismissed Bryant's cross-claims pursuant to Rule 12(b)(6), Fed.R.Civ.P., for failure to state a claim upon which relief may be granted. The district court also dismissed Bryant's declaratory relief action, finding there existed no reasonable apprehension of an imminent copyright infringement claim against him by Mattel based upon Mattel's Toon Teen intellectual property.

H. Mattel's Counterclaims against MGA

Mattel sought leave to file an amended complaint in case no. CV 05-9059 to add five defendants and nine new legal claims alleging a wide range of commercial disputes. For example, Mattel's proposed amended complaint contains RICO claims, a trade secret misappropriation claim, and aiding and abetting claims predicated on allegations that MGA cherry-picked certain high ranking Mattel executives or designers and then enticed them to steal Mattel's trade and proprietary secrets and deliver them to MGA before beginning work with MGA. Mattel also sought leave to add a copyright infringement claim. Mattel has recently filed copyright registrations with the U.S. Copyright Office claiming ownership in various Bratz doll designs created by Bryant.

On January 11, 2007, the district court granted Mattel leave to file its proposed amendments, but only insofar as they are pled in the form of an amended answer and counterclaim in the case MGA filed against Mattel, CV 05-2727. The next day, Mattel filed its amendments as ordered in case no. CV 05-2727.

I. Mattel's Requests for Production of Documents

Mattel served the requests for production of documents at issue in this motion on June 14, 2004. Bryant served objections and responses on July 16, 2004. The parties met and conferred, but ultimately Mattel moved to compel production in January of 2005. That motion, however,

EXHIBIT ___54___

PAGE ___670___

1   was not heard before the district court stayed all discovery pending resolution of Mattel's appeal

2   to the Ninth Circuit on subject matter jurisdiction issues.

3          After the stay of discovery was lifted, the parties met and conferred on June 20, 2006, at

4   the courthouse, and were able to achieve apparent agreement on the bulk of the present motion to

5   compel.  The parties informed the court that they would submit a stipulation and order.  See

6
7   Minutes dated June 20, 2006, Zeller Dec. Ex. 6 ("With respect to Mattel's Motion to Compel

8   Production of Documents, counsel will be submitting a stipulation and order which will be

9   dispositive of all the issues in dispute.").

10
11         Over the next several months, the parties exchanged draft stipulations and orders to

12  memorialize the parties' meet and confer session, but were unable to reach final agreement

13  because Bryant insisted upon including the following sentence in the stipulation:  "The stipulation

14  resolves all issues raised in Mattel's motion to compel, which is hereby withdrawn."  Bryant's

15  Opposition at 1:18-20.  By including this sentence, Bryant intended to prevent further law and

16
17  motion regarding the requests at issue in Mattel's original motion to compel.  Id. at 1:21-23.

18  From Mattel's perspective, however, the proposed sentence amounted to a demand that Mattel

19  waive its right to all further discovery in connection with its requests.  Mattel proposed the

20  following provision as an alternative:

21
22         Except as, and only as set forth in the terms of Paragraph One above, nothing in
        this Stipulation shall preclude or limit Mattel from seeking further discovery on
23         any matter, including as to matter on which the parties could not reach complete
        agreement, or preclude or limit any right of Bryant to object or resist to such
24         discovery.

25  Bryant's Opposition at 7:5-11.  Apparently Mattel's alternative language was

26
27  unacceptable to Bryant.  At the direction of the Discovery Master, the parties met and

28  conferred again in late December 2006, but to no avail.

29         Despite the parties' inability to reach final agreement, Bryant produced approximately

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)                                                                        6

EXHIBIT    54
PAGE    571

1,600 pages of documents to date. Mattel contends, however, that the production is inadequate and consistent with a pattern of stonewalling.[3] Accordingly, Mattel filed the instant motion to compel responsive documents, which includes a request for sanctions in the amount of $7,805.

    J.  Mattel's Motion to Compel Production of Documents

    Mattel's motion has three parts. First, Mattel seeks an order compelling Bryant to produce the following categories of requested documents: (a) documents relating to Bratz designs created by Bryant while employed by Mattel; (b) doll prototypes created by Bryant while working for Mattel; (c) documents that refer to the conception, creating or development of Bratz; (d) Mattel-related documents that Bryant disclosed to MGA; (e) communications between Bryant and MGA that relate to Mattel or Mattel employees; and (f) documents showing what dolls Bryant was exposed to while working at Mattel. Mattel's Motion at 6. Mattel asserts that these categories of documents are relevant to establish Bryant's liability and would reveal works rightfully owned by Mattel.

    Second, as to other categories of documents which Bryant has agreed to produce, Mattel contends that Bryant has imposed unjustified limitations. According to Mattel, Bryant will not produce any responsive documents that were created after the suit was filed; Bryant will not produce any communications with MGA "created" after the end of his Mattel employment; Bryant is limiting production of Bratz-related documents to designs that, in Bryant's view, "resulted in" the first line of Bratz dolls released in June 2001; Bryant has not produced known contracts between him and MGA and refuses to produce non-privileged communications relating to those contracts; and Bryant has withheld all but one category of financial documents relating to

---

[3]  According to Mattel, Bryant evaded a deposition until Mattel obtained a court order compelling him to appear. Similarly, MGA allegedly refused to permit its CEO, Isaac Larian, from being deposed. Mattel again obtained a court order compelling the deposition and sanctions. To date, only Bryant and Larian have been deposed.

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

    7

EXHIBIT _____ 84 _____

PAGE _____ 572 _____

his earnings from his work for MGA. Mattel's Motion at 7. Mattel seeks full production of responsive documents without any of the limitations described above.

Third, Mattel contends that the documents Bryant has produced are inadequate for a number of reasons: the financial documents are so heavily redacted they are useless; faxed documents are missing fax header information, including the sending and receiving parties[4]; e-mails and other electronic documents that are known to exist have not been produced; Bryant refuses to inspect, and refuses to permit Mattel to inspect, the hard drive of a computer he used during the relevant period; and Bryant's privilege log is facially incomplete and lists only four documents.

K. Bryant's Opposition to Mattel's Motion to Compel

Bryant opposes Mattel's motion to compel. He views the motion as nothing more than Mattel's unwillingness to allow closure on any discovery matter after a lengthy meet and confer process which began back in 2004. Bryant emphasizes that the document requests at issue were first propounded at a time when Mattel was attempting to remand the case, making the claim that it did not know whether $75,000 was in controversy and insisting that it was asserting solely state law claims. Bryant explains that given Mattel's view of the case in 2004, he took the position that discovery should be limited to what occurred in his last days at Mattel and shortly thereafter. See Bryant's Opposition at 4-5 ("Bryant's activities and earnings in connection with Bratz in later years could have no conceivable relevance to the case because if those activities and earnings were at stake, the case was worth millions, not pennies."). Accordingly, in the summer and fall of 2004, he produced the following categories of documents: documents evidencing the artwork used to create the "First Generation" of Bratz dolls – the first dolls sold to the public in the summer of 2001; hundreds of pieces of artwork he was permitted to retain from his employment

[4] There is evidence that MGA's CEO instructed an employee to obliterate the fax header on a fax Bryant sent to MGA from Mattel's Design Center. MGA denies the accusation.

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

8

EXHIBIT 54
PAGE 573

1  at Mattel; MGA statements revealing his earnings connected with the sale of the First Generation

2  Bratz dolls and his 2000 contract with MGA; personal phone records and bank records; and

3  hundreds of three dimensional doll parts and toy accessories that came into his possession over

4  the years, including a prototype of the First Generation "Jade" doll.

5
6        Bryant generally agrees with Mattel's description of the meet and confer session held at

7  the courthouse on June 20, 2006 and the parties' exchange of draft stipulations.  According to

8  Bryant, all the requests addressed in Mattel's original motion to compel and the instant motion led

9  to agreement on the following points: (a) Bryant would produce all agreements for work he

10  performed with or on behalf of MGA prior to June 30, 2001 (the approximate date the First

11

12  Generation Bratz dolls were released to the public); (b) Bryant would waive the attorney-client

13  privilege with respect to communications with the attorney who assisted him in negotiating his

14  contract with MGA, so long as that waiver would be limited and in no way waive the privilege

15  with respect to litigation counsel; (c) Bryant would produce any documents relating to any

16

17  payments he received from MGA while employed at Mattel, irrespective of the date of creation;

18  (d) Bryant agreed to make a diligent search for all computers referenced in his deposition and

19  search them for responsive documents; (e) Bryant agreed to produce all documents and tangible

20  things obtained from Mattel during the course of his employment at Mattel; (f) Bryant agreed to

21

22  conduct a search and produce any patent, trademark or copyright applications, registrations and

23  other non-privileged documents in his possession in connection with his work with MGA prior to

24  June 2001; (g) Bryant agreed to identify documents responsive to particular requests if Mattel

25  could demonstrate that the requests asked for such identification of documents; (h) Bryant agreed

26

27  to sign a verification that none of the information redacted from his phone records related to Bratz

28  or his work for MGA prior to June 30, 2001; (i) Bryant agreed to supplement his privilege log;

29  and (j) the parties agreed that the stipulation modified Bryant's prior response to the discovery

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

9

EXHIBIT _____54_____

PAGE _____574_____

requests and that the stipulation controlled to the extent they were inconsistent. Bryant's Opposition at 5:22-6:21.

Bryant emphasizes that the parties have engaged in an extensive meet and confer process and asks the Discovery Master to order the disposition of this motion in a manner consistent with the parties' draft stipulation. If the draft stipulation is not adopted, Bryant fears the parties will have no incentive to compromise in the future. Bryant's Opposition at 1:24-2:3. Bryant also asks the Discovery Master to order Mattel not to revisit any of the requests that were the subject of Mattel's original motion to compel or the instant motion to compel. Id. at 2:11-13 and 10:9-10.

Furthermore, Bryant asserts that Mattel's requests are overbroad in numerous respects. In particular, Bryant asserts that Mattel is not entitled to all communications with MGA relating to Mattel employees. Bryant also asserts that Mattel is not entitled to unredacted personal phone records and financial information because these records are protected by privacy rights. Lastly, Bryant asserts that Mattel is not entitled to all Bratz related documents created after the lawsuit was filed.

## III. DISCUSSION

### A. The Parties Did Not Reach a Stipulation to Resolve the Instant Motion

The parties' extensive submissions make it clear that the parties did not resolve the issues raised in the instant motion. The parties met and conferred extensively and in good faith, reaching compromises on virtually all categories of documents in dispute. Despite their efforts, however, the parties were ultimately unable to execute a binding stipulation because they were unable to agree on any provision to govern Mattel's future right to pursue additional discovery from Bryant. It is clear that the parties deemed it necessary to include such a provision in the draft stipulation in order to protect their respective positions. Because the parties did not execute a binding stipulation, there is no legal basis to enforce the terms contained in the draft stipulation.

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

10

EXHIBIT 54
PAGE 575

Therefore, Mattel's right to the discovery it seeks in the instant motion to compel is governed by the familiar guidelines set forth in Rule 26 of the Federal Rules of Civil Procedure.

Furthermore, because the parties met and conferred in good faith and because they had a legitimate dispute over language governing Mattel's future right to pursue additional discovery from Bryant, the Discovery Master denies Mattel's request for sanctions.

B. Rule 26 of the Federal Rules of Civil Procedure

Rule 26 of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed.R.Civ.P. 26(b)(1). "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. Discovery shall, however, be limited by the court if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Fed.R.Civ.P. 26(b)(2).

C. Mattel's Requests for Production

Request Nos. 2, 13, 48: Documents Relating to Bryant's Agreements with MGA

Mattel seeks documents relating to Bryant's agreements with MGA, including doll-related agreements. Bryant is withholding responsive documents, including (a) documents relating to his Bratz agreements with MGA other than final signed agreements, including communications exchanged by the parties and drafts of the agreements, (b) documents relating to doll-related

EXHIBIT ___54___

PAGE ___576___

agreements discussed or negotiated by Bryant and third parties while he was employed by Mattel other than signed agreements that were "reached" while Bryant was employed by Mattel, and (c) documents relating to Bryant's fee agreements with MGA or other indemnity agreements relating to this action.

The Discovery Master finds that the withheld documents are relevant to Mattel's claims. Among other things, the withheld documents could establish the timing, nature and scope of Bryant's work for MGA (or others), ongoing acts of copyright infringement, and damages. In addition, the withheld documents could be used for impeachment purposes. Further, documents relating to fee or indemnity agreements between MGA and Bryant are relevant to demonstrate bias and lack of credibility. Bryant has failed to establish that the requested discovery is barred by Rule 26(b)(2), Fed.R.Civ.P. Accordingly, Bryant is ordered to produce all non-privileged documents responsive to Request Nos. 2, 13, and 48.

Request Nos. 11, 12, 19, 37, 40, 41, 42, 43, 53, 54, 55: Documents Relating to Bratz's Development and Other Projects that Bryant Worked on for MGA

Mattel seeks documents relating to the Bratz project and any other projects Bryant worked on for MGA. Bryant produced documents relating only to the First Generation Bratz dolls. Bryant is prepared to produce additional documents relating to work he performed for MGA prior to June 30, 2001, acknowledging that those documents are relevant to Mattel's claim that Bryant breached his employee agreement by allegedly performing services for Mattel and MGA at the same time. Bryant objects to the requests to the extent they seek any additional documents on relevancy and overbreadth grounds.

