EXHIBIT 66

Priority
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

FILED - EASTERN DIVISION
CLERK, U.S. DISTRICT COURT

**AUG 1 0 2006**

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

CARTER BRYANT,

               Plaintiff,

v.

MATTEL, INC.,

               Defendant,

and related actions.

CASE NO.  CV 04-9049 SGL (RNBx)

(Consolidated with cases CV-04-9059 and CV-05-2727)

ORDER DENYING MOTION FOR APPOINTMENT OF EXPERT WITNESSES

     Presently before the Court is Mattel, Inc.'s ("Mattel") motion for the appointment of expert witnesses pursuant to Federal Rule of Evidence 706, Carter Bryant and MGA Entertainment, Inc.'s ("MGA") opposition and response thereto, and Mattel's reply. For the reasons set forth below, the Court **DENIES** the motion for the appointment of expert witnesses.

     Federal Rule of Evidence 706(a) provides

          The court may . . . on the motion of any party enter an order to show cause why expert witnesses should not be appointed, and may request the parties to submit nominations. The court may appoint any expert witnesses agreed upon by the parties, and may appoint expert witness of its own selection. An expert witness shall not be appointed by the court unless the witness consents to act.

DOCKETED ON CM

**AUG 1 1 2006**

BY                    /044

(73)

EXHIBIT ___64___

PAGE ___637___

1

2

3

> A witness so appointed shall be informed of the witness'
> duties by the court in writing, a copy of which shall be filed
> with the clerk, or at a conference in which the parties shall
> have opportunity to participate.

4

The appointment of an expert by a federal court is a rare occurrence. Much of

5

this stems from a concept "[d]eeply ingrained" in the common law "that it is the

6

responsibility of the parties to produce the evidence while the court looks on to assure

7

that the rules are followed." 4 JOSEPH M. MCLAUGHLIN, WEINSTEIN'S FEDERAL EVIDENCE

8

§ 706.02[1], at 706-6 (2nd ed. 2006). The reluctance of courts to intrude into the

9

evidence-gathering function normally assigned to counsel is borne out of "the fear of

10

ex parte communications between the court and its expert," as well as the

11

unseemliness of "[c]ollecting a share of the expense [for the work performed by the

12

court appointed expert] from a party who has been damaged by the expert's report."

13

Id. at 706-6, 706-7. As a result of these institutional concerns, "experts are usually

14

appointed only in exceptional cases that present unwieldy, complex, or technical

15

issues" or where "there is a need for an impartial, independent assessment of a

16

disputed issue." Id. § 706.02[3], at 706-8 706-9.

17

Here, Mattel seeks for the court to appoint experts in the fields of questioned

18

document examination, ink chemistry analysis, and paper chemistry analysis in order

19

to "analyze and date (1) the originals of 'BRATZ' design drawings, (2) the faxed-

20

version of the BRATZ-related contract between . . . Carter Bryant and MGA

21

Entertainment, Inc., (3) MGA's internal documents relating to work performed by Anna

22

Rhee on Bryant-related projects in the year 2000, and (4) a facsimile of BRATZ

23

drawings bearing a fax header date of April 10, 2000," as well as "(5) any other

24

documents that cannot be sampled or tested without destroying the sample tested or

25

analyzed." (Mattel's Mot. Appt. Expert, Preface at 2). The reason proffered for such

26

an appointment is two-fold: First, a generalized concern that, because the documents

27

sought to be examined are "highly relevant" to the litigation, having a neutral expert

28

perform the testing on the same may obviate a battle of the experts that would make

2

EXHIBIT _____ ΨΨ _____

PAGE _____ 638 _____

1    the jury's function of sorting out the truth much more arduous; and second, concerns,

2    deduced during discovery, about the possible spoliation of key documents in the case

3    by MGA/Bryant and their counsel.

4    A.    AVERTING A BATTLE OF THE EXPERTS

5         Mattel's argument that the Court should appoint an expert because otherwise

6    each side will perform "separate, partisan destructive analyses of separate samples of

7    the documents" with "wide divergence" of opinion "virtually assured" is not well-

8    founded. (Mattel's Mot. Appt. Expert at 18, 20). Explicit in Mattel's argument is that

9    this feared divergence in each side's retained expert's opinions has yet to materialize.

10   This is not surprising as it appears that discovery in this case is in its nascent stage,

11   owed largely to the fact that the Court had earlier stayed the case while Mattel

12   appealed the denial of its motion to remand the case to state court. Mattel's argument

13   instead is that the Court should appoint an expert now to avoid the possibility that

14   there may be such wide divergence in each side's privately retained expert in the

15   future. Needless to say from the jabs each party took at the credibility and even

16   trustworthiness of the other side's retained expert during the oral argument on this

17   motion (one going so far as to label the competing ink chemistry experts as being the

18   modern day equivalent of one's Hatfield to the other's McCoy), such a possibility may

19   be more easier to imagine occurring here than in ordinary cases. Nevertheless, such

20   divergence, even if likely, is still that – a possibility, not an inevitability.

21        In those cases where an expert has been appointed by a court on account of

22   the excessive partisanship in the expert opinions retained by counsel, the rationale for

23   the appointment was based on the fact that the feared wide divergence in opinion had

24   already materialized. See Students of California Sch. for the Blind v. Honig, 736 F.2d

25   538, 548 (9th Cir. 1984)("the judge could not decide the merits of the students' seismic

26   safety claims on the basis of evidence presented at trial, so he reopened the case and

27   appointed a neutral expert to evaluate the adequacy of seismic testing at the Fremont

28   site"), vacated on other grounds, 471 U.S. 148 (1985); Eastern Air Lines, Inc. v.

EXHIBIT ___64___

PAGE ___039___

3

1    McDonnell Douglas Corp., 532 F.2d 957 (5th Cir. 1976); 4 WEINSTEIN § 706App.100 at

2    706App.-5 (noting that legal commentators' "imprecations against the parties' 'battle of

3    experts'", not the potential for such a battle, "led to the drafting of the Uniform Expert

4    Testimony Act in 1937," the precursor to Federal Rule of Evidence 706).

5        In no instance uncovered by the Court's research (or by Mattel's citation to

6    authority) has a court appointed an expert because of a fear, even one that is well-

7    founded, that such wide divergence in privately-retained expert testimony may

8    materialize in the future. Were the Court to adopt Mattel's analysis, appointment of

9    experts by courts would expand exponentially, limited only by a court's assessment of

10   how partisan the experts in a given case may become in the future. Such a

11   proliferation has not occurred precisely because courts generally require that the

12   divergent "horse" be placed before the expert witness "cart." See FED. R. EVID. 706

13   advisory committee's note ("actual appointment is a relatively infrequent occurrence").

14   Unless and until this feared divergence in opinion becomes reality, the Court finds that

15   the potential (which itself cannot be quantified at this point) for its occurrence does not

16   warrant the Court's intrusion into the adversarial process through the appointment of

17   an expert at this stage.

18   B.    SPOILATION OF EVIDENCE

19       The question is much closer with respect to Mattel's other reason for the Court

20   to appoint an expert in this case: Concern that opposing counsel or their clients may

21   have destroyed or altered key documents in the case. Mattel's basis for such concern

22   is predicated on three facts uncovered during discovery.

23       1.    Evidence of spoilation

24       Before being deposed Bryant was asked to bring all his original BRATZ design

25   drawings. When he arrived at his deposition, however, Bryant only had in his

26   possession a few of the originals. (Decl. Michael T. Zeller ¶ 13). Among these some

27   "contained holes where plugs apparently had already been removed. Bryant

28   acknowledged . . . that his drawings had no holes in them when he gave them to his

EXHIBIT __U L P__                    4

PAGE __6 4 0__

1  lawyers." (Mattel's Mot. Appt. Expert at 2; see also Decl. Michael T. Zeller ¶ 14).

2  Specifically, at Bryant's deposition the following exchange took place between Bryant

3  and counsel for Mattel:

4          Q.      (By Mr. Quinn) I wanted to ask you about one of
                   these original drawings that were produced today.
5
                   – what we're talking about here.  This is – the Post-it
6                  says that's Bryant – that's the original of Bryant
                   192, Bates number 192, which has the heads on it,
7                  and this is one of the originals that your counsel was
                   kind enough to have shipped here today for us to
8                  look at.

9          A.      Yes

10         Q.      And we were just looking at these this afternoon and
                   we notice[d] that there's a bunch of holes on the
11                 page, including in the signature, as if somebody
                   were taking ink samples.
12
           A.      Uh-huh.
13
           Q.      Do you see that?
14
           A.      Yes.
15
           Q.      Do you know anything about why those holes were
16                 made or how or when?

17         A.      I have no idea what those are.

18         Q.      I mean, when you had – when you had possession
                   of this document did it have those holes in it?
19
           A.      Not that I remember.
20
           Q.      You certainly never had anything to do with that?
21
           A.      No.  I don't know anything about those holes.
22
           Q.      And, similarly, if you wouldn't mind holding this up to
23                 the camera, this is the original of Bryant 210 and it's
                   also – if you take a look at it, I think you'll see it has
24                 some of those holes in it, although not as many as
                   the last one we looked at.  Again, you don't know
25                 anything about how or why those holes got put on
                   there?
26
           A.      I don't.
27

28  (Decl. Michael T. Zeller, Ex. 7 at 161-163).

5

EXHIBIT _6 4_

PAGE _6 41_

1    Mattel has submitted the declaration of a questioned document analysis expert,

2  Lloyd Cunningham, who has opined that the holes described in the document

3  mentioned above are consistent with those that would be generated by taking

4  microplug samples to perform analysis of the ink found on a document. (Decl. Lloyd

5  Cunningham ¶ 5). Bryant and MGA eventually conceded (although at first refusing to

6  do so under the veil of work-product privilege) that they tested some of the original

7  BRATZ drawings by an expert they retained in the field of forensic chemistry, Erich J.

8  Speckin. (Response to Order to Show Cause ("Response") at 1-2).

9    Mr. Speckin states that in June, 2004, he performed a series of tests "on

10  various 'Bratz' documents" at the request of MGA's counsel.[1]  (Decl. Erich J. Speckin

11  ¶ 8). Those tests included examining the documents in question under an infrared

12  light as well as performing sidelight testing, which involves "visually inspecting a

13  document by holding a side light up to the document at an oblique angel . . . to

14  determine preliminarily whether the document contains impressions, or markings

15  impressed upon the document by drawing and writing done on a sheet of paper laid

16  on top of the document being tested." (Decl. Erich J. Speckin ¶¶ 9, 10). Mr. Speckin

17  also performed an electrostatic detection apparatus to see if there was indented

18  impressions on the documents. (Decl. Erich J. Speckin ¶ 11). Finally, Mr. Speckin

19  "performed ink identifications tests" on the documents. (Decl. Erich Speckin ¶¶ 12-

20  13). Such testing involved Mr. Speckin removing "very small microplug samples from

21  the document at issue and testing the microplug." (Decl. Erich Speckin ¶13).

22  Nowhere is it averred by MGA, Bryant, or Mr. Speckin which or how many of the

23  original BRATZ drawings were subjected to this microplug sampling procedure, nor is

24  it averred from what parts of the documents that were tested was the microplug taken.

25  Instead, Mr. Speckin simply notes that in taking the microplugs he "le[ft] more than

26

27    [1] At the time the testing was done by Mr. Speckin, Bryant had already been
28  sued by Mattel for violating the terms of the invention agreement he signed when he
    worked for them from 1999 to 2000. (Response at 1).

6

EXHIBIT _____

PAGE _____

1 │ sufficient material for another expert to test the exact same <u>documents</u>," but admits

2 │ that "another expert cannot test the very same microplug that I tested . . . ." (Decl.

3 │ Erich J. Specklin ¶14).

4 │      Another episode brought to light during discovery causing Mattel concern

5 │ relates to MGA's handling of the original Bryant/MGA contract before the inception of

6 │ the instant litigation.  At the deposition of a former MGA executive, Victoria O'Connor,

7 │ testimony was elicited that O'Connor, "on explicit instructions of MGA's [CEO] Isaac

8 │ Larian, . . . [made] redact[ions from] the fax header . . . on the BRATZ contract

9 │ between Bryant and MGA for the year 2000 to conceal the fact that Bryant sent the

10 │ contract from Mattel's Design Center while he was still employed at Mattel." (Mattel's

11 │ Mot. Appt. Expert at 3).  O'Connor's deposition appears to indicate that such alteration

12 │ occurred before the present litigation began (indeed, perhaps even before MGA

13 │ marketed the BRATZ doll).

14 │        Q.     . . . Was there ever anything that you were asked to
15 │                 do that you – made you feel kind of uncomfortable?

       A.     Yes.
16 │
                . . . .
17 │        Q.     And what was that?

18 │        A.     When the original contract was executed by Carter
19 │                 Bryant, it was sent to me <u>via</u> fax, and on the top of
                the fax listed the phone number from where it was
20 │                 faxed, which said "Barbie Collectibles," and at one
                point my boss, Isaac Larian, asked me to white that
21 │                 out and send it to a lawyer, Patty Glaser.

22 │ (Decl. Michael T. Zeller, Ex. 19 at 306).  Upon further examination, however,

23 │ O'Connor stated that she did not participate in or have knowledge of any other

24 │ instances in which any other agreement between Bryant and MGA was directed to be

25 │ altered:

26 │        Q.     Were you ever asked to change the date on any
27 │                 agreements between Mr. Bryant and MGA?

       A.     No.
28 │

EXHIBIT ___66___         7

PAGE ___443___

Q.  Are you aware of anybody being asked to change
the date on any of those agreements?

A.  No.

Q.  I mean, do you have any reason to believe that any
agreement that was entered into between Mr. Bryant
and MGA had a date altered or changed?

A.  No.

Q.  You never heard that from – from any source?

A.  No.

(Decl. Paula E. Ambrosini, Ex. 3).

Finally, Mattel speculates that a drawing of some BRATZ doll accessories

faxed on April 10, 2000, had the fax header altered, much in the same manner

described in O'Connor's testimony vis-à-vis the MGA/Bryant faxed contract, as the

fields on the fax header for the sender's name and the sender's telephone number are

missing. (Decl. Michael T. Zeller ¶ 23 & Ex. 24).[2]  As explained by Mattel, "Because

---

[2] Mattel speculates that the time sheets produced by MGA for one of its
employees, Anna Rhee (who did doll face painting work for the BRATZ mock-up), from
"mid-to-late 2000" were altered or recently created by MGA to show that Rhee worked
on projects called "Angel" or "Prayer Angel," when in fact she was working at the time
painting faces for BRATZ dolls at the direction of Bryant. (Mattel's Mot. Appt. Expert at
3).  The basis for this speculation is based on the fact that the initial disclosure by MGA
of Rhee's time sheets comprised only 8 pages. (Decl. Michael T. Zeller ¶ 20).  Then,
on January 7, 2005, Rhee produced 20 separate invoices of her work at MGA during
mid-to-late 2000, indicating that Rhee performed work for MGA prior to Bryant's
departure from Mattel, most notably on June 12, 2000.  (Decl. Michael T. Zeller ¶ 21).
Within a couple of weeks after Rhee's production of invoices to Mattel, MGA
supplemented its earlier production of Rhee's time sheets showing that during the mid-
to-late 2000 period Rhee was working on a MGA project known as "Angel" or "Prayer
Angels" and was not involved in any BRATZ-related work until after Bryant's departure
from Mattel. (Decl. Michael T. Zeller ¶ 22).  Mattel's surmise that the supplemental time
sheets were altered is allegedly bolstered by the fact that Rhee testified during her
deposition that the only work she performed in mid-to-late 2000 was on BRATZ and
that the supplemental time sheets reference to the "Angel" and "Prayer Angel" was
nothing but a cover or code word for BRATZ-related work.  This argument is hard to
accept.  First, even the invoices Rhee turned over to Mattel contain the phrase "Angel"
for the mid-2000 project she worked on.  (Decl. Michael T. Zeller, Ex. 22 at 356-60,
362).  It is not until December, 2000, that any of the invoices submitted by Rhee show

EXHIBIT _CC_

PAGE _044_

8

1   facsimile machines normally insert senders' names and numbers as a matter of

2   course, and indeed is required by law [to do so], it appears likely that the document

3   was altered to conceal the sender's information. See 47 U.S.C. § 227(d)(1)(B)."

4   (Mattel's Mot. Appt. Expert at 10). The premise underlying Mattel's concern on this

5   topic is not unreasonable. The law requires such information to be found on any

6   document, like the one in question, that has been faxed. Additionally, the testimony

7   elicited from Ms. O'Connor that MGA altered the fax header for other documents

8   related to BRATZ from the same time period leads to an obvious inference that other

9   documents where spaces on other fax headers are absent suffered a similar fate.

10      2.   Analysis

11          a.   Microplug Ink Testing

12   Bryant and MGA begin by downplaying the significance of the spoliation issue

13   in this case. With respect to the holes on some of the original BRATZ design

14   drawings produced at Bryant's deposition, they note that, even with these holes,

15   nothing prevents Mattel from performing its own testing on the remaining portions of

16   the drawings on the document. "Indeed, the very fact that Mattel is asking for court-

17   appointed experts to perform ink and paper testing only underscores the fact that

18   nothing has been 'destroyed.'" (Joint Opp. at 2). Mr. Speckin makes similar assertions

19   in his declaration, stating that the fact that the same microplug cannot be tested "is

20   entirely irrelevant because there is more than enough ink on each of the documents I

21   tested to allow numerous microplug samples to be extracted and tested by different

22   experts." (Decl. Erich J. Speckin ¶ 14 (emphasis added); see also Response at 5-6

23   ("While another expert cannot test the very same microplug that Mr. Speckin tested,

24

25

26   her doing work on the BRATZ doll, well after Bryant had left Mattel. (Decl. Michael T.
     Zeller, Ex. 21 at 367, 370, 373). To accept Mattel's argument, not only would MGA

27   have had to alter the invoices it produced in the supplemental production, but the
     documents produced by Rhee would also have to be similarly altered. An alternative

28   and just as plausible explanation is that Rhee is simply mistaken as to when she began
     performing work on the BRATZ project.

9

EXHIBIT ___64___

PAGE ___645___

1   that fact is entirely irrelevant because, unlike in a situation where the entire object is
2   destroyed during the testing, there is more than enough ink on each of the documents
3   Mr. Speckin tested to allow numerous microplug samples to be extracted and tested"
4   (emphasis added))). This argument is not persuasive. This is not a case where
5   everyone concedes that the documents in question were created at one point in time,
6   but dispute what that date may have been. In such a circumstance all the ink
7   markings on the documents are comparable to one another as it is conceded that all
8   the marks came from one point in time.

9       Here, however, it is Mattel's theory that Bryant made drawings in 1998 and then
10  periodically touched up or made refinements/additions to those drawings, adding more
11  marks in 1999 and 2000 during the time he was employed by Mattel.  An ink mark
12  from one part of the document is not necessarily comparable to another set of ink
13  markings found elsewhere on the document.  One ink mark on a drawing could have
14  been made in 1998, for example, while another ink mark found on the same drawing
15  could have been put there sometime later.  In taking microplug samples from one of
16  these ink markings without the ability of the other side to test the same mark would
17  forever foreclose a potential avenue of crucial evidence in this case.  It is on that point
18  that taking microplug samples of the marks on these drawings is akin to the spoilation.
19  Therefore the fact that another expert could test other parts of the document does not
20  mean that key relevant evidence found on that document has not been destroyed.  As
21  MGA and Bryant make clear spoilation of evidence occurs through the "destruction or
22  significant alteration of evidence, or the failure to preserve property for another's use
23  as evidence in pending or reasonably foreseeable litigation." West v. Goodyear Tire &
24  Rubber Co., 167 F.3d 776, 779 (2nd Cir. 1999).[3]

25      At this point, it should not be lost that the documents in question are not

26

27      [3] The Court does not mean to suggest that Mattel's theory is correct.  Instead,
    the Court simply notes this theory as refuting MGA and Bryant's argument that only the
28  complete destruction of a document would amount to spoilation under the particular
    circumstances in this case.

10

EXHIBIT  __64__

PAGE  __047__

1   peripheral to the case. At its heart, this case asks the question: Who owns the rights

2   to the Bratz dolls? Bryant asserts that he came up with the idea for the Bratz dolls

3   while on a break from his employment at Mattel in 1998, and that he sold his idea to

4   MGA when he went to work for them in October, 2000. Mattel claims, among other

5   things, that Bryant "developed" or "continued to develop" his idea for Bratz dolls while

6   he was working for them from January, 1999, to October, 2000, and that pursuant to

7   an inventions agreement he signed with the Mattel when he went to work for them,

8   that idea now belongs to Mattel. As this clash of factual contentions makes clear, the

9   dating of the original BRATZ drawings and the markings contained thereon is a

10  fundamental, perhaps despositive, issue to this case. That there are serious

11  questions concerning the handling of these critical documents certainly causes the

12  Court much concern about whether the truth seeking functions of the adversarial

13  system have been fundamentally compromised in this case. As Mattel rightly notes,

14  "The adversarial process is not an end in itself; its value is in its ability to promote a

15  search for truth." (Mattel's Reply at 9).

