QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. Stephen G. Larson<br><br>**[PUBLIC REDACTED]**<br><br>**DECLARATION OF RANDA OSMAN IN SUPPORT OF MATTEL, INC.'S NOTICE OF MOTION AND MOTION OBJECTING TO PORTIONS OF DISCOVERY MASTER'S APRIL 14, 2008 ORDER GRANTING IN PART MATTEL'S MOTION TO COMPEL COMMUNICATIONS REGARDING THIS ACTION**<br><br>Date: June 16, 2008<br>Time: 10:00 a.m.<br>Place: Courtroom 1<br><br>**Phase 1**<br>Discovery Cut-Off: Jan. 28, 2008<br>Pre-Trial Conference: May 19, 2008<br>Trial Date: May 27, 2008 |

# DECLARATION OF RANDA A. F. OSMAN

I, Randa A.F. Osman, declare as follows:

1. I am a member of the bar of the State of California and a partner at Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for Mattel, Inc. ("Mattel"). I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

2. On Thursday, April 24, 2008, I met and conferred telephonically with Amy Park and Bernard Shek of Skadden, Arps, Slate, Meagher & Flom LLP ("Skadden"), counsel of record for MGA in this action, concerning this Motion. During this conference, I offered to restrict Mattel's Request for Production No. 48 (the "Request") to just non-privileged communications between MGA's counsel or paralegals and others concerning this action. I also offered to alleviate any claimed burden further by excluding electronic files from MGA's search, and offered to limit the scope of MGA's search to hard copies of non-privileged documents that were contained in the correspondence files, thereby eliminating the need to search electronic email files. Ms. Park informed me that she would discuss this offer with her client and get back to me.

3. On April 25, 2008, Bernard Shek of Skadden sent me an email stating that MGA would not agree to the limitations that I proposed in the April 24 meet and confer. Attached hereto as Exhibit A is a true and correct copy of Mr. Shek's April 25, 2008 email to me.

4. Attached hereto as Exhibit B are true and correct copies of the relevant pages of the deposition transcript of Christina Tomiyama, taken on February 27, 2008.

1       5.    Attached hereto as Exhibit C is a true and correct copy of Discovery Master Infante's Order Granting In Part Mattel's Motion To Compel MGA To Produce Communications Regarding This Action dated April 14, 2008.

      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

      Executed on April 28, 2008, at Los Angeles, California.

      /s/ Randa A. F. Osman
      Randa A.F. Osman

# EXHIBIT A

# Randa Osman

| | |
|---|---|
| **From:** | Shek, Bernard [Bernard.Shek@skadden.com] |
| **Sent:** | Friday, April 25, 2008 5:31 PM |
| **To:** | Timothy Alger; Randa Osman |
| **Cc:** | Park, Amy S (PAL) |
| **Subject:** | Bryant v. Mattel - Discovery Master orders |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Green |

Tim & Randa:

I am following up on our telephone conversations yesterday regarding the Discovery Master's orders re Mattel's request for communications re this action and the Fifth Set of Requests for Production. We have conferred with our client and are comfortable with the Discovery Master's rulings on those matters. Accordingly, we do not agree to your proposals. Please feel free to contact Amy or me if you would like to discuss the matter further.

Regards,
Bernard

---

Bernard Shek
Skadden, Arps, Slate, Meagher & Flom LLP
525 University Avenue, Suite 1100
Palo Alto, CA 94301
Tel: 650-470-4513
Fax: 888-329-9592

******************************************************** To ensure compliance with Treasury Department regulations, we advise you that, unless otherwise expressly indicated, any federal tax advice contained in this message was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or applicable state or local tax law provisions or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein. ***********************************************************
*********************************************************** This email and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified any dissemination, distribution or copying of this email, and any attachments thereto, is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original copy and any copy of any email, and any printout thereof. Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request. ***************************************************

