1 | QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
2 | johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
3 | (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
4 | (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
5 | (timalger@quinnemanuel.com)
  865 South Figueroa Street, 10th Floor
6 | Los Angeles, California 90017-2543
  Telephone: (213) 443-3000
7 | Facsimile: (213) 443-3100

8 | Attorneys for Mattel, Inc.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>The Honorable Stephen G. Larson<br><br>**MATTEL, INC.'S *EX PARTE* APPLICATION FOR (1) RELIEF FROM THE FIVE-DAY REQUIREMENT OF LOCAL RULE 7-3; AND (2) FOR AN EXPEDITED HEARING DATE OF MAY 12, 2008 REGARDING MATTEL'S APPEAL OF THE DISCOVERY MASTER'S APRIL 14, 2008 AND APRIL 23, 2008 ORDERS**<br><br>[Declarations of Randa Osman and Timothy Alger filed concurrently herewith]<br><br>Date: TBA<br>Time: TBA<br>Place: TBA<br><br>**Phase 1:**<br>Discovery Cut-Off: January 28, 2008<br>Pre-Trial Conference: May 19, 2008<br>Trial Date: May 27, 2008 |

07209/2484442.1

MATTEL'S *EX PARTE* MOTION FOR RELIEF FROM LOCAL RULE 7-3 AND FOR EXPEDITED HEARING

Pursuant to the <u>Federal Rules</u> and <u>Local Rule</u> 7-19, Mattel, Inc. ("Mattel") respectfully submits this *ex parte* Application seeking relief from the five-day notice requirement for filing of motions under <u>Local Rule</u> 7-3, and for an expedited hearing date of May 12, 2008 for the following noticed motions filed on April 28, 2008 (collectively the "Motions"):

1. Mattel, Inc.'s Notice Of Motion And Motion Objecting To Portions Of Discovery Master's April 14, 2008 Order Regarding Mattel's Motion To Compel Communications Regarding This Action;

2. Mattel, Inc.'s Notice Of Motion And Motion Objecting To Portions Of Discovery Master's April 14, 2008 Order Denying Motion To Compel Production In Response To Mattel's Fifth Set Of Requests For Production;

3. Mattel, Inc.'s Notice of Motion and Motion Objecting to Portions of Discovery Master's April 14, 2008 Order Granting in Part and Denying in Part Mattel's Motion to Compel Production of Documents and Things by MGA Entertainment, Inc.; and

4. Mattel, Inc's Notice of Motion and Motion Objecting To Discovery Master's Denial Of Motion To Compel Production Of Document Bates Numbered MGA 3801819-22.

Mattel makes this Application on the grounds that the following decisions by the Discovery Master were erroneous and contrary to law:

A. The Discovery Master's April 14, 2008 rulings on Mattel's motions to compel MGA to produce documents and things responsive to (i) Request No. 48 of Mattel's First Set of Request for Production of Documents and Tangible things, (ii) Mattel's Third Set of Requests for Documents and Things, and (iii) Mattel's Fifth Set of Request for Documents and Things; and

B. The denial of Mattel's Motion to Compel the Production of Document Bates Numbered MGA 3801819-22 in the Discovery Master's April 23,

2008 Order Precluding Parties from Filing Any Further Discovery Motions and Materials.

      Further, this Application is based on the need for rulings by the Court on important discovery issues prior to trial, which is scheduled to start on May 27, 2008. If the Motions are not expedited for hearing, Mattel will be deprived of critical evidence. Fairness requires consideration by the Court of the motions prior to trial, and with sufficient time for compliance with any orders by the Court compelling production.

      <u>Ex Parte Notice</u>. Pursuant to <u>Local Rule</u> 7-19, on April 25, 2008, April 27, 2008, and April 28, 2008, Amy Park, of Skadden, Arps, Slate, Meagher & Flom LLP, counsel for the MGA Parties (telephone: (650) 470-4511; address: 525 University Avenue Suite 1100 Palo Alto, California 94301) was given notice of this *ex parte* application by e-mail and in telephone conference.[1]

      This application is based on this Application and the accompanying Memorandum, the Declarations of Randa Osman and Timothy Alger filed concurrently with this application, the pleadings and other papers on file in this action, and all matters of which the Court may take judicial notice.

DATED: April 28, 2008    QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By _____
Dylan Proctor
Attorneys for Mattel, Inc.

---

[1] See email from Randa Osman to Amy Park dated April 25, 2008 attached as Exh. 1 to the Declaration of Randa Osman In Support of Mattel's Ex Parte Application for an Expedited Hearing ("Osman Dec."). <u>See also</u> Bernard Shek's reply email dated April 25, 2008 and attached as Exh. 2 to the Osman Dec. <u>See also</u> Declaration of Timothy L. Alger In Support of Mattel's Ex Parte Application for an Expedited Hearing ("Alger Dec."). at ¶ 2.

**Mattel's Ex Parte Application**

I. **RELIEF FROM LOCAL RULE 7-3'S FIVE-DAY MEET AND CONFER REQUIREMENT IS APPROPRIATE BECAUSE THE PARTIES HAVE ALREADY MET AND CONFERRED WITHOUT SUCCESS**

Under the Local Rules, parties are required to meet and confer five days prior to the filing of an anticipated motion so the parties may attempt to "eliminate[] the necessity for a hearing" on the disputed issue. C.D. Cal. L.R. 7-3. Mattel seeks relief from this requirement on the grounds that the parties have met and conferred on the issues raised in Mattel's motions, although not necessarily within five days before the motions were filed. None of the meet and confers resolved the motions.

