QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>          Plaintiff,<br><br>     vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>          Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. Stephen G. Larson<br><br>DECLARATION OF TIMOTHY L. ALGER IN SUPPORT OF MATTEL, INC.'S *EX PARTE* APPLICATION FOR (1) RELIEF FROM THE FIVE-DAY REQUIREMENT OF LOCAL RULE 7-3; AND (2) FOR AN EXPEDITED HEARING DATE OF MAY 12, 2008 REGARDING MATTEL'S APPEAL OF THE DISCOVERY MASTER'S APRIL 14 AND 23, 2008 ORDERS<br><br>Hearing Date:  N/A<br>Time:  N/A<br>Courtroom:  N/A<br><br>**Phase 1:**<br>Discovery Cut-off:     January 28, 2008<br>Pre-trial Conference:  May 19, 2008<br>Trial Date:            May 27, 2008. |

07209/2368338.1

DECLARATION OF TIMOTHY L. ALGER ISO MATTEL, INC.'S EX PARTE APPLICATION

# DECLARATION OF TIMOTHY L. ALGER

I, Timothy L. Alger, declare as follows:

1. I am a member of the bar of the State of California and a partner with Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for Mattel, Inc. I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently hereto.

2. Amy Park, counsel for MGA, and I met and conferred by telephone regarding MGA's "claw back" and redaction of the document bearing Bates numbered MGA 3801819-22 on April 1, 2008. We also engaged in subsequent discussions about the document's use in conjunction with the parties' motions for summary judgment. By refusing to consider it, the Discovery Master denied Mattel's Motion to Compel production of the document, in an order dated April 23, 2008. I then met and conferred with Ms. Park and her colleague, Marcus Mumford, by e-mail on April 24, 25, and 27, 2008, and with Ms. Park by telephone on April 28, 2008, relating to the filing a motion with the District Court objecting to the Discovery Master's April 23, 2008 order. We were unable to reach agreement. In our discussions, I asked Ms. Park to waive the five-day notice in Local Rule 7-3, and to agree to a hearing on the motion on May 12, 2008. Ms. Park did not agree.

3. Regarding Mattel's Motion Objecting To Portions Of Discovery Master's April 14, 2008 Order Denying Motion To Compel Production In Response To Mattel's Fifth Set Of Requests For Production, Ms. Park and I met and conferred regarding the issues set forth in the motion in person on February 21, 2008, thereafter by correspondence and telephone. The Discovery Master denied Mattel's Motion on April 14, 2008. On April 24, 2008, Cyrus Naim, Melissa Grant, and I met and conferred with Ms. Park regarding Mattel's intention to file a motion objecting to the April 14, 2008 Order. I informed Ms. Park that Mattel would appeal only as to certain requests, and I narrowed those requests in a manner that is reflected in the motion objecting to the April 14, 2008 Order, which was filed with

T07209/2368338.1

-1-
DECLARATION OF TIMOTHY L. ALGER ISO MATTEL, INC.'S EX PARTE APPLICATION

1  the District Court on April 28, 2008. During our conference, I asked Ms. Park for a
2  response. Bernard Shek responded on behalf of MGA in an e-mail dated April 25,
3  2008, rejecting any compromise. In our telephone conversation on April 28, 2008
4  (described in Paragraph 2, above), Ms. Park and I discussed Mattel's request for
5  waiver of the five-day notice requirement of Local Rule 7-3 as to this and the other
6  two motions relating to document production that are identified in Mattel's *ex parte*
7  application. My partner, Randa Osman, had previously sent MGA's counsel an
8  email addressing this issue. Ms. Park declined to waive the rule or agree to an
9  expedited hearing schedule in which the motions would be heard on May 12, 2008.

10          4.       When Mattel's motions objecting to the Discovery Master's
11 orders were filed on April 28, 2008, the earliest regular hearing date was June 16,
12 2008, three weeks after trial is scheduled to start. Hearing these motions in mid-
13 June will effectively deprive Mattel – which, as plaintiff, will present its case first –
14 of critical evidence. For example, as discussed in Mattel's Motion Objecting To
15 Discovery Master's Denial Of Motion To Compel Production Of Document Bates
16 Numbered MGA 3801819-22, defendants have redacted a crucial portion of an e-
17 mail by MGA CEO Isaac Larian. That redaction, if not corrected by the Court, will
18 permit defendants to mislead the jury about the meaning and purpose of the e-mail.
19 It also will deprive Mattel of vital evidence of defendants' efforts to conceal Carter
20 Bryant's involvement in the creation of Bratz – and MGA's knowledge that Mattel,
21 not MGA, owned Bratz.

22          I declare under penalty of perjury under the laws of the United States of
23 America that the foregoing is true and correct. Executed on April 28, 2008, at
24 Los Angeles, California.

                                              Timothy L. Alger