# EXHIBIT B

# Matthew Werdegar

| | |
|---|---|
| **From:** | Matthew Werdegar |
| **Sent:** | Sunday, April 27, 2008 6:12 PM |
| **To:** | 'Dylan Proctor'; Christa Anderson |
| **Cc:** | Christopher Tayback; Michael T Zeller; Jon Corey; 'jason.russell@skadden.com' |
| **Subject:** | RE: meet and confer / ex parte notice |

Dear Dylan:

We were quite surprised to receive your email announcing, without any prior effort to meet and confer, that Mattel intended to file on Monday a motion for an adverse inference instruction. We believe that filing your motion on Monday would be in violation of Local Rule 7-3, which requires "counsel contemplating the filing of any motion [to] first contact opposing counsel to discuss thoroughly ... the substance of the contemplated motion and any potential resolution."

Also, we believe that Mattel has needlessly and improperly delayed in bringing this motion, to Bryant's prejudice. Mattel has known of the purported bases for its motion for months. Furthermore, if Mattel had researched the controlling law on adverse inference instructions, it would have realized that such instructions are only given after the Court makes an finding, following a detailed evidentiary hearing, that such an instruction is warranted. The Court's failure to do so is reversible error. Requiring Bryant to respond to your contemplated motion, and to prepare for and participate in the required evidentiary hearing, at this late date in the midst of final trial preparations is unfair and prejudicial. Furthermore, there is simply no time in the current schedule for the type of evidentiary hearing that is required before the Court may authorize an adverse inference instruction. From May 19th onward, every Court day already is devoted to pressing trial-related matters. Thus, Mattel's delay in bringing this motion will further prejudice Bryant, and MGA, by de-railing the current trial schedule.

Finally, of course, we believe your motion (whatever its purported bases) lacks any substantive merit, as Bryant has not spoliated any evidence. We do not believe that Mattel has any credible evidence to the contrary.

For all of these reasons, we are not inclined to stipulate to any modified or accelerated briefing schedule for Mattel's motion. The time crunch that Mattel is facing is entirely its own fault.

I am available to meet and confer about these issues on Tuesday, April 29. I am not available on Monday, as I will be attending the mediation.

Regards,

Matthew M. Werdegar
Keker & Van Nest, LLP
710 Sansome Street
San Francisco, CA 94122
Ph: (415) 391-5400
Fx: (415) 397-7188

> -----Original Message-----
> From: Dylan Proctor [mailto:dylanproctor@quinnemanuel.com]
> Sent: Friday, April 25, 2008 3:35 PM
> To: Matthew Werdegar; Christa Anderson
> Cc: Christopher Tayback; Michael T Zeller; Jon Corey
> Subject: meet and confer / ex parte notice
>
> Matt and Christa,
>
> We plan to file a motion on monday seeking an adverse inference jury instruction. The earliest available

hearing date on the Court's calendar is in June, so we will also apply ex parte to have it heard with the motions in limine on May 21. We also intend to seek leave to file prior to the expiration of the 20 day hold period of Local Rule 7-3. Please let me know if you will oppose. Also, we would like to discuss the substance of the motion with you if you are available, so please let me know that as well.

Thanks very much--


B. Dylan Proctor
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3112
Main Phone: (213) 443-3000
Main Fax: (213) 443-3100
E-mail: dylanproctor@quinnemanuel.com
Web: www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.