THOMAS J. NOLAN (Bar No. 66992)
(tnolan@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue
Los Angeles, CA 90071-3144
Tel.: (213) 687-5000 / Fax: (213) 687-5600

RAOUL D. KENNEDY (Bar No. 40892)
(rkennedy@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
4 Embarcadero Center, 38th Floor
San Francisco, CA 94111-5974
Tel.: (415) 984-6400 / Fax: (415) 984-2698

Attorneys for MGA Entertainment, Inc., MGA Entertainment (HK) Limited, MGAE de Mexico, S.R.L. de C.V., and Isaac Larian

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>            Plaintiff,<br><br>       v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>            Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case No. 04-9059 and Case No. 05-2727<br><br>MGA'S *EX PARTE* APPLICATION FOR (1) RELIEF FROM THE FIVE-DAY REQUIREMENT OF LOCAL RULE 7-3; AND (2) AN EXPEDITED HEARING DATE OF MAY 12, 2008<br><br>Date: TBD<br>Time: TBD<br>Place: TBD |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to Local Rule 7-19, counter-defendants MGA Entertainment, Inc., MGA Entertainment (HK) Limited, MGAE de Mexico S.R.L. de C.V., and Isaac Larian (collectively, the "MGA Parties"), submit this *ex parte* Application seeking (1) relief from the five-day requirement of Local Rule 7-3; and (2) an expedited hearing date of May 12, 2008 on MGA's Objections to the Discovery Master's Order Denying MGA's Motion to Compel On Issues As To Which Mattel Has Waived the Attorney-Client Privilege and Work Product Doctrine by Claim Assertion.

The MGA Parties make this application on the ground that Judge Infante's April 25, 2008 Order Denying MGA's Motion to Compel On Issues As To Which Mattel Has Waived the Attorney-Client Privilege and Work Product Doctrine by Claim Assertion is clearly erroneous and contrary to law. An *ex parte* application may be granted where the evidence shows that the moving party's cause will be irreparably prejudiced if the motion is heard according to the regular noticed motion procedures, and the moving party is without fault in creating the crisis that requires *ex parte* relief. *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). Here, *ex parte* relief is necessary because the issues raised by this motion may affect the Court's summary judgment decision, and this motion should be considered before the further hearing on summary judgment currently set for May 19, 2008. Furthermore, the parties already have met and conferred on these issues and submitted extensive briefing.

This Application is based on this notice of application, the accompanying memorandum of points and authorities, the concurrently filed declarations of Robert J. Herrington, and all other pleadings and papers on file with the Court in this action.

**Statement of Compliance with Local Rule 7-19**

Counsel for Mattel, Inc. include Jon Corey and Dylan Proctor of Quinn, Emaunel, Urquhart, Oliver & Hedges, LLP (telephone: 213-443-3000; address: 865 South Figueroa Street, 10th Floor, Los Angeles, CA 90017).

Pursuant to Local Rule 7-19.1, counsel for MGA gave notice of this Application to counsel for Mattel by letter on April 26, 2008. (Declaration of Robert Herrington ("Herrington Decl."), Ex. 1.)

DATED: April 29, 2008

Respectfully submitted,

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

By: /s/ Thomas J. Nolan
Thomas J. Nolan
Attorneys for MGA Entertainment, Inc., MGA Entertainment (HK) Ltd., MGAE de Mexico, S.R.L. de C.V., and Isaac Larian

## MGA'S EX PARTE APPLICATION

The Court should grant this Application and set an expedited hearing of May 12, 2008 on the MGA Parties' Objections to the Discovery Master's Order Denying MGA's Motion to Compel On Issues As To Which Mattel Has Waived the Attorney-Client Privilege and Work Product Doctrine by Claim Assertion ("Privilege Waiver Motion."). The Privilege Waiver Motion seeks vital information the MGA Parties need in advance of the further hearing set on May 19, 2008 regarding, *inter alia*, the parties cross-motions for summary judgment on the MGA Parties' statute of limitations defense and Mattel's motion for summary judgment on the MGA Parties' laches defense.

