1   Hon. Edward A. Infante (Ret.)
    JAMS
2   Two Embarcadero Center
    Suite 1500
3   San Francisco, California 94111
    Telephone:    (415) 774-2611
4   Facsimile:    (415) 982-5287

5

6

7

8                   UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10                        EASTERN DIVISION

11

12  | CARTER BRYANT, an individual, | CASE NO. CV 04-09049 SGL (RNBx) |
13  |                               | JAMS Reference No. 1100049530   |
    |       Plaintiff,              |                                 |
14  |                               | Consolidated with               |
    |       v.                      | Case No. CV 04-09059            |
15  |                               | Case No. CV 05-2727             |
    | MATTEL, INC., a Delaware corporation, | |
16  |                               | **ORDER DENYING MATTEL'S**      |
    |       Defendant.              | **MOTION TO COMPEL FURTHER**    |
17  |                               | **DEPOSITION OF MARGARET**      |
    |                               | **HATCH-LEAHY; DENYING**        |
18  |                               | **REQUEST FOR SANCTIONS**       |
19  | CONSOLIDATED WITH             |                                 |
    | MATTEL, INC. v. BRYANT and    |                                 |
20  | MGA ENTERTAINMENT, INC. v. MATTEL, | |
    | INC.                          |                                 |
21  |                               |                                 |

22

23          On January 28, 2008, Mattel, Inc. ("Mattel") submitted a Motion to Compel Further

24  Deposition of Margaret Hatch-Leahy and to Overrule Instructions Not to Answer; and for

25  Sanctions. Mattel requests an additional nine hours of deposition time and sanctions in the

26  amount of $4,000. On February 12, 2008, Margaret Hatch-Leahy ("Leahy"), who is not a party to

27  this action, submitted an opposition, and Carter Bryant ("Bryant") submitted a joinder in Leahy's

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)                                                                    1

1    opposition.  On March 14, 2008, Mattel submitted a reply.  Pursuant to Paragraph 5 of the

2    Stipulation and Order for Appointment of a Discovery Master, the Discovery Master finds it

3    appropriate to decide the motion without oral argument.

4            Mattel asserts essentially three reasons for seeking additional time beyond the presumptive

5    7-hour time limit for depositions.  First, Mattel emphasizes that Leahy is a key witness, and that

6    seven hours was not enough time for Mattel to finish its examination.  Mattel emphasizes that

7    Bryant solicited Leahy to sculpt the Bratz dolls in September 2000; that Leahy attended meetings

8    with Bryant and Paula Garcia to discuss Bratz sculptures; and that Leahy is the sole sculptor on

9    Bratz in the key 2000 time period.  Second, Mattel contends that Leahy's counsel hindered the

10   deposition by belatedly producing documents, including Leahy's original planner (without the

11   redactions appearing in the copy of the planner previously produced) and approximately 175

12   pages consisting of photographs of doll casts, molds and sculpts.  Third, Mattel contends that

13   counsel for Leahy, MGA and Bryant hindered the deposition by taking frequent breaks, coaching

14   Leahy, and even walking out of the deposition mid-question.  In particular, Mattel accuses MGA's

15   counsel of repeatedly interrupting questions "through tactics such as demanding that questions be

16   re-read for in-house counsel of MGA, Craig Holden, or demanding that in-house counsel for

17   Mattel, Michael Moore, be shuffled in and out of the deposition."  Mattel's Motion at p.2  Mattel

18   also contends that Leahy's counsel obstructed the deposition by improperly instructing Leahy not

19   to answer questions.

20           Leahy contends that Mattel's motion is fraught with misrepresentations, particularly with

21   respect to production of Leahy's planner and counsel's conduct during the deposition.  Leahy

22   further contends that Mattel cannot establish the requisite good cause to justify additional

23   deposition time because Mattel's counsel made poor decisions about how to use the allotted time,

24   and wasted time with improperly-phrased and redundant questions.  Leahy also contends that the

25   factors set forth in Rule 26(b)(2)(C), Fed.R.Civ.P., all weigh against allowing additional

26   deposition time.  Leahy also contends that the very limited instances of instructions not to answer

27   were proper and, in any event, did not preclude Mattel from obtaining relevant information.

28

1    Lastly, Leahy contends that to the extent Mattel needs to ask her additional questions, Mattel may

2    do so at trial.

3          Rule 30(d)(1), Fed.R.Civ.P., provides that "a court must allow additional time consistent

4    with Rule 26(b)(2) if needed to fairly examine the deponent or if the deponent, another person, or

5    any other circumstance impedes or delays the examination." In this case, Mattel has failed to

6    establish the requisite good cause to justify additional deposition time.  Leahy is a key witness in

7    the case.  However, Mattel's counsel deposed Leahy for seven hours and five minutes, during

8    which counsel questioned Leahy extensively regarding her personal knowledge of facts relevant

9    to this lawsuit.

