QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017–2543
Telephone:   (213) 443–3000
Facsimile:    (213) 443–3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> MATTEL, INC., a Delaware corporation, <br><br> Defendant. <br><br> AND CONSOLIDATED ACTIONS | CASE NO. CV 04–9049 SGL (RNBx) <br><br> Consolidated with <br> Case No. CV 04–09059 <br> Case No. CV 05–02727 <br><br> **MATTEL, INC.'S REPLY IN SUPPORT OF *EX PARTE* APPLICATION FOR RELIEF FROM THE TWENTY-DAY MEET AND CONFER REQUIREMENT OF LOCAL RULE 7-3 AND FOR AN EXPEDITED HEARING DATE ON MATTEL'S MOTION FOR "ADVERSE INFERENCE" JURY INSTRUCTION** <br><br> Date:    TBA <br> Time:    TBA <br> Place:   Courtroom 1 <br><br> **Phase I** <br> Pre–trial Conference:  May 19, 2008 <br> Trial Date:              May 27, 2008 |

07209/2488924.1

### Mattel's Reply In Support of *Ex Parte* Application

Carter Bryant greatly overstates the nature of the *ex parte* relief Mattel seeks and its potential effects on this litigation.  The relief Mattel seeks would not "wreak havoc" on the pretrial schedule.  (Opp., at 1).  Mattel requests only to have its motion for an order granting an "adverse inference" jury instruction heard at the same time as Bryant's motion *in limine* number 13, which seeks to preclude such jury instruction.  Because those motions involve the same issues, it makes perfect sense, and would promote judicial economy, for the Court to evaluate those motions together.

Bryant also overstates the purported prejudice he would suffer if this *ex parte* application is granted.  Bryant has already briefed his opposition to Mattel's jury instruction motion *twice* – once in his motion *in limine*, and again in his lengthy opposition to this application.  Indeed, Mattel's jury instruction motion is really a *response to* Bryant's motion *in limine*.  Bryant therefore is disingenuous when he states Mattel's requested *ex parte* relief would "profoundly prejudice" him because he needs "the time and the opportunity to fully rebut Mattel's spurious allegations." (Opp., at 1, 7).  Also, Bryant's lawyers, purportedly too taxed to oppose Mattel's jury instruction motion over three weeks time, found time to prepare Bryant's opposition to this application (likely because they already had prepared their substantive arguments).  Bryant's arguments of "surprise" and prejudice should be flatly rejected.[1]

In any event, Mattel did not delay in seeking the subject jury instruction.  Mattel timely proposed that instruction along with all its other proposed instructions upon the regular deadline to do so.  The Court has ample authority to issue that

---

[1]   Bryant also argues that the Court itself would be prejudiced by the relief Mattel seeks.  Bryant cites the dozens of other matters pending before this Court in the weeks before trial commences and argues "there is simply no room in the Court's schedule" to consider Mattel's jury instruction motion too.  (Opp., at 3).  But the jury instruction motion presents issues that are intertwined with issues already before the Court, albeit in a different procedural context.  Mattel will not purport to tell the Court it cannot handle that.

07209/2488924.1

-1-
MATTEL'S REPLY IN SUPPORT OF *EX PARTE* APPLICATION FOR RELIEF FROM RULE 7-3 REQUIREMENT RE MOTION FOR "ADVERSE INFERENCE" JURY INSTRUCTION

instruction upon Mattel's proposal thereof pursuant to its "broad discretionary power to permit a jury to draw an adverse inference from the destruction or spoliation [of evidence] against the party or witness responsible for that behavior." *See Glover v. BIC Corp.*, 6 F. 3d 1318, 1329 (9th Cir. 1993). This is especially true where the instruction Mattel proposes does not seek to present to the jury a judicial finding that Bryant engaged in wrongful evidence spoliation, but rather merely would inform the jury of the potential inference it is permitted to draw *if it finds* such misconduct.

