QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727 |
| vs. | |
| MATTEL, INC., a Delaware corporation, | Honorable Stephen G. Larson |
| Defendant. | **MATTEL, INC.'S REPLY IN SUPPORT OF ITS *EX PARTE* APPLICATION FOR (1) RELIEF FROM THE FIVE-DAY REQUIREMENT OF LOCAL RULE 7-3; AND (2) FOR AN EXPEDITED HEARING DATE OF MAY 12, 2008 REGARDING MATTEL'S APPEAL OF THE DISCOVERY MASTER'S APRIL 14, 2008 AND APRIL 23, 2008 ORDERS** |
| AND CONSOLIDATED ACTIONS | |
| | Date: N/A<br>Time: N/A<br>Place: N/A |
| | **Phase 1:**<br>Discovery Cut-Off: January 28, 2008<br>Pre-Trial Conference: May 19, 2008<br>Trial Date: May 27, 2008 |

07209/2489455.1

**Argument**

MGA claims that Mattel's ex parte application should be denied, or that Mattel should be limited to an expedited hearing as to only one of the four motions it filed objections to regarding the Discovery Master's Orders, because Mattel waited two weeks after the date of the orders to file its Ex Parte Application. MGA's claim is disingenuous and should be rejected out of hand.

First, MGA's claim is false as to Mattel's motion objecting to the Discovery Master's April 23, 2008 Order. Mattel acted diligently after receiving the Order on April 23, 2008. On April 24, Mattel requested a meet and confer the following day with MGA's counsel.[1] MGA's counsel responded that they were not available to meet and confer until late in the day April 28, 2008,[2] the day that Mattel ultimately filed its motion and the Ex Parte Application. The morning of April 25, Mattel forwarded the detailed grounds for the motion to MGA by email, and again requested a conference.[3] This email was ignored by MGA.[4] On April 27, 2008, Mattel's counsel gave notice of the Ex Parte Application by email and again requested a meet-and-confer with MGA's counsel.[5] Another proposal to meet and confer was sent by Mattel to MGA on April 28,[6] and only then (four days after

---

[1] Email chain between Timothy Alger, Robert Herrington, Amy Park, and Marcus Mumford, from April 24, 2008 to April 25, 2008, attached as Exhibit 1 to the Supplemental Declaration of Timothy L. Alger in Support of Mattel, Inc.'s Ex Parte Application for (1) Relief from the Five-Day Requirement of Local Rule 7-3; and (2) For an Expedited Hearing Date of May 12, 2008 Regarding Mattel's Appeal of the Discovery Master's April 14 and 23, 2008 Orders, dated April 30, 2008, and filed concurrently herewith ("Supp. Alger Dec.").
[2] Id.
[3] Id.
[4] Supp. Alger Dec., ¶ 2.
[5] Email from Timothy Alger to Amy Park, dated April 27, 2008, Supp. Alger Dec., Exh. 2.
[6] Email from Timothy Alger to Raoul Kennedy, dated April 28, 2008, Supp. Alger Dec., Exh. 3.

07209/2489455.1

-1-
MATTEL'S REPLY ISO *EX PARTE* APPLICATION FOR RELIEF OF LOCAL RULE 7-3 & FOR EXPEDITED HEARING

Mattel's request) did MGA's counsel speak with Mattel about the motion.[7] Counsel were unable to resolve their differences.[8] Mattel endeavored from April 24 to April 28 to get MGA to confer about the motion, and there is simply no evidence that Mattel was in any way dilatory in seeking review of the Discovery Master's April 23, 2008 Order or filing the Ex Parte Application.

As to Mattel's remaining motions objecting to the Discovery Master's April 14, 2008 Orders, the time that MGA attempts to characterize as "delay" largely was, in fact, Mattel's efforts to meet and confer with MGA. For example, after receiving the Discovery Master's Order concerning Mattel's Fifth Set of Requests for Production, and after reviewing and evaluating MGA's production of documents in response to the requests at issue, on April 22, 2008, Mattel endeavored to meet and confer with MGA and narrow the requests at issue.[9] MGA's counsel agreed to meet and confer, but not until April 24, 2008.[10] MGA's counsel did not inform Mattel's counsel that it would not agree to the items raised in the meet and confer until April 25, 2008, just one business day before Mattel filed its Ex Parte Application.[11] The same is true of Mattel's motion concerning Request for Production Number 48. Mattel requested a meet and confer on Monday, April 21, 2008.[12] MGA responded

---

[7] Declaration of Timothy L. Alger in Support of Mattel, Inc.'s Ex Parte Application for (1) Relief from the Five-Day Requirement of Local Rule 7-3; and (2) For an Expedited Hearing Date of May 12, 2008 Regarding Mattel's Appeal of the Discovery Master's April 14 and 23, 2008 Orders, dated April 28, 2008 ("Alger Dec."), at ¶ 2.
[8] Id.
[9] Facsimile from Timothy Alger to Amy Park, dated April 22, 2008, Supp. Alger Dec., Exh. 4.
[10] Email chain between Timothy Alger and Amy Park, dated April 22, 2008, Supp. Alger Dec., Exh. 5.
[11] Alger Dec., ¶ 3.
[12] Declaration of Randa Osman in Support of Mattel, Inc.'s Reply in Support of Its Ex Parte Application for (1) Relief from the Five-Day Requirement of Local Rule 7-3; and (2) for an Expedited Hearing Date of May 12, 2008 Regarding (footnote continued)

saying that it was available to meet and confer on Thursday, April 24.[13]  Then, after the meet and confer, MGA's counsel said it needed to consult with its client and would get back to Mattel concerning Mattel's offer to narrow the request at issue.[14]  Counsel for MGA did not get back to Mattel until Friday, April 25, 2008, and rejected Mattel's offer.[15]  Mattel filed its Ex Parte Application the very next business day, on April 28, 2008.

Thus, any suggestion by MGA that Mattel failed to act diligently in filing its Ex Parte Application is without merit.  Indeed, as the record shows, the alleged delays MGA relies on were of MGA's making.  MGA should not be rewarded, and Mattel should not be punished, for MGA's own foot-dragging.

DATED: April 30, 2008         QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

                              By /s/ B. Dylan Proctor
                              B. Dylan Proctor
                              Attorneys for Mattel, Inc.

---

Mattel's Appeal of the Discovery Master's April 14 and 23, 2008 Orders, dated April 30, 2008, and filed concurrently herewith ("Supp. Osman Dec."), ¶ 2; email from Randa Osman to Amy Park, dated April 21, 2008, Supp. Osman Dec., Exh. A.

[13] Supp. Osman Dec., ¶ 3; email from Amy Park to Randa Osman, dated April 21, 2008, Supp. Osman Dec., Exh. B.

[14] Supp. Osman Dec., ¶ 4.

[15] Id. at ¶ 5; email from Bernard Shek to Randa Osman, dated April 25, 2008, Supp. Osman Dec., Exh. C.