```
 1  THOMAS J. NOLAN (Bar No. 66992)
    (tnolan@skadden.com)
 2  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
    300 South Grand Avenue
 3  Los Angeles, CA 90071-3144
    Tel.: (213) 687-5000 / Fax: (213) 687-5600
 4
    RAOUL D. KENNEDY (Bar No. 40892)
 5  (rkennedy@skadden.com)
    SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
 6  4 Embarcadero Center, 38th Floor
    San Francisco, CA 94111-5974
 7  Tel.: (415) 984-6400 / Fax: (415) 984-2698

 8  Attorneys for MGA Entertainment, Inc., MGA Entertainment (HK) Limited,
    MGAE de Mexico, S.R.L. de C.V., and Isaac Larian
 9

10                      UNITED STATES DISTRICT COURT
11
                       CENTRAL DISTRICT OF CALIFORNIA
12

13
    CARTER BRYANT, an individual,        )  CASE NO. CV 04-9049 SGL (RNBx)
14                                       )
                    Plaintiff,           )  Consolidated with Case No. 04-9059
15                                       )  and Case No. 05-2727
          v.                             )
16                                       )  MGA'S REPLY IN SUPPORT OF EX
    MATTEL, INC., a Delaware             )  PARTE APPLICATION FOR (1)
17  corporation,                         )  RELIEF FROM THE FIVE-DAY
                                         )  REQUIREMENT OF LOCAL RULE
18                  Defendant.           )  7-3; AND (2) AN EXPEDITED
                                         )  HEARING DATE OF MAY 12, 2008
19  _____)
                                         )
20  AND CONSOLIDATED ACTIONS             )  Date:  TBD
                                         )  Time:  TBD
                                         )  Place: TBD
21
22
23
24
25
26
27
28
    ─────────────────────────────────────────────────────────────────
       MGA'S REPLY IN SUPPORT OF EX PARTE APPLICATION FOR (1) RELIEF FROM THE FIVE-DAY
       REQUIREMENT OF LOCAL RULE 7-3; AND (2) AN EXPEDITED HEARING DATE OF MAY 12, 2008
                          CASE NO. CV 04-9049 SGL (RNBx)
```

The parties are in agreement that MGA is entitled to relief from the five-day requirement of Local Rule 7-3 and an expedited hearing on its Objections To The Discovery Master's Order Denying MGA's Motion To Compel On Issues As To Which Mattel Has Waived The Attorney-Client Privilege And Work Product Doctrine By Claim Assertion (the "Privilege Waiver Motion"). The *only* question now remaining for this Court to resolve is one of timing for the hearing – *i.e.*, whether the hearing on the Privilege Waiver Motion should take place on May 12, 2008, as MGA proposes, or on May 19, 2008, as Mattel proposes. (*See* Mattel Opposition Brief at 1.) The importance of the privilege waiver issue to both the pending summary judgment motions and to the impending trial necessitates that the Privilege Waiver Motion be heard at the Court's earliest opportunity.

As the Court acknowledged in its recent summary judgment ruling, the issue of whether Mattel has waived the attorney-client privilege with respect to its early investigations has direct implications on the parties' motions for summary judgment. Specifically, the Court noted that if the privilege issue were "resolved in MGA's favor, [it would have the potential] to factor into the inquiry into the determination of the date of the accrual of any claims against Bryant and/or MGA." (4/25/08 Order at 4.) Mattel pays only lip service to this issue in its opposition, wherein it asserts that it "makes sense" for the Court to consider the Privilege Waiver Motion at the same time as the continued hearing on the parties' summary judgment motions. (Mattel Opposition at 1.) With all due respect to Mattel, this proposal actually makes *no* sense.

Before the Court can render a decision as to whether Mattel's claims are timely, it must first resolve the issue of whether information regarding Mattel's early investigations into Carter Bryant, Bratz and MGA is protected by the attorney-client privilege, or whether the privilege has been waived and, consequently, the

---

MGA'S REPLY IN SUPPORT OF *EX PARTE* APPLICATION FOR (1) RELIEF FROM THE FIVE-DAY REQUIREMENT OF LOCAL RULE 7-3; AND (2) AN EXPEDITED HEARING DATE OF MAY 12, 2008
CASE NO. CV 04-9049 SGL (RNBx)
-1-

information may be considered for purposes of the determining when Mattel's claims accrued for statute of limitations and laches purposes. If the Court finds that the privilege has been waived, then it follows that MGA should be afforded the benefit of receiving the additional information regarding the state of Mattel's early knowledge *in advance of* any continued argument on the statute of limitations and laches issues. MGA submits that the only way to ensure that the May 19 hearing is productive would be to resolve the issues raised in the Privilge Waiver Motion on May 12.

Mattel's claim of undue burden rings hollow. (Mattel Opposition at 1.) In particular, Mattel claims that having *five days* (*i.e.*, until May 5) to file its opposition to the Privilege Waiver Motion is inadequate. (*Id.*) Thus, rather than MGA's proposed schedule of having opposition papers filed on May 5 and reply papers filed on May 7, Mattel proposes that it be afforded *twelve days* (*i.e.*, until May 12) to file its opposition, and that MGA be afforded only *two days* (*i.e.*, until May 14) to file its reply. (*Id.*) Putting aside the patent inequities of Mattel's proposal, the claim of undue burden cannot be reconciled with other positions that the company has taken in recent days. For example, in Mattel's *Ex Parte* Application Re: Appeal of Discovery Master's April 14, 2008 and April 23, 2008 Orders, filed April 28, 2008 at 11:56 p.m., Mattel sought a hearing date of May 12, 2008 and argued that MGA "has already had ample time to consider and brief the issues presented in the Motion, when they were considered by the Discovery Master." (Mattel *Ex Parte* Application at 4.) By its own logic, therefore, Mattel has ample time to file its opposition to the Privilege Waiver Motion by May 5, as the privilege waiver issue has been well-known to Mattel since November 2007, when MGA first raised it, and was briefed extensively before the Discovery Master. (Privilege Waiver Motion at 6-7.)

1 | MGA respectfully reiterates its request that the Court set the Privilege Waiver Motion for hearing on May 12, 2008.

DATED: May 1, 2008

Respectfully submitted,

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

By: /s/ Thomas J. Nolan
Thomas J. Nolan

Attorneys for the MGA Parties

---

MGA'S REPLY IN SUPPORT OF *EX PARTE* APPLICATION FOR (1) RELIEF FROM THE FIVE-DAY REQUIREMENT OF LOCAL RULE 7-3; AND (2) AN EXPEDITED HEARING DATE OF MAY 12, 2008
CASE NO. CV 04-9049 SGL (RNBx)
-3-