Hon. Edward A. Infante (Ret.)
JAMS
Two Embarcadero Center
Suite 1500
San Francisco, California 94111
Telephone:  (415) 774-2611
Facsimile:  (415) 982-5287

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>CONSOLIDATED WITH<br>MATTEL, INC. v. BRYANT and<br>MGA ENTERTAINMENT, INC. v. MATTEL, INC. | CASE NO. CV 04-09049 SGL (RNBx)<br>JAMS Reference No. 1100049530<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-2727<br><br>**ORDER GRANTING MGA'S MOTION TO QUASH LARRY MCFARLAND'S DEPOSITION SUBPOENA OR FOR PROTECTIVE ORDER** |

## I. INTRODUCTION

On March 17, 2008, MGA Entertainment, Inc., Isaac Larian, MGA Entertainment (HK) Limited, and MGAE de Mexico S.R.L. de C.V. (collectively "MGA") submitted a Motion to Quash Larry McFarland's Deposition Subpoena or for Protective Order. On March 27, 2008, Mattel, Inc. ("Mattel") submitted an opposition, and on April 7, 2008, MGA submitted a reply.

Mr. McFarland ("McFarland") has not submitted any briefing. Pursuant to Paragraph 5 of the Stipulation and Order for Appointment of a Discovery Master, the Discovery Master finds it appropriate to decide the motion without oral argument.

## II. BACKGROUND

McFarland is counsel for MGA. He signed early copyright registrations related to Bratz. In those registrations, he stated that the "first publication" of Bratz was February 12, 2001. In 2005, after this lawsuit began, MGA submitted Supplemental Copyright Registrations stating that the "first publication" was "as least as early as May 21, 2001."

McFarland has also been involved in this case since the time it was filed. MGA's Motion at p.1; McFarland Decl., ¶1. He has "participated in legal defense discussions" with MGA's prior trial counsel and now with MGA's current trial counsel. Supp. McFarland Decl., ¶1. Currently, McFarland represents several third party witnesses, including Margaret Leahy, Veronica Marlow, Sarah Halpern, Elise Cloonan and Lucy Arant. McFarland Decl., ¶2.

In January of 2008, the district court granted Mattel leave to take McFarland's deposition, along with approximately forty-five other individuals and entities. Mattel made numerous attempts to serve McFarland, and eventually the district court issued an Order to Show Cause why McFarland should not be ordered to appear for deposition. On February 25, 2008, the district court discharged the Order to Show Cause. The court precluded McFarland from objecting to Mattel's subpoena on the basis of notice, service or timeliness, but made clear that all other objections to Mattel's subpoena were preserved and to be adjudicated by the Discovery Master.

MGA moves to quash McFarland's subpoena, or in the alternative, for a protective order on the grounds that, *inter alia*, the subpoena is improper pursuant to the test established by Shelton v. American Motors Corp., 805 F.2d 1323 (8th Cir. 1986), which limits the depositions of opposing counsel. Mattel opposes the motion, contending that McFarland may be the only available percipient witness on certain key issues in the case, and that in particular, he possesses unique non-privileged information regarding the dates of "first publication" stated in several early

1  copyright registrations he submitted on MGA's behalf to the Copyright Office. Further, Mattel
2  contends that Shelton is not the law of this Circuit, and that in any event, Shelton does not apply
3  to McFarland because he is not trial counsel.

### III. STANDARDS

In general, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed.R.Civ.P. 26(b)(1). All discovery, however, is subject to the limitations imposed by Rule 26(b)(2)(C), Fed.R.Civ.P., which provides that the court must limit the frequency or extent of discovery otherwise allowed by the Federal Rules of Civil Procedure or by local rule if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues."

Fed.R.Civ.P. 30(a) provides that depositions may be taken of "any person." There is no express prohibition against deposing opposing counsel. See Shelton, 805 F.2d at 1327. Courts, however, have cautioned that depositions of opposing counsel should be allowed only in limited circumstances. In Shelton, the Eighth Circuit Court of Appeals explained the judicial attitude toward such depositions as follows:

> We do not hold that opposing trial counsel is absolutely immune from being deposed. We recognize that circumstances may arise in which the court should order the taking of opposing counsel's deposition. But those circumstances should be limited to where the party seeking to take the deposition has shown that (1) no other means exist to obtain the information than to depose opposing counsel, see e.g., Fireman's Fund Ins. Co. v. Superior Court, 72 Cal.App.3d 786, 140 Cal. Rptr. 677 (1977); (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case.

Shelton, 805 F.2d at 1327.[1]

## IV. DISCUSSION

As a preliminary matter, Mattel disputes whether MGA has standing to bring the instant motion.[2] Mattel's position is without merit. By bringing this motion, MGA seeks to protect its confidential attorney-client communications with McFarland, which it unquestionably has standing to do. See e.g. Unigene Labs., Inc. v. Apotex, Inc., No. C07-80218 SI, 2007 WL 2972931, at *4 (N.D. Cal. Oct. 10, 2007) (granting defendant's motion to quash the deposition subpoena of defendant's attorney).

Mattel seeks information from McFarland related to the "factual basis for MGA's copyright applications and registrations for Bratz-- including the dates of creation and publication-- that Mr. McFarland submitted to the Copyright Office and that were changed after the inception of this litigation." Mattel's Opp. at p.13. McFarland, however, is not the only source of information regarding the representations contained in MGA's applications and registrations for Bratz. In fact, Mattel has already received substantial relevant, non-privileged discovery regarding the creation and publication of Bratz directly from Carter Bryant and many others who were personally involved in developing Bratz and bringing it to market. Furthermore, Mattel has already received substantial discovery relating to MGA's trademark and copyright applications. MGA provided Mattel with copies of MGA's copyright applications and registrations and made several individuals for deposition regarding those applications and registrations, including Kerri Brode, Nana Ashong, Bryan Armstrong, Mitchell Kamarck (MGA's former in-house counsel), and Samir Khare (MGA's current in-house counsel). In particular, MGA's 30(b)(6) witness, Mr. Khare, testified extensively regarding MGA's applications for

---

[1] The Ninth Circuit has not adopted Shelton, supra. However, Shelton is generally regarded as the leading case on deposing opposing counsel. In any event, Rule 26(b)(2)(C), Fed.R.Civ.P., ultimately dictates the appropriate limits of discovery.

