Hon. Edward A. Infante (Ret.)
JAMS
Two Embarcadero Center
Suite 1500
San Francisco, California 94111
Telephone:  (415) 774-2611
Facsimile:  (415) 982-5287

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>CONSOLIDATED WITH<br>MATTEL, INC. v. BRYANT and<br>MGA ENTERTAINMENT, INC. v. MATTEL, INC. | CASE NO. CV 04-09049 SGL (RNBx)<br>JAMS Reference No. 1100049530<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-2727<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MATTEL'S MOTION TO COMPEL DEPOSITION AND PRODUCTION OF DOCUMENTS OF CHRISTENSEN GLASER FINK JACOBS WEIL & SHAPIRO LLP** |

I. INTRODUCTION

On February 29, 2008, Mattel, Inc. ("Mattel") submitted a Motion to Compel Deposition and Production of Documents of Christensen, Glaser, Fink, Jacobs, Weil & Shapiro ("Christensen Glaser"). Specifically, Mattel seeks an order compelling Christensen Glaser to appear for

deposition on Topic Nos. 1-3, 5, and 7-13 and to produce documents responsive to Request for Production Nos. 1-6, 8, and 10-22 pursuant to a subpoena served January 18, 2008. On March 21, 2008, MGA Entertainment, Inc., Isaac Larian, MGA Entertainment (HK) Limited, and MGAE de Mexico S.R.L. de C.V. (collectively "MGA") and Christensen Glaser submitted separate oppositions. On March 28, 2008, the parties submitted a joint report in which they advised the court that despite further meet and confer efforts, the parties were unable to resolve or narrow the instant motion. On March 31, 2008, Mattel submitted a reply. Pursuant to Paragraph 5 of the Stipulation and Order for Appointment of a Discovery Master, the Discovery Master finds it appropriate to take the motion under submission for decision without oral argument.

## II. BACKGROUND

Christensen Glaser has served as legal counsel to MGA and Isaac Larian in connection with this action and a variety of other matters since 1999. Gizer Decl.¶2. Christensen Glaser was trial counsel of record for MGA and Isaac Larian in this very action from the filing of the case in April 2004 until October 2007. Id. Although Christensen Glaser is no longer trial counsel of record, the firm continues to provide legal advice to MGA and Isaac Larian in connection with this action and still represents them in other matters. Id. Christensen Glaser also represents Farhad Larian in connection with this action. Christensen Glaser Opposition at p. 1.

On January 7, 2008, the district court granted Mattel leave to take Christensen Glaser's deposition, along with approximately forty-five other individuals and entities. The district court held that Mattel had "shown good cause to grant additional discovery given the complexity of the case, the number of parties, recent developments related to the substitution of counsel, the concerns regarding retention and spoliation of evidence, and the delay in receiving discovery caused by numerous discovery disputes and a Court imposed stay requested by MGA upon substitution of counsel." Albán Decl., Ex. 12.

Mattel served a subpoena on Christensen Glaser on January 18, 2008. The subpoena contains twenty-two document requests and seeks, *inter alia*, information related to the Carter

Bryant-MGA Agreement, the origination of Bratz, MGA's document preservation efforts, fee and indemnity agreements entered into by MGA, and the documents that Farhad Larian's former counsel showed to Mattel. The subpoena contains fourteen deposition topics on the same subject matters as the document requests. On January 28, 2008, Christensen Glaser served objections to Mattel's subpoena.

On January 28, 2008, Mattel filed an *ex parte* application with the district court requesting leave to take third party depositions, including Christensen Glaser's deposition, after the discovery cut-off. During the hearing conducted on February 4, 2008, Christensen Glaser requested that the Court clarify that the January 7, 2008 Order granted Mattel leave to depose Christensen Glaser on only one issue. The district court responded as follows:

> That is not the case, and the request is DENIED. Mattel has been granted relief from the numerical limitations that previously restricted its ability to depose those individuals and entities addressed by the Court's January 7, 2008, Order, including its ability to depose Christensen, Glaser. Unless otherwise restricted by the Discovery Master upon proper presentation of the issue to him, Mattel may depose Christensen, Glaser on any relevant, non-privileged matter.

