Hon. Edward A. Infante (Ret.)
JAMS
Two Embarcadero Center
Suite 1500
San Francisco, California  94111
Telephone:     (415) 774-2611
Facsimile:       (415) 982-5287

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>CONSOLIDATED WITH<br>MATTEL, INC. v. BRYANT and<br>MGA ENTERTAINMENT, INC. v. MATTEL, INC. | CASE NO. CV 04-09049 SGL (RNBx)<br>JAMS Reference No. 1100049530<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-2727<br><br>**ORDER GRANTING IN PART DEFENDANTS' MOTION FOR PROTECTIVE ORDER FROM MATTEL INC.'S NOTICE OF DEPOSITION OF LUCY ARANT** |

On March 17, 2008, MGA Entertainment, Inc. ("MGA") submitted a "Motion for Protective Order From Mattel Inc.'s Notice of Deposition of Lucy Arant." On March 27, 2008, Mattel submitted an opposition, and on April 7, 2008, MGA submitted a reply. Ms. Arant, who is not a party to this action, has not submitted any briefing. Pursuant to Paragraph 5 of the

1  stipulation and Order for Appointment of a Discovery Master, the Discovery Master finds it
2  appropriate to decide the motion without oral argument.
3        MGA retained Ms. Arant to prepare certain trademark and copyright applications. She no
4  longer represents MGA. In January of 2008, the district court granted Mattel leave to take Ms.
5  Arant's deposition, along with approximately forty-five other individuals and entities. Mattel
6  made numerous attempts to serve Ms. Arant, and eventually the district court issued an Order to
7  Show Cause why Ms. Arant should not be ordered to appear for deposition. On February 25,
8  2008, the district court discharged the Order to Show Cause. The court precluded Ms. Arant from
9  objecting to Mattel's subpoena on the basis of notice, service or timeliness, but made clear that all
10 other objections to Mattel's subpoena were preserved and to be adjudicated by the Discovery
11 Master.
12       MGA presently seeks a protective order prohibiting Mattel from deposing Ms. Arant on
13 the grounds that her deposition is duplicative and cumulative of other discovery obtained by
14 Mattel and seeks privileged information. In the alternative, MGA requests that the court limit the
15 deposition of Ms. Arant by requiring that it be taken by written interrogatories. Mattel opposes
16 the motion, contending that Ms. Arant is an outside MGA lawyer who has percipient, non-
17 privileged knowledge about key trademark and copyright applications and related
18 communications that are squarely at issue in the case.
19       Rule 26(b)(2)(C)(i), Fed.R.Civ.P., provides that the court must limit the frequency or
20 extent of discovery otherwise allowed by the Federal Rules of Civil Procedure or by local rule if
21 the court determines that the discovery sought is unreasonably cumulative or duplicative. In this
22 case, Mattel has already taken discovery regarding MGA's trademark and copyright applications.
23 In particular, Mattel has deposed several individuals, including Kerri Brode, Nana Ashong, and
24 Samir Khare. Mr. Khare, MGA's in-house counsel, testified regarding MGA's copyright and
25 trademark applications for Bratz. Ms. Brode, MGA's former Operations Support Coordinator,
26 testified regarding MGA's trademark searches, including Ms. Arant's role with regard to

trademark searches. Ms. Ashong, MGA's former Associate Product Manager, testified regarding the searches conducted in connection with copyright and trademark applications for Bratz and the sources of information used in preparing the applications.

The discovery Mattel now seeks, however, is not entirely cumulative or duplicative of discovery Mattel has already obtained. Notably, Ms. Arant (1) sent a fax to Paula Garcia in which she asks Ms. Garcia to confirm that the "first use" date of certain Bratz-related trademark applications (a date also reflected in an internal docket sheet at Ms. Arant's law firm) was June 15, 2000, and (2) filed MGA's copyright applications for certain Bratz works showing a creation date in 2000 and a first publication date of February 12, 2001. The dates reflected in these documents are inconsistent with the chronology of Bratz's creation that MGA and Carter Bryant have asserted in this litigation. Mattel has not had an opportunity to probe Ms. Arant's personal knowledge regarding the first use date, creation date and first publication date stated in various trademark and copyright applications. These subject matters are well within the scope of relevant discovery authorized by Rule 26(b), Fed.R.Civ.P.

