KEKER & VAN NEST, LLP
JOHN W. KEKER - #49092
jkeker@kvn.com
MICHAEL H. PAGE - #154913
mpage@kvn.com
CHRISTA M. ANDERSON - #184325
canderson@kvn.com
MATTHEW M. WERDEGAR - #200470
mwerdegar@kvn.com
710 Sansome Street
San Francisco, CA  94111-1704
Telephone:  (415) 391-5400
Facsimile:  (415) 397-7188

Attorneys for Plaintiff
CARTER BRYANT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>                Plaintiff,<br><br>   v.<br><br>MATTEL, INC. a Delaware Corporation,<br><br>                Defendant.<br><br>CONSOLIDATED WITH MATTEL, INC., v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | Case No. CV 04-09049 SGL (RNBx) (consolidated with CV 04-9059 & 05-2727)<br><br>**CARTER BRYANT'S OPPOSITION TO MATTEL, INC.'S MOTION _IN LIMINE_ NO. 15 FOR A PRECLUSION ORDER REGARDING MGA'S DISQUALIFIED EXPERT CHRISTINA TOMIYAMA AND JOINDER IN MGA'S OPPOSITION TO SAME**<br><br>Date:     May 21, 2008<br>Time:     10:00 a.m.<br>Dept:     Courtroom 1<br>Judge:   Hon. Stephen G. Larson<br><br>Date Comp. Filed:  April 13, 2005<br><br>Discovery Cut-Off:  Jan. 28, 2008<br>Pre-Trial Conference:  May 5, 2008<br>Trial Date:  May 27, 2008 |

416071.01

# I.   INTRODUCTION

Carter Bryant hereby joins in the MGA parties' opposition to Mattel's Motion *In Limine* No. 15 and all of the arguments set forth therein, to the extent that those arguments are also applicable to Bryant.  Bryant also submits this separate opposition because preclusion sanctions may not, under controlling Ninth Circuit law, be imposed against him absent a finding that *he*—as opposed to Ms. Tomiyama, MGA, or MGA's counsel—acted wrongfully or in bad faith.

Mattel's Motion *In Limine* No. 15 seeks preclusion sanctions not only against MGA, but also *Carter Bryant*.  Mattel's motion does so, even though Mattel's asserted bases for the award of such extreme sanctions have nothing to do with Bryant or his conduct in this litigation.  Christina Tomiyama was not retained as an expert by Bryant or his counsel, and they had no substantive involvement with her.  Yet the sanctions sought in Mattel's motion—an order precluding key evidentiary and legal arguments that are central to Bryant's defense in this case—would profoundly prejudice Bryant's ability to defend himself against Mattel's claims.

Preclusion sanctions are an "among the most severe" that may be imposed by a court.  *Qualcomm Inc. v. Broadcom Corp.*, No. 05CV1392-B, 2007 WL 935617, at *2 (S.D. Cal. Mar. 13, 2007).  And because of their severity, they may only be imposed where the conduct of the party against whom they are directed was willful or in bad faith.  *See, e.g., U.S. v. Sumitomo Marine & Fire Ins. Co. Ltd.*, 617 F.2d 1365, 1369 (9th Cir. 1980).  Here, there is no allegation by Mattel, much less any evidence, that Bryant or his counsel engaged in any willful misconduct or acted in bad faith with respect to Ms. Tomiyama.   Therefore, even if preclusion sanctions were otherwise warranted in this case (and they are not for all the reasons set forth in the MGA parties' opposition), they are improper and cannot be imposed where, as here, they would impact Bryant, a blameless party. This is particularly true given that Mattel is unable to muster any credible evidence

1

that the sweeping factual and legal theory that it seeks to exclude from trial was the exclusive brainchild of Ms. Tomiyama or Mattel's legal department, and that MGA or Bryant would not have advanced this theory without Ms. Tomiyama's input.

Accordingly, Mattel's motion for preclusion sanctions must be denied to the extent that it seeks to exclude argument and evidence showing that three-dimensional Bratz dolls are not substantially similar to, and do not infringe, any of Bryant's two-dimensional Bratz sketches.

