**EXHIBIT 2**

ORIGINAL

CALDWELL LESLIE & PROCTOR, PC
CHRISTOPHER G. CALDWELL, State Bar No. 106790
1000 Wilshire Blvd., Suite 600
Los Angeles, California 90017-2463
Telephone: (213) 629-9040
Facsimile: (213) 629-9022

Attorney for Non-Party
MATTHEW BOUSQUETTE

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>                    Plaintiff,<br><br>          v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>                    Defendant.<br><br><br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-2727<br><br>**DISCOVERY MATTER**<br><br>**[To Be Heard by Discovery Master Hon. Edward Infante (Ret.) Pursuant to the Court's Order of December 6, 2006]**<br><br>**NOTICE OF MOTION AND MOTION TO QUASH THE SUBPOENA SEEKING DEPOSITION OF MATTHEW BOUSQUETTE; OR, IN THE ALTERNATIVE, MOTION FOR A PROTECTIVE ORDER; MEMORANDUM OF POINTS & AUTHORITIES; DECLARATIONS OF MATTHEW BOUSQUETTE AND CHRISTOPHER G. CALDWELL WITH EXHIBITS**<br><br>Hearing Date:<br>Time:<br>Place:<br><br>**Phase I**<br><br>Discovery Cutoff:    January 28, 2008<br>Pretrial Conference: May 5, 2008<br>Trial Date:             May 27, 2008 |

CALDWELL
LESLIE &
PROCTOR

**EXHIBIT 2**

MOTION TO QUASH SUBPOENA OR, IN THE ALTERNATIVE, MOTION FOR PROTECTIVE ORDER

0216

1    PLEASE TAKE NOTICE that, on a date and at a time to be set by the

2  Discovery Master pursuant to the Court's Order of December 6, 2006, non-party

3  Matthew Bousquette will and hereby does, move to quash the deposition subpoena

4  served on him by MGA Entertainment, Inc.; Isaac Larian; MGA Entertainment

5  (HK) Limited; and MGAE de Mexico S.R.L. de C.V. (collectively "MGA").  In the

6  alternative, Mr. Bousquette moves for a protective order to modify the time and

7  location of the deposition.

8    This Motion is brought pursuant to Federal Rules of Civil Procedure 45(a)(2),

9  45(c)(3)(A)(i), (ii) and 26(c)(1) on the grounds that the subpoena should be quashed

10  or modified because (1) it would require Mr. Bousquette to travel more than 100

11  miles from where he resides, is employed, or regularly transacts business in person;

12  and (2) good cause exists to issue a protective order because the date unilaterally set

13  by MGA would require Mr. Bousquette to cancel longstanding business

14  commitments that would seriously disrupt his business and force him to travel from

15  Chicago to Palm Springs on eleven days notice.

16    This Motion is based upon this Notice of Motion as well as the accompanying

17  Memorandum of Points and Authorities, the attached declarations of Matthew

18  Bousquette and Christopher G. Caldwell with exhibits, the pleadings, records and

19  files in this action, and upon such other and further evidence as may be presented at

20  the time of the hearing on the Motion.

21

22

23

24

25

26

27

28

CALDWELL
LESLIE &
PROCTOR

MOTION TO QUASH SUBPOENA OR, IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER

027

1
2
3
4

This Motion is made pursuant to the Order re Appointment of Discovery Master, following the exchange of correspondence and telephone conferences between counsel for Mr. Bousquette and MGA which took place on March 12, March 17, March 19, March 21, and March 25, 2008.

5
6
7

DATED:  March 27, 2008

Respectfully submitted,

8

CALDWELL LESLIE & PROCTOR, PC

9
10
11
12

By

CHRISTOPHER G. CALDWELL
Attorney for Non-Party
MATTHEW BOUSQUETTE

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CALDWELL
LESLIE &
PROCTOR

-2-

028

# I.   INTRODUCTION

Matthew Bousquette is not a party to this litigation.  He is an independent businessman who lives and works in Itasca, Illinois, a suburb of Chicago.  Just over a week ago, without consultation with Mr. Bousquette or his counsel, MGA Entertainment, Inc.; Isaac Larian, MGA Entertainment (HK) Limited, and MGAE de Mexico S.R.L. de C.V. (collectively "MGA") served Mr. Bousquette with a deposition subpoena unilaterally demanding that he appear for deposition in Palm Springs on March 28, 2008.  This was the first time that Mr. Bousquette had been served with a subpoena in this matter.

