**BOUSQUETTE DECLARATION**

## DECLARATION OF MATTHEW BOUSQUETTE

I, Matthew Bousquette, hereby state and declare as follows:

1. I am not a party to the above-referenced litigation. I make this declaration in support of the Motion to Quash Subpoena Seeking Deposition of Matthew Bousquette; or, in the Alternative, Motion for a Protective Order. I have personal knowledge of the facts set forth within this declaration and if called upon as a witness, I could and would testify competently thereto.

2. I currently reside and work in Itasca, Illinois, a suburb of Chicago, Illinois. I have maintained my permanent residence in Itasca for more than a year and intend to file my 2007 federal and state tax returns as a resident of Illinois. I presently have no intention to change my residence and expect to remain a resident of Illinois indefinitely as that is where my business is located.

3. Although I own several properties in California and visit California regularly, my primary residence is now in Illinois. In the past twelve months, I have spent more time in Itasca than in any other place, including any place in California. While I continue to have some legal ties to California (such as my voter registration), this is primarily because I have not had time to transfer these matters to Illinois. I frequently work seven days a week and am on the road for business travel much of the time.

4. I serve as the chairman of a company that operates in the gifts industry. The company's headquarters are located in Itasca. In the course of my work, I travel regularly, both domestically and internationally. I typically schedule business-related trips months in advance.

5. Since October 2005, I have been represented by Christopher G. Caldwell in legal matters that pre-date and are unrelated to this proceeding. Mr. Caldwell is also now representing me in connection with this matter.

038

6. At no time have I authorized the law firm of Quinn, Emanuel, Urquhart, Oliver & Hedges, LLP to accept service of a subpoena or other legal documents or process on my behalf.

7. On March 17, 2008, while I was visiting in Palm Springs, I was personally served with a subpoena that would require my attendance at a deposition in Palm Springs on March 28, 2008. I do not reside or regularly transact business in person within 100 miles of Palm Springs, California.

8. Prior to March 17, 2008, I had not been served with a subpoena related to this proceeding.

9. It would seriously disrupt my business plans if I were required to appear for a deposition in California on March 28, 2008.

10. I have carefully reviewed my current work and travel schedule to identify alternate dates on which I would be available for deposition, working on the assumption that I would need to have some time available on the prior day to meet with my lawyer to prepare for the deposition. The first date on which I would be available for deposition is April 30, 2008.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 27, 2008, at Itasca, Illinois.

MATTHEW BOUSQUETTE

039