**EXHIBIT B**

# SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

300 SOUTH GRAND AVENUE

LOS ANGELES, CALIFORNIA 90071-3144

TEL: (213) 687-5000
FAX: (213) 687-5600
www.skadden.com

DIRECT DIAL
(213) 687-5368
DIRECT FAX
(213) 621-5368
EMAIL ADDRESS
RHERRING@SKADDEN.COM

FIRM/AFFILIATE OFFICES
BOSTON
CHICAGO
HOUSTON
NEW YORK
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON
—
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

March 19, 2008

RECEIVED
MAR 21 2008
CALDWELL LESLIE
& PROCTOR, PC

**VIA EMAIL & U.S. MAIL**

Mr. Christopher G. Caldwell
Caldwell Leslie
1000 Wilshire Boulevard, Suite 600
Los Angeles, California 90017-2683

RE: *Mattel v. Bryant*

Mr. Caldwell:

  I am responding to your letter dated March 17, 2008. As Tom Nolan told you when you spoke on Wednesday, March 12, 2008, the Discovery Master granted MGA leave at the hearing on March 10, 2008 to serve Mr. Bousquette with a deposition subpoena. A copy of the Discovery Master's Order, which we received yesterday, is enclosed. You told Mr. Nolan that you would check with Mr. Bousquette to determine whether you were authorized to accept service of the subpoena. You have not called Mr. Nolan back, and you still have not advised us whether you will accept service on behalf of Mr. Bousquette.

  Because you did not respond to our request, we served Mr. Bousquette this weekend near his home in Palm Springs, California. I am enclosing copies of the subpoenas and proofs of service. As you will see, Mr. Bousquette was served at a restaurant located at 471 S. Indian Canyon Drive, which is less than two miles from his residence at 844 N. Mission Road in Palm Springs.

  As you are aware, we have been trying to schedule Mr. Bousquette's deposition since November 2007. The deposition was set for February 2008, but Mattel unilaterally cancelled the deposition, thus necessitating the motion practice before the Discovery Master. Given the length of time we have been seeking Mr. Bousquette's deposition, we cannot agree to your request to reschedule the deposition.

  Mr. Bousquette's deposition is set to begin at 10:00 a.m. on March 28, 2008 at 285 N. Palm Canyon Drive – less than one mile from Mr. Bousquette's Palm

EXHIBIT B
045

Mr. Christopher G. Caldwell
March 19, 2008
Page 2

Springs residence. If it is more convenient for you or Mr. Bousquette, or more cost effective for all parties attending, we are willing to conduct the deposition at our offices in Los Angeles. Please let us know. In addition, the trial subpoena served on Mr. Bousquette requires his attendance at the trial, which is scheduled to begin on May 28, 2008. We are willing to discuss putting Mr. Bousquette "on-call," but he would need to be available to testify on 24 hours notice.

If you wish to discuss these matters, please call me.

Sincerely,

Robert J. Herrington

Enclosure

1  THOMAS J. NOLAN (Bar No. 66992)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2  300 South Grand Avenue
   Los Angeles, California 90071-3144
3  Telephone: (213) 687-5000
   Facsimile: (213) 687-5600
4  E-mail: tnolan@skadden.com

5  RAOUL D. KENNEDY (Bar No. 40892)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
6  Four Embarcadero Center, 38th Floor
   San Francisco, California 94111-5974
7  Telephone: (415) 984-6400
   Facsimile: (415) 984-2698
8  E-mail: rkennedy@skadden.com

9  Attorneys for Cross-Defendants
   MGA Entertainment, Inc., MGA Entertainment (HK) Limited,
10 MGAE De Mexico, S.R.L. De C.V., and Isaac Larian

