QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 90378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br>Consolidated with<br>Case Nos. CV 04-09059 & CV 05-2727<br><br>Hon. Stephen G. Larson<br><br>MATTEL, INC.'S NOTICE OF JOINDER IN OPPOSITION OF MATTHEW BOUSQUETTE TO MGA'S MOTION OBJECTING TO APRIL 22, 2008 ORDER GRANTING MATTHEW BOUSQUETTE'S MOTION TO QUASH SUBPOENA<br><br>Hearing Date: May 12, 2008<br>Time:   10:00 a.m.<br>Place:   Courtroom 1<br><br>**Phase 1**<br>Discovery Cut-Off:   January 28, 2008<br>Pre-Trial Conference: May 19, 2008<br>Trial Date:   May 27, 2008 |

07209/2493109.1

MATTEL'S NOTICE OF JOINDER

1  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2  PLEASE TAKE NOTICE THAT Mattel, Inc., hereby joins in the Opposition of Third-Party Matthew Bousquette to MGA Entertainment, Inc.'s Motion Objecting to the April 22, 2008 Order Granting Matthew Bousquette's Motion to Quash Subpoena.

PLEASE TAKE FURTHER NOTICE THAT to the extent that MGA Entertainment, Inc. seeks is an order compelling Mr. Bousquette to appear for deposition pursuant to an unenforceable subpoena served on Mr. Bousquette on March 16, 2008, compelling Mr. Bousquette to appear would be premature.  Based on the Discovery Master's prior ruling that Mr. Bousquette's deposition should not take place until MGA's unfair competition document production is substantially complete, Mattel moved for a protective order postponing Mr. Bousquette's deposition because MGA's has admitted that its unfair competition document production is not substantially complete.  See Mattel, Inc.'s Notice of Motion and Motion for Protective Order re: Matthew Bousquette, Herrington Dec. Ex. 27.  Because the Discovery Master granted the motion to quash, he denied as moot Mattel's motion in his April 22, 2008 Order. See Order Granting Third-Party Matthew Bousquette's Motion to Quash Subpoena; Deeming Moot Mattel's Motion for Protective Order re Matthew Bousquette at 3:16-17, Herrington Dec. Ex. 30 ("Mattel's motion for protective order is deemed moot."). Mattel respectfully submits that the Discovery Master should rule on Mattel's motion before Mr. Bousquette's deposition is compelled.

PLEASE TAKE FURTHER NOTICE THAT Mr. Bousquette appears on Mattel's Phase 1 Witness List not because he possesses Phase 1 information, but because MGA is intent on introducing Phase 2 issues into Phase 1, and Mattel, as set forth in its Motion in Limine No. 3 must preserve the ability to call Mr. Bousquette if Mattel's Motion in Limine is denied and Mattel must present evidence regarding Phase 2 issues in Phase 1.

PLEASE TAKE FURTHER NOTICE THAT MGA's Motion is directed to the Discovery Master's factual determination that Mr. Bousquette lives and works in Illinois and the decision to grant Mr. Bousquette's Motion and to quash the subpoena based on that factual finding. MGA's attacks on Mattel's counsel have nothing to do with the propriety of whether Mr. Bousquette lives and works in Illinois or whether the motion was properly granted based on that finding. Because these attacks are a collateral distraction, nothing more, Mattel will refute them if the Court requests, but they have nothing to do with this Motion.

DATED: March 7, 2008

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By  /s/ Jon D. Corey
Jon D. Corey
Attorneys for Mattel, Inc.