1 THOMAS J. NOLAN (Bar No. 66992)
(tnolan@skadden.com)
2 SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue, Suite 3400
3 Los Angeles, CA 90071
Tel.: (213) 687-5000/Fax: (213) 687-5600
4
RAOUL D. KENNEDY (Bar No. 40892)
5 (rkennedy@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
6 4 Embarcadero Center, 38th Floor
San Francisco, CA 94111-5974
7 Tel.: (415) 984-6400/ Fax: (415) 984-2698

8 Attorneys for MGA Entertainment, Inc., MGA Entertainment (HK) Limited,
MGAE de Mexico, S.R.L. DE C.V., and Isaac Larian
9

10

11                    UNITED STATES DISTRICT COURT

12                   CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 13 CARTER BRYANT, an individual, | ) CASE NO. CV 04-9049 SGL (RNBx) |
| 14 | ) Consolidated with Case No. CV 04-09039 and Case No. CV 05-02727 |
| 15 Plaintiff, | ) |
| 16 v. | ) MGA'S OPPOSITION TO MATTEL'S MOTION OBJECTING TO THE DISCOVERY MASTER'S APRIL 11, 2008 ORDER GRANTING IN PART MGA'S MOTION TO COMPEL MATTEL TO PRODUCE A WITNESS PURSUANT TO NOTICE OF DEPOSITION UNDER RULE 30(b)(6) |
| 17 MATTEL, INC., a Delaware corporation, | ) |
| 18 | ) |
| 19 Defendant. | ) [DECLARATION OF ALLEN L. LANSTRA FILED UNDER SEPARATE COVER] |
| 20 | ) |
| 21 | ) |
| 22 | ) Date:     June 16, 2008 |
| 23 | ) Time:    10:00 a.m. |
| | ) Judge:  Honorable Stephen G. Larson |
| 24 | ) Place:  Courtroom 1 |
| 25 | ) |

26

27

28

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ........................................... 1

SUMMARY OF FACTS ........................................................................................ 2

    A.    Over More Than Three Years, Mattel Has Served *Six* 30(b)(6) Deposition Notices On MGA And Its Affiliates, Compared To *One* That MGA Has Served On Mattel. ............. 2

        1.    Mattel's Serves Four 30(b)(6) Notices On MGA Over A Period Of Approximately Two And A Half Years. ......................................................................................... 2

        2.    Mattel Is Granted Leave To Serve Its Third Notice Of Deposition On MGA After The Discovery Master Converts Its Motion To Compel To One For Leave To Serve Notice. .................................................................. 3

        3.    MGA Serves Its First And *Only* 30(b)(6) Deposition Notice On Mattel ...................................................................... 4

        4.    MGA Moves For Relief After Mattel Categorically Refuses To Discuss MGA's 30(b)(6) Notice During The Meet And Confer Process; Mattel Serves Two Additional Notices On MGA And Its Affiliates .............. 5

    B.    After Individually Evaluating Each Of The 27 Topics In Dispute, The Discovery Master Found Good Cause To Order Deposition Testimony As To Some, But Not All, Of MGA's Noticed Topics .......................................................... 7

ARGUMENT .......................................................................................................... 8

    I.    THE COURT SHOULD UPHOLD THE DISCOVERY MASTER'S APRIL 11, 2008 ORDER COMPELLING MATTEL TO PRODUCE WITNESSES PURSUANT TO MGA'S NOTICE OF DEPOSITION ........................................................................ 8

    A.    Mattel Seeks To Establish A Double Standard Of Discovery ....................................................................................... 8

        1.    MGA Has Not Previously Noticed Any 30(b)(6) Depositions On Mattel. .......................................................... 8

        2.    Mattel Argued *Against* The So-Called "One Deposition Rule" In Connection With Its Own Third Notice Of 30(b)(6) Deposition On MGA. ....................... 8

3. Mattel Requested – And Obtained – Leave Of Court To Serve Its Third Notice Of 30(b)(6) Deposition *After* That Notice Was Served On MGA. .......................... 9

B. The Discovery Master's Finding That MGA's Topics Are Not Duplicative Or Cumulative Was Neither Clearly Erroneous Nor Contrary To Law. ............................ 11

1. Mattel's Failure To Offer *Any* Support For Its Objections To 19 Of The 23 Topics In Dispute Is Dispositive. ...................................................... 11

2. Mattel Has Failed To Meet Its Burden Of Demonstrating That The Four Remaining Topics Are Duplicative Or Cumulative. ........................................ 12

C. The Discovery Master's Rejection of Mattel's Burden Argument Was Neither Clearly Erroneous Nor Contrary To Law. ................................................................ 14

D. The Court's Summary Judgment Ruling Does Not Moot Any Of MGA's 30(b)(6) Deposition Topics. .......................... 16

CONCLUSION ...................................................................... 17

# TABLE OF CONTENTS

**Page**

**Cases**

*Cornell Research Foundation, Inc. v. Hewlett-Packard Co.,*
   C.A. No. 5:01-CV-1974, 2006 WL 5097357, at \*6, n. 5.................................. 9

*Indep. Towers of Washington v. State of Washington,*
   350 F.3d 925 (9th Cir. 2003)......................................................... 11, 15

*Kohler v. Inter-Tel Technologies,*
   244 F.3d 1167 (9th Cir. 2001)....................................................... 11, 12

