QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   John B. Quinn (Bar No. 090378)
   johnquinn@quinnemanuel.com
   Michael T. Zeller (Bar No. 196417)
   (michaelzeller@quinnemanuel.com)
   Jon D. Corey (Bar No. 185066)
   (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:   (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br>_____<br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. Stephen G. Larson<br><br>**JOINT PROPOSED JURY INSTRUCTIONS**<br><br>**Phase 1:**<br><br>Pre-Trial Conference:   May 19, 2008<br>Trial Date:                 May 27, 2008 |

1    The parties hereby submit their joint proposed jury instructions for Phases

2  1A and 1B of the trial in this matter. The parties request and reserve the right to

3  amend, modify, withdraw and/or supplement the following instructions before or

4  during the trial of this matter. The parties intend to submit further proposed jury

5  instructions depending upon and based upon rulings issued in connection with the

6  parties' pending motions for partial summary judgment, any motions in limine or

7  other pre-trial or trial motions, and the evidence and theories proffered by the

8  parties during the course of the trial. *See Fed. R. Civ. P.* 51(a).

9

10  DATED:  May 5, 2008                     QUINN EMANUEL URQUHART OLIVER &
                                                                    HEDGES, LLP
11

12

13                                              By
                                                       Jon D. Corey
14                                                   Attorneys for Mattel, Inc.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## INDEX

| Number | Title | Source | Page |
|--------|-------|--------|------|
| 1.13 | NO TRANSCRIPT AVAILABLE TO JURY | 9th Cir. Civ. Jury Instr. 1.13 (2007). | 1 |
| 1.14 | TAKING NOTES | 9th Cir. Civ. Jury Instr. 1.14 (2007). | 2 |
| 1.19 | OUTLINE OF TRIAL | 9th Cir. Civ. Jury Instr. 1.19 (2007). | 3 |
| 1.10 | RULING ON OBJECTIONS | 9th Cir. Civ. Jury Instr. 1.10 (2007). | 4 |
| 1.12 | CONDUCT OF THE JURY | 9th Cir. Civ. Jury Instr. 1.12 (2007). | 5 |
| 1.1C | DUTY OF JURY | 9th Cir. Civ. Jury Instr. 1.1C (2007). | 6 |
| 1.3 | BURDEN OF PROOF-PREPONDERANCE OF THE EVIDENCE | 9th Cir. Civ. Jury Instr. 1.3 (2007); Judicial Council of California Civil Jury Instructions (2007) ("CACI"), No. 200. | 7 |
| 1.4 | BURDEN OF PROOF - CLEAR AND CONVINCING EVIDENCE | 9th Cir. Civ. Jury Instr. 1.4 (2007); CACI No. 201. | 8 |
| 1.5 | TWO OR MORE PARTIES—DIFFERENT LEGAL RIGHTS | Ninth Circuit Manual of Model Jury Instructions, Civil, 1.5 (2007) | 9 |
| 1.6 | WHAT IS EVIDENCE | 9th Cir. Civ. Jury Instr. 1.6 (2007). | 10 |
| 1.7 | WHAT IS NOT EVIDENCE | 9th Cir. Civ. Jury Instr. 1.7 (2007). | 11 |
| 1.8 | EVIDENCE FOR LIMITED PURPOSE | 9th Cir. Civ. Jury Instr. 1.8 (2007). | 12 |
| 1.9 | DIRECT AND CIRCUMSTANTIAL EVIDENCE | 9th Cir. Civ. Jury Instr. 1.9 (2007). | 13 |
| 2.02 | FAILURE TO PRODUCE AVAILABLE STRONGER EVIDENCE | BAJI § 202 (2008). | 14 |
| 1.11 | CREDIBILITY OF WITNESSES | 9th Cir. Civ. Jury Instr. 1.11 (2007). | 15 |
| 1.16 | JURY TO BE GUIDED BY OFFICIAL ENGLISH | 9th Cir. Civ. Jury Instr. 1.16 (2007). | 16 |

