QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
John B. Quinn (Bar No. 090378)
(johnquinn@quinnemanuel.com)
Michael T. Zeller (Bar No. 196417)
(michaelzeller@quinnemanuel.com)
Jon D. Corey (Bar No. 185066)
(joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

CARTER BRYANT, an individual,

Plaintiff,

vs.

MATTEL, INC., a Delaware corporation,

Defendant.

AND CONSOLIDATED ACTIONS

CASE NO. CV 04-9049 SGL (RNBx)
Consolidated with
Case Nos. CV 04-09059 & CV 05-2727

**DISCOVERY MATTER**

Hon. Stephen G. Larson

[PUBLIC REDACTED] DECLARATION OF CHRISTOPHER TAYBACK IN SUPPORT OF MATTEL, INC.'S OPPOSITION TO ANA ELISE CLOONAN'S MOTION OBJECTING TO PORTIONS OF DISCOVERY MASTER'S APRIL 11, 2008 ORDER REGARDING A FURTHER EXAMINATION OF MS. CLOONAN'S COMPUTER AND ZIP DISK

Hearing Date: May 19, 2008
Time: 10:00 a.m.
Place: Courtroom 1

**Phase 1**
Discovery Cut-Off: January 28, 2008
Pre-Trial Conference: May 5, 2008
Trial Date: May 27, 2008

DECLARATION OF CHRISTOPHER TAYBACK

I, Christopher Tayback, declare as follows:

1. I am a member of the bar of the State of California, admitted to practice in the Central District of California and elsewhere, and a partner at Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for Mattel, Inc. ("Mattel"). Except where otherwise indicated, I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

2. Beginning on December 20, 2007 and continuing through to January 11, 2008, I met and conferred with Larry McFarland, counsel to parties Elise Cloonan, Margaret Hatch-Leahy and Veronica Marlow, in connection with the relief Mattel seeks herein. On January 11, 2008, Mr. McFarland refused to provide Mattel any of the relief it requests herein.

3. Attached hereto as Exhibit 1 are true and correct copies of excerpts of the deposition of Carter Bryant taken November 4 and 5, 2004.

4. Attached hereto as Exhibit 2 are true and correct copies of excerpts of the deposition of Anna Rhee, taken February 3, 2005.

5. Attached hereto as Exhibit 3 are true and correct copies of excerpts of the deposition of Elise Cloonan, taken December 14, 2007.

6. Attached hereto as Exhibit 4 is the subpoena for documents served on Elise Cloonan.

7. Attached hereto as Exhibit 5 is a true and correct copy of correspondence between counsel for Ms. Hatch-Leahy and Ms. Cloonan and counsel for Matter dated December 17, 2007.

8. Attached hereto as Exhibit 6 is a true and correct copy of correspondence between counsel for Mattel and counsel for Ms. Cloonan reflecting the computer document protocol for searching Ms. Cloonan's computer documents initially.

9. Attached hereto as Exhibit 7 is a true and correct copy of correspondence from counsel for Ms. Hatch-Leahy agreeing to apply the protocol her computer documents.

10. Attached hereto as Exhibit 8 is a true and correct copy of a letter from Larry McFarland to Michael Zeller dated October 26, 2007.

11. Attached hereto as Exhibit 9 is a true and correct copy of an email I sent to Larry McFarland on January 9, 2008 regarding our meet and confer on the issues raised by Mattel's *Ex Parte* Application to (1) Compel Production of Electronic Media From Third-Parties Elise Cloonan, Margaret Hatch-Leahy and Veronica Marlow or (2) in the Alternative, Modify the Scheduling Order. Thereafter, I was notified that Mr. McFarland rejected all of the proposals I made in our meet and confer.

12. Shortly after I became aware of the discovery of the label "Bratz" on a zip disk in Ms. Cloonan's possession (which was disclosed to Mattel at her deposition on December 14, 2007), I contacted counsel for Ms. Cloonan by telephone to demand a copy of the label on the disk and to discuss the circumstances regarding it. Further, I requested at that time that we discuss Mattel's request to examine the full contents of the disk. He asked that I follow up with a letter, which I did, on December 20, 2007. Attached hereto as Exhibit 10 is a letter I wrote to Mr. McFarland addressing these issues.

13. I subsequently spoke to Mr. McFarland, and he advised me that he was largely un-reachable over the holidays and we would not be able to meaningfully discuss these issues until after January 1, 2008. He reiterated that position in a letter to me dated December 26, 2007, a copy of which is attached as Exhibit 11, and a letter dated January 2, 2008, attached hereto as Exhibit 12.

14. On January 4, 2008, I called Mr. McFarland, left a voicemail, and also sent an email to him seeking a date and time to meet and confer on the various issues raised by this ex parte application. Attached hereto as Exhibit 13 is a

true and correct copy of my email to him dated January 4, 2008. He responded on January 7, 2008, and advised that he would be available to meet and confer between 5 and 6 p.m. on January 9, 2008. I accepted that time. Attached hereto as Exhibit 14 is a true and correct copy of Mr. McFarland's response to me dated January 7, 2008.

15. On January 9, 2008, I telephonically conferred with Mr. McFarland regarding these issues. I discussed with him various alternatives for ensuring that Mattel received all of the relevant responsive information to which it was entitled. At that time, he indicated that he understood my proposal, and would discuss it with his clients, consider it, and let me know his decision.

16. One week later, on January 16, 2008, I understand that Mr. McFarland informed my colleague, Dylan Proctor, that Mr. McFarland was rejecting all of our proposals on the issues addressed herein. I subsequently sent Mr. McFarland an email acknowledging that I had received his response. Attached hereto as Exhibit 15 is a true and correct copy of my email to Mr. McFarland, dated January 17, 2008.

17. Attached hereto as Exhibit 16 is a true and correct copy of the single page document which counsel for Ms. Cloonan produced on December 4, 2007, as the only responsive document obtained from the zip disk in her possession labeled "Bratz."

18. Attached hereto as Exhibit 17 is a true and correct copy of a print-out from the webpage http://www.kmwlaw.com listing clients of Keats McFarland & Wilson, LLP.

19. Attached hereto as Exhibit 18 are true and correct copies of excerpts of the deposition of Richard Irmen, taken September 28, 2007.

20. Attached hereto as Exhibit 19 is a true and correct copy of the Summary of Findings of Forensic Analysis Report 1 of Mark J. Menz, dated February 10, 2008

21. Attached hereto as Exhibit 20 is are true and correct copies of excerpts of the deposition of Victoria O'Connor, taken December 6, 2004.

22. Attached hereto as Exhibit 21 is a true and correct copy of the Reporter's Transcript of Proceedings, February 28, 2008.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 5, 2008 at Los Angeles, California.

Christopher Tayback

BLUEBIRD (888) 477-

EXHIBIT 1

**THIS EXHIBIT IS FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

BLUEBIRD OFFICE SUPPLIES

EXHIBIT 2

**THIS EXHIBIT IS FILED UNDER SEAL
PURSUANT TO PROTECTIVE ORDER**

BLUEBIRD OFFICE SUPPLIES (888) www.blu

EXHIBIT 3

**THIS EXHIBIT IS FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

BLUEBIRD (888) OFFICE SUPPLIES www.blue

EXHIBIT 4

AO 88 (Rev. 11/94) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

Central DISTRICT OF California

MATTEL, INC., a Delaware Corporation

v.

CARTER BRYANT, an Individual; and DOES 1 through 10, inclusive

## SUBPOENA IN A CIVIL CASE

Case Number:[1] CV 04-9059 NM (RNBx)

TO: Elise Cloonan
1219 W. 160th Street
Gardena, CA 90247

[ ] YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

[ ] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

[X] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment "A"

| PLACE | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart Oliver & Hedges, LLP.<br>865 So. Figueroa Street, 10th Floor<br>Los Angeles, CA 90017 (213) 443-3000 | May 27, 2005<br>10:00 a.m. |

[ ] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Shane McKenzie<br>Attorney for Plaintiff, Mattel, Inc. | May 12, 2005 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER

SHANE H. McKENZIE, ESQ., Quinn Emanuel Urquhart Oliver & Hedges, LLP.
865 So. Figueroa Street, 10th Floor, Los Angeles, CA 90017 (213) 443-3000

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

EXHIBIT 4

PAGE 64

AO-88

AO 88 (Rev. 11/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

SERVED ON (PRINT NAME) MANNER OF SERVICE

SERVED BY (PRINT NAME) TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ______________________
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or the demanding party to contest the claim.

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

EXHIBIT 4

PAGE 65

ATTACHMENT A

Documents And Tangible Things To Be Produced

I. DEFINITIONS.

1. "YOU" or "YOUR" means Elise Cloonan, and any other PERSON acting on YOUR behalf, pursuant to YOUR authority or subject to YOUR control.

2. "CARTER BRYANT" means Carter Bryant and any of his current or former agents, representatives, employees, attorneys, predecessors-in-interest and successors-in-interest, and any other PERSON acting on his behalf, pursuant to his authority or subject to his control.

3. "BRATZ" means any project ever known by that name (whether in whole or in part and regardless of what such project is or has been also called), any doll or any portion thereof that is now or has ever been known as, or sold or marketed under, the name "Bratz" (whether in whole or in part and regardless of what such doll is or has been also called) or that is now or has ever been sold or marketed as part of the "Bratz" line, and all DESIGNS and versions of such doll or any portion thereof.

