# EXHIBIT 1

**THIS EXHIBIT IS FILED UNDER SEAL
PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 2

# THIS EXHIBIT IS FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

# EXHIBIT 3

**THIS EXHIBIT IS FILED UNDER SEAL
PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 4

**THIS EXHIBIT IS FILED UNDER SEAL
PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 5

**THIS EXHIBIT IS FILED UNDER SEAL
PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 6

**THIS EXHIBIT IS FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 7

**THIS EXHIBIT IS FILED UNDER SEAL
PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 8

**THIS EXHIBIT IS FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 9

**THIS EXHIBIT IS FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 10

**THIS EXHIBIT IS FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 11

1 | Hon. Edward A. Infante (Ret.)
JAMS
2 | Two Embarcadero Center
Suite 1500
3 | San Francisco, California 94111
Telephone:     (415) 774-2611
4 | Facsimile:     (415) 982-5287

5

6

7

8 | UNITED STATES DISTRICT COURT

9 | CENTRAL DISTRICT OF CALIFORNIA

10 | EASTERN DIVISION

11

12 | CARTER BRYANT, an individual,

13 |         Plaintiff,

14 | v.

15 | MATTEL, INC., a Delaware corporation,

16 |         Defendant.

17

18

19 | CONSOLIDATED WITH
MATTEL, INC. v. BRYANT and
20 | MGA ENTERTAINMENT, INC. v. MATTEL,
INC.

21

CASE NO. CV 04-09049 SGL (RNBx)
JAMS Reference No. 1100049530

Consolidated with
Case No. CV 04-09059
Case No. CV 05-2727

**ORDER DENYING MATTEL'S MOTION TO COMPEL ADDITIONAL DEPOSITION TESTIMONY OF VERONICA MARLOW**

22 | On January 28, 2008, Mattel, Inc. ("Mattel") submitted a Motion to Compel Additional

23 | Deposition Testimony and Production of Documents by Veronica Marlow ("Marlow"). On

24 | February 12, 2008, Marlow, who is not a party to this action, submitted an opposition, and on

25 | March 14, 2008, Mattel submitted a reply. After meeting and conferring further, the parties were

26 | able to resolve the production of documents portion of the motion. See Joint Report submitted

27 | March 31, 2008. Thus, the only issue remaining is whether Mattel should be granted leave

28 | Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

1

422  EXHIBIT _____11_____

PAGE _____1516_____

1   pursuant to Rule 30(d)(1), Fed.R.Civ.P., to depose Marlow for an additional fourteen hours.

2   Pursuant to Paragraph 5 of the Stipulation and Order for Appointment of a Discovery Master, the

3   Discovery Master finds it appropriate to decide the motion without oral argument.

4        Based upon all papers filed to date, Mattel's motion is denied. Rule 30(d)(1),

5   Fed.R.Civ.P., provides that "a court must allow additional time consistent with Rule 26(b)(2) if

6   needed to fairly examine the deponent or if the deponent, another person, or any other

7   circumstance impedes or delays the examination." In this case, Mattel has failed to make the

8   requisite showing under Rule 30(d)(1) to justify additional time to depose Marlow. Mattel has

9   already deposed Marlow for approximately seven and a half hours. Mattel questioned Marlow at

10  length with respect to her knowledge and involvement with MGA, Carter Bryant and Bratz.

11  Although Mattel sets forth several reasons for seeking additional time, none of them, either alone

12  or in combination, justifies the burden and expense of having Marlow appear for further

13  examination, taking into consideration all of the factors set forth in Rule 26(b)(2)(C),

14  Fed.R.Civ.P.

15       Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery

16  Master, Mattel shall file this Order with the Clerk of Court forthwith.

17

18  Dated: April 22, 2008

            HON. EDWARD A. INFANTE (Ret.)
19          Discovery Master

20

21

22

23

24

25

26

27

28
    Bryant v. Mattel, Inc.,                                                                    2
    CV-04-09049 SGL (RNBx)

EXHIBIT __11__

PAGE __147__

# EXHIBIT 12

Case 2:04-cv-09049-SGL-RNB   Document 1931   Filed 02/../2008   Page 1 of 7

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### 3470 Twelfth Street, Riverside, CA 92501
### CIVIL MINUTES -- GENERAL

| | |
|---|---|
| Case No. | CV 04-09049 SGL(RNBx) |
| Title: | CARTER BRYANT -v- MATTEL, INC. |
| | AND CONSOLIDATED ACTIONS |

Date: February 4, 2008

========================================================================

PRESENT: HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

Jim Holmes
Courtroom Deputy Clerk

Theresa Lanza
Court Reporter

ATTORNEYS PRESENT FOR CARTER
BRYANT:

ATTORNEYS PRESENT FOR MATTEL:

Michael Page

John Quinn
Jon D. Corey

ATTORNEYS PRESENT FOR MGA:

ATTORNEY PRESENT FOR CARLOS
GUSTAVO MACHADO GOMEZ:

Thomas J. Nolan
Carl A. Roth
Robert J. Harrington

ATTORNEYS PRESENT FOR THIRD-
PARTY WITNESSES

Larry W. McFarland
Scott Gizer
Ramit Mizrahi
Henry H. Gonzalez
Neal A. Potischman
John Patrick Petrullo

Alexander H. Cote

MINUTES FORM 90
CIVIL -- GEN

1

Initials of Deputy Clerk __jh
Time: 1/45

EXHIBIT _12_

PAGE _148_

PROCEEDINGS:

HEARING ON EX PARTE APPLICATIONS:

1722 EX PARTE APPLICATION to Compel Deposition of Ana Cabrera, Beatriz Morales, and Maria Salazar and Mel Woods

1724 EX PARTE APPLICATION to Compel Depositions of Daphne Gronich, Joe Tiongco, Mariana Trueba, Pablo Vargas, MGA Entertainment, Inc.

1538 EX PARTE APPLICATION for Relief from 01-07-2008 Order re Motion Hearing

1583 EX PARTE APPLICATION to Compel Production of Electronic Media from Third Parties Elise Cloonan, Margaret Hatch-Leahy, and Veronica Marlow

1624 EX PARTE APPLICATION to Enforce Court's Orders Compelling Production of Tangible Items

1628 EX PARTE APPLICATION to Stay pending Review of Discovery Master's January 11, 2008 Order Granting MGA's and Bryant's Motion to Compel

### ORDER TO SHOW CAUSE DIRECTED TO COUNSEL LARRY McFARLAND

Having considered the documents submitted in support of and opposition to the applications set forth above, and having heard oral argument, the Court issues its rulings on these matters as stated on the record and as follows:

### EX PARTE APPLICATIONS REGARDING DEPOSITIONS
### (DOCKET #1722 AND #1724) AND ORDER TO SHOW CAUSE

These applications are DENIED IN PART, subject to the following rulings:

(1)     The Court's January 7, 2008, Order was intended to grant certain specified relief from the numerical limitations on discovery requests; it was not meant to make definitive rulings on burdensomeness, relevance, privilege, or service of discovery requests.

(2)     The Phase 1 discovery deadline has expired. Any Phase 1 discovery not properly served on or before this deadline may not now be pursued. Based on the representation of counsel that process for the letters rogatory on the Hong Kong witnesses has not been initiated, these witnesses may not be deposed on Phase 1 issues. Notwithstanding this ruling, however, the Court is concerned with the allegations by Mattel in its ex parte application regarding certain actions of Larry

EXHIBIT ___12___

PAGE ___149___

McFarland, who represents certain third-party witnesses. Mattel submits that Mr. McFarland has been deliberately evading service of a notice of deposition on him and his clients – serious allegations when made by an officer of the Court against another officer of the Court. Accordingly, Mr. McFarland is **ORDERED TO SHOW CAUSE** why he and his clients should not be ordered to appear for deposition. A written response to this OSC must be filed no later than February 11, 2008. Other parties may file written replies no later than February 19, 2008. The Court will hear the matter at 10:00 a.m., February 25, 2008, in Courtroom One of the above-referenced Court.

(3) Phase 1 depositions that have been scheduled past the discovery deadline for the convenience of the witnesses or pursuant to the stipulation of the parties and/or witnesses may proceed as scheduled.

(4) All discovery related to Phase 2, other than certain individual depositions that may be related to both Phase 1 and Phase 2, is STAYED until further order of the Court.

(5) As previously ordered and reaffirmed by this Court, all discovery matters shall be presented in the first instance to the Discovery Master. The fact that the Discovery Master's ruling might impact upon the Court's scheduling order does not relieve the parties of following this procedure. For instance, motions to compel, motions to quash, or motions challenging service as to existing discovery requests shall be brought before the Discovery Master. So, too, must objections based on burdensomeness, relevancy, or privilege. In general, and on the matters touched upon herein, the Court expresses no opinion as to these issues, and instead leaves those issues to the Discovery Master to decide in the first instance.

(6) To the extent that certain challenged depositions are within the scope of the Court's January 7, 2008, Order, and are related to Phase 1 (or to the extent that a given deposition (other than a Rule 30(b)(6) deposition) is related to both Phase 1 and Phase 2), said deposition may proceed subject to the challenges set forth in the previous paragraph. To the extent that the depositions are related to Phase 2, they are STAYED, as set forth above, notwithstanding the January 7, 2008, Order.

(7) The parties' arguments require the Court to resolve an internal inconsistency in the Court's January 7, 2008, Order. The Court's Order was meant to grant all parts of Mattel's Motion for Leave to Take Additional Discovery (docket #1134) except the relief sought as to the deposition of Carter Bryant. The Court amends its 01.07.08 Order as follows:

Delete: <Specifically, the Court grants Mattel's request to take the individual depositions relating to the Bratz claims (set forth in the moving papers at 9-11) and relating to the trade secret and RICO

EXHIBIT __12__

PAGE __150__

claims (set forth in the moving papers at 13).>

Replace with: <Specifically, the Court grants Mattel's request to take the individual depositions relating to the Bratz claims (set forth in the moving papers at 9-11), relating to the trade secret and RICO claims (set forth in the moving papers at 13), and relating to document preservation (set forth in the moving papers at 14 (Joe Tiongco and Daphne Gronich)).>

(8)   The Court's January 7, 2008, Order granted leave to take additional discovery over and above the previously allocated 24 depositions per side. Nevertheless, as to all other depositions, how to "count" the previously allocated depositions is left to the discretion of the Discovery Master.

(9)   At the hearing, counsel for Christensen, Glaser requested that the Court clarify that its January 7, 2008, ruling granted leave to depose it on only one issue. That is not the case, and the request is DENIED. Mattel has been granted relief from the numerical limitations that previously restricted its ability to depose those individuals and entities addressed by the Court's January 7, 2008, Order, including its ability to depose Christensen, Glaser. Unless otherwise restricted by the Discovery Master upon proper presentation of the issue to him, Mattel may depose Christensen, Glaser on any relevant, non-privileged matter.

## MACHADO GOMEZ'S EX PARTE APPLICATION RE JANUARY 7, 2008, ORDER (DOCKET # 1504)

This application is GRANTED. As noted above, Phase 2 discovery is STAYED until further order of the Court. The Court will address Phase 2 discovery, motions, pretrial, and trial dates after the conclusion of Phase 1 of the trial.

