QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727 |
| vs. | |
| MATTEL, INC., a Delaware corporation, | MATTEL, INC.'S REPLY IN SUPPORT OF MOTION OBJECTING TO PORTIONS OF DISCOVERY MASTER'S APRIL 11, 2008 ORDER GRANTING IN PART MGA'S MOTION TO COMPEL MATTEL TO PRODUCE A WITNESS PURSUANT TO NOTICE OF DEPOSITION UNDER RULE 30(b)(6) |
| Defendant. | |
| AND CONSOLIDATED ACTIONS | |
| | Date:  May 12, 2008<br>Time:  10:00 a.m.<br>Place:  Courtroom 1 |
| | **Phase 1**<br>Pre-Trial Conference:  May 19, 2008<br>Trial Date:  May 27, 2008 |

07209/2495435.3

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT .................................................................................. 1

ARGUMENT ............................................................................................................... 2

I.   THE DISCOVERY MASTER'S ORDER REQUIRES MATTEL TO SUBMIT TO DEPOSITION ON IMPERMISSIBLY CUMULATIVE AND DUPLICATIVE TOPICS .......................................................................... 2

   A.   MGA Offers No Compelling Justification For Topics 9, 11, 13, 14, 15, And 16............................................................................................ 2

   B.   MGA, Not Mattel, Has Failed To Offer Any Grounds Whatsoever To Justify Its Other Duplicative And Cumulative Topics...................................................................................................... 6

II.  THE DISCOVERY MASTER'S ORDER REQUIRES MATTEL TO SUBMIT TO DEPOSITION ON IMPERMISSIBLY BURDENSOME TOPICS ............................................................................................................ 7

III. THE DISCOVERY MASTER'S ORDER CONTRAVENES THIS COURT'S ORDERS ............................................................................................ 9

   A.   MGA Offers No Justification As To Why It Should Be Permitted To Take Mattel's Deposition On Issues That Are Moot Under The Court's Summary Judgment Ruling ................................................ 9

   B.   MGA Offers No Justification As To Why It Should Be Permitted To Take Mattel's Deposition On Topics Relating Solely To Phase 2 Matters ................................................................................... 10

CONCLUSION........................................................................................................... 12

Case No. CV 04-9049 SGL (RNBx)

MATTEL'S REPLY ISO MOTION OBJECTING TO DISCOVERY MASTER'S APRIL 11, 2008 ORDER GRANTING MGA'S MOTION TO COMPEL ADDITIONAL RULE 30(b0(6) TESTIMONY

1

# **TABLE OF AUTHORITIES**

2
**Page(s)**

3

## **Cases**

4

Independent Towers of Washington v. Washington,
5
   350 F.3d 925 (9th Cir. 2003)...................................................................... 6

6
Kohler v. Inter-Tel Tech.,
7
   244 F.3d 1167 (9th Cir. 2001).................................................................. 6

8
Sekiya v. Gates,
   508 F.3d 1198 (9th Cir. 2001).................................................................. 6
9

10

## **Statutes**

11
Local Rule 72-2.1 ...................................................................................... 6

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MATTEL'S REPLY ISO MOTION OBJECTING TO DISCOVERY MASTER'S APRIL 11, 2008 ORDER
GRANTING MGA'S MOTION TO COMPEL ADDITIONAL RULE 30(b0(6) TESTIMONY

**Preliminary Statement**

1

2          MGA's Opposition is remarkable for what it omits.  A basic premise

3  underlying Mattel's Objections, as well as the <u>Federal Rules</u>, is that Mattel should

4  not be required to produce a witness to testify for MGA twice on the same topics.

