

1   Larry McFarland (Bar No. 129668)
    Christian Dowell (Bar No. 241973)
2   KEATS, McFARLAND & WILSON LLP
3   9720 Wilshire Blvd.
    Penthouse Suite
4   Beverly Hills, CA 90212
    Telephone: (310) 248-3830
5   Facsimile: (310) 860-0363
    Email: lmcfarland@kmwlaw.com
6          cdowell@kmwlaw.com

7   Attorneys for Ana Elise Cloonan,
    Margaret Hatch-Leahy, and Veronica Marlow
8

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11                  EASTERN DIVISION

12

13  CARTER BRYANT, an individual,      Case No.: CV 04 – 09049 SGL (RNBx)
                                        Consolidated with Case Nos.
14           Plaintiff,                 CV 04-9059 and CV 05-2727
15      v.                              Hon. Stephen G. Larson
16  MATTEL, INC., a Delaware            DECLARATION OF LARRY
    corporation;                        MCFARLAND IN SUPPORT OF ANA
17                                       ELISE CLOONAN'S, MARGARET
18           Defendant.                 HATCH-LEAHY'S, AND VERONICA
                                        MARLOW'S OPPOSITION TO MATTEL'S
19  ───────────────────────            EX PARTE APPLICATION TO (1)
20  AND RELATED ACTIONS.               COMPEL PRODUCTION OF
                                        ELECTRONIC MEDIA FROM THIRD-
21                                       PARTIES ELISE CLOONAN,
22                                       MARGARET HATCH-LEAHY, AND
                                        VERONICA MARLOW OR (2) IN THE
23                                       ALTERNATIVE, MODIFY THE
24                                       SCHEDULING ORDER
25
26
27
28

Case 2:04-cv-09049-DOC-RNB   Document 3495-2   Filed 05/06/08   Page 2 of 50   Page ID
#:60287
Case 2:04-cv-09049-SGL-RNB   Document 1656-2   Filed 01/27/2008   Page 2 of 5

1    I, Larry McFarland, hereby declare as follows:

2    I am an attorney licensed to practice law in the State of California and am a

3   partner at the law firm of Keats, McFarland & Wilson LLP, counsel for non-party

4   witnesses in this matter, Ana Elise Cloonan, Margaret Hatch-Leahy and Veronica

5   Marlow (the "Non-Party Witnesses").

6    I submit this Declaration in Support of the Non-Party Witnesses' Opposition to

7   Mattel, Inc.'s ("Mattel") Ex Parte Application ("Opposition").  Unless otherwise stated,

8   I have personal knowledge of the facts set forth below and, if called as a witness, I

9   could and would competently testify thereto.

10    1.    A true and correct copy of the Order granting Mattel's Motion for Order

11   Confirming that the Discovery Master Hears and Resolves All Discovery Disputes,

12   Including Those With Respect to Third Parties, entered by Judge Infante on January 7,

13   2008, is attached hereto as Exhibit 1.

14    2.    A true and correct copy of the Order Granting in Part and Denying in Part

15   Mattel's Motion to Compel Production of Documents By Isaac Larian; Denying

16   Request for Sanctions, entered by Judge Infante on December 31, 2007, is attached

17   hereto as Exhibit 2.

18    3.    A true and correct copy of a letter sent to Mattel's counsel, dated

19   November 12, 2007, is attached hereto as Exhibit 3.

20    4.    A true and correct copy of Mattel's Ex Parte Application to (1) Compel

21   Depositions of Elise Cloonan, Margaret Hatch-Leahy, and Veronica Marlow or (2) in

22   the Alternative, Modify the Scheduling Order, filed November 15, 2007, is attached

23   hereto as Exhibit 4.

24    5.    A true and correct copy of the Court's Minute Order, dated November 20,

25   2007, is attached hereto as Exhibit 5.

26    6.    A true and correct copy of a letter signed by counsel for Mattel and

27   counsel for the Non-Party Witnesses, dated September 13, 2007, is attached hereto as

28   Exhibit 6.

1    7.    A true and correct copy of the relevant pages of the deposition of Carter

2    Bryant, dated November 4, 2004, is attached hereto as Exhibit 7.

3    8.    True and correct copies of relevant pages of the deposition of Veronica

4    Marlow, dated December 28, 2007, are attached hereto as Exhibit 8.

5    9.    A true and correct copy of a letter hand-delivered to Mattel's counsel,

6    dated December 4, 2007, is attached hereto as Exhibit 9.

7    10.    A true and correct copy of a letter sent by Mattel's counsel, dated June 1,

8    2006, is attached hereto as Exhibit 10.

9    11.    A true and correct copy of a letter sent to Mattel's counsel, dated January

10    2, 2008, is attached hereto as Exhibit 11.

11    12.    A true and correct copy of a letter sent to Mattel's counsel, dated June 28,

12    2007, is attached hereto as Exhibit 12.

13    13.    True and correct copies of letters sent to Mattel's counsel are attached

14    hereto as Exhibit 13.

15    14.    A true and correct copy of a letter sent to Mattel's counsel, dated

16    September 27, 2007, is attached hereto as Exhibit 14.

17    15.    A true and correct copy of a letter sent with documents to Mattel, dated

18    October 26, 2007, is attached hereto as Exhibit 15.

19    16.    A true and correct copy of a letter sent to Mattel's counsel, dated

20    November 21, 2007, is attached hereto as Exhibit 16.

21    17.    A true and correct copy of a letter sent by Mattel's counsel, dated

22    November 28, is attached hereto as Exhibit 17.

23    18.    A true and correct copy of an e-mail sent from DataChasers, dated

24    November 30, 2007, is attached hereto as Exhibit 18.

25    19.    True and correct copies of relevant pages of the deposition of Margaret

26    Hatch-Leahy, dated December 12, 2007, are attached hereto as Exhibit 19.

27    20.    True and correct copies of relevant pages of the deposition of Elise

28    Cloonan, dated December 14, 2007, are attached hereto as Exhibit 20.

DECLARATION OF LARRY W. MCFARLAND IN
SUPPORT OF OPPOSITION TO EX PARTE APPLICATION

1    21.    A true and correct copy of a letter sent to Mr. Albee, dated December 17,

2    2007, is attached hereto as Exhibit 21.

3    22.    A true and correct copy of a letter sent to Mr. Albee, dated December 18,

4    2007, is attached hereto as Exhibit 22.

5    23.    A true and correct copy of a letter sent by Mattel's counsel, dated January

6    2, 2008, is attached hereto as Exhibit 23.

7    24.    A true and correct copy of a letter sent to Mattel, dated January 16, 2008,

8    is attached hereto as Exhibit 24.

9    25.    A true and correct copy of an e-mail sent by Mattel's counsel, dated

10    January 9, 2008, is attached hereto as Exhibit 25.

11    26.    A true and correct copy of an e-mail sent by Mattel's counsel, dated

12    January 17, 2008, is attached hereto as Exhibit 26.

13    27.    A true and correct copy of a letter sent to Mattel's counsel, dated January

14    18, 2008, is attached hereto as Exhibit 27.

15    28.    A true and correct copy of a proof of service, dated January 25, 2008, is

16    attached hereto as Exhibit 28.

17    29.    A true and correct copy of a letter sent to Mattel's counsel, dated

18    December 11, 2007, is attached hereto as Exhibit 29.

19    30.    True and correct copies of relevant documents produced by Ms. Marlow

20    are attached hereto as Exhibit 30.

21    31.    A true and correct copy of the Order Re Mattel's Motions to Compel

22    Farhad Larian, Kaye Scholer and Stern & Goldbert to Produce Documents, entered by

23    Judge Infante on January 25, 2008, is attached hereto as Exhibit 31.

24    32.    A true and correct copy of the Declaration of Elise Cloonan in support of

25    the Opposition, dated January 25, 2008, is attached hereto as Exhibit 32.

26    33.    True and correct copies of the subpoena responses of Ms. Leahy, Ms.

27    Cloonan and Ms. Marlow are attached hereto as Exhibit 33.

28

- 3 -

Case 2:04-cv-09049-DOC-RNB   Document 3495-2   Filed 05/06/08   Page 5 of 50   Page ID
#:60290
Case 2:04-cv-09049-SGL-RNB    Document 1656-2    Filed 01/27/2008    Page 5 of 5

1    I declare under penalty of perjury under the laws of the United States that the

2    foregoing is true and correct.

3         Executed this 27th day of January 2008, at Beverly Hills, California.

4

5                                         /s/ _____

6                                         Larry W. McFarland

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF LARRY W. MCFARLAND IN
                                        SUPPORT OF OPPOSITION TO EX PARTE APPLICATION

THOMAS J. NOLAN (Bar No. 66992)
(tnolan@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue
Los Angeles, CA 90071-3144
Tel.: (213) 687-5000/Fax: (213) 687-5600

RAOUL D. KENNEDY (Bar No. 40892)
(rkennedy@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
4 Embarcadero Center, 38th Floor
San Francisco, CA 94111-5974
Tel.: (415) 984-6400 / Fax: (415) 984-2698

Attorneys for MGA Entertainment, Inc., MGA Entertainment (HK) Limited,
MGAE de Mexico, S.R.L. DE C.V., and Isaac Larian

UNITED STATED DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>              Plaintiff,<br><br>       v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>              Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>**DISCOVERY MATTER**<br><br>MGA'S JOINDER IN ANA ELISE CLOONAN'S, MARGARET HATCH-LEAHY'S, AND VERONICA MARLOW'S OPPOSITION TO MATTEL'S EX PARTE APPLICATION TO (1) COMPEL PRODUCTION OF ELECTRONIC MEDIA FROM THIRD-PARTIES ELISE CLOONAN, MARGARET HATCH-LEAHY, AND VERONICA MARLOW OR (2) IN THE ALTERNATIVE, MODIFY THE SCHEDULING ORDER<br><br>Hearing Date: N/A<br>Time: N/A |

MGA'S JOINDER IN OPP'N TO MATTEL'S EX PARTE APPLICATION

MGA Entertainment, Inc., MGA Entertainment (HK) Limited, and MGAE de Mexico, S.R.L. de C.V. (the "MGA Entities") hereby join in the opposition to Mattel's *ex parte* application filed by Ana Elise Cloonan, Margaret Hatch-Leahy and Veronica Marlow (the "Non-Party Witnesses"). As shown by the Non-Party Witnesses, Mattel's application is defective among other reasons because, (1) Mattel has filed its application with this Court rather than Judge Infante (who Mattel insisted just a few weeks ago should hear all third-party discovery issues); and (2) Mattel has failed to show that it requires emergency relief.

In addition, the MGA Entities object to Mattel's attempt to use a concocted discovery dispute to extend the expert deadlines set by the Court in this case. As the Court knows, initial expert reports must be served by February 11, 2008; rebuttal reports are due March 17, 2000; and, the cut-off for expert discovery is March 31, 2008.[1]

It is important that these dates be maintained so that the Court can maintain the May 27, 2008 trial date that the parties and the Court have endeavored so hard to honor. If Mattel is allowed to use the excuse of delayed discovery to push the deadline for initial expert reports by 30 days after an undefined receipt of the contested discovery, those reports will not be served until mid-March — at the same time that rebuttal reports are due and just a few weeks before the expert discovery cut-off.[2] More broadly, if delayed discovery were regarded as a justification for pushing back the expert report date, a substantial number of reports will not be served until that mid-March time frame. For example, MGA experts are awaiting the results of MGA's motion to compel Federal Rule of Civil Procedure 30(b)(6) testimony from Mattel on a broad range of topics including two obviously core topics — Mattel's interpretation and application of its Inventions Agreement (the

---

[1] Order Regarding Status Conference, October 31, 2007, at 2.
[2] Id.

1    central contract in this case) and its alleged damages.[3]  That motion was pushed

2    beyond the January 28, 2008 discovery cut-off because Mattel insisted that it be

3    granted more time to brief the motion in December, which precluded resolution of

4    the motion at a January 3, 2008 hearing[4]; and because Judge Infante was not

5    available again until February 8. In light of the history of this case, it's likely that an

6    order granting the motion will not be issued until Mid-February, and the discovery, if

7    ordered, will not be produced until March.

8         Of course, this process could be delayed further if Mattel decided to

9    appeal an order granting the discovery to this Court as Mattel has done as respects

10   Judge Infante's January 11, 2008 order compelling testimony on a variety of topics

11   from Carter Bryant's Notice of Deposition pursuant to Rule 30(b)(6).[5]  In short, if

12   past is prologue, Mattel will do all that it can to delay MGA's Rule 30(b)(6)

13   depositions until the expert disclosure time has effectively come and gone.

