1    Hon. Edward A. Infante (Ret.)
      JAMS
2    Two Embarcadero Center
      Suite 1500
3    San Francisco, California  94111
      Telephone:   (415) 774-2611
4    Facsimile:    (415) 982-5287

5

6

7

8               UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                 EASTERN DIVISION

11

| | |
|---|---|
| CARTER BRYANT, an individual, <br><br>         Plaintiff, <br><br>     v. <br><br> MATTEL, INC., a Delaware corporation, <br><br>         Defendant. <br><hr> CONSOLIDATED WITH <br> MATTEL, INC. v. BRYANT and <br> MGA ENTERTAINMENT, INC. v. MATTEL, <br> INC. | CASE NO. CV 04-09049 SGL (RNBx) <br> JAMS Reference No. 1100049530 <br><br><br> Consolidated with <br> Case No. CV 04-09059 <br> Case No. CV 05-2727 <br><br> **ORDER DENYING MATTEL'S <br> MOTION FOR PROTECTIVE ORDER <br> LIMITING THE TEMPORAL SCOPE <br> OF ITS PRIVILEGE LOG** |

       On April 14, 2008, Mattel, Inc. ("Mattel") submitted a "Motion for Protective Order Limiting the Temporal Scope of Its Privilege Log."  Specifically, Mattel seeks a protective order limiting the temporal scope of its privilege log to documents created before November 24, 2003, which is the date Mattel allegedly obtained a copy of Carter Bryant's contract with MGA Entertainment, Inc.  If the Court denies Mattel's motion for a protective order and instead requires

1   Mattel to log documents created up to the date Mattel filed suit against Carter Bryant (April 27,

2   2004), Mattel seeks, in the alternative, an order (a) requiring Carter Bryant to log all documents

3   withheld on claims of privilege that were created up to November 2, 2004, when Bryant filed his

4   complaint for declaratory relief, and (b) requiring MGA to log all documents withheld on claims

5   of privilege that were created up to April 13, 2005, when MGA filed its complaint.

6      On April 22, 2008, MGA Entertainment, Inc., Isaac Larian, MGA Entertainment (HK)

7   Limited, and MGAE de Mexico S.R.L. de C.V. ("MGA") submitted an opposition, and on April

8   29, 2008, Mattel submitted a reply.  Pursuant to Paragraph 5 of the Stipulation and Order for

9   Appointment of a Discovery Master, the Discovery Master finds it appropriate to take the motion

10  under submission for decision without oral argument.

11     Mattel contends that privileged materials created after November 24, 2003 are not relevant

12  to the claims and defenses in this case, and any burden associated with logging these documents is

13  unjustified, particularly when there are only a few weeks remaining before trial.  Mattel also

14  objects to producing a detailed, document-by-document privilege log because, in its view, the log

15  would provide MGA with an unfair insight into Mattel's litigation strategy on the eve of trial.

16  Mattel also contends that Defendants have known since the summer of 2006 that Mattel was not

17  logging privileged documents that were created in the period leading up to Mattel filing suit, and

18  that MGA should not be heard, at this late date, to complain about the scope of Mattel's privilege

19  log.

20     MGA opposes the motion, contending that Mattel's motion is, in effect, an improper

21  motion for reconsideration of the March 10, 2008 Order compelling Mattel to produce, or to

22  identify on a privilege log, Mattel's "NHB" documents.  MGA also contends that Mattel's motion

23  should be denied because (1) throughout the litigation, the parties' agreement was and remains

24  that all privileged documents would be logged except for documents created after this action was

25  filed on April 27, 2004; (2) there is no evidence that the parties agreed to exclude from their

26

27

28                                                                                    2

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

1    privilege logs documents that pre-date this action; and (3) the burden of logging only five month's

2    worth of privileged documents does not justify the relief Mattel seeks.

3          Rule 26(b)(5), Fed.R.Civ.P., provides that "[w]hen a party withholds information

4    otherwise discoverable by claiming that the information is privileged or subject to protection as

5    trial-preparation material, the party must:  (i) expressly make the claim; and  (ii) describe the

6    nature of the documents, communications, or tangible things not produced or disclosed--and do so

7    in a manner that, without revealing information itself privileged or protected, will enable other

8    parties to assess the claim."

9          Parties typically comply with Rule 26(b)(5), Fed.R.Civ.P., by producing a document-by-

10   document privilege log that identifies the author, recipient, date and general nature of the

11   document. See e.g. United States v. Construction Products Research, Inc., 73 F.3d 464, 473 (2d

12   Cir. 1996). Rule 26(b)(5), however, does not mandate a privilege log.  Instead, the Advisory

13   Committee Notes provide as follows:

14              The rule does not attempt to define for each case what information must
            be provided when a party asserts a claim of privilege or work product protection.
15          Details concerning time, persons, general subject matter, etc., may be appropriate
            if only a few items are withheld, but may be unduly burdensome when
16          voluminous documents are claimed to be privileged or protected, particularly if
            the items can be described by categories. A party can seek relief through a
17          protective order under subdivision (c) if compliance with the requirement for
            providing this information would be an unreasonable burden. In rare
18          circumstances some of the pertinent information affecting applicability of the
            claim, such as the identity of the client, may itself be privileged; the rule provides
19          that such information need not be disclosed.

