1  Hon. Edward A. Infante (Ret.)
   JAMS
2  Two Embarcadero Center
   Suite 1500
3  San Francisco, California  94111
   Telephone:     (415) 774-2611
4  Facsimile:      (415) 982-5287

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10                          EASTERN DIVISION

11

12 | CARTER BRYANT, an individual, | CASE NO. CV 04-09049 SGL (RNBx)
   |                               | JAMS Reference No. 1100049530
13 |         Plaintiff,            |
14 |      v.                       | Consolidated with
   |                               | Case No. CV 04-09059
15 | MATTEL, INC., a Delaware corporation, | Case No. CV 05-2727
16 |         Defendant.            | **ORDER GRANTING MGA'S MOTION
   |                               | TO QUASH MATTEL'S SUBPOENA
17 |                               | TO BANK OF AMERICA**
18 | CONSOLIDATED WITH             |
   | MATTEL, INC. v. BRYANT and    |
19 | MGA ENTERTAINMENT, INC. v. MATTEL, |
   | INC.                          |
20 |                               |

21                          I. INTRODUCTION

22        On January 29, 2008, MGA Entertainment, Inc., Isaac Larian, MGA Entertainment (HK)

23 Limited, and MGAE de Mexico S.R.L. de C.V. (collectively "MGA") submitted a "Motion to

24 Quash Subpoena to Bank of America or, in the Alternative, For Protective Order."  On February

25 7, 2008, Mattel, Inc. ("Mattel") submitted an opposition, and on February 15, 2008, MGA

26 submitted a reply.  The parties were directed to meet and confer further regarding the motion,

27

28                                                                                    1

   Bryant v. Mattel, Inc.,
   CV-04-09049 SGL (RNBx)

1  which has been completed. See Joint Report dated March 28, 2008. Pursuant to Paragraph 5 of

2  the Stipulation and Order for Appointment of a Discovery Master, the Discovery Master finds it

3  appropriate to take the motion under submission for decision without oral argument.

4  II. BACKGROUND

5  On January 18, 2008, Mattel served a subpoena for documents on Bank of America. The

6  return date was January 28, 2008–the Phase I discovery cut-off. The subpoena contained four

7  requests:

8  (1) All DOCUMENTS REFERRING OR RELATING TO ISAAC LARIAN from

9  January 1, 1999 to the present, inclusive.

10  (2) All DOCUMENTS REFERRING OR RELATING TO any ACCOUNTS

11  maintained by YOU that are in the name of, for the benefit of or concern ISAAC

12  LARIAN, including but not limited to statements, monthly statements, annual

13  statements, daily transaction history reports, monthly transaction history reports,

14  deposit reports, deposit slips, canceled checks, signature cards, and

15  COMMUNICATIONS REFERRING OR RELATING TO such ACCOUNTS,

16  created between January 1, 1999 and the present, inclusive.

17  (3) DOCUMENTS sufficient to show the account number of all ACCOUNTS

18  maintained by YOU in the name of, for the benefit of or concerning ISAAC

19  LARIAN between January 1, 1999 and the present, inclusive.

20  (4) All DOCUMENTS showing or relating to any ACCOUNTS held by ISAAC

21  LARIAN or any ACCOUNTS on which ISAAC LARIAN has signatory authority

22  at any other financial institution.

23  Miller Decl., Ex. 1. The subpoena defines "ISAAC LARIAN" to include Mr. Larian and "all of

24  his . . . relatives (whether by blood or by marriage)." Id.

25  On the evening of Thursday, January 24, 2008, Mattel served notice of the subpoena on

26  MGA. MGA served objections on Mattel and Bank of America on January 27, 2008. MGA also

27

28  2

1  attempted to contact Bank of America, but was unable to speak with the Bank representative

2  responsible for handling the subpoena until the afternoon of January 28, 2008.

3        MGA contends that the subpoena to Bank of America should be quashed for two reasons.

4  First, MGA contends that the subpoena is overly broad and seeks documents that are irrelevant or

5  are unreasonably duplicative or cumulative of discovery already obtained by Mattel.  Second,

6  MGA contends that Mattel failed to give notice of the subpoena prior to its service, in violation of

7  Rule 45(b)(1), Fed.R.Civ.P.

8        Mattel contends that the documents it seeks are relevant to several issues including, *inter*

9  *alia*, Mattel's entitlement to the remedy of disgorgement, to assess Mr. Larian's net worth for

10  purposes of punitive damages, as well as to support Mattel's claims for commercial bribery and to

11  show bias.  Mattel also contends that it is entitled to the subpoenaed documents because of

12  legitimate concerns of spoliation and document tampering.  Mattel further contends that the

13  subpoenaed documents are not cumulative of other discovery because neither MGA nor Mr.

