THOMAS J. NOLAN (Bar No. 66992)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue
Los Angeles, California 90071-3144
Telephone: (213) 687-5000
Facsimile: (213) 687-5600
Email: tnolan@skadden.com

RAOUL D. KENNEDY (Bar No. 40892)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
4 Embarcadero Center, 38th Floor
San Francisco, CA 94111-5974
Telephone: (415) 984-6400
Facsimile: (415) 984-2698
Email: rkennedy@skadden.com

Attorneys for MGA Entertainment, Inc.,
MGA Entertainment (HK) Limited,
MGAE De Mexico, S.R.L. DE C.V., and
Isaac Larian

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation<br><br>Defendant.<br><br>Consolidated with MATTEL, INC. v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case No. 04-9059 and Case No. 05-2727<br><br>**DISCOVERY MATTER**<br><br>[To be heard by Discovery Master Hon. Edward A. Infante (Ret.)]<br><br>**SUPPLEMENTAL DECLARATION OF BERNARD SHEK IN SUPPORT OF MGA DEFENDANTS' OPPOSITION TO MATTEL'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND THINGS BY MGA ENTERTAINMENT, INC. AND FOR AWARD OF MONETARY SANCTIONS**<br><br>Hearing Date: April 11, 2008<br>Time: 9:00 a.m.<br>Place: Telephonic |

I, Bernard Shek, declare:

1. I am an attorney duly licensed to practice law in the State of California and am an associate with the law firm of Skadden, Arps, Slate, Meagher & Flom LLP, counsel of record for MGA Entertainment Inc., MGA Entertainment (HK) Limited, MGAE De Mexico, S.R.L. De C.V. and Isaac Larian in this action. Except where otherwise noted, I have personal knowledge of the facts set forth below and could competently testify thereto.

2. On April 9, 2008, Mattel submitted a supplemental declaration of Jon D. Corey in support of Mattel's Motion to Compel Production of Documents and Things by MGA Entertainment, Inc. and for Award of Monetary Sanctions ("Motion to Compel"). Exhibit A to Mr. Corey's supplemental declaration is a letter dated April 9, 2008, from Mr. Corey to my colleague Amy Park, responding to a letter dated March 18, 2008, from Ms. Park to Mr. Corey. Ms. Park's March 18 letter summarized MGA's positions as to various matters regarding Mattel's Motion to Compel that MGA had been attempting to meet and confer with Mattel about. Mr. Corey's supplemental declaration did not include a copy of this letter. Accordingly, to provide the Discovery Master with a full and fair record of the parties' meet-and-confer discussions, a true and complete copy of Ms. Park's March 18 letter is attached hereto as Exhibit 1.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 10th day of April, 2008, in Palo Alto, California.

_____
Bernard Shek

-1-
SUPP. DECL. OF BERNARD SHEK ISO MGA DEFENDANTS' OPP. TO MATTEL'S MOT. TO COMPEL
PRODUCTION OF DOCUMENTS AND THINGS
CASE NO. CV 04-9049 SGL (RNBx)

# Exhibit 1

## SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

525 UNIVERSITY AVENUE

PALO ALTO, CALIFORNIA 94301

TEL: (650) 470-4500
FAX: (650) 470-4570
www.skadden.com

DIRECT DIAL
650.470.4511
DIRECT FAX
888.329.6334
EMAIL ADDRESS
APARK@SKADDEN.COM

FIRM/AFFILIATE OFFICES
---
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
NEW YORK
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON
---
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

March 18, 2008

**By Email and U.S. Mail**

Jon Corey, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017

RE: *Carter Bryant v. Mattel, Inc.* (and consolidated cases)
Case No. CV 04-9049 SGL (RNBx) (consolidated with
Cases Nos. CV 04-09059 and CV 05-02727)

Dear Jon:

I am writing to follow up on our meet-and-confer discussion on February 21, 2008 regarding Mattel's motion to compel MGA to produce documents in response to Mattel's third set of requests for production and for sanctions. Because we have not heard back from you in response to our requests to conclude the meet-and-confer, I am writing to set forth our position with respect to those issues about which we have not yet concluded our discussions.

