1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   John B. Quinn (Bar No. 090378)
2  (johnquinn@quinnemanuel.com)
   Michael T. Zeller (Bar No. 196417)
3  (michaelzeller@quinnemanuel.com)
   Jon D. Corey (Bar No. 185066)
4  (joncorey@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
6  Facsimile:  (213) 443-3100

7  Attorneys for Mattel, Inc.

8               UNITED STATES DISTRICT COURT

9               CENTRAL DISTRICT OF CALIFORNIA

10                    EASTERN DIVISION

| | |
|---|---|
| 11  CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) Consolidated with Case No. CV 04-09059 and Case No. CV 05-02727 |
| 12              Plaintiff, | |
| 13        vs. | Hon. Stephen G. Larson |
| 14  MATTEL, INC., a Delaware corporation, | REPLY IN SUPPORT OF MATTEL, INC.'S MOTION IN LIMINE NO. 1 TO EXCLUDE: (1) EVIDENCE OR ARGUMENT THAT BRYANT'S INVENTION ASSIGNMENT AGREEMENTS ARE UNFAIR OR UNCONSCIONABLE; AND (2) EVIDENCE OF OTHER VERSIONS OF MATTEL'S INVENTIONS AGREEMENTS |
| 15              Defendant. | |
| 16  | |
| 17  AND CONSOLIDATED ACTIONS | |
| 18  | |
| 19  | [Notice of Lodging and Supplemental Declarations of B. Dylan Proctor and Jon D. Corey filed concurrently] |
| 20  | |
| 21  | Date: May 21, 2008 |
| 22  | Time: 1:00 p.m. Place: Courtroom 1 |
| 23  | |
| 24  | **Phase 1** Pre-Trial Conference:  May 19, 2008 Trial Date:  May 27, 2008 |
| 25  | |

26

27

28

07209/2498264.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# **TABLE OF CONTENTS**

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ................................................ 1

PRELIMINARY STATEMENT ................................................................................. 1

ARGUMENT............................................................................................................... 2

I.    EVIDENCE THAT THE AGREEMENT IS UNENFORCEABLE,
      UNREASONABLE OR AMBIGUOUS IS CONTRARY TO THE LAW
      OF THE CASE AND THEREFORE INADMISSIBLE ..................................... 2

II.   IN ANY EVENT, LATER MATTEL AGREEMENTS ARE
      IRRELEVANT, AND BRYANT SHOULD BE BARRED FROM
      SUGGESTING THE INVENTIONS AGREEMENT WAS UNFAIR OR
      OPPRESSIVE ................................................................................................... 4

CONCLUSION............................................................................................................ 8

07209/2498264.1

# TABLE OF AUTHORITIES

**Page**

## Cases

Amber Refining, Inc. v. Occidental Oil and Gas Co.,
961 F.2d 225 (Temp. Emer. Ct. App. 1992) ........................................................ 4

Armendariz v. Foundation Health Psychcare Services, Inc.,
24 Cal. 4th 83 (2000)........................................................................................... 7

Cardwell v. Kurtz,
765 F.2d 776 (9th Cir. 1985).............................................................................. 2

Cohen v. DirecTV, Inc.,
142 Cal. App. 4th 1442 (2006)........................................................................... 7

Costello v. U.S.,
765 F. Supp. 1003 (C.D. Cal. 1991).................................................................. 4

Employers Reinsurance Co. v. Superior Court,
161 Cal. App. 4th 906 (2008)............................................................................ 6

Federal Ins. Co. v. Scarsella Bros., Inc.,
931 F.2d 599 (9th Cir. 1991).............................................................................. 2

Mannick v. Kaiser Foundation Health Plan, Inc.,
2006 WL 2158877 (N.D. Cal. 2006)............................................................. 2, 3

McDowell v. Calderon,
197 F.3d 1253 (9th Cir. 1999)............................................................................ 4

Montrose Chem. Corp v. Admiral Ins. Co.,
10 Cal. 4th 645 (1995)........................................................................................ 5

Owens-Brockway Glass Container Inc. v. Seaboard Surety Co.,
1992 WL 696961 (E.D. Cal. 1962) ................................................................. 5, 6

