1  THOMAS J. NOLAN (Bar No. 66992)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2  300 South Grand Avenue
   Los Angeles, California 90071-3144
3  Telephone:  (213) 687-5000
   Facsimile:   (213) 687-5600
4  Email:      tnolan@skadden.com

5  RAOUL D. KENNEDY (Bar No. 40892)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
6  4 Embarcadero Center, 38th Floor
   San Francisco, CA 94111-5974
7  Telephone:  (415) 984-6400
   Facsimile:   (415) 984-2698
8  Email:      rkennedy@skadden.com

9  Attorneys for MGA Entertainment, Inc., MGA Entertainment (HK) Limited,
   MGAE De Mexico, S.R.L. DE C.V., and Isaac Larian
10

11                    UNITED STATES DISTRICT COURT

12                  CENTRAL DISTRICT OF CALIFORNIA

13                          EASTERN DIVISION

14  CARTER BRYANT, an individual          )   CASE NO. CV 04-9049 SGL (RNBx)
                                          )
15              Plaintiff,                )   Consolidated with Case No. 04-9059
                                          )   and Case No. 05-2727
16       v.                               )
                                          )   DISCOVERY MATTER
17  MATTEL, INC., a Delaware              )
    corporation                          )   [To be heard by Discovery Master
18                                        )   Hon. Edward A. Infante (Ret.)]
                Defendant.                )
19                                        )   DECLARATION OF BERNARD
   _____       )   SHEK IN RESPONSE TO
20  Consolidated with MATTEL, INC. v.     )   "DECLARATION" OF MELISSA
    BRYANT and MGA                        )   GRANT AND IN SUPPORT OF
21  ENTERTAINMENT, INC. v.                )   MGA DEFENDANTS'
    MATTEL, INC.                          )   OPPOSITION TO MATTEL'S
22                                        )   MOTION TO COMPEL
                                          )   PRODUCTION OF DOCUMENTS
23                                        )   IN RESPONSE TO MATTEL'S
                                          )   FIFTH SET OF REQUESTS FOR
24                                        )   PRODUCTION OF DOCUMENTS
                                          )   AND THINGS
25
                                              Hearing Date:  April 11, 2008
26                                            Time:          9:00 a.m.
                                              Place:         Telephonic
27

28
_____
SUPP. DECL. OF BERNARD SHEK IN RESPONSE TO "DECLARATION" OF MELISSA GRANT AND ISO
MGA DEFENDANTS' OPP. TO MATTEL'S MOT. TO COMPEL RE MATTEL'S FIFTH SET OF RFPS
CASE NO. CV 04-9049 SGL (RNBx)

I, Bernard Shek, declare:

1.     I am an attorney duly licensed to practice law in the State of California and am an associate with the law firm of Skadden, Arps, Slate, Meagher & Flom LLP, counsel of record for MGA Entertainment Inc., MGA Entertainment (HK) Limited, MGAE De Mexico, S.R.L. De C.V. and Isaac Larian in this action. Except where otherwise noted, I have personal knowledge of the facts set forth below and could competently testify thereto.

2.     At approximately 4:00 a.m. this morning, Mattel served by email a so-called "Declaration" of Melissa Grant in support of its Motion to Compel Production of Documents in Response to Mattel's Fifth Set of Requests for Production. Ms. Grant's "declaration," which attaches 28 exhibits and totals well over 800 pages, consists largely of improper attorney argument and comes two months after the parties had completed their briefing on Mattel's motion.

3.     To the extent Ms. Grant's "declaration" makes any factual assertions, the assertions are inaccurate or irrelevant to the requests at issue in Mattel's Fifth Set. Indeed, MGA addressed many of these assertions in a letter dated March 24, 2008, from my colleague Amy Park to Timothy Alger, counsel for Mattel. Ms. Park's March 24 letter summarizes the parties' meet-and-confer discussions and MGA's positions with respect to Mattel's Fifth Set. Although Mattel failed to include a copy of this letter among the 28 exhibits submitted with its "declaration," a true and complete copy of Ms. Park's March 24 letter is attached hereto as Exhibit 1. Notably, counsel for Mattel never responded to Ms. Park's letter, choosing instead to overwhelm the Discovery Master and the parties with its voluminous submission a few hours before the hearing on its motion.

4.     At the Discovery Master's request, MGA can provide a further response to any particular issues presented in Mattel's "declaration" that the Discovery Master would like to have addressed.

-1-

1    I declare under penalty of perjury under the laws of the United States of

2  America that the foregoing is true and correct.  Executed this 11th day of April, 2008,

3  in Palo Alto, California.

