QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059 and<br>Case No. CV 05-02727<br><br>Hon. Stephen G. Larson<br><br>[PUBLIC REDACTED] REPLY IN SUPPORT OF MATTEL, INC.'S MOTION IN LIMINE NO. 9 TO EXCLUDE ARGUMENT, EVIDENCE, OR EXPERT TESTIMONY REGARDING BARBIE AND OTHER MATTEL DOLLS<br><br>[Supplemental Declaration of Dylan Proctor and Notice of Lodging filed concurrently]<br><br>Date:     May 21, 2008<br>Time:    1:00 p.m.<br>Place:    Courtroom 1<br><br>**Phase 1**<br>Pre-Trial Conference:  May 19, 2008<br>Trial Date:                 May 27, 2008 |

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT .................................................................................. 1

ARGUMENT ............................................................................................................... 2

I. BECAUSE BARBIE IS NOT PART OF THE "CULTURAL CONTEXT" BRYANT CLAIMS HE RELIED ON IN CREATING BRATZ, MGA'S EXPERT TESTIMONY REGARDING BARBIE IS IRRELEVANT, A WASTE OF TIME, AND UNDULY PREJUDICIAL ........ 2

II. MATTEL'S ALLEGED LITIGATION STYLE IS IRRELEVANT ................. 4

III. BARBIE'S SUCCESS AND/OR DECLINE ARE IRRELEVANT TO THE ISSUE OF WHEN MATTEL RECEIVED NOTICE OF ITS CLAIMS AGAINST DEFENDANTS ................................................................ 5

IV. TESTIMONY REGARDING BARBIE'S RACE IS IRRELEVANT AND UNDULY PREJUDICIAL ............................................................................. 6

V. DR. BERGSTEIN'S UNDISCLOSED OPINIONS RELATING TO BARBIE ARE INADMISSIBLE ......................................................................... 7

CONCLUSION ............................................................................................................ 8

# MEMORANDUM OF POINTS AND AUTHORITIES

## Preliminary Statement

MGA refuses to concede that BARBIE's race and sexuality, and the success of Mattel and BARBIE, are irrelevant and highly prejudicial. Instead, it tries unsuccessfully to justify its intention to paint Mattel as a racist, sexist, antiquated, wealthy, power-hungry litigation machine designed to crush its competitors. Such characterizations have no relevance to the issues in Phase 1 and should not be permitted.

MGA makes two arguments in support of its efforts to inject BARBIE's success, race, and sexuality into Phase 1. First, MGA argues that these are somehow relevant to its defense against Mattel's copyright claims. But neither Bryant or MGA have taken the position that they were influenced by BARBIE in the creation or development of Bratz. No part of the extrinsic or intrinsic tests for determining whether there is a substantial similarity between the protectable elements of a copyrighted work and an allegedly infringing work require comparison of the copyrighted item to dissimilar competitors. Trying to make its unflattering comparisons of Bratz to BARBIE relevant, MGA asserts that its expert testimony regarding BARBIE will show that "▓▓▓" and "▓▓▓▓" that are not protected by the Copyright Act "▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓" and that comparison to BARBIE will help to elucidate what those ideas and concepts are. Opp. at 1. But MGA does not and cannot explain how BARBIE's "▓▓▓▓" or "▓▓▓▓▓" are necessary to show that the Bratz drawings it misappropriated consisted of only "ideas and concepts," as opposed to a copyrightable work.

Second, MGA argues that Mattel's success with BARBIE somehow makes its alleged delay in filing suit less reasonable for purposes of its laches defense, and also somehow shows when Mattel was on notice. Opp. at 1-2. This is

nonsense. There is simply no connection here. Moreover, the laches defense is purely equitable and will be tried to the Court. See Mattel's MIL No. 4. And in any case, even if Mattel's success or BARBIE were somehow germane to MGA's laches defense -- which they are not -- discussion of BARBIE's race, sex and cultural impact has no relevance and should be excluded.

Argument

I. BECAUSE BARBIE IS NOT PART OF THE "▮▮▮▮▮▮▮▮▮▮" BRYANT CLAIMS HE RELIED ON IN CREATING BRATZ, MGA'S EXPERT TESTIMONY REGARDING BARBIE IS IRRELEVANT, A WASTE OF TIME, AND UNDULY PREJUDICIAL

MGA asserts that by BARBIE's iconic status is relevant to "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮" and to establish "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮" Opp. at 2-3. This position is untenable. The only cultural reference Bryant purports to have relied on in creating Bratz (apart from watching teenagers outside of a high school) is an edition of Seventeen Magazine, which undisputably has nothing to do with BARBIE or Mattel.[1] BARBIE has no bearing on MGA's erroneous "filtration" claims even were its arguments correct as a matter of copyright law -- which, as explained elsewhere, they

---

[1] Declaration of Carter Bryant in Opposition to Mattel's Motion for Partial Summary Judgment, dated March 20, 2008, at ¶¶ 3-5, attached as Ex. 7 to the Supplemental Declaration of Dylan Proctor, dated May 8, 2008 ("Supp. Proctor Dec."). Bryant also identifies may artists, dolls, television shows and musicians he was familiar with at the time he created Bratz and which he states "▮▮▮" have influenced Bratz. Id. at ¶¶ 6-7. Yet, these also do not include BARBIE or Mattel. Id.

are not.[2] No authority suggests that products that <u>do not</u> influence an author are somehow pertinent to the protectability of his works.

