QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
John B. Quinn (Bar No. 090378)
(johnquinn@quinnemanuel.com)
Michael T. Zeller (Bar No. 196417)
(michaelzeller@quinnemanuel.com)
Jon D. Corey (Bar No. 185066)
(joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

CARTER BRYANT, an individual,

Plaintiff,

vs.

MATTEL, INC., a Delaware corporation,

Defendant.

AND CONSOLIDATED ACTIONS

CASE NO. CV 04-9049 SGL (RNBx)

Consolidated with
Case No. CV 04-09059
Case No. CV 05-02727

Hon. Stephen G. Larson

[PUBLIC REDACTED] MATTEL, INC.'S REPLY IN SUPPORT OF MOTION IN LIMINE NO. 6 TO EXCLUDE EVIDENCE OR ARGUMENT CONCERNING ACTIONS TAKEN BY OR AGAINST MATTEL EMPLOYEES OTHER THAN CARTER BRYANT

[Supplemental Declarations of Jon D. Corey and B. Dylan Proctor filed concurrently herewith]

Date: May 21, 2008
Time: 1:00 p.m.
Place: Courtroom 1

**Phase 1**
Pre-trial Conference: May 19, 2008
Trial Date: May 27, 2008

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ........ 1

ARGUMENT ........ 2

I. EVIDENCE OF MOONLIGHTING IS IRRELEVANT TO CONTRACT INTERPRETATION ........ 2

II. EVIDENCE OF MOONLIGHTING HAS NO BEARING ON WHEN MATTEL DISCOVERED ITS CLAIMS AGAINST BRYANT ........ 3

III. EVIDENCE OF MOONLIGHTING IS IRRELEVANT TO DEFENDANTS' EQUITABLE DEFENSES ........ 4

- A. Defendants' Equitable Defenses Will Not Be Tried to the Jury ........ 5
- B. Evidence of Moonlighting Is Irrelevant to Waiver ........ 5
- C. Evidence of Moonlighting Is Irrelevant to Consent ........ 7
- D. Evidence of Moonlighting Is Irrelevant to Estoppel ........ 7
- E. Moonlighting Evidence Is Irrelevant to Acquiescence ........ 8
- F. Defendants' Affirmative Defenses Fail as a Matter of Law ........ 9

IV. DEFENDANTS MISSTATE MATTEL'S KNOWLEDGE OF AND ACQUIESCENCE TO MOONLIGHTING ........ 9

V. MOONLIGHTING EVIDENCE IS BARRED BY *RULE* 403 ........ 11

CONCLUSION ........ 12

# TABLE OF AUTHORITIES

**Page**

## Cases

A&M Records, Inc. v. Napster, Inc., 239 F.3d 1004 (9th Cir. 2001) .... 5

Cotta v. City of and County of San Francisco, 157 Cal. App. 4th 1550 (2007) .... 7, 8

Deal v. Consumer Programs, Inc., 458 F. Supp. 2d 970 (E.D. Mo. 2005) .... 6

Dollar Sys., Inv. v. Avcar Leasing Sys., Inc., 890 F.2d 165 (9th Cir. 1989) .... 4

Emerson Electric Co. v. Rogers, 418 F.3d 841 (8th Cir. 2005) .... 6

Garamendi v. SDI Vendome S.A., 276 F. Supp. 2d 1030 (C.D. Cal. 2003) .... 3

Metro Goldwyn-Mayer Studios, Inc. v. Grokster, Inc., 518 F. Supp. 2d 1197 (9th Cir. 2007) .... 8

Novell Inv. v. Weird Stuff, Inc., 1994 WL. 16458729 (N.D. Cal. 1993) .... 6, 8

SEC v. Lincoln Thrift Ass'n, 557 F.2d 1274 (9th Cir. 1977) .... 6

U. S. v. King Features Ent., Inc., 843 F.2d 394 (9th Cir. 1988) .... 5, 6

Westinghouse Elec. Corp. v. General Circuit Breaker & Elec. Supply Inc., 106 F.3d 894 (9th Cir. 1997) .... 3

