KEKER & VAN NEST, LLP
JOHN W. KEKER - #49092
jkeker@kvn.com
MICHAEL H. PAGE - #154913
mpage@kvn.com
CHRISTA M. ANDERSON - #184325
canderson@kvn.com
MATTHEW M. WERDEGAR - #200470
mwerdegar@kvn.com
710 Sansome Street
San Francisco, CA 94111-1704
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

Attorneys for Plaintiff
CARTER BRYANT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC. a Delaware Corporation,<br><br>Defendant.<br><br>CONSOLIDATED WITH MATTEL, INC., v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | Case No. CV 04-09049 SGL (RNBx) (consolidated with CV 04-9059 & 05-2727<br><br>**REPLY IN SUPPORT OF BRYANT'S MOTION IN LIMINE NO. 14**<br><br>Date: May 21, 2008<br>Time: 1:00 p.m.<br>Dept: Courtroom 1<br>Judge: Hon. Stephen G. Larson<br><br>Date Comp. Filed: April 13, 2005<br><br>Discovery Cut-Off: Jan. 28, 2008<br>Pre-Trial Conference: May 19, 2008<br>Trial Date: May 27, 2008 |

Despite repeatedly claiming that alleged similarities between Bratz and various Mattel projects are mere distractions or "red herrings" in this case, and *not* the bases for Mattel's claims here, Mattel insists that those same alleged similarities are key evidence to support its claims. *See* Declaration of Christa M. Anderson (filed concurrently), Ex. 1 at 131. Mattel cannot have it both ways, and must not be permitted to re-introduce now allegations it has repeatedly disclaimed when seeking to prove that its claims are timely. Mattel's Opposition confirms that Mattel will seek to mislead and confuse the jury at trial with allegations that Bryant "engaged in a scheme to steal secretly and repeatedly" material or ideas from Mattel's Toon Teens, Diva Starz, "Swan" project, and teen Skipper ("the Mattel Projects"). Opposition to Motion in Limine No. 14 ("Opposition") at 9:3-4. Because both Rule 403 and Mattel's prior limitations of its claims must bar any such argument or anything beyond (at most) minimal evidence concerning the Mattel Projects, Bryant's motion should be granted.

### A. Mattel fails to address its repeated statements that the alleged "borrowing" is not the basis for its claims here.

Since Bryant filed this motion, Mattel has again disavowed any claims based on similarities between Bratz and the Mattel Projects. At the April 22, 2008 hearing on the parties' motions for partial summary judgment, Mattel stated that *"similarities between other Mattel products [and Bratz] ... are all red herrings; completely red herrings. Those are not the bases for the infringement claim that we are making in this case and that all of our claims are predicated on."* Anderson Decl. Ex. 1 at 131 (emphasis added). Any product that is a complete "red herring" unrelated to Mattel's claims in this litigation can have only tangential relevance, at best, to Mattel's claims. Any finding to the contrary would allow Mattel to slip the allegations it has repeatedly disavowed back into this litigation as

predicates for its claims, which would be grossly unfair to Bryant.[1]

Mattel's Opposition ignores Mattel's history of disclaiming any intent to sue Bryant based on the alleged similarities between Bratz and the Mattel Projects, considering only the potential relevance of those alleged similarities in the abstract. However, as set forth in Bryant's motion, Mattel must be bound by its own limitations of the scope and nature of its claims. Where Mattel has repeatedly asserted that alleged use of the Mattel Projects in developing Bratz is not the basis of its claims, those statements must preclude not only claims expressly alleging infringement of legal rights in the Mattel Projects (such as claims for copyright infringement of Toon Teens), but also attempts to pursue those same claims under different names. Thus, because Mattel has repeatedly denied that its suit is based on alleged similarities between Bratz and the Mattel Projects, it must not be permitted to re-introduce those allegations now as a key basis for its claims. In other words, Mattel cannot escape its prior representations to the Court simply by spinning the same allegations it has disavowed (that "Bryant copied the Mattel Projects") as the evidentiary basis for a different legal claim (that "Mattel must own Bratz because Bryant copied the Mattel Projects").

