# EXHIBIT 1

1

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

- - -

HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING

- - -

| | |
|---|---|
| CARTER BRYANT, ET. AL.,<br><br>          PLAINTIFFS,<br><br>    VS.<br><br>MATTEL, INC., ET. AL.,<br><br>          DEFENDANTS.<br>_____<br>AND CONSOLIDATED ACTIONS, | NO. ED CV 04-09049<br>(LEAD LOW NUMBER)<br><br>MOTIONS FOR PARTIAL<br>SUMMARY JUDGEMENT |

**CERTIFIED COPY**

REPORTER'S TRANSCRIPT OF PROCEEDINGS

RIVERSIDE, CALIFORNIA

TUESDAY, APRIL 22, 2008

10:07 A.M.

**VOLUME I**
**PAGES 1-213**

THERESA A. LANZA, RPR, CSR
FEDERAL OFFICIAL COURT REPORTER
3470 12TH STREET, RM. 134
RIVERSIDE, CALIFORNIA  92501
951-274-0844
WWW.THERESALANZA.COM

1  NOTICE STANDARD, I THINK THAT'S REALLY, IN MANY RESPECTS, ONE
2  OF THE KEY ISSUES HERE, REALLY, ON STATUTE OF LIMITATIONS. AND
3  THE FOX CASE, THE WESTINGHOUSE CIRCUIT BREAKER CASE, THE HOBSON
4  CASE, ALL MAKE CLEAR THAT INQUIRY NOTICE IS NOT SUSPICION OF
5  ANY WRONG, BUT RATHER, YOU MUST BE AWARE OF THE FACTS
6  UNDERLYING THE GENERIC ELEMENTS OF THE CLAIM THAT IS ASSERTED
7  IN THE CASE; NAMELY, THAT'S THE ACTS, THE CAUSATION, AND
8  DAMAGES.
9        IN THIS CASE, THE INJURY HERE WAS INFRINGEMENT OF
10 MATTEL'S RIGHTS IN BRATZ. IN FACT, THE COPYRIGHT CASES, SUCH
11 AS THE POLAR BEAR CASE, SAY, QUITE EXPLICITLY, THAT IT IS THE
12 ALLEGED INFRINGEMENT THAT MATTERS FOR STATUTE OF LIMITATIONS
13 PURPOSES.
14       HERE, THE ALLEGED INFRINGEMENT IS NOT OF TOON TEENS;
15 IT'S NOT OF DIVA STARZ; IT'S NOT OF BARBIE; IT'S NOT OF ANY
16 NUMBER OF OTHER PRODUCTS THAT THEY TRY AND POINT TO AS SOMEHOW
17 PEOPLE THOUGHT THAT THERE MIGHT BE SOME SIMILARITY, AND,
18 THEREFORE, I GUESS, REALLY REQUIRED MATTEL TO RUN OFF TO COURT
19 AND SUE.
20       THE ALLEGED INFRINGEMENT IN THIS CASE, QUITE CLEARLY,
21 IS BRATZ, OR THE BRATZ DRAWINGS THAT CARTER BRYANT CREATED
22 DURING HIS MATTEL TENURE AND THE OTHER TANGIBLE ITEMS THAT HE
23 CREATED DURING HIS MATTEL EMPLOYMENT THAT RELATED TO BRATZ.
24 THAT IS WHAT IS ASSERTED AS INFRINGEMENT IN THIS CASE.
25       **THE COURT:** YOU'RE ASSERTING INFRINGEMENT BACK,

