THOMAS J. NOLAN (Bar No. 66992)
(tnolan@skadden.com)
JASON D. RUSSELL (Bar No. 169219)
(jrussell@skadden.com)
MARINA V. BOGOROD (Bar No. 217524)
(mbogorad@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, CA 90071
Tel.: (213) 687-5000/Fax: (213) 687-5600

RAOUL D. KENNEDY (Bar No. 40892)
(rkennedy@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
4 Embarcadero Center, Suite 3800
San Francisco, CA 94111-5974
Tel.: (415) 984-2698 / Fax: (415) 984-2626

Attorneys for MGA Entertainment, Inc., MGA Entertainment (HK) Limited, MGAE de Mexico, S.R.L. DE C.V., and Isaac Larian

UNITED STATED DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS. | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case No. 04-9059 and Case No. 05-2727<br><br>Honorable Stephen G. Larson<br><br>MGA PARTIES' ERRATA TO MGA PARTIES' AND BRYANT'S [PROPOSED] DISPUTED JURY INSTRUCTIONS |

The MGA Parties respectfully submit these errata to the MGA Parties' and Bryant's [Proposed] Disputed Jury Instructions filed May 5,2008 (Docket No. 3464-3), to correct certain inadvertent omissions in that document.

The Table of Contents should have contained the following additional line *before* "Discrepancies in Testimony":

| 9th Cir. 1.2 | CLAIMS AND DEFENSES – PHASE 1A | Ninth Circuit Manual of Model Jury Instructions, Civil, 1.2 (2007). | 1 |

The Table of Contents should have also contained the following additional line *after* "Defense: Statute of Limitations (Conversion)":

| Special Inst. __ | Defense: Statute of Limitations (Statutory Unfair Competition) | Cal. Bus. & Prof. Code § 17208; In re Conseco Ins. Co. Annuity Marketing & Sales Practices Litig., 2007 WL 486367, at *6 (N.D. Cal. Feb. 12, 2007), citing Snapp & Assocs. Ins. Servs., Inc. v. Robertson, 96 Cal. App. 4th 884, 891 (2002); Stutz Motor Car of Am., Inc. v. Reebok Int'l, Ltd., 909 F. Supp. 1353, 1363 (C.D. Cal. 1995), aff'd, 113 F.3d 1258 (Fed. Cir. 1997); see also Cortez v. Purolator Air Filtration Prods. Co., 23 Cal. 4th 163, 178-79 (2000). | 75 |

The jury instructions should have contained the following additional instruction *before* "Discrepancies in Testimony":

**CLAIMS AND DEFENSES—PHASE 1A**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

In this trial, the plaintiff is Mattel and the defendants are Carter Bryant, MGA Entertainment, Inc., MGA Entertainment (HK) Limited and Isaac Larian.

Mattel has asserted the following claims against Carter Bryant: (1) Declaratory Relief; (2) Breach of Contract; (3) Breach of Fiduciary Duty; (4) Breach of the Duty of Loyalty; (5) Conversion; and (6) Unfair Competition.

Mattel has asserted the following claims against MGA Entertainment, Inc.: (1) Declaratory Relief; (2) Intentional Interference with Contract; (3) Aiding and Abetting Breach of Fiduciary Duty; and (4) Aiding and Abetting Breach of the Duty of Loyalty.

Mattel has asserted the following claims against Isaac Larian: (1) Declaratory Relief; (2) Conversion; (3) Intentional Interference with Contract; (4) Aiding and Abetting Breach of Fiduciary Duty; (5) Aiding and Abetting Breach of the Duty of Loyalty; and (6) Unfair Competition.

Mattel has asserted the following claims against MGA Entertainment (HK) Limited: (1) Declaratory Relief; (2) Conversion; and (3) Unfair Competition.

Mattel has the burden of proving these claims.

The defendants deny Mattel's claims. MGA, Carter Bryant, MGA (HK) and Isaac Larian also contend that Mattel's claims are barred by certain affirmative defenses: (1) the statute of limitations; (2) laches; (3) estoppel; (4) waiver; (5) consent; (6) acquiescence; (7) abandonment; (8) bona fide purchaser for value; and (9) unclean hands. Mattel denies defendants' affirmative defenses. Defendants have the burden of proof on these affirmative defenses.

**Authority:** Ninth Circuit Manual of Model Jury Instructions, Civil, 1.2 (2007).

The jury instructions should have also contained the following additional instruction *before* "Defense: Statute of Limitations (Conversion)":

**Defense: Statute of Limitations (Copyright Infringement)**

Carter Bryant, Isaac Larian, MGA, and MGA (HK) contend that Mattel's copyright infringement claim was not filed within the time set by law.

To succeed on this defense, Carter Bryant, Isaac Larian, MGA, and MGA (HK) must prove that Mattel did not file its claims within three years of when Mattel discovered or reasonably could have discovered that MGA was asserting ownership over property to which Mattel had a copyright interest.

**Authority:** 17 U.S.C. § 507(b); Polar Bear Prods., Inc. v. Timex Corp., 384 F.3d 700, 706 (9th Cir. 2004) (the statute of limitations is triggered when a "[plaintiff] [] discover[s], [or] reasonably could … have discovered, the infringement"); Roley v. New World Pictures, Ltd., 19 F.3d 479, 481 (9th Cir. 1994) (copyright infringement claims accrue "when one has knowledge of a violation or is chargeable with such knowledge").

DATED: May 8, 2008                   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: _____/s/ Jason D. Russell_____
Jason D. Russell
Attorneys for the MGA Parties