Larry McFarland (Bar No. 129668)
Christian Dowell (Bar No. 241973)
KEATS, McFARLAND & WILSON LLP
9720 Wilshire Blvd.
Penthouse Suite
Beverly Hills, CA 90212
Telephone: (310) 248-3830
Facsimile: (310) 860-0363
Email: lmcfarland@kmwlaw.com
       cdowell@kmwlaw.com

Attorneys for AnaElise Cloonan

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>　　　　　　　Plaintiff,<br>　　v.<br><br>MATTEL, INC., a Delaware corporation;<br><br>　　　　　　　Defendant.<br><br>AND RELATED ACTIONS. | Case No.: CV 04 – 09049 SGL (RNBx)<br>Consolidated with Case Nos.<br>CV 04-9059 and CV 05-2727<br><u>Hon. Stephen G. Larson</u><br><br>REPLY TO MATTEL'S OPPOSITION TO ANAELISE CLOONAN'S MOTION OBJECTING TO PORTIONS OF DISCOVERY MASTER'S APRIL 11, 2008 ORDER REGARDING A FURTHER EXAMINATION OF MS. CLOONAN'S COMPUTER AND ZIP DISK<br><br>Hearing Date:　May 12, 2008<br>Time:　　　　　10:00 a.m.<br>Place:　　　　 Courtroom |

Non-party Anaelise Cloonan ("Ms. Cloonan") hereby respectfully submits this reply to Mattel's Opposition ("Opposition") to Ms. Cloonan's Motion for an order overruling the portion of Judge Infante's April 11, 2008, Order which ordered another examination of Ms. Cloonan's personal computer and zip disk.[1]

## I. ARGUMENT

In it's Opposition, Mattel has unfortunately decided to misrepresent the facts. Mattel states that "…Cloonan's computer and the disk were purportedly searched by her own computer expert…"[2]  This is not true.  Mattel knows full well that Ms. Cloonan's computer and zip disk were searched by DataChasers, which is a computer expert that <u>Mattel</u> selected and <u>Mattel</u> paid, and that all documents recovered by the Mattel-selected expert were produced to Mattel.  Ms. Wines stated in her letter dated September 13, 2008 as follows:

> I follow-up on our telephone conversation today regarding the protocol for the inspection of computer hard drives and laptop computers.  We propose the following:
>
> - The expert will be from the following firm:  DataChasers, Inc., Richard L. Albee, CEO, P.O. Box 2861, Riverside, California 92516, phone (877) 328-2392).  Data Chasers has not, to our knowledge, done any work for Mattel.
> - Mattel will bear the costs of the expert.[3]

With respect to the alleged existence of graphical files on Ms. Cloonan's personal computer and zip disk, Mattel's argument rests on two levels of speculation. First, that such graphical files exist, and second, that the Protocol that Mattel designed and proposed and the search conducted by the Mattel-selected expert was not adequate

---

[1] Ms. Cloonan's counsel is aware of the volume of paper to be reviewed by this Court and will keep this reply short.
[2] Opposition at 2.
[3] Declaration of Christian C. Dowell ("Dowell Decl."), Exhibit ("Exh.") 1.

to locate any such graphical files if they existed. It is important to note that it is undisputed that Mattel knew that graphical files might possibly exist on Ms. Cloonan's personal computer almost three years before Mattel designed and proposed the Protocol set forth in Ms. Wines' September 13, 2007, letter.[4]

The question, therefore, is given their knowledge, why did Mattel design a Protocol that it now strenuously argues is deficient? Two reasons come to mind. The first is that the Protocol is not deficient and Mattel believed at the time that it designed and proposed the Protocol (with full knowledge of the possible existence of graphical files) that the Protocol was sufficient to recover any and all documents, including graphical files, that were relevant to this case. The second possibility is that Mattel purposefully proposed a Protocol that it could later complain was inadequate to gain a strategic advantage of being able to depose the witness first, then later search the computers again with a new protocol with the hope of locating additional documents that Mattel could use to impeach the witness. Either way, Mattel should not be allowed to search Ms. Cloonan's personal computer and zip disk with a new protocol at this late date.

Mattel claims that "[t]he keyword searches also did not and could not establish the absence of documents on the computer hard drives that witnesses testified at deposition should have been located on the drives, but which were not produced…For example, documents deleted may often be recovered by forensic examination unless (as is the case with Bryant himself) a data destruction program was used."[5] Mattel ignores the fact the agreed to Protocol _specifically_ _includes_ a review for "unallocated and file-

---

[4] See Non-parties Margaret Hatch-Leahy's, Elise Cloonan's and Veronica Marlow's Opposition to Mattel's Ex Parte Application to (1) Compel Production of Electronic Media from Third-Parties Elise Cloonan, Margaret Hatch-Leahy, and Veronica Marlow or (2) in the Alternative, Modify the Scheduling Order ("Ex Parte Application") citing to Bryant deposition, at 21.
[5] Opposition at 5.

slack space" and for "any evidence of the presence or use of a data destruction program on the computer…" as follows:

…

- … The expert will perform the search for responsive documents, including the computer's unallocated and file-slack space. The expert shall provide file- and system-level metadata for all such documents…

…

- The expert also will follow the same procedures as set forth above with respect to any documents or data relating to any alteration of the hard drives or data on the hard drives by, for example, providing a listing of all application programs and when they were installed, detailing whether there is any evidence of the presence or use of a data destruction program on the computer, evidence regarding the transfer or relevant documents to or from the computer via media or e-mail, and/or user account information present on the system.[6]

The fact that DataChasers, the Mattel-selected expert, did not report the presence of any "alteration of the hard drives" or "use of a data destruction program on the computers" establishes that neither of these things occurred.[7] Mattel has, therefore,

---

[6] Dowell Decl., Exh. 1.

