**Carter Bryant v. Mattel Inc.**
Case No.: CV 04 – 09049 SGL (RNBx)
Consolidated with Case Nos.
CV 04-9059 and CV 05-2727
Hon. Stephen G. Larson

# EXHIBIT 1

**EXHIBIT TO**: DECLARATION OF CHRISTIAN DOWELL IN SUPPORT OF ANAELISE CLOONAN'S REPLY TO MATTEL'S OPPOSITION TO ANAELISE CLOONAN'S MOTION OBJECTING TO PORTIONS OF DISCOVERY MASTER'S APRIL 11, 2008 ORDER REGARDING A FURTHER EXAMINATION OF MS. CLOONAN'S COMPUTER AND ZIP DISK

09-13-2007 03:30pm From-QUINN EMANUEL

quinn emanuel trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

September 13, 2007

VIA FACSIMILE AND U.S. MAIL

Larry McFarland, Esq.
Keats McFarland & Wilson LLP
9720 Wilshire Boulevard, Penthouse Suite
Beverly Hills, California 90212

Re: Mattel, Inc. v. Bryant et al.

Dear Mr. McFarland:

I follow-up on our telephone conversation today regarding the protocol for the inspection of computer hard drives and laptop computers. We propose the following:

- The expert will be from the following firm: DataChasers, Inc., Richard L. Albee, CEO, P.O. Box 2861, Riverside, California 92516, phone (877) 328-2392. DataChasers has not, to our knowledge, done any work for Mattel.

- Mattel will bear the costs of the expert.

- The computers shall be made available to the expert for imaging at your offices, but neither your lawyers nor your clients may be present for the imaging. No verbal directions may be given to the expert while he or she is working at your offices.

- The search terms to be used by the expert are attached on Attachment A. The expert will perform the search for responsive documents, including the computer's unallocated and file-slack space. The expert shall provide file- and system-level metadata for all such documents. The expert shall sign the protective order and

EXHIBIT 1
PAGE 3

quinn emanuel urquhart oliver & hedges, llp

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

07209/2194393.1

SEP 13 2007 15:42 2134433100 PAGE.02

agree to be bound by its confidentiality requirements. Access by the expert to information protected by the attorney-client privilege or work product doctrine shall not constitute a waiver of the privilege.

- Once the expert has made the mirror image of the hard drive, he or she will print out all documents and data collected in response to the search terms and Bates stamp the documents. Those documents will be provided to your office to pull for privilege. You will provide us with a privilege log sufficient to show the basis for withholding any documents. Within eleven (11) court days of the time that your office receives the documents and data that he or she has printed out, the expert will provide us with all such documents and data, including native files, except for any such documents or data for which privilege is asserted. You will serve upon us and the expert the privilege log identifying the documents or data, if any, to be withheld on privilege grounds within ten (10) court days of your receipt of the documents and data from the expert.

- The expert also will follow the same procedures as set forth above with respect to any documents or data relating to any alteration of the hard drives or data on the hard drives by, for example, providing a listing of all application programs and when they were installed, detailing whether there is any evidence of the presence or use of a data destruction program on the computer, evidence regarding the transfer of relevant documents to or from the computer via media or e-mail, and/or user account information present on the system.

- If there is any issue or question regarding the authenticity, correctness, integrity or completeness of any matter, including without limitation any document or data from the computers, this protocol does not foreclose Mattel from seeking production and inspection of any matter, including without limitation the original data, drives or documents.

Please sign below on behalf of your clients, Elise Cloonan and Sarah Halpern, if this is agreeable.

Very truly yours,

Susan Wines

SLW:wp
07209/2194393.1

________________________
Larry W. McFarland
Dated: September __, 2007

07209/2194393.1

EXHIBIT 1
PAGE 4

09-13-2007 03:30pm From-QUINN EMANUEL

ATTACHMENT A - PROPOSED SEARCH TERMS

MGA Entertainment, Inc.
ABC International Traders, Inc.
MGA Entertainment (HK) Limited
Bandai
Hasbro
Tomy

Carter Bryant and/or family members
Richard Irmen and/or family members
Isaac Larian and/or family members
Farhad Larian and/or family members
Morad Zarabi and/or family members

Ana Elise Cloonan
Paula (Treantafalles) Garcia
Sarah Halpern
Rachel Harris
Rebecca (Becky) Harris
Margaret Hatch-Leahy
Daniel Leahy
Kerri Legg Brode
Barbara Malcolm
Veronica Marlowe
Victoria O'Connor
Maureen Mullen Chianese
Amy Myers
Anna Rhee
Mercedeh Ward

Bratz
Prayer Angels or Angel

09-13-2007 03:30pm From-QUINN EMANUEL

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

NEW YORK
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

LOS ANGELES
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

SAN FRANCISCO
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

SILICON VALLEY
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE

## FACSIMILE TRANSMISSION

3:37pm

DATE: September 13, 2007

NUMBER OF PAGES, INCLUDING COVER: 4

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Larry McFarland, Esq.<br>Keats McFarland & Wilson LLP | 310-248-3830 | 310-860-0363 |

FROM: Susan Wines

RE: Mattel v. Bryant, et al.

MESSAGE:

Please see attached.

07209/2143584.1

CLIENT #: 7209

ROUTE/ RETURN TO: Yalonda J. Dekle

☒ CONFIRM FAX
☒ INCLUDE CONF. REPORT

OPERATOR:

CONFIRMED? ☐ NO ☐ YES: ____________

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

SEP 13 2007 15:41 2134433100 PAGE.01

EXHIBIT 1

PAGE 6

**Carter Bryant v. Mattel Inc.**
Case No.: CV 04 – 09049 SGL (RNBx)
Consolidated with Case Nos.
CV 04-9059 and CV 05-2727
Hon. Stephen G. Larson

# EXHIBIT 2

**EXHIBIT TO**: DECLARATION OF CHRISTIAN DOWELL IN SUPPORT OF ANAELISE CLOONAN'S REPLY TO MATTEL'S OPPOSITION TO ANAELISE CLOONAN'S MOTION OBJECTING TO PORTIONS OF DISCOVERY MASTER'S APRIL 11, 2008 ORDER REGARDING A FURTHER EXAMINATION OF MS. CLOONAN'S COMPUTER AND ZIP DISK

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 TEL 213-443-3000 FAX 213-443-3100

WRITER'S DIRECT DIAL NO.
(213) 443-3112

WRITER'S INTERNET ADDRESS
dylanproctor@quinnemanuel.com

November 28, 2007

VIA FACSIMILE AND U.S. MAIL

Larry McFarland, Esq.
Keats, McFarland & Wilson, LLP
9720 Wilshire Blvd., Penthouse Suite
Beverly Hills, CA 90212

Re: Mattel, Inc. v. Bryant

Dear Larry:

I write in response to your letter of November 21, 2007.

