QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with Case No. CV 04-09059 and Case No. CV 05-02727 |
| vs. | |
| MATTEL, INC., a Delaware corporation, | Hon. Stephen G. Larson |
| Defendant. | MATTEL, INC.'S REPLY MEMORANDUM IN SUPPORT OF MOTION IN LIMINE NO. 14 TO EXCLUDE EVIDENCE AND ARGUMENT RELATED TO CERTAIN DISCOVERY MATTERS |
| AND CONSOLIDATED ACTIONS | [Declaration of Randa Osman filed concurrently] |
| | Date:  May 21, 2008 Time: 1:00 p.m. Place: Courtroom 1 |
| | **Phase 1** Pre-Trial Conference:     May 19, 2008 Trial Date:                      May 27, 2008 |

## MEMORANDUM OF POINTS AND AUTHORITIES

### Preliminary Statement

Defendants argue that the Court should not issue a blanket order precluding evidence concerning discovery issues because they may turn out to be relevant.  Defendants fail, however, to link the discovery disputes set forth in Mattel's moving papers to the merits of this case.

First, defendants falsely accuse Mattel of taking a "lax approach to document production" and contend this supports their laches defense.  Defendants' factual assertion is ludicrous in light of the scope of document production in this case and their own discovery abuses and delays.  More to the point, even if one were to assume that Mattel did supposedly delay in producing documents after the action had been filed, it simply does not follow that Mattel must have therefore improperly delayed before bringing suit.  Defendants' argument is a non-sequitur.

Second, defendants argue that Mattel's allegedly "meager production" is relevant to show that they suffered evidentiary prejudice.  However, if this were in fact the case, defendants' remedy was to file motions to compel (which they did) and/or for evidentiary or other sanctions (which they did).  Having failed to obtain all the relief they hoped for before the Discovery Master and the Court, defendants now seek a second bite at the apple by re-trying discovery matters to the jury.  That is improper.

Third, defendants assert without any support that Mattel propounded too much discovery and filed too many motions, and that this suggests Mattel uses litigation as a weapon against competitors.  Again, there is no evidence linking one alleged fact to the other.  Nor does defendants' contention have any factual foundation.  Mattel would not have had to file so many motion had defendants voluntarily complied with their discovery obligations.  They did not.  Instead, MGA produced less than 10,000 of its 4,021,345 pages of documents prior to Mattel's filing

1  of motions to compel with Judge Infante in 2007 -- the balance of the 4 million were
2  court-ordered.

3  Rather than make an argument for admissibility, Defendants' Opposition
4  demonstrates why evidence of routine discovery disputes should be excluded.  If
5  defendants' are allowed to argue that Mattel employed a "lax approach" to document
6  production or other discovery or filed too many motions, Mattel will be forced to call
7  countless witnesses to describe the thousands of discovery requests propounded by
8  defendants, the efforts Mattel took to search for responsive information or documents
9  and the reasons why Mattel did or did not produce documents or other discovery, and
10  to detail MGA's obstructionism chapter and verse.  This would create a discovery side
11  show of such magnitude that it would threaten to usurp the trial itself.  Rule 403 was
12  adopted to prevent just this kind of spectacle.

13

14  **Argument**
15  I.  **DEFENDANTS CANNOT SHOW THAT THE DISCOVERY DISPUTES**
16  **AT ISSUE HERE ARE RELEVANT TO THE MATTERS TO BE TRIED**
17  **IN PHASE I**
18  Defendants do not dispute that discovery disputes are not admissible if
19  they are not relevant to the issues to be tried.  There is no relevance to the evidence of
20  discovery disputes at issue here.
21  A.  **Mattel's Speed in Producing Documents Does Not Support**
22  **Defendants' Laches Defense**
23  Defendants contend that Mattel's claim for copyright infringement is
24  barred by laches on the grounds that Mattel took a "lax approach to document
25  production."  (Opp. at 3:10-11).  That contention fails because it begins from a false
26  premise that Mattel improperly delayed in producing documents, and assumes that
27  defendants did not so delay.  The facts tell a different story:  Mattel had produced a
28  greater number of documents and a higher percentage of its total eventual production

1   at least through June 2007.  (Declaration of Randa Osman dated May 8, 2008

2   ("Osman Decl.") ¶ 2.)  As of March 2007, MGA had so successfully obstructed

3   matters that it had produced less than 10,000 pages of documents.  (<u>Id</u>.)  Hence, 99%

4   of MGA's production was court-ordered and came only recently.  MGA was "behind"

5   Mattel's production until MGA lost motions to compel documents it had withheld for

6   years.  (<u>Id</u>.) Any evidence of <u>Mattel's</u> supposed delay would be inherently misleading

7   and cause needless delay and confusion.

8           Moreover, defendants have failed to show that any alleged delay in

9   producing documents relates to the merits of the issues to be tried.  Even if Mattel

10  had delayed in producing documents after the litigation was initiated, that does not

11  even tend to show that Mattel also improperly delayed in filing the lawsuit to begin

12  with.  Because Mattel has already brought this lawsuit by the time defendants

13  propounded discovery, its conduct by definition could not constitute laches.  There is

14  simply no probative value in this evidence.

15      **B.**     <u>**The Amount of Discovery Propounded By Mattel or The Number of**</u>

16              <u>**Discovery Motions It Filed Is Not Relevant**</u>

17          Defendants also contend that evidence of the volume of discovery

18  propounded by Mattel and the number of discovery disputes it lost is relevant to show

19  "Mattel's approach to litigation as a weapon against its competition."  (Opp. at 3:18-

20  19.)

