1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   John B. Quinn (Bar No. 090378)
2  (johnquinn@quinnemanuel.com)
   Michael T. Zeller (Bar No. 196417)
3  (michaelzeller@quinnemanuel.com)
   Jon D. Corey (Bar No. 185066)
4  (joncorey@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
6  Facsimile: (213) 443-3100

7  Attorneys for Mattel, Inc.

8              UNITED STATES DISTRICT COURT

9             CENTRAL DISTRICT OF CALIFORNIA

10                  EASTERN DIVISION

11 | CARTER BRYANT, an individual,      | CASE NO. CV 04-9049 SGL (RNBx)

12 |           Plaintiff,               | Consolidated with
                                          Case No. CV 04-09059
13 |     vs.                            | Case No. CV 05-02727

14 | MATTEL, INC., a Delaware           | Hon. Stephen G. Larson
   | corporation,
15 |                                    | REPLY IN SUPPORT OF MATTEL,
   |           Defendant.               | INC.'S MOTION *IN LIMINE* NO. 2 TO
16 |                                    | EXCLUDE EVIDENCE, ARGUMENT
                                          OR REFERENCE TO MATTEL'S
17 | AND CONSOLIDATED ACTIONS           | ALLEGED MOTIVE IN FILING SUIT,
                                          OR RE CONSEQUENCES THEREOF;
18 |                                    | AND MEMORANDUM OF POINTS
                                          AND AUTHORITIES

19                                      | [Supplemental Declarations of Jon D.
20                                        Corey and B. Dylan Proctor filed
                                          concurrently herewith]
21
                                        | Date:  May 21, 2008
22                                        Time:  1:00 p.m.
                                          Place: Courtroom 1
23
                                        | Phase 1
24                                        Pre-trial Conference:    May 19, 2008
                                          Trial Date:             May 27, 2008
25

26

27

28

# **TABLE OF CONTENTS**

**Page**

MEMORANDUM OF POINT AND AUTHORITIES ................................................. 1

PRELIMINARY STATEMENT ................................................................. 1

ARGUMENT ........................................................................................... 2

I.   EVIDENCE OF MATTEL'S MOTIVE IN FILING SUIT IS NOT RELEVANT TO MGA'S AFFIRMATIVE DEFENSES ................................. 2

  A.   None of MGA's Or Bryant's Equitable Defenses Will Be Tried To The Jury ......................................................................... 2

  B.   In Any Event, Motive in Filing Suit Is Not Relevant To Any Defense ............................................................................. 3

    1.   Statute Of Limitations Defense .................................... 3

    2.   Estoppel and Laches ..................................................... 3

    3.   Abandonment, Consent and Acquiescence .................... 4

    4.   Mitigation And Apportionment ..................................... 5

II.  MGA'S OPPOSITION FAILS TO CITE TO ANY AUTHORITY HOLDING THAT A PARTY'S MOTIVE IN FILING SUIT IS ADMISSIBLE AT TRIAL ................................................................... 5

  A.   MGA Misconstrues Mattel's Legal Authority ........................... 5

  B.   MGA's Authority Fails to Support Its Contention That A Party's Motives In Bringing Suit Are Admissible At Trial ................. 7

III. MGA FAILED TO DISPUTE THAT EVIDENCE OF ALLEGED CONSEQUENCES IF MATTEL PREVAILS IS NOT RELEVANT ............. 9

IV.  IN ADDITION TO BEING IRRELEVANT, MGA'S PURPORTED MOTIVE EVIDENCE WILL ALSO UNFAIRLY PREJUDICE MATTEL, CAUSE UNDUE CONFUSION AND DELAY .............................. 9

  A.   MGA's Opposition Demonstrates The Prejudice To Mattel If Evidence of Motive Is Allowed .............................................. 9

  B.   The Purported Evidence Of Motive Is Also Prejudicial Because It Would Confuse The Jury And Waste A Tremendous Amount Of Time. ................................................................. 11

CONCLUSION ...................................................................................... 11

1

# TABLE OF AUTHORITIES

2

**Page**

3

## Cases

4

<u>Honda Motor Co., Ltd. v. Oberg</u>,
5     512 U.S. 415, 114 S. Ct. 2331 (1994) ............................................................. 10

6   <u>Dickerman v. Northern Trust Co.</u>,
      176 U.S. 181 (1900) ......................................................................................... 6
7
    <u>Higgins v. Shenango Pottery Co.</u>,
8     99 F. Supp. 522 (D.C. Pa. 1951) ............................................................. 5, 6, 7

