**1**

Case 2:04-cv-09049-DOC-RNB  Document 3538-2  Filed 05/08/08  Page 2 of 114  Page ID
#:61236
Case 2:04-cv-09049-SGL-RNB  Document 2041-2  Filed 02/11/2008  Page 1 of 7



1 | THOMAS J. NOLAN (Bar No. 066992)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2 | 300 South Grand Avenue
Los Angeles, California 90071-3144
3 | Telephone:  (213) 687-5000
Facsimile:  (213) 687-5600
4 | E-mail:  tnolan@skadden.com

5 | RAOUL D. KENNEDY (Bar No. 40892) (ATTORNEY TO BE NOTICED)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
6 | 4 Embarcadero Center, 38th Floor
San Francisco, CA 94111-5974
7 | Telephone:  (415) 984-6400
Facsimile:  (415) 984-2698
8 | Email:  rkennedy@skadden.com

9 | Attorneys for Counter-Defendants,
MGA ENTERTAINMENT, INC.,
10 | ISAAC LARIAN, MGA
ENTERTAINMENT (HK) LIMITED,
11 | and MGAE de MEXICO S.R.L. de
C.V.

12

13 | **UNITED STATES DISTRICT COURT**

14 | **CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

15

16 | CARTER BRYANT, an individual ) CASE NO. CV 04-9049 SGL (RNBx)

17 | Plaintiff, ) Consolidated with Case No. 04-9059
and Case No. 05-2727
18 | v. )
**DISCOVERY MATTER**
19 | MATTEL, INC., a Delaware )
corporation )
20 | **[To be heard by Discovery Master**
**Hon. Edward A. Infante (Ret.)]**
Defendant. )
21 | **DECLARATION OF AMY S. PARK**
**IN SUPPORT OF MGA'S**
22 | Consolidated with MATTEL, INC. v. ) **OPPOSITION TO MATTEL'S**
BRYANT and MGA ) **MOTION TO COMPEL MGA TO**
23 | ENTERTAINMENT, INC. v. ) **PRODUCE COMMUNICATIONS**
MATTEL, INC. ) **REGARDING THIS ACTION**
24

25 | Date: TBA
Time: TBA
26 | Place: TBA

27

28

Case 2:04-cv-09049-DOC-RNB   Document 3538-2   Filed 05/08/08   Page 3 of 114   Page ID
#:61237
Case 2:04-cv-09049-SGL-RNB   Document 2041-2   Filed 02/11/2008   Page 2 of 7

**1**        I, Amy S. Park, hereby declare as follows:

**2**        I am an attorney licensed to practice law in the State of California and am a **3** partner at the law firm of Skadden, Arps, Slate, Meagher & Flom LLP, attorneys of **4** record for MGA Entertainment, Inc., Isaac Larian, MGA Entertainment (HK) **5** Limited, and MGAE de Mexico S.R.L. de C.V. in the above-captioned matter. I **6** submit this Declaration in Support of MGA's Opposition to Mattel, Inc.'s Motion To **7** Compel MGA To Produce Communications Regarding This Action. Unless **8** otherwise stated, I have personal knowledge of the facts set forth below and, if called **9** as a witness, I could and would testify competently thereto.

**10**        1.     Attached as Exhibit A is a true and correct copy of this Court's **11** February 4, 2008 Minute Order.

**12**        2.     Attached as Exhibit B is a true and correct copy of Mattel's **13** Modification of Defendants' Proposal for trial phasing, which was adopted by the **14** Court's July 2, 2007 Minute Order.

**15**        3.     Attached as Exhibit C is a true and correct copy of this Court's **16** July 2, 2007 Minute Order.

**17**        4.     Attached as Exhibit D is a true and correct copy of MGA **18** Entertainment, Inc.'s Responses to Mattel, Inc.'s First Set of Requests for Production **19** of Documents and Tangible Things served on April 13, 2005.

**20**        5.     Attached as Exhibit E is a true and correct copy of Mattel, Inc.'s **21** Notice of Motion and Motion to Compel Production of Documents and Interrogatory **22** Answers by MGA Entertainment, Inc.; and Memorandum of Points and Authorities **23** dated February 2, 2007.

**24**        6.     Attached as Exhibit F is a true and correct copy of the Discovery **25** Master's Order Granting Mattel's Motion to Compel Production of Documents and **26** Interrogatory Responses by MGA dated May 15, 2007.

**27**        7.     Since litigation commenced in this case nearly four years ago, **28** Mattel has served the MGA Defendants with more than 2,700 individual document

1

Case 2:04-cv-09049-DOC-RNB   Document 3538-2   Filed 05/08/08   Page 4 of 114   Page ID
#:61238
Case 2:04-cv-09049-SGL-RNB   Document 2041-2   Filed 02/11/2008   Page 3 of 7

1 ║ requests. In response, the MGA Defendants have produced more than 4.2 million
2 ║ pages of responsive documents.

3 ║         8.   Attached as Exhibit G is a true and correct copy of a letter from
4 ║ Dylan Proctor, counsel for Mattel, to my partner Timothy Miller, counsel for MGA
5 ║ dated January 10, 2008.

6 ║         9.   On occasions from January 18 through February 4, 2008, I met
7 ║ and conferred with Dylan Proctor, counsel for Mattel, regarding Request No. 48 of
8 ║ Mattel's First Set of Requests For Production to MGA, and MGA's response thereto.

9 ║         10.  Attached as Exhibit H is a true and correct copy of a letter from
10 ║ me to Dylan Proctor dated January 18, 2008, summarizing our meet-and-confer
11 ║ session of that day.

12 ║         11.  Attached as Exhibit I is a true and correct copy of a letter from
13 ║ Dylan Proctor to me dated January 18, 2008, regarding our meet-and-confer session
14 ║ of that day.

15 ║         12.  During our meet and confer discussions, I told Mr. Proctor that,
16 ║ as drafted, Request 48 is: (i) overbroad because it seeks a host of potentially
17 ║ irrelevant documents, and (ii) vague and ambiguous because it is unclear whether
18 ║ Mattel is seeking all communications that MGA had internally, all communications
19 ║ that MGA had with third parties, or something else. I also told Mr. Proctor that
20 ║ Request 48 was improperly overbroad and objectionable three years ago when MGA
21 ║ served its objection to the request, and that Request 48 was even more improper on
22 ║ the eve of the Phase 1 fact discovery cut-off, particularly because in the three years
23 ║ since MGA objected to Request 48, MGA had produced more than four million
24 ║ pages of documents in response to other requests, and that many of those documents
25 ║ were also responsive to Request 48.

26 ║         13.  Mr. Proctor stated that Mattel would be willing to narrow Request
27 ║ 48 to call for the following documents: (i) all non-privileged communications
28 ║ between *current* MGA employees at the manager level and above that refer or relate

2

Case 2:04-cv-09049-DOC-RNB  Document 3538-2  Filed 05/08/08  Page 5 of 114  Page ID
#:61239
Case 2:04-cv-09049-SGL-RNB  Document 2041-2  Filed 02/11/2008  Page 4 of 7

1 to this action; (ii) all non-privileged communications between third parties and a
2 *current* MGA manager-level employee or above that refer or relate to this action; and
3 (iii) all non-privileged communications that refer or relate to this action, which
4 involve any of MGA's agents and attorneys, including in particular O'Melveny &
5 Myers and the Christensen Glaser firm.

6           14.    When we spoke again, I told Mr. Proctor that his proposed
7 narrowing of Request 48 did little, if anything, to cure the overbreadth of the request
8 or alleviate the burden created by the overbreadth. I explained again that in the past
9 three years MGA had produced documents that were responsive to Request 48. I
10 identified for Mr. Proctor a non-exhaustive list of other document requests that called
11 for documents that were also responsive to Request 48 and in response to which
12 MGA had produced documents. These included: (i) Request Nos. 44, 7, 8, 9, 11 and
13 12 of Mattel, Inc.'s First Set of Requests for Documents and Things re Claims of
14 Unfair Competition to MGA Entertainment, Inc.; (ii) Request Nos. 31, 49 and 50 of
15 Mattel, Inc.'s First Set of Requests for Production of Documents and Tangible
16 Things to MGA Entertainment Inc.; and (iii) Request Nos. 118, 147 and 153 of
17 Mattel, Inc.'s First Set of Requests for Documents and Things to Isaac Larian. I
18 explained that, to the extent additional documents exist, they are, at best, marginally
19 relevant and, in any event, the burden of producing them – especially at this late
20 point in the litigation – outweighs any relevance.

21           15.    With respect to Mattel's proposal regarding communications
22 involving current MGA employees at the manager level and above, I explained to Mr.
23 Proctor that searching for the requested documents would require MGA to examine
24 every communication involving those employees (approximately 150 people) that
25 potentially refer or relate to this case to determine whether the documents contain or
26 reflect privileged information. I explained that documents sent from managers to
27 third parties could – like internal communications – also contain privileged
28 information or attorney work product. I explained, therefore, that although Mattel

3

Case 2:04-cv-09049-DOC-RNB Document 3538-2 Filed 05/08/08 Page 6 of 114 Page ID
#:61240
Case 2:04-cv-09049-SGL-RNB Document 2041-2 Filed 02/11/2008 Page 5 of 7

1 was not seeking privileged communications, MGA would still have to scrupulously
2 review every document and redact documents that were only privileged in part.
3 Accordingly, I told Mr. Proctor that Mattel's proposed narrowing was too little, too
4 late. I nonetheless stated that if Mattel insisted on engaging in such an eleventh-hour
5 fishing expedition, MGA would search for and produce responsive documents if
6 Mattel would agree to pay the costs. Based on Mattel's proposed narrowing – *i.e.*,
7 communications between *current* manager-level-employees or-above and
8 communications between such employees and third parties – I estimated that the
9 costs of review and production could range from about $20,000 to $45,000. I told
10 Mr. Proctor, however, that this was simply an estimate and that we could not know
11 the costs without conducting the searches and performing the review. Mr. Proctor
12 agreed to consider my proposed cost-shifting.

13      16. Mattel's Motion to Compel now states that Mattel proposed to
14 narrow Request 48 to seek communications involving MGA employees "who hold[]
15 *or held* a position of manager or higher." (Motion at 4 (emphasis added).) This is
16 different from the proposal that Mr. Proctor actually made during our meet-and-
17 confer discussions, wherein he stated that Mattel was seeking: (i) communications
18 *between current* manager-level employees and above (not from *current and former*
19 managers to *anyone* else within MGA); and (ii) communications between third
20 parties and *current* manager-level employees and above (not communications
21 between third parties and *current and former* manager-level employees and above).
22 I am informed by MGA personnel that Mattel's newly expanded proposal would
23 increase the number of employees whose communications are sought from
24 approximately 150 (current managers or higher) to 204 (current and former managers
25 or higher). This expansion would also increase the number of documents to be
26 reviewed, and thus the cost of reviewing and producing any responsive documents.

27      17. With respect to Mattel's request for communications involving
28 MGA's agents and attorneys, including O'Melveny & Myers and Christensen Glaser

Case 2:04-cv-09049-DOC-RNB   Document 3538-2   Filed 05/08/08   Page 7 of 114   Page ID
#:61241
Case 2:04-cv-09049-SGL-RNB   Document 2041-2   Filed 02/11/2008   Page 6 of 7

1 (and which presumably would also include Skadden, Arps), I told Mr. Proctor that
2 his proposal was a non-starter. I explained that, while I had not reviewed all of
3 O'Melveny's, Christensen's or Skadden's documents, I would expect that the
4 overwhelming majority of them "refer or relate" to this action, and therefore the
5 universe of documents to be reviewed would presumably be immense. I also
6 explained that although Mattel is not seeking privileged communications, MGA
7 would still have to examine every communication involving these law firms to
8 determine whether they are privileged, contain protected work product and should be
9 redacted to provide only non-privileged or non-protected information. I told Mr.
10 Proctor that this was not only a burden, but also that this was an improper request to
11 make of counsel in an ongoing litigation.

12         18.    Mr. Proctor and I spoke in the early afternoon of February 4, a
13 couple hours before the deadline for Mattel to file its motion to compel with respect
14 to Request 48. In that conversation, Mr. Proctor stated for the first time that, in
15 addition to the categories of documents described in paragraph 13 above, Mattel was
16 also seeking all non-privileged communications referring or relating to this action
17 that involve any former Mattel employee while employed by MGA, regardless of his
18 or her position. Mr. Proctor asked me what MGA's position was with respect to such
19 a request. I told Mr. Proctor that I would have to consult with my client, and that I
20 would consider what burden (including additional costs) this might impose and
21 whether the client might be willing to search for and produce responsive documents
22 if Mattel were willing to bear the costs. In that same conversation, I reiterated the
23 points noted in paragraphs 14, 15 and 17 above. I have been provided with a list of
24 former Mattel employees who have worked for MGA, and based thereon I believe
25 that Mattel's newly expanded request for communications involving these people
26 would increase the number of employees whose communications are sought by at
27 least approximately 70 or more.

28

5

Case 2:04-cv-09049-DOC-RNB  Document 3538-2  Filed 05/08/08  Page 8 of 114  Page ID
Case 2:04-cv-09049-SGL-RNB   Document 2041-2   Filed 02/11/2008   Page 7 of 7
#:61242

1    19.    Attached as Exhibit J is a true and correct copy of the Discovery
2 Master's Order Granting in Part and Denying in Part Mattel's Motion to Compel
3 Production of Documents By Isaac Larian; Denying Request for Sanctions, dated
4 December 31, 2007.

5    20.    Attached as Exhibit K is a true and correct copy of the Discovery
6 Master's Order Granting in Part and Denying in Part Mattel's Motion to Compel
7 Production of Documents By MGA; Denying Request for Sanctions, dated August
8 13, 2007.

9    21.    Attached as Exhibit L is a true and correct copy of a Notice of
10 Subpoena Issued to Farhad Larian on August 31, 2007, and served by Mattel on
11 Farhad Larian.

12

13    I declare under penalty of perjury under the laws of the United States that the
14 foregoing is true and correct.

15    Executed this 11th day of February, 2008, at Palo Alto, California.

16

17

18                                                   Amy S. Park

19

20

21

22

23

24

25

26

27

28

                                        6

# EXHIBIT A

Case 2:04-cv-09049-DOC-RNB   Document 3538-2   Filed 05/08/08   Page 10 of 114   Page ID
#:61244
Case 2:04-cv-09049-SGL-RNB   Document 2041-3   Filed 02/11/2008   Page 2 of 134
Case 2:04-cv-09049-SGL-RNB   Document 1931   Filed 02/04/2008   Page 1 of 7

## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA 92501
### CIVIL MINUTES -- GENERAL

Case No.    CV 04-09049 SGL(RNBx)              Date: February 4, 2008
Title:      CARTER BRYANT -v- MATTEL, INC.
            AND CONSOLIDATED ACTIONS

========================================================================

PRESENT: HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

     Jim Holmes                          Theresa Lanza
     Courtroom Deputy Clerk              Court Reporter

ATTORNEYS PRESENT FOR CARTER        ATTORNEYS PRESENT FOR MATTEL:
BRYANT:

Michael Page                        John Quinn
                                    Jon D. Corey

                                    ATTORNEY PRESENT FOR CARLOS
ATTORNEYS PRESENT FOR MGA:          GUSTAVO MACHADO GOMEZ:

Thomas J. Nolan
Carl A. Roth
Robert J. Harrington

ATTORNEYS PRESENT FOR THIRD-
PARTY WITNESSES

Larry W. McFarland
Scott Gizer
Ramit Mizrahi
Henry H. Gonzalez
Neal A. Potischman
John Patrick Petrullo


Alexander H. Cote


MINUTES FORM 90                                    Initials of Deputy Clerk ___ jh
CIVIL -- GEN                    1                   Time: 1/45

Exhibit _A_ , P. _7_

Case 2:04-cv-09049-DOC-RNB   Document 3538-2   Filed 05/08/08   Page 11 of 114   Page ID
#:61245
Case 2:04-cv-09049-SGL-RNB      Document 2041-3    Filed 02/11/2008    Page 3 of 134
Case 2:04-cv-09049-SGL-RNB      Document 1931    Filed 02/04/2008    Page 2 of 7

PROCEEDINGS:

    HEARING ON EX PARTE APPLICATIONS:

      1722 EX PARTE APPLICATION to Compel Deposition of Ana Cabrera, Beatriz Morales, and Maria Salazar and Mel Woods

      1724 EX PARTE APPLICATION to Compel Depositions of Daphne Gronich, Joe Tiongco, Mariana Trueba, Pablo Vargas, MGA Entertainment, Inc.

      1538 EX PARTE APPLICATION for Relief from 01-07-2008 Order re Motion Hearing

      1583 EX PARTE APPLICATION to Compel Production of Electronic Media from Third Parties Elise Cloonan, Margaret Hatch-Leahy, and Veronica Marlow

      1624 EX PARTE APPLICATION to Enforce Court's Orders Compelling Production of Tangible Items

      1628 EX PARTE APPLICATION to Stay pending Review of Discovery Master's January 11, 2008 Order Granting MGA's and Bryant's Motion to Compel

    ORDER TO SHOW CAUSE DIRECTED TO COUNSEL LARRY McFARLAND

    Having considered the documents submitted in support of and opposition to the applications set forth above, and having heard oral argument, the Court issues its rulings on these matters as stated on the record and as follows:

          **EX PARTE APPLICATIONS REGARDING DEPOSITIONS
(DOCKET #1722 AND #1724) AND ORDER TO SHOW CAUSE**

    These applications are DENIED IN PART, subject to the following rulings:

   (1)    The Court's January 7, 2008, Order was intended to grant certain specified relief from the numerical limitations on discovery requests; it was not meant to make definitive rulings on burdensomeness, relevance, privilege, or service of discovery requests.

   (2)    The Phase 1 discovery deadline has expired. Any Phase 1 discovery not properly served on or before this deadline may not now be pursued. Based on the representation of counsel that process for the letters rogatory on the Hong Kong witnesses has not been initiated, these witnesses may not be deposed on Phase 1 issues.  Notwithstanding this ruling, however, the Court is concerned with the allegations by Mattel in its ex parte application regarding certain actions of Larry

MINUTES FORM 90
CIVIL -- GEN               2                Initials of Deputy Clerk __jh_____
Time: 1/45

Case 2:04-cv-09049-DOC-RNB  Document 3538-2  Filed 05/08/08  Page 12 of 114  Page ID
#:61246
Case 2:04-cv-09049-SGL-RNB    Document 2041-3   Filed 02/11/2008   Page 4 of 134
Case 2:04-cv-09049-SGL-RNB    Document 1931    Filed 02/04/2008   Page 3 of 7

McFarland, who represents certain third-party witnesses. Mattel submits that Mr. McFarland has been deliberately evading service of a notice of deposition on him and his clients – serious allegations when made by an officer of the Court against another officer of the Court. Accordingly, Mr. McFarland is **ORDERED TO SHOW CAUSE** why he and his clients should not be ordered to appear for deposition. A written response to this OSC must be filed no later than February 11, 2008. Other parties may file written replies no later than February 19, 2008. The Court will hear the matter at 10:00 a.m., February 25, 2008, in Courtroom One of the above-referenced Court.

(3)    Phase 1 depositions that have been scheduled past the discovery deadline for the convenience of the witnesses or pursuant to the stipulation of the parties and/or witnesses may proceed as scheduled.

(4)    All discovery related to Phase 2, other than certain individual depositions that may be related to both Phase 1 and Phase 2, is STAYED until further order of the Court.

(5)    As previously ordered and reaffirmed by this Court, all discovery matters shall be presented in the first instance to the Discovery Master. The fact that the Discovery Master's ruling might impact upon the Court's scheduling order does not relieve the parties of following this procedure. For instance, motions to compel, motions to quash, or motions challenging service as to existing discovery requests shall be brought before the Discovery Master. So, too, must objections based on burdensomeness, relevancy, or privilege. In general, and on the matters touched upon herein, the Court expresses no opinion as to these issues, and instead leaves those issues to the Discovery Master to decide in the first instance.

(6)    To the extent that certain challenged depositions are within the scope of the Court's January 7, 2008, Order, and are related to Phase 1 (or to the extent that a given deposition (other than a Rule 30(b)(6) deposition) is related to both Phase 1 and Phase 2), said deposition may proceed subject to the challenges set forth in the previous paragraph. To the extent that the depositions are related to Phase 2, they are STAYED, as set forth above, notwithstanding the January 7, 2008, Order.

(7)    The parties' arguments require the Court to resolve an internal inconsistency in the Court's January 7, 2008, Order. The Court's Order was meant to grant all parts of Mattel's Motion for Leave to Take Additional Discovery (docket #1134) except the relief sought as to the deposition of Carter Bryant. The Court amends its 01.07.08 Order as follows:

Delete: <Specifically, the Court grants Mattel's request to take the individual depositions relating to the Bratz claims (set forth in the moving papers at 9-11) and relating to the trade secret and RICO

MINUTES FORM 90                                          Initials of Deputy Clerk __lh_____
CIVIL -- GEN                          3                   Time: 1/45

Exhibit  A , P. 9

Case 2:04-cv-09049-DOC-RNB   Document 3538-2   Filed 05/08/08   Page 13 of 114   Page ID
#:61247
Case 2:04-cv-09049-SGL-RNB   Document 2041-3   Filed 02/11/2008   Page 5 of 134
Case 2:04-cv-09049-SGL-RNB   Document 1931   Filed 02/04/2008   Page 4 of 7

claims (set forth in the moving papers at 13).>

Replace with: <Specifically, the Court grants Mattel's request to take
the individual depositions relating to the Bratz claims (set forth in the
moving papers at 9-11), relating to the trade secret and RICO claims
(set forth in the moving papers at 13), and relating to document
preservation (set forth in the moving papers at 14 (Joe Tiongco and
Daphne Gronich)).>

(8)   The Court's January 7, 2008, Order granted leave to take additional discovery over
and above the previously allocated 24 depositions per side. Nevertheless, as to all
other depositions, how to "count" the previously allocated depositions is left to the
discretion of the Discovery Master.

(9)   At the hearing, counsel for Christensen, Glaser requested that the Court clarify that
its January 7, 2008, ruling granted leave to depose it on only one issue. That is not
the case, and the request is DENIED. Mattel has been granted relief from the
numerical limitations that previously restricted its ability to depose those individuals
and entities addressed by the Court's January 7, 2008, Order, including its ability to
depose Christensen, Glaser. Unless otherwise restricted by the Discovery Master
upon proper presentation of the issue to him, Mattel may depose Christensen,
Glaser on any relevant, non-privileged matter.

### MACHADO GOMEZ'S EX PARTE APPLICATION RE
### JANUARY 7, 2008, ORDER (DOCKET # 1504)

This application is GRANTED. As noted above, Phase 2 discovery is STAYED until further
order of the Court. The Court will address Phase 2 discovery, motions, pretrial, and trial dates
after the conclusion of Phase 1 of the trial.

### MATTEL'S EX PARTE APPLICATION RE MOTION TO COMPEL PRODUCTION OF
### ELECTRONIC MEDIA FROM THIRD PARTIES (DOCKET #1538)

This application is DENIED. This matter must be addressed in the first instance by the
Discovery Master.

### MATTEL'S EX PARTE APPLICATION TO ENFORCE COURT'S ORDERS
### COMPELLING PRODUCTION OF TANGIBLE ITEMS (#1624)

This application is GRANTED IN PART. Counsel for MGA shall employ its best efforts to
arrange for shipment of those tangible things located in the Peoples' Republic of China ("PRC") to
Hong Kong Special Administrative Region ("Hong Kong") for examination in conjunction with those
tangible things already located in Hong Kong. Otherwise, counsel for MGA shall cooperate in the

Exhibit  A , P.  10

Case 2:04-cv-09049-DOC-RNB   Document 3538-2   Filed 05/08/08   Page 14 of 114   Page ID
#:61248
Case 2:04-cv-09049-SGL-RNB     Document 2041-3     Filed 02/11/2008     Page 6 of 134
Case 2:04-cv-09049-SGL-RNB     Document 1931     Filed 02/04/2008     Page 5 of 7

arrangements for inspection in both Hong Kong and the PRC.   Mattel's request for costs is denied
without prejudice.

Counsel are encouraged to meet and confer with the intent of reaching a stipulation
regarding the supplementation of expert reports.  Absent such stipulation, at the appropriate time,
the Court will entertain an ex parte application from any party regarding this issue.

### MATTEL'S EX PARTE APPLICATION TO STAY PENDING REVIEW OF DISCOVERY
### MASTER'S JANUARY 11, 2008 ORDER (DOCKET # 1628)

This application is GRANTED IN PART.  The Court sets the motion for hearing on February
11, 2008.  Opposition shall be filed no later than February 6, 2008; any reply shall be filed no later
than February 8, 2008.  The Discovery Master's January 11, 2008, Order is stayed until the
issuance of the Court's minute order regarding the February 11, 2008, hearing.

IT IS SO ORDERED.

MINUTES FORM 90
CIVIL -- GEN

5

Initials of Deputy Clerk __jh_____
Time: 1/45

Exhibit _A_ , P. _11_

Case 2:04-cv-09049-DOC-RNB   Document 3538-2   Filed 05/08/08   Page 15 of 114   Page ID
#:61249
Case 2:04-cv-09049-SGL-RNB   Document 2041-3   Filed 02/11/2008   Page 7 of 134

# EXHIBIT B

## MATTEL'S MODIFICATION OF DEFENDANTS' PROPOSAL

| Phase 1(a) Trial | Phase 1(b) Trial | Phase 2 Trial |
|---|---|---|
| • Breach of Contract against Bryant (MC 1, AC 5) (liability only) | • Copyright Infringement (AC 1) | • False Designation of Origin (UC 1) |
| • Breach of Fiduciary Duty against Bryant (MC 2, AC 7) (liability only) | • Damages (re: all Phase 1 claims) | • Unfair Competition (UC 2) |
| • Breach of Duty of Loyalty against Bryant (MC 3, AC 9) (liability only) | | • Dilution (UC 3) |
| • Unjust Enrichment against Bryant (MC 4) (liability only) | | • Unjust Enrichment (UC 4) |
| • Conversion against Bryant (MC 5; AC 11) (liability only) | | • RICO (AC 2) |
| • Conversion against MGA and Larian (re: Bratz; AC 11) (liability only) | | • Conspiracy to Violate Rico (AC 3) |
| • Intentional Interference with Contract (re: Bryant; AC 6) (liability only) | | • Misappropriation of Trade Secrets (AC 4) |
| • Aiding and Abetting Breach of Fiduciary Duty (re: Bryant; AC 8) (liability only) | | • Intentional Interference with Contract (re: Brawer, Machado, Trueba, Vargas, Brisbois, and other former Mattel employees; AC 6) |
| • Aiding and Abetting Breach of Duty of Loyalty (re: Bryant; AC 10) (liability only) | | • Breach of Fiduciary Duty (re: Machado; AC 7) |
| | | • Aiding and Abetting Breach of Fiduciary Duty (re: Brawer, Machado, Trueba, Vargas, Brisbois, and other former Mattel employees; AC 8) |
| | | • Breach of Duty of Loyalty (re: Machado; AC 9) |
| | | • Aiding and Abetting Breach of |

Exhibit  B , P. 12

MATTEL'S MEMORANDUM RE: TRIAL STRUCTURE

)/2147647.5

Case 2:04-cv-09049-DOC-RNB   Document 3538-2   Filed 05/08/08   Page 17 of 114   Page ID
#:61251
Case 2:04-cv-09049-SGL-RNB   Document 2041-3   Filed 02/11/2008   Page 9 of 134

| | Phase 1(a) Trial | Phase 1(b) Trial | Phase 2 Trial |
|---|---|---|---|
| 1 | | | |
| 2 | • Unfair Competition (re: bribery of Bryant; AC 12) (liability only)) | | Duty of Loyalty (re: Brawer, Machado, Trueba, Vargas, Brisbois, and other former Mattel employees; AC 10) |
| 3 | | | |
| 4 | | | |
| 5 | • Declaratory Relief (re: ownership of original Bratz works allegedly created by Bryant while employed by Mattel; AC 13) | | |
| 6 | | | • Conversion (non-Bratz; AC 11) |
| 7 | | | |
| 8 | | | • Unfair Competition (except bribery of Bryant) (AC 12) |
| 9 | | | |
| 10 | | | • Damages (re: all Phase Two claims) |
| 11 | | | |
| 12 | | | |
| 13 | | | |
| 14 | | | |
| 15 | | | |
| 16 | | | |
| 17 | | | |
| 18 | | | |
| 19 | | | |
| 20 | | | |
| 21 | | | |
| 22 | | | |
| 23 | | | |
| 24 | | | |
| 25 | | | |
| 26 | | | |
| 27 | | | |
| 28 | Exhibit _B_ , P. _13_ | | |

Case 2:04-cv-09049-DOC-RNB   Document 3538-2   Filed 05/08/08   Page 18 of 114   Page ID
#:61252
Case 2:04-cv-09049-SGL-RNB   Document 2041-3   Filed 02/11/2008   Page 10 of 134

# EXHIBIT C

Case 2:04-cv-09049-DOC-RNB   Document 3538-2   Filed 05/08/08   Page 19 of 114   Page ID
#:61253
Case 2:04-cv-09049-SGL-RNB   Document 2041-3   Filed 02/11/2008   Page 11 of 134

THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(D).

