**1**

1  THOMAS J. NOLAN (Bar No. 66992)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2  300 South Grand Avenue
   Los Angeles, California 90071-3144
3  Telephone: (213) 687-5000
   Facsimile: (213) 687-5600
4  E-mail:  tnolan@skadden.com

5  RAOUL D. KENNEDY (Bar No. 40892)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
6  4 Embarcadero Center, 38th Floor    Document 1993-2    Filed 02/07/2008    Page 1 c
   San Francisco, California 94111-5974
7  Telephone: (415) 984-6400
   Facsimile: (415) 984-2698
8  Email:  rkennedy@skadden.com

9  Attorneys for MGA Entertainment, Inc., MGA Entertainment (HK) Limited,
   MGAE de Mexico S.R.L. de C.V., and Isaac Larian
10

11              **UNITED STATES DISTRICT COURT**

12             **CENTRAL DISTRICT OF CALIFORNIA**

13                    **EASTERN DIVISION**

| | |
|---|---|
| 14  CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| 15           Plaintiff, | Consolidated with Case No. 04-9059 and Case No. 05-2727 |
| 16        v. | **DISCOVERY MATTER** |
| 17  MATTEL, INC., a Delaware corporation, | **[To be heard by Discovery Master Hon. Edward A. Infante (Ret.)]** |
| 18 | |
| 19           Defendant. | **DECLARATION OF PHILIP W. MARSH IN SUPPORT OF MGA'S** |
| 20 | **MEMORANDUM OF POINTS AND AUTHORITIES IN** |
| 21  Consolidated with MATTEL, INC. v. BRYANT and MGA | **OPPOSITION TO MATTEL'S MOTION TO COMPEL** |
| 22  ENTERTAINMENT, INC. v. MATTEL, INC. | **PRODUCTION OF DOCUMENTS BY MGA IN RESPONSE TO** |
| 23 | **MATTEL'S FIFTH SET OF REQUESTS FOR DOCUMENTS** |
| 24 | **AND THINGS TO MGA** |
| 25 | Date:  TBD |
| 26 | Time:  TBD<br>Place: TBD |
| 27 | |
| 28 | |

DECLARATION OF PHILIP W. MARSH IN SUPP. OF MGA'S OPP. TO MATTEL'S MOT. TO COMPEL PROD.
OF DOCS. BY MGA IN RESP. TO MATTEL'S FIFTH SET OF REQUESTS FOR DOCS. AND THINGS TO MGA

1    I, Philip W. Marsh, declare as follows:

2    I am an associate of the law firm of Skadden, Arps, Slate, Meagher & Flom
3   LLP, which is counsel of record for MGA Entertainment, Inc., MGA Entertainment
4   (HK) Limited, and MGAE de Mexico S.R.L. de C.V., and Isaac Larian (collectively
5   the "MGA Defendants"). I am one of Skadden's lawyers assigned to the above-
6   captioned litigation. Except where otherwise indicated, I have personal knowledge
7   of the following and, if called upon to do so, could competently testify as follows.

8        1.    Since litigation commenced in this case nearly four years ago, Mattel
9   has served the MGA Defendants with more than 2,700 individual document requests.
10   In response, the MGA Defendants have produced over 4.2 million pages of
11   responsive documents. Mr. Larian has personally produced over 50,000 pages of
12   documents responsive to requests that were the subject of the Discovery Master's
13   December 31, 2007 Order. Some of Mattel's requests, for which I am informed and
14   believe the MGA Defendants have produced responsive documents, include requests
15   for detailed financial information, such as Mr. Larian's net worth, gross income (and
16   sources), and bank account information, as well as MGA's annual profit and loss
17   statements (both audited and unaudited), annual financial statements (both audited
18   and unaudited), annual reports, general ledgers, various other financial documents.

19       2.    I am informed and believe that Mattel has produced approximately
20   900,000 pages of documents, with approximately 640,000 pages being produced in
21   January of 2008.

22       3.    Attached as Exhibit A is a true and correct copy of MGA Entertainment,
23   Inc.'s Objections and Responses to Mattel, Inc.'s Fifth Set of Requests for
24   Documents and Things to MGA Entertainment, Inc., Served on December 27, 2007.

25       4.    Attached as Exhibit B is a true and correct copy of an email chain
26   including an email message from Timothy Alger, counsel for Mattel, to Robert J.
27   Herrington and Timothy A. Miller, counsel for MGA, sent on January 28, 2008 at

28

1

1    12:24 p.m. PST, and a reply email message from Timothy A. Miller to Timothy

2    Alger and Robert J. Herrington sent on January 28, 2008 at 2:23 p.m. PST.

3          5.      I am informed and believe that the depositions for the following twelve

4    individuals and organizations were conducted in this action on January 28, 2008, and

5    that depositions for the first nine were noticed by Mattel:

6                 Case 2:04-cv-09049-SGL-RNB     Document 1993-2     Filed 02/07/2008     Page 3 o

7                 (2) Dan Cooney

8                 (3) Susan Kuemmerle

9                 (4) Nick Contreras

10                (5) Anne Wang

11                (6) Robert Simoneau

12                (7) LW Research Group

13                (8) Kickapoo High School

14                (9) Nana Ashong

15                (10) Kevin Farr

16                (11) Maureen Tafoya

17                (12) Bob Eckert

18          6.      Attached as Exhibit C is a true and correct copy of the Stipulation for

19    Appointment of a Discovery Master; and Order, dated December 6, 2006.

20          7.      Attached as Exhibit D is a true and correct copy of an email message

21    from Tamara Jih of Quinn Emanuel, counsel for Mattel, filing and serving Mattel,

22    Inc.'s Notice of Motion and Motion to Compel Production of Documents by MGA in

23    Response to Mattel's Fifth Set of Requests for Documents and Things to MGA; and

24    Memorandum of Points and Authorities, on January 28, 2008 at 5:54 p.m. PST.

25          8.      Attached as Exhibit E is a true and correct copy of Mattel, Inc.'s First

26    Set of Requests For Documents and Things to Isaac Larian.

27          9.      MGA's expenses for opposing Mattel's present motion exceed $3,500.

28

2

1       I declare under the penalty of perjury under the laws of the United States of

2 America that the foregoing is true and correct.

3

4       Executed on February 7, 2008 at McLean, Virginia.

5            Case 2:04-cv-09049-SGL-RNB   Document 1928-2   Filed 02/07/2008    Page 4 o

6                               Philip W. Marsh

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



**3**

DECLARATION OF PHILIP W. MARSH IN SUPP. OF MGA'S OPP. TO MATTEL'S MOT. TO COMPEL PROD. OF DOCS. BY MGA IN RESP. TO MATTEL'S FIFTH SET OF REQUESTS FOR DOCS. AND THINGS TO MGA

816126.02-D.C. Server 1A - MSW

# EXHIBIT A

1 | THOMAS J. NOLAN (Bar No. 66992)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2 | 300 South Grand Avenue
Los Angeles, California 90071-3144
3 | Telephone: (213) 687-5000
Facsimile: (213) 687-5600
4 | E-mail: tnolan@skadden.com

5 | RAOUL ~~Case KENNEDY (Bar No. G40923B~~   Document 1993-3     Filed 02/07/2008     Page 2 of
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
6 | Four Embarcadero Center, Suite 3800
San Francisco, CA 94111
7 | Telephone: (415) 984-6400
Facsimile: (415) 984-2698
8 |
Attorneys for MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA
9 | ENTERTAINMENT (HK) LIMITED, AND MGAE de MEXICO S.R.L. de C.V.

10 | **UNITED STATES DISTRICT COURT**

11 | **CENTRAL DISTRICT OF CALIFORNIA**

12 | **EASTERN DIVISION**

| | |
|---|---|
| 13 · CARTER BRYANT, an individual | CASE NO. CV 04-9049 SGL (RNBx) |
| 14        Plaintiff, | Consolidated with Case No. 04-9059 and Case No. 05-2727 |
| 15    v. | **MGA ENTERTAINMENT,** |
| 16 MATTEL, INC., a Delaware | **INC.'S OBJECTIONS AND** |
|   corporation | **RESPONSES TO MATTEL** |
| 17 | **INC.'S FIFTH SET OF** |
|       Defendant. | **REQUESTS FOR** |
| 18 | **DOCUMENTS AND THINGS** |
| 19 | **TO MGA ENTERTAINMENT, INC.** |
| 20 | Honorable Stephen G. Larson |
| 21 | Courtroom 1 |
| 22 | |
| 23 Consolidated with MATTEL, INC. v. BRYANT and MGA | |
| 24 ENTERTAINMENT, INC. v. MATTEL, INC. | |
| 25 | |

26 | PROPOUNDING PARTY:     MATTEL, INC.

27 | RESPONDING PARTY:     MGA ENTERTAINMENT, INC.

28 | SET NUMBER:         FIFTH

MGA ENTERTAINMENT, INC.'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S FIFTH SET OF
REQUESTS FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC. - CV 04-9049 SGL (RNBx)

Exhibit A, Page 4

1    Pursuant to Rule 34 of the Federal Rules of Civil Procedure, MGA

2  Entertainment, Inc. ("MGA") hereby submits these responses and objections (the

3  "Response") to Mattel, Inc.'s ("Mattel's") Fifth Set of Requests for Production of

4  Documents to MGA (the "Requests").

5    Case 2:04-cv-09049GENERAB RESPONSEt 1993-3    Filed 02/07/2008    Page 3 of

6    The General Response and General and Specific Objections set forth herein

7  apply to all documents that MGA may in the future produce in response to the

8  Requests. The Response is made without waiving, or intending to waive but, on the

9  contrary, expressly reserving: (a) the right to object, on the grounds of competency,

10  privilege, relevancy or materiality, or any other proper grounds, to the use of the

11  documents, for any purpose in whole or in part, in any subsequent step or proceeding

12  in this action or any other action; (b) the right to object on any and all grounds, at

13  any time, to other requests for production or other discovery procedures involving or

14  relating to the subject matter of the Requests; and (c) the right at any time to revise,

15  correct, add to, or clarify any of the responses propounded herein.

16    The Response reflects only the present state of MGA's discovery regarding the

17  documents that Mattel seeks. Except as otherwise stated below, an objection to a

18  specific document request does not imply that documents responsive to the request

19  exist or have ever existed. In addition, an agreement to produce documents

20  responsive to any specific document request does not imply that documents

21  responsive to the request exist or have existed; rather, it is an agreement to produce

22  non-privileged documents responsive to that particular document request as limited

23  by or interpreted in any applicable General or Specific objections, if any exist.

24  Production of any document is not intended as, and, to the extent permitted by law,

25  shall not be deemed to be, a waiver of any objection set forth herein. Discovery and

26  other investigation or research concerning this litigation are continuing. MGA,

27  therefore, reserves the right to amend or supplement this Response at any time in

28

MGA ENTERTAINMENT, INC.'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S FIFTH SET OF REQUESTS FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC. - CV 04-9049 SGL (RNBx)

1

Exhibit A, Page 5

1  light of future investigation, research or analysis, and also expressly reserves the

2  right to rely on, at any time, including trial, subsequently discovered information or

3  information omitted from this Response as a result of mistake, error, oversight or

4  inadvertence. MGA does not hereby admit, adopt or acquiesce in any factual or

5  legal contention, assertion or characterization contained in the Request or any

6  particular request therein, even where MGA has not otherwise objected to a

7  particular request, or has agreed to produce documents responsive to a particular

8  request.

9      MGA invites Mattel to meet and confer regarding these Reponses, the scope

10  of the Requests, and arriving at protocol for production of documents in this

11  litigation.

12                          **GENERAL OBJECTIONS**

13      MGA incorporates the following General Objections, as well as the General

14  Response, into its Specific Responses and Objections to each and every request for

15  documents contained in the Requests:

16      1.   MGA objects to the date and place of production on the grounds

17  that they impose an undue burden on MGA. The time set for compliance is unduly

18  burdensome, especially in light of the number of document requests, and the scope

19  and volume of the material being sought. To the extent MGA later agrees to produce

20  responsive documents, MGA intends to proceed expeditiously to collect the

21  documents for production, if any, and will produce them at a date and time, and in

22  such a manner, as may be mutually agreed to by counsel for the parties.

23      2.   MGA objects to the Requests to the extent that they seek

24  documents not relevant to the claims or defenses in this action and are not reasonably

25  calculated to lead to the discovery of admissible evidence.

26      3.   MGA objects to the Requests on the grounds that they are overly

27  broad and unduly burdensome.

28

1    4.    MGA objects to the Requests insofar as they seek documents that
2  are protected from disclosure under any applicable privilege, doctrine or immunity,
3  including without limitation the attorney-client privilege, the attorney work product
4  doctrine, the right of privacy, and all other privileges recognized under the
5  constitution, statutory or decisional law of the United States of America or of any    Page 5 of
6  other applicable jurisdiction.  MGA shall not produce such documents in response to
7  Mattel's Request.  Any production of such protected or privileged materials is
8  inadvertent and shall not be construed as a waiver of those privileges or protections.
9    5.    MGA objects to the Requests insofar as they seek documents that
10  by reason of public filing, public distribution or otherwise are already in Mattel's
11  possession or are readily accessible to Mattel from public sources or third parties.
12    6.    MGA objects to the Requests insofar as they seek production of
13  documents (1) not within its possession, custody or control; (2) that MGA cannot
14  locate after a reasonably diligent search; or (3) that refer to persons, entities, or
15  events not known to MGA.  Such instructions, definitions, or requests are
16  objectionable where they subject MGA to unreasonable and undue annoyance,
17  oppression, burden, and expense; and/or seek to impose upon MGA an obligation to
18  produce documents from sources equally accessible to Mattel.  To the extent MGA
19  agrees to produce documents in response to the Requests, MGA will make a
20  reasonably diligent search for responsive documents within its possession, custody or
21  control.
22    7.    In responding to Mattel's Requests, MGA has not and will not
23  comply with any instructions or definitions that seek to impose requirements in
24  addition to those imposed by Federal law.
25    8.    MGA objects to each and every request to the extent it purports to
26  require MGA to search all documents and things within its possession, custody or
27  control or within the possession, custody or control of any of MGA's current or
28

1  former employees, officers, directors, agents, representatives, attorneys, parents,

2  subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest,

3  and any other person acting on its behalf, pursuant to its authority or subject to its

4  control, on the grounds that such request is unreasonable, overbroad, unduly

5  burdensome and oppressive, violates the right to privacy, and purports to require

6  MGA to search for documents not within its possession, custody or control.  To the

7  extent MGA agrees to produce documents in response to the Requests, MGA will

8  make a reasonably diligent search for responsive documents within its possession,

9  custody or control and located at MGA's Van Nuys, California offices.

10          9.    MGA objects to each and every request to the extent it seeks "all

11  documents" responsive to a certain category on the grounds that such request is

12  overbroad and unduly burdensome and oppressive.  MGA will not respond to

13  duplicative or cumulative requests and will not re-produce documents it has already

14  produced or produce documents that it has received from Mattel or others in the

15  course of discovery in this matter.

16          10.   MGA objects to the Requests insofar as they seek production of

17  confidential, proprietary, or trade-secret information, the disclosure of which would

18  be inimical to the business interests of MGA.

19          11.   MGA objects to each request to the extent it seeks information

20  relating to the activities or conduct of other entities or non-parties.

21          12.   MGA objects to each request to the extent it seeks information

22  relating to activities or conduct in foreign countries.

23          13.   MGA objects to the Definitions and Instructions to the extent

24  such Definitions and Instructions purport to enlarge, expand, or alter in any way the

25  plain meaning and scope of any specific term or specific request on the ground that

26  such enlargement, expansion, or alteration renders such a term or request vague,

27  ambiguous, unintelligible, overbroad, unduly burdensome, and/or uncertain.

28

1    14.    MGA objects to the Instructions to the extent that they purport to
2    deprive MGA of the right to redact information from any documents "for any
3    reason." MGA retains and reserves the right to redact documents on any appropriate
4    grounds, including in particular for privilege.
5          Case 2:04-cv-09049-SGL-RNB   Document 933   Filed 02/07/2008   Page 7 of
6    Requests:
7          (a)    MGA objects to the terms "YOU," "YOUR" and "MGA"
8    (Definitions ¶ A) as vague, ambiguous, overbroad, and unduly burdensome. The
9    definition includes "MGA Entertainment, Inc., and all current or former subsidiaries,
10   divisions, AFFILIATES, predecessors-in-interest and successors-in-interest."
11   Because of Mattel's incorporating the overbroad definition of "AFFILIATE"
12   (Definitions ¶ C) as including "any and all corporations, proprietorships, d/b/a's,
13   partnerships, joint ventures and business entities of any kind that, directly or
14   indirectly, in whole or in part, own or control, are under common ownership or
15   control with, or are owned or controlled by a PERSON, party or entity, including
16   without limitation each parent, subsidiary and joint venture of such PERSON, party
17   or entity," it is impossible for MGA to know whether a particular person comes
18   within this definition unless that person or entity at some point in time held himself
19   or herself out as being affiliated with MGA. Thus, "YOU," "YOUR," and "MGA"
20   will be interpreted to mean all persons or entities who hold themselves out to MGA
21   as officers, employees, agents, subsidiaries or divisions of MGA.
22         (b)    MGA objects to the definition of the term "LARIAN"
23   (Definitions ¶ B, first instance) as vague, ambiguous, overly broad and unduly
24   burdensome, and designed to mislead and confuse the trier of fact. The definition
25   includes "Isaac Larian, any FAMILY MEMBER of Isaac Larian, and any trust of
26   which Isaac Larian is a trustee or of which any FAMILY MEMBER of Isaac Larian
27   is a beneficiary . . . ." By incorporating the definition of "FAMILY MEMBER" the
28

MGA ENTERTAINMENT, INC.'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S FIFTH SET OF
REQUESTS FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC. - CV 04-9049 SGL (RNBx)
*5*

Exhibit A, Page 9

1  overly broad definition of "LARIAN" includes "any PERSON who at any time is,
2  was or has been a parent, spouse, child or sibling of another PERSON" (Definitions
3  ¶ E.) This definition of "FAMILY MEMBER," which is itself overbroad, also
4  includes the definition of "PERSON," which includes both singular and plural
5  versions of "any natural person, association, partnership, corporation, joint venture,
6  government entity, organization, trust, institution, proprietorship, or *any other entity*
7  *recognized as having an existence under the laws in the United States or any other*
8  *nation*." (Definitions ¶ G (emphasis added).)  The definitions of both "FAMILY
9  MEMBER" and "PERSON" are objectionable by themselves, as explained below.
10 Moreover, these convoluted and multi-part definitions combine to render the
11 document requests that refer to the term "LARIAN" vague, ambiguous and overly
12 broad, and include within the term "LARIAN" things that are not related to Isaac
13 Larian or his family.  In responding to the Requests, MGA will interpret the term
14 "LARIAN" to mean Isaac Larian.

15          (c)     MGA objects to the term "FAMILY MEMBER,"
16 (Definitions ¶ E) as vague, ambiguous, overly broad and unduly burdensome, and
17 designed to mislead and confuse the trier of fact.  The definition includes "any
18 PERSON who at any time is, was or has been a parent, spouse, child or sibling of
19 another PERSON."  This definition is obviously overly broad on its face because it
20 includes every man, woman, and child ever to walk the Earth.  This definition is
21 further objectionable because it is a convoluted and multi-part definition that renders
22 the document requests that refer to "FAMILY MEMBER" vague, ambiguous and
23 overly broad, and includes within the term "FAMILY MEMBER" things that cannot
24 be family members, such as government entities, *any* entities recognized by this
25 country or *any* other nation, and others incorporated by way of the term "PERSON."
26 (See Definitions ¶ G.)

27

28

1       (d)    MGA also objects to the terms "RELATING,"

2   "RELATING TO," "REFERRING OR RELATING TO," and "REFER OR RELATE

3   TO" (Definitions ¶ F) on the grounds and to the extent they are overbroad, unduly

4   burdensome, and/or are vague and ambiguous in the context of the Requests as

5   written and cannot reasonably be plainly understood as Mattel's definition.   Page 9 of

6       16.    MGA objects to the Requests to the extent they seek the

7   production of documents in their native format where the burden of such production

8   outweighs the likelihood of discovering information that is relevant to the subject

9   matter of the claims or defenses in this action or calculated to lead to the discovery

10  of admissible evidence.

11      17.    MGA objects to the Requests on the grounds that they are

12  harassing, oppressive and unduly burdensome.  Before these Requests, Mattel has

13  already propounded 1010 requests for documents and things to MGA, MGA

14  Entertainment (HK) Limited, MGAE de Mexico, S.R.L. de C.V., and Isaac Larian

15  ("the MGA Parties"), in response to which the MGA Parties have already produced

16  approximately 3.4 million pages of responsive documents.  MGA is, however,

17  willing to meet and confer regarding the additional 88 requests propounded in

18  Mattel's Fifth Set of Requests for Documents and Things to MGA.

19  SPECIFIC RESPONSES AND OBJECTIONS

20      Without waiving or departing from its General Response and General

21  Objections and specifically incorporating its General Response and General

22  Objections into each of the Specific Responses and Objections below, MGA makes

23  the following specific responses and objections to the Requests:

24  REQUEST FOR PRODUCTION NO. 1:

25      YOUR Articles of Incorporation and any amendments thereto.

26

27

28

MGA ENTERTAINMENT, INC.'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S FIFTH SET OF
REQUESTS FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC. - CV 04-9049 SGL (RNBx)
7

1 | RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

2 | MGA incorporates by reference its General Response and General Objections

3 | above, as though fully set forth herein and specifically incorporates General

4 | Objection No. 15 (regarding Definitions), including without limitation MGA's

5 | objections to the definitions of the terms YOUR and its incorporated terms

Page 10 o

6 | AFFILIATES and PERSON. MGA further objects to the request to the extent it

7 | seeks the production of documents that are protected from disclosure under any

8 | applicable privilege, doctrine or immunity, including without limitation the attorney-

9 | client privilege, the work product doctrine, the right of privacy, and all other

10 | privileges recognized under the constitutional, statutory or decisional law of the

11 | United States of America, the State of California or any other applicable jurisdiction.

12 | MGA further objects to this request on the grounds that it is overly broad and unduly

13 | burdensome in that it seeks documents not relevant to the claims or defenses in this

14 | action and not reasonably calculated to lead to the discovery of admissible evidence.

15 | Mattel has not demonstrated how *all* YOUR Articles of Incorporation and *any*

16 | amendments thereto could be relevant to the claims and defenses in this action. The

17 | request is not limited to the subject matter of this action and is thus impermissibly

18 | overbroad. See Magistrate Judge Infante's August 13, 2007 Order ("Aug. 13 Order")

19 | at 9:17-20; see also Magistrate Judge Infante's May 22, 2007 Order ("May 22 Order")

20 | at 21:5-7 (requests that require production of documents "merely mention[ing] MGA

21 | and Bratz but that otherwise have no relevance to the claims and defenses in the suit"

22 | are impermissibly overbroad). MGA further objects to this request as being overly

23 | broad and unduly burdensome on the grounds that it is not limited in time or

24 | geographical scope. MGA further objects to this request on the grounds that the

25 | phrase "any amendments" renders the request vague, ambiguous, overly broad and

26 | unduly burdensome. MGA further objects to the request to the extent that it seeks

27 | documents that by reason of public filing, public distribution or otherwise are already

28 |

MGA ENTERTAINMENT, INC.'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S FIFTH SET OF
REQUESTS FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC. - CV 04-9049 SGL (RNBx)
8

Exhibit A, Page 12

1 | in Mattel's possession or are readily accessible to Mattel. MGA further objects to the
2 | request to the extent that it seeks documents not in MGA's possession, custody or
3 | control. MGA further objects to the request to the extent it seeks confidential,
4 | proprietary or commercially sensitive information, the disclosure of which would be
5 | inimical to the business of MGA. MGA further objects to the request to the
6 | extent it violates the privacy rights of third parties to their private, confidential,
7 | proprietary or trade secret information.
8 | MGA further objects to this request as cumulative, duplicative, and unduly
9 | burdensome to the extent that it seeks documents previously requested by Mattel or
10 | produced by MGA (or any of its affiliates) in response to Mattel's document requests,
11 | including, but not limited to: Request No. 41 from Mattel, Inc.'s First Set of Requests
12 | for Production of Documents and Tangible Things to MGA Entertainment Inc.,
13 | Request No. 41 from Mattel, Inc.'s Second Set of Requests for Documents and
14 | Things to MGA Entertainment, Inc., Request No. 107 from Mattel, Inc.'s Fourth Set
15 | of Requests for Documents and Things to MGA Entertainment, Inc., and Request No.
16 | 76 from Mattel's First Set of Requests for Documents and Things to MGAE de
17 | Mexico, S.R.L. de C.V.
18 | REQUEST FOR PRODUCTION NO. 2:
19 | YOUR By-Laws and any amendments thereto.
20 | RESPONSE TO REQUEST FOR PRODUCTION NO. 2:
21 | MGA incorporates by reference its General Response and General Objections
22 | above, as though fully set forth herein and specifically incorporates General
23 | Objection No. 15 (regarding Definitions), including without limitation MGA's
24 | objection to the definition of the terms YOUR, and its incorporated terms
25 | AFFILIATES and PERSON. MGA further objects to the request to the extent it
26 | seeks the production of documents that are protected from disclosure under any
27 | applicable privilege, doctrine or immunity, including without limitation the attorney-
28 |

1  client privilege, the work product doctrine, the right of privacy, and all other

2  privileges recognized under the constitutional, statutory or decisional law of the

3  United States of America, the State of California or any other applicable jurisdiction.

4  MGA further objects to this request on the grounds that it is overly broad and unduly

5  burden_Case 2: that it seeks documents not relevant to the claims or defenses in this 2008   Page 12 o

6  action and not reasonably calculated to lead to the discovery of admissible evidence.

7  Mattel has not demonstrated how *all* YOUR By-Laws and any amendments thereto

8  could be relevant to the claims and defenses in this action. The request is not limited

9  to the subject matter of this action and is thus impermissibly overbroad. See Aug. 13

10  Order at 9:17-20; May 22 Order at 21:5-7. MGA further objects to this request as

11  being overly broad and unduly burdensome on the grounds that it is not limited in

12  time or geographical scope. MGA further objects to this request on the grounds that

13  the phrase "any amendments" renders the request vague, ambiguous, overly broad

14  and unduly burdensome. MGA further objects to the request to the extent that it

15  seeks documents that by reason of public filing, public distribution or otherwise are

16  already in Mattel's possession or are readily accessible to Mattel. MGA further

17  objects to the request to the extent that it seeks documents not in MGA's possession,

18  custody or control. MGA further objects to the request to the extent it seeks

19  confidential, proprietary or commercially sensitive information, the disclosure of

20  which would be inimical to the business interests of MGA. MGA further objects to

21  the request to the extent it violates the privacy rights of third parties to their private,

22  confidential, proprietary or trade secret information.

23       MGA further objects to this request as cumulative, duplicative, and unduly

24  burdensome to the extent that it seeks documents previously requested by Mattel or

25  produced by MGA (or any of its affiliates) in response to Mattel's document requests,

26  including, but not limited to: Request No. 41 from Mattel, Inc.'s First Set of Requests

27  for Production of Documents and Tangible Things to MGA Entertainment Inc.,

28

MGA ENTERTAINMENT, INC.'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S FIFTH SET OF
REQUESTS FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC. - CV 04-9049 SGL (RNBx)
10

1 | Request No. 41 from Mattel, Inc.'s Second Set of Requests for Documents and

2 | Things to MGA Entertainment, Inc., Request No. 107 from Mattel, Inc.'s Fourth Set

3 | of Requests for Documents and Things to MGA Entertainment, Inc., and Request No.

4 | 76 from Mattel's First Set of Requests for Documents and Things to MGAE de

5 | Mexic6, 8R 2:04-cv-09049-SGL-RNB    Document 1993-3    Filed 02/07/2008    Page 13 o

6 | REQUEST FOR PRODUCTION NO. 3:

7 |        YOUR Notice of Incorporation as it appeared when first published and any

8 | amendments thereto.

9 | RESPONSE TO REQUEST FOR PRODUCTION NO. 3:

10 |        MGA incorporates by reference its General Response and General Objections

11 | above, as though fully set forth herein and specifically incorporates General

12 | Objection No. 15 (regarding Definitions), including without limitation MGA's

13 | objection to the definition of the terms YOUR, and its incorporated terms

14 | AFFILIATES and PERSON. MGA further objects to the request to the extent it

15 | seeks the production of documents that are protected from disclosure under any

16 | applicable privilege, doctrine or immunity, including without limitation the attorney-

17 | client privilege, the work product doctrine, the right of privacy, and all other

18 | privileges recognized under the constitutional, statutory or decisional law of the

19 | United States of America, the State of California or any other applicable jurisdiction.

20 | MGA further objects to this request on the grounds that it is overly broad and unduly

21 | burdensome in that it seeks documents not relevant to the claims or defenses in this

22 | action and not reasonably calculated to lead to the discovery of admissible evidence.

23 | Mattel has not demonstrated how *all* YOUR Notices of Incorporation as they

24 | appeared when first published and *any* amendments thereto could be relevant to the

25 | claims and defenses in this action. The request is not limited to the subject matter of

26 | this action and is thus impermissibly overbroad. See Aug. 13 Order at 9:17-20; May

27 | 22 Order at 21:5-7. MGA further objects to this request as being overly broad and

28 |

1  unduly burdensome on the grounds that it is not limited in time or geographical

2  scope. MGA further objects to this request on the grounds that the phrase "any

3  amendments" renders the request vague, ambiguous, overly broad and unduly

4  burdensome. MGA further objects to the request to the extent that it seeks

5  documents that by reason of public filing, public distribution or otherwise are

6  in Mattel's possession or are readily accessible to Mattel. MGA further objects to the

7  request to the extent that it seeks documents not in MGA's possession, custody or

8  control. MGA further objects to the request to the extent it seeks confidential,

9  proprietary or commercially sensitive information, the disclosure of which would be

10 inimical to the business interests of MGA. MGA further objects to the request to the

11 extent it violates the privacy rights of third parties to their private, confidential,

12 proprietary or trade secret information.

13        MGA further objects to this request as cumulative, duplicative, and unduly

14 burdensome to the extent that it seeks documents previously requested by Mattel or

15 produced by MGA (or any of its affiliates) in response to Mattel's document requests,

16 including, but not limited to: Request No. 41 from Mattel, Inc.'s First Set of Requests

17 for Production of Documents and Tangible Things to MGA Entertainment Inc.,

18 Request No. 41 from Mattel, Inc.'s Second Set of Requests for Documents and

19 Things to MGA Entertainment, Inc., Request No. 107 from Mattel, Inc.'s Fourth Set

20 of Requests for Documents and Things to MGA Entertainment, Inc., and Request No.

21 76 from Mattel's First Set of Requests for Documents and Things to MGAE de

22 Mexico, S.R.L. de C.V.

23 REQUEST FOR PRODUCTION NO. 4:

24        YOUR quarterly and annual profits and loss statements (both audited and

25 unaudited) from the date of YOUR incorporation to 1999.

26

27

28
MGA ENTERTAINMENT, INC.'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S FIFTH SET OF
REQUESTS FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC. - CV 04-9049 SGL (RNBx)
12

Exhibit A, Page 16

1  RESPONSE TO REQUEST FOR PRODUCTION NO. 4:

2       MGA incorporates by reference its General Response and General Objections

3  above, as though fully set forth herein and specifically incorporates General

4  Objection No. 15 (regarding Definitions), including without limitation MGA's

5  objections to the definition of the terms YOUR and its incorporated terms

6  AFFILIATES and PERSON. MGA further objects to the request to the extent it

7  seeks the production of documents that are protected from disclosure under any

8  applicable privilege, doctrine or immunity, including without limitation the attorney-

9  client privilege, the work product doctrine, the right of privacy, and all other

10  privileges recognized under the constitutional, statutory or decisional law of the

11  United States of America, the State of California or any other applicable jurisdiction.

12  MGA further objects to this request on the grounds that it is overly broad and unduly

13  burdensome in that it seeks documents not relevant to the claims or defenses in this

14  action and not reasonably calculated to lead to the discovery of admissible evidence.

15  Mattel has not demonstrated how *all* YOUR quarterly and annual profits and loss

16  statements (both audited and unaudited) from the date of YOUR incorporation to

17  1999 could be relevant to the claims and defenses in this action. The request is not

18  limited to the subject matter of this action and is thus impermissibly overbroad. See

19  Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7. MGA further objects to this

20  request as being overly broad and unduly burdensome on the grounds that it is not

21  limited in geographical scope. MGA further objects to the request to the extent that

22  it seeks documents that by reason of public filing, public distribution or otherwise

23  are already in Mattel's possession or are readily accessible to Mattel. MGA further

24  objects to the request to the extent that it seeks documents not in MGA's possession,

25  custody or control. MGA further objects to the request to the extent it seeks

26  confidential, proprietary or commercially sensitive information, the disclosure of

27  which would be inimical to the business interests of MGA. MGA further objects to

28

1  the request to the extent it violates the privacy rights of third parties to their private,

2  confidential, proprietary or trade secret information.

3       MGA further objects to this request as cumulative, duplicative, and unduly

4  burdensome to the extent that it seeks documents previously requested by Mattel or

5  produced by MGA (or its affiliates) in response to Mattel's document requests

6  including, but not limited to:  Request Nos. 41-45 from Mattel, Inc.'s First Set of

7  Requests for Documents and Things to MGA Entertainment (HK) Limited; Request

8  Nos. 40-45 from Mattel, Inc.'s Second Set of Requests for Documents and Things to

9  MGA Entertainment, Inc.; Request Nos. 266-269 from Mattel, Inc.'s First Set of

10 Requests for Documents and Things to Isaac Larian; Request No. 22 from Mattel,

11 Inc.'s Third Set of Requests for Documents and Things to MGA Entertainment, Inc.;

12 Request Nos. 157-159 from Mattel, Inc.'s First Set of Requests for Documents and

13 Things re Claims of Unfair Competition to MGA Entertainment, Inc.; Request No.

14 41 from Mattel, Inc.'s First Set of Requests for Production of Documents and

15 Tangible Things to MGA Entertainment Inc.; Request No. 41 from Mattel, Inc.'s

16 Second Set of Requests for Documents and Things to MGA Entertainment, Inc.;

17 Request Nos. 99, 107 from Mattel, Inc.'s Fourth Set of Requests for Documents and

18 Things to MGA Entertainment, Inc.; and Request Nos. 117-124 Mattel's First Set of

19 Requests for Documents and Things to MGAE de Mexico, S.R.L. de C.V.

20 REQUEST FOR PRODUCTION NO. 5:

21      YOUR quarterly and annual financial statements (both audited and unaudited)

22 from the date of YOUR incorporation to 1999.

23 RESPONSE TO REQUEST FOR PRODUCTION NO. 5:

24      MGA incorporates by reference its General Response and General Objections

25 above, as though fully set forth herein and specifically incorporates General

26 Objection No. 15 (regarding Definitions), including without limitation MGA's

27 objection to the definition of the terms YOUR, and its incorporated terms

28

1  AFFILIATES and PERSON.  MGA further objects to the request to the extent it
2  seeks the production of documents that are protected from disclosure under any
3  applicable privilege, doctrine or immunity, including without limitation the attorney-
4  client privilege, the work product doctrine, the right of privacy, and all other
5  privileges recognized under the Constitutional, statutory or decisional law of the
6  United States of America, the State of California or any other applicable jurisdiction.
7  MGA further objects to this request on the grounds that it is overly broad and unduly
8  burdensome in that it seeks documents not relevant to the claims or defenses in this
9  action and not reasonably calculated to lead to the discovery of admissible evidence.
10 Mattel has not demonstrated how *all* YOUR quarterly and annual financial
11 statements (both audited and unaudited) from the date of YOUR incorporation to
12 1999 could be relevant to the claims and defenses in this action.  The request is not
13 limited to the subject matter of this action and is thus impermissibly overbroad.  See
14 Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this
15 request as being overly broad and unduly burdensome on the grounds that it is not
16 limited in geographical scope.  MGA further objects to the request to the extent that
17 it seeks documents that by reason of public filing, public distribution or otherwise
18 are already in Mattel's possession or are readily accessible to Mattel.  MGA further
19 objects to the request to the extent that it seeks documents not in MGA's possession,
20 custody or control.  MGA further objects to the request to the extent it seeks
21 confidential, proprietary or commercially sensitive information, the disclosure of
22 which would be inimical to the business interests of MGA.  MGA further objects to
23 the request to the extent it violates the privacy rights of third parties to their private,
24 confidential, proprietary or trade secret information.

25      MGA further objects to this request as cumulative, duplicative, and unduly
26 burdensome to the extent that it seeks documents previously requested by Mattel or
27 produced by MGA (or any of its affiliates) in response to Mattel's document requests,
28

1  including, but not limited to:  Request Nos. 41-45 from Mattel, Inc.'s First Set of

2  Requests for Documents and Things to MGA Entertainment (HK) Limited; Request

3  Nos. 40-45 from Mattel, Inc.'s Second Set of Requests for Documents and Things to

4  MGA Entertainment, Inc.; Request Nos. 266-269 from Mattel, Inc.'s First Set of

5  Requests for Documents and Things to Isaac Larian; Request No. 22 from Mattel,

6  Inc.'s Third Set of Requests for Documents and Things to MGA Entertainment, Inc.;

7  Request Nos. 157-159 from Mattel, Inc.'s First Set of Requests for Documents and

8  Things re Claims of Unfair Competition to MGA Entertainment, Inc.; Request No.

9  41 from Mattel, Inc.'s First Set of Requests for Production of Documents and

10  Tangible Things to MGA Entertainment Inc.; Request No. 41 from Mattel, Inc.'s

11  Second Set of Requests for Documents and Things to MGA Entertainment, Inc.;

12  Request Nos. 99, 107 from Mattel, Inc.'s Fourth Set of Requests for Documents and

13  Things to MGA Entertainment, Inc.; and Request Nos. 117-124 Mattel's First Set of

14  Requests for Documents and Things to MGAE de Mexico, S.R.L. de C.V.

15  REQUEST FOR PRODUCTION NO. 6:

16       YOUR general ledger from the date of YOUR incorporation to 1999.

17  RESPONSE TO REQUEST FOR PRODUCTION NO. 6:

18       MGA incorporates by reference its General Response and General Objections

19  above, as though fully set forth herein and specifically incorporates General

20  Objection No. 15 (regarding Definitions), including without limitation MGA's

21  objection to the definition of the terms YOUR, and its incorporated terms

22  AFFILIATES and PERSON.  MGA further objects to the request to the extent it

23  seeks the production of documents that are protected from disclosure under any

24  applicable privilege, doctrine or immunity, including without limitation the attorney-

25  client privilege, the work product doctrine, the right of privacy, and all other

26  privileges recognized under the constitutional, statutory or decisional law of the

27  United States of America, the State of California or any other applicable jurisdiction.

28

MGA ENTERTAINMENT, INC.'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S FIFTH SET OF
REQUESTS FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC. - CV 04-9049 SGL (RNBx)
16

Exhibit A, Page 20

1  MGA further objects to this request on the grounds that it is overly broad and unduly
2  burdensome in that it seeks documents not relevant to the claims or defenses in this
3  action and not reasonably calculated to lead to the discovery of admissible evidence.
4  Mattel has not demonstrated how *all* YOUR general ledger from the date of YOUR
5  incorporation to 1999 could be relevant to the claims and defenses in this action.
6  The request is not limited to the subject matter of this action and is thus
7  impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.
8  MGA further objects to this request as being overly broad and unduly burdensome
9  on the grounds that it is not limited in geographical scope.  MGA further objects to
10  the request to the extent that it seeks documents that by reason of public filing,
11  public distribution or otherwise are already in Mattel's possession or are readily
12  accessible to Mattel.  MGA further objects to the request to the extent that it seeks
13  documents not in MGA's possession, custody or control.  MGA further objects to the
14  request to the extent it seeks confidential, proprietary or commercially sensitive
15  information, the disclosure of which would be inimical to the business interests of
16  MGA.  MGA further objects to the request to the extent it violates the privacy rights
17  of third parties to their private, confidential, proprietary or trade secret information.
18      MGA further objects to this request as cumulative, duplicative, and unduly
19  burdensome to the extent that it seeks documents previously requested by Mattel or
20  produced by MGA (or any of its affiliates) in response to Mattel's document requests,
21  including, but not limited to:  Request Nos. 41-45 from Mattel, Inc.'s First Set of
22  Requests for Documents and Things to MGA Entertainment (HK) Limited; Request
23  Nos. 40-45 from Mattel, Inc.'s Second Set of Requests for Documents and Things to
24  MGA Entertainment, Inc.; Request Nos. 266-269 from Mattel, Inc.'s First Set of
25  Requests for Documents and Things to Isaac Larian; Request No. 22 from Mattel,
26  Inc.'s Third Set of Requests for Documents and Things to MGA Entertainment, Inc.;
27  Request Nos. 157-159 from Mattel, Inc.'s First Set of Requests for Documents and
28

1 Things re Claims of Unfair Competition to MGA Entertainment, Inc.; Request No.

2 41 from Mattel, Inc.'s First Set of Requests for Production of Documents and

3 Tangible Things to MGA Entertainment Inc.; Request No. 41 from Mattel, Inc.'s

4 Second Set of Requests for Documents and Things to MGA Entertainment, Inc.;

5 Request Nos 299-107 from Mattel, Inc.'s Fourth Set of Requests for Documents 2008   Page 20 o

6 Things to MGA Entertainment, Inc.; and Request Nos. 117-124 Mattel's First Set of

7 Requests for Documents and Things to MGAE de Mexico, S.R.L. de C.V.

8 REQUEST FOR PRODUCTION NO. 7:

9     YOUR federal and state tax returns for each year from the date of YOUR

10 incorporation to the present.

11 RESPONSE TO REQUEST FOR PRODUCTION NO. 7:

12     MGA incorporates by reference its General Response and General Objections

13 above, as though fully set forth herein and specifically incorporates General

14 Objection No. 15 (regarding Definitions), including without limitation MGA's

15 objection to the definition of the terms YOUR, and its incorporated terms

16 AFFILIATES and PERSON. MGA further objects to the request to the extent it

17 seeks the production of documents that are protected from disclosure under any

18 applicable privilege, doctrine or immunity, including without limitation the attorney-

19 client privilege, the work product doctrine, the right of privacy, and all other

20 privileges recognized under the constitutional, statutory or decisional law of the

21 United States of America, the State of California or any other applicable jurisdiction.

22 MGA further objects to the request on the grounds that it seeks documents protected

23 from disclosure by applicable federal and state tax return privileges. See Premium

24 Service Corp. v. Sperry & Hutchinson Co., 511 F.2d 225, 229 (9th Cir. 1975);

25 Southern California Housing Rights Center, v. Krug, et al., 2006 U.S. Dist. LEXIS

26 65330 (C.D. Cal. 2006); Aliotti v. Senora, 217 FRD 496 (N.D. Cal. 2003); San

27 Francisco Bay Area Rapid Transit District v. Spencer, 2006 U.S. LEXIS 81681 (N.D.

28

1 | Cal. 2006). <u>See also</u> <u>Webb v. Standard Oil Co.</u>, 49 Cal. 2d. 509, 513-514 (1957);

2 | <u>Sav-On Drugs, Inc. v. Superior Ct.</u>, 15 Cal. 3d 1, 6-8 (1975); <u>Sammut v. Sammut</u>,

3 | 103 Cal. App. 3d 557, 562 (1982); Order, at 14:29-15:2. MGA further objects to this

4 | request on the grounds that it is overly broad and unduly burdensome in that it seeks

5 | documents not relevant to the claims or defenses in this action and not reasonably

6 | calculated to lead to the discovery of admissible evidence. Mattel has not

7 | demonstrated how *all* YOUR federal and state tax returns for each year from the date

8 | of YOUR incorporation to the present could be relevant to the claims and defenses in

9 | this action. Moreover, Mattel has not shown and cannot show any compelling need

10 | for the production of tax returns. The request is not limited to the subject matter of

11 | this action and is thus impermissibly overbroad. <u>See</u> Aug. 13 Order at 9:17-20; May

12 | 22 Order at 21:5-7. MGA further objects to this request as being overly broad and

13 | unduly burdensome on the grounds that it is not limited in geographical scope.

14 | MGA further objects to the request to the extent that it seeks documents that by

15 | reason of public filing, public distribution or otherwise are already in Mattel's

16 | possession or are readily accessible to Mattel. MGA further objects to the request to

17 | the extent that it seeks documents not in MGA's possession, custody or control.

18 | MGA further objects to the request to the extent it seeks confidential, proprietary or

19 | commercially sensitive information, the disclosure of which would be inimical to the

20 | business interests of MGA. MGA further objects to the request to the extent it

21 | violates the privacy rights of third parties to their private, confidential, proprietary or

22 | trade secret information.

23 | MGA further objects to this request as cumulative, duplicative, and unduly

24 | burdensome to the extent that it seeks documents previously requested by Mattel or

25 | produced by MGA (or any of its affiliates) in response to Mattel's document requests,

26 | including, but not limited to: Request Nos. 41-45 from Mattel, Inc.'s First Set of

27 | Requests for Documents and Things to MGA Entertainment (HK) Limited; Request

28 |

MGA ENTERTAINMENT, INC.'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S FIFTH SET OF
REQUESTS FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC. - CV 04-9049 SGL (RNBx)
19

Exhibit A, Page 23

1  Nos. 40-45 from Mattel, Inc.'s Second Set of Requests for Documents and Things to
2  MGA Entertainment, Inc.; Request Nos. 266-269 from Mattel, Inc.'s First Set of
3  Requests for Documents and Things to Isaac Larian; Request No. 22 from Mattel,
4  Inc.'s Third Set of Requests for Documents and Things to MGA Entertainment, Inc.;
5  Request Nos. 154-159 from Mattel, Inc.'s First Set of Requests for Documents and
6  Things re Claims of Unfair Competition to MGA Entertainment, Inc.; Request No.
7  41 from Mattel, Inc.'s First Set of Requests for Production of Documents and
8  Tangible Things to MGA Entertainment Inc.; Request No. 41 from Mattel, Inc.'s
9  Second Set of Requests for Documents and Things to MGA Entertainment, Inc.;
10  Request Nos. 99, 107 from Mattel, Inc.'s Fourth Set of Requests for Documents and
11  Things to MGA Entertainment, Inc.; and Request Nos. 117-124 Mattel's First Set of
12  Requests for Documents and Things to MGAE de Mexico, S.R.L. de C.V.
13  REQUEST FOR PRODUCTION NO. 8:
14      DOCUMENTS sufficient to evidence any and all meetings of shareholders of
15  MGA, including the date, time and location of the meeting and the IDENTITY of
16  each PERSON in attendance.
17  RESPONSE TO REQUEST FOR PRODUCTION NO. 8:
18      MGA incorporates by reference its General Response and General Objections
19  above, as though fully set forth herein and specifically incorporates General
20  Objection No. 15 (regarding Definitions), including without limitation MGA's
21  objection to the definition of the terms MGA and its incorporated term AFFILIATES,
22  and PERSON.  MGA further objects to the request to the extent it seeks the
23  production of documents that are protected from disclosure under any applicable
24  privilege, doctrine or immunity, including without limitation the attorney-client
25  privilege, the work product doctrine, the right of privacy, and all other privileges
26  recognized under the constitutional, statutory or decisional law of the United States
27  of America, the State of California or any other applicable jurisdiction.  MGA further
28

1  objects to this request on the grounds that it is overly broad and unduly burdensome

2  in that it seeks documents not relevant to the claims or defenses in this action and not

3  reasonably calculated to lead to the discovery of admissible evidence. Mattel has not

4  demonstrated how DOCUMENTS sufficient to evidence *any and all* meetings of

5  shareholders of MGA, including therein, time and location of the meeting and the        Page 23 o

6  IDENTITY of *each* PERSON in attendance could be relevant to the claims and

7  defenses in this action. The request is not limited to the subject matter of this action

8  and is thus impermissibly overbroad. See Aug. 13 Order at 9:17-20; May 22 Order

9  at 21:5-7. MGA further objects to this request as being overly broad and unduly

10  burdensome on the grounds that it is not limited in time or geographical scope.

11  MGA further objects to the phrases "sufficient to evidence" as vague and ambiguous.

12  MGA further objects to the request to the extent that it seeks documents that by

13  reason of public filing, public distribution or otherwise are already in Mattel's

14  possession or are readily accessible to Mattel. MGA further objects to the request to

15  the extent that it seeks documents not in MGA's possession, custody or control.

16  MGA further objects to the request to the extent it seeks confidential, proprietary or

17  commercially sensitive information, the disclosure of which would be inimical to the

18  business interests of MGA. MGA further objects to the request to the extent it

19  violates the privacy rights of third parties to their private, confidential, proprietary or

20  trade secret information.

21       MGA further objects to this request as cumulative, duplicative, and unduly

22  burdensome to the extent that it seeks documents previously requested by Mattel or

23  produced by MGA (or any of its affiliates) in response to Mattel's document requests,

24  including, but not limited to: Request No. 107 from Mattel, Inc.'s Fourth Set of

25  Requests for Documents and Things to MGA Entertainment, Inc.

26  REQUEST FOR PRODUCTION NO. 9:

27       The minutes of all meetings of shareholders of MGA.

28



Job : 44
Date: 2/8/2008
Time: 1:45:05 AM

# EXHIBIT A

1 | THOMAS J. NOLAN (Bar No. 66992)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2 | 300 South Grand Avenue
Los Angeles, California 90071-3144
3 | Telephone:  (213) 687-5000
Facsimile:   (213) 687-5600
4 | E-mail:   tnolan@skadden.com

5 | RAOUL D. KENNEDY (Bar No. 40892)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Case 2:04-cv-09049-SGL-RNB   Document 1993-3      Filed 02/07/2008     Page 26 o
6 | Four Embarcadero Center, Suite 3800
San Francisco, CA  94111
7 | Telephone: (415) 984-6400
Facsimile: (415) 984-2698

8 |

9 | Attorneys for MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA
ENTERTAINMENT (HK) LIMITED, AND MGAE de MEXICO S.R.L. de C.V.

10 | **UNITED STATES DISTRICT COURT**

11 | **CENTRAL DISTRICT OF CALIFORNIA**

12 | **EASTERN DIVISION**

13 | CARTER BRYANT, an individual ) CASE NO. CV 04-9049 SGL (RNBx)

14 | Plaintiff, ) Consolidated with Case No. 04-9059
 ) and Case No. 05-2727
15 | v. )
 ) **MGA ENTERTAINMENT,**
16 | MATTEL, INC., a Delaware ) **INC.'S OBJECTIONS AND**
corporation ) **RESPONSES TO MATTEL**
17 | ) **INC.'S FIFTH SET OF**
Defendant. ) **REQUESTS FOR**
18 | ) **DOCUMENTS AND THINGS**
 ) **TO MGA ENTERTAINMENT,**
19 | ) **INC.**
 )
20 | ) Honorable Stephen G. Larson
 ) Courtroom 1
21 | )
 )
22 | )
Consolidated with MATTEL, INC. v. )
23 | BRYANT and MGA )
ENTERTAINMENT, INC. v. )
24 | MATTEL, INC. )
 )
25 |

26 | PROPOUNDING PARTY:      MATTEL, INC.

27 | RESPONDING PARTY:      MGA ENTERTAINMENT, INC.

28 | SET NUMBER:      FIFTH

---

MGA ENTERTAINMENT, INC.'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S FIFTH SET OF
REQUESTS FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC. - CV 04-9049 SGL (RNBx)

Exhibit A, Page 4

1   Pursuant to Rule 34 of the Federal Rules of Civil Procedure, MGA

2   Entertainment, Inc. ("MGA") hereby submits these responses and objections (the

3   "Response") to Mattel, Inc.'s ("Mattel's") Fifth Set of Requests for Production of

4   Documents to MGA (the "Requests").

5   **GENERAL RESPONSE**

6   The General Response and General and Specific Objections set forth herein

7   apply to all documents that MGA may in the future produce in response to the

8   Requests.  The Response is made without waiving, or intending to waive but, on the

9   contrary, expressly reserving: (a) the right to object, on the grounds of competency,

10  privilege, relevancy or materiality, or any other proper grounds, to the use of the

11  documents, for any purpose in whole or in part, in any subsequent step or proceeding

12  in this action or any other action; (b) the right to object on any and all grounds, at

13  any time, to other requests for production or other discovery procedures involving or

14  relating to the subject matter of the Requests; and (c) the right at any time to revise,

15  correct, add to, or clarify any of the responses propounded herein.

16  The Response reflects only the present state of MGA's discovery regarding the

17  documents that Mattel seeks.  Except as otherwise stated below, an objection to a

18  specific document request does not imply that documents responsive to the request

19  exist or have ever existed.  In addition, an agreement to produce documents

20  responsive to any specific document request does not imply that documents

21  responsive to the request exist or have existed; rather, it is an agreement to produce

22  non-privileged documents responsive to that particular document request as limited

23  by or interpreted in any applicable General or Specific objections, if any exist.

24  Production of any document is not intended as, and, to the extent permitted by law,

25  shall not be deemed to be, a waiver of any objection set forth herein.  Discovery and

26  other investigation or research concerning this litigation are continuing.  MGA,

27  therefore, reserves the right to amend or supplement this Response at any time in

28

MGA ENTERTAINMENT, INC.'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S FIFTH SET OF
REQUESTS FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC. - CV 04-9049 SGL (RNBx)
1

Exhibit A, Page 5

1 | light of future investigation, research or analysis, and also expressly reserves the

2 | right to rely on, at any time, including trial, subsequently discovered information or

3 | information omitted from this Response as a result of mistake, error, oversight or

4 | inadvertence.  MGA does not hereby admit, adopt or acquiesce in any factual or

5 | legal contention, assertion or characterization contained in the Request or any

6 | particular request therein, even where MGA has not otherwise objected to a

7 | particular request, or has agreed to produce documents responsive to a particular

8 | request.

9 |      MGA invites Mattel to meet and confer regarding these Reponses, the scope

10 | of the Requests, and arriving at protocol for production of documents in this

11 | litigation.

12 |                      **GENERAL OBJECTIONS**

13 |      MGA incorporates the following General Objections, as well as the General

14 | Response, into its Specific Responses and Objections to each and every request for

15 | documents contained in the Requests:

16 |           1.   MGA objects to the date and place of production on the grounds

17 | that they impose an undue burden on MGA.  The time set for compliance is unduly

18 | burdensome, especially in light of the number of document requests, and the scope

19 | and volume of the material being sought.  To the extent MGA later agrees to produce

20 | responsive documents, MGA intends to proceed expeditiously to collect the

21 | documents for production, if any, and will produce them at a date and time, and in

22 | such a manner, as may be mutually agreed to by counsel for the parties.

23 |           2.   MGA objects to the Requests to the extent that they seek

24 | documents not relevant to the claims or defenses in this action and are not reasonably

25 | calculated to lead to the discovery of admissible evidence.

26 |           3.   MGA objects to the Requests on the grounds that they are overly

27 | broad and unduly burdensome.

28 |

1         4.     MGA objects to the Requests insofar as they seek documents that

2  are protected from disclosure under any applicable privilege, doctrine or immunity,

3  including without limitation the attorney-client privilege, the attorney work product

4  doctrine, the right of privacy, and all other privileges recognized under the

5  constitutional, statutory or decisional law of the United States of America or any

6  other applicable jurisdiction.  MGA shall not produce such documents in response to

7  Mattel's Request.  Any production of such protected or privileged materials is

8  inadvertent and shall not be construed as a waiver of those privileges or protections.

9         5.     MGA objects to the Requests insofar as they seek documents that

10  by reason of public filing, public distribution or otherwise are already in Mattel's

11  possession or are readily accessible to Mattel from public sources or third parties.

12        6.     MGA objects to the Requests insofar as they seek production of

13  documents (1) not within its possession, custody or control; (2) that MGA cannot

14  locate after a reasonably diligent search; or (3) that refer to persons, entities, or

15  events not known to MGA.  Such instructions, definitions, or requests are

16  objectionable where they subject MGA to unreasonable and undue annoyance,

17  oppression, burden, and expense; and/or seek to impose upon MGA an obligation to

18  produce documents from sources equally accessible to Mattel.  To the extent MGA

19  agrees to produce documents in response to the Requests, MGA will make a

20  reasonably diligent search for responsive documents within its possession, custody or

21  control.

22        7.     In responding to Mattel's Requests, MGA has not and will not

23  comply with any instructions or definitions that seek to impose requirements in

24  addition to those imposed by Federal law.

25        8.     MGA objects to each and every request to the extent it purports to

26  require MGA to search all documents and things within its possession, custody or

27  control or within the possession, custody or control of any of MGA's current or

28

1  former employees, officers, directors, agents, representatives, attorneys, parents,

2  subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest,

3  and any other person acting on its behalf, pursuant to its authority or subject to its

4  control, on the grounds that such request is unreasonable, overbroad, unduly

5  burdensome and oppressive, violates the right to privacy, and purports to require

6  MGA to search for documents not within its possession, custody or control.  To the

7  extent MGA agrees to produce documents in response to the Requests, MGA will

8  make a reasonably diligent search for responsive documents within its possession,

9  custody or control and located at MGA's Van Nuys, California offices.

10         9.     MGA objects to each and every request to the extent it seeks "all

11  documents" responsive to a certain category on the grounds that such request is

12  overbroad and unduly burdensome and oppressive.  MGA will not respond to

13  duplicative or cumulative requests and will not re-produce documents it has already

14  produced or produce documents that it has received from Mattel or others in the

15  course of discovery in this matter.

16         10.    MGA objects to the Requests insofar as they seek production of

17  confidential, proprietary, or trade-secret information, the disclosure of which would

18  be inimical to the business interests of MGA.

19         11.    MGA objects to each request to the extent it seeks information

20  relating to the activities or conduct of other entities or non-parties.

21         12.    MGA objects to each request to the extent it seeks information

22  relating to activities or conduct in foreign countries.

23         13.    MGA objects to the Definitions and Instructions to the extent

24  such Definitions and Instructions purport to enlarge, expand, or alter in any way the

25  plain meaning and scope of any specific term or specific request on the ground that

26  such enlargement, expansion, or alteration renders such a term or request vague,

27  ambiguous, unintelligible, overbroad, unduly burdensome, and/or uncertain.

28

MGA ENTERTAINMENT, INC.'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S FIFTH SET OF
REQUESTS FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC. - CV 04-9049 SGL (RNBx)
4

Exhibit A, Page 8

1    14.    MGA objects to the Instructions to the extent that they purport to
2  deprive MGA of the right to redact information from any documents "for any
3  reason." MGA retains and reserves the right to redact documents on any appropriate
4  grounds, including in particular for privilege.

5    15.    MGA specifically objects to the following definitions in the

6  Requests:

7    (a)    MGA objects to the terms "YOU," "YOUR" and "MGA"
8  (Definitions ¶ A) as vague, ambiguous, overbroad, and unduly burdensome. The
9  definition includes "MGA Entertainment, Inc., and all current or former subsidiaries,
10  divisions, AFFILIATES, predecessors-in-interest and successors-in-interest."
11  Because of Mattel's incorporating the overbroad definition of "AFFILIATE"
12  (Definitions ¶ C) as including "any and all corporations, proprietorships, d/b/a's,
13  partnerships, joint ventures and business entities of any kind that, directly or
14  indirectly, in whole or in part, own or control, are under common ownership or
15  control with, or are owned or controlled by a PERSON, party or entity, including
16  without limitation each parent, subsidiary and joint venture of such PERSON, party
17  or entity," it is impossible for MGA to know whether a particular person comes
18  within this definition unless that person or entity at some point in time held himself
19  or herself out as being affiliated with MGA. Thus, "YOU," "YOUR," and "MGA"
20  will be interpreted to mean all persons or entities who hold themselves out to MGA
21  as officers, employees, agents, subsidiaries or divisions of MGA.

22    (b)    MGA objects to the definition of the term "LARIAN"
23  (Definitions ¶ B, first instance) as vague, ambiguous, overly broad and unduly
24  burdensome, and designed to mislead and confuse the trier of fact. The definition
25  includes "Isaac Larian, any FAMILY MEMBER of Isaac Larian, and any trust of
26  which Isaac Larian is a trustee or of which any FAMILY MEMBER of Isaac Larian
27  is a beneficiary . . . ." By incorporating the definition of "FAMILY MEMBER" the
28

1  overly broad definition of "LARIAN" includes "any PERSON who at any time is,

2  was or has been a parent, spouse, child or sibling of another PERSON" (Definitions

3  ¶ E.) This definition of "FAMILY MEMBER," which is itself overbroad, also

4  includes the definition of "PERSON," which includes both singular and plural

5  versions of "any natural person, association, partnership, corporation, joint venture,

6  government entity, organization, trust, institution, proprietorship, or *any other entity*

7  *recognized as having an existence under the laws in the United States or any other*

8  *nation*." (Definitions ¶ G (emphasis added).)  The definitions of both "FAMILY

9  MEMBER" and "PERSON" are objectionable by themselves, as explained below.

10  Moreover, these convoluted and multi-part definitions combine to render the

11  document requests that refer to the term "LARIAN" vague, ambiguous and overly

12  broad, and include within the term "LARIAN" things that are not related to Isaac

13  Larian or his family.  In responding to the Requests, MGA will interpret the term

14  "LARIAN" to mean Isaac Larian.

15           (c)     MGA objects to the term "FAMILY MEMBER,"

16  (Definitions ¶ E) as vague, ambiguous, overly broad and unduly burdensome, and

17  designed to mislead and confuse the trier of fact.  The definition includes "any

18  PERSON who at any time is, was or has been a parent, spouse, child or sibling of

19  another PERSON."  This definition is obviously overly broad on its face because it

20  includes every man, woman, and child ever to walk the Earth.  This definition is

21  further objectionable because it is a convoluted and multi-part definition that renders

22  the document requests that refer to "FAMILY MEMBER" vague, ambiguous and

23  overly broad, and includes within the term "FAMILY MEMBER" things that cannot

24  be family members, such as government entities, *any* entities recognized by this

25  country or *any* other nation, and others incorporated by way of the term "PERSON."

26  (See Definitions ¶ G.)

27

28

1         (d)    MGA also objects to the terms "RELATING,"

2  "RELATING TO," "REFERRING OR RELATING TO," and "REFER OR RELATE

3  TO" (Definitions ¶ F) on the grounds and to the extent they are overbroad, unduly

4  burdensome, and/or are vague and ambiguous in the context of the Requests as

5  written and as those requests would be plainly understood absent Mattel's definitions.

Case 2:04-cv-09049-SGL-RNB    Document 1993-3    Filed 02/07/2008    Page 33 o

6        16.    MGA objects to the Requests to the extent they seek the

7  production of documents in their native format where the burden of such production

8  outweighs the likelihood of discovering information that is relevant to the subject

9  matter of the claims or defenses in this action or calculated to lead to the discovery

10  of admissible evidence.

11        17.    MGA objects to the Requests on the grounds that they are

12  harassing, oppressive and unduly burdensome.  Before these Requests, Mattel has

13  already propounded 1010 requests for documents and things to MGA, MGA

14  Entertainment (HK) Limited, MGAE de Mexico, S.R.L. de C.V., and Isaac Larian

15  ("the MGA Parties"), in response to which the MGA Parties have already produced

16  approximately 3.4 million pages of responsive documents.  MGA is, however,

17  willing to meet and confer regarding the additional 88 requests propounded in

18  Mattel's Fifth Set of Requests for Documents and Things to MGA.

19  **SPECIFIC RESPONSES AND OBJECTIONS**

20        Without waiving or departing from its General Response and General

21  Objections and specifically incorporating its General Response and General

22  Objections into each of the Specific Responses and Objections below, MGA makes

23  the following specific responses and objections to the Requests:

24  REQUEST FOR PRODUCTION NO. 1:

25        YOUR Articles of Incorporation and any amendments thereto.

26

27

28

Case 2:04-cv-09049-SGL-RNB   Document 1993-3   Filed 02/07/2008        Page 34 o

1  RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

2       MGA incorporates by reference its General Response and General Objections

3  above, as though fully set forth herein and specifically incorporates General

4  Objection No. 15 (regarding Definitions), including without limitation MGA's

5  objection to the definition of the terms YOUR, and its incorporated terms

6  AFFILIATES and PERSON. MGA further objects to the request to the extent it

7  seeks the production of documents that are protected from disclosure under any

8  applicable privilege, doctrine or immunity, including without limitation the attorney-

9  client privilege, the work product doctrine, the right of privacy, and all other

10 privileges recognized under the constitutional, statutory or decisional law of the

11 United States of America, the State of California or any other applicable jurisdiction.

12 MGA further objects to this request on the grounds that it is overly broad and unduly

13 burdensome in that it seeks documents not relevant to the claims or defenses in this

14 action and not reasonably calculated to lead to the discovery of admissible evidence.

15 Mattel has not demonstrated how *all* YOUR Articles of Incorporation and *any*

16 amendments thereto could be relevant to the claims and defenses in this action. The

17 request is not limited to the subject matter of this action and is thus impermissibly

18 overbroad. See Magistrate Judge Infante's August 13, 2007 Order ("Aug. 13 Order")

19 at 9:17-20; see also Magistrate Judge Infante's May 22, 2007 Order ("May 22 Order")

20 at 21:5-7 (requests that require production of documents "merely mention[ing] MGA

21 and Bratz but that otherwise have no relevance to the claims and defenses in the suit"

22 are impermissibly overbroad). MGA further objects to this request as being overly

23 broad and unduly burdensome on the grounds that it is not limited in time or

24 geographical scope. MGA further objects to this request on the grounds that the

25 phrase "any amendments" renders the request vague, ambiguous, overly broad and

26 unduly burdensome. MGA further objects to the request to the extent that it seeks

27 documents that by reason of public filing, public distribution or otherwise are already

28

1 | in Mattel's possession or are readily accessible to Mattel. MGA further objects to the

2 | request to the extent that it seeks documents not in MGA's possession, custody or

3 | control. MGA further objects to the request to the extent it seeks confidential,

4 | proprietary or commercially sensitive information, the disclosure of which would be

5 | inimical to the business interests of MGA. MGA further objects to the request to the

6 | extent it violates the privacy rights of third parties to their private, confidential,

7 | proprietary or trade secret information.

Case 2:04-cv-09049-SGL-RNB   Document 1993-3   Filed 02/07/2008   Page 35 o

8 | MGA further objects to this request as cumulative, duplicative, and unduly

9 | burdensome to the extent that it seeks documents previously requested by Mattel or

10 | produced by MGA (or any of its affiliates) in response to Mattel's document requests,

11 | including, but not limited to: Request No. 41 from Mattel, Inc.'s First Set of Requests

12 | for Production of Documents and Tangible Things to MGA Entertainment Inc.,

13 | Request No. 41 from Mattel, Inc.'s Second Set of Requests for Documents and

14 | Things to MGA Entertainment, Inc., Request No. 107 from Mattel, Inc.'s Fourth Set

15 | of Requests for Documents and Things to MGA Entertainment, Inc., and Request No.

16 | 76 from Mattel's First Set of Requests for Documents and Things to MGAE de

17 | Mexico, S.R.L. de C.V.

18 | REQUEST FOR PRODUCTION NO. 2:

19 | YOUR By-Laws and any amendments thereto.

20 | RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

21 | MGA incorporates by reference its General Response and General Objections

22 | above, as though fully set forth herein and specifically incorporates General

23 | Objection No. 15 (regarding Definitions), including without limitation MGA's

24 | objection to the definition of the terms YOUR, and its incorporated terms

25 | AFFILIATES and PERSON. MGA further objects to the request to the extent it

26 | seeks the production of documents that are protected from disclosure under any

27 | applicable privilege, doctrine or immunity, including without limitation the attorney-

28 |

1 | client privilege, the work product doctrine, the right of privacy, and all other
2 | privileges recognized under the constitutional, statutory or decisional law of the
3 | United States of America, the State of California or any other applicable jurisdiction.
4 | MGA further objects to this request on the grounds that it is overly broad and unduly
5 | burdensome in that it seeks documents not relevant to the claims or defenses in this
6 | action and not reasonably calculated to lead to the discovery of admissible evidence.
7 | Mattel has not demonstrated how *all* YOUR By-Laws and any amendments thereto
8 | could be relevant to the claims and defenses in this action. The request is not limited
9 | to the subject matter of this action and is thus impermissibly overbroad. See Aug. 13
10 | Order at 9:17-20; May 22 Order at 21:5-7. MGA further objects to this request as
11 | being overly broad and unduly burdensome on the grounds that it is not limited in
12 | time or geographical scope. MGA further objects to this request on the grounds that
13 | the phrase "any amendments" renders the request vague, ambiguous, overly broad
14 | and unduly burdensome. MGA further objects to the request to the extent that it
15 | seeks documents that by reason of public filing, public distribution or otherwise are
16 | already in Mattel's possession or are readily accessible to Mattel. MGA further
17 | objects to the request to the extent that it seeks documents not in MGA's possession,
18 | custody or control. MGA further objects to the request to the extent it seeks
19 | confidential, proprietary or commercially sensitive information, the disclosure of
20 | which would be inimical to the business interests of MGA. MGA further objects to
21 | the request to the extent it violates the privacy rights of third parties to their private,
22 | confidential, proprietary or trade secret information.

23 | MGA further objects to this request as cumulative, duplicative, and unduly
24 | burdensome to the extent that it seeks documents previously requested by Mattel or
25 | produced by MGA (or any of its affiliates) in response to Mattel's document requests,
26 | including, but not limited to: Request No. 41 from Mattel, Inc.'s First Set of Requests
27 | for Production of Documents and Tangible Things to MGA Entertainment Inc.,
28 |

1  Request No. 41 from Mattel, Inc.'s Second Set of Requests for Documents and

2  Things to MGA Entertainment, Inc., Request No. 107 from Mattel, Inc.'s Fourth Set

3  of Requests for Documents and Things to MGA Entertainment, Inc., and Request No.

4  76 from Mattel's First Set of Requests for Documents and Things to MGAE de

5  Mexico, S.R.L. de C.V.

Case 2:04-cv-09049-SGL-RNB    Document 1993-3    Filed 02/07/2008    Page 37 o

6  REQUEST FOR PRODUCTION NO. 3:

7       YOUR Notice of Incorporation as it appeared when first published and any

8  amendments thereto.

9  RESPONSE TO REQUEST FOR PRODUCTION NO. 3:

10       MGA incorporates by reference its General Response and General Objections

11  above, as though fully set forth herein and specifically incorporates General

12  Objection No. 15 (regarding Definitions), including without limitation MGA's

13  objection to the definition of the terms YOUR, and its incorporated terms

14  AFFILIATES and PERSON. MGA further objects to the request to the extent it

15  seeks the production of documents that are protected from disclosure under any

16  applicable privilege, doctrine or immunity, including without limitation the attorney-

17  client privilege, the work product doctrine, the right of privacy, and all other

18  privileges recognized under the constitutional, statutory or decisional law of the

19  United States of America, the State of California or any other applicable jurisdiction.

20  MGA further objects to this request on the grounds that it is overly broad and unduly

21  burdensome in that it seeks documents not relevant to the claims or defenses in this

22  action and not reasonably calculated to lead to the discovery of admissible evidence.

23  Mattel has not demonstrated how *all* YOUR Notices of Incorporation as they

24  appeared when first published and *any* amendments thereto could be relevant to the

25  claims and defenses in this action. The request is not limited to the subject matter of

26  this action and is thus impermissibly overbroad. See Aug. 13 Order at 9:17-20; May

27  22 Order at 21:5-7. MGA further objects to this request as being overly broad and

28

1 | unduly burdensome on the grounds that it is not limited in time or geographical
2 | scope. MGA further objects to this request on the grounds that the phrase "any
3 | amendments" renders the request vague, ambiguous, overly broad and unduly
4 | burdensome. MGA further objects to the request to the extent that it seeks
5 | documents that by reason of public filing, public distribution or otherwise are already
6 | in Mattel's possession or are readily accessible to Mattel. MGA further objects to the
7 | request to the extent that it seeks documents not in MGA's possession, custody or
8 | control. MGA further objects to the request to the extent it seeks confidential,
9 | proprietary or commercially sensitive information, the disclosure of which would be
10 | inimical to the business interests of MGA. MGA further objects to the request to the
11 | extent it violates the privacy rights of third parties to their private, confidential,
12 | proprietary or trade secret information.

13 | MGA further objects to this request as cumulative, duplicative, and unduly
14 | burdensome to the extent that it seeks documents previously requested by Mattel or
15 | produced by MGA (or any of its affiliates) in response to Mattel's document requests,
16 | including, but not limited to: Request No. 41 from Mattel, Inc.'s First Set of Requests
17 | for Production of Documents and Tangible Things to MGA Entertainment Inc.,
18 | Request No. 41 from Mattel, Inc.'s Second Set of Requests for Documents and
19 | Things to MGA Entertainment, Inc., Request No. 107 from Mattel, Inc.'s Fourth Set
20 | of Requests for Documents and Things to MGA Entertainment, Inc., and Request No.
21 | 76 from Mattel's First Set of Requests for Documents and Things to MGAE de
22 | Mexico, S.R.L. de C.V.

23 | REQUEST FOR PRODUCTION NO. 4:

24 | YOUR quarterly and annual profits and loss statements (both audited and
25 | unaudited) from the date of YOUR incorporation to 1999.

26 |
27 |
28 |

1 | RESPONSE TO REQUEST FOR PRODUCTION NO. 4:

2 | MGA incorporates by reference its General Response and General Objections
3 | above, as though fully set forth herein and specifically incorporates General
4 | Objection No. 15 (regarding Definitions), including without limitation MGA's
5 | objection to the definition of the terms YOUR, and its incorporated terms
6 | AFFILIATES and PERSON. MGA further objects to the request to the extent it

Case 2:04-cv-09049-SGL-RNB     Document 1993-3     Filed 02/07/2008     Page 39 o

7 | seeks the production of documents that are protected from disclosure under any
8 | applicable privilege, doctrine or immunity, including without limitation the attorney-
9 | client privilege, the work product doctrine, the right of privacy, and all other
10 | privileges recognized under the constitutional, statutory or decisional law of the
11 | United States of America, the State of California or any other applicable jurisdiction.
12 | MGA further objects to this request on the grounds that it is overly broad and unduly
13 | burdensome in that it seeks documents not relevant to the claims or defenses in this
14 | action and not reasonably calculated to lead to the discovery of admissible evidence.
15 | Mattel has not demonstrated how *all* YOUR quarterly and annual profits and loss
16 | statements (both audited and unaudited) from the date of YOUR incorporation to
17 | 1999 could be relevant to the claims and defenses in this action. The request is not
18 | limited to the subject matter of this action and is thus impermissibly overbroad. See
19 | Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7. MGA further objects to this
20 | request as being overly broad and unduly burdensome on the grounds that it is not
21 | limited in geographical scope. MGA further objects to the request to the extent that
22 | it seeks documents that by reason of public filing, public distribution or otherwise
23 | are already in Mattel's possession or are readily accessible to Mattel. MGA further
24 | objects to the request to the extent that it seeks documents not in MGA's possession,
25 | custody or control. MGA further objects to the request to the extent it seeks
26 | confidential, proprietary or commercially sensitive information, the disclosure of
27 | which would be inimical to the business interests of MGA. MGA further objects to
28 |

MGA ENTERTAINMENT, INC.'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S FIFTH SET OF
REQUESTS FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC. - CV 04-9049 SGL (RNBx)
13

Exhibit A, Page 17

1 | the request to the extent it violates the privacy rights of third parties to their private,
2 | confidential, proprietary or trade secret information.

3 |      MGA further objects to this request as cumulative, duplicative, and unduly
4 | burdensome to the extent that it seeks documents previously requested by Mattel or
5 | produced by MGA (or any of its affiliates) in response to Mattel's document requests,
6 | including, but not limited to: Request Nos. 41-45 from Mattel, Inc.'s First Set of     
7 | Requests for Documents and Things to MGA Entertainment (HK) Limited; Request
8 | Nos. 40-45 from Mattel, Inc.'s Second Set of Requests for Documents and Things to
9 | MGA Entertainment, Inc.; Request Nos. 266-269 from Mattel, Inc.'s First Set of
10 | Requests for Documents and Things to Isaac Larian; Request No. 22 from Mattel,
11 | Inc.'s Third Set of Requests for Documents and Things to MGA Entertainment, Inc.;
12 | Request Nos. 157-159 from Mattel, Inc.'s First Set of Requests for Documents and
13 | Things re Claims of Unfair Competition to MGA Entertainment, Inc.; Request No.
14 | 41 from Mattel, Inc.'s First Set of Requests for Production of Documents and
15 | Tangible Things to MGA Entertainment Inc.; Request No. 41 from Mattel, Inc.'s
16 | Second Set of Requests for Documents and Things to MGA Entertainment, Inc.;
17 | Request Nos. 99, 107 from Mattel, Inc.'s Fourth Set of Requests for Documents and
18 | Things to MGA Entertainment, Inc.; and Request Nos. 117-124 Mattel's First Set of
19 | Requests for Documents and Things to MGAE de Mexico, S.R.L. de C.V.

20 | REQUEST FOR PRODUCTION NO. 5:

21 |      YOUR quarterly and annual financial statements (both audited and unaudited)
22 | from the date of YOUR incorporation to 1999.

23 | RESPONSE TO REQUEST FOR PRODUCTION NO. 5:

24 |      MGA incorporates by reference its General Response and General Objections
25 | above, as though fully set forth herein and specifically incorporates General
26 | Objection No. 15 (regarding Definitions), including without limitation MGA's
27 | objection to the definition of the terms YOUR, and its incorporated terms
28 |

MGA ENTERTAINMENT, INC.'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S FIFTH SET OF
REQUESTS FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC. - CV 04-9049 SGL (RNBx)
14

Exhibit A, Page 18

1  AFFILIATES and PERSON. MGA further objects to the request to the extent it
2  seeks the production of documents that are protected from disclosure under any
3  applicable privilege, doctrine or immunity, including without limitation the attorney-
4  client privilege, the work product doctrine, the right of privacy, and all other
5  privileges recognized under the constitutional, statutory or decisional law of the
6  United States of America, the State of California or any other applicable jurisdiction.
7  MGA further objects to this request on the grounds that it is overly broad and unduly
8  burdensome in that it seeks documents not relevant to the claims or defenses in this
9  action and not reasonably calculated to lead to the discovery of admissible evidence.
10  Mattel has not demonstrated how *all* YOUR quarterly and annual financial
11  statements (both audited and unaudited) from the date of YOUR incorporation to
12  1999 could be relevant to the claims and defenses in this action. The request is not
13  limited to the subject matter of this action and is thus impermissibly overbroad. See
14  Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7. MGA further objects to this
15  request as being overly broad and unduly burdensome on the grounds that it is not
16  limited in geographical scope. MGA further objects to the request to the extent that
17  it seeks documents that by reason of public filing, public distribution or otherwise
18  are already in Mattel's possession or are readily accessible to Mattel. MGA further
19  objects to the request to the extent that it seeks documents not in MGA's possession,
20  custody or control. MGA further objects to the request to the extent it seeks
21  confidential, proprietary or commercially sensitive information, the disclosure of
22  which would be inimical to the business interests of MGA. MGA further objects to
23  the request to the extent it violates the privacy rights of third parties to their private,
24  confidential, proprietary or trade secret information.

25      MGA further objects to this request as cumulative, duplicative, and unduly
26  burdensome to the extent that it seeks documents previously requested by Mattel or
27  produced by MGA (or any of its affiliates) in response to Mattel's document requests,
28

Case 2:04-cv-09049-SGL-RNB   Document 1993-3   Filed 02/07/2008   Page 41 o

1 | including, but not limited to: Request Nos. 41-45 from Mattel, Inc.'s First Set of

2 | Requests for Documents and Things to MGA Entertainment (HK) Limited; Request

3 | Nos. 40-45 from Mattel, Inc.'s Second Set of Requests for Documents and Things to

4 | MGA Entertainment, Inc.; Request Nos. 266-269 from Mattel, Inc.'s First Set of

5 | Requests for Documents and Things to Isaac Larian; Request No. 22 from Mattel,

Case 2:04-cv-09049-SGL-RNB    Document 1993-3    Filed 02/07/2008    Page 42 o

6 | Inc.'s Third Set of Requests for Documents and Things to MGA Entertainment, Inc.;

7 | Request Nos. 157-159 from Mattel, Inc.'s First Set of Requests for Documents and

8 | Things re Claims of Unfair Competition to MGA Entertainment, Inc.; Request No.

9 | 41 from Mattel, Inc.'s First Set of Requests for Production of Documents and

10 | Tangible Things to MGA Entertainment Inc.; Request No. 41 from Mattel, Inc.'s

11 | Second Set of Requests for Documents and Things to MGA Entertainment, Inc.;

12 | Request Nos. 99, 107 from Mattel, Inc.'s Fourth Set of Requests for Documents and

13 | Things to MGA Entertainment, Inc.; and Request Nos. 117-124 Mattel's First Set of

14 | Requests for Documents and Things to MGAE de Mexico, S.R.L. de C.V.

15 | REQUEST FOR PRODUCTION NO. 6:

16 | YOUR general ledger from the date of YOUR incorporation to 1999.

17 | RESPONSE TO REQUEST FOR PRODUCTION NO. 6:

18 | MGA incorporates by reference its General Response and General Objections

19 | above, as though fully set forth herein and specifically incorporates General

20 | Objection No. 15 (regarding Definitions), including without limitation MGA's

21 | objection to the definition of the terms YOUR, and its incorporated terms

22 | AFFILIATES and PERSON. MGA further objects to the request to the extent it

23 | seeks the production of documents that are protected from disclosure under any

24 | applicable privilege, doctrine or immunity, including without limitation the attorney-

25 | client privilege, the work product doctrine, the right of privacy, and all other

26 | privileges recognized under the constitutional, statutory or decisional law of the

27 | United States of America, the State of California or any other applicable jurisdiction.

28

MGA ENTERTAINMENT, INC.'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S FIFTH SET OF
REQUESTS FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC. - CV 04-9049 SGL (RNBx)
16

Exhibit A, Page 20

1 | MGA further objects to this request on the grounds that it is overly broad and unduly
2 | burdensome in that it seeks documents not relevant to the claims or defenses in this
3 | action and not reasonably calculated to lead to the discovery of admissible evidence.
4 | Mattel has not demonstrated how *all* YOUR general ledger from the date of YOUR
5 | incorporation to 1999 could be relevant to the claims and defenses in this action.
6 | The request is not limited to the subject matter of this action and is thus
7 | impermissibly overbroad. See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.
8 | MGA further objects to this request as being overly broad and unduly burdensome
9 | on the grounds that it is not limited in geographical scope. MGA further objects to
10 | the request to the extent that it seeks documents that by reason of public filing,
11 | public distribution or otherwise are already in Mattel's possession or are readily
12 | accessible to Mattel. MGA further objects to the request to the extent that it seeks
13 | documents not in MGA's possession, custody or control. MGA further objects to the
14 | request to the extent it seeks confidential, proprietary or commercially sensitive
15 | information, the disclosure of which would be inimical to the business interests of
16 | MGA. MGA further objects to the request to the extent it violates the privacy rights
17 | of third parties to their private, confidential, proprietary or trade secret information.
18 |     MGA further objects to this request as cumulative, duplicative, and unduly
19 | burdensome to the extent that it seeks documents previously requested by Mattel or
20 | produced by MGA (or any of its affiliates) in response to Mattel's document requests,
21 | including, but not limited to:  Request Nos. 41-45 from Mattel, Inc.'s First Set of
22 | Requests for Documents and Things to MGA Entertainment (HK) Limited; Request
23 | Nos. 40-45 from Mattel, Inc.'s Second Set of Requests for Documents and Things to
24 | MGA Entertainment, Inc.; Request Nos. 266-269 from Mattel, Inc.'s First Set of
25 | Requests for Documents and Things to Isaac Larian; Request No. 22 from Mattel,
26 | Inc.'s Third Set of Requests for Documents and Things to MGA Entertainment, Inc.;
27 | Request Nos. 157-159 from Mattel, Inc.'s First Set of Requests for Documents and
28 |

Case 2:04-cv-09049-SGL-RNB   Document 1993-3   Filed 02/07/2008   Page 43 o

1 | Things re Claims of Unfair Competition to MGA Entertainment, Inc.; Request No.

2 | 41 from Mattel, Inc.'s First Set of Requests for Production of Documents and

3 | Tangible Things to MGA Entertainment Inc.; Request No. 41 from Mattel, Inc.'s

4 | Second Set of Requests for Documents and Things to MGA Entertainment, Inc.;

5 | Request Nos. 99, 107 from Mattel, Inc.'s Fourth Set of Requests for Documents and

Case 2:04-cv-09049-SGL-RNB   Document 1993-3   Filed 02/07/2008   Page 44 o

6 | Things to MGA Entertainment, Inc.; and Request Nos. 117-124 Mattel's First Set of

7 | Requests for Documents and Things to MGAE de Mexico, S.R.L. de C.V.

8 | REQUEST FOR PRODUCTION NO. 7:

9 |      YOUR federal and state tax returns for each year from the date of YOUR

10 | incorporation to the present.

11 | RESPONSE TO REQUEST FOR PRODUCTION NO. 7:

12 |      MGA incorporates by reference its General Response and General Objections

13 | above, as though fully set forth herein and specifically incorporates General

14 | Objection No. 15 (regarding Definitions), including without limitation MGA's

15 | objection to the definition of the terms YOUR, and its incorporated terms

16 | AFFILIATES and PERSON. MGA further objects to the request to the extent it

17 | seeks the production of documents that are protected from disclosure under any

18 | applicable privilege, doctrine or immunity, including without limitation the attorney-

19 | client privilege, the work product doctrine, the right of privacy, and all other

20 | privileges recognized under the constitutional, statutory or decisional law of the

21 | United States of America, the State of California or any other applicable jurisdiction.

22 | MGA further objects to the request on the grounds that it seeks documents protected

23 | from disclosure by applicable federal and state tax return privileges. See Premium

24 | Service Corp. v. Sperry & Hutchinson Co., 511 F.2d 225, 229 (9th Cir. 1975);

25 | Southern California Housing Rights Center. v. Krug, et al., 2006 U.S. Dist. LEXIS

26 | 65330 (C.D. Cal. 2006); Aliotti v. Senora, 217 FRD 496 (N.D. Cal. 2003); San

27 | Francisco Bay Area Rapid Transit District v. Spencer, 2006 U.S. LEXIS 81681 (N.D.

28 |

1 | Cal. 2006). See also Webb v. Standard Oil Co., 49 Cal. 2d. 509, 513-514 (1957);

2 | Sav-On Drugs, Inc. v. Superior Ct., 15 Cal. 3d 1, 6-8 (1975); Sammut v. Sammut,

3 | 103 Cal. App. 3d 557, 562 (1982); Order, at 14:29-15:2. MGA further objects to this

4 | request on the grounds that it is overly broad and unduly burdensome in that it seeks

5 | documents not relevant to the claims or defenses in this action and not reasonably

6 | calculated to lead to the discovery of admissible evidence. Mattel has not

Case 2:04-cv-09049-SGL-RNB   Document 1993-3   Filed 02/07/2008      Page 45 o

7 | demonstrated how *all* YOUR federal and state tax returns for each year from the date

8 | of YOUR incorporation to the present could be relevant to the claims and defenses in

9 | this action. Moreover, Mattel has not shown and cannot show any compelling need

10 | for the production of tax returns. The request is not limited to the subject matter of

11 | this action and is thus impermissibly overbroad. See Aug. 13 Order at 9:17-20; May

12 | 22 Order at 21:5-7. MGA further objects to this request as being overly broad and

13 | unduly burdensome on the grounds that it is not limited in geographical scope.

14 | MGA further objects to the request to the extent that it seeks documents that by

15 | reason of public filing, public distribution or otherwise are already in Mattel's

16 | possession or are readily accessible to Mattel. MGA further objects to the request to

17 | the extent that it seeks documents not in MGA's possession, custody or control.

18 | MGA further objects to the request to the extent it seeks confidential, proprietary or

19 | commercially sensitive information, the disclosure of which would be inimical to the

20 | business interests of MGA. MGA further objects to the request to the extent it

21 | violates the privacy rights of third parties to their private, confidential, proprietary or

22 | trade secret information.

23 |      MGA further objects to this request as cumulative, duplicative, and unduly

24 | burdensome to the extent that it seeks documents previously requested by Mattel or

25 | produced by MGA (or any of its affiliates) in response to Mattel's document requests,

26 | including, but not limited to:  Request Nos. 41-45 from Mattel, Inc.'s First Set of

27 | Requests for Documents and Things to MGA Entertainment (HK) Limited; Request

28 |

1 │ Nos. 40-45 from Mattel, Inc.'s Second Set of Requests for Documents and Things to

2 │ MGA Entertainment, Inc.; Request Nos. 266-269 from Mattel, Inc.'s First Set of

3 │ Requests for Documents and Things to Isaac Larian; Request No. 22 from Mattel,

4 │ Inc.'s Third Set of Requests for Documents and Things to MGA Entertainment, Inc.;

5 │ Request Nos. 157-159 from Mattel, Inc.'s First Set of Requests for Documents and

6 │ Things re Claims of Unfair Competition to MGA Entertainment, Inc.; Request No.

7 │ 41 from Mattel, Inc.'s First Set of Requests for Production of Documents and

8 │ Tangible Things to MGA Entertainment Inc.; Request No. 41 from Mattel, Inc.'s

9 │ Second Set of Requests for Documents and Things to MGA Entertainment, Inc.;

10 │ Request Nos. 99, 107 from Mattel, Inc.'s Fourth Set of Requests for Documents and

11 │ Things to MGA Entertainment, Inc.; and Request Nos. 117-124 Mattel's First Set of

12 │ Requests for Documents and Things to MGAE de Mexico, S.R.L. de C.V.

13 │ REQUEST FOR PRODUCTION NO. 8:

14 │       DOCUMENTS sufficient to evidence any and all meetings of shareholders of

15 │ MGA, including the date, time and location of the meeting and the IDENTITY of

16 │ each PERSON in attendance.

17 │ RESPONSE TO REQUEST FOR PRODUCTION NO. 8:

18 │       MGA incorporates by reference its General Response and General Objections

19 │ above, as though fully set forth herein and specifically incorporates General

20 │ Objection No. 15 (regarding Definitions), including without limitation MGA's

21 │ objection to the definition of the terms MGA and its incorporated term AFFILIATES,

22 │ and PERSON.  MGA further objects to the request to the extent it seeks the

23 │ production of documents that are protected from disclosure under any applicable

24 │ privilege, doctrine or immunity, including without limitation the attorney-client

25 │ privilege, the work product doctrine, the right of privacy, and all other privileges

26 │ recognized under the constitutional, statutory or decisional law of the United States

27 │ of America, the State of California or any other applicable jurisdiction.  MGA further

28 │

1 | objects to this request on the grounds that it is overly broad and unduly burdensome
2 | in that it seeks documents not relevant to the claims or defenses in this action and not
3 | reasonably calculated to lead to the discovery of admissible evidence. Mattel has not
4 | demonstrated how DOCUMENTS sufficient to evidence *any and all* meetings of
5 | shareholders of MGA, including the date, time and location of the meeting and the
6 | IDENTITY of *each* PERSON in attendance could be relevant to the claims and
7 | defenses in this action. The request is not limited to the subject matter of this action
8 | and is thus impermissibly overbroad. See Aug. 13 Order at 9:17-20; May 22 Order
9 | at 21:5-7. MGA further objects to this request as being overly broad and unduly
10 | burdensome on the grounds that it is not limited in time or geographical scope.
11 | MGA further objects to the phrases "sufficient to evidence" as vague and ambiguous.
12 | MGA further objects to the request to the extent that it seeks documents that by
13 | reason of public filing, public distribution or otherwise are already in Mattel's
14 | possession or are readily accessible to Mattel. MGA further objects to the request to
15 | the extent that it seeks documents not in MGA's possession, custody or control.
16 | MGA further objects to the request to the extent it seeks confidential, proprietary or
17 | commercially sensitive information, the disclosure of which would be inimical to the
18 | business interests of MGA. MGA further objects to the request to the extent it
19 | violates the privacy rights of third parties to their private, confidential, proprietary or
20 | trade secret information.

21 | MGA further objects to this request as cumulative, duplicative, and unduly
22 | burdensome to the extent that it seeks documents previously requested by Mattel or
23 | produced by MGA (or any of its affiliates) in response to Mattel's document requests,
24 | including, but not limited to: Request No. 107 from Mattel, Inc.'s Fourth Set of
25 | Requests for Documents and Things to MGA Entertainment, Inc.
26 | REQUEST FOR PRODUCTION NO. 9:

27 | The minutes of all meetings of shareholders of MGA.
28 |

1 | RESPONSE TO REQUEST FOR PRODUCTION NO. 9:

2 |      MGA incorporates by reference its General Response and General Objections

3 | above, as though fully set forth herein and specifically incorporates General

4 | Objection No. 15 (regarding Definitions), including without limitation MGA's

5 | objection to the definition of the terms MGA and its incorporated term AFFILIATES,

6 | and PERSON. MGA further objects to the request to the extent it seeks the

7 | production of documents that are protected from disclosure under any applicable

8 | privilege, doctrine or immunity, including without limitation the attorney-client

9 | privilege, the work product doctrine, the right of privacy, and all other privileges

10 | recognized under the constitutional, statutory or decisional law of the United States

11 | of America, the State of California or any other applicable jurisdiction. MGA further

12 | objects to this request on the grounds that it is overly broad and unduly burdensome

13 | in that it seeks documents not relevant to the claims or defenses in this action and not

14 | reasonably calculated to lead to the discovery of admissible evidence. Mattel has not

15 | demonstrated how the minutes of *all* meetings of shareholders of MGA could be

16 | relevant to the claims and defenses in this action. The request is not limited to the

17 | subject matter of this action and is thus impermissibly overbroad. See Aug. 13 Order

18 | at 9:17-20; May 22 Order at 21:5-7. MGA further objects to this request as being

19 | overly broad and unduly burdensome on the grounds that it is not limited in time or

20 | geographical scope. MGA further objects to the request to the extent that it seeks

21 | documents that by reason of public filing, public distribution or otherwise are already

22 | in Mattel's possession or are readily accessible to Mattel. MGA further objects to the

23 | request to the extent that it seeks documents not in MGA's possession, custody or

24 | control. MGA further objects to the request to the extent it seeks confidential,

25 | proprietary or commercially sensitive information, the disclosure of which would be

26 | inimical to the business interests of MGA. MGA further objects to the request to the

27 |

28 |

1 | extent it violates the privacy rights of third parties to their private, confidential,

2 | proprietary or trade secret information.

3 | MGA further objects to this request as cumulative, duplicative, and unduly

4 | burdensome to the extent that it seeks documents previously requested by Mattel or

5 | produced by MGA (or any of its affiliates) in response to Mattel's document requests,

Case 2:04-cv-09049-SGL-RNB    Document 1993-3    Filed 02/07/2008    Page 49 o

6 | including, but not limited to: Request No. 107 from Mattel, Inc.'s Fourth Set of

7 | Requests for Documents and Things to MGA Entertainment, Inc.

8 | REQUEST FOR PRODUCTION NO. 10:

9 | DOCUMENTS sufficient to evidence any and all meetings of the board of

10 | directors of MGA, including the date, time and location of the meeting and the

11 | IDENTITY of each PERSON in attendance.

12 | RESPONSE TO REQUEST FOR PRODUCTION NO. 10:

13 | MGA incorporates by reference its General Response and General Objections

14 | above, as though fully set forth herein and specifically incorporates General

15 | Objection No. 15 (regarding Definitions), including without limitation MGA's

16 | objection to the definition of the terms MGA and its incorporated term AFFILIATES,

17 | and PERSON. MGA further objects to the request to the extent it seeks the

18 | production of documents that are protected from disclosure under any applicable

19 | privilege, doctrine or immunity, including without limitation the attorney-client

20 | privilege, the work product doctrine, the right of privacy, and all other privileges

21 | recognized under the constitutional, statutory or decisional law of the United States

22 | of America, the State of California or any other applicable jurisdiction. MGA further

23 | objects to this request on the grounds that it is overly broad and unduly burdensome

24 | in that it seeks documents not relevant to the claims or defenses in this action and not

25 | reasonably calculated to lead to the discovery of admissible evidence. Mattel has not

26 | demonstrated how DOCUMENTS sufficient to evidence *any and all* meetings of the

27 | board of directors of MGA, including the date, time and location of the meeting and

28 |

1 | the IDENTITY of *each* PERSON in attendance could be relevant to the claims and
2 | defenses in this action. The request is not limited to the subject matter of this action
3 | and is thus impermissibly overbroad. See Aug. 13 Order at 9:17-20; May 22 Order
4 | at 21:5-7. MGA further objects to this request as being overly broad and unduly
5 | burdensome on the grounds that it is not limited in time or geographical scope.
6 | MGA further objects to the phrase "sufficient to evidence" as vague and ambiguous.

7 | MGA further objects to the request to the extent that it seeks documents that by
8 | reason of public filing, public distribution or otherwise are already in Mattel's
9 | possession or are readily accessible to Mattel. MGA further objects to the request to
10 | the extent that it seeks documents not in MGA's possession, custody or control.
11 | MGA further objects to the request to the extent it seeks confidential, proprietary or
12 | commercially sensitive information, the disclosure of which would be inimical to the
13 | business interests of MGA. MGA further objects to the request to the extent it
14 | violates the privacy rights of third parties to their private, confidential, proprietary or
15 | trade secret information.

16 |     MGA further objects to this request as cumulative, duplicative, and unduly
17 | burdensome to the extent that it seeks documents previously requested by Mattel or
18 | produced by MGA (or any of its affiliates) in response to Mattel's document requests,
19 | including, but not limited to: Request No. 107 from Mattel, Inc.'s Fourth Set of
20 | Requests for Documents and Things to MGA Entertainment, Inc.

21 | REQUEST FOR PRODUCTION NO. 11:

22 |     The minutes of all meetings of the board of directors of MGA.

23 | RESPONSE TO REQUEST FOR PRODUCTION NO. 11:

24 |     MGA incorporates by reference its General Response and General Objections
25 | above, as though fully set forth herein and specifically incorporates General
26 | Objection No. 15 (regarding Definitions), including without limitation MGA's
27 | objection to the definition of the terms MGA and its incorporated terms

28 |

MGA ENTERTAINMENT, INC.'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S FIFTH SET OF
REQUESTS FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC. - CV 04-9049 SGL (RNBx)
24

Exhibit A, Page 28

1  AFFILIATES and PERSON. MGA further objects to the request to the extent it
2  seeks the production of documents that are protected from disclosure under any
3  applicable privilege, doctrine or immunity, including without limitation the attorney-
4  client privilege, the work product doctrine, the right of privacy, and all other
5  privileges recognized under the constitutional, statutory or decisional law of the

6  United States of America, the State of California or any other applicable jurisdiction.
7  MGA further objects to this request on the grounds that it is overly broad and unduly
8  burdensome in that it seeks documents not relevant to the claims or defenses in this
9  action and not reasonably calculated to lead to the discovery of admissible evidence.
10  Mattel has not demonstrated how the minutes of *all* meetings of the board of
11  directors of MGA could be relevant to the claims and defenses in this action. The
12  request is not limited to the subject matter of this action and is thus impermissibly
13  overbroad. See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7. MGA further
14  objects to this request as being overly broad and unduly burdensome on the grounds
15  that it is not limited in time or geographical scope. MGA further objects to the
16  request to the extent that it seeks documents that by reason of public filing, public
17  distribution or otherwise are already in Mattel's possession or are readily accessible
18  to Mattel. MGA further objects to the request to the extent that it seeks documents
19  not in MGA's possession, custody or control. MGA further objects to the request to
20  the extent it seeks confidential, proprietary or commercially sensitive information,
21  the disclosure of which would be inimical to the business interests of MGA. Such
22  information may also be subject to protective orders governing other litigations
23  thereby precluding disclosure in response to this request. MGA further objects to the
24  request to the extent it violates the privacy rights of third parties to their private,
25  confidential, proprietary or trade secret information.
26      MGA further objects to this request as cumulative, duplicative, and unduly
27  burdensome to the extent that it seeks documents previously requested by Mattel or
28

MGA ENTERTAINMENT, INC.'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S FIFTH SET OF
REQUESTS FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC. - CV 04-9049 SGL (RNBx)
25

Exhibit A, Page 29

1 | produced by MGA (or any of its affiliates) in response to Mattel's document requests,

2 | including, but not limited to: Request No. 107 from Mattel, Inc.'s Fourth Set of

3 | Requests for Documents and Things to MGA Entertainment, Inc.

4 | REQUEST FOR PRODUCTION NO. 12:

5 |     DOCUMENTS sufficient to show any and all salary, benefits or any other
6 | compensation paid to LARIAN or any business affiliated with LARIAN, including

Case 2:04-cv-09049-SGL-RNB   Document 1993-3   Filed 02/07/2008   Page 52 o

7 | to whom the payments were made, the amounts paid and the dates of payment.

8 | RESPONSE TO REQUEST FOR PRODUCTION NO. 12:

9 |     MGA incorporates by reference its General Response and General Objections

10 | above, as though fully set forth herein and specifically incorporates General

11 | Objection No. 15 (regarding Definitions), including without limitation MGA's

12 | objection to the definition of the terms LARIAN and its incorporated terms FAMILY

13 | MEMBER and PERSON. MGA further objects to the request to the extent it seeks

14 | the production of documents that are protected from disclosure under any applicable

15 | privilege, doctrine or immunity, including without limitation the attorney-client

16 | privilege, the work product doctrine, the right of privacy, and all other privileges

17 | recognized under the constitutional, statutory or decisional law of the United States

18 | of America, the State of California or any other applicable jurisdiction. MGA further

19 | objects to this request on the grounds that it is overly broad and unduly burdensome

20 | in that it seeks documents not relevant to the claims or defenses in this action and not

21 | reasonably calculated to lead to the discovery of admissible evidence. Mattel has not

22 | demonstrated how DOCUMENTS sufficient to show *any and all* salary, benefits or

23 | *any* other compensation paid to LARIAN or *any* business affiliated with LARIAN

24 | could be relevant to the claims and defenses in this action. The request is not limited

25 | to the subject matter of this action and is thus impermissibly overbroad. See Aug. 13

26 | Order at 9:17-20; May 22 Order at 21:5-7. MGA further objects to this request as

27 | being overly broad and unduly burdensome on the grounds that it is not limited in

28 |

MGA ENTERTAINMENT, INC.'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S FIFTH SET OF
REQUESTS FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC. - CV 04-9049 SGL (RNBx)
26

Exhibit A, Page 30

1  time or geographical scope. MGA further objects to this request on the grounds that

2  the terms "any other compensation" and "business affiliated with LARIAN" render

3  the request vague, ambiguous, overly broad and unduly burdensome. MGA further

4  objects to the phrase "sufficient to show any and all" as vague and ambiguous. MGA

5  further objects to the request to the extent that it seeks documents that by reason of

6  public filing, public distribution or otherwise are already in Mattel's possession or

7  are readily accessible to Mattel. MGA further objects to the request to the extent that

8  it seeks documents not in MGA's possession, custody or control. MGA further

9  objects to the request to the extent it seeks confidential, proprietary or commercially

10  sensitive information, the disclosure of which would be inimical to the business

11  interests of MGA. Such information may also be subject to protective orders

12  governing other litigations thereby precluding disclosure in response to this request.

13  MGA further objects to the request to the extent it violates the privacy rights of third

14  parties to their private, confidential, proprietary or trade secret information.

15      MGA further objects to this request as cumulative, duplicative, and unduly

16  burdensome to the extent that it seeks documents previously requested by Mattel or

17  produced by MGA (or any of its affiliates) in response to Mattel's document requests,

18  including, but not limited to: Request Nos. 229-265 from the Mattel, Inc.'s First Set

19  of Requests for Documents and Things to Isaac Larian.

20  REQUEST FOR PRODUCTION NO. 13:

21      DOCUMENTS sufficient to show any and all payments or transfers of

22  anything of value to LARIAN or any business affiliated with LARIAN, including to

23  whom the payments or transfers were made, the amounts of the payments or the

24  value of the item transferred and the dates of the payments or transfers.

25  RESPONSE TO REQUEST FOR PRODUCTION NO. 13:

26      MGA incorporates by reference its General Response and General Objections

27  above, as though fully set forth herein and specifically incorporates General

28

1  Objection No. 15 (regarding Definitions), including without limitation MGA's
2  objection to the definition of the terms LARIAN and its incorporated terms FAMILY
3  MEMBER and PERSON. MGA further objects to the request to the extent it seeks
4  the production of documents that are protected from disclosure under any applicable
5  privilege, doctrine or immunity, including without limitation the attorney-client
Case 2:04-cv-09049-SGL-RNB   Document 1993-3   Filed 02/07/2008      Page 54 o
6  privilege, the work product doctrine, the right of privacy, and all other privileges
7  recognized under the constitutional, statutory or decisional law of the United States
8  of America, the State of California or any other applicable jurisdiction. MGA further
9  objects to this request on the grounds that it is overly broad and unduly burdensome
10  in that it seeks documents not relevant to the claims or defenses in this action and not
11  reasonably calculated to lead to the discovery of admissible evidence. Mattel has not
12  demonstrated how DOCUMENTS sufficient to show *any and all* payments or
13  transfers of *anything* of value to LARIAN or *any* business affiliated with LARIAN
14  could be relevant to the claims and defenses in this action. The request is not limited
15  to the subject matter of this action and is thus impermissibly overbroad. See Aug. 13
16  Order at 9:17-20; May 22 Order at 21:5-7. MGA further objects to this request as
17  being overly broad and unduly burdensome on the grounds that it is not limited in
18  time or geographical scope. MGA further objects to this request on the grounds that
19  the terms "anything of value" and "business affiliated with LARIAN" render the
20  request vague, ambiguous, overly broad and unduly burdensome. MGA further
21  objects to the phrase "sufficient to show any and all" as vague and ambiguous. MGA
22  further objects to the request to the extent that it seeks documents that by reason of
23  public filing, public distribution or otherwise are already in Mattel's possession or
24  are readily accessible to Mattel. MGA further objects to the request to the extent that
25  it seeks documents not in MGA's possession, custody or control. MGA further
26  objects to the request to the extent it seeks confidential, proprietary or commercially
27  sensitive information, the disclosure of which would be inimical to the business
28

1 | interests of MGA. Such information may also be subject to protective orders

2 | governing other litigations thereby precluding disclosure in response to this request.

3 | MGA further objects to the request to the extent it violates the privacy rights of third

4 | parties to their private, confidential, proprietary or trade secret information.

5 |     MGA further objects to this request as cumulative, duplicative, and unduly

Case 2:04-cv-09049-SGL-RNB   Document 1993-3   Filed 02/07/2008   Page 55 o

6 | burdensome to the extent that it seeks documents previously requested by Mattel or

7 | produced by MGA (or any of its affiliates) in response to Mattel's document requests,

8 | including, but not limited to: Request Nos. 229-265 from the Mattel, Inc.'s First Set

9 | of Requests for Documents and Things to Isaac Larian.

10 | REQUEST FOR PRODUCTION NO. 14:

11 |     Statements for accounts maintained by YOU at any bank or other financial

12 | institution sufficient to show any and all payments to LARIAN or any business

13 | affiliated with LARIAN.

14 | RESPONSE TO REQUEST FOR PRODUCTION NO. 14:

15 |     MGA incorporates by reference its General Response and General Objections

16 | above, as though fully set forth herein and specifically incorporates General

17 | Objection No. 15 (regarding Definitions), including without limitation MGA's

18 | objection to the definition of the terms YOU and its incorporated terms

19 | AFFILIATES and PERSON. MGA further objects to the request to the extent it

20 | seeks the production of documents that are protected from disclosure under any

21 | applicable privilege, doctrine or immunity, including without limitation the attorney-

22 | client privilege, the work product doctrine, the right of privacy, and all other

23 | privileges recognized under the constitutional, statutory or decisional law of the

24 | United States of America, the State of California or any other applicable jurisdiction.

25 | MGA further objects to this request on the grounds that it is overly broad and unduly

26 | burdensome in that it seeks documents not relevant to the claims or defenses in this

27 | action and not reasonably calculated to lead to the discovery of admissible evidence.

28 |

MGA ENTERTAINMENT, INC.'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S FIFTH SET OF
REQUESTS FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC. - CV 04-9049 SGL (RNBx)
29

Exhibit A, Page 33

1 | Mattel has not demonstrated how *all* statements for accounts maintained by YOU at
2 | *any* bank or other financial institution sufficient to show *any and all* payments to
3 | LARIAN or *any* business affiliated with LARIAN could be relevant to the claims
4 | and defenses in this action. The request is not limited to the subject matter of this
5 | action and is thus impermissibly overbroad. See Aug. 13 Order at 9:17-20; May 22

Case 2:04-cv-09049-SGL-RNB    Document 1993-3    Filed 02/07/2008

6 | Order at 21:5-7. MGA further objects to this request as being overly broad and
7 | unduly burdensome on the grounds that it is not limited in time or geographical
8 | scope. MGA further objects to this request on the grounds that the terms "other
9 | financial institution" and "business affiliated with LARIAN" render the request
10 | vague, ambiguous, overly broad and unduly burdensome. MGA further objects to
11 | the phrase "sufficient to show any and all" as vague and ambiguous. MGA further
12 | objects to the request to the extent that it seeks documents that by reason of public
13 | filing, public distribution or otherwise are already in Mattel's possession or are
14 | readily accessible to Mattel. MGA further objects to the request to the extent that it
15 | seeks documents not in MGA's possession, custody or control. MGA further objects
16 | to the request to the extent it seeks confidential, proprietary or commercially
17 | sensitive information, the disclosure of which would be inimical to the business
18 | interests of MGA. Such information may also be subject to protective orders
19 | governing other litigations thereby precluding disclosure in response to this request.
20 | MGA further objects to the request to the extent it violates the privacy rights of third
21 | parties to their private, confidential, proprietary or trade secret information.

22 | MGA further objects to this request as cumulative, duplicative, and unduly
23 | burdensome to the extent that it seeks documents previously requested by Mattel or
24 | produced by MGA (or any of its affiliates) in response to Mattel's document requests,
25 | including, but not limited to: Request Nos. 229-265 from the Mattel, Inc.'s First Set
26 | of Requests for Documents and Things to Isaac Larian.

27 |
28 |

Page 56 o

1 | REQUEST FOR PRODUCTION NO. 15:

2 |      DOCUMENTS sufficient to show any and all payments of dividends to

3 | LARIAN or any business affiliated with LARIAN, including to whom the dividends

4 | were paid, the amounts paid and the dates of payment.

5 | RESPONSE TO REQUEST FOR PRODUCTION NO. 15:

Case 2:04-cv-09049-SGL-RNB    Document 1993-3    Filed 02/07/2008    Page 57 o

6 | MGA incorporates by reference its General Response and General Objections

7 | above, as though fully set forth herein and specifically incorporates General

8 | Objection No. 15 (regarding Definitions), including without limitation MGA's

9 | objection to the definition of the terms LARIAN and its incorporated terms FAMILY

10 | MEMBER and PERSON. MGA further objects to the request to the extent it seeks

11 | the production of documents that are protected from disclosure under any applicable

12 | privilege, doctrine or immunity, including without limitation the attorney-client

13 | privilege, the work product doctrine, the right of privacy, and all other privileges

14 | recognized under the constitutional, statutory or decisional law of the United States

15 | of America, the State of California or any other applicable jurisdiction. MGA further

16 | objects to this request on the grounds that it is overly broad and unduly burdensome

17 | in that it seeks documents not relevant to the claims or defenses in this action and not

18 | reasonably calculated to lead to the discovery of admissible evidence. Mattel has not

19 | demonstrated how DOCUMENTS sufficient to show *any and all* payments of

20 | dividends to LARIAN or *any* business affiliated with LARIAN could be relevant to

21 | the claims and defenses in this action. The request is not limited to the subject

22 | matter of this action and is thus impermissibly overbroad. See Aug. 13 Order at

23 | 9:17-20; May 22 Order at 21:5-7. MGA further objects to this request as being

24 | overly broad and unduly burdensome on the grounds that it is not limited in time or

25 | geographical scope. MGA further objects to this request on the grounds that the

26 | terms "business affiliated with LARIAN" render the request vague, ambiguous,

27 | overly broad and unduly burdensome. MGA further objects to the phrase "sufficient

28 |

1  to show any and all" as vague and ambiguous. MGA further objects to the request to

2  the extent that it seeks documents that by reason of public filing, public distribution

3  or otherwise are already in Mattel's possession or are readily accessible to Mattel.

4  MGA further objects to the request to the extent that it seeks documents not in

5  MGA's possession, custody or control. MGA further objects to the request to the

6  extent it seeks confidential, proprietary or commercially sensitive information, the

7  disclosure of which would be inimical to the business interests of MGA. Such

8  information may also be subject to protective orders governing other litigations

9  thereby precluding disclosure in response to this request. MGA further objects to the

10  request to the extent it violates the privacy rights of third parties to their private,

11  confidential, proprietary or trade secret information.

12  MGA further objects to this request as cumulative, duplicative, and unduly

13  burdensome to the extent that it seeks documents previously requested by Mattel or

14  produced by MGA (or any of its affiliates) in response to Mattel's document requests,

15  including, but not limited to: Request Nos. 229-265 from the Mattel, Inc.'s First Set

16  of Requests for Documents and Things to Isaac Larian.

17  REQUEST FOR PRODUCTION NO. 16:

18  DOCUMENTS sufficient to show any and all distributions to LARIAN or any

19  business affiliated with LARIAN, including to whom the distributions were made,

20  the amounts of the distributions and the dates the distributions were made.

21  RESPONSE TO REQUEST FOR PRODUCTION NO. 16:

22  MGA incorporates by reference its General Response and General Objections

23  above, as though fully set forth herein and specifically incorporates General

24  Objection No. 15 (regarding Definitions), including without limitation MGA's

25  objection to the definition of the terms LARIAN and its incorporated terms FAMILY

26  MEMBER and PERSON. MGA further objects to the request to the extent it seeks

27  the production of documents that are protected from disclosure under any applicable

28

MGA ENTERTAINMENT, INC.'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S FIFTH SET OF
REQUESTS FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC. - CV 04-9049 SGL (RNBx)
32

Exhibit A, Page 36

1  privilege, doctrine or immunity, including without limitation the attorney-client

2  privilege, the work product doctrine, the right of privacy, and all other privileges

3  recognized under the constitutional, statutory or decisional law of the United States

4  of America, the State of California or any other applicable jurisdiction.  MGA further

5  objects to this request on the grounds that it is overly broad and unduly burdensome

6  in that it seeks documents not relevant to the claims or defenses in this action and not

7  reasonably calculated to lead to the discovery of admissible evidence.  Mattel has not

8  demonstrated how DOCUMENTS sufficient to show *any and all* distributions to

9  LARIAN or *any* business affiliated with LARIAN could be relevant to the claims

10  and defenses in this action.  The request is not limited to the subject matter of this

11  action and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22

12  Order at 21:5-7.  MGA further objects to this request as being overly broad and

13  unduly burdensome on the grounds that it is not limited in time or geographical

14  scope.  MGA further objects to this request on the grounds that the terms "business

15  affiliated with LARIAN" render the request vague, ambiguous, overly broad and

16  unduly burdensome.  MGA further objects to the phrase "sufficient to show any and

17  all" as vague and ambiguous.  MGA further objects to the request to the extent that it

18  seeks documents that by reason of public filing, public distribution or otherwise are

19  already in Mattel's possession or are readily accessible to Mattel.  MGA further

20  objects to the request to the extent that it seeks documents not in MGA's possession,

21  custody or control.  MGA further objects to the request to the extent it seeks

22  confidential, proprietary or commercially sensitive information, the disclosure of

23  which would be inimical to the business interests of MGA.  Such information may

24  also be subject to protective orders governing other litigations thereby precluding

25  disclosure in response to this request.  MGA further objects to the request to the

26  extent it violates the privacy rights of third parties to their private, confidential,

27  proprietary or trade secret information.

28

Page 59 o
Case 2:04-cv-09049-SGL-RNB   Document 1993-3   Filed 02/07/2008

1    MGA further objects to this request as cumulative, duplicative, and unduly

2 burdensome to the extent that it seeks documents previously requested by Mattel or

3 produced by MGA (or any of its affiliates) in response to Mattel's document requests,

4 including, but not limited to: Request Nos. 229-265 from the Mattel, Inc.'s First Set

5 of Requests for Documents and Things to Isaac Larian.

6 REQUEST FOR PRODUCTION NO. 17:

7    DOCUMENTS sufficient to show any and all advances of funds to LARIAN

8 or any business affiliated with LARIAN for services to be performed at a later date,

9 including the amount of the advance, the date of the advance, the services to be

10 performed, whether the services were performed and, if so, when they were

11 performed.

12 RESPONSE TO REQUEST FOR PRODUCTION NO. 17:

13    MGA incorporates by reference its General Response and General Objections

14 above, as though fully set forth herein and specifically incorporates General

15 Objection No. 15 (regarding Definitions), including without limitation MGA's

16 objection to the definition of the terms LARIAN and its incorporated terms FAMILY

17 MEMBER and PERSON. MGA further objects to the request to the extent it seeks

18 the production of documents that are protected from disclosure under any applicable

19 privilege, doctrine or immunity, including without limitation the attorney-client

20 privilege, the work product doctrine, the right of privacy, and all other privileges

21 recognized under the constitutional, statutory or decisional law of the United States

22 of America, the State of California or any other applicable jurisdiction. MGA further

23 objects to this request on the grounds that it is overly broad and unduly burdensome

24 in that it seeks documents not relevant to the claims or defenses in this action and not

25 reasonably calculated to lead to the discovery of admissible evidence. Mattel has not

26 demonstrated how *any and all* advances of funds to LARIAN or *any* affiliated

27 business for services to be performed at a later date could be relevant to the claims

28

MGA ENTERTAINMENT, INC.'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S FIFTH SET OF
REQUESTS FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC. - CV 04-9049 SGL (RNBx)
34

Exhibit A, Page 38

1 | and defenses in this action. The request is not limited to the subject matter of this
2 | action and is thus impermissibly overbroad. See Aug. 13 Order at 9:17-20; May 22
3 | Order at 21:5-7. MGA further objects to this request as being overly broad and
4 | unduly burdensome on the grounds that it is not limited in time or geographical
5 | scope. MGA further objects to this request on the grounds that the terms "business
6 | affiliated with LARIAN" render the request vague, ambiguous, overly broad and
7 | unduly burdensome. MGA further objects to the phrases "sufficient to show any and
8 | all" and "advances of funds" as vague and ambiguous. MGA further objects to the
9 | request to the extent that it seeks documents that by reason of public filing, public
10 | distribution or otherwise are already in Mattel's possession or are readily accessible
11 | to Mattel. MGA further objects to the request to the extent that it seeks documents
12 | not in MGA's possession, custody or control. MGA further objects to the request to
13 | the extent it seeks confidential, proprietary or commercially sensitive information,
14 | the disclosure of which would be inimical to the business interests of MGA. Such
15 | information may also be subject to protective orders governing other litigations
16 | thereby precluding disclosure in response to this request. MGA further objects to the
17 | request to the extent it violates the privacy rights of third parties to their private,
18 | confidential, proprietary or trade secret information.

19 |     MGA further objects to this request as cumulative, duplicative, and unduly
20 | burdensome to the extent that it seeks documents previously requested by Mattel or
21 | produced by MGA (or any of its affiliates) in response to Mattel's document requests,
22 | including, but not limited to: Request Nos. 229-265 from the Mattel, Inc.'s First Set
23 | of Requests for Documents and Things to Isaac Larian.

24 | REQUEST FOR PRODUCTION NO. 18:

25 |     DOCUMENTS sufficient to show any and all gifts to LARIAN or any
26 | business affiliated with LARIAN, including to whom the gift was made, when the
27 |
28 |

Case 2:04-cv-09049-SGL-RNB  Document 1993-3  Filed 02/07/2008    Page 61 o

MGA ENTERTAINMENT, INC.'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S FIFTH SET OF
REQUESTS FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC. - CV 04-9049 SGL (RNBx)
35

Exhibit A, Page 39

1 | gift was made, the nature, amount and value of the gift and the reasons for making
2 | the gift.

3 | RESPONSE TO REQUEST FOR PRODUCTION NO. 18:

4 |   MGA incorporates by reference its General Response and General Objections
5 | above, as though fully set forth herein and specifically incorporates General
6 | Objection No. 15 (regarding Definitions), including without limitation MGA's

7 | objection to the definition of the terms LARIAN and its incorporated terms FAMILY
8 | MEMBER and PERSON. MGA further objects to the request to the extent it seeks
9 | the production of documents that are protected from disclosure under any applicable
10 | privilege, doctrine or immunity, including without limitation the attorney-client
11 | privilege, the work product doctrine, the right of privacy, and all other privileges
12 | recognized under the constitutional, statutory or decisional law of the United States
13 | of America, the State of California or any other applicable jurisdiction. MGA further
14 | objects to this request on the grounds that it is overly broad and unduly burdensome
15 | in that it seeks documents not relevant to the claims or defenses in this action and not
16 | reasonably calculated to lead to the discovery of admissible evidence. Mattel has not
17 | demonstrated how DOCUMENTS sufficient to show *any and all* gifts to LARIAN or
18 | *any* business affiliated with LARIAN could be relevant to the claims and defenses in
19 | this action. The request is not limited to the subject matter of this action and is thus
20 | impermissibly overbroad. See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.
21 | MGA further objects to this request as being overly broad and unduly burdensome
22 | on the grounds that it is not limited in time or geographical scope. MGA further
23 | objects to this request on the grounds that the terms "business affiliated with
24 | LARIAN" render the request vague, ambiguous, overly broad and unduly
25 | burdensome. MGA further objects to the phrases "sufficient to show any and all"
26 | and "reasons for making the gift" as vague and ambiguous. MGA further objects to
27 | the request to the extent that it seeks documents that by reason of public filing,
28 |

MGA ENTERTAINMENT, INC.'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S FIFTH SET OF
REQUESTS FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC. - CV 04-9049 SGL (RNBx)
36

1 || public distribution or otherwise are already in Mattel's possession or are readily

2 || accessible to Mattel. MGA further objects to the request to the extent that it seeks

3 || documents not in MGA's possession, custody or control. MGA further objects to the

4 || request to the extent it seeks confidential, proprietary or commercially sensitive

5 || information, the disclosure of which would be inimical to the business interests of

Case 2:04-cv-09049-SGL-RNB    Document 1993-3    Filed 02/07/2008

6 || MGA. Such information may also be subject to protective orders governing other

Page 63 o

7 || litigations thereby precluding disclosure in response to this request. MGA further

8 || objects to the request to the extent it violates the privacy rights of third parties to

9 || their private, confidential, proprietary or trade secret information.

10 ||      MGA further objects to this request as cumulative, duplicative, and unduly

11 || burdensome to the extent that it seeks documents previously requested by Mattel or

12 || produced by MGA (or any of its affiliates) in response to Mattel's document requests,

13 || including, but not limited to: Request Nos. 229-265 from the Mattel, Inc.'s First Set

14 || of Requests for Documents and Things to Isaac Larian.

15 || REQUEST FOR PRODUCTION NO. 19:

16 ||      DOCUMENTS sufficient to show any and all loans from MGA to LARIAN or

17 || any business affiliated with LARIAN, including the date of the loan, the amount of

18 || the loan, the interest rate, if any, whether the loan has been repaid or forgiven in

19 || whole or in part and, if so, when and by whom.

20 || RESPONSE TO REQUEST FOR PRODUCTION NO. 19:

21 ||      MGA incorporates by reference its General Response and General Objections

22 || above, as though fully set forth herein and specifically incorporates General

23 || Objection No. 15 (regarding Definitions), including without limitation MGA's

24 || objection to the definition of the terms LARIAN and its incorporated terms FAMILY

25 || MEMBER and PERSON. MGA further objects to the request to the extent it seeks

26 || the production of documents that are protected from disclosure under any applicable

27 || privilege, doctrine or immunity, including without limitation the attorney-client

28 ||

1  privilege, the work product doctrine, the right of privacy, and all other privileges

2  recognized under the constitutional, statutory or decisional law of the United States

3  of America, the State of California or any other applicable jurisdiction. MGA further

4  objects to this request on the grounds that it is overly broad and unduly burdensome

5  in that it seeks documents not relevant to the claims or defenses in this action and not

Case 2:04-cv-09049-SGL-RNB    Document 1993-3    Filed 02/07/2008          Page 64 o

6  reasonably calculated to lead to the discovery of admissible evidence. Mattel has not

7  demonstrated how DOCUMENTS sufficient to show *any and all* loans from MGA to

8  LARIAN or *any* business affiliated with LARIAN could be relevant to the claims

9  and defenses in this action. The request is not limited to the subject matter of this

10  action and is thus impermissibly overbroad. See Aug. 13 Order at 9:17-20; May 22

11  Order at 21:5-7. MGA further objects to this request as being overly broad and

12  unduly burdensome on the grounds that it is not limited in time or geographical

13  scope. MGA further objects to this request on the grounds that the terms "business

14  affiliated with LARIAN" and "forgiven" render the request vague, ambiguous,

15  overly broad and unduly burdensome. MGA further objects to the phrase "sufficient

16  to show any and all" as vague and ambiguous. MGA further objects to the request to

17  the extent that it seeks documents that by reason of public filing, public distribution

18  or otherwise are already in Mattel's possession or are readily accessible to Mattel.

19  MGA further objects to the request to the extent that it seeks documents not in

20  MGA's possession, custody or control. MGA further objects to the request to the

21  extent it seeks confidential, proprietary or commercially sensitive information, the

22  disclosure of which would be inimical to the business interests of MGA. Such

23  information may also be subject to protective orders governing other litigations

24  thereby precluding disclosure in response to this request.

25      MGA further objects to this request as cumulative, duplicative, and unduly

26  burdensome to the extent that it seeks documents previously requested by Mattel or

27  produced by MGA (or any of its affiliates) in response to Mattel's document requests,

28

MGA ENTERTAINMENT, INC.'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S FIFTH SET OF
REQUESTS FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC. - CV 04-9049 SGL (RNBx)
38

Exhibit A, Page 42

1 | including, but not limited to: Request Nos. 229-265 from the Mattel, Inc.'s First Set

2 | of Requests for Documents and Things to Isaac Larian.

3 | REQUEST FOR PRODUCTION NO. 20:

4 |     DOCUMENTS sufficient to show any and all loans from LARIAN or any

5 | business affiliated with LARIAN to MGA, including the date of the loan, the amount

6 | of the loan, the interest rate, if any, whether the loan has been repaid or forgiven in

7 | whole or in part and, if so, when and by whom.

8 | RESPONSE TO REQUEST FOR PRODUCTION NO. 20:

9 |     MGA incorporates by reference its General Response and General Objections

10 | above, as though fully set forth herein and specifically incorporates General

11 | Objection No. 15 (regarding Definitions), including without limitation MGA's

12 | objection to the definition of the terms LARIAN and its incorporated terms FAMILY

13 | MEMBER and PERSON. MGA further objects to the request to the extent it seeks

14 | the production of documents that are protected from disclosure under any applicable

15 | privilege, doctrine or immunity, including without limitation the attorney-client

16 | privilege, the work product doctrine, the right of privacy, and all other privileges

17 | recognized under the constitutional, statutory or decisional law of the United States

18 | of America, the State of California or any other applicable jurisdiction. MGA further

19 | objects to this request on the grounds that it is overly broad and unduly burdensome

20 | in that it seeks documents not relevant to the claims or defenses in this action and not

21 | reasonably calculated to lead to the discovery of admissible evidence. Mattel has not

22 | demonstrated how DOCUMENTS sufficient to show *any and all* loans from

23 | LARIAN or *any* business affiliated with LARIAN to MGA could be relevant to the

24 | claims and defenses in this action. The request is not limited to the subject matter of

25 | this action and is thus impermissibly overbroad. See Aug. 13 Order at 9:17-20; May

26 | 22 Order at 21:5-7. MGA further objects to this request as being overly broad and

27 | unduly burdensome on the grounds that it is not limited in time or geographical

28 |

1 | scope. MGA further objects to this request on the grounds that the terms "business

2 | affiliated with LARIAN" render the request vague, ambiguous, overly broad and

3 | unduly burdensome. MGA further objects to the phrase "sufficient to show any and

4 | all" as vague and ambiguous. MGA further objects to the request to the extent that it

5 | seeks documents that by reason of public filing, public distribution or otherwise are
6 | already in Mattel's possession or are readily accessible to Mattel. MGA further

7 | objects to the request to the extent that it seeks documents not in MGA's possession,

8 | custody or control. MGA further objects to the request to the extent it seeks

9 | confidential, proprietary or commercially sensitive information, the disclosure of

10 | which would be inimical to the business interests of MGA. Such information may

11 | also be subject to protective orders governing other litigations thereby precluding

12 | disclosure in response to this request.

13 |     MGA further objects to this request as cumulative, duplicative, and unduly

14 | burdensome to the extent that it seeks documents previously requested by Mattel or

15 | produced by MGA (or any of its affiliates) in response to Mattel's document requests,

16 | including, but not limited to: Request Nos. 229-265 from the Mattel, Inc.'s First Set

17 | of Requests for Documents and Things to Isaac Larian.

18 | REQUEST FOR PRODUCTION NO. 21:

19 |     DOCUMENTS sufficient to show any and all obligations of LARIAN or any

20 | business affiliated with LARIAN guaranteed or cosigned by MGA, including the

21 | IDENTITY of the PERSON whose obligation was guaranteed or cosigned, the

22 | identity of the creditor or lender, the nature and amount of the obligation, the date the

23 | obligation was guaranteed or cosigned, whether the obligation has been satisfied and,

24 | if so, when and by whom.

25 | RESPONSE TO REQUEST FOR PRODUCTION NO. 21:

26 |     MGA incorporates by reference its General Response and General Objections

27 | above, as though fully set forth herein and specifically incorporates General

28 |

MGA ENTERTAINMENT, INC.'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S FIFTH SET OF
REQUESTS FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC. - CV 04-9049 SGL (RNBx)
40

Exhibit A, Page 44

1  Objection No. 15 (regarding Definitions), including without limitation MGA's

2  objection to the definition of the terms LARIAN and its incorporated terms FAMILY

3  MEMBER and PERSON. MGA further objects to the request to the extent it seeks

4  the production of documents that are protected from disclosure under any applicable

5  privilege, doctrine or immunity, including without limitation the attorney-client
Case 2:04-cv-09049-SGL-RNB   Document 1993-3   Filed 02/07/2008

6  privilege, the work product doctrine, the right of privacy, and all other privileges

7  recognized under the constitutional, statutory or decisional law of the United States

8  of America, the State of California or any other applicable jurisdiction. MGA further

9  objects to this request on the grounds that it is overly broad and unduly burdensome

10  in that it seeks documents not relevant to the claims or defenses in this action and not

11  reasonably calculated to lead to the discovery of admissible evidence. Mattel has not

12  demonstrated how DOCUMENTS sufficient to show *any and all* obligations of

13  LARIAN or *any* business affiliated with LARIAN guaranteed or cosigned by MGA

14  could be relevant to the claims and defenses in this action. The request is not limited

15  to the subject matter of this action and is thus impermissibly overbroad. See Aug. 13

16  Order at 9:17-20; May 22 Order at 21:5-7. MGA further objects to this request as

17  being overly broad and unduly burdensome on the grounds that it is not limited in

18  time or geographical scope. MGA further objects to this request on the grounds that

19  the terms "business affiliated with LARIAN" render the request vague, ambiguous,

20  overly broad and unduly burdensome. MGA further objects to the phrase "sufficient

21  to show any and all" as vague and ambiguous. MGA further objects to the request to

22  the extent that it seeks documents that by reason of public filing, public distribution

23  or otherwise are already in Mattel's possession or are readily accessible to Mattel.

24  MGA further objects to the request to the extent that it seeks documents not in

25  MGA's possession, custody or control. MGA further objects to the request to the

26  extent it seeks confidential, proprietary or commercially sensitive information, the

27  disclosure of which would be inimical to the business interests of MGA. Such

28

1 | information may also be subject to protective orders governing other litigations
2 | thereby precluding disclosure in response to this request. MGA further objects to the
3 | request to the extent it violates the privacy rights of third parties to their private,
4 | confidential, proprietary or trade secret information.
5 |      MGA further objects to this request as cumulative, duplicative, and unduly

6 | burdensome to the extent that it seeks documents previously requested by Mattel or
7 | produced by MGA (or any of its affiliates) in response to Mattel's document requests,
8 | including, but not limited to: Request Nos. 229-265 from the Mattel, Inc.'s First Set
9 | of Requests for Documents and Things to Isaac Larian.
10 | REQUEST FOR PRODUCTION NO. 22:
11 |      DOCUMENTS sufficient to show any and all obligations of MGA guaranteed
12 | or cosigned by LARIAN or any business affiliated with LARIAN, including the
13 | IDENTITY of the PERSON who guaranteed or cosigned the obligation, the identity
14 | of the creditor or lender, the nature and amount of the obligation, the date the
15 | obligation was guaranteed or cosigned, whether the obligation has been satisfied and,
16 | if so, when and by whom.
17 | RESPONSE TO REQUEST FOR PRODUCTION NO. 22:
18 |      MGA incorporates by reference its General Response and General Objections
19 | above, as though fully set forth herein and specifically incorporates General
20 | Objection No. 15 (regarding Definitions), including without limitation MGA's
21 | objection to the definition of the terms LARIAN and its incorporated terms FAMILY
22 | MEMBER and PERSON. MGA further objects to the request to the extent it seeks
23 | the production of documents that are protected from disclosure under any applicable
24 | privilege, doctrine or immunity, including without limitation the attorney-client
25 | privilege, the work product doctrine, the right of privacy, and all other privileges
26 | recognized under the constitutional, statutory or decisional law of the United States
27 | of America, the State of California or any other applicable jurisdiction. MGA further
28 |

1 objects to this request on the grounds that it is overly broad and unduly burdensome

2 in that it seeks documents not relevant to the claims or defenses in this action and not

3 reasonably calculated to lead to the discovery of admissible evidence. Mattel has not

4 demonstrated how DOCUMENTS sufficient to show *any and all* obligations of

5 MGA guaranteed or cosigned by LARIAN or *any* business affiliated with LARIAN

6 could be relevant to the claims and defenses in this action. The request is not limited

7 to the subject matter of this action and is thus impermissibly overbroad. See Aug. 13

8 Order at 9:17-20; May 22 Order at 21:5-7. MGA further objects to this request as

9 being overly broad and unduly burdensome on the grounds that it is not limited in

10 time or geographical scope. MGA further objects to this request on the grounds that

11 the terms "business affiliated with LARIAN" render the request vague, ambiguous,

12 overly broad and unduly burdensome. MGA further objects to the phrase "sufficient

13 to show any and all" as vague and ambiguous. MGA further objects to the request to

14 the extent that it seeks documents that by reason of public filing, public distribution

15 or otherwise are already in Mattel's possession or are readily accessible to Mattel.

16 MGA further objects to the request to the extent that it seeks documents not in

17 MGA's possession, custody or control. MGA further objects to the request to the

18 extent it seeks confidential, proprietary or commercially sensitive information, the

19 disclosure of which would be inimical to the business interests of MGA. Such

20 information may also be subject to protective orders governing other litigations

21 thereby precluding disclosure in response to this request. MGA further objects to the

22 request to the extent it violates the privacy rights of third parties to their private,

23 confidential, proprietary or trade secret information.

24      MGA further objects to this request as cumulative, duplicative, and unduly

25 burdensome to the extent that it seeks documents previously requested by Mattel or

26 produced by MGA (or any of its affiliates) in response to Mattel's document requests,

27

28

1 || including, but not limited to:  Request Nos. 229-265 from the Mattel, Inc.'s First Set

2 || of Requests for Documents and Things to Isaac Larian.

3 || REQUEST FOR PRODUCTION NO. 23:

4 |       DOCUMENTS sufficient to IDENTIFY each and every PERSON who has

5 || owned stock in MGA at any time including, without limitation, DOCUMENTS

Case 2:04-cv-09049-SGL-RNB    Document 1993-3    Filed 02/07/2008      Page 70 o

6 || sufficient to show whether such PERSON is a FAMILY MEMBER of Isaac Larian.

7 || RESPONSE TO REQUEST FOR PRODUCTION NO. 23:

8 |       MGA incorporates by reference its General Response and General Objections

9 || above, as though fully set forth herein and specifically incorporates General

10 || Objection No. 15 (regarding Definitions), including without limitation MGA's

11 || objection to the definition of the terms PERSON, FAMILY MEMBER, and MGA

12 || and its incorporated term AFFILIATES.  MGA further objects to the request to the

13 || extent it seeks the production of documents that are protected from disclosure under

14 || any applicable privilege, doctrine or immunity, including without limitation the

15 || attorney-client privilege, the work product doctrine, the right of privacy, and all other

16 || privileges recognized under the constitutional, statutory or decisional law of the

17 || United States of America, the State of California or any other applicable jurisdiction.

18 || MGA further objects to this request on the grounds that it is overly broad and unduly

19 || burdensome in that it seeks documents not relevant to the claims or defenses in this

20 || action and not reasonably calculated to lead to the discovery of admissible evidence.

21 || Mattel has not demonstrated how DOCUMENTS sufficient to IDENTIFY *each and*

22 || *every* PERSON who has owned stock in MGA at *any* time could be relevant to the

23 || claims and defenses in this action.  The request is not limited to the subject matter of

24 || this action and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May

25 || 22 Order at 21:5-7.  MGA further objects to this request as being overly broad and

26 || unduly burdensome on the grounds that it is not limited in time or geographical

27 || scope.  MGA further objects to the phrases "sufficient to identify each and every . . .

28 ||

MGA ENTERTAINMENT, INC.'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S FIFTH SET OF
REQUESTS FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC. - CV 04-9049 SGL (RNBx)
44

Exhibit A, Page 48

1 | including" and "sufficient to show whether such PERSON is a FAMILY MEMBER
2 | of Isaac Larian" as vague and ambiguous. MGA further objects to the request to the
3 | extent that it seeks documents that by reason of public filing, public distribution or
4 | otherwise are already in Mattel's possession or are readily accessible to Mattel.
5 | MGA further objects to the request to the extent that it seeks documents not in

Case 2:04-cv-09049-SGL-RNB   Document 1993-3   Filed 02/07/2008        Page 71 o'

6 | MGA's possession, custody or control. MGA further objects to the request to the
7 | extent it seeks confidential, proprietary or commercially sensitive information, the
8 | disclosure of which would be inimical to the business interests of MGA. Such
9 | information may also be subject to protective orders governing other litigations
10 | thereby precluding disclosure in response to this request. MGA further objects to the
11 | request to the extent it violates the privacy rights of third parties to their private,
12 | confidential, proprietary or trade secret information.

13 | MGA further objects to this request as cumulative, duplicative, and unduly
14 | burdensome to the extent that it seeks documents previously requested by Mattel or
15 | produced by MGA (or any of its affiliates) in response to Mattel's document requests,
16 | including, but not limited to: Request No. 107 from Mattel, Inc.'s Fourth Set of
17 | Requests for Documents and Things to MGA Entertainment, Inc.

18 | REQUEST FOR PRODUCTION NO. 24:

19 | For each PERSON who has owned stock in MGA, DOCUMENTS sufficient
20 | to show the number of shares of stock owned by such PERSON, the percentage of
21 | shares owned as measured against the total outstanding shares, the dates upon which
22 | the PERSON acquired the shares, the consideration paid or promised for the shares
23 | and the dates on which such consideration was paid or promised.

24 | RESPONSE TO REQUEST FOR PRODUCTION NO. 24:

25 | MGA incorporates by reference its General Response and General Objections
26 | above, as though fully set forth herein and specifically incorporates General
27 | Objection No. 15 (regarding Definitions), including without limitation MGA's
28 |

MGA ENTERTAINMENT, INC.'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S FIFTH SET OF
REQUESTS FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC. - CV 04-9049 SGL (RNBx)
45

Exhibit A, Page 49

1 objection to the definition of the terms PERSON and MGA, and its incorporated
2 term AFFILIATES. MGA further objects to the request to the extent it seeks the
3 production of documents that are protected from disclosure under any applicable
4 privilege, doctrine or immunity, including without limitation the attorney-client
5 privilege, the work product doctrine, the right of privacy, and all other privileges
6 recognized under the constitutional, statutory or decisional law of the United States
7 of America, the State of California or any other applicable jurisdiction. MGA further
8 objects to this request on the grounds that it is overly broad and unduly burdensome
9 in that it seeks documents not relevant to the claims or defenses in this action and not
10 reasonably calculated to lead to the discovery of admissible evidence. Mattel has not
11 demonstrated how, for *each* PERSON who has owned stock in MGA,
12 DOCUMENTS sufficient to show the number of shares, the percentage of shares, the
13 dates acquired, the consideration paid or promised, and the dates on which such
14 consideration was paid or promised could be relevant to the claims and defenses in
15 this action. The request is not limited to the subject matter of this action and is thus
16 impermissibly overbroad. See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.
17 MGA further objects to this request as being overly broad and unduly burdensome
18 on the grounds that it is not limited in time or geographical scope. MGA further
19 objects to the phrase "sufficient to show" as vague and ambiguous. MGA further
20 objects to the request to the extent that it seeks documents that by reason of public
21 filing, public distribution or otherwise are already in Mattel's possession or are
22 readily accessible to Mattel. MGA further objects to the request to the extent that it
23 seeks documents not in MGA's possession, custody or control. MGA further objects
24 to the request to the extent it seeks confidential, proprietary or commercially
25 sensitive information, the disclosure of which would be inimical to the business
26 interests of MGA. Such information may also be subject to protective orders
27 governing other litigations thereby precluding disclosure in response to this request.
28

1 | MGA further objects to the request to the extent it violates the privacy rights of third

2 | parties to their private, confidential, proprietary or trade secret information.

3 |     MGA further objects to this request as cumulative, duplicative, and unduly

4 | burdensome to the extent that it seeks documents previously requested by Mattel or

5 | produced by MGA (or any of its affiliates) in response to Mattel's document requests,

Case 2:04-cv-09049-SGL-RNB   Document 1993-3   Filed 02/07/2008   Page 73 o

6 | including, but not limited to: Request No. 107 from Mattel, Inc.'s Fourth Set of

7 | Requests for Documents and Things to MGA Entertainment, Inc.

8 | REQUEST FOR PRODUCTION NO. 25:

9 |     DOCUMENTS sufficient to show the total outstanding shares of MGA stock

10 | at any time from the incorporation of MGA to the present.

11 | RESPONSE TO REQUEST FOR PRODUCTION NO. 25:

12 |     MGA incorporates by reference its General Response and General Objections

13 | above, as though fully set forth herein and specifically incorporates General

14 | Objection No. 15 (regarding Definitions), including without limitation MGA's

15 | objection to the definition of the terms MGA and its incorporated terms

16 | AFFILIATES and PERSON. MGA further objects to the request to the extent it

17 | seeks the production of documents that are protected from disclosure under any

18 | applicable privilege, doctrine or immunity, including without limitation the attorney-

19 | client privilege, the work product doctrine, the right of privacy, and all other

20 | privileges recognized under the constitutional, statutory or decisional law of the

21 | United States of America, the State of California or any other applicable jurisdiction.

22 | MGA further objects to this request on the grounds that it is overly broad and unduly

23 | burdensome in that it seeks documents not relevant to the claims or defenses in this

24 | action and not reasonably calculated to lead to the discovery of admissible evidence.

25 | Mattel has not demonstrated how DOCUMENTS sufficient to show the total

26 | outstanding shares of MGA stock *at any time* from the incorporation of MGA to the

27 | present could be relevant to the claims and defenses in this action. The request is not

28 |

1 | limited to the subject matter of this action and is thus impermissibly overbroad. <u>See</u>
2 | Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7. MGA further objects to this
3 | request as being overly broad and unduly burdensome on the grounds that it is not
4 | limited in time or geographical scope. MGA further objects to the phrase "sufficient
5 | to show" as vague and ambiguous. MGA further objects to the request to the extent
6 | that it seeks documents that by reason of public filing, public distribution or

Case 2:04-cv-09049-SGL-RNB    Document 1993-3    Filed 02/07/2008        Page 74 o

7 | otherwise are already in Mattel's possession or are readily accessible to Mattel.
8 | MGA further objects to the request to the extent that it seeks documents not in
9 | MGA's possession, custody or control. MGA further objects to the request to the
10 | extent it seeks confidential, proprietary or commercially sensitive information, the
11 | disclosure of which would be inimical to the business interests of MGA. Such
12 | information may also be subject to protective orders governing other litigations
13 | thereby precluding disclosure in response to this request. MGA further objects to the
14 | request to the extent it violates the privacy rights of third parties to their private,
15 | confidential, proprietary or trade secret information.

16 | MGA further objects to this request as cumulative, duplicative, and unduly
17 | burdensome to the extent that it seeks documents previously requested by Mattel or
18 | produced by MGA (or any of its affiliates) in response to Mattel's document requests,
19 | including, but not limited to: Request No. 107 from Mattel, Inc.'s Fourth Set of
20 | Requests for Documents and Things to MGA Entertainment, Inc.

21 | <u>REQUEST FOR PRODUCTION NO. 26</u>:

22 | All DOCUMENTS that REFER OR RELATE TO the issuance of MGA stock
23 | certificates any time since the incorporation of MGA to the present, including
24 | without limitation to whom they were issued and the dates of issuance.

25 | <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 26</u>:

26 | MGA incorporates by reference its General Response and General Objections
27 | above, as though fully set forth herein and specifically incorporates General

28 |

MGA ENTERTAINMENT, INC.'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S FIFTH SET OF
REQUESTS FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC. - CV 04-9049 SGL (RNBx)
48

Exhibit A, Page 52

1 | Objection No. 15 (regarding Definitions), including without limitation MGA's
2 | objection to the definition of the terms MGA and its incorporated terms
3 | AFFILIATES and PERSON. MGA further objects to the request to the extent it
4 | seeks the production of documents that are protected from disclosure under any
5 | applicable privilege, doctrine or immunity, including without limitation the attorney-
6 | client privilege, the work product doctrine, the right of privacy, and all other
7 | privileges recognized under the constitutional, statutory or decisional law of the
8 | United States of America, the State of California or any other applicable jurisdiction.
9 | MGA further objects to this request on the grounds that it is overly broad and unduly
10 | burdensome in that it seeks documents not relevant to the claims or defenses in this
11 | action and not reasonably calculated to lead to the discovery of admissible evidence.
12 | Mattel has not demonstrated how *all* DOCUMENTS that REFER OR RELATE TO
13 | the issuance of MGA stock certificates *any time* since the incorporation of MGA to
14 | the present could be relevant to the claims and defenses in this action. The request is
15 | not limited to the subject matter of this action and is thus impermissibly overbroad.
16 | See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7. MGA further objects to this
17 | request as being overly broad and unduly burdensome on the grounds that it is not
18 | limited in time or geographical scope. MGA further objects to the request to the
19 | extent that it seeks documents that by reason of public filing, public distribution or
20 | otherwise are already in Mattel's possession or are readily accessible to Mattel.
21 | MGA further objects to the request to the extent that it seeks documents not in
22 | MGA's possession, custody or control. MGA further objects to the request to the
23 | extent it seeks confidential, proprietary or commercially sensitive information, the
24 | disclosure of which would be inimical to the business interests of MGA. Such
25 | information may also be subject to protective orders governing other litigations
26 | thereby precluding disclosure in response to this request. MGA further objects to the
27 |
28 |

1  request to the extent it violates the privacy rights of third parties to their private,

2  confidential, proprietary or trade secret information.

3       MGA further objects to this request as cumulative, duplicative, and unduly

4  burdensome to the extent that it seeks documents previously requested by Mattel or

5  produced by MGA (or any of its affiliates) in response to Mattel's document requests,
     Case 2:04-cv-09049-SGL-RNB    Document 1993-3   Filed 02/07/2008     Page 76 o

6  including, but not limited to: Request No. 107 from Mattel, Inc.'s Fourth Set of

7  Requests for Documents and Things to MGA Entertainment, Inc.

8  REQUEST FOR PRODUCTION NO. 27:

9       All DOCUMENTS, including without limitation all COMMUNICATIONS,

10  that REFER OR RELATE TO the purchase, sale, transfer, alienation, pledge,

11  hypothecation or alienation of MGA stock or any ownership interest in MGA.

12  RESPONSE TO REQUEST FOR PRODUCTION NO. 27:

13       MGA incorporates by reference its General Response and General Objections

14  above, as though fully set forth herein and specifically incorporates General

15  Objection No. 15 (regarding Definitions), including without limitation MGA's

16  objection to the definition of the terms MGA and its incorporated terms

17  AFFILIATES and PERSON. MGA further objects to the request to the extent it

18  seeks the production of documents that are protected from disclosure under any

19  applicable privilege, doctrine or immunity, including without limitation the attorney-

20  client privilege, the work product doctrine, the right of privacy, and all other

21  privileges recognized under the constitutional, statutory or decisional law of the

22  United States of America, the State of California or any other applicable jurisdiction.

23  MGA further objects to this request on the grounds that it is overly broad and unduly

24  burdensome in that it seeks documents not relevant to the claims or defenses in this

25  action and not reasonably calculated to lead to the discovery of admissible evidence.

26  Mattel has not demonstrated how *all* DOCUMENTS, including without limitation *all*

27  COMMUNICATIONS, that REFER OR RELATE TO the purchase, sale, transfer,

28

1 | alienation, pledge, hypothecation or alienation of MGA stock or any ownership
2 | interest in MGA could be relevant to the claims and defenses in this action. The
3 | request is not limited to the subject matter of this action and is thus impermissibly
4 | overbroad. See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7. MGA further
5 | objects to this request as being overly broad and unduly burdensome on the grounds
6 | that it is not limited in time or geographical scope. MGA further objects to the
7 | phrase "REFER or RELATE TO the . . . alienation . . . or alienation of MGA stock"
8 | as vague and ambiguous. MGA further objects to the request to the extent that it
9 | seeks documents that by reason of public filing, public distribution or otherwise are
10 | already in Mattel's possession or are readily accessible to Mattel. MGA further
11 | objects to the request to the extent that it seeks documents not in MGA's possession,
12 | custody or control. MGA further objects to the request to the extent it seeks
13 | confidential, proprietary or commercially sensitive information, the disclosure of
14 | which would be inimical to the business interests of MGA. Such information may
15 | also be subject to protective orders governing other litigations thereby precluding
16 | disclosure in response to this request. MGA further objects to the request to the
17 | extent it violates the privacy rights of third parties to their private, confidential,
18 | proprietary or trade secret information.

19 | MGA further objects to this request as cumulative, duplicative, and unduly
20 | burdensome to the extent that it seeks documents previously requested by Mattel or
21 | produced by MGA (or any of its affiliates) in response to Mattel's document requests,
22 | including, but not limited to: Request No. 107 from Mattel, Inc.'s Fourth Set of
23 | Requests for Documents and Things to MGA Entertainment, Inc.
24 | REQUEST FOR PRODUCTION NO. 28:

25 | All DOCUMENTS, including without limitation all COMMUNICATIONS,
26 | that REFER OR RELATE TO any instance in which any shareholder, stockholder or
27 | other owner of any interest in MGA lost, misplaced or was unable to locate original
28 |

1 MGA stock certificates or in which any shareholder, stockholder or other owner of

2 any interest in MGA requested that any PERSON attest to or assert such loss,

3 misplacement or inability to locate, including without limitation the emails between

4 Isaac Larian and Jahangir Makabi requesting that Makabi sign an affidavit that he

5 lost his original stock certificates despite Makabi's protestation that he never had any

6 such certificates.

7 RESPONSE TO REQUEST FOR PRODUCTION NO. 28:

8      MGA incorporates by reference its General Response and General Objections

9 above, as though fully set forth herein and specifically incorporates General

10 Objection No. 15 (regarding Definitions), including without limitation MGA's

11 objection to the definition of the terms PERSON and MGA and its incorporated term

12 AFFILIATES. MGA further objects to the request to the extent it seeks the

13 production of documents that are protected from disclosure under any applicable

14 privilege, doctrine or immunity, including without limitation the attorney-client

15 privilege, the work product doctrine, the right of privacy, and all other privileges

16 recognized under the constitutional, statutory or decisional law of the United States

17 of America, the State of California or any other applicable jurisdiction. MGA further

18 objects to this request on the grounds that it is overly broad and unduly burdensome

19 in that it seeks documents not relevant to the claims or defenses in this action and not

20 reasonably calculated to lead to the discovery of admissible evidence. Mattel has not

21 demonstrated how *all* DOCUMENTS, including without limitation *all*

22 COMMUNICATIONS, that REFER OR RELATE TO any instance in which *any*

23 shareholder, stockholder or other owner of *any* interest in MGA lost, misplaced or

24 was unable to locate original MGA stock certificates or in which any shareholder,

25 stockholder or other owner of *any* interest in MGA requested that any PERSON

26 attest to or assert such loss, misplacement or inability to locate could be relevant to

27 the claims and defenses in this action. The request is not limited to the subject

28

1 | matter of this action and is thus impermissibly overbroad. <u>See</u> Aug. 13 Order at
2 | 9:17-20; May 22 Order at 21:5-7. MGA further objects to this request as being
3 | overly broad and unduly burdensome on the grounds that it is not limited in time or
4 | geographical scope. MGA further objects to the phrase "attest to or assert such loss"
5 | as vague and ambiguous. MGA further objects to the request to the extent that it

6 | seeks documents that by reason of public filing, public distribution or otherwise are
7 | already in Mattel's possession or are readily accessible to Mattel. MGA further
8 | objects to the request to the extent that it seeks documents not in MGA's possession,
9 | custody or control. MGA further objects to the request to the extent it seeks
10 | confidential, proprietary or commercially sensitive information, the disclosure of
11 | which would be inimical to the business interests of MGA. Such information may
12 | also be subject to protective orders governing other litigations thereby precluding
13 | disclosure in response to this request. MGA further objects to the request to the
14 | extent it violates the privacy rights of third parties to their private, confidential,
15 | proprietary or trade secret information.

16 |     MGA further objects to this request as cumulative, duplicative, and unduly
17 | burdensome to the extent that it seeks documents previously requested by Mattel or
18 | produced by MGA (or any of its affiliates) in response to Mattel's document requests,
19 | including, but not limited to: Request No. 107 from Mattel, Inc.'s Fourth Set of
20 | Requests for Documents and Things to MGA Entertainment, Inc.

21 | <u>REQUEST FOR PRODUCTION NO. 29:</u>

22 |     All DOCUMENTS that REFER OR RELATE TO how MGA was capitalized
23 | upon its incorporation including, without limitation, the IDENTITY of each
24 | PERSON who purchased or subscribed to stock in MGA, the number of shares
25 | purchased or subscribed by each such PERSON, the amount paid or promised for the
26 | shares purchased or subscribed by each such PERSON and the dates such amounts
27 | were paid or promised.

28 |

1  RESPONSE TO REQUEST FOR PRODUCTION NO. 29:

2      MGA incorporates by reference its General Response and General Objections
3  above, as though fully set forth herein and specifically incorporates General
4  Objection No. 15 (regarding Definitions), including without limitation MGA's
5  objection to the definition of the terms PERSON and MGA and its incorporated term
   Case 2:04-cv-09049-SGL-RNB    Document 1993-3    Filed 02/07/2008     Page 80 o
6  AFFILIATES. MGA further objects to the request to the extent it seeks the
7  production of documents that are protected from disclosure under any applicable
8  privilege, doctrine or immunity, including without limitation the attorney-client
9  privilege, the work product doctrine, the right of privacy, and all other privileges
10 recognized under the constitutional, statutory or decisional law of the United States
11 of America, the State of California or any other applicable jurisdiction. MGA further
12 objects to this request on the grounds that it is overly broad and unduly burdensome
13 in that it seeks documents not relevant to the claims or defenses in this action and not
14 reasonably calculated to lead to the discovery of admissible evidence. Mattel has not
15 demonstrated how *all* DOCUMENTS that REFER OR RELATE TO how MGA was
16 capitalized upon its incorporation including, without limitation, the IDENTITY of
17 *each* PERSON who purchased or subscribed to stock in MGA, the number of shares
18 purchased or subscribed by *each* such PERSON, the amount paid or promised for the
19 shares purchased or subscribed by *each* such PERSON and the dates such amounts
20 were paid or promised could be relevant to the claims and defenses in this action.
21 The request is not limited to the subject matter of this action and is thus
22 impermissibly overbroad. See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.
23 MGA further objects to this request as being overly broad and unduly burdensome
24 on the grounds that it is not limited in time or geographical scope. MGA further
25 objects to the request to the extent that it seeks documents that by reason of public
26 filing, public distribution or otherwise are already in Mattel's possession or are
27 readily accessible to Mattel. MGA further objects to the request to the extent that it
28

MGA ENTERTAINMENT, INC.'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S FIFTH SET OF
REQUESTS FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC. - CV 04-9049 SGL (RNBx)
54

Exhibit A, Page 58

1   seeks documents not in MGA's possession, custody or control.  MGA further objects

2   to the request to the extent it seeks confidential, proprietary or commercially

3   sensitive information, the disclosure of which would be inimical to the business

4   interests of MGA.  Such information may also be subject to protective orders

5   governing other litigations thereby precluding disclosure in response to this request.

Case 2:04-cv-09049-SGL-RNB    Document 1993-3    Filed 02/07/2008        Page 81 o

6   MGA further objects to the request to the extent it violates the privacy rights of third

7   parties to their private, confidential, proprietary or trade secret information.

8        MGA further objects to this request as cumulative, duplicative, and unduly

9   burdensome to the extent that it seeks documents previously requested by Mattel or

10  produced by MGA (or any of its affiliates) in response to Mattel's document requests,

11  including, but not limited to:  Request No. 107 from Mattel, Inc.'s Fourth Set of

12  Requests for Documents and Things to MGA Entertainment, Inc.

13  REQUEST FOR PRODUCTION NO. 30:

14       DOCUMENTS sufficient to show how MGA has been capitalized from the

15  date of its incorporation to the present.

16  RESPONSE TO REQUEST FOR PRODUCTION NO. 30:

17       MGA incorporates by reference its General Response and General Objections

18  above, as though fully set forth herein and specifically incorporates General

19  Objection No. 15 (regarding Definitions), including without limitation MGA's

20  objection to the definition of the terms MGA and its incorporated terms

21  AFFILIATES and PERSON.  MGA further objects to the request to the extent it

22  seeks the production of documents that are protected from disclosure under any

23  applicable privilege, doctrine or immunity, including without limitation the attorney-

24  client privilege, the work product doctrine, the right of privacy, and all other

25  privileges recognized under the constitutional, statutory or decisional law of the

26  United States of America, the State of California or any other applicable jurisdiction.

27  MGA further objects to this request on the grounds that it is overly broad and unduly

28

 1  burdensome in that it seeks documents not relevant to the claims or defenses in this
 2  action and not reasonably calculated to lead to the discovery of admissible evidence.
 3  Mattel has not demonstrated how DOCUMENTS sufficient to show how MGA has
 4  been capitalized from the date of its incorporation to the present could be relevant to
 5  the claims and defenses in this action.  The request is not limited to the subject
Case 2:04-cv-09049-SGL-RNB    Document 1993-3    Filed 02/07/2008    Page 82 o
 6  matter of this action and is thus impermissibly overbroad.  See Aug. 13 Order at
 7  9:17-20; May 22 Order at 21:5-7.  MGA further objects to this request as being
 8  overly broad and unduly burdensome on the grounds that it is not limited in
 9  geographical scope.  MGA further objects to the request to the extent that it seeks
10  documents that by reason of public filing, public distribution or otherwise are already
11  in Mattel's possession or are readily accessible to Mattel.  MGA further objects to the
12  request to the extent that it seeks documents not in MGA's possession, custody or
13  control.  MGA further objects to the request to the extent it seeks confidential,
14  proprietary or commercially sensitive information, the disclosure of which would be
15  inimical to the business interests of MGA.  Such information may also be subject to
16  protective orders governing other litigations thereby precluding disclosure in
17  response to this request.  MGA further objects to the request to the extent it violates
18  the privacy rights of third parties to their private, confidential, proprietary or trade
19  secret information.

20      MGA further objects to this request as cumulative, duplicative, and unduly
21  burdensome to the extent that it seeks documents previously requested by Mattel or
22  produced by MGA (or any of its affiliates) in response to Mattel's document requests,
23  including, but not limited to:  Request No. 107 from Mattel, Inc.'s Fourth Set of
24  Requests for Documents and Things to MGA Entertainment, Inc.

25
26
27
28

REQUEST FOR PRODUCTION NO. 31:

DOCUMENTS sufficient to show any and all payments of dividends to any shareholder of MGA, including to whom the dividends were paid, the amounts paid and the dates of payment.

RESPONSE TO REQUEST FOR PRODUCTION NO. 31:

Case 2:04-cv-09049-SGL-RNB    Document 1993-3    Filed 02/07/2008    Page 83 o

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation MGA's objection to the definition of the terms MGA and its incorporated terms AFFILIATES and PERSON. MGA further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction. MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks documents not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence. Mattel has not demonstrated how DOCUMENTS sufficient to show *any and all* payments of dividends to *any* shareholder of MGA could be relevant to the claims and defenses in this action. The request is not limited to the subject matter of this action and is thus impermissibly overbroad. See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7. MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time or geographical scope. MGA further objects to the phrase "sufficient to show any and all payments . . . including . . . ." as vague and ambiguous. MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public

1 | distribution or otherwise are already in Mattel's possession or are readily accessible
2 | to Mattel. MGA further objects to the request to the extent that it seeks documents
3 | not in MGA's possession, custody or control. MGA further objects to the request to
4 | the extent it seeks confidential, proprietary or commercially sensitive information,
5 | the disclosure of which would be inimical to the business interests of MGA. Such

6 | information may also be subject to protective orders governing other litigations
7 | thereby precluding disclosure in response to this request. MGA further objects to the
8 | request to the extent it violates the privacy rights of third parties to their private,
9 | confidential, proprietary or trade secret information.
10 | MGA further objects to this request as cumulative, duplicative, and unduly
11 | burdensome to the extent that it seeks documents previously requested by Mattel or
12 | produced by MGA (or any of its affiliates) in response to Mattel's document requests.
13 | REQUEST FOR PRODUCTION NO. 32:
14 | DOCUMENTS sufficient to show any and all distributions to any shareholders
15 | of MGA, including to whom the distributions were made, the amounts of the
16 | distributions and the dates the distributions were made.
17 | RESPONSE TO REQUEST FOR PRODUCTION NO. 32:
18 | MGA incorporates by reference its General Response and General Objections
19 | above, as though fully set forth herein and specifically incorporates General
20 | Objection No. 15 (regarding Definitions), including without limitation MGA's
21 | objection to the definition of the terms MGA and its incorporated terms
22 | AFFILIATES and PERSON. MGA further objects to the request to the extent it
23 | seeks the production of documents that are protected from disclosure under any
24 | applicable privilege, doctrine or immunity, including without limitation the attorney-
25 | client privilege, the work product doctrine, the right of privacy, and all other
26 | privileges recognized under the constitutional, statutory or decisional law of the
27 | United States of America, the State of California or any other applicable jurisdiction.
28 |

1  MGA further objects to this request on the grounds that it is overly broad and unduly

2  burdensome in that it seeks documents not relevant to the claims or defenses in this

3  action and not reasonably calculated to lead to the discovery of admissible evidence.

4  Mattel has not demonstrated how DOCUMENTS sufficient to show *any and all*

5  distributions to *any* shareholders of MGA could be relevant to the claims and

Case 2:04-cv-09049-SGL-RNB   Document 1993-3   Filed 02/07/2008   Page 85 o

6  defenses in this action. The request is not limited to the subject matter of this action

7  and is thus impermissibly overbroad. See Aug. 13 Order at 9:17-20; May 22 Order

8  at 21:5-7. MGA further objects to this request as being overly broad and unduly

9  burdensome on the grounds that it is not limited in time or geographical scope.

10  MGA further objects to the phrases "sufficient to show any and all distributions . . .

11  including . . . ." as vague and ambiguous. MGA further objects to the request to the

12  extent that it seeks documents that by reason of public filing, public distribution or

13  otherwise are already in Mattel's possession or are readily accessible to Mattel.

14  MGA further objects to the request to the extent that it seeks documents not in

15  MGA's possession, custody or control. MGA further objects to the request to the

16  extent it seeks confidential, proprietary or commercially sensitive information, the

17  disclosure of which would be inimical to the business interests of MGA.  Such

18  information may also be subject to protective orders governing other litigations

19  thereby precluding disclosure in response to this request. MGA further objects to the

20  request to the extent it violates the privacy rights of third parties to their private,

21  confidential, proprietary or trade secret information.

22      MGA further objects to this request as cumulative, duplicative, and unduly

23  burdensome to the extent that it seeks documents previously requested by Mattel or

24  produced by MGA (or any of its affiliates) in response to Mattel's document requests.

25

26

27

28

1 | REQUEST FOR PRODUCTION NO. 33:

2     DOCUMENTS sufficient to IDENTIFY each PERSON who has served as an

3 officer or director of MGA including, without limitation, the offices or positions held

4 by each such PERSON and the dates such offices or positions were held.

5 RESPONSE TO REQUEST FOR PRODUCTION NO. 33:

6     MGA incorporates by reference its General Response and General Objections

7 above, as though fully set forth herein and specifically incorporates General

8 Objection No. 15 (regarding Definitions), including without limitation MGA's

9 objection to the definition of the terms PERSON and MGA and its incorporated term

10 AFFILIATES. MGA further objects to the request to the extent it seeks the

11 production of documents that are protected from disclosure under any applicable

12 privilege, doctrine or immunity, including without limitation the attorney-client

13 privilege, the work product doctrine, the right of privacy, and all other privileges

14 recognized under the constitutional, statutory or decisional law of the United States

15 of America, the State of California or any other applicable jurisdiction. MGA further

16 objects to this request on the grounds that it is overly broad and unduly burdensome

17 in that it seeks documents not relevant to the claims or defenses in this action and not

18 reasonably calculated to lead to the discovery of admissible evidence. Mattel has not

19 demonstrated how DOCUMENTS sufficient to IDENTIFY *each* PERSON who has

20 served as an officer or director of MGA could be relevant to the claims and defenses

21 in this action. The request is not limited to the subject matter of this action and is

22 thus impermissibly overbroad. See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-

23 7. MGA further objects to this request as being overly broad and unduly

24 burdensome on the grounds that it is not limited in time or geographical scope.

25 MGA further objects to the phrase "sufficient to IDENTIFY . . . including . . ." as

26 vague and ambiguous. MGA further objects to the request to the extent that it seeks

27 documents that by reason of public filing, public distribution or otherwise are already

28

1 | in Mattel's possession or are readily accessible to Mattel. MGA further objects to the
2 | request to the extent that it seeks documents not in MGA's possession, custody or
3 | control. MGA further objects to the request to the extent it seeks confidential,
4 | proprietary or commercially sensitive information, the disclosure of which would be
5 | inimical to the business interests of MGA. MGA further objects to the request to the

6 | extent it violates the privacy rights of third parties to their private, confidential,
7 | proprietary or trade secret information.
8 |      MGA further objects to this request as cumulative, duplicative, and unduly
9 | burdensome to the extent that it seeks documents previously requested by Mattel or
10 | produced by MGA (or any of its affiliates) in response to Mattel's document requests.
11 | REQUEST FOR PRODUCTION NO. 34:
12 |      DOCUMENTS sufficient to show any and all salary, benefits or any other
13 | compensation paid to any officer, director or shareholder of MGA, including to
14 | whom the payments were made, the amounts paid and the dates of payment.
15 | RESPONSE TO REQUEST FOR PRODUCTION NO. 34:
16 |      MGA incorporates by reference its General Response and General Objections
17 | above, as though fully set forth herein and specifically incorporates General
18 | Objection No. 15 (regarding Definitions), including without limitation MGA's
19 | objection to the definition of the terms MGA and its incorporated terms
20 | AFFILIATES and PERSON. MGA further objects to the request to the extent it
21 | seeks the production of documents that are protected from disclosure under any
22 | applicable privilege, doctrine or immunity, including without limitation the attorney-
23 | client privilege, the work product doctrine, the right of privacy, and all other
24 | privileges recognized under the constitutional, statutory or decisional law of the
25 | United States of America, the State of California or any other applicable jurisdiction.
26 | MGA further objects to this request on the grounds that it is overly broad and unduly
27 | burdensome in that it seeks documents not relevant to the claims or defenses in this
28 |

1  action and not reasonably calculated to lead to the discovery of admissible evidence.

2  Mattel has not demonstrated how DOCUMENTS sufficient to show *any and all*

3  salary, benefits or *any* other compensation paid to *any* officer, director or shareholder

4  of MGA could be relevant to the claims and defenses in this action. The request is

5  not limited to the subject matter of this action and is thus impermissibly overbroad.

6  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7. MGA further objects to this

7  request as being overly broad and unduly burdensome on the grounds that it is not

8  limited in time or geographical scope. MGA further objects to the phrase "sufficient

9  to show any and all . . . including . . ." as vague and ambiguous. MGA further

10  objects to the request to the extent that it seeks documents that by reason of public

11  filing, public distribution or otherwise are already in Mattel's possession or are

12  readily accessible to Mattel. MGA further objects to the request to the extent that it

13  seeks documents not in MGA's possession, custody or control. MGA further objects

14  to the request to the extent it seeks confidential, proprietary or commercially

15  sensitive information, the disclosure of which would be inimical to the business

16  interests of MGA. Such information may also be subject to protective orders

17  governing other litigations thereby precluding disclosure in response to this request.

18  MGA further objects to the request to the extent it violates the privacy rights of third

19  parties to their private, confidential, proprietary or trade secret information.

20  MGA further objects to this request as cumulative, duplicative, and unduly

21  burdensome to the extent that it seeks documents previously requested by Mattel or

22  produced by MGA (or any of its affiliates) in response to Mattel's document requests.

23  REQUEST FOR PRODUCTION NO. 35:

24  DOCUMENTS sufficient to show any and all payments or transfers of

25  anything of value to any officer, director or shareholder of MGA, including to whom

26  the payments or transfers were made, the amounts of the payments or the value of

27  the item transferred and the dates of the payments or transfers.

28

MGA ENTERTAINMENT, INC.'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S FIFTH SET OF
REQUESTS FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC. - CV 04-9049 SGL (RNBx)
62

Exhibit A, Page 66

1 | <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 35:</u>

2 |     MGA incorporates by reference its General Response and General Objections

3 | above, as though fully set forth herein and specifically incorporates General

4 | Objection No. 15 (regarding Definitions), including without limitation MGA's

5 | objection to the definition of the terms MGA and its incorporated terms

6 | AFFILIATES and PERSON. MGA further objects to the request to the extent it

7 | seeks the production of documents that are protected from disclosure under any

8 | applicable privilege, doctrine or immunity, including without limitation the attorney-

9 | client privilege, the work product doctrine, the right of privacy, and all other

10 | privileges recognized under the constitutional, statutory or decisional law of the

11 | United States of America, the State of California or any other applicable jurisdiction.

12 | MGA further objects to this request on the grounds that it is overly broad and unduly

13 | burdensome in that it seeks documents not relevant to the claims or defenses in this

14 | action and not reasonably calculated to lead to the discovery of admissible evidence.

15 | Mattel has not demonstrated how DOCUMENTS sufficient to show *any and all*

16 | payments or transfers of *anything* of value to any officer, director or shareholder of

17 | MGA could be relevant to the claims and defenses in this action. The request is not

18 | limited to the subject matter of this action and is thus impermissibly overbroad. <u>See</u>

19 | Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7. MGA further objects to this

20 | request as being overly broad and unduly burdensome on the grounds that it is not

21 | limited in time or geographical scope. MGA further objects to the phrase "sufficient

22 | to show any and all . . . including . . ." as vague and ambiguous. MGA further

23 | objects to the request to the extent that it seeks documents that by reason of public

24 | filing, public distribution or otherwise are already in Mattel's possession or are

25 | readily accessible to Mattel. MGA further objects to the request to the extent that it

26 | seeks documents not in MGA's possession, custody or control. MGA further objects

27 | to the request to the extent it seeks confidential, proprietary or commercially

28 |

1 | sensitive information, the disclosure of which would be inimical to the business

2 | interests of MGA. Such information may also be subject to protective orders

3 | governing other litigations thereby precluding disclosure in response to this request.

4 | MGA further objects to the request to the extent it violates the privacy rights of third

5 | parties to their private, confidential, proprietary or trade secret information.

6 | MGA further objects to this request as cumulative, duplicative, and unduly

7 | burdensome to the extent that it seeks documents previously requested by Mattel or

8 | produced by MGA (or any of its affiliates) in response to Mattel's document requests.

9 | REQUEST FOR PRODUCTION NO. 36:

10 | DOCUMENTS sufficient to show any and all salary, benefits or any other

11 | compensation paid to any officer, director or shareholder of MGA, including to

12 | whom the payments were made, the amounts paid and the dates of payment.

13 | RESPONSE TO REQUEST FOR PRODUCTION NO. 36:

14 | MGA incorporates by reference its General Response and General Objections

15 | above, as though fully set forth herein and specifically incorporates General

16 | Objection No. 15 (regarding Definitions), including without limitation MGA's

17 | objection to the definition of the terms MGA and its incorporated terms

18 | AFFILIATES and PERSON. MGA further objects to the request to the extent it

19 | seeks the production of documents that are protected from disclosure under any

20 | applicable privilege, doctrine or immunity, including without limitation the attorney-

21 | client privilege, the work product doctrine, the right of privacy, and all other

22 | privileges recognized under the constitutional, statutory or decisional law of the

23 | United States of America, the State of California or any other applicable jurisdiction.

24 | MGA further objects to this request on the grounds that it is overly broad and unduly

25 | burdensome in that it seeks documents not relevant to the claims or defenses in this

26 | action and not reasonably calculated to lead to the discovery of admissible evidence.

27 | Mattel has not demonstrated how DOCUMENTS sufficient to show *any and all*

28 |

MGA ENTERTAINMENT, INC.'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S FIFTH SET OF
REQUESTS FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC. - CV 04-9049 SGL (RNBx)
64

Exhibit A, Page 68

1 | salary, benefits or *any* other compensation paid to *any* officer, director or shareholder
2 | of MGA could be relevant to the claims and defenses in this action. The request is
3 | not limited to the subject matter of this action and is thus impermissibly overbroad.
4 | See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7. MGA further objects to this
5 | request as being overly broad and unduly burdensome on the grounds that it is not
6 | limited in time or geographical scope. MGA further objects to the phrase "sufficient
7 | to show any and all . . . including . . ." as vague and ambiguous. MGA further
8 | objects to the request to the extent that it seeks documents that by reason of public
9 | filing, public distribution or otherwise are already in Mattel's possession or are
10 | readily accessible to Mattel. MGA further objects to the request to the extent that it
11 | seeks documents not in MGA's possession, custody or control. Such information
12 | may also be subject to protective orders governing other litigations thereby
13 | precluding disclosure in response to this request. MGA further objects to the request
14 | to the extent it seeks confidential, proprietary or commercially sensitive information,
15 | the disclosure of which would be inimical to the business interests of MGA. MGA
16 | further objects to the request to the extent it violates the privacy rights of third parties
17 | to their private, confidential, proprietary or trade secret information.

18 | MGA further objects to this request as cumulative, duplicative, and unduly
19 | burdensome to the extent that it seeks documents previously requested by Mattel or
20 | produced by MGA (or any of its affiliates) in response to Mattel's document requests.
21 | REQUEST FOR PRODUCTION NO. 37:

22 | DOCUMENTS sufficient to show any and all payments or transfers of
23 | anything of value to any officer, director or shareholder of MGA, including to whom
24 | the payments or transfers were made, the amounts of the payments or the value of
25 | the item transferred and the dates of the payments or transfers.

1 | RESPONSE TO REQUEST FOR PRODUCTION NO. 37:

2 |       MGA incorporates by reference its General Response and General Objections

3 | above, as though fully set forth herein and specifically incorporates General

4 | Objection No. 15 (regarding Definitions), including without limitation MGA's

5 | objection to the definition of the terms MGA and its incorporated terms

6 | AFFILIATES and PERSON. MGA further objects to the request to the extent it

7 | seeks the production of documents that are protected from disclosure under any

8 | applicable privilege, doctrine or immunity, including without limitation the attorney-

9 | client privilege, the work product doctrine, the right of privacy, and all other

10 | privileges recognized under the constitutional, statutory or decisional law of the

11 | United States of America, the State of California or any other applicable jurisdiction.

12 | MGA further objects to this request on the grounds that it is overly broad and unduly

13 | burdensome in that it seeks documents not relevant to the claims or defenses in this

14 | action and not reasonably calculated to lead to the discovery of admissible evidence.

15 | Mattel has not demonstrated how DOCUMENTS sufficient to show *any and all*

16 | payments or transfers of *anything* of value to *any* officer, director or shareholder of

17 | MGA could be relevant to the claims and defenses in this action. The request is not

18 | limited to the subject matter of this action and is thus impermissibly overbroad. See

19 | Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7. MGA further objects to this

20 | request as being overly broad and unduly burdensome on the grounds that it is not

21 | limited in time or geographical scope. MGA further objects to the phrase "sufficient

22 | to show any and all . . . including . . ." as vague and ambiguous. MGA further

23 | objects to the request to the extent that it seeks documents that by reason of public

24 | filing, public distribution or otherwise are already in Mattel's possession or are

25 | readily accessible to Mattel. MGA further objects to the request to the extent that it

26 | seeks documents not in MGA's possession, custody or control. Such information

27 | may also be subject to protective orders governing other litigations thereby

28 |

1  precluding disclosure in response to this request. MGA further objects to the request
2  to the extent it seeks confidential, proprietary or commercially sensitive information,
3  the disclosure of which would be inimical to the business interests of MGA. MGA
4  further objects to the request to the extent it violates the privacy rights of third parties
5  to their private, confidential, proprietary or trade secret information.

Case 2:04-cv-09049-SGL-RNB   Document 1993-3   Filed 02/07/2008   Page 93 o

6  MGA further objects to this request as cumulative, duplicative, and unduly
7  burdensome to the extent that it seeks documents previously requested by Mattel or
8  produced by MGA (or any of its affiliates) in response to Mattel's document requests.
9  REQUEST FOR PRODUCTION NO. 38:
10  DOCUMENTS sufficient to show any and all salary, benefits or any other
11  compensation paid to any FAMILY MEMBER of any officer, director or
12  shareholder of MGA, including to whom the payments were made, the amounts paid
13  and the dates of payment.
14  RESPONSE TO REQUEST FOR PRODUCTION NO. 38:
15  MGA incorporates by reference its General Response and General Objections
16  above, as though fully set forth herein and specifically incorporates General
17  Objection No. 15 (regarding Definitions), including without limitation MGA's
18  objection to the definition of the terms FAMILY MEMBER and MGA and its
19  incorporated terms AFFILIATES and PERSON. MGA further objects to the request
20  to the extent it seeks the production of documents that are protected from disclosure
21  under any applicable privilege, doctrine or immunity, including without limitation
22  the attorney-client privilege, the work product doctrine, the right of privacy, and all
23  other privileges recognized under the constitutional, statutory or decisional law of
24  the United States of America, the State of California or any other applicable
25  jurisdiction. MGA further objects to this request on the grounds that it is overly
26  broad and unduly burdensome in that it seeks documents not relevant to the claims or
27  defenses in this action and not reasonably calculated to lead to the discovery of
28

1 | admissible evidence. Mattel has not demonstrated how DOCUMENTS sufficient to
2 | show *any and all* salary, benefits or *any* other compensation paid to *any* FAMILY
3 | MEMBER of *any* officer, director or shareholder of MGA could be relevant to the
4 | claims and defenses in this action. The request is not limited to the subject matter of
5 | this action and is thus impermissibly overbroad. See Aug. 13 Order at 9:17-20; May
6 | 22 Order at 21:5-7. MGA further objects to this request as being overly broad and
7 | unduly burdensome on the grounds that it is not limited in time or geographical
8 | scope. MGA further objects to the phrase "sufficient to show any and all . . .
9 | including . . ." as vague and ambiguous. MGA further objects to the request to the
10 | extent that it seeks documents that by reason of public filing, public distribution or
11 | otherwise are already in Mattel's possession or are readily accessible to Mattel.
12 | MGA further objects to the request to the extent that it seeks documents not in
13 | MGA's possession, custody or control. MGA further objects to the request to the
14 | extent it seeks confidential, proprietary or commercially sensitive information, the
15 | disclosure of which would be inimical to the business interests of MGA. Such
16 | information may also be subject to protective orders governing other litigations
17 | thereby precluding disclosure in response to this request. MGA further objects to the
18 | request to the extent it violates the privacy rights of third parties to their private,
19 | confidential, proprietary or trade secret information.
20 |       MGA further objects to this request as cumulative, duplicative, and unduly
21 | burdensome to the extent that it seeks documents previously requested by Mattel or
22 | produced by MGA (or any of its affiliates) in response to Mattel's document requests.
23 | REQUEST FOR PRODUCTION NO. 39:
24 |       DOCUMENTS sufficient to show any and all payments or transfers of
25 | anything of value to any FAMILY MEMBER of any officer, director or shareholder
26 | of MGA, including to whom the payments or transfers were made, the amounts of
27 |
28 |

1 | the payments or the value of the item transferred and the dates of the payments or
2 | transfers.

3 | RESPONSE TO REQUEST FOR PRODUCTION NO. 39:

4 |     MGA incorporates by reference its General Response and General Objections

5 | above, as though fully set forth herein and specifically incorporates General

Case 2:04-cv-09049-SGL-RNB     Document 1993-3     Filed 02/07/2008 Page 95 o

6 | Objection No. 15 (regarding Definitions), including without limitation MGA's

7 | objection to the definition of the terms FAMILY MEMBER and MGA and its

8 | incorporated terms AFFILIATES and PERSON. MGA further objects to the request

9 | to the extent it seeks the production of documents that are protected from disclosure

10 | under any applicable privilege, doctrine or immunity, including without limitation

11 | the attorney-client privilege, the work product doctrine, the right of privacy, and all

12 | other privileges recognized under the constitutional, statutory or decisional law of

13 | the United States of America, the State of California or any other applicable

14 | jurisdiction. MGA further objects to this request on the grounds that it is overly

15 | broad and unduly burdensome in that it seeks documents not relevant to the claims or

16 | defenses in this action and not reasonably calculated to lead to the discovery of

17 | admissible evidence. Mattel has not demonstrated how DOCUMENTS sufficient to

18 | show *any and all* payments or transfers of *anything* of value to *any* FAMILY

19 | MEMBER of *any* officer, director or shareholder of MGA could be relevant to the

20 | claims and defenses in this action. The request is not limited to the subject matter of

21 | this action and is thus impermissibly overbroad. See Aug. 13 Order at 9:17-20; May

22 | 22 Order at 21:5-7. MGA further objects to this request as being overly broad and

23 | unduly burdensome on the grounds that it is not limited in time or geographical

24 | scope. MGA further objects to the phrase "sufficient to show any and all . . .

25 | including . . ." as vague and ambiguous. MGA further objects to the request to the

26 | extent that it seeks documents that by reason of public filing, public distribution or

27 | otherwise are already in Mattel's possession or are readily accessible to Mattel.

28 |

MGA ENTERTAINMENT, INC.'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S FIFTH SET OF
REQUESTS FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC. - CV 04-9049 SGL (RNBx)
69

Exhibit A, Page 73

1 | MGA further objects to the request to the extent that it seeks documents not in
2 | MGA's possession, custody or control. MGA further objects to the request to the
3 | extent it seeks confidential, proprietary or commercially sensitive information, the
4 | disclosure of which would be inimical to the business interests of MGA. Such
5 | information may also be subject to protective orders governing other litigations
6 | thereby precluding disclosure in response to this request. MGA further objects to the
7 | request to the extent it violates the privacy rights of third parties to their private,
8 | confidential, proprietary or trade secret information.

9 | MGA further objects to this request as cumulative, duplicative, and unduly
10 | burdensome to the extent that it seeks documents previously requested by Mattel or
11 | produced by MGA (or any of its affiliates) in response to Mattel's document requests.
12 | **REQUEST FOR PRODUCTION NO. 40:**

13 | Statements for accounts maintained by YOU at any bank or other financial
14 | institution sufficient to show any and all payments to any officer, director or
15 | shareholder of MGA.

16 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

17 | MGA incorporates by reference its General Response and General Objections
18 | above, as though fully set forth herein and specifically incorporates General
19 | Objection No. 15 (regarding Definitions), including without limitation MGA's
20 | objection to the definition of the terms YOU and MGA and their incorporated terms
21 | AFFILIATES and PERSON. MGA further objects to the request to the extent it
22 | seeks the production of documents that are protected from disclosure under any
23 | applicable privilege, doctrine or immunity, including without limitation the attorney-
24 | client privilege, the work product doctrine, the right of privacy, and all other
25 | privileges recognized under the constitutional, statutory or decisional law of the
26 | United States of America, the State of California or any other applicable jurisdiction.
27 | MGA further objects to this request on the grounds that it is overly broad and unduly
28 |

1 burdensome in that it seeks documents not relevant to the claims or defenses in this

2 action and not reasonably calculated to lead to the discovery of admissible evidence.

3 Mattel has not demonstrated how *all* statements for accounts maintained by YOU at

4 *any* bank or other financial institution sufficient to show *any and all* payments to *any*

5 officer, director or shareholder of MGA could be relevant to the claims and defenses

6 in this action. The request is not limited to the subject matter of this action and is

7 thus impermissibly overbroad. See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-

8 7. MGA further objects to this request as being overly broad and unduly

9 burdensome on the grounds that it is not limited in time or geographical scope.

10 MGA further objects to the phrase "sufficient to show any and all" as vague and

11 ambiguous. MGA further objects to the request to the extent that it seeks documents

12 that by reason of public filing, public distribution or otherwise are already in Mattel's

13 possession or are readily accessible to Mattel. MGA further objects to the request to

14 the extent that it seeks documents not in MGA's possession, custody or control.

15 MGA further objects to the request to the extent it seeks confidential, proprietary or

16 commercially sensitive information, the disclosure of which would be inimical to the

17 business interests of MGA. Such information may also be subject to protective

18 orders governing other litigations thereby precluding disclosure in response to this

19 request. MGA further objects to the request to the extent it violates the privacy

20 rights of third parties to their private, confidential, proprietary or trade secret

21 information.

22      MGA further objects to this request as cumulative, duplicative, and unduly

23 burdensome to the extent that it seeks documents previously requested by Mattel or

24 produced by MGA (or any of its affiliates) in response to Mattel's document requests.

25
26
27
28

1 | REQUEST FOR PRODUCTION NO. 41:

2 |      Statements for accounts maintained by YOU at any bank or other financial

3 | institution sufficient to show any and all payments to any FAMILY MEMBER of

4 | any officer, director or shareholder of MGA.

5 | RESPONSE TO REQUEST FOR PRODUCTION NO. 41:

6 |      MGA incorporates by reference its General Response and General Objections

7 | above, as though fully set forth herein and specifically incorporates General

8 | Objection No. 15 (regarding Definitions), including without limitation MGA's

9 | objection to the definition of the terms YOU and MGA and their incorporated terms

10 | AFFILIATES and PERSON. MGA further objects to the request to the extent it

11 | seeks the production of documents that are protected from disclosure under any

12 | applicable privilege, doctrine or immunity, including without limitation the attorney-

13 | client privilege, the work product doctrine, the right of privacy, and all other

14 | privileges recognized under the constitutional, statutory or decisional law of the

15 | United States of America, the State of California or any other applicable jurisdiction.

16 | MGA further objects to this request on the grounds that it is overly broad and unduly

17 | burdensome in that it seeks documents not relevant to the claims or defenses in this

18 | action and not reasonably calculated to lead to the discovery of admissible evidence.

19 | Mattel has not demonstrated how *all* statements for accounts maintained by YOU at

20 | *any* bank or other financial institution sufficient to show *any and all* payments to *any*

21 | FAMILY MEMBER of *any* officer, director or shareholder of MGA could be

22 | relevant to the claims and defenses in this action. The request is not limited to the

23 | subject matter of this action and is thus impermissibly overbroad. See Aug. 13 Order

24 | at 9:17-20; May 22 Order at 21:5-7. MGA further objects to this request as being

25 | overly broad and unduly burdensome on the grounds that it is not limited in time or

26 | geographical scope. MGA further objects to the phrase "sufficient to show any and

27 | all" as vague and ambiguous. MGA further objects to the request to the extent that it

28 |

MGA ENTERTAINMENT, INC.'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S FIFTH SET OF
REQUESTS FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC. - CV 04-9049 SGL (RNBx)
72

Exhibit A, Page 76

1 | seeks documents that by reason of public filing, public distribution or otherwise are
2 | already in Mattel's possession or are readily accessible to Mattel. MGA further
3 | objects to the request to the extent that it seeks documents not in MGA's possession,
4 | custody or control. MGA further objects to the request to the extent it seeks
5 | confidential, proprietary or commercially sensitive information, the disclosure of
6 | which would be inimical to the business interests of MGA. MGA further objects to
7 | the request to the extent it violates the privacy rights of third parties to their private,
8 | confidential, proprietary or trade secret information.

9 | MGA further objects to this request as cumulative, duplicative, and unduly
10 | burdensome to the extent that it seeks documents previously requested by Mattel or
11 | produced by MGA (or any of its affiliates) in response to Mattel's document requests.

12 | REQUEST FOR PRODUCTION NO. 42:

13 | DOCUMENTS sufficient to show any and all advances of funds to any officer,
14 | director or shareholder of MGA for services to be performed at a later date, including
15 | the amount of the advance, the date of the advance, the services to be performed,
16 | whether they were performed and when they were performed.

17 | RESPONSE TO REQUEST FOR PRODUCTION NO. 42:

18 | MGA incorporates by reference its General Response and General Objections
19 | above, as though fully set forth herein and specifically incorporates General
20 | Objection No. 15 (regarding Definitions), including without limitation MGA's
21 | objection to the definition of the term MGA and its incorporated terms AFFILIATES
22 | and PERSON. MGA further objects to the request to the extent it seeks the
23 | production of documents that are protected from disclosure under any applicable
24 | privilege, doctrine or immunity, including without limitation the attorney-client
25 | privilege, the work product doctrine, the right of privacy, and all other privileges
26 | recognized under the constitutional, statutory or decisional law of the United States
27 | of America, the State of California or any other applicable jurisdiction. MGA further
28 |

1  objects to this request on the grounds that it is overly broad and unduly burdensome
2  in that it seeks documents not relevant to the claims or defenses in this action and not
3  reasonably calculated to lead to the discovery of admissible evidence. Mattel has not
4  demonstrated how DOCUMENTS sufficient to show *any and all* advances of funds
5  to *any* officer, director or shareholder of MGA for services to be performed at a later
Case 2:04-cv-09049-SGL-RNB   Document 1993-3   Filed 02/07/2008 Page 100 c
6  date could be relevant to the claims and defenses in this action. The request is not
7  limited to the subject matter of this action and is thus impermissibly overbroad. See
8  Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7. MGA further objects to this
9  request as being overly broad and unduly burdensome on the grounds that it is not
10  limited in time or geographical scope. MGA further objects to the phrase "sufficient
11  to show any and all . . . including . . ." as vague and ambiguous. MGA further
12  objects to the request to the extent that it seeks documents that by reason of public
13  filing, public distribution or otherwise are already in Mattel's possession or are
14  readily accessible to Mattel. MGA further objects to the request to the extent that it
15  seeks documents not in MGA's possession, custody or control. MGA further objects
16  to the request to the extent it seeks confidential, proprietary or commercially
17  sensitive information, the disclosure of which would be inimical to the business
18  interests of MGA. Such information may also be subject to protective orders
19  governing other litigations thereby precluding disclosure in response to this request.
20  MGA further objects to the request to the extent it violates the privacy rights of third
21  parties to their private, confidential, proprietary or trade secret information.

22      MGA further objects to this request as cumulative, duplicative, and unduly
23  burdensome to the extent that it seeks documents previously requested by Mattel or
24  produced by MGA (or any of its affiliates) in response to Mattel's document requests.
25
26
27
28

1 | REQUEST FOR PRODUCTION NO. 43:

2 |      DOCUMENTS sufficient to show any and all gifts to any officer, director or

3 | shareholder of MGA, including to whom the gift was made, when the gift was made,

4 | the nature, amount and value of the gift and the reason for making the gift.

5 | RESPONSE TO REQUEST FOR PRODUCTION NO. 43:

Case 2:04-cv-09049-SGL-RNB   Document 1993-3   Filed 02/07/2008   Page 101 o

6 |      MGA incorporates by reference its General Response and General Objections

7 | above, as though fully set forth herein and specifically incorporates General

8 | Objection No. 15 (regarding Definitions), including without limitation MGA's

9 | objection to the definition of the term MGA and its incorporated terms AFFILIATES

10 | and PERSON. MGA further objects to the request to the extent it seeks the

11 | production of documents that are protected from disclosure under any applicable

12 | privilege, doctrine or immunity, including without limitation the attorney-client

13 | privilege, the work product doctrine, the right of privacy, and all other privileges

14 | recognized under the constitutional, statutory or decisional law of the United States

15 | of America, the State of California or any other applicable jurisdiction. MGA further

16 | objects to this request on the grounds that it is overly broad and unduly burdensome

17 | in that it seeks documents not relevant to the claims or defenses in this action and not

18 | reasonably calculated to lead to the discovery of admissible evidence. Mattel has not

19 | demonstrated how DOCUMENTS sufficient to show *any and all* gifts to *any* officer,

20 | director or shareholder of MGA could be relevant to the claims and defenses in this

21 | action. The request is not limited to the subject matter of this action and is thus

22 | impermissibly overbroad. See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.

23 | MGA further objects to this request as being overly broad and unduly burdensome

24 | on the grounds that it is not limited in time or geographical scope. MGA further

25 | objects to the phrase "sufficient to show any and all . . . including . . ." as vague and

26 | ambiguous. MGA further objects to the request to the extent that it seeks documents

27 | that by reason of public filing, public distribution or otherwise are already in Mattel's

28 |

1 possession or are readily accessible to Mattel.  MGA further objects to the request to
2 the extent that it seeks documents not in MGA's possession, custody or control.
3 MGA further objects to the request to the extent it seeks confidential, proprietary or
4 commercially sensitive information, the disclosure of which would be inimical to the
5 business interests of MGA.  Such information may also be subject to protective
6 orders governing other litigations thereby precluding disclosure in response to this
7 request.  MGA further objects to the request to the extent it violates the privacy
8 rights of third parties to their private, confidential, proprietary or trade secret
9 information.

Case 2:04-cv-09049-SGL-RNB   Document 1993-3   Filed 02/07/2008   Page 102 c

10      MGA further objects to this request as cumulative, duplicative, and unduly
11 burdensome to the extent that it seeks documents previously requested by Mattel or
12 produced by MGA (or any of its affiliates) in response to Mattel's document requests.
13 REQUEST FOR PRODUCTION NO. 44:
14      DOCUMENTS sufficient to show any and all gifts to any FAMILY
15 MEMBER of any officer, director or shareholder of MGA, including to whom the
16 gift was made, when the gift was made, the nature, amount and value of the gift and
17 the reason for making the gift.
18 RESPONSE TO REQUEST FOR PRODUCTION NO. 44:
19      MGA incorporates by reference its General Response and General Objections
20 above, as though fully set forth herein and specifically incorporates General
21 Objection No. 15 (regarding Definitions), including without limitation MGA's
22 objection to the definition of the terms FAMILY MEMBER and MGA and its
23 incorporated terms AFFILIATES and PERSON.  MGA further objects to the request
24 to the extent it seeks the production of documents that are protected from disclosure
25 under any applicable privilege, doctrine or immunity, including without limitation
26 the attorney-client privilege, the work product doctrine, the right of privacy, and all
27 other privileges recognized under the constitutional, statutory or decisional law of
28

1 the United States of America, the State of California or any other applicable
2 jurisdiction. MGA further objects to this request on the grounds that it is overly
3 broad and unduly burdensome in that it seeks documents not relevant to the claims or
4 defenses in this action and not reasonably calculated to lead to the discovery of
5 admissible evidence. Mattel has not demonstrated how DOCUMENTS sufficient to
6 show *any and all* gifts to *any* FAMILY MEMBER of *any* officer, director or
7 shareholder of MGA could be relevant to the claims and defenses in this action. The
8 request is not limited to the subject matter of this action and is thus impermissibly
9 overbroad. See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7. MGA further
10 objects to this request as being overly broad and unduly burdensome on the grounds
11 that it is not limited in time or geographical scope. MGA further objects to the
12 phrase "sufficient to show any and all . . . including . . ." as vague and ambiguous.
13 MGA further objects to the request to the extent that it seeks documents that by
14 reason of public filing, public distribution or otherwise are already in Mattel's
15 possession or are readily accessible to Mattel. MGA further objects to the request to
16 the extent that it seeks documents not in MGA's possession, custody or control.
17 MGA further objects to the request to the extent it seeks confidential, proprietary or
18 commercially sensitive information, the disclosure of which would be inimical to the
19 business interests of MGA. MGA further objects to the request to the extent it
20 violates the privacy rights of third parties to their private, confidential, proprietary or
21 trade secret information.

22    MGA further objects to this request as cumulative, duplicative, and unduly
23 burdensome to the extent that it seeks documents previously requested by Mattel or
24 produced by MGA (or any of its affiliates) in response to Mattel's document requests.
25 REQUEST FOR PRODUCTION NO. 45:

26    DOCUMENTS sufficient to show any and all obligations of any officer,
27 director or shareholder of MGA guaranteed or cosigned by MGA, including the
28

Page 103 c

Case 2:04-cv-09049-SGL-RNB    Document 1993-3    Filed 02/07/2008

1 | IDENTITY of the PERSON whose obligation was guaranteed or cosigned, the

2 | identity of the creditor or lender, the nature and amount of the obligation, the date the

3 | obligation was guaranteed or cosigned, whether the obligation has been satisfied and,

4 | if so, by whom.

5 | RESPONSE TO REQUEST FOR PRODUCTION NO. 45:

6 | MGA incorporates by reference its General Response and General Objections

7 | above, as though fully set forth herein and specifically incorporates General

8 | Objection No. 15 (regarding Definitions), including without limitation MGA's

9 | objection to the definition of the terms PERSON and MGA and its incorporated term

10 | AFFILIATES. MGA further objects to the request to the extent it seeks the

11 | production of documents that are protected from disclosure under any applicable

12 | privilege, doctrine or immunity, including without limitation the attorney-client

13 | privilege, the work product doctrine, the right of privacy, and all other privileges

14 | recognized under the constitutional, statutory or decisional law of the United States

15 | of America, the State of California or any other applicable jurisdiction. MGA further

16 | objects to this request on the grounds that it is overly broad and unduly burdensome

17 | in that it seeks documents not relevant to the claims or defenses in this action and not

18 | reasonably calculated to lead to the discovery of admissible evidence. Mattel has not

19 | demonstrated how documents showing DOCUMENTS sufficient to show *any and*

20 | *all* obligations of *any* officer, director or shareholder of MGA guaranteed or

21 | cosigned by MGA could be relevant to the claims and defenses in this action. The

22 | request is not limited to the subject matter of this action and is thus impermissibly

23 | overbroad. See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7. MGA further

24 | objects to this request as being overly broad and unduly burdensome on the grounds

25 | that it is not limited in time or geographical scope. MGA further objects to the

26 | phrase "sufficient to show any and all . . . including . . ." as vague and ambiguous.

27 | MGA further objects to the request to the extent that it seeks documents that by

28 |

MGA ENTERTAINMENT, INC.'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S FIFTH SET OF
REQUESTS FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC. - CV 04-9049 SGL (RNBx)
78

Exhibit A, Page 82

1 reason of public filing, public distribution or otherwise are already in Mattel's

2 possession or are readily accessible to Mattel. MGA further objects to the request to

3 the extent that it seeks documents not in MGA's possession, custody or control.

4 MGA further objects to the request to the extent it seeks confidential, proprietary or

5 commercially sensitive information, the disclosure of which would be inimical to the

6 business interests of MGA. Such information may also be subject to protective

7 orders governing other litigations thereby precluding disclosure in response to this

8 request. MGA further objects to the request to the extent it violates the privacy

9 rights of third parties to their private, confidential, proprietary or trade secret

10 information.

11     MGA further objects to this request as cumulative, duplicative, and unduly

12 burdensome to the extent that it seeks documents previously requested by Mattel or

13 produced by MGA (or any of its affiliates) in response to Mattel's document requests.

14 REQUEST FOR PRODUCTION NO. 46:

15     DOCUMENTS sufficient to show any and all obligations of MGA guaranteed

16 or cosigned by any officer, director, shareholder or employee of MGA, including the

17 IDENTITY of the PERSON who guaranteed or cosigned the obligation, the identity

18 of the creditor or lender, the nature and amount of the obligation, the date the

19 obligation was guaranteed or cosigned, whether the obligation has been satisfied and,

20 if so, by whom.

21 RESPONSE TO REQUEST FOR PRODUCTION NO. 46:

22     MGA incorporates by reference its General Response and General Objections

23 above, as though fully set forth herein and specifically incorporates General

24 Objection No. 15 (regarding Definitions), including without limitation MGA's

25 objection to the definition of the terms PERSON and MGA and its incorporated term

26 AFFILIATES. MGA further objects to the request to the extent it seeks the

27 production of documents that are protected from disclosure under any applicable

28

MGA ENTERTAINMENT, INC.'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S FIFTH SET OF
REQUESTS FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC. - CV 04-9049 SGL (RNBx)
79

Exhibit A, Page 83

1 privilege, doctrine or immunity, including without limitation the attorney-client

2 privilege, the work product doctrine, the right of privacy, and all other privileges

3 recognized under the constitutional, statutory or decisional law of the United States

4 of America, the State of California or any other applicable jurisdiction. MGA further

5 objects to this request on the grounds that it is overly broad and unduly burdensome

Case 2:04-cv-09049-SGL-RNB     Document 1993-3     Filed 02/07/2008     Page 106 o

6 in that it seeks documents not relevant to the claims or defenses in this action and not

7 reasonably calculated to lead to the discovery of admissible evidence. Mattel has not

8 demonstrated how DOCUMENTS sufficient to show *any and all* obligations of

9 MGA guaranteed or cosigned by *any* officer, director, shareholder or employee of

10 MGA could be relevant to the claims and defenses in this action. The request is not

11 limited to the subject matter of this action and is thus impermissibly overbroad. See

12 Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7. MGA further objects to this

13 request as being overly broad and unduly burdensome on the grounds that it is not

14 limited in time or geographical scope. MGA further objects to the phrase "sufficient

15 to show any and all . . . including . . ." as vague and ambiguous. MGA further

16 objects to the request to the extent that it seeks documents that by reason of public

17 filing, public distribution or otherwise are already in Mattel's possession or are

18 readily accessible to Mattel. MGA further objects to the request to the extent that it

19 seeks documents not in MGA's possession, custody or control. MGA further objects

20 to the request to the extent it seeks confidential, proprietary or commercially

21 sensitive information, the disclosure of which would be inimical to the business

22 interests of MGA. Such information may also be subject to protective orders

23 governing other litigations thereby precluding disclosure in response to this request.

24 MGA further objects to the request to the extent it violates the privacy rights of third

25 parties to their private, confidential, proprietary or trade secret information.

26

27

28

1 | MGA further objects to this request as cumulative, duplicative, and unduly
2 | burdensome to the extent that it seeks documents previously requested by Mattel or
3 | produced by MGA (or any of its affiliates) in response to Mattel's document requests.
4 | REQUEST FOR PRODUCTION NO. 47:
5 |     For each account maintained in the name of MGA at any bank or other

6 | financial institution, a copy of each and every monthly statement from the date of
7 | YOUR incorporation to the present, and DOCUMENTS sufficient to IDENTIFY
8 | each PERSON authorized to sign checks on or access the account.
9 | RESPONSE TO REQUEST FOR PRODUCTION NO. 47:
10 |     MGA incorporates by reference its General Response and General Objections
11 | above, as though fully set forth herein and specifically incorporates General
12 | Objection No. 15 (regarding Definitions), including without limitation MGA's
13 | objection to the definition of the terms PERSON and YOUR and its incorporated
14 | term AFFILIATES. MGA further objects to the request to the extent it seeks the
15 | production of documents that are protected from disclosure under any applicable
16 | privilege, doctrine or immunity, including without limitation the attorney-client
17 | privilege, the work product doctrine, the right of privacy, and all other privileges
18 | recognized under the constitutional, statutory or decisional law of the United States
19 | of America, the State of California or any other applicable jurisdiction. MGA further
20 | objects to this request on the grounds that it is overly broad and unduly burdensome
21 | in that it seeks documents not relevant to the claims or defenses in this action and not
22 | reasonably calculated to lead to the discovery of admissible evidence. Mattel has not
23 | demonstrated how, for *each* account maintained in the name of MGA at *any* bank or
24 | other financial institution, a copy of *each and every* monthly statement from the date
25 | of YOUR incorporation to the present, and DOCUMENTS sufficient to IDENTIFY
26 | *each* PERSON authorized to sign checks on or access the account could be relevant
27 | to the claims and defenses in this action. The request is not limited to the subject
28 |

1  matter of this action and is thus impermissibly overbroad. See Aug. 13 Order at
2  9:17-20; May 22 Order at 21:5-7. MGA further objects to this request as being
3  overly broad and unduly burdensome on the grounds that it is not limited in
4  geographical scope. MGA further objects to the phrase "sufficient to IDENTIFY" as
5  vague and ambiguous. MGA further objects to the request to the extent that it seeks      Page 108 c
6  documents that by reason of public filing, public distribution or otherwise are already
7  in Mattel's possession or are readily accessible to Mattel. MGA further objects to the
8  request to the extent that it seeks documents not in MGA's possession, custody or
9  control. MGA further objects to the request to the extent it seeks confidential,
10  proprietary or commercially sensitive information, the disclosure of which would be
11  inimical to the business interests of MGA. Such information may also be subject to
12  protective orders governing other litigations thereby precluding disclosure in
13  response to this request. MGA further objects to the request to the extent it violates
14  the privacy rights of third parties to their private, confidential, proprietary or trade
15  secret information.
16      MGA further objects to this request as cumulative, duplicative, and unduly
17  burdensome to the extent that it seeks documents previously requested by Mattel or
18  produced by MGA (or any of its affiliates) in response to Mattel's document requests.
19
20  DATED: December 27, 2007          SKADDEN, ARPS, SLATE, MEAGHER &
21                                     FLOM, LLP
22
23                                   By: _____Thomas Nolan_____
                                          THOMAS J. NOLAN
24                                     Attorneys for Counter-Defendants,
25                                     MGA ENTERTAINMENT, INC.,
                                       ISAAC LARIAN, MGA ENTERTAINMENT
26                                     (HK) LIMITED, AND MGAE de MEXICO
                                       S.R.L. de C.V.
27
28

MGA ENTERTAINMENT, INC.'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S FIFTH SET OF
REQUESTS FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC. - CV 04-9049 SGL (RNBx)
82

Exhibit A, Page 86

1

## PROOF OF SERVICE

2

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3
4

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 300 South Grand Avenue, 34th Floor, Los Angeles, CA 90071.

5

On December 27, 2007 I served the foregoing document described as:

6
7

**MGA ENTERTAINMENT, INC.'S OBJECTIONS AND RESPONSES TO MATTEL INC.'S FIFTH SET OF REQUESTS FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC.**

8

on the interested parties in this action addressed as follows:

9

### SEE ATTACHED SERVICE LIST

10
11

☒   (BY PERSONAL SERVICE)   ☐   By personally delivering copies to the person served. (FEDERAL) (as Noted)

12
13

☒   I caused such documents to be hand delivered to the office of the addressee. (FEDERAL) (as Noted)

14
15
16
17

☒   (BY FEDERAL EXPRESS) I am readily familiar with the firm's practice for the collection and processing of correspondence for mailing with Federal Express and the fact that the correspondence would be deposited with Federal Express that same day in the ordinary course of business; on this date, the above-referenced correspondence was placed for deposit at Los Angeles, California and placed for collection and mailing following ordinary business practices. (As Noted.)

18
19

I declare under penalty of perjury under the laws of the State of California and the United States of America that the above is true and correct.

20

Executed on December 27, 2007 at Los Angeles, California.

21
22

Becky S. Isomoto
PRINT NAME                    SIGNATURE

23

24

25

26

27

28

1

1

2  John B. Quinn, Esq.
   Michael T. Zeller, Esq.
3  Jon D. Corey, Esq.
   Timothy L. Alger, Esq.
4  Quinn Emanuel Urquhart Oliver &
   Hedges, LLP
5  865 South Figueroa Street, 10th Floor
   Los Angeles, CA 90017
6  Telephone: (213) 443-3000
   Facsimile: (213) 443-3100
7
   *Attorneys for Mattel, Inc.*
8  *(Personal Service)*

9  Mark E. Overland
   Alexander H. Cote
10 David C. Scheper
   Overland Borenstein Scheper & Kim
11 300 South Grand Avenue, Suite 2750
   Los Angeles, CA  90071
12 Telephone: (213) 613-4655
   Facsimile: (213) 613-4656
13
   *Attorneys for Carlos Gustavo Machado*
14 *Gomez*
   *(FEDERAL EXPRESS)*
15

16

17

18

19

20

21

22

23

24

25

26

27

28

John W. Keker, Esq.
Michael H. Page, Esq.
Keker & Van Nest, LLP
710 Sansome Street
San Francisco, CA 94111
Telephone: (415) 391-5400
Facsimile: (415) 397-7188
*Attorneys for Carter Bryant*
*(FEDERAL EXPRESS)*

Case 2:04-cv-09049-SGL-RNB   Document 1993-3   Filed 02/07/2008   Page 110 o

2

Exhibit A, Page 88

# EXHIBIT B

| **From:** | Miller, Timothy A |
|---|---|
| **To:** | 'Timothy Alger'; Herrington, Robert J (LAC) |
| **Subject:** | RE: MGA's Responses to Mattel's Fifth Set of Requests for Production |
| **Date:** | 1/28/2008 2:23:53 PM |
| **CC:** | |
| **BCC:** | |

**Message:**

Tim:

According to our files, MGA served its Objections and Responses to Mattel's Fifth Set of
Requests for Production and Things more than one month ago, on December 27, 2008. To my
knowledge, this is Mattel's first request to meet and confer regarding those objections and
responses. Your request violates Paragraph 5 of the Discovery Master Stipulation, which
requires you to "identify each dispute, state the relief sought, and identify the authority supporting
the requested relief in a meet and confer letter." Your brief e-mail does not address any of the
specific objections made in MGA's 82-page response. In addition, under Paragraph 5, MGA is
entitled to consider any specific issues raised by Mattel and to meet and confer within 5 court
days of receipt of the letter required by Paragraph 5. In violation of that mandated timeline, your
request for an immediate meet and confer comes literally at the 11th hour, after Noon on the last
day of Phase 1 discovery when, as you know, many depositions are in progress. The attorney
who supervised the preparation of MGA's responses is tied up in one of those depositions. It
simply is not possible to meet and confer regarding those responses today, even if you had
complied with the requirement to specify your dispute in a meet and confer letter.

Regards,

Tim

**Timothy A. Miller**
**Skadden, Arps, Slate, Meagher & Flom LLP**
Four Embarcadero Center, Suite 3800
San Francisco, CA 94111
Direct Dial: 415-984-2647
Fax: 415-984-2698
tmiller@skadden.com

**From:** Timothy Alger [mailto:timalger@quinnemanuel.com]
**Sent:** Monday, January 28, 2008 12:24 PM
**To:** Herrington, Robert J (LAC); Miller, Timothy A (SFC)
**Subject:** MGA's Responses to Mattel's Fifth Set of Requests for Production

Rob and Tim:

I would like to meet and confer with you today regarding MGA's responses to Mattel's Fifth Set of
Requests for Production. The wholesale, boilerplate objections made by MGA lack merit and
should be withdrawn, and MGA should produce all documents requested.

1

Let me know when you can discuss today.

Timothy L. Alger, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3223
Main Phone: (213) 443-3000
Main Fax: (213) 443-3100
E-mail: timalger@quinnemanuel.com
Web: www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and
confidential use of the recipient(s) named above. This message may be an attorney-client
communication and/or work product and as such is privileged and confidential. If the reader of
this message is not the intended recipient or agent responsible for delivering it to the intended
recipient, you are hereby notified that you have received this document in error and that any
review, dissemination, distribution, or copying of this message is strictly prohibited. If you have
received this communication in error, please notify us immediately by e-mail, and delete the
original message.

2

# EXHIBIT C

Case 2:04-cv-09049-DOC-RNB   Document 3540-2   Filed 05/08/08   Page 120 of 206   Page ID #:61483

Case 2:04-cv-09049-SGL-RNB   Document 1993-4   Filed 02/07/2008   Page 5 of 81
12-08-2006  02:58pm  From-QUINN EMANUEL            2136240643         T-707  P.003/010  F-346

ORIGINAL
LODGED

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
2    John B. Quinn (Bar No. 090378)
     (johnquinn@quinnemanuel.com)
3    Michael T. Zeller (Bar No. 196417)
     (michaelzeller@quinnemanuel.com)
4    Jon D. Corey (Bar No. 185066)
     (joncorey@quinnemnauel.com)
5  865 South Figueroa Street, 10th Floor
   Los Angeles, California 90017-2543
6    Telephone:  (213) 443-3000
     Facsimile:  (213) 443-3100
7
   Attorneys for Mattel, Inc.
8  [Additional counsel listed on following page]
9
10                 UNITED STATES DISTRICT COURT
11                CENTRAL DISTRICT OF CALIFORNIA

12  CARTER BRYANT, an individual,        Case No. CV 04-09049 SGL (RNBx)

13                   Plaintiff,          Consolidated with
                                         Case No. CV 04-09059
14        v.                             Case No. CV 05-02727

15  MATTEL, INC., a Delaware             STIPULATION FOR APPOINTMENT
    corporation,                         OF A DISCOVERY MASTER; AND
16
                     Defendant.          [PROPOSED] ORDER
17
                                         Discovery Cutoff Date: Not Set
18                                       Trial Date: Not Set
19
20
21
22
23
24
25
26                              DEC - 7 2006
27
28

                              Case No. CV 04-09049 SGL (RNBx)
                    STIPULATION FOR APPOINTMENT OF A DISCOVERY
                        MASTER AND [PROPOSED] ORDER

Exhibit C  Page 91

Case 2:04-cv-09049-DOC-RNB   Document 3540-2   Filed 05/08/08   Page 121 of 206   Page ID #:61484

Case 2:04-cv-09049-SGL-RNB   Document 1993-4   Filed 02/07/2008   Page 6 of 81
12-06-2006  02:58pm  From-QUINN EMANUEL         2136240643         T-707  P.004/010  F-346

1  LITTLER MENDELSON
      Robert F. Millman (Bar No. 062152)
2     Douglas A. Wickham (Bar No. 127268)
      Keith A. Jacoby (Bar No. 150233)
3  2049 Century Park East, 5th Floor
   Los Angeles, California 90067-3107
4  Telephone:  (310) 553-0308
   Facsimile:  (310) 553-5583
5
   Attorneys for Carter Bryant
6
   O'MELVENY & MYERS LLP
7     Diana M. Torres (Bar No. 162284)
   400 S. Hope Street
8  Los Angeles, California 90017
   Telephone:  (213) 430-6000
9  Facsimile:  (213) 430-6407

10 O'MELVENY & MYERS LLP
      Dale Cendali
11 Times Square Tower
   7 Times Square
12 New York, NY 10036

13 CHRISTENSEN, GLASER, FINK, JACOBS WEIL & SHAPIRO, LLP
      Patricia Glaser (Bar No. 55668)
14 10250 Constellation Boulevard - 19th Floor
   Los Angeles, CA 90067
15 Telephone: (310) 553-3000
   Facsimile: (310) 556-2920
16
   Attorneys for MGA Entertainment, Inc.
17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION FOR APPOINTMENT OF A DISCOVERY
MASTER AND [PROPOSED] ORDER

- 2 -

Exhibit C  Page 92

1    WHEREAS, the parties are in agreement that a discovery master should be
2  appointed in this matter to resolve any discovery disputes and to minimize the
3  burden on the Court; and

4    WHEREAS, the parties have agreed upon a nominee, Hon. Edward A. Infante
5  (Ret.), and he has agreed to serve as a discovery master in this matter;

6    NOW, THEREFORE, to facilitate the fair and efficient completion of pre-
7  trial discovery, the parties Mattel, Inc. and Carter Bryant and MGA Entertainment,
8  Inc., by and through their respective counsel of record, hereby stipulate and agree as
9  follows:

10    1.    The Discovery Master shall be appointed to assure and provide cost-
11  effective discovery and to minimize the burden of discovery disputes upon the
12  Court.  Any and all discovery motions and other discovery disputes in the above
13  captioned action shall be decided by a master ("Discovery Master") pursuant to
14  Federal Rule of Civil Procedure 53.  Any motions currently pending before
15  Magistrate Judge Block shall be transferred to the Discovery Master.  The moving
16  party shall provide to the Discovery Master all papers associated with each pending
17  motion.

18    2.    The Discovery Master shall be Hon. Edward A. Infante (Ret.).  His
19  business address is: Two Embarcadero Center, Suite 1500, San Francisco, CA
20  94111.

21  ·  3.    Judge Infante shall serve as the Discovery Master until all issues herein
22  have been finally disposed of or determined, or until he shall withdraw in
23  accordance with applicable law.  If at any time he becomes unable to serve as the
24  Discovery Master, the parties shall confer to present an alternative agreed-upon
25  designee to the Court.  In the event that the parties cannot agree to an alternate
26  designee, then the Court shall appoint a Discovery Master.

27    4.    The Discovery Master shall have the authority to set the date, time, and
28  place for all hearings determined by the Discovery Master to be necessary; to

STIPULATION FOR APPOINTMENT OF A DISCOVERY
MASTER AND [PROPOSED] ORDER

-3-

Exhibit C  Page 93

Case 2:04-cv-09049-DOC-RNB   Document 3540-2   Filed 05/08/08   Page 123 of 206   Page ID #:61486

Case 2:04-cv-09049-SGL-RNB    Document 1993-4    Filed 02/07/2008    Page 8 of 81
12-08-2006  02:58pm  From-QUINN EMANUEL          2136240643          T-707  P.006/010  F-346

1  preside over hearings (whether telephonic or in-person); to take evidence in

2  connection with discovery disputes; to issue orders resolving discovery motions

3  submitted to the Discovery Master; to conduct telephonic conferences to resolve

4  discovery disputes arising during depositions; to issue orders awarding non-

5  contempt sanctions, including, without limitation, the award of attorney's fees, as

6  provided by Rules 37 and 45; and to prepare, file and serve other orders, reports and

7  recommendations, as appropriate.

8       5.       All discovery disputes shall be resolved by motion (except those arising

9  during a deposition which the Discovery Master determines can be resolved by

10  telephonic conference during the deposition).  The moving party shall first identify

11  each dispute, state the relief sought, and identify the authority supporting the

12  requested relief in a meet and confer letter that shall be served on all parties by

13  facsimile or electronic mail.  The parties shall have five court days from the date of

14  service of that letter to conduct an in-person conference to attempt to resolve the

15  dispute.  If the dispute has not been resolved within five court days after such

16  service, the moving party may seek relief from the Discovery Master by formal

17  motion or letter brief, at the moving party's option.  The opposing party shall have

18  five court days from the date of service of the motion or letter brief to submit a

19  formal opposition or response.  Any reply brief or letter brief shall be served within

20  three court days from the date of service of a formal opposition or response.  The

21  hearing on the motion shall take place within five court days of the service of any

22  reply brief or letter unless (a) the parties agree to another hearing date or agree that

23  no hearing is necessary; (b) the Discovery Master determines that no hearing is

24  necessary; or (c) the Discovery Master is not available, in which case the hearing

25  shall take place on the Discovery Master's first available date.  The foregoing shall

26  not prohibit (i) the parties from agreeing to alternate procedures, or (ii) a party from

27  seeking the Discovery Master's immediate resolution of a dispute or resolution of a

28  dispute upon shortened time upon a showing of good cause why a party would be

1  prejudiced absent prompt resolution. Service of any document by fax or electronic

2  mail prior to 6:00 p.m. shall constitute service on that day.

3      6.    The Discovery Master's orders resolving discovery disputes, reports, or

4  recommendations pursuant to Rule 53(e) or (f) shall be treated as rulings made by a

5  Magistrate Judge of the United States District Court. The Discovery Master shall

6  file each order, report, or recommendation pursuant to Rule 53(e) or (f) and serve

7  the parties within five court days of his/her decision on a matter.

8      7.    A court reporter shall transcribe any hearing or other proceeding before

9  the Discovery Master.

10     8.    The cost of any proceeding before the Discovery Master, including the

11 fees of the Discovery Master, the fees of court reporters who transcribe hearings or

12 other proceedings before the Discovery Master, and the fees of any other person

13 necessary to the efficient administration of the proceeding before the Discovery

14 Master, shall be paid one-half by Mattel, Inc., and one-half by MGA Entertainment,

15 Inc. and Carter Bryant unless, consistent with the Federal Rules of Civil Procedure,

16 the Discovery Master Orders otherwise. By agreeing to share costs among the

17 parties, no party waives its right to seek recovery or reimbursement for such costs

18 from any other party.

19     9.    The Discovery Master shall be compensated according to his regular

20 hourly rate of $750.

21     10.   Pursuant to Federal Rule of Civil Procedure 53(b)(2), the Discovery

22 Master shall proceed with all reasonable diligence.

23     11.   Based on an affidavit filed by Hon. Edward A. Infante pursuant to

24 28 U.S.C. § 455 and Federal Rule of Civil Procedure 53(b)(3), the parties are not

25 aware that he has a relationship to the parties, to counsel, to the action, or to the

26 Court that would require disqualification of a judge under 28 U.S.C. § 455, and

27 based thereon the parties expressly waive any ground for disqualification disclosed

28 therein of Hon. Edward A. Infante to serve as master in these proceedings.

Case 2:04-cv-09049-DOC-RNB   Document 3540-2   Filed 05/08/08   Page 125 of 206   Page ID
#:61488

Case 2:04-cv-09049-SGL-RNB   Document 1993-4   Filed 02/07/2008   Page 10 of 81
12-08-2006  02:58pm  From-QUINN EMANUEL                2136240543            1-707  P.0067010  F-346

1     12.    The Discovery Master shall not have ex parte communications with ~~the~~

2  ~~Court~~, a party or counsel.

3     13.    The Discovery Master shall preserve and maintain all documents and

4  materials submitted by the parties as well as all orders, reports, and

5  recommendations issued by the Discovery Master.  These documents, materials,

6  orders, reports and recommendations shall be the record of the Discovery Master's

7  activities, and shall be maintained in chronological order until the Discovery Master

8  is informed by the parties that all issues herein have been finally disposed of and

9  determined.

10     14.    The Discovery Master is hereby authorized to receive and consider

11  information and documents designated "CONFIDENTIAL" and "CONFIDENTIAL-

12  ATTORNEYS EYES ONLY" pursuant to the January 4, 2005 Stipulated Protective

13  Order.  The Discovery Master agrees to be bound by the January 4, 2005 Order.

14     15.    All third parties subject to discovery requests or deposition in this

15  litigation shall be bound by the terms of this Stipulation and Order.

16

17  Dated: November 22, 2006        O'MELVENY & MYERS LLP

18

19                   By:

20                      Diana Torres
                        Attorneys for MGA Entertainment, Inc.

21

22  Dated:  November 29, 2006       LITTLER MENDELSON

23

24                   By:

25                      Douglas A. Wickham
                        Attorneys for Carter Bryant

26

27

28

Case 2:04-cv-09049-DOC-RNB   Document 3540-2   Filed 05/08/08   Page 126 of 206   Page ID #:61489

12-08-2006  03:00pm  From-QUINN EMANUEL   Case 2:04-cv-09049-SGL-RNB   Document 1993-4   2136240543   Filed 02/07/2008   T-707   Page 11 of 81   P.0067/010   F-346

1   Dated: November ___, 2006          QUINN EMANUEL URQUHART
                                       OLIVER & HEDGES, LLP

2

3                                      By: Jon D Corey

4                                          Jon D. Corey
                                           Attorneys for Mattel, Inc.

5

6                                      **ORDER**

7        The foregoing Stipulation for Appointment of a Discovery Master is SO

8   ORDERED *as modified.*

9

10  Dated:   *12-6-06.*              S G Larson

11                                   Hon. Stephen G. Larson
                                     United States District Court Judge

12

13

14             **CONSENT OF DISCOVERY MASTER**

15       If appointed by the Court, I, the undersigned, consent to serve as Discovery

16  Master in the above referenced proceeding consistent with this Order.

17

18  Dated:   *12-5-06*               Edward A Infante

19                                   Hon. Edward A. Infante (Ret.)

20

21

22

23

24

25

26

27

28

                                              STIPULATION FOR APPOINTMENT OF A DISCOVERY
                                              MASTER AND [PROPOSED] ORDER
                          -7-

Case 2:04-cv-09049-DOC-RNB   Document 3540-2   Filed 05/08/08   Page 127 of 206   Page ID #:61490

Case 2:04-cv-09049-SGL-RNB   Document 1993-4   Filed 02/07/2008   Page 12 of 81
12-08-2006   03:00pm   From-QUINN EMANUEL                2136240643              T-707   P.016/010   F-346

## PROOF OF SERVICE
1013A(3) CCP Revised 5/1/88

1  STATE OF CALIFORNIA )
2  COUNTY OF LOS ANGELES )

3      I am employed in the county of Los Angeles  State of California.  I am over the age of 18
   and not a party to the within action; my business address is: 865 South Figueroa Street, 10th Floor,
4  Los Angeles, CA 90012.

5      On December 5, 2006, I served the foregoing document described as STIPULATION
   FOR APPOINTMENT OF A DISCOVERY MASTER; AND [PROPOSED ORDER on all
   interested parties in this action.
6

7  Keith A. Jacoby, Esq.                        Diana M. Torres, Esq.
   Douglas Wickham, Esq.                        O'Melveney & Meyers
   Littler Mendelson                            400 S. Hope Street
8  A Professional Corporation                   Los Angeles, CA 90071
   2049 Century Park East, 5th Floor            Phone: 213-430-6000
9  Los Angeles, California 90067-3107           Fax: 213-430-6407
   Phone: 310-553-0308
10 Fax: 310-553-5583

11

12 [ ]   By placing [ ] the original [X] true copies thereof enclosed in sealed envelopes addressed
         as follows:
13
14 [X]   BY MAIL
15 [ ]   I deposited such envelope in the mail at Los Angeles, California.  The envelope was mailed
         with postage thereon fully prepaid.

16 [ ]   As follows:  I am "readily familiar" with the firm's practice of collection and processing
         correspondence for mailing.  Under that practice it would be deposited with U.S. postal
17       service on that same day with postage thereon fully prepaid at Los Angeles, California in the
         ordinary course of business.  I am aware that on motion of the party served, service is
18       presumed invalid if postal cancellation date or postage meter date is more than one day after
         date of deposit for mailing in affidavit.

19 [ ]   BY TELECOPIER By transmitting the above listed document(s) to the fax number(s)
         set forth above on this date.
20
21 [ ]   BY PERSONAL SERVICE I delivered such envelope by hand to the addressee.

22 Executed on December 5, 2006, at Los Angeles, California.

23 [ ]   (State) I declare under penalty of perjury under the laws of the State of California that the
         above is true and correct.

24 [X]   (Federal) I declare that I am employed in the office of a member of the bar of this court at
         whose direction the service was made.
25

26 _____              _____
   Cheri Hatch
27 Print Name                        Signature

28

Exhibit C. Page 98

# EXHIBIT D

**From:**     Tamara Jih [tamarajih@quinnemanuel.com]
**To:**        'SChan@JAMSADR.com'; Nolan, Thomas J (LAC); 'jkeker@kvn.com';
              Michael T Zeller; Jon Corey; Dylan Proctor; Timothy Alger; Bridget
              Hauler; Tamar Buchakjian; 'moverland@obsklaw.com'
**Subject:**   Mattel's Motion to Compel Production of Documents by MGA in
              Response to Mattel's 5th Set of Requests for Production
**Date:**      1/28/2008 5:54:54 PM
**CC:**        Zachary Krug
**BCC:**

**Message:**
Dear Ms. Chan,

Attached, please find pdfs of Mattel, Inc.'s Motion to Compel Production of Documents by MGA in Response to Mattel's 5th Set of Requests for Production, and the Declaration of Tamara Jih in Support Thereof.

I will send the exhibits to the Declaration and Proof of Service via separate email.

Hard copies are being sent via Federal Express to Judge Infante, and opposing counsel is being separately served.

Tamara Jih
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3061
Main Phone: (213) 443-3000
Main Fax:  (213) 443-3100
E-mail:  tamarajih@quinnemanuel.com
Web:  www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above.  This message may be an attorney-client communication and/or work product and as such is privileged and confidential.  If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**Attachments:**
        Jih Dec.pdf
        motion.pdf

1

# EXHIBIT E

**COPY**

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
2    John B. Quinn (Bar No. 90378)
     (johnquinn@quinnemanuel.com)
     Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
     Timothy L. Alger (Bar No. 160303)
5    (timalger@quinnemanuel.com)
     865 South Figueroa Street, 10th Floor
6    Los Angeles, California 90017-2543
     Telephone: (213) 443-3000
7    Facsimile: (213) 443-3100

8  Attorneys for Mattel, Inc.

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11                  EASTERN DIVISION

12  CARTER BRYANT, an individual,       CASE NO. CV 04-9049 SGL (RNBx)

13                Plaintiff,            Consolidated with
                                        Case No. CV 04-09059
14      v.                              Case No. CV 05-02727

15  MATTEL, INC., a Delaware           MATTEL, INC.'S FIRST SET OF
    corporation,                       REQUESTS FOR DOCUMENTS AND
16                                      THINGS TO ISAAC LARIAN
                  Defendant.
17

18  AND CONSOLIDATED CASES.

19
20
21
22
23
24
25
26
27
28

07209/2142932.1

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

Exhibit E, Page 100

1        Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Mattel,
2  Inc. hereby requests that defendant Isaac Larian ("Larian") respond to these
3  document requests ("Requests") and make available for inspection and copying
4  originals of the following documents within 30 days of service at the offices of
5  Quinn Emanuel Urquhart Oliver & Hedges, LLP, 865 South Figueroa Street, 10th
6  floor, Los Angeles, CA 90017. Larian shall be obligated to supplement the
7  responses to these Requests at such times and to the extent required by Rule 26(e) of
8  the Federal Rules of Civil Procedure.

9

10  **I.    DEFINITIONS**

11

12        For purposes of these Requests, the following definitions apply:
13        A.     "YOU," "YOUR" and "LARIAN" mean Isaac Larian and any
14  individual or entity acting directly or indirectly by, through, under or on behalf of
15  Isaac Larian, including but not limited to current or former directors, officers,
16  agents, attorneys, employees, partners, joint venturers, contractors, accountants, or
17  representatives of Isaac Larian or any entity under the control or direction of Isaac
18  Larian (including but not limited to MGA), and any corporation, partnership,
19  association, trust, predecessor-in-interest and successor-in-interest, and any other
20  PERSON acting on behalf of Isaac Larian or pursuant to his authority or subject to
21  his control.

22        B.     "MGA" means MGA Entertainment, Inc. and all current or
23  former directors, officers, employees, agents, contractors, attorneys, accountants,
24  representatives, subsidiaries, divisions, AFFILIATES, predecessors-in-interest and
25  successors-in-interest, and any other PERSON acting on its behalf, pursuant to its
26  authority or subject to its control.

27        C.     "MATTEL" means Mattel, Inc. and all current or former
28  directors, officers, employees, agents, contractors, attorneys, accountants,

7209/2142932.1

-2-

1 || representatives, subsidiaries, divisions, AFFILIATES, predecessors-in-interest and
2 || successors-in-interest, and any other PERSON acting on its behalf, pursuant to its
3 || authority or subject to its control.

4 ||          D.     "BRYANT" means Carter Bryant, any of his current or former
5 || agents, representatives, attorneys, employees, partners, joint venturers,
6 || predecessors-in-interest and successors-in-interest, and any other PERSON acting
7 || on his behalf, pursuant to his authority or subject to his control. For purposes of
8 || these Requests, "MGA" and "LARIAN" do not include "BRYANT."

9 ||          E.     "DOCUMENT" or "DOCUMENTS" means all "writings" and
10 || "recordings" as those terms are defined in <u>Rule</u> 1001 of the <u>Federal Rules of</u>
11 || <u>Evidence</u> and <u>Rule</u> 34 of the <u>Federal Rules of Civil Procedure</u> and shall include all
12 || writings, including but not limited to handwriting, typewriting, printing, image,
13 || photograph, photocopy, digital file of any kind, transmittal by (or as an attachment
14 || to) electronic mail (including instant messages and text messages) or facsimile,
15 || video and audio recordings, and every other means of recording upon any tangible
16 || thing, any form of communication or representation, and any record thereby created,
17 || regardless of the manner in which the record has been stored, and all non-identical
18 || copies of such DOCUMENTS, in the possession, custody, or control of YOU,
19 || YOUR counsel, or any other PERSON acting on YOUR behalf.

20 ||          F.     "COMMUNICATION," in the plural as well as the singular,
21 || means any transmittal and/or receipt of information, whether such was oral or
22 || written, and whether such was by chance, prearranged, formal or informal, and
23 || specifically includes, but is not limited to, conversations in person, telephone
24 || conversations, electronic mail (including instant messages and text messages),
25 || voicemail, letters, memoranda, statements, media releases, magazine and newspaper
26 || articles, and video and audio transmissions.

27 ||          G.     "DESIGN" or "DESIGNS" means any and all representations,
28 || whether two-dimensional or three-dimensional, and whether in tangible, digital,

37209/2142932.1

1   electronic or other form, including but not limited to all works, designs, artwork,

2   sketches, drawings, illustrations, representations, depictions, blueprints, schematics,

3   diagrams, images, sculptures, prototypes, models, samples, rotocasts, reductions to

4   practice, developments, concepts, ideas, inventions and/or improvements, as well as

5   all other items, things and DOCUMENTS in which any of the foregoing are or have

6   been expressed, embodied, contained, fixed or reflected in any manner, whether in

7   whole or in part.

8          H.   "BRATZ" means any project, product, doll or DESIGN or any

9   portion thereof ever known by that name, that is now or has ever been known as, or

10   sold or marketed under, the name or term "Bratz" or that is now or has ever been

11   sold or marketed as part of the "Bratz" line, including without limitation all

12   prototypes, models, samples and versions thereof. As used herein, "products, dolls

13   or DESIGNS or any portion thereof" also includes without limitation any names,

14   fashions, accessories, artwork, packaging or any other works, materials, matters or

15   items included or associated therewith. Without limiting the generality of the

16   foregoing, "BRATZ" includes any such project, product, doll or DESIGN,

17   regardless of what any such project, product, doll or DESIGN has in fact been

18   called, and regardless of what any such project, product, doll or DESIGN is or has

19   been also, previously or subsequently called. Also without limiting the generality of

20   the foregoing, and contrary to MGA's recent assertions in connection with other

21   Mattel discovery requests, the term "BRATZ" does not require that there be a doll

22   existing at the time of the event, incident or occurrence that is the subject of, or

23   otherwise relevant or responsive to, the Requests herein.

24          I.   "ANGEL" refers to those projects, products, dolls or DESIGNS

25   or any portion thereof, sometimes called "Angel Faces" and/or "Prayer Angels," that

26   MGA has claimed are the subject of MGA000706-08, MGA000710-12,

27   MGA000714-16, MGA000718-20, MGA000724-28 and MGA000734, including

28   without limitation all prototypes, models, samples and versions thereof. As used

7209/2142932.1

1   herein, "products, dolls or DESIGNS or any portion thereof" also includes without
2   limitation any names, fashions, accessories, artwork, packaging or any other works,
3   materials, matters or items included or associated therewith.  Without limiting the
4   generality of the foregoing, "ANGEL" includes any such project, product, doll or
5   DESIGN, regardless of what any such project, product, doll or DESIGN has in fact
6   been called, and regardless of what any such project, product, doll or DESIGN is or
7   has been also, previously or subsequently called.  Also without limiting the
8   generality of the foregoing, and contrary to MGA's recent assertions in connection
9   with other Mattel discovery requests, the term "ANGEL" does not require that there
10  be a doll existing at the time of the event, incident or occurrence that is the subject
11  of, or otherwise relevant or responsive to, the Requests herein.

12       J.     "AFFILIATES" means any and all corporations, proprietorships,
13  d/b/a's, partnerships, joint ventures and business entities of any kind that, directly or
14  indirectly, in whole or in part, own or control, are under common ownership or
15  control with, or are owned or controlled by a PERSON, party or entity, including
16  without limitation each parent, subsidiary and joint venture of such PERSON, party
17  or entity.

18       K.     "IDENTIFY" or "IDENTITY" means the following:

19            (a)    With reference to an individual, means such individual's
20  name, current or last known business title, current or last known business affiliation,
21  current or last known relationship to YOU, current or last known residential and
22  business address, and current or last known telephone number.

23            (b)    With reference to an entity or governmental organization,
24  means such entity's or organization's name, present or last-known address, and
25  present or last-known telephone number and the IDENTITY of each individual who
26  has served or participated as a contact for or on behalf of such entity or organization.

27            (c)    With reference to an account with a bank or financial
28  institution, means the name and address of the bank or financial institution, the

-5-
MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

1  account number(s) for or otherwise associated with such account and the name of

2  each holder, including without limitation each beneficial holder, of each such

3  account.

4          (d)     With reference to a STORAGE DEVICE, means the

5  manufacturer name, brand, model name and number, serial number and all other

6  manufacturer identifiers, and the technical specifications and capacities of such

7  STORAGE DEVICE.

8          L.      "ACTION" means this action now consolidated under Case No.

9  04-9049 before the Hon. Stephen Larson and formerly Mattel, Inc. v. Bryant, first

10  filed in Los Angeles County Superior Court; Bryant v. Mattel, Inc.; and MGA

11  Entertainment, Inc. v. Mattel, Inc.; and all counterclaims, cross-claims and defenses

12  therein.

13          M.      "DIGITAL INFORMATION" means any information created or

14  stored digitally, including but not limited to electronically, magnetically or optically.

15          N.      "STORAGE DEVICE" means any computer hard drive,

16  memory, USB device, tape, storage array or any other device or medium that allows

17  a user, whether permanently, temporarily or otherwise, to create, generate, prepare,

18  transmit, copy,  retain, store or maintain DIGITAL INFORMATION.

19          O.      "FAMILY MEMBER" means any PERSON who at any time is,

20  was or has been a parent, spouse, or child of another PERSON.

21          P.      "RELATING," "RELATING TO," "REFERRING OR

22  RELATING TO," or "REFER OR RELATE TO" means any and all of the following

23  terms and their synonyms:  refer to, discuss, constitute, evidence, pertain to,

24  mention, support, contradict, negate, bear on, touch on, contain, embody, reflect,

25  identify, state, deal with, concern, comment on, summarize, respond to, relate to, or

26  describe.

27          Q.      "PERSON," in the plural as well as the singular, means any

28  natural person, association, partnership, corporation, joint venture, government

1  entity, organization, trust, institution, proprietorship, or any other entity recognized
2  as having an existence under the laws in the United States or any other nation.

3        R.    "BRATZ PRODUCT" means any product, whether two-
4  dimensional or three-dimensional, and whether in tangible, digital, electronic or
5  other form: (i) that is or has ever been distributed, marketed or sold under the name
6  "Bratz" or as part of the "Bratz" line; (ii) that depicts, incorporates, embodies,
7  consists of or REFERS OR RELATES TO BRATZ; and/or (iii) that is or has ever
8  been distributed, marketed or sold in any packaging that includes the name "Bratz"
9  or depicts, incorporates, embodies, consists of or REFERS OR RELATES TO
10 BRATZ.

11       S.    "BRATZ DOLL" means any doll that is or has ever been
12 distributed, marketed, sold or offered for sale under the name "Bratz" or as part of
13 the "Bratz" line.

14       T.    "BRATZ MOVIE" means any motion picture or film that
15 depicts, incorporates, embodies, consists of or REFERS OR RELATES TO BRATZ
16 or any BRATZ DESIGN.

17       U.    "BRATZ TELEVISION SHOW" means any production
18 exhibited on television that depicts, incorporates, embodies, consists of or REFERS
19 OR RELATES TO BRATZ or any BRATZ DESIGN.

20       V.    "DIVA STARZ" means any project, product, doll or DESIGN or
21 any portion thereof ever known by that name, that is now or has ever been known
22 as, or sold or marketed under, the name or term "DIVA STARZ" or that is now or
23 has ever been sold or marketed as part of the "DIVA STARZ" line, including
24 without limitation "Chat Girls," "Brats," and "Chat Brats," and including without
25 limitation all prototypes, models, samples and versions thereof. As used herein,
26 "products, dolls or DESIGNS or any portion thereof" also includes without
27 limitation any names, fashions, accessories, artwork, packaging or any other works,
28 materials, matters or items included or associated therewith. Without limiting the

J7209/2142932.1

1  generality of the foregoing, "DIVA STARZ" includes any such project, product, doll

2  or DESIGN, regardless of what any such project, product, doll or DESIGN has in

3  fact been called, and regardless of what any such project, product, doll or DESIGN

4  is or has been also, previously or subsequently called.  Also without limiting the

5  generality of the foregoing, and contrary to MGA's recent assertions in connection

6  with other Mattel discovery requests, the term "DIVA STARZ" does not require that

7  there be a doll existing at the time of the event, incident or occurrence that is the

8  subject of, or otherwise relevant or responsive to, the Requests herein.

9        W.    The singular form of a noun or pronoun includes within its

10  meaning the plural form of the noun or pronoun so used, and *vice versa*; the use of

11  the masculine form of a pronoun also includes within its meaning the feminine form

12  of the pronoun so used, and *vice versa*; the use of any tense of any verb includes

13  also within its meaning all other tenses of the verb so used, whenever such

14  construction results in a broader request for information; and "and" includes "or"

15  and *vice versa*, whenever such construction results in a broader disclosure of

16  documents or information

17

18  **II.    INSTRUCTIONS**

19

20        A.    YOU are to produce all requested DOCUMENTS in YOUR

21  possession, custody or control.

22        B.    If YOU contend that YOU are not required to produce certain

23  DOCUMENTS called for by these Requests on the grounds of a privilege or

24  protection that YOU are not prepared to waive, identify each such DOCUMENT

25  and provide the following information:

26        1.        the date and type of the DOCUMENT, the author(s) and

27                all recipients;

28

'209/2142932.1

-8-

1   2.        the privilege or protection that YOU claim permits YOU

2             to withhold the DOCUMENT;

3   3.        the title and subject matter of the DOCUMENT;

4   4.        any additional facts on which YOU base YOUR claim of

5             privilege or protection; and

6   5.        the identity of the current custodian of the original of the

7             DOCUMENT.

8        C.   DOCUMENTS shall be produced in their original file folders, or

9   in lieu thereof, any writing on the file folder from which each such DOCUMENT is

10  taken shall be copied and appended to such DOCUMENT and the PERSON for

11  whom or department, division or office for which the DOCUMENT or the file

12  folder is maintained shall be identified.

13       D.   The DOCUMENTS should be produced in their complete and

14  unaltered form. Attachments to DOCUMENTS should not be removed. The

15  DOCUMENTS should not be cut-up, pasted over, redacted or altered in any way for

16  any reason, including alleged nonrelevance. If emails are produced that had

17  attachments, the attachments shall be attached when produced.

18       E.   DOCUMENTS in electronic form shall be produced in that form.

19       F.   In the event that any DOCUMENT called for by these requests

20  has been destroyed or discarded, that DOCUMENT is to be identified by stating:

21  1.        the date and type of the DOCUMENT, the author(s) and

22            all recipients;

23  2.        the DOCUMENT's date, subject matter, number of pages,

24            and attachments or appendices;

25  3.        the date of destruction or discard, manner of destruction

26            or discard, and reason for destruction or discard;

27  4.        the PERSONS who were authorized to carry out such

28            destruction or discard;

07209/2142932.1

-9-

1        5.       the PERSONS who have knowledge of the content,

2                 origins, distribution and destruction of the DOCUMENT;

3                 and

4        6.       whether any copies of the document exist and, if so, the

5                 name of the custodian of each copy.

6

7   **III.    REQUESTS FOR DOCUMENTS AND THINGS**

8

9   <u>REQUEST FOR PRODUCTION NO. 1</u>:

10       All DOCUMENTS prepared, drafted, written, transmitted or received

11   (whether in whole or in part) prior to December 31, 2001 RELATING TO BRATZ.

12

13   <u>REQUEST FOR PRODUCTION NO. 2</u>:

14       All DOCUMENTS RELATING TO BRATZ and RELATING TO any

15   time prior to December 31, 2001 (regardless of when such DOCUMENT was

16   prepared, written, transmitted or received, whether in whole or in part).

17

18   <u>REQUEST FOR PRODUCTION NO. 3</u>:

19       All DOCUMENTS RELATING TO the origin(s), conception and

20   creation of BRATZ, including without limitation all DOCUMENTS RELATING

21   TO the timing and the method and manner in which BRATZ first came to YOUR or

22   MGA's attention.

23

24   <u>REQUEST FOR PRODUCTION NO. 4</u>:

25       All DOCUMENTS RELATING TO the modeling, prototyping,

26   rotocasting, sculpting or DESIGN of BRATZ at any time prior to June 30, 2001,

27   including without limitation all DOCUMENTS RELATING to the creation,

28   preparation or modification of any three-dimensional representation of BRATZ.

1  REQUEST FOR PRODUCTION NO. 5:

2          All DOCUMENTS RELATING TO any payment or transfer of

3  anything of value made to or on behalf of BRYANT for any DESIGN that

4  BRYANT assigned or transferred to YOU or MGA prior to October 21, 2000,

5  regardless of when such payment was actually made.

6

7  REQUEST FOR PRODUCTION NO. 6:

8          All DOCUMENTS that RELATING TO invoices submitted by

9  BRYANT to YOU or MGA prior to January 31, 2001.

10  .

11  REQUEST FOR PRODUCTION NO. 7:

12          All royalty statements to or for BRYANT.

13

14  REQUEST FOR PRODUCTION NO. 8:

15          All DOCUMENTS RELATING TO BRYANT's participation in the

16  conception, creation, DESIGN, development, sculpting, tooling, production or

17  manufacture of BRATZ.

18

19  REQUEST FOR PRODUCTION NO. 9:

20          All DOCUMENTS RELATING TO COMMUNICATIONS between

21  YOU or MGA and BRYANT and RELATING TO the period prior to December 31,

22  2001 (regardless of when such document was prepared, written, transmitted or

23  received, whether in whole or in part), including without limitation all diaries, notes,

24  calendars, logs, phone records and letters, that reflect, record or memorialize or

25  otherwise RELATING TO any such COMMUNICATIONS.

26

27

28

07209/2142932.1

-11-
MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

1   REQUEST FOR PRODUCTION NO. 10:

2            All DOCUMENTS RELATING TO COMMUNICATIONS between

3   YOU or MGA and BRYANT prior to December 31, 2001, including without

4   limitation all diaries, notes, calendars, logs, phone records and letters, that reflect,

5   record or memorialize or otherwise RELATING TO any such

6   COMMUNICATIONS.

7

8   REQUEST FOR PRODUCTION NO. 11:

9            All COMMUNICATIONS between YOU or MGA and BRYANT prior

10   to December 31, 2001.

11

12   REQUEST FOR PRODUCTION NO. 12:

13            All DOCUMENTS RELATING TO COMMUNICATIONS between

14   YOU or MGA and BRYANT prior to December 31, 2001 (regardless of when such

15   DOCUMENT was prepared, written, transmitted or received, whether in whole or in

16   part), including without limitation all diaries, notes, calendars, logs, phone records

17   and letters, that reflect, record or memorialize or otherwise RELATING TO any

18   such COMMUNICATIONS.

19

20   REQUEST FOR PRODUCTION NO. 13:

21            All COMMUNICATIONS RELATING TO BRATZ between YOU or

22   MGA and any PERSON prior to December 31, 2001.

23

24   REQUEST FOR PRODUCTION NO. 14:

25            All DOCUMENTS RELATING TO COMMUNICATIONS between

26   YOU or MGA and any PERSON and RELATING TO the period prior to December

27   31, 2001 (regardless of when such DOCUMENT was prepared, written, transmitted

28   or received, whether in whole or in part), including without limitation all diaries,

1  notes, calendars, logs, phone records and letters, that reflect, record or memorialize
2  or otherwise RELATING TO any such COMMUNICATIONS.

3

4  REQUEST FOR PRODUCTION NO. 15:
5          All COMMUNICATIONS RELATING TO BRATZ between YOU or
6  MGA and BRYANT.

7

8  REQUEST FOR PRODUCTION NO. 16:
9          All DOCUMENTS RELATING TO BRYANT's employment by
10  MATTEL.

11

12  REQUEST FOR PRODUCTION NO. 17:
13          All DOCUMENTS RELATING TO YOUR or MGA's knowledge of
14  BRYANT's employment by MATTEL.

15

16  REQUEST FOR PRODUCTION NO. 18:
17          All DOCUMENTS RELATING TO DESIGNS that BRYANT
18  produced, prepared, created, authored, conceived of or reduced to practice, whether
19  alone or jointly with others, prior to December 31, 2001.

20

21  REQUEST FOR PRODUCTION NO. 19:
22          All DOCUMENTS RELATING TO DESIGNS produced, prepared,
23  created, authored, conceived of or reduced to practice prior to December 31, 2001
24  by BRYANT, whether alone or jointly with others, in which YOU or MGA have
25  purported at any time to purchase, acquire or own any right, title or interest (whether
26  in whole or in part).

27

28

1 | REQUEST FOR PRODUCTION NO. 20:

2       All DOCUMENTS, including without limitation all

3 COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

4 any agreement or contract between BRYANT and MATTEL.

5

6 | REQUEST FOR PRODUCTION NO. 21:

7       All DOCUMENTS, including without limitation all

8 COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

9 YOUR or MGA's knowledge of any agreement or contract between BRYANT and

10 MATTEL.

11

12 | REQUEST FOR PRODUCTION NO. 22:

13       All DOCUMENTS RELATING TO any payment or transfer of

14 anything of value made to or on behalf of BRYANT prior to October 21, 2000 or for

15 work or services performed by BRYANT prior to October 21, 2000 regardless of

16 when such payment was actually made.

17

18 | REQUEST FOR PRODUCTION NO. 23:

19       All DOCUMENTS RELATING TO any agreement or contract

20 between YOU or MGA, on the one hand, and BRYANT, on the other hand,

21 including without limitation all drafts thereof, all actual or proposed amendments,

22 modifications and revisions thereto and all COMMUNICATIONS RELATING

23 thereto.

24

25 | REQUEST FOR PRODUCTION NO. 24:

26       All doll heads, sculpts, prototypes, models, samples and tangible items

27 that were created, prepared or made, whether in whole or in part, prior to December

28 31, 2001 RELATING TO BRATZ.

1  REQUEST FOR PRODUCTION NO. 25:

2           All doll heads, sculpts, prototypes, models, samples and tangible items

3  that were created, prepared or made, whether in whole or in part, prior to December

4  31, 2001 RELATING TO ANGEL.

5

6  REQUEST FOR PRODUCTION NO. 26:

7           All DOCUMENTS RELATING TO each and every sculpt of BRATZ

8  (including without limitation any model, prototype or sample thereof) prior to June

9  1, 2001.

10

11  REQUEST FOR PRODUCTION NO. 27:

12           All DOCUMENTS RELATING TO each and every sculpt of ANGEL

13  (including without limitation any model, prototype or sample thereof).

14

15  REQUEST FOR PRODUCTION NO. 28:

16           All DOCUMENTS RELATING TO the procurement, fabrication,

17  preparation and production of each and every mold for BRATZ (including without

18  limitation for any model, prototype or sample thereof) prior June 30, 2001,

19  including without limitation all orders, purchase orders and invoices relating thereto.

20

21  REQUEST FOR PRODUCTION NO. 29:

22           DOCUMENTS sufficient to show when any mold for ANGEL

23  (including without limitation for any model, prototype or sample thereof) was first

24  ordered, requested, procured, fabricated, prepared and produced.

25

26  REQUEST FOR PRODUCTION NO. 30:

27           All DOCUMENTS RELATING TO any showing, presentation or

28  exhibition, or any proposed, offered or requested showing, presentation or

-15-

1 exhibition, of BRATZ (including without limitation any model, prototype or sample
2 thereof) prior to June 30, 2001.

3

4 REQUEST FOR PRODUCTION NO. 31:
5         DOCUMENTS sufficient to show when ANGEL (including without
6 limitation any model, prototype or sample thereof) was first exhibited, shown or
7 presented to any third party.

8

9 REQUEST FOR PRODUCTION NO. 32:
10         All COMMUNICATIONS between YOU or MGA and any wholesaler,
11 distributor, and/or retailer RELATING TO BRATZ prior to December 31, 2001.

12

13 REQUEST FOR PRODUCTION NO. 33:
14         All COMMUNICATIONS between YOU or MGA and any wholesaler,
15 distributor, and/or retailer RELATING TO ANGEL.

16

17 REQUEST FOR PRODUCTION NO. 34:
18         All DOCUMENTS RELATING TO when and where BRATZ
19 (including without limitation any model, prototype or sample thereof) was first
20 marketed to any wholesaler, distributor and/or retailer.

21

22 REQUEST FOR PRODUCTION NO. 35:
23         All DOCUMENTS RELATING TO when and where ANGEL
24 (including without limitation any model, prototype or sample thereof) was first
25 marketed to any wholesaler, distributor and/or retailer.

26

27

28

'209/2142932.1

-16-
MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

1  REQUEST FOR PRODUCTION NO. 36:

2          DOCUMENTS sufficient to show when and where BRATZ was first

3  shipped, distributed and sold.

4

5  REQUEST FOR PRODUCTION NO. 37:

6          DOCUMENTS sufficient to show when and where ANGEL was first

7  shipped, distributed and sold.

8

9  REQUEST FOR PRODUCTION NO. 38:

10          All DOCUMENTS RELATING TO the licensing, including without

11  limitation the proposed, offered or requested licensing, of BRATZ prior to

12  December 31, 2001.

13

14  REQUEST FOR PRODUCTION NO. 39:

15          All COMMUNICATIONS between YOU or MGA and any

16  manufacturer, or any contemplated, proposed or potential manufacturer,

17  RELATING TO BRATZ prior to December 31, 2001.

18

19  REQUEST FOR PRODUCTION NO. 40:

20          DOCUMENTS sufficient to identify when YOU or MGA first

21  contacted any manufacturer, or any contemplated, proposed or potential

22  manufacturer, for the production or manufacture of ANGEL.

23

24  REQUEST FOR PRODUCTION NO. 41:

25          All COMMUNICATIONS between YOU or MGA and any PERSON

26  that REFER OR RELATE TO the distribution or proposed or potential distribution

27  of BRATZ prior to December 31, 2001.

28

07209/2142932.1

-17-
MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

1  REQUEST FOR PRODUCTION NO. 42:

2      All DOCUMENTS RELATING TO the performance of any agreement

3  or contract between YOU or MGA, on the one hand, and BRYANT, on the other

4  hand.

5

6  REQUEST FOR PRODUCTION NO. 43:

7      All DOCUMENTS RELATING TO the agreement dated as of

8  September 18, 2000 between MGA and BRYANT, including without limitation all

9  drafts thereof, any actual or proposed modifications, amendments or revisions

10  thereto and all COMMUNICATIONS RELATING thereto.

11

12  REQUEST FOR PRODUCTION NO. 44:

13      All DOCUMENTS RELATING TO the Modification and Clarification

14  of the Agreement dated as of September 18, 2000 between MGA and BRYANT,

15  including without limitation all drafts thereof, any actual or proposed modifications,

16  amendments or revisions thereto and all COMMUNICATIONS RELATING

17  thereto.

18

19  REQUEST FOR PRODUCTION NO. 45:

20      All DOCUMENTS RELATING TO the agreement dated April 2001

21  between MGA and BRYANT, including without limitation all drafts thereof, any

22  actual or proposed modifications, amendments or revisions thereto and all

23  COMMUNICATIONS RELATING thereto.

24

25  REQUEST FOR PRODUCTION NO. 46:

26      All DOCUMENTS that RELATING TO any agreement or contract that

27  REFERS AND RELATES TO BRATZ between Isaac Larian and any PERSON

28  (including without limitation MGA), including without limitation all drafts thereof,

1    all actual or proposed amendments, modifications and revisions thereto and all

2    COMMUNICATIONS RELATING thereto.

3

4    <u>REQUEST FOR PRODUCTION NO. 47</u>:

5           All DOCUMENTS RELATING TO the performance of any agreement

6    or contract that REFERS AND RELATES TO BRATZ between Isaac Larian and

7    any PERSON (including without limitation MGA).

8

9    <u>REQUEST FOR PRODUCTION NO. 48</u>:

10           All DOCUMENTS that REFER OR RELATE TO any agreement or

11    contract that REFERS AND RELATES TO BRYANT between Isaac Larian and

12    any PERSON (including without limitation MGA), including without limitation all

13    drafts thereof, all actual or proposed amendments, modifications and revisions

14    thereto and all COMMUNICATIONS RELATING thereto.

15

16    <u>REQUEST FOR PRODUCTION NO. 49</u>:

17           All DOCUMENTS RELATING TO the performance of any agreement

18    or contract that REFERS AND RELATES TO BRYANT between Isaac Larian and

19    any PERSON (including without limitation MGA).

20

21    <u>REQUEST FOR PRODUCTION NO. 50</u>:

22           All DOCUMENTS that REFER OR RELATE TO any agreement or

23    contract that REFERS AND RELATES TO BRATZ between any FAMILY

24    MEMBER of Isaac Larian and any PERSON (including without limitation MGA

25    and/or Isaac Larian), including without limitation all drafts thereof, all actual or

26    proposed amendments, modifications and revisions thereto and all

27    COMMUNICATIONS RELATING thereto.

28

1 | REQUEST FOR PRODUCTION NO. 51:

2            All DOCUMENTS RELATING TO the performance of any agreement
3 | or contract that REFERS AND RELATES TO BRATZ between any FAMILY
4 | MEMBER of Isaac Larian and any PERSON (including without limitation MGA
5 | and/or Isaac Larian).

6

7 | REQUEST FOR PRODUCTION NO. 52:

8            All DOCUMENTS RELATING TO any agreement or contract that
9 | REFERS AND RELATES TO BRYANT between any FAMILY MEMBER of
10 | Isaac Larian and any PERSON (including without limitation MGA and/or Isaac
11 | Larian), including without limitation all drafts thereof, all actual or proposed
12 | amendments, modifications and revisions thereto and all COMMUNICATIONS
13 | RELATING thereto.

14

15 | REQUEST FOR PRODUCTION NO. 53:

16            All DOCUMENTS RELATING TO the performance of any agreement
17 | or contract that REFERS AND RELATES TO BRYANT between any FAMILY
18 | MEMBER of Isaac Larian and any PERSON (including without limitation MGA
19 | and/or Isaac Larian).

20

21 | REQUEST FOR PRODUCTION NO. 54:

22            All DOCUMENTS RELATING TO royalties or payments RELATING
23 | TO BRATZ that have been made by any PERSON (including without limitation
24 | MGA) to, for or on behalf of Isaac Larian.

25

26

27

28

7209/2142932.1

-20-
MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

1  REQUEST FOR PRODUCTION NO. 55:

2        All DOCUMENTS RELATING TO royalties or payments RELATING

3  TO BRATZ that have been made by any PERSON (without limitation MGA) to, for

4  or on behalf of any FAMILY MEMBER of Isaac Larian.

5

6  REQUEST FOR PRODUCTION NO. 56:

7        All DOCUMENTS RELATING TO DIVA STARZ and RELATING

8  TO any time prior to December 31, 2001 (regardless of when such document was

9  prepared, written, transmitted or received, whether in whole or in part).

10

11  REQUEST FOR PRODUCTION NO. 57:

12        All DOCUMENTS RELATING TO YOUR or MGA's knowledge of

13  DIVA STARZ and RELATING TO any time prior to December 31, 2001

14  (regardless of when such document was prepared, written, transmitted or received,

15  whether in whole or in part).

16

17  REQUEST FOR PRODUCTION NO. 58:

18        All DOCUMENTS RELATING TO MATTEL's consideration or

19  proposed use of "Brats," "Chat Brats" or any variation thereon and RELATING TO

20  any time prior to December 31, 2001 (regardless of when such document was

21  prepared, written, transmitted or received, whether in whole or in part).

22

23  REQUEST FOR PRODUCTION NO. 59:

24        All DOCUMENTS RELATING TO "Toon Teens."

25

26  REQUEST FOR PRODUCTION NO. 60:

27        All DOCUMENTS RELATING TO YOUR or MGA's knowledge of

28  "Toon Teens."

-21-

1

2

3 | REQUEST FOR PRODUCTION NO. 61:

4 |      All DOCUMENTS, including without limitation

5 | COMMUNICATIONS, prepared, drafted, created, received or transmitted (whether

6 | in whole or in part) prior to December 31, 2001 RELATING TO BRYANT.

7

8 | REQUEST FOR PRODUCTION NO. 62:

9 |      All DOCUMENTS RELATING TO any actual, potential, proposed,

10 | considered or contemplated work, activities or services, including without limitation

11 | any freelance work or consulting services, by BRYANT for, with or on behalf of

12 | YOU or MGA prior to December 31, 2001 (regardless of when any such

13 | DOCUMENT was prepared, created, received or transmitted, whether in whole or in

14 | part).

15

16 | REQUEST FOR PRODUCTION NO. 63:

17 |      All DOCUMENTS RELATING TO any actual, potential, proposed,

18 | considered or contemplated work, activities or services, including without limitation

19 | any freelance work or consulting services, by Anna Rhee for, with or on behalf of

20 | YOU or MGA prior to December 31, 2001 (regardless of when any such

21 | DOCUMENT was prepared, created, received or transmitted, whether in whole or in

22 | part).

23

24 | REQUEST FOR PRODUCTION NO. 64:

25 |      All DOCUMENTS RELATING TO any actual, potential, proposed,

26 | considered or contemplated work, activities or services, including without limitation

27 | any freelance work or consulting services, by Veronica Marlow for, with or on

28 | behalf of YOU or MGA prior to December 31, 2001 (regardless of when any such

J7209/2142932.1

-22-

1  DOCUMENT was prepared, created, received or transmitted, whether in whole or in
2  part).

3

4  REQUEST FOR PRODUCTION NO. 65:

5          All DOCUMENTS RELATING TO any actual, potential, proposed,
6  considered or contemplated work, activities or services, including without limitation
7  any freelance work or consulting services, by Sarah Halpern for, with or on behalf
8  of YOU or MGA prior to December 31, 2001 (regardless of when any such
9  DOCUMENT was prepared, created, received or transmitted, whether in whole or in
10 part).

11

12 REQUEST FOR PRODUCTION NO. 66:

13         All DOCUMENTS RELATING TO any actual, potential, proposed,
14 considered or contemplated work, activities or services, including without limitation
15 any freelance work or consulting services, by Jesse Ramirez for, with or on behalf of
16 YOU or MGA prior to December 31, 2001 (regardless of when any such
17 DOCUMENT was prepared, created, received or transmitted, whether in whole or in
18 part).

19

20 REQUEST FOR PRODUCTION NO. 67:

21         All DOCUMENTS RELATING TO any actual, potential, proposed,
22 considered or contemplated work, activities or services, including without limitation
23 any freelance work or consulting services, by Margaret Hatch (also known as
24 Margaret Leahy and/or Margaret Hatch-Leahy) for, with or on behalf of YOU or
25 MGA prior to December 31, 2001 (regardless of when any such DOCUMENT was
26 prepared, created, received or transmitted, whether in whole or in part).

27

28

1  REQUEST FOR PRODUCTION NO. 68:

2          All DOCUMENTS RELATING TO any actual, potential, proposed,

3  considered or contemplated work, activities or services, including without limitation

4  any freelance work or consulting services, by Elise Cloonan for, with or on behalf of

5  YOU or MGA.

6

7  REQUEST FOR PRODUCTION NO. 69:

8          All DOCUMENTS RELATING TO any actual, potential, proposed,

9  considered or contemplated work, activities or services, including without limitation

10  any freelance work or consulting services, by Maureen Mullen for, with or on behalf

11  of YOU or MGA.

12

13  REQUEST FOR PRODUCTION NO. 70:

14          All DOCUMENTS RELATING TO any actual, potential, proposed,

15  considered or contemplated work, activities or services, including without limitation

16  any freelance work or consulting services, by Billy Ragsdale for, with or on behalf

17  of YOU or MGA.

18

19  REQUEST FOR PRODUCTION NO. 71:

20          All DOCUMENTS RELATING TO any actual, potential, proposed,

21  considered or contemplated work, activities or services, including without limitation

22  any freelance work or consulting services, by Wendy Ragsdale for, with or on

23  behalf of YOU or MGA.

24

25  REQUEST FOR PRODUCTION NO. 72:

26          All DOCUMENTS RELATING TO any actual, potential, proposed,

27  considered or contemplated work, activities or services, including without limitation

28

07209/2142932.1

-24-

1  any freelance work or consulting services, by David Dees for, with or on behalf of
2  YOU or MGA.
3
4  REQUEST FOR PRODUCTION NO. 73:
5          All DOCUMENTS RELATING TO any actual, potential, proposed,
6  considered or contemplated work, activities or services, including without limitation
7  any freelance work or consulting services, by Steve Linker for, with or on behalf of
8  YOU or MGA.
9
10 REQUEST FOR PRODUCTION NO. 74:
11         All DOCUMENTS RELATING TO Steve Linker and RELATING TO
12 any time prior to December 31, 2001 (regardless of when such document was
13 prepared, written, transmitted or received, whether in whole or in part).
14
15 REQUEST FOR PRODUCTION NO. 75:
16         All DOCUMENTS RELATING TO any actual, potential, proposed,
17 considered or contemplated work, activities or services, including without limitation
18 any freelance work or consulting services, by Liz Hogan for, with or on behalf of
19 YOU or MGA.
20
21 REQUEST FOR PRODUCTION NO. 76:
22         All DOCUMENTS RELATING TO any actual, potential, proposed,
23 considered or contemplated work, activities or services, including without limitation
24 any freelance work or consulting services, by Amy Meyers for, with or on behalf of
25 YOU or MGA.
26
27
28

J7209/2142932.1

-25-

Exhibit E, Page 124

1 REQUEST FOR PRODUCTION NO. 77:

2          To the extent not covered by other Requests, all DOCUMENTS

3 RELATING TO any actual, potential, proposed, considered or contemplated work,

4 activities or services, including without limitation any freelance work or consulting

5 services, by any PERSON RELATING TO BRATZ prior to December 31, 2001.

6

7 REQUEST FOR PRODUCTION NO. 78:

8          To the extent not covered by other Requests, all DOCUMENTS

9 RELATING TO any actual, potential, proposed, considered or contemplated work,

10 activities or services, including without limitation any freelance work or consulting

11 services, by any PERSON RELATING TO ANGEL prior to December 31, 2001.

12

13 REQUEST FOR PRODUCTION NO. 79:

14          All DOCUMENTS RELATING TO any focus groups RELATING TO

15 BRATZ and/or ANGEL, including without limitation all videotapes, summaries,

16 notes and reports associated therewith.

17

18 REQUEST FOR PRODUCTION NO. 80:

19          All DOCUMENTS RELATING TO any services or work performed by

20 L.A. Focus between January 1, 1999 and December 31, 2001, including without

21 limitation all videotapes, summaries, notes and reports associated therewith.

22

23 REQUEST FOR PRODUCTION NO. 81:

24          All DOCUMENTS RELATING TO Alaska Momma.

25

26 REQUEST FOR PRODUCTION NO. 82:

27          All DOCUMENTS RELATING TO any actual, potential, proposed,

28 considered or contemplated agreement or contract between YOU or MGA and Anna

209/2142932.1
-26-

1 | Rhee, including without limitation all drafts thereof and amendments, modifications

2 | and revisions thereto, and all COMMUNICATIONS relating thereto.

3 |

4 | REQUEST FOR PRODUCTION NO. 83:

5 | All DOCUMENTS RELATING TO any payments of money or the

6 | transfer of anything of value to Anna Rhee or her FAMILY MEMBERS.

7 |

8 | REQUEST FOR PRODUCTION NO. 84:

9 | All DOCUMENTS RELATING TO any actual, potential, proposed,

10 | considered or contemplated agreement or contract between YOU or MGA and

11 | Veronica Marlow or her FAMILY MEMBERS, including without limitation all

12 | drafts thereof and amendments, modifications and revisions thereto, and all

13 | COMMUNICATIONS relating thereto.

14 |

15 | REQUEST FOR PRODUCTION NO. 85:

16 | All DOCUMENTS RELATING TO any payments of money or the

17 | transfer of anything of value to Veronica Marlow or her FAMILY MEMBERS.

18 |

19 | REQUEST FOR PRODUCTION NO. 86:

20 | All DOCUMENTS RELATING TO any actual, potential, proposed,

21 | considered or contemplated agreement or contract between YOU or MGA and

22 | Margaret Hatch (also known as Margaret Leahy and/or Margaret Hatch-Leahy) or

23 | her FAMILY MEMBERS, including without limitation all drafts thereof and

24 | amendments, modifications and revisions thereto, and all COMMUNICATIONS

25 | relating thereto.

26 |

27 |

28 |

1  REQUEST FOR PRODUCTION NO. 87:

2          All DOCUMENTS RELATING TO any payments of money or the

3  transfer of anything of value to Margaret Hatch (also known as Margaret Leahy

4  and/or Margaret Hatch-Leahy) or her FAMILY MEMBERS.

5

6  REQUEST FOR PRODUCTION NO. 88:

7          All DOCUMENTS RELATING TO any actual, potential, proposed,

8  considered or contemplated agreement or contract between YOU or MGA and Sarah

9  Halpern or her FAMILY MEMBERS, including without limitation all drafts thereof

10  and amendments, modifications and revisions thereto, and all

11  COMMUNICATIONS relating thereto.

12

13  REQUEST FOR PRODUCTION NO. 89:

14          All DOCUMENTS RELATING TO any payments of money or the

15  transfer of anything of value to Sarah Halpern or her FAMILY MEMBERS.

16

17  REQUEST FOR PRODUCTION NO. 90:

18          All DOCUMENTS RELATING TO any actual, potential, proposed,

19  considered or contemplated agreement or contract between YOU or MGA and Jesse

20  Ramirez or his FAMILY MEMBERS, including without limitation all drafts thereof

21  and amendments, modifications and revisions thereto, and all

22  COMMUNICATIONS relating thereto.

23

24  REQUEST FOR PRODUCTION NO. 91:

25          All DOCUMENTS RELATING TO any actual, potential, proposed,

26  considered or contemplated agreement or contract between YOU or MGA and Elise

27  Cloonan or her FAMILY MEMBERS, including without limitation all drafts thereof

28

17209/2142932.1

1  and amendments, modifications and revisions thereto, and all

2  COMMUNICATIONS relating thereto.

3

4  REQUEST FOR PRODUCTION NO. 92:

5          All DOCUMENTS RELATING TO any payments of money or the

6  transfer of anything of value to Elise Cloonan or her FAMILY MEMBERS.

7

8  REQUEST FOR PRODUCTION NO. 93:

9          All DOCUMENTS RELATING TO any actual, potential, proposed,

10  considered or contemplated agreement or contract between YOU or MGA and

11  Stephen Lee or his FAMILY MEMBERS at any time after January 1, 2003,

12  including without limitation all drafts thereof and amendments, modifications and

13  revisions thereto, and all COMMUNICATIONS relating thereto.

14

15  REQUEST FOR PRODUCTION NO. 94:

16          All DOCUMENTS RELATING TO any actual, potential, proposed,

17  considered or contemplated agreement or contract between YOU or MGA and

18  David Dees or his FAMILY MEMBERS, including without limitation all drafts

19  thereof and amendments, modifications and revisions thereto, and all

20  COMMUNICATIONS relating thereto.

21

22  REQUEST FOR PRODUCTION NO. 95:

23          All DOCUMENTS RELATING TO any payments of money or the

24  transfer of anything of value to David Dees or her FAMILY MEMBERS.

25

26  REQUEST FOR PRODUCTION NO. 96:

27          All DOCUMENTS RELATING TO any actual, potential, proposed,

28  considered or contemplated agreement or contract between YOU or MGA and Steve

07209/2142932.1

-29-

1    Linker, including without limitation all drafts thereof and amendments,

2    modifications and revisions thereto, and all COMMUNICATIONS relating thereto.

3

4    REQUEST FOR PRODUCTION NO. 97:

5            All DOCUMENTS RELATING TO any actual, potential, proposed,

6    considered or contemplated agreement or contract between YOU or MGA and Liz

7    Hogan, including without limitation all drafts thereof and amendments,

8    modifications and revisions thereto, and all COMMUNICATIONS relating thereto.

9

10   REQUEST FOR PRODUCTION NO. 98:

11           All DOCUMENTS RELATING TO DESIGNS produced, prepared,

12   created, authored, conceived of or reduced to practice prior to December 31, 2001

13   by Margaret Hatch (also known as Margaret Leahy and/or Margaret Hatch-Leahy),

14   whether alone or jointly with others, in which YOU or MGA have purported at any

15   time to purchase, acquire or own any right, title or interest (whether in whole or in

16   part).

17

18   REQUEST FOR PRODUCTION NO. 99:

19           All DOCUMENTS RELATING TO DESIGNS produced, prepared,

20   created, authored, conceived of or reduced to practice prior to December 31, 2001

21   by Anna Rhee, whether alone or jointly with others, in which YOU or MGA have

22   purported at any time to purchase, acquire or own any right, title or interest (whether

23   in whole or in part).

24

25   REQUEST FOR PRODUCTION NO. 100:

26           All DOCUMENTS RELATING TO DESIGNS produced, prepared,

27   created, authored, conceived of or reduced to practice prior to January 1, 2001 by

28   Veronica Marlow, whether alone or jointly with others, in which YOU or MGA

1 | have purported at any time to purchase, acquire or own any right, title or interest

2 | (whether in whole or in part).

3

4 | REQUEST FOR PRODUCTION NO. 101:

5 | All DOCUMENTS RELATING TO DESIGNS produced, prepared,

6 | created, authored, conceived of or reduced to practice by Elise Cloonan, whether

7 | alone or jointly with others, in which YOU or MGA have purported at any time to

8 | purchase, acquire or own any right, title or interest (whether in whole or in part).

9

10 | REQUEST FOR PRODUCTION NO. 102:

11 | All DOCUMENTS prepared, written, transmitted or received (whether

12 | in whole or in part) prior to January 1, 2001 RELATING TO ANGEL.

13

14 | REQUEST FOR PRODUCTION NO. 103:

15 | All DOCUMENTS RELATING TO ANGEL RELATING TO any time

16 | prior to January 1, 2001 (regardless of when such document was prepared, written,

17 | transmitted or received, whether in whole or in part).

18

19 | REQUEST FOR PRODUCTION NO. 104:

20 | All DOCUMENTS, including without limitation all

21 | COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

22 | any agreement or contract between Margaret Hatch (also known as Margaret Leahy

23 | and/or Margaret Hatch-Leahy) and MATTEL.

24

25 | REQUEST FOR PRODUCTION NO. 105:

26 | All DOCUMENTS, including without limitation all

27 | COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

28 | any agreement or contract between Kami Gillmour and MATTEL.

07209/2142932.1

-31-

Exhibit E. Page 130

1   REQUEST FOR PRODUCTION NO. 106:

2           All DOCUMENTS, including without limitation all

3   COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

4   any agreement or contract between Paula Garcia and MATTEL.

5

6   REQUEST FOR PRODUCTION NO. 107:

7           All DOCUMENTS, including without limitation all

8   COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

9   any agreement or contract between Mercedeh Ward and MATTEL.

10

11   REQUEST FOR PRODUCTION NO. 108:

12           All DOCUMENTS, including without limitation all

13   COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

14   any agreement or contract between Jessie Ramirez and MATTEL.

15

16   REQUEST FOR PRODUCTION NO. 109:

17           All DOCUMENTS, including without limitation all

18   COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

19   any agreement or contract between Billy Ragsdale and MATTEL.

20

21

22   REQUEST FOR PRODUCTION NO. 110:

23           All DOCUMENTS, including without limitation all

24   COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

25   any agreement or contract between Wendy Ragsdale and MATTEL.

26

27

28

07209/2142932.1

1    REQUEST FOR PRODUCTION NO. 111:

2               All DOCUMENTS, including without limitation all

3    COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

4    any agreement or contract between Veronica Marlow and MATTEL.

5

6    REQUEST FOR PRODUCTION NO. 112:

7               To the extent not covered by other Requests, all DOCUMENTS,

8    including without limitation all COMMUNICATIONS between YOU or MGA and

9    any PERSON, RELATING TO any agreement or contract between MATTEL, on

10   the one hand, and any former employee of MATTEL who has been hired,

11   considered, solicited or interviewed for any position or potential position or

12   employment by YOU or MGA.

13

14   REQUEST FOR PRODUCTION NO. 113:

15              All COMMUNICATIONS between YOU or MGA and Anne Wang.

16

17   REQUEST FOR PRODUCTION NO. 114:

18              All DOCUMENTS, including without limitation all

19   COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

20   Anne Wang.

21

22   REQUEST FOR PRODUCTION NO. 115:

23              All DOCUMENTS, including without limitation all

24   COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

25   Brooke Gilbert.

26

27

28

07209/2142932.1
                                        -33-
                        MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

1  <u>REQUEST FOR PRODUCTION NO. 116</u>:

2  All COMMUNICATIONS between YOU or MGA and BRYANT

3  RELATING TO MATTEL or any officer, director, employee or representative of

4  MATTEL.

5

6  <u>REQUEST FOR PRODUCTION NO. 117</u>:

7  All declarations, affidavits and other sworn written statements of any

8  other type or form by any PERSON RELATING TO BRATZ (other than those

9  previously filed and served in this ACTION), including all such declarations,

10  affidavits and other sworn written statements of any other type or form by or on

11  behalf of YOU.

12

13  <u>REQUEST FOR PRODUCTION NO. 118</u>:

14  All transcripts and video and/or audio recordings of statements made

15  by any PERSON under oath, including without limitation all deposition transcripts,

16  trial transcripts and arbitration transcripts, RELATING TO BRATZ (other than

17  those taken in this ACTION when MATTEL's counsel was in attendance),

18  including all such transcripts and video and/or audio recordings of statements by or

19  on behalf of YOU.

20

21  <u>REQUEST FOR PRODUCTION NO. 119</u>:

22  All declarations, affidavits and other sworn written statements of any

23  other type or form by any PERSON RELATING TO ANGEL (other than those

24  previously filed and served in this ACTION), including all such declarations,

25  affidavits and other sworn written statements of any other type or form by or on

26  behalf of YOU.

27

28

07209/2142932.1

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

1  REQUEST FOR PRODUCTION NO. 120:

2      All transcripts and video and/or audio recordings of statements made

3  by any PERSON under oath, including without limitation all deposition transcripts,

4  trial transcripts and arbitration transcripts, that RELATING TO ANGEL (other than

5  those taken in this ACTION when Mattel's counsel was in attendance), including all

6  such declarations, affidavits and other sworn written statements of any other type or

7  form by or on behalf of YOU.

8

9  REQUEST FOR PRODUCTION NO. 121:

10      All DOCUMENTS RELATING TO the litigation encaptioned *The*

11  *Ships Carpenter, Inc. v. MGA Entertainment*, filed in Los Angeles Superior Court

12  on or about October 11, 2001, Case Nos. 01S03739 and 01S03740.

13

14  REQUEST FOR PRODUCTION NO. 122:

15      All DOCUMENTS seen, viewed or reviewed by YOU at any time in

16  preparation for the deposition of YOU that was taken in this ACTION on July 18,

17  2006.

18

19  REQUEST FOR PRODUCTION NO. 123:

20      All DOCUMENTS RELATING TO any and all arbitrations and suits

21  between YOU and Farhad Larian.

22

23  REQUEST FOR PRODUCTION NO. 124:

24      All DOCUMENTS filed, submitted or served in the suit and/or

25  arbitration proceedings brought by Farhad Larian against YOU, including without

26  limitation all declarations, affidavits, transcripts, video and/or audio recordings and

27  sworn testimony given by any PERSON in such suit or arbitration proceedings.

28

-35-
MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

Exhibit E, Page 134

1  REQUEST FOR PRODUCTION NO. 125:

2        All DOCUMENTS RELATING TO any and all settlements resolutions

3  or compromises of any suit and/or arbitration proceedings between YOU and Farhad

4  Larian.

5

6  REQUEST FOR PRODUCTION NO. 126:

7        All contracts or agreements between YOU or MGA and Farhad Larian.

8

9  REQUEST FOR PRODUCTION NO. 127:

10        All COMMUNICATIONS RELATING TO BRATZ between YOU or

11  MGA and Farhad Larian.

12

13  REQUEST FOR PRODUCTION NO. 128:

14        All DOCUMENTS RELATING TO COMMUNICATIONS between

15  YOU or MGA and Farhad Larian that REFER OR RELATE TO BRATZ, including

16  without limitation all diaries, notes, calendars, logs, phone records and letters, that

17  reflect, record or memorialize or otherwise RELATING TO any such

18  COMMUNICATIONS.

19

20  REQUEST FOR PRODUCTION NO. 129:

21        All COMMUNICATIONS RELATING TO BRYANT between YOU

22  or MGA and Farhad Larian.

23

24  REQUEST FOR PRODUCTION NO. 130:

25        All DOCUMENTS RELATING TO COMMUNICATIONS between

26  YOU or MGA and Farhad Larian that REFER OR RELATE TO BRYANT,

27  including without limitation all diaries, notes, calendars, logs, phone records and

28

J7209/2142932.1

-36-

1  letters, that reflect, record or memorialize or otherwise RELATING TO any such
2  COMMUNICATIONS.

3

4  REQUEST FOR PRODUCTION NO. 131:

5            All DOCUMENTS RELATING TO any and all payments or transfer of
6  anything of value that YOU or MGA have made, have offered or proposed to make
7  or have promised or agreed to make, to or for the benefit of Farhad Larian or his
8  FAMILY MEMBERS at any time since January 1, 2001.

9

10  REQUEST FOR PRODUCTION NO. 132:

11            All contracts or agreements between YOU or MGA and Morad Zarabi.

12

13  REQUEST FOR PRODUCTION NO. 133:

14            All COMMUNICATIONS RELATING TO BRATZ between YOU or
15  MGA and Morad Zarabi.

16

17  REQUEST FOR PRODUCTION NO. 134:

18            All DOCUMENTS RELATING TO COMMUNICATIONS between
19  YOU or MGA and Morad Zarabi that REFER OR RELATE TO BRATZ, including
20  without limitation all diaries, notes, calendars, logs, phone records and letters, that
21  reflect, record or memorialize or otherwise RELATING TO any such
22  COMMUNICATIONS.

23

24  REQUEST FOR PRODUCTION NO. 135:

25            All COMMUNICATIONS RELATING TO BRYANT between YOU
26  or MGA and Morad Zarabi.

27

28

07209/2142932.1

-37-

1  REQUEST FOR PRODUCTION NO. 136:

2        All DOCUMENTS RELATING TO COMMUNICATIONS between

3  YOU or MGA and Morad Zarabi that REFER OR RELATE TO BRYANT,

4  including without limitation all diaries, notes, calendars, logs, phone records and

5  letters, that reflect, record or memorialize or otherwise RELATING TO any such

6  COMMUNICATIONS.

7

8  REQUEST FOR PRODUCTION NO. 137:

9        All DOCUMENTS RELATING TO any and all payments or transfer of

10 anything of value that YOU or MGA have made, have offered or proposed to make

11 or have promised or agreed to make, to or for the benefit of Morad Zarabi or his

12 FAMILY MEMBERS at any time since January 1, 2001.

13

14 REQUEST FOR PRODUCTION NO. 138:

15        All DOCUMENTS RELATING TO any and all payments or transfers

16 of anything of value that YOU or MGA have made, have offered or proposed to

17 make or have promised or agreed to make, to or for the benefit of BRYANT or his

18 FAMILY MEMBERS.

19

20 REQUEST FOR PRODUCTION NO. 139:

21        All DOCUMENTS RELATING TO any and all payments or transfers

22 of anything of value that YOU or MGA have made, have offered or proposed to

23 make or have promised or agreed to make, to or for the benefit of Elise Cloonan or

24 her FAMILY MEMBERS.

25

26 REQUEST FOR PRODUCTION NO. 140:

27        All DOCUMENTS RELATING TO any and all payments or transfers

28 of anything of value that YOU or MGA have made, have offered or proposed to

07209/2142932.1

-38-

1    make or have promised or agreed to make, to or for the benefit of Margaret Hatch

2    (also known as Margaret Leahy and/or Margaret Hatch-Leahy) or her FAMILY

3    MEMBERS.

4

5    REQUEST FOR PRODUCTION NO. 141:

6                All DOCUMENTS RELATING TO any and all payments or transfers

7    of anything of value that YOU or MGA have made, have offered or proposed to

8    make or have promised or agreed to make, to or for the benefit of Amy Meyers or

9    her FAMILY MEMBERS.

10

11   REQUEST FOR PRODUCTION NO. 142:

12               All DOCUMENTS RELATING TO any and all payments or transfers

13   of anything of value that YOU or MGA have made, have offered or proposed to

14   make or have promised or agreed to make, to or for the benefit of Sarah Halpern or

15   her FAMILY MEMBERS at any time since January 1, 1999.

16

17   REQUEST FOR PRODUCTION NO. 143:

18               All DOCUMENTS RELATING TO any and all payments or transfers

19   of anything of value that YOU or MGA have made, have offered or proposed to

20   make or have promised or agreed to make, to or for the benefit of Maureen Mullen

21   or her FAMILY MEMBERS at any time since January 1, 1999.

22

23   REQUEST FOR PRODUCTION NO. 144:

24               All DOCUMENTS RELATING TO any and all payments or transfers

25   of anything of value that YOU or MGA have made, have offered or proposed to

26   make or have promised or agreed to make, to or for the benefit of Wendy Ragsdale

27   or her FAMILY MEMBERS.

28

07209/2142932.1

-39-

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

1 | REQUEST FOR PRODUCTION NO. 145:

2          All DOCUMENTS RELATING TO any and all payments or transfers

3 | of anything of value that YOU or MGA have made, have offered or proposed to

4 | make or have promised or agreed to make, to or for the benefit of Billy Ragsdale or

5 | his FAMILY MEMBERS.

6

7 | REQUEST FOR PRODUCTION NO. 146:

8          All DOCUMENTS RELATING TO any and all payments or transfers

9 | of anything of value that YOU or MGA have made, have offered or proposed to

10 | make or have promised or agreed to make, to or for the benefit of Anna Rhee or her

11 | FAMILY MEMBERS at any time since January 1, 1999.

12

13 | REQUEST FOR PRODUCTION NO. 147:

14          All DOCUMENTS RELATING TO any indemnification that

15 | BRYANT has sought, proposed, requested or obtained in connection with this

16 | ACTION.

17

18 | REQUEST FOR PRODUCTION NO. 148:

19          All DOCUMENTS RELATING TO any indemnification that Elise

20 | Cloonan has sought, proposed, requested or obtained in connection with this

21 | ACTION.

22

23 | REQUEST FOR PRODUCTION NO. 149:

24          All DOCUMENTS RELATING TO any indemnification that Margaret

25 | Hatch-Leahy has sought, proposed, requested or obtained in connection with this

26 | ACTION.

27

28

07209/2142932.1

-40-

1 | REQUEST FOR PRODUCTION NO. 150:

2 |         All DOCUMENTS RELATING TO any indemnification that Veronica

3 | Marlow has sought, proposed, requested or obtained in connection with this

4 | ACTION.

5 |

6 | REQUEST FOR PRODUCTION NO. 151:

7 |         All DOCUMENTS RELATING TO any indemnification that Sarah

8 | Halpern has sought, proposed, requested or obtained in connection with this

9 | ACTION.

10 |

11 | REQUEST FOR PRODUCTION NO. 152:

12 |         All DOCUMENTS RELATING TO any indemnification that Paula

13 | Garcia (also known as Paula Treantafellas) has sought, proposed, requested or

14 | obtained in connection with this ACTION.

15 |

16 | REQUEST FOR PRODUCTION NO. 153:

17 |         To the extent not covered by other Requests, all DOCUMENTS

18 | RELATING TO any indemnification that any PERSON has sought, proposed,

19 | requested or obtained in connection with this ACTION.

20 |

21 | REQUEST FOR PRODUCTION NO. 154:

22 |         All DOCUMENTS RELATING TO any indemnification that YOU or

23 | MGA have sought, proposed, requested or obtained in connection with this

24 | ACTION.

25 |

26 | REQUEST FOR PRODUCTION NO. 155:

27 |         All COMMUNICATIONS between YOU or MGA and Universal

28 | Commerce Corp., Ltd. prior to June 1, 2001.

07209/2142932.1

-41-

1  REQUEST FOR PRODUCTION NO. 156:

2          All DOCUMENTS that REFER OR RELATE TO MATTEL, or that

3  were prepared, authored or created by MATTEL, that BRYANT has ever provided

4  to, shown, described to, communicated to or disclosed in any manner to YOU or

5  MGA.

6

7  REQUEST FOR PRODUCTION NO. 157:

8          All COMMUNICATIONS between YOU or MGA and BRYANT prior

9  to January 1, 2001, including without limitation all diaries, notes, calendars, logs,

10  phone records and letters, that reflect, record or memorialize or otherwise

11  RELATING TO any such COMMUNICATIONS.

12

13  REQUEST FOR PRODUCTION NO. 158:

14          All COMMUNICATIONS between YOU or MGA and Elise Cloonan

15  that REFER OR RELATE TO BRYANT, MATTEL, BRATZ and/or Anna Rhee,

16  including without limitation all diaries, notes, calendars, logs, phone records and

17  letters, that reflect, record or memorialize or otherwise RELATING TO any such

18  COMMUNICATIONS.

19

20  REQUEST FOR PRODUCTION NO. 159:

21          All COMMUNICATIONS between YOU or MGA and Elise Cloonan

22  prior to June 11, 2002, including without limitation all diaries, notes, calendars,

23  logs, phone records and letters, that reflect, record or memorialize or otherwise

24  RELATING TO any such COMMUNICATIONS.

25

26  REQUEST FOR PRODUCTION NO. 160:

27          All COMMUNICATIONS between YOU or MGA and Veronica

28  Marlow prior to January 1, 2001, including without limitation all diaries, notes,

07209/2142932.1

-42-

1 calendars, logs, phone records and letters, that reflect, record or memorialize or
2 otherwise RELATING TO any such COMMUNICATIONS.

3

4 REQUEST FOR PRODUCTION NO. 161:

5          All COMMUNICATIONS between YOU or MGA and Mercedeh
6 Ward prior to November 6, 2000, including without limitation all diaries, notes,
7 calendars, logs, phone records and letters, that reflect, record or memorialize or
8 otherwise RELATING TO any such COMMUNICATIONS.

9

10 REQUEST FOR PRODUCTION NO. 162:

11          All COMMUNICATIONS between YOU or MGA and Margaret Hatch
12 (also known as Margaret Leahy and/or Margaret Hatch-Leahy) prior to January 1,
13 2001, including without limitation all diaries, notes, calendars, logs, phone records
14 and letters, that reflect, record or memorialize or otherwise RELATING TO any
15 such COMMUNICATIONS.

16

17 REQUEST FOR PRODUCTION NO. 163:

18          All COMMUNICATIONS between YOU or MGA and Anna Rhee
19 prior to January 1, 2001, including without limitation all diaries, notes, calendars,
20 logs, phone records and letters, that reflect, record or memorialize or otherwise
21 RELATING TO any such COMMUNICATIONS.

22

23 REQUEST FOR PRODUCTION NO. 164:

24          All COMMUNICATIONS between Veronica Marlow and Anna Rhee
25 prior to January 1, 2001, including without limitation all diaries, notes, calendars,
26 logs, phone records and letters, that reflect, record or memorialize or otherwise
27 RELATING TO any such COMMUNICATIONS.

28

07209/2142932.1

-43-

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

1  REQUEST FOR PRODUCTION NO. 165:

2              All COMMUNICATIONS between YOU or MGA and **Sarah** Halpern

3  prior to January 1, 2001, including without limitation all diaries, notes, calendars,

4  logs, phone records and letters, that reflect, record or memorialize or otherwise

5  RELATING TO any such COMMUNICATIONS.

6

7  REQUEST FOR PRODUCTION NO. 166:

8              All COMMUNICATIONS between YOU or MGA and **Jesse Ramirez**

9  prior to January 1, 2001, including without limitation all diaries, notes, calendars,

10  logs, phone records and letters, that reflect, record or memorialize or otherwise

11  RELATING TO any such COMMUNICATIONS.

12

13  REQUEST FOR PRODUCTION NO. 167:

14              Any personnel or vendor file that YOU created, control, or maintain

15  concerning BRYANT.

16

17  REQUEST FOR PRODUCTION NO. 168:

18              Any personnel file that YOU created, control, or maintain concerning

19  Paula Garcia (also known as Paula Treantafellas).

20

21  REQUEST FOR PRODUCTION NO. 169:

22              Any personnel file that YOU created, control, or maintain concerning

23  Mercedeh Ward.

24

25  REQUEST FOR PRODUCTION NO. 170:

26              Any personnel or vendor file that YOU created, control, or maintain

27  concerning Margaret Hatch (also known as Margaret Leahy and/or Margaret Hatch-

28  Leahy).

07209/2142932.1

-44-

1   REQUEST FOR PRODUCTION NO. 171:

2          Any personnel or vendor file that YOU created, control, or maintain

3   concerning Veronica Marlow.

4

5   REQUEST FOR PRODUCTION NO. 172:

6          Any personnel or vendor file that YOU created, control, or maintain

7   concerning Anna Rhee.

8

9   REQUEST FOR PRODUCTION NO. 173:

10          Any personnel or vendor file that YOU created, control, or maintain

11   concerning Jessie Ramirez.

12

13   REQUEST FOR PRODUCTION NO. 174:

14          Any personnel file that YOU created, control, or maintain concerning

15   Shirin Salemnia.

16

17   REQUEST FOR PRODUCTION NO. 175:

18          DOCUMENTS sufficient to show the relationship, whether by blood or

19   marriage, between Isaac Larian or any FAMILY MEMBER of Isaac Larian, on the

20   one hand, and Shirin Salemnia.

21

22   REQUEST FOR PRODUCTION NO. 176:

23          Any personnel file that YOU created, control, or maintain concerning

24   Victoria O'Connor.

25

26   REQUEST FOR PRODUCTION NO. 177:

27          Any personnel file that YOU created, control, or maintain concerning

28   Farhad Larian.

1 | REQUEST FOR PRODUCTION NO. 178:

2 | All DOCUMENTS RELATING TO, including without limitation

3 | phone records for, telephone calls by or to YOU or anyone on YOUR behalf for the

4 | time period from January 1, 1998 through January 1, 2001.

5 |

6 | REQUEST FOR PRODUCTION NO. 179:

7 | All DOCUMENTS RELATING TO, including without limitation

8 | phone records for, telephone calls by or to YOU or anyone on YOUR behalf for the

9 | time period from January 1, 1998 through January 1, 2001 RELATING TO BRATZ

10 | and/or ANGEL.

11 |

12 | REQUEST FOR PRODUCTION NO. 180:

13 | All DOCUMENTS RELATING TO, including without limitation

14 | phone records for, telephone calls by or to YOU or anyone on YOUR behalf for the

15 | time period from April 1, 2004 through June 1, 2004.

16 |

17 | REQUEST FOR PRODUCTION NO. 181:

18 | All DOCUMENTS RELATING TO, including without limitation

19 | phone records for, telephone calls RELATING TO BRYANT by or to YOU or

20 | anyone on YOUR behalf at any time.

21 |

22 | REQUEST FOR PRODUCTION NO. 182:

23 | All DOCUMENTS that RELATING TO any actual, proposed,

24 | contemplated, considered or potential copyright, patent or any other application or

25 | registration for BRATZ or any BRATZ DESIGN, including without limitation all

26 | COMMUNICATIONS pertaining thereto.

27 |

28 |

J7209/2142932.1

-46-

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

1  REQUEST FOR PRODUCTION NO. 183:

2  All DOCUMENTS RELATING TO any actual, proposed,

3  contemplated, considered or potential copyright, patent or any other application or

4  registration for ANGEL or any ANGEL DESIGN, including without limitation all

5  COMMUNICATIONS pertaining thereto.

6

7  REQUEST FOR PRODUCTION NO. 184:

8  All doll heads, sculpts, prototypes, models, samples and tangible items

9  that Anna Rhee painted, whether in whole or in part, for YOU, MGA or BRYANT,

10  or on behalf of YOU, MGA or BRYANT, prior to January 1, 2001.

11

12  REQUEST FOR PRODUCTION NO. 185:

13  All doll heads, sculpts, prototypes, models, samples and tangible items

14  that REFER OR RELATE TO DESIGNS for dolls, doll accessories or toys that

15  BRYANT produced, created, authored, conceived of or reduced to practice, whether

16  alone or jointly with others, prior to January 1, 2001.

17

18  REQUEST FOR PRODUCTION NO. 186:

19  All DOCUMENTS RELATING TO the exhibition or showing of

20  BRATZ at the Hong Kong Toy Fair in January 2001.

21

22  REQUEST FOR PRODUCTION NO. 187:

23  All DOCUMENTS RELATING TO the exhibition or showing of

24  BRATZ at the Tokyo Toy Fair in or about February 2001.

25

26  REQUEST FOR PRODUCTION NO. 188:

27  All DOCUMENTS RELATING TO the exhibition of BRATZ at the

28  New York Toy Fair in or about February 2001.

1

2  REQUEST FOR PRODUCTION NO. 189:

3          To the extent not covered by other Requests, all DOCUMENTS

4  RELATING TO the exhibition of BRATZ at any toy fair at any time prior to

5  December 31, 2001.

6

7  REQUEST FOR PRODUCTION NO. 190:

8          All COMMUNICATIONS between YOU and any stock analyst,

9  investment analyst, investment bank, institutional lender, or venture capital fund

10  RELATING TO BRYANT, this ACTION OR MATTEL since January 1, 1999.

11

12  REQUEST FOR PRODUCTION NO. 191:

13          All COMMUNICATIONS between YOU and any member of the press

14  RELATING TO BRATZ, including without limitation RELATING TO the origins,

15  conception, creation, DESIGN or development thereof.

16

17  REQUEST FOR PRODUCTION NO. 192:

18          All COMMUNICATIONS between YOU and any member of the press

19  RELATING TO BRYANT since January 1, 1999.

20

21  REQUEST FOR PRODUCTION NO. 193:

22          All COMMUNICATIONS between YOU and any member of the press

23  RELATING TO this ACTION.

24

25  REQUEST FOR PRODUCTION NO. 194:

26          All COMMUNICATIONS between YOU and any member of the press

27  RELATING TO MATTEL since January 1, 1999.

28

1  REQUEST FOR PRODUCTION NO. 195:

2          All DOCUMENTS RELATING TO any statements made by YOU to

3  any stock analyst, investment analyst, investment bank, institutional lender, or

4  venture capital fund RELATING TO BRYANT since January 1, 1999.

5

6  REQUEST FOR PRODUCTION NO. 196:

7          All DOCUMENTS RELATING TO any statements made by YOU to

8  any stock analyst, investment analyst, investment bank, institutional lender, or

9  venture capital fund RELATING TO this ACTION.

10

11  REQUEST FOR PRODUCTION NO. 197:

12          All DOCUMENTS RELATING TO any statements made by YOU to

13  any stock analyst, investment analyst, investment bank, institutional lender, or

14  venture capital fund RELATING TO MATTEL since January 1, 1999.

15

16

17  REQUEST FOR PRODUCTION NO. 198:

18          All COMMUNICATIONS between YOU and any individual while the

19  individual was employed by MATTEL.

20

21  REQUEST FOR PRODUCTION NO. 199:

22          All DOCUMENTS RELATING TO publicity by YOU or MGA

23  RELATING TO BRATZ, ANGEL and/or BRYANT since January 1, 1999,

24  including but not limited to advertising, media releases, and public relations

25  material.

26

27

28

07209/2142932.1

-49-

1 | REQUEST FOR PRODUCTION NO. 200:

2 |    All DOCUMENTS RELATING TO any effort by YOU or MGA to

3 | recruit employees or contractors who have been or are employed by or who have

4 | worked for MATTEL since January 1, 1999, including but not limited to

5 | advertising, media releases, brochures, articles, catalogs, handbooks, and public

6 | relations material.

7 |

8 | REQUEST FOR PRODUCTION NO. 201:

9 |    All DOCUMENTS RELATING TO the hiring, engagement, or

10 | retention by YOU or MGA of any current or former MATTEL employee or

11 | contractor since January 1, 1999, including but not limited to all employment

12 | agreements and agreements RELATING TO confidentiality or the invention,

13 | authorship, or ownership of any concept or product.

14 |

15 | REQUEST FOR PRODUCTION NO. 202:

16 |    All DOCUMENTS, since January 1, 1999, RELATING TO YOUR

17 | receipt, reproduction, copying, storage, transmission, transfer, retention, destruction,

18 | deletion or use of any DOCUMENTS or DIGITAL INFORMATION, including but

19 | not limited to any compilation of information, that was prepared, made, created,

20 | generated, assembled or compiled by or for MATTEL and that was not publicly

21 | available at the time of YOUR receipt of such DOCUMENT or DIGITAL

22 | INFORMATION.

23 |

24 | REQUEST FOR PRODUCTION NO. 203:

25 |    All DOCUMENTS, since January 1, 1999, RELATING TO YOUR

26 | knowledge of any MATTEL product prior to the time that such product had been

27 | announced or disclosed by MATTEL to retailers or the public.

28 |

07209/2142932.1

1  REQUEST FOR PRODUCTION NO. 204:

2         All DOCUMENTS, since January 1, 1999, RELATING TO YOUR
3  knowledge of any DESIGN created by, on behalf of, or at the behest of MATTEL,
4  or created by any PERSON employed by or under contract with MATTEL at the
5  time of the DESIGN's creation, that was not manufactured for sale or placed into the
6  retail market.

7

8  REQUEST FOR PRODUCTION NO. 205:

9         All DOCUMENTS, since January 1, 1999, RELATING TO YOUR
10  receipt, reproduction, copying, storage, transmission, transfer, retention, destruction,
11  deletion or use of any MATTEL line list or other DOCUMENT prepared by
12  MATTEL identifying MATTEL products in the planning, design or development
13  phase.

14

15  REQUEST FOR PRODUCTION NO. 206:

16         All DOCUMENTS, since January 1, 1999, RELATING TO MGA's
17  receipt, reproduction, copying, storage, transmission, transfer, retention, destruction,
18  deletion or use of any MATTEL line list or other DOCUMENT prepared by
19  MATTEL identifying MATTEL products in the planning, design or development
20  phase.

21

22  REQUEST FOR PRODUCTION NO. 207:

23         DOCUMENTS sufficient to IDENTIFY each account with any bank or
24  financial institution that YOU have or have had, or that YOU have or have had any
25  legal or beneficial interest in, since January 1, 1999.

26

27

28

1  REQUEST FOR PRODUCTION NO. 208:

2      Documents sufficient to establish YOUR gross income, and the sources

3  of that gross income, for the years 1999 through the present, inclusive.

4

5  REQUEST FOR PRODUCTION NO. 209:

6      YOUR federal and state tax returns for each of the years 1999 through

7  the present, inclusive.

8

9  REQUEST FOR PRODUCTION NO. 210:

10      DOCUMENTS sufficient to IDENTIFY each telephone subscription

11  service account that YOU have or have had, or that YOU use or have used, since

12  January 1, 1999.

13

14  REQUEST FOR PRODUCTION NO. 211:

15      All MATTEL DOCUMENTS that BRYANT or any other PERSON

16  has shown, given, provided, summarized or otherwise communicated to YOU or

17  MGA (whether directly or indirectly) at any time since January 1, 1999.

18

19  REQUEST FOR PRODUCTION NO. 212:

20      All DOCUMENTS that YOU knew or were informed that, or ever had

21  any reason to believe, had been or were created by or originated from MATTEL,

22  other than MATTEL products that YOU or MGA purchased at retail.

23

24  REQUEST FOR PRODUCTION NO. 213:

25      All COMMUNICATIONS between YOU and any PERSON

26  RELATING TO the retention or destruction of DOCUMENTS or DIGITAL

27  INFORMATION between January 1, 1999 and the present.

28

07209/2142932.1

-52-

1 | REQUEST FOR PRODUCTION NO. 214:

2 |         All DOCUMENTS RELATING TO any facts underlying any of

3 | YOUR defenses in this ACTION.

4 |

5 | REQUEST FOR PRODUCTION NO. 215:

6 |         All doll heads, sculpts, prototypes, models, samples and tangible items

7 | RELATING TO any facts underlying any of YOUR defenses in this ACTION.

8 |

9 | REQUEST FOR PRODUCTION NO. 216:

10 |         All DOCUMENTS RELATING TO any facts underlying the claims for

11 | relief in MATTEL's Complaint (including without limitation its Counterclaims)

12 | against YOU or any other PERSON in this ACTION.

13 |

14 | REQUEST FOR PRODUCTION NO. 217:

15 |         All doll heads, sculpts, prototypes, models, samples and tangible items

16 | RELATING TO any facts underlying the claims for relief in MATTEL's Complaint

17 | (including without limitation its Counterclaims) against YOU or any other PERSON

18 | in this ACTION.

19 |

20 | REQUEST FOR PRODUCTION NO. 218:

21 |         All DOCUMENTS RELATING TO any testing of or sampling from

22 | any DOCUMENTS RELATING TO BRATZ or BRYANT, including without

23 | limitation any such testing or sampling in connection with any ink, paper or

24 | chemical analysis to date any such DOCUMENTS and including without limitation

25 | all results and reports relating thereto.

26 |

27 |

28 |

07209/2142932.1

-53-

1  REQUEST FOR PRODUCTION NO. 219:

2          All DOCUMENTS RELATING TO YOUR knowledge of any testing

3  of or sampling from any DOCUMENTS RELATING TO BRATZ or BRYANT.

4

5  REQUEST FOR PRODUCTION NO. 220:

6          All DOCUMENTS RELATING TO Erich Speckin.

7

8  REQUEST FOR PRODUCTION NO. 221:

9          All DOCUMENTS RELATING TO YOUR payment of, or offer,

10  promise or agreement to pay, fees or costs in connection with the representation of

11  or provision of legal advice or legal services to any PERSON who is not, as of June

12  8, 2007, an MGA employee, including without limitation all contracts and

13  agreements RELATING thereto, the amounts YOU have so paid or agreed to pay to

14  such PERSON and the dates on which such payments were made.

15

16  REQUEST FOR PRODUCTION NO. 222:

17          Each STORAGE DEVICE that YOU have used to create, prepare,

18  generate, copy, transmit, receive, delete or modify any DIGITAL INFORMATION

19  RELATING TO BRATZ, ANGEL or BRYANT.

20

21  REQUEST FOR PRODUCTION NO. 223:

22          DOCUMENTS sufficient to IDENTIFY each STORAGE DEVICE that

23  YOU have used to create, prepare, generate, copy, transmit, receive, delete or

24  modify any DIGITAL INFORMATION RELATING TO BRATZ, ANGEL or

25  BRYANT.

26

27

28

07209/2142932.1

-54-

1  REQUEST FOR PRODUCTION NO. 224:

2          All DOCUMENTS RELATING TO the purchase, acquisition,

3  installation, transfer, shipment, destruction or disposition of each STORAGE

4  DEVICE that YOU have used to create, prepare, generate, copy, transmit, receive,

5  delete or modify any DIGITAL INFORMATION RELATING TO BRATZ,

6  ANGEL or BRYANT.

7

8  REQUEST FOR PRODUCTION NO. 225:

9          Each STORAGE DEVICE that BRYANT has used to create, prepare,

10  generate, copy, transmit, receive, delete or modify any DIGITAL INFORMATION

11  RELATING TO BRATZ, ANGEL or MGA.

12

13  REQUEST FOR PRODUCTION NO. 226:

14          DOCUMENTS sufficient to IDENTIFY each STORAGE DEVICE that

15  BRYANT has used to create, prepare, generate, copy, transmit, receive, delete or

16  modify any DIGITAL INFORMATION RELATING TO BRATZ, ANGEL, YOU

17  or MGA.

18

19  REQUEST FOR PRODUCTION NO. 227:

20          All DOCUMENTS RELATING TO the purchase, acquisition,

21  installation, transfer, shipment, destruction or disposition of each STORAGE

22  DEVICE that BRYANT has used to create, prepare, generate, copy, transmit,

23  receive, delete or modify any DIGITAL INFORMATION RELATING TO BRATZ,

24  ANGEL, YOU or MGA.

25

26  REQUEST FOR PRODUCTION NO. 228:

27          All DOCUMENTS RELATING TO the purchase, acquisition,

28  installation, transfer, shipment, destruction or disposition of each STORAGE

1  DEVICE that BRYANT has used to create, prepare, generate, copy, transmit,

2  receive, delete or modify any DIGITAL INFORMATION.

3

4  REQUEST FOR PRODUCTION NO. 229:

5              DOCUMENTS sufficient to identify by product name, product number

6  and SKU each BRATZ PRODUCT including without limitation each BRATZ

7  DOLL, sold by MGA or its licensees.

8

9  REQUEST FOR PRODUCTION NO. 230:

10             DOCUMENTS sufficient to show the number of units of each BRATZ

11  DOLL sold by MGA or its licensees.

12

13  REQUEST FOR PRODUCTION NO. 231:

14             DOCUMENTS sufficient to show the revenue received by YOU from

15  the sale of each BRATZ DOLL sold by MGA or its licensees.

16

17  REQUEST FOR PRODUCTION NO. 232:

18             DOCUMENTS sufficient to show YOUR cost of goods sold, unit cost

19  and other costs for each BRATZ DOLL sold by MGA or its licensees.

20

21  REQUEST FOR PRODUCTION NO. 233:

22             All DOCUMENTS that evidence, reflect or REFER OR RELATE TO

23  YOUR profits from the sale of each BRATZ DOLL sold by MGA or its licensees.

24

25  REQUEST FOR PRODUCTION NO. 234:

26             For each customer to whom YOU or YOUR licensees have ever sold

27  any BRATZ DOLL, DOCUMENTS sufficient to show the number of units of each

28  such BRATZ DOLL sold by MGA or its licensees to that customer.

1  REQUEST FOR PRODUCTION NO. 235:

2         For each customer to whom YOU or YOUR licensees have ever sold

3  any BRATZ DOLL, documents sufficient to show the revenue received by YOU

4  from each such BRATZ DOLL sold by MGA or its licensees to that customer.

5

6  REQUEST FOR PRODUCTION NO. 236:

7         For each customer to whom YOU or YOUR licensees have ever sold

8  any BRATZ DOLL, documents sufficient to show YOUR profits from each such

9  BRATZ DOLL sold by MGA or its licensees to that customer.

10

11  REQUEST FOR PRODUCTION NO. 237:

12         DOCUMENTS sufficient to show customer returns to YOU of BRATZ

13  DOLLS sold or distributed by MGA or its licensees.

14

15  REQUEST FOR PRODUCTION NO. 238:

16         DOCUMENTS sufficient to show customer rebates or credits given by

17  MGA or its licensees to customers in connection with BRATZ DOLLS.

18

19  REQUEST FOR PRODUCTION NO. 239:

20         DOCUMENTS sufficient to show, by product number or SKU, the

21  number of units of each BRATZ DOLL sold by MGA or its licensees.

22

23  REQUEST FOR PRODUCTION NO. 240:

24         DOCUMENTS sufficient to show, by product number or SKU, the

25  revenue received by YOU from the sale of each BRATZ DOLL sold by MGA or its

26  licensees.

27

28

17209/2142932.1

-57-

1 REQUEST FOR PRODUCTION NO. 241:

2     DOCUMENTS sufficient to show, by product number or SKU, YOUR

3 cost of goods sold, unit cost and other costs for each BRATZ DOLL sold by MGA

4 or its licensees.

5

6 REQUEST FOR PRODUCTION NO. 242:

7     All DOCUMENTS that evidence, reflect or REFER OR RELATE TO

8 YOUR profits, by product number or SKU, from the sale of each BRATZ DOLL

9 sold by MGA or its licensees.

10

11 REQUEST FOR PRODUCTION NO. 243:

12     For each customer to whom YOU or YOUR licensees have ever sold

13 any BRATZ DOLL, DOCUMENTS sufficient to show, by product number or SKU,

14 the number of units of each such BRATZ DOLL sold by MGA or its licensees to

15 that customer.

16

17 REQUEST FOR PRODUCTION NO. 244:

18     For each customer to whom YOU or YOUR licensees have ever sold

19 any BRATZ DOLL, DOCUMENTS sufficient to show, by product number or SKU,

20 the revenue received by YOU from each such BRATZ DOLL sold by MGA or its

21 licensees to that customer.

22

23 REQUEST FOR PRODUCTION NO. 245:

24     For each customer to whom YOU or YOUR licensees have ever sold

25 any BRATZ DOLL, DOCUMENTS sufficient to show, by product number or SKU,

26 YOUR profits from each such BRATZ DOLL sold by MGA or its licensees to that

27 customer.

28

17209/2142932.1

-58-
MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

Exhibit E, Page 157

1  REQUEST FOR PRODUCTION NO. 246:

2              DOCUMENTS sufficient to show the revenue and profits derived by

3  YOU from the sale by MGA or its licensees of BRATZ DOLLS including, without

4  limitation, DOCUMENTS sufficient to show sales revenue, costs of goods sold,

5  variable costs, gross margins, royalties paid and received, gross profits and nets

6  profits.

7

8  REQUEST FOR PRODUCTION NO. 247:

9              DOCUMENTS sufficient to show the number of units of each BRATZ

10  PRODUCT sold by MGA or its licensees.

11

12  REQUEST FOR PRODUCTION NO. 248:

13             DOCUMENTS sufficient to show the revenue received by YOU from

14  the sale of each BRATZ PRODUCT sold by MGA or its licensees.

15

16  REQUEST FOR PRODUCTION NO. 249:

17             DOCUMENTS sufficient to show YOUR cost of goods sold, unit cost

18  and other costs for each BRATZ PRODUCT sold by MGA or its licensees.

19

20  REQUEST FOR PRODUCTION NO. 250:

21             All DOCUMENTS that evidence, reflect or REFER OR RELATE TO

22  YOUR profits from the sale of each BRATZ PRODUCT sold by MGA or its

23  licensees.

24

25  REQUEST FOR PRODUCTION NO. 251:

26             DOCUMENTS sufficient to IDENTIFY all customers to whom MGA

27  or its licensees have ever sold any BRATZ PRODUCT.

28

J7209/2142932.1

1  REQUEST FOR PRODUCTION NO. 252:

2          For each customer to whom MGA or its licensees have ever sold any

3  BRATZ PRODUCT, DOCUMENTS sufficient to show the number of units of each

4  such BRATZ PRODUCT sold by MGA or its licensees to that customer.

5

6  REQUEST FOR PRODUCTION NO. 253:

7          For each customer to whom MGA or its licensees have ever sold any

8  BRATZ PRODUCT, documents sufficient to show the revenue received by YOU

9  from each such BRATZ PRODUCT sold by MGA or its licensees to that customer.

10

11  REQUEST FOR PRODUCTION NO. 254:

12          For each customer to whom MGA or its licensees have ever sold any

13  BRATZ PRODUCT, documents sufficient to show YOUR profits from each such

14  BRATZ PRODUCT sold by MGA or its licensees to that customer.

15

16  REQUEST FOR PRODUCTION NO. 255:

17          DOCUMENTS sufficient to show customer returns to MGA of

18  BRATZ PRODUCTS sold or distributed by MGA or its licensees.

19

20  REQUEST FOR PRODUCTION NO. 256:

21          DOCUMENTS sufficient to show customer rebates and credits given

22  by MGA or its licensees to customers in connection with BRATZ PRODUCTS.

23

24  REQUEST FOR PRODUCTION NO. 257:

25          DOCUMENTS sufficient to show, by product number or SKU, the

26  number of units of each BRATZ PRODUCT sold by MGA or its licensees.

27

28

07209/2142932.1

1  REQUEST FOR PRODUCTION NO. 258:

2          DOCUMENTS sufficient to show, by product number or SKU, the

3  revenue received by YOU from the sale of each BRATZ PRODUCT sold by MGA

4  or its licensees.

5

6  REQUEST FOR PRODUCTION NO. 259:

7          DOCUMENTS sufficient to show, by product number or SKU, YOUR

8  cost of goods sold, unit cost and other costs for each BRATZ PRODUCT sold by

9  MGA or its licensees.

10  .

11  REQUEST FOR PRODUCTION NO. 260:

12          All DOCUMENTS that evidence, reflect or REFER OR RELATE TO

13  YOUR or MGA's profits, by product number or SKU, from the sale of each BRATZ

14  PRODUCT sold by MGA or its licensees.

15

16  REQUEST FOR PRODUCTION NO. 261:

17          For each customer to whom MGA or its licensees have ever sold any

18  BRATZ PRODUCT, DOCUMENTS sufficient to show, by product number or

19  SKU, the number of units of each such BRATZ PRODUCT sold by MGA or its

20  licensees to that customer.

21

22  REQUEST FOR PRODUCTION NO. 262:

23          For each customer to whom MGA or its licensees have ever sold any

24  BRATZ PRODUCT, DOCUMENTS sufficient to show, by product number or

25  SKU, the revenue received by YOU from each such BRATZ PRODUCT sold by

26  MGA or its licensees to that customer.

27

28

07209/2142932.1

-61-

1  REQUEST FOR PRODUCTION NO. 263:

2          DOCUMENTS sufficient to show the revenue and profits derived by

3  YOU or MGA from the sale by YOU, MGA or its licensees of BRATZ

4  PRODUCTS including, without limitation, DOCUMENTS sufficient to show sales

5  revenue, costs of goods sold, variable costs, gross margins, royalties paid and

6  received, gross profits and nets profits.

7

8  REQUEST FOR PRODUCTION NO. 264:

9          DOCUMENTS sufficient to show the revenue and profits derived by

10  YOU or MGA from BRATZ MOVIES including, without limitation,

11  DOCUMENTS sufficient to show sales revenue, costs of goods sold, variable costs,

12  gross margins, royalties paid and received, gross profits and net profits.

13

14  REQUEST FOR PRODUCTION NO. 265:

15          DOCUMENTS sufficient to show the revenue and profits derived by

16  YOU or MGA from BRATZ TELEVISION SHOWS including, without limitation,

17  DOCUMENTS sufficient to show sales revenue, costs of goods sold, variable costs,

18  gross margins, royalties paid and received, gross profits and net profits.

19

20  REQUEST FOR PRODUCTION NO. 266:

21          All quarterly and annual profit and loss statements for BRATZ.

22

23  REQUEST FOR PRODUCTION NO. 267:

24          All sales, profit and cash flow projections or forecasts for BRATZ

25  DOLLS, BRATZ PRODUCTS, BRATZ MOVIES and BRATZ TELEVISION

26  SHOWS.

27

28

7209/2142932.1

-62-
MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

1   REQUEST FOR PRODUCTION NO. 268:

2          All DOCUMENTS that REFER OR RELATE TO the value of the

3   BRATZ brand.

4

5   REQUEST FOR PRODUCTION NO. 269:

6          DOCUMENTS sufficient to show or calculate YOUR net worth on a

7   yearly basis for each year from 1999 to the present.

8

9   REQUEST FOR PRODUCTION NO. 270:

10         All DOCUMENTS that evidence, reflect or REFER OR RELATE TO

11  the BRATZ DOLL's share of the fashion doll market including, without limitation,

12  the extent to which Bratz has been or is gaining or losing market share in the fashion

13  doll market.

14

15  REQUEST FOR PRODUCTION NO. 271:

16         DOCUMENTS sufficient to show each of YOUR position(s), titles and

17  functions with and relationship to MGA, including without limitation with or to

18  MGA Entertainment HK Limited and MGAE de Mexico, S.r.l. de C.V.

19

20  REQUEST FOR PRODUCTION NO. 272:

21         All DOCUMENTS RELATING TO the ownership of MGA

22  Entertainment HK Limited.

23

24

25

26

27

28

072.09/2142932.1

-63-

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

Exhibit E, Page 162

1  REQUEST FOR PRODUCTION NO. 273:

2        All DOCUMENTS RELATING TO the ownership of MGAE de

3  Mexico, S.r.l. de C.V.

4

5  REQUEST FOR PRODUCTION NO. 274:

6        An electronic copy of each DOCUMENT that YOU have produced in

7  this action, or that is responsive to these Requests, that is or was created, prepared,

8  generated, maintained or transmitted in digital form.

9

10  REQUEST FOR PRODUCTION NO. 275:

11        The metadata for each DOCUMENT that YOU have produced in this

12  action, or that is responsive to these Requests, that is or was created, prepared,

13  generated, maintained or transmitted in digital form.

14

15  REQUEST FOR PRODUCTION NO. 276:

16        To the extent not produced in response to any other Request for

17  Production, all DOCUMENTS and tangible things upon which YOU intend to rely

18  in this ACTION.

19

20  DATED: June 13, 2007        QUINN EMANUEL URQUHART OLIVER &
                                HEDGES, LLP
21

22

23        By Michael T. Zeller
            Michael T. Zeller
24          Attorneys for Mattel, Inc.

25

26

27

28

109/2142932.1
                              -64-

1          **PROOF OF SERVICE**

2          I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa

3     Street, 10th Floor, Los Angeles, California 90017-2543.

4          On June 13, 2007, I served true copies of the following document(s) described as **MATTEL, INC.'S FIRST SET OF REQUESTS FOR DOCUMENTS AND THINGS TO**

5     **ISAAC LARIAN** on the parties in this action as follows:

6

7          John W. Keker, Esq.
           Michael H. Page, Esq.

8          Christa M. Anderson, Esq.
           KEKER & VAN NEST, LLP

9          710 Sansome Street
           San Francisco, California 94111

10

11

12     **BY MAIL:** I am "readily familiar" with the practices of Quinn Emanuel Urquhart Oliver & Hedges for collecting and processing correspondence for mailing with the United States Postal

13     Service. Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business. I enclosed the foregoing in sealed envelope(s)

14     addressed as shown above, and such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Los Angeles, California, on that same day following ordinary

15     business practices.

16          I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

17

18          Executed on June 13, 2007, at Los Angeles, California.

19

20                                                   _Elaine Chavarria_
                                                     Elaine Chavarria

21

22

23

24

25

26

27

28

09819/2143538.1

1                               **PROOF OF SERVICE**

2             I am employed in the County of Los Angeles, State of California. I am over the age of
3 eighteen years and not a party to the within action; my business address is 865 South Figueroa
Street, 10th Floor, Los Angeles, California 90017-2543.

4             On June 13, 2007, I served true copies of the following document(s) described as
**MATTEL, INC'.S FIRST SET OF REQUESTS FOR DOCUMENTS AND THINGS TO**
5 **ISAAC LARIAN** on the parties in this action as follows:

6

7         Diana M. Torres, Esq.
O'Melveny & Myers, LLP
8         400 South Hope Street
Los Angeles, California  90071
9

10
**BY PERSONAL SERVICE:** I delivered such envelope(s) by hand to the office of the person(s)
11 being served.

12         I declare that I am employed in the office of a member of the bar of this Court at whose
direction the service was made.
13
        Executed on June 13, 2007, at Los Angeles, California.
14

15

16                         DAVE QUINTANA

17

18

19

20

21

22

23

24

25

26

27

28

**2**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA 92501
CIVIL MINUTES -- GENERAL

Case No.    CV 04-09049 SGL(RNBx)                    Date: March 31, 2008
Title:      CARTER BRYANT -v- MATTEL, INC.
            AND CONSOLIDATED ACTIONS
==========================================================================
=
PRESENT: HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

        Jim Holmes                          Theresa Lanza
        Courtroom Deputy Clerk              Court Reporter

ATTORNEYS PRESENT FOR CARTER           ATTORNEYS PRESENT FOR MATTEL:
BRYANT: Matthew M. Werdegar            Jon D. Corey

ATTORNEYS PRESENT FOR MGA:
Thomas J. Nolan


PROCEEDINGS:   **ORDER GRANTING IN PART AND DENYING IN PART MATTEL'S MOTION
               (DOCKET #2386)  FOR REVIEW OF DISCOVERY MASTER'S FEBRUARY
               15, 2008, AND FEBRUARY 20, 2008, ORDERS**

               **ORDER RE USE OF "ATTORNEY EYES ONLY" DOCUMENTS IN
               SETTLEMENT DISCUSSIONS**

               **ORDER RE UNDER SEAL DOCUMENTS**

## I. Discovery Motion

The Court **GRANTS IN PART AND DENIES IN PART** Mattel's Motion Objecting to Portions of the Discovery Master's February 15 and February 20 Orders.

As to Interrogatories 27-29, the Court leaves undisturbed the Discovery Master's findings regarding burdensomeness. The Court notes, however, that the Discovery Master's conclusion that the interrogatories are overly broad appears to have been based on an erroneous standard of relevancy. By requiring that Mattel "show[] how each and every concept embedded in its multi-faceted definition of 'Bratz invention' is relevant to interpreting the term 'invention' for purposes of enforcing the 'Employee Confidential Information and Inventions Agreement' signed by Bryant," the Discovery Master appears to have applied a higher standard of relevancy than that which should be applied in discovery. See Fed. R. Civ. P. 26(b)(1) (setting forth the discovery relevancy standard). The parties' competing legal arguments regarding the proper interpretation of the Inventions Agreement are yet to be resolved and therefore should not be used to limit discovery on relevant issues.

However, the Court also recognizes that, as the Discovery Master accurately found, responding to these interrogatories is no small undertaking. The interrogatories ask for identification of all Bratz inventions in three different distinct periods of time. The interrogatories themselves broadly define their relevant terms. The interrogatories are made no less burdensome by the requirement that the responding party "identify all personal with knowledge" and identify "all documents which refer or relate to" such facts.

Mattel's offer to limit these interrogatories to alleviate the attendant burden comes too late in the process to be given serious consideration by the Court; the Court's duty at this juncture is to determine whether the Discovery Master's ruling on the interrogatories -- as propounded -- is clearly erroneous or contrary to law.

In the Court's view, the Discovery Master underestimated the weight on the Rule 26(b)(2)(C)(iii) "benefit" side of the scale by applying an inappropriate relevancy standard, but he nevertheless correctly determined that the "burden" side of the scale bears a heavy load. After a re-evaluation by the Court of the benefit of the discovery sought under the discovery relevance standard, seeking to strike the required balance, the Court is led to the same conclusion as was the Discovery Master, and thus finds that the ruling on Interrogatories 27-29 was neither clearly erroneous nor contrary to law.

In light of the financial discovery already produced in these consolidated actions, the Discovery Master's ruling that Interrogatory 39 is cumulative is neither clearly erroneous nor contrary to law.

As to Interrogatory 41, in light of the possibility that casual interactions between MGA and Mattel employees may have constituted "first contact" between former Mattel employees and MGA, the Discovery Master's ruling, which sought to strike a balance between the burden and likely

Initials of Deputy Clerk: jh
Time: 00/58

benefit of such discovery, is neither clearly erroneous nor contrary to law.

The Discovery Master's ruling regarding Interrogatory 46 is neither clearly erroneous nor contrary to law. With that interrogatory, Mattel seeks discovery regarding MGA's dispute with its former counsel related to this action. Mattel's supposition that such discovery may prove to be relevant is, as counsel conceded at oral argument, speculation.

The Court reserves ruling on Interrogatories 48-50, regarding MGA's trade dress claims against Mattel. As recognized by the parties, this is a Phase 2 issue, and the Court denies this part of Mattel's motion without prejudice. Mattel may raise the issue again at an appropriate time after the Court lifts the stay on Phase 2 discovery.

Based on the discovery provided by Carter Bryant, the Discovery Master concluded that Carter Bryant was in substantial compliance with Interrogatory 47. Upon review, the Court is unable to conclude that the Discovery Master's ruling on this issue is clearly erroneous or contrary to law.

The Court **GRANTS** Mattel's motion as to one issue: That MGA be required to identify documents by Bates number. The Court recognizes that this imposes a significant burden, but in striking the balance between burden and benefit, the Court considers, *inter alia*, "the needs of the case." Fed. R. Civ. P. 26(b)(2)(C)(iii). Here, identification by Bates number the documents in response to any party's contention interrogatory is imperative to narrowing the potential for dispute between the parties at trial as to whether a particular document falls into those "identified" in response to a given contention interrogatory. Accordingly, the Court **GRANTS** Mattel's motion on this limited issue. The remainder of Mattel's motion is **DENIED**.

## II. Use of "Attorney Eyes Only" Documents in Mediation

At the request of the Settlement Officer, the Court invited the parties' comments regarding the use of "Attorney Eyes Only" documents during settlement conference. The Court has reviewed the position statements, and makes the following ruling:

With the exception of forward-looking documents (including documents related to future product development, future marketing strategies, and financial projections) and documents related to Isaac Larian's personal family finances, the Settlement Officer shall have the discretion to use documents previously designated as "Confidential" and/or "Attorney Eyes Only" to further settlement discussions. Absent further Order of the Court, anyone participating in settlement discussions with the Settlement Officer are prohibited from taking notes regarding such documents or removing such documents, in any form, from any settlement discussions, or otherwise disclosing the contents of such documents outside the settlement discussions.

The Settlement Officer shall provide all participants of settlement discussions with notice of this order. A failure to comply with this Order shall be punishable as contempt of court.

Initials of Deputy Clerk: jh
Time: 00/58

Case 2:04-cv-09049-DOC-RNB Document 3540-2 Filed 05/08/08 Page 201 of 206 Page ID
Case 2:04-cv-09049 L-RNB Document 3621 Filed 31/2008 Page 4 of 5
#:01564

## III. Under Seal Filings

As the Court has noted on a number of occasions, an inordinate amount of documents have been filed under seal in this case. It is the Court's intention, consistent with its duties under the First Amendment, to order that the entire record in this case be unsealed, subject only to certain exceptions identified by the parties and supported by a showing of good cause.

The parties are ordered to prepare a joint report identifying all documents within the Court record that any party contends should remain under seal following the hearing on the parties' motions for partial summary judgment. The report shall set forth all parties' respective positions regarding all identified documents and shall itself be filed under seal no later than April 18, 2008.

Should the Court order that any document remain under seal, in order to prevent inadvertent disclosure, the party requesting that the document remain sealed will be required to file a notice that provides to the Court all locations of such document in the Court's record by providing the date of filing, the docket number of the filing, any relevant exhibit number, and any relevant page number(s).

**IT IS SO ORDERED.**

## NOTICE PARTY SERVICE LIST

**Case No.**  CV 04-09049 SGL(RNBx)    **Case Title** Carter Bryant v. Mattel, Inc.

**Title of Document**  Minute Order of March 31, 2008

| | |
|---|---|
| | Atty Sttlmnt Officer Panel Coordinator |
| | BAP (Bankruptcy Appellate Panel) |
| | Beck, Michael J (Clerk, MDL Panel) |
| | BOP (Bureau of Prisons) |
| | CA St Pub Defender (Calif. State PD) |
| | CAAG (California Attorney General's Office - Keith H. Borjon, L.A. Death Penalty Coordinator) |
| | Case Asgmt Admin (Case Assignment Administrator) |
| | Catterson, Cathy (9th Circuit Court of Appeal) |
| | Chief Deputy Admin |
| | Chief Deputy Ops |
| | Clerk of Court |
| | Death Penalty H/C (Law Clerks) |
| | Dep In Chg E Div |
| | Dep In Chg So Div |
| | Federal Public Defender |
| | Fiscal Section |
| | Intake Section, Criminal LA |
| | Intake Section, Criminal SA |
| | Intake Supervisor, Civil |
| | PIA Clerk - Los Angeles (PIALA) |
| | PIA Clerk - Riverside (PIAED) |
| | PIA Clerk - Santa Ana (PIASA) |
| | PSA - Los Angeles (PSALA) |
| | PSA - Riverside (PSAED) |
| | PSA - Santa Ana (PSASA) |
| | Schnack, Randall (CJA Supervising Attorney) |
| | Statistics Clerk |

| | |
|---|---|
| | US Attorneys Office - Civil Division -L.A. |
| | US Attorneys Office - Civil Division - S.A. |
| | US Attorneys Office - Criminal Division -L.A. |
| | US Attorneys Office - Criminal Division -S.A. |
| | US Bankruptcy Court |
| | US Marshal Service - Los Angeles (USMLA) |
| | US Marshal Service -  Riverside (USMED) |
| | US Marshal Service -Santa Ana (USMSA) |
| | US Probation Office (USPO) |
| | US Trustee's Office |
| | Warden, San Quentin State Prison, CA |

| ✓ | ***ADD NEW NOTICE PARTY*** (if sending by fax, mailing address must also be provided) |
|---|---|

Name: Ambassador Pierre-Richard Prosper

Firm:

Address *(include suite or floor)*: P.O. Box 581103

Salt Lake City, UT   84158

*E-mail: Prosper.Pierre@Arentfox.com

*Fax No.:

\* For CIVIL cases only

| ***JUDGE / MAGISTRATE JUDGE (list below):*** |
|---|
| |
| |
| |

**Initials of Deputy Clerk** jh

**3**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA 92501
CIVIL MINUTES -- GENERAL

Case No.    CV 04-09049 SGL(RNBx)                                Date: April 14, 2008

Title:    CARTER BRYANT -v- MATTEL, INC.

Consolidated With Related Actions:
CASE NO. CV 04-09059 SGL(RNBx):  MATTEL, INC., v. CARTER BRYANT,
CASE NO. CV 05-02727 SGL (RNBx): MGA ENTERTAINMENT, INC., v. MATTEL, INC.,
===========================================================================
PRESENT:  HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

              Jim Holmes                                    Theresa Lanza
              Courtroom Deputy Clerk                        Court Reporter

ATTORNEYS PRESENT FOR CARTER BRYANT:      ATTORNEYS PRESENT FOR MATTEL:
None present                              Timothy L. Alger
                                          Michael J. Niborski

ATTORNEYS PRESENT FOR MGA                 Attorney for Non-Party Chris Palmeri
Robert J. Herrington                      Alonzo Wickers, IV


PROCEEDINGS:    Mattel's Motion Objecting to Discovery Master's February 26, 2008, Denying
                Mattel's Motion to Compel Deposition of Christopher Palmeri. (See Docket
                2859); Mattel's Ex Parte Application to file Supplemental Expert Reports

        The Court adopts the parties joint stipulation regarding pre-voir dire screening of the
prospective jury pool.

        The Court also **GRANTS** Mattel's ex parte application to file supplemental expert reports by
William Flynn and Lloyd Cunningham regarding certain Bryant originals within seven (7) days of
the completion of testing, provided that the Discovery Master authorizes said testing beforehand.
Nothing in this Order shall be construed as indicating whether or not there is cause to authorize
said testing; such a determination shall be made in the first instance by the Discovery Master.

Finally, the Court **DENIES** Mattel's Motion Objecting to the Discovery Master's February 26, 2008, Order Denying Mattel's Motion to Compel the Deposition of Christopher Palmeri. The Discovery Master's order was not contrary to law or clearly erroneous <u>at the time</u> it was entered. Mattel has subsequently produced <u>new</u> evidence and <u>new</u> theories for why deposition of Mr. Palmeri is warranted, none of which were presented to the Discovery Master prior to his ruling. Rather than allowing Mattel to call into question the correctness of the Discovery Master's order by submitting newly discovered information that was not presented to him, the Court finds the better practice is to require Mattel to first present that newly discovered information to the Discovery Master in the form of a motion for reconsideration.

**IT IS SO ORDERED**.

# NOTICE PARTY SERVICE LIST

**Case No.** CV 04-09049 SGL(RNBx) **Case Title** Carter Bryant v. Mattel, Inc.

**Title of Document** Minute Order of April 14, 2008

| |
|---|
| Atty Sttlmnt Officer Panel Coordinator |
| BAP (Bankruptcy Appellate Panel) |
| Beck, Michael J (Clerk, MDL Panel) |
| BOP (Bureau of Prisons) |
| CA St Pub Defender (Calif. State PD) |
| CAAG (California Attorney General's Office - Keith H. Borjon, L.A. Death Penalty Coordinator) |
| Case Asgmt Admin (Case Assignment Administrator) |
| Catterson, Cathy (9th Circuit Court of Appeal) |
| Chief Deputy Admin |
| Chief Deputy Ops |
| Clerk of Court |
| Death Penalty H/C (Law Clerks) |
| Dep In Chg E Div |
| Dep In Chg So Div |
| Federal Public Defender |
| Fiscal Section |
| Intake Section, Criminal LA |
| Intake Section, Criminal SA |
| Intake Supervisor, Civil |
| PIA Clerk - Los Angeles (PIALA) |
| PIA Clerk - Riverside (PIAED) |
| PIA Clerk - Santa Ana (PIASA) |
| PSA - Los Angeles (PSALA) |
| PSA - Riverside (PSAED) |
| PSA - Santa Ana (PSASA) |
| Schnack, Randall (CJA Supervising Attorney) |
| Statistics Clerk |

| |
|---|
| US Attorneys Office - Civil Division -L.A. |
| US Attorneys Office - Civil Division - S.A. |
| US Attorneys Office - Criminal Division -L.A. |
| US Attorneys Office - Criminal Division -S.A. |
| US Bankruptcy Court |
| US Marshal Service - Los Angeles (USMLA) |
| US Marshal Service - Riverside (USMED) |
| US Marshal Service -Santa Ana (USMSA) |
| US Probation Office (USPO) |
| US Trustee's Office |
| Warden, San Quentin State Prison, CA |

✓ **ADD NEW NOTICE PARTY** (if sending by fax, mailing address must also be provided)

Name: Ambassador Pierre-Richard Prosper

Firm:

Address (include suite or floor): P.O. Box 581103

Salt Lake City, UT 84158

*E-mail: Prosper.Pierre@Arentfox.com

*Fax No.:

* For CIVIL cases only

**JUDGE / MAGISTRATE JUDGE (list below):**

**Initials of Deputy Clerk** jh