QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:    (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>            Plaintiff,<br><br>    vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>            Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br>Consolidated with Case No. CV 04-09059 and Case No. CV 05-02727<br><br>Hon. Stephen G. Larson<br><br>REPLY IN SUPPORT OF MATTEL, INC.'S MOTION IN LIMINE NO. 3 TO EXCLUDE PHASE 1(B) EVIDENCE IN THE PHASE 1(A) TRIAL AND PHASE 2 EVIDENCE IN THE PHASE 1 TRIALS OR, IN THE ALTERNATIVE, TO PERMIT EXPEDITED PHASE 2 DISCOVERY |

Date: May 21, 2008
Time: 1:00 p.m.
Place: Courtroom 1

**Phase 1**
Pre-Trial Conference:   May 19, 2008
Trial Date:                    May 27, 2008

07209/2497961.2

REPLY IN SUPPORT OF MATTEL'S MOTION IN LIMINE NO. 3

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ............................................... 1

PRELIMINARY STATEMENT ............................................................................... 1

ARGUMENT .............................................................................................................. 2

I.    MOTION IN LIMINE NO. 3 IS SUFFICIENTLY SPECIFIC .......................... 2

II.    EVIDENCE OF DAMAGES AND APPORTIONMENT SHOULD BE EXCLUDED FROM PHASE 1(A) ................................................................... 4

     A.    Damages and Apportionment Evidence and Argument is Irrelevant in Phase 1(a) ................................................................... 4

     B.    Introducing Damages and Apportionment Evidence and Argument in Phase 1(a) Would Be Unfairly Prejudicial and Time Consuming ....... 7

     C.    The Court Should Not Revisit Its Trial Phasing Order ............................ 7

III.    PHASE TWO EVIDENCE SHOULD BE EXCLUDED FROM PHASE ONE .................................................................................................................. 9

CONCLUSION ......................................................................................................... 11

# TABLE OF AUTHORITIES

**Page**

## Cases

General Patent Corp. v. Hayes Microcomputer,
  1997 WL. 1051899 (C.D. Cal. 1997) ................................................................... 9

Nguyen v. Southwest Leasing and Rental, Inc.,
  282 F.3d 1061 (9th Cir. 2002) ............................................................................ 2

Nichols v. Penn. State Univ.,
  227 F.3d 133 (3d Cir. 2000) ............................................................................... 2

O'Malley v. U.S. Fidelity and Guar. Co.,
  776 F.2d 494 (5th Cir. 1985) .............................................................................. 9

In re Prempro Prds. Liabl. Litig.,
  2007 WL. 4166181 (E.D. Ark. 2007) .............................................................. 3, 5

Rosenberg v. Cottrell, Inc.,
  2007 WL. 2028789 (S.D. Ill. 2007) .................................................................... 3

Smith-Walker v. Zielinski,
  Case No. 2003 WL 21254221 at *8 (S.D. Ind. Apr. 29, 2003) ............................ 2

Stryker Corp. v. XL Ins. America,
  2006 WL. 3759796 (W.D. Mich. 2006) .............................................................. 2

## Statutes

17 U.S.C. § 201 ........................................................................................................ 6

Fed. R. Civ. Proc. 60(b) ........................................................................................... 9

# MEMORANDUM OF POINTS AND AUTHORITIES

## Preliminary Statement

MGA's opposition reveals why Mattel's motion must be granted. Instead of addressing the merits of Mattel's motion, MGA attacks the Court's July 2, 2007 Order bifurcating the trial. For under the Court's bifurcation order, MGA cannot introduce the irrelevant evidence on which it hopes to rely. MGA's strategy for Phase 1(a) is to confuse the jury with evidence and argument unrelated to Carter Bryant's employment with Mattel or the issue of who owns Bryant's Bratz drawings, sculpts and other creative works. MGA seeks to do so by interjecting matters such as the value of the Bratz line and whether that value is attributable to Bryant's original designs or other factors. None of this has anything to do with Phase 1(a). The parties have exhaustively briefed the trial phasing issues, and the Court correctly determined that its division of the claims and issues would maximize efficiency for the Court, the jurors, the witnesses and the parties, and would minimize prejudice and juror confusion. Granting Mattel's Motion *in limine* No. 3 will ensure that the efficiencies sought by the Court in entering its trial phasing Order are achieved.

