

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br>Consolidated with<br>Case Nos. CV 04-09059 & CV 05-2727<br><br>**DISCOVERY MATTER**<br><br>Hon. Stephen G. Larson<br><br>**(PUBLIC REDACTED VERSION)**<br><br>DECLARATION OF STEPHEN Q. WOOD IN SUPPORT OF MATTEL, INC.'S REPLY MOTION OBJECTING TO PORTIONS OF THE DISCOVERY MASTER'S APRIL 11, 2008 ORDER GRANTING IN PART AND DENYING IN PART MATTEL'S MOTION TO COMPEL PRODUCTION OF ELECTRONIC MEDIA FROM THIRD PARTIES ELISE CLOONAN, MARGARET HATCH-LEAHY AND VERONICA MARLOW.<br><br>Hearing Date: Not Applicable<br>Time: Not Applicable<br><br>**Phase 1**<br>Discovery Cut-Off: January 28, 2008<br>Pre-Trial Conference: May 5, 2008<br>Trial Date: May 27, 2008 |

## DECLARATION OF STEPHEN Q. WOOD

I, Stephen Q. Wood, declare as follows:

1.    I am a member of the bar of the State of California and an associate at Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for Mattel, Inc. ("Mattel"). Except where otherwise indicated, I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

2.    Attached hereto as Exhibit 1 are true and correct copies of excerpts of the deposition of Peter Marlow, taken on May 2, 2008.

3.    Attached hereto as Exhibit 2 are true and correct copies of excerpts of the deposition of Margaret Hatch-Leahy, taken December 12, 2007.

4.    Attached hereto as Exhibit 3 is a true and correct copy of Mattel, Inc.'s Ex Parte Application To (1) Compel Depositions Of Elise Cloonan, Margaret Hatch-Leahy, And Veronica Marlow Or (2) In The Alternative, Modify The Scheduling Order; And Memorandum Of Points And Authorities In Support Thereof, dated November 15, 2007.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 9, 2008 at Los Angeles, California.

_Stephen Q. Wood_

Stephen Q. Wood

07209/2499195.1

-2-

# EXHIBIT 1

THIS EXHIBIT IS FILED UNDER SEAL

PURSUANT TO PROTECTIVE ORDER

# EXHIBIT 2

THIS EXHIBIT IS FILED UNDER SEAL

PURSUANT TO PROTECTIVE ORDER

EXHIBIT 3

1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 090378)
2       johnquinn@quinnemanuel.com
      Michael T. Zeller (Bar No. 196417)
3       (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
4       (joncorey@quinnemanuel.com)
      Timothy L. Alger (Bar No. 160303)
5       (timalger@quinnemanuel.com)
      865 South Figueroa Street, 10th Floor
6   Los Angeles, California 90017-2543
      Telephone:  (213) 443-3000
7   Facsimile:   (213) 443-3100

8   Attorneys for Mattel, Inc.

9                   UNITED STATES DISTRICT COURT

10                 CENTRAL DISTRICT OF CALIFORNIA

11                        EASTERN DIVISION

| | |
|---|---|
| 12   CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| 13          Plaintiff, | Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727 |
| 14        vs. | |
| 15   MATTEL, INC., a Delaware<br>corporation, | Hon. Stephen G. Larson |
| 16          Defendant. | MATTEL, INC.'S *EX PARTE*<br>APPLICATION TO (1) COMPEL<br>DEPOSITIONS OF ELISE |
| 17 | CLOONAN, MARGARET HATCH-<br>LEAHY, AND VERONICA |
| 18   AND CONSOLIDATED ACTIONS | MARLOW OR (2) IN THE<br>ALTERNATIVE, MODIFY THE |
| 19 | SCHEDULING ORDER; AND |
| 20 | MEMORANDUM OF POINTS AND<br>AUTHORITIES IN SUPPORT |
| 21 | THEREOF |
| 22 | [Declaration of B. Dylan Proctor filed<br>concurrently herewith] |
| 23 | |
| 24 | Hearing Date:  November 16, 2007<br>Time:               10:00 a.m.<br>Place:              Courtroom 1 |
| 25 | |
| 26 | Discovery Cut-Off:   January 28, 2008<br>Pre-Trial Conference: May 5, 2008<br>Trial Date:             May 27, 2008 |
| 27 | |
| 28 | |

