Larry McFarland (Bar No. 129668)
Christian Dowell (Bar No. 241973)
KEATS, McFARLAND & WILSON LLP
9720 Wilshire Blvd.
Penthouse Suite
Beverly Hills, CA 90212
Telephone:  (310) 248-3830
Facsimile:   (310) 860-0363
Email:   lmcfarland@kmwlaw.com
         cdowell@kmwlaw.com

Attorneys for Veronica Marlow

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>            Plaintiff,<br><br>  v.<br><br>MATTEL, INC., a Delaware corporation;<br><br>            Defendant.<br><br>AND RELATED ACTIONS. | Case No.: CV 04 – 09049 SGL (RNBx)<br>Consolidated with Case Nos.<br>CV 04-9059 and CV 05-2727<br><br><u>Hon. Stephen G. Larson</u><br><br>NON-PARTY VERONICA MARLOW'S OPPOSITION TO MATTEL'S MOTION FOR RECONSIDERATION OF DISCOVERY MASTER'S APRIL 22, 2008 ORDER DENYING MOTION TO COMPEL ADDITIONAL DEPOSITION TESTIMONY OF VERONICA MARLOW<br><br>Hearing Date:  May 12, 2008<br>Time:              10:00 a.m.<br>Place:             Courtroom 1 |

Non-party Veronica Marlow hereby respectfully submits this Opposition ("Opposition") to Mattel's Motion for Reconsideration of Discovery Master's April 22, 2008 Order Denying Motion to Compel Additional Deposition Testimony of Veronica Marlow ("Motion to Reconsider").

## I. INTRODUCTION

Judge Infante previously denied Mattel's motion to compel Ms. Marlow, a non-party witness, to undergo fourteen additional hours of deposition in addition to the more than seven she has already submitted to. Now, Mattel presents this Court with an improper "Motion to Reconsider" Judge Infante's order based on new evidence that Mattel itself has taken the position is inadmissible to overrule Judge Infante's order.

Procedurally, Mattel's motion is improper and should be denied on that basis alone. Considered on its merits pursuant to Federal Rule of Civil Procedure 72 – which governs motions to overrule an order of the magistrate – the motion fails because Judge Infante's order was not clearly erroneous. Finally, Mattel's motion fails even under the standard of Local Rule 7-18 because the "new" facts Mattel alleges do not materially change the facts that informed Judge Infante's April 22 Order Denying Mattel's Motion to Compel Additional Deposition Testimony of Veronica Marlow (Docket No. 3273) ("Order").

## II. STATEMENT OF FACTS

### A. Procedural History Regarding Mattel's Efforts to Compel Additional Deposition Testimony From Veronica Marlow.

Mattel deposed Ms. Marlow for more than seven hours on December 28, 2007. Mattel waited until the month of January, after using its full deposition time for this non-party witness, to serve Ms. Marlow, her business entities, financial institutions, and accountants with a total of fourteen new subpoenas requesting broad categories of

additional documents ("Additional Subpoenas").[1]  The documents requested in these additional subpoenas were known to exist by Mattel before Ms. Marlow's deposition, but Mattel chose not to request them prior to deposing her.  In addition to serving the Additional Subpoenas, Mattel brought its original Motion to Compel Testimony on January 28, 2008.  Mattel asserted several bases to compel Ms. Marlow to undergo further deposition.  Among other things, Mattel emphasized that it needed additional time to depose Ms. Marlow with regard to her knowledge about:  1) the origins of Bratz; and 2) Ms. Marlow's business relationship with Ana Cabrera, Beatriz Morales, and Maria Salazar.[2]   The parties fully briefed the issues raised in Mattel's motion, and Judge Infante denied the motion on April 22, 2008, ruling that "none of [the issues raised by Mattel], either alone or in combination, justifies the burden and expense of having Marlow appear for further examination[.]"[3]

On April 24 and 25, Ms. Marlow timely produced the documents specified in the Additional Subpoenas.  On May 6, after this Court had closed Judge Infante's docket, Mattel submitted and then withdrew a motion for reconsideration of Judge Infante's Order.  On May 7, Mattel submitted the instant Motion to Reconsider to this Court.

