1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Carter Bryant v. Mattel Inc.**
Case No.: CV 04 – 09049 SGL (RNBx)
Consolidated with Case Nos.
CV 04-9059 and CV 05-2727
<u>Hon. Stephen G. Larson</u>

# <u>EXHIBIT 1</u>

**<u>EXHIBIT TO</u>**:  DECLARATION OF CHRISTIAN DOWELL IN SUPPORT OF NON-PARTY VERONICA MARLOW'S OPPOSITION TO MATTEL'S MOTION FOR RECONSIDERATION OF DISCOVERY MASTER'S APRIL 22, 2008 ORDER DENYING MOTION TO COMPEL ADDITIONAL DEPOSITION TESTIMONY OF VERONICA MARLOW

03-26-2008   18:57   From-QUINN EMANUEL                    2134433100           T-771   P.073/110   F-315

AO88 (Rev. 12/06) Subpoena in a Civil Case

Issued by the
## UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CARTER BRYANT, an individual,

v.

MATTEL, INC., a Delaware corporation.

**SUBPOENA IN A CIVIL CASE**

Case Number: [1] CV 04-9049 SGL (RNBx)
Consolidated with cases CV 04-9059 and CV 05-2727

TO:   Veronica Marlow, Inc.
      12250 Woodley Avenue
      Granada Hills, CA 91344

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart Oliver & Hedges, LLP 865 S. Figueroa St., 10th Fl., Los Angeles, CA 90017 | January 28, 2008 9:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Mattel, Inc. | January 08, 2008 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Melissa Grant, Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 S. Figueroa St., 10th Fl., Los Angeles, CA 90017 (213) 443-3180

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)
[1] If action is pending in district other than district of issuance, state district under case number.

MAR 26 2008 18:06                                          2134433100

EXHIBIT 1
PAGE 73   2

03-26-2008   18:57   From-QUINN EMANUEL                    2134433100              T-771   P.074/110   F-315

AO88 (Rev. 12/06) Subpoena in a Civil Case

| PROOF OF SERVICE | |
|---|---|
| DATE | PLACE |

| SERVED | |
|---|---|
| SERVED ON (PRINT NAME) | MANNER OF SERVICE |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

MAR 26 2008 18:05                                    2134433100

EXHIBIT   1
PAGE   74

PAGE   3

## ATTACHMENT A

### Documents To Be Produced

1.   DEFINITIONS.

    (a)   "YOU" or "YOUR" means VERONICA MARLOW, INC., current or former employees, attorneys, including partners, associates and shareholders, agents, representatives, accountants, vendors, consultants, independent contractors, predecessors-in-interest and successors-in-interest, and any other PERSON acting on YOUR behalf, pursuant to YOUR authority or subject to YOUR control.

    (b)   "VERONICA MARLOW" means Maria Veronica Marlow, Maria Marlow and/or Veronica Marlow, Social Security No. 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, date of birth 03/02/1966, and any of VERONICA MARLOW's current or former agents or representatives, including any trustees acting for her benefit or on her behalf, and any other PERSON acting on her behalf, pursuant to her authority, or subject to her control. Without limiting the foregoing, "VERONICA MARLOW" shall include any partnerships, corporations, joint ventures, and any kind of business, legal, or public entity or organization owned or operated by or otherwise affiliated with Maria Veronica Marlow, Maria Marlow and/or Veronica Marlow, as well as their agents, representatives, employees, officers and directors and any one else acting on their behalf, pursuant to their authority, or subject to their control.

    (c)   "PETER MARLOW" means Peter A. Marlow, husband of Maria Veronica Marlow, Maria Marlow and/or Veronica Marlow, Social Security No. 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, date of birth 03/02/1966, and any of PETER MARLOW's current or former agents or representatives, including any trustees acting for his benefit or on his behalf, and any other PERSON acting on his behalf, pursuant to his authority, or subject to his control. Without limiting the foregoing, "PETER MARLOW" shall include any partnerships, corporations, joint ventures, and any kind of business, legal, or public entity or organization owned or operated by or otherwise affiliated with Peter A. Marlow, as well as their agents, representatives, employees, officers and directors and any one else acting on their behalf, pursuant to their authority, or subject to their control.

07209/2352564.2

1

EXHIBIT ___1___

PAGE ___4___

(d)   "BRYANT" means Carter Bryant, and all of his current or former employees, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, predecessors-in-interest and successors-in-interest, and any other PERSON acting on his behalf, pursuant to his authority, or subject to his control. Without limiting the foregoing, "BRYANT" shall include Carter Bryant Enterprises and any partnerships, corporations, joint ventures, and any kind of business, legal, or public entity or organization owned or operated by or otherwise affiliated with Carter Bryant, as well as their agents, representatives, employees, officers and directors and any one else acting on their behalf, pursuant to their authority, or subject to their control.

(e)   "CABRERA" means Isabelle Cabrera, and all of her current or former employees, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, predecessors-in-interest and successors-in-interest, and any other PERSON acting on her behalf, pursuant to her authority, or subject to her control. Without limiting the foregoing, "CABRERA" shall include any partnerships, corporations, joint ventures, and any kind of business, legal, or public entity or organization owned or operated by or otherwise affiliated with Isabelle Cabrera, as well as their agents, representatives, employees, officers and directors and any one else acting on their behalf, pursuant to their authority, or subject to their control.

(f)   "MORALES" means Beatrice Morales, and all of her current or former employees, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, predecessors-in-interest and successors-in-interest, and any other PERSON acting on her behalf, pursuant to her authority, or subject to her control. Without limiting the foregoing, "MORALES" shall include any partnerships, corporations, joint ventures, and any kind of business, legal, or public entity or organization owned or operated by or otherwise affiliated with Beatrice Morales, as well as their agents, representatives, employees, officers and directors and any one else acting on their behalf, pursuant to their authority, or subject to their control.

(g)   "SALAZAR" means Maria Elena Salazar, and any all of her current or former employees, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, predecessors-in-interest and successors-in-interest, and any other PERSON acting on her behalf, pursuant to her authority, or subject to her control. Without limiting the foregoing, "SALAZAR" shall include any

0720902352564.2

2

EXHIBIT ____ 1
PAGE ____ 5

partnerships, corporations, joint ventures, and any kind of business, legal, or public entity or organization owned or operated by or otherwise affiliated with Maria Elena Salazar, as well as their agents, representatives, employees, officers and directors and any one else acting on their behalf, pursuant to their authority, or subject to their control.

(h)    "ISAAC LARIAN" means Isaac Larian, and all of his current or former employees, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, predecessors-in-interest and successors-in-interest, and any other PERSON acting on his behalf, pursuant to his authority, or subject to his control, including without limitation the Isaac Larian Annuity Trust and the Isaac and Angela Larian Trust.   Without limiting the foregoing, "ISAAC LARIAN" shall include any partnerships, corporations, joint ventures, and any kind of business, legal, or public entity or organization owned or operated by or otherwise affiliated with Isaac Larian, as well as their agents, representatives, employees, officers and directors and any one else acting on their behalf, pursuant to their authority, or subject to their control.

(i)    "BRATZ" means any project, product, doll or DESIGN ever known by that name (whether in whole or in part and regardless of what such project, product or doll is or has been also, previously or subsequently called) and any product, doll or DESIGN or any portion thereof that is now or has ever been known as, or sold or marketed under, the name or term "Bratz" (whether in whole or in part and regardless of what such product, doll or DESIGN or portion thereof is or has been also, previously or subsequently called) or that is now or has ever been sold or marketed as part of the "Bratz" line, and each version or iteration of such product, doll or DESIGN or any portion thereof.   Without limiting the generality of the foregoing, the term "BRATZ" does not and shall not require that there be a doll existing at the time of the event, incident or occurrence that is the subject of, or otherwise relevant or responsive to, the Requests herein.

(j)    "DESIGN" or "DESIGNS" means any and all representations, whether two-dimensional or three-dimensional, and whether in tangible, digital, electronic or other form, including but not limited to all works, designs, artwork, sketches, drawings, illustrations, representations, depictions, blueprints, schematics, diagrams, images, sculptures, prototypes, models, samples, rotocasts, reductions to practice, developments, concepts, ideas, inventions and/or improvements, as well as all other items, things and DOCUMENTS in which any of the foregoing are or have

0720975352564.2

3

EXHIBIT____1
PAGE_____6

been expressed, embodied, contained, fixed or reflected in any manner, whether in whole or in part. the phrase "product, doll or DESIGN or any portion thereof" also includes without limitation any names, fashions, accessories, artwork, packaging or any other works, materials, matters or items included or associated therewith.

(k)    "MARLOW TECHNO-LOGIC, INC." means Marlow Techno-Logic, Inc., any of its current or former employees, officers, directors, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, shareholders, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

(l)    "DOLL BAG, INC." means Doll Bag, Inc., any of its current or former employees, officers, directors, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, shareholders, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

(m)    "MGA" means MGA Entertainment Inc., any of its current or former employees, officers, directors, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, shareholders, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control. Without any limitation on the foregoing, "MGA" includes "ABC International Traders, Inc.," as MGA was formerly known.

(n)    "MGA EMPLOYEE" means any PERSON whom MGA currently or formerly employed, or who otherwise performed any service for the benefit of MGA, including without limitation independent contractors.

(o)    "MATTEL" means Mattel, Inc., any of its current or former employees, officers, directors, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

(p)    "MATTEL ACTION" means this action now consolidated under Case No. 04-9049 before the Hon. Stephen Larson and formerly Mattel, Inc. v.

07209/2352564.2

4

EXHIBIT ___|___

PAGE ___7___

03-26-2008  18:58   From-QUINN EMANUEL          2134433100      T-771  P.079/110  F-315

<u>Bryant</u>, first filed in Los Angeles County Superior Court; <u>Bryant v. Mattel, Inc.</u>; and <u>MGA Entertainment, Inc. v. Mattel, Inc.</u>; and all counterclaims, cross-claims and defenses therein.

(q)    "MATTEL EMPLOYEE" means any PERSON whom MATTEL currently or formerly employed, or who otherwise performed any service for the benefit of MATTEL, including without limitation independent contractors.

(r)    "PERSON" or "PERSONS" means all natural persons, partnerships, corporations, joint ventures and any kind of business, legal or public entity or organization, as well as its, his or her agents, representatives, employees, officers and directors and any one else acting on its, his or her behalf, pursuant to its, his or her authority or subject to its, his or her control.

(s)    "DOCUMENT" or "DOCUMENTS" means any "writing" or "recording" as defined in <u>Federal Rule of Civil Procedure</u> 34 and/or <u>Federal Rule of Evidence</u> 1001 and includes any tangible thing upon which any expression, communication or representation has been recorded, including but not limited to correspondence, e-mails, preliminary, intermediate or final drafts, memoranda, notes, reports of telephone or other oral conversations, audio or videotape recordings, computer tape, computer disk or storage media, computer printout, CD-ROM disk, optical storage disk, other electronic medium, and all other writings and recordings of any kind. Without any limitation on the foregoing, the term "DOCUMENT" shall include all copies that differ in any respect from the original or other versions of the DOCUMENT, including without limitation all drafts and all copies of such drafts or originals containing initials, comments, notations, insertions, corrections, marginal notes, amendments or any other variation of any kind.

(t)    "COMMUNICATION" or "COMMUNICATIONS" means and includes any disclosure, transfer or exchange of information between two or more PERSONS, whether orally or in writing, including, without limitation, any conversation or discussion by means of meeting, letter, telephone, note, memorandum, telegraph, telex, telecopier, electronic mail, or any other electronic or other medium, including without limitation in written, audio or video form.

(u)    "REFERRING OR RELATING TO" means reflecting, identifying, describing, summarizing, evidencing, referencing, concerning, discussing or indicating in any way.

07209/2352564 2

5

EXHIBIT ___1___
PAGE ___8___

(v)    Wherever used herein, the singular shall include the plural and the plural shall include the singular.

## INSTRUCTIONS.

a.    YOU are to produce all DOCUMENTS requested hereby that are in YOUR possession, custody and control.

b.    If YOU contend that YOU are not required to produce certain DOCUMENTS called for by these requests on the grounds of a privilege or protection that YOU are not prepared to waive, in lieu of producing such DOCUMENTS identify each DOCUMENT and provide the following information:

(1)    The privilege or protection that you claim precludes disclosure;

(2)    The subject matter of the DOCUMENT (without revealing the content as to which the privilege or protection is claimed);

(3)    The date, author(s), addressee(s); and

(4)    Any additional facts on which YOU would base YOUR claim of privilege or protection.

c.    YOU are required to identify any and all DOCUMENTS sought by this document request that have been destroyed.

d.    YOU are required to identify the source of all DOCUMENTS produced, and the person for whom, or department, division or office for which, such DOCUMENTS are maintained.

e.    Each DOCUMENT shall be produced in its original file folder, or in lieu thereof, any writing on the file folder from which each such DOCUMENT is taken shall be copied and appended to such DOCUMENT.


EXHIBIT ___1___
PAGE ___9___

## 2.   DOCUMENTS TO BE PRODUCED.

(1)   All of YOUR formation DOCUMENTS, and drafts thereof.

(2)   All of YOUR tax returns and schedules, including without limitation Forms 1041 and 8453F, and Schedules C, C-EZ, D, E, F and K-1, and drafts thereof, from the period beginning January 1, 1999 to the present.

(3)   All DOCUMENTS RELATING TO YOU, including without limitation accounting records, profit and loss statements, work papers, worksheets, payroll records, financial statements (audited and unaudited), pro formas, budgets, account information and account statements, from the period beginning January 1, 1999 to the present.

(4)   All DOCUMENTS RELATING TO YOUR corporate and/or financial relationship with MARLOW TECHNO-LOGIC, INC. since January 1, 1999 to the present.

(5)   All DOCUMENTS RELATING TO YOUR corporate and/or financial relationship with DOLL BAG, INC. since January 1, 1999 to the present.

(6)   All DOCUMENTS RELATING TO payments or transfers of value from YOU to VERONICA MARLOW.

(7)   All DOCUMENTS RELATING TO payments or transfers of value from YOU to BRYANT.

(8)   All DOCUMENTS RELATING to payments or transfers of value from YOU to ISAAC LARIAN.

(9)   All DOCUMENTS RELATING TO payments or transfers of value from YOU to PETER MARLOW.

(10)   All DOCUMENTS RELATING TO payments or transfers of value from YOU to any parent(s), sibling(s), children, or other relative(s) of PETER MARLOW

07209/2352564.2

7

EXHIBIT ___/___
PAGE ___/O___

and/or VERONICA MARLOW.

(11)   All DOCUMENTS RELATING TO payments or transfers of value from YOU to CABRERA.

(12)   All DOCUMENTS RELATING TO payments or transfers of value from YOU to MORALES.

(13)   All DOCUMENTS RELATING TO payments or transfers of value from YOU to SALAZAR.

(14)   All DOCUMENTS RELATING TO payments or transfers of value from YOU to any other MATTEL EMPLOYEE.

(15)   All DOCUMENTS RELATING TO payments or transfers of value from YOU to any other MGA employee.

(16)   All DOCUMENTS RELATING TO payments or transfers of value from MGA to YOU.

(17)   All DOCUMENTS RELATING TO payments or transfers of value between BRYANT and YOU.

(18)   All DOCUMENTS RELATING TO payments or transfers of value between VERONICA MARLOW and YOU.

(19)   All DOCUMENTS RELATING TO  payments or transfers of value between ISAAC LARIAN and YOU.

(20)   All DOCUMENTS RELATING TO payments or transfers of value between DOLL BAG, INC. and YOU.

(21)   All DOCUMENTS RELATING TO payments or transfers of value between MARLOW TECHNO-LOGIC, INC. and YOU.

(22)   All DOCUMENTS RELATING TO COMMUNICATIONS between YOU and MGA since January 1, 1999.

07209/2352564.2

8

EXHIBIT ___1___

PAGE ___11___

(23)  All DOCUMENTS RELATING TO COMMUNICATIONS between YOU and BRYANT since January 1, 1999.

(24)  All DOCUMENTS RELATING TO COMMUNICATIONS between YOU and ISAAC LARIAN since January 1, 1999.

(25)  All DOCUMENTS RELATING TO COMMUNICATIONS between YOU and CABRERA since January 1, 1999.

(26)  All DOCUMENTS RELATING TO COMMUNICATIONS between YOU and SALAZAR since January 1, 1999.

(27)  All DOCUMENTS RELATING TO COMMUNICATIONS between YOU and MORALES since January 1, 1999.

(28)  All DOCUMENTS RELATING TO COMMUNICATIONS between YOU and MATTEL RELATING TO BRATZ since January 1, 1999.

(29)  All DOCUMENTS RELATING TO COMMUNICATIONS between YOU and any other PERSON RELATING TO BRATZ since January 1, 1999.

(30)  To the extent not included in YOUR production responsive to Request Nos. 1-29, DOCUMENTS SUFFICIENT to identify YOUR accounts with any financial institution, including without limitation the name(s) and address(es) of each financial institution and the corresponding account number(s).

(31)  All DOCUMENTS relating to BRATZ that YOU obtained from BRYANT, VERONICA MARLOW, MGA, ISAAC LARIAN, or any other PERSON since January 1, 1999.

(32)  All DOCUMENTS relating to the MATTEL ACTION.

