THOMAS J. NOLAN (Bar No. 66992)
(tnolan@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue
Los Angeles, CA 90071-3144
Tel.: (213) 687-5000 / Fax: (213) 687-5600

RAOUL D. KENNEDY (Bar No. 40892)
(rkennedy@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
4 Embarcadero Center, 38th Floor
San Francisco, CA 94111-5974
Tel.: (415) 984-6400 / Fax: (415) 984-2698

Attorneys for MGA Entertainment, Inc., MGA Entertainment (HK) Limited, MGAE de Mexico, S.R.L. de C.V., and Isaac Larian

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case No. 04-9059 and Case No. 05-2727<br><br>**DISCOVERY MATTER**<br><br>MGA'S RESPONSE TO SECOND SUPPLEMENTAL DECLARATION OF DIANE C. HUTNYAN IN SUPPORT OF MATTEL, INC.'S REPLY RE *EX PARTE* APPLICATION FOR ACCESS TO CERTAIN BRYANT ORIGINALS FOR NON-DESTRUCTIVE EXPERT EXAMINATION AND IMAGING<br><br>Date: TBD<br>Time: TBD<br>Place: TBD<br><br>**Phase 1:**<br>Discovery Cut-off: January 28, 2008<br>Expert Disc. Cut-off: March 31, 2008<br>Pre-trial Conference: May 5, 2008<br>Trial Date: May 27, 2008 |

MGA's and Carter Bryant's Opposition To Huntyan Second Supp. Declaration re Mattel, Inc.'s *Ex Parte* Application to Compel Access to Certain Bryant Originals for Non-Destructive Expert Examination and Testing
Case No. CV 04-9049 SGL (RNBx)

# MEMORANDUM OF POINTS AND AUTHORITIES

In its effort to obtain a "re-do" of its experts' examinations of certain Bryant originals only weeks—and now only days—before the trial is supposed to commence, and months after its experts purportedly completed their examinations, Mattel has made one last ditch effort to cloud the issues involved by submitting its "Second Supplemental Declaration of Diane C. Hutnyan." The Declaration is littered with irrelevant and erroneous allegations, clearly lodged with the hope that MGA would not have time to correct them for the Court before it rules on Mattel's *ex parte* application. The Declaration provides no support for Mattel's *ex parte* application, however, and Mattel's application should be denied.

Contrary to Ms. Hutnyan's allegation (Second Supp. Decl. ¶¶ 1-2), Dr. Lyter has **not** conducted new examinations of the Bryant documents. The digital infrared images and enhanced color scans that were produced to Mattel were taken for the sole purpose of preparing demonstrative exhibits so that Dr. Lyter could display to the jury what he found *in his initial examination as set forth in his Rule 26 report and deposition testimony.* Thus, the exhibits produced to Mattel are **not** products of a new examination as erroneously asserted by Ms. Hutnyan.

Further contrary to Ms. Hutnyan's Declaration, Dr. Lyter does not and will not "rely" on these produced exhibits. Rather, as Mattel well knows, since it took his deposition, Dr. Lyter's opinions are based on his microscopic and infrared examination of the documents back in March 2008, not on these new color scans and digital infrared images. These new documents are merely demonstrative – i.e., they were created so that Dr. Lyter can "demonstrate" to the jury what he found during his examination.

By contrast, Mattel's *ex parte* application seeks the opportunity to *re-examine* the documents so that its experts can issue sur-rebuttal or "supplemental" expert reports containing new opinions. Dr. Lyter's preparation of demonstrative exhibits

---
MGA's and Carter Bryant's Opposition to Huntyan Second Supp. Declaration re Mattel, Inc.'s *Ex Parte* Application to Compel Access to Certain Bryant Originals for Non-Destructive Expert Examination and Testing
Case No. CV 04-9049 SGL (RNBx)
-1-

1  based on his prior examinations has no relation whatsoever to Mattel's effort to seek
2  a "re-do" of its prior examinations. Conflating these issues in a last-minute
3  declaration signed by counsel is a misplaced and inappropriate effort to cloud the
4  issue before the Court—namely, the fact that Mattel is not entitled to a "re-do" of its
5  expert examinations.
6       The fact that Bryant has provided access *to MGA* to prepare demonstrative
7  exhibits is irrelevant to whether *Mattel* is entitled to take control of Bryant's valuable
8  documents days before trial so that it's experts can "re-do" their earlier examinations.
9  As set forth in MGA's and Bryant's Joint Opposition papers, in August 2007, this
10 Court granted Mattel's experts 35 days to examine the Bryant original documents,
11 and Mattel never sought leave to extend that period despite the Court's express
12 invitation to do so upon a showing of "good cause." Mattel waived its right to seek
13 additional time to examine these documents when it failed to seek such leave last fall,
14 and it has presented no "good cause" for relief here, especially where it seeks a total
15 of 21 days to examine the documents and submit new reports even though we are
16 now only 18 days from the start of the trial. Mattel's tardy request does not even
17 account for the additional time it will take for MGA to complete a second round of
18 expert depositions, which MGA would be entitled to take if Mattel's experts issue
19 new sur-rebuttal reports. In fact, if the Court granted Mattel's requested relief, there
20 is a strong possibility that Mattel might not even produce its new expert reports until
21 after the trial has commenced. Such twelfth hour attempts to move the goalposts and
22 change Mattel's trial evidence cannot be allowed.

For these reasons, and the reasons set forth in MGA's opposition, Mattel's *ex parte* application must be denied in its entirety.

DATED: May 9, 2008

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

By: /s/ Thomas J. Nolan (by AM)
Thomas J. Nolan
Attorneys for MGA Entertainment, Inc., MGA Entertainment (HK) Ltd., MGAE de Mexico, S.R.L. de C.V., and Isaac Larian