Hon. Edward A. Infante (Ret.)
JAMS
Two Embarcadero Center
Suite 1500
San Francisco, California 94111
Telephone: (415) 774-2611
Facsimile: (415) 982-5287

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, <br><br> Plaintiff, <br><br> v. <br><br> MATTEL, INC., a Delaware corporation, <br><br> Defendant. <br><br> CONSOLIDATED WITH <br> MATTEL, INC. v. BRYANT and <br> MGA ENTERTAINMENT, INC. v. MATTEL, INC. | CASE NO. CV 04-09049 SGL (RNBx) <br> JAMS Reference No. 1100049530 <br><br> Consolidated with <br> Case No. CV 04-09059 <br> Case No. CV 05-2727 <br><br> **ORDER DENYING MATTEL'S MOTION FOR RECONSIDERATION OF FEBRUARY 26, 2008 ORDER DENYING MOTION TO COMPEL DEPOSITION OF CHRISTOPHER PALMERI** |

On April 21, 2008, Mattel, Inc. ("Mattel") submitted a "Motion for Reconsideration of February 26, 2008 Order Denying Motion to Compel Deposition of Christopher Palmeri." Mattel's motion for reconsideration is predicated upon new evidence. Mattel cites to the recent

deposition testimony of Isaac Larian ("Larian") and MGA's spokesman, David Malacrida, to show that it has now exhausted all possible alternative sources for the information it seeks from journalist Christopher Palmeri ("Palmeri"). On April 28, 2008, journalist Christopher Palmeri ("Palmeri") submitted an opposition, and on May 5, 2008, Mattel submitted a reply. The Court finds it appropriate to take the motion under submission for decision without oral argument.

Rooted in the First Amendment, the journalist's privilege protects non-party reporters against being compelled to disclose information that they acquire in the course of their newsgathering. Shoen v. Shoen, 48 F.3d 412 (9th Cir. 1995). To overcome the journalist's privilege, a litigant must demonstrate that the requested evidence is: "(1) unavailable despite the exhaustion of all reasonable alternative sources; (2) non-cumulative; and (3) clearly relevant to an important issue in the case." Shoen v. Shoen, 48 F.3d at 416. This test is intended to "ensure that compelled disclosure is the exception, not the rule." Id.

Notwithstanding Mattel's new evidence, Mattel cannot satisfy the exhaustion requirement. According to Mattel, "Larian's testimony confirmed that no source other than Mr. Palmeri is available to establish that Larian asserted to Mr. Palmeri and the readers of Business Week . . . that Larian 'got the idea for Bratz after seeing his own kids run around in navel-baring tops and hip-huggers.'" Mattel's Motion at p.2. A review of the deposition transcript, however, shows that Larian confirmed the thrust of the statement at issue. Larian acknowledged that he spoke with a Business Week reporter in connection with the news article at issue. Mattel then asked Larian whether he communicated to the reporter that he conceived of the Bratz dolls after seeing his children "running around in navel-bearing tops and hip huggers." Palmeri's Opposition, Ex. A. Larian replied: "It's possible I did. I don't recall . . . I might have said it." Id. Mattel asked, "[y]ou're not denying [making the statement]?" Id. Larian responded, "[n]o." Id. Next, Mattel asked him whether the statement was true. Id. Larian responded that the statement was "partially" true because "that's what [his] kids were wearing at that time. They were young and

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

2

1  they were wearing clothes like that, and the Bratz concept that we saw, that's what we had in
2  mind." Id.
3      Even if Larian had not testified about the statement in the Business Week article, there are
4  other reasonable alternative sources for information regarding Larian's public statements about
5  the origin of Bratz. It does not matter, as Mattel contends, that only Palmeri and Larian were
6  witnesses to what Larian told Palmeri during his interview. The issue is whether the information
7  Mattel seeks from Palmeri is cumulative of other evidence of Larian's allegedly inconsistent
8  public statements about the origins of Bratz, not whether other witnesses can testify specifically
9  about the substance of the communications between Palmeri and Larian. There may be other
10 witnesses with whom Larian may have discussed the origins of Bratz, such as co-workers,
11 publicists, industry analysts, investors and bankers. Mattel does not claim to have questioned or
12 deposed other potential witnesses who may have information that is not shielded by the
13 journalist's privilege.
14     Furthermore, as set forth in the February 26, 2008 Order Denying Motion to Compel
15 Deposition of Christopher Palmeri, Mattel cannot satisfy the remaining elements of the Shoen
16 test. Despite the new evidence and arguments raised in Mattel's motion for reconsideration,
17 Mattel cannot show that the information it seeks from Palmeri is clearly relevant to an important
18 issue and non-cumulative.
19     Therefore, Mattel's motion for reconsideration is denied. Pursuant to Paragraph 6 of the
20 Stipulation and Order for Appointment of a Discovery Master, Mattel shall file this Order with
21 the Clerk of Court forthwith.

23 Dated: May 8, 2008                                      /S/
                                                 _____
24                                               HON. EDWARD A. INFANTE (Ret.)
                                                 Discovery Master

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

3

## PROOF OF SERVICE BY E-MAIL

I, Anthony Sales, not a party to the within action, hereby declare that on May 8, 2008, I served the attached: ORDER DENYING MATTEL'S MOTION FOR RECONSIDERATION OF FEBRUARY 26, 2008 ORDER DENYING MOTION TO COMPEL DEPOSITION OF CHRISTOPHER PALMERI in the within action by email addressed as follows:

| Name | Firm | Email |
|---|---|---|
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| Matthew M. Werdegar, Esq. | Keker & Van Nest | mwerdegar@kvn.com |
| John E. Trinidad, Esq. | Keker & Van Nest | jtrinidad@kvn.com |
| Audrey Walton-Hadlock, Esq. | Keker & Van Nest | awalton-hadlock@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johnquinn@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| John Gordon, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johngordon@quinnemanuel.com |
| Diane Hutnyan, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dianehutnyan@quinnemanuel.com |
| Thomas J. Nolan, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tnolan@skadden.com |
| Raoul D. Kennedy, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | rkennedy@skadden.com |
| Amy S. Park, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | apark@skadden.com |
| Harriet S. Posner, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | hposner@skadden.com |
| Carl Alan Roth, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | croth@skadden.com |
| Timothy A. Miller, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tmiller@skadden.com |
| Marcus R. Mumford, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Mmumford@skadden.com |
| Paul M. Eckles, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Paul.eckles@skadden.com |
| Lance A. Etcheverry, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Lance.etcheverry@skadden.com |
| Robert J. Herrington, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Robert.herrington@skadden.com |
| Mark Overland, Esq. | Overland, Borenstein, et al. | moverland@obsklaw.com |
| Alexander Cote, Esq. | Overland, Borenstein, et al. | acote@obsklaw.com |
| David C. Scheper, Esq. | Overland, Borenstein, et al. | dscheper@obsklaw.com |
| Larry W. McFarland, Esq. | Keats, McFarland & Wilson | lmcfarland@kmwlaw.com |
| Christian Dowell, Esq. | Keats, McFarland & Wilson | cdowell@kmwlaw.com |
| Robyn Aronson, Esq. | Davis Wright Tremaine | robynaronson@dwt.com |
| Alonzo Wickers, Esq. | Davis Wright Tremaine | alonzowickers@dwt.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on May 8, 2008, at San Francisco, California.

_____
Anthony Sales