Hon. Edward A. Infante (Ret.)
JAMS
Two Embarcadero Center
Suite 1500
San Francisco, California 94111
Telephone:  (415) 774-2611
Facsimile:   (415) 982-5287

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>CONSOLIDATED WITH<br>MATTEL, INC. v. BRYANT and<br>MGA ENTERTAINMENT, INC. v. MATTEL, INC. | CASE NO. CV 04-09049 SGL (RNBx)<br>JAMS Reference No. 1100049530<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-2727<br><br>**ORDER GRANTING MGA'S AND MGA MEXICO'S MOTION FOR PROTECTIVE ORDER FROM MATTEL'S FOURTH NOTICE OF DEPOSITION** |

## I. INTRODUCTION

On January 18, 2008, MGA Entertainment, Inc. ("MGA") and MGAE De Mexico, S.R.L. De C.V. ("MGA Mexico") submitted a motion for a protective order relieving them of any obligation to produce 30(b)(6) witnesses to testify on certain topics set forth in Mattel's Notices of Deposition served on January 9, 2008. On April 25, 2008, Mattel, Inc. ("Mattel") submitted an

opposition, and on May 5, 2008, MGA and MGA Mexico submitted a reply. The Discovery Master finds it appropriate to decide the motion without oral argument.

## II. BACKGROUND

On January 7, 2008, the district court granted Mattel leave to depose MGA and MGA Mexico, along with approximately forty-five other individuals and entities. On January 9, 2008, Mattel served 30(b)(6) notices to MGA and MGA Mexico containing a total of 161 topics of examination. Although MGA and MGA Mexico's motion originally sought relief from most of the 161 topics, the parties' subsequent meet and confer efforts resulted in a resolution of the motion with the exception of the four deposition topics set forth below:

> <u>Mattel's Topic No. 82</u>: Your understanding or belief of whether the BRYANT/MGA AGREEMENT was lawful when YOU entered into it, and DOCUMENTS and COMMUNICATIONS related thereto.
>
> <u>Mattel's Topic No. 84</u>: The factual basis for YOUR alleged belief that YOU had the right to market products developed as a result of the BRYANT/MGA AGREEMENT and to the lawful right to fully exploit the drawings drawn and presented by BRYANT prior to the execution of the BRYANT/MGA AGREEMENT, and the DOCUMENTS and COMMUNICATIONS YOU so relied upon when YOU entered into the agreement.
>
> <u>Mattel's Topic No. 87</u>: Any investigation or inquiry YOU conducted to confirm the timing of BRYANT'S work prior to executing the BRYANT/MGA AGREEMENT, including but not limited to DOCUMENTS and COMMUNICATIONS RELATING thereto.
>
> <u>Mattel's Topic No. 94</u>: The identity of each doll, accessory, product, work or item produced, developed, manufactured, licensed, sold or offered for sale by or for YOU or on YOUR behalf that was BASED ON any BRATZ DESIGN or any design derivative of any BRATZ DESIGN.

Miller Decl., Exs. A & B.

Mattel contends that each of the four topics at issue seeks relevant information, and that there is no basis for a protective order. More specifically, Mattel contends that Topic Nos. 82, 84 and 87 are relevant to Mattel's intentional interference and aiding and abetting claims, and that Topic No. 94 is relevant to Mattel's damages for copyright infringement. Further, Mattel contends that each topic seeks specific, factual information that is not unreasonably cumulative or

duplicative of discovery Mattel has already sought and received, and that MGA has failed to show that the deposition topics are unduly burdensome.

In its reply brief, MGA and MGA Mexico contend that a protective order is still appropriate for several reasons. First, MGA and MGA Mexico contend that Topic Nos. 82, 84 and 87 are unreasonably cumulative of Mattel's prior interrogatories to which MGA has already responded. Second, MGA and MGA Mexico contend that Topic Nos. 84 and 94 seek information that cuts across a broad number of areas, including expert testimony and legal questions, and that the requested information should be obtained, if at all, through contention interrogatories rather than depositions. Third, MGA and MGA Mexico contend that Topic No. 94 is unduly burdensome and not described with reasonable particularity. Fourth, MGA and MGA Mexico contend that Mattel has had ample opportunity to conduct discovery into Topic Nos. 82, 84 and 87.

### III. DISCUSSION

Rule 26 of the Federal Rules of Civil Procedure provides that the parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed.R.Civ.P. 26(b)(1). The court must, however, limit the frequency or extent of use of the discovery methods if the court determines that "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed.R.Civ.P. 26(b)(2)(C). Further, Rule 26(c), Fed.R.Civ.P., provides that the court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including *inter alia*, forbidding the disclosure or discovery, prescribing a discovery method other than the

one selected by the party seeking discovery, forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters. Fed.R.Civ.P. 26(c)(1)(A), (C) and (D).

