1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
2    John B. Quinn (Bar No. 090378)
     johnquinn@quinnemanuel.com
3    Michael T. Zeller (Bar No. 196417)
     michaelzeller@quinnemanuel.com
4    Jon D. Corey (Bar No. 185066)
     joncorey@quinnemanuel.com
5    Timothy L. Alger (Bar No. 160303)
     timalger@quinnemanuel.com
6  865 South Figueroa Street, 10th Floor
   Los Angeles, California  90017-2543
7  Telephone:   (213) 443-3000
   Facsimile:   (213) 443-3100
8
   Attorneys for Mattel, Inc.
9
10                UNITED STATES DISTRICT COURT

11                CENTRAL DISTRICT OF CALIFORNIA

12                     EASTERN DIVISION

13

14  CARTER BRYANT, an individual,        CASE NO. CV 04-9049 SGL (RNBx)

15              Plaintiff,               Consolidated with
                                         Case No. CV 04-09059
16       vs.                             Case No. CV 05-02727

17                                       Hon. Stephen G. Larson
    MATTEL, INC., a Delaware
18  corporation,                         **MATTEL, INC.'S DISPUTED
                                         PROPOSED SPECIAL VERDICT
19              Defendant.               FORMS**

20  _____

21  AND CONSOLIDATED ACTIONS            **Phase 1:**

22  _____

23                                       Pre-Trial Conference: May 19, 2008
                                         Trial Date:             May 27, 2008
24

25

26

27

28

1    Mattel, Inc. ("Mattel") hereby proposes the following disputed special

2  verdict forms for Phases 1A and 1B of the trial in this matter.  Mattel requests and

3  reserves the right to amend, modify, withdraw and/or supplement these forms

4  before or during the trial of this matter.  Mattel intends to modify these forms

5  depending upon and based upon rulings issued in connection with the parties'

6  cross-motions for partial summary judgment, Carter Bryant's pending motion for

7  reconsideration, any motions *in limine* or other pre-trial or trial motions, and the

8  evidence and theories proffered by the parties during the course of the trial.

9

10 DATED:  May 12, 2008              QUINN EMANUEL URQUHART OLIVER &
                                     HEDGES, LLP
11

12

13                                   By  /s/ Jon D. Corey
                                        Jon D. Corey
14                                      Attorneys for Mattel, Inc.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# MATTEL'S PROPOSED SPECIAL VERDICT FORMS

## Special Verdict Form for Phase 1A

We answer the questions submitted to us as follows:

### Breach of Contract

1.    Is Carter Bryant liable to Mattel for breach of contract?

      Yes    ____

      No    ____

2.    Does Mattel own any of the Bratz works Mattel claims it owns pursuant to the Inventions Agreement?

      Yes    ____

      No    ____

### Intentional Interference with Contractual Relations

3.    Is MGA Entertainment, Inc. ("MGA") liable to Mattel for intentional interference with contractual relations?

      Yes    ____

      No    ____

4.    Is Isaac Larian liable to Mattel for intentional interference with contractual relations?

      Yes    ____

      No    ____

Case No. CV 04-9049 SGL (RNBx)
MATTEL'S DISPUTED PROPOSED SPECIAL VERDICT FORMS

**Breach of Fiduciary Duty**

5.    The Court has already found as a matter of law that Carter Bryant breached his fiduciary duty to Mattel by entering into a contract with MGA, Mattel's competitor, while still employed by Mattel, to produce a line of fashion dolls to be marketed in direct competition with Mattel's products.  Did Carter Bryant engage in any other activity that was a breach of fiduciary duty to Mattel?

Yes    _____

No     _____

**Breach of Duty of Loyalty**

6.    The Court has already found as a matter of law that Carter Bryant breached his duty of loyalty to Mattel by entering into a contract with MGA, Mattel's competitor, while still employed by Mattel, to produce a line of fashion dolls to be marketed in direct competition with Mattel's products.  Did Carter Bryant engage in any other activity that was a breach of the duty of loyalty to Mattel?

Yes    _____

No     _____

**Aiding and Abetting Breach of Fiduciary Duty**

7.    Is MGA liable to Mattel for aiding and abetting breach of fiduciary duty?

Yes    _____

No     _____

8.    Is Isaac Larian liable to Mattel for aiding and abetting breach of fiduciary duty?

Yes    ____

No    ____

### Aiding and Abetting Breach of the Duty of Loyalty

9.    Is MGA liable to Mattel for aiding and abetting breach of the duty of loyalty?

Yes    ____

No    ____

10.    Is Isaac Larian liable to Mattel for aiding and abetting breach of the duty of loyalty?

Yes    ____

No    ____

### Conversion

11.    Is Carter Bryant liable to Mattel for conversion?

Yes    ____

No    ____

12.    Is MGA liable to Mattel for conversion?

Yes    ____

No    ____

13.   Is Isaac Larian liable to Mattel for conversion?

     Yes   _____

     No   _____

14.   Is MGA Entertainment (HK) Limited liable to Mattel for conversion?

     Yes   _____

     No   _____

Once this verdict form is completed, the foreperson of the jury should sign and date on the lines below.

DATED: _____, 2008

_____
                                Jury Foreperson

Case No. CV 04-9049 SGL (RNBx)
MATTEL'S DISPUTED PROPOSED SPECIAL VERDICT FORMS

## **Special Verdict Form for Phase 1B**

We answer the questions submitted to us as follows:

## **Copyright Infringement**

1.      Is Carter Bryant liable to Mattel for copyright infringement?

Yes   _____

No    _____

2.      Is MGA Entertainment, Inc. ("MGA") liable to Mattel for copyright infringement?

Yes   _____

No    _____

3.      Is Isaac Larian liable to Mattel for copyright infringement?

Yes   _____

No    _____

4.      Is MGA Entertainment (HK) Limited ("MGA HK") liable to Mattel for copyright infringement?

Yes   _____

No    _____

Case No. CV 04-9049 SGL (RNBx)
MATTEL'S DISPUTED PROPOSED SPECIAL VERDICT FORMS

5.      What are Mattel's damages for the Defendants' copyright infringement?  (Answer all that apply.)

(a)      Copyright Infringement by Carter Bryant:

Bryant's Profits      $_____

(b)      Copyright Infringement by MGA

MGA's Profits        $_____

(c)      Copyright Infringement by Isaac Larian

Distributions Larian Received from MGA

$_____

Value of Larian's Ownership Percentage of Bratz

$_____

(d)      Copyright Infringement by MGA HK

MGA HK's Profits $_____

**<u>Breach of Contract</u>**

6.      In Phase 1A of this trial, you found that Carter Bryant is liable to Mattel for breach of contract.  What are Mattel's damages?

$_____

**Intentional Interference With Contractual Relations**

7.    In Phase 1A of this trial, you found that the Defendant(s) [INSERT NAMES] is/are liable to Mattel for intentional interference with contractual relations.  What are Mattel's damages?

$_____

**Breach of Fiduciary Duty**

8.    The Court found as a matter of law that Carter Bryant breached his fiduciary duty to Mattel by entering into a contract with MGA, Mattel's competitor, while still employed by Mattel, to produce a line of fashion dolls to be marketed in direct competition with Mattel's products.  [In Phase 1A of this trial, you found that Carter Bryant is liable to Mattel for additional breaches of fiduciary duty.]  What are Mattel's damages?

$_____

**Breach of the Duty of Loyalty**

9.    The Court has already found as a matter of law that Carter Bryant breached his duty of loyalty to Mattel by entering into a contract with MGA, Mattel's competitor, while still employed by Mattel, to produce a line of fashion dolls to be marketed in direct competition with Mattel's products.  [In Phase 1A of this trial, you found that Carter Bryant is liable to Mattel for additional breaches of the duty of loyalty.]  What are Mattel's damages?

$_____

**Aiding and Abetting Breach of Fiduciary Duty**

10.    In Phase 1A of this trial, you found that the Defendant(s) [INSERT NAMES] is/are liable to Mattel for aiding and abetting Carter Bryant's breach of fiduciary duty.  What are Mattel's damages?

$_____

**Aiding and Abetting Breach of the Duty of Loyalty**

11.    In Phase 1A of this trial, you found that the Defendant(s) [INSERT NAMES] is/are liable to Mattel for aiding and abetting Carter Bryant's breach of the duty of loyalty.  What are Mattel's damages?

$_____

**Conversion**

12.    In Phase 1A of this trial, you found that the Defendant(s) [INSERT NAMES] is/are liable to Mattel for conversion.  What are Mattel's damages?

$_____

**Punitive Damages**

13.    Should punitive damages be awarded against Carter Bryant?

Yes    _____

No    _____

*If your answer is "yes," then answer Question 14.*

*If your answer is "no," then answer Question 15.*

14.    What amount of punitive damages should be awarded against Mr.
Bryant?

$_____

15.    Should punitive damages be awarded against MGA?

Yes    ____

No    ____

*If your answer is "yes," then answer Question 16.*

*If your answer is "no," then answer Question 17.*

16.    What amount of punitive damages should be awarded against MGA
Entertainment?

$_____

17.    Should punitive damages be awarded against Isaac Larian?

Yes    ____

No    ____

*If your answer is "yes," then answer Question 18.*

*If your answer is "no," then answer Question 19.*

18.    What amount of punitive damages should be awarded against Mr.
Larian?

$_____

19.    Should punitive damages be awarded against MGA HK?

      Yes    ____

      No    ____

*If your answer is "yes," then answer Question 20.*

20.    What amount of punitive damages should be awarded against MGA HK?

      $_____

Once this verdict form is completed, the foreperson of the jury should sign and date on the lines below.

DATED:  _____, 2008

_____
                   Jury Foreperson

# DEFENDANTS' OBJECTIONS TO MATTEL'S PROPOSED SPECIAL VERDICT FORMS

On April 1, 2008, Mattel, Inc. ("Mattel") submitted its Proposed Verdict Forms.  On April 30, 2008, Mattel submitted its revised Proposed Verdict Forms. On May 5, 2008 Mattel submitted its second revised Proposed Verdict Forms.  The MGA Parties' objections thereto are listed below.

The MGA Parties and Bryant object to Mattel's phrasing of certain Verdict forms based on the Court's April 25, 2008 MSG Order.  The Court has not yet ruled on Bryant's Motion For Reconsideration Or Certification filed May 2, 2008, and has ordered that the motion be heard on May 19, 2008.  Further, MGA Parties and Bryant object that, even in the event the Court denies Bryant's pending motion, Mattel's Verdict Forms purportedly based on that ruling incorrectly interpret the issues remaining to be tried, the ruling itself, and are unduly prejudicial.[1]  MGA parties and Bryant reserve the right to supplement or revise their Proposed Jury Instructions and Proposed Special Verdict Form, their Objections to Mattel's Proposed Jury Instructions and Proposed Verdict Form, and their Responses to Mattel's Objections, in response to the Court's ruling on the parties' pending summary judgment motions, Bryant's pending Motion For Reconsideration, and any other rulings of the Court, including any decisions related to the phasing structure of the trial.

