QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

STROOCK & STROOCK & LAVAN LLP
  Barry B. Langberg (State Bar No. 048158)
  Michael J. Niborski (State Bar No. 192111)
  (lacalendar@stroock.com)
2029 Century Park East, Suite 1600
Los Angeles, California 90067-3086
Telephone: (310) 556-5800
Facsimile: (310) 556-5959

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059 and<br>Case No. CV 05-02727<br><br>[PUBLIC REDACTED] DECLARATION OF MICHAEL J. NIBORSKI IN SUPPORT OF MATTEL, INC.'S NOTICE OF MOTION AND MOTION OBJECTING TO DISCOVERY MASTER'S MAY 8, 2008 ORDER DENYING MATTEL'S MOTION FOR RECONSIDERATION OF FEBRUARY 26, 2008 ORDER DENYING MOTION TO COMPEL DEPOSITION OF CHRISTOPHER PALMERI; AND RENEWED MOTION OBJECTING TO FEBRUARY 26, 2008 ORDER<br><br>Date: May 21, 2008<br>Time: 10:00 a.m.<br>Place: Courtroom 1<br><br>**Phase 1**<br>Discovery Cutoff: January 28, 2008<br>Pre-Trial Conference: May 19, 2008<br>Trial Date: May 27, 2008 |

## DECLARATION OF MICHAEL J. NIBORSKI

I, Michael J. Niborski, declare as follows:

1. I am an attorney licensed to practice before all courts of the State of California and am an attorney with the law firm of Stroock & Stroock & Lavan LLP, co-counsel for Mattel, Inc. ("Mattel") in the above-captioned action. I submit this declaration in support of Mattel, Inc.'s Notice of Motion and Motion Objecting to Discovery Master's May 8, 2008 Order Denying Mattel's Motion for Reconsideration of February 26, 2008 Order Denying Motion to Compel Deposition of Christopher Palmeri; and Renewed Motion Objecting to February 26, 2008 Order. The facts set forth in this declaration are true of my own personal knowledge, except where based on a review of the pleadings and records in this action and, if called as a witness, I could and would competently testify to such facts.

2. Attached hereto as Exhibit 1 is a true and correct copy of an article published in BusinessWeek magazine in July 2003 entitled "To Really Be A Player, Mattel Needs Hotter Toys" (the "Article"). The by-line of the Article identifies Christopher Palmeri as the author of the Article.

3. Attached hereto as Exhibit 2 is a true and correct copy of a deposition subpoena in this action that was served on Christopher Palmeri on July 25, 2007 (the "Subpoena").

4. Prior to service of the Subpoena, co-counsel for Mattel in this matter, Timothy Alger of the law firm Quinn Emanuel Urquhart Oliver & Hedges, LLP, engaged in a series of meet-and-confer discussions by telephone and email with counsel for Christopher Palmeri and BusinessWeek magazine regarding the proposed deposition of Mr. Palmeri. During these discussions, Mr. Alger described the limited scope of the deposition and the importance of Mr. Palmeri's testimony. Attached hereto as Exhibit 3 is a true and correct copy of an exchange of emails between William Farley, associate general counsel of BusinessWeek, and Mr. Alger,

1  between June 20 and 27, 2007. No agreement regarding Mr. Palmeri's deposition was reached.

5. On or about August 8, 2007, counsel for Mr. Palmeri served a document entitled Non-Party Reporter Christopher Palmeri's Objections To Plaintiff's Subpoena (the "Objections"), a true and correct copy of which is attached hereto as Exhibit 4.

6. Following service of the Objections, Mr. Alger and counsel for Mr. Palmeri, Alonzo Wickers of the law firm Davis Wright Tremaine LLP, continued meet and confer efforts in an attempt to resolve this dispute informally. Attached hereto as Exhibit 5 is a true and correct copy of a letter from Timothy Alger to Alonzo Wickers, dated August 17, 2007. These discussions included telephone conversations, emails, and an in-person meet-and-confer at Mr. Alger's office on August 24, 2007.

7. During their discussions, Mr. Wickers represented to Mr. Alger that no documents exist that are responsive to the documents requests in the subpoena. True and correct copies of emails between Mr. Wickers and Mr. Alger are attached as Exhibit 6.

8. I continued the meet and confer efforts on behalf of Mattel in connection with the Subpoena in early September 2007. Attached hereto as Exhibit 7 is a true and correct copy of a letter from me to Mr. Wickers, dated September 5, 2007. These discussions also failed to result in agreement regarding Mr. Palmeri's deposition.

9. On September 28, 2007, I took the deposition of Maureen Tkacik, a former reporter for the Wall Street Journal. Attached hereto as Exhibit 8 is a true and correct copy of the transcript of my examination of Ms. Tkacik, dated September 28, 2007.

-2-
DECLARATION OF MICHAEL J. NIBORSKI ISO MATTEL'S MOTION OBJECTING TO DISCOVERY MASTER'S MAY 8, 2008 ORDER

10. On October 3, 2007, I took the deposition of Denise O'Neal, a reporter for the Chicago Sun-Times. Attached hereto as Exhibit 9 is a true and correct copy of the transcript of my examination of Ms. O'Neal, dated October 3, 2007.

11. Attached hereto as Exhibit 10 is a true and correct copy of the Motion of Mattel, Inc. for Leave to Take Additional Discovery and Objections to Discovery Master Order of September 28, 2007, dated November 19, 2007. Mr. Palmeri's deposition is described on pages 8 and 11.

