# EXHIBIT 16

1  Hon. Edward A. Infante (Ret.)
   JAMS
2  Two Embarcadero Center
   Suite 1500
3  San Francisco, California  94111
   Telephone:    (415) 774-2611
4  Facsimile:    (415) 982-5287

5

6

7

8              UNITED STATES DISTRICT COURT

9            CENTRAL DISTRICT OF CALIFORNIA

10                  EASTERN DIVISION

11

12                                          CASE NO. CV 04-09049 SGL (RNBx)
                                            JAMS Reference No. 1100049530
13  CARTER BRYANT, an individual,

14            Plaintiff,
                                            Consolidated with
15        v.                                Case No. CV 04-09059
                                            Case No. CV 05-2727
16  MATTEL, INC., a Delaware corporation,
                                            **ORDER DENYING MATTEL'S**
17            Defendant.                    **MOTION TO COMPEL DEPOSITION**
                                            **OF CHRISTOPHER PALMERI**

18  CONSOLIDATED WITH
    MATTEL, INC. v. BRYANT and
19  MGA ENTERTAINMENT, INC. v. MATTEL,
    INC.
20

21

22                   I. INTRODUCTION

23        On January 22, 2008, Mattel, Inc. ("Mattel") submitted a motion to compel the deposition

24  of Christopher Palmeri ("Palmeri"), a non-party reporter who authored an article for Business

25  Week that refers to Isaac Larian ("Larian"), MGA and Bratz.  On January 29, 2008, Palmeri

26  submitted an opposition and on February 15, 2008, Mattel submitted a reply.  At issue is whether

27  the testimony Mattel seeks from Palmeri is protected by the federal journalist's privilege.

28
                                                                    1

                                            EXHIBIT 16

                                            PAGE 213

## II. BACKGROUND

1
2      In July 2003, Business Week published an article authored by Palmeri entitled "To Really

3   Be A Player, Mattel Needs Hotter Toys."  Of particular interest to Mattel is the portion of the

4   article referring to MGA, Larian and Bratz as follows:

5           Mattel won't live or die on every new toy it develops.  But it can't just rely on

6           Barbies, either.  "Like they say in business school – no risk, no reward," says

7           Isaac Larian, CEO of privately held MGA.  He should know:  He got the idea for

8           Bratz after seeing his own kids run around in navel-baring tops and hip-huggers.

9   Niborski Decl., Ex. 1 (Article).  In Mattel's view, the Article conveys that Larian told Palmeri that

10   the Bratz dolls were Larian's idea and that the source of that idea was Larian's observation of "his

11   own kids run[ning] around in navel-baring tops and hip huggers."  Mattel seeks testimony from

12   Palmeri to confirm what Mattel characterizes as Larian's "published" statements about the origins

13   of Bratz.[1]

14          Mattel contends that the federal journalist's privilege does not apply because Mattel is

15   seeking only "published" information, not "unpublished" information.  Moreover, Mattel contends

16   that even if the privilege applies, the privilege is qualified and yields when the litigant's need for

17   the information sought outweighs any public interest in non-disclosure.  Mattel contends that

18   there is no public policy rationale for Palmeri's refusal to confirm under oath that Larian made the

19   statements about the origins in Bratz that appear in the Article.  In contrast, Mattel contends that it

20   needs Palmeri's testimony to develop what it considers crucial evidence to establish that Carter

21   Bryant ("Bryant") and Larian, among others at MGA, made inconsistent statements concerning

22   the origins of Bratz and engaged in a scheme to conceal the product's true origins.  More

23   specifically, Mattel contends that Palmeri's anticipated testimony will provide direct proof that

24   Larian – who has since acknowledged under oath that Bryant brought him the Bratz idea – falsely

25

26   _____

[1] During the meet and confer process, Mattel offered to limit the time of questioning and to conduct the
27   deposition at a time and place of Palmeri's choosing.  Mattel also offered to discuss the prospective line of
questioning in advance of the deposition with Palmeri's counsel.

28
Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

2

EXHIBIT 16

PAGE 214

1   claimed that he was the creator of Bratz. Mattel contends that Larian's false claim was part of a

2   scheme to conceal the truth about the origins of Bratz from the public and Mattel.

3        Mattel further contends that the evidence of concealment it seeks will show "guilty

4   knowledge by Larian and MGA that Bryant developed Bratz while an employee of Mattel, in

5   violation of his employment agreement with Mattel, and an awareness by Larian and MGA that

6   Bryant's inventions during his employment at Mattel belong to Mattel." Mattel's Motion at p.3.

7   Mattel contends that the evidence it seeks is also relevant to rebut MGA's statute of limitations

8   defense.

