QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
JOHN B. QUINN (State Bar No. 090378)
MICHAEL T. ZELLER (State Bar No. 196417)
JON D. COREY (State Bar No. 185066)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000; Facsimile: (213) 443-3100

STROOCK & STROOCK & LAVAN LLP
BARRY B. LANGBERG (State Bar No. 048158)
MICHAEL J. NIBORSKI (State Bar No. 192111)
2029 Century Park East, Suite 1600
Los Angeles, California 90067-3086
(lacalendar@stroock.com)
Telephone: (310) 556-5800; Facsimile: (310) 556-5959

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>The Honorable Stephen G. Larson<br><br>**MATTEL, INC.'S *EX PARTE* APPLICATION FOR (1) RELIEF FROM THE FIVE-DAY REQUIREMENT OF LOCAL RULE 7-3; AND (2) FOR AN EXPEDITED HEARING DATE OF MAY 21, 2008 ON MATTEL'S MOTION OBJECTING TO DISCOVERY MASTER'S MAY 8, 2008 ORDER DENYING MATTEL'S MOTION FOR RECONSIDERATION OF FEBRUARY 26, 2008 ORDER DENYING MOTION TO COMPEL DEPOSITION OF CHRISTOPHER PALMERI; AND RENEWED MOTION OBJECTING TO FEBRUARY 26, 2008 ORDER**<br><br>[Declaration of Michael J. Niborski filed concurrently herewith]<br><br>**Phase 1:**<br>Discovery Cut-Off:  January 28, 2008<br>Pre-Trial Conference: May 19, 2008<br>Trial Date:  May 27, 2008 |

07209/2501400.1

1  Pursuant to the <u>Federal Rules</u> and <u>Local Rule</u> 7-19, Mattel, Inc.
2  ("Mattel") respectfully submits this *ex parte* Application seeking relief from the
3  five-day notice requirement for filing of motions under <u>Local Rule</u> 7-3, and for an
4  expedited hearing date of May 21, 2008 for Mattel, Inc.'s Motion Objecting To
5  Discovery Master's May 8, 2008 Order Denying Mattel's Motion For
6  Reconsideration Of February 26, 2008 Order Denying Motion To Compel
7  Deposition Of Christopher Palmeri; And Renewed Motion Objecting To February
8  26, 2008 Order ("Motion").

9  This Application is based on the need for a ruling by the Court on an
10 important discovery issue prior to trial, which is scheduled to start on May 27, 2008.
11 If the Motion is not expedited for hearing, Mattel will be deprived of critical
12 evidence for use at trial.  Fairness requires consideration by the Court of the
13 Motions prior to trial with sufficient time for compliance with any order by the
14 Court.

15 Ex Parte Notice.  Pursuant to <u>Local Rule</u> 7-19, on May 9, 2008, Robyn
16 Aronson, of David Wright, Tremaine, LLP, counsel for Mr. Palmeri (telephone:
17 (213) 633-6800); address:  865 South Figueroa Street, Suite 2400, Los Angeles,
18 California 90017-2566) was given notice of this ex parte application, its date and
19 location.[1]  No agreement was reached regarding the hearing date proposed by Mattel
20 (May 21, 2008) and shortened briefing schedule.[2]

21
22
23
24
25

26  [1]  <u>See</u> Declaration of Michael J. Niborski In Support of Mattel's Ex Parte
27  Application for an Expedited Hearing ("Niborski Dec."), at ¶¶ 2-4.
     [2]  <u>See id.</u>, at ¶ 4.
28

-1-

1        This application is based on this Application and the accompanying

2 Memorandum, the Declaration of Michael J. Niborski filed concurrently with this

3 application, the pleadings and other papers on file in this action, and all matters of

4 which the Court may take judicial notice.

5

6 DATED:  May 12, 2008           STROOCK & STROOCK & LAVAN LLP

7                               By  /s/ Michael J. Niborski

8                                  Michael J. Niborski
                                 Attorneys for Mattel, Inc.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**Mattel's Ex Parte Application**

2

3  I.   **RELIEF FROM LOCAL RULE 7-3'S FIVE-DAY MEET AND**

4       **CONFER REQUIREMENT IS APPROPRIATE BECAUSE THE**

5       **PARTIES HAVE ALREADY MET AND CONFERRED WITHOUT**

6       **SUCCESS**

7            Under the Local Rules, parties are required to meet and confer five

8  days prior to the filing of an anticipated motion so the parties may attempt to

9  "eliminate[] the necessity for a hearing" on the disputed issue. C.D. Cal. L.R. 7-3.

10  Mattel seeks relief from this requirement on the grounds that the parties have met

11  and conferred on the issues raised in Mattel's Motion, although not five days before

12  the Motion was filed.  None of the meet and confers resolved the motions.

