1  THOMAS J. NOLAN (Bar No. 66992)
   (tnolan@skadden.com)
2  JASON D. RUSSELL (Bar No. 169219)
   (jrussell@skadden.com)
3  MARINA V. BOGOROD (Bar No. 217524)
   (mbogorad@skadden.com)
4  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
   300 South Grand Avenue, Suite 3400
5  Los Angeles, CA  90071
   Tel.: (213) 687-5000/Fax: (213) 687-5600
6
7  RAOUL D. KENNEDY (Bar No. 40892)
   (rkennedy@skadden.com)
8  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
   4 Embarcadero Center, Suite 3800
   San Francisco, CA  94111-5974
9  Tel.: (415) 984-2698 / Fax: (415) 984-2626

10 Attorneys for MGA Entertainment, Inc., MGA Entertainment (HK) Limited, and
   Isaac Larian

11                    UNITED STATED DISTRICT COURT

12                   CENTRAL DISTRICT OF CALIFORNIA

13                          EASTERN DIVISION

14

15 CARTER BRYANT, an individual,          )   CASE   NO.   CV   04-9049   SGL
                                          )   (RNBx)
                        Plaintiff,        )
16                                        )   Consolidated   with   Case   No.   04-
                 v.                       )   9059 and Case No. 05-2727
17                                        )
   MATTEL,   INC.,   a   Delaware         )   Honorable Stephen G. Larson
18 corporation,                           )
                                          )   MATTEL, INC.'S OBJECTIONS
19                      Defendant.        )   AND MGA PARTIES' AND
                                          )   BRYANT'S RESPONSES
20 _____         )   REGARDING MGA PARTIES'
                                          )   AND BRYANT'S DISPUTED
21 AND CONSOLIDATED ACTIONS.              )   [PROPOSED] SPECIAL VERDICT
   _____         )   FORMS

22

23

24

25

26

27

28

1  **PHASE 1-A VERDICT FORMS**

2

| No. | **Special Verdict Form** | **Page** |
|---|---|---|
| 1 | Proposed Form of Verdict No._1 (Section 2(a) – Scope of Inventions Agreement) | 13 |
| 2 | Proposed Form of Verdict No. 2 (Breach of Section 2(a) of Inventions Agreement) | 17 |
| 3 | Proposed Form of Verdict No. 3 (Breach of Section 3(a) Inventions Agreement) | 42 |
| 4 | Proposed Form of Verdict No. 4 (Validity of Conflict of Interest Questionnaire) | 52 |
| 5 | Proposed Form of Verdict No. 5 (Breach of Conflict of Interest Questionnaire) | 56 |
| 6 | Proposed Form of Verdict No. 6 (17 U.S.C. Section 204(a) and Cal. Civ. Code Section 988) | 65 |
| 7 | Proposed Form of Verdict No. 7 (Declaratory Relief) | 69 |
| 8 | Proposed Form of Verdict No. 8 (Fiduciary Duty) | 72 |
| 9 | Proposed Form of Verdict No. 9 (Liability for Aiding and Abetting Breach of Fiduciary Duty) | 81 |
| 10 | Proposed Form of Verdict No. 10 (Duty of Loyalty) | 95 |
| 11 | Proposed Form of Verdict No. 11 (Liability for Aiding and Abetting Breach of Duty of Loyalty) | 106 |
| 12 | Proposed Form of Verdict No. 12 (Liability for Intentional Interference with Contract) | 118 |
| 13 | Proposed Form of Verdict No. 13 (Conversion) | 132 |
| 14 | Proposed Form of Verdict No. 14 (Statutory Unfair Competition) | 143 |

**PHASE 1-B VERDICT FORMS**

| No. | **Special Verdict Form** | **Page** |
|---|---|---|
| 1 | Proposed Form of Verdict No. 1 (Copyright Ownership) | 148 |
| 2 | Proposed Form of Verdict No. 2 (Copyright Infringement) | 154 |
| 3 | Proposed Form of Verdict No. 3 (Copyright Infringement – Vicarious and Contributory Infringement) | 187 |
| 4 | Proposed Form of Verdict No. 4 (Inventions Agreement Damages) | 193 |
| 5 | Proposed Form of Verdict No. 5 (Questionnaire Damages) | 196 |
| 6 | Proposed Form of Verdict No. 6 (Fiduciary Duty Damages) | 199 |
| 7 | Proposed Form of Verdict No. 7 (Aiding and Abetting Breach of Fiduciary Duty Damages) | 202 |

i

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| 8 | Proposed Form of Verdict No. 8 (Breach of Duty of Loyalty Damages) | 205 |
|---|---|---|
| 9 | Proposed Form of Verdict No. 9 (Aiding and Abetting Breach of Duty of Loyalty Damages) | 208 |
| 10 | Proposed Form of Verdict No. 10 (Intentional Interference Damages) | 211 |
| 11 | Proposed Form of Verdict No. 11 (Conversion Damages) | 214 |

## MATTEL'S GENERAL OBJECTIONS:

Each of the following General Objections is hereby incorporated in full into the objections to specific verdict forms and proposed findings set forth below:

1.     Mattel objects generally to defendants' proposal to present the jury with a 59-page, Byzantine set of argumentative and defense-slanted verdict forms. Defendants will be afforded an opportunity at the close of the evidence to present argument as to any issues properly presented to the jury.  There is no reason for defendants to attempt to re-argue the issues in their proposed verdict forms.  Yet defendants now propose to bombard the jury with forms containing every argument and addressing every sub-issue they believe is in the case, each framed as a special verdict question.  The result is a convoluted, over-length set of forms that appears calculated to require the jury unnecessarily to deliberate for weeks if they are to find for Mattel.

As but one example, defendants propose to have the jury wade through 65 special verdict questions before they can make the simple determination whether Carter Bryant breached his Inventions Agreement and Conflict of Interest Questionnaire.  (Defendants' Proposed Forms 1(a)-(d), 2(a)-(w), 3(a)-(q), 4(a)-(f), 5(a)-(m)).  By way of comparison, Mattel's proposed verdict form properly addresses this issue and all others related to breach of contract with two questions.

Overall, defendants unnecessarily propose that the jury be required to answer 358 questions in the course of its deliberations – 211 in Phase 1A and 147 in Phase 1B.  There is no reason to pose unnecessary questions to the jury that will prolong both deliberations and, presumably, argument on both sides about how to complete the form.  Reasonable and appropriate verdict forms in this case can easily be limited to 50 questions, not the 358 questions proposed by the defense.  *See* Mattel's Proposed Verdict Form.

2.     Mattel further objects to defendants' proposed verdict forms for Phase 1A on the ground that they improperly and confusingly ask the jury to make findings

1

1   on issues the Court has already adjudicated in connection with the parties' motions

2   for partial summary judgment and are contrary to the Court's findings.  *See* April 25,

3   2008 Order Granting in Part, Denying in Part, and Deferring in Part the Parties'

4   Motions for Partial Summary Judgment ("April 25, 2008 Order").

5        For example, with respect to the Inventions Agreement, the Court has already

6   found as a matter of law that (1) the Inventions Agreement is not ambiguous, (2) "the

7   original Bratz drawings clearly fall within the scope of the Inventions Agreement,"

8   (3) Bryant cannot rely on *Labor Code* § 2870 because Bratz works relate to Mattel's

9   business and (4) the Inventions Agreement is enforceable.  *See* April 25, 2008 Order,

10  at 4-5.  The Court also found that Bryant cannot defend his actions as "lawful

11  preparations to compete" because he "directly competed with Mattel by entering into

12  a contract with its competitor to produce a competing product while still employed

13  by Mattel."  *Id.* at 5.

14       The Court also found as a matter of law that Bryant owed a fiduciary duty and

15  duty of loyalty to Mattel and that he breached those duties when he "secretly entered

16  into a contract with Mattel's competitor, while still employed by Mattel, to produce a

17  line of fashion dolls to be marketed in direct competition with Mattel's products."

18  April 25, 2008 Order, at 5-6.

19       The Court also ruled that Mattel has satisfied several elements of its claim

20  against MGA and Larian for intentional interference with contractual relations.

21  April 25, 2008 Order, at 6 (finding that "the first [valid contract], third [intentional

22  acts designed to induce a breach or disruption of the contractual relationship], and

23  fifth [resulting damage] elements are met.").

24       Finally, the Court found that almost all of defendants' affirmative defenses are

25  equitable in nature, and indicated that the Court (and not the jury) will rule on those

26  affirmative defenses—including abandonment, acquiescence, consent, estoppel,

27  failure to mitigate, laches, unclean hands and waiver—after trial.  April 25, 2008

28  Order, at 7.

2

1    To the extent defendants' proposed verdict forms ask the jury to make findings

2  on those issues which have already been adjudicated by the Court in its April 25,

3  2008 Order, they are improper and objectionable.  At a minimum, this includes the

4  following specific findings proposed by defendants: 1(a), (d); 2(a), (g), (h)-(i), (j)-(s),

5  (u)-(w); 3(b)-(c), (d)-(m), (o)-(q); 5(e), (f)-(o), (q)-(s); 8(a)-(e), (f)-(o), (q)-(s); 9(a),

6  (i)-(r), (t)-(v); 10(a)-(f), (g)-(p), (r)-(t); 11(a)-(c), (j)-(s), (u)-(w); 12(a), (f), (h), (i)-(r),

7  (t)-(v); and 13(g)-(r), (u)-(z).  To the extent the Court intends to adopt any portion of

8  defendants' proposed verdict forms, all of these proposed findings should be stricken.

9    3.    Mattel further objects to the defendants' proposed verdict forms on the

10  ground that the questions they pose deviate substantially from the model instructions

11  found in the Ninth Circuit Manual of Model Jury Instructions and CACI.

12    4.    Mattel further objects to the defendants' proposed verdict forms on the

13  ground that the questions they incorporate the same erroneous statements of law that

14  are set forth in the defendants' proposed jury instructions.  *See* Mattel's Objections to

15  the Defendants' Proposed Jury Instructions.  If these erroneous statements of law are

16  included in the final verdict form, any verdict would be subject to reversal on appeal.

17    5.    Mattel further objects to the defendants' proposed verdict forms on the

18  ground that they are overly complicated.  Not only do the forms contain 358

19  questions, but most of the questions refer the jury to some other section of the form

20  based on the response, thereby making it nearly impossible for the jury to determine

21  what it is really being asked to decide.  Defendants' voluminous, convoluted forms

22  would inevitably confuse the jury far more than they would provide assistance.  The

23  goal of any verdict form should be to assist the jury in rendering its verdict, not to

24  make the process as difficult and confusing as possible.

25    6.    Mattel further objects to the defendants' proposed verdict forms on the

26  ground that they are excessively fact-specific and argumentative, which makes them

27  hopelessly confusing and prejudicial.  Many of the "facts" assumed by the

28  defendants in their proposed verdict forms are argumentative, biased and inaccurate.

3

1   The defendants make numerous assumptions in their proposed verdict forms

2   regarding what Mattel claims, many of which are irrelevant and unnecessary the

3   causes of action at issue in this case.  *E.g.*, Defendants' Proposed Form of Verdict

4   No. 4(d) ("With respect to Mattel's claim that the Questionnaire looks like a contract

5   and contains conspicuous provisions that are clearly disclosed, we find . . . .").

6        7.    Mattel further objects to the defendants' proposed verdict forms on the

7   ground that they consistently misstate the applicable burden of proof, or

8   misleadingly describe the applicable burden of proof.  For example, apparently not

9   content with the preponderance of the evidence standard set forth in the model

10  instructions, defendants consistently use the phrase "fair preponderance of the

11  credible evidence" in their Phase 1B verdict forms.  There is no basis for defendants

12  to attempt to alter the standard, accepted language applicable to the burden of proof,

13  by adding extra adjectives or otherwise.

14       8.    Mattel further objects to the defendants' proposed verdict forms on the

15  ground that they are materially biased toward the defendants.

16       9.    Mattel further objects to the defendants' proposed verdict forms on the

17  ground that many of the questions posed to the jury are unintelligible.  *E.g.*, "With

18  respect to whether Mattel's interpretation of Section 2(a) of the Inventions

19  Agreement falls within the reasonable expectations of the weaker party (Carter

20  Bryant), we find:  yes or no."  A reasonable juror would not understand how to

21  respond to such a question, and other similarly unintelligible questions are found

22  throughout the proposed verdict forms.

23       10.   Mattel further objects to defendants' proposed verdict forms on the

24  ground that defendants' instructions are inconsistent with applicable legal standards,

25  as set forth in the briefing on Mattel's motion for partial summary judgment, Mattel's

26  motions in limine and Mattel's proposed jury instructions, which are hereby

27  incorporated herein.

28

1    11.    Mattel incorporates by reference herein, each of the objections that it

2  has made or may make to the jury instructions proposed by MGA to the extent that

3  they relate to the same subject matter addressed by those objections.

4    12.    Mattel further objects to defendants' proposed verdict forms insofar as

5  they use the derogatory term "sketches" when referring to Carter Bryant's drawings

6  and designs.

7    13.    Based on the foregoing General Objections, Mattel respectfully requests

8  that the Court reject defendants' proposed verdict forms in their entirety.  To the

9  extent the Court intends to adopt any portion of defendants' proposed verdict forms,

10  Mattel reserves the right to assert additional General and Specific Objections to

11  defendants' proposed forms.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MGA PARTIES AND BRYANT RESPOND AS STATED BELOW:**

1.      As discussed at length in MGA Parties' and Bryant's Objections to Mattel's Proposed Verdict Forms set forth below, Mattel fundamentally misunderstands the purpose of a special verdict form.  Fed. R. Civ. P. 49(a)(1), requires that the jury return, "a special verdict in the form of a special written finding on <u>each issue of fact</u>." (emphasis added).  This Court's Order Regarding Pretrial Deadlines dated March 11, 2008 specifically states that the parties are to file "special verdict forms."  <u>See</u> Order Regarding Pretrial Deadlines ¶ 2.  Mattel now objects on the grounds that MGA Parties and Bryant followed the Court's instruction, while Mattel turned in verdict forms that call for the jury's conclusions on law.

The purpose of a special verdict is to concentrate the jury on its fact-finding role.  <u>See</u> <u>Zhang v. Am. Gem. Seafoods, Inc.</u>, 339 F.3d 1020, 1031 (9th Cir. 2003) (discussing differences between special verdicts and general verdicts and noting that "special verdicts 'compel the jury to focus exclusively on its fact-finding role'") (quoting <u>Floyd v. Laws</u>, 929 F.2d 1390, 1395 (9th Cir. 1991)).  Indeed, particularly where cases are complex and fact-intensive, special verdict forms provide the jurors with assistance in framing their understanding of the issue.  For example, in a First Amendment case, <u>Tavoulareas v. Piro</u>, then Circuit Court Judge Ruth Bader Ginsburg lauded the use of detailed special verdict forms, noting that they "impel the jurors to advert to the framework within which the judge has instructed them to consider the case and could assist them to hold the distinct legal questions in clear and separate view" and "thus may promote both comprehension and actual application of the governing … law." 817 F.2d 762, 809 (D.C. Cir. 1987) (Ginsburg, J., concurring).  She described with approval the use of "a jury verdict form which 'took the jury step by step through each of the theories on which plaintiff relied.'"  <u>Id.</u> at 809 n.4 (internal citations omitted).

Mattel objects on the grounds that MGA Parties' and Bryant's Proposed Verdict Forms would require the jury to answer a large number of questions.  This is

6

Obj. & Responses Re MGA Parties' & Bryant's [Proposed] Spec. Verdict Forms– Case No. CV 04-9049 SGL (RNBx)

1  an extremely complicated proceeding, largely because Mattel has chosen to assert

2  numerous legal claims.  Mattel now expresses concern that it will take the jury a long

3  time to complete the forms proposed.  Evidently, Mattel's preferred alternative is to

4  present cursory verdict forms that fail to cover substantive issues and which would

5  have the jury make conclusions of law without any findings of fact.  As discussed

6  above, this is not the purpose of a special verdict form.  Using Mattel's proposed

7  verdict forms would all but guarantee a drawn-out appeals process, as the parties and

8  the Court try to sort out the jury's findings of fact from its conclusions of law.

9        2.      To begin with, Mattel's objection based upon the Court's April 25, 2008

10 Order is premature, given Bryant's pending Motion For Reconsideration, which the

11 Court has ordered shall be heard on May 19, 2008.  For example, Mattel's reliance

12 on the Court's statement that Bryant "secretly entered into a contract with a Mattel

13 competitor" is premature in light of Bryant's pending Motion for Reconsideration,

14 which specifically challenges this finding in light of the disputed evidence submitted

15 regarding this issue.  Mattel's reliance on the Court's ruling on its fiduciary duty

16 claim is likewise problematic.  Indeed, in light of the California Supreme Court's

17 recent decision City of Hope Nat'l Med. Ctr. v. Genentech, Inc., ___ Cal. 4th ___,

18 2008 WL 1820916, at **6-11 (Apr. 24, 2008), it appears that Mattel seeks to invite

19 reversible error in relying on this portion of the Court's order.  (Bryant's pending

20 Motion for Reconsideration explains the impact of City of Hope in more detail,

21 which Bryant will not repeat here.)

22        Moreover, Mattel repeatedly mischaracterizes the Court's holding and its

23 effect.  For example, Mattel's partial quote of the Court's Order ("'the original Bratz

24 drawings clearly fall within the scope of the Inventions Agreement'") does not

25 accurately convey the Court's holding:  the Court specifically held that issues of

26 timing are unresolved (April 25, 2008 Order at 4).  The jury will still need to be

27 instructed that Mattel must prove that the BRATZ sketches were "conceived or

28 reduced to practice…during [Bryant's] employment by [Mattel]."  Similarly, the

7

1   Court made no finding of breach with respect to Mattel's claim for breach of contract
2   based on an alleged failure to communicate his inventions to Mattel—nor could it,
3   given that the issue of whether Bryant was required to communicate those sketches
4   to Mattel could not be resolved without resolution of the timing issues and
5   applicability of Labor Code Section 2870, among other issues.

6       Mattel also mischaracterizes the Court's rulings on its intentional interference
7   claim.  Mattel had not moved for summary judgment on its claim for intentional
8   interference with contract.  The Court continued hearing on the MGA Parties'
9   motion for partial summary judgment as to this claim, among others, and is currently
10  scheduled to hear arguments on May 19, 2008.  It is then that the MGA Parties
11  expect to clarify the Court's findings, if any, on this claim.

12      Finally, Mattel mischaracterizes the import of the Court's decision to defer
13  ruling on certain affirmative defenses.  While the Court may ultimately rule on the
14  effect of these defenses, it is apparent from the Court's order that it expects the jury
15  to make the factual determinations underlying its decision.  Indeed, in its Order, the
16  Court noted that factual issues concerning the bona fide purchaser defense such as
17  good faith and notice would be resolved at trial, such that the Court would be left
18  only with legal issues.  See April 25, 2008 Order at 8.  The factual determinations
19  supporting each other affirmative defense should likewise be placed before the jury.
20  See, e.g., Bickel v. City of Piedmont, 16 Cal. 4th 1040, 1052 (1997) ("Whether there
21  has been a waiver is a question of fact."), abrogated on other grounds, DeBerard
22  Properties, Ltd. v. Lim, 20 Cal. 4th 659, 668 (1999); Posey v. Leavitt, 229 Cal. App.
23  3d 1236, 1244 n.4 (1991) ("[F]actual issues raised by the consent defense would be
24  properly triable by the jury…."); Elmore v. Oak Valley Hosp. District, 204 Cal. App.
25  3d 716, 724 (1988) ( "The existence of estoppel is a question of fact for the trial
26  court."); Muraoka v. Budget Rent-a-Car, 160 Cal. App. 3d 107, 117 (1984) (holding
27  trial court erred in granting defendant's demurrer stating, "[the estoppel question] is
28  one of fact which should be left for resolution by a jury and not determined upon

8

1 general demurrer"); see also Posner v. Grunwald-Marx, Inc., 56 Cal. 2d 169, 189

2 (1961) ("Whether there has been a waiver is usually regarded as a question of fact to

3 be determined by the jury, or by the trial court if there is no jury.") (internal

4 quotations and citations omitted).

5     For these reasons, and those set forth in response to Mattel's specific

6 objections to each proposed verdict form, Mattel's list of supposed improper and

7 objectionable specific findings is not only premature, but also erroneous even under

8 the Court's April 25, 2008 Order.

9     3.     Mattel does not explain how MGA Parties' and Bryant's Proposed

10 Verdict Forms "deviate substantially" from the model instructions.  In any event, the

11 parties are permitted to modify the language of any model instruction to make it less

12 confusing or more appropriate in the context of a particular case.  See McDowell v.

13 Calderon, 130 F.3d 833, 840-41 (9th Cir. 1997) (discussing both CACI and the Ninth

14 Circuit Manual of Model Jury Instructions: "The texts of 'standard' jury instructions

15 are not debated and hammered out by legislators, but by ad hoc committees of

16 lawyers and judges.  Jury instructions do not come down from any mountain or rise

17 up from any sea.  Their precise wording, although extremely useful, is not blessed

18 with any special precedential or binding authority.   This description does not

19 denigrate their value, it simply places them in the niche where they belong.").

20 Indeed, modification is sometimes necessary to make an instruction accurate and

21 complete.  See, e.g., United States v. Hegwood, 977 F.2d 492, 496 (9th Cir. 1992)

22 (approving modification of Ninth Circuit model instruction to include additional

23 elements, noting that "[h]ad the district court merely read the model jury instruction,

24 it would have committed plain error, since that instruction makes no reference

25 whatsoever to knowledge or intent."). The MGA Parties' and Bryant's responses to

26 specific objections are below.

27     4.     As discussed in detail below, MGA Parties' and Bryant's Proposed

28 Verdict Forms are entirely proper and suitable for use by the jury.

9

1    5.    Mattel's fifth general objection confuses length with complication.
2    While the verdict forms proposed by the MGA Parties and Bryant are not necessarily
3    compact, their length is necessitated by the significant number of factual findings the
4    jury must make in this highly complicated case.   Actually, the forms are easy to
5    follow.   For each question the jury is required to make a single finding of fact.   This
6    is a far simpler format than, for example, asking "Does Mattel own any of the Bratz
7    works Mattel claims it owns pursuant to the Inventions Agreement?" as a yes-or-no
8    question.   (See Mattel Inc.'s Proposed Special Verdict Forms – Special Verdict Form
9    for Phase 1(a) No. 2.)   Moreover, it is the format required in a special verdict form.
10   Fed. R. Civ. P. 49(a)(1), requires that the jury return, "a special verdict in the form of
11   a special written finding on each issue of fact" (emphasis added).

12        At every point throughout the verdict forms proposed by the MGA Parties and
13   Bryant, the jury is given instructions on how to proceed.   References to other
14   sections are present to prevent the jury from making inconsistent findings.   Moreover,
15   the instruction "(If no, please proceed to Verdict Form No. 10)" is hardly too
16   complicated for the jury to follow.   (See infra (MGA Parties Proposed Form of
17   Verdict No. 8 (Fiduciary Duty)).)   The MGA Parties' and Bryant's Proposed Verdict
18   Forms are the simplest and easiest way to walk the jury through the numerous
19   findings of facts required to resolve Mattel's innumerable claims.

20        See also infra, Response to General Objection 8.

21        6.    Mattel's objection that MGA Parties' and Bryant's Proposed Verdict
22   Forms are "excessively fact-specific" is not a valid objection to special verdict forms.
23   Fed. R. Civ. P. 49(a)(1), requires that the jury return, "a special verdict in the form of
24   a special written finding on each issue of fact." (emphasis added).   MGA Parties' and
25   Bryant's Proposed Special Verdict Forms are fact specific because that is precisely
26   what the Federal Rules of Civil Procedure require.   Mattel has offered no explanation
27   for why the proposed verdict forms are confusing other than the fact that there are a
28

1  large number of questions.  At the same time, Mattel had no reservations about

2  bringing a large number of claims.

3       7.    Mattel objects that the MGA Parties' and Bryant's use of the words

4  "fair" and "credible" somehow prejudices the jury against them.  Specifically, Mattel

5  objects to the phrase "fair preponderance of credible evidence" instead of

6  "preponderance of evidence."  However, the phrase "fair preponderance of credible

7  evidence" is not an original creation by the MGA Parties and Bryant and is used to

8  signify the same standard.  <u>See, e.g.</u>, <u>Sogem-Afrimet, Inc. v. M/V Ikan Selayang</u>,

9  951 F. Supp. 429, 441 (S.D.N.Y. 1996) ("Upon examination, the fair preponderance

10  of credible evidence supports plaintiff's allegation that it delivered the cargo to

11  defendant in good condition and received damaged goods at outturn.  Accordingly,

12  the court finds that plaintiff has sustained its burden of proving its prima facie case."),

13  <u>aff'd</u>, 122 F.3d 1057 (2d Cir. 1997).  It is simply more descriptive.  Mattel's continual

14  insistence that "less is more" in the face of a long and complex trial with myriad

15  legal terms and concepts is, in the MGA Parties and Bryant's view, misguided.

16       8.    Mattel has not explained how MGA Parties' and Bryant's Proposed

17  Verdict Forms are "materially biased."  Mattel's objections to individual forms are

18  addressed below.

19       9.    Mattel has not explained why the verdict form question, "With respect

20  to whether Mattel's interpretation of Section 2(a) of the Inventions Agreement falls

21  within the reasonable expectations of the weaker party (Carter Bryant), we find[,]" is

22  unintelligible.  The format is simple and is used throughout the instructions:  it tells

23  the jury to consider a specific contention ("with respect to"), it tells the jury to

24  consider whether the contention is accurate or not ("whether"), it identifies the

25  subject of the contention ("Mattel's interpretation of Section 2(a) of the Inventions

26  Agreement"), and it identifies the substance of the contention ("falls within the

27  reasonable expectations of the weaker party (Carter Bryant)").  It then asks what the

28  jury finds.  If the form asked "With respect to whether Driver A ran the red light, we

1   find: [] yes or [] no," Mattel would certainly not have objected that it was overly
2   complex or unintelligible.  The subject matter of this litigation, however, is decidedly
3   complicated, and it is unavoidable that the verdict forms will reflect this fact.  That
4   does not mean, as Mattel proposes, that the form should avoid this complexity by
5   simply ignoring it.

6          10.    As discussed in detail below, MGA Parties' and Bryant's Proposed
7   Verdict Forms are entirely proper and suitable for use by the jury.

8          11.    MGA Parties and Bryant responded to Mattel's Objections to MGA
9   Parties' and Bryant's Proposed Jury Instructions in their [Proposed] Disputed Jury
10  Instructions, concurrently filed herewith.

11         12.    The term "sketch" is not derogatory and Mattel has not cited anything to
12  support its contention that the term is "derogatory."  Mattel's own expert used the
13  term repeatedly in reference to Bryant's works at issue here.  (<u>See, e.g.</u>, Loetz Report,
14  at 2 ("When a designer has an idea, he sketches it out."); <u>id.</u> at 4 ("In Carter Bryant's
15  sketches, the Bratz figures are posed …."); <u>id.</u> at 6 ("The Bratz sketches were
16  drawn …."); <u>id.</u> at 9 ("[i]t is the industry standard when creating a new toy … to
17  have the original artist draw sketches");  Loetz Depo. at 83:6-13 ("Q. Does the term
18  'sketch' versus 'drawing' have any distinct meaning to you?  A.  Not really …. I
19  don't think there's any real distinction and I think they're used interchangeably.").)

20         13.    As discussed in detail below, MGA Parties' and Bryant's Proposed
21  Verdict Forms are entirely proper and suitable for use by the jury.

22

23

24

25

26

27

28

Obj. & Responses Re MGA Parties' & Bryant's [Proposed] Spec. Verdict Forms– Case No. CV 04-9049 SGL (RNBx)

# PHASE 1-A VERDICT FORMS

## Proposed Form of Verdict No. 1 (Section 2(a) – Scope of Inventions Agreement)

On the claim of Mattel against Carter Bryant respecting the interpretation of the applicability of Section 2(a) of the January 4, 1999 Inventions Agreement between Mattel and Bryant, we, the jury, find as follows:

(a)  With respect to Mattel's claim that the term "inventions" in the Inventions Agreement applies to Bryant's sketches of the BRATZ concept, we find:

☐ yes or

☐ no.  (If no, please proceed to Verdict Form No. 3)

(b)  With respect to Mattel's claim that Carter Bryant conceived the BRATZ concept between 1/4/99 and 10/19/00, we find:

☐ yes or

☐ no.  (If no, please proceed to Verdict Form No. 3)

(c)  With respect to Mattel's claim that Carter Bryant reduced to practice his sketches of the BRATZ concept between 1/4/99 and 10/19/00, we find:

☐ yes or

☐ no.  (If no, please proceed to Verdict Form No. 3)

(d)  With respect to Mattel's claim that sketches Carter Bryant drew between 1/4/99 and 10/19/00 were done "during" his Mattel employment, we find:

☐ yes or

☐ no.  (If no, please proceed to Verdict Form No. 3)

13

1

### MATTEL'S OBJECTIONS:

2     Mattel objects to defendants' proposed verdict form as follows:

3     (a)-(d)      Defendants proposed verdict forms pose numerous questions that

4  are not consistent with defendants' own proposed jury instructions.  The detailed

5  findings offered by defendants are not required and will not assist the jury.

6  Defendants are also using odd and confusing phrasing – *e.g.*, that the term inventions

7  "applies to" drawings.  Defendants are using the special verdict form as a vehicle to

8  emphasize their arguments.

9     Additionally, many of the proposed questions are contrary to the Court's April

10  25, 2008 Order.  Specifically:

11     (a)      This proposed question is contrary to the Court's April 25, 2008 Order.

12  The Court has already held that the "the original Bratz drawings clearly fall within

13  the scope of the Inventions Agreement."  *See* April 25, 2008 Order, at 4.

14     (d)      This proposed question is contrary to the Court's ruling that, because

15  Bryant cannot rely on *Labor Code* § 2870, "the factual question of whether Bryant

16  work on [the Bratz works] on his own time, rather than during his working hours at

17  Mattel, is not relevant."  April 25, 2008 Order, at 5.

18

19

20

21

22

23

24

25

26

27

28

Obj. & Responses Re MGA Parties' & Bryant's [Proposed] Spec. Verdict Forms– Case No. CV 04-9049 SGL (RNBx)

## MGA PARTIES AND BRYANT RESPOND AS STATED BELOW:

(a)-(d)  MGA Parties' and Bryant's Proposed Verdict Form is proper.  Mattel offers no explanation as to the alleged inconsistencies between MGA Parties' and Bryant's Proposed Verdict Form and Proposed Jury Instructions.  Mattel contends that detailed findings of fact are not required.  As discussed in the responses to Mattel's general objections, this amounts to a fundamental misunderstanding of purpose of a special verdict form.  Moreover, it is not at all clear why asking the jury to answer four factual questions, which go directly to the heart of the critical issues in this case, is not required.  MGA Parties and Bryant fail to understand how querying the jury whether the term "inventions" in the Inventions Agreement applies to Bryant's sketches is confusing.  Mattel does not explain why the jury should not determine whether Mattel's inventions agreement applies to the BRATZ drawings, as that is one of the primary issues in this case.

(a)-(b)  Further, Mattel's objection based upon the Court's April 25, 2008 Order is premature, given Bryant's pending Motion For Reconsideration, which the Court has ordered shall be heard on May 19, 2008.  Moreover, Mattel's partial quote of the Court's Order ("'the original Bratz drawings clearly fall within the scope of the Inventions Agreement'") is an attempt to blatantly mischaracterize the Order:  the Court specifically held that issues of timing are unresolved (April 25, 2008 Order at 4).  Thus, the jury will still need to be instructed that Mattel must prove that the Bratz sketches were "conceived or reduced to practice … during [Bryant's] employment by [Mattel]."

(d)  Mattel's objection that proposed finding 1(d) is contrary to the Court's April 25, 2008 Order is also premature, because Bryant's pending Motion For Reconsideration requests that the Court reconsider its interpretation of Labor Code Section 2870. (Defendants will not repeat here the arguments set forth in Bryant's motion).  Further, even under the Court's Order, the jury must consider the unresolved issues of timing, such as whether Bryant's sketches were conceived or

15

1 | reduced to practice during his employment, and thus whether Section 2870 permits
2 | the assignment of the alleged invention to Mattel.

**Proposed Form of Verdict No. 2 (Breach of Section 2(a) of Inventions Agreement)**

*On the claim of Mattel against Carter Bryant respecting the breach of Section 2(a) of the January 4, 1999 Inventions Agreement between Mattel and Bryant, we, the jury, find as follows:*

    (a)    With respect to Mattel's claim that Mattel and Carter Bryant entered into a valid contract, we find:

        ☐yes or

        ☐no. (If no, please proceed to Verdict Form No.  3)

    (b)    With respect to Mattel's claim that it did all, or substantially all, of the significant things that the contract required it to do, we find:

        ☐yes or

        ☐no. (If no, please proceed to Verdict Form No.  3)

    (c)    With respect to Bryant's claim that all the conditions by the contract for Carter Bryant's performance had occurred, we find:

        ☐yes or

        ☐no. (If no, please proceed to Verdict Form No.  3)

    (d)    With respect to Mattel's claim that Carter Bryant did something that the contract prohibited him from doing, we find:

        ☐yes or

        ☐no. (If no, please proceed to Verdict Form No.  3)

    (d-1)  With respect to Mattel's claim that Mattel was harmed by that failure, we find:

        ☐yes or

        ☐no. (If no, please proceed to Verdict Form No.  3)

*On the claim of Mattel against Carter Bryant respecting his breach of Section 2(a) of the January 4, 1999 Inventions Agreement between Mattel and Bryant, which*

17

*requires that Carter Bryant disclose all inventions conceived or reduced to practice at any time during his employment, we, the jury, find as follows:*

   (e)   On the claim of Carter Bryant that he created BRATZ in August 1998, we, the jury, find as follows:

☐ yes or

☐ no. (If no, please proceed to Verdict Form No. 3)

   (f)   With respect to Mattel's claim that Carter Bryant failed to communicate to Mattel the invention as promptly and fully as practicable, we find:

☐ yes or

☐ no. (If no, please proceed to Verdict Form No. 3)

   (f-1)   With respect to Mattel's claim that Mattel was harmed by that failure, we find:

☐ yes or

☐ no. (If no, please proceed to Verdict Form No. 3)


*On Carter Bryant's claim that his sketches are exempt from Section 2(a) of the January 4, 1999 Inventions Agreement by virtue of California Labor Code § 2870, we, the jury, find as follows:*

   (g)   With respect to Carter Bryant's claim that, even if his sketches are an invention as defined by the Inventions Agreement, he owns the BRATZ sketches under Labor Code § 2870, we find:

☐ yes or

☐ no. (If no, please proceed to Verdict Form No. 3)


*On Carter Bryant's claim that Mattel's interpretation of Section 2(a) of the January 4, 1999 Inventions Agreement between Mattel and Bryant is unconscionable, we, the jury, find as follows:*

18

(h)     With respect to whether Mattel's interpretation of Section 2(a) of the Inventions Agreement falls within the reasonable expectations of the weaker party (Carter Bryant), we find:

☐ yes or

☐ no. (If no, please proceed to Verdict Form No.  3)

(i)     With respect to whether Mattel's interpretation of Section 2(a) of the Inventions Agreement is unduly oppressive or 'unconscionable,' we find:

☐ yes or

☐ no. (If no, please proceed to Verdict Form No.  3)

*If you have found that Carter Bryant is liable for breach of the Inventions Agreement,, next consider whether Mattel should be barred from recovery on any of the following grounds:*

*On the claim of Carter Bryant that Mattel is estopped from asserting claims arising out of Section 2(a) of Carter Bryant's Inventions Agreement, we, the jury, find as follows:*

(j)     With respect to whether Mattel made a representation of fact, at any relevant time, by its actions, silence or omission, we find:

☐ yes or

☐ no. (If no, please proceed to 2(n))

(k)     With respect to whether Mattel had knowledge that its employees moonlighted or created independent artistic works during their employment , we find:

☐ yes or

☐ no. (If no, please proceed to 2(n))

19

(l)     With respect to whether Carter Bryant was ignorant of the fact that Mattel intended to make claims to independently created artistic works or works created while moonlighting, we find:

☐ yes or

☐ no. (If no, please proceed to 2(n))

(m)     With respect to whether Carter Bryant reasonably relied on Mattel's silence to his detriment, we find:

☐ yes or

☐ no. (If no, please proceed to 2(n))

**If you answered YES to each of 2(j) – 2(m), please proceed to Verdict Form No. 3.**

*On the claim of Carter Bryant that Mattel has acquiesced, at any relevant time, to its employees moonlighting or independent creation of artistic works, we, the jury, find as follows*:

(n)     With respect to whether Mattel's acts or words, silence or inaction, would be understood by a reasonable person as intended to indicate that the conduct is allowed, we find:

☐ yes or

☐ no. (If no, please proceed to 2(p))

(o)     With respect to whether Carter Bryant understood Mattel's acts or words, silence or inaction to indicate that it allowed its employees to moonlight or to independently create artistic works, we find:

☐ yes or

☐ no. (If no, please proceed to 2(p))

**If you answered YES to each of 2(n) – 2(o), please proceed to Verdict Form No. 3.**

20

*On the claim of Carter Bryant that Mattel has consented, at any relevant time, to its employees moonlighting or independent artistic work, we, the jury, find as follows*:

    (p)    With respect to whether Mattel's acts or words, silence or inaction, would be understood by a reasonable person as intended to indicate consent to moonlighting or independent artistic work, we find:

        ☐yes or

        ☐no. (If no, please proceed to 2(r))

    (q)    With respect to whether Carter Bryant understood Mattel's acts or words, silence or inaction to indicate consent to moonlighting or independent artistic work, we find:

        ☐yes or

        ☐no. (If no, please proceed to 2(r))

**If you answered YES to each of 2(p) – 2(q), please proceed to Verdict Form No. 3.**

*On the claim of Carter Bryant that Mattel has waived any right to seek damages on its claims for breach of Section 2(a) of the Inventions Agreement, we, the jury, find as follows*:

    (r)    With respect to whether Mattel was aware of its violations of its employment agreements, we find:

        ☐yes or

        ☐no. (If no, please proceed to 2(t))

    (s)    With respect to whether Mattel indicated, by its words, actions or silence that it did not intend to enforce section 2(a) of the Inventions Agreement, we find:

1     ☐ yes or

2     ☐ no. (If no, please proceed to 2(t))

3

4    **If you answered YES to each of 2(r) – 2(s), please proceed to Verdict Form**

5                      **No. 3.**

6

7    *On the claim of Carter Bryant respecting the date when Mattel suspected or*

8 *had reason to suspect that wrongdoing on the part of Carter Bryant had taken place,*

9 *we, the jury, find as follows:*

10    (t)    With respect to whether Carter Bryant has proven that Mattel filed its

11          claims against him more than **four years** after Mattel suspected or had

12          reason to suspect the occurrence of the acts that Mattel contends were

13          wrongful, we find:

14          ☐ yes or

15          ☐ no.  (If yes, please proceed to Verdict Form No. 3)

16

17    *On the affirmative defense of laches, we, the jury, find as follows:*

18    (u)    With respect to whether Carter Bryant has established that Mattel

19          delayed unreasonably in asserting its claim that Carter Bryant breached

20          section 2(a) of the Inventions Agreement, we find:

21          ☐ yes or

22          ☐ no.  (If no, please proceed to Verdict Form No. 3)

23    (v)    With respect to whether Carter Bryant has established that he was

24          prejudiced by Mattel's delay because evidence has been lost or

25          witnesses memories have faded, we find:

26          ☐ yes or

27          ☐ no.

28

Obj. & Responses Re MGA Parties' & Bryant's [Proposed] Spec. Verdict Forms– Case No. CV 04-9049 SGL (RNBx)

1     (w)    With respect to whether Carter Bryant has established that he was

2              prejudiced by Mattel's delay because Carter Bryant has expended time,

3              resources, or money in reliance on Mattel's failure to file suit, we find:

4              ☐ yes or

5              ☐ no.

1    **MATTEL'S OBJECTIONS:**

2          Mattel objects to defendants' proposed verdict form as follows:

3          (a)-(g)          The detailed findings required by defendants' proposed verdict

4    forms are not required as a matter of law and will not assist the jury.  Defendants are

5    duplicating questions and using inconsistent terminology that will confuse and

6    mislead the jury.  *Compare* 1(b) and (c) to 2(e).  Defendants are slanting (and

7    multiplying) the questions posed to favor defendants' theories and arguments.

8          Additionally, many of the proposed questions are contrary to the Court's April

9    25, 2008 Order.  Specifically:

10         (a)     This proposed question is contrary to the Court's April 25, 2008 Order

11   and therefore moot.  The Court has already held that the Inventions Agreement is a

12   valid and enforceable contract.  *See* April 25, 2008 Order, at 5.

13         (f)     This proposed question is improper and misleading in light of the

14   Court's finding that "Bryant breached his fiduciary duty to communicate his

15   inventions to Mattel . . .."  April 25, 2008 Order, at 7.

16         (g)     This proposed question is contrary to the Court's April 25, 2008 Order.

17   The Court already held that Bryant cannot rely on *Labor Code* § 2870 because the

18   Bratz works relate to Mattel's business.  *See* April 25, 2008 Order, at 4-5.

19         (h)-(i)          These proposed questions regarding "unconscionability" are

20   contrary to the Court's prior rulings in this case and therefore moot.  The Court has

21   already ruled that the Inventions Agreement is not substantively unconscionable

22   (July 17, 2006 Order at 13-14), or outside the scope of the parties' expectations.  *See*

23   April 25, 2008 Order, at 5.  These questions are also improper since Bryant

24   abandoned the issue of unconscionability.  *See* Stipulation and Order Regarding

25   Carter Bryant's Amended Reply to Mattel's Counterclaims, dated October 5, 2007, at

26   1:18-22.

27         (j)-(m)          These proposed questions regarding Bryant's purported estoppel

28   defense are contrary to the Court's April 25, 2008 Order and therefore moot.  The

24

Obj. & Responses Re MGA Parties' & Bryant's [Proposed] Spec. Verdict Forms– Case No. CV 04-9049 SGL (RNBx)

1   Court found that this affirmative defense is equitable in nature and expressly
2   deferred ruling on this defense until after trial.  *See* April 25, 2008 Order, at 7.  In
3   any event, defendants' use of the word "silence" is misleading.  Silence can support
4   an estoppel defense only where it can be established that the party had a duty to
5   speak or act under the particular circumstances and chose not to do so.  *See* Mattel's
6   Objections to Defendants' Proposed Jury Instructions re: Estoppel.  That is not the
7   case here.  Moreover, Mattel's knowledge regarding the actions of employees other
8   than Bryant is irrelevant to any estoppel defense in this case.  The proper inquiry is
9   whether or not Mattel had knowledge of the facts surrounding *Bryant's* creation of
10  Bratz works and his secret involvement with MGA while he was employed by
11  Mattel, not whether any of its employees "created independent artistic works."  The
12  proposed questions are also confusing and prejudicial because they are vague and not
13  tied to the conduct at issue in this lawsuit.

14       (n)-(o)       These proposed questions regarding Bryant's purported
15  acquiescence defense are contrary to the Court's April 25, 2008 Order and therefore
16  moot.  The Court found that this affirmative defense is equitable in nature and
17  expressly deferred ruling on this defense until after trial.  *See* April 25, 2008 Order,
18  at 7.  In any event, the proposed questions are misleading and erroneous to the extent
19  they focus on the conduct of employees other than Bryant.  The relevant issue is
20  whether Mattel acquiesced to *Bryant's* contractual breaches.  *See* Mattel's Objections
21  to Defendants Proposed Jury Instruction re: Acquiescence.  The proposed questions
22  fail to inform the jury that Bryant must show that Mattel assured him, expressly or
23  impliedly, that it would not pursue its legal rights against him.

24       (p)-(q)       These proposed questions regarding Bryant's purported consent
25  defense are contrary to the Court's April 25, 2008 Order and therefore moot.  The
26  Court found that this affirmative defense is equitable in nature and expressly
27  deferred ruling on this defense until after trial.  *See* April 25, 2008 Order, at 7.  In
28  any event, defendants' proposed questions again improperly focus on alleged consent

1  to "moonlighting and independent artistic work" by employees other than Bryant.

2  As a matter of law, the issue is whether Mattel consented to Bryant's wrongful

3  conduct.  The law is also clear that a litigant need not choose between pursuing all

4  offenders or none at all.  Bryant's reference to "silence or inaction" is also

5  misleading.  The correct legal standard is whether (1) Mattel consented to Bryant's

6  breaches of his legal duties, and (2) whether Mattel knowingly consented to such

7  breaches in the absence of any fraud or mistake.  *See* Mattel's Objections to

8  Defendants' Proposed Jury Instruction re: Consent.

9        (r)-(s)      These proposed questions regarding Bryant's purported defense of

10  waiver are contrary to the Court's April 25, 2008 Order and therefore moot.  The

11  Court found that this affirmative defense is equitable in nature and expressly

12  deferred ruling on this defense until after trial.  *See* April 25, 2008 Order, at 7.  In

13  any event, defendants' proposed questions regarding waiver deviate from the

14  standards articulated in the model instruction found in CACI.  *See* CACI No. 336.

15  Defendants erroneously suggest that waiver may be found based on Mattel's actions

16  with respect to other employees or other violations of Mattel's employment

17  agreements.  The relevant issue is whether Mattel waived its right to enforce its legal

18  rights with respect to Bryant and his breaches.  Moreover, defendants' proposed

19  questions erroneously permit the jury to find waiver based on "silence" when the law

20  clearly establishes that inaction alone is insufficient to support a waiver defense.  *See*

21  Mattel's Objections to Defendants' Proposed Jury Instructions re: Waiver.

22        (t)     This proposed question is erroneous as a matter of law because the

23  statute of limitations period for Mattel's breach of contract claims is four years, not

24  three years as defendants wrongly state.  *See Cal. Code Civ. Proc.* § 337.  The

25  proposed question is also improper as it is well settled that mere suspicion of

26  wrongdoing will not commence the running of the statute of limitations.

27  *Intermedics, Inc. v. Ventritex, Inc.*, 775 F. Supp. 1258, 1266 (N.D. Cal. 1991)

28  (holding "We cannot apply statute of limitations in a way that pressures litigants to

26

Obj. & Responses Re MGA Parties' & Bryant's [Proposed] Spec. Verdict Forms– Case No. CV 04-9049 SGL (RNBx)

1   file suits based merely on suspicions and fears. …[S]uspicion and fear are not

2   sufficient predicates for launching a lawsuit, and to file an action with no other basis

3   would offend norms articulated in rules like Federal Rule of Civil Procedure 11.");

4   *Garamendi v. SDI Vendome S.A.*, 276 F. Supp. 2d 1030, 1043 (C.D. Cal. 2003)

5   (finding plaintiff is "on notice" only when he has "an awareness of sufficient facts to

6   identify a particular cause of action… [It does] not mean the kind of notice -- based

7   on hints, suspicions, hunches or rumors -- that requires a plaintiff to make inquiries

8   in the exercise of due diligence, but not to file suit.") (citation omitted).  In any

9   event, even if suspicion was the standard, the instruction does not explain that the

10  suspicion must relate to the specific cause of action sued upon; which in this case is

11  whether defendants' production of Bratz infringes Mattel's rights in the work that

12  Bryant created while at Mattel.  *Fox v. Ethicon Endo-Surgery, Inc,*. 35 Cal. 4th 797,

13  806, 808 (2005) (quoting *Norgart v. Upjohn Co.*, 21 Cal. 4th 383 (1999)).

14         The form is also improper because it fails to recognize that the statute of

15  limitations is tolled where the defendant fraudulently conceals the evidence of his

16  wrongdoing.  *Garamendi v. SDI Vendome S.A.*, 276 F. Supp. 2d 1030, 1042-3 (C.D.

17  Cal. 2003); *Hynix Semiconductor v. Rambus, Inc.*, 2007 WL 3284060, at *3 (N.D.

18  Cal. Nov. 2, 2007) (finding that tolling based on fraudulent concealment ends when

19  the plaintiff has "a suspicion of wrongdoing, coupled with a knowledge of the harm

20  and its cause"); *Grisham v. Philip Morris U.S.A., Inc.*, 40 Cal. 4th 623, 637 (2007)

21  (finding "[a] defendant's fraud in concealing a cause of action against him will toll

22  the statute of limitations."); *Bernson v. Browning-Ferris Indus.*, 7 Cal. 4th 926, 931

23  (1994) (reversing summary judgment on statute of limitations grounds where

24  "defendant's fraud in concealing a cause of action against him tolls the applicable

25  statute of limitations"); *April Enters., Inc. v. KTTV*, 147 Cal. App. 3d 805, 831-2

26  (1983).  Mattel will prove at trial that defendants concealed their wrongdoing by,

27  inter alia, making false public statements concerning the origin of the Bratz dolls.

28  This Court found as a matter of law that Bryant "breached his fiduciary duty to

27

1   communicate his inventions to Mattel when, rather than doing so, he secretly entered
2   into a contract with Mattel's competitor . . .."  April 25, 2008 Order, at 6.
3   Accordingly, "near-actual" notice, rather than "inquiry notice," is the governing
4   standard.  *Garamendi*, 276 F. Supp. 2d at 1042-3; *Hynix Semiconductor*, 2007 WL
5   3284060, at *3 (tolling based on fraudulent concealment ends when the plaintiff has
6   "a suspicion of wrongdoing, ***coupled with a knowledge*** of the harm and its cause")
7   (emphasis added).

8          Further, the form misstates the law with respect to accrual of a claim.
9   Specifically, the form does not distinguish between wrongdoing in general and the
10  specific wrongdoing alleged in this action.  The proper standard – as set out by the
11  California Supreme Court – is that a claim does not accrue if the plaintiff merely
12  suspects an injury, if "a reasonable investigation at that time would not have revealed
13  a factual basis for that particular cause of action."  *Fox v. Ethicon Endo-*
14  *Surgery, Inc.*, 35 Cal. 4th 797, 805 (2005).  Thus, "if a plaintiff's reasonable and
15  diligent investigation discloses only one kind of wrongdoing when the injury was
16  actually caused by tortious conduct of a wholly different sort, the discovery rule
17  postpones accrual of the statute of limitations on the newly discovered claim."  *Id.*

18         (u)-(w)       These proposed questions regarding Bryant's purported laches
19  defense are contrary to the Court's April 25, 2008 Order and therefore moot.  The
20  Court found that this affirmative defense is equitable in nature and expressly
21  deferred ruling on this defense until after trial.  *See* April 25, 2008 Order, at 7.  In
22  any event, Bryant cannot assert laches, an equitable defense, with respect to a legal
23  claim for breach of contract.

24

25

26

27

28

## MGA PARTIES AND BRYANT RESPOND AS STATED BELOW:

(a) – (g)      As discussed in detail above and in MGA Parties and Bryant's Objections to Mattel's Proposed Verdict Forms, Fed. R. Civ. P. 49(a)(1), requires that the jury return, "a special verdict in the form of a special written finding on each issue of fact." (emphasis added).  Thus, Mattel's objection on the grounds that these questions call for "detailed findings" has no merit.  There is also no merit to the argument that MGA Parties and Bryant are "slanting (and multiplying)."  First, Mattel offers no explanation as to how the preceding Verdict Form "slants" the questions.   Second, the three listed questions address three separate issues: 1) Mattel's claim that Carter Bryant conceived the BRATZ concept between 1/4/99 and 10/19/00; 2) Mattel's claim that Carter Bryant reduced to practice his sketches of the BRATZ concept between 1/4/99 and 10/19/00; and 3) Carter Bryant's claim that he created BRATZ in August 1998.   There is no reason not to ask all of the three questions proposed.

(a)     Mattel's objection based upon the Court's April 25, 2008 Order is premature, given Bryant's pending Motion For Reconsideration, which the Court has ordered shall be heard on May 19, 2008.

(f)     Mattel's objection based upon the Court's April 25, 2008 Order is premature, given Bryant's pending Motion For Reconsideration, which the Court has ordered shall be heard on May 19, 2008.  Moreover, the quoted ruling pertains to Bryant's alleged breach of his alleged fiduciary duty and not to any alleged breach of contract.  The Court made no finding whatsoever regarding Bryant's alleged breach of section 2(a); to the contrary, the Court specifically noted that the issue of timing of the creation of the invention was unresolved.  (April 25, 2008 Order at 4.)  Thus even under the April 25, 2008 Order the jury would be required to make a finding with respect to the element of breach.

(g)     Mattel's objection based upon the Court's April 25, 2008 Order is premature, given Bryant's pending Motion For Reconsideration, which the Court has

1   ordered shall be heard on May 19, 2008.  See supra (MGA Parties and Bryant's
2   Reply to Mattel's Objection To MGA Parties and Bryant's Proposed Verdict Form
3   1(d)).

4          (h) – (i)       Again, Mattel's objection based on the Court's April 25, 2008
5   Order is premature, given Bryant's pending Motion For Reconsideration, which the
6   Court has ordered shall be heard on May 19, 2008.  Moreover, even under the
7   Court's April 25, 2008 Order, only one term—"inventions"—was interpreted.  This
8   jury will still need to determine unconscionability and reasonable expectations of the
9   party for the interpretation of any of remaining terms in the Inventions Agreement.
10  See City of Hope Nat'l Med. Ctr. v. Genentech, Inc., __ Cal. 4th __, 2008 WL
11  1820916, at *13 (Apr. 24, 2008) (affirming submission of contract interpretation
12  issue to the jury where disputed factual evidence potentially supports more than one
13  reading of a contract term); Morey v. Vannucci, 64 Cal. App. 4th 904, 913 (1998)
14  ("Where the interpretation of contractual language turns on a question of the
15  credibility of conflicting extrinsic evidence, interpretation of the language is not
16  solely a judicial function.  As trier of fact, it is the jury's responsibility to resolve any
17  conflict in the extrinsic evidence properly admitted to interpret the language of a
18  contract.") (internal citations omitted).

19         Although a contract of adhesion must be unconscionable to be unenforceable,
20  the MGA Parties and Bryant separate the contract of adhesion form from the
21  unconscionability form to make this distinction clear.  In any event, the above form
22  accurately states the test for a contract of adhesion as enunciated by the California
23  Supreme Court.  See Armendariz v. Found. Health Psychcare Servs., Inc., 24 Cal.
24  4th 83 (2000).  The MGA Parties and Bryant cited to CACI No. 320 to provide
25  context for their unconscionability argument.

26         Further, contrary to Mattel's assertion, defendants have not abandoned the
27  entire doctrine of unconscionability, but rather only particular uses of that doctrine.
28  The use proposed here is not an attempt to revive Bryant's affirmative

30

1   unconscionability defense and prevent _enforcement_ of the contract, but rather is

2   focused on _interpretation_ of the contract – specifically, an interpretation that prevents

3   Mattel's adhesive contract from meaning what Mattel claims it means.  Bryant does

4   not contend that the Agreement is unenforceable because that result would be

5   unconscionable (an affirmative defense that Bryant has withdrawn); rather, Bryant

6   contends that the Agreement does not mean what Mattel claims it means because that

7   interpretation would be unconscionable and violate California's principles of

8   interpretation for contracts of adhesion.  (See Bryant MSJ at 33-34; Bryant Opp'n at

9   14-15; Bryant Reply at 14-15.)   In other words, because construction against the

10  drafter applies more strongly in cases involving contracts of adhesion, _Badie v. Bank_

11  _of America_, 67 Cal. App. 4th 779 (1998), and because the defendants claim that the

12  contract at issue was a contract of adhesion, this instruction is appropriate.

13          (j)-(m)        Mattel mischaracterizes the import of the Court's decision to

14  defer ruling on certain affirmative defenses.  While the Court may ultimately rule on

15  the effect of these defenses, it is apparent from the Court's order that it expects the

16  jury to make the factual determinations underlying its decision.  Indeed, in its Order,

17  the Court noted that factual issues concerning the bona fide purchaser defense such

18  as good faith and notice would be resolved at trial, such that the Court would be left

19  only with legal issues.   (See April 25, 2008 MSJ Order at 8.)   The factual

20  determinations supporting each other affirmative defense should likewise be placed

21  before the jury.

22          Estoppel is a question of fact properly tried to the jury.  "The existence of

23  estoppel is generally a question of fact for the trial court." _Kramer v. Thomas_, 2006

24  WL 4729242, at 9 (C.D. Cal. Sept. 28, 2006) (holding that even when the

25  defendant's had met all the elements of estoppel, summary judgment was

26  inappropriate as estoppel is a fact question for the jury).  "The existence of estoppel

27  is a question of fact for the trial court." _Elmore v. Oak Valley Hospital District_, 204

28  Cal. App. 3d 716, 724 (1988) (overruling the court below which sustained a

1   demurrer on plaintiff's estoppel claim stating, "The existence of estoppel is a
2   question of fact for the trial court."); see also Ard v. County of Contra Costa, 93 Cal.
3   App. 4th 339, 347 (2001) ("[t]he existence of an estoppel is generally a question of
4   fact for the trial court") (citation omitted); Muraoka v. Budget Rent-a-Car, 160 Cal.
5   App. 3d 107, 117 (Cal. App. 1984) (holding trial court erred in granting defendant's
6   demurrer stating, "[the estoppel question] is one of fact which should be left for
7   resolution by a jury and not determined upon general demurrer").   Ninth Circuit
8   courts regularly try estoppel to the jury.  See, e.g., Humetrix v. Gemplus S.C.A., 268
9   F.3d 910, 918 (9th Cir. 2001) (upholding verdict in case in which equitable estoppel
10  defense was tried to jury); Westinghouse Elec. Corp. v. General Circuit Breaker &
11  Elec. Supply, 106 F.3d 894 (9th Cir. 1997) (upholding ruling of the Central District
12  denying an injunction in case where the jury found equitable estoppel, acquiescence,
13  laches, and unclean hands applied).
14          It is unquestionable that estoppel can arise from the silence of the party to be
15  estopped.   "The doctrine of estoppel by conduct is embodied in Evidence Code
16  section 623, which states: 'Whenever a party has, by his own statement or conduct,
17  intentionally and deliberately led another to believe a particular thing true and to act
18  upon such belief, he is not, in any litigation arising out of such statement or conduct,
19  permitted to contradict it.'"  Hill v. Kaiser Aetna, 130 Cal. App. 3d 188, 195 (1982).
20  Conduct is given the broadest possible meaning.  "Equitable estoppel in the modern
21  sense arises from the conduct of a party, using that word in its broadest meaning as
22  including his spoken or written words, his positive acts, and his silence or negative
23  omission to do anything."  City of Long Beach v. Mansell, 3 Cal. 3d 462, 488 n.22
24  (1970) (holding city was estopped from enforcing constitutional prohibition)
25  (citations omitted).  Mattel's contention that there is a duty to speak requirement has
26  no bearing on the instruction.  The case Mattel cites for this principle, Feduniak v.
27  Cal. Coastal Comm'n, 148 Cal. App. 4th 1346, 1362 (2007), states, "It is not
28  necessary that the duty to speak should arise out of any agreement, or rest upon any

32

1    legal obligation in the ordinary sense. Courts of equity apply in such cases the
2    principles of natural justice, and whenever these require disclosure they raise the
3    duty and bind the conscience and base upon the omission an equitable forfeiture to
4    the extent necessary to the protection of the innocent party." (citations omitted).  The
5    "duty" is simply a determination that under the circumstances, a party wishing to
6    assert its rights must speak.  Mattel certainly had a duty in this case given that it
7    knew of the alleged infringement and remained silent.  This is covered by MGA
8    Parties' and Bryant's Proposed Verdict Form.

9            Moreover, Mattel offers no legal support for its position that its knowledge of
10   the actions of other employees is irrelevant.  Mattel seeks to enforce claims against
11   Bryant and MGA Parties for Bryant's alleged breaches of his employment agreement
12   by moonlighting or creating independent artistic works.  The evidence shows that
13   Mattel had knowledge that large numbers of design center employees, all of whom
14   signed the same agreement as Bryant, were moonlighting or creating independent
15   artistic works.  Mattel never brought a single claim to object to this conduct.  Equity
16   does not allow Mattel to effectively permit moonlighting and the creation of
17   independent artistic works, then to bring a action against Bryant who reasonably
18   assumed, from the conduct of his co-workers and Mattel's lack of response, that his
19   conduct was permissible.   As Mattel's claims against MGA Parties are wholly
20   derivative, it cannot equitably bring these claims.

21           MGA Parties' Proposed Verdict Form is proper.  Mattel does not produce any
22   legal support for it "duty to speak" argument.  (See supra (MGA Parties' and
23   Bryant's Reply to Mattel's Objection to MGA Parties and Bryant's Proposed Verdict
24   Form to 2(j)).)   To the extent such a duty requirement exists, Mattel clearly had a
25   duty to speak given that it knew of the alleged violations are remained silent.

26           Finally, the proposed form is not vague.  The combined questions in this form
27   address whether Mattel was aware its employees created independent artistic works
28   or engaged in moonlighting and remained silent.   This properly spells out the

33

Obj. & Responses Re MGA Parties' & Bryant's [Proposed] Spec. Verdict Forms– Case No. CV 04-9049 SGL (RNBx)

1    standard for estoppel.   Bryant must only convince a jury that his conduct was
2    reasonable in light of Mattel's conduct.

3         (n)-(o)        Mattel mischaracterizes the import of the Court's decision to
4    defer ruling on certain affirmative defenses.  While the Court may ultimately rule on
5    the effect of these defenses, it is apparent from the Court's order that it expects the
6    jury to make the factual determinations underlying its decision.  Indeed, in its Order,
7    the Court noted that factual issues concerning the bona fide purchaser defense such
8    as good faith and notice would be resolved at trial, such that the Court would be left
9    only with legal issues.   (See April 25, 2008 MSJ Order at 8.)   The factual
10   determinations supporting each other affirmative defense should likewise be placed
11   before the jury. See Westinghouse Elec. Corp. v. General Circuit Breaker & Elec.
12   Supply, 106 F.3d 894, 899 (9th Cir. 1997) (upholding district court's ruling where
13   jury decided questions central to defenses of laches, equitable estoppel,
14   acquiescence, and unclean hands).

15        Mattel's objection to MGA Parties' and Bryant's Proposed Verdict Form has
16   no merit.  Mattel argues that in order to establish acquiescence, the only relevant
17   consideration is Mattel's conduct as to Bryant and MGA Parties.  Mattel has no legal
18   support for this position.  The case law only requires conduct (which as discussed
19   above is given the widest possible meaning) which shows acquiescence. The relevant
20   question here is whether the Mattel's conduct was such that Bryant was reasonable in
21   believing that it acquiesced to independently creating artistic works and/or
22   moonlighting.   The fact that Mattel allowed its employees, who signed the same
23   agreement as Bryant, to independently create artistic works and/or moonlight without
24   ever taking any actions is clearly relevant to whether it was reasonable for Bryant to
25   conclude that Mattel acquiesced to him engaging in the same conduct.   Nor is
26   Mattel's position logical:   proof that Mattel acquiesced to an entire category of
27   employee conduct—moonlighting and the creation of independent artistic work—
28   certainly demonstrates acquiescence to one employee engaging in that same conduct.

34

1    Finally, Mattel has no legal support for the position that the only relevant
2  conduct is Mattel's conduct to Bryant.  (See supra (MGA Parties' and Bryant's
3  Reply to Mattel's Objection to MGA Parties and Bryant's Proposed Verdict Form to
4  2(j)-(m)).)

5    (p)-(q)    Mattel mischaracterizes the import of the Court's decision to
6  defer ruling on certain affirmative defenses.  While the Court may ultimately rule on
7  the effect of these defenses, it is apparent from the Court's order that it expects the
8  jury to make the factual determinations underlying its decision.  Indeed, in its Order,
9  the Court noted that factual issues concerning the bona fide purchaser defense such
10 as good faith and notice would be resolved at trial, such that the Court would be left
11 only with legal issues.  (See April 25, 2008 MSJ Order at 8.)   The factual
12 determinations supporting each other affirmative defense should likewise be placed
13 before the jury.  See, e.g., Posey v. Leavitt, 229 Cal. App. 3d 1236, 1244 n.4 (1991)
14 ("[F]actual issues raised by the consent defense would be properly triable by the
15 jury….").

16   Further, there is no legal support for Mattel's position that the only relevant
17 conduct is Mattel's conduct towards Bryant.  The case law only requires conduct
18 (which as discussed above is given the widest possible meaning) which shows
19 consent.  The relevant question here is whether the Mattel's conduct was such that
20 Bryant was reasonable in believing that Mattel consented to independently creating
21 artistic works and moonlighting.  The fact that Mattel allowed its employees, who
22 signed the same agreement as Bryant, to independently create artistic works and
23 moonlight without ever taking any action is clearly relevant to whether it was
24 reasonable for Bryant to conclude that Mattel consented to him engaging in the same
25 conduct.  Mattel second point, that "Ninth Circuit case law clearly establishes that a
26 litigant need not choose between pursuing all offenders or none at all" is inapposite.
27 This is not a case about not pursuing every single offender.  Mattel allowed its
28 employees to independently create artistic works and moonlight without protestation.

35

1  It did not bring a single action against an employee for moonlighting or creating
2  independent artistic work.   This conduct is unquestionably relevant to whether
3  Bryant was reasonable in believing that Mattel consented to his conduct.

4      Moreover, as discussed above, there is no legal support behind Mattel's
5  position that the only relevant conduct is Mattel's conduct towards Bryant.   As
6  properly stated in MGA Parties' and Bryant's Proposed Verdict Form above, the
7  relevant question is "whether Carter Bryant understood Mattel's acts or words,
8  silence or inaction to indicate consent to moonlighting and independent artistic
9  work."   Finally, Mattel's phrasing of the consent defense is not only incorrect but
10 also prejudicial.   The relevant inquiry is not whether Mattel consented to "Bryant's
11 breaches of his legal duties" but whether Mattel consented to certain conduct as
12 explained above.

13      (r)    Mattel mischaracterizes the import of the Court's decision to defer
14 ruling on certain affirmative defenses.   While the Court may ultimately rule on the
15 effect of these defenses, it is apparent from the Court's order that it expects the jury
16 to make the factual determinations underlying its decision.   Indeed, in its Order, the
17 Court noted that factual issues concerning the bona fide purchaser defense such as
18 good faith and notice would be resolved at trial, such that the Court would be left
19 only with legal issues.   (See April 25, 2008 MSJ Order at 8.)   The factual
20 determinations supporting each other affirmative defense should likewise be placed
21 before the jury.  See, e.g., Bickel v. City of Piedmont, 16 Cal. 4th 1040, 1052 (1997)
22 ("Whether there has been a waiver is a question of fact."), abrogated on other
23 grounds, DeBerard Properties, Ltd. v. Lim, 20 Cal. 4th 659, 668 (1999); Posner v.
24 Grunwald-Marx, Inc., 56 Cal. 2d 169, 189 (1961) ("Whether there has been a waiver
25 is usually regarded as a question of fact to be determined by the jury, or by the trial
26 court if there is no jury.") (internal quotations and citations omitted).

27      Mattel continues to improperly argue that the only relevant consideration is
28 Mattel's conduct towards Bryant.   The issue is whether Mattel was aware of

36

1   employee conduct it now claims is in violations of its employment agreements.  Its

2   conduct towards other employees is clearly relevant to that question.

3        Mattel's failure to act amounts to conduct inconsistent with the intent to

4   enforce its alleged rights.  This Court can find that Mattel has waived its rights even

5   if there was no express waiver.  "A waiver can be explicit or it can be implied from a

6   party's conduct and waiver does not require consideration to support it."  Oliker v.

7   Gershunoff, 195 Cal. App. 3d 1288, 1297 (1987) (holding that an attorney had

8   waived the right to a dissolution of partnership by his delay in action).  See also

9   Ganley v. County of San Mateo, 2007 WL 902551, at *6 (N.D. Cal. Mar. 22, 2007)

10  (court denies plaintiff's motion to strike defendants affirmative defense that plaintiff

11  has waived claims stating, "If an individual intentionally relinquishes a known right,

12  either expressly or by conduct inconsistent with an intent to enforce that right, he has

13  waived it").

14       (t)   The MGA Parties and Bryant acknowledge that the three year statute of

15  limitations is a typographical error and have corrected the error with this filing.

16       Mattel's objections are self-contradictory. Mattel first cites California law

17  demonstrating that a suspicion of a wrongdoing triggers the discovery rule, and then

18  cites cases allegedly contradicting that very rule. In any event, Mattel misstates the

19  "discovery rule" standard under California law. In California, inquiry notice is

20  triggered by a mere suspicion or any reason to suspect that wrongdoing has taken

21  place.  See Jolly v. Eli Lilly & Co., 44 Cal. 3d 1103, 1111 (1988) ("[o]nce the

22  plaintiff has a suspicion of wrongdoing, and therefore an incentive to sue, she must

23  decide whether to file suit or sit on her rights") (emphasis added); see also Fox v.

24  Ethicon Endo-Surgery, Inc., 35 Cal. 4th 797, 803 (2005) ("a cause of action accrues

25  and the statute of limitations begins to run when the plaintiff has reason to suspect an

26  injury and some wrongful cause, unless the plaintiff pleads and proves that a

27  reasonable investigation at that time would not have revealed a factual basis for that

28  particular cause of action") (emphasis added). Contrary to Mattel's claims, the

37

Obj. & Responses Re MGA Parties' & Bryant's [Proposed] Spec. Verdict Forms– Case No. CV 04-9049 SGL (RNBx)

1  suspicion need not be of the specific claim eventually sued upon: "under California

2  law, a plaintiff 'need not be aware of the specific facts necessary to establish the

3  claim' in order for a cause of action to accrue. Nor need he be aware of the particular

4  legal theory that will support it. His claim accrues 'when, simply put, he at least

5  suspects ... that someone has done something wrong to him.'" Soliman v. Philip

6  Morris Inc., 311 F.3d 966, 971-72 (9th Cir. 2002) (internal citations omitted), citing

7  Norgart v. Upjohn Co., 21 Cal. 4th 383, 397 (1999) (citing Jolly, 44 Cal. 3d at 1110-

8  11); see Jolly, 44 Cal. 3d at 1110 n.7 (the "wrong" that plaintiff is to be aware of for

9  purposes of the statute of limitations need not be in any technical sense, but rather in

10  accordance with its "lay understanding"); see also Butler v. San Diego Dist.

11  Attorneys Office, 2007 WL 935711, at *3 (S.D. Cal. Feb. 27, 2007) (in California,

12  "the statute of limitations begins to run when the plaintiff suspects or should suspect

13  that someone has done something wrong to him").

14       Mattel's reliance on Intermedics, Inc. v. Ventritex, Inc., 775 F. Supp. 1258,

15  1266 (N.D. Cal. 1991), in support of its proposition that "that mere suspicion of

16  wrongdoing will not commence the running of the statute of limitations" has been

17  already rejected. See Chasteen v. UNISIA JECS Corp., 216 F.3d 1212, 1218 (10th

18  Cir. 2000) (rejecting plaintiff's theory, based in part on the Intermedics opinion cited

19  by Mattel here, that the statute does not begin to run until plaintiff has its "smoking

20  gun" evidence), citing, inter alia, Intermedics, Inc. v. Ventritex, Inc., 822 F. Supp.

21  634, 641 (N.D. Cal. 1993) (a follow-up opinion relied upon by Mattel, rejecting the

22  very position advocated by Mattel here).  Similarly, Mattel's reliance on Garamendi

23  v. SDI Vendome S.A., 276 F. Supp. 2d 1030, 1043 (C.D. Cal. 2003), for the

24  proposition that notice based on "hints, suspicions, hunches or rumors" is insufficient

25  to trigger the limitations period, is unavailing, as Garamendi dealt with tolling of

26  statute of limitations based on fraudulent concealment, not with the general standard

27  for inquiry notice. Moreover, contrary to Garamendi, under California law, "a

28  suspicion of wrongdoing, coupled with a knowledge of the harm and its cause" is

38

1  sufficient to end tolling based on fraudulent concealment. <u>Snapp & Assocs. Ins.</u>
2  <u>Servs., Inc. v. Malcolm Bruce Burlingame Robertson</u>, 96 Cal. App. 4th 884, 890-91
3  (2002); <u>Hynix Semiconductor Inc. v. Rambus Inc.</u>, 2007 WL 3284060, at *3 (N.D.
4  Cal. Nov. 2, 2007) ("fraudulent concealment doctrine does not toll the statute of
5  limitations, no matter what the defendant has done to conceal his wrongs, if a
6  plaintiff has a suspicion of wrongdoing and knowledge of the harm and its cause");
7  <u>cf.</u> <u>Garamendi</u>, 276 F. Supp. 2d at 1043 (relying on a decision by the D.C. Circuit,
8  noting that "[n]o California court appears explicitly to have adopted this
9  formulation" of the rule).

10         Mattel faults the MGA Parties and Bryant for not including Mattel's claim that
11  the MGA Parties and Bryant fraudulently concealed the relevant facts. However, to
12  the extent there is any evidentiary basis for inclusion of an instruction dealing with
13  fraudulent concealment in this case (and there is not), Mattel's proposed language is
14  objectionable in that it asserts that tolling based on fraudulent concealment ends only
15  once Mattel has "near-actual" knowledge of the wrongdoing at issue. However,
16  under California law, "a suspicion of wrongdoing, coupled with a knowledge of the
17  harm and its cause" is sufficient to end tolling based on fraudulent concealment.
18  <u>Snapp & Assocs. Ins. Servs., Inc. v. Malcolm Bruce Burlingame Robertson</u>, 96 Cal.
19  App. 4th 884, 890-91 (2002); <u>see also</u> <u>Platt Elec. Supply, Inc. v. EOFF Elec., Inc.</u>, __
20  F.3d __, 2008 WL 1722882, at *5 (9th Cir. Apr. 15, 2008) (inquiry notice ends
21  tolling based on fraudulent concealment); <u>Soliman v. Philip Morris Inc.</u>, 311 F.3d
22  966, 971-72 (9th Cir. 2002) (plaintiff "need not be aware of the specific 'facts'
23  necessary to establish the claim" for him to be on inquiry notice,  nor need he be
24  aware of the particular legal theory that will support it; his claim accrues "when,
25  simply put, he at least 'suspects ... that someone has done something wrong' to
26  him.") (citation omitted). Mattel's theory of fraudulent concealment is also improper
27  to the extent it suggests that fraudulent concealment by one defendant would
28  necessarily toll the statute as to another defendant not found culpable in the alleged

39

1  concealment. <u>See</u> <u>Sanchez v. S. Hoover Hosp.</u>, 18 Cal. 3d 93, 100 ("The rationale for
2  the foregoing rule [of fraudulent concealment] is that the <u>culpable</u> defendant should
3  be estopped from profiting by his own wrong [t]o the extent that it hindered an
4  'otherwise diligent' plaintiff in discovering his cause of action.") (emphasis added).

5         Lastly, Mattel again attempts to mischaracterize the Court's April 25, 2008
6  Order, which made no rulings with respect to the statute of limitations issues raised
7  by the parties' motions.

8         (u)-(w)      Mattel mischaracterizes the import of the Court's decision to
9  defer ruling on certain affirmative defenses.  While the Court may ultimately rule on
10 the effect of these defenses, it is apparent from the Court's order that it expects the
11 jury to make the factual determinations underlying its decision.  Indeed, in its Order,
12 the Court noted that factual issues concerning the bona fide purchaser defense such
13 as good faith and notice would be resolved at trial, such that the Court would be left
14 only with legal issues.   (<u>See</u> April 25, 2008 MSJ Order at 8.)   The factual
15 determinations supporting each other affirmative defense should likewise be placed
16 before the jury.

17        Laches is regularly tried to juries in the Ninth Circuit.  The case that Mattel
18 cites in opposition to this position is <u>Westinghouse Elec. Corp. v. General Circuit</u>
19 <u>Breaker & Elec. Supply</u>, 106 F.3d 984 (9th Cir. 1997).  In this case, the Ninth Circuit
20 upheld ruling of the Central District denying an injunction in case in which laches,
21 equitable estoppel, acquiescence, and unclean hands were all tried to the jury.  <u>See</u>
22 <u>also</u> <u>U.S. Fidelity & Guar. Co. v. Lee Invs. LLC</u>, 2008 WL 746541, at *13 (E.D. Cal.
23 Mar. 18, 2008) (laches, estoppel, waiver and unclean hands submitted to jury); <u>San</u>
24 <u>Francisco Bay Area Rapid Transit Dist. v. Spencer</u>, 2007 WL 1450350, at *10 (N.D.
25 Cal. May 14, 2007) (laches submitted to jury). Laches questions are inherently fact
26 questions.  <u>See</u> <u>Kling v. Hallmark Cards, Inc.</u>, 225 F.3d 1030, 1041 (9th Cir. 2000)
27 (holding that summary judgment on laches grounds is improper "because a claim of
28 laches depends on a close evaluation of all the particular facts in a case, it is seldom

1   susceptible to resolution by summary judgment.") (internal quotations omitted)
2   (citations omitted).  Although Mattel seeks damages, the gravamen of its claims in
3   Phase 1(a) is to establish ownership as to BRATZ, this is at its core an equitable
4   claim and thus the defense of laches applies.
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

41

**Proposed Form of Verdict No. 3 (Breach of Section 3(a) Inventions Agreement)**

*On the claim of Mattel against Carter Bryant respecting the breach of Section 3(a) of the January 4, 1999 Inventions Agreement between Mattel and Bryant, we, the jury, find as follows:*

(a)    With respect to Mattel's claim that Mattel and Carter Bryant entered into a valid contract:

☐yes or

☐no.  (If no, please proceed to Verdict Form No. 4)

(a-1)    With respect to Mattel's claim that it did all, or substantially all, of the significant things that the contract required it to do, we find:

☐yes or

☐no. (If no, please proceed to Verdict Form No.  4)

(a-2)    With respect to Mattel's claim that all the conditions by the contract for Carter Bryant's performance had occurred, we find:

☐yes or

☐no. (If no, please proceed to Verdict Form No.  4)

(a-3)    With respect to Mattel's claim that Carter Bryant did something that the contract prohibited him from doing, we find:

☐yes or

☐no. (If no, please proceed to Verdict Form No.  4)

(a-4)    With respect to whether Mattel has proven that the actions Carter Bryant took with respect to BRATZ before his departure from Mattel were not permissible preparations to compete with Mattel, we find:

☐yes or

☐no. (If no, please proceed to Verdict Form No.  4)

(a-5)    With respect to Mattel's claim that was harmed by those actions, we find:

☐yes or

42

☐no. (If no, please proceed to Verdict Form No.  4)

*On Carter Bryant's claim that Mattel's interpretation of Section 3(a) of the January 4, 1999 Inventions Agreement between Mattel and Bryant is unconscionable, we, the jury, find as follows:*

(b)     With respect to whether Mattel's interpretation of Section 3(a) of the Inventions Agreement falls within the reasonable expectations of the weaker party (Carter Bryant), we find:

☐yes or

☐no. (If no, please proceed to Verdict Form No. 4)

(c)     With respect to whether Mattel's interpretation of Bryant's Inventions Agreement is unduly oppressive or 'unconscionable,' we find::

☐yes or

☐no.  (If no, please proceed to Verdict Form No. 4)

***If you have found that Carter Bryant is liable for breach of Section 3(a) of the Inventions Agreement,, next consider whether Mattel should be barred from recovery on any of the following grounds:***

*On the claim of Carter Bryant that Mattel is estopped from asserting claims arising out of Section 3(a) of Carter Bryant's Inventions Agreement, we, the jury, find as follows*:

(d)     With respect to whether Mattel made a representation of fact, at any relevant time, by its actions, silence or omission, we find:

☐yes or

☐no. (If no, please proceed to 3(h))

43

1   (e)  With respect to whether Mattel had knowledge that its employees

2      engaged in moonlighting or created independent artistic works allegedly

3      covered by their respective inventions agreements, we find:

4      ☐yes or

5      ☐no. (If no, please proceed to3(h))

6   (f)  With respect to whether Carter Bryant was ignorant of the fact that

7      Mattel intended to make claims to independently created artistic works

8      or works created while moonlighting, we find:

9      ☐yes or

10      ☐no. (If no, please proceed to 3(h))

11   (g)  With respect to whether Carter Bryant reasonably relied on Mattel's

12      silence to his detriment, we find:

13      ☐yes or

14      ☐no. (If no, please proceed to 3(h))

15

16 **If you answered YES to each of 3(d) – 3(g), then please proceed to Verdict Form**

17             **No. 4**

18

19   *On the claim of Carter Bryant that Mattel has acquiesced, at any relevant time,*

20 *to its employees' moonlighting or independent artistic creations, we, the jury, find as*

21 *follows*:

22   (h)  With respect to whether Mattel's acts or words, silence or inaction,

23      would be understood by a reasonable person as intended to indicate that

24      the conduct is allowed, we find:

25      ☐yes or

26      ☐no. (If no, please proceed to 3(j))

27

28

1       (i)      With respect to whether Carter Bryant understood Mattel's acts or

2                words, silence or inaction to indicate that it allowed its employees to

3                moonlight or independently create artistic works, we find:

4                ☐yes or

5                ☐no. (If no, please proceed to 3(j))

6

7     **If you answered YES to each of 3(h) – 3(i), please proceed to Verdict Form**

8                              **No. 4.**

9

10     *On the claim of Carter Bryant  that Mattel has consented, at any relevant time,*

11  *to its employees moonlighting or independent artistic work, we, the jury, find as*

12  *follows*:

13       (j)      With respect to whether Mattel's acts or words, silence or inaction,

14                would be understood by a reasonable person as intended to indicate

15                consent to moonlighting or independent artistic work, we find:

16                ☐yes or

17                ☐no. (If no, please proceed to 3(l))

18       (k)     With respect to whether Carter Bryant understood Mattel's acts or

19                words, silence or inaction to indicate consent to moonlighting or

20                independent artistic work, we find:

21                ☐yes or

22                ☐no. (If no, please proceed to 3(l))

23

24  **If you answered YES to each of 3(j) -3(k), please proceed to Verdict Form No. 4.**

25

26     *On the claim of Carter Bryant that Mattel has waived any right to seek*

27  *damages on its breach of employment agreement claims, we, the jury, find as follows*:

28

(l)     With respect to whether Mattel was aware of its claimed violations of its
employment agreements, we find:

☐ yes or

☐ no. (If no, please proceed to 3(n))

(m)     With respect to whether Mattel indicated, by its words, actions or
silence that it did not intend to enforce its employment agreements, we
find:

☐ yes or

☐ no. (If no, please proceed to 3(n))

**If you answered YES to each of 3(l) – 3(m), please proceed to Verdict Form
No. 4.**

*On the claim of Carter Bryant respecting the date when Mattel suspected or
had reason to suspect that wrongdoing on the part of Carter Bryant had taken place,
we, the jury, find as follows:*

(n)     With respect to whether Carter Bryant has proven that Mattel filed its
claims against him more than **four years** after Mattel suspected or had
reason to suspect the occurrence of the acts that Mattel contends were
wrongful, we find:

☐ yes or

☐ no.  (If yes, please proceed to Verdict Form No. 4)

*On the affirmative defense of laches, we, the jury, find as follows:*

(o)     With respect to whether Carter Bryant has established that Mattel
delayed unreasonably in asserting its claim that Carter Bryant breached
section 3(a) of the Inventions Agreement, we find:

☐ yes or

46

1    ☐no.  (If no, please proceed to Verdict Form No. 4)

2    (p)    With respect to whether Carter Bryant has established that he was

3    prejudiced by Mattel's delay because evidence has been lost or

4    witnesses memories have faded, we find:

5    ☐yes or

6    ☐no.

7    (q)    With respect to whether Carter Bryant has established that he was

8    prejudiced by Mattel's delay because Carter Bryant has expended time,

9    resources, or money in reliance on Mattel's failure to file suit, we find:

10   ☐yes or

11   ☐no. (If no, please proceed to Verdict Form No. 4)

## **MATTEL'S OBJECTIONS:**

1  Mattel objects to defendants' proposed verdict form as follows:

2  (a)-(q)      These proposed findings are not consistent with the law, as set forth in Mattel's objections to the defendants' proposed jury instructions. Defendants' unduly complicate the instructions and employ multiple questions on the same issues to improperly reinforce their arguments to the jury. Defendants do not use plain English and attempt to unnecessarily complicate the verdict form, which will confuse and mislead the jury.

9  Additionally, many of the proposed questions are contrary to the Court's April 25, 2008 Order. Specifically:

11  (a)      This proposed question is contrary to the Court's April 25, 2008 Order and therefore moot. The Court has already held that the Inventions Agreement is a valid and enforceable contract. *See* April 25, 2008 Order, at 5.

14  (a-4)      This proposed question is contrary to the Court's April 25, 2008 Order and therefore moot. The Court ruled that Bryant cannot defend his actions as "lawful preparations to compete" because he "directly competed with Mattel by entering into a contract with its competitor to produce a competing product while still employed by Mattel." April 25, 2008 Order, at 5. The question is also erroneous as a matter of law because it is irrelevant to Mattel's breach of contract claims against Bryant and prejudicial to Mattel—Bryant cannot avoid liability for his contractual breaches based on purported "lawful preparations to compete." The Inventions Agreement sets forth the contractual obligations which Bryant was required to live up to, and to the extent Bryant breached those obligations, he is liable for breach of contract. The proposed question is also erroneous because it suggests that Mattel is required to prove that none of the actions Bryant took were permissible preparations to compete with Mattel. The burden of proof would be on the party claiming lawful preparations to compete, but the issue is moot because the Court has held that Bryant cannot make such a claim here. The question is also

48

1  misleading because Mattel's claim is not limited to "the actions [Bryant] took on

2  Bratz."

3      (b)-(c)      Defendants repeat the same objectionable and erroneous

4  questions regarding unconscionability proposed in their Proposed Form of Verdict

5  Form No. 2(h)-(i), and Mattel incorporates its objections to those questions by

6  reference.

7      (d)-(g)      Defendants repeat the same objectionable and erroneous

8  questions regarding estoppel proposed in their Proposed Form of Verdict Form

9  No. 2(j)-(m), and Mattel incorporates its objections to those questions by reference.

10     (h)-(i)      Defendants repeat the same objectionable and erroneous

11 questions regarding acquiescence proposed in their Proposed Form of Verdict Form

12 No. 2(n)-(o), and Mattel incorporates its objections to those questions by reference.

13     (j)-(k)      Defendants repeat the same objectionable and erroneous

14 questions regarding consent proposed in their Proposed Form of Verdict Form

15 No. 2(p)-(q), and Mattel incorporates its objections to those questions by reference.

16     (l)-(m)      Defendants repeat the same objectionable and erroneous

17 questions regarding waiver proposed in their Proposed Form of Verdict Form

18 No. 2(r)-(s), and Mattel incorporates its objections to those questions by reference.

19     (n)     This proposed question is erroneous as a matter of law because the

20 statute of limitations period for Mattel's breach of contract claims is four years, not

21 three years as defendants wrongly state.  *See Cal. Code Civ. Proc.* § 337. Defendants

22 repeat the same objectionable and erroneous question regarding the statute of

23 limitations proposed in their Proposed Form of Verdict No. 2(t), and Mattel

24 incorporates its objections to that proposed question by reference.

25     (o)-(q )     Defendants repeat the same objectionable and erroneous

26 questions regarding laches proposed in their Proposed Form of Verdict Form

27 No. 2(u)-(w), and Mattel incorporates its objections to those questions by reference.

28

**1**        <u>**MGA PARTIES AND BRYANT RESPOND AS STATED BELOW:**</u>

**2**        (a) - (q)        As discussed in detail above and in MGA Parties' and Bryant's

**3**  Objection to Mattel's Proposed Verdict Forms, Fed. R. Civ. P. 49(a)(1), requires that

**4**  the jury return, "a special verdict in the form of a special written finding on *each*

**5**  *issue of fact*." (emphasis added).  Mattel's general statement that findings are "not

**6**  consistent with the law" is not supported here and as such MGA Parties will address

**7**  Mattel's specific objections to individual questions rather than a blanket statement.

**8**  Mattel has not explained why the Verdict Form does not "use plain English" or why

**9**  its is unnecessarily complicated.  As discussed above, MGA Parties' and Bryant's

**10**  Proposed Verdict Form is the simplest way to walk the jury through the numerous

**11**  findings of fact necessary in this highly complicated proceeding.

**12**        (a)        Mattel's objection based upon the Court's April 25, 2008 Order is

**13**  premature, given Bryant's pending Motion For Reconsideration, which the Court has

**14**  ordered shall be heard on May 19, 2008.  To the extent the Court does not reconsider

**15**  its Order, this form can be modified appropriately at that time—for example

**16**  removing the reference to the first element (validity and enforceability of the

**17**  Inventions Agreement).

**18**        (a-4) Mattel's objection based upon the Court's April 25, 2008 Order is

**19**  premature, given Bryant's pending Motion For Reconsideration, which the Court has

**20**  ordered shall be heard on May 19, 2008.  To the extent the Court does not reconsider

**21**  its Order, this form can be modified appropriately at that time—for example

**22**  removing the reference to the first element (validity and enforceability of the

**23**  Inventions Agreement).

**24**        In addition, Mattel incorrectly asserts that it is defendant's burden to show his

**25**  conduct was nothing more than lawful preparations to compete.  To the contrary, as

**26**  set forth in <u>Bancroft Whitney Co. v. Glen</u>, 64 Cal. 2d 327 (1966), and the preparation

**27**  to compete cases cited in support of MGA Parties and Bryant's instructions on that

**28**  issue, it is Mattel's burden to show that Bryant's conduct was in breach of his

50

Obj. & Responses Re MGA Parties' & Bryant's [Proposed] Spec. Verdict Forms– Case No. CV 04-9049 SGL (RNBx)

1    contractual or other duties.  In other words, Mattel must show that Bryant engaged in
2    conduct that went beyond the conduct courts have established is lawful (i.e.,
3    preparations to compete), and thus engaged in direct competition with Mattel.

4        (b) - (c)    See supra (MGA Parties' and Bryant's Reply to Mattel's
5    Objection to MGA Parties and Bryant's Proposed Verdict Form No. 2 (h-i)).

6        (d) – (g)    See supra (MGA Parties' and Bryant's Reply to Mattel's
7    Objection to MGA Parties and Bryant's Proposed Verdict Form No. 2 (j-m)).

8        (h) – (i)    See supra (MGA Parties' and Bryant's Reply to Mattel's
9    Objection to MGA Parties' Proposed Verdict Form No. 2 (n-o)).

10       (j) – (k)    See supra (MGA Parties' and Bryant's Reply to Mattel's
11   Objection to MGA Parties and Bryant's Proposed Verdict Form No. 2 (p-q)).

12       (l) – (m)    See supra (MGA Parties' and Bryant's Reply to Mattel's
13   Objection to MGA Parties and Bryant's Proposed Verdict Form No. 2 (r-s)).

14       (n)    The MGA Parties and Bryant acknowledge that the three year statute of
15   limitations is a typographical error and have corrected the error with this filing.

16       See supra (MGA Parties' and Bryant's Reply to Mattel's Objection to MGA
17   Parties and Bryant's Proposed Verdict Form No. 2 (t)).

18       (o)-(q)    See supra (MGA Parties' and Bryant's Reply to Mattel's
19   Objection to MGA Parties and Bryant's Proposed Verdict Form No. 2 (u)-(w)).

20
21
22
23
24
25
26
27
28

**Proposed Form of Verdict No. 4 (Validity of Conflict of Interest Questionnaire)**

*On the claim of Mattel against Carter Bryant respecting the validity the Conflict of Interest Questionnaire, we, the jury, find as follows:*

(a)    With respect to Mattel's claim that the contract terms were clear enough that the parties could understand what each was required to do;

☐ yes or

☐ no.  (If no, please proceed to Verdict Form No. 6)

(b)    With respect to Mattel's claim that the parties agreed to give each other something of value, we find:

☐ yes or

☐ no. (If no, please proceed to Verdict Form No. 6)

(c)    With respect to Mattel's claim that the parties agreed to the terms of the contract, we find:

☐ yes or

☐ no.  (If no, please proceed to Verdict Form No. 6)

(d)    With respect to Mattel's claim that the Questionnaire looks like a contract and contains conspicuous provisions that are clearly disclosed, we find:

☐ yes or

☐ no.  (If no, please proceed to Verdict Form No. 6)

*On Carter Bryant's claim that Mattel's asserted interpretation of the Conflict of Interest Questionnaire between Mattel and Bryant is unconscionable, we, the jury, find as follows:*

(e)    With respect to whether Mattel's interpretation of the Conflict of Interest Questionnaire falls within the reasonable expectations of the weaker party, Carter Bryant, we find:

52

1        ☐yes or

2        ☐no.

3    (f)   With respect to whether Mattel's interpretation of the Conflict of

4          Interest Questionnaire is unduly oppressive or 'unconscionable,' we find:

5          ☐yes or

6          ☐no.  (If no, please proceed to Verdict Form No. 6)

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Obj. & Responses Re MGA Parties' & Bryant's [Proposed] Spec. Verdict Forms– Case No. CV 04-9049 SGL (RNBx)

1

## MATTEL'S OBJECTIONS:

2          Mattel objects to defendants' proposed verdict form as follows:

3          (a)-(f)          These questions are not consistent with the law, as set forth in

4   Mattel's objections to the defendants' proposed jury instructions.  Defendants' unduly

5   complicate the instructions and employ multiple questions on the same issues to

6   improperly reinforce their arguments to the jury.

7          (e)-(f)          Defendants repeat the same objectionable and erroneous

8   questions regarding unconscionability proposed in their Proposed Form of Verdict

9   Form No. 2(h)-(i), and Mattel incorporates its objections to those questions by

10  reference.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Obj. & Responses Re MGA Parties' & Bryant's [Proposed] Spec. Verdict Forms– Case No. CV 04-9049 SGL (RNBx)

**1**        **MGA PARTIES AND BRYANT RESPOND AS STATED BELOW:**

**2**        (a) - (f)        As discussed in detail above and in MGA Parties' Objection to

**3**   Mattel's Proposed Verdict Forms, Fed. R. Civ. P. 49(a)(1), requires that the jury

**4**   return, "a special verdict in the form of a special written finding on each issue of

**5**   fact." (emphasis added).  Mattel's general statement that findings are "not consistent

**6**   with the law" is not supported here and as such MGA Parties will address Mattel's

**7**   specific objections to individual questions rather than a blanket statement.  Mattel

**8**   has not explained why its is unnecessarily complicated.  As discussed above, MGA

**9**   Parties' Proposed Special Verdict Form is the simplest way to walk the jury through

**10**  the numerous findings of fact necessary in this highly complicated proceeding.

**11**        (e) – (f)        See supra (MGA Parties' and Bryant's Reply to Mattel's

**12**  Objection to MGA Parties and Bryant's Proposed Verdict Form No. 2 (h-i)).

**13**

**14**

**15**

**16**

**17**

**18**

**19**

**20**

**21**

**22**

**23**

**24**

**25**

**26**

**27**

**28**

**Proposed Form of Verdict No. 5 (Breach of Conflict of Interest Questionnaire)**

*On the claim of Mattel against Carter Bryant respecting the breach of the Conflict of Interest Questionnaire between Mattel and Bryant, we, the jury, find as follows:*

(a)   With respect to Mattel's claim that Mattel and Carter Bryant entered into a valid contract, we find:

☐ yes or

☐ no.  (If no, please proceed to Verdict Form No. 6)

(b)   With respect to Mattel's claim that it did all, or substantially all, of the significant things that the contract required it to do, we find:

☐ yes or

☐ no.  (If no, please proceed to Verdict Form No. 6)

(c)   With respect to Mattel's claim that all the conditions by the contract for Carter Bryant's performance had occurred, we find:

☐ yes or

☐ no.  (If yes, please proceed to Verdict Form No. 6)

(d)   With respect to Mattel's claim that Carter Bryant did something that the contract prohibited him from doing, we find:

☐ yes or

☐ no.  (If no, please proceed to Verdict Form No. 6)

(e)   With respect to whether Mattel has proven that the actions Carter Bryant took with respect to BRATZ  before his departure from Mattel were not permissible preparations to compete with Mattel, we find:

☐ yes or

☐ no.  (If yes, please proceed to Verdict Form No. 6)

(e-1)   With respect to Mattel's claim that it was harmed by those actions, we find:

1    ☐ yes or

2    ☐ no. (If no, please proceed to Verdict Form No.  6)

3

4    *If you have found that Carter Bryant is liable for breach of the*

5    *Questionnaire, next consider whether Mattel should be barred from recovery on*

6    *any of the following grounds:*

7

8    *On the claim of Carter Bryant that Mattel is estopped from asserting claims*

9    *arising out of the Questionnaire, we, the jury, find as follows*:

10    (f)    With respect to whether Mattel made a representation of fact, at any

11            relevant time,, at any relevant time, by its actions, silence or omission,

12            we find:

13            ☐ yes or

14            ☐ no. (If no, please proceed to 5(j))

15    (g)    With respect to whether Mattel had knowledge that its employees

16            moonlighted or independently created artistic works , we find:

17            ☐ yes or

18            ☐ no. (If no, please proceed to 5(j))

19    (h)    With respect to whether Carter Bryant was ignorant of the fact that

20            Mattel intended to make claims to independently created artistic works

21            or works created while moonlighting, we find:

22            ☐ yes or

23            ☐ no. (If no, please proceed to 5(j))

24    (i)    With respect to whether Carter Bryant reasonably relied on Mattel's

25            silence to his detriment, we find:

26            ☐ yes or

27            ☐ no. (If no, please proceed to 5(j))

28

1   **If you answered YES to each of 5(f) – 5(i), please proceed to Verdict Form No. 6.**

2

3       *On the claim of Carter Bryant that Mattel has acquiesced, at any relevant time,*

4 *to its employees moonlighting or independent artistic works, we, the jury, find as*

5 *follows*:

6       (j)     With respect to whether Mattel's acts or words, silence or inaction,

7                 would be understood by a reasonable person as intended to indicate that

8                 the conduct is allowed, we find:

9                 ☐yes or

10                 ☐no. (If no, please proceed to 5(l))

11       (k)     With respect to whether Carter Bryant understood Mattel's acts or

12                 words, silence or inaction to indicate that it allowed moonlighting or

13                 independent artistic works, we find:

14                 ☐yes or

15                 ☐no. (If no, please proceed to 5(l))

16

17     **If you answered YES to each of 5(j) – 5(k), please proceed to Verdict Form**

18                                   **No. 6.**

19

20       *On the claim of Carter Bryant  that Mattel has consented, at any relevant time,*

21 *to its employees' moonlighting or independent artistic work, we, the jury, find as*

22 *follows*:

23       (l)     With respect to whether Mattel's acts or words, silence or inaction,

24                 would be understood by a reasonable person as intended to indicate

25                 consent to moonlighting or independent artistic work, we find:

26                 ☐yes or

27                 ☐no. (If no, please proceed to 5(n))

28

1  (m)  With respect to whether Carter Bryant understood Mattel's acts or

2      words, silence or inaction to indicate consent to moonlighting or

3      independent artistic work, we find:

4      ☐ yes or

5      ☐ no. (If no, please proceed to 5(n))

6

7  **If you answered YES to each of 5(l) – 5(m), please proceed to Verdict Form**

8  **No. 6.**

9

10     *On the claim of Carter Bryant that Mattel has waived any right to seek*

11  *damages on its breach of Questionnaire claims, we, the jury, find as follows*:

12  (n)  With respect to whether Mattel was aware of conduct it now claims

13      violates the Questionnaire, we find:

14      ☐ yes or

15      ☐ no. (If no, please proceed to 5(p))

16  (o)  With respect to whether Mattel indicated, by its words, actions or

17      silence that it did not intend to enforce the Questionnaire in the manner

18      it now asserts, we find:

19      ☐ yes or

20      ☐ no. (If no, please proceed to 5(p))

21

22  **If you answered YES to each of 5(n) – 5(o), please proceed to Verdict Form**

23  **No. 6.**

24

25     *On the claim of Carter Bryant respecting the date when Mattel suspected or*

26  *had reason to suspect that Carter Bryant had breached the Questionnaire, we, the*

27  *jury, find as follows:*

28

(p)    With respect to whether Carter Bryant has proven that Mattel filed its
claims against him more than **four years** after Mattel suspected or had
reason to suspect the occurrence of the acts that Mattel contends were
wrongful, we find:

☐ yes or

☐ no.  (If yes, please proceed to Verdict Form No. 6)

*On the affirmative defense of laches, we, the jury, find as follows:*

(q)    With respect to whether Carter Bryant has established that Mattel
delayed unreasonably in asserting its claim that Carter Bryant the
Questionnaire, we find:

☐ yes or

☐ no.  (If no, please proceed to Verdict Form No. 6)

(r)    With respect to whether Carter Bryant has established that he was
prejudiced by Mattel's delay because evidence has been lost or
witnesses memories have faded, we find:

☐ yes or

☐ no. (If no, please proceed to Verdict Form No. 6)

(s)    With respect to whether Carter Bryant has established that he was
prejudiced by Mattel's delay because Carter Bryant has expended time,
resources, or money in reliance on Mattel's failure to file suit, we find:

☐ yes or

☐ no. (If no, please proceed to Verdict Form No. 6)

1

**MATTEL'S OBJECTIONS:**

2

Mattel objects to defendants' proposed verdict form as follows:

3

(a)-(s)      Defendants unnecessarily convert each and every element of this

4

claim (and their erroneous additional elements) into special verdict questions.

5

Defendants also incorporate the same legal errors from their proposed jury

6

instructions.  Moreover, Defendants slant questions in their favor by injecting their

7

theories of the case into selected questions.

8

In addition, several of the proposed questions are contrary to the Court's April

9

25, 2008 Order, including:

10

(e)      This proposed question is contrary to the Court's April 25, 2008 Order

11

and therefore moot.  The Court ruled that Bryant cannot defend his actions as "lawful

12

preparations to compete" because he "directly competed with Mattel by entering into

13

a contract with its competitor to produce a competing product while still employed

14

by Mattel."  April 25, 2008 Order, at 5.  The question is also erroneous as a matter of

15

law because it suggests that Mattel is required to prove that none of the actions

16

Bryant took were permissible preparations to compete with Mattel.  The burden of

17

proof would be on the party claiming lawful preparations to compete, but the issue is

18

moot because the Court has held that Bryant cannot make such a claim here.

19

(f)-(i)      Defendants repeat the same objectionable and erroneous

20

questions regarding estoppel proposed in their Proposed Form of Verdict Form

21

No. 2(j)-(m), and Mattel incorporates its objections to those questions by reference.

22

(j)-(k)      Defendants repeat the same objectionable and erroneous

23

questions regarding acquiescence proposed in their Proposed Form of Verdict Form

24

No. 2(n)-(o), and Mattel incorporates its objections to those questions by reference.

25

(l)-(m)      Defendants repeat the same objectionable and erroneous

26

questions regarding consent proposed in their Proposed Form of Verdict Form

27

No. 2(p)-(q), and Mattel incorporates its objections to those questions by reference.

28

Obj. & Responses Re MGA Parties' & Bryant's [Proposed] Spec. Verdict Forms– Case No. CV 04-9049 SGL (RNBx)

1    (n)-(o)        Defendants repeat the same objectionable and erroneous

2  questions regarding waiver proposed in their Proposed Form of Verdict Form

3  No. 2(r)-(s), and Mattel incorporates its objections to those questions by reference.

4    (p)     This proposed question is erroneous as a matter of law because the

5  statute of limitations period for Mattel's breach of contract claims is four years, not

6  three years as defendants wrongly state.  *See Cal. Code Civ. Proc.* § 337.

7  Defendants repeat the same objectionable and erroneous question regarding the

8  statute of limitations proposed in their Proposed Form of Verdict No. 2(t), and Mattel

9  incorporates its objections to that proposed question by reference.

10    (q)-(s)        Defendants repeat the same objectionable and erroneous

11  questions regarding laches proposed in their Proposed Form of Verdict Form

12  No. 2(u)-(w), and Mattel incorporates its objections to those questions by reference.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MGA PARTIES AND BRYANT RESPOND AS STATED BELOW:

(a) - (s)    As discussed in detail above and in MGA Parties' Objection to Mattel's Proposed Verdict Forms, Fed. R. Civ. P. 49(a)(1), requires that the jury return, "a special verdict in the form of a special written finding on *each issue of fact.*" (emphasis added).  Thus, Mattel's objection that MGA Parties' and Bryant's Proposed Verdict Form "converts each and every element" has no merit.  Mattel offers no explanation as to how the Verdict Form "slants" the questions or how it injects MGA Parties' and Bryant's theory of the case.

(e)    Mattel's objection based upon the Court's April 25, 2008 Order is premature, given Bryant's pending Motion For Reconsideration, which the Court has ordered shall be heard on May 19, 2008.

Moreover, Mattel mischaracterizes the burden upon it on this issue.  Mattel must show that Bryant engaged in acts of direct competition during the term of his employment, as mere preparations to compete are privileged and thus insufficient to give rise to a claim for breach of fiduciary duty or any other breach. See Bancroft-Whitney Co. v. Glen, 64 Cal. 2d 327, 346 (1966); accord Eckard Brandes, Inc. v. Riley, 338 F.3d 1082, 1086 (9th Cir. 2003); Am. Home Shield, Inc. v. Fidelity Nat'l Home Warranty Co., 2003 WL 21085278, at *12 (Cal. Ct. App. May 14, 2003); Edenbaum v. Dalton, No. D037255, 2002 WL 31474450, at **7-8 (Cal. Ct. App. Nov. 6, 2002); GAB Bus. Servs., Inc. v. Lindsey & Newsom Claim Servs., Inc., 83 Cal. App. 4th 409,  424-25 (2000), overruled on other grounds by, Reeves v. Hanlon, 33 Cal. 4th 1140 (2004); Computer Sciences Corp. v. Ferguson, 74 Cal. Rptr. 86, 92-93 (1968) (unpublished); see also Material Supply Int'l, Inc. v. Sunmatch Indus. Co., 146 F.3d 983, 993 (D.C. Cir. 1998); Franklin Music Co. v. Am. Broad. Cos.,  616 F.2d 528, 532-33, 537 (3d Cir. 1979); Merger Mgmt. Consulting, Inc. v. Wilde, 920 F. Supp. 219, 233-35 (D. D.C. 1996); T.A. Pelsue Co. v. Grand Enters., Inc., 782 F. Supp. 1476, 1486 (D. Colo. 1991); Abraham Zion Corp. v. Lebow, 593 F. Supp. 551, 570-71 (S.D.N.Y. 1984), aff'd, 761 F.2d 93 (2d Cir. 1985); Seward v. Union Pump

63

Obj. & Responses Re MGA Parties' & Bryant's [Proposed] Spec. Verdict Forms– Case No. CV 04-9049 SGL (RNBx)

Co., 428 F. Supp. 161, 167 (S.D. Tex. 1977); Restatement (Third) of Agency § 8.04 cmt. c.  MGA Parties' and Bryant's Proposed Verdict Form is correct.

(f) – (i)    See supra (MGA Parties' and Bryant's Reply to Mattel's Objection to MGA Parties and Bryant's Proposed Verdict Form No. 2 (j)-(m)).

(j) – (k)    See supra (MGA Parties' and Bryant's Reply to Mattel's Objection to MGA Parties and Bryant's Proposed Verdict Form No. 2 (n)-(o)).

(l) – (m)    See supra (MGA Parties' and Bryant's Reply to Mattel's Objection to MGA Parties and Bryant's Proposed Verdict Form No. 2 (p)-(q)).

(n)-(o)    See supra (MGA Parties' and Bryant's Reply to Mattel's Objection to MGA Parties and Bryant's Proposed Verdict Form No. 2 (r)-(s)).

(p)    The MGA Parties and Bryant acknowledge that the three year statute of limitations is a typographical error and have corrected the error with this filing.

See supra (MGA Parties' and Bryant's Reply to Mattel's Objection to MGA Parties and Bryant's Proposed Verdict Form No. 2 (t)).

(q)-(s)    See supra (MGA Parties' and Bryant's Reply to Mattel's Objection to MGA Parties and Bryant's Proposed Verdict Form No. 2 (u)-(w)).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Proposed Form of Verdict No. 6 (17 U.S.C. Section 204(a) and Cal. Civ. Code Section 988)**

*On the claim of Mattel respecting the existence of a valid transfer agreement between Mattel and Carter Bryant under Section 204(a) of the Copyright Act or Section 988 of the California Civil Code, we, the jury, find as follows:*

    (a)    With respect to Mattel's claim that Section 2(a) of Bryant's Inventions Agreement is a valid transfer of copyright under Section 204(a) of the Copyright Act, we find:

☐ yes or

☐ no.  (If no, please proceed to Verdict Form No. 7)

    (b)    With respect to Mattel's claim that Section 2(a) of Bryant's Inventions Agreement is a valid transfer of copyright under California Civil Code Section 988, we find:

☐ yes or

☐ no.  (If no, please proceed to Verdict Form No. 7)

Obj. & Responses Re MGA Parties' & Bryant's [Proposed] Spec. Verdict Forms– Case No. CV 04-9049 SGL (RNBx)

1

## MATTEL'S OBJECTIONS:

2      Mattel objects to defendants' proposed verdict form as follows:

3      (a)-(b)      This proposed instruction is contrary to the Court's April 25, 2008

4  Order.  The Court has already held that the Inventions Agreement is a valid and

5  enforceable contract and that it "is not ambiguous on the issue of its scope with

6  respect to copyrightable materials." *See* April 25, 2008 Order, at 4.  The Court found

7  that the "Inventions Agreement explicitly conveys to Mattel an employee's interests

8  in any copyright or copyrights." *Id*.  Finally, the Court held that "the original Bratz

9  drawings clearly fall within the scope of the Inventions Agreement." *Id*.

10  Accordingly, this proposed instruction, which  purports to tell the jury circumstances

11  under which a transfer of ownership might not be valid, is improper and misleading.

12  In any event, the effect of statutes are for the Court, not the jury.

13      In any event, neither proposed question is actually a question.  Defendants are

14  simply misstating the law and asking the jury to reach a legal conclusion.  The

15  proposed questions use legal phrases and statutes that are incomprehensible to the

16  jury, e.g. defendants' reference to "Section 204(a) of the Copyright Act."  This

17  convoluted phrasing unnecessarily complicates the jury's analysis.

18

19

20

21

22

23

24

25

26

27

28

1       <u>**MGA PARTIES AND BRYANT RESPOND AS STATED BELOW:**</u>

2       (a)-(b) Mattel's objection based upon the Court's April 25, 2008 Order is

3 premature, given Bryant's pending Motion For Reconsideration, which the Court has

4 ordered shall be heard on May 19, 2008.  Moreover, Mattel's partial quote of the

5 Court's Order is an attempt to blatantly mischaracterize the Order:  the Court

6 specifically held that issues of timing are unresolved (April 25, 2008 Order at 4).

7 Thus, the jury will still need to be instructed that Mattel must prove that the BRATZ

8 sketches were "conceived or reduced to practice … during [Bryant's] employment

9 by [Mattel]."

10       Moreover, Section 204(a) requires a jury to consider whether the terms of the

11 alleged transfer document are "explicit," "precis[e]," "clear," and "unequivocal."

12 <u>Foraste v. Brown Univ.</u>, 290 F. Supp. 2d 234, 240-41 (D.R.I. 2003) (collecting

13 cases).  Here,  the sufficiency of the purported assignment is in dispute, and its terms

14 properly before the jury.  To the extent Mattel suggests this form raises a legal

15 question that is not for the jury, Mattel has ignored federal and California case law

16 requiring the jury to interpret factual questions implicating a statute's effect.  <u>See</u>

17 <u>Panther Oil & Grease Mfg. Co. v. Segerstrom</u>, 224 F.2d 216, 218 (9th Cir. 1955)

18 ("The question whether the product contained substances mentioned in the statute

19 was largely one of fact; and the testimony pro and con on this point was not without

20 conflict. We think submission to the jury of the matter of the applicability of the

21 statute was not error."); <u>John Norton Farms, Inc. v. Todagco</u>, 124 Cal. App. 3d 149,

22 169-70 (1981) (while ultimate question of liability under statute regarding off-label

23 uses of poison was technically a question of law, all of the findings that would

24 dictate that decision – whether label was accurate and sufficient, whether product

25 was used appropriately, whether misuse was cause of damage – were questions of

26 fact for the jury); <u>see also</u> <u>Planned Parenthood of Columbia/Willamette, Inc. v. Am.</u>

27 <u>Coalition of Life Activists</u>, 290 F.3d 1058, 1068-69 (9th Cir. 2002) (jury to consider

28

1  whether statement was genuine "threat" because issues presenting "widely varying
2  fact patterns [] should be left to the trier of fact").

**<u>Proposed Form of Verdict No. 7 (Declaratory Relief)</u>**

  *On the claim of Mattel against MGA, Isaac Larian, and Carter Bryant respecting Mattel's claim for declaratory relief, we, the jury, find as follows:*

  (a) With respect to whether Mattel has met its burden in proving its declaratory relief claim, we find:

     ☐ yes or

     ☐ no.  (If no, please proceed to Verdict Form No. 8)

  (b) With respect to whether Mattel has met its burden in proving that MGA did not purchase its rights in good faith, we find:

     ☐ yes or

     ☐ no.  (If no, please proceed to Verdict Form No. 8)

  *On the claim of Carter Bryant, MGA, MGA (HK) and Isaac Larian respecting the date when the alleged wrongdoing on the part of Carter Bryant, MGA, MGA (HK), or Larian had taken place, we, the jury, find as follows:*

  (c) With respect to whether MGA, MGA (HK) and/or Isaac Larian have proven that Mattel filed its claims against them more than **three years** after they publicly asserted an ownership over property to which Mattel knew or had reason to suspect it had a copyright interest, we find:

     ☐ yes or

     ☐ no.  (If no, please proceed to Verdict Form No. 8)

  (d) With respect to whether Carter Bryant has proven that Mattel filed its claims more than **three years** after Bryant publicly asserted an ownership over property to which Mattel knew or had reason to suspect it had a copyright interest, we find:

     ☐ yes or

     ☐ no.  (If no, please proceed to Verdict Form No. 8)

1

## <u>MATTEL'S OBJECTIONS:</u>

2
Mattel objects to defendants' proposed verdict form as follows:

3
(a)-(b)          These questions are improper and misleading.  Mattel's claim for

4
declaratory relief is an equitable claim to be determined by the Court, not the jury.

5
Defendants improperly frame the parties' dispute solely in terms of ownership of

6
copyright in Bratz.  However, under the Inventions Agreement, as this Court held in

7
the April 25, 2008 Order, Mattel owns Bratz works created while Bryant was

8
employed by Mattel regardless of their copyright status.  *See* April 25, 2008 Order, at

9
4-5.

10
(c)-(d)          Defendants repeat the same objectionable and erroneous

11
questions regarding the statute of limitations proposed in their Proposed Form of

12
Verdict No. 2(t), and Mattel incorporates its objections to that proposed question by

13
reference.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

70

1

### MGA PARTIES AND BRYANT RESPOND AS STATED BELOW:

2    (a) – (b)    Mattel has not explained why the questions are misleading.   A

3 legal action with a declaratory relief label may still be tried to the jury.   "Unlike

4 other equitable actions, declaratory relief is for some purposes treated as if it were a

5 coercive proceeding, and the courts will not permit it to be used as a device to

6 circumvent the right to a jury trial."   7 B.E. Witkin, Cal. Proc.: Trial § 95, p. 115 (4th

7 ed. 1997).

8    Mattel's objection based upon the Court's April 25, 2008 Order is premature,

9 given Bryant's pending Motion For Reconsideration, which the Court has ordered

10 shall be heard on May 19, 2008.   Moreover, Mattel mischaracterizes the Court's

11 Order: the Court specifically held that issues of timing are unresolved (April 25,

12 2008 Order at 4).   Thus, the jury will still need to be instructed that Mattel must

13 prove that the BRATZ sketches were "conceived or reduced to practice … during

14 [Bryant's] employment by [Mattel]."   Thus, even if the Court's ruling that "Mattel

15 owns Bratz works created by Bryant while he was employed by Mattel" stands, the

16 jury will still need to decide if any such works actually exist – or if all Bratz works

17 were created at other times.

18    (c)-(d) See supra (MGA Parties' and Bryant's Reply to Mattel's Objection to

19 MGA Parties and Bryant's Proposed Verdict Form No. 2 (t)).

20

21

22

23

24

25

26

27

28

Obj. & Responses Re MGA Parties' & Bryant's [Proposed] Spec. Verdict Forms– Case No. CV 04-9049 SGL (RNBx)

**Proposed Form of Verdict No. 8 (Fiduciary Duty)**

*On the claim of Mattel against Carter Bryant for breach of fiduciary duty, we, the jury, find as follows:*

(a)    With respect to whether Mattel has proven that Carter Bryant owed a fiduciary duty to Mattel, we find:

☐ yes or

☐ no.  (If no, please proceed to Verdict Form No. 10)

(b)    With respect to whether Mattel has proven that Carter Bryant deliberately acted against Mattel's interests prior to terminating his employment with Mattel in breach of any fiduciary duty owed, we find:

☐ yes or

☐ no.  ((If no, please proceed to Verdict Form No. 10)

(c)    With respect to whether Mattel has proven Bryant's actions were in direct competition with Mattel and not merely preparations to compete with Mattel, we find:

☐ yes or

☐ no. (If no, please proceed to Verdict Form No. 10)

(d)    With respect to whether Mattel has proven it was harmed during the term of Bryant's employment by Carter Bryant's breach of fiduciary duty, we find:

☐ yes or

☐ no.  (If no, please proceed to Verdict Form No. 10)

(e)    With respect to whether Mattel has proven that the conduct of Bryant was a substantial reason for any harm Mattel incurred during the term of Bryant's employment, we find:

☐ yes or

☐ no.  (If no, please proceed to Verdict Form No. 10)

72

1

2      *If you have found that Carter Bryant is liable for breach of fiduciary duty,*

3  *next consider whether Mattel should be barred from recovery on any of the*

4  *following grounds:*

5

6      *On the claim of Carter Bryant that Mattel is estopped from asserting claims*

7  *arising out of Carter Bryant's actions while employed at Mattel, we, the jury, find as*

8  *follows*:

9      (f)    With respect to whether Mattel made a representation of fact, at any

10             relevant time, by its actions, silence or omission, we find:

11             ☐ yes or

12             ☐ no. (If no, please proceed to 8(j))

13     (g)    With respect to whether Mattel had knowledge that its employees were

14             moonlighting or working on independent artistic projects, we find:

15             ☐ yes or

16             ☐ no. (If no, please proceed to 8(j))

17     (h)    With respect to whether Carter Bryant was ignorant of the fact that

18             Mattel allowed moonlighting or permitting employee's work on

19             independent artistic projects was not intended as a policy, we find:

20             ☐ yes or

21             ☐ no. (If no, please proceed to 8(j))

22     (i)    With respect to whether Carter Bryant reasonably relied on Mattel's

23             silence to his detriment, we find:

24             ☐ yes or

25             ☐ no. (If no, please proceed to 8(j))

26

27     **If you answered YES to 8(f) – 8(i), please proceed to Verdict Form No. 10.**

28

Obj. & Responses Re MGA Parties' & Bryant's [Proposed] Spec. Verdict Forms– Case No. CV 04-9049 SGL (RNBx)

1    *On the claim of Carter Bryant that Mattel has acquiesced, at any relevant time,*

2    *to its employees' moonlighting or independent artistic works, we, the jury, find as*

3    *follows*:

4        (j)    With respect to whether Mattel's acts or words, silence or inaction,

5            would be understood by a reasonable person as intended to indicate that

6            the conduct is allowed, we find:

7            ☐yes or

8            ☐no. (If no, please proceed to 8(l))

9        (k)    With respect to whether Carter Bryant understood Mattel's acts or

10           words, silence or inaction to indicate that it allowed moonlighting or

11           independent artistic work, we find:

12           ☐yes or

13           ☐no. (If no, please proceed to 8(l))

14

15   **If you answered YES to each of 8(j) – 8(k), please proceed to Verdict Form**

16   **No. 10.**

17

18   *On the claim of Carter Bryant that Mattel has consented, at any relevant time,*

19   *to its employees' moonlighting or independent artistic works, we, the jury, find as*

20   *follows*:

21       (l)    With respect to whether Mattel's acts or words, silence or inaction,

22           would be understood by a reasonable person as intended to indicate

23           consent to moonlighting or independent artistic work, we find:

24           ☐yes or

25           ☐no. (If no, please proceed to 8(n))

26       (m)    With respect to whether Carter Bryant understood Mattel's acts or

27           words, silence or inaction to indicate consent to moonlighting or

28           independent artistic works, we find:

1    ☐yes or

2    ☐no. (If no, please proceed to 8(n))

3

4    **If you answered YES to each of 8(l) – 8(m), please proceed to Verdict Form**

5    **No. 10.**

6

7    *On the claim of Carter Bryant that Mattel has waived any right to seek*

8    *damages on its breach of fiduciary duty claims, we, the jury, find as follows*:

9    (n)    With respect to whether Mattel was aware of conduct it now alleges is a

10           breach of fiduciary duty, we find:

11           ☐yes or

12           ☐no. (If no, please proceed to 8(p))

13    (o)    With respect to whether Mattel indicated, by its words, actions or

14           silence that it did not intend to enforce what it now claims are fiduciary

15           obligations, we find:

16           ☐yes or

17           ☐no. (If no, please proceed to 8(p))

18

19    **If you answered YES to each of 8(n) – 8(o), please proceed to Verdict Form**

20    **No. 10.**

21

22    *On the claim of Carter Bryant respecting the date when Mattel suspected or*

23    *had reason to suspect that wrongdoing on the part of Carter Bryant had taken place,*

24    *we, the jury, find as follows*:

25    (p)    With respect to whether Carter Bryant has proven that Mattel filed its

26           claims against him more than **three years** after Mattel suspected or had

27           reason to suspect the occurrence of the acts that Mattel contends were

28           wrongful, we find:

75

Obj. & Responses Re MGA Parties' & Bryant's [Proposed] Spec. Verdict Forms– Case No. CV 04-9049 SGL (RNBx)

☐ yes or

☐ no.  (If yes, please proceed to Verdict Form No. 10)

*On the affirmative defense of laches, we, the jury, find as follows:*

(q)    With respect to whether Carter Bryant has established that Mattel delayed unreasonably in asserting its claim that Carter Bryant breached his fiduciary duty, we find:

☐ yes or

☐ no.

(r)    With respect to whether Carter Bryant has established that he was prejudiced by Mattel's delay because evidence has been lost or witnesses memories have faded, we find:

☐ yes or

☐ no.

(s)    With respect to whether Carter Bryant has established that he was prejudiced by Mattel's delay because Carter Bryant has expended time, resources, or money in reliance on Mattel's failure to file suit, we find:

☐ yes or

☐ no.

**If you answered YES to 8(p) OR 8(q) and either 8(r) or 8(s), please proceed to Verdict Form No. 10**

1

## MATTEL'S OBJECTIONS:

2      Mattel objects to defendants' proposed verdict form as follows:

3      (a)-(e)      These questions are contrary to the Court's April 25, 2008 Order.

4  The Court has already found as a matter of law that Bryant owed a fiduciary duty to

5  Mattel, and that Bryant breached that duty when he "secretly entered into a contract

6  with Mattel's competitor, while still employed by Mattel, to produce a line of fashion

7  dolls to be marketed in direct competition with Mattel's products."  April 25, 2008

8  Order, at 5-6.  None of defendants' proposed questions properly reflect these

9  findings.  In any event, the proposed questions are misleading and erroneous.  The

10  intent requirement for breach of fiduciary duty is that a defendant acted "knowingly,"

11  not "deliberately."  *See* CACI 4102.  And it is not necessary that the jury find that

12  Bryant's actions "were in direct competition" with Mattel, but only that he "acted

13  against Mattel's interest" or "acted on behalf of a party whose interests were adverse

14  to Mattel."  *See* CACI 4102.  Even if that were the standard, the Court already ruled

15  that Bryant "directly compete[d]" with Bryant.  *See* April 25, 2008 Order, at 6.

16  Finally, the proposed questions improperly limit Mattel's claims to acts taken or

17  harm incurred by Mattel while Bryant was employed by Mattel.  That purported

18  limitation is not supported by law.  *See* CACI 4102.

19      (f)-(i)      Defendants repeat the same objectionable and erroneous

20  questions regarding estoppel proposed in their Proposed Form of Verdict Form

21  No. 2(j)-(m), and Mattel incorporates its objections to those questions by reference.

22      (j)-(k)      Defendants repeat the same objectionable and erroneous

23  questions regarding acquiescence proposed in their Proposed Form of Verdict Form

24  No. 2(n)-(o), and Mattel incorporates its objections to those questions by reference.

25      (l)-(m)      Defendants repeat the same objectionable and erroneous

26  questions regarding consent proposed in their Proposed Form of Verdict Form

27  No. 2(p)-(q), and Mattel incorporates its objections to those questions by reference.

28

77

Obj. & Responses Re MGA Parties' & Bryant's [Proposed] Spec. Verdict Forms– Case No. CV 04-9049 SGL (RNBx)

1       (n)-(o)        Defendants repeat the same objectionable and erroneous

2 questions regarding waiver proposed in their Proposed Form of Verdict Form

3 No. 2(r)-(s), and Mattel incorporates its objections to those questions by reference.

4       (p)     This question is erroneous as a matter of law because the statute of

5 limitations for Mattel's claim for breach of fiduciary duty is four years, not three

6 years as defendants wrongly state.  *See Cal. Civ. Proc. Code* § 343.  Defendants

7 repeat the same objectionable and erroneous question regarding the statute of

8 limitations proposed in their Proposed Form of Verdict No. 2(t), and Mattel

9 incorporates its objections to that proposed question by reference.

10      (q)-(s)        Defendants repeat the same objectionable and erroneous

11 questions regarding laches proposed in their Proposed Form of Verdict Form

12 No. 2(u)-(w), and Mattel incorporates its objections to those questions by reference.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Obj. & Responses Re MGA Parties' & Bryant's [Proposed] Spec. Verdict Forms– Case No. CV 04-9049 SGL (RNBx)

**<u>MGA PARTIES AND BRYANT RESPOND AS STATED BELOW:</u>**

(a) – (e)     Mattel's objection based on the Court's April 25, 2008 Order is premature given that Bryant's Motion for Reconsideration is pending and the Court has ordered it shall be heard on May 19, 2008.  Indeed, in light of the California Supreme Court's recent decision <u>City of Hope Nat'l Med. Ctr. v. Genentech, Inc.,</u> ___ Cal. 4th ___, 2008 WL 1820916, at **6-11 (Apr. 24, 2008), it appears that Mattel seeks to invite reversible error in relying on this portion of the Court's order. (Bryant's pending Motion for Reconsideration explains the impact of <u>City of Hope</u> in more detail, which Bryant will not repeat here.)

MGA Parties' and Bryant's Proposed Verdict Form is entirely proper and suitable for use by the jury.  "Deliberately" has the same meaning as "knowingly" but the MGA Parties and Bryant submit that it is an easier term for the jury to understand. MGA Parties' and Bryant's Proposed Verdict Form is an accurate summation of the existing law.  Mattel is required to prove that Bryant's actions were not mere preparation to compete but rather that they were in direct competition with Mattel.  <u>See</u> <u>Bancroft-Whitney Co. v. Glen</u>, 64 Cal. 327, 346 (1966), and cases cited <u>supra</u> (MGA Parties and Bryant's Reply to Mattel's Objection to MGA Parties and Bryant's Proposed Verdict Form 4(e)).  Any lower standard would have the effect of chilling the free movement of employees.

Mattel must be harmed by the breach during the term of Bryant's employment and not by Bryant's conduct after he left employment.  <u>Bancroft-Whitney Co. v. Glen</u>, 64 Cal. 2d 327, 356-57 (1966) (remanding to assess damage to plaintiff book publisher for the costs incurred to replace personnel recruited by president and competitor using confidential information in breach of president's fiduciary duty); <u>GAB Business Services, Inc. v. Lindsey & Newsom Claim Servs., Inc.</u>, 83 Cal. App. 4th 409, 426 (2000) (damages for breach of fiduciary duty were expenses incurred to recruit new employees); <u>Charles T. Powner, Inc. v. Smith</u>, 91 Cal. App. 101 (1928) (damages were profits on directly competitive sales resulting from use of employer's

79

time and facilities); <u>Sumner v. Nevin</u>, 4 Cal. App. 347, 350 (1906) (damages were commissions received while still employed); <u>see also</u> <u>Design Strategies v. Davis</u>, 384 F. Supp. 649 (S.D.N.Y. 2005) (damages were amount of salary earned during time employee was disloyal, and not the profits from a contract that evidence showed employer would not have been awarded); <u>Frye-Tech, Inc. v. Harris</u>, 46 F. Supp. 2d 1144 (D. Kan. 1999) (awarding damages for value of resources including employee time used to develop competing products).  Courts consistently distinguish between harm incurred while employee still employed and harm from later competition.  <u>See e.g.</u>, <u>GAB Business Services, Inc. v. Lindsey & Newsom Claim Servs., Inc.</u>, 83 Cal. App. 4th 409, 426 (2000) (damages for breach of fiduciary duty were expenses incurred to recruit new employees).

(f) – (i)     See <u>supra</u> (MGA Parties' and Bryant's Reply to Mattel's Objection to MGA Parties and Bryant's Proposed Verdict Form No. 2 (j)-(m)).

(j) – (k)     See <u>supra</u> (MGA Parties' and Bryant's Reply to Mattel's Objection to MGA Parties and Bryant's Proposed Verdict Form No. 2 (n)-(o)).

(l) – (m)     <u>See</u> <u>supra</u> (MGA Parties' and Bryant's Reply to Mattel's Objection to MGA Parties and Bryant's Proposed Verdict Form No. 2 (p)-(q)).

(n) – (o)     <u>See</u> <u>supra</u> (MGA Parties' and Bryant's Reply to Mattel's Objection to MGA Parties and Bryant's Proposed Verdict Form No. 2 (r)-(s)).

(p)     <u>See</u> <u>supra</u> (MGA Parties' and Bryant's Reply to Mattel's Objection to MGA Parties and Bryant's Proposed Verdict Form No. 2 (t)).

(q)     <u>See</u> <u>supra</u> (MGA Parties' and Bryant's Reply to Mattel's Objection to MGA Parties and Bryant's Proposed Verdict Form No. 2 (u)-(w)).

**Proposed Form of Verdict No. 9 (Liability for Aiding and Abetting Breach of Fiduciary Duty)**

*On the claim of Mattel against MGA and Isaac Larian for aiding and abetting breach of fiduciary duty, we, the jury, find as follows:*

(a)   With respect to whether Mattel has proven that the actions Carter Bryant took on BRATZ  before his departure from Mattel were preparations to compete with Mattel, we find:

☐ yes or

☐ no. (If yes, please proceed to Verdict Form No. 10)

(b)   With respect to whether Mattel has proven that MGA and/or Isaac Larian knew that Carter Bryant owed a fiduciary duty to Mattel, we find:

☐ yes or

☐ no. (If no, please proceed to Verdict Form No. 10)

(c)   With respect to whether Mattel has proven that MGA and/or Isaac Larian knew, when they contracted with Bryant for the rights to BRATZ, that Bryant was breaching a fiduciary duty to Mattel, we find.

☐ yes or

☐ no. (If no, please proceed to Verdict Form No. 10)

(d)   With respect to whether Mattel has proven that MGA and/or Isaac Larian made a conscious decision to participate in wrongful activity designed to substantially assist Bryant in a breach of fiduciary duty while he was employed at Mattel, we find:

☐ yes or

☐ no.  (If no, please proceed to Verdict Form No. 10)

(e)   With respect to whether Mattel has proven that MGA and/or Isaac Larian knew that Bryant did not immediately leave Mattel on signing the contract with MGA, as instructed by MGA and Isaac Larian, we find.

81

1    ☐yes or

2    ☐no. (If no, please proceed to Verdict Form No. 10)

3    (f)    With respect to whether Mattel has proven that MGA and/or Isaac

4           Larian knowingly provided substantial assistance or encouragement to

5           Bryant while Bryant was employed at Mattel, we find:

6           ☐yes or

7           ☐no.  (If no, please proceed to Verdict Form No. 10)

8    (g)    With respect to whether Mattel has shown the extent to which MGA

9           and/or Isaac Larian knew of and intended to assist in Bryant's breach of

10          fiduciary duty to Mattel, Mattel has shown that MGA and Isaac Larian

11          rendered a sufficiently high degree of substantial assistance in Bryant's

12          breach, we find:

13          ☐yes or

14          ☐no. (If no, please proceed to Verdict Form No. 10)

15   (h)    With respect to whether Mattel has proven that the conduct of MGA

16          and/or Isaac Larian in meeting with, negotiating and signing a contract

17          with Bryant was a substantial reason for any harm Mattel incurred while

18          Bryant was employed by Mattel due to Bryant's breach of his fiduciary

19          duty with Mattel, we find:

20          ☐yes or

21          ☐no. (If no, please proceed to Verdict Form No. 10)

22

23   *If you have found that MGA or Isaac Larian are liable for aiding and*

24   *abetting Carter Bryant's breach of fiduciary duty, next consider whether Mattel*

25   *should be barred from recovery on any of the following grounds:*

26

27

28

82

1       *On the claim of MGA and Larian that Mattel is estopped from asserting*

2  *claims arising out of Carter Bryant's employment agreement, we, the jury, find as*

3  *follows*:

4         (i)    With respect to whether Mattel made a representation of fact, at any

5                 relevant time, by its actions, silence or omission, we find:

6                 ☐ yes or

7                 ☐ no. (If no, please proceed to 9(m))

8         (j)    With respect to whether Mattel had knowledge that its employees were

9                 moonlighting or working on independent artistic projects, we find:

10                 ☐ yes or

11                 ☐ no. (If no, please proceed to 9(m))

12         (k)   With respect to whether Carter Bryant was ignorant of the fact that

13                 Mattel's failure to prevent moonlighting or independent artistic work

14                 was not intended as a policy, we find:

15                 ☐ yes or

16                 ☐ no. (If no, please proceed to 9(m))

17         (l)    With respect to whether MGA and/or Isaac Larian reasonably relied on

18                 Mattel's silence to their detriment, we find:

19                 ☐ yes or

20                 ☐ no. (If no, please proceed to 9(m))

21

22       **If you answered YES to each of 9(i) – 9(l), please proceed to Verdict Form**

23                               **No. 10.**

24

25       *On the claim of MGA and Isaac Larian that Mattel has acquiesced, at any*

26  *relevant time, to its employees' moonlighting or independent artistic work, we, the*

27  *jury, find as follows*:

28

1     (m)    With respect to whether Mattel's acts or words, silence or inaction,

2              would be understood by a reasonable person as intended to indicate that

3              the conduct is allowed, we find:

4              ☐ yes or

5              ☐ no. (If no, please proceed to 9(o))

6     (n)    With respect to whether Carter Bryant understood Mattel's acts or

7              words, silence or inaction to indicate that it allowed moonlighting or

8              independent artistic work, we find:

9              ☐ yes or

10             ☐ no. (If no, please proceed to 9(o))

11

12   **If you answered YES to each of 9(m) – 9(n), please proceed to Verdict Form**

13                           **No. 10.**

14

15      *On the claim of MGA and Isaac Larian that Mattel has consented, at any*

16 *relevant time, to its employees moonlighting or independent artistic work, we, the*

17 *jury, find as follows*:

18     (o)    With respect to whether Mattel's acts or words, silence or inaction,

19              would be understood by a reasonable person as intended to indicate

20              consent to moonlighting or independent artistic work, we find:

21              ☐ yes or

22             ☐ no. (If no, please proceed to 9(q))

23     (p)    With respect to whether Carter Bryant understood Mattel's acts or

24              words, silence or inaction to indicate consent to moonlighting or

25              independent artistic work, we find:

26              ☐ yes or

27              ☐ no. (If no, please proceed to 9(q))

28

Obj. & Responses Re MGA Parties' & Bryant's [Proposed] Spec. Verdict Forms– Case No. CV 04-9049 SGL (RNBx)

**If you answered YES to each of 9(o) – 9(p), then please proceed to Verdict Form No. 10.**

*On the claim of MGA and Isaac Larian that Mattel has waived any right to seek damages on its breach of employment agreement claims, we, the jury, find as follows*:

(q)   With respect to whether Mattel was aware of its violations of its employment agreements, we find:

☐ yes or

☐ no. (If no, please proceed to 9(s))

(r)   With respect to whether Mattel indicated, by its words, actions or silence that it did not intend to enforce its employment agreements, we find:

☐ yes or

☐ no. (If no, please proceed to 9(s))

**If you answered YES to each of 9(q) – 9(r), please proceed to Verdict Form No. 10.**

*On the claim of MGA and Larian respecting the date when Mattel suspected or had reason to suspect that wrongdoing on the part of MGA and Larian had taken place, we, the jury, find as follows:*

(s)   With respect to whether MGA and/or Isaac Larian have proven that Mattel filed its claims against them more than **two years** after Mattel suspected or had reason to suspect that wrongdoing had taken place, we find:

☐ yes or

☐ no.  (If yes, please proceed to Verdict Form No. 10)

85

1

2          *On the affirmative defense of laches, we, the jury, find as follows:*

3          (t)     With respect to whether MGA and/or Isaac Larian have established that

4                   Mattel delayed unreasonably in asserting its claim that MGA and/or

5                   Isaac Larian aided and abetted Carter Bryant's breach of his fiduciary

6                   duty, we find:

7                   ☐yes or

8                   ☐no.  (If no, please proceed to Verdict Form No. 10)

9          (u)     With respect to whether the MGA and/or Isaac Larian have established

10                  that they were prejudiced by Mattel's delay because evidence has been

11                  lost or witnesses memories have faded, we find:

12                  ☐yes or

13                  ☐no.

14         (v)     With respect to whether MGA and/or Isaac Larian have established that

15                  they were prejudiced by Mattel's delay because MGA and/or Isaac

16                  Larian have expended time, resources, or money in reliance on Mattel's

17                  failure to file suit, we find:

18                  ☐yes or

19                  ☐no.

20

21

22

23

24

25

26

27

28

**MATTEL'S OBJECTIONS:**

Mattel objects to defendants' proposed verdict form as follows:

(a)     This proposed question is contrary to the Court's April 25, 2008 Order and therefore moot.  The Court ruled that Bryant cannot defend his actions as "lawful preparations to compete" because he "directly competed with Mattel by entering into a contract with its competitor to produce a competing product while still employed by Mattel."  April 25, 2008 Order, at 5.  Moreover, it is misleading and confusing to ask the jury to make findings as to a purported defense based on "lawful preparations to compete" before the jury makes findings on the elements of the claim itself.  In any event, the issue is moot because the Court held that Bryant cannot make such a claim here.  The question is also misleading because Mattel's claim for breach of fiduciary duty is not limited to "the actions [Bryant] took on Bratz."

(a)     This proposed question is contrary to the Court's April 25, 2008 Order and therefore moot.  The Court ruled that Bryant cannot defend his actions as "lawful preparations to compete" because he "directly competed with Mattel by entering into a contract with its competitor to produce a competing product while still employed by Mattel."  April 25, 2008 Order, at 5.  Moreover, the proposed question is contrary to the Court's ruling that Bryant breached his fiduciary duty to Mattel.  The proposed question is also erroneous as a matter of law because it suggests that Mattel is required to prove that none of the actions Bryant took were permissible preparations to compete with Mattel.  The burden of proof would be on the party claiming lawful preparations to compete, but the issue is moot because the Court has held that Bryant cannot make such a claim here.  Moreover, it is misleading and confusing to ask the jury to make findings as to a purported defense based on "lawful preparations to compete" before the jury makes findings on the elements of the claim itself.  The question is also misleading because Mattel's claim for breach of fiduciary duty is not limited to "the actions [Bryant] took on Bratz."

1    (c)    This proposed question erroneously suggests that Bryant's breach of
2  duty is limited to his contracting with MGA for the rights to Bratz.  Moreover, the
3  relevant time frame with respect to MGA and/or Larian's knowledge is not limited to
4  "when they contracted with Bryant for the rights to BRATZ."

5    (d)    This proposed question is erroneous as a matter of law.  Mattel is not
6  required to prove that MGA and/or Larian "made a conscious decision to participate
7  in wrongful activity designed to substantially assist Bryant in a breach of fiduciary
8  duty."  *See Berg & Berg Enter. LLC v. Sherwood Partners, Inc.*, 131 Cal. App.
9  4th 802, 823 n. 10 (2005) (finding aiding and abetting does not require that a
10 defendant agree to join the wrongful conduct).  As set forth in Mattel's proposed jury
11 instructions, MGA and/or Larian are liable for aiding and abetting Bryant's breaches
12 of duty if they knowingly provided him substantial assistance in so acting.  Indeed,
13 even ordinary business transactions can constitute substantial assistance.  *Casey v.*
14 *U.S. Bank Nat'l Ass'n*, 127 Cal. App. 4th 1138, 1145 (2005) (finding that ordinary
15 business transactions by a bank were sufficient to constitute substantial assistance).

16   (e)    This proposed instruction is misleading and improper in light of the
17 Court's April 25, 2008 Order and therefore moot.  The Court found that Bryant
18 breached his fiduciary duty to Mattel when "he secretly entered into a contract with
19 Mattel's competitor, while still employed by Mattel, to produce a line of fashion
20 dolls to be marketed in direct competition with Mattel's products."  April 25, 2008
21 Order, at 6.  Accordingly, it is irrelevant whether or not MGA or Larian told Bryant
22 to immediately leave Mattel after entering into that contract—at that point, the
23 breach had already occurred, and Mattel claims that defendants aided and abetted
24 that breach.  This proposed question also improperly assumes facts in dispute in this
25 case (i.e., that Bryant was "instructed by MGA and/or Isaac Larian" to "immediately
26 leave Mattel on signing the contract with MGA.").  Finally, this proposed question
27 erroneously suggests that Mattel is required to prove that defendants knew that
28 Bryant did not immediately leave Mattel upon signing the contract with MGA in

88

1   order to prove its claims for aiding and abetting breach of fiduciary duty.  That is not

2   the law.

3      (f)   The defendants' insertion of the word "knowingly" is unnecessary and

4   prejudicial in light of the fact that previous proposed questions ask the jury to make

5   findings regarding the defendants' knowledge.  *See e.g.* Defendants' Proposed

6   Verdict Form No. 11(d), (e).

7      (g)   This proposed question is erroneous as a matter of law.  Mattel is not

8   required to prove that defendants both "knew of and intended to assist in Bryant's

9   breach of duty of loyalty."  As set forth in Mattel's proposed jury instructions, the

10  required elements are knowledge and substantial assistance.  Defendants also

11  overstate the substantial assistance element as requiring "a sufficiently high degree

12  of substantial assistance," which is not the law.  *See Neilson v. Union Bank of Calif.*,

13  290 F. Supp. 2d 1101, 1119 (C.D. Cal. 2003).  This proposed question is also

14  confusing and unintelligible to the extent it asks the jury to respond yes or not as to

15  "whether Mattel has shown the extent to which MGA and/or Isaac Larian knew of

16  and intended to assist in Bryant's breach of fiduciary duty to Mattel."

17     (h)   Defendants' proposed question improperly limits defendants' wrongful

18  conduct to "meeting with, negotiating and signing a contract" with Bryant, ignoring

19  additional acts that could constitute aiding and abetting such as making payments to

20  Carter Bryant or assisting his efforts to conceal his actions from Mattel.  The

21  proposed question also improperly limits the compensable harm to Mattel to harm

22  "incurred while Bryant was employed by Mattel."  Mattel is entitled to recover all

23  damages caused by defendants' wrongful conduct.  *See* CACI No. 3901.

24     (i)-(l)   Defendants repeat the same objectionable and erroneous

25  questions regarding estoppel proposed in their Proposed Form of Verdict Form

26  No. 2(j)-(m), and Mattel incorporates its objections to those questions by reference.

27

28

1    (m)-(n)       Defendants repeat the same objectionable and erroneous
2  questions regarding acquiescence proposed in their Proposed Form of Verdict Form
3  No. 2(n)-(o), and Mattel incorporates its objections to those questions by reference.

4    (o)-(p)       Defendants repeat the same objectionable and erroneous
5  questions regarding consent proposed in their Proposed Form of Verdict Form
6  No. 2(p)-(q), and Mattel incorporates its objections to those questions by reference.

7    (q)-(r)       Defendants repeat the same objectionable and erroneous
8  questions regarding waiver proposed in their Proposed Form of Verdict Form
9  No. 2(r)-(s), and Mattel incorporates its objections to those questions by reference.

10    (s)    Defendants repeat the same objectionable and erroneous question
11  regarding the statute of limitations proposed in their Proposed Form of Verdict No.
12  2(t), and Mattel incorporates its objections to that proposed question by reference.

13    (t)-(v)       Defendants repeat the same objectionable and erroneous
14  questions regarding laches proposed in their Proposed Form of Verdict Form
15  No. 2(u)-(w), and Mattel incorporates its objections to those questions by reference.

16

17

18

19

20

21

22

23

24

25

26

27

28

90

1   **MGA PARTIES AND BRYANT RESPOND AS STATED BELOW:**

2        (a)    As discussed above, Mattel cannot bring a claim for breach of fiduciary

3   duty unless it can prove that Bryant's actions went beyond mere preparations to

4   compete.    To prove aiding and abetting a breach of a duty, Mattel must first

5   establish an underlying duty and breach of duty by Bryant.  Richard B. LeVine, Inc.

6   v. Higashi, 131 Cal. App. 4th 566, 574 (2005).   Bryant's pending Motion for

7   Reconsideration, in which MGA joins, demonstrates that he did not owe or breach

8   any such duties.  But assuming a duty existed, Mattel must prove the MGA Parties'

9   (1) "substantial assistance or encouragement in accomplishing the breach", and (2)

10  "actual knowledge" of the specific wrong they substantially assisted.   MJT Sec.,

11  LLC v. Toronto-Dominion Bank, 2007 WL 1725421, at **7-8  (N.D. Cal. June 14,

12  2007).

13       (a)    Mattel's objection based upon the Court's April 25, 2008 Order is

14  premature, given Bryant's pending Motion For Reconsideration, which the Court has

15  ordered shall be heard on May 19, 2008.  In addition, Mattel incorrectly asserts that

16  it is defendant's burden to show his conduct was nothing more than lawful

17  preparations to compete.  To the contrary, as set forth in Bancroft-Whitney Co. v.

18  Glen, 64 Cal. 2d 327 (1966), and the preparation to compete cases cited in support of

19  MGA Parties and Bryant's instructions on that issue, it is Mattel's burden to show

20  that Bryant's conduct was in breach of his contractual or other duties.  In other words,

21  Mattel must show that Bryant engaged in conduct that went beyond the conduct

22  courts have established is lawful (i.e., preparations to compete), and thus engaged in

23  direct competition with Mattel.

24       (c)    See supra (MGA Parties' and Bryant's Reply to Mattel's Objection to

25  MGA Parties and Bryant's Proposed Verdict Form No. 8 (a) – (e)).

26       (d)    Mattel's objection is directly contrary to prevailing law.  Assuming a

27  duty existed, Mattel must prove the MGA Parties' (1) "substantial assistance or

28  encouragement in accomplishing the breach", and (2) "actual knowledge" of the

91

1   specific wrong they substantially assisted.  <u>MJT Sec., LLC v. Toronto-Dominion</u>
2   <u>Bank</u>, 2007 WL 1725421, at **7-8  (N.D. Cal. June 14, 2007).  The suggestion that
3   any action, absent some wrong amounts to aiding and abetting would have the effect
4   of making any company that hired a new employee strictly liable for the employee's
5   breach of fiduciary duty.  Mattel's objection glosses over the intent element by
6   seeking to distinguish its aiding and abetting claim from one for conspiracy, but its
7   own case, <u>Berg & Berg Enters., LLC v. Sherwood Partners, Inc.</u>, notes that while
8   "aiding and abetting may not require a defendant to agree to join the wrongful
9   conduct, <u>it necessarily requires a defendant to reach a conscious decision to</u>
10  <u>participate in tortious activity for the purpose of assisting another in performing a</u>
11  <u>wrongful act</u>."  131 Cal. App. 4th 802, 823 n.10 (2005) (emphasis added).

12      (e)    Mattel's objection based on the Court's April 25, 2008 Order is
13  premature given that Bryant's Motion for Reconsideration is pending and the Court
14  has ordered it shall be heard on May 19, 2008.  Indeed, in light of the California
15  Supreme Court's recent decision <u>City of Hope Nat'l Med. Ctr. v. Genentech, Inc.</u>,
16  ___ Cal. 4th ___, 2008 WL 1820916, at **6-11 (Apr. 24, 2008), it appears that
17  Mattel seeks to invite reversible error in relying on this portion of the Court's order.
18  (Bryant's pending Motion for Reconsideration explains the impact of City of Hope
19  in more detail, which Bryant will not repeat here.)

20      Moreover, as discussed above, to prove a claim for aiding and abetting breach
21  of fiduciary duty, Mattel must prove the MGA Parties' (1) "substantial assistance or
22  encouragement in accomplishing the breach", <u>and</u> (2) "actual knowledge" of the
23  specific wrong they substantially assisted.  <u>MJT Sec., LLC v. Toronto-Dominion</u>
24  <u>Bank</u>, 2007 WL 1725421, at **7-8  (N.D. Cal. June 14, 2007).  If MGA Parties did
25  not know that Bryant did not immediately leave, then they did not have "actual
26  knowledge" of the specific wrong and cannot be held liable.

27      (f)    The use of "knowingly" is proper.  Mattel must prove the MGA Parties'
28  (1) "substantial assistance or encouragement in accomplishing the breach", <u>and</u> (2)

1   "actual knowledge" of the specific wrong they substantially assisted.  MJT Sec.,

2   LLC v. Toronto-Dominion Bank, 2007 WL 1725421, at **7-8  (N.D. Cal. June 14,

3   2007); see also Neilson v. Union Bank of Cal., N.A., 290 F. Supp. 2d 1101, 1118-20

4   (C.D. Cal. 2003).

5         (g)    Mattel must prove the MGA Parties' (1) "substantial assistance or

6   encouragement in accomplishing the breach", and (2) "actual knowledge" of the

7   specific wrong they substantially assisted.  MJT Sec., LLC v. Toronto-Dominion

8   Bank, 2007 WL 1725421, at **7-8  (N.D. Cal. June 14, 2007).  The language "in

9   accomplishing the breach" makes it clear that mere substantial assistance is not

10  adequate to establish a claim for aiding and abetting the breach of fiduciary duty.

11  The question properly asks whether Mattel has demonstrated the extent to which

12  defendants had knowledge and assisted.

13        (h)    Mattel must be harmed by the breach during the term of Bryant's

14  employment and not by Bryant's conduct after he left employment.  Bancroft-

15  Whitney Co. v. Glen, 64 Cal. 2d 327, 356-57 (1966) (remanding to assess damage to

16  plaintiff book publisher for the costs incurred to replace personnel recruited by

17  president and competitor using confidential information in breach of president's

18  fiduciary duty); GAB Business Services, Inc. v. Lindsey & Newsom Claim Servs.,

19  Inc., 83 Cal. App. 4th 409, 426 (2000) (damages for breach of fiduciary duty were

20  expenses incurred to recruit new employees); Charles T. Powner, Inc. v. Smith, 91

21  Cal. App. 101 (1928) (damages were profits on directly competitive sales resulting

22  from use of employer's time and facilities); Sumner v. Nevin, 4 Cal. App. 347, 350

23  (1906) (damages were commissions received while still employed); see also Design

24  Strategies v. Davis, 384 F. Supp. 649 (S.D.N.Y. 2005) (damages were amount of

25  salary earned during time employee was disloyal, and not the profits from a contract

26  that evidence showed employer would not have been awarded); Frye-Tech, Inc. v.

27  Harris, 46 F. Supp. 2d 1144 (D. Kan. 1999) (awarding damages for value of

28  resources including employee time used to develop competing products).  Courts

93

Obj. & Responses Re MGA Parties' & Bryant's [Proposed] Spec. Verdict Forms– Case No. CV 04-9049 SGL (RNBx)

1  consistently distinguish between harm incurred while employee still employed and
2  harm from later competition.  See e.g., GAB Business Services, Inc. v. Lindsey &
3  Newsom Claim Servs., Inc., 83 Cal. App. 4th 409, 426 (2000) (damages for breach
4  of fiduciary duty were expenses incurred to recruit new employees).

5  (i) – (l)   See supra (MGA Parties' and Bryant's Reply to Mattel's
6  Objection to MGA Parties and Bryant's Proposed Verdict Form No. 2 (j)-(m)).

7  (m) – (n)   See supra (MGA Parties' and Bryant's Reply to Mattel's
8  Objection to MGA Parties and Bryant's Proposed Verdict Form No. 2 (n)-(o)).

9  (o) – (p)   See supra (MGA Parties' and Bryant's Reply to Mattel's
10  Objection to MGA Parties and Bryant's Proposed Verdict Form No. 2 (p)-(q)).

11  (q) – (r)   See supra (MGA Parties' and Bryant's Reply to Mattel's
12  Objection to MGA Parties and Bryant's Proposed Verdict Form No. 2 (r)-(s)).

13  (s)   See supra (MGA Parties' and Bryant's Reply to Mattel's Objection to
14  MGA Parties and Bryant's Proposed Verdict Form No. 2 (t)).

15  (t)-(v)   See supra (MGA Parties' and Bryant's Reply to Mattel's
16  Objection to MGA Parties and Bryant's Proposed Verdict Form No. 2 (u)-(w)).

17
18
19
20
21
22
23
24
25
26
27
28

**Proposed Form of Verdict No. 10 (Duty of Loyalty)**

*On the claim of Mattel against Carter Bryant for breach of duty of loyalty, we, the jury, find as follows:*

    (a)    With respect to whether Mattel has proven that Carter Bryant owed a duty of loyalty to Mattel, we find:

☐ yes or

☐ no.  (If no, please proceed to Verdict Form No. 12)

    (b)    With respect to whether Mattel has proven Carter Bryant deliberately acted against Mattel's interests in connection with the BRATZ idea and sketches prior to terminating his employment with Mattel, we find:

☐ yes or

☐ no. (If no, please proceed to Verdict Form No. 12)

    (c)    With respect to whether Mattel has proven Bryant's actions were in direct competition with Mattel and not merely preparations to compete with Mattel, we find:

☐ yes or

☐ no. (If no, please proceed to Verdict Form No. 12)

    (d)    With respect to whether Mattel has proven that it did not give informed consent to Bryant's conduct or otherwise ratify Bryant's conduct, we find:

☐ yes or

☐ no. (If no, please proceed to Verdict Form No. 12)

    (e)    With respect to whether Mattel has proven it was harmed during the term of Bryant's employment by Carter Bryant's breach of duty of loyalty, we find:

☐ yes or

☐ no. (If no, please proceed to Verdict Form No. 12)

95

(f)     With respect to whether Mattel has proven that the conduct of Bryant was a substantial reason for any harm Mattel incurred during the term of Bryant's employment, we find:

☐ yes or

☐ no. (If no, please proceed to Verdict Form No. 12)

*If you have found that Carter Bryant is liable for his breach of the duty of loyalty, next consider whether Mattel should be barred from recovery on any of the following grounds:*

*On the claim of Bryant respecting the date when Mattel suspected or had reason to suspect that wrongdoing on the part of Bryant had taken place, we, the jury, find as follows:*

(g)     With respect to whether Bryant has proven that Mattel filed its claims against him more than two years after Mattel suspected or had reason to suspect that wrongdoing had taken place, we find:

☐ yes or

☐ no.  (If yes, please proceed to Verdict Form No. 11)

*On the claim of Carter Bryant that Mattel is estopped from asserting claims arising out of Carter Bryant's employment agreement, we, the jury, find as follows*:

(h)     With respect to whether Mattel made a representation of fact, at any relevant time, by its actions, silence or omission, we find:

☐ yes or

☐ no. (If no, please proceed to 10(l))

(i)     With respect to whether Mattel had knowledge that its employees were moonlighting or of working on independent artistic projects, we find:

☐ yes or

96

1      □no. (If no, please proceed to 10(l))

2      (j)      With respect to whether Carter Bryant was ignorant of the fact that

3              Mattel's failure to prevent moonlighting or independent artistic work

4              was not intended as a policy, we find:

5              □yes or

6              □no. (If no, please proceed to 10(l))

7      (k)      With respect to whether Carter Bryant reasonably relied on Mattel's

8              silence to their detriment, we find:

9              □yes or

10             □no. (If no, please proceed to 10(l))

11

12     **If you answered YES to each of 10(h) – 10(k), please proceed to Verdict Form**

13     **No. 12.**

14

15     *On the claim of Carter Bryant that Mattel has acquiesced, at any relevant time,*

16     *to its employees' moonlighting or independent artistic work, we, the jury, find as*

17     *follows*:

18     (l)      With respect to whether Mattel's acts or words, silence or inaction,

19             would be understood by a reasonable person as intended to indicate that

20             the conduct is allowed, we find:

21             □yes or

22             □no. (If no, please proceed to 10(n))

23     (m)      With respect to whether Carter Bryant understood Mattel's acts or

24             words, silence or inaction to indicate that it allowed moonlighting or

25             independent artistic work, we find:

26             □yes or

27             □no. (If no, please proceed to 10(n))

28

**If you answered YES to each of 10(l) – 10(m), please proceed to Verdict Form No. 12.**

*On the claim of Carter Bryant that Mattel has consented, at any relevant time, to its employees moonlighting or independent artistic work, we, the jury, find as follows*:

    (n)    With respect to whether Mattel's acts or words, silence or inaction, would be understood by a reasonable person as intended to indicate consent to moonlighting or independent artistic work, we find:

        ☐ yes or

        ☐ no. (If no, please proceed to 10(p))

    (o)    With respect to whether Carter Bryant understood Mattel's acts or words, silence or inaction to indicate consent to moonlighting or independent artistic work, we find:

        ☐ yes or

        ☐ no. (If no, please proceed to 10(p))

**If you answered YES to each of 10(n) – 10(o), please proceed to Verdict Form No. 12.**

*On the claim of Carter Bryant that Mattel has waived any right to seek damages on its breach of duty of loyalty claim, we, the jury, find as follows*:

    (p)    With respect to whether Mattel was aware of employee conduct such as the conduct it now claims was a breach of the duty of loyalty, we find:

        ☐ yes or

        ☐ no. (If no, please proceed to 10(r))

98

(q)     With respect to whether Mattel indicated, by its words, actions or silence that it did not intend to claim such conduct was a breach of any duty, we find:

☐ yes or

☐ no. (If no, please proceed to 10(r))

**If you answered YES to each of 10(p) – 10(q), please proceed to Verdict Form No. 12.**

*On the claim of Carter Bryant respecting the date when Mattel suspected or had reason to suspect that wrongdoing on the part of Carter Bryant had taken place, we, the jury, find as follows:*

(r)     With respect to whether Carter Bryant has proven that Mattel filed its claims within **two years** of when Mattel suspected or had reason to suspect the occurrence of the acts that Mattel contends were wrongful, we find:

☐ yes or

☐ no.  (If yes, please proceed to Verdict Form No. 12)

*On the affirmative defense of laches, we, the jury, find as follows:*

(s)     With respect to whether Carter Bryant has established that Mattel delayed unreasonably in asserting its claim that Carter Bryant breached his duty of loyalty, we find:

☐ yes or

☐ no.

(t)     With respect to whether Carter Bryant has established that he was prejudiced by Mattel's delay because evidence has been lost or witnesses memories have faded, we find:

99

1       ☐ yes or

2       ☐ no.

3   (u)   With respect to whether Carter Bryant has established that he was

4       prejudiced by Mattel's delay because Carter Bryant has expended time,

5       resources, or money in reliance on Mattel's failure to file suit, we find:

6       ☐ yes or

7       ☐ no.

8

9   **If you answered YES to 10(r) OR 10(s) and either 10(t) or 10(u), please proceed**

10      **to Verdict Form No. 12.**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Obj. & Responses Re MGA Parties' & Bryant's [Proposed] Spec. Verdict Forms– Case No. CV 04-9049 SGL (RNBx)

1

## MATTEL'S OBJECTIONS:

2      Mattel objects to defendants' proposed verdict form as follows:

3      (a)-(f)      These questions are contrary to the Court's April 25, 2008 Order.
4  The Court has already found as a matter of law that Bryant owed a duty of loyalty to
5  Mattel, and that Bryant breached that duty when he "secretly entered into a contract
6  with Mattel's competitor, while still employed by Mattel, to produce a line of fashion
7  dolls to be marketed in direct competition with Mattel's products."  April 25, 2008
8  Order, at 5-6.  None of defendants' proposed questions properly reflect these
9  findings.  In any event, the proposed questions are misleading and erroneous.  The
10 intent requirement for breach of duty is that a defendant acted "knowingly," not
11 "deliberately."  *See* CACI 4102.  And it is not necessary that the jury find that
12 Bryant's actions "were in direct competition" with Mattel, but only that he "acted
13 against Mattel's interest" or "acted on behalf of a party whose interests were adverse
14 to Mattel."  *See* CACI 4102.  Even if that were the standard, the Court already ruled
15 that Bryant "directly compete[d]" with Bryant.  *See* April 25, 2008 Order, at 6.  (d) is
16 also misleading in stating that Mattel must prove both that it did not give "informed
17 consent" to Bryant's conduct and also that it did not "otherwise ratify" Bryant's
18 conduct.  There is no support for defendants' "otherwise ratify" language in the
19 model instructions (*see* CACI 4102), and the question erroneously suggests that
20 something less than informed consent might constitute informed consent.  Finally,
21 the proposed questions improperly limit Mattel's claims to acts taken or harm
22 incurred by Mattel while Bryant was employed by Mattel.  That purported limitation
23 is not supported by law.

24      (g)     This proposed question is erroneous as a matter of law because the
25 statute of limitations for Mattel's claim for breach of the duty of loyalty is four years,
26 not two years as defendants wrongly state.  *See Cal. Civ. Proc. Code* § 343.
27 Defendants repeat the same objectionable and erroneous question regarding the

28

1    statute of limitations proposed in their Proposed Form of Verdict No. 2(t), and Mattel

2    incorporates its objections to that proposed question by reference.

3         (h)-(k)       Defendants repeat the same objectionable and erroneous

4    questions regarding estoppel proposed in their Proposed Form of Verdict Form

5    No. 2(j)-(m), and Mattel incorporates its objections to those questions by reference.

6         (l)-(m)       Defendants repeat the same objectionable and erroneous

7    questions regarding acquiescence proposed in their Proposed Form of Verdict Form

8    No. 2(n)-(o), and Mattel incorporates its objections to those questions by reference.

9         (n)-(o)       Defendants repeat the same objectionable and erroneous

10   questions regarding consent proposed in their Proposed Form of Verdict Form

11   No. 2(p)-(q), and Mattel incorporates its objections to those questions by reference.

12        (p)-(q)       Defendants repeat the same objectionable and erroneous

13   questions regarding waiver proposed in their Proposed Form of Verdict Form

14   No. 2(r)-(s), and Mattel incorporates its objections to those questions by reference.

15        (r)      This proposed question is erroneous as a matter of law because the

16   statute of limitations for Mattel's claim for breach of the duty of loyalty is four years,

17   not two years as defendants wrongly state.  *See Cal. Civ. Proc. Code* § 343.  This

18   question is also objectionable because it is duplicative of (g) posed in the same form.

19   Defendants repeat the same objectionable and erroneous question regarding the

20   statute of limitations proposed in their Proposed Form of Verdict No. 2(t), and Mattel

21   incorporates its objections to that proposed question by reference.

22        (s)-(u)       Defendants repeat the same objectionable and erroneous

23   questions regarding laches proposed in their Proposed Form of Verdict Form

24   No. 2(u)-(w), and Mattel incorporates its objections to those questions by reference.

25

26

27

28

## MGA PARTIES AND BRYANT RESPOND AS STATED BELOW:

(a)-(f)      First, Mattel's objection based on the Court's April 25, 2008 Order is premature given that Bryant's Motion for Reconsideration is pending and the Court has ordered it shall be heard on May 19, 2008.  Even if the Court does not alter its ruling, this instruction is necessary because the trier of fact must consider the scope on any duty, in order to consider the scope of any alleged breach or harm.

MGA Parties' and Bryant's Proposed Verdict Form is an accurate summation of the existing law.  As discussed above, Mattel is required to prove that Bryant's actions were not mere preparation to compete but rather that they were in direct competition with Mattel.  See Bancroft-Whitney Co. v. Glen, 64 Cal. 327, 346 (1966).  See supra (MGA Parties and Bryant's Reply to Mattel's Objection to MGA Parties' and Bryant's Proposed Verdict Form 4(e)).  Any lower standard would have the effect of chilling the free movement of employees.

If Mattel ratified Bryant's conduct then it does not amount to a breach of the duty of loyalty.  Furthermore, the MGA Parties and Bryant include language because, under settled law, an employer may not recover damages for breach of a duty based on contract either where the employer consents to or ratifies such conduct.  See 19 Williston On Contracts § 54:26 (4th ed.) ("the employer may lose its right to recover for damages suffered, if the employer ratifies the employee's conduct").

Moreover, Mattel's objection ignores that Mattel must be harmed by the breach during the term of Bryant's employment and not by Bryant's conduct after he left employment.  Bancroft-Whitney Co. v. Glen, 64 Cal. 2d 327, 356-57 (1966) (remanding to assess damage to plaintiff book publisher for the costs incurred to replace personnel recruited by president and competitor using confidential information in breach of president's fiduciary duty); GAB Business Services, Inc. v. Lindsey & Newsom Claim Servs., Inc., 83 Cal. App. 4th 409, 426 (2000) (damages for breach of fiduciary duty were expenses incurred to recruit new employees);

1   <u>Charles T. Powner, Inc. v. Smith</u>, 91 Cal. App. 101 (1928) (damages were profits on

2   directly competitive sales resulting from use of employer's time and facilities);

3   <u>Sumner v. Nevin</u>, 4 Cal. App. 347, 350 (1906) (damages were commissions received

4   while still employed); <u>see also</u> <u>Design Strategies v. Davis</u>, 384 F. Supp. 649

5   (S.D.N.Y. 2005) (damages were amount of salary earned during time employee was

6   disloyal, and not the profits from a contract that evidence showed employer would

7   not have been awarded); <u>Frye-Tech, Inc. v. Harris</u>, 46 F. Supp. 2d 1144 (D. Kan.

8   1999) (awarding damages for value of resources including employee time used to

9   develop competing products). Courts consistently distinguish between harm incurred

10  while employee still employed and harm from later competition.  <u>See, e.g.</u>, <u>GAB</u>

11  <u>Business Services, Inc. v. Lindsey & Newsom Claim Servs., Inc.</u>, 83 Cal. App. 4th

12  409, 426 (2000) (damages for breach of fiduciary duty were expenses incurred to

13  recruit new employees).

14        (g)  This form properly states that the statute of limitations for breach of duty

15  of loyalty is two years, under California Code of Civil Procedure § 339, which

16  governs actions "upon a contract, obligation or liability not founded upon an

17  instrument of writing."  Cal. Code Civ. P. § 339(1).  An employee's duty of loyalty

18  like the one at issue here is a common-law obligation not founded upon an

19  instrument in writing, and thus subject to § 339, which applies to a wide range of

20  non-contractual, non-statutory obligations and liabilities.  <u>See, e.g.</u>, <u>Jang v. State</u>

21  <u>Farm Fire & Cas. Co.</u>, 80 Cal. App. 4th 1291, 1296 (2000) (describing § 339 as "the

22  two-year statute of limitations for torts"; applying instead an express limitations

23  provision in the insurance contract at issue).  (Similarly, as Mattel itself has agreed,

24  this same statute would have governed Mattel's invalid claims of common-law unfair

25  competition.)

26        <u>See also supra</u> (MGA Parties' and Bryant's Reply to Mattel's Objection to

27  MGA Parties and Bryant's Proposed Verdict Form No. 2 (t)).

28

Obj. & Responses Re MGA Parties' & Bryant's [Proposed] Spec. Verdict Forms– Case No. CV 04-9049 SGL (RNBx)

1   (h) – (k)   See supra (MGA Parties' and Bryant's Reply to Mattel's
2   Objection to MGA Parties and Bryant's Proposed Verdict Form No. 2 (j-m)).

3   (l) – (m)   See supra (MGA Parties' and Bryant's Reply to Mattel's
4   Objection to MGA Parties and Bryant's Proposed Verdict Form No. 2 (n-o)).

5   (n) – (o)   See supra (MGA Parties' and Bryant's Reply to Mattel's
6   Objection to MGA Parties and Bryant's Proposed Verdict Form No. 2 (p-q)).

7   (p) – (q)   See supra (MGA Parties' and Bryant's Reply to Mattel's
8   Objection to MGA Parties and Bryant's Proposed Verdict Form No. 2 (r-s)).

9   (r)   This form properly states that the statute of limitations for breach of
10  duty of loyalty is two years, under California Code of Civil Procedure § 339, which
11  governs actions "upon a contract, obligation or liability not founded upon an
12  instrument of writing." Cal. Code Civ. P. § 339(1).  An employee's duty of loyalty
13  like the one at issue here is a common-law obligation not founded upon an
14  instrument in writing, and thus subject to § 339, which applies to a wide range of
15  non-contractual, non-statutory obligations and liabilities.  See, e.g., Jang v. State
16  Farm Fire & Cas. Co., 80 Cal. App. 4th 1291, 1296 (2000) (describing § 339 as "the
17  two-year statute of limitations for torts"; applying instead an express limitations
18  provision in the insurance contract at issue).  (Similarly, as Mattel itself has agreed,
19  this same statute would have governed Mattel's invalid claims of common-law unfair
20  competition.)

21  See also supra (MGA Parties' and Bryant's Reply to Mattel's Objection to
22  MGA Parties and Bryant's Proposed Verdict Form No. 2 (t)).

23  (s)-(u)   See supra (MGA Parties' and Bryant's Reply to Mattel's
24  Objection to MGA Parties and Bryant's Proposed Verdict Form No. 2 (u)-(w)).

25

26

27

28

**Proposed Form of Verdict No. 11 (Liability for Aiding and Abetting Breach of Duty of Loyalty)**

*On the claim of Mattel against MGA and Larian for aiding and abetting breach of duty of loyalty, we, the jury, find as follows:*

(a)    With respect to whether Mattel has proven that Carter Bryant owed a duty of loyalty to Mattel, we find:

☐yes or

☐no.  (If no, please proceed to Verdict Form No. 12)

(b)    With respect to whether Mattel has proven Bryant breached a duty of loyalty he owed to Mattel in licensing the BRATZ to MGA, we find:

☐yes or

☐no. (If no, please proceed to Verdict Form No. 12)

(c)    With respect to whether Mattel has proven that the actions Carter Bryant took with respect to BRATZ  before his departure from Mattel were not permissible preparations to compete with Mattel, we find:

☐yes or

☐no. (If no, please proceed to Verdict Form No. 12)

(d)    With respect to whether Mattel has proven that MGA and/or Isaac Larian knew, when they contracted with Bryant for the rights to BRATZ, that Bryant was breaching a duty of loyalty to Mattel, we find.

☐yes or

☐no. (If no, please proceed to Verdict Form No. 12)

(e)    With respect to whether Mattel has proven that MGA and/or Isaac Larian knew that Bryant did not immediately leave Mattel on signing the contract with MGA, as instructed by MGA and/or Isaac Larian, we find.

☐yes or

1  ☐no. (If no, please proceed to Verdict Form No. 12)

2  (f)  With respect to whether Mattel has proven that MGA and/or Isaac

3  Larian made a conscious decision to participate in wrongful activity

4  designed to assist Bryant in a breach of duty of loyalty while Bryant

5  was employed at Mattel, we find:

6  ☐yes or

7  ☐no.  (If no, please proceed to Verdict Form No. 12)

8  (g)  With respect to whether Mattel has proven that MGA and/or Isaac

9  Larian knowingly provided substantial assistance or encouragement to

10  Bryant in his breach of duty of loyalty while Bryant was employed at

11  Mattel, we find:

12  ☐yes or

13  ☐no.  (If no, please proceed to Verdict Form No. 12)

14  (h)  With respect to whether Mattel has shown the extent to which MGA

15  and/or Isaac Larian knew of and intended to assist in Bryant's breach of

16  duty of loyalty to Mattel, Mattel has shown that MGA and/or Isaac

17  Larian rendered a sufficiently high degree of substantial assistance in

18  Bryant's breach, we find:

19  ☐yes or

20  ☐no. (If no, please proceed to Verdict Form No. 12)

21  (i)  With respect to whether Mattel has proven that the conduct of MGA

22  and/or Isaac Larian was a substantial reason for any harm Mattel

23  incurred due to Bryant's breach of his duty of loyalty with Mattel, we

24  find:

25  ☐yes or

26  ☐no. (If no, please proceed to Verdict Form No. 12)

27

28

1    *If you have found that MGA or Larian are liable for aiding and abetting*
2    *Carter Bryant's breach of his duty of loyalty, next consider whether Mattel should*
3    *be barred from recovery on any of the following grounds:*

4

5    *On the claim of MGA and Isaac Larian that Mattel is estopped from asserting*
6    *claims arising out of Carter Bryant's breach of his duty of loyalty, we, the jury, find*
7    *as follows*:

8    (j)    With respect to whether Mattel made a representation of fact, at any
9           relevant time, by its actions, silence or omission, we find:
10          ☐yes or
11          ☐no. (If no, please proceed to 11(n))
12   (k)    With respect to whether Mattel had knowledge that its employees were
13          moonlighting or working on independent artistic projects, we find:
14          ☐yes or
15          ☐no. (If no, please proceed to 11(n))
16   (l)    With respect to whether Carter Bryant was ignorant of the fact that
17          Mattel's failure to prevent moonlighting or independent artistic work
18          was not intended as a policy, we find:
19          ☐yes or
20          ☐no. (If no, please proceed to 11(n))
21   (m)    With respect to whether MGA and/or Isaac Larian reasonably relied on
22          Mattel's silence to their detriment, we find:
23          ☐yes or
24          ☐no. (If no, please proceed to 11(n))

25

26   **If you answered YES to each of 11(j) – 11(m), please proceed to Verdict Form**
27   **No. 12.**

28

*On the claim of MGA and Larian that Mattel has acquiesced, at any relevant time, to its employees' moonlighting or independent artistic work, we, the jury, find as follows*:

      (n)     With respect to whether Mattel's acts or words, silence or inaction, would be understood by a reasonable person as intended to indicate that the conduct is allowed, we find:

           ☐ yes or

           ☐ no. (If no, please proceed to 11(p)

      (o)     With respect to whether Carter Bryant understood Mattel's acts or words, silence or inaction to indicate that it allowed moonlighting or independent artistic work, we find:

           ☐ yes or

           ☐ no. (If no, please proceed to 11(p))

**If you answered YES to each of 11(n) – 11(o), please proceed to Verdict Form No. 12.**

*On the claim of MGA and Isaac Larian that Mattel has consented, at any relevant time, to its employees' moonlighting or independent artistic work, we, the jury, find as follows*:

      (p)     With respect to whether Mattel's acts or words, silence or inaction, would be understood by a reasonable person as intended to indicate consent to moonlighting or independent artistic work, we find:

           ☐ yes or

           ☐ no. (If no, please proceed to 11(r))

      (q)     With respect to whether Carter Bryant understood Mattel's acts or words, silence or inaction to indicate consent to moonlighting or independent artistic work, we find:

1    ☐ yes or

2    ☐ no. (If no, please proceed to 11(r))

3

4    **If you answered YES to each of 11(p) – 11(q), please proceed to Verdict Form**

5    **No. 12.**

6

7    *On the claim of MGA and Larian that Mattel has waived any right to seek*

8 *damages on its breach of duty of loyalty claims, we, the jury, find as follows*:

9    (r)   With respect to whether Mattel was aware of its violations of its

10         employment agreements, we find:

11         ☐ yes or

12         ☐ no. (If no, please proceed to 11(t))

13    (s)   With respect to whether Mattel indicated, by its words, actions or

14         silence that it did not intend to enforce its employment agreements, we

15         find:

16         ☐ yes or

17         ☐ no. (If no, please proceed to 11(t))

18

19    **If you answered YES to each of 11(r) – 11(s), please proceed to Verdict Form**

20    **No. 12.**

21

22    *On the claim of MGA and Isaac Larian respecting the date when Mattel*

23 *suspected or had reason to suspect that wrongdoing on the part of MGA and Isaac*

24 *Larian had taken place, we, the jury, find as follows:*

25    (t)   With respect to whether MGA and/or Isaac Larian have proven that

26         Mattel filed its claims against them more than **two years** after Mattel

27         suspected or had reason to suspect that wrongdoing had taken place, we

28         find:

1    ☐ yes or

2    ☐ no.  (If no, please proceed to Verdict Form No. 12)

3

4    *On the affirmative defense of laches, we, the jury, find as follows:*

5    (u)    With respect to whether MGA and/or Isaac Larian have established that

6            Mattel delayed unreasonably in asserting its claim that MGA and Isaac

7            Larian aided and abetted Carter Bryant's breach of his duty of loyalty,

8            we find:

9            ☐ yes or

10           ☐ no.

11   (v)    With respect to whether the MGA and/or Isaac Larian have established

12           that they were prejudiced by Mattel's delay because evidence has been

13           lost or witnesses memories have faded, we find:

14           ☐ yes or

15           ☐ no.

16   (w)    With respect to whether MGA and/or Isaac Larian have established that

17           they were prejudiced by Mattel's delay because MGA and/or Isaac

18           Larian have expended time, resources, or money in reliance on Mattel's

19           failure to file suit, we find:

20           ☐ yes or

21           ☐ no.

22

23

24

25

26

27

28

Obj. & Responses Re MGA Parties' & Bryant's [Proposed] Spec. Verdict Forms– Case No. CV 04-9049 SGL (RNBx)

1

## MATTEL'S OBJECTIONS:

2          Mattel objects to the defendants' proposed verdict form as follows:

3          (a)     This proposed question is contrary to the Court's April 25, 2008 Order

4 and therefore moot.  The Court found as a matter of law that Bryant owed a duty of

5 loyalty to Mattel.  *See* April 25, 2008 Order, at 5.

6          (b)     This proposed question is contrary to the Court's April 25, 2008 Order

7 and therefore moot.  The Court found as a matter of law that Bryant breached his

8 duty of loyalty to Mattel.  *See* April 25, 2008 Order, at 5. The question is also

9 misleading because Mattel's claim against Bryant for breach of the duty of loyalty is

10 not limited to Bryant "licensing the BRATZ to MGA."

11          (c)     This proposed question is contrary to the Court's April 25, 2008 Order

12 and therefore moot.  The Court ruled that Bryant cannot defend his actions as "lawful

13 preparations to compete" because he "directly competed with Mattel by entering into

14 a contract with its competitor to produce a competing product while still employed

15 by Mattel."  April 25, 2008 Order, at 5.  The question is also erroneous as a matter of

16 law because it suggests that Mattel is required to prove that none of the actions

17 Bryant took were permissible preparations to compete with Mattel.  The burden of

18 proof would be on the party claiming lawful preparations to compete, but, in any

19 event, the issue is moot because the Court held that Bryant cannot make such a claim

20 here.

21          (d)     This proposed question erroneously suggests that Bryant's breach of

22 duty is limited to his contracting with MGA for the rights to Bratz.  Moreover, the

23 relevant time frame with respect to MGA and/or Larian's knowledge is not limited to

24 "when they contracted with Bryant for the rights to BRATZ."

25          (e)     This proposed instruction is misleading and improper in light of the

26 Court's April 25, 2008 Order and therefore moot.  The Court found that Bryant

27 breached his duty of loyalty "by entering into a contract with Mattel's competitor,

28 while still employed by Mattel, to produce a line of fashion dolls to be marketed in

Obj. & Responses Re MGA Parties' & Bryant's [Proposed] Spec. Verdict Forms– Case No. CV 04-9049 SGL (RNBx)

1  direct competition with Mattel's products."  April 25, 2008 Order, at 5.  Accordingly,

2  it is irrelevant whether or not MGA or Larian told Bryant to immediately leave

3  Mattel after entering into that contract—the breach had already occurred, and Mattel

4  claims that defendants aided and abetted that breach.  This proposed question also

5  improperly assumes facts in dispute in this case (i.e., that Bryant was "instructed by

6  MGA and/or Isaac Larian" to "immediately leave Mattel on signing the contract with

7  MGA.").

8       (f)    This proposed question is erroneous as a matter of law.  Mattel is not

9  required to prove that MGA and/or Larian "made a conscious decision to participate

10  in wrongful activity designed to assist Bryant in a breach of loyalty."  *See Berg &*

11  *Berg Enter. LLC v. Sherwood Partners, Inc.*, 131 Cal. App. 4th 802, 823 n. 10

12  (2005) (finding aiding and abetting does not require that a defendant agree to join the

13  wrongful conduct).  As set forth in Mattel's proposed jury instructions, MGA and/or

14  Larian are liable for aiding and abetting Bryant's breaches of duty if they knowingly

15  provided him substantial assistance in so acting.  Indeed, even ordinary business

16  transactions can constitute substantial assistance.  *Casey v. U.S. Bank Nat'l Ass'n*,

17  127 Cal. App. 4th 1138, 1145 (2005) (finding that ordinary business transactions by

18  a bank were sufficient to constitute substantial assistance).

19       (g)    The defendants' insertion of the word "knowingly" is unnecessary and

20  prejudicial in light of the fact that previous proposed questions ask the jury to make

21  findings regarding the defendants' knowledge.  *See e.g.* Defendants' Proposed

22  Verdict Form No. 11(d), (e).

23       (h)    This proposed question is erroneous as a matter of law.  Mattel is not

24  required to prove that defendants both "knew of and intended to assist in Bryant's

25  breach of duty of loyalty."  As set forth in Mattel's proposed jury instructions, the

26  required elements are knowledge and substantial assistance.  Defendants also

27  overstate the substantial assistance element as requiring "a sufficiently high degree

28

113

of substantial assistance," which is not the law.  *See Neilson v. Union Bank of Calif.*, 290 F. Supp. 2d 1101, 1119 (C.D. Cal. 2003).

(j)-(m)    Defendants repeat the same objectionable and erroneous questions regarding estoppel proposed in their Proposed Form of Verdict Form No. 2(j)-(m), and Mattel incorporates its objections to those questions by reference.

(n)-(o)    Defendants repeat the same objectionable and erroneous questions regarding aquiescence proposed in their Proposed Form of Verdict Form No. 2(n)-(o), and Mattel incorporates its objections to those questions by reference.

(p)-(q)    Defendants repeat the same objectionable and erroneous questions regarding consent proposed in their Proposed Form of Verdict Form No. 2(p)-(q), and Mattel incorporates its objections to those questions by reference.

(r)-(s)    Defendants repeat the same objectionable and erroneous questions regarding waiver proposed in their Proposed Form of Verdict Form No. 2(r)-(s), and Mattel incorporates its objections to those questions by reference.

(t)    Defendants repeat the same objectionable and erroneous question regarding the statute of limitations proposed in their Proposed Form of Verdict No. 2(t), and Mattel incorporates its objections to that proposed question by reference.

(u)-(w)    Defendants repeat the same objectionable and erroneous questions regarding laches proposed in their Proposed Form of Verdict Form No. 2(u)-(w), and Mattel incorporates its objections to those questions by reference.

114

## MGA PARTIES AND BRYANT RESPOND AS STATED BELOW:

(a)    Mattel's objection based on the Court's April 25, 2008 Order is premature given that Bryant's Motion for Reconsideration is pending and the Court has ordered it shall be heard on May 19, 2008.  An element in any claim for breach of the duty of loyalty is to prove that the alleged breaching party owed the duty.  If the Court reverses its holding, Mattel must first prove that Bryant owed the duty. See CACI 4102(1).  To prove aiding and abetting a breach of a duty, Mattel must first establish an underlying duty and breach of duty by Bryant. Richard B. LeVine, Inc. v. Higashi, 131 Cal. App. 4th 566, 574 (2005).

(b)    Mattel's objection based on the Court's April 25, 2008 Order is premature given that Bryant's Motion for Reconsideration is pending and the Court has ordered it shall be heard on May 19, 2008.  Moreover, Mattel does not explain what other claims should be included.

(c)    Mattel's objection based on the Court's April 25, 2008 Order is premature given that Bryant's Motion for Reconsideration is pending and the Court has ordered it shall be heard on May 19, 2008.  Mattel must show that Bryant engaged in acts of direct competition during the term of his employment, as mere preparations to compete are insufficient to give rise to a claim for breach of the duty of loyalty. See Bancroft-Whitney Co. v. Glen, 64 Cal. 2d 327, 346 (1966); accord Eckard Brandes, Inc. v. Riley, 338 F.3d 1082, 1086 (9th Cir. 2003); Am. Home Shield, Inc. v. Fidelity Nat'l Home Warranty Co., 2003 WL 21085278, at *12 (Cal. Ct. App. May 14, 2003); Edenbaum v. Dalton, No. D037255, 2002 WL 31474450, at **7-8 (Cal. Ct. App. Nov. 6, 2002); GAB Bus. Servs., Inc. v. Lindsey & Newsom Claim Servs., Inc., 83 Cal. App. 4th 409,  424-25 (2000), overruled on other grounds by, Reeves v. Hanlon, 33 Cal. 4th 1140 (2004); Computer Sciences Corp. v. Ferguson, 74 Cal. Rptr. 86, 92-93 (1968) (unpublished); see also Material Supply Int'l, Inc. v. Sunmatch Indus. Co., 146 F.3d 983, 993 (D.C. Cir. 1998); Franklin Music Co. v. Am. Broad. Cos.,  616 F.2d 528, 532-33, 537 (3d Cir. 1979); Merger

1   Mgmt. Consulting, Inc. v. Wilde, 920 F. Supp. 219, 233-35 (D. D.C. 1996); T.A.

2   Pelsue Co. v. Grand Enters., Inc., 782 F. Supp. 1476, 1486 (D. Colo. 1991);

3   Abraham Zion Corp. v. Lebow, 593 F. Supp. 551, 570-71 (S.D.N.Y. 1984), aff'd,

4   761 F.2d 93 (2d Cir. 1985); Seward v. Union Pump Co., 428 F. Supp. 161, 167 (S.D.

5   Tex. 1977); Restatement (Third) of Agency § 8.04 cmt. c.  Mattel must demonstrate

6   that Bryant's actions were not mere preparations to compete or else it cannot bring

7   an action for breach of the duty of loyalty.  As the aiding and abetting claim is

8   derivative, establishing the breach is a prerequisite to recovery.

9   (d)     Mattel's objection based on the Court's April 25, 2008 Order is premature

10  given that Bryant's Motion for Reconsideration is pending and the Court has ordered

11  it shall be heard on May 19, 2008.  Moreover, Mattel does not explain what other

12  claims should be included.  Mattel's argument is nonsensical.  A claim for breach of

13  duty of loyalty is at its core an allegation that the individual breached the duty during

14  the course of his/her employment.  As an individual cannot breach such a duty after

15  the employment relationship ends, it logically follows that the harm must be suffered

16  during the term of that employment.

17  (e)     See supra (c).

18  (f)     See supra (MGA Parties' and Bryant's Reply to Mattel's Objection to

19  MGA Parties and Bryant's Proposed Verdict Form No. 9 (d)).

20  (g)     As discussed above, to prove a claim for aiding and abetting breach of

21  the duty of loyalty, Mattel must prove the MGA Parties' (1) "substantial assistance

22  or encouragement in accomplishing the breach", and (2) "actual knowledge" of the

23  specific wrong they substantially assisted.  MJT Sec., LLC v. Toronto-Dominion

24  Bank, 2007 WL 1725421, at **7-8  (N.D. Cal. June 14, 2007).  If MGA Parties did

25  not know that Bryant did not immediately leave, then they did not have "actual

26  knowledge" of the specific wrong and cannot be held liable.

27  (h)     Mattel must prove the MGA Parties' (1) "substantial assistance or

28  encouragement in accomplishing the breach", and (2) "actual knowledge" of the

116

1  specific wrong they substantially assisted.  <u>MJT Sec., LLC v. Toronto-Dominion</u>
2  <u>Bank</u>, 2007 WL 1725421, at **7-8  (N.D. Cal. June 14, 2007).  The language "in
3  accomplishing the breach" makes it clear that mere substantial assistance is not
4  adequate to establish a claim for aiding and abetting the breach of the duty of loyalty.
5  The fact that both "actual knowledge" and "substantial assistance or encouragement
6  in accomplishing the breach" demonstrates the requirement of intent.

7      (j) – (m)    <u>See</u> <u>supra</u> (MGA Parties' and Bryant's Reply to Mattel's
8  Objection to MGA Parties and Bryant's Proposed Verdict Form No. 2 (j)-(m)).

9      (n) – (o)    <u>See</u> <u>supra</u> (MGA Parties' and Bryant's Reply to Mattel's
10  Objection to MGA Parties and Bryant's Proposed Verdict Form No. 2 (n)-(o)).

11      (p) – (q)    <u>See</u> <u>supra</u> (MGA Parties' and Bryant's Reply to Mattel's
12  Objection to MGA Parties and Bryant's Proposed Verdict Form No. 2 (p)-(q)).

13      (r) – (s)    <u>See</u> <u>supra</u> (MGA Parties' and Bryant's Reply to Mattel's
14  Objection to MGA Parties and Bryant's Proposed Verdict Form No. 2 (r)-(s)).

15      (t)    <u>See</u> <u>supra</u> (MGA Parties' and Bryant's Reply to Mattel's Objection to
16  MGA Parties and Bryant's Proposed Verdict Form No. 2 (t)).

17      (u)-(w)    <u>See</u> <u>supra</u> (MGA Parties' and Bryant's Reply to Mattel's
18  Objection to MGA Parties and Bryant's Proposed Verdict Form No. 2 (u)-(w)).

19
20
21
22
23
24
25
26
27
28

**Proposed Form of Verdict No. 12 (Liability for Intentional Interference with Contract)**

*On the claim of Mattel against MGA and Isaac Larian for intentional interference with contract, we, the jury, find as follows:*

(a)   With respect to whether Mattel has proven there was a contract between Mattel and Carter Bryant, we find:

      ☐ yes or

      ☐ no.  (If no, please proceed to Verdict Form No. 13)

(b)   With respect to whether Mattel has proven MGA and/or Isaac Larian knew there was a contract between Mattel and Carter Bryant, we find:

      ☐ yes or

      ☐ no. (If no, please proceed to Verdict Form No. 13)

(c)   With respect to whether Mattel has proven that Bryant breached his contract with Mattel in selling BRATZ to MGA and Isaac Larian, we find:

      ☐ yes; or

      ☐ no. (If no, please proceed to Verdict Form No. 13)

(d)   With respect to whether Mattel has proven that MGA and/or Isaac Larian were certain or substantially certain that they were contracting for something that rightfully belonged to Mattel when MGA contracted with Bryant for the rights to BRATZ, we find:

      ☐ yes or

      ☐ no.  (If no, please proceed to Verdict Form No. 13)

(e)   With respect to whether Mattel has proven that MGA and/or Isaac Larian approached Carter Bryant first about an offer to license BRATZ to them, we find:

      ☐ yes or

Obj. & Responses Re MGA Parties' & Bryant's [Proposed] Spec. Verdict Forms– Case No. CV 04-9049 SGL (RNBx)

1   □no. (If no, please proceed to Verdict Form No. 13)

2   (f)   With respect to whether Mattel has proven it was harmed by Carter

3   Bryant's breach of his contract with Mattel, we find:

4   □yes or

5   □no. (If no, please proceed to Verdict Form No. 13)

6   (g)   With respect to whether Mattel has proven that the conduct of MGA

7   and/or Isaac Larian in hiring Bryant as an independent contractor was a

8   substantial factor in the harm Mattel incurred from Bryant's breach of

9   his contract with Mattel, we find:

10   □yes or

11   □no. (If no, please proceed to Verdict Form No. 13)

12   (h)   With respect to whether Mattel has proven that MGA and/or Isaac

13   Larian engaged in an additional unlawful act independent of interfering

14   with Bryant's contract with Mattel, we find:

15   □  There was no additional unlawful act by Isaac Larian and/or MGA;

16   □ MGA and/or Isaac Larian aided and abetted Bryant in a breach of the

17   duty of loyalty he owed Mattel;

18   □ MGA and/or Isaac Larian aided and abetted Bryant in a breach of the

19   fiduciary duty he owed Mattel;

20   □  MGA and/or Isaac Larian infringed Mattel's BRATZ-related

21   copyrights;

22   □  MGA and/or Isaac Larian engaged in acts of unfair competition.

23

24   *If you have found that MGA or Larian are liable for intentional interference*

25   *with   contract, next consider whether Mattel should be barred from recovery on*

26   *any of the following grounds:*

27

28

119

*On the claim of MGA or Larian that Mattel is estopped from asserting its claim that MGA or Larian intentionally interfered with the Mattel-Bryant contract, we, the jury, find as follows*:

    (i)    With respect to whether Mattel made a representation of fact, at any relevant time, by its actions, silence or omission, we find:

        ☐ yes or

        ☐ no. (If no, please proceed to 12(m))

    (j)    With respect to whether Mattel had knowledge that its employees were moonlighting or working on independent artistic projects, we find:

        ☐ yes or

        ☐ no. (If no, please proceed to 12(m))

    (k)    With respect to whether Carter Bryant was ignorant of the fact that Mattel was allowed moonlighting or independent artistic work was not intended as a policy, we find:

        ☐ yes or

        ☐ no. (If no, please proceed to 12(m))

    (l)    With respect to whether Carter Bryant, MGA and/or Isaac Larian reasonably relied on Mattel's silence to their detriment, we find:

        ☐ yes or

        ☐ no. (If no, please proceed to 12(m))

**If you answered YES to each of 12(i) – 12(l), please proceed to Verdict Form No. 13.**

*On the claim of MGA and Isaac Larian that Mattel has acquiesced, at any relevant time, to its employees moonlighting or independent artistic work, we, the jury, find as follows*:

(m) With respect to whether Mattel's acts or words, silence or inaction, would be understood by a reasonable person as intended to indicate that the conduct is allowed, we find:

☐ yes or

☐ no. (If no, please proceed to 12(o))

(n) With respect to whether Carter Bryant understood Mattel's acts or words, silence or inaction to indicate that it allowed moonlighting or independent artistic work, we find:

☐ yes or

☐ no. (If no, please proceed to 12(o))

**If you answered YES to each of 12(m) – 12(n), please proceed to Verdict Form No. 13.**

*On the claim of MGA and Isaac Larian that Mattel has consented, at any relevant time, to its employees moonlighting or independent artistic work, we, the jury, find as follows*:

(o) With respect to whether Mattel's acts or words, silence or inaction, would be understood by a reasonable person as intended to indicate consent to moonlighting or independent artistic work, we find:

☐ yes or

☐ no. (If no, please proceed to 12(q))

(p) With respect to whether Carter Bryant understood Mattel's acts or words, silence or inaction to indicate consent to moonlighting or independent artistic work, we find:

☐ yes or

☐ no. (If no, please proceed to 12(q))

1    **If you answered YES to each of 12(o) – 12(p), please proceed to Verdict Form**

2    **No. 13.**

3

4        *On the claim of MGA and Isaac Larian that Mattel has waived any right to*

5    *seek damages for any claims arising out of Carter Bryant's breach of his*

6    *employment agreement, we, the jury, find as follows*:

7        (q)    With respect to whether Mattel was aware of its violations of its

8               employment agreements, we find:

9               ☐ yes or

10              ☐ no. (If no, please proceed to 12(s))

11       (r)    With respect to whether Mattel indicated, by its words, actions or

12              silence that it did not intend to enforce its employment agreements, we

13              find:

14              ☐ yes or

15              ☐ no. (If no, please proceed to 12(s))

16

17   **If you answered YES to each of 12(q) – 12(r), please proceed to Verdict Form**

18   **No. 13.**

19

20       *On the claim of MGA and Isaac Larian respecting the date when the alleged*

21   *wrongdoing on the part of MGA or Isaac Larian had taken place, we, the jury, find*

22   *as follows:*

23       (s)    With respect to whether MGA and/or Isaac Larian have proven that

24              Mattel filed its claims against them within **two years** of the breach of

25              the contract between Carter Bryant and Mattel, we find:

26              ☐ yes or

27              ☐ no.  (If yes, please proceed to next Verdict Form, No. 13)

28

*On the affirmative defense of laches, we, the jury, find as follows:*

(t)    With respect to whether MGA and/or Isaac Larian have established that Mattel delayed unreasonably in asserting its claim of intentional interference with contract against them, we find:

☐yes or

☐no.

(u)    With respect to whether MGA and/or Isaac Larian have established that they were prejudiced by Mattel's delay because evidence has been lost or witnesses memories have faded, we find:

☐yes or

☐no.

(v)    With respect to whether MGA and/or Isaac Larian have established that they were prejudiced by Mattel's delay because the MGA Parties have expended time, resources, or money in reliance on Mattel's failure to file suit, we find:

☐yes or

☐no.

Obj. & Responses Re MGA Parties' & Bryant's [Proposed] Spec. Verdict Forms– Case No. CV 04-9049 SGL (RNBx)

**MATTEL'S OBJECTIONS:**

1

2     Mattel objects to the defendants' proposed verdict form as follows:

3     (a)     This proposed question is contrary to the Court's April 25, 2008 Order

4 and therefore moot. The Court has ruled that the Inventions Agreement is a valid

5 and enforceable contract. *See* April 25, 2008 Order, at 5.

6     (c)     This question falsely suggests that Mattel's claim for intentional

7 interference with contract is limited to Bryant's selling BRATZ to MGA. This

8 proposed question is also misleading in light of the Court's ruling that Bryant

9 "enter[ed] into a contract with Mattel's competitor, while still employed by Mattel, to

10 produce a line of fashion dolls to be marketed in direct competition with Mattel's

11 products." April 25, 2008 Order, at 5.

12     (d)     This question is misleading and improper. The elements for Mattel's

13 claim for intentional interference with contractual relations is set forth in the model

14 instruction found in CACI (and incorporated into Mattel's proposed jury

15 instructions). This question, which purports to require some highly specific

16 knowledge on the part of defendants is not supported by law and improperly limits

17 Mattel's claim. Moreover, the question fails to note that willful blindness is not a

18 defense to any required knowledge of the contract.

19     (e)     This question improperly suggests that whether Bryant approached

20 MGA or Larian first, or was first approached by them, is an element of intentional

21 interference with contract. It is not. *See* CACI 2201. MGA and/or Larian are liable

22 if they knew of Bryant's contract(s) with Mattel; intended to disrupt the performance

23 of the contract; prevented performance or made performance more difficult; Mattel

24 was harmed; and MGA and/or Larian's conduct was a substantial factor in causing

25 Mattel's harm.

26     (f)     This proposed question is contrary to the Court's April 25, 2008 Order

27 and therefore moot. The Court has ruled that "[t]he undisputed facts show that the ...

28 fifth element[] [resulting harm to Mattel] [is] met." April 25, 2008 Order, at 6.

1   (g)   Defendants' characterization of the wrongful conduct at issue in this

2   claim to "hiring Bryant as an independent contractor" misstates the facts and is

3   prejudicial to Mattel.  Defendants are liable for the harm caused by all their wrongful

4   conduct.

5   (h)   This proposed question is contrary to the Court's April 25, 2008 Order

6   and prejudicial to Mattel.  As recognized by the Court, there is no additional element

7   of an "additional unlawful act independent" of the interference.  *See* April 25, 2008

8   Order, at 6; *see also* CACI 2201.  Accordingly, this proposed question, which

9   purports to require the jury to make findings as to "additional unlawful acts" is

10  erroneous and improper.

11  (i)-(l)   Defendants repeat the same objectionable and erroneous

12  questions regarding estoppel proposed in their Proposed Form of Verdict Form

13  No. 2(j)-(m), and Mattel incorporates its objections to those questions by reference.

14  (m)-(n)   Defendants repeat the same objectionable and erroneous

15  questions regarding acquiescence proposed in their Proposed Form of Verdict Form

16  No. 2(n)-(o), and Mattel incorporates its objections to those questions by reference.

17  (o)-(p)   Defendants repeat the same objectionable and erroneous

18  questions regarding consent proposed in their Proposed Form of Verdict Form

19  No. 2(p)-(q), and Mattel incorporates its objections to those questions by reference.

20  (q)-(r)   Defendants repeat the same objectionable and erroneous

21  questions regarding waiver proposed in their Proposed Form of Verdict Form

22  No. 2(r)-(s), and Mattel incorporates its objections to those questions by reference.

23  (s)   Defendants repeat the same objectionable and erroneous question

24  regarding the statute of limitations proposed in their Proposed Form of Verdict No.

25  2(t), and Mattel incorporates its objections to that proposed question by reference.

26  Mattel also objects on the ground that the form misstates the law.  The discovery rule

27  applies to contract claims, including claims for intentional interference with contract.

28  *See Gryczman v. 4550 Pico Partners, Ltd.*, 107 Cal. App. 4th 1, 5-6 (2003) (applying

125

1   a discovery rule to a contract claim brought four years after defendant secretly

2   conveyed certain real property).  Application of the discovery rule is especially

3   appropriate because, as set forth in Mattel's summary judgment papers, Bryant was

4   Mattel's fiduciary, entrusted with highly sensitive confidential information.

5   "Delayed accrual of a cause of action is viewed as particularly appropriate where the

6   relationship between the parties is one of special trust such as that involving a

7   fiduciary, confidential or privileged relationship."  *Moreno v. Sanchez*, 106 Cal. App.

8   4th 1415, 1424 (2003).  Accordingly, the Court should apply the discovery rule.

9          (t)-(v)          Defendants repeat the same objectionable and erroneous

10  questions regarding laches proposed in their Proposed Form of Verdict Form

11  No. 2(u)-(w), and Mattel incorporates its objections to those questions by reference.

Obj. & Responses Re MGA Parties' & Bryant's [Proposed] Spec. Verdict Forms– Case No. CV 04-9049 SGL (RNBx)

1    **<u>MGA PARTIES AND BRYANT RESPOND AS STATED BELOW:</u>**

2    (a)    Although the preceding objection relies on the Court's summary

3    judgment findings, the objection misinterprets the Court's ruling, as Mattel had not

4    moved for summary judgment on its claim for intentional interference with contract.

5    Indeed, the Court continued hearing on the MGA Parties' motion for partial

6    summary judgment as to this claim, among others, and is currently scheduled to hear

7    arguments on May 19, 2008. It is then that the MGA Parties expect to clarify the

8    Court's findings, if any, on this claim.

9    (c)    Mattel does not explain what claims should be added to the Proposed

10    Verdict Form.  Mattel's citation to the Court's Order does not suggest any additional

11    tortious conduct.

12    (d)    Mattel's objection ignores that there can be no intent to interfere where

13    the defendant knows or believes its agreement with a third party will not infringe the

14    rights of the plaintiff. <u>See</u> <u>1-800 Contacts, Inc. v. Steinberg</u>, 107 Cal. App. 4th 568,

15    586 (2003).   "The required intent is shown if the defendant <u>knows</u> that the

16    interference is certain or substantially certain to occur as a result of his action."

17    <u>Tuchscher Dev. Enters., Inc. v. San Diego Unified Port Dist.</u>, 106 Cal. App. 4th 1219,

18    1239 (2003) (emphasis added, internal quotations and citations omitted).

19    (e)    It is not wrongful for a company to solicit or hire the at-will employee

20    of its competitor, because California law protects employees and their pursuit of any

21    employment or enterprise of their choice as more important than the competitive

22    business interests of the employers.  Likewise, competitor employers have the right

23    to offer more pay or better terms to another's employee, so long as the employee is

24    free to leave.  <u>See also</u> <u>Reeves v. Hanlon</u>, 33 Cal. 4th 1140, 1151 (2004) (California

25    "public policy generally supports a competitor's right to offer more pay or better

26    terms to another's employee, so long as the employee is free to leave. … [I]f the law

27    were to the contrary, the result 'would be intolerable, both to such employers as

28    could use the employe[e] more effectively and to such employe[e]s as might receive

127

1  added pay. It would put an end to any kind of competition.'") (citation omitted);

2  Metro Traffic Control, Inc. v. Shadow Traffic Network, 22 Cal. App. 4th 853, 859

3  (1994) ("California courts have consistently declared  … an expression of public

4  policy to ensure that every citizen shall retain the right to pursue any lawful

5  employment and enterprise of their choice"); Diodes, Inc. v. Franzen, 260 Cal. App.

6  2d 244, 255 (1968) (California public policy recognizes "[t]he interests of the

7  employee in his own mobility and betterment are deemed paramount to the

8  competitive business interests of the employers"); see also Hollingsworth Solderless

9  Terminal Co. v. Turley,  622 F.2d 1324, 1337 (9th Cir. 1980) ("[m]ere solicitation of

10  an employee, under no contract of employment, to leave and associate with a

11  competing firm is not illegal"); Interloc Solutions, Inc. v. Tech. Assoc. Int'l. Corp.,

12  2007 WL 2429715, at *2 (E.D. Cal. Aug. 24, 2007) (citing Reeves for the

13  proposition that "employees are not precluded from seeking new employment on

14  their own initiative"); Posdata Co. Ltd. v. Kim, 2007 WL 1848661, *7 (N.D. Cal.

15  June 27, 2007); Continental Car-Na-Var Corp. v. Moseley, 24 Cal. 2d 104, 110

16  (1944) ("[a] former employee has the right to engage in a competitive business for

17  himself and to enter into competition with his former employer, even for the business

18  of … his former employer, provided such competition is fairly and legally

19  conducted."); accord VL Sys., Inc. v. Unisen, Inc., 152 Cal. App. 4th 708, 713, 715

20  (2007) (quoting Diodes and finding no unlawful solicitation of employee where the

21  employee initiated the new agreement with the defendant and "chose to seek the job

22  with" the defendant).

23       Mattel's objection ignores that a claim for intentional interference with an at-

24  will contract, such as the contract at issue here, requires Mattel to prove that Larian

25  and MGA engaged in wrongful conduct independent of "interfering" with Bryant's

26  contracts with Mattel. See  Reeves v. Hanlon, 33 Cal. 4th 1140, 1152-53 (2004)

27  ("[T]o recover for a defendant's interference with an at-will employment relation, a

28  plaintiff must plead and prove that the defendant engaged in an independently

128

Obj. & Responses Re MGA Parties' & Bryant's [Proposed] Spec. Verdict Forms– Case No. CV 04-9049 SGL (RNBx)

1  wrongful act -- i.e., an act 'proscribed by some constitutional, statutory, regulatory,

2  common law, or other determinable legal standard' -- that induced an at-will

3  employee to leave the plaintiff.") (citations omitted).

4       (f)     Although the preceding objection relies on the Court's summary

5  judgment findings, the objection misinterprets the Court's ruling, as Mattel had not

6  moved for summary judgment on its claim for intentional interference with contract.

7  Indeed, the Court continued hearing on the MGA Parties' motion for partial

8  summary judgment as to this claim, among others, and is currently scheduled to hear

9  arguments on May 19, 2008. It is then that the MGA Parties expect to clarify the

10 Court's findings, if any, on this claim.

11      (g)     MGA Parties hired Bryant as an independent contractor.  Mattel does

12 not explain what additional actions should be included in the instructions.

13      (h)     Although the preceding objection relies on the Court's summary

14 judgment findings, the instruction misinterprets the Court's ruling, as Mattel had not

15 moved for summary judgment on its claim for intentional interference with contract.

16 Indeed, the Court continued hearing on the MGA Parties' motion for partial

17 summary judgment as to this claim, among others, and is currently scheduled to hear

18 arguments on May 19, 2008. It is then that the MGA Parties expect to clarify the

19 Court's findings, if any, on this claim.

20      Mattel's objection ignores that a claim for intentional interference with an at-

21 will contract, such as the contract at issue here, requires Mattel to prove that Larian

22 and MGA engaged in wrongful conduct independent of "interfering" with Bryant's

23 contracts with Mattel. See   Reeves v. Hanlon, 33 Cal. 4th 1140, 1152-53 (2004)

24 ("[T]o recover for a defendant's interference with an at-will employment relation, a

25 plaintiff must plead and prove that the defendant engaged in an independently

26 wrongful act -- i.e., an act 'proscribed by some constitutional, statutory, regulatory,

27 common law, or other determinable legal standard' -- that induced an at-will

28 employee to leave the plaintiff.") (citations omitted).

129

Obj. & Responses Re MGA Parties' & Bryant's [Proposed] Spec. Verdict Forms– Case No. CV 04-9049 SGL (RNBx)

1    (i) – (l)    See supra (MGA Parties' and Bryant's Reply to Mattel's
2  Objection to MGA Parties and Bryant's Proposed Verdict Form No. 2 (j)-(m)).

3    (m) – (n)    See supra (MGA Parties' and Bryant's Reply to Mattel's
4  Objection to MGA Parties and Bryant's Proposed Verdict Form No. 2 (n)-(o)).

5    (o) – (p)    See supra (MGA Parties' and Bryant's Reply to Mattel's
6  Objection to MGA Parties and Bryant's Proposed Verdict Form No. 2 (p)-(q)).

7    (q) – (r)    See supra (MGA Parties' and Bryant's Reply to Mattel's
8  Objection to MGA Parties and Bryant's Proposed Verdict Form No. 2 (r)-(s)).

9    (s)    Mattel incorrectly applies the discovery rule to this claim, as a cause of
10 action for intentional interference with a contract accrues no later than the date of the
11 contract's breach.  See Forcier v. Microsoft Corp., 123 F. Supp. 2d 520, 530 (N.D.
12 Cal. 2000); Charles Lowe Co. v. Xomox Corp., 1999 WL 1293362, at *9 (N.D. Cal.
13 Dec. 27, 1999); Menefee v. Ostawari, 228 Cal. App. 3d 239, 245 (1991), and 3 B.E.
14 Witkin, Cal. Procedure: Actions, § 575, at 728 (4th ed. 1996). Mattel's reliance on
15 Moreno v. Sanchez, 106 Cal. App. 4th 1415, 1424 (2003), is unavailing, given that
16 Bryant did not owe any fiduciary duty to Mattel, as demonstrated in Bryant's
17 summary judgment papers and his pending Motion for Reconsideration. See
18 American Top English v. Lexicon Marketing (USA), Inc., 2004 WL 2271838, at *7
19 (N.D. Ill. Oct. 4, 2004) (rejecting application of Moreno because plaintiff failed to
20 establish that fiduciary duty was owed by the defendant). Indeed, Mattel's contention
21 that delayed accrual is appropriate in cases involving fiduciaries presumes the
22 existence of such a relationship.  As shown above, Mattel has conceded that Bryant's
23 position with Mattel does not meet the criteria set forth in GAB Business for
24 establishing a fiduciary duty imposed by law.  (See Mattel Opp'n at 53 (conceding
25 inapplicability of GAB Business).)   See also supra (MGA Parties' and Bryant's
26 Reply to Mattel's Objection to MGA Parties and Bryant's Proposed Verdict Form
27 No. 2 (t)).

28

1       (t)-(v)       <u>See</u> <u>supra</u> (MGA Parties' and Bryant's Reply to Mattel's

2   Objection to MGA Parties and Bryant's Proposed Verdict Form No. 2 (u)-(w)).

## Proposed Form of Verdict No. 13 (Conversion)

*On the claim of Mattel against Carter Bryant, MGA (HK) and Isaac Larian for conversion, we, the jury, find as follows:*

(a)   With respect to whether Mattel has established whether Mattel owned the BRATZ sketches under Section 2(a) of the Inventions Agreement, we find:

☐yes or

☐no. (If no, please proceed to Verdict Form No. 14)

(b)   With respect to whether Mattel has established whether Mattel owned the rights to a Mattel doll head and Mattel's telephones and fax machines, we find:

☐yes or

☐no. (If no, please proceed to Verdict Form No. 14)

(c)   With respect to Mattel's claims that Carter Bryant, Isaac Larian, and MGA (HK) intentionally prevented Mattel from having access to the above-mentioned items for a significant period of time, or destroyed Mattel's personal property;

☐yes or

☐no. (If no, please proceed to Verdict Form No. 14)

(d)   With respect to Mattel's claim that Mattel did not consent to Carter Bryant, Isaac Larian, and/or MGA (HK) interference with Mattel's access to the above-mentioned items for a significant period of time, or destroyed Mattel's personal property;

☐yes or

☐no. (If no, please proceed to Verdict Form No. 14)

(e)   With respect to Mattel's claim that it was harmed by such conduct, we find:

132

1    ☐ yes or

2    ☐ no. (If no, please proceed to Verdict Form No. 14)

3    (f)    With respect to Mattel's claims that Carter Bryant, Isaac Larian, and/or

4           MGA (HK)'s conduct was a substantial factor in causing Mattel's harm,

5           we find:

6           ☐ yes or

7           ☐ no. (If no, please proceed to Verdict Form No. 14)

8

9    *If you have found that Carter Bryant, MGA(HK), or Larian are liable for*

10   *conversion, next consider whether Mattel should be barred from recovery on any*

11   *of the following grounds:*

12

13   *On the claim of Carter Bryant, MGA (HK), or Larian that Mattel is estopped*

14   *from asserting its claim that Carter Bryant, MGA (HK), or Larian converted its*

15   *property, we, the jury, find as follows*:

16   (g)    With respect to whether Mattel made a representation of fact, at any

17          relevant time, by its actions, silence or omission, we find:

18          ☐ yes or

19          ☐ no. (If no, please proceed to 13(m))

20   (h)    With respect to whether Mattel had knowledge that Carter Bryant,

21          MGA (HK), and/or Isaac Larian had converted its property, we find:

22          ☐ yes or

23          ☐ no. (If no, please proceed to 13(m))

24   (i)    With respect to whether Carter Bryant was ignorant of the fact that

25          Mattel objected to the use of its property, we find:

26          ☐ yes or

27          ☐ no. (If no, please proceed to 13(m))

28

(j)     With respect to whether MGA (HK), and/or Isaac Larian were ignorant of the fact that Mattel objected to the use of its property, we find:

☐ yes or

☐ no. (If no, please proceed to 13(m))

(k)     With respect to whether Carter Bryant relied on Mattel's silence to his detriment, we find:

☐ yes or

☐ no. (If no, please proceed to 13(m))

(l)     With respect to whether MGA (HK), and/or Isaac Larian reasonably relied on Mattel's silence to their detriment, we find:

☐ yes or

☐ no. (If no, please proceed to 13(m))

**If you answered YES to each of 13(g) – 13(l), please proceed to Verdict Form No. 14.**

*On the claim of Carter Bryant that Mattel has acquiesced, at any relevant time, to conversion, we, the jury, find as follows*:

(m)     With respect to whether Mattel's acts or words, silence or inaction, would be understood by a reasonable person as intended to indicate that the conduct is allowed, we find:

☐ yes or

☐ no. (If no, please proceed to 13(o))

(n)     With respect to whether Carter Bryant understood Mattel's acts or words, silence or inaction to indicate that it allowed the use of its property, we find:

☐ yes or

☐ no. (If no, please proceed to 13(o))

**If you answered YES to each of 13(m) – 13(n), please proceed to Verdict Form No. 14.**

*On the claim of Carter Bryant that Mattel has consented to conversion, we, the jury, find as follows*:

    (o)    With respect to whether Mattel's acts or words, silence or inaction, would be understood by a reasonable person as intended to indicate consent to the use of its property, we find:

        ☐ yes or

        ☐ no. (If no, please proceed to 13(q))

    (p)    With respect to whether Carter Bryant understood Mattel's acts or words, silence or inaction to indicate consent to the use of its property, we find:

        ☐ yes or

        ☐ no. (If no, please proceed to 13(q))

**If you answered YES to each of 13(o) – 13(p), please proceed to Verdict Form No. 14.**

*On the claim of MGA (HK), Isaac Larian, and Carter Bryant that Mattel has waived any right to seek damages for its conversion claims, we, the jury, find as follows*:

    (q)    With respect to whether Mattel was aware of the use of its property, we find:

        ☐ yes or

        ☐ no. (If no, please proceed to 13(s))

(r)   With respect to whether Mattel indicated, by its words, actions or silence that it did not intend to enforce claims for the use of its property, we find:

☐ yes or

☐ no. (If no, please proceed to 13(s))

**If you answered YES to each of 13(q) – 13(r), then please proceed to Verdict Form No. 14.**

*On the claim of MGA (HK), Carter Bryant, or Larian respecting the date when the alleged wrongdoing on the part of MGA, MGA (HK), or Larian had taken place, we, the jury, find as follows:*

(s)   With respect to whether MGA (HK) and/or Isaac Larian have proven that Mattel filed its claims against them more than **three years** after the act of wrongfully taking the property that Mattel contends was converted, we find:

☐ yes or

☐ no.

(t)   With respect to whether Carter Bryant has proven that Mattel filed its claims against him more than **three years** after the act of wrongfully taking the property that Mattel contends was converted, we find:

☐ yes or

☐ no.  (If yes, please proceed to Verdict Form No. 14)

**If you answered YES to each of 13(s) – 13(t), please proceed to Verdict Form No. 14.**

*On the affirmative defense of laches, we, the jury, find as follows:*

136

(u) With respect to whether MGA (HK) and/or Isaac Larian have established that Mattel delayed unreasonably in asserting its claim for conversion against them, we find:

☐ yes or

☐ no.

(v) With respect to whether MGA (HK) and/or Isaac Larian have established that they were prejudiced by Mattel's delay because evidence has been lost or witnesses memories have faded, we find:

☐ yes or

☐ no.

(w) With respect to whether MGA (HK) and/or Isaac Larian have established that they were prejudiced by Mattel's delay because the MGA Parties have expended time, resources, or money in reliance on Mattel's failure to file suit, we find:

☐ yes or

☐ no.

(x) With respect to whether Carter Bryant has established that Mattel delayed unreasonably in asserting its claim for conversion against him, we find:

☐ yes or

☐ no.

(y) With respect to whether Carter Bryant has established that he was prejudiced by Mattel's delay because evidence has been lost or witnesses memories have faded, we find:

☐ yes or

☐ no.

137

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

(z)     With respect to whether Carter Bryant has established that he was prejudiced by Mattel's delay because Carter Bryant has expended time, resources, or money in reliance on Mattel's failure to file suit, we find:

☐ yes or

☐ no.

Obj. & Responses Re MGA Parties' & Bryant's [Proposed] Spec. Verdict Forms– Case No. CV 04-9049 SGL (RNBx)

# MATTEL'S OBJECTIONS:

Mattel objects to the defendants' proposed verdict form as follows:

(a)     This question improperly suggests that Mattel's conversion claim is limited to the Bratz drawings, when it relates to all tangible items wrongfully converted by defendants.

(b)     This question fails to recognize that conversion addresses the wrongful exercise of control over any of Mattel's property, which includes any tangible works, such as his drawings and the "dummy" he prepared using Mattel's resources.

(c)     Defendants' proposed form is limited to MGA (HK), whereas Mattel has asserted conversion claims both against MGA and MGA (HK), as well as Carter Bryant and Isaac Larian.  Defendants' question also wrongly asks whether all of the defendants (Bryant, Larian, and MGA (HK)) intentionally prevented Mattel from having access to the items in question or destroyed Mattel's personal property, when it is sufficient for Mattel to prove that any of the defendants either intentionally took possession of the objects *or* prevented access *or* destroyed them.  *See* CACI 2100.

(d)     As noted above, this question eliminates the possibility of taking possession and also eliminates MGA (not HK).

(f)     This question improperly omits MGA (not HK).

(g)-(j)     Defendants repeat the same objectionable and erroneous questions regarding estoppel proposed in their Proposed Form of Verdict Form No. 2(j)-(m), and Mattel incorporates its objections to those questions by reference.

(k)-(l)     Defendants repeat the same objectionable and erroneous questions regarding acquiescence proposed in their Proposed Form of Verdict Form No. 2(n)-(o), and Mattel incorporates its objections to those questions by reference.

(m)-(n)     Defendants repeat the same objectionable and erroneous questions regarding consent proposed in their Proposed Form of Verdict Form No. 2(p)-(q), and Mattel incorporates its objections to those questions by reference.

1    (q)-(r)        Defendants repeat the same objectionable and erroneous

2  questions regarding waiver proposed in their Proposed Form of Verdict Form

3  No. 2(r)-(s), and Mattel incorporates its objections to those questions by reference.

4    (s)-(t)        Defendants repeat the same objectionable and erroneous

5  questions regarding the statute of limitations proposed in their Proposed Form of

6  Verdict No. 2(t), and Mattel incorporates its objections to that proposed question by

7  reference.  Mattel also objects on the ground that the proposed form improperly does

8  not incorporate the discovery rule.  "[W]hen the defendant in a conversion action

9  fraudulently conceals the relevant facts or where the defendant fails to disclose such

10  facts in violation of his or her fiduciary duty to the plaintiff," the discovery rule

11  applies.  *AmerUS Life Ins. Co. v. Bank of Am., N.A.*, 143 Cal. App. 4th 631, 639

12  (2006); *see also Orkin v. Taylor*, 487 F.3d 734, 741-42 (9th Cir. 2007) (holding that

13  the discovery rule applies to conversion claims where the defendant conceals

14  relevant facts, but affirming dismissal of claim where the plaintiff was on notice for

15  more than 40 years before filing suit).  This Court found as a matter of law that

16  Bryant "breached his fiduciary duty to communicate his inventions to Mattel when,

17  rather than doing so, he secretly entered into a contract with Mattel's competitor . . .."

18  April 25, 2008 Order, at 6.

19    (u)-(z)        Defendants repeat the same objectionable and erroneous

20  questions regarding laches proposed in their Proposed Form of Verdict Form

21  No. 2(u)-(w), and Mattel incorporates its objections to those questions by reference.

22

23

24

25

26

27

28

## MGA PARTIES AND BRYANT RESPOND AS STATED BELOW:

(a)    Per the Court's ruling on the MGA Parties' and Bryant's Motion for Partial Summary Judgment, Mattel's conversion claim is limited to tangible property, and may not be applied to ideas or concepts.  (See April 25, 2008 MSJ Order at 3.) Mattel has not identified any non-discarded tangible property that should be included beyond the sketches.

(b)    Per the Court's ruling on the MGA Parties' and Bryant's Motion for Partial Summary Judgment, Mattel's conversion claim is limited to tangible property, and may not be applied to ideas or concepts.  (See April 25, 2008 MSJ Order at 3.) Mattel has not identified any non-discarded tangible property that should be included beyond the sketches.

(c)    MGA Parties' and Bryant's Proposed Form includes Bryant and Larian. The Proposed Form does not include MGA, as Mattel waived its claims as to MGA for Phase One purposes.  (See Mattel MSJ at 50:18-20.)  Mattel's contention that "took possession of" should be added is duplicative and unnecessary.  Further, contrary to Mattel's objection, Mattel's must prove this claim against each defendant independently.

(d)    See supra (c).

(f)    MGA Parties' and Bryant's Proposed Form includes Bryant and Larian. The Proposed Form does not include MGA, as Mattel waived its claims as to MGA for Phase One purposes.  (See Mattel MSJ at 50:18-20.)

(g) – (j)    See supra (MGA Parties' and Bryant's Reply to Mattel's Objection to MGA Parties and Bryant's Proposed Verdict Form No. 2 (j)-(m)).

(k) – (l)    See supra (MGA Parties' and Bryant's Reply to Mattel's Objection to MGA Parties and Bryant's Proposed Verdict Form No. 2 (n)-(o)).

(m) – (n)    See supra (MGA Parties' and Bryant's Reply to Mattel's Objection to MGA Parties and Bryant's Proposed Verdict Form No. 2 (p)-(q)).

1    (q) – (r)    <u>See</u> <u>supra</u> (MGA Parties' and Bryant's Reply to Mattel's

2  Objection to MGA Parties and Bryant's Proposed Verdict Form No. 2 (r)-(s)).

3    (s)-(t)    <u>See</u> <u>supra</u> (MGA Parties' and Bryant's Reply to Mattel's

4  Objection to MGA Parties and Bryant's Proposed Verdict Form No. 2 (t)).  Mattel

5  complains that the Proposed Verdict Form does not include the discovery rule,

6  Mattel actually conceded that discovery rule has no application to accrual of a claim

7  for conversion. (<u>See</u> Mattel MSJ at 47 (conceding that the statute of limitations on a

8  claim for conversion starts running "upon act of wrongfully taking property", citing

9  <u>Bono v. Clark</u>, 103 Cal App 4th 1409, 1433 (2003)).)  Indeed, the discovery rule

10  does not apply to conversion claims.  Rather, "[u]nder California law, the general

11  rule is well established: '[T]he statute of limitations for conversion is triggered by

12  the act of wrongfully taking property.'" <u>AmerUS Life Ins. Co. v. Bank of America,</u>

13  <u>N.A.,</u>  143 Cal. App. 4th 631, 639 (2006) (collecting cases).  Mattel conflates

14  application of discovery rule with the issue of fraudulent concealment, an equitable

15  tolling doctrine, which is inappropriate.  See <u>AmerUS Life Ins. Co.</u>, 143 Cal. App.

16  4th at 639 (noting that tolling is limited to fraudulent concealment).  To apply

17  discovery rule via the theory of fraudulent concealment, Mattel first must establish

18  that fraudulent concealment is supported by evidence and then request a separate

19  instruction on its theory of tolling based on such fraudulent concealment.

20    (u) – (z)    <u>See</u> <u>supra</u> (MGA Parties' and Bryant's Reply to Mattel's

21  Objection to MGA Parties and Bryant's Proposed Verdict Form No. 2 (u)).

22

23

24

25

26

27

28

142

Obj. & Responses Re MGA Parties' & Bryant's [Proposed] Spec. Verdict Forms– Case No. CV 04-9049 SGL (RNBx)

1

2

**Proposed Form of Verdict No. 14 (Statutory Unfair Competition)**

3

4

5

*On the claim of MGA (HK) and Larian respecting the date when Mattel suspected or had reason to suspect that wrongdoing on the part of MGA (HK) or Larian had taken place, we, the jury, find as follows:[1]*

6

7

8

9

10

    (a)    With respect to whether MGA (HK) and/or Isaac Larian have proven that Mattel filed its claims against them more than **four years** after the acts that Mattel contends constitute unfair competition occurred, we find:

☐ yes or

☐ no.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

[1]    Pursuant to the Court's April 25, 2008 MSJ Order, there appears to be no statutory unfair competition claim remaining against Carter Bryant.  If, however, the Court disagrees, Carter Bryant also joins in this defense.

143

**MATTEL'S OBJECTIONS:**

Mattel objects to defendants' proposed verdict form as follows:

(a)     Mattel objects to any proposed forms or findings regarding Mattel's statutory unfair competition claim since that is an equitable claim that should be adjudicated by the Court, not the jury.  Defendants repeat the same objectionable and erroneous question regarding the statute of limitations proposed in their Proposed Form of Verdict No. 2(t), and Mattel incorporates its objections to that proposed question by reference.  Mattel also objects on the ground that the form is not necessary because statutory unfair competition is an equitable claim that is tried to the Court, not the jury.  *Hodge v. Superior Court*, 145 Cal. App. 4th 278, 284-85 (2006); *see also Beasley v. Wells Fargo Bank*, 235 Cal. App. 3d 1383, 1392 (1991) (holding there is no right to a jury trial in §17200 action seeking affirmative relief from credit card overlimit and late charges); *Okura & Co. (Am.), Inc. v. Careau Group*, 783 F. Supp. 482, 490 (C.D. Cal, 1991) (holding that there is no right to a jury trial in UCL claim brought in federal court).

The question also misstates the law concerning accrual of statutory unfair competition actions.  There is a split of authority as to whether the discovery rule applies to claims for statutory unfair competition.  *Compare Mass. Mutual Life Ins. Co. v. Superior Court*, 97 Cal. App. 4th 1282, 1295 (2002) (citations omitted) (holding statute "will probably run from the time a reasonable person would have discovered the basis for a claim.") *with Snapp & Asscs. Ins. Svcs., Inc. v. Robertson*, 96 Cal App. 4th 884 (2002) (finding discovery rule does not apply); *see also Grisham v. Philip Morris U.S.A., Inc.*, 40 Cal. 4th 623, 634 n.7 (2007) (assuming but not deciding that the discovery rule applies, and noting that the appellate courts are in conflict over the issue).  The Court should apply the discovery rule because this action involves a breach of duty by a fiduciary.  *Moreno v. Sanchez*, 106 Cal. App. 4th 1415, 1424 (2003) ("Delayed accrual of a cause of action is viewed as

144

1  particularly appropriate where the relationship between the parties is one of special

2  trust such as that involving a fiduciary, confidential or privileged relationship.").

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Obj. & Responses Re MGA Parties' & Bryant's [Proposed] Spec. Verdict Forms– Case No. CV 04-9049 SGL (RNBx)

## MGA PARTIES AND BRYANT RESPOND AS STATED BELOW:

1

2   (a)   The MGA Parties and Bryant have included the Proposed Form out of

3   abundance of caution, however, now that Mattel agrees that the question is for this

4   Court to resolve, there are all the more reasons to have it resolved based on the

5   parties' pending submissions in support of their respective summary judgment

6   motions.

7   As to the discovery rule issue, while Mattel acknowledges that there is a split

8   of authority as to whether discovery rule applies to the statute of limitations

9   governing its claim for statutory unfair competition, Mattel fails, however, to

10  acknowledge that the weight of authority is <u>against</u> application of discovery rule to

11  claims for statutory unfair competition; indeed, Mattel's sole authority to the

12  contrary only states that discovery rule "probably" applies, <u>Mass. Mutual Life Ins.</u>

13  <u>Co. v. Superior Court</u>, 97 Cal. App. 4th 1282, 1295 (2002); <u>but see</u> <u>In re Conseco Ins.</u>

14  <u>Co. Annuity Marketing & Sales Practices Litig.</u>, 2007 WL 486367, at *6 (N.D. Cal.

15  Feb. 12, 2007) ("The 'discovery rule,' which delays accrual of certain causes of

16  action until the plaintiff has actual or constructive knowledge of facts giving rise to

17  the claim, does not apply to unfair competition actions."), <u>citing</u> <u>Snapp & Assocs. Ins.</u>

18  <u>Servs., Inc. v. Malcolm Bruce Burlingame Robertson</u>, 96 Cal. App. 4th 884, 891

19  (2002) (discovery rule does not apply to unfair competition claims); <u>Stutz Motor Car</u>

20  <u>of Am., Inc. v. Reebok Int'l, Ltd.</u>, 909 F. Supp. 1353, 1363 (C.D. Cal. 1995) ("[T]he

21  'discovery rule' ... is inapplicable on this count [for statutory unfair competition];

22  thus, the statute begins to run when cause of action accrues, irrespective of whether

23  plaintiff knew of its accrual"), <u>aff'd</u>, 113 F.3d 1258 (Fed. Cir. 1997). Mattel's

24  reliance on <u>Moreno v. Sanchez</u>, 106 Cal. App. 4th 1415, 1424 (2003), is unavailing,

25  given that Bryant did not owe any fiduciary duty to Mattel, as demonstrated in

26  Bryant's summary judgment papers and pending Motion for Reconsideration.  <u>See</u>

27  <u>American Top English v. Lexicon Marketing (USA), Inc.</u>, 2004 WL 2271838, at *7

28  (N.D. Ill. Oct. 4, 2004) (rejecting application of <u>Moreno</u> because plaintiff failed to

146

Obj. & Responses Re MGA Parties' & Bryant's [Proposed] Spec. Verdict Forms– Case No. CV 04-9049 SGL (RNBx)

1   establish that fiduciary duty was owed by the defendant). Indeed, courts have refused

2   to apply discovery rule to claims for statutory unfair competition even where

3   plaintiffs, such as Mattel here, allege that the defendant owed a fiduciary duty to

4   them. See, e.g., In re Conseco Ins. Co., 2007 WL 486367, at *6 (N.D. Cal. Feb. 12,

5   2007) (refusing to apply delayed discovery rule to statutory unfair competition claim,

6   even though plaintiffs also alleged a claim for breach of fiduciary duty).  (See also

7   supra (MGA Parties' and Bryant's Reply to Mattel's Objection to MGA Parties and

8   Bryant's Proposed Verdict Form No. 2 (t).)

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PHASE 1-B VERDICT FORMS

## Proposed Form of Verdict No. 1 (Copyright Ownership)

*Do you find that Mattel has established by a fair preponderance of the credible evidence that it is the owner of any of the following works?*

(a)   With respect to Mattel's claim that it owns Carter Bryant's drawing referred to as "drawing of Doll No. 1", contained in Mattel Registration VA 1-387-648, we find:

☐ yes or

☐ no.

(b)   With respect to Mattel's claim that it owns Carter Bryant's drawing referred to as "drawing of Doll No. 2", contained in Mattel Registration VA 1-387-649, we find:

☐ yes or

☐ no.

(c)   With respect to Mattel's claim that it owns Carter Bryant's drawing referred to as "group drawing of Dolls", contained in Mattel Registration VA 1-387-650, we find:

☐ yes or

☐ no.

(d)   With respect to Mattel's claim that it owns Carter Bryant's drawing referred to as "drawing of Doll No. 3", contained in Mattel Registration VA 1-387-651, we find:

☐ yes or

☐ no.

1     (e)   With respect to Mattel's claim that it owns Carter Bryant's drawing

2          referred to as "drawing of Doll No. 4", contained in Mattel Registration

3          VA 1-387-652, we find:

4          ☐ yes or

5          ☐ no.

6     (f)   With respect to Mattel's claim that it owns Carter Bryant's drawing

7          referred to as "drawing of Doll No. 5", contained in Mattel Registration

8          VA 1-387-653, we find:

9          ☐ yes or

10         ☐ no.

11    (g)   With respect to Mattel's claim that it owns Carter Bryant's drawing

12         referred to as "drawing of Doll No. 6", contained in Mattel Registration

13         VA 1-387-654, we find:

14         ☐ yes or

15         ☐ no.

16    (h)   With respect to Mattel's claim that it owns Carter Bryant's drawing

17         referred to as "drawing of Doll No. 7", contained in Mattel Registration

18         VA 1-387-655, we find:

19         ☐ yes or

20         ☐ no.

21    (i)   With respect to Mattel's claim that it owns Carter Bryant's drawing

22         referred to as "drawing of Doll No. 8", contained in Mattel Registration

23         VA 1-387-656, we find:

24         ☐ yes or

25         ☐ no.

26    (j)   With respect to Mattel's claim that it owns Carter Bryant's drawing

27         referred to as "drawing of Doll No. 9", contained in Mattel Registration

28         VA 1-387-657, we find:

149

1   ☐yes or

2   ☐no.

3   (k)   With respect to Mattel's claim that it owns Carter Bryant's drawing

4         referred to as "drawing of Doll No. 10", contained in Mattel

5         Registration VA 1-387-658, we find:

6         ☐yes or

7         ☐no.

8   (l)   With respect to Mattel's claim that it owns Carter Bryant's drawing

9         referred to as "drawing of Doll No. 11", contained in Mattel

10        Registration VA 1-387-659, we find:

11        ☐yes or

12        ☐no.

13  (m)   With respect to Mattel's claim that it owns Carter Bryant's drawing

14        referred to as "drawing of Doll No. 12", contained in Mattel

15        Registration VA 1-387-660, we find:

16        ☐yes or

17        ☐no.

18  (n)   With respect to Mattel's claim that it owns Carter Bryant's drawing

19        referred to as "body drawing", contained in Registration Mattel VAu

20        715-270, we find:

21        ☐yes or

22        ☐no.

23  (o)   With respect to Mattel's claim that it owns Carter Bryant's drawing

24        referred to as "drawing of two dolls", contained in Mattel Registration

25        VAu 715-271, we find:

26        ☐yes or

27        ☐no.

28

1

(p)    With respect to Mattel's claim that it owns Carter Bryant's drawing

2          referred to as "drawing of heads", contained in Mattel Registration VAu

3          715-273 , we find:

4          ☐yes or

5          ☐no.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

151

Obj. & Responses Re MGA Parties' & Bryant's [Proposed] Spec. Verdict Forms– Case No. CV 04-9049 SGL (RNBx)

1

## MATTEL'S OBJECTIONS:

2

(a)-(p)         Mattel objects to defendants' proposed verdict form and all of the

3
findings requested therein on the grounds that they are unnecessary and improper.

4
Mattel's ownership of the copyrights at issue will be determined by the Court and/or

5
the jury in Phase 1A.  Accordingly, there is no need to ask the jury to make 16

6
findings on this issue in Phase 1B.  The proposed form is also misleading and

7
argumentative in that it asks the jury to find that Mattel established ownership by "a

8
*fair* preponderance of the *credible* evidence."  The burden of proof is a

9
preponderance of the evidence, and to the extent that the defendants' proposed form

10
erroneously suggests that Mattel's burden is heightened, it is prejudicial.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MGA PARTIES AND BRYANT RESPOND AS STATED BELOW:

(a) – (p)   Mattel has brought an action for copyright infringement.   A necessary precondition to finding infringement is determining copyright ownership. This Proposed Verdict Form seeks to have the jury determine Mattel's copyright interest in Bryant's various drawings.   By having the jury answer a question a to each drawing, the Verdict Form reduces the risk of confusion and helps to ensure a clear verdict on infringement.   It is not clear how the form is "misleading" or "argumentative."

Mattel objects that the MGA Parties' and Bryant's use of the words "fair" and "credible" somehow prejudices the jury against them.   Specifically, Mattel objects to the phrase "fair preponderance of credible evidence" instead of "preponderance of evidence."   However, the phrase "fair preponderance of credible evidence" is not an original creation by the MGA Parties and Bryant and is used to signify the same standard.   See, e.g., Sogem-Afrimet, Inc. v. M/V Ikan Selayang,  951 F. Supp. 429, 441 (S.D.N.Y. 1996), ("Upon examination, the fair preponderance of credible evidence supports plaintiff's allegation that it delivered the cargo to defendant in good condition and received damaged goods at outturn. Accordingly, the court finds that plaintiff has sustained its burden of proving its prima facie case."), aff'd, 122 F.3d 1057 (2d Cir. 1997).   It is simply more descriptive.   Mattel's continual insistence that "less is more" in the face of a long and complex trial with myriad legal terms and concepts is, in the MGA Parties and Bryant's view, misguided.

**<u>Proposed Form of Verdict No. 2 (Copyright Infringement)</u>**

*Do you find, after considering each essential element of copyright infringement, including the filtration required for the extrinsic and intrinsic tests, that Mattel has established by a fair preponderance of the credible evidence that MGA, MGA (HK), Carter Bryant, or Isaac Larian infringed Mattel's copyrights with respect to the following works, each considered separately?*

(a)    With respect to Mattel's claim that Carter Bryant, MGA, MGA (HK), and/or Isaac Larian infringed Carter Bryant's drawing referred to as "drawing of Doll No. 1", contained in Registration VA 1-387-648, we find:  **YES** _____    **NO** _____

   If YES:

   (i)    As to BRATZ dolls

      ☐yes or  (If yes, as to which defendant(s) _____)
      ☐no.

   (ii)    As to character art

      ☐yes or  (If yes, as to which defendant(s) _____)
      ☐no.

(b)    With respect to Mattel's claim that Carter Bryant, MGA, MGA (HK), and/or Isaac Larian infringed Carter Bryant's drawing referred to as "drawing of Doll No. 2", contained in Registration VA 1-387-649, we find:  **YES** _____    **NO** _____

   If YES:

   **(i)**    As to BRATZ dolls

      ☐yes or  (If yes, as to which defendant(s) _____)

154

1    ☐ no.

2
3    **(ii)**    As to character art

4        ☐ yes or (If yes, as to which defendant(s) _____)

5        ☐ no.

6    (c)    With respect to Mattel's claim that Carter Bryant, MGA, MGA (HK),

7        and/or Isaac Larian infringed Carter Bryant's drawing referred to as

8        "group drawing of Dolls", contained in Registration VA 1-387-650, we

9        find:  **YES** _____    **NO** _____

10        If YES:

11
12    **(i)**    As to BRATZ dolls

13        ☐ yes or  (If yes, as to which defendant(s) _____)

14        ☐ no.

15
16    **(ii)**    As to character art

17        ☐ yes or (If yes, as to which defendant(s) _____)

18        ☐ no.

19    (d)    With respect to Mattel's claim that Carter Bryant, MGA, MGA (HK),

20        and/or Isaac Larian infringed Carter Bryant's drawing referred to as

21        "drawing of Doll No. 3", contained in Registration VA 1-387-651, we

22        find:  **YES** _____    **NO** _____

23        If YES:

24
25    **(i)**    As to BRATZ dolls

26        ☐ yes or (If yes, as to which defendant(s) _____)

27        ☐ no.

28
    **(ii)**    As to character art

1    ☐yes or  (If yes, as to which defendant(s) _____)

2    ☐no.

3    (e)    With respect to Mattel's claim that Carter Bryant, MGA, MGA (HK),

4    and/or Isaac Larian infringed Carter Bryant's drawing referred to as

5    "drawing of Doll No. 4", contained in Registration VA 1-387-652, we

6    find: **YES** ____    **NO** ____

7    If YES:

8
9    **(i)**    As to BRATZ dolls

10    ☐yes or (If yes, as to which defendant(s) _____)

11    ☐no.

12
13    **(ii)**    As to character art

14    ☐yes or  (If yes, as to which defendant(s) _____)

15    ☐no.

16

17    (f)    With respect to Mattel's claim that Carter Bryant, MGA, MGA (HK),

18    and/or Isaac Larian infringed Carter Bryant's drawing referred to as

19    "drawing of Doll No. 5", contained in Registration VA 1-387-653, we

20    find: **YES** ____    **NO** ____

21    If YES:

22
23    **(i)**    As to BRATZ dolls

24    ☐yes or  (If yes, as to which defendant(s) _____)

25    ☐no.

26
27    **(ii)**    As to character art

28    ☐yes or (If yes, as to which defendant(s) _____)

1    ☐no.

2    (g)    With respect to Mattel's claim that Carter Bryant, MGA, MGA (HK),

3    and/or Isaac Larian infringed Carter Bryant's drawing referred to as

4    "drawing of Doll No. 6", contained in Registration VA 1-387-654, we

5    find:  **YES** _____   **NO** _____

6    If YES:

7

8    **(i)**    As to BRATZ dolls

9    ☐yes or  (If yes, as to which defendant(s) _____)

10   ☐no.

11

12   **(ii)**   As to character art

13   ☐yes or  (If yes, as to which defendant(s) _____)

14   ☐no.

15   (h)    With respect to Mattel's claim that Carter Bryant, MGA, MGA (HK),

16   and/or Isaac Larian infringed Carter Bryant's drawing referred to as

17   "drawing of Doll No. 7", contained in Registration VA 1-387-655, we

18   find:  **YES** _____   **NO** _____

19   If YES:

20

21   **(i)**    As to BRATZ dolls

22   ☐yes or  (If yes, as to which defendant(s) _____)

23   ☐no.

24

25   **(ii)**   As to character art

26   ☐yes or  (If yes, as to which defendant(s) _____)

27   ☐no.

28

(i)     With respect to Mattel's claim that Carter Bryant, MGA, MGA (HK), and/or Isaac Larian infringed Carter Bryant's drawing referred to as "drawing of Doll No. 8", contained in Registration VA 1-387-656, we find:  **YES** _____    **NO** _____

If YES:

**(i)**     As to BRATZ dolls

☐ yes or  (If yes, as to which defendant(s) _____ )
☐ no.

**(ii)**    As to character art

☐ yes or  (If yes, as to which defendant(s) _____ )
☐ no.

(j)     With respect to Mattel's claim that Carter Bryant, MGA, MGA (HK), and/or Isaac Larian infringed Carter Bryant's drawing referred to as "drawing of Doll No. 9", contained in Registration VA 1-387-657, we find:  **YES** _____    **NO** _____

If YES:

**(i)**     As to BRATZ dolls

☐ yes or  (If yes, as to which defendant(s) _____ )
☐ no.

**(ii)**    As to character art

☐ yes or (If yes, as to which defendant(s) _____ )
☐ no.

(k)     With respect to Mattel's claim that Carter Bryant, MGA, MGA (HK), and/or Isaac Larian infringed Carter Bryant's drawing referred to as

158

1   "drawing of Doll No. 10", contained in Registration VA 1-387-658, we

2   find:  **YES** _____    **NO** _____

3       If YES:

4

5       **(i)**    As to BRATZ dolls

6       ☐yes or  (If yes, as to which defendant(s) _____)

7       ☐no.

8

9       **(ii)**   As to character art

10      ☐yes or  (If yes, as to which defendant(s) _____)

11      ☐no.

12  (l)   With respect to Mattel's claim that Carter Bryant, MGA, MGA (HK),

13      and/or Isaac Larian infringed Carter Bryant's drawing referred to as

14      "drawing of Doll No. 11", contained in Registration VA 1-387-659, we

15  find:  **YES** _____    **NO** _____

16      If YES:

17      **(i)**    As to BRATZ dolls

18

19      ☐yes or  (If yes, as to which defendant(s) _____)

20      ☐no.

21      **(ii)**   As to character art

22

23      ☐yes or  (If yes, as to which defendant(s) _____)

24      ☐no.

25  (m)   With respect to Mattel's claim that Carter Bryant, MGA, MGA (HK),

26      and/or Isaac Larian infringed Carter Bryant's drawing referred to as

27      "drawing of Doll No. 12", contained in Registration VA 1-387-660, we

28  find:  **YES** _____    **NO** _____

1    If YES:

2
3       **(i)**    As to BRATZ dolls

4              ☐yes or  (If yes, as to which defendant(s) _____)

5              ☐no.

6
7       **(ii)**   As to character art

8              ☐yes or  (If yes, as to which defendant(s) _____)

9              ☐no.

10   (n)   With respect to Mattel's claim that Carter Bryant, MGA, MGA (HK),

11        and/or Isaac Larian infringed Carter Bryant's drawing referred to as

12        "body drawing", contained in Registration VAu 715-270, we find:

13            **YES ____   NO ____**

14            If YES:

15
16      **(i)**    As to BRATZ dolls

17             ☐yes or  (If yes, as to which defendant(s) _____)

18             ☐no.

19
20      **(ii)**   As to character art

21             ☐yes or  (If yes, as to which defendant(s) _____)

22             ☐no.

23   (o)   With respect to Mattel's claim that Carter Bryant, MGA, MGA (HK),

24        and/or Isaac Larian infringed Carter Bryant's drawing referred to as

25        "drawing of two dolls", contained in Registration VAu 715-271, we find:

26            **YES ____   NO ____**

27            If YES:

28
        **(i)**    As to BRATZ dolls

160

1    ☐yes or  (If yes, as to which defendant(s) _____)

2    ☐no.

3

        **(ii)**    As to character art

4

5    ☐yes or  (If yes, as to which defendant(s) _____)

6    ☐no.

7    (p)    With respect to Mattel's claim that Carter Bryant, MGA, MGA (HK),

8        and/or Isaac Larian infringed Carter Bryant's drawing referred to as

9        "drawing of heads", contained in Registration VAu 715-273, we find:

10        **YES _____   NO _____**

11        If YES:

12

        **(i)**    As to BRATZ dolls

13

14    ☐yes or  (If yes, as to which defendant(s) _____)

15    ☐no.

16

        **(ii)**    As to character art

17

18    ☐yes or (If yes, as to which defendant(s) _____)

19    ☐no.

20

21    ***If you have found that Carter Bryant, MGA, MGA (HK), or Larian are***

22    ***liable for copyright infringement, next consider whether Mattel should be barred***

23    ***from recovery on any of the following grounds:***

24

25    *On the claim of MGA , MGA (HK), Isaac Larian, and Carter Bryant that*

26    *Mattel is estopped from asserting claims for copyright infringement, we, the jury,*

27    *find as follows:*

28

(q)   With respect to whether Mattel made a representation of fact, at any relevant time, by its actions, silence or omission, we find:

☐ yes or

☐ no.  (If no, please proceed to 2(u))

(r)   With respect to whether Mattel had knowledge that BRATZ potentially infringed on its intellectual property, we find:

☐ yes or

☐ no. (If no, please proceed to 2(u))

(s)   With respect to whether Carter Bryant, MGA, MGA (HK), and/or Isaac Larian were ignorant of Mattel's claims of ownership of Bryant's BRATZ sketches, we find:

☐ yes or

☐ no. (If no, please proceed to 2(u))

(t)   With respect to whether Carter Bryant, MGA, MGA (HK), and/or Isaac Larian reasonably relied on Mattel's silence to their detriment, we find:

☐ yes or

☐ no. (If no, please proceed to 2(u))

**If you answered YES to each of 2(q) – 2(t), please proceed to Verdict Form No. 3.**

*On the claim of MGA, MGA (HK), Isaac Larian, and Carter Bryant that Mattel has acquiesced, at any relevant time, to the infringement of its alleged copyrights, we, the jury, find as follows:*

(u)   With respect to whether Mattel's acts or words, silence or inaction, would be understood by a reasonable person as intended to indicate that the conduct is allowed, we find:

☐ yes or

☐no. (If no, please proceed to 2(w))

(v)    With respect to whether Carter Bryant, MGA, MGA (HK), and/or Isaac Larian understood Mattel's acts or words, silence or inaction to indicate that it had no objection to the development and marketing of the BRATZ, we find:

☐yes or

☐no. (If no, please proceed to 2(w))

**If you answered YES to each of 2(u) – 2(v), please proceed to Verdict Form No. 3.**

*On the claim of MGA, MGA (HK), Isaac Larian, and Carter Bryant that Mattel has abandoned its claims for copyright infringement, we, the jury, find as follows*:

(w)    With respect to whether Mattel intended to surrender ownership rights in the work, we find:

☐yes or

☐no. (If no, please proceed to 2(y))

(x)    With respect to whether Mattel's conduct was consistent with an intent to abandon or implied an abandonment, we find:

☐yes or

☐no. (If no, please proceed to 2(y))

**If you answered YES to each of 2(w) – 2(x), please proceed to Verdict Form No. 3.**

*On the claim of MGA, MGA (HK), Isaac Larian, and Carter Bryant that Mattel cannot recover on an action for copyright infringement as the similarities*

163

*between the protectable elements of the BRATZ drawings and the BRATZ dolls are de minimis, we, the jury, find as follows*:

    (y)    With respect to whether the similarities between the drawings and the dolls consist primarily of unprotectable elements:

        ☐yes or

        ☐no. (If no, please proceed to 2(aa))

    (z)    With respect to whether the drawings and the dolls are virtually identical:

        ☐yes or

        ☐no. (If no, please proceed to 2(aa))

**If you answered YES to each of 2(y) – 2(z), please proceed to Verdict Form No. 3.**

*On the claim of Carter Bryant, MGA, MGA (HK) and Larian respecting the date when they publicly asserted an ownership over property to which Mattel knew or had reason to suspect it had a copyright interest, we, the jury, find as follows:*

    (aa)    With respect to whether MGA, MGA (HK) and/or Isaac Larian have proven that Mattel filed its claims against them more than **three years** after they publicly asserted an ownership over property to which Mattel knew or had reason to suspect it had a copyright interest, we find:

        ☐yes or

        ☐no.

    (bb)    With respect to whether Carter Bryant has proven that Mattel filed its claims more than **three years** after he publicly asserted an ownership over property to which Mattel knew or had reason to suspect it had a copyright interest, we find:

        ☐yes or

1  ☐no.

2

3 **If you answered YES to each of 2(aa) – 2(bb), please proceed to Verdict Form**

4 **No. 3.**

5

6  *On the affirmative defense of laches, we, the jury, find as follows:*

7  (cc)  With respect to whether MGA, MGA (HK), and/or Isaac Larian have

8  established that Mattel delayed unreasonably in asserting its claim

9  against them for copyright infringement, we find:

10  ☐yes or

11  ☐no.

12  (dd)  With respect to whether MGA, MGA (HK), and/or Isaac Larian have

13  established that they were prejudiced by Mattel's delay because

14  evidence has been lost or witnesses memories have faded, we find:

15  ☐yes or

16  ☐no.

17  (ee)  With respect to whether MGA, MGA (HK), and/or Isaac Larian have

18  established that they were prejudiced by Mattel's delay because they

19  have expended time, resources, or money in reliance on Mattel's failure

20  to file suit, we find:

21  ☐yes or

22  ☐no.

23  (ff)  With respect to whether Carter Bryant has established that Mattel

24  delayed unreasonably in asserting its claim that Carter Bryant infringed

25  on Mattel's copyright infringement, we find:

26  ☐yes or

27  ☐no.

28

1    (gg)   With respect to whether Carter Bryant has established that he was
2           prejudiced by Mattel's delay because evidence has been lost or
3           witnesses memories have faded, we find:
4           ☐ yes or
5           ☐ no.
6    (hh)   With respect to whether Carter Bryant has established that he was
7           prejudiced by Mattel's delay because Carter Bryant has expended time,
8           resources, or money in reliance on Mattel's failure to file suit, we find:
9           ☐ yes or
10          ☐ no.

11
12   *If you have found that Carter Bryant, MGA, MGA (HK), or Isaac Larian*
13   *are liable for copyright infringement, that none of their affirmative defenses apply,*
14   *and that Mattel's recovery is not barred by the statute of limitations, next consider*
15   *whether Mattel is entitled to damages resulting from Carter Bryant, MGA, MGA*
16   *(HK), or Isaac Larian's infringement.*

17   (ii)   *For each drawing you found to be infringed,* do you find that Mattel
18          has established by a fair preponderance of the evidence that it is entitled
19          to recover more than nominal damages from MGA and MGA (HK) as a
20          consequence of a finding or findings of copyright infringement?
21          ☐ yes or
22          ☐ no.
23   (jj)   If your answer is YES, state the amount of gross revenues that Mattel
24          has proven are attributable to the protectable portion of the copyrighted
25          work:
26          $_____
27   (kk)   Next, state the deductible expenses associated with the infringing
28          products:

1    $_____

2    (ll)   Finally, what are the profits attributable to the protectable portion of the

3          infringing product that Mattel has established will fairly and reasonably

4          compensate it for the losses that it has incurred as a consequence of

5          MGA and MGA (HK)'s copyright infringement.

6          $_____

7    (mm)  **For each drawing you found to be infringed,** do you find that Mattel

8          has established by a fair preponderance of the evidence that it is entitled

9          to recover more than nominal damages from Carter Bryant as a

10         consequence of a finding or findings of copyright infringement?

11         ☐yes or

12         ☐no.

13   (nn)   If your answer is YES, state the amount of gross revenues that Mattel

14         has proven are attributable to the protectable portion of the copyrighted

15         work

16         $_____

17   (oo)   Next, state the deductible expenses associated with the infringing

18         products:

19         $_____

20   (pp)   Finally, what are the profits attributable to the protectable portion of the

21         infringing product that Mattel has established will fairly and reasonably

22         compensate it for the losses that it has incurred as a consequence of

23         Carter Bryant's copyright infringement.

24         $_____

25   (qq)   **For each drawing you found to be infringed,** do you find that Mattel

26         has established by a fair preponderance of the evidence that it is entitled

27         to recover more than nominal damages from Isaac Larian as a

28         consequence of a finding or findings of copyright infringement?

1              ☐yes or

2              ☐no.

3     (rr)    If your answer is YES, state the amount of gross revenues that Mattel

4              has proven are attributable to the protectable portion of the copyrighted

5              work

6              $_____

7     (ss)    Next, state the deductible expenses associated with the infringing

8              products:

9              $_____

10    (tt)    Finally, what are the profits attributable to the protectable portion of the

11             infringing product that Mattel has established will fairly and reasonably

12             compensate it for the losses that it has incurred as a consequence of

13             Isaac Larian's copyright infringement.

14             $_____

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MATTEL'S OBJECTIONS:**

2        Mattel objects to defendants' proposed verdict form as follows:

3        (a)-(p)      The proposed form is misleading and argumentative in that it asks the jury to find that Mattel established infringement by "a ***fair*** preponderance of the ***credible*** evidence." The burden of proof is a preponderance of the evidence, and to the extent that the defendants' proposed form erroneously suggests that Mattel's burden is heightened, it is prejudicial. The proposed form is also improper and prejudicial in that defendants tell the jury that filtration analysis is an "essential element of copyright infringement," which is erroneous as a matter of law because filtration does not apply to visual works of art such as Bryant's Bratz works. *See* Mattel's Objections to Defendants' Proposed Jury Instructions re: Copyright. It is also unduly burdensome and overly complicated to ask the jury to make 32 separate findings of copyright infringement.

14      (q)-(t)      These proposed questions regarding the purported "estoppel of copyright" defense are contrary to the Court's April 25, 2008 Order and therefore moot. The Court found that the defense of estoppel is equitable in nature and expressly deferred ruling on this defense until after trial. *See* April 25, 2008 Order, at 7. In any event, "estoppel of copyright" is not an affirmative defense, and the proposed form is erroneous as a matter of law. Defendants improperly seek to create a novel defense which has no support in Ninth Circuit case law. The relevant defense would be abandonment of copyright, which the Court has also expressly deferred ruling on until after trial. *Id.* The abandonment defense requires some overt act; mere inaction is insufficient to demonstrate an intent to abandon a copyright. Even if framed as a general estoppel defense, the proposed verdict form is erroneous because it focuses on defendants' ignorance of "Mattel's claims of ownership of Bryant's BRATZ sketches," instead of defendants' knowledge of the true facts involved in the dispute. Mattel also objects to defendants' use of the derogatory term "sketches" when referring to Mr. Bryant's drawings and designs.

169

Obj. & Responses Re MGA Parties' & Bryant's [Proposed] Spec. Verdict Forms– Case No. CV 04-9049 SGL (RNBx)

1    (u)-(v)    These proposed questions regarding the purported acquiescence

2  defense are contrary to the Court's April 25, 2008 Order and therefore moot.  The

3  Court found that the affirmative defense of acquiescence is equitable in nature and

4  expressly deferred ruling on this defense until after trial.  *See* April 25, 2008 Order,

5  at 7.  In any event, defendants' introductory sentence to the questions on the

6  acquiescence defense is inaccurate because it focuses on the conduct of other

7  employees when the only relevant issue is whether Mattel acquiesced to Bryant's

8  violations of his legal duties.  *See* Mattel's Objections to Defendants Proposed Jury

9  Instructions, at 108-09.  Additionally, the question fails to recognize that

10  acquiescence requires an assurance to the defendant, express or implied, that the

11  plaintiff would not assert legal claims against him.  The element of assurance may

12  not ordinarily be found from silence.  *See id*.  Defendants have offered no legal

13  support for this erroneous construction of the standard.  Further, Defendants

14  impermissibly focus the jurors' attention on silence or omissions and the conduct of

15  other employees, which could distract the jurors from the relevant issue of whether

16  Mattel assented to Bryant's breaches.  *See id*.  For the reasons stated above, Mattel

17  renews its objections to Defendants' acquiescence verdict form.

18    (w)    Rather than stating "work" singular, the form should state "Bratz-related

19  materials" so as to avoid jury confusion.

20    (x)    This proposed finding deviates from the Ninth Circuit Model Jury

21  Instruction 17.19 by suggesting that Mattel's conduct need only be "consistent with

22  an intent to abandon" or "implied an abandonment."  The Model Instruction requires

23  defendants to prove "an act by the plaintiff evidencing that intent"; the verdict form

24  should conform to that language, to the extent the jury addresses this issue at all.

25    (y)-(z)    These proposed findings improperly assign to the jury the task of

26  determining which elements of a work are protectable, which is a task for the Court,

27  and not the jury, and erroneously impose a standard of "virtually identical" rather

28  than "substantially similar," which is the proper standard.  *See* Mattel's Objection to

170

1   Instruction No. 1.  Moreover, defendants omit essential aspects of the *de minimis* use

2   test.  The form must make clear that use is considered *de minimis* only if it is so

3   meager and fragmentary that the average audience would not recognize the

4   appropriation.  *See* Mattel's Objections to Defendants' Proposed Jury Instruction re:

5   *De Minimis* Use.  Moreover, the proposed form should make clear that the jury must

6   compare the qualitative and quantitative significance of Bryant's original drawings in

7   relation to the Bratz dolls as a whole and find Bryant's copying inconsequential.

8       (aa)    This question is improper as it is well settled that mere suspicion of

9   wrongdoing will not commence the running of the statute of limitations.

10  *Intermedics, Inc. v. Ventritex, Inc.*, 775 F. Supp. 1258, 1266 (N.D. Cal. 1991)

11  (holding "We cannot apply statute of limitations in a way that pressures litigants to

12  file suits based merely on suspicions and fears. …[S]uspicion and fear are not

13  sufficient predicates for launching a lawsuit, and to file an action with no other basis

14  would offend norms articulated in rules like Federal Rule of Civil Procedure 11.");

15  *Garamendi v. SDI Vendome S.A.*, 276 F. Supp. 2d 1030, 1043 (C.D. Cal. 2003)

16  (finding plaintiff is "on notice" only when he has "an awareness of sufficient facts to

17  identify a particular cause of action… [It does] not mean the kind of notice -- based

18  on hints, suspicions, hunches or rumors -- that requires a plaintiff to make inquiries

19  in the exercise of due diligence, but not to file suit.") (citation omitted).  In any

20  event, even if suspicion was the standard, the instruction does not explain that the

21  suspicion must relate to the specific cause of action sued upon; which in this case is

22  whether defendants' production of Bratz infringes Mattel's rights in the work that

23  Bryant created while at Mattel.  *Fox v. Ethicon Endo-Surgery, Inc*,. 35 Cal. 4th 797,

24  806, 808 (2005) (quoting *Norgart v. Upjohn Co.*, 21 Cal. 4th 383 (1999)).

25      The form is also improper because it fails to recognize that the statute of

26  limitations is tolled where the defendant fraudulently conceals the evidence of his

27  wrongdoing.  *Garamendi v. SDI Vendome S.A.*, 276 F. Supp. 2d 1030, 1042-3 (C.D.

28  Cal. 2003); *Hynix Semiconductor v. Rambus, Inc.*, 2007 WL 3284060, at *3 (N.D.

171

Obj. & Responses Re MGA Parties' & Bryant's [Proposed] Spec. Verdict Forms– Case No. CV 04-9049 SGL (RNBx)

1   Cal. Nov. 2, 2007) (finding that tolling based on fraudulent concealment ends when

2   the plaintiff has "a suspicion of wrongdoing, coupled with a knowledge of the harm

3   and its cause"); *Grisham v. Philip Morris U.S.A., Inc.*, 40 Cal. 4th 623, 637 (2007)

4   (finding "[a] defendant's fraud in concealing a cause of action against him will toll

5   the statute of limitations."); *Bernson v. Browning-Ferris Indus.*, 7 Cal. 4th 926, 931

6   (1994) (reversing summary judgment on statute of limitations grounds where

7   "defendant's fraud in concealing a cause of action against him tolls the applicable

8   statute of limitations"); *April Enters., Inc. v. KTTV*, 147 Cal. App. 3d 805, 831-2

9   (1983). Mattel will prove at trial that defendants concealed their wrongdoing by,

10  inter alia, making false public statements concerning the origin of the Bratz dolls.

11  This Court found as a matter of law that Bryant "breached his fiduciary duty to

12  communicate his inventions to Mattel when, rather than doing so, he secretly entered

13  into a contract with Mattel's competitor . . .." April 25, 2008 Order, at 6.

14  Accordingly, "near-actual" notice, rather than "inquiry notice," is the governing

15  standard. *Garamendi*, 276 F. Supp. 2d at 1042-3; *Hynix Semiconductor*, 2007 WL

16  3284060, at *3 (tolling based on fraudulent concealment ends when the plaintiff has

17  "a suspicion of wrongdoing, ***coupled with a knowledge*** of the harm and its cause")

18  (emphasis added).

19          Further, the form misstates the law with respect to accrual of a claim.

20  Specifically, the form does not distinguish between wrongdoing in general and the

21  specific wrongdoing alleged in this action. The proper standard – as set out by the

22  California Supreme Court – is that a claim does not accrue that a claim does not

23  accrue if the plaintiff merely suspects an injury, if "a reasonable investigation at that

24  time would not have revealed a factual basis for that particular cause of action."

25  *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 805 (2005). Thus, "if a

26  plaintiff's reasonable and diligent investigation discloses only one kind of

27  wrongdoing when the injury was actually caused by tortuous conduct of a wholly

28  different sort, the discovery rule postpones accrual of the statute of limitations on the

1  newly discovered claim." *Id.*; *see also Roley v. New World Pictures, Ltd.*, 19 F.3d
2  479, 481 (9th Cir. 1994).

3          Lastly, the Court's April 25, 2008 Order made no findings with respect to the
4  statute of limitations arguments raised by the parties' motions.

5          (bb)   Because this proposed form is substantially identical to defendants'
6  Phase I-B Proposed Verdict Form No. 2(aa), Mattel incorporates its objections to
7  that form as if fully set forth herein.

8          (cc)-(hh)      These proposed questions regarding the purported laches defense
9  are contrary to the Court's April 25, 2008 Order and therefore moot.  The Court
10  found that the affirmative defense of laches is equitable in nature and expressly
11  deferred ruling on this defense until after trial.  *See* April 25, 2008 Order, at 7.  In
12  any event, defendants cannot raise a laches to defense to a claim for copyright
13  infringement.

14          (ii)    Defendants' preamble to the damages forms is confusing and
15  complicated.  The proposed form is misleading and argumentative.  It misleadingly
16  asks the jury to find that Mattel established damages by "a fair preponderance of the
17  evidence," when the burden of proof is a preponderance of the evidence.  It is also
18  argumentative in asking the jury whether Mattel established that it is entitled to
19  recover "more than nominal damages."  The form should simply ask the jury whether
20  Mattel proved damages for this claim.

21          (jj)    Defendants' proposed form deviates from the Ninth Circuit Model
22  Instruction, which provides that Mattel may recover profits attributable to the
23  infringement of copyrighted work.  *See* 9th Cir. Civ. Jur. Instr. 17.24.  Defendants
24  have inserted the argumentative and confusing phrase "attributable to the protectable
25  portion of the copyrighted work."

26          (kk)   Defendants' proposed form fails to reflect that the defendants bear the
27  burden of proving any deductible expenses permitted under the law.  (*Compare*

28

1    defendants' proposed form regarding gross revenues:  "state the amount of gross

2    revenues that Mattel has proven are attributable to . . ..").

3          (ll)    Defendants' proposed form deviates from the Ninth Circuit Model

4    Instruction and is misleading and prejudicial.  The form erroneously indicates that

5    the jury must make another determination as to "profits attributable to the protectable

6    portion of the infringing product that Mattel has established will fairly and

7    reasonably compensate it for the losses that it has incurred as a consequence of . . .

8    copyright infringement."  All the jury needs to do is subtract the allowable

9    deductions proved by the defendants from the gross revenues proved by Mattel to

10   arrive at the damages figure.  Defendants' insertion of the phrases "attributable to the

11   protectable portion of the infringing product" and "fairly and reasonably

12   compensate" are argumentative and not supported by the model instruction.

13         (mm) This proposed form is substantially the same as (ii).  Mattel incorporates

14   its objections to (ii) as if fully set forth herein.

15         (nn)   This proposed form is substantially the same as (jj).  Mattel incorporates

16   its objections to (jj) as if fully set forth herein.

17         (oo)   This proposed form is substantially the same as (kk).  Mattel

18   incorporates its objections to (kk) as if fully set forth herein.

19         (pp)   This proposed form is substantially the same as (ll).  Mattel incorporates

20   its objections to (ll) as if fully set forth herein.

21         (qq)   This proposed form is substantially the same as (ii).  Mattel incorporates

22   its objections to (ii) as if fully set forth herein.

23         (rr)    This proposed form is substantially the same as (jj).  Mattel incorporates

24   its objections to (jj) as if fully set forth herein.

25         (ss)    This proposed form is substantially the same as (kk).  Mattel

26   incorporates its objections to (kk) as if fully set forth herein.

27         (tt)    This proposed form is substantially the same as (ll).  Mattel incorporates

28   its objections to (ll) as if fully set forth herein.

174

1    **MGA PARTIES AND BRYANT RESPOND AS STATED BELOW:**

2    (a) – (p)    MGA Parties' and Bryant's Proposed Verdict Form is the correct

3    statement of law.    Although it does not correctly apply it, Mattel admits that

4    determining whether two works are substantially similar involves an extrinsic

5    (objective) test and intrinsic (subjective) test.  (Mattel MSJ at 12.) See also Swirsky

6    v. Carey, 376 F.3d 841, 845 (9th Cir. 2004); Apple Computer, Inc. v. Microsoft

7    Corp., 35 F.3d 1435, 1443 (9th Cir. 1994).

8    The extrinsic test considers whether two works share a similarity of ideas and

9    expression measured by external, objective criteria. Swirsky, 376 F.3d at 845. The

10   "extrinsic" analysis "is objective in nature.  '[I]t depends not on the responses of the

11   trier of fact, but on specific criteria which can be listed and analyzed.'" Funky Films,

12   Inc. v. Time Warner Entertainment Co., L.P., 462 F.3d 1072, 1077 (9th Cir. 2006),

13   quoting Sid & Marty Krofft Television Prods., Inc. v. McDonald's Corp., 562 F.2d

14   1157, 1164 (9th Cir. 1977). The extrinsic test requires "analytical dissection of [the

15   copyrighted] work," which involves breaking the work down into its "constituent

16   elements."    Swirsky, 376 F.3d at 845. As the "substantial similarity" analysis

17   involved in the extrinsic test is limited to protected elements of copyrighted work, "it

18   is essential to distinguish between the protected and unprotected material in a

19   plaintiff's work." Id.; see also Funky Films, 462 F.3d at 1077 (court "must take care

20   to inquire only whether 'the *protectable elements, standing alone*, are substantially

21   similar'"), citing Cavalier v. Random House, Inc., 297 F.3d 815, 822 (9th Cir. 2002).

22   "The unprotectable elements have to be identified, or filtered, before the works

23   can be considered as a whole." Idema v. Dreamworks, Inc., 162 F. Supp. 2d 1129,

24   1176-77 (C.D. Cal. 2001).  Such filtration is necessary as "nearly any two (or more)

25   works" will show a certain similarity "at a sufficient level of abstraction." Id. at

26   1178-79 (citing Berkic v. Crichton, 761 F.2d 1289, 1293 (9th Cir. 1985)).  "What is

27   required is not just 'similarity,' but 'substantial similarity,' and it must be measured

28   at the level of the concrete 'elements' of each work." Id. at 1179; see also CDN Inc.

1  v. Kapes, 197 F.3d 1256, 1261-62 (9th Cir. 1999) ("We have endorsed Judge Hand's

2  abstractions formulation laid out in Nichols v. Universal Pictures Corp., 45 F.2d 119,

3  121 (2d Cir. 1930). The formulation recognizes that every work can be described at

4  varying levels of abstraction, and the higher the level of abstraction copied, the less

5  likely this taking will be infringement of a copyright."); Siegel v. Time Warner Inc.,

6  496 F. Supp. 2d 1111, 1154 (C.D. Cal. 2007) ("The controlling principle was stated

7  by Judge Learned Hand long ago" in Nichols).  Filtering is crucial for fashion dolls.

8  See, e.g., Mattel, Inc. v. Goldberger Doll Mfg Co., 365 F.3d 133 (2d Cir. 2004) ("An

9  upturned nose, full lips and wide eyes are the 'idea' of a certain type of doll face.

10 That idea belongs not to Mattel but to the public domain."); Williams v. Critchton,

11 84 F.3d 581 (2d Cir. 1996) (no infringement even where dolls looked "remarkably

12 similar" as "similarities are all attributable to the unprotectable idea of a superhuman

13 muscleman crouching in what since Neanderthal Times has been a traditional

14 fighting pose").

15       Among the "unprotectable" elements that must be "filter[ed] out" are ideas,

16 elements borrowed from preexisting works, "public domain" works and "scenes-a-

17 faire", Idema, 162 F. Supp. 2d at 1176-77, which Mattel's copyright expert confirms.

18 Robert C. Lind, Copyright Law (3d ed.) ("Lind, Copyright Law") at 169 ("court

19 must distill the material in the plaintiff's work which is not protected by copyright,

20 such as ideas, facts, scene a faire, elements dictated by efficiency or non-original

21 material, from the material in plaintiff's work which is protected by copyright. This

22 latter material constitutes the only elements for which plaintiff may press her

23 claim").  Until unprotectable elements are filtered, a fact finder cannot evaluate the

24 alleged similarities between two works at issue.  Swirsky, 376 F.3d at 845.  *After* the

25 unprotected elements are filtered, the test is whether the protected elements in the

26 copyrighted and accused works are "substantially similar."  Id.  If the copyright

27 holder cannot show "substantial similarity" under the extrinsic, objective evaluation

28

1    of the works, there is no infringement.  Id.  Mattel cannot obtain summary judgment

2    on infringement without even offering a filtration analysis.

3          (q) – (t)      Mattel confuses a defense of abandonment with estoppel.  Indeed,

4    there is a separate estoppel defense to a claim for copyright infringement.  See 4

5    Nimmer on Copyright § 13.07 (2008) (noting that equitable estoppel applies in

6    copyright infringement actions, and may deprive a plaintiff of an otherwise

7    meritorious copyright infringement claim); see also Hampton v. Paramount Pictures

8    Corp., 279 F.2d 100, 104 (9th Cir. 1960).  Mattel's own authority, Metro-Goldwyn-

9    Mayer Studios, Inc. v. Grokster, Ltd., 518 F. Supp. 2d 1197, 1225 (9th Cir. 2007),

10    confirms this and cites the elements set forth for this very defense in Hampton.

11    Moreover, Mattel's squabble over the instruction's "silence or inaction" element is

12    unavailing, as "[a] copyright owner can be estopped not only by words and actions

13    but also by silence and inaction."  HGI Associates, Inc. v. Wetmore Printing Co.,

14    427 F.3d 867, 875 (11th Cir. 2005).  In this connection, the "duty to speak"

15    requirement is simply a determination that under the circumstances, a party wishing

16    to assert its right must speak.  Mattel certainly had such a duty in this case given that

17    it knew of the alleged infringement and remained silent.  See, e.g., Stambler v.

18    Diebold, Inc., 1988 WL 95479, 11 U.S.P.Q. 2d 1709, 1715 (E.D.N.Y. 1988) (finding

19    that patent owner had a duty to speak and its silence was intentionally misleading

20    where it had long known of the alleged infringement and permitted the conduct to

21    continue), aff'd, 878 F.2d 1445 (Fed. Cir. 1989).

22          (u) – (v)      First, the Proposed Form makes no mention of "other

23    employees".  Second, the Proposed Form properly states the standard for

24    acquiescence.  Acquiescence exists when a person's acts or words, silence or

25    inaction, would be understood by a reasonable person as intended to indicate that the

26    conduct is allowed, and in fact is so understood by the person doing the alleged

27    wrongful act. See Security Pac. Nat'l Bank v. Wozab, 51 Cal. 3d 991, 1005 (1990).

28    Indeed, as the doctrine of acquiescence is a close cousin of the estoppel doctrine, the

177

Obj. & Responses Re MGA Parties' & Bryant's [Proposed] Spec. Verdict Forms– Case No. CV 04-9049 SGL (RNBx)

1   authorities indicating that silence or inaction could provide a basis for estoppel apply

2   with full force here.  See John H. Spohn Co. v. Bender, 18 Cal. App. 2d 447, 451

3   (1937) ("The principle … known as the doctrine of acquiescence … [is] often

4   referred to as quasi estoppel."); see also City of Long Beach v. Mansell, 3 Cal. 3d

5   462, 488 n.22 (1970) (conduct giving rise to estoppel includes "silence or negative

6   omission to do anything").

7          (w)    As there are multiple works at issue, using the plural rather than the

8   singular would only serve to create confusion.

9          (x)    The language in MGA Parties' and Bryant's Proposed Verdict Form is a

10  proper statement of law.  "[A]bandonment occurs when the proprietor engages in

11  some overt act which manifests his purpose to surrender his rights."  Lopez v. Elec.

12  Rebuilders, Inc., 416 F. Supp. 1133, 1135 (C.D. Cal. 1976) (holding that even

13  though plaintiff may not have intended to lose her copyright, her conduct was

14  "consistent with an intent to abandon").  Moreover, the language is a minor deviation

15  from Mattel's proposed language, and more clearly explains the standard to the jury.

16         (y) – (z)    Mattel's objections ignore the clear and concise language of the

17  case law on point:  "For an unauthorized use of a copyrighted work to be actionable,

18  the use must be significant enough to constitute infringement.  This means that even

19  where the fact of copying is conceded, no legal consequences will follow from that

20  fact unless the copying is substantial.  The principle that trivial copying does not

21  constitute actionable infringement has long been a part of copyright law. Indeed, as

22  Judge Learned Hand observed over 80 years ago: 'Even where there is some copying,

23  that fact is not conclusive of infringement. Some copying is permitted. In addition to

24  copying, it must be shown that this has been done to an unfair extent.'  This principle

25  reflects the legal maxim, de minimis non curatlex (often rendered as, 'the law does

26  not concern itself with trifles')."  Newton v. Diamond, 388 F.3d 1189, 1192-93 (9th

27  Cir. 2004) (internal citations omitted).

28

178

1    As the Supreme Court held in Feist Publications, Inc. v. Rural Telegraph

2 Service Co., 499 U.S. 340, 349-50 (1991), "The primary objective of copyright is not

3 to reward the labor of authors, but 'to promote the Progress of Science and useful

4 Arts.'" Art. I, § 8, cl. 8.  Accord, Twentieth Century Music Corp. v. Aiken, 422 U.S.

5 151, 156 (1975). To this end, copyright assures authors the right to their original

6 expression, but encourages others to build freely upon the ideas and information

7 conveyed by a work.  Harper & Row, supra, at 556-557. This principle, known as the

8 idea/expression or fact/expression dichotomy, applies to all works of authorship."

9    Consistent with Feist, applicable Ninth Circuit precedent holds that, because

10 only those elements of a work that are protectible can be compared when it comes to

11 the question of copyright infringement, the unprotectible elements of the work need

12 to be filtered out and disregarded.  As summarized in Cavalier v. Random House,

13 Inc., 297 F.3d 815 (9th Cir. 2002):

14
15    A court "must take care to inquire only whether 'the protectible

      elements, standing alone, are substantially similar.'"  Williams v.
16
      Crichton, 84 F.3d 581, 588 (2d Cir. 1996) (emphasis in original)
17
      (citation omitted); accord Apple Computer, Inc. v. Microsoft Corp., 35
18
      F.3d 1435, 1442-43 (9th Cir. 1994).  Therefore, when applying the
19
      extrinsic test, a court must filter out and disregard the non-protectible
20
      elements in making its substantial similarity determination.  See Shaw
21
      [v. Lindheim], 919 F.2d [1353, 1361 (9th Cir. 1990)] (applying the
22
      extrinsic test to determine "whether there is substantial similarity
23
      between the protected expression of ideas in two literary works")
24
      (emphasis added); Berkic v. Crichton, 761 F.2d 1289, 1293-94 (9th Cir.
25
      1985) (rejecting consideration of general ideas as well as scenes-a-faire
26
      in determining substantial similarity under the extrinsic test).
27
28 297 F.3d at 822-23.  See also Apple Computer Inc. v. Microsoft Corp., 35 F.3d 1435,

   1439 (9th Cir. 1994) ("When the range of protectable and unauthorized expression is

                                        179

1   narrow, the appropriate standard for illicit copying is virtual identity.").  The MGA

2   Parties and Bryant's proposed instruction properly focuses the jury on the protectable

3   elements of Mattel's work, rather than every element.

4          Moreover, Mattel's objection ignores the discussion in <u>Newton v. Diamond</u>

5   explaining that "[s]ubstantiality is measured by considering the qualitative and

6   quantitative significance of the copied portion in relation to" Bryant's drawings as a

7   whole," (emphasis added), and inaccurately argues that "the jury should be instructed

8   that 'substantiality is measured by considering the qualitative and quantitative

9   significance of Bryant's original drawings in relation to the Bratz dolls as a whole,'"

10  which is a clear misstatement of the applicable legal principles.

11         (aa)   It is unclear why Mattel's objection relies on California law here.

12  Mattel's claim for copyright infringement is governed by federal law, and thus it is

13  federal law that determines the governing limitations period. <u>See</u> <u>40235 Washington</u>

14  <u>Street Corp. v. Lusardi</u>, 1999 WL 33633157, at *5 (S.D. Cal. Jan. 19, 1999) ("With

15  federal question cases, federal common law determines whether a counterclaim

16  'relates back' to the date the action was commenced for statute of limitation

17  purposes."); <u>accord</u> <u>South Carolina v. Catawba Indian Tribe</u>, 476 U.S. 498, 518

18  (1986) (for federal claims, "the statute of limitations is … a matter of federal law").

19  The objection is wrong to the extent that it applies "discovery rule" to Mattel's

20  copyright claims.   As the MGA Parties have shown in their summary judgment

21  papers, because Mattel's copyright infringement claim is essentially a claim for

22  ownership, the statute of limitations for that claim began to run upon MGA's plain

23  and express repudiation of Mattel's ownership claim in the property at issue.  <u>See</u>

24  <u>Welles v. Turner Entm't Co.</u>, 503 F.3d 728, 734 (9th Cir. 2007); <u>Minder Music Ltd.</u>

25  <u>v. Mellow Smoke Music Co.</u>, 1999 WL 820575, 52 U.S.P.Q. 2d 1700, 1701

26  (S.D.N.Y. 1999); <u>see also</u> <u>Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC</u>, 477

27  F.3d 383, 389-90 (6th Cir. 2007).

28

1    Mattel's California law analysis, even if it applied here, is self-contradictory.

2    Mattel first cites California law demonstrating that a suspicion of a wrongdoing

3    triggers the discovery rule, and then cites cases allegedly contradicting that very rule.

4    In any event, Mattel misstates the "discovery rule" standard under California law. In

5    California, inquiry notice is triggered by a mere suspicion or any reason to suspect

6    that wrongdoing has taken place.  See Jolly v. Eli Lilly & Co., 44 Cal. 3d 1103, 1111

7    (1988) ("[o]nce the plaintiff has a suspicion of wrongdoing, and therefore an

8    incentive to sue, she must decide whether to file suit or sit on her rights") (emphasis

9    added); see also Fox v. Ethicon Endo-Surgery, 35 Cal. 4th 797, 803 (2005) ("a cause

10   of action accrues and the statute of limitations begins to run when the plaintiff has

11   reason to suspect an injury and some wrongful cause, unless the plaintiff pleads and

12   proves that a reasonable investigation at that time would not have revealed a factual

13   basis for that particular cause of action") (emphasis added). Contrary to Mattel's

14   claims, the suspicion need not be of the specific claim eventually sued upon: "under

15   California law, a plaintiff 'need not be aware of the specific facts necessary to

16   establish the claim' in order for a cause of action to accrue. Nor need he be aware of

17   the particular legal theory that will support it. His claim accrues 'when, simply put,

18   he at least suspects ... that someone has done something wrong to him.'" Soliman v.

19   Philip Morris Inc., 311 F.3d 966, 971-72 (9th Cir. 2002) (internal citations omitted),

20   citing Norgart v. Upjohn Co., 21 Cal. 4th 383, 397 (1999), and Jolly, 44 Cal. 3d at

21   1110-11; id. at 1110 n.7 (the "wrong" that plaintiff is to be aware of for purposes of

22   the statute of limitations need not be in any technical sense, but rather in accordance

23   with its "lay understanding"); see also Butler v. San Diego Dist. Attorneys Office,

24   2007 WL 935711, at *3 (S.D. Cal. Feb. 27, 2007) (in California, "the statute of

25   limitations begins to run when the plaintiff suspects or should suspect that someone

26   has done something wrong to him").

27   Mattel's reliance on Intermedics, Inc. v. Ventritex, Inc., 775 F. Supp. 1258,

28   1266 (N.D. Cal. 1991), in support of its proposition that "that mere suspicion of

181

1   wrongdoing will not commence the running of the statute of limitations" has been

2   already rejected.  See Chasteen v. UNISIA JECS Corp., 216 F.3d 1212, 1218 (10th

3   Cir. 2000) (rejecting plaintiff's theory, based in part on the Intermedics opinion cited

4   by Mattel here, that the statute does not begin to run until plaintiff has its "smoking

5   gun" evidence), citing, inter alia, Intermedics, Inc. v. Ventritex, Inc., 822 F. Supp.

6   634, 641 (N.D. Cal. 1993) (a follow-up opinion to that relied upon by Mattel,

7   rejecting the very position advocated by Mattel here). Similarly, Mattel's reliance on

8   Garamendi v. SDI Vendome S.A., 276 F. Supp. 2d 1030, 1043 (C.D. Cal. 2003), for

9   the proposition that notice based on "hints, suspicions, hunches or rumors" is

10   insufficient to trigger the limitations period, is unavailing, as Garamendi dealt with

11   tolling of statute of limitations based on fraudulent concealment, not with the general

12   standard for inquiry notice. Moreover, contrary to Garamendi, under California law,

13   "a suspicion of wrongdoing, coupled with a knowledge of the harm and its cause" is

14   sufficient to end tolling based on fraudulent concealment.  Snapp & Assocs. Ins.

15   Servs., Inc. v. Malcolm Bruce Burlingame Robertson, 96 Cal. App. 4th 884, 890-91

16   (2002); Hynix Semiconductor Inc. v. Rambus Inc., 2007 WL 3284060, at *3 (N.D.

17   Cal. Nov. 2, 2007) ("fraudulent concealment doctrine does not toll the statute of

18   limitations, no matter what the defendant has done to conceal his wrongs, if a

19   plaintiff has a suspicion of wrongdoing and knowledge of the harm and its cause");

20   cf. Garamendi, 276 F. Supp. 2d at 1043 (relying on a decision by the D.C. Circuit,

21   noting that "[n]o California court appears explicitly to have adopted this

22   formulation" of the rule).

23        Mattel faults the MGA Parties and Bryant for not including Mattel's claim that

24   the MGA Parties and Bryant fraudulently concealed the relevant facts. However, to

25   the extent there is any evidentiary basis for inclusion of an instruction dealing with

26   fraudulent concealment in this case (and there is not), Mattel's proposed language is

27   objectionable in that it asserts that tolling based on fraudulent concealment ends only

28   once Mattel has "near-actual" knowledge of the wrongdoing at issue. However, "a

182

1  suspicion of wrongdoing, coupled with a knowledge of the harm and its cause" is

2  sufficient to end tolling based on fraudulent concealment. Snapp & Assocs. Ins.

3  Servs., Inc. v. Malcolm Bruce Burlingame Robertson, 96 Cal. App. 4th 884, 890-91

4  (2002); see also Eichman v. Fotomat Corp., 880 F.2d 149, 157 (9th Cir. 1989)

5  (applying similar rule for claims asserted under federal law); accord Platt Elec.

6  Supply, Inc. v. EOFF Elec., Inc., __ F.3d __, 2008 WL 1722882, at *5 (9th Cir. Apr.

7  15, 2008) (inquiry notice ends tolling based on fraudulent concealment). Mattel's

8  theory of fraudulent concealment is also improper to the extent it suggests that

9  fraudulent concealment by one defendant would necessarily toll the statute as to

10  another defendant not found culpable in the alleged concealment. See Sanchez v.

11  South Hoover Hospital, 18 Cal. 3d 93, 100 ("The rationale for the foregoing rule [of

12  fraudulent concealment] is that the culpable defendant should be estopped from

13  profiting by his own wrong [t]o the extent that it hindered an 'otherwise diligent'

14  plaintiff in discovering his cause of action.") (emphasis added).

15      (bb)  See id.

16      (cc)  MGA Parties' and Bryant's Proposed Verdict Form No. 2 (cc) deals

17  with laches not waiver.  Mattel's objection is irrelevant.

18      (dd) – (hh)  See supra (MGA Parties' and Bryant's Reply to Mattel's

19  Objections to MGA Parties and Bryant's Proposed Verdict Form No. 2 (u-w).)

20      As to Mattel's assertion that laches only applies to certain "equitable" state

21  law claims, Mattel's "counter-instruction", along with its objections, ignores that

22  laches is also a defense to copyright actions.  Indeed, courts have stated quite

23  emphatically:  "[i]t is inequitable for the [alleged] owner of a copyright, with full

24  notice of an intended infringement, to stand inactive while the proposed infringer

25  spends large sums of money in its exploitation, and to intervene only when his

26  speculation has proved a success.  Delay under such circumstances allows the owner

27  to speculate without risk with the other's money; he cannot possibly lose, and he

28  may win." Haas v. Leo Feist, Inc., 234 F. 105, 108 (S.D.N.Y. 1916); see also Danjaq

183

Obj. & Responses Re MGA Parties' & Bryant's [Proposed] Spec. Verdict Forms– Case No. CV 04-9049 SGL (RNBx)

1  LLC v. Sony Corp., 263 F.3d 942, 954 (9th Cir. 2001); Watermark Publishers v.

2  High Tech. Sys., Inc., 1997 WL 717677, 44 U.S.P.Q.2d 1578, 1583-84 (S.D. Cal.

3  1997) (barring plaintiff's claims on laches grounds after 4 year delay in suing).  In

4  addition to being inappropriate, Mattel's objection is disingenuous: Mattel concedes

5  that this defense is applicable to copyright in its motion for partial summary

6  judgment.  (See Mattel MSJ at n.138.)

7      (ii)   MGA Parties' and Bryant's Proposed Verdict Form is the correct

8  statement of the law.  Mattel argues that the form should "simply ask the jury

9  whether Mattel proved damages for this claim".  This is an argument for simplicity

10  over accuracy.   The correct question after determining whether copyright

11  infringement has occurred is whether the plaintiff is entitled to more than nominal

12  damages.

13      (jj)   If it prevails on its copyright claim, Mattel may recover only profits

14  attributable to the protectable portion of the copyrighted work.  See supra, discussion

15  of filtration analysis in MGA Parties' and Bryant's Proposed Verdict Form No. 2 (a-

16  p).

17      Accordingly, in assessing MGA's "profits attributable to the infringement,"

18  the jury must consider the extent to which those profits resulted from MGA's use of

19  nonprotectable elements of the copyrighted work.  See Apple Computer, Inc. v.

20  Microsoft Corp., 35 F.3d 1435, 1443 (9th Cir. 1994) (A "party claiming infringement

21  may place no reliance upon any similarity in expression resulting from unprotectable

22  elements.") (quoting Dakin & Co., 831 F.2d 898, 901 (9th Cir. 1987)); see also

23  Cavalier v. Random House, Inc., 297 F.3d 815, 822 (9th Cir. 2002) (the court "must

24  take care to inquire only whether the protectable elements, standing alone, are

25  substantially similar." (emphasis in original).  Thus, in Sheldon v. Metro-Goldwyn

26  Pictures Corp., 106 F.2d 45, 51 (2d Cir. 1939), the Court reduced an award of the

27  infringer's profits because, inter alia, the "general skeleton" of the infringing story

28  was "already in the public demesne."  See also Burns v. Imagine Films Entm't, Inc.,

184

Obj. & Responses Re MGA Parties' & Bryant's [Proposed] Spec. Verdict Forms– Case No. CV 04-9049 SGL (RNBx)

1    2001 U.S. Dist. LEXIS 24653, at *43 (W.D.N.Y. Aug. 23, 2001) (rejecting

2    plaintiff's attempt to group protectable and nonprotectable elements of film into an

3    "indivisible unit" as "contrary to the unequivocal language of § 504(b)").

4          (kk)    MGA Parties' and Bryant's Proposed Verdict Form is the correct

5    statement of the law, as it properly directs the jury to deduct MGA's costs from its

6    gross revenues.  See Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc., 886 F.2d

7    1545, 1548 (9th Cir. 1989) ("On remand, the district court calculated MGM Grand's

8    net profit from Hallelujah Hollywood at $6,131,606, by deducting from its gross

9    revenues the direct costs MGM Grand proved it had incurred.   Neither party

10   challenges this calculation.").   Read together, MGA Parties' and Bryant's Proposed

11   Verdict Form reflects the appropriate burdens of proof for both defendants.  See,

12   e.g., United States v. Gering, 716 F.2d 615, 622 (9th Cir. 1983) ("The adequacy of

13   the jury instructions is… determined by… examining the instructions as a whole.").

14   Moreover, jury instructions need not expressly indicate defendants' burden of proof

15   regarding deductible expenses.  McRoberts Software, Inc. v. Media 100, Inc., 329

16   F.3d 557, 569 (7th Cir. 2003) (finding that an instruction defining recoverable profits

17   as "the amount of money that Media 100 made because of the infringement minus

18   deductions for expenses in producing and marketing the infringing work" was

19   "proper as a matter of law").  This is particularly true where, as here, the defendants'

20   burden of proof was noted explicitly in a prior instruction.  See Instruction No. [2]

21   (COPYRIGHT—DAMAGES—DEFENDANTS' PROFITS (17 U.S.C. § 504(b)).

22   Therefore, MGA Parties' and Bryant's Proposed Verdict Form provides a fair and

23   accurate statement of the law.

24         (ll)    If it prevails on its copyright claim, Mattel is entitled to recover only

25   "profits attributable to the protectable portion of the infringing product."  See supra

26   (Discussion of filtration analysis in MGA Parties' and Bryant's Proposed Verdict

27   Form No. 2 (a-p) and discussion of appropriate level of specificity in awarding

28   profits in MGA Parties' and Bryant's Proposed Verdict Form No. 2 (jj)).  Further,

185

1   Mattel's recovery is limited to an amount that provides "just compensation" for the

2   alleged wrong.  Sheldon v. Metro-Goldwyn Pictures Corp., 309 U.S. 390, 399 (1940)

3   ("the purpose is thus to provide just compensation for the wrong, not to impose a

4   penalty by giving the copyright proprietor profits which are not attributable to the

5   infringement."); Walker v. Forbes, Inc., 28 F.3d 409, 416 (4th Cir. 1994) (praising

6   the district court's "rich and detailed instructions" regarding an award of an

7   infringer's profits which stated "The purpose of the law regarding compensation for

8   damages, which I have explained, is to provide just compensation for the wrong, not

9   to impose a penalty by giving to the copyright owner the profits which are not

10  attributable to the infringement.").  MGA Parties' and Bryant's Proposed Verdict

11  Form accurately states the law.

12          (mm)  See supra (MGA Parties' and Bryant's Reply to Mattel's Objection to

13  MGA Parties and Bryant's Proposed Verdict Form No. 2 (ii)).

14          (nn)  See supra (MGA Parties' and Bryant's Reply to Mattel's Objection to

15  MGA Parties and Bryant's Proposed Verdict Form No. 2 (r-s)).

16          (oo)  See supra (MGA Parties' and Bryant's Reply to Mattel's Objection to

17  MGA Parties and Bryant's Proposed Verdict Form No. 2 (kk)).

18          (pp)  See supra (MGA Parties' and Bryant's Reply to Mattel's Objection to

19  MGA Parties and Bryant's Proposed Verdict Form No. 2 (ll)).

20          (qq)  See supra (MGA Parties' and Bryant's Reply to Mattel's Objection to

21  MGA Parties and Bryant's Proposed Verdict Form No. 2 (ii)).

22          (rr)  See supra (MGA Parties' and Bryant's Reply to Mattel's Objection to

23  MGA Parties and Bryant's Proposed Verdict Form No. 2 (jj)).

24          (ss)  See supra (MGA Parties' and Bryant's Reply to Mattel's Objection to

25  MGA Parties and Bryant's Proposed Verdict Form No. 2 (kk)).

26          (tt)  See supra (MGA Parties' and Bryant's Reply to Mattel's Objection to

27  MGA Parties and Bryant's Proposed Verdict Form No. 2 (ll)).

28

Obj. & Responses Re MGA Parties' & Bryant's [Proposed] Spec. Verdict Forms– Case No. CV 04-9049 SGL (RNBx)

**Proposed Form of Verdict No. 3 (Copyright Infringement – Vicarious and Contributory Infringement)**

      (a)    Do you find by a fair preponderance of the evidence that Mattel has established that Isaac Larian is liable for copyright infringement as a consequence of:

           (i)    vicarious infringement?

                ☐ yes or

                ☐ no.

           (ii)   contributory infringement?

                ☐ yes or

                ☐ no.

      (b)    Do you find by a fair preponderance of the evidence that Mattel has established that Carter Bryant is liable for copyright infringement as a consequence of:

           (i)    contributory infringement?

                ☐ yes or

                ☐ no.

*If you have found that Isaac Larian is liable for vicarious or contributory copyright infringement, that none of his affirmative defenses apply, and that Mattel's recovery is not barred by the statute of limitations, next consider whether Mattel is entitled to damages resulting from Isaac Larian's vicarious or contributory infringement.*

      (c)    *For each drawing you found to be infringed,* do you find that Mattel has established by a fair preponderance of the evidence that it is entitled to recover more than nominal damages from Isaac Larian as a consequence of a finding or findings of copyright infringement?

187

1      ☐yes or

2      ☐no.

3      (d)    If your answer is YES, state the amount of gross revenues that Mattel

4             has proven are attributable to the copyrighted work

5             $_____

6      (e)    Next, state the deductible expenses associated with the infringing

7             products:

8             $_____

9      (f)    Finally, what are the profits attributable to the protectable portion of the

10            infringing product that Mattel has established will fairly and reasonably

11            compensate it for the losses that it has incurred as a consequence of

12            Isaac Larian's copyright infringement.

13            $_____

14

15            *If you have found that Carter Bryant is liable for contributory copyright*

16     *infringement, that none of his affirmative defenses apply, and that Mattel's*

17     *recovery is not barred by the statute of limitations, next consider whether Mattel is*

18     *entitled to damages resulting from Carter Bryant's contributory infringement.*

19

20     (g)    *For each drawing you found to be infringed,* do you find that Mattel

21            has established by a fair preponderance of the evidence that it is entitled

22            to recover more than nominal damages from Isaac Larian as a

23            consequence of a finding or findings of copyright infringement?

24            ☐yes or

25            ☐no.

26     (h)    If your answer is YES, state the amount of gross revenues that Mattel

27            has proven are attributable to the copyrighted work

28            $_____

188

(i)    Next, state the deductible expenses associated with the infringing products:

$_____

(j)    Finally, what are the profits attributable to the protectable portion of the infringing product that Mattel has established will fairly and reasonably compensate it for the losses that it has incurred as a consequence of Carter Bryant's copyright infringement.

$_____

189

Obj. & Responses Re MGA Parties' & Bryant's [Proposed] Spec. Verdict Forms– Case No. CV 04-9049 SGL (RNBx)

**MATTEL'S OBJECTIONS:**

Mattel objects to defendants' proposed verdict form on the following grounds:

The proposed form is misleading in that it omits reference to MGA (HK) as potentially liable for contributory infringement.

(a)-(b)     The proposed findings are misleading and argumentative in that they ask the jury to find that Mattel established infringement by "a *fair* preponderance of the *credible* evidence."  The burden of proof is a preponderance of the evidence, and to the extent that the defendants' proposed form erroneously suggests that Mattel's burden is heightened, it is prejudicial.  The proposed findings are also overly complicated and confusing as written.  The finding should be more straightforward:  e.g., "Do you find Larian liable for vicarious copyright infringement?"

(c)     Mattel objects to defendants' preamble to this question on the ground that it is confusing to the extent it asks the jury to confirm that none of their affirmative defenses apply when the Court has found that the majority of defendants' affirmative defenses are equitable and that the Court (and not the jury) will rule on them after trial. *See* April 25, 2008 Order, at 7.  This proposed question is substantially the same as Phase I-B Proposed Form of Verdict No. 2(ii).  Mattel incorporates its objections to 2(ii) as if fully set forth herein.

(d)     This proposed form is substantially the same as Phase I-B Proposed Form of Verdict No. 2(jj).  Mattel incorporates its objections to 2(jj) as if fully set forth herein.

(e)     This proposed form is substantially the same as Phase I-B Proposed Form of Verdict No. 2(kk).  Mattel incorporates its objections to 2(kk) as if fully set forth herein.

(f)     This proposed form is substantially the same as Phase I-B Proposed Form of Verdict No. 2(ll).  Mattel incorporates its objections to 2(ll) as if fully set forth herein.

1    (g)    Mattel objects to defendants' preamble on the ground that it is confusing

2  to the extent it asks the jury to confirm that none of their affirmative defenses apply

3  when the Court has found that the majority of defendants' affirmative defenses are

4  equitable and that the Court (and not the jury) will rule on them after trial.  *See* April

5  25, 2008 Order, at 7.  The proposed question is substantially the same as Phase I-B

6  Proposed Form of Verdict No. 2(ii).  Mattel incorporates its objections to 2(ii) as if

7  fully set forth herein.  This proposed question is also objectionable and erroneous

8  because defendants refer again to Isaac Larian (duplicating question (c) above),

9  when the preamble and the context make clear that the proposed findings related to

10  Carter Bryant.

11    (h)    This proposed form is substantially the same as Phase I-B Proposed

12  Form of Verdict No. 2(jj).  Mattel incorporates its objections to 2(jj) as if fully set

13  forth herein.

14    (i)    This proposed form is substantially the same as Phase I-B Proposed

15  Form of Verdict No. 2(kk).  Mattel incorporates its objections to 2(kk) as if fully set

16  forth herein.

17    (j)    This proposed form is substantially the same as Phase I-B Proposed

18  Form of Verdict No. 2(ll).  Mattel incorporates its objections to 2(ll) as if fully set

19  forth herein.

20

21

22

23

24

25

26

27

28

## <u>MGA PARTIES AND BRYANT RESPOND AS STATED BELOW:</u>

(a) – (b)        MGA Parties' and Bryant's Proposed Verdict Form is the correct statement of the law.  Mattel's proposed form would eliminate any burden of proof.

(c)      <u>See</u> <u>supra</u> (MGA Parties' and Bryant's Reply to Mattel's Objection to MGA Parties and Bryant's Proposed Verdict Form No. 2 (ii)).

(d)      <u>See</u> <u>supra</u> (MGA Parties' and Bryant's Reply to Mattel's Objection to MGA Parties and Bryant's Proposed Verdict Form No. 2 (jj)).

(e)      <u>See</u> <u>supra</u> (MGA Parties' and Bryant's Reply to Mattel's Objection to MGA Parties and Bryant's Proposed Verdict Form No. 2 (kk)).

(f)      <u>See</u> <u>supra</u> (MGA Parties' and Bryant's Reply to Mattel's Objection to MGA Parties and Bryant's Proposed Verdict Form No. 2 (kk)).

(g)      <u>See</u> <u>supra</u> (MGA Parties' and Bryant's Reply to Mattel's Objection to MGA Parties and Bryant's Proposed Verdict Form No. 2 (ii)).

(h)      <u>See</u> <u>supra</u> (MGA Parties' and Bryant's Reply to Mattel's Objection to MGA Parties and Bryant's Proposed Verdict Form No. 2 (jj)).

(i)      <u>See</u> <u>supra</u> (MGA Parties' and Bryant's Reply to Mattel's Objection to MGA Parties and Bryant's Proposed Verdict Form No. 2 (kk)).

(j)      <u>See</u> <u>supra</u> (MGA Parties' and Bryant's Reply to Mattel's Objection to MGA Parties and Bryant's Proposed Verdict Form No. 2 (kk)).

**2.**     **Proposed Form of Verdict No. 4 (Inventions Agreement Damages)**

*If you have found that Carter Bryant breached his Inventions Agreement with Mattel, that none of his affirmative defenses apply, and that Mattel's recovery is not barred by the statute of limitations, next consider whether Mattel is entitled to damages resulting from Carter Bryant's breach.*

(a)     Do you find that Mattel has established by a fair preponderance of the evidence that it is entitled to recover more than nominal damages from Carter Bryant as a consequence of a finding or findings of a breach of his Section 2(a) of the Inventions Agreement?

☐yes or

☐no.

(b)     If your answer is YES, state the amount of damages to which Mattel is entitled based on the jury instructions given with respect to this claim:

$_____

(c)     Do you find that Mattel has established by a fair preponderance of the evidence that it is entitled to recover more than nominal damages from Carter Bryant as a consequence of a finding or findings of a breach of his Section 3(a) of the Inventions Agreement?

☐yes or

☐no.

(d)     If your answer is YES, state the amount of damages to which Mattel is entitled based on the jury instructions given with respect to this claim:

$_____

Obj. & Responses Re MGA Parties' & Bryant's [Proposed] Spec. Verdict Forms– Case No. CV 04-9049 SGL (RNBx)

## MATTEL'S OBJECTIONS:

Mattel objects to the defendants' proposed verdict forms as follows:

Mattel objects to defendants' preamble on the ground that it is misleading and confusing given that the jury will already have determined defendants' liability for all claims other than copyright infringement in Phase 1A. Accordingly, there is no basis for defendants to ask the jury to confirm that it has found liability and rejected affirmative defenses.

(a), (c)          Each of the proposed forms is misleading and argumentative. They misleadingly ask the jury to find that Mattel established damages by "a *fair* preponderance of the evidence." The burden of proof is a preponderance of the evidence, and to the extent that the defendants' proposed forms erroneously suggest that Mattel's burden is heightened, they are prejudicial. They are also argumentative in asking the jury whether Mattel established that it is entitled to recover "more than nominal damages." The forms should simply ask the jury whether Mattel proved damages for this claim. Defendants' proposed forms are also confusing and complicated to they extent they ask the jury to make separate findings as to breaches of Sections 2(a) and 3(a) of the Inventions Agreement.

194

Obj. & Responses Re MGA Parties' & Bryant's [Proposed] Spec. Verdict Forms– Case No. CV 04-9049 SGL (RNBx)

1

## MGA PARTIES AND BRYANT RESPOND AS STATED BELOW:

2    MGA Parties' and Bryant's Proposed Form simply asks the jury to confirm

3 that it has found a breach.  This is a reasonable question to ask prior to proceeding to

4 damages and reduces the risk of mistake or confusion of the jury.

5    (a), (c)  MGA Parties' and Bryant's Proposed Verdict Form is entirely proper

6 and suitable for use by the jury.  Mattel argues that the form should "simply ask the

7 jury whether Mattel proved damages for this claim".   This is an argument for

8 simplicity over accuracy.  The correct question after determining whether a breach

9 has occurred is whether the plaintiff is entitled to more than nominal damages.  Once

10 again Mattel argues that breaking out individual claims is "confusing" while lumping

11 claims together is easy to understand.  This defies common sense.  Indeed, the three

12 breach of contract claims rely on distinct conduct, distinct contractual language and

13 give rise to distinct damages.   The only reason not to ask the jury to consider

14 damages arising from the three claims separately is so that Mattel can confuse the

15 jury with regard to what damages should be awarded (if any) for each separate

16 claimed breach.

17

18

19

20

21

22

23

24

25

26

27

28

Obj. & Responses Re MGA Parties' & Bryant's [Proposed] Spec. Verdict Forms– Case No. CV 04-9049 SGL (RNBx)

1

2

**Proposed Form of Verdict No. 5 (Questionnaire Damages)**

3

4

5

6

*If you have found that Carter Bryant breached the Conflict of Interest Questionnaire with Mattel, that none of his affirmative defenses apply, and that Mattel's recovery is not barred by the statute of limitations, next consider whether Mattel is entitled to damages resulting from Carter Bryant's breach.*

7

8

9

10

     (a)    Do you find that Mattel has established by a fair preponderance of the evidence that it is entitled to recover more than nominal damages from Carter Bryant as a consequence of a finding or findings of a breach of the Conflict of Interest Questionnaire?

11

            ☐yes or

12

            ☐no.

13

14

     (b)    If your answer is YES, state the amount of damages to which Mattel is entitled based on the jury instructions given with respect to this claim:

15

            $_____

16

17

18

19

20

21

22

23

24

25

26

27

28

Obj. & Responses Re MGA Parties' & Bryant's [Proposed] Spec. Verdict Forms– Case No. CV 04-9049 SGL (RNBx)

1

## MATTEL'S OBJECTIONS:

2   Mattel objects to defendants' proposed verdict forms as follows:

3   Mattel objects to defendants' preamble on the ground that it is misleading and
4   confusing given that the jury will already have determined defendants' liability for all
5   claims other than copyright infringement in Phase 1A.  Accordingly, there is no basis
6   for defendants to ask the jury to confirm that it has found liability and rejected
7   affirmative defenses.

8   (a)   The proposed form is misleading and argumentative.  It misleadingly
9   asks the jury to find that Mattel established damages by "a *fair* preponderance of the
10   evidence."  The burden of proof is a preponderance of the evidence, and to the extent
11   that the defendants' proposed form erroneously suggests that Mattel's burden is
12   heightened, it is prejudicial.  It is also argumentative in asking the jury whether
13   Mattel established that it is entitled to recover "more than nominal damages."  The
14   form should simply ask the jury what Mattel's damages are.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## MGA PARTIES AND BRYANT RESPOND AS STATED BELOW:

2       MGA Parties' and Bryant's Proposed Form simply asks the jury to confirm
3  that it has found a breach.  This is a reasonable question to ask prior to proceeding to
4  damages and reduces the risk of mistake or confusion of the jury.

5       (a)  MGA Parties' and Bryant's Proposed Verdict Form is entirely proper and
6  suitable for use by the jury.  Mattel argues that the form should "simply ask the jury
7  whether Mattel proved damages for this claim".  This is an argument for simplicity
8  over accuracy.  The correct question after determining whether a breach has occurred
9  is whether the plaintiff is entitled to more than nominal damages.  Once again Mattel
10 argues that breaking out individual claims is "confusing" while lumping claims
11 together is easy to understand.  This defies common sense.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Obj. & Responses Re MGA Parties' & Bryant's [Proposed] Spec. Verdict Forms– Case No. CV 04-9049 SGL (RNBx)

1
2

**Proposed Form of Verdict No. 6 (Fiduciary Duty Damages)**

3
4
5
6

*If you have found that Carter Bryant is liable for breach of fiduciary duty that none of his affirmative defenses apply, and that Mattel's recovery is not barred by the statute of limitations, next consider whether Mattel is entitled to damages resulting from Carter Bryant's breach of fiduciary duty.*

7
8
9

(a)   Do you find by a fair preponderance of the credible evidence that Mattel has established that it is entitled to more than nominal damages as a consequence Carter Bryant's breach of fiduciary duty?

10   ☐yes or

11   ☐no.

12
13
14

(b)   If your answer is YES, state the amount of damages to which Mattel is entitled based on the jury instructions given with respect to this claim:

$_____

15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

## MATTEL'S OBJECTIONS:

2

Mattel objects to defendants' proposed verdict forms as follows:

3      Mattel objects to defendants' preamble on the ground that it is misleading and

4  confusing given that the Court has, and the jury will already have, determined

5  defendants' liability for all claims other than copyright infringement in Phase 1A.

6  Indeed, the Court found as a matter of law that "Bryant breached his fiduciary duty .

7  . .." April 25, 2008 Order, at 6.  Accordingly, there is no basis for defendants to ask

8  the jury to confirm that it has found liability and rejected affirmative defenses.

9  Defendants' proposed forms are also misleading in that they do not reflect that Mattel

10  seeks punitive damages against Bryant on this claim.

11      (a)      The proposed form is misleading and argumentative.  It misleadingly

12  asks the jury to find that Mattel established damages by "a *fair* preponderance of the

13  *credible* evidence."  The burden of proof is a preponderance of the evidence, and to

14  the extent that the defendants' proposed form erroneously suggests that Mattel's

15  burden is heightened, it is prejudicial.  It is also argumentative in asking the jury

16  whether Mattel established that it is entitled to recover "more than nominal

17  damages."  The form should simply ask the jury what Mattel's damages are.

18

19

20

21

22

23

24

25

26

27

28

200

1

## <u>MGA PARTIES AND BRYANT RESPOND AS STATED BELOW:</u>

2      Mattel's objection based on the Court's April 25, 2008 Order is premature

3 given that Bryant's Motion for Reconsideration is pending and the Court has ordered

4 it shall be heard on May 19, 2008.  Further, even under the Court's Order, the jury

5 still must consider the remaining elements of this claim, and consider Bryant's

6 affirmative defenses.

7      MGA Parties' and Bryant's Proposed Form simply asks the jury to confirm

8 that it has found a breach.  This is a reasonable question to ask prior to proceeding to

9 damages and reduces the risk of mistake or confusion of the jury.  Moreover, as for

10 Mattel's complaint that the form does not contain Mattel's claim for punitive

11 damages, Mattel lacks any evidentiary basis to seek punitive damages, so such an

12 question is unnecessary. <u>See</u> <u>Barry v. Raskov</u>, 232 Cal. App. 3d 447, 457 (1991)

13 (trial court properly refused to instruct jury on punitive damages, as there was not

14 clear and convincing evidence of fraud); <u>see also</u> <u>Jones v. Williams</u>, 297 F.3d 930,

15 934 (9th Cir. 2002) ("[a] party is entitled to an instruction about his or her theory of

16 the case if it is supported by law and has foundation in the evidence").

17     (a)  MGA Parties' and Bryant's Proposed Verdict Form is entirely proper and

18 suitable for use by the jury.  Mattel argues that the form should "simply ask the jury

19 whether Mattel proved damages for this claim".  This is an argument for simplicity

20 over accuracy.  The correct question after determining whether a breach has occurred

21 is whether the plaintiff is entitled to more than nominal damages.  Once again Mattel

22 argues that breaking out individual claims is "confusing" while lumping claims

23 together is easy to understand.  This defies common sense.

24

25

26

27

28

Obj. & Responses Re MGA Parties' & Bryant's [Proposed] Spec. Verdict Forms– Case No. CV 04-9049 SGL (RNBx)

**Proposed Form of Verdict No. 7 (Aiding and Abetting Breach of Fiduciary Duty Damages)**

*If you have found that MGA or Isaac Larian are liable for aiding and abetting a breach of fiduciary duty by Carter Bryant, that none of their affirmative defenses apply, and that Mattel's recovery is not barred by the statute of limitations, next consider whether Mattel is entitled to damages resulting from MGA or Isaac Larian's aiding and abetting of Carter Bryant's breach of fiduciary duty.*

    (a)    Do you find by a fair preponderance of the credible evidence that Mattel has established that it is entitled to more than nominal damages as a consequence of MGA's aiding and abetting of Carter Bryant's breach of fiduciary duty?

        ☐ yes or

        ☐ no.

    (b)    If your answer is YES, state the amount of damages to which Mattel is entitled based on the jury instructions given with respect to this claim:

        $_____

    (c)    Do you find by a fair preponderance of the credible evidence that Mattel has established that it is entitled to more than nominal damages as a consequence of Isaac Larian's aiding and abetting of Carter Bryant's breach of fiduciary duty?

        ☐ yes or

        ☐ no.

    (d)    If your answer is YES, state the amount of damages to which Mattel is entitled based on the jury instructions given with respect to this claim:

        $_____

# MATTEL'S OBJECTIONS:

Mattel objects to defendants' proposed verdict forms as follows:

Mattel objects to defendants' preamble on the ground that it is misleading and confusing given that the jury will already have determined defendants' liability for all claims other than copyright infringement in Phase 1A.  Accordingly, there is no basis for defendants to ask the jury to confirm that it has found liability and rejected affirmative defenses.  Defendants' proposed forms are also misleading in that they do not reflect that Mattel seeks punitive damages against the defendants on this claim.

(a), (c)      Each of the proposed forms is misleading and argumentative. They misleadingly ask the jury to find that Mattel established damages by "a **fair** preponderance of the **credible** evidence."  The burden of proof is a preponderance of the evidence, and to the extent that the defendants' proposed forms erroneously suggest that Mattel's burden is heightened, they are prejudicial.  They are also argumentative in asking the jury whether Mattel established that it is entitled to recover "more than nominal damages."  The forms should simply ask the jury what Mattel's damages are.

## MGA PARTIES AND BRYANT RESPOND AS STATED BELOW:

MGA Parties' and Bryant's Proposed Form simply asks the jury to confirm that it has found liability for aiding and abetting. This is a reasonable question to ask prior to proceeding to damages and reduces the risk of mistake or confusion of the jury. Moreover, as for Mattel's complaint that the form does not contain Mattel's claim for punitive damages, Mattel lacks any evidentiary basis to seek punitive damages, so such an question is unnecessary. See Barry v. Raskov, 232 Cal. App. 3d 447, 457 (1991) (trial court properly refused to instruct jury on punitive damages, as there was not clear and convincing evidence of fraud); see also Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) ("[a] party is entitled to an instruction about his or her theory of the case if it is supported by law and has foundation in the evidence").

(a), (c)  MGA Parties' and Bryant's Proposed Verdict Form is entirely proper and suitable for use by the jury. Mattel argues that the form should "simply ask the jury whether Mattel proved damages for this claim". This is an argument for simplicity over accuracy. The correct question after determining whether a breach has occurred and whether there was aiding and abetting is whether the plaintiff is entitled to more than nominal damages.

204

**Proposed Form of Verdict No. 8 (Breach of Duty of Loyalty Damages)**

*If you have found that Carter Bryant is liable for breach of the duty of loyalty that none of his affirmative defenses apply, and that Mattel's recovery is not barred by the statute of limitations, next consider whether Mattel is entitled to damages resulting from Carter Bryant's breach of the duty of loyalty.*

(a)     Do you find by a fair preponderance of the credible evidence that Mattel has established that it is entitled to more than nominal damages as a consequence Carter Bryant's breach of the duty of loyalty?

☐yes or

☐no.

(b)     If your answer is YES, state the amount of damages to which Mattel is entitled based on the jury instructions given with respect to this claim:

$_____

Obj. & Responses Re MGA Parties' & Bryant's [Proposed] Spec. Verdict Forms– Case No. CV 04-9049 SGL (RNBx)

1

## MATTEL'S OBJECTIONS:

2      Mattel objects to defendants' proposed verdict forms as follows:

3      Mattel objects to defendants' preamble on the ground that it is misleading and

4 confusing given that the Court has, and the jury will already have, determined

5 defendants' liability for all claims other than copyright infringement in Phase 1A.

6 Indeed, this Court found as a matter of law that Bryant breached th[e] duty [of

7 loyalty] . . .." April 25, 2008 Order, at 5.  Accordingly, there is no basis for

8 defendants to ask the jury to confirm that it has found liability and rejected

9 affirmative defenses.  The defendants' proposed forms are also misleading in that

10 they do not reflect that Mattel seeks punitive damages against Bryant on this claim.

11      (a)      The proposed form is misleading and argumentative.  It misleadingly

12 asks the jury to find that Mattel established damages by "a *fair* preponderance of the

13 *credible* evidence."  The burden of proof is a preponderance of the evidence, and to

14 the extent that the defendants' proposed form erroneously suggests that Mattel's

15 burden is heightened, it is prejudicial.  It is also argumentative in asking the jury

16 whether Mattel established that it is entitled to recover "more than nominal

17 damages."  The form should simply ask the jury what Mattel's damages are.

18

19

20

21

22

23

24

25

26

27

28

Obj. & Responses Re MGA Parties' & Bryant's [Proposed] Spec. Verdict Forms– Case No. CV 04-9049 SGL (RNBx)

1

**MGA PARTIES AND BRYANT RESPOND AS STATED BELOW:**

2      Mattel's objection based on the Court's April 25, 2008 Order is premature

3  given that Bryant's Motion for Reconsideration is pending and the Court has ordered

4  it shall be heard on May 19, 2008.  Further, even under the Court's Order, the jury

5  still must consider the remaining elements of this claim, and consider Bryant's

6  affirmative defenses.

7      MGA Parties' and Bryant's Proposed Form simply asks the jury to confirm

8  that it has found a breach.  This is a reasonable question to ask prior to proceeding to

9  damages and reduces the risk of mistake or confusion of the jury.  Moreover, as for

10  Mattel's complaint that the form does not contain Mattel's claim for punitive

11  damages, Mattel lacks any evidentiary basis to seek punitive damages, so such a

12  question is unnecessary.  See Barry v. Raskov, 232 Cal. App. 3d 447, 457 (1991)

13  (trial court properly refused to instruct jury on punitive damages, as there was not

14  clear and convincing evidence of fraud); see also Jones v. Williams, 297 F.3d 930,

15  934 (9th Cir. 2002) ("[a] party is entitled to an instruction about his or her theory of

16  the case if it is supported by law and has foundation in the evidence").

17      (a)  MGA Parties' and Bryant's Proposed Verdict Form is entirely proper and

18  suitable for use by the jury.  Mattel argues that the form should "simply ask the jury

19  whether Mattel proved damages for this claim".  This is an argument for simplicity

20  over accuracy.  The correct question after determining whether a breach has occurred

21  is whether the plaintiff is entitled to more than nominal damages.

22

23

24

25

26

27

28

Obj. & Responses Re MGA Parties' & Bryant's [Proposed] Spec. Verdict Forms– Case No. CV 04-9049 SGL (RNBx)

**Proposed Form of Verdict No. 9 (Aiding and Abetting Breach of Duty of Loyalty Damages)**

*If you have found that MGA or Isaac Larian are liable for aiding and abetting a breach of the duty of loyalty, that none of their affirmative defenses apply, and that Mattel's recovery is not barred by the statute of limitations, next consider whether Mattel is entitled to damages resulting from MGA or Isaac Larian's aiding and abetting of Carter Bryant's duty of loyalty.*

    (a)    Do you find by a fair preponderance of the credible evidence that Mattel has established that it is entitled to more than nominal damages as a consequence of MGA and MGA (HK)'s aiding and abetting of Carter Bryant's breach of his duty of loyalty?

☐ yes or

☐ no.

    (b)    If your answer is YES, state the amount of damages to which Mattel is entitled based on the jury instructions given with respect to this claim:

$_____

    (c)    Do you find by a fair preponderance of the credible evidence that Mattel has established that it is entitled to more than nominal damages as a consequence of Larian's aiding and abetting of Carter Bryant's breach of his duty of loyalty?

☐ yes or

☐ no.

    (d)    If your answer is YES, state the amount of damages to which Mattel is entitled based on the jury instructions given with respect to this claim:

$_____

Obj. & Responses Re MGA Parties' & Bryant's [Proposed] Spec. Verdict Forms– Case No. CV 04-9049 SGL (RNBx)

1

## MATTEL'S OBJECTIONS:

2      Mattel objects to defendants' proposed verdict forms as follows:

3      Mattel objects to defendants' preamble on the ground that it is misleading and

4  confusing given that the jury will already have determined defendants' liability for all

5  claims other than copyright infringement in Phase 1A.  Accordingly, there is no basis

6  for defendants to ask the jury to confirm that it has found liability and rejected

7  affirmative defenses.  Defendants' proposed forms are also misleading in that they do

8  not reflect that Mattel seeks punitive damages against the defendants on this claim.

9      (a), (c)      Each of the proposed forms is misleading and argumentative.

10  They misleadingly ask the jury to find that Mattel established damages by "a *fair*

11  preponderance of the *credible* evidence."  The burden of proof is a preponderance of

12  the evidence, and to the extent that the defendants' proposed forms erroneously

13  suggest that Mattel's burden is heightened, they are prejudicial.  They are also

14  argumentative in asking the jury whether Mattel established that it is entitled to

15  recover "more than nominal damages."  The forms should simply ask the jury what

16  Mattel's damages are.

17

18

19

20

21

22

23

24

25

26

27

28

1

### **MGA PARTIES AND BRYANT RESPOND AS STATED BELOW:**

2   MGA Parties' and Bryant's Proposed Form simply asks the jury to confirm

3   that it has liability for aiding and abetting.  This is a reasonable question to ask prior

4   to proceeding to damages and reduces the risk of mistake or confusion of the jury.

5   Moreover, as for Mattel's complaint that the form does not contain Mattel's claim

6   for punitive damages, Mattel lacks any evidentiary basis to seek punitive damages,

7   so such an question is unnecessary. See Barry v. Raskov, 232 Cal. App. 3d 447, 457

8   (1991) (trial court properly refused to instruct jury on punitive damages, as there was

9   not clear and convincing evidence of fraud); see also Jones v. Williams, 297 F.3d

10   930, 934 (9th Cir. 2002) ("[a] party is entitled to an instruction about his or her

11   theory of the case if it is supported by law and has foundation in the evidence").

12   (a), (c)  MGA Parties' and Bryant's Proposed Verdict Form is entirely proper

13   and suitable for use by the jury.  Mattel argues that the form should "simply ask the

14   jury whether Mattel proved damages for this claim".   This is an argument for

15   simplicity over accuracy.  The correct question after determining whether a breach

16   has occurred and whether there was aiding and abetting is whether the plaintiff is

17   entitled to more than nominal damages.

18

19

20

21

22

23

24

25

26

27

28

210

**3.     Proposed Form of Verdict No. 10 (Intentional Interference Damages)**

*If you have found that MGA or Larian are liable for intentional interference of contract, that none of their affirmative defenses apply, and that Mattel's recovery is not barred by the statute of limitations, next consider whether Mattel is entitled to damages resulting from MGA and/or Isaac Larian's intentional interference with contract.*

(a)     Do you find by a fair preponderance of the credible evidence that Mattel has established that it is entitled to more than nominal damages as a consequence of MGA's intentional interference with Bryant's agreement?

☐ yes or

☐ no.

(b)     If your answer is YES, state the amount of damages to which Mattel is entitled based on the jury instructions given with respect to this claim:

$_____

(c)     Do you find by a fair preponderance of the credible evidence that Mattel has established that it is entitled to more than nominal damages as a consequence of Isaac Larian's intentional interference with Bryant's agreement?

☐ yes or

☐ no.

(d)     If your answer is YES, state the amount of damages to which Mattel is entitled based on the jury instructions given with respect to this claim:

$_____

## MATTEL'S OBJECTIONS:

Mattel objects to defendants' proposed verdict forms as follows:

Mattel objects to defendants' preamble on the ground that it is misleading and confusing given that the jury will already have determined defendants' liability for all claims other than copyright infringement in Phase 1A.  Moreover, the Court has already found that Mattel has proved that it suffered "resulting damage" in connection with its claim for intentional interference with contractual relations.  *See* April 25, 2008 Order, at 6.  Accordingly, there is no basis for defendants to ask the jury to confirm that it has found liability and rejected affirmative defenses.  Defendants' proposed forms are also misleading in that they do not reflect that Mattel seeks punitive damages against the defendants on this claim.

(a), (c)        Each of the proposed forms is misleading and argumentative.  They misleadingly ask the jury to find that Mattel established damages by "a *fair* preponderance of the *credible* evidence."  The burden of proof is a preponderance of the evidence, and to the extent that the defendants' proposed forms erroneously suggest that Mattel's burden is heightened, they are prejudicial.  They are also argumentative in asking the jury whether Mattel established that it is entitled to recover "more than nominal damages."  The forms should simply ask the jury what Mattel's damages are.

Obj. & Responses Re MGA Parties' & Bryant's [Proposed] Spec. Verdict Forms– Case No. CV 04-9049 SGL (RNBx)

1

## MGA PARTIES AND BRYANT RESPOND AS STATED BELOW:

2        Although the preceding objection relies on the Court's summary judgment

3    findings, the instruction misinterprets the Court's ruling, as Mattel had not moved for

4    summary judgment on its claim for intentional interference with contract. Indeed, the

5    Court continued hearing on the MGA Parties' motion for partial summary judgment

6    as to this claim, among others, and is currently scheduled to hear arguments on May

7    19, 2008. It is then that the MGA Parties expect to clarify the Court's findings, if

8    any, on this claim.

9        MGA Parties' and Bryant's Proposed Form simply asks the jury to confirm

10   that it has found liability for intentional interference.  This is a reasonable question to

11   ask prior to proceeding to damages and reduces the risk of mistake or confusion of

12   the jury.  Moreover, as for Mattel's complaint that the form does not contain Mattel's

13   claim for punitive damages, Mattel lacks any evidentiary basis to seek punitive

14   damages, so such an question is unnecessary. See Barry v. Raskov, 232 Cal. App. 3d

15   447, 457 (1991) (trial court properly refused to instruct jury on punitive damages, as

16   there was not clear and convincing evidence of fraud); see also Jones v. Williams,

17   297 F.3d 930, 934 (9th Cir. 2002) ("[a] party is entitled to an instruction about his or

18   her theory of the case if it is supported by law and has foundation in the evidence").

19       (a), (c)  MGA Parties' and Bryant's Proposed Verdict Form is entirely proper

20   and suitable for use by the jury.  Mattel argues that the form should "simply ask the

21   jury whether Mattel proved damages for this claim".   This is an argument for

22   simplicity over accuracy.  The correct question after determining whether there was

23   intentional interference is whether the plaintiff is entitled to more than nominal

24   damages.

25

26

27

28

Obj. & Responses Re MGA Parties' & Bryant's [Proposed] Spec. Verdict Forms– Case No. CV 04-9049 SGL (RNBx)

**4.** **Proposed Form of Verdict No. 11 (Conversion Damages)**

*If you have found that MGA, MGA (HK), Carter Bryant, or Larian are liable for conversion, that none of their affirmative defenses apply, and that Mattel's recovery is not barred by the statute of limitations, next consider whether Mattel is entitled to damages resulting from MGA, MGA (HK), Carter Bryant, or Larian's conversion of certain tangible materials*

    (a)    Do you find by a fair preponderance of the credible evidence that Mattel has established that it is entitled to more than nominal damages as a consequence of Bryant's conversion of certain tangible materials?

    ☐ yes or

    ☐ no.

    (b)    If your answer is YES, state the amount of damages to which Mattel is entitled based on the jury instructions given with respect to this claim:

    $_____

    (c)    Do you find by a fair preponderance of the credible evidence that Mattel has established that it is entitled to more than nominal damages as a consequence of MGA or MGA (HK)'s conversion of certain tangible materials?

    ☐ yes or

    ☐ no.

    (d)    If your answer is YES, state the amount of damages to which Mattel is entitled based on the jury instructions given with respect to this claim:

    $_____

    (e)    Do you find by a fair preponderance of the credible evidence that Mattel has established that it is entitled to more than nominal damages as a consequence of Larian's conversion of certain tangible materials?

    ☐ yes or

1

☐no.

2    (f)    If your answer is YES, state the amount of damages to which Mattel is

3    entitled based on the jury instructions given with respect to this claim:

4    $_____

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## MATTEL'S OBJECTIONS:

2    Mattel objects to defendants' proposed verdict forms as follows:

3    Mattel objects to defendants' preamble on the ground that it is misleading and

4  confusing given that the jury will already have determined the defendants' liability

5  for all claims other than copyright infringement in Phase 1A.  Accordingly, there is

6  no basis for defendants to ask the jury to confirm that it has found liability and

7  rejected affirmative defenses.  Defendants' proposed forms are also misleading in

8  that they do not reflect that Mattel seeks punitive damages against the defendants on

9  this claim.

10    (a), (c), (e)   Each of the proposed forms is misleading and argumentative.

11  They misleadingly ask the jury to find that Mattel established damages by "a *fair*

12  preponderance of the *credible* evidence."  The burden of proof is a preponderance of

13  the evidence, and to the extent that the defendants' proposed forms erroneously

14  suggest that Mattel's burden is heightened, they are prejudicial.  They are also

15  argumentative in asking the jury whether Mattel established that it is entitled to

16  recover "more than nominal damages."  The forms should simply ask the jury what

17  Mattel's damages are.

18

19

20

21

22

23

24

25

26

27

28

Obj. & Responses Re MGA Parties' & Bryant's [Proposed] Spec. Verdict Forms– Case No. CV 04-9049 SGL (RNBx)

1

### MGA PARTIES AND BRYANT RESPOND AS STATED BELOW:

2    MGA Parties' and Bryant's Proposed Form simply asks the jury to confirm

3  that it has found liability for conversion.  This is a reasonable question to ask prior to

4  proceeding to damages and reduces the risk of mistake or confusion of the jury.

5  Moreover, as for Mattel's complaint that the form does not contain Mattel's claim

6  for punitive damages, Mattel lacks any evidentiary basis to seek punitive damages,

7  so such an question is unnecessary. See Barry v. Raskov, 232 Cal. App. 3d 447, 457

8  (1991) (trial court properly refused to instruct jury on punitive damages, as there was

9  not clear and convincing evidence of fraud); see also Jones v. Williams, 297 F.3d

10  930, 934 (9th Cir. 2002) ("[a] party is entitled to an instruction about his or her

11  theory of the case if it is supported by law and has foundation in the evidence").

12  (a), (c)  MGA Parties' and Bryant's Proposed Verdict Form is entirely proper and

13  suitable for use by the jury.  Mattel argues that the form should "simply ask the jury

14  whether Mattel proved damages for this claim".  This is an argument for simplicity

15  over accuracy.  The correct question after determining whether there was conversion

16  is whether the plaintiff is entitled to more than nominal damages.

17

18

19

20

21

22

23

24

25

26

27

28

Obj. & Responses Re MGA Parties' & Bryant's [Proposed] Spec. Verdict Forms– Case No. CV 04-9049 SGL (RNBx)