QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>　　　　Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br>Consolidated with<br>Case Nos. CV 04-09059 & CV 05-2727<br><br>Hon. Stephen G. Larson<br><br>MATTEL, INC.'S [PROPOSED] PHASE ONE STATEMENT OF THE CASE<br><br>**Phase 1:**<br>Discovery Cut-Off:　　January 28, 2008<br>Pre-Trial Conference:　May 19, 2008<br>Trial Date:　　　　　　May 27, 2008 |

07209/2505340.1

MATTEL, INC.'S [PROPOSED] PHASE ONE STATEMENT OF THE CASE

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

      Pursuant to the Scheduling Order and the direction of the Court, Mattel, Inc. ("Mattel") hereby submits its [Proposed] Phase One Statement of the Case. The parties have been unable to reach an agreement regarding a joint statement of the case thus far, and are thus making separate submissions. Mattel's [Proposed] Phase One Statement of the Case is attached hereto as Exhibit A.

DATED:  May 14, 2008        QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

        By /s/ B. Dylan Proctor
          B. Dylan Proctor
          Attorneys for Mattel, Inc.

# EXHIBIT A

This case relates to Bratz fashion dolls and other Bratz-related products.

The plaintiff is Mattel, Inc., a company based in El Segundo, California. The defendants are MGA Entertainment, Inc., a privately held California corporation, MGA Entertainment (HK) Ltd., which is a wholly owned subsidiary of MGA, Isaac Larian, an individual who is the CEO and majority shareholder of MGA, and Carter Bryant, an individual.

Mr. Bryant is a doll designer who was employed at Mattel between 1995 and April 1998, and then again from January 4, 1999 and October 20, 2000. Mattel is in the business of manufacturing and selling dolls and toys, including brands such as BARBIE, HOT WHEELS, and others. When he joined Mattel in January 1999, Mr. Bryant signed an inventions agreement, under which he promised that any designs or toy ideas he came up with during the time period that he worked for Mattel would belong to Mattel. One idea Mr. Bryant came up with at some point in time -- when is for you to decide -- is for the Bratz dolls. MGA is a competitor of Mattel's, and is the toy company that has been marketing and selling Bratz dolls since 2001.

According to Mattel, Mr. Bryant came up with the idea for Bratz, created and worked on drawings and three-dimensional sculpts of Bratz dolls and began developing the Bratz dolls while he was a Mattel employee. Under the inventions agreement that Mr. Bryant signed with Mattel, Mr. Bryant assigned to Mattel his rights to any designs or toy ideas he came up with while employed by Mattel. Therefore, Mattel claims that it is the rightful owner of the Bratz drawings, prototypes, and other works created by Mr. Bryant during the time period that he was employed by Mattel

1  MGA entered into an agreement with Mr. Bryant regarding Bratz while he was a Mattel employee.  According to Defendants, that agreement assigned Mr. Bryant's rights in Bratz to MGA.  According to Defendants, Mr. Bryant came up with the concept for Bratz and created his drawings in 1998, during a time when he was not employed by Mattel.  The MGA Defendants also claim that they did not know of, and did not interfere with, Bryant's obligations to Mattel.

The Court has already found as a matter of law that any Bratz-related inventions that Mr. Bryant conceived of, made, created or reduced to practice during the time period when he was a Mattel employee are owned by Mattel.  Bratz-related inventions include any designs, improvements, ideas, concepts, copyrights and copyrightable subject matter.  The Court also has already found as a matter of law that Mr. Bryant breached his duty of loyalty and fiduciary duty to Mattel by secretly entering into the contract relating to Bratz with MGA, Mattel's competitor.