UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA 92501
<u>CIVIL MINUTES -- GENERAL</u>

Case No.   CV 04-09049 SGL(RNBx)                                 Date: May 12, 2008
Title:     CARTER BRYANT -v- MATTEL, INC.

<u>Consolidated With Related Actions</u>:
CASE NO. CV 04-09059 SGL(RNBx):  MATTEL, INC., v. CARTER BRYANT,
CASE NO. CV 05-02727 SGL (RNBx): MGA ENTERTAINMENT, INC., v. MATTEL, INC.,
=================================================================
PRESENT:   HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

    Jim Holmes                                            Theresa Lanza
    Courtroom Deputy Clerk                                Court Reporter

<u>ATTORNEYS PRESENT FOR CARTER BRYANT</u>:

Matthew M. Werdegar

<u>ATTORNEYS PRESENT FOR MATTEL</u>:

Jon D. Corey
Harry A. Olivar
Timothy L. Alger
Diane Hutnyan

<u>ATTORNEYS PRESENT FOR MGA PARTIES</u>:

Thomas J. Nolan
Raoul D. Kennedy

<u>ATTORNEYS PRESENT FOR THIRD PARTIES</u>

Sandra I. Tholen
for Matthew Bousquette

Christian C. Dowell
for AnaElise Cloonan, Margaret Hatch-Leahy, and Veronica Marlow

**PROCEEDINGS:   ORDER RULING ON DISCOVERY MOTIONS**

    The Court heard argument regarding eleven motions seeking review of various orders of the Discovery Master.

As agreed by the parties and as ordered by the Court, the Court reviews the orders of the Discovery Master under the standard set forth in Fed. R. Civ. P. 72(a), and will modify or set aside only those parts of the Discovery Master's orders that are clearly erroneous or contrary to law. This is a deferential standard, under which the Court upholds rulings on issues that it perhaps would have resolved differently if presented with them in the first instance.

With this standard in mind, the Court **DENIES** the following motions as neither clearly erroneous nor contrary to law:

2. Docket # 3338 Mattel's Motion for Review of and Objecting to Discovery Master's April 14, 2008 Order Granting in Part Mattel's Motion to Compel Communications Regarding this Action;

5. Docket # 3443 Mattel's Motion Objecting to Portions of Discovery Masters April 14, 2008, Order Denying Motion to Compel Production in Response to Mattel's Fifth Set of Request for Production of Documents;[1]

8. Docket # 3334 Mattel's Motion to Set Aside Order of Discovery Master, dated April 11, 2008, Granting in Part MGA's Motion to Compel Mattel to Produce a Witness Pursuant to Notice of Deposition Pursuant to Rule 30(b)(6);[2]

10. Docket # 3289 Mattel's Motion for Review of and Objecting to Portions of the Discovery Master's April 11, 2008 Order Granting in Part and Denying in Part Mattel's Motion to Compel Production of Electronic Media from Third Parties Elise Cloonan, Margaret Hatch-Leahy and Veronica Marlow;

11. Docket # 3287 Ana Elise Cloonan's Motion Objecting to Portions of the Discovery Master's April 11, 2008, Order Regarding Further Examination of Ms. Cloonan's Computer and Zip Disk; and

---

[1] The Court considered the issues as presented to the Discovery Master rather than the more narrow issues presented by Mattel's post hoc efforts to compromise. See Motion at 4 n.17.

[2] At the hearing, counsel raised two points regarding this motion in need of clarification. First, the parties' positions differ as to whether the need for discovery regarding Mattel employees who have refused to sign the Inventions Agreement has been mooted by the Court's Order addressing the parties' motions for partial summary judgment. It has not. The Court's ruling that the Inventions Agreement is enforceable is based strictly on contract construction and does not take into account the unresolved equitable affirmative defenses. Second, the parties are in agreement that four issues, set forth in Mattel's Reply at 10-11, are related only to Phase 2. Although the Court at this time upholds the Discovery Master's Order compelling testimony regarding these topics, the deposition as to these four Phase 2 topics is nevertheless subject to the Order staying all Phase 2 discovery.

