QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727 |
| vs. | |
| MATTEL, INC., a Delaware corporation, | **[PUBLIC REDACTED]<br>DECLARATION OF JON D. COREY IN SUPPORT OF MATTEL, INC.'S *EX PARTE* APPLICATION FOR ORDER THAT THERE IS NO BASIS UNDER THE PROTECTIVE ORDER FOR MATTEL TO RETURN FIVE DOCUMENTS PRODUCED BY MGA** |
| Defendant. | |
| AND CONSOLIDATED ACTIONS | |
| | Date:   NA<br>Time:   NA<br>Place:  NA |
| | **Phase 1**<br>Pre-trial Conference:   May 19, 2008<br>Trial Date:                   May 27, 2008 |

07209/2505684.1

## DECLARATION OF JON D. COREY

I, Jon D. Corey, declare as follows:

1.      I am a member of the bar of the State of California and a partner of Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for Mattel, Inc. ("Mattel"). I make this declaration of personal, firsthand knowledge and, if called and sworn as a witness, I could and would testify competently thereto.

2.      Attached as Exhibit 1 is a true and correct copy of a letter from Jose R. Allen, counsel for MGA, to me, dated April 1, 2008, stating that MGA had inadvertently produced MGA 0815789, and requesting that Mattel return or destroy the document.

3.      Attached as Exhibit 2  is a true and correct copy of a letter from me to Mr. Allen, dated April 23, 2008. The letter confirms that Mattel destroyed all copies of MGA 0815789 and requests that MGA reproduce the CD containing documents on which MGA initially produced the document without MGA 0815789, and identify where MGA 0815789 is listed on MGA's privilege log.  I also asked Mr. Allen to let me know when he would be available to meet and confer regarding the basis for the assertion of privilege over that document.  Mr. Allen did not respond to my meet and confer request.

4.      Attached as Exhibit 3 is a true and correct copy of a letter from Amy S. Park, counsel for MGA, to my partner, Diane Hutnyan, dated May 7, 2008, asserting that MGA 3512588-89 was inadvertently produced, and requesting that Mattel return or destroy all copies of the document.

5.      Attached as Exhibit 4 is a true and correct copy of a letter from Lance A. Etcheverry, counsel for MGA, to Christopher Price, counsel for Mattel, dated May 7, 2008, stating that MGA 0829296-MGA 0829305 and MGA 3819497-MGA 3819506, among others, were inadvertently produced, and requesting that Mattel return or destroy all copies of the documents.

-1-

6.   Attached as Exhibit 5 is a true and correct copy of a letter from Lauren E. Aguiar, counsel for MGA, to my partner Timothy L. Alger, dated May 11, 2008, stating that MGA0868630-MGA 0868631 and MGA1134723-MGA1134730 (including Depo Ex. 1932), among others, were inadvertently produced, and requesting that Mattel return or destroy all copies of the documents.

7.   Attached as Exhibit 6 is a true and correct copy of a letter from me to Carl Roth, counsel for MGA, dated May 14, 2008, stating Mattel's intention to file an *ex parte* application for relief from Mattel's obligations to return the documents identified in MGA's April 1, May 7, and May 11 letters under the Protective Order if MGA would not withdraw request for the return of the documents.

8.   The chart below identifies the date when MGA produced each of the documents at issue in this Application to Mattel:

| Bates Range of Document | Date Produced |
| --- | --- |
| MGA 0829296-MGA 0829305 | 1/3/2008 |
| MGA 3819497-MGA 3819506 | 1/25/2008 |
| MGA0868630-MGA 0868631 | 9/7/2007 |
| MGA1134723-MGA1134730 | 9/17/2007 |
| MGA 0815789 | 6/19/2007 |

9.   MGA 0829296-305 is a fax from Lucy B. Arant of Russ, August, Kabat and Kent to Paula Garcia (then known as Paula Treantafelles) at MGA, dated December 7, 2000.  The first page of the Fax (after the cover sheet) includes a written message from Ms. Arant to Ms. Garcia which states that the Fax attaches four trademark applications for Isaac Larian's review and signature.  The message also states that Garcia had indicated that each of applications had a date of first use

COREY DEC. ISO MATTEL'S *EX PARTE* APPLICATION FOR ORDER RE RETURN OF DOCUMENTS

1   of June 15, 2000.  The remainder of the Fax consists of the trademark applications

2   for "Jade," "Yasmin," Sasha," and "Bratz" in connection with dolls.

3         10.   MGA 3819497-506 is a list identifying payments made from

4   MGA to former Mattel employees, including Bryant, in 2000 and 2001.

5         11.   MGA0868630-1 is a list of former and current MGA employees

6   who previously worked for Mattel, which identifies their dates of employment with

7   Mattel.  Employee List I is a list of former and current MGA employees who

8   previously worked for Mattel that includes the dates of employment with Mattel.  It

9   states that Bryant worked at Mattel between May 1995 and April 1998, and January

10  1999 and October 2000.

11        12.   MGA1134723-730 is a list of former and current MGA

12  employees who previously worked for Mattel, which identifies their MGA position

13  and dates of employment with MGA and Mattel.  It identifies the dates of the

14  person's employment with Mattel and MGA, and MGA position title.  Employee

15  List II classifies Bryant as an MGA Temporary Product Designer.  The document

16  puts a series of question marks as Bryant's start date with MGA.  Respecting

17  Bryant's dates of employment with Mattel, it recommends that the reader not ask

18  what those dates are.

19        13.   MGA 0815789 is a worksheet showing Bratz' worldwide sales.

20  Mattel no longer has a copy of the document, and relies on the deposition testimony

21  of Lisa Tonnu for its understanding of the document's contents.

22        14.   Attached as Exhibit 7 is a true and correct copy of the parties'

23  Stipulated Protective Order, dated January 4, 2005.

24        15.   Attached as Exhibit 8 is a true and correct copy of Mattel, Inc.'s

25  Second Amended Answer in Case No. 05-2727 and Counterclaims, dated July 12,

26  2007.

27        16.   Attached as Exhibit 9 is a true and correct copy of Answer and

28  Affirmative Defenses of MGA Entertainment, Inc., MGA Entertainment (HK)

1    Limited, and MGAE De Mexico S.R.L. De C.V. to Mattel, Inc.'s Second Amended
2    Answer and Counterclaims dated August 13, 2007.

3          17.    Attached as Exhibit 10 is a true and correct copy of relevant
4    excerpts from the deposition of Carter Bryant, dated November 4, 2005.

