# EXHIBIT 9

RECEIVED

AUG 1 6 2007

1   DALE M. CENDALI (admitted pro hac vice)
    DIANA M. TORRES (S.B. #162284)
2   STEVEN J. OLSON (S.B. #182240)
    O'MELVENY & MYERS LLP
3   400 South Hope Street
    Los Angeles, California 90071-2899
4   Telephone: (213) 430-6000
    Facsimile: (213) 430-6407
5   Email: dtorres@omm.com

6   PATRICIA GLASER (S.B. # 55668)
    CHRISTENSEN, GLASER, FINK,
7   JACOBS, WEIL & SHAPIRO LLP
    10250 Constellation Boulevard, 19th Floor
8   Los Angeles, California 90067
    Telephone: (310) 553-3000
9   Facsimile: (310) 556-2920
    Email: pglaser@chrisglase.com

10
    Attorneys for Counter-defendants MGA
11  Entertainment, Inc., Isaac Larian, MGA
    Entertainment (HK) Limited, and MGAE de
12  Mexico S.R.L. de C.V.

13

14

15                 UNITED STATES DISTRICT COURT

16               CENTRAL DISTRICT OF CALIFORNIA

17                       EASTERN DIVISION

| | |
|---|---|
| 18   CARTER BRYANT, an individual, | Case No. CV 05-2727 SGL (RNBx) (Consolidated with CV 04-09049 and CV 04-9059) |
| 19                   Plaintiff, | |
| 20          v. | **ANSWER AND AFFIRMATIVE DEFENSES OF MGA** |
| 21   MATTEL, INC., a Delaware Corporation, | **ENTERTAINMENT INC., MGA ENTERTAINMENT (HK)** |
| 22                   Defendant | **LIMITED, AND MGAE DE MEXICO S.R.L. DE C.V. TO MATTEL, INC.'S SECOND** |
| 23 | **AMENDED ANSWER AND** |
| 24 | **COUNTERCLAIMS** |
| 25 | |
| 26   CONSOLIDATED WITH | Judge:      Hon. Stephen G. Larson Courtroom:  1 |
| 27   MATTEL, INC. v. BRYANT and MGA ENTERTAINMENT, INC. v. | |
| 28   MATTEL, INC. | |

EXHIBIT 9

PAGE 115

1      Counter-defendants MGA Entertainment, Inc. ("MGA"), MGA
2  Entertainment (HK) Limited, and MGAE de Mexico S.R.L. de C.V. (collectively
3  the "MGA Defendants") hereby answer, for themselves alone, the Second
4  Amended Answer and Counterclaim of Counter-claimant Mattel Inc., as follows:
5      As a preliminary matter, Mattel's use of headings throughout its
6  counterclaims is improper, and therefore no response to Mattel's headings is
7  required. If any response is required, MGA Defendants deny all allegations
8  contained in Mattel's headings.

9  **RESPONSES**

10      1.    MGA Defendants deny the allegations set forth in paragraph 1.
11      2.    MGA Defendants deny the allegations set forth in paragraph 2.
12      3.    MGA Defendants admit that MGA decided to expand into
13  Mexico in or about 2004, and deny the remaining allegations set forth in paragraph
14  3.
15      4.    MGA Defendants deny the allegations set forth in paragraph 4.
16      5.    MGA Defendants deny the allegations set forth in paragraph 5.
17      6.    MGA Defendants admit that the Court has federal question
18  jurisdiction over this action pursuant to 28 U.S.C. § 1331, deny that 17 U.S.C. §§
19  101 and 18 U.S.C. § 1964(c) apply to the extraterritorial conduct alleged in the
20  Counterclaims, and deny that Mattel is entitled to any relief on its Counterclaims.
21      7.    MGA Defendants admit that venue is proper in this District for
22  Mattel's claims based on conduct alleged to have occurred within this District and
23  deny that venue is proper in this District for acts alleged to have occurred in
24  Mexico, Canada, Hong Kong, or other places outside of this District.
25      8.    MGA Defendants admit the allegations set forth in paragraph 8.
26      9.    MGA Defendants admit the allegations set forth in the first and
27  second sentences of paragraph 9, and deny the remaining allegations set forth in
28  paragraph 9.

EXHIBIT _9_

PAGE _119_

10.   MGA Defendants admit the allegations set forth in paragraph 10.

11.   MGA Defendants admit the allegations set forth in the first sentence of paragraph 11, and deny the remaining allegations set forth in paragraph 11.

12.   MGA Defendants admit the allegations set forth in paragraph 12.

13.   MGA Defendants admit the allegations set forth in the first sentence of paragraph 13, and deny the remaining allegations set forth in paragraph 13.

14.   MGA Defendants admit the allegations set forth in paragraph 14.

15.   Paragraph 15 is a statement of Mattel's legal position, to which no response is necessary. To the extent a response is required, MGA Defendants deny the allegations set forth in paragraph 15.

16.   MGA Defendants admit the allegations set forth in the first sentence of paragraph 16. MGA Defendants are without sufficient knowledge to admit or deny the remaining allegations set forth in paragraph 16, and on that basis, deny the remaining allegations set forth in paragraph 16.

17.   MGA Defendants are without sufficient knowledge to admit or deny the allegations set forth in paragraph 17, and on that basis, deny the allegations set forth in paragraph 17.

18.   MGA Defendants are without sufficient knowledge to admit or deny the allegations set forth in paragraph 18, and on that basis, deny the allegations set forth in paragraph 18.

19.   MGA Defendants admit that MGA is a toy manufacturer, that MGA began as a consumer electronics business and expanded into the toy business with licenses to sell handheld electronic games, and later expanded its business by

EXHIBIT 9

PAGE 120

1    launching the Bratz fashion doll line, and deny the remaining allegations set forth in
2    paragraph 19.
3         20.    MGA Defendants deny the allegations set forth in paragraph 20.
4         21.    MGA Defendants admit that Carter Bryant is a former employee
5    of Mattel, and state that they are without sufficient knowledge to admit or deny the
6    remaining allegations set forth in paragraph 21, and on that basis, deny the
7    remaining allegations set forth in paragraph 21.
8         22.    MGA Defendants are without sufficient knowledge to admit or
9    deny the allegations set forth in paragraph 22, and on that basis, deny the
10   allegations set forth in paragraph 22.
11        23.    MGA Defendants are without sufficient knowledge to admit or
12   deny the allegations set forth in paragraph 23, and on that basis, deny the
13   allegations set forth in paragraph 23.
14        24.    MGA Defendants are without sufficient knowledge to admit or
15   deny the allegations set forth in paragraph 24, and on that basis, deny the
16   allegations set forth in paragraph 24.
17        25.    MGA Defendants are without sufficient knowledge to admit or
18   deny the allegations set forth in paragraph 25, and on that basis, deny the
19   allegations set forth in paragraph 25.
20        26.    MGA Defendants deny the allegations set forth in paragraph 26.
21        27.    MGA Defendants deny the allegations set forth in paragraph 27.
22        28.    MGA Defendants deny the allegations set forth in paragraph 28.
23        29.    MGA Defendants deny the allegations set forth in paragraph 29.
24        30.    MGA Defendants admit that after MGA made the decision to
25   proceed with the manufacture of the Bratz dolls, MGA employees communicated
26   with employees of MGA Entertainment (HK) Limited on subjects including the
27   manufacturing of Bratz, and deny the remaining allegations set forth in the first
28

EXHIBIT 9
PAGE 121

1    sentence of paragraph 30. MGA Defendants admit the second sentence of

2    paragraph 30.

