# EXHIBIT 21

# O'MELVENY & MYERS LLP

BEIJING
BRUSSELS
CENTURY CITY
HONG KONG
LONDON
NEWPORT BEACH

400 South Hope Street
Los Angeles, California 90071-2899
TELEPHONE (213) 430-6000
FACSIMILE (213) 430-6407
www.omm.com

NEW YORK
SAN FRANCISCO
SHANGHAI
SILICON VALLEY
TOKYO
WASHINGTON, D.C.

OUR FILE NUMBER
0527436-00004

WRITER'S DIRECT DIAL
(213) 430-6389

WRITER'S E-MAIL ADDRESS
cnguyen@omm.com

August 7, 2007

**VIA FACSIMILE**

Timothy L. Alger, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

Re:   *Bryant v. Mattel, Inc and Consolidated Actions.*
       *Case No. CV 04-09049 SGL (RNBx)*

Dear Mr. Alger:

MGA inadvertently produced to Mattel documents bearing Bates Nos. MGA 0800973 - 0800974 and MGA 0829296 - 0829305. These documents are protected by attorney-client privilege.

Pursuant to Section 13 of the Stipulated Protective Order in this litigation, please return to MGA the original disc on which those documents were produced and all copies of those documents in your possession. Also, please destroy any electronic copies of those documents.

Once you have taken the described actions, please send written confirmation that you have done so. Alternatively, please represent to us that all copies, including electronic and paper copies, of those documents have been destroyed.

Thank you for your anticipated compliance.

Sincerely,

Chris D. Nguyen
for O'MELVENY & MYERS LLP

cc:   Michael Page, Esq. (via facsimile, letter only)
      James Spertus, Esq. (via facsimile, letter only)

**EXHIBIT 21**

**PAGE 327**

# EXHIBIT 22

1   Hon. Edward A. Infante (Ret.)
    JAMS
2   Two Embarcadero Center
    Suite 1500
3   San Francisco, California 94111
    Telephone:    (415) 774-2611
4   Facsimile:    (415) 982-5287

5

6

7

8                  UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10                       EASTERN DIVISION

11

12  | CARTER BRYANT, an individual, | CASE NO. C 04-09049 SGL (RNBx)
13  |                               | JAMS Reference No. 1100049450
            Plaintiff,

14           v.                      Consolidated with
                                     Case No. CV 04-09059
15  MATTEL, INC., a Delaware corporation,   Case No. CV 05-2727

16           Defendant.              ORDER GRANTING MATTEL'S
                                     MOTION TO COMPEL MGA TO
17                                   PRODUCE DOCUMENTS BEARING
                                     BATES NOS. MGA 0800973-0800974
18                                   AND MGA 0829296-0829305

19

20  CONSOLIDATED WITH
    MATTEL, INC. v. BRYANT and
21  MGA ENTERTAINMENT, INC. v. MATTEL,
    INC.

22

23

24                       I. INTRODUCTION

25      Mattel, Inc. ("Mattel") submitted a "Motion to Compel Withheld MGA Documents That

26  Prove MGA Was Developing Bratz as Early as June 2000." Specifically, Mattel seeks an order

27  compelling MGA to produce documents bearing Bates Nos. MGA 0800973-0800974 and MGA

28
    Bryant v. Mattel, Inc.,                                        1
    CV-04-09049 SGL (RNBx)

EXHIBIT 22

PAGE 328

1  0829296 – 0829305, which Mattel characterizes as "smoking gun" documents that prove MGA

2  was developing Bratz as early as June 2000. MGA contends that the disputed documents were

3  inadvertently produced and are protected by the attorney-client privilege. At MGA's request,

4  Mattel destroyed the disputed documents. Mattel, however, disputes MGA's claims of privilege

5  and presently seeks an order compelling production of the disputed documents. MGA submitted

6  an opposition together with a supporting declaration, and lodged the disputed documents for an *in*

7  *camera* review. Mattel submitted a reply. The matter was heard on December 14, 2007.

## II. BACKGROUND

8       Mattel's claims in this case include allegations that "Carter Bryant [hereinafter "Bryant"]

9  conceived, created and developed Bratz designs while he was employed by Mattel as a doll

10  designer." Mattel alleges that "using Mattel resources and while employed by Mattel, Bryant

11  took steps to assist MGA to produce dolls," and that he "concealed his Bratz work from Mattel

12  and wrongfully sold Bratz to MGA while he was a Mattel employee." Mattel's Second Amended

13  Answer in Case No. 05-2727 and Counterclaims, dated July 12, 2007, ¶¶2, 26, attached as Ex. 3

14  to Proctor Decl. Mattel alleges that "as a result of the efforts of Bryant and other Mattel

15  employees working on Bratz (which was done without Mattel's knowledge), the Bratz dolls had

16  been designed and were far along in development during the time that Bryant was employed by

17  Mattel and prior to the time that Bryant left Mattel on October 20, 2000." Id. at Counterclaims,

18  ¶36. Mattel claims ownership of Bratz works created by Bryant while he was employed by

19  Mattel, asserts that Bryant breached his duties of loyalty and fiduciary duties to Mattel, and

20  claims that MGA aided and abetted Bryant. Defendants dispute these allegations.

21       The timing of Bryant's creation and development of Bratz is a central issue in the case,

22  and thus has been the focus of a substantial amount of discovery. Bryant testified at his

23  deposition that he first pitched the Bratz concept to MGA when he met Paula Garcia in August of

24  2000. According to the deposition testimony of Bryant and MGA's Isaac Larian ("Larian"),

25  Bryant met Larian for the first time in September 2000. Larian testified that at the time of the

26  September meeting, Bryant had names for each Bratz doll character. Larian also testified,

27  however, that one of the Bratz dolls, "Yasmin," was subsequently named after his daughter

28   

Bryant v. Mattel, Inc.,
CV-04-09049 SOL (RNBx)

2

EXHIBIT 22
PAGE 329

1 | Jasmine.

2 |     Another witness, Anna Rhee, testified that Bryant asked her to paint Bratz doll heads in

3 | June 2000. Bryant, however, testified that he did not ask Ms. Rhee to paint faces for Bratz dolls

4 | until November 2000.

5 |     In the course of discovery, MGA produced documents bearing Bates Nos. MGA 0800973-

6 | 0800974 and MGA 0829296-0829305 to Mattel. On August 7, 2007, however, MGA sent Mattel

7 | a letter asserting that the documents are protected by the attorney-client privilege and were

8 | inadvertently produced. Accordingly, Mattel destroyed its copies of the disputed documents and

9 | so confirmed to MGA.

10 |     The first document in question, marked as MGA 0800973-0800974, is an internal

11 | document sheet (the "Docket Sheet") from Russ, August, Kabat & Kent, trademark prosecution

12 | counsel for MGA, regarding MGA's trademark application for "Bratz." The Docket Sheet

13 | includes such information as the name of the mark, the country, the name of the registrant, the

14 | application number, the application date (December 11, 2000), the registration number, the

15 | registration date (December 2, 2003), the term, the date the renewal is due (December 2, 2013),

16 | and the type of goods/services the mark is used for ("Dolls"). Mattel is particularly interested in

17 | the notation "Dates of Use: 6-15-2000," which appears in a box entitled "Remarks" on the second page of the Docket Sheet.

18 |     The second document in question, marked as MGA 0829296-0829305, is a facsimile

19 | dated December 7, 2000 (the "Fax") from Lucy B. Arant, trademark counsel at Russ, August,

20 | Kabat & Kent to Paula Garcia (then known as Paula Traentafellas) at MGA. The first page of the

21 | Fax includes a written message from Ms. Arant to Ms. Garcia stating that the Fax attaches four

22 | trademark applications for Isaac Larian's review and signature. The message also includes the

23 | following remarks by Ms. Arant to Ms. Garcia: "You indicated that all four of the applications

24 | have a date of first use of June 15, 2000. Please confirm that this is correct." The remainder of

25 | the Fax consists of the "intent to use" trademark applications for "Jade," "Yasmin," "Sasha," and

26 | "Bratz." These "intent to use" trademark applications do not include any information regarding

27 | "dates of use."

28 |

1        Mr. Larian executed MGA's trademark applications for "Jade," "Yasmin," "Sasha," and

2   "Bratz" on the day the Fax was sent, December 7, 2000, and the applications were filed with the

3   Patent and Trademark Office ("PTO"). MGA subsequently filed a statement of use for each of

4   the four marks that specified dates in May of 2001 for the "date of first use" and a "date of first

5   use in commerce," which are significantly different from the June 15, 2000 date noted in the

6   Docket Sheet and the Fax.

7        Mattel contends that the disputed documents, and in particular the June 15, 2000 date

8   noted therein, are relevant to its claim that Bryant secretly worked with MGA on Bratz while he

9   was employed by Mattel. Bryant was employed at Mattel from January 4, 1999 until October 20,

10   2000. Mattel also contends that the disputed documents are relevant to challenge the credibility

11   of defendants' key witnesses, and to substantiate the testimony of Ms. Rhee.

12        Furthermore, Mattel contends that neither of the disputed documents are protected by the

13   attorney-client privilege. Mattel contends that the Docket Sheet is not a communication, much

14   less a communication from MGA to counsel for the purpose of obtaining legal advice. Rather, in

15   Mattel's view, the Docket Sheet is an internal law firm document that contains basic facts that are

16   not privileged.

17        Mattel also contends that even if the Docket Sheet were a privileged communication, the

18   information contained within it, including the date of first use information, is not privileged

19   because MGA did not communicate the information for the purpose of keeping it confidential.

20   Rather, Mattel contends that MGA communicated the date of first use and other information listed

21   on the Docket Sheet to its trademark attorneys so that they could use the information to register

22   MGA's marks with the PTO. Indeed, Mattel points out that after MGA submitted its "intent to

23   use" trademark applications, MGA submitted a "statement of use" for each of its marks to the

24   PTO that specified a "date of first use," although the specified "date of first use" was not June 15,

25   2000.

26        Moreover, Mattel contends that applicants for trademarks must disclose to the PTO a date

27   of first use of the mark. Mattel explains that an applicant may initially apply to register a

28   trademark by filing an application for use of a trademark or by filing an application for bona fide

1    intention to use a trademark (see 15 U.S.C. §1051(a) and (b)), but in either case the applicant

2    must eventually disclose a "date of first use" of the mark. A use-based application must include

3    the date of first use of the mark at the outset. See 15 U.S.C. §1051(a)(1). In contrast, an "intent

4    to use" applicant must, within six month of the PTO's issuance of notice of allowance, file a

5    "statement that verifies the mark is in use in commerce, the date of first use in commerce, the

6    goods and services in connection with the mark are used in commerce, and the manner in which

7    the mark is being used." Eastman V. Kodak Co. v. Bell & Howell Document Management

8    Products Co., 994 F.2d 1569, 1570 (C.A. Fed. 1993). Mattel reasons that because MGA was

9    required to submit information about the date of first use to the PTO in order for MGA to obtain a

10   trademark registration, MGA could not have provided the information to trademark counsel with

     any reasonable expectation or intention that such information would remain confidential.

11        Mattel contends that the Fax is not privileged because it is a communication from counsel

12   to MGA, not vice versa, and that the attachments are non-privileged trademark applications.

13   Mattel also contends that the Fax is not privileged because it does not reveal any confidential

14   communication for the purpose of rendering legal advice. Rather, Mattel reiterates that MGA was

15   required to submit information about the date of first use to the PTO in order for MGA to obtain a

16   trademark registration, and therefore MGA could not have expected or intended that such

17   information remain confidential.

18        MGA contends that the declaration of MGA employee Paula Garcia demonstrates that the

19   communications by MGA to its counsel regarding date of first use for the Bratz doll marks were

20   intended to be confidential attorney-client communications for the purpose of obtaining legal

21   advice for trademark applications. Accordingly, MGA contends that the references to the date of

22   first use in the Docket Sheet and the Fax are protected because the references reflect a client

23   confidence transmitted as part of a privileged communication.

24        MGA contends that Ms. Arant's role was not as a "mere conduit of data" or transcriber.

25   See e.g., Knogo Corp. v. United States, 213 U.S.P.Q. 936, 940, 1980 WL 39083 (Ct. Cl. Trial

26   Div. 1980) (rejecting the characterization of patent attorneys as mere "conduits" to the PTO).

27   Instead, MGA describes her role as providing what information should be included in the

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

5

EXHIBIT 22

PAGE 332

1   trademark applications and how it should be sent out.  MGA contends that Ms. Arant requested

2   "dates of first use" information from Ms. Garcia in connection with advising MGA regarding

3   "intent to use" trademark applications.  MGA's Opposition, pp. 5-6.  According to MGA, "dates

4   of first use" information has significance to "intent to use" applications for two reasons:  first, an

5   "intent to use" application is only appropriate for marks not already in use; and second, an

6   applicant has six months from the "date of first use" to use the mark before it is abandoned.

7   MGA emphasizes, however, that "dates of first use" are not among the facts disclosed to the PTO

8   as part of an "intent to use" application.  MGA reasons, therefore, that it is incorrect for Mattel to

9   assume that Ms. Garcia intended her communications regarding date of first use to be made

10  public.

