QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>              Plaintiff,<br><br>        vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>              Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. Stephen G. Larson<br><br>MATTEL, INC.'S NOTICE OF MOTION AND MOTION OBJECTING TO DISCOVERY MASTER'S MAY 6, 2008 ORDER DENYING MATTEL'S MOTION FOR PROTECTIVE ORDER LIMITING THE TEMPORAL SCOPE OF ITS PRIVILEGE LOG; AND<br><br>MEMORANDUM OF POINTS AND AUTHORITIES<br><br>[Declaration of Timothy L. Alger and Notice of Lodging filed concurrently]<br><br>[Federal Rule of Civil Procedure 72(a); Local Rule 72-2.1]<br><br>Hearing Date: May 21, 2008<br>Time:           10:00 a.m.<br>Place:          Courtroom One |

1  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2        PLEASE TAKE NOTICE that on May 21, 2008, at 10:00 a.m., or as

3  soon thereafter as the matter may be heard, before the Honorable Stephen G. Larson

4  of the United States District Court for the Central District of California -- Eastern

5  Division, located at 3470 Twelfth Street, Riverside, California 92501, Mattel, Inc.

6  ("Mattel") will and hereby does move, pursuant to Federal Rule of Civil Procedure

7  72(a), for an order reversing the Discovery Master's May 6, 2008 Order and granting

8  Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege

9  Log. Alternatively, the Court should order Bryant and MGA to log all privileged

10  documents up to the date they filed their respective complaints against Mattel. The

11  Court also should grant Mattel additional time to comply with the Order in the event

12  that it does not overrule the Order, including by enlarging the time of compliance

13  until after the Phase 1 trial.

14        This motion is made on the ground that the Discovery Master's May 6,

15  2008 Order Denying Mattel's Motion for Protective Order Limiting the Temporal

16  Scope of its Privilege Log ("Motion"), was clearly erroneous and contrary to law.

17  The denial of the Motion was clearly erroneous and contrary to law because the

18  preparation and production of a document-by-document privilege log will impose an

19  undue burden on Mattel. Further, there is no "material benefit" that will result from

20  such a log. As a result, good cause exists to issue a protective order. While

21  imposing such a burden on Mattel, the Discovery Master also, without explanation

22  or justification, refused to apply the same rule to the defendants. Accordingly, the

23  District Court should reverse the Discovery Master's May 6, 2008 order and grant

24  Mattel's Motion.

25

26

27

28

2

1         This motion is based on this Notice of Motion and Motion, the attached

2    Memorandum of Points and Authorities, the concurrently filed Declaration of

3    Timothy L. Alger, the pleadings and record on file in this action, and any further

4    evidence and argument as may be presented to the Court on this motion or for which

5    judicial notice may be taken.

6

7    DATED: May 15, 2008          QUINN EMANUEL URQUHART OLIVER &
                                   HEDGES, LLP
8

9                                By
10                                  Timothy L. Alger
                                    Attorneys for Mattel, Inc.
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **Certificate Of Compliance With Local Rule 37-1**

2         Mattel and MGA met and conferred regarding the Discovery Master's

3  May 6, 2008 Order Denying Mattel's Motion for Protective Order on May 9, 2008

4  and thereafter, but were unable to reach agreement regarding the issues raised in this

5  motion.

6

7  DATED:  May 15, 2008             QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

8

9                                  By

10                              Timothy L. Alger

                                  Attorneys for Mattel, Inc.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# **TABLE OF CONTENTS**

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ............................................. 1

PRELIMINARY STATEMENT ....................................................................... 1

BACKGROUND ......................................................................................... 3

ARGUMENT ............................................................................................. 6

I.  PRODUCTION OF A DETAILED PRIVILEGE LOG WOULD IMPOSE AN UNDUE BURDEN ON MATTEL ................................................ 6

    A.  The Court Should Limit Logging Where It Serves Only To Burden The Parties And Does Not Provide A Material Benefit ............. 6

    B.  The Discovery Master and MGA Acknowledge That A Document-by-Document Privilege Log Would Serve No Purpose ........ 7

    C.  The Burden MGA Seeks to Impose is Undue Because It Would Require Substantial Time and Expense ..................................... 9

