QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. Stephen G. Larson<br><br>DECLARATION OF TIMOTHY L. ALGER IN SUPPORT OF MATTEL, INC.'S MOTION OBJECTING TO DISCOVERY MASTER'S MAY 6, 2008 ORDER DENYING MATTEL'S MOTION FOR PROTECTIVE ORDER LIMITING THE TEMPORAL SCOPE OF ITS PRIVILEGE LOG<br><br>Hearing Date: N/A<br>Time: N/A<br>Courtroom: N/A<br><br>**Phase 1:**<br>Discovery Cut-off:     January 28, 2008<br>Pre-trial Conference:  May 19, 2008<br>Trial Date:            May 27, 2008. |

07209/2506046.1

DECLARATION OF TIMOTHY L. ALGER

## DECLARATION OF TIMOTHY L. ALGER

I, Timothy L. Alger, declare as follows:

1. I am a member of the bar of the State of California and a partner with Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for Mattel, Inc. I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently hereto.

2. On May 8, 2008, after receiving the Discovery Master's Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of Its Privilege Log ("Order"), I sent an e-mail to Marcus Mumford and Amy Park of Skadden Arps, counsel for MGA, requesting a meet-and-confer preliminary to filing a motion with the District Court objecting to the Order. The next day, Philip Marsh of the Skadden firm called me and we met-and-conferred. In that teleconference, we discussed the parties' positions regarding the Order but could not come to an agreement. To avoid possibly unnecessary motion practice, I said Mattel might be willing to prepare a categorical description of the privileged documents falling into the Disputed Period, along with a declaration. Mr. Marsh rejected that proposal.

3. Also during that teleconference, I proposed that the parties stipulate to a hearing on shortened notice, an accelerated briefing schedule, and waiver of the five-day pre-filing notice requirement in Local Rule 7-3. I pointed out that the Court had scheduled hearing on additional discovery motions for May 21, 2008. Mr. Marsh said MGA would not enter into such a stipulation unless Mattel agreed to begin complying with the Discovery Master's order now and produce a supplemented log immediately after the decision. I told Mr. Marsh that condition was unacceptable.

//
//
//

-1-

DECLARATION OF TIMOTHY L. ALGER

1   4.   Attached as Exhibit A is a true and correct copy of the Order.

2   I declare under penalty of perjury under the laws of the United States of
3   America that the foregoing is true and correct.

4   Executed on May 15, 2008, at Itasca, Illinois.

                                      _____
                                      Timothy L. Alger

07209/2506046.1

-2-

DECLARATION OF TIMOTHY L. ALGER

# Exhibit A

|   |   |
|---|---|
| 1 | Hon. Edward A. Infante (Ret.) |
|   | JAMS |
| 2 | Two Embarcadero Center |
|   | Suite 1500 |
| 3 | San Francisco, California 94111 |
|   | Telephone: (415) 774-2611 |
| 4 | Facsimile: (415) 982-5287 |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| CARTER BRYANT, an individual, | CASE NO. CV 04-09049 SGL (RNBx) |
|---|---|
| Plaintiff, | JAMS Reference No. 1100049530 |
| v. | Consolidated with |
| MATTEL, INC., a Delaware corporation, | Case No. CV 04-09059 |
| Defendant. | Case No. CV 05-2727 |
| | **ORDER DENYING MATTEL'S MOTION FOR PROTECTIVE ORDER LIMITING THE TEMPORAL SCOPE OF ITS PRIVILEGE LOG** |
| CONSOLIDATED WITH MATTEL, INC. v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | |

On April 14, 2008, Mattel, Inc. ("Mattel") submitted a "Motion for Protective Order Limiting the Temporal Scope of Its Privilege Log." Specifically, Mattel seeks a protective order limiting the temporal scope of its privilege log to documents created before November 24, 2003, which is the date Mattel allegedly obtained a copy of Carter Bryant's contract with MGA Entertainment, Inc. If the Court denies Mattel's motion for a protective order and instead requires

Mattel to log documents created up to the date Mattel filed suit against Carter Bryant (April 27, 2004), Mattel seeks, in the alternative, an order (a) requiring Carter Bryant to log all documents withheld on claims of privilege that were created up to November 2, 2004, when Bryant filed his complaint for declaratory relief, and (b) requiring MGA to log all documents withheld on claims of privilege that were created up to April 13, 2005, when MGA filed its complaint.

