THOMAS J. NOLAN (Bar No. 66992)
(tnolan@skadden.com)
JASON D. RUSSELL (Bar No. 169219)
(jrussell@skadden.com)
MARINA V. BOGORAD (Bar No. 217524)
(mbogorad@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue, Ste. 3400, Los Angeles, CA  90071-3144
Tel.: (213) 687-5000 / Fax: (213) 687-5600

RAOUL D. KENNEDY (Bar No. 40892)
(rkennedy@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
4 Embarcadero Center, Suite 3800
San Francisco, CA  94111-5974
Tel.: (415) 984-2698 / Fax: (415) 984-2626

Attorneys for MGA Entertainment, Inc., MGA Entertainment (HK) Limited, MGAE de Mexico, S.R.L. de C.V., and Isaac Larian

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>            Plaintiff,<br><br>      v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>            Defendant.<br><br>AND CONSOLIDATED ACTIONS. | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case No. 04-9059 and Case No. 05-2727<br><br>Honorable Stephen G. Larson<br><br>MGA PARTIES' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF CARTER BRYANT'S MOTION FOR RECONSIDERATION<br><br>Hearing Date:  May 19, 2008<br>Time:          1:30 p.m. |

## TABLE OF CONTENTS

**PAGE**

PRELIMINARY STATEMENT .................................................................................. 1

ARGUMENT ............................................................................................................... 1

CONCLUSION ........................................................................................................... 7

# TABLE OF AUTHORITIES

PAGE(S)

## CASES

AMCAL Multi-Housing, Inc. v. Pacific Clay Products,
  518 F. Supp. 2d 1194 (C.D. Cal. 2007) .................................................................. 4

Bains v. Stan Boyett & Sons, Inc.,
  No. F039474
  2003 WL 352414 (Cal. Ct. App. Feb. 18, 2003)................................................. 3-4

Barbara A. v. John G.,
  145 Cal. App. 3d 369 (1983)................................................................................. 4

City of Hope Nat. Med. Ctr. v. Genentech, Inc.,
  181 P.3d 142, 75 Cal. Rptr. 3d 333,
  2008 WL 1820916 (Apr. 24, 2008).............................................................. passim

City Solutions, Inc. v. Clear Channel Communications, Inc.,
  201 F. Supp. 2d 1048 (N.D. Cal. 2002) ......................................................... 2, 3, 6

Davies v. Krasna,
  14 Cal. 3d 502 (1975)............................................................................................ 6

Miller v. Yokohama Tire Corp.,
  358 F.3d 616 (9th Cir. 2004)................................................................................. 6

Odorizzi v. Bloomfield School Dist.,
  246 Cal. App. 2d 123 (1966)................................................................................. 6

Patriot Scientific Corp. v. Korodi,
  504 F. Supp. 2d 952 (S.D. Cal. 2007).................................................................... 6

Southern Pacific Thrift & Loan Assn. v. Savings Assn. Mortgage Co.,
  70 Cal. App. 4th 634 (1999).................................................................................. 3

Stevens v. Marco,
  147 Cal. App. 2d 357 (1956)................................................................................. 4

Tyler v. Children's Home Society,
    29 Cal. App. 4th 511 (1994) ............................................................................ 6

Vai v. Bank of America,
    56 Cal. 2d 329 (1961) ...................................................................................... 6

Wolf v. Superior Court,
    107 Cal. App. 4th 25 (2003) ........................................................................ 2, 5

**OTHER**

Restatement (Second) of Trusts § 2, comment b .................................................... 6

**PRELIMINARY STATEMENT**

In his Motion for Reconsideration (the "Motion"), Carter Bryant set forth the reasons why the California Supreme Court's recent opinion in City of Hope National Med. Ctr. v. Genentech, Inc., 181 P.3d 142, 75 Cal. Rptr. 3d 333, 2008 WL 1820916 (Apr. 24, 2008), compels the Court's reconsideration and reversal of its finding in connection with Mattel's Motion for Partial Summary Judgment that Bryant owed a fiduciary duty to Mattel. (See Apr. 25, 2008 Order at 5-6.) The MGA Parties joined Bryant's Motion and respond below to Mattel's opposition on this point. The MGA Parties also join and incorporate herein by reference all the other grounds set forth in Bryant's submissions on the Motion requiring reconsideration and amendment of the Court's April 25, 2008 Order. As shown below, the MGA Parties respectfully submit that in light of the City of Hope decision, the Court should reverse its finding that Bryant owed a fiduciary duty to Mattel or, at a minimum, determine that there are genuine issues of material fact that must be resolved by a jury on this issue.

