THOMAS J. NOLAN (Bar No. 66992)
(tnolan@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, CA  90071
Tel.: (213) 687-5000/Fax: (213) 687-5600

RAOUL D. KENNEDY (Bar No. 40892)
(rkennedy@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Embarcadero Center, 38th Floor
San Francisco, CA 94111
Tel.: (415) 984-6400/Fax: (415) 984-2698

Attorneys for MGA Entertainment, Inc., MGA Entertainment (HK) Limited,
MGAE de Mexico, S.R.L. DE C.V., and Isaac Larian

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>                Plaintiff,<br><br>        v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>                Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case No. 04-9059 and Case No. 05-2727<br><br>MGA PARTIES' APPLICATION FOR RELIEF FROM REQUIREMENTS OF LOCAL RULES 37-1 AND 37-2;<br><br>DECLARATION OF AMY S. PARK [FILED UNDER SEPARATE COVER]<br><br>Date:   June 23, 2008<br>Time:   10:00 a.m.<br>Judge:  Hon. Stephen G. Larson |

1  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2      PLEASE TAKE NOTICE THAT MGA Entertainment, Inc., MGA

3  Entertainment (HK) Limited, MGAE de Mexico, S.R.L. DE C.V., and Isaac Larian

4  (collectively, the "MGA Parties") will and hereby do apply for relief from the 10-day

5  requirement of Local Rule 37-1 and the joint stipulation requirement of Local Rule

6  37-2 with respect to the MGA Parties' Motion to Quash or, in the Alternative, for

7  Protective Order, concurrently filed herewith (the "Motion to Quash").

8      This application is made on the ground that pursuant to the Court's January 31,

9  2008 Order Regarding Subpoenas Issued To Wachovia Corporation, the MGA

10  Parties' Motion to Quash must be filed by May 16, 2008.  Relief from the foregoing

11  requirements of Local Rules 37-1 and 37-2 is necessary to enable the MGA Parties

12  to file their motion in accordance with the Court's order because absent such relief,

13  compliance with Local Rules 37-1 and 37-2 would delay the filing of the MGA

14  Parties' Motion to Quash until after May 16, 2008, hence rendering compliance with

15  both the order and the rules impossible.  In addition, good cause exists to grant this

16  application because the parties have already met and conferred regarding the subject

17  of the MGA Parties' Motion to Quash and were unable to resolve the matter, and

18  because in all matters before the Discovery Master, the parties have adopted and

19  followed different procedures from what is required under Local Rules 37-1 and

20  37-2.

21      This application is based on this Application, the attached supporting

22  memorandum of points and authorities, the separately filed supporting Declaration of

23  Amy S. Park, the pleadings and records on file in this action, and any further

24  evidence and argument that may be presented to the Court.

25

26

27

28

1

2

DATED:  May 16, 2008

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

3

By: /s/ Thomas J. Nolan
    Thomas J. Nolan

4

5

Attorneys for MGA Entertainment, Inc.
MGA Entertainment (HK) Limited, MGAE
de Mexico, S.R.L. DE C.V., and Isaac Larian

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

1

## MEMORANDUM

### I.    PRELIMINARY STATEMENT

The MGA Parties hereby request that the Court grant them relief from the 10-day requirement of Local Rule 37-1 and the joint stipulation requirement of Local Rule 37-2 with respect to the MGA Parties' Motion to Quash or, in the Alternative, for a Protective Order regarding a subpoena dated January 15, 2008, issued by Mattel to Wachovia Corporation (the "Motion to Quash").

Good cause exists to grant such relief because (1) absent such relief, the MGA Parties cannot comply with the Court's order requiring that the Motion to Quash be filed by May 16, 2008; (2) the parties have already met and conferred regarding the subject of the MGA Parties' Motion to Quash; and (3) the parties have adopted and followed a different procedure in matters before the Discovery Master.

Accordingly, the MGA Parties respectfully request that the Court grant their application.

### II.    SUMMARY OF FACTS

Mattel previously issued two document subpoenas to MGA's creditor Wachovia.  The first subpoena was issued in October 2007 (the "October 2007 Subpoena") and the second subpoena was issued in January 2008 (the "January 2008 Subpoena").  Prior to Mattel's issuance of the January 2008 subpoena, the MGA Parties moved to quash the October 2007 Subpoena.  After Mattel issued the January 2008 Subpoena, the parties stipulated to have the pending motion regarding the October 2007 Subpoena heard and decided before the MGA Parties and Wachovia would have to respond to the January 2008 subpoena.  On January 31, 2008, the Court approved the stipulation and entered an order stating, among other things, that "MGA's responses to the January 2008 document subpoena shall not be due until seven (7) days after the Discovery Master issues an order with respect to the pending motion to quash the October 2007 document subpoena."  (1/31/08 Order (Docket No. 1891) at 2.)

