THOMAS J. NOLAN (Bar No. 66992)
(tnolan@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, CA  90071
Tel.: (213) 687-5000/Fax: (213) 687-5600

RAOUL D. KENNEDY (Bar No. 40892)
(rkennedy@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Embarcadero Center, 38th Floor
San Francisco, CA 94111
Tel.: (415) 984-6400/Fax: (415) 984-2698

Attorneys for MGA Entertainment, Inc., MGA Entertainment (HK) Limited,
MGAE de Mexico, S.R.L. DE C.V., and Isaac Larian

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with Case No. 04-9059 and Case No. 05-2727 |
| v. | DECLARATION OF AMY S. PARK IN SUPPORT OF MGA PARTIES' APPLICATION FOR RELIEF FROM REQUIREMENTS OF LOCAL RULES 37-1 AND 37-2 |
| MATTEL, INC., a Delaware corporation, | |
| Defendant. | Date:   June 23, 2008 |
| | Time:   10:00 a.m. |
| AND CONSOLIDATED ACTIONS | Judge:  Hon. Stephen G. Larson |

1    I, Amy Park, declare:

2    1.    I am an attorney duly licensed to practice law in the State of California

3  and am a partner with the law firm of Skadden, Arps, Slate, Meagher & Flom LLP,

4  counsel of record for MGA Entertainment Inc., MGA Entertainment (HK) Limited,

5  MGAE De Mexico, S.R.L. De C.V. and Isaac Larian in this action.  Except where

6  otherwise noted, I have personal knowledge of the facts set forth below and could

7  competently testify thereto.

8    2.    Attached hereto as Exhibit 1 is a true and complete copy of emails

9  exchanged on May 13, 2008 and May 16, 2008, between Jon Corey, counsel for

10  Mattel, and my colleague Bernard Shek and me.  In addition, I communicated by

11  telephone with Mr. Corey on May 14, 2008, regarding the matters described in the

12  attached emails.

13    I declare under penalty of perjury under the laws of the United States of

14  America that the foregoing is true and correct.  Executed this 16th day of May, 2008,

15  in Palo Alto, California.

16

17

18                                              Amy S. Park

19

20

21

22

23

24

25

26

27

28

# Exhibit 1

**From:** joncorey@quinnemanuel.com
**Sent:** Friday, May 16, 2008 10:50 AM
**To:** Shek, Bernard (PAL)
**Cc:** Park, Amy S (PAL)
**Subject:** RE: Meet and confer -- Wachovia subpoena

Bernard,

I find your position to be unreasonable and unfortunate.  We will oppose the application.  We ask you to advise Judge Larson of the terms of our proposal in you application.

Best regards,


Jon Corey
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Main Phone: (213) 443-3000
Main Fax:  (213) 443-3100
E-mail:  joncorey@quinnemanuel.com
Web:  www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above.  This message may be an attorney-client communication and/or work product and as such is privileged and confidential.  If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.


**From:** Shek, Bernard [mailto:Bernard.Shek@skadden.com]
**Sent:** Friday, May 16, 2008 10:38 AM
**To:** Jon Corey
**Cc:** Park, Amy S (PAL)
**Subject:** RE: Meet and confer -- Wachovia subpoena

Jon:

Following up on your conversation with Amy regarding the January 2008 subpoena to Wachovia, we are not willing to agree to toll the time for Mattel to appeal Judge Infante's May 7, 2008 Order.  Since you will not withdraw the subpoena absent such agreement, we will proceed with filing a motion to quash.  We will also be applying for relief from the 10-day requirement under Local Rule 37-1 and the joint stipulation requirement under Local Rule 37-2.  Could you please let us know by 1 pm today whether you will oppose our application for such relief?

Thanks,
Bernard

Exhibit  1  ,
P.  2

5/16/2008

**From:** Jon Corey [mailto:joncorey@quinnemanuel.com]
**Sent:** Tuesday, May 13, 2008 6:06 PM
**To:** Park, Amy S (PAL)
**Cc:** Shek, Bernard (PAL); Michael T Zeller; Dylan Proctor
**Subject:** RE: Meet and confer -- Wachovia subpoena

