1  THOMAS J. NOLAN (Bar No. 66992)
   (tnolan@skadden.com)
2  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
   300 South Grand Avenue, Suite 3400
3  Los Angeles, CA 90071
   Tel.: (213) 687-5000/Fax: (213) 687-5600
4
   RAOUL D. KENNEDY (Bar No. 40892)
5  (rkennedy@skadden.com)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
6  Four Embarcadero Center, 38th Floor
   San Francisco, CA 94111
7  Tel.: (415) 984-6400/Fax: (415) 984-2698

8  Attorneys for MGA Entertainment, Inc., MGA Entertainment (HK) Limited,
   MGAE de Mexico, S.R.L. DE C.V., and Isaac Larian
9

10

11               UNITED STATES DISTRICT COURT

12               CENTRAL DISTRICT OF CALIFORNIA

13

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case No. 04-9059 and Case No. 05-2727<br><br>MGA PARTIES' NOTICE OF MOTION AND MOTION TO QUASH OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER;<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT; AND<br><br>DECLARATION OF AMY PARK [FILED UNDER SEPARATE COVER]<br><br>Date:  June 23, 2008<br>Time:  10:00 a.m.<br>Judge: Hon. Stephen G. Larson |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on June 23, 2008, at 10:00 a.m., or as soon thereafter as the matter may be heard, before the Honorable Stephen G. Larson of the United States District Court for the Central District of California – Eastern Division, located at 3470 Twelfth Street, Riverside, California 92501, MGA Entertainment, Inc., MGA Entertainment (HK) Limited, MGAE de Mexico, S.R.L. DE C.V., and Isaac Larian (collectively, the "MGA Parties") will and hereby do move for an order quashing a subpoena *duces tecum* issued to Wachovia Corporation on January 15, 2008 (the "January 2008 Subpoena") or, in the alternative, for a protective order limiting the scope of the January 2008 Subpoena. (Please note that concurrently with this motion, the MGA Parties have filed an Application For Relief From Requirements Of Local Rules 37-1 and 37-2, which application and all supporting papers have been filed under separate cover.)

This motion is made pursuant to Federal Rules of Civil Procedure 26 and 45, the Order Granting in Part and Denying in Part MGA Parties' Motion to Quash Subpoenas, dated May 7, 2008 (the "May 7, 2008 Order") and the Order Regarding Subpoenas Issued to Wachovia Corporation dated January 31, 2008. In particular, this motion is made on the ground that the January 2008 Subpoena consists of document requests that are identical to or broader than document requests contained in a prior subpoena to Wachovia that the Discovery Master recently found to be "unduly burdensome, exceedingly overbroad and unreasonably cumulative of other discovery Mattel has already sought and received in this case."[1] In its May 7, 2008 Order, the Discovery Master denied Mattel discovery as to all of the document requests in the prior Wachovia subpoena except two requests, which the Court permitted in narrowed form. In view of the May 7, 2008 Order, the January 2008 Subpoena should be quashed or, at a minimum, limited to the same scope of discovery that was permitted in that order.

---

[1] 5/7/08 Order (Docket No. 3501) at 7.

1  This motion is based on this Notice of Motion and Motion, the attached
2  supporting Memorandum of Points and Authorities, the separately filed supporting
3  Declaration of Amy Park, the pleadings and records on file in this action, and any
4  further evidence and argument that may be presented to the Court.

5  DATED: May 16, 2008            SKADDEN, ARPS, SLATE, MEAGHER &
                                   FLOM, LLP

7                                  By: /s/ Thomas J. Nolan
                                       Thomas J. Nolan

                                   Attorneys for MGA Entertainment, Inc.
9                                  MGA Entertainment (HK) Limited,
                                   MGAE de Mexico, S.R.L. DE C.V., and
10                                 Isaac Larian

## I. PRELIMINARY STATEMENT

During Phase 1 discovery in this case, Mattel issued two document subpoenas to MGA's creditor Wachovia Corporation. As the Discovery Master has found, the first subpoena, issued in October 2007, broadly requested "everything relating to any loan between MGA and Wachovia from 1999 through the present."[1] In January 2008, while the MGA Parties' motion to quash that first subpoena was pending, Mattel served a second subpoena on Wachovia containing document requests that were either identical to or broader than the requests in the October 2007 subpoena.

