1  THOMAS J. NOLAN (Bar No. 66992)
   (tnolan@skadden.com)
2  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
   300 South Grand Avenue, Suite 3400
3  Los Angeles, CA 90071
   Tel.: (213) 687-5000/Fax: (213) 687-5600
4
   RAOUL D. KENNEDY (Bar No. 40892)
5  (rkennedy@skadden.com)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
6  Four Embarcadero Center, 38th Floor
   San Francisco, CA 94111
7  Tel.: (415) 984-6400/Fax: (415) 984-2698

8  Attorneys for MGA Entertainment, Inc., MGA Entertainment (HK) Limited,
   MGAE de Mexico, S.R.L. DE C.V., and Isaac Larian

9

10

11             UNITED STATES DISTRICT COURT

12            CENTRAL DISTRICT OF CALIFORNIA

13

| | |
|---|---|
| 14  CARTER BRYANT, an individual, | )  CASE NO. CV 04-9049 SGL (RNBx) |
| 15                 Plaintiff, | )  Consolidated with Case No. 04-9059 |
| | )  and Case No. 05-2727 |
| 16            v. | ) |
| | )  DECLARATION OF AMY S. PARK |
| 17  MATTEL, INC., a Delaware | )  IN SUPPORT OF MGA PARTIES' |
|    corporation, | )  MOTION TO QUASH OR, IN THE |
| 18 | )  ALTERNATIVE, FOR |
| | )  PROTECTIVE ORDER |
| 19                 Defendant. | ) |
| | )  Date:   June 23, 2008 |
| 20 | )  Time:   10:00 a.m. |
| | )  Judge:  Hon. Stephen G. Larson |
| 21  AND CONSOLIDATED ACTIONS | ) |
| 22 | ) |

23

24

25

26

27

28

I, Amy S. Park, declare:

1.     I am an attorney duly licensed to practice law in the State of California and am a partner with the law firm of Skadden, Arps, Slate, Meagher & Flom LLP, counsel of record for MGA Entertainment Inc., MGA Entertainment (HK) Limited, MGAE De Mexico, S.R.L. De C.V. and Isaac Larian in this action. Except where otherwise noted, I have personal knowledge of the facts set forth below and could competently testify thereto.

2.     Attached hereto as Exhibit 1 is a true and complete copy of a subpoena dated October 25, 2007, issued by Mattel to Wachovia Corporation.

3.     Attached hereto as Exhibit 2 is a true and complete copy of a subpoena dated January 15, 2008, issued by Mattel to Wachovia.

4.     Attached hereto as Exhibit 3 is a true and complete copy of emails exchanged on May 13, 2008 and May 16, 2008, between Jon Corey, counsel for Mattel, and my colleague Bernard Shek and me.

5.     On May 14, 2008, I spoke with Mr. Corey by telephone regarding Mattel's January 2008 subpoena to Wachovia. Mr. Corey informed me that Mattel would not agree to withdraw that subpoena unless the MGA Parties agreed, among other things, to toll the time for Mattel to appeal the Discovery Master's May 7, 2008 order until after Phase 2 discovery re-commences. On May 16, 2008, my colleague, Bernard Shek, notified Mr. Corey that the MGA Parties would not agree to Mattel's proposal.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 16th day of May, 2008, in Palo Alto, California.

                                        Amy Park

# Exhibit 1

1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
2      John B. Quinn (Bar No. 90378)
       (johnquinn@quinnemanuel.com)
3      Michael T. Zeller (Bar No. 196417)
       (michaelzeller@quinnemanuel.com)
4      Jon D. Corey (Bar No. 185066)
       (joncorey@quinnemanuel.com)
5      Timothy L. Alger (Bar No. 160303)
       (timalger@quinnemanuel.com)
6   865 South Figueroa Street, 10th Floor
    Los Angeles, California 90017-2543
7   Telephone: (213) 443-3000
    Facsimile: (213) 443-3100
8   Attorneys for Mattel, Inc.

