THOMAS J. NOLAN (Bar No. 66992)
(tnolan@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, CA 90071
Tel.: (213) 687-5000/Fax: (213) 687-5600

RAOUL D. KENNEDY (Bar No. 40892)
(rkennedy@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
4 Embarcadero Center, 38th Floor
San Francisco, CA 94111-5974
Tel.: (415) 984-6400/ Fax: (415) 984-2698

Attorneys for MGA Entertainment, Inc., MGA Entertainment (HK) Limited, MGAE de Mexico, S.R.L. DE C.V., and Isaac Larian

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case No. CV 04-09039 and Case No. CV 05-02727<br><br>MGA AND CARTER BRYANT'S OBJECTIONS TO MATTEL'S IMPROPER ATTEMPT TO AMEND ITS COMPLAINT AND COUNTERCLAIMS THROUGH AN UNTIMELY ADDITION TO THE FINAL PRETRIAL CONFERENCE ORDER<br><br>Date: May 19, 2008<br>Time: 1:30 p.m.<br>Judge: Honorable Stephen G. Larson<br>Place: Courtroom 1<br><br>**Phase 1**<br><br>Discovery Cutoff: January 28, 2008<br>Pretrial Conference: May 19, 2008<br>Trial Date: May 27, 2008 |

## OBJECTIONS TO MATTEL'S IMPROPER ATTEMPT TO AMEND ITS COMPLAINT AND COUNTERCLAIMS THROUGH AN UNTIMELY ADDITION TO THE FINAL PRETRIAL CONFERENCE ORDER

After weeks of work and careful negotiation, the parties jointly submitted the Final Pretrial Conference Order on May 5, 2008 in advance of the Final Pretrial Conference set for May 19, 2008. Literally on the eve of trial, Mattel has sought to unilaterally amend its complaint and counterclaims via last minute additions to the Final Pretrial Conference Order without leave of court, without any showing of good cause, and without any good faith basis or explanation for this effort to expand the claims being pursued in this case. Mattel's untimely amendment should be rejected.

On Friday, May 16 at 4:58 pm, Mattel sent an email to counsel for MGA and Bryant stating that Mattel intended to file an "amendment" to the Final Pretrial Conference Order. Less than an hour later, Mattel unilaterally filed its amendment with the Court. Mattel's amendment seeks to expand its claim for breach of contract against Bryant and its request for a Declaratory Judgment to assert rights to the "idea" for the name "Bratz" – claims that were never part of this litigation and therefore were not asserted in the Final Pretrial Conference Order prepared by the parties and filed with the Court.

Mattel's untimely and improper attempt to amend the Final Pretrial Conference Order should be denied for at least <u>two</u> reasons:

**First**, Mattel's amendment is untimely. During the four-year history of this case, Mattel had every opportunity to amend its pleadings to explicitly assert rights to the idea of the name "Bratz." To permit Mattel to amend and expand its breach of contract and declaratory relief claims at this late date without notice or any opportunity for the MGA parties or Bryant to challenge the sufficiency of Mattel's claim as a matter of law would be exceedingly unfair and prejudicial. *See Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (appropriate to deny a

1  motion for leave to amend three months before trial if permitting proposed
2  amendment would prejudice the opposing party); *Lockheed Martin Corp. v. Network*
3  *Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) (affirming denial of motion for
4  leave to add claims on which discovery had not been undertaken and which would
5  prejudice opposing party); *Sakamoto v. U.S. Envtl. Protection Agency*, 443 F. Supp.
6  2d 1182, 1200-1201 (N.D. Cal. 2006) (denying leave to amend because "[t]he
7  parties' summary judgment motions have been fully briefed and argued" and the
8  proposed amendments would "unduly prolong these proceedings"); *Switchmusic.com,*
9  *Inc. v. U.S. Music Corp.*, No. CV 04-4588RGKPLAX, 2005 WL 3750748 (C.D. Cal.
10 Dec. 12, 2005) (denying leave to amend where party seeking amendment unduly
11 delayed and where proposed amendments would require the re-opening of discovery,
12 thus delaying the proceedings).

13 **Second**, Mattel's amendment should be rejected as pointless and ultimately
14 futile. *See Roth v. Marquez*, 942 F.2d 617, 628 (9th Cir. 1991) ("courts have
15 discretion to deny leave to amend ... for 'futility,' and futility includes the
16 inevitability of a claim's defeat on summary judgment."). On its face, Mattel's
17 untimely proposed amendment does not seek any rights to the BRATZ trademark
18 owned by MGA. All Mattel seeks is a declaration of rights to the "idea" for the
19 name "Bratz" – an idea that is no more protectible than the "idea" for a fashion doll
20 named "Barbie." *See Department of Parks and Recreation v. Bazaar del Mundo,*
21 *Inc.*, 448 F.3d 1118, 1125 (9th Cir. 2006) ("To acquire ownership of a trademark it is
22 not enough to have invented the mark first or even to have registered it first; the
23 party claiming ownership must have been the first to actually use the mark in the sale
24 of goods or services."). It is fundamental that trademark rights only arise through
25 use of a trademark in commerce in connection with the marketing or sale of goods
26 and services. *See Bazaar del Mundo, Inc.*, 448 F.3d at 1126 ("[O]wnership of a mark

1 | requires both appropriation and use in trade; and [ ]ownership of a mark and the
2 | exclusive right to a mark belongs to the one who first uses the mark on goods placed
3 | on the market.") Here, it is beyond dispute that neither Mattel nor Bryant ever used
4 | the BRATZ name in commerce at any time. The only party that has used BRATZ in
5 | commerce and the only party that has any rights to the BRATZ trademark is MGA –
6 | which has spent years and millions of dollars building BRATZ into a world-
7 | renowned brand.

8 | The Court should reject Mattel's untimely attempt to amend its claims to
9 | assert rights to an unprotectable idea that has no bearing on any issue in this case.

11 | DATED: May 18, 2008

Respectfully submitted,

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: *Thomas J. Nolan /ca*
Thomas J. Nolan
Attorneys for MGA Entertainment, Inc., Isaac Larian, MGA Entertainment (HK) Limited, and MGAE de Mexico S.R.L. de C.V.