QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
John B. Quinn (Bar No. 090378)
(johnquinn@quinnemanuel.com)
Michael T. Zeller (Bar No. 196417)
(michaelzeller@quinnemanuel.com)
Jon D. Corey (Bar No. 185066)
(joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. Stephen G. Larson<br><br>MATTEL, INC.'S RESPONSE TO MGA PARTIES' APPLICATION FOR RELIEF FROM REQUIREMENTS OF LOCAL RULES 37-1 AND 37-2<br><br>Hearing Date: June 23, 2008<br>Time: 10:00 a.m.<br>Place: Courtroom 1<br><br>**Phase 1:**<br>Pre-trial Conference: May 19, 2008<br>Trial Date: May 27, 2008 |

07209/2510292.1

## MEMORANDUM OF POINTS AND AUTHORITIES

Mattel does not oppose this *ex parte* application. The accompanying Motion to Quash or, In the Alternative, for a Protective Order ("Motion"), should be resolved on an expedited basis. It should be denied as moot. MGA asks to have a January 28, 2008 subpoena to Wachovia quashed. Mattel offered to withdraw its January 28, 2008 subpoena to Wachovia without prejudice to it being renewed when Phase 2 discovery commenced. Inexplicably, MGA refused Mattel's offer, filed this *ex parte* application and filed the accompanying Motion. Mattel reiterates it offer here.

### Argument

The Discovery Master issued the order narrowing Mattel's October 2007 subpoena on Wachovia on May 7, 2008. (Docket No. 3501.)[1] Three days before it had to file its motion to quash, MGA called Mattel to request that Mattel withdraw the January 2008 subpoena, or else it would file a motion to quash. (Id. at 3.) MGA then summarized the call in an e-mail. (Id. at 3-4). Mattel responded that same afternoon, offering to withdraw the subpoena if MGA would agree that Mattel's time to appeal that ruling would be tolled until Phase 2 discovery commenced. (Id. at 3.) The parties had a brief discussion about Mattel's offer, and

---

[1] Although Mattel does not oppose MGA's application, not good cause exists to grant it. MGA claims this was insufficient time to comply with Local Rules 37-1 and 37-2 (App. at 2:24-3:7) but suggests that MGA at least complied with the requirements of the Discovery Master stipulation. (App. at 3:14-26.) MGA did not comply with the Discovery Master stipulation. Had MGA written Mattel a request to meet and confer on May 7, 2008, MGA could have filed its motion to quash by May 13, 2008 under the Discovery Master stipulation. MGA did not make such a request in writing. (Park Dec. iso App., Exh. 1.) MGA never asked Mattel if it would be agreeable to following the briefing schedule of the Discovery Master stipulation instead of the local rules. (Id.) MGA's urgency is of its own creation, it therefore has not shown good cause to justify the relief sought. "Ex Parte applications are not intended to save the day for parties who have failed to present requests when they should have." Mission Power Eng. Co. v. Continental Cas. Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995).

counsel for MGA committed to confer with her client. MGA then rejected Mattel's offer in writing without explanation the same day it filed its motion to quash. (Id. at 2.)

Mattel sees no good cause to burden the Court with a Motion to Quash when Mattel has offered to withdraw the subpoena at issue without prejudice to reserving it sometime after Phase 2 discovery commences, if at all. By forcing the Court to spend time dealing with discovery that could be deferred until Phase 2, MGA contradicts the very spirit of the ruling staying Phase 2 discovery that it sought so hard to obtain.

### Conclusion

Mattel respectfully requests that the ex parte application be granted, that the Motion be denied as moot because Mattel will withdraw its subpoena without prejudice to it being reserved in Phase 2 discovery.

DATED: May 19, 2008        QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/ Jon D. Corey
    Jon D. Corey
    Attorneys for Mattel, Inc.