QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727 |
| vs. | |
| MATTEL, INC., a Delaware corporation, | Hon. Stephen G. Larson |
| Defendant. | MATTEL, INC.'S RESPONSE TO MGA AND CARTER BRYANT'S OBJECTIONS TO MATTEL'S ALLEGED IMPROPER ATTEMPT TO AMEND ITS COMPLAINT AND COUNTERCLAIMS THROUGH AN UNTIMELY ADDITION TO THE FINAL PRETRIAL CONFERENCE ORDER |
| AND CONSOLIDATED ACTIONS | |

Hearing Date: May 19, 2008
Time: 1:30 p.m.
Place: Courtroom 1

**Phase 1:**
Pre-trial Conference: May 19, 2008
Trial Date: May 27, 2008

MGA and Carter Bryant claim that Mattel is seeking to improperly amend its complaint and expand its claims by amending the proposed Final Pretrial Conference Order to clarify, as has been well documented, that Mattel claims as one of the "inventions" that Bryant conceived while a Mattel employee is the name "Bratz." Mattel is doing no such thing. This subject matter was covered in the Final Pretrial Conference Order initially submitted. On page 74, it read: "Mattel will show that Bryant created intellectual property (including without limitation designs, concepts, ideas, improvements, drawings and sculpts) relating to Bratz during his Mattel employment and that such intellectual property is therefore owned by Mattel."[1] Indeed, as the Court is aware, the parties extensively argued on summary judgment whether Bryant's Mattel contracts covered ideas and concepts. The Court ruled it did. All the revisions do is clarify that names are included in what Bryant created while at Mattel and that Mattel therefore owns them. The revision about which MGA complains did no more than clarify and tailor, as a pretrial conference order should. The Amended Proposed Pretrial Conference Order adds the following sentence: Such ideas include, but are not limited to, the name "Bratz."[2]

This is not a surprise to MGA or Bryant, nor can they conceivably be prejudiced. Mattel has made two things abundantly clear about its claims for years. First, that Mattel has rights to any "invention" that Bryant "conceived" while at Mattel, including ideas. Second, to the extent that Bryant assigned away those rights improperly, Mattel is entitled to their return or for damages flowing from the improper assignment.

For example, in the original complaint filed in 2004, Mattel took issue with Bryant's assignment of "all intellectual property rights to preexisting works by Bryant" that he assigned to MGA and accused Bryant of improperly "grant[ing] rights to such inventions to a competitor during the time of his exclusive Mattel

---

[1] Proposed Final Pretrial Conference Order at 74.
[2] Amended Proposed Final Pretrial Conference Order at 74.

employment."[3] In addition, Mattel's Counterclaims, could not be more expansive. Paragraphs 169-70 regarding Mattel's claim for declaratory relief as follows:

> 169. Accordingly, Mattel seeks a declaration of the Court *that Counter-defendants have no valid or protectable ownership rights or interests in Bratz, and that Mattel is the true owner of the same,* and further seeks an accounting and imposition of a constructive trust over Bratz, including without limitation registrations and applications for registrations relating thereto made or filed by Counter-defendants and third parties, and over all revenues and other monies or benefits derived or obtained from MGA's and Bryant's purported ownership, use, sale, distribution and licensing of Bratz.
>
> 170. Mattel seeks a declaration of the Court that any and all agreements between Bryant, on the one hand, and MGA, on the other hand, in which Bryant purports to assign to MGA *any right, title or interests in any work that he conceived, created or reduced to practice while a Mattel employee,* including but not limited to the Bratz designs, is void and of no effect, including without limitation because Bryant had previously assigned said

---

[3] Mattel, Inc.'s Complaint at ¶¶ 12, 41, dated April 27, 2004 is attached as Exhibit 1 to the Declaration of Tamara Jih in Support of Mattel, Inc.'s Response to MGA and Carter Bryant's Objections to Mattel's Alleged Improper Attempt to Amend Its Complaint And Counterclaims Through An Untimely Addition to the Pretrial Conference Order, dated May 19, 2008 ("Jih Dec.").

right, title or interest to Mattel and because Mattel was otherwise the owner of said right, title or interest.[4]

There can be no question that MGA understood the scope of the property at issue because the Bratz name appeared on the drawings MGA admits Bryant pitched to MGA.[5] These drawings are at the heart of this lawsuit.

Mattel has also disclosed in supplemental interrogatory responses that it contended that Bryant assigned to MGA "the rights to Bratz."[6] It has also long been Mattel's contention that the "Bratz" name was not original to Bryant or to MGA, but was lifted from one of the names considered by Mattel's DIVA STARZ project.[7] The name "Bratz" has also been well within the scope of discovery that Mattel has sought. For example, Mattel has routinely and explicitly defined "Bratz" in discovery requests to include the *name* "Bratz."[8]

Mattel has also elicited deposition testimony about the origins of the name "Bratz." For example, Bryant testified at deposition that he came up with the Bratz name when he created the Bratz dolls:

> Q  You've told us this morning that you first came p with the bratz concept, as i understand it, in 1998; is that -
>
> A  Yes.
>
> Q  -- correct?
>
> A  Yes.

