1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 090378)
2     (johnquinn@quinnemanuel.com)
      Michael T. Zeller (Bar No. 196417)
3     (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
4     (joncorey@quinnemanuel.com)
      Timothy L. Alger (Bar No. 160303)
5     (timalger@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
6  Los Angeles, California 90017-2543
   Telephone:   (213) 443-3000
7  Facsimile:   (213) 443-3100

8  Attorneys for Mattel, Inc.

9              UNITED STATES DISTRICT COURT

10           CENTRAL DISTRICT OF CALIFORNIA

11                   EASTERN DIVISION

12 | CARTER BRYANT, an individual,        | CASE NO. CV 04-9049 SGL (RNBx)
13 |            Plaintiff,                 | Consolidated with
   |                                       | Case No. CV 04-09059
14 |       vs.                             | Case No. CV 05-02727
15 | MATTEL, INC., a Delaware              | **STIPULATION OF DISMISSAL OF**
   | corporation,                          | **CARTER BRYANT**
16 |                                       |
   |            Defendant.                 | **(Rule 41(a)(1), Fed.R.Civ.P.)**
17 |                                       |
18 | AND CONSOLIDATED ACTIONS              | Pretrial Conference:  May 19, 2008
   |                                       | Time:                 10:00 a.m.
19 |                                       | Place:                Courtroom 1
   |                                       | Trial Date:           May 27, 2008
20
21
22
23
24
25
26
27
28

76052/2509808.1

1    Pursuant to <u>Rule</u> 41(a)(1) of the <u>Federal Rules of Civil Procedure</u>, and
2    pursuant to a confidential settlement agreement (the "Settlement") between
3    defendant and counterclaimant Mattel, Inc. ("Mattel") and plaintiff and
4    counterclaim-defendant Carter Bryant ("Bryant"), Mattel and Bryant, by and
5    through their attorneys of record, hereby stipulate as follows, subject to the approval
6    of the Court:

7        1.    Mattel's claims and counterclaims against Bryant only (and not
8    against MGA Entertainment, Inc., Isaac Larian, MGA Entertainment (HK) Limited,
9    MGAE de Mexico, S.R.L. de C.V., Carlos Gustavo Machado Gomez or any
10   fictitious party, collectively hereinafter "the MGA Parties") shall be dismissed with
11   prejudice.

12       2.    As between Mattel and Bryant only, Mattel and Bryant agree that
13   each shall bear its or his own attorneys' fees and costs.

14       3.    In the event of entry of any order, judgment or decree in favor of
15   Mattel and against the MGA Parties, or any of them, Bryant will be bound by and
16   adhere to any such order, judgment or decree to the extent (and only to the extent)
17   that it grants or enters in whole or in part any non-monetary relief prohibiting or
18   restricting or otherwise in any way effecting the MGA Parties' right or ability to
19   exploit, profit from, prepare a derivative work based upon, distribute, license, sell,
20   offer for sale, display, manufacture, produce, promote, market or otherwise deal in
21   any Bratz Invention (hereinafter "MGA Bratz Injunction"). Any such MGA Bratz
22   Injunction shall be binding on Bryant to the same extent as it is binding on the MGA
23   Parties, or any of them. By way of example and not limitation, if an MGA Bratz
24   Injunction remains in force against the MGA Parties, or any of them, pending
25   appeal, it shall likewise remain in force against Bryant pending that appeal;
26   conversely, if an MGA Bratz Injunction is stayed, vacated or overturned as to the
27   MGA Parties, is shall be stayed, vacated or overturned as against Bryant. Other
28   than as set forth in paragraph 13 of the Settlement, Bryant has waived any and all

1 | rights he may have to appeal or otherwise challenge any prior or future order or
2 | judgment entered in the Action and waives further findings of fact and conclusions
3 | of law in connection therewith.

4 |    4.  With respect to certain orders in this case, the Settlement
5 | provides as follows: "Carter Bryant opposed Mattel's motions for summary
6 | judgment and disagrees with certain of the Court's rulings therein. Had this matter
7 | continued, Carter Bryant would have challenged those rulings on appeal. Because
8 | this settlement will include a dismissal of the action, those appeals will not occur.
9 | As a result, Carter Bryant acknowledges that he is bound by those orders and agrees
10 | to be bound by any future order, judgment or decree in the circumstances and under
11 | the terms set forth in Section 4(d) [of the Settlement]." The provisions of Section
12 | 4(d) of the Settlement are generally set forth above in paragraph 3 above.

13 |    5.  Bryant agrees that he shall appear to testify at trial in Phase 1(a)
14 | and Phase 1(b) during Mattel's case-in-chief; provided, however, that such
15 | agreement to appear is not conditioned in any manner upon the substance of any
16 | testimony to be given by Bryant at trial or otherwise, and there is no agreement
17 | between Mattel and Bryant regarding how Bryant will testify, or what he will say,
18 | during the trial between Mattel and the MGA Parties, or in any other proceeding.

19 |    6.  Bryant's pending motions are denied as moot.

20 |    7.  This stipulation of dismissal is being filed pursuant to the terms
21 | and conditions of the Settlement between Mattel and Bryant in which Mattel and
22 | Bryant agreed that other than as disclosed herein and in the accompanying proposed
23 | order, the terms and conditions thereof shall remain confidential. Mattel and Bryant
24 | stipulate that this Court retain jurisdiction to enforce the terms of the Settlement and
25 | that a violation of any term of the Settlement shall be a violation of the order of
26 | dismissal entered pursuant hereto.

27 |    8.  Nothing in this Stipulation or in the Settlement between Mattel
28 | and Bryant is intended to waive, limit or modify in any manner, and shall not be

1   construed to waive, limit or modify, Mattel's claims and rights against the MGA

2   Parties or against any entity or person other than Bryant in connection with these

3   consolidated actions or otherwise.

4   **IT IS SO STIPULATED.**

5   DATED: May _18_, 2008          QUINN EMANUEL URQUHART OLIVER &
6                                                     HEDGES, LLP

7

8                                             By _Michael T. Z___
9                                                  Michael T. Zeller
                                                   Attorneys for Mattel, Inc.

10  DATED: May ___, 2008          KEKER & VAN NEST, LLP

11

12                                            By_____
13                                                  Christa Anderson
                                                   Attorneys for Carter Bryant

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  construed to waive, limit or modify, Mattel's claims and rights against the MGA

2  Parties or against any entity or person other than Bryant in connection with these

3  consolidated actions or otherwise.

4     **IT IS SO STIPULATED.**

5

6  DATED:  May ___, 2008   QUINN EMANUEL URQUHART OLIVER &
                  HEDGES, LLP

7

8                By_____

9                  Michael T. Zeller
                Attorneys for Mattel, Inc.

10  DATED:  May _18_, 2008   KEKER & VAN NEST, LLP

11

12                By_____

13                  Christa Anderson
                Attorneys for Carter Bryant

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28