Exhibit C



DOC # 20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| MATTEL, INC., Plaintiff, | : | |
| - against - | : | 00 Civ. 6272 (JSR) |
| RADIO CITY ENTERTAINMENT, A DIVISION OF MADISON SQUARE GARDEN, LP., GOLDBERGER DOLL MANUFACTURING CO., and RADIO CITY PRODUCTIONS LLC, Defendants. | : | |

U.S. DISTRICT COURT S.D. OF N.Y.

MEMORANDUM OF PLAINTIFF MATTEL, INC.
IN OPPOSITION TO DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT

PERKINS & DUNNEGAN
Attorneys for Plaintiff
Mattel, Inc.
720 Fifth Avenue
New York, New York 10019
(212) 397-7020

## Table of Contents

Preliminary Statement . . . . . . . . . . . . . . . . . . . . 1

Statement of Facts . . . . . . . . . . . . . . . . . . . . .2

A. The Parties . . . . . . . . . . . . . . . . . . . .2

B. Mattel's Barbie Copyrights . . . . . . . . . . . . 2

C. Radio City's Rockettes Doll. . . . . . . . . . . . 3

D. The Prior Proceedings in this Action . . . . . . . 3

Argument . . . . . . . . . . . . . . . . . . . . . . . . .4

I. THE ONLY ISSUE OF LIABILITY THAT THE MOTION OF RADIO CITY PRESENTS IS WHETHER THERE WAS ILLEGAL COPYING OF MATTEL'S BARBIE COPYRIGHTS . . . . . . . . . . . . . . . . . .4

II. THE RADIO CITY DOLL HEAD IS "SUBSTANTIALLY SIMILAR" TO THE PROTECTED EXPRESSION IN MATTEL'S BARBIE COPYRIGHTS . . . . . . . . . . . . . .6

III. IF THE COURT CANNOT DETERMINE THAT THERE IS "SUBSTANTIAL SIMILARITY" AS A MATTER OF LAW, THERE IS A QUESTION OF FACT ON THAT ISSUE . . . . .9

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . 10

## Table of Authorities

### Cases

Castle Rock Entertainment, Inc. v. Carol Publication Group, Inc., 150 F.3d 132 (2d Cir. 1998) . . . . . . . . . . . . . . . . . . .5

Fisher-Price, Inc. v. Well-Made Toy Mfg. Corp., 25 F.3d 119 (2d Cir. 1994) . . . . . . . . . . . . . . . . . . . 5,6

Folio Impressions, Inc. v. Byer California, 937 F.2d 759 (2d Cir. 1991) . . . . . . . . . . . . . . . . . . .6

Ideal Toy Corp. v. Fab-Lu Ltd., 261 F. Supp 238 (S.D.N.Y. 1966) aff'd 360 F.2d 1021 . . . .7

Laureyssens v. Idea Group, Inc., 964 F.2d 131 (2d Cir. 1992) . . . . . . . . . . . . . . . . . . .4,5

Knitwaves, Inc. v. Lollytogs Ltd., 71 F.3d 996 (2d Cir. 1995) . . . . . . . . . . . . . . . . . . . 5,6

Nihon Keizai Shimbun, Inc. v. Comline Business Data, Inc., 166 F.3d 65 (2d Cir. 1999) . . . . . . . . . . . . . . . . . . . 5

Peter Pan Fabrics, Inc. v. Martin Weiner Corp., 274 F.2d 487 (2d Cir. 1960) . . . . . . . . . . . . . . . . . . .6

Tienshan, Inc. v. CCA International, Inc., 895 F. Supp. 651 (S.D.N.Y. 1995) . . . . . . . . . . . . . . . . 5

### Statutes

17 U.S.C. § 410 (2001) . . . . . . . . . . . . . . . . . . . . . . 4

Plaintiff Mattel, Inc. ("Mattel") respectfully submits this memorandum in opposition to the motion of defendant Radio City Entertainment, a Division of Madison Square Garden, LP ("Radio City"), for summary judgment on Mattel's claim for copyright infringement.

## Preliminary Statement

Mattel submits that Radio City's sale of 11 1/2 inch Rockettes dolls ("Radio City Dolls") beginning in the Fall of 2000 infringes Mattel's registered copyrights in the sculpture of two doll heads, entitled CEO Barbie and Neptune's Daughter Barbie (the "Barbie Copyrights").

