QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>　　　　　Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>The Honorable Stephen G. Larson<br><br>**MATTEL, INC.'S REPLY IN SUPPORT OF *EX PARTE* APPLICATION FOR ORDER THAT THERE IS NO BASIS UNDER THE PROTECTIVE ORDER FOR MATTEL TO RETURN FIVE DOCUMENTS PRODUCED BY MGA**<br><br>Date:　TBA<br>Time:　TBA<br>Place:　Courtroom 1<br><br>**Phase 1:**<br>Pre-Trial Conference:　May 19, 2008<br>Trial Date:　May 27, 2008 |

07209/2512426.2

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ..................................................................................... 1

ARGUMENT ................................................................................................................... 1

I. MGA'S "RECENT DISCOVERY" THAT THE DOCUMENTS WERE PREPARED AT THE DIRECTION OF COUNSEL IN ANTICIPATION OF LITIGATION IS UNJUSTIFIABLY LATE ................ 1

II. THE DOCUMENTS CONTAIN ONLY DISCOVERABLE FACTS, NOT LEGAL OPINIONS OR THOUGHTS ...................................................... 2

III. MATTEL WILL BE PREJUDICED IF IT IS PREVENTED FROM USING THE DOCUMENTS AT TRIAL; MGA WILL NOT BE PREJUDICED BY THEIR USE .................................................................... 3

IV. MATTEL IS NOT DISREGARDING THE PROTECTIVE ORDER ............. 4

CONCLUSION ............................................................................................................... 4

**Preliminary Statement**

MGA does not dispute that it knew <u>months</u> ago the documents had been produced. MGA does not dispute they were the subject of examination during deposition and/or the subject of argument during a motion for summary judgment. MGA concedes a party must act diligently. MGA argues that the time runs "from the time the party <u>discovers</u> that a privileged document has been inadvertently disclosed. (Opp. at 9:14-15 (emphasis by MGA).) But MGA's own authorities state the time runs from "when a party discovered or with reasonable diligence <u>should have discovered</u> the inadvertent disclosure." (Opp. at 8:2-3 (citing <u>Zapata v. IBP, Inc.</u>, 175 F.R.D. 574 (D. Kan. 1997)) (emphasis added).) MGA refers to its production of "millions" of documents in this case and the length of Mattel's trial exhibit list, however, nowhere in its 10 page opposition does MGA excuse or explain its failure to recognize that the documents were privileged when these four documents were put repeatedly in front of counsel's eyes.

**Argument**

I. <u>MGA'S "RECENT DISCOVERY" THAT THE DOCUMENTS WERE PREPARED AT THE DIRECTION OF COUNSEL IN ANTICIPATION OF LITIGATION IS UNJUSTIFIABLY LATE</u>

Even though documents it produced were used extensively throughout discovery, MGA contends that it did not recognize them for what they were -- documents prepared at the direction of counsel in anticipation of litigation -- and therefore should be able to claw them back. Under this rationale, MGA could clawback trial exhibits from the jury. In the middle of closing argument, counsel could slap his forehead and say, "Oops! That exhibit is privileged. Please return all copies."

The clawback provision is for inadvertent production, not for a change of mind.  MGA knew the documents had been produced long ago, when used repeatedly in depositions and in motions.   MGA has not pointed to any information that it recently obtained that would explain its sudden -- and tactical -- change of mind.

II.  **THE DOCUMENTS CONTAIN ONLY DISCOVERABLE FACTS, NOT LEGAL OPINIONS OR THOUGHTS**

MGA does not point to any attorney-client communication or attorney thought process in any of the documents.  The documents contain discoverable "facts" and no privileged information, such as confidential communications or attorney opinions or thoughts.  See In re Martin Marietta Corp., 856 F.2d 619, 626 (4th Cir. 1988) (where the attorney is merely acting as scrivener, not as analyst, then the resulting recorded statement constitutes "fact" work-product subject to subject matter waiver); Gerstein v. United States DOJ, 2005 U.S. Dist. LEXIS 41276, at *47-448 (N.D. Cal. Sept. 30, 2005) (fact work product "is 'factual material that is prepared in anticipation of litigation or trial,'" while opinion work product is "'[w]here the selection, organization, and characterization of facts reveals the theories, opinions, or mental impressions of a party or the party's representative'"); In re Qwest Communs. Int'l, Inc. Sec. Litig., 2005 U.S. Dist. LEXIS 19129, at *16 (D. Colo. Aug. 15, 2005) (stating that, "to the extent that during the interviews reflected in the BSF Report an attorney made contemporaneous notes which purport to report or record, either in whole or in part by direct quote or paraphrase, statements made by a witness, then those statements constitute 'fact' work-product subject to discovery"); 6 Moore's Federal Practice § 26.70 [5] [b], [e] (Daniel R. Coquillette et al. eds., 3d ed. 1997).

Regardless of who prepared the documents, the information in them is discoverable.

### III. MATTEL WILL BE PREJUDICED IF IT IS PREVENTED FROM USING THE DOCUMENTS AT TRIAL; MGA WILL NOT BE PREJUDICED BY THEIR USE

MGA asserts cavalierly that Mattel has asserted no claim of prejudice apart from the general unfairness of the situation. That assertion flies in the face of Mattel's use of these documents. Besides, if it did not have these documents, Mattel would have requested the information through other discovery. For example, how much MGA paid Mattel employees is a discoverable fact. If Mattel did not have the Payment and Employee Lists, it could have requested documents containing this information. It would have taken additional deposition testimony and served interrogatory requests asking MGA to identify payments to made Bryant and other former-Mattel employees, the names of former Mattel employees working at MGA and their dates of employment, the volume of sales of MGA worldwide and contradictory documentation regarding those sales.

On the other hand, MGA has asserted no cognizable claim of prejudice if the Court determines the documents should not be returned and may be used at trial. MGA asserts that it is prejudiced by Mattel getting to use its labors -- the effort to compile facts from other sources. That claim is makeweight. MGA has known for months that it produced the documents. It asserted no prejudice on any previous occasion by its supposed efforts. What is the prejudice now?

The only reason Mattel did not obtain the underlying source documents or witness statements to compile its own summaries is because it did not know it had to. It already had them in these documents. Given MGA's failure to assert its privilege in sufficient time prior to the close of discovery or trial for MGA to obtain these facts from other witnesses or documents, and Mattel's reliance on having the documents for use at trial, MGA should be estopped from taking back the documents.

IV. **MATTEL IS NOT DISREGARDING THE PROTECTIVE ORDER**

MGA asserts that Mattel "take[s] the position that it does not need to comply with the protective order." (Opp. at 6.) If Mattel did not care about complying with the terms of the protective order, it would not have filed this *ex parte* application, seeking a declaration as to whether the documents must be returned under that very order. MGA asserts that Mattel should simply destroy trial exhibits -- some of the hottest documents in the case -- days before jury selection and openings. That is not reasonable.

## Conclusion

For the foregoing reasons, Mattel requests that the Court grant this Application in its entirety, ordering that there is no grounds for requiring the return of documents bates labeled MGA 3819497-MGA 3819506, MGA0868630-MGA 0868631, and MGA1134723-MGA1134730, and ordering MGA to re-produce MGA 0815789 to Mattel forthwith.

DATED: May 20, 2008        QUINN EMANUEL URQUHART OLIVER & HEDGES LLP

By  /s/ Jon D. Corey
    Jon D. Corey
    Attorneys for Mattel, Inc.