The Discovery Master finds that Mattel's requests seek relevant information and are not overbroad. The lawsuit is much broader than the First Generation Bratz dolls issued in June 30, 2001. For example, Mattel alleges that it is entitled all works created by Bryant during his Mattel

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)
12

EXHIBIT    54

PAGE    577

employment, regardless of whether they resulted in a Bratz doll released in June of 2001. Mattel also alleges that Bryant has breached his ongoing contractual duties not to use any of Mattel's confidential and proprietary information, not just information relating to the Bratz dolls released in June of 2001. Mattel also alleges that Bryant has infringed Mattel's alleged copyrights in Bratz works – works that are allegedly owned by Mattel because they were created while Bryant was employed by Mattel – through his ongoing conduct of reproducing and creating derivative works. Accordingly, Bryant is ordered to produce all non-privileged documents responsive to Request Nos. 11, 12, 19, 37, 40, 41, 42, 43, 53, 54, and 55.

> Request Nos. 29, 30, 31, 32, 33, 34, 35, 36, 45, 46: Documents Relating to Bryant's Payments from MGA

Mattel seeks documents relating to Bryant's payments from MGA. Bryant acknowledges that Mattel is entitled to know how much money Bryant has earned from MGA, and represents that he has produced, in redacted form, all royalty statements he has received related to the First Generation Bratz dolls and his 2000 contract with MGA. Bryant asserts that his redactions are justified as a means to avoid disclosing the breakdown of MGA's revenue by particular product, which information Bryant believes constitutes MGA's trade secret information. Bryant also objects to producing tax returns, asserting that Mattel cannot show a "compelling need" for the returns. Bryant's Opposition at 29:21-27.

The Discovery Master finds that documents relating to MGA's payments to Bryant, including royalty statements and other payment information, are relevant to several Mattel claims. First, Mattel's claims against Bryant include breach of contract, breach of fiduciary duty, breach of duty of loyalty, unjust enrichment, and conversion. Mattel seeks to recover all benefits Bryant received as a result of his alleged violations of duties to Mattel. Payments to Bryant from MGA and others might be traceable to work Bryant performed while employed by Mattel, regardless of

EXHIBIT _____ 54

PAGE _____ 578

1    when the payments were actually made.  Such payments might also lead to evidence to support
2    Mattel's allegation that Bryant converted, misappropriated, or misused Mattel information.
3        Second, the payments are relevant to Mattel's recently added claim for copyright
4    infringement.  Mattel alleges that Bryant, MGA, and others have infringed Mattel's rights in the
5    Bratz drawings and works by copying and preparing derivative works from those works.  Under
6    the Copyright Act, a plaintiff is entitled to recover profits from infringement as well as actual
7    damages.  17 U.S.C. §504(b).  The works that potentially infringe Mattel's copyrights, therefore,
8    include all Bratz doll products that MGA released to the market.  For this reason, and for reasons
9    already discussed in the previous subsection, Bryant's limited production of documents relating to
10   only the First Generation of Bratz dolls is inadequate.
11
12
13       Third, payments to Bryant are relevant to Mattel's recently added claims for trade secret
14   misappropriation.  Payments could show when and what trade secret information Bryant and
15   other defendants allegedly misappropriated from Mattel.  Any proof of trade secret theft is also
16   relevant to Mattel's defense against MGA's unfair competition claims.
17
18       Lastly, the breakdown of gross royalty payments may be required to prove actual
19   causation of damages.
20       The protective order filed on January 4, 2005, is sufficient to address any confidentiality
21
22   concerns raised by Bryant.  Among other things, the protective order provides protection for
23   confidential trade secret information.  It has two tiers of protection, allowing a party to designate
24   documents as either "Confidential" or "Confidential – Attorney's Eyes Only."  The protective
25   order also requires the parties to use information produced in discovery only for purposes of this
26   litigation and not for any other purpose.
27
28       Accordingly, Bryant is ordered to produce, without redactions, all non-privileged
29   documents responsive to Request Nos. 29, 30, 31, 32, 33, 34, 35, 36, 45, and 46.  Bryant,

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)                                                                 14.

EXHIBIT _____ 54

PAGE _____ 579

however, is not required to produce tax returns, provided that he otherwise fully complies with

these requests as ordered.

Request Nos. 20, 23, 27, 28: Communications Between Bryant and MGA

Mattel seeks production of Bratz-related communications and communications with

MGA. More specifically, Mattel seeks production of four categories of documents Bryant has

refused to produce: (1) communications between Bryant and MGA or third parties that explicitly

relate to designs Bryant created while employed by Mattel; (2) communications between Bryant

and MGA that relate to Mattel employees; (3) communications between Bryant and MGA relating

to Bryant's Mattel employment or work Bryant performed for Mattel, except those

communications "created" prior to the close of Bryant's Mattel employment; and (4)

communications between Bryant and MGA that post-date Bryant's Mattel employment. Bryant

contends that the discovery requests for communications between Bryant and MGA are

overbroad. Bryant asserts that there are many former Mattel employees and friends of his who

have privacy rights that would be impinged upon if he were to disclose his communications.

Bryant also asserts that he has his own confidentiality interest regarding any information that he

shared with MGA. In particular, he objects to Mattel's discovery requests to the extent they

would require him to reveal the identity of current Mattel employees seeking employment with

MGA or Bryant.

The Discovery Master finds that Mattel's requests for all communications between Bryant

and MGA unquestionably seek information relevant to Mattel's claims: they will reveal what

Mattel information Bryant shared with MGA, if any, and when. The protective order is sufficient

to address Bryant's confidentiality concerns. It allows parties to designate as "Confidential"

private information about current or former employees, contractors or vendors (including

employee, contractor and personnel records). Therefore, Bryant is ordered to produce all non-

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

15

EXHIBIT ___84___

PAGE ___580___

privileged documents responsive to Request Nos. 20, 23, 27, and 28. However, Bryant may continue to redact his telephone records, and shall provide a signed verification that none of the telephone calls that were redacted relate or refer in any way to MGA, Bratz, or any other project that Bryant worked on, with, for, or on behalf of MGA. Telephone calls that do not relate or refer in any way to MGA or Bratz are irrelevant.

Request Nos. 49, 51: Mattel-Related Documents

Mattel seeks production of Mattel-related documents, and Bryant agrees to produce them. Accordingly, Bryant is ordered to produce all documents responsive to Request Nos. 49 and 51.

Request No. 9: Documents re Registrations and Applications for Registrations

Lastly, in Request No. 9 Mattel seeks production of documents registrations and registrations and applications for registration. Bryant deems the motion moot with respect to Request No. 9 because he agrees to produce any patent, copyright and trademark applications, registrations or other non-privileged documents in his possession, custody or control that constitute or relate to such applications and registrations obtained or applied in connection with (1) work on Bratz prior to January 1, 2001; (2) work related to the release of the First Generation Bratz dolls; and (3) work related to any work Bryant performed with, for or on behalf of MGA during the term of Bryant's employment with Mattel.

As discussed previously, the Discovery Master finds that the First Generation Bratz limitation is improper. Therefore, Bryant is ordered to produce all non-privileged documents responsive to Request No. 9.

IV. CONCLUSION

For the reasons set forth above, the Discovery Master orders as follows:

1. Mattel's motion to compel production of documents responsive to its First Set of Requests for Production, Request Nos. 2, 9, 11, 12, 13, 19, 20, 23, 27, 28, 29, 30, 31, 32, 33, 34,

EXHIBIT _____ 5 4
PAGE _____ 581

35, 36, 37, 40, 41, 42. 43. 45, 46, 48, 49, 51, 53, 54, and 55, is GRANTED. However, Bryant need not produce his tax returns, on the condition that he complies fully with Request Nos. 29, 30, 31, 32, 33, 34, 35, 36, 45, and 46.

2. Bryant shall produce all redacted documents in un-redacted form, except for redactions that are justified by the attorney-client privilege or work product doctrine or his telephone records pursuant to the terms of this Order.

3. Bryant shall serve a complete privilege log in conformity with Rule 26(b)(5), Fed.R.Civ.P.

4. Pursuant to Rule 34, Fed.R.Civ.P., Bryant shall produce the hard drives of his computers for forensic imaging.

5. Bryant shall complete his production by producing missing attachments, fax cover pages and all other missing responsive documents.

6. Mattel's request for an award of sanctions in the amount of $7,805 is DENIED.

7. Bryant shall comply with this Order no later than February 23, 2007.

Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery Master, Mattel shall file this Order with the Clerk of Court forthwith.


IT IS SO ORDERED.

Dated: January 25, 2007

HON. EDWARD A. INFANTE (Ret.)
Discovery Master

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

17

EXHIBIT 54

PAGE 582

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on January 25,

2007, I served the attached ORDER GRANTING MATTEL'S MOTION TO COMPEL

PRODUCTION OF DOCUMENTS in the within action by e-mail addressed as follows:

| | | |
|---|---|---|
| Robert Millman Esq. | Littler Mendelson | rfmillman@littler.com |
| Douglas Wickham Esq. | Littler Mendelson | dwickham@littler.com |
| Keith Jacoby Esq. | Littler Mendelson | kjacoby@littler.com |
| Dominic Messiha Esq | Littler Mendelson | dmessiha@littler.com |
| Diba Restagar Esq. | Littler Mendelson | drestagar@littler.com |
| Michelle Park Esq. | Littler Mendelson | mpark@littler.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | jbq@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Valerie Nannery Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | valerienannery@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Morris Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgetmorris@quinnemanuel.com |
| Tamar Buchjakian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchjakjian@quinnemanuel.com |
| Dale Cendali Esq. | O'Melveny & Myers LLP | dcendali@omm.com |
| Diana Torres Esq. | O'Melveny & Myers LLP | dtorres@omm.com |
| James Jenal Esq. | O'Melveny & Myers LLP | jjenal@omm.com |
| Alicia Meyer Esq. | O'Melveny & Myers LLP | ameyer@omm.com |
| Jennifer Glad Esq. | O'Melveny & Myers LLP | jglad@omm.com |
| Benjamin Kim Esq. | O'Melveny & Myers LLP | bjkim@omm.com |
| Hamid Jabbar Esq. | O'Melveny & Myers LLP | hjabbar@omm.com |
| Johanna Schmitt Esq. | O'Melveny & Myers LLP | jschmitt@omm.com |
| Patricia Glaser Esq. | Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP | pglaser@chrismill.com |

EXHIBIT 5Y

PAGE 583

EXHIBIT 55

1    (COUNSEL LISTED ON FOLLOWING PAGE)

2

3

4

5

6

7

8            **UNITED STATES DISTRICT COURT**

9          **CENTRAL DISTRICT OF CALIFORNIA**

               **EASTERN DIVISION**

10

11    CARTER BRYANT, an individual,      Case No.  CV 04-09049 SGL (RNBx)
                               (consolidated with CV 04-9059 & 05-2727)

12               Plaintiff,        DISCOVERY MATTER

       v.

13                                   Hon. Edward A. Infante (Ret.)

14    MATTEL, INC., a Delaware
     Corporation,                  Discovery Master

15            Defendant.       **STIPULATION AND [PROPOSED]**

16                               **ORDER RE REQUEST TO EXTEND**
                               **DEADLINE WITHIN WHICH**

17                               **CARTER BRYANT MUST COMPLY**
                              **WITH THE DISCOVERY MASTER'S**

18                               **JANUARY 25, 2007 ORDER**
                              **GRANTING MATTEL'S MOTION TO**

19                               **COMPEL PRODUCTION OF**
                              **DOCUMENTS**

20

21    CONSOLIDATED WITH
     MATTEL, INC. v. BRYANT and

22    MGA ENTERTAINMENT, INC. v.
     MATTEL, INC.

23

24

25

26

27

28

EXHIBIT __55__

PAGE __584__

2-27

1

2  DOUGLAS A. WICKHAM (S.B. #127268)
   dwickham@littler.com
3  KEITH A. JACOBY (S.B. #150233)
   kjacoby@littler.com
4  LITTLER MENDELSON
   A Professional Corporation
5  2049 Century Park East, 5th Floor
   Los Angeles, CA 90067.3107
6  Telephone: (310) 553-0308
   Facsimile: (310) 553-5583

7  Attorneys for CARTER BRYANT

8  DIANA M. TORRES (S.B. #162284)
   dtorres@omm.com
9  JAMES P. JENAL (S.B. #180190)
   jjenal@omm.com
10 O'MELVENY & MEYERS LLP
   400 South Hope Street
11 Los Angeles, CA 90071.2899
   Telephone: (213) 430-6000
12 Facsimile: (213) 430-6407

13 PATRICIA GLASER (S.B. #55668)
   CHRISTENSEN, GLASER, FINK,
14 JACOBS, WEIL & SHAPIRO, LLP
   10250 Constellation Boulevard, 19th Floor
15 Los Angeles, CA 90067
   Telephone: (310) 553-3000
16 Facsimile: (310) 557-9815

17 Attorneys for MGA ENTERTAINMENT,
   INC.

18 JOHN B. QUINN, Bar No. CA 90378
   MICHAEL T. ZELLER, Bar No. CA 194617
19 QUINN EMANUEL URQUHART OLIVER
   & HEDGES, LLP
20 865 South Figueroa Street, 10th Floor
   Los Angeles, CA 90017.2543
21 Telephone: 213.443.3000
   Facsimile: 213.443.3100

22
23 Attorneys for MATTEL, INC.