16          Bryant and MGA concede that the sections that were holed out contained

17  markings, be they handwritten dates or other words or letters, that may be crucial to

18  the case. Indeed, one of the drawings – Bryant 192 – had a portion of the signature

19  line sampled. What is left unclear is whether, for those portions of the document

20  where ink or signatures were sampled, enough of the same part of the document in

21  question (meaning the same mark) remains to be sampled by Mattel. For instance, is

22  there enough of the signature line from Bryant 192 left to sample, or has too much of it

23  already been sampled? In that sense, MGA's and Bryant's argument that nothing has

24  been destroyed by the microplug testing procedure because other parts of the

25  document still exist is misplaced. Indeed, MGA and Bryant later admit that the

26  circumstances allowing for "multiple experts [to] remove multiple microplugs and test

27  the exact same paper and ink" is dependent upon there being the same exact paper

28  and ink there to test. (Joint Opp. at 15 ("[a]s long as there is paper and ink to test")).

EXHIBIT ___UU___          11

PAGE ___648___

1  The continued existence of the "exact same pen stroke" is the very issue that is now

2  left open because of the holes in some of Bryant's original BRATZ design drawings.

3  Is there anything left of that exact same pen stroke that was sampled by Mr. Speckin

4  remaining on the original drawing for Mattel to test?  None of these questions have

5  been addressed by MGA, Bryant, or Mr. Speckin in their papers.  Instead, they simply

6  make the observation that there remain other ink markings on the same drawings for

7  Mattel to test, a reason which, as explained above, is wholly insufficient to assure the

8  Court that Mattel has not been prejudiced by MGA's actions.

9       Given the absence of any representation by them on this point, the Court

10  pressed MGA's counsel about the same at oral argument:

11       THE COURT:  And part of your argument is that
         while a small portion of the small portion of the page may
12       be gone, as you in your most recent papers concede is
         gone, there are other portions of the page that can be
13       tested.  The concern I have, I guess – and maybe you can
         clear this up for me – I've seen some of the drawings and I
14       have a pretty good mental image of what the drawings look
         like.  But there is also writing on these drawings,
15       signatures, copyright registration indications; some are
         large, some are small.  As I gather from the plaintiff, from
16       Mattel, the concern is that these different drawings or
         writings were done at different times.  And I guess I can
17       understand why when those drawings or writings were
         done could be significant from an evidentiary standpoint.
18       So the concern is not so much there's another part of the
         paper that can be tested; it's whether or not the particular
19       marking in question has been so damaged as to not permit
         a full further testing on that particular marking.  Does my
20       question make sense?

21       MS. CENDALI:  Yes, it does, your Honor.  And I
         anticipated that.  Significant, we thought, in their papers
22       was that . . . they cited to the fact that Mr. Bryant admitted
         in his deposition that there were holes in some of the
23       documents that he didn't know how they got there
         originally.  As an example, if you look at part of Zeller,
24       Exhibit 17, Bates number Bryant 201, that's an example of
         one of the documents that's been tested.

25
         THE COURT:  One second so I have that in front of
26       me. Okay.

27       MS. CENDALI:  There are many many others that were
         submitted that were also submitted to this type of ink
28       testing, but this is just an example of one of them.  And if

EXHIBIT __UU__                    12

PAGE ____649____

1   you look at the document, you would never know --
    granted, this is smaller, so the actual drawing is even larger
2   than this, so there's even more ink on the larger drawing
    than there would be available on this reproduction size.
3
        But if you look at it -- and I'll represent to you that we
4   didn't test the face; the face is absent before and after the
    testing -- but if you look at it, you couldn't even see that
5   there were any pin pricks to it. If you look very, very
    carefully at the signature at the bottom, you can maybe see
6   where it says "Ramona Prints, 8-26-99"; that maybe there
    was like a little tiny hole in one of the little slash marks; that
7   was a teeny little pin prick hole that showed the testing .
    There's ample amount of ink to do the testing on all of
8   these documents. This is the normal course of procedure
    that was done.
9

10      When asked by the Court whether it accepted MGA's representation that there

11  was "ample amount of ink" left on the same marks that the microplugs were taken

12  from for further microplug testing, Mattel, in seeming contradiction to its position in its

13  papers, said it did: "I agree with Ms. Cendali. We do not maintain any portion of the

14  ink on a signature or an image has been so obliterated that you couldn't take a plug

15  now on any of it; that's not our point." (Emphasis added).

16      In light of this concession by Mattel, the Court finds that no colorable claim of

17  spoliation has been established at this time vis-à-vis Mr. Speckin's testing of the

18  documents to warrant the appointment of an expert by the Court to investigate the

19  same. See Sedrati v. Allstate Life Ins. Co., 185 F.R.D. 388, 393 (M.D. Ga.

20  1998)(sanction warranted where because "defendant's expert has conducted

21  destructive tests on the original documents," plaintiff's expert "cannot duplicate the

22  conditions of the original documents"). If there was any evidence indicating that MGA,

23  Bryant, or their counsel had engaged in acts that could compromise Mattel's ability to

24  discover crucial information in this case, the Court would be sympathetic to the

25  appointment of an expert to investigate the same. Here, no such evidence exists.

26  The tests done by Mr. Speckin have not left the marks that were micro-sampled or the

27  documents that were handled so compromised that Mattel cannot perform the exact

28  same tests on those exact same marks as performed by Mr. Speckin.

EXHIBIT __(l(0_____        13

PAGE ___(o5D_____

1       Indeed, the only basis for spoliation that Mattel has left to argue – that the

2 passage of time has left the ability to perform any meaningful ink testing at this time

3 problematic – is an argument that has nothing to do with MGA's conduct, but much

4 more with Mattel's own dereliction. As the Court understands it, the process of dating

5 when ink was placed on a document has only a limited window of time in which it can

6 be accomplished because, eventually, the ink dries (be it in 2 years or 3 to 4 years),

7 leaving nothing capable of being sampled after that point to test (save to acknowledge

8 that the ink in question was put on the paper some time more than 3 to 4 years ago).

9 Mattel essentially argues that the impossibility of testing ink after a certain period

10 mandates that, if the other side is going to test ink while "fresh" ink remains on the

11 document, that party has an obligation to inform the other side so that they can do the

12 same before the ink "dries out"; failure to do so renders the test performed something

13 that cannot be replicated.[4] By Mattel's own admission, they knew there had been

14 testing done on the BRATZ original drawings as far back as November, 2004, during

15 Bryant's deposition testimony when they saw some of the original BRATZ drawings

·16 (drawings that had been tested by Mr. Speckin five months earlier). Rather than

17 immediately seeking the production of those documents and having its own expert

18 perform similar tests on them, Mattel sat idly by, waiting until June of this year to do

19 anything, either by way of court-pleadings or formal requests made to MGA and

20 Braynt, related to having ink tests performed on the documents. Nowhere has Mattel

21

22     [4] The basic factual assumption in Mattel's argument may indeed be faulty – that
23 when MGA tested the ink there was enough "fresh" ink to test. Mr. Speckin states that
"[I]nk takes approximately 3 to 4 years to dry on paper. Thus, by testing the ink to
24 determine if it is dry, it can be determined whether the document was created within the
last [3 to] 4 years, or whether the ink, and thus the drawing, is more than [3 to] 4 years
25 old." (Decl. Erich J. Speckin ¶ 13). Given that Mr. Speckin performed his ink dating
test in June, 2004, at best he could determine whether the ink had been put on the
26 paper on or after June, 2000. Beyond that time frame his test could not tell when the
now-dried ink was marked on the document. Given that the relevant period in question
27 in this case is from August, 1998, to October, 2000, Mr. Speckin's test results would
28 appear to be only marginally relevant in adducing proof as to when the BRATZ
drawings were made.

EXHIBIT ____ QCφ____       14

PAGE ____ Ʋ5ᴵ____

1    explained how MGA or Bryant had anything to do with it not having the ability to
2    perform such testing until now. Mattel's allusion to the fact that a stay on discovery
3    was put in place by this Court in 2005 is misguided. If Mattel thought that it was losing
4    valuable time on account of the stay, it could have at any time filed with this Court an
5    emergency request for relief from the stay to have such tests performed. All it needed
6    to do was inform the Court that it had only a short period of time to perform the test on
7    account of the fact that ink dries; something which it never did in this case.

8           Mattel's citation to the case <u>Edwardes v. Southampton Hospital Associates</u>,
9    278 N.Y.S.2d 283 (1967) is equally unhelpful to their argument. In that case, the court
10   was presented with an application to prevent the testing of a intramedullary pin for
11   discovery and testing. <u>Id</u>. at 284. The court held that, "[s]ince the pin is crucial to the
12   action it is not too difficult to appreciate that any change, however slight, assumes an
13   importance magnified proportionately. And undoubtedly tests which would destroy or
14   alter most or all of a particular article ought not be permitted in the first instance
15   without providing adequate safeguards to protect all concerned." <u>Id</u>. at 286. Here,
16   such an argument cannot be made because, for the reasons cited above, Mattel has
17   conceded that even in performing the tests of the original BRATZ drawings Mr.
18   Speckin left enough ink of the same pen stroke for its own experts to test. In short,
19   there has been no alteration, however slight, made to the documents insofar as
20   Mattel's ability to replicate the exact same test is concerned. The only change that
21   has occurred is in Mattel's ability to retrieve any relevant information from such a test
22   <u>on account of the passage of time that has elapsed</u>. The test Mr. Speckin performed
23   is not responsible for this negative occurrence. MGA is similarly not responsible for
24   the passage of time or Mattel's inability to retrieve useful information from the testing
25   process. On that point, Mattel should look itself in the mirror for any finding of fault or
26   blame.

27          Moreover, aside from the potential for "destroying" key portions of the original
28   documents, it is alleged that MGA and Bryant's actions carry other means of

EXHIBIT _____ $\alpha\varphi$                    15

PAGE _____ 652

1  prejudicing Mattel's ability to pursue lines of potential evidence in this case. The

2  expert declaration submitted by Mattel notes another possible spoliation of the original

3  drawings even if there remained enough of the pertinent portion of the document in

4  question to sample: The sampling process itself may have contaminated the

5  document in question by obliterating potential crucial clues that were on the document

6  or otherwise the sampling process led to the introduction of foreign materials onto the

7  documents themselves which may complicate any future analysis. As explained by

8  Mattel's expert:

9          [P]erforming many such types of testing, even if described
           as "non-destructive," on a particular original document
10         carries the risk that potential evidence on it, including
           indentations in the paper fiber, might be contaminated or
11         destroyed in the process. Furthermore, the order of the
           types of testing to be performed on a given document
12         might have an impact on developing potential evidence
           during subsequent examinations. . . .
13
               . . . . [With respect to the original BRATZ drawings
14         containing holes in them,] it is possible that the destructive
           testing performed on the document may have caused
15         some form of contamination and/or alteration, which carries
           the further prospect that subsequent examinations by
16         experts may not enable them to develop potential evidence
           or the same evidence that the other [earlier] expert
17         developed.

18  (Decl. Lloyd Cunningham ¶¶ 4-5).

19          MGA has rebutted this risk of contamination argument by proffering Mr.

20  Speckin's declaration, the expert who actually performed the tests in question. Mr.

21  Speckin states that he "exercised the utmost care in handling the documents [he]

22  tested," that a number of the tests he performed on the documents "has absolutely no

23  effect on the tested document whatsoever," and that with respect to those tests that

24  could effect the document he followed established procedures in carrying out the test

25  in question. (Decl. Erich J. Speckin ¶¶ 8, 9, 10, 11, 12, 13). Nowhere has Mattel

26  proffered any evidence rebutting or calling into question Mr. Speckin's

27  representations. The Court therefore finds that, based on the evidence that is

28  currently before it, Mattel has not established a colorable claim of spoliation by way of

EXHIBIT _____                    16

PAGE _____

1   contamination in the tests MGA performed on the documents in question.

2                    b.     Alteration of Fax Headers

3            Insofar as O'Connor's deposition testimony relating to the white out of the fax

4   header on the October, 2000, contract between Bryant and MGA, this too is

5   downplayed by MGA and Bryant as being irrelevant because "there is no dispute that

6   Mr. Bryant faxed his signed contract from a fax machine at Mattel and, indeed, Mr.

7   Bryant readily admitted that fact at his deposition, which took place before Ms.

8   O'Connor's deposition." (Joint Opp. at 8 (emphasis in original)). This argument seeks

9   to compare apples to oranges. While it may be true that now there is no dispute by

10  MGA and Bryant that he faxed his portion of the contract to MGA from his office at

11  Mattel, at the time O'Connor did the white out of the fax header such a lack of dispute

12  was not apparent. It is from that perspective in time – the prologue to the litigation —

13  that O'Connor's deposition testimony is to be judged. And from that perspective her

14  testimony calls into question MGA's handling of relevant documents in its possession.

15          When the contract was first executed there is no indication that MGA and/or

16  Bryant would admit to the fact that Bryant negotiated his contract with MGA while he

17  was still working at Mattel; rather, at that point, that issue appeared to be an open one.

18  Indeed, the fact that MGA's CEO would direct O'Connor to tamper with the contract's

19  fax header clearly indicates that they would not admit to the fact. If MGA mistreated

20  this document where an open issue existed, it is not unreasonable to infer that it may

21  have been just as cavalier with its obligations to maintain the other documents in their

22  possession -- say, for instance, the original BRATZ drawings – where similar open

23  issues remained. This concern with MGA's handling of documents in its possession at

24  the prologue to this litigation is reinforced by MGA and Bryant's blasé mention in a

25  footnote to their opposition that the original to this contract, the one which they

26  describe as being irrelevant, "has not been found." (Joint Opp. at 15 n.6). Indeed, it

27  has been suggested that MGA and Bryant or their counsel have made representations

28  that they are not sure of the exact whereabouts of a number of the original BRATZ

17

EXHIBIT   CCC

PAGE   654

1   drawings. (Decl. Shane McKenzie ¶ 3 ("Mr. Bryant's counsel[, at the December 22 to

2   23, 2004, inspection of the originals by counsel for Mattel,] claimed not to have the

3   majority of the originals of BRATZ drawings and sketches, and further claimed not to

4   know where those originals were located")).

5       All that being said, the Court does not find that the alteration of the fax header

6   on the original Bryant/MGA contract warrants the appointment of an expert at this

7   time. Ms. O'Connor testified that, other than this one instance, she is aware of no

8   other documents that were purposefully altered by MGA.  While the evidence related

9   to the missing fax header on the April, 2000, BRATZ accessories fax may indicate that

10  more than one document had been tampered with by MGA personnel, the Court has

11  nothing at this time to basis that conclusion on other than speculation and conjecture.

12  Without any tangible, concrete proof that MGA's mishandling of documents was more

13  widespread, the Court is left with what appears simply as an isolated instance of

14  tampering.

15      Accordingly, the motion for appointment of expert witnesses is **DENIED**.

16      IT IS SO ORDERED.

17

18  DATE:  8-9-06 .

19

20

21  STEPHEN G. LARSON
    UNITED STATES DISTRICT JUDGE

22

23

24

25

26

27

28

    EXHIBIT ___CCC___

    PAGE ____V55____                    ·18

EXHIBIT 67

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**SAN DIEGO**
4445 Eastgate Mall, Suite 200
San Diego, CA 92121
(858) 812-3107
Facsimile: (858) 812-3336

**LOS ANGELES**
865 So. Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**PALM SPRINGS**
45-025 Manitou Drive, Suite 8
Indian Wells, CA 92210
(760) 345-4757
Facsimile: (760) 345-2414

**NEW YORK**
335 Madison Avenue, 17th Floor
New York, NY 10017-4611
(212) 702-8100
Facsimile: (212) 702-8200

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE

## FACSIMILE TRANSMISSION

**DATE:** November 2, 2004

**NUMBER OF PAGES, INCLUDING COVER: 2**

**TO/COMPANY:**

| NAME | PHONE NO. | FAX NO. |
|------|-----------|---------|
| Keith Jacoby<br>Littler Mendelson, P.C. | 310-553-0308 | 310-553-5583 |

**FROM:** Jon D. Corey

**RE:** Mattel v. Bryant

**MESSAGE:**

Please see attached correspondence.



| CLIENT #: 7209 | ROUTE/<br>RETURN TO: **Ivana Maiorano** | ☐ CONFIRM FAX<br>☐ INCLUDE CONF. REPORT |
|---|---|---|
| OPERATOR: | CONFIRMED? ☐ NO ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3178 AS SOON AS POSSIBLE.**

EXHIBIT 07

PAGE 650

| | | | | Send Confirmation Report | | | | |

Line 1: QUINN EMANUEL                    ID: 213 6240643              2 Nov'04  7:13PM  Page  1
Line 2: JetFax M920                      ID: 1

| Job | Start time | Usage | Phone Number or ID | Type | Pages | Mode | Status |
|-----|-----------|-------|--------------------|------|-------|------|--------|
| 415 | 11/ 2  7:09PM | 0'00" | 9644#7209#13105535583# | Send............. | 0 | .......... | No dial tone, Line 2......... 97 |
| 415 | 11/ 2  7:12PM | 0'34" | 9644#7209#13105535583# | Send............. | 2/ 2 | EC144 | Completed.................................. |

Total:   0'34"      Pages sent: 2      Pages printed: 0

### QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

LOS ANGELES OFFICE

#### FACSIMILE TRANSMISSION

DATE:  November 2, 2004

NUMBER OF PAGES, INCLUDING COVER: 2

TO/COMPANY:                         NAME

| | PHONE NO. | FAX NO. |
|---|---|---|
| Kalth Jacoby Littler Mendelson, P.C. | 310-553-0308 | 310-553-5583 |

FROM:  Jon D. Corey

RE:  Mattel v. Bryant

MESSAGE:

Please see attached correspondence.

| CLIENT #:  7209 | ROUTE/ RETURN TO:  Irma Malerao | ☐ CONFIRM FAX ☐ INCLUDE CONF. REPORT |
|---|---|---|
| OPERATOR: | CONFIRMED? ☐ NO ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this facsimile in error, please immediately notify us by telephone and return this original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3170 AS SOON AS POSSIBLE.

EXHIBIT _____ 47

PAGE _____ 057

**quinn emanuel** trial lawyers | los angeles

ses South Figueroa Street, 10th Floor, Los Angeles, California 90017 | 111 213 443 3000 | FN 213 443 3100

November 1, 2004

**VIA FACSIMILE**
**AND U.S. MAIL**

Keith Jacoby, Esq.
Littler Mendelson, P.C.
2049 Century Park East, 5th Floor
Los Angeles, California  90067-3107

Mattel, Inc. v. Bryant

Dear Mr. Jacoby:

Given the importance of having available at Carter Bryant's deposition all potentially useful
material about which we may wish to examine Mr. Bryant, Mattel requests that Bryant ensure
that all originals of Mr. Bryant's document production, as well as the original physical items
inspected by Tania Krebs yesterday afternoon, are available at Mr. Bryant's deposition in
Missouri.  Please confirm with our office that you will have these items shipped to Missouri in
time for the deposition on Thursday morning.  If you have any questions regarding the foregoing,
please do not hesitate to call.

Best regards,

Jon D. Corey

07209/0616773.01

PAGE _____ EXHIBIT _____

**quinn emanuel urquhart oliver & hedges, llp**

new york | 335 Madison Avenue, 17th Floor, New York, New York 10017 | 111 212 702 3300 | FN 212 702 3396
san francisco | 50 California Street, 22nd Floor, San Francisco, California 94111 | 111 415 875 6600 | FN 415 875 6700
silicon valley | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | 111 650 801 5000 | FN 650 801 5100
los angeles | 865 Manitou Drive, Suite 101, Indian Wells, California 92210 | 111 760 345 2044 | FN 760 345 2045
san diego | 4445 Eastgate Mall, Suite 200, San Diego, California 92121 | 111 858 812 5400 | FN 858 812 5425

EXHIBIT 68

**From:**     "Jacoby, Keith" <KJacoby@littler.com>
**To:**       "'Jon Corey'" <joncorey@quinnemanuel.com>, "'John Quinn'"
<johnquinn@quinnemanuel.com>
**Date:**     11/3/04 4:51PM
**Subject:**  Mattel v. Bryant

I received your request this morning for Mr. Bryant to make available the
originals of the Bratz drawings produced in this case for use in his
deposition. It would have been easier if this request were made earlier,
before my partner Douglas Wickham went to Missouri. Nevertheless, we will
have these originals sent to Missouri. We have to retrieve them from the
bank safety deposit box they are maintained in, so they will likely be
available in Missouri on Friday.