EXHIBIT   A

PAGE   3

4/28/2008

**EXHIBIT B**

**CONFIDENTIAL -
ATTORNEYS EYES ONLY
FILED UNDER SEAL PURSUANT
TO PROTECTIVE ORDER**

**EXHIBIT C**

```
Hon. Edward A. Infante (Ret.)
JAMS
Two Embarcadero Center
Suite 1500
San Francisco, California 94111
Telephone:  (415) 774-2611
Facsimile:  (415) 982-5287
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>CONSOLIDATED WITH<br>MATTEL, INC. v. BRYANT and<br>MGA ENTERTAINMENT, INC. v. MATTEL, INC. | CASE NO. CV 04-09049 SGL (RNBx)<br>JAMS Reference No. 1100049530<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-2727<br><br>**ORDER GRANTING IN PART MATTEL'S MOTION TO COMPEL MGA TO PRODUCE COMMUNICATIONS REGARDING THIS ACTION** |

## I. INTRODUCTION

On February 4, 2008, Mattel, Inc. ("Mattel") submitted a "Motion to Compel MGA to Produce Communications Regarding this Action." On February 11, 2008, MGA Entertainment, Inc., Isaac Larian, MGA Entertainment (HK) Limited and MGAE de Mexico S.R.L. de C.V. (collectively "MGA") submitted an opposition. On February 14, 2008, Mattel submitted a reply. On April 9, 2008, Mattel submitted the Second Supplemental Declaration of Dylan Proctor in

support of its motion. The matter was heard on April 11, 2008.

## II. BACKGROUND

In March of 2005, Mattel propounded its First Set of Requests for Production of Documents and Tangible Things. Request No. 48 in Mattel's First Set of Requests, the only request at issue in this motion, sought from MGA "[a]ll non-privileged COMMUNICATIONS between YOU and any PERSON that REFER or RELATE TO this action." MGA objected to the Request on several grounds, including relevancy, overbreadth and undue burden.

In January of 2008, Mattel wrote to MGA to request a meet and confer conference regarding Request No. 48. Mattel offered to narrow the Request to "communications that refer or relate to this action that (i) involve at least one MGA employee who holds or held a position of manager or higher; (ii) involve MGA's agents and/or attorneys acting on MGA's behalf; or (iii) involve a former Mattel employee who communicated about this action while employed by MGA, regardless of title." Mattel's Motion at p.4. In response, MGA agreed to search for and produce management-level communications if Mattel would agree to pay the costs. The parties were unable to reach any agreement regarding Request No. 48, and consequently Mattel filed the instant motion.

Mattel seeks an order compelling MGA to produce documents responsive to Request No. 48, as narrowed during the meet and confer process. Mattel contends that the requested communications are likely to lead to impeachment evidence and information about witness biases. Mattel also contends that the requested communications are likely to lead to evidence to support its RICO claims, and in particular, its allegation that MGA has induced Mattel employees to steal Mattel's confidential information or other property and take it with them to MGA, and its allegation that MGA has engaged in spoliation of evidence.

Mattel contends that Request No. 48, as narrowed, is limited to MGA's core personnel, its authorized agents and attorneys who communicate about this action, and former Mattel employees at MGA. Mattel contends that these three groups represent a finite, reasonable list of individuals whose communications about this case are likely to be relevant. Mattel also contends that cost-shifting is not appropriate because the discovery it seeks is not unduly burdensome.

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT  C    2

PAGE  69

Case 2:04-cv-09049-SGL-RNB   Document 3092   Filed 04/14/2008   Page 3 of 6

MGA objects to the narrowed version of the Request. In MGA's view, the Request remains a generalized catch-all request for communications that might be related in any conceivable way to the case. MGA also objects to the Request because of the sheer number of MGA employees who would fall within its scope (*i.e.*, 204 MGA employees who hold or held a position of manager or higher and approximately 70 former Mattel employees who have worked for MGA) and the cost associated with searching and reviewing employees' files. MGA further contends that Mattel's request for non-privileged communications from MGA's current or prior counsel that refer to this litigation is particularly burdensome for several reasons, including the length of time this case has been pending, the number of firms and attorneys involved, and the difficulty of sorting out privileged communications from non-privileged communications. MGA contends that MGA's motion should also be denied because Request No. 48 is cumulative and duplicative of other discovery Mattel has sought and obtained in this case. In the event the court grants Mattel's motion in any respect, MGA requests that the court shift costs and order Mattel to pay the cost associated with the collection, review and production of responsive documents.