As explained in Mattel's currently filed Notice Of Motion And Motion Objecting To Portions Of Discovery Master's April 14, 2008 Order Regarding Mattel's Motion To Compel Communications Regarding This Action, counsel for Mattel and MGA met and conferred numerous times concerning the issues raised in that Motion, beginning in January 2008, and again most recently on April 24, 2008.[2] The parties were not able to resolve the issues, and further meet and confers would not be beneficial.[3]

The same is true with respect to Mattel, Inc.'s Notice Of Motion And Motion Objecting To Portions Of Discovery Master's April 14, 2008 Order Denying Motion To Compel Production In Response To Mattel's Fifth Set Of Requests For

---

[2] See also Declaration of Randa Osman In Support of Mattel, Inc.'s Ex Parte Application for (1) Relief From the Five-Day Requirement of Local Rule 7-3; and (2) For an Expedited Hearing Date of May 12, 2008 Regarding Matel's Appeal of the Discovery Master's April 14 and 23, 2008 Orders ("Osman Dec."), at ¶ 2.

[3] See id., at ¶ 3.

1  Production. The parties met and conferred in person on February 21, 2008,
2  thereafter by correspondence and telephone, and by teleconference on April 24,
3  2008, but were unable to resolve their differences.[4] There is no reason to believe
4  that further meet and confer efforts would lead to a different result.

5  As to Mattel, Inc.'s Notice of Motion and Motion Objecting to Portions
6  of Discovery Master's April 14, 2008 Order Granting in Part and Denying in Part
7  Mattel's Motion to Compel Production of Documents and Things by MGA
8  Entertainment, Inc., the parties met and conferred on numerous occasions
9  concerning the requests at issue, all to no avail.

10  Finally, counsel for Mattel and MGA met and conferred regarding
11  MGA's "claw back" and redaction of the document bearing Bates numbered
12  MGA 3801819-22 on April 1, 2008 and thereafter. The Discovery Master denied
13  Mattel's Motion to Compel production of that document in an unredacted state on
14  April 23, 2008. Counsel for the parties then met-and-conferred regarding Mattel's
15  motion objecting to the Discovery Master's order by e-mail on April 24, 25, and 27,
16  2008, and by telephone on April 28, 2008, but were unable to reach agreement.[5]

17  Additional conferences will not further the purpose of Local Rule 7-3.
18  Given the importance of the issues raised, Mattel believes no further delay is
19  warranted. For this reason, Mattel requests that the Court waive the requirement of
20  a five-day waiting period before the filing of the motions, and that the Court
21  schedule hearing on the motions on May 12, 2008, or as soon thereafter as the
22  Court's calendar permits.

---

[4] See Declaration of Timothy L. Alger In Support of Mattel, Inc.'s Ex Parte Application For (1) Relief From the Five-Day Requirement of Local Rule 7-3; and (2) For an Expedited Hearing Date of May 12, 2008 Regarding Matel's Appeal of the Discovery Master's April 14 and 23, 2008 Orders ("Alger Dec."), at ¶ 3
[5] Id., at ¶ 2.

## II. **AN EXPEDITED HEARING DATE IS WARRANTED IN LIGHT OF THE RAPIDLY APPROACHING TRIAL DATE AND THE IMPORTANCE OF THE DISCOVERY AT ISSUE**

The Court has stated that it intends to consider discovery appeals on an expedited basis:

> TO THE EXTENT THAT MATTEL OR MGA OR CARTER BRYANT OR ANYBODY ELSE DISAGREES WITH THE DECISION MADE BY JUDGE INFANTE, THEN THAT CAN BE BROUGHT BEFORE THIS COURT, AND I WOULD CERTAINLY DO ALL THAT I CAN TO HEAR THAT ON AN EXPEDITED BASIS.[6]

Mattel respectfully requests that the Motions be heard on May 12, 2008, or as soon thereafter as the Court's calendar permits.  When the Motions were filed on April 28, 2008, the earliest regular hearing date was June 16, 2008, three weeks after trial is scheduled to start.  Hearing these motions in mid-June will effectively deprive Mattel – which, as plaintiff, will present its case first – of critical evidence.  For example, as discussed in Mattel's Motion Objecting To Discovery Master's Denial Of Motion To Compel Production Of Document Bates Numbered MGA 3801819-22, defendants have redacted a crucial portion of an e-mail by MGA CEO Isaac Larian.  That redaction, if not corrected by the Court, will permit defendants to mislead the jury about the meaning and purpose of the e-mail.  It also will deprive Mattel of vital evidence of defendants' efforts to conceal Carter Bryant's involvement in the creation of Bratz – and MGA's knowledge that Mattel, not MGA,

---

[6] See Hearing Transcript dated February 4, 2008, at 27:10-14.

1 owned Bratz.[7]  Moreover, if Mattel prevails on its appeals, time will be required for
2 MGA to gather and produce its withheld documents.  Accordingly, the earliest
3 possible hearing date is appropriate.

4       Defendants will in no way be prejudiced by a May 12, 2008 hearing
5 date.  MGA has already had ample time to consider and brief the issues presented in
6 the Motions, when they were considered by the Discovery Master.  Setting these
7 Motions for hearing on shortened notice will result in the resolution of important
8 disputes regarding important evidence for trial, and will not harm defendants.  To
9 the contrary, prompt resolution of these Motions by the Court will facilitate the
10 parties' preparation for trial.

DATED:  April 28, 2008

QUINN EMANUEL URQUHART OLIVER &
HEDGES, LLP

By /s/ B. Dylan Proctor
    B. Dylan Proctor
    Attorneys for Mattel, Inc.

---

[7] Id., at ¶ 4.