As set forth in the MGA Parties' Objections to the Discovery Master's Order, Mattel is wielding its attorney-client privilege as both a sword and a shield. On the one hand, Mattel affirmatively claims that it "had no reason to suspect" that it had the claims at issue in this case until November 2003, and that the Court should grant summary judgment on the MGA Parties' statute of limitations and laches defenses.[1] In making this argument, Mattel asserts that its pre-November 2003 investigation of Bratz, Carter Bryant and MGA did not reveal, *inter alia*, "any evidence that Carter Bryant worked for MGA" or anything "that put [Mattel] on notice of the facts underlying this lawsuit until November 24, 2003."[2] At the same time, Mattel uses the privilege as a shield to prevent the MGA Parties from accessing vital information needed to dispute these assertions. Under controlling Ninth Circuit authority, Mattel has waived the privilege with respect to what it knew or had reason to suspect concerning Bryant's role in Bratz and his work for MGA from its pre-November

---

[1] Mattel, Inc. Second Amended Answer & Counterclaims ¶¶ 35-36; Mattel, Inc.'s Notice of Motion and Motion for Partial Summary Judgment at 46-47, 54.

[2] *See, e.g.,* [Corrected] Mattel, Inc.'s Statement of Genuine Issues Regarding MGA Parties' [Proposed] Statement of Uncontroverted Facts and Conclusions of Law in Support of Their Motion For Partial Summary Judgment ¶¶ 56-64, 67, 73, 113 & 127.

2003 investigation of MGA and Larian, and the Discovery Master's Order constitutes clear error.

The MGA Parties respectfully request an expedited hearing date of May 12, 2008 for the Court to consider the appeal from the Discovery Master's Order. The critical issues raised by the Privilege Waiver Motion directly impact the statute of limitations and laches issues pending before the Court. Indeed, the Court's summary judgment Order acknowledges that these issues "if resolved in MGA's favor, [have the potential] to factor into the inquiry into the determination of the date of the accrual of any claims against Bryant and/or MGA." (4/25/08 Order at 4.) The Court should grant this ex parte application and consider the MGA Parties' Privilege Waiver Motion before the further hearing on summary judgment set for May 19, 2008. Mattel will not be prejudiced by a May 12 hearing date, as it has briefed the matter extensively in opposing MGA's Privilege Waiver Motion before Judge Infante, including filing a supplemental declaration with Judge Infante on the day the motion was most recently heard, and after Judge Infante had "closed" the record. (4/11/2008 Hrg. Tr. at 59:11-12 ("I don't want any further briefing. This matter is closed.").) Accordingly, setting the appeal and motion for hearing on May 12 will not prejudice Mattel and will allow the prompt resolution of the serious issues raised.

The MGA Parties also seek relief from the meet and confer requirements of the Local Rules. Under Local Rule 7-3, parties generally are required to meet and confer prior to the filing of a motion so that they may attempt to eliminate or limit the issues to be addressed by the Court. *See* C.D. Cal. L.R. 7-3. The MGA Parties seek relief from these requirements because the parties already have engaged in extensive meet-and-confer efforts on these issues in connection with the motions and briefing before Judge Infante. The parties were unable to reach a resolution, and any further meet and confer would only create unnecessary delay.

1  Accordingly, the MGA Parties respectfully request that the Court grant this
2  Application and thereby: (1) grant relief from the five-day meet and confer
3  requirement of Local Rule 7-3; and (2) set an expedited hearing date of May 12,
4  2008 on MGA's Objections to the Discovery Master's Order Denying MGA's
5  Motion to Compel On Issues As To Which Mattel Has Waived the Attorney-Client
6  Privilege and Work Product Doctrine by Claim Assertion. The MGA Parties further
7  request that the Court set a briefing schedule whereby Mattel's opposition to MGA's
8  appeal will be due on May 5, 2008, and MGA's reply will be due on May 7, 2008.

9  DATED: April 29, 2008

Respectfully submitted,

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

By: /s/ Thomas J. Nolan
    Thomas J. Nolan

Attorneys for the MGA Parties

---

MGA'S *EX PARTE* APPLICATION FOR (1) RELIEF FROM THE FIVE-DAY REQUIREMENT OF LOCAL RULE 7-3; AND (2) AN EXPEDITED HEARING DATE OF MAY 12, 2008
CASE NO. CV 04-9049 SGL (RNBx)
-3-