10          Further, notwithstanding Mattel's assertions to the contrary, Leahy's purportedly belated

11   document production did not substantially impede the deposition.  Leahy produced her original

12   planner at her deposition, and Mattel was able to question Leahy regarding specific entries in her

13   planner.  The 174 photographs produced consisted of photographs taken by Leahy's counsel of the

14   three-dimensional objects that had already been produced in the case.  Leahy's counsel explains

15   that prior to the deposition, he and Mattel's counsel agreed that he would take photographs of the

16   three-dimensional objects and apply Bates numbers to the photographs so that the parties would

17   have a means of identifying by Bates number each three-dimensional object discussed during the

18   deposition.

19          Furthermore, neither Leahy's, MGA's, nor Bryant's counsel obstructed the deposition.  The

20   transcript reveals that, overall, the deposition proceeded in an orderly manner in accordance with

21   the Federal Rules of Civil Procedure.  Mattel's account of the conduct of Leahy's, MGA's and

22   Bryant's counsel is highly exaggerated, and Mattel's criticisms are largely unjustified.  Mattel

23   points to three instances where Leahy's counsel purportedly gave improper instructions not to

24   answer.  Specifically, counsel instructed Leahy not to answer the following questions:  (1) "Was

25   he a lawyer that you found or that M.G.A. found?" (p. 243:2-3); (2) "Did you understand that you

26   should be preserving documents or information about the lawsuit back in the May or June 2004

27   time period?" (pp. 255:24-256:1); (3) "As you sit here now, do you understand that you have an

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)                                                                                                      3

1  obligation to preserve documents or information that pertain to the lawsuit?" (p. 257:11-13).

2  Although counsel's instructions not to answer were improper, they did not materially affect

3  Mattel's ability to elicit relevant information from Leahy.

4       Furthermore, additional deposition time is unwarranted taking into consideration all of the

5  factors set forth in Rule 26(b)(2)(C), Fed.R.Civ.P. Mattel questioned Leahy over the course of a

6  7-hour deposition, during which Mattel had ample opportunity to obtain relevant information.

7  Furthermore, Mattel has already taken and received extensive discovery regarding the origins and

8  development of Bratz from virtually every conceivable source. Additional deposition time with

9  Leahy is likely to result in duplicative and cumulative discovery and subject Leahy to undue

10  burden.

11       Accordingly, Mattel's motion for additional time to depose Leahy is denied. Mattel's

12  request for sanctions is denied. Pursuant to Paragraph 6 of the Stipulation and Order for

13  Appointment of a Discovery Master, Mattel shall file this Order with the Clerk of Court forthwith.

14

15  Dated: April 28, 2008

16                    HON. EDWARD A. INFANTE (Ret.)

16                       Discovery Master

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on April 28, 2008, I served the attached ORDER ENYING MATTEL'S MOTION TO COMPEL FURTHER DEPOSITION OF MARGARET HATCH-LEAHY; DENYING REQUEST FOR SANCTIONS in the within action by email addressed as follows:

| | | |
|---|---|---|
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| Matthew M. Werdegar, Esq. | Keker & Van Nest | mwerdegar@kvn.com |
| John E. Trinidad, Esq. | Keker & Van Nest | jtrinidad@kvn.com |
| Audrey Walton-Hadlock, Esq. | Keker & Van Nest | awalton-hadlock@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johnquinn@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| John Gordon, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johngordon@quinnemanuel.com |
| Diane Hutnyan, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dianehutnyan@quinnemanuel.com |
| Thomas J. Nolan, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tnolan@skadden.com |
| Raoul D. Kennedy, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | rkennedy@skadden.com |
| Amy S. Park, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | apark@skadden.com |
| Harriet S. Posner, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | hposner@skadden.com |
| Carl Alan Roth, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | croth@skadden.com |
| Timothy A. Miller, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tmiller@skadden.com |
| Marcus R. Mumford, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Mmumford@skadden.com |
| Paul M. Eckles, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Paul.eckles@skadden.com |
| Lance A. Etcheverry, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Lance.etcheverry@skadden.com |
| Robert J. Herrington, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Robert.herrington@skadden.com |
| Mark Overland, Esq. | Overland, Borenstein, et al. | moverland@obsklaw.com |
| Alexander Cote, Esq. | Overland, Borenstein, et al. | acote@obsklaw.com |
| David C. Scheper, Esq. | Overland, Borenstein, et al. | dscheper@obsklaw.com |
| Larry W. McFarland | Keats, McFarland & Wilson | lmcfarland@kmwlaw.com |
| Christian Dowell | Keats, McFarland & Wilson | cdowell@kmwlaw.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on April 28, 2008, at San Francisco, California.

_____
                Sandra Chan