Mattel likewise did not delay in bringing its jury instruction motion. Despite the permissiveness of the instruction Mattel seeks, Bryant argued vociferously in his motion *in limine* number 13 that Mattel must obtain a Court order granting that "adverse inference" jury instruction before it may be read. As set forth in detail in Mattel's opposition to motion *in limine* number 13, Mattel disagrees with that argument. Mattel did do its "legal homework." (Opp., at 5). No case that Mattel has found or that Bryant has cited requires a party to obtain a sanctions award or other court order as a prerequisite to an adverse inference instruction. At best, the out-of-Circuit cases Bryant cites show (in passing) that some courts have conducted an evidentiary hearing before deciding to *impose sanctions* (such as by instructing the jury that a party *had spoliated* relevant evidence). *See, e.g., Regent Ins. Co. v. Candle Corp. of Am.*, 2004 WL 2713251, at * 2 n.4 (D. Minn. Nov. 24, 2004) ("Courts often hold evidentiary hearings to determine the facts relevant to the imposition of sanctions.") (emphasis added) (citing *Morris v. Union Pacific R.R.*, 373 F. 3d 896, 900-901 (8th Cir. 2004) (ordering new trial where trial court *had instructed* the jury that it *had previously found* that a party had destroyed evidence). Those cases do not impose a requirement that courts conduct evidentiary hearings or issue sanctions before they may read an adverse inference instruction (let alone a permissive inference instruction) to the jury.

Nonetheless, in an abundance of caution, and in response to Bryant's baiting, Mattel prepared a motion for "adverse inference" jury instruction to place Bryant's misconduct squarely before the Court – as Bryant insists must be done – and to

-2-

formally request the issuance of a permissive inference jury instruction.  In these circumstances, the Court should exercise its discretion to grant this application and consider Mattel's jury instruction motion together with Bryant's motion *in limine*.  *See Elwood v. Morin*, 87 Fed. Appx. 617, 619 (9th Cir. 2004) (noting court "appropriately used its discretion" in ruling on *ex parte* application).

Indeed, the Court should grant this application even if it chooses to apply what Bryant purports to be the "three-part test" that applies to *ex parte* relief.  (*See* Opp., at 4-5 (citing *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995)).[2]  First, *accepting as correct Bryant's own argument that a Court order is a prerequisite to the jury instruction Mattel seeks*, Mattel would be irreparably prejudiced by the denial of this relief by not being able to obtain the permissive inference instruction to which it is entitled based on Bryant's destruction of evidence from his computers.  Second, Mattel brings its jury instruction motion at this time through no "fault" of its own, but rather in response to Bryant's own arguments and in effort to convenience the Court (and presumably the parties) by allowing all issues regarding the adverse instruction to be heard simultaneously.  Third, given the strong evidence of Bryant's spoliation of evidence, Mattel's motion for a permissive adverse inference instruction has a strong likelihood of success.  Mattel has briefed the merits of that issue at length in its opposition to motion *in limine* number 13 and in its jury instruction motion and, for sake of judicial efficiency, resists the urge to re-brief those issues for a third time here.

---

[2]   The so-called "three-part test" has not been adopted by the Ninth Circuit and essentially derives from a single Magistrate Judge's musings on the nature of *ex parte* relief.  *See Mission Power Eng'g Co.*, 883 F. Supp. at 492 and n.2 (importing standards applicable to motions for preliminary injunctions into application for *ex parte* relief).

-3-

## Conclusion

For these reasons, Mattel respectfully requests that the Court grant this application and advance the hearing date on its Motion for an Order Granting "Adverse Inference" Jury Instruction to May 21, 2008, at 1:00 p.m., to coincide with the hearing on Bryant's Motion *in Limine* No. 13.[3]

DATED:  April 30, 2008              QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP


                                   By_____/s/_____
                                       Christopher Tayback
                                       Attorneys for Mattel, Inc.

---

[3]   Although Mattel also seeks *ex parte* relief from the 20-day meet and confer requirement in the *Local Rules*, Bryant hardly addresses that issue in his opposition. This is likely because it is beyond clear now, and indeed was clear well before Mattel filed this application, that Bryant opposes Mattel's jury instruction motion and his reasons therefore.  Any further meeting and conferring would only serve to delay the hearing on that motion.

MATTEL'S REPLY IN SUPPORT OF *EX PARTE* APPLICATION FOR RELIEF FROM RULE 7-3 REQUIREMENT RE MOTION FOR "ADVERSE INFERENCE" JURY INSTRUCTION