[2] McFarland apparently did not serve any objections to the subpoena. Nor has McFarland submitted any briefing in connection with the instant motion.

copyright and trademark registrations as to Bratz. Mr. Khare also testified regarding the basis of the correction date of publication for certain copyright registrations.

Mattel next asserts, without explanation, that McFarland has "unique knowledge concerning changes in MGA's copyright registrations for Bratz dolls" (Mattel's Opp. at p.13), and that such information is crucial to its case. Mattel, however, has already questioned Mr. Khare and other witnesses regarding the date changes made to MGA's copyright registrations for Bratz dolls.[3] Mattel has not identified any "unique" knowledge McFarland may possess beyond that which Mr. Khare and others have already provided to Mattel. There is no allegation that McFarland was personally involved in the creation or publication of Bratz. Whatever "unique" knowledge McFarland may possess on these subjects (beyond what has already been provided to Mattel) was received from MGA, and therefore, is very likely to be protected by the attorney-client privilege.

Lastly, Mattel contends that McFarland possesses percipient knowledge regarding statements he has made on behalf of MGA in other lawsuits regarding the similarity between the Bratz dolls and Bryant's drawings that are purportedly inconsistent with MGA's position in this case. Mattel, however, has already deposed MGA's 30(b)(6) designee on Topic No. 34 of Mattel's Second Notice of Deposition of MGA, which essentially called for MGA's designee to testify regarding the testimony, transcripts, declarations, affidavits and other sworn written statements made by or on behalf of MGA that referred or related to Bratz in other lawsuits.

In sum, Mattel has had ample opportunity to obtain the information it seeks. In view of the substantial discovery Mattel has already sought and received regarding MGA's trademark and copyright applications, McFarland's deposition is duplicative and cumulative. McFarland is also not likely to have any relevant non-privileged information beyond that which Mattel has already

---

[3] Mattel contends that MGA's Rule 30(b)(6) witness was not knowledgeable and could not fully explain the basis for the date changes. Mattel's complaints do not justify deposing yet another witness on the same subject. The Federal Rules of Civil Procedure provide for other forms of relief to address a Rule 30(b)(6) witness' lack of preparedness or failure to provide complete responses.

sought and received in this case. Finally, the burden and expense associated with conducting McFarland's deposition at this late stage in the litigation outweigh its likely benefit, taking into consideration all of the factors in Rule 26(b)(2)(C)(iii), Fed.R.Civ.P.

## V. CONCLUSION

For the reasons set forth above, MGA's motion to quash McFarland's deposition subpoena, or in the alternative for a protective order, is granted pursuant to Rule 26(b)(2)(C), Fed.R.Civ.P.

Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery Master, MGA shall file this Order with the Clerk of Court forthwith.

Dated: April 29, 2008

HON. EDWARD A. INFANTE (Ret.)
Discovery Master

## PROOF OF SERVICE BY E-MAIL

I, Anthony Sales, not a party to the within action, hereby declare that on May 1, 2008, I served the attached: ORDER GRANTING MGA'S MOTION TO QUASH LARRY MCFARLAND'S DEPOSITION SUBPOENA OR FOR PROTECTIVE ORDER in the within action by email addressed as follows:

| Name | Firm | Email |
|---|---|---|
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| Matthew M. Werdegar, Esq. | Keker & Van Nest | mwerdegar@kvn.com |
| John E. Trinidad, Esq. | Keker & Van Nest | jtrinidad@kvn.com |
| Audrey Walton-Hadlock, Esq. | Keker & Van Nest | awalton-hadlock@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johnquinn@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| John Gordon, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johngordon@quinnemanuel.com |
| Diane Hutnyan, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dianehutnyan@quinnemanuel.com |
| Thomas J. Nolan, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tnolan@skadden.com |
| Raoul D. Kennedy, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | rkennedy@skadden.com |
| Amy S. Park, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | apark@skadden.com |
| Harriet S. Posner, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | hposner@skadden.com |
| Carl Alan Roth, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | croth@skadden.com |
| Timothy A. Miller, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tmiller@skadden.com |
| Marcus R. Mumford, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Mmumford@skadden.com |
| Paul M. Eckles, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Paul.eckles@skadden.com |
| Lance A. Etcheverry, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Lance.etcheverry@skadden.com |
| Robert J. Herrington, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Robert.herrington@skadden.com |
| Mark Overland, Esq. | Overland, Borenstein, et al. | moverland@obsklaw.com |
| Alexander Cote, Esq. | Overland, Borenstein, et al. | acote@obsklaw.com |
| David C. Scheper, Esq. | Overland, Borenstein, et al. | dscheper@obsklaw.com |
| Larry W. McFarland, Esq. | Keats, McFarland & Wilson | lmcfarland@kmwlaw.com |
| Christian Dowell, Esq. | Keats, McFarland & Wilson | cdowell@kmwlaw.com |
| Robyn Aronson, Esq. | Davis Wright Tremaine | robynaronson@dwt.com |
| Alonzo Wickers, Esq. | Davis Wright Tremaine | alonzowickers@dwt.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on May 1, 2008, at San Francisco, California.

Anthony Sales