March Decl., Ex. A.

Mattel contends that the deposition topics and document requests in the subpoena are all relevant to central issues in the case. Mattel's motion, however, focuses on three general issues, without reference to specific topics or document requests. First, Victoria O'Connor testified that Isaac Larian ("Larian") instructed her to redact a Mattel facsimile identifier on the Bratz agreement between MGA and Bryant (the "Agreement") and to send the Agreement to Patricia Glaser of Christensen Glaser. Ms. O'Connor testified that she followed Larian's instructions and sent the Agreement. Larian denies ever giving that instruction to Ms. O'Connor. Mattel seeks documents and deposition testimony to explore Christensen Glaser's receipt of that Agreement, which Mattel contends is relevant to show spoliation of evidence.

Second, Mattel seeks information about Farhad Larian, whom Christensen Glaser represents in this action. According to Mattel, Farhad Larian admitted in late November 2005,

while he was on MGA's payroll as a consultant and while Christensen Glaser represented MGA, he destroyed evidence directly relevant to this action with the express intent of keeping such evidence from Mattel.

Further, Mattel emphasizes that Christensen Glaser threatened to disqualify Mattel's counsel based on counsel's purportedly improper and unethical contact with Farhad Larian and his counsel in connection with Mattel's review of documents in Farhad Larian's possession in the fall of 2005. Farhad Larian destroyed most of the documents Mattel reviewed. Mattel contends that information in Christensen Glaser's possession is relevant to Bratz, Farhad Larian's alleged spoliation of evidence, and Mattel's defense to Christensen Glaser's disqualification threat.

Third, Mattel seeks information from Christensen Glaser about payments from MGA to Bryant and other witnesses in this action. Mattel contends that evidence of payments is relevant to bias and credibility of the witnesses.

Christensen Glaser contends that Mattel's subpoena does not satisfy the elements set forth in <u>Shelton v. American Motors Corp.</u>, 805 F.2d 1323 (8th Cir. 1986), which limits the depositions of opposing counsel. Rather, Christensen Glaser contends that all of the documents and information requested by the subpoena are either privileged or available from another source, and are not crucial to Mattel's preparation of its case.

MGA also opposes Mattel's motion, contending that the subpoena is overly broad, invades privileged matters, unnecessarily disrupts the adversarial process, and unreasonably burdens and harasses MGA and its counsel. Moreover, MGA contends that Mattel fails to make the required showing that there is no other means by which Mattel can obtain the information it seeks, or that the information it seeks is crucial (or even necessary) to its case, as required under <u>Shelton, supra</u>. MGA also contends that the information sought is duplicative and cumulative in view of prior discovery Mattel has already sought and received in this case.

//

//

### III. STANDARDS

In general, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed.R.Civ.P. 26(b)(1). All discovery, however, is subject to the limitations imposed by Rule 26(b)(2)(C), Fed.R.Civ.P., which provides that the court must limit the frequency or extent of discovery otherwise allowed by the Federal Rules of Civil Procedure or by local rule if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues."

Fed.R.Civ.P. 30(a) provides that depositions may be taken of "any person." There is no express prohibition against deposing opposing counsel. See Shelton, 805 F.2d at 1327. Courts, however, have cautioned that depositions of opposing counsel should be allowed only in limited circumstances. In Shelton, the Eighth Circuit Court of Appeals explained the judicial attitude toward such depositions as follows:

> We do not hold that opposing trial counsel is absolutely immune from being deposed. We recognize that circumstances may arise in which the court should order the taking of opposing counsel's deposition. But those circumstances should be limited to where the party seeking to take the deposition has shown that (1) no other means exist to obtain the information than to depose opposing counsel, see e.g., Fireman's Fund Ins. Co. v. Superior Court, 72 Cal.App.3d 786, 140 Cal. Rptr. 677 (1977); (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case.