Nevertheless, there is a substantial likelihood that much of Ms. Arant's anticipated testimony will be duplicative and cumulative of discovery Mattel has already taken. In view of the significant discovery Mattel has already sought and received regarding MGA's trademark and copyright applications and pursuant to the court's obligation to limit discovery under Rule 26(b)(2)(C), Fed.R.Civ.P., it is appropriate to impose a temporal limit on Ms. Arant's deposition to reduce the likelihood of Mattel pursuing duplicative and cumulative testimony.

Although MGA's concerns regarding privilege issues are valid, they are not a basis for precluding Mattel from deposing Ms. Arant's deposition. Rather, privilege issues can and should be considered on a question-by-question basis, with MGA asserting appropriate objections during the course of the deposition in accordance with Rule 30(c), Fed.R.Civ.P.

1  Accordingly, MGA's motion for a protective order is granted in part pursuant to Rule
2  26(b)(2)(C)(i), Fed.R.Civ.P. Ms. Arant's deposition is hereby limited to one (1) hour and shall be
3  completed no later than May 20, 2008.
4  Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery
5  Master, MGA shall file this Order with the Clerk of Court forthwith.

7  Dated: April 30, 2008

            *[signature]*

8                            HON. EDWARD A. INFANTE (Ret.)
                             Discovery Master

## PROOF OF SERVICE BY E-MAIL

I, Anthony Sales, not a party to the within action, hereby declare that on May 1, 2008, I served the attached: ORDER GRANTING IN PART DEFENDANTS' MOTION FOR PROTECTIVE ORDER FROM MATTEL INC.'S NOTICE OF DEPOSITION OF LUCY ARANT in the within action by email addressed as follows:

| Name | Firm | Email |
|---|---|---|
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| Matthew M. Werdegar, Esq. | Keker & Van Nest | mwerdegar@kvn.com |
| John E. Trinidad, Esq. | Keker & Van Nest | jtrinidad@kvn.com |
| Audrey Walton-Hadlock, Esq. | Keker & Van Nest | awalton-hadlock@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johnquinn@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| John Gordon, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johngordon@quinnemanuel.com |
| Diane Hutnyan, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dianehutnyan@quinnemanuel.com |
| Thomas J. Nolan, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tnolan@skadden.com |
| Raoul D. Kennedy, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | rkennedy@skadden.com |
| Amy S. Park, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | apark@skadden.com |
| Harriet S. Posner, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | hposner@skadden.com |
| Carl Alan Roth, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | croth@skadden.com |
| Timothy A. Miller, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tmiller@skadden.com |
| Marcus R. Mumford, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Mmumford@skadden.com |
| Paul M. Eckles, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Paul.eckles@skadden.com |
| Lance A. Etcheverry, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Lance.etcheverry@skadden.com |
| Robert J. Herrington, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Robert.herrington@skadden.com |
| Mark Overland, Esq. | Overland, Borenstein, et al. | moverland@obsklaw.com |
| Alexander Cote, Esq. | Overland, Borenstein, et al. | acote@obsklaw.com |
| David C. Scheper, Esq. | Overland, Borenstein, et al. | dscheper@obsklaw.com |
| Larry W. McFarland, Esq. | Keats, McFarland & Wilson | lmcfarland@kmwlaw.com |
| Christian Dowell, Esq. | Keats, McFarland & Wilson | cdowell@kmwlaw.com |
| Robyn Aronson, Esq. | Davis Wright Tremaine | robynaronson@dwt.com |
| Alonzo Wickers, Esq. | Davis Wright Tremaine | alonzowickers@dwt.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on May 1, 2008, at San Francisco, California.

Anthony Sales