## II.   ARGUMENT

The preclusion sanctions that Mattel is seeking are among the most severe provided for under either Federal Rule of Civil Procedure 37 or the Court's inherent powers.  *See Sumitomo*, 617 F.2d at 1369; *Qualcomm*, 2007 WL 935617, at *2; *In re Diamond Benefits Life Ins. Co.*, Nos. MDL 93-0972PHXRGS, CIV89-1473PHXRGS, 2006 WL 616625, at *6 (D. Ariz. Mar. 10, 2006); *Kund v. High Tech Solutions, Inc.*, No. 05CV0565JAH, 2006 WL 549385, at *6 (S.D. Cal. Feb. 27, 2006).  Indeed, the Ninth Circuit has recognized that preclusion sanctions can be tantamount to a default judgment where the moving party seeks to preclude facts and issues central to the non-moving party's claims and defenses.  *See, e.g., Sumitomo*, 617 F.2d at 1369; *Kund*, 2006 WL 549385, at *6.  The standard for establishing that preclusion sanctions are warranted is therefore a "high" one. *Kund*, 2006 WL 549385, at *6.  Courts may not impose preclusion sanctions absent a showing of bad faith and "undue prejudice to the opposing side."  *Id.*; *Amersham Parmacia Biotech, Inc. v. Perkin-Elmer Corp.*, 190 F.R.D. 644, 648 (N.D. Cal. 2000).  In particular, the Ninth Circuit has expressly held that the sanction of exclusion of evidence is improper and may not be imposed if the violation that is the predicate for the sanction "*is due to circumstances beyond the disobedient party's control.*"  *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 784 n.8 (9th Cir. 1983) (citing *Sumitomo*, 617 F.2d at 1369 and collecting cases from other circuits holding same).

BRYANT'S OPPOSITION TO MATTEL'S MOTION *IN LIMINE* NO. 15 FOR A PRECLUSION ORDER REGARDING MGA'S DISQUALIFIED EXPERT CHRISTINA TOMIYAMA CASE NO. CV 04-09049 SGL (RNBx)

416071.01

1    Clearly, then, sanctions cannot be imposed when they would prejudice a

2    party who is not even alleged, much less proven, to have engaged in the purported

3    violation that forms the basis for the sanctions request.  And, in practice, courts

4    consistently decline to impose preclusion or other serious evidentiary sanctions

5    that would impact a blameless party.  *See, e.g.*, *MacSteel, Inc. v. Eramet North*

6    *Am.,* No. No. 05-74566, 2006 WL 3334011, at *1 (E.D. Mich. Nov. 16, 2006)

7    (evidentiary sanctions not appropriate where party against whom sanctions would

8    be imposed was not at fault); *Nowlin v. Miller Elec. Mfg. Co.*, No. Civ. A 02-993,

9    2003 WL 21664707, *2 (E.D. La. July 11, 2003) (finding adverse inference

10   instruction inappropriate against party whplayed no part in spoliation of evidence);

11   *Townsend v. Am. Insulated Panel Co.*, 174 F.R.D. 1, 4-5 (D. Mass. 1997) (finding

12   summary judgment sanction inappropriate against party not involved in spoliation

13   of evidence); *Toste v. Lewis Controls, Inc.*, No. C-95-01366-MHP, 1996 WL

14   101189, at *6-7 (N.D. Cal. Feb. 27, 1996) (declining to impose discovery sanctions

15   that would prejudice blameless party); *Baliotis v. McNeil*, 870 F. Supp. 1285, 1291

16   (M.D. Pa. 1994) (denying sanctions against blameless party even thought that

17   might would benefit from the alleged evidentiary violation); *Gordner v. Dynetics*

18   *Corp.*, 862 F. Supp. 1303 (M.D. Pa. 1994) (evidentiary sanctions cannot be

19   imposed against blameless party).

20        In the present case, neither Bryant nor his counsel were involved in any of

21   the conduct that forms the basis for Mattel's Motion *In Limine* No. 15.  Ms.

22   Tomiyama was not retained by Bryant or his counsel, and Bryant's counsel did not

23   substantively participate in the development of Ms. Tomiyama's expert opinions in

24   this case.  Mattel's motion, like its Motion to Disqualify, is devoid of any

25   accusation of wrongdoing whatsoever by Bryant or his counsel.  *See* Mot., at 1-2.

26   It is thus undisputed that the circumstances surrounding Ms. Tomiyama's role as

27   an expert in this case, and her disqualification by the Court, were "due to

28   circumstances beyond [Bryant's] control."  *Falstaff*, 702 F.2d at 784 n. 8 (9th Cir.

3

416071.01

1  1983).  Yet there is no question that the preclusion sanctions that Mattel is seeking

2  would result in substantial prejudice to Bryant.

3  Mattel would have the Court grant an order barring *both* the MGA parties

4  and Bryant form making (1) "any argument that a three-dimensional doll cannot

5  infringe a two-dimensional drawing, in general or specifically in the case of Bratz"

6  and (2) from making any argument that Bryant's Bratz drawings lacked sufficient

7  detail to permit the creation of a three-dimensional doll.  *See* Mot., at 1, 9.  Such a

8  preclusion order would cripple Bryant's ability to present key evidence and

9  argument regarding the fundamental differences between his Bratz drawings and

10 the actual three-dimensional Bratz dolls, which differences, obviously, are critical

11 to his defense against Mattel's copyright infringement claims.  Bryant cannot be

12 forced to defend himself against Mattel's serious claims with such a very important

13 hand tied behind his back.  *Cf. Nowling*, 2003 WL 21664707, at *2 (finding that

14 evidentiary sanction would be prejudicial to the plaintiffs' case when there is no

15 evidence to suggest that the plaintiff played any part in the violation at issue and

16 explaining that "[s]imply because the plaintiff's and intervenor may be aligned in