Mr. Bousquette is not a resident of California, his business is not in California and he does not regularly conduct business in person in California.  The subpoena "must," therefore, be quashed or modified under Federal Rule of Civil Procedure 45(c)(3)(A)(ii).  At minimum, a protective order is appropriate to ensure that the deposition is conducted at a time and in a location that will not unreasonably and unnecessarily inconvenience Mr. Bousquette or disrupt his existing business commitments.

Mr. Bousquette is not seeking to evade service or to avoid sitting for his deposition.  He has expressed his willingness to consider alternate dates and has offered to sit for his deposition in Chicago on April 30, 2008.  MGA has refused that offer, contending that it is too close to the current trial date.  Any timing issues that MGA faces, however, are of its own making.  This litigation has been pending for almost four years, yet MGA waited until the eleventh hour to serve Mr. Bousquette with a deposition subpoena that does not comport with the federal rules.  Accordingly, the subpoena must be quashed.

At minimum, a protective order should be entered modifying the date and location of the deposition so that it may be conducted on April 30, 2008, in Chicago, Illinois, as proposed by Mr. Bousquette.  Mr. Bousquette should not be

CALDWELL
LESLIE &
PROCTOR

-1-

02|9

1  forced to disrupt his business and abandon his obligations because of MGA's lack
2  of diligence.

3  **II.    FACTUAL BACKGROUND**

4          This action has been pending for more than four years. Approximately two
5  weeks ago, the Court considered a motion brought by MGA to compel Mr.
6  Bousquette's deposition. *See Ex Parte* Application to Compel the Deposition of
7  Matthew Bousquette and Tina Patel ("Motion to Compel"). Pursuant to a
8  deposition subpoena issued by the Northern District of Illinois, MGA had
9  attempted to notice Mr. Bousquette's deposition in Chicago. Rather than
10 personally serving the deposition subpoena on Mr. Bousquette, however, MGA
11 served the subpoena on Quinn, Emanuel, Urquhart, Oliver & Hedges, LLP
12 ("Quinn"), counsel for Mattel, Inc. in this matter. Quinn, however, did not
13 represent Mr. Bousquette and neither Mr. Bousquette nor his counsel, Christopher
14 Caldwell, had authorized service of the subpoena on Quinn. Bousquette Decl. ¶ 6;
15 Caldwell Decl. ¶ 3.

16         Mr. Bousquette thus opposed the motion on the grounds that he had not
17 been properly served and – because Mr. Bousquette lived in Illinois and the
18 subpoena had been issued in the Northern District of Illinois – the motion should
19 have been brought in the Northern District of Illinois. Opposition to Motion to
20 Compel ("Opp'n") at 1-2; *see* Declaration of Christopher G. Caldwell in Support
21 of Opposition ¶¶ 5-6; *see also* Fed. R. Civ. P. 45(b) ("Serving a subpoena requires
22 delivering a copy to the named person"); Fed. R. Civ. P. 37(a)(2) (application to
23 compel discovery from a non-party must be made in the district where the
24 discovery is to be taken).

25         On March 18, 2008, the Discovery Master entered a written Order granting
26 MGA an exception to the January 28, 2008, discovery cut-off date for Phase I
27 discovery and granting MGA "leave to proceed to pursue Mr. Bousquette's
28 deposition before the Phase I trial." Order at 1. The Discovery Master did not

CALDWELL
LESLIE &
PROCTOR

MOTION TO QUASH SUBPOENA OR, IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER

030

1  compel Mr. Bousquette to appear for his deposition nor did it set a date by which
2  his deposition was to be completed. *Id.*

3      On March 17, 2008 – the day before the Discovery Master entered his
4  written order and after MGA had been informed that Mr. Bousquette lived and
5  worked in Illinois – MGA personally served Mr. Bousquette in Palm Springs with
6  a deposition subpoena issued by the Central District of California.  Bousquette
7  Decl. ¶ 7; Caldwell Decl. ¶ 7, *see* Exh. "A."  Although MGA knew that Mr.
8  Bousquette was represented by Mr. Caldwell in this matter, MGA made no effort
9  to coordinate dates with Mr. Caldwell or Mr. Bousquette and unilaterally set the
10  date for the deposition for March 28, 2008, in Palm Springs, California.  Caldwell
11  Decl. ¶ 7.

12      Mr. Bousquette, however, does not live or work in California and he is not
13  available for deposition on March 28, 2008.  Bousquette Decl. ¶ 9.  Although Mr.
14  Bousquette owns property in California, his primary residence (and domicile) is in
15  Itasca, Illinois, a suburb of Chicago. *Id.* ¶¶ 2-3.  His business, which requires him
16  to travel extensively, is also headquartered in Itasca. *Id.* ¶¶ 2, 4.  Mr. Bousquette
17  has long-standing business commitments that would be seriously disrupted if he
18  were required to appear for deposition on March 28, 2008. *Id.* ¶¶ 4, 9.