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation<br><br>Defendant.<br><br>Consolidated with MATTEL, INC. v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case No. 04-9059 and Case No. 05-2727<br><br>**DISCOVERY MATTER**<br><br>**ORDER RE THE MGA DEFENDANTS' EX PARTE APPLICATION TO COMPEL THE DEPOSITIONS OF MATTHEW BOUSQUETTE AND TINA PATEL**<br><br>Discovery Cut-Off: January 28, 2008<br>Pre-Trial Conference: May 5, 2008<br>Trial Date: May 27, 2008 |

ORDER RE THE MGA DEFENDANTS' EX PARTE APPLICATION TO COMPEL DEPOSITIONS

047

The MGA Defendants' *ex parte* application to compel the depositions of Matthew Bousquette and Tina Patel, which was originally filed for hearing before the Honorable Steven G. Larson and which was reset for hearing before the Discovery Master pursuant to the MGA Defendants' application, which application was granted by the Discovery Master on February 29, 2008, came on regularly for hearing before the Discovery Master on March 10, 2008. The matter having been fully briefed and argued and good cause appearing:

IT IS ORDERED

1. The motion is granted as to Tina Patel. Ms. Patel is to be made available for deposition on or before April 8, 2008.

2. At the hearing, MGA was granted an exception to the January 28, 2008 discovery cut-off date for Phase I discovery and was granted leave to proceed to pursue Mr. Bousquette's deposition before the Phase I trial.

DATED: March 18 2008

Hon. Edward A. Infante (Ret.)
Discovery Master

- 1 -
ORDER RE THE MGA DEFENDANTS' EX PARTE APPLICATION TO COMPEL DEPOSITIONS
204803.02-San Francisco Server 1A - MSW

048

## PROOF OF SERVICE BY E-MAIL

I, Maureen McCuaig, not a party to the within action, hereby declare that on March 18, 2008, I served the attached ORDER RE THE MGA DEFENDANTS' EX PARTE APPLICATION TO COMPEL THE DEPOSITIONS OF MATTHEW BOUSQUETTE AND TINA PATEL in the within action by email addressed as follows:

| Name | Firm | Email |
|---|---|---|
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| Matthew M. Werdegar, Esq. | Keker & Van Nest | mwerdegar@kvn.com |
| John E. Trinidad, Esq. | Keker & Van Nest | jtrinidad@kvn.com |
| Audrey Walton-Hadlock, Esq. | Keker & Van Nest | awalton-hadlock@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johnquinn@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| John Gordon | Quinn, Emanuel, Urquhart, Oliver & Hedges | johngordon@quinnemanuel.com |
| Thomas J. Nolan, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tnolan@skadden.com |
| Raoul D. Kennedy, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | rkennedy@skadden.com |
| Amy S. Park, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | apark@skadden.com |
| Harriet S. Posner, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | hposner@skadden.com |
| Carl Alan Roth, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | croth@skadden.com |
| Timothy A. Miller, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tmiller@skadden.com |
| Marcus R. Mumford, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Mmumford@skadden.com |
| Paul M. Eckles, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Paul.eckles@skadden.com |
| Lance A. Etcheverry, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Lance.etcheverry@skadden.com |
| Robert J. Herrington, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Robert.herrington@skadden.com |
| Mark Overland, Esq. | Overland, Borenstein, et al. | moverland@obsklaw.com |
| Alexander Cote, Esq. | Overland, Borenstein, et al. | acote@obsklaw.com |
| Christopher G. Caldwell | Caldwell Leslie & Proctor, PC | caldwell@caldwell-leslie.com |
| Larry W. McFarland | Keats, McFarland & Wilson | lmcfarland@kmwlaw.com |
| Christian Dowell | Keats, McFarland & Wilson | cdowell@kmwlaw.com |
| Craig E. Holden | MGA Entertainment, Inc. | cholden@mgae.com |
| Alan N. Goldberg | Stern & Goldberg | agoldberg@sgattys.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on March 18, 2008, at San Francisco, California.