*Quality Aero Tech., Inc. v. Telemetrie Elektronik,*
   212 F.R.D. 313 (E.D.N.C. 2002).......................................................... 9

*Sekiya v. Gates,*
   508 F.3d 1198 (9th Cir. 2007)............................................................ 11

*TRW Inc. v. Andrews,*
   534 U.S. 19, 122 S. Ct. 441, 151 L. Ed. 2d 339 (2001)................................. 12

*Wachtel v. Guardian Life Ins. Co.,*
   239 F.R.D. 376 (D.N.J. 2006)........................................................... 15

**Rules**

C.D. Cal. Local Rule 72-2.1......................................................... 11, 15

Fed. R. Civ. P. 72(a)............................................................. 11, 12, 15

# MEMORANDUM OF POINTS AND AUTHORITIES

## PRELIMINARY STATEMENT

Having successfully served *six* separate notices of deposition under Rule 30(b)(6) on MGA and its affiliates, Mattel now claims it was "clearly erroneous" and "contrary to law" for the Discovery Master to approve MGA's service of *even one* such notice on Mattel. In objecting to the Discovery Master's Order, Mattel has neither law, logic nor fairness on its side, but nonetheless knows that it can impose further litigation costs on its smaller adversary with its scorched-earth approach. Compounding the irony of Mattel's position is the fact that it previously argued *in favor* of – and prevailed on – precisely the position it now challenges in connection with Mattel's Third Notice of 30(b)(6) Deposition on MGA. Nonetheless, Mattel now argues that applying the same analysis to MGA's notice on Mattel constitutes reversible error. Mattel's position is rife with fatal contradictions and cannot be sustained.

Contrary to what Mattel argues, MGA showed "good cause" to obtain the deposition of Mattel's 30(b)(6) designee on the 23 topics at issue here. In granting the motion, the Discovery Master appropriately disregarded Mattel's argument concerning the one deposition rule as "purely academic and inconsequential." Having relied on that same holding itself to compel *six* Rule 30(b)(6) notices in this litigation, Mattel cannot now be heard to argue that the Discovery Master erred in applying that standard to MGA's motion.

Mattel's remaining, desultory objections to the Discovery Master's Order are equally lacking in merit. As an initial matter, the topics are not cumulative or duplicative of prior 30(b)(6) testimony in this case. As the Discovery Master ruled, where there is any overlap it "is not so substantial as to render them duplicative or cumulative." Nor do the topics impose an undue burden on Mattel. This is a large and complex litigation in which MGA has spent many millions of dollars responding

to Mattel's discovery requests.  Like Mattel, MGA is entitled to develop its case, including through the noticing of 30(b)(6) depositions.  As the Discovery Master observed, "in light of the enormous breadth and burden of depositions Mattel has sought from MGA, Mattel's objection based on burden is unpersuasive."  Mattel's eight-month-long campaign to deprive MGA of its entitlement to conduct Rule 30(b)(6) discovery must now come to an end.[1]

## SUMMARY OF FACTS

**A.     Over More Than Three Years, Mattel Has Served *Six* 30(b)(6) Deposition Notices On MGA And Its Affiliates, Compared To *One* That MGA Has Served On Mattel.**

**1.     Mattel's Serves Four 30(b)(6) Notices On MGA Over A Period Of Approximately Two And A Half Years.**

On December 21, 2004, shortly after MGA was allowed to intervene procedurally into this case, Carter Bryant served on Mattel a notice of deposition pursuant to Rule 30(b)(6).[2]  The notice was served by Bryant's attorneys only, not MGA's, and was targeted to the development of Bryant's claims and defenses, not MGA's.  For example, Bryant's name appears in most of the descriptions of the designated topics, while MGA is named in only a handful.[3]

In February 2005, Mattel served on MGA and its affiliates the first of six notices of deposition under Rule 30(b)(6) (the "First Mattel Notice"), listing eight topics.[4]  The First Mattel Notice focused, among other things, on certain purported

---

[1]     Attached as Exhibit 1 to the Declaration of Allen L. Lanstra in Support of MGA's Opposition to Mattel's Motion Objecting to Discovery Master's Order Granting MGA's Motion to Compel Rule 30(b)(6) Testimony ("Lanstra Decl."), is MGA's Notice of Deposition of Mattel Pursuant to Fed. R. Civ. P. 30(b)(6).  Unless otherwise indicated, all exhibit references herein are to the Lanstra Decl.

[2]     Ex. 2: Bryant's Notice of Deposition of Plaintiff and Counterdefendant Mattel, Inc.

[3]     *Id., passim.*

[4]     Ex. 3: Notice of Deposition of MGA Entertainment Inc. Pursuant to Federal Rule of Civil Procedure 30(b)(6).

1  MGA projects entitled "Angel Faces" and "Prayer Angels" that were the alleged

2  subject matter of certain documents produced to Mattel by MGA.[5]

3      Two years later, in February 2007, Mattel served its second Rule 30(b)(6)

4  notice on MGA (the "Second Mattel Notice").[6]  The Second Mattel Notice expanded

5  the number of deposition topics, adding 46 new topics and focusing, among other

6  things, on numerous issues relating to "Bratz" dolls.