77023.3

| Number | Title | Source | Page |
|---|---|---|---|
|  | TRANSLATION/INTERPRETATION |  |  |
| 1.17 | USE OF INTERPRETERS IN COURT | 9th Cir. Civ. Jury Instr. 1.17 (2007). | 17 |
| 1.18 | BENCH CONFERENCES AND RECESSES | 9th Cir. Civ. Jury Instr. 1.18 (2007). | 18 |
| 2.2 | STIPULATIONS OF FACT | 9th Cir. Civ. Jury Instr. 2.2 (2007). | 19 |
| 2.3 | JUDICIAL NOTICE | 9th Cir. Civ. Jury Instr. 2.3 (2007). | 20 |
| 2.4 | DEPOSITION IN LIEU OF LIVE TESTIMONY | 9th Cir. Civ. Jury Instr. 2.4 (2007). | 21 |
| 2.5 | TRANSCRIPT OF TAPE RECORDING | 9th Cir. Civ. Jury Instr. 2.5 (2007). | 22 |
| 2.8 | IMPEACHMENT EVIDENCE—WITNESS | 9th Cir. Civ. Jury Instr. 2.8 (2007). | 23 |
| 2.10 | USE OF INTERROGATORIES OF A PARTY | 9th Cir. Civ. Jury Instr. 2.10 (2007). | 24 |
| MSJI No. | USE OF ADMISSIONS OF A PARTY | *Fed. R. Civ. P.* 36(b). | 25 |
| 2.11 | EXPERT OPINION | 9th Cir. Civ. Jury Instr. 2.11 (2007). | 26 |
| 2.12 | CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE | 9th Cir. Civ. Jury Instr. 2.12 (2007). | 27 |
| 2.13 | CHARTS AND SUMMARIES IN EVIDENCE | 9th Cir. Civ. Jury Instr. 2.13 (2007). | 28 |
| 2.14 | EVIDENCE IN ELECTRONIC FORMAT | 9th Cir. Civ. Jury Instr. 2.14 (2007). | 29 |
| 3.1 | DUTY TO DELIBERATE | 9th Cir. Civ. Jury Instr. 3.1 (2007). | 31 |
| 3.2 | COMMUNICATION WITH COURT | 9th Cir. Civ. Jury Instr. 3.2 (2007). | 32 |
| 3.3 | RETURN OF VERDICT | 9th Cir. Civ. Jury Instr. 3.3 (2007). | 33 |
| 4.1 | CORPORATIONS AND PARTNERSHIPS—FAIR TREATMENT | 9th Cir. Civ. Jury Instr. 4.1 (2007). | 34 |

77023.3

| Number | Title | Source | Page |
|---|---|---|---|
| DSJI No. ___ | SUBSTANTIAL FACTOR TEST | *Shawmut Bank, N.S. v. Kress Assocs.*, 33 F.3d 1477, 1494 & n.15 (9th Cir. 1994); *Espinosa v. Little Co. of Mary Hosp.*, 31 Cal. App. 4th 1304, 1314 (1995); *Bruckman v. Parliament Escrow Corp.*, 190 Cal. App. 3d 1051, 1063 (1987); *see also 5 Corbin on Contracts*, § 999 (1964). | 35 |
| 17.20 | DERIVATIVE LIABILITY—VICARIOUS INFRINGEMENT—ELEMENTS AND BURDEN OF PROOF | 9th Cir. Civ. Jury Instr. 17.20 (2007). | 36 |

77023.3

# PHASE 1(a) JURY INSTRUCTIONS

## Instructions to Be Read When Trial Begins

## 1.13

## NO TRANSCRIPT AVAILABLE TO JURY

During deliberations, you will have to make your decision based on what you recall of the evidence. You will not have a transcript of the trial. I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

**Authority:**  9th Cir. Civ. Jury Instr. 1.13 (2007).

## 1.14

## TAKING NOTES

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you. When you leave, your notes should be left in the courtroom. No one will read your notes. They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