4. "ANGEL" means any project ever known by that name (whether in whole or in part and regardless of what such project is or has been also called), any doll or any portion thereof that is now or has ever been known as, or sold or marketed under, the name "Angel" (whether in whole or in part and regardless of what such doll is or has been also called) or that is now or has ever been sold or marketed as part of the "Angel" line, and all DESIGNS and versions of such doll or any portion thereof.

5. "PRAYER ANGELS" means any project ever known by that name (whether in whole or in part and regardless of what such project is or has been also called), any doll or any portion thereof that is now or has ever been known as, or sold or marketed under, the name "Prayer Angels" (whether in whole or in part and regardless of what such doll is or has been also called) or that is now or has ever been sold or marketed as part of the "Prayer Angels" line, and all DESIGNS and versions of such doll or any portion thereof.

6. "MATTEL" means Mattel, Inc., any of its current or former employees, officers, directors, agents, representatives, attorneys, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any

other PERSON acting on its behalf, pursuant to its authority or subject to its control.

7. "MGA" means MGA Entertainment Inc., any of its current or former employees, officers, directors, agents, representatives, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

8. "TOON TEENS" means any project ever known by that name (whether in whole or in part and regardless of what such project is or has been also called), any doll or any portion thereof that is now or has ever been known as the name "Toon Teens" (whether in whole or in part and regardless of what such doll is or has been also called), and all DESIGNS and versions of such doll or any portion thereof.

9. "DESIGNS" means any and all works, designs, artwork, sketches, drawings, illustrations, representations, depictions, blueprints, schematics, diagrams, descriptions, sculptures, prototypes, models, samples, reductions to practice, developments, know-how, ideas, concepts, inventions and/or improvements, as well as all other items, things and DOCUMENTS in which any of the foregoing are or have been expressed, embodied, contained, fixed or reflected in any manner, whether in whole or in part.

10. "PERSON" or "PERSONS" means all natural persons, partnerships, corporations, joint ventures and any kind of business, legal or public entity or organization, as well as its, his or her agents, representatives, employees, officers and directors and any one else acting on its, his or her behalf, pursuant to its, his or her authority or subject to its, his or her control.

11. "DOCUMENT" means any "writing" or "recording" as defined in Federal Rule of Evidence 1001 and includes any tangible thing upon which any expression, communication or representation has been recorded, including but not limited to correspondence, e-mails, preliminary, intermediate or final drafts, memoranda, notes, reports of telephone or other oral conversations, audio or videotape recordings, computer tape, computer disk or storage media, computer printout, CD-ROM disk, optical storage disk, other electronic medium, and all other writings and recordings of any kind.

12. "COMMUNICATION" or "COMMUNICATIONS" means and includes any disclosure, transfer or exchange of information between two or more PERSONS, whether orally or in writing, including, without limitation, any conversation or discussion by means of meeting, letter, telephone, note,

EXHIBIT 4

PAGE 67

memorandum, telegraph, telex, telecopier, electronic mail, or any other electronic or other medium, including without limitation in written, audio or video form.

13. "REFERRING OR RELATING TO" means reflecting, identifying, describing, summarizing, evidencing, referencing, concerning, discussing or indicating in any way.

II. INSTRUCTIONS.

A. YOU are to produce all DOCUMENTS requested hereby that are in YOUR possession, custody and control.

B. If YOU contend that YOU are not required to produce certain DOCUMENTS called for by these requests on the grounds of a privilege or protection that YOU are not prepared to waive, in lieu of producing such DOCUMENTS identify each DOCUMENT and provide the following information:

1. The privilege or protection that you claim precludes disclosure;

2. The subject matter of the DOCUMENT (without revealing the content as to which the privilege or protection is claimed);

3. The date, author(s), addressee(s); and

4. Any additional facts on which YOU would base YOUR claim of privilege or protection.

C. YOU are required to identify any and all DOCUMENTS sought by this document request that have been destroyed.

D. YOU are required to identify the source of all DOCUMENTS produced, and the person for whom, or department, division or office for which, such DOCUMENTS are maintained.

E. Each DOCUMENT shall be produced in its original file folder, or in lieu thereof, any writing on the file folder from which each such DOCUMENT is taken shall be copied and appended to such DOCUMENT.

III. DOCUMENTS AND TANGIBLE THINGS TO BE PRODUCED.

1. All DOCUMENTS REFERRING OR RELATING TO BRATZ any time prior to December 31, 2001 (regardless of when such DOCUMENT was created, written, received or transmitted), including without limitation any work or services performed by YOU or any other PERSON on BRATZ prior to December 31, 2001.

2. All DOCUMENTS REFERRING OR RELATING TO ANGEL, including without limitation any work or services performed by YOU or any other PERSON on ANGEL.

3. All DOCUMENTS REFERRING OR RELATING TO PRAYER ANGELS, including without limitation any work or services performed by YOU or any other PERSON on PRAYER ANGELS.

4. All DOCUMENTS REFERRING OR RELATING TO any agreements or contracts between YOU and MGA, including without limitation all COMMUNICATIONS relating thereto.

5. All DOCUMENTS REFERRING OR RELATING TO any agreements or contracts REFERRING OR RELATING TO BRATZ, ANGEL and/or PRAYER ANGELS between YOU and any PERSON, including without limitation all COMMUNICATIONS relating thereto.

6. All DOCUMENTS REFERRING OR RELATING TO CARTER BRYANT.

7. All DOCUMENTS, including without limitation phone records, REFERRING OR RELATING TO COMMUNICATIONS between CARTER BRYANT, on the one hand, and YOU and/or MGA on the other hand.

8. All DOCUMENTS REFERRING OR RELATING TO Anna Rhee.

EXHIBIT 4

PAGE 69

9. All DOCUMENTS, including without limitation phone records, REFERRING OR RELATING TO COMMUNICATIONS between Anna Rhee, on the one hand, and YOU, MGA and/or CARTER BRYANT, on the other hand.

10. All DOCUMENTS REFERRING OR RELATING TO this litigation.

11. All DOCUMENTS REFERRING OR RELATING TO any work or services that YOU performed with, for or on behalf of any competitor of MATTEL, including without limitation MGA, during the term of YOUR MATTEL employment.

12. All DOCUMENTS REFERRING OR RELATING TO MGA, including without limitation all DOCUMENTS REFERRING OR RELATING TO any money or payment made by MGA to YOU.

13. All DOCUMENTS REFERRING OR RELATING TO any COMMUNICATIONS between YOU and MGA prior to June 11, 2002.

14. All DOCUMENTS, including without limitation phone records, REFERRING OR RELATING TO any COMMUNICATIONS between YOU and MGA after April 27, 2004.

15. All DOCUMENTS REFERRING OR RELATING TO TOON TEENS.

16. All doll heads, sculpts, prototypes, models, samples, molds and tangible items that were created, prepared or made, whether in whole or in part, prior to December 31, 2001 REFERRING OR RELATING TO BRATZ.

17. All doll heads, sculpts, prototypes, models, samples, molds and tangible items REFERRING OR RELATING TO ANGEL and/or PRAYER ANGELS.

BLUEBIRD OFFICE SUPPLIES (888) 47

EXHIBIT 5

# KEATS McFARLAND & WILSON LLP

ATTORNEYS AT LAW

TEL (310) 248-3830
FAX (310) 860-0363

9720 WILSHIRE BOULEVARD
PENTHOUSE SUITE
BEVERLY HILLS, CALIFORNIA 90212

www.kmwlaw.com

WRITER'S DIRECT DIAL
(310) 777-3750
WRITER'S EMAIL
lmcfarland@kmwlaw.com

December 17, 2007

VIA FACSIMILE
AND U.S. MAIL

Rick Albee
DataChasers, Inc.
PO Box 2861
Riverside, CA 92516-2861

FAX (951) 780-9199

Re: Mattel v. Bryant

Dear Rick,

I am writing to confirm that the forensic review of the computer belonging to Ms. Halpern, the computer and zip disk belonging to Ms. Cloonan, and the two hard disk drives belonging to Ms. Leahy (my client's "Property") is complete pursuant to the agreed upon protocol as set forth and agreed to in the letter from Ms. Wines dated September 13, 2007, a copy of which was previously provided to you.

This letter also confirms our telephone conversation this evening and serves to put you on written notice that you are not authorized to conduct any further examination of my clients' Property or to access, analyze or review my clients' Property in any manner.

Please contact me immediately to confirm your receipt of this letter.

Very truly yours,

Larry W. McFarland
KEATS McFARLAND & WILSON LLP

LWM/ccd
cc: Dylan Proctor
Chris Tayback

** TOTAL PAGE.02 **

KEATS McFARLAND & WILSON LLP
ATTORNEYS AT LAW
9720 WILSHIRE BOULEVARD
PENTHOUSE SUITE
BEVERLY HILLS, CALIFORNIA 90212
TELEPHONE (310) 248-3830
FAX (310) 860-0363

# FACSIMILE TRANSMITTAL SHEET

| | | | |
|---|---|---|---|
| **To:** | Dylan Proctor, Esq.<br>Chris Tayback | **From:** | Larry W. McFarland, Esq. |
| **Company:** | Quinn Emanuel Urquhart Oliver & Hedges, LLP | **Date:** | 12/17/2007 |
| **Fax No.:** | 213-443-3100 | **Pages:** | 2 |
| **Phone No.:** | 213-443-3000 | **Ref No.:** | 10595.1 |
| **Re:** | Mattel v. Bryant | | |

☐ URGENT ☐ FOR REVIEW ☐ PLEASE COMMENT ☐ PLEASE REPLY ☐ PLEASE RECYCLE

NOTES/COMMENTS:

Please see attached correspondence.