## MATTEL'S EX PARTE APPLICATION RE MOTION TO COMPEL PRODUCTION OF ELECTRONIC MEDIA FROM THIRD PARTIES (DOCKET #1538)

This application is DENIED. This matter must be addressed in the first instance by the Discovery Master.

## MATTEL'S EX PARTE APPLICATION TO ENFORCE COURT'S ORDERS COMPELLING PRODUCTION OF TANGIBLE ITEMS (#1624)

This application is GRANTED IN PART. Counsel for MGA shall employ its best efforts to arrange for shipment of those tangible things located in the Peoples' Republic of China ("PRC") to Hong Kong Special Administrative Region ("Hong Kong") for examination in conjunction with those tangible things already located in Hong Kong. Otherwise, counsel for MGA shall cooperate in the

EXHIBIT ___12___

PAGE ___151___

arrangements for inspection in both Hong Kong and the PRC. Mattel's request for costs is denied
without prejudice.

Counsel are encouraged to meet and confer with the intent of reaching a stipulation
regarding the supplementation of expert reports. Absent such stipulation, at the appropriate time,
the Court will entertain an ex parte application from any party regarding this issue.

### MATTEL'S EX PARTE APPLICATION TO STAY PENDING REVIEW OF DISCOVERY
### MASTER'S JANUARY 11, 2008 ORDER (DOCKET # 1628)

This application is GRANTED IN PART. The Court sets the motion for hearing on February
11, 2008. Opposition shall be filed no later than February 6, 2008; any reply shall be filed no later
than February 8, 2008. The Discovery Master's January 11, 2008, Order is stayed until the
issuance of the Court's minute order regarding the February 11, 2008, hearing.

IT IS SO ORDERED.

MINUTES FORM 90                                              Initials of Deputy Clerk __Jh_____
CIVIL -- GEN                          5                      Time: 1/45

EXHIBIT _____12_____

PAGE _____152_____

## NOTICE PARTY SERVICE LIST

Case No.   CV 04-09049 SGL(RNBx)   Case Title   Carter Bryant v. Mattel, Inc.

Title of Document   Minute Order of February 4, 2008

| | |
|---|---|
| Atty Sttlmnt Officer Panel Coordinator | US Attorneys Office - Civil Division -L.A. |
| BAP (Bankruptcy Appellate Panel) | US Attorneys Office - Civil Division - S.A. |
| Beck, Michael J (Clerk, MDL Panel) | US Attorneys Office - Criminal Division -L.A. |
| BOP (Bureau of Prisons) | US Attorneys Office - Criminal Division -S.A. |
| CA St Pub Defender (Calif. State PD) | US Bankruptcy Court |
| CAAG (California Attorney General's Office - Keith H. Borjon, L.A. Death Penalty Coordinator) | US Marshal Service - Los Angeles (USMLA) |
| Case Asgmt Admin (Case Assignment Administrator) | US Marshal Service - Riverside (USMED) |
| | US Marshal Service -Santa Ana (USMSA) |
| Catterson, Cathy (9th Circuit Court of Appeal) | US Probation Office (USPO) |
| Chief Deputy Admin | US Trustee's Office |
| Chief Deputy Ops | Warden, San Quentin State Prison, CA |

| | |
|---|---|
| Clerk of Court | |
| Death Penalty H/C (Law Clerks) | ✓ **ADD NEW NOTICE PARTY** (if sending by fax, mailing address must also be provided) |
| Dep In Chg E Div | Name: Ambassador Pierre-Richard Prosper |
| Dep In Chg So Div | Firm: |
| Federal Public Defender | Address (include suite or floor): P.O. Box 581103 |
| Fiscal Section | Salt Lake City, UT 84158 |
| Intake Section, Criminal LA | |
| Intake Section, Criminal SA | *E-mail: Prosper.Pierre@Arentfox.com |
| Intake Supervisor, Civil | *Fax No.: |
| PIA Clerk - Los Angeles (PIALA) | * For CIVIL cases only |
| PIA Clerk - Riverside (PIAED) | ***JUDGE / MAGISTRATE JUDGE (list below):*** |
| PIA Clerk - Santa Ana (PIASA) | |
| PSA - Los Angeles (PSALA) | |
| PSA - Riverside (PSAED) | |
| PSA - Santa Ana (PSASA) | |
| Schnack, Randall (CJA Supervising Attorney) | |

Initials of Deputy Clerk jh

| |
|---|
| Statistics Clerk |

G-75  (03/07)                        NOTICE PARTY SERVICE LIST

EXHIBIT _12_

PAGE _153_

## NOTICE PARTY SERVICE LIST

**Case No.** CV 04-09049 SGL(RNBx)  **Case Title** Carter Bryant v. Mattel, Inc.

**Title of Document** Minute Order of February 4, 2008

| | |
|---|---|
| Atty Sttlmnt Officer Panel Coordinator | US Attorneys Office - Civil Division -L.A. |
| BAP (Bankruptcy Appellate Panel) | US Attorneys Office - Civil Division - S.A. |
| Beck, Michael J (Clerk, MDL Panel) | US Attorneys Office - Criminal Division -L.A. |
| BOP (Bureau of Prisons) | US Attorneys Office - Criminal Division -S.A. |
| CA St Pub Defender (Calif. State PD) | US Bankruptcy Court |
| CAAG (California Attorney General's Office - Keith H. Borjon, L.A. Death Penalty Coordinator) | US Marshal Service - Los Angeles (USMLA) |
| Case Asgmt Admin (Case Assignment Administrator) | US Marshal Service - Riverside (USMED) |
| | US Marshal Service -Santa Ana (USMSA) |
| Catterson, Cathy (9th Circuit Court of Appeal) | US Probation Office (USPO) |
| Chief Deputy Admin | US Trustee's Office |
| Chief Deputy Ops | Warden, San Quentin State Prison, CA |
| Clerk of Court | |
| Death Penalty H/C (Law Clerks) | |
| Dep In Chg E Div | |
| Dep In Chg So Div | |
| Federal Public Defender | |
| Fiscal Section | |
| Intake Section, Criminal LA | |
| Intake Section, Criminal SA | |
| Intake Supervisor, Civil | |
| PIA Clerk - Los Angeles (PIALA) | |
| PIA Clerk - Riverside (PIAED) | |
| PIA Clerk - Santa Ana (PIASA) | |
| PSA - Los Angeles (PSALA) | |
| PSA - Riverside (PSAED) | |
| PSA - Santa Ana (PSASA) | |
| Schnack, Randall (CJA Supervising Attorney) | |
| Statistics Clerk | |

✓ **ADD NEW NOTICE PARTY** (if sending by fax, mailing address must also be provided)

Name: Hon. Edward A. Infante (Ret.)

Firm:

Address (include suite or floor): Two Embarcadero Center, Suite 1500, San Francisco, CA 94111

*E-mail:

*Fax No.:

* For CIVIL cases only

**JUDGE / MAGISTRATE JUDGE (list below):**

**Initials of Deputy Clerk** jh

G-75  (03/07)  NOTICE PARTY SERVICE LIST

EXHIBIT 12

PAGE 154

· **Laura Kinsey**

| | |
|---|---|
| **From:** | Dylan Proctor |
| **Sent:** | Tuesday, February 05, 2008 10:20 AM |
| **To:** | Laura Kinsey |
| **Subject:** | Fw: Activity in Case 2:04-cv-09049-SGL-RNB Carter Bryant v. Mattel Inc Motion Hearing |

Pmt

Dylan Proctor
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 South Figueroa Street, 3rd Floor
Los Angeles, CA  90017

Direct:  (213) 443-3112
Main Phone:  (213) 443-3000
Main Fax:  (213) 443-3100

E-mail:  dylanproctor@quinnemanuel.com
Web:  www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above.  This message may be an attorney-client communication and/or work product and as such is privileged and confidential.  If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

----- Original Message -----
From: Dylan Proctor
To: MGA / Bryant Team
Sent: Tue Feb 05 09:50:32 2008
Subject: Fw: Activity in Case 2:04-cv-09049-SGL-RNB Carter Bryant v. Mattel Inc Motion Hearing

Dylan Proctor
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 South Figueroa Street, 3rd Floor
Los Angeles, CA  90017

Direct:  (213) 443-3112
Main Phone:  (213) 443-3000
Main Fax:  (213) 443-3100

E-mail:  dylanproctor@quinnemanuel.com
Web:  www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above.  This message may be an attorney-client communication and/or work product and as such is privileged and confidential.  If the reader of this message is not the intended recipient or agent responsible

EXHIBIT __12__
PAGE __155__

for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.


----- Original Message -----
From: cacd_ecfmail@cacd.uscourts.gov <cacd_ecfmail@cacd.uscourts.gov>
To: ecfnef@cacd.uscourts.gov <ecfnef@cacd.uscourts.gov>
Sent: Tue Feb 05 09:34:11 2008
Subject: Activity in Case 2:04-cv-09049-SGL-RNB Carter Bryant v. Mattel Inc Motion Hearing

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended. Direct all inquiries to ecf-helpdesk@cacd.uscourts.gov.
***NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

Notice of Electronic Filing


The following transaction was entered on 2/5/2008 at 9:25 AM PST and filed on 2/4/2008

Case Name:    Carter Bryant v. Mattel Inc
Case Number: 2:04-cv-9049 <https://ecf.cacd.uscourts.gov/cgi-bin/DktRpt.pl?167222>
Filer:
Document Number:    1931 <https://ecf.cacd.uscourts.gov/cgi-bin/show_case_doc?1931,167222,,85692124,,,5610>

Docket Text:
MINUTES OF Motion Hearing held before Judge Stephen G. Larson: HEARING ON EX PARTE APPLICATIONS: 1722 EX PARTE APPLICATION to Compel Deposition of Ana Cabrera, Beatriz Morales, and Maria Salazar and Mel Woods; 1724 EX PARTE APPLICATION to Compel Depositions of Daphne Gronich, Joe Tiongco, Mariana Trueba, Pablo Vargas, MGA Entertainment, Inc.; 1538 EX PARTE APPLICATION for Relief from 01-07-2008 Order re Motion Hearing; 1583 EX PARTE APPLICATION to Compel Production of Electronic Media from Third Parties Elise Cloonan, Margaret Hatch-Leahy, and Veronica Marlow; 1624 EX PARTE APPLICATION to Enforce Court's Orders Compelling Production of Tangible Items; 1628 EX PARTE APPLICATION to Stay pending Review of Discovery Master's January 11, 2008 Order Granting MGA's and Bryant's Motion to Compel; ORDER TO SHOW CAUSE DIRECTED TO COUNSEL LARRY McFARLAND. See Minute Order for complete text. MATTELS EX PARTE APPLICATION TO STAY PENDING REVIEW OF DISCOVERY MASTER'S JANUARY 11, 2008 ORDER (DOCKET # 1628). This application is GRANTED IN PART. The Court sets the motion for hearing on February 11, 2008. Opposition shall be filed no later than February 6, 2008; any reply shall be filed no later than February 8, 2008. The Discovery Masters January 11, 2008, Order is stayed until the issuance of the Courts minute order regarding the February 11, 2008, hearing. IT IS SO ORDERED. [RE: Declaration (Motion related), Declaration (Motion related)[1850], Declaration (Motion related), Reply (Motion related), Reply (Motion related)[1887], Reply (Motion related), Reply (Motion related)[1721], Declaration (Motion related)[1691], Response in Opposition to Motion, [1560], Reply (Motion related), Reply (Motion related)[1853], Amendment (Motion related), Amendment (Motion related)[1792], Declaration (Motion related)[1817], Response in Opposition to Motion, [1554], Declaration (Motion related), Declaration (Motion related), Declaration (Motion related)[1655], Response in Opposition to Motion,, [1652], Set/Reset Deadlines/Hearings: Motion set for hearing on 2/11/2008 at 10:00 AM before Judge Stephen G. Larson] Court Reporter: Theresa Lanza. (jh)