5  MGA claims deposing Mattel again on the same topics would be proper because the

6  first time it deposed Mattel it did so on a notice "served by Bryant's attorneys only,

7  not MGA's." (Opp. at 2.)  Thus, because MGA now seeks Mattel deposition, again,

8  but pursuant to MGA's notice, that makes all the difference.  This exalts form over

9  substance.  MGA deposed Mattel's witnesses for three-quarters or more of all of

10  Mattel's total <u>Rule</u> 30(b)(6) depositions pursuant to "Bryant's" notices—and MGA

11  did so on topics that were identical or virtually identical to the topics in MGA's

12  belated notice.  MGA does not dispute this.  MGA moved to compel Mattel to

13  produce <u>Rule</u> 30(b)(6) witnesses pursuant to "Bryant's" notices.  This, MGA does

14  not dispute.  After being expressly warned by Mattel that it would not be able to

15  seek duplicative deposition testimony from Mattel, MGA continued to take Mattel's

16  deposition testimony pursuant to "Bryant's" notices rather than serving its own <u>Rule</u>

17  30(b)(6) notice tailored to its own claims and defenses.  MGA does not dispute this

18  either.  It has not answered these statements because it has no compelling

19  justification for the deposition testimony it now seeks.

20          Instead, MGA's whole argument justifying the Discovery Master's

21  Order is that Mattel once sought and was granted leave to serve additional notices.

22  MGA ignores that Mattel presented "good cause" for its additional notices.  But

23  instead of seeking to justify why it should have been granted a second bite of the

24  apple, MGA merely complains that if it is not permitted to take Mattel's deposition

25  on topics that it already deposed Mattel, somehow MGA will be subjected to a

26  "double standard." (Opp. at 8.)  That is not "good cause" for MGA's duplicative and

27  onerous notice.  Nor could it be.  Similarly, instead of even attempting to justify the

28  substantial burdens that its topics would impose on Mattel, MGA merely concludes

-1-

Case No. CV 04-9049 SGL (RNBx)

MATTEL'S REPLY ISO MOTION OBJECTING TO DISCOVERY MASTER'S APRIL 11, 2008 ORDER
GRANTING MGA'S MOTION TO COMPEL ADDITIONAL RULE 30(b)(6) TESTIMONY

1 | that it must be so because Mattel's notices were granted. Discovery is not a game of

2 | tit-for-tat, yet that is what the illogic of MGA's argument would require.

3 | MGA states that "Mattel cannot credibly argue that it is entitled to

4 | multiple 30(b)(6) notices . . . while MGA is entitled to none." (Opp. at 8.) Mattel

5 | contends no such thing. Mattel does contend, however, that MGA is not entitled to

6 | depose Mattel on topics that are duplicative of depositions that MGA already took,

7 | that are unduly burdensome or that have been precluded by this Court's Orders.

8 | **Argument**

9 | **I.    THE DISCOVERY MASTER'S ORDER REQUIRES MATTEL TO**

10 | **SUBMIT TO DEPOSITION ON IMPERMISSIBLY CUMULATIVE**

11 | **AND DUPLICATIVE TOPICS**

12 | **A.    MGA Offers No Compelling Justification For Topics 9, 11, 13, 14,**

13 | **15, And 16**

14 | Mattel's Objections demonstrated that MGA had deposed Mattel,

15 | pursuant to "Bryant's" notice, on many of the topics on which MGA seeks to depose

16 | Mattel a second time. MGA does not deny this. It merely reiterates its assertion

17 | that the notices must be different because they are different notices. That is not

18 | argument—it is tautology.

19 | MGA's Topics No. 11, 13, 14, and 15: MGA offers little to defend its

20 | cumulative and duplicative topics. It does not, because it cannot. Topics No. 11 and

21 | 13 seek the "when" and "how" Mattel became aware of Bryant's role in the creation

22 | of Bratz and his performance of services for MGA. Topics No. 14 and 15 seek

23 | information regarding Mattel's knowledge of Bryant's contacts with MGA and his

24 | employment at MGA.

25 | As set forth in Mattel's Objections—and not contested by MGA—

26 | MGA amply deposed Mattel on the subject of Mattel's knowledge of Bryant's

27 | wrongdoing pursuant to Topics 15, 16, 17 and 18 of Bryant's first Notice. (Obj. at

28 | 13-16.) Those "Bryant" topics sought deposition testimony regarding "when" and

1  the "manner and mode" by which Mattel "became aware of any alleged wrongful

2  conduct of Bryant" (Nos. 15 and 16), including "when" and "how" Mattel became

3  aware that "Bryant was involved in the conception, creation, design and/or reduction

4  to practice of Bratz" (Nos. 17 and 18).  As to these topics, the Discovery Master's

5  inquiry should have ended there—they are impermissibly duplicative and further

6  deposition should have been prohibited.