14        Pushing back by 30 days all of these expert dates effected by this

15   delayed discovery will likely push the close of expert discovery date to well past the

16   date for filing expert related motions, including *Daubert* motions.  Moving that date

17   would, in turn, effect all other pre-trial dates and thus, necessarily, the trial date.

18        Given the current state of Phase 1 discovery, which is coming to a close,

19   but as to which a substantial number of disputes remain,[6] there is no avoiding the

20   fact that a considerable amount of discovery will be conducted after the February 11,

21

22   [3] Declaration of Carl A. Roth In Support of MGA's Joinder in ("Roth Decl.") Ex 1,
     MGA Entertainment's Notice of Deposition of Mattel, Inc., Pursuant to Fed. R. Civ.
23   Proc. 30(b)(6), September 19, 2007, at A-18.

24   [4] Roth Decl. 2, Letter dated December 26, 2007 from Michael T. Zeller to The
     Honorable Edward Infante (Ret.) requesting extension of time for Mattel to serve
25   opposition to MGA's motion to compel Rule 30(b)(6) witnesses.

     [5] Roth Decl. 3, Mattel Inc.'s Memorandum of Points and Authorities in Support of its
26   Objection to the Discovery Master's January 11, 2008 Order Granting MGA's and
     Bryant's Motion to Compel re: Mattel's Alleged Bandying of 30(b)(6) Witnesses,
27   filed January 24, 2008.

28   [6] By way of example, there are 21 separate discovery motions currently pending
     before Judge Infante.

-2-
MGA'S JOINDER IN OPP'N TO MATTEL'S EX PARTE APPLICATION

2008 expert report deadline, and perhaps even the March 17, 2008 deadline.  In light of this unavoidable reality, the only way for the parties and the Court to honor the existing trial date is to accept that expert opinions will be updated and revised as the discovery is obtained.  In particular, it is likely that the initial expert reports served on February 11, 2008 will be supplemented and revised with reports served on March 17, 2008.

In sum, MGA continues to believe that it is important that the existing trial date be maintained and therefore opposes any attempt by Mattel to extend the initial expert report date.  While expert reports will be supplemented during the expert discovery process, there is no need to move any of the existing expert-related dates.  Mattel's request is particularly egregious in light of its effort to delay MGA's attempt to obtain meaningful deposition testimony until well past the initial expert report deadline.

DATED: January 28, 2008

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP


By: /s/ Thomas J. Nolan
    Thomas J. Nolan
    Attorney  for  MGA  ENTERTAINMENT, INC.

1 │ THOMAS J. NOLAN (Bar No. 66992)
 │ (tnolan@skadden.com)
2 │ SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
 │ 300 South Grand Avenue
3 │ Los Angeles, CA 90071-3144
 │ Tel.: (213) 687-5000/Fax: (213) 687-5600
4 │
 │ RAOUL D. KENNEDY (Bar No. 40892)
5 │ (rkennedy@skadden.com)
 │ SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
6 │ 4 Embarcadero Center, 38th Floor
 │ San Francisco, CA 94111-5974
7 │ Tel.: (415) 984-6400 / Fax: (415) 984-2698

8 │ Attorneys for MGA Entertainment, Inc., MGA Entertainment (HK) Limited,
 │ MGAE de Mexico, S.R.L. DE C.V., and Isaac Larian
9 │

10 │ UNITED STATED DISTRICT COURT

11 │ CENTRAL DISTRICT OF CALIFORNIA

12 │

13 │ CARTER BRYANT, an individual,                    ) CASE NO. CV 04-9049 SGL (RNBx)
                                                      )
14 │                    Plaintiff,                    ) **DISCOVERY MATTER**
                                                      )
15 │          v.                                      ) DECLARATION OF CARL A.
                                                      ) ROTH IN SUPPORT OF MGA'S
16 │ MATTEL, INC., a Delaware                         ) JOINDER IN ANA ELISE
     corporation,                                     ) CLOONAN'S, MARGARET
17 │                                                  ) HATCH-LEAHY'S, AND
                      Defendant.                      ) VERONICA MARLOW'S
18 │                                                  ) OPPOSITION TO MATTEL'S *EX*
                                                      ) *PARTE* APPLICATION TO (1)
19 │ AND CONSOLIDATED ACTIONS                         ) COMPEL PRODUCTION OF
                                                      ) ELECTRONIC MEDIA FROM
20 │                                                    THIRD-PARTIES ELISE
                                                        CLOONAN, MARGARET HATCH-
21 │                                                    LEAHY, AND VERONICA
                                                        MARLOW OR (2) IN THE
22 │                                                    ALTERNATIVE, MODIFY THE
                                                        SCHEDULING ORDER
23 │

24 │                                                    Hearing Date: N/A
                                                        Time: N/A
25 │

26 │

27 │

28 │

Case 2:04-cv-09049-DOC-RNB   Document 3495-2   Filed 05/06/08   Page 11 of 50   Page ID
#:60296
Case 2:04-cv-09049-SGL-RNB     Document 1719-2     Filed 01/28/2008   Page 2 of 2

I, Carl A. Roth, declare and state as follows:

I am an attorney with Skadden, Arps, Slate, Meagher & Flom, LLP ("Skadden"), counsel of record for MGA Entertainment (HK) Limited, MGAE de Mexico, S.R.L. DE C.V., and Isaac Larian

1.      Attached hereto as **Exhibit 1** is MGA Entertainment's Notice of Deposition of Mattel, Inc., Pursuant to Fed. R. Civ. Proc. 30(b)(6), dated September 19, 2007,

2.      Attached hereto as **Exhibit 2** is a letter dated December 26, 2007 from Michael T. Zeller to The Honorable Edward Infante (Ret.) requesting an extension of time for Mattel to serve its opposition to MGA's motion to compel Rule 30(b)(6) witnesses.

3.      Attached hereto as **Exhibit 3** is Mattel Inc.'s Memorandum of Points and Authorities in Support of its Objection to the Discovery Master's January 11, 2008 Order Granting MGA's and Bryant's Motion to Compel re: Mattel's Alleged Bandying of 30(b)(6) Witnesses, filed January 24, 2008.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on January 28, 2008, at Los Angeles, California.

By: _____
Carl A. Roth

# EXHIBIT 1

1  DALE M. CENDALI (admitted *pro hac vice*)
   DAVID L. HURWITZ (S.B. #174632)
2  O'MELVENY & MYERS LLP
   400 South Hope Street
3  Los Angeles, CA 90071-2899
   Telephone: (213) 430-6000
4  Facsimile: (213) 430-6407
   Email:    dhurwitz@omm.com
5
   PATRICIA GLASER (S.B. #55668)
6  CHRISTENSEN, GLASER, FINK,
   JACOBS, WEIL & SHAPIRO, LLP
7  10250 Constellation Boulevard, 19th Floor
   Los Angeles, CA 90067
8  Telephone: (310) 553-3000
   Facsimile: (310) 557-9815
9
   Attorneys for MGA Entertainment, Inc.
10
11              UNITED STATES DISTRICT COURT
12              CENTRAL DISTRICT OF CALIFORNIA
                       EASTERN DIVISION
13
14
15  | CARTER BRYANT, an individual, | Case No. CV 04-09049 SGL (RNBx) |
16  | Plaintiff, | MGA ENTERTAINMENT, INC.'S |
17  | v. | NOTICE OF DEPOSITION OF MATTEL, INC. PURSUANT TO |
18  | MATTEL, INC., a Delaware Corporation, | FED. R. CIV. P. 30(b)(6) |
19  | Defendant. | |
20  | CONSOLIDATED WITH | Judge: Hon. Stephen G. Larson |
21  | MATTEL, INC. v. BRYANT and | Date:                September 19, 2007<br>Discovery Cut-Off: March 3, 2008 |
22  | MGA ENTERTAINMENT, INC. v. MATTEL, INC. | Pretrial Conference: June 2, 2008<br>Trial Date:           July 1, 2008 |
23
24
25
26
27
28

                              MGA'S 30(b)(6) DEPOSITION NOTICE
                              CASE NO. CV 04-09049 SGL (RNBx)

Exhibit 1 - 2

1   **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

2   PLEASE TAKE NOTICE that pursuant to the provisions of Federal Rule of

3   Civil Procedure 30(b)(6), MGA Entertainment, Inc. ("MGA") will take the

4   deposition upon oral examination of Mattel, Inc. ("Mattel") regarding the matters

5   described below beginning on September 19, 2007, at 9:30 a.m., and continuing

6   from day to day thereafter, excluding weekends and holidays, or as otherwise

7   agreed by counsel, until completed.

8   The deposition will be held at the offices of O'Melveny & Myers LLP, 400

9   South Hope Street, Los Angeles, California 90071, telephone: (213) 430-6000. The

10   deposition will be taken before a notary public or other officer authorized to

11   administer oaths and will be recorded by stenographic, sound and visual means.

12   The stenographic recordation method may provide for the instant visual display of

13   the testimony at deposition. MATTEL shall designate one or more officers,

14   directors, managing agents or other PERSONS who consent to testify on

15   MATTEL's behalf, who shall testify as to matters known or reasonably available to

16   MATTEL relating to the topics listed in Attachment A.

17

18   Dated: September 5, 2007

O'MELVENY & MYERS LLP

20

By

21   David Hurwitz

22   Attorneys for Plaintiff MGA
Entertainment, Inc.

23

24

25

26

27

28

MGA'S 30(b)(6) DEPOSITION NOTICE
CASE NO. CV 04-09049 SGL (RNBx)

**Exhibit 1 - 3**

**ATTACHMENT A**

**DEFINITIONS**

1. "ACCELERACERS" means and refers to each image, character, logo, doll, toy, accessory, product, packaging or other thing or matter that is or has ever been manufactured, marketed or sold by MATTEL, or others under license by MATTEL, as part of a line of goods or merchandise commonly known as, or sold and marketed under the name, "AcceleRacerS," "Acceleracers," or "Accelleracers."

2. "ACTION" shall mean this action consolidated under Case No. 04-9049 before the Hon. Stephen Larson and formerly *Mattel v. Bryant, Inc.*, first filed in Los Angeles County Superior Court; *Bryant v. Mattel, Inc.*; and *MGA Entm't, Inc. v. Mattel, Inc.*; and all counterclaims, cross-claims and defenses therein.

3. "ADVERTISEMENT" means a commercial message or advertisement in any medium, including without limitation, television, radio, movies, magazines, newspapers, the Internet, signage, and billboards.

4. "ALIEN RACERS" means and refers to each image, character, logo, doll, toy, accessory, product, packaging or other thing or matter that is or has ever been manufactured, marketed or sold by MGA, or others under license by MGA, as part of a line of goods or merchandise commonly known as, or sold and marketed under the name, "Alien Racers."

5. "BARBIE" means and refers to each image, character, logo, doll, styling head, plush toy, toy, accessory, product, theme, packaging or other thing or matter that is or has ever been manufactured, marketed or sold by MATTEL, or others under license by MATTEL, as part of a line of goods or merchandise commonly known as, or sold and marketed under the name, "Barbie."

6. "BRATZ" means and refers to each image, character, logo, doll, styling head, plush toy, toy, accessory, product, theme, packaging or other thing or matter that is or has ever been manufactured, marketed or sold by MGA, or others under license by MGA, as part of a line of goods or merchandise commonly known

A-1

MGA'S 30(b)(6) DEPOSITION NOTICE CASE NO. CV 04-09049 SGL (RNBx)

Exhibit 1 - 4

Case 2:04-cv-09049-DOC-RNB   Document 3495-2   Filed 05/06/08   Page 16 of 50   Page ID
#:60301
12/28/2007   Case 2:04-cv-09049-SGL-RNB   Document 1719-3   Filed 01/28/2008   Page 5 of 36

1   as, or sold and marketed under the name, "Bratz."

2       7.    "BRAWER" means Ron Brawer.

3       8.    "BRISBOIS" means Janine Brisbois.

4       9.    "BRYANT" means Carter Bryant.

5       10.   "CARU" shall mean and refer to the Children's Advertising Review

6   Unit of the Council of Better Business Bureaus, Inc. and any of its past or present

7   principals, directors, officers, agents, employees, representatives, consultants,

8   attorneys, entities and persons acting in joint-venture or partnership relationships

9   and all others acting on its behalf, pursuant to its authority or subject to its control.