20   Advisory Committee Notes to the 1993 Amendments to Rule 26.  Subdivision (c) to Rule 26

21   provides that "[t]he court may, for good cause, issue an order to protect a party or person from

22   annoyance, embarrassment, oppression, or undue burden or expense," including, inter alia,

23   forbidding the disclosure or discovery, forbidding inquiry into certain matters, or limiting the

24   scope of disclosure or discovery to certain matters. Fed.R.Civ.P. 26(c).

25         In the instant case, Mattel has failed to establish the requisite good cause for a protective

26   order limiting the temporal scope of its privilege log to documents created before November 24,

27

28

1    2003.  Mattel bears the burden of establishing its privilege claims for each document, and the

2    generally accepted way to do this – in the absence of a court order or agreement between the

3    parties to the contrary – is a document-by-document privilege log.  It is also standard practice to

4    use the date the lawsuit was filed as the cut-off for logging items on a privilege log.

5        Mattel's assertions of undue burden are unpersuasive.  Mattel's argument rests upon the

6    declaration of counsel, Timothy L. Alger, which consists of nothing more than generalizations

7    about the burden associated with creating a privilege log:

8
        5.  Mattel's in-house and outside lawyers generated a substantial quantity
        of privileged materials from November 24, 2003 to April 27, 2004 (the "disputed
9       period").  To prepare a detailed privilege log covering the disputed period, Mattel
        would have to review a large quantity of paper and electronic documents in the
10      files of the Mattel Law Department and outside counsel, compare them with prior
        productions and Mattel's privilege log, and add the appropriate documents to a
11      supplemental log.  Even under normal circumstances, such an effort would
        require substantial attorney time and expense.  At this point, such a burden would
12      disrupt the operations of the Mattel Law Department during the time leading up to
        trial, and divert significant – and precious – attorney and paralegal resources from
13      trial preparation.

14      6.  I am familiar with the materials in question.  All of the documents that
        Mattel would have to place on a supplemental log for the disputed period were
15      prepared to assist in anticipated or pending litigation or contain information
        reflecting confidential communications between counsel or counsel's
16      representatives and the client or the client's representatives, for the purpose of
        facilitating the rendition of legal services to the client.  The authors and recipients
17      of those documents are Mattel employees, members of Mattel's Law Department,
        and outside counsel for Mattel (including Quinn Emanuel).

18

19   Alger Decl., ¶¶5-6.  Nowhere does Mattel offer any estimates of how many privileged documents

20   are involved, or attempt to quantify the cost or time associated with producing a privilege log.[1]

21       Lastly, Mattel contends that production of a document-by-document privilege log would

22   reveal aspects of Mattel's litigation strategy on the eve of trial.  Mattel's vague and theoretical

23

24   ─────────────────

25   [1]  Mattel's claim of burden because of the proximity of trial is also unpersuasive.  As the
     party seeking to withhold privileged materials, the burden was squarely on Mattel, not MGA, to
26   seek relief from its obligation to produce a privilege log.  There is no reason why Mattel could not
     have filed the instant motion earlier in the litigation.  The circumstances Mattel now faces are of
27   its own making.

28

1  concern over revealing litigation strategy is not a sufficient reason to excuse Mattel from
2  producing a privilege log.
3        Accordingly, Mattel's motion for a protective order limiting the scope of its privilege log
4  is denied.  No later than May 19, 2008, Mattel shall produce a complete privilege log, including
5  all documents for which Mattel claims privilege up to the April 27, 2004 filing date.  Mattel's
6  alternative motion for an order compelling MGA and Carter Bryant to log documents created
7  after this action was filed is also denied.
8        Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery
9  Master, MGA shall file this Order with the Clerk of Court forthwith.
10
11  Dated: May 6, 2008                        _____/S/_____
12                                            HON. EDWARD A. INFANTE (Ret.)
                                              Discovery Master
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## PROOF OF SERVICE BY E-MAIL

I, Anthony Sales, not a party to the within action, hereby declare that on May 7, 2008, I served the attached ORDER DENYING MATTEL'S MOTION FOR PROTECTIVE ORDER LIMITING THE TEMPORAL SCOPE OF ITS PRIVILEGE LOG in the within action by email addressed as follows:

| | | |
|---|---|---|
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| Matthew M. Werdegar, Esq. | Keker & Van Nest | mwerdegar@kvn.com |
| John E. Trinidad, Esq. | Keker & Van Nest | jtrinidad@kvn.com |
| Audrey Walton-Hadlock, Esq. | Keker & Van Nest | awalton-hadlock@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johnquinn@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| John Gordon, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johngordon@quinnemanuel.com |
| Diane Hutnyan, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dianehutnyan@quinnemanuel.com |
| Thomas J. Nolan, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tnolan@skadden.com |
| Raoul D. Kennedy, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | rkennedy@skadden.com |
| Amy S. Park, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | apark@skadden.com |
| Harriet S. Posner, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | hposner@skadden.com |
| Carl Alan Roth, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | croth@skadden.com |
| Timothy A. Miller, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tmiller@skadden.com |
| Marcus R. Mumford, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Mmumford@skadden.com |
| Paul M. Eckles, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Paul.eckles@skadden.com |
| Lance A. Etcheverry, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Lance.etcheverry@skadden.com |
| Robert J. Herrington, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Robert.herrington@skadden.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on  May 7, 2008, at San Francisco, California.

Anthony Sales