14  Larian has produced the financial records Mattel presently seeks from Bank of America.

15        Mattel also contends that MGA's burden and overbreadth objections are meritless because

16  Bank of America has not made any objections to the subpoena, and instead has represented that it

17  is prepared to produce responsive documents.  Lastly, Mattel contends that MGA's lack of notice

18  objection is disingenuous because MGA has repeatedly subpoenaed third parties without

19  providing notice, and that moreover, MGA has not been prejudiced.

20  III. STANDARDS

21        Rule 26 of the Federal Rules of Civil Procedure provides that "[p]arties may obtain

22  discovery regarding any matter, not privileged, that is relevant to the claim or defense of any

23  party." Fed.R.Civ.P. 26(b)(1).  The court shall, however, limit the frequency or extent of use of

24  the discovery methods if the court determines that (i) the discovery sought is unreasonably

25  cumulative or duplicative, or is obtainable from some other source that is more convenient, less

26  burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

1   discovery in the action to obtain the information sought; or (iii) the burden or expense of the

2   proposed discovery outweighs its likely benefit, taking into account the needs of the case, the

3   amount in controversy, the parties' resources, the importance of the issues at stake in the

4   litigation, and the importance of the proposed discovery in resolving the issues. Fed.R.Civ.P.

5   26(b)(2)(C).

6        Rule 45 of the Federal Rules of Civil Procedure governs the use of subpoenas. "If the

7   subpoena commands the production of documents, electronically stored information, or tangible

8   things or the inspection of premises before trial, then before it is served, a notice must be served

9   on each party." Fed.R.Civ.P. 45(b)(1).  A third party served with a subpoena for documents must

10  produce documents (and reasonably accessible electronically stored information) that are

11  responsive to the subpoena. Fed.R.Civ.P. 45 (b), (d).  If the subpoenaed documents are relevant

12  and there is good cause for their production, the subpoena is enforced unless the documents are

13  privileged or the subpoena is unreasonable, oppressive, annoying or embarrassing. U.S. v.

14  American Optical Co., 39 F.R.D. 580, 583 (N.D. Cal. 1966).

15       Rule 45(c)(1), Fed.R.Civ.P., provides that "[a] party or attorney responsible for issuing

16  and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on

17  a person subject to the subpoena."  Furthermore, "[t]he issuing court must enforce this duty and

18  impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--

19  on a party or attorney who fails to comply." Id.

20       Rule 45 also provides that the issuing court must quash or modify a subpoena under

21  certain circumstances, including among others, when the subpoena requires the disclosure of

22  privileged or other protected matter or subjects a person to undue burden. Fed.R.Civ.P.

23  45(c)(3)(A)(iii) and (iv).  A motion to quash a subpoena or for a protective order as to that

24  subpoena may be made by a party-opponent. See Moon v. SCP Pool Corp., 232 F.R.D. 633, 636

25  (C.D. Cal. 2005) (granting defendants' motion to quash subpoena).

26

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

4

1          In evaluating whether a subpoena imposes an undue burden, Rule 45(c)(3)(A),

2    Fed.R.Civ.P., "'requires the court to weigh the burden to the subpoenaed party against the value of

3    the information to the serving party,' . . . and in particular requires the court to consider: 'such

4    factors as relevance, the need of the party for the documents, the breadth of the document request,

5    the time period covered by it, the particularity with which the documents are described and the

6    burden imposed.'" <u>Moon</u>, 232 F.R.D. at 637, quoting <u>Travelers Indem. Co. v. Metropolitan Life</u>

7    <u>Ins. Co.</u>, 228 F.R.D. 111, 113 (D. Conn. 2005).  Another important factor in evaluating burden is

8    whether the subpoenaing party "can more easily and inexpensively obtain the documents from

9    [another party], rather than from [the] nonparty." <u>Moon</u>, 232 F.R.D. at 638.  <u>See</u> <u>also</u> <u>Lectrolarm</u>

10   <u>Custom Sys. v. Pelco Sales</u>, 212 F.R.D. 567, 573 (E.D. Cal. 2002) (protective order granted where

11   plaintiff subpoenaed non-party for documents that plaintiff had sought from defendant because

12   the "burden and harassing nature of the requests clearly outweigh[ed] the minimal need for the

13   very limited amount of information that could be discovered under the subpoenas.").

14                                   IV. DISCUSSION

15         Although the Bank of America subpoena encompasses documents that are potentially

16   relevant to Mattel's claims and several issues in the case, the subpoena is nevertheless

17   unreasonable because it is overbroad.  The requests are not limited by subject matter to Bratz,

18   MGA or any other relevant issue in the case.  Rather, the subpoena calls for nine years' worth of

19   financial documents, including statements, monthly statements, annual statements, daily

20   transaction history reports, monthly transaction history reports, deposit reports, deposit slips,

21   canceled checks and signature cards.  The production of documents responsive to such overly

22   broad requests would likely sweep in many sensitive and personal financial documents having

23   little to no relevance to the case.