Documents And Things Related To Other Lawsuits And Claims By MGA That Other Products Infringe Bratz (Request Nos. 1-30)

Request Nos. 1-30 seek every scrap of paper and every byte of data regarding at least 25 different lawsuits, involving 29 different parties, spanning seven years. MGA will stand by its objections to these requests, including that the requests are overbroad, seek a host of irrelevant information, are unreasonably cumulative of other discovery requests and are unduly burdensome. MGA also believes, as set forth in its papers, that the burden of searching for and producing the non-privileged documents, redacting any partially privileged documents, and logging any privileged or redacted documents is outweighed by any marginal relevance of the requested documents. In response to other requests for production, MGA has produced thousands of documents pertaining to prior Bratz-related litigations and its rights to Bratz, including numerous sworn statements and testimony. MGA does not believe any

Exhibit 1,
P. 2

Jon Corey, Esq.
March 18, 2008
Page 2

further production is warranted. (*See* MGA Opposition to Mattel's Motion to Compel Production of Documents and Things and for Sanctions at 7-11, Temkin Decl. at ¶¶ 3, 6; Suppl. Temkin Decl. at ¶¶ 2-5.)

During the parties' February 21 conference of counsel, Mattel declined to narrow Request Nos. 1 through 30, but proposed – in a purported attempt to alleviate the burden on MGA – to go to all places, including counsel's offices, where non-privileged, potentially responsive documents are located, to look through the documents themselves, and select what they want. Mattel's proposal does not cure the overbreadth or cumulative nature of the requests or eliminate the irrelevance. Nor does Mattel's proposal eliminate or even meaningfully reduce the burden on MGA. As explained in Mr. Temkin's supplemental declaration, the documents from 25 different lawsuits are not all sitting conveniently on a single shelf or in a single location; they are stored in multiple locations, including overseas. Thus, locating all potentially responsive documents is itself a burden. Moreover, the non-privileged documents are not segregated from the privileged documents, and not all documents that contain privileged information are privileged in their entirety. In addition, some documents may be protected from disclosure under a protective order in one of the litigations. (Suppl. Temkin Decl. ¶¶ 3, 6.) Accordingly, under Mattel's proposal, MGA would still have to review a significant portion, if not all, of the documents to determine which are privileged or protected and remove them before any inspection by Mattel. In addition, MGA would still have to redact the partially privileged documents and log redacted and privileged documents. Thus, Mattel's proposal does not cure the defects with these requests. As phrased and even with Mattel's proposal to review the documents themselves, Mattel's requests are an improper and unduly burdensome fishing expedition.

Documents Concerning The Use Or Considered Use Of The Name "Jade" (Request No. 31)

During the February 21 conference of counsel, MGA explained that it has already produced documents responsive to this request through January 1, 2001. Mattel proposed that MGA produce documents through September 30, 2001. Mattel asserts that documents regarding use of the name "Jade" are relevant to the issue of when MGA developed and created Bratz because one of the original Bratz dolls was named "Jade." (Mattel's Motion to Compel at 8.)

MGA proposes that this request should be limited to seek documents through June 30, 2001. By that time, as Mattel has acknowledged, MGA had already released the Bratz dolls (including a doll named "Jade") to the market. Thus, documents after June 2001 are irrelevant to and unnecessary to establish when Bratz

Exhibit 1,
P. 3

Jon Corey, Esq.
March 18, 2008
Page 3

was first created or developed. Please let us know whether you will accept MGA's proposed compromise with respect to this request.

<u>Documents Relating To Sandra Bilotto (Request Nos. 32-41)</u>

Request Nos. 32, 33, 36 and 38 seek, respectively, all documents that refer or relate to when Ms. Bilotto first came to MGA's attention, the circumstances under which she was hired, all of Ms. Bilotto's work for Mattel before January 1, 2001, and MGA's knowledge of that work. During the parties' February 21 conference of counsel, MGA explained that these requests are objectionable for various reasons set forth in our papers. MGA further explained that even if these documents may be relevant to Mattel's allegation that MGA induced Mattel employees to abscond with Mattel's trade secrets, that is a Phase 2 issue as to which discovery has been stayed. Please confirm that Mattel will withdraw its motion as to these Phase 2 requests.