Sisko  v. Rocha,
440 F.3d 1145 (9th Cir. 2006)............................................................................ 3

So. Cal. Edison Co. v. Superior Court,
37 Cal. App. 4th 839 (1995)............................................................................... 5

Thomas v. Bible,
983 F.2d 152 (9th Cir. 1993).............................................................................. 2

Universal Trading & Inv. Co. v. Kiritchenko,
2007 WL 4326750 (N.D. Cal. 2007).................................................................. 3

## Statutes

28 U.S.C. § 1292............................................................................................................ 3

1

## **Other Authorities**

2    1B Moore's Federal Practice ¶ 0.404[1] (2nd ed. 1991)................................................. 4

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# MEMORANDUM OF POINTS AND AUTHORITIES

## Preliminary Statement

Bryant's Opposition simply reargues issues lost at summary judgment. The Court's April 25, 2008 order found Bryant's interpretation of the Inventions Agreement was "not reasonable," that it unambiguously covered copyrightable designs, and that such assignment was "not outside the scope of the parties' expectations." Order at 4-5. This ruling precludes the two arguments Bryant now proffers to admit versions of Mattel's employment agreements to which he was never a party.

Bryant concedes his Opposition is premised on the assumption he will prevail on the extraordinary relief of either reconsideration by this Court of these adjudicated issues or an interlocutory appeal (the latter of which this Court has already denied). He nowhere suggests the evidence Mattel seeks to exclude otherwise survives the Court's summary judgment's order. In the unlikely event such relief is granted, this Court can revisit the issues in this motion then. But no basis exists to ignore the law of the case and argue about unframed contingencies that will not likely come to pass.

Further, regardless how Bryant's reconsideration request is ultimately resolved, Bryant should still be precluded from introducing evidence of other versions of Mattel's agreements because such agreements are irrelevant to the parties' intent at the time the Inventions Agreement was executed and are not admissible as "course of conduct" evidence. Similarly, he should be barred from suggesting the Inventions Agreement is unfairly one-sided or oppressive because such argument goes only to Bryant's waived unconscionability defense.

1                                               **Argument**

2

3 **I.**    **EVIDENCE THAT THE AGREEMENT IS UNENFORCEABLE,**

4       **UNREASONABLE OR AMBIGUOUS IS CONTRARY TO THE LAW**

5       **OF THE CASE AND THEREFORE INADMISSIBLE**

6

7           Regardless that Bryant now seeks reconsideration of issues resolved in this

8 Court's April 25 Order, unless and until such relief is granted, he cannot oppose this

9 motion with arguments that have been summarily rejected. Mannick v. Kaiser

10 Foundation Health Plan, Inc., 2006 WL 2158877 at *23 (N.D. Cal. 2006) (granting

11 motion in limine on all matters that have been summarily adjudicated). The Court has

12 established the law of the case by finding that Bryant's interpretation of the Inventions

13 Agreement was "not reasonable," that the Agreement unambiguously covered

14 copyrightable designs, and that such assignment was "not outside the scope of the parties'

15 expectations."[1] Federal Ins. Co. v. Scarsella Bros., Inc., 931 F.2d 599, 601 (9th Cir.

16 1991) (grant of summary judgment established law of case); Cardwell v. Kurtz, 765 F.2d

17 776, 778 (9th Cir. 1985). The law of the case doctrine generally precludes a "court from

18 reconsidering an issue that has already been decided by the same court, or a higher court

19 in the identical case." Thomas v. Bible, 983 F.2d 152, 154 (9th Cir. 1993).

20           After acknowledging the summary judgment order in a footnote, Bryant

21 nonetheless proceeds to ignore it and argue that Mattel's agreements with other

22 employees are admissible extrinsic evidence because they "prove a meaning to which the

23

---

[1]   Order Granting in Part, Denying in Part, And Deferring Part the Parties' Motions
24 for Partial Summary Judgment, dated April 25, 2008 ("April 25 Order"), at 4, Declaration of Tamar Buchakjian, dated April 28, 2008 ("Buchakjian Dec."), Exh. 78.
25 ("To accept the interpretation advanced by Bryant, the Court would have to disregard the bedrock principle of contract construction by ignoring an explicit assignment by the
26 employee to the employer of copyrights. The interpretation advanced by Bryant is therefore not reasonable."). The Court further found the assignment provision covered
27 "any Bratz-related 'inventions' (including any designs, improvements, ideas, concepts, and copyrightable subject matter) that [Bryant] is found to have created during the period
28 of his employment with Mattel." Id. at 5.