4

5                                                      _____

6                                                               Bernard Shek

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

525 UNIVERSITY AVENUE

PALO ALTO, CALIFORNIA 94301

TEL: (650) 470-4500
FAX: (650) 470-4570
www.skadden.com

DIRECT DIAL
650.470.4511
DIRECT FAX
888.329.6334
EMAIL ADDRESS
APARK@SKADDEN.COM

FIRM/AFFILIATE OFFICES
————
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
NEW YORK
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON
————
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

March 24, 2008

**By Email and U.S. Mail**

Timothy L. Alger, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA  90017

        RE:    *Carter Bryant v. Mattel, Inc.* (and consolidated cases)
                 Case No. CV 04-9049 SGL (RNBx) (consolidated with
                 Cases Nos. CV 04-09059 and CV 05-02727)

Dear Tim:

        I am writing to follow up on our meet-and-confer discussion on February 21, 2008, regarding Mattel's motion to compel MGA to produce documents in response to Mattel's fifth set of requests for production.  Although we agreed to talk further once you had an opportunity to look again at the requests and consider the information we provided you at the February 21 meeting, we have not heard back from you in response to our requests to conclude our discussion.  Accordingly, I am writing to set forth our position with respect to the matters about which we did not conclude our discussion.

    A.      **MGA's Financial Statements and Tax Returns (Request Nos. 4-7)**

        1.      **Requests Nos. 4-5 (seeking various MGA financial statements from incorporation to 1999)**

        As set forth in MGA's opposition to Mattel's motion to compel, Mattel's requests demanding financial statements since MGA's incorporation are overly broad, excessive and seek documents that are irrelevant to this litigation.  (MGA's Opp. (Docket Item 1993) at 8-14.)  During the parties' February 21 meeting, we explained that MGA has already produced vast amounts of historical financial information,

                                   **Exhibit** __1__,
                                     **P.** __3__

Timothy L. Alger, Esq.
March 24, 2008
Page 2

including audited financial statements since 1999 (MGA 7341 – MGA 7362, MGA 0868693 – MGA 0868722, MGA 0869492 – MGA 0869505 & MGA 0869508 – MGA 0869518) and historical trial balances since 1996 (MGA 0060841 – MGA 0061924, MGA 3765665 – MGA 3765746, MGA 3709872 – MGA 3717412). We also refer you to Exhibit C to the report of your expert, Michael J. Wagner, which identifies these and additional financial documents produced by MGA. Despite the foregoing, Mattel has refused to withdraw its motion with respect to these requests or to engage in any further meet and confer discussions.

      2.      **Request No. 6 (seeking MGA's general ledgers from incorporation to 1999)**

MGA informed Mattel at the February 21 meeting that it has already produced responsive documents. Specifically, MGA told Mattel that MGA has produced its historical trial balances for 1996 through 1999, as well as the 2000 trial balance (which Mattel incorrectly suggested in its reply brief had not been produced). These documents are Bates labeled MGA 3765665 – MGA 3765746. We also refer you to Exhibit C to the expert report of your expert, Michael J. Wagner, which identifies these and additional financial documents produced by MGA. Despite the foregoing, Mattel has refused to withdraw its motion with respect to this request or to engage in any further meet and confer discussions.

      3.      **Request No. 7 (seeking MGA's tax returns from incorporation to the present)**

At the February 21 meeting, MGA reminded Mattel that the Discovery Master has already held that the parties' tax returns are not discoverable, and that MGA has already produced numerous financial documents showing MGA's revenue, expenses and other relevant financial items. Such documents include audited financial statements since 1999 (MGA 7341 – MGA 7362, MGA 0868693 – MGA 0868722, MGA 0869492 – MGA 0869505 & MGA 0869508 – MGA 0869518) and historical trial balances since 1996 (MGA 0060841 – MGA 0061924, MGA 3765665 – MGA 3765746, MGA 3709872 – MGA 3717412). We also refer you to Exhibit C to the report of your expert, Michael J. Wagner, which identifies these and additional financial documents produced by MGA. Despite the foregoing, Mattel has refused to withdraw its motion with respect to this request or to engage in any further meet and confer discussions.

      B.      **Corporate Formation and Governance Documents (Request Nos. 1-3, 8-11, 23-30 & 33)**

At the February 21 meeting, Mattel generally asserted that all of the requested documents regarding MGA's corporate formation, governance and ownership

Timothy L. Alger, Esq.
March 24, 2008
Page 3

are relevant to establish alter ego liability.  Mattel based its assertion on (1) its allegation that Mr. Larian caused MGA's directors to grant him a higher salary and bonus in April 2000, and (2) Mattel's allegation that Mr. Larian used MGA's funds to pay off a personal debt to Farhad Larian in connection with Mr. Larian's acquisition of Farhad Larian's shares of MGA stock.  (*See* Mattel's Reply at 4 & 8.)