MGA cites four cases where cultural experts were used to provide insight into specific issues. None of these relate to copyright infringement or even remotely resembles the facts here. In <u>Minnetonka Brands, Inc. v. United States</u>, 110 F. Supp. 2d 1020 (Ct. Int'l Trade Feb. 2, 1996), a semiotics expert opined that hollow plastic bodies and heads in the shape of cartoon characters were more properly classified as toys, rather than plastic bottles and lids, for purposes of tariff classification. In <u>Lenox Collections, Inc. v. United States</u>, 1996 WL 47155 at *4 (Ct. Int'l Trade Feb. 2, 1996), Lenox argued that the porcelain goods it was importing should be classified as "ornamental ceramic articles ... [o]f porcelain," and not "kitchenware ... of porcelain," which would implicate a much higher duty rate. In <u>Colacurcio v. City of Kent</u>, 163 F.3d 545, 554 (9th Cir. 1998), the declaration of an "expert cultural anthropologist" was used to define table dancing in a case where appellant sought to demonstrate that a city ordinance requiring a distance of ten-feet between patrons and dancers would effectively ban table dancing. And <u>Mattel, Inc. v. Walking Mountain Prods.</u>, 353 F. 3d 792, 812-13 (9th Cir. 2003), provides no guidance whatsoever because the validity of defendant's "art history" expert's testimony and opinions in that case were never evaluated before the court granted summary judgment against Mattel.

Not only do none of these cases support any of MGA's arguments in this context, but MGA fails to note that courts frequently find the testimony of "culture experts" to be unreliable and prejudicial. See <u>United States v. Verduzco</u>, 373 F.3d 1022, 1033-34 (9th Cir. 2004) (the testimony of "culture experts" was too unreliable to be admissible or dignified as an expert opinion).

---

[2] <u>See, e.g.</u>, Mattel MIL No. 12 and Reply.

## II. MATTEL'S ALLEGED LITIGATION STYLE IS IRRELEVANT

Mattel is not trying to "█████████████████████████" or "████████████████████████████████████████" Opp. at 1. MGA asserts that this "██████" "██████" and "████████████" is relevant because the success of BARBIE sets a "██████" for the "claims at issue in this lawsuit." Id. But the reality is Mattel's litigation strategy and the success of BARBIE has nothing to do with any Phase 1 issues.

The only issue MGA points to that it claims make Mattel's success and purportedly aggressive litigation style relevant is its laches defense. MGA asserts that "███████████████████████████████████████████████████████████████████████████████████████████████████████████████████" Opp. at 7. However, MGA's laches defense will be tried to the Court, not the jury, and evidence particularly relating to it therefore need to be introduced in the jury trial.[3] Moreover, whatever Mattel's litigation policy may be, it is not evidence of Mattel's conduct or knowledge with respect to the claims at issue in this case. How long Mattel delayed is a function of when its claims accrued (which has nothing to do with its "litigation style") and when it filed suit (which also has nothing to do with its "litigation strategy"). Hence, MGA's aspersions about Mattel's litigation style have nothing to do with any Phase 1 issues, whether to be decided by judge or jury. Evidence of Mattel's litigation style, the success of BARBIE, and the success of Mattel should be excluded.

---

[3] See Mattel's Motion in Limine No. 4; Court's Minute Order Granting Mattel's Motion Re Trial Structure, dated July 2, 2007, attached as Ex. 19 to Declaration of Dylan Proctor, dated April 14, 2008 ("Proctor Dec."); Order Granting in Part, Denying in Part, and Deferring in Part the Parties' Motions for Partial Summary Judgment (In Chambers), dated April 25, 2008 at 8, attached as Ex. 78 to Declaration of Tamar Buchakjian, dated April 28, 2008.