## STATUTES

*Fed. R. Evid.* 802 .... 10

*Fed. R. Evid.* 401 .... 11

*Fed. R. Evid.* 403 .... 11, 12

# MEMORANDUM OF POINT AND AUTHORITIES

## Preliminary Statement

Defendants present a moving target for the purported relevance of "moonlighting" by Mattel employees other than Carter Bryant. Having lost on summary judgment, defendants now abandon their theory that such evidence is probative of contract interpretation, and instead argue that it is relevant to their statute of limitations defense. But knowledge by some Mattel employees that *other* employees were working innocuous jobs on the side (some with express approval from Mattel) has no bearing on whether and when Mattel should have known of *Bryant's* acts. Defendants' summary judgment briefing tacitly acknowledges this point – not once in their dozens of pages of briefing regarding their statute of limitations defense do they so much as mention the issue of moonlighting.

Simply put, defendants' argument that moonlighting is relevant to their statute of limitations defense is a belated effort to link such evidence to a legal defense that may be tried to the jury. Because moonlighting by other employees has nothing to do with when Mattel was on notice of Bryant's disloyalty, moonlighting is not probative of defendants' statute of limitations defense.

Defendants also make passing reference to the purported relevance of moonlighting to certain of their equitable defenses, such as waiver and estoppel. But the Court already has determined that those defenses will be tried to the Court after the jury trial. Therefore, even if evidence of moonlighting were probative of those defenses, it should not be presented to the jury. Moreover, it is not probative – whether Mattel knew some of its employees were engaged in immaterial outside work does not show or even tend to show that Mattel knowingly intended to relinquish its right to prevent, or should be estopped from preventing, Bryant from engaging in directly competitive work in contravention of his contractual and ethical obligations.

That is especially true in light of Bryant's own testimony. Defendants argue that evidence of moonlighting is relevant "to whether Bryant was acted [sic] reasonably

in concluding that Mattel acquiesced in or consented to his conduct." (Opp., 3:14-16.) But at no point did Bryant reach any such conclusion. To the contrary, he testified at his deposition that [redacted] ." In light of Bryant's own beliefs, evidence of what *other* employees did or did not do is immaterial.

The introduction of defendants' claimed evidence of "moonlighting" at trial would result in confusing the jury and wasting time. It should be excluded.[1]

## Argument

### I. EVIDENCE OF MOONLIGHTING IS IRRELEVANT TO CONTRACT INTERPRETATION

Defendants write that they "have not argued that evidence of moonlighting serves to support an alternative construction of" Bryant's contract with Mattel. (Opp., 1:23-24.) This is not correct – that has always been their position. For example, when defendants wanted to obtain documents regarding one Mattel employee's outside work, they argued it "is relevant to Mattel's interpretation of the employee agreements and policies at issue in this case."[2] Notably, Judge Infante rejected that position.[3]

---

[1] Defendants' argument that Mattel's motion is vague or overbroad is without basis. By this motion, Mattel seeks to exclude all evidence and related argument regarding alleged acts of moonlighting by Mattel employees other than Bryant, as well as any action or inaction by Mattel in response to such acts of moonlighting. This motion is appropriately limited.

[2] *See* MGA's Motion to Overrule Mattel's and Richard De Anda's Objections to Subpoena and to Compel Discovery, dated January 28, 2008, at 1, 5; *see also* Defendants' Reply in Support of Motion to Compel an Unredacted Version of M0074400, Mattel's Investigative File 02-299 and the Further Deposition of Richard De Anda, dated January 18, 2008, at 9 (arguing that issues concerning De Anda's after-hours consulting business are relevant to the correct interpretation of the "Employee Confidential Information and Inventions Agreement").

[3] Specifically, in denying MGA's Motion to Overrule Mattel's and Richard De Anda's Objections to Subpoena, Judge Infante concluded that evidence regarding how much time [redacted] has spent on his work outside of Mattel and "what type of work" he was doing is "only marginally relevant, if at all, to the claims and defenses in this case." *See* Order Denying MGA's Motion to Overrule Mattel's and Richard De Anda's Objections to Subpoena, dated May 6, 2008, Exhibit 2 to Supplemental Declaration of B. Dylan Proctor ("Supplemental Proctor Dec.").