**B.      Rule 403 must bar Mattel's "borrowing" evidence and argument—and particularly any related allegations of theft—even if that evidence could have some minimal probative value.**

Even assuming that Mattel's allegations of "borrowing" from the Mattel Projects could have some minimal legitimate relevance to the claims before the Court, the risks of confusing the jury, wasting time, and improperly attacking Bryant's character substantially outweigh the minimal probative value of such evidence. For all the reasons set forth in Bryant's motion, any evidence regarding any of the Mattel Projects must be excluded (or at least strictly limited) to comply

---

[1] Contrary to Mattel's assertions in its Opposition, Bryant does not "urge that any conduct that it not actionable by itself is not admissible evidence." Opposition at 2. Rather, Bryant contends that Mattel must be bound by its own previous assertions that its claims are not based on alleged copying of the Mattel Projects to create Bratz, and that

with Rule 403, and Mattel must not be permitted to present argument suggesting claims that it has disavowed (namely, that Bryant "stole" or otherwise improperly borrowed from the Mattel Projects). *See* Opposition at 9. The evidence Mattel has confirmed it seeks to present would cause unfair prejudice to Bryant because it falls outside the scope of the claims Mattel has consistently asserted in this litigation. Thus, it should be excluded under Rule 403 for all the same reasons that it should be considered irrelevant, not simply because it could harm his case (as Mattel claims Bryant contends).

Moreover, Mattel does not address the high risk of jury confusion posed by its "borrowing" evidence or argument, which will substantially outweigh any legitimate probative value. In fact, Mattel's opposition makes clear that at trial Mattel will seek to characterize as outright theft what its interrogatory responses called "borrowing." *See* Opposition at 9:3-4. Any such argument will be extremely likely to confuse the jury, leading it to believe that Mattel's claims, including its copyright and conversion claims, are in fact based on alleged plagiarism of the Mattel Projects—the very claims Mattel has represented to the Court that it is not pursuing. This confusion would be highly prejudicial to Bryant, because it would allow Mattel covertly to re-introduce claims that it has always denied were at issue here. Furthermore, as noted in Bryant's motion, addressing the instances of alleged theft will require a series of mini-trials on the alleged similarities (or, more accurately, lack thereof) between the Mattel Projects and Bryant's Bratz-related sketches.

Also, Mattel significantly overstates the probative value of its "borrowing" evidence and argument. For example, Mattel's reliance on the "Swan" project as evidence of the timing of Bryant's Bratz design (or anything else) is entirely misplaced, because that evidence has zero probative value. Logically, any similarities between Bryant's work on Swan and his work on Bratz are just as

those assertions limit the claims' factual basis as well as their names.

likely to prove that his Swan work was inspired by and created after Bratz (or by common sources of Bryant's inspiration) as that Bratz was inspired by and created after Swan. Thus, any Swan-related evidence does not make the existence of any fact of consequence to the action more likely than it would be without the evidence, and the evidence lacks any relevance under the Federal Rules of Evidence. Similarly, Mattel has offered no specific evidence that Bryant in fact saw or had access to any Diva Starz material before it was released to the public, relying essentially on the fact that he was an employee at Mattel's Design Center. Instead, Mattel points primarily to Paula Garcia's purported access, but *her* access cannot logically "tend to establish that Bryant created Bratz while at Mattel." *See* Opposition at 6.

Mattel's other arguments for introducing its "borrowing" claims are also remote and tenuous, with limited probative value substantially outweighed by the risks (explained in Bryant's motion) of confusing the jury, wasting significant amounts of trial time, and invoking improper character inferences. In its Opposition, Mattel has presented new arguments for introducing its "borrowing" allegations as evidence of intent, absence of mistake, malice, and scope of damages. However, each of those arguments is either far from convincing (because the logical connections given are too tenuous to support more than minimal probative value) or strongly invites improper character inferences. Even if Rule 404 might permit some uses of the "borrowing" allegations, Rule 403 must still prohibit them here because the risk of unfair prejudice from *improper* character inferences far outweighs any legitimate probative value.

In sum, even if evidence about the existence of Toon Teens (and the other Mattel products) and Bryant's alleged exposure to them is minimally relevant for the purposes of Mattel's claims, its probative value is far too small to justify its severe risk of confusing the jury, inviting decision of Mattel's claims on an improper basis, and wasting time at trial. Bryant's motion should be granted.

| | |
|---|---|
| Dated: May 8, 2008 | Respectfully submitted,<br>KEKER & VAN NEST, LLP<br><br>By: /s/ Christa M. Anderson<br>CHRISTA M. ANDERSON<br>Attorneys for Plaintiff<br>CARTER BRYANT |