1  ESSENTIALLY, IN 2002, WHEN MATTEL WRITES TO MR. LARIAN,
2  THREATENING TO SUE ON THE DIVA STARZ LINE, THE CONNECTION
3  BETWEEN DIVA STARZ AND BRATZ.
4          **MR. ZELLER:** I DON'T THINK THAT THAT'S WHAT IT SAYS,
5  YOUR HONOR.
6          THE INFRINGEMENT CLAIM THAT WAS BEING RAISED, THE
7  CEASE AND DESIST LETTER THAT WAS BEING SENT, RELATED TO CERTAIN
8  KINDS OF STATEMENTS THAT WERE BEING MADE ON A WEBSITE. IT
9  DIDN'T INVOLVE COPYRIGHT INFRINGEMENT OF MATTEL'S RIGHTS IN
10 BRATZ. THAT IS AS CLEAR AS DAY THAT WAS NOT THE BASIS FOR THAT
11 CLAIM OR FOR THAT CEASE AND DESIST LETTER. IT'S A DIFFERENT
12 ISSUE ALTOGETHER.
13         AND I ACTUALLY WOULD LIKE TO TALK ABOUT THAT LETTER A
14 LITTLE BIT MORE IN A BIT, BECAUSE THEY, IN MANY RESPECTS, TRY
15 AND USE IT AS THEIR EXCUSE FOR LYING TO THE WORLD ABOUT WHERE
16 BRATZ CAME FROM. BUT FUNDAMENTALLY, EVEN IF THAT LETTER, OR
17 EVEN IF IT'S THE CASE THAT SOMEHOW SOME PEOPLE THOUGHT THAT
18 BRATZ WAS AN INFRINGEMENT OF DIVA STARZ, THAT STILL DOESN'T
19 START THE STATUTE OF LIMITATIONS RUNNING. IT'S OUR RIGHTS IN
20 BRATZ THAT ARE AT ISSUE IN THIS CASE. THAT IS THE BASIS OF THE
21 INFRINGEMENT CLAIM.
22         AND THERE IS NO DISPUTE, ABSOLUTELY NO DISPUTE HERE,
23 THAT MATTEL DID NOT KNOW OF ITS OWNERSHIP CLAIM IN THOSE BRATZ
24 DRAWINGS UNTIL, AT A BARE MINIMUM, IT RECEIVED THE DRAWINGS.
25 NOT ONLY IS THAT TRUE AS A FACTUAL MATTER, BUT IT DOESN'T MAKE

1  ANY SENSE TO ARGUE OTHERWISE. WE COULDN'T POSSIBLY HAVE
2  COMPARED -- MATTEL COULD NOT HAVE POSSIBLY COMPARED THE BRATZ
3  DOLLS TO THE BRATZ DRAWINGS UNTIL IT HAD THE DRAWINGS. AND
4  THERE'S NO DISPUTE THAT THOSE DRAWINGS WERE NOT PROVIDED TO
5  MATTEL, THAT MATTEL DID NOT HAVE THEM, UNTIL NOVEMBER OF 2003.
6         SUBSTANTIAL SIMILARITY REQUIRES TWO THINGS TO
7  COMPARE. FIRST OF ALL, WE DON'T KNOW AT THAT TIME THAT THERE
8  IS A BASIS FOR AN OWNERSHIP CLAIM IN BRATZ ITSELF, OR EVEN IN
9  THE DRAWINGS. AND NUMBER TWO, WE DIDN'T HAVE THE UNDERLYING
10 WORKS THAT WE POTENTIALLY HAD RIGHTS IN, MOST NOTABLY BECAUSE
11 MR. BRYANT TOOK THEM WITH HIM AND SOLD THEM TO MGA.
12        SO IN MANY RESPECTS, YOUR HONOR, THESE ISSUES ABOUT
13 KNOWING WHEN BRATZ CAME OUT; KNOWING CARTER BRYANT MIGHT HAVE
14 HAD SOME INVOLVEMENT IN IT; THINKING THAT, PERHAPS, THERE WERE
15 SOME SIMILARITIES BETWEEN OTHER MATTEL PRODUCTS, THOSE ARE ALL
16 RED HERRINGS; COMPLETELY RED HERRINGS. THOSE ARE NOT THE BASES
17 FOR THE INFRINGEMENT CLAIM THAT WE ARE MAKING IN THIS CASE AND
18 THAT ALL OF OUR CLAIMS ARE PREDICATED ON.
19        **THE COURT:** THANK YOU, COUNSEL.
20        MR. NOLAN.
21        **MR. NOLAN:** THANK YOU.
22        **MR. ZELLER:** ALSO, I DO HAVE SOME POINTS, YOUR HONOR,
23 TO MAKE AT SOME POINT ABOUT, REALLY, THE FACTUAL ERRORS THAT
24 ARE RAISED IN THIS WHOLE LITANY OF THE CHRONOLOGY THAT'S
25 RAISED, ABOUT WHEN MATTEL SUPPOSEDLY KNEW ABOUT CERTAIN FACTS

```
 1                          CERTIFICATE
 2
 3   I HEREBY CERTIFY THAT PURSUANT TO SECTION 753, TITLE 28, UNITED
     STATES CODE, THE FOREGOING IS A TRUE AND CORRECT TRANSCRIPT OF
 4   THE STENOGRAPHICALLY RECORDED PROCEEDINGS HELD IN THE ABOVE-
     ENTITLED MATTER AND THAT THE TRANSCRIPT PAGE FORMAT IS IN
 5   CONFORMANCE WITH THE REGULATIONS OF THE JUDICIAL CONFERENCE OF
     THE UNITED STATES.
 6
 7   _____        _____5-1-08_____
     THERESA A. LANZA, CSR, RPR                      DATE
 8   FEDERAL OFFICIAL COURT REPORTER
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```