[7] With regard to the zip disk, Mattel also alleges that "although Cloonan found the 'Bratz' zip disk and turned it over to her counsel in April 2005, that fact was concealed from Mattel for over two years until the day of her deposition." Opposition at 14. Once again, this is untrue. On November 21, 2007, it was discovered that DataChasers had not picked up Ms. Cloonan's zip disk along with the other computers for review. Mr. Proctor, counsel for Mattel was notified immediately and agreed to have the zip disk reviewed pursuant to the agreed upon Protocol. Mr. Proctor stated "…regarding Ms. Cloonan's computer disk or drive, we would ask that you please provide the drive to Data Chasers as you suggest. **We will agree to follow the protocol outlined in our September 13, 2007 letter**, with the understanding set forth in your letter that you will review anything found by Data Chasers within 5 court days of receipt and provide same to us." (emphasis added)  Dowell Decl. Exh. 2.  On or about November 28, 2008, prior

1  failed to meet its burden of establishing that Ms. Cloonan's discovery obligations have
2  not been fully complied with or that there are serious concerns over discrepancies or
3  inconsistencies in the discovery responses.[8]
4      With respect to Ms. Cloonan's privacy interest in her personal computer, the
5  evidence is undisputed that the computer is Ms. Cloonan's personal computer and is
6  her personal property.  It is also undisputed that the computer belonged to Ms. Cloonan
7  and she used and after the time that she shared a house with Mr. Bryant.[9]  As to the zip
8  disk, Ms. Cloonan declared that

---

to Ms. Cloonan's deposition, counsel for Ms. Cloonan provided the original zip disk to the expert selected by Mattel for review pursuant to the Protocol and all documents recovered by DataChasers from the zip disk were produced to Mattel prior to Ms. Cloonan's deposition.  With respect to the fact that Ms. Cloonan gave the zip disk to counsel in approximately April 2005, Mattel knows full well that the inference that Ms. Cloonan's counsel did anything improper is completely groundless.  In a letter dated June 1, 2007, Susan Wines, a partner at Quinn Emanuel, states "Mattel previously served a subpoena on your client, Elise Cloonan, on May 13, 2005.  Mattel's subpoena called for the production of documents on May 27, 2006.  As you know, before the return date, the District Court stayed all proceedings in this action."  Dowell Decl., Exh. 3.  Moreover, as part of the meet-and-confer, Mr. McFarland confirmed these facts to Mattel's counsel in a letter dated January 2, 2008.  Dowell Decl., Exh. 4.  The truth is that after the stay was lifted, counsel for Mattel and the Non-Party Witnesses met-and-conferred and agreed on a Protocol for the review of the computer materials, and all such computer materials were reviewed pursuant to the Protocol.

[8] See In re Ford Motor Co., 345 F.3d at 1317 (acknowledging that "improper conduct on the part of the responding party," such as "a factual finding of some non-compliance with discovery rules," may allow the requesting party itself to check the computer hard drives); Williams v. Mass. Mut. Life Ins. Co., 226 F.R.D. 144, 146 (D. Mass. 2005) (plaintiff's request for forensic review of defendants' hard drives denied where plaintiff "provided no reliable or competent information to show that Defendants' representations … are misleading or substantively inaccurate."); Simon Prop. Group L.P. v. mySimon, Inc., 194 F.R.D. 639, 641 (S.D. Ind. 2000) (allowing plaintiff to mirror image defendant's computers where there were "troubling discrepancies with respect to defendant's document production").

[9] Dowell Decl., Exh. 5.

> the Zip disk that had the word "Bratz" had written on the label, which I produced in this litigation, is my property and was used with my personal computer at home…It is my practice generally to re-use and recycle Zip disks.  Therefore, Zip disks that are used with my personal computer may contain various types of files and documents, including files and documents that are likely to contain personal matters.[10]

Ms. Cloonan has protectable privacy interests in both her personal computer and zip disk.[11]

## II.     Judge Infante's Order Was Clearly Erroneous.

Mattel interprets Judge Infante's order as requiring Ms. Cloonan to provide Mattel with mirror images of her personal computer and zip disk.  If this is what Judge Infante ordered, the order is clearly erroneous because Mattel failed to meet its burden of establishing that this additional review was anything more than a speculative inquiry.[12]  In addition, to the extent that Judge Infante's order requires Ms. Cloonan to

---

[10] Dowell Decl., Exh. 6.