First, your proposal to make photocopies of the three dimensional objects your clients have made available for inspection and to produce those photocopies with Bates numbers is acceptable. Please provide these photocopies once they have been made. You are correct in your assertion that the photographs and videotapes we have taken of these objects are protected work product in our view. However, you are incorrect in asserting that Mattel has agreed not to use these photographs or videotapes at trial. Mattel did not agree to that in the past, and is not willing to so agree now. We are not presently in a position, or required, to disclose our trial exhibits. Nor do we understand why your clients, all third parties, would have any legitimate interest in delimiting Mattel's trial exhibit list.

Second, regarding the three-dimensional objects you received from Ms. Marlow and Ms. Leahy, we will send someone from our office to review them this Friday, November 30 at 9:30 a.m. Please let us know if this date and time does not work for you for any reason, and we will re-schedule.

EXHIBIT 2
PAGE 7

**quinn emanuel urquhart oliver & hedges, llp**

07209/2302513.1

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

NOV 28 2007 13:05 12134433100 PAGE.02

Third, regarding Ms. Cloonan's computer disk or drive, we would ask that you please provide the drive to Data Chasers as you suggest. We will agree to follow the protocol outlined in our September 13, 2007 letter, with the understanding set forth in your letter that you will review anything found by Data Chasers within 5 court days of receipt and provide the same to us. We expect you will proceed with appropriate expedition to ensure that Ms. Cloonan's documents are produced to Mattel sufficiently in advance of her deposition to enable Mattel to examine her on them as needed.

Fourth, as we stated in our letters of June 25, 2007 and November 15, 2007, Judge Infante has already found fee agreements to be relevant to bias and credibility, and non-privileged. See Order Granting Mattel's Motion to Compel Documents, dated January 25, 2007, at 11-12; Order Granting Mattel's Motion to Compel Production of Documents and Interrogatory Responses by MGA, dated May 15, 2007, at 10; Order Granting in Part and Denying in Part Mattel's Motion to Enforce the Court's Order of January 25, 2007, to Compel Production of Documents by Carter Bryant and for Sanctions, dated June 19, 2007, at 2-4. Copies of these orders are attached for your reference. As the Court has held, the Business and Professions Code's privilege provisions do not apply in this federal question case, which is governed by federal privilege law. Nevertheless, we understand from your letter that your clients have withheld fee agreements without listing them on any privilege log. We hereby ask once again that they be produced. Please let us know if you are willing to do so. If not, we will plan to address the issue to the Court.

Fifth, and again as we stated in our letter of November 15, 2007, we believe we are entitled to unredacted copies of all documents that have been produced by your clients. You do not assert that the redactions to your clients' documents were made on the basis of privilege, and redactions on any other basis are improper. In fact, in Orders dated January 25, 2007 and May 15, 2007, Judge Infante expressly held that redactions on grounds other than privilege are improper given the protective order in place in this case, which fully addresses any perceived confidentiality or privacy concerns. See Order Granting Mattel's Motion to Compel Documents, dated January 25, 2007, at 14; Order Granting Mattel's Motion to Compel Production of Documents and Interrogatory Responses by MGA, dated May 15, 2007, at 11, n. 4. Copies of these orders are attached for your reference. We hereby request again that you produce your clients' documents in unredacted form. Please let us know if you are willing to do so. If not, we will plan to address the issue to the Court. Please understand, however, that if Mattel is not able to examine your clients on redacted or other withheld information because you have withheld it at the time of their depositions, Mattel reserves its right to question your clients on such information in the future at a renewed deposition, once Mattel obtains access to the withheld information.

Last, please provide the information regarding additional bank accounts used by Ms. Marlow in connection with her work at MGA. We will agree to abide by the protocol outlined in the September 13, 2007 and November 2, 2007 letters regarding documents that are obtained from additional accounts.

In our letter of November 15, 2007, we requested a meet and confer on a contemplated motion to compel and for sanctions. If you wish to discuss these matters, please let me know when you are available to meet and confer this week. I look forward to hearing from you.

Very truly yours,

B. Dylan Proctor

Enclosures

EXHIBIT 2
PAGE 9

**Carter Bryant v. Mattel Inc.**
Case No.: CV 04 – 09049 SGL (RNBx)
Consolidated with Case Nos.
CV 04-9059 and CV 05-2727
Hon. Stephen G. Larson

# EXHIBIT 3

**EXHIBIT TO**:   DECLARATION OF CHRISTIAN DOWELL IN SUPPORT OF ANAELISE CLOONAN'S REPLY TO MATTEL'S OPPOSITION TO ANAELISE CLOONAN'S MOTION OBJECTING TO PORTIONS OF DISCOVERY MASTER'S APRIL 11, 2008 ORDER REGARDING A FURTHER EXAMINATION OF MS. CLOONAN'S COMPUTER AND ZIP DISK

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

June 1, 2007

VIA FACSIMILE AND U.S. MAIL

Larry McFarland, Esq.
Keats, McFarland & Wilson, LLP
9720 Wilshire Blvd., Penthouse Suite
Beverly Hills, CA 90212

Re: Mattel, Inc. v. Bryant

Dear Mr. McFarland:

I write to address certain outstanding issues regarding Margaret Hatch-Leahy's responses to Mattel's Subpoena, served on March 14, 2005, Veronica Marlow's responses to Mattel's Subpoena, served on March 25, 2005, Elise Cloonan's responses to Mattel's Subpoena, served on May 13, 2005, and Sarah Halpern's responses to Mattel's Subpoena, served on March 14, 2005.

A. Margaret Hatch-Leahy and Veronica Marlow

I write pursuant to Local Rule 37-1 to request a meet and confer regarding Margaret Hatch-Leahy's responses to Mattel's Subpoena, served on March 14, 2005 and Veronica Marlow's responses to Mattel's Subpoena, served on March 25, 2005. Mattel anticipates discussing the following issues at that conference.