21          Once again, there is no logical nexus between the volume of discovery

22  propounded or the number of discovery dispute and defendants' claimed basis for

23  relevance.  That Mattel propounded more discovery requests than defendants would

24  have liked is more probative of the number and complexity of the issues involved in

25  this litigation -- and defendants' own obstructionist practices in responding to

26  discovery -- than of any effort by Mattel to drive its competitors out of business.  In

27  fact, the Court <u>granted</u>, in whole or in part, the vast majority of the discovery motions

28  Mattel was forced to bring against MGA and Bryant.  (Osman Decl. ¶ 3.)  And, it was

only Mattel's diligence in discovery that forced MGA to reveal damning evidence, such as its years-long use of Mattel employees other than Bryant to work on Bratz -- a fact revealed for the first time only four months ago.  In any case, the number of motions filed and amount of discovery served by Mattel has no proper place at trial.[1]

## C.   Evidence of the Size of Mattel's Production Is Not Admissible to Show That Defendants Allegedly Suffered Evidentiary Prejudice

Defendants argue that they should be permitted to introduce evidence of Mattel's purported "meager" document production in order to demonstrate the alleged evidentiary privilege defendants purportedly suffered.  Not so.  To the extent that MGA took issue with the size of Mattel's document production, it was required to follow the procedures for enforcing discovery, which it did in fact do on numerous occasions.  It is not entitled, as it now attempts, to get a second bite at the apple by relitigating its discovery disputes to the jury.  See, e.g., Waters v. Genesis Health Ventures, Inc., 400 F. Supp. 2d 814, 818 (E.D. Pa. 2005) (granting motion in limine to exclude evidence of discovery disputes and cautioning the parties that "[a]rguments by either side about the completeness of the production of documents will not be tolerated"); Blue Cross and Blue Shield of New Jersey, Inc. v. Philip Morris, Inc., 2000 WL 1805359 at *2  (E.D.N.Y. 2000) (granting motion in limine to exclude evidence of discovery disputes); Falise v. American, 2000 WL 1010982 at *1 (E. & S.D.N.Y. 2000) (same).

---

[1]   To the extent defendants argue that the number of discovery requests and/or discovery motions brought by Mattel demonstrates that Mattel filed this action to improperly drive MGA out of business, this issue is also addressed in Mattel's Motion in Limine No. 2, concerning the admissibility of evidence of motive in bringing suit.  To the extent Defendants argue that Mattel's conduct in discovery purportedly amounts to "other bad acts," this is also addressed in Mattel's Motion in Limine No. 5.

**D.      Even if Mattel Delayed in Discovery And That Was Somehow Probative of Defendants' Laches Defense, Laches Is An Equitable Defense Which Will Be Tried To The Court**

As recognized by the Court, laches is an equitable defense to be tried to the Court, not the jury, and the Court has deferred ruling on summary judgment as to this affirmative defense until after trial.[2]  Therefore, even if defendants' relevance argument had merit, the evidence at issue is not probative of any jury issue and should not be admitted.

**II.      EVIDENCE OF THE SIZE OR VOLUME OF DISCOVERY WOULD BE UNDULY PREJUDICIAL, CONFUSING AND WASTE NEEDLESS TIME**

Defendants erroneously argue that Mattel would not suffer "unfair" prejudice if evidence of discovery matters and disputes were introduced at trial. Defendants are simply wrong.  Such evidence would be unfairly prejudicial to Mattel because defendants -- as part of their trial plan to attack and disparage Mattel on irrelevant issues -- intend to introduce such evidence solely to sway the jury's emotions and prejudices by portraying Mattel in a negative light.

Moreover, admission of such evidence would turn the trial into a sideshow.  Once attacked for its alleged discovery abuses, Mattel would be forced to defend each of the steps it took in propounding and responding to discovery over the four years this action has been pending, and point to defendants' own abuses.  Mattel would prevail in showing defendants' obstructionism because MGA produced less

_____

[2]   See Declaration of Tamar Buchakjian In Support of Mattel, Inc.'s Oppositions to the MGA Parties' Motions In Limine Nos. 1-14, dated April 28, 2008, Ex. 78 (April 25, (footnote continued)

1  than 10,000 of its 4,021,345 pages of documents prior to Mattel's filing of motions to

2  compel with Judge Infante in 2007 and the Court granted, in whole or in part, the vast

3  majority of the discovery motions Mattel was forced to bring against MGA and

4  Bryant.  (Osman Decl. ¶¶ 2-3.)  But as defendants would undoubtedly like to see

5  happen, the trial would no longer be about ownership of Bratz or MGA's attempts to

6  aid and abet Bryant in breaching his duties and agreements with Mattel, but would

7  instead turn into a hearing on the appropriateness of each side's discovery requests

8  and responses.  Given the amount of discovery propounded by all parties, such an

9  exercise would waste a significant amount of time and resources.

10  Moreover, saturating the trial with testimony and documents concerning

11  years of discovery and discovery disputes would confuse and mislead the jury.  The

12  jury would understandably be confused as to what it really at issue, and what it is

13  supposed to adjudicate.  None of this is necessary or called for.  Rule 403 precludes

14  the evidence at issue.

15

16  <u>**Conclusion**</u>

17  For all the foregoing reasons, Mattel respectfully requests that the Court

18  grant motion in limine no. 14 in all respects.

19

20  DATED:  May 8, 2008          QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

21

22                               By___/s/ John B. Quinn_____

23                                  John B. Quinn
                                    Attorneys for Mattel, Inc.

24

25

26  _____

27  2008 Order) at 7.  The Court's finding is well supported by case law.  <u>See</u> Reply in Support of Motion in Limine No. 4 at Section I.

28