9   <u>Jackson v. Firestone Tire & Rubber Co.</u>,
      788 F.2d 1070 (5th Cir. 1986) ........................................................................ 10
10
    <u>Jarrow Formulas, Inc. v. Nutrition Now, Inc.</u>,
11    304 F.3d 829 (9th Cir. 2002) ............................................................................ 3

12  <u>Kling v. Hallmark Cards Inc.</u>,
      225 F.3d 1030 (9th Cir. 2000) .......................................................................... 3
13
    <u>Memry Corporation v. Kentucky Oil Technology, N.V.</u>,
14    2007 WL 4208317 (N.D. Cal.) .......................................................................... 8

15  <u>Rondor Music International Inc. v. TVT Records LLC</u>,
      2006 WL 5105272 (C.D. Cal. 2006) ................................................................. 8
16
    <u>Staley v. Bridgestone/Firestone, Inc.</u>,
17    106 F.3d 1504 (10th Cir. 1997) ....................................................................... 10

18  <u>Vernon J. Rockefeller & Co., Inc. v. Minneapolis Shareholders Co.</u>,
      69 F.R.D. 1 (D. Minn. 1975) ............................................................................ 7
19

20                                      ## Statutes

21  <u>Federal  Rule of Evidence</u> 403 ................................................................................ 1

22
                                  ## Other Authorities
23
    Paul Goldstein, <u>Goldstein on Copyright</u> § 11.3 (3d ed. 1997) .................................... 4
24

25

26

27

28

# MEMORANDUM OF POINT AND AUTHORITIES

## Preliminary Statement

MGA asserts that Mattel's motive for filing suit is relevant to its affirmative defenses. But nowhere in its opposition does MGA explain why motive to sue has any tendency to prove any defense. If a lawsuit lacks merit, it does not matter whether the subjective intent of the plaintiff in filing the action was beneficent, indifferent or malevolent. The converse is also true. MGA's statute of limitation defense proves the point. The issue is when Mattel knew or should have known that it had a claim. "Notice" commences the statute running; not motive. Indeed, why Mattel later filed suit cannot change the date the limitation period commenced nor the date the lawsuit was filed. The limitation period does not expand or contract  based on the intentions and motivations of the plaintiff.

Not only does motive for filing suit have nothing to do with any defense, MGA's assertions of admissibility fail for independent reasons. The equitable defenses -- such as laches and estoppel -- will not be tried to the jury at all. The damages defenses -- mitigation and apportionment -- will not be tried in Phase 1a. And the abandonment defenses -- abandonment, consent, acquiescence -- are all based on the principle that a plaintiff did something to relinquish its rights. Nowhere in the opposition is there any authority or explanation that would support an argument that filing suit with bad intentions proves an abandonment of copyright.

MGA's Opposition also confirms the prejudicial effect that evidence of motive in filing suit would have. MGA's Opposition is replete with hyperbole about what Mattel was "really" doing when it tried to improve Barbie sales.  MGA would try to persuade the jury that efforts to increase Barbie sales were blunt "arrows" to "kill" a competitor. Such illogical inferences and hyperbole about irrelevant evidence will inflame jurors' emotions against large corporations. The issue will become a prolonged side show wholly separate from ownership of Bratz. Federal

1    Rule of Evidence 403 protects the judicial system from just this type of prejudice,

2    confusion and waste of time.

3

4                                    **Argument**

5    I.     **EVIDENCE OF MATTEL'S MOTIVE IN FILING SUIT IS NOT**

6           **RELEVANT TO MGA'S AFFIRMATIVE DEFENSES**

7           MGA argues -- despite the authority in Mattel's moving papers that a

8    party's motive in bringing suit is not admissible at trial -- that MGA's motive is

9    relevant to MGA's affirmative defenses.  But nowhere in its opposition does MGA

10   identify any element of any of its defenses that would be proved by Mattel's motive.