**PRIORITY SEND**
& ENTERED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA 92501
CIVIL MINUTES – GENERAL

Case No.   CV 04-09049 SGL(RNBx)                          Date:  July 2, 2007

Title:   CARTER BRYANT -v- MATTEL, INC.
         AND CONSOLIDATED ACTIONS

PRESENT:   HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

Jim Holmes                              Theresa Lanza
Courtroom Deputy Clerk                  Court Reporter

ATTORNEYS PRESENT FOR CARTER            ATTORNEYS PRESENT FOR MATTEL:
BRYANT:

John W. Keker                           John B. Quinn
                                        Brett Dylan Proctor
                                        Michael T. Zeller

ATTORNEYS PRESENT FOR MGA:

Dale M. Cendali
Patricia Glaser

ENTERED
CLERK, U.S. DISTRICT COURT

JUL - 5 2007

CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION      BY DEPUTY

DOCKETED ON CM

JUL - 5 2007

BY                    164

PROCEEDINGS:   MINUTE ORDER

   As set forth more fully herein, the Court hereby makes the following ruling regarding matters
heard on July 2, 2007:

(1)   The Court GRANTS Mattel's Motion re Trial Structure (docket #462);

(2)   The Court GRANTS IN PART AND DENIES IN PART MGA's Motion re Discovery Master's
      May 15, 2007, Order (docket #505);

(3)   The Court GRANTS IN PART AND DENIES IN PART MGA's Ex Parte Application

MINUTES FORM 90                                    Initials of Deputy Clerk _jh_
CIVIL – GEN .                                       Time: 01/15

1

(608)

07/c2/c7

Exhibit  C , P.  14

Case 2:04-cv-09049-DOC-RNB   Document 3538-2   Filed 05/08/08   Page 20 of 114   Page ID
#61254
Case 2:04-cv-09049-SGL-RNB   Document 2041-3   Filed 02/11/2008   Page 12 of 134

regarding date of production of documents (docket #545); and

(4)   The Court DENIES MGA's Motion re Discovery Master's May 16, 2007, Order (docket #508).

(5)   The Court DENIES the parties' oral request for modification of pretrial and trial dates.

(1)   Motion re Trial Structure (docket #462)

Previous orders of the Court specified that the claims and counterclaims brought in this action will be tried in two phases. The parties have agreed, in large part, to a refinement of the Court's mandate that all issues regarding the ownership of Bratz shall be tried in Phase 1. Where the parties differ is upon a proposal by Mattel that the Phase 1 be bifurcated into two sub-phases, with Mattel's copyright infringement claim (its first counterclaim in the 05-02727 case) and all Phase 1 damages being tried after all the other issues. Phase 1(a) would be limited to issues surrounding Carter Bryant's employment with Mattel, and how those issues impact the ownership of certain original Bratz drawings, while Phase 1(b) would address approximately two-hundred Bratz products that are potentially derivative of the original drawings. This approach has the appeal of limiting Phase 1(a) to discrete issue of the ownership of the original Bratz drawings. A finding that Bryant owns these original drawings in Phase 1(a) has the potential to eliminate the need for Phase 1(b).

Accordingly, THE COURT ADOPTS MATTEL'S MODIFICATION OF DEFENDANTS' PROPOSAL, as set forth at 8-9 of its Memorandum Regarding Trial Structure, filed June 20, 2007. Phase 1(a) and Phase 1(b) (if necessary) will be tried to the same jury.

(2)   MGA's Motion re Discovery Master's May 15, 2007, Order (docket #505), and
(3)   MGA's Ex Parte Application regarding date of production of documents (docket #545).

The Discovery Master's May 15, 2007, Order compels production of documents regarding ink, paper, and chemical analysis and documents relating to unreleased MGA products. The order required that documents be produced no later than the end of May.

The Court reviews the Discovery Master's orders under the "clearly erroneous" or "contrary to law" standard set forth in Fed. R. Civ. P. 72(a).

The Discovery Master's order compels the production of only non-privileged documents. Therefore, MGA's arguments that the Discovery Master's order requires production of documents in violation of the attorney-client privilege are misplaced. If the only responsive documents are privileged, then MGA need not produce them, but must produce a privilege log.

MGA acknowledges that it has raised an argument before the Court that was not raised

Exhibit _C_ , P. _15_

Case 2:04-cv-09049-DOC-RNB   Document 3538-2   Filed 05/08/08   Page 21 of 114   Page ID
#:61255
Case 2:04-cv-09049-SGL-RNB   Document 2041-3   Filed 02/11/2008   Page 13 of 134

before the Discovery Master, namely, that Mattel has failed to establish that there are "exceptional circumstances" that allow Mattel to "discover facts known or opinions held by an expert . . . who is not expected to be called as a witness at trial." Fed. R. Civ. P. 26(b)(4)(B). MGA contends that the Discovery Master's order is contrary to law based on this standard, and that it was incumbent upon Mattel to raise it below. The Court disagrees. Mattel would be required to establish that exceptional circumstances existed if MGA objected to production on that grounds. A party seeking production cannot be expected to rebut all arguments that could possibly be raised by a party resisting production. MGA has not convinced the Court that the Discovery Master's failure to require Mattel to rebut an argument that was not raised by MGA is contrary to law.

MGA contends that the Discovery Master's order compelling production of documents regarding unreleased products is contrary to law. Relevant to that determination is a balancing test required to be applied by the Ninth Circuit when trade secrets are requested by a competitor in discovery. See Brown Bag Software v. Symantec Corp., 960 F.2d 1465, 1470 (9th Cir. 1992) ("Specifically, in this case we must balance the risk to [defendant] of inadvertent disclosure of trade secrets to competitors against the risk to [plaintiff] that protection of [defendant's] trade secrets [will] impair[] prosecution of [plaintiff's] claims.").

Here, the documents sought are of a particularly sensitive nature. They represent some of the most secretive documents maintained by MGA, and they are being ordered to be produced to MGA's fierce competitor. The Discovery Master recognized the sensitive nature of the documents and entered a strict protective order that severely limits access to those documents and that goes well beyond the normal "attorney eyes only" designation.

MGA argues that unreleased products are irrelevant to the issue of who owns the original Bratz drawings. That is clear. However, MGA's argument attempts to limit the discovery to issues involved in Phase 1 of the trial. There has been no bifurcation of discovery.

Mattel correctly points out that these documents are relevant to a number of its other claims. Specifically, if they show unreleased products that are similar to Mattel's unreleased products, the documents would be highly probative of Mattel's misappropriation of trade secrets claim. Moreover, these documents could be relevant to Mattel's RICO claims based on alleged acts of criminal copyright infringement.

Balancing tests are inherently subjective and particularly susceptible to varying interpretation by individual judicial officers. This Court, upon considering this issue from the outset, may very well have weighed the evidence differently and reached a contrary result. However, this Court is bound by the standard of review, and MGA's motion falls far short of convincing the Court that the Discovery Master's order is contrary to law.

The parties have a long history regarding the production of documents ordered in the May 15, 2007, Order, which is set forth in their papers and which need not be repeated here. Counsel for MGA represented that the remaining documents could be produced no later than July 31, 2007, with the exception of the documents from MGA Hong Kong, which could be produced no

MINUTES FORM 90
CIVIL – GEN

3

Initials of Deputy Clerk ___jh_____
Time: 01/15

Exhibit  C , P.  16

later than two weeks after that date. Accordingly, the Court ORDERS that MGA complete the document production set forth in the Discovery Master's May 15, 2007, order no later than July 31, 2007, with the exception of the documents from MGA Hong Kong, which shall be produced no later than August 14, 2007,

Accordingly, the Court GRANTS in part MGA's motion re the Discovery Master's May 15, 2007, Order, extending the document production date as set forth above. The Motion is DENIED in all other respects.

Likewise, the Court GRANTS in part MGA's ex parte application re date of production of documents, extending the document production date as set forth above. The application is DENIED in all other respects.

(4)   MGA's Motion re Discovery Master's May 16, 2007, Order (docket #508)

The Discovery Master's May 16, 2007, Order compelled the Rule 30(b)(6) depositions of witnesses on the topics of MGA's net worth, prior sworn statements, and ink, paper, and chemical analysis performed by MGA.

> A party may in the party's notice and in a subpoena name as the deponent a public or private corporation or a partnership or association or governmental agency and describe with reasonable particularity the matters on which examination is requested. In that event, the organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. . . . The persons so designated shall testify as to matters *known or reasonably available* to the organization.

Fed. R. Civ. P. 30(b)(6) (emphasis added). "The purpose behind Rule 30(b)(6) is to create testimony that will bind the corporation." Sanders v. Circle K Corp., 137 F.R.D. 292, 294 (D. Ariz. 1991) (internal citation omitted). Another purpose of Rule 30(b)(6) is aptly described by the District Court for the District of Columbia:

> [The purpose of Rule 30(b)(6) is to] prevent[] serial depositions of various witnesses without knowledge within an organization and eliminating 'bandying', which is the name given to the practice in which people are deposed in turn but each disclaims knowledge of facts that are clearly known to persons in the organization and thereby to the organization itself.

Alexander v. F.B.I., 186 F.R.D. 148, 152 (D.D.C. 1999) (citing the 1970 Advisory Committee Notes to Rule 30(b)(6)).

The Discovery Master's order compelling Rule 30(b)(6) depositions in the specified

Exhibit _C_, P. _17_

categories serve both these purposes and is not contrary to law.

Although MGA's net worth may not be known to it, MGA does not contend that the information is not readily available. That net worth is generally the subject of expert testimony at trial -- a proposition disputed by neither Mattel nor the Court -- does not render it an improper subject for a Rule 30(b)(6). Therefore, the Discovery Master's ruling on this issue is not contrary to law.

MGA likewise does not contend that information regarding prior sworn statements are not readily available to it. Although contending that this is not an appropriate subject for a Rule 30(b)(6) deposition, MGA fails to cite authority in support of that contention. Therefore, the Discovery Master's ruling on this issue is not contrary to law.

The ink, paper, and chemical analysis topic is likewise a proper subject of a Rule 30(b)(6) deposition. To the extent that such a deposition has the potential to encroach upon information protected by the work-product privilege, then that objection must be made on a question-by-question basis. MGA may not make a blanket objection and justify its refusal to produce a Rule 30(b)(6) designee on this topic based on that blanket objection. Therefore, the Discovery Master's ruling on this issue is not contrary to law.

Accordingly, the Court **DENIES** MGA's motion re the Discovery Master's May 16, 2007, Order.

(5)     Oral Request for Modification of pretrial and trial dates.

Although no motion or ex parte application on the subject was pending before the Court, the parties made an oral request at the hearing to continue certain pretrial and trial dates. A discussion ensued and it became apparent that no final agreement was reached by the parties regarding extending these dates. Accordingly, the Court **DENIES** the parties' oral request for modification of pretrial and trial dates. The Court will consider counsels' stipulation regarding extensions of those dates only where all counsel unqualifiedly stipulate to those dates. Until the scheduling order is modified by the Court, the dates previously set by the Court remain in effect. In addition, the Court is unlikely to entertain a continuance of the Phase 1 trial past April, 2008.

IT IS SO ORDERED.

MINUTES FORM 90
CIVIL -- GEN                                    5                     Initials of Deputy Clerk _jh_____
                                                                      Time: 01/15

Exhibit _C_, P. _18_

Case 2:04-cv-09049-DOC-RNB    Document 3538-2    Filed 05/08/08    Page 24 of 114    Page ID
#:61258
Case 2:04-cv-09049-SGL-RNB    Document 2041-3    Filed 02/11/2008    Page 16 of 134

# EXHIBIT D

Case 2:04-cv-09049-DOC-RNB   Document 3538-2   Filed 05/08/08   Page 25 of 114   Page ID
#:61259
Case 2:04-cv-09049-SGL-RNB   Document 2041-3   Filed 02/11/2008   Page 17 of 134

1   DIANA M. TORRES (S.B. #162284)
    PAULA E. AMBROSINI (S.B. #193126)
2   O'MELVENY & MYERS LLP
    400 South Hope Street
3   Los Angeles, CA 90071-2899
    Telephone: (213) 430-6000
4   Facsimile: (213) 430-6407

5   DALE M. CENDALI (admitted *pro hac vice*)
    O'MELVENY & MYERS, LLP
6   Times Square Tower
    7 Times Square
7   New York, New York 10036
    Telephone: (212) 326-2000
8   Facsimile: (212) 326-2061

9   Attorneys for Defendant-in-Intervention
    MGA Entertainment, Inc.
10

11

12                    UNITED STATES DISTRICT COURT

13                    CENTRAL DISTRICT OF CALIFORNIA

14

15

16  MATTEL, INC.,                    Case No. CV 04-09059 NM (RNBx)

17              Plaintiff,           MGA ENTERTAINMENT, INC.'S
                                     RESPONSES TO MATTEL, INC.'S
18      v.                           FIRST SET OF REQUESTS FOR
                                     PRODUCTION OF DOCUMENTS AND
19  CARTER BRYANT and MGA            TANGIBLE THINGS
    ENTERTAINMENT, INC.,
20
                Defendant and
21              Defendant-in-
                Intervention.
22

23  AND RELATED CROSS-CLAIMS

24

25

26

27

28
                                                MGA'S RESPONSE TO 1ST SET OF
    LA2:756234.3                                 REQUEST FOR PRODUCTION OF
                                                           DOCUMENTS

Exhibit D , P. 19

1

## PRELIMINARY STATEMENT

2       Defendant MGA Entertainment, Inc. ("MGA") has not yet completed its

3   investigation relating to the facts of this action and has not completed preparation for

4   trial. MGA makes its response to these document requests ("requests," or individually,

5   "request") based upon the information presently available to it and without prejudice to

6   its right to amend or supplement its responses and to present evidence which may

7   hereafter be discovered or become available.

8       MGA will respond to each request as it understands and interprets each

9   request. If Mattel, Inc. ("Mattel") subsequently asserts any interpretation of any request

10  that differs from that of MGA, MGA reserves the right to supplement its objections and

11  responses.

12      By making these responses, MGA does not concede that any of the

13  information sought by these requests is relevant or discoverable. MGA makes these

14  responses and objections without waiving or intending to waive but rather, on the

15  contrary, preserving and intending to preserve: (a) the right to object on any grounds to

16  the use or introduction into evidence of the documents or information provided in

17  response to these requests; (b) the right to object to the use of the documents or

18  information provided in response to the requests in any subsequent proceeding in, or the

19  arbitration of this or any other action; and (c) the right to object on any ground at any

20  time to other requests or further discovery into any of the subject matters addressed in

21  these requests or the responses thereto.

22      MGA shall not provide any privileged or protected information, including

23  without limitation, information protected by the attorney-client privilege or the attorney

24  work product doctrine, and nothing herein may be construed as a waiver of any

25  applicable privilege or protection. Any inadvertent production of privileged or protected

26  documents or information shall not be construed as a waiver of any privilege or

27  protection attaching thereto and MGA reserves the right to correct the record with regard

28

LA2:756234.3

1

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

Exhibit  D , P.  20

Case 2:04-cv-09049-DOC-RNB  Document 3538-2  Filed 05/08/08  Page 27 of 114  Page ID
#:61261
Case 2:04-cv-09049-SGL-RNB    Document 2041-3    Filed 02/11/2008    Page 19 of 134

1    to any such information and to supplement or amend these responses, which

2    supplemental or amended response shall become the operative response.

3                      **GENERAL OBJECTIONS**

4          1.    MGA objects to each and every request on the ground that production

5    at the date and time demanded will subject MGA to unwarranted oppression and undue

6    burden and expenses. The time set for compliance is unduly burdensome, especially in

7    light of the number of document requests, and the scope and volume of the material being

8    sought. MGA intends to proceed expeditiously to collect the documents for production, if

9    any, and will produce them at a date and time, and in such a manner, as may be mutually

10    agreed by counsel for the parties.

11          2.    MGA objects to each request to the extent that it seeks information

12    protected from discovery by the attorney-client privilege, work-product doctrine, right to

13    privacy, or any other applicable privilege.

14          3.    MGA objects to each request to the extent that it seeks the disclosure

15    of confidential, proprietary or trade-secret information. Should such documents be

16    otherwise responsive and non-objectionable, MGA will produce such documents subject

17    to the terms and conditions of the protective order governing this case.

18          4.    MGA objects to each request to the extent that it seeks documents in

19    Mattel's own possession, custody or control or that are accessible to Mattel from public

20    sources or from third parties.

21          5.    MGA objects to each request to the extent that it asks for documents

22    that are not relevant to claims or defenses in this case.

23          6.    MGA objects to each and every request to the extent it purports to

24    require MGA to search all documents and things within its possession, custody or control

25    or within the possession, custody or control of any of MGA's current or former

26    employees, officers, directors, agents, representatives, attorneys, parents, subsidiaries,

27    divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other

28    person acting on its behalf, pursuant to its authority or subject to its control, on the

LA2:756224.3               2        MGA'S RESPONSE TO 1ST SET OF
                                             REQUEST FOR PRODUCTION OF
                                                   DOCUMENTS

Case 2:04-cv-09049-DOC-RNB   Document 3538-2   Filed 05/08/08   Page 28 of 114   Page ID
#:61262
Case 2:04-cv-09049-SGL-RNB     Document 2041-3     Filed 02/11/2008     Page 20 of 134

1   grounds that such request is unreasonable, overbroad, unduly burdensome and oppressive,

2   violates the right of privacy, and purports to require MGA to search for documents not

3   within its possession, custody or control. MGA will make a reasonably diligent search for

4   responsive documents within its possession, custody or control.

5          7.   MGA objects to each and every request to the extent its seeks "all

6   documents" responsive to a certain category on the grounds that such request is overbroad

7   and unduly burdensome and oppressive. MGA will produce otherwise unobjectionable

8   documents sufficient to provide Mattel with the information sought, following a

9   reasonably diligent search. On grounds of oppression and undue burden, MGA will not

10  respond to duplicative or cumulative requests and will not re-produce documents it has

11  already produced or produce documents that it has received from Mattel or others in the

12  course of discovery in this matter.

13         8.   MGA objects to each request to the extent it seeks documents not

14  within MGA's possession, custody, or control.

15         9.   MGA objects to each request to the extent it seeks information

16  relating to activities or conduct in foreign countries. In each instance in which MGA has

17  agreed to produce documents, such production is hereby expressly limited to documents

18  relating to domestic activities or conduct only.

19         10.  MGA objects to the defined terms "You," "Your," "Mattel," and

20  "Bryant" on the grounds that these terms, as defined, are overbroad, are vague and

21  ambiguous, and call for legal conclusions.

22         11.  MGA objects to the defined terms "Bratz" and "Angel" on the

23  grounds that these terms, as defined, are overbroad, are vague and ambiguous, and call for

24  legal conclusions.

25

26

27

28

Case 2:04-cv-09049-DOC-RNB   Document 3538-2   Filed 05/08/08   Page 29 of 114   Page ID
#:61263
Case 2:04-cv-09049-SGL-RNB     Document 2041-3     Filed 02/11/2008     Page 21 of 134

1

## SPECIFIC OBJECTIONS AND RESPONSES

2  **REQUEST FOR PRODUCTION NO. 1:**

3       All DOCUMENTS that REFER OR RELATE TO any agreement or contract

4  between YOU and BRYANT, including without limitation all drafts thereof and all actual

5  or proposed amendments, modifications and revisions thereto.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

7       MGA incorporates by reference the above-stated general objections as if fully set

8  forth herein.  MGA also objects to this request to the extent that it seeks information not

9  relevant to the subject matter of this lawsuit or reasonably calculated to lead to the

10  discovery of admissible evidence.  MGA also objects to this request on the grounds that it

11  is overbroad, unduly burdensome, and oppressive in seeking all documents that refer or

12  relate to any agreement or contract between MGA and Bryant.  MGA also objects to this

13  request on the grounds that it seeks confidential, proprietary or commercially sensitive

14  information, the disclosure of which would be inimical to the business interests of MGA.

15  MGA also objects to this request to the extent it calls for the disclosure of attorney-client

16  privileged information or information protected from disclosure by the work-product

17  doctrine, joint defense or common interest privilege, or other privilege. MGA also objects

18  to this request to the extent it seeks information the disclosure of which would implicate

19  the rights of third parties to protect private, confidential, proprietary or trade secret

20  information.  MGA also objects to this request to the extent that it seeks documents not in

21  MGA's possession, custody or control.

22       Subject to the foregoing, MGA will produce all relevant and responsive non-

23  objectionable documents in its possession, custody or control, if any, that it is able to

24  locate following a reasonably diligent search.

25  **REQUEST FOR PRODUCTION NO. 2:**

26       All DOCUMENTS that REFER OR RELATE TO the performance of any

27  agreement or contract between YOU and BRYANT.

28

LA2:756234.3                                         4                    MGA'S RESPONSE TO 1ST SET OF
                                                                          REQUEST FOR PRODUCTION OF
                                                                          DOCUMENTS

Case 2:04-cv-09049-DOC-RNB   Document 3538-2   Filed 05/08/08   Page 30 of 114   Page ID
#:61264
Case 2:04-cv-09049-SGL-RNB   Document 2041-3   Filed 02/11/2008   Page 22 of 134

1   RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

2       MGA incorporates by reference the above-stated general objections as if fully set

3   forth herein. MGA also specifically objects to this request to the extent that it seeks

4   information not relevant to the subject matter of this lawsuit or reasonably calculated to

5   lead to the discovery of admissible evidence. MGA also objects to this request on the

6   grounds that it is overbroad, unduly burdensome, and oppressive in seeking all documents

7   that refer or relate to the performance of any agreement or contract between MGA and

8   Bryant. MGA also objects to this request on the grounds that it seeks confidential,

9   proprietary or commercially sensitive information, the disclosure of which would be

10  inimical to the business interests of MGA. MGA also objects to this request to the extent

11  it calls for the disclosure of attorney-client privileged information or information

12  protected from disclosure by the work-product doctrine, joint defense or common interest

13  privilege, or other privilege. MGA also objects to this request to the extent it seeks

14  information the disclosure of which would implicate the rights of third parties to protect

15  private, confidential, proprietary or trade secret information. MGA also objects to this

16  request to the extent that it seeks documents not in MGA's possession, custody or control.

17      Subject to the foregoing, MGA will produce documents evidencing Bryant's work

18  on First Generation Bratz and the Angel project, that it is able to locate following a

19  reasonably diligent search.

20  REQUEST FOR PRODUCTION NO. 3:

21      All DOCUMENTS that REFER OR RELATE TO the agreement dated as of

22  September 18, 2000 between YOU and BRYANT, including without limitation all drafts

23  thereof and any actual or proposed modifications, amendments or revisions thereto.

24  RESPONSE TO REQUEST FOR PRODUCTION NO. 3:

25      MGA incorporates by reference the above-stated general objections as if fully set

26  forth herein. MGA also objects to this request to the extent that it seeks information not

27  relevant to the subject matter of this lawsuit or reasonably calculated to lead to the

28  discovery of admissible evidence. MGA also objects to this request on the grounds that it

LA2:756234.3                            5                   MGA'S RESPONSE TO 1ST SET OF
                                                            REQUEST FOR PRODUCTION OF
                                                            DOCUMENTS

Case 2:04-cv-09049-DOC-RNB   Document 3538-2   Filed 05/08/08   Page 31 of 114   Page ID
#:61265
Case 2:04-cv-09049-SGL-RNB      Document 2041-3      Filed 02/11/2008      Page 23 of 134

1   seeks confidential, proprietary or commercially sensitive information, the disclosure of

2   which would be inimical to the business interests of MGA. MGA also objects to this

3   request to the extent it calls for the disclosure of attorney-client privileged information or

4   information protected from disclosure by the work-product doctrine, joint defense or

5   common interest privilege, or other privilege. MGA also objects to this request to the

6   extent it seeks information the disclosure of which would implicate the rights of third

7   parties to protect private, confidential, proprietary or trade secret information. MGA also

8   objects to this request to the extent that it seeks documents not in MGA's possession,

9   custody or control.

10          Subject to the foregoing, MGA will produce all relevant and responsive non-

11  objectionable documents in its possession, custody or control, if any, that it is able to

12  locate following a reasonably diligent search.

13  **REQUEST FOR PRODUCTION NO. 4:**

14          All DOCUMENTS that REFER OR RELATE TO the Modification and

15  Clarification of the Agreement dated as of September 18, 2000 between YOU and

16  BRYANT, including without limitation all drafts thereof and any actual or proposed

17  modifications, amendments or revisions thereto.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

19          MGA incorporates by reference the above-stated general objections as if fully set

20  forth herein. MGA also objects to this request to the extent that it seeks information not

21  relevant to the subject matter of this lawsuit or reasonably calculated to lead to the

22  discovery of admissible evidence. MGA also objects to this request on the grounds that it

23  seeks confidential, proprietary or commercially sensitive information, the disclosure of

24  which would be inimical to the business interests of MGA. MGA also objects to this

25  request to the extent it calls for the disclosure of attorney-client privileged information or

26  information protected from disclosure by the work-product doctrine, joint defense or

27  common interest privilege, or other privilege. MGA also objects to this request to the

28  extent it seeks information the disclosure of which would implicate the rights of third

LA2:756234.3                                    6                    MGA'S RESPONSE TO 1ST SET OF
                                                                    REQUEST FOR PRODUCTION OF
                                                                             DOCUMENTS

Exhibit  D  , P. 95

Case 2:04-cv-09049-DOC-RNB   Document 3538-2   Filed 05/08/08   Page 32 of 114   Page ID
#:61266
Case 2:04-cv-09049-SGL-RNB      Document 2041-3      Filed 02/11/2008      Page 24 of 134

1   parties to protect private, confidential, proprietary or trade secret information. MGA also
2   objects to this request to the extent that it seeks documents not in MGA's possession,
3   custody or control.

4        Subject to the foregoing, MGA will produce all relevant and responsive non-
5   objectionable documents in its possession, custody or control, if any, that it is able to
6   locate following a reasonably diligent search.

7   **REQUEST FOR PRODUCTION NO. 5:**

8        All DOCUMENTS that REFER OR RELATE TO the agreement dated April 2001
9   between YOU and BRYANT, including without limitation all drafts thereof and any
10  actual or proposed modifications, amendments or revisions thereto.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

12       MGA incorporates by reference the above-stated general objections as if fully set
13  forth herein. MGA also objects to this request to the extent that it seeks information not
14  relevant to the subject matter of this lawsuit or reasonably calculated to lead to the
15  discovery of admissible evidence. MGA also objects to this request on the grounds that it
16  seeks confidential, proprietary or commercially sensitive information, the disclosure of
17  which would be inimical to the business interests of MGA. MGA also objects to this
18  request to the extent it calls for the disclosure of attorney-client privileged information or
19  information protected from disclosure by the work-product doctrine, joint defense or
20  common interest privilege, or other privilege. MGA also objects to this request to the
21  extent it seeks information the disclosure of which would implicate the rights of third
22  parties to protect private, confidential, proprietary or trade secret information. MGA also
23  objects to this request to the extent that it seeks documents not in MGA's possession,
24  custody or control.

25       Subject to the foregoing, MGA will produce all relevant and responsive non-
26  objectionable documents in its possession, custody or control, if any, that it is able to
27  locate following a reasonably diligent search.

28

LA2:756234.3                    7              MGA'S RESPONSE TO 1ST SET OF
                                               REQUEST FOR PRODUCTION OF
                                                          DOCUMENTS

Exhibit  D , P. 26

Case 2:04-cv-09049-DOC-RNB   Document 3538-2   Filed 05/08/08   Page 33 of 114   Page ID
#:61267
Case 2:04-cv-09049-SGL-RNB   Document 2041-3   Filed 02/11/2008   Page 25 of 134

1    **REQUEST FOR PRODUCTION NO. 6:**

2         All DOCUMENTS prepared, created, received or transmitted (whether in whole or

3    in part) prior to January 1, 2001 that REFER OR RELATE TO BRYANT.

4    **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

5         MGA incorporates by reference the above-stated general objections as if fully set

6    forth herein. MGA also objects to this request to the extent that it seeks information not

7    relevant to the subject matter of this lawsuit or reasonably calculated to lead to the

8    discovery of admissible evidence. MGA also objects to this request on the grounds that it

9    seeks confidential, proprietary or commercially sensitive information, the disclosure of

10   which would be inimical to the business interests of MGA. MGA also objects to this

11   request to the extent it calls for the disclosure of attorney-client privileged information or

12   information protected from disclosure by the work-product doctrine, joint defense or

13   common interest privilege, or other privilege. MGA also objects to this request to the

14   extent it seeks information the disclosure of which would implicate the rights of third

15   parties to protect private, confidential, proprietary or trade secret information. MGA also

16   objects to this request to the extent that it seeks documents not in MGA's possession,

17   custody or control.