Albeit weakly, MGA contends that evidence of MGA's development efforts, Mattel's financial condition, and certain of Mattel's strategic acquisitions properly relate to Phase 1(a) ownership issues. MGA simply fails to show this, however. Evidence about MGA's contribution to Bratz's success, or Mattel's financial condition, stock price or acquisitions of third parties does not bear any relationship to the legal issues to be tried in Phase 1(a). Such evidence should be excluded.

Finally, MGA misreads Mattel's argument about Phase 2 evidence and expedited discovery, and in so doing fails to respond to it. Contrary to how MGA characterizes the relief sought by Mattel, Mattel does not ask the Court to exclude from Phase 1 evidence of MGA's misappropriation of trade secrets. Rather, Mattel has pointed out the prejudice it will face, and the false story that will be presented to the jury, if MGA is permitted to argue that its alleged innovation and other

contributions caused Bratz to be successful while Mattel effectively has been precluded by the bifurcation order and the discovery stay from demonstrating that MGA misappropriated these very matters from Mattel. The Court should remedy that prejudice, either by excluding MGA's evidence or permitting Mattel to take limited expedited discovery. MGA offers no response to this.

## Argument

### I. MOTION IN LIMINE NO. 3 IS SUFFICIENTLY SPECIFIC

MGA first contends that Mattel's motion *in limine* is improper because it fails to provide adequate notice of the specific evidence it seeks to exclude. Mattel is entitled to move *in limine* against categories of evidence, and courts routinely grant such motions where evidence can be categorically excluded. The granting of such motions is consistent with courts' authority to manage the introduction of evidence at trial. For example, in Nguyen v. Southwest Leasing and Rental, Inc., 282 F.3d 1061 (9th Cir. 2002), the 9th Circuit discussed with approval the district court's grant of a motion *in limine* to exclude "evidence regarding industry custom and practice, state of the art and compliance with government standards and regulations and ... recall evidence." Nguyen, 282 F.3d at 1067. Similarly, in Nichols v. Penn. State Univ., 227 F.3d 133 (3d Cir. 2000), an appeal from a successful motion *in limine* was denied, where the district court had precluded any evidence tending to show compensatory or punitive damages except for lost compensation.

Courts routinely grant motions *in limine* to exclude evidence that is relevant only to a subsequent phase of trial, particularly where discovery on that phase is incomplete. See, e.g., Stryker Corp. v. XL Ins. America, 2006 WL 3759796 (W.D. Mich. 2006) (excluding all evidence of the amount of settlement and defense costs that was the subject of an insurance dispute, where such amounts were irrelevant to initial liability phase and discovery as to those amounts was incomplete); Smith-Walker v. Zielinski, Case No. 2003 WL 21254221 at *8 (S.D. Ind. Apr. 29, 2003) (bifurcation rendered evidence relevant to later stage irrelevant and inadmissible to

earlier stage).  MGA is simply wrong that granting a motion *in limine* to exclude categories of evidence is improper.

Moreover, MGA's assertion is disingenuous at the least.  In its motions *in limine*, MGA consistently asks the Court to exclude entire categories of evidence -- and, unlike Mattel, does so while providing no context for the Court whatsoever.  For example, MGA has moved the Court to exclude:  any evidence relating to the <u>Larian v. Larian</u> litigation and arbitration (MGA MIL No. 1); evidence relating to Isaac Larian's wealth and assets (MGA MIL No. 2); evidence relating to foreign legal proceedings involving MGA (MGA's MIL No. 3); and "Phase Two Evidence", including, evidence that the MGA Parties allegedly (1) stole Mattel employees, (2) borrowed Mattel ideas to create MGA products, (3) used Mattel company information for marketing or branding, (4) launched products to interfere with Mattel's success, (5) induced Mattel employees to work off-hours for MGA, and (6) defamed Mattel to vendors or the public.  (MGA MIL No. 6).  MGA simply lists these categories in its motions, remaining silent as to the actual issues they present.  Mattel, on the other hand, has endeavored to frame the issues its motions raise to help the Court in ruling on the motions.[1]