07209/2296082.1

*11-15*

MATTEL'S *EX PARTE* APPLICATION

1 | TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2 PLEASE TAKE NOTICE that Mattel, Inc. ("Mattel") will, and hereby does,
3 respectfully apply *ex parte*, pursuant to <u>Local Rule</u> 7-19 and <u>Fed. R. Civ. P.</u> 30, for
4 an order (1) compelling Elise Cloonan, Margaret Hatch-Leahy and Veronica
5 Marlow to appear for deposition on or before December 7, 2007, or (2) in the
6 alternative, modifying the Court's Scheduling Order to extend Mattel's time to take
7 follow-up discovery based on the witnesses' testimony until two months after their
8 depositions are completed.

9 This *ex parte* application is made on the grounds that these key witnesses --
10 who are affiliated with MGA and represented by MGA's counsel -- have crucial
11 knowledge about the origins of Bratz and the timing of its creation and
12 development, including during the time periods when defendant Carter Bryant was
13 working for Mattel. These witnesses cancelled their scheduled depositions as a
14 result of the recent stay obtained by MGA. Now they are refusing to appear for
15 deposition within a reasonable period of time, despite repeated requests from Mattel.
16 If these witnesses are not compelled to appear for deposition no later than
17 December 7, 2007 and the Court does not modify the Scheduling Order to permit
18 follow-up discovery when these witnesses finally appear, Mattel will be prejudiced
19 by not having sufficient time to complete its discovery prior to the January 28, 2008
20 discovery cut-off date. Mattel would be irreparably prejudiced if this motion were
21 heard according to regularly noticed motion procedures because it would not be able
22 to complete discovery it is indisputably entitled to prior to the currently scheduled
23 discovery deadlines.

24 This application is based on this Application, the accompanying
25 Memorandum of Points and Authorities, the concurrently filed declaration of B.
26 Dylan Proctor, and all pleadings and papers on file with the Court in this action.

27

28

1    Pursuant to <u>Local Rule</u> 7-19.1, counsel for Mattel gave notice of this

2  application to counsel for all other parties and the witnesses *via* telephone and letter

3  on November 14-15, 2007.[1]

4    Counsel for Elise Cloonan, Margaret Hatch-Leahy and Veronica Marlow is

5  Larry McFarland of Keats McFarland & Wilson LLP (telephone: 310-248-3830;

6  address: 9720 Wilshire Blvd., Beverly Hills, CA 90212). Mr. McFarland has stated

7  that his clients will oppose this application.[2]

8    Counsel for Carter Bryant is Michael Page of Keker & Van Nest, LLP

9  (telephone: 415-391-5400; address: 710 Sansome Street, San Francisco, CA 94111).

10 Counsel for MGA Entertainment, Inc., MGA Entertainment (HK) Ltd., MGAE de

11 Mexico and Isaac Larian is Thomas J. Nolan of Skadden, Arps, Slate, Meagher &

12 Flom LLP (telephone: 213-687-5000; address: 300 S. Grand Ave., Los Angeles, CA

13 90071).  Counsel for Gustavo Machado Gomez is Alexander Cote of Overland

14 Borenstein Scheper & Kim, LLP (telephone: 213-613-4655; address: 300 South

15 Grand Avenue, Suite 2750, Los Angeles, CA 90071).  Each of the foregoing was

16 notified of this application.  Mr. Nolan has stated that his clients will oppose this

17 application.  Mattel does not have knowledge of the positions of Mr. Bryant and Mr.

18 Machado with respect to it.[3]

19

20 DATED: November 15, 2007          QUINN EMANUEL URQUHART OLIVER &
                                    HEDGES, LLP
21

22                                  By  Dylan Proctor  O.S
23                                    B. Dylan Proctor
                                      Attorneys for Plaintiff
24                                    Mattel, Inc.

25    [1]  Declaration of B. Dylan Proctor, filed concurrently herewith ("Proctor Dec."),

26 ¶¶ 2-3.
      [2]  Proctor Dec. ¶ 2.
27    [3]  Proctor Dec. ¶ 3.