Mattel argues that the Order should be vacated based on the April 24 and 25 production and Peter Marlow's May 2, 2008 deposition.[4]  Mattel has asked this Court to vacate Judge Infante's Order and compel Ms. Marlow to appear for additional deposition testimony – a remedy that could not occur until the eve of trial because Ms.

---

[1] Declaration of Christian Dowell ("Dowell Decl."), Exhibit ("Exh.") 1.  Mattel's assertion that Ms. Marlow "evaded service" of her own subpoena is groundless, as this Court recognized at its February 25, 2008, hearing.  See Dowell Decl., Exh. 2 at 125.
[2] Mattel's Motion to Compel Additional Testimony and Production of Documents by Veronica Marlow, January 28, 2008 ("Motion to Compel Testimony").
[3] Order at 2.
[4] Motion to Reconsider at 2-4.

- 2 -

OPPOSITION TO MOTION FOR RECONSIDERATION OF
DISCOVERY MASTER'S APRIL 22, 2008 ORDER DENYING
MOTION TO COMPEL ADDITIONAL DEPOSITION
TESTIMONY OF VERONICA MARLOW

1  Marlow is currently out of the country at a previously-scheduled family event in
2  Brazil.  She plans to return to the United States on May 22.

### B. Veronica Marlow's Production of Documents Pursuant to Subpoenas Issued After her Deposition was Proper.

Of the documents Ms. Marlow produced in response to the Additional Subpoenas, Mattel focuses on one set in its Motion to Reconsider:  financial records concerning Ana Cabrera, Beatriz Morales, Maria Salazar.  Not only has Mattel already deposed Ms. Marlow on this subject, it has interrogated two of these witnesses at its offices, as discussed in Ms. Marlow's opposition to the Motion to Compel Testimony, and has also either deposed or scheduled the depositions Cabrera, Morales, and Salazar themselves.  As noted above, Mattel argued unsuccessfully before Judge Infante that it required additional time to depose Ms. Marlow about this issue.

### C. Peter Marlow's Deposition was Completed.

Mattel deposed Peter Marlow, Ms. Marlow's husband, on May 2, 2008.  At that deposition, counsel for Mattel had ample opportunity to, and in fact did, question Mr. Marlow about the documents included in the April 24 and 25 production.  Consistent with his constitutional rights, Mr. Marlow declined to answer several of the questions posed to him at his deposition.

## III. ARGUMENT

### A. Mattel's Motion is Defective Because This Court Cannot "Reconsider" Judge Infante's Order.

Mattel has styled its motion as a Motion for Reconsideration pursuant to Local Rule 7-18.  But this Court cannot reconsider the Order because this Court did not issue the Order.  A motion for reconsideration is properly addressed to the judge who issued the order under consideration.  See Miles v. Valle, 2007 WL 3353112, *1 (N.D.N.Y. November 8, 2007).  Mattel's motion should be denied on this basis alone.

### B. Framed as a Motion to Overrule Judge Infante's Order Pursuant to Rule 72 Fails on its Own Terms.

If it does not deny Mattel's motion out of hand, this Court could analyze the motion as a motion to overrule the Order pursuant to Rule 72. In that case, the Motion to Reconsider fails to meet the standard of Rule 72 because it does not meet the burden to show that Judge Infante's Order was clearly erroneous.[5] Mattel seeks to introduce new evidence regarding the April 24 and 25 production and Peter Marlow's May 2 deposition. As Mattel itself points out in another of its own motions pending before this Court, new evidence may not be considered in a Rule 72 motion. "Under Rule 72, a district court 'is to decide whether the [Discovery Master], based on the evidence and information before him, rendered a decision that was clearly erroneous or contrary to law.' Paramount Pictures Corp. v. Replay TV, 2002 WL 32151632, *1 (C.D.Cal. May 30, 2002) (citing Bkan v. Hospitals, Inc., 929 F.2d, 1404, 1414 (9th Cir. 1991); 'Parties objecting to a magistrate judge's order may not present new evidence not presented below.' See also Id. (citing Paddington Partners v. Bouchard, 34 F.3d 1132, 1137-38 (2nd Cir. 1994))"[6] Thus, Mattel's motion must be denied pursuant to Rule 72 because it fails to meet its burden and relies on inadmissible new evidence.