(33)  All DOCUMENTS RELATING TO any business expenses incurred by VERONICA MARLOW RELATED TO MGA, BRYANT, BRATZ, ISAAC LARIAN, or MATTEL since January 1, 1999, including without limitation receipts, invoices, correspondence, e-mails, credit card statements, cancelled checks, and wire

07209/2352564.2

9

EXHIBIT  1

PAGE  2

transfers.

(34)   All DOCUMENTS RELATING TO any business expenses incurred by
YOU between January 1, 1999 and December 31, 2001 RELATED TO MGA,
BRYANT, or ISAAC LARIAN RELATED TO any project, product, doll or DESIGN
other than BRATZ, including without limitation, receipts, invoices, correspondence,
e-mails, credit card statements, bank statements, and wire transfers.

(35)   DOCUMENTS sufficient to show YOUR policies or practices relating to
the preservation, retention or destruction of DOCUMENTS sought by or the subject of
Request Nos. 1 through 34.

(36)   DOCUMENTS sufficient to identify any PERSON who has served as
YOUR auditor(s) or accountant(s) since January 1, 1999.

07309/2552564.2

10

EXHIBIT ___1___

PAGE ___13___

03-26-2008  19:03  From-QUINN EMANUEL                    2134433100        T-771  P.096/110  F-315

AO88 (Rev. 12/06) Subpoena in a Civil Case

Issued by the
# UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CARTER BRYANT, an individual,

V.

MATTEL, INC., a Delaware corporation,

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  CV 04-9049 SGL (RNBx)
Consolidated with cases CV 49-9059 and CV50-2727

TO: Marlow Techno-Logic, Inc.
    12250 Woodley Avenue
    Granada Hills, CA 91344

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart Oliver & Hedges, LLP 865 S. Figueroa Street, 10th Floor Los Angeles, CA 90017 | January 28, 2008 9:00 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Mattel, Inc. | January 05, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND TELEPHONE NUMBER
Melissa Grant, Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 S. Figueroa Street, 10th Floor, Los Angeles, CA 90017-2543 (213) 443-3000

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

EXHIBIT 1
PAGE 96
PAGE 14

MAR 26 2008 18:12                                   2134433100

03-26-2008   19:03   From-QUINN EMANUEL                    2134433100        T-771   P.097/110   F-315

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

SERVED ON (PRINT NAME) | MANNER OF SERVICE

SERVED BY (PRINT NAME) | TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

# ATTACHMENT A

## Documents To Be Produced

1.   DEFINITIONS.

(a)   "YOU" or "YOUR" means MARLOW TECHNO-LOGIC, INC., current or former employees, attorneys, including partners, associates and shareholders, agents, representatives, accountants, vendors, consultants, independent contractors, predecessors-in-interest and successors-in-interest, and any other PERSON acting on YOUR behalf, pursuant to YOUR authority or subject to YOUR control.

(b)   "VERONICA MARLOW" means Maria Veronica Marlow, Maria Marlow and/or Veronica Marlow, Social Security No. 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, date of birth 03/02/1966, and any of VERONICA MARLOW's current or former agents or representatives, including any trustees acting for her benefit or on her behalf, and any other PERSON acting on her behalf, pursuant to her authority, or subject to her control. Without limiting the foregoing, "VERONICA MARLOW" shall include any partnerships, corporations, joint ventures, and any kind of business, legal, or public entity or organization owned or operated by or otherwise affiliated with Maria Veronica Marlow, Maria Marlow and/or Veronica Marlow, as well as their agents, representatives, employees, officers and directors and any one else acting on their behalf, pursuant to their authority, or subject to their control.

(c)   "PETER MARLOW" means Peter A. Marlow, husband of Maria Veronica Marlow, Maria Marlow and/or Veronica Marlow, Social Security No. 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, date of birth 03/02/1966, and any of PETER MARLOW's current or former agents or representatives, including any trustees acting for his benefit or on his behalf, and any other PERSON acting on his behalf, pursuant to his authority, or subject to his control. Without limiting the foregoing, "PETER MARLOW" shall include any partnerships, corporations, joint ventures, and any kind of business, legal, or public entity or organization owned or operated by or otherwise affiliated with Peter A. Marlow, as well as their agents, representatives, employees, officers and directors and any one else acting on their behalf, pursuant to their authority, or subject to their control.

EXHIBIT ____

PAGE ____ 16

03-26-2008  19:03   From-QUINN EMANUEL          2134433100        I-771  P.099/110  F-315

(d)   "BRYANT" means Carter Bryant, and all of his current or former employees, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, predecessors-in-interest and successors-in-interest, and any other PERSON acting on his behalf, or subject to his control. Without limiting the foregoing, "BRYANT" shall include Carter Bryant Enterprises and any partnerships, corporations, joint ventures, and any kind of business, legal, or public entity or organization owned or operated by or otherwise affiliated with Carter Bryant, as well as their agents, representatives, employees, officers and directors and any one else acting on their behalf, pursuant to their authority, or subject to their control.

(e)   "CABRERA" means Isabelle Cabrera, and all of her current or former employees, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, predecessors-in-interest and successors-in-interest, and any other PERSON acting on her behalf, pursuant to her authority, or subject to her control. Without limiting the foregoing, "CABRERA" shall include any partnerships, corporations, joint ventures, and any kind of business, legal, or public entity or organization owned or operated by or otherwise affiliated with Isabelle Cabrera, as well as their agents, representatives, employees, officers and directors and any one else acting on their behalf, pursuant to their authority, or subject to their control.

(f)   "MORALES" means Beatrice Morales, and all of her current or former employees, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, predecessors-in-interest and successors-in-interest, and any other PERSON acting on her behalf, pursuant to her authority, or subject to her control. Without limiting the foregoing, "MORALES" shall include any partnerships, corporations, joint ventures, and any kind of business, legal, or public entity or organization owned or operated by or otherwise affiliated with Beatrice Morales, as well as their agents, representatives, employees, officers and directors and any one else acting on their behalf, pursuant to their authority, or subject to their control.

(g)   "SALAZAR" means Maria Elena Salazar, and any all of her current or former employees, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, predecessors-in-interest and successors-in-interest, and any other PERSON acting on her behalf, pursuant to her authority, or subject to her control. Without limiting the foregoing, "SALAZAR" shall include any

07209/2352705.2

2

partnerships, corporations, joint ventures, and any kind of business, legal, or public entity or organization owned or operated by or otherwise affiliated with Maria Elena Salazar, as well as their agents, representatives, employees, officers and directors and any one else acting on their behalf, pursuant to their authority, or subject to their control.

(h)    "ISAAC LARIAN" means Isaac Larian, and all of his current or former employees, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, predecessors-in-interest and successors-in-interest, and any other PERSON acting on his behalf, pursuant to his authority, or subject to his control, including without limitation the Isaac Larian Annuity Trust and the Isaac and Angela Larian Trust.   Without limiting the foregoing, "ISAAC LARIAN" shall include any partnerships, corporations, joint ventures, and any kind of business, legal, or public entity or organization owned or operated by or otherwise affiliated with Isaac Larian, as well as their agents, representatives, employees, officers and directors and any one else acting on their behalf, pursuant to their authority, or subject to their control.

(i)    "BRATZ" means any project, product, doll or DESIGN ever known by that name (whether in whole or in part and regardless of what such project, product or doll is or has been also, previously or subsequently called) and any product, doll or DESIGN or any portion thereof that is now or has ever been known as, or sold or marketed under, the name or term "Bratz" (whether in whole or in part and regardless of what such product, doll or DESIGN or portion thereof is or has been also, previously or subsequently called) or that is now or has ever been sold or marketed as part of the "Bratz" line, and each version or iteration of such product, doll or DESIGN or any portion thereof.  Without limiting the generality of the foregoing, the term "BRATZ" does not and shall not require that there be a doll existing at the time of the event, incident or occurrence that is the subject of, or otherwise relevant or responsive to, the Requests herein.

(j)    "DESIGN" or "DESIGNS" means any and all representations, whether two-dimensional or three-dimensional, and whether in tangible, digital, electronic or other form, including but not limited to all works, designs, artwork, sketches, drawings, illustrations, representations, depictions, blueprints, schematics, diagrams, images, sculptures, prototypes, models, samples, rotocasts, reductions to practice, developments, concepts, ideas, inventions and/or improvements, as well as all other items, things and DOCUMENTS in which any of the foregoing are or have

07309/2352709 3

3

EXHIBIT _____1_____

PAGE ____18____

been expressed, embodied, contained, fixed or reflected in any manner, whether in whole or in part. the phrase "product, doll or DESIGN or any portion thereof" also includes without limitation any names, fashions, accessories, artwork, packaging or any other works, materials, matters or items included or associated therewith.

(k)   "DOLL BAG, INC." means Doll Bag, Inc., any of its current or former employees, officers, directors, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, shareholders, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

(l)   "VERONICA MARLOW, INC." means Veronica Marlow, Inc., any of its current or former employees, officers, directors, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, shareholders, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

(m)   "MGA" means MGA Entertainment Inc., any of its current or former employees, officers, directors, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, shareholders, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest and any other PERSON acting on its behalf, pursuant to its authority or subject to its control. Without any limitation on the foregoing, "MGA" includes "ABC International Traders, Inc.," as MGA was formerly known.

(n)   "MGA EMPLOYEE" means any PERSON whom MGA currently or formerly employed, or who otherwise performed any service for the benefit of MGA, including without limitation independent contractors.

(o)   "MATTEL" means Mattel, Inc., any of its current or former employees, officers, directors, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

(p)   "MATTEL ACTION" means this action now consolidated under Case No. 04-9049 before the Hon. Stephen Larson and formerly Mattel, Inc. v.

07209/2352709;2

4

EXHIBIT ___1___

PAGE ___12___

<u>Bryant</u>, first filed in Los Angeles County Superior Court; <u>Bryant v. Mattel, Inc.</u>; and <u>MGA Entertainment, Inc. v. Mattel, Inc.</u>; and all counterclaims, cross-claims and defenses therein.

(q)   "MATTEL EMPLOYEE" means any PERSON whom MATTEL currently or formerly employed, or who otherwise performed any service for the benefit of MATTEL, including without limitation independent contractors.

(r)   "PERSON" or "PERSONS" means all natural persons, partnerships, corporations, joint ventures and any kind of business, legal or public entity or organization, as well as its, his or her agents, representatives, employees, officers and directors and any one else acting on its, his or her behalf, pursuant to its, his or her authority or subject to its, his or her control.

(s)   "DOCUMENT" or "DOCUMENTS" means any "writing" or "recording" as defined in <u>Federal Rule of Civil Procedure</u> 34 and/or <u>Federal Rule of Evidence</u> 1001 and includes any tangible thing upon which any expression, communication or representation has been recorded, including but not limited to correspondence, e-mails, preliminary, intermediate or final drafts, memoranda, notes, reports of telephone or other oral conversations, audio or videotape recordings, computer tape, computer disk or storage media, computer printout, CD-ROM disk, optical storage disk, other electronic medium, and all other writings and recordings of any kind. Without any limitation on the foregoing, the term "DOCUMENT" shall include all copies that differ in any respect from the original or other versions of the DOCUMENT, including without limitation all drafts and all copies of such drafts or originals containing initials, comments, notations, insertions, corrections, marginal notes, amendments or any other variation of any kind.

(t)   "COMMUNICATION" or "COMMUNICATIONS" means and includes any disclosure, transfer or exchange of information between two or more PERSONS, whether orally or in writing, including, without limitation, any conversation or discussion by means of meeting, letter, telephone, note, memorandum, telegraph, telex, telecopier, electronic mail, or any other electronic or other medium, including without limitation in written, audio or video form.

(u)   "REFERRING OR RELATING TO" means reflecting, identifying, describing, summarizing, evidencing, referencing, concerning, discussing or indicating in any way.

07209/2352709.2

5

EXHIBIT ____l____
PAGE ___2o___

03-26-2008   19:04   From-QUINN EMANUEL                2134433100              T-777  P.103/110  F-315

(v)    Wherever used herein, the singular shall include the plural and the plural shall include the singular.

## INSTRUCTIONS.

a.    . YOU are to produce all DOCUMENTS requested hereby that are in YOUR possession, custody and control.

b.    If YOU contend that YOU are not required to produce certain DOCUMENTS called for by these requests on the grounds of a privilege or protection that YOU are not prepared to waive, in lieu of producing such DOCUMENTS identify each DOCUMENT and provide the following information:

(1)    The privilege or protection that you claim precludes disclosure;

(2)    The subject matter of the DOCUMENT (without revealing the content as to which the privilege or protection is claimed);

(3)    The date, author(s), addressee(s); and

(4)    Any additional facts on which YOU would base YOUR claim of privilege or protection.

c.    .YOU are required to identify any and all DOCUMENTS sought by this document request that have been destroyed.

d.    YOU are required to identify the source of all DOCUMENTS produced, and the person for whom, or department, division or office for which, such DOCUMENTS are maintained.

e.    Each DOCUMENT shall be produced in its original file folder, or in lieu thereof, any writing on the file folder from which each such DOCUMENT is taken shall be copied and appended to such DOCUMENT.

2.    DOCUMENTS TO BE PRODUCED.

07209/2352709.2

6

EXHIBIT ___1___

PAGE ___21___

(1)     All of YOUR formation DOCUMENTS, and drafts thereof.

(2)     All of YOUR tax returns and schedules, including without limitation Forms 1041 and 8453F, and Schedules C, C-EZ, D, E, F and K-1, and drafts thereof, from the period beginning January 1, 1999 to the present.

(3)     All DOCUMENTS RELATING TO YOU, including without limitation accounting records, profit and loss statements, work papers, worksheets, payroll records, financial statements (audited and unaudited), pro formas, budgets, account information and account statements, from the period beginning January 1, 1999 to the present.

(4)     All DOCUMENTS RELATING TO YOUR corporate and/or financial relationship with DOLL BAG, INC. since January 1, 1999 to the present.

(5)     All DOCUMENTS RELATING TO YOUR corporate and/or financial relationship with VERONICA MARLOW, INC. since January 1, 1999 to the present.

(6)     All DOCUMENTS RELATING TO payments or transfers of value from YOU to VERONICA MARLOW.

(7)     All DOCUMENTS RELATING TO payments or transfers of value from YOU to BRYANT.

(8)     All DOCUMENTS RELATING to payments or transfers of value from YOU to ISAAC LARIAN.

(9)     All DOCUMENTS RELATING TO payments or transfers of value from YOU to PETER MARLOW.

(10)    All DOCUMENTS RELATING TO payments or transfers of value from YOU to any parent(s), sibling(s), children, or other relative(s) of PETER MARLOW and/or VERONICA MARLOW.

(11)    All DOCUMENTS RELATING TO payments or transfers of value from YOU to CABRERA.

EXHIBIT_____1
PAGE_____22

(12)   All DOCUMENTS RELATING TO payments or transfers of value from YOU to MORALES.

(13)   All DOCUMENTS RELATING TO payments or transfers of value from YOU to SALAZAR.

(14)   All DOCUMENTS RELATING TO payments or transfers of value from YOU to any other MATTEL EMPLOYEE.

(15)   All DOCUMENTS RELATING TO payments or transfers of value from YOU to any other MGA employee.

(16)   All DOCUMENTS RELATING TO payments or transfers of value from MGA to YOU.

(17)   All DOCUMENTS RELATING TO payments or transfers of value between BRYANT and YOU.

(18)   All DOCUMENTS RELATING TO payments or transfers of value between VERONICA MARLOW and YOU.

(19)   All DOCUMENTS RELATING TO payments or transfers of value between ISAAC LARIAN and YOU.

(20)   All DOCUMENTS RELATING TO payments or transfers of value between VERONICA MARLOW, INC. and YOU.

(21)   All DOCUMENTS RELATING TO payments or transfers of value between DOLL BAG, INC. and YOU.

(22)   All DOCUMENTS RELATING TO COMMUNICATIONS between YOU and MGA since January 1, 1999.

(23)   All DOCUMENTS RELATING TO COMMUNICATIONS between YOU and BRYANT since January 1, 1999.

07209/2352709.2

8

EXHIBIT ___1___
PAGE ___23___

(24)  All DOCUMENTS RELATING TO COMMUNICATIONS between YOU and ISAAC LARIAN since January 1, 1999.

(25)  All DOCUMENTS RELATING TO COMMUNICATIONS between YOU and CABRERA since January 1, 1999.

(26)  All DOCUMENTS RELATING TO COMMUNICATIONS between YOU and SALAZAR since January 1, 1999.

(27)  All DOCUMENTS RELATING TO COMMUNICATIONS between YOU and MORALES since January 1, 1999.

(28)  All DOCUMENTS RELATING TO COMMUNICATIONS between YOU and MATTEL RELATING TO BRATZ since January 1, 1999.

(29)  All DOCUMENTS RELATING TO COMMUNICATIONS between YOU and any other PERSON RELATING TO BRATZ since January 1, 1999.

(30)  To the extent not included in YOUR production responsive to Request Nos. 1-29, DOCUMENTS SUFFICIENT to identify YOUR accounts with any financial institution, including without limitation the name(s) and address(es) of each financial institution and the corresponding account number(s).

(31)  All DOCUMENTS relating to BRATZ that YOU obtained from BRYANT, VERONICA MARLOW, MGA, ISAAC LARIAN, or any other PERSON since January 1, 1999.