A. Topic Nos. 82, 84 and 87

Topic Nos. 82, 84 and 87 are unreasonably cumulative and duplicative of Mattel's prior interrogatories to which MGA has already responded. Specifically, Topic No. 82 is unreasonably cumulative and duplicative of Mattel's Revised Third Set of Interrogatory Nos. 30, 31 and 34-38 served on MGA; Topic No. 84 is unreasonably cumulative and duplicative of Interrogatory Nos. 30 and 36-38; and Topic No. 87 is unreasonably cumulative and duplicative of Interrogatory No. 36. The language of the deposition Topics and the Interrogatories may differ, but each discovery request seeks essentially the same information, as demonstrated by a comparison of the Topics and the Interrogatories:

| Deposition Topic No. 82: | Interrogatory No. 30: |
|---|---|
| YOUR understanding or belief of whether the BRYANT/MGA AGREEMENT was lawful when YOU entered it, and DOCUMENTS and COMMUNICATIONS related thereto. | State all facts that support YOUR contention, if YOU so contend, that assuming BRYANT assigned rights in any BRATZ INVENTIONS to MATTEL pursuant to the INVENTIONS AGREEMENT, MGA is entitled to priority over and/or has superior rights to MATTEL as to such BRATZ INVENTION, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such facts. |
| | **Interrogatory No. 31:** State all facts that support YOUR contention, if YOU so contend, that the INVENTIONS AGREEMENT is not valid and enforceable, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such facts. |
| | **Interrogatory No. 34:** State all facts that support YOUR contention, if YOU so contend, that YOU did not intentionally interfere with the INVENTIONS |

| | |
|---|---|
| | AGREEMENT when BRYANT purported to TRANSFER and MGA purported to ACQUIRE rights to BRATZ, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such facts. |
| | **Interrogatory No. 35**<br><br>State all acts that support YOUR contention, if YOU so contend, that YOU did not aid or abet any breach of fiduciary duty or duty of loyalty owed by BRYANT to MATTEL when BRYANT performed work or services with or for MGA while BRYANT was employed by MATTEL, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such facts. |
| | **Interrogatory No. 36**<br><br>State all facts that support YOUR contention, if YOU so contend, that YOU acted with an innocent state of mind or reasonably believed that MATTEL did not own any rights in any BRATZ INVENTION when BRYANT purported to TRANSFER and MGA purported to ACQUIRE rights to BRATZ, and identify all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such facts. |
| | **Interrogatory No. 37**<br><br>State all facts that support YOUR contention, if YOU so contend, that BRYANT did not breach the INVENTIONS AGREEMENT when BRYANT purported to TRANSFER rights to BRATZ to MGA, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such facts. |
| | **Interrogatory No. 38:**<br><br>State all facts that support YOUR contention, if YOU so contend, that BRYANT did not breach BRYANT'S duty of loyalty or fiduciary duties |

| | |
|---|---|
| | to MATTEL when BRYANT performed work or services with or for MGA while BRYANT was employed by MATTEL, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such facts. |
| **Topic No. 84:**<br><br>The factual basis for YOUR alleged belief that YOU had the right to market products developed as a result of the BRYANT/MGA AGREEMENT and to the lawful right to fully exploit the drawings drawn and presented by BRYANT prior to the execution of the BRYANT/MGA AGREEMENT, and the DOCUMENTS and COMMUNICATIONS YOU so relied upon when YOU entered into the agreement. | **Interrogatory No. 30:**<br><br>State all facts that support YOUR contention, if YOU so contend, that assuming BRYANT assigned rights in any BRATZ INVENTIONS to MATTEL pursuant to the INVENTIONS AGREEMENT, MGA is entitled to priority over and/or has superior rights to MATTEL as to such BRATZ INVENTION, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such facts. |
| | **Interrogatory No. 36**<br><br>State all facts that support YOUR contention, if YOU so contend, that YOU acted with an innocent state of mind or reasonably believed that MATTEL did not own any rights in any BRATZ INVENTION when BRYANT purported to TRANSFER and MGA purported to ACQUIRE rights to BRATZ, and identify all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such facts. |
| | **Interrogatory No. 37**<br><br>State all facts that support YOUR contention, if YOU so contend, that BRYANT did not breach the INVENTIONS AGREEMENT when BRYANT purported to TRANSFER rights to BRATZ to MGA, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such facts. |