---

[1]    MGA Parties and Bryant preserve all their rights with respect to the April 25, 2008 Order, including their rights to appeal.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## Special Verdict Form for Phase 1A

## Breach of Contract

1.    Is Carter Bryant liable to Mattel for breach of contract?

Yes   ____

No    ____

## MGA PARTIES AND BRYANT OBJECT TO THIS PROPOSED FORM AS STATED BELOW:

MGA Parties and Bryant object to Mattel's Proposed Special Verdict Form – Breach of Contract on the grounds that the form fails to comply with Fed. R. Civ. P. 49(a)(1), which requires that the jury return, "a special verdict in the form of a special written finding on *each issue of fact*." (emphasis added).  This court's Order Regarding Pretrial Deadlines dated March 11, 2008 specifically states that the parties are to file "special verdict forms."  See Order Regarding Pretrial Deadlines ¶ 2.  Mattel's proposed "special verdict form" plainly does not meet this requirement.  Instead, Mattel asks the jury to return a general verdict on the question of whether Carter Bryant is liable for a breach of contract.  The purpose of a special verdict is to concentrate the jury on its fact-finding role.  See Zhang v. Am. Gem Seafoods, Inc., 339 F.3d 1020, 1031 (9th Cir. 2003) (discussing differences between special verdicts and general verdicts and noting that "special verdicts 'compel the jury to focus exclusively on its fact-finding role'") (quoting Floyd v. Laws, 929 F.2d 1390, 1395 (9th Cir. 1991)).  Mattel's verdict form focuses the jury on the ultimate issue of whether there was a breach of contract while ignoring the factual questions such as: whether a valid contract existed, whether the parties performed their obligations, whether Carter Bryant engaged in conduct prohibited by the agreement, and whether Mattel suffered harm as a result. Further, Mattel's verdict form fails to differentiate among the three breaches of

1    contract alleged by Mattel:  breach of section 2(a) of the Inventions Agreement,

2    breach of section 3(a) of the Inventions Agreement and breach of the

3    Questionnaire.  Thus, as explained above, the verdict form ignores all of the issues

4    of fact the jury must find with respect to each of those claims.  The MGA Parties

5    and Bryant object to the extent this verdict form fails to require the jury to make

6    the findings set forth in the MGA Parties' proposed jury verdict forms. (See MGA

7    Parties' Proposed Phase 1-A Jury Verdict Forms Nos. 1-5.)  Moreover, Mattel's

8    verdict form fails to address the affirmative defenses asserted by Bryant. As such,

9    Mattel's Proposed Special Verdict Form – Breach of Contract is inappropriate

10   under Fed. R. Civ. P. 49(a).

1        2.     Does Mattel own any of the Bratz works Mattel claims it owns

2  pursuant to the Inventions Agreement?

3          Yes   ____

4          No   ____

5       **<u>MGA PARTIES AND BRYANT OBJECT TO THIS PROPOSED</u>**

6  **<u>FORM AS STATED BELOW:</u>**

7        MGA Parties and Bryant object to Mattel's Proposed Special Verdict Form

8  – Breach of Contract on the grounds that the form fails to comply with Fed. R. Civ.

9  P. 49(a)(1), which requires that the jury return, "a special verdict in the form of a

10  special written finding on *each issue of fact*." (emphasis added).  This court's

11  Order Regarding Pretrial Deadlines dated March 11, 2008 specifically states that

12  the parties are to file "special verdict forms."  <u>See</u> Order Regarding Pretrial

13  Deadlines ¶ 2.  Mattel's proposed "special verdict form" plainly does not meet this

14  requirement.  Instead, Mattel asks the jury to return a general verdict on the

15  question of whether it owns "any of the Bratz works" pursuant to the Inventions

16  Agreement.  The purpose of a special verdict is to concentrate the jury on its fact-

17  finding role.  <u>See</u> <u>Zhang v. Am. Gem Seafoods, Inc.</u>, 339 F.3d 1020, 1031 (9th Cir.

18  2003) (discussing differences between special verdicts and general verdicts and

19  noting that "special verdicts 'compel the jury to focus exclusively on its fact-

20  finding role'") (quoting <u>Floyd v. Laws</u>, 929 F.2d 1390, 1395 (9th Cir. 1991)).

21  Mattel's verdict form focuses the jury on the ultimate issue of whether owns "any

22  of the Bratz works" while ignoring the factual questions such as: whether the term

23  "inventions" applies to the BRATZ drawings, whether Carter Bryant's drawings

24  were conceived or reduced to practice during his employment with Mattel, whether

25  the BRATZ dolls and character art are owned by Mattel even if the original

26  drawings fall under that agreement, whether there was a valid assignment of any

27  copyright interest to Mattel, and other questions of fact set forth in the MGA

28

1  parties' verdict form.  The verdict form also lacks anything approaching a finding
2  on "each issue of fact". Fed. R. Civ. P. 49(a).  There are at least sixteen drawings at
3  issue in this case, along with BRATZ character art and BRATZ dolls.  One
4  question can hardly produce a factual finding on all of these diverse issues.
5  Therefore, Bryant and MGA Parties object to this verdict form for the failure to
6  include the findings of fact set forth in the MGA Parties' proposed jury verdict
7  form. (See MGA Parties' Proposed Phase 1-A Jury Verdict Forms Nos. 1-5, 7.)
8  Additionally, the use of the term "Bratz works" is improper, in that it implies to the
9  jury that the Bryant drawings and the BRATZ dolls were substantially similar,
10 rather than having the jury resolve this factual dispute.  Moreover, Mattel's verdict
11 form fails to address MGA Parties' and Bryant's affirmative defenses and statute
12 of limitations claims.  As such, Mattel's Proposed Special Verdict Form – Breach
13 of Contract #2 is inappropriate under Fed. R. Civ. P. 49(a).
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1   **Intentional Interference with Contractual Relations**

2       3.    Is MGA Entertainment, Inc. ("MGA") liable to Mattel for intentional

3   interference with contractual relations?

4           Yes     ____

5           No     ____

6

7       4.    Is Isaac Larian liable to Mattel for intentional interference with

8   contractual relations?

9           Yes     ____

10          No     ____

11

12  **MGA PARTIES OBJECT TO THIS PROPOSED FORM AS STATED**

13  **BELOW:**

14      MGA Parties object to Mattel's Proposed Special Verdict Form – Intentional

15  Interference with Contractual Relations on the grounds that the form fails to

16  comply with Fed. R. Civ. P. 49(a)(1), which requires that the jury return, "a special

17  verdict in the form of a special written finding on *each issue of fact*." (emphasis

18  added).  This Court's Order Regarding Pretrial Deadlines dated March 11, 2008

19  specifically states that the parties are to file "special verdict forms."  <u>See</u> Order

20  Regarding Pretrial Deadlines ¶ 2.  Mattel's proposed "special verdict form" plainly

21  does not meet this requirement. Instead, Mattel asks the jury to return a general

22  verdict on the questions of whether MGA and/or Isaac Larian are liable for

23  intentional interference with contractual relations.  The purpose of a special verdict

24  is to concentrate the jury on its fact-finding role.  <u>See</u> <u>Zhang v. Am. Gem</u>

25  <u>Seafoods, Inc.</u>, 339 F.3d 1020, 1031 (9th Cir. 2003) (discussing differences

26  between special verdicts and general verdicts and noting that "special verdicts

27  'compel the jury to focus exclusively on its fact-finding role'") (quoting <u>Floyd v.</u>

28

1   <u>Laws</u>, 929 F.2d 1390, 1395 (9th Cir. 1991)).  Mattel's verdict form focuses the jury

2   on the ultimate issue of whether MGA and/or Isaac Larian are liable for intentional

3   interference with contractual relations while ignoring the factual questions such as:

4   whether there was a valid contract between Mattel and Carter Bryant, whether

5   MGA and/or Isaac Larian knew there was a contract between Mattel and Carter

6   Bryant, whether MGA and/or Isaac Larian were certain or substantially certain that

7   they were contracting for something that rightfully belonged to Mattel, whether

8   MGA and/or Isaac Larian approached Carter Bryant, whether MGA and/or Isaac

9   Larian engaged in an additional wrongful act independent of the interference,

10  whether Mattel was harmed and whether MGA's contracting with Carter Bryant

11  was a substantial factor in whatever harm Mattel incurred.  MGA Parties therefore

12  object to the failure to include the factual elements set forth in the MGA Parties'

13  proposed jury verdict forms.  (See MGA Parties' Proposed Phase 1-A Jury Verdict

14  Forms No. 12.)  Moreover, Mattel's verdict form fails to address the affirmative

15  defenses asserted by the MGA Parties. Finally, the form is objectionable to the

16  extent it includes Mattel's claim based on Mattel's alleged rights to BRATZ,

17  which, as the Court already held, is preempted by the Copyright Act. (See April

18  25, 2008 MSJ Order.) As such, Mattel's Proposed Special Verdict Form –

19  Intentional Interference with Contractual Relations is inappropriate under Fed. R.

20  Civ. P. 49(a).

21

22

23

24

25

26

27

28

**Breach of Fiduciary Duty**

5.     The Court has already found as a matter of law that Carter Bryant breached his fiduciary duty to Mattel by entering into a contract with MGA, Mattel's competitor, while still employed by Mattel, to produce a line of fashion dolls to be marketed in direct competition with Mattel's products.  Did Carter Bryant engage in any other activity that was a breach of fiduciary duty to Mattel?

Yes     ____

No     ____

**MGA PARTIES AND BRYANT OBJECT TO THIS PROPOSED FORM AS STATED BELOW:**

MGA Parties and Bryant object to Mattel's Proposed Special Verdict Form – Breach of Fiduciary Duty on the grounds that the form fails to comply with Fed. R. Civ. P. 49(a)(1), which requires that the jury return, "a special verdict in the form of a special written finding on *each issue of fact.*" (emphasis added).  This court's Order Regarding Pretrial Deadlines dated March 11, 2008 specifically states that the parties are to file "special verdict forms."  See Order Regarding Pretrial Deadlines ¶ 2.  Mattel's proposed "special verdict form" plainly does not meet this requirement.  Instead, Mattel asks the jury to return a general verdict on the question of whether Carter Bryant is liable for a breach of fiduciary duty.  The purpose of a special verdict is to concentrate the jury on its fact-finding role.  See Zhang v. Am. Gem Seafoods, Inc., 339 F.3d 1020, 1031 (9th Cir. 2003) (discussing differences between special verdicts and general verdicts and noting that "special verdicts 'compel the jury to focus exclusively on its fact-finding role'") (quoting Floyd v. Laws, 929 F.2d 1390, 1395 (9th Cir. 1991)).