12. Attached hereto as Exhibit 11 is a true and correct copy of a transcript of the January 7, 2008 hearing before Judge Larson on Mattel's Motion for Leave to Take Additional Discovery, during which the reporter depositions were described to the Court at page 6.

13. Attached hereto as Exhibit 12 is a true and correct copy of the Order Granting In Part and Denying In Part Mattel's Motion for Leave to Take Additional Discovery, dated January 7, 2008, and the Court's Order amending the Order, dated January 9, 2008. In the January 7, 2008 Order, Judge Larson approved the deposition of Mr. Palmeri and others at the top of page 3.

14. On January 9, 2008, I spoke by telephone with Mr. Wickers in another attempt to resolve this matter. During this conversation, I informed Mr. Wickers that in order to limit any burden on Mr. Palmeri and BusinessWeek, Mattel would agree to conduct Mr. Palmeri's deposition at a date, time and location of Mr. Palmeri's choosing. I also informed Mr. Wickers that Mattel would agree to limit the time for questioning of Mr. Palmeri and discuss the anticipated questions in advance of the deposition.

15. On January 11, 2008, I again spoke with Mr. Wickers at which time he informed me his client would consider this matter further and that he would attempt to provide me with an answer the following Monday.

16. On January 14, 2008, Mr. Wickers telephoned and informed me that BusinessWeek had decided not to produce Mr. Palmeri for deposition in response to

1 | the Subpoena. During this conversation, Mr. Wickers and I confirmed an agreement
2 | he made with Mr. Alger that the Subpoena served on July 25, 2007 would still be
3 | considered valid, notwithstanding the delay in taking the deposition. Attached
4 | hereto as Exhibit 13 is a true and correct copy of a letter from me to Mr. Wickers,
5 | dated January 14, 2008, memorializing this conversation.

6 |     17.    Attached hereto as Exhibit 14 is a true and correct copy of relevant
7 | portions of the deposition transcripts of Isaac Larian, dated July 18, 2006 and
8 | March 26, 2008.

9 |     18.    Attached hereto as Exhibit 15 is a true and correct copy of the public
10 | portion of Mattel, Inc.'s Second Amended Answer in Case No. 05-2727 and
11 | Counterclaims.

12 |     19.    Attached hereto as Exhibit 16 is a true and correct copy of the
13 | Discovery Master's Order Denying Mattel's Motion to Compel Deposition of
14 | Christopher Palmeri, dated February 26, 2008

15 |     20.    Attached hereto as Exhibit 17 is a true and correct copy of the Court's
16 | Order Denying Mattel's Motion Objecting to the Discovery Master's February 26,
17 | 2008 Order Denying Mattel's Motion to Compel the Deposition of Christopher
18 | Palmeri, dated April 14, 2008.

19 |     21.    Attached hereto as Exhibit 18 is a true and correct copy of Mattel's
20 | Motion for Reconsideration of February 26, 2008 Order Denying Motion to Compel
21 | Deposition of Christopher Palmeri, dated April 22, 2008.

22 |     22.    Attached hereto as Exhibit 19 is a true and correct copy of Discovery
23 | Master's May 8, 2008 Order Denying Mattel's Motion for Reconsideration of
24 | February 26, 2008 Order Denying Motion to Compel Deposition of Christopher
25 | Palmeri.

26 |     23.    Attached hereto as Exhibit 20 is a true and correct copy of MGA
27 | Defendants and Carter Bryant's Notice of Service of Objections to Mattel's
28 |

1  Corrected Revised Exhibit List, dated May 1, 2008; Excerpt from Defendants' Objections, dated May 2, 2008.

24. Attached hereto as Exhibit 21 is a true and correct copy of Defendant Carter Bryant's Opposition to Plaintiff Mattel, Inc.'s Motion to Remand, dated December 22, 2004.

25. Attached hereto as Exhibit 22 is a true and correct copy of Defendant in Intervention MGA Entertainment, Inc.'s Joinder in Defendant Carter Bryant's Opposition to Plaintiff Mattel, Inc.'s Motion to Remand, dated December 22, 2004.

26. Attached hereto as Exhibit 23 is a true and correct copy of a letter from Ambrosini to Zeller, dated May 17, 2006.

27. Attached hereto as Exhibit 24 is a true and correct copy of the relevant excerpts of the transcript of the deposition of Samir Khare, a Rule 30(b)(6) witness on behalf of MGA, dated January 23, 2008.

28. Attached hereto as Exhibit 25 is a true and correct copy of the relevant excerpts of the transcript of the deposition of David Malacrida, dated August 30, 2007.

29. Attached hereto as Exhibit 26 is a true and correct copy of the relevant excerpts from the transcript of the deposition of Maureen Tkacik, dated September 28, 2007.

30. Attached hereto as Exhibit 27 is a true and correct copy of MGA Entertainment, Inc.'s and Carter Bryant's Joint Notice of Motion to Compel Re: Mattel's Bandying of 30(b)(6) Witnesses, dated September 6, 2007.

31. Attached hereto as Exhibit 28 is a true and correct copy of a Wall Street Journal Article, dated July 18, 2003.

32. Attached hereto as Exhibit 29 is a true and correct copy of the relevant excerpts of the transcript of the deposition of Jeffrey N. Weiss, dated February 26, 2008.

1  I declare under penalty of perjury under the laws of the State of California
2  that the foregoing is true and correct. Executed this 12th day of May 2008, at
3  Los Angeles, California.

*[signature]*
Michael J. Niborski