9        Palmeri raises four main arguments in opposition to Mattel's motion. First, Palmeri

10   contends that Mattel relies on decisions from circuits that are inconsistent with the journalist's

11   privilege recognized by the Ninth Circuit in Shoen v. Shoen, 5 F.3d 1289 (9th Cir. 1993), and

12   Shoen v. Shoen, 48 F.3d 412 (9th Cir. 1995) . Second, Palmeri contends that the information

13   Mattel seeks is "unpublished," and therefore the journalist's privilege applies. Palmeri reasons

14   that nothing within the four corners of the Article reveals the source of the information about the

15   origins of Bratz dolls. Even assuming for the sake of argument that the information Mattel seeks

16   is "published," Palmeri contends that the journalist's privilege applies to preclude compelled

17   disclosure of a journalist's professional news gathering efforts and results, whether published or

18   not. Third, Palmeri contends that Mattel has failed to make the requisite showing to overcome the

19   privilege, namely that the information Mattel seeks is "clearly relevant to an important issue in the

20   case," that it is "non-cumulative," and that it is "unavailable despite exhaustion of all reasonable

21   alternative sources." Shoen, 48 F.3d at 416. Fourth, Palmeri contends that Mattel ignores his

22   rights under California's state constitutional shield law.

23                       III. DISCUSSION

24        Rooted in the First Amendment, the journalist's privilege protects non-party reporters

25   against being compelled to disclose information that they acquire in the course of their

26   newsgathering. Shoen v. Shoen, 48 F.3d 412 (9th Cir. 1995) ("Shoen II"); Shoen v. Shoen, 5 F.3d

27   1289, 1293 (9th Cir. 1993) ("Shoen I"). "[T]he journalist's privilege applies to a journalist's

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

3

EXHIBIT 16

PAGE 215

1   resource materials even in the absence of the element of confidentiality." Shoen I, 5 F.3d at 1295-

2   196.

3          The journalist's privilege is a qualified one. "[T]he process of deciding whether the

4   privilege is overcome requires that 'the claimed First Amendment privilege and the opposing need

5   for disclosure be judicially weighed in light of the surrounding facts, and a balance struck to

6   determine where lies the paramount interest.'" Shoen I, 5 F.3d at 1292-1293 (quoting Farr v.

7   Pitchess, 522 F.2d 464, 468 (9th Cir. 1975). To overcome the privilege when the information

8   sought is not confidential, a litigant must demonstrate that the requested evidence is: "(1)

9   unavailable despite the exhaustion of all reasonable alternative sources; (2) non-cumulative; and

10  (3) clearly relevant to an important issue in the case." Shoen II, 48 F.3d at 416. This test is

11  intended to "ensure that compelled disclosure is the exception, not the rule." Id.

12         Because Mattel cannot satisfy any, let alone all, of these three factors, Mattel is not

13  entitled to depose Palmeri.

14              1. The Information Sought is Not Clearly Relevant to an Important Issue

15         The information sought by Mattel is not clearly relevant to an important issue in the case.

16  Mattel's claims are predicated upon an allegation that Carter Bryant created Bratz while still

17  employed by Mattel. Whether or not Larian made any statements to Palmeri about Larian's

18  children "run[ning] around in navel-baring tops and hip huggers" is not relevant to that central

19  issue.

20         Nor is the requested information "clearly relevant" to determine when Mattel was put on

21  notice of its claims for purposes of the statute of limitations. As to this issue, the requested

22  information would be superfluous. What is relevant is that the Article was published and that as

23  of the date of its publication, this public account of the dolls' origin did not mention, much less

24  credit Carter Bryant as the creator of the dolls. For purposes of the statute of limitations, the

25  information published within the four corners of the Article is relevant, regardless of who was the

26  source of the information.

27         Nor can Mattel satisfy the "clearly relevant" standard by claiming that the information it

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT _16_

PAGE _216_

1   seeks will demonstrate that Larian "made inconsistent statements concerning the origins of

2   Bratz." The Ninth Circuit's Shoen II decision is on point. There, the plaintiffs argued that the

3   journalist's tapes and notes of an interview with the defendant might provide valuable

4   impeachment material. Shoen, 48 F.3d at 418. The Ninth Circuit concluded that "to the extent

5   the requested materials would demonstrate that [defendant] was less than candid during his

6   deposition, they do not relate to an important issue in the case." Id. Although the requested

7   information is relevant to Larian's credibility, a greater showing is required under Shoen I, supra,

8   to tip the balance of competing interests in favor of compelling disclosure of information

9   protected by the journalist's privilege.

### 2. The Information Mattel Seeks is Cumulative

11       Mattel contends that the information it seeks from Palmeri is not cumulative because no

12   one else has testified about any communications between Palmeri and Larian. Mattel's focus,

13   however, is unreasonably narrow. The issue is not whether other witnesses have testified

14   specifically about the substance of the communications between Palmeri and Larian, but whether

15   the information Mattel seeks is cumulative.

16       As discussed previously, Mattel is essentially seeking evidence of Larian's allegedly

17   inconsistent statements regarding the origins of Bratz. In its motion papers, Mattel acknowledges

18   that it obtained testimony from two other reporters (Ms.Tkacik and Ms. O'Neal) who "wrote

19   articles for their respective publications that contain statements attributed to Larian regarding the

20   origins of Bratz which were inconsistent with Larian's, MGA's and Bryant's subsequent claims in

21   this case." Mattel's Motion at p.4. Any testimony that Palmeri might provide on the same subject

22   would be cumulative impeachment evidence.