13            As explained in Mattel's currently filed Mattel, Inc.'s Motion Objecting

14  To Discovery Master's May 8, 2008 Order Denying Mattel's Motion For

15  Reconsideration Of February 26, 2008 Order Denying Motion To Compel

16  Deposition Of Christopher Palmeri; And Renewed Motion Objecting To February

17  26, 2008 Order ("Motion"), counsel for Mattel and Mr. Palmeri met and conferred

18  numerous times concerning the issues raised in that Motion, and again most recently

19  on May 8 and 9, 2008.[3]  The parties were not able to resolve the issues, and further

20  meet and confers would not be beneficial.[4]  There is no reason to believe that further

21  meet and confer efforts would lead to a different result.

22            Additional conferences will not further the purpose of Local Rule 7-3.

23  Given the importance of the issues raised, Mattel believes no further delay is

24  warranted.  The Court has informed the parties to the litigation that it will hear

25  remaining discovery motions on May 21, 2008.  For this reason, Mattel requests that

26  _____

27  [3]  Niborski Dec., at ¶ 2.
    [4]  Id., at ¶ 2.

28

07209/2501400.1

-1-

1   the Court waive the requirement of a five-day waiting period before the filing of the

2   Motion, and that the Court schedule hearing on the motions on May 21, 2008, or as

3   soon thereafter as the Court's calendar permits.

4

5   II.   **AN EXPEDITED HEARING DATE IS WARRANTED IN LIGHT OF**

6   **THE RAPIDLY APPROACHING TRIAL DATE AND THE**

7   **IMPORTANCE OF THE ISSUES**

8   The Court has stated that it intends to consider discovery appeals on an

9   expedited basis:

10   TO THE EXTENT THAT MATTEL OR MGA OR
     CARTER BRYANT OR ANYBODY ELSE DISAGREES
11   WITH THE DECISION MADE BY JUDGE INFANTE,
     THEN THAT CAN BE BROUGHT BEFORE THIS
12   COURT, AND I WOULD CERTAINLY DO ALL THAT
     I CAN TO HEAR THAT ON AN EXPEDITED BASIS.[5]
13
14   The Court has recently reaffirmed this commitment and specified that it will hear

15   discovery motions in this matter on May 21, 2008.[6]

16   Mattel respectfully requests that the Motion be heard on May 21, 2008,

17   or as soon thereafter as the Court's calendar permits.  As of approximately two

18   weeks before the Motion was filed on May 12, 2008, the earliest regular hearing

19   date was June 16, 2008, three weeks after trial is scheduled to start.  It is unclear

20   when the Court's next available hearing date is.[7]  Hearing the Motion in June – or

21   later – will effectively deprive Mattel – which, as plaintiff, will present its case first

22   – of critical evidence.  As discussed in the Motion, Mr. Palmeri is an important

23   witness who can confirm under oath the accuracy of statements by Isaac Larian that

24   [5]   See Hearing Transcript dated February 4, 2008, at 27:10-14.

25   [6]   See Hearing Transcript dated May 6, 2008, at 35:8-25.
     [7]   The Court's current motion calendar online at
26   http://www.cacd.uscourts.gov/cacd/MotnCal.nsf/Closed+Dates?OpenView, is
27   currently experiencing technical difficulties (it shows all civil motion hearing dates
     "CLOSED" through to the end of 2008).
28

07209/2501400.1

1 | Larian claimed to BusinessWeek (and the world) in July 2003 that he "got the idea
2 | for Bratz after seeing his own kids run around in navel-baring tops and hip-
3 | huggers." This claim was false, and was designed to hide Carter Bryant's invention
4 | of – and Mattel's ownership of – Bratz.

5 |      Mr. Palmeri will in no way be prejudiced by a May 21, 2008 hearing
6 | date. He has already had ample time to consider and brief the issues presented in
7 | the Motion, when it considered by the Discovery Master, then by the Court upon the
8 | first appeal, and again on reconsideration by the Discovery Master. When Mattel
9 | approached counsel for Mr. Palmeri regarding the May 21, 2008 hearing date and a
10 | shortened briefing schedule, Mr. Palmeri's counsel insisted on a full seven days to
11 | file and serve an opposition brief, leaving Mattel with no meaningful opportunity for
12 | a reply.[8]

13 |      Accordingly, Mattel requests that this Court set an expedited briefing
14 | schedule, with Mr. Palmeri's opposition to be delivered by hand to Mattel by May
15 | 16, 2008, and Mattel's reply to be hand delivered to Mr. Palmeri on May 20, 2008.
16 | Setting this Motion for hearing on shortened notice will result in the resolution of an
17 | important dispute regarding important evidence for trial, and will not harm Mr.
18 | Palmeri.

19 |
20 | DATED: May 12, 2008        STROOCK & STROOCK & LAVAN LLP

21 |
22 |        By   /s/ Michael J. Niborski
          Michael J. Niborski
23 |           Attorneys for Mattel, Inc.
24 |
25 |
26 |
27 | ―――――――――――
 [8] Niborski Dec., at ¶ 4.
28 |

-3-