    12.    Docket # 3483 Mattel's Motion for Review of Discovery Master's April 22, 2008 Order Denying Motion To Compel Additional Deposition Testimony Of Veronica Marlow.

The issues raised in each of the above motions represent the Discovery Master's balancing of relevant factors against the burdens of production, and the relevant findings and conclusions are neither clearly erroneous nor contrary to law.

The Court **GRANTS** the following motion:

    1.    Docket # 3314 MGA's Motion for Review of Discovery Master's April 22, 2008 Order Granting Matthew Bousquette's Motion To Quash Subpoena.

The Discovery Master improperly concluded that Mr. Bousquette does not reside in California. Based on the evidence before this Court that Mr. Bousquette owns a residence (upon which he claimed a California homeowner's exemption) and business in California; is registered to vote in California; holds a California driver license and has registered several motor vehicles with the state of California Department of Motor Vehicles, the Court finds that Mr. Bousquette is in fact a resident of California. The Court therefore sets aside the Discovery Master's Order quashing the subpoena of Matthew Bousquette. The Court orders that Mr. Bousquette be deposed on May 17, 2008, in Palm Springs, California, the city of his residence.

The Court **GRANTS IN PART AND DENIES IN PART** the following motion:

    4.    Docket # 3398 Mattel's Motion Objecting to Discovery Master's Denial of Motion to Compel Production of Document Bates Numbered MGA 3801819-22.

The Discovery Master did not consider this motion on its merits, instead ruling that he would not decide motions filed after April 16, 2008. The Court, therefore, considers the motion in the first instance and rules as follows:

Although styled a motion to compel production of a four-page document, the motion, in substance, is addressed to two lines redacted from MGA 3801819. The redacted lines are composed of three parts: (1) A listing of three first names, separated by slashes, and followed by a colon; (2) a request addressed to the three named people (consisting of a five-word sentence); and (3) a one-sentence declaration addressed to them.

In a declaration filed with the Court, Mr. Larian, the author of the redacted message, states that the purpose of this message was to seek legal advice. Notwithstanding this declaration, only the second of the three parts of the redaction is reasonably susceptible to the meaning Mr. Larian attributes to the whole. Absent even from this part is language that suggests legal advice was sought, such as: "Let me know what you think," "Please advise," or "Let's discuss further." Nevertheless, Mr. Larian states that the purpose of this message was to seek legal advice and, because this language is reasonably susceptible to that meaning, the Court holds that the five-word sentence beginning with the polite "Please" and ending the with the temporal acronym

"ASAP" is privileged and may remain redacted.

The third part, the declarative sentence, is not reasonably susceptible to the seeking of legal advice:  It is a declaration by MGA's CEO to a number of employees of what must be done – or, more accurately, what must not be done. It is edict, not inquiry.

To the extent that it may be contended by MGA or Mr. Larian that the two sentences must be read in harmony to comprise one singular message, the declarative nature of the third part, when read together with the lack of inquiry language of the second part, would lead the Court only to the conclusion that the second part is also not privileged; it would not compel a conclusion that the third part is also privileged.

Accordingly, MGA must provide to Mattel, within two days of the entry of this Order, a copy of MGA 3801819 that eliminates the redaction of the three names that identifies to whom the message is addressed and of the sentence that begins, "There must be no mention of," and ends with "etc.".

The Court **DENIES** the following motion:

6.   Docket # 3410 MGA's Motion Objecting to Discovery Master's April 25, 2008, Order Denying MGA's Motion to Compel Discovery on Issues as to Which Mattel has Waived the Attorney-Client and Work Product Privileges;

On April 25, 2008, the Discovery Master issued a well-reasoned order denying MGA's motion to compel discovery as to issues upon which MGA contended Mattel had waived the attorney-client and work product privileges.  The Court leaves this Order undisturbed, and therefore **DENIES** MGA's motion.

The Discovery Master correctly applied the so-called Hearn test, which traces its roots back to the district court opinion of Hearn v. Rhay, 68 F.R.D. 574, 581 (E.D. Wash. 1975), to determine whether Mattel had waived the privilege as to materials related to the accrual of its claims.  That test may be stated as follows:

> First, the court considers whether the party is asserting the privilege as the result of some affirmative act, such as filing suit. . . .  Second, the court examines whether through this affirmative act, the asserting party puts the privileged information at issue. . . .  Finally, the court evaluates whether allowing the privilege would deny the opposing party access to information vital to its defense.