5          18.    Attached as Exhibit 11 is a true and correct copy of relevant
6    excerpts from the deposition of Isaac Larian, dated July 18, 2006.

7          19.    Attached as Exhibit 12 is a true and correct copy of relevant
8    excerpts from the deposition of Paula Garcia, dated May 4, 2007.

9          20.    Attached as Exhibit 13 is a true and correct copy of relevant
10   excerpts from the deposition of Anna Rhee, dated February 3, 2005.

11         21.    Attached as Exhibit 14 is a true and correct copy of relevant
12   excerpts from the deposition of Lisa Tonnu, dated September 24, 2007.

13         22.    Attached as Exhibit 15 is a true and correct copy of relevant
14   excerpts from the deposition of Lisa Tonnu, dated September 25, 2007.

15         23.    Attached as Exhibit 16 is a true and correct copy of relevant
16   excerpts from the deposition of Lisa Tonnu, dated January 17, 2008.

17         24.    Attached as Exhibit 17 is a true and correct copy of relevant
18   excerpts from the deposition of Schuyler Bacon, dated September 27, 2007.

19         25.    Attached as Exhibit 18 is a true and correct copy of relevant
20   excerpts from the deposition of Samir K. Khare, dated January 23, 2008.

21         26.    Attached as Exhibit 19 is a true and correct copy of relevant
22   excerpts from the deposition of Nick Contreras, dated January 28, 2008.

23         27.    Attached as Exhibit 20 is a true and correct copy of relevant
24   excerpts from MGA's Opposition to Mattel's Motion For Leave to File Amended
25   Complaint, dated December 21, 2006.

26         28.    Attached as Exhibit 21 is a true and correct copy of a letter from
27   Chris D. Nguyen to Timothy L. Alger, dated August 7, 2007.

28

1        29.    Attached as Exhibit 22 is a true and correct copy of the

2    Discovery Master's Order Granting Mattel's Motion to Compel MGA to Produce

3    Documents Bearing Bates Nos. MGA 0800973-0800974 and MGA 0829296-

4    0829305, dated December 17, 2007.

5        30.    Attached as Exhibit 23 is a true and correct copy of relevant

6    excerpts from Mattel, Inc.'s Separate Statement of Uncontested Facts and

7    Conclusions of Law In Support of Mattel, Inc.'s Motion for Partial Summary

8    Judgment, dated March 7, 2008.

9        31.    Attached as Exhibit 24 is a true and correct copy of relevant

10   excerpts from MGA Parties' Opposition to Mattel, Inc.'s [Corrected] Separate

11   Statement of Uncontested Facts and Conclusions of Law In Support of Mattel, Inc.'s

12   Motion for Partial Summary Judgment, dated March 24, 2008.

13       32.    Attached as Exhibit 25 is a true and correct copy of Mattel's

14   Motion to Compel Documents Withheld as Privileged, dated August 9, 2007.

15       33.    Attached as Exhibit 26 is a true and correct copy of relevant

16   excerpts from MGA's Supplemental Privilege Log, dated August 14, 2007.  MGA

17   may have listed MGA 0829296-305 as Number 654 on this Privilege Log, however,

18   Mattel cannot be certain because MGA did not list the Bates Numbers they were

19   originally produced with.  Mattel has been unable to identify the privilege log

20   entries regarding any of the other documents because the descriptions on MGA's

21   privilege logs are vague and do not refer to Bates Numbers.

22       34.    Attached as Exhibit 27 is a true and correct copy of relevant

23   excerpts from MGA Entertainment, Inc.'s Memorandum of Points and Authorities in

24   Opposition to Mattel, Inc.'s Motion to Compel Production of Documents Withheld

25   as Privileged, dated August 21, 2007.

26       35.    Attached as Exhibit 28 is a true and correct copy of relevant

27   excerpts from the Declaration of B. Dylan Proctor in Support of Mattel, Inc.'s

28   Motion for Partial Summary Judgment, Volume III, dated March 7, 2008.

36.     Attached as Exhibit 29 is a true and correct copy of relevant excerpts from Mattel, Inc.'s Notice of Motion and Motion for Partial Summary Judgment, dated March 7, 2008.

37.     Attached as Exhibit 30 is a true and correct copy of relevant excerpts from Mattel's April 1, 2008 Disclosure of Trial Exhibits.

38.     Attached as Exhibit 31 is a true and correct copy of relevant excerpts from Mattel's April 4, 2008 Disclosure of Trial Exhibits.

39.     Attached as Exhibit 32 is a true and correct copy of relevant excerpts from Mattel's Revised Disclosure of Trial Exhibits, dated April 18, 2008.

40.     Attached as Exhibit 33 is a true and correct copy of Reply In Support of MGA's Motion for Protective Order From Mattel, Inc.'s Notice of Deposition of Lucy Arant, dated April 7, 2008.

41.     Attached as Exhibit 34 is a true and correct copy of Mattel, Inc.'s Opposition to the MGA Defendants' Motion for Protective Order from Mattel, Inc.'s Notice of Deposition of Lucy Arant, dated Marc 27, 2008.

42.     Attached as Exhibit 35 is a true and correct copy of the Discovery Master's Order Granting In Part Defendants' Motion for Protective Order from Mattel, Inc.'s Notice of Deposition of Lucy Arant, dated April 30, 2008.

43.     Attached as Exhibit 36 is a true and correct copy of Mattel's Motion to Compel Withheld MGA Documents That Prove MGA Was Developing Bratz As Early as June 2000, dated August 24, 2007.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

COREY DEC. ISO MATTEL'S *EX PARTE* APPLICATION FOR ORDER RE RETURN OF DOCUMENTS

1    44.    Attached as Exhibit 37 is a true and correct copy of MGA's

2    Opposition to Mattel's Motion to Compel Withheld MGA Documents That Prove

3    MGA Was Developing Bratz As Early as June 2000.

4         I declare under penalty of perjury under the laws of the United States of

5    America that the foregoing is true and correct.

6         Executed this 15th day of May 2008, at Los Angeles, California.

7

8

9    Jon D. Corey

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COREY DEC. ISO MATTEL'S *EX PARTE* APPLICATION FOR ORDER RE RETURN OF DOCUMENTS

# EXHIBIT 1

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR EMBARCADERO CENTER
SAN FRANCISCO, CALIFORNIA 94111-4144
————
TEL: (415) 984-6400
FAX: (415) 984-2698
http://www.skadden.com

DIRECT DIAL
415-984-6442
EMAIL ADDRESS
JRALLEN@SKADDEN.COM

FIRM/AFFILIATE OFFICES
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
NEWARK
NEW YORK
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO

April 1, 2008

By Email and U.S. Mail

Jon Corey, Esq.
Quinn Emanuel Urquhart Oliver &
Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017

RE:   Cater Bryant v. Mattel, Inc. (and consolidated cases)
Case No. CV 04-9049 SGL (RNBx (consolidated with
Cases Nos. CV 04-09059 and CV 05-02727)

Dear Jon:

It has come to our attention that MGA inadvertently produced a document bearing Bates number MGA 0815789, which was marked as Exhibit No. 662 at the deposition of Lisa Tonnu on September 24, 2007. Please be advised that this document reflects both confidential attorney-client privileged communications and attorney work product. We will be listing the document on a privilege log. In the meantime, pursuant to paragraph 13 of the Stipulated Protective Order, please immediately destroy or return to us all hard copies and delete all electronic copies of MGA 0815789 in your or Mattel's possession, custody or control, including any copies used as an exhibit at any deposition, and please certify in writing that you have done so.

Very truly yours,

José R. Allen

EXHIBIT 1
PAGE 8

# EXHIBIT 2

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

April 23, 2008

**VIA FACSIMILE AND U.S. MAIL**

José R. Allen, Esq.
Skadden, Arps, Slate, Meagher & Flom, LLP
Four Embarcadero Center
San Francisco, California 94111-4144

Re:   Mattel, Inc. v. MGA Entertainment, Inc.

Dear José:

I write in response to your letter seeking the return of the document with the Bates Number MGA 0815789.  In that letter, you claim that this documents is protected by the attorney-client privilege and the work product doctrine, but that MGA inadvertently produced it. That document was marked as Exhibit 662 at the deposition of Lisa Tonnu on September 24, 2007.

Pursuant to Section 13 of the Stipulated Protective Order, I certify that we have destroyed any and all paper and electronic copies of this document that were provided to us, and we are returning with this letter the CD on which MGA initially produced the document.  Please re-produce this CD without the allegedly privileged document on it, and also identify to us where MGA 0815789 is listed on MGA's privilege log.

Further, please let me know when you are available to meet and confer and can provide me with a basis for the assertion of the privilege over that document.

Best regards,

Jon Corey

Jon Corey

Enclosure (via U.S. Mail)

**EXHIBIT 2**

**PAGE 9**

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

07975/2469518.1

Cc:   Michael H. Page, Esq.
      Mark E. Overland, Esq.

EXHIBIT 2

PAGE 10

# EXHIBIT 3

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

525 UNIVERSITY AVENUE
PALO ALTO, CALIFORNIA 94301
———
TEL: (650) 470-4500
FAX: (650) 470-4570
www.skadden.com

DIRECT DIAL
650.470.4511
DIRECT FAX
888.329.6334
EMAIL ADDRESS
APARK@SKADDEN.COM

FIRM/AFFILIATE OFFICES
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
NEW YORK
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON

BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

May 7, 2008

**By Email and U.S. Mail**

Diane Hutnyan, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017

RE:     *Carter Bryant v. Mattel, Inc.* (and consolidated cases)
        Case No. CV 04-9049 SGL (RNBx) (consolidated with
        Cases Nos. CV 04-09059 and CV 05-02727)

Dear Diane:

        During the deposition of Daphne Gronich on May 2, 2008, MGA clawed back the document Bates numbered MGA 3512588-89, which Mattel attempted to mark as Exhibit 5482, on the grounds that the document reflects confidential attorney-client communications and is therefore protected from disclosure. We will be providing you with a redacted copy of the document and listing the document on a privilege log. In the meantime, pursuant to paragraph 13 of the Stipulated Protective Order, please immediately destroy or return to us all hard copies and delete all electronic copies of the unredacted clawed back document and certify in writing that you have done so.

Sincerely,

Amy S. Park

EXHIBIT 3
PAGE 11

# EXHIBIT 4

## SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

300 SOUTH GRAND AVENUE

LOS ANGELES, CALIFORNIA 90071-3144

———

TEL: (213) 687-5000

FAX: (213) 687-5600

www.skadden.com

DIRECT DIAL
(213) 687-5432
DIRECT FAX
(213) 621-5432
EMAIL ADDRESS
LETCHEVE@SKADDEN.COM

FIRM/AFFILIATE OFFICES
BOSTON
CHICAGO
HOUSTON
NEW YORK
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

May 7, 2008

### VIA FASCIMILE AND E-MAIL

Christopher E. Price, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017

RE:     *Carter Bryant v. Mattel, Inc.* (and consolidated cases)
Case No. CV 04-9049 SGL (RNBx) (consolidated with
Cases Nos. CV 04-09059 and CV 05-02727)

Dear Chris:

It has come to our attention that documents bearing the following Bates numbers were inadvertently produced: MGA 0824495, MGA 0824497 – MGA 0824498, MGA 0824632, MGA 0824650 – MGA 0824651, MGA 0824652 – 0824653, MGA 0824845, MGA 0824846, MGA 0824847, MGA 0829296 – 0829305, MGA 0801937, MGA 3167698, MGA 3167696 (including Deposition Exhibit 1902), MGA 3819497 – 3819506, and BRYANT2 000001, BRYANT2 000005 – 000006. Because MGA 3167698 and MGA 3167696 (including Deposition Exhibit 1902) are privileged in part, we will be providing a replacement redacted version of the document to you shortly. In addition, we will be listing the foregoing documents on a privilege log. In the meantime, pursuant to paragraph 13 of the Stipulated Protective Order, please immediately destroy or return to us all hard copies and delete all electronic copies of the inadvertently produced documents in your or Mattel's possession, custody or control, and please certify in writing that you have done so.

EXHIBIT 4

PAGE 12

Christopher Price
May 7, 2008
Page 2


      Should you know of any additional inadvertently produced privileged
documents, please let us know immediately.


                         Sincerely,

                         *Lance A. Etcheverry*

                         Lance A. Etcheverry


cc:     Matthew M. Werdegar, Esq.