3        31.    MGA Defendants admit that samples of the four original Bratz

4    dolls were shown at the Hong Kong Toy Fair in January 2001, and deny the

5    remaining allegations set forth in paragraph 31.

6        32.    MGA Defendants admit that MGA and its subsidiaries have

7    distributed and sold Bratz and Bratz-related products in many countries throughout

8    the world, that MGA and its subsidiaries have licensed Bratz to third parties, that

9    MGA has derived annual revenues from its sales and licenses of Bratz in excess of

10    $500 million, that MGA and its subsidiaries continue to market, sell and license

11    Bratz and intend to continue to do so, and deny the remaining allegations set forth

12    in paragraph 32.

13        33.    MGA Defendants deny the allegations set forth in paragraph 33.

14        34.    MGA Defendants deny the allegations set forth in paragraph 34.

15        35.    MGA Defendants deny the allegations set forth in paragraph 35.

16        36.    MGA Defendants admit that Bryant had an agreement with

17    MGA, state that the terms of the agreement speak for themselves, and deny the

18    remaining allegations set forth in paragraph 36.

19        37.    MGA Defendants admit that in or about late 2003 or early 2004,

20    MGA decided to form a new corporation, MGAE de Mexico, S.R.L., de C.V., to

21    conduct business in Mexico, admit that MGAE de Mexico hired three employees of

22    Mattel's Mexican subsidiary, and deny the remaining allegations set forth in

23    paragraph 37.

24        38.    MGA Defendants admit that Carlos Gustavo Machado Gomez

25    was a Marketing Manager, Boys Division, for Mattel Mexico, admit that Machado

26    was employed at Mattel Mexico from April 1997 until April 19, 2004, admit that

27    Machado had access to some nonpublic business information of Mattel Mexico, and

28    state that they are without sufficient knowledge to admit or deny the remaining

EXHIBIT 9

PAGE 122

1    allegations set forth in paragraph 38, and on that basis, deny the remaining

2    allegations set forth in paragraph 38.

3         39.    MGA Defendants admit that Mariana Trueba Almada was a

4    Marketing Manager, Girls Division, for Mattel Mexico, admit that Trueba had

5    access to some nonpublic business information of Mattel Mexico, and state that

6    they are without sufficient knowledge to admit or deny the remaining allegations

7    set forth in paragraph 39, and on that basis, deny the remaining allegations set forth

8    in paragraph 39.

9         40.    MGA Defendants admit that Pablo Vargas San Jose was a Trade

10   Marketing Manager for Mattel Mexico, admit that Vargas was employed at Mattel

11   Mexico from March 2001 until April 19, 2004, admit that Vargas had access to

12   some nonpublic business information of Mattel Mexico, and state that they are

13   without sufficient knowledge to admit or deny the remaining allegations set forth in

14   paragraph 40, and on that basis, deny the remaining allegations set forth in

15   paragraph 40.

16        41.    MGA Defendants admit that in or about early 2004, Machado,

17   Trueba and Vargas discussed leaving Mattel Mexico, admit that Machado, Trueba

18   and Vargas resigned from Mattel Mexico on April 19, 2004, admit that they did not

19   identify their new employer to Mattel Mexico, admit that Machado, Trueba and

20   Vargas were offered and accepted employment with MGAE de Mexico, and deny

21   the remaining allegations set forth in paragraph 41.

22        42.    MGA Defendants admit that MGA personnel communicated by

23   telephone with Machado and Vargas prior to their Mattel resignations, admit that

24   MGA personnel, including Isaac Larian, communicated by e-mail with Machado

25   and Vargas concerning terms of employment through an America Online e-mail

26   account with the address <plot04@aol.com>, and deny the remaining allegations

27   set forth in paragraph 42.

28

EXHIBIT 9

PAGE 123

43.   MGA Defendants admit that in or about March 2004, Machado, Trueba, and Vargas made plans to travel from Mexico to Los Angeles in April 2004, admit that in or about March 2004, Machado, Trueba and Vargas discussed with MGA personnel, including Larian, employment at MGAE de Mexico, state that the quoted <plot04@aol.com> e-mails speak for themselves, and deny the remaining allegations set forth in paragraph 43.

44.   MGA Defendants are without sufficient knowledge to admit or deny the allegations set forth in paragraph 44, and on that basis, deny the allegations set forth in paragraph 44.

45.   MGA Defendants are without sufficient knowledge to admit or deny the allegations set forth in paragraph 45, and on that basis, deny the allegations set forth in paragraph 45.

46.   MGA Defendants are without sufficient knowledge to admit or deny the allegations set forth in paragraph 46, and on that basis, deny the allegations set forth in paragraph 46.

47.   MGA Defendants are without sufficient knowledge to admit or deny the allegation set forth in the third sentence of paragraph 47, and on that basis, deny these allegations, and deny the remaining allegations set forth in paragraph 47.

48.   MGA Defendants deny the allegations set forth in paragraph 48.

49.   MGA Defendants deny the allegations set forth in paragraph 49.

50.   MGA Defendants are without sufficient knowledge to admit or deny the allegation that MGA publicized a claim that, in 2005, it had increased its Mexican market share by 90% over the prior year, and on that basis, deny this allegation, and deny the remaining allegations set forth in paragraph 50.

51.   MGA Defendants deny the allegations set forth in paragraph 51.

52.   MGA Defendants deny the allegations set forth in paragraph 52.

53.   MGA Defendants admit that on October 27, 2005, Mexican authorities searched MGAE de Mexico and seized certain documents, and state that

- 7 -

EXHIBIT 9

PAGE 124

1   they are without sufficient knowledge to admit or deny the remaining allegations

2   set forth in paragraph 53, and on that basis, deny the remaining allegations set forth

3   in paragraph 53.

4       54.   MGA Defendants admit that Machado was transferred from

5   MGAE de Mexico to MGA's office in Van Nuys, California, admit that Machado

6   resides in the County of Los Angeles, and deny the remaining allegations set forth

7   in paragraph 54.

8       55.   MGA Defendants admit the allegations set forth in the first

9   sentence of paragraph 55. MGA Defendants admit that Tyco Toys hired Brawer on

10  April 22, 1996, and state that they are without sufficient knowledge to admit or

11  deny the remaining allegations set forth in the second sentence of paragraph 55, and

12  on that basis, deny the remaining allegations set forth in the second sentence of

13  paragraph 55. MGA Defendants admit the allegations set forth in third sentence of

14  paragraph 55. MGA Defendants admit that on April 9, 1997, Brawer became a

15  Marketing Director for Mattel in Mount Laurel, New Jersey, and state that the

16  remaining allegations in the fourth sentence of paragraph 55 are a statement of

17  Mattel's legal position, to which no response is necessary. To the extent a response

18  is required, MGA Defendants deny the remaining allegations set forth in paragraph

19  55.