11       MGA also contends that Mattel erroneously relies on MGA's later filings of the

12  "statement of use" documents to argue that Ms. Garcia conveyed "dates of first use" to Ms. Arant

13  with the intent that those dates would be publicly disclosed.  MGA contends that Mattel has no

14  evidentiary support for such a conclusion, and that indeed, Mattel's submissions show that

15  different attorneys from two different law firms prepared the "statement of use" filings for MGA

16  and specified different "dates of first use" for each mark than the June 15, 2000 date that Ms.

17  Garcia allegedly communicated to Ms. Arant.

18       MGA contends further that "[e]ven as to information that made its way into the 'intent to

19  use applications,' the documents generated in the preparation and drafting of applications that

20  reflect attorney-client discourse are shielded by the attorney-client privilege."  MGA's Opposition

21  at p.7.  Borrowing the reasoning in McCook Metals L.L.C. v. Alcoa Inc., 192 F.R.D. 242, 252

22  (N.D. Ill. 2000), MGA asserts that drafts "necessarily reflect the communications between a client

23  and his attorney as the attorney attempts to put forth the invention in the best light possible to

24  protect a client's legal right."  MGA also contends that attorney-client protection extends to

25  factual information provided to counsel for the purpose of providing legal advice.  See e.g. In re

26  Spalding Sports Worldwide, Inc., 203 F.3d 800 (Fed. Cir. 2000) (invention record submitted to

27  legal counsel for the purpose of obtaining legal advice was privileged); TeKnowledge Corp. v.

28  Akamai Techs., Inc., 2004 U.S. Dist. LEXIS 19109, at *6 (N.D. Cal. Aug. 10, 2004) ("technical

EXHIBIT 22

PAGE 333

1   information communicated to a patent attorney does not warrant different treatment than any

2   other information communicated to an attorney in the process of obtaining legal services.").

3          As for Mattel's argument that the documents in question are "smoking gun" evidence,

4   MGA responds that the Bratz launch occurred in June 2001, at which time the marks were first

5   used. MGA asserts that "[a]ny contrary information contained in the documents in question was

6   an error that should have no bearing on whether the information is privileged." MGA's

7   Opposition, p.2. Ms. Garcia explains in her declaration that the June 15, 2000 date was

8   erroneous. MGA also contends that there could have been no "date of first use" of Bratz in June

9   2000 within the meaning of trademark law. MGA reasons that the Lanham Act requires that "first

10  use" be "actual use in commerce," or "bona fide use [] in the ordinary course of trade," (Fila

11  Sport S.p.A. v. Diadora America, Inc., 141 F.R.D. 75, 78 (D. Ill. 1991), and that Bratz was not

    being used in commerce in June 2000.

12                                  III. DISCUSSION

13         The essential elements of the attorney-client privilege are:  "(1) When legal advice of any

14  kind is sought (2) from a professional legal adviser in his or her capacity as such, (3) the

15  communications relating to that purpose, (4) made in confidence (5) by the client, (6) are, at the

16  client's instance, permanently protected (7) from disclosure by the client or by the legal adviser

17  (8) unless the protection be waived." United States v. Martin, 278 F.3d 988, 999 (9th Cir. 2002).

18  The burden is on the party asserting the privilege to establish all the elements of the privilege.

19  United States v. Munoz, 233 F.3d 1117, 1128 (9th Cir. 2000).  "Because the attorney-client

20  privilege has the effect of withholding relevant information from the factfinder, it is applied only

21  when necessary to achieve its limited purpose of encouraging full and frank disclosure by the

22  client to his or her attorney." Clark v. Am. Commerce Nat'l Bank, 974 F.2d 127, 129 (9th Cir.

23  1992).

24         MGA has Failed to Establish that the Docket Sheet is Privileged

25         MGA argues that the attorney-client privilege extends to the Docket Sheet because it was

26  a "paper [] prepared by an attorney or at an attorney's request for the purpose of advising the

27  client, [which was] based on and would tend to reveal the client's confidential communications."

28
    Bryant v. Mattel, Inc.,
    CV-04-09049 SGL (RNBx)

                                                              7

EXHIBIT 22

PAGE 334

1   MGA's Opposition at p.9 (citing In re Fischel, 557 F. 2d 209,211 (9th Cir. 1977)).  MGA's

2   argument, however, is unsupported by evidence.

3          The declaration of Paula Garcia fails to specifically address the Docket Sheet.  Instead,

4   Ms. Garcia generalizes as follows:

5              Prior to the launch of Bratz, I communicated with outside lawyers for

6          MGA in connection with protecting MGA's trademarks for the "Bratz" line of

7          products it hoped to launch in June 2001.  These communications were for the

           purpose of obtaining legal advice from MGA's trademark counsel, including

8          communications in or about December 2000 with Lucy Arant of Russ, August,

9          Kabat & Kent LLP.  In general, I intended and expected my communications with

10         counsel in connection with MGA's trademark filings to be confidential, including

11         communications regarding the anticipated date of MGA's first use of the "Bratz"

12         marks.

13  Garcia Decl. In Support of MGA's Opposition, ¶3.

14         Nowhere in the evidentiary record submitted by MGA does MGA explain why or how the

15  Docket Sheet was created or maintained.  MGA does not explain who created the Docket Sheet or

16  provide the source of the information contained therein.  MGA has not established the requisite

17  elements of the attorney-client privilege for this specific document.  See e.g. Automated

18  Technologies, Inc. v. Knapp Logistics & Automation, Inc., 382 F.Supp.2d 1372, 1375 (N.D. Ga.

19  2005) (party invoking privilege has the burden of proving "that the particular communications

20  were confidential"); Kodish v. Oakbrook Terrace Fire Protection Dist., 235 F.R.D. 447, 453

21  ("The party seeking to assert the privilege must show that the particular communication was part

22  of a request for advice or part of the advice, and that the communication was intended to be and

23  was kept confidential.").  MGA has failed to carry its burden of establishing that the Docket Sheet

24  is protected by the attorney-client privilege.

                   MGA has Failed to Establish That the Fax is Privileged

25         An in camera review of the Fax confirms that the document constitutes a communication

26

27  between MGA and counsel regarding MGA's trademark applications.  That the Fax constitutes a

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

8

EXHIBIT 22

PAGE 335

1 communication between MGA and counsel, however, is insufficient without more to establish

2 that the Fax is privileged. MGA must also establish that the Fax is a confidential communication

3 for the purpose of rendering legal advice. See e.g. Automated Technologies, Inc. v. Knapp

4 Logistics & Automation, Inc., supra; Kodish v. Oakbrook Terrace Fire Protection Dist., supra.

5 MGA has failed to do so. Ms. Garcia's declaration does not even mention the Fax, much less

6 specify that the information contained therein was intended to be confidential for the purpose of

7 rendering legal advice. Instead, Ms. Garcia speaks in generalities about communications

8 regarding MGA's trademark applications. In fact, the Fax does not contain any legal opinions or

9 advice. The only attorney-client communication reflected in the Fax is the statement regarding the "date of first use."

10 MGA could not have had a reasonable expectation that the June 15, 2000 "date of first

11 use" stated in the Fax would be kept confidential. As Mattel points out, in order to obtain a full

12 trademark registration, an applicant must disclose the "dates of first use" to the PTO. This is true

13 regardless of whether the applicant initially files an "intent to use" application or a use-based

14 application. See 15 U.S.C. §1051(a)(2) (use-based application must include the date of first use

15 of the mark); Eastman V. Kodak Co. v. Bell & Howell Document Management Products Co., 994

16 F.2d at 1570 (an "intent to use" applicant must file a "statement that verifies . . . the date of first

17 use in commerce).

18 MGA relies on Ms. Garcia's declaration that she generally expected her communications

19 with trademark counsel to be confidential. However, a client's subjective belief as to whether a

20 communication is privileged must be reasonable in order for the attorney-client privilege to

21 attach. Speaker ex rel. Speaker v. County of San Bernadino, 82 F.Supp.2d 1105, 1112-1113

22 (C.D. Cal. 2000) (client's subjective belief "should be reasonable in order to lay claim to the

23 protections of the privilege"); Griffith v. Davis, 161 F.R.D. 687, 696 (C.D. Cal. 1995) (attorney-

24 client privilege not applicable to information communicated to attorney where client knew

25 information would be used in his employer's administrative investigation). Although a client's

26 subjective belief of confidentiality is necessary for the attorney-client privilege to attach, it is not

27 sufficient. See In re Grand Jury Subpoena Duces Tecum, 112 F.3d 910, 923 (8th Cir. 1997)

28
Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

9

EXHIBIT 22

PAGE 336

1   ("[W]e know of no authority . . . holding that a client's beliefs, subjective or objective, about the

2   law of privilege can transform an otherwise unprivileged conversation into a privileged one.").

3         Nevertheless, MGA attempts to identify confidential reasons why Ms. Garcia might have

4   communicated "date of first use" information to Ms. Arant.  According to MGA, the only reason

5   Ms. Arant solicited "date of first use" information from Ms. Garcia was (i) to determine whether

6   an "intent to use" application would be proper and (ii) to determine when MGA should file its

7   applications.  MGA asserts that "these legal considerations led Ms. Arant to request 'dates of first

8   use' from Ms. Garcia."  MGA's Opposition at p.6.  However, there is no evidence of record to

9   substantiate MGA's contentions.

10        MGA's failure to provide evidence to substantiate its claim that the Fax reveals the

11   substance of a confidential communication is fatal to its claim of privilege.  Because a mark's

12   date of first use is factual information that must be conveyed to the PTO to secure a trademark

13   application, communication of this information is not privileged.  Weil Ceramics & Glass, Inc. v.

14   Work, 110 F.R.D. 5000, 504 (E.D. N.Y. 1986) ("The party claiming the privilege must clearly

15   show that a document renders legal advice and does not, for example, merely contain facts later

16   disclosed in a patent or trademark application"); see also United States v. White, 950 F.2d 426,

17   430 (7th Cir. 1991) ("when information is disclosed for the purpose of assembly into a bankruptcy

18   petition and supporting schedules, there is no intent for the information to be held in confidence

    because the information is to be disclosed on documents publicly filed").

19        MGA contends, however, that the June 15, 2000 date was not actually disclosed to the

20   PTO and points out that Mattel's own submissions show that different attorneys from two

21   different law firms prepared the "statement of use" filings for MGA and specified different "dates

22   of first use" for each mark than the June 15, 2000 date that Ms. Garcia allegedly communicated to

23   Ms. Arant.  That the June 15, 2000 date was not actually disclosed is irrelevant.  What is relevant

24   is whether Ms. Garcia actually and reasonably intended and expected the "dates of first use"

25   information she provided to Ms. Arant to remain confidential when she made the communication,

26   not whether the information was actually conveyed to the public.  See In re Grand Jury

27   Proceedings, 727 F.2d 1352, 1358 (4th Cir. 1984) (information given to attorney to prepare

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

10

EXHIBIT _22_

PAGE _337_

1  prospectus was not protected by attorney-client privilege, even though no prospectus was ever

2  actually issued); United States v. Lawless, 709 F.2d 485, 487 (7th Cir. 1983) ("[I]f the client

3  transmitted the information so that it might be used on the tax return, such a transmission destroys

4  any expectation of confidentiality.").

5        Lastly, MGA's reliance on McCook, supra, and other related caselaw[1] is misplaced.  In

6  McCook, the court held that draft patent applications were privileged because they "contain[ed]

7  the legal opinion and advice of the attorney regarding the wording of technical specifications,

8  claims, and prior art, and whether an item is included, all of which are necessary to secure a legal

9  claim for the client." McCook, 192 F.R.D. at 252-253.  In contrast, the Fax at issue in this case

10  reflects no such attorney opinions or advice.  Indeed, the only attorney-client communication

11  reflected in the Fax is the statement regarding the "date of first use."  The cases cited by MGA are

12  inapplicable to communications conveying date of first use information in the trademark context

13  because, as discussed previously, a trademark attorney does not have discretion regarding whether

14  to disclose the "date of first use" information to the PTO.[2]

### IV. CONCLUSION

15        For the reasons set forth above, Mattel's motion to compel MGA to produce documents

16  bearing Bates Nos. MGA 0800973-0800974 and MGA 0829296-0829305 is granted.  MGA shall

17  produce said documents on or before December 28, 2007.

18        Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery

19  Master, Mattel shall file this Order with the Clerk of Court forthwith.

20

21  Dated: December 17, 2007

HON. EDWARD A. INFANTE (Ret.)

22                                       Discovery Master

23

24

---

[1] See Rohm v. Haas Co. v. Brotech Corp., 815 F.Supp. 793, 797 (D. Del. 1993); Hyuk Suh v. Choon Sik Yang, 1997 U.S. Dist. LEXIS

25  20077 (N.D. Cal. No. 18, 1977); Conner Peripherals, Inc. v. Western Digital Corp., 1993 U.S. Dist. LEXIS 20149 (N.D. Cal. June 8, 1993);
TeKnowledge Corp. v. Akamai Techn. Inc., 2004 U.S. Dist. LEXIS 19109 (N.D. Cal. Aug. 10, 2004).

26  [2]  Mattel argues in the alternative that even if the disputed documents were privileged, MGA has waived the privilege.  Because MGA

27  has failed to establish the requisite elements of the attorney-client privilege as to the disputed documents, it is unnecessary to address Mattel's
waiver argument herein.