    D.  The Burden MGA Seeks to Impose is Undue -- As Well as Prejudicial -- Because it Would Reveal Mattel's Litigation Strategy ............................................................................ 12

II.  MATTEL NEVER AGREED TO LOG PRIVILEGED DOCUMENTS FROM THE PERIOD LEADING UP TO THE FILING OF ITS COMPLAINT .......................................................................... 13

III.  THE DISCOVERY MASTER'S DENIAL OF MATTEL'S MOTION FOR AN ORDER COMPELLING DEFENDANTS TO LOG DOCUMENTS LEADING UP TO THE FILING OF THEIR COMPLAINTS IS CLEARLY ERRONEOUS ................................................ 14

IV.  IF SUCH LOGGING IS ORDERED, IT SHOULD WAIT UNTIL AFTER THE PHASE 1 TRIAL .................................................. 15

CONCLUSION ......................................................................................... 16

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

Del Campo v. American Corrective Counseling Services,
2007 WL 4287335 (N.D. Cal. Dec. 4, 2007) ........................................................ 6

In re Imperial Corp. of America,
174 F.R.D. 475 (S.D. Cal. 1997) ............................................................... 6, 8, 12

PostX Corp. v. Secure Data,
2004 WL 2623234 .................................................................................... 12, 13

SEC v. Nacchio,
2007 WL 21966 (D. Colo. Jan. 25, 2007) ............................................................ 8

SEC v. Thrasher,
1996 WL 125661 (S.D.N.Y. March 20, 1996) ..................................... 6, 7, 8, 12

Sphere Drake Ins. Ltd. v. All American Life Ins. Co.,
221 F. Supp. 2d 874 (N.D. Ill. 2002) .................................................................. 6

United States v. Gericare Medical Supply Inc.,
2000 WL 33156442 (S.D. Ala. Dec. 11, 2000) .............................................. 8, 12

## Statutes

California Civil Procedure Code § 128.7 ............................................................. 10

Federal Rules of Civil Procedure

Rule 11 .................................................................................................................. 10

Rule 26(c) ........................................................................................................... 6, 9

Rule 72(a) ............................................................................................................... 6

# MEMORANDUM OF POINTS AND AUTHORITIES

## Preliminary Statement

Mattel appeals an order by the Discovery Master which imposes on Mattel the undue and unjustified burden of preparing, on the eve of trial, a document-by-document privilege log for the time period leading up to the filing of the present action. The period in question is after Mattel learned of the claims alleged in its complaint filed in April 2004.

Mattel has provided and supplemented a privilege log over the past several years that did not (with some unique exceptions) include documents created during this period. Defendants were made aware of this practice during lengthy meet-and-confer discussions among counsel for the parties in the summer of 2006. Not only did defendants make no motion to compel or take any other action, but they did so for good reason: privileged documents from this period are irrelevant to defendants' case. There is no disagreement that Mattel became aware of its contract-based claims against Carter Bryant by November 24, 2003 and that Mattel then began preparing to file the state court complaint that commenced a portion of this litigation.

For over two years, defendants did not object to Mattel's logging practice. MGA and Bryant then belatedly challenged Mattel's log and demanded that all privileged documents created up to April 27, 2004, the date Mattel filed its complaint against Bryant, be included in Mattel's privilege log, apparently for the primary purpose of burdening and distracting Mattel just as the trial is about to start.

The logging of documents from November 24, 2003 to April 27, 2004 (the "Disputed Period") would be a costly and time-consuming exercise that provides no legitimate benefit. Rather, the logging demanded is being sought to give MGA two improper benefits – the disclosure of information about Mattel's

1  research and communications leading up to its complaint, and the interference with
2  Mattel's trial preparation.

3  Neither the Discovery Master or MGA have explained what purpose
4  would be served by a document-by-document privilege log from the period after
5  Mattel learned of the basis for its claims against Bryant up to the filing of its
6  complaint. The Discovery Master ignored this issue in his order denying Mattel's
7  Motion for Protective Order. For its part, MGA went so far as to argue that it is
8  irrelevant whether a detailed log would serve any purpose. Every case that has
9  addressed the issue, however, has found that the key consideration in determining
10  the scope of a privilege log is whether the log would provide a "material benefit" to
11  the party demanding it. Where, as here, there is no material benefit, there is no need
12  for a document-by-document log, and the Discovery Master's order requiring a log
13  for this period was contrary to law and clearly erroneous.