On April 22, 2008, MGA Entertainment, Inc., Isaac Larian, MGA Entertainment (HK) Limited, and MGAE de Mexico S.R.L. de C.V. ("MGA") submitted an opposition, and on April 29, 2008, Mattel submitted a reply. Pursuant to Paragraph 5 of the Stipulation and Order for Appointment of a Discovery Master, the Discovery Master finds it appropriate to take the motion under submission for decision without oral argument.

Mattel contends that privileged materials created after November 24, 2003 are not relevant to the claims and defenses in this case, and any burden associated with logging these documents is unjustified, particularly when there are only a few weeks remaining before trial. Mattel also objects to producing a detailed, document-by-document privilege log because, in its view, the log would provide MGA with an unfair insight into Mattel's litigation strategy on the eve of trial. Mattel also contends that Defendants have known since the summer of 2006 that Mattel was not logging privileged documents that were created in the period leading up to Mattel filing suit, and that MGA should not be heard, at this late date, to complain about the scope of Mattel's privilege log.

MGA opposes the motion, contending that Mattel's motion is, in effect, an improper motion for reconsideration of the March 10, 2008 Order compelling Mattel to produce, or to identify on a privilege log, Mattel's "NHB" documents. MGA also contends that Mattel's motion should be denied because (1) throughout the litigation, the parties' agreement was and remains that all privileged documents would be logged except for documents created after this action was filed on April 27, 2004; (2) there is no evidence that the parties agreed to exclude from their

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

2

privilege logs documents that pre-date this action; and (3) the burden of logging only five month's worth of privileged documents does not justify the relief Mattel seeks.

Rule 26(b)(5), Fed.R.Civ.P., provides that "[w]hen a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."

Parties typically comply with Rule 26(b)(5), Fed.R.Civ.P., by producing a document-by-document privilege log that identifies the author, recipient, date and general nature of the document. See e.g. United States v. Construction Products Research, Inc., 73 F.3d 464, 473 (2d Cir. 1996). Rule 26(b)(5), however, does not mandate a privilege log. Instead, the Advisory Committee Notes provide as follows:

> The rule does not attempt to define for each case what information must be provided when a party asserts a claim of privilege or work product protection. Details concerning time, persons, general subject matter, etc., may be appropriate if only a few items are withheld, but may be unduly burdensome when voluminous documents are claimed to be privileged or protected, particularly if the items can be described by categories. A party can seek relief through a protective order under subdivision (c) if compliance with the requirement for providing this information would be an unreasonable burden. In rare circumstances some of the pertinent information affecting applicability of the claim, such as the identity of the client, may itself be privileged; the rule provides that such information need not be disclosed.

Advisory Committee Notes to the 1993 Amendments to Rule 26. Subdivision (c) to Rule 26 provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including, inter alia, forbidding the disclosure or discovery, forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters. Fed.R.Civ.P. 26(c).

In the instant case, Mattel has failed to establish the requisite good cause for a protective order limiting the temporal scope of its privilege log to documents created before November 24,

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

3

2003. Mattel bears the burden of establishing its privilege claims for each document, and the generally accepted way to do this – in the absence of a court order or agreement between the parties to the contrary – is a document-by-document privilege log. It is also standard practice to use the date the lawsuit was filed as the cut-off for logging items on a privilege log.