**ARGUMENT**

As Bryant already established, the City of Hope decision, which issued after the Court heard argument on the parties' cross-motions for partial summary judgment, makes clear that the arguments tendered by Mattel to support a finding of the existence of a fiduciary duty owed by Bryant are not viable under California law. Specifically, the City of Hope decision held that the entrusting of confidential information to another "does not compel the imposition of a fiduciary duty by operation of law." City of Hope, 2008 WL 1820916, at *11. The California Supreme Court expressly rejected the argument that a fiduciary duty arises simply because a contract purports to response trust in confidence from one contracting party to another. Id. at *9. At most, this is evidence that a jury *may* consider in ascertaining whether a fiduciary duty exists. And, even then, the decision makes clear that the mere fact that one contracting party is in a superior position to the other "vis-a-vis the duty imposed" under the contract is not sufficient, by itself to compel the imposition of a fiduciary duty. Id. As this holding represents a clarification of California

law that the Court could not have foreseen, and alters the law on which the Court relied in making its April 25 Order, the City of Hope decision suggests that the Court should reverse its earlier ruling with respect to finding a fiduciary duty, or at least let the jury decide.

As the City of Hope decision compels a different result, Mattel argues that it is inapplicable here because that case dealt with a fiduciary duty arising as a matter of law rather than one imposed by contract. (See Opp'n at 4-6.) This is a distinction without a difference. It is true that there are two ways that a fiduciary duty may be imposed – either by agreement or by operation of law. That, however, does not make the precedent dealing with the former irrelevant to the analysis of the latter, and vice versa. Indeed, in City of Hope the California Supreme Court examined whether the contract at issue created a type of the relationship that could give rise to a fiduciary duty as a matter of law, essentially eviscerating Mattel's purported distinction here. See City of Hope, 2008 WL 1820916, at *6 ("Genentech contends that no fiduciary relationship arose from its contract with City of Hope .... We agree.") (emphasis added); see also id. at *11 (relying, inter alia, on Wolf v. Superior Court, 107 Cal. App. 4th 25 (2003), a case dealing with claims of fiduciary duties imposed by contract).[1]

That Mattel's distinction is irrelevant is confirmed by the Court's reliance on the part of the opinion in City Solutions, Inc. v. Clear Channel Communications, Inc., 201 F. Supp. 2d 1048 (N.D. Cal. 2002), dealing with a fiduciary duty imposed by law in holding that the Inventions Agreement created the type of a relationship that imposed a fiduciary duty on

---

[1] Indeed, the California Supreme Court in City of Hope noted that out of the only two ways a fiduciary duty could be imposed – via an agreement to act on behalf and for the benefit of another or by operation of law, 2008 WL 1820916, at *6 – the issue decided by the California Supreme Court was actually the former, not the latter: "[t]he remaining question is whether ... [the] agreement [at issue] is the type of relationship 'which imposes that undertaking [fiduciary obligation to act on behalf of and for the benefit of another] as a matter of law.'" Id. (emphasis added, second explanatory insertion added by the City of Hope court). The question before the Court here is virtually identical, as the Court undertook to determine whether the Inventions Agreement created the kind of a relationship between Bryant and Mattel that gave rise to a fiduciary duty as a matter of law.

Bryant. (See April 25, 2008 Order at 5 (relying on the rule that a fiduciary relationship is created "where a confidence is reposed by one person in the integrity of another, and ... the party in whom the confidence is reposed ... voluntarily accepts or assumes to accept the confidence"), citing City Solutions, 201 F. Supp. 2d at 1050-51.) The stated rule appears in the City Solutions opinion dealing with plaintiff's argument that defendant's "fiduciary duties were not created by the confidentiality agreement" but were rather imposed by law based on their post contractual interactions. Id. at 1050.

In fact, Mattel's own allegations do not rely on the contract as the source of the fiduciary duty here as <u>Mattel did not plead a contractually based fiduciary duty in this case</u>. Rather, Mattel's operative pleading provides that the duty at issue arose from "Bryant['s] ... position[] of trust and confidence," which, according to the same pleading, existed <u>independent</u> of any contract. (Mattel's Second Amended Answer and Counterclaims, dated July 12, 2007 ("SAA") ¶ 130.) Indeed, Mattel's pleading further provides that Bryant's agreement <u>merely</u> "<u>confirmed</u> ...[his] relationship of trust with Mattel in ... [his] employee agreement[]." (<u>Id.</u>) That means that the alleged relationship, according to Mattel, existed regardless of the agreement in question, which, again according to Mattel, takes us squarely into the holding of City of Hope as to fiduciary relationships imposed by law.