On May 7, 2008, the Discovery Master issued an order granting in part the MGA Parties' motion to quash the October 2007 subpoena. (5/7/08 Order (Docket No. 3501) at 12-13.) Specifically, the Discovery Master rejected all but two of the document requests contained in the October 2007 subpoena, and limited the scope of the two requests that he did allow. (*Id.*) Pursuant to the Court's January 31, 2008 Order, the MGA Parties' response to the January 2008 subpoena is due today—May 16, 2008.

Following issuance of the May 7, 2008 Order, the MGA Parties requested that Mattel withdraw its January 2008 Subpoena in view of the Discovery Master's order. (Park Decl., Ex. 1.) Mattel refused to withdraw the subpoena unless it could toll its time to appeal the May 7, 2008 Order until after Phase 2 discovery re-commences. (*Id.*) The MGA Parties did not agree to Mattel's proposal. (*Id.*) Accordingly, the MGA Parties are responding to the January 2008 Subpoena by filing their Motion to Quash. The MGA Parties have also served objections to the January 2008 Subpoena.

### III.    GOOD CAUSE EXISTS TO GRANT RELIEF FROM THE REQUIREMENTS OF LOCAL RULES 37-1 AND 37-2.

Local Rule 37-1 requires that parties meet and confer during a 10-day period prior to the filing of any discovery motion. *See* L.R. 37-1. If the parties cannot resolve their dispute, Local Rule 37-2 requires that any discovery motion must be accompanied by a joint stipulation prepared by the parties. *See* L.R. 37-2. Local Rule 37-2 provides the parties at least six days in which to prepare the joint stipulation. *See* L.R. 37-2.2. Good cause exists to grant the MGA Parties relief from the 10-day requirement of Local Rule 37-1 and the joint stipulation requirement of Local Rule 37-2.

*First*, the MGA Parties cannot comply with both the Court's January 31, 2008 Order and the requirements under Local Rules 37-1 and 37-2. Under the January 31, 2008 Order, the MGA Parties' Motion to Quash must be filed today—May 16, 2008—to be timely because their response to the January 2008 Subpoena is due

1   within seven days of the Discovery Master's May 7, 2008 Order regarding the

2   October 2007 Subpoena. (1/31/08 Order at 2.)  If the MGA Parties were required to

3   follow Local Rules 37-1 and 37-2 with respect to their Motion to Quash, the MGA

4   Parties would not be able to file their motion until May 30, 2008, at the earliest.

5   Thus, absent relief from the requirements of Local Rules 37-1 and 37-2, the MGA

6   Parties would be placed in the extremely unfair position of having to choose between

7   filing a Motion to Quash that is either untimely or in violation of the Local Rules.

8        *Second*, good cause exists to grant the requested relief because the parties have

9   already met and conferred regarding the subject of the MGA Parties' Motion to

10  Quash and have been unable to resolve their dispute. (Park Decl., Ex. 1.)  Because

11  the parties have reached an impasse regarding Mattel's January 2008 Subpoena to

12  Wachovia, there is no reason to delay further the submission of the parties' dispute to

13  the Court for determination.

14       *Third*, the Court should grant relief from Local Rules 37-1 and 37-2 because

15  the parties have followed a different procedure in matters before the Discovery

16  Master.  Unlike Local Rule 37-1, the stipulation and order appointing the Discovery

17  Master provides for a 5-day meet-and-confer period prior to the filing of any

18  discovery motion. (Stip. and Order Appointing Discovery Master (Docket No. 106)

19  at ¶ 5.)  The order also does not require the parties to prepare and submit a joint

20  stipulation under Local Rule 37-2. (*Id.*)  When the parties and the Court set the time

21  for the MGA Parties to respond to the January 2008 Subpoena, the foregoing

22  procedures were in effect because all discovery motions were being heard by the

23  Discovery Master.  Although discovery motions are now being heard and decided by

24  the Court, good cause exists to permit the MGA Parties to follow the same

25  procedures with respect to their Motion to Quash that were in effect when their time

26  to respond to the January 2008 Subpoena was set.

27

28

1   **IV.   CONCLUSION**

2       For the foregoing reasons, the MGA Parties respectfully request that the Court

3   grant their application for relief from the 10-day requirement under Local Rule 37-1

4   and the joint stipulation requirement under Local Rule 37-2.

5

6   DATED:  May 16, 2008           SKADDEN, ARPS, SLATE, MEAGHER &
                                FLOM, LLP

7

8                         By: /s/ Thomas J. Nolan
                              Thomas J. Nolan

9
10                       Attorneys for MGA Entertainment, Inc.
                        MGA Entertainment (HK) Limited,
                        MGAE de Mexico, S.R.L. DE C.V., and
11                       Isaac Larian