Amy,

I have looked at the stipulation and the other subpoenas. I assume that the scope of your request relates solely to the document subpoenas to Wachovia. Mattel will agree to withdraw the January 28, 2008 document subpoena to Wachovia on the following conditions. First, that the subpoena is withdrawn without prejudice. Second, that Wachovia will produce all documents responsive to Judge Infante's May 7, 2008 Order. Third, that MGA and Wachovia will not withhold any responsive documents on the grounds that they may be in the "three (3) boxes of loan documents" referenced in Wachovia's November 15, 2005 letter. Fourth, that Mattel's time to object the May 7, 2008 order is tolled indefinitely. The reason for the last request is that a number of the issues that Mattel may appeal related to Phase 2 claims, defenses and damages. As Phase 2 discovery is stayed, we believe Judge Infante did not fully consider the relationship between the requests and the Phase 2 issues. For example, Judge Infante did not specifically consider the ConsumerQuest subpoena, which raises issues separate and distinct from the requests in the financial subpoenas. We believe that some of the other requests in the financial subpoenas fall into that same category as well. If you would like to discuss or to prepare a stipulation along those lines, please do so.

Best regards,


Jon Corey
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Main Phone: (213) 443-3000
Main Fax:  (213) 443-3100
E-mail:  joncorey@quinnemanuel.com
Web:  www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.


**From:** Park, Amy S [mailto:Amy.Park@skadden.com]
**Sent:** Tuesday, May 13, 2008 4:36 PM
**To:** Jon Corey
**Cc:** Shek, Bernard (PAL)
**Subject:** Meet and confer -- Wachovia subpoena

Jon,

I am writing to follow up on our call this morning regarding Mattel's Janury 2008 subopena to Wachovia, to which

Exhibit  )  ,
P.  3

responses had been stayed pending Judge Infante's ruling on MGA's motion to quash the October 2007 subpoena to Wachovia. As we discussed, please let me know whether Mattel will agree to withdraw the January 2008 document subpoena to Wachovia in light of Judge Infante's May 7, 2008 order regarding MGA's motion to quash the October 2007 subpoena.

As I explained this morning, the requests in the January 2008 subpoena are either identical to or, in some instances, even broader than the requests in the October 2007 subpoena. Judge Infante's May 7 order denied all but 2 requests (requests 4 and 5) in the October 2007 subpoena. To the extent the requests in the January 2008 subpoena are the same as the ones rejected by Judge Infante in the May 7 order (January requests 5, 7, 8, 9 and 12), those requests are objectionable and should be withdrawn for the reasons set forth in our prior motion to quash and in Judge Infante's order. To the extent the requests in the January 2008 subpoena are even broader than the requests in the October 2007 subpoena (January requests 1-4, 6, 10, 11 and 13), those requests are even more objectionable than the prior requests that they expand and should likewise be withdrawn. In ruling on MGA's motion to quash the October 2007 subpoena, Judge Infante defined the scope of relevance and the permissible scope of production from Wachovia. There is no basis for the requests in the January 2008 subpoena, which either duplicate or seek even more documents from Wachovia.

If Mattel will not withdraw its January 2008 subpoena to Wachovia, please let me know if Mattel will stipulate to either (1) an extension of time for MGA to move to quash the subpoena; or (2) relieve MGA from the requirements of Rules 37-1 and 37-2. As you may recall, on January 31, 2008, Judge Larson entered an order approving the parties' stipulation regarding the timeline for responding to the January 2008 subpoena to Wachovia. Under the timeline set forth in that order, it would be impossible for MGA to comply simultaneously with that order and Rules 37-1 and 37-2.

Thank you.

**Amy S. Park**
**Skadden, Arps, Slate, Meagher & Flom LLP**
525 University Avenue | Suite 1100 | Palo Alto, CA 94301
T: 650.470.4511 | F: 888.329.6334 | E: amy.park@skadden.com

**Brenda Fry, Assistant to Amy S. Park**
T: 650.470.4567 | E: brenda.fry@skadden.com

Skadden

------------------------------------------------------------------------------
******************************************* To ensure compliance with Treasury Department regulations, we advise you that, unless otherwise expressly indicated, any federal tax advice contained in this message was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or applicable state or local tax law provisions or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein. *******************************************
******************************************* This email and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified any dissemination, distribution or copying of this email, and any attachments thereto, is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original copy and any copy of any email, and any printout thereof. Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request. *******************************************
================================================================================

------------------------------------------------------------------------------

Exhibit  J ,
P. 4

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* To ensure compliance with Treasury Department regulations, we advise you that, unless otherwise expressly indicated, any federal tax advice contained in this message was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or applicable state or local tax law provisions or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein. \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* This email and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified any dissemination, distribution or copying of this email, and any attachments thereto, is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original copy and any copy of any email, and any printout thereof. Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request. \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
========================================================================

Exhibit  1   ,
P.   5