On May 7, 2008, the Discovery Master entered an order granting in part the MGA Parties' motion to quash the October 2007 subpoena (and numerous other subpoenas issued by Mattel) on the grounds that the subpoena was "unduly burdensome, exceedingly overbroad and unreasonably cumulative of other discovery Mattel has already sought and received in this case."[2] The Discovery Master denied Mattel any discovery as to all but two of the requests in the October 2007 subpoena and limited the scope of the two requests that he did allow.[3]

Despite the Discovery Master's rejection of nearly every request in Mattel's first subpoena to Wachovia, Mattel refuses to withdraw its second, *broader* subpoena unless it is allowed to toll its time to appeal the May 7, 2008 Order until after Phase 2 discovery re-commences. Mattel's position is without merit. Mattel's January 2008 subpoena is plainly improper in view of the May 7, 2008 Order, and the MGA Parties should not be required to barter for its withdrawal.

Accordingly, the MGA Parties request that the Court quash Mattel's January 2008 subpoena to Wachovia or, in the alternative, issue a protective order limiting the scope of that subpoena to the modified document requests allowed in the Discovery Master's May 7, 2008 Order.

---

[1] 5/7/08 Order (Docket No. 3501) at 10.
[2] *Id.* at 7.
[3] *Id.* at 12-13.

1

## II. SUMMARY OF FACTS

On October 25, 2007, Mattel issued a document subpoena to Wachovia Corporation, MGA's creditor (the "October 2007 Subpoena").[4] The October 2007 Subpoena contained twelve document requests broadly seeking "everything relating to any loan between MGA and Wachovia from 1999 through the present."[5] As summarized by the Discovery Master, the October 2007 Subpoena sought the following:

> all documents relating to any loan agreement that Wachovia entered into with MGA since January 1 1999, including drafts of any agreements; all documents that MGA or any other person provided to Wachovia for purposes of entering into any loan agreement between Wachovia and MGA; all documents that were in the "three (3) boxes of loan documents" that Wachovia referred to in a November 15, 2005 letter to Robert G. Wilson, Esq.; all documents relating to any loan agreement entered into by MGA, or sought or requested by MGA, during the time period January 1, 1999 and December 31, 2000, inclusive; all communications between Wachovia and MGA during the time period January 1, 1999 and December 31, 2000, inclusive; all documents indicating or showing a calculation of MGA's net worth or value; all documents indicating or calculating the value of MGA's intellectual property or goodwill; all documents relating to Bratz, including without limitation those obtained from MGA, since January 1, 1999; and documents sufficient to identify any other MGA lender or person who extended or was requested to extend a line of credit to MGA since January 1, 1998.[6]

In December 2007, the MGA Parties moved for an order quashing several document subpoenas issued by Mattel, including the October 2007 Subpoena, or, in the alternative, a protective order limiting the scope of those subpoenas.[7] Mattel responded with a counter-motion to compel production of documents in response to those subpoenas.[8]

---

[4] Declaration of Amy Park ("Park Decl."), Ex. 1.
[5] 5/7/08 Order at 10. *See also* Park Decl., Ex. 1 at 2-3.
[6] 5/7/08 Order at 9.
[7] 5/7/08 Order at 1-2.
[8] *Id.*

1  On January 15, 2008, while the MGA Parties' motion was pending, Mattel issued another document subpoena to Wachovia (the "January 2008 Subpoena").[9] As shown in the chart attached hereto as Exhibit A, the document requests contained in the January 2008 Subpoena are either identical to or broader than the requests contained in the October 2007 Subpoena.[10] Specifically, Request Nos. 5 and 7-12 of the January 2008 Subpoena are identical or virtually identical to Request Nos. 3 and 6-11, respectively, of the October 2007 Subpoena.[11] In addition, the remaining requests of the January 2008 Subpoena (Request Nos. 1-4, 6 and 13) are simply broader versions of the remaining requests of the October 2007 Subpoena (Request Nos. 1, 2, 4, 5 and 12).[12]

On May 7, 2008, the Discovery Master issued an order granting in part and denying in part the parties' respective motions regarding the various document subpoenas, including the October 2007 Subpoena. The Discovery Master held that *all* of Mattel's subpoenas were "unduly burdensome, exceedingly overbroad and unreasonably cumulative of other discovery Mattel has already sought and received in this case."[13] As to the October 2007 Subpoena, the Discovery Master denied Mattel any discovery with respect to all of its document requests except Request Nos. 4 and 5.[14] As to those requests, the Discovery Master limited them as follows:

> Wachovia subpoena, Request No. 4, limited to "all documents relating to any loan agreement entered into by MGA, or sought or requested by MGA, during the time period January 1, 1999 and December 31, 2000, inclusive"; and Request No. 5, limited to "all communications between YOU and MGA during the time period January 1, 1999 and December

---

[9] Park Decl., Ex. 2. At the time, the parties entered into a stipulation providing that the time to respond to the January 2008 Subpoena would be deferred until after the Discovery Master ruled on MGA's motion to quash the October 2007 Subpoena. This Court entered an order approving that stipulation. (Docket No. 1891.)