9               UNITED STATES DISTRICT COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11                    EASTERN DIVISION

12

| 13 | CARTER BRYANT, an individual, | CASE NO. CV 04-09049 SGL (RNBx) |
|---|---|---|
| 14 | Plaintiff, | Consolidated with Case Nos. CV 04-9059 and CV 05-2727 |
| 15 | v. | NOTICE OF SUBPOENA ISSUED TO WACHOVIA CORPORATION |
| 16 | MATTEL, INC., a Delaware Corporation, | **Phase 1:** |
| 17 | | Discovery Cut-off:     January 14, 2008 |
| 18 | Defendant, | Pre-trial Conference:  April 7, 2008<br>Trial Date:            April 29, 2008 |
| 19 | | **Phase 2:** |
| 20 | | Discovery Cut-off:     March 3, 2008<br>Pre-trial Conference:  June 2, 2008 |
| 21 | | Trial Date:  July 1, 2008 |
| 22 | AND CONSOLIDATED CASES | |

23

24

25

26

27

28                    Exhibit  1  ,
                      P.  2

1       PLEASE TAKE NOTICE that, pursuant to Rule 45 of the <u>Federal Rules of</u>

2   <u>Civil Procedure</u>, Mattel, Inc., has issued a subpoena attached as Exhibit 1,

3   requesting the production of specified documents to the following:

4       1)    Wachovia Corporation, Legal Division, Legal Orders Processing, 101

5   N. Independence Mall East, Philadelphia, PA 19106.

6

7   DATED: October 25, 2007      QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

8

9                   By_____

10                     Juan Pablo Albán
                       Attorneys for Mattel, Inc.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit _1_,
P. _3_

-2-
NOTICE OF SUBPOENA ISSUED TO WACHOVIA CORPORATION

AO88 (Rev. 12/06) Subpoena in a Civil Case

### Issued by the

# UNITED STATES DISTRICT COURT

_____ Eastern _____   DISTRICT OF _____ Pennsylvania _____

CARTER BRYANT, an Individual

### SUBPOENA IN A CIVIL CASE

V.

MATTEL, INC., a Delaware Corporation

Case Number: [1]  C.D.Cal. CV 04-9049 SGL(RNBx)
Consolidated with cases CV 04-9059
and CV 05-2727

TO:  Wachovia Corporation, Legal Division
Legal Orders Processing
101 N. Independence Mall East, Philadelphia, PA 19106

☐   YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Atachment A

| PLACE<br>Turbo Legal Support Services<br>417 Champion Avenue<br>West Collingswood, NJ 08107 | DATE AND TIME<br>November 8, 2007<br>10 a.m. |
|---|---|

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>Attorney for Plaintiff, Mattel, Inc. | DATE<br>October 25, 2007 |
|---|---|

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Juan Pablo Alban, Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa St., 10th Floor, Los Angeles, CA 90017 (213) 443-3000

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

Exhibit _1_ ,
P. _4_

AO-88

AO88  (Rev.  12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

Exhibit  1  ,
P.  5

## ATTACHMENT A

## Documents To Be Produced

1.  **DEFINITIONS.**

    a.   "YOU" or "YOUR" means Wachovia Corporation, and all of YOUR affiliates, current or former employees, attorneys, including partners, associates and shareholders, agents, representatives, accountants, vendors, consultants, independent contractors, predecessors-in-interest and successors-in-interest, and any other person acting on YOUR behalf, pursuant to YOUR authority or subject to YOUR control.

    b.   "BRATZ" means any project, product, doll or DESIGN ever known by that name (whether in whole or in part and regardless of what such project, product or doll is or has been also, previously or subsequently called) and any product, doll or DESIGN or any portion thereof that is now or has ever been known as, or sold or marketed under, the name or term "Bratz" (whether in whole or in part and regardless of what such product, doll or DESIGN or portion thereof is or has been also, previously or subsequently called) or that is now or has ever been sold or marketed as part of the "Bratz" line, and each version or iteration of such product, doll or DESIGN or any portion thereof.  Without limiting the generality of the foregoing, the term "BRATZ" does not and shall not require that there be a doll existing at the time of the event, incident or occurrence that is the subject of, or otherwise relevant or responsive to, the Requests herein.