---

[4] Mattel, Inc.'s Second Amended Answer and Counterclaims, dated July 12, 2007 at ¶¶ 169-70 (emphasis added), Jih Dec., Exh. 2.
[5] Materials Bryant Pitched to MGA, Exhibit 302, at MGA006453.
[6] Mattel, Inc.'s Objections and Second Supplemental Responses to Defendant's First Set of Interrogatories, Numbers 1-14, dated December 13, 2007, at 18:22-23, Jih Dec., Exh. 3.
[7] Id. at 69:12-70:5.
[8] E.g., Mattel's Fifth Set of Interrogatories dated October 19, 2007 at 2, Jih Dec. Exh. 4 (defining "BRATZ" "product, doll or DESIGN" as including "any *names*, fashions, accessories, artwork, packaging . . . ."); Mattel's Third Set of Interrogatories dated June 7, 2007 at 2, Jih Dec. Exh. 5 (same).

1  Q  We've used the "Bratz" name. Did you come up with
2     the "Bratz" name as well?
3  A  Yes.
4  Q  And when did you come up with the name?
5  A  About the time of the creation of the Bratz. About the
6     same time.[9]

7  Isaac Larian admitted at deposition as well that Bryant came up with
8  the Bratz name:

9  Q  Did Mr. Bryant have a name for these images that he
10    showed you? Did he have a name for them?
11 A  I think he called them Bratz.
12 Q  All right. B-r-a-t-z?
13 A  I believe so.
14 Q  All right.
15 A  To the best of my recollection.
16 Q  All right. So is it true that Mr. Bryant's the one
17    who came up with the name Bratz for these dolls?
18 A  At the end, yes.
19    Mr. Wickham: Objection. Foundation.
20 By Mr. Quinn:
21 A  What do you mean, "at the end"? I'm asking At
22    the beginning. Who first came up with the name?
23 A  Well, he came -- we considered a lot of other
24    Names. Finally, we settled for Bratz.[10]

---

[9] Deposition of Carter Bryant, dated November 4, 2004, Jih Dec., Exh. 6 at 139:23-140:8.
[10] Deposition of Isaac Larian, dated July 18, 2006, Jih Dec., Exh. 8 at 107:23-108:14. Paula Garcia also testified at deposition that she first heard the name Bratz

Far from being an amendment to expand any claim, Mattel's amendment does exactly what a Final Pretrial Conference Order should do, namely clarify and sharpen the issues to be tried. Fed. R. Civ. P. 16(e); McDonald v. Bowles, 152 F.2d 741, 742-743 (9th Cir. 1946) ("The purpose of the pre-trial conference is to simplify the issues, amend the pleadings where necessary, and to avoid unnecessary proof of facts at the trial"); Walker v. West Coast Fast Freight, Inc., 233 F.2d 939, 941 (9th Cir. 1956) ("One major purpose of [a pre-trial conference order] is to eliminate surprise by sharpening and simplifying the issues which must be tried"). It is beyond question that Mattel's claims have, from day one, included all "inventions" that Bryant "created" while at Mattel. Listing those rights in a Final Pretrial Conference Order does not expand those claims.

Contrary to defendants' unsupported surmise, Mattel does not seek in Phase 1 a separate determination in this case that MGA has no trademark rights in the name "Bratz" based on use after Bryant's improper assignment of the name "Bratz" to MGA. MGA's mischaracterization of the scope of Mattel's claim to prevent Mattel from clarifying their scope should be rejected. Any discussion of whether Mattel must proceed with a separate action to divest MGA from any after-acquired trademark rights in "Bratz" based on its initial, improper acquisition of the name is premature pending resolution of Phase 1. As part of the Bratz bundle of rights that Bryant assigned to MGA, however, the propriety of Mattel's claim to the name "Bratz" under Bryant's Inventions Agreement with Mattel falls squarely and unquestionably within the scope of Mattel's claims.

---

at the September 1, 2000 pitch meeting where she claims to have met Bryant for the first time:
> Q When was the first time you heard as Bratz as a name for these dolls?
> Ms. Torres: Objection, vague.
> The Witness: I remember hearing the word Bratz at the September 1st, 2000 meeting.

Deposition of Paula Garcia, dated May 24, 2007, Jih Dec., Exh. 7 at 263:2-6.

1  Mattel respectfully requests that the objection be overruled and that
2  Mattel's proposed Final Pretrial Conference Order, as amended, be signed.
3  DATED: May 19, 2008          QUINN EMANUEL URQUHART OLIVER &
                                 HEDGES, LLP

   By /s/ Michael T. Zeller
      Michael T. Zeller
      Attorneys for Mattel, Inc.