Radio City's arguments in support of its motion for summary judgment are limited. It does not dispute that Mattel's Barbie Copyrights are valid. It does not dispute that the Radio City Doll head ("Radio City Head") was actually copied from Mattel's Barbie Copyrights. Radio City argues only that the Radio City Head does not infringe Mattel's Barbie Copyrights because there is no "substantial similarity" between the Radio City Head and the protected expression in the Barbie Copyrights. However, the undisputed facts demonstrate that Radio City's copying was an unauthorized misappropriation of the protected expression in Mattel's Barbie Copyrights.

## Statement of Facts

A. The Parties

Mattel is a Delaware corporation with its principal place of business in El Segundo, California. Mattel is one of the world's largest manufacturers of consumer products, including dolls, games and playthings. Over the last four decades, Mattel's most successful products include a line of Barbie dolls, clothes and accessories. (Lehr Dec. ¶ 3)

Radio City is a limited partnership whose indirect owners include AT&T, General Electric and Fox Entertainment. (Statement of Radio City Pursuant to Rule 1.9) Radio City sponsors entertainment activities, including the Radio City Rockettes, and sells products, including dolls, in connection with its activities.

B. Mattel's Barbie Copyrights

Although Mattel began selling the Barbie doll in 1958, the sculpture of the doll's face has changed over the years.

In 1991, Mattel created the 3-dimensional sculpture entitled "Neptune's Daughter Barbie." Mattel first published this work in 1992. With respect to

Exhibit C
Page 16

Neptune's Daughter Barbie, Mattel has received U.S. Copyright Registration VA 828-218. (Jolicoeur Dec. Ex. A)

In 1998, Mattel created the 3-dimensional work entitled "CEO Barbie." Mattel first published that work in 1999. With respect to CEO Barbie, Mattel has received U.S. Copyright Registration VA 945-179. (Jolicoeur Dec. Ex. C)

Mattel has sold extraordinary amounts of Barbie dolls. (Lehr Dec. ¶ 3)

C. Radio City's Rockettes Doll

Radio City began selling the Radio City Dolls in the Fall of 2000. The Radio City Dolls are substantially similar to Mattel's Barbie Copyrights, especially CEO Barbie. (Dunnegan Dec. Exs. D and E)

D. The Prior Proceedings in this Action

Mattel commenced this action on August 29, 2000, alleging that defendants Goldberger Doll Mfg. Co. and Radio City Productions LLC sold a Radio City Rockettes doll that infringed Mattel's registered copyright in the work "Superstar Barbie." On November 28, 2000, Mattel amended its complaint to assert a claim that the Radio City Doll infringed the Barbie Copyrights. Mattel has since settled its claims concerning "Superstar Barbie" against Goldberger Doll Mfg. Co. and Radio City Productions LLC. Mattel

continues its claim concerning the doll containing the Radio City Head.

Argument

I.

THE ONLY ISSUE OF LIABILITY THAT THE MOTION OF RADIO CITY PRESENTS IS WHETHER THERE WAS ILLEGAL COPYING OF MATTEL'S BARBIE COPYRIGHTS

"[T]o establish a claim for copyright infringement, a plaintiff must show [1] ownership of a valid copyright and [2] the defendant's infringement by unauthorized copying." Laureyssens v. Idea Group, Inc., 964 F.2d 131, 139 (2d Cir. 1992).

A certificate of copyright registration issued within five years of the first publication of a work, as were the registrations for the Barbie Copyrights, constitutes prima facie evidence of a valid copyright. See 17 U.S.C. § 410. Radio City has failed to offer any evidence, or even an argument, to rebut the presumption that the Barbie Copyrights are valid.

The second element of Mattel's copyright infringement claim is unauthorized copying. To prove unauthorized copying, Mattel can demonstrate that (i) Radio City actually copied Mattel's Barbie Copyrights; and (ii) the copying amounted to unlawful misappropriation, or illegal copying, because there is a "substantial

similarity" between the Radio City Head and the protectible elements of Mattel's Barbie Copyrights. Nihon Keizai Shimbun, Inc. v. Comline Business Data, Inc., 166 F.3d 65, 69-70 (2d Cir. 1999); Castle Rock Entertainment, Inc. v. Carol Publication Group, Inc., 150 F.3d 132, 137 (2d Cir. 1998); Knitwaves, Inc. v. Lollytogs, Ltd., 71 F.3d 996, 1002 (2d Cir. 1995); and Fisher-Price, Inc. v. Well-Made Toy Mfg. Corp., 25 F.3d 119, 122-23 (2d Cir. 1994).