24
25
26
27
28

EXHIBIT _____ 55


585

1    **WHEREAS**, in January, 2005, pursuant to Local Rule 37, Mattel, Inc.

2  ("Mattel") filed a motion to compel Carter Bryant's ("Bryant") production of

3  documents responsive to Mattel's First Set of Document Requests, served in June

4  2004;

5    **WHEREAS**, before Mattel's motion to compel was heard, the Court stayed

6  discovery;

7    **WHEREAS**, after the discovery stay was lifted, Magistrate Judge Block

8  ordered the parties to further meet and confer on June 20, 2006 in connection with

9  Mattel's motion (among others);

10    **WHEREAS**, after the further meet and confer, the parties sought to reach a

11  written stipulation to resolve the motion, but ultimately were unable to reach

12  agreement;

13    **WHEREAS**, after Mattel stated its intention to re-file its motion, Discovery

14  Master Infante directed the parties to further meet and confer, which occurred on

15  December 28, 2006;

16    **WHEREAS**, on January 3, 2007, Mattel submitted to Discovery Master Infante

17  its Motion to Compel Carter Bryant to Produce Documents ("Motion to Compel");

18    **WHEREAS**, on January 25, 2007, Discovery Master Infante issued an Order

19  granting Mattel's Motion to Compel (the "Order");

20    **WHEREAS**, presently, the deadline by which Bryant is to comply with the

21  Order is February 23, 2007;

22    **WHEREAS**, Bryant represents that he needs additional time to review and

23  search for responsive documents that are covered by the Court's Order and that the

24  quantity of such documents may be significant. Bryant further represents that the

25  types of documents and materials that potentially are responsive include original

26  artwork that requires special handling to avoid alteration or destruction. Bryant also

27  represents that he needs an extension time because he has been and will be traveling

28  out of state until March 2 or 3, 2007. As a result, Bryant represents that he needs

EXHIBIT ____55____     1.

PAGE ____586____

1   additional time in order to search for, gather, bate number and produce further

2   documents and materials that are responsive to, and in compliance with, the Order.

3   For documents that are already in Bryant's counsel's office in Los Angeles, Bryant

4   seeks a brief extension of time up to and including March 2, 2007 within which to

5   produce further responsive documents in compliance with the Order. For documents

6   and materials that are currently located in Springfield, Missouri (in Bryant's studio),

7   Bryant seeks an extension of time up to and including March 16, 2007 within which to

8   produce further responsive documents in compliance with the Order. Bryant also

9   requests that the time within which to prepare and produce any privilege logs also be

10   extended up to and including March 16, 2007; and

11          **WHEREAS**, Mattel is amenable to the requested extension as a professional

12   courtesy and to avoid burdening the Discovery Master and/or the Court with

13   additional disputes, but in doing so does not waive, and hereby reserves, its rights and

14   remedies with respect to this or any other deferment of discovery, including without

15   limitation in connection with potential motion(s), if any, seeking to alter any and all

16   deadlines at the appropriate time and/or to recall witnesses of MGA and/or Bryant as

17   may be necessary and appropriate.

18          **THEREFORE**, subject to the approval of the Discovery Master, the parties

19   stipulate and agree that the time within which Bryant shall comply with the Court's

20   Order shall be extended as follows:

21          (1) with respect to those further responsive documents and materials that are

22   currently located in Los Angeles, Bryant will produce such further responsive

23   documents and materials pursuant to the Order on or before March 2, 2007;

24          (2) with regard to such responsive documents and materials that are currently

25   located in Springfield, Missouri, Bryant will produce such further responsive

26   documents and materials pursuant to the Order on or before March 16, 2007; and

27   //

28   //

2.

EXHIBIT    55

PAGE    587

1    (3) Bryant also will serve his privilege log(s) on or before March 16, 2007.

2    **SO STIPULATED.**

3    Dated: February 23 , 2007

4                                                    DOUGLAS A. WICKHAM
                                                     LITTLER MENDELSON
5                                                    A Professional Corporation
                                                     Attorneys for CARTER BRYANT
6    Dated: February 23 , 2007

7                                                    DIANA M. TORRES
                                                     O'MELVENY & MYERS, LLP
8                                                    A Professional Corporation
                                                     Attorneys MGA ENTERTAINMENT,
9                                                    INC.

10   Dated: February 25 , 2007

11                                                   MICHAEL T. ZELLER
                                                     QUINN EMANUEL URQUHART
12                                                   OVER & HEDGES, LLP
                                                     Attorneys for MATTEL, INC.
13
                                **ORDER**
14
          Upon Stipulation of the Parties and GOOD CAUSE appearing therefor, it
15
     is hereby **SO ORDERED.**
16
     DATED: Feb 26 , 2007
17
                                                     HON. EDWARD A. INFANTE (RET.)
18                                                   DISCOVERY MASTER

19

20

21

22

23

24

25

26

27

28

3.

EXHIBIT ___55___

PAGE ___500___

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on February 26,

2007, I served the attached STIPULATION AND ORDER RE REQUEST TO EXTEND

DEADLINE WITHIN WHICH CARTER BRYANT MUST COMPLY WITH THE

DISCOVERY MASTER'S JANUARY 25, 2007 ORDER GRANTING MATTEL'S

MOTION TO COMPEL PRODUCTION OF DOCUMENTS in the within action by e-mail

addressed as follows:

| | | |
|---|---|---|
| Robert Millman Esq. | Littler Mendelson | rfmillman@littler.com |
| Douglas Wickham Esq. | Littler Mendelson | dwickham@littler.com |
| Keith Jacoby Esq. | Littler Mendelson | kjacoby@littler.com |
| Dominic Messiha Esq | Littler Mendelson | dmessiha@littler.com |
| Diba Rastegar Esq. | Littler Mendelson | drastegar@littler.com |
| Michelle Park Esq. | Littler Mendelson | mpark@littler.com |
| Alaya B. Meyers, Esq. | Littler Mendelson | ameyers@littler.com |
| Brady Mitchell, Esq. | Littler Mendelson | bmitchell@littler.com |
| Carol Miller, Esq. | Littler Mendelson | cmiller@littler.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | jbq@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Morris Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgetmorris@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| Dale Cendali Esq. | O'Melveny & Myers LLP | dcendali@omm.com |
| Diana Torres Esq. | O'Melveny & Myers LLP | dtorres@omm.com |
| James Jenal Esq. | O'Melveny & Myers LLP | jjenal@omm.com |
| Alicia Meyer Esq. | O'Melveny & Myers LLP | ameyer@omm.com |
| Jennifer Glad Esq. | O'Melveny & Myers LLP | jglad@omm.com |
| Benjamin Kim Esq. | O'Melveny & Myers LLP | bjkim@omm.com |
| Hamid Jabbar Esq. | O'Melveny & Myers LLP | hjabbar@omm.com |
| Johanna Schmitt Esq. | O'Melveny & Myers LLP | jschmitt@omm.com |
| Patricia Glaser Esq. | Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP | pglaser@chrismill.com |

I declare under penalty of perjury under the laws of the Untied States of America that
the above is true and correct.

Executed on February 26, 2007, at San Francisco, California.

_Sandra Chan_

Sandra Chan

EXHIBIT ___55___

PAGE ___589___

1

## PROOF OF SERVICE

2

3          I am a resident of the State of California, over the age of eighteen years,

4    and not a party to the within action. My business address is 2049 Century Park East,

5    5th Floor, Los Angeles, California 90067.3107.

6

7          On February 27, 2007, I served the within document(s):

8    **STIPULATION AND ORDER RE REQUEST TO EXTEND DEADLINE WITHIN WHICH CARTER BRYANT MUST COMPLY WITH THE DISCOVERY MASTER'S JANUARY 25, 2007 ORDER GRANTING MATTEL'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

9

10   ☐     This document was transmitted by using a facsimile machine that complies with
11         California Rules of Court Rule 2003(3), telephone number 310.553.5583. The
           transmission was reported as complete and without error. The names and facsimile
12         numbers of the person(s) served are as set forth below.

13   ☒     by placing a true copy of the document(s) listed above for collection and mailing
           following the firm's ordinary business practice in a sealed envelope with postage
14         thereon fully prepaid for deposit in the United States mail at Los Angeles,
           California addressed as set forth below.
15

16   ☐     by depositing a true copy of the same enclosed in a sealed envelope, with delivery
           fees provided for, in an overnight delivery service pick up box or office designated
17         for overnight delivery, and addressed as set forth below.

18   ☒     by personal service I caused such envelope to be delivered to **Allstar Messenger
           Service** for delivery to the address below.
19

20   **Michael T. Zeller, Esq.**              **Diana M. Torres, Esq.**
21   **B. Dylan Proctor, Esq.**               **James Jenal, Esq.**
     **Quinn Emanuel Urquhart Oliver &**      **O'Melveny & Myers LLP**
22   **Hedges LLP**                           **400 S. Hope Street**
23   **865 S. Figueroa Street, 10th Floor**   **Los Angeles, CA 90071**
     **Los Angeles, CA 90017**                **Fax: (213) 430-6407**
24   **Fax: (213) 443-3100**

25

26   **(by Personal Service)**               **(by Mail)**

27

28

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

                                        PROOF OF SERVICE

EXHIBIT _____55_____

PAGE _____590_____

1   Patricia Glaser, Esq.
2   Christensen, Glaser, Fink, Jacobs,
    Weil & Shapiro, LLP
3   10250 Constellation Boulevard
4   19th Floor
    Los Angeles, CA 90067
5   Fax : (310) 556-2920

6   (by Mail)

7          I am readily familiar with the firm's practice of collection and processing

8   correspondence for mailing and for shipping via overnight delivery service.   Under

9   that practice it would be deposited with the U.S. Postal Service or if an overnight

10  delivery service shipment, deposited in an overnight delivery service pick-up box or

11  office on the same day with postage or fees thereon fully prepaid in the ordinary

12  course of business.

13         I declare under penalty of perjury under the laws of the United States of

14  America that the above is true and correct.

15         Executed on February 27, 2007, at Los Angeles, California.

16

17

18                                          _____
                                            J. Monique McDonald
19

20

21  Firmwide:81971483.1 028307.1010

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

                                            PROOF OF SERVICE

EXHIBIT _____55_____

PAGE _____591_____

EXHIBIT 56

**THIS EXHIBIT IS FILED UNDER SEAL**

**PURSUANT TO PROTECTIVE ORDER**

EXHIBIT 57

## LITTLER MENDELSON®
### A PROFESSIONAL CORPORATION

March 2, 2007

Douglas A. Wickham
Direct: 310.712.7314
Direct Fax: 310.553.5583
dwickham@littler.com

### HAND DELIVERY

Michael T. Zeller, Esq.
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017

Re:     **Bryant v. Mattel**

Dear Mr. Zeller:

Pursuant to Discovery Master Infante's January 25, 2007 Order (as modified concerning the due dates for supplemental document productions), I have enclosed with this letter Carter Bryant's first supplemental document production.    This supplemental production is comprised of documents that are all marked "*CONFIDENTIAL - - ATTORNEY'S EYES ONLY*" and are Bates numbered BRYANT O1589 through 05099.

In addition, as we agreed this week (and with you reserving all of your client's rights in this regard including its right to insist on conducting an inspection of the actual hard drive(s) or to have a third party do so), Carter Bryant's computer hard drive(s) need not be produced at this time.  However, we have enclosed in the supplement production those documents that we could open on the hard drive(s), which contain material that may be responsive to Discovery Master Infante's order.  In this regard, we erred on the side of over-inclusiveness rather than under-inclusiveness.

Moreover, for those documents/images on the drive(s) that contain highly private material, we will obtain and send to you information regarding the file types and the "last modified" or "saved" dates for such files, if such information is accessible from the drive(s).  We truly appreciate your courtesy in this regard.

After you have received and reviewed this letter and the enclosed supplemental production, please call me if you wish to discuss this matter further.

Sincerely,

*[signature]*

Douglas A. Wickham

DAW:cdm
Enclosures

Firmwide:82121859.2 028307.1010

THE NATIONAL EMPLOYMENT & LABOR LAW FIRM ℠

2049 Century Park East, 5th Floor, Los Angeles, California 90067.3107  Tel: 310.553.0308 Fax: 310.553.5583 www.littler.com

ARIZONA

CALIFORNIA

COLORADO

DISTRICT OF COLUMBIA

FLORIDA

GEORGIA

ILLINOIS

MASSACHUSETTS

MINNESOTA

NEVADA

NEW JERSEY

NEW YORK

NORTH CAROLINA

OHIO

PENNSYLVANIA

TEXAS

WASHINGTON

EXHIBIT 51

PAGE 546

EXHIBIT 58

**LITTLER MENDELSON®**

A PROFESSIONAL CORPORATION

Douglas A. Wickham
Direct: 310.712.7314
Direct Fax: 310.553.5583
dwickham@littler.com

March 16, 2007

**VIA HAND DELIVERY**

Michael T. Zeller, Esq.
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017

Re: **Bryant v. Mattel**

Dear Mr. Zeller:

Pursuant to Discovery Master Infante's January 25, 2007 Order (as modified concerning the due dates for supplemental document productions), I have enclosed with this letter Carter Bryant's second supplemental document production. This supplemental production is comprised of documents that are all marked "*CONFIDENTIAL - - ATTORNEY'S EYES ONLY*" and are Bates numbered BRYANT 05100 through 17618. We also have enclosed a privilege log and Mr. Bryant's Verification regarding prior redactions to his telephone records.