Keith A. Jacoby, Esq.
Littler Mendelson, P.C.
2049 Century Park East
Fifth Floor
Los Angeles, California 90067
ph. (310) 553-0308
direct (310) 772-7284
fax (310) 553-5583
kjacoby@littler.com

----

This email may contain confidential and privileged material for the sole use of the intended recipient(s).
Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended
recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all
copies of this message.

To reply to our email administrator directly, send an email to
postmaster@littler.com

Littler Mendelson, P.C.
http://www.littler.com

EXHIBIT ___68___

PAGE ___659___

EXHIBIT 69

COPY

1  ROBERT F. MILLMAN, Bar No. CA 062152
2  DOUGLAS A. WICKHAM, Bar No. CA 127268
   KEITH A. JACOBY, Bar No. 150233
3  LITTLER MENDELSON
   A Professional Corporation
   2049 Century Park East, 5th Floor
4  Los Angeles, CA 90067.3107
   Telephone:   310.553.0308
5  Facsimile:   310.553.5583

6  Attorneys for Defendant and Counter-Claimant
   CARTER BRYANT
7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11  MATTEL, INC., a Delaware          Case No. CV 04-9059 NM (RNBx)
    Corporation,
12                                    **DECLARATION OF KEITH A.**
                  Plaintiff,          **JACOBY IN SUPPORT OF**
13                                    **BRYANT'S PORTION OF JOINT**
          v.                          **STIPULATION RE MATTEL'S**
14                                    **INSPECTION OF BRYANT'S**
    CARTER BRYANT, an individual;     **ORIGINAL DOCUMENTS**
15  and DOES 1 through 10, inclusive,

16                Defendant.

17                                    Magistrate Judge: Hon. Robert N. Block
    CARTER BRYANT, on behalf of
18  himself, all present and former   Judge:          Hon. Nora M. Manella
    employees of Mattel, Inc., and the
19  general public,                   Hearing Date:              March 15, 2005
                                      Time:                      9:30 a.m.
20                Counter-Claimant,   Place:                     Room 450

21        v.
                                      Discovery Cut-Off:                 TBD
22  MATTEL, INC., a Delaware          Pre-Trial Conference:              TBD
    Corporation,                      Trial Date:                        TBD
23
                  Cross-Defendant.
24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

EXHIBIT __49__

PAGE __660__

2 - 18

1  **DECLARATION OF KEITH A. JACOBY**

2  I, KEITH A. JACOBY, declare as follows:

3  1.  I am an attorney admitted to practice before all courts in the State of

4  California, including this Court. I am a shareholder of the law firm of Littler

5  Mendelson, a Professional Corporation, counsel of record for Defendant and Counter-

6  Claimant Carter Bryant ("Bryant") in this matter. I have personal knowledge of the

7  matters set forth herein and, if called as a witness, I could and would testify

8  competently thereto.

9  2.  Bryant has never refused to produce the documents and things requested

10  for inspection by Mattel. Rather, Bryant has been more than accommodating of

11  Mattel's requests in all respects.

12  3.  Bryant made all three-dimensional tangible things he produced in this

13  litigation available for inspection shortly after Mattel's request. On November 1,

14  2004, Mattel carried out this inspection. There are no tangible things remaining which

15  Mattel has not inspected.

16  4.  Bryant also made the majority of originals of the documents he has

17  produced available for inspection over the course of two full days, on December 22

18  and 23, 2004. Mattel conducted inspections of those documents on those days.

19  5.  Bryant has gone to extreme measures to accommodate Mattel's

20  inspection requests. On November 3, 2004, after counsel defending Bryant's

21  deposition, my partner Douglas Wickham, had already left Los Angeles for Missouri,

22  Mattel made an eleventh-hour request, for the first time, that original documents be

23  produced there. Bryant was forced to incur the significant expense of hand-delivering

24  the irreplaceable documents to Missouri, on literally a few hours notice, and simply at

25  Mattel's whim. Remarkably, although the parties had engaged in several months of

26  negotiation and motion practice before the deposition took place – notably because of

27  Mattel's own failure to produce documents – Mattel had never requested that original

28  documents be available until the day of the start of the deposition. Original

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

1.

EXHIBIT _____

PAGE _____

1   documents be available until the day before of the start of the deposition. Original

2   documents were made available for inspection at Bryant's deposition over the course

3   of two full days, and were used during the deposition.

4   6.      Much of Bryant's 1588-page document production consisted of royalty

5   statements and telephone records, which comprised about one-fifth of his total

6   production. A large number of those records are redacted to protect confidential,

7   and/or proprietary information. Permitting Mattel to inspect the originals of

8   documents that were produced in redacted form would obviously render futile

9   Bryant's right to safeguard this protected information. Such an inspection would

10  compromise Bryant's rights to safeguard his own confidential information, as well as

11  his obligation to safeguard the confidential information of others, found within those

12  documents.

13  7.      In the spirit of cooperation, Bryant invited Mattel to meet and confer to

14  determine a way for such an inspection to be conducted without impinging on

15  Bryant's rights and those of third parties, but Mattel failed to respond.

16  8.      Mattel has misused its right to inspect documents to gain an improper

17  advantage in the litigation, by forcing Bryant to expend undue time and expense in

18  accommodating unnecessarily lengthy document inspections. On the three days

19  during which its attorneys inspected original documents at the offices of Bryant's

20  counsel, Mattel "inspected" an average of just over one hundred pages per day, for a

21  total of about three hundred and fifty (350) pages. Each of the inspections was

22  concluded by Mattel's counsel at or near the close of business, and not due to a lack of

23  documents to inspect. This delay was due to the fact that Mattel brought at least one

24  attorney, a videographer and a still photographer to each inspection.

25  9.      Mattel's approach to carrying out its inspections is a deliberate part of its

26  broader scorched-earth strategy to outspend Bryant, and to bury him under so much

27  paper that he can no longer effectively defend himself against Mattel's allegations.

28  10.     To date, Bryant has spent in excess of 50 hours in paralegal and attorney

2.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310 553 0308

EXHIBIT ___ 99

PAGE ___ 602

1   hours attempting to accommodate Mattel's request for inspections of originals.

2   11.         There is no evidence that Bryant has conducted or intends to conduct any
3   destructive testing of the original documents at issue, because no such testing has
4   occurred or will take place.   Bryant has every interest in preserving all the
5   documentary evidence in his possession, given that it refutes Mattel's claims *and*
6   supports his counter-claims.

7   12.         Bryant has also requested that Mattel produce its original documents for
8   his inspection, but predictably, Mattel has completely stonewalled in response to
9   Bryant's request.   Bryant sought such inspection by written correspondence on
10  January 13, 2005.   Attached hereto as Exhibit "A" is a true and correct copy of an
11  email from me to Jon Corey, dated January 13, 2005 requesting an inspection of
12  Mattel's documents.   The parties then met and conferred regarding this issue on
13  January 14, 2005, at which point Mr. Corey stated he was "unable to commit with
14  respect to the inspection on behalf of Mattel."   A true and correct copy of the
15  transcript of that meet and confer is attached hereto as Exhibit "B."

16  13.         Despite Bryant's requests, Mattel has not yet agreed, even in principle,
17  to permit him to inspect a single original document Mattel has produced.

18       I declare under penalty of perjury under the laws of the United States of
19  America and the State of California that the foregoing is true and correct.

20       Executed this 18h day of February 2005, at Los Angeles, California.

21

22

23  Los_Angeles:393602.2 028307.1010                KEITH A. JACOBY

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067-3107
310 553.0308

3.

EXHIBIT _____ 69

PAGE _____ 663

EXHIBIT 70

**THIS EXHIBIT IS FILED UNDER SEAL**

**PURSUANT TO PROTECTIVE ORDER**

EXHIBIT 71

**THIS EXHIBIT IS FILED UNDER SEAL**

**PURSUANT TO PROTECTIVE ORDER**

EXHIBIT 72

# THIS EXHIBIT IS FILED UNDER SEAL

# PURSUANT TO PROTECTIVE ORDER

EXHIBIT 73

**THIS EXHIBIT IS FILED UNDER SEAL**

**PURSUANT TO PROTECTIVE ORDER**

EXHIBIT 74

THIS EXHIBIT IS FILED UNDER SEAL

PURSUANT TO PROTECTIVE ORDER

EXHIBIT 75



INTERNATIONAL

# MICHAEL J. WAGNER
Senior Consultant

J.D., Loyola University School
of Law at Los Angeles

M.B.A., University of California
at Los Angeles

B.S. Engineering,
University of Santa Clara

Michael Wagner, Senior Consultant with CRA International, has testified 105 times at trial. He has testified in federal courts in 17 different states and in state court in 10 different states. The most frequent subject matters of his expert testimony are the calculation of commercial damages or business value. He has also testified a number of times on the subject of alter ego. In addition, Mr. Wagner has testified 29 times in alternative dispute resolution forums.

## EXPERIENCE

| | |
|---|---|
| 2007–Present | *Senior Consultant*, CRA International (successor to InteCap, Inc.) |
| | *Senior Advisor*, CRA International (successor to InteCap, Inc.), 2004-2007 |
| 1999–2004 | *Managing Director*, InteCap, Inc. |
| 1999 | *Senior Vice President*, PHB Hagler Bailly, Inc. (successor to Putnam, Hayes & Bartlett, Inc.) |
| 1993–1999 | *Managing Director*, Putnam, Hayes & Bartlett, Inc. (successor to Dickenson, O'Brien & Associates) |
| 1985–1992 | *Partner*, Price Waterhouse |
| | *Senior Manager*, 1983–1985 |
| | *Manager*, 1979–1980 |
| | *Consultant*, 1976–1979 |
| 1981–1983 | *Principal*, Dickenson, O'Brien & Associates |
| | *Associate*, 1980–1981 |
| 1975–1976 | *Associate Cost Engineer*, Fluor Engineers & Constructors, Inc. |

EXHIBIT ___75___

PAGE ___690___

## PROFESSIONAL AFFILIATIONS (CURRENT)

Member, American Institute of Certified Public Accountants

AICPA Litigation Services Committee (1993–1995)

AICPA Business Valuation Standards Task Force (1994–1995)

AICPA and IBA combined Conference Steering Committee (1995)

AICPA MAS Practice Standards and Administration Subcommittee (1988–1990)

AICPA Auditing Standards Board Litigation Services Task Force (1989)

AICPA 1990 through 1995 Litigation Services Conference Steering Committees

Co-Editor, CPA Expert (1994–1996)

Certified Public Accountant, State of California

Member, California Society of Certified Public Accountants

Litigation Services Committee (1985–1990), Chairman (1987–1989)

Government Relations Committee (1989–1990)

Contingent Fee Task Force (1988–1990)

Member, State Bar of California

## PROFESSIONAL AFFILIATIONS (PAST)

Member, American Bar Association

Member, State Bar of California (inactive status 1991–1995)

Member, Oregon Society of Certified Public Accountants

Litigation Services Committee (1990–1994)

Certified Public Accountant, States of Hawaii (1980–1983), Washington (1990–1994), Oregon
(1990–1994)

Member, Los Angeles County Bar Association

Dispute Resolution Services, Sub-chair of Administration Committee (1987–1989)

NASD Board of Arbitrators

Hastings College of Advocacy, Faculty Expert

NITA, Faculty Member

Certified Management Consultant

American Arbitration Association's Panel of Arbitrators

Arbitration Services of Portland, Inc.

Academy of Experts

EXHIBIT  73

PAGE  691

## PUBLICATIONS

"Response to One Man's Opinion, comments on 'A New Look at Expected Cash Flows and Present
Value Discounts'," *CPA Expert*, spring 2004 (co-authored with Michael Crain and Bonnie Goldsmith)

"Differences between Economic Damages Analysis and Business Valuation," Chapter 13 in the
*Handbook of Business Valuation and Intellectual Property Analysis*, McGraw-Hill, 2004 (co-authored
with Michael Dunbar)

*Litigation Services Handbook* (4th Edition – 2007, 3rd Edition – 2001, 2nd Edition – 1995, 1st Edition –
1990), John Wiley & Sons, (co-edited with Peter B. Frank and Roman L. Weil).

### Chapters Co-Authored

4th Edition:

Chapter 1 "The Role of the Financial Expert in Litigation Services"

Chapter 8 "Ex Ante versus Ex Post Damages Calculations"

Chapter 22 "Patent Infringement Damages"

Chapter 29 "Alter Ego"

3rd Edition:

Chapter 1 "The Role of the Financial Expert in Litigation Services"

Chapter 5A "Ex Ante versus Ex Post Damages Calculations" (2003 Supplement)

Chapter 24 "Patent Infringement Damages"

Chapter 38 "Alter Ego"

2nd Edition:

Chapter 1 "The Role of the CPA in Litigation Services"

Chapter10 "Alter Ego"

Chapter 34 "Patent Infringement Damages"

1st Edition:

Chapter 1 "The Role of the CPA in Litigation Services"

Chapter 17 "Patent Infringement Damages"

Chapter 31 "Securities Act Violations: Computation of Damages"

"Economic Damages: Use and Abuse of Business Valuation Concepts," Chapter 14 in *The
Handbook of Advanced Business Valuation*, McGraw-Hill, 1999 (co-authored with John Phillips).

EXHIBIT ___75___

PAGE ___1092___

"Tax Effects of Discount Rates in Taxable Damage Awards," *CPA Expert*, winter 1999 (co-authored with Greg Hallman).

"Experience Enhances Objectivity of Damage Estimates," *CPA Expert*, winter 1997.

"Communicating in Litigation Services: Reports, A Nonauthoritative Guide," *AICPA Consulting Services Practice Aid No. 96-3*, 1996 (co-authored with Everett P. Harry III). Partially reprinted in *Recovery of Damages for Lost Profits*, Volume 2, (5th Edition) by Robert L. Dunn.

"Court Expands Lost Profits Damages From Patent Infringement," *CPA Expert*, summer 1996 (co-authored with Bruce L. McFarlane).

"The Implications of Changes in the Federal Rules of Civil Procedure for CPA-Expert Witnesses," *The CPA Management Consultant Newsletter* of the AICPA Management Consultant Division, spring 1994 (co-authored with Bruce L. McFarlane).

"The Revised Federal Rules of Civil Procedures That Apply to Expert Witnesses," *CPA Litigation Services Counselor*, Volume 1994, Issues 2 & 3. Harcourt Brace (February and March 1994).

"What Juries Look for in CPAs," *Journal of Accountancy* (November 1993).

"Litigation Services," *AICPA MAS Technical Consulting Practice Aid*, No. 7 1986 reprinted and updated as "Providing Litigation Services" *AICPA Consulting Services Practice AID 93-4* (co-authored with Peter B. Frank) (1993).

"Valuation of Intangible Assets," *Financial Valuation: Businesses and Business Interests*, Warren Gorham Lamont, 1993 Supplement (co-authored with Lee B. Shepard).

"Opportunities in Litigation Services," *Journal of Accountancy*, (June 1992) (co-authored with Bruce L. McFarlane).

"Economic Damages in Patent Infringement Cases," *Patent Litigation 1991*, Vol. II, Practicing Law Institute, Course Handbook Series No. 321 (co-authored with Peter B. Frank and Jeffrey H. Kinrich).

"Using CPAs In Your Law Practice," *Seattle-King County Bar Bulletin*, February 1991 (co-authored with Bruce L. McFarlane). Reprinted in *The Oregon Certified Public Accountant*, September 1991, as "The Role of the CPA in Commercial Litigation."

"The Accountant's Role in the Process of Damage Measurement," *The Practical Accountant* (July 1990).

"How do you Measure Damages? Lost Income or Lost Cash Flow?" *Journal of Accountancy* (February 1990).

"Expert Problems," *ABA Litigation Journal*, Volume 15, No. 2 (Winter 1989).

EXHIBIT ___15___

PAGE ___1093___

"How to Control Your Expert," *Association of Business Trial Lawyers Report*, Volume X, No. 2 (February 1988).

"Computing Lost Profits and Reasonable Royalties," *American Intellectual Property Law Association Quarterly Journal*, Volume 15, No. 4 1987 (co-authored with Peter B. Frank).

"Breach of Duty by Directors, Officers and Principal Shareholders: Shareholder Derivative Actions," Chapter 63, *Commercial Damages*, Matthew Bender (1986).

"Computers Revolutionize Damage Claim Analysis," *The Recorder* (June 7, 1984).

"Analyzing Damage Claims—Discounted Cash Flow Method," *The National Law Journal* (August 29, 1983).

"The Litigator's Ultimate Weapon," *Los Angeles Lawyer* (May/June 1983) (co-authored with Peter B. Frank and Jeffrey H. Kinrich).

## Committee Publications

"Communicating Understandings in Litigation Services: Engagement Letters," AICPA Consulting Services Practice Aid 95-2 (1995).

Statement on Standards for Consulting Services No. 1, AICPA (October 1991).

## Selected Speeches

"Effective Presentations of Financial Information at Trial", 2007 Advanced Litigation Conference, California Society of CPAs, May 3, 2007, Las Vegas, Nevada

"Discounting Damages to Present Value: Today's Hottest Issues," panelist, Business Valuation Resources, July 20, 2005, Telephonic Conference

"Assessing and Proving Damages from Infringement," panelist, USC Law School 2004 Intellectual Property Institute, May 25, 2004, Beverly Hills, California

"Economic Damages," AICPA National Business Valuation Conference, November 17, 2003, Phoenix, Arizona

"Discovery of Expert Drafts and Notes, Panel Discussion," Advanced Workshop on Calculating & Proving Patent Damages, Law Seminars International, November 12, 2003, Seattle, Washington

"Calculating and Presenting Lost Profits: The Bread and Butter of Litigation Services" and "Mock Arbitration for Lost Profits", panelist on both presentations, AICPA National Conference on Advanced Litigation Services, October 1, 2003, Miami, Florida

EXHIBIT ___15___

PAGE ___694___

"Discount Rates and Taxation Issues in Damages," 2003 Advanced Business Litigation Institute, California Society of CPAs, May 9, 2003, La Quinta, California

"Current Issues in Patent Damages," The Sedona Conference, November 10, 2000, Sedona, Arizona

"Tax Issues in Lost Profits Damage Calculations" and panelist for "Expert Shootout, or Shoot the Expert," 2000 AICPA National Advanced Litigation Services Conference, October 17, 2000, Beverly Hills, California`

"IP Valuation: A Critical Component in Transactional and Litigation Strategy," Silicon Valley Intellectual Property Law Association, September 20, 2000, Palo Alto, California

"Damages, Damages, Damages: Business Damages In Commercial Litigation," 1999 AICPA National Advanced Litigation Services Conference, October 18, 1999, Atlanta, Georgia.

"Commercial Damages: A Case Study on Lost Profits," 1998 AICPA National Advanced Litigation Services Conference, October 14, 1998, Tempe, Arizona.

"Damages—What You Need to Know as Taught by the Experts," 1998 ABA Section of Litigation Annual Meeting, April 24, 1998, New York, New York.

"Expert Witnessing in a Fraud Case," 1997 AICPA National Conference on Fraud, December 8, 1997, San Antonio, Texas.

"Advanced Issues in Determining Discount and Growth Rates," 1997 AICPA National Advanced Litigation Services Conference, October 16, 1997, Las Vegas, Nevada (with Greg Hallman).

"Alter Ego" and "More Effective Testimony," EPA Third Annual Financial Analyst Workshop, May 7–8, 1997, Denver, Colorado.

"More Effective Testimony," 1996 AICPA National Advanced Litigation Services Conference, October 1, 1996, New Orleans, Louisiana.

"Expert Witness," The 1996 AICPA Practitioners' Symposium, June 10, 1996, Las Vegas, Nevada.

"Calculating Damages," 1996 Institute of Business Appraisers Conference on Appraising Closely Held Businesses, January 26, 1996, Orlando, Florida.

"Calculating Damages," 1995 Institute of Business Appraisers Conference on Appraising Closely Held Businesses, January 26, 1995, Las Vegas, Nevada.

"The Revised Federal Rules of Civil Procedure That Apply to Expert Witnesses," 1994 AICPA National Advanced Litigation Services. Conference, October 20, 1994, Phoenix, Arizona.

"Damages In Employment Litigation," Employment And Labor Law In Oregon, Lorman Education Services, April 29, 1994, Portland, Oregon.

EXHIBIT _____ 75

PAGE _____ 695

"Damages, Time Value of Money" and panel participant on "Practical Problems of Federal Rule of Civil Procedure No. 26," 1994 Litigation Advanced Forum, California Society of CPAs, April 25, 1994, Monterey, California.