Mattel's most recent submission indicates that during the meet and confer process, MGA agreed to search for and produce, at its own expense, communications relating to this action involving senior MGA personnel and former Mattel employees, if Mattel would limit its request to ten individuals. Mattel countered MGA's proposal with a list of twenty-three individuals. Mattel contends that, at the very least, MGA should be ordered to produce non-privileged communications relating to this action involving the following MGA personnel and former Mattel employees, as well as MGA's counsel: (1) Isaac Larian, (2) Paula Garcia, (3) Maria Elena Salazar, (4) Margaret Leahy, (5) Mercedeh Ward, (6) David Malacrida, (7) Ron Brawer, (8) Daphne Gronich, (9) Craig Holden, (10) Jeanine Posini, (11) Bryan Armstrong, (12) Samir Khare, (13) Janine Brisbois, (14) Carlos Gustavo Machado Gomez, (15) Mariana Trueba Almada, (16) Pablo Vargas San Jose, (17) Susanna Kuemmerle, (18) Schuyler Bacon, (19) Nanette Black, (20) Nick Contreras, (21) Dan Cooney, (22) Jorge Castilla and (23) Jill Hatch. Second Supp. Proctor Decl.

### III. STANDARDS

In general, parties may obtain discovery regarding any matter, not privileged, that is

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT C
PAGE 70

3

relevant to any party's claim or defense. Fed.R.Civ.P. 26(b)(1). All discovery, however, "is subject to the limitations imposed by Rule 26(b)(2)(C)." Fed.R.Civ.P. 26(b)(1). Pursuant to Rule 26(b)(2)(C), Fed.R.Civ.P., the court must limit the frequency or extent of use of discovery otherwise allowed by the Federal Rules of Civil Procedure or by local rule if the court determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed.R.Civ.P. 26(b)(2)(C).

## IV. DISCUSSION

To the extent Mattel seeks full compliance with the narrowed version of Request No. 48, Mattel's motion is denied. Even as narrowed, Request No. 48 requires the production of communications concerning a very broad subject matter, namely communications "that REFER or RELATE to this action."[1]

The narrowed Request is also objectionable because it is not reasonably tailored to seek the information that Mattel claims it needs. With respect to Mattel's purported need for evidence relating to witness credibility and bias, the Request is not limited to any particular witness or groups of witnesses in the case. The Request is also not limited to pertinent subject matters, such as the preservation or spoliation of evidence, a witness' prospective testimony, or MGA's offers or agreements to pay the witness' fees. Furthermore, with respect to Mattel's purported need for evidence to support its RICO claims, the requested discovery is premature in light of the stay on Phase 2 discovery.

---

[1] In its reply brief, Mattel attempts to defend its Request as "well-defined in subject matter" by explaining that it is only seeking "communications relating to testimony in, or knowledge or information about, this action; or relating to gathering and collecting documents in this action; or destroying or altering evidence; or payments relating to this action." Mattel's Reply at p. 1. Mattel, however, did not propose any of these subject matter limitations previously. Even if it had, the breadth of the narrowed Request would still be unjustified under Rule 26(b)(2)(C), Fed.R.Civ.P.

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

4

EXHIBIT __C__

PAGE __71__