Shelton, 805 F.2d at 1327.[1]

---

[1] In its reply, Mattel contends that Shelton is not the law of this circuit, and asserts that this court should instead follow the Second Circuit's reasoning in In re Subpoena Issued to Dennis Friedman, 350 F.3d 65, 72 (2d Cir. 2003). In Friedman, the court held that the following factors should be considered when deciding whether the deposition of a lawyer should take place:

(continued...)

## IV. DISCUSSION

A. Information re Carter Bryant's Agreement with MGA

The information Mattel seeks regarding the Agreement between MGA and Bryant is relevant, and indeed crucial, to the claims and defenses in the case. The Agreement is at the heart of this case and is the very document by which Bryant purportedly assigned Bratz to MGA. The date and circumstances under which the Agreement was transmitted to Christensen Glaser are relevant because they might disclose whether or not (a) Bryant and MGA finalized the Agreement while Bryant still worked for Mattel and (b) MGA believed in good faith that Bryant had the rights to Bratz – an affirmative defense MGA has raised.

Further, the information Mattel seeks is relevant and crucial to Mattel's counterclaims, which include a RICO claim that is predicated, in part, upon an allegation that defendants altered Bryant's Agreement to conceal evidence that Bryant faxed the Agreement from the Barbie Collectibles department of Mattel, using a fax machine owned by Mattel and while Bryant was employed by Mattel. The information Mattel seeks is also relevant and crucial to Mattel's spoliation claim against MGA.[2]

---

(...continued)
   the need to depose the lawyer, the lawyer's role in connection with the matter on which discovery is sought and in relation to the pending litigation, the risk of encountering privilege and work-product issues, and the extent of discovery already conducted.... Under this approach, the fact that the proposed deponent is a lawyer does not automatically insulate him or her from a deposition nor automatically require prior resort to alternative discovery devices, but it is a circumstance to be considered.

Friedman, 350 F.3d at 72; see also Younger Mfg. Co. v. Kaenon, Inc., 247 F.R.D. 586, 588 (C.D. Cal. 2007) (finding Second Circuit's reasoning in Friedman to be more persuasive than Shelton).

The Ninth Circuit has not adopted Shelton, supra. However, Shelton is generally regarded as the leading case on deposing opposing counsel. In any event, Rule 26(b)(2)(C), Fed.R.Civ.P., ultimately dictates the appropriate limits of discovery.

[2] Arguably, Ms. O'Connor redacted the Agreement at a time when MGA was not under any duty to preserve evidence. Whether Mattel will ultimately prevail on its spoliation claim, however, is not the test for determining whether information is discoverable under Rule 26, Fed.R.Civ.P.

Ms. O'Connor and Larian testified that Christensen Glaser received a version of the Agreement. Only Christensen Glaser can verify the condition of the Agreement Ms. O'Connor faxed to its office. Furthermore, MGA has failed to establish that the Agreement Ms. O'Connor faxed to Christensen Glaser is privileged. There is no evidence that the Agreement itself – as compared to any communication that might have accompanied the Agreement – is privileged.

MGA next contends that "merely disclosing the timing and other circumstances surrounding MGA's transmittal of that contract to Christensen Glaser would divulge details about a request by MGA for legal advice from its counsel, and would likely reveal legal strategies surrounding one or more legal matters." MGA's Opposition at p.13. Mattel, however, represents that it is not seeking privileged information from Christensen Glaser, but rather non-privileged information regarding the date, time and manner of the Agreement's transmission, as well as the form in which the Agreement was transmitted. In view of Mattel's representation regarding the limited nature of its inquiry, MGA's concerns regarding potential privileged information are unfounded, and in any event, premature until Mattel poses a specific question to Christensen Glaser that calls for the disclosure of privileged information. If and when that occurs, MGA's claims of privilege can be addressed on a question-by-question basis.

Therefore, Mattel's motion is granted to the extent Mattel seeks production of the Agreement Ms. O'Connor faxed to Christensen Glaser. Mattel's motion is also granted to the extent Mattel seeks testimony regarding the date, time and manner of the Agreement's transmission and the condition of the Agreement when it arrived at Christensen Glaser's office. The information Mattel seeks is relevant and crucial to both Phase 1 and Phase 2 issues, and accordingly Christensen Glaser's deposition should proceed without delay.