17 some way does not suggest that the actions of the intervenor should so prejudice

18 plaintiff's case particularly where no showing of bad faith has been made").[1]

19 Imposing the severe sanctions that Mattel is seeking on Bryant would be

20 especially unfair and prejudicial, as there is no real evidence that the broad factual

---

[1] As noted, Mattel is seeking preclusion sanctions against both the MGA parties and Bryant.  But even if this were not the case, and Mattel's motion were limited just to the MGA parties, it would not cure the resulting prejudice to Bryant and would create a host of additional problems at trial.  No matter what instructions the Court were to give, a jury cannot reasonably be expected to track which evidence and arguments Bryant is entitled to make, but not MGA, and which it may consider as to Bryant, but not MGA.  *Cf. Insola v. Philip Morris, Inc.*, 186 F.R.D. 547, 549 (W.D. Wis. 1999) ("when a jury is subjected to a welter of evidence relevant to some parties but not others" it results in prejudice, jury confusion, and a waste of judicial resources).  And even if a jury could perform the necessary mental gymnastics, their deliberations could result in inconsistent verdicts.  Furthermore, requiring Bryant alone to bear the expense and burden at trial of presenting all of the evidence and argument that Mattel seeks to exclude in and of itself would be unfair, particularly since all of the experts whose testimony Bryant otherwise would rely upon are the MGA parties' experts.

416071.01

and legal arguments Mattel is seeking to preclude originated with Ms. Tomiyama and that Bryant and the MGA parties would not have advanced substantially similar arguments in any case.  To the contrary, Mattel only claims, without any real factual support, that "[i]t is at least possible, if not probable" that these arguments were "prompted" by MGA's interactions with Ms. Tomiyama.  Mot., at 9.  And a simple Westlaw search reveals that copyright defendants have asserted arguments very similar to those Mattel that is attempting to preclude in other cases dating back decades, to even before Ms. Tomiyama was born.  For example, in *Winfield Collection Ltd. v. Gemmy Industries Corp.*, 311 F. Supp. 2d 611 (E.D. Mich. 2004), the court held that defendant Gemmy's three-dimensional "crashing witch" sculpture was not substantially similar to plaintiff Winfield's two-dimensional crashing-witch witch design, and that even if Winfield had copyright protection in a three-dimensional depiction of its two-dimensional witch design, Gemmy's crashing witch was not substantially similar because its three-dimensional design included "detailed features" not reflected in Winfield's two-dimensional design.  *Id.* at 617; *see also, e.g., Fleischer Studios v. Ralph A. Freundlich, Inc.,* 73 F.2d 276, 278 (2d Cir. 1934) (addressing whether three-dimensional "Betty Boop" doll infringed two-dimensional drawing of the Betty Boop cartoon character).  Granting Mattel the preclusion sanctions that it is seeking would effectively prevent Bryant from making these common, important, and in many cases successful, copyright infringement defense arguments, which are in no way exclusive to Ms. Tomiyama or to Mattel's legal department.

In sum, precluding Bryant, an innocent party, from presenting critical evidence and arguments at trial based upon the mere possibility that the idea for using such evidence and arguments originated with Ms. Tomiyama or Mattel would be unjust and, Bryant respectfully submits, an abuse of the Court's sanction powers under controlling Ninth Circuit law.  *See Wyle v. R.J. Reynolds Industries, Inc.*, 709 F.2d 585, 591 (9th Cir. 1983) (holding that any sanction "must be 'just'"

416071.01

BRYANT'S OPPOSITION TO MATTEL'S MOTION *IN LIMINE* NO. 15 FOR A PRECLUSION ORDER
REGARDING MGA'S DISQUALIFIED EXPERT CHRISTINA TOMIYAMA
CASE NO. CV 04-09049 SGL (RNBx)

1   and that "[s]anctions interfering with a litigant's claim or defenses violate due

2   process when imposed merely for punishment of an infraction that did not threaten

3   to interfere with the rightful decision in the case."); *Falstaff,* 702 F.2d at 784 n.8;

4   *Sumitomo*, 617 F.2d at 1369.

5   ### III.   CONCLUSION

6         For the foregoing reasons, and for the reasons set forth in the MGA parties'

7   opposition, Bryant respectfully requests that the Court deny Mattel's Motion *In*

8   *Limine* No. 15 insofar as it seeks to preclude any evidence or argument (1) "any

9   argument that a three-dimensional doll cannot infringe a two-dimensional drawing,

10  in general or specifically in the case of Bratz" and (2) from making any argument

11  that Bryant's Bratz drawings lacked sufficient detail to permit the creation of a

12  three-dimensional doll.

13

14                          Respectfully submitted,

15  Dated:  May 2, 2008             KEKER & VAN NEST, LLP

16

17

18                    By:  */s/ Matthew M. Werdegar*
                         MATTHEW M. WERDEGAR

19                       Attorneys for Plaintiff
                         CARTER BRYANT

20

21

22

23

24

25

26

27

28