19      Accordingly, the same day that Mr. Bousquette was served with the
20  subpoena, Mr. Caldwell wrote to counsel for MGA, reminded him that Mr.
21  Bousquette lived and worked in Illinois and informed him that Mr. Bousquette
22  was not available for deposition on March 28.  Caldwell Decl. ¶ 8, Exh. "A."
23  MGA responded by letter on March 19, indicating that, notwithstanding Mr.
24  Bousquette's unavailability on March 28, and without addressing the fact that Mr.
25  Bousquette lives and works in Illinois, MGA intended to proceed with Mr.
26  Bousquette's deposition on March 28. *Id.* ¶ 9, Exh. "B."  The only change that
27  MGA offered was that the deposition be conducted in Los Angeles instead of
28  Palm Springs. *Id.*

CALDWELL
LESLIE &
PROCTOR

MOTION TO QUASH SUBPOENA OR, IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER

031

1    In an effort to resolve the impasse, by letter dated March 21, 2008, counsel

2    for Mr. Bousquette proposed that Mr. Bousquette's deposition be conducted on

3    April 30, 2008. Caldwell Decl. ¶ 10, Exh. "C." MGA refused. *Id.* ¶¶ 11. The

4    most MGA was willing to offer was that the deposition be conducted on Sunday,

5    March 30, a date that did not work for either Mr. Bousquette or Mr. Caldwell. *Id.*

6    ¶ 11. Over the next few days, the parties continued to meet and confer in an effort

7    to resolve this dispute without the intervention of the Court. *Id.* ¶¶ 11 & 12.

8    Despite these efforts, MGA refused to compromise on the date or location for Mr.

9    Bousquette's deposition. *Id.*

10    MGA's failure to cure the defects in the subpoena or to accommodate, in

11    any way, Mr. Bousquette's reasonable requests to modify the time and place of his

12    deposition necessitated the filing of this Motion.

13    **III.   THE DEPOSITION SUBPOENA MUST BE QUASHED OR**

14    **MODIFIED BECAUSE IT DOES NOT COMPLY WITH THE**

15    **FEDERAL RULES OF CIVIL PROCEDURE**

16    Under the Federal Rules of Civil Procedure, the Court *must* quash or modify

17    a subpoena that does not provide a reasonable time to comply or "requires a

18    person who is neither a party nor a party's officer to travel more than 100 miles

19    from where that person resides, is employed, or regularly transacts business in

20    person." Fed. R. Civ. Proc. 45(c)(3)(A)(i), (ii). "[I]t is of course the nonparty

21    whose convenience Rule 45 is most concerned about protecting." David D.

22    Siegel, Practice Commentaries, Fed. R. Civ. P. 45, at C45-21 (2007). In this case,

23    MGA personally served Mr. Bousquette with a deposition subpoena that would

24    require him to appear for his deposition in Palm Springs, California – thousands of

25    miles from where he lives and works – on eleven days notice.

26    Mr. Bousquette is not a party to this litigation. Bousquette Decl. ¶ 1. He is

27    not an officer of any party to this litigation. *Id.* He does not live in Palm Springs,

28    is not employed in Palm Springs, and does not regularly transact business within

CALDWELL
LESLIE &
PROCTOR

-4-

032

1   100 miles of Palm Springs. *Id.* ¶¶ 2-4, 7. Accordingly, under Rule 45 of the Rules

2   of Civil Procedure, the deposition subpoena served on Mr. Bousquette – which

3   demands that he appear for deposition in Palm Springs on eleven days notice –

4   must be quashed.

5         For more than a year, Mr. Bousquette has made his home in Itasca, Illinois,

6   a suburb of Chicago. *Id.* ¶ 2. Although he travels extensively in connection with

7   his business, in the past year, he has spent more time in Itasca than in any other

8   place. *Id.* ¶¶ 3-4. His 2007 federal and state tax returns will be filed as a resident

9   of Illinois and, because his business is also headquartered in Itasca, his intent is to

10  maintain his permanent residence in Illinois indefinitely. *Id.* ¶¶ 2-4.

11        The fact that he also owns several properties in California and visits

12  California regularly does not make him a resident of California for purposes of

13  Rule 45. When determining whether a subpoena requires its recipient to travel

14  more than 100 miles from where the recipient resides, courts have looked to where

15  the recipient is domiciled, not merely where the recipient owns a residence. "[A]

16  person is 'domiciled' in a location where he or she has established a fixed

17  habitation or abode in a particular place, *and [intends] to remain there*

18  *permanently or indefinitely.*" *Lew v. Moss*, 797 F.2d 747, 749-50 (9th Cir. 1986)

19  (emphasis added and internal quotation marks omitted).