_____
Maureen McCuaig

049

THOMAS J. NOLAN (Bar No. 066992)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue
Los Angeles, California 90071-3144
Telephone: (213) 687-5000
Facsimile: (213) 687-5600
E-mail: tnolan@skadden.com

RAOUL D. KENNEDY (Bar No. 40892)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
4 Embarcadero Center, 38th Floor
San Francisco, CA 94111-5974
Telephone: (415) 984-6400
Facsimile: (415) 984-2698
Email: rkennedy@skadden.com

Attorneys for Counter-Defendants,
MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA ENTERTAINMENT (HK) LIMITED, AND MGAE de MEXICO S.R.L. de C.V.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation<br><br>Defendant. | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case No. 04-9059 and Case No. 05-2727<br><br>**AMENDED NOTICE OF DEPOSITION AND SERVICE OF SUBPOENA TO MATT BOUSQUETTE** |
| Consolidated with MATTEL, INC. v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | |

050

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that, pursuant to Rules 30 and 45 of the Federal Rules of Civil Procedure, MGA Entertainment, Inc., by its attorneys, Skadden, Arps, Slate, Meagher & Flom, LLP, will take the deposition of Matt Bousquette. The depositions will take place on oral examination before a duly authorized notary public or other officer authorized to administer oaths at depositions, and will continue from day to day, Saturdays, Sundays and legal holidays excepted until completed.

PLEASE TAKE FURTHER NOTICE that the examination of **Matt Bousquette** will commence at 10:00 a.m. on March 28, 2008 at the Hyatt Regency Suites, 285 N. Palm Canyon Drive, Palm Springs, CA 92262, or at such other places and on such other dates as agreed upon by counsel for all interested parties.

PLEASE TAKE FURTHER NOTICE that, pursuant to Fed. R. Civ. P. 30(b)(2), the depositions will be videotaped. MGA also reserves the right to use Livenote or other technology for real-time transcription of the testimony.

DATED: March 17, 2008

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

By: _____
Robert J. Herrington
Attorneys for Counter-Defendants, MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA ENTERTAINMENT (HK) LIMITED, AND MGAE de MEXICO S.R.L. de C.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CARTER BRYANT, an individual, Plaintiff,

V.

MATTEL, INC., a Delaware corporation, Defendant

AND CONSOLIDATED ACTIONS

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] CV 04-09049 SGL (RNBx)
Consolidated with Case Nos. CV 04-9059 and CV 05-2727

TO:

MATT BOUSQUETTE - 844 North Mission Road, Palm Springs, CA 92262

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. The deposition will be recorded by videotape and stenographic means.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Hyatt Regency Suites, 285 N. Palm Canyon Drive, Palm Springs, CA 92262 | March 28, 2008 - 10:00 AM |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] Atty for Counter Defendant MGA Ent. et al. | March 11, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Robert Herrington, Skadden, Arps, Slate, Meagher & Flom LLP, 300 S. Grand Ave., Los Angeles, CA 90071-3144 (213) 687-5000

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.FormsWorkflow.com

052

AO88 (Rev. 12/06) Subpoena in a Civil Case

| PROOF OF SERVICE | |
|---|---|
| DATE | PLACE |

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
            DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

American LegalNet, Inc.
www.FormsWorkflow.com

053

Mar 17 08 12:05p   First Legal Investigation   (714)550-1374   p.3

| Attorney or Party without Attorney: <br> ROBERT J. HERRINGTON, ESQ., Bar #234417 <br> SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP <br> 300 SOUTH GRAND AVENUE <br> SUITE 3400 <br> LOS ANGELES, CA 90071 <br> Telephone No: 213-687-5000   FAX No: 213-687-5600 | For Court Use Only |
|---|---|
| Attorney for: Defendant    Ref. No. or File No.: | |
| Insert name of Court, and Judicial District and Branch Court. <br> United States District Court, Central District Of California | |
| Plaintiff: CARTER BRYANT, ETC. | |
| Defendant: MATTEL, INC., ETC. | |

| PROOF OF SERVICE SUBPOENA IN A CIVIL | Hearing Date: Fri, Mar. 28, 2008 | Time: 10:00AM | Dept/Div: | Case Number: CV04-09049 SGL (RNBX) |
|---|---|---|---|---|