7      In June 2007, Mattel served its third Rule 30(b)(6) notice on MGA (the "Third

8  Mattel Notice").[7]  The Third Mattel Notice identified 16 new deposition topics

9  relating to, among other things, statements to the press by Isaac Larian and any

10  payments by MGA to Isaac or Farhad Larian.[8]  Also in June 2007, Mattel served a

11  fourth notice of 30(b)(6) deposition, this time on MGA Entertainment (HK) Ltd.,

12  which included 61 separate topics.[9]

### 2.  Mattel Is Granted Leave To Serve Its Third Notice Of Deposition On MGA After The Discovery Master Converts Its Motion To Compel To One For Leave To Serve Notice.

15      Because Mattel had already served two notices on MGA pursuant to Rule

16  30(b)(6), MGA objected to the Third Mattel Notice.  In July 2007, Mattel filed a

17  motion to compel.[10]  Among other things, Mattel argued that "[Federal Rule of Civil

---

[5]      *Id.* at 3.

[6]      Ex. 4: Second Notice of Deposition of MGA Entertainment Inc. Pursuant to Federal Rule of Civil Procedure 30(b)(6).

[7]      Ex. 5: Third Notice of Deposition of MGA Entertainment Inc. Pursuant to Federal Rule of Civil Procedure 30(b)(6).

[8]      *Id.* at 6-9.

[9]      Ex. 6, Mattel's Notice of Deposition of MGA Entertainment (HK) Limited Pursuant to Federal  Rule of Civil Procedure 30(b)(6).

[10]      Docket No. 681: Mattel's Notice of Motion and Motion to Compel MGA to Produce Witnesses Pursuant to Mattel's Third Notice of Deposition Under Rule 30(b)(6) and for Sanctions.  Because MGA's opposition brief was marked "Attorneys' Eyes Only," it is not reprinted in MGA's exhibits hereto.

Procedure] 30(a)(2)(B)'s requirement to obtain leave of Court prior to deposing a person for a second [sic] time does *not* apply to 30(b)(6) depositions."[11]

The Discovery Master found it unnecessary to resolve this legal issue and treated Mattel's motion as one "for leave to serve an additional 30(b)(6) notice with additional topics."[12] Notably, the Discovery Master did so notwithstanding the fact that Mattel had already served the notice on MGA.[13] Pursuant to this analysis, the Court granted Mattel leave to serve notice of some topics (including statements to the press by Isaac Larian and payments by MGA to Isaac or Farhad Larian), but not others (including, for example, topics regarding any payments made to Larian family members).

### 3.   MGA Serves Its First And *Only* 30(b)(6) Deposition Notice On Mattel.

On September 5, 2007, MGA served its first and *only* Rule 30(b)(6) notice on Mattel, identifying 86 deposition topics.[14] MGA thereafter voluntarily reduced that number to 47 topics for purposes of seeking the deposition of Mattel before the Phase I discovery cut-off.[15] Consistent with the size and complexity of this case, these topics cover a range of issues relating to the litigation, but do not materially

---

[11]   Docket No. 754: Mattel's Reply Brief in Support of Motion to Compel MGA to Produce Witnesses Pursuant to Mattel's Third Notice of Deposition Under Rule 30(b)(6) and for Sanctions at 4: 6-7 (emphasis in original).

[12]   Docket No. 1013: Order Granting in Part and Denying in Part Mattel's Motion to Compel MGA to Produce Witnesses Pursuant to Third Notice of Deposition Under Rule 30(b)(6); Denying Request for Sanctions, at 6.

[13]   *See* Docket No. 681: Mattel's Notice of Motion and Motion to Compel MGA to Produce Witnesses Pursuant to Mattel's Third Notice of Deposition Under Rule 30(b)(6) and for Sanctions, at 8.

[14]   Ex. 1: MGA's Notice of Deposition of Mattel Pursuant to Fed. R. Civ. P. 30(b)(6).

[15]   *See* Docket No. 1314: MGA's Motion to Compel Mattel to Produce Witnesses Pursuant to Notice of Deposition Under Rule 30(b)(6), Or, In the Alternative, For Leave to Serve Such Notice, at 4.

overlap with those served three years earlier by Carter Bryant.  As MGA made clear in the "meet and confer" process, the company presently seeks testimony relating only to Phase I topics.

4. **MGA Moves For Relief After Mattel Categorically Refuses To Discuss MGA's 30(b)(6) Notice During The Meet And Confer Process; Mattel Serves Two Additional Notices On MGA And Its Affiliates.**

Notwithstanding MGA's attempts to meet and confer on this issue, Mattel refused to identify or produce a single witness, or even to acknowledge MGA's right to notice a 30(b)(6) deposition upon Mattel.[16]  Rather, Mattel took the position that, because Carter Bryant had served a Rule 30(b)(6) notice on Mattel in 2004, almost two years before Mattel moved for leave to assert claims against MGA and its affiliates, MGA was precluded from doing so.[17]  MGA filed its Motion to Compel Mattel to Produce Witnesses Pursuant to Notice of Deposition Under Rule 30(b)(6), Or, in the Alternative, For Leave to Serve Such Notice, on December 21, 2007.[18]

Mattel's 26-page brief opposing MGA's Motion to Compel specifically objected to *each* of the 47 topics in dispute on grounds that they were duplicative, burdensome, overbroad and not reasonably particularized, vague and ambiguous, and sought testimony more appropriately obtained through contention interrogatories,

---

[16]    *See, e.g.*, Ex. 7: Letter from Paul M. Eckles to Jon D. Corey, Esq. dated December 12, 2007, at 2 (requesting meet-and-confer); Ex. 8: Letter from Jon D. Corey, Esq. to Paul Eckles, Esq. dated December 20, 2007, at 2 ("MGA's Notice of Deposition of [Mattel] is a nullity given that it seeks to depose a person more than once without leave of court in violation of Rule 30.").