**Authority:** 9th Cir. Civ. Jury Instr. 1.14 (2007).

## 1.19

## OUTLINE OF TRIAL

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

**Authority:**  9th Cir. Civ. Jury Instr. 1.19 (2007).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## 1.10

## RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

**Authority:**  9th Cir. Civ. Jury Instr. 1.10 (2007).

## 1.12

## CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, you are not to discuss this case with anyone, including members of your family, people involved in the trial, or anyone else; this includes discussing the case in internet chat rooms or through internet "blogs," internet bulletin boards or by e-mails or texts. Nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately;

Second, do not read or listen to any news stories, articles, radio, television, or online reports about the case or about anyone who has anything to do with it;

Third, do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own;

Fourth, if you need to communicate with me simply give a signed note to the bailiff to give to me; and

Fifth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

Finally, until this case is given to you for your deliberation and verdict, you are not to discuss the case with your fellow jurors.


**Authority:**  9th Cir. Civ. Jury Instr. 1.12 (2007).

## 1.1C

## DUTY OF JURY

### Instructions on the Trial Process

### (Court Reads and Provides Written Instructions at End of Case)

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you as to the law of the case.

A copy of these instructions will be sent with you to the jury room when you deliberate.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence of what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**Authority:** 9th Cir. Civ. Jury Instr. 1.1C (2007).

## 1.3

## BURDEN OF PROOF-PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

In criminal trials, the prosecution must prove that the defendant is guilty beyond a reasonable doubt. But in civil trials, such as this one, the party who is required to prove something need prove only that it is more likely to be true than not true.

**Authority:** 9th Cir. Civ. Jury Instr. 1.3 (2007); Judicial Council of California Civil Jury Instructions (2007) ("CACI"), No. 200.

## 1.4

## BURDEN OF PROOF - CLEAR AND CONVINCING EVIDENCE

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means you must be persuaded by the evidence that the claim or defense is highly probable. This is a higher standard of proof than proof by a preponderance of the evidence.

You should base your decision on all of the evidence, regardless of which party presented it. I will tell you specifically which facts must be proved by clear and convincing evidence.

**Authority:**  9th Cir. Civ. Jury Instr. 1.4 (2007); CACI No. 201.

## 1.5

## TWO OR MORE PARTIES—DIFFERENT LEGAL RIGHTS

You should decide the case as to each defendant separately. Unless otherwise stated, the instructions apply to all parties.

**Authority:** 9th Cir. Civ. Jury Instr. 1.5 (2007).

## 1.6

## WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

(1)  The sworn testimony of any witness;

(2)  The exhibits which are received into evidence; and

(3)  Any facts to which the lawyers have agreed.


**Authority:**  9th Cir. Civ. Jury Instr. 1.6 (2007).

## 1.7

## WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you.

(1)     Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)     Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

(3)     Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition sometimes testimony and exhibits are received only for a limited purpose; when I have given a limiting instruction, you must follow it.

(4)     Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

**Authority:**  9th Cir. Civ. Jury Instr. 1.7 (2007).

## **1.8**

## **EVIDENCE FOR LIMITED PURPOSE**

Some evidence may be admitted for a limited purpose only.

When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

The testimony you are about to hear may be considered only for the limited purpose of [*describe purpose*] and for no other purpose.

**Authority:** 9th Cir. Civ. Jury Instr. 1.8 (2007).

# 1.9

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

**Authority:** 9th Cir. Civ. Jury Instr. 1.9 (2007).

## 2.02

## FAILURE TO PRODUCE AVAILABLE STRONGER EVIDENCE

If weaker and less satisfactory evidence is offered by a party, when it was within that party's ability to produce stronger and more satisfactory evidence, the evidence offered should be viewed with distrust.

**Authority:** BAJI § 2.02 (2008).

## 1.11

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

　　　(1)　　the opportunity and ability of the witness to see or hear or know the things testified to;

　　　(2)　　the witness's memory;

　　　(3)　　the witness's manner while testifying;

　　　(4)　　the witness's interest in the outcome of the case and any bias or prejudice;

　　　(5)　　whether other evidence contradicted the witness's testimony;

　　　(6)　　the reasonableness of the witness's testimony in light of all the evidence; and

　　　(7)　　any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

**Authority:** 9th Cir. Civ. Jury Instr. 1.11 (2007).

1

## **1.16**

2

## **JURY TO BE GUIDED BY OFFICIAL ENGLISH**

3

## **TRANSLATION/INTERPRETATION**

4

5    Languages other than English may be used during this trial.

6    The evidence to be considered by you is only that provided through the

7 official court translators.  Although some of you may know *[language to be used]*,

8 it is important that all jurors consider the same evidence.  Therefore, you must

9 accept the English translation.  You must disregard any different meaning.