**PRIVACY NOTICE**

**THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW.**

If the reader of this message is not the intended recipient or the employee of agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, and return the original message to us at the above address via the U.S. Postal Service. Thank you.

EXHIBIT 5

BLUEBIRD OFFICE SUPPLIES (888) www.blu

EXHIBIT 6

**quinn emanuel** trial lawyers | los angeles
865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

September 13, 2007

VIA FACSIMILE AND U.S. MAIL

Larry McFarland, Esq.
Keats McFarland & Wilson LLP
9720 Wilshire Boulevard, Penthouse Suite
Beverly Hills, California 90212

Re: Mattel, Inc. v. Bryant et al.

Dear Mr. McFarland:

I follow-up on our telephone conversation today regarding the protocol for the inspection of computer hard drives and laptop computers. We propose the following:

- The expert will be from the following firm: DataChasers, Inc., Richard L. Albee, CEO, P.O. Box 2861, Riverside, California 92516, phone (877) 328-2392. DataChasers has not, to our knowledge, done any work for Mattel.
- Mattel will bear the costs of the expert.
- The computers shall be made available to the expert for imaging at your offices, but neither your lawyers nor your clients may be present for the imaging. No verbal directions may be given to the expert while he or she is working at your offices.
- The search terms to be used by the expert are attached on Attachment A. The expert will perform the search for responsive documents, including the computer's unallocated and file-slack space. The expert shall provide file- and system-level metadata for all such documents. The expert shall sign the protective order and

EXHIBIT 6

PAGE 73

quinn emanuel urquhart oliver & hedges, llp
NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX ...
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650...

agree to be bound by its confidentiality requirements. Access by the expert to information protected by the attorney-client privilege or work product doctrine shall not constitute a waiver of the privilege.

- Once the expert has made the mirror image of the hard drive, he or she will print out all documents and data collected in response to the search terms and Bates stamp the documents. Those documents will be provided to your office to pull for privilege. You will provide us with a privilege log sufficient to show the basis for withholding any documents. Within eleven (11) court days of the time that your office receives the documents and data that he or she has printed out, the expert will provide us with all such documents and data, including native files, except for any such documents or data for which privilege is asserted. You will serve upon us and the expert the privilege log identifying the documents or data, if any, to be withheld on privilege grounds within ten (10) court days of your receipt of the documents and data from the expert.

- The expert also will follow the same procedures as set forth above with respect to any documents or data relating to any alteration of the hard drives or data on the hard drives by, for example, providing a listing of all application programs and when they were installed, detailing whether there is any evidence of the presence or use of a data destruction program on the computer, evidence regarding the transfer of relevant documents to or from the computer via media or e-mail, and/or user account information present on the system.

- If there is any issue or question regarding the authenticity, correctness, integrity or completeness of any matter, including without limitation any document or data from the computers, this protocol does not foreclose Mattel from seeking production and inspection of any matter, including without limitation the original data, drives or documents.

Please sign below on behalf of your clients, Elise Cloonan and Sarah Halpern, if this is agreeable.

Very truly yours,

Susan Wines

SLW:wp
07209/2194393.1

______________________
Larry W. McFarland
Dated: September __, 2007

EXHIBIT 6

PAGE 74

## ATTACHMENT A - PROPOSED SEARCH TERMS

MGA Entertainment, Inc.
ABC International Traders, Inc.
MGA Entertainment (HK) Limited
Bandai
Hasbro
Tomy

Carter Bryant and/or family members
Richard Irmen and/or family members
Isaac Larian and/or family members
Farhad Larian and/or family members
Morad Zarabi and/or family members

Ana Elise Cloonan
Paula (Treantafalles) Garcia
Sarah Halpern
Rachel Harris
Rebecca (Becky) Harris
Margaret Hatch-Leahy
Daniel Leahy
Kerri Legg Brode
Barbara Malcolm
Veronica Marlowe
Victoria O'Connor
Maureen Mullen Chianese
Amy Myers
Anna Rhee
Mercedeh Ward

Bratz
Prayer Angels or Angel

EXHIBIT 6
PAGE 75

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

NEW YORK
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

LOS ANGELES
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

SAN FRANCISCO
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

SILICON VALLEY
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE

## FACSIMILE TRANSMISSION

3:37pm

**DATE:** September 13, 2007

**NUMBER OF PAGES, INCLUDING COVER:** 4

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Larry McFarland, Esq.<br>Keats McFarland & Wilson LLP | 310-248-3830 | 310-860-0363 |

**FROM:** Susan Wines

**RE:** Mattel v. Bryant, et al.

**MESSAGE:**

Please see attached.

FAXED
SEP 13 2007

07209/2143584.1

| CLIENT # | 7209 | ROUTE/ RETURN TO: | Yalonda J. Dekle | ☒ CONFIRM FAX ☒ INCLUDE CONF. REPORT |
|---|---|---|---|---|
| OPERATOR: | [signature] | CONFIRMED? | ☐ NO ☐ YES: ______ | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

EXHIBIT 6

Confirmation Report - Memory Send

Page : 001
Date & Time: 09-13-2007 03:31pm
Line 1 : 2134433100
Line 2 :
Machine ID : QUINN EMANUEL

Job number : 511

Date : 09-13 03:29pm

To : ☎9643#7209#13108600363

Number of pages : 004

Start time : 09-13 03:29pm

End time : 09-13 03:31pm

Pages sent : 004

Status : OK

Job number : 511 *** SEND SUCCESSFUL ***

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

NEW YORK
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

LOS ANGELES
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

SAN FRANCISCO
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

SILICON VALLEY
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

LOS ANGELES OFFICE

FACSIMILE TRANSMISSION

3:37pm

DATE: September 13, 2007    NUMBER OF PAGES, INCLUDING COVER: 4

| NAME/COMPANY | PHONE NO. | FAX NO. |
| --- | --- | --- |
| Larry McFarland, Esq.<br>Keats McFarland & Wilson LLP | 310-248-3830 | 310-860-0363 |

FROM: Susan Winos

RE: Mattel v. Bryant, et al.

MESSAGE:

Please see attached.

07209/2143384.1

CLIENT #: 7209    ROUTE/RETURN TO: Yalonda J. Dekle    ☒ CONFIRM FAX ☒ INCLUDE CONF. REPORT

OPERATOR: [signature]    CONFIRMED? ☐ No ☐ YES: ____

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

EXHIBIT 6

PAGE 77

Received: 9/27/07 1:06 ->Quinn,Emanuel,Urquhart,Olive H; #938; Page 2
SEP 27 2007 13:05 FR ATS MCFARLAND WILSO 3108600363 2945#10595#00001 P.02/03

KEATS McFARLAND & WILSON LLP
ATTORNEYS AT LAW

TEL (310) 248-3830
FAX (310) 860-0363

9720 WILSHIRE BOULEVARD
PENTHOUSE SUITE
BEVERLY HILLS, CALIFORNIA 90212

www.kmwlaw.com

WRITER'S DIRECT DIAL
(310) 777-3750
WRITER'S EMAIL
lmcfarland@kmwlaw.com

September 27, 2007

VIA FACSIMILE

Susan Wines, Esq.
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

Re: Mattel v. Bryant

Dear Susan:

I have executed and am enclosing the signature page to the letter agreement dated September 13, 2007, regarding the protocol for the inspection of computer hard drives and laptop computers for my clients, Elise Cloonan and Sarah Halpern.

Please call me should you have any questions.

Very truly yours,

Larry W. McFarland
Keats McFarland & Wilson LLP

LWM/jlt

Received: 9/27/07 1:05 ->Quinn,Emanuel,Urquhart,Oliv H; #938; Page 3
SEP 27 2007 13:05 FR ATS MCFARLAND WILSO 3108600363 2945#10595#00001 P.03/03

agree to be bound by its confidentiality requirements. Access by the expert to information protected by the attorney-client privilege or work product doctrine shall not constitute a waiver of the privilege.

- Once the expert has made the mirror image of the hard drive, he or she will print out all documents and data collected in response to the search terms and Bates stamp the documents. Those documents will be provided to your office to pull for privilege. You will provide us with a privilege log sufficient to show the basis for withholding any documents. Within eleven (11) court days of the time that your office receives the documents and data that he or she has printed out, the expert will provide us with all such documents and data, including native files, except for any such documents or data for which privilege is asserted. You will serve upon us and the expert the privilege log identifying the documents or data, if any, to be withheld on privilege grounds within ten (10) court days of your receipt of the documents and data from the expert.

- The expert also will follow the same procedures as set forth above with respect to any documents or data relating to any alteration of the hard drives or data on the hard drives by, for example, providing a listing of all application programs and when they were installed, detailing whether there is any evidence of the presence or use of a data destruction program on the computer, evidence regarding the transfer of relevant documents to or from the computer via media or e-mail, and/or user account information present on the system.

- If there is any issue or question regarding the authenticity, correctness, integrity or completeness of any matter, including without limitation any document or data from the computers, this protocol does not foreclose Mattel from seeking production and inspection of any matter, including without limitation the original data, drives or documents.

Please sign below on behalf of your clients, Elise Cloonan and Sarah Halpern, if this is agreeable.