EXHIBIT __12__

PAGE __156__

2:04-cv-9049 Notice has been electronically mailed to:

Alan Neil Goldberg    agoldberg@sgattys.com

John B Quinn    johnquinn@quinnemanuel.com

David C Scheper    dscheper@obsklaw.com,feseroma@obsklaw.com

Alisa Morgenthaler Lever    amorgenthaler@chrisglase.com

Larry W McFarland    lmcfarland@kmwlaw.com

Raoul D Kennedy    rkennedy@skadden.com

Mark E Overland    moverland@obsklaw.com

Thomas J Nolan    tnolan@skadden.com,carl.roth@skadden.com,marcus.mumford@skadden.com

Emil W Herich    eherich@kmwlaw.com

Timothy L Alger    timalger@quinnemanuel.com

John W Keker    jkeker@kvn.com,droberts@kvn.com,efiling@kvn.com

Jon D Corey    joncorey@quinnemanuel.com

Michael H Page    mhp@kvn.com

Christa M Anderson    canderson@kvn.com

Kien C Tiet    ktiet@sgattys.com

Michael T Zeller    michaelzeller@quinnemanuel.com

Kenneth A Plevan    kenneth.plevan@skadden.com,drogosa@skadden.com,sumclaug@skadden.com

Melissa Grant    melissagrant@quinnemanuel.com

Alexander H Cote    acote@obsklaw.com

Brett Dylan Proctor    dylanproctor@quinnemanuel.com

Oleg Stolyar    alexstolyar@quinnemanuel.com

Cyrus S Naim    cyrusnaim@quinnemanuel.com

Nathan Meyer    nmeyer@kayescholer.com,dclow@kayescholer.com

Matthew M Werdegar    mmw@kvn.com

Juan Pablo Alban    juanpabloalban@quinnemanuel.com

Leah Chava Gershon    leah@spertuslaw.com

3

EXHIBIT _12_

PAGE _157_

John Elliot Trinidad     jtrinidad@kvn.com,yjayasuriya@kvn.com,efiling@kvn.com

Audrey Walton-Hadlock     awaltonhadlock@kvn.com

Michelle M Campana     michelle.campana@skadden.com

2:04-cv-9049 Notice has been delivered by First Class U. S. Mail or by fax to: :

EXHIBIT  12

PAGE  158

# EXHIBIT 13

1

1          UNITED STATES DISTRICT COURT

2          CENTRAL DISTRICT OF CALIFORNIA

3                EASTERN DIVISION

4                  - - -

5     HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING

6                  - - -

7   CARTER BRYANT, ET. AL.,          )

8                    PLAINTIFFS,     )

9            VS.                     )    NO. ED CV 04-09049
                                     )    (LEAD LOW NUMBER)
10  MATTEL, INC., ET. AL.,           )

11                   DEFENDANTS.     )    MOTION; OSC HEARING
                                     )
12  AND CONSOLIDATED ACTIONS,        )

13

14

15          REPORTER'S TRANSCRIPT OF PROCEEDINGS

16                RIVERSIDE, CALIFORNIA

17              MONDAY, FEBRUARY 25, 2008

18                  11:24 A.M.

19

20

21

22

23              THERESA A. LANZA, RPR, CSR
              FEDERAL OFFICIAL COURT REPORTER
24              3470 12TH STREET, RM. 134
              RIVERSIDE, CALIFORNIA  92501
25                951-274-0844
              WWW.THERESALANZA.COM


FEBRUARY 25, 2008                BRYANT V. MATTEL
              EXHIBIT __13__

              PAGE __159__

CERTIFIED
COPY

1   SUBPOENAS ARE IMPROPER; WHY THE SUBPOENAS SHOULD BE QUASHED;

2   WHY YOU SHOULD NOT HAVE TO SIT FOR YOUR DEPOSITION OR ANY OF

3   THE OTHER DEPOSITIONS.

4          THOSE MATTERS ARE PROPERLY PRESENTED TO THE DISCOVERY

5   MASTER. WE'VE GET TO GET PAST THIS ISSUE OF SERVICE. WHAT I

6   REALLY DON'T WANT TO HAVE TO DO TODAY IS MAKE A FINDING AS TO

7   WHETHER AN OFFICER OF THE COURT HAS BEEN EVADING SERVICE. I

8   DON'T THINK ANYBODY DOES.

9          WHAT I'D RATHER DO IS CUT TO THE CHASE; HAVE YOU

10  ACCEPT SERVICE OF YOUR NOTICE; HAVE YOU ACCEPT SERVICE OF YOUR

11  CLIENT'S NOTICE; AND THEN YOU CAN PROCEED TO MAKE WHATEVER

12  ARGUMENTS THAT YOU WANT TO MAKE WITH RESPECT TO WHETHER OR NOT

13  ANY OF YOU SHOULD ACTUALLY HAVE TO SIT FOR YOUR DEPOSITION, AND

14  YOU CAN MAKE YOUR MOTIONS TO QUASH.

15         BUT YOU CAN'T HAVE IT BOTH WAYS. YOU CAN'T BE

16  SAYING, WELL, I HAVEN'T BEEN SERVED DESPITE...

17         THIS IS THE WORST KEPT SECRET IN THIS CASE RIGHT NOW

18  THAT EFFORTS ARE BEING MADE TO TRY TO SERVE. BUT AT THE SAME

19  TIME, I WANT TO MAKE ALL OF THESE ARGUMENTS AS TO WHY THE

20  SUBPOENA SHOULD BE QUASHED.

21         WE HAVE TO GET PAST THIS SERVICE ISSUE.

22         MR. MCFARLAND: SO YOUR HONOR IS CLEAR, THEN, THE

23  ORDER THAT YOU ISSUED WOULD NOT PRECLUDE US FROM CHALLENGING

24  ANY OF THE SUBPOENAS SAYING THAT THERE'S NO GOOD CAUSE.

25         THE COURT: NO. I'M TRYING TO GET PAST THIS SERVICE

```
 1   ISSUE, COUNSEL.  I WANT TO GET PAST THE ISSUE OF WHETHER OR NOT
 2   YOU'VE RECEIVED YOUR NOTICE.  AND IF I HAVE TO DO IT RIGHT NOW,
 3   I SUSPECT THAT MATTEL IS IN A POSITION TO PROVIDE YOU WITH
 4   SERVICE RIGHT NOW IN THIS COURTROOM, IF THERE'S ANY QUESTION
 5   ABOUT THAT.  BUT I DON'T WANT TO GET INTO WHETHER IT WAS THIS
 6   STREET OR THAT STREET; WHETHER YOU DIDN'T HEAR THE DOORBELL OR
 7   WHETHER THE GATE WAS CLOSED OR IT WASN'T CLOSED.
 8          I'LL GO DOWN THAT ROAD IF YOU WANT TO, BUT I DON'T
 9   REALLY THINK WE SHOULD GO DOWN THAT ROAD.
10          MR. MCFARLAND:  COULD I CONFER FOR ONE MOMENT?
11          THE COURT:  WHY DON'T YOU DO THAT.
12          (BRIEF PAUSE.)
13          MR. MCFARLAND:  YOUR HONOR, THAT'S FINE.
14          THE COURT:  VERY WELL, THEN.
15          THERE'S NO NEED TO ORDER.  I'M SIMPLY GOING TO DIRECT
16   THAT YOU WILL RECEIVE SERVICE ON YOUR OWN BEHALF AND YOUR THREE
17   CLIENTS.  AND THEN YOU ARE ORDERED LEAVE TO BRING WHATEVER
18   MOTIONS YOU BELIEVE ARE APPROPRIATE TO QUASH THOSE SUBPOENAS.
19   BUT THEY ARE GOING TO BE DEEMED SERVED AS OF TODAY.
20          MR. MCFARLAND:  THANK YOU.
21          THE COURT:  VERY WELL.  THAT TAKES CARE OF THAT
22   ISSUE, AND THE OSC IS THEREFORE DEEMED SATISFIED.
23          I WILL TAKE THESE OTHER TWO MATTERS UNDER SUBMISSION,
24   BUT I'LL HEAR ANYTHING ELSE THAT YOU WISH TO BRING UP AT THIS
25   POINT.  I HAVE THE EX-PARTE APPLICATION AND THE MOTION TO
```

FEBRUARY 25, 2008          BRYANT V. MATTEL

EXHIBIT ___13___

PAGE ___161___

1    REVIEW THE DISCOVERY MASTER'S ORDER.

2              **MR. NOLAN:** YOUR HONOR, ONE QUICK POINT.

3              IT'S NOT BEEN BRIEFED AND IT'S NOT BEFORE YOU, BUT I

4    DON'T THINK IT NEEDS TO --

5              WE, ON OUR COMPUTERS, GET NOTICES OF ALL OF THE

6    ORDERS THAT THE COURT ISSUES.  AND YOU CAN IMAGINE IN THIS

7    CASE, EVERY TIME AN ORDER IS ISSUED, YOUR HEART STOPS A LITTLE

8    BIT.

9              **THE COURT:** I'M CERTAINLY NOT TRYING TO CAUSE ANYBODY

10   HEART ATTACKS.

11             **MR. NOLAN:** AND WE'RE NOT WORRIED.  WE LIKE OUR

12   POSITION IN THIS CASE VERY WELL.  BUT THEN WHAT HAPPENS IS

13   THERE'S A HUGE LET-DOWN WHEN WE SEE THAT IT'S ONLY AN ORDER OF

14   SEALING SOMETHING OR AGREEING TO SEAL.  WE ARE OVER BURDENING

15   THIS COURT, ITS STAFF, YOUR FINE CLERK.

16             IT HAS TO DO WITH THIS CRAZY AEO PROTECTIVE

17   DESIGNATION WHICH IS REQUIRING EVERYTHING TO BE FILED.

18             **THE COURT:** LET ME STOP YOU THERE, COUNSEL, BECAUSE

19   THAT RAISES A VERY GOOD POINT ABOUT FILING THINGS UNDER SEAL.

20             THIS EX-PARTE APPLICATION THAT YOU JUST FILED, YOU

21   FILED THE ENTIRE THING UNDER SEAL.

22             THAT'S NOT NECESSARY.

23             **MR. NOLAN:** WELL, BUT HERE'S THE REASON.  AND MAYBE

24   WE BLEW IT.  BECAUSE THERE WERE EXHIBITS THAT WERE ATTACHED --

25   THESE MARKETING REPORTS FROM 2004 THAT ARE SO OUTDATED, THAT

FEBRUARY 25, 2008          EXHIBIT  _13_          BRYANT V. MATTEL

PAGE _162_

1       **MR. COREY:**  I TOLD HIM, YEAH, I TOLD HIM HE DIDN'T

2   HAVE TO APPEAR BECAUSE HE WAS PHASE TWO AND THE COURT HAD

3   STAYED IT.

4       **THE COURT:**  LET'S BE CAREFUL ON THIS, COUNSEL.