7         MGA does not even seek to justify the Order by arguing that its topics

8  are not duplicative.  Instead, MGA argues that Mattel's Objections "ring[] hollow"

9  because Mattel "fails to acknowledge" various matters purportedly showing that

10  Mattel's designees were inadequately prepared.  For example, MGA argues that the

11  "inability of Mattel's principal 30(b)(6) witness, Kathleen Simpson-Taylor" to

12  provide testimony regarding Mattel's investigations of Bryant (pursuant to the

13  "Bryant" topics) should, somehow, justify its duplicative topics.  (Opp. at 14.)  But

14  even if true (and it is not), that is an argument as to why the first Notice should be

15  enforced; not a justification for propounding a duplicative Notice.  Nor is MGA's

16  argument well-founded.  The Discovery Master recently rejected this complaint and

17  found that Mattel has already given more than adequate testimony on these issues—

18  including "all circumstances surrounding any investigations Mattel has undertaken

19  relating to Bratz after Mattel learned that Bryant was involved in the conception,

20  creation, design and/or reduction to practice of Bratz."[1]  As the Discovery Master

21  recently held—regarding a <u>Rule</u> 30(b)(6) deposition on "Bryant's" Topic Nos. 15,

22

23  [1]  <u>See</u> Order Denying MGA's Motion to Compel Discovery as to Issues as to
    Which Mattel has Purportedly Waived the Attorney-Client and Work Product
24  Privileges by Claim Assertion, dated April 25, 2008 ("April 25 Order"), at 9-10,
    attached as Exhibit 6 to the Declaration of Michael T. Zeller, dated April 28, 2008
25  ("Zeller Decl."), filed concurrently with Mattel's Objections.  The deposition at
    issue in the Discover Master's recent order had not taken place when MGA
26  submitted its motion; however, the Discovery Master did issue his decision on this
27  matter before MGA filed its Opposition.

28

16, 17 and 18, which had not taken place when MGA submitted its motion—Mattel has, "provided significant factual evidence related to how and when Mattel first learned that Bryant was working for MGA while he was employed by Mattel."[2] Tellingly, MGA fails to even address this decision.[3]

   <u>MGA's Topic No. 16</u>: By this topic, MGA seeks Mattel's deposition regarding a July 23, 2003 *Wall Street Journal* article. That same article has previously been the subject of Bryant's Topic No. 41.[4] Nevertheless, MGA futilely attempts to manufacture some meaningful difference to justify deposing a Mattel designee a second time. Thus it argues that—despite the topics' obvious similarity—MGA's topics covers "far more" crucial matters regarding the *Wall Street Journal* article that were not previously covered by MGA in the "Bryant" topic on that same *Wall Street Journal* article. (Opp. at 12.) That is simply not the case. When MGA deposed Julia Jensen, Mattel's designee on this topic, she responded adequately to MGA's inquiry regarding *every additional category* of testimony in MGA's topic, including: (i) Mattel's knowledge of who made the statements;[5] (ii) who provided the information contained in the statements;[6] (iii) the

---

[2] April 25 Order at 9.

[3] Moreover, MGA's belated attempt to justify its depositions on an entirely new line of argument is—while not surprising given the clear identity between its recently noticed topics and the prior topics on which it deposed Mattel—entirely impermissible. These arguments regarding adequacy were not part of the record before Judge Infante and they should be stricken.

[4] <u>See</u> Separate Statement at 13-14. Mattel's Separate Statement, dated January 11, 2008, was lodged concurrently with Mattel's Objections.