10       11.   "COMMUNICATIONS" means any disclosure, transfer or exchange

11   of information between two or more PERSONS, whether orally or in writing,

12   including without limitation any conversation or discussion by means of meeting,

13   letter, telephone, note, memorandum, telex, telecopier, electronic mail, or any other

14   electronic or other medium.

15       12.   "COUNTERCLAIM[S]" means Mattel's Second Amended Answer in

16   Case No. 05-02727 and Counterclaims for: 1. Copyright Infringement; 2. Violation

17   of the Racketeer Influenced and Corrupt Organizations Act; 3. Conspiracy to

18   Violate the Racketeer Influenced and Corrupt Organizations Act; 4.

19   Misappropriation of Trade Secrets; 5. Breach of Contract; 6. Intentional

20   Interference with Contract; 7. Breach of Fiduciary Duty; 8. Aiding and Abetting

21   Breach of Fiduciary Duty; 9. Breach of Duty of Loyalty; 10. Aiding and Abetting

22   Breach of Duty of Loyalty; 11. Conversion; 12. Unfair Competition; and 13.

23   Declaratory Relief filed July 12, 2007.

24       13.   "COUNTER-DEFENDANTS" means MGA, LARIAN, BRYANT,

25   MGA HK, MGA MEXICO, MACHADO, and Does 4 through 10.

26       14.   "DIVA STARZ" means and refers to each image, character, logo, doll,

27   styling head, plush toy, toy, accessory, product, packaging or other thing or matter

28   that is or has ever been manufactured, marketed or sold by MATTEL, or others

<div align="center">A-2</div>

Case 2:04-cv-09049-DOC-RNB   Document 3495-2   Filed 05/06/08   Page 17 of 50   Page ID
#:60302
Case 2:04-cv-09049-SGL-RNB   Document 1719-3   Filed 01/28/2008   Page 6 of 36

1  under license by MATTEL, as part of a line of goods or merchandise commonly

2  known as, or sold and marketed under the name, "Diva Starz."

3      15.   "DOCUMENT[S]" incorporates the full meaning of Federal Rule of

4  Civil Procedure 24, and shall be construed in the broadest sense to mean any and all

5  writings, tangible things and property, of any kind, that are now or that have been in

6  YOUR actual or constructive possession, custody or control, including, but not

7  limited to, any handwritten, typewritten, printed, drawn, charted, taped, filmed,

8  punched, copied, recorded, transcribed, graphic or photographic matter of any kind

9  or nature, in, through, or from which information may be embodied, translated,

10  conveyed or stored, whether an original, a draft or copy, however produced or

11  reproduced, whether sent or received or neither, including, but not limited to, notes,

12  memoranda, correspondence, letters, facsimiles and facsimile transmittals, reports,

13  inter- and intra-office COMMUNICATIONS, work papers, work sheets, work

14  records, ledgers, graphs, indexes, advertisements, brochures, price lists, cost sheets,

15  estimating sheets, bills, bills of lading, bids, time cards, receipts, purchase orders,

16  telephone records, telegrams, telexes, literature, invoices, contracts, purchase

17  orders, estimates, recordings, transcriptions of recordings, records, books,

18  pamphlets, periodicals, publications, papers, tapes, DVDs, video CDs, video, audio

19  and digital recordings, television commercials, story boards, website or other spot

20  advertisements, movies, movie trailers, prototypes, samples, products, diaries,

21  calendars, charts, drawings, sketches, messages, photographs and data contained in

22  or accessible through any electronic data processing system, including, but not

23  limited to, computer databases, data sheets, data processing cards, computer files

24  and tapes, computer disks, CD-ROMs, computer meta-data, microfilm, microfiche,

25  electronic mail, website and web pages and transcriptions thereof and all other

26  memorializations of any conversations, meetings and conference, by telephone or

27  otherwise. The term DOCUMENT also means every copy of a DOCUMENT,

28  where such copy is not an identical duplicate of the original, whether because of

1  deletions, underlinings, showing of blind copies, initialing, signatures, receipt

2  stamps, comments, notations, differences in stationery or any other difference or

3  modification of any kind.

4      16.  "ELECTRONIC RECORDS" means electronic documents, data or

5  electronically stored information — including writings, drawings, graphs, charts,

6  photographs, sound recordings, images, and other data or data compilations stored

7  in any medium from which information can be obtained, including but not limited

8  to emails (Outlook, Exchange, etc.), word processing files (Word, WordPerfect,

9  etc.), spreadsheets (Excel, etc.), databases (Access, SQL, etc.), presentations

10  (PowerPoint, etc.), picture files (gif, tif, jpg, etc.), graphic files (DWG, PCX, EPS,

11  high or multi-dimension, etc.), audio files (wav, snd, mp, etc.), video files (mpg,

12  mov, etc.), or any other compilation of data used by YOU.

13      17.  "FLAVAS" means and refers to each image, character, logo, doll,

14  styling head, plush toy, toy, accessory, product, packaging or other thing or matter

15  that is or has ever been manufactured, marketed or sold by MATTEL, or others

16  under license by MATTEL, as part of a line of goods or merchandise commonly

17  known as, or sold and marketed under the name, "Flavas."

18      18.  "4-EVER BEST FRIENDS" means and refers to each image,

19  character, logo, doll, styling head, plush toy, toy, accessory, product, packaging or

20  other thing or matter that is or has ever been manufactured, marketed or sold by

21  MGA, or others under license by MGA, as part of a line of goods or merchandise

22  commonly known as, or sold and marketed under the name, "4-Ever Best Friends."

23      19.  "INITIAL DISCLOSURE WITNESS(ES)" means and refers to each

24  person listed in YOUR Consolidated Initial Disclosures, served on January 5, 2007.

25      20.  "LARIAN" means MGA's Chief Executive Officer, Isaac Larian.

26      21.  "LITTLE MOMMY" means and refers to each image, character, logo,

27  doll, styling head, plush toy, toy, accessory, product, packaging or other thing or

28  matter that is or has ever been manufactured, marketed or sold by MATTEL, or

<center>A-4</center>

MGA'S 30(b)(6) DEPOSITION NOTICE
CASE NO. CV 04-09049 SGL (RNBx)

Exhibit 1 - 7

others under license by MATTEL, as part of a line of goods or merchandise
commonly known as, or sold and marketed under the name, "Little Mommy."

22.   "MACHADO" means Carlos Gustavo Machado Gomez.

23.   "MATTEL," "YOU" and "YOUR" shall mean and refer to defendant
Mattel, Inc. and any of its past or present officers, directors, agents, employees,
representatives, consultants, attorneys, parents, subsidiaries, divisions, affiliates,
predecessors-in-interest and successors-in-interest, entities and persons acting in
joint venture or partnership relationships with MATTEL and any others acting on
MATTEL's behalf, pursuant to its authority or subject to its control.

24.   "MGA" shall mean and refer to plaintiff MGA Entertainment, Inc. and
any of its past or present officers, directors, agents, employees, representatives,
consultants, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-
interest (including ABC International Traders, Inc. and Micro Games of America,
Inc.) and successors-in-interest, entities and persons acting in joint venture or
partnership relationships with MGA and any others acting on MGA's behalf,
pursuant to its authority or subject to its control.

25.   MGA HK shall mean counter-defendant MGA Entertainment (HK)
Ltd. and any of its past or present officers, managers, agents, employees,
representatives, consultants, attorneys, divisions, affiliates, predecessors-in-interest
and successors-in-interest, entities and persons acting in joint venture or partnership
relationships with MGA HK and any others acting on MGA HK's behalf, pursuant
to its authority or subject to its control.

26.   MGA MEXICO shall mean counter-defendant MGAE de Mexico,
S.R.L. de C.V. and any of its past or present officers, managers, agents, employees,
representatives, consultants, attorneys, divisions, affiliates, predecessors-in-interest
and successors-in-interest, entities and persons acting in joint venture or partnership
relationships with MGA MEXICO and any others acting on MGA MEXICO's
behalf, pursuant to its authority or subject to its control.

A-5        MGA'S 36(b)(6) DEPOSITION NOTICE
CASE NO. CV 04-09049 SGL (RNBx)

Exhibit 1 - 8

Case 2:04-cv-09049-DOC-RNB   Document 3495-2   Filed 05/06/08   Page 20 of 50   Page ID
#:60305
Case 2:04-cv-09049-SGL-RNB   Document 1719-3   Filed 01/28/2008   Page 9 of 86

27.   "MOMMY'S LITTLE..." means and refers to each image, character,
logo, doll, styling head, plush toy, toy, accessory, product, packaging or other thing
or matter that is or has ever been manufactured, marketed or sold by MGA, or
others under license by MGA, as part of a line of goods or merchandise commonly
known as, or sold and marketed under the names beginning with, "Mommy's
Little...," including but not limited to the phrase "Mommy's Little Patient."

28.   "MY SCENE" means and refers to each image, character, logo, doll,
styling head, plush toy, toy, accessory, product, theme, packaging or other thing or
matter that is or has ever been manufactured, marketed or sold by MATTEL, or
others under license by MATTEL, as part of a line of goods or merchandise
commonly known as, or sold and marketed under the name, "My Scene."

29.   "MY SCENE THEMES" means and refers to the following themes for
MY SCENE products: "Chillin Out," "Night on the Town," "Jammin' in Jamaica,"
and "My Bling Bling."

30.   "NPD" shall mean and refer to The NPD Group, Inc. and NPD
Funworld, and any of their past or present principals, directors, officers, agents,
employees, representatives, consultants, attorneys, entities and persons acting in
joint-venture or partnership relationships and all others acting on their behalf,
pursuant to its authority or subject to its control.

31.   "PERSON" or "PERSONS" means all natural persons, partnerships,
corporations, joint ventures and any kind of business, legal or public entity or
organization, as well as its, his or her agents, representatives, employees, officers
and directors and any one else acting on its, his or her behalf, pursuant to its, his or
her authority or subject to its, his or her control.

32.   "POLLY POCKET" means and refers to each image, character, logo,
doll, styling head, plush toy, toy, accessory, product, theme, packaging or other
thing or matter that is or has ever been manufactured, marketed or sold by
MATTEL, or others under license by MATTEL, as part of a line of goods or

A-6

MGA'S 30(b)(6) DEPOSITION NOTICE
CASE NO. CV 04-09049 SGL (RNBx)

Exhibit 1 - 9

1  merchandise commonly known as, or sold and marketed under the name, "Polly
2  Pocket."
3      33.    The terms "RELATE TO" and "REFER TO" should each be construed
4  in the broadest possible sense to mean concerning, consisting of, referring to,
5  describing, discussing, constituting, evidencing, containing, reflecting, mentioning,
6  pertaining to, citing, summarizing, analyzing or bearing any logical or factual
7  connection with the matter discussed.
8      34.    "RELEVANT TIME PERIOD" means the period from January 1,
9  1998 through the present.
10     35.    "TIA" shall mean and refer to the Toy Industry Association, Inc., and
11 any of its past or present principals, directors, officers, agents, employees,
12 representatives, consultants, attorneys, entities and persons acting in joint-venture
13 or partnership relationships and all others acting on its behalf, pursuant to its
14 authority or subject to its control.
15     36.    "TREANTAFELLES" means Paula (Treantafelles) Garcia, currently
16 MGA's Vice President of Product Design and Development.
17     37.    "TRUEBA" means Mariana Trueba Alamada.
18     38.    "VARGAS" means Pablo Vargas San Jose.
19     39.    "WEE 3 FRIENDS" means and refers to each image, character, logo,
20 doll, styling head, plush toy, toy, accessory, product, packaging or other thing or
21 matter that is or has ever been manufactured, marketed or sold by MATTEL, or
22 others under license by MATTEL, as part of a line of goods or merchandise
23 commonly known as, or sold and marketed under the name, "Wee 3 Friends."
24     40.    "WSJ REPORTERS" means and refers to any current or former
25 reporters for the *Wall Street Journal* (including, but not limited to, Maureen
26 Tkacik) and any of their agents, assistants, investigators, employees, or
27 representatives.
28     41.    "WSJ STATEMENTS" means and refers to any and all of the

A-7                     MGA'S 30(b)(6) DEPOSITION NOTICE
                        CASE NO. CV 04-09049 SGL (RNBx)

Exhibit 1 - 10

1   following statements that appeared in the *Wall Street Journal* article, dated July 18,

2   2003, entitled "Dolled Up: To Lure Older Girls, Mattel Brings in Hip-Hop Crowd":

3       ....Inside Mattel, some are convinced the Bratz borrow liberally from a

4   Mattel project that was scrapped at the testing stage in 1998....

5   Mr. Bryant didn't work on the line that Mattel scrapped, according to

6   former and current Mattel designers. But most Barbie designers had

    seen the prototypes, his former colleagues say. ...