24         Furthermore, the subpoena intrudes upon Mr. Larian's privacy rights as recognized under

25   the California Constitution.  Mattel has not adequately demonstrated the relevance of all of the

26

27

28

1  documents falling within the scope of its expansive subpoena to overcome the privacy protections

2  afforded to Mr. Larian's personal financial information.

3      The subpoena is also overbroad in seeking financial information regarding all of Mr.

4  Larian's relatives. Mattel has broadly defined "ISAAC LARIAN" to include Mr. Larian and "all

5  of his . . . relatives (whether by blood or marriage)." Miller Decl., Ex. 1. Thus, Mattel's subpoena

6  essentially requires production of every document from 1999 to the present that Bank of America

7  possesses relating to Mr. Larian, his wife, his children, and every other family member, in-law or

8  other relative.

9      Mattel's subpoena is also objectionable insofar as it seeks financial information that Mattel

10  has already sought and received in this case. MGA represents that Mr. Larian recently produced

11  nearly 50,000 pages of documents, which included, among other things, documents showing his

12  net worth; his gross income, wages, dividend income, interest income, and other income; his

13  banks and bank accounts; and various other financial documents. Miller Decl., ¶10[1]; see also

14  Park Decl. Mattel has also had an opportunity to depose Mr. Larian and MGA about relevant

15  financial information. In light of the financial information Mattel has already sought and obtained

16  throughout the course of this litigation, the subpoena to Bank of America is unjustified, taking

17  into consideration all of the factors set forth in Rule 26(b)(2)(C), Fed.R.Civ.P.

18      In addition to the reasons discussed above, the subpoena is also objectionable because

19  Mattel failed to comply with Rule 45(b)(1), Fed.R.Civ.P. Mattel served the subpoena on Bank of

20  America on January 18, 2008, but failed to serve notice of the subpoena on MGA until Thursday,

21  January 24, 2008. Thus, Mattel clearly violated the notice requirement of Rule 45(b)(1),

22  Fed.R.Civ.P.

23      Mattel attempts to defend its subpoena by pointing out that MGA has repeatedly

24  subpoenaed parties without providing prior notice to Mattel. Even if that is true, it does not

25

26     [1]  Mattel's Evidentiary Objections to the Miller Declaration based upon lack of personal knowledge and hearsay are overruled.

27

28     6

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

1 | excuse Mattel from complying with the notice requirement of Rule 45(b)(1).  Moreover, Mattel

2 | has never sought redress for MGA's alleged violations of Rule 45(b)(1).  Mattel also contends that

3 | the lack of prior notice did not prejudice MGA, as evidenced by MGA's ability to bring the instant

4 | motion, and therefore there is no basis to quash the subpoena.  Contrary to Mattel's assertion,

5 | however, the lack of notice obviously hindered MGA's ability to communicate with Bank of

6 | America before the return date of the subpoena, and prevented any opportunity for the parties to

7 | meet and confer in order to reach a resolution.

8 | ## V. CONCLUSION

9 | For the reasons set forth above, MGA's motion is granted.  Pursuant to Paragraph 6 of the

10 | Stipulation and Order for Appointment of a Discovery Master, MGA shall file this Order with the

11 | Clerk of Court forthwith.

13 | Dated: May 6, 2008

_____/S/_____

HON. EDWARD A. INFANTE (Ret.)
Discovery Master

## PROOF OF SERVICE BY E-MAIL

I, Anthony Sales, not a party to the within action, hereby declare that on May 7, 2008, I served the attached ORDER GRANTING MGA's MOTION TO QUASH MATTEL'S SUBPOENA TO BANK OF AMERICA in the within action by email addressed as follows:

| | | |
|---|---|---|
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| Matthew M. Werdegar, Esq. | Keker & Van Nest | mwerdegar@kvn.com |
| John E. Trinidad, Esq. | Keker & Van Nest | jtrinidad@kvn.com |
| Audrey Walton-Hadlock, Esq. | Keker & Van Nest | awalton-hadlock@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johnquinn@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| John Gordon, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johngordon@quinnemanuel.com |
| Diane Hutnyan, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dianehutnyan@quinnemanuel.com |
| Thomas J. Nolan, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tnolan@skadden.com |
| Raoul D. Kennedy, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | rkennedy@skadden.com |
| Amy S. Park, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | apark@skadden.com |
| Harriet S. Posner, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | hposner@skadden.com |
| Carl Alan Roth, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | croth@skadden.com |
| Timothy A. Miller, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tmiller@skadden.com |
| Marcus R. Mumford, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Mmumford@skadden.com |
| Paul M. Eckles, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Paul.eckles@skadden.com |
| Lance A. Etcheverry, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Lance.etcheverry@skadden.com |
| Robert J. Herrington, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Robert.herrington@skadden.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on  May 7, 2008, at San Francisco, California.

Anthony Sales