Request Nos. 35, 37 and 39 seek, respectively, all documents that refer or relate to Ms. Bilottto's work for MGA, all tangible items that she gave to MGA, and all payments made by MGA to her – all before January 1, 2001. Mattel contends that MGA improperly limited its search to documents concerning Prayer Angels. That is not the case. As MGA explained at the February 21 meeting, MGA has produced all non-privileged responsive documents in its possession, custody or control and did not limit its search to documents concerning Prayer Angels. Request 34 seeks all documents that refer or relate to Ms. Bilotto's first engagement with MGA, including invoices. As MGA explained at the February 21 meeting, although MGA objected to this request, it did not withhold non-privileged documents on the basis of its objections, and documents responsive to this request were produced in response to Request Nos. 35, 37 and 39. Accordingly, please confirm that Mattel will withdraw its motion as to Request Nos. 34, 35, 37 and 39.

Request No. 40 seeks all documents that refer or relate to MGA's payments to Ms. Bilotto after January 1, 2001. Request No. 41 seeks all communications between Ms. Bilotto and Isaac Larian, with no time or subject matter limitation. Mattel has asserts that these documents are relevant to the conception, design and development of Prayer Angels and whether Ms. Bilotto worked on the development of Bratz, as well as Mattel's trade secrets claim. (Mattel's Motion to Compel at 9.) During the February 21 conference of counsel, MGA reiterated its objections to these requests and stated that, with respect to Request No. 41, MGA had produced non-privileged responsive documents through January 1, 2001 and that it did not limit its production to documents concerning Prayer Angels. Mattel stated that it would be willing to narrow Request No. 40 to seek documents from January 1, 2001 through September 30, 2001 and would narrow Request No. 41 to seek documents through September 30, 2001. MGA proposes that Request Nos. 40 and 41 should be

Exhibit  1  ,
P.  4

Jon Corey, Esq.
March 18, 2008
Page 4

limited to seek documents through June 30, 2001 to the extent that they refer or relate to Bryant, Bratz or Prayer Angel. By that time, as Mattel has acknowledged, MGA had already released the Bratz and Prayer Angels dolls to the market. Thus, documents after June 2001 are irrelevant to and unnecessary to establish when Bratz or Prayer Angels were created or developed. In addition, to the extent Mattel asserts that any documents are relevant to Mattel's trade secrets claim, that claim is a Phase 2 claim for which discovery has been stayed. Please let us know whether you will accept MGA's proposed compromise with respect to Request Nos. 40 and 41.

<u>MGA's Communications With And Payments To Paula Garcia (Request Nos. 42, 76 and 77)</u>

Request No. 42 seeks all communications between Isaac Larian and Paula Garcia without any limitation as to subject mater or time. Mattel asserts that these documents are relevant to show (i) the timing of the creation and development of Bratz and (ii) whether Ms. Garcia shared confidential Mattel information with MGA while she was at Mattel.

During the parties' February 21 conference of counsel, MGA explained that Mattel's allegations regarding sharing of confidential Mattel information concern Phase 2 claims, which the court has stayed. With respect to the development of Bratz, MGA explained that, in response to other requests, it has already produced thousands of pages reflecting communications between Ms. Garcia and others, including Mr. Larian, that concern the timing of the creation and development of Bratz.[1] These documents

---

[1] These requests include, but are not limited to, the following:

All DOCUMENTS prepared, drafted, written, transmitted or received (whether in whole or in part) prior to December 31, 2001 RELATING TO BRATZ. (1st set to Larian, No. 1)

All DOCUMENTS RELATING TO BRATZ and RELATING TO any time prior to December 31, 2001 (regardless of when such DOCUMENT was prepared, written, transmitted or received, whether in whole or in part). (1st set to Larian, No. 2)

All DOCUMENTS RELATING TO the origin(s), conception and creation of BRATZ, including without limitation all DOCUMENTS RELATING TO the timing and the method and manner in which BRATZ first came to YOUR or MGA's attention. (1st set to Larian, No. 3)

All DOCUMENTS RELATING TO COMMUNICATIONS between YOU or MGA and BRYANT prior to December 31, 2001 (regardless of when such DOCUMENT was prepared, written, transmitted or received, whether in whole or in part), including without limitation all diaries, notes, calendars, logs, phone records and letters, that reflect, record or memorialize or otherwise RELATING TO any such COMMUNICATIONS. (1st set to Larian, No. 12)

ALL DOCUMENTS prepared, created, received or transmitted (whether in whole or in part) prior to January 1, 2001 that REFER OR RELATE TO BRYANT. (1st set to MGA, No. 6)