1 [Inventions Agreement] is reasonably susceptible." Opp. at 2:14-16.[2]  But the Court
2 ruled the Inventions Agreement was unambiguous and *not* susceptible to Bryant's
3 proffered interpretation. Order at 4. Bryant's only other relevance argument is that other
4 Mattel agreements purportedly tend to show Mattel's interpretation of the assignment
5 provision to cover doll designs would fall "outside of the reasonable expectations of the
6 employee" and is otherwise unreasonable. Opp. at 10:5-6. The Court also summarily
7 adjudicated this issue in Mattel's favor, finding the Inventions Agreement was "not
8 outside the scope of the parties' expectations." Order at 5.

9      Recognizing these issues have been decided against him, Bryant offers a
10 single unsupported footnote claiming he is entitled to present "all arguments available to
11 him" because he intends to seek reconsideration or a request for certification under 28
12 U.S.C. § 1292. Opp. at fn. 1. Bryant has now filed a request for reconsideration,[3] but
13 until the current summary judgment order is modified or vacated, Bryant's arguments
14 have been adjudicated and the evidence at issue is irrelevant.  Mannick, 2006 WL
15 2158877 at *23.  See also Universal Trading & Inv. Co. v. Kiritchenko, 2007 WL
16 4326750 at *2 (N.D. Cal. 2007) (despite that plaintiff was challenging summary
17 judgment order via post-judgment motions, the "summary judgment ruling is still the law
18 of this case").

19      And of course, Bryant's presumption that his motion for reconsideration will
20 be granted is unwarranted given the extraordinary nature of such relief. It is well settled
21 that "[a] motion for reconsideration should not be granted, absent highly unusual
22 circumstances, unless the district court is presented with newly discovered evidence,
23 committed clear error, or if there is an intervening change in the controlling law." Sisko
24
25

---

26   [2]  See also Opp. at 6:19-22 ("Because the [Inventions Agreement] is susceptible to Bryant's interpretation, extrinsic evidence . . . is admissible and relevant to understanding
27 the parties [sic] intent.").
  [3]  Bryant has also requested certification under 28 U.S.C. § 1292, but this Court has
28 already denied such relief.

1  v. Rocha, 440 F.3d 1145, 1153-54 (9th Cir. 2006); McDowell v. Calderon, 197 F.3d

2  1253, 1255 (9th Cir. 1999).

3  　　　　With trial less than a month away, a sufficient number of "live" disputes

4  remain that require the attention of the parties and the Court. Re-arguing adjudicated

5  issues would waste time and resources, which is precisely one reason such recourse is

6  extraordinary in the first place. Costello v. U.S., 765 F.Supp. 1003, 1009 (C.D. Cal.

7  1991) (the restrictive standards "reflect [] district courts' concern for preserving

8  dwindling resources and promoting judicial efficiency"). Moreover, in the unusual

9  instance that some of these issues are re-opened, they may be limited or reframed, and

10  the parties should address admissibility in that context, not in a vacuum before any court

11  has taken any action to modify the current order. Id. at 1009; Amber Refining, Inc. v.