Mattel's assertions of relevance do not justify the expansive discovery it seeks.  Alter ego liability is an equitable doctrine that requires proof that "(1) there is such a unity of interest and ownership between the corporation and the individual or organization controlling it that their separate personalities no longer exist, and (2) failure to disregard the corporate entity would sanction a fraud or promote injustice." *Communist Party of the United States v. 522 Valencia, Inc.*, 35 Cal. App. 4th 980, 993 (1995).  The issue is "whether in the particular case presented, justice and equity can best be accomplished and fraud and unfairness defeated by disregarding the distinct entity of the corporate form." *Id.*

Moreover, where, as here, the issue concerns a corporate defendant's ability to satisfy any potential judgment, discovery relating to a plaintiff's alter ego allegations should be taken, if at all, after there has been a finding that the corporate defendant is liable and is unable to satisfy the judgment.  *See Higgins v. Journal Register*, No. 3:06-CV-1446(AVC), 2007 U.S. Dist. LEXIS 78761 at *4-5 (D. Conn. October 23, 2007) ("The court concludes that the issue of alter ego or single employer status, as a basis for piercing the corporate veil, need not be resolved at this stage. When and if any defendant is shown to be liable for the violations alleged in the complaint, and is unable to satisfy any judgment rendered, the court can, if necessary, reopen the issue of piercing the corporate veil for further discovery at that time.").

Despite having received many thousands of financial documents from MGA, Mattel has offered no evidence showing that MGA's assets have been so depleted by Mr. Larian that MGA would be unable to satisfy any potential judgment in this case *if* MGA were found liable.  Mattel's allegations about increases in Mr. Larian's salary or the payment of Mr. Larian's obligations to his brother provide no indication that Mr. Larian has somehow placed MGA's ability to satisfy a judgment at risk.  Moreover, even if Mattel were entitled to some discovery relating to its assertions, Mattel's conjecture does not entitle it to discover every document regarding MGA's corporate formation, corporate governance and stock ownership.

1.   **Request Nos. 1-3 & 8-11 (seeking all articles of incorporation, notices of incorporation, bylaws and all minutes from every Board or shareholder meeting since MGA's incorporation)**

As set forth in MGA's opposition to Mattel's motion to compel, Mattel's requests seeking overly broad categories of corporate formation and governance

Exhibit  1 ,
P.  5

Timothy L. Alger, Esq.
March 24, 2008
Page 4

documents from MGA's formation to the present are improper, are not reasonably tailored or tethered to any claim or defense in this action and seek irrelevant information.  (MGA's Opp. (Docket Item 1993) at 8-14.)  At the February 21 meeting, Mattel refused to narrow the scope of these requests.

2.     **Request No. 23-25 (seeking documents sufficient to identify total outstanding MGA shares from incorporation to the present and every MGA shareholder from incorporation to the present, including number of shares owned, date acquired and consideration paid)**

At the February 21 meeting, MGA informed Mattel that MGA and Mr. Larian have already produced numerous documents identifying MGA's shareholders and their ownership interests in the company.  Such documents include at least the following documents:  MGA 3787275 – MGA 3787284.  MGA also reminded Mattel that it already obtained deposition testimony from one of MGA's Rule 30(b)(6) witnesses on this subject. (*See, e.g.,* Tonnu Dep. at 814:24-816:24.)  Despite the foregoing, Mattel has refused to withdraw its motion with respect to these requests or to engage in any further meet and confer discussions.

3.     **Request Nos. 26-30 (seeking all documents, including communications, regarding issuance of stock certificates or stock acquisitions from incorporation to the present, as well as all documents relating to how MGA has been capitalized since its inception)**

As set forth in MGA's opposition to Mattel's motion to compel, Mattel's requests seeking overly broad categories of corporate formation and governance documents are improper, are not reasonably tailored and seek irrelevant information. (MGA's Opp. (Docket Item 1993) at 8-14.)  At the February 21 meeting, Mattel refused to reasonably limit the scope of these requests.