### III. BARBIE'S SUCCESS AND/OR DECLINE ARE IRRELEVANT TO THE ISSUE OF WHEN MATTEL RECEIVED NOTICE OF ITS CLAIMS AGAINST DEFENDANTS

MGA appears to argue that because Mattel's sales declined, it should have known it had claims against MGA, Larian and Bryant. Opp. at 6 ("███████████████████████████████████████████████████████████████████████████████."). This is beyond a stretch. Not only are there are a host of reasons why Mattel's sales of BARBIE might have dropped, the mere fact that sales declined provided no information about Bryant's involvement in the creation of Bratz <u>while he was a Mattel employee</u>. If defendants are permitted to introduce evidence of Mattel's declining sales to suggest that the jury should infer from a drop in sales that Mattel had notice of its claims, Mattel will be forced to conduct a mini-trial regarding the causes of its declining sales and how it analyzed the declining sales at the time. This irrelevant tangent would be a waste of time and would not help the jury decide when Mattel learned that Bryant had created Bratz while employed by Mattel.

MGA also appears to assert that because Mattel was a large company and the industry is "██████" (Opp. at 7), Mattel knew Bryant had created Bratz while at Mattel, despite all the evidence that MGA, Larian, and Bryant intentionally covered up this fact.[4] MGA has no <u>evidence</u> suggesting Mattel actually knew of Bryant's involvement in Bratz while at Mattel before November 2003[5]; nevertheless, it wants the jury to infer that Mattel had this knowledge based on its apparent theory

---

[4] <u>Bancroft-Whitney Co. v. Glen</u>, 64 Cal. 2d 327 (1966), cited by MGA, held that disclosing preparations to compete does not immunize an employee from liability for a breach of his fiduciary duties. <u>Id.</u> at 347. This is not germane to any issue on this motion.

1 that Mattel knows everything. Mattel's witnesses will testify at trial about what they
2 did or did not know about MGA and Bratz that is relevant to statute of limitations,
3 and their credibility may be challenged on cross-examination. MGA's attempt to end-
4 run this proper lay testimony with unfounded testimony about Mattel's size, success
5 or alleged omniscience should not be permitted.

### IV. TESTIMONY REGARDING BARBIE'S RACE IS IRRELEVANT AND UNDULY PREJUDICIAL

There is absolutely no reason why there should be any testimony, much less " ▮▮▮ " (Opp. at 8), relating to BARBIE as an " ▮▮▮ " or " ▮▮▮ "[6] MGA refuses to withdraw these inflammatory references by its experts, which paint Mattel as a racist company. Such testimony is far more prejudicial than probative and would require an enormous amount of time and effort for Mattel to try to mitigate its prejudicial effect on the jury's view of Mattel, and the corresponding unwarranted creation of sympathy for MGA. Fed. R. Evid. 403.

MGA asserts that Mattel " ▮▮▮ " Opp. at 4. This is curious, because Mattel's motion merely quoted Dr. Bergstein's own words.[7] Dr. Bergstein seeks to refer to BARBIE

---

[5] November 2003 is when Mattel received a copy of Bryant's employment contract with MGA, showing that he sold Bratz to MGA while still employed by Mattel.
[6] Bergstein Report, at 11, attached as Ex. 55 to Proctor Dec.
[7] As it has done in its opposition to several other motions, MGA argues that Mattel's positions are " ▮▮▮ " Opp. at 3, n. 3. MGA does not and cannot provide any examples of this. (footnote continued)

1 | in racially charged language, including mention of BARBIE as an "▆▆▆," a
2 | "▆▆▆" and "▆▆▆
3 | ▆▆▆"[8] No element of any claim or defense is supported or related by
4 | these statements. Further, descriptions of BARBIE's race are highly inflammatory
5 | and prejudicial, are not helpful to the jury, and are calculated to incite their passion
6 | and prejudice. There is no basis to admit characterizations of BARBIE as
7 | "▆▆▆," "▆▆▆," "▆▆▆"[9]

## V. DR. BERGSTEIN'S UNDISCLOSED OPINIONS RELATING TO BARBIE ARE INADMISSIBLE

Counsel for MGA now stipulates that Dr. Bergstein will not testify at trial regarding anything outside of her expert report. Opp. at 9. Dr. Bergstein, of course, testified to the contrary: asked whether she would provide opinions about BARBIE that are not in her report, Dr. Bergstein said she did not know and would have to wait until trial.[10] Given that MGA now has agreed that Dr. Bergstein will not do so, it has no reason to oppose that portion of Mattel's Motion.

---

MGA further claims that Mattel isolates and attacks Bergstein's "▆▆▆" and "▆▆▆" Opp. at 10. Again, Mattel has merely quoted Dr. Bergstein.

[8] Bergstein Report, at 11, attached as Ex. 55 to Proctor Dec.
[9] Id.
[10] Bergstein Depo, 94:16-25, 96:6-12, 103:5-104:25, 237:16-238:22, 240:23-241:19, 242:13-243:10, 263:14-264:19, attached as Ex. 10 to Declaration of Jon D. Corey, dated April 14, 2008.

Conclusion

For all the foregoing reasons, Mattel respectfully requests that the Court grant its motion in limine 9 in its entirety.

DATED: May 8, 2008

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/ John B. Quinn
John B. Quinn
Attorneys for Mattel, Inc.