Now that the Court has ruled the Inventions Agreement is unambiguous,[4] defendants abandon their argument (and deny they raised it in the first place). Hence, it now is undisputed that evidence of moonlighting by employees other than Bryant is irrelevant to any contract interpretation issue.

## II. EVIDENCE OF MOONLIGHTING HAS NO BEARING ON WHEN MATTEL DISCOVERED ITS CLAIMS AGAINST BRYANT

Defendants principally argue that evidence of moonlighting by Mattel employees other than Bryant is relevant to their statute of limitations defense. However, they never show this; they simply say it. The extent of their argument is that "[e]vidence of employee moonlighting, Mattel's knowledge of alleged violations and failure to act, as well as its motivation for the timing of this lawsuit, is all directly relevant to when Mattel had or should have had notice for purpose of the statutes of limitations on its various claims." (Opp., at 3). Defendants nowhere explain *why* evidence of moonlighting by employees *other than Bryant* is relevant to when Mattel should have been on notice of its claims *against Bryant*. There is no connection.

Even if Mattel knew certain of its employees other than Bryant were engaging in after-hours employment, the only issue for the statute of limitations is whether Mattel knew that *Bryant himself* was violating his contractual and other legal duties. *See Westinghouse Elec. Corp. v. General Circuit Breaker & Elec. Supply Inc.*, 106 F.3d 894, 899 (9th Cir. 1997) (the party asserting the time bar must prove the opposing party knew of facts giving it notice of the specific cause of action at issue, not just any cause of action); *Garamendi v. SDI Vendome S.A.*, 276 F. Supp. 2d 1030, 1043 (C.D. Cal. 2003) (citation omitted) (a plaintiff is "on notice" of a claim only when he has "an awareness of sufficient facts to identify a particular cause of action, be it a tort, a constitutional violation or a claim of fraud"). Even if Mattel did know about acts of

[4] *See* Order Granting In Part, Denying In Part, and Deferring In Part the Parties' Motions for Partial Summary Judgment, dated April 25, 2008 ("Summary Judgment Order"), at 4.

moonlighting by some of its employees, Mattel had no such knowledge about Bryant, and therefore was not on notice of its claims against Bryant.

Defendants' own summary judgment briefing proves this lack of relevance. Although defendants cited a litany of evidence regarding their statute of limitations defense in their summary judgment briefing and devoted dozens of pages to it (it was MGA's primary argument), defendants never cited evidence of moonlighting by Mattel employees other than Bryant or argued that such evidence supported that defense.[5] Moonlighting simply is a non-issue to the statute of limitations defense. Defendants merely are trying at the last minute to attach the issue of moonlighting to one of their only defenses that may be tried to the jury. Because defendants fail to establish that moonlighting is relevant to their statute of limitations defense, such evidence is inadmissible.[6]

## III. EVIDENCE OF MOONLIGHTING IS IRRELEVANT TO DEFENDANTS' EQUITABLE DEFENSES

Defendants refer in passing to their affirmative defenses of waiver, consent, estoppel, acquiescence and unclean hands.[7] While they decline to discuss the elements

---

[5] *See* MGA Parties' Motion for Partial Summary Judgment, dated March 7, 2008, at 4-20; MGA Parties' Reply In Further Support of Motion for Partial Summary Judgment, dated April 1, 2008, at 3-12; MGA Parties' Opposition to Mattel, Inc.'s Motion for Partial Summary Judgment, dated March 24, 2008, at 21-24.

[6] Defendants argument that evidence of moonlighting is relevant to their laches defense should be rejected for the same reason. Both the statute of limitations and laches defenses turn on when Mattel discovered or should have discovered its claims *against Bryant*. Because evidence of moonlighting is irrelevant to that determination, it is irrelevant to the laches defense (and, not surprisingly, defendants do not reference moonlighting in their summary judgment briefing relating to laches). Also, because laches is an equitable defense that will be tried to the Court, it should not be admitted during the jury phase of the trial in any case.