[11] "Even in cases where courts have found computer imaging and inspection to be warranted, the courts have nonetheless adopted procedures to protect privilege and privacy concerns."[11] Caylon v. Mizuho Sec. USA Inc., No. 07CIV02241RODF, 2007 WL 1468889, at *3 (S.D.N.Y. May, 28, 2007); see In re Ford Motor Co., 345 F. 3d 1315, 1317 (11th Cir. 2003) (observing that "the district court must 'protect respondent with respect to preservation of his records, confidentiality of nondiscoverable matters, and costs.'"), quoting Fed. R. Civ. P. 34, 1970 Adv. Comm. Notes.

[12] See McCurdy Group, LLC v. Am. Biomedical Group, Inc., 9 Fed. Appx. 822, 831 (10th Cir. 2001) (court denied motion to compel because plaintiff "has never explained, either in the district court or on appeal, why it should be allowed to conduct a physical inspection of [defendant]'s computer hard drive(s)."); Powers v. Thomas M. Cooley Law School, 2006 WL 2711512, at *5 (W.D. Mich. 2006) ("This court is therefore loathe to sanction intrusive examination of an opponent's computer as a matter of course, or on the mere suspicion that the opponent may be withholding discoverable information."); Ameriwood Indus., Inc. v. Liberman, 2006 WL 3825291, at *4 (E.D. Mo. Dec. 27, 2006) ("[A] party may not inspect the physical hard drives of a computer merely because the party wants to search for additional documents responsive to the party's document requests.").

provide Mattel with mirror images of her personal computer and zip disk, the order is clearly erroneous because it does not properly protect Ms. Cloonan's interests in her private and privileged information.[13]  As this Court stated with respect to the inspection of Mr. Larian's hard drives, "But certainly we need to install certain prophylactic measures to prevent that type [the privacy concerns of Mr. Larian and his children] of information from getting out, even to the attorneys, not to mention the parties in this case, unless it is determined that this really is evidence that's going to be used in the motion or in the trial."[14]  This Court further stated, "unfettered access; no of course not."[15]  Similarly, Mattel should not be allowed unfettered access to Ms. Cloonan's private and privileged materials and to the extent that Judge Infante ordered this, that was clearly erroneous.

With respect to new protocols that could be utilized to protect Ms. Cloonan's private and privileged information while allowing Mattel an additional review of Ms. Cloonan's computer and zip disk, Ms. Cloonan respectfully submits that the time for any such new protocol has passed.  As set forth in her Motion, on April 15, Ms. Cloonan offered to allow an additional review based on the structure of the prior Protocol which allowed an initial review of the recovered documents by Ms. Cloonan's counsel.  Mattel rejected this proposal.  On or about April 17, Ms. Cloonan offered to

---

[13] "Courts should guard against undue intrusiveness resulting from inspecting or testing such systems."  Fed. R. Civ. P. 34(a)(1), 2006 Adv. Comm. Notes.  Thus, Rule 34(a) does not entitle a party to "a routine right of direct access to a party's electronic information system…."  Id.  "Even in cases where courts have found computer imaging and inspection to be warranted, the courts have nonetheless adopted procedures to protect privilege and privacy concerns."  Caylon v. Mizuho Sec. USA Inc., 2007 WL 1468889, at *3 (S.D.N.Y. May 28, 2007); see In re Ford Motor Co., 345 F.3d 1315, 1317 (11th Cir. 2003) (observing that "the district court must 'protect respondent with respect to preservation of his records, confidentiality of nondiscoverable matters, and costs.") (quoting Fed. R. Civ. P. 34, 1970 Adv. Comm. Notes).
[14] Dowell Decl., Exh. 7.
[15] Id.

allow an additional review of her personal computer and zip disk based on the protocol to be agreed to (or ordered) with respect to Mr. Larian. Mattel rejected this offer. If Mattel had accepted either of these offers, the additional review could well have been completed by now.[16] However, instead Mattel decided to continue taking an unreasonable position and left Ms. Cloonan with no alternative but to bring this motion.

### III. CONCLUSION

Based on the foregoing, Ms. Cloonan respectfully submits that given Mattel's unreasonable positions and the rapidly approaching trial dates, that this Court should not order an additional review of Ms. Cloonan's personal computer and zip disk pursuant to a new protocol, but instead should find that Judge Infante's order is clearly erroneous and further order that no additional review of Ms. Cloonan's computer and zip disk be conducted.

Dated:  May 8, 2008                     KEATS MCFARLAND & WILSON LLP


/s/
Christian C. Dowell, Esq.
Attorneys for Non-Party Ana Elise Cloonan

---

[16] Ms. Cloonan also offered to allow Mattel to review the computer and zip disk for the names Beatriz Morales, Ana Cabrera, and Maria Salazar. See Declaration of Larry McFarland in support of Ms. Cloonan's Motion Objecting to Portions of Discovery Master's April 11, 2008 Order Regarding a Further Examination of Ms. Cloonan's Computer and Zip Disk, April 25, 2008, at ¶ 24.