I. Unjustified Redaction of Documents

Of the limited documents that Ms. Hatch-Leahy has produced to Mattel, many are so heavily redacted that they are not useful and indeed are often unintelligible. Much of the redacted

EXHIBIT 3
PAGE 10

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

07209/2085673.2

JUN 01 2007 18:02 2134433100 PAGE.02

information seems to be highly relevant information relating to Carter Bryant and Bratz. For example, information pertaining to Carter Bryant and Bratz dolls has been heavily redacted from Ms. Hatch-Leahy's planner. Such information is clearly discoverable. We perceive no reasonable basis for the redaction of this pertinent information. That is especially so because there is a protective order in effect in this case, and every document produced by Ms. Hatch-Leahy has been stamped "Attorneys' Eyes Only."

Ms. Marlow's document production is also improperly redacted. For example, documents SABW-M 00429, 431, 436 and 437 appear to have certain information redacted from the fax headers. There is no conceivable basis for how such information would be privileged and, no privilege log has been produced to us. Even more troubling however, is that there is no indication that information has been redacted in the first place -- just blank spaces where information should normally appear. Please provide these documents in unredacted form and confirm either that there are no other redactions in Ms. Marlow's production or that any other redactions have been properly logged (and provide a copy of the log to us).

## II. Unjustified Objections to Production

In Ms. Marlow's and Ms. Hatch-Leahy's amended objections and responses dated May 12, 2005, each insists that she "will not withhold any non-privileged documents on the basis of [her general] objections." It remains unclear, however, whether documents have been withheld on the basis of claims of privilege or privacy. The responses to Request No. 8 indicates that documents apparently have been withheld on such a basis.

If no documents have been withheld, we request confirmation of this fact. However if any documents have been withheld based on privilege or privacy claims, Ms. Hatch-Leahy's and Ms. Marlow's boilerplate objections are insufficient in that they provide no description of the documents, communications or things not disclosed that would enable Mattel to assess such claims. *See Burlington N. & Santa Fe Ry. Corp. v. U.S. Dist. Court for Dist. of Montana*, 408 F.3d 1142, 1148 (9th Cir. 2005). Accordingly, please provide a privilege log detailing any and all responsive documents which have been withheld.

## III. Missing Documents

Although Ms. Marlow produced an IRS Form 1099 from MGA for the year 2000 showing approximately $38,000 in income, we only received copies of three check stubs totaling about $2,800 for that year. Please confirm that Ms. Marlow does not possess any other evidence of payment for the year 2000 from MGA and has no other income in any other year from MGA.

I appreciate your consideration and am hopeful we will be able to resolve these issues without having to burden the Court with a motion.

B. **Elise Cloonan**

Mattel previously served a subpoena on your client, Elise Cloonan, on May 13, 2005. Mattel's subpoena called for the production of documents on May 27, 2006. As you know, before the return date, the District Court stayed all proceedings in this action. Now that the stay of discovery has been lifted, we again request that Ms. Cloonan search for and produce all documents that are responsive to Mattel's subpoena. A duplicate copy of the subpoena is enclosed. We hope to obtain the documents as soon as possible, and in any event by no later than June 18, 2007, but we are of course happy to work with you to find a convenient date for the production and to assist in any way we can.

In addition, we want to schedule a time for Ms. Cloonan's deposition. Please let me know of her available dates in the first two weeks of July 2007.

C. **Sarah Halpern**

As you may recall, you met and conferred with Shane McKenzie, from my office, regarding the production of Ms. Halpern's hard drive from the relevant time period and the forensic examination thereof, among other issues. On May 13, 2005, Ms. McKenzie sent you a letter confirming your conversations and proposing specific terms for the forensic examination. I write to re-convey our proposal regarding the forensic examination of Ms. Halpern's hard drive and to once again request the production of that drive.

I have attached copies of the May 13, 2005 letter sent by my office to you, as well as the March 14, 2005 subpoena served on Ms. Halpern. That letter sets forth our forensic examination proposal.

Aside from the hard drive examination issue, we wish to address several other issues as well. First, our May 13, 2005 letter requested confirmation that (1) Ms. Halpern's 2001 federal tax return is the only tax return filed by Ms. Halpern that reflects a payment by MGA relating to Bratz, and (2) Ms. Halpern conducted another search for responsive documents pursuant to your agreement with Ms. McKenzie. Please confirm whether these statements are correct or not.

Second, Ms. Halpern's responses to Request Nos. 1, 5, 6, 7, and 11 indicate that Ms. Halpern was willing to produce responsive documents. However, Ms. Halpern also made a number of objections to those Requests. Please confirm that, notwithstanding her objections, Ms. Halpern has produced <u>all</u> responsive documents where she has indicated that she "is willing to produce responsive documents pursuant to the Protective Order." If responsive documents have been withheld based on a claim of privilege or for some other reason, please describe the withheld documents with sufficient particularity to enable Mattel to assess the basis for withholding the documents.

Third, Ms. Halpern's response to Request No. 2 appears to indicate that she is aware of, but does not possess, responsive documents. <u>Compare</u> Response to Request No. 2 ("no responsive



documents are in the possession, custody or control of Halpern") with Response to Request No. 3 (Ms. Halpern "is not aware of any documents responsive to this request"). Assuming we correctly interpret the response to Request No. 2, please indicate what documents Ms. Halpern believes are responsive to that Request and where she believes those documents may be located.

Please let me know at your earliest convenience, and in any event no later than June 8, 2007, whether our forensic examination proposal and the other terms set forth in this letter regarding Ms. Halpern's production are acceptable. Out of an abundance of caution, please also consider this letter a request for an in person conference of counsel regarding Sarah Halpern's responses to Mattel's Subpoena, served on March 14, 2005 pursuant to Local Rule 37-1.

I appreciate your consideration and look forward to hearing from you at your earliest convenience.

Very truly yours,

Susan L. Wines

Attachments

EXHIBIT 3
PAGE 13

**Carter Bryant v. Mattel Inc.**
Case No.: CV 04 – 09049 SGL (RNBx)
Consolidated with Case Nos.
CV 04-9059 and CV 05-2727
Hon. Stephen G. Larson

# EXHIBIT 4

**EXHIBIT TO**: DECLARATION OF CHRISTIAN DOWELL IN SUPPORT OF ANAELISE CLOONAN'S REPLY TO MATTEL'S OPPOSITION TO ANAELISE CLOONAN'S MOTION OBJECTING TO PORTIONS OF DISCOVERY MASTER'S APRIL 11, 2008 ORDER REGARDING A FURTHER EXAMINATION OF MS. CLOONAN'S COMPUTER AND ZIP DISK

**KEATS McFARLAND & WILSON LLP**

ATTORNEYS AT LAW

TEL (310) 248-3830
FAX (310) 860-0363

9720 WILSHIRE BOULEVARD
PENTHOUSE SUITE
BEVERLY HILLS, CALIFORNIA 90212

www.kmwlaw.com

WRITER'S DIRECT DIAL
(310) 777-3750

WRITER'S EMAIL
lmcfarland@kmwlaw.com

January 2, 2008

VIA FACSIMILE, U.S. MAIL and E-MAIL

Christopher Tayback, Esq.
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

Re: Mattel v. Bryant

Dear Mr. Tayback:

I am writing in response to your letter dated December 20, 2007.