11   The closest MGA comes is to point out that some courts have suggested it may be

12   relevant to laches or estoppel.  But even if that were true, equitable defenses are

13   tried to the court.  MGA's argument confirms that there is no reason to present such

14   evidence to the jury

15         A.     **None of MGA's Or Bryant's Equitable Defenses Will Be Tried To**

16                **The Jury**

17         It is hornbook law that equitable defenses such as laches, consent,

18   acquiescence, and unclean hands are tried to the court, and not to the jury.  Indeed,

19   this Court has already determined that a ruling on all equitable defenses will be

20   deferred until after the Phase 1 trial.[1]  Because the jury is not deciding any equitable

21   issue, MGA has failed to show any relevance for evidence of motive in filing this

22   suit.

23

24

25

26   _____

[1]  Declaration of Tamar Buchakjian In Support of Mattel, Inc.'s Oppositions to the

27   MGA Parties' Motions In Limine Nos. 1-14, dated April 28, 2008 ("Buchakjian
     Dec."), Exh. 78 [April 25, 2008 Order].

28

B. **In Any Event, Motive in Filing Suit Is Not Relevant To Any Defense**

    1. **Statute Of Limitations Defense**

When the statute of limitations began to run has nothing to do with why Mattel filed suit. MGA asserts, without discussion or argument, that evidence of Mattel's motive in filing suit is relevant to the statute of limitations defense. (Opp., at 1.) It is impossible to understand why. To determine if Mattel filed suit within the limitations period, the jury must decide when Mattel knew or should have known it had a claim. <u>When</u> Mattel filed suit is not in dispute — and even if it were, <u>why</u> Mattel filed suit is not the issue.

    2. **Estoppel and Laches**

To prove laches, MGA must show that Mattel unreasonably delayed in filing suit, and that MGA was prejudiced. <u>See, e.g.</u>, <u>Kling v. Hallmark Cards Inc.</u>, 225 F.3d 1030, 1036 (9th Cir. 2000). Notably, because Mattel filed suit within the time permitted by the statute of limitations, there is a strong presumption against the laches defense. <u>Jarrow Formulas, Inc. v. Nutrition Now, Inc.</u>, 304 F.3d 829, 835-36 (9th Cir. 2002).

Motive has no real connection to either delay or prejudice. "Prejudice" to MGA has nothing to do with Mattel. MGA either did or did not suffer prejudice regardless of Mattel's motive for filing suit. As to "unreasonable delay," that element pertains to length of time. It had nothing to do with Mattel's financial condition. Delay does not become "unreasonable" because a company had to lay off employees; because BARBIE and other Mattel products were not performing well; or because Mattel was taking urgent steps to improve its product packaging and marketing to more effectively compete in the marketplace. Even if all these allegations were true, MGA nowhere provides any explanation how these facts would logically prove "unreasonable delay." All it shows is that Mattel was attempting to compete with MGA in the marketplace.

-3-

1        MGA also contends that Mattel should be estopped from asserting its
2 claims because MGA devoted significant resources into developing and marketing
3 Bratz "in reliance on Mattel's deliberate failure to immediately assert its claims."
4 (Opp., at p. 4.) Again, this has nothing to do with Mattel's motive to bring suit or
5 with Mattel's efforts to compete in the market.[2]

6           3.    **Abandonment, Consent and Acquiescence**

7        MGA makes the bare assertion in its Opposition that evidence of
8 Mattel's motive in filing suit should be admitted because it is relevant to MGA's
9 abandonment, consent and acquiescence defenses. (Opp., at 1, 4.) Again, MGA
10 does not explain what the relevance is. These defenses are variations on the defense
11 that a copyright owner commits "some overt act indicative of an intent to surrender
12 rights in the copyrighted work." Paul Goldstein, <u>Goldstein on Copyright</u> § 11.3 (3d
13 ed. 1997).[3]

14        Filing suit would not tend to prove abandonment. Exactly the opposite.
15 Here, the only "overt act" is that Mattel filed suit. Mattel's motivations and internal
16 discussions—unknown to the public—could not possibly constitute an overt act.
17 Whether or not Mattel was in financial trouble, or its other products were being
18 outperformed, or even if it brought suit because it wanted to destroy a competitor,
19 simply have no bearing on an abandonment when it actually filed.

20

21

22     [2]   Bryant's unclean hands defense has been whittled down to the claim that
23 Mattel allegedly delayed filing suit for several years after learning of Bryant's
involvement in Bratz in order to maximize its damages and to use Bryant for its
24 benefit in another lawsuit. (Opp., at 4.) This defense mirrors MGA's laches defense
and Mattel's argument above concerning laches applies with equal force here. The
25 MGA defendants previously withdrew their unclean hands defenses because they
26 exceeded the scope of the issues to be tried in Phase 1.
   [3]   Attached as Exhibit 1 to the Notice of Lodging In Support of Mattel's Motion
27 In Limine No. 2, lodged concurrently.