18        Subject to the foregoing, MGA will produce all relevant and responsive non-

19   objectionable documents in its possession, custody or control, if any, that it is able to

20   locate following a reasonably diligent search.

21   **REQUEST FOR PRODUCTION NO. 7:**

22        All DOCUMENTS that REFER OR RELATE TO any work, activities or services,

23   including without limitation any freelance work or consulting services that BRYANT

24   performed for or with YOU or on YOUR behalf prior January 1, 2001 (regardless of when

25   any such DOCUMENT was prepared, created, received or transmitted, whether in whole

26   or in part).

27   **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

28        MGA incorporates by reference the above-stated general objections as if fully set

LA2:756234.3                                    8          MGA'S RESPONSE TO 1ST SET OF
                                                           REQUEST FOR PRODUCTION OF
                                                           DOCUMENTS

Exhibit _D_, P. _27_

Case 2:04-cv-09049-DOC-RNB Document 3538-2 Filed 05/08/08 Page 34 of 114 Page ID
#:61268
Case 2:04-cv-09049-SGL-RNB Document 2041-3 Filed 02/11/2008 Page 26 of 134

1    forth herein. MGA also specifically objects to this request to the extent that it seeks

2    information not relevant to the subject matter of this lawsuit or reasonably calculated to

3    lead to the discovery of admissible evidence. MGA also objects to this request on the

4    ground that it is overbroad, unduly burdensome, and oppressive in seeking all documents

5    that refer or relate to any work, activities or services that Bryant performed for or with

6    MGA or on its behalf. MGA also objects to this request on the grounds that it seeks

7    confidential, proprietary or commercially sensitive information, the disclosure of which

8    would be inimical to the business interests of MGA. MGA also objects to this request to

9    the extent it calls for the disclosure of attorney-client privileged information or

10   information protected from disclosure by the work-product doctrine, joint defense or

11   common interest privilege, or other privilege. MGA also objects to this request to the

12   extent it seeks information the disclosure of which would implicate the rights of third

13   parties to protect private, confidential, proprietary or trade secret information. MGA also

14   objects to this request on the grounds that it is vague and ambiguous in that MGA cannot

15   determine what is meant by "activities" and "with YOU." MGA will interpret "activities"

16   to mean "work or services," and "with" to mean "on behalf of." MGA also objects to this

17   request to the extent that it seeks documents not in MGA's possession, custody or control.

18        Subject to the foregoing, MGA will produce all relevant and responsive non-

19   objectionable documents in its possession, custody or control, if any, evidencing Bryant's

20   work on First Generation Bratz and the Angel project, that it is able to locate following a

21   reasonably diligent search.

22   **REQUEST FOR PRODUCTION NO. 8:**

23        All DOCUMENTS that REFER OR RELATE TO any work, activities or services,

24   including without limitation any freelance work or consulting services that Anna Rhee

25   performed for or with YOU or on YOUR behalf prior to January 1, 2001 (regardless of

26   when any such DOCUMENT was prepared, created, received or transmitted, whether in

27   whole or in part).

28

LA2:756234.3                               9                  MGA'S RESPONSE TO 1ST SET OF
                                                             REQUEST FOR PRODUCTION OF
                                                                         DOCUMENTS

Exhibit _D_, P. _28_

Case 2:04-cv-09049-DOC-RNB  Document 3538-2  Filed 05/08/08  Page 35 of 114  Page ID
#:61269
Case 2:04-cv-09049-SGL-RNB  Document 2041-3  Filed 02/11/2008  Page 27 of 134

1.  **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

2     MGA incorporates by reference the above-stated general objections as if fully set

3  forth herein. MGA also specifically objects to this request to the extent that it seeks

4  information not relevant to the subject matter of this lawsuit or reasonably calculated to

5  lead to the discovery of admissible evidence. MGA also objects to this request on the

6  ground that it is overbroad, unduly burdensome, and oppressive in seeking all documents

7  that refer or relate to any work, activities or services that Anna Rhee performed for or

8  with MGA or on its behalf. MGA also objects to this request to the extent it seeks

9  information the disclosure of which would implicate the rights of third parties to protect

10  private, confidential, proprietary or trade secret information. MGA also objects to this

11  request on the grounds that it seeks confidential, proprietary or commercially sensitive

12  information, the disclosure of which would be inimical to the business interests of MGA.

13  MGA also objects to this request to the extent it calls for the disclosure of attorney-client

14  privileged information or information protected from disclosure by the work-product

15  doctrine, joint defense or common interest privilege, or other privilege. MGA also objects

16  to this request on the grounds that it is vague and ambiguous in that MGA cannot

17  determine what is meant by "activities" and "with YOU." MGA will interpret "activities"

18  to mean "work or services," and "with" to mean "on behalf of." MGA also objects to this

19  request to the extent that it seeks documents not in MGA's possession, custody or control.

20     Subject to the foregoing, MGA will produce all relevant and responsive non-

21  objectionable documents in its possession, custody or control, if any, evidencing Anna

22  Rhee's work First Generation Bratz and the Angel project, that it is able to locate

23  following a reasonably diligent search.

24  **REQUEST FOR PRODUCTION NO. 9:**

25     All DOCUMENTS that REFER OR RELATE TO any work, activities or services,

26  including without limitation any freelance work or consulting services, that Veronica

27  Marlow performed for or with YOU or on YOUR behalf prior to January 1, 2001

28  (regardless of when any such DOCUMENT was prepared, created, received or

LA2:756234.3                                    10              MGA'S RESPONSE TO 1ST SET OF
                                                               REQUEST FOR PRODUCTION OF
                                                               DOCUMENTS

Case 2:04-cv-09049-DOC-RNB   Document 3538-2   Filed 05/08/08   Page 36 of 114   Page ID
#:61270
Case 2:04-cv-09049-SGL-RNB   Document 2041-3   Filed 02/11/2008   Page 28 of 134

1    transmitted, whether in whole or in part).

2    **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

3         MGA incorporates by reference the above-stated general objections as if fully set

4    forth herein.  MGA also specifically objects to this request to the extent that it seeks

5    information not relevant to the subject matter of this lawsuit or reasonably calculated to

6    lead to the discovery of admissible evidence.  MGA also objects to this request on the

7    ground that it is overbroad, unduly burdensome, and oppressive in seeking all documents

8    that refer or relate to any work, activities or services that Veronica Marlow performed for

9    or with MGA or on its behalf.  MGA also objects to this request to the extent it seeks

10   information the disclosure of which would implicate the rights of third parties to protect

11   private, confidential, proprietary or trade secret information.  MGA also objects to this

12   request on the grounds that it seeks confidential, proprietary or commercially sensitive

13   information, the disclosure of which would be inimical to the business interests of MGA.

14   MGA also objects to this request to the extent it calls for the disclosure of attorney-client

15   privileged information or information protected from disclosure by the work-product

16   doctrine, joint defense or common interest privilege, or other privilege.  MGA also objects

17   to this request on the grounds that it is vague and ambiguous in that MGA cannot

18   determine what is meant by "activities" and "with YOU."  MGA will interpret "activities"

19   to mean "work or services," and "with" to mean "on behalf of."  MGA also objects to this

20   request to the extent that it seeks documents not in MGA's possession, custody or control.

21        Subject to the foregoing, MGA will produce all relevant and responsive non-

22   objectionable documents in its possession, custody or control, if any, evidencing Veronica

23   Marlow's work First Generation Bratz, that it is able to locate following a reasonably

24   diligent search.

25   **REQUEST FOR PRODUCTION NO. 10:**

26        All DOCUMENTS that REFER OR RELATE TO any work, activities or services,

27   including without limitation any freelance work or consulting services, that Sarah Halpern

28   performed for or with YOU or on YOUR behalf prior to January 1, 2001 (regardless of

LA2:756234.3                             11            MGA'S RESPONSE TO 1ST SET OF
                                                       REQUEST FOR PRODUCTION OF
                                                       DOCUMENTS

Case 2:04-cv-09049-DOC-RNB  Document 3538-2  Filed 05/08/08  Page 37 of 114  Page ID
#:61271
Case 2:04-cv-09049-SGL-RNB  Document 2041-3  Filed 02/11/2008  Page 29 of 134

1   when any such DOCUMENT was prepared, created, received or transmitted, whether in

2   whole or in part).

3   **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

4       MGA incorporates by reference the above-stated general objections as if fully set

5   forth herein. MGA also specifically objects to this request to the extent that it seeks

6   information not relevant to the subject matter of this lawsuit or reasonably calculated to

7   lead to the discovery of admissible evidence. MGA also objects to this request on the

8   ground that it is overbroad, unduly burdensome, and oppressive in seeking all documents

9   that refer or relate to any work, activities or services that Sarah Halpern performed for or

10  with MGA or on MGA's behalf. MGA also objects to this request to the extent it seeks

11  information the disclosure of which would implicate the rights of third parties to protect

12  private, confidential, proprietary or trade secret information. MGA also objects to this

13  request on the grounds that it seeks confidential, proprietary or commercially sensitive

14  information, the disclosure of which would be inimical to the business interests of MGA.

15  MGA also objects to this request to the extent it calls for the disclosure of attorney-client

16  privileged information or information protected from disclosure by the work-product

17  doctrine, joint defense or common interest privilege, or other privilege. MGA also objects

18  to this request on the grounds that it is vague and ambiguous in that MGA cannot

19  determine what is meant by "activities" and "with." MGA will interpret "activities" to

20  mean "work or services," and "with" to mean "on behalf of." MGA also objects to this

21  request to the extent that it seeks documents not in MGA's possession, custody or control.

22      Subject to the foregoing, MGA will produce all relevant and responsive non-

23  objectionable documents in its possession, custody or control, if any, evidencing Sarah

24  Halpern's work on First Generation Bratz, that it is able to locate following a reasonably

25  diligent search.

26  **REQUEST FOR PRODUCTION NO. 11:**

27      All DOCUMENTS that REFER OR RELATE TO any work, activities or services,

28  including without limitation any freelance work or consulting services, that Jesse Ramirez

LA2:756234.3                            12                    MGA'S RESPONSE TO 1ST SET OF
                                                             REQUEST FOR PRODUCTION OF
                                                             DOCUMENTS

1   performed for or with YOU or on YOUR behalf prior to January 1, 2001 (regardless of

2   when any such DOCUMENT was prepared, created, received or transmitted, whether in

3   whole or in part).

4   **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

5        MGA incorporates by reference the above-stated general objections as if fully set

6   forth herein. MGA also specifically objects to this request to the extent that it seeks

7   information not relevant to the subject matter of this lawsuit or reasonably calculated to

8   lead to the discovery of admissible evidence. MGA also objects to this request on the

9   ground that it is overbroad, unduly burdensome, and oppressive in seeking all documents

10  that refer or relate to any work, activities or services that Jesse Ramirez performed for or

11  with MGA or on MGA's behalf. MGA also objects to this request to the extent it seeks

12  information the disclosure of which would implicate the rights of third parties to protect

13  private, confidential, proprietary or trade secret information. MGA also objects to this

14  request on the grounds that it seeks confidential, proprietary or commercially sensitive

15  information, the disclosure of which would be inimical to the business interests of MGA.

16  MGA also objects to this request to the extent it calls for the disclosure of attorney-client

17  privileged information or information protected from disclosure by the work-product

18  doctrine, joint defense or common interest privilege, or other privilege. MGA also objects

19  to this request on the grounds that it is vague and ambiguous in that MGA cannot

20  determine what is meant by "activities" and "with." MGA will interpret "activities" to

21  mean "work or services," and "with" to mean "on behalf of." MGA also objects to this

22  request to the extent that it seeks documents not in MGA's possession, custody or control.

23       Subject to the foregoing, MGA will produce all relevant and responsive non-

24  objectionable documents in its possession, custody or control, if any, evidencing Jesse

25  Ramirez's work on First Generation Bratz dolls, that it is able to locate following a

26  reasonably diligent search.

27  **REQUEST FOR PRODUCTION NO. 12:**

28       All DOCUMENTS that REFER OR RELATE TO any work, activities or services,

LA2:756234.3                        13                  MGA'S RESPONSE TO 1ST SET OF
                                                        REQUEST FOR PRODUCTION OF
                                                        DOCUMENTS

Exhibit D , P. 32

Case 2:04-cv-09049-DOC-RNB   Document 3538-2   Filed 05/08/08   Page 39 of 114   Page ID
#:61273
Case 2:04-cv-09049-SGL-RNB   Document 2041-3   Filed 02/11/2008   Page 31 of 134

1  including without limitation any freelance work or consulting services, that Margaret

2  Hatch (also known as Margaret Leahy and/or Margaret Hatch-Leahy) performed for or

3  with YOU or on YOUR behalf prior to January 1, 2001 (regardless of when any such

4  DOCUMENT was prepared, created, received or transmitted, whether in whole or in part).

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

6      MGA incorporates by reference the above-stated general objections as if fully set

7  forth herein. MGA also specifically objects to this request to the extent that it seeks

8  information not relevant to the subject matter of this lawsuit or reasonably calculated to

9  lead to the discovery of admissible evidence. MGA also objects to this request on the

10  ground that it is overbroad, unduly burdensome, and oppressive in seeking all documents

11  that refer or relate to any work, activities or services that Margaret Leahy performed for or

12  with MGA or on MGA's behalf. MGA also objects to this request to the extent it seeks

13  information the disclosure of which would implicate the rights of third parties to protect

14  private, confidential, proprietary or trade secret information. MGA also objects to this

15  request on the grounds that it seeks confidential, proprietary or commercially sensitive

16  information, the disclosure of which would be inimical to the business interests of MGA.

17  MGA also objects to this request to the extent it calls for the disclosure of attorney-client

18  privileged information or information protected from disclosure by the work-product

19  doctrine, joint defense or common interest privilege, or other privilege. MGA also objects

20  to this request on the grounds that it is vague and ambiguous in that MGA cannot

21  determine what is meant by "activities" and "with." MGA will interpret "activities" to

22  mean "work or services," and "with" to mean "on behalf of." MGA also objects to this

23  request to the extent that it seeks documents not in MGA's possession, custody or control.

24      Subject to the foregoing, MGA will produce all relevant and responsive non-

25  objectionable documents in its possession, custody or control, if any, evidencing Margaret

26  Leahy's work on First Generation Bratz, that it is able to locate following a reasonably

27  diligent search.

28

LA2:756234.3

14

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

Exhibit D , P. 83

Case 2:04-cv-09049-DOC-RNB   Document 3538-2   Filed 05/08/08   Page 40 of 114   Page ID
#:61274
Case 2:04-cv-09049-SGL-RNB      Document 2041-3      Filed 02/11/2008      Page 32 of 134

1    **REQUEST FOR PRODUCTION NO. 13:**

2          All DOCUMENTS that REFER OR RELATE TO any work, activities or services,

3    including without limitation any freelance work or consulting services, that Elise Cloonan

4    performed for or with YOU or on YOUR behalf prior to January 1, 2001 (regardless of

5    when any such DOCUMENT was prepared, created, received or transmitted, whether in

6    whole or in part).

7    **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

8          MGA incorporates by reference the above-stated general objections as if fully set

9    forth herein.  MGA also specifically objects to this request to the extent that it seeks

10   information not relevant to the subject matter of this lawsuit or reasonably calculated to

11   lead to the discovery of admissible evidence.  MGA also objects to this request on the

12   ground that it is overbroad, unduly burdensome, and oppressive in seeking all documents

13   that refer or relate to any work, activities or services that Elise Cloonan performed for or

14   with MGA or on MGA's behalf.  MGA also objects to this request to the extent it seeks

15   information the disclosure of which would implicate the rights of third parties to protect

16   private, confidential, proprietary or trade secret information.  MGA also objects to this

17   request on the grounds that it seeks confidential, proprietary or commercially sensitive

18   information, the disclosure of which would be inimical to the business interests of MGA.

19   MGA also objects to this request to the extent it calls for the disclosure of attorney-client

20   privileged information or information protected from disclosure by the work-product

21   doctrine, joint defense or common interest privilege, or other privilege.  MGA also objects

22   to this request on the grounds that it is vague and ambiguous in that MGA cannot

23   determine what is meant by "activities" and "with."  MGA will interpret "activities" to

24   mean "work or services," and "with" to mean "on behalf of."  MGA also objects to this

25   request to the extent that it seeks documents not in MGA's possession, custody or control.

26         Subject to the foregoing, MGA will produce all relevant and responsive non-

27   objectionable documents in its possession, custody or control, if any, evidencing Elise

28   Cloonan's work on First Generation Bratz, that it is able to locate following a reasonably

LA2:756234.3                                    15                    MGA'S RESPONSE TO 1ST SET OF
                                                                      REQUEST FOR PRODUCTION OF
                                                                      DOCUMENTS

Exhibit _D_ , P. 34

1.  diligent search.

2.  <u>REQUEST FOR PRODUCTION NO. 14:</u>

3.      All agreements and contracts between YOU and Anna Rhee, including without

4.  limitation all drafts thereof and amendments, modifications and revisions thereto.

5.  <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 14:</u>

6.      MGA incorporates by reference the above-stated general objections as if fully set

7.  forth herein. MGA specifically objects to this request on the grounds that it seeks

8.  information not relevant to the subject matter of this lawsuit or reasonably calculated to

9.  lead to the discovery of admissible evidence. MGA also objects to this request on the

10. grounds that it seeks information in violation of the right of privacy. MGA also objects to

11. this request on the grounds that it seeks confidential, proprietary or commercially

12. sensitive information, the disclosure of which would be inimical to the business interests

13. of MGA. MGA also objects to this request to the extent it calls for the disclosure of

14. attorney-client privileged information or information protected from disclosure by the

15. work-product doctrine, joint defense or common interest privilege, or other privilege.

16. MGA also objects to this request to the extent that it seeks documents not in MGA's

17. possession, custody or control.

18.     Subject to the foregoing, MGA will produce nonprivileged agreements and

19. contracts in its possession, custody or control, if any, between MGA and Anna Rhee

20. relating to work performed prior to January 1, 2001, that it is able to locate following a

21. reasonably diligent search.

22. <u>REQUEST FOR PRODUCTION NO. 15:</u>

23.     All DOCUMENTS that REFER OR RELATE TO any agreement or contract

24. between YOU and Anna Rhee; including without limitation all COMMUNICATIONS

25. that REFER OR RELATE thereto.

26. <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 15:</u>

27.     MGA incorporates by reference the above-stated general objections as if fully set

28. forth herein. MGA also specifically objects to this request on the grounds that it seeks

LA2:756234.3                          16               MGA'S RESPONSE TO 1ST SET OF
                                                       REQUEST FOR PRODUCTION OF
                                                       DOCUMENTS

Exhibit  D , P. 85

Case 2:04-cv-09049-DOC-RNB   Document 3538-2   Filed 05/08/08   Page 42 of 114   Page ID
#:61276
Case 2:04-cv-09049-SGL-RNB      Document 2041-3      Filed 02/11/2008      Page 34 of 134

1   information not relevant to the subject matter of this lawsuit or reasonably calculated to

2   lead to the discovery of admissible evidence. MGA also objects to this request on the

3   grounds that it is overbroad, unlimited as to time, and unduly burdensome and oppressive.

4   MGA also objects to this request on the grounds that it seeks information in violation of

5   the right of privacy. MGA also objects to this request on the grounds that it seeks

6   confidential, proprietary or commercially sensitive information, the disclosure of which

7   would be inimical to the business interests of MGA. MGA also objects to this request to

8   the extent it calls for the disclosure of attorney-client privileged information or

9   information protected from disclosure by the work-product doctrine, joint defense or

10  common interest privilege, or other privilege. MGA also objects to this request to the

11  extent that it seeks documents not in MGA's possession, custody or control.

12         Subject to the foregoing, MGA will produce nonprivileged documents and

13  communications in its possession, custody or control, relating to any agreements and

14  contracts between MGA and Anna Rhee for work performed prior to January 1, 2001, if

15  any, that it is able to locate following a reasonably diligent search.

16  **REQUEST FOR PRODUCTION NO. 16:**

17         All agreements and contracts between YOU and Veronica Marlow, including

18  without limitation all drafts thereof and amendments, modifications and revisions thereto.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

20         MGA incorporates by reference the above-stated general objections as if fully set

21  forth herein. MGA specifically objects to this request on the grounds that it seeks

22  information not relevant to the subject matter of this lawsuit or reasonably calculated to

23  lead to the discovery of admissible evidence. MGA also objects to this request on the

24  grounds that it seeks information in violation of the right of privacy. MGA also objects to

25  this request on the grounds that it seeks confidential, proprietary or commercially

26  sensitive information, the disclosure of which would be inimical to the business interests

27  of MGA. MGA also objects to this request to the extent it calls for the disclosure of

28  attorney-client privileged information or information protected from disclosure by the

LA2:756234.3                          17                    MGA'S RESPONSE TO 1ST SET OF
                                                           REQUEST FOR PRODUCTION OF
                                                                        DOCUMENTS

Exhibit D , P. 36

1   work-product doctrine, joint defense or common interest privilege, or other privilege.

2   MGA also objects to this request to the extent that it seeks documents not in MGA's

3   possession, custody or control.

4        Subject to the foregoing, MGA will produce nonprivileged agreements and

5   contracts in its possession, custody or control, between MGA and Veronica Marlow

6   relating to work performed prior to January 1, 2001, if any, that it is able to locate

7   following a reasonably diligent search.

8   **REQUEST FOR PRODUCTION NO. 17:**

9        All DOCUMENTS that REFER OR RELATE TO any agreement or contract

10   between YOU and Veronica Marlow, including without limitation all

11   COMMUNICATIONS that REFER OR RELATE thereto.

12   **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

13        MGA incorporates by reference the above-stated general objections as if fully set

14   forth herein. MGA also specifically objects to this request on the grounds that it seeks

15   information not relevant to the subject matter of this lawsuit or reasonably calculated to

16   lead to the discovery of admissible evidence. MGA also objects to this request on the

17   grounds that it is overbroad, unlimited as to time, and unduly burdensome and oppressive.

18   MGA also objects to this request on the grounds that it seeks information in violation of

19   the right of privacy. MGA also objects to this request on the grounds that it seeks

20   confidential, proprietary or commercially sensitive information, the disclosure of which

21   would be inimical to the business interests of MGA. MGA also objects to this request to

22   the extent it calls for the disclosure of attorney-client privileged information or

23   information protected from disclosure by the work-product doctrine, joint defense or

24   common interest privilege, or other privilege. MGA also objects to this request to the

25   extent that it seeks documents not in MGA's possession, custody or control.

26        Subject to the foregoing, MGA will produce nonprivileged documents and

27   communications in its possession, custody or control, relating to any agreements and

28   contracts between MGA and Veronica Marlow for work performed prior to January 1,

Exhibit  D , P. 37

Case 2:04-cv-09049-DOC-RNB   Document 3538-2   Filed 05/08/08   Page 44 of 114   Page ID
#:61278
Case 2:04-cv-09049-SGL-RNB      Document 2041-3      Filed 02/11/2008    Page 36 of 134

1 2001, if any, that it is able to locate following a reasonably diligent search.

2 **REQUEST FOR PRODUCTION NO. 18:**

3  All agreements and contracts between YOU and Margaret Hatch (also known as

4 Margaret Leahy and/or Margaret Hatch-Leahy), including without limitation all drafts

5 thereof and amendments, modifications and revisions thereto.

6 **RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

7  MGA incorporates by reference the above-stated general objections as if fully set

8 forth herein. MGA specifically objects to this request on the grounds that it seeks

9 information not relevant to the subject matter of this lawsuit or reasonably calculated to

10 lead to the discovery of admissible evidence. MGA also objects to this request on the

11 grounds that it seeks information in violation of the right of privacy. MGA also objects to

12 this request on the grounds that it seeks confidential, proprietary or commercially

13 sensitive information, the disclosure of which would be inimical to the business interests

14 of MGA. MGA also objects to this request to the extent it calls for the disclosure of

15 attorney-client privileged information or information protected from disclosure by the

16 work-product doctrine, joint defense or common interest privilege, or other privilege.

17 MGA also objects to this request to the extent that it seeks documents not in MGA's

18 possession, custody or control.

19  Subject to the foregoing, MGA will produce nonprivileged agreements and

20 contracts in its possession, custody or control, between MGA and Margaret Leahy relating

21 to work performed prior to January 1, 2001, if any, that it is able to locate following a

22 reasonably diligent search.

23 **REQUEST FOR PRODUCTION NO. 19:**

24  All DOCUMENTS that REFER OR RELATE TO any agreement or contract

25 between YOU and Margaret Hatch (also known as Margaret Leahy and/or Margaret

26 Hatch-Leahy), including without limitation all COMMUNICATIONS that REFER OR

27 RELATE thereto.

28

LA2:756234.3   19   MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

Exhibit D , P. 38

Case 2:04-cv-09049-DOC-RNB  Document 3538-2  Filed 05/08/08  Page 45 of 114  Page ID
#:61279
Case 2:04-cv-09049-SGL-RNB  Document 2041-3  Filed 02/11/2008  Page 37 of 134

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

2      MGA incorporates by reference the above-stated general objections as if fully set

3  forth herein. MGA also specifically objects to this request on the grounds that it seeks

4  information not relevant to the subject matter of this lawsuit or reasonably calculated to

5  lead to the discovery of admissible evidence. MGA also objects to this request on the

6  grounds that it is overbroad, unlimited as to time, and unduly burdensome and oppressive.

7  MGA also objects to this request on the grounds that it seeks information in violation of

8  the right of privacy. MGA also objects to this request on the grounds that it seeks

9  confidential, proprietary or commercially sensitive information, the disclosure of which

10  would be inimical to the business interests of MGA. MGA also objects to this request to

11  the extent it calls for the disclosure of attorney-client privileged information or

12  information protected from disclosure by the work-product doctrine, joint defense or

13  common interest privilege, or other privilege. MGA also objects to this request to the

14  extent that it seeks documents not in MGA's possession, custody or control.

15      Subject to the foregoing, MGA will produce nonprivileged documents and

16  communications in its possession, custody or control, relating to any agreements and

17  contracts between MGA and Margaret Leahy for work performed prior to January 1,

18  2001, if any, that it is able to locate following a reasonably diligent search.

19  **REQUEST FOR PRODUCTION NO. 20:**

20      All agreements and contracts between YOU and Sarah Halpern, including without

21  limitation all drafts thereof and amendments, modifications and revisions thereto.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

23      MGA incorporates by reference the above-stated general objections as if fully set

24  forth herein. MGA specifically objects to this request on the grounds that it seeks

25  information not relevant to the subject matter of this lawsuit or reasonably calculated to

26  lead to the discovery of admissible evidence. MGA also objects to this request on the

27  grounds that it seeks information in violation of the right of privacy. MGA also objects to

28  this request on the grounds that it seeks confidential, proprietary or commercially

LA2:756234.3                    20                  MGA'S RESPONSE TO 1ST SET OF
                                                    REQUEST FOR PRODUCTION OF
                                                    DOCUMENTS

Exhibit __D__, P. __37__

Case 2:04-cv-09049-DOC-RNB   Document 3538-2   Filed 05/08/08   Page 46 of 114   Page ID
#:61280
Case 2:04-cv-09049-SGL-RNB   Document 2041-3   Filed 02/11/2008   Page 38 of 134

1   sensitive information, the disclosure of which would be inimical to the business interests

2   of MGA. MGA also objects to this request to the extent it calls for the disclosure of

3   attorney-client privileged information or information protected from disclosure by the

4   work-product doctrine, joint defense or common interest privilege, or other privilege.

5   MGA also objects to this request to the extent that it seeks documents not in MGA's

6   possession, custody or control.

7          Subject to the foregoing, MGA will produce nonprivileged agreements and

8   contracts in its possession, custody or control, between MGA and Sarah Halpern relating

9   to work performed prior to January 1, 2001, if any, that it is able to locate following a

10   reasonably diligent search.

11   **REQUEST FOR PRODUCTION NO. 21:**

12          All DOCUMENTS that REFER OR RELATE TO any agreement or contract

13   between YOU and Sarah Halpern, including without limitation all COMMUNICATIONS

14   that REFER OR RELATE thereto.

15   **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

16          MGA incorporates by reference the above-stated general objections as if fully set

17   forth herein. MGA also specifically objects to this request on the grounds that it seeks

18   information not relevant to the subject matter of this lawsuit or reasonably calculated to

19   lead to the discovery of admissible evidence. MGA also objects to this request on the

20   grounds that it is overbroad, unlimited as to time, and unduly burdensome and oppressive.

21   MGA also objects to this request on the grounds that it seeks information in violation of

22   the right of privacy. MGA also objects to this request on the grounds that it seeks

23   confidential, proprietary or commercially sensitive information, the disclosure of which

24   would be inimical to the business interests of MGA. MGA also objects to this request to

25   the extent it calls for the disclosure of attorney-client privileged information or

26   information protected from disclosure by the work-product doctrine, joint defense or

27   common interest privilege, or other privilege. MGA also objects to this request to the

28   extent that it seeks documents not in MGA's possession, custody or control.