Moreover, Mattel's Motion properly describes the evidence it seeks to exclude and illustrates it with specific examples.  With respect to the potential Phase 1(b) evidence that Mattel seeks to exclude from Phase 1(a), Mattel sets forth its belief that MGA will attempt to introduce damages-related evidence such as MGA's revenues or profits, the value of the Bratz franchise and the value of Mattel's claims.  Motion at

---

[1] MGA's cases stand for the unremarkable proposition that some motions *in limine* are too sweeping in scope or too vague to be granted.  None provides any support for the proposition that Mattel's reasonably tailored motion is overbroad.  In several, the courts granted motions *in limine* that were quite broad.  <u>In re Prempro Prds. Liabl. Litig.</u>, 2007 WL 4166181 (E.D. Ark. 2007) (granting motions *in limine* to bar references to argument and evidence re:  other hormone therapy claimants or cases or past litigation involving other Wyeth pharmaceutical products, and to bar evidence and reference to Premarin/Preempro general sales trends); <u>Rosenberg v. Cottrell, Inc</u>. 2007 WL 2028789 (S.D. Ill. 2007) (precluding plaintiffs from referring to alleged defects in the rig not specifically related to plaintiff's accidents).

6:20-24. Mattel also explains that MGA is likely to introduce in Phase 1(a) evidence and argument of factors other than Bryant's designs that MGA claims contributed to the success of Bratz, and pointed specifically to the expert report of Paul Meyer. Similarly, Mattel's request to exclude Phase 2 evidence discussed, *inter alia*, evidence of Mattel's "competitive response to Bratz," such as the proposed testimony of Dr. Joachimsthaler, and a great many specific allegations set forth in MGA's Phase 2 Complaint, including: evidence of Mattel's corporate policy principles; the size of Mattel; annual sales of Barbie; the selling price of Mattel stock; Mattel's plans for acquiring Tyco Toys, Pleasant Co., and the Learning Company; and layoffs of Mattel employees. Motion at 9-10. Although MGA ignores virtually all of this evidence in its opposition, this is not the fault of Mattel. MGA's contention that Mattel failed to set forth specific examples of the evidence it seeks to exclude is simply inaccurate.

## II. EVIDENCE OF DAMAGES AND APPORTIONMENT SHOULD BE EXCLUDED FROM PHASE 1(A)

### A. Damages and Apportionment Evidence and Argument is Irrelevant in Phase 1(a)

MGA has failed to articulate a theory of relevance in support of its bald claim that damages and apportionment evidence properly belongs in Phase 1(a). MGA argues in its Opposition Memorandum:

> [E]vidence of apportionment is relevant to Phase 1(a) because such evidence will assist the jury in determining who owns what -- i.e., who owns the Bryant drawings, what elements of those drawings are subject to copyright protection, and which elements of the BRATZ dolls' success is due to the independent efforts of MGA. Opp. at 1:21-25.

This argument contradicts the Court's bifurcation order. On July 2, 2007, the Court entered an Order granting Mattel's motion re: trial phasing. The Court held that Phase 1(a) was "limited to issues surrounding Carter Bryant's employment with

Mattel, and how those issues impact the ownership of his original Bratz drawings."[2] To be relevant in Phase 1(a), evidence must contain some logical nexus to Bryant's employment with Mattel and the claims to be tried in Phase 1(a), in a manner that helps to determine one of the elements properly at issue. The claims as to which liability is being tried in Phase 1(a) are breach of contract, breach of fiduciary duty, breach of duty of loyalty, conversion, intentional interference with contract, aiding and abetting breach of fiduciary duty and duty of loyalty, unfair competition (re: bribery of Bryant) and declaratory relief.[3] Not even copyright infringement liability, let alone damages, is set for trial in Phase 1(a).

The Court explained in its recent Summary Judgment Order that "[t]he Inventions Agreement explicitly conveys to Mattel an employee's interest in any copyrights or copyright applications. Assuming copyrightability and the resolution of certain (as yet unresolved) issues of timing of creation and/or alteration in Mattel's favor, the original Bratz drawings clearly fall within the scope of the Inventions Agreement."[4] The jury will resolve those issues of timing of creation and alteration in Phase 1(a).