28

07209/2296082.1

-2-

## **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ............................................................................. 1

STATEMENT OF FACTS ................................................................................... 3

ARGUMENT ...................................................................................................... 7

I.      THE COURT SHOULD COMPEL THE DEPOSITIONS .............................. 7

     A.      These Are All Crucial Witnesses............................................................ 7

     B.      Mattel Will Be Severely Prejudiced If The Depositions Of These Witnesses Do Not Promptly Go Forward ................................................ 8

CONCLUSION.................................................................................................... 11

MATTEL'S *EX PARTE* APPLICATION

# MEMORANDUM OF POINTS AND AUTHORITIES

## Preliminary Statement

While seeking a stay of this case because of MGA's substitution of counsel, MGA assured the Court that "MGA certainly did not entertain the substitution of counsel for any purpose of delay or to cause prejudice to anybody."[4]  Intended or not, that is becoming its effect.  Mattel respectfully requests the Court's assistance to avoid serious, and irreparable, prejudice from the stay obtained by MGA.

Veronica Marlow, Margaret Hatch-Leahy and Elise Cloonan are each crucial witnesses who are affiliated with Bryant and MGA and are represented by MGA's counsel.  Each of them has unique knowledge about matters that go to the heart of this case, including the origins of Bratz and its timing.  By defendants' account, Veronica Marlow introduced Bryant to MGA.  Mattel has now learned -- from discovery which MGA and Bryant had long withheld until compelled to produce it, despite its obvious relevance -- that defendants have paid Ms. Marlow millions of dollars as a supposed finder's fee for her role in the Bratz project.  Ms. Hatch-Leahy worked on the Bratz doll sculpt, including when Carter Bryant was still employed by Mattel, billing her services to MGA.  Ms. Cloonan, also a former Mattel employee, assisted Bryant in his Bratz pitch to MGA while both Bryant and Ms. Cloonan were employed by Mattel.

Regrettably, these defendant-affiliated witnesses are following defendants' now-familiar playbook to obstruct discovery, including by first delaying their depositions with promises to appear (while claiming unavailability for lengthy periods) and then canceling as the promised dates approach.  Indeed, defendants have followed this pattern with every one of their key witnesses and ultimately

---

[4]  Transcript of the October 15, 2007 Status Conference, at 12:3-5, attached as Exhibit 2 to the concurrently filed Proctor Declaration ("Proctor Dec.").

1   refused to produce them for deposition until ordered to do so, sometimes multiple

2   times.[5]

3        Mattel has been actively seeking to schedule the depositions of Ms. Marlow,

4   Ms. Hatch-Leahy and Ms. Cloonan since early June — for almost six months.  Mattel

5   offered to take the depositions at any time in July, but their counsel — who also has

6   been MGA's counsel for years and is himself a witness in this case — claimed they

7   were unavailable until September.  When the agreed time-range approached,  they

8   failed to appear.  After still more delays, and shortly before MGA applied for a stay,

9   these witnesses proposed, and Mattel confirmed, dates in late October for Ms. Leahy

10  and early November for Ms. Marlow and Ms. Cloonan.  Once MGA obtained a stay,

11  however, the witnesses then cancelled the scheduled depositions.   When Mattel

12  asked for replacement dates, Ms. Leahy and Ms. Cloonan refused to appear until

13  mid-December -- another month from now -- and, despite her central importance,

14  Ms. Marlow refused to appear until mid-January of next year -- another two months

15  from now and only two weeks prior to the discovery cut-off.  Equally troubling,

16  each of these witnesses has refused to stipulate or bind themselves in any

17  meaningful way to actually appear even on those belated dates, despite Mattel's

18  requests.

19        Mattel should not be prejudiced as a result of the actions of MGA and its

20  affiliated witnesses.  Mattel needs to depose these key witnesses with adequate time

21  left before the fact discovery cutoff so that it can take whatever follow-up discovery

22

23    [5]  This has included named defendants Carter Bryant, Isaac Larian and MGA as
24  well as Paula Garcia, MGA's Bratz project manager from the start.  Bryant and
    Larian would not appear until they were *twice* ordered by the Court and, in the case
25  of Larian, until sanctions were imposed.  And, confirming that defendants continue
    to engage in this tactic of refusing to provide even the most obvious discovery
26  unless ordered to do so, another MGA executive who is a named defendant, Gustavo
27  Machado, is currently refusing to sit for deposition despite his earlier promises, so
    Mattel will have to file a motion to obtain his testimony as well.

28

1  is needed.  Absent relief from the Court, Mattel will be denied its right to do so.