### C. Mattel's Motion Fails as a Motion to Reconsider Pursuant to Local Rule 7-18.

Finally, if this Court looks past all of Mattel's procedural failings and considers the motion on its merits pursuant to Local Rule 7-18, it should still deny the motion because Mattel fails to meet the standard required by that rule as well. Motions to reconsider are disfavored, and should be granted only when the moving party sets "forth facts or law of a strongly convincing nature." Washington v. Woodford, 2008

---

[5] See Fed.R.Civ.P. 72(a).

[6] See Mattel's Opposition to Cloonan's Motion Objecting to Portions of Discovery Master's April 11, 2008 Order, at 17.

- 4 -　OPPOSITION TO MOTION FOR RECONSIDERATION OF DISCOVERY MASTER'S APRIL 22, 2008 ORDER DENYING MOTION TO COMPEL ADDITIONAL DEPOSITION TESTIMONY OF VERONICA MARLOW

WL 343471, *1 (E.D. Cal. Feb. 6, 2008). "Nor is reconsideration to be used to ask the Court to rethink what it has already thought." Walker v. Giurbino, 2008 WL 1767040, *2 (E.D.Cal., April 17, 2008). Local Rule 7-18, sets forth the grounds on which a motion for reconsideration may be offered. Mattel purports to move pursuant to Local Rule 7-18(a), which contemplates "a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision." However, neither of the two "new" facts Mattel offers in its Motion to Reconsider is compelling or presents a material difference in fact or law from what Judge Infante already considered. Thus, Mattel has done nothing more than ask this Court to rethink issues already decided.

> **1. The Documents Produced in Response to Mattel's 2008 Subpoenas Do Not Provide a Basis to Reconsider Judge Infante's April 22 Order.**
>
> **a. Mattel's Strategic Choice to Request Documents After Marlow's Deposition Does Not Justify Reconsideration.**

Mattel suggests that it should be granted additional deposition time because it received new documents from Ms. Marlow after her deposition.[7] But, Mattel bargained for that sequence of events when it chose serve the new subpoenas following Ms. Marlow's deposition. This is not a case where Mattel lacked the knowledge or ability to obtain these documents prior to Ms. Marlow's deposition. Rather, Mattel made a strategic choice to serve the Additional Subpoenas following her deposition. Having chosen that strategy, Mattel should not now be heard to complain that it did not get to depose Ms. Marlow about the documents it requested after it had used its allotted deposition time. This basis alone justifies denial of the Motion to Reconsider.

---

[7] Motion to Reconsider at 2-3, 9.

- 5 -

### b. The April Production Does Not Materially Change the Facts Before Judge Infante.

Even if there were some scenario in which Mattel could urge reconsideration based on documents it requested after Ms. Marlow's deposition, this is not it. The core of Mattel's argument with respect to the April production is that it needs additional time to depose Ms. Marlow about the facts related to Ms. Cabrera, Ms. Morales and Ms. Salazar.[8] Judge Infante already rejected that subject as a basis to compel Ms. Marlow to sit for additional deposition time.[9] Indeed, Mattel devoted an entire section of its Motion to Compel Testimony to arguing that it needed more time to depose Ms. Marlow about these three witnesses.[10] Nothing about the documents produced in April materially changes the facts Mattel used to argue its Motion to Compel Testimony. As such, there is no basis to reconsider Judge Infante's order.

### c. The April Production Would Not Even Justify Additional Deposition Time Under Rule 26(b)(2).

Not only has Mattel failed to make a showing sufficient to justify reversing Judge Infante's Order, it has failed to make even the minimal showing required by Rule 26(b)(2). As a general rule, any party seeking to depose a witness for more than seven hours must "show good cause to justify such an order." Cardenas v. Prudential Ins. Co. of Am., 2003 WL 21302960, at *2 (D. Minn. 2003) (citing Fed. R. Civ. P. 30(d) advisory committee notes). At a minimum, this requires the moving party to