(32)  All DOCUMENTS relating to the MATTEL ACTION.

(33)  All DOCUMENTS RELATING TO any business expenses incurred by VERONICA MARLOW RELATED TO MGA, BRYANT, BRATZ, ISAAC LARIAN, or MATTEL since January 1, 1999, including without limitation, receipts, invoices, correspondence, e-mails, credit card statements, bank statements, and wire transfers.

(34)  All DOCUMENTS RELATING TO any business expenses incurred by YOU between January 1, 1999 and December 31, 2001 RELATED TO MGA,

07209/2357709.2

9

EXHIBIT  1
PAGE  24

03-26-2008   19:05   From-QUINN EMANUEL                    2134433100          T-771   P.107/110   F-315

BRYANT, or ISAAC LARIAN RELATED TO any project, product, doll or DESIGN other than BRATZ, including without limitation, receipts, invoices, correspondence, e-mails, credit card statements, bank statements, and wire transfers.

(35)   DOCUMENTS sufficient to show YOUR policies or practices relating to the preservation, retention or destruction of DOCUMENTS sought by or the subject of Request Nos. 1 through 34.

(36)   DOCUMENTS sufficient to identify any PERSON who has served as YOUR auditor(s) or accountant(s) since January 1, 1999.

07209/2352705.2

10

EXHIBIT ____1____

PAGE ____25____

03-26-2008   19:30   From-QUINN EMANUEL                    2134433100          T-771   P.085/110   F-315

ⓈAO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

CENTRAL   DISTRICT OF CALIFORNIA

CARTER BRYANT, an individual,

V.

MATTEL, INC., a Delaware corporation,

### SUBPOENA IN A CIVIL CASE

Case Number: [1]  CV 04-9049 SGL (RNBx)
Consolidated with cases CV 49-9059 and CV50-2727

TO: Doll Bag, Inc.
    12250 Woodley Avenue
    Granada Hills, CA 91344

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart Oliver & Hedges, LLP<br>865 S. Figueroa Street, 10th Floor<br>Los Angeles, CA 90017 | January 28, 2008<br>9:00 am |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Mattel, Inc. | January 15, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND TELEPHONE NUMBER
Melissa Grant, Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 S. Figueroa Street, 10th Floor, Los Angeles, CA  90017-2543  (213) 443-3000

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

EXHIBIT     1
PAGE     26
PAGE.85

MAR 26 2008 18:09                                          2134433100

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

SERVED ON (PRINT NAME) | MANNER OF SERVICE

SERVED BY (PRINT NAME) | TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

EXHIBIT
PAGE 86
PAGE 27

## ATTACHMENT A

### Documents To Be Produced

1.   DEFINITIONS.

    (a)   "YOU" or "YOUR" means DOLL BAG, INC., current or former employees, attorneys, including partners, associates and shareholders, agents, representatives, accountants, vendors, consultants, independent contractors, predecessors-in-interest and successors-in-interest, and any other PERSON acting on YOUR behalf, pursuant to YOUR authority, or subject to YOUR control.

    (b)   "VERONICA MARLOW" means Maria Veronica Marlow, Maria Marlow and/or Veronica Marlow, Social Security No. 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, date of birth 03/02/1966, and any of VERONICA MARLOW's current or former agents or representatives, including any trustees acting for her benefit or on her behalf, and any other PERSON acting on her behalf, pursuant to her authority, or subject to her control. Without limiting the foregoing, "VERONICA MARLOW" shall include any partnerships, corporations, joint ventures, and any kind of business, legal, or public entity or organization owned or operated by or otherwise affiliated with Maria Veronica Marlow, Maria Marlow and/or Veronica Marlow, as well as their agents, representatives, employees, officers and directors and any one else acting on their behalf, pursuant to their authority, or subject to their control.

    (c)   "PETER MARLOW" means Peter A. Marlow, husband of Maria Veronica Marlow, Maria Marlow and/or Veronica Marlow, Social Security No. 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, date of birth 03/02/1966, and any of PETER MARLOW's current or former agents or representatives, including any trustees acting for his benefit or on his behalf, and any other PERSON acting on his behalf, pursuant to his authority, or subject to his control. Without limiting the foregoing, "PETER MARLOW" shall include any partnerships, corporations, joint ventures, and any kind of business, legal, or public entity or organization owned or operated by or otherwise affiliated with Peter A. Marlow, as well as their agents, representatives, employees, officers and directors and any one else acting on their behalf, pursuant to their authority, or subject to their control.

    (d)   "BRYANT" means Carter Bryant, and all of his current or former employees, agents, representatives, attorneys, accountants, vendors, consultants,

07209/2352906.2

1

EXHIBIT  |
PAGE  28

independent contractors, predecessors-in-interest and successors-in-interest, and any other PERSON acting on his behalf, pursuant to his authority, or subject to his control. Without limiting the foregoing, "BRYANT" shall include Carter Bryant Enterprises and any partnerships, corporations, joint ventures, and any kind of business, legal, or public entity or organization owned or operated by or otherwise affiliated with Carter Bryant, as well as their agents, representatives, employees, officers and directors and any one else acting on their behalf, pursuant to their authority, or subject to their control.

(e)   "CABRERA" means Isabelle Cabrera, and all of her current or former employees, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, predecessors-in-interest and successors-in-interest, and any other PERSON acting on her behalf, pursuant to her authority, or subject to her control. Without limiting the foregoing, "CABRERA" shall include any partnerships, corporations, joint ventures, and any kind of business, legal, or public entity or organization owned or operated by or otherwise affiliated with Isabelle Cabrera, as well as their agents, representatives, employees, officers and directors and any one else acting on their behalf, pursuant to their authority, or subject to their control.

(f)   "MORALES" means Beatrice Morales, and all of her current or former employees, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, predecessors-in-interest and successors-in-interest, and any other PERSON acting on her behalf, pursuant to her authority, or subject to her control. Without limiting the foregoing, "MORALES" shall include any partnerships, corporations, joint ventures, and any kind of business, legal, or public entity or organization owned or operated by or otherwise affiliated with Beatrice Morales, as well as their agents, representatives, employees, officers and directors and any one else acting on their behalf, pursuant to their authority, or subject to their control.

(g)   "SALAZAR" means Maria Elena Salazar, and any all of her current or former employees, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, predecessors-in-interest and successors-in-interest, and any other PERSON acting on her behalf, pursuant to her authority, or subject to her control. Without limiting the foregoing, "SALAZAR" shall include any partnerships, corporations, joint ventures, and any kind of business, legal, or public entity or organization owned or operated by or otherwise affiliated with Maria Elena

07209/7352506.2

2

EXHIBIT ___1___
PAGE ___29___

includes without limitation any names, fashions, accessories, artwork, packaging or
any other works, materials, matters or items included or associated therewith.

(k)     "MARLOW TECHNO-LOGIC, INC." means Marlow Techno-
Logic, Inc., any of its current or former employees, officers, directors, agents,
representatives, attorneys, accountants, vendors, consultants, independent contractors,
shareholders, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and
successors-in-interest, and any other PERSON acting on its behalf, pursuant to its
authority, or subject to its control.

(l)     "VERONICA MARLOW, INC." means Veronica Marlow, Inc.,
any of its current or former employees, officers, directors, agents, representatives,
attorneys, accountants, vendors, consultants, independent contractors, shareholders,
parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-
interest, and any other PERSON acting on its behalf, pursuant to its authority, or
subject to its control.

(m)     "MGA" means MGA Entertainment Inc., any of its current or
former employees, officers, directors, agents, representatives, attorneys, accountants,
vendors, consultants, independent contractors, shareholders, parents, subsidiaries,
divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other
PERSON acting on its behalf, pursuant to its authority, or subject to its control.
Without any limitation on the foregoing, "MGA" includes "ABC International
Traders, Inc.," as MGA was formerly known.

(n)     "MGA EMPLOYEE" means any PERSON whom MGA currently
or formerly employed or who otherwise performed any services for the benefit of
MATTEL, including without limitation independent contractors.

(o)     "MATTEL" means Mattel, Inc., any of its current or former
employees, officers, directors, agents, representatives, attorneys, accountants, vendors,
consultants, independent contractors, parents, subsidiaries, divisions, affiliates,
predecessors-in-interest and successors-in-interest, and any other PERSON acting on
its behalf, pursuant to its authority, or subject to its control.

(p)     "MATTEL ACTION" means this action now consolidated under
Case No. 04-9049 before the Hon. Stephen Larson and formerly Mattel, Inc. v.
Bryant, first filed in Los Angeles County Superior Court; Bryant v. Mattel, Inc.; and

07209/2353506 2

4

EXHIBIT ____1____
PAGE ____30____

MGA Entertainment, Inc. v. Mattel, Inc.; and all counterclaims, cross-claims and defenses therein.

(q) "MATTEL EMPLOYEE" means any PERSON whom MATTEL currently or formerly employed or who otherwise performed any services for the benefit of MATTEL, including without limitation independent contractors.

(r) "PERSON" or "PERSONS" means all natural persons, partnerships, corporations, joint ventures and any kind of business, legal or public entity or organization, as well as its, his or her agents, representatives, employees, officers and directors and any one else acting on its, his or her behalf, pursuant to its, his or her authority, or subject to its, his or her control.

(s) "DOCUMENT" or "DOCUMENTS" means any "writing" or "recording" as defined in Federal Rule of Civil Procedure 34 and/or Federal Rule of Evidence 1001 and includes any tangible thing upon which any expression, communication or representation has been recorded, including but not limited to correspondence, e-mails, preliminary, intermediate or final drafts, memoranda, notes, reports of telephone or other oral conversations, audio or videotape recordings, computer tape, computer disk or storage media, computer printout, CD-ROM disk, optical storage disk, other electronic medium, and all other writings and recordings of any kind. Without any limitation on the foregoing, the term "DOCUMENT" shall include all copies that differ in any respect from the original or other versions of the DOCUMENT, including without limitation all drafts and all copies of such drafts or originals containing initials, comments, notations, insertions, corrections, marginal notes, amendments or any other variation of any kind.

(t) "COMMUNICATION" or "COMMUNICATIONS" means and includes any disclosure, transfer or exchange of information between two or more PERSONS, whether orally or in writing, including, without limitation, any conversation or discussion by means of meeting, letter, telephone, note, memorandum, telegraph, telex, telecopier, electronic mail, or any other electronic or other medium, including without limitation in written, audio or video form.

(u) "REFERRING OR RELATING TO" means reflecting, identifying, describing, summarizing, evidencing, referencing, concerning, discussing or indicating in any way.

07209/2352506.2

5

EXHIBIT ___1___
PAGE ___31___

(v)   Wherever used herein, the singular shall include the plural and the plural shall include the singular.

## INSTRUCTIONS.

a.   YOU are to produce all DOCUMENTS requested hereby that are in YOUR possession, custody and control.

b.   If YOU contend that YOU are not required to produce certain DOCUMENTS called for by these requests on the grounds of a privilege or protection that YOU are not prepared to waive, in lieu of producing such DOCUMENTS identify each DOCUMENT and provide the following information:

(1)   The privilege or protection that you claim precludes disclosure;

(2)   The subject matter of the DOCUMENT (without revealing the content as to which the privilege or protection is claimed);

(3)   The date, author(s), addressee(s); and

(4)   Any additional facts on which YOU would base YOUR claim of privilege or protection.

c.   YOU are required to identify any and all DOCUMENTS sought by this document request that have been destroyed.

d.   YOU are required to identify the source of all DOCUMENTS produced, and the person for whom, or department, division or office for which, such DOCUMENTS are maintained.

e.   Each DOCUMENT shall be produced in its original file folder, or in lieu thereof, any writing on the file folder from which each such DOCUMENT is taken shall be copied and appended to such DOCUMENT.

## 2.   DOCUMENTS TO BE PRODUCED.

(1)   All of YOUR formation DOCUMENTS, and drafts thereof.

EXHIBIT___1___

PAGE___32___

(2)   All of YOUR tax returns and schedules, including without limitation Forms 1041 and 8453F, and Schedules C, C-EZ, D, E, F and K-1, and drafts thereof, from the period beginning January 1, 1999 to the present.

(3)   All DOCUMENTS RELATING TO YOU, including without limitation accounting records, profit and loss statements, work papers, worksheets, payroll records, financial statements (audited and unaudited), pro formas, budgets, account information and account statements, employee rosters, from the period beginning January 1, 1999 to the present.

(4)   All DOCUMENTS RELATING TO YOUR corporate and/or financial relationship with MARLOW TECHNO-LOGIC, INC. since January 1, 1999 to the present.

(5)   All DOCUMENTS RELATING TO YOUR corporate and/or financial relationship with VERONICA MARLOW, INC. since January 1, 1999 to the present.

(6)   All DOCUMENTS RELATING TO payments or transfers of value from YOU to VERONICA MARLOW.

(7)   All DOCUMENTS RELATING TO payments or transfers of value from YOU to BRYANT.

(8)   All DOCUMENTS RELATING to payments or transfers of value from YOU to ISAAC LARIAN.

(9)   All DOCUMENTS RELATING TO payments or transfers of value from YOU to PETER MARLOW.

(10)   All DOCUMENTS RELATING TO payments or transfers of value from YOU to any parent(s), sibling(s), children, or other relative(s) of PETER MARLOW and/or VERONICA MARLOW.

(11)   All DOCUMENTS RELATING TO payments or transfers of value from YOU to CABRERA.

(12)   All DOCUMENTS RELATING TO payments or transfers of value from

07209/2352506.2

7

EXHIBIT____1____

PAGE____33____

YOU to MORALES.

(13)   All DOCUMENTS RELATING TO payments or transfers of value from YOU to SALAZAR.

(14)   All DOCUMENTS RELATING TO payments or transfers of value from YOU to any other MATTEL EMPLOYEE.

(15)   All DOCUMENTS RELATING TO payments or transfers of value from YOU to any other MGA EMPLOYEE.

(16)   All DOCUMENTS RELATING TO payments or transfers of value from MGA to YOU.

(17)   All DOCUMENTS RELATING TO payments or transfers of value between BRYANT and YOU.

(18)   All DOCUMENTS RELATING TO payments or transfers of value between VERONICA MARLOW and YOU.

(19)   All DOCUMENTS RELATING TO  payments or transfers of value between ISAAC LARIAN and YOU.

(20)   All DOCUMENTS RELATING TO payments or transfers of value between VERONICA MARLOW, INC. and YOU.

(21)   All DOCUMENTS RELATING TO payments or transfers of value between MARLOW TECHNO-LOGIC, INC. and YOU.

(22)   All DOCUMENTS RELATING TO COMMUNICATIONS between YOU and MGA since January 1, 1999.

(23)   All DOCUMENTS RELATING TO COMMUNICATIONS between YOU and BRYANT since January 1, 1999.

(24)   All DOCUMENTS RELATING TO COMMUNICATIONS between YOU and ISAAC LARIAN since January 1, 1999.

07209/23525062

8

EXHIBIT __1__
PAGE __34__

(25)  All DOCUMENTS RELATING TO COMMUNICATIONS between
YOU and CABRERA since January 1, 1999.

(26)  All DOCUMENTS RELATING TO COMMUNICATIONS between
YOU and SALAZAR since January 1, 1999.

(27)  All DOCUMENTS RELATING TO COMMUNICATIONS between
YOU and MORALES since January 1, 1999.

(28)  All DOCUMENTS RELATING TO COMMUNICATIONS between
YOU and MATTEL RELATING TO BRATZ since January 1, 1999.

(29)  All DOCUMENTS RELATING TO COMMUNICATIONS between
YOU and any other PERSON RELATING TO BRATZ since January 1, 1999.

(30)  To the extent not included in YOUR production responsive to Requests
Nos. 1-29, DOCUMENTS SUFFICIENT to identify YOUR accounts with any
financial institution, including without limitation the name(s) and address(es) of each
financial institution and the corresponding account number(s).

(31)  All DOCUMENTS relating to BRATZ that YOU obtained from
BRYANT, VERONICA MARLOW, MGA, ISAAC LARIAN, or any other PERSON
since January 1, 1999.

(32)  All DOCUMENTS relating to the MATTEL ACTION.

(33)  All DOCUMENTS RELATING TO any business expenses incurred by
VERONICA MARLOW RELATED TO MGA, BRYANT, BRATZ, ISAAC
LARIAN, or MATTEL since January 1, 1999, including without limitation receipts,
invoices, correspondence, e-mails, credit card statements, cancelled checks, and wire
transfers.

(34)  All DOCUMENTS RELATING TO any business expenses incurred by
YOU between January 1, 1999 and December 31, 2001 RELATED TO MGA,
BRYANT, or ISAAC LARIAN RELATED TO any project, product, doll or DESIGN
other than BRATZ, including without limitation receipts, invoices, correspondence, e-
07209/2352506.2

9

EXHIBIT _____1
PAGE 35

mails, credit card statements, cancelled checks, and wire transfers.

(35)  DOCUMENTS sufficient to show YOUR policies or practices relating to the preservation, retention or destruction of DOCUMENTS sought by or the subject of Request Nos. 1 through 34.

(36)  DOCUMENTS sufficient to identify any PERSON who has served as YOUR auditor(s) or accountant(s) since January 1, 1999.