|  | **Interrogatory No. 38**: |
|---|---|
|  | State all facts that support YOUR contention, if YOU so contend, that BRYANT did not breach BRYANT'S duty of loyalty or fiduciary duties to MATTEL when BRYANT performed work or services with or for MGA while BRYANT was employed by MATTEL, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such facts. |
| **Topic No. 87**: | **Interrogatory No. 36** |
| Any investigation or inquiry YOU conducted to confirm the timing of BRYANT'S work prior to executing the BRYANT/MGA AGREEMENT, including but not limited to DOCUMENTS and COMMUNICATIONS RELATING thereto. | State all facts that support YOUR contention, if YOU so contend, that YOU acted with an innocent state of mind or reasonably believed that MATTEL did not own any rights in any BRATZ INVENTION when BRYANT purported to TRANSFER and MGA purported to ACQUIRE rights to BRATZ, and identify all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such facts. |

Although the Topics do not mirror the Interrogatories, they all seek interrelated and substantially overlapping information. As explained by MGA and MGA Mexico, MGA's beliefs regarding its priority over or superior rights to the BRATZ INVENTIONS (Interrogatory No. 30) and the unenforceability of the INVENTIONS AGREEMENT (Interrogatory No. 31), its beliefs that it did not intentionally interfere with the INVENTIONS AGREEMENT by entering into the BRYANT/MGA AGREEMENT (Interrogatory No. 34) and did not aid or abet any breach by entering into the BRYANT/MGA AGREEMENT (Interrogatory No. 35), its beliefs regarding MGA's alleged innocent state of mind with regard to Mattel's alleged rights in any BRATZ INVENTIONS at the time of the BRYANT/MGA AGREEMENT (Interrogatory No. 36), and its beliefs regarding BRYANT'S alleged breach of the INVENTIONS AGREEMENT and his duty of loyalty by entering into the BRYANT/MGA AGREEMENT (Interrogatory Nos. 37-38) "are all

different facets of the same issue: MGA's beliefs regarding the lawfulness of the BRYANT/MGA AGREEMENT and MGA's rights under that agreement (Topic No. 82)." Reply at p.9. Further, MGA's belief that it had the right to market products developed as a result of the BRYANT/MGA AGREEMENT (Topic No. 84) and any investigations conducted by MGA regarding the timing of BRYANT'S work prior to the BRYANT/MGA AGREEMENT (Topic No. 87) are all part of the same inquiry.

Furthermore, Mattel has had more than ample opportunity to conduct discovery into Topic Nos. 82, 84 and 87 through several depositions. Most notably, Mattel took the deposition of Carter Bryant and questioned him at length about when he first conceived of Bratz, his initial contacts with MGA, his agreement with Mattel, his work for Mattel prior to executing the BRYANT/MGA AGREEMENT, MGA's investigations of his agreement with Mattel, and negotiations between him and MGA over his contract. Mattel also deposed Isaac Larian, and examined him at length regarding his dealings with Carter Bryant, the negotiation of the BRYANT/MGA AGREEMENT, MGA's investigations of Carter Bryant's agreement with Mattel and the origins of Bratz, and MGA's rights in Carter Bryant's drawings and ideas. Mattel also deposed Victoria O'Connor, MGA's former Vice President of Licensing, David Rosenbaum, the attorney who negotiated the BRYANT/MGA Agreement, and Anne Wang, Carter Bryant's attorney. Thus, Mattel has sought and received substantial deposition testimony regarding when Carter Bryant first conceived of Bratz, Carter Bryant's first contacts with MGA, MGA's investigations of Bryant's agreement with Mattel, and the negotiations between Bryant and MGA over the BRYANT/MGA AGREEMENT. Whatever benefit Mattel may gain from a 30(b)(6) deposition on Topic Nos. 82, 84 and 87, above and beyond what Mattel has already sought and received, would be greatly outweighed by the burden and expense to MGA of preparing a witness to testify on these Topics.

Therefore, MGA's and MGA Mexico's motion for a protective order is granted with respect to Topic Nos. 82, 84 and 87.

B. Topic No. 94

Through Topic No. 94 Mattel seeks "[t]he identity of each doll, accessory, product, work or item produced, developed, manufactured, licensed, sold or offered for sale by or for YOU or on YOUR behalf that was BASED ON any BRATZ DESIGN or any design derivative of any BRATZ DESIGN." Mattel's definitions of BRATZ and DESIGN render this Topic inappropriate for response in a 30(b)(6) deposition. BRATZ is defined to mean:

> [A]ny project, product, doll or DESIGN ever known by that name (whether in whole or in part and regardless of what such project, product or doll is or has been also, previously or subsequently called) and any product, doll or DESIGN or any portion thereof that is now or has ever been known as, or sold or marketed under, the name or term "Bratz" (whether in whole or in part and regardless of what such product, doll or DESIGN or portion thereof is or has been also, previously or subsequently called) or that is now or has ever been sold or marketed as part of the "Bratz" line, and each version or iteration of such product, doll or DESIGN or any portion thereof. As used herein, "production, doll or DESIGN or any portion thereof" also includes without limitation any names, fashions, accessories, artwork, packaging or any other works, materials, matters or items included or associated therewith. Without limiting the generality of the foregoing, the term "BRATZ" does not and shall not require that there be a doll existing at the time of the event, incident or occurrence that is the subject of, or otherwise relevant or responsive to, the Topics of Examination herein.