Mattel's form is also premature and thus inappropriate in that it does not account for Carter Bryant's pending motion for reconsideration of the Court's

1  summary judgment findings concerning the duties owed by Bryant and the breach

2  thereof, which the Court ordered will be heard on May 19, 2008. Mattel's verdict

3  form thus improperly focuses the jury on the ultimate issue of whether there was a

4  breach of fiduciary duty while ignoring the factual questions such as: whether

5  Carter Bryant owed a fiduciary duty to Mattel, whether Carter Bryant deliberately

6  acted against Mattel's interests, whether Carter Bryant's actions were in direct

7  competition with Mattel or merely preparations to compete, whether Mattel was

8  harmed by the breach and whether Carter Bryant's conduct was a substantial factor

9  in that harm.  Therefore, Bryant and the MGA Parties object to this verdict form

10  for the failure to include the findings set forth in the MGA Parties' proposed jury

11  verdict forms. (See MGA Parties' Phase 1-A Proposed Jury Verdict Forms No. 8.)

12  Moreover, Mattel's verdict form fails to address the affirmative defenses asserted

13  by Bryant.

14       Lastly, even if the Court were to deny Bryant's pending motion, any

15  reference to the Court's findings is here is both erroneous and prejudicial.  The

16  Court's April 25,2008 MSJ Order did not make any findings with respect to certain

17  elements of Mattel's breach of fiduciary duty claim, made no findings of liability,

18  and did not address Bryant's affirmative defenses. This verdict form, as drafted,

19  implies that the Court has already found liability and the jury must determine

20  whether Carter Bryant liable to Mattel for "any other" breaches of fiduciary duty.

21  However, even under the Court's April 25,2008 MSJ Order, the jury still must still

22  make the appropriate factual findings to determine whether Mattel has met all the

23  elements of its claim for breach of fiduciary duty, and consider the applicability of

24  Bryant's affirmative defenses.

25       As such, Mattel's Proposed Special Verdict Form – Breach of Fiduciary

26  Duty is inappropriate under Fed. R. Civ. P. 49(a).

27

28

**<u>Breach of Duty of Loyalty</u>**

6.     The Court has already found as a matter of law that Carter Bryant breached his duty of loyalty to Mattel by entering into a contract with MGA, Mattel's competitor, while still employed by Mattel, to produce a line of fashion dolls to be marketed in direct competition with Mattel's products.  Did Carter Bryant engage in any other activity that was a breach of the duty of loyalty to Mattel?

Yes     ____

No     ____

**<u>MGA PARTIES AND BRYANT OBJECT TO THIS PROPOSED FORM AS STATED BELOW:</u>**

MGA Parties and Bryant object to Mattel's Proposed Special Verdict Form – Breach of the Duty of Loyalty on the grounds that the form fails to comply with Fed. R. Civ. P. 49(a)(1), which requires that the jury return, "a special verdict in the form of a special written finding on *each issue of fact*." (emphasis added).  This court's Order Regarding Pretrial Deadlines dated March 11, 2008 specifically states that the parties are to file "special verdict forms."  <u>See</u> Order Regarding Pretrial Deadlines ¶ 2.  Mattel's proposed "special verdict form" plainly does not meet this requirement.  Instead, Mattel asks the jury to return a general verdict on the question of whether Carter Bryant is liable for a breach of the duty of loyalty. The purpose of a special verdict is to concentrate the jury on its fact-finding role. <u>See</u> <u>Zhang v. Am. Gem Seafoods, Inc.</u>, 339 F.3d 1020, 1031 (9th Cir. 2003) (discussing differences between special verdicts and general verdicts and noting that "special verdicts 'compel the jury to focus exclusively on its fact-finding role.'") (quoting <u>Floyd v. Laws</u>, 929 F.2d 1390, 1395 (9th Cir. 1991)).

1    Mattel's form is also premature and thus inappropriate in that it does not

2    account for Carter Bryant's pending motion for reconsideration of the Court's

3    summary judgment findings concerning the duties owed by Bryant and the breach

4    thereof, which the Court ordered shall be heard on May 19, 2008. Mattel's verdict

5    form thus improperly focuses the jury on the ultimate issue of whether there was a

6    breach of the duty of loyalty while ignoring the factual questions such as: whether

7    Carter Bryant owed a duty of loyalty to Mattel or were mere preparations to

8    compete, whether Carter Bryant deliberately acted against Mattel's interests,

9    whether Carter Bryant's actions were in direct competition with Mattel, whether

10   Mattel gave informed consent to Carter Bryant's conduct and whether Mattel was

11   harmed by Carter Bryant's breach of the duty of loyalty.  Therefore, Bryant and the

12   MGA Parties object to the failure to include the findings set forth in the MGA

13   Parties' proposed jury verdict forms. (See MGA Parties' Proposed Phase 1-A Jury

14   Verdict Forms No. 10.)  Moreover, Mattel's verdict form fails to address the

15   affirmative defenses asserted by Bryant.

16       Lastly, even if the Court were to deny Bryant's pending motion, any

17   reference to the Court's findings is here is both erroneous and prejudicial.  The

18   Court's April 25,2008 MSJ Order did not make any findings with respect to certain

19   elements of Mattel's breach of fiduciary duty claim, made no findings of liability,

20   and did not address Bryant's affirmative defenses. This verdict form, as drafted,

21   implies that the Court has already found liability and the jury must determine

22   whether Carter Bryant is liable to Mattel for "any other" breaches of loyalty.

23   However,  even under the Court's April 25,2008 MSJ Order, the jury still must still

24   make the appropriate factual findings to determine whether Mattel has met all the

25   elements of its claim for breach of fiduciary duty, and consider the applicability of

26   Bryant's affirmative defenses.  As such, Mattel's Proposed Special Verdict Form –

27   Breach of the Duty of Loyalty is inappropriate under Fed. R. Civ. P. 49(a).

28

**Aiding and Abetting Breach of Fiduciary Duty**

7.     Is MGA liable to Mattel for aiding and abetting breach of fiduciary duty?

Yes     ____

No      ____


8.     Is Isaac Larian liable to Mattel for aiding and abetting breach of fiduciary duty?

Yes     ____

No      ____


**MGA PARTIES OBJECT TO THIS PROPOSED FORM AS STATED BELOW:**

MGA Parties object to Mattel's Proposed Special Verdict Form – Aiding and Abetting Breach of Fiduciary Duty on the grounds that the form fails to comply with Fed. R. Civ. P. 49(a)(1), which requires that the jury return, "a special verdict in the form of a special written finding on *each issue of fact*." (emphasis added). This court's Order Regarding Pretrial Deadlines dated March 11, 2008 specifically states that the parties are to file "special verdict forms." See Order Regarding Pretrial Deadlines ¶ 2. Mattel's proposed "special verdict form" plainly does not meet this requirement. Instead, Mattel asks the jury to return a general verdict on the question of whether MGA and/or Isaac Larian are liable for a aiding and abetting breach of fiduciary duty. The purpose of a special verdict is to concentrate the jury on its fact-finding role. See Zhang v. Am. Gem Seafoods, Inc., 339 F.3d 1020, 1031 (9th Cir. 2003) (discussing differences between special verdicts and general verdicts and noting that "special verdicts 'compel the jury to

1  focus exclusively on its fact-finding role'") (quoting <u>Floyd v. Laws</u>, 929 F.2d

2  1390, 1395 (9th Cir. 1991)).

3          Mattel's verdict form focuses the jury on the ultimate issue of whether MGA

4  and/or Isaac Larian aided and abetted breach of fiduciary duty while ignoring the

5  factual questions such as: whether Carter Bryant's actions were preparations to

6  compete, whether MGA and/or Isaac Larian knew that Carter Bryant owed a

7  fiduciary duty to Mattel, whether MGA and/or Isaac Larian knew when they

8  contracted with Bryant that he was breaching a fiduciary duty, whether MGA

9  and/or Isaac Larian made a conscious decision to participate in wrongful activity

10 designed to substantially assist Bryant in a breach of fiduciary duty, whether MGA

11 and/or Isaac Larian knowingly provided substantial assistance or encouragement to

12 Bryant while Bryant was employed at Mattel, whether MGA and/or Isaac Larian

13 provided a sufficiently high degree of substantial assistance as compared to their

14 knowledge and/or intent to cause a breach of Bryant's fiduciary duty, and whether

15 the conduct of MGA and/or Isaac Larian in meeting with, negotiating and signing a

16 contract with Bryant was a substantial reason for any harm Mattel incurred.

17 Moreover, Mattel's verdict form fails to address the MGA Parties' affirmative

18 defenses. (<u>See</u> MGA Parties' Proposed Phase 1-A Jury Verdict Forms No. 9.)  As

19 such, Mattel's Proposed Special Verdict Form – Aiding and Abetting Breach of

20 Fiduciary Duty is inappropriate under Fed. R. Civ. P. 49(a).

## Aiding and Abetting Breach of the Duty of Loyalty

9.   Is MGA liable to Mattel for aiding and abetting breach of the duty of loyalty?

Yes   ____

No   ____


10.   Is Isaac Larian liable to Mattel for aiding and abetting breach of the duty of loyalty?

Yes   ____

No   ____


## MGA PARTIES OBJECT TO THIS PROPOSED FORM AS STATED BELOW:

MGA Parties object to Mattel's Proposed Special Verdict Form – Aiding and Abetting Breach of the Duty of Loyalty on the grounds that the form fails to comply with Fed. R. Civ. P. 49(a)(1), which requires that the jury return, "a special verdict in the form of a special written finding on *each issue of fact*." (emphasis added).  This court's Order Regarding Pretrial Deadlines dated March 11, 2008 specifically states that the parties are to file "special verdict forms."  See Order Regarding Pretrial Deadlines ¶ 2.  Mattel's proposed "special verdict form" plainly does not meet this requirement.  Instead, Mattel asks the jury to return a general verdict on the question of whether MGA and/or Isaac Larian are liable for aiding and abetting breach of the duty of loyalty.  The purpose of a special verdict is to concentrate the jury on its fact-finding role.  See Zhang v. Am. Gem Seafoods, Inc., 339 F.3d 1020, 1031 (9th Cir. 2003) (discussing differences between special verdicts and general verdicts and noting that "special verdicts 'compel the jury to focus exclusively on its fact-finding role'") (quoting Floyd v. Laws, 929 F.2d

1390, 1395 (9th Cir. 1991)).  Mattel's verdict form focuses the jury on the ultimate issue of whether MGA and/or Isaac Larian aided and abetted breach of the duty of loyalty while ignoring the factual questions such as: whether Carter Bryant owed a duty of loyalty to Mattel, whether Carter Bryant breached that duty in licensing Bratz to MGA, whether Carter Bryant's actions were permissible preparations to compete, whether MGA and/or Isaac Larian knew when the contract with Carter Bryant for the rights to Bratz was signed that Carter Bryant was breaching the duty of loyalty, whether MGA and/or Isaac Larian knew that Carter Bryant did not immediately leave Mattel on signing his contract with MGA, whether MGA and/or Isaac Larian made a conscious decision to participate in wrongful activity designed to substantially assist Bryant in a breach of duty of loyalty, whether MGA and/or Isaac Larian knowingly provided substantial assistance or encouragement to Bryant in his breach of duty of loyalty, whether MGA and/or Isaac Larian provided a sufficiently high degree of substantial assistance as compared to their knowledge and/or intent to cause a breach of the duty of loyalty, and whether MGA and/or Isaac Larian was a substantial reason for any harm Mattel incurred.  Moreover, Mattel's verdict form fails to address MGA Parties' affirmative defenses. (See MGA Parties' Proposed Phase 1-A Jury Verdict Forms No. 10.)  As such, Mattel's Proposed Special Verdict Form – Aiding and Abetting Breach of the Duty of Loyalty is inappropriate under Fed. R. Civ. P. 49(a).