### 3. Information Sought is Available From Another Source

24       Finally, the information Mattel seeks from Palmeri is clearly available from another

25   source. In Shoen I, supra, the Ninth Circuit refused to compel disclosure of a non-party reporter's

26   tapes and notes of his communications with the defendant unless and until plaintiffs deposed

27   defendant and specifically questioned him about those communications. The Ninth Circuit

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

5

EXHIBIT 16

PAGE 217

1  described the defendant as "an obvious alternative source for discovering what he said to [the

2  reporter] in their communications." Shoen I, 5 F.3d at 1296. Even though the plaintiffs served

3  the defendant with interrogatories asking about his communications with the reporter and the

4  defendant responded that he could not recall the specific content of his meetings or conversations

5  with the reporter, the court found that the plaintiffs could not claim to have exhausted alternative

6  sources until they "plumb[ed] the depths" of the defendant's recollection in deposition. Id. at

7  1297. Like the plaintiffs in Shoen I, Mattel cannot claim to have exhausted alternative sources

8  unless and until Mattel deposes Larian and exhausts Larian's recollection of his communications

9  with Palmeri. Moreover, Larian is not the only alternative source of information that must be

10  exhausted before Mattel can overcome the journalist's privilege. There may be other witnesses

11  with whom Larian may have discussed the origins of Bratz dolls, such as co-workers, publicists or

12  industry analysts. Yet, Mattel does not claim to have questioned or deposed those witnesses

13  about any such statements.

## V. CONCLUSION

15  Because Mattel has not satisfied any of the three factors set forth in Shoen II, Mattel's

16  motion to compel the deposition of Christopher Palmeri is denied.[2] Pursuant to Paragraph 6 of

17  the Stipulation and Order for Appointment of a Discovery Master, Mattel shall file this Order

18  with the Clerk of Court forthwith.

20  Dated: February 26, 2008

HON. EDWARD A. INFANTE (Ret.)
Discovery Master

---

27  [2] Because the federal journalist's privilege is dispositive of the motion, it is unnecessary to address Palmeri's
alternative argument under the California shield law.

28  Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT 16
PAGE 218

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on February 26, 2008, I
served the attached ORDER DENYING MATTEL'S MOTION TO COMPEL DEPOSITION OF
CHRISTOPHER PALMERI in the within action by email addressed as follows:

| | | |
|---|---|---|
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| Matthew M. Werdegar, Esq. | Keker & Van Nest | mwerdegar@kvn.com |
| John E. Trinidad, Esq. | Keker & Van Nest | jtrinidad@kvn.com |
| Audrey Walton-Hadlock, Esq. | Keker & Van Nest | awalton-hadlock@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johnquinn@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| John Gordon | Quinn, Emanuel, Urquhart, Oliver & Hedges | johngordon@quinnemanuel.com |
| Thomas J. Nolan, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tnolan@skadden.com |
| Raoul D. Kennedy, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | rkennedy@skadden.com |
| Amy S. Park, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | apark@skadden.com |
| Harriet S. Posner, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | hposner@skadden.com |
| Carl Alan Roth, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | croth@skadden.com |
| Timothy A. Miller, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tmiller@skadden.com |
| Marcus R. Mumford, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Mmumford@skadden.com |
| Paul M. Eckles, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Paul.eckles@skadden.com |
| Lance A. Etcheverry, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Lance.etcheverry@skadden.com |
| Robert J. Herrington, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Robert.herrington@skadden.com |
| Alonzo Wickers IV, Esq. | Davis Wright Tremaine LLP | alonzowickers@dwt.com |
| Robyn Aronson, Esq. | Davis Wright Tremaine LLP | robynaronson@dwt.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above
is true and correct.

Executed on February 26, 2008, at San Francisco, California.

_Sandra Chan_
Sandra Chan

EXHIBIT 16
PAGE 29

# EXHIBIT 17

Case 2:04-cv-09049-DOC-RNB   Document 3605-6   Filed 05/12/08   Page 10 of 27   Page ID
#:62436
Case 2:04-cv-09049-SGL-RNB   Document 3086   Filed 04/14/2008   Page 1 of 3

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA  92501
CIVIL MINUTES -- GENERAL

Case No.    CV 04-09049 SGL(RNBx)                              Date:  April 14, 2008

Title:      CARTER BRYANT -v- MATTEL, INC.