United States v. Amlani, 169 F.3d 1189, 1195 (9th Cir. 1999) (internal quotation marks and citation omitted).

In applying this test, the Discovery Master ruled that the first element was met, and this

ruling is unchallenged by the parties. However, the Discovery Master also ruled that the second and third elements were not met. These rulings are challenged by MGA.

Although the court finds the second element a close call, the third element is clearly not met. Although Mattel has privileged information relevant to a determination of claim accrual, unless MGA would otherwise be denied evidence on this crucial topic, the privilege is not waived:

> It is true that privileged communications do not become discoverable simply because they are related to issues raised in the litigation. . . . When the sought-after evidence is only one of several forms of indirect evidence about an issue, the privilege has not been waived.

Id. (internal alteration marks, quotation marks, and citations omitted). Here, MGA has had access to, and has presented to the Court in connection with the motions for partial summary judgment, other forms of material evidence regarding the accrual date of Mattel's claims. Accordingly, the Discovery Master's Order on this issue was neither clearly erroneous nor contrary to law, as all three elements must be present to find waiver. See Home Indem. Co. v. Lane Powell Moss and Miller, 43 F.3d 1322, 1327 (9th Cir. 1995) (assuming the first two elements of the Hearn test had been met but nevertheless finding no waiver because the third element was not). Because the Court finds that the Discovery Master correctly ruled that the third element was not met, thus necessitating denial of the present motion, the Court does not consider what is effectively an alternative basis for denial, i.e., whether the second element was met.

In connection with its ruling on this issue, the Court has received and reviewed the unredacted version of the De Anda email referred to by the parties at the summary judgment hearing.

The Court **GRANTS IN PART AND DENIES IN PART** the following motion:

7.  Docket # 3333 Mattel's Motion for Review of and Objecting to Portions of Discovery Master's April 14, 2008 Order Granting in Part and Denying in Part Mattel, Inc.'s Motion to Compel Production of Documents and Things.

The Discovery Master denied the motion to compel as overly broad and unduly burdensome. He also held that the requested discovery is not relevant and that it is unreasonably cumulative of other discovery.

The Discovery Master erred in concluding that Mattel failed to establish the relevancy of its requests. The four requests which are at issue in this motion – Nos. 6, 15, 23, and 25 – are clearly relevant to Mattel's claims and defenses. Specifically, as set forth at page 5 of Mattel's motion, MGA has challenged the protectibility of the Bratz drawings, has asserted that its three-dimensional dolls cannot infringe the two-dimensional Bratz drawings, and has contended that the dolls are not substantially similar to the Bratz drawings. To the extent that MGA has contended otherwise in other litigation – especially to the extent that they have successfully contended

otherwise in other litigation – they are relevant to the issue of judicial estoppel.[3] To a lesser extent, they may be relevant as impeachment evidence.

Because a determination of whether discovery sought is unduly burdensome represents a balancing test (with relevancy being among the counterweights), see Fed. R. Civ. P. 26(c)(iii), the failure to discern the relevancy of evidence effects the accuracy of that balancing. In accordance with this concern, the Court examines the ruling as to each of the four requests at issue.

As to request number 6, the Court finds that the Discovery Master's ruling that the request is overly broad and unduly burdensome is neither clearly erroneous or contrary to law. Although such language is frequently used, the phrase requesting production of "all documents that refer or relate to" a given topic is fraught with the possibility that the request will be overly broad and unduly burdensome.

As to requests 15 and 23, the Court finds that the Discovery Master's ruling regarding overbreadth, burdensomeness, and unreasonable cumulativeness is contrary to law. Without focusing on the relevance of the judicial estoppel issue, it is tempting in this case to say that the tens of thousands of documents produced regarding a particular issue are enough. However, in asserting a judicial estoppel defense, Mattel is entitled to discover the known universe of court documents in which MGA has made statements regarding what products it contends has infringed its Bratz products, as well as any court orders addressing its statements. To the extent that MGA may have successful in staking out a position regarding its rights to Bratz that is contrary to positions taken in these consolidated actions, the integrity of the judicial process also supports discovery of documents establishing that fact.