EXHIBIT 4

PAGE 13

# EXHIBIT 5

# SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR TIMES SQUARE

NEW YORK 10036-6522
——
TEL: (212) 735-3000

FAX: (212) 735-2000

www.skadden.com

DIRECT DIAL
(212) 735 2235
DIRECT FAX
(917) 777 2235
EMAIL ADDRESS
LAUREN.AGUIAR@SKADDEN.COM

FIRM/AFFILIATE OFFICES
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
NEWARK
PALO ALTO
RESTON
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

May 11, 2008

## VIA FASCIMILE AND E-MAIL

Timothy L. Alger, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017

        RE:    *Carter Bryant v. Mattel, Inc.* (and consolidated cases)
             Case No. CV 04-9049 SGL (RNBx) (consolidated with
             Cases Nos. CV 04-09059 and CV 05-02727)

Dear Tim:

      It has come to our attention that documents bearing the following Bates numbers were inadvertently produced:  BRYANT 12583, MGA 0067816, MGA 0868630 – MGA 0868631, and MGA 1134723 – MGA 1134730 (including Deposition Exhibit 1932).  These documents are protected by the work-product and/or attorney-client privileges.

      We will be listing the foregoing documents on a privilege log.  In the meantime, pursuant to paragraph 13 of the Stipulated Protective Order, please immediately destroy or return to us all hard copies and delete all electronic copies of the inadvertently produced documents in your or Mattel's possession, custody or control, and please certify in writing that you have done so.  In addition, please destroy or return to us all hard copies and delete all electronic copies of any deposition transcripts, court filings, or other documents that contain or refer to these privileged documents.  To the extent applicable, please submit to the Court corrected, redacted versions of any filings that contain or refer to these privileged documents.

EXHIBIT 5

PAGE 14

05-11-2008   06:43pm   From-SASMF LA 30FL                    +2136875291          T-348   P.003/003   F-220

Timothy L. Alger
May 11, 2008
Page 2

      Should you know of any additional inadvertently produced privileged
documents, please let us know immediately.

                                        Sincerely,

                                        Lauren E. Aguiar
                                        Lauren E. Aguiar

cc:     Matthew M. Werdegar, Esq.

EXHIBIT 5

PAGE 15

# EXHIBIT 6

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

May 14, 2008

<u>VIA ELECTRONIC MAIL, FACSIMILE AND U.S. MAIL</u>

Carl Roth, Esq.
Skadden, Arps, Slate, Meagher & Flom, LLP
Four Embarcadero Center
San Francisco, California 94111

Re:    <u>Bryant v. Mattel</u>

Dear Carl:

We are in receipt of the April 1, May 7, and May 11, 2008 letters from your firm requesting that Mattel return documents that you claim are protected by the attorney-client privilege and/or the work product doctrine. The documents bear bates numbers MGA 0829296-MGA 0829305, MGA 3819497-MGA 3819506, MGA0868630-MGA 0868631, MGA1134723-MGA1134730 (including Depo Ex. 1932), and MGA 0815789. These documents have been long-produced, marked at deposition, filed with the Court and Mattel intends to use these documents at trial. Accordingly, Mattel does not believe that MGA can provide an a good faith basis for the assertion of the privilege with respect to these documents or why any such claim of privilege has not been waived. If MGA will not withdraw its eve-of-trial request that Mattel return these documents, then Mattel will apply, on an ex parte basis, for relief from its obligations with respect to these documents under the terms of the Stipulated Protective Order and any other obligation to return these documents. Please let me know when you are available.

Best regards,

Jon D. Corey

**EXHIBIT** ___6___

**PAGE** ___16___

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

07209/2504295.1

# EXHIBIT 7



1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
2    John B. Quinn (Bar No. 90378)
     Michael T. Zeller (Bar No. 196417)
3    Jon D. Corey (Bar No. 185066)
   865 South Figueroa Street, 10th Floor
4  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
5  Facsimile: (213) 443-3100

6  Attorneys for Plaintiff and Counter-Defendant
   Mattel, Inc.

7

8              UNITED STATES DISTRICT COURT

9            CENTRAL DISTRICT OF CALIFORNIA

10

11  MATTEL, INC., a Delaware                )  CASE NO. CV 04-9059 NM (RNBx)
    Corporation,                            )
12                                          )  STIPULATED PROTECTIVE
                          Plaintiff,        )  ORDER; AND
13                                          )
              v.                            )  [PROPOSED] ORDER
14                                          )
    CARTER BRYANT, an individual; and       )  [Discovery Matter]
15  DOES 1 through 10, inclusive,           )
                                            )
16                        Defendants.       )
                                            )
17  _____        )
                                            )
    CARTER BRYANT, on behalf of             )
18  himself, all present and former         )
    employees of Mattel, Inc., and the      )
19  general public,                         )
                                            )
20                    Counter-Claimant,     )
                                            )
21            v.                            )
                                            )
22  MATTEL, INC., a Delaware                )
    Corporation,                            )
23                                          )
                    Counter-Defendant.      )
24                                          )

25

26

27

28

**EXHIBIT** 7

**PAGE** 17

07272/625581.2

PROTECTIVE ORDER

# GOOD CAUSE STATEMENT

Plaintiff Mattel, Inc. ("Mattel"), defendant Carter Bryant, and intervenor-defendant MGA Entertainment, Inc. ("MGA") are parties to the above-captioned litigation (hereinafter, the "Action"). (Mattel, Carter Bryant and MGA Entertainment, Inc. are each referred to herein as a "Party" and collectively are the "Parties.")

In this Action, Mattel has alleged, and defendants dispute, that Bryant worked for and otherwise aided and assisted MGA while defendant was employed by Mattel as a designer, in violation of his contractual and other legal duties to Mattel.

All parties believe that they will or may be required to produce or disclose in this Action, and that nonparties may produce or disclose, information that is trade secret, proprietary, confidential and/or is of a private or personal nature and that, if disclosed in this Action without restriction on its use or further disclosure, may cause disadvantage, harm, damage and loss to the disclosing Party or to the disclosing nonparty.

In addition, the Parties are currently in a competitive relationship in the toy industry, with Mattel and MGA operating as a manufacturers and marketers of dolls, toys and other products and Bryant working at this time as a contractor for a Mattel competitor, MGA, and further anticipate that nonparty competitor information may be produced or disclosed in this Action.

In particular, without prejudice to any Party's right to object to or resist disclosure of such categories of information on relevance or any other grounds, the Parties currently anticipate that categories of such trade secret, proprietary, confidential and/or private documents and other information that may be disclosed in discovery by the Parties and by nonparties will or may include:

(1)   Personnel files and other private or confidential employment, contractor or vendor information;

**EXHIBIT** 7

**PAGE** 18

07272/625581.2

-2-

PROTECTIVE ORDER

1      (2)    The specific terms of agreements with, and information received

2   from, third parties that a Party is required to disclose only under conditions of

3   confidentiality;

4      (3)    Personal or private financial information, and confidential

5   financial data that is not known generally to the trade or to competitors, including

6   financial data relating to specific sales, cost and profit information for specific

7   products and product lines; and

8      (4)    Business plans and product information that are not known

9   generally to the trade or to competitors, including non-public information relating to

10  product development and design.