20      56.   MGA Defendants are without sufficient knowledge to admit or

21  deny the allegations set forth in paragraph 56, and on that basis, deny the

22  allegations set forth in paragraph 56. The last sentence of paragraph 56 is a

23  statement of Mattel's legal position, to which no response is necessary. To the

24  extent a response is required, MGA Defendants deny the remaining allegations set

25  forth in paragraph 56.

26      57.   MGA Defendants admit that by 2003, Brawer had advanced

27  within Mattel to a Senior Vice President position over customer marketing, and

28  state that the remaining allegations in the first sentence of paragraph 57 are a

EXHIBIT 9

PAGE 125

1    statement of Mattel's legal position, to which no response is necessary.  To the

2    extent a response is required, MGA Defendants deny the remaining allegations set

3    forth in the first sentence of paragraph 57.  MGA Defendants admit that in his

4    executive position, Brawer was provided access to certain nonpublic Mattel

5    information.

6            58.    MGA Defendants admit the allegations set forth in the first

7    sentence of paragraph 58.  MGA Defendants deny the allegations set forth in the

8    second sentence of paragraph 58.  MGA Defendants are without sufficient

9    knowledge to admit or deny the remaining allegations set forth in paragraph 58, and

10   on that basis, deny the remaining allegations set forth in paragraph 58.

11           59.    MGA Defendants are without sufficient knowledge to admit or

12   deny the allegations set forth in paragraph 59, and on that basis, deny the

13   allegations set forth in paragraph 59.

14           60.    MGA Defendants admit that in April 2004, Mattel made Brawer

15   a Senior Vice President/General Manager, and state that they are without sufficient

16   knowledge to admit or deny the remaining allegations set forth in paragraph 60, and

17   on that basis, deny the remaining allegations set forth in paragraph 60.

18           61.    MGA Defendants admit that in May 2004, Brawer began

19   performing General Manager duties, working with one of Mattel's major retail

20   customer accounts, and state that they are without sufficient knowledge to admit or

21   deny the remaining allegations set forth in paragraph 61, and on that basis, deny the

22   remaining allegations set forth in paragraph 61.

23           62.    MGA Defendants admit the allegations set forth in the first

24   sentence of paragraph 62.  MGA Defendants admit that as Brawer left, he carried a

25   large cardboard box, and deny the remaining allegations set forth in the second

26   sentence of paragraph 62.  MGA Defendants state that they are without sufficient

27   knowledge to admit or deny the remaining allegations set forth in paragraph 62, and

28   on that basis, deny the remaining allegations set forth in paragraph 62.

EXHIBIT  9

PAGE  126

63.   MGA Defendants admit the allegations set forth in paragraph 63.

64.   MGA Defendants admit that on September 20, 2004, Mattel hand-delivered a letter to Brawer, state that the contents of the letter speak for themselves, and deny the remaining allegations set forth in paragraph 64.

65.   MGA Defendants admit that at his exit interview on September 29, 2004, Brawer was given a copy of an agreement with Tyco that he had signed on April 22, 1996, and a copy of Mattel's Code of Conduct, admit that Brawer stated that he had not signed the Code of Conduct, and deny the remaining allegations set forth in paragraph 65.

66.   MGA Defendants admit that on October 1, 2004, Brawer's last day of employment with Mattel, Mattel delivered a letter to Brawer, state that the contents of the letter speak for themselves, and deny the remaining allegations set forth in paragraph 66.

67.   MGA Defendants admit that Brawer became MGA's Executive Vice President of Sales and Marketing, admit that he was responsible for sales worldwide, admit that he had and continues to have responsibility for MGA's accounts with some of the same retailers that he worked with while at Mattel, and deny the remaining allegations set forth in paragraph 67.

68.   MGA Defendants admit that Brawer stated during his exit interview that he had returned all confidential proprietary information to Mattel, state that he did not provide copies of information from his personal contacts file, and deny the remaining allegations set forth in paragraph 68.

69.   MGA Defendants admit that since leaving Mattel, Brawer has had contacts with certain Mattel employees, both by telephone and electronic mail, and deny the remaining allegations set forth in paragraph 69.

70.   MGA Defendants deny the allegations set forth in paragraph 70.

- 10 -

EXHIBIT 9

PAGE 127

71.   MGA Defendants are without sufficient knowledge to admit or deny the allegations set forth in paragraph 71, and on that basis, deny the allegations set forth in paragraph 71.

72.   MGA Defendants are without sufficient knowledge to admit or deny the allegations set forth in paragraph 72, and on that basis, deny the allegations set forth in paragraph 72.

73.   MGA Defendants admit that on September 26, 2005, Brisbois resigned from Mattel Canada, state that she took a position as Vice President of National Accounts at MGAE Canada, and deny the remaining allegations set forth in the first sentence of paragraph 73. MGA Defendants are without sufficient knowledge to admit or deny the remaining allegations set forth in paragraph 73, and on that basis, deny the remaining allegations set forth in paragraph 73.

74.   MGA Defendants admit that Brisbois spoke with Isaac Larian by telephone on or about the evening of September 22, 2005, deny that Brisbois copied approximately 45 Mattel documents onto a USB or thumb drive on that same date, deny that Brisbois concealed the thumb drive the last time she left Mattel Canada's office, and state that they are without sufficient knowledge to admit or deny the remaining allegations set forth in paragraph 74, and on that basis, deny the remaining allegations set forth in paragraph 74.

75.   MGA Defendants are without sufficient knowledge to admit or deny the allegations set forth in paragraph 75, and on that basis, deny the allegations set forth in paragraph 75.

76.   MGA Defendants admit that Brisbois traveled several times to MGA's offices in Van Nuys, California and met with Larian and Brawer, that MGA issued a press release, state that the press release speaks for itself, and state that they are without sufficient knowledge to admit or deny the remaining allegations set forth in paragraph 76 and, on that basis, deny the remaining allegations set forth in paragraph 76.

EXHIBIT 9

PAGE 128

1      77.   MGA Defendants admit that MGA has hired at least 25

2   employees directly from Mattel's United States operations in the past few years,

3   and deny the remaining allegations set forth in paragraph 77.

4      78.   MGA Defendants deny the allegations set forth in the first

5   sentence of paragraph 78.  MGA Defendants admit that Larian has sent email

6   messages to a "Bratz News" distribution list, admit that the recipients of e-mail

7   messages sent to the "Bratz News" distribution list includes members of the media

8   as well as representatives of customers of both MGA and Mattel, and deny the

9   remaining allegations set forth in paragraph 78.

10      79.   MGA Defendants admit that on May 12, 2006, Larian sent an

11   email message to the "Bratz News" distribution list that included a reference to the

12   new My Scene product with real gems, and state that they are without sufficient

13   knowledge to admit or deny the remaining allegations set forth in paragraph 79, and

14   on that basis, deny the remaining allegations set forth in paragraph 79.