28  Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT 22  11

PAGE 338

# EXHIBIT 23

**THIS EXHIBIT IS FILED UNDER SEAL**

**PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 24

**THIS EXHIBIT IS FILED UNDER SEAL**

**PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 25

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>　　　　Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>**DISCOVERY MATTER**<br><br>**[To Be Heard By Discovery Master Hon. Edward Infante (Ret.) Pursuant To The Court's Order of December 6, 2006]**<br><br>MATTEL, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS WITHHELD AS PRIVILEGED; AND<br><br>MEMORANDUM OF POINTS AND AUTHORITIES<br><br>Date:　TBA<br>Time:　TBA<br>Place:　Telephonic<br><br>Discovery Cut-off: January 14, 2008<br>Pre-trial Conference: April 7, 2008<br>Trial Date: April 29, 2008 |

EXHIBIT 25

PAGE 345

07209/2188112.3

COPY

FILED
2007 AUG 10 AM 11: 23

1  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2      PLEASE TAKE NOTICE that, at a telephonic conference before

3  Discovery Master Hon. Edward Infante (Ret.) that will occur on a date and at a time

4  to be set by Judge Infante, plaintiff Mattel, Inc. ("Mattel") will, and hereby does,

5  move the Court pursuant to <u>Federal Rules of Civil Procedure</u> 26 and 37 to compel

6  MGA Entertainment, Inc. ("MGA") to produce all documents in response to Mattel's

7  First Set of Requests for Production of Documents and Tangible Things that it has

8  withheld on the purported basis of privilege, except those documents which were

9  created after this lawsuit was filed and the documents which are listed on the

10  privilege log served by MGA in May 2005.

11      This Motion is made on the grounds that Mattel seeks discoverable

12  information and that MGA has waived its privilege objections by its failure to timely

13  produce a complete privilege log, including in violation of Court Orders, and should

14  be sanctioned therefor.

15      This Motion is based on this Notice of Motion and Motion, the

16  accompanying Memorandum of Points and Authorities, the Declaration of B. Dylan

17  Proctor filed concurrently herewith, the records and files of this Court, and all other

18  matters of which the Court may take judicial notice.

19              **Statement of Rule 37-1 Compliance**

20      The parties met and conferred regarding the MGA's failure to produce a

21  privilege log on August 3, 2007.

22

23  DATED: August 9, 2007        QUINN EMANUEL URQUHART OLIVER &
                                  HEDGES, LLP
24

25
                              By
26                              B. Dylan Proctor
                                Attorneys for Plaintiff
27                              Mattel, Inc.

28                                          EXHIBIT 25

07209/2188112.3                             PAGE 346

                          - 2 -
MATTEL'S MOTION TO COMPEL DOCUMENTS WITHHELD AS PRIVILEGED

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................. 1

STATEMENT OF FACTS ...................................................................... 2

ARGUMENT ....................................................................................... 6

I.   MGA HAS WAIVED ITS RIGHT TO WITHHOLD DOCUMENTS
     ON THE BASIS OF PRIVILEGE .................................................... 6

II.  MGA'S FAILURE TO PRODUCE A PRIVILEGE LOG HAS
     PREJUDICED AND WILL CONTINUE TO PREJUDICE MATTEL ........... 10

CONCLUSION ...................................................................................... 11

EXHIBIT 25

PAGE 347

07209/2188112.3

i

# TABLE OF AUTHORITIES

**Page**

## Cases

Applied Sys., Inc. v. N. Ins. Co. of N.Y.,
  1997 WL. 639235 (N.D. Ill. 1997)........................................................... 7

Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court,
  408 F.3d 1142 (9th Cir. 2005)............................................... 6, 7, 10

Dapco Indus., Inc. v. Matex Corp.,
  1998 WL. 563847 (Fed. Cir. 1998).................................................... 10

Hurst v. F.W. Woolworth Co.,
  1997 WL. 61051 (S.D.N.Y. 1997) ...................................................... 7

Lopez v. City of New York,
  2007 WL. 869590 (E.D.N.Y. March 20, 2007) ................................. 7

Marx v. Kelly, Hart & Hallman, P.C.,
  929 F.2d 8 (1st Cir. 1991) ................................................................. 7

N. Am. Watch Corp. v. Princess Ermine Jewels,
  786 F.2d 1447 (9th Cir. 1986)............................................................ 9

Prof'l Seminar Consultants, Inc. v. Sino Am. Tech. Council, Inc.,
  727 F.2d 1470 (9th Cir. 1984)............................................................ 9

Ritacca v. Abbott Lab.,
  203 F.R.D. 332 (N.D. Ill. 2001) ........................................................ 7

Thelen Reid & Priest LLP v. Marland,
  2007 WL. 578989 (N.D. Cal. Feb. 21, 2007)..................................... 6

U.S. v. Construction Prods. Research, Inc.,
  73 F.3d 464 (2d Cir. 1996)................................................................. 9

Universal City Dev. Partners Ltd. v. Ride & Show Engineering, Inc.,
  230 F.R.D. 688 (M.D. Fla. 2005) ................................................... 6, 7

Wyle v. R.J. Reynolds Indus.,
  709 F.2d 585 (9th Cir. 1983) ........................................................... 10

## Statutes

Fed. R. Civ. P. § 26(b)(5) ...................................................................... 3, 6

Fed. R. Civ. P. § 37(b)(2) ...................................................................... 6, 9

EXHIBIT **25**

PAGE **348**

ii

MATTEL'S MOTION TO COMPEL DOCUMENTS WITHHELD AS PRIVILEGED

## MEMORANDUM OF POINTS AND AUTHORITIES

### Preliminary Statement

More than two years after MGA was served with Mattel's First Set of Requests for Production of Documents and Tangible Things, MGA has still failed to produce a complete privilege log. Even in the face of Court Orders that it produce a privilege log by a date certain -- a date that has now passed -- MGA refuses. MGA has waived its right to withhold documents on the basis of privilege as a result of its consistent disregard for the discovery rules and the Court's Orders.

The law in the Ninth Circuit is clear that the failure to timely produce a privilege log may result in a waiver of privilege. MGA's delay here is far greater than the delays courts have found warrant waiver. Further, the Discovery Master ordered MGA to produce a complete privilege log no later than May 31, 2007. MGA did not, even after its request for a stay of that Order pending appeal was denied. Judge Larson then ordered MGA to produce its privilege log no later than July 31, 2007 (with the exception of Hong Kong documents). Despite that Court-imposed deadline, and even though it has now had many months to prepare and provide the log, MGA still refuses to comply. Indeed, MGA has represented that it will not produce the compelled privilege log until *at least* mid-September, in clear violation of the Court's Orders.

MGA's delay here is just another example of its repeated practice of obstructing discovery and refusing to comply with its obligations. During the meet and confer on this motion, MGA acknowledged that it is withholding *thousands* of documents on claimed privilege grounds. MGA's delay in producing a log for those documents has prejudiced, and continues to prejudice, Mattel. Mattel will need substantial time to review privilege log entries for those documents in an attempt to assess MGA's privilege claims and follow up regarding any improper privilege assertions. MGA's delay, therefore, has a direct effect on Mattel's ability to prepare its case. MGA should not be permitted to benefit from its own misconduct,

-1-

**EXHIBIT** 25

**PAGE** 349

1   particularly when that misconduct violates the Court's Orders.  Pursuant to Ninth

2   Circuit law, MGA has waived its privilege objections and should be compelled to

3   produce all documents responsive to Mattel's First Set of Requests that it is

4   withholding on that basis.

5                              **Statement of Facts**

6            On March 14, 2005, Mattel served MGA with its First Set of Requests

7   for Production of Documents and Tangible Things ("First Requests").[1]  MGA served

8   Mattel with its responses on April 13, 2005, making a boilerplate privilege objection

9   to each of Mattel's requests for production.[2]  In May 2005, MGA provided Mattel

10  with a limited privilege log, listing 62 documents that it withheld on privilege

11  grounds.[3]    At that time, MGA had produced approximately 7,340 pages of

12  documents.[4]

13           MGA refused to produce documents in response to a number of the

14  requests set forth in Mattel's First Requests.  After the discover stay was lifted and the

15  Discovery Master was appointed, Mattel moved to compel MGA to produce

16  documents in response to 48 requests.[5]  Mattel also moved to compel MGA to

17  produce a complete privilege log.[6]  At the hearing on March 5, 2007, the Discovery

18

19

20

21   [1]   Mattel, Inc.'s First Set of Requests for Production of Documents and Tangible
      Things to MGA Entertainment, Inc., dated March 14, 2005, attached as Exhibit 4 to
22    the Declaration of B. Dylan Proctor ("Proctor Dec.") concurrently filed herewith.
      [2]   MGA Entertainment, Inc.'s Responses to Mattel, Inc.'s First Set of Requests for
23    Production of Documents and Tangible Things, dated April 13, 2005, Proctor Dec.,
24    Exh. 5.
      [3]   MGA's May 2005 Privilege Log, Proctor Dec., Exh. 1.
25    [4]   Proctor Dec., ¶ 2.
26    [5]   Mattel, Inc.'s Notice of Motion and Motion to Compel Production of Documents
      and Interrogatory Answers by MGA Entertainment, Inc., dated February 2, 2007,
27    Proctor Dec., Exh. 6.
28    [6]   Id., at p. i.

07209/2188112.3

**EXHIBIT 25**

**PAGE** 380

1   Master made it clear that he intended to grant Mattel's motion.[7]  On May 15, 2007,

2   the Discovery Master did so in writing.[8]  The Court ordered MGA to produce all

3   responsive documents and explicitly ordered MGA to *produce a privilege log in*

4   *compliance with Rule 26(b)(5), Fed. R. Civ. P., no later than May 31, 2007.*"[9]  As

5   MGA has repeatedly pointed out, the Court's May 15, 2007 Order required it to

6   "complete its production of documents responsive to Mattel's First Set of Requests by

7   May 31, 2007."[10]

8        MGA appealed certain aspects of the Discovery Master's May 15 Order

9   to Judge Larson.[11]  MGA also sent a letter to the Discovery Master on May 31, 2007,

10  the day its documents and privilege log were due, seeking a stay of the time for

11  compliance with the May 15 Order pending its appeal or, in the alternative, a 60-day

12  extension to produce the documents.[12]  Except as to documents in Hong Kong, the

13  Discovery Master rejected MGA's request for a stay or extension on June 21, 2007.[13]

14  MGA then applied *ex parte* to Judge Larson to appeal the Discovery Master's denial

15

16  [7]  June 19, 2007 Hearing on Ex Parte Application to Stay the May 15 Order, at

17  20:22-24 (The Court: "The Motion was heard on March 5th, and during that hearing I indicated that I would be granting the Motion."), Proctor Dec., Exh. 10.

18  [8]  Order Granting Mattel's Motion to Compel Production of Documents and

19  Interrogatory Responses by MGA, dated May 15, 2007, Proctor Dec., Exh. 7.
    [9]  Id. at p. 14 (italics added).

20  [10]  MGA's Emergency *Ex Parte* Application for Review of Special Master

21  Infante's Order Denying MGA's Motion for Stay or Extension, dated June 22, 2007, at p. 3, Proctor Dec., Exh. 12; see also MGA's *Ex Parte* Request for Stay or

22  Modification of Discovery Orders, dated May 31, 2007, at pp. 1-2, Proctor Dec., Exh. 9.

23  [11]  MGA Entertainment Inc.'s Memorandum of Points and Authorities in Support

24  of Motion Objecting to Portions of the Discovery Master's May 15, 2007 Order Granting Mattel's Motion to Compel Production of Documents and Interrogatory

25  Responses by MGA, dated May 30, 2007, Proctor Dec., Exh. 8.

26  [12]  MGA's *Ex Parte* Request for Stay or Modification of Discovery Orders, dated

27  May 31, 2007, Proctor Dec., Exh. 9.
    [13]  Order Regarding MGA Entertainment, Inc.'s Request for Stay or Modification

28  of Discovery Orders, dated June 21, 2007, Proctor Dec., Exh. 11.

EXHIBIT 25

PAGE 351

1   of MGA's requested stay of the May 15 Order.[14]   On July 3, 2007, Judge Larson

2   rejected all of MGA's substantive objections to the May 15 Order but, based on

3   MGA's representations about how long it needed to comply with the Order, allowed

4   MGA a further extension to produce documents pursuant to the Order.[15]   Judge

5   Larson ordered MGA to complete its production pursuant to the May 15 Order by

6   July 31, 2007, with the exception of documents located in Hong Kong which were

7   ordered produced by August 14, 2007.[16]   Judge Larson also expressly confirmed that

8   MGA "must produce a privilege log."[17]   Nevertheless, MGA has not done so.[18]

9            Even the limited privilege log MGA produced in May 2005 was

10   deficient.[19]   For example, the log did not identify which individuals were attorneys

11   and which were not, making an assessment of MGA's privilege claims difficult.[20]

12   The log also included entries of communications that did not involve an attorney at

13   all.[21]   On July 25, 2007, Mattel wrote to MGA to request a meet and confer to discuss

14   these deficiencies, among others, and to discuss MGA's failure to produce any

15   updated or supplemental privilege log since May 2005.[22]

16            On August 3, 2007, the parties met and conferred on the issues identified

17   in Mattel's letter.[23]   MGA acknowledged certain deficiencies, including the fact that

18   at least one of the entries on the log was likely a document that was not in fact

19

20

21   [14]   MGA's Emergency *Ex Parte* Application for Review of Special Master
     Infante's Order Denying MGA's Motion for Stay or Extension, dated June 22, 2007,
22   Proctor Dec., Exh. 12.
     [15]   Minute Order dated July 2, 2007, Proctor Dec., Exh. 13.
23   [16]   Id. at pp. 2-4.
     [17]   Id. at p. 2.
24   [18]   Proctor Dec., ¶ 5.
     [19]   Proctor Dec., ¶ 3.
25   [20]   Id.
     [21]   Id.
26   [22]   Letter from Proctor to Torres, dated July 25, 2007, Proctor Dec., Exh. 2.
27   [23]   Proctor Dec., ¶ 4.