14  The Discovery Master also concluded that the creation of a detailed log
15  for the Disputed Period on the eve of trial would not impose an undue burden on
16  Mattel. A burden that would serve no purpose, however, is per se undue. On this
17  basis alone, the Court should reverse the Discovery Master's order. Moreover, the
18  nature of the task itself and the Declaration of Timothy L. Alger both established
19  that the burden MGA seeks to impose would be substantial and certainly would be
20  undue. The Disputed Period covers Mattel's counsel's work to initiate the present
21  action. The logging of all of these documents would be a substantial task which
22  would serve no purpose other than to harass and burden Mattel, reveal aspects of
23  Mattel's litigation strategy, and distract its counsel from trial preparations.

24  When opposing the Motion, MGA heavily relied on its assertion that
25  the parties were obligated by agreement to log privileged documents from the
26  Disputed Period, and it is likely to make that argument again. However, the
27  Discovery Master failed to find there existed any such agreement. Nor could he.

28

1 | There is no evidence that Mattel ever agreed to log documents from the Disputed
2 | Period.

3 | Accordingly, Mattel respectfully requests that the Court overrule the
4 | Discovery Master's May 6, 2008 Order, and issue a protective order that Mattel need
5 | not include in its privilege log documents protected by attorney-client privilege
6 | and/or the attorney work product doctrine that were created on or after
7 | November 24, 2003. Alternatively, the Court should order Bryant and MGA to log
8 | all privileged documents up to the date they filed their respective complaints against
9 | Mattel. While imposing such a burden on Mattel, the Discovery Master, without
10 | explanation or justification, refused to apply the same rule to the defendants. That
11 | too was clearly erroneous and contrary to law.

12 |
13 | **Background**

14 | In July and August 2006, counsel for the parties – including
15 | O'Melveny & Myers on behalf of MGA and Littler Mendelson on behalf of Bryant –
16 | met via teleconference to discuss a variety of discovery disputes related to MGA's
17 | First Set of Document Requests to Mattel.[1] During the meetings, counsel for Mattel
18 | informed defendants that Mattel did not intend to log documents protected by
19 | attorney-client privilege or the attorney work product doctrine that were created in
20 | the period leading up to the filing of Mattel's suit against Carter Bryant.[2] During
21 | these discussions, Mattel's counsel also made clear that if MGA and Bryant took a
22 | contrary position and Mattel was required to log all of its documents up to the filing
23 | of Mattel's complaint, then Bryant and MGA would have to do the same for their

24 |
25 |
26 | [1] Exh. 3, Declaration of Michael T. Zeller ("Zeller Dec."), ¶ 2, to Notice of
27 | Lodging. [2] Id., ¶ 3.
28 |

1   privileged documents up to the time they filed their respective complaints.[3]  In light
2   of these discussions, Mattel prepared and repeatedly supplemented its privilege log,
3   and, except for some limited documents, did not log privileged documents created
4   after November 23, 2003.[4]

5           That is how things stood for well over a year.  During another meet and
6   confer on January 31, 2008, counsel for Mattel reminded counsel for MGA and
7   Bryant that it was not Mattel's practice to log all documents protected by the
8   attorney-client privilege or work product doctrine created on or after November 24,
9   2003.  In response, defendants, now represented by new counsel who had not
10  participated in the 2006 discussions, insisted for the first time that Mattel must log
11  all privileged documents created up to the day Mattel filed its complaint in
12  April 2004.[5]  Mattel informed defendants that any expansion of logging obligations
13  would have to be reciprocal – if Mattel was to log all privileged documents leading
14  up to the filing of its complaint, Bryant and MGA would have to do the same for the
15  time periods leading up to their respective complaints against Mattel.[6]  This meant
16  that Bryant would have to log documents leading up to the filing of his Complaint
17  for Declaratory Relief of Copyright Non-Infringement on November 2, 2004, and
18  the MGA parties would have to log documents leading up to the filing of the

19

20  _____

21     [3]  Id., ¶ 4.
       [4]  Exh. 2, Declaration of Timothy L. Alger ("Alger Dec."), ¶¶ 2-3, to the Notice
22  of Lodging.  Mattel's present privilege log includes entries for certain documents
23  created between November 24, 2003 and April 27, 2004.  These entries relate to
    circumstances unique to the pertinent document, including compliance with specific
24  discovery orders or specific representations that Mattel would log certain
    documents, such as when inadvertently produced documents were clawed back
25  pursuant to Section 13 of the Stipulated Protective Order.  By this Motion, Mattel
26  does not seek an order relating to documents already entered on the privilege log.
       [5]  Id., ¶ 3.
27     [6]  Id., ¶ 4.