Mattel's assertions of undue burden are unpersuasive. Mattel's argument rests upon the declaration of counsel, Timothy L. Alger, which consists of nothing more than generalizations about the burden associated with creating a privilege log:

> 5. Mattel's in-house and outside lawyers generated a substantial quantity of privileged materials from November 24, 2003 to April 27, 2004 (the "disputed period"). To prepare a detailed privilege log covering the disputed period, Mattel would have to review a large quantity of paper and electronic documents in the files of the Mattel Law Department and outside counsel, compare them with prior productions and Mattel's privilege log, and add the appropriate documents to a supplemental log. Even under normal circumstances, such an effort would require substantial attorney time and expense. At this point, such a burden would disrupt the operations of the Mattel Law Department during the time leading up to trial, and divert significant – and precious – attorney and paralegal resources from trial preparation.
>
> 6. I am familiar with the materials in question. All of the documents that Mattel would have to place on a supplemental log for the disputed period were prepared to assist in anticipated or pending litigation or contain information reflecting confidential communications between counsel or counsel's representatives and the client or the client's representatives, for the purpose of facilitating the rendition of legal services to the client. The authors and recipients of those documents are Mattel employees, members of Mattel's Law Department, and outside counsel for Mattel (including Quinn Emanuel).

Alger Decl., ¶¶5-6. Nowhere does Mattel offer any estimates of how many privileged documents are involved, or attempt to quantify the cost or time associated with producing a privilege log.[1]

Lastly, Mattel contends that production of a document-by-document privilege log would reveal aspects of Mattel's litigation strategy on the eve of trial. Mattel's vague and theoretical

---

[1] Mattel's claim of burden because of the proximity of trial is also unpersuasive. As the party seeking to withhold privileged materials, the burden was squarely on Mattel, not MGA, to seek relief from its obligation to produce a privilege log. There is no reason why Mattel could not have filed the instant motion earlier in the litigation. The circumstances Mattel now faces are of its own making.

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

4

concern over revealing litigation strategy is not a sufficient reason to excuse Mattel from producing a privilege log.

Accordingly, Mattel's motion for a protective order limiting the scope of its privilege log is denied. No later than May 19, 2008, Mattel shall produce a complete privilege log, including all documents for which Mattel claims privilege up to the April 27, 2004 filing date. Mattel's alternative motion for an order compelling MGA and Carter Bryant to log documents created after this action was filed is also denied.

Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery Master, MGA shall file this Order with the Clerk of Court forthwith.

Dated: May 6, 2008                                              /S/
                                                    _____
                                                    HON. EDWARD A. INFANTE (Ret.)
                                                    Discovery Master

## PROOF OF SERVICE BY E-MAIL

I, Anthony Sales, not a party to the within action, hereby declare that on May 7, 2008, I served the attached ORDER DENYING MATTEL'S MOTION FOR PROTECTIVE ORDER LIMITING THE TEMPORAL SCOPE OF ITS PRIVILEGE LOG in the within action by email addressed as follows:

| Name | Firm | Email |
|---|---|---|
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| Matthew M. Werdegar, Esq. | Keker & Van Nest | mwerdegar@kvn.com |
| John E. Trinidad, Esq. | Keker & Van Nest | jtrinidad@kvn.com |
| Audrey Walton-Hadlock, Esq. | Keker & Van Nest | awalton-hadlock@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johnquinn@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| John Gordon, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johngordon@quinnemanuel.com |
| Diane Hutnyan, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dianehutnyan@quinnemanuel.com |
| Thomas J. Nolan, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tnolan@skadden.com |
| Raoul D. Kennedy, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | rkennedy@skadden.com |
| Amy S. Park, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | apark@skadden.com |
| Harriet S. Posner, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | hposner@skadden.com |
| Carl Alan Roth, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | croth@skadden.com |
| Timothy A. Miller, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tmiller@skadden.com |
| Marcus R. Mumford, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Mmumford@skadden.com |
| Paul M. Eckles, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Paul.eckles@skadden.com |
| Lance A. Etcheverry, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Lance.etcheverry@skadden.com |
| Robert J. Herrington, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Robert.herrington@skadden.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on May 7, 2008, at San Francisco, California.

*Anthony Sales*