Moreover, the distinction touted by Mattel would be illogical because at the end of the day, it is the nature of the relationship between the parties – regardless of whether it was created by contract or existed outside thereof – that matters.[2] Cf. Bains v. Stan Boyett &

---

[2] In fact, it is via the relationship created by the Inventions Agreement, and not by the force of the agreement itself, that a fiduciary relationship could exist here in the first place, according to the City Solutions case relied upon by the Court. This is because by merely accepting the contractual language relied upon by Mattel – namely, the reposition of trust and confidence– Bryant did <u>not</u> agree to become Mattel's fiduciary. Accord S. Pac. Thrift & Loan Assn. v. Sav. Assn. Mortgage Co., 70 Cal. App. 4th 634, 639 (1999) (mere use of word "trustee" in loan participation agreement did not result in loan originator becoming fiduciary to financial institution). Indeed, in discussing another agreement bearing similar reposition-of trust-and-confidence provision, the City Solutions court underscored that, unlike the agreement at issue, the other agreement "expressly provided that it *did* create a fiduciary duty on the part of the [accepting party]." 201 F. Supp. 2d at 1050 (emphasis added). Thus, short of actually stating something along the lines that "this agreement

Sons, Inc., 2003 WL 352414, at *6 (Cal. Ct. App. Feb. 18, 2003) (comparing fiduciary duties imposed by law and via confidential relationship created by contract and concluding that "[a] fiduciary duty in law is ordinarily synonymous with a confidential relation" created by contract) (emphasis added); Barbara A. v. John G., 145 Cal. App. 3d 369, 383 (1983) (fiduciary duty imposed by law, just as that imposed by contract, is based on a confidential relationship, except that for the former, the confidential relationship is inferred by law). Once this uncontroversial proposition is accepted, City of Hope plainly compels a result different than that reached by the Court in its April 25, 2008 Order because the ingredients that the Court held to add up to a fiduciary relationship here are no longer part of the California Supreme Court's recipe.³

Before City of Hope, it was not clear whether a fiduciary duty could arise from a confidential relationship wherein one entrusted its affairs, interests or property to another, granted that person broad discretion because of a disparity in expertise or knowledge, placed himself in a position characterized by an "asymmetrical access to information," leaving for himself little ability to monitor the other and the necessity to rely on the truth of the other party's representations – and thereby became vulnerable and dependent upon that person. See 2008 WL 1820916, at *7, citing Stevens v. Marco, 147 Cal. App. 2d 357 (1956). After City of Hope, a relationship like that no longer suffices to give rise to a fiduciary duty. See 2008 WL 1820916, at *8. But that is exactly the relationship at issue here – according to Mattel, it allegedly trusted Bryant with its proprietary information, gave him a lot of discretion because Bryant was a fashion designer and thus possessed higher expertise than Mattel, and, as the Court found, had to rely on the truth of Bryant's representations and thereby became vulnerable vis-à-vis Bryant, since "Bryant was essentially to police his own

---

imposes a fiduciary duty on the undersigned", a contract containing generic reposition-of-trust-and-confidence language cannot impose a fiduciary duty under City Solutions.

³ And that is the change in law that justifies granting reconsideration. Cf. AMCAL Multi-Housing, Inc. v. Pacific Clay Prods., 518 F. Supp. 2d 1194, 1195-96 (C.D. Cal. 2007) (Larson, J.) (granting motion for reconsideration based on a U.S. Supreme Court opinion, which issued after the Court's ruling at issue and clarified the existing law).

actions by maintaining Mattel's confidentiality and communicating his own 'inventions' to Mattel ... [and] was in the best position, arguably the only one in a position, to know of and police his actions." (Apr. 25, 2008 Order at 6.) Thus, Bryant's relationship with Mattel is precisely the sort of relationship that the City of Hope court found was insufficient to produce a fiduciary relationship.