[10] *See* Ex. A, attached hereto.

[11] *Id.* at 1-3.

[12] *Id.*

[13] 5/7/08 Order at 7.

[14] *Id.* at 12-13.

31, 2000, inclusive" regarding any loan agreement entered into by MGA, or sought or requested by MGA, during the time period January 1, 1999 and December 31, 2000, inclusive.[15]

Following the Discovery Master's ruling, the MGA Parties requested that Mattel withdraw its January 2008 Subpoena because the requests contained therein are identical to or broader than the October 2007 Subpoena requests that had been rejected or limited by the Discovery Master.[16] Mattel responded that it would not withdraw the January 2008 Subpoena unless the MGA Parties would agree, *inter alia*, to toll the time for Mattel to appeal the May 7, 2008 Order (which addressed numerous subpoenas in addition to the October 2007 Subpoena) until after the stay on Phase 2 discovery was lifted.[17] The MGA Parties would not agree to such a broad tolling, and Mattel refused to withdraw the January 2008 Subpoena absent such agreement.[18]

### III. MATTEL'S JANUARY 2008 SUBPOENA IS IMPROPER AND SHOULD BE QUASHED.

In view of the Discovery Master's May 7, 2008 Order, there is no question that Mattel's January 2008 Subpoena is improper. Following a thorough analysis of Mattel's October 2007 Subpoena and all of the parties' arguments relating thereto, the Discovery Master quashed nearly every request in that subpoena, finding the requests to be "unduly burdensome, exceedingly overbroad and unreasonably cumulative of other discovery Mattel has already sought and received in this case."[19] This Court should quash the January 2008 Subpoena for the same reasons because that subpoena consists of document requests that are either identical to or broader than the improper requests from Mattel's October 2007 Subpoena.[20]

---

[15] *Id.* at 12.
[16] Park Decl., Ex. 3.
[17] Park Decl., ¶ 5 & Ex. 3.
[18] Park Decl., ¶ 5.
[19] 5/7/08 Order at 7.
[20] Ex. A, attached hereto, at 1-3.

As shown in the chart attached to this motion, Request Nos. 5 and 7-12 of the January 2008 Subpoena are identical or virtually identical to Request Nos. 3 and 6-11, respectively, of the October 2007 Subpoena.[21] The Discovery Master rejected Request Nos. 3 and 6-11 of the October 2007 Subpoena as overly broad, not reasonably tailored and unreasonably duplicative and cumulative of other discovery.[22] Mattel cannot avoid that ruling by simply serving another subpoena with the same requests. To permit otherwise would render the Discovery Master's order meaningless.

Similarly, Mattel should not be permitted to demand that Wachovia produce documents in response to requests that are even broader than the requests that the Discovery Master has found to be improper. For example, the October 2007 Subpoena requests that were rejected by the Discovery Master broadly sought "everything relating to any loan between MGA and Wachovia from 1999 through the present."[23] The Discovery Master found that these requests were not only unrestrained in scope, but were "unreasonably duplicative and cumulative of discovery Mattel has already sought and obtained from MGA and Isaac Larian."[24]

Mattel's requests in its January 2008 Subpoena are even more egregious. Whereas the rejected October 2007 Subpoena requests sought everything relating to any loan between MGA and Wachovia since 1999, the January 2008 Subpoena requests seek literally every scrap of paper relating to any loan or other financing arrangement between MGA or Mr. Larian and Wachovia since 1996 or 1997.[25]

---

[21] Ex. A, attached hereto, at 1-3.
[22] 5/7/08 Order at 9-12.
[23] Id. at 10.
[24] Id.
[25] Park Decl., Ex 2 at 4-5 (Request Nos. 1-5, 7 & 8). See also, e.g., Ex. A, attached hereto, at 1 (comparing October 2007 Subpoena Request No. 1, which sought all documents relating to any loan between Wachovia and MGA since 1999, with January 2008 Subpoena Request No. 1, which seeks all documents relating to any loan between Wachovia and MGA or Mr. Larian since 1997).