    c.   "DESIGN" or "DESIGNS" means any and all representations, whether two-dimensional or three-dimensional, and whether in tangible, digital, electronic or other form, including but not limited to all works, designs, artwork, sketches, drawings, illustrations, representations, depictions, blueprints, schematics, diagrams, images, sculptures, prototypes, models, samples, rotocasts, reductions to practice, developments, concepts, ideas, inventions and/or improvements, as well as all other items, things and documents in which any of the foregoing are or have been expressed, embodied, contained, fixed or reflected in any manner, whether in whole or in part. the phrase "product, doll or DESIGN or any portion thereof" also includes without limitation any names, fashions, accessories, artwork, packaging or any other works, materials, matters or items included or associated therewith.

    d.   "MGA" means MGA Entertainment Inc., any of its current or

07209/2265091.1

1

Exhibit _1_ ,
P. _6_

former employees, officers, directors, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, shareholders, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other person acting on its behalf, pursuant to its authority or subject to its control. Without any limitation on the foregoing, "MGA" includes "ABC International Traders, Inc.," as MGA was formerly known. Also without any limitation on the foregoing, "MGA" includes Isaac Larian.

e.    "MATTEL ACTION" means this action now consolidated under Case No. 04-9049 before the Hon. Stephen Larson and formerly <u>Mattel, Inc. v. Bryant</u>, first filed in Los Angeles County Superior Court; <u>Bryant v. Mattel, Inc.</u>; and <u>MGA Entertainment, Inc. v. Mattel, Inc.</u>; and all counterclaims, cross-claims and defenses therein.

f.    The "FARHAD LARIAN DISPUTES" means any and all suits, arbitrations and disputes between Farhad Larian, on the one hand, and Isaac Larian, on the other hand, including without limitation the actions captioned <u>Fahrad Larian v. Isaac Larian</u>, Los Angeles Superior Court Case No. BC 301371 and <u>Fahrad Larian v. Morad Zarabi et al.</u>, Los Angeles Superior Court Case No. BC 329501, and the arbitration captioned <u>Fahrad Larian v. Isaac Larian</u> before ADR Services, Inc., ADRS Case No. 05-2096-ABH.


2.    <u>DOCUMENTS TO BE PRODUCED.</u>

(1)    All documents relating to any loan agreement, including without limitation any line of credit or other financing arrangement, that YOU have entered into with MGA since January 1, 1999, including without limitation drafts of any agreements.

(2)    To the extent not included in YOUR production responsive to Request No. 1, all documents that MGA or any other person provided to YOU for purposes of entering into any loan agreement between YOU and MGA, including without limitation any line of credit or other financing arrangement or agreement, at any time since January 1, 1999, including without limitation accounting records, tax returns, pro formas, expense records, financial projections, budgets or business plans.

(3)    To the extent not included in YOUR production responsive to Request

07209/2265091.1

Exhibit _1_ , P. _7_

Nos. 1-2, all documents that were in the "three (3) boxes of loan documents" that YOU refer to in YOUR November 15, 2005 letter to Robert G. Wilson, Esq., letter which is included herein as Attachment "B."

(4)     To the extent not included in YOUR production responsive to Request Nos. 1-3, all documents relating to any loan agreement entered into by MGA, or sought or requested by MGA, during the time period January 1, 1999 and December 31, 2000, inclusive.

(5)     To the extent not included in YOUR production responsive to Request Nos. 1-4, all communications between YOU and MGA during the time period January 1, 1999 and December 31, 2000, inclusive.

(6)     To the extent not included in YOUR production responsive to Request Nos. 1-5, all documents indicating or showing a calculation of MGA's net worth or value.

(7)     To the extent not included in YOUR production responsive to Request Nos. 1-6, all documents indicating or calculating the value of MGA's intellectual property or goodwill.

(8)     All documents relating to BRATZ, including without limitation those YOU obtained from MGA, since January 1, 1999.

(9)     All documents relating to the MATTEL ACTION.