In the absence of direct evidence, actual copying may be inferred from (i) access to the copyrighted works and (ii) a similarity indicating copying of the copyrighted work. Castle Rock Entertainment, 150 F.3d at 137; Laureyssens, 964 F.2d at 140; see also Tienshan, Inc. v. CCA International, Inc., 895 F. Supp. 651, 656 (S.D.N.Y. 1995). Radio City does not dispute that actual copying has occurred. Based upon the document Radio City produced to Mattel on April 12, 2001, which is annexed to the supplemental declaration of William Dunnegan to be filed under seal in this action, Radio City set out to copy Mattel's Barbie doll. Thus, the only genuine issue is whether illegal copying has occurred.

II.

THE RADIO CITY HEAD IS "SUBSTANTIALLY SIMILAR" TO THE PROTECTED EXPRESSION IN MATTEL'S BARBIE COPYRIGHTS

To determine whether Radio City misappropriated protected expression, or illegally copied, the Court should (i) isolate the elements of Mattel's Barbie Copyrights that are protectible from those that are unprotectible, and (ii) determine whether there is a "substantial similarity" between the Radio City Head and the protectible elements of the Barbie Copyrights. See Knitwaves, Inc., 71 F.3d at 1002; Fisher-Price, Inc., 25 F.3d at 123; Folio Impressions, Inc. v. Byer California, 937 F.2d 759, 765 (2d Cir. 1991). "Substantial similarity" exists if an "ordinary observer, unless he set out to detect the disparities, would be disposed to overlook them" and would regard the aesthetic appeal of the copyrighted work and the allegedly infringing work as the same. Peter Pan Fabrics v. Martin Weiner Corp., 274 F.2d 487, 489 (2d Cir. 1960); Laureyssens, 964 F.2d at 141; and Knitwaves, Inc., 71 F.3d at 1002. As the Second Circuit said in Fisher-Price, Inc., 25 F.3d at 123 "Where, as here, we compare products that have both protectible and unprotectible elements, we must exclude comparison of the unprotectible elements from our application of the ordinary observer test."

In applying this "ordinary observer" test, the Court should consider that the ordinary observers include children. Ideal Toy Corp. v. Fab-Lu, Ltd., 261 F. Supp. 238, 241-2 (S.D.N.Y.)(Weinfeld, J.), aff'd, 360 F.2d 1021 (2nd Cir. 1966)("In applying the test of the average lay observer, [youngsters] are not to be excluded - indeed they are the 'far-flung faithful *** audience'....In their enthusiasm to acquire Tammy or Pepper they certainly are not bent upon 'detecting disparities' or even readily observing upon inspection such fine details as the point at which the necks are molded."). Judge Weinfeld continued:

> "Indeed if youngsters were excluded in applying the lay public test, the underlying reason for the test would be frustrated. For, as Judge Frank stated in Arnstein v. Porter, 154 F.2d 464, 473 (2d Cir. 1946), the copyright laws protect not the reputation of the copyright holder, but the commercial value of his creation. Just as the relevant public there was held to be 'lay listeners **for whom the popular music was composed,' the relevant public here must include the children for whom the dolls are created." 261 F. Supp. at 242, fn. 13.

The protectible elements of the Barbie Copyrights include the shape of the features of the doll's head and the relationship of those features to each another. Thus, while the Court cannot find that the dolls are "substantially similar" simply because they have a nose, a mouth and two eyes, the Court can find that the dolls are "substantially similar" based upon

the shape of the nose, mouth and eyes of each doll, and the relationship of those features to each other. From this perspective, there are three profound similarities between the Radio City Head and Mattel's work CEO Barbie.

First, a side-by-side comparison of the profile of CEO Barbie and the Radio City Head demonstrates that, from the bridge of the nose to the jaw, the Radio City Head is almost an exact copy of CEO Barbie. (Dunnegan Dec. Ex. E)

Second, from a front view, the Radio City Head has a dimple in each cheek, as does CEO Barbie. (Compare Jolicour Dec. Ex. E and F to Dunnegan Dec. Ex. B)

Third, the shape of the eyes, although not identical, is substantially similar. (Dunnegan Dec. Ex. C) Notably, the eyes on both dolls differ in shape and proportional size to the shape and proportional size of human eyes.