In addition, as we agreed (and with you reserving all of your client's rights in this regard including its right to insist on conducting an inspection of the actual hard drive(s) or to have a third party do so), Carter Bryant's computer hard drive(s) need not be produced at this time. However, we have enclosed in the supplement production those documents that we could open on the hard drive(s), which contain material that may be responsive to Discovery Master Infante's order. In this regard, we erred on the side of over-inclusiveness rather than under-inclusiveness.

Moreover, for those documents/images on the drive(s) that contain highly private material, we will obtain and send to you information regarding the file types and the "last modified" or "saved" dates for such files, if such information is accessible from the drive(s). We truly appreciate your courtesy in this regard.

THE NATIONAL EMPLOYMENT & LABOR LAW FIRM ℠

2049 Century Park East, 5th Floor, Los Angeles, California 90067.3107 Tel: 310.553.0308 Fax: 310.553.5583 www.littler.com

ARIZONA

CALIFORNIA

COLORADO

DISTRICT OF COLUMBIA

FLORIDA

GEORGIA

ILLINOIS

MASSACHUSETTS

MINNESOTA

NEVADA

NEW JERSEY

NEW YORK

NORTH CAROLINA

OHIO

PENNSYLVANIA

TEXAS

WASHINGTON

PAGE ___ 596

EXHIBIT ___ 88

Michael T. Zeller, Esq.
March 16, 2007
Page 2

After you have received and reviewed this letter and the enclosed supplemental production,
please call me if you wish to discuss this matter further.

Sincerely,

Douglas A. Wickham

DAW:cdm
Enclosures

Firmwide:82192031.1 028307.1010

EXHIBIT _____ 58
PAGE _____ 597

EXHIBIT 59

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-624-7707 FAX 213-624-0643

March 26, 2007

**VIA FACSIMILE AND U.S. MAIL**

Douglas A. Wickham, Esq.
Littler Mendelson
2049 Century Park East, 5th Floor
Los Angeles, California 90067

Re:     Mattel, Inc. v. Bryant

Dear Mr. Wickham:

I am writing pursuant to the Discovery Master Stipulation to request a meet and confer in advance of Mattel's contemplated motion to compel and for sanctions as a result of Bryant's failure to produce his hard drive as ordered by Judge Infante's Order compelling its production.

Although Mattel had agreed to a brief extension of a few days for Bryant to produce the hard drive, that time has now expired and, indeed, you have failed to comply with even the requests that I had made, and that you had agreed to, in exchange for that extension. The hard drive's production is thus now overdue. As I have also informed you, we regret that, in light of Bryant's flat refusals to extend similar courtesies of extensions of time to Mattel, we are unable to accept any further delays in Bryant's production of the hard drive.

Please let me know when you are available to meet and confer within the time required. Alternatively, Bryant can promptly comply with his obligations under the Order and produce the hard drive so that Mattel can proceed with its forensic examination.

Best regards,

*Michael T. Zeller*
Michael T. Zeller

EXHIBIT _____ 59

PAGE _____ 598

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22th Floor, New York, New York 10010 | TEL 212-502-5100 FAX 212-502-5200
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-620-4500 FAX 650-620-4555
PALM SPRINGS | 75-025 Manitou Drive, Suite 8, Indian Wells, California 92210 | TEL 760-345-4751 FAX 760-345-2714
SAN DIEGO | 4445 Eastgate Mall, Suite 200, San Diego, California 92121 | TEL 858-812-3100 FAX 858-812-3336

07209/2086528.1

cc:    Keith Jacoby, Esq.
        Diana Torres, Esq.
        Jim Jenal, Esq.

EXHIBIT    59

PAGE    599

2

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**SAN DIEGO**
4445 Eastgate Mall, Suite 200
San Diego, CA 92121
(858) 812-3107
Facsimile: (858) 812-3336

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE

# FACSIMILE TRANSMISSION

**DATE:**    March 26, 2007

**NUMBER OF PAGES, INCLUDING COVER:** __

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Douglas A. Wickham, Esq.<br>Keith A. Jacoby, Esq.<br>**Littler Mendelson** | (310) 553-0308 | (310) 553-5583 |
| Diana Torres, Esq.<br>Jim Jenal, Esq.<br>**O'Melveney & Meyers** | (213) 430-6000 | (213) 430-6407 |

**FROM:**    Michael T. Zeller

**RE:**    Mattel, Inc. v. Bryant

FAXED MAR 2 6 2007

**MESSAGE:**

07209/1915016.1

| CLIENT # | 07209 | ROUTE/<br>RETURN TO: | Mia Albert - 3 | ☒ CONFIRM FAX<br>☒ INCLUDE CONF. REPORT |
|---|---|---|---|---|

OPERATOR:    CONFIRMED?   ☐ NO  ☐ YES: _____

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

EXHIBIT 54

PAGE 600

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

03/26/2007 16:52 FAX 2136240612                QE #580032                      ☑001

```
*********************
***   TX REPORT   ***
*********************


TRANSMISSION OK

TX/RX NO             2132
RECIPIENT ADDRESS    9414#07209#13105535583  ✓
DESTINATION ID
ST. TIME             03/26 16:51
TIME USE             01'07
PAGES SENT           3
RESULT               OK
```

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**SAN DIEGO**
4445 Eastgate Mall, Suite 200
San Diego, CA 92121
(858) 812-3107
Facsimile: (858) 812-3336

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
# FACSIMILE TRANSMISSION

**DATE:**   March 26, 2007

**NUMBER OF PAGES, INCLUDING COVER:** __

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Douglas A. Wickham, Esq. Keith A. Jacoby, Esq. *Littler Mendelson* | (310) 553-0308 | (310) 553-5583  ✓ |
| Diana Torres, Esq. Jim Jenal, Esq. *O'Melveney & Meyers* | (213) 430-6000 | (213) 430-6407 |

**FROM:**   Michael T. Zeller

**RE:**   Mattel, Inc. v. Bryant

EXHIBIT    59

PAGE    601

## Group Send Report

Page          : 001
Date & Time: 03-26-2007    04:44pm
Line 1        : 2136240643
Line 2        :
Machine ID : QUINN EMANUEL

| | | |
|---|---|---|
| Job number | : | 404 |
| Date | : | 03-26  04:41pm |
| Number of pages | : | 003 |
| Start time | : | 03-26  04:41pm |
| End time | : | 03-26  04:44pm |

Successful nbrs.

  Fax numbers

☎9414#007209#12134306407#

Unsuccessful nbrs.                                                                 Pages sent

  Fax numbers

☎*9414#07209#13105535583                                                            000

EXHIBIT 59
PAGE 602

EXHIBIT 60

**LITTLER MENDELSON®**

A PROFESSIONAL CORPORATION

RECEIVED

MAR 2 9 2007

ARIZONA

CALIFORNIA

March 27, 2007

Douglas A. Wickham
Direct: 310.712.7314
Direct Fax: 310.553.5583
dwickham@littler.com

COLORADO

DISTRICT OF
COLUMBIA

FLORIDA

**VIA U.S. MAIL AND FACSIMILE (213.443.3100)**

GEORGIA

Michael Zeller, Esq.
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017

ILLINOIS

Re:     **Mattel, Inc. v. Carter Bryant**

Dear Mr. Zeller:

MASSACHUSETTS

I received your recent letter seeking to meet and confer with me regarding Mattel's motion
pertaining to Mr. Bryant's hard drives.

I am in mediation all day on Wednesday, March 28, 2007, and I am tied up with hearings and
other matters on Thursday, March 29, 2007. I may be available to meet and confer with you
on Friday, March 30, 2007 (only in the morning) or on Monday, April 2, 2007. However,
there is a possibility that I will be in court Friday morning and then I will be out of town on
Friday afternoon. I will monitor my schedule and send you another letter or an email
message once my calendar has firmed up.

MINNESOTA

NEVADA

In the meantime, we clearly disagree with your revisionist history of the parties' agreement
concerning Mr. Bryant's hard drive(s). That said, we are exploring whether we can make a
copy of the hard drive(s) and produce it to you after removing highly private, non-responsive
documents.

NEW JERSEY

NEW YORK

Moreover, Mr. Bryant's hard drive(s) that were recently copied in Missouri contain material
which the Discovery Master has ruled need not be produced until the end of June 2007. The
parties already commenced discussions concerning the modification of the protective order
in this case to address issues pertaining to as of yet unreleased products. After further
examination, it appears that these drives also contain highly private, non-responsive
documents. Accordingly, since the parties need to continue the meet and confer sessions
regarding modification of the protective order, we can take up these related issues when we
next confer.

NORTH CAROLINA

OHIO

PENNSYLVANIA

In the meantime, you should be informed that Bryant already has produced hard copies of all
documents responsive to Discovery Master Infante's January 25, 2007 order that could be
located/accessed on Bryant's hard drives except for documents/images that Discovery Master

TEXAS

WASHINGTON

EXHIBIT ___60___

PAGE ___1003___

Michael Zeller, Esq.
March 27, 2007
Page 2

Infante recently determined need not be produced until the end of June 2007 (and which will
be the subject of the further protective order in this case).

Sincerely,

Douglas A. Wickham

DAW:cdm

cc:    Diana Torres, Esq.
       Diba Rastegar, Esq.

Firmwide:82251531.1 028307.1010

EXHIBIT ___
PAGE ___

EXHIBIT 61

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-624-7707 FAX 213-624-0643

April 6, 2007

**VIA FACSIMILE AND U.S. MAIL**

Douglas A. Wickham, Esq.
Littler Mendelson
2049 Century Park East, 5th Floor
Los Angeles, California 90067

Re:    Mattel, Inc. v. Bryant

Dear Doug:

I am following up on our meet and confers earlier this week regarding Bryant's failure to produce his hard drives that Judge Infante's Order had compelled him to produce.

During our conversations, you have informed me of the following. Bryant's counsel has five images of hard drives that Bryant has used. Two of the images were created in July 2004 and have data from the 2002 and 2003 time period. One of these two images is of a 20 GB Travelstar drive from a Compaq Presario laptop, and the other is of a 20 GB Quantum Fireball LCT 15 drive. Bryant's counsel has EnCase images of the Travelstar and Quantum drives, but the physical drive from the Compaq Presario laptop only. You are going to provide me with the details of the drives from which the other three images were made. You have informed me thus far that these three images, which also are in EnCase and which have data of more recent vintage than the images of the Travelstar and Quantum drives, were made in March 2007.

This has raised the issue, among others, of the status of Bryant's "Desktop" drive that was the specific subject of Mattel's motion to compel Bryant's production of documents which Judge Infante granted. As Bryant's counsel is aware, Bryant purchased the "Desktop" in October 2000. He testified at deposition that, prior to November 2004, he had given that computer to his niece. In correspondence and in Court papers, Bryant previously had represented that this hard drive

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 17th Floor, New York, New York 10017 | TEL 212-702-8100 FAX 212-702-8200
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94104 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-620-4500 FAX 650-620-4555
PALM SPRINGS | 45-025 Manitou Drive, Suite 8, Indian Wells, California 92210 | TEL 760-345-4757 FAX 760-345-2414
SAN DIEGO | 4445 Eastgate Mall, Suite 200, San Diego, California 92121 | TEL 858-812-3107 FAX 858-812-3336

EXHIBIT ___ 61

PAGE ___ 605

had been retrieved from Bryant's niece, that it has been in Bryant's counsel's possession since at least as early as November 2004, that it had been thoroughly reviewed and that no responsive information was contained on it.

During our recent discussions, however, because your statements that the images of the Travelstar and Quantum drives had information from the 2002 and 2003 time period suggested that these images did not include the Desktop drive (which would have 2000 and 2001 information on it), I specifically raised the whereabouts and status of the Desktop drive with you. In the first instance, after you had checked with your partner Keith Jacoby, you informed me during our call on April 4, 2007 that Bryant's prior representations about the Desktop drive were "wrong" and that the drive, in fact, had neither been obtained from Bryant's niece nor reviewed. You also said in this regard yesterday that you are not entirely sure about the accuracy of the foregoing and would have Keith call me directly to discuss this.

For the reasons explained in my letter to you of March 29, 2007, we consider the apparent absence of the Desktop drive to be a troubling development. Your statements to me this week during our meet and confers have increased, rather than diminished, the number of questions surrounding this evidence which Bryant represented that he had in hand and has been compelled by Court Order to produce. I therefore would appreciate it if Keith would follow up with me promptly, either today or by the end of Monday, particularly given that we have been seeking to resolve for some time now the matter of Bryant's failure to produce (among others) the Desktop drive. If the parties are not able to resolve this issue, we will have no alternative but to seek relief from Judge Infante. One type of relief that we are contemplating potentially seeking would include, without limitation, an order to show cause requiring Bryant to fully explain the facts and circumstances surrounding the non-production of the Desktop drive and make available the salient witnesses to testify on the subject.