"Patent Infringement/Intellectual Property," 1993 Litigation Services Conference, California Society of CPA's, December 1, 1993, Los Angeles; December 2, 1993, San Francisco, California.

"Expert Witness Depositions," 1993 Oregon Society of CPA's Litigation Support Services Miniseries, November 17, 1993, Portland, Oregon.

"Panel: The Many Roads to Alternative Dispute Resolution" and "Basic Concepts in Litigation Services," Fifth Annual AICPA Conference on "The CPA's Role in Litigation Services," July 22–23, 1993, La Jolla, California.

"Professional Standards" and "Litigation Process/Role of Expert Witness" 1993 Litigation Services Conference, Washington Society of Certified Public Accountants, May 20, 1993, Bellevue, Washington.

"The Deposition of the Expert Witness," Fourth Annual AICPA Conference on "The CPA's Role in Litigation Services," July 17, 1992 Washington, DC; October 23, 1992, Las Vegas, Nevada.

"Litigation Services Standards," 1992 Litigation Services Conference, Washington Society of Certified Public Accountants, May 9, 1992, Silverdale, Washington.

"The Litigation Process Through Discovery," 1991 Litigation Services Conference, California Society of Certified Public Accountants, November 20, 1991, San Francisco; November 21, 1991, Los Angeles, California.

"Professional Standards and Work Papers," Oregon Society of CPAs, Litigation Support Services Conference, September 27, 1991, Portland, Oregon.

"Economic Analysis of Damages: Computing Lost Profits and Reasonable Royalties," IRR's Conference on Securing and Enforcing Intellectual Property Rights for Competitive Advantage, September 26, 1991, San Francisco, California.

"How to be a Better Testifying Expert," the Third Annual AICPA Conference on "The CPA's Role in Litigation Services," July 11, 1991, Denver, Colorado; October 10, 1991, Atlanta, Georgia.

"Accounting Standards in Litigation Support—Current and Future," Colorado Society of CPAs 1990 Litigation Support Conference, December 3,1990, Denver, Colorado.

"Mini Trials—New Work for Experts" and "Issues in Forensic Accounting," National Forensic Center's 7th National Conference, December 8, 1990, Palm Springs, California.

"Deposition of the Expert," California Society of CPAs 1990 Litigation Services Conference, November 19, 1990—San Francisco; November 20, 1990, Los Angeles, California.

EXHIBIT _____ 15

PAGE _____ 696

"Examining Damage Experts," PLI's Accountant's Liability: Trial Strategies Conference, August 10, 1990, San Francisco, California.

"Developing Damages: Mock Trial Demonstration, "AICPA's Conference on the CPA's Role in Litigation Services, July 13, 1990, Dallas, Texas; September 7, 1990, Washington, DC.

"Lost Profits, Business Interruptions" and "The Discovery Process," 1990 Litigation Consulting Conference, California Society of Certified Public Accountants, April 26, 1990, Los Angeles, California.

"Standards in Litigation Services Engagements" and "Expert Witness Strategy Tactics," Arizona Society of CPAs' Conference on the CPA as an Expert, September 25, 1989, Phoenix, Arizona.

"Damage Management," AICPA's Conference on the CPA's Role in Litigation Support Services, May 12, 1989, San Francisco; July 11, 1989, Boston; October 27, 1989, Chicago; December 8, 1989, Palm Beach, Florida.

"Litigation Services—Damage Studies," AICPA's 101st Annual Meeting, October 4, 1988, Los Angeles, California.

"Litigation Update," 1988 Marital Dissolution Conference, California Society of Certified Public Accountants, September 26, 1988, San Francisco; September 27, 1988, Los Angeles, California.

"The Mini-Trial Approach to Dispute Resolution," Los Angeles County Bar Association and the American Arbitration Association Conference on New Techniques in Dispute Resolution, February 4, 1988, Los Angeles, California.

"Damages Issues During Trial," Association of Business Trial Lawyers 14th Annual Seminar, October 17, 1987, Rancho Mirage, California.

"Litigation Services Committee Update," 1987 Marital Dissolution Conference, California Society of Certified Public Accountants, September 22, 1987, Los Angeles, California.

"Using a CPA in Litigation," 1987 Annual Meeting of the Florida Bar, June 11, 1987, Orlando, Florida.

"Litigation Services," 12th Annual AICPA Small Business Management Advisory Services Conference, September 9–10, 1986, Dallas, Texas.

EXHIBIT ___15___

PAGE ___697___

PAGE

EXHIBIT

**MICHAEL J. WAGNER**
Page 9

EXPERT TESTIMONY—COURT (*Indicates number in deposition section if deposition testimony was given)

| No. | Lawsuit | Court | Type | Law Firm/Attorneys | Work Performed |
|-----|---------|-------|------|--------------------|----------------|
| 105. | Global Sign, LLC, et al. v. Robert Merto, et al. Civil Action No. 05 CC 04088 (2008) | Orange County Superior Court, California | Unfair Competition | Bidna & Keys | Damages Analysis |
| 104. | Computer Acceleration Corporation v. Microsoft Corporation Case No. 9:06CV-140 (2007)*235 | U.S. District Court Eastern District of Texas Lufkin Division | Patent Infringement | McKool Smith | Damages Analysis |
| 103. | Cybergym Research LLC v. ICON Health & Fitness, Inc., Sears Roebuck & Co., Costco Wholesale Corp., The Sports Authority, Inc., & Dick's Sporting Goods, Inc. Case No. 2:05-cv-527-DF (2007)*230 | U.S. District Court Eastern District of Texas Marshall Division | Patent Infringement | Russo & Hale | Damages Analysis |
| 102. | Electromotive, Inc. v. Mercury Marine Case No. 1:06CV1139 (GBL/TRJ) (2007) | U.S. District Court, Eastern District of Virginia | Patent Infringement | Kaufman & Canoles | Damages Analysis |
| 101 | Broadcom Corporation v. Qualcomm Incorporated Case No. SACV05-467 JVS (RNBx (2007)*224 | U.S. District Court Central District of California, Southern Division | Patent Infringement | Wilmer Cutler Pickering Hale & Dorr | Damages Analysis & Irreparable Harm |
| 100. | In re 3dfx Interactive, Inc. and William A. Brandt, Jr., Trustee v. nVidia Corporation and nVidia Investment Company Case No. 02-55795 RLE (2207) *213 | U.S. Bankruptcy Court Northern District of California San Jose Division | Fraudulent Transfer | Buchalter Nemer | Business Valuation |
| 99. | MAN Aktiengesellschaft, et al. v. Daimler-Chrysler AG, Freightliner LLC, et al. No. 0412-13050 (2006) | Multnomah Circuit Court, Oregon | Fraud | Ball Janik    Alston & Bird | Solvency analysis, Ordinary Course of Business, Reasonably Equivalent Value |
| 98. | In the Matter of the George L. Brichetto and Elizabeth M. Brichetto Living Trust Dated October 1, 1987, as Amended. Case No. 328789 (2006) | Stanislaus Superior Court, California | Breach of Fiduciary Duty | Damrell Nelson Schrimp Pallios Pacher & Silva | Trust Accounting and Damages Analysis |
| 97. | Christopher R. Harris v. San Jose Mercury News, Inc. Case No. C-04-05262 (CRB) (2006) *217 | U.S. District Court Northern District of California | Copyright Infringement | DLA Piper Rudnick Gray Cary; Sheppard Mullin | Damages Analysis |

PAGE __

EXHIBIT __

599

Case 2:04-cv-09049-DOC-RNB Document 3337-7 Filed 04/28/08 Page 51 of 84 Page ID #:57080

MICHAEL J. WAGNER
Page 10

EXPERT TESTIMONY—COURT (*Indicates number in deposition section if deposition testimony was given)

| No. | Lawsuit | Court | Type | Law Firm/Attorneys | Work Performed |
|-----|---------|-------|------|--------------------|----------------|
| 96. | L.G. Philips LCD Co. Ltd. V. Tatung Company, Tatung Company of America, Inc., Chunghwa Picture Tubes Ltd., and ViewSonic Corporation. Civil Action No. 05-292 (JJF) (2006) *218 | U.S. District Court District of Delaware | Patent Infringement | Howrey LLP | Damages Analysis |
| 95. | PostX Corporation v. Secure Data In Motion, Inc., d/b/a Sigaba Case Nos. C02-04483 SI and C03-0521 SI (2006) *210 | U.S. District Court Northern District of California, San Francisco Division | Unfair Competition | Pillsbury Winthrop Shaw Pittman | Damages Analysis |
| 94. | Stephen M. Waltrip, et al. v. Kevin B. Kimberlin, et al. Case No. 01AS04979 (2005) *211 | Sacramento Superior Court, California | Fraud and Breach of Fiduciary Relationship | Sedgewick Detert Moran & Arnold | Damages Analysis Alter Ego Analysis |
| 93. | Coleman (Parent) Holding v. Morgan Stanley Co., Inc. Case No. 2003 CA 005045 A1 (2005) *206 | Circuit Court of the Fifteenth Judicial Circuit Palm Beach County, Florida | Breach of Fiduciary Duty | Jenner & Block | Punitive Damages |
| 92. | Tarik Omari, et al. v. Kindred Healthcare Operating, Inc. et al. Case No. BC280010 (2005) | Los Angeles Superior Court, California | Fraud | Law Offices of Victor L. George | Punitive Damages |
| 91. | Coelho, et al. v. Coelho, et al. Case Nos. 591120-1, 595828-5, 588695-7, and 0537454-1 (2003) (2005) (2006) *176 | Fresno Superior Court, California | Breach of Fiduciary Duties | Damrell Nelson Schrimp Pallios Pacher & Silva Lange Richert & Patch Parish & Nelson | Damages Analysis |
| 90. | Billy Blanks, et al. v. Seyfarth Shaw LLP Case No. BC 308355 (2005) *205 | Los Angeles Superior Court, California | Legal Malpractice | Law Offices of James Rosen | Damages Analysis & Punitive Damages |
| 89. | Kalitta Air, LLC, as assignee of American International Airlines, Inc. v. Central Texas Airborne Systems, Inc. Case No. 96-2494CW & 97-0378CW (2005) *191 | U.S. District Court Northern District of California | Breach of Contract | Sedgewick, Detert, Moran & Arnold | Damages Analysis |
| 88. | The Coleman Company, Inc. v. Fleetwood Enterprises, Inc. & Fleetwood Folding Trailers, Inc. Civil Action No. 03 CV 2029 (2004) *203 | Eighteenth Judicial Court, Sedgewick County, Kansas | Trademark Infringement & Interference with Contract | Foulston Siefkin LLP | Damages Analysis |

PAGE

EXHIBIT

100

EXPERT TESTIMONY—COURT (*Indicates number in deposition section if deposition testimony was given)

| No. | Lawsuit | Court | Type | Law Firm/Attorneys | Work Performed |
|---|---|---|---|---|---|
| 87. | St. Clair Intellectual Property Licensing, Inc. v. Fuji Photo Film Co. Ltd, Fuji Photo File USA, Inc., and Fujifilm America, Inc. Case No. 03-241-JJF (2004) *199 | U.S. District Court, District of Delaware | Patent Infringement | Robins Kaplan Miller & Ciresi | Damages Analysis |
| 86. | St. Clair Intellectual Property Licensing, Inc. v. Canon Inc. and Canon USA, Inc. Case No. 03-241-JJF (2004) *198 | U.S. District Court, District of Delaware | Patent Infringement | Robins Kaplan Miller & Ciresi | Damages Analysis |
| 85. | Immersion Corporation v. Sony Computer Entertainment America, Inc., Sony Computer Entertainment, Inc. and Microsoft Corporation No. C 02-0710 CW (WDB) (2004) *189 | U.S. District Court Northern District of California Oakland Division | Patent Infringement | Irell & Manella | Damages Analysis |
| 84. | Patrick Martin, Inc. and Patrick Walsh v. Ralph Clumeck & Associates, et al. Case No. 03CC06858 (2004) *196 | Orange County Superior Court, California | Breach of Fiduciary Duty | Nordman Cormany Hair & Compton | Damages Analysis |
| 83. | Protocol Services, Inc. v. Evolve Tele-Services, et al. Case No. 5:03 CV 0174 (2004) | U.S. District Court Western District of Michigan Southern Division | Theft of Trade Secret | Jenner & Block | Damages Analysis |
| 82. | Jerome Dahan and Michael Glasser. v. L'Koral and Peter Koral Case No. BC 286577 (2004) *193 | Los Angeles County Superior Court, California | Fraud and Breach of Fiduciary Duty | Browne & Woods Law Offices of Gary Freedman | Business Valuation |
| 81. | Engineered Products Co. v. Donaldson Company, Inc. Civ. No. 98-2106 MJM (2004) *132 | U.S. District Court, Northern District of Iowa | Patent Infringement | Robins, Kaplan, Miller & Ciresi | Damages Analysis |
| 80. | Mallinckrodt, Inc., et al. v. Masimo Corporation Case No. CV 00-6506 MRP (2004) | U.S. District Court Central District of California | Patent Infringement | Knobbe Martens Olson & Bear | Damages Analysis |
| 79. | Meridian Enterprises Corporation v. Carlson Marketing Group, Inc. Case No. 4:01CV1955CDP (2004) *185 | U.S. District Court Eastern District of Missouri, Eastern Division | Patent Infringement | Woodard, Emhardt, Moriarty & McNett | Damages Analysis |
| 78. | Glaxo Group Ltd. and Glaxo Wellcome, Inc. V. Ranbaxy Pharmaceuticals Inc. Civil Action No. 00-5172 MLC (2003) *179 | U.S. District Court District of New Jersey | Patent Infringement | Knobbe Martens Olson & Bear | Damages Analysis |

PAGE

EXHIBIT

101

## EXPERT TESTIMONY—COURT (*Indicates number in deposition section if deposition testimony was given)

| No. | Lawsuit | Court | Type | Law Firm/Attorneys | Work Performed |
|---|---|---|---|---|---|
| 77. | Lyrick Studios, Inc. v. Big Idea Productions, Inc. Civil Action 3-02 CV-0034 M (2003) *173 | U.S. District Court Northern District of Texas, Dallas Division | Breach of Contract | Baker Botts L.L.P. O'Melveny & Myers | Damages Analysis |
| 76. | LASVN#2, et. al. v. Van Ness and Sperry, et. al., Case No. BC 206251 (2003) *163 | Los Angeles Superior Court, California | Breach of Fiduciary Duty | Krane & Smith | Damages Analysis & Punitive Damages |
| 75. | Carver et al. v. Audio Products International Corp. Case No. CV00-1477L (2003) *164 | U.S. District Court Western District of Washington | Patent Infringement | Christenson, O'Connor, Johnson & Kindness | Damages Analysis |
| 74. | Lowe's Home Centers, Inc. v. General Electric Company Case No. 4:98-CV 0028 (2002) *135 | U.S. District Court, Northern District of Georgia Rome Division | Environmental Contamination | Williams & Connolly | Damages Analysis |
| 73. | City of Hope National Medical Center v. Genentech, Inc. Case No. BC 215152 (2001) & (2002) *154 | Los Angeles Superior Court, California | Breach of Contract | Irell & Manella | Damages Analysis & Punitive Damages |
| 72. | Perry v. Mellon Financial Corporation Case No. 997170 (2001) *157 | San Francisco Superior Court | Breach of Contract | Howard, Rice, Nemerovski, Canady, Robertson & Folk | Damages Analysis |
| 71. | True North Composites LLC v. Trinity Industries Case No. 99-783 (2001) | U.S. District Court District of Delaware | Breach of Contract | Baker Botts L.L.P. | Damages Analysis |
| 70. | MET-Rx Foundation for Health Enhancement, et al. v. MET-RX USA, INC., et al. Case No. 771551 (2000) *126 | Orange County Superior Court, California | Breach of Contract | Feldhake, August & Roquemore | Damages Analysis |
| 69. | Telecontrol Systems, Inc. v. Westec Security, Inc. Case No. BC 188264 (2000) *125 | Los Angeles Superior Court, California | Theft of Trade Secret | Howarth & Smith | Damages Analysis |
| 68. | Hameetman v. Schumann, et al., Case No. SC 049754 (2000) *124 | Los Angeles Superior Court, California | Breach of Contract | Hennigan, Bennett & Dorman | Damages Analysis |
| 67. | Advanced Cardiovascular Systems, Inc. v. Medtronic, Inc. Case Nos. 95-03577 DLJ & 96-00942(DLJ) (1999) *121 | U.S. District Court Northern District of California, Oakland Division | Patent Infringement | Robins, Kaplan, Miller & Ciresi | Damages Analysis |
| 66. | Trovan, Ltd., et al. v. Pfizer, Inc. Case No. 98-0094 (1999) *120 | U.S. District Court, Central District of California | Lanham Act | Levin & Hawes | Damages Analysis |

EXPERT TESTIMONY—COURT (*Indicates number in deposition section if deposition testimony was given)

| No. | Lawsuit | Court | Type | Law Firm/Attorneys | Work Performed |
|---|---|---|---|---|---|
| 65. | Precor Incorporated v. Life Fitness Civil No. C94-1586C (1999) *117 | U.S. District Court Western District of Washington | Patent Infringement, Unfair Competition | Christensen, O'Connor, Johnson & Kindness | Damages Analysis |
| 64. | Surgin Surgical Instrumentation, Inc. v. Truck Insurance Exchange Case No. 66 2216 (1999) *114 | Orange County Superior Court, California | Breach of Contract | Stradling Yocca Carlson & Rauth | Damages Analysis |
| 63. | Airgas, Inc. v. Praxair, Inc. Case No. 115 (1999) | Common Pleas, First Judicial District of Pennsylvania | Breach of Contract | Cozen & O'Connor | Damages Analysis |
| 62. | Chesterfield Investments, et al. v. Stone Container Corporation Case No. BC 188858 (1999) *113 | Los Angeles Superior Court, California | Breach of Contract | Orrick, Herrington & Sutcliffe | Damages Analysis |
| 61. | Lexecon, Inc. v. Milberg, Weiss, et al. No. 92C7768 (1999) | U.S. District Court, Northern District of Illinois | Abuse of Process | Jenner & Block | Damages Analysis |
| 60. | Saremi, et al. v. Atara, et al. Case No. 387467 (1999) *111 | San Mateo Superior Court, California | Breach of Contract | Nelson, Greenberg & Cohen | Damages Analysis |
| 59. | 9850 Meadowglen Properties v. A.G. Spanos Enterprises, Inc. Case No. BC 084216 (1998) and (1997) | Los Angeles Superior Court, California | Breach of Contract | Freeman & Brown | Damages analysis |
| 58. | Evanite Fiber Corp. v. Lauschaer Glaswerk GmbH, et al. Civil No. 2: 96-3525-18 (1998) *106 | U.S. District Court, District of South Carolina, Charleston Division | Theft of Trade Secret | Farleigh, Wada & Witt | Damages Analysis |
| 57. | Ayre, et al. V. Attwood Corp., et al. Case No. 96-5087-NP (1998) *103 | Circuit Court, County of Kent, Michigan | Wrongful Death | Kell & Lynch; Chaklos, Jungerheld, Hahn & Washburn | Damages Analysis |
| 56. | AMETRON v. Entin, et al. Case No. BC160521 (1998) *101 | Los Angeles Superior Court, California | Usurpation of Corporate Opportunity | Mahoney, Coppenrath, Jaffe & Pearson | Damages Analysis |
| 55. | Koutney v. Exxon Corporation Case No. CV 748293 (1997) | Santa Clara Superior Court, California | Unfair Competition | McClintock, Weston, Benshoof, Rochefort, Rubalvaca & MacCuish | Damages Analysis |
| 54. | Galaxy Networks, Inc. v. Kenan Systems Corp. Civil Action No. CV-95-5568 DDP (1997) *95 | U.S. District Court, Central District of California | Unjust Enrichment, Quantum Meruit | Irell & Manella | Damages Analysis |