The narrowed Request is also unduly burdensome insofar as Mattel seeks non-privileged communications from MGA's current or prior counsel that refer to this litigation. This litigation has been ongoing for nearly four years, during which time discovery has been extensively and aggressively pursued by both sides. Furthermore, to comply with Mattel's narrowed Request, MGA would have to review a considerable number of attorneys' files from the three separate law firms that have represented MGA, and scrutinize every attorney communication for privilege. Under these circumstances, the burden and expense of culling and producing the requested communications involving MGA's attorneys substantially outweigh their likely benefit, taking into consideration all of the factors set forth in Rule 26(b)(2)(C), Fed.R.Civ.P.

The narrowed Request also remains overbroad and unduly burdensome because of the number of MGA employees that would fall within its scope. By MGA's estimations, there are 204 MGA employees who hold or have held a position of manager or higher, and approximately 70 former Mattel employees who have worked for MGA. Requiring MGA to review the files of so many employees for potentially responsive communications is unwarranted taking into consideration all of the factors set forth in Rule 26(b)(2)(C), Fed.R.Civ.P.[2]

Request No. 48 is also cumulative and duplicative of discovery that Mattel has sought and obtained in this case. By MGA's calculations, it has produced more than 4.2 million pages of documents in response to over 2700 document requests, several of which call for documents that are also responsive to Request No. 48. See e.g. Mattel's First Set of Requests for Documents and Things re Claims of Unfair Competition to MGA Nos. 7-9, 12, 44; Mattel's First Set of Requests for Production of Documents and Tangible Things to MGA Nos. 31, 49, 50; Mattel's First Set of Requests for Documents and Things to Isaac Larian Nos. 118, 147, 153, 193; and Mattel's Subpoena to Farhad Larian, Request No. 25.

Nevertheless, the court has considered Mattel's eleventh hour request for production of communications involving the twenty-three individuals identified above. Based upon the

---

[2] In its reply brief, Mattel proposes that, at the least, its Request should be granted as to communications involving MGA's senior employees. Mattel's Reply at pp. 1, 10. Although Mattel's proposal reduces the total number of communications involving MGA employees, it is not enough to tip the balance of benefit and burden to justify the Request.

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

5

EXHIBIT     C
PAGE        72

information provided in Mattel's supplemental submission, it is evident that communications involving more than half of the individuals identified above may be relevant, if at all, to Phase 2 issues. In view of the stay on Phase 2 discovery, Mattel's request is denied as to the following individuals: Ron Brawer, Janine Brisbois, Carlos Gustavo Machado Gomez, Mariana Trueba Almada, Pablo Vargas San Jose, Susanna Kuemmerle, Schuyler Bacon, Nanette Black, Nick Contreras, Dan Cooney, Jorge Castilla and Jill Hatch.

Daphne Gronich, Craig Holden, Jeanine Posini, Bryan Armstrong and Samir Khare have been or currently are employed in MGA's legal department. As discussed previously, the burden and expense of culling and producing communications involving these five individuals outweigh the likely benefit of the discovery, taking into consideration the factors set forth in Rule 26(b)(2)(C), Fed.R.Civ.P. Therefore, Mattel's request is denied as to these five individuals.

Mattel's request is granted as to the remaining individuals, namely, Isaac Larian, Paula Garcia, Maria Elena Salazar, Margaret Leahy, Mercedeh Ward, and David Malacrida. Based upon the information provided in Mattel's supplemental submission, communications about this case involving these individuals are likely to be relevant.

## V. CONCLUSION

For the reasons set forth above, Mattel's Motion to Compel MGA to Produce Communications Regarding This Action is granted with respect to communications involving Isaac Larian, Paula Garcia, Maria Elena Salazar, Margaret Leahy, Mercedeh Ward and David Malacrida. Mattel's motion is denied in all other respects.

Nothing in this Order is intended to authorize or preclude Mattel from seeking additional documents responsive to Request No. 48 as part of Phase 2 discovery.

Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery Master, MGA shall file this Order with the Clerk of Court forthwith.

Dated: April 14, 2008

HON. EDWARD A. INFANTE (Ret.)
Discovery Master

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

6

EXHIBIT C
PAGE 73