To the extent Mattel's subpoena seeks documents and testimony beyond the Agreement itself and the date, time and manner of the Agreement's transmission and the condition of the Agreement when it arrived at Christensen Glaser's office, Mattel's subpoena exceeds the bounds of relevant discovery under Rule 26(b)(1), Fed.R.Civ.P., and intrudes, without justification, upon

MGA's attorney-client relationship and privileged communications with Christensen Glaser, taking into consideration all of the factors in Rule 26(b)(2)(C), Fed.R.Civ.P. Mattel has had ample opportunity to take discovery regarding Bryant's Agreement with MGA from multiple sources. Other than the limited discovery of Christensen Glaser permitted by this Order, Mattel has not shown that Christensen Glaser possesses non-privileged information beyond that which it has already sought and obtained. The requested discovery is also cumulative and unduly burdensome.

B. Information re Farhad Larian's Alleged Spoliation and Mattel's Threatened Disqualification

The information Mattel seeks regarding Farhad Larian's alleged destruction of evidence is relevant and crucial to Mattel's allegations of spoliation. Farhad Larian has testified that he destroyed documents and information related to Bratz with the express intent of keeping them from Mattel. The documents Farhad Larian destroyed included: (1) MGA Bratz-related emails from the 2000 and 2001 time period; (2) financial forecasts and shipping spreadsheets that included Bratz; (3) signed and draft declarations of persons knowledgeable about Bratz during the 2000 time period; and (4) information from the Larian v. Larian matter.

Christensen Glaser was MGA's counsel and was involved in MGA's evidence preservation efforts. Further, Christensen Glaser has represented Farhad Larian with respect to the instant lawsuit. Given Christensen Glaser's involvement with MGA's evidence preservation efforts and Christensen Glaser's representation of Farhad Larian, it is reasonable to infer that Christensen Glaser possesses information potentially relevant to Mattel's allegations regarding spoliation of evidence.[3]

Furthermore, the information Mattel is seeking about the documents Farhad Larian has admitted he destroyed and regarding the factual bases for MGA's threatened disqualification of Mattel's counsel appear to be uniquely within Christensen Glaser's possession. Mattel has a list of

---

[3] In its opposition papers, Christensen Glaser neither admits nor denies involvement with or knowledge of MGA's efforts, if any, to preserve potential evidence in Farhad Larian's possession.

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

8

the documents it inspected at the offices of Farhad Larian's attorneys in November 2005, but not the documents themselves. Farhad Larian no longer has the documents, and MGA has not produced copies of those documents to date.

MGA and Christensen Glaser have asserted valid concerns regarding the potential intrusion upon privileged information and work product. These concerns do not automatically insulate Christensen Glaser from Mattel's subpoena, particularly because of the gravity of the spoliation allegations and the lack of alternative sources for the documents Farhad Larian has admitted he destroyed. Further, the privilege issues cannot be addressed in a vacuum but must await the outcome of Christensen Glaser's document production and deposition.

However, to the extent Mattel's subpoena seeks documents and testimony beyond document preservation efforts relating to Farhad Larian and Mattel's threatened disqualification, the subpoena exceeds the bounds of relevant discovery under Rule 26(b)(1), Fed.R.Civ.P., and intrudes, without justification, upon MGA's attorney-client relationship with Christensen Glaser and privileged communications, taking into consideration all of the factors in Rule 26(b)(2)(C), Fed.R.Civ.P.

C. Payments to Witnesses

Lastly, Mattel seeks information regarding payments made to witnesses to this lawsuit. The information sought is clearly relevant to credibility and bias, but not crucial to Mattel's preparation of its case. Furthermore, Mattel has had ample opportunity to pursue such discovery, and indeed has obtained such discovery from many other sources. The requested information is also duplicative and cumulative of other discovery Mattel has sought and received, and unduly burdensome, taking into consideration all of the factors set forth in Rule 26(b)(2)(C)(iii), Fed.R.Civ.P.