20        In *Asselstine v. Boyne USA, Inc.*, Misc. No. 1:07MC33, 2007 WL 3124619

21  (W.D.N.C. Oct. 24, 2007), the court considered the validity of a subpoena that was

22  served at the deponent's residence in Burnsville, North Carolina, requiring the

23  individual to testify at a courthouse less than 100 miles away. *Id.* The court

24  concluded, however, that the recipient of the subpoena "reside[d] principally in

25  Florida and [wa]s employed there." Thus, although he "maintain[ed] a second

26  home in Burnsville, North Carolina," the Court was required to quash the

27  subpoena under Rule 45(c)(3)(A). *Id.*; *see also Zaitsev v. State Farm Fire & Cas.*

28  *Co.*, No. 05-CV-2098 (ILG), 2005 WL 3088326, at *4 (E.D.N.Y. 2005)

CALDWELL
LESLIE &
PROCTOR

MOTION TO QUASH SUBPOENA OR, IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER

033

1    (considering whether potential witnesses were "domiciled within a 100-mile
2    radius" of the court in evaluating whether to grant a motion to transfer venue).
3         Thus, the fact that Mr. Bousquette owns property in California does not
4    make him subject to deposition in California. *See* Bousquette Decl. ¶ 3.  Indeed,
5    the original deposition subpoena – which sought Mr. Bousquette's deposition in
6    Chicago but was never properly served on Mr. Bousquette – was issued from the
7    Northern District of Illinois.[1]  Inexplicably, after obtaining approval to pursue Mr.
8    Bousquette's deposition and to conduct Mr. Bousquette's deposition after the
9    January 28, 2008, discovery cut-off date for Phase I discovery, MGA abandoned
10   its efforts to depose Mr. Bousquette in Illinois – where he lives and works – and
11   noticed his deposition for Palm Springs California.  Caldwell Decl. ¶ 7.
12        Under the Federal Rules of Civil Procedure, Mr. Bousquette cannot be
13   compelled to appear for his deposition in Palm Springs.  Because he neither
14   works, is employed, nor conducts business within 100 miles of Palm Springs, the
15   deposition subpoena must be quashed or modified.  Fed. R. Civ. Proc.
16   45(c)(3)(A)(ii).

17   **IV.   AT MINIMUM, A PROTECTIVE ORDER IS APPROPRIATE TO**
18   **AVOID IMPOSING AN UNDUE BURDEN AND UNNECESSARY**
19   **EXPENSE ON MR. BOUSQUETTE**

20        Federal Rule of Civil Procedure 45(c)(1) provides that "[a] party or attorney
21   responsible for issuing and serving a subpoena must take reasonable steps to avoid
22   imposing undue burden or expense on a person subject to the subpoena."  Rule
23   26(c)(1) provides that:

24

25        [1] As set forth above, Mr. Bousquette opposed MGA's Motion to Compel his
     deposition pursuant to the Illinois subpoena, but not on the grounds that it was
26   invalid because it had been issued by the Northern District of Illinois or that his
     deposition should be conducted in California.  Mr. Bousquette asserted that he had
27   not been properly served with the subpoena at issue and, because the subpoena
     had been issued out of Illinois, any motion to compel should have been brought in
28   Illinois.  Opp'n at 1-2; Bousquette Decl. ¶¶ 6-8; Caldwell Decl. ¶ 5.

1         A party or any person from whom discovery is sought may

2         move for a protective order where the action is pending . .

3         . . The court may, for good cause, issue an order to protect

4         a party or person from annoyance . . . or undue burden or

5         expense, including: . . . (B) specifying terms, including

6         time and place, for the disclosure of discovery.

7         In this case, MGA has taken the uncompromising position that Mr.

8    Bousquette, a third party to this litigation, is required to cancel his pre-existing

9    business commitments and travel from his home in Illinois to attend a deposition

10    in California on eleven days notice. Bousquette Decl. ¶¶ 4, 9. MGA has made no

11    effort to avoid imposing undue burden or expense on Mr. Bousquette and has

12    made no effort to attempt to accommodate Mr. Bousquette's schedule. Mr.

13    Bousquette has offered an alternate date on which he is willing to be deposed in

14    Chicago, a date that MGA has rejected out of hand without offering any

15    reasonable alternative. *Id.* ¶ 10. MGA's intransigence is inconsistent with the

16    intent and purpose of the federal rules.