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the SUBPOENA IN A CIVIL CASE

3. a. Party served: MATT BOUSQUETTE

4. Address where the party was served: 471 S. INDIAN CANYON DRIVE
   SERVED AT IHOP
   PALM SPRINGS, CA 92262

5. I served the party:
   a. by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: Sun., Mar. 16, 2008 (2) at: 10:02AM
   b. I received this subpena for service on: Friday, March 14, 2008

6. Witness fees were offered or demanded, and paid:  $45.00

7. Person Who Served Papers:
   a. Brad Blankenship
   b. FIRST LEGAL INVESTIGATIONS
   301 Civic Center Drive West
   SANTA ANA, CA 92702
   c. (714) 550-1375

   Recoverable Cost Per CCP 1033.5(a)(4)(B)
   d. The Fee for Service was:
   e. I am: (3) registered California process server
   (i) Independent Contractor
   (ii) Registration No.: 4052
   (iii) County: Los Angeles

8. I declare under penalty of perjury under the laws of the State of California and under the laws of the United States Of America that the foregoing is true and correct.
   Date: Mon, Mar. 17, 2008

Judicial Council Form
Rule 982.9.(a)&(b) Rev January 1, 2007

PROOF OF SERVICE
SUBPOENA IN A CIVIL

(Brad Blankenship)
316361.robher.119869

054

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 300 South Grand Avenue, 34th Floor, Los Angeles, CA 90071.

On **March 17, 2008**, I served the foregoing document described as:

**AMENDED NOTICE OF DEPOSITION AND SERVICE OF SUBPOENA TO MATT BOUSQUETTE**

on the interested parties in this action addressed as follows:

**SEE ATTACHED SERVICE LIST**

[X] **(BY PERSONAL SERVICE)** ☐ By personally delivering copies to the person served. (FEDERAL) (As Noted.)

[X] I caused such documents to be hand delivered to the office of the addressee. (FEDERAL) (As Noted.)

[X] **(BY FEDERAL EXPRESS)** I am readily familiar with the firm's practice for the collection and processing of correspondence for mailing with Federal Express and the fact that the correspondence would be deposited with Federal Express that same day in the ordinary course of business; on this date, the above-referenced correspondence was placed for deposit at Los Angeles, California and placed for collection and mailing following ordinary business practices. (As Noted.)

I declare under penalty of perjury under the laws of the State of California and the United States of America that the above is true and correct.

Executed on **March 17, 2008** at Los Angeles, California.

Cecilia Reyes
PRINT NAME                SIGNATURE

## SERVICE LIST

John B. Quinn, Esq.
Michael T. Zeller, Esq.
Jon D. Corey, Esq.
Timothy L. Alger, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
(213) 443-3000
(213) 443-3100 (Fax)

Attorneys for Mattel, Inc.
[Personal Service]

John W. Keker, Esq.
Michael H. Page, Esq.
Keker & Van Nest, LLP
710 Sansome Street
San Francisco, CA 94111
(415) 391-5400
(415) 397-7188 (Fax)

Attorneys for Carter Bryant
[Federal Express]

Mark E. Overland, Esq.
Alexander H. Cote, Esq.
David C. Scheper, Esq.
Overland Borenstein Scheper & Kim
300 South Grand Avenue, Suite 2750
Los Angeles, CA 90071
(213) 613-4655
(213) 613-4656 (Fax)

Attorneys for Carlos Gustavo Machado Gomez
[Federal Express]

1  THOMAS J. NOLAN (Bar No. 066992)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2  300 South Grand Avenue
   Los Angeles, California 90071-3144
3  Telephone: (213) 687-5000
   Facsimile:  (213) 687-5600
4  E-mail: tnolan@skadden.com

5
   RAOUL D. KENNEDY (Bar No. 40892)
6  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
   4 Embarcadero Center, 38th Floor
7  San Francisco, CA 94111-5974
   Telephone: (415) 984-6400
8  Facsimile:  (415) 984-2698
   Email: rkennedy@skadden.com
9

10 Attorneys for Counter-Defendants,
   MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA ENTERTAINMENT
11 (HK) LIMITED, AND MGAE de MEXICO S.R.L. de C.V.