[17]    *See* Ex. 8: Letter from Jon D. Corey, Esq. to Paul Eckles, Esq. dated December 20, 2007, at 2 ("MGA's Notice of Deposition of [Mattel] is a nullity given that it seeks to depose a person more than once without leave of court in violation of Rule 30.").

[18]    Docket No. 1314: MGA's Motion to Compel Mattel to Produce Witnesses Pursuant to Notice of Deposition Under Rule 30(b)(6), Or, In the Alternative, For Leave to Serve Such Notice.

1  among other grounds.[19]  Notably, Mattel's opposition brief raised these issues for the

2  first time, as Mattel had refused to reveal any of its objections during the meet and

3  confer process.[20]  After briefing was complete, the Discovery Master ordered the

4  parties to further meet and confer in an effort to resolve or narrow a number of

5  pending discovery disputes.  As a result of these efforts, MGA further narrowed the

6  number of topics it was seeking from 47 to 27.[21]

7       In the meantime, Mattel served two additional 30(b)(6) notices: a fourth notice

8  upon MGA, and a further notice on MGAE de Mexico, S.R.L. DE C.V. ("MGA

9  Mexico").[22]  In sum, Mattel has served six separate notices of deposition under Rule

10  30(b)(6) on MGA and its affiliates, containing a total of 291 topics.

11       In an effort to distort the disparity between the number of Rule 30(b)(6)

12  notices served by MGA and Mattel, Mattel cites to Exhibit 4 to the Declaration of

13  Jon D. Corey dated January 11, 2008 (the "Corey Exhibit") as "*MGA &* Bryant's

14  Notice*s* of Deposition of Plaintiff and Counter Defendant Mattel."[23]  Contrary to the

15  impression left by Mattel's brief, the Corey Exhibit contains *only one* document that

---

[19]    Docket No. 1529: Mattel Inc.'s Opposition to MGA's Motion to Compel
Mattel to Produce Witnesses Pursuant to Notice of Deposition Under Rule 30(b)(6),
Or, In the Alternative, For Leave to Serve Such Notice.  MGA's brief in reply is
Docket No. 1553.
[20]    *See* Ex. 8: Letter from Jon D. Corey, Esq. to Paul Eckles, Esq. dated
December 20, 2007, at 2.
[21]    *See* Docket No. 2859: Joint Report to Discovery Master Regarding Pending
Discovery Motions, dated March 28, 2008, at 4.
[22]    Docket No. 1504 is the Court's January 7, 2008 Order.  That Order, among
other things, granted Mattel leave to serve two additional 30(b)(6) deposition notices.
*Id.* at 3.  Exhibits 9 and 10 are these two new deposition notices, served on MGA and
MGA Mexico respectively.
[23]    *See* Motion at 2 n.1 (emphasis added).  The Corey Exhibit is reproduced as Ex.
11 herein.

1 | was served by Mr. Bryant, not MGA, on December 21, 2004.[24]  The *only* 30(b)(6)

2 | notice that MGA has served on Mattel is the one presently before the Court.

3 | **B.     After Individually Evaluating Each Of The 27 Topics In Dispute, The**

4 | **Discovery Master Found Good Cause To Order Deposition Testimony As To Some, But Not All, Of MGA's Noticed Topics.**

5 | In his Order dated April 11, 2008 granting in part and denying in part MGA's

6 | motion, the Discovery Master drew a parallel between MGA's motion and Mattel's

7 | prior motion to compel its Third Notice of Deposition Under Rule 30(b)(6):

> The parties dispute whether Rule 30(a)(2)(B), Fed.R.Civ.P., [limiting multiple depositions of a witness] applies to depositions taken pursuant to Rule 30(b)(6), Fed.R.Civ.P. This issue was raised and addressed in the context of Mattel's earlier filed motion to compel MGA to produce 30(b)(6) designees. See Order Granting in Part and Denying in Part Mattel's Motion to Compel MGA to Produce Witnesses Pursuant to Third Notice of Deposition Under Rule 30(b)(6) and for Sanctions, dated August 6, 2007.  As before, it is unnecessary to resolve this conflict in the law because the debate is purely academic and inconsequential.  As MGA requested, MGA's motion is treated herein as a motion for leave to serve an additional 30(b)(6) notice with additional topics.  In evaluating the appropriateness of the topics, it is MGA's burden to demonstrate that there is good cause for such discovery (see e.g., Boston Scientific Corp. v. Cordis Corp., 2004 WL 1945643 (N.D. Cal. 2004)), applying the principles stated in Rule 26(b)(2), Fed.R.Civ.P.[25]

18 | The Discovery Master then proceeded to rule on each of the 27 remaining

19 | topics in dispute in light of the parties' arguments – including Mattel's extensive

20 | objections – and the topics themselves.[26]  The Discovery Master granted MGA's

21 | motion as to 23 of the topics, and denied the motion as to four that, although

22 | unquestionably relevant, were deemed to pose an undue burden on Mattel.[27]  Mattel

23 |

---

[24]     *Id.*

[25]     Docket No. 3110: Order Granting in Part and Denying in Part MGA's Motion to Compel Mattel to Produce Witnesses Pursuant to Notice of Deposition Under Rule 30(b)(6); Denying Request for Sanctions, at 4 n.2.