10

11    **Authority:**  9th Cir. Civ. Jury Instr. 1.16 (2007).

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## 1.17

## USE OF INTERPRETERS IN COURT

You must not make any assumptions about a witness or a party based solely upon the use of an interpreter to assist that witness or party.

**Authority:**  9th Cir. Civ. Jury Instr. 1.17 (2007).

## 1.18

## BENCH CONFERENCES AND RECESSES

From time to time during the trial, it became necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury was present in the courtroom, or by calling a recess. Please understand that while you were waiting, we were working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we have done what we could to keep the number and length of these conferences to a minimum. I did not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**Authority:** 9th Cir. Civ. Jury Instr. 1.18 (2007).

## 2.2

## STIPULATIONS OF FACT

The parties have agreed to certain facts to be placed in evidence as Exhibit ___. You should therefore treat these facts as having been proved.

**Authority:**  9th Cir. Civ. Jury Instr. 2.2 (2007).

## 2.3

## JUDICIAL NOTICE

The court has decided to accept as proved the fact that [*state fact*], even though no evidence has been introduced on the subject.  You must accept this fact as true.

**Authority:**  9th Cir. Civ. Jury Instr. 2.3 (2007).

## 2.4

## DEPOSITION IN LIEU OF LIVE TESTIMONY

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

The depositions of a number of witnesses were taken in this case. You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

**Authority:** 9th Cir. Civ. Jury Instr. 2.4 (2007).

## 2.5

## TRANSCRIPT OF TAPE RECORDING

You are about to listen to a tape recording that has been received in evidence. Please listen to it very carefully. Each of you has been given a transcript of the recording to help you identify speakers and as a guide to help you listen to the tape. However, bear in mind that the tape recording is the evidence, not the transcript. If you hear something different from what appears in the transcript, what you heard is controlling. After the tape has been played, the transcript will be taken from you.

**Authority:** 9th Cir. Civ. Jury Instr. 2.5 (2007).

## 2.8

## IMPEACHMENT EVIDENCE—WITNESS

The evidence that a witness has lied under oath on a prior occasion or given inconsistent testimony under oath may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

**Authority:**  9th Cir. Civ. Jury Instr. 2.8 (2007).

1

## 2.10

2

## USE OF INTERROGATORIES OF A PARTY

3

4          Evidence has been presented to you in the form of answers of one of the

5   parties to written interrogatories submitted by the other side.  These answers have

6   been given in writing and under oath, before the actual trial, in response to

7   questions that were submitted in writing under established court procedures.  You

8   should consider the answers, insofar as possible, in the same way as if they were

9   made from the witness stand by the party that responded to the written

10  interrogatories.

11

12          **Authority:**  9th Cir. Civ. Jury Instr. 2.10 (2007).

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. Case No. CV 04-9049 SGL (RNBx)
JOINT PROPOSED JURY INSTRUCTIONS

# MATTEL'S SPECIAL JURY INSTRUCTION NO. __
## USE OF ADMISSIONS OF A PARTY

Evidence has been presented to you in the form of admissions of one of the parties to written requests submitted by the other side. These answers have been given in writing and under oath, before the actual trial, in response to requests that were submitted in writing under established court procedures. The matters admitted are deemed conclusively established as to the party that made the admission.