Very truly yours,

Susan Wines

SLW:wp
07209/2194393.1

Larry W. McFarland
Dated: September 27 2007

EXHIBIT 6
PAGE 79

Received: 9/27/07 1:05P ->Quinn,Emanuel,Urquhart,Olive H; #938; Page 1
SEP 27 2007 13:05 FR KEATS MCFARLAND WILSO 3108600363 TO 2945#10595#00001 P.01/03

**KEATS McFARLAND & WILSON LLP**
ATTORNEYS AT LAW
9720 WILSHIRE BOULEVARD
PENTHOUSE SUITE
BEVERLY HILLS, CALIFORNIA 90212
TELEPHONE (310) 248-3830
FAX (310) 860-0363

# FACSIMILE TRANSMITTAL SHEET

| | | | |
|---|---|---|---|
| **To:** | Susan Wines, Esq. | **From:** | Larry W. McFarland, Esq. |
| **Company:** | Quinn Emanuel Urquhart Oliver & Hedges, LLP | **Date:** | 9/27/2007 |
| **Fax No.:** | 213-443-3100 | **Pages:** | 3 |
| **Phone No.:** | 213-443-3000 | **Ref No.:** | 10595.3 |
| **Re:** | Mattel v. Bryant | | |

☐ URGENT ☐ FOR REVIEW ☐ PLEASE COMMENT ☐ PLEASE REPLY ☐ PLEASE RECYCLE

NOTES/COMMENTS:

Please see attachment.

EXHIBIT 6

PAGE 80

**PRIVACY NOTICE**

THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW.

If the reader of this message is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, and return the original message to us at the above address via the U.S. Postal Service. Thank you.

BLUEBIRD OFFICE SUPPLIES

EXHIBIT 7

Received: 10/26/07 3:56PM; -> QUINN EMANUEL; Page 2
OCT 26 2007 15:59 FR KMS MCFARLAND WILSO 3108600363 TO 945#10595#00001 P.02/02

# KEATS McFARLAND & WILSON LLP

ATTORNEYS AT LAW

TEL (310) 248-3830
FAX (310) 860-0363

9720 WILSHIRE BOULEVARD
PENTHOUSE SUITE
BEVERLY HILLS, CALIFORNIA 90212

www.kmwlaw.com

WRITER'S DIRECT DIAL
(310) 777-3750
WRITER'S EMAIL
lmcfarland@kmwlaw.com

October 26, 2007

VIA FACSIMILE, E-MAIL, AND U.S. MAIL

Michael Zeller, Esq.
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

Re: Mattel v. Bryant

Dear Michael,

Pursuant to our agreed upon protocol for inspection of the computer hard drives of Margaret Leahy, Elise Cloonan, and Sarah Halpern, we have reviewed the Bates stamped documents received from Data Chasers, Inc. for privilege.

Our review did not reveal any documents which should be withheld for privilege. However, due to the manner in which the search terms were applied to each hard drive, many non-responsive documents were pulled by Data Chasers, Inc. For example, it appears as though each hard drive was searched using the particular owner's name, which inadvertently pulled many non-responsive documents containing personal emails that are not relevant to this case. For example, Ms. Cloonan's computer was searched for documents that contained her name. The result is that none of the documents located by the expert on Ms. Cloonan's computer relate in any way to the case.

Pursuant to the protocol, Data Chasers, Inc. will be providing you with all the documents and data, including the native files. I believe that after your review, you will agree that many of the documents are non-responsive and should be removed from the production accordingly. Please contact me to discuss this matter as soon as you have had a chance to review the documents. Please note though that all of these documents should be classified as **CONFIDENTIAL – ATTORNEYS' EYES ONLY.**

Very truly yours,

Larry W. McFarland
KEATS McFARLAND & WILSON LLP

LWM/ccd
cc: Rick Albee

EXHIBIT 7
PAGE 81

Received: 10/26/07 3:56PM -> QUINN EMANUEL; Page 1
OCT 26 2007 15:59 FR KEATS MCFARLAND WILSO 3108600363 TO 945#10595#00001 P.01/02

KEATS McFARLAND & WILSON LLP
ATTORNEYS AT LAW
9720 WILSHIRE BOULEVARD
PENTHOUSE SUITE
BEVERLY HILLS, CALIFORNIA 90212
TELEPHONE (310) 248-3830
FAX (310) 860-0363

# FACSIMILE TRANSMITTAL SHEET

| | | | |
|---|---|---|---|
| **To:** | Michael Zeller, Esq. | **From:** | Larry W. McFarland, Esq. |
| **Company:** | Quinn Emanuel Urquhart Oliver & Hedges, LLP | **Date:** | 10/26/2007 |
| **Fax No.:** | 213-443-3100 | **Pages:** | 2 |
| **Phone No.:** | 213-443-3000 | **Ref No.:** | 10595.1 |
| **Re:** | Mattel v. Bryant | | |

☐ URGENT ☐ FOR REVIEW ☐ PLEASE COMMENT ☐ PLEASE REPLY ☐ PLEASE RECYCLE

NOTES/COMMENTS:

Please see attached correspondence.

PRIVACY NOTICE

THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW.

If the reader of this message is not the intended recipient or the employee of agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, and return the original message to us at the above address via the U.S. Postal Service. Thank you.

EXHIBIT 7

PAGE 82

BLUEBIRD OFFICE SUPPLIES (888) 477-07

EXHIBIT 8



RECEIVED

OCT 29 2007

KEATS McFARLAND & WILSON LLP
ATTORNEYS AT LAW

TEL (310) 248-3830
FAX (310) 860-0363

9720 WILSHIRE BOULEVARD
PENTHOUSE SUITE
BEVERLY HILLS, CALIFORNIA 90212

www.kmwlaw.com

WRITER'S DIRECT DIAL
(310) 777-3750
WRITER'S EMAIL
lmcfarland@kmwlaw.com

October 26, 2007

VIA FACSIMILE, E-MAIL, AND U.S. MAIL

Michael Zeller, Esq.
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

Re: Mattel v. Bryant

Dear Michael,

Pursuant to our agreed upon protocol for inspection of the computer hard drives of Margaret Leahy, Elise Cloonan, and Sarah Halpern, we have reviewed the Bates stamped documents received from Data Chasers, Inc. for privilege.

Our review did not reveal any documents which should be withheld for privilege. However, due to the manner in which the search terms were applied to each hard drive, many non-responsive documents were pulled by Data Chasers, Inc. For example, it appears as though each hard drive was searched using the particular owner's name, which inadvertently pulled many non-responsive documents containing personal emails that are not relevant to this case. For example, Ms. Cloonan's computer was searched for documents that contained her name. The result is that none of the documents located by the expert on Ms. Cloonan's computer relate in any way to the case.

Pursuant to the protocol, Data Chasers, Inc. will be providing you with all the documents and data, including the native files. I believe that after your review, you will agree that many of the documents are non-responsive and should be removed from the production accordingly. Please contact me to discuss this matter as soon as you have had a chance to review the documents. Please note though that all of these documents should be classified as **CONFIDENTIAL – ATTORNEYS' EYES ONLY**.

Very truly yours,

Larry W. McFarland
KEATS McFARLAND & WILSON LLP

LWM/ccd
cc: Rick Albee

EXHIBIT 8

PAGE 83

BLUEBIRD OFFICE SUPPLIES (888) 477-

EXHIBIT 9

**Christopher Tayback**

**From:** Christopher Tayback
**Sent:** Wednesday, January 09, 2008 6:13 PM
**To:** 'Larry W. McFarland'
**Cc:** Dylan Proctor
**Subject:** Mattel v. MGA, et al.

Dear Larry--

This confirms our telephonic meet and confer of a few moments ago on several outstanding issues. I also provide below the additional names which we believe should be included in a further "key word" search of directories, sub-directories, file names and text files for any computer hard drives searched by that method, including those which belonged to Cloonan, Leahy and Marlowe.

First, we requested that the zip disk labelled "Bratz" in Ms. Cloonan's possession be provided to us to inspect. We believe her testimony establishes that she has no privacy interest in the contents of that disk and, given the label, it clearly contains relevant evidence that we have not been provided.

Second, the testimony of the witnesses makes clear that there are graphical (and perhaps other) files on the Cloonan and Leahy hard drives that are relevant, responsive, non-privileged documents but which were either not produced by you or not identified by the prior search protocol. Accordingly, we request that you provide us with print outs listing the directories, sub-directories and file names for our review. Further, we request that you search all graphical files on those hard drives and produce to us any responsive, non-privileged documents that you find through that search. Finally, we ask that you run a further text search on those hard drives based on combinations, permutations and abbreviations of the following additional names identified in recent discovery, including Pedro Salazar, Maria Salazar, Ana Isabela Cabrera, and Beatriz Morales.

Third, for the reasons set forth in Mr. Proctor's letter to you dated January 2, we request that you produce to us for inspection Ms. Marlowe's hard drive or an image thereof for inspection as we now understand that such hard drive has never been inspected by an independent expert.

I understood that you would review these matters with your client and respond promptly so that we may agree upon a briefing schedule if we cannot reach agreement on these matters.

Regards,

Christopher Tayback

EXHIBIT 9

PAGE 84

BLUEBIRD OFFICE SUPPLIES (886 www.

EXHIBIT 10

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

December 20, 2007

**VIA FACSIMILE AND U.S. MAIL**

Larry McFarland, Esq.
Keats, McFarland & Wilson, LLP
9720 Wilshire Blvd., Penthouse Suite
Beverly Hills, CA 90212

Re: Mattel v. Bryant

Dear Larry:

I write to follow up on our telephone conversation earlier this week and, as we discussed, to make a proposal regarding Ms. Cloonan's G3 computer hard drive and the zip disk that she testified about at her deposition.