5       **MR. COREY:**  THE LAST POINT IS THAT I BELIEVE

6   MR. NOLAN REFERRED TO AN AGREEMENT THAT MR. BOUSQUETTE HAS WITH

7   MATTEL THAT'S ATTACHED AS AN EXHIBIT TO MR. HERRINGTON'S

8   SUPPLEMENTAL DECLARATION.

9       THAT AGREEMENT HAS EXPIRED.

10       THANK YOU, YOUR HONOR.

11       **THE COURT:**  ALL RIGHT.  I'LL BE ISSUING AN ORDER.

12   THIS IS ONE OF THOSE ORDERS THAT YOU'LL BE LOOKING FOR THAT

13   WILL ACTUALLY BE OF SUBSTANCE AND NOT JUST A SEALING, COUNSEL.

14       YOU'RE GOING TO TURN IN A PROPOSED ORDER?

15       **MR. QUINN:**  YES, YOUR HONOR.

16       **THE COURT:**  ANYTHING FURTHER?

17       **MR. COREY:**  NO, YOUR HONOR.

18           CERTIFICATE

19

20   I HEREBY CERTIFY THAT PURSUANT TO SECTION 753, TITLE 28, UNITED
     STATES CODE, THE FOREGOING IS A TRUE AND CORRECT TRANSCRIPT OF
21   THE STENOGRAPHICALLY RECORDED PROCEEDINGS HELD IN THE
     ABOVE-ENTITLED MATTER AND THAT THE TRANSCRIPT PAGE FORMAT IS IN
22   CONFORMANCE WITH THE REGULATIONS OF THE JUDICIAL CONFERENCE OF
     THE UNITED STATES.

23

24   _Theresa A. Lanza_         _2-29-08_

25   THERESA A. LANZA, RPR, CSR       DATE
     FEDERAL OFFICIAL COURT REPORTER

# EXHIBIT 14



1 | QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
    John B. Quinn (Bar No. 090378)
2 | johnquinn@quinnemanuel.com
    Michael T. Zeller (Bar No. 196417)
3 | (michaelzeller@quinnemanuel.com)
    Jon D. Corey (Bar No. 185066)
4 | (joncorey@quinnemanuel.com)
    Timothy L. Alger (Bar No. 160303)
5 | (timalger@quinnemanuel.com)
    865 South Figueroa Street, 10th Floor
6 | Los Angeles, California 90017-2543
    Telephone: (213) 443-3000
7 | Facsimile: (213) 443-3100

8 | Attorneys for Mattel, Inc.

9 |

10 |                    UNITED STATES DISTRICT COURT

11 |                    CENTRAL DISTRICT OF CALIFORNIA

12 |                          EASTERN DIVISION

13 | CARTER BRYANT, an individual,          Case No. CV 04-09049 SGL (RNBx)

14 |               Plaintiff,               Consolidated with
                                           Case No. CV 04-09059
15 |          vs.                           Case No. CV 05-02727

16 | MATTEL, INC., a Delaware              **DISCOVERY MATTER**
    corporation,
17 |                                       [Assigned to Hon. Edward A. Infante,
               Defendant.                  Discovery Master]
18 |
                                          STIPULATION AND [PROPOSED]
19 | AND CONSOLIDATED CASES               ORDER REGARDING FINANCIAL
                                          RECORDS RELATED TO VERONICA
20 |                                       MARLOW AND DOCUMENT
                                          SUBPOENAS ISSUED TO DOLL
21 |                                       BAG, INC.; VERONICA MARLOW,
                                          INC.; AND MARLOW TECHNO-
22 |                                       LOGIC, INC.

23 |                                       **Phase 1:**
                                          Discovery Cut-off:    January 28, 2008
24 |                                       Pre-trial Conference:  May 5, 2008
                                          Trial Date:            May 27, 2008
25 |

26 |

27 |

28 |

07209/2461197.2

STIPULATION RE MARLOW FINANCIAL OR BANKING RECORDS

EXHIBIT ___14___

PAGE ___164___

1

## STIPULATION

2        WHEREAS, Mattel, Inc. ("Mattel") served subpoenas *duces tecum* on

3  certain third parties, including Washington Mutual Bank, Wells Fargo Bank, Union

4  Bank of California, Bank of America, Capital Bank & Trust c/o American Funds,

5  ING Direct, Charles Schwab, International Rectifier Federal Credit Union, Mattel

6  Federal Credit Union, A. Mitch Bhatia, and Kenneth R. Bailey, seeking financial or

7  bank records regarding Veronica Marlow ("Marlow"), a third party witness in the

8  above-entitled action, (the "Financial/Bank Records Subpoenas");

9        WHEREAS, Mattel served subpoenas *duces tecum* on Marlow-related

10  entities Doll Bag, Inc., Veronica Marlow, Inc., and Marlow Techno-Logic, Inc.

11  ("The Marlow-Related Entities");

12        WHEREAS, on January 28, 2008, Mattel filed a Motion for Leave to

13  Obtain Discovery After the Phase 1 Discovery Cut-Off in Response to Subpoenas

14  Serviced on Doll Bag, Inc., Veronica Marlow, Inc., Marlow Techno-Logic, Inc., and

15  Washington Mutual Bank, among others, and Marlow filed her Motion to Compel

16  Mattel to Purge Itself of Private Bank Records (the "Motions");

17        WHEREAS, in accordance with the Discovery Master's instructions,

18  the parties have met and conferred on the Motions and have reached an agreement

19  resolving the issues raised by the Motions;

20        WHEREAS, Marlow has no objection to and will not oppose the

21  production of documents by third parties directly to Mattel's counsel in response to

22  The Financial/Bank Records Subpoenas, provided the documents are designated

23  "Confidential – Attorneys' Eyes Only";

24        WHEREAS, Marlow's counsel agreed to accept service of the

25  subpoenas Mattel issued to The Marlow-Related Entities, and such service was

26  completed as of January 28, 2008;

27

28

07209/2461197.2

-2-
STIPULATION RE MARLOW FINANCIAL OR BANKING RECORDS

EXHIBIT ___14___

PAGE ___165___

1      WHEREAS, the parties have agreed to narrow the scope of document
2  request numbers 1, 3, 4-21, 33, and 34 set forth in the subpoenas issued by Mattel to
3  each of The Marlow-Related Entities;

4      WHEREAS, the parties have agreed to set the deposition of Peter
5  Marlow for a mutually agreeable date during the week of April 14, 2008. If,
6  however, Mattel has not received all documents responsive to the Financial/Bank
7  Records Subpoenas and the subpoenas issued to The Marlow-Related Entities at
8  least five calendar days before the date selected, the parties have agreed to promptly
9  meet and confer to discuss the scheduling for such deposition.

10      NOW, THEREFORE, Mattel and Marlow hereby stipulate, by and
11  through their counsel of record and subject to the Court's approval, that:

12      1.    Marlow and her husband, Peter Marlow, will promptly deliver to
13  Mattel's counsel any and all financial or banking records produced pursuant to the
14  Financial/Bank Records Subpoenas in their possession, custody, or control;

15      2.    Marlow's counsel will promptly deliver to Mattel's counsel any and all
16  financial or banking records regarding Marlow in its possession, custody, or control;

17      3.    Marlow's counsel will confirm in writing that Marlow has previously
18  identified for Mattel all bank accounts that she and/or The Marlow-Related Entities
19  have used from January 1, 1999 through December 31, 2007, including without
20  limitation the names of the financial institution(s) and account number(s)(including
21  those used in 1999 and 2000) and will promptly provide any such information not
22  previously provided to Mattel;

23      4.    The scope of document request numbers 1, 3, 4-21, 33, and 34
24  contained in the subpoenas issued by Mattel to each of The Marlow-Related Entities
25  is narrowed as follows:

26

27

07209/2461197.2  28

-3-
STIPULATION RE MARLOW FINANCIAL OR BANKING RECORDS

EXHIBIT  14

PAGE  166

a. Document Request No. 1: The scope of this request is narrowed to "YOUR formation DOCUMENTS and drafts thereof."

b. Document Request No. 3: The scope of this request is narrowed to "YOUR accounting, payroll, budget, and work records RELATING TO work or services performed by YOU or for YOU, DESIGNS created by YOU or FOR YOU, and payments received by YOU or made by YOU RELATING to BRATZ, BRYANT, MGA, ISAAC LARIAN, or MATTEL, as well as YOUR profit and loss statements, financial statements (unaudited and audited, if any), and account information and statements, from January 1, 1999 to the present. To the extent that YOUR profit and loss statements, financial statements (unaudited and audited, if any), and account information and statements RELATE only to Peter Marlow's business activities that are wholly unrelated to BRATZ, BRYANT, MGA, ISAAC LARIAN, or MATTEL, they need not be produced."

c. Document Request Nos. 4 and 5: The scope of these requests is narrowed to "DOCUMENTS sufficient to show [the] corporate and/or financial relationship [between and among The Marlow-Related Entities] since January 1, 1999."

d. Document Request Nos. 6-15: The scope of these requests is narrowed to "DOCUMENTS sufficient to show all payments or transfers of value from [each of The Marlow-Related Entities] to [the person(s) identified in the respective requests] RELATING TO BRATZ, BRYANT, MGA, ISAAC LARIAN, OR MATTEL."

e. Document Request Nos. 16: The scope of this request is narrowed to "DOCUMENTS sufficient to show all payments or transfers of value from MGA to [each of The Marlow-Related Entities]."

07209/2461197.2

-4-
STIPULATION RE MARLOW FINANCIAL OR BANKING RECORDS

EXHIBIT ___14___

PAGE ___167___

1    f.    Document Request Nos. 17-21: The scope of these requests are

2    narrowed to "DOCUMENTS sufficient to show all payments or transfers of

3    value between [each of The Marlow-Related Entities] and BRYANT,

4    VERONICA MARLOW, ISAAC LARIAN, and [one of the other The

5    Marlow-Related Entities].

6    g.    Document Request Nos. 33: The scope of this request is

7    narrowed to "DOCUMENTS sufficient to show all business expenses

8    incurred by VERONICA MARLOW RELATED TO MGA, BRYANT,

9    BRATZ, ISAAC LARIAN, or MATTEL since January 1, 1999, including

10   without limitation receipts, invoices, correspondence, e-mails, credit card

11   statements, cancelled checks, and wire transfers."

12   h.    Document Request Nos. 34: The scope of this request is

13   narrowed to "DOCUMENTS sufficient to show all business expenses

14   incurred by [each of The Marlow-Related Entities] between January 1, 1999

15   and December 31, 2001 RELATED TO MGA, BRYANT, or ISAAC

16   LARIAN RELATED TO any toy project, doll, DESIGN other than BRATZ,

17   including without limitation receipts, invoices, correspondence, e-mails,

18   credit card statements, cancelled checks, and wire transfers."

19   5.    Subject to approval of this Stipulation by the Court, Mattel hereby

20   withdraws its Motion for Leave to Obtain Discovery After the Phase 1 Discovery

21   Cut-Off in Response to Subpoenas Serviced on Doll Bag, Inc., Veronica Marlow,

22   Inc., Marlow Techno-Logic, Inc. and Washington Mutual Bank.

23   6.    Subject to approval of this Stipulation by the Court, Marlow hereby

24   withdraws her Motion to Compel Mattel to Purge Itself of Private Bank Records.