[5] <u>See, e.g.</u>, Deposition Transcript of Julia Jensen, dated June 8, 2007 ("Jensen Tr."), at 112:13-16, Corey Decl., Ex. 18 (MGA's counsel inquiring, "First, where it says 'inside Mattel some are convinced,' do you know who the 'some' are, some people, or whatever, are referred to in that sentence?"). The Jensen Deposition transcript is attached as Exhibit 18 to Declaration of Jon D. Corey, dated January 11, 2008, was lodged concurrently with Mattel's Objections.

1  identity of designers that left Mattel in 2001;[7] (iv) efforts by Mattel to publicize the

2  statements;[8] (v) when Mattel became aware of the statements;[9] (vi) Mattel's

3  response;[10] and (vii) communications among Mattel employees regarding those

4  statements.[11]  Furthermore, as the Court is aware, the reporter who wrote this article

5  has been deposed,[12] and MGA had a complete opportunity to question her about it.

6  MGA has deposed Mattel's designee on the full scope of this Topic.  The Discovery

7  Master clearly erred in allowing MGA another deposition on this Topic.

8            MGA's Topic No. 9:   By this Topic, MGA seeks testimony regarding

9  MGA's theft of Bratz from Mattel, including Bryant and MGA's concealment of

10  facts from Mattel.  MGA has already deposed Mattel on these matters pursuant to

11  Topics No. 8, 13 and 55 of the prior "Bryant" Notice.  These topics sought

12  information related to MGA's copying of Bratz from Mattel and misrepresentations

13  made by Bryant upon his departure. (Obj. 11-12.)  MGA does not truly dispute that

14

15  [6]  E.g., Jensen Tr. at 96:2-19 (MGA's counsel inquiring, "Do you know if
16  anybody else at Mattel ever told Maureen that?").  Not only did MGA depose Mattel
17  on these issues, but it also deposed the author of the *Wall Street Journal* article on
    these same topics, including the statements in her article and the sources on which
18  she replied. See Deposition Transcript of Maureen Tkacik, dated September 28,
19  2007, Corey Decl., Ex. 19.
    [7]  E.g., Jensen Tr. at 125:12-21 (MGA's counsel inquiring, "Do you know who
20  the designer was, the former designer was, who made that statement?").
21  [8]  E.g., Jensen Tr. at 146:19-20 (MGA's counsel inquiring regarding Mattel's
    efforts to get "follow-on articles from other – in other industry publications").
22  [9]  E.g., Jensen Tr. at 116:17-20 (Mattel's designee responding "[t]o clarify, the
23  first conversation was immediately following the publication of the article, as it was
    the first time I had seen that specific reference").
24  [10]  E.g., Jensen Tr. at 97:3-5 (MGA's counsel inquiring, "Did you ever, after the
25  article came out, ever try to confirm the statements made in that sentence?").
    [11]  E.g., Jensen Tr. at 118:3-5 (MGA's counsel inquiring, "Did you come to hear
26  later that people at Mattel were discussing the Carter Bryant story in relation to
27  Bratz, in the wake of the article?").
    [12]  See Deposition Transcript of Maureen Tkacik, Corey Decl., Ex. 19.

28

1 these matters have been the subject of prior Mattel <u>Rule</u> 30(b)(6) depositions and

2 deposition notices—it instead argues that the Discovery Master's Order is proper

3 because Topic No. 9 is "worlds apart" from the prior topics since, unlike No. 9, the

4 "Bryant" topics did not specifically reference "Mattel's allegations in its

5 counterclaims against MGA and Larian." (Opp. at 13.) But the claims referenced

6 are irrelevant: the focus must be on the factual scope of the topics. These

7 counterclaims are premised on the same underlying conduct that was the subject of

8 Mattel's deposition under the prior notices—*i.e.*, MGA's copying of Bratz from

9 Mattel and Bryant's misrepresentations and concealment of Bratz upon his departure

'10 from Mattel. Indeed, this Court so recognized when it granted Mattel leave to file

11 those counterclaims, commenting that MGA was aware from the start that these

12 claims were encompassed in Mattel's Complaint.[13]  Mattel should not be forced to

13 submit to deposition on cumulative matters merely because MGA rephrases its

14 notices.