7   The Mattel doll line that was scrapped wasn't exactly like the Bratz,

8   says a longtime Mattel designer who worked on the project. But the

9   Bratz's oversized heads -- with their pursed lips and cartoonish eyes --

    are "virtually identical" to the heads of the dolls her team created, says

    the designer, who left Mattel in 2001.

10  Lily Martinez, a designer who still works at Mattel, came up with the

11  idea for the big doll heads for Mattel, colleagues say. ... She even

12  posted her sketch on her cubicle, colleagues say. "Anyone who passed

    by her cubicle would see the picture up on the wall," says another

13  designer who also left Mattel in 2001. "The big heads, the big eyes,

14  the big feet -- they were all the same" as the Bratz.

15  The Mattel dolls were scrapped in testing, current and former

16  designers say, because Mattel had strict quotas that allowed only one

    "flanker brand" -- that is, a brand that would compete with Barbie for

17  shelf space -- on the market at a time. At the time, Mattel chose a

18  product called "What's Her Face" -- a doll with a blank face on which

    kids could draw expressions. ...

19  <center>EXAMINATION TOPICS</center>

20      1.    MGA's and MGA MEXICO's alleged theft and use of, or direction of

21  others to steal and use on MGA's or MGA MEXICO's behalf, MATTEL's trade

22  secrets in Mexico as alleged in paragraphs 37-54 of YOUR COUNTERCLAIMS,

23  including but not limited to (a) any trade secrets or confidential or proprietary

24  information of MATTEL stolen or used by MGA or MGA MEXICO; (b) MGA and

25  LARIAN's alleged enticement and direction of MACHADO, VARGAS or

26  TRUEBA to steal MATTEL's trade secrets; (c) the specific DOCUMENTS and

27  data allegedly copied, taken, accessed or modified by MACHADO, VARGAS, or

28  TRUEBA; (d) YOUR policies and procedures for protecting the confidentiality of

A-3!             MGA'S 30(b)(6) DEPOSITION NOTICE
                            CASE NO. CV 04-09049 SGL (RNBx)

Exhibit 1 - 11

Case 2:04-cv-09049-DOC-RNB   Document 3495-2   Filed 05/06/08   Page 23 of 50   Page ID
#:60308
Case 2:04-cv-09049-SGL-RNB   Document 1719-3   Filed 01/28/2008   Page 12 of 36

1   the DOCUMENTS and data YOU contend were improperly taken by MACHADO,

2   TRUEBA or VARGAS; (e) the factual basis of YOUR information and belief that

3   MACHADO, TRUEBA or VARGAS delivered an internal line list to LARIAN or

4   another MGA officer as alleged in paragraph 49 of YOUR COUNTERCLAIMS;

5   (f) YOUR knowledge of any use of the allegedly misappropriated information by

6   MGA for unfair advantage in the United States and Mexico as alleged in paragraph

7   50 of YOUR COUNTERCLAIMS; (g) alleged efforts by MACHADO, TRUEBA

8   and VARGAS to conceal their alleged theft as alleged in paragraph 51 of YOUR

9   COUNTERCLAIMS; (h) YOUR investigation of facts and circumstances

10  concerning the departure of MACHADO, VARGAS or TRUEBA from MATTEL

11  and the alleged theft and use, including any proof of actual use by them or MGA

12  MEXICO, of MATTEL trade secrets in Mexico; (i) when YOU first learned the

13  facts and circumstances alleged in paragraphs 37-54 of YOUR

14  COUNTERCLAIMS; (j) YOUR and YOUR agents' and attorneys' roles in,

15  participation in or knowledge of any and all investigations by Mexican government

16  authorities as alleged in paragraph 53 of YOUR COUNTERCLAIMS; and (n)

17  YOUR knowledge of COMMUNICATIONS between MGA, LARIAN, or other

18  MGA or MGA MEXICO employees or agents on the one hand and MACHADO,

19  VARGAS or TRUEBA on the other hand, including but not limited to the

20  recruitment and hiring MACHADO, VARGAS or TRUEBA and the use of "Plot

21  04" email account.

22          2.    MGA's alleged hiring of BRAWER to facilitate its theft and use,

23  including any proof of actual use, of MATTEL's business methods and practices as

24  alleged in paragraphs 55-69 of YOUR COUNTERCLAIMS, including but not

25  limited to (a) the specific confidential and proprietary information YOU contend

26  that BRAWER took from MATTEL as alleged in 68-69 of YOUR

27  COUNTERCLAIMS; (b) BRAWER's Employee Invention and Trade Secret

28  Agreement with Tyco; (c) BRAWER's access to confidential information about

A-9                    MGA'S 30(b)(6) DEPOSITION NOTICE
                       CASE NO. CV 04-09049 SGL (RNBx)

Exhibit 1 -  12

1  Mattel and its business; (d) YOUR COMMUNICATIONS with BRAWER
2  concerning MATTEL's Code of Conduct and protecting MATTEL's confidential
3  and proprietary business information; (e) the contents of the cardboard box
4  allegedly carried by BRAWER out of MATTEL's offices on September 15, 2004
5  as alleged in paragraph 62 of YOUR COUNTERCLAIMS; (f) the taking by
6  BRAWER of the 2004 sales plan for one of MATTEL's significant customers as
7  alleged in paragraph 62 of YOUR COUNTERCLAIMS; (g) YOUR
8  COMMUNICATIONS with BRAWER during his exit interview; (h) when YOU
9  first learned the facts and circumstances alleged in paragraphs 55-69 of YOUR
10  COUNTERCLAIMS; (i) YOUR investigation of facts and circumstances
11  concerning BRAWER's departure from MATTEL and BRAWER's alleged theft
12  and use of MATTEL's highly valuable business methods and practices; and (j)
13  BRAWER's alleged targeting of and COMMUNICATIONS with MATTEL
14  employees in an effort to induce them to join MGA and misappropriate confidential
15  MATTEL information as alleged in paragraph 69 of YOUR COUNTERCLAIMS,
16  including the IDENTITIES of the MATTEL employees contacted by BRAWER
17  and YOUR knowledge of the substance of those COMMUNICATIONS.
18      3.    MGA's alleged theft and actual use of, or direction of others to steal
19  and use on MGA's behalf, MATTEL's trade secrets in Canada as alleged in
20  paragraphs 70-76 of YOUR COUNTERCLAIMS, including (a) the specific
21  DOCUMENTS and data allegedly copied, taken, accessed or modified by
22  BRISBOIS; (b) when YOU first learned the facts and circumstances alleged in
23  paragraphs 70-76 of YOUR COUNTERCLAIMS; and (c) YOUR investigation of
24  facts and circumstances concerning BRISBOIS's departure from MATTEL and
25  alleged theft and use of, including any proof of actual use by MGA of, MATTEL
26  trade secrets in Canada, including MATTEL's participation in any investigation by
27  Canadian government authorities.
28

A-10

Exhibit 1 - 13

Case 2:04-cv-09049-DOC-RNB   Document 3495-2   Filed 05/06/08   Page 25 of 50   Page ID
#:60310
Case 2:04-cv-09049-SGL-RNB   ·Document 1719-3   Filed 01/28/2008   Page 14 of 36

4.     Any other instances where YOU contend that MGA misappropriated or attempted to misappropriate MATTEL trade secrets for the benefit of MGA, or persuaded MATTEL employees to join MGA to misappropriate MATTEL trade secrets as alleged in paragraph 77 of YOUR COUNTERCLAIMS, including (a) the IDENTITY of all former MATTEL employees who allegedly copied, took, accessed, modified or actually used MATTEL confidential information; (b) confidential information or trade secrets allegedly copied and taken from MATTEL; (c) MATTEL confidential information or trade secrets allegedly disclosed to and used by MGA; (d) when each theft occurred; (e) when MATTEL first learned of each theft or attempted theft; and (f) what MATTEL did in response to each theft or attempted theft.

5.     The IDENTITY, origin, source, meaning and authenticity of all materials YOU contend were MATTEL trade secrets improperly taken by employees of MGA, including M0019162-M0032318, M0059836-M0059836, M0074952-M0074961, and M0075253-M0076446 and YOUR policies and procedures for protecting the confidentiality of the DOCUMENTS YOU contend were MATTEL trade secrets improperly taken by employees of MGA.

6.     LARIAN's alleged misrepresentations to retailers about MATTEL's and MGA's products, as alleged in paragraphs 78-81 of YOUR COUNTERCLAIMS, including (a) the customers and retailers to whom YOU allege LARIAN made false representations; (b) the retailer who cancelled and subsequently reinstated its order for 75,000 units of MY SCENE BLING BLING product; (c) the alleged false and misleading press releases; and (d) YOUR COMMUNICATIONS with any retailers concerning the alleged statements by LARIAN.

7.     YOUR knowledge of all acts YOU contend are the predicate acts constituting a pattern of racketeering activity in violation of RICO as alleged in

A-11                     MGA'S 30(b)(6) DEPOSITION NOTICE
                         CASE NO. CV 04-09049 SGL (RNBx)

Exhibit 1 - 14

Case 2:04-cv-09049-DOC-RNB    Document 3495-2    Filed 05/06/08    Page 26 of 50    Page ID
#:60311
Case 2:04-cv-09049-SGL-RNB    Document 1719-3    Filed 01/28/2008    Page 15 of 36

1    paragraph 93 of YOUR COUNTERCLAIMS and Exhibit C to YOUR

2    COUNTERCLAIMS.

3        8.    Any injury or damages suffered by MATTEL resulting from the acts

4    alleged in MATTEL's COUNTERCLAIMS.

5        9.    MGA's alleged theft of "BRATZ" from YOU, including but not

6    limited to (a) MGA's showing of BRATZ prototypes or products to focus groups

7    and retailers in November 2000 as alleged in paragraph 29 of YOUR

8    COUNTERCLAIMS; (b) MGA's and LARIAN's alleged encouragement, aiding,

9    and financing of BRYANT to develop BRATZ while he was a MATTEL employee

10   as alleged in paragraph 33 of YOUR COUNTERCLAIMS; and (c) BRYANT's and

11   MGA's alleged concealment of facts that prevented MATTEL from discovering

12   that MATTEL allegedly was the true owner of BRATZ as alleged in paragraph 35

13   of YOUR COUNTERCLAIMS.

14       10.   COMMUNICATIONS between YOU (including YOUR agents and

15   attorneys) and law enforcement authorities in Mexico, Canada or the United States,

16   including but not limited to the United States Attorney's Office, the Department of

17   Justice and any national, federal, regional, state, provincial, or local authorities,

18   concerning any of the allegations in YOUR COUNTERCLAIMS or any other

19   alleged taking of confidential MATTEL information by MGA or persons currently

20   or formerly employed by MGA, including MACHADO, VARGAS, TRUEBA,

21   BRISBOIS, and Jorge Castilla, and DOCUMENTS YOU or YOUR agents or

22   attorneys provided to such law enforcement authorities.