Exhibit 1,
P. 5

Jon Corey, Esq.
March 18, 2008
Page 5

include, among others, MGA 0011243-MGA 0053550. MGA explained, as it demonstrated in its papers, that Mattel's demand for every single communication between Paul Garcia and Isaac Larian over a nine-year period is untailored and untethered to any particular claim or defense and is overbroad. (MGA's Opp. at 14-15.) Nonetheless, MGA offered to conduct a targeted search for and to produce (to the extent they were not already produced) all communications between Ms. Garcia and Mr. Larian through May 31, 2001 that refer or relate to Bryant or Bratz. Mattel rejected that proposal and insisted that MGA produce documents (with no subject matter limitation) through September 30, 2001.

Mattel's proposal is unacceptable because, among other reasons, it is still overbroad in that it is unlimited in subject matter and not tethered to any particular claim or defense. MGA submits that Request No. 42 should be limited to communications between Mr. Larian and Ms. Garcia that refer or relate to Bryant or Bratz through June 30, 2001. Documents from that time period would yield what Mattel claims it needs because the Bratz dolls were first sold in the market in June 2001 and thus were created and developed by that date. Please let us know if Mattel will agree to MGA's proposal.

Request Nos. 76 and 77 seek all documents that refer or relate to payments made by MGA to Paula Garcia. Mattel asserts that these documents are relevant to show Ms. Garcia's bias and credibility. During the parties' February conference of counsel, MGA reiterated its objections to these requests. MGA also explained that it has already produced approximately 60,000 pages of documents

---

ALL DOCUMENTS that REFER OR RELATE TO any work, activities or services, including without limitation any freelance work or consulting services, that BRYANT performed for or with YOU or on YOUR behalf prior to January 1, 2001 (regardless of when any such DOCUMENT was prepared, created, received or transmitted, whether in whole or in part). (1st set to MGA, No. 7)

ALL DOCUMENTS prepared, written, transmitted or received (whether in whole or in part) prior to January 1, 2001 that REFER OR RELATE TO BRATZ. (Mattel's First Set of Requests for Production to MGA at Request No. 32)

ALL DOCUMENTS that REFER OR RELATE TO BRATZ that REFER OR RELATE TO any time prior to January 1, 2001 (regardless of when such document was prepared, written, transmitted or received, whether in whole or in part). (Mattel's First Set of Requests for Production to MGA at Request No. 33)

ALL DOCUMENTS that REFER OR RELATE TO the origin(s), conception or creation of BRATZ, including without limitation all DOCUMENTS that REFER OR RELATE TO the timing of, and the method and manner in which, BRATZ first came to YOUR attention (1st set to MGA, No. 36)

ALL DOCUMENTS that REFER OR RELATE TO BRYANT'S participation in the conception, creation, design, development, sculpting, tooling, production or manufacture of BRATZ (1st set to MGA, No. 46)

Exhibit 1,
P. 6

Jon Corey, Esq.
March 18, 2008
Page 6

regarding Paula Garcia in response to other requests, including documents showing payments that MGA and/or Isaac Larian made to her. MGA explained that those documents include, among others: MGA 0070878-MGA 0070948; MGA 0070962-MGA 0071044; MGA 0071047-MGA 0071117; MGA 0071119-MGA 0071290; MGA 0071292-MGA 0071365; MGA 0602411-MGA 0602598; MGA 0602599-MGA 0602616; MGA 1195999-MGA 1196008; and MGA 0011243-MGA 0053550. MGA therefore believes that it has produced documents sufficient to show payments that MGA has made to Ms. Garcia and that Mattel does not also need every shred of paper that relates in any way to every payment Ms. Garcia received. Please let us know whether Mattel will withdraw its motion with respect to Request Nos. 76 and 77.

Documents Regarding The Conception And Development Of Scooter Samantha (Request Nos. 43-55)

Request Nos. 43-55 seek various documents and things relating to MGA's Scooter Samantha product, including when and the circumstances under which that product was first conceived of, and documents sufficient to show the manufacturing and shipping dates of Scooter Samantha products. During the parties' meet and confer discussion and in its papers, Mattel asserted that these documents are relevant (i) to Mattel's trade secrets claim and Mattel's defense to MGA's unfair competition claims, both of which are Phase 2 claims; and (ii) to challenge MGA's development timeline of Bratz dolls; and (iii) to impeach Paula Garica's testimony about her involvement in the product conception, design and development of MGA products during the year 2000.