12  Occidental Oil and Gas Co., 961 F.2d 225, 238 (Temp. Emer. Ct. App. 1992) rehearing

13  denied (Apr. 16, 1992) (citing 1B Moore's Federal Practice ¶ 0.404[1] (2nd ed. 1991))

14  ("efficient disposition requires that each stage of litigation build on the last, and not

15  afford an opportunity to revisit previous rulings").[4]

16

17  **II.　IN ANY EVENT, LATER MATTEL AGREEMENTS ARE**

18  　　　**IRRELEVANT, AND BRYANT SHOULD BE BARRED FROM**

19  　　　**SUGGESTING THE INVENTIONS AGREEMENT WAS UNFAIR OR**

20  　　　**OPPRESSIVE**

21

22  　　　　Even in the unlikely event the summary judgment rulings concerning the

23  Inventions Agreement are modified, Bryant should still be precluded from introducing

24  evidence of other versions of Mattel's agreements or from suggesting that the Inventions

25  Agreement was unfair or oppressive.

26

27  　[4] A substantial portion of Mattel's motion was devoted to excluding the testimony of defendant's expert D. Jan Duffy. Defendants have now represented that they do not

28  intend to call Ms. Duffy in any capacity. See Opp. at 12:16-19.

1    Ignoring case law that directly bars use of later agreements to interpret an
2  earlier contract (see Motion at 4-5), Bryant attempts to justify such evidence by citing
3  easily distinguishable authorities.[5] Bryant first relies on <u>So. Cal. Edison Co. v. Superior</u>
4  <u>Court</u>, 37 Cal. App. 4th 839 (1995), for the proposition that the conduct of a party *can* be
5  relevant to interpreting a contract. But that broad statement of course does not mean that
6  *any* conduct of a party is relevant to interpretation. The question here is whether Mattel's
7  adoption of a new Inventions Agreement in 2004 sheds light on the parties' intent when
8  entering a different form of the agreement five years earlier in 1999. Even Bryant does
9  not suggest it does, asserting instead that this evidence merely "shows that Mattel knew
10  how to draft clearer and broader" agreements. Opp. at 5:10. Whether Mattel was
11  capable of drafting a supposedly "clearer" agreement does not assist in interpreting the
12  agreement the parties did enter. Similarly, although Bryant contends the "reasonable
13  expectations of the employee" are relevant to interpreting the Inventions Agreement, he
14  does not--and cannot--show how the 2004 Inventions Agreement (or any later version)
15  could possibly bear on a toy designer's reasonable expectations in 1999. Opp. at 10:4-7.

16    Bryant also frivolously argues that revisions to Mattel's Inventions
17  Agreement five years after Bryant's agreement was executed are relevant "drafting
18  history of a standardized form policy." Opp. at 4:12-17 (citing <u>Montrose Chem. Corp v.</u>
19  <u>Admiral Ins. Co.</u>, 10 Cal. 4th 645 (1995) and <u>Owens-Brockway Glass Container Inc. v.</u>
20  <u>Seaboard Surety Co.</u>, 1992 WL 696961 (E.D. Cal. 1962)). Despite Bryant's efforts to
21  turn the phrase "drafting *history*" on its head by extending it to include changes made
22  years <u>later</u> to contracts to which he was never a party, neither case Bryant cites supports
23  that illogical contention. Both addressed only revisions to the actual agreement between
24  the parties made before it was ultimately entered. <u>See</u> <u>Montrose Chem. Corp.</u>, 10 Cal.
25  4th, at 673 ("As these materials demonstrate, the drafters of the standard [] policy, and

26    ───────────
27  [5] Instead of addressing the reasoning of Mattel's authorities, Bryant instead points
   out they were from non-California courts. Although Bryant contends these cases "are
   inconsistent with binding California authority," Opp. at 5:19-20, he never identifies these
28  supposedly binding authorities.

1  the experts advising the industry regarding its interpretation when formulated in 1966,

2  contemplated that the policy would afford liability coverage for all property damage");

3  Owens-Brockway Glass Container Inc., 1992 WL 696961 at *2 (drafting history of

4  contract was admissible to show, for example, "whether alternative terms were

5  considered and rejected").