**C.     Documents Showing Payments, Loans or Gifts by MGA to Mr. Larian (Request Nos. 12-20)**

At the February 21 meeting, MGA informed Mattel that MGA has already produced documents showing payments, including shareholder distributions, by MGA to, among others, Mr. Larian, the Larian Trusts, Jahangir Makabi, and Mr. Larian's family members from 1997 through 2007.  Such materials include at least the following documents:  MGA 3787275 to MGA 3787284, MGA 3787315 – MGA 3787853, MGA 3787372 – MGA 3787397, MGA 3787400 – MGA 3787426, and MGA 3865982 – MGA 3866029.  MGA also reminded Mattel that it had already

Exhibit  1 ,
P.  6

Timothy L. Alger, Esq.
March 24, 2008
Page 5

obtained deposition testimony from MGA's Rule 30(b)(6) witness regarding MGA's payments to Mr. Larian. (*See, e.g.,* Tonnu Dep. at 852:15-855:15.)

　　　　　In addition, with regard to gifts and loans, MGA explained that the payment information that MGA has already produced would include information regarding gifts or loans by MGA to Mr. Larian to the extent any such gifts or loans were made. MGA also reiterated its belief that Mattel's requests for such documents are overly broad because, for example, they would cover gifts of any kind or value from any person at MGA to Mr. Larian.

　　　　　Despite the foregoing, Mattel has refused to withdraw its motion with respect to these requests or to engage in any further meet and confer discussions.

　　　　**D.　Documents Showing Payments, Loans or Gifts by MGA to Officers, Directors or Shareholders (Request Nos. 31, 32 & 34-44, 47)**

　　　　　　**1.　Request Nos. 31, 32, 34-39 & 42-44 (seeking documents showing all payments, loans or gifts by MGA to its officers, directors and shareholders, as well as any of their family members)**

　　　　　At the February 21 conference of counsel, MGA informed Mattel that it has already produced numerous documents showing or otherwise reflecting payments to officers, directors and shareholders. These documents include historical trial balance reports, W-2s, shareholder distribution reports, audited financial statements and other documents listing payments made by MGA to others. (*See, e.g.,* MGA 0060841 – MGA 0061924, MGA 3765665 – MGA 3765746, MGA 3709872 – MGA 3717412, MGA 3787315 – MGA 3787853, MGA 3787372 – MGA 3787397, MGA 3787400 – MGA 3787426, MGA 7341 – MGA 7362, MGA 0868693 – MGA 0868722, MGA 0869492 – MGA 0869505 & MGA 0869508 – MGA 0869518 and MGA 3865982 – MGA 3866029.) We also refer you to Exhibit C to the report of your expert, Michael J. Wagner, which identifies these and additional financial documents produced by MGA. Nevertheless, Mattel has refused to withdraw its motion with respect to these requests or to engage in any further meet and confer discussions.

Exhibit ___1___ ,
P. ___7___

Timothy L. Alger, Esq.
March 24, 2008
Page 6

    2.    **Request Nos. 40, 41 & 47 (seeking all monthly bank statements; bank statements showing payments to any director, officer or shareholder, or any family member of such person; and documents identifying MGA's authorized signatories)[1]**

At the February 21 meeting, MGA reiterated its position that these requests are overly broad and seek irrelevant categories of information. (*See also* MGA's Opp. (Docket Item 1993) at 8-14.) MGA also reminded Mattel that the Discovery Master previously rejected a similar discovery request. (*See* 2/15/08 Discovery Master Order at 14-15 (denying Mattel's motion to compel response to Interrogatory No. 39, which requested MGA to identify all of its bank accounts).) In addition, as discussed in the preceding section, MGA has already produced numerous documents reflecting payments to officers, directors and shareholders. Nevertheless, Mattel has refused to withdraw its motion with respect to these requests or to engage in any further meet and confer discussions.

    3.    **Request No. 33 (seeking documents identifying all of MGA's directors and officers from 1999 to the present)**

MGA has agreed to produce documents sufficient to identify every person who has served as a director or officer of MGA, including each person's position and dates of service, from 1999 to the present.

Please let us know whether you have reconsidered your position with respect to any of the foregoing requests and whether Mattel will withdraw its motion as to any of those requests.

Sincerely,

Amy S. Park

---

[1] In its reply brief in support of its motion to compel regarding the fifth set of requests for production, Mattel asserted that Mr. Larian also had not produced his bank statements and canceled checks. However, the fifth set does not request any such documents. Nor was Mr. Larian ever ordered to produce such documents. In addition, as MGA explained to Mattel at the February 21 meeting, Mr. Larian already produced documents showing all financial institutions where he held an account from 1999 to the present, as well as documents showing account numbers for all accounts from 2003 through 2007.

Exhibit __/__ ,
P. __9__