[7] The MGA defendants have abandoned their unclean hands defense, and Bryant's defense, to the extent he still maintains it, appears to be based on facts unrelated to the issue of moonlighting. In any event, Mattel's purported knowledge of acts of moonlighting by employees other than Bryant does not "relate[] directly to the transactions concerning which the complaint is made." *See Dollar Sys., Inv. v. Avcar Leasing Sys., Inc.*, 890 F. 2d 165, 173 (9th Cir. 1989) (citation omitted). Rather, the transactions "concerning which the complaint is made" relate to Bryant's own improper dealings with MGA. Alleged moonlighting by employees other than Bryant therefore can have no bearing on Bryant's unclean hands defense.

of any of those defenses, defendants repeat their conclusory arguments that evidence of moonlighting by Mattel employees other than Bryant is "directly relevant" to those defenses. (Opp., at 3-4). Defendants' theory appears to be that because Mattel employees other than Bryant were moonlighting, and Mattel was aware of this, Mattel has waived its right and is estopped to enforce its contract with Bryant, and consented and acquiesced to Bryant's disloyalty. But the undisputed evidence is that [REDACTED] [REDACTED]. In these circumstances, evidence of moonlighting by Mattel employees other than Bryant is irrelevant to defendants' equitable defenses.

**A. Defendants' Equitable Defenses Will Not Be Tried to the Jury**

As an initial matter, even if evidence of moonlighting by Mattel employees other than Bryant were relevant to any of defendants' equitable defenses, the evidence should be excluded from the jury phase of the trial. Defendants argue that the Court's order on Mattel's Motion for Partial Summary Judgment "provided that these defenses would be heard at trial." (Opp., at 2 (with no citation to the referenced Court order)). That is not the case and defendants know it. Because those defenses are equitable in nature, the Court deferred ruling on them *until after the jury trial*.[8] Accordingly, evidence of moonlighting should not be presented to the jury.[9]

**B. Evidence of Moonlighting Is Irrelevant to Waiver**

"Waiver is the intentional relinquishment of a known right with knowledge of its existence and the intent to relinquish it." *U. S. v. King Features Ent., Inc.*, 843 F. 2d 394, 399 (9th Cir. 1988) (citation omitted); *see also A&M Records, Inc. v. Napster, Inc.*, 239 F. 3d 1004, 1026 (9th Cir. 2001) (citation omitted) (waiver "occurs only if there is an intent by the copyright proprietor to surrender rights in his work").

[8] *See* Summary Judgment Order, at 7.

[9] *See* Mattel's Motion *in Limine* No. 4 to Preclude Introduction to Jury of Evidence and Testimony Relating to Equitable Defenses to be Tried by Court, dated April 14, 2008.

The alleged moonlighting by Mattel employees other than Bryant does not evidence Mattel's intent to allow Bryant to work (and design Bratz) for MGA while employed by Mattel. Waiver requires that Mattel have full knowledge of the rights it purportedly waived. *See, e.g., King Features Ent.*, 843 F. 2d at 399. Defendants do not claim that Mattel knew Bryant was moonlighting, let alone designing Bratz for MGA. Without such knowledge, Mattel could not have knowingly waived its rights to enforce Bryant's employment contracts.

Furthermore, even if Mattel did permit certain employees to moonlight, Mattel's non-enforcement of those employees' contractual employment restrictions does not operate as a waiver of those restrictions *as to Bryant*. *See Emerson Electric Co. v. Rogers*, 418 F. 3d 841, 845 (8th Cir. 2005) (employer's failure to enforce agreement as to some employees did not operate as waiver as to the defendant); *Deal v. Consumer Programs, Inc.*, 458 F. Supp. 2d 970, 978 n.5 (E.D. Mo. 2005) (employer's alleged non-enforcement of a contractual provision against one executive does not operate as a waiver of that provision against another).[10] This is especially true where all Mattel allegedly did was passively fail to prevent other employees from working innocuous jobs for non-competitors. *See Novell Inv. v. Weird Stuff, Inc.*, 1994 WL 16458729, at *13 (N.D. Cal. 1993) ("even if Novell failed to take preventive measures to stop 'dumpster diving,' a failure to act, without more, is insufficient to support waiver").