As an initial matter, your statement that "when you received that disk in April 2005, you had an obligation to produce documents responsive to Mattel's subpoena" is not correct. Mattel served a subpoena on Ms. Cloonan on or about May 12, 2005, with a response date of May 27, 2005. Prior to the response date, this case was stayed. After the stay was lifted, I met and conferred with your former partner, Ms. Wines, regarding a protocol to review all of the third party computer related materials. We reached an agreement on that protocol and the computers and hard drives were provided to Data Chasers, an expert that your firm selected. In a letter dated November 21, 2007, I notified Mr. Proctor that we had noticed that your computer expert had not picked up the computer zip disk and I suggested that we give this disk to Data Chasers pursuant to the protocol set forth in the letter from Ms Wines dated September 13, 2007. In order to speed up the process, I further agreed to review anything found by Data Chasers within five court days of receipt from Data Chasers rather than the ten court days set forth in the agreement with Ms. Wines. In a letter date November 28, 2007, Mr. Proctor agreed to my proposal as follows: "Third, regarding Ms. Cloonan's computer disk or drive, we would ask that you please provide the drive to Data Chasers as you suggest. We will agree to follow the protocol outlined in our September 13, 2007, letter, with the understanding set forth in your letter that you will review anything found by Data Chasers within five court days of receipt and provide the same to us. We expect you will proceed with appropriate expedition to ensure that Ms. Cloonan's documents are produced to Mattel sufficiently in advance of her deposition to enable Mattel to examine her on them as needed." (emphasis added) On the same day that I notified Data Chasers that they should pick up the zip disk and on Friday, November 30, 3007, we received from Data Chaser the document that they had located. Two court days later, on Tuesday, December 4, 2007, we hand delivered to Mr. Proctor the document located by Data Chasers to

which we had applied a bates number. Therefore, your firm had the document located by Data Chasers well prior to Ms. Cloonan's deposition which was taken on December 14, 2007.

With respect to Ms. Cloonan's testimony regarding the zip disk, I disagree with your characterizations of what she said. It is undisputed that the zip disk, as well as the computer, were in her home and in her possession. I also disagree with your statement that "Ms. Cloonan's testimony directly contradicts Mr. Bryant's testimony regarding work he alleged Ms. Cloonan performed on Bratz." The remainder of the statements in the third to the last paragraph of your letter are essentially to the effect that there might be relevant evidence on Ms. Cloonan's computer or zip disk, which is, of course, the reason that Ms. Wines and I negotiated a protocol that would allow Mattel to review the computer materials. What appears to be happening now is that you want to change the protocol. As I told you during our conversation, Mr. Albee told me that someone from your firm had called him and told him that your firm wanted to change the protocol, which is why I sent the letter to Mr. Albee dated December 17, 2007, which I copied you on. If you have a proposal for a revised protocol, please provide it to me. However, I must remind you that we are not starting with a blank slate. Ms. Wines and I not only spent a considerable amount of time reaching an agreement on the protocol, but the computer and the disk have already been reviewed pursuant to the protocol, and Ms. Cloonan has already been deposed.

Regarding Mr. Albee at Data Chasers, I have instructed him to retain possession of Ms. Cloonan's computer and zip disk. I further confirm that neither your firm, Mattel, nor I will make any effort to get Ms. Cloonan's computer or zip disk back from Data Chasers absent a written agreement from both your firm and me. This further confirms that your firm has agreed to address the protocol and review issues with me and that you will not be contacting Data Chasers or Mr. Albee.

Finally, as you know, Mr. Albee has provided you with color photocopies of the front and the back of Ms. Cloonan's zip disk; therefore, that issue is resolved.

I look forward to hearing from you.

Very truly yours,

Larry W. McFarland
Keats McFarland & Wilson LLP

LWM/jlt

cc: Thomas J. Nolan
Michael Page

EXHIBIT 4
PAGE 15

**Carter Bryant v. Mattel Inc.**
Case No.: CV 04 – 09049 SGL (RNBx)
Consolidated with Case Nos.
CV 04-9059 and CV 05-2727
Hon. Stephen G. Larson

# EXHIBIT 5

**EXHIBIT TO**:   DECLARATION OF CHRISTIAN DOWELL IN SUPPORT OF ANAELISE CLOONAN'S REPLY TO MATTEL'S OPPOSITION TO ANAELISE CLOONAN'S MOTION OBJECTING TO PORTIONS OF DISCOVERY MASTER'S APRIL 11, 2008 ORDER REGARDING A FURTHER EXAMINATION OF MS. CLOONAN'S COMPUTER AND ZIP DISK

**FILED UNDER SEAL**

**Pages 16 – 25**

**Carter Bryant v. Mattel Inc.**
Case No.: CV 04 – 09049 SGL (RNBx)
Consolidated with Case Nos.
CV 04-9059 and CV 05-2727
Hon. Stephen G. Larson

# EXHIBIT 6

**EXHIBIT TO**:   DECLARATION OF CHRISTIAN DOWELL IN SUPPORT OF ANAELISE CLOONAN'S REPLY TO MATTEL'S OPPOSITION TO ANAELISE CLOONAN'S MOTION OBJECTING TO PORTIONS OF DISCOVERY MASTER'S APRIL 11, 2008 ORDER REGARDING A FURTHER EXAMINATION OF MS. CLOONAN'S COMPUTER AND ZIP DISK

## DECLARATION OF ANAELISE CLOONAN

I, Anaelise Cloonan, hereby declare as follows:

1. I submit this declaration in support of non-parties Margaret Hatch-Leahy's, Elise Cloonan's and Veronica Marlow's opposition to Mattel's Ex Parte Application to (1) Compel Production of Electronic Media from Third-Parties Elise Cloonan, Margaret Hatch-Leahy, and Veronica Marlow or (2) in the Alternative, Modify the Scheduling Order.

2. The Zip disk that had the word "Bratz" hand written on the label, which I produced in this litigation, is my property and was used with my personal computer in my home.

3. It is my practice generally to re-use and recycle Zip disks.   Therefore, Zip disks that are used with my personal computer may contain various types of files and documents, including files and documents that are likely to contain personal matters.