28

1            4.      **Mitigation And Apportionment**

2            MGA also argues that evidence of Mattel's motive in filing suit should

3    be admitted because it is relevant to MGA's defenses of mitigation and

4    apportionment. (Opp., at p. 4.)  Once again, no explanation is given.  Presumably,

5    MGA would argue if Mattel had filed suit earlier, Mattel would have reduced its

6    damages.

7            Damages are not at issue in Phase 1a.  Phase 1a is concerned with who

8    owned Bratz, whether Bryant breached his obligations to Mattel, and whether MGA

9    aided and abetted Bryant in those breaches.  None of these defenses support the

10   introduction of evidence of Mattel's purported motive in bringing suit.  And even

11   when damages are an issue, <u>motive</u> is not relevant to mitigation. The issue will be

12   whether Mattel could have or should have reduced its damages.  <u>Why</u> it did not file

13   suit earlier will not be an issue.

14   II.   **MGA'S OPPOSITION FAILS TO CITE TO ANY AUTHORITY**

15         **HOLDING THAT A PARTY'S MOTIVE IN FILING SUIT IS**

16         **ADMISSIBLE AT TRIAL**

17         A.   **MGA Misconstrues Mattel's Legal Authority**

18            MGA claims that <u>Higgins v. Shenango Pottery Co.</u>, 99 F. Supp. 522

19   (D.C. Pa. 1951), stands for the proposition that a party's motive in filing suit is

20   admissible to prove laches or other affirmative defenses.  (Opp. at 5.)  MGA

21   misreads this case.  Indeed, <u>Higgins</u> states no less than five times that motive is **not**

22   **material**, including as to affirmative defenses:

23            •   First, in response to a motion to strike affirmative defenses, the Court

24                explained the rule regarding admissibility of a party's motive in filing

25                suit as follows:  "The plaintiff contends that certain defenses are

26                immaterial since they assert improper motives on the part of the

27                plaintiff in bringing the action.  Insofar as this is the case, the defenses

28                should be stricken." <u>Higgins</u>, 99 F. Supp. at 525.

- Second, the Court quoted Supreme Court Justice Brown in explaining why motives in bringing suit are not relevant: "'If the law concerned itself with the motives of parties new complications would be introduced into suits which might seriously obscure their real merits.'" Id., quoting Dickerman v. Northern Trust Co., 176 U.S. 181, 190 (1900). The Higgins Court continued: "[t]he general rule is that, where a claimant is entitled to relief in respect to the matter concerning which he sues, his motives are immaterial." Id.

- Third, the Court granted a motion to strike the fifth affirmative defense of collusion, knowledge and **acquiescence** on three grounds, including that "the allegations with respect to the motives of the plaintiff in bringing this action are immaterial." Id. (emphasis added).

- Fourth, in response to a motion to strike the first and second paragraphs of the sixth affirmative defense, the Court granted the motion as to the second paragraph because "it relates to the plaintiff's motives and will, therefore, be stricken." Id.

- Fifth, the Court also granted a motion to strike the seventh affirmative defense finding that "since [that defense], in its entirety, also relates to the motives of plaintiff in bringing this action, it will be stricken." Id. at 526.

Higgins was thus unambiguous in holding that a party's motive in filing suit is immaterial and inadmissible, even if it is offered to support a party's affirmative defenses.

Turning a blind eye to the Higgins court's unequivocal holding that a party's motive in filing suit is not admissible, MGA relies on the Higgins court's refusal to strike two paragraphs of defendant's laches defense. Id. at 525. In refusing to strike those two paragraphs, the court did not create an exception to the rule that motive to bring suit is inadmissible. The Court simply explained that, at

1 │ the pleading stage, it was not going to strike the defense ***despite*** the fact that those
2 │ paragraphs "by inference" related to motive in bringing suit.  Id.  In deciding that a
3 │ pleading survives a motion to strike, a court is not deciding that all evidence a party
4 │ claims is relevant to the pleading is admissible.  Moreover, because the Court did
5 │ not describe or set forth the allegations of the two paragraphs at issue, nor state how
6 │ they related to laches, its ruling provides no guidance here.