LA2:756234.3                          21          MGA'S RESPONSE TO 1ST SET OF
                                                  REQUEST FOR PRODUCTION OF
                                                  DOCUMENTS

Exhibit D , P. 40

Case 2:04-cv-09049-DOC-RNB  Document 3538-2  Filed 05/08/08  Page 47 of 114  Page ID
#:61281
Case 2:04-cv-09049-SGL-RNB    Document 2041-3    Filed 02/11/2008    Page 39 of 134

1.   Subject to the foregoing, MGA will produce nonprivileged documents and

2   communications in its possession, custody or control, relating to any agreements and

3   contracts between MGA and Sarah Halpern for work performed prior to January 1, 2001,

4   if any, that it is able to locate following a reasonably diligent search.

5   **REQUEST FOR PRODUCTION NO. 22:**

6   All agreements and contracts between YOU and Jesse Ramirez, including without

7   limitation all drafts thereof and amendments, modifications and revisions thereto.

8   **RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

9   MGA incorporates by reference the above-stated general objections as if fully set

10   forth herein.  MGA specifically objects to this request on the grounds that it seeks

11   information not relevant to the subject matter of this lawsuit or reasonably calculated to

12   lead to the discovery of admissible evidence. MGA also objects to this request on the

13   grounds that it seeks information in violation of the right of privacy.  MGA also objects to

14   this request on the grounds that it seeks confidential, proprietary or commercially

15   sensitive information, the disclosure of which would be inimical to the business interests

16   of MGA.  MGA also objects to this request to the extent it calls for the disclosure of

17   attorney-client privileged information or information protected from disclosure by the

18   work-product doctrine, joint defense or common interest privilege, or other privilege.

19   MGA also objects to this request to the extent that it seeks documents not in MGA's

20   possession, custody or control.

21   Subject to the foregoing, MGA will produce nonprivileged agreements and

22   contracts in its possession, custody or control, between MGA and Jesse Ramirez relating

23   to work performed prior to January 1, 2001, if any, that it is able to locate following a

24   reasonably diligent search.

25   **REQUEST FOR PRODUCTION NO. 23:**

26   All DOCUMENTS that REFER OR RELATE TO any agreement or contract

27   between YOU and Jesse Ramirez, including without limitation all COMMUNICATIONS

28   that REFER OR RELATE thereto.

LA2:756234.3                              22                MGA'S RESPONSE TO 1ST SET OF
                                                           REQUEST FOR PRODUCTION OF
                                                           DOCUMENTS

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

2      MGA incorporates by reference the above-stated general objections as if fully set

3  forth herein.  MGA also specifically objects to this request on the grounds that it seeks

4  information not relevant to the subject matter of this lawsuit or reasonably calculated to

5  lead to the discovery of admissible evidence.  MGA also objects to this request on the

6  grounds that it is overbroad, unlimited as to time, and unduly burdensome and oppressive.

7  MGA also objects to this request on the grounds that it seeks information in violation of

8  the right of privacy.  MGA also objects to this request on the grounds that it seeks

9  confidential, proprietary or commercially sensitive information, the disclosure of which

10  would be inimical to the business interests of MGA.  MGA also objects to this request to

11  the extent it calls for the disclosure of attorney-client privileged information or

12  information protected from disclosure by the work-product doctrine, joint defense or

13  common interest privilege, or other privilege.  MGA also objects to this request to the

14  extent that it seeks documents not in MGA's possession, custody or control.

15      Subject to the foregoing, MGA will produce nonprivileged documents and

16  communications in its possession, custody or control, relating to any agreements and

17  contracts between MGA and Jesse Ramirez for work performed prior to January 1, 2001,

18  if any, that it is able to locate following a reasonably diligent search.

19  **REQUEST FOR PRODUCTION NO. 24:**

20      All agreements and contracts between YOU and Elise Cloonan, including without

21  limitation all drafts thereof and amendments, modifications and revisions thereto.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

23      MGA incorporates by reference the above-stated general objections as if fully set

24  forth herein.  MGA specifically objects to this request on the grounds that it seeks

25  information not relevant to the subject matter of this lawsuit or reasonably calculated to

26  lead to the discovery of admissible evidence.  MGA also objects to this request on the

27  grounds that it seeks information in violation of the right of privacy.  MGA also objects to

28  this request on the grounds that it seeks confidential, proprietary or commercially

LA2:756234.3                         23          MGA'S RESPONSE TO 1ST SET OF
                                                 REQUEST FOR PRODUCTION OF
                                                 DOCUMENTS

Exhibit _D_, P._42_

Case 2:04-cv-09049-DOC-RNB    Document 3538-2    Filed 05/08/08    Page 49 of 114    Page ID
#:61283
Case 2:04-cv-09049-SGL-RNB    Document 2041-3    Filed 02/11/2008    Page 41 of 134

1    sensitive information, the disclosure of which would be inimical to the business interests

2    of MGA. MGA also objects to this request to the extent it calls for the disclosure of

3    attorney-client privileged information or information protected from disclosure by the

4    work-product doctrine, joint defense or common interest privilege, or other privilege.

5    MGA also objects to this request to the extent that it seeks documents not in MGA's

6    possession, custody or control.

7        Subject to the foregoing, MGA will produce nonprivileged agreements and

8    contracts in its possession, custody or control, between MGA and Elise Cloonan relating

9    to work performed prior to January 1, 2001, if any, that it is able to locate following a

10   reasonably diligent search.

11   **REQUEST FOR PRODUCTION NO. 25:**

12       All DOCUMENTS that REFER OR RELATE TO any agreement or contract

13   between YOU and Elise Cloonan, including without limitation all COMMUNICATIONS

14   that REFER OR RELATE thereto.

15   **RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

16       MGA incorporates by reference the above-stated general objections as if fully set

17   forth herein. MGA also specifically objects to this request on the grounds that it seeks

18   information not relevant to the subject matter of this lawsuit or reasonably calculated to

19   lead to the discovery of admissible evidence. MGA also objects to this request on the

20   grounds that it is overbroad, unlimited as to time, and unduly burdensome and oppressive.

21   MGA also objects to this request on the grounds that it seeks information in violation of

22   the right of privacy. MGA also objects to this request on the grounds that it seeks

23   confidential, proprietary or commercially sensitive information, the disclosure of which

24   would be inimical to the business interests of MGA. MGA also objects to this request to

25   the extent it calls for the disclosure of attorney-client privileged information or

26   information protected from disclosure by the work-product doctrine, joint defense or

27   common interest privilege, or other privilege. MGA also objects to this request to the

28   extent that it seeks documents not in MGA's possession, custody or control.

LA2:756234.3

24

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

Exhibit  D , P. 43

Case 2:04-cv-09049-DOC-RNB   Document 3538-2   Filed 05/08/08   Page 50 of 114   Page ID
#:61284
Case 2:04-cv-09049-SGL-RNB   Document 2041-3   Filed 02/11/2008   Page 42 of 134

1    Subject to the foregoing, MGA will produce nonprivileged documents and

2    communications in its possession, custody or control, relating to any agreements and

3    contracts between MGA and Elise Cloonan for work performed prior to January 1, 2001,

4    if any, that it is able to locate following a reasonably diligent search.

5    **REQUEST FOR PRODUCTION NO. 26:**

6    All DOCUMENTS that REFER OR RELATE TO DESIGNS that BRYANT

7    produced, prepared, created, authored, conceived of or reduced to practice, whether alone

8    or jointly with others, prior to January 1, 2001.

9    **RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

10   MGA incorporates by reference the above-stated general objections as if fully set

11   forth herein. MGA also specifically objects to this request to the extent it seeks

12   information not relevant or reasonably calculated to lead to the discovery of admissible

13   evidence and is, thus, overbroad, unduly burdensome and oppressive including, without

14   limitation, in seeking documents relating to DESIGNS not in issue in this action, and in

15   that it reaches back into time indefinitely and, thus, for example, calls for documents

16   referring or relating to DESIGNS Bryant might have conceived of in his childhood and

17   that have nothing whatsoever to do with this action. MGA also objects to this request to

18   the extent it seeks information the disclosure of which would implicate the rights of third

19   parties to protect private, confidential, proprietary or trade secret information. MGA also

20   objects to this request on the grounds that it seeks confidential, proprietary or

21   commercially sensitive information, the disclosure of which would be inimical to the

22   business interests of MGA. MGA also objects to this request to the extent it calls for the

23   disclosure of attorney-client privileged information or information protected from

24   disclosure by the work-product doctrine, joint defense or common interest privilege, or

25   other privilege. MGA also objects to this request to the extent that it seeks documents not

26   in MGA's possession, custody or control.

27

28

LA2:756234.3                                    25                    MGA'S RESPONSE TO 1ST SET OF
                                                                      REQUEST FOR PRODUCTION OF
                                                                      DOCUMENTS

Case 2:04-cv-09049-DOC-RNB   Document 3538-2   Filed 05/08/08   Page 51 of 114   Page ID
#:61285
Case 2:04-cv-09049-SGL-RNB   Document 2041-3   Filed 02/11/2008   Page 43 of 134

1    Subject to the foregoing, MGA will produce all relevant and responsive non-

2    objectionable documents in its possession, custody or control, if any, that it is able to

3    locate following a reasonably diligent search.

4    **REQUEST FOR PRODUCTION NO. 27:**

5    All DOCUMENTS that REFER OR RELATE TO DESIGNS produced, prepared,

6    created, authored, conceived of or reduced to practice prior to January 1, 2001 by

7    BRYANT, whether alone or jointly with others, in which YOU have purported at any time

8    to purchase, acquire or own any right, title or interest (whether in whole or in part).

9    **RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

10    MGA incorporates by reference the above-stated general objections as if fully set

11    forth herein. MGA also specifically objects to this request to the extent it seeks

12    information not relevant or reasonably calculated to lead to the discovery of admissible

13    evidence and is, thus, overbroad, including, without limitation, seeking documents

14    relating to any DESIGNS created, authored, conceived of or reduced to practice prior to

15    January 1, 2001 by BRYANT, and is therefore not limited to those DESIGNS that may be

16    at issue in this litigation. MGA also objects to this request to the extent it seeks

17    information the disclosure of which would implicate the rights of third parties to protect

18    private, confidential, proprietary or trade secret information. MGA also objects to this

19    request on the grounds that it seeks confidential, proprietary or commercially sensitive

20    information, the disclosure of which would be inimical to the business interests of MGA.

21    MGA also objects to this request to the extent it calls for the disclosure of attorney-client

22    privileged information or information protected from disclosure by the work-product

23    doctrine, joint defense or common interest privilege, or other privilege. MGA also objects

24    to this request to the extent that it seeks documents not in MGA's possession, custody or

25    control.

26    Subject to the foregoing, MGA will produce all relevant and responsive non-

27    objectionable documents in its possession, custody or control, if any, that it is able to

28    locate following a reasonably diligent search.

LA2:756234.3                                        26                    MGA'S RESPONSE TO 1ST SET OF
                                                                         REQUEST FOR PRODUCTION OF
                                                                         DOCUMENTS

Exhibit D , P. 45

1  **REQUEST FOR PRODUCTION NO. 28:**

2      All DOCUMENTS that REFER OR RELATE TO DESIGNS produced, prepared,

3  created, authored, conceived of or reduced to practice prior to January 1, 2001 by

4  Margaret Hatch (also known as Margaret Leahy and/or Margaret Hatch-Leahy), whether

5  alone or jointly with others, in which YOU have purported at any time to purchase,

6  acquire or own any right, title or interest (whether in whole or in part).

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

8      MGA incorporates by reference the above-stated general objections as if fully set

9  forth herein. MGA also specifically objects to this request to the extent it seeks

10  information not relevant or reasonably calculated to lead to the discovery of admissible

11  evidence and is, thus, overbroad, including, without limitation, seeking documents

12  relating to any DESIGNS created, authored, conceived of or reduced to practice prior to

13  January 1, 2001 by Margaret Leahy, and is therefore not limited to those DESIGNS that

14  may be at issue in this litigation. MGA also objects to this request to the extent it seeks

15  information the disclosure of which would implicate the rights of third parties to protect

16  private, confidential, proprietary or trade secret information. MGA also objects to this

17  request on the grounds that it seeks confidential, proprietary or commercially sensitive

18  information, the disclosure of which would be inimical to the business interests of MGA.

19  MGA also objects to this request to the extent it calls for the disclosure of attorney-client

20  privileged information or information protected from disclosure by the work-product

21  doctrine, joint defense or common interest privilege, or other privilege. MGA also objects

22  to this request to the extent that it seeks documents not in MGA's possession, custody or

23  control.

24      Subject to the foregoing, MGA will produce all relevant and responsive non-

25  objectionable documents in its possession, custody or control, if any, that it is able to

26  locate following a reasonably diligent search.

27  **REQUEST FOR PRODUCTION NO. 29:**

28      All DOCUMENTS, including without limitation all COMMUNICATIONS

LA2:756234.3

27 .

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

Exhibit _D_ , P._46_

Case 2:04-cv-09049-DOC-RNB   Document 3538-2   Filed 05/08/08   Page 53 of 114   Page ID
#:61287
Case 2:04-cv-09049-SGL-RNB   Document 2041-3   Filed 02/11/2008   Page 45 of 134

1  between YOU and any PERSON, that REFER OR RELATE TO any agreement or
2  contract between BRYANT and Mattel, Inc.
3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**
4          MGA incorporates by reference the above-stated general objections as if fully set
5  forth herein. MGA also specifically objects to this request to the extent it seeks
6  information the disclosure of which would implicate the rights of third parties to protect
7  private, confidential, proprietary or trade secret information. MGA also objects to this
8  request to the extent it calls for the disclosure of attorney-client privileged information or
9  information protected from disclosure by the work-product doctrine, joint defense or
10 common interest privilege, or other privilege. MGA also objects to this request to the
11 extent that it seeks documents not in MGA's possession, custody or control.
12         Subject to the foregoing, MGA will produce all relevant and responsive non-
13 objectionable documents in its possession, custody or control, if any, that it is able to
14 locate following a reasonably diligent search.
15 **REQUEST FOR PRODUCTION NO. 30:**
16         All DOCUMENTS, including without limitation all COMMUNICATIONS
17 between YOU and any PERSON, that REFER OR RELATE TO any agreement or
18 contract between Margaret Hatch (also known as Margaret Leahy and/or Margaret
19 Hatch-Leahy) and Mattel, Inc.
20 **RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**
21         MGA incorporates by reference the above-stated general objections as if fully set
22 forth herein. MGA also specifically objects to this request to the extent it seeks
23 information the disclosure of which would implicate the rights of third parties to protect
24 private, confidential, proprietary or trade secret information. MGA also objects to this
25 request to the extent it calls for the disclosure of attorney-client privileged information or
26 information protected from disclosure by the work-product doctrine, joint defense or
27 common interest privilege, or other privilege. MGA also objects to this request to the
28 extent that it seeks documents not in MGA's possession, custody or control.

LA2:756234.3                          28                    MGA'S RESPONSE TO 1ST SET OF
                                                           REQUEST FOR PRODUCTION OF
                                                           DOCUMENTS

Exhibit __D__, P. __47__

Case 2:04-cv-09049-DOC-RNB   Document 3538-2   Filed 05/08/08   Page 54 of 114   Page ID
#:61288
Case 2:04-cv-09049-SGL-RNB      Document 2041-3      Filed 02/11/2008      Page 46 of 134

1        Subject to the foregoing, MGA will produce all relevant and responsive non-

2  objectionable documents in its possession, custody or control, if any, that it is able to

3  locate following a reasonably diligent search.

4  **REQUEST FOR PRODUCTION NO. 31:**

5       All COMMUNICATIONS between YOU and BRYANT that REFER OR

6  RELATE TO Mattel, Inc. or any officer, director, employee or representative of Mattel,

7  Inc.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

9       MGA incorporates by reference the above-stated general objections as if fully set

10  forth herein. MGA also specifically objects to this request on the grounds that it seeks

11  information not relevant to the subject matter of this lawsuit or reasonably calculated to

12  lead to the discovery of admissible evidence. MGA also objects to this request on the

13  grounds that it is unlimited in time and subject matter and is, thus, overbroad, unduly

14  burdensome and oppressive, including, without limitation, in calling for communications

15  exchanged between any person at MGA and Bryant on any subject matter relating or

16  referring in any way to Mattel. MGA also objects to this request on the grounds that it is

17  overbroad, without limitation, in potentially extending to communications that any of

18  MGA's employees, agents or representatives may have exchanged with Bryant that refer

19  or relate to Mattel or any of its officers, directors, employees, or representatives,

20  regardless of whether any such person was employed by Mattel at the time of the

21  communication, and which communication may be unrelated in any way to the subject

22  matter of this lawsuit, MGA, MGA's business or may, indeed, have occurred when none

23  of the parties to the communications worked for or on behalf of MGA. MGA also objects

24  to this request to the extent it seeks information the disclosure of which would implicate

25  the rights of third parties to protect private, confidential, proprietary or trade secret

26  information. MGA also objects to this request on the grounds that it seeks confidential,

27  proprietary or commercially sensitive information, the disclosure of which would be

28  inimical to the business interests of MGA. MGA also objects to this request to the extent

LA2:756234.3             29        MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

Case 2:04-cv-09049-DOC-RNB  Document 3538-2  Filed 05/08/08  Page 55 of 114  Page ID
#:61289
Case 2:04-cv-09049-SGL-RNB  Document 2041-3  Filed 02/11/2008  Page 47 of 134

1    it calls for the disclosure of attorney-client privileged information or information

2    protected from disclosure by the work-product doctrine, the joint defense or common

3    interest privilege, or other privilege.

4        Subject to the foregoing, MGA will produce all relevant responsive non-

5    objectionable documents, if any, in its possession, custody or control, that it is able to

6    locate following a reasonably diligent search.

7    **REQUEST FOR PRODUCTION NO. 32:**

8        All DOCUMENTS prepared, written, transmitted or received (whether in whole or

9    in part) prior to January 1, 2001 that REFER OR RELATE TO BRATZ.

10   **RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

11       MGA incorporates by reference the above-stated general objections as if fully set

12   forth herein. MGA also specifically objects to this request on the grounds that it seeks

13   confidential, proprietary, or commercially sensitive information, the disclosure of which

14   would be inimical to the business interests of MGA. MGA also objects to this request to

15   the extent it calls for the disclosure of attorney-client privileged information or

16   information protected from disclosure by the work product doctrine, joint defense or

17   common interest privilege, or other privilege.

18       Subject to the foregoing, MGA will produce all relevant and responsive non-

19   objectionable documents in its possession, custody or control, if any, that it is able to

20   locate following a reasonably diligent search.

21   **REQUEST FOR PRODUCTION NO. 33:**

22       All DOCUMENTS that REFER OR RELATE TO BRATZ that REFER OR

23   RELATE TO any time prior to January 1, 2001 (regardless of when such document was

24   prepared, written, transmitted or received, whether in whole or in part).

25   **RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

26       MGA incorporates by reference the above-stated general objections as if fully set

27   forth herein. MGA also specifically objects to this request on the grounds that it seeks

28   confidential, proprietary, or commercially sensitive information, the disclosure of which

LA2:756234.3                          30              MGA'S RESPONSE TO I<sup>ST</sup> SET OF
                                                     REQUEST FOR PRODUCTION OF
                                                     DOCUMENTS

Exhibit  D , P. 47

Case 2:04-cv-09049-DOC-RNB   Document 3538-2   Filed 05/08/08   Page 56 of 114   Page ID
#:61290
Case 2:04-cv-09049-SGL-RNB   Document 2041-3   Filed 02/11/2008   Page 48 of 134

1   would be inimical to the business interests of MGA. MGA also specifically objects to this

2   request on the grounds that it seeks information not relevant to the subject matter of this

3   lawsuit or reasonably calculated to lead to the discovery of admissible evidence. MGA

4   further objects to this request in the grounds that it is vague, ambiguous and unintelligible,

5   particularly in its use of the phrase "that refer or relate to Bratz that refer or relate to any

6   time . . ." MGA also objects to this request to the extent it calls for the disclosure of

7   attorney-client privileged information or information protected from disclosure by the

8   work product doctrine, joint defense or common interest privilege, or other privilege.

9       Subject to the foregoing, to the extent MGA is able to understand this request,

10   MGA will produce all relevant and responsive non-objectionable documents in its

11   possession, custody or control, if any, that it is able to locate following a reasonably

12   diligent search.

13   **REQUEST FOR PRODUCTION NO. 34:**

14       All DOCUMENTS prepared, written, transmitted or received (whether in whole or

15   in part) prior to January 1, 2001 that REFER OR RELATE TO ANGEL.

16   **RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

17       MGA incorporates by reference the above-stated general objections as if fully set

18   forth herein. MGA also specifically objects to this request on the grounds that it seeks

19   information not relevant to the subject matter of this lawsuit or reasonably calculated to

20   lead to the discovery of admissible evidence and is, thus, overbroad including, without

21   limitation, in that it seeks documents referring or relating to MGA products not at issue in

22   this lawsuit. MGA also objects to this request on the grounds that it seeks confidential,

23   proprietary, or commercially sensitive information, the disclosure of which would be

24   inimical to the business interests of MGA. MGA also objects to this request to the extent

25   it calls for the disclosure of attorney-client privileged information or information

26   protected from disclosure by the work product doctrine, joint defense or common interest

27   privilege, or other privilege.

28

LA2:756234.3

31

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

Exhibit  D , P.  50

Case 2:04-cv-09049-DOC-RNB  Document 3538-2  Filed 05/08/08  Page 57 of 114  Page ID
#:61291
Case 2:04-cv-09049-SGL-RNB  Document 2041-3  Filed 02/11/2008  Page 49 of 134

1    Subject to the foregoing, MGA will produce all documents in its possession,

2    custody or control, if any, that refer or relate to the Angel project that were prepared,

3    written, transmitted or received prior to January 1, 2001, that it is able to locate following

4    a reasonably diligent search.

5    **REQUEST FOR PRODUCTION NO. 35:**

6    All DOCUMENTS that REFER OR RELATE TO ANGEL that REFER OR

7    RELATE TO any time prior to January 1, 2001 (regardless of when such document was

8    prepared, written, transmitted or received, whether in whole or in part).

9    **RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

10    MGA incorporates by reference the above-stated general objections as if fully set

11    forth herein. MGA also specifically objects to this request on the grounds that it seeks

12    information not relevant to the subject matter of this lawsuit or reasonably calculated to

13    lead to the discovery of admissible evidence and is, thus, overbroad, unduly burdensome

14    and oppressive, including, without limitation, in that it seeks documents referring or

15    relating to MGA products not at issue in this lawsuit. MGA also objects to this request on

16    the grounds that it seeks confidential, proprietary, or commercially sensitive information,

17    the disclosure of which would be inimical to the business interests of MGA. MGA further

18    objects to this request in the grounds that it is vague, ambiguous and unintelligible,

19    particularly in its use of the phrase "that refer or relate to Angel that refer or relate to any

20    time . . ." MGA also objects to this request to the extent it calls for the disclosure of

21    attorney-client privileged information or information protected from disclosure by the

22    work product doctrine, joint defense or common interest privilege, or other privilege.

23    Subject to the foregoing, to the extent MGA is able to understand this request,

24    MGA will produce all documents in its possession, custody or control, if any, that refer or

25    relate to the Angel project prior to January 1, 2001, that it is able to locate following a

26    reasonably diligent search.

27    **REQUEST FOR PRODUCTION NO. 36:**

28    All DOCUMENTS that REFER OR RELATE TO the origin(s), conception or

LA2:756234.3                    32                MGA'S RESPONSE TO 1ST SET OF
                                                  REQUEST FOR PRODUCTION OF
                                                  DOCUMENTS

Exhibit D , P. 51

Case 2:04-cv-09049-DOC-RNB Document 3538-2 Filed 05/08/08 Page 58 of 114 Page ID
#:61292
Case 2:04-cv-09049-SGL-RNB Document 2041-3 Filed 02/11/2008 Page 50 of 134

1   creation of BRATZ, including without limitation all DOCUMENTS that REFER OR

2   RELATE TO the timing of, and the method and manner in which, BRATZ first came to

3   YOUR attention.

4   **RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

5   MGA incorporates by reference the above-stated general objections as if fully set

6   forth herein. MGA also specifically objects to this request on the grounds that it seeks

7   confidential, proprietary, or commercially sensitive information, the disclosure of which

8   would be inimical to the business interests of MGA. MGA also objects to this request on

9   the grounds that it seeks information not relevant to the subject matter of this lawsuit or

10  reasonably calculated to lead to the discovery of admissible evidence and is, thus,

11  overbroad, unduly burdensome and oppressive, including, without limitation, to the extent

12  it seeks documents referring or relating to Bratz beyond the first four characters and first

13  generation of dolls. MGA also objects to this request to the extent it seeks documents not

14  within MGA's possession, custody or control. MGA also objects to this request to the

15  extent it calls for the disclosure of attorney-client privileged information or information

16  protected from disclosure by the work product doctrine, joint defense or common interest

17  privilege, or other privilege.

18  Subject to the foregoing, MGA will produce all relevant and responsive non-

19  objectionable documents in its possession, custody, or control, if any, that refer or relate to

20  the origin(s), conception or creation of First Generation Bratz, that it is able to locate

21  following a reasonably diligent search.

22  **REQUEST FOR PRODUCTION NO. 37:**

23  All declarations, affidavits and other sworn written statements of any other type or

24  form by YOU that REFER OR RELATE TO BRATZ (other than those previously filed

25  and served in this action).

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

27  MGA incorporates by reference the above-stated general objections as if fully set

28  forth herein. MGA also specifically objects to this request on the grounds that it seeks

LA2:756234.3                         33                MGA'S RESPONSE TO 1ST SET OF
                                                       REQUEST FOR PRODUCTION OF
                                                       DOCUMENTS

Exhibit  D , P.  52

Case 2:04-cv-09049-DOC-RNB   Document 3538-2   Filed 05/08/08   Page 59 of 114   Page ID
#:61293
Case 2:04-cv-09049-SGL-RNB   Document 2041-3   Filed 02/11/2008   Page 51 of 134

1    information not relevant to the subject matter of this lawsuit or reasonably calculated to

2    lead to the discovery of admissible evidence and is, thus, overbroad, unduly burdensome

3    and oppressive including, without limitation, in calling for all declarations, affidavits and

4    other sworn written statements that refer or relate to Bratz but not otherwise limited as to

5    subject matter, and not limited in any way as to time.  MGA also objects to this request on

6    the grounds that it seeks information that is already known to Mattel and/or is a matter of

7    public record and/or is equally available to Mattel, and is, therefore, unduly burdensome

8    and oppressive.  MGA also objects to this request on the grounds that it seeks

9    confidential, proprietary or commercially sensitive information, the disclosure of which

10   would be inimical to the business interests of MGA.  MGA also objects to this request to

11   the extent that it may seek documents the disclosure of which is or may be governed by

12   court orders.  MGA also objects to this request to the extent it seeks information the

13   disclosure of which would implicate the rights of third parties to protect private,

14   confidential, proprietary or trade secret information.  MGA also objects to this request to

15   the extent it may seek documents the disclosure of which is or may be protected by

16   contract or agreement.  MGA also objects to this request to the extent it calls for the

17   disclosure of attorney-client privileged information or information protected from

18   disclosure by the work-product doctrine, the joint defense or common interest privilege, or

19   other privilege.

20        Subject to the foregoing, MGA will not produce documents in response to this

21   request.

22   **REQUEST FOR PRODUCTION NO. 38:**

23        All transcripts and video and/or audio recordings of statements made by YOU

24   under oath, including without limitation all deposition transcripts, trial transcripts and

25   arbitration transcripts, that REFER OR RELATE TO BRATZ (other than those taken in

26   this action when Mattel, Inc.'s counsel was in attendance).

27   **RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

28        MGA incorporates by reference the above-stated general objections as if fully set

LA2:756234.3                              34                    MGA'S RESPONSE TO 1ST SET OF
                                                               REQUEST FOR PRODUCTION OF
                                                               DOCUMENTS

Exhibit  D , P.  53

Case 2:04-cv-09049-DOC-RNB   Document 3538-2   Filed 05/08/08   Page 60 of 114   Page ID
#:61294
Case 2:04-cv-09049-SGL-RNB   Document 2041-3   Filed 02/11/2008   Page 52 of 134

1   forth herein. MGA also specifically objects to this request on the grounds that it seeks

2   information not relevant to the subject matter of this lawsuit or reasonably calculated to

3   lead to the discovery of admissible evidence and is, thus, overbroad, unduly burdensome

4   and oppressive including, without limitation, in calling for all transcripts and video and/or

5   audio recordings of statements made by MGA under oath, including without limitation all

6   deposition transcripts, trial transcripts and arbitration transcripts refer or relate to Bratz

7   but not otherwise limited as to subject matter, and not limited in any way as to time.