The ownership of the original Bratz drawings can and should be determined without evidence or argument relating to the value of Mattel's claims and the amount of damages potentially at issue. The value of a work is irrelevant to questions of authorship and ownership. 17 U.S.C. § 201 *et seq.* Similarly, evidence and argument of apportionment of profits has no role in Phase 1(a). Apportionment is a doctrine that potentially limits damages for copyright infringement. Because neither damages

---

[2] Minute Order dated July 2, 2007 at 2, attached as Exhibit 19 to the Declaration of B. Dylan Proctor in support of Mattel's Motions *in limine* Nos. 1-13, dated April 14, 2008 ("Proctor Dec.").

[3] Mattel's Memorandum Regarding Trial Structure dated June 20, 2007 at 8-9, Proctor Dec., Exh. 20.

[4] Order Granting In Part, Denying In Part, and Deferring In Part the Parties' Motions for Partial Summary Judgment dated April 25, 2008 at 4, attached as Exhibit 78 to the Declaration of Tamar Buchakjian in support of Mattel Inc.'s Opposition to the MGA Parties' Motions *in limine* Nos 1-14, lodged concurrently, dated April 28, 2008 ("Buchakjian Dec.").

nor infringement is being tried in Phase 1(a), apportionment evidence and argument are not relevant to this first phase of trial. An analysis of the amount of profits that may be attributed to factors other than the copyrighted work simply has no place in it.

The closest MGA comes to providing a logical basis to support its contention that apportionment issues are relevant to Phase 1(a) is to make reference to its Oppositions to Mattel Motions *in limine* nos. 2, 4, 8, 9 and 11. (Opposition at 8:11-14). Nowhere in any of these opposition briefs does MGA explain how damages or apportionment evidence could possibly be relevant to Phase 1(a). For example, MGA's Opposition to Motions *in limine* nos. 2 and 4 argue that evidence of Mattel's delay in filing suit is relevant to MGA's affirmative defenses. Even assuming that MGA's position therein has merit as to relevance, the Court recently determined that these defenses will be tried to the bench, not to the jury.[5] The jury will not be asked to decide any factual questions in Phase 1(a) related to MGA's efforts to make Bratz a success. Evidence bearing on such questions is irrelevant.[6]

MGA's only other argument is a passing reference to a need to introduce evidence of good faith in response to Mattel's claims of willfulness. (Opposition at 9). However, the evidence and argument Mattel seeks to exclude from Phase 1(a) by this motion, relating to damages, claim value and apportionment, will not impact MGA's ability to present evidence of its claimed good faith. MGA has not explained the purported connection.

---

[5] *Id.* at 7.
[6] MGA's Opposition to Motion *in limine* no. 8 contends that it has the right to refute that it interfered with contractual relations or aided and abetted Bryant's breach of duties because Mattel allegedly passed up an opportunity to market Bratz. This causation argument is irrelevant to damages and apportionment issues. The issues raised by Motion *in limine* no. 9--about certain of MGA's cultural experts--has no bearing on damages or apportionment. Frankly, Mattel does not understand MGA's reference to Motion No. 9. Finally, Motion *in limine* No. 11 relates to whether MGA's apportionment expert disclosures were timely; MGA's opposition sets forth its position as to why its expert reports were not untimely, but does not purport to explain why damages or apportionment evidence is relevant to the ownership issues teed up for Phase 1(a).

07209/2497961.2

-6-
REPLY IN SUPPORT OF MATTEL'S MOTION IN LIMINE NO. 3

**B.     Introducing Damages and Apportionment Evidence and Argument in Phase 1(a) Would Be Unfairly Prejudicial and Time Consuming**

The evidence and argument on which MGA hopes to rely would prove unfairly prejudicial to Mattel. MGA's transparent goal is to elicit sympathy from the jurors; a smaller company holding its own against one of the titans of the industry is a "feel good" story to which it hopes the jurors will relate. But MGA's contributions to the value of the Bratz line has nothing to do with the ownership issues the jury will decide in Phase 1(a). Similarly, MGA seeks to tell the jury about the value of Mattel's claims, and convince the jurors, for reasons unrelated to the merits of the ownership dispute, that they should not award what MGA will characterize as a large "windfall" to Mattel. The Court should preclude MGA from appealing to the jurors' sympathy and passion with irrelevant evidence.