2  The Court should order these witnesses to appear for deposition no later than

3  December 7, 2007.  In the alternative, Mattel requests that the Court modify the

4  Scheduling Order to extend Mattel's time to take any follow-up discovery based on

5  the testimony of these witnesses to two months after the last of their depositions.

6  **Statement of Facts**

7      <u>The Witnesses Delay for Months.</u>  Mattel first requested a deposition date for

8  Ms. Cloonan on June 1, 2007, seeking to schedule her deposition during the first

9  half of July 2007.[6]  Mattel received no response and again requested dates for her

10  deposition on June 7, 2007.[7]  That same day, Mattel also requested July deposition

11  dates for Ms. Hatch-Leahy and Ms. Marlow.[8]  The parties met and conferred on

12  June 15 and 21, 2007, and the witnesses' counsel represented that Ms. Cloonan was

13  unavailable until early September because of pregnancy and that he would provide

14  specific dates for her and the others.[9]  In a June 28, 2007 letter, counsel again

15  promised to ask his clients regarding possible deposition dates.[10]  Despite follow-up

16  by Mattel seeking to schedule the depositions, including through several messages

17  left with the witnesses' counsel,[11] counsel did not respond.  Mattel then sent a

18  follow-up letter on September 4, 2007, again asking for dates and offering to depose

19  the witnesses on <u>any</u> day in September.[12]

---

[6]  Proctor Dec. Exh. 3.
[7]  Proctor Dec. Exh. 4.
[8]  Proctor Dec. Exh. 4.
[9]  Proctor Dec. Exh. 5.
[10]  Proctor Dec. Exh. 6.
[11]  Proctor Dec. Exh. 7.
[12]  Proctor Dec. Exh. 7.

07209/2296082.1

1  The witnesses' counsel responded on September 7, again representing that he
2  would contact his clients regarding possible deposition dates.[13]  Mattel also offered
3  to schedule the depositions for any date prior to October 26, 2007.[14]  Counsel agreed
4  to provide Mattel with dates for all three witnesses on September 17,[15] but then
5  failed to do so.[16]  Mattel followed up on September 18 and 19[17] and reiterated that it
6  would be willing to depose each of these witnesses on any date prior to
7  October 26.[18]  The witnesses' counsel then stated on September 20 that he was still
8  trying to get available dates.[19]

9  Finally, on September 21, the witnesses' counsel offered an October 24, 2007
10  deposition date for Ms. Marlow and a November 14, 2007 deposition date for
11  Ms. Cloonan — more than two months later than the original early-September
12  deposition date promised.[20]  Counsel also represented that he "was continuing to
13  work with Ms. Leahy with respect to an available deposition date."[21]  Mattel
14  responded on September 21, 2007, accepting Ms. Marlow's deposition date but
15  rejecting Ms. Cloonan's proposed November 14 date as too late.[22]  Mattel also
16  informed counsel that his continued failure to provide Mattel with any dates for
17  Ms. Leahy was unacceptable, and that if he failed to provide deposition dates for

18

19

20

21  [13]  Proctor Dec. Exh. 8.
22  [14]  Proctor Dec. Exh. 9.
23  [15]  Proctor Dec. Exh. 9.
     [16]  Proctor Dec. Exh. 10.
24  [17]  Proctor Dec. Exh. 10.
25  [18]  Proctor Dec. Exh. 10.
     [19]  Proctor Dec. Exh. 11.
26  [20]  Proctor Dec. Exh. 12.
27  [21]  Proctor Dec. Exh. 12.
     [22]  Proctor Dec. Exh. 13.
28

1 Leahy and Cloonan within the previously discussed time-range (*i.e.*, prior to
2 October 26, 2007), Mattel would have no choice but to move to compel.[23]

3     The witnesses' counsel responded on September 28, 2007 — less than two
4 weeks before MGA sought a stay from the Court — and offered October 30 and
5 November 14 deposition dates for Ms. Leahy and Ms. Cloonan, respectively.[24]  He
6 also asked to move Ms. Marlow's deposition date to November 6, 2007.[25]  Though
7 all of the offered dates were months later than those initially sought and promised,
8 Mattel offered to accept these dates on the condition that deponents enter into a
9 confirming stipulation to prevent any last-minute cancellations.[26]  Counsel refused
10 to enter into this stipulation.[27]