---

[8] Motion to Reconsider at 7-8. Mattel superficially references its desire to depose Ms. Marlow further on other general topics such as "issues relating to the origins of Bratz[.]" Motion to Reconsider at 6. But it provides no detail whatsoever as to what additional information the produced documents reveal that is not already in the record. Judge Infante already rejected Mattel's arguments with respect to such general areas of inquiry. Order at 2. Mattel's general averments in this motion provide no basis to reconsider Judge Infante's order.
[9] Order at 2.
[10] Motion to Compel Testimony at 4-5; 8-9.

demonstrate that the additional time is "needed for a fair examination of the deponent." Fed.R.Civ.P. 30(d)(2)).  The Rules are clear that discovery – including additional deposition time – should be denied when:

> "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking the discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues."
> Fed. R. Civ. P. 26(b)(2)(C).[11]

Not only has Mattel already deposed Ms. Marlow about her dealings with Ms. Cabrera, Ms. Morales and Ms. Salazar (see Non-Party Veronica Marlow's Opposition to Mattel's Motion to Compel Additional Deposition Testimony and Documents, at 5), it has deposed or will be deposing all three of these witnesses.  It can therefore obtain whatever information it needs about their activities directly from them.  Further deposition of Ms. Marlow on that subject would therefore be unreasonably cumulative and duplicative, and can be obtained from another source that is more convenient and less burdensome.  Fed.R.Civ.P. 26(b)(2)(C)(i).  These facts also demonstrate that Mattel has had ample opportunity to investigate this issue in its discovery, which is continuing even now.  Fed.R.Civ.P. 26(b)(2)(C)(ii).

---

[11] See Fed. R. Civ. P. 26(b)(1) ("All discovery is subject to the limitations imposed by Rule 26(b)(2)(C)."); see also In re Sealed Case (Medical Records), 381 F.3d 1205, 1215 (D.C. Cir. 2004) (citing the Advisory Committee's notes to Rule 26 and finding that "the last sentence of Rule 26(b)(1) was added in 2000 'to emphasize the need for active judicial use of subdivision (b)(2) to control excessive discovery'").

Moreover, Mattel has not even attempted to explain why additional hours of deposition with Ms. Marlow about a subject that Mattel is already familiar with and about which it can depose three additional witnesses is likely to confer a benefit that will outweigh the burden and expense on Ms. Marlow, who has already sat through a full day of deposition and is subject to a trial subpoena. Such a showing would be minimally necessary under the more lenient standard of Rule 26(b)(2)(C)(iii). In this particular case, the burden of conducting additional deposition of Ms. Marlow would be even greater because of her unavailability until the eve of trial.

## 2. Peter Marlow's Deposition Does Not Provide a Basis to Reconsider Judge Infante's April 22 Order.

Mattel also suggests that Veronica Marlow should be required to sit for additional deposition time because Peter Marlow declined to answer certain questions about the documents relating to Ms. Cabrera, Ms. Morales and Ms. Salazar during his own deposition. But, Mr. Marlow's decision to invoke his constitutional right not to answer questions about certain documents, invoking his Fifth Amendment privilege, does not provide an independent basis for Mattel to further interrogate Ms. Marlow about those documents. As noted above, Judge Infante already ruled that the relationship between Ms. Marlow and Ms. Cabrera, Ms. Morales and Ms. Salazar is not a subject that warrants compelling Ms. Marlow to be subjected to further deposition.

The documents about which Mr. Marlow declined to testify do not add any material facts to what Mattel already knew – and already argued – about Ms. Marlow's dealings with Ms. Cabrera, Ms. Morales and Ms. Salazar. Since those documents do not provide an independent basis to reconsider Judge Infante's Order, the fact that Mr. Marlow declined to testify about them cannot, *a fortiori*, provide a basis to reconsider Judge Infante's Order.

- 8 -

OPPOSITION TO MOTION FOR RECONSIDERATION OF DISCOVERY MASTER'S APRIL 22, 2008 ORDER DENYING MOTION TO COMPEL ADDITIONAL DEPOSITION TESTIMONY OF VERONICA MARLOW

## IV. CONCLUSION

For the foregoing reasons, non-party witness Veronica Marlow respectfully requests that the Court deny Mattel's Motion to Compel.

Dated: May 9, 2008                KEATS MCFARLAND & WILSON LLP

/s/
Christian C. Dowell, Esq.
Attorneys for Non-Party Veronica Marlow