07209/2352506.2

10

EXHIBIT ___1___

PAGE ___36___

AO88 (Rev. 12/06) Subpoena in a Civil

Issued by the

# UNITED STATES DISTRICT COURT

Western    DISTRICT OF  Washington

CARTER BRYANT, an Individual

**SUBPOENA IN A CIVIL CASE**

V.

MATTEL, INC., a Delaware Corporation

Case Number: [1] Misc. Case #.
(C.D. Cal.) CV 04-09049 SGL (RNBx)

TO:  Washington Mutual Bank
     Washington Mutual Subpoena Intake Group,
     1201 Third Avenue, Seattle, WA 98101 - Mail Stop WMT 2107

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart Oliver & Hedges, LLP 865 S. Figueroa Street, 10th Floor Los Angeles, CA 90017 | January 29, 2008 9:00 a.m. |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Plaintiff, Mattel, Inc. | January 15, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND TELEPHONE NUMBER
Melissa Grant, Quinn Emanuel Urquhart Oliver & Hedges, LLP,
865 So. Figueroa Street, 10th Floor, Los Angeles, CA  90017      (213) 443-3000

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

EXHIBIT _1_
PAGE _37_

AO88  (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|
| | |

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
             DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1)(A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2)(A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has, and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

EXHIBIT 1
PAGE 38

## ATTACHMENT A

### Documents To Be Produced

1.   **DEFINITIONS.**

    i.    "YOU" or "YOUR" means Washington Mutual, Inc. and all of YOUR parents, subsidiaries, divisions, affiliates or affiliated entities, past or present employees, agents, representatives, consultants, independent contractors, any predecessors or successors in interest, and any other PERSON acting on YOUR behalf, pursuant to YOUR authority or subject to YOUR control.

    ii.    "MARIA VERONICA MARLOW" means the individual named Maria Veronica Marlow, Maria Marlow and/or Veronica Marlow, Social Security No. 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, date of birth 03/02/1966, the entities named Veronica Marlow, Inc., Marlow Techno-Logic, Inc., and Doll Bag, Inc., and any of MARIA VERONICA MARLOW's current or former agents or representatives, including her husband PETER A. MARLOW, any trustees acting for her benefit or on her behalf, and any other PERSON acting on her behalf, pursuant to her authority or subject to her control. Without limiting the foregoing, "MARIA VERONICA MARLOW" shall include any partnerships, corporations, joint ventures, and any kind of business, legal, or public entity or organization owned or operated by or otherwise affiliated with Maria Veronica Marlow, Maria Marlow and/or Veronica Marlow, or Peter Marlow, as well as their agents, representatives, employees, officers and directors and any one else acting on their behalf, pursuant to their authority, or subject to their control.

    iii.    "VALERIE STOLWORTHY" means the individual named Valerie Stolworthy, Valerie Marlow Stolworthy and/or Valerie Marlow, any of VALERIE STOLWORTHY's current or former agents or representatives, including without limitation KIRK STOLWORTHY, any trustees acting for her benefit or on her behalf, and any other PERSON acting on her behalf, pursuant to her authority, or subject to her control. Without limiting the foregoing, "VALERIE STOLWORTHY" shall include any partnerships, corporations, joint ventures, and any kind of business, legal, or public entity or organization owned or operated by or otherwise affiliated with Valerie Stolworthy and/or Kirk Stolworthy, as well as their agents, representatives, employees, officers and directors and any one else

B7209223S3762.1

EXHIBIT ___1___

PAGE ___39___

acting on their behalf, pursuant to their authority, or subject to their control.

iv.     "ACCOUNT" or "ACCOUNTS" means any account of any type, including but not limited to any checking account, savings account, deposit account, credit card account, line of credit account, charge account, and any other account of any other type.

v.      "PERSON" or "PERSONS" means all natural persons, partnerships, corporations, joint ventures and any kind of business, legal or public entity or organization, as well as its, his or her agents, representatives, employees, officers and directors and anyone else acting on its, his or her behalf, pursuant to its, his or her authority or subject to its, his or her control.

vi.     "DOCUMENT" means any "writing" or "recording" as defined in Federal Rule of Civil Procedure 34 and/or Federal Rule of Evidence 1001 and includes any tangible thing upon which any expression, communication or representation has been recorded, including but not limited to correspondence, e-mails, preliminary, intermediate or final drafts, memoranda, notes, reports of telephone or other oral conversations, audio or videotape recordings, computer tape, computer disk or storage media, computer printout, CD-ROM disk, optical storage disk, other electronic medium, and all other writings and recordings of any kind.

vii.    "COMMUNICATION" or "COMMUNICATIONS" means and includes any disclosure, transfer or exchange of information between two or more PERSONS, whether orally or in writing, including, without limitation, any conversation or discussion by means of meeting, letter, telephone, note, memorandum, telegraph, telex, telecopier, electronic mail, or any other electronic or other medium, including without limitation in written, audio or video form.

viii.   "REFERRING OR RELATING TO" means reflecting, identifying, describing, summarizing, evidencing, referencing, concerning, discussing or indicating in any way.

ix.     Wherever used herein, the singular shall include the plural and the plural shall include the singular.

07209/2353762.1

EXHIBIT ___1___
PAGE ___45___

2.    INSTRUCTIONS.

      a.    YOU are to produce all DOCUMENTS requested hereby that are in YOUR possession, custody and control.

      b.    If YOU contend that YOU are not required to produce certain DOCUMENTS called for by these requests on the grounds of a privilege or protection that YOU are not prepared to waive, in lieu of producing such DOCUMENTS identify each DOCUMENT and provide the following information:

      (1)    The privilege or protection that you claim precludes disclosure;

      (2)    The subject matter of the DOCUMENT (without revealing the content as to which the privilege or protection is claimed);

      (3)    The date, author(s), addressee(s); and

      (4)    Any additional facts on which YOU would base YOUR claim of privilege or protection.

      c.    YOU are required to identify any and all DOCUMENTS sought by this document request that have been destroyed.

      d.    YOU are required to identify the source of all DOCUMENTS produced, and the person for whom, or department, division or office for which, such DOCUMENTS are maintained.

      e.    Each DOCUMENT shall be produced in its original file folder, or in lieu thereof, any writing on the file folder from which each such DOCUMENT is taken shall be copied and appended to such DOCUMENT.

3.    DOCUMENTS TO BE PRODUCED.

      (1)    All DOCUMENTS REFERRING OR RELATING TO MARIA VERONICA MARLOW or VALERIE STOLWORTHY from January 1, 1999 to the present, inclusive.

07209/2357762.1

EXHIBIT    1

PAGE    41

(2)   All DOCUMENTS REFERRING OR RELATING TO any ACCOUNTS maintained by YOU that is in the name of, for the benefit of or concerns MARIA VERONICA MARLOW or VALERIE STOLWORTHY, including but not limited to statements, monthly statements, annual statements, daily transaction history reports, monthly transaction history reports, deposit reports, deposit slips, canceled checks, signature cards, and COMMUNICATIONS REFERRING OR RELATING TO such ACCOUNTS, created between January 1, 1999 and the present, inclusive.

(3)   DOCUMENTS sufficient to show the account number of all ACCOUNTS maintained by YOU in the name of, for the benefit of or concerning MARIA VERONICA MARLOW or VALERIE STOLWORTHY between January 1, 1999 and the present, inclusive.

(4)   All DOCUMENTS showing or relating to any account(s) held by MARIA VERONICA MARLOW or VALERIE STOLWORTHY, or any account(s) on which MARIA VERONICA MARLOW or VALERIE STOLWORTHY has signatory authority at any other financial institution.

07209/2353762.1

EXHIBIT 1

PAGE 42

## AFFIDAVIT OF STAN SPERLING

I, Stan Sperling, declare that if called upon as a witness in this action, I could and would competently testify under oath of my personal knowledge of the events described herein.

(1) I am a paralegal for Now Legal Service, registered in the State of California by the County Clerk of Los Angeles, our registration number being 5426. My business address is 1301 West 2nd Street, Suite 206, Los Angeles, CA 90026.

(2) On January 17, 2008, we received an assignment from our client, QUINN EMANUEL URQUHART OLIVER & HEDGES, an assignment to serve Washington Mutual Bank with a Federal Subpena. The provided address was 1201 Third Avenue Seattle, WA 98101.

(3) Since the assignment was a hot rush, we immediately faxed the document to our agent, Northwest Legal Support. A manager, Jim at Northwest, later reported the subpena was served on Jamie Buhl, Administrative Assistant, on January 17 at 3:35 p.m. However, we do not yet have the signed proof of service for this assignment and will forward same to our client immediately upon receipt.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on the 28th day of January, 2008, at Los Angeles, California.

_Stan Sperling_

Stan Sperling

-1-

EXHIBIT
PAGE 43

AO88 (Rev. 12/06) Subpoena in a Civil.

## Issued by the
# UNITED STATES DISTRICT COURT

__Western__ DISTRICT OF __Washington__

CARTER BRYANT, an Individual

### SUBPOENA IN A CIVIL CASE

V.

MATTEL, INC., a Delaware Corporation

Case Number: [1] Misc. ·Case· #.
(C.D. Cal.) CV 04-09049 SGL (RNBx)

TO:  Washington Mutual Bank
     Washington Mutual Subpoena Intake Group,
     1201 Third Avenue, Seattle, WA 98101 - Mail Stop WMT 2107

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart Oliver & Hedges, LLP 865 S. Figueroa Street, 10th Floor Los Angeles, CA 90017 | January 28, 2008 9:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _Attorney for Plaintiff, Mattel, Inc._ | January 15, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND TELEPHONE NUMBER
Melissa Grant, Quinn Emanuel Urquhart Oliver & Hedges, LLP, 865 So. Figueroa Street, 10th Floor, Los Angeles, CA  90017   (213) 443-3000

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AD-88

EXHIBIT     1
PAGE     44

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has, and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

EXHIBIT ___

PAGE ___

## ATTACHMENT A

### Documents To Be Produced

1.    **DEFINITIONS.**

    i.      "YOU" or "YOUR" means Washington Mutual, Inc. and all of
YOUR parents, subsidiaries, divisions, affiliates or affiliated entities, past
or present employees, agents, representatives, consultants, independent
contractors, any predecessors or successors in interest, and any other
PERSON acting on YOUR behalf, pursuant to YOUR authority or subject
to YOUR control.

    ii.     "MARIA VERONICA MARLOW" means the individual
named Maria Veronica Marlow, Maria Marlow and/or Veronica Marlow,
Social Security No. 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, date of birth 03/02/1966, the entities
named Veronica Marlow, Inc., Marlow Techno-Logic, Inc., and Doll Bag,
Inc., and any of MARIA VERONICA MARLOW's current or former
agents or representatives, including her husband PETER A. MARLOW,
any trustees acting for her benefit or on her behalf, and any other PERSON
acting on her behalf, pursuant to her authority or subject to her control.
Without limiting the foregoing, "MARIA VERONICA MARLOW" shall
include any partnerships, corporations, joint ventures, and any kind of
business, legal, or public entity or organization owned or operated by or
otherwise affiliated with Maria Veronica Marlow, Maria Marlow and/or
Veronica Marlow, or Peter Marlow, as well as their agents, representatives,
employees, officers and directors and any one else acting on their behalf,
pursuant to their authority, or subject to their control.

    iii.    "VALERIE STOLWORTHY" means the individual named
Valerie Stolworthy, Valerie Marlow Stolworthy and/or Valerie Marlow,
any of VALERIE STOLWORTHY's current or former agents or
representatives, including without limitation KIRK STOLWORTHY, any
trustees acting for her benefit or on her behalf, and any other PERSON
acting on her behalf, pursuant to her authority, or subject to her control.
Without limiting the foregoing, "VALERIE STOLWORTHY" shall include
any partnerships, corporations, joint ventures, and any kind of business,
legal, or public entity or organization owned or operated by or otherwise
affiliated with Valerie Stolworthy and/or Kirk Stolworthy, as well as their
agents, representatives, employees, officers and directors and any one else

EXHIBIT ___1___
PAGE ___46___

acting on their behalf, pursuant to their authority, or subject to their control.

     iv.     "ACCOUNT" or "ACCOUNTS" means any account of any type, including but not limited to any checking account, savings account, deposit account, credit card account, line of credit account, charge account, and any other account of any other type.

     v.     "PERSON" or "PERSONS" means all natural persons, partnerships, corporations, joint ventures and any kind of business, legal or public entity or organization, as well as its, his or her agents, representatives, employees, officers and directors and anyone else acting on its, his or her behalf, pursuant to its, his or her authority or subject to its, his or her control.

     vi.     "DOCUMENT" means any "writing" or "recording" as defined in Federal Rule of Civil Procedure 34 and/or Federal Rule of Evidence 1001 and includes any tangible thing upon which any expression, communication or representation has been recorded, including but not limited to correspondence, e-mails, preliminary, intermediate or final drafts, memoranda, notes, reports of telephone or other oral conversations, audio or videotape recordings, computer tape, computer disk or storage media, computer printout, CD-ROM disk, optical storage disk, other electronic medium, and all other writings and recordings of any kind.

     vii.     "COMMUNICATION" or "COMMUNICATIONS" means and includes any disclosure, transfer or exchange of information between two or more PERSONS, whether orally or in writing, including, without limitation, any conversation or discussion by means of meeting, letter, telephone, note, memorandum, telegraph, telex, telecopier, electronic mail, or any other electronic or other medium, including without limitation in written, audio or video form.

     viii.     "REFERRING OR RELATING TO" means reflecting, identifying, describing, summarizing, evidencing, referencing, concerning, discussing or indicating in any way.

     ix.     Wherever used herein, the singular shall include the plural and the plural shall include the singular.

EXHIBIT ____1____

PAGE ____47____

## 2.    INSTRUCTIONS.

a.    YOU are to produce all DOCUMENTS requested hereby that are in YOUR possession, custody and control.

b.    If YOU contend that YOU are not required to produce certain DOCUMENTS called for by these requests on the grounds of a privilege or protection that YOU are not prepared to waive, in lieu of producing such DOCUMENTS identify each DOCUMENT and provide the following information:

(1)    The privilege or protection that you claim precludes disclosure;

(2)    The subject matter of the DOCUMENT (without revealing the content as to which the privilege or protection is claimed);

(3)    The date, author(s), addressee(s); and

(4)    Any additional facts on which YOU would base YOUR claim of privilege or protection.

c.    YOU are required to identify any and all DOCUMENTS sought by this document request that have been destroyed.

d.    YOU are required to identify the source of all DOCUMENTS produced, and the person for whom, or department, division or office for which, such DOCUMENTS are maintained.

e.    Each DOCUMENT shall be produced in its original file folder, or in lieu thereof, any writing on the file folder from which each such DOCUMENT is taken shall be copied and appended to such DOCUMENT.

## 3.    DOCUMENTS TO BE PRODUCED.

(1)    All DOCUMENTS REFERRING OR RELATING TO MARIA VERONICA MARLOW or VALERIE STOLWORTHY from January 1, 1999 to the present, inclusive.

07209/2353762.1

EXHIBIT    1

PAGE    48

(2)   All DOCUMENTS REFERRING OR RELATING TO any ACCOUNTS maintained by YOU that is in the name of, for the benefit of or concerns MARIA VERONICA MARLOW or VALERIE STOLWORTHY, including but not limited to statements, monthly statements, annual statements, daily transaction history reports, monthly transaction history reports, deposit reports, deposit slips, canceled checks, signature cards, and COMMUNICATIONS REFERRING OR RELATING TO such ACCOUNTS, created between January 1, 1999 and the present, inclusive.

(3)   DOCUMENTS sufficient to show the account number of all ACCOUNTS maintained by YOU in the name of, for the benefit of or concerning MARIA VERONICA MARLOW or VALERIE STOLWORTHY between January 1, 1999 and the present, inclusive.

(4)   All DOCUMENTS showing or relating to any account(s) held by MARIA VERONICA MARLOW or VALERIE STOLWORTHY, or any account(s) on which MARIA VERONICA MARLOW or VALERIE STOLWORTHY has signatory authority at any other financial institution.

07209/2353762.1

EXHIBIT ____
PAGE   49

AFFIDAVIT OF STAN SPERLING

I, Stan Sperling, declare that if called upon as a witness in this action, I could and would competently testify under oath of my personal knowledge of the events described herein.

(1) I am a paralegal for Now Legal Service, registered in the State of California by the County Clerk of Los Angeles, our registration number being 5426. My business address is 1301 West 2nd Street, Suite 206, Los Angeles, CA 90026.

(2) On January 17, 2008, we received an assignment from our client, QUINN EMANUEL URQUHART OLIVER & HEDGES, an assignment to serve Washington Mutual Bank with a Federal Subpena. The provided address was 1201 Third Avenue Seattle, WA 98101.

(3) Since the assignment was a hot rush, we immediately faxed the document to our agent, Northwest Legal Support. A manager, Jim at Northwest, later reported the subpena was served on Jamie Buhl, Administrative Assistant, on January 17 at 3:35 p.m. However, we do not yet have the signed proof of service for this assignment and will forward same to our client immediately upon receipt.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on the 28th day of January, 2008, at Los Angeles, California.

Stan Sperling

EXHIBIT 1
PAGE 50

-1-

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

_____ CENTRAL _____ DISTRICT OF CALIFORNIA _____

CARTER BRYANT, an Individual

V.