Miller Decl., Ex. A. The term DESIGN is defined to mean:

> [A]ny and all representations, whether two-dimensional or three-dimensional, and whether in tangible, digital, electronic or other form, including but not limited to all works, designs, artwork, sketches, drawings, illustrations, representations, depictions, blueprints, schematics, diagrams, images, sculptures, prototypes, models, samples, rotocasts, reductions to practice, developments, inventions and/or improvements, as well as all other items, things and DOCUMENTS in which any of the foregoing are or have been expressed, embodied, contained, fixed or reflected in any manner, whether in whole or in part.

Id. These definitions are so sweeping that it would be utterly unrealistic and unduly burdensome for MGA and MGA Mexico to prepare a witness to testify on Topic No. 94. In addition, although Mattel does not define "BASED ON" and "derivative of," it is evident that Mattel is seeking MGA's legal theories and conclusions from a lay witness, which, in general, are more appropriately and efficiently sought through contention interrogatories. See e.g., McCormick-

1 | Morgan, Inc. v. Teledyne Industries, Inc., 134 F.R.D. 275, 286-87 (N.D. Cal. 1991). Therefore,
2 | MGA's and MGA Mexico's motion for a protective order is granted with respect to Topic No. 94.

### IV. CONCLUSION

For the reasons set forth above, MGA and MGA Mexico's motion for a protective order relieving them of the obligation to produce witnesses in response to Topic Nos. 82, 84, 87 and 94 is granted pursuant to Rule 26(b)(2)(C), Fed.R.Civ.P. Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery Master, MGA shall file this Order with the Clerk of Court forthwith.

Dated: May /2, 2008

*[signature]*

HON. EDWARD A. INFANTE (Ret.)
Discovery Master

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

10

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on May 12, 2008, I served the attached ORDER GRANTING MGA'S AND MGA MEXICO'S MOTION FOR PROTECTIVE ORDER FROM MATTEL'S FOURTH NOTICE OF DEPOSITION in the within action by email addressed as follows:

| Name | Firm | Email |
|---|---|---|
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| Matthew M. Werdegar, Esq. | Keker & Van Nest | mwerdegar@kvn.com |
| John E. Trinidad, Esq. | Keker & Van Nest | jtrinidad@kvn.com |
| Audrey Walton-Hadlock, Esq. | Keker & Van Nest | awalton-hadlock@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johnquinn@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| John Gordon, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johngordon@quinnemanuel.com |
| Diane Hutnyan, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dianehutnyan@quinnemanuel.com |
| Thomas J. Nolan, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tnolan@skadden.com |
| Raoul D. Kennedy, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | rkennedy@skadden.com |
| Amy S. Park, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | apark@skadden.com |
| Harriet S. Posner, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | hposner@skadden.com |
| Carl Alan Roth, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | croth@skadden.com |
| Timothy A. Miller, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tmiller@skadden.com |
| Marcus R. Mumford, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Mmumford@skadden.com |
| Paul M. Eckles, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Paul.eckles@skadden.com |
| Lance A. Etcheverry, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Lance.etcheverry@skadden.com |
| Robert J. Herrington, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Robert.herrington@skadden.com |
| Mark Overland, Esq. | Overland, Borenstein, et al. | moverland@obsklaw.com |
| Alexander Cote, Esq. | Overland, Borenstein, et al. | acote@obsklaw.com |
| David C. Scheper, Esq. | Overland, Borenstein, et al. | dscheper@obsklaw.com |
| Larry W. McFarland, Esq. | Keats, McFarland & Wilson | lmcfarland@kmwlaw.com |
| Christian Dowell, Esq. | Keats, McFarland & Wilson | cdowell@kmwlaw.com |
| Robyn Aronson, Esq. | Davis Wright Tremaine | robynaronson@dwt.com |
| Alonzo Wickers, Esq. | Davis Wright Tremaine | alonzowickers@dwt.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on May 12, 2008, at San Francisco, California.

_____
Sandra Chan