**Conversion**

11.   Is Carter Bryant liable to Mattel for conversion?

     Yes   \_\_\_\_

     No    \_\_\_\_

12.   Is MGA liable to Mattel for conversion?

     Yes   \_\_\_\_

     No    \_\_\_\_

13.   Is Isaac Larian liable to Mattel for conversion?

     Yes   \_\_\_\_

     No    \_\_\_\_

14.   Is MGA Entertainment (HK) Limited liable to Mattel for conversion?

     Yes   \_\_\_\_

     No    \_\_\_\_

**MGA PARTIES AND BRYANT OBJECT TO THIS PROPOSED FORM AS STATED BELOW:**

MGA Parties and Bryant object to Mattel's Proposed Special Verdict Form – Conversion to the extent it implies Mattel has alleged a claim for conversion in Phase One against MGA.  According to Mattel's Motion for Partial Summary Judgment ("Mattel MSJ"), there is no conversion claim asserted against MGA in Phase One. (See Mattel MSJ at 50:18-21.)

MGA Parties and Bryant object to Mattel's Proposed Special Verdict Form – Conversion as to Bryant, Larian and MGA (HK) on the grounds that the form fails to comply with Fed. R. Civ. P. 49(a)(1), which requires that the jury return, "a special

1  verdict in the form of a special written finding upon *each issue of fact*." (emphasis

2  added).  This court's Order Regarding Pretrial Deadlines dated March 11, 2008

3  specifically states that the parties are to file "special verdict forms."  <u>See</u> Order

4  Regarding Pretrial Deadlines ¶ 2.  Mattel's proposed "special verdict form" plainly

5  does not meet this requirement.  Instead, Mattel asks the jury to return a general

6  verdict on the question of whether MGA, MGA (HK), Isaac Larian and/or Carter

7  Bryant are liable for conversion.  The purpose of a special verdict is to concentrate the

8  jury on its fact-finding role.  <u>See</u> <u>Zhang v. Am. Gem Seafoods, Inc.</u>, 339 F.3d 1020,

9  1031 (9th Cir. 2003) (discussing differences between special verdicts and general

10  verdicts and noting that "special verdicts 'compel the jury to focus exclusively on its

11  fact-finding role'") (quoting <u>Floyd v. Laws</u>, 929 F.2d 1390, 1395 (9th Cir. 1991)).

12      Mattel's verdict form focuses the jury on the ultimate issue of whether there

13  was conversion while ignoring the factual questions such as: whether Mattel owned

14  the sketches, whether Mattel owned the rights to the doll head, telephones and fax

15  machines, whether Mattel consented to the access to the above-mentioned property,

16  whether Mattel was harmed by the conduct and whether the conduct of MGA, MGA

17  (HK), Isaac Larian and/or Carter Bryant was a substantial factor in causing the harm.

18  Moreover, Mattel's verdict form fails to address MGA Parties' and Bryant's

19  affirmative defenses. (<u>See</u> MGA Parties' Proposed Phase 1-A Jury Verdict Forms No.

20  13.)

21      As such, Mattel's Proposed Special Verdict Form – Conversion is inappropriate

22  under Fed. R. Civ. P. 49(a).

23

24

25

26

27

28

1

**Special Verdict Form for Phase 1B**

2

**Copyright Infringement**

3    1.    Is Carter Bryant liable to Mattel for copyright infringement?

4         Yes   ____

5         No    ____

6

7    2.    Is MGA Entertainment, Inc. ("MGA") liable to Mattel for copyright

8 infringement?

9         Yes   ____

10        No    ____

11

12   3.    Is Isaac Larian liable to Mattel for copyright infringement?

13        Yes   ____

14        No    ____

15

16   4.    Is MGA Entertainment (HK) Limited ("MGA HK") liable to Mattel

17 for copyright infringement?

18        Yes   ____

19        No    ____

20

21   5.    What are Mattel's damages for the Defendants' copyright

22 infringement?  (Answer all that apply.)

23

24   (a)    Copyright Infringement by Carter Bryant:

25        Bryant's Profits    $_____

26

27

28

1      (b)    Copyright Infringement by MGA

2                MGA's Profits      $_____

3

4      (c)    Copyright Infringement by Isaac Larian

5                Distributions Larian Received from MGA

6                       $_____

7                Value of Larian's Ownership Percentage of Bratz

8                       $_____

9

10      (d)    Copyright Infringement by MGA HK

11               MGA HK's Profits $_____

## MGA PARTIES AND BRYANT OBJECT TO THIS PROPOSED FORM AS STATED BELOW:

MGA Parties and Bryant object to Mattel's Proposed Special Verdict Form – Copyright Infringement on the grounds that the form fails to comply with Fed. R. Civ. P. 49(a)(1), which requires that the jury return, "a special verdict in the form of a special written finding on *each issue of fact*." (emphasis added).  This court's Order Regarding Pretrial Deadlines dated March 11, 2008 specifically states that the parties are to file "special verdict forms."  See Order Regarding Pretrial Deadlines ¶ 2.  Mattel's proposed "special verdict form" plainly does not meet this requirement.  Instead, Mattel asks the jury to return a general verdict on the question of whether MGA, MGA (HK), Isaac Larian and/or Carter Bryant are liable for copyright infringement.  The purpose of a special verdict is to concentrate the jury on its fact-finding role.  See Zhang v. Am. Gem Seafoods, Inc., 339 F.3d 1020, 1031 (9th Cir. 2003) (discussing differences between special verdicts and general verdicts and noting that "special verdicts 'compel the jury to

Case No. CV 04-9049 SGL (RNBx)
MATTEL'S DISPUTED PROPOSED SPECIAL VERDICT FORMS

1  focus exclusively on its fact-finding role'") (quoting <u>Floyd v. Laws</u>, 929 F.2d

2  1390, 1395 (9th Cir. 1991)).

3      Mattel's verdict form focuses the jury on the ultimate issue of whether

4  MGA, MGA (HK), Isaac Larian and/or Carter Bryant are liable for copyright

5  infringement while ignoring the factual questions such as whether Mattel owns the

6  original BRATZ drawings, and whether the BRATZ character art and dolls

7  infringe on those drawings.  The verdict form also lacks anything approaching a

8  finding on "each issue of fact." Fed. R. Civ. P. 49(a)(1).  There are at least sixteen

9  drawings at issue in this case, along with BRATZ character art and BRATZ dolls.

10 One question, "Is [] liable to Mattel for copyright infringement?" can hardly

11 produce a factual finding on all of these diverse issues.  Moreover, Mattel's verdict

12 form fails to address the affirmative defenses asserted by the defendants. (<u>See</u>

13 MGA Parties' Proposed Phase 1-B Jury Verdict Forms Nos. 1-3.)

14     Mattel's verdict form also focuses the jury on the ultimate issue of question

15 of Mattel's actual damages for copyright infringement by MGA, MGA (HK), Isaac

16 Larian and/or Carter Bryant, while ignoring the factual questions.  First, the

17 proposed form is not at all clear as to which drawing is infringed and whether the

18 drawing is infringed by BRATZ dolls or character art.  Additionally, the proposed

19 form ignores factual questions such as whether Mattel is entitled to anything more

20 than nominal damages, whether Mattel has proven lost gross revenue attributable

21 to the protectable portion of the copyrighted work, whether there are deductible

22 expenses associated with the infringing products and what are the profits

23 attributable to the protectable portion of the infringing product that Mattel has

24 established will fairly and reasonably compensate it for the losses that it has

25 incurred as a consequence of MGA and MGA (HK)'s copyright infringement.  The

26 phrasing of the verdict form as "Actual damages/[defendant's] profits" further

27 misleads the jury on this point.  Therefore, MGA Parties and Bryant object to the

28

1  failure to include the essential findings as set forth in the MGA Parties proposed

2  jury verdict forms. (See MGA Parties' Proposed Phase 1-B Jury Verdict Forms

3  Nos. 1-3.)

4          As such, Mattel's Proposed Special Verdict Form – Copyright Infringement is

5  inappropriate under Fed. R. Civ. P. 49(a).

1

**Breach of Contract**

2      6.      In Phase 1A of this trial, you found that Carter Bryant is liable to

3  Mattel for breach of contract.  What are Mattel's damages?

4

5      $_____

6

7  **MGA PARTIES AND BRYANT OBJECT TO THIS PROPOSED**

8  **FORM AS STATED BELOW:**

9      MGA Parties and Bryant object to Mattel's Proposed Special Verdict Form

10  – Breach of Contract on the grounds that the form fails to comply with Fed. R. Civ.

11  P. 49(a)(1), which requires that the jury return, "a special verdict in the form of a

12  special written finding on *each issue of fact*." (emphasis added).  This court's

13  Order Regarding Pretrial Deadlines dated March 11, 2008 specifically states that

14  the parties are to file "special verdict forms."  <u>See</u> Order Regarding Pretrial

15  Deadlines ¶ 2.  Mattel's proposed "special verdict form" plainly does not meet this

16  requirement.  Instead, Mattel asks the jury to return a general verdict on the

17  question of Mattel's actual damages for breach of contract by Carter Bryant.  The

18  purpose of a special verdict is to concentrate the jury on its fact-finding role.  <u>See</u>

19  <u>Zhang v. Am. Gem Seafoods, Inc.</u>, 339 F.3d 1020, 1031 (9th Cir. 2003)

20  (discussing differences between special verdicts and general verdicts and noting

21  that "special verdicts 'compel the jury to focus exclusively on its fact-finding

22  role'") (quoting <u>Floyd v. Laws</u>, 929 F.2d 1390, 1395 (9th Cir. 1991)).