Consolidated With Related Actions:
CASE NO. CV 04-09059 SGL(RNBx):  MATTEL, INC.,  v. CARTER BRYANT,
CASE NO. CV 05-02727 SGL (RNBx): MGA ENTERTAINMENT, INC., v. MATTEL, INC.,
======================================================================
PRESENT:  HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

          Jim Holmes                              Theresa Lanza
          Courtroom Deputy Clerk                  Court Reporter

ATTORNEYS PRESENT FOR CARTER BRYANT:    ATTORNEYS PRESENT FOR MATTEL:
None present                            Timothy L. Alger
                                        Michael J. Niborski


ATTORNEYS PRESENT FOR MGA               Attorney for Non-Party Chris Palmeri
Robert J. Herrington                    Alonzo Wickers, IV



PROCEEDINGS:    Mattel's Motion Objecting to Discovery Master's February 26, 2008, Denying
                Mattel's Motion to Compel Deposition of Christopher Palmeri. (See Docket
                2859); Mattel's Ex Parte Application to file Supplemental Expert Reports

        The Court adopts the parties joint stipulation regarding pre-voir dire screening of the
prospective jury pool.

        The Court also **GRANTS** Mattel's ex parte application to file supplemental expert reports by
William Flynn and Lloyd Cunningham regarding certain Bryant originals within seven (7) days of
the completion of testing, provided that the Discovery Master authorizes said testing beforehand.
Nothing in this Order shall be construed as indicating whether or not there is cause to authorize
said testing; such a determination shall be made in the first instance by the Discovery Master.

MINUTES FORM 90                                      Initials of Deputy Clerk: jh
CIVIL -- GEN                    Page 1                Time:  0/40

                                                     EXHIBIT ⎯17

                                                     PAGE ⎯220

Case 2:04-cv-09049-DOC-RNB   Document 3605-6   Filed 05/12/08   Page 11 of 27   Page ID
#:62437
Case 2:04-cv-09049-SGL-RNB   Document 3686   Filed 04/14/2008   Page 2 of 3

Finally, the Court **DENIES** Mattel's Motion Objecting to the Discovery Master's February 26, 2008, Order Denying Mattel's Motion to Compel the Deposition of Christopher Palmeri. The Discovery Master's order was not contrary to law or clearly erroneous <u>at the time</u> it was entered. Mattel has subsequently produced <u>new</u> evidence and <u>new</u> theories for why deposition of Mr. Palmeri is warranted, none of which were presented to the Discovery Master prior to his ruling. Rather than allowing Mattel to call into question the correctness of the Discovery Master's order by submitting newly discovered information that was not presented to him, the Court finds the better practice is to require Mattel to first present that newly discovered information to the Discovery Master in the form of a motion for reconsideration.

**IT IS SO ORDERED.**

EXHIBIT  17

PAGE  221

## NOTICE PARTY SERVICE LIST

Case No.  CV 04-09049 SGL(RNBx)   Case Title  Carter Bryant v. Mattel, Inc.

Title of Document  Minute Order of April 14, 2008

| | |
|---|---|
| | Atty Sttlmnt Officer Panel Coordinator |
| | BAP (Bankruptcy Appellate Panel) |
| | Beck, Michael J (Clerk, MDL Panel) |
| | BOP (Bureau of Prisons) |
| | CA St Pub Defender (Calif. State PD) |
| | CAAG (California Attorney General's Office - Keith H. Borjon, L.A. Death Penalty Coordinator) |
| | Case Asgmt Admin (Case Assignment Administrator) |
| | Catterson, Cathy (9th Circuit Court of Appeal) |
| | Chief Deputy Admin |
| | Chief Deputy Ops |
| | Clerk of Court |
| | Death Penalty H/C (Law Clerks) |
| | Dep In Chg E Div |
| | Dep In Chg So Div |
| | Federal Public Defender |
| | Fiscal Section |
| | Intake Section, Criminal LA |
| | Intake Section, Criminal SA |
| | Intake Supervisor, Civil |
| | PIA Clerk - Los Angeles (PIALA) |
| | PIA Clerk - Riverside (PIAED) |
| | PIA Clerk - Santa Ana (PIASA) |
| | PSA - Los Angeles (PSALA) |
| | PSA - Riverside (PSAED) |
| | PSA - Santa Ana (PSASA) |
| | Schnack, Randall (CJA Supervising Attorney) |
| | Statistics Clerk |

| | |
|---|---|
| | US Attorneys Office - Civil Division -L.A. |
| | US Attorneys Office - Civil Division - S.A. |
| | US Attorneys Office - Criminal Division -L.A. |
| | US Attorneys Office - Criminal Division -S.A. |
| | US Bankruptcy Court |
| | US Marshal Service - Los Angeles (USMLA) |
| | US Marshal Service - Riverside (USMED) |
| | US Marshal Service -Santa Ana (USMSA) |
| | US Probation Office (USPO) |
| | US Trustee's Office |
| | Warden, San Quentin State Prison, CA |

| ✓ | *ADD NEW NOTICE PARTY* (if sending by fax, mailing address must also be provided) |
|---|---|

Name: Ambassador Pierre-Richard Prosper

Firm:

Address (include suite or floor): P.O. Box 581103

Salt Lake City, UT   84158

*E-mail: Prosper.Pierre@Arentfox.com

*Fax No.:

* For CIVIL cases only

*JUDGE / MAGISTRATE JUDGE (list below):*

Initials of Deputy Clerk  jh

EXHIBIT 17

PAGE 222

# EXHIBIT 18

**THIS EXHIBIT IS FILED UNDER SEAL**

**PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 19

1    Hon. Edward A. Infante (Ret.)
     JAMS
2    Two Embarcadero Center
     Suite 1500
3    San Francisco, California 94111
     Telephone:    (415) 774-2611
4    Facsimile:     (415) 982-5287

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10                         EASTERN DIVISION

11

12   CARTER BRYANT, an individual,          CASE NO. CV 04-09049 SGL (RNBx)
                                            JAMS Reference No. 1100049530
13             Plaintiff,

14        v.                                Consolidated with
                                            Case No. CV 04-09059
15   MATTEL, INC., a Delaware corporation,  Case No. CV 05-2727

16             Defendant.                   **ORDER DENYING MATTEL'S
                                            MOTION FOR RECONSIDERATION
17                                          OF FEBRUARY 26, 2008 ORDER
                                            DENYING MOTION TO COMPEL
18                                          DEPOSITION OF CHRISTOPHER
                                            PALMERI**
19

20   CONSOLIDATED WITH
     MATTEL, INC. v. BRYANT and
21   MGA ENTERTAINMENT, INC. v. MATTEL,
     INC.
22

23

24        On April 21, 2008, Mattel, Inc. ("Mattel") submitted a "Motion for Reconsideration of

25   February 26, 2008 Order Denying Motion to Compel Deposition of Christopher Palmeri."

26   Mattel's motion for reconsideration is predicated upon new evidence.  Mattel cites to the recent

27

28                                          **EXHIBIT  _19_**
     Bryant v. Mattel, Inc.,                                              1
     CV-04-09049 SGL (RNBx)
                                            **PAGE _243_**

1  deposition testimony of Isaac Larian ("Larian") and MGA's spokesman, David Malacrida, to

2  show that it has now exhausted all possible alternative sources for the information it seeks from

3  journalist Christopher Palmeri ("Palmeri").  On April 28, 2008, journalist Christopher Palmeri

4  ("Palmeri") submitted an opposition, and on May 5, 2008, Mattel submitted a reply.  The Court

5  finds it appropriate to take the motion under submission for decision without oral argument.

6        Rooted in the First Amendment, the journalist's privilege protects non-party reporters

7  against being compelled to disclose information that they acquire in the course of their

8  newsgathering.  Shoen v. Shoen, 48 F.3d 412 (9th Cir. 1995).  To overcome the journalist's

9  privilege, a litigant must demonstrate that the requested evidence is:  "(1) unavailable despite the

10  exhaustion of all reasonable alternative sources; (2) non-cumulative; and (3) clearly relevant to an

11  important issue in the case."  Shoen v. Shoen, 48 F.3d at 416.  This test is intended to "ensure that

12  compelled disclosure is the exception, not the rule."  Id.

13        Notwithstanding Mattel's new evidence, Mattel cannot satisfy the exhaustion requirement.

14  According to Mattel, "Larian's testimony confirmed that no source other than Mr. Palmeri is

15  available to establish that Larian asserted to Mr. Palmeri and the readers of Business Week . . .

16  that Larian 'got the idea for Bratz after seeing his own kids run around in navel-baring tops and

17  hip-huggers.'"  Mattel's Motion at p.2.  A review of the deposition transcript, however, shows that

18  Larian confirmed the thrust of the statement at issue.  Larian acknowledged that he spoke with a

19  Business Week reporter in connection with the news article at issue.  Mattel then asked Larian

20  whether he communicated to the reporter that he conceived of the Bratz dolls after seeing his

21  children "running around in navel-bearing tops and hip huggers."  Palmeri's Opposition, Ex. A.

22  Larian replied:  "It's possible I did.  I don't recall . . . I might have said it."  Id.  Mattel asked,

23  "[y]ou're not denying [making the statement]?"  Id.  Larian responded, "[n]o."  Id.  Next, Mattel

24  asked him whether the statement was true.  Id.  Larian responded that the statement was

25  "partially" true because "that's what [his] kids were wearing at that time.  They were young and

26

27

28
   Bryant v. Mattel, Inc.,
   CV-04-09049 SGL (RNBx)

EXHIBIT __19__

PAGE __244__

2

1   they were wearing clothes like that, and the Bratz concept that we saw, that's what we had in

2   mind." Id.

3        Even if Larian had not testified about the statement in the Business Week article, there are

4   other reasonable alternative sources for information regarding Larian's public statements about

5   the origin of Bratz.  It does not matter, as Mattel contends, that only Palmeri and Larian were

6   witnesses to what Larian told Palmeri during his interview.  The issue is whether the information

7   Mattel seeks from Palmeri is cumulative of other evidence of Larian's allegedly inconsistent

8   public statements about the origins of Bratz, not whether other witnesses can testify specifically

9   about the substance of the communications between Palmeri and Larian.  There may be other

10  witnesses with whom Larian may have discussed the origins of Bratz, such as co-workers,

11  publicists, industry analysts, investors and bankers.  Mattel does not claim to have questioned or

12  deposed other potential witnesses who may have information that is not shielded by the

13  journalist's privilege.