Accordingly, the Court **ORDERS** that MGA produce within five days all non-privileged documents that are responsive to requests 15 and 23 (and that have not already been produced) that are in the custody or control of MGA or MGA's current or former counsel.

As to request 25, the Court finds that the Discovery Master's ruling that the request is overly broad and unduly burdensome is neither clearly erroneous or contrary to law. The requests presented in this motion represent a spectrum of burdensomeness. At one end is the request of "all documents that refer or relate to" Bratz claims, which represents a clearly burdensome production of documents. At the other end is the request for court documents that are likely to be maintained by counsel separately from other documents and that are not particularly burdensome to produce. In the middle is this request, which seeks "all documents" claiming infringement as to Bratz products. Here, although a closer call, which the Court may have decided it differently if it decided it in the first instance, the Court cannot conclude that the Discovery Master's ruling was

---

[3] In addition to being important to a defense advanced by Mattel, the doctrine of judicial estoppel, also known as the doctrine of preclusion of inconsistent positions, serves to protect the integrity of the judicial process. See Helfand v. Gerson, 105 F.3d 530, 534 (9th Cir. 1997).

clearly erroneous or contrary to law. If, for instance, the request at issue was a more narrow request, such as one limited only to documents (such as cease-and-desist letters) sent to third parties, the Court might have decided otherwise. However, as the request was propounded, and as the Discovery Master ruled, the Court can discerns no clear factual error or error of law.

Accordingly, the Court **GRANTS** the Motion as to requests 15 and 23, but **DENIES** the motion as to request 6 and 25.

Finally, the Court **DENIES** the following motion:

9. Docket # 3233 Mattel's Motion for Review of the Discovery Master's April 11, 2008, Order Denying Mattel's Application to Enforce Court Orders Compelling Production of Tangible Items; Motion to Enforce those Orders and to Compel Production of the Tangible Items.

The Court's February 4, 2008, Order, granted in part Mattel's ex parte application addressing the issue presented by this motion. The Discovery Master correctly interpreted the Court's Order as implicitly denying the those portions of the ex parte application not explicitly granted.

As set forth on the record, the Court will hear further argument on the motions for partial summary judgment and will hear the motion for reconsideration during the afternoon of May 19, 2008, beginning at 1:30 p.m. The pretrial conference will be held at that time as well. The following morning, May 20, 2008, at 9:00 a.m., jury selection will begin. Once a jury has been selected, the Court will consider any pending discovery motions and the parties' motions in limine. Opening statements are set to begin May 27, 2008.

**IT IS SO ORDERED.**

## NOTICE PARTY SERVICE LIST

Case No. CV 04-09049 SGL(RNBx)    Case Title Carter Bryant v. Mattel, Inc.

Title of Document  Court Minutes of May 12, 2008

| | | | |
|---|---|---|---|
| | Atty Sttlmnt Officer Panel Coordinator | | US Attorneys Office - Civil Division -L.A. |
| | BAP (Bankruptcy Appellate Panel) | | US Attorneys Office - Civil Division - S.A. |
| | Beck, Michael J (Clerk, MDL Panel) | | US Attorneys Office - Criminal Division -L.A. |
| | BOP (Bureau of Prisons) | | US Attorneys Office - Criminal Division -S.A. |
| | CA St Pub Defender (Calif. State PD) | | US Bankruptcy Court |
| | CAAG (California Attorney General's Office - Keith H. Borjon, L.A. Death Penalty Coordinator) | | US Marshal Service - Los Angeles (USMLA) |
| | | | US Marshal Service - Riverside (USMED) |
| | Case Asgmt Admin (Case Assignment Administrator) | | US Marshal Service -Santa Ana (USMSA) |
| | Catterson, Cathy (9th Circuit Court of Appeal) | | US Probation Office (USPO) |
| | Chief Deputy Admin | | US Trustee's Office |
| | Chief Deputy Ops | | Warden, San Quentin State Prison, CA |
| | Clerk of Court | | |
| | Death Penalty H/C (Law Clerks) | | |
| | Dep In Chg E Div | | |
| | Dep In Chg So Div | | |
| | Federal Public Defender | | |
| | Fiscal Section | | |
| | Intake Section, Criminal LA | | |
| | Intake Section, Criminal SA | | |
| | Intake Supervisor, Civil | | |
| | PIA Clerk - Los Angeles (PIALA) | | |
| | PIA Clerk - Riverside (PIAED) | | |
| | PIA Clerk - Santa Ana (PIASA) | | |
| | PSA - Los Angeles (PSALA) | | |
| | PSA - Riverside (PSAED) | | |
| | PSA - Santa Ana (PSASA) | | |
| | Schnack, Randall (CJA Supervising Attorney) | | |
| | Statistics Clerk | | |