11

12      WHEREFORE, believing that good cause exists, the Parties HEREBY

13  STIPULATE that, subject to the Court's approval, the following procedures shall be

14  followed in this Action to facilitate the orderly and efficient discovery of relevant

15  information while minimizing the potential for unauthorized disclosure or use of

16  confidential or proprietary information:

17

18                    <u>SCOPE OF THIS ORDER</u>

19

20      1.    This Protective Order shall apply to trade secret, confidential and

21  proprietary information, documents and things that are produced or disclosed in any

22  form during the course of the Action by any Party or any nonparty:

23           (a)    through discovery;

24           (b)    in any pleading, document or other writing; or

25           (c)    in testimony given at a deposition.

26  (The foregoing information, documents and things shall be referred to hereinafter

27  collectively as "Litigation Materials.")

28

**EXHIBIT** 7

**PAGE** 19

## CONFIDENTIAL AND ATTORNEYS' EYES ONLY INFORMATION

2.     Any Party or nonparty producing or disclosing Litigation Materials in this Action may designate such information as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by designating it in the manner set forth in paragraph 3 below.   The designation of Litigation Materials as "CONFIDENTIAL" shall be limited to information which the disclosing Party or nonparty believes in good faith contains, constitutes or reveals confidential design, engineering or development information, confidential commercial information, non-public financial information, confidential or private information about current or former employees, contractors or vendors (including employee, contractor and vendor personnel records), or other information of a confidential, proprietary, private or personal nature.   The designation of information as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall be limited to trade secrets or other confidential commercial information, including without limitation non-public designs and drawings, which the disclosing Party or nonparty in good faith believes will result in competitive disadvantage or harm if disclosed to another Party to this Action without restriction upon use or further disclosure.   Information designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" may only be used and disclosed as provided in this Protective Order.

## MANNER OF DESIGNATION OF MATERIALS

3.     A Party or nonparty may designate Litigation Materials as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" in the following manner:

(a)     Documents or Things.   "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" treatment may be

obtained by typing or stamping "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" on the particular document or thing.

(b)   Interrogatory Answers and Responses to Requests for Admissions.   In answering any interrogatory or request for admission, or any part thereof, a Party may designate its or his answer as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by affixing thereto the legend "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY." Such "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" answers shall be made on separate pages from any other answers or portions thereof that are not designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY."

(c)   Deposition Testimony.   Any Party or nonparty giving deposition testimony in this Action may obtain "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" treatment therefor by designating, during the course of that testimony, for which "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" treatment is desired, the testimony that is claimed to be "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," or alternatively by designating the entire testimony to be "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," subject to a good faith obligation to identify any non-confidential portions of the testimony (and/or any lesser "CONFIDENTIAL" portions in the event that the entire testimony is designated "CONFIDENTIAL -- ATTORNEYS' EYES ONLY") within fourteen (14) calendar days after receipt of the transcript of the testimony.   The reporter shall separately transcribe and bind the testimony so designated as "CONFIDENTIAL" and "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" and shall mark the face of the separate bound transcript containing such testimony with the term "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY."

A Party or nonparty also may make the above-referenced designation of confidentiality in writing and within fourteen (14) calendar days of the receipt by said Party or nonparty of the transcript of said testimony. In that event, said portion of the transcript will be treated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" under the provisions of this Protective Order, except that it will not be separately bound. If, during the course of deposition testimony, any Party or nonparty reasonably believes that the answer to a question will result in the disclosure of "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information, all persons other than those persons entitled to receive such information pursuant to paragraphs 5 and 6 hereof shall be excluded from the room in which the deposition testimony is given. Unless previously designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," all transcripts of deposition testimony and any related exhibits, and all information adduced in deposition, shall, in their entirety, be treated as "CONFIDENTIAL" for a period of fourteen (14) calendar days after receipt of the transcript by counsel for the designating Party or nonparty. The Party or nonparty designating the testimony or information as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" may, within that fourteen (14) calendar day period described above, specifically designate information contained in the transcript(s) and/or exhibit(s) as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," whether or not previously designated as such, by notifying all Parties in writing of the portions of the transcript or exhibit which contains such information. Each Party shall attach a copy of such written statement to the face page of the transcript or exhibit and to each copy in its or his possession, custody or control. Thereafter, these portions of the transcript or exhibits designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall be treated in

accordance with the terms of this Protective Order. In addition, the provisions of Paragraph 3(e) for later designating transcripts or exhibits shall apply after the expiration of the fourteen (14) calendar day period described in this Paragraph 3(c).

(d)   Typing or stamping the legend "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" upon the first page of a collection of Litigation Materials which are bound together shall have the effect of designating such collection in its entirety as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY." In the case of disks, tapes, CD-ROMs, DVDs and other tangible storage media or devices, labeling, stamping or marking the outside of such disk, tape, CD-ROM, DVD or other medium or device with the legend "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall have the effect of designating the entire contents of such disk, tape, CD-ROM, DVD or other medium or device, and all data stored thereupon, as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," as the case may be.

(e)   Except as otherwise provided in Paragraph 3(c) of this Protective Order, the receiving Party shall not reveal any information produced for a period of seven (7) calendar days following receipt. Failure to designate a document, thing or other information as CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" in accordance with this Protective Order shall not preclude any Party or nonparty desiring to so designate the document, thing or information from so designating thereafter; provided that the Party or nonparty proceeds promptly after discovery of any omission of marking, in good faith marks the document, thing or other information and requests, in writing, that each receiving Party so mark and treat the document, thing or other information in accordance with this Protective Order. Thereafter, the document, thing or other information shall

07272/625581.2

-7-

EXHIBIT 7

PAGE 25

PROTECTIVE ORDER

1     be fully subject to this Protective Order.  No Party shall incur liability for any

2     disclosures made prior to notice of such designation, except to the extent that

3     any such disclosures occurred prior to the seven (7) day period described above

4     or prior to such other time periods as are provided by this Protective Order,

5     including without limitation such time periods as are provided in Paragraph

6     3(c) above.