15      80.   MGA Defendants admit that Larian told one retailer that such

16   retailer was the only retailer with plans to purchase MY SCENE BLING BLING

17   with real gems, at a time when Larian had a good faith belief that such retailer was

18   the only retailer with plans to purchase MY SCENE BLING BLING with real

19   gems, and deny the remaining allegations set forth in paragraph 80.

20      81.   MGA Defendants deny the allegation set forth in paragraph 81.

21      82.   MGA Defendants repeat their responses contained in paragraphs

22   1 through 81 of this Answer and incorporate them by reference as though fully and

23   completely set forth herein.

24      83.   MGA Defendants deny the allegations set forth in paragraph 83.

25      84.   MGA Defendants deny the allegations set forth in paragraph 84.

26      85.   MGA Defendants deny the allegations set forth in paragraph 85.

27      86.   MGA Defendants deny the allegations set forth in paragraph 86.

28      87.   MGA Defendants deny the allegations set forth in paragraph 87.

EXHIBIT 9

PAGE 129

1       88.    MGA Defendants repeat their responses contained in paragraphs
2    1 through 87 of this Answer and incorporate them by reference as though fully and
3    completely set forth herein.
4       89.    MGA Defendants deny the allegations set forth in paragraph 89.
5       90.    MGA Defendants deny the allegations set forth in paragraph 90.
6       91.    MGA Defendants deny the allegations set forth in paragraph 91.
7       92.    MGA Defendants deny the allegations set forth in paragraph 92.
8       93.    MGA Defendants deny the allegations set forth in paragraph 93.
9       94.    MGA Defendants deny the allegations set forth in paragraph 94.
10      95.    MGA Defendants deny the allegations set forth in paragraph 95.
11      96.    MGA Defendants deny the allegations set forth in paragraph 96.
12      97.    MGA Defendants deny the allegations set forth in paragraph 97.
13      98.    MGA Defendants repeat their responses contained in paragraphs
14   1 through 97 of this Answer and incorporate them by reference as though fully and
15   completely set forth herein.
16      99.    MGA Defendants deny the allegations set forth in paragraph 99.
17      100.   MGA Defendants deny the allegations set forth in paragraph
18   100.
19      101.   MGA Defendants deny the allegations set forth in paragraph
20   101.
21      102.   MGA Defendants deny the allegations set forth in paragraph
22   102.
23      103.   MGA Defendants deny the allegations set forth in paragraph
24   103.
25      104.   MGA Defendants deny the allegations set forth in paragraph
26   104.
27      105.   MGA Defendants deny the allegations set forth in paragraph
28   105.

EXHIBIT 9

PAGE 130

1    106.   MGA Defendants repeat their responses contained in paragraphs
2  1 through 105 of this Answer and incorporate them by reference as though fully and
3  completely set forth herein.

4    107.   MGA Defendants deny the allegations set forth in paragraph
5  107.

6    108.   MGA Defendants deny the allegations set forth in paragraph
7  108.

8    109.   MGA Defendants deny the allegations set forth in paragraph
9  109.

10    110.   MGA Defendants deny the allegations set forth in paragraph
11  110.

12    111.   MGA Defendants deny the allegations set forth in paragraph
13  111.

14    112.   MGA Defendants deny the allegations set forth in paragraph
15  112.

16    113.   MGA Defendants deny the allegations set forth in paragraph
17  113.

18    114.   MGA Defendants deny the allegations set forth in paragraph
19  114.

20    115.   MGA Defendants deny the allegations set forth in paragraph
21  115.

22    116.   MGA Defendants repeat their responses contained in paragraphs
23  1 through 115 of this Answer and incorporate them by reference as though fully and
24  completely set forth herein.

25    117.   MGA Defendants deny the remaining allegations set forth in
26  paragraph 117.

27    118.   MGA Defendants deny the allegations set forth in paragraph
28  118.

EXHIBIT 9

PAGE 131

119.   MGA Defendants deny the allegations set forth in paragraph 119.

120.   MGA Defendants deny the allegations set forth in paragraph 120.

121.   MGA Defendants deny the allegations set forth in paragraph 121.

122.   MGA Defendants repeat their responses contained in paragraphs 1 through 121 of this Answer and incorporate them by reference as though fully and completely set forth herein.

123.   MGA Defendants deny the allegations set forth in paragraph 123.

124.   MGA Defendants deny the allegations set forth in paragraph 124.

125.   MGA Defendants deny the allegations set forth in paragraph 125.

126.   MGA Defendants deny the allegations set forth in paragraph 126.

127.   MGA Defendants deny the allegations set forth in paragraph 127.

128.   MGA Defendants deny the allegations set forth in paragraph 128.

129.   MGA Defendants repeat their responses contained in paragraphs 1 through 128 of this Answer and incorporate them by reference as though fully and completely set forth herein.

130.   The first and fifth sentences of paragraph 130 are statements of Mattel's legal position, to which no response is necessary.  To the extent a response is required, MGA Defendants deny the allegations set forth in the first and fifth sentences of paragraph 130.  MGA Defendants are without sufficient knowledge to

- 15 -

EXHIBIT 9

PAGE 132

1    admit or deny the remaining allegations set forth in paragraph 130, and on that

2    basis, deny the remaining allegations set forth in paragraph 130.

3              131.   MGA Defendants deny the allegations set forth in paragraph

4    131.

5              132.   MGA Defendants deny the allegations set forth in paragraph

6    132.

7              133.   MGA Defendants deny the allegations set forth in paragraph

8    133.

9              134.   MGA Defendants deny the allegations set forth in paragraph

10    134.

11              135.   MGA Defendants deny the allegations set forth in paragraph

12    135.

13              136.   MGA Defendants repeat their responses contained in paragraphs

14    1 through 135 of this Answer and incorporate them by reference as though fully and

15    completely set forth herein.

16              137.   MGA Defendants deny the allegations set forth in paragraph

17    137.

18              138.   MGA Defendants deny the allegations set forth in paragraph

19    138.

20              139.   MGA Defendants deny the allegations set forth in paragraph

21    139.

22              140.   MGA Defendants deny the allegations set forth in paragraph

23    140.

24              141.   MGA Defendants deny the allegations set forth in paragraph

25    141.

26              142.   MGA Defendants repeat their responses contained in paragraphs

27    1 through 141 of this Answer and incorporate them by reference as though fully and

28    completely set forth herein.