28

07209/2188112.3

-4-

EXHIBIT 25
PAGE 352

1   privileged.[24]  MGA stated that it would reconsider its privilege assertions as to many

2   of its May 2005 privilege log entries and respond by August 9, 2007, with its final

3   position on these matters.[25]

4         For the first time, MGA also acknowledged during the meet and confer

5   that it was withholding "many thousands of documents" on the basis of privilege that

6   have never been logged.[26]  Though it is withholding thousands of documents, MGA

7   asserted that it would not produce any additional privilege log until mid-September at

8   the earliest.[27]  Mattel explained that such a significant delay in producing was not

9   acceptable, but MGA refused to budge.[28]  Mattel inquired whether MGA would at

10  least be willing to produce its privilege log in more than one stage so that Mattel

11  could begin reviewing and assessing MGA's claims of privilege for some of the

12  thousands of documents MGA is withholding.[29]  MGA refused this as well, and

13  reiterated its position that it did not intend to produce any privilege log identifying the

14  withheld documents before mid-September.[30]

15        As of the date of this Motion, MGA has produced a total of 154,185

16  pages of documents subsequent to providing Mattel with its May 2005 privilege log.[31]

17  However, despite the Discovery Master's and Judge Larson's Orders that it do so,

18  MGA still has not produced any updated or supplemental privilege log since

19  May 2005.

20

21

22

23   [24]  <u>Id.</u>
24   [25]  <u>Id.</u>
25   [26]  <u>Id.</u>, ¶ 5.
     [27]  <u>Id.</u>
26   [28]  <u>Id.</u>
     [29]  <u>Id.</u>
27   [30]  <u>Id.</u>
28   [31]  <u>Id.</u>, ¶ 6.

EXHIBIT 25

PAGE 353

**Argument**

I.  **MGA HAS WAIVED ITS RIGHT TO WITHHOLD DOCUMENTS ON THE BASIS OF PRIVILEGE**

It is well settled in the Ninth Circuit that the failure to timely produce a privilege log may be deemed a waiver of the privilege. See Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court, 408 F.3d 1142 (9th Cir. 2005) (upholding waiver for eight-month delay in serving privilege log); Thelen Reid & Priest LLP v. Marland, 2007 WL 578989 (N.D. Cal. Feb. 21, 2007) (finding privilege waived where timely privilege log not provided); Universal City Dev. Partners Ltd. v. Ride & Show Engineering, Inc., 230 F.R.D. 688 (M.D. Fla. 2005) (finding waiver based on eight month delay in producing privilege log). The Advisory Committee notes to Rule 26(b)(5) specifically anticipate waiver of privilege as a remedy for the failure of a party to timely produce a privilege log. See Fed. R. Civ. P. § 26(5)(b) advisory committee's note (1993 Amendments) ("To withhold materials without such notice is contrary to the rule, subjects the party to sanctions under Rule 37(b)(2), and may be viewed as a waiver of the privilege or protection.").

Under applicable Ninth Circuit law, courts are to make a case-by-case determination of whether the privilege was waived by a failure to timely produce a privilege log. Burlington N. & Santa Fe Ry. Co., 408 F.3d at 1149. The following factors are to be considered: (1) the degree to which the objection or assertion of privilege enables the litigant seeking discovery and the court to evaluate whether each of the withheld documents is privileged; (2) the timeliness of the objection and accompanying information about the withheld documents; (3) the magnitude of the document production; and (4) other particular circumstances of the litigation that make responding to the discovery unusually easy or unusually hard. Id.

Here, MGA's failure to produce any log of any kind warrants a finding that MGA's privilege claims have been waived. The first factor strongly weighs in favor of a finding of waiver. MGA has provided only boilerplate privilege objections

1   without any additional information upon which Mattel or the Court can assess MGA's

2   privilege assertions regarding the thousands of documents it is withholding.  Such

3   boilerplate objections "are presumptively insufficient." Id.

4          The second factor also weighs heavily in favor of a finding of waiver.

5   Even taking into account the discovery stay in this action, MGA has had more than

6   15 months to produce a privilege log, but has not.  Courts have found delays of

7   substantially less time than that warrant a finding of waiver. See Universal City Dev.

8   Partners Ltd., 230 F.R.D. at 695-96 (finding a delay of eight months sufficient to find

9   waiver); Hurst v. F.W. Woolworth Co., 1997 WL 61051, *4-6 (S.D.N.Y. 1997)

10  (eight-month delay in producing privilege log waived privilege); Lopez v. City of

11  New York, 2007 WL 869590, at *4 (E.D.N.Y. March 20, 2007) (seven-month delay

12  in producing privilege log waived privilege).

13         In fact, the Ninth Circuit has found that a five-month delay in the

14  production of a privilege log itself warrants a finding that privilege has been waived,

15  in the absence of mitigating considerations.  See Burlington N. & Santa Fe Ry. Co.,

16  408 F.3d at 1149.  Here, MGA has not only delayed for far more time than that -- it

17  has known it was being *compelled* to produce a log for more time than that, since the

18  Court said as much at the hearing on Mattel's motion to compel in early March 2007.

19         There are no mitigating circumstances here.  To the contrary, MGA's

20  failure to produce a log is compounded by the fact that MGA refuses to do so in the

21  face of Court Orders expressly requiring it.   "[E]vidence of foot-dragging or a

22  cavalier attitude towards following court orders and the discovery rules supports

23  finding waiver." Ritacca v. Abbott Lab., 203 F.R.D. 332, 335 (N.D. Ill. 2001) (citing

24  Marx v. Kelly, Hart & Hallman, P.C., 929 F.2d 8, 12 (1st Cir. 1991) and Applied

25  Sys., Inc. v. N. Ins. Co. of N.Y., 1997 WL 639235, at *2-3 (N.D. Ill. 1997)).  There is

26  ample evidence of such foot dragging here.  Mattel's February 2, 2007 motion to

27

28

EXHIBIT 25

PAGE 355

1   compel specifically sought to "compel MGA to . . . serve a complete privilege log."[32]

2   As of the March 5, 2007 hearing on that motion, MGA knew that it would be

3   compelled to produce a complete privilege log regarding Mattel's First Requests.[33]

4   The Discovery Master issued a written Order reiterating that obligation on May 15,

5   2007. Nevertheless, even though the extended deadline for the log has now passed,

6   MGA still refuses to comply and instead asserts that it will not produce a privilege

7   log until at least mid-September.[34]

8           The third factor also supports a finding of waiver. MGA has produced a

9   total of 154,185 pages of documents since it produced its May 2005 privilege log.[35]

10  While that is a considerable number of documents, MGA has had ample time to

11  collect, review and determine whether it will claim privilege as to these documents.

12  It has known since March 5, 2007, that it was being *ordered* to finally comply with its

13  obligation to produce a complete privilege log. And on May 15, 2007, the Discovery

14  Master issued a written order expressly instructing MGA to serve a complete log. As

15  MGA knows, this Order requires MGA to complete its production relating to Mattel's

16

17

18

---

19  [32]   Mattel, Inc.'s Notice of Motion and Motion to Compel Production of

20  Documents and Interrogatory Answers by MGA Entertainment, Inc., dated
    February 2, 2007, at p. i, Proctor Dec., Exh. 6.

21  [33]   June 19, 2007 Hearing on Ex Parte Application to Stay the May 15 Order, at

22  20:22-24 (The Court: "The Motion was heard on March 5th, and during that hearing I

23  indicated that I would be granting the Motion."), Proctor Dec., Exh. 10.
    [34]   Any argument by MGA that the parties are engaging in a rolling production

24  would obviously lack merit. The ordered production and privilege log must complete

25  MGA's production of documents requested by Mattel in 2005, before MGA filed its
    unfair competition complaint. MGA's ongoing obligations to find and produce

26  documents dealing with the unfair competition aspect of this case does not relieve it

27  of the requirement to produce the complete log relating to Mattel's First Requests it
    has been ordered to produce now.

28  [35]   Proctor Dec., ¶ 6.

EXHIBIT 25

PAGE 356

1  First Requests and the Bryant/ownership aspect of this litigation.[36] Yet, nearly three

2  months since that Order was issued and over five months since the hearing on

3  Mattel's motion to compel, MGA has not produced any additional privilege log of any

4  kind, and says that it will not do so for yet another month and a half. The fact that it

5  has produced approximately 150,000 pages of documents (when compelled to do so)

6  does not excuse MGA's wholesale failure to produce the compelled log.

7          Last, the fourth factor also weighs in favor of a finding of waiver. MGA

8  has had ample time to collect, review and log any documents responsive to Mattel's

9  First Requests that it is withholding on privilege grounds. It has dozens of lawyers at

10  two law firms in four offices (O'Melveny & Myers in Los Angeles, Century City and

11  New York and the Christensen, Glaser firm) working daily on its behalf. Given the

12  substantial period of time that has passed and the resources at MGA's disposal, MGA

13  has had an unusually easy opportunity to produce a privilege log. It has not done so

14  by choice, not by necessity. Indeed, that is abundantly clear in light of MGA's

15  expressed awareness of a party's obligation to promptly produce a proper privilege

16  log. Notably, MGA itself has previously urged in this case that a failure to produce a

17  privilege log in a timely fashion yields a waiver.[37]

18          It is well established that when a party fails to comply with a discovery

19  order, the Court "may make such orders in regard to the failure as are just." Fed. R.

20  Civ. P. § 37(b)(2); see also N. Am. Watch Corp. v. Princess Ermine Jewels, 786 F.2d

21  1447, 1450-51 (9th Cir. 1986) (upholding terminating sanctions where willful failure

22

---

23  [36] See, e.g., MGA's Emergency *Ex Parte* Application for Review of Special
24  Master Infante's Order Denying MGA's Motion for Stay or Extension, dated June 22,
     2007, at p. 3, Proctor Dec., Exh. 12.
25  [37] See MGA and Bryant's Joint Motion to Compel the Production of Documents
26  and the Deposition of 30(b)(6) Witnesses, dated January 5, 2007, at p. 11 (citing
     U.S. v. Construction Prods. Research, Inc., 73 F.3d 464, 473 (2d Cir. 1996) for
27  proposition that failure to produce adequate privilege log may result in waiver),
28  Proctor Dec., Exh. 14.

-9-

EXHIBIT 25

PAGE 357

1   to produce documents by date ordered by magistrate prejudiced requesting party);
2   <u>Prof'l Seminar Consultants, Inc. v. Sino Am. Tech. Council, Inc.</u>, 727 F.2d 1470,
3   1473-74 (9th Cir. 1984) (upholding default judgment as sanction for failure to
4   comply with order to produce documents) (citing <u>Wyle v. R.J. Reynolds Indus.</u>,
5   709 F.2d 585, 589 (9th Cir. 1983)).  A finding of waiver here is clearly just.  Indeed,
6   courts have found sanctions more severe than waiver appropriate for the failure to
7   comply with a court order to produce a privilege log.  See <u>Dapco Indus., Inc. v.</u>
8   <u>Matex Corp.</u>, 1998 WL 563847 (Fed. Cir. 1998) (upholding dismissal as sanction for
9   failure to produce adequate privilege log in compliance with court order).  MGA's
10  repeated disregard of the Court's Orders in this case independently justifies a finding
11  of waiver -- even putting aside its extraordinary delays, which are sufficient under
12  <u>Burlington</u>.

13  **II.   MGA'S FAILURE TO PRODUCE A PRIVILEGE LOG HAS**
14  **PREJUDICED AND WILL CONTINUE TO PREJUDICE MATTEL**

15          The sanction of waiver is particularly warranted here.  MGA's failure to
16  produce a privilege log is not only contrary to Court Orders and the <u>Rules</u> and
17  applicable case law, but it is part of MGA's pattern and practice of delaying and
18  obstructing discovery at every turn in an effort to prejudice Mattel.  MGA admits that
19  it is withholding thousands of documents.  It will take Mattel a significant amount of
20  time to review any privilege log MGA ultimately produces to assess MGA's claims of
21  privilege.  Given MGA's history in this case, Mattel will undoubtedly need time to
22  meet and confer with MGA regarding deficiencies in any such log and then need to
23  engage in motion practice to obtain documents MGA improperly withholds.[38]  MGA
24  may then appeal any unfavorable rulings to Judge Larson.

25
26
    _____
27  [38]   Even the limited privilege log MGA produced in May 2005 contained enough
    deficiencies that Mattel was forced to request a meet and confer as to 52 of the 62
28  entries.  Proctor Dec., ¶ 3.