28

1  Complaint for False Designation of Origin, Affiliation, Association or Sponsorship,

2  Unfair Competition, Dilution, and Unjust Enrichment on April 13, 2005.[7]

3         Further discussions about the temporal scope of the privilege log failed

4  to resolve the issue, causing Mattel to file its Motion for Protective Order with the

5  Discovery Master.[8]  After briefing was completed, but without a hearing, the

6  Discovery Master denied Mattel's Motion.[9]

7         After receiving the Discovery Master's order, counsel for Mattel

8  requested a meet-and-confer preliminary to filing this motion.  Mattel proposed that

9  the parties stipulate to a hearing on shortened notice and an accelerated briefing

10 schedule.  MGA declined to enter into such a stipulation unless Mattel agreed to

11 begin complying with the Discovery Master's order prior to a decision on the issue

12 by this Court.  Accordingly, Mattel has filed a regularly noticed motion objecting to

13 the Discovery Master's order.[10]

14

15

16

17

18

19

20  [7]  Id.

21  [8]  March 10, 2008 letter from Timothy L. Alger to Marcus Mumford and
     Michael H. Page, Exh. A to the Alger Dec.; March 14, 2008 letter from Marcus
22  Mumford to Timothy L. Alger, Exh. B to the Alger Dec.; March 14, 2008 letter
     from Timothy L. Alger to Matthew M. Werdegar, Exh. C to the Alger Dec.;
23  March 18, 2008 letter from Matthew Werdegar to Timothy L. Alger, Exh. D to the
24  Alger Dec.  All exhibits attached to Exh. 2 to the Notice of Lodging.
     [9]  Exh. A, Discovery Master's May 6, 2008 Order, to the Declaration of Timothy
25  L. Alger, dated May 15, 2005 ("Alger Dec. May 15, 2008").
26  [10]  Alger Dec., May 15, 2008, ¶¶ 2-3.  During the meet-and-confer, counsel for
     Mattel offered to prepare a categorical log, to avoid further motions on this issue.
27  Counsel for MGA rejected this proposition.  Id.

28

**Argument**

I.   **PRODUCTION OF A DETAILED PRIVILEGE LOG WOULD IMPOSE AN UNDUE BURDEN ON MATTEL**

The Discovery Master's denial of the Motion for Protective Order must be reversed, and a protective order entered, because the Discovery Master's May 6, 2008 Order was clearly erroneous and contrary to law. Fed. R. Civ. P. 72(a). Here, the Discovery Master's denial of Mattel's Motion was clearly erroneous and contrary to law because -- as even the Discovery Master recognized -- a detailed privilege log would serve no purpose. Further, the task would impose undue burden on Mattel.

A.   **The Court Should Limit Logging Where It Serves Only To Burden The Parties And Does Not Provide A Material Benefit**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, a protective order limiting discovery should be granted when necessary to protect a party from "annoyance, embarrassment, oppression or undue burden." Courts have recognized that protective orders should issue to set reasonable limits on the scope of privilege logs. See, e.g., Del Campo v. American Corrective Counseling Services, 2007 WL 4287335, *4 (N.D. Cal. Dec. 4, 2007) (granting protective order because it would be "an unfair and undue burden to force [a party] to create a privilege log containing every letter between attorney and client"); Sphere Drake Ins. Ltd. v. All American Life Ins. Co., 221 F. Supp. 2d 874, 886 (N.D. Ill. 2002) (excluding "documents that were authored by litigation counsel" from privilege log); In re Imperial Corp. of America, 174 F.R.D. 475, 478 (S.D. Cal. 1997) (granting protective order against detailed logging of privileged documents created before and during litigation); SEC v. Thrasher, 1996 WL 125661 (S.D.N.Y. March 20, 1996) (granting protective order holding that party did not have to prepare detailed, document-by-document privilege log).