Significantly, there is no extra element in Bryant's relationship with Mattel that could distinguish it from the relationship found insufficient to produce a fiduciary duty in City of Hope. Mattel argues that, unlike the relationship at issue in City of Hope, here Mattel reposed trust and confidence in Bryant. But the California Supreme Court expressly held that reposition of trust and confidence in another is essentially part of every contract, see 2008 WL 1820916, at *9; therefore, this element of the Bryant-Mattel relationship adds nothing extra to the mix rejected in City of Hope.[4] Indeed, such reposition is but a restatement of the first Stevens factor ("one party entrusts its affairs, interests or property to another"). Mattel's argument that its Inventions Contract was somehow special because it did not imply, but expressly provided for reposition of such confidence is a distinction without a difference.[5] Express or implied, reposition of trust and confidence in itself does

---

[4] Mattel attempts to distance itself from this holding, arguing that reposition of trust and confidence found by City of Hope to be an element of every contract is merely reposition of trust and confidence that the other party would *perform* the contract. (Opp'n at 6.) But that is exactly the kind of trust and confidence reposed by Mattel in Bryant – the contract obligated Bryant to perform as a fashion designer and to do it faithfully, which, among other things, meant using the information entrusted to him for Mattel's benefit alone. In other words, the purpose of the contract was not to make it Bryant's job to keep Mattel's secrets – rather, Bryant received proprietary information to enable him to perform as a fashion designer for Mattel. This makes the Inventions Agreement no different than "every contract contain[ing] an implied covenant of good faith and fair dealing, obligating the contracting parties to refrain from 'doing anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract....'" Wolf, 107 Cal. App. 4th at 31. "Being of universal prevalence, [such implied covenant] cannot create a fiduciary relationship; it affords basis for redress for breach of contract and that is all." Id. (internal citation omitted); see also City of Hope, 2008 WL 1820916, at *11 (agreeing with Wolf).

[5] Similarly, Mattel's implications that the contract at issue was somehow special because it was an employment agreement (Opp'n at 8 n.7) are irrelevant, as "[n]o presumption of a confidential relationship arises from the bare fact that parties to a contract are employer and

not give rise to a fiduciary duty under California law. See City Solutions, 201 F. Supp. 2d at 1050; accord Vai v. Bank of Am., 56 Cal. 2d 329, 337-38 (1961) (confidential relationship alone does not give rise to a fiduciary duty: "'[a] confidential relation may exist although there is no fiduciary relation'") (emphasis added), quoting Restatement (Second) of Trusts § 2, cmt. b.[6]

As the California Supreme Court confirmed in City of Hope, just because the parties agreed that one would repose secret information in another – the very agreement at issue here – does not mean that the agreement created a fiduciary relationship. 2008 WL 1820916, at *11, citing Davies v. Krasna, 14 Cal. 3d 502, 511 (1975). Mattel has not shown anything beyond such an agreement that would warrant a finding that Bryant owed it a fiduciary duty, and certainly nothing that would warrant such a finding as a matter of law.[7]

The bottom line is that the extra element that Mattel is missing here – and what the California Supreme Court ruled to be the absolute requirement for a fiduciary duty to arise – is an element of Mattel's vulnerability to Bryant that "is *so substantial* as to give rise to equitable concerns underlying the protection afforded by the law governing fiduciaries." Because the plaintiff in City of Hope failed to make "such a showing," its fiduciary duty claim failed. For the same reason, so should Mattel's claim here – indeed, it is difficult to imagine that Mattel, one of the largest toy manufacturers in the world and arguably one of

---

employee." Miller v. Yokohama Tire Corp., 358 F.3d 616, 621 (9th Cir. 2004), citing Odorizzi v. Bloomfield Sch. Dist., 246 Cal. App. 2d 123, 129 (1966); accord Patriot Scientific Corp. v. Korodi, 504 F. Supp. 2d 952, 966-67 (S.D. Cal. 2007); Tyler v. Children's Home Soc'y, 29 Cal. App. 4th 511, 549 (1994).

[6] In light of the California Supreme Court's opinion in Vail, Mattel's sweeping assertion that "Bryant's confidential relationship with Mattel provides a second basis for creation of a fiduciary relationship" (Opp'n at 7 n.4) is contrary to established law.

[7] Mattel's citations to other portions of the contract imposing additional obligations on Bryant beyond the imposition of trust and confidence (Opp'n at 7-8) do not provide a basis for finding a fiduciary duty, but rather fall into the category of requirements designed to ensure good faith and fair dealing in Bryant's performance of the contract. As shown above, obligations to faithfully perform a contract do not give rise to a fiduciary duty. See supra n.4.

the most sophisticated parties at play in this case, is so vulnerable to its own employees that it requires equity to step in and save it.

## CONCLUSION

For the foregoing reasons, and the reasons set forth in Bryant's submissions in connection with the Motion, Bryant's Motion should be granted.

DATED: May 16, 2008          SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: _____
Jason D. Russell
Attorneys for the MGA Parties