Given the Discovery Master's well-reasoned finding that requests for essentially all financial documents from a nine-year period were excessive and improper, requests seeking to expand that period by two or three years should also be rejected.

Mattel may argue that this motion is unwarranted because Mattel was willing to withdraw its January 2008 Subpoena. However, Mattel was only willing to do so if the MGA Parties agreed to toll Mattel's time to appeal the Discovery Master's May 7, 2008 Order (which addressed the October 2007 Subpoena and numerous other subpoenas) until after Phase 2 discovery re-commences. The MGA Parties should not be required to give anything to Mattel, much less such a substantial extension of time, in order to obtain Mattel's withdrawal of a subpoena that is so clearly improper. Indeed, Mattel's refusal to withdraw its January 2008 Subpoena absent such a concession is a blatant abuse of the discovery process.

## IV. CONCLUSION

The Discovery Master's May 7 Order clearly defined the scope of relevance and the permissible scope of production from Wachovia. Mattel's attempt to circumvent or nullify that ruling with the January 2008 Subpoena should be rejected. Accordingly, the MGA Parties respectfully request that the Court quash Mattel's January 2008 Subpoena to Wachovia or, in the alternative, issue a protective order limiting the scope of the January 2008 Subpoena to Request Nos. 4 and 5 of the October 2007 Subpoena, as narrowed by the Discovery Master's May 7, 2008 Order.

DATED: May 16, 2008

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

By: /s/ Thomas J. Nolan
Thomas J. Nolan

Attorneys for MGA Entertainment, Inc.
MGA Entertainment (HK) Limited,
MGAE de Mexico, S.R.L. DE C.V., and
Isaac Larian

# Exhibit A

## COMPARISON OF OCTOBER 2007 AND JANUARY 2008 SUBPOENAS TO WACHOVIA

| Requests from October 2007 Subpoena | Corresponding Requests from January 2008 Subpoena |
|---|---|
| 1. All documents relating to any loan agreement, including without limitation any line of credit or other financing arrangement, that YOU have entered into with MGA since January 1, 1999, including without limitation drafts of any agreements.<br><br>**5/7/08 Order: REQUEST DENIED** | 1. All DOCUMENTS REFERRING OR RELATING TO any loan agreement, including without limitation any line of credit or other financing arrangement, that YOU have entered into with MGA and/or ISAAC LARIAN since January 1, 1997, including without limitation drafts of any agreements, accounting records, tax returns, pro formas, expense records, financial projections, budgets or business plans.<br><br>2. All DOCUMENTS REFERRING OR RELATING TO any loan agreement, including without limitation any line of credit or other financing arrangement, that YOU have entered into with ISAAC LARIAN since January 1, 1996, including without limitation drafts of any agreements, accounting records, tax returns, pro formas, expense records, financial projections, budgets or business plans. |
| 2. To the extent not included in YOUR production responsive to Request No. 1, all documents that MGA or any other person provided to YOU for purposes of entering into any loan agreement between YOU and MGA, including without limitation any line of credit or other financing arrangement or agreement, at any time since January 1, 1999, including without limitation accounting records, tax returns, pro formas, expense records, financial projections, budgets or business plans.<br><br>**5/7/08 Order: REQUEST DENIED** | 3. To the extent not included in YOUR production responsive to Request Nos. 1-2, all DOCUMENTS that MGA, ISAAC LARIAN, or any other person provided to YOU for purposes of entering into any loan agreement between YOU and MGA and/or ISAAC LARIAN, including without limitation any line of credit or other financing arrangement or agreement, at any time since January 1, 1996, including without limitation accounting records, tax returns, pro formas, expense records, financial projections, budgets or business plans. |
| 3. To the extent not included in YOUR production responsive to Request Nos. 1-2, all documents that were in the "three (3) boxes of loan documents" that YOU refer to in YOUR November 15, 2005 letter to Robert G. Wilson, Esq., letter which is included herein as Attachment "B."<br><br>**5/7/08 Order: REQUEST DENIED** | 5. To the extent not included in YOUR production responsive to Requests Nos. 1-4, all DOCUMENTS that were in the "three (3) boxes of loan DOCUMENTS" that YOU refer to in YOUR November 15, 2005 letter to Robert G. Wilson, Esq., letter which is included herein as Attachment "B." |