(10)    All documents relating to the FARHAD LARIAN DISPUTES, including without limitation any discovery requests received by YOU in connection therewith and any communications between YOU and counsel for Farhad Larian or counsel for Isaac Larian.

(11)    Documents sufficient to show your preservation, retention or destruction policies applicable to documents sought by or the subject of Request Nos. 1 through 10.

(12)    Documents sufficient to identify any other MGA lender or person who extended or was requested to extend a line of credit to MGA since January 1, 1998.

07209/2265091.1

3

Exhibit _I_,
P. _8_

# ATTACHMENT B

Exhibit _1_,
P. _9_

Wachovia Corporation
Legal Division
NC0630
One Wachovia Center
301 South College Street
Charlotte, NC 28288

Tel 704 374-6611

Fer    M. Shepard
Vice President
Assistant General Counsel
Direct Dial 704-383-4448
Fax 704-383-0649
fenita.shepard@wachovia.com



**WACHOVIA**

November 15, 2005

**VIA FAX AND US MAIL**
Robert G. Wilson, Esq.
Cotkin, Collins, & Ginsburg
300 South Grand Avenue, 24th Floor
Los Angeles, CA 90071-3134

RE:    LARIAN V. LARIAN ARBITRATION

Dear Mr. Wilson:

Not only do I concur with Mr. Feldman's position, but also there is absolutely no way that I can produce the documents to you by tomorrow. There are three (3) boxes of loan documents that need to be reviewed for responsiveness and privilege. Only after such a review, can these documents be made available.

Also, Mr. Laugton will be on vacation from November 21, 2005 through November 28, 2005. Please let me know if you are agreeable to a stipulation as to the authenticity of the documents so that Mr. Laughton will not have to appear. Otherwise, please let me know when, this week, you will need Mr. Laughton to testify.

Very truly yours,

*Fenita M. Shepard*

Fenita M. Shepard

Cc:    Richard L. Kellner, Esq.
Robert M. Turner, Esq.

CC 00570

Exhibit  1  ,
P.  10

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543.

On October 25, 2007, I served true copies of the following document(s) described as **NOTICE OF SUBPOENA ISSUED TO WACHOVIA CORPORATION** on the parties in this action as follows:

Thomas J. Nolan, Esq.
Carl Roth, Esq.
**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**
300 S. Grand Ave., STE 3400
Los Angeles, CA 90071

John W. Keker, Esq.
Michael H. Page, Esq.
Christina M. Anderson, Esq.
**KEKER & VAN NEST, LLP**
710 Sansome St.
San Francisco, CA 94111

Mark E. Overland
David C. Scheper
Alexander H. Cote
**OVERLAND BORENSTEIN SCHEPER & KIM, LLP**
300 South Grand Avenue, Suite 2750
Los Angeles, CA 90071

**BY MAIL:** I am "readily familiar" with the practices of Quinn Emanuel Urquhart Oliver & Hedges for collecting and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business. I enclosed the foregoing in sealed envelope(s) addressed as shown above, and such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Los Angeles, California, on that same day following ordinary business practices.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on October 25, 2007, at Los Angeles, California.

Lorraine Robles

07209/2265471.1

Exhibit _1_,
P. _11_

# Exhibit 2

🔖 AO88 (Rev. 12/06) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

__NORTHERN__ DISTRICT OF __CALIFORNIA__

CARTER BRYANT, an individual,

v.

MATTEL, INC., a Delaware corporation,

## SUBPOENA IN A CIVIL CASE

Case Number: [1] CV 04-9049 SGL (RNBx)
consolidated with cases CV 04-9059 and CV 05-2727
Central District of CA

TO: Wachovia Corporation, Legal Division
Legal Orders Processing
101 N. Independence Mall East, Philadelphia, PA 19106

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | |
|  | DATE AND TIME |
|  | |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquart Oliver and Hedges, LLP 555 Twin Dolphin Drive, Suite 560, Redwood Shores, CA 94065 | January 28, 2008 9:00 a.m. |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
|  | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney For Plaintiff, Mattel Inc. | January 15, 2008 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Jon D. Corey, Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 S. Figueroa Street, 10th Floor, Los Angeles, CA 90017-2543 (213) 443-3000

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

Exhibit 2,
P. 12

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE | PLACE |
|---|---|
| | |

**SERVED**

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

| DATE | SIGNATURE OF SERVER |
|---|---|
| | |
| | ADDRESS OF SERVER |

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

Exhibit 2,
P. 13

# ATTACHMENT A

1.     Any loan agreement or line of credit or other financing arrangement that Wachovia Corporation has entered into with MGA Entertainment, Inc., since January 1, 1999.