The differences that Radio City has noted in its memorandum are insubstantial.

First, while the jaw and forehead of the Radio City Head are larger than the comparable features on CEO Barbie, Radio City has intentionally sold its doll in a manner that masks those differences. For example, as it is sold, the Radio City doll's hair and hat cover its

forehead. Similarly, as it is sold, the white collar of the Radio City Doll's costume covers its jaw. Interestingly, the drawing of the Radio City Rockettes appearing on the box of the Radio City Doll do not have a white collar which covers their jaw. (Dunnegan Dec. Ex. A)

Second, while there may be an extraordinarily small difference in the sculpture of the mouth of the CEO Barbie and the Radio City Head, that difference is minimized by the makeup that Radio City has applied to its doll. Comparing the unpainted sculptures, one must strain to see any difference between the mouths. (Dunnegan Dec. Ex. C)

Unless setting out to detect these differences, an ordinary observer would tend to overlook them and focus instead on the overall similarity of the aesthetic appearance of the works.

III.

IF THE COURT CANNOT DETERMINE THAT THERE IS "SUBSTANTIAL SIMILARITY" AS A MATTER OF LAW, THERE IS A QUESTION OF FACT ON THAT ISSUE

If the Court determines that it cannot apply the "substantial similarity" test because of the inability to determine the extent to which children should be included in that test, or the extent to which children would perceive the Radio City Head as "substantially similar" to

the protected expression in Mattel's Barbie Copyrights, then this issue should be resolved at trial.

Conclusion

For the reasons set forth above, Mattel respectfully requests that the Court deny Radio City's motion for summary judgment and find that Radio City's Doll is an unlawful copy of Mattel's Barbie Copyrights.

Dated: New York, New York
April 16, 2001

PERKINS & DUNNEGAN

By [signature]
William Dunnegan (WD 9316)
Ronald L. Zaslow (RZ 9384)
Attorneys for Plaintiff
Mattel, Inc.
720 Fifth Avenue
New York, New York 10019
(212) 397-7020

Exhibit C
Page 24

## Declaration of Service

RONALD L. ZASLOW hereby declares pursuant to 28 U.S.C. § 1746 that on April 16, 2001, he mailed a copy of the Declaration Of William Dunnegan In Opposition to Defendant's Motion for Summary Judgment, the Supplemental Declaration of William Dunnegan in Opposition to Defendant's Motion for Summary Judgment, the Declaration of Sonia Jolicoeur in Opposition to Defendant's Motion for Summary Judgment, the Declaration of Amy Lehr in Opposition to Defendant's Motion for Summary Judgment, the Statement of Plaintiff Mattel, Inc. Pursuant to Rule 56.1 of the Civil Rules of this Court and the Memorandum of Plaintiff Mattel, Inc. in Opposition to Defendant's Motion for Summary Judgment on attorneys for defendant Radio City Entertainment at the following address:

Michael Aschen, Esq.
Abelman, Frayne & Schwab
150 East 42nd Street
New York, New York 10017

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 16th day of April 2001.

Ronald L. Zaslow

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 300 South Grand Avenue, 34th Floor, Los Angeles, CA 90071.

On **May 19, 2008**, I served the foregoing document described as:

**MGA PARTIES' NOTICE OF LODGING OF DOCUMENTS**

on the interested party in this action addressed as follows:

SEE ATTACHED SERVICE LIST

(X) (BY PERSONAL SERVICE) ( ) By personally delivering copies to the person served. (FEDERAL)

(X) I caused such document to be hand delivered to the above addressees. (FEDERAL)

I declare under penalty of perjury under the laws of the State of California and the United States of America that the above is true and correct.

Executed on **May 19, 2008,** in Los Angeles, California.

BECKY ISOMOTO
PRINT NAME

SIGNATURE

SERVICE LIST

Jon D. Corey, Esq.
B. Dylan Proctor, Esq.
James Webster, Esq.
Michael T. Zeller, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
(213) 443-3000
(213) 443-3100 (Fax)

Attorneys for Mattel, Inc.
[Via Personal Service]