Accordingly, I reiterate my prior requests that Bryant be prepared to discuss the specifics surrounding his failure to produce the Desktop hard drive. I also would expect, as part of those discussions, to be informed of the particulars of the persons with knowledge of facts pertaining to the hard drive, such as the name and contact information of the niece.

Finally, this will confirm that, as we discussed yesterday, you will be circulating for Mattel's consideration a draft document which outlines a protocol for the handling of the images and drives that Bryant's counsel does have in their possession.

I look forward to hearing from you and Keith on these subjects.

Very truly yours,

*Mima T. Z—*

Michael T. Zeller

cc:     Keith Jacoby, Esq.
        Diana Torres, Esq.

2

EXHIBIT ___ 𝒬|___

PAGE ___ 6066___

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

<table>
<tr><td>

NEW YORK
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

SAN DIEGO
4445 Eastgate Mall, Suite 200
San Diego, CA 92121
(858) 812-3107
Facsimile: (858) 812-3336

</td><td>

LOS ANGELES
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

</td><td>

SAN FRANCISCO
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

SILICON VALLEY
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

</td></tr>
</table>

## LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

**FAXED**
APR 6 6 2007

**DATE:**    April 6, 2007

**NUMBER OF PAGES, INCLUDING COVER:**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| *Douglas Wickham, Esq.*<br>*Keith Jacoby, Esq.*<br>Littler Mendelson | (310) 553-0308 | (310) 553-5583 |
| *Diana M. Torres, Esq.*<br>O'Melveny & Myers LLP | (213) 430-6584 | (213) 430-6407 |

**FROM:**    Michael T. Zeller

**RE:**    *Mattel, Inc. v. Carter Bryant*

**MESSAGE:**

07209/2047927.1

| CLIENT # | 7209 | ROUTE/<br>RETURN TO: | Mia Albert./3th Floor | ☐ CONFIRM FAX<br>☐ INCLUDE CONF. REPORT |
|---|---|---|---|---|
| OPERATOR: | | | CONFIRMED? ☐ NO ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

EXHIBIT ℓℓ

PAGE _____ 007

Confirmation Report — Memory Send

Page        : 001
Date & Time: 04-06-2007   02:28pm
Line 1      : 2134433100
Line 2      :
Machine ID  : QUINN EMANUEL

| | | |
|---|---|---|
| Job number | : | 673 |
| Date | : | 04-06  02:26pm |
| To | : | ☎9643#7209#4306407 |
| Number of pages | : | 003 |
| Start time | : | 04-06  02:26pm |
| End time | : | 04-06  02:28pm |
| Pages sent | : | 003 |
| Status | : | OK |

Job number    : 673          *** SEND SUCCESSFUL ***

## QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

NEW YORK
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

SAN DIEGO
4445 Eastgate Mall, Suite 200
San Diego, CA 92121
(858) 812-5107
Facsimile: (858) 812-3336

LOS ANGELES
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

SAN FRANCISCO
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

SILICON VALLEY
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

LOS ANGELES OFFICE
### FACSIMILE TRANSMISSION

DATE:     April 6, 2007

NUMBER OF PAGES, INCLUDING COVER:

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Douglas Wickham, Esq. Keith Jacoby, Esq. Littler Mendelson | (310) 553-0308 | (310) 553-5583 |
| Diana M. Torres, Esq. O'Melveny & Myers LLP | (213) 430-6584 | (213) 430-6407 |

FROM:     Michael T. Zeller

RE:       Mattel, Inc. v. Carter Bryant

MESSAGE:

07200/2047527.1

| CLIENT # | 7209 | ROUTE/ RETURN TO: | Min Albert./8th Floor | ☐ CONFIRM FAX ☐ INCLUDE CONF. REPORT |
|---|---|---|---|---|
| OPERATOR: | | CONFIRMED? | ☐ No  ☐ Yes: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

EXHIBIT ___41___

PAGE ___0008___

## Group Send Report

Page        : 001
Date & Time: 04-06-2007   02:14pm
Line 1      : 2134433180
Line 2      :
Machine ID : QUINN EMANUEL

| | | |
|---|---|---|
| Job number | : | 672 |
| Date | : | 04-06  02:11pm |
| Number of pages | : | 003 |
| Start time | : | 04-06  02:11pm |
| End time | : | 04-06  02:14pm |

Successful nbrs.

Fax numbers

☎1+13105535583

Unsuccessful nbrs.                                                          Pages sent

Fax numbers

☎12134306407#                                                                000

EXHIBIT ___61___

PAGE ___609___

EXHIBIT 62

FILED

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
2007 APR 11 PM 12: 58

John B. Quinn (Bar No. 090378)
 (johnquinn@quinnemanuel.com)
Michael T. Zeller (Bar No. 196417)
 (michaelzeller@quinnemanuel.com)
Susan Wines (Bar No. 168643)
 (susanwines@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

BY_____

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>**DISCOVERY MATTER**<br><br>**[To Be Heard By Discovery Master Hon. Edward Infante (Ret.) Pursuant To The Court's Order Of December 6, 2006]**<br><br>NOTICE OF MOTION AND MOTION OF MATTEL, INC. FOR AN ORDER TO ENFORCE COURT'S JANUARY 25, 2007 ORDER COMPELLING BRYANT TO PRODUCE DESKTOP COMPUTER HARD DRIVE<br><br>[Declaration of Michael T. Zeller filed concurrently herewith]<br><br>Hearing Date: TBA<br>Time: TBA<br>Place: TBA<br><br>Discovery Cut-off: October 22, 2007<br>Pre-trial Conference: January 14, 2008<br>Trial Date: February 12, 2008 |

EXHIBIT ____02____

PAGE ____610____

4-11

07209/2097326.1

MATTEL'S MOTION RE: BRYANT'S FAILURE TO PRODUCE DESKTOP COMPUTER HARD DRIVE

1 | TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2 |     PLEASE TAKE NOTICE that at a telephonic conference before
3 | Discovery Master Hon. Edward Infante (Ret.), that will occur at a time to be
4 | determined by Judge Infante, plaintiff and cross-defendant Mattel, Inc. ("Mattel") will,
5 | and hereby does, move the Court:

6 |     (1)   for an Order compelling Carter Bryant ("Bryant") to produce for
7 | inspection and forensic imaging within five calendar days the hard drive(s) from his
8 | Desktop computer that Bryant purchased in October 2000, that Bryant and his counsel
9 | had represented that they had in their possession and had reviewed for responsive
10 | documents and that Bryant was compelled to produce by Judge Infante's Order dated
11 | January 25, 2007 (the "Discovery Order");

12 |     (2)   for an Order compelling Bryant, in the event of his continued non-
13 | production of the Desktop hard drive(s), to provide sworn declarations from each
14 | person with knowledge fully detailing the facts and circumstances surrounding the
15 | search for and the non-production of the Desktop hard drive(s);

16 |     (3)   in the alternative, for an Order to Show Cause why Bryant should
17 | not be compelled to provide the foregoing; and

18 |     (4)   for an award of sanctions against Bryant and his counsel in the
19 | amount of $2,106.00, which represents a portion of the fees and costs incurred by
20 | Mattel in bringing this Motion.

21 |     This Motion is made pursuant to Federal Rules of Civil Procedure 34 and
22 | 37 on the grounds that Carter Bryant has failed to comply with the Discovery Order
23 | requiring him to produce his Desktop computer hard drive(s) and has made inconsistent
24 | statements about his search for, his inspection of, and the whereabouts of such
25 | computer hard drive(s) that he was compelled to produce.

26 |     This Motion is based on this Notice of Motion and Motion, the
27 | accompanying Memorandum of Points and Authorities, the Declaration of Michael T.
28 | EXHIBIT _____ 62 _____

PAGE _____ 611 _____

2

MATTEL'S MOTION RE: BRYANT'S FAILURE TO PRODUCE DESKTOP COMPUTER HARD DRIVE

1 | Zeller filed concurrently herewith, the records and files of this Court, and all other

2 | matters of which the Court may take judicial notice.

3

4 | **Statement of Rule 37-1 Compliance**

5

6 | The parties met and conferred regarding this motion on April 2, 2007 and

7 | April 3, 2007, as well as on other occasions.

8

9

10 | DATED:  April 10, 2007       QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

11

12

           By_____

13                Michael T. Zeller
               Attorneys for Mattel, Inc.

14

15

16

17

18

19

20

21

22

23

24

25

26

27 | EXHIBIT ____ _62_

28 | PAGE ____ _U12_

# MEMORANDUM OF POINTS AND AUTHORITIES

## Preliminary Statement

As the Discovery Master will recall, Carter Bryant testified at deposition that he purchased a desktop computer in October 2000 (the "Desktop"). This was the same month Bryant left Mattel's employment. According to Bryant, he used that computer until at least 2002 or 2003, when he gave it to his niece. Given the time period of its use by Bryant, and Bryant's testimony that he had used the computer in connection with his work on Bratz and with MGA, the Desktop's hard drive is crucial evidence.[1] Beginning in 2004, Mattel sought its production, and Bryant refused on the grounds (among others) that it contained no responsive information.

Mattel moved to compel Bryant to produce his hard drives, including the Desktop hard drive specifically, so that they could be forensically examined. During motion practice, Bryant repeatedly represented that he had retrieved the Desktop from his niece and had thoroughly inspected it for relevant information but found none. Thus, in pleadings filed with the Court, declarations signed under penalty of perjury, and letters to Mattel's counsel, Bryant and his counsel stated in connection with the Desktop:

- "[Bryant] later purchased a computer, which he used for a time, and then gave away to his niece. That computer has been retrieved and searched for responsive documents, and none have been located."

- "Bryant made the hard drive of the computer he used from 2000 to 2002 available to his counsel, and counsel spent scores of attorney hours searching for documents at Bryant's home and in his studio, and produced responsive documents. Counsel has not

[1] As a result of Bryant's now conflicting statements as described below, Mattel does not know with any certainty whether the Desktop has one hard drive or more than one hard drive or utilized additional forms of storage. Mattel therefore refers in this motion to the Desktop's hard drive in the singular form for convenience and simplicity, although the usage here should be understood to encompass any and all drives and storage devices associated with the Desktop.

1  found any responsive documents or relevant information on his
   computer hard drives, however."

2

3  •  "Bryant's counsel has examined his hard drive extensively for
   any responsive documents, and it has not found any."

4  •  ". . . Bryant has tirelessly searched for and inspected his
   computer hard drives for relevant information . . . ."

5

6  Indeed, although Bryant had testified at deposition about the existence of two other

7  computers he had bought and used in connection with Bratz prior to his deposition in

8  November 2004, Bryant claimed that the *only* hard drive of these three computers he

9  was able to locate was from the Desktop.

10          By Order dated January 25, 2007, the Discovery Master granted Mattel's

11  motion to compel and specifically required Bryant to produce his computer hard drives.

12  Although the time for Bryant's compliance with the Order has come and gone, Bryant

13  still has not produced the Desktop hard drive.  Mattel gave Bryant extensions of time

14  for compliance, based on Bryant's counsel's initial representations that Bryant was

15  traveling and more time was needed.  As those extended deadlines were expiring,

16  however, Bryant's counsel claimed for the first time that they would not be producing

17  the hard drive because it had some unspecified "highly private" materials on it.

18  Subsequently, Bryant's counsel disclosed that they in fact had five forensic images of

19  Bryant hard drives and asserted that, as a further reason for their non-production, some

20  or all of these hard drives also contained trade secret information concerning unreleased

21  Bratz products that were scheduled for release later in 2007 or 2008.[2]

22          During the meet and confer process, Mattel pointed out that these evolving

23  claims did not make sense with respect to the Desktop hard drive.  Given that Bryant's

24  counsel had represented to the Court that they had "extensively" inspected and

25  [2]  In this motion, Mattel is not seeking relief as to any of Bryant's hard drives

26  other than the hard drive for the Desktop.  Mattel is still attempting to resolve issues
   pertaining to Bryant's recent claims about his other hard drives, and Mattel will

27  (footnote continued)

28

EXHIBIT

PAGE

614

1   reviewed the Desktop, there was no valid reason why these allegedly "highly private"
2   materials had not been mentioned on Mattel's motion to compel. Also, given Bryant's
3   representations that his counsel had been in possession of the Desktop since at least as
4   early as November 2004, it did not seem plausible that the Desktop drive had
5   information for 2007 and 2008 products on it.

6           In response, Bryant and this counsel then began claiming that they do not
7   have the Desktop hard drive and that their earlier representations to the Court and
8   Mattel about having retrieved it from the niece and inspected it were apparently
9   "wrong." And, while the Desktop from the critical 2000 time period has seemingly
10  gone missing (and in any event has not been produced), Bryant's counsel now say that
11  they have forensic images of *two* hard drives from the 2002 and 2003 time period --
12  which is inconsistent with their earlier representations that the *only* Bryant hard drive
13  they had found from that time period was the hard drive for the Desktop. Mattel
14  repeatedly sought to get further information and clarification about the status of the
15  Desktop hard drive and the circumstances surrounding its non-production, but to no
16  avail.