PAGE _____ EXHIBIT

703

### EXPERT TESTIMONY—COURT (*Indicates number in deposition section if deposition testimony was given)

| No. | Lawsuit | Court | Type | Law Firm/Attorneys | Work Performed |
|---|---|---|---|---|---|
| 53. | Potlatch Corporation v. Beloit Corporation<br>Case No. CV 95-01992 (1997) *92 | 2nd Judicial District State of Idaho | Breach of Contract | Sacks Montgomery | Damages Analysis |
| 52. | The Samuel Goldwyn Co. v. MCEG Virgin Vision, Ltd.<br>Case No. BC 016305 (1997) *91 | Los Angeles Superior Court, California | Breach of Contract | Irell & Manella | Damages Analysis |
| 51. | Competitive Technology, Inc. v. AST Research, Inc.<br>Case No. 74 82 37 (1996) *79 | Orange County Superior Court, California | Tortious Interference with Contract | Stradling, Yocca, Carlson & Rauth | Damages Analysis |
| 50. | Medical Billing, Inc. v. Medical Management Services<br>No. 1:94-CV-1567 (1996) *77 | U.S. District Court Northern District of Ohio, Eastern Division | Breach of Contract | Donovan, Leisure, Newton & Irvine | Damages Analysis |
| 49. | Cook v. Carousel Mall<br>Case No. SCV 07595 (1996) | San Bernardino Superior Court, California | Breach of Fiduciary Duty | Howarth & Smith | Damages Analysis |
| 48. | Forti v. General Dynamics<br>No. KC 016871/017393 (1996) *73 | Los Angeles Superior Court, California | Breach of Contract | Howarth & Smith | Business Valuation |
| 47. | Wilcox & Devine v. Wilkes-Barre General Hospital<br>Case No. 5418-C-1990 (1996) | Court of Common Pleas, Lucerne County, Pennsylvania | Breach of Contract | Nash & Company | Damages Analysis |
| 46. | TLB, Inc. v. Platinum Software<br>Civil No. 95WY621 (1996) *72 | U.S. District Court of Colorado | Tortious Interference with Contract | Stradling, Yocca, Carlson & Rauth | Damages Analysis |
| 45. | In re: AST Research Securities Litigation<br>CV-94-1370 SVW (1995) *66 | U.S. District Court, Central District of California | Class Action Securities Case | Prongay & Mikolajcyk; Greenfield & Rifkin | Damages Analysis |
| 44. | TRW, Inc. v. Talley Industries<br>CIV 94-0350-PHX-PGR (1995) *64 | U.S. District Court, District of Arizona | Breach of Contract | Donovan, Leisure, Newton & Irvin; Cohen & Cotton | Damages Analysis |
| 43. | Supra Corporation v. D.L. Horton Enterprises, Inc.<br>BC 093085 (1995) *61 | Los Angeles Superior Court, California | Breach of Fiduciary Duty | Stradling, Yocca, Carlson & Rauth | Damages Analysis |
| 42. | Portland 76 v. UNOCAL, et al.<br>Case No. 92-1635 (1995) | U.S. District Court District of Oregon | Breach of Contract | Ball, Janik & Novack | Damages Analysis |

PAGE _____ EXHIBIT _____ 704 15

**MICHAEL J. WAGNER**
Page 15

## EXPERT TESTIMONY—COURT (*Indicates number in deposition section if deposition testimony was given)

| No. | Lawsuit | Court | Type | Law Firm/Attorneys | Work Performed |
|---|---|---|---|---|---|
| 41. | Mortorff v. Scotti Bros. Entertainment No. BC 022503 (1995) | Los Angeles Superior Court, California | Breach of Contract | Law Offices of James P. Tierney | Damages Analysis |
| 40. | Mahne v. Crown Roll Leaf No. BC069435 (1994) *59 | Los Angeles Superior Court, California | Breach of Contract | Quinn, Emanuel, Urquhart & Oliver | Damages Analysis |
| 39. | Castro v. Paine Webber, Inc. No. 1:94CV65 and No. 1:94CV256 (1994) | U.S. District Court, Eastern Division of Texas | Class Action Securities Case | Provost & Umphrey | Fairness of Settlement |
| 38. | Virgin Vision Ltd. v. The Samuel Goldwyn Co. No. BC-013701 (1994) *58 | Los Angeles Superior Court, California | Intellectual Property | Law Offices of James P. Tierney | Damages Analysis |
| 37. | Chaintool Company v. Workman, Nydegger & Jensen Civil No. 900903226CV (1994) *55 | Third Judicial Court, Salt Lake City, Utah | Patent Attorney Malpractice | Wilkins, Oritt & Headman | Damages Analysis |
| 36. | In re: Information Resources, Inc. Civil No. 89C 3712 (1994) *53 | U.S. District Court, Northern District of Illinois | Class Action Securities Case | Freeborn & Peters; Katten, Muchin & Zavis | Budgeting |
| 35. | Lawrence v. Equipment Denis (1993) | Circuit Court, Multnomah County, Oregon | Products Liability | Farleigh, Wada & Witt | Damages Analysis |
| 34. | Georgia Pacific v. Corrugated Partitions, Inc. (1993) | Orange County Superior Court, California | Breach of Contract | Howarth & Smith | Alter Ego Analysis |
| 33. | Grice Industries v. Ingman (1993) | Circuit Court, Lane County, Oregon | Patent Attorney Malpractice | Williams & Troutwine | Damages Analysis |
| 32. | Boly v. Boly (1992) | Circuit Court, Multnomah County, Oregon | Marital Dissolution | Gevurtz, Menashe, Hergert, Larson & Kurshner | Business Valuation |
| 31. | Rekdahl v. Owens Illinois (1992) | Los Angeles Superior Court, California | Products Liability | Howarth & Smith | Punitive Damages |
| 30. | E.J. Bartells Co. v. A.P. Green Industries (1992) *42 | King County Superior Court, Washington | Securities Laws Violations | Thompson & Mitchell | Damages Analysis |
| 29. | Glock v. Owens Illinois (1991) | Philadelphia County Court, Pennsylvania | Products Liability | Howarth & Smith | Punitive Damages |
| 28. | Ixsys v. Stratagene (1991) *38 | San Diego Superior Court, California | Intellectual Property | Pillsbury, Madison & Sutro | Damages Analysis |

## EXPERT TESTIMONY—COURT (*Indicates number in deposition section if deposition testimony was given)

| No. | Lawsuit | Court | Type | Law Firm/Attorneys | Work Performed |
|-----|---------|-------|------|--------------------|----------------|
| 27. | WSI v. Port of Portland (1991) | Circuit Court, Multnomah County, Oregon | Breach of Contract | Bogle & Gates | Damages Analysis |
| 26. | Torppe v. Saint Joseph Medical Center (1991) | Los Angeles, Superior Court, California | Medical Malpractice | Gibson, Dunn & Crutcher | Damages Analysis |
| 25. | Keike v. Owens Illinois (1991) | Circuit Court, Hawaii | Asbestos | Greeley, Walker & Kowen | Punitive Damages |
| 24. | Gresham v. Warren Tool (1991) | Circuit Court, Multnomah County, Oregon | Product Liability | Farleigh, Wada & Witt | Damages Analysis |
| 23. | Ingram v. Owens Illinois (1990) *36 | U.S. District Court, Oregon | Asbestos | Morgenstein & Jubelirer | Punitive Damages |
| 22. | First Interstate Bank of Washington v. AFC (1990) *33 | King County Superior Court, Washington | Lender Liability | Davis, Wright & Tremaine | Damages Analysis |
| 21. | Woodbridge Plaza v. Bank of Irvine (FDIC) (1990) *30 | Orange County Superior Court, California | Breach of Contract | Bidna & Keys | Real Estate Valuation |
| 20. | Hammersmith v. Taco Bell Corp. (1990) *27 | U.S. District Court, Oregon | Fraud | Skadden, Arps, Slate, Meagher & Flom | Damages Analysis |
| 19. | Pioneer Hi-Bred v. Holden Foundation Seeds (1989) *26 | U.S. District Court, Iowa | Theft of Trade Secret | Grefe & Sidney | Damages Analysis |
| 18. | In re: Desert High Foods, Inc. (1989) | U.S. Bankruptcy Court, Eastern District of California | Bankruptcy | Gendel, Raskoff, Shapiro & Quittner | Business Valuation |
| 17. | ASD, Ltd. v. Carolina Lanes, Inc. (1989) | Los Angeles Superior Court, California | Unlawful Detainer | Law Offices of Frank Whitehead | Revenue Analysis |
| 16. | Hideaway Productions v. Ampex Corp. (1989) *25 | Los Angeles Superior Court, California | Breach of Implied Warranties, Fraud | Rosenfeld, Meyer & Susman | Damages Analysis |
| 15. | Bernstein v. Delta Airlines (1989) *23 | U.S. District Court, Southern District of Florida | Wrongful Death | Steven Walker; Jenner & Block | Damages Analysis |
| 14. | Lippman v. Levy (1989) *22 | Los Angeles Superior Court, California | Breach of Contract, Fraud | Browne & Woods | Business Valuation |

## EXPERT TESTIMONY——COURT (*Indicates number in deposition section if deposition testimony was given)

| No. | Lawsuit | Court | Type | Law Firm/Attorneys | Work Performed |
|-----|---------|-------|------|--------------------|----------------|
| 13. | Kay Co. v. HCC Industries (1989) *20 | U.S. District Court, Southern District of Texas | Product Liability | Mayer, Day & Caldwell | Alter Ego Analysis |
| 12. | Challenge/Cook Brothers v. LCB Holdings (1989) | Federal District Court, Central District of California | Breach of Contract | Loeb & Loeb | Business Valuation |
| 11. | Gursey v. Landon (1988) | Los Angeles Superior Court, California | Accounting Malpractice | Haight, Brown & Bonesteel | Professional Standards |
| 10. | Redacted v. Redacted (1988) *17 | Los Angeles Superior Court | Professional Negligence | Riordan & Mckenzie | Professional Negligence & Damages Analysis |
| 9. | George W. Gaulding, Jr. v. River Downs Investments Co. (1988) | U.S. Bankruptcy Court, Central District of California | Bankruptcy, Breach of Fiduciary Duty | Lobel, Winthrop & Broker | Investigatory Accounting |
| 8. | Egilsson v. Polarknit (1987) | Federal District Court, Central District of California | Antitrust | Shea & Gould | Damages Analysis |
| 7. | Newman v. Stutman, Treister & Glatt (1986) | Los Angeles Superior Court, California | Legal Malpractice | Irell & Manella | Damages Analysis |
| 6. | Stewart v. Stewart 1986) | Orange County Superior Court, California | Fraud to Set Aside Marital Dissolution Property Settlement | Hunt, Colaw & Roe, Inc. | Business Valuation |
| 5. | Prowizor v. City of Los Angeles (1986) | Los Angeles City Administrative Hearing, California | Wrongful Termination | Lowe & Marr | Damages Analysis |
| 4. | Asphalt Specialties, Inc. v. State of California (1986) | Riverside Superior Court, California | Breach of Contract | Legal Staff of California Department of Transportation | Damages Analysis |
| 3. | Cadillac Fairview/California, Inc. v. Atlantic Mutual Insurance Co. 1985) | Federal District Court, Northern District of California | Breach of Insurance Contract | Irell & Manella | Analysis of Reasonableness of Attorney Fees |
| 2. | Decorative Carpets v. Barkhordarian (1983 and 1988) *3 | San Francisco Superior Court, California | Constructive Eviction | Pillsbury, Madison & Sutro | Damages Analysis |
| 1. | Bernstein v. L.A. New Hospital (1983) | Los Angeles Superior Court, California | Breach of Contract | Gold, Herscher, Marks & Pepper | Damages Analysis |

EXPERT TESTIMONY—COURT (*Indicates number in deposition section if deposition testimony was given)

PAGE \_\_\_\_ 101

EXHIBIT 75

## EXPERT TESTIMONY—DEPOSITION (**If <u>Protective Order</u> in place)

| No. | Lawsuit | Court | Type | Law Firm/Attorneys | Work Performed |
|-----|---------|-------|------|--------------------|----------------|
| 238. | North American Title Company v. Liberty Title Company Case No. C 06-00187 (2008)** | Contra Costa County Court, California | Theft of Trade Secret | Weintraub Genshla Chediak<br><br>Jackson Lewis<br><br>Seyfarth Shaw | Damages Analysis |
| 237. | Eastman Kodak Company v. St. Clair Intellectual Property Licensing, Inc., et al. Case No. 1-05-CV-039164 (2008)** | Santa Clara County Court, California | Slander of Title | Robins Kaplan Miller & Ciresi | Damages Analysis |
| 236. | Diana Gabriel, et al. v. Verizon Communications Inc., et al. Case No. 04 CC 00591 (2007) | Orange County Superior Court, California | Breach of Contract | Paul Hastings Janofsky & Walker | Damages Analysis |
| 235. | Computer Acceleration Corporation v. Microsoft Corporation Case No. 9:06CV-140 (2007)** | U.S. District Court Eastern District of Texas Lufkin Division | Patent Infringement | McKool Smith | Damages Analysis |
| 234. | Hewlett-Packard Company v. Factory Mutual Insurance Company Case No. 04-CV-02791 (2007) | U.S. District Court Southern District of New York | Business Interruption | Robins Kaplan Miller & Ciresi | Damages Analysis |
| 233. | Veritas Operating Corporation v. Microsoft Corporation Case No. 2:06-cv-00703-JCC (2007)** | U.S. District Court Western District of Washington at Seattle | Patent Infringement | Latham & Watkins | Damages Analysis |
| 232. | Polycom, Inc. and Polycom Israel, Ltd. V. Codian Ltd. And Codian, Inc. Case No. 2-05CV-520 DF (2007)** | U.S. District Court Eastern District of Texas Marshall Division | Patent Infringement | Irell & Manella | Damages Analysis |
| 231. | ISP.NET LLC d/b/a IQuest Internet v. Qwest Communications International, Inc. Case No. IP01-0480 C B/S (2007)** | U.S. District Court Southern District of Indiana Indianapolis Division | Trademark Infringement | Reed Smith Sachnoff & Weaver | Damages Analysis |
| 230. | Cybergym Research LLC v. ICON Health & Fitness, Inc., Sears Roebuck & Co., Costco Wholesale Corp., The Sports Authority, Inc., & Dick's Sporting Goods, Inc. Case No. 2:05-cv-527-DF (2007)** | U.S. District Court Eastern District of Texas Marshall Division | Patent Infringement | Russo & Hale | Damages Analysis |

PAGE ___

EXHIBIT ___

708

PAGE ___ EXHIBIT ___

MICHAEL J. WAGNER
Page 20

## EXPERT TESTIMONY—DEPOSITION (**If Protective Order in place)

| No. | Lawsuit | Court | Type | Law Firm/Attorneys | Work Performed |
|-----|---------|-------|------|--------------------|----------------|
| 229. | Timeline, Inc. v. Proclarity Corporation and Microsoft Corporation Case No. CV05-1013JLR (2007)** | U.S. District Court Western District of Washington at Seattle | Patent Infringement | Susman Godfrey L.L.P. | Damages Analysis |
| 228. | David Gill, Post Confirmation Trustee for the Estate of Lyon & Lyon v. Orrick, Herrington & Sutcliffe, LLP, et al. Case No. LA-03-10365-VZ (2007)** | U.S. Bankruptcy Court Central District of California Los Angeles Division | Breach of Fiduciary Duty | Howard Rice Nemerovski, Canady, Falk & Rabkin | Damages Analysis |
| 227. | Cardiac Pacemakers, Inc., Guidant Sales Corporation, Mirowski Family Ventures, LLC, and Anna Mirowski v. St. Jude Medical, Inc. and Pacesetter, Inc. Civil No. 1:96-CV-1718-DFH/TAB (2007)** | U.S. District Court, Southern District of Indiana, Indianapolis Division | Patent Infringement | Finnigan Henderson Farabow Barrett & Dunner LLP | Damages Analysis |
| 226. | Creative Concepts Software, Inc. and ITEK Services, Inc. v. MobileTech Solutions, Inc. Case No. SA CV 05-00670 DOC (MLGx) (2007) | U.S. District Court Central District of California, Southern Division | Breach of contract | The Fledhake Law Firm | Damages Analysis |
| 225. | Semiconductor Energy Laboratory Co., Ltd. v. Chi MEI Optoelectronics Corp., International Display Technology Co., Ltd., International Display Technology USA, Inc., Westinghouse Digital Electronics, LLC and CTX Technology Corp. C04-4675 RS (2007)** | U.S. District Court Northern District of California | Patent Infringement | Jenner & Block | Damages Analysis |
| 224. | Broadcom Corporation v. Qualcomm Incorporated Case No. SACV05-467 JVS (RNBx (2007)** | U.S. District Court Central District of California, Southern Division | Patent Infringement | Wilmer Cutler Pickering Hale & Dorr | Damages Analysis |
| 223. | Semiconductor Energy Laboratory Co., Ltd. v. Toppoly Optoelectronics Corp.; Samsung Techwin Co., Ltd.; Samsung Optoelectronics America, Inc.; Matsunichi Hit-Tech Ltd.; and Matsunichi Hi-Tech (USA), Inc. Case No. CV 04-4783 TJH (2006)** | U.S. District Court Central District of California | Patent Infringement | Jenner & Block | Damages Analysis |

PAGE ____

EXHIBIT

710

## Expert Testimony—Deposition (**If Protective Order in place)

| No. | Lawsuit | Court | Type | Law Firm/Attorneys | Work Performed |
|-----|---------|-------|------|--------------------|----------------|
| 222. | Qualcomm Incorporated v. Broadcom Corporation Case No. 05 CV 1662 B (BLM) (2006)** | U.S. District Court Southern District of California | Patent Infringement | Wilmer Cutler Pickering Hale & Dorr | Damages Analysis |
| 221. | Qualcomm Incorporated v. Broadcom Corporation Case No. 05 CV 1958 (2006)** | U.S. District Court Southern District of California | Patent Infringement | Wilmer Cutler Pickering Hale & Dorr | Damages Analysis |
| 220. | The Nautilus Group, Inc. v. ICON Health & Fitness, Inc., Case No. 02-1420 RSM (2006)** | U.S. District Court of Western District of Washington | Trademark Infringement | Jeffer, Mangels, Butler & Marmaro | Damages Analysis |
| 219. | Moss, et al. v. Veneco et al. Case No. 297083 (2006) | Los Angeles Superior Court, California | Mass Tort | Gallagher & Gallagher; Steptoe & Johnson | Alter Ego |
| 218. | L.G. Philips LCD Co. Ltd. V. Tatung Company, Tatung Company of America, Inc., Chunghwa Picture Tubes Ltd., and ViewSonic Corporation. Civil Action No. 05-292 (JJF) (2006)** | U.S. District Court District of Delaware | Patent Infringement | Howrey LLP | Damages Analysis |
| 217. | Christopher R. Harris v. San Jose Mercury News, Inc. Case No. C-04-05262 (CRB) (2006) | U.S. District Court Northern District of California | Copyright Infringement | DLA Piper Rudnick Gray Cary | Damages Analysis |
| 216. | Dey, L.P. v. IVAX Pharmaceuticals, Inc. and Eon Labs, Inc. Case Nos. SACV 04-00079 CJC (FMOx) and SACV 04-00243 CJC (FMOx) (2006)** | U.S. District Court Central District of California Southern District | Patent Infringement | Hennigan Bennett & Dorman | Commercial Success |
| 215. | McKesson Information Solutions LLC v. The Trizetto Group, Inc. Civil Action No. 04-1258 (2005)** | U.S. District Court Northern District of Delaware | Patent Infringement | Skadden Arps Slate Meagher & Flom | Damages Analysis |
| 214. | Advanced Neuromodulation Systems, Inc. v. Advanced Bionics Corporation Civil Action No. 4:04cv131 (Brown) (2005)** | U.S. District Court Eastern District of Texas Sherman Division | Patent Infringement | Baker Botts L.L.P. | Damages Analysis |
| 213 | Trustee in Bankruptcy for 3dfx v. NVIDIA Corp. Case No. 02-55795 JRG (2005) ** | U.S. Bankruptcy Court Northern District of California San Jose Division | Fraudulent Transfer | Buchalter Nemer Fields & Younger | Business Valuation |