V. CONCLUSION

For the reasons set forth above, Mattel's motion to compel the deposition of Christensen Glaser and for documents is granted in part and denied in part as follows:

1.    No later than May 15, 2008, Christensen Glaser shall produce all non-privileged documents that are responsive to the following requests: Nos. 1 (limited to the Agreement that Ms. O'Connor testified she sent to Christensen Glaser), 17, 21(limited to documents sought by or the subject of Request Nos. 1(as limited above) and 17) and 22 (limited to documents sought by or the subject of Request No. 17). Documents withheld on the basis of privilege must be identified on a privilege log, which shall be produced to Mattel no later than May 15, 2008.

2.    Christensen Glaser shall appear for deposition and testify regarding Topic Nos. 8 and 13. Topic No. 13 is limited to the Agreement Ms. O'Connor testified she sent to Christensen Glaser, the date, time and manner of the Agreement's transmission, and the condition of the Agreement when it arrived at Christensen Glaser's office. The deposition shall proceed at a place and time mutually convenient to all parties and witness(es), and shall be completed no later than May 20, 2008.

3.    All claims of privilege are preserved. Nothing in this Order is intended to authorize or preclude any party from asserting claims of privilege with respect to specific documents and/or deposition questions, if appropriate.

4.    Pursuant to Rule 26(b)(2)(C), Fed.R.Civ.P., Mattel's motion is denied with respect to all topics and document requests set forth in the subpoena that are not specifically identified in paragraphs 1 and 2 above.

5.    Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery Master, MGA shall file this Order with the Clerk of Court forthwith.

Dated: May 1, 2008                                  /S/

                                                    HON. EDWARD A. INFANTE (Ret.)
                                                    Discovery Master

## PROOF OF SERVICE BY E-MAIL

I, Anthony Sales, not a party to the within action, hereby declare that on May 1, 2008, I served the attached ORDER GRANTING IN PART AND DENYING IN PARTMATTEL'S MOTION TO COMPEL DEPOSITION AND PRODUCTION OF DOCUMENTS OF CHRISTENSEN GLASER FINK JACOBS WEIL & SHAPIRO LLP in the within action by email addressed as follows:

| Name | Firm | Email |
|---|---|---|
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| Matthew M. Werdegar, Esq. | Keker & Van Nest | mwerdegar@kvn.com |
| John E. Trinidad, Esq. | Keker & Van Nest | jtrinidad@kvn.com |
| Audrey Walton-Hadlock, Esq. | Keker & Van Nest | awalton-hadlock@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johnquinn@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| John Gordon | Quinn, Emanuel, Urquhart, Oliver & Hedges | johngordon@quinnemanuel.com |
| Thomas J. Nolan, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tnolan@skadden.com |
| Raoul D. Kennedy, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | rkennedy@skadden.com |
| Amy S. Park, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | apark@skadden.com |
| Harriet S. Posner, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | hposner@skadden.com |
| Carl Alan Roth, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | croth@skadden.com |
| Timothy A. Miller, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tmiller@skadden.com |
| Marcus R. Mumford, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Mmumford@skadden.com |
| Paul M. Eckles, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Paul.eckles@skadden.com |
| Lance A. Etcheverry, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Lance.etcheverry@skadden.com |
| Robert J. Herrington, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Robert.herrington@skadden.com |
| Mark Overland, Esq. | Overland, Borenstein, et al. | moverland@obsklaw.com |
| Alexander Cote, Esq. | Overland, Borenstein, et al. | acote@obsklaw.com |
| David C. Scheper, Esq. | Overland, Borenstein, et al. | dscheper@obsklaw.com |
| Patricia L. Glaser, Esq. | Christensen, Glaser, Fink, et al. | pglaser@chrisglase.com |
| Alisa Morgenthaler-Lever, Esq. | Christensen, Glaser, Fink, et al. | amorgenthaler@chrisglase.com |
| Scott E. Gizer, Esq. | Christensen, Glaser, Fink, et al. | sgizer@chrisglase.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on May 1, 2008, at San Francisco, California.

_____
Anthony Sales