17         In *Hauser v. Farrell*, 14 F.3d 1338 (9th Cir. 1994) *overruled on other*

18    *grounds by Central Bank v. First Interstate Bank*, 511 U.S. 164, 173 (1994), the

19    deponent's counsel sought to delay a scheduled deposition because the scheduled

20    date was a legal holiday and deponent's counsel had a trial starting on the

21    following day. Deponent's counsel offered numerous alternative dates for the

22    deposition. *See id.* at 1344. Because the attorney seeking the deposition refused

23    to attempt to accommodate the deponent's request, the magistrate judge not only

24    granted a protective order, but also ordered opposing counsel to pay the

25    deponent's legal fees in seeking the protective order. *See id.*

26         In this case, Mr. Bousquette does not seek to reschedule or relocate the

27    deposition because the date is inconvenient for his counsel. Mr. Bousquette seeks

28    to reschedule and relocate the deposition to Illinois because he has longstanding

CALDWELL
LESLIE &
PROCTOR

-7-

035

1  business commitments that he would have to cancel, rearrange and/or reschedule

2  at great disruption to his business in order to attend the deposition as scheduled on

3  March 28. Bousquette Decl. ¶ 9. If the deposition is to be held in California, as

4  currently scheduled, he would also have to allow for an additional two days of

5  travel time to and from the deposition. Yet MGA has refused to agree to

6  reschedule the deposition to accommodate Mr. Bousquette's schedule.

7       Mr. Bousquette has offered to make himself available for deposition in

8  Illinois on the earliest date that he is available. *Id.* ¶ 10. MGA has refused to

9  consider any other reasonable alternative. As the Ninth Circuit has observed,

10 "[o]bstructive refusal to make reasonable accommodation, such as plaintiff

11 exhibited, not only impairs the civility of our profession and the pleasures of the

12 practice of law, but also needlessly increases litigation expense to clients." *Id.*

13      MGA's only explanation for its unwillingness to accommodate Mr.

14 Bousquette's schedule is that the proposed April 30th date is only a month before

15 the date currently set for trial. Caldwell Decl. ¶ 11. But a month should be more

16 than sufficient to provide MGA with ample opportunity to review Mr.

17 Bousquette's deposition testimony and to prepare MGA's case for trial.

18      In any event, the time issues that MGA now faces are not of Mr.

19 Bousquette's making. This matter has been pending for almost four years. Yet

20 MGA waited until the eve of trial to notice Mr. Bousquette's deposition. MGA

21 cannot now be heard to argue that Mr. Bousquette must bear the brunt of MGA's

22 own lack of diligence and that Mr. Bousquette must bear the expense and burden

23 of rearranging his schedule to accommodate MGA's.

24      Nor must Mr. Bousquette be tagged with the inconvenience and expense of

25 traveling to California so that MGA may conduct his deposition in California. *See*

26 *Truswal Sys. Corp. v. Hydro Air Eng'g, Inc.*, 813 F.2d 1207, 1210 (Fed. Cir. 1987)

27 (although Rule 26 and Rule 45 apply to nonparties, the fact of nonparty status may

28 be considered by the court in weighing the burden imposed in the circumstances).

CALDWELL
LESLIE &
PROCTOR

-8-

036

1  Any cost to the parties associated with taking Mr. Bousquette's deposition in
2  Chicago is *de minimis* relative to the litigation costs already incurred in this action.
3  Mr. Bousquette is a non-party to this proceeding, has long-standing business
4  commitments through the end of April, and was given extremely short notice to
5  block out sufficient time in his schedule for this deposition.  Accordingly, a
6  protective order is particularly appropriate and the Court should enter an order
7  requiring that the deposition go forward in Chicago on April 30, 2008, or at
8  another date that is mutually agreeable to the parties. *See Hyde & Drath v. Baker*,
9  24 F.3d 1162, 1166 (9th Cir. 1994) ("A district court has wide discretion to
10 establish the time and place of depositions.").

11 **V.     CONCLUSION**

12       For the foregoing reasons, Matthew Bousquette respectfully requests an
13 Order quashing the deposition subpoena served by MGA, or, in the alternative, a
14 protective order requiring that his deposition be conducted in Chicago on April 30,
15 2008, or on a date that is otherwise mutually convenient for the parties.

16
17
18 DATED:  March 27, 2008           Respectfully submitted,

19                                 CALDWELL LESLIE & PROCTOR, PC

20
21                            By
22                                 CHRISTOPHER G. CALDWELL
                                   Attorney for Non-Party
                                   MATTHEW BOUSQUETTE
23
24
25
26
27
28

CALDWELL
LESLIE &
PROCTOR

-9-

037