12              UNITED STATES DISTRICT COURT
13              CENTRAL DISTRICT OF CALIFORNIA
14                    EASTERN DIVISION

15 CARTER BRYANT, an individual         )   CASE NO. CV 04-9049 SGL (RNBx)
                                        )
16              Plaintiff,              )   Consolidated with Case No. 04-9059
                                        )   and Case No. 05-2727
17        v.                            )
                                        )   **NOTICE OF SUBPOENA TO
18 MATTEL, INC., a Delaware             )   APPEAR AT TRIAL TO MATT
   corporation                          )   BOUSQUETTE**
19                                      )
                Defendant.              )
20                                      )
21                                      )
22 Consolidated with MATTEL, INC. v.    )
   BRYANT and MGA                       )
23 ENTERTAINMENT, INC. v.               )
   MATTEL, INC.                         )
24                                      )
25
26
27
28

057

## TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, MGA, by its attorneys, Skadden, Arps, Slate, Meagher & Flom, LLP, has demanded that on May 28, 2008, the non-party witness, Matt Bousquette, is to appear at trial in the United States District Court, Central District, Eastern Division located at 3470 Twelfth Street, Riverside, CA 92501. Please see attached Subpoena in a Civil Case.

DATED: March 17, 2008

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

By: _____
Robert J. Herrington
Attorneys for Counter-Defendants, MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA ENTERTAINMENT (HK) LIMITED, AND MGAE de MEXICO S.R.L. de C.

060

AO88 (Rev. 12/06) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CARTER BRYANT, an individual, Plaintiff,

V.

MATTEL, INC., a Delaware corporation, Defendant

AND CONSOLIDATED ACTIONS

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] CV 04-09049 SGL (RNBx)
Consolidated with Case Nos. CV 04-9059 and CV 05-2727

TO:

MATT BOUSQUETTE - 844 North Mission Road, Palm Springs, CA 92262

☒ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| United States District Court<br>Central District of California, Eastern Division<br>3470 Twelfth Street, Riverside, CA 92501 | 1 |
| | DATE AND TIME |
| | May 28, 2008 - 10:00 AM |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. The deposition will be recorded by videotape and stenographic means.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] Atty for Counter Defendant MGA Ent. et al. | March 11, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Robert Herrington, Skadden, Arps, Slate, Meagher & Flom LLP, 300 S. Grand Ave., Los Angeles, CA 90071-3144 (213) 687-5000

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.FormsWorkflow.com

061

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

American LegalNet, Inc.
www.FormsWorkflow.com

062

Mar 17 08 12:05p     First Legal Investigation                    (714)550-1374          p.2

| Attorney or Party without Attorney: | | | | For Court Use Only |
|---|---|---|---|---|
| ROBERT J. HERRINGTON, ESQ., Bar #234417<br>SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP<br>300 SOUTH GRAND AVENUE<br>SUITE 3400<br>LOS ANGELES, CA 90071<br>Telephone No: 213-687-5000     FAX No: 213-687-5600 | | | | |
| Attorney for: Defendant | | Ref. No. or File No.: | | |
| Insert name of Court, and Judicial District and Branch Court:<br>United States District Court, Central District Of California | | | | |
| Plaintiff: CARTER BRYANT, ETC. | | | | |
| Defendant: MATTEL, INC., ETC. | | | | |
| **PROOF OF SERVICE SUBPOENA IN A CIVIL** | Hearing Date:<br>Wed, May. 28, 2008 | Time:<br>10:00AM | Dept/Div: | Case Number:<br>CV04-09049 SGL (RNBX) |