[26]     *Id.* at 4-5.

[27]     *Id.*

1 | filed its motion objecting to the Discovery Master's Order seventeen days later, on
2 | April 28, 2008.

### ARGUMENT

3
4 | **I.   THE COURT SHOULD UPHOLD THE DISCOVERY MASTER'S APRIL 11, 2008 ORDER COMPELLING MATTEL TO PRODUCE WITNESSES PURSUANT TO MGA'S NOTICE OF DEPOSITION.**
5
6 | **A.   Mattel Seeks To Establish A Double Standard Of Discovery.**
7 | **1.   MGA Has Not Previously Noticed Any 30(b)(6) Depositions On Mattel.**
8
9 | The fact that MGA has served *no* other notice of 30(b)(6) deposition on Mattel,
10 | as compared to *six* notices served by Mattel on MGA and its affiliates, by itself
11 | weighs in support of the Discovery Master's Order.  Mattel cannot credibly argue
12 | that *it* is entitled to multiple 30(b)(6) notices on 291 topics, while MGA is entitled to
13 | none – particularly where, as here, the 43 topics as to which testimony has been
14 | ordered have been individually vetted by the Discovery Master based on Mattel's
15 | extensively briefed objections.

16 | **2.   Mattel Argued *Against* The So-Called "One Deposition Rule" In Connection With Its Own Third Notice Of 30(b)(6) Deposition On MGA.**
17

18 | In its quest to make 30(b)(6) discovery a one-sided, *291-to-zero* contest,
19 | Mattel seizes on what it calls the "one deposition rule," claiming that MGA may not
20 | serve notice on Mattel because the company was previously served with a 30(b)(6)
21 | notice by Carter Bryant.[28]  Mattel's abrupt about-face on this issue is rife with irony.
22 | When seeking its own offensive discovery only months ago, Mattel argued the
23 | precise opposite: "Rule 30(a)(2)(B)'s requirement to obtain leave of Court prior to
24 | deposing a person for a second [sic] time does *not* apply to 30(b)(6) depositions."[29]

25
— — —
[28]   Motion at 5.
26 | [29]   Docket No. 754: Mattel's Reply Brief in Support of Motion to Compel MGA
27 | to Produce Witnesses Pursuant to Mattel's Third Notice of Deposition Under Rule 30(b)(6) and for Sanctions at 4 (emphasis in original).
28

1  In support of this proposition, Mattel cited *Quality Aero Tech., Inc. v. Telemetrie*

2  *Elektronik*, 212 F.R.D. 313, 319 (E.D.N.C. 2002).  *See also Cornell Research*

3  *Foundation, Inc. v. Hewlett-Packard Co.*, C.A. No. 5:01-CV-1974, 2006 WL

4  5097357, at *6 n. 5 (Fed. R. Civ. P. 30(a)(2)(B) "does not preclude the taking of a

5  second deposition from a corporation or other similar entity, as opposed to a single

6  person").  In complete disregard of its own prior position, Mattel now asserts that the

7  point of law it recently argued to the Discovery Master was "clearly erroneous."

8          **3.**    **Mattel Requested – And Obtained – Leave Of Court To Serve Its Third Notice Of 30(b)(6) Deposition *After* That Notice Was Served On MGA.**

9

10        With an astounding insouciance, Mattel asserts that it was "plainly erroneous"

11  and "contrary to law" for the Discovery Master *even to reach the issue* of whether

12  there was "good cause" to support MGA's notice, because MGA had not sought

13  leave of court *in advance* of service.[30]  Once again, this argument is belied by

14  Mattel's own past conduct.  When Mattel was in MGA's position it requested leave

15  of court to serve on MGA its Third Notice of Deposition Under Rule 30(b)(6) only

16  *after* the Notice had been served, and only in the alternative to its motion to compel

17  MGA's compliance.[31]  In fact, Mattel was in a far weaker position to obtain 30(b)(6)

18  testimony than MGA here, because Mattel itself had already served two prior 30(b)(6)

19  deposition notices.  By contrast, MGA has served *no* prior 30(b)(6) deposition

20  notices.  Moreover, MGA fashioned its motion as one to compel or for leave to serve,

21  from the beginning.

22

23

24

25  [30]    Motion at 6-7.