**Authority:** *Fed. R. Civ. P.* 36(b).

## 2.11

## EXPERT OPINION

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

**Authority:** 9th Cir. Civ. Jury Instr. 2.11 (2007).

## 2.12

## CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE

Certain charts and summaries not received in evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case.  They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

**Authority:**  9th Cir. Civ. Jury Instr. 2.12 (2007).

## 2.13

## CHARTS AND SUMMARIES IN EVIDENCE

Certain charts and summaries have been received into evidence to illustrate information brought out in the trial.  Charts and summaries are only as good as the underlying evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

**Authority:**  9th Cir. Civ. Jury Instr. 2.13 (2007).

## 2.14

## EVIDENCE IN ELECTRONIC FORMAT

Those exhibits capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room. A computer, projector, printer and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits. You will also be provided with a paper list of all exhibits received in evidence. (Alternatively, you may request a paper copy of an exhibit received in evidence by sending a note through the bailiff.) If you need additional equipment or supplies, you may make a request by sending a note.

In the event of any technical problem, or if you have questions about how to operate the computer or other equipment, you may send a note to the bailiff, signed by your foreperson or by one or more members of the jury. Be as brief as possible in describing the problem and do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a bailiff may enter the jury room with a court technician for the sole purpose of assuring that the only matter that is discussed is the technical problem. When the court technician or any non-juror is in the jury room, the jury shall not deliberate. No juror may say anything to the court technician or any non-juror other than to describe the technical problem or to seek information about operation of equipment. Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case. You may not use the

1 computer for any other purpose.  At my direction, technicians have taken steps to
2 make sure that the computer does not permit access to the Internet or to any
3 "outside" website, database, directory, game, or other material.  Do not attempt to
4 alter the computer to obtain access to such materials.  If you discover that the
5 computer provides or allows access to such materials, you must inform me
6 immediately and refrain from viewing such materials.  Do not remove the
7 computer or any electronic data from the jury room, and do not copy any such data.

9 **Authority:**  9th Cir. Civ. Jury Instr. 2.14 (2007).

## 3.1

## DUTY TO DELIBERATE

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.


**Authority:**  9th Cir. Civ. Jury Instr. 3.1 (2007).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## 3.2

## COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

**Authority:**  9th Cir. Civ. Jury Instr. 3.2 (2007).

### 3.3

### RETURN OF VERDICT

A verdict form has been prepared for you. [*Any explanation of the verdict form may be given at this time.*] After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

**Authority:** 9th Cir. Civ. Jury Instr. 3.3 (2007).

## 4.1

## CORPORATIONS AND PARTNERSHIPS—FAIR TREATMENT

All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

**Authority:**  9th Cir. Civ. Jury Instr. 4.1 (2007).

# DEFENDANTS' SPECIAL JURY INSTRUCTION NO. ___

## SUBSTANTIAL FACTOR TEST

The law defines cause in its own particular way.  A cause of injury, damage, loss or harm is something that is a substantial factor in bringing about an injury, damage, loss or harm.

A "substantial factor" is something which is more than a slight, trivial, negligible, or theoretical factor in producing a particular result.

**Authority:**  *Shawmut Bank, N.S. v. Kress Assocs.*, 33 F.3d 1477, 1494 & n.15 (9th Cir. 1994); *Espinosa v. Little Co. of Mary Hosp.*, 31 Cal. App. 4th 1304, 1314 (1995); *Bruckman v. Parliament Escrow Corp.*, 190 Cal. App. 3d 1051, 1063 (1987); *see also 5 Corbin on Contracts*, § 999 (1964).

# PHASE 1(b) JURY INSTRUCTIONS

## 17.20

# DERIVATIVE LIABILITY—VICARIOUS INFRINGEMENT— ELEMENTS AND BURDEN OF PROOF

If you find that MGA infringed Mattel's copyright in the Bratz works, you may consider Mattel's claim that MGA's CEO Isaac Larian vicariously infringed that copyright. Mattel has the burden of proving each of the following by a preponderance of the evidence:

1.      Mr. Larian profited directly from the infringing activity of MGA;

2.      Mr. Larian had the right and ability to supervise/control the infringing activity of MGA; and

3.      Mr. Larian failed to exercise that right and ability.

If you find that Mattel proved each of these elements, your verdict should be for Mattel if you also find that MGA infringed Mattel's copyright. If, on the other hand, Mattel has failed to prove any of these elements, your verdict should be for the defendant.

**Authority:**  9th Cir. Civ. Jury Instr. 17.20 (2007).