At the outset, Ms. Cloonan testified that she gave the zip disk and hard drive to you in April of 2005 in response to the subpoena that Mattel served on Ms. Cloonan nearly three years ago. Nonetheless, Mattel did not learn until last Friday -- barely one month before the close of discovery in this case -- that Ms. Cloonan had found in early 2005 a zip disk in her possession bearing the title "Bratz" on it. When you received that disk in April 2005, you had an obligation to produce documents responsive to Mattel's subpoena. A zip disk bearing the title "Bratz" is obviously responsive to Mattel's subpoena. The protocol for electronic data production to which you and Mattel agreed earlier this year in no way negated your pre-existing obligation to produce responsive documents. Nonetheless, Mattel just learned of the existence of this disk and the title on the disk.

Consistent with Mattel's discovery rights -- rights Mattel expressly reserved when it entered into the protocol with you earlier this year -- Mattel is entitled to an image of both the zip disk and Ms. Cloonan's hard drive. In addition, Mattel expects that it will receive a file listing of all of the

**quinn emanuel urquhart oliver & hedges, llp**

07209/2322219.1

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

EXHIBIT 10

PAGE 85

files on both media that will include the file path, file name, file type, date of creation, last modified date, last accessed date and file size. As you agreed in our call, Mattel is entitled to an exemplification of the disk medium and the "Bratz" label on it, which you did not produce to us earlier despite its obvious relevance and even though it squarely fell within our subpoena requests. I understand from your letter of December 18 that you have now instructed the expert to provide photocopies of the front and back of the zip disk to Mattel. I look forward to receiving these.

Ms. Cloonan testified that the zip disk is not hers, which necessarily means that she has no expectation of privacy in its contents and no privileged files should exist on it. Ms. Cloonan testified that the hard drive is a computer that she bought sometime in the 1998/1999 time period and that she stopped using in the late 2002/early 2003 time period. As that period pre-dates this litigation, no privileged documents should exist on that drive. In addition, the contents of that drive are highly probative because Ms. Cloonan's testimony directly contradicts Mr. Bryant's testimony regarding work he alleged Ms. Cloonan performed on Bratz. Mr. Bryant further alleged that he personally worked on Bratz on that computer. Thus, the existence of responsive documents or the absence of responsive documents on Ms. Cloonan's computer will be evidence either corroborating Mr. Bryant's testimony or contradicting it.

You agreed during our call to instruct the independent expert to retain the zip disk and hard drive until further notice. Please confirm that you are standing by that agreement. The integrity of this zip disk and the drive is of paramount importance, so Mattel also expects that you will make no effort to get the zip disk or hard drive back from the expert absent written agreement by us or Court Order. If you do so, we will seek *ex parte* relief barring you from attempting to get either media back. Provided you do so, we agree to address these issues with you, and not directly with the independent expert.

Please let me know if you agree to the above. In the event you do not, please consider this letter to be a request to meet and confer. If we are unable to reach agreement with you on these matters, we anticipate seeking orders from the Court allowing Mattel to take forensic images of the disk and drive and to photograph the physical media, including the "Bratz" label on the disk. Mattel also may seek sanctions, including most notably based upon your failure to produce any depiction of the plainly relevant "Bratz" label.

Very truly yours,

Christopher Tayback BAH

Christopher Tayback

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

NEW YORK
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

LOS ANGELES
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

SAN FRANCISCO
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

TOKYO
Akasaka Twin Tower Main Building, 6th Floor
17-22 Akasaka 2-Chome
Minato-ku, Tokyo 107-0052, Japan
+81 3 5561-1711
Facsimile: +81 3 5561-1712

SILICON VALLEY
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

**DATE:** December 20, 2007

**NUMBER OF PAGES, INCLUDING COVER: 3**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Larry McFarland<br>Keats, McFarland & Wilson | 310-248-3830 | 310-860-0363 |

**FROM:** Christopher Tayback, Esq.

**RE:** Mattel, Inc. v. Bryant

**MESSAGE:**

FAXED 12-20-07

07209/2315439.2

| CLIENT # | 7209 | ROUTE/ RETURN TO: | Tiffany Garcia | ☒ CONFIRM FAX<br>☒ INCLUDE CONF. REPORT |
|---|---|---|---|---|
| OPERATOR: | [handwritten signature] | CONFIRMED? | ☐ NO ☒ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

EXHIBIT 10

PAGE 87

TRANSMISSION VERIFICATION REPORT

TIME : 12/20/2007 23:42
NAME : JOHN B QUINN
FAX : 2134890088
TEL : 2134433201
SER.# : BROE5J272067

| | |
|---|---|
| DATE,TIME | 12/20 23:41 |
| FAX NO./NAME | 13108600363 |
| DURATION | 00:00:53 |
| PAGE(S) | 03 |
| RESULT | OK |
| MODE | STANDARD ECM |

EXHIBIT 10

PAGE 88

BLUEBIRD OFFICE SUPPLIES (888) 4 www.blueb

EXHIBIT 11

# KEATS McFARLAND & WILSON LLP

ATTORNEYS AT LAW

TEL (310) 248-3830
FAX (310) 860-0363

9720 WILSHIRE BOULEVARD
PENTHOUSE SUITE
BEVERLY HILLS, CALIFORNIA 90212

www.kmwlaw.com

WRITER'S DIRECT DIAL
(310) 777-3750

WRITER'S EMAIL
lmcfarland@kmwlaw.com

December 26, 2007

VIA FACSIMILE and E-MAIL

B. Dylan Proctor, Esq.
Christopher Tayback, Esq.
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

Re: Mattel v. Bryant

Dear Dylan and Christopher:

Dylan, I am writing in response to your letters dated December 18, 2007 (which I received at 10:22 p.m.), December 19, 2007, and December 21, 2007, and Christopher, I also write in response to your letter dated December 20, 2007.

As you each know, I was in Texas for my parents' 50th wedding anniversary starting last Wednesday, December 19, 2007. I am now back in the office, and I will respond to all of your letters as soon as I can.

Very truly yours,

Larry W. McFarland
Keats McFarland & Wilson LLP

LWM/jlt

cc: Thomas J. Nolan
Michael Page

EXHIBIT 11

PAGE 89

KEATS McFARLAND & WILSON LLP
ATTORNEYS AT LAW
9720 WILSHIRE BOULEVARD
PENTHOUSE SUITE
BEVERLY HILLS, CALIFORNIA 90212
TELEPHONE (310) 248-3830
FAX (310) 860-0363

# FACSIMILE TRANSMITTAL SHEET

| | | | |
|---|---|---|---|
| **To:** | Dylan Proctor, Esq.<br>Chris Tayback, Esq. | **From:** | Larry W. McFarland, Esq. |
| **Company:** | Quinn Emanuel Urquhart Oliver & Hedges, LLP | **Date:** | 12/26/2007 |
| **Fax No.:** | 213-443-3100 | **Pages:** | 2 |
| **Phone No.:** | 213-443-3000 | **Ref No.:** | 10595.1 |
| **Re:** | Mattel v. Bryant | | |

☐ URGENT ☐ FOR REVIEW ☐ PLEASE COMMENT ☐ PLEASE REPLY ☐ PLEASE RECYCLE

NOTES/COMMENTS:

Please see attached correspondence.

PRIVACY NOTICE

THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW.

If the reader of this message is not the intended recipient or the employee of agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, and return the original message to us at the above address via the U.S. Postal Service. Thank you.

EXHIBIT 11

BLUEBIRD OFFICE SUPPLIES

EXHIBIT 12

KEATS McFARLAND & WILSON LLP

ATTORNEYS AT LAW

TEL (310) 248-3830
FAX (310) 860-0363

9720 WILSHIRE BOULEVARD
PENTHOUSE SUITE
BEVERLY HILLS, CALIFORNIA 90212

WRITER'S DIRECT DIAL
(310) 777-3750

WRITER'S EMAIL
lmcfarland@kmwlaw.com

www.kmwlaw.com

January 2, 2008

VIA FACSIMILE, U.S. MAIL and E-MAIL

Christopher Tayback, Esq.
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

Re: Mattel v. Bryant

Dear Mr. Tayback:

I am writing in response to your letter dated December 20, 2007.

As an initial matter, your statement that "when you received that disk in April 2005, you had an obligation to produce documents responsive to Mattel's subpoena" is not correct. Mattel served a subpoena on Ms. Cloonan on or about May 12, 2005, with a response date of May 27, 2005. Prior to the response date, this case was stayed. After the stay was lifted, I met and conferred with your former partner, Ms. Wines, regarding a protocol to review all of the third party computer related materials. We reached an agreement on that protocol and the computers and hard drives were provided to Data Chasers, an expert that your firm selected. In a letter dated November 21, 2007, I notified Mr. Proctor that we had noticed that your computer expert had not picked up the computer zip disk and I suggested that we give this disk to Data Chasers pursuant to the protocol set forth in the letter from Ms Wines dated September 13, 2007. In order to speed up the process, I further agreed to review anything found by Data Chasers within five court days of receipt from Data Chasers rather than the ten court days set forth in the agreement with Ms. Wines. In a letter date November 28, 2007, Mr. Proctor agreed to my proposal as follows: "Third, regarding Ms. Cloonan's computer disk or drive, we would ask that you please provide the drive to Data Chasers as you suggest. We will agree to follow the protocol outlined in our September 13, 2007, letter, with the understanding set forth in your letter that you will review anything found by Data Chasers within five court days of receipt and provide the same to us. We expect you will proceed with appropriate expedition to ensure that Ms. Cloonan's documents are produced to Mattel sufficiently in advance of her deposition to enable Mattel to examine her on them as needed." (emphasis added) On the same day that I notified Data Chasers that they should pick up the zip disk and on Friday, November 30, 3007, we received from Data Chaser the document that they had located. Two court days later, on Tuesday, December 4, 2007, we hand delivered to Mr. Proctor the document located by Data Chasers to

which we had applied a bates number. Therefore, your firm had the document located by Data Chasers well prior to Ms. Cloonan's deposition which was taken on December 14, 2007.