25   7.    The deposition of Peter Marlow shall be set for a mutually agreeable

26   date during the week of April 14, 2008. If, however, Mattel has not received all

27   documents responsive to the Financial/Bank Records Subpoenas and the subpoenas

07209/2461197.2   28

-5-

EXHIBIT ___14___

PAGE ___168___

1 | issued to The Marlow-Related Entities at least five calendar days before the date
2 | selected, the parties shall promptly meet and confer to discuss the scheduling for
3 | such deposition.

4 |                    **IT IS SO STIPULATED.**

5 |

6 | DATED: March ~~8~~ April, 2008          KEATS McFARLAND & WILSON LLP

7 |

8 |                                        By
9 |                                           Larry McFarland
                                            Attorneys for Veronica Marlow
10 |

11 | DATED: ~~March~~ April, 2008           QUINN EMANUEL URQUHART OLIVER &
12 |                                        HEDGES, LLP

13 |

14 |                                        By
15 |                                           B. Dylan Proctor
                                            Attorneys for Mattel, Inc.
16 |

17 |                            **ORDER**

18 |

19 |    **IT SO ORDERED.**

20 |

21 | Date:                  , 2008          _____
                                            HON. EDWARD INFANTE
22 |

23 |

24 |

25 |

26 |

27 |

07209/2461197.2 28 |
                                                        -6-
                                        STIPULATION RE MARLOW FINANCIAL OR BANKING RECORDS

EXHIBIT _____14____

PAGE _____169____

# EXHIBIT 15

**THIS EXHIBIT IS FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 16

**THIS EXHIBIT IS FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 17

**THIS EXHIBIT IS FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 18

**THIS EXHIBIT IS FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 19

**THIS EXHIBIT IS FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 20

**THIS EXHIBIT IS FILED UNDER SEAL
PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 21

**THIS EXHIBIT IS FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 22

1 | THOMAS J. NOLAN (Bar No. 066992)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2 | 300 South Grand Avenue
Los Angeles, CA 90071-3144
3 | Telephone: (213) 687-5000
Facsimile: (213) 687-5600
4 | E-mail: tnolan@skadden.com

5 | RAOUL D. KENNEDY (Bar No. 40892)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
6 | Four Embarcadero Center, Suite 3800
San Francisco, CA 94111
7 | Telephone: (415) 984-6400
Facsimile: (415) 984-2698
8 | E-mail: rkennedy@skadden.com

9 | Attorneys for Counter-Defendants,
MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA ENTERTAINMENT
10 | (HK) LIMITED, AND MGAE de MEXICO S.R.L. de C.V.

11 | **UNITED STATES DISTRICT COURT**

12 | **CENTRAL DISTRICT OF CALIFORNIA**

13 | **EASTERN DIVISION**

| | | |
|---|---|---|
| CARTER BRYANT, an individual | ) | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | ) | Consolidated with Case No. 04-9059 and Case No. 05-2727 |
| v. | ) | |
| MATTEL, INC., a Delaware corporation | ) | **MGA ENTERTAINMENT, INC.'S SUPPLEMENTAL RESPONSES TO MATTEL, INC.'S REVISED THIRD SET OF INTERROGATORIES** |
| Defendant. | ) | |
| | ) | Honorable Stephen G. Larson Courtroom 1 |
| | ) | |
| Consolidated with MATTEL, INC. v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | ) | Discovery Cut-Off: March 3, 2008 |

**PROPOUNDING PARTY:**   **MATTEL, INC. ("MATTEL")**

**RESPONDING PARTY:**   **MGA ENTERTAINMENT, INC. ("MGA")**

**SET NUMBER:**   **REVISED THIRD**

11·30

EXHIBIT ___22___

PAGE ___224___

1  California facility. MGA Art Department personnel also used Macintosh desktops
2  and laptops that linked to the snap servers which may have contained files referring
3  to Bratz. Files created with accounting and other back office software applications
4  were saved on sequel servers located in Los Angeles via an application called "Great
5  Plains." MGA personnel's emails were located on an exchange server, also housed
6  in Los Angeles. MGA employees save all company related work files on a file
7  server called the "U Drive," which is also used by MGA Entertainment (HK) Ltd.
8  ("MGA Hong Kong") employees. This Drive is still in production and has been
9  upgraded to a Netapp Storage System.

10  With respect to MGA's offices in Hong Kong prior to January 1, 2002,
11  MGA Hong Kong Art Department personnel utilized Macintosh desktops that linked
12  to a few file servers housed in Hong Kong to store graphic files. MGA Hong Kong
13  personnel connected to the "Great Plains" sequel server located in Southern
14  California. MGA Hong Kong maintained its own exchange server in Hong Kong for
15  emails to and from MGA Hong Kong employees.

16  **INTERROGATORY NO. 41:**

17  IDENTIFY all PERSONS who at any time have been employed by or
18  under contract with MATTEL who are now or have been employed by or under
19  contract with YOU since January 1, 1999, and, for each such PERSON, state his or
20  her name, date of hire or effective date of contract, the date on which YOU first had
21  contact with such PERSON regarding potential employment or contracting, the
22  date(s) on which such PERSON was interviewed for possible employment or
23  contracting, each title (if any) such PERSON has held while employed by or under
24  contract with YOU, and the date of termination (if applicable).

25  **RESPONSE TO INTERROGATORY NO. 41:**

26  MGA incorporates by reference its General Response and General
27  Objections above, as though fully set forth herein and specifically incorporates
28  General Objection No. 7 (regarding Definitions), including but not limited to its

EXHIBIT ___22___

PAGE ___225___

1    objections to the definitions of the term IDENTIFY and further objects to this
2    interrogatory on the grounds that it is overbroad, unduly burdensome, vague and
3    ambiguous both generally and specifically with respect to the terms YOU.  MGA
4    also objects to this interrogatory to the extent it seeks information that is not subject
5    to disclosure under any applicable privilege, doctrine or immunity, including without
6    limitation the attorney-client privilege, the work product doctrine, the right of
7    privacy, and all other privileges recognized under the constitutional, statutory or
8    decisional law of the United States of America, the State of California or any other
9    applicable jurisdiction.

10   **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 41:**

11           MGA incorporates by reference its General Response and General
12   Objections above, as though fully set forth herein and specifically incorporates
13   General Objection No. 7 (regarding Definitions), including but not limited to its
14   objections to the definitions of the term IDENTIFY and further objects to this
15   interrogatory on the grounds that it is overbroad, unduly burdensome, vague and
16   ambiguous both generally and specifically with respect to the terms YOU.  MGA
17   also objects to this interrogatory to the extent it seeks information that is not subject
18   to disclosure under any applicable privilege, doctrine or immunity, including without
19   limitation the attorney-client privilege, the work product doctrine, the right of
20   privacy, and all other privileges recognized under the constitutional, statutory or
21   decisional law of the United States of America, the State of California or any other
22   applicable jurisdiction.

23           Subject to and without waiving the foregoing objections, MGA
24   responds as follows:  the following is a list of all former Mattel employees who have
25   been employed by MGA, MGA Hong Kong or MGAE de MEXICO S.R.L. de C.V.
26   since January 1, 1999:

27

28

EXHIBIT ___22___

PAGE      226

| ACTIVE EMPLOYEES | MGA POSITION | DATES |
|---|---|---|
| Abundis, Ricardo | Dir. of Inventory/Customer Finance | 12/01/04- Present |
| Bate, Ian | Quality Assurance Mgr. | 7/31/06- Present |
| Black, Nanette | SVP, HR | 2/12/07 - Present |
| Bloodworth III, John E. | Prod. Mgr., Games | 08/21/06- Present |
| Bloomfield, Kevin | Sr. Designer | 11/25/02- Present |
| Brawer, Ron | President, Sales, Marketing & Strategic Planning | 10/05/04- Present |
| Brisbois, Janine (CANADA) | VP Nat'l Accts. | 10/04/05- Present |
| Castilla, Jorge | Mgr. Sales Planning | 04/03/06- Present |
| Chang, Suzy | Sr. Development Designer | 08/28/06- Present |
| Cheng, Steve | Sr. Designer | 04/08/02- Present |
| Cody Jr, Gerry | Sr. Designer - Boys Toys | 11/20/06- Present |
| Contreras, Nick | VP Customer Marketing | 11/29/04- Present |
| Cooney Jr., Daniel | VP National Account Mgr. | 05/15/06- Present |
| De La Cruz, Maria | Fashion Design Mgr., Style Guides | 2/12/07 - Present |
| Dixon, Karen | Sr. Producer | 2/19/07 - Present |
| Domingo, Luisito H | Sr. Prelim Dolls Designer | 07/07/03- Present |
| Dominguez, Greg Paul | Prod. Designer | 04/01/02- Present |
| Feldman, Joe | Design Engineer | 12/08/04- Present |
| Forrest, Craig | Prod. Mgr., Games | 5/15/06- Present |
| Garcia, Mia | Dev. Designer | 2/23/05- Present |
| Garcia, Paula | VP Girls Toy Prod. Dev. | 04/17/00- Present |

65

EXHIBIT _____ 22

PAGE _____ 227

| ACTIVE EMPLOYEES | MGA POSITION | DATES |
|---|---|---|
| Gonzalez, Eduardo | Sr. Dir. of Quality Assurance;<br><br>Quality Assurance Mgr. | 10/16/06-Present;<br><br>1/3/05-8/18/05 |
| Hall, Tracy | Sr. Dir. of Prod. Dev., CE/YE | 08/07/06 - Present |
| Hansen, Melody | Face Painter | 03/13/06-Present |
| Hansen, Todd | Packaging Engineer | 5/2/05-Present |
| Hatch, Jill | Sr. Dir., National Sales | 09/18/06 - Present |
| Hinh, Michael | Mgr. Category Adv. | 6/28/05-Present |
| Hsu, Janet | SVP Non Toys Prod. Dev. & Licensing | 3/9/05-Present |
| Kao, Alice | Cust. Marketing Mgr. - Hong Kong Office | 2/21/05-Present |
| Kaufman, Ken | Advertising Exec. | 01/03/05-Present |
| Keller, Pamela E | VP Supply Chain & Operations | 09/25/06 - Present |
| Keossian, Alejandro Gabriel | Gr. Designer | 08/11/03-Present |
| Kim (Lee), Joyce | Sr. Playset Designer | 2/23/05-Present |
| Kim, Young Ran | Sample Maker Specialist | 01/15/04-Present |
| Kirst, Kristen | Hair Designer | 03/31/03-Present |
| Komatsu, Ellen | Sr. Prelim Dolls Designer | 08/25/03-Present |
| Larson, Jill | Sales Associate | 12/20/06-Present |
| Law, Adrian (Chi Shing) | Dev. Design Mgr. | 05/01/06-Present |
| Lumabao, Bo | Prod. Mgr. | 2/14/05-Present |
| Marks, Dorothy | Sample Maker Specialist | 07/26/05-Present |
| Martin, Raymond John | Prod. Mgr. of Consumer Electronics | 02/23/04-Present |
| Min, Aye Aye | Hair Designer | 04/17/06-Present |