**B.     <u>MGA, Not Mattel, Has Failed To Offer Any Grounds Whatsoever</u>**

16         **<u>To Justify Its Other Duplicative And Cumulative Topics</u>**

17         MGA claims that Mattel's objections should be overruled because

18 "Mattel offers no grounds to support its assertion that 19 of the 23 topics in dispute

19 are duplicative or cumulative." (Opp. at 11.) First, Mattel never objected to all 23

20 topics as being cumulative and duplicative—only to Topics No. 9, 11, 12, 13, 14,

21 15, 16, 17, 29, and 32. (<u>See</u> Obj. at 16 n.26.)[14]  MGA's other topics are

---

[13]   And, to the extent they were not so encompassed, such as with respect to
Mattel's trade secret claims, those are Phase 2 matters that cannot justify a
deposition at this stage given that MGA itself sought and obtained a stay of such
discovery. <u>See infra</u> Part III.B.

[14]   <u>See also</u> Separate Statement at 8-11 (Topic No. 12, on the use of Mattel
resources), 16-21 (Topic No. 17, on Mattel's investigations), 61 (Topic No. 29, on
(footnote continued)

1  objectionable for being unduly burdensome and overly broad, or because they
2  contravene this Court's Orders.  (See Obj. at 19 n.44, 20 n.46.)[15]  The claim that
3  Mattel offered no basis to show oppression or burden is also false.[16]  Mattel's
4  Separate Statement and the supporting declarations were properly submitted to the
5  Court, and are part of the record as a basis for Mattel's motion. (See Obj. at 10
6  n.14).

7  **II.   THE DISCOVERY MASTER'S ORDER REQUIRES MATTEL TO**
8  **SUBMIT TO DEPOSITION ON IMPERMISSIBLY BURDENSOME**
9  **TOPICS**

10        MGA offers hardly any argument in response to Mattel's claims that
11  MGA's topics are unduly burdensome.  For example, MGA's topic no. 24—on the

12
13  ───────────────────
     the impact of Bratz on Mattel), 32-38 (No. 32, on Mattel's awareness and reaction to
14  Bratz).
     [15]  See Separate Statement at 20-21 (No. 17), 23-25 (No. 18), 29-30 (no. 26), 76-
15  77 (No. 48); see also Separate Statement at 59-60, 62-65 (No. 8), 54-58 (Nos. 19,
16  20), 60-65 (No. 28, 29), 38-43 (No. 39), 76-81 (No. 58, 60), and 43-45 (No. 70).
     [16]  MGA's authorities are simply inapposite: In Sekiya v. Gates, 508 F.3d 1198
17  (9th Cir. 2001) the Court struck an appellant's entire brief because it, among other
18  deficiencies, lacked a table of contents and table of authorities, omitted the
     applicable standard of review, failed to cite to legal authorities and made "virtually
19  no legal arguments." 508 F.3d at 1200.  In Kohler v. Inter-Tel Tech., 244 F.3d 1167
20  (9th Cir. 2001) the Court declined to consider one of appellant's claims which she
     had failed to preserve. 244 F.3d at 1182.  And finally, in Independent Towers of
21  Washington v. Washington, 350 F.3d 925 (9th Cir. 2003), the Court declined to hear
22  appellant's preemption argument because he simply listed the statutes at issue
     without any legal analysis. 350 F.3d at 929.  Contrary to MGA's assertion, Mattel's
23  Objections, which set out the specific objections to portion of the Discovery
24  Master's ruling, fully complied with the requirements of Local Rule 72-2.1.  Indeed,
     if any party should be faulted for making bald legal assertions unsubstantiated by
25  argument, it is MGA since it fails to specifically address why it should be permitted
26  to take duplicative deposition testimony on Topic Nos. 12, 14, 15, 17, 29, and 32.
27  That MGA does not respond to Mattel's showing of burden and oppression weighs
     in favor of granting Mattel's objections.
28

1    processes by which Mattel evaluates and approves ideas for new fashion dolls—