23       11.   MATTEL's knowledge or information about the involvement of

24   BRYANT or any person then employed by MATTEL (directly or via a temporary

25   employment agency), in the origin, creation, design or and development of BRATZ,

26   including, but not limited to (a) when MATTEL first learned about BRYANT's

27   involvement with the origin and development of BRATZ; and (b) who at MATTEL

28   knew about the involvement of BRYANT or any person then employed by

A-12        MGA'S 30(b)(6) DEPOSITION NOTICE
            CASE NO. CV 04-09049 SGL (RNBx)

Exhibit 1 - 15

Case 2:04-cv-09049-DOC-RNB   Document 3495-2   Filed 05/06/08   Page 27 of 50   Page ID
#:60312
Case 2:04-cv-09049-SGL-RNB   Document 1719-3   Filed 01/28/2008   Page 16 of 36

1  MATTEL with the origin, creation, design or development of BRATZ, and when
2  and how each individual came to possess such knowledge or information.
3      12.   The use of any MATTEL materials, property or resources by
4  BRYANT or any person then employed by MATTEL (directly or via a temporary
5  employment agency) in connection with creation, design, or development of the
6  original or first wave of BRATZ fashion dolls and accessories introduced in the
7  U.S. in the summer of 2001, including, without limitation (a) PERSONS allegedly
8  involved in putting together the three dimensional dummy used by BRYANT in
9  meeting with MGA; and (b) the specific MATTEL materials, property or resources
10 allegedly used in putting together the three dimensional dummy used by BRYANT
11 in meeting with MGA.
12     13.   MATTEL's knowledge about BRYANT's performance of services for
13 MGA, including, without limitation (a) when and how MATTEL first learned about
14 BRYANT's performance of any services for MGA; (b) when and how MATTEL
15 first learned about the first instance of BRYANT's performance of services for
16 MGA; and (c) who at MATTEL knew about BRYANT's performance of any
17 services for MGA.
18     14.   MATTEL's knowledge about BRYANT's contacts with MGA,
19 including, without limitation (a) when and how MATTEL first learned of any
20 contacts BRYANT had with MGA; (b) when and how MATTEL first learned of the
21 first contact BRYANT had with MGA; and (c) who at MATTEL knew about
22 BRYANT's contacts with MGA.
23     15.   MATTEL's knowledge of BRYANT's contract with MGA, including
24 without limitation (a) when, how and who at MATTEL first became aware of its
25 existence; (b) when MATTEL first became aware of its terms; and (c) when
26 MATTEL or its agents first obtained a copy of the contract.
27     16.   The WSJ STATEMENTS, including, but not limited to (a) YOUR
28 knowledge of who made the WSJ STATEMENTS, or provided any of the

A-15

MGA'S 30(b)(6) DEPOSITION NOTICE
CASE NO. CV 04-09049 SGL (RNBx)

Exhibit 1 - 16

Case 2:04-cv-09049-DOC-RNB   Document 3495-2   Filed 05/06/08   Page 28 of 50   Page ID
#:60313
Case 2:04-cv-09049-SGL-RNB   Document 1719-3   Filed 01/28/2008   Page 17 of 36

1    information contained in the WSJ STATEMENTS, to any WSJ REPORTERS;

2    (b) the identity of all fashion doll or doll designers who left MATTEL in 2001;

3    (c) any efforts by YOU to facilitate the publication of the WSJ STATEMENTS,

4    including, but not limited to, assisting a WSJ REPORTER to obtain the WSJ

5    STATEMENTS or the information contained in the WSJ STATEMENTS, to

6    identify people for WSJ REPORTERS to contact and interview, and to verify the

7    WSJ STATEMENTS or the information contained in the WSJ STATEMENTS;

8    (d) when YOU first learned or became aware of the WSJ STATEMENTS;

9    (e) YOUR response or reaction to the WSJ STATEMENTS after YOU first learned

10   or became aware of them; (f) any actions taken by YOU (including, but not limited

11   to, any investigation or interviews) in response to the WSJ STATEMENTS; and

12   (g) COMMUNICATIONS among MATTEL employees regarding the WSJ

13   STATEMENTS.

14       17.    MATTEL's internal and external investigations of the facts related to

15   this ACTION, including, but not limited to (a) investigations of or concerning

16   BRYANT, Richard Irmen, BRYANT's family, LARIAN, LARIAN's family,

17   MGA, MGA's current and former officers and employees, BRAWER, Farhad

18   (Fred) Larian, Shirin Larian Makabi; Shirin Salemnia, Holly Stinnett, Tina Patel,

19   Mercedeh Ward, Anna Rhee, Veronica Marlowe, Margaret Leahy, Thomas Park,

20   and Jahangir Makabi; (b) surveillance of BRYANT, Richard Irmen, BRYANT's

21   family, LARIAN, LARIAN's family, MGA, MGA's current and former officers

22   and employees, BRAWER, Farhad (Fred) Larian, Shirin Larian Makabi; Shirin

23   Salemnia, Holly Stinnett, Tina Patel, Mercedeh Ward, Anna Rhee, Veronica

24   Marlowe, Margaret Leahy, Thomas Park, and Jahangir Makabi, including the dates

25   and times of surveillance, and the identities of the persons who conducted such

26   surveillance; (c) written or recorded statements; (d) the origin, source, meaning and

27   authenticity of DOCUMENTS produced in this ACTION from YOUR Global

28   Security department files.

A-14       MGA'S 30(b)(6) DEPOSITION NOTICE
           CASE NO. CV 04-09049 SGL (RNBx)

Exhibit 1 - 17

1    18.   YOUR policies and practices concerning interviews and investigations

2  of employees who leave MATTEL to work for competitors, including but not

3  limited to MGA, and YOUR knowledge of the reason(s) why each of your

4  employees, including but not limited to the following former employees or

5  contractors ceased working for MATTEL or a MATTEL subsidiary to work for

6  MGA or an MGA subsidiary as employees or contractors, including what YOU

7  learned through exit interviews:  BRAWER; BRISBOIS; MACHADO; VARGAS;

8  TRUEBA; Eve Bennett; Kami Gilmour; Sarah Halpern; Margaret Leahy; Veronica

9  Marlowe; Maureen Mullen; Amy Myer; Anna Rhee; TREANTAFELLES; Odette

10  Vandenburg; Mercedeh Ward; Daniel Cooney; Janet Han; Steve Chang; Lui

11  Domingo; Pui Pootipong; Ellen Komatsu; Shirin Salemnia; Joe Feldman; Ricardo

12  Abundis; Ian Bate; Nanette Black; John E. Bloodworth III; Kevin Bloomfield;

13  Jorge Castilla; Suzy Chang; Steve Cheng; Gerry Cody Jr.; Nick Contreras; Maria

14  De La Cruz; Karen Dixon; Greg Paul Dominguez; Craig Forrest; Mia Garvia;

15  Eduardo Gonzalez; Tracy Hall; Melody Hansen; Todd Hansen; Jill Hatch; Michael

16  Hinh; Janet Hsu; Alice Kao; Ken Kaufman; Pamela Keller; Alejandro Gabriel

17  Keossian; Joyce Kim (Lee); Young Ran Kim; Kristen Kirst; Jill Larson; Adrian

18  (Chi Shing) Law; Bo Lumabao; Dorothy Marks; Raymond John Martin; Aye Aye

19  Min; Yumi Nakamura; Marvin Natareno; Christine Nigoghossian; Amelia Ivy

20  Arafiles Palijo; Danny Pestonji; Denise Phelan; Michael Pickard; Ronald Rae;

21  Leland Ratleff; Desiree Elisabeth Ronquillo; Micaela Ruiz; Natasha Sasic-Koetsier;

22  Maria Elena Salazar; Harvey Scott; Steffen J. Smith; Jier Su; Dennis Soai; Marla

23  Thompson; Chau Ngoc Tran; Esteban Umana; Gail Upshaw; Chang-Chin Wang;

24  Lance Ward; Dawn Whittaker; Jenny Wong; Troy Augborne; Carter Bryant; Reyna

25  Zetino; Daryoush Aryapour; Janet Blaser; Mari Joanne Bower Violette; Lilia

26  Brown; Gabriella Burlando; Fabienne Chonavel; Christine Dailey; Steve Feichr;

27  Christopher Hardouin; Martin Hitch; Jeff Ho; James Huntley; Randi Kagan;

28  Andreas Koch; Lyn Carol Mayer; Susan McBride; Frank Mils; Xuanlan Nguyen;

A-15         MGA'S 30(b)(6) DEPOSITION NOTICE
CASE NO. CV 04-09049 SGL (RNBx)

Exhibit 1 - 18

1   Gary Thomas O'Brien; Jose Otero; Dan Owen; Nicolletta Parasole; Ana Mancia

2   Parkinson; Roger Rambeau; Wendy Reed; Scot Anthony Reyes; Lon Ross; Dena

3   Schwartz; Brandi Shaver; Holly Stinnett; Lisa Tawil; Gord Terry; Joseph Whitaker;

4   Patrick Williams; Tong Wong; Cherrise Wright; Dave Zbojniewicz; Lourdes

5   Aguilar; Juan Carlos Virrueta Camacho; Alejandro Gurza Romay; Lidia Ivete

6   Montero Leyva; Laura Ochoa; Andrea Ramirez.

7        19.   BRYANT's relationship or contacts with TREANTAFELLES during

8   the time they were both employed at MATTEL, including, but not limited to: (a)

9   YOUR knowledge of whether BRYANT's workspace was next to or near

10  TREANTAFELLES' workspace, and, if so, exactly when and for how long; (b)

11  YOUR knowledge of whether BRYANT and TREANTAFELLES worked together

12  on any projects for MATTEL and, if so, during what time period(s) and specific

13  projects; (c) YOUR knowledge of whether BRYANT and TREANTAFELLES

14  were social acquaintances and, if so, during what time period(s); and (d) any

15  evidence that supports YOUR contention that BRYANT and TREANTAFELLES

16  knew each other during the time they were both employed at MATTEL (including,

17  but not limited to, that they had workspaces near or next to each other, worked on

18  projects together, and/or were social acquaintances), including, but not limited to,

19  any documentary evidence and potential witnesses.

20       20.   The floor plan and seating chart for MATTEL's offices in El Segundo,

21  California in 1999 and 2000, specifically the Design Center and the work spaces of

22  BRYANT, including the origin, source, authenticity, meaning and use of

23  DOCUMENTS produced by MATTEL as M13361-M13368, including M13365A,

24  and the physical proximity of the work spaces of BRYANT and other MATTEL

25  current or former employees, contract workers or PERSONS working for or at

26  MATTEL, including without limitation TREANTAFELLES, Rene Pasko, Lily

27  Martinez, Kislap Ongchangko, Joni Pratt, Barbara Miller, Maureen Mullen and any

28  other PERSON MATTEL claims had confidential information accessed by Bryant

A-16                    MGA'S 30(b)(6) DEPOSITION NOTICE
                        CASE NO. CV 04-09049 SGL (RNBx)

Exhibit 1 - 19

12/28/2007 Case 2:04-cv-09049-SGL-RNB   Document 1719-3   Filed 01/28/2008   Page 20 of 36

1   or MGA (including any current or former employees who were employees, contract
2   workers or vendors of MATTEL at the relevant time).

3       21.   YOUR COMMUNICATIONS and COMMUNICATIONS made on
4   YOUR behalf with Anna Rhee that refer or relate to BRATZ, MGA, BRYANT or
5   Elise Cloonan, including the COMMUNICATIONS with Anna Rhee's counsel and
6   YOUR contacts with Anna Rhee, including but not limited to when she began
7   working for or with MATTEL, what projects she worked on for MATTEL and the
8   dates of such work, and payments made by MATTEL to her.

9       22.   YOUR COMMUNICATIONS and COMMUNICATIONS made on
10  YOUR behalf with Steve Linker that refer or relate to BRATZ, MGA, BRYANT,
11  this ACTION or the asserted or potential allegations or defenses therein, any
12  witnesses in this ACTION, and DOCUMENTS that refer or pertain to any of the
13  above subjects, and YOUR contacts with Steve Linker, including but not limited to
14  when he began working for or with MATTEL, the projects on which he worked for
15  MATTEL and the dates of such work, and payments made by MATTEL to him,
16  and DOCUMENTS that refer or pertain to any of the above subjects.

17      23.   YOUR COMMUNICATIONS and COMMUNICATIONS made on
18  YOUR behalf with Matt Bousquette, Elise Cloonan, David Dees, Sara Halpern,
19  Margaret Hatch aka Margaret Leahy, Rachel Harris, Liz Hogan, Andreas Koch,
20  Steve Linker, Kris Lynch, Veronica Marlowe, Len Mazzocco, Maureen Mullen
21  Chianese, Billy Ragsdale, Wendy Ragsdale, Brian Schmidt, Cassidy Park, Pam
22  Peretz, Jesse Ramirez and Ivy Ross, or any current or former MGA employee or
23  person you know or believe to be a current or former MGA freelancer, where the
24  COMMUNICATIONS refer or relate to BRATZ, MGA, BRYANT, this ACTION
25  or the asserted or potential allegations or defenses therein, any witnesses in this
26  ACTION, and DOCUMENTS that refer or pertain to any of the above subjects.

27

28

A-17                    MGA'S 30(b)(6) DEPOSITION NOTICE
                        CASE NO. CV 04-09049 SGL (RNBx)

Exhibit 1 - 20

24.  . The process(es) by which MATTEL evaluates and approves ideas for new fashion dolls, including, but not limited to, any changes to such process(es) after BRATZ dolls were released in 2001.

25.  MATTEL'S hiring and recruiting practices, including its practices of recruiting and hiring PERSONS who have been employed by MATTEL competitors, including, but not limited to, MGA, Hasbro, Leap Frog, Jakks Pacific, Maui Toys, Malibu Toys, Galoob Toys, the number of such people MATTEL has hired since 1998, and YOUR efforts to ensure that new employees did not bring confidential information from their former employers.