MGA continues to believe, as set forth in its briefing and as explained during the conference of counsel, that Mattel is not entitled at this time to documents relating to the conception and development of Scooter Samantha because, among other reasons, such documents concern Phase 2 claims. Mattel's assertion that documents concerning Scooter Samantha are necessary to impeach MGA's statements about the development timeline of Bratz or to impeach Paula Garcia also do not justify production of these Phase 2 documents. MGA has received thousands of documents and days of testimony concerning the development of Bratz and the timeline thereof. Mattel has likewise received thousands of documents regarding Paula Garcia, including her involvement in the development of Bratz. Although Mattel asserts that documents related to Scooter Samantha might be relevant to MGA's or Ms. Garcia's credibility, that speculative possibility is too remote to justify the breadth of Mattel's requests regarding this Phase 2 product line, especially at this time. Please let us know whether Mattel will reconsider its position with respect to Request Nos. 43-45 and withdraw its motion as to these requests.

Exhibit 1,
P. 7

Jon Corey, Esq.
March 18, 2008
Page 7

### Documents Relating To Scott Reyes And Space Babes (Request Nos. 56-75)

During the February 21 conference, MGA stated that Request Nos. 56-75, which seek documents relating to Scott Reyes and Space Babes, concern exclusively Phase 2 issues. Mattel agreed. In light of that, please confirm that Mattel will withdraw its motion as to these requests.

### Personnel and vendor files for individuals involved in the development of Bratz and individuals previously employed by Mattel (Request Nos. 78-88)

Request Nos. 78-86 seek all personnel and vendor files for Maureen Mullen, Scott Reyes, Sandra Bilotto, Steve Linker, Veronica Marlow, Peter Marlow, Wendy Ragsdale, Billy Ragsdale and Sarah Halpern. Mattel asserts that these documents are relevant because these people have knowledge regarding the conception, creation and development of Bratz. In response to Request Nos. 78-86, MGA searched for and, to the extent found and not previously produced, produced documents from the personnel and vendor files of these individuals relating to the work they performed on Bratz prior to January 1, 2001. During the conference of counsel, MGA also offered to produce all documents from the personnel and vendor files of these individuals, if any, that relate to any work they performed on Bratz, Angel and Prayer Angels through May 31, 2001. Mattel rejected that proposal and insisted that MGA produce documents through September 30, 2001.

MGA submits that Request Nos. 78-86 should be limited to documents from the personnel and vendor files of these individuals, if any, that relate to any work they performed on Bratz, Angel and Prayer Angels through June 30, 2001. Documents from that time period would yield what Mattel claims it needs because the Bratz dolls were first sold in the market in June 2001 and thus were created and developed by that date. Please let us know if Mattel will agree to MGA's proposal.

Request Nos. 87 and 88 seek all personnel and vendor files of all former Mattel employees or Mattel vendors that have worked for or provided services to MGA, without limitation. In its moving brief, Mattel asserted that these documents are relevant to Mattel's trade secrets, RICO and unfair competition claims. In its reply brief, Mattel asserted that these documents should be produced because the entirety of the Bratz line is directly at issue in Phase 1. During the conference of counsel, MGA explained – as it did in its papers – that Mattel's trade secrets, RICO and unfair competition claims are Phase 2 claims. Accordingly, all discovery concerning these claims has been stayed. MGA also explained that Mattel's assertion that the entire Bratz line is at issue in Phase 1 also does not justify an order compelling production of the personnel and vendor files of *every* former Mattel employee or vendor that *ever* did work for MGA regardless of the topic and time.

Exhibit 1,
P. 8

Jon Corey, Esq.
March 18, 2008
Page 8

      Mattel asserted that it is entitled to the entire contents of the personnel and vendor files for every MGA employee or vendor who worked on Bratz and previously did work for Mattel. Mattel agreed to provide a list of those people, but did not do so. MGA maintains that Mattel's demand for every document in the personnel and vendor files of every MGA employee or vendor who worked on Bratz and previously did work for Mattel is still overbroad for the reasons set forth in its objections and its briefing. Please let us know whether Mattel will reconsider its position regarding Request Nos. 87 and 88 and withdraw its motion as to those requests.

Sincerely,

Amy S. Park

Exhibit 1,
P. 9