6      Bryant's argument that later Mattel agreements are admissible as "course of

7  conduct" evidence is equally unfounded.  Bryant invokes the generic principle that

8  "course of conduct" evidence is admissible, but fails to address Mattel's authorities that

9  such conduct is only admissible where performed under the contract at issue.  See

10  Employers Reinsurance Co. v. Superior Court, 161 Cal. App. 4th 906, 922 (2008) ("The

11  very purpose of the admission of course of performance is the common sense belief that

12  when parties perform under a contract, without objection or dispute, they are fulfilling

13  their understanding of the terms of the contract.").[6] Here, whether Mattel began using a

14  different Inventions Agreements in 2004 is unrelated to the parties' performance under

15  Bryant's 1999 Inventions Agreement and therefore such evidence is inadmissible.

16  Bryant's conclusory assertion that "Mattel's revisions embodied in the 2004 Agreement

17  ... constitute relevant subsequent conduct" does nothing to suggest otherwise.  Opp. at

18  7:14-16.

19      Finally, Bryant should also be precluded from suggesting to the jury that

20  the Inventions Agreement was "unfair" or "oppressive," as he does throughout his

21

22

23  [6] Bryant misreads this case in his attempt to distinguish it.  The court in Employers
    Reinsurance Co. refused to admit two different agreements as "course of conduct"
24  evidence to interpret the underlying agreement.  161 Cal. App. 4th at 924, fn. 15
    (discussing inadmissibility of 1998 Agreement) and 925 (discussing inadmissibility of
25  1984 Agreement).  Although Bryant correctly points out that one of these agreements
    specifically stated "it shall not be used in any Court or Arbitration to create, prove or
26  interpret the obligations under general liability or other liability policies," the other
    agreement contained no such language and was excluded as well because it did not
27  constitute course of performance under the earlier agreement.  See Employers
    Reinsurance Co., 161 Cal. App. 4th at 924, fn. 15.  Thus, the court's conclusion does not
28  turn on the language Bryant identifies.

1 | Opposition.[7]  Opp. at 10:19, 11:5, 11:23.  These are the words of unconscionability, a
2 | defense Bryant concedes he has waived.  See, e.g., Cohen v. DirecTV, Inc., 142 Cal.
3 | App. 4th 1442, 1449 (2006) ("substantively unconscionable terms generally described as
4 | 'unfairly one-sided'") (internal citations omitted); Armendariz v. Foundation Health
5 | Psychcare Services, Inc., 24 Cal. 4th 83, 113-114 (2000) ("the more substantively
6 | oppressive the contract term, the less evidence of procedural unconscionability is
7 | required to come to the conclusion that the term is unenforceable, and vice versa").
8 | Bryant nonetheless intends to use these prejudicial terms under the guise that they
9 | characterize Mattel's interpretation of the Inventions Agreement.  Opp. at 10:18-20 and
10 | 11:20-12:1 (contending his unconscionability waiver "does not bar him from introducing
11 | evidence and arguments about the unreasonableness or oppressiveness of Mattel's urged
12 | interpretation" and that he should be permitted to submit evidence that Mattel's
13 | interpretation is "oppressive" and "unfairly one-sided as a matter of contract
14 | interpretation").  Putting aside that the Court has repeatedly rejected these contentions,
15 | Bryant should not be permitted to influence the jury by using loaded terms such as
16 | "oppressive," "unfair," or "one-sided," that do not bear on interpretation but go only to
17 | his admittedly waived attack on the enforceability of the agreement.

24 | [7]  Bryant also asserts that Mattel's motion is overbroad in that it seeks to exclude
25 | evidence, argument or suggestion of "unfairness, unreasonableness, or unconscionability" as to other agreements between Mattel and Bryant. Opp. at 12:8-10.
26 | While Mattel does seek to exclude such argument and evidence as to Bryant's 1995 Inventions Agreement, that is because the 1995 Inventions Agreement is substantially identical to the 1999 version, which defendant's own expert concedes. Motion at fn. 6.
27 | Therefore evidence of unconscionability is equally irrelevant to the 1995 Inventions Agreement. Nowhere in his Opposition does Bryant address this point or suggest why
28 | the 1995 Inventions Agreement should be treated differently.

1

2

## **Conclusion**

3        For the foregoing reasons, Mattel respectfully requests that the Court grant

4   its Motion in Limine No. 1 in its entirety.

5

6   DATED:  May 8, 2008                QUINN EMANUEL URQUHART OLIVER &
                                       HEDGES, LLP
7

8                                      By_____
                                           John Quinn
9                                          Attorneys for Mattel, Inc.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28