Moreover, Bryant's Employee Confidential Information and Inventions Agreement precludes waiver (and related defenses). *See SEC v. Lincoln Thrift Ass'n*, 557 F. 2d 1274, 1278 (9th Cir. 1977). Bryant agreed in that contract that his "[redacted]

[10] Defendants address these authorities only by noting they are from out-of-circuit. (Opp., p. 4, n.1). Defendants do not attempt to distinguish them on their facts, nor do they provide any authority, from within or without this Circuit, that contradicts these authorities. There is no basis to conclude that the law in this Circuit provides that an employer may waive a contractual employment restriction as to one employee by virtue of its passive, independent conduct as to other employees.

[REDACTED]"[11] No Mattel executive ever agreed in writing [REDACTED] [REDACTED]. Bryant therefore is barred from invoking a waiver defense.

Because evidence of moonlighting by Mattel employees other than Bryant has no bearing on whether Mattel knowingly and intentionally permitted Bryant to work for MGA, such evidence is irrelevant to defendants' waiver defense.

**C. Evidence of Moonlighting Is Irrelevant to Consent**

The analysis is similar with respect to defendants' consent defense. To establish consent, defendants must prove that Mattel consented to "the very act or circumstances that caused the harm giving rise to the action." *See* 2 Schwing, *Cal. Aff. Defenses* (2007 ed.), § 32:3 at 197 (citation omitted). Evidence that employees other than Bryant moonlighted for non-competitors of Mattel does not show that Mattel consented to allowing *Bryant* to moonlight *with MGA*, let alone to design Bratz for MGA. Such evidence therefore is irrelevant to defendants' consent defense.

**D. Evidence of Moonlighting Is Irrelevant to Estoppel**

The elements of equitable estoppel are: (1) the party to be estopped must be apprised of the facts; (2) the party to be estopped must intend that its conduct be acted upon or must act so that the party asserting the estoppel had right to believe it was so intended; (3) the other party must be ignorant of the facts; and (4) the other party must rely upon the conduct to his or her injury. *Cotta v. City of and County of San Francisco*, 157 Cal. App. 4th 1550, 1567 (2007).

Alleged moonlighting by employees other than Bryant does not bear on any of the elements of estoppel. It does not show that Mattel knew of Bryant's acts or intended that its conduct by acted upon by Bryant. It also does not manifest any understanding by Bryant that he was allowed to work for MGA while employed by

---

[11] Inventions Agreement at ¶ 4(a) (emphasis added), attached as Exhibit 6 to the Declaration of B. Dylan Proctor in Support of Mattel, Inc.'s Motions *in Limine* Nos. 1-13, dated April 14, 2008 ("Proctor Dec."), filed concurrently with Motion.



Mattel. In fact, he testified he had [REDACTED] "[12] Bryant had heard [REDACTED] "[13]

Because Bryant [REDACTED], he could not have relied on Mattel's alleged acquiescence to the moonlighting of others. Accordingly, evidence of moonlighting by employees other than Bryant is irrelevant to defendants' estoppel defense. *See Cotta*, 157 Cal. App. 4th at 1567 (equitable estoppel requires that the party claiming estoppel *relied on* the other party's conduct to his or her injury); *Metro Goldwyn-Mayer Studios, Inc. v. Grokster, Inc.*, 518 F. Supp. 2d 1197, 1235 (9th Cir. 2007) (rejecting estoppel defense where "[t]here is no evidence suggesting that Plaintiffs intended or acted in a manner that would allow [defendants] to believe that it could" infringe).

**E. Moonlighting Evidence Is Irrelevant to Acquiescence**

Evidence of moonlighting by employees other than Bryant is irrelevant to defendants' purported defense of acquiescence for similar reasons. *See Novell*, 1994 WL 16458729, at *13 ("Acquiescence constitutes a ground for denial of relief only upon a finding of conduct on the plaintiff's part that amounted to an assurance to the defendant, express or implied, that plaintiff would not assert" his rights against the defendant). Moonlighting evidence does not show Mattel "assured" Bryant it would not pursue its legal rights against him; indeed, Bryant [REDACTED].