I declare under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct and that this declaration was executed in San Pedro, California.

Dated: January 25, 2008

Anaelise Cloonan

EXHIBIT  6
PAGE  26

**Carter Bryant v. Mattel Inc.**
Case No.: CV 04 – 09049 SGL (RNBx)
Consolidated with Case Nos.
CV 04-9059 and CV 05-2727
Hon. Stephen G. Larson

# EXHIBIT 7

**EXHIBIT TO**: DECLARATION OF CHRISTIAN DOWELL IN SUPPORT OF ANAELISE CLOONAN'S REPLY TO MATTEL'S OPPOSITION TO ANAELISE CLOONAN'S MOTION OBJECTING TO PORTIONS OF DISCOVERY MASTER'S APRIL 11, 2008 ORDER REGARDING A FURTHER EXAMINATION OF MS. CLOONAN'S COMPUTER AND ZIP DISK

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

- - -

HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING

- - -

CARTER BRYANT, ET. AL., )
)
PLAINTIFFS, )
)
VS. ) NO. ED CV 04-09049
) (LEAD LOW NUMBER)
MATTEL, INC., ET. AL., )
)
DEFENDANTS. ) TELEPHONIC
) CONFERENCE
AND CONSOLIDATED ACTIONS, )
)

REPORTER'S TRANSCRIPT OF PROCEEDINGS
RIVERSIDE, CALIFORNIA
THURSDAY, FEBRUARY 28, 2008
10:08 A.M.

THERESA A. LANZA, RPR, CSR
FEDERAL OFFICIAL COURT REPORTER
3470 12TH STREET, RM. 134
RIVERSIDE, CALIFORNIA 92501
951-274-0844
WWW.THERESALANZA.COM

EXHIBIT 7
PAGE 27

APPEARANCES: (TELEPHONICALLY)

ON BEHALF OF CARTER BRYANT:

KEKER & VAN NEST
BY: MATTHEW M. WERDEGAR
BY: MIKE PAGE
710 SANSOME STREET
SAN FRANCISCO, CALIFORNIA 94111-1704
415-391-5400

ON BEHALF OF MATTEL:

QUINN EMANUEL
BY: JON COREY
865 S. FIGUEROA STREET,
10TH FLOOR
LOS ANGELES, CALIFORNIA 90017
213-624-7707

ON BEHALF OF MGA ENTERTAINMENT:

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
BY: THOMAS J. NOLAN
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3144
213-687-5000

EXHIBIT 7
PAGE 28

I N D E X

PAGE

HEARING........................................ 4

EXHIBIT 7
PAGE 29

RIVERSIDE, CALIFORNIA; THURSDAY, FEBRUARY 28, 2008; 10:08 A.M.

-OOO-

THE COURT: GENTLEMEN, GOOD MORNING.

APPEARANCES, PLEASE.

MR. COREY: JON COREY FOR MATTEL.

MR. NOLAN: TOM NOLAN ON BEHALF OF MGA, ISAAC LARIAN.

MR. WERDEGAR: MATTHEW WERDEGAR, MIKE PAGE, ON BEHALF OF CARTER BRYANT.

THE COURT: GOOD MORNING TO YOU ALL.

COUNSEL, THE COURT WAS PREPARING ITS MONDAY CALENDAR, AND I WAS REVIEWING THE MOTION FOR LEAVE TO TAKE ADDITIONAL DISCOVERY ON THE MGA'S DEFENDANTS UNCLEAN HANDS AFFIRMATIVE DEFENSE. AFTER REVIEWING THE MOTION, I RECEIVED MGA'S NOTICE OF WITHDRAWAL OF THE UNCLEAN HANDS AFFIRMATIVE DEFENSE.

THINKING THAT MIGHT RESOLVE OR MAKE ONE LESS THING TO WORRY ABOUT, I THEN RECEIVED THE NOTICE OF NON OPPOSITION BY CARTER BRYANT, FILED BY MATTEL; AND IT WASN'T SO MUCH A NOTICE OF NON OPPOSITION AS IT WAS A NOTICE OF NO OPPOSITION BEING FILED. BUT THEN AGAIN, THE MOTION WAS DIRECTED TOWARDS MGA, SO THAT PROBABLY WASN'T AS REMARKABLE AS I FIRST THOUGHT.

AND THEN, TO COMPLETE THE CIRCLE, I RECEIVED, ACTUALLY JUST THIS MORNING, CARTER BRYANT'S STATEMENT REGARDING MATTEL'S MOTION.

AS I UNDERSTAND IT, MATTEL WANTS SOME DEPOSITIONS TO ADDRESS MGA'S UNCLEAN HANDS DEFENSE, WHICH FROM MATTEL'S

EXHIBIT 7
PAGE 30

PERSPECTIVE HAS BEEN INCORPORATED IN THE CARTER BRYANT'S DEFENSE. ALTHOUGH, FROM CARTER BRYANT'S PERSPECTIVE, THEY HAD A SEPARATE AND INDEPENDENT AFFIRMATIVE DEFENSE OF UNCLEAN HANDS, WHICH WAS NOT A FUNCTION OF INCORPORATING MGA'S DEFENSE, AND, THEREFORE, CARTER BRYANT'S POSITION IS THAT THIS MOTION IS NOT DIRECTED TOWARDS THEM AND THAT IT IS, THEREFORE, MADE MOOT BY MGA'S WITHDRAWAL OF THE AFFIRMATIVE DEFENSE.

MATTEL TAKES THE POSITION THAT IT'S ALL INEXTRICABLY INTERTWINED AND BASICALLY THEIR MOTION IS DIRECTED TOWARDS CARTER BRYANT AS WELL. THAT SEEMS TO BE WHERE I'M AT RIGHT NOW IN TERMS OF JUST TRYING TO UNDERSTAND WHAT'S GOING ON HERE.

BUT PERHAPS ALL THREE PARTIES CAN HELP CLARIFY THE COURT'S UNDERSTANDING OF THEIR POSITIONS AND THEN WE CAN ADDRESS THE MOTION ITSELF.

MR. NOLAN: I'LL GO FIRST.

WE THOUGHT THAT IN MOVING FORWARD AND FILING THE NOTICE OF WITHDRAWAL OF THE UNCLEAN HANDS, WITH RESPECT TO PHASE ONE ISSUES, THAT WE WERE MOOTING THE NEED FOR ADDITIONAL DISCOVERY. IT WAS OUR UNDERSTANDING THAT CARTER BRYANT WAS BASICALLY IN THE SAME POSITION AND, THEREFORE, THIS MATTER WAS MOOT.