7 │       In short, the portion of Higgins relied upon by MGA stands for nothing
8 │ more than the unremarkable proposition that the Court would not strike two
9 │ paragraphs of a laches defense at the pleading stage in the face of motion to dismiss
10 │ and motion to strike under Rule 12(f) challenge.  The court did not state that such
11 │ evidence was admissible at trial, as MGA now argues.

12 │     B.    **MGA's Authority Fails to Support Its Contention That A Party's**
13 │         **Motives In Bringing Suit Are Admissible At Trial**

14 │       MGA belittles Mattel's authority because of the dates they were
15 │ decided, as though these cases come with an expiration date.  Yet MGA fails to
16 │ present case law overturning or even criticizing the holdings of those cases.  In fact,
17 │ none of the cases relied on by MGA creates an exception to the rule that motive in
18 │ filing suit is not admissible.

19 │       MGA cites Vernon J. Rockefeller & Co., Inc. v. Minneapolis
20 │ Shareholders Co., 69 F.R.D. 1 (D. Minn. 1975).  That case did not involve questions
21 │ of admissibility at trial.  Rather, the Court was determining at the pleading stage if
22 │ the defenses of laches and unclean hands should be stricken pursuant to Rule 12(f).
23 │ Id. at 4-5.  Tellingly, MGA failed to mention in its Opposition that even that Court
24 │ questioned the relevance of motive evidence:

25 │         [a] defense which states that plaintiffs in a derivative
26 │         action have improper motives for suing is certainly of
27 │         questionable materiality.  Id. at 5.
28 │ But, importantly, that defendant had pleaded more than plaintiff's motives:

1    [w]hen read broadly, the three defenses at issue here raise

2    more than merely a challenge to plaintiffs' motives for

3    bringing this lawsuit. Any doubt as to the striking of

4    matters in a pleading should be resolved in favor of the

5    pleading. Id.

6    Here, the issue before this Court is admissibility at trial, not a challenge

7    to the pleadings.

8    MGA cites the unpublished case of <u>Rondor Music International Inc. v.</u>

9    <u>TVT Records LLC</u>, 2006 WL 5105272 (C.D. Cal. 2006), but there is no indication

10   in <u>Rondor</u> what "motive" was at issue. The Court denied a motion in limine seeking

11   to exclude all evidence of size, wealth and financial condition of plaintiff. The court

12   allowed limited cross-examination of an individual plaintiff because it could go to

13   his "motives and credibility." <u>Rondor</u>, 2006 WL 5105272, at *13. But the opinion

14   does not explain the motive or credibility issue, which is probably why it is

15   unpublished.

16   MGA's reliance on <u>Memry Corporation v. Kentucky Oil Technology,</u>

17   <u>N.V.</u>, 2007 WL 4208317 (N.D. Cal.), is similarly unavailing. In that case, the Court

18   did nothing more than defer ruling on a motion in limine to prevent plaintiff from

19   introducing evidence or argument of defendant's "motives for acquiring rights or

20   filing suit." <u>Id</u>. at 10. This case provides no factual background discerning the

21   particular evidence to be excluded. Indeed, little more is provided than the title of

22   the motion (motion to exclude evidence or argument of defendant's "motives for

23   acquiring rights or filing suit"). The court deferred ruling because the evidence

24   might relate to bias or impeachment of two individuals, <u>id</u>., without discussing the

25   particular evidence at issue or how it would serve to impeach or show bias.

26

27

28

III.   **MGA FAILED TO DISPUTE THAT EVIDENCE OF ALLEGED CONSEQUENCES IF MATTEL PREVAILS IS NOT RELEVANT**

In its Opposition, MGA simply states that there is "no doubt" that evidence of the alleged consequences if Mattel prevails at trial is "highly relevant" to Mattel's unfair competition claim. (Opp. at 4, n.4.) However, MGA does not explain how such evidence is relevant. Its citation to its Motion for Summary Judgment is not helpful because nowhere in the referenced portions of the summary judgment papers is the relevance explained.

The merits of Mattel's claim for unfair competition does not depend on the outcome of this lawsuit. Unfair competition claim is based on wrongful, anti-competitive conduct engaged in before or during the pendency of the action. It is not a defense to that claim to show that a defendant may have to lay off employees or even shut its doors, if it loses.