8   MGA also objects to this request on the grounds that it seeks information that is already

9   known to Mattel and/or is a matter of public record and/or is equally available to Mattel,

10  and is, therefore, unduly burdensome and oppressive. MGA also objects to this request on

11  the grounds that it seeks confidential, proprietary or commercially sensitive information,

12  the disclosure of which would be inimical to the business interests of MGA. MGA also

13  objects to this request to the extent that it may seek documents the disclosure of which is

14  or may be governed by court orders.  MGA also objects to this request to the extent it

15  seeks information the disclosure of which would implicate the rights of third parties to

16  protect private, confidential, proprietary or trade secret information. MGA also objects to

17  this request to the extent it may seek documents the disclosure of which is or may be

18  protected by contract or agreement. MGA also objects to this request to the extent it calls

19  for the disclosure of attorney-client privileged information or information protected from

20  disclosure by the work-product doctrine, the joint defense or common interest privilege, or

21  other privilege.

22      Subject to the foregoing, MGA will not produce documents in response to this

23  request.

24  <u>REQUEST FOR PRODUCTION NO. 39</u>:

25      All declarations, affidavits and other sworn written statements of any other type or

26  form by any PERSON that REFER OR RELATE TO ANGEL (other than those

27  previously filed and served in this action).

28

LA2:756234.3                          35                    MGA'S RESPONSE TO 1ST SET OF
                                                           REQUEST FOR PRODUCTION OF
                                                           DOCUMENTS

1. **RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

2.      MGA incorporates by reference the above-stated general objections as if fully set

3. forth herein. MGA also specifically objects to this request on the grounds that it seeks

4. information not relevant to the subject matter of this lawsuit or reasonably calculated to

5. lead to the discovery of admissible evidence in that it seeks information relating to MGA

6. products not at issue in this litigation. MGA also objects to this request on the grounds

7. that it is overbroad, unduly burdensome and oppressive including, without limitation, in

8. calling for all declarations, affidavits and other sworn written statements that refer or

9. relate to Angel, and is not otherwise limited as to subject matter, and not limited in any

10. way as to time. MGA also objects to this request on the grounds that it seeks information

11. that is already known to Mattel and/or is a matter of public record and/or is equally

12. available to Mattel, and is, therefore, unduly burdensome and oppressive. MGA also

13. objects to this request on the grounds that it seeks confidential, proprietary or

14. commercially sensitive information, the disclosure of which would be inimical to the

15. business interests of MGA. MGA also objects to this request to the extent that it may seek

16. documents the disclosure of which is or may be governed by court orders. MGA also

17. objects to this request to the extent it seeks information the disclosure of which would

18. implicate the rights of third parties to protect private, confidential, proprietary or trade

19. secret information. MGA also objects to this request to the extent it may seek documents

20. the disclosure of which is or may be protected by contract or agreement. MGA also

21. objects to this request to the extent it calls for the disclosure of attorney-client privileged

22. information or information protected from disclosure by the work-product doctrine, the

23. joint defense or common interest privilege, or other privilege.

24.      Subject to the foregoing, MGA will not produce documents in response to this

25. request.

26. **REQUEST FOR PRODUCTION NO. 40:**

27.      All transcripts and video and/or audio recordings of statements made by any

28. PERSON under oath, including without limitation all deposition transcripts, trial

LA2:756234.3                                  36                    MGA'S RESPONSE TO 1ST SET OF
                                                                   REQUEST FOR PRODUCTION OF
                                                                   DOCUMENTS

Exhibit D , P. 55

Case 2:04-cv-09049-DOC-RNB   Document 3538-2   Filed 05/08/08   Page 62 of 114   Page ID
#:61296
Case 2:04-cv-09049-SGL-RNB   Document 2041-3   Filed 02/11/2008   Page 54 of 134

1   transcripts and arbitration transcripts, that REFER OR RELATE TO ANGEL (other than

2   those taken in this action when Mattel, Inc.'s counsel was in attendance).

3   **RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

4          MGA incorporates by reference the above-stated general objections as if fully set

5   forth herein. MGA also specifically objects to this request on the grounds that it seeks

6   information not relevant to the subject matter of this lawsuit or reasonably calculated to

7   lead to the discovery of admissible evidence in that it seeks information relating to MGA

8   products not at issue in this litigation. MGA also objects to this request on the grounds

9   that it is overbroad, unduly burdensome and oppressive including, without limitation, in

10  calling for all transcripts and video and/or audio recordings of statements made by any

11  person under oath, including without limitation all deposition transcripts, trial transcripts

12  and arbitration transcripts refer or relate to Angel but not otherwise limited as to subject

13  matter, and not limited in any way as to time. MGA also objects to this request to the

14  extent that it seeks documents not in MGA's possession, custody or control. MGA also

15  objects to this request on the grounds that it seeks information that is already known to

16  Mattel and/or is a matter of public record and/or is equally available to Mattel, and is,

17  therefore, unduly burdensome and oppressive. MGA also objects to this request on the

18  grounds that it seeks confidential, proprietary or commercially sensitive information, the

19  disclosure of which would be inimical to the business interests of MGA. MGA also

20  objects to this request to the extent that it may seek documents the disclosure of which is

21  or may be governed by court orders. MGA also objects to this request to the extent it

22  seeks information the disclosure of which would implicate the rights of third parties to

23  protect private, confidential, proprietary or trade secret information. MGA also objects to

24· this request to the extent it may seek documents the disclosure of which is or may be

25  protected by contract or agreement. MGA also objects to this request to the extent it calls

26  for the disclosure of attorney-client privileged information or information protected from

27  disclosure by the work-product doctrine, the joint defense or common interest privilege, or

28  other privilege.

LA2:756234.3

37

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

Exhibit  D , P. 56

1   Subject to the foregoing, MGA will not produce documents in response to this
2   request.

3   **REQUEST FOR PRODUCTION NO. 41:**

4   All DOCUMENTS that REFER OR RELATE TO BRATZ and/or ANGEL filed,
5   submitted and served in the suit and/or arbitration proceedings brought by Farhad Larian
6   against Isaac Larian, including without limitation all declarations, affidavits and sworn
7   testimony given by any PERSON in such suit or arbitration proceedings.

8   **RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

9   MGA incorporates by reference the above-stated general objections as if fully set
10  forth herein. MGA also specifically objects to this request on the grounds that it seeks
11  information not relevant to the subject matter of this lawsuit or reasonably calculated to
12  lead to the discovery of admissible evidence including, without limitation, in that is seeks
13  documents filed in litigation and/or arbitration proceedings that have nothing to do with
14  the subject matter of this litigation. MGA further objects to this request on that ground
15  that it is overbroad, unduly burdensome and oppressive including, without limitation, in
16  calling for all documents that refer or relate to Bratz and/or Angel submitted and served in
17  the suit and/or arbitration proceedings brought by Farhad Larian against Isaac Larian.
18  MGA also objects to this request on the grounds that it seeks information not relevant to
19  the subject matter of this lawsuit or reasonably calculated to lead to the discovery of
20  admissible evidence in that it seeks information about an MGA product not at issue in this
21  litigation. MGA also objects to this request on the grounds that it seeks information that
22  is already known to Mattel and/or is a matter of public record and/or is equally available
23  to Mattel, and is thus unduly burdensome and oppressive. MGA also objects to this
24  request to the extent that it seeks documents not in MGA's possession, custody or control.
25  MGA also objects to this request on the grounds that it seeks confidential, proprietary or
26  commercially sensitive information, the disclosure of which would be inimical to the
27  business interests of MGA. MGA also objects to this request to the extent that it may seek
28  documents the disclosure of which is or may be governed by court orders. MGA also

LA2:756234.3                              38                     MGA'S RESPONSE TO 1ST SET OF
                                                                REQUEST FOR PRODUCTION OF
                                                                DOCUMENTS

Exhibit D , P. 57

Case 2:04-cv-09049-DOC-RNB   Document 3538-2   Filed 05/08/08   Page 64 of 114   Page ID
#:61298
Case 2:04-cv-09049-SGL-RNB    Document 2041-3    Filed 02/11/2008    Page 56 of 134

1   objects to this request to the extent it seeks information the disclosure of which would

2   implicate the rights of third parties to protect private, confidential, proprietary or trade

3   secret information. MGA also objects to this request to the extent it may seek documents

4   the disclosure of which is or may be protected by contract or agreement. MGA also

5   objects to this request to the extent it calls for the disclosure of attorney-client privileged

6   information or information protected from disclosure by the work-product doctrine, the

7   joint defense or common interest privilege, or other privilege.

8       Subject to the foregoing, MGA will not produce documents in response to this

9   request.

10  **REQUEST FOR PRODUCTION NO. 42:**

11      All DOCUMENTS that REFER OR RELATE TO any payment made to or on

12  behalf of BRYANT prior to October 21, 2000 or for work or services performed by

13  BRYANT prior to October 21, 2000 regardless of when such payment was actually made.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

15      MGA incorporates by reference the above-stated general objections as if fully set

16  forth herein. MGA also specifically objects to this request to the extent that it seeks

17  information not relevant to the subject matter of this lawsuit or reasonably calculated to

18  lead to the discovery of admissible evidence, and is therefore overbroad, including,

19  without limitation, in that it asks for documents that refer or relate to "any payment made .

20  . . *on behalf of* Bryant" without regard to what such payment might relate to. MGA also

21  objects to this request on the grounds that it is vague and ambiguous in that MGA cannot

22  determine what is meant by "payments made . . . on behalf of" Bryant. MGA also objects

23  to this request to the extent it seeks information the disclosure of which would implicate

24  the rights of third parties to protect private, confidential, proprietary or trade secret

25  information. MGA also objects to this request on the grounds that it seeks confidential,

26  proprietary or commercially sensitive information, the disclosure of which would be

27  inimical to the business interests of MGA. MGA also objects to this request to the extent

28  it calls for the disclosure of attorney-client privileged information or information

LA2:756234.3                         39                MGA'S RESPONSE TO 1ST SET OF
                                                       REQUEST FOR PRODUCTION OF
                                                       DOCUMENTS

Exhibit D , P. 58

1  protected from disclosure by the work-product doctrine, joint defense or common interest

2  privilege, or other privilege.

3      Subject to the foregoing, MGA will produce documents in its possession, custody

4  or control, if any, that refer or relate to payments made by MGA to Bryant for work

5  performed for MGA or at MGA's request prior to October 21, 2000, that it is able to

6  locate following a reasonably diligent search.

7  **REQUEST FOR PRODUCTION NO. 43:**

8      All DOCUMENTS that REFER OR RELATE TO any payment made to or on

9  behalf of BRYANT for DESIGNS that BRYANT assigned or transferred to YOU prior

10  October 21, 2000, regardless of when such payment was actually made.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

12      MGA incorporates by reference the above-stated general objections as if fully set

13  forth herein. MGA also specifically objects to this request to the extent it seeks

14  information not relevant or reasonably calculated to lead to the discovery of admissible

15  evidence and is, thus, overbroad, unduly burdensome and oppressive including, without

16  limitation, in seeking documents relating to DESIGNS not in issue in this action. MGA

17  also objects to this request on the grounds that it is vague and ambiguous in that MGA

18  cannot determine what is meant by "payments made . . . on behalf of" Bryant. MGA also

19  objects to this request to the extent it seeks information the disclosure of which would

20  implicate the rights of third parties to protect private, confidential, proprietary or trade

21  secret information. MGA also objects to this request on the grounds that it seeks

22  confidential, proprietary or commercially sensitive information, the disclosure of which

23  would be inimical to the business interests of MGA. MGA also objects to this request to

24  the extent it calls for the disclosure of attorney-client privileged information or

25  information protected from disclosure by the work-product doctrine, joint defense or

26  common interest privilege, or other privilege.

27      Subject to the foregoing, MGA will produce documents in its possession, custody

28  or control, if any, that refer or relate to payments made by MGA to Bryant for work

LA2:756234.3      40      MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

Case 2:04-cv-09049-DOC-RNB   Document 3538-2   Filed 05/08/08   Page 66 of 114   Page ID
#:61300
Case 2:04-cv-09049-SGL-RNB   Document 2041-3   Filed 02/11/2008   Page 58 of 134

1   performed for MGA or at MGA's request prior to October 21, 2000, that it is able to

2   locate following a reasonably diligent search.

3   **REQUEST FOR PRODUCTION NO. 44:**

4       All DOCUMENTS that REFER OR RELATE TO invoices submitted by

5   BRYANT to YOU prior to January 31, 2001.

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

7       MGA incorporates by reference the above-stated general objections as if fully set

8   forth herein. MGA also objects to this request to the extent that it seeks information not

9   relevant to the subject matter of this lawsuit or reasonably calculated to lead to the

10   discovery of admissible evidence. MGA also objects to this request on the grounds that it

11   seeks confidential, proprietary or commercially sensitive information, the disclosure of

12   which would be inimical to the business interests of MGA. MGA also objects to this

13   request to the extent it calls for the disclosure of attorney-client privileged information or

14   information protected from disclosure by the work-product doctrine, joint defense or

15   common interest privilege, or other privilege. MGA also objects to this request to the

16   extent it seeks information the disclosure of which would implicate the rights of third

17   parties to protect private, confidential, proprietary or trade secret information.

18       Subject to the foregoing, MGA will produce all relevant and responsive non-

19   objectionable documents in its possession, custody or control, if any, that it is able to

20   locate following a reasonably diligent search.

21   **REQUEST FOR PRODUCTION NO. 45:**

22       All of YOUR royalty statements to or for BRYANT.

23   **RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

24       MGA incorporates by reference the above-stated general objections as if fully set

25   forth herein. MGA also objects to this request to the extent that it seeks information not

26   relevant to the subject matter of this lawsuit or reasonably calculated to lead to the

27   discovery of admissible evidence, and is thus overbroad, including without limitation, in

28   that is it not limited as to time of the royalty statements or the product or services to which

LA2:756234.3                    41                  MGA'S RESPONSE TO 1ST SET OF
                                                    REQUEST FOR PRODUCTION OF
                                                    DOCUMENTS

Exhibit _D_ , P. _60_

Case 2:04-cv-09049-DOC-RNB    Document 3538-2    Filed 05/08/08    Page 67 of 114    Page ID
#:61301
Case 2:04-cv-09049-SGL-RNB    Document 2041-3    Filed 02/11/2008    Page 59 of 134

1    those royalty statements relate. MGA also objects to this request on the grounds that it is

2    vague and ambiguous, particularly in that MGA cannot determine what is meant by

3    "royalty statements . . . for BRYANT." MGA also objects to this request on the grounds

4    that it seeks confidential, proprietary or commercially sensitive information, the disclosure

5    of which would be inimical to the business interests of MGA. MGA also objects to this

6    request to the extent it calls for the disclosure of attorney-client privileged information or

7    information protected from disclosure by the work-product doctrine, joint defense or

8    common interest privilege, or other privilege. MGA also objects to this request to the

9    extent it seeks information the disclosure of which would implicate the rights of third

10    parties to protect private, confidential, proprietary or trade secret information.

11        Subject to the foregoing, MGA will produce documents sufficient to show all

12    royalties MGA paid to Bryant derived from sales of First Generation Bratz dolls.

13    **REQUEST FOR PRODUCTION NO. 46:**

14        All DOCUMENTS that REFER OR RELATE TO BRYANT'S participation in the

15    conception, creation, design, development, sculpting, tooling, production or manufacture

16    of BRATZ.

17    **RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

18        MGA incorporates by reference the above-stated general objections as if fully set

19    forth herein. MGA also specifically objects to this request on the grounds that it seeks

20    confidential, proprietary, or commercially sensitive information, the disclosure of which

21    would be inimical to the business interests of MGA. MGA also objects to this request on

22    the grounds that it seeks information not relevant to the subject matter of this lawsuit or

23    reasonably calculated to lead to the discovery of admissible evidence and is, thus,

24    overbroad, unduly burdensome and oppressive, including, without limitation, to the extent

25    it seeks documents referring or relating to Bratz beyond the first four characters and first

26    generation of dolls. MGA also objects to this request to the extent it seeks documents not

27    within MGA's possession, custody or control. MGA also objects to this request to the

28    extent it calls for the disclosure of attorney-client privileged information or information

LA2:756234.3                                42                    MGA'S RESPONSE TO 1ST SET OF
                                                                  REQUEST FOR PRODUCTION OF
                                                                  DOCUMENTS

Exhibit D , P. 61

1  protected from disclosure by the work product doctrine, joint defense or common interest

2  privilege, or other privilege.

3      Subject to the foregoing, MGA will produce all documents in its possession,

4  custody or control, if any, that refer or relate to Bryant's participation in the conception,

5  creation, design, development, sculpting, tooling, production or manufacture of the first

6  generation of Bratz dolls, that it is able to locate following a reasonably diligent search.

7  **REQUEST FOR PRODUCTION NO. 47:**

8      All DOCUMENTS that REFER OR RELATE TO BRYANT'S participation in the

9  conception, creation, design, development, sculpting, tooling, production or manufacture

10  of ANGEL.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

12      MGA incorporates by reference the above-stated general objections as if fully set

13  forth herein. MGA also specifically objects to this request on the grounds that it seeks

14  information not relevant to the subject matter of this lawsuit or reasonably calculated to

15  lead to the discovery of admissible evidence including, without limitation, in that is seeks

16  information related to an MGA product not at issue in this lawsuit. MGA also objects to

17  this request on the grounds that it seeks confidential, proprietary or commercially

18  sensitive information, the disclosure of which would be inimical to the business interests

19  of MGA. MGA also objects to this request to the extent it calls for the disclosure of

20  attorney-client privileged information or information protected from disclosure by the

21  work-product doctrine, joint defense or common interest privilege, or other privilege.

22      Subject to the foregoing, MGA will produce all relevant and responsive non-

23  objectionable documents in its possession, custody or control, if any, that it is able to

24  locate following a reasonably diligent search.

25  **REQUEST FOR PRODUCTION NO. 48:**

26      All non-privileged COMMUNICATIONS between YOU and any PERSON that

27  REFER OR RELATE TO this action.

28

LA2:756234.3

43

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

Exhibit  D , P. 62

1   **RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

2       MGA incorporates by reference the above-stated general objections as if fully set

3   forth herein. MGA also specifically objects to this request on the grounds that it seeks

4   information not relevant to the subject matter of this lawsuit or reasonably calculated to

5   lead to the discovery of admissible evidence, including, without limitation, in that it would

6   extend to any communication between anyone at MGA and any other person referring or

7   relating in any way to a wide variety of matter that could potentially be construed as

8   "relating" to this litigation, without regard to whether such communications are at all

9   relevant to any claim or defense at issue herein. MGA also objects to this request on the

10  grounds that it is overbroad, unduly burdensome and oppressive in that it purports to

11  require MGA diligently to identify every communication that any of its hundreds of

12  employees may have had with any other person referring or relating to this action. MGA

13  also objects to this request on the grounds that it is overbroad, unduly burdensome and

14  oppressive in that it is not in any way limited as to the persons involved in the

15  communications or as to time. MGA also objects to this request on the grounds that it

16  seeks information in violation of the right of privacy. MGA also objects to this request on

17  the grounds that it seeks confidential, proprietary or commercially sensitive information,

18  the disclosure of which would be inimical to the business interests of MGA. MGA also

19  objects to this request to the extent it calls for the disclosure of attorney-client privileged

20  information or information protected from disclosure by the work-product doctrine, joint

21  defense or common interest privilege, or other privilege.

22      Subject to the foregoing, MGA will not produce documents in response to this

23  request.

24  **REQUEST FOR PRODUCTION NO. 49:**

25      All DOCUMENTS that REFER OR RELATE TO any indemnification that

26  BRYANT has sought, proposed, requested or obtained in connection with this action.

27  **RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

28      MGA incorporates by reference the above-stated general objections as if fully set

LA2:756234.3                              44                    MGA'S RESPONSE TO 1ST SET OF
                                                                REQUEST FOR PRODUCTION OF
                                                                DOCUMENTS

Exhibit __D__ , P. __63__

Case 2:04-cv-09049-DOC-RNB    Document 3538-2    Filed 05/08/08    Page 70 of 114    Page ID
#:61304
Case 2:04-cv-09049-SGL-RNB    Document 2041-3    Filed 02/11/2008    Page 62 of 134

1    forth herein. MGA also specifically objects to this request on the grounds that it seeks

2    information not relevant to the subject matter of this lawsuit or reasonably calculated to

3    lead to the discovery of admissible evidence. MGA also objects to this request on the

4    grounds that it seeks information in violation of the right of privacy. MGA also objects to

5    this request on the grounds that it seeks confidential, proprietary or commercially

6    sensitive information, the disclosure of which would be inimical to the business interests

7    of MGA. MGA also objects to this request to the extent it calls for the disclosure of

8    attorney-client privileged information or information protected from disclosure by the

9    work-product doctrine, joint defense or common interest privilege, or other privilege.

10        Subject to the foregoing, MGA will not produce documents in response to this

11    request.

12    **REQUEST FOR PRODUCTION NO. 50:**

13        All DOCUMENTS that REFER OR RELATE TO any indemnification that YOU

14    have sought, proposed, requested or obtained in connection with this action.

15    **RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

16        MGA incorporates by reference the above-stated general objections as if fully set

17    forth herein. MGA also specifically objects to this request on the grounds that it seeks

18    information not relevant to the subject matter of this lawsuit or reasonably calculated to

19    lead to the discovery of admissible evidence. MGA also objects to this request on the

20    grounds that it seeks information in violation of the right of privacy. MGA also objects to

21    this request on the grounds that it seeks confidential, proprietary or commercially

22    sensitive information, the disclosure of which would be inimical to the business interests

23    of MGA. MGA also objects to this request to the extent it calls for the disclosure of

24    attorney-client privileged information or information protected from disclosure by the

25    work-product doctrine, joint defense or common interest privilege, or other privilege.

26        Subject to the foregoing, MGA will not produce documents in response to this

27    request.

28

LA2:756234.3

45

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

Exhibit  D  , P.  64

1   **REQUEST FOR PRODUCTION NO. 51:**

2        All DOCUMENTS that REFER OR RELATE TO each and every sculpt of

3   BRATZ (including without limitation any model, prototype or sample thereof) prior to

4   June 1, 2001.

5   **RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

6        MGA incorporates by reference the above-stated general objections as if fully set

7   forth herein.  MGA specifically objects to this request to the extent it seeks information

8   the disclosure of which would implicate the rights of third parties to protect private,

9   confidential, proprietary or trade secret information.  MGA also objects to this request on

10  the grounds that it seeks confidential, proprietary or commercially sensitive information,

11  the disclosure of which would be inimical to the business interests of MGA.  MGA also

12  objects to this request to the extent it calls for the disclosure of attorney-client privileged

13  information or information protected from disclosure by the work-product doctrine, joint

14  defense or common interest privilege, or other privilege.

15       Subject to the foregoing, MGA will produce all relevant and responsive non-

16  objectionable documents in its possession, custody or control, if any, that it is able to

17  locate following a reasonably diligent search.

18  **REQUEST FOR PRODUCTION NO. 52:**

19       All DOCUMENTS that REFER OR RELATE TO each and every sculpt of

20  ANGEL (including without limitation any model, prototype or sample thereof).

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

22       MGA incorporates by reference the above-stated general objections as if fully set

23  forth herein.  MGA also specifically objects to this request on the grounds that it seeks

24  information not relevant to the subject matter of this lawsuit or reasonably calculated to

25  lead to the discovery of admissible evidence including, without limitation, in that it seeks

26  information related to an MGA product not at issue in this lawsuit.  MGA also objects to

27  this request on the grounds that it is overbroad in that is it not limited as to time.  MGA

28  also objects to this request to the extent it seeks information the disclosure of which would

LA2:756234.3                           46              MGA'S RESPONSE TO 1ST SET OF
                                                       REQUEST FOR PRODUCTION OF
                                                       DOCUMENTS

Case 2:04-cv-09049-DOC-RNB    Document 3538-2    Filed 05/08/08    Page 72 of 114    Page ID
#:61306
Case 2:04-cv-09049-SGL-RNB    Document 2041-3    Filed 02/11/2008    Page 64 of 134

1    implicate the rights of third parties to protect private, confidential, proprietary or trade

2    secret information. MGA also objects to this request on the grounds that it seeks

3    confidential, proprietary or commercially sensitive information, the disclosure of which

4    would be inimical to the business interests of MGA. MGA also objects to this request to

5    the extent it calls for the disclosure of attorney-client privileged information or

6    information protected from disclosure by the work-product doctrine, joint defense or

7    common interest privilege, or other privilege.

8        Subject to the foregoing, MGA will produce all documents in its possession,

9    custody or control, if any, that refer or relate to sculpts of Angel created prior to January

10    1, 2001, that it is able to locate following a reasonably diligent search.

11    **REQUEST FOR PRODUCTION NO. 53:**

12        All DOCUMENTS that REFER OR RELATE TO the procurement, fabrication,

13    preparation and production of each and every mold for BRATZ (including without

14    limitation any model, prototype or sample thereof) prior to June 1, 2001, including

15    without limitation all orders, purchase orders and invoices relating thereto.

16    **RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

17        MGA incorporates by reference the above-stated general objections as if fully set

18    forth herein. MGA specifically objects to this request to the extent it seeks information

19    the disclosure of which would implicate the rights of third parties to protect private,

20    confidential, proprietary or trade secret information. MGA also objects to this request on

21    the grounds that it seeks confidential, proprietary or commercially sensitive information,

22    the disclosure of which would be inimical to the business interests of MGA. MGA also

23    objects to this request on the grounds that it is vague and ambiguous in that MGA cannot

24    determine what is meant by "mold . . . (including without limitation any model, prototype

25    or sample thereof)". MGA also objects to this request to the extent it calls for the

26    disclosure of attorney-client privileged information or information protected from

27    disclosure by the work-product doctrine, joint defense or common interest privilege, or

28    other privilege.

LA2:756234.3

47

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

Exhibit  D , P. 66

Case 2:04-cv-09049-DOC-RNB   Document 3538-2   Filed 05/08/08   Page 73 of 114   Page ID
#:61307
Case 2:04-cv-09049-SGL-RNB   Document 2041-3   Filed 02/11/2008   Page 65 of 134

1    Subject to the foregoing, MGA will produce all relevant and responsive non-
2    objectionable documents in its possession, custody or control, if any, that it is able to
3    locate following a reasonably diligent search.
4    **REQUEST FOR PRODUCTION NO. 54:**
5    DOCUMENTS sufficient to show when any mold for ANGEL (including without
6    limitation for any model, prototype or sample thereof) was first ordered, procured,
7    fabricated, prepared and produced.
8    **RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**
9    MGA incorporates by reference the above-stated general objections as if fully set
10   forth herein. MGA also specifically objects to this request on the grounds that it seeks
11   information not relevant to the subject matter of this lawsuit or reasonably calculated to
12   lead to the discovery of admissible evidence including, without limitation, in that is seeks
13   information related to an MGA product not at issue in this lawsuit. MGA also objects to
14   this request on the grounds that it is overbroad in that is it not limited as to time. MGA
15   also objects to this request to the extent it seeks information the disclosure of which would
16   implicate the rights of third parties to protect private, confidential, proprietary or trade
17   secret information. MGA also objects to this request on the grounds that it seeks
18   confidential, proprietary or commercially sensitive information, the disclosure of which
19   would be inimical to the business interests of MGA. MGA also objects to this request on
20   the grounds that it is vague and ambiguous in that MGA cannot determine what is meant
21   by "mold . . . (including without limitation any model, prototype or sample thereof)".
22   MGA also objects to this request to the extent it calls for the disclosure of attorney-client
23   privileged information or information protected from disclosure by the work-product
24   doctrine, joint defense or common interest privilege, or other privilege.
25   Subject to the foregoing, MGA will produce documents, if any, showing when any
26   mold for Angel was first ordered, procured, fabricated, prepared and produced.
27   **REQUEST FOR PRODUCTION NO. 55:**
28   All DOCUMENTS that REFER OR RELATE TO the exhibition or proposed,

LA2:756234.3                     48                MGA'S RESPONSE TO 1ST SET OF
                                                   REQUEST FOR PRODUCTION OF
                                                   DOCUMENTS

Exhibit __D__, P. __67__

Case 2:04-cv-09049-DOC-RNB   Document 3538-2   Filed 05/08/08   Page 74 of 114   Page ID
#:61308
Case 2:04-cv-09049-SGL-RNB   Document 2041-3   Filed 02/11/2008   Page 66 of 134

1    offered or requested exhibition, of BRATZ (including without limitation any model,

2    prototype or sample thereof) to any third party prior to June 1, 2001.