Further, this evidence should be excluded on Rule 403 grounds, as it has the potential to waste time and unduly delay the trial. If MGA is entitled to argue that it is primarily or solely responsible for Bratz's success, Mattel will be forced to respond, including by introducing contravening evidence that the strategies MGA claims as its own were in fact misappropriated from Mattel. This trial-within-a-trial has the potential to eclipse the issues relating to Bryant's employment at Mattel that the Court has ordered be adjudicated first. The potential for wasting time and confusing the jury requires that such evidence be precluded from Phase 1(a).

**C.     The Court Should Not Revisit Its Trial Phasing Order**

All but admitting that damages, claim value and apportionment evidence have no proper place in Phase 1(a), MGA devotes the bulk of its argument to asking the Court to reconsider its Trial Phasing Order. There is no reason for the Court to change the structure of the trial at this late date.

In the Court's Order granting Mattel's Motion re Trial Structure, the Court held:

> Phase 1(a) [will] be limited to issues surrounding Carter Bryant's employment with Mattel, and how those issues impact the ownership of certain original Bratz drawings, while Phase 1(b) [will] address approximately two-hundred

> Bratz products that are potentially derivative of the original drawings. This approach has the appeal of limiting Phase 1(a) to discrete issue of the ownership of the original Bratz drawings. A finding that Bryant owns these original drawings in Phase 1(a) has the potential to eliminate the need for Phase 1(b).

The Court reached this conclusion after extensive briefing and supplemental briefing, and it was--and is--correct. The Court correctly evaluated the efficiencies of phasing the trial in the manner set forth in its Order. The narrow issue of ownership is much simpler to resolve than the complex and burdensome questions of infringement and damages, including apportionment, that will follow if Mattel prevails in Phase 1(a), and may be rendered unnecessary if Mattel does not prevail. Indeed, MGA has acknowledged that the apportionment issues are complex. "There are countless Bratz products, as well as dozens of different themes used to market the Bratz dolls, each of which would need to be individually analyzed in order to calculate the profits attributable to each and to apportion damages appropriately."[7] This concern is entirely legitimate. Ownership can be addressed and resolved without wading into this minutia.

Depending on the outcome of the ownership issues, the necessity for resolving these complex infringement and damages issues may be avoided. MGA argues that there *may* be a Phase 1(b) trial in light of the Court's recent summary judgment findings, thus militating against the Court's phased approach. (Corrected Opposition at 10:14-16). But there was always a possibility of a Phase 1(b) trial. So long as the ownership of Bratz remains in dispute, it makes sense to resolve those issues at the outset. Because the ownership issues could be dispositive, as a legal or practical matter, bifurcation is particularly appropriate. General Patent Corp. v. Hayes

---

[7] MGA's Opposition to Mattel's Motion to Try All Claims Related to Bratz Ownership in Phase One dated May 25, 2007 at 8:8-11, attached as Exhibit 1 to the Supplemental Declaration of B. Dylan Proctor in Support of Mattel's Motions *In Limine* Nos. 1-14 dated May 8, 2008 ("Supp. Proctor Dec.").

Microcomputer, 1997 WL 1051899 at *1 (C.D. Cal. 1997); O'Malley v. U.S. Fidelity and Guar. Co., 776 F.2d 494, 501 (5th Cir. 1985).

MGA's request for relief from the Court's July 2, 2007 Order also violates Rule 60 of the Federal Rules of Civil Procedure. Such relief can only be provided "on motion." Fed. R. Civ. Proc. 60(b). MGA's request, made in opposition to a motion *in limine*, is thus procedurally improper. Moreover, courts may only grant relief from an order for reasons such as mistake, inadvertence, surprise or excusable neglect, newly discovered evidence, or fraud. *Id.* MGA has identified no such grounds. Nothing has changed since the parties thoroughly briefed the trial structure issues and the Court decided how to structure the trial. The Court should decline MGA's request to alter the phasing of the trial.