11     <u>Counsel Cancels the Depositions Based on the Stay Orders.</u>   Shortly
12 thereafter, MGA revealed to the Court and Mattel that it was substituting counsel
13 and, on October 15, 2007, the Court approved the substitution and entered the first
14 stay until October 31, 2007 at MGA's request.[28]  On October 31, 2007, the Court
15 extended the stay until November 14, 2007.[29]  During the October 15 conference,
16 MGA's counsel assured the Court that "MGA certainly did not entertain the
17 substitution of counsel for any purpose of delay or to cause prejudice to anybody."[30]

18     The day after the October 15 Stay Order, the witnesses' counsel informed
19 Mattel that the deposition of Ms. Leahy, scheduled for October 30, 2007, would not

---

[23]   Proctor Dec. Exh. 13.
[24]   Proctor Dec. Exh. 14.
[25]   <u>Id.</u>
[26]   Proctor Dec. Exh. 15.
[27]   Proctor Dec. Exh. 16.
[28]   Proctor Dec. Exh. 17.  Specifically, the Court stayed all proceedings and
discovery during that time, but allowed the parties to "continue to produce paper
discovery" and "to serve discovery requests." <u>Id.</u>
[29]   Proctor Dec. Exh. 18.
[30]   Proctor Dec. Exh. 2.

1  go forward based on that Order.[31]   That same day, Mattel asked counsel to provide

2  new deposition dates for Ms. Leahy.[32]   In response, counsel promised to "coordinate

3  with [] Ms. Leahy in order to schedule new deposition dates, and inform [Mattel]

4  thereafter."[33]   After receiving no further response, Mattel followed up and again

5  asked for deposition dates for Ms. Leahy.[34]   Counsel then informed Mattel that, in

6  light of the October 15 Stay Order, "it makes sense to wait to set [Leahy's]

7  deposition date[] until after we know whether the Court continues the stay, and if so,

8  for how long."[35]   The day after the October 31 Stay Order, the witnesses' counsel

9  wrote to say that the depositions of Veronica Marlow and Elise Cloonan, scheduled

10  for November, also would not go forward.[36]

11      Mattel informed counsel that because the discovery cut-off was less than three

12  months away, the rescheduling of these witnesses' depositions needed to be done

13  promptly.[37]   Counsel responded five days later that he would check on his clients'

14  availability.[38]   On November 9, 2007, counsel represented that he would need

15  further time to determine their availability.[39]   Finally, on November 12, 2007,

16  counsel offered December 12, 2007, December 14, 2007 and January 9, 2008 as

17  deposition dates for Ms. Leahy, Ms. Cloonan and Ms. Marlow, respectively.[40]

18      The next day, Mattel responded that these dates — the earliest of which is

19  more than a month away — are unacceptably late and would prejudice Mattel's

20

21  [31]   Proctor Dec. Exh. 19.
22  [32]   Proctor Dec. Exh. 20.
23  [33]   Proctor Dec. Exh. 21.
    [34]   Proctor Dec. Exh. 22.
24  [35]   Proctor Dec. Exh. 23.
25  [36]   Proctor Dec. Exh. 24.
    [37]   Proctor Dec. Exh. 25.
26  [38]   Proctor Dec. Exh. 26.
27  [39]   Proctor Dec. Exh. 27.
    [40]   Proctor Dec. Exh. 28.
28

1  ability to take follow-up discovery, particularly given counsel's refusal to stipulate
2  even to these late dates.[41]   The parties discussed the matter the day after that, on
3  November 14, 2007.  The witnesses' counsel confirmed that he would not offer any
4  earlier deposition dates, although he offered no reason why the witnesses could not
5  appear sooner.[42]  He also reiterated that he would not stipulate that the witnesses
6  would actually appear on even the offered dates.[43]

7  **Argument**

8  I.   **THE COURT SHOULD COMPEL THE DEPOSITIONS**

9       A.   **These Are All Crucial Witnesses**

10       It is beyond dispute that Ms. Cloonan, Ms. Leahy and Ms. Marlow possess
11  discoverable information.  Indeed, each is a key witness and has been identified by
12  MGA as "possess[ing] information relevant to the conception, creation, design and
13  development of 'Bratz.'"[44]

14       More specifically, Ms. Marlow was originally employed at Mattel, where she
15  got to know Bryant, and then began to work for MGA around April 2000.[45]  Paula
16  Garcia, MGA's Bratz project manager, has testified that it was Veronica Marlow
17  who first brought Bryant to MGA's attention and that she was present at Bryant's
18  pitch meeting for Bratz with MGA,[46] which occurred when he was employed by
19  Mattel even by defendants' account.  Testimony and documents have revealed that