MATTEL, INC., a Delaware Corporation

## SUBPOENA IN A CIVIL CASE

Case Number:[1] CV 04-9049 SGL (RNBx)
Consolidated with cases CV 04-9059 and
CV 05-2727

TO: Union Bank of California
445 South Figueroa Street, Plaza Level
Los Angeles, CA 90071

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| Keats McFarland & Wilson LLP | January 28, 2008 |
| 9720 Wilshire Boulevard, Penthouse Suite | 9:30 a.m. |
| Beverly Hills, California 90212 (310)248-3830 | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Mattel, Inc. | January 14, 2 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
B. Dylan Proctor, Esq., Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 S. Figueroa St., 10th Fl., Los Angeles, CA 90017 (213)443-3000

EXHIBIT 1
PAGE 51

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | | PLACE | |
|---|---|---|---|---|

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a

EXHIBIT    1

PAGE    52

## ATTACHMENT A

### Documents To Be Produced

1.  **DEFINITIONS.**

  i. "YOU" or "YOUR" means Union Bank of California, and all of YOUR parents, subsidiaries, affiliates or affiliated entities, past or present employees, agents, representatives, consultants, independent contractors, any predecessors or successors in interest, and any other PERSON acting on YOUR behalf, pursuant to YOUR authority or subject to YOUR control.

  ii. "MARIA VERONICA MARLOW" means the individual named Maria Veronica Marlow, Maria Marlow and/or Veronica Marlow, Social Security No. 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, date of birth 03/02/1966, the entities named Veronica Marlow, Inc., Marlow Techno-Logic, Inc., and Doll Bag, Inc., and any of MARIA VERONICA MARLOW's current or former agents or representatives, including any trustees acting for her benefit, and any other PERSON acting on her behalf, pursuant to her authority or subject to her control.

  iii. "ACCOUNT" or "ACCOUNTS" means any account of any type, including but not limited to any checking account, savings account, deposit account, credit card account, line of credit account, charge account, and any other account of any other type.

  iv. "PERSON" or "PERSONS" means all natural persons, partnerships, corporations, joint ventures and any kind of business, legal or public entity or organization, as well as its, his or her agents, representatives, employees, officers and directors and anyone else acting on its, his or her behalf, pursuant to its, his or her authority or subject to its, his or her control.

  v. "DOCUMENT" means any "writing" or "recording" as defined in Federal Rule of Civil Procedure 34 and/or Federal Rule of Evidence 1001 and includes any tangible thing upon which any expression, communication or representation has been recorded, including but not limited to correspondence, e-mails, preliminary, intermediate or final drafts, memoranda, notes, reports of telephone or other oral conversations, audio or videotape recordings, computer tape, computer disk or storage media, computer printout, CD-ROM disk, optical storage disk, other electronic medium, and all other writings and recordings of any kind.

EXHIBIT   **l**

PAGE   **53**

vi.     "COMMUNICATION" or "COMMUNICATIONS" means and includes any disclosure, transfer or exchange of information between two or more PERSONS, whether orally or in writing, including, without limitation, any conversation or discussion by means of meeting, letter, telephone, note, memorandum, telegraph, telex, telecopier, electronic mail, or any other electronic or other medium, including without limitation in written, audio or video form.

vii.    "REFERRING OR RELATING TO" means reflecting, identifying, describing, summarizing, evidencing, referencing, concerning, discussing or indicating in any way.

viii.   Wherever used herein, the singular shall include the plural and the plural shall include the singular.

2.    INSTRUCTIONS.

a.      YOU are to produce all DOCUMENTS requested hereby that are in YOUR possession, custody and control.

b.      If YOU contend that YOU are not required to produce certain DOCUMENTS called for by these requests on the grounds of a privilege or protection that YOU are not prepared to waive, in lieu of producing such DOCUMENTS identify each DOCUMENT and provide the following information:

(1)     The privilege or protection that you claim precludes disclosure;

(2)     The subject matter of the DOCUMENT (without revealing the content as to which the privilege or protection is claimed);

(3)     The date, author(s), addressee(s); and

(4)     Any additional facts on which YOU would base YOUR claim of privilege or protection.

c.      YOU are required to identify any and all DOCUMENTS sought by this document request that have been destroyed.

EXHIBIT ____ 1
PAGE ____ 54

   d.  YOU are required to identify the source of all DOCUMENTS produced, and the person for whom, or department, division or office for which, such DOCUMENTS are maintained.

   e.  Each DOCUMENT shall be produced in its original file folder, or in lieu thereof, any writing on the file folder from which each such DOCUMENT is taken shall be copied and appended to such DOCUMENT.

3.  <u>DOCUMENTS TO BE PRODUCED.</u>

  (1)  All DOCUMENTS REFERRING OR RELATING TO MARIA VERONICA MARLOW from January 1, 1999 to the present, inclusive.

  (2)  All DOCUMENTS REFERRING OR RELATING TO the ACCOUNT maintained by YOU numbered 6091006210, including but not limited to statements, monthly statements, annual statements, daily transaction history reports, monthly transaction history reports, deposit reports, deposit slips, canceled checks, signature cards, and COMMUNICATIONS REFERRING OR RELATING TO such ACCOUNT, created between January 1, 1999 and the present, inclusive.

  (3)  All DOCUMENTS REFERRING OR RELATING TO any other ACCOUNT maintained by YOU that is in the name of, for the benefit of or concerns MARIA VERONICA MARLOW, including but not limited to statements, monthly statements, annual statements, daily transaction history reports, monthly transaction history reports, deposit reports, deposit slips, canceled checks, signature cards, and COMMUNICATIONS REFERRING OR RELATING TO such ACCOUNTS, created between January 1, 1999 and the present, inclusive.

  (4)  DOCUMENTS sufficient to show the account number of all ACCOUNTS maintained by YOU in the name of, for the benefit of or concerning MARIA VERONICA MARLOW between January 1, 1999 and the present, inclusive.

  (5)  All DOCUMENTS showing or relating to any account(s) held by MARIA VERONICA MARLOW or any account(s) on which MARIA VERONICA MARLOW has signatory authority at any other financial institution.

EXHIBIT   1

PAGE   55

AO88 (Rev. 12/06) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

CENTRAL____ DISTRICT OF CALIFORNIA

CARTER BRYANT, an Individual

### SUBPOENA IN A CIVIL CASE

V.

MATTEL, INC., a Delaware Corporation

Case Number:[1] CV 04-9049 SGL (RNBx)
Consolidated with cases CV 04-9059 and CV 05-2727

TO:  Jay Lee, Custodian of Records
     Mattel Federal Credit Union
     333 Continental Boulevard, El Segundo, CA  90245

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| Keats McFarland & Wilson LLP | January 25, 2008 |
| 9720 Wilshire Boulevard, Penthouse Suite | 9:30 a.m. |
| Beverly Hills, California 90212    (310)248-3830 | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Mattel, Inc. | January 11, 2008 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
B. Dylan Proctor, Esq., Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 S. Figueroa St., 10th Fl., Los Angeles, CA 90017 (213)443-3000

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)
[1] If action is pending in district other than district of issuance, state district under case number.

EXHIBIT ____1

PAGE ____56

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|
|      |       |

**SERVED**

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate c when a subpoena purports to require a nonparty t not within the limits provided by clause (ii) of subpar.

EXHIBIT _____

PAGE _____ 57

## ATTACHMENT A

### Documents To Be Produced

1. **DEFINITIONS.**

      i.    "YOU" or "YOUR" means Mattel Federal Credit Union and all of YOUR parents, subsidiaries, affiliates or affiliated entities, any of your past or present employees, agents, representatives, consultants, independent contractors, predecessors-in-interest or successors-in-interest, and any other PERSON acting on YOUR behalf, pursuant to YOUR authority or subject to YOUR control.

      ii.    "MARIA VERONICA MARLOW" means the individual named Maria Veronica Marlow, Maria Marlow and/or Veronica Marlow, Social Security No. 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, date of birth 03/02/1966, the entities named Veronica Marlow, Inc., Marlow Techno-Logic, Inc., and Doll Bag, Inc., and any of MARIA VERONICA MARLOW's current or former agents or representatives, including any trustees acting for her benefit or on her behalf, and any other PERSON acting on her behalf, pursuant to her authority or subject to her control.

      iii.    "ACCOUNT" or "ACCOUNTS" means any account of any type, including but not limited to any checking account, savings account, deposit account, credit card account, line of credit account, charge account, and any other account of any other type.

      iv.    "PERSON" or "PERSONS" means all natural persons, partnerships, corporations, joint ventures and any kind of business, legal or public entity or organization, as well as its, his or her agents, representatives, employees, officers and directors and anyone else acting on its, his or her behalf, pursuant to its, his or her authority or subject to its, his or her control.

      v.    "DOCUMENT" means any "writing" or "recording" as defined in Federal Rule of Civil Procedure 34 and/or Federal Rule of Evidence 1001 and includes any tangible thing upon which any expression, communication or representation has been recorded, including but not limited to correspondence, e-mails, preliminary, intermediate or final drafts, memoranda, notes, reports of telephone or other oral conversations, audio or videotape recordings, computer tape, computer disk or storage media, computer printout, CD-ROM disk, optical storage disk, other electronic medium, and all other writings and recordings of any kind.

EXHIBIT ___1___

PAGE ___58___

vi.    "COMMUNICATION" or "COMMUNICATIONS" means and includes any disclosure, transfer or exchange of information between two or more PERSONS, whether orally or in writing, including, without limitation, any conversation or discussion by means of meeting, letter, telephone, note, memorandum, telegraph, telex, telecopier, electronic mail, or any other electronic or other medium, including without limitation in written, audio or video form.

vii.    "REFERRING OR RELATING TO" means reflecting, identifying, describing, summarizing, evidencing, referencing, concerning, discussing or indicating in any way.

viii.    Wherever used herein, the singular shall include the plural and the plural shall include the singular.

2.    INSTRUCTIONS.

a.    YOU are to produce all DOCUMENTS requested hereby that are in YOUR possession, custody and control.

b.    If YOU contend that YOU are not required to produce certain DOCUMENTS called for by these requests on the grounds of a privilege or protection that YOU are not prepared to waive, in lieu of producing such DOCUMENTS identify each DOCUMENT and provide the following information:

(1)    The privilege or protection that you claim precludes disclosure;

(2)    The subject matter of the DOCUMENT (without revealing the content as to which the privilege or protection is claimed);

(3)    The date, author(s), addressee(s); and

(4)    Any additional facts on which YOU would base YOUR claim of privilege or protection.

c.    YOU are required to identify any and all DOCUMENTS sought by this document request that have been destroyed.

EXHIBIT ___|___

PAGE ___59___

       d.     YOU are required to identify the source of all DOCUMENTS produced, and the person for whom, or department, division or office for which, such DOCUMENTS are maintained.

       e.     Each DOCUMENT shall be produced in its original file folder, or in lieu thereof, any writing on the file folder from which each such DOCUMENT is taken shall be copied and appended to such DOCUMENT.

## 3.    DOCUMENTS TO BE PRODUCED.

    (1)   All DOCUMENTS REFERRING OR RELATING TO MARIA VERONICA MARLOW from January 1, 1999 to the present, inclusive.

    (2)   All DOCUMENTS REFERRING OR RELATING TO the ACCOUNT maintained by YOU numbered 0000101873, including but not limited to statements, monthly statements, annual statements, daily transaction history reports, monthly transaction history reports, deposit reports, deposit slips, canceled checks, signature cards, and COMMUNICATIONS REFERRING OR RELATING TO such ACCOUNT, created between January 1, 1999 and the present, inclusive.

    (3)   All DOCUMENTS REFERRING OR RELATING TO any other ACCOUNT maintained by YOU that is in the name of, for the benefit of or concerns MARIA VERONICA MARLOW, including but not limited to statements, monthly statements, annual statements, daily transaction history reports, monthly transaction history reports, deposit reports, deposit slips, canceled checks, signature cards, and COMMUNICATIONS REFERRING OR RELATING TO such ACCOUNTS, created between January 1, 1999 and the present, inclusive.

    (4)   DOCUMENTS sufficient to show the account number of all ACCOUNTS maintained by YOU in the name of, for the benefit of or concerning MARIA VERONICA MARLOW between January 1, 1999 and the present, inclusive.

    (5)   All DOCUMENTS showing or relating to any account(s) held by MARIA VERONICA MARLOW or any account(s) for which MARIA VERONICA MARLOW has signatory authority at any other financial institution.

EXHIBIT    1

PAGE    60

*AO88 (Rev. 12/06) Subpoena in a Civil Case*

**Issued by the**

# UNITED STATES DISTRICT COURT

_____CENTRAL_____ DISTRICT OF _CALIFORNIA_

CARTER BRYANT, an Individual

**SUBPOENA IN A CIVIL CASE**

V.

MATTEL, INC., a Delaware Corporation

Case Number:[1] CV 04-9049 SGL (RNBx)
Consolidated with cases CV 04-9059 and
CV 05-2727

TO:  International Rectifier Federal Credit Union
     1661B Franklin St.
     El Segundo, CA 90245

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below **to** testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| Keats McFarland & Wilson LLP | January 28, 2008 |
| 9720 Wilshire Boulevard, Penthouse Suite | 9:30 a.m. |
| Beverly Hills, California 90212    (310)248-3830 |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Mattel, Inc. | January 14, 2008 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
B. Dylan Proctor, Esq., Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 S. Figueroa St., 10th Fl., Los Angeles, CA 90017 (213)443-3000

**EXHIBIT** 1

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

**PAGE** 61

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may, nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

EXHIBIT 1
PAGE 62

## ATTACHMENT A

### Documents To Be Produced

1.   <u>DEFINITIONS.</u>

      i.     "YOU" or "YOUR" means International Rectifier Federal Credit Union, and all of YOUR parents, subsidiaries, affiliates or affiliated entities, past or present employees, agents, representatives, consultants, independent contractors, any predecessors or successors in interest, and any other PERSON acting on YOUR behalf, pursuant to YOUR authority or subject to YOUR control.

      ii.     "MARIA VERONICA MARLOW" means the individual named Maria Veronica Marlow, Maria Marlow and/or Veronica Marlow, Social Security No. 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, date of birth 03/02/1966, the entities named Veronica Marlow, Inc., Marlow Techno-Logic, Inc., and Doll Bag, Inc., and any of MARIA VERONICA MARLOW's current or former agents or representatives, including any trustees acting for her benefit, and any other PERSON acting on her behalf, pursuant to her authority or subject to her control.

      iii.     "ACCOUNT" or "ACCOUNTS" means any account of any type, including but not limited to any checking account, savings account, deposit account, credit card account, line of credit account, charge account, and any other account of any other type.

      iv.     "PERSON" or "PERSONS" means all natural persons, partnerships, corporations, joint ventures and any kind of business, legal or public entity or organization, as well as its, his or her agents, representatives, employees, officers and directors and anyone else acting on its, his or her behalf, pursuant to its, his or her authority or subject to its, his or her control.

      v.     "DOCUMENT" means any "writing" or "recording" as defined in <u>Federal Rule of Civil Procedure</u> 34 and/or <u>Federal Rule of Evidence</u> 1001 and includes any tangible thing upon which any expression, communication or representation has been recorded, including but not limited to correspondence, e-mails, preliminary, intermediate or final drafts, memoranda, notes, reports of telephone or other oral conversations, audio or videotape recordings, computer tape, computer disk or storage media, computer printout, CD-ROM disk, optical storage disk, other electronic medium, and all other writings and recordings of any kind.

EXHIBIT ___1___

PAGE ___63___

vi.     "COMMUNICATION" or "COMMUNICATIONS" means and includes any disclosure, transfer or exchange of information between two or more PERSONS, whether orally or in writing, including, without limitation, any conversation or discussion by means of meeting, letter, telephone, note, memorandum, telegraph, telex, telecopier, electronic mail, or any other electronic or other medium, including without limitation in written, audio or video form.

vii.    "REFERRING OR RELATING TO" means reflecting, identifying, describing, summarizing, evidencing, referencing, concerning, discussing or indicating in any way.

viii.   Wherever used herein, the singular shall include the plural and the plural shall include the singular.

2.      INSTRUCTIONS.

a.      YOU are to produce all DOCUMENTS requested hereby that are in YOUR possession, custody and control.

b.      If YOU contend that YOU are not required to produce certain DOCUMENTS called for by these requests on the grounds of a privilege or protection that YOU are not prepared to waive, in lieu of producing such DOCUMENTS identify each DOCUMENT and provide the following information:

(1)     The privilege or protection that you claim precludes disclosure;

(2)     The subject matter of the DOCUMENT (without revealing the content as to which the privilege or protection is claimed);

(3)     The date, author(s), addressee(s); and

(4)     Any additional facts on which YOU would base YOUR claim of privilege or protection.

c.      YOU are required to identify any and all DOCUMENTS sought by this document request that have been destroyed.

EXHIBIT _____ 1
PAGE _____ 64

d.     YOU are required to identify the source of all DOCUMENTS produced, and the person for whom, or department, division or office for which, such DOCUMENTS are maintained.

e.     Each DOCUMENT shall be produced in its original file folder, or in lieu thereof, any writing on the file folder from which each such DOCUMENT is taken shall be copied and appended to such DOCUMENT.