23      Mattel's verdict form focuses the jury on the ultimate issue of question of

24  Mattel's actual damages for breach of contract by Carter Bryant, while ignoring the

25  factual questions.  The proposed form ignores factual questions such as whether

26  Mattel is entitled to anything more than nominal damages.  Further, the form fails

27  to differentiate among the breaches of contract alleged by Mattel and require a

28

-32-

1  separate finding as to damages for each alleged breach.  Thus, MGA Parties and

2  Bryant objects to the failure to include the findings set forth in the MGA Parties'

3  proposed jury verdict forms. (See MGA Parties' Proposed Phase 1-B Jury Verdict

4  Forms Nos. 1-3.) As such, Mattel's Proposed Special Verdict Form – Breach of

5  Contract is inappropriate under Fed. R. Civ. P. 49(a).

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Intentional Interference With Contractual Relations**

7.     In Phase 1(a) of this trial, you found that the Defendant(s) [INSERT NAMES] is/are liable to Mattel for intentional interference with contractual relations.  What are Mattel's damages?

$_____

**MGA PARTIES OBJECT TO THIS PROPOSED FORM AS STATED BELOW:**

MGA Parties object to Mattel's Proposed Special Verdict Form – Intentional Interference with Contractual Relations on the grounds that the form fails to comply with Fed. R. Civ. P. 49(a)(1), which requires that the jury return, "a special verdict in the form of a special written finding upon *each issue of fact*." (emphasis added).  This court's Order Regarding Pretrial Deadlines dated March 11, 2008 specifically states that the parties are to file "special verdict forms."  See Order Regarding Pretrial Deadlines ¶ 2.  Mattel's proposed "special verdict form" plainly does not meet this requirement.  Instead, Mattel asks the jury to return a general verdict on the question of Mattel's actual damages for breach of contract by Carter Bryant.  The purpose of a special verdict is to concentrate the jury on its fact-finding role.  See Zhang v. Am. Gem Seafoods, Inc., 339 F.3d 1020, 1031 (9th Cir. 2003) (discussing differences between special verdicts and general verdicts and noting that "special verdicts 'compel the jury to focus exclusively on its fact-finding role'") (quoting Floyd v. Laws, 929 F.2d 1390, 1395 (9th Cir. 1991)).

Mattel's verdict form focuses the jury on the ultimate issue of question of Mattel's actual damages for intentional interference with contractual relations by MGA and Isaac Larian, while ignoring the factual questions.  The proposed form ignores factual questions such as whether Mattel is entitled to anything more than

1   nominal damages. (See MGA Parties' Proposed Phase 1-B Jury Verdict Forms No.

2   10.)  As such, Mattel's Proposed Special Verdict Form – Intentional Interference

3   with Contractual Relations is inappropriate under Fed. R. Civ. P. 49(a).

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Breach of Fiduciary Duty**

8.     The Court found as a matter of law that Carter Bryant breached his fiduciary duty to Mattel by entering into a contract with MGA, Mattel's competitor, while still employed by Mattel, to produce a line of fashion dolls to be marketed in direct competition with Mattel's products.  In Phase 1A of this trial, you found that Carter Bryant is liable to Mattel for additional breaches of fiduciary duty.  What are Mattel's damages?

$\underline{\hspace{6cm}}$

**MGA PARTIES AND BRYANT OBJECT TO THIS PROPOSED FORM AS STATED BELOW:**

MGA Parties and Bryant object to Mattel's Proposed Special Verdict Form – Breach of Fiduciary Duty on the grounds that the form fails to comply with Fed. R. Civ. P. 49(a)(1), which requires that the jury return, "a special verdict in the form of a special written finding on *each issue of fact*." (emphasis added).  This court's Order Regarding Pretrial Deadlines dated March 11, 2008 specifically states that the parties are to file "special verdict forms."  See Order Regarding Pretrial Deadlines ¶ 2.  Mattel's proposed "special verdict form" plainly does not meet this requirement.  Instead, Mattel asks the jury to return a general verdict on the question of Mattel's actual damages for breach of fiduciary duty by Carter Bryant.  The purpose of a special verdict is to concentrate the jury on its fact-finding role.  See Zhang v. Am. Gem Seafoods, Inc., 339 F.3d 1020, 1031 (9th Cir. 2003) (discussing differences between special verdicts and general verdicts and noting that "special verdicts 'compel the jury to focus exclusively on its fact-finding role'") (quoting Floyd v. Laws, 929 F.2d 1390, 1395 (9th Cir. 1991)).

Mattel's form is also premature and thus inappropriate in that it does not account for Carter Bryant's pending motion for reconsideration of the Court's summary judgment findings concerning the duties owed by Bryant and the alleged breach thereof, which the Court has ordered shall be heard on May 19, 2008. Mattel's verdict form thus improperly focuses the jury on the ultimate issue of Mattel's actual damages for breach of fiduciary duty by Carter Bryant, while ignoring the factual questions.  The proposed form ignores factual questions such as whether Mattel is entitled to anything more than nominal damages. (See MGA Parties' Proposed Phase 1-B Jury Verdict Forms No. 6.)

Lastly, even if the Court were to deny Bryant's pending motion, any reference to the Court's findings is here is both erroneous and prejudicial.  The Court's April 25,2008 MSJ Order did not make any findings with respect to certain elements of Mattel's breach of fiduciary duty claim, made no findings of liability, and did not address Bryant's affirmative defenses. This verdict form, as drafted, implies that the Court has already found liability and that the jury determined in Phase 1A found "that Carter Bryant is liable to Mattel for additional breaches of fiduciary duty"  and is thus erroneous.

As such, Mattel's Proposed Special Verdict Form – Breach of Fiduciary Duty is inappropriate under Fed. R. Civ. P. 49(a).

1

## Breach of the Duty of Loyalty

2       9.      The Court has already found as a matter of law that Carter Bryant

3   breached his duty of loyalty to Mattel by entering into a contract with MGA,

4   Mattel's competitor, while still employed by Mattel, to produce a line of fashion

5   dolls to be marketed in direct competition with Mattel's products.  In Phase 1A of

6   this trial, you found that Carter Bryant is liable to Mattel for additional breaches of

7   the duty of loyalty.  What are Mattel's damages?

8       $_____

9

10  **MGA PARTIES AND BRYANT OBJECT TO THIS PROPOSED**

11  **FORM AS STATED BELOW:**

12      MGA Parties and Bryant object to Mattel's Proposed Special Verdict Form –

13  Breach of the Duty of Loyalty on the grounds that the form fails to comply with Fed.

14  R. Civ. P. 49(a)(1), which requires that the jury return, "a special verdict in the form

15  of a special written finding on *each issue of fact*." (emphasis added).  This court's

16  Order Regarding Pretrial Deadlines dated March 11, 2008 specifically states that the

17  parties are to file "special verdict forms." See Order Regarding Pretrial Deadlines ¶ 2.

18  Mattel's proposed "special verdict form" plainly does not meet this requirement.

19  Instead, Mattel asks the jury to return a general verdict on the question of Mattel's

20  actual damages for breach of the duty of loyalty by Carter Bryant.  The purpose of a

21  special verdict is to concentrate the jury on its fact-finding role.  See Zhang v. Am.

22  Gem Seafoods, Inc., 339 F.3d 1020, 1031 (9th Cir. 2003) (discussing differences

23  between special verdicts and general verdicts and noting that "special verdicts

24  'compel the jury to focus exclusively on its fact-finding role'") (quoting Floyd v.

25  Laws, 929 F.2d 1390, 1395 (9th Cir. 1991)).

26      Mattel's form is also premature and thus inappropriate in that it does not

27  account for Carter Bryant's pending motion for reconsideration of the Court's

28

summary judgment findings concerning the duties owed by Bryant and the breach thereof, which the Court ordered shall be heard on May 19, 2008. Mattel's verdict form thus improperly focuses the jury on the ultimate issue of Mattel's actual damages for breach of the duty of loyalty by Carter Bryant, while ignoring the factual questions.  The proposed form ignores factual questions such as whether Mattel is entitled to anything more than nominal damages. (See MGA Parties' Proposed Phase 1-B Jury Verdict Forms No. 8.)

Lastly, even if the Court were to deny Bryant's pending motion, any reference to the Court's findings is here is both erroneous and prejudicial.  The Court's April 25,2008 MSJ Order did not make any findings with respect to certain elements of Mattel's breach of duty of loyalty claim, made no findings of liability, and did not address Bryant's affirmative defenses. This verdict form, as drafted, implies that the Court has already found liability and that the jury determined in Phase 1A found "that Carter Bryant is liable to Mattel for additional breaches of the duty of loyalty" and is thus erroneous.

As such, Mattel's Proposed Special Verdict Form – Breach of the Duty of Loyalty is inappropriate under Fed. R. Civ. P. 49(a).

## **Aiding and Abetting Breach of Fiduciary Duty**

10.     In Phase 1A of this trial, you found that the Defendant(s) [INSERT NAMES] is/are liable to Mattel for aiding and abetting Carter Bryant's breach of fiduciary duty.  What are Mattel's damages?


$_____


## **MGA PARTIES OBJECT TO THIS PROPOSED FORM AS STATED BELOW:**

MGA Parties object to Mattel's Proposed Special Verdict Form – Aiding and Abetting Breach of Fiduciary Duty on the grounds that the form fails to comply with Fed. R. Civ. P. 49(a)(1), which requires that the jury return, "a special verdict in the form of a special written finding upon *each issue of fact*." (emphasis added).  This court's Order Regarding Pretrial Deadlines dated March 11, 2008 specifically states that the parties are to file "special verdict forms."  See Order Regarding Pretrial Deadlines ¶ 2.  Mattel's proposed "special verdict form" plainly does not meet this requirement.  Instead, Mattel asks the jury to return a general verdict on the question of Mattel's actual damages for aiding and abetting breach of fiduciary duty by MGA and Isaac Larian.  The purpose of a special verdict is to concentrate the jury on its fact-finding role.  See Zhang v. Am. Gem Seafoods, Inc., 339 F.3d 1020, 1031 (9th Cir. 2003) (discussing differences between special verdicts and general verdicts and noting that "special verdicts 'compel the jury to focus exclusively on its fact-finding role'") (quoting Floyd v. Laws, 929 F.2d 1390, 1395 (9th Cir. 1991)).

Mattel's verdict form focuses the jury on the ultimate issue of question of Mattel's actual damages for aiding and abetting breach of fiduciary duty by MGA and Isaac Larian, while ignoring the factual questions. The proposed form ignores

factual questions such as whether Mattel is entitled to anything more than nominal damages. (See MGA Parties' Proposed Phase 1-B Jury Verdict Forms No. 7.) As such, Mattel's Proposed Special Verdict Form – Aiding and Abetting Breach of Fiduciary Duty is inappropriate under Fed. R. Civ. P. 49(a).

1

**Aiding and Abetting Breach of the Duty of Loyalty**

2    11.    In Phase 1A of this trial, you found that the Defendant(s) [INSERT

3    NAMES] is/are liable to Mattel for aiding and abetting Carter Bryant's breach of

4    the duty of loyalty.  What are Mattel's damages?