14       Furthermore, as set forth in the February 26, 2008 Order Denying Motion to Compel

15  Deposition of Christopher Palmeri, Mattel cannot satisfy the remaining elements of the Shoen

16  test.  Despite the new evidence and arguments raised in Mattel's motion for reconsideration,

17  Mattel cannot show that the information it seeks from Palmeri is clearly relevant to an important

18  issue and non-cumulative.

19       Therefore, Mattel's motion for reconsideration is denied.  Pursuant to Paragraph 6 of the

20  Stipulation and Order for Appointment of a Discovery Master, Mattel shall file this Order with

21  the Clerk of Court forthwith.

22

23  Dated: May 8, 2008                    /S/
                                    _____

24                                  HON. EDWARD A. INFANTE (Ret.)
                                    Discovery Master
25

26

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT __19__          3

PAGE __245__

## PROOF OF SERVICE BY E-MAIL

I, Anthony Sales, not a party to the within action, hereby declare that on May 8, 2008, I served the attached: ORDER DENYING MATTEL'S MOTION FOR RECONSIDERATION OF FEBRUARY 26, 2008 ORDER DENYING MOTION TO COMPEL DEPOSITION OF CHRISTOPHER PALMERI in the within action by email addressed as follows:

| | | |
|---|---|---|
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| Matthew M. Werdegar, Esq. | Keker & Van Nest | mwerdegar@kvn.com |
| John E. Trinidad, Esq. | Keker & Van Nest | jtrinidad@kvn.com |
| Audrey Walton-Hadlock, Esq. | Keker & Van Nest | awalton-hadlock@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johnquinn@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| John Gordon, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johngordon@quinnemanuel.com |
| Diane Hutnyan, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dianehutnyan@quinnemanuel.com |
| Thomas J. Nolan, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tnolan@skadden.com |
| Raoul D. Kennedy, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | rkennedy@skadden.com |
| Amy S. Park, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | apark@skadden.com |
| Harriet S. Posner, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | hposner@skadden.com |
| Carl Alan Roth, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | croth@skadden.com |
| Timothy A. Miller, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tmiller@skadden.com |
| Marcus R. Mumford, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Mmumford@skadden.com |
| Paul M. Eckles, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Paul.eckles@skadden.com |
| Lance A. Etcheverry, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Lance.etcheverry@skadden.com |
| Robert J. Herrington, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Robert.herrington@skadden.com |
| Mark Overland, Esq. | Overland, Borenstein, et al. | moverland@obsklaw.com |
| Alexander Cote, Esq. | Overland, Borenstein, et al. | acote@obsklaw.com |
| David C. Scheper, Esq. | Overland, Borenstein, et al. | dscheper@obsklaw.com |
| Larry W. McFarland, Esq. | Keats, McFarland & Wilson | lmcfarland@kmwlaw.com |
| Christian Dowell, Esq. | Keats, McFarland & Wilson | cdowell@kmwlaw.com |
| Robyn Aronson, Esq. | Davis Wright Tremaine | robynaronson@dwt.com |
| Alonzo Wickers, Esq. | Davis Wright Tremaine | alonzowickers@dwt.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on May 8, 2008, at San Francisco, California.

Anthony Sales

EXHIBIT 9

PAGE 246

# EXHIBIT 20

1  THOMAS J. NOLAN (Bar No. 66992)
   (tnolan@skadden.com)
2  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
   300 South Grand Avenue
3  Los Angeles, CA 90071-3144
   Tel.: (213) 687-5000/Fax: (213) 687-5600
4
   RAOUL D. KENNEDY (Bar No. 40892)
5  (rkennedy@skadden.com)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
6  4 Embarcadero Center 38th Floor
   San Francisco, CA 94111-5974
7  Tel.: (415) 984-6400 / Fax: (415) 984-2698
8  Attorneys for Counter-Defendants
   MGA ENTERTAINMENT, INC., MGA ENTERTAINMENT (HK) LIMITED,
9  MGAE DE MEXICO, S.R.L. DE C.V., AND ISAAC LARIAN
10
11              UNITED STATES DISTRICT COURT
12            CENTRAL DISTRICT OF CALIFORNIA
13  CARTER BRYANT, an individual,      )  CASE NO. CV 04-9049 SGL (RNBx)
                                       )  Consolidated with Case No. 04-9059
             Plaintiff,                )  and Case No. 05-2727
14                                     )
        v.                             )  MGA DEFENDANTS AND
15                                     )  CARTER BRYANT'S NOTICE OF
    MATTEL, INC., a Delaware           )  SERVICE OF OBJECTIONS TO
16  corporation,                       )  MATTEL'S CORRECTED
                                       )  REVISED EXHIBIT LIST
17           Defendant.                )
                                       )
18                                     )
                                       )
19                                     )
                                       )
20  AND CONSOLIDATED ACTIONS           )  Phase 1
                                       )  Discovery Cut-off: January 28, 2008
21                                     )  Pre-Trial Conference: May 12, 2008
                                       )  Trial Date: May 27, 2008
22                                     )
23
24
25
26
27
28