| | |
|---|---|
| ✓ | **ADD NEW NOTICE PARTY** (if sending by fax, mailing address must also be provided) |

Name: Hon. Edward A. Infante (Ret.)

Firm:

Address (*include suite or floor*): Two Embarcadero Center, Suite 1500, San Francisco, CA 94111

*E-mail:

*Fax No.:

* For CIVIL cases only

| ***JUDGE / MAGISTRATE JUDGE (list below):*** |
|---|
| |
| |
| |
| |

Initials of Deputy Clerk jh

G-75 (03/07)                NOTICE PARTY SERVICE LIST

# NOTICE PARTY SERVICE LIST

Case No. CV 04-09049 SGL(RNBx)    Case Title Carter Bryant v. Mattel, Inc.

Title of Document  Court Minutes of May 12, 2008

| | |
|---|---|
| | Atty Sttlmnt Officer Panel Coordinator |
| | BAP (Bankruptcy Appellate Panel) |
| | Beck, Michael J (Clerk, MDL Panel) |
| | BOP (Bureau of Prisons) |
| | CA St Pub Defender (Calif. State PD) |
| | CAAG (California Attorney General's Office - Keith H. Borjon, L.A. Death Penalty Coordinator) |
| | Case Asgmt Admin (Case Assignment Administrator) |
| | Catterson, Cathy (9th Circuit Court of Appeal) |
| | Chief Deputy Admin |
| | Chief Deputy Ops |
| | Clerk of Court |
| | Death Penalty H/C (Law Clerks) |
| | Dep In Chg E Div |
| | Dep In Chg So Div |
| | Federal Public Defender |
| | Fiscal Section |
| | Intake Section, Criminal LA |
| | Intake Section, Criminal SA |
| | Intake Supervisor, Civil |
| | PIA Clerk - Los Angeles (PIALA) |
| | PIA Clerk - Riverside (PIAED) |
| | PIA Clerk - Santa Ana (PIASA) |
| | PSA - Los Angeles (PSALA) |
| | PSA - Riverside (PSAED) |
| | PSA - Santa Ana (PSASA) |
| | Schnack, Randall (CJA Supervising Attorney) |
| | Statistics Clerk |

| | |
|---|---|
| | US Attorneys Office - Civil Division -L.A. |
| | US Attorneys Office - Civil Division - S.A. |
| | US Attorneys Office - Criminal Division -L.A. |
| | US Attorneys Office - Criminal Division -S.A. |
| | US Bankruptcy Court |
| | US Marshal Service - Los Angeles (USMLA) |
| | US Marshal Service - Riverside (USMED) |
| | US Marshal Service -Santa Ana (USMSA) |
| | US Probation Office (USPO) |
| | US Trustee's Office |
| | Warden, San Quentin State Prison, CA |

| ✓ | ADD NEW NOTICE PARTY (if sending by fax, mailing address must also be provided) |
|---|---|

Name: Ambassador Pierre-Richard Prosper

Firm:

Address (include suite or floor): P.O. Box 581103

Salt Lake City, UT   84158

*E-mail: Prosper.Pierre@Arentfox.com

*Fax No.:

* For CIVIL cases only

| JUDGE / MAGISTRATE JUDGE (list below): |
|---|
| |

Initials of Deputy Clerk  jh