7

8     <u>RESTRICTIONS ON DISCLOSURE OF DESIGNATED MATERIALS</u>

9

10         4.    Any Litigation Materials produced or disclosed in this Action,

11 whether or not designated "CONFIDENTIAL" or "CONFIDENTIAL --

12 ATTORNEYS' EYES ONLY," may only be used by the receiving Party of such

13 information for purposes of litigation and not for any other purpose, including

14 without limitation for any business or trade purpose.  As used herein, the term

15 "litigation" shall mean preparation for, participation in and prosecution and defense

16 of any suit, motion, trial, appeal, hearing, review or other judicial proceeding or in

17 connection with any mediation or other alternative dispute resolution procedure that

18 this or any other court may order or that the Parties may agree to.

19         5.    Subject to Paragraph 7 herein, and unless as otherwise ordered by

20 the Court, Litigation Materials designated as "CONFIDENTIAL" shall not be

21 disclosed to any person other than:

22         (a)    the attorneys for the Parties and their partners, shareholders,

23 associates, document clerks and paralegals who are necessary to assist such

24 attorneys;

25         (b)    secretaries, stenographers and other office or clerical

26 personnel employed by said attorneys and who are necessary to assist such

27 attorneys;

28         EXHIBIT $\underline{\exists}$

        PAGE $\underline{24}$

PROTECTIVE ORDER

(c)     a named Party or officers or employees of a named Party, to the extent deemed necessary by their respective attorneys for purposes assisting in litigation;

(d)     the authors, senders, addressees and designated copy recipients of any document or thing which has been designated as "CONFIDENTIAL" information;

(e)     such other persons as may be consented to by the Party or nonparty designating such information as "CONFIDENTIAL" information;

(f)     outside litigation support vendors, including commercial photocopying vendors, scanning services vendors, coders and keyboard operators;

(g)     professional court reporters engaged to transcribe deposition testimony, professional videographers engaged to videotape deposition testimony and translators;

(h)     independent outside consultants or experts retained by the attorneys to the extent deemed necessary by said attorneys for purposes of litigation; and

(i)     non-party fact witnesses in a deposition, provided, however, that such persons may not retain such "CONFIDENTIAL" information unless otherwise authorized to receive it. If the attendance of a non-party fact witness at a deposition can only be obtained through compulsory process, the witness need not execute an Assurance of Compliance in the form attached as Exhibit A, provided that: (1) the witness acknowledges his obligation to maintain the confidentiality of "CONFIDENTIAL" information under oath; and (2) such "CONFIDENTIAL" information may only be shown to the witness during the deposition.

EXHIBIT 7

PAGE 25

PROTECTIVE ORDER

6.   Subject to paragraph 7 herein, and unless as otherwise ordered by the Court, Litigation Materials designated as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall not be disclosed to any person other than:

(a)   the attorneys for the Parties (but not including in-house counsel for the Parties or any attorney who is an officer, director, shareholder or employee of any Party or its corporate affiliates) and their partners, shareholders, associates, document clerks and paralegals who are assigned to and necessary to assist such attorneys. For the purposes of this subparagraph, "affiliate" shall mean any corporate parent or subsidiary of any Party, or any other entity that is under common control with any Party or corporate parent or subsidiary of any Party, or any of their successors or predecessors in interest;

(b)   secretaries, stenographers and other office or clerical personnel employed by said attorneys and who assist them with respect to litigation;

(c)   the authors, senders, addressees and designated copy recipients of any document or thing which has been designated as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information;

(d)   such other persons as may be consented to by the Party designating such information as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information;

(e)   outside litigation support vendors, including commercial photocopying vendors, scanning services vendors, coders and keyboard operators;

(f)   independent outside consultants or experts retained by the attorneys to the extent deemed necessary by said attorneys for the purposes of litigation; and

EXHIBIT  7

PAGE  26

PROTECTIVE ORDER

1          (g)    professional   court   reporters   engaged   to   transcribe
2    deposition  testimony,  professional  videographers  engaged  to  videotape
3    deposition testimony and translators.

4          7.    None of the following is bound by or obligated under this Order
5    in any respect and specifically are not bound or obligated to treat information
6    designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES
7    ONLY" in any particular manner: The Court hearing this Action (including the Court
8    having jurisdiction of any appeal), Court personnel, court reporters working for the
9    Court, translators working for the Court, or any jury impaneled in this Action.

10         8.    Other than those identified in Paragraph 7 above, each person to
11   whom  information  designated  as  "CONFIDENTIAL"  or  "CONFIDENTIAL --
12   ATTORNEYS' EYES ONLY" is disclosed shall be informed of the terms of this
13   Protective Order and agree to be bound by it before disclosure to such persons of any
14   such information.  The persons described in Paragraphs 5(f), 5(h), 6(e) and 6(f) shall
15   not  have  access  to  either  "CONFIDENTIAL"  or   "CONFIDENTIAL --
16   ATTORNEYS' EYES ONLY" information, as the case may be, until they have
17   certified that they have read this Protective Order and have manifested their assent
18   to be bound thereby by signing a copy of the Assurance of Compliance attached
19   hereto as Exhibit A.  Once a person has executed such an Assurance of Compliance,
20   it shall not be necessary for that person to sign a separate Assurance of Compliance
21   each time that person is subsequently given access to confidential material.   Any
22   person who signed an Assurance of Compliance in connection with the Stipulation
23   for Protection of Confidential Information and Protective Order filed September 16,
24   2004 in <u>Mattel Inc. v. Bryant</u>, Case No. BC 314398, pending in Los Angeles County
25   Superior Court, need not re-sign the Assurance of Compliance attached hereto but
26   shall, by virtue of his or her prior signature, be deemed to have signed the attached
27   Assurance of Compliance.

28

**EXHIBIT ⊣**

**PAGE ⊇⊣**

1    9. The failure of any Party to object to the designation of

2 information as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES

3 ONLY" shall not be deemed an admission that such information qualifies for such

4 designation.

5    10. If any Party wishes to have any information, document or

6 testimony marked "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS'

7 EYES ONLY" by another Party or nonparty reclassified as non-confidential, or from

8 "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" to "CONFIDENTIAL," the

9 Parties and/or relevant nonparty or nonparties will confer and try to reach agreement.

10 If the Parties and/or relevant nonparty or nonparties cannot reach agreement, either

11 Party and/or the relevant nonparty or nonparties may apply to the Court to resolve the

12 matter in accordance with the Local Rules.  Unless and until this Court enters an

13 Order changing the designation of the information, it shall be afforded the treatment

14 prescribed in this Protective Order for its designation.