EXHIBIT 9

PAGE 133

1      143.   Paragraph 143 is a statement of Mattel's legal position, to which
2  no response is necessary.  To the extent a response is required, MGA Defendants
3  deny the allegations set forth in the paragraph 143.
4      144.   MGA Defendants deny the allegations set forth in paragraph
5  144.
6      145.   MGA Defendants deny the allegations set forth in paragraph
7  145.
8      146.   MGA Defendants deny the allegations set forth in paragraph
9  146.
10      147.   MGA Defendants deny the allegations set forth in paragraph
11  147.
12      148.   MGA Defendants deny the allegations set forth in paragraph
13  148.
14      149.   MGA Defendants repeat their responses contained in paragraphs
15  1 through 148 of this Answer and incorporate them by reference as though fully and
16  completely set forth herein.
17      150.   MGA Defendants deny the allegations set forth in paragraph
18  150.
19      151.   MGA Defendants deny the allegations set forth in paragraph
20  151.
21      152.   MGA Defendants deny the allegations set forth in paragraph
22  152.
23      153.   MGA Defendants deny the allegations set forth in paragraph
24  153.
25      154.   MGA Defendants deny the allegations set forth in paragraph
26  154.
27
28

EXHIBIT 9

PAGE 134

1      155.  MGA Defendants repeat their responses contained in paragraphs
2   1 through 154 of this Answer and incorporate them by reference as though fully and
3   completely set forth herein.
4      156.  MGA Defendants deny the allegations set forth in paragraph
5   156.
6      157.  MGA Defendants deny the allegations set forth in paragraph
7   157.
8      158.  MGA Defendants deny the allegations set forth in paragraph
9   158.
10     159.  MGA Defendants deny the allegations set forth in paragraph
11   159.
12     160.  MGA Defendants deny the allegations set forth in paragraph
13   160.
14     161.  MGA Defendants deny the allegations set forth in paragraph
15   161.
16     162.  MGA Defendants deny the allegations set forth in paragraph
17   162.
18     163.  MGA Defendants repeat their responses contained in paragraphs
19   1 through 162 of this Answer and incorporate them by reference as though fully and
20   completely set forth herein.
21     164.  MGA Defendants deny the allegations set forth in paragraph
22   164.
23     165.  MGA Defendants deny the allegations set forth in paragraph
24   165.
25     166.  MGA Defendants deny the allegations set forth in paragraph
26   166.
27
28

EXHIBIT 9

PAGE 135

1        167.   MGA Defendants repeat their responses contained in paragraphs

2    1 through 166 f this Answer and incorporate them by reference as though fully and

3    completely set forth herein.

4        168.   MGA Defendants deny the allegations set forth in paragraph

5    168.

6        169.   Paragraph 169 is a statement of Mattel's legal position, to which

7    no response is necessary.  To the extent a response is required, MGA Defendants

8    deny the allegations set forth in the paragraph 169.

9        170.   Paragraph 170 is a statement of Mattel's legal position, to which

10   no response is necessary.  To the extent a response is required, MGA Defendants

11   deny the allegations set forth in the paragraph 170.

12                          **AFFIRMATIVE DEFENSES**

13        Without admitting any wrongful conduct on the part of MGA Defendants or

14   any Counter-Defendant, and without admitting that Mattel suffered any loss,

15   damage, or injury, MGA Defendants allege the following affirmative defenses to

16   the Counterclaims.  By designating the following as affirmative defenses, MGA

17   Defendants do not in any way waive or limit any defenses which are or may be

18   raised by their denials, allegations, and averments set forth herein.  MGA

19   Defendants also do not, by alleging any affirmative defense, admit that Mattel does

20   not have the burden of proof for any or all facts underlying any of those defenses.

21   These defenses are pled in the alternative, and are raised to preserve the rights of

22   MGA Defendants to assert such defenses, and are without prejudice to their ability

23   to raise other and further defenses.

24                          **FIRST AFFIRMATIVE DEFENSE**

25                            (Failure to State a Claim)

26        Mattel's counterclaims fail to state a claim against MGA Defendants upon

27   which relief can be granted.

28

- 19 -

EXHIBIT 9

PAGE 136

## SECOND AFFIRMATIVE DEFENSE

### (Lack of Standing)

Mattel's counterclaims are barred in whole or in part by its lack of standing.

## THIRD AFFIRMATIVE DEFENSE

### (Unclean Hands)

Mattel's counterclaims are barred in whole or in part by Mattel's unclean hands. This affirmative defense is based, in part, on Mattel's efforts to undermine MGA's business and to "kill" Bratz at any cost which include, but are not limited to, Mattel's: efforts to infringe and dilute MGA's trade dress, copy MGA's products, packaging, themes, and advertising (including for Mattel products My Scene, Diva Starz, Wee 3 Friends, Acceleracers, and Polly Pocket, to name a few), and engage in other acts of unfair competition against MGA as alleged in MGA's complaint against Mattel; efforts to create negative publicity or press about MGA, MGA products, Bryant, Larian, or MGA employees; efforts to fund or commission market research or studies that portray Bratz or MGA products negatively; efforts to interfere with MGA's acquisition of or investment in Zapf Creation AG; efforts to include negative references to MGA or Bratz on Mattel's "We Believe in Girls" website; efforts or intent to interfere with business dealings or contractual relations between MGA and Smoby Group; influencing Nickelodeon to reject MGA advertisements or to limit time slots for advertisements; assisting parties in lawsuits against MGA; monitoring, "spying on" or gaining knowledge of MGA's trade secrets, non-public information, non-public activities, unreleased products, and product development; gaining access, or attempts to gain access, to MGA showrooms, Plan-o-Grams, merchandising displays, Toy Fair displays on false pretenses; wrongfully obtaining MGA's costs and sales information through Mattel-employed category managers at retailers; inducing non-party customers to breach confidentiality agreements with MGA and divulge non-public information about MGA's unreleased products; covertly investigating MGA, its officers and

EXHIBIT __9__

PAGE __137__

1   employees, and their family members; contacting persons under false pretense in

2   order to interrogate them about Bratz and this litigation; coercing Mattel employees

3   to accept restrictive covenants (right before massive layoff) and non-compete

4   clauses and other efforts to prevent prospective MGA employees from accepting

5   offers of employment; delay in suing Carter Bryant because, *inter alia*, Mattel

6   wanted Bryant to testify in an unrelated Mattel case; falsely inflating its Barbie

7   sales figures in an effort to mislead the public and retailers; and taking all measures

8   to conceal its bad acts, including the willful non-retention and destruction of

9   documents. These averments are made on information and belief except where

10   MGA Defendants have knowledge thereof.

11   ### FOURTH AFFIRMATIVE DEFENSE

12   #### (Laches)

13   Mattel's counterclaims are barred by the equitable doctrine of laches. MGA

14   Defendants avers that Mattel was on notice no later than March 2002 as to Bryant's

15   involvement with MGA and the creation of the original Bratz dolls.

16   ### FIFTH AFFIRMATIVE DEFENSE

17   #### (Statute of Limitations)

18   Mattel's counterclaims are barred by the applicable statutes of limitations.

19   ### SIXTH AFFIRMATIVE DEFENSE

20   #### (Good Faith)

21   Mattel cannot maintain its counterclaims against MGA Defendants because

22   MGA Defendants acted in good faith and in conformity with applicable laws, and

23   did not directly or indirectly induce the act or acts constituting the alleged causes of

24   actions.

25   ### SEVENTH AFFIRMATIVE DEFENSE

26   #### (Information Readily Ascertainable)

27

28

- 21 -

EXHIBIT 9

PAGE 138

1    MGA Defendants cannot be liable for misappropriation of information that
2    was readily ascertainable by proper means at the time of the alleged acquisition or
3    use.