                                        -10-
                MATTEL'S MOTION TO COMPEL DOCUMENTS WITHHELD AS PRIVILEGED

EXHIBIT 25
PAGE 358

1    Especially if hundreds or thousands of documents are at issue, all of this
2    will take a substantial amount of time, during which Mattel will be deprived of
3    potentially important responsive, compelled documents, including for use in
4    depositions scheduled in the next several months.  MGA should not be permitted to
5    benefit from its unexcused delay and refusal to comply with the Court's Orders.  A
6    finding that MGA has waived its privilege objections is appropriate.

7                              **Conclusion**

8    For the foregoing reasons, the Court should enter an order finding that
9    MGA has waived any privilege objection regarding documents responsive to Mattel's
10   First Set of Requests for Production of Documents and Tangible Things (except as to
11   documents created after the filing of this litigation and the 62 documents listed on
12   MGA's May 2005 log), and compelling MGA to produce any documents withheld on
13   such basis immediately.[39]

14

15   DATED: August 9, 2007              QUINN EMANUEL URQUHART OLIVER &
                                         HEDGES, LLP
16
17                                       By
18                                          B. Dylan Proctor
                                            Attorneys for Plaintiff
19                                          Mattel, Inc.

20

21

22

23

24

25

26   _____
     [39]   As the parties have previously advised the Court, the parties have previously
27   agreed that, in general, documents that postdate the filing of this lawsuit on April 27,
28   2004, need not be included on a privilege log.

07209/2188112.3

EXHIBIT 25
PAGE 359

# EXHIBIT 26

Confidential

MGA Privilege Log
Supplemental Privilege Log
Case No CV 04-09049 and consolidated cases

| Doc Num | Date | From/Author | To | CC | BCC | Privilege | Description of Document and/or Redactions |
|---|---|---|---|---|---|---|---|
| 1 | 12/12/04 | Moira Delany | Bryan Armstrong (Paralegal within Law Department) | | | Attorney Client Privilege | Email message for purposes of rendering legal advice regarding trademark markings. |
| 2 | 11/02/04 | Daphne Gronich, Esq. | Bryan Armstrong (Paralegal within Law Department) | | | Attorney Client Privilege and Work Product | Email message for purposes of rendering legal advice regarding trademark application. |
| 3 | 07/01/03 | Kelly D'Angelo (Paralegal within Law Department) | Donna Cunningham, Esq. | | | Attorney Client Privilege and Work Product | Email message for purposes of rendering legal advice regarding trademark registrations. |
| 4 | 02/05/03 | Helen Bruno (Legal Assistant at White & Case) | Carol Witschel (Counsel at White & Case) | | | Attorney Client Privilege and Work Product | Email message for purposes of rendering legal advice regarding trademark registrations. |
| 5 | 11/26/03 | Susan McBride | Bryan Armstrong (Paralegal within Law Department) | | | Attorney Client Privilege | Email message for purposes of rendering legal advice regarding trademark application. |
| 6 | 09/08/03 | Helen Bruno (Legal Assistant at White & Case) | Carol Witschel, Esq. (White & Case) | | | Attorney Client Privilege | Email message for purposes of conveying legal analysis regarding trademark application. |
| 7 | 03/03/05 | Bryan Armstrong (Paralegal within Law Department) | Larry MacFarland, Esq. (Keats, MacFarland & Wilson) | | | Attorney Client Privilege and Work Product | Email message for purposes of conveying legal analysis regarding trademark application. |

Page 1 of 210

EXHIBIT 26
PAGE 360

Confidential

MGA Privilege Log
Supplemental Privilege Log
Case No CV 04-09049 and consolidated cases

| Doc Num | Date | From/Author | To | CC | BCC | Privilege | Description of Document and/or Redactions |
|---|---|---|---|---|---|---|---|
| 652 | 02/19/04 | Daphne Gronich, Esq. | Lourdes Ble, Bryan Armstrong | Charles O'Connor, Paula Treantafellas, Steve Cheng | | Attorney Client Privilege | Email communication from attorney to client, wherein the attorney renders legal advice regarding a design mark. |
| 653 | N/A | Lucy Arant, Esq. (Russ August Kabat & Kent) | File | | | Attorney Client Privilege | Internal record sheet containing attorney notes reflecting an attorney communication with a client, wherein the confidential information from the client is given to the attorney for the purpose of rendering legal advice |
| 654 | 12/07/00 | Lucy Arant, Esq. (Russ August Kabat & Kent) | Paula Treantafellas | | | Attorney Client Privilege | Facsimile communication from attorney to client, wherein the attorney requests information from the client for the purpose of rendering legal advice |
| 655 | 07/02/01 | Isaac Larian | Patricia Glaser, Esq. (Christensen White) | David Rosenbaum | | Attorney Client Privilege and Work Product | Email communication from client to attorney providing information for the purpose of obtaining legal advice regarding potential litigation |
| 656 | 06/30/01 | Isaac Larian | Patricia Glaser, Esq. (Christensen White) | | | Attorney Client Privilege and Work Product | Email communication from client to attorney providing information for the purpose of obtaining legal advice regarding potential litigation |
| 657 | 06/29/01 | Isaac Larian | Patricia Glaser, Esq. (Christensen White) | Greg Fischbach | | Attorney Client Privilege and Work Product | Email communication from client to attorney providing information for the purpose of obtaining legal advice regarding potential litigation |
| 658 | 09/29/00 | David Rosenbaum, Esq. (Fischbach, Perlstein & Lieberman) | Victoria O'Connor | | | Attorney Client Privilege | Email message for purposes of rendering legal advice regarding contract negotiations. |

EXHIBIT 26
PAGE 361

# EXHIBIT 27

**RECEIVED**

AUG 22 2007
to 9:45
CALENDARED

1   DALE M. CENDALI (admitted *pro hac vice*)
    dcendali@omm.com
2   MARC F. FEINSTEIN (S.B. #158901)
    mfeinstein@omm.com
3   O'MELVENY & MYERS LLP
    400 South Hope Street
4   Los Angeles, CA 90071-2899
    Telephone: (213) 430-6000
5   Facsimile: (213) 430-6407

6   PATRICIA GLASER (S.B. #55668)
    pglaser@chrisglase.com
7   CHRISTENSEN, GLASER, FINK,
    JACOBS, WEIL & SHAPIRO, LLP
8   10250 Constellation Boulevard, 19th Floor
    Los Angeles, CA 90067
9   Telephone: (310) 553-3000
    Facsimile: (310) 557-9815

10

11  Attorneys for MGA Entertainment, Inc.,
    MGA Entertainment (HK), Ltd., and Isaac
    Larian

12

13              UNITED STATES DISTRICT COURT

14             CENTRAL DISTRICT OF CALIFORNIA

15                    EASTERN DIVISION

16

17  CARTER BRYANT, an individual,          Case No. CV 04-09049 SGL (RNBx)
                                            (consolidated with CV 04-9059 & 05-
18                Plaintiff,                2727)

19       v.                                 [DISCOVERY MATTER]

20  MATTEL, INC., a Delaware               MGA ENTERTAINMENT, INC.'S
    Corporation,                           MEMORANDUM OF POINTS AND
21                                         AUTHORITIES IN OPPOSITION
                  Defendant,               TO MATTEL, INC.'S MOTION TO
22                                         COMPEL PRODUCTION OF
                                           DOCUMENTS WITHHELD AS
23                                         PRIVILEGED; COUNTER-
                                           MOTION BY MGA TO COMPEL
24  AND CONSOLIDATED ACTIONS               MATTEL TO PRODUCE
                                           DOCUMENTS WITHHELD AS
25                                         PRIVILEGED

26                                         Hearing Date: T.B.D.      **EXHIBIT 27**
                                           Time: T.B.D.
27                                         Place: T.B.D.             **PAGE 362**

28

    LA2:839488.1                    OPPO. TO MATTEL MOT. TO COMPEL MGA
                                       TO PRODUCE PRIVILEGED DOCS. AND
                                                      COUNTER-MOTION

1    supplemental privilege log on August 14, 2007. Both logs contain the

2    details normally contained in a privilege log, or MGA has agreed to

3    provide such information. Mattel raised no issue with the original log

4    until two years later, and MGA has provided Mattel with additional

5    data regarding the log entries to satisfy Mattel's requests. Thus, this

6    factor weight in MGA's favor.[47]

7    • Factor 2: MGA provided the initial privilege log at the same time that

8    MGA completed its initial production of documents in response to

9    Mattel's first set of requests. MGA provided the August 14, 2007 log

10   on the same date that MGA finished its major production of documents

11   in response to the District Court's July 2, 2007 Order. Each document

12   production was completed in a reasonable time period. Thus, MGA

13   acted timely in producing its privilege logs.[48]

14   • Factor 3: The document production completed by MGA in July and

15   August 2007 was very large for the reasons mentioned, including the

16   number of boxes reviewed, the number of documents produced, and

17   the number of attorneys involved. The privilege log was also very

18   large, as it includes 1138 entries.[49]

19   • Factor 4: There are various factors present that made the document

20   production and the production of the privilege log "unusually hard," *id.*

21   at *15, relative to a case that was not as large and complex. In

22   particular, the production required the review of a high percentage of

23   emails, which is extremely time-consuming. There were numerous

24   document requests, relating to numerous different subjects, that had to

25   be satisfied. There were many locations that had to be searched for

26

27   [47] Jenal Decl., ¶ 2.
     [48] Charron Decl., ¶ 2.
28   [49] Charron Decl, ¶¶ 4-6.

LA2:839488.1                                    - 14 -

EXHIBIT 27

PAGE 353

OPPO. TO MATTEL MOT. TO COMPEL MGA
TO PRODUCE PRIVILEGED DOCS. AND
COUNTER-MOTION

1       documents.[50]

2    In addition, the waiver sanction is intended to be reserved "to forestall needless

3    waste of time and resources, as well as tactical manipulation of the rules and the

4    discovery process." *Id.* at 1149. There is no basis for such a finding here.

5    Therefore, it is evident that under the *Burlington* case, the waiver sanction is

6    completely inappropriate in these circumstances.

7       **C.**    **The Other Judicial Authorities Cited by Mattel Do Not Support a**

8           **Finding of Waiver Against MGA.**

9       The other judicial decisions cited by Mattel in support of its claim of

10   unreasonable delay are inapposite or unhelpful to Mattel. *See* Mattel's Mtn. at 6-7.

11   In *Thelen Reid & Priest LLP v. Francois Marland*, 2007 U.S. Dist. LEXIS 14482

12   (N.D. Cal. 2007), the issue was whether Marland had waived the privilege with

13   respect to a particular document – the "Brunswick letter" – that Marland had

14   ***inadvertently produced*** to Thelen Reid. In concluding that Marland had waived the

15   privilege as to the Brunswick letter, the court noted that (a) Marland claimed that he

16   had inadvertently produced all of his privileged documents and that those

17   documents consisted of 533 pages; (b) Marland's counsel was notified on at least

18   four separate occasions that Marland had inadvertently produced privileged

19   documents, and opposing counsel regularly prompted Marland's counsel to send a

20   complete privilege log to resolve the apparent discrepancies; (c) even though

21   Marland's counsel revised Marland's privilege log twice, Marland's counsel never

22   included the Brunswick letter on the log and offered no explanation for failing to

23   log the Brunswick letter. *Id.* at *25-29. Accordingly, Mattel's reliance on *Thelen*

24   *Reid v. Marland* is misplaced because that decision involves waiver due to

25   inadvertent production of a privileged document, whereas Mattel's motion concerns

26   document that were not produced but were withheld as privileged.

27       Mattel's reliance on *Universal City Development Partners, Ltd. v. Ride &*

28   _____
     [50] *Id.*

EXHIBIT **27** - 15 -

PAGE **364**

OPPO. TO MATTEL MOT. TO COMPEL MGA
TO PRODUCE PRIVILEGED DOCS. AND
COUNTER-MOTION

1  *Show Engineering, Inc.*, 230 F.R.D. 688 (M.D. Fla. 2005) is misplaced for the same

2  reasons, as this decision also involves waiver of the privilege due to ***inadvertent***

3  ***production.***   RSE moved for the return of 145 privileged documents that it claimed

4  to have inadvertently produced.  In concluding that RSE had waived the privilege,

5  the court considered the fact that (a) RSE's counsel had delayed approximately four

6  months before reviewing for privilege and producing the collection of documents

7  that included the inadvertently produced documents; (b) counsel failed to take

8  reasonable precautions to avoid an inadvertent disclosure because he rushed

9  through the review of 13,000 documents in a single evening after a cross-country

10  flight; and (b) counsel was slow to rectify the error after discovering that RSE had

11  produced privileged material. *Id.* at 693-694. This analysis bears no relevance to

12  the issues raised by Mattel's motion, because Mattel makes no assertion that MGA

13  inadvertently produced the privileged documents whose production Mattel seeks to

14  compel.