1    The court in <u>Thrasher</u> explained why a judge should exercise control
2    over logging where the burden is substantial and there is little or no benefit to the
3    litigation:

4              [T]he court may permit the holder of withheld documents
5              to provide summaries of the documents by category or
6              otherwise to limit the extent of his disclosure. This would
7              certainly be the case if (a) a document-by-document listing
8              would be unduly burdensome and (b) the additional
9              information to be gleaned from a more detailed log would
10             be of not material benefit to the discovering party in
11             assessing whether the privilege claim is well grounded.

12   <u>Thrasher</u>, 1996 WL 125661, *1.

13   **B.    The Discovery Master and MGA Acknowledge That A Document-**
14        **by-Document Privilege Log Would Serve No Purpose**

15        The Discovery Master concluded that Mattel failed to prove that failure
16   to issue a protective order would impose an undue burden. (Order, at 4.) Nowhere
17   does he state what purpose a document-by-document privilege log for the Disputed
18   Period would serve. Nowhere in a 30-page opposition, three supporting
19   declarations, evidentiary objections, and over 150 pages of exhibits did MGA
20   explain either what purpose a document-by-document privilege log for the Disputed
21   Period would serve.[11]  Indeed, in a footnote MGA merely contended that it is
22   <u>irrelevant</u> whether it has any justification for demanding such a log.

23

24   [11] MGA attempted to submit a belated and improper sur-reply letter brief and yet
25   another declaration opposing Mattel's Motion, but Judge Infante has not considered
     them. (Exh. A, Order, at 2 (referencing only MGA's reply).) Thus, they are not
26   properly before the Court. Should the Court decide to consider these materials,
27   Mattel reserves the right to submit its letter responding to the late-submitted
     materials.
28

1    The Discovery Master acknowledged in his order that privilege logs are
2 not required by the <u>Federal Rules</u>.  (Order at 3.)  He nevertheless imposed on Mattel
3 -- without any authority for the proposition -- the burden of establishing good cause
4 for relief from logging.  (Order at 3-4.)  Mattel submits that this is backwards --
5 MGA should have (but failed to) establish good cause <u>for</u> a log for the Disputed
6 Period.

7    The key consideration in cases addressing the scope of privilege logs is
8 whether a document-by-document log would provide a "material benefit" to the
9 party demanding it.  <u>See</u> <u>United States v. Gericare Medical Supply Inc.</u>, 2000 WL
10 33156442, at * 4 (S.D. Ala. Dec. 11, 2000) (limiting scope of privilege log because
11 document-by-document log would provide no "material benefit" on party); <u>In re</u>
12 <u>Imperial Corp. of America</u>, 174 F.R.D. at 478 (focusing on whether detailed
13 privilege log would provide "material benefit" to party); <u>Thrasher</u>, 1996 WL
14 125661, at * 1.  The demanding party cannot simply assert that the log would be of
15 "material benefit," but must make a "particularized showing of need."  <u>SEC v.</u>
16 <u>Nacchio</u>, 2007 WL 21966, at *11 (D. Colo. Jan. 25, 2007) (granting protective order
17 because opposing party failed to make a "particularized showing of need" for
18 detailed log).  Nevertheless, the Discovery Master failed to find that a detailed
19 privilege log would serve any purpose, much less that it would bestow a material
20 benefit on MGA.

21    The Discovery Master's failure to find any material benefit is not
22 surprising.  MGA did not explain, much less prove, that a log for the Disputed
23 Period would be relevant to any aspect of this case.  This is the very definition of
24 undue burden and standing alone is a sufficient reason to reverse the Discovery
25 Master's Order.  Fact discovery closed more than two months ago.  The trial is about
26 one week away.  The parties should be focusing on pre-trial preparations, not
27 pointless, time consuming tasks of no benefit.

28

1           MGA conceded by its silence that a detailed privilege log would serve

2 no purpose and that is why it invested its time in opposing the motion in arguing

3 there was an agreement among the parties. The Discovery Master was likewise

4 unable to articulate any proper purpose for such a log. The only <u>possible</u> purpose a

5 detailed privilege log might serve is if it were relevant to MGA's statute of

6 limitations arguments. But the parties and the Court agree that Mattel was on notice

7 of its claims by November 24, 2003.[12] As a result, no statute of limitation issue

8 remains for the Disputed Period. Notably, MGA does not contest the irrelevance of

9 such a log to its statute of limitations defense. Thus, a document-by-document

10 privilege log for the period from November 24, 2003 to April 27, 2004 would serve

11 no purpose and provide no material benefit to MGA.