1

Exhibit __A__,
P. __7__

| Requests from October 2007 Subpoena | Corresponding Requests from January 2008 Subpoena |
|---|---|
| 4. To the extent not included in YOUR production responsive to Request Nos. 1-3, all documents relating to any loan agreement entered into by MGA, or sought or requested by MGA, during the time period January 1, 1999 and December 31, 2000, inclusive.<br><br>**5/7/08 Order: REQUEST LIMITED TO "all documents relating to any loan agreement entered into by MGA, or sought or requested by MGA, during the time period January 1, 1999 and December 31, 2000, inclusive"** | 6. To the extent not included in YOUR production responsive to Request Nos. 1-5, all DOCUMENTS relating to any loan agreement, including without limitation a line of credit or other financing arrangement, entered into by MGA and/or ISAAC LARIAN, or sought or requested by MGA and/or ISAAC LARIAN, during the time period January 1, 1999 and December 31, 2000, inclusive. |
| 5. To the extent not included in YOUR production responsive to Request Nos. 1-4, all communications between YOU and MGA during the time period January 1, 1999 and December 31, 2000, inclusive.<br><br>**5/7/08 Order: REQUEST LIMITED TO "'all communications between YOU and MGA during the time period January 1, 1999 and December 31, 2000, inclusive' regarding any loan agreement entered into by MGA, or sought or requested by MGA, during the time period January 1, 1999 and December 31, 2000, inclusive"** | 4. To the extent not included in YOUR production responsive to Request Nos. 1-3, all DOCUMENTS REFERRING OR RELATING TO COMMUNICATIONS between YOU and MGA and/or ISAAC LARIAN during the time period January 1, 1996 through the present, inclusive. |
| 6. To the extent not included in YOUR production responsive to Request Nos. 1-5, all documents indicating or showing a calculation of MGA's net worth or value.<br><br>**5/7/08 Order: REQUEST DENIED** | 7. To the extent not included in YOUR production responsive to Request Nos. 1-6 all indicating or showing a calculation of MGA's net worth or value. |
| 7. To the extent not included in YOUR production responsive to Request Nos. 1-6, all documents indicating or calculating the value of MGA's intellectual property or goodwill.<br><br>**5/7/08 Order: REQUEST DENIED** | 8. To the extent not included in YOUR production responsive to Request Nos. 1-7, all DOCUMENTS indicating or calculating the value of MGA's intellectual property or goodwill. |
| 8. All documents relating to BRATZ, including without limitation those YOU obtained from MGA, since January 1, 1999.<br><br>**5/7/08 Order: REQUEST DENIED** | 9. All DOCUMENTS relating to BRATZ, including without limitation those YOU obtained from MGA, since January 1, 1999. |

2

Exhibit __A__,
P. __8__

| Requests from October 2007 Subpoena | Corresponding Requests from January 2008 Subpoena |
|---|---|
| 9.     All documents relating to the MATTEL ACTION.<br><br>**5/7/08 Order: REQUEST DENIED** | 10.     All DOCUMENTS REFERRING OR RELATING TO the MATTEL ACTION. |
| 10.     All documents relating to the FARHAD LARIAN DISPUTES, including without limitation any discovery requests received by YOU in connection therewith and any communications between YOU and counsel for Farhad Larian or counsel for Isaac Larian.<br><br>**5/7/08 Order: REQUEST DENIED** | 11.     All DOCUMENTS REFERRING OR RELATING TO the FARHAD LARIAN DISPUTES, including without limitation any discovery requests received by YOU in connection therewith and any DOCUMENTS REFERRING OR RELATING TO COMMUNICATIONS between YOU and counsel for Farhad Larian or counsel for ISAAC LARIAN. |
| 11.     Documents sufficient to show your preservation, retention or destruction policies applicable to documents sought by or the subject of Request Nos. 1 through 10.<br><br>**5/7/08 Order: REQUEST DENIED** | 12.     DOCUMENTS sufficient to show your preservation, retention or destruction policies applicable to DOCUMENTS sought by or the subject of Request Nos. 1-11. |
| 12.     Documents sufficient to identify any other MGA lender or person who extended or was requested to extend a line of credit to MGA since January 1, 1998.<br><br>**5/7/08 Order: REQUEST DENIED** | 13.     DOCUMENTS sufficient to identify any other MGA lender or person who extended or was requested to extend a line of credit to MGA since January 1, 1996. |

Exhibit A,
P. 9

3