2.     The information provided to you by MGA Entertainment, Inc. for purposes of entering into any loan agreement or line of credit or other financing, at any time since January 1, 1999.

3.     Any explanation or justification that you understood or was provided for your for why MGA Entertainment, Inc. needed or sought any loan agreement or line of credit or other financing arrangement from Wachovia Corporation since January 1, 1999.

3.     The assets of MGA Entertainment, Inc. between January 1, 1999 and the present.

4.     The value of the assets of MGA Entertainment between January 1, 1999 and the present.

5.     Any other MGA Entertainment, Inc. lenders or persons who extended or was requested to extend a line of credit to MGA Entertainment, Inc. since January 1, 1998.

07209/2353385.1

1

# Exhibit 3

**From:**   joncorey@quinnemanuel.com
**Sent:**   Friday, May 16, 2008 10:50 AM
**To:**   Shek, Bernard (PAL)
**Cc:**   Park, Amy S (PAL)
**Subject:** RE: Meet and confer -- Wachovia subpoena

Bernard,

I find your position to be unreasonable and unfortunate.  We will oppose the application.  We ask you to advise Judge Larson of the terms of our proposal in you application.

Best regards,


Jon Corey
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Main Phone: (213) 443-3000
Main Fax:  (213) 443-3100
E-mail:  joncorey@quinnemanuel.com
Web:  www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above.  This message may be an attorney-client communication and/or work product and as such is privileged and confidential.  If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.


**From:** Shek, Bernard [mailto:Bernard.Shek@skadden.com]
**Sent:** Friday, May 16, 2008 10:38 AM
**To:** Jon Corey
**Cc:** Park, Amy S (PAL)
**Subject:** RE: Meet and confer -- Wachovia subpoena

Jon:

Following up on your conversation with Amy regarding the January 2008 subpoena to Wachovia, we are not willing to agree to toll the time for Mattel to appeal Judge Infante's May 7, 2008 Order.  Since you will not withdraw the subpoena absent such agreement, we will proceed with filing a motion to quash.  We will also be applying for relief from the 10-day requirement under Local Rule 37-1 and the joint stipulation requirement under Local Rule 37-2.  Could you please let us know by 1 pm today whether you will oppose our application for such relief?

Thanks,
Bernard

Exhibit  3  ,
P.  15

5/16/2008

**From:** Jon Corey [mailto:joncorey@quinnemanuel.com]
**Sent:** Tuesday, May 13, 2008 6:06 PM
**To:** Park, Amy S (PAL)
**Cc:** Shek, Bernard (PAL); Michael T Zeller; Dylan Proctor
**Subject:** RE: Meet and confer -- Wachovia subpoena

Amy,

I have looked at the stipulation and the other subpoenas. I assume that the scope of your request relates solely to the document subpoenas to Wachovia. Mattel will agree to withdraw the January 28, 2008 document subpoena to Wachovia on the following conditions. First, that the subpoena is withdrawn without prejudice. Second, that Wachovia will produce all documents responsive to Judge Infante's May 7, 2008 Order. Third, that MGA and Wachovia will not withhold any responsive documents on the grounds that they may be in the "three (3) boxes of loan documents" referenced in Wachovia's November 15, 2005 letter. Fourth, that Mattel's time to object the May 7, 2008 order is tolled indefinitely. The reason for the last request is that a number of the issues that Mattel may appeal related to Phase 2 claims, defenses and damages. As Phase 2 discovery is stayed, we believe Judge Infante did not fully consider the relationship between the requests and the Phase 2 issues. For example, Judge Infante did not specifically consider the ConsumerQuest subpoena, which raises issues separate and distinct from the requests in the financial subpoenas. We believe that some of the other requests in the financial subpoenas fall into that same category as well. If you would like to discuss or to prepare a stipulation along those lines, please do so.