17          Accordingly, Mattel needs the Discovery Master's assistance to get to the
18  bottom of Bryant's failure to produce the Desktop hard drive as ordered. Bryant should
19  be ordered to immediately produce the Desktop hard drive. If that hard drive is now
20  alleged to be unavailable, Mattel respectfully requests that the Discovery Master order
21  Bryant to provide a full account under oath detailing all facts and circumstances
22  concerning the non-production of this drive, including an explanation as to how Bryant
23  and his counsel could have "tirelessly" and "extensively" inspected something they now
24  have claimed not to possess. Bryant's sworn statements also should detail precisely
25  what hard drives he has, what was done to search for relevant computers (and when),

26  _____

27  bring a separate motion on them in the event that the parties cannot reach an
    agreement.
28

PAGE   EXHIBIT   6/5

1  how and when such computers were inspected, and all persons who have knowledge of
2  those facts. The extent of Bryant's non-compliance with the Discovery Order cannot be
3  determined without such basic information, and Mattel has been unable to obtain it
4  from Bryant voluntarily.

5  <center>**Background**</center>

6  **At Deposition, Bryant Identifies Three Relevant Computers.** Bryant
7  testified that he had used three different computers prior to his deposition in November
8  2004. First and foremost was the Desktop computer that Bryant purchased from Circuit
9  City on October 21, 2000--just one day after he resigned from Mattel.[3] Bryant says he
10  used this computer from 2000 until approximately November 2003 (only five months
11  before this lawsuit was filed), when he gave it to his niece.[4] The second was a laptop
12  computer that Bryant purchased in November 2001.[5] The third computer Bryant
13  identified was his parents' computer that Bryant used for a time, including during the
14  time that he purportedly created Bratz.[6]

15  **Bryant and His Counsel Represent That The Desktop Was Retrieved**
16  **From The Niece And Examined But No Responsive Information Is Contained On**
17  **It.** Bryant and his counsel have repeatedly represented that not only had they located
18  the Desktop, but that they had searched it for responsive documents and came up
19  empty-handed. For example, on November 1, 2004, Bryant's counsel sent a letter to
20  Mattel's counsel claiming that the computer Bryant had given away to his niece "has

---

21  [3]  Circuit City receipt dated October 21, 2000, attached to the Declaration of
22  Michael T. Zeller, dated April 10, 2007 filed concurrently herewith ("Zeller Dec."),
23  Exh. 2; Bryant Deposition at 246:3-5, Zeller Dec., Exh. 3.
   [4]  Bryant Deposition at 245:8-17; 246:3-5; 248:5-9, Zeller Dec., Exh. 3.
24  Bryant's counsel elsewhere stated that Bryant had used the Desktop "from 2000 to
25  2002" and thus confirmed as well that it pertained to a highly pertinent time period.
   Joint Stipulation Re: Mattel's Motion to Compel Production of Documents, filed on
26  January 6, 2005 (excerpts) ("Joint Stipulation") at 62:8-10, Zeller Dec., Exh. 5.
27  [5]  Bryant Deposition at 247:25-248:2, Zeller Dec., Exh. 3.

28

EXHIBIT
PAGE

1 been retrieved and searched for responsive documents, and none have been located."[7]

2 Mattel specifically asked Bryant's counsel to preserve the Desktop hard drive.[8]

3        In refusing to produce the Desktop hard drive, Bryant thus asserted not

4 that it was unavailable, but instead that it contained nothing relevant. In January 2005,

5 Mattel filed a motion to compel against Bryant that sought the production of his hard

6 drives, including the hard drive for the Desktop specifically.[9] At that time, in Court

7 pleadings filed in opposition to Mattel's motion, Bryant's counsel represented that

8 Bryant had "tirelessly searched for and inspected his computer hard drives for relevant

9 information" and had made an "extensive and diligent search" for responsive

10 information on them.[10] Bryant's opposition made clear that the hard drive he had

11 purportedly searched was the Desktop hard drive.[11] Bryant's counsel also represented

12 in declarations that they too had examined the Desktop -- indeed, "extensively" so --

13

14

15    [6] Bryant Deposition at 245:25-246:2, Zeller Dec., Exh. 3.

16    [7] Letter dated November 1, 2004 from Keith Jacoby, counsel for Bryant, to John

17 Quinn and Michael Zeller, counsel for Mattel, at p. 2, Zeller Dec., Exh. 4
("Regarding [Mattel's] requests to inspect Mr. Bryant's home computer, I have made

18 further inquir[i]es on that subject to Mr. Bryant and my colleagues. Mr. Bryant did

19 not own a home computer during his time at Mattel. He later purchased a computer,
which he used for a time, and then gave away to his niece. That computer has been

20 retrieved and searched for responsive documents, and none have been located. Mr.
Bryant declines to produce his hard drive for inspection for the reasons articulated in

21 his response to Mattel's document request.").

22    [8] Letter dated November 17, 2004 from Kirk Garey, counsel for Mattel, to Mr.
Jacoby, Zeller Dec., Exh. 23.

23    [9] Joint Stipulation at 3-4, 58-61, Zeller Dec., Exh. 5.

24    [10] Joint Stipulation at 62:1-13, Zeller Dec., Exh. 5; [Redacted] Declaration of

25 Keith A. Jacoby in Support of Defendant and Cross-Claimant Carter Bryant's
Portion of Joint Stipulation (excerpted and without exhibits) ("2005 Jacoby Dec.") at

26 ¶¶ 22, 23, attached as Exh. 6 to the Zeller Dec.

27    [11] 2005 Jacoby Dec. ¶ 23 (referencing the "hard drive from Bryant's home
computer, which he gave to his niece in 2002"), Zeller Dec., Exh. 6.

28

EXHIBIT __

PAGE __

1 and that they spent "scores of attorney hours" searching for responsive documents, but
2 found nothing responsive.[12]

3       Mattel's original motion to compel was not ruled upon because of the
4 discovery stay. After the stay was lifted and the Discovery Master was appointed,
5 Mattel renewed its motion to compel Bryant's computer hard drives in early January
6 2007 and again specifically sought production of the Desktop hard drive.[13] Bryant
7 again represented that he had conducted a "diligent" search for Bryant's hard drives and
8 stated that the *only* computer he was able to find was the Desktop.[14] Bryant's counsel
9 likewise again stated they had searched the Desktop hard drive, but did not find "any
10 responsive documents or relevant information" on it.[15]

11       The Discovery Master granted Mattel's motion to compel. Among other
12 things, the Discovery Master ordered that "[p]ursuant to Rule 34, Fed.R.Civ.P., Bryant
13 shall produce the hard drives of his computers for forensic imaging" by no later than
14 February 23, 2007 (the "Discovery Order").[16]

15       **Bryant's Counsel Stalls In Producing Any Drives.** Shortly before the
16 February 23, 2007 deadline, Bryant's counsel asked Mattel for an extension of time for
17

18 [12] Joint Stipulation at 62:2-13, 18-20, Zeller Dec., Exh. 5; 2005 Jacoby Dec. at
19 ¶¶ 23, 24, Zeller Dec., Exh. 6.
[13] Zeller Dec. ¶ 9; see also Separate Statement of Mattel, Inc. in Support of
20 Motion to Compel Production of Documents by Carter Bryant, filed on January 4,
21 2007 (excerpts) at 57-61, Zeller Dec., Exh. 7; Declaration of Michael T. Zeller in
Support of Mattel, Inc.'s Motion to Compel Production of Documents by Carter
22 Bryant (without exhibits) filed January 4, 2007 at ¶ 27, Zeller Dec., Exh. 8.
[14] Separate Statement of Defendant Carter Bryant in Opposition to Mattel's
23 Motion to Compel, filed on January 11, 2007 ("Bryant's 2007 Separate Statement")
24 at 39, Zeller Dec., Exh. 9; Declaration of Keith A. Jacoby in Support of Carter
Bryant's Opposition to Mattel, Inc.'s Motion to Compel Production of Documents
25 (excerpted and without exhibits) ("2007 Jacoby Dec.") at ¶ 31, Zeller Dec., Exh. 10.
26 [15] 2007 Jacoby Dec., ¶ 31, Zeller Dec., Exh. 10.
[16] Order of the Discovery Master Hon. Edward Infante (Ret.) dated January 25,
27 2007 at 17, Zeller Dec., Exh. 11.
28

J7209/2095442.1

1  compliance with the Discovery Order, claiming that additional time was required
2  because the quantity of responsive documents "may be significant" and because Bryant
3  would be traveling out of state until March 2 or 3, 2007.[17]    Based on those
4  representations, the parties submitted, and the Discovery Master approved, a Stipulation
5  extending Bryant's time to produce his computer hard drives.[18]

6          Two business days after Mattel's counsel agreed to the extension, Bryant's
7  counsel then began asserting a new reason for not producing his hard drives.   On
8  February 27, 2007, Bryant's counsel sent an email claiming that the hard drive
9  contained some unspecified "highly private material" and seeking "some sort of
10  agreement" on that issue.[19]    Mattel's counsel agreed to extend the deadline for
11  production of the hard drive for a few days so the parties could further discuss this so-
12  called "highly private" material, but only so long as Bryant's counsel provided a
13  detailed log by no later than the end of the following week (*i.e.*, by March 23, 2007)
14  regarding the files at issue.[20]  This log was supposed to include, for example, the file
15  format, file size, creation date and any modification date(s), so that Mattel could
16  intelligently discuss Bryant's counsel's claims about the files and consider what options
17  were available to potentially address them.[21]  Bryant's counsel agreed to provide such a
18  log and, in a subsequent letter, acknowledged that Mattel's counsel had "reserv[ed] all
19  of [Mattel's] rights in this regard including its right to insist on conducting an inspection
20  of the actual hard drive(s) or to have a third party do so."[22]  Although Bryant's counsel
21

22  [17]  Stipulation and Order re: Request to Extend Deadline Within Which Carter
23  Bryant Must Comply with the Discovery master's January 25, 2007 Order Granting
    Mattel's Motion to Compel Production of Documents dated February 23, 2007,
24  Zeller Dec., Exh. 12.
25  [18]  Id.
    [19]  Zeller Dec., Exh. 13.
26  [20]  Zeller Dec., Exhs. 14, 15, 18.
27  [21]  Zeller Dec., Exhs. 14, 15, 18.
    [22]  Zeller Dec., Exhs. 14, 15, 18.
28

PAGE

EXHIBIT

1  had stated that this log of the files containing the "highly private" material was "on its

2  way," they still had not produced it by March 26, 2007.[23]

3  **The Desktop Appears To Go Missing**.  Not having received any hard

4  drives or the promised log of files that Bryant's counsel was ostensibly concerned

5  about, Mattel's counsel requested a meet and confer in advance of a motion to enforce

6  the Court's Discovery Order requiring Bryant to produce his hard drives.[24]  During the

7  meet and confer process, Bryant's counsel made two startling new claims that appeared

8  fundamentally inconsistent with the earlier representations by Bryant and his counsel.

9  First, because as noted Bryant had previously asserted that the *only* hard drive Bryant

10  had from any earlier time period was the Desktop, Mattel reasonably assumed at that

11  point that the "highly private" information referenced by Bryant's counsel's email was

12  contained on the Desktop hard drive.[25]  In further discussions, however, Bryant's

13  counsel stated that they had made forensic images of *two* Bryant hard drives in *July*

14  *2004* -- a time well before their representations that *only* the Desktop had been

15  located.[26]  According to Bryant's counsel during the recent meet and confers, one of

16  these forensic images made in July 2004 was from a Compaq Presario laptop computer

17  with a 20 GB Travelstar hard drive, and the other was from a Quantum Fireball LCT 15

18  drive.[27]  Bryant's counsel also stated in discussions that the data on these two forensic

19

20

21  [23]  Zeller Dec., Exh. 16.

    [24]  Zeller Dec., Exh. 16.

22  [25]  Bryant's 2007 Separate Statement at 39, Zeller Dec., Exh. 9; 2007 Jacoby

23  Dec. at ¶ 31, Zeller Dec., Exh. 10; Zeller Dec., Exhs. 17, 19.

    [26]  Zeller Dec., Exh. 21.

24  [27]  Zeller Dec., Exh. 21.  More specifically, Bryant identified the two images that

25  were made in July 2004 as being of (1) a 20 GB Travelstar hard drive from a
    Compaq Presario laptop, and (2) a 20 GB Quantum Fireball LCT 15 hard drive. Id.,

26  p. 1.  Also during the meet and confer process, Bryant's counsel represented that
    Bryant was still in possession of the physical hard drive from the laptop but no

27  longer had the Quantum hard drive. Id., p. 1.