## EXPERT TESTIMONY—DEPOSITION (**If Protective Order in place)

| No. | Lawsuit | Court | Type | Law Firm/Attorneys | Work Performed |
|---|---|---|---|---|---|
| 212 | John R. Jamison v. Olin Corporation-Winchester Division; U.S. Repeating Arms Co., Inc,; Browning; Browning Arms Co.; and G.I. Joe's Case No. 3-03-01036-KI (2005)** | U.S. District Court District of Oregon | Patent Infringement | Stoll Stoll Berne Lokting & Shlachter | Damages Analysis |
| 211. | Stephen M. Waltrip, et al. v. Kevin B. Kimberlin, et al. Case No. 01AS04979 (2005) | Sacramento Superior Court, California | Fraud and Breach of Fiduciary Relationship | Sedgewick Detert Moran & Arnold | Damages Analysis Alter Ego Analysis |
| 210. | PostX Corporation v. Secure Data In Motion, Inc., d/b/a Sigaba Case Nos. C02-04483 SI and C03-0521 SI (2005)** | U.S. District Court Northern District of California, San Francisco Division | Unfair Competition | Pillsbury Winthrop Shaw Pittman | Damages Analysis |
| 209. | Network Appliance, Inc. v. BlueArc Corporation Case No. C 03-05665 MHP (2005)** | U.S. District Court Northern District of California, San Francisco Division | Patent Infringement | Howrey Simon Arnold & White | Damages Analysis |
| 208. | Teri J. McDermott, CMI, et al. v. Advanstar Communications, Inc. Case No. 1:98 CV 515 (2005) | U.S. District Court Northern District of Ohio, Eastern Division | Copyright Infringement | Greenberg Traurig | Damages Analysis |
| 207. | Storage Technology Corporation v. Quantum Corporation Civil Action No. 03-M-0672 PAC (2005)** | U.S. District Court District of Colorado | Patent Infringement | Howrey Simon Arnold & White | Damages Analysis |
| 206. | Coleman (Parent) Holding v. Morgan Stanley Co., Inc. Case No. 2003 CA 005045 A1 (2005) | Circuit Court of the Fifteenth Judicial Circuit Palm Beach County, Florida | Breach of Fiduciary Duty | Jenner & Block | Business Valuation |
| 205. | Billy Blanks, et al. v. Seyfarth Shaw LLP Case No. BC 308355 (2005) | Los Angeles Superior Court, California | Legal Malpractice | Law Offices of James Rosen | Damages Analysis |
| 204. | Intergraph Hardware Technologies Company v. Hewlett Packard Civil Action No. 2-02CV-312 TJW (2004)** | U.S. District Court Eastern District of Texas Marshall Division | Patent Infringement | Robins Kaplan Miller & Ciresi | Damages Analysis |
| 203. | The Coleman Company, Inc. v. Fleetwood Enterprises, Inc. & Fleetwood Folding Trailers, Inc. Civil Action No. 03 CV 2029 (2004)** | Eighteenth Judicial Court, Sedgewick County, Kansas | Trademark Infringement & Interference with Contract | Foulston Siefkin LLP | Damages Analysis & Alter Ego Analysis |

PAGE ___ EXHIBIT ___ 11

MICHAEL J. WAGNER
Page 23

## EXPERT TESTIMONY—DEPOSITION (**If Protective Order in place)

| No. | Lawsuit | Court | Type | Law Firm/Attorneys | Work Performed |
|---|---|---|---|---|---|
| 202. | LiveWorld, Inc. v. SocialNet, Inc., MatchNet PLC, et al. Case No. 1-01-CV799864 (2004)** | Santa Clara County Superior Court, California | Fraudulent Transfer | Bergeson, LLP | Alter Ego Analysis |
| 201. | Comdisco, Inc. v. SocialNet, Inc., Match-Net, Inc., et al. Case No. CV 800 611 (2004)** | Santa Clara County Superior Court, California | Fraudulent Transfer | Winston & Strawn | Alter Ego Analysis |
| 200. | Everything For Love, Inc. v. Tender Loving Things, Inc., D/B/A The Happy Company Case No. CIV-02-2605-P:HX-EHC (2004)** | U.S. District Court District of Arizona | Patent Infringement | Law Offices of A. Peter Rausch | Damages Analysis |
| 199. | St. Clair Intellectual Property Licensing, Inc. v. Fuji Photo Film Co. Ltd, Fuji Photo File USA, Inc., and Fujifilm America, Inc. Case No. 03-241-JJF (2004) ** | U.S. District Court District of Arizona | Patent Infringement | Robins Kaplan Miller & Ciresi | Damages Analysis |
| 198. | St. Clair Intellectual Property Licensing, Inc. v. Canon Inc. and Canon USA, Inc. Case No. 03-241-JJF (2004) ** | U.S. District Court District of Arizona | Patent Infringement | Robins Kaplan Miller & Ciresi | Damages Analysis |
| 197. | Kathy Papale v. Pacific Bell Directory Company, Pacific Telesis, SBC Communications, et al. Case No. 2002055171 (2004) | Alameda County Superior Court, California | Sex and Age Discrimination | Pillsbury Winthrop | Damages Analysis |
| 196. | Patrick Martin, Inc. and Patrick Walsh v. Ralph Clumeck & Associates, et al. Case No. 03CC06858 (2004) | Orange County Superior Court, California | Breach of Fiduciary Duty | Nordman Cormany Hair & Compton | Damages Analysis |
| 195. | Marjorie Bright and Edward Bright v. The Bright Family Foundation, et al. Case No. 274513 (2004)** | Stanislaus County Superior Court, California | Breach of Fiduciary Duty | Damrell Nelson Schrimp Pallios Pacher & Silva | Damages Analysis |
| 194. | Misha Consulting Group, Inc. d/b/a eBusiness Design v. Source Medical Solutions, Inc. Case No. CO2 04908 JW (HRL) (2004) | U.S. District Court Northern District of California San Jose Division | Breach of Contract | Howard, Rice, Nemerovski, Canady, Falk & Rabkin | Damages Analysis |
| 193. | Jerome Dahan and Michael Glasser. v. L'Koral and Peter Koral Case No. BC 286577 (2004) | Los Angeles County Superior Court, California | Fraud and Breach of Fiduciary Duty | Browne & Woods Law Offices of Gary Freedman | Business Valuation |

## EXPERT TESTIMONY—DEPOSITION (**If Protective Order in place)

| No. | Lawsuit | Court | Type | Law Firm/Attorneys | Work Performed |
|---|---|---|---|---|---|
| 192. | Neoris de México, S.A. de C.V., v. Ariba, Inc. Case No. C 02 1670 JSW (2004)** | U.S. District Court Northern District of California San Francisco Division | Breach of Contract | Howard, Rice, Nemerovski, Canady, Falk & Rabkin | Damages Analysis |
| 191. | Kalitta Air, LLC, as assignee of American International Airlines, Inc. v. Central Texas Airborne Systems, Inc. Case No. 96-2494CW & 97-0378CW (2004) | U.S. District Court Northern District of California | Breach of Contract | Sedgewick, Detert, Moran & Arnold | Damages Analysis |
| 190. | TV Interactive Corp. v. Microsoft Corp. Case No. 02 C 02385 (SBA) (2004)** | U.S. District Court Northern District of California Oakland Division | Patent Infringement | Robins Kaplan Miller & Ciresi | Damages Analysis |
| 189. | Immersion Corporation v. Sony Computer Entertainment America, Inc., Sony Computer Entertainment, Inc. and Microsoft Corporation No. C 02-0710 CW (WDB) (2004) ** | U.S. District Court Northern District of California Oakland Division | Patent Infringement | Irell & Manella | Damages Analysis |
| 188. | Kelly-Moore Paint Company v. Union Carbide Corporation No. 19785-BH02 (2004) ** | District Court of Brazoria County Texas 23rd Judicial District | Products Liability | Weil Gotshal & Manges | Business Valuation |
| 187. | Kaiser Aerospace Electronics v. Teledyne Industries, et al. Case No. 95-05288 CA 15 (2003) and (2005)** | 11th Circuit Court Miami-Dade County Florida | Breach of Contract | Weil Gotshal & Manges | Damages Analysis |
| 186. | The Profit Recovery Group, Inc. v. Neil Loder & Associates, et al. Case No CV 01-6200 AN (2003)** | U.S. District Court Central District of California, Western Division | Trademark & Theft of Trade Secret | Knobbe Martens Olson & Bear | Damages Analysis |
| 185. | Meridian Enterprises Corporation v. Carlson Marketing Group, Inc. Case No. 4:01CV1955CDP (2003)** | U.S. District Court Eastern District of Missouri, Eastern Division | Patent Infringement | Woodard, Emhardt, Moriarty & McNett | Damages Analysis |
| 184. | Hauselmann v. Hauselmann Case No. 307662 (2003) | Stanislaus County Superior Court, California | Breach of Contract | Damrell Nelson Schrimp Pallios Pacher & Silva | Business Valuation |
| 183. | Bell & Associates, Inc. v. Fidelity National Information Solutions, Inc. & Vista Information Solutions, Inc. Case No. 02CC02336 (2003) | Orange County Superior Court, California | Breach of Contract | Stradling, Yocca, Carlson & Rauth | Damages Analysis |

PAGE _____ EXHIBIT _____ 7│3 5

PAGE __ EXHIBIT __

714  15

**MICHAEL J. WAGNER**
Page 25

## EXPERT TESTIMONY—DEPOSITION (**If <u>Protective Order</u> in place)

| No. | Lawsuit | Court | Type | Law Firm/Attorneys | Work Performed |
|-----|---------|-------|------|--------------------|----------------|
| 182. | Winn Incorporated & Ben Huang v. Eaton Corporation.  Case No: CV03-1568-SJO (2003)** | U.S. District Court Central District of California Western Division | Patent Infringement | Knobbe Martens Olson & Bear Ropers Majeski Kohn & Bentley | Damages Analysis |
| 181. | Semiconductor Energy Laboratory Co., Ltd. V. Acer Inc., Acer America Corp., and AU Optronics Corp.  Case No. C 02-02800 WHA (2003)** | U.S. District Court Northern District of California San Francisco Division | Patent Infringement | Jenner & Block | Damages Analysis |
| 180. | Cambrian Consultants, Inc. et al. v. Stuart Lubitz & Hogan & Hartson LLP Case No. BC 271707 (2003) | Los Angeles Superior Court, California | Patent Attorney Malpractice | Alschuler Grossman Stein & Kahan Quinn Emanuel Urquhart Oliver & Hedges Gibson Dunn & Crutcher | Damages Analysis |
| 179. | Glaxo Group Ltd. and Glaxo Wellcome, Inc. V. Ranbaxy Pharmaceuticals Inc. Civil Action. No. 00-5172 MLC (2003) ** | U.S. District Court District of New Jersey | Patent Infringement | Knobbe Martens Olson & Bear | Damages Analysis |
| 178. | Deltakor Investments, Inc. v. Carl Karcher, et al.  Case No. 01-CC13626 (2003) | Orange County Superior Court, California | Breach of Contract | Stradling, Yocca, Carlson & Rauth | Damages Analysis |
| 177. | Fonovisa, Inc. v. MP3.com, Inc. Case No. 02 CV 8614 JSR (2003)**; Fonomusic, Inc. v. MP3.com, Inc. Case No. 02 CV 8617 JSR (2003)**; HMS Distributors, Inc. et al. v. MP3.com, Inc. Case No. 02 CV 8616 JSR (2003)**; Musical Productions, Inc. et al. v. MP3.com, Inc. Case No. 02 CV 8618 JSR (2003)** | U.S. District Court Southern District of New York | Copyright Infringement | Quinn Emanuel Urquhart Oliver & Hedges | Damages Analysis |
| 176. | Coelho, et al. v. Coelho, et al. Case Nos. 591120-1, 595828-5, 588695-7, and 0537454-1 (2003) (2005) | Fresno Superior Court, California | Breach of Fiduciary Duties | Damrell Nelson Schrimp Pallios Pacher & Silva Lange Richert & Patch Parish & Nelson | Damages Analysis |
| 175. | BCE Emergis, Inc. v. Ariba, Inc. Civil Action No. C01-21221 PVT (2003) ** | U.S. District Court Northern District of California, San Jose Division | Breach of Contract | Howard Rice Nemerovski Canady Falk & Rabkin | Damages Analysis |

## EXPERT TESTIMONY—DEPOSITION (**If Protective Order in place)

| No. | Lawsuit | Court | Type | Law Firm/Attorneys | Work Performed |
|---|---|---|---|---|---|
| 174. | Bob Dylan, Billie Joel, James Taylor, et al. v. MP3.com, Inc. Case No. 02 CV 8006 (JSR) (2003) ** | U.S. District Court Southern District of New York | Copyright Infringement | Quinn Emanuel Urquhart Oliver & Hedges | Damages Analysis |
| 173. | Lyrick Studios, Inc. v. Big Idea Productions, Inc. Civil Action 3-02 CV-0034 M (2002)** | U.S. District Court Northern District of Texas, Dallas Division | Breach of Contract | Baker & Botts O'Melveny & Myers | Damages Analysis |
| 172. | Robert Carver and Diana Carver v. Velodyne Acoustics, Inc. Civil Action No. C00-1194L (2002)** | U.S. District Court Western District of Washington | Patent Infringement | Christenson, O'Connor, Johnson & Kindness | Damages Analysis |
| 171. | Bayshore Ford Truck Sales, Inc. et al. v. Ford Motor Company Civil Action No. 99 CV 741 (JCL) 2002 | U.S. District Court District of New Jersey | Breach of Contract | Kronick, Moskovitz, Tiedemann & Girard | Damages Analysis |
| 170. | Feltheimer v. Sony Corporation of America, et al. Case No. BC-244836 (2002) | Los Angeles Superior Court, California | Breach of Contract | Irell & Manella | Damages Analysis |
| 169. | Booneville Convalescent Center, Inc. v. Cloverleaf Healthcare Services, Inc., et al. Cause No. 32D01-0204-CC-38 (2002) | Superior Court of Hendricks, County, Indiana | Breach of Contract | Leeuw & Doyle | Alter Ego and Damages Analysis |
| 168. | Superior National Insurance Group v. Foundation Health Corporation, et al. Case No. 02 CV 5155 (2002) (2003) | U.S. District Court Central District of California, Western Division | Fraud | Skadden, Arps, Slate Meagher & Flom | Business Valuation and Damages Analysis |
| 167. | United States of America ex rel. William Gilliam v. General Dynamics Corporation Case No. 2:01-3023-18 (2002) | U.S. District Court District of South Carolina, Charleston Division | Qui Tam | Jenner & Block | Damages Analysis |
| 166. | Novartis Consumer Health, Inc. v. Elan Transdermal Technologies, Inc. Case No. 01-1120-CIV-MOORE (2002)** | U.S. District Court Southern District of Florida, Miami Division | Patent Infringement | Irell & Manella | Damages Analysis |
| 165. | 2learn2.com v. San Diego State University, College of Extended Studies, et. Al., Case No. 80 Y 181 00138 01 VMD (2002)** | American Arbitration Association | Breach of Contract | Stradling, Yocca, Carlson & Rauth | Damages Analysis |
| 164. | Carver et al. v. Audio Products International Corp. Case No. CV00-1477L (2002)** | U.S. District Court Western District of Washington | Patent Infringement | Christenson, O'Connor, Johnson & Kindness | Damages Analysis |

## Expert Testimony—Deposition (**If Protective Order in place)

| No. | Lawsuit | Court | Type | Law Firm/Attorneys | Work Performed |
|---|---|---|---|---|---|
| 163. | LASVN#2, et. al. v. Van Ness and Sperry, et. al., Case No. BC 206251 (2002 and 2003) | Los Angeles Superior Court, California | Breach of Fiduciary Duty | Krane & Smith | Damages Analysis |
| 162. | Cyberspace Headquarters, LLC v. MacMillan USA, Inc. Case No. 00 CV 9764 CBM (JWJx) (2001)** | U.S. District Court Central District of California | Lanham Act | Mahoney Coppenrath Jaffe & Pearson | Damages Analysis |
| 161. | Tri Valley Growers v. Oracle Corporation (2001) | San Francisco Superior Court | Breach of Contract | Dorsey & Whitney | Damages Analysis |
| 160. | PowerAgent, Inc. v. Electronic Data Systems Corporation No. 71 Y 117 00262 00 (2001) | American Arbitration Association | Breach of Fiduciary Duty | Baker & Botts Townsend and Townsend and Crew | Damages Analysis Due Diligence |
| 159. | Idea Man v. Silver & Freedman, Case No. BC235669 (2001) | Los Angeles Superior Court, California | Legal Malpractice | Krane & Smith | Damages Analysis |
| 158. | Intergraph Corporation v. Intel Corporation, CIV 97-N-3023-NE (2001)** | U.S. District Court Northern District of Alabama | Patent Infringement | Townsend and Townsend and Crew | Damages Analysis |
| 157. | Perry v. Mellon Financial Corporation Case No. 997170 (2001) | San Francisco Superior Court | Breach of Contract | Howard, Rice, Nemerovski, Canady, Robertson & Folk | Damages Analysis |
| 156. | Berclain America Latina, S.A., et al. v. Baan Company, et al. Case No. 403080 (2001)** | San Mateo Superior Court, California | Intentional Interference with Contract | Townsend and Townsend and Crew | Damages Analysis |
| 155. | Modesto City Schools, Stockton Unified School District. V. Riso Kagaku Corporation CIV S-99-2214 FCD/GGH (2001)** | U.S. District Court Eastern District of California | Antitrust | Kronick, Moskovitz, Tiedemann & Girard | Damages Analysis |
| 154. | City of Hope National Medical Center v. Genentech, Inc. Case No. BC 215152 (2001) (2002)** | Los Angeles Superior Court, California | Breach of Contract | Irell & Manella | Damages Analysis |
| 153. | Zomba v. MP3.com  Case Nos. 00 CIV 6831 and 6833 (2001)** | U.S. District Court Southern District of New York | Copyright Infringement | Orrick Herrington & Sutcliffe | Damages Analysis |
| 152. | Marconi Communications, Inc. v. Vidar-SMS Co. Civil No. CV-1293-L (2001)** | U.D. District Court Northern District of Texas | Theft of Trade Secret Breach of Indemnity Agreement | Munger Tolles & Olson | Damages Analysis |

PAGE ___

EXHIBIT ___

117

## EXPERT TESTIMONY—DEPOSITION (**If Protective Order in place)

| No. | Lawsuit | Court | Type | Law Firm/Attorneys | Work Performed |
|-----|---------|-------|------|--------------------|----------------|
| 151. | In re: BankAmerica Corp. Securities Litigation MDL No. 1264 (2001)** | U.S. District Court Eastern District of Missouri | Class Action Securities Litigation | Green Schaaf & Jacobson | Damages Analysis |
| 150. | Clayton Industries v. SPX Corporation Case No. 72-18166200-SMY (2001) | American Arbitration Association | Breach of Contract | Jenner & Block | Damages Analysis |
| 149. | Electro Scientific Industries, Inc. v. Dynamic Details, Inc. and GSI Lumonics, Inc. Case No. SACV00-272 AH (2001) | U.S. District Court Central District of California Southern Division | Patent Infringement | Knobbe Martens Olson & Bear | Damages Analysis |
| 148. | Farallon Capital Partners, L.P. v. Gleacher & Co. Inc. Case No. BC 215260 (2001) | Los Angeles Superior Court, California | Misrepresentation | Hennigan Bennet & Dorman | Alter Ego Analysis |
| 147. | Flying J Inc. et al. v. Comdata Network, Inc. and Trendar Corporation Civil No. 1:96CV0066K (2001)** | U.S. District Court District of Utah Northern Division | Antitrust | Bendinger Crockett Peterson & Casey Stokes Bartholomew Evans & Petree | Damages Analysis |
| 146. | Process Specialties, Inc. v. Sematech, Inc. Case No.: CIV-S-00-414 (2001 and 2002)** | U.S. District Court Eastern District of California | Antitrust | Herum, Crabtree, Brown, Dwyer, Zolezzi & Terpstra | Damages Analysis |
| 145. | Re/Max of California & Hawaii v. Robert Lesh, et al. No. BC186234 (2001) | Los Angeles Superior Court, California | Breach of Contract | Lewis, D'Amato, Brisbois & Bisgaard Murtaugh Miller Meyer & Nelson | Damages Analysis |
| 144. | True Fitness Technology, Inc. v. Precor Incorporated Case No. 4:99 CV1306-DJS (2001)** | U.S. District Court, Eastern District of Missouri | Patent Infringement | Christenson, O'Connor, Johnson & Kindness | Damages Analysis |
| 143. | TeeVee Toons, Inc., et al v. MP3.com, Inc. Case No. 00 CIV. 3951 (JSR) (2000)** | U.S. District Court, Southern District of New York | Copyright Infringement | Orrick, Herrington & Sutcliffe | Damages Analysis |
| 142. | Marketel v. priceline.com, Inc. Case No. C-99-0161 CAL (2000)** | U.S. District Court, Northern District of California | Theft of Trade Secret | Skadden, Arps, Slate, Meagher & Flom | Damages Analysis |
| 141. | Venture Industries Corporation, et al. v. Masco Tech, et al. No. 99-07219-CK (2000) | Circuit Court For The County of Kent, Michigan | Breach of Contract | Jenner & Block | Damages Analysis |
| 140. | Perry v. Miller Wagner & Co. Case No. CV 98-11591 (2000) | Superior Court, State of Arizona, County of Maricopa | Professional Malpractice | Mower, Koeller, Nebeker, Carlson & Haluck | Standard of Care and Damages Analysis |