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the SUBPOENA IN A CIVIL CASE

3. a. Party served:                                MATT BOUSQUETTE

4. Address where the party was served:      471 S. INDIAN CANYON DRIVE
                                             SERVED AT IHOP
                                             PALM SPRINGS, CA 92262

5. I served the party:
   a. by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: Sun., Mar. 16, 2008 (2) at: 10:02AM
   b. I received this subpena for service on:   Friday, March 14, 2008

6. Witness fees were offered or demanded, and paid:     $94.00

7. Person Who Served Papers:
   a. Brad Blankenship
   b. FIRST LEGAL INVESTIGATIONS
      301 Civic Center Drive West
      SANTA ANA, CA 92702
   c. (714) 550-1375

   d. The Fee for Service was:
   e. I am: (3) registered California process server
      (i)  Independent Contractor
      (ii) Registration No.:   4052
      (iii) County:            Los Angeles

   Recoverable Cost Per CCP 1033.5(a)(4)(B)

8. I declare under penalty of perjury under the laws of the State of California and under the laws of the United States Of America that the foregoing is true and correct.
   Date: Mon, Mar. 17, 2008

   Judicial Council Form
   Rule 982.9.(a)&(b) Rev January 1, 2007

   PROOF OF SERVICE
   SUBPOENA IN A CIVIL

   (Brad Blankenship)
   316362.robber.119871

063

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 300 South Grand Avenue, 34th Floor, Los Angeles, CA 90071.

On **March 17, 2008**, I served the foregoing document described as:

**NOTICE OF SUBPOENA TO APPEAR AT TRIAL TO MATT BOUSQUETTE**

on the interested parties in this action addressed as follows:

**SEE ATTACHED SERVICE LIST**

[X] **(BY PERSONAL SERVICE)** [ ] By personally delivering copies to the person served. (FEDERAL) (As Noted.)

[X] I caused such documents to be hand delivered to the office of the addressee. (FEDERAL) (As Noted.)

[X] **(BY FEDERAL EXPRESS)** I am readily familiar with the firm's practice for the collection and processing of correspondence for mailing with Federal Express and the fact that the correspondence would be deposited with Federal Express that same day in the ordinary course of business; on this date, the above-referenced correspondence was placed for deposit at Los Angeles, California and placed for collection and mailing following ordinary business practices. (As Noted.)

I declare under penalty of perjury under the laws of the State of California and the United States of America that the above is true and correct.

Executed on **March 17, 2008** at Los Angeles, California.

Cecilia Reyes
PRINT NAME                    SIGNATURE

PROOF OF SERVICE                                      NO. CV 04-9049 SGL (RNBx)

## SERVICE LIST

John B. Quinn, Esq.
Michael T. Zeller, Esq.
Jon D. Corey, Esq.
Timothy L. Alger, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
(213) 443-3000
(213) 443-3100 (Fax)

Attorneys for Mattel, Inc.
[Personal Service]

John W. Keker, Esq.
Michael H. Page, Esq.
Keker & Van Nest, LLP
710 Sansome Street
San Francisco, CA 94111
(415) 391-5400
(415) 397-7188 (Fax)

Attorneys for Carter Bryant
[Federal Express]

Mark E. Overland, Esq.
Alexander H. Cote, Esq.
David C. Scheper, Esq.
Overland Borenstein Scheper & Kim
300 South Grand Avenue, Suite 2750
Los Angeles, CA 90071
(213) 613-4655
(213) 613-4656 (Fax)

Attorneys for Carlos Gustavo Machado Gomez
[Federal Express]

PROOF OF SERVICE   2   NO. CV 04-9049 SGL (RNBx)

065