26  [31]    *See* Docket Nos. 681, 754: Mattel's briefs in support of its Motion to Compel

27  MGA to Produce Witnesses Pursuant to Mattel's Third Notice of Deposition Under Rule 30(b)(6) and for Sanctions.

28

1    While it is true that MGA opposed Mattel's motion to compel and/or leave to

2    serve notice, *it was Mattel that prevailed on this issue.*[32]   The Discovery Master not

3    only reached the question of whether there was "good cause" for Mattel to serve its

4    Third Notice, but ordered discovery to go forward as to most of Mattel's noticed

5    topics.[33]   With regard to the "one-deposition rule," the Discovery Master held, in

6    words that echo its later April 11, 2008 Order:

7             As a threshold matter the parties dispute whether Rule
         30(a)(2)(B), Fed.R.Civ.P., applies to depositions taken
8        pursuant to Rule 30(b)(6), Fed.R.Civ.P.  There is caselaw
         to support each party's position.  See e.g., Ameristar Jet
9        Starter, Inc. v. Signal Composites, Inc., 244 F.3d 189 (1st
         Cir. 2001) (second Rule 30(b)(6) subpoena issued without
10       leave of court was invalid); In re Sulfuric Acid Antitrust
         Litig., 2005 WL 1994105 (D. Ill. Aug. 19, 2005) (holding
11       that second Rule 30(b)(6) subpoena issued without leave of
         court was invalid); Innomed Labs, LLC v. Alza Corp., 211
12       F.R.D. 237 (S.D.N.Y. 2002) (quashing overbroad 30(b)(6)
         subpoena issued without leave of court); Quality Aero
13       Tech., Inc. v. Telemetrie Electronik, 212 F.R.D. 313, 319
         (E.D.N.C. 2002) (holding that Rule 30(a)(2)(B) does not
14       apply to Rule 30(b)(6) depositions).  For purposes of the
         present motion, however, it is unnecessary to resolve this
15       conflict in the law because the debate is purely academic
         and inconsequential.  *As Mattel has requested, Mattel's*
16       *motion is treated herein as a motion for leave to serve an*
         *additional 30(b)(6) notice with additional topics.*[34]
17

18   Notably, in granting Mattel the relief it had requested, the Discovery Master

19   considered, and deemed "purely academic and inconsequential" the very cases

20   espousing the "one deposition rule" that Mattel now holds out as an ineluctable rule

21   of law.  Needless to say, Mattel did not appeal the Discovery Master's order granting

22   the discovery that it sought, or assert that the ruling was somehow "clearly

23   erroneous."  It should not be permitted to do so here.

24   _____

25   [32]    *See* Docket No. 1013: Order Granting in Part and Denying in Part Mattel's
     Motion to Compel MGA to Produce Witnesses Pursuant to Third Notice of
26   Deposition Under Rule 30(b)(6); Denying Request for Sanctions, at 12.

27   [33]    *Id.*

     [34]    *Id.* at 6 (emphasis added).

28

**B.     The Discovery Master's Finding That MGA's Topics Are Not Duplicative Or Cumulative Was Neither Clearly Erroneous Nor Contrary To Law.**

The Discovery Master's rulings may be overturned only if found to be "clearly erroneous" or "contrary to law."  Fed. R. Civ. P. 72(a); *see also* Motion at 4.  Mattel has plainly failed to meet its burden of proving either here.  Mattel's objections fail in two critical respects:  (i) Mattel offers *no* grounds whatsoever to support its assertion that 19 of the 23 Topics in dispute are duplicative or cumulative; and (ii) as for the *four* remaining Topics, Mattel has failed to demonstrate that they are duplicative or cumulative of topics in Carter Bryant's 30(b)(6) notice.

**1.     Mattel's Failure To Offer *Any* Support For Its Objections To 19 Of The 23 Topics In Dispute Is Dispositive.**

Mattel offers no basis whatsoever for its wholly conclusory assertion that Topic Nos. 8, 12, 14, 15, 17, 18, 19, 20, 24, 26, 28, 29, 30, 32, 39, 48, 58, 69 and 70 are duplicative or cumulative.[35]  Because Mattel has not even attempted to satisfy its burden as to those Topics, its objections *must* be overruled.  *See Sekiya v. Gates*, 508 F.3d 1198, 1200 (9th Cir. 2007) ("Bare assertions and lists of facts unaccompanied by analysis . . . fall far short of the requirement that counsel present . . . contentions and the reasons for them"); *Kohler v. Inter-Tel Technologies*, 244 F.3d 1167, 1182 (9th Cir. 2001) (issues raised in a brief that are not supported by argument are deemed abandoned); *Indep. Towers of Washington v. State of Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (a position unaccompanied by reasoning is deemed abandoned); *see also* C.D. Cal. Local Rule 72-2.1 ("Any party objecting under F.R.Civ.P. 72(a) to a Magistrate Judge's ruling on a pretrial matter not dispositive of

---

[35]     Motion, *passim*.

1  a claim or defense *must* file a motion . . . designating the specific portions of the

2  ruling objected to and stating the grounds for the objection").[36]

3       **2.     Mattel Has Failed To Meet Its Burden Of Demonstrating**
               **That The Four Remaining Topics Are Duplicative Or**
4              **Cumulative.**

5       Given Mattel's pattern throughout this litigation of blocking MGA's efforts to

6  seek discovery regarding its statute of limitations and laches defenses, it is hardly

7  surprising that the four Topics to which Mattel most stridently objects – Topic Nos. 9,

8  11, 13 and 16 – relate to those defenses.[37]  Mattel's objections are futile.  As the

9  Discovery Master properly noted, any overlap between those four Topics and the

10 topics in Carter Bryant's Rule 30(b)(6) notice "is not so substantial as to render the

11 topics duplicative or cumulative."  (Order at 4.)