With respect to Ms. Cloonan's testimony regarding the zip disk, I disagree with your characterizations of what she said. It is undisputed that the zip disk, as well as the computer, were in her home and in her possession. I also disagree with your statement that "Ms. Cloonan's testimony directly contradicts Mr. Bryant's testimony regarding work he alleged Ms. Cloonan performed on Bratz." The remainder of the statements in the third to the last paragraph of your letter are essentially to the effect that there might be relevant evidence on Ms. Cloonan's computer or zip disk, which is, of course, the reason that Ms. Wines and I negotiated a protocol that would allow Mattel to review the computer materials. What appears to be happening now is that you want to change the protocol. As I told you during our conversation, Mr. Albee told me that someone from your firm had called him and told him that your firm wanted to change the protocol, which is why I sent the letter to Mr. Albee dated December 17, 2007, which I copied you on. If you have a proposal for a revised protocol, please provide it to me. However, I must remind you that we are not starting with a blank slate. Ms. Wines and I not only spent a considerable amount of time reaching an agreement on the protocol, but the computer and the disk have already been reviewed pursuant to the protocol, and Ms. Cloonan has already been deposed.

Regarding Mr. Albee at Data Chasers, I have instructed him to retain possession of Ms. Cloonan's computer and zip disk. I further confirm that neither your firm, Mattel, nor I will make any effort to get Ms. Cloonan's computer or zip disk back from Data Chasers absent a written agreement from both your firm and me. This further confirms that your firm has agreed to address the protocol and review issues with me and that you will not be contacting Data Chasers or Mr. Albee.

Finally, as you know, Mr. Albee has provided you with color photocopies of the front and the back of Ms. Cloonan's zip disk; therefore, that issue is resolved.

I look forward to hearing from you.

Very truly yours,

Larry W. McFarland
Keats McFarland & Wilson LLP

LWM/jlt

cc: Thomas J. Nolan
Michael Page

EXHIBIT 12

PAGE 92

BLUEBIRD OFFICE SUPPLIES

EXHIBIT 13

----- Original Message -----
From: Christopher Tayback <christayback@quinnemanuel.com>
To: Larry W. McFarland
Cc: Dylan Proctor <dylanproctor@quinnemanuel.com>
Sent: Fri Jan 04 19:15:03 2008
Subject: Meet and Confer

Dear Mr. McFarland--

I left you a voicemail regarding this previously, but wanted to follow up by email. there are a number of outstanding issues about which I would like to meet and confer with you as soon as possible, including the issues we have previously discussed surrounding the zip disk labeled "Bratz" that as in Ms. Cloonan's possession, Ms. Cloonan's hard drive, and, relatedly, Ms. Leahy's hard drive. I am available, and in the office, much of this weekend, and will also be available in the office on Monday.

Regards,

Christopher Tayback
(213) 443-3170

EXHIBIT 13

PAGE 93

BLUEBIRD OFFICE SUPPLIES

EXHIBIT 14

**Tiffany Garcia**

---

**From:** Larry W. McFarland [LMcfarland@kmwlaw.com]
**Sent:** Monday, January 07, 2008 2:39 PM
**To:** Christopher Tayback
**Cc:** Dylan Proctor; Christian C. Dowell
**Subject:** Re: Meet and Confer

I am writing in response to your email. As you know I was at the hearing this morning. I have commitments for other clients the rest of the day today and tomorrow. I am available to meet and confer with you on wed between 5 and 6. Also I want to meet and confer at the same time with you re our planned motion re the wells fargo docs and mattel's waiver of its work product privilege in the photos and videotapes of the three dimensional objects. Please let me know when you are available

----- Original Message -----
From: Christopher Tayback <christayback@quinnemanuel.com>
To: Larry W. McFarland
Cc: Dylan Proctor <dylanproctor@quinnemanuel.com>
Sent: Fri Jan 04 19:15:03 2008
Subject: Meet and Confer

Dear Mr. McFarland--

I left you a voicemail regarding this previously, but wanted to follow up by email. there are a number of outstanding issues about which I would like to meet and confer with you as soon as possible, including the issues we have previously discussed surrounding the zip disk labeled "Bratz" that as in Ms. Cloonan's possession, Ms. Cloonan's hard drive, and, relatedly, Ms. Leahy's hard drive. I am available, and in the office, much of this weekend, and will also be available in the office on Monday.

Regards,

Christopher Tayback
(213) 443-3170

EXHIBIT 14
PAGE 94

BLUEBIRD OFFICE SUPPLIES

EXHIBIT 15

# KEATS McFARLAND & WILSON LLP

ATTORNEYS AT LAW

TEL (310) 248-3830
FAX (310) 860-0363

9720 WILSHIRE BOULEVARD
PENTHOUSE SUITE
BEVERLY HILLS, CALIFORNIA 90212

www.kmwlaw.com

WRITER'S DIRECT DIAL
(310) 777-3750

WRITER'S EMAIL
lmcfarland@kmwlaw.com

January 18, 2008

VIA FACSIMILE, U.S. MAIL and E-MAIL

Christopher Tayback, Esq.
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

Re: Mattel v. Bryant

Dear Chris,

This responds to your e-mail dated January 17, 2008, in which you state your intent to file an *ex parte* application seeking an order to compel the production of the imaged hard drives taken from my clients' computers and the "zip disk" on which the data is stored, or in the alternative, modification of the scheduling order to allow sufficient time for expert examination. We oppose this motion on the merits, and in addition, on the grounds that it is improper to bring this motion on an *ex parte* basis.

With respect to the merits, I reiterate my position, most recently set forth in my January 16, 2008, letter to Dylan Proctor, that the computers and zip disk have already been reviewed pursuant to the protocol that your partner, Susan Wines, and I agreed to in September of last year. As you know, all relevant documents obtained via the search protocol were produced to Mattel by December 4, 2007, which was well in advance of the depositions of my clients Ms. Leahy and Ms. Cloonan. Also, your contention that "the testimony of the witnesses makes clear that there are graphical (and perhaps other) files on the Cloonan and Leahy hard drives that are relevant, responsive, non-privileged documents but which were either not produced by you or not identified by the prior search protocol," does not justify the additional review of the computers and zip disk pursuant to a new protocol. As you know, the fact that there could be graphical files on my clients' computers is not new information. Without limitation, Mr. Bryant testified during his deposition that he and/or Ms. Cloonan may have utilized the computer belonging to Ms. Cloonan to create graphics for Bratz. Therefore, Mattel has known of the possible existence of these files and documents since 2004. That Mattel has waited until now to raise these issues is no one's fault but its own.

In addition, as you are well aware by now, it is improper for you to bring this motion on an *ex parte* basis. As you know, "[e]x parte motions are rarely justified," *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995), and, as the Court's Standing

EXHIBIT 15

PAGE 95

Order makes clear, "are solely for extraordinary relief." Standing Order at 5, *citing Mission Power*, 883 F. Supp. at 488. Moreover, because of the urgency that attends *ex parte* applications, courts hold such requests and those who file them to a greater scrutiny than in the case of regularly filed motions. *See Mission Power*, 883 F. Supp. at 492 ("Lawyers must understand that filing an ex parte motion ... is the forensic equivalent of standing in a crowded theatre and shouting, 'Fire!' There had better be a fire."). This Court has held that *ex parte* relief is warranted where the movant establishes that (1) the movant will suffer irreparable prejudice absent the requested relief, and (2) "the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Id.* "To show that the moving party is without fault, or guilty only of excusable neglect, requires more than a showing that the other party is the sole wrongdoer. ... For example merely showing that trial is fast approaching and that the opposing party still has not answered interrogatories is insufficient to justify ex parte relief. The moving party must also show that it used the entire discovery period efficiently and could not have, with due diligence, sought to obtain the discovery earlier in the discovery period." *Id.* at 493. Without limitation, given that we agreed to the protocol in September of last year and all of the documents located pursuant to the protocol were produced by December 4, 2007, you cannot satisfy the standards set forth in *Mission Power*.

Unfortunately, I can only conclude that your decision to file an *ex parte* application is an attempt to obtain a strategic advantage. As you know, one of the main reasons that *ex parte* motions are so disfavored is that it puts the non-moving party at a severe disadvantage. Mattel, as the moving party, has had considerable time to prepare its application, whereas we will have only 24 hours after you file to oppose. As set forth herein, it is our position that to bring this matter as an *ex parte* application is a violation of the federal and local rules, and I strongly urge you to reconsider and to instead file a regularly noticed motion.

Finally, I expect that you will be filing this motion (or application) with Judge Infante because, as you have repeatedly argued and Judge Larson has confirmed in a written order, all discovery matters, including with respect to third parties, shall be heard by Judge Infante. Please let me know if I am wrong in this regard.

I look forward to hearing from you.