66

| ACTIVE EMPLOYEES | MGA POSITION | DATES |
|---|---|---|
| Nakamura, Yumi | Mgr. of Style Guides | 1/22/07-Present |
| Natareno, Marvin | Jr. Project Analyst | 01/03/07-Present |
| Nigoghossian, Christine | Sr. Doll Designer | 04/25/05-Present |
| Ochoa, Laura | Trade Marketing Mgr. | 09/01/04-Present |
| Palijo, Amelia Ivy Arafiles | Sr. Sculptress | 02/23/04-Present |
| Pestonji, Danny | Dir. Prod. Dev. Preschool | 06/01/04-Present |
| Phelan, Denise | Sample Maker Specialist | 01/18/05-Present |
| Phoosopha, Poottipong | Face Painter | 12/08/03-Present |
| Pickard, Michael | Sr. Project Packaging Engineer | 03/22/04-Present |
| Rae, Ronald | SVP, National Account Sales | 03/12/07-Present |
| Ratleff, Leland | Sr. HR Dir. | 12/04/06-Present |
| Ronquillo, Desiree Elisabeth | Sr. Dev. Designer | 05/03/04-Present |
| Ruiz, Micaela | Sample Maker Specialist | 2/13/06-Present |
| Sasic-Koetsier, Natasha | Illustrator | 06/01/04-Present |
| Salazar, Maria Elena | Sample Maker Supervisor | 03/31/03-Present |
| Salemnia, Shirin | Research Mgr. | 02/17/03-Present |
| Scott, Harvey | Sample Maker Specialist | 08/01/05-Present |
| Smith, Steffen J. | Dir. of Package Dev. | 10/13/03-Present |
| Su, Jier | Dir. of Prod. Planning | 8/16/05-Present |
| Soai, Dennis | Dolls Dev. Design Mgr. | 03/04/02-Present |
| Thompson, Marla | Sample Sourcing & Procurement Mgr. | 04/04/05-Present |
| Tran, Chau Ngoc | Sample Maker Specialist | 05/10/04-Present |
| Trueba, Mariana | Marketing Mgr. | 04/26/04-Present |

MGA'S SUPPL. RESPONSES TO MATTEL'S REVISED THIRD SET OF INTERROGATORIES  NO. CV 04-9049 SGL (RNBx)

EXHIBIT _____ 22

PAGE _____ 229

| ACTIVE EMPLOYEES | MGA POSITION | DATES |
|---|---|---|
| Umana, Esteban | Quality Engineer | 03/19/07-Present |
| Upshaw, Gail | Sample Maker Specialist | 5/23/05-Present |
| Vargas, Pablo | Dir. Sales | 04/26/04-Present |
| Wang, Chang-Chin | Assoc. Face Designer | 05/03/04-Present |
| Ward, Lance | Structural Engineer | 08/02/04-Present |
| Whittaker, Dawn | Sr. Prod. Designer | 12/06/04-Present |
| Wong, Jenny | Sr. Gr. Designer | 09/09/02-Present |

| CURRENT MGA INDEPENDENT CONTRACTORS/FREELANCERS/TEMPS | MGA POSITION | DATES |
|---|---|---|
| Augborne, Troy | Structural Engineer (Temp) | 2/26/07 – 3/2/07, 4/16/07 – Present |
| Bryant, Carter | Prod. Designer/Independent Contractor | |
| Zetino, Reyna | Samplemaker, Temp Assignment | 04/13/07 – Present |

| FORMER EMPLOYEES/FREELANCERS | MGA POSITION | DATES |
|---|---|---|
| Aryapour, Daryoush | Creative Ser. Dir. | 10/25/99-04/14/00 |
| Aguilar, Lourdes | Brand Mgr. | 9/01/04-6/11/06 |
| Blaser, Janet | Dev. Designer | 06/14/04-09/10/04 |
| Bower Violette, Mari Joanne | Prod. Mgr. | 10/13/03-03/10/06 |
| Brown, Lilia | Gr. Designer | 03/31/03-05/05/05 |
| Burlando, Gabriella | Prod. Mgr. | 03/5/02-06/27/06 |
| Chonavel, Fabienne | Marketing Mgr. | 04/10/02-08/23/02 |
| Dailey, Christine | VP Prod. Dev. | 05/07/01-11/22/02 |
| Feicht, Steve | Artist/Jr. Designer Freelancer | 07/18/02-Unknown |

68

EXHIBIT _____22_____

PAGE _____230_____

| FORMER EMPLOYEES/FREELANCERS | MGA POSITION | DATES |
|---|---|---|
| Gillmour, Kami | VP Marketing | 05/24/99-07/14/00 |
| Hardouin, Christopher | Project Mgr. | 06/04/01-07/23/04 |
| Hitch, Martin | VP Int'l Sales | 01/04/01-06/04/02 |
| Ho, Jeff | Sr. Prod. Artist Freelancer | Unknown-10/04 |
| Huntley, James | Independent Contractor – Miuchiz;  VP Marketing | 08/17/06 – Unknown;  5/23/05-08/16/06 |
| Kagan, Randi | Marketing Dir. | 09/23/02-07/22/03 |
| Koch, Andreas | Prod. Mgr. | 10/18/99-01/11/01 |
| Leahy, Margaret | Sr. Sculptor | Temp To Perm. Eff. 4/4/05 - 03/06/07 |
| Mayer, Lyn Carol | Fabric Artist | 07/21/03-05/05/05 |
| McBride, Susan | Prod. Dir., Games | 06/03/02-01/25/07 |
| Mils, Frank | Mgr. of Quality Assurance | 03/20/06-07/07/06 |
| Nguyen, Xuanlan T | Pattern Maker | 05/19/03-01/03/05 |
| O'Brien, Gary Thomas | Field Sales Dir. | 05/10/04-07/22/04 |
| Otero, Jose | Web Designer | 08/11/03-2/1/06 |
| Owen, Dan | Sr. Playset Mgr. | 08/23/04-12/13/05 |
| Parasole, Nicolletta | Gr. Designer | 01/05/04-6/27/05 |
| Parkinson, Ana Mancia | Dev. Designer | 05/10/04-01/03/07 |
| Rambeau, Roger | VP Operations | 05/13/96-04/03/98 |
| Ramirez, Andrea | Key Account Mgr. | 04/05/05-12/12/06 |
| Reed, Wendy | Soft Goods Spec. | 11/06/00-01/12/01 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MGA'S SUPPL. RESPONSES TO MATTEL'S REVISED THIRD SET OF INTERROGATORIES  NO. CV 04-9049 SGL (RNBx)

EXHIBIT ___22___

PAGE ___231___

| FORMER EMPLOYEES/FREELANCERS | MGA POSITION | DATES |
|---|---|---|
| Reyes, Scot Anthony | Sm. Doll Designer | 05/23/04-3/11/05 |
| Rhee, Anna | Doll Face Design Freelancer | 1/4/07 - 2/13/07 |
| Ross, Lon | Marketing Dir. | 11/13/00-08/03/01 |
| Schwartz, Dena | Sr. Prod. Mgr. | 05/21/01-04/08/02 |
| Shaver, Brandi | Gr. Designer | 05/03/04-06/30/06 |
| Stinnett, Holly | Sr. Brand Mgr. | 07/21/03-1/12/05 |
| Tawil, Lisa | Licensing Coord. | 04/08/02-07/18/03 |
| Terry, Gord | Dir. of Sales | 10/01/01-06/06/02 |
| Ward, Mercedeh | Sr. Prod. Designer | 10/00-1/01; 3/7/05-8/5/05 |
| Whitaker, Joseph | Consultant | 11/05/96-03/97 |
| Williams, Patrick | SVP Sales | 01/07/01-05/29/01 |
| Wong, Tong | Dev. Designer | 03/10/03-05/16/03 |
| Wright, Cherrise | Soft Goods Mgr. | 05/03/04-8/24/05 |
| Zbojniewicz, Dave | Dir. Bus. Planning/Independent Contractor | 04/04-09/04 |

DATED:  November 30, 2007

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

By: _____

Thomas J. Nolan
Attorneys for Counter-Defendants, MGA
ENTERTAINMENT, INC., ISAAC LARIAN,
MGA ENTERTAINMENT (HK) LIMITED,
AND MGAE de MEXICO S.R.L. de C.V.

70

EXHIBIT ___22___

PAGE ___232___

# EXHIBIT 23

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:   (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. Stephen G. Larson<br><br>**DISPUTED PROPOSED JURY INSTRUCTIONS**<br><br>**Phase 1:**<br><br>Pre-Trial Conference:   May 19, 2008<br>Trial Date:   May 27, 2008 |

EXHIBIT 23

PAGE 233

1        The parties hereby submit the following disputed proposed jury instructions
2  for Phases 1A and 1B of the trial in this matter. The disputed jury instructions
3  proposed by Mattel are attached as Exhibit A; the disputed jury instructions
4  proposed by MGA Entertainment, Inc., MGA Entertainment (HK) Limited, Isaac
5  Larian and/or Carter Bryant (collectively, "defendants") are attached as Exhibit B.
6  The parties request and reserve the right to amend, modify, withdraw and/or
7  supplement the following instructions before or during the trial of this matter. The
8  parties intend to submit further proposed jury instructions depending upon and
9  based upon rulings issued in connection with their pending motions for partial
10  summary judgment, any motions *in limine* or other pre-trial or trial motions, and
11  the evidence and theories proffered by the parties during the course of the trial.
12  *See Fed. R. Civ. P.* 51A.

14  DATED: May 5, 2008         QUINN EMANUEL URQUHART OLIVER &
                       HEDGES, LLP

                       By _____
                          Jon D. Corey
                          Attorneys for Mattel, Inc.

85273.4

Case No. CASE NO. CV 04-9049 SGL (RNBx)
DISPUTED PROPOSED JURY INSTRUCTIONS

EXHIBIT ___23___

PAGE ___234___

# EXHIBIT A

EXHIBIT __23__

PAGE __235__

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## MATTEL'S SPECIAL JURY INSTRUCTION NO. ____
### EVIDENCE OF SPOLIATION

During the trial, the plaintiff, Mattel, intends to introduce evidence that the defendants, including Carter Bryant, MGA, MGA's CEO Isaac Larian and/or MGA Hong Kong, did not preserve evidence relevant to this case. In certain circumstances, you may assume that such evidence is or would have been favorable to Mattel and adverse to the defendants. At the end of the trial, I will instruct you on the law in this regard.

**Authority:** *Glover v. BIC Corp.*, 6 F.3d 1318, 1329 (9th Cir.1993); *Akonia v. United States*, 938 F.2d 158, 161 (9th Cir.1991), cert. denied, 503 U.S. 962 (1992); *Housing Rights Center v. Sterling*, 2005 WL 3320739, *8 (C.D. Cal. 2005); *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 110 (2d Cir.2002); *Rogers v. T.J. Samson Community Hosp.*, 276 F.3d 228, 232-33 (6th Cir.2002). This instruction will appropriately explain to the jury, at the start of trial, why evidence will be presented regarding the defendants' spoliation of evidence. Without any foundational instruction, the jury may be confused by the presentation of spoliation evidence. This instruction lays an appropriate foundation for the presentation of such evidence.