2    imposes a significant burden that is not outweighed by its marginal to nonexistent

3    importance to this litigation.  Specifically, Mattel has noted that preparation on of

4    this topic may take many weeks and require it to interview hundreds of employees

5    in order to adequately prepare a witness on this one topic.[17]  In response, MGA

6    offers no discussion of the relative lack of importance of this testimony and simply

7    asserts that the burden is due to "Mattel's dilatory tactics." (Opp. at 15.)  MGA

8    asserts (without any citing to any specific conduct) that Mattel has gone to

9    "unspeakable lengths" to "block" this deposition.  That is unfounded.  Mattel has

10   not blocked anything.  Yet now, because Mattel refuses to needlessly submit to

11   unduly burdensome deposition notices, MGA casts aspersions.  No matter.  MGA

12   offers no justification for its burdensome topics.  Indeed, in arguing that the burden

13   associated with MGA's topic is of "Mattel's own making," MGA evidences a

14   fundamental misunderstanding of the nature of discovery.  MGA's request is

15   burdensome because the significant costs associated with preparation on this topic

16   are not outweighed by the topic's importance in this litigation—not simply because,

17   as MGA suggests, Mattel believes it is burdensome to prepare a witness on the eve

18   of trial.

19              MGA's entire opposition rests on the flawed notion that the rules of

20   discovery require the Court to impose equal burdens on the parties, without regard

21   to the importance, or lack of importance, of the discovery sought.  Thus, MGA

22   argues that Mattel's claim of burden "is even less credible" when viewed in the

23   "context of this litigation" and goes on to argue that Mattel has taken significant

24   deposition testimony of MGA. (Opp. at 15.)  Putting aside the reality that MGA

25   also has taken significant deposition testimony of Mattel pursuant to "Bryant's"

26

27   [17]   See Obj. at 17-18; Ceritto Decl. ¶ 6.

28

1   topics, MGA's argument does not follow.  The fact that Mattel has served more

2   notices on MGA and its affiliates than MGA has on Mattel is hardly surprising

3   given that Mattel is required to serve separate notices on each of the three MGA

4   corporate entities involved.  Moreover, MGA wholly ignores the fact that Mattel

5   sought and was granted leave by this Court for its additional notices on MGA and

6   MGAE de Mexico because it showed good cause.  MGA's arguments are wholly

7   unpersuasive.

8   **III.    THE DISCOVERY MASTER'S ORDER CONTRAVENES THIS**

9           **COURT'S ORDERS**

10          **A.    MGA Offers No Justification As To Why It Should Be Permitted**

11                  **To Take Mattel's Deposition On Issues That Are Moot Under The**

12                  **Court's Summary Judgment Ruling**

13          This Court's recent ruling on the parties' partial summary judgment

14  motions also moots the need for further deposition testimony on MGA's Topic No.

15  26, which relates to Mattel employees who have refused to sign Mattel's Inventions

16  Agreement.[18]  The Court granted summary judgment in favor of Mattel "on the issue

17  of the enforceability of the Inventions Agreement and the issue of the applicability

18  of the Inventions Agreement to any Bratz-related 'inventions'" created by Bryant

19  while at Mattel.[19]

20          The only conceivable justification for this topic was to argue that

21  Bryant's agreement was unenforceable.  Not only did MGA assert no such defense

22  (and indeed abandoned it), but this issue has been resolved in Mattel's favor, and

23  _____

24  [18]   Separate Statement at 28.  The topic reads in its entirety:  "For each and every

25  agreement requested by MATTEL concerning confidentiality, ownership of

    intellectual property, and/or any post-employment restrictions or obligations to

26  MATTEL, the number, percentage, and identity of MATTEL employees who have

27  refused to sign such agreement(s) since 1998."

    [19]   Summary Judgment Order at 5, Zeller Decl., Ex. 10.