26.  For each and every agreement requested by MATTEL concerning confidentiality, ownership of intellectual property, and/or any post-employment restrictions or obligations to MATTEL, the number, percentage, and identity of MATTEL employees who have refused to sign such agreement(s) since 1998.

27.  The circumstances under which BRYANT testified in September 2003 in the lawsuit brought by Gunther Wahl against MATTEL, including when and what any individual, including MATTEL'S in-house and outside counsel with direct or supervisory responsibility for this litigation, knew of BRYANT'S anticipated appearance and testimony and the role that appearance and testimony played in the timing of MATTEL'S lawsuit against BRYANT.

28.  The identity of, and the sales, revenues, and profits of, any MATTEL product(s) MATTEL contends have been impacted by BRATZ, including, but not limited to, BARBIE, DIVA STARZ, FLAVAS and MY SCENE, and any accessories, and licensed products, from 1990 to the present.

29.  The impact BRATZ has had, if any, on the sales and sales revenues of any Mattel product(s), including but not limited to BARBIE, DIVA STARZ, FLAVAS, any accessories and licensed products, and any product not listed herein that Mattel claims have been impacted by BRATZ.

MGA'S 30(b)(6) DEPOSITION NOTICE
CASE NO. CV 04-09049 SGL (RNBx)

Exhibit 1 -  21

Case 2:04-cv-09049-SGL-RNB    Document 1719-3    Filed 01/28/2008    Page 22 of 36

1    30.    The net worth or value of MATTEL'S "BARBIE" brand, including,

2    but not limited to, its "My Scene" "Barbie" line of products, from 1990 to the

3    present.

4    31.    The INITIAL DISCLOSURE WITNESSES, including, but not limited

5    to: (a) the specific knowledge or information relevant to YOUR allegations and

6    defenses that YOU believe each INITIAL DISCLOSURE WITNESS possesses; (b)

7    YOUR COMMUNICATIONS with each INITIAL DISCLOSURE WITNESS

8    about the subject matters YOU identified in YOUR Consolidated Initial

9    Disclosures; (c) YOUR COMMUNICATIONS with any PERSON concerning each

10   INITIAL DISCLOSURE WITNESS' knowledge of the subject matters YOU

11   identified in YOUR Consolidated Initial Disclosures; and (d) any DOCUMENTS

12   pertaining to information known by each INITIAL DISCLOSURE WITNESS

13   about the subject matters YOU identified in YOUR Consolidated Initial

14   Disclosures.

15   32.    YOUR awareness of and response to "BRATZ," including, but not

16   limited to: (a) YOUR reaction to "BRATZ" fashion dolls when they were first

17   released in 2001; (b) when and why YOU first began to consider "BRATZ" a

18   competitive threat to YOUR business; (c) YOUR strategies and efforts to compete

19   with "BRATZ" since its release in 2001, including, but not limited to, (i) the

20   creation, development, and release of "FLAVAS"; (ii) the redesign of "DIVA

21   STARZ"; (iii) the creation, development, and release of "MY SCENE"; (iv) the

22   origin, source, meaning and authenticity of the "Bratz Brief" produced in this

23   ACTION at M 0079765-71; (v) the origin, source, meaning and authenticity of the

24   Wal-Mart Hotline Report produced at M0080622-23; and (vi) the origin, source,

25   meaning and authenticity of the "WWBD: What Would Bratner Do?" document

26   produced at M0047508; (vii) the origin, source, meaning and authenticity of notes

27   produced at PMH 2273, 2379-83, 1303-07, 2122-27, 2242-59, 2147-49 and any

28   meeting(s) at which these notes were taken; and (viii) the origin, source, meaning

A-19

MOA'S 30(b)(6) DEPOSITION NOTICE
CASE NO. CV 04-09049 SGL (RNBx)

Exhibit 1 - 22

Case 2:04-cv-09049-DOC-RNB   Document 3495-2   Filed 05/06/08   Page 34 of 50   Page ID
#:60319
Case 2:04-cv-09049-SGL-RNB   Document 1719-3   Filed 01/28/2008   Page 23 of 36

1   and authenticity of Board of Directors Update, dated September 2005, produced at

2   M0093291-93314; and (d) the extent to which "BRATZ" products are present at

3   YOUR offices, including, but not limited to, (i) the current and former MATTEL

4   employees who have or have had "BRATZ" products in their offices or

5   workspaces; and (ii) whether or not YOU have a room or area in YOUR offices

6   dedicated to "BRATZ" products.

7        33.   "MY SCENE," including, but not limited to: (a) the origins or sources

8   of inspiration of the "MY SCENE" female fashion dolls and packaging, including,

9   without limitation, (i) the purpose for which "MY SCENE" fashion dolls and

10   packaging were created; and (ii) the extent to which "BRATZ" fashion dolls and

11   packaging were an inspiration or factor in the development of "MY SCENE"

12   fashion dolls and packaging; (b) any changes to the appearance of the "MY

13   SCENE" female fashion dolls and packaging (including, but not limited to, any

14   changes to the head sculpts, facial features, or face painting) since their initial

15   release; (c) "MyScene Platypus" and the origin, source, meaning and authenticity of

16   the document produced at M0086367-M0086428; (d) the origins or sources of

17   inspiration for the MY SCENE THEMES and the extent to which any "BRATZ"

18   themes were an inspiration or factor in their development; (e) the origins or sources

19   of inspiration for the "MY SCENE" styling heads and the extent to which any

20   "BRATZ" "Funky Fashion Makeover Heads" were an inspiration or factor in their

21   development; (f) the origins or sources of inspiration for the "MY SCENE" plush

22   pets and packaging and the extent to which any "BRATZ PETZ" and packaging

23   was an inspiration or factor in their development; (g) marketing strategies and

24   consumer demographics for "MY SCENE"; and (h) the selection, approval process,

25   design and development of "MY SCENE" products and themes (including timing

26   and release dates).

27        34.   "WEE 3 FRIENDS," including, but not limited to (a) the origins or

28   sources of inspiration of "WEE 3 FRIENDS" and the extent to which "4-EVER

A-20

MGA'S 30(b)(6) DEPOSITION NOTICE
CASE NO. CV 04-09049 SGL (RNBx)

Exhibit 1 - 23

Case 2:04-cv-09049-DOC-RNB   Document 3495-2   Filed 05/06/08   Page 35 of 50   Page ID
#:60320
Case 2:04-cv-09049-SGL-RNB   Document 1719-3   Filed 01/28/2008   Page 24 of 36

1    BEST FRIENDS" was an inspiration or factor in the development; and

2    (b) marketing strategies and consumer demographics for "WEE 3 FRIENDS"; and

3    (c) the selection, approval process, design and development of "WEE 3 FRIENDS"

4    (including timing and release dates).

5        35.    "LITTLE MOMMY," including but not limited to (a) the origins or

6    sources of inspiration of "LITTLE MOMMY" and the extent to which

7    "MOMMY'S LITTLE..." was an inspiration or factor in the development of

8    "LITTLE MOMMY"; (b) marketing strategies and consumer demographics for

9    "LITTLE MOMMY"; and (c) the selection, approval process, design and

10   development of "LITTLE MOMMY" (including timing and release dates).

11       36.    "ACCELERACERS," including, but not limited to (a) the origins or

12   sources of inspiration of "ACCELERACERS" and whether "ALIEN RACERS"

13   was a source of inspiration for or factor in the development of ACCELERACERS;

14   (b) YOUR decision re-brand one of YOUR "Hot Wheels" toy lines

15   "ACCELERACERS"; (c) marketing strategies and consumer demographics for

16   "ACCELERACERS"; and (d) the selection, approval process, design and

17   development of "ACCELERACERS" (including timing and release dates).

18       37.    "DIVA STARZ," including, but not limited to (a) the origins or

19   sources of inspiration of YOUR tag line "Do you have a passion for fashion?" and

20   the extent to which MGA's tag line "The Girls with a Passion for Fashion" was an

21   inspiration or factor; (b) the origins or sources of inspiration of the redesign of

22   "DIVA STARZ" fashion dolls including, without limitation, (i) the purpose for

23   which the redesigned "DIVA STARZ" products were created; and (ii) the extent to

24   which "BRATZ" was an inspiration or factor in the development of the redesigned

25   "DIVA STARZ"; (c) marketing strategies and consumer demographics for "DIVA

26   STARZ"; and (d) the selection, approval process, design and development of

27   "DIVA STARZ" (including timing and release dates).

28       38.    "FLAVAS," including, but not limited to (a) the origins or sources of

                                    A-21              MGA'S 30(b)(6) DEPOSITION NOTICE
                                                      CASE NO. CV 04-09049 SGL (RNBx)


                            Exhibit 1 - 24

inspiration of "FLAVAS" and the extent to which "BRATZ" was an inspiration or factor in the development of "FLAVAS"; (b) marketing strategies and consumer demographics for "FLAVAS"; and (c) the selection, approval process, design and development of "FLAVAS" (including timing and release dates).

39.   To the extent not covered by any of the topics above, the identity of any product, project or concept that YOU contend MGA copied or infringed or about which YOU contend that MGA misappropriated MATTEL's trade secrets or other confidential information, and, for each such product, project or concept, (a) all facts concerning its origin, creation, design and development; and (b) any facts underlying YOUR claim or contention that MGA copied or infringed such product, project or concept; and (c) MGA's use of MATTEL'S intellectual property, confidential information or trade secret information in connection therewith.

40.   MATTEL's advertising, promotion, and licensing of MY SCENE, BARBIE and DIVA STARZ, including but not limited to any direction or information provided by or from any MATTEL employee to any MATTEL advertising firm, public relations or publicity firm, or licensee concerning any MGA products or advertising.

41.   The names, locations, job descriptions and length of employment of current and former MATTEL employees and independent contractors responsible for, who contributed to or who were involved in any aspect of the creation, marketing, sales, design, and development of "MY SCENE," "WEE 3 FRIENDS," "LITTLE MOMMY," "ACCELERACERS," "DIVA STARZ," and "FLAVAS."

42.   Legal actions and claims regarding "MY SCENE" and/or "DIVA STARZ," including, without limitation, any lawsuits, claims, or cease and desist letters that (a) YOU have asserted against any PERSON regarding such PERSON's alleged infringement of "MY SCENE" or "DIVA STARZ" or (b) any PERSON has asserted against YOU that "MY SCENE" or "DIVA STARZ" infringes such PERSON's intellectual property rights.

A-22

1    43.    YOUR claimed intellectual property rights in "MY SCENE" and
2    "DIVA STARZ," including, without limitation, (a) any applications for registration
3    and registration for copyright, patent, trademark, or any other right sought or
4    obtained by YOU, and any COMMUNICATIONS pertaining thereto; and (b) any
5    trademark searches performed in connection with the selection of the "MY
6    SCENE" or "DIVA STARZ" names.

7    44.    Any evidence of confusion among consumers, retailers, licensees,
8    suppliers, wholesalers, members of the press, or any other PERSONS between any
9    MATTEL product or packaging on the one hand, and any MGA product or
10   packaging, including, but not limited, to "MY SCENE" and "BRATZ" on the other,
11   and the origin, source, meaning and authenticity the document produced at
12   M0079817-39.

13   45.    Any statements or comments by any PERSON that a MATTEL
14   product, packaging or ADVERTISEMENT is a copy or "knock off" of an MGA
15   product, packaging or ADVERTISEMENT, including, but not limited, to such
16   comments reflected in YOUR Wal-Mart Fall 2004 Toy Fair Recap (M0080055-65).

17   46.    Efforts by MATTEL to copy and imitate MGA's
18   ADVERTISEMENTS, including, without limitation, the extent to which
19   ADVERTISEMENTS for "BRATZ" or "ALIEN RACERS" were an inspiration or
20   factor in the development of ADVERTISEMENTS for "MY SCENE" or
21   "ACCELERACERS."

22   47.    Other than those previously filed and served in this ACTION or in
23   which MGA's counsel in this ACTION was in attendance, the testimony,
24   transcripts, declarations, affidavits and other sworn written statements of any other
25   type by or from YOU or made on YOUR behalf that REFER or RELATE TO
26   DIVA STARZ, MY SCENE, FLAVAS, and BARBIE that REFER OR RELATE
27   TO the RELEVANT TIME PERIOD (regardless of when such testimony or sworn
28   statement was taken, given, signed, made or filed).