---

[12] Bryant Depo. Tr., Vol. 4, at 788:14-23, attached as Exhibit 2 to the Declaration of Jon D. Corey in Support of Mattel, Inc.'s Motions *in Limine* Nos. 1-13, dated April 14, 2008 ("Corey Dec."), filed concurrently with Motion.

[13] Bryant Depo. Tr., Vol. 4, at 833:4-24, 867:11-869:3, attached as Exhibit 3 to the Supplemental Declaration of Jon D. Corey ("Supplemental Corey Dec.").

Therefore, such evidence is irrelevant to the defense of acquiescence.

**F. Defendants' Affirmative Defenses Fail as a Matter of Law**

Even if evidence of moonlighting were relevant to any of defendants' affirmative defenses, and even if the Court were inclined to admit such evidence at the jury phase of the trial even though the Court will not consider those defenses until after trial, such evidence still should not be admitted for purposes of allowing defendants to prove their affirmative defenses because those defenses fail as a matter of law. Mattel set forth at length in its summary judgment briefing the reasons why defendants' affirmative defenses fail.[14] If the Court is inclined to admit defendants' irrelevant evidence of moonlighting, Mattel respectfully submits that the Court should first rule on Mattel's motion for partial summary judgment as to those defenses because they fail as a matter of law.

## IV. DEFENDANTS MISSTATE MATTEL'S KNOWLEDGE OF AND ACQUIESCENCE TO MOONLIGHTING

For the reasons set forth above, evidence of alleged moonlighting by Mattel employees other than Bryant is irrelevant to defendants' affirmative defenses (and to the other issues to be tried). Nonetheless, defendants' misleading statements about the evidence of moonlighting and Mattel's alleged knowledge of acts of moonlighting by its employees should be corrected.

Defendants write: "Mattel argues that there were only a handful of employees moonlighting," and then refer to testimony that more than sixty employees moonlighted. (Opp., at 4). But, what Mattel actually said was that defendants have *non-hearsay* evidence of only a handful of instances of moonlighting, and none of those instances is comparable to Bryant working for a competitor in the fashion doll business. Defendants do not dispute Mattel's argument (they merely refer to hearsay that more

[14] *See* Mattel's Motion for Partial Summary Judgment, dated March 7, 2008, at 43-64.



employees moonlighted).[15] And, their hearsay evidence is plainly inadmissible.

Defendants assert that Mattel's argument that none of its employees moonlighted for competitors is false. (Opp., at 4). But what Mattel really argued is that there was no evidence that Mattel *permitted* employees to work for competitors as Bryant did. (Motion, at 14). The one example cited by MGA is [REDACTED]. (Opp., at 4). But she also acknowledged that [REDACTED].[16]

Although defendants claim that [REDACTED]" (Opp., at 5), she did not do so. Rather, she [REDACTED].[17] [REDACTED] has no knowledge of [REDACTED].[18]

Furthermore, far from testifying that Mattel maintained a "don't ask, don't tell" policy about moonlighting (Opp., at 7), [REDACTED].[19]

Thus, there is little actual evidence of moonlighting by other employees, no evidence that Mattel acquiesced in work performed for competitors, and no evidence of moonlighting even remotely comparable to what Bryant did for MGA. And, none of this

[15] For example, plaintiffs cite Veronica Marlow's testimony that it was "[REDACTED]. (Opp., at 4). That is rank hearsay. *See Fed. R. Evid.* 802.

[16] Leahy Depo. Tr. at 186:23-187:21, Corey Dec., Exhibit 4; Leahy Depo. Tr. at 183:2-9; 186:23-187:21, Supplemental Corey Dec., Exhibit 4.

[17] Cloonan Depo. Tr. at 100:12-18, 102:12-104:19, 303:16-304:12, Supplemental Corey Dec., Exhibit 5.

[18] *Id.*

[19] Ross Depo. Tr. at 81:20-82:15, Supplemental Corey Dec., Exhibit 6.

bears on defendants' affirmative defenses or anything else in this case.