WHEN WE SAW THE COURT'S NOTICE REGARDING A TELEPHONIC CONFERENCE, WE CALLED AND SPOKE WITH CARTER BRYANT'S COUNSEL AND THEY CONFIRMED THAT WAS THEIR POSITION AND THEN THEY HAD THEIR FILING LAST NIGHT; SO AS MGA AND ISAAC LARIAN ARE

EXHIBIT 7
PAGE 31

CONCERNED, WE THOUGHT THIS MATTER WAS MOOT AND WOULD BE DEALT WITH IN PHASE TWO.

MR. WERDEGAR: ON BEHALF OF CARTER BRYANT, OUR UNDERSTANDING UP UNTIL WE SAW THIS NOTICE OF NON OPPOSITION FROM MATTEL WAS THE SAME. THIS WAS A MOTION THAT WAS DIRECTED AGAINST MGA AND MGA'S UNCLEAN HANDS DEFENSE, WHICH IS WHY WE DID NOT FILE AN OPPOSITION. IT WASN'T A MOTION THAT WE THOUGHT RELATED TO US.

WHEN WE SAW THE NON OPPOSITION FROM MATTEL, THAT'S WHEN WE ENDEAVORED TO PREPARE THE STATEMENT THAT YOU RECEIVED THIS MORNING, YOUR HONOR.

AND I THINK IT'S CLEAR IN THE STATEMENT, BUT TO BE CLEAR, TO THE EXTENT THAT WE WERE INCORPORATING OR RELYING UPON MGA'S UNCLEAN HANDS DEFENSE, WE'RE NOT ASSERTING THAT IN PHASE ONE. IT'S BEEN WITHDRAWN AS TO PHASE ONE AND IT IS STILL AN ISSUE IN PHASE IT TWO; SO WE DON'T THINK ANY ADDITIONAL DISCOVERY IS APPROPRIATE AT THIS TIME.

WE DO HAVE A SEPARATE AND INDEPENDENT UNCLEAN HANDS DEFENSE RELATED TO PHASE ONE. I DON'T THINK THERE'S ANY DISPUTE WITH MATTEL REGARDING THAT, BUT THAT DOESN'T RELATE TO ANY OF THE FACTS AND CONTENTIONS THAT MATTEL IS CLAIMING IT NEEDS ADDITIONAL DISCOVERY ON; IT RELATES TO SEPARATE FACTS AND CONTENTIONS, AND THE DISCOVERY AS TO THOSE IS COMPLETE.

MR. COREY: LET ME TRY TO CUT THROUGH THIS A LITTLE BIT.

EXHIBIT 7
PAGE 32

MATTEL ACKNOWLEDGES THAT CARTER BRYANT DOES HAVE AN UNCLEAN HANDS DEFENSE THAT HE IS ASSERTING IN PHASE ONE. MATTEL UNDERSTANDS THAT THAT UNCLEAN HANDS DEFENSE IS FAIRLY TAILORED IN SCOPE.

WITH RESPECT TO THE INTERROGATORIES THAT THE COURT PERMITTED MATTEL TO SERVE ASKING FOR FACTUAL BASIS FOR THE AFFIRMATIVE DEFENSES, CARTER BRYANT'S RESPONSE TO THAT INTERROGATORY WITH RESPECT TO HIS UNCLEAN HANDS DEFENSE CONTAINED A NUMBER OF FACTUAL ALLEGATIONS, ALMOST 20 PAGES OF FACTUAL ALLEGATIONS, THAT PARROTED BACK THE UNCLEAN HANDS DEFENSE THAT WAS BEING ASSERTED BY MGA. AND TO THE EXTENT THAT CARTER BRYANT WAS PROCEEDING IN PHASE ONE WITH THAT TYPE OF UNCLEAN HANDS DEFENSE, THAT VERY BROAD SCOPE, THEN MATTEL THOUGHT IT WAS ENTITLED TO TAKE DISCOVERY FROM MGA WHO HAS THE FACTUAL INFORMATION RELATED TO THAT.

THE COURT: BUT NOW THAT YOU KNOW THEY ARE NOT, IS THIS MOOT NOW?

MR. COREY: WELL, I THINK THE WAY TO DEAL WITH THAT -- AND THIS GOES TO THE LETTER THAT WAS ATTACHED TO MR. WERDEGAR'S DECLARATION --

THE COURT: RIGHT. I SAW THAT LETTER. THE LAST PARAGRAPH OF THAT LETTER SEEMS TO SPELL OUT, WITH REFERENCE TO THE INTERROGATORY ITSELF, THE SCOPE OF THE CARTER BRYANT UNCLEAN HANDS DEFENSE.

MR. COREY: AND I THINK WITH THE REPRESENTATION ON

EXHIBIT 7
PAGE 33

THE RECORD BY COUNSEL FOR MR. BRYANT THAT THEY ARE NOT RELYING ON THE PORTIONS OF THAT INTERROGATORY THAT WAS AT PAGE 8, LINE FIVE THROUGH PAGE 28, LINE SEVEN, AND ONE ADDITIONAL SENTENCE THAT I SPOKE TO MR. WERDEGAR ABOUT THIS MORNING, THAT'S THE SENTENCE STARTING ON PAGE 4, LINE FOUR, THAT THOSE ARE NOT GOING TO BE ASSERTED IN PHASE ONE, THE MOTION DOES BECOME MOOT.

MR. WERDEGAR: WE AGREE, YOUR HONOR; THAT WAS THE INTENT OF THE LETTER WHICH WE STAND BEHIND AND WE AGREE THE MOTION SHOULD BE MOOT AT THIS POINT.

THE COURT: VERY WELL.

I WILL VACATE THE HEARING FOR MONDAY. AND BASED ON YOUR REPRESENTATION SET FORTH IN THE LETTER ATTACHED, THE LETTER DATED FEBRUARY 27TH TO MR. PROCTOR FROM MR. WERDEGAR, THE MOTION IS MOOT AND THE HEARING IS VACATED.

MR. COREY: THANK YOU, YOUR HONOR.

THE COURT: ANYTHING ELSE AT THIS TIME?

MR. NOLAN: YOUR HONOR, WE RECEIVED JUST ABOUT TEN MINUTES BEFORE THE HEARING THE ORDER THAT THE COURT SIGNED WITH RESPECT TO THE ORDER REGARDING HARD DRIVES.

THE COURT: YES.