IV.   **IN ADDITION TO BEING IRRELEVANT, MGA'S PURPORTED MOTIVE EVIDENCE WILL ALSO UNFAIRLY PREJUDICE MATTEL, CAUSE UNDUE CONFUSION AND DELAY**

A.   **MGA's Opposition Demonstrates The Prejudice To Mattel If Evidence of Motive Is Allowed**

The hyperbole and scathing remarks by MGA in its Opposition confirms it intends to engage in a smear campaign against Mattel in an effort to evoke the passions and prejudices of the jury. The evidence consists of legitimate internal communications by Mattel employees concerning finances, the performance of products, steps needed to improve its products or to more effectively compete in the marketplace. None of this is unlawful or improper. MGA hopes to exploit the enthusiasm and sense of urgency expressed in those documents about Mattel's performance or BARBIE's market share to imply that Mattel brought this suit against MGA as a means to destroy it. (E.g., Opp. at 2-3, 6-7.) Those documents, however, in no way say that. For example, MGA argues that documents describing

1   Mattel's efforts to improve entertainment content were actually part of "Mattel's
2   internal machinations to delay its suit." (Opp. at 7; see also Opp. at 2 ("Mattel tried
3   various tactics to save its burning and battered doll house.").

4           MGA's relies on Jackson v. Firestone Tire & Rubber Co., 788 F. 2d
5   1070, 1086 (5th Cir. 1986), to argue that evidence of a corporation's business
6   practices are not unfairly prejudicial. (Opp. at 8.)  In Jackson, defendant decided to
7   manufacture truck wheel rims that it knew were less safe than an available
8   alternative.  Plaintiff alleged that one such wheel rim exploded and caused him great
9   injury.  Id. at 1072-1073.[4]  Plaintiff was not seeking to introduce general business
10  practices but the specific manufacturing process at issue.

11          In stark contrast to the facts in Jackson, MGA's Opposition
12  demonstrates that it only intends to use evidence of Mattel's efforts to compete with
13  Bratz to persuade a trier of fact to make an illogical inference of Mattel's motive in
14  filing suit.  Thus, for example, strategies to improve advertising and introducing
15  new products were the early part of a grand scheme to "kill" MGA, though
16  ultimately litigation was the best way.  There is a likelihood a jury could be misled
17  into believing Mattel is unscrupulous and evil corporation.  Cf. Honda Motor Co.,
18  Ltd. v. Oberg, 512 U.S. 415, 432, 114 S.Ct. 2331 (1994) (noting that "the rise of
19  large, interstate and multinational corporations has aggravated the problem of
20  arbitrary awards and potentially biased juries.").

21
22
23
24
25  [4] Tellingly, in a separate case against Firestone involving the *same* evidence that
26  Jackson admitted, the Tenth Circuit affirmed the district court's exclusion of the
27  evidence based on unfair prejudice.  Staley v. Bridgestone/Firestone, Inc., 106 F.3d
    1504, 1512, n.2 (10th Cir. 1997).
28

1    B.    **The Purported Evidence Of Motive Is Also Prejudicial Because It**

2          **Would Confuse The Jury And Waste A Tremendous Amount Of**

3          **Time.**

4          MGA's Opposition does not refute (or even address) Mattel's argument

5    that evidence of motive in filing suit will cause undue delay, confuse the issues and

6    mislead the jury, particularly in light of its complete lack of probative value.  Nor

7    can it.  MGA's introduction of evidence of Mattel's business strategies to increase

8    sales, purportedly relevant to Mattel's motive to bring suit, would force Mattel to

9    rebut MGA's "interpretation" of that evidence.

10         For example, MGA argues that Mattel is out to kill its competitors.  If

11   permitted to do so, Mattel will have to prove that what it does -- such as tracking

12   consumer preferences, analyzing its market share and that of its competitors,

13   changing the packaging and presentation of its products -- are things that every

14   manufacturer does.  That competition in the toy market is robust will become a

15   wasteful secondary trial.

16

17                              **Conclusion**

18         For the foregoing reasons and those set forth in Mattel's Motion In

19   Limine No. 2, Mattel respectfully requests that the Court exclude any evidence,

20   argument, or suggestion concerning any purported motive of Mattel in filing this

21   lawsuit or the consequences of a verdict for Mattel.

22

23   DATED:  May 8, 2008            QUINN EMANUEL URQUHART OLIVER &
                                    HEDGES, LLP
24

25                                 By
                                      John B. Quinn
26                                    Attorneys for Plaintiff
                                      Mattel, Inc.
27

28