3    **RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

4          MGA incorporates by reference the above-stated general objections as if fully set

5    forth herein. MGA also specifically objects to this request on the grounds that it seeks

6    information not relevant to the subject matter of this lawsuit or reasonably calculated to

7    lead to the discovery of admissible evidence, including, without limitation, in that it

8    potentially extends to every communication having to do with, for example, any Toy Fair

9    to which MGA brought, or considered bringing, Bratz during the stated time frame, and is,

10   thus, also overbroad, unduly burdensome and oppressive. MGA also objects to this

11   request on the grounds that it is vague and ambiguous in that MGA cannot determine what

12   is meant by "exhibition." MGA also objects to this request to the extent it seeks

13   information the disclosure of which would implicate the rights of third parties to protect

14   private, confidential, proprietary or trade secret information. MGA also objects to this

15   request on the grounds that it seeks confidential, proprietary or commercially sensitive

16   information, the disclosure of which would be inimical to the business interests of MGA.

17   MGA also objects to this request to the extent it calls for the disclosure of attorney-client

18   privileged information or information protected from disclosure by the work-product

19   doctrine, joint defense or common interest privilege, or other privilege.

20         Subject to the foregoing, MGA will produce documents sufficient to identify each

21   exhibition of Bratz to any third party prior to January 1, 2001.

22   **REQUEST FOR PRODUCTION NO. 56:**

23         DOCUMENTS sufficient to show when any mold for ANGEL (including without

24   limitation any model, prototype or sample thereof) was first exhibited to any third party.

25   **RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

26         MGA incorporates by reference the above-stated general objections as if fully set

27   forth herein. MGA also specifically objects to this request on the grounds that it seeks

28   information not relevant to the subject matter of this lawsuit or reasonably calculated to

LA2:756234.3                          49                    MGA'S RESPONSE TO 1ST SET OF
                                                            REQUEST FOR PRODUCTION OF
                                                            DOCUMENTS

Case 2:04-cv-09049-DOC-RNB   Document 3538-2   Filed 05/08/08   Page 75 of 114   Page ID
#:61309
Case 2:04-cv-09049-SGL-RNB   Document 2041-3   Filed 02/11/2008   Page 67 of 134

1    lead to the discovery of admissible evidence including, without limitation, in that is seeks
2    information related to an MGA product not at issue in this lawsuit. MGA also objects to
3    this request on the grounds that it is vague and ambiguous in that MGA cannot determine
4    what is meant by "mold . . . (including without limitation any model, prototype or sample
5    thereof)". MGA also objects to this request to the extent it seeks information the
6    disclosure of which would implicate the rights of third parties to protect private,
7    confidential, proprietary or trade secret information. MGA also objects to this request on
8    the grounds that it seeks confidential, proprietary or commercially sensitive information,
9    the disclosure of which would be inimical to the business interests of MGA. MGA also
10   objects to this request to the extent it calls for the disclosure of attorney-client privileged
11   information or information protected from disclosure by the work-product doctrine, joint
12   defense or common interest privilege, or other privilege.

13       Subject to the foregoing, MGA will produce documents, if any, in its possession,
14   custody or control, that identify when the Angel product was first exhibited to any party
15   not affiliated with MGA (whether in final or prototype form).

16   **REQUEST FOR PRODUCTION NO. 57:**

17       DOCUMENTS sufficient to show when and where BRATZ (including without
18   limitation any model, prototype or sample thereof) was first marketed to any wholesaler,
19   distributor and/or retailer.

20   **RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

21       MGA incorporates by reference the above-stated general objections as if fully set
22   forth herein. MGA also specifically objects to this request on the grounds that it seeks
23   information not relevant to the subject matter of this lawsuit or reasonably calculated to
24   lead to the discovery of admissible evidence and is, thus, overbroad, unduly burdensome
25   and oppressive, including, without limitation, to the extent it seeks documents referring or
26   relating to Bratz beyond the first four characters and first generation of dolls. MGA also
27   objects to this request to the extent it seeks information the disclosure of which would
28   implicate the rights of third parties to protect private, confidential, proprietary or trade

LA2:756234.3                                    50                  MGA'S RESPONSE TO 1ST SET OF
                                                                   REQUEST FOR PRODUCTION OF
                                                                   DOCUMENTS

Exhibit __D__, P. __69__

1   secret information. MGA also objects to this request on the grounds that it seeks

2   confidential, proprietary or commercially sensitive information, the disclosure of which

3   would be inimical to the business interests of MGA.  MGA also objects to this request to

4   the extent it calls for the disclosure of attorney-client privileged information or

5   information protected from disclosure by the work-product doctrine, joint defense or

6   common interest privilege, or other privilege.

7        Subject to the foregoing, MGA will produce documents in its possession, custody

8   or control, if any, that show when and where the first generation of Bratz dolls was first

9   marketed to any wholesaler, distributor and/or retailer, that it is able to locate following a

10   reasonably diligent search.

11   **REQUEST FOR PRODUCTION NO. 58:**

12        DOCUMENTS sufficient to show when and where ANGEL (including without

13   limitation any model, prototype or sample thereof) was first marketed to any wholesaler,

14   distributor and/or retailer.

15   **RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

16        MGA incorporates by reference the above-stated general objections as if fully set

17   forth herein.  MGA also specifically objects to this request on the grounds that it seeks

18   information not relevant to the subject matter of this lawsuit or reasonably calculated to

19   lead to the discovery of admissible evidence including, without limitation, in that is seeks

20   information related to an MGA product not at issue in this lawsuit.  MGA also objects to

21   this request to the extent it seeks information the disclosure of which would implicate the

22   rights of third parties to protect private, confidential, proprietary or trade secret

23   information.  MGA also objects to this request on the grounds that it seeks confidential,

24   proprietary or commercially sensitive information, the disclosure of which would be

25   inimical to the business interests of MGA.  MGA also objects to this request to the extent

26   it calls for the disclosure of attorney-client privileged information or information

27   protected from disclosure by the work-product doctrine, joint defense or common interest

28   privilege, or other privilege.

LA2:756234.3                                      51                MGA'S RESPONSE TO 1ST SET OF
                                                                    REQUEST FOR PRODUCTION OF
                                                                    DOCUMENTS

Exhibit __D__ , P.__70__

Case 2:04-cv-09049-DOC-RNB   Document 3538-2   Filed 05/08/08   Page 77 of 114   Page ID
#:61311
Case 2:04-cv-09049-SGL-RNB   Document 2041-3   Filed 02/11/2008   Page 69 of 134

1    Subject to the foregoing, MGA will produce documents in its possession, custody
2    or control, if any, that show when and where Angel was first marketed to any wholesaler,
3    distributor and/or retailer, that it is able to locate following a reasonably diligent search.
4    **REQUEST FOR PRODUCTION NO. 59:**
5    DOCUMENTS sufficient to show when and where BRATZ (including without
6    limitation any model, prototype or sample thereof) was first offered for sale to any
7    wholesaler, distributor and/or retailer.
8    **RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**
9    MGA incorporates by reference the above-stated general objections as if fully set ·
10   forth herein. MGA also objects to this request on the grounds that it seeks information not
11   relevant to the subject matter of this lawsuit or reasonably calculated to lead to the
12   discovery of admissible evidence and is, thus, overbroad, unduly burdensome and
13   oppressive, including, without limitation, to the extent it seeks documents referring or
14   relating to Bratz beyond the first four characters and first generation of dolls. MGA also
15   objects to this request to the extent it seeks information the disclosure of which would
16   implicate the rights of third parties to protect private, confidential, proprietary or trade
17   secret information. MGA also objects to this request on the grounds that it seeks
18   confidential, proprietary or commercially sensitive information, the disclosure of which
19   would be inimical to the business interests of MGA. MGA also objects to this request to
20   the extent it calls for the disclosure of attorney-client privileged information or
21   information protected from disclosure by the work-product doctrine, joint defense or
22   common interest privilege, or other privilege.
23   Subject to the foregoing, MGA will produce documents in its possession, custody
24   or control, if any, that show when and where the first generation of Bratz dolls was first
25   offered for sale to any wholesaler, distributor and/or retailer, that it is able to locate
26   following a reasonably diligent search.
27   **REQUEST FOR PRODUCTION NO. 60:**
28   DOCUMENTS sufficient to show when and where ANGEL (including without

LA2:756234.3                          52                MGA'S RESPONSE TO 1ST SET OF
                                                        REQUEST FOR PRODUCTION OF
                                                        DOCUMENTS

Exhibit __D__, P. __71__

Case 2:04-cv-09049-DOC-RNB   Document 3538-2   Filed 05/08/08   Page 78 of 114   Page ID
#:61312
Case 2:04-cv-09049-SGL-RNB   Document 2041-3   Filed 02/11/2008   Page 70 of 134

1    limitation any model, prototype or sample thereof) was first offered for sale by YOU to

2    any wholesaler, distributor and/or retailer.

3    **RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

4        MGA incorporates by reference the above-stated general objections as if fully set

5    forth herein. MGA also specifically objects to this request on the grounds that it seeks

6    information not relevant to the subject matter of this lawsuit or reasonably calculated to

7    lead to the discovery of admissible evidence including, without limitation, in that is seeks

8    information related to an MGA product not at issue in this lawsuit. MGA also objects to

9    this request to the extent it seeks information the disclosure of which would implicate the

10   rights of third parties to protect private, confidential, proprietary or trade secret

11   information. MGA also objects to this request on the grounds that it seeks confidential,

12   proprietary or commercially sensitive information, the disclosure of which would be

13   inimical to the business interests of MGA. MGA also objects to this request to the extent

14   it calls for the disclosure of attorney-client privileged information or information

15   protected from disclosure by the work-product doctrine, joint defense or common interest

16   privilege, or other privilege.

17       Subject to the foregoing, MGA will produce documents in its possession, custody

18   or control, if any, that show when and where Angel was first offered for same to any

19   wholesaler, distributor and/or retailer, that it is able to locate following a reasonably

20   diligent search.

21   **REQUEST FOR PRODUCTION NO. 61:**

22       DOCUMENTS sufficient to show when and where BRATZ was first shipped,

23   distributed and sold.

24   **RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

25       MGA incorporates by reference the above-stated general objections as if fully set

26   forth herein. MGA also specifically objects to this request on the grounds that it seeks

27   information not relevant to the subject matter of this lawsuit or reasonably calculated to

28   lead to the discovery of admissible evidence and is, thus, overbroad, unduly burdensome

Exhibit   D  , P.  72

Case 2:04-cv-09049-DOC-RNB   Document 3538-2   Filed 05/08/08   Page 79 of 114   Page ID
#:61313
Case 2:04-cv-09049-SGL-RNB   Document 2041-3   Filed 02/11/2008   Page 71 of 134

1   and oppressive, including, without limitation, to the extent it seeks documents referring or

2   relating to Bratz beyond the first four characters and first generation of dolls. MGA also

3   objects to this request to the extent it seeks information the disclosure of which would

4   implicate the rights of third parties to protect private, confidential, proprietary or trade

5   secret information. MGA also objects to this request on the grounds that it seeks

6   confidential, proprietary or commercially sensitive information, the disclosure of which

7   would be inimical to the business interests of MGA. MGA also objects to this request to

8   the extent it calls for the disclosure of attorney-client privileged information or

9   information protected from disclosure by the work-product doctrine, joint defense or

10  common interest privilege, or other privilege.

11        Subject to the foregoing, MGA will produce documents in its possession, custody

12  or control, if any, that show when the first generation of Bratz dolls was first shipped,

13  distributed and sold, that it is able to locate following a reasonably diligent search.

14  **REQUEST FOR PRODUCTION NO. 62:**

15        DOCUMENTS sufficient to show when and where ANGEL was first shipped,

16  distributed and sold.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

18        MGA incorporates by reference the above-stated general objections as if fully set

19  forth herein. MGA also specifically objects to this request on the grounds that it seeks

20  information not relevant to the subject matter of this lawsuit or reasonably calculated to

21  lead to the discovery of admissible evidence including, without limitation, in that is seeks

22  information related to an MGA product not at issue in this lawsuit. MGA also objects to

23  this request to the extent it seeks information the disclosure of which would implicate the

24  rights of third parties to protect private, confidential, proprietary or trade secret

25  information. MGA also objects to this request on the grounds that it seeks confidential,

26  proprietary or commercially sensitive information, the disclosure of which would be

27  inimical to the business interests of MGA. MGA also objects to this request to the extent

28  it calls for the disclosure of attorney-client privileged information or information

LA2:756234.3                              54              MGA'S RESPONSE TO 1ST SET OF
                                                         REQUEST FOR PRODUCTION OF
                                                                    DOCUMENTS

Exhibit _D_, P. _73_

Case 2:04-cv-09049-DOC-RNB Document 3538-2 Filed 05/08/08 Page 80 of 114 Page ID
#:61314
Case 2:04-cv-09049-SGL-RNB Document 2041-3 Filed 02/11/2008 Page 72 of 134

1   protected from disclosure by the work-product doctrine, joint defense or common interest

2   privilege, or other privilege.

3        Subject to the foregoing, MGA will produce documents in its possession, custody

4   or control, if any, that show when and where Angel was first shipped, distributed and sold,

5   that it is able to locate following a reasonably diligent search.

6   **REQUEST FOR PRODUCTION NO. 63:**

7        ALL DOCUMENTS that REFER OR RELATE TO licensing, including without

8   limitation the proposed or requested licensing, of BRATZ prior to December 31, 2001.

9   **RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

10       MGA incorporates by reference the above-stated general objections as if fully set

11  forth herein. MGA also specifically objects to this request on the grounds that it seeks

12  information not relevant to the subject matter of this lawsuit or reasonably calculated to

13  lead to the discovery of admissible evidence and is, thus, overbroad, unduly burdensome

14  and oppressive, including, without limitation, to the extent it seeks all documents referring

15  or relating to any kind of licensing related to Bratz, including for example, licensing

16  relating to Bratz beyond the first four characters and first generation of dolls, and/or types

17  of licensing not at issue in this litigation such as trademark licensing. MGA also objects

18  to this request on the grounds that it seeks information in violation of the right of privacy.

19  MGA also objects to this request to the extent it seeks information the disclosure of which

20  would implicate the rights of third parties to protect private, confidential, proprietary or

21  trade secret information. MGA also objects to this request on the grounds that it seeks

22  confidential, proprietary or commercially sensitive information, the disclosure of which

23  would be inimical to the business interests of MGA. MGA also objects to this request to

24  the extent it calls for the disclosure of attorney-client privileged information or

25  information protected from disclosure by the work-product doctrine, joint defense or

26  common interest privilege, or other privilege. MGA also objects to this request to the

27  extent it seeks documents not within MGA's possession, custody or control.

28       Subject to the foregoing, MGA will produce documents in its possession, custody

LA2:756234.3                                        55                MGA'S RESPONSE TO 1ST SET OF
                                                                     REQUEST FOR PRODUCTION OF
                                                                     DOCUMENTS

Exhibit __D__, P. __74__

Case 2:04-cv-09049-DOC-RNB    Document 3538-2    Filed 05/08/08    Page 81 of 114    Page ID
#:61315
Case 2:04-cv-09049-SGL-RNB    Document 2041-3    Filed 02/11/2008    Page 73 of 134

1   or control, if any, referring or relating to MGA's licensing of the first generation of Bratz

2   character art and to MGA's license, if any, to other intellectual property rights to the first

3   generation of Bratz prior to December 31, 2001, that it is able to locate following a

4   reasonably diligent search.

5   **REQUEST FOR PRODUCTION NO. 64:**

6        All COMMUNICATIONS between YOU and any manufacturer, or any

7   contemplated, proposed or potential manufacturer, that REFER OR RELATE TO BRATZ

8   prior to June 1, 2001.

9   **RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

10       MGA incorporates by reference the above-stated general objections as if fully set

11  forth herein. MGA also specifically objects to this request on the grounds that it seeks

12  information not relevant to the subject matter of this lawsuit or reasonably calculated to

13  lead to the discovery of admissible evidence. MGA also objects to this request to the

14  extent it seeks information the disclosure of which would implicate the rights of third

15  parties to protect private, confidential, proprietary or trade secret information. MGA also

16  objects to this request on the grounds that it seeks confidential, proprietary or

17  commercially sensitive information, the disclosure of which would be inimical to the

18  business interests of MGA. MGA also objects to this request to the extent it calls for the

19  disclosure of attorney-client privileged information or information protected from

20  disclosure by the work-product doctrine, joint defense or common interest privilege, or

21  other privilege.

22       Subject to the foregoing, MGA will produce all relevant and responsive non-

23  objectionable documents in its possession, custody or control, if any, that it is able to

24  locate following a reasonably diligent search.

25  **REQUEST FOR PRODUCTION NO. 65:**

26       DOCUMENTS sufficient to identify when YOU first contacted any manufacturer,

27  or any contemplated, proposed or potential manufacturer, for the manufacture of ANGEL.

28

LA2:756234.3

56

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

Exhibit __D__ , P. __75__

Case 2:04-cv-09049-DOC-RNB   Document 3538-2   Filed 05/08/08   Page 82 of 114   Page ID
#:61316
Case 2:04-cv-09049-SGL-RNB   Document 2041-3   Filed 02/11/2008   Page 74 of 134

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

2      MGA incorporates by reference the above-stated general objections as if fully set

3  forth herein. MGA also specifically objects to this request on the grounds that it seeks

4  information not relevant to the subject matter of this lawsuit or reasonably calculated to

5  lead to the discovery of admissible evidence including, without limitation, in that it seeks

6  information related to an MGA product not at issue in this lawsuit, and in that the

7  manufacturer of Angel has nothing whatsoever to do with Bryant, Mattel, or this lawsuit.

8  MGA also objects to this request to the extent it seeks information the disclosure of which

9  would implicate the rights of third parties to protect private, confidential, proprietary or

10  trade secret information. MGA also objects to this request on the grounds that it seeks

11  confidential, proprietary or commercially sensitive information, the disclosure of which

12  would be inimical to the business interests of MGA. MGA also objects to this request to

13  the extent it calls for the disclosure of attorney-client privileged information or

14  information protected from disclosure by the work-product doctrine, joint defense or

15  common interest privilege, or other privilege.

16      Subject to the foregoing, MGA will not produce documents in response to this

17  request.

18  **REQUEST FOR PRODUCTION NO. 66:**

19      All COMMUNICATIONS between YOU and any PERSON that REFER OR

20  RELATE TO the distribution or proposed or potential distribution of BRATZ prior to

21  June 1, 2001.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

23      MGA incorporates by reference the above-stated general objections as if fully set

24  forth herein. MGA also objects to this request on the grounds that it seeks information not

25  relevant to the subject matter of this lawsuit or reasonably calculated to lead to the

26  discovery of admissible evidence and is, thus, overbroad, unduly burdensome and

27  oppressive, including, without limitation, to the extent it seeks documents referring or

28  relating to Bratz beyond the first four characters and first generation of dolls. MGA also

LA2:756234.3            57         MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

Exhibit D , P. 76

1   objects to this request to the extent it seeks information the disclosure of which would

2   implicate the rights of third parties to protect private, confidential, proprietary or trade

3   secret information. MGA also objects to this request on the grounds that it seeks

4   confidential, proprietary or commercially sensitive information, the disclosure of which

5   would be inimical to the business interests of MGA. MGA also objects to this request to

6   the extent it calls for the disclosure of attorney-client privileged information or

7   information protected from disclosure by the work-product doctrine, joint defense or

8   common interest privilege, or other privilege.

9       Subject to the foregoing, MGA will produce documents in its possession, custody

10  or control, if any, that show when and where first generation Bratz dolls were first

11  marketed to any wholesaler, distributor and/or retailer.

12  **REQUEST FOR PRODUCTION NO. 67:**

13      All COMMUNICATIONS between YOU and Universal Commerce Corp., Ltd.

14  prior to June 1, 2001.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

16      MGA incorporates by reference the above-stated general objections as if fully set

17  forth herein. MGA also specifically objects to this request on the grounds that it is

18  overbroad and unduly burdensome, including, without limitation, in that it seeks all

19  communications between MGA and Universal Commerce Corp., without regard to subject

20  matter, and extends back in time indefinitely. MGA also objects to this request to the

21  extent it seeks information the disclosure of which would implicate the rights of third

22  parties to protect private, confidential, proprietary or trade secret information. MGA also

23  objects to this request on the grounds that it seeks confidential, proprietary or

24  commercially sensitive information, the disclosure of which would be inimical to the

25  business interests of MGA. MGA also objects to this request to the extent it calls for the

26  disclosure of attorney-client privileged information or information protected from

27  disclosure by the work-product doctrine, joint defense or common interest privilege, or

28  other privilege. MGA also objects to the extent this request seeks documents not in

LA2:756234.3                          58                   MGA'S RESPONSE TO 1ST SET OF
                                                           REQUEST FOR PRODUCTION OF
                                                           DOCUMENTS

Exhibit _D_, P. _77_.

Case 2:04-cv-09049-DOC-RNB    Document 3538-2    Filed 05/08/08    Page 84 of 114    Page ID
#:61318
Case 2:04-cv-09049-SGL-RNB    Document 2041-3    Filed 02/11/2008    Page 76 of 134

1    MGA's possession, custody or control.

2        Subject to the foregoing, MGA will produce communications in its possession,

3    custody or control, if any, between MGA and Universal Commerce Corp., Ltd, relating to

4    the design, development or manufacture of the first generation of Bratz dolls, that it is

5    able to locate following a reasonably diligent search.

6    **REQUEST FOR PRODUCTION NO. 68:**

7        All DOCUMENTS that REFER OR RELATE TO Mattel, Inc., or that were

8    prepared, authored or created by Mattel, Inc. or any officer, director, employee or

9    representative of Mattel, Inc., that BRYANT has ever provided to, shown, described to,

10    communicated to or disclosed in any manner to YOU.

11    **RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

12        MGA incorporates by reference the above-stated general objections as if fully set

13    forth herein. MGA also specifically objects to this request on the grounds that it is

14    overbroad and unduly burdensome, and seeks information not relevant to the subject

15    matter of this lawsuit or reasonably calculated to lead to the discovery of admissible

16    evidence, including, without limitation, in that it seeks all documents that refer or relate to

17    Mattel and is not otherwise limited as to subject matter or time. MGA also objects to this

18    request on the grounds that it is overbroad, without limitation, in potentially extending to

19    any document that refers or relates to Mattel that Bryant showed to anybody who now

20    works for MGA, even if Bryant showed the document to such person before one or either

21    of them began work for MGA, and, indeed, while Bryant and such person both worked for

22    Mattel, and without regard to whether such person has or had anything to do with the

23    subject matter of this lawsuit. MGA also objects to this request to the extent it seeks

24    information the disclosure of which would implicate the rights of third parties to protect

25    private, confidential, proprietary or trade secret information. MGA also objects to this

26    request on the grounds that it seeks information in violation of the right of privacy. MGA

27    also objects to this request on the grounds that it seeks confidential, proprietary or

28    commercially sensitive information, the disclosure of which would be inimical to the

LA2:756234.3                                    59                    MGA'S RESPONSE TO 1ST SET OF
                                                                      REQUEST FOR PRODUCTION OF
                                                                      DOCUMENTS

Case 2:04-cv-09049-DOC-RNB   Document 3538-2   Filed 05/08/08   Page 85 of 114   Page ID
#:61319
Case 2:04-cv-09049-SGL-RNB   Document 2041-3   Filed 02/11/2008   Page 77 of 134

1    business interests of MGA. MGA also objects to this request to the extent it calls for the

2    disclosure of attorney-client privileged information or information protected from

3    disclosure by the work-product doctrine, joint defense or common interest privilege, or

4    other privilege. MGA also objects to the extent this request seeks documents not in

5    MGA's possession, custody or control.

6        Subject to the foregoing, MGA will produce all relevant and responsive non-

7    objectionable documents in its possession, custody or control, if any, that it is able to

8    locate following a reasonably diligent search.

9    **REQUEST FOR PRODUCTION NO. 69:**

10       All COMMUNICATIONS between YOU and BRYANT prior to January 1, 2001,

11   including without limitation all diaries, notes, calendars, logs, phone records and letters,

12   that reflect, record or memorialize or otherwise REFER OR RELATE TO any such

13   COMMUNICATIONS.

14   **RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

15       MGA incorporates by reference the above-stated general objections as if fully set

16   forth herein. MGA also specifically objects to this request on the grounds that it is

17   overbroad, unduly burdensome and oppressive, and seeks information not relevant to the

18   subject matter of this lawsuit or reasonably calculated to lead to the discovery of

19   admissible evidence, including, without limitation, in that it seeks all communications

20   between MGA and Bryant and is not otherwise limited as to subject matter. MGA also

21   objects to this request on the grounds that it is overbroad, unduly burdensome and

22   oppressive, without limitation, in potentially extending to communications that Bryant

23   may have had with any of MGA's hundreds of employees, agents or representatives, and

24   regardless of whether any such communication is related in any way to the subject matter

25   of this lawsuit, MGA, or MGA's business. MGA also objects to this request on the

26   grounds that it seeks information in violation of the right of privacy. MGA also objects to

27   this request to the extent it seeks information the disclosure of which would implicate the

28   rights of third parties to protect private, confidential, proprietary or trade secret

LA2:756234.3                              60            MGA'S RESPONSE TO 1ST SET OF
                                                        REQUEST FOR PRODUCTION OF
                                                        DOCUMENTS

Exhibit _D_ , P. _77_

Case 2:04-cv-09049-DOC-RNB   Document 3538-2   Filed 05/08/08   Page 86 of 114   Page ID
#:61320
Case 2:04-cv-09049-SGL-RNB   Document 2041-3   Filed 02/11/2008   Page 78 of 134

1    information. MGA also objects to this request on the grounds that it seeks confidential,

2    proprietary or commercially sensitive information, the disclosure of which would be

3    inimical to the business interests of MGA. MGA also objects to this request to the extent

4    it calls for the disclosure of attorney-client privileged information or information

5    protected from disclosure by the work-product doctrine, joint defense or common interest

6    privilege, or other privilege. MGA also objects to the extent this request seeks documents

7    not in MGA's possession, custody or control.

8            Subject to the foregoing, MGA will produce all relevant and responsive non-

9    objectionable documents in its possession, custody or control, if any, that it is able to

10    locate following a reasonably diligent search.

11    **REQUEST FOR PRODUCTION NO. 70:**

12            All COMMUNICATIONS between YOU and Elise Cloonan that REFER OR

13    RELATE TO BRYANT, Mattel, Inc., BRATZ and/or Anna Rhee, including without

14    limitation all diaries, notes, calendars, logs, phone records and letters, that reflect, record

15    or memorialize or otherwise REFER OR RELATE TO any such COMMUNICATIONS.

16    **RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

17            MGA incorporates by reference the above-stated general objections as if fully set

18    forth herein. MGA also specifically objects to this request on the grounds that it is

19    overbroad, unduly burdensome and oppressive, and seeks information not relevant to the

20    subject matter of this lawsuit or reasonably calculated to lead to the discovery of

21    admissible evidence, including, without limitation, in that it seeks communications that

22    any of MGA's hundreds of employees, agents or representatives may have exchanged at

23    any time with Elise Cloonan that refer or relate to Bryant, Mattel (or any of its officers,

24    directors, employees, or representatives – regardless of whether such person was

25    employed by Mattel at the time of the communication), Bratz, or Anna Rhee, regardless of

26    whether any such communication is related in any way to the subject matter of this

27    lawsuit. MGA also objects to this request as overbroad in that it is unlimited as to time.

28    MGA also objects to this request on the grounds that it seeks information in violation of

LA2:756234.3

61

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

Exhibit  D , P. 80

Case 2:04-cv-09049-DOC-RNB   Document 3538-2   Filed 05/08/08   Page 87 of 114   Page ID
#:61321
Case 2:04-cv-09049-SGL-RNB   Document 2041-3   Filed 02/11/2008   Page 79 of 134

1    the right of privacy. MGA also objects to this request to the extent it seeks information

2    the disclosure of which would implicate the rights of third parties to protect private,

3    confidential, proprietary or trade secret information. MGA also objects to this request on

4    the grounds that it seeks confidential, proprietary or commercially sensitive information,

5    the disclosure of which would be inimical to the business interests of MGA. MGA also

6    objects to this request to the extent it calls for the disclosure of attorney-client privileged

7    information or information protected from disclosure by the work-product doctrine, joint

8    defense or common interest privilege, or other privilege. MGA also objects to the extent

9    this request seeks documents not in MGA's possession, custody or control.

10       Subject to the foregoing, MGA will produce all relevant and responsive non-

11   objectionable communications in its possession, custody or control, if any, between MGA

12   and Elise Cloonan, dated prior to June 11, 2002, that it is able to locate following a

13   reasonably diligent search.

14   **REQUEST FOR PRODUCTION NO. 71:**

15       All COMMUNICATIONS between YOU and Elise Cloonan prior to June 11,

16   2002, including without limitation all diaries, notes, calendars, logs, phone records and

17   letters, that reflect, record or memorialize or otherwise REFER OR RELATE TO any

18   such COMMUNICATIONS.