## III. PHASE TWO EVIDENCE SHOULD BE EXCLUDED FROM PHASE ONE

MGA misinterprets Sections II and III of Mattel's motion, and in so doing, fails to address them. Mattel has asked the Court to exclude from Phase 1 (or Phase 1(a)) two types of Phase 1 evidence. First, the Court should preclude defendants from making reference to Mattel's competitive response to Bratz (such as the MY SCENE doll line), Mattel's financial condition, marketing strategies, acquisitions of other companies, and corporate governance and policies. Second, Mattel would be unfairly prejudiced by MGA's evidence and argument that its damages should be reduced because the success of Bratz allegedly can be traced to reasons other than Bryant's contributions. MGA has indicated its intention to present such evidence and argument in Phase 1(b) (and likely Phase 1(a), if this motion *in limine* were denied). Yet MGA wholly ignores this aspect of the motion.

As to the first part, MGA's sole argument as to why evidence of Mattel's competitive response to Bratz purportedly is admissible in Phase 1 is that such evidence is relevant to MGA's affirmative defenses. (Opposition. at 14:19-15:7). Just as MGA refers the Court to its Oppositions to Mattel's Motions *in limine* Nos. 2,

4, 8 and 9, so Mattel refers the Court to its moving papers and reply memoranda in support of these same motions. MGA's contentions about these affirmative defenses are unavailing, as the Court has correctly deferred ruling on them until after trial.[8] Any evidence related to MGA's affirmative defenses can thus be presented outside the presence of the jury.

MGA misreads the second part of Mattel's Phase 2 argument. Mattel is not arguing for a categorical exclusion of evidence of MGA's misappropriation of Mattel's trade secrets. Rather, because such evidence is responsive to MGA's claims that the success of Bratz should be largely attributed to its business efforts, and because Mattel is unable to properly present this evidence due to the Phase 2 discovery stay, the Court should not permit MGA to present evidence of its contribution to the success of Bratz in Phase 1, particularly as to periods after MGA's theft of Mattel's employees and trade secrets. MGA's argument as to whether Dr. Joachimsthaler's opinion deals with trade secrets or matters of general knowledge misses the mark. (Opposition at 14). Whether or not the Mattel information that MGA misappropriated is a trade secret, Mattel will be unfairly prejudiced, and the jury will be told a factually incomplete and false account by MGA's presenting evidence as to which Mattel will be unable to fully and fairly respond, due to the discovery stay.

MGA argues that discovery should not be reopened because Mattel has already had ample opportunity to explore anything relevant to Phase 1. Nothing could be further from the truth. Mattel has been prevented from deposing the key witnesses who will confirm that MGA took from Mattel the materials MGA claims are responsible for the success of Bratz.

Accordingly, if MGA is permitted to argue in Phase 1 about its contribution to the success of Bratz, Mattel should be permitted to conduct discovery as to the origin

---

[8] Order Granting In Part, Denying In Part, and Deferring In Part the Parties' Motions for Partial Summary Judgment dated April 25, 2008 at 7, Buchakjian Dec., Exh. 78.

of MGA's business strategies and tactics. There is good cause for expediting this discovery; Mattel should be given the opportunity to complete this discovery sufficiently before MGA is permitted to present its evidence describing what it contends to be the reasons for the success of Bratz, so that Mattel can present its side of the story. To prevent the jury from hearing a one-sided account of the reasons for the financial success of the Bratz dolls, the Court should either preclude from Phase 1(b) MGA's evidence and argument about its contribution to the success of Bratz, or it should permit expedited discovery as to MGA's theft of the very information MGA now contends entitles it to a reduction in damages, including permitting depositions of Mr. Machado, Mr. Vargas, Ms. Trueba, Ms. Brisbois, and Mr. Castilla.

## **Conclusion**

For the foregoing reasons, Mattel respectfully requests that the Court grant its Motion *in limine* No. 3 in its entirety.

DATED:  May 8, 2008              QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/ John B. Quinn
    John B. Quinn
    Attorneys for Mattel, Inc.