20

21

22

23  [41]  Proctor Dec. Exh. 29.
     [42]  Proctor Dec. Exhs. 1, 30.
24   [43]  Id.
     [44]  MGA's Rule 26(a) Disclosures ¶¶ 4-6, Proctor Dec. Exh. 31.
25   [45]  Deposition Transcript of Paula Garcia, dated May 24, 2007 ("Garcia Depo."),
26  at 237:8-13, Proctor Dec. Exh. 32
     [46]  Garcia Depo, at 186:19-187:16; 242:19-243:17; 264:21-266:20; 270:22-271:1,
27  Proctor Dec. Exh. 32.

28

-7-

1   Bryant and MGA have paid Ms. Marlow millions of dollars as a supposed "finder's

2   fee."[47]

3        Ms. Leahy was a Mattel employee until September 2000.[48]  Bryant solicited

4   Ms. Hatch-Leahy to sculpt the Bratz dolls and introduced her to MGA while he was

5   still employed by Mattel.[49]  Leahy created the first Bratz sculpt and, according to

6   Ms. Garcia, was the sole person to work on the Bratz sculptures in the key time-

7   period of 2000.[50]  She also worked on Bratz samples exhibited at the Hong Kong

8   Toy Fair in January 2001 and the New York Toy Fair in February 2001.[51]

9        Elise Cloonan was Bryant's roommate in 1999-2000 and worked with him at

10  Mattel.[52]  She also worked on the Mattel "Toon Teens" project in 1999 that Bryant

11  borrowed from to create Bratz which, among other evidence, refutes his claim to

12  have created Bratz earlier, in 1998, during a brief hiatus from Mattel.[53]  While both

13  she and Bryant were Mattel employees, Ms. Cloonan also prepared portions of the

14  written Bratz pitch materials that Bryant presented to MGA.[54]

15       **B.   Mattel Will Be Severely Prejudiced If The Depositions Of These**

16       **Witnesses Do Not Promptly Go Forward**

17       Mattel is entitled to obtain these crucial witnesses' testimony, which Mattel

18  anticipates will have material bearing on the Phase One trial, with sufficient time to

19  propound and obtain follow-up discovery.  The Phase One discovery cut-off is now

20

21  [47]  Proctor Dec. Exh. 33, Deposition Tr. of Richard Irmen, dated September 28, 2007 ("Irmen Depo."), at 270:20-271:7; Proctor Dec. Exh. 36.

22  [48]  Proctor Dec. Exh. 44.

23  [49]  Proctor Dex. Exh. 34, Deposition Tr. of Carter Bryant, Vol. I, dated ("Bryant Depo."), dated November 4, 2004 at 70:24-71:12.

24  [50]  Garcia Depo., at 255:1-17, 629:5-18, Proctor Dec. Exh. 32.

25  [51]  Garcia Depo., at 481:20-482:1; 489:5-11, Proctor Dec. Exh. 32

26  [52]  Proctor Dec. Exh. 35, Deposition Tr. of Anna Rhee, dated February 3, 2005 ("Rhee Depo."), at 50:10-51:2, 78:24-79:12, 81:16-19; Irmen Depo. at 9:17-12:8.

27  [53]  Proctor Dec. Exh. 34 , Bryant Depo. at 254:17-257:15.

28  [54]  Proctor Dec. Exh. 34, Bryant Depo Tr., Vol. II, 289:22-292:25.

1   less than two-and-a-half months away.  Nevertheless, the witnesses' counsel still

2   refuses to provide Mattel with reasonable deposition dates for them -- a tactic that

3   will prejudice Mattel as a result of the stay obtained by MGA.  Mattel simply cannot

4   afford to wait until the dates offered by counsel for these depositions, particularly

5   the January 2008 date offered for Ms. Marlow.   Their refusals to provide key

6   testimony in this case threaten not only to prejudice Mattel's rights, but to

7   undermine the truth-finding function of this Court.