3.     <u>DOCUMENTS TO BE PRODUCED.</u>

(1)     All DOCUMENTS REFERRING OR RELATING TO MARIA VERONICA MARLOW from January 1, 1999 to the present, inclusive.

(2)     All DOCUMENTS REFERRING OR RELATING TO the ACCOUNT maintained by YOU numbered 0000030033, including but not limited to statements, monthly statements, annual statements, daily transaction history reports, monthly transaction history reports, deposit reports, deposit slips, canceled checks, signature cards, and COMMUNICATIONS REFERRING OR RELATING TO such ACCOUNT, created between January 1, 1999 and the present, inclusive.

(3)     All DOCUMENTS REFERRING OR RELATING TO any other ACCOUNT maintained by YOU that is in the name of, for the benefit of or concerns MARIA VERONICA MARLOW, including but not limited to statements, monthly statements, annual statements, daily transaction history reports, monthly transaction history reports, deposit reports, deposit slips, canceled checks, signature cards, and COMMUNICATIONS REFERRING OR RELATING TO such ACCOUNTS, created between January 1, 1999 and the present, inclusive.

(4)     DOCUMENTS sufficient to show the account number of all ACCOUNTS maintained by YOU in the name of, for the benefit of or concerning MARIA VERONICA MARLOW between January 1, 1999 and the present, inclusive.

(5)     All DOCUMENTS showing or relating to any account(s) held by MARIA VERONICA MARLOW or any account(s) on which MARIA VERONICA MARLOW has signatory authority at any other financial institution.

EXHIBIT ___1___

PAGE ___65___

AO88 (Rev. 12/06) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

_____CENTRAL_____   DISTRICT OF _CALIFORNIA_____

CARTER BRYANT, an Individual

V.

MATTEL, INC., a Delaware Corporation

## SUBPOENA IN A CIVIL CASE

Case Number:[1] CV 04-9049 SGL (RNBx)
Consolidated with cases CV 04-9059 and
CV 05-2727

TO:   ING Direct
      11175 Santa Monica Boulevard
      Los Angeles, CA 90025

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to
   testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in
   the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
   place, date, and time specified below (list documents or objects):
See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| Keats McFarland & Wilson LLP | January 28, 2008 |
| 9720 Wilshire Boulevard, Penthouse Suite | 9:30 a.m. |
| Beverly Hills, California 90212   (310)248-3830 | |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

   Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated,
the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Mattel, Inc. | January 14, 2008 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
B. Dylan Proctor, Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 S. Figueroa St., 10th Fl., Los Angeles, CA 90017 (213)443-300

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)
[1] If action is pending in district other than district of issuance, state district under case number.

EXHIBIT   1

PAGE   66

| PROOF OF SERVICE | |
|---|---|
| DATE | PLACE |

**SERVED**

SERVED ON (PRINT NAME) | MANNER OF SERVICE

SERVED BY (PRINT NAME) | TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may, nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

EXHIBIT _____

PAGE ___67___

## ATTACHMENT A

### Documents To Be Produced

1.    **DEFINITIONS.**

      i.    "YOU" or "YOUR" means ING DIRECT, and all of YOUR parents, subsidiaries, affiliates or affiliated entities, past or present employees, agents, representatives, consultants, independent contractors, any predecessors or successors in interest, and any other PERSON acting on YOUR behalf, pursuant to YOUR authority or subject to YOUR control.

      ii.    "MARIA VERONICA MARLOW" means the individual named Maria Veronica Marlow, Maria Marlow and/or Veronica Marlow, Social Security No. 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, date of birth 03/02/1966, the entities named Veronica Marlow, Inc., Marlow Techno-Logic, Inc., and Doll Bag, Inc., and any of MARIA VERONICA MARLOW's current or former agents or representatives, including any trustees acting for her benefit, and any other PERSON acting on her behalf, pursuant to her authority or subject to her control.

      iii.    "ACCOUNT" or "ACCOUNTS" means any account of any type, including but not limited to any checking account, savings account, deposit account, credit card account, line of credit account, charge account, and any other account of any other type.

      iv.    "PERSON" or "PERSONS" means all natural persons, partnerships, corporations, joint ventures and any kind of business, legal or public entity or organization, as well as its, his or her agents, representatives, employees, officers and directors and anyone else acting on its, his or her behalf, pursuant to its, his or her authority or subject to its, his or her control.

      v.    "DOCUMENT" means any "writing" or "recording" as defined in Federal Rule of Civil Procedure 34 and/or Federal Rule of Evidence 1001 and includes any tangible thing upon which any expression, communication or representation has been recorded, including but not limited to correspondence, e-mails, preliminary, intermediate or final drafts, memoranda, notes, reports of telephone or other oral conversations, audio or videotape recordings, computer tape, computer disk or storage media, computer printout, CD-ROM disk, optical storage disk, other electronic medium, and all other writings and recordings of any kind.

EXHIBIT ___1___

PAGE ___68___

vi.    "COMMUNICATION" or "COMMUNICATIONS" means and includes any disclosure, transfer or exchange of information between two or more PERSONS, whether orally or in writing, including, without limitation, any conversation or discussion by means of meeting, letter, telephone, note, memorandum, telegraph, telex, telecopier, electronic mail, or any other electronic or other medium, including without limitation in written, audio or video form.

vii.    "REFERRING OR RELATING TO" means reflecting, identifying, describing, summarizing, evidencing, referencing, concerning, discussing or indicating in any way.

viii.    Wherever used herein, the singular shall include the plural and the plural shall include the singular.

2.    INSTRUCTIONS.

a.    YOU are to produce all DOCUMENTS requested hereby that are in YOUR possession, custody and control.

b.    If YOU contend that YOU are not required to produce certain DOCUMENTS called for by these requests on the grounds of a privilege or protection that YOU are not prepared to waive, in lieu of producing such DOCUMENTS identify each DOCUMENT and provide the following information:

(1)    The privilege or protection that you claim precludes disclosure;

(2)    The subject matter of the DOCUMENT (without revealing the content as to which the privilege or protection is claimed);

(3)    The date, author(s), addressee(s); and

(4)    Any additional facts on which YOU would base YOUR claim of privilege or protection.

c.    YOU are required to identify any and all DOCUMENTS sought by this document request that have been destroyed.

EXHIBIT ___1___

PAGE ___69___

       d.     YOU are required to identify the source of all DOCUMENTS produced, and the person for whom, or department, division or office for which, such DOCUMENTS are maintained.

       e.     Each DOCUMENT shall be produced in its original file folder, or in lieu thereof, any writing on the file folder from which each such DOCUMENT is taken shall be copied and appended to such DOCUMENT.

3.    <u>DOCUMENTS TO BE PRODUCED.</u>

    (1)    All DOCUMENTS REFERRING OR RELATING TO MARIA VERONICA MARLOW from January 1, 1999 to the present, inclusive.

    (2)    All DOCUMENTS REFERRING OR RELATING TO the ACCOUNT maintained by YOU numbered 44646587, including but not limited to statements, monthly statements, annual statements, daily transaction history reports, monthly transaction history reports, deposit reports, deposit slips, canceled checks, signature cards, and COMMUNICATIONS REFERRING OR RELATING TO such ACCOUNT, created between January 1, 1999 and the present, inclusive.

    (3)    All DOCUMENTS REFERRING OR RELATING TO any other ACCOUNT maintained by YOU that is in the name of, for the benefit of or concerns MARIA VERONICA MARLOW, including but not limited to statements, monthly statements, annual statements, daily transaction history reports, monthly transaction history reports, deposit reports, deposit slips, canceled checks, signature cards, and COMMUNICATIONS REFERRING OR RELATING TO such ACCOUNTS, created between January 1, 1999 and the present, inclusive.

    (4)    DOCUMENTS sufficient to show the account number of all ACCOUNTS maintained by YOU in the name of, for the benefit of or concerning MARIA VERONICA MARLOW between January 1, 1999 and the present, inclusive.

    (5)    All DOCUMENTS showing or relating to any account(s) held by MARIA VERONICA MARLOW or any account(s) on which MARIA VERONICA MARLOW has signatory authority at any other financial institution.

EXHIBIT __1__

PAGE __70__

AO88 (Rev. 12/06) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

CENTRAL   DISTRICT OF CALIFORNIA

CARTER BRYANT, an Individual

**SUBPOENA IN A CIVIL CASE**

V.

MATTEL, INC., a Corporation

Case Number:[1]  CV 04-9049 SGL (RNBx)
Consolidated with cases CV 04-9059 and
CV 05-2727

TO:  Charles Schwab & Company, Inc.
355 South Grand Avenue, Suite 110
Los Angeles, CA 90017

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| Keats McFarland & Wilson LLP | January 25, 2008 |
| 9720 Wilshire Boulevard, Penthouse Suite | 9:30 a.m. |
| Beverly Hills, California 90212   (310) 248-3830 |  |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Mattel, Inc. | January 25, 2008 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
B. Dylan Proctor, Esq., Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 S. Figueroa St., 10th Fl., Los Angeles, CA 90017 (213) 443-3000

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

EXHIBIT _____

PAGE ___71___

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | | PLACE | |
|---|---|---|---|---|
| SERVED | | | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may, nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

EXHIBIT _____

PAGE ___72___

## ATTACHMENT A

### Documents To Be Produced

1.   **DEFINITIONS.**

        i.       "YOU" or "YOUR" means Charles Schwab & Company and/or
SchwabOne and all of YOUR parents, subsidiaries, affiliates or affiliated entities,
any of your past or present employees, agents, representatives, consultants,
independent contractors, predecessors-in-interest or successors-in-interest, and any
other PERSON acting on YOUR behalf, pursuant to YOUR authority or subject to
YOUR control.

        ii.      "MARIA VERONICA MARLOW" means the individual
named Maria Veronica Marlow, Maria Marlow and/or Veronica Marlow, Social
Security No. 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, date of birth 03/02/1966, the entities named Veronica
Marlow, Inc., Marlow Techno-Logic, Inc., and Doll Bag, Inc., and any of MARIA
VERONICA MARLOW's current or former agents or representatives, including
any trustees acting for her benefit or on her behalf, and any other PERSON acting
on her behalf, pursuant to her authority or subject to her control.

        iii.     "ACCOUNT" or "ACCOUNTS" means any account of any
type, including but not limited to any checking account, savings account, deposit
account, credit card account, line of credit account, charge account, and any other
account of any other type.

        iv.      "PERSON" or "PERSONS" means all natural persons,
partnerships, corporations, joint ventures and any kind of business, legal or public
entity or organization, as well as its, his or her agents, representatives, employees,
officers and directors and anyone else acting on its, his or her behalf, pursuant to
its, his or her authority or subject to its, his or her control.

        v.       "DOCUMENT" means any "writing" or "recording" as defined
in Federal Rule of Civil Procedure 34 and/or Federal Rule of Evidence 1001 and
includes any tangible thing upon which any expression, communication or
representation has been recorded, including but not limited to correspondence, e-
mails, preliminary, intermediate or final drafts, memoranda, notes, reports of
telephone or other oral conversations, audio or videotape recordings, computer
tape, computer disk or storage media, computer printout, CD-ROM disk, optical
storage disk, other electronic medium, and all other writings and recordings of any

07209/2293424.1

EXHIBIT
PAGE 73

kind.

vi.    "COMMUNICATION" or "COMMUNICATIONS" means and includes any disclosure, transfer or exchange of information between two or more PERSONS, whether orally or in writing, including, without limitation, any conversation or discussion by means of meeting, letter, telephone, note, memorandum, telegraph, telex, telecopier, electronic mail, or any other electronic or other medium, including without limitation in written, audio or video form.

vii.    "REFERRING OR RELATING TO" means reflecting, identifying, describing, summarizing, evidencing, referencing, concerning, discussing or indicating in any way.

viii.    Wherever used herein, the singular shall include the plural and the plural shall include the singular.


2.    INSTRUCTIONS.

a.    YOU are to produce all DOCUMENTS requested hereby that are in YOUR possession, custody and control.

b.    If YOU contend that YOU are not required to produce certain DOCUMENTS called for by these requests on the grounds of a privilege or protection that YOU are not prepared to waive, in lieu of producing such DOCUMENTS identify each DOCUMENT and provide the following information:

(1)    The privilege or protection that you claim precludes disclosure;

(2)    The subject matter of the DOCUMENT (without revealing the content as to which the privilege or protection is claimed);

(3)    The date, author(s), addressee(s); and

(4)    Any additional facts on which YOU would base YOUR claim of privilege or protection.

c.    YOU are required to identify any and all DOCUMENTS sought by this document request that have been destroyed.

EXHIBIT ___1___
PAGE ___74___

d.     YOU are required to identify the source of all DOCUMENTS produced, and the person for whom, or department, division or office for which, such DOCUMENTS are maintained.

e.     Each DOCUMENT shall be produced in its original file folder, or in lieu thereof, any writing on the file folder from which each such DOCUMENT is taken shall be copied and appended to such DOCUMENT.

3.     DOCUMENTS TO BE PRODUCED.

(1)    All DOCUMENTS REFERRING OR RELATING TO MARIA VERONICA MARLOW from January 1, 1999 to the present, inclusive.

(2)    All DOCUMENTS REFERRING OR RELATING TO the ACCOUNT maintained by YOU numbered 7024625553, including but not limited to statements, monthly statements, annual statements, daily transaction history reports, monthly transaction history reports, deposit reports, deposit slips, canceled checks, signature cards, and COMMUNICATIONS REFERRING OR RELATING TO such ACCOUNT, created between January 1, 1999 and the present, inclusive.

(3)    All DOCUMENTS REFERRING OR RELATING TO any other ACCOUNT maintained by YOU that is in the name of, for the benefit of or concerns MARIA VERONICA MARLOW, including but not limited to statements, monthly statements, annual statements, daily transaction history reports, monthly transaction history reports, deposit reports, deposit slips, canceled checks, signature cards, and COMMUNICATIONS REFERRING OR RELATING TO such ACCOUNTS, created between January 1, 1999 and the present, inclusive.

(4)    DOCUMENTS sufficient to show the account number of all ACCOUNTS maintained by YOU in the name of, for the benefit of or concerning MARIA VERONICA MARLOW between January 1, 1999 and the present, inclusive.

(5)    All DOCUMENTS showing or relating to any account(s) held by MARIA VERONICA MARLOW or any account(s) for which MARIA VERONICA MARLOW has signatory authority at any other financial institution.

EXHIBIT____1____
PAGE ____75____

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

_____ CENTRAL ___ DISTRICT OF CALIFORNIA _____

CARTER BRYANT, an individual,

V.

MATTEL, INC., a Delaware corporation,

### SUBPOENA IN A CIVIL CASE

Case Number: [1] CV 04-9049 SGL (RNBx)

Consolidated with cases CV 49-9059 and CV50-2727

TO:  Capital Bank & Trust c/o American Funds ATTN: BIRG
     135 S. State College Blvd
     Brea, CA 92821-5823

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A

| PLACE | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart Oliver & Hedges, LLP<br>865 S. Figueroa Street, 10th Floor<br>Los Angeles, CA 90017 | January 28, 2008<br>9:00 a.m. |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Mattel, Inc. | January 15, 2008 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Melissa Grant, Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 S. Figueroa Street, 10th Floor, Los Angeles, CA 90017-2543 (213) 443-3000

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

EXHIBIT ____

PAGE ___ 76

AO88 (Rev. 12/06) Subpoena in a Civil Case

| PROOF OF SERVICE | | |
|---|---|---|
| | DATE | PLACE |
| **SERVED** | 1/17/2008 | 135 South State College Boulevard Brea, CA 92821 |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| JAMIE KIM, Custodian of Records, Capital Bank & Trust | | Personal – Witness Fee Paid $40.00 (Served 1-17-08 at 4:20 p.m.) |
| SERVED BY (PRINT NAME) | | TITLE |
| Arturo Chayra | | Process Server |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on     1/18/2008
           DATE

SIGNATURE OF SERVER

1301 West 2nd Street, Suite 206, Los Angeles, CA

ADDRESS OF SERVER

90026, (213) 482-1567, Reg. L.A County #3587

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a company to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).


EXHIBIT _____

PAGE _____

## ATTACHMENT A

### Documents To Be Produced

1.   <u>DEFINITIONS.</u>

     i.    "YOU" or "YOUR" means Capital Bank and Trust (CB&T), and all of YOUR parents, subsidiaries, divisions, affiliates or affiliated entities, past or present employees, agents, representatives, consultants, independent contractors, any predecessors-in-interest or successors-in-interest, and any other PERSON acting on YOUR behalf, pursuant to YOUR authority or subject to YOUR control.

     ii.    "MARIA VERONICA MARLOW" means the individual named Maria Veronica Marlow, Maria Marlow and/or Veronica Marlow, Social Security No. 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, date of birth 03/02/1966, the entities named Veronica Marlow, Inc., Marlow Techno-Logic, Inc., and Doll Bag, Inc., and any of MARIA VERONICA MARLOW's current or former agents or representatives, including her husband PETER A. MARLOW, any trustees acting for her benefit or on her behalf, and any other PERSON acting on her behalf, pursuant to her authority or subject to her control. Without limiting the foregoing, "MARIA VERONICA MARLOW" shall include any partnerships, corporations, joint ventures, and any kind of business, legal, or public entity or organization owned or operated by or otherwise affiliated with Maria Veronica Marlow, Maria Marlow and/or Veronica Marlow, or Peter Marlow, as well as their agents, representatives, employees, officers and directors and any one else acting on their behalf, pursuant to their authority, or subject to their control.

     iii.    "ACCOUNT" or "ACCOUNTS" means any account of any type, including but not limited to any checking account, savings account, deposit account, credit card account, line of credit account, charge account, and any other account of any other type.

     iv.    "PERSON" or "PERSONS" means all natural persons, partnerships, corporations, joint ventures and any kind of business, legal or public entity or organization, as well as its, his or her agents, representatives, employees, officers and directors and anyone else acting on its, his or her behalf, pursuant to its, his or her authority or subject to its, his or her control.