5

6    $\underline{\phantom{xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx}}$

7

8    **MGA PARTIES OBJECT TO THIS PROPOSED FORM AS STATED**

9    **BELOW:**

10    MGA Parties object to Mattel's Proposed Special Verdict Form – Aiding

11    and Abetting Breach of the Duty of Loyalty on the grounds that the form fails to

12    comply with Fed. R. Civ. P. 49(a)(1), which requires that the jury return, "a special

13    verdict in the form of a special written finding on *each issue of fact*." (emphasis

14    added).  This court's Order Regarding Pretrial Deadlines dated March 11, 2008

15    specifically states that the parties are to file "special verdict forms."  See Order

16    Regarding Pretrial Deadlines ¶ 2.  Mattel's proposed "special verdict form" plainly

17    does not meet this requirement.  Instead, Mattel asks the jury to return a general

18    verdict on the question of Mattel's actual damages for aiding and abetting breach

19    of the duty of loyalty by MGA and Isaac Larian.  The purpose of a special verdict

20    is to concentrate the jury on its fact-finding role.  See Zhang v. Am. Gem

21    Seafoods, Inc., 339 F.3d 1020, 1031 (9th Cir. 2003) (discussing differences

22    between special verdicts and general verdicts and noting that "special verdicts

23    'compel the jury to focus exclusively on its fact-finding role'") (quoting Floyd v.

24    Laws, 929 F.2d 1390, 1395 (9th Cir. 1991)).

25    Mattel's verdict form focuses the jury on the ultimate issue of question of

26    Mattel's actual damages for aiding and abetting breach of the duty of loyalty by

27    MGA and Isaac Larian, while ignoring the factual questions. The proposed form

28

Case No. CV 04-9049 SGL (RNBx)

MATTEL'S DISPUTED PROPOSED SPECIAL VERDICT FORMS

ignores factual questions such as whether Mattel is entitled to anything more than nominal damages.  (See MGA Parties' Proposed Phase 1-B Jury Verdict Forms No. 9.) As such, Mattel's Proposed Special Verdict Form – Aiding and Abetting Breach of the Duty of Loyalty is inappropriate under Fed. R. Civ. P. 49(a).

1

### Conversion

2      12.   In Phase 1A of this trial, you found that the Defendant(s) [INSERT

3  NAMES] is/are liable to Mattel for conversion.  What are Mattel's damages?

4

5        $_____

6

7    **MGA PARTIES AND BRYANT OBJECT TO THIS PROPOSED**

8  **FORM AS STATED BELOW:**

9      MGA Parties and Bryant object to Mattel's Proposed Special Verdict Form

10 – Conversion to the extent it provides for damages based on conversion of

11 intangible property, such as concepts and ideas, because the Court has already

12 dismissed Mattel's claim for conversion to the extent it is based on conversion of

13 ideas. (See April 25, 2008 MSJ Order; see also Mattel's Opposition to the MGA

14 Parties' Motion for Summary Judgment at 71-72, citing Melchior v. New Line

15 Prods., Inc., 106 Cal. App. 4th 779, 793 (2003) ("[t]he tort of conversion does not

16 apply to ideas").)  The form is further objectionable because it does not explain

17 how damages for conversion should be calculated.  For example, it does not refer

18 to or define the concept of fair market value, failing to explain that fair market

19 value is the highest price that a willing buyer would have paid to a willing seller,

20 assuming: (1) That there is no pressure on either one to buy or sell; and (2) That

21 the buyer and seller know all the uses and purposes for which the tangible physical

22 property is reasonably capable of being used. (See MGA Parties' Proposed Phase

23 1-B Jury Verdict Forms No. 11.); See also Judicial Counsel of California Civil Jury

24 Instructions ("CACI") § 2102 (2008) (providing detailed instructions for the proper

25 calculation of damages in conversion actions).  Further, the form fails to require

26 that the jury link the damages to the specific tangible property the jury has found

27

28

1   was converted.  As such, Mattel's Proposed Special Verdict Form – Conversion is

2   inappropriate under Fed. R. Civ. P. 49(a).

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **Punitive Damages**

13.   Should punitive damages be awarded against Carter Bryant?

     Yes    ____

     No    ____

*If your answer is "yes," then answer Question 14.*

*If your answer is "no," then answer Question 15.*

14.   What amount of punitive damages should be awarded against Mr. Bryant?

     $_____

15.   Should punitive damages be awarded against MGA?

     Yes    ____

     No    ____

*If your answer is "yes," then answer Question 16.*

*If your answer is "no," then answer Question 17.*

16.   What amount of punitive damages should be awarded against MGA Entertainment?

     $_____

17.   Should punitive damages be awarded against Isaac Larian?

     Yes    ____

     No    ____

*If your answer is "yes," then answer Question 18.*

*If your answer is "no," then answer Question 19.*

18.     What amount of punitive damages should be awarded against Mr. Larian?

$_____

19.     Should punitive damages be awarded against MGA HK?

Yes     ____

No      ____

*If your answer is "yes," then answer Question 20.*

20.     What amount of punitive damages should be awarded against MGA HK?

$_____

**MGA PARTIES AND BRYANT OBJECT TO THIS PROPOSED FORM AS STATED BELOW:**

Mattel's Proposed Special Verdict Form – Punitive Damages is objectionable because Mattel lacks any evidentiary basis to submit a verdict form concerning punitive damages. See <u>Barry v. Raskov</u>, 232 Cal. App. 3d 447, 457 (1991) (trial court properly refused to instruct jury on punitive damages, as there was not clear and convincing evidence of fraud); <u>see also</u> <u>Jones v. Williams</u>, 297 F.3d 930, 934 (9th Cir. 2002) ("[a] party is entitled to an instruction about his or her theory of the case if it is supported by law and has foundation in the evidence").  Further, this form is objectionable because it does not include a specific finding of malice, oppression or fraud that is required to support an award of punitive damages under Cal. Civil Code Section 3294.

# MATTEL, INC.'S STATEMENT IN SUPPORT OF ITS PROPOSED SPECIAL VERDICT FORMS

## **General Statement**

The MGA Parties and Bryant have raised a variety of objections to Mattel's Proposed Special Verdict Forms.  They are not well taken.  The thrust of defendants' objections is that the Court is somehow required to provide the jury with a series of absurdly long and defense-slanted forms such as those defendants have proposed – but this is obviously not required by *Federal Rule of Civil Procedure* 49 or any other source.

Instead, for the reasons stated in Mattel's objections to defendants' verdict forms, the Court should provide Mattel's verdict forms to the jury.  Mattel's forms accurately set forth the applicable law, whereas defendants do not.  Mattel's forms are fair to all parties; defendants' forms are hopelessly slanted toward the defense.  Mattel's forms properly ask the jury to make liability determinations as to each defendant; defendants' forms improperly lump all defendants together.  Mattel's forms preserve the jury's role as fact-finder; defendants' forms consistently prompt the jury to accept, or ask the jury to assume, defendants' version of the facts.  Finally, Mattel's forms are clear and are an appropriate length; defendants' forms, which are absurdly long and convoluted, are calculated to suggest to the jury that they must spend weeks in deliberations if they are to find for Mattel.

Defendants claim that Mattel's forms are not proper because the Federal Rules and the Court's Scheduling Order require lengthy verdict forms that walk the jury through every fact, every element and every defense conceivably relevant to Mattel's claims against defendants.  That simply is not the case.  First, defendants erroneously assert that *Federal Rule of Civil Procedure* 49(a) requires a lengthy, convoluted special verdict form like those proposed by defendants.  Rule 49(a)

Case No. CV 04-9049 SGL (RNBx)
MATTEL'S DISPUTED PROPOSED SPECIAL VERDICT FORMS

1   does not *require* such a form at all; rather, it *authorizes* the Court to use such a

2   form, as well as more general verdict forms.  *See Fed. R. Civ. P.* 49(a) ("The court

3   may require a jury to return only a special verdict in the form of a special written

4   finding on each issue of fact."); *Fed. R. Civ. P.* 49(b) ("The court may submit to

5   the jury forms for a general verdict . . . .").  Moreover, the Court's Order does not

6   require more detail than Mattel has provided in its proposed forms merely because

7   the Order uses the word "special"—and it certainly does not require as much detail

8   (and often erroneous detail) as the forms proposed by defendants.  As set forth in

9   Mattel's objections to defendants' proposed verdict forms, defendants' convoluted

10  and overly-detailed versions are erroneous, misleading, and call for numerous

11  findings that are unnecessary and/or prejudicial.  Defendants' proposed forms

12  repeatedly mischaracterize Mattel's claims.

13        In any event, defendants fundamentally misunderstand the definition of a

14  special verdict form.  In the very case they cite, *Zhang v. American Gem Seafoods,*

15  *Inc.*, 339 F.3d 1020, 1031 (9th Cir. 2003), the Ninth Circuit explained that "the key

16  is not the number of questions on the verdict form, but whether the jury announces

17  the ultimate legal result on each claim.  If the jury announces only its ultimate

18  conclusions, it returns an ordinary general verdict; if it makes factual findings in

19  addition to the ultimate legal conclusions, it returns a general verdict with

20  interrogatories.  If it returns *only* factual findings, leaving the court to determine

21  the ultimate legal result, it returns a special verdict."  (emphasis added.)  Here,

22  even defendants' proposed special verdict form is not restricted to factual

23  questions, and hence is not a "special" verdict form as that has been defined by the

24  Ninth Circuit.  Rather, it is a general verdict form with interrogatories.

25  This is also shown by the fact that defendants, like Mattel, have submitted

26  proposed jury instructions.  With a true "special" verdict form, as defined in *Zhang*,

27  there would be no jury instructions.  As described by the court in *Zhang*, it is a

28

general verdict, not a special verdict, that "require[s] legal instruction" so that the jury can apply the law to the facts; because a special verdict "'compel[s] the jury to focus *exclusively* on its factfinding role,'" 339 F.3d at 1031 (quoting *Floyd v. Laws*, 929 F.2d 1390, 1395 (9th Cir. 1991)) (emphasis added), instructions on the legal elements of claims are unnecessary. *See also Landes Constr. Co. v. Royal Bank of Canada*, 833 F.2d 1365, 1374 (9th Cir. 1987). Thus, by requiring the submission of jury instructions, this Court has already concluded that the type of "special" verdict form discussed in *Zhang* is not appropriate here, rendering defendants' objections inapplicable.

Neither Rule 49 nor the Court's Scheduling Order provides Mattel's proposed verdict forms are improper. Considered in conjunction with Mattel's proposed jury instructions, these forms provide ample and clear guidance to the jury. A simple form such as Mattel's is clearly preferable to an overly detailed and convoluted version such as defendants' proposed form. *Cooper v. Paychex, Inc.*, 960 F. Supp. 966, 973 (E.D. Va. 1997), is on point. There, a party claimed that its adversary's proposed verdict form was not sufficiently detailed. The court rejected the argument as having "no merit," reasoning that:

> The jury was extensively instructed as to the applicable burdens of proof. Paychex has not cited any case, and this Court knows of none, which requires the jury form to capture each and every jury instruction. A jury form is intended to assist the jury in analyzing and presenting its decision. *The jury form submitted by Paychex would have failed that goal due to its length and its confusing structure*.