MGA DEFENDANTS AND CARTER BRYANT'S NOTICE OF SERVICE OF OBJECTIONS TO MATTEL'S
CORRECTED REVISED EXHIBIT LIST
Case No. CV 04-9049 SGL (RNBx)

EXHIBIT 20

PAGE 247

1   TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2   PLEASE TAKE NOTICE that pursuant to Fed. R. Civ. Proc. 26(a)(3)(A),
3   Local Rule 16-2, the Court's Standing Scheduling Order, the Court's March 11, 2008
4   Order Regarding Pretrial Deadlines, and the Court's April 7, 2008 Order, counter-
5   defendants MGA Entertainment, Inc., Isaac Larian, MGA Entertainment (HK)
6   Limited, and MGAE de Mexico S.R.L. de C.V. (collectively, the "MGA
7   Defendants" or "MGA") and Carter Bryant ("Bryant") are serving their Objections to
8   Mattel's Corrected Revised Exhibit List (the "Objections") on counsel for Mattel, Inc.

9   MGA and Bryant object to Mattel's Corrected Revised Exhibit List ("Mattel's
10  List"), in its entirety, because it violates the Court's clear instruction and April 7,
11  2008 Order by lumping multiple documents and/or tangible items into single exhibit
12  entries. If Mattel had abided by the Court's instruction and April 7, 2008 Order, the
13  Mattel List would have included well beyond the 4,500 exhibit limit imposed by the
14  Court. MGA and Bryant reserve all rights with respect to Mattel's violation of the
15  Court's April 7 Order, including the right to move to strike Mattel's List.

16  MGA and Bryant object to Mattel's List because it presupposes that the Parties
17  will agree to a series of stipulations that would allow Mattel, despite the Court's
18  April 7 Order, to include multiple documents and/or tangible items as single exhibits.
19  To date, Mattel has not circulated a proposed stipulation that would permit such
20  deviation from the Court's April 7 Order. Nor has Mattel provided any explanation
21  seeking to violate the Court's Order.

22  MGA and Bryant object to Mattel's List to the extent it identifies documents
23  that have been clawed back and/or contain inadvertently produced privileged
24  information. MGA and Bryant are in the process of confirming the privileged nature
25  of certain documents identified as exhibits by Mattel and, to the extent necessary,
26  intend on clawing back those inadvertently produced documents. MGA and Bryant

27

28

EXHIBIT __20__

PAGE __248__

1 | reserve all rights to assert any applicable privilege with respect to any exhibits on
2 | Mattel's List before or at trial.   The failure by MGA and/or Bryant to object to an
3 | exhibit entry on privilege grounds is not intended to, should not be construed as, and
4 | does not constitute a waiver of any applicable privilege.

5 |      MGA and Bryant expressly reserve all rights relating to the Objections,
6 | including the rights to supplement and/or amend the Objections at any time before or
7 | during trial.

8 |      Because the Court has not yet ruled on all aspects of the parties' motions for
9 | partial summary judgment or motions *in limine*, MGA's and Bryant's failure to object
10 | on any grounds is not, and should not be interpreted as, a waiver of any argument
11 | that certain evidence should be excluded from trial. In addition, MGA and Bryant
12 | assert all objections and arguments made in their motions *in limine* as to Mattel's
13 | expert reports, and incorporate such objections in each and every Mattel exhibit that
14 | is or contains an Mattel expert report (whether initial or rebuttal or reply) and each
15 | and every Mattel exhibit that is or contains an appendix, attachment, or exhibit to
16 | those reports.

17 |      Although MGA and Bryant are submitting the Objections jointly, certain
18 | objections may only be relevant to claims asserted against, and/or affirmative
19 | defenses asserted by, MGA or Bryant, but not both.  Such objections will only be
20 | asserted by the party for whom they are relevant.  As noted in the attached list,
21 | Bryant and MGA assert all objections in the column titled Joint Objections.  In
22 | addition to those objections, Bryant raises and asserts additional objection in the
23 | column titled Bryant Additional Objections.

24 |      Some of the exhibits on Mattel's Corrected Revised Exhibit List may be
25 | unobjectionable if offered by Bryant and/or MGA, but objectionable if offered by
26 |
27 |
28 |

EXHIBIT __20__

PAGE __249__

1  Mattel.  MGA and Bryant are not waiving any rights to introduce any exhibits on

2  Mattel's List.

3       The Parties have discussed and are discussing a complete and/or limited

4  stipulation, whereby the Parties agree not to object on authenticity and/or

5  foundational grounds to documents produced in this litigation by the Parties.  The

6  Parties have not yet entered into a stipulation on such matter.  Accordingly, MGA

7  and Bryant reserve their rights, and hereby do for present purposes, object to each

8  and every exhibit on Mattel's List not produced by MGA or Bryant respectively

9  based on a lack of authenticity and foundation.  To the extent that the Parties are

10  unable to reach a stipulation during the Parties' meet-and-confer process, MGA and

11  Bryant reserve their rights to assert additional objections based on authenticity and

12  foundation.