15    11. Nothing contained in this Protective Order shall restrict or prevent

16 any Party or nonparty from disclosing or otherwise using its or his own Litigation

17 Materials which that Party or nonparty produces or discloses in this action.

18    12. The inadvertent or unintentional disclosure by a producing Party

19 or nonparty of "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES

20 ONLY" Litigation Materials during the course of this litigation, regardless of whether

21 the information was so designated at the time of disclosure, shall not be deemed a

22 waiver in whole or in part of a Party's or nonparty's claim of confidentiality, either

23 as to the specific information disclosed or as to any other information relating thereto

24 or on the same or related subject matter.  Counsel for the Parties and/or nonparties

25 shall in any event, to the extent possible, upon discovery of inadvertent error,

26 cooperate to restore the confidentiality of the "CONFIDENTIAL" or

27 "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" material that was inadvertently

28 or unintentionally disclosed.

**EXHIBIT 7**

**PAGE 28**

PROTECTIVE ORDER

13.     If a Party or nonparty through inadvertence produces or provides discovery that it, he or she believes is subject to a claim of attorney-client privilege or work product immunity, the producing Party or nonparty may give written notice to the receiving Party that the document is subject to a claim of attorney-client privilege or work product immunity and request that the document be returned to the producing Party or nonparty.  The receiving Party shall promptly return to the producing Party or nonparty the inadvertently disclosed document and all copies of such document.  Return of the document by the receiving Party shall not constitute an admission or concession, or permit any inference, that the returned document is, in fact, properly subject to a claim of attorney-client privilege or work product immunity, nor shall it foreclose any Party from moving the Court for an Order that such document has been improperly designated or should be producible for reasons other than a waiver caused by the inadvertent production.

14.     Nothing contained in this Protective Order shall affect the right of any Party or nonparty to make any objection, claim any privilege, or otherwise contest any request for production of documents, interrogatory, request for admission, or question at a deposition or to seek further relief or protective orders from the Court in accordance with the Federal Rules of Civil Procedure and the Local Rules. Nothing in this Protective Order shall constitute an admission or waiver of any claim or defense by any Party.

## FILING AND USE IN COURT OF DESIGNATED MATERIALS

15.     Except when the filing under seal is otherwise authorized by statute or federal rule, the Parties shall seek the Court's prior approval for the filing under seal of pleadings and other documents containing properly designated "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information in accordance with the procedures set forth in Local Rule 79-5.1, as such

-13-

EXHIBIT ⊥

PAGE 29     PROTECTIVE ORDER

1 | <u>Rule</u> may be amended from time to time. Prior to the time that a Party receiving the
2 | "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY"
3 | information from any other Party files with the Court an application and the other
4 | materials required by <u>Local Rule</u> 79-5.1, as such <u>Rule</u> may be amended from time to
5 | time, to seal the producing Party's confidential information, the receiving Party shall
6 | consult with the producing Party's attorney to determine whether the producing Party
7 | will re-designate the previously designated confidential information so as to avoid the
8 | need for the request to file such information under the seal. Upon the default of a
9 | Party to seek the Court's approval to file a document containing "CONFIDENTIAL"
10 | or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information under seal, any
11 | Party may subsequently seek the approval of the Court to file that document under
12 | seal, in accordance with the procedures set forth in <u>Local Rule</u> 79-5.1, as such <u>Rule</u>
13 | may be amended from time to time.

14 |
15 | <u>THIRD-PARTY REQUEST FOR DESIGNATED MATERIALS</u>
16 |

17 |     16.    If any Party or nonparty receives a subpoena or document request
18 | from a third party which purports to require the production of materials in that Party's
19 | possession which have previously been designated as "CONFIDENTIAL" or
20 | "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by any other Party or nonparty,
21 | the Party or nonparty receiving such subpoena or document request (a) shall object
22 | and refuse to produce documents absent a Court Order or the consent of the Party or
23 | nonparty who designated the materials as "CONFIDENTIAL" or "CONFIDENTIAL
24 | -- ATTORNEYS' EYES ONLY", (b) immediately notify the Party or nonparty who
25 | designated the materials as "CONFIDENTIAL" or "CONFIDENTIAL --
26 | ATTORNEYS' EYES ONLY" of the receipt of said subpoena or document request,
27 | and (c) shall not oppose any effort by the Party or nonparty which designated the
28 | material as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES

EXHIBIT 7

PAGE 30    PROTECTIVE ORDER

1  ONLY" to quash the subpoena or obtain a protective order limiting discovery of such

2  material.

3

4  DISCOVERY FROM NONPARTIES

5

6          17.    Discovery of nonparties may involve receipt of information,

7  documents, things or testimony which include or contain "CONFIDENTIAL" or

8  "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" materials or information. A

9  nonparty producing such material in this case may designate as "CONFIDENTIAL"

10  or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" some or all of the material it

11  produces in the same manner provided for in this Protective Order with respect to

12  material furnished by or on behalf of the Parties. Any Party may also designate as

13  "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" any

14  materials or information produced by a nonparty that constitute "CONFIDENTIAL"

15  or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" material of the designating

16  Party under Paragraph 2 of this Protective Order, regardless of whether the producing

17  nonparty has also so designated. In addition, a nonparty may also designate as

18  "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" any

19  materials or information produced by a Party that constitute "CONFIDENTIAL" or

20  "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" material or information of such

21  nonparty under Paragraph 2 of this Protective Order, regardless of whether the

22  producing Party has also so designated. In either such an event, the designation

23  providing for the greater level of protection for the material information shall control,

24  subject to Paragraph 10 of this Protective Order. Nonparty materials designated

25  "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by a

26  nonparty or Party shall be governed by the terms of this Protective Order.

27

28

EXHIBIT $\underline{\text{I}}$

PAGE $\underline{31}$

PROTECTIVE ORDER

## CONCLUSION OF LITIGATION

18.    Within thirty (30) days of the conclusion of this Action, including any post-trial motions or appellate proceedings relating thereto, all documents, transcripts or other things or information designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," and all copies thereof, shall be returned to the attorneys for the Party or nonparty furnishing the same, or shall be destroyed by the attorneys having such documents in their possession. In addition, all summaries or other materials containing or disclosing information contained in such documents, answers, transcripts or other things shall be destroyed; provided, however, that outside counsel for each Party may retain one complete and unredacted set of pleadings and papers filed with the Court or served on the other Parties. Such retained copy of pleadings and papers shall be maintained in a file accessible only to outside counsel bound by this Protective Order. This Protective Order shall continue to be binding after the conclusion of this Action.

## AMENDMENT OF THIS AGREEMENT

19.    The provisions of this Stipulation and Protective Order may be modified at any time by stipulation of the Parties as approved by Order of the Court. In addition, a Party may at any time apply to the Court for modification of this

EXHIBIT 7

PAGE 32

PROTECTIVE ORDER

1    Stipulation and Protective Order pursuant to a motion brought in accordance with the

2    rules of the Court.