### EIGHTH AFFIRMATIVE DEFENSE

#### (Acts or Omissions of Others)

6    Mattel's damages, if any, were not caused by MGA Defendants and are not
7    attributable to any acts or omissions of MGA Defendants.

### NINTH AFFIRMATIVE DEFENSE

#### (Res Judicata)

10    Mattel's counterclaims are barred in whole or in part by res judicata.

### TENTH AFFIRMATIVE DEFENSE

#### (Estoppel)

13    Mattel's counterclaims are barred in whole or in part by estoppel.

### ELEVENTH AFFIRMATIVE DEFENSE

#### (Acquiescence)

16    Mattel's counterclaims are barred in whole or in part by acquiescence.

### TWELFTH AFFIRMATIVE DEFENSE

#### (Lack of Ownership)

19    Mattel is neither the legal nor beneficial owner in the copyrights purportedly
20    at issue.

### THIRTEENTH AFFIRMATIVE DEFENSE

#### (Invalid Copyrights)

23    Mattel's purported copyrights have expired or are otherwise invalid.

### FOURTEENTH AFFIRMATIVE DEFENSE

#### (Failure to Mitigate)

26    MGA Defendants deny that Mattel suffered any damages, but even if it did,
27    Mattel failed to take reasonable steps to mitigate those purported damages.

28

EXHIBIT 9

PAGE 139

1

### FIFTEENTH AFFIRMATIVE DEFENSE

2

(No Statutory Damages or Attorneys' Fees)

3   Mattel is barred from recovering statutory damages and/or attorneys' fees

4   because it failed to register the copyrights that are purportedly at issue within the

5   time required by 17 U.S.C. § 412.

6

### SIXTEENTH AFFIRMATIVE DEFENSE

7

(Innocent Intent)

8   MGA Defendants deny that Mattel owns any copyright interest in the alleged

9   works, but even if MGA Defendants infringed any copyright interest held by

10   Mattel, MGA Defendants did so without knowledge or intent.

11

### SEVENTEENTH AFFIRMATIVE DEFENSE

12

(Waiver)

13   Mattel's counterclaims are barred in whole or in part by waiver.

14

### EIGHTEENTH AFFIRMATIVE DEFENSE

15

(Abandonment)

16   Mattel has abandoned any interest it may have had in the alleged copyrighted

17   works.

18

### NINETEENTH AFFIRMATIVE DEFENSE

19

(*De Minimus* Use)

20   MGA Defendants deny that Mattel owns any copyright interest in the alleged

21   works, but even if Mattel could craft a claim that the Bratz dolls incorporate an

22   aspect of a Mattel copyrighted work, such use would be *de minimus* and non-

23   infringing.

24

25

26

27

28

-23-

EXHIBIT 9

PAGE 140

## TWENTIETH AFFIRMATIVE DEFENSE

### (Joint Authorship)

MGA Defendants deny that Mattel owns any copyright interest in the alleged works, but even if it did, any liability would be eliminated or greatly diminished by the doctrine of joint authorship.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Undiscovered Defenses)

MGA Defendants have insufficient knowledge or information upon which to form a belief as to whether additional defenses are available. MGA Defendants reserve the right to assert any further or additional defenses upon receiving more complete information regarding the matters alleged in the Counterclaims, through discovery or otherwise.

WHEREFORE, MGA Entertainment, Inc., MGA Entertainment (HK) Limited, and MGAE de Mexico S.R.L. de C.V., pray for relief as follows:

    a.    that the Counterclaims be dismissed with prejudice;

    b.    that judgment be entered in favor of counter-defendants and against counterclaimant;

    c.    that counter-defendants recover their costs and attorneys' fees; and

    d.    that the Court award such other and further relief as is just and proper.

Dated: August 13, 2007        O'MELVENY & MYERS LLP



Steven J. Olson
Attorneys for Counter-defendants
MGA Entertainment, Inc., Isaac Larian,
MGA Entertainment (HK) Limited, and
MGAE de Mexico S.R.L. de C.V.

LA2:837754.6

- 24 -

EXHIBIT 9

PAGE 141

# EXHIBIT 10

THIS EXHIBIT IS FILED UNDER SEAL

PURSUANT TO PROTECTIVE ORDER

# EXHIBIT 11

**THIS EXHIBIT IS FILED UNDER SEAL**

**PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 12

**THIS EXHIBIT IS FILED UNDER SEAL**

**PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 13

**THIS EXHIBIT IS FILED UNDER SEAL**

**PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 14

**THIS EXHIBIT IS FILED UNDER SEAL**

**PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 15

**THIS EXHIBIT IS FILED UNDER SEAL**

**PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 16

**THIS EXHIBIT IS FILED UNDER SEAL**

**PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 17

**THIS EXHIBIT IS FILED UNDER SEAL**

**PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 18

**THIS EXHIBIT IS FILED UNDER SEAL**

**PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 19

**THIS EXHIBIT IS FILED UNDER SEAL**

**PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 20

1   DIANA M. TORRES (S.B. #162284)
    O'MELVENY & MYERS LLP
2   400 South Hope Street
    Los Angeles, CA  90071-2899
3   Telephone:  (213) 430-6000
    Facsimile:  (213) 430-6407
4   Email:      dtorres@omm.com

5   DALE M. CENDALI (admitted *pro hac vice*)
    O'MELVENY & MYERS LLP
6   Times Square Tower, 7 Times Square
    New York, New York 10036
7   Telephone:  (212) 326-2000
    Facsimile:  (212) 326-2061
8
    PATRICIA GLASER (S.B. #55668)
9   CHRISTENSEN, GLASER, FINK,
    JACOBS, WEIL & SHAPIRO, LLP
10  10250 Constellation Boulevard, 19th Floor
    Los Angeles, CA  90067
11  Telephone:  (310) 553-3000
    Facsimile:  (310) 557-9815
12
13  Attorneys for MGA Entertainment, Inc.

14              UNITED STATES DISTRICT COURT
15             CENTRAL DISTRICT OF CALIFORNIA
                    EASTERN DIVISION
16

| | |
|---|---|
| 17   CARTER BRYANT, an individual, | Case No.  CV 04-09049 SGL (RNBx) |
|           Plaintiff, | (consolidated with CV 04-9059 & 05-2727) |
| 18        v. | **MGA ENTERTAINMENT, INC.'S** |
| 19   MATTEL, INC., a Delaware | **OPPOSITION TO MATTEL'S** |
|      Corporation, | **MOTION FOR LEAVE TO FILE AN** |
| 20        Defendant. | **AMENDED COMPLAINT** |
|      CONSOLIDATED WITH | Judge:  Hon. Stephen G. Larson |
| 21   MATTEL, INC. v. BRYANT and | Date:   January 8, 2007 |
|      MGA ENTERTAINMENT, INC. v. | Time:   10:00 a.m. |
| 22   MATTEL, INC. | Place:  Courtroom 1, Riverside |
| 23   | Discovery Cut-Off:  T.B.D. |

24

25                                    EXHIBIT 20

26                                    PAGE 319

27

28                                       12-21

                            MGA'S OPPOSITION TO MATTEL'S MOTION
                            FOR LEAVE TO FILE AMENDED COMPLAINT
                                    CV 04-09049 SGL (RNBX)

1    This memorandum of points and authorities is filed in support of MGA

2    Entertainment, Inc.'s ("MGA") opposition to Mattel, Inc.'s ("Mattel") motion for

3    leave to file an amended complaint in the case originally captioned *Mattel, Inc. v.*

4    *Bryant,* Case No. CV 04-9059 SGL (RNBx).