15       Although the court in *Universal City Development Partners* also found a

16  privilege waiver with respect to the inadvertently produced documents on the

17  ground that RSE had failed to provide an adequate privilege log in a timely manner,

18  the circumstances do not resemble our case. After delaying three months

19  inexcusably before producing the 13,000 documents, and after conducting a sloppy

20  privilege review, RSE's counsel delayed inexcusably another five months before

21  producing a privilege log that failed to include sufficient information to assess the

22  privilege claims. *Id.* at 695-696. In our case, by comparison, MGA had a sound

23  reason – the parties' dispute before the Court regarding the scope of Mattel's first

24  requests – to defer the production of documents and the production of a privilege

25  log. Further, after the District Court ruled on July 2, 2007 that MGA should

26  produce certain documents, MGA provided a privilege log simultaneously with

27  producing documents by the August 14 deadline.[51]

28  ---
[51] Charron Decl., ¶ 2.

LA2:839488.1

EXHIBIT **27**   - 16 -

PAGE **365**

OPPO. TO MATTEL MOT. TO COMPEL MGA
TO PRODUCE PRIVILEGED DOCS. AND
COUNTER-MOTION

1    Another material distinction between MGA's conduct and RSE's is that

2  MGA's document production and privilege log are both many times larger than

3  RSE's. MGA produced 176,000 pages by August 14, 2007 in response to the

4  District Court's Order, whereas RSE produced 13,000 pages about three months

5  after serving its written response to the document requests; and MGA produced a

6  log including 1138 documents upon making the document production, whereas

7  RSE produced a log with somewhat more than 145 documents five months after the

8  document production was finished. *Id.* at 690, 693-695. Thus, the finding that

9  RSE was untimely in providing its privilege log is no support at all for finding a

10  privilege waiver against MGA. Indeed, it is clear from these facts that MGA acted

11  not only reasonably but diligently in producing by August 14 such an extensive

12  privilege log for such a voluminous document production.

13    The facts of *James F. Hurst v. F.W. Woolworth Co.*, 1997 U.S. Dist. LEXIS

14  1407 (S.D.N.Y. 1997) also bear no resemblance to the facts pertinent to Mattel's

15  motion. Under the applicable local rules of court, Woolworth was required to

16  furnish a privilege log when Woolworth served written responses to plaintiff's first

17  set of document requests. In the requests, Plaintiff included an instruction to

18  provide the log with the responses as required by the particular local rule.

19  However, Woolworth failed to furnish the log with the written responses when they

20  were served on November 13, 1995. In a letter to Woolworth's counsel about four

21  weeks later, plaintiff's counsel noted that Woolworth had raised privilege

22  objections in its written responses but had not provided a privilege log, and warned

23  of the risk of waiver: "Your failure to comply with Local Rule 46 results in a

24  waiver of any privilege claims. Please provide a privilege log promptly or risk

25  waiver." *Id.* at *2-3. On May 23, 1996, five months after providing warning and

26  having still received no privilege log, plaintiff's counsel again wrote to

27  Woolworth's counsel with a reminder of the duty to provide a privilege log. *Id.* at

28  *3-4. Finally, after an employee of Woolworth during his deposition referred to the

LA2:839488.1

**EXHIBIT 27** - 17 -

**PAGE 366**

OPPO. TO MATTEL MOT. TO COMPEL MGA
TO PRODUCE PRIVILEGED DOCS. AND
COUNTER-MOTION

1   **IV.   <u>CONCLUSION</u>**

2          For all the foregoing reasons, MGA respectfully requests that Mattel's

3   motion be denied and that MGA be awarded its reasonable attorney's fees and costs

4   in the amount of $25,000 in opposing the motion.

5

6          Dated:      August 21, 2007

7                                      DALE M. CENDALI
                                       MARC F. FEINSTEIN
8                                      O'MELVENY & MYERS LLP

9
                                       By: _____
10                                          Marc F. Feinstein
                                       Attorneys for MGA Entertainment, Inc.,
11                                     MGA Entertainment (HK), Ltd., and
                                       Isaac Larian
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26                                                    EXHIBIT __27__

27                                                    PAGE __367__

28

LA2:839488.1                    - 26 -          OPPO. TO MATTEL MOT. TO COMPEL MGA
                                                TO PRODUCE PRIVILEGED DOCS. AND
                                                              COUNTER-MOTION

# EXHIBIT 28

**THIS EXHIBIT IS FILED UNDER SEAL**

**PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 29

**THIS EXHIBIT IS FILED UNDER SEAL**

**PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 30

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
John B. Quinn (Bar No. 090378)
johnquinn@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
(michaelzeller@quinnemanuel.com)
Jon D. Corey (Bar No. 185066)
(joncorey@quinnemanuel.com)
Timothy L. Alger (Bar No. 160303)
(timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727 |
| vs. | |
| MATTEL, INC., a Delaware corporation, | Hon. Stephen G. Larson |
| | MATTEL INC.'S DISCLOSURE OF TRIAL EXHIBITS |
| Defendant. | |
| AND CONSOLIDATED ACTIONS | **Phase 1:**<br>Discovery Cut-off: Jan. 28, 2008<br>Pre-trial Conference: May 5, 2008<br>Trial Date: May 27, 2008 |

4-1-08

EXHIBIT 3ᵈ

PAGE 379

DISCLOSURE OF TRIAL EXHIBITS

07209/2453517

1  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2        Pursuant to the Scheduling Order, <u>Federal Rule of Civil Procedure</u>

3  26(a), and <u>Local Rule</u> 16-2, Mattel, Inc. ("Mattel") hereby discloses the exhibits it

4  intends to use at trial other than those contemplated to be used solely for

5  impeachment.  A list of these exhibits is attached hereto.

6        Because discovery and trial preparations are ongoing, Mattel reserves

7  the right to supplement and revise this list.  Additionally, Mattel has subpoenaed

8  several original documents and items from MGA to be produced at trial.  In the

9  event MGA does not produce these documents and items for trial, Mattel reserves

10  the right to add true and correct photographs of them to its exhibit list.

11

12  DATED:  April 1, 2008        QUINN EMANUEL URQUHART OLIVER &
                                 HEDGES, LLP

13

14                              By
15                                 Timothy L. Alger
                                   Attorneys for Mattel, Inc.

16

17

18

19

20

21

22

23

24

25

26

27                              EXHIBIT 30

28                              PAGE 380

07209/2453517

- 2 -

DISCLOSURE OF TRIAL EXHIBITS

Trial Exhibit Exchange

| No. | Beginning Bates | End Bates | Other Description |
|---|---|---|---|
| 645 | MGA 0868159 | MGA 0868362 | Deposition Exhibit 645 |
| 646 | | | Deposition Exhibit 646 |
| 647 | MGA 0052663 | MGA 0052668 | Deposition Exhibit 647 |
| 648 | MGA 0808032 | MGA 0808032 | Deposition Exhibit 648 |
| 649 | M 0109323 | M 0109325 | Deposition Exhibit 649 |
| 650 | MGA 0072499 | MGA 0072499 | Deposition Exhibit 650 |
| 651 | MGA 0024962 | MGA 0024963 | Deposition Exhibit 651 |
| 652 | MGA 0835259 | MGA 0835260 | Deposition Exhibit 652 |
| 653 | | | Deposition Exhibit 653 |
| 654 | | | Deposition Exhibit 654 |
| 655 | MGA 0863860 | MGA 0863873 | Deposition Exhibit 655 |
| 656 | MGA 0863874 | MGA 0863887 | Deposition Exhibit 656 |
| 657 | MGA 0863888 | MGA 0863901 | Deposition Exhibit 657 |
| 658 | MGA 0868693 | MGA 0868706 | Deposition Exhibit 658 |
| 659 | MGA 0868707 | MGA 0868722 | Deposition Exhibit 659 |
| 660 | MGA 0868723 | MGA 0868865 | Deposition Exhibit 660 |
| 661 | MGA 0101018 | MGA 0101021 | Deposition Exhibit 661 |
| 662 | MGA 0815789 | MGA 0815789 | Deposition Exhibit 662 |
| 663 | BRYANT2 000017 | BRYANT2 000026 | Deposition Exhibit 663 |
| 664 | MGA 0868630 | MGA 086631 | Deposition Exhibit 664 |
| 665 | TP 0115 | TP 0115 | Deposition Exhibit 665 |
| 666 | TP 0116 | TP 0116 | Deposition Exhibit 666 |
| 667 | M 0016596 | M 0016596 | Deposition Exhibit 667 |
| 668 | M 0016496 | M 0016496 | Deposition Exhibit 668 |
| 669 | | | Deposition Exhibit 669 |
| 701 | BRYANT 00176 | BRYANT 00176 | Deposition Exhibit 701 |
| 702 | BRYANT 00176 | BRYANT 00176 | Deposition Exhibit 702 |
| 703 | BRYANT 00177 | BRYANT 00177 | Deposition Exhibit 703 |
| 704 | BRYANT 00189 | BRYANT 00189 | Deposition Exhibit 704 |
| 705 | BRYANT 00190 | BRYANT 00190 | Deposition Exhibit 705 |
| 706 | BRYANT 00216 | BRYANT 00216 | Deposition Exhibit 706 |
| 707 | BRYANT 00217 | BRYANT 00217 | Deposition Exhibit 707 |
| 708 | BRYANT 00300 | BRYANT 00300 | Deposition Exhibit 708 |
| 709 | BRYANT 00183 | BRYANT 00183 | Deposition Exhibit 709 |
| 710 | BRYANT 00186 | BRYANT 00186 | Deposition Exhibit 710 |
| 711 | BRYANT 00341 | BRYANT 00341 | Deposition Exhibit 711 |
| 712 | BRYANT 00163 | BRYANT 00163 | Deposition Exhibit 712 |
| 713 | BRYANT 00164 | BRYANT 00164 | Deposition Exhibit 713 |
| 714 | BRYANT 00232 | BRYANT 00232 | Deposition Exhibit 714 |
| 715 | BRYANT 00236 | BRYANT 00236 | Deposition Exhibit 715 |
| 716 | BRYANT 00273 | BRYANT 00273 | Deposition Exhibit 716 |
| 717 | BRYANT 00273 | BRYANT 00273 | Deposition Exhibit 717 |

4/1/2008

11

EXHIBIT 30
PAGE 381

Trial Exhibit Exchange

| No. | Beginning Bates | End Bates | Other Description |
|---|---|---|---|
| 1752 | BRYANT 00211 | BRYANT 00211 | Deposition Exhibit 1752 |
| 1753 | | | Deposition Exhibit 1753 |
| 1760 | | | Deposition Exhibit 1760 |
| 1761 | MGA 0883396 | MGA 0883407 | Deposition Exhibit 1761 |
| 1762 | MGA 0046778 | MGA 0046778 | Deposition Exhibit 1762 |
| 1763 | MGA 0067824 | MGA 0067824 | Deposition Exhibit 1763 |
| 1764 | MGA HK 0001843 | MGA HK 0001846 | Deposition Exhibit 1764 |
| 1765 | MGA 0052031 | MGA 0052036 | Deposition Exhibit 1765 |
| 1766 | MGA 0046838 | MGA 0046840 | Deposition Exhibit 1766 |
| 1767 | MGA 0066299 | MGA 0066300 | Deposition Exhibit 1767 |
| 1768 | MGA HK 0003003 | MGA HK 0003006 | Deposition Exhibit 1768 |
| 1769 | MGA 0046676 | MGA 00046679 | Deposition Exhibit 1769 |
| 1770 | MGA 0836567 | MGA 0836567 | Deposition Exhibit 1770 |
| 1771 | MGA 000047 | MGA 000047 | Deposition Exhibit 1771 |
| 1772 | MGA 0065357 | MGA 0065357 | Deposition Exhibit 1772 |
| 1773 | MGA 0837635 | MGA 0837636 | Deposition Exhibit 1773 |
| 1774 | MGA 3709838 | MGA 3709840 | Deposition Exhibit 1774 |
| 1775 | DR 00073 | DR 00084 | Deposition Exhibit 1775 |
| 1776 | MGA 3709815 | MGA 3709820 | Deposition Exhibit 1776 |
| 1777 | MGA 3709783 | MGA 3709793 | Deposition Exhibit 1777 |
| 1778 | MGA 3765590 | MGA 3765597 | Deposition Exhibit 1778 |
| 1779 | MGA 3709761 | MGA 3709765 | Deposition Exhibit 1779 |
| 1780 | MGA 3765581 | MGA 3765584 | Deposition Exhibit 1780 |
| 1781 | MGA 3765579 | MGA 3765580 | Deposition Exhibit 1781 |
| 1782 | MGA 3765569 | MGA 3765575 | Deposition Exhibit 1782 |
| 1783 | MGA 3765556 | MGA 3765558 | Deposition Exhibit 1783 |
| 1784 | BRYANT 00222 | BRYANT 00222 | Deposition Exhibit 1784 |
| 1785 | MGA 001355 | MGA 001355 | Deposition Exhibit 1785 |
| 1786 | MGA 001346 | MGA 001354 | Deposition Exhibit 1786 |
| 1787 | DR 00010 | DR 00012 | Deposition Exhibit 1787 |
| 1788 | MGA 3708219 | MGA 3708220 | Deposition Exhibit 1788 |
| 1789 | MGA 001343 | MGA 001344 | Deposition Exhibit 1789 |
| 1790 | BRYANT 16895 | BRYANT 16907 | Deposition Exhibit 1790 |
| 1791 | MGA 001342 | MGA 001342 | Deposition Exhibit 1791 |
| 1792 | MGA 001340 | MGA 001340 | Deposition Exhibit 1792 |
| 1801 | MGA 0065115 | MGA 0065116 | Deposition Exhibit 1801 |
| 1900 | | | Deposition Exhibit 1900 |
| 1901 | | | Deposition Exhibit 1901 |
| 1902 | MGA 3167696 | MGA 3167696 | Deposition Exhibit 1902 |
| 1903 | MGA 2949126 | MGA 2949126 | Deposition Exhibit 1903 |
| 1904 | MGA 0064769 | MGA 0064770 | Deposition Exhibit 1904 |
| 1905 | MGA 004626 | MGA 004626 | Deposition Exhibit 1905 |