12      **C.**     **<u>The Burden MGA Seeks to Impose is Undue Because It Would</u>**

13             **<u>Require Substantial Time and Expense</u>**

14           The Discovery Master concluded that Mattel had failed to show

15 sufficient burden because its supporting declaration did not specify how many

16 documents were at issue and what the time and costs would be to prepare the

17 privilege log. The failure of the Discovery Master to recognize that the logging of

18 detailed documents would impose a significant burden ignores the nature of the task

19 a log would impose on Mattel. In the first instance, the issue of burden is not

20 evaluated in a vacuum. The issue is not the exact level of burden, but whether it is

21 undue in light of the benefit that will be obtained. <u>See Fed. R. Civ. P.</u>

22 26(c) (protective order should be granted to prevent "<u>undue</u> burden" (emphasis

23 added)). Here, because the preparation of a detailed privilege log would bestow no

24 benefit whatsoever, it is clearly undue. Not even MGA argues that there is no

25 burden involved.

26

27 ———————————————

[12]   Exh. 1, at 7:4-12, Motion for Protective Order, to the Notice of Lodging.

28

1    Further, the Discovery Master's apparent expectation that Mattel

2 quantify the task effectively would force Mattel to undertake the very burden that its

3 motion was seeking to obviate. It is self-evident that preparation by a large, publicly

4 held corporation to file a lawsuit such as this one would involve a great many

5 documents that will take hundreds of hours to collect and log.

6    Further, although MGA tried to downplay the burden of logging the

7 disputed period by dismissing it as a "short five-month period," those five months

8 are the period from the date on which Mattel learned that it may have claims against

9 Bryant up to the filing of Mattel's complaint. Once Mattel discovered on

10 November 24, 2003 that Bryant worked with MGA while employed by Mattel,

11 litigation became likely. Fulfilling its obligation to conduct a "reasonable inquiry"

12 prior to filing a complaint, Mattel's Law Department worked with outside counsel to

13 investigate and prepare for the filing of its complaint in California state court. See

14 Cal. Civ. Proc. Code § 128.7 (requiring "inquiry reasonable under the circumstance"

15 prior to filing complaint); Fed. R. Civ. P. 11 (same). As a result, Mattel's in-house

16 and outside lawyers generated a substantial quantity of privileged materials from

17 November 24, 2003 until the filing of Mattel's complaint on April 27, 2004.[13]

18    This period spans Mattel's counsel's investigation into the basis of

19 Mattel's potential claims, the legal analysis of the facts and claims, consultation with

20 potential witnesses and experts, and the preparation of the complaint itself.

21 Obviously, this was a busy time and resulted in the generation of a substantial

22 quantity of material, including investigative materials, the exchange of letters and

23 memos between Mattel and its lawyers, and the preparation and exchange of drafts

24 of the complaint and comments on the drafts. Notably, the Discovery Master's order

25 apparently requires the logging of not only material in Mattel's legal files, but

26 communication with Mattel's outside litigation counsel. Such documents are

27

28

---

[13]  Exh. 2, Alger Dec., ¶ 5, to the Notice of Lodging.

1  especially sensitive and itemizing them on a privilege log will give defendants a

2  roadmap to Mattel's research and the manner in which it prepared its case, and

3  potentially the identities of people Mattel interviewed and with whom Mattel

4  consulted.

5         Furthermore, the Discovery Master's dismissal of Mattel's evidence of

6  burden was misplaced.  In addition to being evident from the nature of the task, the

7  severity of the burden MGA seeks to impose is established by the Alger Declaration.

8  Mr. Alger has supervised Mattel's production efforts and the preparation of the

9  Mattel's privilege log in this matter.  He is well-placed to evaluate the burden the

10 logging of all privileged documents created in the months leading up to the filing of

11 Mattel's complaint.  Mr. Alger's assessment that the task would require substantial

12 attorney time and disrupt trial preparations is uncontested.[14]  Moreover, because a

13 large part of the burden of preparing a detailed privilege log is locating and

14 evaluating potentially relevant documents, to prepare the kind of declaration the

15 Discovery Master apparently demands would be self-defeating.  A party would have

16 to incur a large measure of the undue burden in order to protect itself from the undue

17 burden.