Best regards,


Jon Corey
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Main Phone: (213) 443-3000
Main Fax: (213) 443-3100
E-mail: joncorey@quinnemanuel.com
Web: www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Park, Amy S [mailto:Amy.Park@skadden.com]
**Sent:** Tuesday, May 13, 2008 4:36 PM
**To:** Jon Corey
**Cc:** Shek, Bernard (PAL)
**Subject:** Meet and confer -- Wachovia subpoena

Jon,

I am writing to follow up on our call this morning regarding Mattel's Janury 2008 subopena to Wachovia, to which

Exhibit _3_ ,
P. _16_

5/16/2008

responses had been stayed pending Judge Infante's ruling on MGA's motion to quash the October 2007 subpoena to Wachovia.  As we discussed, please let me know whether Mattel will agree to withdraw the January 2008 document subpoena to Wachovia in light of Judge Infante's May 7, 2008 order regarding MGA's motion to quash the October 2007 subpoena.

As I explained this morning, the requests in the January 2008 subpoena are either identical to or, in some instances, even broader than the requests in the October 2007 subpoena.  Judge Infante's May 7 order denied all but 2 requests (requests 4 and 5) in the October 2007 subpoena.  To the extent the requests in the January 2008 subpoena are the same as the ones rejected by Judge Infante in the May 7 order (January requests 5, 7, 8, 9 and 12), those requests are objectionable and should be withdrawn for the reasons set forth in our prior motion to quash and in Judge Infante's order.  To the extent the requests in the January 2008 subpoena are even broader than the requests in the October 2007 subpoena (January requests 1-4, 6, 10, 11 and 13), those requests are even more objectionable than the prior requests that they expand and should likewise be withdrawn.  In ruling on MGA's motion to quash the October 2007 subpoena, Judge Infante defined the scope of relevance and the permissible scope of production from Wachovia.  There is no basis for the requests in the January 2008 subpoena, which either duplicate or seek even more documents from Wachovia.

If Mattel will not withdraw its January 2008 subpoena to Wachovia, please let me know if Mattel will stipulate to either (1) an extension of time for MGA to move to quash the subpoena; or (2) relieve MGA from the requirements of Rules 37-1 and 37-2.  As you may recall, on January 31, 2008, Judge Larson entered an order approving the parties' stipulation regarding the timeline for responding to the January 2008 subpoena to Wachovia.  Under the timeline set forth in that order, it would be impossible for MGA to comply simultaneously with that order and Rules 37-1 and 37-2.

Thank you.

**Amy S. Park**
**Skadden, Arps, Slate, Meagher & Flom LLP**
525 University Avenue | Suite 1100 | Palo Alto, CA 94301
T: 650.470.4511 | F: 888.329.6334 | E: amy.park@skadden.com


**Brenda Fry, Assistant to Amy S. Park**
T: 650.470.4567 | E: brenda.fry@skadden.com


Skadden


------------------------------------------------------------------
*********************************************** To ensure compliance with Treasury Department regulations, we advise you that, unless otherwise expressly indicated, any federal tax advice contained in this message was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or applicable state or local tax law provisions or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein. *****************************************************
*********************************************** This email and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified any dissemination, distribution or copying of this email, and any attachments thereto, is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original copy and any copy of any email, and any printout thereof. Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request. *****************************************************
==================================================================


------------------------------------------------------------------

Exhibit _3_ ,
P. _17_

*************************************************** To ensure compliance with Treasury Department regulations, we advise you that, unless otherwise expressly indicated, any federal tax advice contained in this message was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or applicable state or local tax law provisions or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein. **************************************************
*************************************************** This email and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified any dissemination, distribution or copying of this email, and any attachments thereto, is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original copy and any copy of any email, and any printout thereof. Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request. ***************************************************
==================================================================

Exhibit  3  ,
P.  18

5/16/2008