28

MATTEL'S MOTION RE: BRYANT'S FAILURE TO PRODUCE DESKTOP COMPUTER HARD DRIVE

1   images were from the 2002 and 2003 time period.[28]  This was the first time Bryant's
2   counsel disclosed that any hard drives apart from the Desktop had been located, let
3   alone that they had been withheld from Mattel since 2004.[29]

4           This led to Bryant's second, and even more troubling, revelation.  Bryant's
5   counsel also start asserting as another basis for his refusals to produce any of the hard
6   drives that they contained unidentified information about unreleased Bratz products
7   scheduled for release in 2007 and 2008.[30]  Bryant's prior representations about the
8   Desktop, however, including that his counsel had retrieved it from the niece at least as
9   early as November 2004, appeared inconsistent with the claim that it contained data for
10  2007 and 2008 doll releases.  Moreover, Bryant's statement that the two older hard
11  drive images that were made in July 2004 contained data from 2002 and 2003 appeared
12  to exclude the prospect that one of these images was from the Desktop.  Since Bryant
13  had purchased the Desktop in October 2000 and had used it until at least 2002 and
14  2003, it undoubtedly would have data from 2000 and 2001.

15          In light of these incongruities, Mattel pressed for an explanation about the
16  status of the Desktop hard drive specifically.  On April 4, 2007, Bryant's counsel
17  suggested for the first time that they in fact did not know the whereabouts of the
18  Desktop.[31]  They stated that either the representations Bryant and his counsel had
19  earlier made to the Court and Mattel were "wrong" (and that the drive had never been
20  retrieved from Bryant's niece or reviewed), or that they simply are "not sure" about

21

22  [28]   Zeller Dec., Exh. 21.
23  [29]   Zeller Dec., Exh. 19.  Bryant's counsel further disclosed that there were
        additional "hard drive(s)" that had been "recently copied in Missouri," and that
24      "[a]fter further examination, it appears that these drives also contain highly private,
        non-responsive documents."  Id.  As noted above, in subsequent conversations,
25      Bryant's counsel stated that there were three images of these additional drives, for a
26      total of at least five hard drive images.  Zeller Dec., Exh. 21.
27  [30]   Zeller Dec., Exh. 19.
    [31]   Zeller Dec., Exh. 21.
28

-9-

PAGE   EXHIBIT   (M)

1 | their accuracy.[32] Both orally and in letters, Mattel's counsel asked for clarification
2 | about the status of the Desktop hard drive and requested that Bryant provide the factual
3 | particulars regarding its non-production, without success.[33]

4 |

5 | <div align="center">**Argument**</div>

6 | **I.     BRYANT HAS FAILED TO PRODUCE THE DESKTOP HARD**
7 | **DRIVE AS ORDERED, AND THE DISCOVERY MASTER SHOULD**
8 | **COMPEL BRYANT TO PRODUCE IT OR EXPLAIN ITS NON-**
9 | **PRODUCTION UNDER OATH.**

10 | Bryant has been resisting the production of the Desktop hard drive since
11 | Mattel first began asking for it over two years ago. Mattel was forced to file two
12 | motions to compel, and at no time in opposing those motions did Bryant ever say that
13 | he did not possess it. To the contrary, for over two years, Bryant and his attorneys have
14 | maintained not only that they had the Desktop hard drive in hand, but that they had
15 | extensively reviewed the drive and it purportedly contained no responsive information.
16 | Then, after the Discovery Master ordered Bryant to produce it, Bryant's counsel
17 | initially claimed they needed more time, then that they did not want to produce it
18 | because it contained "highly private" material, and finally, that they do not have it.

19 | Whatever the truth is or the reason behind it, Bryant has not complied with
20 | the Order requiring the production of the Desktop hard drive, which is crucial
21 | evidence.[34] Accordingly, Bryant should be ordered to produce that hard drive within

22 |

---

23 | [32]  Zeller Dec., Exh. 21.
| [33]  Zeller Dec. ¶ 26.
24 | [34]  To the extent Bryant suddenly relocates the Desktop, but argues that he need
25 | not comply with the Court's Order compelling its production because it contains
| some unspecified "highly private" information, that argument has been waived.
26 | Although he and his counsel claimed to have thoroughly reviewed its contents,
27 | Bryant did not oppose Mattel's motion to compel the Desktop by arguing that it
| contained "highly private" information. Thus, Bryant waived his right to oppose
28 | (footnote continued)

1  five calendar days and, if he fails to do so, be ordered to disclose under oath all the facts
2  and circumstances surrounding that failure.  Despite Mattel's efforts during the meet
3  and confer, Bryant has not provided any cogent explanation that would account for the
4  hard drive's non-production.  To the contrary, Bryant and his counsel have now given
5  facially conflicting accounts, including about what computer hard drives they had
6  retrieved and secured, what they had purportedly reviewed and even the number of
7  computer hard drives they possess.  Under circumstances even less suspicious than
8  these, courts have required the compelled party to provide sworn declarations detailing
9  the nature of their search for documents, all facts and circumstances surrounding the
10  production, and, if such documents are unavailable, to specify when they were
11  destroyed and the reason(s) for their destruction.  See, e.g., A. Farber and Partners, inc.
12  v. Garber, 234 F.R.D. 186, 190 (C.D. Cal. 2006) ("Further, to assure that defendant
13  Garber actually makes a 'reasonable inquiry,' the court will order him to provide
14  plaintiff with declarations or affidavits detailing the nature of his 'reasonable inquiry' to
15  locate responsive documents, and such declarations must address the inquiry he made
16  on a request-by-request basis."); see also General Cigar Co., Inc. v. Cohiba Caribbean's
17  Finest, Inc., 2007 WL 983855 at *7-8 (D. Nev. 2007) (ordering defendants to provide a
18  sworn declaration detailing the nature of their "reasonable inquiry" to locate responsive
19  documents in accordance with Farber); Satchell v. FedEx Express, 2006 WL 2884318
20  at *6 (N.D. Cal. 2006) (ordering defendant either produce documents or provide a
21  sworn statement regarding the reasons such documents are unavailable and if such
22  documents are claimed to no longer exist, defendant's declaration "must state when it
23
24
---
25  production on this basis.  See, e.g., Richmark Corp. v. Timber Falling Consultants,
   959 F.2d 1468, 1473 (9th Cir. 1992) (finding defendant waived objections to
26  discovery orders and a contempt adjudication based on the People's Republic of
   China's secrecy laws where it failed to raise argument in response to motion to
27  compel).
28

-11-

1   destroyed or ceased to retain these documents, and the policies or reasons for their
2   destruction.").[35]

3          Thus, in the event that Bryant persists in his failure to produce the hard
4   drive for the Desktop as the Discovery Order has compelled him to do, Bryant should
5   be ordered to detail all facts and circumstances surrounding its non-production through
6   sworn declarations from each witnesses with personal knowledge of the facts.  In
7   particular, Bryant should be ordered to disclose:

8          •   a detailed identification of all of the hard drives Bryant has used
               in connection with any Bratz work or work with MGA and the
9              efforts made to locate each such hard drive;

10         •   the specifics regarding each computer hard drive that has been
               located, including its identity, its dates of use, the date on which
11             the computer was located, and the circumstances under which
               each computer has been kept;
12
           •   all information known or accessible to Bryant or his counsel
13             about each computer hard drive that Bryant failed to locate or
               claims they do not have in their possession, custody and control,
14             including the identification of all persons who have been in
               possession of it, the date(s) of their possession, its last known
15             location and the circumstances surrounding its disposition and/or
               destruction;
16
           •   a detailed description of when and how any drives that were
17             located were imaged, inspected and searched, including by
               identifying who was involved and what specific efforts they
18             made;

19         •   a complete explanation of Bryant and his counsel's prior
               representations to the Court and Mattel, including with respect to
20             their representation that they had found no hard drive other than
               the one for the Desktop, despite apparently having created
21             forensic images of two drives in July 2004, and their
               representation that they had retrieved from Bryant's niece and
22             had reviewed and inspected the Desktop hard drive, despite
               apparently never having done any of this; and
23
           •   the identification of all persons (including their name and contact
24             information) with knowledge of the facts and a detailed

25   ─────────────────
     [35]  Requiring such a declaration also would be well within the Discovery Master's
26   authority under the Discovery Master Order to "take evidence in connection with
     discovery disputes."  Stipulation and Order for Appointment of a Discovery Master
27   entered December 6, 2006 at 4, Zeller Dec., Exh. 1.
28

Y7209/2095442.1

EXHIBIT ___
PAGE ___

1         description of each such person's knowledge about who was in
        possession of the relevant computers and when and what they did
2         with each hard drive.

3 Without this type of detail, provided in binding, sworn statements, the Court and Mattel

4 will not be able to determine with any confidence the extent of Bryant's non-

5 compliance with the Order and the reasons for his failure to produce a highly critical

6 piece of evidence that Bryant claimed to previously have and has been compelled to

7 turn over but still has not produced.

8

9 **II.**    **BRYANT SHOULD BE SANCTIONED**

10         Bryant has failed to obey, and continues in his failure to obey, the

11 Discovery Order. Federal Rule of Civil Procedure 37(b)(2) specifically allows an

12 award of Mattel's expenses and attorney's fees incurred in seeking to enforce the

13 January 27, 2007 Discovery Order. Fed. R. Civ. P. 37(b)(2) ("In lieu of any of the

14 foregoing orders or in addition thereto, the court shall require the party failing to obey

15 the order or the attorney advising that party or both to pay the reasonable expenses,

16 including attorney's fees, caused by the failure unless the court finds that the failure

17 was substantially justified or that other circumstances make an award of expenses

18 unjust."). The burden of establishing substantial justification is on the party being

19 sanctioned. Hyde & Drath v. Baker, 24 F.3d 1162, 1171 (9th Cir. 1994).

20         Here, Bryant has no substantial justification for his failure to obey the

21 Discovery Order. In fact, his justification--that he apparently does not have what has

22 been ordered to be produced--can only be true if he and his counsel had earlier

23 misrepresented the results or diligence of their search for Bryant's computer hard

24 drives, including most importantly the hard drive for the Desktop. Sanctions are

25 particularly appropriate here given Bryant's failure to reasonably and timely cooperate

26 with Mattel's efforts to resolve his failure to comply with the Discovery Order

27 compelling production of the Desktop hard drive and his now two-year-long history of

28 obstructing discovery on this issue, among others. It is only fair that Bryant be required

-13-

EXHIBIT ___

PAGE ___

1 | to reimburse Mattel for being forced to return to the Discovery Master simply to obtain
2 | compliance with an existing discovery Order and to otherwise get to the bottom of his
3 | failure to produce crucial pieces of evidence Bryant and his counsel previously
4 | represented to the Court and Mattel that they had in hand.

5 |

6 | **Conclusion**

7 | For the foregoing reasons, Mattel respectfully requests that the Discovery
8 | Master order Bryant to: (1) produce within five calendar days his Desktop computer
9 | hard drive for forensic examination in compliance with the January 25, 2007 Discovery
10 | Order; (2) or, in the event that the Desktop hard drive is not produced, provide within
11 | five calendar days a full and complete accounting under oath. Mattel also respectfully
12 | requests that the Discovery Master award sanctions in the amount of $2,015, which
13 | represents a portion of the fees and costs incurred by Mattel in bringing this Motion.

14 |

15 | DATED: April 10, 2007          QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

16 |

17 | By___Mima T. Z—
18 | Michael T. Zeller
Attorneys for Mattel, Inc.

EXHIBIT ___ PAGE ___

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is NOW Messenger Service, 1301 West Second Street, Suite 206, Los Angeles, California 90026.

On April 10, 2007, I served true copies of the following document(s) described as:

**NOTICE OF MOTION AND MOTION OF MATTEL, INC. FOR AN ORDER TO ENFORCE COURT'S JANUARY 25, 2007 ORDER COMPELLING BRYANT TO PRODUCE DESKTOP COMPUTER HARD DRIVE**

on the parties in this action as follows:

| | |
|---|---|
| Keith A. Jacoby, Esq.<br>Littler Mendelson<br>2049 Century Park East, 5th Floor<br>Los Angeles, CA 90067-3107<br>Telephone: (310) 553-0308<br>Facsimile: (310) 553-5583 | |

[√]  [PERSONAL] by personally delivering the document listed above to the person(s) at the address(es) set forth above.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made

Executed on April 10, 2007, at Los Angeles, California.

David Quintana

EXHIBIT

PAGE

1062

07209/2081329.1

-1-

Case No. SACV 05-00953 JVS (ANx)
PROOF OF SERVICE

1

## PROOF OF SERVICE

2     I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa
3 Street, 10th Floor, Los Angeles, California 90017-2543.

4     On April 10, 2007, I served true copies of the following document(s) described as **NOTICE OF MOTION AND MOTION OF MATTEL, INC. FOR AN ORDER TO**
5 **ENFORCE COURT'S JANUARY 25, 2007 ORDER COMPELLING BRYANT TO PRODUCE DESKTOP COMPUTER HARD DRIVE** on the parties in this action as follows:
6

    Diana M. Torres, Esq.
7     **O'MELVENY & MYERS, LLP**
    400 S. Hope Street
8     Los Angeles, CA 90071

9 **BY MAIL:** I enclosed the foregoing into sealed envelope(s) addressed as shown above, and I deposited such envelope(s) in the mail at Los Angeles, California. The envelope was mailed with
10 postage thereon fully prepaid.