## EXPERT TESTIMONY—DEPOSITION (**If Protective Order in place)

| No. | Lawsuit | Court | Type | Law Firm/Attorneys | Work Performed |
|---|---|---|---|---|---|
| 139. | Lussier Subaru, et al. v. Subaru of New England, Inc., et al Case No. C-99-109-B (2000) ** | U.S. District Court, District of New Hampshire | Class Action | Wiggin & Nourie Kronick, Moskovitz, Tiedemann & Girard | Damages Analysis |
| 138. | Optical Solutions, Inc. v. Michael S. Hawes and Associates Case No. 99AS05264 (2000) | Sacramento Superior Court, California | Professional Malpractice | Law Offices of Richard H. Hart | Damages Analysis |
| 137. | St Luke's Hospital v. California Pacific Medical Center No. 300518 (2000)** | San Francisco Superior Court, California | Unfair Competition Antitrust | Townsend and Townsend and Crew | Damages Analysis |
| 136. | Pactiv Corporation v. S.C. Johnson, Inc. Case No. 98C-2679 (2000)** | U.S. District Court, Northern District of Illinois | Patent Infringement | Jenner & Block | Damages Analysis |
| 135. | Lowe's Home Centers, Inc. v. General Electric Company Case No. 4:98-CV 0028 (2000) & (2001) ** | U.S. District Court, Northern District of Georgia Rome Division | Environmental Contamination | Williams &Connolly | Damages Analysis |
| 134. | MicroGuild, Inc. v. Netscape Communications Corporation No. CV774054 (2000) ** | Santa Clara Superior Court, California | Fraud | Pillsbury, Madison & Sutro | Damages Analysis |
| 133. | Rush Hour Music, L.L.C. v. Magix Entertainment Corp. Case No. 2:99cv1003 (2000) ** | U.S. District Court, Eastern District of Virginia Norfolk Division | Patent Infringement | Fellers, Snider, Blankenship, Bailey & Tippens | Damages Analysis |
| 132. | Engineered Products Co. v. Donaldson Company, Inc. Civ. No. 98-2106 MJM (2000) ** | U.S. District Court, Northern District of Iowa | Patent Infringement | Robins, Kaplan, Miller & Ciresi | Damages Analysis |
| 131. | Guzik Technical Enterprises v. KMY Instruments, Inc. Case No. CV762875 (2000) ** | Santa Clara Superior Court, California | Theft of Trade Secret | Gray, Cary, Ware & Friedenrich | Damages Analysis |
| 130. | Merchandise Mart Owners, LLC v. Metropolitan Life Insurance, Co. Case No. 98 CH 3566 (2000) ** | Circuit Court of Cook County, Illinois | Breach of Contract | Jenner & Block | Damages Analysis |
| 129. | Winkler Forming, Inc., PMC, Inc. v. Lewis Anten Case No. BC 194 364 (2000) | Los Angeles Superior Court, California | Patent Legal Malpractice | Lewis, D'Amato, Brisbois & Bisgaard | Damages Analysis |
| 128. | Ardent Software, Inc. v. Pacific Unidata, Inc. (2000) | CPR Arbitration | Breach of Contract | Christensen, O'Connor, Johnson & Kindness | Damages Analysis |

PAGE ___
EXHIBIT ___
___

## EXPERT TESTIMONY—DEPOSITION (**If Protective Order in place)

| No. | Lawsuit | Court | Type | Law Firm/Attorneys | Work Performed |
|-----|---------|-------|------|-------------------|----------------|
| 127. | Topanga and Victory Partners, L.P., et al. v. Jones, et al. Case No. LC 038853 (2000) | Los Angeles Superior Court, California | Breach of Contract | Hamburg, Hanover, Edward & Martin | Alter Ego Analysis |
| 126. | MET-Rx Foundation for Health Enhancement, et al. v. MET-RX USA, INC., et al. Case No. 771551 (2000) | Orange County Superior Court, California | Breach of Contract | Feldhake, August & Roquemore | Damages Analysis |
| 125. | Telecontrol Systems, Inc. v. Westec Security, Inc. Case No. BC 188264 (2000) | Los Angeles Superior Court, California | Theft of Trade Secret | Howarth & Smith | Damages Analysis |
| 124. | Hameetman v. Schumann, et al., Case No. SC 049754 (2000) | Los Angeles Superior Court, California | Breach of Contract | Hennigan, Bennett & Dorman | Damages Analysis |
| 123. | Placerita Oil Company, Inc. v. Berry Oil Trading & Transportation Co., et al. Case No. PC 017079 Z (1999) ** | Los Angeles Superior Court, California | Breach of Contract | Norman, Cormany, Hair & Compton | Damages Analysis |
| 122. | GATX/Air log Company, and GATX Capital v. Evergreen, Ellsinore, et al. Civil Action No. C 96-2494 WHO (1999) (2000) ** | U.S. District Court, Northern District of California | Breach of Contract | Murphy, Sheehan, Julian & Rogers | Alter Ego Analysis |
| 121. | Advanced Cardiovascular Systems, Inc. v. Medtronic, Inc. Case Nos. 95-03577 DLJ & 96-00942(DLJ) (1999) | U.S. District Court Northern District of California, Oakland Division | Patent Infringement | Robins, Kaplan, Miller & Ciresi | Damages Analysis |
| 120. | Trovan, Ltd, et al. v. Pfizer, Inc., Case No. 98-0094 (1999) | U.S. District Court, Central District of California | Lanham Act | Levin & Hawes | Damages Analysis |
| 119. | Norfolk Southern Railroad v. Flexivan & Dole Case No. 99 Civ. 055 WHP HBP (1999) | U.S. District Court, Southern District of New York | Breach of Contract | O'Melveny & Myers | Damages Analysis |
| 118. | Bitner, et al., v. Bayshore, et al. Case No. 771246 (1999) | Orange County Superior Court, California | Fraud, Breach of Fiduciary Duty | Law Offices of Jay Seltzer | Damages Analysis |
| 117. | Precor Incorporated v. Life Fitness Civil No. C94-1586C (1999) | U.S. District Court Western District of Washington | Patent Infringement, Unfair Competition | Christensen, O'Connor, Johnson, Kindness | Damages Analysis |
| 116. | Salant v. Spensley, Horn, Jubas & Lubitz Case No. SC033055 (1999) | Los Angeles Superior Court, California | Patent Legal Malpractice | Lewis, D'Amato, Brisbois & Bisgaard | Damages Analysis |

## EXPERT TESTIMONY—DEPOSITION (**If Protective Order in place)

| No. | Lawsuit | Court | Type | Law Firm/Attorneys | Work Performed |
|---|---|---|---|---|---|
| 115. | Susman v. GTE Information Services, Inc. Case No. 97-06677 (1999) ** | 44th Judicial District, Dallas County, Texas | Breach of Contract | Baker & Botts | Business Valuation |
| 114. | Surgin Surgical Instrumentation, Inc. v. Truck Insurance Exchange Case No. 66 2216 (1999) | Orange County Superior Court, California | Breach of Contract | Stradling Yocca Carlson & Rauth | Damages Analysis |
| 113. | Chesterfield Investments, et al. v. Stone Container Corporation Case No. BC 188858 (1999) | Los Angeles Superior Court, California | Breach of Contract | Orrick, Herrington & Sutcliffe | Damages Analysis |
| 112. | Imatec, Ltd, et al. v. Apple Computer, Inc. Civil Action No. 98 CV 1058(JGK) (1999) ** | U.S. District Court, Northern District of California | Patent Infringement | Fenwick & West | Damages Analysis |
| 111. | Saremi, et al. v. Atara, et al. Case No. 387467 (1999) | San Mateo Superior Court, California | Breach of Contract | Nelson, Greenberg & Cohen | Damages Analysis |
| 110. | ProCom Marketing v. Prestolite Wire Corp. Case No. C-96-20978 JF PVT (1998) ** | U.S District Court, Northern District of California | Theft of Trade Secret | Morrison & Forester | Damages Analysis |
| 109. | Irvine Ranch Water District v. Merrill Lynch & Co. Case No. 96-8932 (1998) | U.S. District Court, Central District of California | Intentional Misrepresentation | Irell & Manella | Damages Analysis |
| 108. | Zemco Manufacturing, Inc. v. Navistar Int'l Transportation Corp. Case No. 1:97CV0260 (1998) | U.S. District Court, Northern District of Indiana | Breach of Contract | Leeuw, Popper, Bee man & Doyle; Swift & Finlay son | Damages Analysis |
| 107. | Orlaford Limited, et al. v. BBC International, et al. Civil Action No. 97-C-0540-S (1998) | U.S. District Court Western District of Wisconsin | Patent Infringement | Foley & Lardner | Damages Analysis |
| 106. | Evanite Fiber Corp. v. Lauschaer Glaswerk GmbH, et al. Civil No. 2: 96-3525-18 (1998) | U.S. District Court, District of South Carolina, Charleston Division | Theft of Trade Secret | Farleigh, Wada & Witt | Damages Analysis |
| 105. | Livadas v. Graham & James Case No. BC 145386 (1998) | Los Angeles Superior Court, California | Legal Malpractice | Howard, Rice, Nemerovski, Canady, Robertson & Folk | Damages Analysis |
| 104. | Summa Four, Inc. v. Claircom Communications Group, Inc. d.b.a. AT&T Wireless Services Case No. 95-E-293 and 95-C-973 (1998) ** | Superior Court Northern District of Hillsborough County, New Hampshire | Breach of Contract | Hale & Dorr | Damages Analysis |

PAGE ___ EXHIBIT ___ 120

## EXPERT TESTIMONY—DEPOSITION (**If Protective Order in place)

| No. | Lawsuit | Court | Type | Law Firm/Attorneys | Work Performed |
|-----|---------|-------|------|--------------------|----------------|
| 103. | Ayre, et al. v. Attwood Corp., et al. Case No. 96-5087-NP (1998) | Circuit Court, County of Kent, Michigan | Wrongful Death | Kell & Lynch; Chaklos, Jungerheld, Hahn & Washburn | Damages Analysis |
| 102. | AQC Holdings, L.P. v. Dynamic Circuits, Inc. CV760815 (1998) ** | Santa Clara Superior Court, California | Breach of Contract | Freeborn & Peters | Damages Analysis |
| 101. | AMETRON v. Entin, et al. Case No. BC160521 (1998) | Los Angeles Superior Court, California | Usurpation of Corporate Opportunity | Mahoney, Coppenrath, Jaffe & Pearson | Damages Analysis |
| 100. | Mastercard Int'l, et al. v. Meridian Enterprises Corp. Case No. CA-94-4105 (DRD) 1997 ** | U.S. District Court, District of New Jersey | Patent Infringement | Woodard, Emhardt, Moriarty & McNett | Damages Analysis |
| 99. | Pitney Bowes, Inc. v. Hewlett Packard Company Case No. 395CV01764 (1997) ** | U.S. District Court, District of Connecticut | Patent Infringement | Pennie & Edmonds | Damages Analysis |
| 98. | McCaw v. McCaw Case No. 95-3-07235-0 SEA (1997) ** | King County Superior Court, Washington | Marital Dissolution | Perkins, Coie; Danielson, Harrigan & Tollefson; Kinzel, Allan, Skone & Searing; Law Offices of Gordon Wilcox | Investigatory Accounting |
| 97. | Foodmaker, Inc. v. The Vons Companies, Inc. Case No. BC085705 (1997) ** | Los Angels Superior Court, California | Defamation | Thorsnes, Bartolotta, McGuire & Padilla | Damages Analysis |
| 96. | JRS Products v. Network Office Systems Case No. 95 AS 04411 (1997) | Sacramento County Superior Court, California | Libel | Law Offices of Richard Hart | Damages Analysis |
| 95. | Galaxy Networks, Inc. v. Kenan Systems Corp. Civil Action No. CV-95-5568 DDP (1997) | U.S. District Court, Central District of California | Unjust Enrichment, Quantum Meruit | Irell & Manella | Damages Analysis |
| 94. | Rubin v. Southwest Leasing Corp. Case No. SC0322254 (1997) | Los Angeles Superior Court, California | Breach of Fiduciary Duty | Browne & Woods; Baker, Silberberg & Keenen | Damages Analysis |
| 93. | Tung Yuan Construction Co. v. Chao Case No. GC 012436 (1996) | Los Angeles Superior Court (Baseball Arbitration) | Breach of Contract | Bird, Marella, Boxer, Wolpert & Matz | Investigatory Accounting |
| 92. | Potlatch Corporation v. Beloit Corporation Case No. CV 95-01992 (1997) | 2nd Judicial District State of Idaho | Breach of Contract | Sacks Montgomery | Damages Analysis |

PAGE ____

EXHIBIT

722

15

**MICHAEL J. WAGNER**
Page 33

## EXPERT TESTIMONY—DEPOSITION (**If Protective Order in place)

| No. | Lawsuit | Court | Type | Law Firm/Attorneys | Work Performed |
|-----|---------|-------|------|--------------------|----------------|
| 91. | The Samuel Goldwyn Co. v. MCEG Virgin Vision, Ltd. Case No. BC 016305 (1997) | Los Angeles Superior Court, California | Breach of Contract | Irell & Manella | Damages Analysis |
| 90. | Ostex International, Inc. v. Boehringer Mannheim No. 79T184 00192 95 (1996) | American Arbitration Association | Breach of Contract | Mundt, MacGregor, Happel, Falconer, Zulauf & Hall | Damages Analysis |
| 89. | Cook Inc. v. Palmaz Case No. IP 94-1459C (TIG) (1996) | U.S. District Court, District of Indiana | Breach of Contract | Akin, Gump, Strauss, Hauer & Feld | Damages Analysis |
| 88. | Cinnamon, et al. v. Reaz Shera, et al. No. 95AS01471 (1996) | Sacramento County Superior Court, California | Breach of Contract | Law Offices of Richard Hart | Damages Analysis |
| 87. | United Rock Products Corp. v. City of Irwindale (1996) | Arbitration before the Honorable Robert Wenke | Inverse Condemnation | Jeffer, Mangels, Butler & Marmaro | Damages Analysis |
| 86. | Ferreira v. Virco Manufacturing Corp. No. L003894 (1996) | Solano County Superior Court, California | Product Defect | Howarth & Smith | Damages Analysis |
| 85. | In re: America Honda Motor Co., Dealerships Relations Litigation MDL Case No. 1069 (1996) ** | U.S. District Court, District of Maryland | RICO | Kronick, Moskovitz, Tiedemann & Gerard | Fairness of Settlement |
| 84. | Brooktree Corporation v. S3 Incorporated Civil Action No. 95-2388R (ATB) (1996) ** | U.S. District Court, Southern District of California | Patent Infringement | Howrey & Simon; Pillsbury, Madison & Sutro | Damages Analysis |
| 83. | Redacted v. Redacted (1996) | American Arbitration Association | Breach of Contract | Kirkland & Ellis | Damages Analysis |
| 82. | In re: Radica Games Limited CV-S-94-00653-DAE (LRL) (1996) | U.S. District Court, District of Nevada | Class Action Securities Case | Sullivan & Cromwell | Damages Analysis |
| 81. | Martin v. Sprint Case No. (IV-S-93-1731) (1996) | U.S. District Court, Eastern District of California | Breach of Contract | Law Offices of Lisa Wright | Damages Analysis |
| 80. | Thermodyne v. McDonald's Corp. Case No. 1:95 CV 0232 (1996) | U.S. District Court, Northern District of Illinois | Theft of Trade Secret | Swift & Finlayson; Leeuw & Doyle | Damages Analysis |
| 79. | Competitive Technology, Inc. v. AST Research, Inc. Case No. 74 82 37 (1996) | Orange County Superior Court, California | Tortious Interference with Contract | Stradling, Yocca, Carlson & Rauth | Damages Analysis |

PAGE ___

EXHIBIT 75

123

## EXPERT TESTIMONY—DEPOSITION (**If Protective Order in place)

| No. | Lawsuit | Court | Type | Law Firm/Attorneys | Work Performed |
|-----|---------|-------|------|--------------------|----------------|
| 78. | Ah Young Industrial Co. v. Brunswick Corp. Case No. 2340 CA (1996) | U.S. District Court, Northern District of California | Breach of Contract | Thelen, Marrin, Johnson & Bridges | Damages Analysis |
| 77. | Medical Billing, Inc. v. Medical Management Services No. 1:94-CV-1567 (1996) | U.S. District Court Northern District of Ohio, Eastern Division | Breach of Contract | Donovan, Leisure, Newton & Irvine | Damages Analysis |
| 76. | TRW, Inc. v. Talley Industries, Inc. Case No. 89-1920 (1996) | U.S. District Court, District of Arizona | Breach of Contract | Donovan, Leisure, Newton & Irvine; Cohen & Cotton | Damages Analysis |
| 75. | Wadsworth Golf Construction Co. v. Castle Oak Investment Corp. Case No. 18250 (1996) | Amador County Superior Court, California | Breach of Contract | Mark Wieklinski, Ann Rankin | Alter Ego Analysis |
| 74. | Conte v. Kelly Case No. LC 018879 (1996) | Los Angeles Superior Court, California | Legal Malpractice | Lewis, D'Amato, Brisbois & Bisgaard | Damages Analysis |
| 73. | Forti v. General Dynamics No. KC 016871/017393 (1996) | Los Angeles Superior Court, California | Breach of Contract | Howarth & Smith | Business Valuation |
| 72. | TLB, Inc. v. Platinum Software Civil No. 95WY621 (1996) | U.S. District Court of Colorado | Tortious Interference with Contract | Stradling, Yocca, Carlson & Rauth | Damages Analysis |
| 71. | Strand Home Video v. Affiliated Regional Communications SC028 190 (1995) | Los Angeles Superior Court, California | Breach of Contract | Browne & Woods | Damages Analysis |
| 70. | Schlessinger v. Safeco Insurance Co. of America Case No. SC027965 (1995) | Los Angeles Superior Court, California | Bad Faith | Schlessinger & Wheeler | Damages Analysis |
| 69. | J.H. Design v. The Walt Disney Company No. BC090 485 (1995) ** | Los Angeles Superior Court, California | Breach of Contract | Bird, Marella, Boxer, Wolpert & Matz | Damages Analysis |
| 68. | Hewlett-Packard Company v. GenRad, Inc. No. 94-10675 RCL (1995) ** | U.S. District Court, District of Massachusetts | Patent Infringement | Pennie & Edmonds | Damages Analysis |
| 67. | Licensing Funding Partners v. Biblioteca Apostolica Vaticana, et al. BC 059176 (1995) | Los Angeles Superior Court, California | Breach of Contract | Howarth & Smith, Blecher & Collins | Damages Analysis |
| 66. | In re: AST Research Securities Litigation CV-94-1370 SVW (1995) | U.S. District Court, Central District of California | Class Action Securities Case | Prongay & Mikolajcyk; Greenfield & Rifkin | Damages Analysis |

PAGE _____

EXHIBIT _____ 15

124

## EXPERT TESTIMONY—DEPOSITION (**If Protective Order in place)

| No. | Lawsuit | Court | Type | Law Firm/Attorneys | Work Performed |
|-----|---------|-------|------|---------------------|----------------|
| 65. | AJIR, et al. v. Exxon Corp. No. C-93 20830 RMW PVT (1995) | U.S. District Court Northern District of California | PMPA | McClintock, Weston, Benshoof, Rochefort, Rubalcava & Mac-Cuish | Damages Analysis |
| 64. | TRW, Inc. v. Talley Industries CIV 94-0350-PHX-PGR (1995) | U.S. District Court, District of Arizona | Breach of Contract | Donovan, Leisure, Newton & Irvin; Cohen & Cotton | Damages Analysis |
| 63. | Fordiani v. Siino, et al. No. C93-05885 (1995) | Contra Costa Superior Court, California | Misrepresentation | King, Shapiro, Mittelman & Buchman | Damages Analysis |
| 62. | Gonsalves v. Kaiser Sand & Gravel and SVAR Industries No. C92-3561 MHP (1995) | U.S. District Court Northern District of California | Antitrust | Thelen, Marrin, Johnson & Bridges | Damages Analysis |
| 61. | Supra Corporation v. D.L. Horton Enterprises, Inc. BC 093085 (1995) | Los Angeles Superior Court, California | Breach of Fiduciary Duty | Stradling, Yocca, Carlson & Rauth | Damages Analysis |
| 60. | Adams v. Calif. State Automobile Assoc. No. 916163 (1994) | San Francisco Superior Court, California | Various Business Torts | Thelen, Marrin, Johnson & Bridges | Cost Allocation and Reasonableness of Commissions |
| 59. | Mahne v. Crown Roll Leaf No. BC069435 (1994) *58 | Los Angeles Superior Court, California | Breach of Contract | Quinn, Emanuel, Urquhart & Oliver | Damages Analysis |
| 58. | Virgin Vision Ltd. v. The Samuel Goldwyn Co. No. BC-013701 (1994) | Los Angeles Superior Court, California | Intellectual Property | Law Offices of James P. Tierney | Damages Analysis |
| 57. | Ethicon Endo-Surgery v. Richard-Allen Medical Industries No. C2940501 (1994) ** | U.S. District Court Southern District of Ohio | Patent Infringement | Sullivan & Cromwell | Damages Analysis |
| 56. | Knickerbocker v. Scudder Reality Advisors Inc. Case No. 200169 (1994) | Riverside Superior Court, California | Breach of Contract | Giles & Burkhalter | Damages Analysis |
| 55. | Chaintool Company v. Workman, Nydegger & Jensen Civil No. 900903226CV (1994) | Third Judicial Court, Salt Lake City, Utah | Patent Attorney Malpractice | Wilkins, Oritt & Headman | Damages Analysis |