12      Mattel's assertion that Topic No. 16 is duplicative is baseless on its face.

13 (Motion at 9-10.)  Whereas Bryant's Topic No. 41 concerned *only* the statements of

14 Mattel employees and former employees that appeared in a *Wall Street Journal*

15 article, MGA's Topic No. 16 seeks far more, including:  (i) Mattel's knowledge of

16 who made the statements; (ii) who provided any information contained in the

17 statements; (iii) the identity of designers that left Mattel in 2001; (iv) efforts by

18 Mattel to publicize the statements; (v) when Mattel first learned or became aware of

19

20 [36]    To be certain, Mattel cannot (as it attempts to do) merely refer this Court to its
   "Separate Statement" filed below with the Discovery Master.  (Motion at 16 n.26.)
21 As Mattel must and does concede, (*see* Motion at 4), this Court's review of the
   Discovery Master's factual findings is *not* de novo.  *See* Fed. R. Civ. P. 72(a).  Thus,
22 simply resubmitting the arguments that Mattel set forth in its "Separate Statement"
23 filing, which were rejected by the Discovery Master, (Order at 4), is insufficient
   because it provides no grounds to conclude that the Discovery Master was "clearly
24 erroneous" or acted "contrary to law."  *See TRW Inc. v. Andrews*, 534 U.S. 19, 34,
25 122 S. Ct. 441, 451, 151 L. Ed. 2d 339 (2001) (courts ordinarily will not consider
26 matters on appeal that are not "specifically and distinctly" raised and argued in the
   opening brief); *Kohler*, 244 F. 3d at 1182.
27 [37]    Motion at 9-16.

28

1  the statements; (vi) Mattel's response or reaction once it learned or became aware of

2  the statements; and (vii) any communications among Mattel employees regarding the

3  statements.  As the Discovery Master found, any overlap between these two topics

4  was minimal.

5       Mattel's argument as to Topic No. 9 is also without merit.  (Motion at 11.)

6  The discovery sought from MGA's Topic No. 9 and the discovery sought from

7  Bryant's Topic Nos. 8, 13 and 15 are, indeed, worlds apart.  MGA's Topic No. 9

8  seeks discovery related to, *inter alia*, Mattel's allegations in its *counterclaims against*

9  *MGA and Larian* about MGA's showing of Bratz prototypes to focus groups and

10 retailers in November 2000, Isaac Larian's involvement with Carter Bryant while

11 employed at Mattel, and the alleged concealment of facts that prevented Mattel from

12 discovering it was the true owner of Bratz.[38]  The Bryant Topics (nos. 8, 13, and 15),

13 on the other hand, were noticed before MGA was even a party to this litigation or

14 Mattel had asserted any counterclaims.[39]  Thus, Bryant Topic Nos. 8 and 13 focus on

15 the bases for Mattel's allegation that it owns Bratz in relation to Carter Bryant and

16 Topic No. 15 concerns Bryant's alleged misrepresentations upon his departure at

17 Mattel.  Once again, any overlap is insubstantial.  As the Discovery Master correctly

18 concluded after close examination, the topics theoretically overlap but not so

19 substantially as to result in duplicative or cumulative discovery.  (Order No. 4.)

20      Mattel's assertion that many of the issues raised in MGA's Rule 30(b)(6)

21 notice have been adequately addressed in prior 30(b)(6) depositions rings hollow.

22 (Motion at 8.)  Among other things, Mattel's argument fails to acknowledge:

23

24

25

26

---

27 [38]  *See* Ex. 1.

   [39]  *See* Ex. 2.

28

- The Discovery Master's and this Court's findings that Mattel had engaged in a *de facto* "abuse" of the discovery process by underpreparing its 30(b)(6) witnesses;[40]

- Mattel's hyper-aggressive assertion of the attorney-client privilege to preclude *any* discovery directed towards the state of the company's knowledge concerning the facts underlying its claims in the 2000-2002 time period;[41] and

- The inability of Mattel's principal 30(b)(6) witness, Kathleen Simpson-Taylor, to testify to any facts uncovered during Mattel's early investigations into Carter Bryant, MGA and Bratz.[42]

Thus, even assuming *arguendo* that MGA was previously afforded the opportunity to question Mattel 30(b)(6) witnesses on any of these topics – which MGA would dispute – those depositions were plainly inadequate.

## C.   The Discovery Master's Rejection of Mattel's Burden Argument Was Neither Clearly Erroneous Nor Contrary To Law.

With respect to Topic Nos. 8-9, 11-20, 26, 28-30, 39, 58, 69, and 70, Mattel makes *no* showing of how the Discovery Master purportedly committed clear error or acted contrary to law in denying its claims of undue burden.  As set forth above,

---

[40]   Ex. 12: January 3, 2008 Infante Hearing Tr. at 82-83; Docket No. 1524: Order Granting in Part MGA Entertainment, Inc.'s and Carter Bryant's Joint Notice of Motion to Compel re Mattel's Bandying of 30(b)(6) Witnesses (January 11, 2008); Docket No. 2113: Order Overruling Mattel's Objections to the Discovery Master's January 11,2 008 Order (February 11, 2008).

[41]   *See* MGA's Motion Objecting to Discovery Master's April 25, 2008 Order Denying MGA's Motion to Compel Discovery On Issues As To Which Mattel Waived the Attorney-Client and Work Product Privileges by Claim Assertion (filed under seal on April 29, 2008).