Very truly yours,

Larry W. McFarland
Keats McFarland & Wilson LLP

LWM/jlt

cc: Thomas J. Nolan
Michael Page

EXHIBIT 15

PAGE 96

The attached fax was received from 13108600363 on 1/18/2008 at 5:50:46 PM

JobID: 079074

EXHIBIT  15

PAGE  97

KEATS McFARLAND & WILSON LLP

ATTORNEYS AT LAW

9720 WILSHIRE BOULEVARD
PENTHOUSE SUITE
BEVERLY HILLS, CALIFORNIA 90212
TELEPHONE (310) 248-3830
FAX (310) 860-0363

# FACSIMILE TRANSMITTAL SHEET

| | | | |
|---|---|---|---|
| **To:** | Chris Tayback, Esq. | **From:** | Larry W. McFarland, Esq. |
| **Company:** | Quinn Emanuel Urquhart Oliver & Hedges, LLP | **Date:** | 1/18/2008 |
| **Fax No.:** | 213-443-3100 | **Pages:** | 3 |
| **Phone No.:** | 213-443-3000 | **Ref No.:** | 10595.1 |
| **Re:** | Mattel v. Bryant | | |

☐ URGENT ☐ FOR REVIEW ☐ PLEASE COMMENT ☐ PLEASE REPLY ☐ PLEASE RECYCLE

NOTES/COMMENTS:

Please see attached correspondence.

PRIVACY NOTICE

THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW.

If the reader of this message is not the intended recipient or the employee of agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, and return the original message to us at the above address via the U.S. Postal Service. Thank you.

BLUEBIRD OFFICE SUPPLIES (888) 47

EXHIBIT 16

# Item 5

1) 71129ZIP\71129 Mattel ZIP Disk\4 Apple_HFS\Unallocated Clusters

Thistle came about as an experiment. We had always noodled around with acoustic guitars in our music, but we decided to make them the centerpiece of our music, other than our voices. Carry. B ack to 1998, sorry for the digresion. Torrie. Here on pillow.

Anjanette Bryant and Carter Bryant are a brother and sister duo called Thistle. While still in h igh school, Carter invited his sister to audition for a band he had recently joined as rhtyhm gu itarist recently. They needed a singer, so Anjanette made a quick demo, then came to a rehersal with the band. She was hired on the spot. " It was really kind of strange that we had never rea lly had the idea to work together before", Carter says. "I mean, it was just so natural. We like d a lot of the same music, but it had never really occurred to us to be in a band together befor e this dumb little copy band we joined."
Anjanette, "Anj" to friends and family, and Carter soon tired of copy tunes and decided to try t heir hand at collaborating on some original songs. " I brought Carter some lyrics I had written a long time ago while we were living in Alaska, and we sat down at the piano, and just wrote a s ong. It was pretty amazing how it all just came together so naturally." From then on, they knew that they wanted to make music together, and formed their first original music band in 1987. The y began recording their first demo soon after, and then hit the L.A. club scene, playing at such legendary places as the Troubador, Madame Wongs and the now-defunct club 88, once a punk-rock h aven.
"We were really out of place at the time", says Carter. Our tunes were pretty sensitive and sort of on the pop side, and everyone at that time was looking for the next Guns and Roses. We defin itely did not fit in. But we tried." Their hair got bigger, their music more aggressive. "We kin d of lost sight of what we were trying to do originally" says Angie. "So we stopped." After 2 ye ars of gigging, recording and getting nowhere, Carter and Anjanette decided to try some other th ings in life. Although they continued writing songs and making demos, they had given up trying t o be in a band. "Being in a band is hard if you are really clear about what you have in your hea d artistically and the other people in your band don't share your vision", Carter says. "We knew we really wanted to keep doing music, but not the way we had done it in the past. We really wan ted to do something where we had artistic control." Some time would pass before they got the opp ortunity to try again, but the result was worth the wait, if for no one else but Anjanette and C arter themselves. In 1998, Angie and Carter set up their own small portable studio and began wri ting and recording what was initially going to be a new 3 or 4 song demo. "We ended up recording about 14 or 15 songs over the course of a couple of months" says Anjanette . "We figured we mig ht as well go ahead and make an album. We had always wanted to anyway." They dubbed themselves "Thistle" and picked out their favorite songs for the 8 song final CD. Anjanette

EXHIBIT 16

PAGE 99

BLUEBIRD OFFICE SUPPLIES (888)

EXHIBIT 17

KEATS McFARLAND & WILSON LLP

REPRESENTATIVE CLIEN

home
mission
attorneys
services
e-cards

Business Software Alliance (BSA)
Calvin Klein, Inc.
Castle Rock Entertainment
DC Comics
DreamWorks
idealab!
kate spade LLC
Lucasfilm Ltd.
Major League Baseball Properties
Marvel Enterprises, Inc.
MGA Entertainment, Inc.
MTV Networks
New Line Cinema Corporation
Nike, Inc.
Paramount Pictures Corporation
Philips Electronics
The Playtone Company
Twentieth Century Fox Film Corp.
Polar Air Cargo Corporation
Polo Ralph Lauren Corporation
Saban Entertainment, Inc.
Sony Pictures Entertainment
Time Warner Entertainment Company
Universal Studios, Inc.
Yahoo! Search Marketing, Inc.

9720 Wilshire Blvd. Penthouse Suite · Beverly Hills, CA 90212 · T 310.248.3830 · F 310.860.
disclaimer · info@kmwlaw.

EXHIBIT 17

PAGE 100

BLUEBIRD OFFICE SUPPLIES (888) 477-

EXHIBIT 18

**THIS EXHIBIT IS FILED UNDER SEAL
PURSUANT TO PROTECTIVE ORDER**

BLUEBIRD OFFICE SUPPLIES (888

EXHIBIT 19

**THIS EXHIBIT IS FILED UNDER SEAL
PURSUANT TO PROTECTIVE ORDER**

BLUEBIRD OFFICE SUPPLIES

EXHIBIT 20

**THIS EXHIBIT IS FILED UNDER SEAL
PURSUANT TO PROTECTIVE ORDER**

EXHIBIT 21

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

- - -

HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING

- - -

CARTER BRYANT, ET. AL., PLAINTIFFS,

VS.

MATTEL, INC., ET. AL., DEFENDANTS.

AND CONSOLIDATED ACTIONS,

NO. ED CV 04-09049 (LEAD LOW NUMBER)

TELEPHONIC CONFERENCE

CERTIFIED COPY

REPORTER'S TRANSCRIPT OF PROCEEDINGS

RIVERSIDE, CALIFORNIA

THURSDAY, FEBRUARY 28, 2008

10:08 A.M.

THERESA A. LANZA, RPR, CSR
FEDERAL OFFICIAL COURT REPORTER
3470 12TH STREET, RM. 134
RIVERSIDE, CALIFORNIA 92501
951-274-0844
WWW.THERESALANZA.COM

EXHIBIT 21

PAGE 161

MATTEL ACKNOWLEDGES THAT CARTER BRYANT DOES HAVE AN UNCLEAN HANDS DEFENSE THAT HE IS ASSERTING IN PHASE ONE. MATTEL UNDERSTANDS THAT THAT UNCLEAN HANDS DEFENSE IS FAIRLY TAILORED IN SCOPE.

WITH RESPECT TO THE INTERROGATORIES THAT THE COURT PERMITTED MATTEL TO SERVE ASKING FOR FACTUAL BASIS FOR THE AFFIRMATIVE DEFENSES, CARTER BRYANT'S RESPONSE TO THAT INTERROGATORY WITH RESPECT TO HIS UNCLEAN HANDS DEFENSE CONTAINED A NUMBER OF FACTUAL ALLEGATIONS, ALMOST 20 PAGES OF FACTUAL ALLEGATIONS, THAT PARROTED BACK THE UNCLEAN HANDS DEFENSE THAT WAS BEING ASSERTED BY MGA. AND TO THE EXTENT THAT CARTER BRYANT WAS PROCEEDING IN PHASE ONE WITH THAT TYPE OF UNCLEAN HANDS DEFENSE, THAT VERY BROAD SCOPE, THEN MATTEL THOUGHT IT WAS ENTITLED TO TAKE DISCOVERY FROM MGA WHO HAS THE FACTUAL INFORMATION RELATED TO THAT.

**THE COURT:** BUT NOW THAT YOU KNOW THEY ARE NOT, IS THIS MOOT NOW?

**MR. COREY:** WELL, I THINK THE WAY TO DEAL WITH THAT -- AND THIS GOES TO THE LETTER THAT WAS ATTACHED TO MR. WERDEGAR'S DECLARATION --

**THE COURT:** RIGHT. I SAW THAT LETTER. THE LAST PARAGRAPH OF THAT LETTER SEEMS TO SPELL OUT, WITH REFERENCE TO THE INTERROGATORY ITSELF, THE SCOPE OF THE CARTER BRYANT UNCLEAN HANDS DEFENSE.

**MR. COREY:** AND I THINK WITH THE REPRESENTATION ON

EXHIBIT 21

PAGE 162

THE RECORD BY COUNSEL FOR MR. BRYANT THAT THEY ARE NOT RELYING ON THE PORTIONS OF THAT INTERROGATORY THAT WAS AT PAGE 8, LINE FIVE THROUGH PAGE 28, LINE SEVEN, AND ONE ADDITIONAL SENTENCE THAT I SPOKE TO MR. WERDEGAR ABOUT THIS MORNING, THAT'S THE SENTENCE STARTING ON PAGE 4, LINE FOUR, THAT THOSE ARE NOT GOING TO BE ASSERTED IN PHASE ONE, THE MOTION DOES BECOME MOOT.

**MR. WERDEGAR:** WE AGREE, YOUR HONOR; THAT WAS THE INTENT OF THE LETTER WHICH WE STAND BEHIND AND WE AGREE THE MOTION SHOULD BE MOOT AT THIS POINT.

**THE COURT:** VERY WELL.

I WILL VACATE THE HEARING FOR MONDAY. AND BASED ON YOUR REPRESENTATION SET FORTH IN THE LETTER ATTACHED, THE LETTER DATED FEBRUARY 27TH TO MR. PROCTOR FROM MR. WERDEGAR, THE MOTION IS MOOT AND THE HEARING IS VACATED.