EXHIBIT ___23___

PAGE ___236___

## CACI 2201

## INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS

Mattel claims that MGA and Isaac Larian intentionally interfered with the contracts between Mattel and Carter Bryant.  To establish this claim, Mattel must prove all of the following:

1.   That there was a contract or contracts between Mattel and Carter Bryant;

2.   That MGA and/or Mr. Larian knew of the contract;

3.   That MGA and/or Mr. Larian intended to disrupt the performance of this contract;

4.   That the conduct of MGA and/or Mr. Larian prevented performance or made performance more difficult;

5.   That Mattel was harmed; and

6.   That the conduct of MGA and/or Mr. Larian was a substantial factor in causing Mattel's harm.

**Authority:** CACI No. 2201.

85273.4

-9-

EXHIBIT ___23___

PAGE ___237___

1  ## MATTEL'S SPECIAL JURY INSTRUCTION NO. ___
2  ## INTENTIONAL INTERFERENCE WITH CONTRACTUAL
3  ## RELATIONS—PREVIOUS FINDINGS OF THE COURT

4

5  The Court has already found as a matter of law that the first, third and fifth
6  elements of Mattel's claim against MGA and Isaac Larian for intentional
7  interference with contractual relations have been met.  Accordingly, if you find
8  that MGA or Mr. Larian knew about the contract or contracts between Mattel and
9  Mr. Bryant and that MGA's or Mr. Larian's conduct prevented performance or
10 made performance more difficult, then you should find MGA and/or Mr. Larian
11 liable for intentional interference with contractual relations.

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

-85273.4

Case No. CASE NO. CV 04-9049 SGL (RNBx)
MATTEL'S PROPOSED JURY INSTRUCTIONS

EXHIBIT ___23___

PAGE ___238___

# EXHIBIT 24

**THIS EXHIBIT IS FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 25

1

1        UNITED STATES DISTRICT COURT

2        CENTRAL DISTRICT OF CALIFORNIA

3            EASTERN DIVISION

4            - - -

5    HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING

6            - - -

7    CARTER BRYANT, ET. AL.,            )
                                        )
8                      PLAINTIFFS,      )
                                        )
9            VS.                        )   NO. ED CV 04-09049
                                        )   (LEAD LOW NUMBER)
10   MATTEL, INC., ET. AL.,            )
                                        )
11                     DEFENDANTS.      )   EX-PARTE APPLICATIONS
     _____)   RE:  DISCOVERY
12   AND CONSOLIDATED ACTIONS,         )
     _____)
13

14

15        REPORTER'S TRANSCRIPT OF PROCEEDINGS

16            RIVERSIDE, CALIFORNIA

17          MONDAY, FEBRUARY 4, 2008

18             10:15 A.M.

19

20

21

22

23        THERESA A. LANZA, RPR, CSR
          FEDERAL OFFICIAL COURT REPORTER
24         3470 12TH STREET, RM. 134
          RIVERSIDE, CALIFORNIA  92501
25             951-274-0844
          CSR11457@SBCGLOBAL.NET

```
 1    APPEARANCES:

 2    ON BEHALF OF CARTER BRYANT:

 3                        KEKER & VAN NEST
                          BY:  MICHAEL PAGE
 4                        710 SANSOME STREET
                          SAN FRANCISCO, CALIFORNIA  94111-1704
 5                        415-391-5400

 6
      ON BEHALF OF MATTEL:
 7
                          QUINN EMANUEL
 8                        BY:  JOHN QUINN
                          BY:  JON COREY
 9                        865 S. FIGUEROA STREET,
                          10TH FLOOR
10                        LOS ANGELES, CALIFORNIA  90017
                          213-624-7707
11

12    ON BEHALF OF MGA ENTERTAINMENT:

13                        SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
                          BY:  THOMAS J. NOLAN
14                        BY:  CARL ALAN ROTH
                          BY:  ROBERT JAMES HERRINGTON
15                        300 SOUTH GRAND AVENUE
                          LOS ANGELES, CALIFORNIA  90071-3144
16                        213-687-5000

17
      ON BEHALF OF GUSTAVO MACHADO:
18
                          OVERLAND BORENSTEIN SCHEPER & KIM LLP
19                        BY:  ALEXANDER H. COTE
                          300 SOUTH GRAND AVENUE
20                        SUITE 2750
                          LOS ANGELES, CALIFORNIA  90071
21                        213-613-4660

22
      ON BEHALF OF CLOONAN, MARLOW & LEAHY:
23
                          KEATS MCFARLAND & WILSON LLP
24                        BY:  LARRY W. MCFARLAND
                          9720 WILSHIRE BOULEVARD
25                        BEVERLY HILLS, CA  90212
                          310-777-3750
```

FEBRUARY 4, 2008      EXHIBIT           ED CV 04-9059-SGL

                      PAGE 

3

APPEARANCES CONTINUED:

ON BEHALF OF NON-PARTY CHRISTENSEN GLASER:

                    CHRISTENSEN, GLASER, FINK, JACOBS,
                     WEIL & SHAPIRO, LLP
                    BY:  SCOTT E. GIZER
                    10250 CONSTELLATION BOULEVARD
                    LOS ANGELES, CA  90067
                    310-553-3000


ON BEHALF OF THIRD PARTIES ANA CABRERA & BEATRIZ MORALES:

                    ALLRED, MAROKO & GOLDBERG
                    BY:  RAMIT MIZRAHI
                    6300 WILSHIRE BOULEVARD,
                    SUITE 1500
                    LOS ANGELES, CA  90048
                    323-653-6530


ON BEHALF OF THIRD PARTY WITNESS GENTLE GIANT STUDIOS:

                    BAUTE & TIDUS LLP
                    BY:  HENRY H. GONZALEZ
                    777 S. FIGUEROA STREET,
                    SUITE 4900
                    LOS ANGELES, CA  90017
                    213-630-5000


ON BEHALF OF WACHOVIA:

                    DAVIS POLK & WARDWELL
                    BY:  NEAL A. POTISCHMAN
                    1600 EL CAMINO REAL
                    MENLO PARK, CA  94025
                    650-752-2000


ON BEHALF OF KAMI GILMOR:

                    BUCHALTER NEMER
                    BY:  JOHN PATRICK PETRULLO
                    1000 WILSHIRE BOULEVARD,
                    SUITE 1500
                    LOS ANGELES, CA  90017-2457
                    213-891-0700

FEBRUARY 4, 2008   EXHIBIT ___25___   ED CV 04-9059-SGL

PAGE ___260___


4

1                                    I N D E X

2                                                      PAGE

3    HEARING..........................................    5

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

FEBRUARY 4, 2008  EXHIBIT ____ 25 _____ ED CV 04-9059-SGL

PAGE ___ 26

5

1     RIVERSIDE, CALIFORNIA; MONDAY, FEBRUARY 4, 2008; 10:15 A.M.

2                          -oOo-

3          **THE CLERK:**  CALLING CALENDAR ITEM NUMBER FIVE, IN THE

4     MATTER OF CARTER BRYANT VERSUS MATTEL, INC., AND ALSO RELATED

5     CONSOLIDATED ACTIONS, CASE NUMBER CV 04-9059.                    10:15

6          MAY WE HAVE COUNSEL PLEASE STATE YOUR APPEARANCES.

7          **MR. QUINN:**  GOOD MORNING, YOUR HONOR.

8     JOHN QUINN, JON COREY FOR MATTEL.

9          **THE COURT:**  MR. QUINN, MR. COREY, GOOD MORNING.

10         **MR. NOLAN:**  GOOD MORNING, YOUR HONOR.                    10:15

11    TOM NOLAN, CARL ROTH, AND ROB HERRINGTON ON BEHALF OF

12    THE MGA DEFENDANTS.

13         **THE COURT:**  GOOD MORNING, COUNSEL.

14         **MR. COTE:**  GOOD MORNING, YOUR HONOR.

15    ALEXANDER COTE ON BEHALF OF CARLOS GUSTAVO MACHADO.              10:15

16         **THE COURT:**  COUNSEL.

17         **MR. MCFARLAND:**  LARRY MCFARLAND ON BEHALF OF

18    NONPARTIES MS. CLOONAN, MS. LEAHY, AND MS. MARLOW.

19         **THE COURT:**  MR. MCFARLAND, GOOD MORNING.

20         **MR. GIZER:**  GOOD MORNING, YOUR HONOR.

21    SCOTT GIZER FROM CHRISTENSEN & GLASER ON BEHALF OF

22    NON-PARTY CHRISTENSEN & GLASER.

23         **THE COURT:**  GOOD MORNING.

24         **MR. PAGE:**  GOOD MORNING, YOUR HONOR.

25    MICHAEL PAGE ON BEHALF OF CARTER BRYANT.                        10:15

FEBRUARY 4, 2008    EXHIBIT ___25___

                    PAGE ___262___        ED CV 04-9059-SGL

```
 1    FILE IT ON WEDNESDAY OF THIS WEEK.

 2              THE COURT:  ALL RIGHT.

 3         SO YOU WOULD BE ABLE TO FILE FEBRUARY 6TH.

 4         HOW MUCH TIME WOULD YOU NEED FOR A REPLY, MR. QUINN

 5    AND MR. COREY?                                              10:41

 6              MR. QUINN:  COULD WE HAVE UNTIL MONDAY, THE 11TH?

 7    FRIDAY?

 8              THE COURT:  THE 18TH IS A HOLIDAY.  THE COURT'S IN A

 9    LONG TRIAL RIGHT NOW THAT'S GOING TO TAKE TUESDAY THROUGH

10    FRIDAY OF THIS WEEK, TUESDAY AND WEDNESDAY OF NEXT WEEK.  I'M   10:41

11    SITTING BY DESIGNATION ON THE NINTH CIRCUIT THE 14TH AND 15TH;

12    AND THEN WE START ANOTHER CASE ON THE 19TH.  I REALLY HAVE TO

13    DO THESE HEARINGS ON MONDAYS, WHICH MEANS WE HAVE THE 4TH,

14    11TH, AND THE 25TH.

15         I WAS HOPING THAT MAYBE WE COULD HEAR THIS ON THE         10:42

16    11TH.

17              MR. QUINN:  WE'LL DO THE REPLY ON THE 8TH,

18    YOUR HONOR, IF THAT WORKS.

19              THE COURT:  THAT'S GREAT.

20         AND YOU'LL MAKE SURE THAT I GET THAT COURTESY COPY ON    10:42

21    THE 8TH, IF YOU WANT ME TO READ IT.

22              MR. QUINN:  YES, YOUR HONOR.  WE WOULD APPRECIATE IT.

23              THE COURT:  SO FEBRUARY 6TH WILL BE THE OPPOSITION;

24    FEBRUARY 8TH WILL BE THE REPLY; AND THEN WE'LL HAVE THE HEARING

25    ON THIS MOTION ON FEBRUARY 11TH.  AND I WILL GRANT A STAY      10:42
```