28

1   there is simply no justifiable reason to allow MGA to depose Mattel on this topic.[20]

2   And MGA provides no compelling response.  It offers no discussion of Topic No.

3   26, or any specific analysis of how the information sought remains relevant in light

4   of the Court's ruling.  Instead, all MGA offers is the entirely irrelevant argument

5   that the Court deferred *other portions* of the parties' summary judgment motions—

6   *e.g.*, on MGA and Bryant's affirmative defenses—without any attempt to link this

7   topic to those defenses beyond the unsubstantiated assertion that the topic "seeks

8   testimony related to those affirmative defenses." (Opp. at 16.)  It does not.

**B.**     **<u>MGA Offers No Justification As To Why It Should Be Permitted</u>**

**<u>To Take Mattel's Deposition On Topics Relating Solely To Phase 2</u>**

**<u>Matters</u>**

12         MGA practically ignores  that some of the topics seek Mattel's

13   deposition solely on Phase 2 matters—discovery on which has been stayed by this

14   Court's Order.[21]  Two of MGA's topics relate solely to MGA's and Mattel's

15   respective Phase 2 claims:

16        •     Topic No. 32 seeks information regarding Mattel's efforts to compete

17              with Bratz (solely related to the Phase 2 issue of MGA's claims of

18              infringement and unfair competition)

19

20        •     Topic No. 18 seeks information regarding a large number of former

21              Mattel employees (other than Bryant) who have joined MGA (solely

22

23

---

24   [20]   MGA's argument that the Court's ruling does not moot the topic because

25   Bryant is currently seeking leave to appeal the Court's ruling is not only wrong, but

26   also ironic given MGA's claims that the Court should not view Bryant and MGA as

27   related when considering whether MGA's taking of Mattel's deposition pursuant to

"Bryant's" counts as deposition that MGA has taken.

[21]   February 4, 2008 Order, Zeller Decl., Ex. 9.

28

MATTEL'S REPLY ISO MOTION OBJECTING TO DISCOVERY MASTER'S APRIL 11, 2008 ORDER
GRANTING MGA'S MOTION TO COMPEL ADDITIONAL RULE 30(b0(6) TESTIMONY

1            related to the Phase 2 issue of Mattel's claims against MGA for aiding

2            and abetting and intentional interference)

3

4 Likewise, another two of MGA's topics relate, again solely, to Phase 2 because they

5 categories damages that are only at issue in Phase 2:

6        •      Topic No. 18 seeks information regarding the net worth of BARBIE

7              (not a product at issue in Phase 1)

8        •      Topic No. 8 seeks information regarding Mattel's damages arising from

9              Mattel's counterclaims (which are not at issue in Phase 1b, because

10              Mattel's damages arise only from MGA's profits from its infringement)

11

12 But rather than concede this, or present cogent argument as to why such topics

13 might conceivably also relate to Phase 1, MGA simply offers a bare assertion in a

14 footnote that Mattel's arguments are "without merit." (Opp. at 16 n.47.)  Moreover,

15 in order to support this so-called "argument" that the topics are not exclusively

16 Phase 2, MGA must resort to citing every topic at issue in Mattel's appeal, rather

17 than just the four above-noted Phase 2 topics that are plainly stayed under this

18 Court's Order.  (Of course, Mattel never argued that all of MGA's topics relate to

19 Phase 1, only Topic Nos. 8, 18, 30, and 32.)  MGA offers nothing to show that these

20 topics are not subject to the Court's stay of Phase 2 discovery.

21

22

23

24

25

26

27

28

1

## Conclusion

2          For the foregoing reasons, Mattel respectfully requests that the Court

3    sustain Mattel's Objections and reverse the Discovery Master's April 11, 2008

4    Order.

5

6    DATED:  May 6, 2008              QUINN EMANUEL URQUHART OLIVER &
                                      HEDGES, LLP
7

8                                     By /s/ Michael T. Zeller
9                                        Michael T. Zeller
                                         Attorneys for Mattel, Inc.
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MATTEL'S REPLY ISO MOTION OBJECTING TO DISCOVERY MASTER'S APRIL 11, 2008 ORDER
GRANTING MGA'S MOTION TO COMPEL ADDITIONAL RULE 30(b0(6) TESTIMONY