A-23          MGA'S 30(b)(6) DEPOSITION NOTICE
              CASE NO. CV 04-9049 SGL (RNBx)

Exhibit 1 - 26

Case 2:04-cv-09049-DOC-RNB   Document 3495-2   Filed 05/06/08   Page 38 of 50   Page ID
#:60323
Case 2:04-cv-09049-SGL-RNB   Document 1719-3   Filed 01/28/2008   Page 27 of 36

1   48.   All COMMUNICATIONS between MATTEL on the one hand and

2   present or former employees or contractors of MGA on the other.

3   49.   The applications for registration and the registrations for copyright,

4   patent, trademark or any other right that REFER OR RELATE TO DIVA STARZ,

5   MY SCENE, FLAVAS, BARBIE, ACCELERACERS, LITTLE MOMMY, WEE 3

6   FRIENDS and POLLY POCKET, or their designs RELATING thereto, sought,

7   made or obtained by, for or on behalf of YOU, including without limitation

8   COMMUNICATIONS pertaining thereto.

9   50.   MATTEL's efforts, or knowledge of any efforts by any PERSON,

10   worldwide to interfere with or inhibit MGA's business with distributors and

11   retailers (including, but not limited to, Wal-Mart, Target, Toys 'R Us, Zellers,

12   Bandai, Jumbo, and Woolworth U.K.), including, but not limited to (a) pressuring

13   or influencing distributors or retailers not buy, sell or distribute "BRATZ" or other

14   MGA products, to reduce shelf and display space for "BRATZ" or other MGA

15   products, or to place "BRATZ" or other MGA products in unfavorable locations at

16   retail outlets; and (b) COMMUNICATIONS with retailers or distributors

17   RELATING TO whether MGA is providing below-market pricing or discontinuing

18   a product line.

19   51.   MATTEL's efforts, or knowledge of any efforts by any PERSON,

20   worldwide to interfere, modify, tamper with or alter MGA's retail product displays,

21   including, but not limited to, COMMUNICATIONS between YOU (including, but

22   not limited to, Erika Ashbrook and Connie Hibbert) and any current or former

23   employee or representative of Wal-Mart (including, but not limited to, Heather

24   Hoent and Barb Lubestine) regarding interfering, modifying, tampering with or

25   altering MGA's retail product displays at Wal-Mart.

26   52.   MATTEL's efforts, or knowledge of any efforts by any PERSON,

27   worldwide to interfere with or inhibit MGA's business with a licensee or licensing

28   agent (including, but not limited to, Smith & Brooks, Zeon, Gemma International,

A-24

1    MV Sports, Hart Concepts, Random House, Egmont, Euromic, Character Licensing
2    and Marketing, JNH Israel, SuperRTL, Candide, and Rose Art Industries) and/or to
3    decline to renew a licensing agreement based in whole or in part on that licensee's
4    or licensing agent's relationship (or proposed relationship) with MGA.
5        53.   MATTEL's efforts, or knowledge of any efforts by any PERSON,
6    worldwide to interfere with or inhibit MGA's business with suppliers, factories, or
7    manufacturing facilities, including, but not limited to, Asahi Kasei Life & Living
8    Corporation, L.A.M.P. S.p.A. (a.k.a. Filo), Jetta Company Ltd., Early Light
9    Industrial Co. Ltd., Kaneka Corp., and Universal Commerce Corporation Limited.
10       54.   MATTEL's efforts, or knowledge of any efforts by any PERSON,
11   worldwide to interfere with or inhibit MGA's business, including, without
12   limitation (a) any threats or attempts to reduce advertising spending if a publication
13   reported on MGA, "BRATZ" or other MGA products; (b) any threats, directions or
14   instructions to market research firms (including, but not limited to,
15   ConsumerQuest) not to work with MGA; (c) any efforts to prevent or influence
16   former MATTEL employees or independent contractors (including, but not limited
17   to, Charlotte Broussard, Margo Eldridge, and Andrew Gallerani) from or against
18   working for, with, or on behalf of MGA; (d) COMMUNICATIONS with
19   Nickelodeon regarding MGA's proposed sponsorship of the "Kids' Choice
20   Awards" and MGA's ability to advertise on Nickelodeon; (e) YOUR efforts to
21   pressure or influence 4Kids Entertainment to cancel or discontinue "Bratz"
22   programming; (f) YOUR efforts to interfere with MGA's investment in or
23   acquisition of Zapf Creation AG; and (g) YOUR plans, attempts, efforts or intent to
24   interfere with business dealings or contractual relations between MGA and Smoby
25   Group, including, but not limited to, YOUR plans to acquire the "Majorette" brand.
26       55.   YOUR COMMUNICATIONS with any PERSON, including, but not
27   limited to, any supplier, factory manufacturer, distributor, retailer, licensee,
28   licensing agent, market research firm, and independent contractor, REFERRING

A-25

MGA'S 30(b)(6) DEPOSITION NOTICE
CASE NO. CV 04-09049 SGL (RNBx)

Exhibit 1 - 28

1  OR RELATING TO such PERSON'S business with MGA, including, but not
2  limited to, any efforts by MATTEL to persuade that PERSON (a) to cease doing
3  business with MGA; (b) to limit or reduce its business with MGA; or (c) increase
4  such PERSON'S business with MATTEL at the expense of that PERSON'S
5  business with MGA.

6       56.    YOUR knowledge of MGA's non-public information (regardless of
7  the source) and YOUR efforts worldwide to monitor, "spy on" or gain knowledge
8  of MGA's activities, unreleased products, and product creation, design and
9  development, including, but not limited to (a) contacts with MGA's current or
10  former employees about MGA or its business; (b) use or attempt to use confidential
11  informants, spies, or moles within MGA; (c) knowledge of any MGA product
12  before its release to the public; (d) the origin, source, meaning and authenticity of
13  the document produced at M0065557-58; (e) instances of obtaining access to MGA
14  showrooms, including obtaining access on false pretenses; (f) access to MGA's
15  products or showroom at any Toy Fair; (g) access to retailer's Plan-o-Grams or
16  merchandising display plans or display areas; and (h) access to MGA's confidential
17  product and pricing information through "competitive management agreements" or
18  "category management agreements" with retailers.

19       57.    MATTEL's efforts, or knowledge of any efforts by any PERSON,
20  worldwide to unfairly compete with MGA by eroding or damaging its goodwill,
21  including, but not limited to (a) efforts to generate negative publicity or consumer
22  comments about MGA, LARIAN, "BRATZ" or other MGA products;
23  (b) COMMUNICATIONS with any PERSON concerning whether "BRATZ" are
24  too sexy or otherwise inappropriate for kids; (c) any publicly-released studies or
25  market research about "BRATZ" or MGA products commissioned by or funded by
26  MATTEL; and (d) efforts to provide negative information about MGA to financial
27  or investment analysts (including, but not limited, to J.P. Morgan) regarding MGA
28  or MGA products.

<div align="center">A-26</div>

<div align="right">MGA'S 30(b)(6) DEPOSITION NOTICE<br>CASE NO. CV 04-09049 SGL (RNBx)</div>

<div align="center">Exhibit 1 - 29</div>

Case 2:04-cv-09049-DOC-RNB   Document 3495-2   Filed 05/06/08   Page 41 of 50   Page ID
#:60326
Case 2:04-cv-09049-SGL-RNB   Document 1719-3   Filed 01/28/2008   Page 30 of 36

1    58.    YOUR COMMUNICATIONS with former MATTEL employees who

2  now work (or subsequently worked) for MGA, including but not limited to letters

3  sent to former MATTEL employees warning them not to disclose information

4  about MATTEL.

5    59.    YOUR hiring of, or consideration of hiring, former MGA employees,

6  including, without limitation, any procedures YOU have adopted to ensure that

7  MGA's confidential proprietary information is protected.

8    60.    The magnitude and scope of layoffs of MATTEL employees during

9  the RELEVANT PERIOD.

10    61.    NPD, including, but not limited to, (a) YOUR payments to NPD,

11  (b) COMMUNICATIONS with NPD regarding MGA's alleged misuse of NPD

12  data; (c) YOUR involvement with and knowledge of NPD's decision to terminate

13  MGA's subscription; (d) YOUR use and misuse of NPD data since 2001; and (e)

14  YOUR efforts to pressure, convince, or request that NPD change product

15  classifications categories involving "BRATZ" or other MGA products and whether

16  such efforts were successful.

17    62.    CARU, including, but not limited to (a) COMMUNICATIONS with

18  CARU regarding MGA's ADVERTISEMENTS, amendments to MGA

19  ADVERTISEMENTS, or MGA's website, including, but not limited to, restrictions

20  placed or suggested to be placed on the foregoing; (b) any formal or informal

21  complaints to CARU regarding MGA's ADVERTISEMENTS or MGA's website;

22  and (c) subsidies given to CARU by MATTEL.

23    63.    TIA, including, but not limited to (a) MATTEL's role in planning, its

24  participation in, or involvement with TIA's Toy-of-the-Year Awards since 2001;

25  and (b) the change in the voting procedures of "Toy of the Year" award from a

26  "people's choice" award to an award based on votes from retailers, the media, and

27  based on NPD data.

28

A-271

MGA'S 30(b)(6) DEPOSITION NOTICE
CASE NO. CV 04-09049 SGL (RNBx)

Exhibit 1 - 30

Case 2:04-cv-09049-DOC-RNB    Document 3495-2    Filed 05/06/08    Page 42 of 50    Page ID
#:60327
12/26/2001 Case 2:04-cv-09049-SGL-RNB    Document 1719-3    Filed 01/28/2008    Page 81 of 36

1    64.    The facts supporting each of the Affirmative Defenses in YOUR

2    Second Amended Answer in Case No. 05-2727, dated July 12, 2007.

3    65.    The facts REFERRING OR RELATING to MGA's Third Affirmative

4    Defense of Unclean Hands in MGA's Answer and Affirmative Defenses dated

5    August 13, 2007, including, but not limited to (a) MATTEL'S efforts to undermine

6    MGA's business and to "kill" Bratz at any cost, including but not limited to

7    Mattel's efforts to infringe and dilute MGA's trade dress, copy MGA's products,

8    packaging, themes, and advertising (including for Mattel products MY SCENE,

9    DIVA STARZ, WEE 3 FRIENDS, ACCELERACERS, and POLLY POCKET) and

10   engage in other acts of unfair competition against MGA as alleged in MGA's

11   complaint against MATTEL; (b) MATTEL'S efforts to create negative publicity or

12   press about MGA, MGA products, BRYANT, LARIAN, or MGA employees; (c)

13   MATTEL'S efforts to fund or commission market research or studies that portray

14   BRATZ or MGA products negatively; (d) MATTEL'S efforts to interfere with

15   MGA's acquisition of or investment in Zapf Creation AG; (e) MATTEL'S efforts

16   to include negative references to MGA or BRATZ on MATTEL's "We Believe in

17   Girls" website; (f) MATTEL'S efforts or intent to interfere with business dealings

18   or contractual relations between MGA and Smoby Group; (g) influencing

19   Nickelodeon to reject MGA advertisements or to limit time slots for

20   advertisements; (h) assisting parties in lawsuits against MGA; (i) monitoring,

21   "spying on" or gaining knowledge of MGA's trade secrets, non-public information,

22   non-public activities, unreleased products, and/or product development; (j) gaining

23   access, or attempts to gain access, to MGA showrooms, Plan-o-Grams,

24   merchandising displays, Toy Fair displays on false pretenses; (k) wrongfully

25   obtaining MGA's costs and sales information through Mattel-employed category

26   managers at retailers; (l) inducing non-party customers to breach confidentiality

27   agreements with MGA and divulge non-public information about MGA's

28   unreleased products; (m) covertly investigating MGA, its officers and employees,

A-28                MGA'S 30(b)(6) DEPOSITION NOTICE
                    CASE NO. CV 04-09049 SGL (RNBx)

Exhibit 1 - 31

Case 2:04-cv-09049-DOC-RNB    Document 3495-2    Filed 05/06/08    Page 43 of 50    Page ID
#:60328
Case 2:04-cv-09049-SGL-RNB    Document 1719-3    Filed 01/28/2008    Page 32 of 36

1    and their family members; (n) contacting persons under false pretense in order to
2    interrogate them about BRATZ and this litigation; (o) coercing MATTEL
3    employees to accept restrictive covenants (right before massive layoffs) and non-
4    compete clauses and other efforts to prevent prospective MGA employees from
5    accepting offers of employment; (p) MATTEL'S delay in suing BRYANT because,
6    *inter alia*, MATTEL wanted BRYANT to testify in an unrelated MATTEL case;
7    (q) falsely inflating its BARBIE sales figures in an effort to mislead the public and
8    retailers; and (r) taking all measures to conceal its bad acts, including the willful
9    non-retention and destruction of documents.