## V. MOONLIGHTING EVIDENCE IS BARRED BY *RULE* 403

Even if not barred under *Rules* 401 and 402, evidence of other employees' alleged moonlighting and Mattel's actions with respect thereto is barred by *Rule* 403. Such evidence has little if anything to do with any of the issues to be tried. Bryant only heard a "[REDACTED]" about moonlighting and did not even have a belief that he was permitted to work for a competitor while employed by Mattel. Mattel had no knowledge of any moonlighting for a competitor and never acquiesced in such conduct. None of the alleged instances of moonlighting is comparable to Bryant working for a competitor in the fashion doll business (*e.g.*, [REDACTED]).[20]

Nonetheless, there would be substantial prejudice to Mattel if the moonlighting evidence were admitted. Evidence of rumors and immaterial instances of moonlighting have nothing to do with the intent or the conduct of either party. But the jury could believe that the issue is whether these other employees were allowed to moonlight, rather than what the parties intended and did. Defendants also may try to use the evidence for the collateral purpose of attacking Mattel. For example, they frequently refer to the outside work of [REDACTED], who was involved in investigating Bryant's conduct (and [REDACTED]). But, as Judge Infante recently concluded, [REDACTED] outside work is "only marginally relevant, if at all, to the claims and defenses in this case."[21] Defendants' references to such irrelevant evidence could only prejudice Mattel.

Defendants also do not dispute that if evidence of moonlighting by other Mattel employees is admitted for the ostensible purpose of supporting their affirmative

---

[20] *See* Carter Bryant's Responses to Mattel, Inc.'s Amended Supplemental Interrogatory Regarding Defendants' Affirmative Defenses at 35, Proctor Dec., Exhibit 42.

[21] *See* Order Denying MGA's Motion to Overrule Mattel's and Richard De Anda's Objections to Subpoena, dated May 6, 2008, Supplemental Proctor Dec., Exhibit 2.

defenses, Mattel may be forced to conduct mini-trials on each allegation of moonlighting. Now that defendants argue this evidence is probative of their statute of limitations defense, the timing of each alleged act of moonlighting and of Mattel's knowledge of each of those acts would ostensibly be important issues at trial.[22] Thus, the presentation of this evidence would waste an undue amount of time.

Because the relevance of moonlighting is minimal at best, the risks of prejudice, confusion and undue waste of time mandate that evidence of moonlighting should be excluded under *Rule* 403.

## Conclusion

For the foregoing reasons, Mattel respectfully requests that the Court grant its Motion *in Limine* No. 6.

DATED: May 8, 2008

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By [signature]
John B. Quinn
Attorneys for Mattel, Inc.

[22] Mattel set forth in its motion many other factors related to moonlighting about which Mattel would need to introduce evidence. *See* Motion, at 16-17.

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is Now Legal Service, 1301 W. 2nd Street, Suite 206, Los Angeles, CA 90026.

On May 8, 2008, I served true copies of the following document(s) described as **[PUBLIC REDACTED] MATTEL, INC.'S REPLY IN SUPPORT OF MOTION IN LIMINE NO. 6 TO EXCLUDE EVIDENCE OR ARGUMENT CONCERNING ACTIONS TAKEN BY OR AGAINST MATTEL EMPLOYEES OTHER THAN CARTER BRYANT** on the parties in this action as follows:

Thomas J. Nolan
**Skadden, Arps, Slate, Meageher & Flom LLP**
300 South Grand Ave., Ste. 3400
Los Angeles, CA 90071

Mark E. Overland
David C. Scheper
Alexander H. Cote
**Overland Borenstein Scheper & Kim LLP**
601 West Fifth Street, 12th Floor
Los Angeles, CA 90017

John W. Keker, Esq.
Michael H. Page, Esq.
Christina M. Anderson, Esq.
**Keker & Van Nest, LLP**
710 Sansome Street
San Francisco, CA 94111

**BY PERSONAL SERVICE:** I delivered such envelope(s) by hand to the office of the person(s) being served.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on May 8, 2008, at Los Angeles, California.

NOW LEGAL -- Dave Quintana



quinn emanuel