MR. NOLAN: MAY I JUST FOR A MOMENT, YOUR HONOR, RAISE AN ISSUE.

FIRST OF ALL, WE RECEIVED THE COURT'S MINUTE ORDER LAST EVENING AND DID NOT RECEIVE A COPY THIS ORDER UNTIL THIS

EXHIBIT 7
PAGE 34

MORNING. WE STARTED TO ENDEAVOR LAST NIGHT TO CONSIDER MUTUAL EXPERTS TO TAKE A LOOK AT THIS.

WHEN WE RECEIVED THE ORDER SIGNED IN THE FORMAT THAT MATTEL SUBMITTED IT, THIS GOES WAY BEYOND THE RELIEF THAT THEY WERE SEEKING IN THEIR PAPERS AND, IN PARTICULAR, THEIR REPLY PAPERS.

THE ROOM FOR CONCERN HERE, YOUR HONOR -- AND IT'S A VERY SERIOUS CONCERN ON OUR PART -- IS THAT A LITERAL INTERPRETATION OF THIS ORDER WOULD SUGGEST THAT MATTEL CAN MAKE A FORENSIC COPY OF ANY HARD DISK DRIVE OR, FRANKLY, ANY MEMORY DEVICE THAT ISAAC LARIAN MAY HAVE USED DURING THE PERIOD OF 1999 TO THE CURRENT TIME AND, BY SO DOING, GET ACCESS TO ALL OF THIS INFORMATION ON HIS COMPUTER HARD DRIVE, INCLUDING BUT NOT LIMITED TO -- OBVIOUSLY THE MOST IMPORTANT ONE IS ANY ATTORNEY-CLIENT PRIVILEGED MATERIAL, BECAUSE A FORENSIC COPY WOULD SIMPLY JUST COPY EVERYTHING THAT'S ON IT. THERE IS ALSO FINANCIAL INFORMATION INVOLVING HIS OWN PERSONAL ASSETS, HIS CHILDREN'S ASSETS; SO THIS ORDER IS SO BROAD.

WHAT WE WERE GOING TO DO TODAY, IF WE HADN'T RECEIVED THE SIGNED ORDER A FEW MINUTES AGO, WAS TO ASK THE COURT IF WE COULD SUBMIT AN ORDER WHICH WE THINK TAILORS WHAT IS NECESSARY HERE IN ORDER TO PREVENT MATTEL HAVING ACCESS TO ALL OF ISAAC LARIAN'S MATERIALS ON HIS COMPUTER WITHOUT THE ABILITY TO OBJECT ON THE BASIS OF, AS I SAID, ATTORNEY-CLIENT PRIVILEGE. IN THE ORDER PROPOSED BY MATTEL, IT WAS JUST OVERBROAD.

EXHIBIT 7
PAGE 35

THE COURT: MR. NOLAN, I CERTAINLY UNDERSTAND THE CONCERN. THIS WHOLE ISSUE WITH THE HARD DRIVES UNDERSCORES THE IMPORTANCE, PARTICULARLY IN LIGHT OF WHERE THE FEDERAL RULES OF CIVIL PROCEDURE ARE NOW ON ELECTRONIC DISCOVERY, ABOUT ONCE LITIGATION HAS COMMENCED OR IS ANTICIPATED, THAT HARD DRIVES DO NOT GET ERASED, PARTICULARLY IN PRINCIPALS LIKE MR. LARIAN.

PUTTING THAT ASIDE, I MEAN, THAT'S A PRIMARY CONCERN.

A SECONDARY CONCERN, OF COURSE, IS WHAT YOU'RE RAISING HERE, AND I WOULD CERTAINLY ANTICIPATE THAT SOME KIND OF PROTECTIVE ORDER COULD BE DRAFTED OR DRAWN UP WHICH WOULD, IN A FIRST INSTANCE, LIMIT REVIEW OF THE HARD DRIVES TO WHATEVER EXPERTS OR WHATEVER FORENSIC COMPUTER SPECIALIST IS GOING TO BE REVIEWING THESE HARD DRIVES TO DETERMINE WHAT, IF ANYTHING, WAS DELETED THAT'S RELEVANT, AND ALL OF THAT.

MR. NOLAN: RIGHT.

THE COURT: I CERTAINLY UNDERSTAND THE CONCERNS AND THE PRIVACY CONCERNS OF MR. LARIAN AND HIS CHILDREN, AND I SUSPECT THAT WOULD BE SOMETHING THAT MR. COREY AND MR. QUINN WOULD BE WILLING TO DISCUSS WITH YOU. I WOULD HOPE THAT YOU COULD WORK THAT OUT AMONG YOURSELF.

IF YOU NEED TO SEEK RELIEF FROM THE COURT, I WOULD CERTAINLY GIVE YOU LEAVE TO DO SO, BUT NOT BEFORE YOU'VE TRIED TO WORK THIS OUT.

MR. NOLAN: RIGHT.

THE COURT: I UNDERSTAND YOUR CONCERNS. TO ME, THEY

EXHIBIT I
PAGE 36

ARE NOT SUFFICIENT, GIVEN WHERE WE ARE ON THIS, GIVEN WHAT THE RULES ARE ON THIS AND NOT HAVING THE EVIDENCE REVIEWED. BUT CERTAINLY WE NEED TO INSTALL CERTAIN PROPHYLACTIC MEASURES THAT PREVENT THAT TYPE OF INFORMATION FROM GETTING OUT, EVEN TO THE ATTORNEYS, NOT TO MENTION THE PARTIES IN THIS CASE, UNLESS AND UNTIL IT IS DETERMINED THAT THIS REALLY IS EVIDENCE THAT'S GOING TO BE USED IN THE MOTION OR IN THE TRIAL.

MR. NOLAN: RIGHT.

YOUR HONOR, EVEN MATTEL IN ITS REPLY PAPERS, SUGGESTED THAT A SO-CALLED NEUTRAL --

THE COURT: RIGHT.

MR. COREY: WE'RE MORE THAN HAPPY TO DISCUSS THAT WITH MR. NOLAN AND COME UP WITH A PROTOCOL.

THE COURT: A PROTOCOL NEEDS TO COME UP. I WILL TAKE RESPONSIBILITY FOR THAT. I SHOULD HAVE LOOKED MORE CAREFULLY AND CONSIDERED MORE CAREFULLY THAT DIMENSION OF THE ORDER BEFORE ISSUING IT OR MADE IT CLEAR THAT I WANTED TO HAVE THAT INCLUDED. SO PLEASE DO THAT. THAT WAS CERTAINLY THE INTENTION OF THE COURT TO HAVE THAT TYPE OF PROTOCOL ESTABLISHED. PERHAPS I JUST ASSUMED THAT WAS IN PLACE BETWEEN THE PARTIES, BUT I SHOULDN'T MAKE THAT KIND OF ASSUMPTION, OF COURSE, IN A MATTER OF THIS NATURE.