19   **RESPONSE TO REQUEST FOR PRODUCTION NO. 71:**

20       MGA incorporates by reference the above-stated general objections as if fully set

21   forth herein. MGA also specifically objects to this request on the grounds that it is

22   overbroad, unduly burdensome and oppressive, and seeks information not relevant to the

23   subject matter of this lawsuit or reasonably calculated to lead to the discovery of

24   admissible evidence, including, without limitation, in that it seeks all communications

25   between MGA and Elise Cloonan and is not otherwise limited as to subject matter. MGA

26   also objects to this request on the grounds that it is overbroad, unduly burdensome and

27   oppressive, without limitation, in potentially extending to communications that Elise

28   Cloonan may have had with any of MGA's hundreds of employees, agents or

LA2:756234.3                                      62                    MGA'S RESPONSE TO 1ST SET OF
                                                                       REQUEST FOR PRODUCTION OF
                                                                       DOCUMENTS

Exhibit _D_, P._81_

Case 2:04-cv-09049-DOC-RNB   Document 3538-2   Filed 05/08/08   Page 88 of 114   Page ID
#:61322
Case 2:04-cv-09049-SGL-RNB   Document 2041-3   Filed 02/11/2008   Page 80 of 134

1   representatives, and regardless of whether any such communication is related in any way

2   to the subject matter of this lawsuit, MGA, or MGA's business. MGA also objects to this

3   request on the grounds that it seeks information in violation of the right of privacy. MGA

4   also objects to this request to the extent it seeks information the disclosure of which would

5   implicate the rights of third parties to protect private, confidential, proprietary or trade

6   secret information. MGA also objects to this request on the grounds that it seeks

7.  confidential, proprietary or commercially sensitive information, the disclosure of which

8   would be inimical to the business interests of MGA. MGA also objects to this request to

9   the extent it calls for the disclosure of attorney-client privileged information or

10  information protected from disclosure by the work-product doctrine, joint defense or

11  common interest privilege, or other privilege. MGA also objects to the extent this request

12  seeks documents not in MGA's possession, custody or control.

13         Subject to the foregoing, MGA will produce all relevant and responsive non-

14  objectionable communications in its possession, custody or control, if any, between MGA

15  and Elise Cloonan, dated prior to June 11, 2002, that it is able to locate following a

16  reasonably diligent search.

17  **REQUEST FOR PRODUCTION NO. 72:**

18         All COMMUNICATIONS between YOU and Veronica Marlow prior to January 1,

19  2001, including without limitation all diaries, notes, calendars, logs, phone records and

20  letters, that reflect, record or memorialize or otherwise REFER OR RELATE TO any

21  such COMMUNICATIONS.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 72:**

23         MGA incorporates by reference the above-stated general objections as if fully set

24  forth herein. MGA also specifically objects to this request on the grounds that it is

25  overbroad, unduly burdensome and oppressive, and seeks information not relevant to the

26  subject matter of this lawsuit or reasonably calculated to lead to the discovery of

27  admissible evidence, including, without limitation, in that it seeks all communications

28  between MGA and Veronica Marlow and is not otherwise limited as to subject matter.

LA2:756234.3                          63                    MGA'S RESPONSE TO 1ST SET OF
                                                           REQUEST FOR PRODUCTION OF
                                                                       DOCUMENTS

Case 2:04-cv-09049-DOC-RNB   Document 3538-2   Filed 05/08/08   Page 89 of 114   Page ID
#:61323
Case 2:04-cv-09049-SGL-RNB      Document 2041-3     Filed 02/11/2008     Page 81 of 134



1    MGA also objects to this request on the grounds that it is overbroad, unduly burdensome

2    and oppressive, without limitation, in potentially extending to communications that

3    Veronica Marlow may have had with any of MGA's hundreds of employees, agents or

4    representatives, and regardless of whether any such communication is related in any way

5    to the subject matter of this lawsuit, MGA, or MGA's business. MGA also objects to this

6    request on the grounds that it seeks information in violation of the right of privacy. MGA

7    also objects to this request to the extent it seeks information the disclosure of which would

8    implicate the rights of third parties to protect private, confidential, proprietary or trade

9    secret information. MGA also objects to this request on the grounds that it seeks

10   confidential, proprietary or commercially sensitive information, the disclosure of which

11   would be inimical to the business interests of MGA. MGA also objects to this request to

12   the extent it calls for the disclosure of attorney-client privileged information or

13   information protected from disclosure by the work-product doctrine, joint defense or

14   common interest privilege, or other privilege. MGA also objects to the extent this request

15   seeks documents not in MGA's possession, custody or control.

16        Subject to the foregoing, MGA will produce all relevant and responsive non-

17   objectionable communications in its possession, custody or control, if any, between MGA

18   and Veronica Marlow, dated prior to January 1, 2001, that it is able to locate following a

19   reasonably diligent search.

20   **REQUEST FOR PRODUCTION NO. 73:**

21        All COMMUNICATIONS between YOU and Mercedeh Ward prior to November

22   6, 2000, including without limitation all diaries, notes, calendars, logs, phone records and

23   letters, that reflect, record or memorialize or otherwise REFER OR RELATE TO any

24   such COMMUNICATIONS.

25   **RESPONSE TO REQUEST FOR PRODUCTION NO. 73:**

26        MGA incorporates by reference the above-stated general objections as if fully set

27   forth herein. MGA also specifically objects to this request on the grounds that it is

28   overbroad, unduly burdensome and oppressive, and seeks information not relevant to the

LA2:756234.3                              64                 MGA'S RESPONSE TO 1ST SET OF
                                                            REQUEST FOR PRODUCTION OF
                                                            DOCUMENTS

Case 2:04-cv-09049-DOC-RNB   Document 3538-2   Filed 05/08/08   Page 90 of 114   Page ID
#:61324
Case 2:04-cv-09049-SGL-RNB   Document 2041-3   Filed 02/11/2008   Page 82 of 134

1  subject matter of this lawsuit or reasonably calculated to lead to the discovery of
2  admissible evidence, including, without limitation, in that it seeks all communications
3  between MGA and Mercedeh Ward and is not otherwise limited as to subject matter.
4  MGA also objects to this request on the grounds that it is overbroad, unduly burdensome
5  and oppressive, without limitation, in potentially extending to communications that
6  Mercedeh Ward may have had with any of MGA's hundreds of employees, agents or
7  representatives, and regardless of whether any such communication is related in any way
8  to the subject matter of this lawsuit, MGA, or MGA's business.  MGA also objects to this
9  request on the grounds that it seeks information in violation of the right of privacy.  MGA
10  also objects to this request to the extent it seeks information the disclosure of which would
11  implicate the rights of third parties to protect private, confidential, proprietary or trade
12  secret information.  MGA also objects to this request on the grounds that it seeks
13  confidential, proprietary or commercially sensitive information, the disclosure of which
14  would be inimical to the business interests of MGA.  MGA also objects to this request to
15  the extent it calls for the disclosure of attorney-client privileged information or
16  information protected from disclosure by the work-product doctrine, joint defense or
17  common interest privilege, or other privilege.  MGA also objects to the extent this request
18  seeks documents not in MGA's possession, custody or control.
19       Subject to the foregoing, MGA will produce all relevant and responsive non-
20  objectionable communications in its possession, custody or control, if any, between MGA
21  and Mercedeh Ward, dated prior to November 6, 2000, that it is able to locate following a
22  reasonably diligent search. .

23  **REQUEST FOR PRODUCTION NO. 74:**

24       All COMMUNICATIONS between YOU and Margaret Hatch (also known as
25  Margaret Leahy and/or Margaret Hatch-Leahy) prior to January 1, 2001, including
26  without limitation all diaries, notes, calendars, logs, phone records and letters, that reflect,
27  record or memorialize or otherwise REFER OR RELATE TO any such
28  COMMUNICATIONS.

LA2:756234.3                        65          MGA'S RESPONSE TO 1ST SET OF
                                                REQUEST FOR PRODUCTION OF
                                                DOCUMENTS

Exhibit D , P. 84

1   **RESPONSE TO REQUEST FOR PRODUCTION NO. 74:**

2         MGA incorporates by reference the above-stated general objections as if fully set

3   forth herein. MGA also specifically objects to this request on the grounds that it is

4   overbroad, unduly burdensome and oppressive, and seeks information not relevant to the

5   subject matter of this lawsuit or reasonably calculated to lead to the discovery of

6   admissible evidence, including, without limitation, in that it seeks all communications

7   between MGA and Margaret Leahy and is not otherwise limited as to subject matter.

8   MGA also objects to this request on the grounds that it is overbroad, unduly burdensome

9   and oppressive, without limitation, in potentially extending to communications that

10  Margaret Leahy may have had with any of MGA's hundreds of employees, agents or

11  representatives, and regardless of whether any such communication is related in any way

12  to the subject matter of this lawsuit, MGA, or MGA's business. MGA also objects to this

13  request on the grounds that it seeks information in violation of the right of privacy. MGA

14  also objects to this request to the extent it seeks information the disclosure of which would

15  implicate the rights of third parties to protect private, confidential, proprietary or trade

16  secret information. MGA also objects to this request on the grounds that it seeks

17  confidential, proprietary or commercially sensitive information, the disclosure of which

18  would be inimical to the business interests of MGA. MGA also objects to this request to

19  the extent it calls for the disclosure of attorney-client privileged information or

20  information protected from disclosure by the work-product doctrine, joint defense or

21  common interest privilege, or other privilege. MGA also objects to the extent this request

22  seeks documents not in MGA's possession, custody or control.

23        Subject to the foregoing, MGA will produce all relevant and responsive non-

24  objectionable communications in its possession, custody or control, if any, between MGA

25  and Margaret Leahy, dated prior to January 1, 2001, that it is able to locate following a

26  reasonably diligent search.

27  **REQUEST FOR PRODUCTION NO. 75:**

28        All COMMUNICATIONS between YOU and Anna Rhee prior to January 1, 2001,

LA2:756234.3                                      66                    MGA'S RESPONSE TO 1ST SET OF
                                                                       REQUEST FOR PRODUCTION OF
                                                                       DOCUMENTS

Exhibit ___D___ , P.__85__

1    including without limitation all diaries, notes, calendars, logs, phone records and letters,

2    that reflect, record or memorialize or otherwise REFER OR RELATE TO any such

3    COMMUNICATIONS.

4    **RESPONSE TO REQUEST FOR PRODUCTION NO. 75:**

5        MGA incorporates by reference the above-stated general objections as if fully set

6    forth herein. MGA also specifically objects to this request on the grounds that it is

7    overbroad, unduly burdensome and oppressive, and seeks information not relevant to the

8    subject matter of this lawsuit or reasonably calculated to lead to the discovery of

9    admissible evidence, including, without limitation, in that it seeks all communications

10    between MGA and Anna Rhee and is not otherwise limited as to subject matter. MGA

11    also objects to this request on the grounds that it is overbroad, unduly burdensome and

12    oppressive, without limitation, in potentially extending to communications that Anna

13    Rhee may have had with any of MGA's hundreds of employees, agents or representatives,

14    and regardless of whether any such communication is related in any way to the subject

15    matter of this lawsuit, MGA, or MGA's business. MGA also objects to this request on the

16    grounds that it seeks information in violation the right of privacy. MGA also objects to

17    this request to the extent it seeks information the disclosure of which would implicate the

18    rights of third parties to protect private, confidential, proprietary or trade secret

19    information. MGA also objects to this request on the grounds that it seeks confidential,

20    proprietary or commercially sensitive information, the disclosure of which would be

21    inimical to the business interests of MGA. MGA also objects to this request to the extent

22    it calls for the disclosure of attorney-client privileged information or information

23    protected from disclosure by the work-product doctrine, joint defense or common interest

24    privilege, or other privilege. MGA also objects to the extent this request seeks documents

25    not in MGA's possession, custody or control.

26        Subject to the foregoing, MGA will produce all relevant and responsive non-

27    objectionable communications in its possession, custody or control, if any, between MGA

28    and Anna Rhee, dated prior to January 1, 2001, that it is able to locate following a

LA2:756234.3            67        MGA'S RESPONSE TO 1ST SET OF
                                          REQUEST FOR PRODUCTION OF
                                                DOCUMENTS

Case 2:04-cv-09049-DOC-RNB    Document 3538-2    Filed 05/08/08    Page 93 of 114    Page ID
#:61327
Case 2:04-cv-09049-SGL-RNB    Document 2041-3    Filed 02/11/2008    Page 85 of 134

1    reasonably diligent search.

2    **REQUEST FOR PRODUCTION NO. 76:**

3        All COMMUNICATIONS between Veronica Marlow and Anna Rhee prior to

4    January 1, 2001, including without limitation all diaries, notes, calendars, logs, phone

5    records and letters, that reflect, record or memorialize or otherwise REFER OR RELATE

6    TO any such COMMUNICATIONS.

7    **RESPONSE TO REQUEST FOR PRODUCTION NO. 76:**

8        MGA incorporates by reference the above-stated general objections as if fully set

9    forth herein.  MGA also specifically objects to this request on the grounds that it is

10    overbroad and unduly burdensome, and seeks information not relevant to the subject

11    matter of this lawsuit or reasonably calculated to lead to the discovery of admissible

12    evidence, including, without limitation, in that it seeks all communications between

13    Veronica Marlow and Anna Rhee and is not otherwise limited as to subject matter.  MGA

14    also objects to this request on the grounds that it seeks information in violation of the right

15    of privacy.  MGA also objects to this request to the extent it seeks information the

16    disclosure of which would implicate the rights of third parties to protect private,

17    confidential, proprietary or trade secret information.  MGA also objects to this request on

18    the grounds that it seeks confidential, proprietary or commercially sensitive information,

19    the disclosure of which would be inimical to the business interests of MGA.  MGA also

20    objects to this request to the extent it calls for the disclosure of attorney-client privileged

21    information or information protected from disclosure by the work-product doctrine, joint

22    defense or common interest privilege, or other privilege.  MGA also objects to the extent

23    this request seeks documents not in MGA's possession, custody or control.

24        Subject to the foregoing, MGA will produce all relevant and responsive non-

25    objectionable documents in its possession, custody or control, if any, that it is able to

26    locate following a reasonably diligent search.

27    **REQUEST FOR PRODUCTION NO. 77:**

28        All COMMUNICATIONS between YOU and Sarah Halpern prior to January 1,

LA2:756234.3          68        MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

Exhibit D, P. 87

Case 2:04-cv-09049-DOC-RNB   Document 3538-2   Filed 05/08/08   Page 94 of 114   Page ID
#:61328
Case 2:04-cv-09049-SGL-RNB ·   Document 2041-3    Filed 02/11/2008    Page 86 of 134

1   2001, including without limitation all diaries, notes, calendars, logs, phone records and

2   letters, that reflect, record or memorialize or otherwise REFER OR RELATE TO any

3   such COMMUNICATIONS.

4   **RESPONSE TO REQUEST FOR PRODUCTION NO. 77:**

5        MGA incorporates by reference the above-stated general objections as if fully set

6   forth herein. MGA also specifically objects to this request on the grounds that it is

7   overbroad, unduly burdensome and oppressive, and seeks information not relevant to the

8   subject matter of this lawsuit or reasonably calculated to lead to the discovery of

9   admissible evidence, including, without limitation, in that it seeks all communications

10  between MGA and Sarah Halpern and is not otherwise limited as to subject matter. MGA

11  also objects to this request on the grounds that it is overbroad, unduly burdensome and

12  oppressive, without limitation, in potentially extending to communications that Sarah

13  Halpern may have had with any of MGA's hundreds of employees, agents or

14  representatives, and regardless of whether any such communication is related in any way

15  to the subject matter of this lawsuit, MGA, or MGA's business. MGA also objects to this

16  request on the grounds that it seeks information in violation of the right of privacy. MGA

17  also objects to this request to the extent it seeks information the disclosure of which would

18. implicate the rights of third parties to protect private, confidential, proprietary or trade

19  secret information. MGA also objects to this request on the grounds that it seeks

20  confidential, proprietary or commercially sensitive information, the disclosure of which

21  would be inimical to the business interests of MGA. MGA also objects to this request to

22  the extent it calls for the disclosure of attorney-client privileged information or

23  information protected from disclosure by the work-product doctrine, joint defense or

24  common interest privilege. MGA also objects to the extent this request

25  seeks documents not in MGA's possession, custody or control.

26        Subject to the foregoing, MGA will produce all relevant and responsive non-

27  objectionable communications in its possession, custody or control, if any, between MGA

28  and Sarah Halpern, dated prior to January 1, 2001, that it is able to locate following a

LA2:756234.3                                    69              MGA'S RESPONSE TO 1ST SET OF
                                                               REQUEST FOR PRODUCTION OF
                                                               DOCUMENTS

Exhibit  D , P. 88

Case 2:04-cv-09049-DOC-RNB   Document 3538-2   Filed 05/08/08   Page 95 of 114   Page ID
#:61329
Case 2:04-cv-09049-SGL-RNB   Document 2041-3   Filed 02/11/2008   Page 87 of 134

1    reasonably diligent search.

2    **REQUEST FOR PRODUCTION NO. 78:**

3        All COMMUNICATIONS between YOU and Jesse Ramirez prior to January 1,

4    2001, including without limitation all diaries, notes, calendars, logs, phone records and

5    letters, that reflect, record or memorialize or otherwise REFER OR RELATE TO any

6    such COMMUNICATIONS.

7    **RESPONSE TO REQUEST FOR PRODUCTION NO. 78:**

8        MGA incorporates by reference the above-stated general objections as if fully set

9    forth herein. MGA also specifically objects to this request on the grounds that it is

10   overbroad, unduly burdensome and oppressive, and seeks information not relevant to the

11   subject matter of this lawsuit or reasonably calculated to lead to the discovery of

12   admissible evidence, including, without limitation, in that it seeks all communications

13   between MGA and Jesse Ramirez and is not otherwise limited as to subject matter. MGA

14   also objects to this request on the grounds that it is overbroad, unduly burdensome and

15   oppressive, without limitation, in potentially extending to communications that Jesse

16   Ramirez may have had with any of MGA's hundreds of employees, agents or

17   representatives, and regardless of whether any such communication is related in any way

18   to the subject matter of this lawsuit, MGA, or MGA's business. MGA also objects to this

19   request on the grounds that it seeks information in violation of the right of privacy. MGA

20   also objects to this request to the extent it seeks information the disclosure of which would

21   implicate the rights of third parties to protect private, confidential, proprietary or trade

22   secret information. MGA also objects to this request on the grounds that it seeks

23   confidential, proprietary or commercially sensitive information, the disclosure of which

24   would be inimical to the business interests of MGA. MGA also objects to this request to

25   the extent it calls for the disclosure of attorney-client privileged information or

26   information protected from disclosure by the work-product doctrine, joint defense or

27   common interest privilege, or other privilege. MGA also objects to the extent this request

28   seeks documents not in MGA's possession, custody or control.

LA2:756234.3                                        70                    MGA'S RESPONSE TO 1ST SET OF
                                                                          REQUEST FOR PRODUCTION OF
                                                                          DOCUMENTS

Exhibit  D  , P. 87

Case 2:04-cv-09049-DOC-RNB   Document 3538-2   Filed 05/08/08   Page 96 of 114   Page ID
#:61330
Case 2:04-cv-09049-SGL-RNB   Document 2041-3   Filed 02/11/2008   Page 88 of 134

1    Subject to the foregoing, MGA will produce all relevant and responsive non-

2    objectionable communications in its possession, custody or control, if any, between MGA

3    and Jesse Ramirez, dated prior to January 1, 2001, that it is able to locate following a

4    reasonably diligent search.

5    **REQUEST FOR PRODUCTION NO. 79:**

6        Any personnel or vendor file that YOU have created or maintained concerning

7    BRYANT.

8    **RESPONSE TO REQUEST FOR PRODUCTION NO. 79:**

9        MGA incorporates by reference the above-stated general objections as if fully set

10   forth herein. MGA also specifically objects to this request on the grounds that it is

11   overbroad and unduly burdensome, and seeks information not relevant to the subject

12   matter of this lawsuit or reasonably calculated to lead to the discovery of admissible

13   evidence, including, without limitation, in that it seeks any personnel or vendor file

14   concerning Bryant created or maintained by MGA and is not otherwise limited as to

15   subject matter or time. MGA also objects to this request on the grounds that it is vague

16   and ambiguous in that MGA cannot determine what is meant by "vendor file." MGA also

17   objects to this request on the grounds that it seeks information in violation the right of

18   privacy. MGA also objects to this request to the extent it seeks information the disclosure

19   of which would implicate the rights of third parties to protect private, confidential,

20   proprietary or trade secret information. MGA also objects to this request on the grounds

21   that it seeks confidential, proprietary or commercially sensitive information, the disclosure

22   of which would be inimical to the business interests of MGA. MGA also objects to this

23   request to the extent it calls for the disclosure of attorney-client privileged information or

24   information protected from disclosure by the work-product doctrine, joint defense or

25   common interest privilege, or other privilege.

26       Subject to the foregoing, MGA will produce all relevant and responsive non-

27   objectionable documents in its possession, custody or control, if any, that it is able to

28   locate following a reasonably diligent search.

LA2:756234.3                                    71                   MGA'S RESPONSE TO 1ST SET OF
                                                                     REQUEST FOR PRODUCTION OF
                                                                     DOCUMENTS

Exhibit _D_, P. _90_

1    **REQUEST FOR PRODUCTION NO. 80:**

2         Any personnel file that YOU have created or maintained concerning Paula

3    Treantafellas.

4    **RESPONSE TO REQUEST FOR PRODUCTION NO. 80:**

5         MGA incorporates by reference the above-stated general objections as if fully set

6    forth herein. MGA also specifically objects to this request on the grounds that it is

7    overbroad and unduly burdensome, and seeks information not relevant to the subject

8    matter of this lawsuit or reasonably calculated to lead to the discovery of admissible

9    evidence, including, without limitation, in that it seeks any personnel file concerning

10   Paula Treantafellas created or maintained by MGA and is not otherwise limited as to

11   subject matter or time. MGA also objects to this request on the grounds that it seeks

12   information in violation of the right of privacy. MGA also objects to this request to the

13   extent it seeks information the disclosure of which would implicate the rights of third

14   parties to protect private, confidential, proprietary or trade secret information. MGA also

15   objects to this request on the grounds that it seeks confidential, proprietary or

16   commercially sensitive information, the disclosure of which would be inimical to the

17   business interests of MGA. MGA also objects to this request to the extent it calls for the

18   disclosure of attorney-client privileged information or information protected from

19   disclosure by the work-product doctrine, joint defense or common interest privilege, or

20   other privilege.

21        Subject to the foregoing, MGA will produce all relevant and responsive non-

22   objectionable documents in its possession, custody or control, if any, that it is able to

23   locate following a reasonably diligent search.

24   **REQUEST FOR PRODUCTION NO. 81:**

25        Any personnel file that YOU have created or maintained concerning Mercedeh

26   Ward.

27   **RESPONSE TO REQUEST FOR PRODUCTION NO. 81:**

28        MGA incorporates by reference the above-stated general objections as if fully set

LA2:756234.3                                    72                    MGA'S RESPONSE TO 1ST SET OF
                                                                      REQUEST FOR PRODUCTION OF
                                                                      DOCUMENTS

Exhibit  D , P. 91

Case 2:04-cv-09049-DOC-RNB    Document 3538-2    Filed 05/08/08    Page 98 of 114    Page ID
#:61332
Case 2:04-cv-09049-SGL-RNB    Document 2041-3    Filed 02/11/2008    Page 90 of 134

1    forth herein. MGA also specifically objects to this request on the grounds that it is

2    overbroad and unduly burdensome, and seeks information not relevant to the subject

3    matter of this lawsuit or reasonably calculated to lead to the discovery of admissible

4    evidence, including, without limitation, in that it seeks any personnel file concerning

5    Mercedeh Ward created or maintained by MGA and is not otherwise limited as to subject

6    matter or time. MGA also objects to this request on the grounds that it seeks information

7    in violation of the right of privacy. MGA also objects to this request to the extent it seeks

8    information the disclosure of which would implicate the rights of third parties to protect

9    private, confidential, proprietary or trade secret information. MGA also objects to this

10   request on the grounds that it seeks confidential, proprietary or commercially sensitive

11   information, the disclosure of which would be inimical to the business interests of MGA.

12   MGA also objects to this request to the extent it calls for the disclosure of attorney-client

13   privileged information or information protected from disclosure by the work-product

14   doctrine, joint defense or common interest privilege, or other privilege.

15       Subject to the foregoing, MGA will produce all relevant and responsive non-

16   objectionable documents in its possession, custody or control, if any, that it is able to

17   locate following a reasonably diligent search.

18   **REQUEST FOR PRODUCTION NO. 82:**

19       Any personnel or vendor file that YOU have created or maintained concerning

20   Margaret Hatch (also known as Margaret Leahy and/or Margaret Hatch-Leahy).

21   **RESPONSE TO REQUEST FOR PRODUCTION NO. 82:**

22       MGA incorporates by reference the above-stated general objections as if fully set

23   forth herein. MGA also specifically objects to this request on the grounds that it is

24   overbroad and unduly burdensome, and seeks information not relevant to the subject

25   matter of this lawsuit or reasonably calculated to lead to the discovery of admissible

26   evidence, including, without limitation, in that it seeks any personnel or vendor file

27   concerning Margaret Leahy created or maintained by MGA and is not otherwise limited

28   as to subject matter or time. MGA also objects to this request on the grounds that it is

LA2:756234.3                      73               MGA'S RESPONSE TO 1ST SET OF
                                                   REQUEST FOR PRODUCTION OF
                                                   DOCUMENTS

1   vague and ambiguous in that MGA cannot determine what is meant by "vendor file."

2   MGA also objects to this request on the grounds that it seeks information in violation of

3   the right of privacy. MGA also objects to this request to the extent it seeks information

4   the disclosure of which would implicate the rights of third parties to protect private,

5   confidential, proprietary or trade secret information. MGA also objects to this request on

6   the grounds that it seeks confidential, proprietary or commercially sensitive information,

7   the disclosure of which would be inimical to the business interests of MGA. MGA also

8   objects to this request to the extent it calls for the disclosure of attorney-client privileged

9   information or information protected from disclosure by the work-product doctrine, joint

10  defense or common interest privilege, or other privilege.

11       Subject to the foregoing, MGA will produce all relevant and responsive non-

12  objectionable documents in its possession, custody or control, if any, that it is able to

13  locate following a reasonably diligent search..

14  **REQUEST FOR PRODUCTION NO. 83:**

15       Any personnel or vendor file that YOU have created or maintained concerning

16  Veronica Marlow

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 83:**

18       MGA incorporates by reference the above-stated general objections as if fully set

19  forth herein. MGA also specifically objects to this request on the grounds that it is

20  overbroad and unduly burdensome, and seeks information not relevant to the subject

21  matter of this lawsuit or reasonably calculated to lead to the discovery of admissible

22  evidence, including, without limitation, in that it seeks any personnel or vendor file

23  concerning Veronica Marlow created or maintained by MGA and is not otherwise limited

24  as to subject matter or time. MGA also objects to this request on the grounds that it is

25  vague and ambiguous in that MGA cannot determine what is meant by "vendor file."

26  MGA also objects to this request on the grounds that it seeks information in violation of

27  the right of privacy. MGA also objects to this request to the extent it seeks information

28  the disclosure of which would implicate the rights of third parties to protect private,

LA2:756234.3                               74              MGA'S RESPONSE TO 1ST SET OF
                                                          REQUEST FOR PRODUCTION OF
                                                          DOCUMENTS

Exhibit _D_ , P. _93_

Case 2:04-cv-09049-DOC-RNB   Document 3538-2   Filed 05/08/08   Page 100 of 114   Page ID
#:61334
Case 2:04-cv-09049-SGL-RNB      Document 2041-3    Filed 02/11/2008     Page 92 of 134

1   confidential, proprietary or trade secret information. MGA also objects to this request on

2   the grounds that it seeks confidential, proprietary or commercially sensitive information,

3   the disclosure of which would be inimical to the business interests of MGA. MGA also

4   objects to this request to the extent it calls for the disclosure of attorney-client privileged

5   information or information protected from disclosure by the work-product doctrine, joint

6   defense or common interest privilege, or other privilege.

7          Subject to the foregoing, MGA will produce all relevant and responsive non-

8   objectionable documents in its possession, custody or control, if any, that it is able to

9   locate following a reasonably diligent search.

10  **REQUEST FOR PRODUCTION NO. 84:**

11         Any personnel or vendor file that YOU have created or maintained concerning

12  Anna Rhee.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 84:**

14         MGA incorporates by reference the above-stated general objections as if fully set

15  forth herein. MGA also specifically objects to this request on the grounds that it is

16  overbroad and unduly burdensome, and seeks information not relevant to the subject

17  matter of this lawsuit or reasonably calculated to lead to the discovery of admissible

18  evidence, including, without limitation, in that it seeks any personnel or vendor file

19  concerning Anna Rhee created or maintained by MGA and is not otherwise limited as to

20  subject matter or time. MGA also objects to this request on the grounds that it is vague

21  and ambiguous in that MGA cannot determine what is meant by "vendor file." MGA also

22  objects to this request on the grounds that it seeks information in violation of the right of

23  privacy. MGA also objects to this request to the extent it seeks information the disclosure

24  of which would implicate the rights of third parties to protect private, confidential,

25  proprietary or trade secret information. MGA also objects to this request on the grounds

26  that it seeks confidential, proprietary or commercially sensitive information, the disclosure

27  of which would be inimical to the business interests of MGA. MGA also objects to this

28  request to the extent it calls for the disclosure of attorney-client privileged information or

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

Exhibit ___D___, P. ___94___

Case 2:04-cv-09049-DOC-RNB    Document 3538-2    Filed 05/08/08    Page 101 of 114    Page ID
#:61335
Case 2:04-cv-09049-SGL-RNB    Document 2041-3    Filed 02/11/2008    Page 93 of 134

1    information protected from disclosure by the work-product doctrine, joint defense or

2    common interest privilege, or other privilege.