8         Moreover, neither the Court nor Mattel has any assurance that the witnesses

9   will even appear on the belated dates that have been offered.  To the contrary,

10   despite Mattel's requests, the witnesses' counsel has refused to stipulate that they

11   will appear.  This has the earmarks of MGA's and Bryant's all-too-familiar pattern of

12   obstructionism that has included promises to appear for deposition, only to be

13   followed by delays and last-minute cancellations and then, ultimately, by flat

14   refusals to testify until ordered.  For example:

15         •      After Bryant's counsel convinced Mattel not to file a motion to compel

16                based on their "word as attorneys" that Bryant would appear on a

17                specific date, Bryant's counsel reneged two business days before the

18                scheduled deposition and Bryant refused to appear.[55]  Then, it took two

19                Court Orders to force Bryant to attend deposition.[56]

20         •      Likewise, it took two Court Orders compelling Larian to sit for

21                deposition (the second being necessary because Larian refused to obey

22

23

24

---

25   [55] See Declaration of Michael T. Zeller in Support of Mattel's Motion to

26   Overrule Instructions Not to Answer During the Deposition of Carter Bryant, dated

27   February 1, 2007, ¶¶ 5-8, Exhs. 5, 6.

     [56] See id., ¶¶ 9-13, Exhs. 7-11.

28

1    the first Order), as well as the imposition of sanctions, before Larian

2    finally appeared.[57]

3    •    After numerous promises to produce Paula Garcia for deposition, MGA

4          unilaterally cancelled her deposition as its scheduled March 2007 date

5          approached.[58] MGA subsequently offered a new date for her

6          deposition, but cancelled her deposition again just a few days prior to

7          that date and then refused to produce her at all.[59] It then took two

8          Court Orders to obtain her complete testimony with respect to the

9          Bryant case.[60] MGA also followed the same pattern of last-minute

10         cancellations with its other designated Rule 30(b)(6) witnesses and

11         ultimately had to be ordered to provide them as well.

12   Nor can defendants blame their prior counsel for all of this, given that they continue

13   to play out this same tactic even now.  Gustavo Machado is an MGA executive and

14   a named defendant in this case.  Despite his initial promises to appear, Mr. Machado

15   now refuses to sit for deposition.[61]  Thus, Mattel will have to file yet another motion

16   to obtain discovery that it is obviously entitled to.

17

18
_____

19   [57]   See Declaration of Michael T. Zeller in Support of Mattel's Reply in Support
     of *Ex Parte* Application to Reschedule the Hearing Date on Defendants' Motion to
20   Dismiss Mattel's Amended Answer and Counterclaims and Defendants' Objections
     to Discovery Master's March 7, 2007 Order, dated May 9, 2007, ¶¶ 4-8, Exhs. 1-3.
21   [58]   See Declaration of Michael T. Zeller in Support of Mattel's Motion to
22   Compel MGA to Produce Witnesses for Deposition Pursuant to Rule 30(b)(6) and
     for Sanctions, dated April 13, 2007, Exh. 16.
23   [59]   Id. ¶ 36.
24   [60]   See Order Granting Mattel's Motion to Compel MGA to Produce Witnesses
     for Deposition Pursuant to Rule 30(b)(6), dated May 16, 2007, Order Granting
25   Mattel's Motion for an Extension of Time to Depose Paula Garcia in Her Individual
26   Capacity and as a 30(b)(6) Designee, dated August 14, 2007, Proctor Dec. Exhs. 42-
     43.
27   [61]   Proctor Dec. Exhs. 37-38.

28

07209/2296082.1

                                       MATTEL'S *EX PARTE* APPLICATION TO COMPEL DEPOSITIONS

1        Given these delay tactics, an order compelling the witnesses' depositions is

2    required to avoid yet more delay.  Mattel is already being prejudiced by the stay

3    sought and obtained by MGA.  To avoid further prejudice, the Court should order

4    these witnesses to appear for deposition no later than December 7, 2007.  In the

5    alternative, the Court should modify the Scheduling Order so as to extend Mattel's

6    time to take discovery based on the testimony of these witnesses to two months after

7    their depositions are completed.

8    **Conclusion**

9        Mattel respectfully requests that the Court grant its *ex parte* application.

10

11   DATED:  November 15, 2007      QUINN EMANUEL URQUHART OLIVER &
                                       HEDGES, LLP

12

13                                        By

14                                        B. Dylan Proctor
                                     Attorneys for Plaintiff

15                                        Mattel, Inc.

16

17

18

19

20

21

22

23

24

25

26

27

28

07209/2296082.1

-11-