EXHIBIT _____ I

PAGE _____ 78

v.    "DOCUMENT" means any "writing" or "recording" as defined in <u>Federal Rule of Civil Procedure</u> 34 and/or <u>Federal Rule of Evidence</u> 1001 and includes any tangible thing upon which any expression, communication or representation has been recorded, including but not limited to correspondence, e-mails, preliminary, intermediate or final drafts, memoranda, notes, reports of telephone or other oral conversations, audio or videotape recordings, computer tape, computer disk or storage media, computer printout, CD-ROM disk, optical storage disk, other electronic medium, and all other writings and recordings of any kind.

vi.    "COMMUNICATION" or "COMMUNICATIONS" means and includes any disclosure, transfer or exchange of information between two or more PERSONS, whether orally or in writing, including, without limitation, any conversation or discussion by means of meeting, letter, telephone, note, memorandum, telegraph, telex, telecopier, electronic mail, or any other electronic or other medium, including without limitation in written, audio or video form.

vii.    "REFERRING OR RELATING TO" means reflecting, identifying, describing, summarizing, evidencing, referencing, concerning, discussing or indicating in any way.

viii.    Wherever used herein, the singular shall include the plural and the plural shall include the singular.


2.    <u>INSTRUCTIONS.</u>

a.    YOU are to produce all DOCUMENTS requested hereby that are in YOUR possession, custody and control.

b.    If YOU contend that YOU are not required to produce certain DOCUMENTS called for by these requests on the grounds of a privilege or protection that YOU are not prepared to waive, in lieu of producing such DOCUMENTS identify each DOCUMENT and provide the following information:

(1)    The privilege or protection that you claim precludes disclosure;

(2)    The subject matter of the DOCUMENT (without revealing the content as to which the privilege or protection is claimed);

EXHIBIT ___1___

PAGE ___79___

(3)    The date, author(s), addressee(s); and

(4)    Any additional facts on which YOU would base YOUR claim of privilege or protection.

c.    YOU are required to identify any and all DOCUMENTS sought by this document request that have been destroyed.

d.    YOU are required to identify the source of all DOCUMENTS produced, and the person for whom, or department, division or office for which, such DOCUMENTS are maintained.

e.    Each DOCUMENT shall be produced in its original file folder, or in lieu thereof, any writing on the file folder from which each such DOCUMENT is taken shall be copied and appended to such DOCUMENT.

3.    <u>DOCUMENTS TO BE PRODUCED.</u>

(1)    All DOCUMENTS REFERRING OR RELATING TO MARIA VERONICA MARLOW from January 1, 1999 to the present, inclusive.

(2)    All DOCUMENTS REFERRING OR RELATING TO any ACCOUNTS maintained by YOU that are in the name of, for the benefit of or concerns MARIA VERONICA MARLOW, including but not limited to statements, monthly statements, annual statements, daily transaction history reports, monthly transaction history reports, deposit reports, deposit slips, canceled checks, signature cards, and COMMUNICATIONS REFERRING OR RELATING TO such ACCOUNTS, created between January 1, 1999 and the present, inclusive.

(3)    DOCUMENTS sufficient to show the account number of all ACCOUNTS maintained by YOU in the name of, for the benefit of, or concerning MARIA VERONICA MARLOW between January 1, 1999 and the present, inclusive.

(4)    All DOCUMENTS showing or relating to any account(s) held by MARIA VERONICA MARLOW or any account(s) on which MARIA VERONICA MARLOW has signatory authority at any other financial institution.

EXHIBIT ___I___
PAGE ___80___

AO88 (Rev. 12/06) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

CENTRAL  DISTRICT OF CALIFORNIA

CARTER BRYANT, an Individual

## SUBPOENA IN A CIVIL CASE

V.

MATTEL, INC., a Delaware Corporation

Case Number:[1] CV 04-9049 SGL (RNBx)
Consolidated with cases CV 04-9059 and
CV 05-2727

TO:  Bank of America
     16944 San Fernando Mission Blvd.
     Granada Hills, CA 91344

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| Keats McFarland & Wilson LLP | January 25, 2008 |
| 9720 Wilshire Boulevard, Penthouse Suite | 9:30 a.m. |
| Beverly Hills, California 90212    (310) 248-3830 | |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Mattel, Inc. | January 11, 2008 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
B. Dylan Proctor, Esq., Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 S. Figueroa St., 10th Fl., Los Angeles, CA 90017 (213)443-3000

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

EXHIBIT ___1___

PAGE ___81___

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | | PLACE | |
|---|---|---|---|---|
| SERVED | | | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

EXHIBIT _____

PAGE _____

## ATTACHMENT A

### Documents To Be Produced

1.   DEFINITIONS.

      i.    "YOU" or "YOUR" means Bank of America, and all of YOUR parents, subsidiaries, affiliates or affiliated entities, past or present employees, agents, representatives, consultants, independent contractors, any predecessors or successors in interest, and any other PERSON acting on YOUR behalf, pursuant to YOUR authority or subject to YOUR control.

      ii.    "MARIA VERONICA MARLOW" means the individual named Maria Veronica Marlow, Maria Marlow and/or Veronica Marlow, Social Security No. 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, date of birth 03/02/1966, the entities named Veronica Marlow, Inc., Marlow Techno-Logic, Inc., and Doll Bag, Inc., and any of MARIA VERONICA MARLOW's current or former agents or representatives, including any trustees acting for her benefit, and any other PERSON acting on her behalf, pursuant to her authority or subject to her control.

      iii.    "ACCOUNT" or "ACCOUNTS" means any account of any type, including but not limited to any checking account, savings account, deposit account, credit card account, line of credit account, charge account, and any other account of any other type.

      iv.    "PERSON" or "PERSONS" means all natural persons, partnerships, corporations, joint ventures and any kind of business, legal or public entity or organization, as well as its, his or her agents, representatives, employees, officers and directors and anyone else acting on its, his or her behalf, pursuant to its, his or her authority or subject to its, his or her control.

      v.    "DOCUMENT" means any "writing" or "recording" as defined in Federal Rule of Civil Procedure 34 and/or Federal Rule of Evidence 1001 and includes any tangible thing upon which any expression, communication or representation has been recorded, including but not limited to correspondence, e-mails, preliminary, intermediate or final drafts, memoranda, notes, reports of telephone or other oral conversations, audio or videotape recordings, computer tape, computer disk or storage media, computer printout, CD-ROM disk, optical storage disk, other electronic medium, and all other writings and recordings of any kind.

EXHIBIT     1

PAGE     83

vi.     "COMMUNICATION" or "COMMUNICATIONS" means and includes any disclosure, transfer or exchange of information between two or more PERSONS, whether orally or in writing, including, without limitation, any conversation or discussion by means of meeting, letter, telephone, note, memorandum, telegraph, telex, telecopier, electronic mail, or any other electronic or other medium, including without limitation in written, audio or video form.

vii.    "REFERRING OR RELATING TO" means reflecting, identifying, describing, summarizing, evidencing, referencing, concerning, discussing or indicating in any way.

viii.   Wherever used herein, the singular shall include the plural and the plural shall include the singular.

2.      <u>INSTRUCTIONS.</u>

a.      YOU are to produce all DOCUMENTS requested hereby that are in YOUR possession, custody and control.

b.      If YOU contend that YOU are not required to produce certain DOCUMENTS called for by these requests on the grounds of a privilege or protection that YOU are not prepared to waive, in lieu of producing such DOCUMENTS identify each DOCUMENT and provide the following information:

(1)     The privilege or protection that you claim precludes disclosure;

(2)     The subject matter of the DOCUMENT (without revealing the content as to which the privilege or protection is claimed);

(3)     The date, author(s), addressee(s); and

(4)     Any additional facts on which YOU would base YOUR claim of privilege or protection.

c.      YOU are required to identify any and all DOCUMENTS sought by this document request that have been destroyed.

EXHIBIT _____1_____
PAGE _____84_____

    d.    YOU are required to identify the source of all DOCUMENTS produced, and the person for whom, or department, division or office for which, such DOCUMENTS are maintained.

    e.    Each DOCUMENT shall be produced in its original file folder, or in lieu thereof, any writing on the file folder from which each such DOCUMENT is taken shall be copied and appended to such DOCUMENT.

## 3.    DOCUMENTS TO BE PRODUCED.

    (1)    All DOCUMENTS REFERRING OR RELATING TO MARIA VERONICA MARLOW from January 1, 1999 to the present, inclusive.

    (2)    All DOCUMENTS REFERRING OR RELATING TO the ACCOUNT maintained by YOU numbered 0390741637, including but not limited to statements, monthly statements, annual statements, daily transaction history reports, monthly transaction history reports, deposit reports, deposit slips, canceled checks, signature cards, and COMMUNICATIONS REFERRING OR RELATING TO such ACCOUNT, created between January 1, 1999 and the present, inclusive.

    (3)    All DOCUMENTS REFERRING OR RELATING TO any other ACCOUNT maintained by YOU that is in the name of, for the benefit of or concerns MARIA VERONICA MARLOW, including but not limited to statements, monthly statements, annual statements, daily transaction history reports, monthly transaction history reports, deposit reports, deposit slips, canceled checks, signature cards, and COMMUNICATIONS REFERRING OR RELATING TO such ACCOUNTS, created between January 1, 1999 and the present, inclusive.

    (4)    DOCUMENTS sufficient to show the account number of all ACCOUNTS maintained by YOU in the name of, for the benefit of or concerning MARIA VERONICA MARLOW between January 1, 1999 and the present, inclusive.

    (5)    All DOCUMENTS showing or relating to any account(s) held by MARIA VERONICA MARLOW or any account(s) on which MARIA VERONICA MARLOW has signatory authority at any other financial institution.

EXHIBIT _____1_____

PAGE _____85_____

03-26-2008  18:55   From-QUINN EMANUEL                    2134433100           T-771   P.065/110   F-315

AO88 (Rev. 12/06) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

SOUTHERN   DISTRICT OF CALIFORNIA

CARTER BRYANT, an individual,

V.

MATTEL, INC., a Delaware corporation,

## SUBPOENA IN A CIVIL CASE

Case Number:[1]  Cal. C.D. 04-9049 SGL (RNBx)
Consolidated with cases CV 49-9059 and CV50-2727

TO:   Kenneth R. Baily, CPA
      2214 Faraday Avenue, Suite 116
      Carlsbad, CA 92008

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart Oliver & Hedges, LLP 865 S. Figueroa Street, 10th Floor Los Angeles, CA 90017 | January 28, 2008 9:00 am |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Mattel, Inc. | January 15, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND TELEPHONE NUMBER
Melissa Grant, Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 S. Figueroa Street, 10th Floor, Los Angeles, CA  90017-2543 (213) 463-3000

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)
[1] If action is pending in district other than district of issuance, state district under case number.

EXHIBIT ___1___

MAR 26 2008 18:04                                21      PAGE ___86___

03-26-2008   18:55   From-QUINN EMANUEL                    2134433100              T-771   P.066/110   F-915

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

SERVED ON (PRINT NAME) | MANNER OF SERVICE

SERVED BY (PRINT NAME) | TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

MAR 26 2008 18:04                                                     213

EXHIBIT _____ 1
PAGE _____ 87

## ATTACHMENT A

### Documents To Be Produced

1. DEFINITIONS.

      i.    "YOU" or "YOUR" means Kenneth R. Baily, CPA or Baily Management Services, Inc. and current or former employees, attorneys, including partners, associates and shareholders, agents, representatives, accountants, vendors, consultants, independent contractors, predecessors-in-interest and successors-in-interest, and any other PERSON acting on YOUR behalf, pursuant to YOUR authority or subject to YOUR control.

      ii.    "MARIA VERONICA MARLOW" means the individual named Maria Veronica Marlow, Maria Marlow and/or Veronica Marlow, Social Security No. 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, date of birth 03/02/1966, the entities named Veronica Marlow, Inc., Marlow Techno-Logic, Inc., and Doll Bag, Inc., and any of MARIA VERONICA MARLOW's current or former agents or representatives, including her husband PETER A. MARLOW, any trustees acting for her benefit or on her behalf, and any other PERSON acting on her behalf, pursuant to her authority or subject to her control. Without limiting the foregoing, "MARIA VERONICA MARLOW" shall include any partnerships, corporations, joint ventures, and any kind of business, legal, or public entity or organization owned or operated by or otherwise affiliated with Maria Veronica Marlow, Maria Marlow and/or Veronica Marlow, as well as their agents, representatives, employees, officers and directors and any one else acting on their behalf, pursuant to their authority, or subject to their control.

      iii.    "MATTEL ACTION" means this action now consolidated under Case No. 04-9049 before the Hon. Stephen Larson and formerly Mattel, Inc. v. Bryant, first filed in Los Angeles County Superior Court; Bryant v. Mattel, Inc.; and MGA Entertainment, Inc. v. Mattel, Inc.; and all counterclaims, cross-claims and defenses therein.

      iv.    "MATTEL" means Mattel, Inc., any of its current or former employees, officers, directors, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

07209/2352503.2

EXHIBIT _____ 1

PAGE _____ 88

v.    "MATTEL EMPLOYEE" means any PERSON whom MATTEL currently or formerly employed and whom MARIA VERONICA MARLOW currently or formerly employed, or who otherwise performed any service for the benefit of MGA or MARIA VERONICA MARLOW during or after his or her employment at Mattel, including without limitation as an independent contractor, including but not limited to Maria Elena Salazar, Ana Isabel Cabrera, and Beatrice Morales.

vi.   "BRATZ" means any project, product, doll or DESIGN ever known by that name (whether in whole or in part and regardless of what such project, product or doll is or has been also, previously or subsequently called) and any product, doll or DESIGN or any portion thereof that is now or has ever been known as, or sold or marketed under, the name or term "Bratz" (whether in whole or in part and regardless of what such product, doll or DESIGN or portion thereof is or has been also, previously or subsequently called) or that is now or has ever been sold or marketed as part of the "Bratz" line, and each version or iteration of such product, doll or DESIGN or any portion thereof. Without limiting the generality of the foregoing, the term "BRATZ" does not and shall not require that there be a doll existing at the time of the event, incident or occurrence that is the subject of, or otherwise relevant or responsive to, the Requests herein.

vii.  "DESIGN" or "DESIGNS" means any and all representations, whether two-dimensional or three-dimensional, and whether in tangible, digital, electronic or other form, including but not limited to all works, designs, artwork, sketches, drawings, illustrations, representations, depictions, blueprints, schematics, diagrams, images, sculptures, prototypes, models, samples, rotocasts, reductions to practice, developments, concepts, ideas, inventions and/or improvements, as well as all other items, things and DOCUMENTS in which any of the foregoing are or have been expressed, embodied, contained, fixed or reflected in any manner, whether in whole or in part. The phrase "product, doll or DESIGN or any portion thereof" also includes without limitation any names, fashions, accessories, artwork, packaging or any other works, materials, matters or items included or associated therewith.

viii. "BRYANT" means Carter Bryant, and all of his current or former employees, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, predecessors-in-interest and successors-in-interest, relatives (whether by blood or marriage), and any other PERSON acting on his behalf, pursuant to his authority or subject to his control. Without any limitation, "BRYANT" shall include Carter Bryant Enterprises and any partnerships, corporations, joint ventures, and any kind of business, legal, or public entity or organization owned or operated by or otherwise affiliated with Carter Bryant, as well as their agents, representatives,

07209/2352563.2

EXHIBIT ___1___

PAGE ___89___

employees, officers and directors and any one else acting on their behalf, pursuant to their authority, or subject to their control.

       ix.    "ISAAC LARIAN" means Isaac Larian, and all of his current or former employees, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, predecessors-in-interest and successors-in-interest, and any other PERSON acting on his behalf, pursuant to his authority, or subject to his control, including without limitation the Isaac Larian Annuity Trust and the Isaac and Angela Larian Trust. Without limiting the foregoing, "ISAAC LARIAN" shall include any partnerships, corporations, joint ventures, and any kind of business, legal, or public entity or organization owned or operated by or otherwise affiliated with Isaac Larian, as well as their agents, representatives, employees, officers and directors and any one else acting on their behalf, pursuant to their authority, or subject to their control.

       x.    "MGA" means MGA Entertainment Inc., any of its current or former employees, officers, directors, agents, representatives, shareholders, attorneys, accountants, vendors, consultants, independent contractors, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control. Without any limitation on the foregoing, "MGA" includes "ABC International Traders, Inc.," as MGA was formerly known, and ISAAC LARIAN.

       xi.    "PERSON" or "PERSONS" means all natural persons, partnerships, corporations, joint ventures and any kind of business, legal or public entity or organization, as well as its, his or her agents, representatives, employees, officers and directors and anyone else acting on its, his or her behalf, pursuant to its, his or her authority or subject to its, his or her control.

       xii.    "DOCUMENT" means any "writing" or "recording" as defined in Federal Rule of Civil Procedure 34 and/or Federal Rule of Evidence 1001 and includes any tangible thing upon which any expression, communication or representation has been recorded, including but not limited to correspondence, e-mails, preliminary, intermediate or final drafts, memoranda, notes, reports of telephone or other oral conversations, audio or videotape recordings, computer tape, computer disk or storage media, computer printout, CD-ROM disk, optical storage disk, other electronic medium, and all other writings and recordings of any kind. Without any limitation on the foregoing, the term "DOCUMENT" shall include all copies that differ in any respect from the original or other versions of

EXHIBIT 69
PAGE 90

the DOCUMENT, including without limitation all drafts and all copies of such drafts or originals containing initials, comments, notations, insertions, corrections, marginal notes, amendments or any other variation of any kind

xiii.   "COMMUNICATION" or "COMMUNICATIONS" means and includes any disclosure, transfer or exchange of information between two or more PERSONS, whether orally or in writing, including, without limitation, any conversation or discussion by means of meeting, letter, telephone, note, memorandum, telegraph, telex, telecopier, electronic mail, or any other electronic or other medium, including without limitation in written, audio or video form.

xiv.   "REFERRING OR RELATING TO" means reflecting, identifying, describing, summarizing, evidencing, referencing, concerning, discussing or indicating in any way.

xv.   Wherever used herein, the singular shall include the plural and the plural shall include the singular.