*Id.* at 973 (emphasis added). Defendants, like Paychex, have "not cited any case … which requires the jury form to capture each and every jury instruction." Id.

1   Defendants are simply wrong in asserting that Mattel's proposed form "ignor[es]

2   … factual questions"; such questions are amply addressed in Mattel's proposed

3   jury instructions, which are more than adequate to guide the jury in filling out the

4   verdict forms.  Indeed

5       Additionally, many of defendants' objections concerning additional

6   questions they say Mattel's forms should include are contrary to the Court's April

7   25, 2008 Order.  For example, defendants object to Mattel's proposed verdict forms

8   because they "ignor[e] the factual questions such as" "whether a valid contract

9   existed," "whether the term 'inventions' applies to the Bratz drawings," and

10  "whether Carter Bryant owed a fiduciary duty to Mattel."  Those objections should

11  be overruled because the Court has already ruled against defendants on those very

12  issues.  *See* April 25, 2008 Order, at 4-5 (finding that Inventions Agreement is a

13  valid and enforceable contract, that the "original Bratz drawings clearly fall within

14  the scope of the Inventions Agreement," and that Bryant owed a fiduciary duty to

15  Mattel).  Defendants' objections that Mattel's proposed forms do not incorporate

16  their proposed affirmative defenses should also be overruled because the Court

17  already concluded that almost all of defendants' affirmative defenses are equitable,

18  and the Court – not the jury – will rule on them *after* trial.  *See id.* at 7-8.  In any

19  case, the jury will voice its findings on any affirmative defenses it does consider in

20  determining liability—if the jury finds for Mattel, it necessarily will have rejected

21  any affirmative defenses submitted for its consideration.

22      For all of the above reasons and those set forth below with respect to

23  defendants' specific objections, Mattel submits that defendants' forms should be

24  rejected, and Mattel's forms should be provided to the jury in each of Phase 1A and

25  Phase 1B of the trial in this matter.

26      Mattel's additional responses to defendants' objections to its specific

27  proposed forms are as follows:

28

# SPECIAL VERDICT FORM FOR PHASE 1A

## Question 1:  Breach of Contract

Mattel incorporates its General Statement as if set forth fully herein.  In addition, defendants' objections that Mattel's proposed form of verdict regarding its breach of contract claim should address additional factual issues should be overruled.  The additional issues identified by defendants are contrary to the Court's April 25, 2008 Order and/or unnecessary and confusing.  For example, defendants have no basis to ask whether the jury finds that a valid contract existed because the Court already ruled that the Inventions Agreement is a valid and enforceable contract.  *See* April 25, 2008 Order, at 5.  And it would be improper to ask the jury to rule on Bryant's affirmative defenses because the Court intends to rule on such defenses after trial.  *See id.* at 7-8.  Finally, it is not necessary to separate out the various breaches of contract.

## Question 2:  Ownership of Bratz Works

Mattel incorporates its General Statement as if set forth fully herein.  In addition, Defendants' objections to Mattel's proposed form of verdict regarding its ownership of Bratz works should be overruled.  As an initial matter, their objection to the phrase "Bratz works" is not well taken.  Defendants have themselves used the term "Bratz property" to describe materials created by Bryant (*see* 2004 Modification of 2000 Agreement at § 3.2 (MGA000429-434)), and the phrase "Bratz works" does not imply anything about whether the original Bratz drawings are "substantially similar" to the Bratz dolls sold by defendants for purposes of Mattel's copyright infringement claims (which will not even be adjudicated in Phase 1A of the trial).  The term merely describes the works at issue for the jury.

Defendants' objections that the verdict form should address additional factual issues should also be overruled.  The additional issues identified by

defendants are contrary to the Court's April 25, 2008 Order and/or unnecessary and confusing.  For example, defendants have no basis to ask whether the jury finds that the term "inventions" applies to the Bratz drawings or whether the jury finds that there was a "valid assignment of any copyright interest."  The Court already ruled as a matter of law that the "original Bratz drawings clearly fall within the scope of the Inventions Agreement" and that the "Inventions Agreement explicitly conveys to Mattel an employee's interest in any copyrights or copyright applications."  *See* April 25, 2008 Order, at 4.

Finally, it would be improper to ask the jury to rule on defendants' affirmative defenses because the Court intends to rule on such defenses after trial. *See id.* at 7-8.  Nor is it necessary to separate out the various breaches of contract.

## **Questions 3-4:  Intentional Interference with Contractual Relations**

Mattel incorporates its General Statement as if set forth fully herein.  In addition, defendants' objections that Mattel's proposed form of verdict should address additional factual issues should be overruled.  The additional issues identified by defendants are contrary to the Court's April 25, 2008 Order and/or unnecessary and confusing.  For example, defendants have no basis to ask whether the jury finds that a valid contract existed because the Court already ruled that the Inventions Agreement is a valid and enforceable contract.  *See* April 25, 2008 Order, at 5.  The Court also rejected defendants' erroneous assertion that the jury must find that defendants committed "an additional wrongful act independent of the interference."  As to the remaining issues, the jury instructions sufficiently inform the jury as to the specific elements that must be satisfied for defendants to be held liable.  Accordingly, there is no need for the jury to make specific findings on every element of a claim—that is obviously encompassed within the determination of liability.

1       Finally, it would be improper to ask the jury to rule on defendants'

2   affirmative defenses because the Court intends to rule on such defenses after trial.

3   *See id.* at 7-8.

4

5                       **Question 5:  Breach of Fiduciary Duty**

6       Mattel incorporates its General Statement as if set forth fully herein.  In

7   addition, defendants' objections that Mattel's proposed form of verdict should

8   address additional factual issues should be overruled.  The additional issues

9   identified by defendants are contrary to the Court's April 25, 2008 Order and/or

10  unnecessary and confusing.  For example, defendants have no basis to ask whether

11  the jury finds that Bryant owed a fiduciary duty to Mattel or whether Bryant's

12  actions were "merely preparations to compete."  The Court already ruled that

13  Bryant owed a fiduciary duty and that he cannot defend his actions as "preparations

14  to compete."  *See* April 25, 2008 Order, at 5.  Defendants' objection that Mattel's

15  verdict form "does not account for [] Bryant's pending motion for reconsideration"

16  is not well taken.  There is no reason to inform the jury of a  motion for

17  reconsideration.  If the Court modifies its April 25, 2008 Order, Mattel will

18  obviously modify its proposed forms.  But the form is proper based on the Court's

19  rulings to date.

20      As to the remaining issues, the jury instructions sufficiently inform the jury

21  as to the specific elements that must be satisfied for defendants to be held liable.

22  Accordingly, there is no need for the jury to make specific findings on every

23  element of a claim—that is obviously encompassed within the determination of

24  liability.

25      Nor does defendants' contention that the Court "made no findings of

26  liability" make any sense at all.  The Court clearly found Bryant liable for breach

27  of fiduciary duty.  *See* April 25, 2008 Order, at 6 (granting Mattel's motion for

28

1   summary judgment on the issue of breach of fiduciary duty).  Defendants' assertion
2   that the Court did not find Bryant liable misreads the Order.

3          Finally, it would be improper to ask the jury to rule on defendants'
4   affirmative defenses because the Court intends to rule on such defenses after trial.
5   *See id.* at 7-8.

6

7                 **Question 6:  Breach of the Duty of Loyalty**

8          Mattel incorporates its General Statement as if set forth fully herein.  In
9   addition, defendants' objections that Mattel's proposed form of verdict should
10  address additional factual issues should be overruled.  The additional issues
11  identified by defendants are contrary to the Court's April 25, 2008 Order and/or
12  unnecessary and confusing.  For example, defendants have no basis to ask whether
13  the jury finds that Bryant owed a duty of loyalty to Mattel or whether Bryant's
14  actions were "merely preparations to compete."  The Court already ruled that
15  Bryant owed a fiduciary duty and that he cannot defend his actions as "preparations
16  to compete."  *See* April 25, 2008 Order, at 5-6.  Defendants' objection that Mattel's
17  verdict form "does not account for [] Bryant's pending motion for reconsideration"
18  is not well taken.  There is no reason to inform the jury of a  motion for
19  reconsideration.  If the Court modifies its April 25, 2008 Order, Mattel will
20  obviously modify its proposed forms.  But the form is proper based on the Court's
21  rulings to date.

22         As to the remaining issues, the jury instructions sufficiently inform the jury
23  as to the specific elements that must be satisfied for defendants to be held liable.
24  Accordingly, there is no need for the jury to make specific findings on every
25  element of a claim—that is obviously encompassed within the determination of
26  liability.

27

28

Case No. CV 04-9049 SGL (RNBx)
MATTEL'S DISPUTED PROPOSED SPECIAL VERDICT FORMS

1    Nor does defendants' contention that the Court "made no findings of

2  liability" make any sense at all.  The Court clearly found Bryant liable for breach

3  of the duty of loyalty.  *See* April 25, 2008 Order, at 5-6 (granting Mattel's motion

4  for summary judgment on the issue of breach of duty of loyalty).  Defendants'

5  assertion that the Court did not find Bryant liable misreads the Order.

6    Finally, it would be improper to ask the jury to rule on defendants'

7  affirmative defenses because the Court intends to rule on such defenses after trial.

8  *See id.* at 7-8.

9

10  ## Questions 7-8:  Aiding and Abetting Breach of Fiduciary Duty

11    Mattel incorporates its General Statement as if set forth fully herein.  In

12  addition, defendants' objections that Mattel's proposed form of verdict should

13  address additional factual issues should be overruled.  The additional issues

14  identified by defendants are contrary to the Court's April 25, 2008 Order and/or

15  unnecessary and confusing.  Defendants have no basis to ask whether the jury finds

16  that Bryant's actions were "merely preparations to compete."  The Court already

17  ruled that he cannot defend his actions as "preparations to compete."  *See* April 25,

18  2008 Order, at 5-6.

19    Many of defendants' additional proposed findings are erroneous as a matter

20  of law or unintelligible.  For example, there is also no basis for defendants to ask

21  the jury whether defendants "made a conscious decision to participate in wrongful

22  activity" since that misstates the legal standard.  *See Casey v. U.S. Bank Nat'l*

23  *Assn.*, 127 Cal. App. 4th 1138, 1145 (2005) (even ordinary business transactions

24  by bank can constitute substantial assistance).  And defendants' proposed finding

25  as to whether defendants "provided a sufficiently high degree of substantial

26  assistance as compared to their knowledge and/or intent to cause a breach of

27  Bryant's fiduciary duty" is unintelligible.

28

As to the remaining issues, the jury instructions sufficiently inform the jury as to the specific elements that must be satisfied for defendants to be held liable. Accordingly, there is no need for the jury to make specific findings on every element of a claim—that is obviously encompassed within the determination of liability.