13  DATED:  May 1, 2008

14                              Respectfully submitted,

15                              SKADDEN, ARPS, SLATE, MEAGHER &
16                              FLOM, LLP

17                              By: _____

18                              Robert J. Herrington
                                Attorneys for Counter-Defendants,
19                              MGA ENTERTAINMENT, INC., MGA
                                ENTERTAINMENT (HK) LIMITED,
20                              MGAE de MEXICO S.R.L. de C.V., and
                                ISAAC LARIAN

21

22                              KEKER & VAN NEST LLP

23                              By: _____

24                              Matthew Werdegar
                                Attorneys for Carter Bryant
25

26

27

28  MGA DEFENDANTS AND CARTER BRYANT'S NOTICE OF SERVICE OF OBJECTIONS TO MATTEL'S
                         CORRECTED REVISED EXHIBIT LIST
                         Case No. CV 04-9049 SGL (RNBx)
                                   -3-

EXHIBIT 20

PAGE 250

MGA BRYANT's OBJECTIONS TO MATTEL's CORRECTED REVISED EXHIBIT LIST

| No. | Date | Other Description | Beg. Bates | End Bates | Joint Objections | Bryant Add'l Objections |
|---|---|---|---|---|---|---|
| 0629 | 4/25/2001 | DEPOSITION EXHIBIT 629: Email | MGA 0047048 | MGA 0047048 | | Hearsay (FRE 801,802) Authenticity/Foundation (FRE 901) |
| 0630 | 6/30/2003 | DEPOSITION EXHIBIT 630: Email | MGA 0060577 | MGA 0060579 | Prejudicial/Confusing (FRE 403);Hearsay (FRE 801,802) | Hearsay (FRE 801,802) Authenticity/Foundation (FRE 901) |
| 0631 | 7/28/2003 | DEPOSITION EXHIBIT 631: Magazine | M 0074054 | M 0074056 | Hearsay (FRE 801,802);Prejudicial/Confusing (FRE 403);Authenticity/Foundation (FRE 901) | Hearsay (FRE 801,802) |
| 0632 | 3/5/2004 | DEPOSITION EXHIBIT 632: Article | M 0070398 | M 0070399 | Prejudicial/Confusing (FRE 403);Hearsay (FRE 801,802) | Hearsay (FRE 801,802) |
| 0633 | 6/19/2001 | DEPOSITION EXHIBIT 633: Email | MGA 0066085 | MGA 0066088 | Hearsay (FRE 801,802);Prejudicial/Confusing (FRE 403);Relevance (FRE 401-402) | Hearsay (FRE 801,802) Authenticity/Foundation (FRE 901) |
| 0634 | 9/6/2000 | DEPOSITION EXHIBIT 634: Proposal | LAF0083 | LAF0083 | Hearsay (FRE 801,802);Prejudicial/Confusing (FRE 403);Relevance (FRE 401-402);Authenticity/Foundation (FRE 901) | Hearsay (FRE 801,802) |
| 0635 | 2/17/2001 | DEPOSITION EXHIBIT 635: Bratz Study | LAF 002 | LAF 002 | Authenticity/Foundation (FRE 901);Hearsay (FRE 801,802) | Hearsay (FRE 801,802) |
| 0637 | 3/7/2001 | DEPOSITION EXHIBIT 637: Email with Attachments | MGA 0046968 | MGA 0046970 | Prejudicial/Confusing (FRE 403);Hearsay (FRE 801,802);Relevance (FRE 401-402) | Hearsay (FRE 801,802) Authenticity/Foundation (FRE 901) |
| 0638 | 3/7/2001 | DEPOSITION EXHIBIT 638: Email with Attachments | MGA 0049639 | MGA 0049641 | Prejudicial/Confusing (FRE 403);Relevance (FRE 401-402) | Hearsay (FRE 801,802) Authenticity/Foundation (FRE 901) |
| 0639 | 3/8/2001 | DEPOSITION EXHIBIT 639: Email with Attachments | MGA 0046962 | MGA 0046967 | Prejudicial/Confusing (FRE 403);Relevance (FRE 401-402) | Hearsay (FRE 801,802) Authenticity/Foundation (FRE 901) |
| 0640 | 3/10/2001 | DEPOSITION EXHIBIT 640: Email with Attachments | MGA 0049529 | MGA 0049532 | Prejudicial/Confusing (FRE 403);Relevance (FRE 401-402) | Hearsay (FRE 801,802) |

5/2/2008

EXHIBIT 20

PAGE 251

# EXHIBIT 21

**THIS EXHIBIT IS FILED UNDER SEAL**

**PURSUANT TO PROTECTIVE ORDER**