3

4        **IT IS SO STIPULATED.**

5

6    DATED: December 22, 2004          QUINN EMANUEL URQUHART
                                        OLIVER & HEDGES, LLP
7

8                                       By _Jon Corey_____
9                                          Jon Corey
                                           Attorneys for Plaintiff
10                                         Mattel, Inc.

11

12   DATED: December __, 2004          LITTLER MENDELSON

13                                      By_____
                                           Douglas A. Wickham
14                                         Attorneys for Defendant
                                           Carter Bryant
15

16   DATED: December __, 2004          O'MELVENY & MEYERS, LLP

17

18                                      By_____
                                           Diana M. Torres
                                           Attorneys for Interventor-Defendant
19                                         MGA Entertainment, Inc.

20

21

22       **IT IS SO ORDERED.**

23

24   DATED: _1/4/05_____                    ROBERT N. BLOCK
                                        THE HONORABLE ROBERT N. BLOCK
25                                          United States Magistrate Judge

26

27

28                                              **EXHIBIT** 7

                                                **PAGE** 33

07272/625581.2                         -17-

                                                    PROTECTIVE ORDER

1  Stipulation and Protective Order pursuant to a motion brought in accordance with the
2  rules of the Court.

3

4      **IT IS SO STIPULATED.**

5

6  DATED: December ___, 2004          QUINN EMANUEL URQUHART
7                                     OLIVER & HEDGES, LLP

8

9  By_____
                                       Jon Corey
10                                     Attorneys for Plaintiff
                                       Mattel, Inc.

11

12  DATED: December 21, 2004           LITTLER MENDELSON

13  By_____
14                                     Douglas A. Wickham
                                       Attorneys for Defendant
15                                     Carter Bryant

16  DATED: December ___, 2004          O'MELVENY & MEYERS, LLP

17

18  By_____
                                       Diana M. Torres
19                                     Attorneys for Interventor-Defendant
                                       MGA Entertainment, Inc.

20

21      **IT IS SO ORDERED.**

22

23  DATED: _____

24                                     THE HONORABLE ROBERT N. BLOCK
25                                     United States Magistrate Judge

26

27

28

07272/625581.2                         -17-

                                       PROTECTIVE ORDER

EXHIBIT 7

PAGE 34

1  Stipulation and Protective Order pursuant to a motion brought in accordance with the

2  rules of the Court.

3

4  **IT IS SO STIPULATED.**

5

6  DATED: December ___, 2004          QUINN EMANUEL URQUHART
                                      OLIVER & HEDGES, LLP
7

8                                     By _____
9                                        Jon Corey
                                         Attorneys for Plaintiff
10                                       Mattel, Inc.

11 DATED: December ___, 2004          LITTLER MENDELSON
12

13                                    By _____
                                         Douglas A. Wickham
14                                       Attorneys for Defendant
                                         Carter Bryant
15

16 DATED: December ___, 2004          O'MELVENY & MEYERS, LLP
17

18                                    By _____
                                         Diana M. Torres
19                                       Attorneys for Interventor-Defendant
                                         MGA Entertainment, Inc.

20

21

22 **IT IS SO ORDERED.**

23

24 DATED: _____

25                                    _____
                                      THE HONORABLE ROBERT N. BLOCK
26                                    United States Magistrate Judge

27

28

07272/625581.2                        -17-

EXHIBIT 7

PAGE 35

# EXHIBIT A

## ASSURANCE OF COMPLIANCE

I, _____, under penalty of perjury under the laws of the United States of America, declare and state as follows:

I reside at _____, in the City/County of _____ and State/Country of _____;

I have read the annexed Stipulated Protective Order, ("Protective Order") dated _____ in the action entitled *Mattel, Inc. v. Carter Bryant,* Case No. CV 04-9059 NM (RNBx), which currently is pending in the United States District Court for the Central District of California; that I am fully familiar with and agree to comply with and be bound by the provisions of that Protective Order;

I will not divulge to persons other than those specifically authorized by the Protective Order, and will not copy or use any Litigation Materials designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" except solely as permitted by the Protective Order; and

I consent to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing said Protective Order, enjoining any violation or threatened violation of the Protective Order or seeking damages for the breach of said Protective Order.

_____
(Signature)

EXHIBIT 7

PAGE 36

07272/625581.2

PROTECTIVE ORDER

1
## PROOF OF SERVICE
1013A(3) CCP Revised 5/1/88

2
**STATE OF CALIFORNIA**                )
**COUNTY OF LOS ANGELES**          )

3
I am employed in the county of Los Angeles  State of California.  I am over the age of 18

4
and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, CA 90012.

5
On December 22, 2004, I served the foregoing document described as

6
## STIPULATED PROTECTIVE ORDER; AND [PROPOSED] ORDER

7
on  all interested parties in this action:

8
## SEE ATTACHED SERVICE LIST

9
[ ]     By placing [ ] the original [X] true copies thereof enclosed in sealed envelopes addressed

10
as follows:

11
[ ]     **BY MAIL**

12
[ ]     I deposited such envelope in the mail at Los Angeles, California.  The envelope was mailed with postage thereon fully prepaid.

13
[ ]     As follows: I am "readily familiar" with the firm's practice of collection and processing

14
correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in

15
the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day

16
after date of deposit for mailing in affidavit.

[X]     **BY TELECOPIER** By transmitting the above listed document(s) to the fax number(s)

17
set forth above on this date.

18
Executed on December 22, 2004, at Los Angeles, California.

19
[X]     (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

20

21
Ivana Maiorano
Print Name                                      Signature

22

23

24

25

26

27

28

**EXHIBIT** 7

**PAGE** 37

Robert F. Millman, Esq.
Douglas A. Wickham, Esq.
Keith A. Jacoby, Esq.
Littler Mendelson
A Professional Corporation
2049 Century Park East, 5th Floor
Los Angeles, California 90067-3107
Phone: 310-553-0308
Fax: 310-553-5583


Diana M. Torres, Esq.
O'Melveney & Meyers
400 S. Hope Street
Los Angeles, CA 90071
Phone: 213-430-6000
Fax: 213-430-6407


Daniel J. Warren, Esq.
Sutherland, Asbill & Brennan
999 Peachtree Street NE
Atlanta, GA 30309-3996
Phone: 404-853-8698
Fax: 404-853-8806

-2-

EXHIBIT 7

PAGE 38