5    **I.    INTRODUCTION**

6    For over two and a half years, Mattel has played games. Mattel began this

7    litigation to avoid federal jurisdiction by filing only common law and statutory

8    employment claims solely against its former employee, Carter Bryant ("Bryant"), in

9    Los Angeles Superior Court. All the while, Mattel danced around the claim it

10   harbored from the start - a claim for copyright infringement - by aggressively

11   pursuing discovery related directly to that claim while steadfastly maintaining it had

12   no intention of seeking copyright relief.

13   Mattel's dance is now over. Its proposed amended complaint seeks to assert,

14   amongst other new causes of action, its long disclaimed copyright infringement

15   action. In support of its motion for leave to assert these claims at this late date,

16   Mattel argues it has not unduly delayed in seeking leave to amend and that any

17   amendment would not prejudice MGA or Bryant. Mattel contends that there has

18   been no undue delay because it "only recently discovered information upon which

19   to base its claims," while conceding that its newly asserted claims are based, at least

20   in some part, on the same general facts alleged in Mattel's original complaint.

21   (Mot. at 1, 15.)

22   That concession is no accident. Mattel seeks to insert MGA and its Chief

23   Executive Officer, Isaac Larian, in place of "Doe" Defendants, and argues that

24   MGA, Mr. Larian and Bryant will not be prejudiced because they have been on

25   notice of these claims since the lawsuit was first filed. In making this argument,

26   however, Mattel conveniently forgets its repeated averment that it was "not

27   asserting copyright infringement . . . in this action."[1]

EXHIBIT 20

PAGE 320

28   [1] *See* Declaration of Diana M. Torres in Support of MGA's Opposition to Mattel's Motion for

-2-

1    know or suspect that it was the true owner of 'Bratz.'"[39]  Although "[f]raudulent

2    concealment of the existence of a cause of action tolls the running of the statute of

3    limitations" it does so "only so long as the fraud is effective." *Stone*, 970 F.2d at

4    1048.  Moreover, "[f]raudulent concealment does not lessen a plaintiff's duty of

5    diligence." *Id.* at 1049.  The alleged facts that Mattel claims MGA and Bryant

6    concealed – that Bryant worked for MGA while still employed at Mattel and that

7    Bryant was involved in the creation of "Bratz"[40] – are exactly the facts alleged,

8    again falsely, in the 2002 Anonymous Letter to Mr. Eckert, which Mattel then

9    investigated.  Moreover, Mattel asked Bryant these same questions during his

10   deposition in November 2004.  Thus, Mattel cannot credibly claim that the "facts"

11   it now seeks to allege were "effectively" – or at all – concealed.

12          Finally, Mattel's reliance on the testimony of Anna Rhee and Steve Linker,

13   two witnesses deposed in this case, to avoid the statute of limitations is unavailing.

14   The alleged facts relied upon by Mattel are not "new facts" but were disclosed in

15   Bryant's three-day deposition in November *2004*.[41]  Thus, while MGA and Bryant

16   intend to show that both Mr. Linker and Ms. Rhee are inaccurate,[42] for present

17   purposes, the accuracy of their testimony is irrelevant because neither witness

18   provided information materially different than information in Mattel's possession

19   years ago.

20          Accordingly, Mattel's motion for leave to amend to assert a claim for

21   copyright infringement should be denied because any claim for copyright

22   infringement is barred by the statute of limitations.

23

24

25   [39] FAC ¶ 35; Mot. at 6-7.
      [40] FAC ¶ 35.

26   [41] Torres Decl. ¶¶ 13-14, Exs. P (Bryant I at 115, 221:20-222:14; Bryant II at 282, 380-381.)
      [42] The Court will recall that it already reached that conclusion as to Ms. Rhee: "[a]n alternative

27   and just as plausible explanation is that Rhee is simply mistaken as to when she began performing
      work on the BRATZ project." (Order Denying Motion For Appointment of Expert Witnesses,

28   dated August 10, 2006, at n. 2.)

EXHIBIT 20

PAGE 321

- 17 -    MGA'S OPPOSITION TO MATTEL'S MOTION
          FOR LEAVE TO FILE AMENDED COMPLAINT
          CV 04-09049 SGL (RNBX)

### 2. The Statute of Limitations Bars Mattel's Claim For Intentional Interference With Contract

In its proposed First Amended Complaint, Mattel seeks to allege that MGA interfered with its relationship with both Bryant and another former Mattel employee, Ron Brawer. As with its copyright claim, however, Mattel's claim for intentional interference with contract is futile because it is barred by the statute of limitations. The statute of limitations for a claim of intentional interference with contract is two years. Cal. Civ. P. § 339(1); *Knoell v. Petrovich*, 76 Cal. App. 4th 164, 168 (1999). It begins to run when "the plaintiff has, or should have, inquiry notice of the cause of action." *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 807 (2005). Additionally, "plaintiffs are charged with presumptive knowledge of an injury if they have information of circumstances to put them on inquiry or if they have the opportunity to obtain knowledge from sources open to their investigation." *Id.* at 807-808 (internal quotes and emphasis omitted).

### a. The Time For Mattel To Claim Interference With Bryant's Contract Passed More Than A Year Ago

Mattel's claim against MGA for alleged interference with Mattel's contract with Bryant is barred by its two year statute of limitations. Mattel claims that it learned on November 24, 2003, that Bryant worked with MGA to develop the "Bratz" dolls prior to his last day of employment by Mattel and, hence, prior to the expiration of his contractual relationship with Mattel.[43] The statute of limitations, therefore, bars Mattel from bringing any claim based on that supposed fact after November 24, 2005.

Mattel's efforts to avoid the statute of limitations necessarily fail. As it did in attempting to excuse its failure to bring its copyright claim earlier, Mattel again points to the deposition testimony of Anna Rhee and Steve Linker, claiming that their testimony demonstrates "the falsity of material elements of Bryant's and

---

[43] FAC ¶ 36.

**EXHIBIT** 20

**PAGE** 322

1   MGA's story about the timing of the creation of Bratz."[44]  Not only are these

2   assertions regarding the timing of the creation of "Bratz" false, but the "new

3   information" has been available to Mattel for more than two years.  At his

4   deposition on November 4, 2004, Bryant testified that (1) he first met with MGA in

5   August 2000 and entered into an agreement with MGA regarding "Bratz" on

6   October 4, 2000;[45] (2) he met with Steve Linker about "Bratz" prior to leaving

7   Mattel;[46] and (3) Bryant asked Anna Rhee to paint the faces of the first Bratz dolls

8   (albeit in November, not June, 2000.)[47]  Both Mr. Linker and Ms. Rhee are, and

9   have long been, vendors for Mattel and thus well within Mattel's access for further

10  inquiry.[48]  Thus, the information Mattel claims to have gleaned from these

11  depositions is not "new" and does not save Mattel's claim from being barred by the

12  statute of limitations.