24

4/1/2008

EXHIBIT 30

PAGE 382

Trial Exhibit Exchange

| No. | Beginning Bates | End Bates | Other Description |
|---|---|---|---|
| 1906 | MGA 0009167 | MGA 0009167 | Deposition Exhibit 1906 |
| 1907 | MGA 0017585 | MGA 0017586 | Deposition Exhibit 1907 |
| 1908 | MGA 1497741 | MGA 1497742 | Deposition Exhibit 1908 |
| 1909 | MGA 0017374 | MGA 0017376 | Deposition Exhibit 1909 |
| 1910 | MGA 1769796 | MGA 1769797 | Deposition Exhibit 1910 |
| 1911 | | | Deposition Exhibit 1911 |
| 1912 | | | Deposition Exhibit 1912 |
| 1913 | | | Deposition Exhibit 1913 |
| 1914 | M 0097963 | M 0097964 | Deposition Exhibit 1914 |
| 1915 | M 0098183 | M 0098183 | Deposition Exhibit 1915 |
| 1916 | M 0097961 | M 0097962 | Deposition Exhibit 1916 |
| 1917 | M 0097960 | M 0097960 | Deposition Exhibit 1917 |
| 1918 | M 0097959 | M 0097959 | Deposition Exhibit 1918 |
| 1919 | M 0098181 | M 0098182 | Deposition Exhibit 1919 |
| 1920 | M 0097956 | M 0097956 | Deposition Exhibit 1920 |
| 1921 | MGA 0875946 | MGA 0875948 | Deposition Exhibit 1921 |
| 1922 | MGA 0875949 | MGA 0875953 | Deposition Exhibit 1922 |
| 1923 | MGA 0875954 | MGA 0875956 | Deposition Exhibit 1923 |
| 1924 | MGA 0875957 | MGA 0875960 | Deposition Exhibit 1924 |
| 1925 | MGA 0875961 | MGA 0875961 | Deposition Exhibit 1925 |
| 1926 | MGA 0875963 | MGA 0875963 | Deposition Exhibit 1926 |
| 1927 | MGA 0875964 | MGA 0875964 | Deposition Exhibit 1927 |
| 1928 | MGA 0875965 | MGA 0875965 | Deposition Exhibit 1928 |
| 1929 | MGA 0875966 | MGA 0875966 | Deposition Exhibit 1929 |
| 1930 | MGA 0457674 | MGA 0457674 | Deposition Exhibit 1930 |
| 1931 | | | Deposition Exhibit 1931 |
| 1932 | MGA 1134723 | MGA 1134730 | Deposition Exhibit 1932 |
| 1933 | MGA 1753247 | MGA 1753248 | Deposition Exhibit 1933 |
| 1934 | MGA 1753241 | MGA 1753242 | Deposition Exhibit 1934 |
| 1935 | MGA 1753239 | MGA 1753240 | Deposition Exhibit 1935 |
| 1936 | MGA 1753238 | MGA 1753238 | Deposition Exhibit 1936 |
| 1937 | MGA 1753235 | MGA 1753235 | Deposition Exhibit 1937 |
| 1938 | MGA 0205819 | MGA 0205819 | Deposition Exhibit 1938 |
| 1939 | MGA 0151723 | MGA 0151725 | Deposition Exhibit 1939 |
| 1940 | MGA 0896240 | MGA 0896255 | Deposition Exhibit 1940 |
| 1940 | | | Deposition Exhibit 1940 |
| 1941 | MGA 0896801 | MGA 0896871 | Deposition Exhibit 1941 |
| 1941 | | | Deposition Exhibit 1941 |
| 1942 | MGA 0896738 | MGA 0896740 | Deposition Exhibit 1942 |
| 1942 | | | Deposition Exhibit 1942 |
| 1943 | MGA 0896393 | MGA 0896469 | Deposition Exhibit 1943 |
| 1943 | | | Deposition Exhibit 1943 |

25

4/1/2008

EXHIBIT 30

PAGE 383

# EXHIBIT 31

7209
Mattel v. Carter Bryant/MGA
Abridged Deposition Exhibit Index with Links

| No. | Beginning Bates | End Bates | Date | Other Description | |
|---|---|---|---|---|---|
| 1 | BRYANT 00262 | BRYANT 00272 | 8/1/2000 | DEPOSITION EXHIBIT 1: | Drawings |
| 2 | BRYANT 00310 | BRYANT 00319 | 1/1/1999 | DEPOSITION EXHIBIT 2: | Drawings |
| 3 | BRYANT 00222 | BRYANT 00234 | 8/1/1998 | DEPOSITION EXHIBIT 3: | Drawings |
| 4 | BRYANT 00238 | BRYANT 00261 | 12/1/2001 | DEPOSITION EXHIBIT 4: | Drawings |
| 5 | BRYANT 00138-00170; BRYANT 00173; BRYANT 00175-00218; BRYANT 00221; BRYANT 00235-00237; BRYANT 00273-00303; BRYANT 00320-00351 | | 11/1/2000 | DEPOSITION EXHIBIT 5: | Drawings |
| 6 | BRYANT 00358 | BRYANT 00361 | 12/1/2000 | DEPOSITION EXHIBIT 6: | Drawings |
| 7 | BRYANT 00869 | BRYANT 00869 | 1/1/2001 | DEPOSITION EXHIBIT 7: | Marketing Document |
| 8 | MGA 000455 | MGA 000464 | 1/1/1998 | DEPOSITION EXHIBIT 8: | Drawings |
| 9 | MGA 000465 | MGA 000481 | 1/1/1998 | DEPOSITION EXHIBIT 9: | Drawings |
| 10 | M 0001489 | M 0001505 | 6/18/2002 | DEPOSITION EXHIBIT 10: | Drawings |
| 11 | M 0012536 | M 0012539 | 7/18/2003 | DEPOSITION EXHIBIT 11: | Newspaper Article |
| 12 | M 0001558 | M 0001569 | 7/5/2002 | DEPOSITION EXHIBIT 12: | Redacted Affidavit |
| 13 | M 0001613 | M 0001614 | 12/11/1998 | DEPOSITION EXHIBIT 13: | Letter |
| 14 | BRYANT 01198 | BRYANT 01199 | 12/29/1998 | DEPOSITION EXHIBIT 14: | Letter |
| 15 | BRYANT 00794 | BRYANT 00799 | 9/18/2000 | DEPOSITION EXHIBIT 15: | Agreement |
| 16 | BRYANT 01234 | BRYANT 01235 | 9/19/2000 | DEPOSITION EXHIBIT 16: | Agreement |
| 17 | MGA 000429 | MGA 000434 | 5/11/2004 | DEPOSITION EXHIBIT 17: | Agreement |
| 18 | MGA 000422 | MGA 000422 | 9/27/2000 | DEPOSITION EXHIBIT 18: | Email |
| 19 | MGA 000007 | MGA 000009 | 10/25/2000 | DEPOSITION EXHIBIT 19: | Email with Attachment |
| 20 | M 0001615 | M 0001616 | 11/18/1998 | DEPOSITION EXHIBIT 20: | Resume |
| 21 | M 0001648 | M 0001648 | | DEPOSITION EXHIBIT 21: | Resume |

7209/2461021_2.XLS

1

5/15/2008

EXHIBIT 31
PAGE 384

7209

Mattel v. Carter Bryant/MGA

Abridged Deposition Exhibit Index with Links

| | | | | |
|---|---|---|---|---|
| A-20088 | KS 10886 | KS 10939 | 11/17/2005 | Transcript |
| A-20089 | MGA 0071484 | MGA 0071485 | 5/18/2005 | Email |
| A-20090 | SABW-M 00437 | SABW-M 00437 | 5/21/2000 | Notes |
| A-20091 | SABW-M 00431 | SABW-M 00431 | 5/21/2000 | Facsimile |
| A-20092 | SABW-M 00436 | SABW-M 00436 | 5/21/2000 | Facsimile |
| A-20093 | SABW-M 00429 | SABW-M 00429 | 00/00/2000 | Income Statement |
| A-20094 | MGA0009509 B | MGA0009510 B | 1/10/2001 | Email |
| A-20095 | MGA 0067740 | MGA 0067748 | 11/21/2006 | Email |
| A-20096 | MGA 0067769 | MGA 0067778 | 12/4/2006 | Magazine Article |
| A-20097 | MGA 0049290 | MGA 0049297 | 3/29/2001 | Email with Attachment |
| A-20098 | MGA0005533 B | MGA0005534 B | 10/27/2000 | Email |
| A-20099 | MGA 4034015 | MGA 4034018 | 11/13/2000 | Email |
| A-20100 | MGA 0829296 | MGA 0829305 | 12/7/2000 | Facsimile; Trademark Document |
| A-20101 | MGA 0800973 | MGA 0800974 | 12/11/2000 | Trademark Document |
| A-20102 | BRYANT2 000001 | BRYANT2 000006 | 8/11/2003 | Letter; Facsimile; Patent Document |
| A-20103 | MGA004579 | MGA004579 | 10/26/2000 | Email |
| A-20104 | MGA000018 | MGA000018 | 10/29/2000 | Email |
| A-20105 | MGA004555 | MGA004555 | 11/14/2000 | Email |
| A-20106 | MGA 3167698 | MGA 3167698 | 11/21/2000 | Email |
| A-20107 | MGA000076 | MGA000076 | 12/1/2000 | Email |
| A-20108 | MGA 3801558 | MGA 3801559 | 2/6/2003 | Email |
| A-20109 | MGA 0051385 | MGA 0051386 | 5/15/2001 | Email |
| A-20110 | MGA001694 | MGA001694 | 3/8/2001 | Email |
| A-20111 | MGA 4006293 | MGA 4006293 | 4/16/2002 | Email |
| A-20112 | MGA 4006152 | MGA 4006152 | 1/13/2003 | Email |
| A-20113 | MGA 4005565 | MGA 4005565 | 2/18/2004 | Email |
| A-20114 | MGA 1021891 | MGA 1021891 | 12/7/2004 | Email |
| A-20115 | MGA 0073270 | MGA 0073271 | 4/25/2006 | Email |
| A-20116 | MGA 1690502 | MGA 1690505 | 1/30/2006 | Email |
| A-20117 | MGA 1499735 | MGA 1499737 | 11/28/2006 | Email |
| A-20118 | MGA 4036709 | MGA 4036710 | 10/18/2000 | Email |
| A-20119 | BRYANT 01211 | BRYANT 01212 | 10/5/2000 | Invoice; Air Bill |
| A-20120 | BRYANT 01205 | BRYANT 01205 | 10/10/2000 | Air Bill |

7209/2461021_2.XLS

674

5/15/2008

EXHIBIT 31

PAGE 385

7209
Mattel v. Carter Bryant/MGA
Abridged Deposition Exhibit Index with Links

| | | | | |
|---|---|---|---|---|
| A-20448 | MGA 1478527 | MGA 1478545 | 2/20/2003 | Invoice; Purchase Order; Requisition; Quote; Email |
| A-20449 | MGA 1478546 | MGA 1478569 | 1/30/2003 | Check Stub; Invoice; Purchase Order; Quote |
| A-20450 | MGA 1478570 | MGA 1478586 | 5/22/2003 | Check Stub; Invoice; Purchase Order; Quote; Email |
| A-20451 | MGA 1615881 | MGA 1615902 | 9/11/2006 | Contact List |
| A-20452 | MGA 2039885 | MGA 2039891 | 1/31/2005 | Purchase Order Request Chart |
| A-20453 | MGA 3786730 | MGA 3786736 | 11/1/2000 | Check Stub; Invoice; Purchase Order; Requisition |
| A-20454 | MGA 3797015 | MGA 3797017 | 10/3/2002 | Email |
| A-20455 | MGA 3803535 | MGA 3803535 | 10/16/2001 | Email |
| A-20456 | MGA 3803536 | MGA 3803537 | 10/17/2001 | Email |
| A-20457 | MGA 3811160 | MGA 3811160 | 10/23/2000 | Email |
| A-20458 | MGA 3815501 | MGA 3815501 | 5/7/2007 | Invoices |
| A-20459 | MGA 3816250 | MGA 3816252 | 4/15/2002 | Agreement |
| A-20460 | MGA 3819497 | MGA 3819506 | 8/31/2000 | Timeline |
| A-20461 | MGA 3849138 | MGA 3849139 | 12/29/2000 | Financial Document |
| A-20462 | MGA 4007280 | MGA 4007280 | | Financial Document |
| A-20463 | MGA 4044958 | MGA 4045067 | 03/00/2003 | Financial Document |
| A-20464 | MGA 4045069 | MGA 4045178 | 03/00/2003 | Financial Document |
| A-20465 | MGA 4045179 | MGA 4045180 | 11/7/2002 | Email |
| A-20466 | MGA 4045182 | MGA 4045276 | 00/00/0000 | Financial Document |
| A-20467 | MGA 4045278 | MGA 4045396 | 01/00/2002 | Financial Document |
| A-20468 | MGA 4045405 | MGA 4045414 | 10/19/2001 | Financial Document |
| A-20469 | MGA 4045529 | MGA 4045533 | | |
| A-20470 | MGA 4048253 | MGA 4048263 | | |
| A-20471 | ML1FR 000001 | ML1FR 000042 | 1/17/2002 | Invoice |
| A-20472 | ML2FR 000043 | ML1FR 000091 | 8/25/2003 | Invoice |
| A-20473 | ML2FR 000092 | ML1FR 000224 | 10/12/2000 | Quotes |
| A-20474 | SABW-L 00013 | SABW-L 00013 | 6/18/2003 | Copyright Assignment |
| A-20475 | UB 0001 | UB 0306 | 6/16/2006 | Check |
| A-20476 | | | | Examination photograph of the tangible objects that Frank Keiser |
| A-20477 | | | | Examination photograph of the tangible objects that Frank Keiser |
| A-20478 | | | | Examination photograph of the tangible objects that Frank Keiser |
| A-20479 | | | | Examination photograph of the tangible objects that Frank Keiser |
| A-20480 | | | | Examination photograph of the tangible objects that Frank Keiser |