18        Finally, the preparation of a document-by-document privilege log for

19 the Disputed Period is especially burdensome in that it would be imposed on the

20 very eve of trial.  Neither the Discovery Master or MGA dispute that proximity to

21 trial exacerbates the burden on Mattel.  Rather, the Discovery Master in a footnote

22 justifies imposing this burden on the eve of trial because he believes Mattel should

23 have moved for a protective order earlier.  (Order, at 4 n. 1).  But the delay was

24 entirely of MGA's and Bryant's making.  Mattel had made clear its position over two

---

25      [14] Id., ¶ 5.  Indeed, the unspoken reason why defendants do not want to log up to

26 the filing of their complaint is probably the same as that of Mattel -- it is a huge,

27 complicated, time-consuming, and costly project that will tell the other side what
   defendants did before filing suit.

28

1   years ago and told them it was not logging the Disputed Period.  It was MGA and
2   Bryant who then slept on their purported rights and waited until trial approached to
3   insist on a log for the Disputed Period.  Furthermore, the Discovery Master's finding
4   itself conceded the substantial burden proximity to trial raises but -- despite failing
5   to find that the burden would serve any purpose -- ordered its production anyway.
6   This was clearly erroneous and contrary to law.

7       **D.**      **The Burden MGA Seeks to Impose is Undue -- As Well as**
8                **Prejudicial -- Because it Would Reveal Mattel's Litigation Strategy**

9               The Discovery Master dismissed Mattel's concern that production of a
10  document-by-document log would reveal Mattel's litigation strategy as not being "a
11  sufficient reason to excuse Mattel from producing a [document-by-document]
12  privilege log."  (Order, at 5.)  He also concluded that Mattel's concerns are
13  "hypothetical."  Cases addressing this very issue, however, have found that the
14  preparation of a document-by-document privilege log carries with it the very <u>real</u>
15  threat of revealing litigation strategy and that it is indeed sufficient reason to limit
16  the scope of a log.  <u>See, e.g.</u>, <u>Gericare</u>, 2000 WL 33156442 (detailed privilege log
17  "would have revealed the identity of each person interviewed, information that itself
18  would reveal plaintiffs' strategy and mental processes"); <u>Imperial</u>, 174 F.R.D. at 478
19  (granting protective order in part because "disclosure of the pattern of their counsel's
20  consultants and communications might reveal aspects of their litigation strategy");
21  <u>Thrasher</u>, 1996 WL 125661, *1 (granting protective order because "disclosure of the
22  pattern of [] attorney's consultations with other counsel might reveal some aspects of
23  his litigation strategy").  Indeed, even in the one case offered by MGA on this issue
24  -- <u>PostX Corp. v. Secure Data</u> -- the court found that the revelation of litigation
25
26
27
28

1 strategy is a legitimates factor weighing against production of a document-by-

2 document privilege log. 2004 WL 2623234, at *1.[15]

3        It is difficult to imagine a more crucial and intrusive period of time to

4 log. As discussed above, the Disputed Period covers the time from when Mattel

5 discovered the likely basis for its claims up to the filing of its complaint. MGA

6 seeks the disclosure of Mattel's sources of information and what it did to build its

7 case against defendants. A document-by-document privilege log for the time

8 leading up to the filing of the complaint necessarily would provide Defendants with

9 a detailed chronology of the actions of Mattel's lawyers and disclose their numerous

10 communications with Mattel management and the identities of Mattel personnel

11 who were contacted as counsel and the client prepared for litigation. A log may

12 disclose the identity and specialty of experts and attorneys consulted, the identity of

13 any investigators retained, the number of drafts of the complaint circulated and their

14 recipients, and the time and nature of legal and factual research conducted prior to

15 filing.