11     I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.
12

13     Executed on April 10, 2007, at Los Angeles, California.

14

15     Yalonda J. Dekle

16

17

18

19

20

21

22

23

24

25

26

27

28

07209/2081332.1

EXHIBIT 63



# LITTLER MENDELSON®

A PROFESSIONAL CORPORATION

April 23, 2007

Keith A. Jacoby
Direct: 310.772.7284
Direct Fax: 310.553.5583
kjacoby@littler.com

## VIA HAND DELIVERY

Michael T. Zeller
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543

Re:    **Bryant v. Mattel**

Dear Mr. Zeller:

As you know, we recently confirmed that the July 2004 "mirror image" of the 20 GB Quantum Fireball LCT 15 hard drive ("July 2004 Mirror Image") retained by this office is indeed the copy of the hard drive from the desktop computer purchased by Carter Bryant in or about October 2000. Enclosed with this letter is a copy of the July 2004 Mirror Image.

As recounted in his deposition, Mr. Bryant gave the October 2000 computer to his niece, Brooke Lind Gilbert. We obtained this computer from Ms. Gilbert on April 19, 2007. In accordance with Discovery Master Infante's ruling, we hereby make this computer and its hard drive immediately available to Mattel's expert for forensic examination in our offices. Please contact and apprise me of the identity of your expert so we can make the appropriate arrangements.

In light of the foregoing, Mattel's motion to compel the production of said hard drive is moot. We expect that you will immediately contact Discovery Master Infante and withdraw the motion.

All of Mr. Bryant's rights and remedies are hereby reserved, including the right to seek further relief concerning the appropriate manner of inspection and disposition of the Compaq Presario laptop computer hard drive, and all other hard drives in Mr. Bryant's possession, custody or control.

EXHIBIT _____ 𝒰ℬ

PAGE _____ 1029

Michael T. Zeller
April 23, 2007
Page 2

     If you have any questions concerning the foregoing, please do not hesitate to contact me.

Sincerely,

Keith A. Jacoby

encl.

KAJ:rpe

Firmwide:82358948.1 028307.1010

EXHIBIT _____
PAGE _____

EXHIBIT 64

CONFORMED

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 090378)
2    (johnquinn@quinnemanuel.com)
     Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
     Susan Wines (Bar No. 168643)
4    (susanwines@quinnemanuel.com)
     865 South Figueroa Street, 10th Floor
5    Los Angeles, California 90017-2543
     Telephone: (213) 443-3000
6    Facsimile: (213) 443-3100

7  Attorneys for Mattel, Inc.

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10                         EASTERN DIVISION

11  | CARTER BRYANT, an individual,     | CASE NO. CV 04-9049 SGL (RNBx)
12  |              Plaintiff,            |
                                        | Consolidated with
13  |                                   | Case No. CV 04-09059
                                        | Case No. CV 05-02727
14  |         vs.                       |
15  |                                   | **DISCOVERY MATTER**
    | MATTEL, INC., a Delaware          |
16  | corporation,                      | **[To Be Heard By Discovery Master
    |              Defendant.           | Hon. Edward Infante (Ret.) Pursuant
17  |                                   | To The Court's Order Of December
                                        | 6, 2006]**
18  |_____|
    | AND CONSOLIDATED ACTIONS          | MATTEL, INC.'S NOTICE OF
19  |                                   | WITHDRAWAL WITHOUT
    |                                   | PREJUDICE OF MOTION FOR AN
20  |                                   | ORDER TO ENFORCE COURT'S
    |                                   | JANUARY 25, 2007 ORDER
21  |                                   | COMPELLING BRYANT TO
    |                                   | PRODUCE DESKTOP COMPUTER
22  |                                   | HARD DRIVE
    |                                   |
23  |                                   | [Declaration of Michael T. Zeller filed
    |                                   | concurrently herewith]
24  |                                   |
    |                                   | Hearing Date: TBA
25  |                                   | Time: TBA
    |                                   | Place: TBA
26  |                                   |
    |                                   | Discovery Cut-off: October 22, 2007
27  |                                   | Pre-trial Conference: January 14, 2008
    |                                   | Trial Date: February 12, 2008
28

07209/2111893.1

MATTEL'S NOTICE RE: BRYANT'S FAILURE TO PRODUCE DESKTOP COMPUTER HARD DRIVE

EXHIBIT 164
PAGE 631

1        Rejecting Bryant's many months of refusals and failures to produce key

2  discovery in this case -- including documents relating to the origins of Bratz -- the

3  Discovery Master granted Mattel's motion to compel by Order dated January 25, 2007.

4  The Order required Carter Bryant to produce, among other highly pertinent

5  information, his computer hard drives no later than February 23, 2007. One such hard

6  drive was the desktop computer that Bryant had purchased in October 2000 (the

7  "Desktop") -- the same month Bryant left Mattel's employment. As he testified at

8  deposition, Bryant used this computer for business purposes, including to communicate

9  with and perform work with MGA on Bratz.

10        Bryant requested, and Mattel agreed, to extend the date for Bryant's

11  compliance with the Discovery Master's January 25 Order up to and including March

12  16, 2007. Within two days of Mattel's professional accommodation, however, Bryant

13  began giving a series of conflicting accounts about the Desktop hard drive, including

14  assertions that were at odds with the sworn declarations Bryant had submitted to Judge

15  Block and then the Discovery Master about the Desktop and Bryant's alleged

16  preservation and review of it.[1] Most troubling, on April 4, 2007, Bryant's counsel

17  suggested for the first time that they in fact did not know the whereabouts of the

18  compelled Desktop hard drive after all. They stated that either the representations

19  Bryant and his counsel had earlier made to the Court and Mattel were "wrong" -- and

20  that the drive had never been retrieved or reviewed as Bryant had earlier claimed -- or

21  that they simply are "not sure" about their accuracy.[2]

PAGE ___
EXHIBIT ___
632 ___

---

[1]    Bryant and his counsel repeatedly represented not only that they had the Desktop in hand, but that they had searched the drive for responsive documents but found none. Typical of Bryant's claims on this score was his November 1, 2004 letter claiming that the Desktop "has been retrieved and searched for responsive documents, and none have been located."

[2]    After the January 25 Order, Bryant also admitted that he had been withholding, since almost the beginning of this suit, a hard drive from a laptop he used. This was the first time Bryant's counsel disclosed that Bryant had this hard (footnote continued)

1          Over the course of more than two weeks, both orally and in letters,

2 Mattel's counsel repeatedly asked for clarification about the status of the Desktop hard

3 drive and requested that Bryant either produce the drive or explain the factual

4 particulars regarding its non-production. Having received neither the Desktop hard

5 drive nor a substantive response from Bryant to these requests for further information,

6 Mattel then filed its present motion to enforce the January 25 Order and for other relief

7 on April 11, 2007.

8          All of the foregoing facts were evidenced in detail on Mattel's motion, and

9 Bryant's response here tellingly denies none of them. After Mattel had filed its motion

10 to enforce, another two weeks passed with nothing further from Bryant in connection

11 with the Desktop hard drive. On the day before Bryant's response was due, Bryant's

12 counsel sent a letter belatedly offering for the first time to make the Desktop hard drive

13 available to Mattel.[3] Mattel arranged for and imaged a hard drive that Bryant's counsel

14 provided on Friday afternoon, April 27, 2007.[4]

15          Bryant allowed Mattel to image a single drive only this past Friday

16 afternoon -- some five weeks after the Order's deadline for Bryant to do so and some

17

18 drive in his possession, let alone that he had been withholding it from Mattel since

19 2004. Indeed, this revelation was contrary to his prior representations to the Court and the Discovery Master that he had located *only* the Desktop. Despite being

20 required to do so by the January 25 Order, Bryant still has not produced this laptop hard drive to date.

21   [3] Although it was Bryant who flouted the January 25, 2007 Order for some six

22 weeks and who fails to provide any explanation for his conduct in his opposition,

23 Bryant's opposition spuriously accuses Mattel of "gamesmanship" and "bad faith" for not responding within a day to his unilateral demand that this motion be

24 withdrawn even before Bryant had complied with the Order by actually providing

25 the drive to Mattel. Bryant's rhetoric is all the more groundless given that, as he knew, Mattel's counsel was in a deposition on that day and thus could not respond as

26 quickly as Bryant demanded. See Declaration of Michael T. Zeller, dated May 1,

27 2007 and filed concurrently herewith, Exh. 1.
  [4] Id., ¶ 2 & Exh. 1.

28

PAGE ___ EXHIBIT ___ 633

07209/2111893.1

-2-

1 | three months after the Discovery Master's January 25, 2007 Order. Mattel has not yet
2 | been able to confirm that the drive Bryant's counsel provided on Friday was in fact
3 | from the Desktop. Based on the fact that Bryant has finally provided for imaging a
4 | hard drive that Bryant's counsel represents is the compelled Desktop hard drive,
5 | however, Mattel hereby withdraws its current motion to enforce without prejudice. It is
6 | regrettable, to say the least, that it took two motions to compel, an Order by the
7 | Discovery Master, yet more lengthy meet and confers after Bryant failed to comply
8 | with the Order and then a motion to enforce for Bryant to decide that he would produce
9 | plainly relevant discovery such as the Desktop hard drive. Obviously, serious issues
10 | also remain open with respect to the integrity of the Desktop drive that Bryant belatedly
11 | produced, particularly given Bryant and his counsel's conflicting representations about
12 | its custody, preservation and handling. Among other things, Bryant now admits in his
13 | opposition here that he did not even obtain it until April 19, 2007 -- a revelation that at
14 | a minimum calls into question the veracity of Bryant's earlier representations to the
15 | Court and the Discovery Master that he had secured the drive and "extensively"
16 | reviewed it for responsive materials in 2004 and raises issues about what has been done
17 | to the hard drive in the interim. Mattel reserves the right to bring a separate motion to
18 | address such matters as appropriate.

19

20

21 | DATED: May 1, 2007

QUINN EMANUEL URQUHART OLIVER &
HEDGES, LLP

22

23

By ___Mike T. Ze___

24

Michael T. Zeller
Attorneys for Mattel, Inc.

25

26

27

28

PAGE ___ EXHIBIT ___

07209/2111893.1

-3-

EXHIBIT 65

DOUGLAS A. WICKHAM (S.B. 27268)
KEITH A. JACOBY (S.B. #150233)
LITTLER MENDELSON
A Professional Corporation
2049 Century Park East, 5th Floor
Los Angeles, CA 90067
Tel: (310)553-0308/Fax: (310)553-5583

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MATTEL, INC., a Delaware corporation<br><br>Plaintiff(s)<br>v. | CASE NUMBER<br>CV 04-9049 SGL (RNBx)<br>consolidated with CV 04-9059 & 05-2727 |
| CARTER BRYANT, an individual<br><br>Defendant(s). | REQUEST FOR APPROVAL OF<br>SUBSTITUTION OF ATTORNEY |

Carter Bryant _____ ☐ Plaintiff ☒ Defendant ☐ Other  Counter-defendant
_Name of Party_

hereby request the Court approve the substitution of John W. Keker, Keker & Van Nest, LLP
_New Attorney_

as attorney of record in place and stead of Littler Mendelson, P.C.
_Present Attorney_

Dated  5/14/07

_Signature of Party/Authorized Representative of Party_

I have given proper notice pursuant to Local Rule 83-2.9 and further consent to the above substitution.

Dated  5/17/07

_Signature of Present Attorney_

I am duly admitted to practice in this District pursuant to Local Rule 83-2.

Dated  5/16/07

_Signature of New Attorney_  MICHAEL PAGE KEKER LVAN N

159913
_State Bar Number_

If party requesting to appear Pro Se:

Dated _____

_Signature of Requesting Party_

**NOTE:** COUNSEL AND PARTIES ARE REMINDED TO SUBMIT A COMPLETED *ORDER ON REQUEST FOR APPROVAL OF SUBSTITUTION OF ATTORNEY* (G-01 ORDER) ALONG WITH THIS REQUEST.

G-01 (03/06)  REQUEST FOR APPROVAL OF SUBSTITUTION OF ATTORNEY  American LegalNet, Inc.
www.USCourtForms.com

EXHIBIT US
PAGE 1035

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 2049 Century Park East, 5th Floor, Los Angeles, California 90067.3107. On May 17, 2007, I served the within document(s):

### REQUEST FOR APPROVAL OF SUBSTITUTION OF ATTORNEY

[X]     by placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Los Angeles, California addressed as set forth below.

| | |
|---|---|
| John Quinn, Esq.<br>Michael Zeller<br>Quinn Emanuel Urquhart<br>Oliver & Hedges, LLP<br>865 South Figueroa Street,<br>10th Floor<br>Los Angeles, CA 90017-2543 | John W. Keker, Esq.<br>Keker & Van Nest, LLP.<br>710 Sansome Street<br>San Francisco, CA 94111 |
| Diana M. Torres, Esq.<br>James Jenal, Esq.<br>O'Melveny & Myers LLP<br>400 S. Hope Street<br>Los Angeles, CA 90071 | Patricia Glaser, Esq.<br>Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP<br>10250 Constellation Boulevard, 19th Floor<br>Los Angeles, CA 90067 |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service. Under that practice it would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on May 17, 2007, at Los Angeles, California.

Firmwide:82485216.1 028307.1010

Julie Contreras

PROOF OF SERVICE

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310 853 0308

EXHIBIT ___65___

PAGE ___1036___