PAGE ___

EXHIBIT ___

126

75

## EXPERT TESTIMONY—DEPOSITION (**If Protective Order in place)

| No. | Lawsuit | Court | Type | Law Firm/Attorneys | Work Performed |
|---|---|---|---|---|---|
| 54. | Southland Sod Farms v. Stover Seed Company, et al. Civil No. 92-4894-JMI (1994) ** | U.S. District Court, Central District of California | Lanham Act | Nordman, Cormany, Hair & Compton | Damages Analysis |
| 53. | In re: Information Resources, Inc. Civil No. 89C 3712 (1994) | U.S. District Court, Northern District of Illinois | Class Action Securities Case | Freeborn & Peters; Katten, Muchin & Zavis | Budgeting |
| 52. | Guy v. United Healthcare Corp. Case No. C2-92-397 (1993) | U.S. District Court, Southern District of Ohio | Breach of Contract | Robert J. Feldhake | Damages Analysis |
| 51. | The Boulders on the River v. First Interstate Bank of California Civil No. 90-19MA (1993) | U.S. District Court, Oregon | Breach of Contract | Lane Powell Spears Lubersky | Damages Analysis |
| 50. | American Savings Bank v. MGM-Pathe Communications Corp. (1993) | Los Angeles Superior Court, California | Breach of Guarantee | Pircher, Nichols & Meeks | Alter Ego Analysis |
| 49. | Liebert Corp. v. North American Phillips Corp. (1993) | Orange County Superior Court, California | Breach of Warranty | Banchero & Lasater | Damages Analysis |
| 48. | Precor v. Weider Civil No. C91-1743Z (1993) | U.S. District Court, Western District of Washington | Patent Infringement | Christensen, O'Connor, Johnson & Kindness | Damages Analysis |
| 47. | Astec v. North American Phillips Corp. (1993) | Los Angeles Superior Court, California | Breach of Warranty | Banchero & Lasater | Damages Analysis |
| 46. | Gill v. American Savings Bank (1992) | U.S. Bankruptcy Court, Central District of California | Bankruptcy | Milbank, Tweed, Hadley & McCloy | Bankruptcy Analysis |
| 45. | Haro v. The Hahn Company (1992) | Los Angeles Superior Court, California | Breach of Fiduciary Duty | Howarth & Smith | Punitive Damages |
| 44. | Tube Forgings of America v. Weldbend (1992) | U.S. District Court, Oregon | Lanham Act | Mayer, Brown & Platt | Damages Analysis |
| 43. | State of California v. Bio-Rad (1992) | Alameda Superior Court, California | Eminent Domain | James Whittaker | Damages Analysis |
| 42. | E.J. Bartells Co. v. A.P. Green Industries (1992) | King County Superior Court, Washington | Securities Laws Violations | Thompson & Mitchell | Damages Analysis |

## EXPERT TESTIMONY—DEPOSITION (**If Protective Order in place)

| No. | Lawsuit | Court | Type | Law Firm/Attorneys | Work Performed |
|---|---|---|---|---|---|
| 41. | Stafford v. Miller, Wagner & Co. (1991) | State Court, Phoenix, Arizona | Accounting Malpractice | Greengard & Finley | Professional Standards |
| 40. | Firnschild v. Wyandotte Hospital (1991) | State Court, Detroit, Michigan | Breach of Contract | Kitch, Saurbier, Drutchas, Wagner & Kenney | Damages Analysis |
| 39. | Bacchi v. Fireman's Fund Insurance Co. (1991) | JAMS, Los Angeles, California | Breach of Contract | Kayajanian, Furay, Baker & Hill | Damages Analysis |
| 38. | Ixsys v. Stratagene (1991) | San Diego Superior Court, California | Intellectual Property | Pillsbury, Madison & Sutro | Damages Analysis |
| 37. | Falcon Cable Media v. Booth American Co. (1990) | U.S. District Court, Central District of California | Tortious Interference with Contract | Thelen, Marrin, Johnson & Bridges | Damages Analysis |
| 36. | Ingram v. Owens Illinois (1990) | U.S. District Court, Oregon | Asbestos | Morgenstein & Jubelirer | Punitive Damages |
| 35. | Sucperity Corp. of California v. Shih (1990) | U.S. District Court, Central District of California | Breach of Contract | Fred & Lewin | Investigatory Accounting |
| 34. | Moreland v. Planet Insurance Company (1990) | Santa Barbara Superior Court, California | Breach of Contract | Rosenfeld, Meyer & Susman | Business Valuation |
| 33. | First Interstate Bank of Washington v. AFC (1990) | King County Superior Court, Washington | Lender Liability | Davis, Wright & Tremaine | Damages Analysis |
| 32. | El Torito v. La Mirada Redevelopment Agency (1990) | Orange County Superior Court, California | Condemnation | Bidna & Keys | Business Valuation |
| 31. | Moss v. Shepp (1990) | Los Angeles Superior Court, California | Legal Malpractice | Musick, Peeler & Garrett | Damages Analysis |
| 30. | Woodbridge Plaza v. Bank of Irvine (FDIC) (1990) | Orange County Superior Court, California | Breach of Contract | Bidna & Keys | Real Estate Valuation |
| 29. | Lines v. Bank of America (1990) | U.S. District Court, Northern District of California | Antitrust | Thelen, Marrin, Johnson & Bridges | Damages Analysis |
| 28. | Major Projects, Inc. v. Hismeh (1990) | Riverside Superior Court, California | Breach of Contract | Bidna & Keys | Damages Analysis |
| 27. | Hammersmith v. Taco Bell Corp. (1990) | U.S. District Court, Oregon | Fraud | Skadden, Arps, Slate, Meagher & Flom | Damages Analysis |

PAGE ___  EXHIBIT ___  126  15

PAGE

EXHIBIT

727

## EXPERT TESTIMONY—DEPOSITION (\*\*If Protective Order in place)

| No. | Lawsuit | Court | Type | Law Firm/Attorneys | Work Performed |
|-----|---------|-------|------|--------------------|----------------|
| 26. | Pioneer Hi-Bred v. Holden Foundation Seeds (1989) | U.S. District Court, Iowa | Theft of Trade Secret | Grefe & Sidney | Damages Analysis |
| 25. | Hideaway Productions v. Ampex Corp. (1989) | Los Angeles Superior Court, California | Breach of Implied Warranties, Fraud | Rosenfeld, Meyer & Susman | Damages Analysis |
| 24. | Lim v. Lehman (1989) | Sacramento Superior Court, California | Breach of Contract | Wolf & Leo | Damages Analysis |
| 23. | Bernstein v. Delta Airlines (1989) | U.S. District Court, Southern District of Florida | Wrongful Death | Steven Walker; Jenner & Block | Damages Analysis |
| 22. | Lippman v. Levy (1989) | Los Angeles Superior Court, California | Breach of Contract, Fraud | Browne & Woods | Business Valuation |
| 21. | In re: Technical Equities Federal Securities Litigation (1989) | U.S. District Court, Northern District of California | Class Action Securities Case | Buchalter, Nemer, Fields & Younger | Damages Analysis |
| 20. | Kay Co. v. HCC Industries (1989) | U.S. District Court, Southern District of Texas | Product Liability | Mayer, Day & Caldwell | Alter Ego Analysis |
| 19. | Pacific Dataware Inc. v. Novell (1989) | U.S. District Court, Utah | Antitrust | Kirton, McConkie & Poleman | Damages Analysis |
| 18. | Cole v. Benvenuti (1989) | Sacramento Superior Court, California | Breach of Contract | Lovitt & Hannan | Damages Analysis |
| 17. | Redacted v. Redacted (1988) | Los Angeles Superior Court | Professional Negligence | Riordan & Mckenzie | Professional Negligence & Damages Analysis |
| 16. | Sunwest Bank v. Alec Sharp (1988) | U.S. District Court, Central District of California | Breach of Contract | Lewis, D'Amato, Brisbois & Bisgaard | Damages Analysis |
| 15. | Standard Wire & Cable v. Ameritrust (1988) | U.S. District Court, Central District of California | Lender Liability | Milbank, Tweed, Hadley & McCloy | Damages Analysis |
| 14. | Small v. Rogers (1988) | Los Angeles Superior Court, California | Breach of Contract and Fiduciary Duty | Loeb & Loeb | Business Valuation |
| 13. | Cleanmaster v. Fireman's Fund Insurance (1988) | Los Angeles Superior Court, California | Business Interruption | Crouch & Fern | Damages Analysis |

EXPERT TESTIMONY—DEPOSITION (**If Protective Order in place)

| No. | Lawsuit | Court | Type | Law Firm/Attorneys | Work Performed |
|---|---|---|---|---|---|
| 12. | Benvenuti v. Evans (1988) | Sacramento Superior Court, California | Fraud, Breach of Contract | Kronick, Moskovitz, Tiedemann & Girard | Real Estate Valuation |
| 11. | In re: Technical Equities (1988) | Santa Clara Superior Court, California | Class Action Securities Case | Buchalter, Nemer, Fields & Younger | Damages Analysis |
| 10. | Avila v. Goeden (1988) | U.S. District Court, Central District of California | Fraud, Breach of Contract | Rogers & Wells | Damages Analysis |
| 9. | Skeen v. Wynn's International (1987) | Los Angeles Superior Court, California | Fraud, Breach of Contract | Gibson, Dunn & Crutcher | Business Valuation |
| 8. | Dumke v. Buffalo Chips, Inc. (1987) | San Francisco Superior Court, California | Breach of Contract | Kronick, Moskovitz, Tiedemann & Girard | Damages Analysis |
| 7. | General Dynamics v. AT&T (1986) | U.S. District Court, Northern District of Illinois | Antitrust | Jenner & Block | Damages Analysis |
| 6. | Zelmans v. Tarzana Medical Partners (1985) | Los Angeles Superior Court, California | Breach of Contract | Fischer, Krane, & Jacobson | Damages Analysis |
| 5. | Ambassador Foods, Inc. v. State of California (1985) | Los Angeles Superior Court, California | Breach of Contract | Legal Staff of California Dept. of Transportation | Damages Analysis |
| 4. | Grizzard v. Western Kraft (1985) | Los Angeles Superior Court, California | Breach of Implied Warranties | Stern & Miller | Damages Analysis |
| 3. | Decorative Carpets v. Barkhordarian (1983 and 1988) | San Francisco Superior Court, California | Constructive Eviction | Pillsbury, Madison & Sutro | Damages Analysis |
| 2. | Morse Products v. AT&T (1983) | U.S. District Court, Central District of California | Antitrust | Blecher, Collins & Weinstein | Damages Analysis |
| 1. | Atherton Industries v. Sweda International (1982) | San Francisco Superior Court, California | Breach of Implied Warranties of Fitness and Merchantability | Cutler & Cutler | Damages Analysis |

PAGE \_\_\_\_

EXHIBIT

129

## EXPERT TESTIMONY—ALTERNATIVE DISPUTE RESOLUTION FORUMS
(*Indicates Number in Deposition Section if deposition testimony is given

| No. | Lawsuit | Court | Type | Law Firm/Attorneys | Work Performed |
|-----|---------|-------|------|-------------------|----------------|
| 29. | Redacted v. Redacted Case No. 74 180 Y 00729 06 DEAR (2007)** | American Arbitration Association | Breach of Contract | Howard Rice Nemerovski, Canady, Falk & Rabkin | Fairness of Partner Compensation |
| 28. | SilentAir Corporation v. Maytag Corporation, et al. Case No. 77133 0022205NADE (2006) | American Arbitration Association | Breach of Contract | Holland & Knight LLP | Damages Analysis |
| 27. | George Yardley Company, Inc. v. Johnson Controls, Inc. Case No. 72 11001086 02 (2005) | American Arbitration Association | Antitrust | Stradling, Yocca, Carlson & Rauth | Damages Analysis |
| 26. | Anthony M. Trolio v. RemedyTemp, Inc. Case No. 72-114-305-02 MACR (2004) | American Arbitration Association | Breach of Contract | Lewis, Brisbois, Bisgaard & Smith | Damages Analysis |
| 25. | 911Notify.com v. Verizon Delaware, Inc. Case No: 71Y1810072202 (2003) | American Arbitration Association | Breach of Contract | Munger, Tolles & Olson | Damages Analysis |
| 24. | SPX Corporation v. Franklin Electric Corporation Case No. 51 Y 198 00469 01 (2002) | American Arbitration Association | Breach of Contract | Jenner & Block | Business Valuation |
| 23. | 2learn2.com v. San Diego State University, College of Extended Studies, et. Al., Case No. 80 Y 181 00138 01 VMD (2002)* 165 | American Arbitration Association | Breach of Contract | Stradling, Yocca, Carlson & Rauth | Damages Analysis |
| 22. | PowerAgent, Inc. v. Electronic Data Systems Corporation No. 71 Y 117 00262 00 (2002)*160 | American Arbitration Association | Breach of Fiduciary Duty | Baker & Botts Townsend and Townsend and Crew | Damages Analysis Due Diligence |
| 21. | Potlatch Corporation v. Beloit Corporation Case No. 99-2177 (PJW) (2002) | JAMS, San Francisco, California | Breach of Contract | Sacks Montgomery | Damages Analysis |
| 20. | Clayton Industries v. SPX Corporation Case No. 72-18166200-SMY (2001) *150 | American Arbitration Association | Breach of Contract | Jenner & Block | Damages Analysis |
| 19. | Fourthchannel, inc. v. Pivotal Corporation No. 50 T 133 00200 (2001) | American arbitration Association | Breach of Contract | Dorsey & Whitney LLP Bordon Ladner Gervais | Damages Analysis |
| 18. | Glass & Associates v. Factory Mutual Insurance Company Civil No. 99-6105-HO (2000) | U.S. District Court, District of Oregon | Breach of Contract | Ball Janik | Damages Analysis |
| 17. | Ardent Software, Inc. v. Pacific Unidata, Inc. (2000)*127 | CPR Arbitration | Breach of Contract | Christensen, O'Connor, Johnson & Kindness | Damages Analysis |

EXHIBIT PAGE ___ 130   15

## EXPERT TESTIMONY—ALTERNATIVE DISPUTE RESOLUTION FORUMS
(*Indicates Number in Deposition Section if deposition testimony is given

| No. | Lawsuit | Court | Type | Law Firm/Attorneys | Work Performed |
|---|---|---|---|---|---|
| 16. | RAM Consulting, Inc. v. Adams Golf No. 74-Y181-0602-98 (1999) | American Arbitration Association | Breach of Contract | Howard, Rice, Nemerovski, Canady, Falk & Rabkin | Damages Analysis |
| 15. | Synnex Information Technologies v. Tandy Corp., et al. C97-3757 WHO (1999) | U.S. District Court, Northern District of California, Referral | Breach of Contract | Nelson, Greenberg & Cohen | Damages Analysis |
| 14. | The Ischemia Research & Educational Foundation v. UCB, S.A. No. 74 T181 0440 97 (1998) | American Arbitration Association | Breach of Contract | Howard, Rice, Nemerovski, Canady, Falk & Rabkin | Damages Analysis |
| 13. | Green Hills Software, Inc. v. Integrated Systems, Inc. No. 72 117 01213 97 (1998) | American Arbitration Association | Breach of Contract | Munger, Tolles & Olson | Damages Analysis |
| 12. | Prestige Card, Inc. v. Bank One, et al. (1998) | American Arbitration Association | Breach of Contract | Lane Powell Spears Lubersky | Damages Analysis |
| 11. | Tung Yuan Construction Co. v. Chao Case No. GC 012436 (1996) *93 | Los Angeles Superior Court (Baseball Arbitration) | Breach of Contract | Bird, Marella, Boxer, Wolpert & Matz | Investigatory Accounting |
| 10. | Polo Ralph Lauren L.P. v. The Magnin Company, Inc. (1997) | American Arbitration Association | Breach of Contract | Browne & Woods | Damages Analysis |
| 9. | Redacted v. Redacted (1996) | American Arbitration Association | Breach of Contract | Kirkland & Ellis | Damages Analysis |
| 8. | Ostex International, Inc. v. Boehringer Mannheim No. 79T184 00192 95 (1996) *88 | American Arbitration Association | Breach of Contract | Mundt, MacGregor, Happel, Falconer, Zulauf & Hall | Damages Analysis |
| 7. | Kenady v. Cooper, White & Cooper No. 940973151 (1995) | JAMS, San Francisco, California | Breach of Contract | Quinn, Kully and Morrow | Damages Analysis |
| 6. | Dahle v. Integrated Resource Equity Corp. (1991) | NASD Arbitration, Portland, Oregon | Securities Violations | Garvey, Schubert & Barer | Damages Analysis |
| 5. | Bacchi v. Fireman's Fund Insurance Co. (1991) *39 | JAMS, Los Angeles, California | Breach of Contract | Kayajanian, Furay, Baker & Hill | Damages Analysis |
| 4. | Kernohan v. Prudential Bache (1989) | American Arbitration Association | Breach of Fiduciary duty | Orrick, Herrington & Sutcliffe | Damages Analysis |

PAGE _____ 731

EXHIBIT _____ 15

MICHAEL J. WAGNER
Page 42

## EXPERT TESTIMONY—ALTERNATIVE DISPUTE RESOLUTION FORUMS

(*Indicates Number in Deposition Section if deposition testimony is given

| No. | Lawsuit | Court | Type | Law Firm/Attorneys | Work Performed |
|---|---|---|---|---|---|
| 3. | Scherick v. Taft Entertainment Co. (1989) | American Arbitration Association | Breach of Contract | Rosenfeld, Meyer & Susman | Damages Analysis |
| 2. | Nuvision Eyecare v. Southern California Glazers (1987) | American Arbitration Association | Breach of Contract | Gibson, Dunn & Crutcher | Damages Analysis |
| 1. | Pittsburgh/Des Moines Corp. v. Garden Grove Community Church (1984) | American Arbitration Association | Breach of Construction Contract | Irell & Manella | Damages Analysis |

PAGE _____ 132

EXHIBIT _____ 75

## EXPERT TESTIMONY—WRITTEN TESTIMONY ONLY

| No. | Lawsuit | Court | Type | Law Firm/Attorneys | Work Performed |
|-----|---------|-------|------|--------------------|----------------|
| 8. | In re Textile Rental Services Litigation Case No CV-05-19 (2006) | Circuit Court of Barbour County (Clayton Division), Alabama | Class Action Fraud and Breach of Contract | 14 different law firms | Fairness of Settlement |
| 7. | Castle & Cooke California, Inc. v. Waste Management of California, Inc. No. CV760322 (1997) | JAMS/ENDISPUTE | Breach of Contract | Crosby, Heafey, Roach & May | Business Valuation |
| 6. | IMACC Corporation v. Dorothy Myers Warburton, et al. Case No. C 93 114 CW (1996) | U.S. District Court Northern District of California | Environmental Cleanup | Morrison & Foerster Lane Powell Spears Lubersky Larson & Burnham | Alter Ego Analysis |
| 5. | Williams v. Kaiser Sand & Gravel & SYAR Case No. C92-3561 (1995) | U.S. District Court Northern District of California | Antitrust | Thelen, Marrin, Johnson & Bridges | Damages Analysis |
| 4. | State Farm, et al. v. Garmendi Case No. 918689 (1995) | Los Angeles Superior Court, California | Declaratory Relief | Heller, Ehrman, White & McAuliffe | Reasonableness of Fees |
| 3. | In re: Phar-Mor Inc. Securities Litigation Case No. 93-631 (1995) | U.S. District Court, Western District of Pennsylvania | Securities Litigation | Zelle & Larson | Damages Analysis |
| 2. | Reggie White, et al. v. N.F.L. Civil No. 4-92-906 (1993) | U.S. District Court, District of Minnesota, 4th Division | Antitrust | Howarth & Smith | Damages Analysis |
| 1. | McCarthy v. Pollet (1983) | State Court, Hawaii | Fraud | Goodsill, Anderson, Quinn & Stifell | Investigatory Accounting |