[42]   Declaration of Marcus R. Mumford (filed Apr. 29, 2008), Exs. E & P: Simpson-Taylor Depo. Tr. at 114:10-24, 168:2-16, 173:16-21, 184:19-24, 187:8-21, 190:3-23, 125:6-21, 219-25-220:25.

1    Mattel's burden objections must accordingly be overruled as to those Topics. *Supra*
2    at 11; *Indep. Towers*, 350 F.3d at 929; C.D. Cal. Local Rule 72-2.1.[43]

3          As for Topic Nos. 24, 32, and 48, the Discovery Master correctly rejected
4    Mattel's burden arguments.[44]  As an initial matter, Mattel's dubious and last-minute
5    claim that preparing witnesses for the ordered deposition(s) "would take many weeks,
6    if not months" – even if true – would not be a basis to deny MGA the discovery at
7    issue.  MGA served its 30(b)(6) notice of deposition *on September 5, 2007*.  (Ex. 1.)
8    Since that time, Mattel has gone to unspeakable lengths to block this deposition –
9    this appeal being no exception.  Thus, any hardship associated with preparing
10   witnesses that MGA sought to depose eight months ago is of Mattel's own making,
11   and MGA should not suffer the consequences of Mattel's dilatory tactics.  *See*
12   *Wachtel v. Guardian Life Ins. Co.*, 239 F.R.D. 376, 385-86 (D.N.J. 2006) (rejecting
13   argument that proposed discovery is unduly burdensome because defendants'
14   predicament was due largely to their own decisions to delay producing the
15   discovery).

16         When viewed in the context of this litigation, Mattel's claim of burden is even
17   less credible.  While MGA seeks testimony from one 30(b)(6) notice on only *23*
18   *topics*, Mattel has served MGA and its affiliates with six 30(b)(6) notices on *291*
19   *topics*, and taken 170 hours of 30(b)(6) testimony over 25 days from 11 witnesses.
20   Thus, as the Discovery Master pointedly observed, "[i]n light of the enormous
21   breadth and burden of the deposition testimony Mattel has sought from MGA,
22   Mattel's objection based upon burden is unpersuasive."[45]

23

24   [43]    As discussed supra in footnote 36, Mattel's mere reliance on its "Separate
25   Statement" is insufficient to meet its burden on appeal.
     [44]    Docket No. 3110: Order, at 4.
26   [45]    Docket No. 3110: Order at 4.  Notably, the Discovery Master reached this
27   conclusion after a thorough, concentrated review inasmuch as he denied testimony as
     to four topics (not appealed by MGA) on the basis of burden. *Id.*
28

**D.   The Court's Summary Judgment Ruling Does Not Moot Any Of MGA's 30(b)(6) Deposition Topics.**

Mattel is wrong to argue that the Court's summary judgment ruling somehow "moots" the Discovery Master's ruling with respect to 30(b)(6) topics that cover Mattel's agreements with its employees. (Motion at 22-23.)   As an initial matter, Mattel's objections on this basis concern only *one* of the 23 topics compelled by the Discovery Master. (*Id.* (identifying only Topic No. 26 as being precluded by the Court's Order).)   More significantly, Mattel's objections ignore the fact that the Court's summary judgment ruling *expressly deferred* any summary judgment ruling until after trial – and the presentation of evidence – on MGA's and Bryant's affirmative defenses of abandonment, waiver, acquiescence, and estoppel, among others.   (Docket No. 3286: 4/25/08 Order at 8.)   Topic No. 26 seeks testimony related to these affirmative defenses, as well as various other aspects of Mattel's claims.   Finally, Mattel's argument ignores the fact that, as Carter Bryant's counsel had previously informed counsel for Mattel, Mr. Bryant has sought reconsideration or certification for appeal of the Court's summary judgment ruling.[46]   Mattel's "mootness" argument should therefore be summarily denied.[47]

---

[46]   Docket No. 3431: Carter Bryant's Notice of Motion and Motion for Certification of Interlocutory Appeal Under 28 U.S.C. § 1292(B) or for Reconsideration (May 2, 2008).

[47]   Mattel's argument that MGA's Rule 30(b)(6) notice seeks discovery of Phase II issues is similarly without merit. *See* Topic Nos. 8, 28-30 (addressing damages); Topic Nos. 9, 11-17, 32 and 39 (statute of limitations and laches); Topic Nos. 18-20, 24 and 26 (Phase I affirmative defenses); and Topic Nos. 48, 58, 69-70 (addressing hybrid of damages, statute of limitations and laches, and MGA's affirmative defenses).

1

## CONCLUSION

2

3     For the foregoing reasons, MGA respectfully requests that the Court deny

4  Mattel's motion objecting to the Discovery Master's April 11, 2008 Order.

5

6  DATED:  May 2, 2008

7

8                              SKADDEN, ARPS, SLATE, MEAGHER &
                              FLOM, LLP

9

10                             By: /s/ Thomas J. Nolan
                                  Thomas J. Nolan
11                                Attorneys for MGA Entertainment, Inc.,
                                  Isaac Larian, MGA Entertainment (HK)
12                                Limited, and MGAE de Mexico S.R.L. de
                                  C.V.
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28