**MR. COREY:** THANK YOU, YOUR HONOR.

**THE COURT:** ANYTHING ELSE AT THIS TIME?

**MR. NOLAN:** YOUR HONOR, WE RECEIVED JUST ABOUT TEN MINUTES BEFORE THE HEARING THE ORDER THAT THE COURT SIGNED WITH RESPECT TO THE ORDER REGARDING HARD DRIVES.

**THE COURT:** YES.

**MR. NOLAN:** MAY I JUST FOR A MOMENT, YOUR HONOR, RAISE AN ISSUE.

FIRST OF ALL, WE RECEIVED THE COURT'S MINUTE ORDER LAST EVENING AND DID NOT RECEIVE A COPY THIS ORDER UNTIL THIS

EXHIBIT 21

MORNING. WE STARTED TO ENDEAVOR LAST NIGHT TO CONSIDER MUTUAL EXPERTS TO TAKE A LOOK AT THIS.

WHEN WE RECEIVED THE ORDER SIGNED IN THE FORMAT THAT MATTEL SUBMITTED IT, THIS GOES WAY BEYOND THE RELIEF THAT THEY WERE SEEKING IN THEIR PAPERS AND, IN PARTICULAR, THEIR REPLY PAPERS.

THE ROOM FOR CONCERN HERE, YOUR HONOR -- AND IT'S A VERY SERIOUS CONCERN ON OUR PART -- IS THAT A LITERAL INTERPRETATION OF THIS ORDER WOULD SUGGEST THAT MATTEL CAN MAKE A FORENSIC COPY OF ANY HARD DISK DRIVE OR, FRANKLY, ANY MEMORY DEVICE THAT ISAAC LARIAN MAY HAVE USED DURING THE PERIOD OF 1999 TO THE CURRENT TIME AND, BY SO DOING, GET ACCESS TO ALL OF THIS INFORMATION ON HIS COMPUTER HARD DRIVE, INCLUDING BUT NOT LIMITED TO -- OBVIOUSLY THE MOST IMPORTANT ONE IS ANY ATTORNEY-CLIENT PRIVILEGED MATERIAL, BECAUSE A FORENSIC COPY WOULD SIMPLY JUST COPY EVERYTHING THAT'S ON IT. THERE IS ALSO FINANCIAL INFORMATION INVOLVING HIS OWN PERSONAL ASSETS, HIS CHILDREN'S ASSETS; SO THIS ORDER IS SO BROAD.

WHAT WE WERE GOING TO DO TODAY, IF WE HADN'T RECEIVED THE SIGNED ORDER A FEW MINUTES AGO, WAS TO ASK THE COURT IF WE COULD SUBMIT AN ORDER WHICH WE THINK TAILORS WHAT IS NECESSARY HERE IN ORDER TO PREVENT MATTEL HAVING ACCESS TO ALL OF ISAAC LARIAN'S MATERIALS ON HIS COMPUTER WITHOUT THE ABILITY TO OBJECT ON THE BASIS OF, AS I SAID, ATTORNEY-CLIENT PRIVILEGE. IN THE ORDER PROPOSED BY MATTEL, IT WAS JUST OVERBROAD.

EXHIBIT 21

**THE COURT:** MR. NOLAN, I CERTAINLY UNDERSTAND THE CONCERN. THIS WHOLE ISSUE WITH THE HARD DRIVES UNDERSCORES THE IMPORTANCE, PARTICULARLY IN LIGHT OF WHERE THE FEDERAL RULES OF CIVIL PROCEDURE ARE NOW ON ELECTRONIC DISCOVERY, ABOUT ONCE LITIGATION HAS COMMENCED OR IS ANTICIPATED, THAT HARD DRIVES DO NOT GET ERASED, PARTICULARLY IN PRINCIPALS LIKE MR. LARIAN.

PUTTING THAT ASIDE, I MEAN, THAT'S A PRIMARY CONCERN.

A SECONDARY CONCERN, OF COURSE, IS WHAT YOU'RE RAISING HERE, AND I WOULD CERTAINLY ANTICIPATE THAT SOME KIND OF PROTECTIVE ORDER COULD BE DRAFTED OR DRAWN UP WHICH WOULD, IN A FIRST INSTANCE, LIMIT REVIEW OF THE HARD DRIVES TO WHATEVER EXPERTS OR WHATEVER FORENSIC COMPUTER SPECIALIST IS GOING TO BE REVIEWING THESE HARD DRIVES TO DETERMINE WHAT, IF ANYTHING, WAS DELETED THAT'S RELEVANT, AND ALL OF THAT.

**MR. NOLAN:** RIGHT.

**THE COURT:** I CERTAINLY UNDERSTAND THE CONCERNS AND THE PRIVACY CONCERNS OF MR. LARIAN AND HIS CHILDREN, AND I SUSPECT THAT WOULD BE SOMETHING THAT MR. COREY AND MR. QUINN WOULD BE WILLING TO DISCUSS WITH YOU. I WOULD HOPE THAT YOU COULD WORK THAT OUT AMONG YOURSELF.

IF YOU NEED TO SEEK RELIEF FROM THE COURT, I WOULD CERTAINLY GIVE YOU LEAVE TO DO SO, BUT NOT BEFORE YOU'VE TRIED TO WORK THIS OUT.

**MR. NOLAN:** RIGHT.

**THE COURT:** I UNDERSTAND YOUR CONCERNS. TO ME, THEY

EXHIBIT 21

BECAUSE I KNOW THAT WE'VE GOT LOTS OF OTHER THINGS TO BE WORKING ON.

**MR. NOLAN:** RIGHT.

I'M JUST TALKING ABOUT THEIR OWN REQUEST TO YOU AND THEIR REPLY PAPERS THAT A NEUTRAL EXPERT SHOULD BE APPOINTED.

**THE COURT:** I'M NOT EXPRESSING AN OPINION ON THAT AT THIS POINT.

**MR. NOLAN:** VERY WELL.

**THE COURT:** I WILL MAKE MYSELF AVAILABLE IF YOU CANNOT AGREE.

**MR. NOLAN:** ALL RIGHT. THANK YOU.

**THE COURT:** ANYTHING FURTHER FROM CARTER BRYANT?

**MR. WERDEGAR:** NO, YOUR HONOR.

**MR. NOLAN:** THANK YOU VERY MUCH.

**MR. COREY:** THANK YOU, YOUR HONOR.

**THE COURT:** GOOD DAY.

CERTIFICATE

I HEREBY CERTIFY THAT PURSUANT TO SECTION 753, TITLE 28, UNITED STATES CODE, THE FOREGOING IS A TRUE AND CORRECT TRANSCRIPT OF THE STENOGRAPHICALLY RECORDED PROCEEDINGS HELD IN THE ABOVE-ENTITLED MATTER AND THAT THE TRANSCRIPT PAGE FORMAT IS IN CONFORMANCE WITH THE REGULATIONS OF THE JUDICIAL CONFERENCE OF THE UNITED STATES.

Theresa A. Lanza

THERESA A. LANZA, CSR, RPR
FEDERAL OFFICIAL COURT REPORTER

3-3-08
DATE

EXHIBIT 21

PAGE 166

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 91107.

On May 5, 2008, I served true copies of the following document(s) described as:

**DECLARATION OF CHRISTOPHER TAYBACK IN SUPPORT OF MATTEL, INC.'S OPPOSITION TO ANA ELISE CLOONAN'S MOTION OBJECTING TO PORTIONS OF DISCOVERY MASTER'S APRIL 11, 2008 ORDER REGARDING A FURTHER EXAMINATION OF MS. CLOONAN'S COMPUTER AND ZIP DISK**

on the parties in this action as follows:

**SEE ATTACHED LIST**

[ X ] **BY MAIL:** I enclosed the foregoing into sealed envelope(s) addressed as shown above, and I deposited such envelope(s) in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

[ ] **BY FEDEX:** I deposited such document(s) in a box or other facility regularly maintained by FedEx, or delivered such document(s) to a courier or driver authorized by FedEx to receive documents, in sealed envelope(s) or package(s) designated by FedEx with delivery fees paid or provided for, addressed to the person(s) being served.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on May 5, 2008, at Los Angeles, California.

Lucille Clavel

LUCILLE CLAVEL

## SERVICE LIST

Thomas J. Nolan, Esq.
**Skadden, Arps, Slate, Meagher & Flom , LLP**
300 South Grand Ave., Ste. 3400
Los Angeles, California 90071
TEL: (213) 687-5000
FAX: (213) 687-5600
**tnolan@skadden.com**

Mark E. Overland, Esq.
David E. Scheper, Esq.
Alexander H. Cote, Esq.
**Overland Borenstein Scheper & Kim, LLP**
601 West Fifth Street, Suite 12th Floor
Los Angeles, CA 90017
TEL: (213) 613-4655
FAX: (213) 613-4656
**moverland@obsklaw.com**

John W. Keker
Michael H. Page
Christa M. Anderson
**Keker & Van Nest, LLP**
710 Sansome Street
San Francisco, CA 94111
TEL: (415) 391-5400
FAX: (415) 397-7188
**jkeker@kvn.com**
**mhp@kvn.com**

Larry W. McFarland, Esq.
Keats McFarland & Wilson LLP
9720 Wilshire Boulevard, Penthouse Suite
Beverly Hills, California 90212
Tel: (310) 248-3830
Fax: (310) 860-0363
lmcfarland@kmwlaw.com