FEBRUARY 4, 2008   EXHIBIT _____   ED CV 04-9059-SGL

PAGE _____

1    THROUGH FEBRUARY 11TH.

2           SO THAT EX-PARTE APPLICATION IS GRANTED TO THE EXTENT

3    THAT IT'S SEEKING A STAY THROUGH THE HEARING; I'M JUST

4    ADVANCING THE HEARING DATE FOR MARCH 3RD, WHICH WAS THE NOTICE

5    DATE, TO FEBRUARY 11TH.                                        10:42

6           LET ME NEXT DEAL WITH THE DEPOSITIONS.  THERE'S

7    REALLY, DEPENDING ON HOW WE COUNT, THREE EX-PARTE APPLICATIONS

8    HERE.  THERE'S THE ORIGINAL EX-PARTE APPLICATION TO COMPEL THE

9    APPEARANCE OF ANA CABRERA, BEATRIZ MORALES, AND MARIE SALAZAR;

10   AND THEN A SUPPLEMENT TO AN EX-PARTE APPLICATION TO INCLUDE TO  10:43

11   THAT LIST MEL WOODS.

12          AND THEN THERE IS THE EX-PARTE APPLICATION TO COMPEL

13   THE DEPOSITIONS OF DAPHNE GRONICH, JOE TIONGCO, MARIANA TRUEBA,

14   PABLO VARGAS, MGA INTERTAINMENT, MGA E DE MEXICO; AND THEN, AS

15   I'VE WRITTEN IN SHORTHAND, A BUNCH OF OTHER DEPOSITIONS AS      10:43

16   WELL; LEAVE TO TAKE THE DEPOSITIONS IN FEBRUARY OF 2008 OF

17   NUMEROUS OTHER DEPONENTS.

18          THESE ARE BASICALLY THE DEPOSITIONS THAT MR. QUINN --

19   AND THE ARGUMENTS AND THE PROBLEMS HAVE BEEN BROKEN DOWN INTO

20   KIND OF THE SEVEN CATEGORIES THAT MR. QUINN JUST SPOKE TO.     10:43

21          MY INITIAL THOUGHT ON THIS, HAVING GONE THROUGH ALL

22   OF THIS, IS THAT WE SHOULD, HOPEFULLY, FIRST OF ALL, ONLY BE

23   TAKING DEPOSITIONS NOW THAT RELATE TO PHASE ONE.  AND TO THE

24   EXTENT THAT ANY OF THESE DEPOSITIONS RELATE TO PHASE TWO,

25   NO ONE'S RIGHTS HAVE BEEN COMPROMISED, NO LEAVE IS BEING       10:44

FEBRUARY 4, 2008  EXHIBIT ___25___  ED CV 04-9059-SGL

PAGE ___264___

 1 | WITHDRAWN, BUT THEY'RE SIMPLY GOING TO BE HANDLED AFTER THE
 2 | PHASE ONE TRIAL.
 3 |     SECONDLY, TO THE EXTENT THAT MOTIONS TO QUASH OR
 4 | CHALLENGES TO THE SERVICE HAVE BEEN BROUGHT BEFORE
 5 | JUDGE INFANTE, JUDGE INFANTE HAS TO RULE ON THOSE.     10:44
 6 |     MATTEL BROUGHT AN EX-PARTE APPLICATION FOR A
 7 | CLARIFICATION REGARDING THE DISCOVERY MASTER ORDER, AND THEY
 8 | ASKED THE COURT TO MAKE A VERY FIRM STATEMENT THAT ALL
 9 | DISCOVERY MATTERS, THE FIRST IMPRESSION, GO TO THE DISCOVERY
10 | MASTER; AND I GRANTED THAT APPLICATION.     10:44
11 |     I COULD NOT HAVE USED, I DON'T THINK, CLEARER
12 | LANGUAGE THAT DISCOVERY DISPUTES IN THE FIRST INSTANCE NEED TO
13 | GO TO THE DISCOVERY MASTER AND NOT COME TO THIS COURT BY WAY OF
14 | EX-PARTE APPLICATION.
15 |     SO WHAT'S GOOD FOR ONE SIDE IS GOOD FOR THE OTHER,     10:45
16 | AND I THINK THAT THOSE MOTIONS TO QUASH -- LEAVE WAS AFFORDED
17 | TO TAKE THE DEPOSITIONS, BUT THAT DOESN'T EVISCERATE THE NEED
18 | TO PROPERLY SERVE AND PROPERLY NOTICE THOSE DEPOSITIONS.
19 | THAT'S WHAT'S BEING CHALLENGED.
20 |     I'M NOT PASSING ANY JUDGMENT AS TO WHETHER OR NOT ONE     10:45
21 | SIDE IS RIGHT OR THE OTHER SIDE IS WRONG. BUT I THINK IF I GET
22 | INTO THE BUSINESS OF DECIDING SOME OF THESE AND TAKING SOME OF
23 | THEM BACK FROM JUDGE INFANTE, IT JUST CREATES A MESS, QUITE
24 | FRANKLY. AND I KNOW THERE'S A TREMENDOUS BURDEN ON
25 | JUDGE INFANTE. JUDGE INFANTE IS RECEIVING, I THINK, ADEQUATE     10:45

FEBRUARY 4, 2008   EXHIBIT 25   ED CV 04-9059-SGL

PAGE 265

1   COMPENSATION FOR THE BURDEN THAT'S BEING PLACED ON HIM, AND I

2   THINK HE'S DOING A FABULOUS JOB OF MANAGING THIS.  I WILL CALL

3   HIM THIS AFTERNOON AND LET HIM KNOW THAT ANY MATTER RELATED TO

4   PHASE TWO DOES NOT NEED TO BE RESOLVED RIGHT NOW.  TO THE

5   EXTENT THAT THERE HAVE BEEN CHALLENGES MADE TO PHASE TWO          10:45

6   DEPONENTS, YOU CAN PUT THAT OFF.  THAT'S NOT TO SAY THAT HE'S

7   NOT GOING TO HAVE TO CROSS THAT BRIDGE AT SOME TIME; HE

8   CERTAINLY WILL; BUT I THINK THAT WILL FREE UP THE TIME TO

9   ADDRESS THOSE MATTERS THAT RELATE TO PHASE ONE.

10        AND THEN TO THE EXTENT THAT MATTEL OR MGA OR              10:46

11   CARTER BRYANT OR ANYBODY ELSE DISAGREES WITH THE DECISION MADE

12   BY JUDGE INFANTE, THEN THAT CAN BE BROUGHT BEFORE THIS COURT,

13   AND I WOULD CERTAINLY DO ALL THAT I CAN TO HEAR THAT ON AN

14   EXPEDITED BASIS.

15        WHAT I DON'T THINK IS PROPER FOR THIS COURT TO DO IS    10:46

16   TO START ISSUING DISCOVERY ORDERS THAT MAY OR MAY NOT CONFLICT

17   WITH EARLIER POSITIONS THAT JUDGE INFANTE HAS TAKEN.  I THINK

18   THAT JUST MAKES A MESS OF THE WHOLE THING.

19        SO THAT'S KIND OF THE TWO-PRONGED APPROACH THAT I

20   THOUGHT WE WOULD TAKE THROUGH THIS TO HOPEFULLY KEEP THIS     10:46

21   GOING.

22        AS FAR AS, HOWEVER, THE DEPOSITIONS THAT I'VE GIVEN

23   LEAVE TO TAKE THAT ARE PHASE ONE DEPOSITIONS, I GUESS A THIRD

24   ASPECT OF THE ORDER WOULD BE THAT, YES, PLAINTIFF DOES HAVE

25   LEAVE TO TAKE THOSE, EVEN IF THAT MEANS TAKING THEM IN        10:46

1    FEBRUARY.  THE DISCOVERY CUTOFF DATE HAS COME AND GONE.  NO NEW

2    DISCOVERY REQUESTS ARE MADE.  BUT TO THE EXTENT THAT ADDITIONAL

3    DISCOVERY NEEDS TO BE TAKEN RELATED TO PHASE ONE THAT ONE OR

4    EITHER OF THE SIDES HAS RECEIVED LEAVE TO TAKE, THAT'S GOING TO

5    HAVE TO BE DONE IN FEBRUARY.  AND WE NEED TO GET IT DONE SO          10:47

6    THAT WE DON'T COMPROMISE OUR SCHEDULE HERE.

7            THE EXPERT REPORTS ARE GOING TO BE DUE IN FEBRUARY

8    AND MARCH.  WE HAVE FILINGS OF MOTIONS *IN LIMINE* ON MAY 5TH.

9    BUT MOST IMPORTANTLY, WE HAVE A DISPOSITIVE MOTION CUTOFF DATE

10   ON MARCH 31ST.  I SAW A PREVIEW OF COMING ATTRACTIONS IN            10:47

11   MR. NOLAN'S BRIEF, AND SEVERAL OTHER PLACES, SO I KNOW THAT

12   THERE ARE MOTIONS IN THE WORKS AND I KNOW THAT WE NEED TO START

13   FOCUSING ON THOSE, BUT WE DO HAVE TO GET THROUGH THIS DISCOVERY

14   FOR WHICH PARTIES HAVE BEEN AFFORDED LEAVE; SO IT'S GOING TO BE

15   BUSY A MONTH.                                                        10:47

16           THOSE ARE KIND OF THE THREE GENERAL PARAMETERS THAT I

17   WANT TO USE TO RESOLVE THESE MOTIONS, AND I'D LIKE TO ENTERTAIN

18   THOUGHTS FROM WHOEVER AT THIS POINT CONCERNING THOSE.

19           MR. QUINN:  I'M NOT GOING TO ARGUE.  I'M JUST GOING

20   TO MAKE OBSERVATIONS.                                               10:48

21           MR. NOLAN:  YOUR HONOR, I WAS GOING TO ARGUE, SO

22   MAYBE --

23           THE COURT:  I'LL LET MR. QUINN GO FIRST.  IT IS HIS

24   APPLICATION.

25           YOU'LL HAVE THE LAST WORD, MR. NOLAN.                       10:48

84

1    AND MR. QUINN WERE ASKED TO FILE A RESPONSE OR A REPLY TO THE

2    COURT WITH RESPECT TO THE CIRCUMSTANCES.

3            **THE COURT:**  I THINK THEY INDICATED THAT THEY ALREADY

4    HAVE FILED A REPLY AND THAT THERE'S INFORMATION CONCERNING THAT

5    ON THIS.                                                          12:00

6            **MR. NOLAN:**  I APOLOGIZE FOR NOT UNDERSTANDING.

7            **THE COURT:**  AM I RIGHT, MR. QUINN?

8            **MR. QUINN:**  THAT WAS MY UNDERSTANDING.

9            **THE COURT:**  THEY JUST DIDN'T KNOW ANYTHING ABOUT THE

10   REPLY; THAT WAS SOMEBODY ELSE WHO WROTE THAT; SO THEY DON'T       12:00

11   WANT TO TALK TO ME ABOUT IT RIGHT NOW.

12            THANK YOU.  GOOD AFTERNOON.

13

14

15

16

17

18                            CERTIFICATE

19

20   I HEREBY CERTIFY THAT PURSUANT TO SECTION 753, TITLE 28, UNITED
     STATES CODE, THE FOREGOING IS A TRUE AND CORRECT TRANSCRIPT OF
21   THE STENOGRAPHICALLY RECORDED PROCEEDINGS HELD IN THE ABOVE-
     ENTITLED MATTER AND THAT THE TRANSCRIPT PAGE FORMAT IS IN
22   CONFORMANCE WITH THE REGULATIONS OF THE JUDICIAL CONFERENCE OF
     THE UNITED STATES.

23

24   _____        _2-13-08_
     THERESA A. LANZA, CSR, RPR                  DATE
25   FEDERAL OFFICIAL COURT REPORTER


EXHIBIT ____25____

FEBRUARY 4, 2008                              ED CV 04-9059-SGL

PAGE ____208____

# EXHIBIT 26

**THIS EXHIBIT IS FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 27

**THIS EXHIBIT IS FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 28

**THIS EXHIBIT IS FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 29

**THIS EXHIBIT IS FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**