10       66.    The name, address and telephone number of each PERSON or entity
11    with whom MATTEL has communicated regarding this ACTION or the facts and
12    circumstances giving rise to this ACTION; the facts and circumstances surrounding
13    each such COMMUNICATION, including, without limitation, the date, nature and
14    substance of each such COMMUNICATION; and the name, address and telephone
15    number of each PERSON or entity that may have discoverable knowledge,
16    information or DOCUMENTS.

17       67.    All efforts made by MATTEL, directly or indirectly, to contact or
18    communicate with BRYANT since the commencement of the ACTION regarding
19    any subject, whether or not related to or involving the ACTION, and MATTEL's
20    knowledge of any efforts by third-parties or its counsel to contact or communicate
21    with BRYANT since the commencement of the ACTION.

22       68.    The existence, nature and extent of any third-party funding or
23    reimbursement of fees and costs incurred by MATTEL in prosecuting or defending
24    this ACTION, the sharing with any third-party in the financial outcome of this
25    litigation, and the nature and extent of any insurance, indemnification, or similar
26    agreement or arrangement to fund, pay for or reimburse MATTEL for any potential
27    liability it may incur in connection with this ACTION, and the fee arrangement
28    between MATTEL and Quinn Emanuel Urquhart Oliver & Hedges LLP.

A-29·                MGA'S 30(b)(6) DEPOSITION NOTICE
                     CASE NO. CV 04-09049 SGL (RNBx)

Exhibit 1 -  32

69.    The relationship between Farhad (Fred) Larian and MATTEL,
including, but not limited to (a) COMMUNICATIONS between Farhad (Fred)
Larian and MATTEL's counsel; (b) the identity of any DOCUMENTS that Farhad
(Fred) Larian has provided to or made available for inspection by MATTEL
(including MATTEL's counsel); (c) the identity of any DOCUMENTS that
MATTEL (including its counsel) has provided to or made available for inspection
by Farhad (Fred) Larian; and (d) MATTEL's efforts to hire Farhad (Fred) Larian as
a consultant or expert.

70.    MATTEL's COMMUNICATIONS internally or to third-parties, or
assistance to third parties, concerning claims or potential claims against MGA, or
relating to MGA products, either directly or indirectly, including
COMMUNICATIONS with Art Attacks Ink, LLC; Hasbro; Toys & Trends (Hong
Kong) Limited; Cityworld Limited; Jurg Willi Kesselring; UbiSoft Entertainment,
S.A. ; and Dyscom Corp. dba FilmBratz Productions and Hans Dys.

71.    YOUR policies, practices and procedures, written or otherwise,
regarding management, preservation and/or destruction of ELECTRONIC
RECORDS during the RELEVANT TIME PERIOD.

72.    The location, accessibility and retrievability of YOUR ELECTRONIC
RECORDS relevant to the design, development, sales and marketing of YOUR
accused products, as identified in the COMPLAINT.

73.    The location, accessibility and retrievability of YOUR ELECTRONIC
RECORDS created or stored by BRYANT; TREANTAFELLES; BRAWER;
BRISBOIS; MACHADO; VARGAS; TRUEBA; Richard de Anda and any person
working with him in Mattel's Global Security department involved in any way in
investigating BRYANT, Cassidy Park, Ann Dhiakill, MGA, LARIAN or any
current or former MGA employees; Tim Kilpin; Matthew Bousquette; Robert
Eckert; Chuck Scothon; Kislip Ongchanko; Jill Nordquist; Rob Hudnut; Ivy Ross;
Alan Kaye; Rene Pasko; Adrienne Fontanella; Tina Patel; Julia Jensen; Julia

A-30                    MGA'S 30(b)(6) DEPOSITION NOTICE
                       CASE NO. CV 04-09049 SGL (RNBx)

Exhibit 1 - 33

1   Marine; Fred Kawashima; Evelyn Viohl; Anna Rhee; and any other person who
2   currently works or previously worked for MATTEL who MATTEL knows or has
3   reason to believe has knowledge or information concerning the claims or defenses
4   in this litigation or the facts underlying them.

5        74.   YOUR policies, practices and procedures, written or otherwise,
6   regarding employee use of company computers and ELECTRONIC RECORDS
7   during the RELEVANT TIME PERIOD, including but not limited to (a) Desktop
8   computers; (b) Laptop computers; (c) Home-based computers used for company
9   business or communication purposes; (d) Removable media (e.g., USB drives); and
10  (e) PDAs (Personal Digital Assistants).

11       75.   Computers currently in use and computers no longer in use by YOU
12  during the RELEVANT TIME PERIOD, including (a) Number, types and
13  locations; (b) Operating systems with versions and dates of use; and (c) Application
14  software with versions and dates of use.

15       76.   YOUR policies, practices and procedures, written or otherwise,
16  regarding the processing of YOUR computers after an employee leaves YOUR
17  employ.

18       77.   YOUR network architecture during the RELEVANT TIME PERIOD,
19  including (a) Network topology; (b) File-naming conventions; (c) Access
20  authorization; and (d) Remote access.

21       78.   Document management systems used by YOU during the
22  RELEVANT TIME PERIOD.

23       79.   Email systems used by YOU during the RELEVANT TIME PERIOD.

24       80.   Instant messaging systems used by YOU during the RELEVANT
25  TIME PERIOD.

26       81.   YOUR intranets deployed during the RELEVANT TIME PERIOD.

27       82.   YOUR archival systems and procedures, including to/from disk, tape,
28  or other media during the RELEVANT TIME PERIOD.

MGA'S 30(b)(6) DEPOSITION NOTICE
CASE NO. CV 04-09049 SGL (RNBx)

Exhibit 1 - 34

Case 2:04-cv-09049-DOC-RNB   Document 3495-2   Filed 05/06/08   Page 46 of 50   Page ID
#:60331
Case 2:04-cv-09049-SGL-RNB   Document 1719-3   Filed 01/28/2008   Page 35 of 36

83.   YOUR backup procedures, inventories and schedules, including tape reuse cycles for ELECTRONIC RECORDS during the RELEVANT TIME PERIOD.

84.   YOUR efforts to identify and preserve potentially physical and ELECTRONIC RECORDS potentially relevant to the claims and defenses in this ACTION, the dates and circumstances of each and every such efforts, the circumstances surrounding such efforts, and whether such efforts were in anticipation of litigation involving YOU, BRYANT, and/or MGA.

85.   YOUR policies, practices and procedures, written or otherwise, regarding monitoring or reviewing of employee-created ELECTRONIC RECORDS by any technical means or by or at the direction of any department at MATTEL, including but not limited to Information Technology, Human Resources and/or "Global Security" or "Worldwide Security" during the RELEVANT TIME PERIOD.

86.   YOUR COMMUNICATIONS with American Greetings regarding BRATZ and competing with BRATZ, including by using research and dolls such as Holly Hobby.

1697609

A-32

Exhibit 1 - 35

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
# FACSIMILE TRANSMISSION

**DATE:**   December 26, 2007          **NUMBER OF PAGES, INCLUDING COVER:**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Hon. Edward A. Infante (Ret.) | (415) 982-5267 | (415) 982-5287 |
| Thomas J. Nolan, Esq. | (213) 687-5000 | (213) 687-5600 |
| Michael Page, Esq. | (415) 397-7188 | (415) 391-5400 |

**FROM:**   Michael T. Zeller

**RE:**   Mattel v. Bryant

**MESSAGE:**

07 DEC 26 PM 9:19
SASM & FL A.

07209/2336137.1

| CLIENT # | 07209 | ROUTE/ RETURN TO: | Tiffany Garcia | ☒ CONFIRM FAX ☐ INCLUDE CONF. REPORT |
|---|---|---|---|---|
| OPERATOR: | | | CONFIRMED?   ☐ NO   ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

Exhibit 1 - 36

Case 2:04-cv-09049-DOC-RNB   Document 3495-2   Filed 05/06/08   Page 48 of 50   Page ID
#:60333
Case 2:04-cv-09049-SGL-RNB   Document 1719-4      Filed 01/28/2008      Page 1 of 3

# EXHIBIT 2

Case 2:04-cv-09049-DOC-RNB Document 3495-2 Filed 05/06/08 Page 49 of 50 Page ID
#:60334
12/26/2007 <Case 2:04-cv-09049-SGL-RNB Document 1719-4 Filed 01/28/2008 Page 2 of 3

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

December 26, 2007

**BY EMAIL AND FACSIMILE**

Hon. Edward Infante (Ret.)
Discovery Master
c/o Sandra Chan
JAMS
Two Embarcadero Center, Suite 1500
San Francisco, CA 94111

Re:  Mattel, Inc. adv. MGA Entertainment/Bryant, CV 04-0949 SGL (RNBx)
     JAMS Ref. 1100049530

Dear Judge Infante:

I am writing on Mattel's behalf to respectfully request an extension of time for Mattel to serve its
opposition to MGA's motion to compel Rule 30(b)(6) witnesses, filed on December 21, 2007.
The extension that Mattel requests for its opposition is until and through January 11, 2008 for the
reasons explained below.

MGA's motion seeks to compel on some forty-seven topics set forth in an 86-topic Rule 30(b)(6)
notice that MGA had served on Mattel without leave of the Court as required. More specifically,
the topics that are the subject of MGA's motion are Topic Nos. 8, 9, 11-24, 26-32, 39, 42, 47-48,
58, 60, 65, 69-85. MGA also served the motion to compel on us late in the day last Friday,
which was the last full business day before Christmas. As MGA's counsel is aware, by the time
MGA serve the motion late on Friday, Mattel also had already closed its offices for the holiday
break. Mattel will be closed until after the New Year, with its business people returning on
Monday, January 7, 2008.

quinn emanuel urquhart oliver & hedges, llp

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

**Exhibit 2 - 37**

Case 2:04-cv-09049-DOC-RNB   Document 3495-2   Filed 05/06/08   Page 50 of 50   Page ID
#:60335
12/20/2007   Case 2:04-cv-09049-SGL-RNB   Document 1719-4   Filed 01/28/2008   Page 3 of 3

As Mattel's counsel, we anticipate that we will oppose the motion on grounds of undue burden, among others. Many of the topics that MGA has moved on are extremely broad. For example, Topic No. 24 seeks witnesses on "[t]he process(es) by which MATTEL evaluates and approves ideas for new fashion dolls, including, but not limited to, any changes to such processe(es) after BRATZ dolls were released in 2001." This Topic alone potentially sweeps in many thousands of products since Mattel has numerous fashion doll lines and contemplated fashion doll lines. As another example, Topic No. 47 asks for all prior testimony and sworn statements, including from litigation, about any aspect of Mattel's "BARBIE" product line -- itself alone consisting of many thousands of products -- and four other product lines over the course of the past ten years. Many of the Topics have multiple subparts as well. I have attached a copy of MGA's Rule 30(b)(6) notice at issue for the Discovery Master's convenience.

Accordingly, to oppose the motion, Mattel's counsel expects to obtain and submit client declarations explaining and detailing the reasons why the requested discovery is unduly burdensome. Because Mattel is closed as explained above, however, it is not feasible for Mattel's counsel to obtain the appropriate client declarations prior to the current due date for the opposition to MGA's motion.[1] Even with an extension through January 11, 2008, Mattel's counsel will have less than five full business days to identify the necessary declarants on the dozens of broad subjects MGA's motion attempts to put at issue, gather necessary supporting facts and obtain declarations from them after Mattel re-opens.

Mattel asked MGA to agree to the requested extension, but to no avail. Accordingly, Mattel respectfully submits that there is good cause for the extension and requests that the Discovery Master grant one until and including January 11, 2008.

Thank you for your continuing attention to this matter.

Very truly yours,

*Mike T. Z----*

Michael T. Zeller

Encl.

cc:     Thomas Nolan, Esq. (by email and facsimile)
        Michael Page, Esq. (byemail and facsimile)

---

[1]  The parties apparently do not agree on the due date for Mattel's opposition.  MGA has claimed it is due on New Year's Eve, December 31.  Mattel understands that the clerk's office is closed that day and accordingly would not be due until January 3, 2008.  Under either scenario, however, Mattel would still need an extension for the reasons discussed.

2

Exhibit 2 - 38