I'LL LEAVE IT TO YOU IN THE FIRST INSTANCE TO TRY TO WORK THAT OUT. IF THERE'S ANY DISPUTE OVER THAT PROTOCOL, LET ME KNOW.

MR. NOLAN: YOUR HONOR, MAY I JUST ASK AND INQUIRE ABOUT THIS:

WE'LL MEET AND CONFER WITH MR. COREY AND MAYBE WE WON'T HAVE ANY PROBLEM. BUT IF WE DO, JUST FOR PROTECTION PURPOSES, JUST SUBMIT A PROTECTIVE ORDER FOR THE COURT'S SIGNATURE? OR DO YOU WANT US TO GO TO JUDGE INFANTE?

THE COURT: YES. I WANT THAT TO COME TO ME.

MR. NOLAN: RIGHT. AND WE CAN ALSO DISCUSS WITH MR. COREY THE APPOINTMENT OF A NEUTRAL -- IF THAT'S THE CASE, YOUR HONOR, I'M WONDERING WHETHER OR NOT IT WOULD BE APPROPRIATE -- AND WE'LL MOVE QUICKLY. I'LL REPRESENT WE'LL START THE MEET AND CONFER IMMEDIATELY WITH MR. COREY. WHEN I SAY IMMEDIATELY, AFTER THIS PHONE CALL.

DOES THE COURT MIND CONSIDERING WITHDRAWING THE ORDER THAT HAS BEEN PRESENTLY SIGNED?

BECAUSE THE SIGNING OF THAT ORDER DOES START CERTAIN TIME CONSIDERATIONS FOR COMING BACK TO YOU; YOU SAID YOU WOULD GRANT US LEAVE TO COME BACK TO YOU. WE HAVE YOUR MINUTE ORDER. WE KNOW WHAT THE INTENT OF THE COURT IS. MAYBE WHAT WE COULD DO IS COME TOGETHER WITH A STIPULATED ORDER AND HAVE THIS REPLACED.

THE COURT: I'M NOT GOING TO DISTURB THE ORDER, MR. NOLAN, BUT I WILL GIVE YOU LEAVE TO NEGOTIATE THIS PROTOCOL, AND I WILL GIVE YOU EXPRESSED LEAVE AND I'LL SET FORTH IN THE MINUTE ORDER FROM THIS CONFERENCE HERE THAT IF

EXHIBIT 7
PAGE 38

YOU'RE UNABLE TO RESOLVE THIS TO YOUR SATISFACTION, I WILL GIVE YOU LEAVE TO FILE A MOTION FOR RECONSIDERATION.

I'M CERTAINLY NOT INVITING THAT OR ENCOURAGING THAT, BECAUSE I HAVE CAREFULLY CONSIDERED THE VARIOUS ISSUES IN TERMS OF, AS I INDICATED, WHAT I REFERRED TO AS THE PRIMARY ISSUE. I'M CONVINCED THESE HARD DRIVES NEED TO BE EXAMINED, SPECIFICALLY IN THE PROTOCOL IN TERMS OF HOW THAT PROCESS TAKES PLACE.

MR. NOLAN: RIGHT. I WASN'T TRYING TO BACK DOOR THE RECONSIDERATION MOTION ON THE ACTUAL ISSUE ITSELF, BUT MORE THAT THERE'S NOTHING IN THE COURT'S ORDER THAT WAS INTENDED TO SUGGEST THAT MATTEL COULD HAVE ACCESS --

THE COURT: UNFETTERED ACCESS; NO, OF COURSE NOT.

MR. NOLAN: RIGHT. OKAY. GREAT.

I APPRECIATE THAT, YOUR HONOR. WE'LL WORK IT OUT WITH THEM. HOPEFULLY WE WON'T HAVE TO BRING IT BACK TO YOU.

THE COURT: VERY WELL.

MR. COREY, IS THERE ANYTHING FURTHER FROM YOU ON THAT POINT?

MR. COREY: NO. I'M HAPPY TO HAVE THAT DISCUSSION WITH MR. NOLAN. I DON'T KNOW THAT WE'RE GOING TO AGREE THAT A NEUTRAL EXPERT IS SOMEONE WHO BECOMES APPOINTED, BUT I THINK WE WILL BE ABLE TO DEAL WITH THE PRIVILEGE AND PRIVACY ISSUES.

THE COURT: LET THE COURT KNOW IF THE COURT CAN BE OF SERVICE. I WANT TO GET THIS RESOLVED AS SOON AS POSSIBLE,

EXHIBIT 7
PAGE 39

BECAUSE I KNOW THAT WE'VE GOT LOTS OF OTHER THINGS TO BE WORKING ON.

MR. NOLAN: RIGHT.

I'M JUST TALKING ABOUT THEIR OWN REQUEST TO YOU AND THEIR REPLY PAPERS THAT A NEUTRAL EXPERT SHOULD BE APPOINTED.

THE COURT: I'M NOT EXPRESSING AN OPINION ON THAT AT THIS POINT.

MR. NOLAN: VERY WELL.

THE COURT: I WILL MAKE MYSELF AVAILABLE IF YOU CANNOT AGREE.

MR. NOLAN: ALL RIGHT. THANK YOU.

THE COURT: ANYTHING FURTHER FROM CARTER BRYANT?

MR. WERDEGAR: NO, YOUR HONOR.

MR. NOLAN: THANK YOU VERY MUCH.

MR. COREY: THANK YOU, YOUR HONOR.

THE COURT: GOOD DAY.

CERTIFICATE

I HEREBY CERTIFY THAT PURSUANT TO SECTION 753, TITLE 28, UNITED STATES CODE, THE FOREGOING IS A TRUE AND CORRECT TRANSCRIPT OF THE STENOGRAPHICALLY RECORDED PROCEEDINGS HELD IN THE ABOVE-ENTITLED MATTER AND THAT THE TRANSCRIPT PAGE FORMAT IS IN CONFORMANCE WITH THE REGULATIONS OF THE JUDICIAL CONFERENCE OF THE UNITED STATES.

____________________________ ________________

THERESA A. LANZA, CSR, RPR DATE

FEDERAL OFFICIAL COURT REPORTER