3        Subject to the foregoing, MGA will produce all relevant and responsive non-

4    objectionable documents in its possession, custody or control, if any, that it is able to

5    locate following a reasonably diligent search.

6    **REQUEST FOR PRODUCTION NO. 85:**

7        Any personnel or vendor file that YOU have created or maintained concerning

8    Jesse Ramirez.

9    **RESPONSE TO REQUEST FOR PRODUCTION NO. 85:**

10        MGA incorporates by reference the above-stated general objections as if fully set

11    forth herein. MGA also specifically objects to this request on the grounds that it is

12    overbroad and unduly burdensome, and seeks information not relevant to the subject

13    matter of this lawsuit or reasonably calculated to lead to the discovery of admissible

14    evidence, including, without limitation, in that it seeks any personnel or vendor file

15    concerning Jesse Ramirez created or maintained by MGA and is not otherwise limited as

16    to subject matter or time. MGA also objects to this request on the grounds that it is vague

17    and ambiguous in that MGA cannot determine what is meant by "vendor file." MGA also

18    objects to this request on the grounds that it seeks information in violation of the right of

19    privacy. MGA also objects to this request to the extent it seeks information the disclosure

20    of which would implicate the rights of third parties to protect private, confidential,

21    proprietary or trade secret information. MGA also objects to this request on the grounds

22    that it seeks confidential, proprietary or commercially sensitive information, the disclosure

23    of which would be inimical to the business interests of MGA. MGA also objects to this

24    request to the extent it calls for the disclosure of attorney-client privileged information or

25    information protected from disclosure by the work-product doctrine, joint defense or

26    common interest privilege, or other privilege.

27

28

LA2:756234.3                                    76                    MGA'S RESPONSE TO 1ST SET OF
                                                                      REQUEST FOR PRODUCTION OF
                                                                      DOCUMENTS

Exhibit __D__ , P. __95__

Case 2:04-cv-09049-DOC-RNB   Document 3538-2   Filed 05/08/08   Page 102 of 114   Page ID
#:61336
Case 2:04-cv-09049-SGL-RNB   Document 2041-3   Filed 02/11/2008   Page 94 of 134

1   Subject to the foregoing, MGA will produce all relevant and responsive non-

2   objectionable documents in its possession, custody or control, if any, that it is able to

3   locate following a reasonably diligent search.

4   **REQUEST FOR PRODUCTION NO. 86:**

5   Any personnel file that YOU have created or maintained concerning Shirin

6   Salemnia.

7   **RESPONSE TO REQUEST FOR PRODUCTION NO. 86:**

8   MGA incorporates by reference the above-stated general objections as if fully set

9   forth herein. MGA also specifically objects to this request on the grounds that it is

10  overbroad and unduly burdensome, and seeks information not relevant to the subject

11  matter of this lawsuit or reasonably calculated to lead to the discovery of admissible

12  evidence, including, without limitation, in that it seeks any personnel file concerning

13  Shirin Salemnia created or maintained by MGA and is not otherwise limited as to subject

14  matter or time. MGA also objects to this request on the grounds that it seeks information

15  in violation of the right of privacy. MGA also objects to this request to the extent it seeks

16  information the disclosure of which would implicate the rights of third parties to protect

17  private, confidential, proprietary or trade secret information. MGA also objects to this

18  request on the grounds that it seeks confidential, proprietary or commercially sensitive

19  information, the disclosure of which would be inimical to the business interests of MGA.

20  MGA also objects to this request to the extent it calls for the disclosure of attorney-client

21  privileged information or information protected from disclosure by the work-product

22  doctrine, joint defense or common interest privilege, or other privilege.

23  Subject to the foregoing, MGA will produce all relevant and responsive non-

24  objectionable documents in its possession, custody or control, if any, that it is able to

25  locate following a reasonably diligent search.

26  **REQUEST FOR PRODUCTION NO. 87:**

27  Any personnel file that YOU have created or maintained concerning Victoria

28  O'Connor.

LA2:756234.3

77

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 87:**

2      MGA incorporates by reference the above-stated general objections as if fully set

3 forth herein. MGA also specifically objects to this request on the grounds that it is

4 overbroad and unduly burdensome, and seeks information not relevant to the subject

5 matter of this lawsuit or reasonably calculated to lead to the discovery of admissible

6 evidence, including, without limitation, in that it seeks any personnel file concerning

7 Victoria O'Connor created or maintained by MGA and is not otherwise limited as to

8 subject matter or time. MGA also objects to this request on the grounds that it seeks

9 information in violation of the right of privacy. MGA also objects to this request to the

10 extent it seeks information the disclosure of which would implicate the rights of third

11 parties to protect private, confidential, proprietary or trade secret information. MGA also

12 objects to this request on the grounds that it seeks confidential, proprietary or

13 commercially sensitive information, the disclosure of which would be inimical to the

14 business interests of MGA. MGA also objects to this request to the extent it calls for the

15 disclosure of attorney-client privileged information or information protected from

16 disclosure by the work-product doctrine, joint defense or common interest privilege, or

17 other privilege.

18      Subject to the foregoing, MGA will produce all relevant and responsive non-

19 objectionable documents in its possession, custody or control, if any, that it is able to

20 locate following a reasonably diligent search.

21    **REQUEST FOR PRODUCTION NO. 88:**

22      Any personnel file that YOU have created or maintained concerning Farhad Larian.

23    **RESPONSE TO REQUEST FOR PRODUCTION NO. 88:**

24      MGA incorporates by reference the above-stated general objections as if fully set

25 forth herein. MGA also specifically objects to this request on the grounds that it is

26 overbroad and unduly burdensome, and seeks information not relevant to the subject

27 matter of this lawsuit or reasonably calculated to lead to the discovery of admissible

28 evidence, including, without limitation, in that it seeks any personnel file concerning

Exhibit D , P. 97

Case 2:04-cv-09049-DOC-RNB   Document 3538-2   Filed 05/08/08   Page 104 of 114   Page ID
#:61338
Case 2:04-cv-09049-SGL-RNB   Document 2041-3   Filed 02/11/2008   Page 96 of 134

1    Farhad Larian created or maintained by MGA and is not otherwise limited as to subject

2    matter or time. MGA also objects to this request on the grounds that it seeks information

3    in violation of the right of privacy. MGA also objects to this request to the extent it seeks

4    information the disclosure of which would implicate the rights of third parties to protect

5    private, confidential, proprietary or trade secret information. MGA also objects to this

6    request on the grounds that it seeks confidential, proprietary or commercially sensitive

7.   information, the disclosure of which would be inimical to the business interests of MGA.

8    MGA also objects to this request to the extent it calls for the disclosure of attorney-client

9    privileged information or information protected from disclosure by the work-product

10   doctrine, joint defense or common interest privilege, or other privilege.

11       Subject to the foregoing, MGA will not produce documents in response to this

12   request.

13   **REQUEST FOR PRODUCTION NO. 89:**

14       All telephone records for MGA Entertainment Inc. for the time period from

15   January 1, 1998 through January 1, 2001.

16   **RESPONSE TO REQUEST FOR PRODUCTION NO. 89:**

17       MGA incorporates by reference the above-stated general objections as if fully set

18   forth herein. MGA also specifically objects to this request on the grounds that it is

19   overbroad, unduly burdensome and oppressive, and seeks information not relevant to the

20   subject matter of this lawsuit or reasonably calculated to lead to the discovery of

21   admissible evidence, including, without limitation, in that it seeks all telephone records

22   for MGA entertainment, without limitation as to who placed the call or who was called,

23   thereby potentially revealing to Mattel every customer, vendor, distributor or anyone else

24   MGA called in the referenced time period, and the length and frequency of those calls.

25   MGA also objects to this request on the grounds that it is overbroad in that it asks for

26   phone records beginning in January, 1998. MGA also objects to this request on the

27   grounds that Mattel's pursuit of MGA's phone records is now the subject of a subpoena

28   that Mattel directed to Verizon, and a currently-pending motion in Texas for a protective

LA2:756234.3                                79                   MGA'S RESPONSE TO 1ST SET OF
                                                                REQUEST FOR PRODUCTION OF
                                                                DOCUMENTS

Case 2:04-cv-09049-DOC-RNB   Document 3538-2   Filed 05/08/08   Page 105 of 114   Page ID
#:61339
Case 2:04-cv-09049-SGL-RNB   Document 2041-3   Filed 02/11/2008   Page 97 of 134

1   order. Requiring MGA to respond to this request before the motion regarding Mattel's

2   subpoena to Verizon is settled would be premature, unduly burdensome and oppressive.

3   MGA also objects to this request on the grounds that it seeks information in violation of

4   the right of privacy. MGA also objects to this request on the grounds that it seeks

5   confidential, proprietary or commercially sensitive information, the disclosure of which

6   would be inimical to the business interests of MGA.

7        Subject to the foregoing, MGA will not produce documents in response to this

8   request.

9   **REQUEST FOR PRODUCTION NO. 90:**

10       All DOCUMENTS that REFER OR RELATE TO any copyright, patent or any

11   other application or registration for BRATZ DESIGNS, including without limitation all

12   COMMUNICATIONS pertaining thereto.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 90:**

14       MGA incorporates by reference the above-stated general objections as if fully set

15   forth herein. MGA also specifically objects to this request on the grounds that it seeks

16   information not relevant to the subject matter of this lawsuit or reasonably calculated to

17   lead to the discovery of admissible evidence and is, thus, overbroad, including, without

18   limitation, in that it seeks all documents relating to any copyright, patent, trademark, or

19   other application for registration of BRATZ DESIGNS not at issue in this litigation,

20   which may include dozens—potentially hundreds—of products. MGA also objects to this

21   request on the grounds that it seeks information not relevant to the subject matter of this

22   lawsuit or reasonably calculated to lead to the discovery of admissible evidence and is,

23   thus, overbroad, unduly burdensome and oppressive, including, without limitation, to the

24   extent it seeks documents referring or relating to Bratz beyond the first four characters and

25   first generation of dolls. MGA also objects to this request on the grounds that it seeks

26   confidential, proprietary or commercially sensitive information, the disclosure of which

27   would be inimical to the business interests of MGA. MGA also objects to this request to

28   the extent it calls for the disclosure of attorney-client privileged information or

LA2:756234.3                                      80                MGA'S RESPONSE TO 1ST SET OF
                                                                   REQUEST FOR PRODUCTION OF
                                                                   DOCUMENTS

Exhibit  D , P. 97

1  information protected from disclosure by the work-product doctrine, joint defense or

2  common interest privilege, or other privilege. MGA also objects to this request on the

3  grounds that it seeks information that is already known to Mattel and/or is a matter of

4  public record.

5        Subject to the foregoing, MGA will produce all relevant and responsive non-

6  objectionable documents in its possession, custody or control, if any, referring or relating

7  to copyrights of the first generation of Bratz character art and dolls, that it is able to locate

8  following a reasonably diligent search.

9  **REQUEST FOR PRODUCTION NO. 91:**

10       All DOCUMENTS that REFER OR RELATE TO any copyright, patent or any

11  other application or registration for ANGEL DESIGNS, including without limitation all

12  COMMUNICATIONS pertaining thereto.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 91:**

14       MGA incorporates by reference the above-stated general objections as if fully set

15  forth herein. MGA also specifically objects to this request on the grounds that it seeks

16  information not relevant to the subject matter of this lawsuit or reasonably calculated to

17  lead to the discovery of admissible evidence including, without limitation, in that is seeks

18  information related to an MGA product not at issue in this lawsuit, and that registrations

19  for ANGEL DESIGNS have nothing whatsoever to do with Bryant, Mattel, or this

20  lawsuit. MGA also objects to this request on the grounds that it seeks information not

21  relevant to the subject matter of this lawsuit or reasonably calculated to lead to the

22  discovery of admissible evidence and is, thus, overbroad, including, without limitation, in

23  that it seeks all documents relating to any copyright, patent, or other application for

24  registration of ANGEL DESIGNS. MGA also objects to this request to the extent it seeks

25  information the disclosure of which would implicate the rights of third parties to protect

26  private, confidential, proprietary or trade secret information. MGA also objects to this

27  request on the grounds that it seeks confidential, proprietary or commercially sensitive

28  information, the disclosure of which would be inimical to the business interests of MGA.

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

Exhibit D , P. 100

Case 2:04-cv-09049-DOC-RNB   Document 3538-2   Filed 05/08/08   Page 107 of 114   Page ID
#:61341
Case 2:04-cv-09049-SGL-RNB   Document 2041-3   Filed 02/11/2008   Page 99 of 134

1   MGA also objects to this request to the extent it calls for the disclosure of attorney-client

2   privileged information or information protected from disclosure by the work-product

3   doctrine, joint defense or common interest privilege, or other privilege.

4       Subject to the foregoing, MGA will not produce documents in response to this

5   request.

6   **REQUEST FOR PRODUCTION NO. 92:**

7       All DOCUMENTS that REFER OR RELATE TO any testing of or sampling from

8   any DOCUMENTS that REFER OR RELATE TO BRATZ or BRYANT, including

9   without limitation any such testing or sampling in connection with any ink, paper or

10  chemical analysis to date any such DOCUMENTS and including without limitation all

11  results and reports relating thereto.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 92:**

13      MGA incorporates by reference the above-stated general objections as if fully set

14  forth herein. MGA also specifically objects to this request on the grounds that it seeks

15  information not relevant to the subject matter of this lawsuit or reasonably calculated to

16  lead to the discovery of admissible evidence. MGA also objects to this request to the

17  extent that it seeks documents not within MGA's possession, custody or control. MGA

18  also objects to this request on the grounds that it seeks confidential, proprietary or

19  commercially sensitive information, the disclosure of which would be inimical to the

20  business interests of MGA. MGA also objects to this request to the extent it calls for the

21  disclosure of attorney-client privileged information or information protected from

22  disclosure by the work-product doctrine, joint defense or common interest privilege, or

23  other privilege.

24      Subject to the foregoing, MGA will not produce documents in response to this

25  request.

26  **REQUEST FOR PRODUCTION NO. 93:**

27      An electronic copy of each DOCUMENT that YOU have produced in this action,

28  or that is responsive to these Requests, that is or was created, prepared, generated,

LA2:756234.3                                    82                  MGA'S RESPONSE TO 1ST SET OF
                                                                    REQUEST FOR PRODUCTION OF
                                                                    DOCUMENTS

Exhibit D , P. 101

Case 2:04-cv-09049-DOC-RNB   Document 3538-2   Filed 05/08/08   Page 108 of 114   Page ID
#:61342
Case 2:04-cv-09049-SGL-RNB   Document 2041-3   Filed 02/11/2008   Page 100 of 134

1   maintained or transmitted in digital form.

2   **RESPONSE TO REQUEST FOR PRODUCTION NO. 93:**

3       MGA incorporates by reference the above-stated general objections as if fully set

4   forth herein. MGA also specifically objects to this request on the grounds that is it unduly

5   burdensome and oppressive, particularly as to the expense associated with producing to

6   Mattel in electronic form documents that MGA has already produced, or will produce in

7   response to these requests, in another form.

8       Subject to the foregoing, MGA will not produce documents in response to this

9   request.

10   **REQUEST FOR PRODUCTION NO. 94:**

11       The metadata for each DOCUMENT that YOU have produced in this action, or

12   that is responsive to these Requests, that is or was created, prepared, generated,

13   maintained or transmitted in digital form.

14   **RESPONSE TO REQUEST FOR PRODUCTION NO. 94:**

15       MGA incorporates by reference the above-stated general objections as if fully set

16   forth herein. MGA also specifically objects to this request on the grounds that is it unduly

17   burdensome and oppressive, particularly as to the expense associated with producing

18   metadata to Mattel for each digital document that MGA has already produced, or will

19   produce in response to these requests, if any. MGA also objects to this request to the

20   extent it calls for the disclosure of attorney-client privileged information or information

21   protected from disclosure by the work-product doctrine, joint defense or common interest

22   privilege, or other privilege.

23       Subject to the foregoing, MGA will not produce documents in response to this

24   request.

25   **REQUEST FOR PRODUCTION NO. 95:**

26       All DOCUMENTS that support, refute or otherwise REFER OR RELATE TO any

27   facts underlying YOUR Affirmative Defenses in this action.

28

      83      MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

Exhibit ___ , P. _102_

1   **RESPONSE TO REQUEST FOR PRODUCTION NO. 95:**

2   MGA incorporates by reference the above-stated general objections as if fully set

3   forth herein. MGA also specifically objects to this request on the grounds that it is

4   overbroad and unduly burdensome in that it calls for all documents that support, refute or

5   otherwise refer or relate to any facts underlying MGA's affirmative defenses. MGA also

6   objects to this request on the grounds that it calls for legal conclusions. MGA also objects

7   to this request on the grounds that it seeks information in Mattel's possession and/or in the

8   public record, and/or equally available to Mattel. MGA also objects to this request to the

9   extent it calls for the disclosure of attorney-client privileged information or information

10   protected from disclosure by the work-product doctrine, joint defense or common interest

11   privilege, or other privilege.

12   Subject to the foregoing, MGA will produce all relevant and responsive non-

13   objectionable documents in its possession, custody or control, if any, that support its

14   affirmative defenses, that it is able to locate following a reasonably diligent search.

15   **REQUEST FOR PRODUCTION NO. 96:**

16   All doll heads, sculpts, prototypes, models, samples and tangible items that were

17   created, prepared or made, whether in whole or in part, prior to January 1, 2001 that

18   REFER OR RELATE TO BRATZ.

19   **RESPONSE TO REQUEST FOR PRODUCTION NO. 96:**

20   MGA incorporates by reference the above-stated general objections as if fully set

21   forth herein. MGA specifically objects to this request to the extent that it seeks tangible

22   items not within MGA's possession, custody or control. MGA also objects to this request

23   to the extent it seeks information the disclosure of which would implicate the rights of

24   third parties to protect private, confidential, proprietary or trade secret information. MGA

25   also specifically objects to this request on the grounds that it seeks confidential,

26   proprietary, or commercially sensitive information, the disclosure of which would be

27   inimical to the business interests of MGA. MGA also objects to this request to the extent

28   it calls for the disclosure of attorney-client privileged information or information

LA2:756234.3                                    84          MGA'S RESPONSE TO 1ST SET OF
                                                           REQUEST FOR PRODUCTION OF
                                                                        DOCUMENTS

Exhibit  D , P.  103

Case 2:04-cv-09049-DOC-RNB  Document 3538-2  Filed 05/08/08  Page 110 of 114  Page ID
#:61344
Case 2:04-cv-09049-SGL-RNB  Document 2041-3  Filed 02/11/2008  Page 102 of 134

1  protected from disclosure by the work product doctrine, joint defense or common interest

2  privilege, or other privilege.

3      Subject to the foregoing, MGA will produce all relevant and responsive non-

4  objectionable tangible items in its possession, custody or control, if any, that it is able to

5  locate following a reasonably diligent search.

6  **REQUEST FOR PRODUCTION NO. 97:**

7      All doll heads, sculpts, prototypes, models, samples and tangible items that were

8  created, prepared or made, whether in whole or in part, prior to January 1, 2001 that

9  REFER OR RELATE TO ANGEL.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 97:**

11      MGA incorporates by reference the above-stated general objections as if fully set

12  forth herein. MGA specifically objects to this request on the grounds that it seeks

13  information not relevant to the subject matter of this lawsuit or reasonably calculated to

14  lead to the discovery of admissible evidence and is, thus, overbroad including, without

15  limitation, in that it seeks tangible items referring or relating to MGA products not at issue

16  in this lawsuit. MGA also objects to this request on the grounds that it seeks tangible

17  items not within MGA's possession, custody or control. MGA also objects to this request

18  to the extent it seeks information the disclosure of which would implicate the rights of

19  third parties to protect private, confidential, proprietary or trade secret information. MGA

20  also specifically objects to this request on the grounds that it seeks confidential,

21  proprietary, or commercially sensitive information, the disclosure of which would be

22  inimical to the business interests of MGA. MGA also objects to this request to the extent

23  it calls for the disclosure of attorney-client privileged information or information

24  protected from disclosure by the work product doctrine, joint defense or common interest

25  privilege, or other privilege.

26      Subject to the foregoing, MGA will produce all relevant and responsive non-

27  objectionable tangible items in its possession, custody or control, if any, that it is able to

28  locate following a reasonably diligent search.

Exhibit _D_ , P. _104_

Case 2:04-cv-09049-DOC-RNB   Document 3538-2   Filed 05/08/08   Page 111 of 114   Page ID
#:61345
Case 2:04-cv-09049-SGL-RNB   Document 2041-3   Filed 02/11/2008   Page 103 of 134

1    <u>REQUEST FOR PRODUCTION NO. 98:</u>

2           All doll heads, sculpts, prototypes, models, samples and tangible items that Anna

3    Rhee painted, whether in whole or in part, for or with YOU or on YOUR behalf or for or

4    on behalf of BRYANT prior to January 1, 2001.

5    <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 98:</u>

6           MGA incorporates by reference the above-stated general objections as if fully set

7    forth herein. MGA specifically objects to this request on the grounds that it seeks

8    information not relevant to the subject matter of this lawsuit or reasonably calculated to

9    lead to the discovery of admissible evidence and is, thus, overbroad including, without

10   limitation, to the extent that is seeks tangible items relating to products not at issue in this

11   lawsuit. MGA also objects to this request on the grounds that it seeks tangible items not

12   within MGA's possession, custody or control. MGA also objects to this request to the

13   extent it seeks information the disclosure of which would implicate the rights of third

14   parties to protect private, confidential, proprietary or trade secret information. MGA also

15   specifically objects to this request on the grounds that it seeks confidential, proprietary, or

16   commercially sensitive information, the disclosure of which would be inimical to the

17   business interests of MGA. MGA also objects to this request to the extent it calls for the

18   disclosure of attorney-client privileged information or information protected from

19   disclosure by the work product doctrine, joint defense or common interest privilege, or

20   other privilege.

21          Subject to the foregoing, MGA will produce all relevant and responsive non-

22   objectionable tangible items in its possession, custody or control, if any, that it is able to

23   locate following a reasonably diligent search.

24   <u>REQUEST FOR PRODUCTION NO. 99:</u>

25          All doll heads, sculpts, prototypes, models, samples and tangible items that REFER

26   OR RELATE TO DESIGNS for dolls, doll accessories or toys that BRYANT produced,

27   created, authored, conceived of or reduced to practice, whether alone or jointly with

28   others, prior to January 1, 2001.

LA2:756234.3                           86                    MGA'S RESPONSE TO 1ST SET OF
                                                            REQUEST FOR PRODUCTION OF
                                                            DOCUMENTS

Exhibit   D   , P. _105_

Case 2:04-cv-09049-DOC-RNB   Document 3538-2   Filed 05/08/08   Page 112 of 114   Page ID
#:61346
Case 2:04-cv-09049-SGL-RNB   Document 2041-3   Filed 02/11/2008   Page 104 of 134

1   **RESPONSE TO REQUEST FOR PRODUCTION NO. 99:**

2       MGA incorporates by reference the above-stated general objections as if fully set

3   forth herein. MGA specifically objects to this request on the grounds that it seeks

4   information not relevant to the subject matter of this lawsuit or reasonably calculated to

5   lead to the discovery of admissible evidence and is, thus, overbroad including, without

6   limitation, in that it seeks tangible items relating to DESIGNS for dolls, doll accessories

7   or toys that are not at issue in this lawsuit, and in that it reaches back into time indefinitely

8   and, thus, for example, calls for documents referring or relating to DESIGNS Bryant

9   might have conceived of in his childhood and that have nothing whatsoever to do with this

10   action. MGA also objects to this request on the grounds that it seeks tangible items not

11   within MGA's possession, custody or control. MGA also objects to this request to the

12   extent it seeks information the disclosure of which would implicate the rights of third

13   parties to protect private, confidential, proprietary or trade secret information. MGA also

14   specifically objects to this request on the grounds that it seeks confidential, proprietary, or

15   commercially sensitive information, the disclosure of which would be inimical to the

16   business interests of MGA. MGA also objects to this request to the extent it calls for the

17   disclosure of attorney-client privileged information or information protected from

18   disclosure by the work product doctrine, joint defense or common interest privilege, or

19   other privilege.

20       Subject to the foregoing, MGA will produce all relevant and responsive non-

21   objectionable tangible items in its possession, custody or control, if any, that it is able to

22   locate following a reasonably diligent search.

23   **REQUEST FOR PRODUCTION NO. 100:**

24       All doll heads, sculpts, prototypes, models, samples and tangible items that

25   support, refute or otherwise REFER OR RELATE TO any facts underlying YOUR

26   Affirmative Defenses in this action.

27   **RESPONSE TO REQUEST FOR PRODUCTION NO. 100:**

28       MGA incorporates by reference the above-stated general objections as if fully set

Exhibit $\underline{D}$ , P. $\underline{106}$

Case 2:04-cv-09049-DOC-RNB   Document 3538-2   Filed 05/08/08   Page 113 of 114   Page ID
#:61347
Case 2:04-cv-09049-SGL-RNB   Document 2041-3   Filed 02/11/2008   Page 105 of 134

1   forth herein. MGA also specifically objects to this request on the grounds that it is

2   overbroad and unduly burdensome in that it calls for all tangible items that support, refute

3   or otherwise refer or relate to any facts underlying MGA's affirmative defenses. MGA

4   also objects to this request on the grounds that it calls for legal conclusions. MGA also

5   objects to this request to the extent it calls for the disclosure of attorney-client privileged

6   information or information protected from disclosure by the work-product doctrine, joint

7   defense or common interest privilege, or other privilege.

8       Subject to the foregoing, MGA will produce all relevant and responsive non-

9   objectionable documents in its possession, custody or control, if any, that support its

10  affirmative defenses, that it is able to locate following a reasonably diligent search.

11

12

13              AS TO OBJECTIONS ONLY:

14          Dated: April 13, 2005

15

16                          DIANA M. TORRES
                            PAULA E. AMBROSINI

17                          O'MELVENY & MYERS LLP

18

19                      By: Paula Ambrosini

20                          Paula E. Ambrosini

21                          Attorneys for Defendant-in-Intervention
                            MGA Entertainment, Inc.

22

23

24

25

26

27

28

LA2:756234.3                    88              MGA'S RESPONSE TO 1ST SET OF
                                                REQUEST FOR PRODUCTION OF
                                                DOCUMENTS

Exhibit  D , P. 107

1

<u>PROOF OF SERVICE</u>

2

I, Jennifer R. Szoke, declare:

3

I am a resident of the State of California and over the age of eighteen years, and
not a party to the within action; my business address is 400 South Hope Street, Los Angeles,

4

California 90071-2899. On April 13, 2005, I served the within document:

5

MGA ENTERTAINMENT, INC.'S RESPONSES TO MATTEL, INC.'S FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS AND TANGIBLE THINGS

6

7

☒       by transmitting via facsimile machine the document(s) listed above to the fax
number(s) set forth below on this date. The outgoing facsimile machine telephone

8

number in this office is (213) 430-6407.

9

☒       by placing the document(s) listed above in a sealed envelope with postage thereon
fully prepaid, in the United States mail at Los Angeles addressed as set forth

10

below. I am readily familiar with the firm's practice of collecting and processing
correspondence for mailing. Under that practice it would be deposited with the

11

U.S. Postal Service on that same day with postage thereon fully prepaid in the
ordinary course of business. I am aware that on motion of the party served, service

12

is presumed invalid if the postal cancellation date or postage meter date is more
than one day after date of deposit for mailing in affidavit.

13

14

Keith Jacoby (by mail only)

15

Littler Mendelson
A Professional Corporation

16

2049 Century Park East, 5th Floor
Los Angeles, CA 90067-3107

17

Tel: (310) 553-0308
Fax: (310) 553-5583

18

19

Michael T. Zeller (by fax and mail)
Quinn Emanuel Urquhart Oliver & Hedges, LLP

20

865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543

21

Tel: (213) 443-3000
Fax: (213) 443-3100

22

I declare under penalty of perjury under the laws of the United States that the

23

above is true and correct.

24

Executed on April 13, 2005, at Los Angeles, California.

25

26

27       LA2:758376.1                                        Jennifer R. Szoke

28

Exhibit __D__, P. __108__