2.   INSTRUCTIONS.

a.   YOU are to produce all DOCUMENTS requested hereby that are in YOUR possession, custody and control.

b.   If YOU contend that YOU are not required to produce certain DOCUMENTS called for by these requests on the grounds of a privilege or protection that YOU are not prepared to waive, in lieu of producing such DOCUMENTS identify each DOCUMENT and provide the following information:

(1)   The privilege or protection that you claim precludes disclosure;

(2)   The subject matter of the DOCUMENT (without revealing the content as to which the privilege or protection is claimed);

(3)   · The date, author(s), addressee(s); and

(4)   Any additional facts on which YOU would base YOUR claim of privilege or protection.

EXHIBIT _____

PAGE ___9___

      c.     YOU are required to identify any and all DOCUMENTS sought by this document request that have been destroyed.

      d.     YOU are required to identify the source of all DOCUMENTS produced, and the person for whom, or department, division or office for which, such DOCUMENTS are maintained.

      e.     Each DOCUMENT shall be produced in its original file folder, or in lieu thereof, any writing on the file folder from which each such DOCUMENT is taken shall be copied and appended to such DOCUMENT.

## 3.    DOCUMENTS TO BE PRODUCED.

    (1)    All DOCUMENTS RELATING TO MARIA VERONICA MARLOW, including without limitation accounting records, tax returns and schedules (including without limitation Form 1040, Form 1099, Form 1120, Schedule E or Schedule K-1) and drafts thereof, work papers, worksheets, payroll records, financial statements (audited and unaudited), pro formas and budgets from the period beginning January 1, 1999 to the present.

    (2)    To the extent not included in your production responsive to Request No. 1, all DOCUMENTS indicating MARIA VERONICA MARLOW's net worth.

    (3)    All DOCUMENTS showing or relating to any account(s) held by MARIA VERONICA MARLOW or any account(s) for which MARIA VERONICA MARLOW has signatory authority at any financial institution.

    (4)    All DOCUMENTS RELATING TO BRATZ that YOU obtained from MARIA VERONICA MARLOW or otherwise since January 1, 1999.

    (5)    All DOCUMENTS RELATING to the MATTEL ACTION.

    (6)    All DOCUMENTS RELATING TO payments to or transfers of value from MGA to MARIA VERONICA MARLOW.

    (7)    All DOCUMENTS RELATING to payments or transfers of value from BRYANT TO MARIA VERONICA MARLOW.

07209/2353563.2

EXHIBIT _____

PAGE \_\_\_92\_\_\_\_\_

(8)   All DOCUMENTS RELATING to payments or transfers of value from MARIA VERONICA MARLOW TO BRYANT.

(9)   All DOCUMENTS RELATING TO payments to or transfers of value from MARIA VERONICA MARLOW TO any MATTEL EMPLOYEE.

(10)  All DOCUMENTS RELATING to any business expenses incurred by VERONICA MARLOW RELATED TO MGA, BRYANT, BRATZ, or MATTEL since January 1, 1999, including without limitation receipts, invoices, correspondence, e-mails, credit card statements, cancelled checks, and wire transfers.

(11)  All DOCUMENTS RELATING TO any business expenses incurred by YOU between January 1, 1999 and December 31, 2001 RELATED TO MGA or BRYANT RELATED TO any project, product, doll or DESIGN other than BRATZ, including without limitation receipts, invoices, correspondence, e-mails, credit card statements, cancelled checks, and wire transfers.

07209/2352563.2

EXHIBIT ___1___
PAGE ___93___

☙ AO88 (Rev. 12/06) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

CENTRAL_____ DISTRICT OF CALIFORNIA_____

CARTER BRYANT, an individual,

**SUBPOENA IN A CIVIL CASE**

V.

MATTEL, INC., a Delaware corporation,

Case Number: [1] CV 04-9049 SGL (RNBx)

Consolidated with cases CV 49-9059 and CV50-2727

TO: A. Mitch Bhatia, CPA
   11239 Tampa Ave., Suite 205
   Northridge, CA 91326

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | **DATE AND TIME** |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart Oliver & Hedges, LLP | January 28, 2008 |
| 865 S. Figueroa Street, 10th Floor | 9:00 am |
| Los Angeles, CA 90017 | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Mattel, Inc. | January 15, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND TELEPHONE NUMBER
Melissa Grant, Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 S. Figueroa Street, 10th Floor, Los Angeles, CA 90017-2543 (213) 443-3000

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

EXHIBIT ___1___
PAGE ___94___

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 1/17/2008 | 11239 Tampa Avenue, #205<br>Northridge, CA 91326 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| A. MITCH BHATIA, CPA<br>(Witness Fee Paid $40.00) | Personal<br>(Served 1-17-08 at 10:55 a.m.) |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Rudy Flores | Process Server |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on     1/18/2008
                  DATE

/S GNATURE OF SERVER

1301 West 2nd Street, Suite 206, Los Angeles, CA
ADDRESS OF SERVER

(213) 482-1567, Reg. Los Angeles Cty. #5492

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may be ordered to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2)(A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).



EXHIBIT ___I___

PAGE ___95___

ATTACHMENT A

Documents To Be Produced

1.    DEFINITIONS.

        i.    "YOU" or "YOUR" means A. Mitch Bhatia, CPA and current or
former employees, attorneys, including partners, associates and shareholders, agents,
representatives, accountants, vendors, consultants, independent contractors,
predecessors-in-interest and successors-in-interest, and any other PERSON acting on
YOUR behalf, pursuant to YOUR authority or subject to YOUR control.

        ii.    "MARIA VERONICA MARLOW" means the individual
named Maria Veronica Marlow, Maria Marlow and/or Veronica Marlow, Social
Security No. 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, date of birth 03/02/1966, the entities named Veronica
Marlow, Inc., Marlow Techno-Logic, Inc., and Doll Bag, Inc., and any of MARIA
VERONICA MARLOW's current or former agents or representatives, including
her husband PETER A. MARLOW, any trustees acting for her benefit or on her
behalf, and any other PERSON acting on her behalf, pursuant to her authority or
subject to her control.  Without limiting the foregoing, "MARIA VERONICA
MARLOW" shall include any partnerships, corporations, joint ventures, and any
kind of business, legal, or public entity or organization owned or operated by or
otherwise affiliated with Maria Veronica Marlow, Maria Marlow and/or Veronica
Marlow, as well as their agents, representatives, employees, officers and directors
and any one else acting on their behalf, pursuant to their authority, or subject to
their control.

        iii.    "MATTEL ACTION" means this action now consolidated under
Case No. 04-9049 before the Hon. Stephen Larson and formerly Mattel, Inc. v.
Bryant, first filed in Los Angeles County Superior Court; Bryant v. Mattel, Inc.; and
MGA Entertainment, Inc. v. Mattel, Inc.; and all counterclaims, cross-claims and
defenses therein.

        iv.    "MATTEL" means Mattel, Inc., any of its current or former
employees, officers, directors, agents, representatives, attorneys, accountants, vendors,
consultants, independent contractors, parents, subsidiaries, divisions, affiliates,
predecessors-in-interest and successors-in-interest, and any other PERSON acting on
its behalf, pursuant to its authority or subject to its control.

        v.    "MATTEL EMPLOYEE" means any PERSON whom MATTEL

07209/2352431.2

EXHIBIT ___|___
PAGE ___96___

currently or formerly employed and whom MARIA VERONICA MARLOW currently or formerly employed, or who otherwise performed any service for the benefit of MGA or MARIA VERONICA MARLOW during or after his or her employment at Mattel, including without limitation as an independent contractor, including but not limited to Maria Elena Salazar, Ana Isabel Cabrera, and Beatrice Morales.

vi.    "BRATZ" means any project, product, doll or DESIGN ever known by that name (whether in whole or in part and regardless of what such project, product or doll is or has been also, previously or subsequently called) and any product, doll or DESIGN or any portion thereof that is now or has ever been known as, or sold or marketed under, the name or term "Bratz" (whether in whole or in part and regardless of what such product, doll or DESIGN or portion thereof is or has been also, previously or subsequently called) or that is now or has ever been sold or marketed as part of the "Bratz" line, and each version or iteration of such product, doll or DESIGN or any portion thereof. Without limiting the generality of the foregoing, the term "BRATZ" does not and shall not require that there be a doll existing at the time of the event, incident or occurrence that is the subject of, or otherwise relevant or responsive to, the Requests herein.

vii.    "DESIGN" or "DESIGNS" means any and all representations, whether two-dimensional or three-dimensional, and whether in tangible, digital, electronic or other form, including but not limited to all works, designs, artwork, sketches, drawings, illustrations, representations, depictions, blueprints, schematics, diagrams, images, sculptures, prototypes, models, samples, rotocasts, reductions to practice, developments, concepts, ideas, inventions and/or improvements, as well as all other items, things and DOCUMENTS in which any of the foregoing are or have been expressed, embodied, contained, fixed or reflected in any manner, whether in whole or in part. the phrase "product, doll or DESIGN or any portion thereof" also includes without limitation any names, fashions, accessories, artwork, packaging or any other works, materials, matters or items included or associated therewith.

viii.    "BRYANT" means Carter Bryant, and all of his current or former employees, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, predecessors-in-interest and successors-in-interest, relatives (whether by blood or marriage), and any other PERSON acting on his behalf, pursuant to his authority or subject to his control.  Without limitation, "BRYANT" shall include Carter Bryant Enterprises and any partnerships, corporations, joint ventures, and any kind of business, legal, or public entity or organization owned or operated by or otherwise affiliated with Carter Bryant, as well as their agents, representatives, employees, officers and directors and any one else acting on their behalf, pursuant to

EXHIBIT____|____

PAGE____97____

their authority, or subject to their control.

ix.   "ISAAC LARIAN" means Isaac Larian, and all of his current or former employees, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, predecessors-in-interest and successors-in-interest, and any other PERSON acting on his behalf, pursuant to his authority, or subject to his control, including without limitation the Isaac Larian Annuity Trust and the Isaac and Angela Larian Trust.  Without limiting the foregoing, "ISAAC LARIAN" shall include any partnerships, corporations, joint ventures, and any kind of business, legal, or public entity or organization owned or operated by or otherwise affiliated with Isaac Larian, as well as their agents, representatives, employees, officers and directors and any one else acting on their behalf, pursuant to their authority, or subject to their control.

x.   "MGA" means MGA Entertainment Inc., any of its current or former employees, officers, directors, agents, representatives, shareholders, attorneys, accountants, vendors, consultants, independent contractors, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.  Without any limitation on the foregoing, "MGA" includes "ABC International Traders, Inc.," as MGA was formerly known, and ISAAC LARIAN.

xi.   "PERSON" or "PERSONS" means all natural persons, partnerships, corporations, joint ventures and any kind of business, legal or public entity or organization, as well as its, his or her agents, representatives, employees, officers and directors and anyone else acting on its, his or her behalf, pursuant to its, his or her authority or subject to its, his or her control.

xii.   "DOCUMENT" means any "writing" or "recording" as defined in Federal Rule of Civil Procedure 34 and/or Federal Rule of Evidence 1001 and includes any tangible thing upon which any expression, communication or representation has been recorded, including but not limited to correspondence, e-mails, preliminary, intermediate or final drafts, memoranda, notes, reports of telephone or other oral conversations, audio or videotape recordings, computer tape, computer disk or storage media, computer printout, CD-ROM disk, optical storage disk, other electronic medium, and all other writings and recordings of any kind.  Without any limitation on the foregoing, the term "DOCUMENT" shall include all copies that differ in any respect from the original or other versions of the DOCUMENT, including without limitation all drafts and all copies of such

07209/2352431.2

EXHIBIT ___I___

PAGE ___98___

drafts or originals containing initials, comments, notations, insertions, corrections, marginal notes, amendments or any other variation of any kind

    xiii.   "COMMUNICATION" or "COMMUNICATIONS" means and includes any disclosure, transfer or exchange of information between two or more PERSONS, whether orally or in writing, including, without limitation, any conversation or discussion by means of meeting, letter, telephone, note, memorandum, telegraph, telex, telecopier, electronic mail, or any other electronic or other medium, including without limitation in written, audio or video form.

    xiv.   "REFERRING OR RELATING TO" means reflecting, identifying, describing, summarizing, evidencing, referencing, concerning, discussing or indicating in any way.

    xv.   Wherever used herein, the singular shall include the plural and the plural shall include the singular.


2.   INSTRUCTIONS.

    a.   YOU are to produce all DOCUMENTS requested hereby that are in YOUR possession, custody and control.

    b.   If YOU contend that YOU are not required to produce certain DOCUMENTS called for by these requests on the grounds of a privilege or protection that YOU are not prepared to waive, in lieu of producing such DOCUMENTS identify each DOCUMENT and provide the following information:

        (1)   The privilege or protection that you claim precludes disclosure;

        (2)   The subject matter of the DOCUMENT (without revealing the content as to which the privilege or protection is claimed);

        (3)   The date, author(s), addressee(s); and

        (4)   Any additional facts on which YOU would base YOUR claim of privilege or protection.

    c.   YOU are required to identify any and all DOCUMENTS sought

07209/2352431.2

EXHIBIT ___|___

PAGE ___32___

by this document request that have been destroyed.

        d.     YOU are required to identify the source of all DOCUMENTS produced, and the person for whom, or department, division or office for which, such DOCUMENTS are maintained.

        e.     Each DOCUMENT shall be produced in its original file folder, or in lieu thereof, any writing on the file folder from which each such DOCUMENT is taken shall be copied and appended to such DOCUMENT.

3.     <u>DOCUMENTS TO BE PRODUCED.</u>

    (1)    All DOCUMENTS RELATING TO MARIA VERONICA MARLOW, including without limitation accounting records, tax returns and schedules (including without limitation Form 1040, Form 1099, Form 1120, Schedule E or Schedule K-1) and drafts thereof, work papers, worksheets, payroll records, financial statements (audited and unaudited), pro formas and budgets from the period beginning January 1, 1999 to the present.

    (2)    To the extent not included in your production responsive to Request No. 1, all DOCUMENTS indicating MARIA VERONICA MARLOW's net worth.

    (3)    All DOCUMENTS showing or relating to any account(s) held by MARIA VERONICA MARLOW or any account(s) for which MARIA VERONICA MARLOW has signatory authority at any financial institution.

    (4)    All DOCUMENTS RELATING TO BRATZ that YOU obtained from MARIA VERONICA MARLOW or otherwise since January 1, 1999.

    (5)    All DOCUMENTS RELATING to the MATTEL ACTION.

    (6)    All DOCUMENTS RELATING TO payments to or transfers of value from MGA to MARIA VERONICA MARLOW.

    (7)    All DOCUMENTS RELATING to payments or transfers of value from BRYANT TO MARIA VERONICA MARLOW.

    (8)    All DOCUMENTS RELATING to payments or transfers of value from MARIA VERONICA MARLOW TO BRYANT.

EXHIBIT    1

PAGE    99

(9)    All DOCUMENTS RELATING TO payments to or transfers of value
from MARIA VERONICA MARLOW TO any MATTEL EMPLOYEE.

(10)   All DOCUMENTS RELATING to any business expenses incurred by
VERONICA MARLOW RELATED TO MGA, BRYANT, BRATZ, or MATTEL
since January 1, 1999, including without limitation receipts, invoices, correspondence,
e-mails, credit card statements, cancelled checks, and wire transfers.

(11)   All DOCUMENTS RELATING TO any business expenses incurred by
YOU between January 1, 1999 and December 31, 2001 RELATED TO MGA or
BRYANT RELATED TO any project, product, doll or DESIGN other than BRATZ,
including without limitation receipts, invoices, correspondence, e-mails, credit card
statements, cancelled checks, and wire transfers.

EXHIBIT         1

PAGE         101