Finally, it would be improper to ask the jury to rule on defendants' affirmative defenses because the Court intends to rule on such defenses after trial. *See id.* at 7-8.

## Questions 9-10:  Aiding and Abetting Breach of Duty of Loyalty

Mattel incorporates its General Statement as if set forth fully herein.  In addition, defendants' objections that Mattel's proposed form of verdict should address additional factual issues should be overruled.  The additional issues identified by defendants are contrary to the Court's April 25, 2008 Order and/or unnecessary and confusing.  Defendants have no basis to ask whether the jury finds that Bryant owed a duty of loyalty to Mattel and whether his actions were "merely preparations to compete."  The Court already ruled that Bryant owed a duty of loyalty and that he cannot defend his actions as "preparations to compete."  *See* April 25, 2008 Order, at 5-6.

Many of defendants' additional proposed findings are erroneous as a matter of law or unintelligible.  For example, there is also no basis for defendants to ask the jury whether defendants "made a conscious decision to participate in wrongful activity" since that misstates the legal standard.  *See Casey v. U.S. Bank Nat'l Assn.*, 127 Cal. App. 4th 1138, 1145 (2005) (even ordinary business transactions by bank can constitute substantial assistance).  And defendants' proposed finding as to whether defendants "provided a sufficiently high degree of substantial

1   assistance as compared to their knowledge and/or intent to cause a breach of

2   Bryant's fiduciary duty" is unintelligible.

3        As to the remaining issues, the jury instructions sufficiently inform the jury

4   as to the specific elements that must be satisfied for defendants to be held liable.

5   Accordingly, there is no need for the jury to make specific findings on every

6   element of a claim—that is obviously encompassed within the determination of

7   liability.

8        Finally, it would be improper to ask the jury to rule on defendants'

9   affirmative defenses because the Court intends to rule on such defenses after trial.

10  *See id.* at 7-8.

11

12              **Questions 11-14:  Conversion**

13       Mattel incorporates its General Statement as if set forth fully herein.  As set

14  forth in the operative pleading, Mattel is asserting a conversion claim against

15  MGA.  *See* Mattel, Inc.'s Second Amended Answer in Case No. 05-2727 and

16  Counterclaims ("Mattel's Counterclaims"), at 72 (conversion claim "Against All

17  Counter-defendants").

18       In addition, defendants' objections that Mattel's proposed form of verdict

19  should address additional factual issues should be overruled.  The jury instructions

20  sufficiently inform the jury as to the specific elements that must be satisfied for

21  defendants to be held liable.  Accordingly, there is no need for the jury to make

22  specific findings on every element of a claim—that is obviously encompassed

23  within the determination of liability.

24       Finally, it would be improper to ask the jury to rule on defendants'

25  affirmative defenses because the Court intends to rule on such defenses after trial.

26  *See id.* at 7-8.

27

28

## **SPECIAL VERDICT FORM FOR PHASE 1B**

### **Questions 1-5:  Copyright Infringement**

Mattel incorporates its General Statement as if set forth fully herein.  In addition, defendants' objections that Mattel's proposed form of verdict should address additional factual issues should be overruled.  For example, issues regarding ownership of the Bratz drawings will be adjudicated in Phase 1A of the trial, and it would be confusing and prejudicial to ask the jury to make the same findings again.  In any event, the jury instructions sufficiently inform the jury as to the specific elements that must be satisfied for defendants to be held liable for copyright infringement.  Accordingly, there is no need for the jury to make specific findings on every element of a claim—that is obviously encompassed within the determination of liability.

Finally, it would be improper to ask the jury to rule on defendants' affirmative defenses because the Court intends to rule on such defenses after trial. *See id.* at 7-8.

### **Question 6:  Breach of Contract**

Mattel incorporates its General Statement as if set forth fully herein.  In addition, defendants' objections that Mattel's proposed form of verdict should address additional factual issues should be overruled.  Defendants' suggestion that the jury should be asked "whether Mattel is entitled to anything more than nominal damages" is argumentative and prejudicial to Mattel.  Mattel's proposed form properly asks the jury "What are Mattel's damages," leaving it to the jury to make an award it believes to be supported by the evidence and the law as provided in the jury instructions.  There is no need to separate out each breach of contract.

### **Question 7:  Intentional Interference with Contractual Relations**

Mattel incorporates its General Statement as if set forth fully herein.  In addition, defendants' objections that Mattel's proposed form of verdict should address additional factual issues should be overruled.  Defendants' suggestion that the jury should be asked "whether Mattel is entitled to anything more than nominal damages" is argumentative and prejudicial to Mattel.  Mattel's proposed form properly asks the jury "What are Mattel's damages," leaving it to the jury to make an award it believes to be supported by the evidence and the law as provided in the jury instructions.

### **Question 8:  Breach of Fiduciary Duty**

Mattel incorporates its General Statement as if set forth fully herein.  In addition, defendants' objections that Mattel's proposed form of verdict should address additional factual issues should be overruled.  Defendants' suggestion that the jury should be asked "whether Mattel is entitled to anything more than nominal damages" is argumentative and prejudicial to Mattel.  Mattel's proposed form properly asks the jury "What are Mattel's damages," leaving it to the jury to make an award it believes to be supported by the evidence and the law as provided in the jury instructions.

Defendants' objection that Mattel's verdict form "does not account for [] Bryant's pending motion for reconsideration" is not well taken.  There is no reason to inform the jury of a motion for reconsideration.  If the Court modifies its April 25, 2008 Order, Mattel will obviously modify its proposed forms.  But the form is proper based on the Court's rulings to date.

Nor does defendants' contention that the Court "made no findings of liability" make any sense at all.  The Court clearly found Bryant liable for breach of fiduciary duty.  *See* April 25, 2008 Order, at 6 (granting Mattel's motion for

MATTEL'S DISPUTED PROPOSED SPECIAL VERDICT FORMS

1  summary judgment on the issue of breach of fiduciary duty).  Defendants' assertion

2  that the Court did not find Bryant liable misreads the Order.

3       Finally, it is necessary and appropriate for the verdict forms to inform the

4  jury of the Court's finding that Bryant breached his fiduciary duty because it is for

5  the jury to determine the damages to be awarded for that breach, along with any

6  additional breaches found by the jury.

7

8  ### Question 9:  Breach of the Duty of Loyalty

9       Mattel incorporates its General Statement as if set forth fully herein.  In

10  addition, defendants' objections that Mattel's proposed form of verdict should

11  address additional factual issues should be overruled.  Defendants' suggestion that

12  the jury should be asked "whether Mattel is entitled to anything more than nominal

13  damages" is argumentative and prejudicial to Mattel.  Mattel's proposed form

14  properly asks the jury "What are Mattel's damages," leaving it to the jury to make

15  an award it believes to be supported by the evidence and the law as provided in the

16  jury instructions.

17       Defendants' objection that Mattel's verdict form "does not account for []

18  Bryant's pending motion for reconsideration" is not well taken.  There is no reason

19  to inform the jury of a motion for reconsideration.  If the Court modifies its April

20  25, 2008 Order, Mattel will obviously modify its proposed forms.  But the form is

21  proper based on the Court's rulings to date.

22       Nor does defendants' contention that the Court "made no findings of

23  liability" make any sense at all.  The Court clearly found Bryant liable for breach

24  of the duty of loyalty.  *See* April 25, 2008 Order, at 5-6 (granting Mattel's motion

25  for summary judgment on the issue of breach of duty of loyalty).  Defendants'

26  assertion that the Court did not find Bryant liable misreads the Order.

27

28

Case No. CV 04-9049 SGL (RNBx)
MATTEL'S DISPUTED PROPOSED SPECIAL VERDICT FORMS

1    Finally, it is necessary and appropriate for the verdict forms to inform the

2   jury of the Court's finding that Bryant breached his duty of loyalty because it is for

3   the jury to determine the damages to be awarded for that breach, along with any

4   additional breaches found by the jury.

5

6   ### Question 10:  Aiding and Abetting Breach of Fiduciary Duty

7    Mattel incorporates its General Statement as if set forth fully herein.  In

8   addition, defendants' objections that Mattel's proposed form of verdict should

9   address additional factual issues should be overruled.  Defendants' suggestion that

10  the jury should be asked "whether Mattel is entitled to anything more than nominal

11  damages" is argumentative and prejudicial to Mattel.  Mattel's proposed form

12  properly asks the jury "What are Mattel's damages," leaving it to the jury to make

13  an award it believes to be supported by the evidence and the law as provided in the

14  jury instructions.

15

16  ### Question 11:  Aiding and Abetting Breach of Duty of Loyalty

17   Mattel incorporates its General Statement as if set forth fully herein.  In

18  addition, defendants' objections that Mattel's proposed form of verdict should

19  address additional factual issues should be overruled.  Defendants' suggestion that

20  the jury should be asked "whether Mattel is entitled to anything more than nominal

21  damages" is argumentative and prejudicial to Mattel.  Mattel's proposed form

22  properly asks the jury "What are Mattel's damages," leaving it to the jury to make

23  an award it believes to be supported by the evidence and the law as provided in the

24  jury instructions.

25

26

27

28

1

### **Question 12:  Conversion**

2

Mattel incorporates its General Statement as if set forth fully herein.  In

3 addition, defendants' objections that Mattel's proposed form of verdict should

4 address additional factual issues should be overruled.  Defendants' suggestion that

5 the jury should be asked "whether Mattel is entitled to anything more than nominal

6 damages" is argumentative and prejudicial to Mattel.  Mattel's proposed form

7 properly asks the jury "What are Mattel's damages," leaving it to the jury to make

8 an award it believes to be supported by the evidence and the law as provided in the

9 jury instructions.  The jury instructions sufficiently inform the jury of the proper

10 measure of damages for conversion (indeed, Mattel has already proposed the very

11 model instruction cited by defendants in their objection – CACI No. 2102).

12

13

### **Questions 13-20:  Punitive Damages**

14

Mattel incorporates its General Statement as if set forth fully herein.  In

15 addition, defendants' objections to Mattel's proposed form of verdict should be

16 overruled.  Mattel seeks punitive damages against the defendants based on its

17 allegations in this case that defendants acted "with malice, fraud and oppression"

18 and "in conscious disregard of Mattel's rights."  *See* Mattel's Counterclaims, at ¶

19 128.  Defendants have not moved for summary adjudication of Mattel's claims for

20 punitive damages.  It is well settled that "[w]hether or not punitive damages should

21 be awarded and the amount to be awarded are within the discretion of the jury . . .."

22 *Hannon Eng'g, Inc. v. Reim*, 126 Cal. App. 3d 415, 431 (1981).  The jury

23 instructions sufficiently inform the jury as to the specific elements that must be

24 satisfied for an award of punitive damages.  Accordingly, there is no need for the

25 jury to make specific findings on every element—that is obviously encompassed

26 within the jury's decision to award punitive damages.

27

28