13          **b.      The Time For Mattel To Claim Interference With**

14                   **Brawer's Contract Has Passed**

15          Mattel's claim against MGA for alleged interference with Mattel's contract

16  with Brawer is also barred by the applicable two year statute of limitations.  In its

17  proposed amended complaint, Mattel alleges that MGA knew that Brawer had a

18  duty under his agreement with Mattel not to work for or assist any Mattel

19  competitor.[49]  Mattel further alleges that MGA interfered with Mattel's relationship

20  with Brawer by soliciting, inducing and encouraging him to breach his relationship

21  with Mattel.[50]  Mattel admits in its amended complaint, however, that Brawer

22  informed Mattel on September 17, 2004, that he was leaving Mattel to work for

23

24  ───────────────
    [44] Mot. at 7.

25  [45] Torres Decl., ¶ 13, Ex. P (Bryant I at 10, 22.)

26  [46] Torres Decl., ¶¶ 13-14, Ex. P (Bryant I at 221:20-222:14; Bryant II at 282, 380-381.)
    [47] Torres Decl., ¶ 13 & Ex. P (Bryant I at 115.)

27  [48] Torres Decl., ¶¶ 13-14 Exs. O & Q (Rhee Dep. at 32-33; Linker Dep. at 214-215.)
    [49] FAC ¶ 124.

28  [50] FAC ¶ 125.

**EXHIBIT 20**

**PAGE 323**

- 19 -

1  MGA.[51]  And, Mattel bases its claim against MGA on supposed evidence from

2  Mattel's own computer system.  There is nothing in Mattel's allegations supporting

3  its proposed claim against MGA for intentional interference with Brawer's

4  relationship with Mattel that Mattel has not known since mid-September, 2004.[52]

5  Moreover, in its proposed amended complaint, Mattel makes allegations about

6  Brawer's behavior toward MGA at the time of his departure from Mattel that, if

7  true (which MGA disputes), certainly provided inquiry notice of its asserted claim.

8  Accordingly, because the two year statute of limitations passed several months ago,

9  Mattel's claim for intentional interference with contract with regard to Brawer is

10  futile.

11      **D.    Mattel's Amendment is Made in Bad Faith**

12      Courts have discretion to deny a motion for leave to amend where the

13  plaintiff has acted in bad faith.  *See Foman*, 371 U.S. at 182.  Mattel's misdirection

14  in concealing the true nature of its claims and in now attempting to add in Mr.

15  Larian and MGA as "Doe" defendants demonstrates its bad faith in bringing this

16  motion and serves as an addition basis for its denial.

17      **1.    Mattel Has Long Known the Identities of MGA and Isaac**
18      **Larian and Should Not be Permitted to Substitute Them as**
19      **"Doe" Defendants**

20      In its motion, Mattel seeks not just to add MGA and Mr. Larian as new

21  defendants, but to substitute them as "Doe" defendants, presumably in an attempt to

22  avail itself of the "relation back" doctrine.  This tactic is improper and should not

23  be allowed.

24      Pursuant to California Code of Civil Procedure § 474, a plaintiff may use a

---

[51] FAC ¶ 6.

[52] Indeed, Mattel sued Brawer in October 2004, for a declaratory judgment that Brawer could not perform his responsibilities at MGA without disclosing or utilizing Mattel's "proprietary information."  After the Court of Appeals affirmed Brawer's successful demurrer to the complaint, Mattel elected not to file an amended complaint against Brawer and its time to do so expired earlier this year.  *See* Los Angeles Superior Court Case No. BC 323381.

EXHIBIT 20

PAGE 324

- 20 -

1   manipulation of the entire judicial system, designed to allow Mattel to test out its

2   various theories of infringement until it happened upon one that it concluded might

3   actually work.  Such callous contempt for the judicial process – to say nothing of

4   the prejudice to MGA and Bryant from Mattel's spoliation of evidence – renders

5   hollow Mattel's claim that the interests of justice would be served by granting it

6   leave to amend.

7       Mattel has "presented no new facts" in support of its claims for copyright and

8   intentional interference with contractual relations, nor provided "a satisfactory

9   explanation for [its] failure to fully develop [its] contentions originally." *See Allen*

10  *v. Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (denying leave to amend where

11  the factual bases of the claims were known to plaintiff long before).  This Court can

12  – and should – deny Mattel's motion for leave to state a claim for copyright

13  infringement and intentional interference with contractual relations.

14  **IV.   CONCLUSION**

15      Mattel has delayed too long, and seeks to prejudice MGA and Bryant through

16  its delay.  For the foregoing reasons, the Court should deny Mattel's Motion for

17  Leave to File an Amended Complaint.

18

19  Dated:      December 21, 2006      O'MELVENY & MYERS LLP

20

21  By: Diana M. Torres
    Attorneys for MGA Entertainment, Inc.

22

23

24

25

26                                          EXHIBIT 20

27                                          PAGE 325

28

- 23 -         MGA'S OPPOSITION TO MATTEL'S MOTION
               FOR LEAVE TO FILE AMENDED COMPLAINT
               CV 04-09049 SGL (RNBX)

1   manipulation of the entire judicial system, designed to allow Mattel to test out its

2   various theories of infringement until it happened upon one that it concluded might

3   actually work. Such callous contempt for the judicial process – to say nothing of

4   the prejudice to MGA and Bryant from Mattel's spoliation of evidence – renders

5   hollow Mattel's claim that the interests of justice would be served by granting it

6   leave to amend.

7        Mattel has "presented no new facts" in support of its claims for copyright and

8   intentional interference with contractual relations, nor provided "a satisfactory

9   explanation for [its] failure to fully develop [its] contentions originally." *See Allen*

10  *v. Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (denying leave to amend where

11  the factual bases of the claims were known to plaintiff long before). This Court can

12  – and should – deny Mattel's motion for leave to state a claim for copyright

13  infringement and intentional interference with contractual relations.

14  **IV.    CONCLUSION**

15       Mattel has delayed too long, and seeks to prejudice MGA and Bryant through

16  its delay. For the foregoing reasons, the Court should deny Mattel's Motion for

17  Leave to File an Amended Complaint.

18

19       Dated:        December 21, 2006        O'MELVENY & MYERS LLP

20

21                                              By:  Diana M. Torres
                                                Attorneys for MGA Entertainment, Inc.
22

23

24

25

26                                              EXHIBIT 20

27                                              PAGE 326

28

- 23 -        MGA'S OPPOSITION TO MATTEL'S MOTION
              FOR LEAVE TO FILE AMENDED COMPLAINT
              CV 04-09049 SGL (RNBX)