EXHIBIT 31
PAGE 386

# EXHIBIT 32

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 090378)
2     johnquinn@quinnemanuel.com
     Michael T. Zeller (Bar No. 196417)
3     (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4     (joncorey@quinnemanuel.com)
     Timothy L. Alger (Bar No. 160303)
5     (timalger@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
6  Los Angeles, California  90017-2543
   Telephone:  (213) 443-3000
7  Facsimile:  (213) 443-3100

8  Attorneys for Mattel, Inc.

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11                   EASTERN DIVISION

12  CARTER BRYANT, an individual,       CASE NO. CV 04-9049 SGL (RNBx)

13            Plaintiff,                 Consolidated with
                                         Case No. CV 04-09059
14       vs.                            Case No. CV 05-02727

15  MATTEL, INC., a Delaware            Hon. Stephen G. Larson
    corporation,
16                                      MATTEL INC.'S REVISED
            Defendant.                  DISCLOSURE OF TRIAL EXHIBITS
17
    AND CONSOLIDATED ACTIONS           **Phase 1:**
18                                      Discovery Cut-off:    Jan. 28, 2008
                                        Pre-trial Conference: May 5, 2008
19                                      Trial Date:           May 27, 2008

20

21

22

23

24

25

26

27                                                    EXHIBIT 32

28                                                    PAGE 387

07209/2460487.1

4-18

1 | TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2 |     Pursuant to the Scheduling Order, <u>Federal Rule of Civil Procedure</u>

3 | 26(a), <u>Local Rule</u> 16-2, and the direction of the Court, Mattel, Inc. ("Mattel") hereby

4 | submits its Revised Disclosure of Trial Exhibits identifying exhibits it intends to use

5 | at trial other than those contemplated to be used solely for impeachment. A list of

6 | these exhibits is attached hereto.

7 |     Mattel's exhibit list does not include voluminous records showing

8 | payments by MGA Entertainment, Inc. ("MGA") to Carter Bryant, Gentle Giants,

9 | Anna Rhee, Veronica Marlow, Margaret Hatch-Leahy, David Dees, Isaac Larian,

10 | Isaac Larian's family members, Steven Tarmichael, and Sarah Halpern, and others.

11 | Mattel is in the process of preparing a stipulation to include these documents as

12 | summaries and expects that the parties will find it mutually agreeable. However,

13 | Mattel reserves the right to mark and introduce these exhibits if the parties are

14 | unable to come to an agreement.

15 |     Mattel is also subpoenaing Bratz products sold by MGA and its

16 | licensees for production at trial. There are more than 620 such products, so listing

17 | each separately on Mattel's exhibit list is not practicable. Mattel is preparing a

18 | stipulation, which it expects will be agreeable to defendants, regarding the

19 | admission of these products into evidence in Phase 1(b) as pertinent to damages.

20 | Should the parties be unable to stipulate to their admission, Mattel reserves the right

21 | to mark and to introduce such exhibits, or photographs thereof, at trial, and to

22 | supplement its exhibit list in that regard.

23 |     Mattel's exhibit list does not include certain documents for which

24 | defendants have asserted the attorney-client privilege, which are subject to challenge

25 | by Mattel, and documents defendants have been compelled to produce, but have yet

26 | to produce. Mattel requests and reserves the right to add such documents to this list

27 | as they are produced.

28 |

**EXHIBIT** 32

**PAGE** 388

- 2 -

1    Mattel's investigation is ongoing.  Moreover, Mattel's analysis of the

2   millions of pages of documents produced by MGA, the majority of which are

3   irrelevant and non-responsive, and which appear to have been produced for purposes

4   of delaying Mattel's review, is ongoing.  Mattel requests and reserves the right to

5   add additional documents produced by defendants to the joint exhibit list as they

6   may be located.  Because discovery and trial preparations are ongoing, Mattel

7   expressly reserves the right to supplement and revise this list.

8    Certain exhibits have been marked with an asterisk.  For these exhibits,

9   Mattel intends to designate the three dimensional objects depicted in these

10   photographs.  However, these are in the exclusive possession, custody, and control

11   of the defendants or third parties.  Mattel is subpoenaing these materials for trial.

12   Photographs of these three dimensional objects are being provided to opposing

13   counsel.  Mattel reserves the right to use the photographs if the objects are not made

14   available.

15

16

17   DATED: April 18, 2008          QUINN EMANUEL URQUHART OLIVER &
                                    HEDGES, LLP
18

19                                 By /s/ B. Dylan Proctor
20                                    B. Dylan Proctor
                                      Attorneys for Mattel, Inc.
21

22

23

24

25

26

27                                                      EXHIBIT 32

28                                                      PAGE 389

07209/2460487.1                      - 3 -

| No. | Beg. Bates | End Bates | DATE | Other Description |
|---|---|---|---|---|
| A-20089 | MGA 0071484 | MGA 0071485 | 5/18/2005 | Email |
| A-20092 | SABW-M 00436 | SABW-M 00436 | 5/21/2000 | Facsimile |
| A-20095 | MGA 0067740 | MGA 0067748 | 11/21/2006 | Email |
| A-20096 | MGA 0067769 | MGA 0067778 | 12/4/2006 | Magazine Article |
| A-20097 | MGA 0049290 | MGA 0049297 | 3/29/2001 | Email with Attachment |
| A-20098 | MGA 0005533 B | MGA 0005534 B | 10/27/2000 | Email |
| A-20100 | MGA 0829296 | MGA 0829305 | 12/7/2000 | Facsimile; Trademark Document |
| A-20102 | BRYANT2 000001 | BRYANT2 000006 | 8/11/2003 | Letter; Facsimile; Patent Document |
| A-20103 | MGA 004579 | MGA 004579 | 10/26/2000 | Email |
| A-20106 | MGA 3167698 | MGA 3167698 | 11/21/2000 | Email |
| A-20115 | MGA 0073270 | MGA 0073271 | 4/25/2006 | Email |
| A-20117 | MGA 1499735 | MGA 1499737 | 11/28/2006 | Email |
| A-20118 | MGA 4036709 | MGA 4036710 | 10/18/2000 | Email |
| A-20119 | BRYANT 01211 | BRYANT 01212 | 10/5/2000 | Invoice; Air Bill |
| A-20120 | BRYANT 01205 | BRYANT 01205 | 10/20/2000 | Air Bill |
| A-20121 | MGA HK 0002950 | MGA HK 0002951 | 10/26/2000 | Email |
| A-20122 | MGA 3819572 | MGA 3819576 | 10/23/2002 | Email |
| A-20123 | | | | Declaration of Mariana Trueba Almada in Support of MGAE De Mexico, S.R.L. De C.V.'s Reply in Support of its Motion to Dismiss Mattel's Counterclaims |
| A-20124 | | | | Declaration of Jehangir Makabi in Support of MGAE De Mexico, S.R.L. De C.V.'s Reply in Support of its Motion to Dismiss Mattel's Amended Answer and Counterclaims |
| A-20125 | | | | Declaration of Lloyd W. Cunningham in Support of Mattel, Inc.'s Consolidated Opposition to Defendants' Motions for Partial Summary Judgment |
| A-20126 | | | | Declaration of William Flynn in Support of Mattel, Inc.'s Consolidated Opposition to Defendants' Motions for Partial Summary Adjudication |
| A-20127 | | | | Declaration of Lee Loetz in Support of Mattel, Inc.'s Motion for Partial Summary Judgment |
| A-20128 | | | | Declaration of Ginger S. McRae in Support of Mattel, Inc.'s Consolidated Opposition to Defendants' Motions for Partial Summary Adjudication |
| A-20129 | | | | Declaration of Mateo Romano in Support of Mattel, Inc.'s Consolidated Opposition to Defendants' Motions for Partial Summary Adjudication |

EXHIBIT 32

PAGE 39D

103

| No. | Beg. Bates | End Bates | DATE | Other Description |
|---|---|---|---|---|
| A-20403 | MGA 0602410 | MGA 0602598 | 00/00/2005 | Financial Document |
| A-20415 | MGA 0886921 | MGA 0886926 | 2/14/2005 | Employment Agreement |
| A-20460 | MGA 3819497 | MGA 3819506 | 8/31/2000 | Timeline |
| A-20463 | MGA 4044958 | MGA 4045067 | 03/00/2003 | Financial Document |
| A-20464 | MGA 4045069 | MGA 4045178 | 03/00/2003 | Financial Document |
| A-20466 | MGA 4045182 | MGA 4045276 | | Financial Document |
| A-20468 | MGA 4045405 | MGA 4045414 | 10/19/2001 | Financial Document |
| A-20473 | ML2FR 000162 | ML1FR 000176 | 10/12/2000 | Quotes |
| A-20584 | MGA 3866369 | MGA 3866370 | | |
| A-20586 | MGA 3866371 | MGA 3866373 | | |
| A-20587 | MGA HK 0009367 | MGA HK 0009368 | | |
| A-20592 | MGA HK 0009767 | MGA HK 0009767 | | |
| A-20593 | MGA 0073965 | MGA 0073966 | | |
| A-20594 | MGA 0073969 | MGA 0073969 | | |
| A-20595 | MGA 0101131 | MGA 0101132 | | |
| A-20596 | MGA 4033767 | MGA 4033769 | | |
| A-20599 | MGA 3787093 | MGA 3787095 | | |
| A-20602 | MGA HK 0004381 | MGA HK 0004382 | | |
| A-20603 | MGA 0000161 B | MGA 0000165 B | | |
| A-20604 | MGA 0066534 | MGA 0066535 | | |
| A-20605 | MGA 0045988 | MGA 0045991 | | |
| A-20606 | M 0013367 | M 0013367 | | |
| A-20617 | MGA 0046023 | MGA 0046023 | | |
| A-20618 | MGA 0204377 | MGA 0204378 | | |
| A-20618 | MGA HK 0010199 | MGA HK 0010202 | | |
| A-20619 | MGA 000273 | MGA 000276 | | |
| A-20620 | MGA 001476 | MGA 001476 | | |
| A-20621 | | | 3/25/2005 | |
| A-20622 | | | | Map of Missouri marked at Art Attacks, Ink v. MGA Trial |
| A-20623 | MGA 1628515 | MGA 1628516 | | |
| A-20624 | MGA 4030377 | MGA 4030377 | | |
| A-20625 | MGA HK 0004092 | MGA HK 0004103 | | |
| A-20626 | MGA HK 0004104 | MGA HK 0004105 | | |
| A-20627 | MGA 000093 | MGA 000096 | | |
| A-20628 | MGA HK 0004106 | MGA HK 0004109 | | |
| A-20629 | MGA HK 0004244 | MGA HK 0004244 | | |
| A-20630 | MGA 0878779 | MGA 0878779 | | |
| A-20631 | R 0000315 | R 0000315 | | |
| A-20632 | M 0101133 | M 0101135 | | |
| A-20634 | MGA HK 0002667 | MGA HK 0002693 | | |
| A-20636 | MGA 3819507 | MGA 3819507 | | |
| A-20637 | MGA 0072017 | MGA 0072017 | | |
| A-20638 | KMW-M 08144 | KMW-M 08145 | | |
| A-20639 | MGA 0072018 | MGA 0072018 | | |
| A-20641 | MGA 3710124 | MGA 3710124 | | |
| A-20642 | MGA 3710419 | MGA 3710419 | | |
| A-20643 | M-KH 00002 | M-KH 00026 | | |
| A-20644 | M-KH 00027 | M-KH 00056 | | |
| A-20645 | M-KH 00057 | M-KH 00104 | | |
| A-20646 | M-KH 00105 | M-KH 00107 | | |
| A-20647 | M-KH 00108 | M-KH 0113 | | |
| A-20648 | MGA 000147 | MGA 000149 | | |
| A-20649 | MGA HK 0008132 | MGA HK 0008134 | | |
| A-20650 | MGA HK 0001870 | MGA HK 0001873 | | |

EXHIBIT 32

PAGE 391