16

17 **II.   MATTEL NEVER AGREED TO LOG PRIVILEGED DOCUMENTS**

18        **FROM THE PERIOD LEADING UP TO THE FILING OF ITS**

19        **COMPLAINT**

20        In opposition to Mattel's Motion for Protective Order, MGA claimed

21 that Mattel agreed to log all privileged documents created prior to April 27, 2004,

22 but offered no evidence supporting its claim. Notably, the Discovery Master failed

23 to find that the parties agreed to any such practice. That was for good reason. The

24 evidence presented to the Discovery Master by MGA merely addressed an

25 _____

26 [15]   The reason the court in PostX nevertheless ordered the production of a
detailed privilege log was because it found that the log was highly relevant to the

27 moving party's claims and would provide the moving party a material benefit, which
is indisputably not the case here.

28

1   agreement that Mattel need not log documents created <u>after</u> Mattel filed its
2   complaint.  Mattel does not dispute that agreement.  Indeed, Mattel stated in its
3   Motion that "[t]he parties have already agreed that privileged documents created
4   after April 27, 2004 . . . need not be placed on their respective logs."[16]  However,
5   Mattel never agreed to log all privileged documents created in the period leading up
6   to the filing of its complaint.  The periods are distinct, and the discussions of
7   counsel regarding past-suit logging are irrelevant.  They do not provide any basis for
8   ordering logging between November 2003 and April 2004.

9

10  **III.   THE DISCOVERY MASTER'S DENIAL OF MATTEL'S MOTION**
11  **FOR AN ORDER COMPELLING DEFENDANTS TO LOG**
12  **DOCUMENTS LEADING UP TO THE FILING OF THEIR**
13  **COMPLAINTS IS CLEARLY ERRONEOUS**

14          Without any explanation, the Discovery Maser denied Mattel's request
15  that if Mattel is ordered to log documents leading up to the filing of its complaint
16  defendants should be required to shoulder the same burden.  If Mattel is required to
17  log documents leading up to the filing of its complaint in April 2004, Bryant should
18  be required to log all allegedly privileged documents up to the filing of his
19  complaint against Mattel in November 2004, and MGA should be required to log all
20  allegedly privileged documents up to the filing of its complaint against Mattel in
21  April 2005.  There is no principled basis for requiring Mattel to do what defendants
22  need not do and have refused to do.  In consolidating the three actions, the Court did
23  not relieve defendants of discovery obligations they would have had if the actions
24  had remained separate.

25          Indeed, MGA does not even argue that such logging by defendants
26  until the filing of the defendants' complaints would be burdensome.  If defendants

27  _____
    [16]   Exh. 1, at 6:8-10, Motion for Protective Order, to Notice of Lodging.
28

1  do not consider the logging of documents up until the filing of their complaints to be
2  an undue burden or an interference in their trial preparations, they should readily
3  agree to the same logging standards as they seek to impose on Mattel. What is good
4  for the gander is good for the goose here, and the Discovery Master's unexplained
5  refusal to apply the same principles equally to defendants was clearly erroneous and
6  contrary to law. Thus, in the event that the Court denies Mattel's request to overrule
7  the Discovery Master's order requiring Mattel to log up until the filing of its
8  complaint, then the Court should order defendants to log up until the filings of their
9  respective complaints.

10

11  **IV.   IF SUCH LOGGING IS ORDERED, IT SHOULD WAIT UNTIL**
12  **AFTER THE PHASE 1 TRIAL**

13          The Court should grant Mattel additional time to comply with the Order
14  in the event that it does not overrule the Order, including by enlarging the time of
15  compliance until after Phase 1 trial.

16          As discussed above, the preparation of a document-by-document
17  privilege log for the Disputed Period is especially burdensome in that it would be
18  imposed on the very eve of trial. The Discovery Master even suggests in a footnote
19  that the burden is appropriate because it is punitive. (Order, at 4 n.1). Collecting,
20  reviewing, and logging a great many documents as trial is starting will consume
21  hundreds of hours of precious time of in-house and outside counsel for Mattel. Just
22  as there is no justification for such logging, the creation of a log for the Disputed
23  Period is not so time-sensitive that it need be accomplished at this particular time.
24  Mattel requests that preparation of a log for the Disputed Period, if ordered, be
25  delayed until after the conclusion of the Phase 1 trial.

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Conclusion**

For the foregoing reasons, the Court should reverse the decision of the Discovery Master and grant Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log.

DATED:  May 15, 2008          QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP


By_____
    Timothy L. Alger
    Attorneys for Mattel, Inc.