1  THOMAS J. NOLAN (Bar No. 66992)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2  300 South Grand Avenue
   Los Angeles, California 90071-3144
3  Telephone:  (213) 687-5000
   Facsimile:  (213) 687-5600
4  E-mail:      tnolan@skadden.com

5  RAOUL D. KENNEDY (Bar No. 40892)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
6  Four Embarcadero Center, 38th Floor
   San Francisco, California 94111-5974
7  Telephone:  (415) 984-6400
   Facsimile:  (415) 984-2698
8  E-mail:      rkennedy@skadden.com

9  Attorneys for Counter-Defendants
   MGA Entertainment, Inc., MGA
10 Entertainment (HK) Limited,
   MGAE De Mexico, S.R.L. De C.V.,
11 and ISAAC LARIAN

12              UNITED STATES DISTRICT COURT

13              CENTRAL DISTRICT OF CALIFORNIA

14                    EASTERN DIVISION

15 CARTER BRYANT, an individual          )  CASE NO. CV 04-9049 SGL (RNBx)
                                         )
16              Plaintiff,               )  Consolidated with Case No. 04-9059
                                         )  and Case No. 05-2727
17        v.                             )
                                         )
18 MATTEL, INC., a Delaware              )  **MGA'S OPPOSITION TO
   corporation                           )  MATTEL'S MOTION OBJECTING
19                                       )  TO DISCOVERY MASTER'S MAY
                Defendant.                )  6, 2008 ORDER DENYING
20                                       )  MATTEL'S MOTION FOR
   _____        )  PROTECTIVE ORDER LIMITING
21 Consolidated with MATTEL, INC. v.     )  THE TEMPORAL SCOPE OF ITS
   BRYANT and MGA                        )  PRIVILEGE LOG; AND
22 ENTERTAINMENT, INC. v.                )
   MATTEL, INC.                          )  MEMORANDUM OF POINTS AND
23                                       )  AUTHORITIES**
                                         )
24                                          [Declaration of Philip W. Marsh and
                                            Notice of Lodging, filed concurrently]
25
                                            Hearing Date: TBD
26                                          Time:        TBD
                                            Place:        TBD
27

28

---

MGA'S OPP. TO MOT. OBJ. TO MAY 6, 2008 ORDER DEN. MOT. FOR P. O. RE: TEMP. SCOPE OF PRIV. LOG
Case No. CV 04-9049 SGL

# TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES ............................................................... iii

MEMORANDUM OF POINTS AND AUTHORITIEs ........................................... 1

I.    PRELIMINARY STATEMENT .................................................... 1

II.   BACKGROUND ................................................................... 2

III.  ARGUMENT .................................................................... 4

    A.   Mattel has Violated and is now Seeking Back-Door Review of
        the Discovery Master's Unchallenged March 10 Order ...................... 4

        1.   Mattel Never Challenged—and Cannot now Challenge—
             the March 10 Order Requiring Mattel to Produce or Log *all*
             "NHB" Documents by March 14, 2008 ..................................... 4

        2.   Mattel Failed to Comply With, and Admits Continued
             Violation of, the March 10 Order.......................................... 5

        3.   Mattel's Present Motion is a Belated Indirect Challenge to
             the March 10 Order ...................................................... 7

    B.   Mattel has Failed—and has not Even *Begun*—to Comply with the
        May 6 Order, Which was Neither Clearly Erroneous nor Contrary
        to Law ...................................................................... 8

        1.   The May 6 Order Required Mattel to Produce a Privilege
             Log *no Later Than* May 19, 2008, Which Mattel Admits it
             has Failed to do or Even *Begin* ......................................... 8

        2.   The Discovery Master Correctly Found that Mattel Failed
             to Properly Assert Privilege for the Documents at Issue
             Here ...................................................................... 9

        3.   Mattel's Burden Arguments are Unpersuasive and dc not
             Remedy Mattel's Failure to Properly Assert Privilege............. 11

        4.   Mattel is Judicially Estopped from Arguing that Logging
             Documents by Category is Appropriate Here.......................... 16

        5.   The Discovery Master Correctly Rejected Mattel's Baseless
             Attempt to Extend Privilege Logging by MGA and Bryant.... 17

    C.   The Court Should Grant MGA *Immediate* Relief to Remedy
        MGA's Prejudice by Mattel's Delay and to Avoid any Further
        Prejudice .................................................................... 17

        1.   Mattel's Delays with the Impending Trial have Prejudiced
             MGA ...................................................................... 17

i

2.  Privilege Waiver is Appropriate Where a Party Fails to Properly Assert Privilege, as Mattel has Failed Here ............. 18

3.  As an Alternative to Privilege Waiver, the Court Should Grant MGA Immediate Limited Access to the Documents Mattel has Withheld ................................................................. 22

4.  Mattel's Suggestion of Further Delay is Inappropriate and Would Only Compound the Prejudice to MGA........................ 24

IV.  CONCLUSION ................................................................................ 24

ii

# TABLE OF AUTHORITIES

**PAGE(S)**

## CASES

*AMTRAK v. Morgan,*
  536 U.S. 101 (U.S. 2002) ....................................................................... 14

*Ayers v. SGS Control Servs.,*
  2006 U.S. Dist. LEXIS 10134 (S.D.N.Y. Mar. 9, 2006) ........................ 19

*Bowne of New York City, Inc. v. AmBase Corp.,*
  150 F.R.D. 465 (S.D.N.Y. 1993).............................................................. 10

*Breon v. Coca-Cola Bottling Co.,*
  232 F.R.D. 49 (D. Conn. 2005) ............................................................... 19

*Burlington N. & Santa Fe Ry. v. United States Dist. Court,*
  408 F.3d 1142 (9th Cir. Wash. 2005).................................................. 18, 19

*Center for Biological Diversity v. Fed. Highway Admin.,*
  290 F. Supp. 2d 1175 (S.D. Cal. 2003) ..................................................... 8

*Dorf & Stanton Communs. v. Molson Breweries,*
  56 F.3d 13 (2d Cir. 1995) *aff'd* 100 F.3d 919 (Fed. Cir. 1996)............... 19

*Flanagan v. Benicia Unified Sch. Dist.,*
  2008 U.S. Dist. LEXIS 39386 (E.D. Cal. May 14, 2008)............... 10, 19, 20

*Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto ServiCenter*
  *of Haverstraw, Inc.,*
  2003 U.S. Dist. LEXIS 15917 (S.D.N.Y. Sept. 10, 2003)...................... 19

*Grimes v. City and County of S.F.,*
  951 F.2d 236 (9th Cir. 1991).............................................................. 8, 22

*Hamilton v. State Farm Fire & Cas. Co.,*
  270 F.3d 778 (9th Cir. Cal. 2001) ........................................................... 17

*Interstate Prod. Credit Ass'n. v. Fireman's Fund Ins. Co.,*
  128 F.R.D. 273 (D. Or. 1989) ................................................................. 10

*Jackson v. Axton,*
  25 F.3d 884 (9th Cir. 1994).................................................................... 13

*John Labatt Ltd. v. Molson Breweries,*
  1995 U.S. Dist. LEXIS 507, 1995 WL 23603 (S.D.N.Y. Jan 19, 1995) ............... 19

*Kansas v. Colorado,*
  514 U.S. 673 (1995) ................................................................................ 14

*Mannick v. Kaiser Found. Health Plan, Inc.,*
  2006 U.S. Dist. LEXIS 57173 (N.D. Cal. July 31, 2006)....................... 5, 7

*PostX Corp. v. Secure Data Motion,*
2004 U.S. Dist. LEXIS 24869 (N.D. Cal. June 9, 2004) ................................. 15, 16

*Rissetto v. Plumbers & Steamers Local 343,*
94 F.3d 597 (9th Cir. 1996) ........................................................................ 17

*RTC v. Dabney,*
73 F.3d 262 (10th Cir. 1995) ...................................................................... 22

*Russell v. Rolfs,*
893 F.2d 1033 (9th Cir. 1990) .................................................................... 17

*S.E.C. v. Rubera,*
350 F.3d 1084 (9th Cir. 2003) ...................................................................... 8

*SEC v. Thrasher,*
1996 U.S. Dist. LEXIS 3327, 1996 WL 125661 (S.D.N.Y. March 20, 1996) ...... 15

*Sorensen v. Black & Decker Corp.,*
2007 U.S. Dist. LEXIS 62982 (S.D. Cal. 2007) ............................................. 8

*Tompkins v. R.J. Reynolds Tobacco Co.,*
92 F. Supp. 2d 70 (N.D.N.Y. 2000) ............................................................. 8

*United States v. Westinghouse Elec. Corp.,*
648 F.2d 642 (9th Cir. 1981) ...................................................................... 22

*Weeks v. Samsung Heavy Indus. Co. Ltd.,*
126 F.3d 926 (7th Cir. 1997) ....................................................................... 8

*Yent v. Baca,*
2002 WL 32810316, 2 (C.D. Cal. Dec. 16, 2002) ......................................... 8

**STATUTES**

Fed. R. Civ. P. 26(b)(2)(C)(iii) .................................................................. 11

Fed. R. Civ. P. 26(b)(5)(A) ............................................................. 10, 13, 15

Fed. R. Civ. P. 26(b)(5)(A)(ii) ....................................................... 2, 18, 22, 23

Fed. R. Civ. P. 26(c)(1) ............................................................................ 11

Fed. R. Civ. P. 6(a)(2) ............................................................................... 5

Fed. R. Civ. P. 72(a) ..................................................................... 5, 7, 8, 17

**RULES**

L.R. 72-2.1 ......................................................................................... 5, 17

## MEMORANDUM OF POINTS AND AUTHORITIES

Counter-defendants MGA Entertainment, Inc., Isaac Larian, MGA Entertainment (HK) Limited, and MGAE de Mexico S.R.L. de C.V. (collectively, "MGA") file this memorandum in opposition to Mattel's Motion Objecting to Discovery Master's May 6, 2008 Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log.

## I.   PRELIMINARY STATEMENT

In an apparent effort to "run out the clock," Mattel has defied the Discovery Master's March 10, 2008 and May 6, 2008 orders and has attempted to evade its duty to produce privilege logs.  Mattel's present motion, in addition to seeking reconsideration of the May 6 Order, seeks back-door reconsideration of the March 10 order—an order Mattel never challenged and admits that it has violated.  Likewise, after years of operating under an agreement to log all documents up until the commencement of litigation, Mattel has abruptly changed its position on the eve of trial, claiming that it is entitled to exclude documents dated after November 24, 2003. The Court should reject Mattel's Motion and refuse to reward its stalling tactics and disregard for this Court's orders.

The Discovery Master correctly found that Mattel failed to properly assert its privilege claims for documents created between November 24, 2003 and April 27, 2004, and that its generalized claims of undue burden were insufficient to excuse it from its duty to assert privilege in a manner that would permit MGA to asses its privilege claims.  None of these findings is clearly erroneous or contrary to law.

By refusing to comply with the March 10 and May 6 orders, and delaying its claims that it should be permitted to avoid its privilege assertion duties, Mattel attempts to give the impression that compliance is with those orders is impossible. The Discovery Master correctly recognized, however, that the proximity of trial is a circumstance that Mattel created itself.  Mattel has refused to comply with the March 10 Order for over two months now and, by its own admission, would have completed

1

1  the privilege log for "many, if not all" of the documents at issue in its current Motion

2  if it had complied with that Order.  By successfully stalling this issue until the eve of

3  trial, Mattel has attempted to put MGA in the position where even winning this

4  motion does not fully remedy the prejudice to MGA, because MGA will not have

5  time to review, assess, and challenge Mattel's privilege claims, as required by the

6  Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 26(b)(5)(A)(ii).

7       Accordingly, the Court should find that Mattel has waived privilege with

8  respect to those documents it has withheld and has not provided a privilege log or

9  otherwise met its duty to specifically assert its privilege claims.  Alternatively, the

10  Court should permit MGA limited access to inspect the documents at issue so that

11  MGA may file a motion with respect to any of the documents that are not privileged

12  and support MGA's affirmative defenses or otherwise materially affect the case.

13  **II.   BACKGROUND**

14       The parties to this action agreed that privileged documents created after the

15  filing date of this action on April 27, 2004, need not be logged.[1]  No other agreement

16  was reached between the parties, and Mattel did not indicate to prior counsel that it

17  intended to omit documents from its privilege log that were created prior to the

18  commencement of litigation.[2]  According to prior counsel, MGA had "no reason to

19  think that [Mattel was] omitting any documents that predated the litigation from their

20  privilege logs."[3]  Indeed, had Mattel indicated that it intended to omit any documents

21

22

23  [1]   Declaration of Diana M. Torres ("Torres Decl.") ¶ 3, Declaration of Douglas A.
24  Wickham ("Wickham Decl.") ¶ 3 (both attached to the Notice of Lodging filed concurrently herewith); Declaration of Dale M. Cendali ("Cendali Decl.," attached at
25  Marsh Decl., Ex. 3) ¶ 8; *accord* Mattel's Mot. for Protective Order at 6 n.10 (before the summer of 2006, "Mattel was obligated to log all privileged documents up to the
26  filing of its complaint" and "[n]o agreement was reached in the earlier discussions" or during the discussions of the summer of 2006.).

27  [2]   Wickham Decl. ¶¶ 4-6; Torres Decl. ¶ 4; Marsh Decl., Ex. 3 at ¶ 8 (Cendali Decl. ¶ 8).

28  [3]   Cendali Decl. ¶ 8 (attached at Marsh Decl., Ex. 2).

1   pre-dating the commencement of litigation, "MGA would have immediately sought

2   the Court's intervention by moving to compel Mattel to log those documents."[4]

3       Mattel never raised the privilege logging issue again until MGA sought to

4   meet and confer on the "NHB" documents that became the subject of a motion to

5   compel by MGA that was granted by the Court's March 10 Order.[5]  MGA contested

6   Mattel's characterization of the parties' logging obligations then,[6] and has continued

7   to consistently object to Mattel's attempt to re-write history with respect to its

8   privilege logging obligations.  On the contrary, both Mattel's words and actions

9   support MGA's position.[7]  Despite that dispute beginning in January of 2008, Mattel

10  did not seek any relief from the Court with regard to its duties until it filed a Motion

11  for Protective Order on April 14, 2008.

12      The March 10 Order required Mattel to produce or log all "NHB" documents

13  by March 14, 2008.[8]  Mattel has omitted *all* "NHB" documents that post-date

14  November 24, 2003—"many" documents according to Mattel—from its privilege log,

15  and has not begun to review the documents it was ordered to log in the March 10

16  Order.[9]  The May 6 Order required Mattel to produce a privilege log of all

17  documents pre-dating the commencement of this action for which Mattel claims

18

19  ———————————

19  [4]   Marsh Decl., Ex. 3 at ¶ 8 (Cendali Decl. ¶ 8).  Mattel's arguments that Ms.
20  Cendali's declaration were not considered by the Discovery Master and should not be
      considered here are misplaced.  The Discovery Master has regularly considered
21  supplemental filings by the Parties, including Mattel's own eleventh-hour filings.
      *See* Marsh Decl., Ex. 6 at 5:23-6:15 (considering Mattel's "eleventh hour"
22  submission, filed within two days of the hearing on that motion, and granting Mattel
      partial relief based on that submission); Marsh Decl., Ex. 7 at 2:3-5 (considering
23  Mattel's 800-page filing submitted just a few hours before the hearing); Marsh Decl.,
      Ex. 8 (affirming the Discovery Master's Orders in Exs. 7 and 8).

24  [5]   Marsh Decl., Ex. 2; *see* MGA's Opposition to Mattel's Motion for Protective
      Order ("Opp.") (attached to the Notice of Lodging filed concurrently herewith) at
25  13:6-9.

26  [6]   Marsh Decl., Ex. 2 at 2.
      [7]   Opp. at 5-12.
27  [8]   Marsh Decl., Ex. 2 at 5:5-9.

28  [9]   Marsh Decl. ¶ 8(a)-(c).

1  privilege by May 19, 2008.[10]  Mattel has not produced any such privilege log, and

2  has stated that it had not even begun reviewing the associated documents, and had no

3  intention of beginning to comply with the May 6 Order.[11]

4       Additional factual background information relevant to this Opposition is

5  detailed exhaustively in MGA's Opposition Mattel's Motion for Protective Order,[12]

6  and the declaration of Philip W. Marsh attached hereto.[13]  To avoid repetition, the

7  majority of those facts are omitted here, but are hereby incorporated by reference.

8  **III.  ARGUMENT**

9       A.    **Mattel has Violated and is now Seeking Back-Door Review of the**
            **Discovery Master's Unchallenged March 10 Order**
10
            1.    Mattel Never Challenged—and Cannot now Challenge—the
11                March 10 Order Requiring Mattel to Produce or Log *all* "NHB"
                  Documents by March 14, 2008
12

13       In his March 10 Order, the Discovery Master ordered that "Mattel shall . . .

14  produce all 'NHB' documents that are responsive to MGA's Requests no later than

15  March 14, 2008," and that "[a]ll responsive documents being withheld on the basis of

16  a claim of privilege must be identified on a privilege log, which must also be

17  produced no later than March 14, 2008."[14]  Because Mattel never challenged that

18  Order, and the time to do so has passed, Mattel cannot now challenge the March 10

19  Order.

20       The Discovery Master's orders in this case are "treated as rulings made by a

21  Magistrate Judge of the United States District Court."[15]  As such, a party is permitted

22  to object to any order coming from the Discovery Master within 10 days of service

---

23  [10]  Marsh Decl., Ex. 1 at 5:4-5.

24  [11]  Marsh Decl. ¶ 8(c)-(d).

25  [12]  Opp. at 4-15.

    [13]  Marsh Decl. ¶¶ 4-12.
26  [14]  Marsh Decl., Ex. 2 at 5:5-9.

27  [15]  Marsh Decl., Ex. 11 (Stipulation and Order for Appointment of a Discovery
     Master) at ¶ 6; *see also* Marsh Decl., Ex. 2 at 5:10-11 (March 10 Order filed pursuant
28  to ¶ 6 of the Stipulation and Order for Appointment of a Discovery Master).

1  of the Order. Fed. R. Civ. P. 72(a); L.R. 72-2.1; Standing Order ¶ 3.  If a party fails

2  to object to an order within the prescribed 10-day period, that party is prohibited

3  from later objecting to the order. Fed. R. Civ. P. 72(a) ("A party may not assign as

4  error a defect in the order not timely objected to.  The district must consider *timely*

5  objections. . . .") (emphasis added).  "There is no provision in Rule 72(a) that permits

6  the objecting party to delay filing objections to rulings on nondispositive matters past

7  the 10-day limit." *Mannick v. Kaiser Found. Health Plan, Inc.*, 2006 U.S. Dist.

8  LEXIS 57173, *82 (N.D. Cal. July 31, 2006).

9        In this case, Mattel *never* challenged the March 10 Order by either objecting to

10  it or seeking reconsideration before the Discovery Master.  The Order was served on

11  March 10, 2008,[16] and Mattel is now nearly two months beyond the 10-day period

12  for challenging it, which expired on March 24, 2008.  *See* Fed. R. Civ. P. 6(a)(2).

13  Likewise, Mattel's underlying Motion for Protective Order, filed on April 14, 2008,

14  was too late to timely object to the March 10 Order.

15        Because Mattel failed to timely object to the March 10 Order, it may not now

16  "assign as error" any perceived defect in the Order.  Fed. R. Civ. P. 72(a).  Mattel's

17  opportunity to object to or seek adjustment of the March 10 has long passed.

18                    2.    Mattel Failed to Comply With, and Admits Continued Violation
                            of, the March 10 Order
19

20        Mattel eventually produced a supplemental privilege log on March 20, 2008

21  adding 31 entries, and represented that those entries were "logged pursuant to Judge

22  Infante's Order of March 10, 2008."[17]  Not a single entry among the new 31 entries is

23  dated after November 24, 2003.[18]

24

25  _____
    [16]   Marsh Decl., Ex. 2 at "Proof of Service by E-Mail".

26  [17]   Declaration of Philip W. Marsh filed on April 22, 2008 in opposition to Mattel's
        Mot. for Protective Order (attached to the Notice of Lodging filed concurrently
27      herewith) ("4/22/08 Marsh Decl."), Ex. 15 (corrected) at 1.

28  [18]   4/22/08 Marsh Decl., Ex. 15 (corrected) at entries 354-384.

1    Faced with the obvious omission of documents dated after November 24, 2003,

2 Mattel's counsel admitted that it had intentionally excluded *all* "NHB" documents

3 that post-dated November 24, 2003[19] in direct violation of the Discovery Master's

4 March 10 Order requiring that *all* such documents "must be identified on a privilege

5 log . . . no later than March 14, 2008."[20]  When asked how many documents were

6 created during the period Mattel refers to as the "disputed period," Mattel's counsel

7 replied that there were "many," and indicated that "many, if not all" of the documents

8 from this time period would refer to "NHB."[21]  Mattel admits that, even now—more

9 than two months after the Court-ordered deadline—it has not even *begun* to review

10 the documents that it was ordered to log by the March 10 Order.[22]

11    Although it is not proper justification for ignoring this Court's order, Mattel

12 will likely attempt to justify its exclusion of documents post-dating November 24,

13 2003 as its standard practice.  On the contrary, Mattel regularly logged documents

14 after November 24, 2003.[23]  Each incarnation of Mattel's privilege log contains

15 multiple entries that post-date November 24, 2003 and fall within Mattel's so-called

16 "disputed period."[24]  Moreover, MGA has already demonstrated that Mattel's claims

17 that documents post-dating November 23, 2003 included in Mattel's privilege logs

18 relate to some special circumstances[25] are untrue.[26]  The simple truth is that until its

19 March 20, 2008 privilege log, Mattel regularly logged documents that post-dated

20 November 24, 2003.  Regardless of Mattel's regular practice, however, it should not

21

22

---

23  [19]  Marsh Decl. ¶ 8(a)-(b).

24  [20]  Marsh Decl., Ex. 2 at 7-9.

     [21]  Marsh Decl. ¶ 8(b) & Ex. 5 at 2.

25  [22]  Marsh Decl. ¶ 8(c) & Ex. 5 at 2.

26  [23]  Opp. at 10-12, 19-20.

     [24]  4/22/08 Marsh Decl. ¶ 11.

27  [25]  *See* Mattel's Mot. at 4 n.4.

28  [26]  Opp. at 19-20.

MGA'S OPP. TO MOT. OBJ. TO MAY 6, 2008 ORDER DEN. MOT. FOR P. O. RE: TEMP. SCOPE OF PRIV. LOG
Case No. CV 04-9049 SGL

1  be permitted to ignore this Court's March 10 Order to produce or log *all* "NHB"

2  documents.

3      3.   <u>Mattel's Present Motion is a Belated Indirect Challenge to the March 10 Order</u>

4

5      Mattel's present Motion seeks to indirectly challenge the Discovery Master's

6  March 10 Order.  Mattel's indirect challenge is untimely and, thus, improper.  As

7  explained above, Rule 72(a) does not permit Mattel to delay objecting to the March

8  10 Order past the 10-day limit.  Fed. R. Civ. P. 72(a); *Mannick*, 2006 U.S. Dist.

9  LEXIS 57173, *82 (N.D. Cal. July 31, 2006).

10      The March 10 Order clearly requires Mattel to log all "NHB" documents

11  responsive to MGA's requests that it is withholding under a claim of privilege "on a

12  privilege log . . . no later than March 14, 2008."[27]  Mattel's present Motion, which

13  seeks to indiscriminately limit the temporal scope of its privilege log by excluding all

14  post-November 24, 2003 documents, clearly conflicts with the scope of the March 10

15  Order.

16      Regardless of what Mattel claims its practices are, Mattel never sought

17  reconsideration of the March 10 Order, and to permit Mattel to belatedly reform that

18  Order through its present Motion, or its underlying Motion for Protective Order

19  would be improper and fundamentally unfair.  Mattel had its opportunity to

20  challenge the March 10 Order, and chose to forgo that opportunity.  MGA should not

21  be required to live with the uncertainty that will follow if Mattel is permitted to

22  endlessly seek indirect review of orders through creatively styled motions, after the

23  prescribed period for challenging those orders has expired.

24

25

26

27

28  [27]   Marsh Decl., Ex. 2 at 7-9.

1
2

**B.   Mattel has Failed—and has not Even *Begun*—to Comply with the May 6 Order, Which was Neither Clearly Erroneous nor Contrary to Law**

3   This Court may not set aside the Discovery Master's order unless it determines

4   that the order was "clearly erroneous or contrary to law." *See* Fed. R. Civ. P. 72(a).

5   An order is clearly erroneous "only if the district court is left with the definite and

6   firm conviction that a mistake has been made." *Center for Biological Diversity v.*

7   *Fed. Highway Admin.*, 290 F. Supp. 2d 1175, 1199-1200 (S.D. Cal. 2003) (quoting

8   *Weeks v. Samsung Heavy Indus. Co. Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997)

9   (quotation marks omitted)).  "So long as the district court's view of the evidence is

10   plausible in light of the record viewed in its entirety, it cannot be clearly erroneous

11   even if the reviewing court would have weighted the evidence differently had it sat

12   as the trier of fact." *S.E.C. v. Rubera*, 350 F.3d 1084, 1093-94 (9th Cir. 2003)

13   (emphasis added); *Grimes v. City and County of S.F.*, 951 F.2d 236, 241 (9th Cir.

14   1991) (under the clearly erroneous and contrary to law standard "[t]he reviewing

15   court may not simply substitute its judgment for that of the deciding court.").

16   *Sorensen v. Black & Decker Corp.*, 2007 U.S. Dist. LEXIS 62982 (S.D. Cal. 2007)

17   ("Because a magistrate is afforded broad discretion in the resolution of non-

18   dispositive discovery disputes, the court will overrule the magistrate's determination

19   only if this discretion is abused.") (emphasis added, citation omitted)).  Under the

20   clearly erroneous standard, this Court "must view the evidence in the light most

21   favorable to the prevailing party." *Rubera*, 350 F.3d at 1094.  An order is contrary to

22   law only when it fails to apply or misapplies relevant statutes, case law, or rules of

23   procedure.  *Yent v. Baca*, 2002 WL 32810316, 2 (C.D. Cal. Dec. 16, 2002) (citing

24   *Tompkins v. R.J. Reynolds Tobacco Co.*, 92 F. Supp. 2d 70, 74 (N.D.N.Y. 2000)).

25
26

**1.   The May 6 Order Required Mattel to Produce a Privilege Log *no Later Than* May 19, 2008, Which Mattel Admits it has Failed to do or Even *Begin***

27   Recognizing Mattel's failure to provide a complete privilege log and the

28   urgency of completing that task in the face of the impending trial date, the Discovery

8

Master ordered Mattel to "produce a complete privilege log, including all documents for which Mattel claims privilege up to the April 27, 2004" by "[n]o later than May 19, 2008."[28]  Continuing the delay tactic it began in response to the March 10 Order, Mattel failed to produce or even work on a privilege log on May 19, 2008 in response to the May 6 Order.[29]  As with the March 10 Order, Mattel's counsel indicated that Mattel had not even *begun* to review the documents it was ordered to log in the May 6 Order,[30] and had no intention of even *beginning* to take steps to comply with the May 6 Order.[31]

Considering Mattel's arguments that reviewing and logging the documents at issue would be a burden and require "substantial attorney time"[32] together with its claim that it would not be able to produce a privilege log until sometime during or after trial[33] and its universal refusal to even begin complying with the May 6 Order (as well as the much older March 10 Order),[34] it is evident that Mattel's strategy of delay is intended to "run out the clock" on MGA.  The Court should not permit Mattel to benefit from its stalling tactics.

> 2.   The Discovery Master Correctly Found that Mattel Failed to Properly Assert Privilege for the Documents at Issue Here

The Discovery Master correctly found that Mattel bears the burden of establishing its privilege claims for each document within its so-called "disputed period," and that to do so here, it needed to produce a privilege log.[35]

---

[28]   Marsh Decl., Ex. 1 at 5:4-5.

[29]   Marsh Decl. ¶ 8(c)-(d).

[30]   Marsh Decl. ¶ 8(c); *see also* Declaration of Timothy L. Alger in support of Mattel's present Motion ("Alger Decl.") ¶ 3 (refusing to "begin complying with the Discovery Master's order now").

[31]   Marsh Decl. ¶ 8(d).

[32]   Marsh Decl., Ex. 1 at 4:5-20.

[33]   Marsh Decl. ¶ 8(g).

[34]   Marsh Decl. ¶ 8(c)-(d); *see* Alger Decl. ¶ 3.

[35]   *See* Marsh Decl., Ex. 1 at 4:1-3; 5:4-5

1   As the party asserting privilege, Mattel has an affirmative duty to assert its

2   privilege claims for each document.  Fed. R. Civ. P. 26(b)(5)(A); *Flanagan v.*

3   *Benicia Unified Sch. Dist.*, 2008 U.S. Dist. LEXIS 39386, *11 (E.D. Cal. May 14,

4   2008) ("The party asserting the privilege has the burden to establish each element.

5   '[T]his burden can be met only by an evidentiary showing based on competent

6   evidence, and cannot be discharged by mere conclusory or *ipse dixit* assertions.'")

7   (quoting *Bowne of New York City, Inc. v. AmBase Corp.*, 150 F.R.D. 465, 470

8   (S.D.N.Y. 1993) (citation and internal quotation marks omitted); *see also Flanagan,*

9   2008 U.S. Dist. LEXIS 39386, *12 (E.D. Cal. May 14, 2008) ("it is the burden of the

10  party asserting the work product immunity to provide the court with evidence that

11  the documents qualify to be protected by the work product doctrine.) (citing

12  *Interstate Prod. Credit Ass'n. v. Fireman's Fund Ins. Co.*, 128 F.R.D. 273, 279

13  (D. Or. 1989)).

14  Mattel has presented no evidence that all or even most of the documents at

15  issue here are privileged, and has presented no evidence of privilege regarding any

16  specific document.  Thus, Mattel has failed to carry its burden of asserting privilege

17  for every document dated between November 23, 2003 and April 27, 2004.  The

18  declaration submitted in support of Mattel's Motion for Protective Order—the only

19  evidence Mattel presents on this point—also falls short, stating only that after

20  November 24, 2003, "Mattel's in-house and outside lawyers generated a substantial

21  quantity of privileged materials."[36]  Completely absent in Mattel's papers is any

22  evidence that all or even most of the documents at issue would be privileged.  Indeed,

23  it is surprising that Mattel is able to make *any* representation about the nature of the

24  documents at all, since Mattel's counsel has conceded that these documents have not

25  been reviewed at all.[37]

---

26  [36]  Declaration of Timothy L. Alger filed on April 14, 2008 in support of Mattel's
27  Mot. for Protective Order (attached to the Notice of Lodging filed by Mattel)
    ("4/14/08 Alger Decl.") ¶ 5.

28  [37]  Marsh Decl. ¶ 8(c)-(e)

1   Faced with this complete lack of evidence, the Discovery Master correctly

2   found that "[n]owhere does Mattel offer any estimates of how many privileged

3   documents are involved. . . ."[38] The Discovery Master recognized that such a failure

4   would not permit MGA to asses Mattel's privilege claims,[39] and that for Mattel to

5   carry its burden of establishing its privilege claims for each document, it must

6   provide a privilege log no later than May 19, 2008.[40]

7               3.      Mattel's Burden Arguments are Unpersuasive and do not Remedy
                        Mattel's Failure to Properly Assert Privilege
8

9   In addition to failing to properly asserting its privilege claims, Mattel has

10  failed to establish that properly establishing its privilege claims for each document

11  by logging them would be unduly burdensome. Mattel has failed to present any

12  evidence of undue burden, and its arguments regarding burden are unpersuasive and

13  do not excuse it from its duty to establish its privilege claims. As Mattel itself

14  observed when the shoe was on the other foot, given the size of this case, and what is

15  at stake, the burden of logging five months of allegedly privileged documents is not

16  undue under the circumstances.[41]

17  The Court may limit discovery if "the burden or expense of the proposed

18  discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2)(C)(iii). In deciding

19  whether to limit discovery, the Court must consider, among other factors, "the

20  importance of the issues at stake in the action, and the importance of the discovery in

21  resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(iii). The Court may, for good

22  cause, enter a protective order to protect a party from "annoyance, embarrassment,

23  oppression, or undue burden." Fed. R. Civ. P. 26(c)(1).

24

25

---

26  [38]  Marsh Decl., Ex. 1 at 4:19-20.

27  [39]  Marsh Decl., Ex. 1 at 3:3-8 (quoting Fed. R. Civ. P. 26(b)(5)).
    [40]  *See* Marsh Decl., Ex. 1 at 4:1-3; 5:4-5

28  [41]  Marsh Decl., Ex. 12 at 21:8-10.

11

1   In this case, the Discovery Master carefully evaluated Mattel's claims of
2   burden and found that, contrary to Mattel's assertions, complying with its privilege
3   assertion obligations would not create an undue burden. In particular, the Court
4   evaluated the Declaration of Mattel's counsel submitted in support of its Motion for
5   Protective Order, and found that that declaration did not "offer any estimates of how
6   many privileged documents are involved, or attempt to quantify the cost or time
7   associated with producing a privilege log."[42] As the Discovery Master noted, rather
8   than provide any quantification of Mattel's burden, its counsel's declaration
9   contained mere generalizations that "Mattel would have to review a large quantity of
10  paper and electronic documents," and that "such an effort would require substantial
11  attorney time and expense."[43] Such generalizations are hardly enough to excuse
12  Mattel from its obligations with respect to asserting privilege, as Mattel itself has
13  argued in the past.[44]

14      It is perplexing how Mattel can make *any* claims regarding the burden
15  involved in logging the documents at issue here, since it has admitted that it has not
16  even *begun* to review the documents it was ordered to log,[45] and cannot even
17  *estimate* the quantity of responsive documents or the time that would be required to
18  review such documents.[46] Likewise, because of its sparse knowledge of the
19  documents from the so-called "disputed period," Mattel's claims that those
20  documents are wholly privileged and would all have to be added to a privilege log
21  are without any basis given the fact that Mattel has not actually reviewed the
22  documents to determine their privileged (or non-privileged) status.[47] Mattel's
23  contempt for the Discovery Master's order is evident in its statements that logging

---

24  [42]  Marsh Decl., Ex. 1 at 4:19-20 (citing 4/14/08 Alger Decl. ¶¶ 5-6).
25  [43]  Alger Decl. ¶ 5.
26  [44]  Marsh Decl., Ex. 12 at 20:16-22:18.
    [45]  Marsh Decl. ¶ 8(c).
27  [46]  Marsh Decl. ¶ 8(f).
28  [47]  Marsh Decl. ¶ 8(e).

1  the documents ordered to be logged would be a "big waste of time."[48]  Moreover,

2  Mattel's arguments that requiring Mattel to better quantify the burden it claims

3  "would force Mattel to undertake the very burden that its motion was seeking to

4  obviate,"[49] is belied by the recent offer of Mattel's counsel to review all of the

5  documents in question.[50]

6          Mattel argues in response to the Discovery Master's order that the any burden

7  would be undue because it alleges that there will be no benefit to MGA.[51]  This

8  argument turns the facts on their head, disregarding Mattel's affirmative duty to

9  establish its privilege claims so that MGA may assess those claims, as the Discovery

10  Master correctly recognized.[52]  Fed. R. Civ. P. 26(b)(5)(A).  By refusing to establish

11  its privilege claims with any specificity for documents dated after November 23,

12  2004, Mattel has attempted to deprive MGA the opportunity and benefit of

13  challenging those claims—an opportunity that Mattel has fully exploited.[53]

14          In addition, Mattel's arguments that documents post-dating November 24,

15  2003 are irrelevant to MGA's statute of limitations defense[54] fails to consider that

16  such documents may contain non-privileged factual summaries of events occurring

17  before they were created and pre-dating November 24, 2003, much as MGA has seen

18  before.[55]  Mattel's argument also fails to consider MGA's laches defense, which are

19  not governed by the same strict timing requirements as a statute of limitations

20  defense. *Jackson v. Axton*, 25 F.3d 884, 887 (9th Cir. 1994).  In contrast to statute of

21  limitations, laches only requires a showing of "(1) lack of diligence by the party

---

22  [48]  Marsh Decl. ¶ 8(h).

23  [49]  Mattel's Mot. at 10:1-3.

24  [50]  Marsh Decl. ¶ 10.

   [51]  Mattel's Mot. at 9:23-24.

25  [52]  Marsh Decl., Ex. 1 at 3:3-8; 4:1-3.

26  [53]  Marsh Decl., Ex. 10 (citing Mattel's challenge of approximately 1,500 items from MGA's privilege log).

27  [54]  Mattel's Mot. at 9:6-9.

28  [55]  4/22/08 Marsh Decl., Ex. 16 at 4.

13

1  against whom the defense is asserted, and (2) prejudice to the party asserting the

2  defense." *AMTRAK v. Morgan*, 536 U.S. 101, 122 (U.S. 2002) (quoting *Kansas v.*

3  *Colorado*, 514 U.S. 673, 687 (1995)).  The fact that a document was created after a

4  certain date does not mean that it would not contain non-privileged information that

5  might show a lack of diligence.

6        Mattel also contends that MGA is somehow targeting and the Discovery

7  Master somehow ordered logging of all communications with counsel.[56]  Mattel's

8  argument is a red herring.  The May 6 Order is limited to denying Mattel's Protective

9  Order to limit the temporal scope of its privilege log.[57]  Thus, that Order does not

10 expand Mattel's privilege logging requirements, but merely refuses to excuse Mattel

11 from its already existing privilege assertion and logging duties.  Mattel, therefore, is

12 only required to produce or log documents responsive to MGA's requests, and not to

13 some broader subject matter, as Mattel attempts to be asserting.[58]

14       Mattel's belated claims that it would be unduly prejudiced because of the

15 proximity of trial should likewise be disregarded because Mattel's own delay has

16 created this purported burden, as the Discovery Master correctly recognized.[59]

17 Indeed, Mattel's entire tactic here appears to be to be to win by stalling.  Mattel

18 should have produced a complete privilege log of "NHB" documents by March 14,

19 2008.[60]  Had Mattel done so, as ordered by the March 10 Order, "many, if not all," of

20 the documents at issue now would have been logged, and Mattel would not be in an

21 eleventh-hour crisis.[61]  Instead, even now—more than two months later—Mattel has

22

_____

23 [56]  Mattel's Mot. at 10:18-11:4.

   [57]  Marsh Decl., Ex. 1 at 3-4.

24 [58]  The March 10 Order explicitly recognizes that Mattel's is required only to log all

25 documents "responsive to MGA's Requests."  Marsh Decl., Ex. 2 at 5:5-9.

   [59]  Marsh Decl. Ex. 1 at 4 n.1 & ¶ 11.

26 [60]  Marsh Decl., Ex. 2 at 7-9.

27 [61]  Marsh Decl. ¶ 9(b) (Mattel's counsel represented that "many, if not all" of the
   documents that were omitted from Mattel's privilege log would include the "NHB"
28 codename, and thus would fall under the March 10, 2008 Order).

14

1   refused to *even begin* complying with either the March 10, 2008 Order or the May 6,

2   2008 Order.[62]   Such dilatory tactics should not be rewarded.  The Discovery Master

3   correctly found that "[t]he circumstances Mattel now faces are of its own making."[63]

4         Finally, Mattel's complaints that merely producing a privilege log will

5   somehow prejudice it by revealing aspects of Mattel's litigation strategy are

6   unfounded.  The Discovery Master correctly found that Mattel's articulation of this

7   concern—much like its arguments regarding the purported burden—was too "vague

8   and theoretical."[64]   Mattel fails to explain how merely carrying its burden to

9   expressly claim privilege in such a manner that would enable MGA to asses its

10   claims—as MGA has done, and as every other litigant is required to do—would

11   prejudice Mattel.  *See* Fed. R. Civ. P. 26(b)(5)(A).

12         The cases Mattel cites in support of its contentions are unavailing.  Contrary to

13   the impression Mattel seeks to convey, *PostX* does not support its position.  On the

14   contrary, just as the Discovery Master here, the court in *PostX* found that the plaintiff

15   had refused to provide a privilege log, providing only " vague references to litigation

16   strategy," which the Court found to be insufficient.[65]   *PostX Corp. v. Secure Data*

17   *Motion*, 2004 U.S. Dist. LEXIS 24869, *5 (N.D. Cal. June 9, 2004).  Accordingly,

18   the Court ordered all parties, including plaintiff PostX, to produce a privilege log

19   containing all relevant documents. *Id.* at *6.

20         The *Thrasher* case is similarly unavailing.  Like Mattel, plaintiff PostX

21   attempted to rely on *SEC v. Thrasher*, 1996 U.S. Dist. LEXIS 3327, 1996 WL

22   125661 (S.D.N.Y. March 20, 1996),[66] but the Court in *PostX* found that *Thrasher*

23

---

24   [62]   Marsh Decl. ¶ 9(c).

25   [63]   Marsh Decl., Ex. 1 at 4 n.1.

    [64]   Marsh Decl., Ex. 1 at 4:21-5:2.

26   [65]   Marsh Decl., Ex. 1 at 4:22-5:2 ("Mattel's vague and theoretical concern over

27   revealing litigation strategy is not a sufficient reason to excuse Mattel from producing a privilege log.")

28   [66]   Mot. for Protective Order at 5:16-6:1.

1 | was distinguishable because of contrast between the extremely voluminous files in

2 | *Thrasher* (all communications between defense counsel concerning the lawsuit)[67]

3 | and the relatively fewer documents in *PostX*. *PostX*, 2004 U.S. Dist. LEXIS 24869,

4 | *5 (N.D. Cal. June 9, 2004). Similarly, here, the documents at issue are not

5 | extremely voluminous. Mattel would have only five months' worth of documents to

6 | review, and would only need to produce or log those responsive to MGA's requests.

7 | Mattel's other cases are similarly distinguishable.

8
9 |     4.   <u>Mattel is Judicially Estopped from Arguing that Logging Documents by Category is Appropriate Here</u>

10 |         Contrary to its recent suggestion that logging documents by group or category

11 | would be appropriate, Mattel has argued that a document-by-document privilege log

12 | was necessary to permit Mattel to asses privilege claims of various third parties in

13 | connection with this action. For example, Mattel argued that logging documents by

14 | category was improper for third parties Farhad Larian and Kaye Scholer, because

15 | they would not permit Mattel to asses privilege claims.[68] Indeed, Mattel even argued

16 | that Kaye Scholer's failure to produce a privilege log or even produce any description

17 | of documents withheld was grounds for finding a privilege waiver.[69] Based on

18 | Mattel's arguments, the Discovery Master ordered that Farhad Larian and Kaye

19 | Scholer to provide document-by-document privilege logs.[70] Because of Mattel's

20 | prior arguments that logging documents by category is inappropriate to permit the

21 | other party to asses the privilege claims, and because of the fact that it obtained relief

22 | based on those arguments, Mattel is judicially estopped from arguing contrary to that

23

---

24 | [67] *See also* 4/22/08 Marsh Decl., Ex. 24 (Discovery Master's January 25 Order re: Mattel's Motions to Compel Farhad Larian, Kaye Scholer; and Stern & Goldberg to

25 | Produce Documents) at 13:20-14:16 (distinguishing *Thrasher* for similar reasons, and granting Mattel's request that Farhad Larian be compelled to log privileged

26 | documents on a document-by-document basis).

| [68] Marsh Decl., Ex. 12 at 20:16-22:18.

27 | [69] Marsh Decl., Ex. 12 at 22:2-4.

28 | [70] Marsh Decl., Ex. 13 at 19:24-25; 20:6-8.

1  position now. *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir.

2  Cal. 2001) ("Judicial estoppel is an equitable doctrine that precludes a party from

3  gaining an advantage by asserting one position, and then later seeking an advantage

4  by taking a clearly inconsistent position.") (citing *Rissetto v. Plumbers & Steamers*

5  *Local 343*, 94 F.3d 597, 600-601 (9th Cir. 1996); *Russell v. Rolfs*, 893 F.2d 1033,

6  1037 (9th Cir. 1990)).

7         5.    <u>The Discovery Master Correctly Rejected Mattel's Baseless</u>

8              <u>Attempt to Extend Privilege Logging by MGA and Bryant</u>

9     The Discovery Master correctly denied Mattel's baseless attempt to extend

10  MGA's and Bryant's privilege logging requirements.[71]  Mattel's failure to properly

11  assert privilege with respect to all of its withheld documents does not somehow

12  justify increasing the privilege-logging requirements on other parties.  In contrast to

13  Mattel, MGA and Bryant have already logged withheld documents up until the

14  commencement of litigation in this action.  Moreover, following Mattel's logic,

15  Mattel would then be required to log documents with respect to MGA up until

16  January 12, 2007, when Mattel filed its first claims against the MGA Defendants.[72]

17   **C.**    <u>**The Court Should Grant MGA *Immediate* Relief to Remedy MGA's**</u>

18        <u>**Prejudice by Mattel's Delay and to Avoid any Further Prejudice**</u>

19         1.    <u>Mattel's Delays with the Impending Trial have Prejudiced MGA</u>

20     MGA should not be prejudiced by Mattel's failure to comply with or challenge

21  the March 10, 2008 Order.[73]  Mattel's ten-day period for challenging the March 10,

22  2008 Order expired on March 24, 2008—nearly two months ago.[74]  There is a

23  significant likelihood that some of these documents might contain non-privileged or

24  _____

25  [71]   Marsh Decl., Ex. 1 at 5-9.

26  [72]   *See* Mattel, Inc.'s Amended Answer and Counterclaims filed on January 12, 2007 in Case No. 05-2727.

27  [73]   *See* Marsh Decl., Ex. 1 at 4 n.1 (the proximity of trial is a burden Mattel created by its own delay).

28  [74]   Fed. R. Civ. P. 72(a); L.R. 72-2.1; Standing Order ¶ 3.

1 | redactable <u>factual</u> summaries of Mattel's investigation of MGA that relate to MGA's
2 | statute of limitations and laches defenses.[75]   Mattel has admitted that it has not even
3 | *begun* to review documents that it was ordered to log in the March 10, 2008 Order.[76]
4 | By not even attempting to comply with the Discovery Master's March 10, 2008
5 | Order, Mattel has deprived MGA of the opportunity to obtain any such non-
6 | privileged or redactable information.  Similarly, Mattel has failed to establish the
7 | privilege of each withheld document and provide enough information that MGA
8 | could assess Mattel's privilege claims. Fed. R. Civ. P. 26(b)(5)(A)(ii).[77]

2.   <u>Privilege Waiver is Appropriate Where a Party Fails to Properly Assert Privilege, as Mattel has Failed Here</u>

By refusing to comply with the March 10 Order for over two months, delaying resolution of this issue until the eve of trial, Mattel has waived privilege with respect to its withheld "NHB" documents.  Likewise, by unilaterally adopting a last-minute stance that it would not log documents after November 24, 2003, without any notice to MGA, Mattel has waived privilege with respect to the documents subject to the May 6 Order (i.e., responsive documents created between November 24, 2003 and April 27, 2004).  By delaying compliance with its duties and the Court's orders, Mattel has put itself in a position where even by losing this motion, it wins.  In other words, even if the Court orders Mattel to produce a privilege log at this late stage, MGA will not have now time to challenge its entries.  Accordingly, more immediate relief is called for here, and finding of privilege waiver is appropriate.

Waiver of privilege is appropriate where a party fails to assert privilege by producing a privilege log. *Burlington N. & Santa Fe Ry. v. United States Dist. Court*, 408 F.3d 1142 (9th Cir. Wash. 2005) (affirming waiver of privilege where privilege

---

[75]  4/22/08 Marsh Decl., Ex. 16 at 4; Opp. at 2; *see also* Marsh Decl., Ex. 3 at 1 (Letter from J. Allen to S. Chan) & ¶ 8 (Cendali Decl. ¶ 8).

[76]  Marsh Decl. ¶ 8(c).

[77]  This is a danger that the Discovery Master also recognized. *See* Marsh Decl., Ex. 1 at 4:1-3.

1  log not timely produced, holding boilerplate objections and blanket refusals

2  insufficient to assert a privilege); *John Labatt Ltd. v. Molson Breweries*, 1995 U.S.

3  Dist. LEXIS 507, 1995 WL 23603, at *1 (S.D.N.Y. Jan 19, 1995) (production of

4  documents ordered despite privilege claims where no log had been provided for

5  withheld documents), *transf'd sub nom. Dorf & Stanton Communs. v. Molson*

6  *Breweries*, 56 F.3d 13 (2d Cir. 1995) *aff'd* 100 F.3d 919 (Fed. Cir. 1996); *Breon v.*

7  *Coca-Cola Bottling Co.*, 232 F.R.D. 49 (D. Conn. 2005) (privilege and work product

8  protection waived by failure to provide privilege log); *Ayers v. SGS Control Servs.*,

9  2006 U.S. Dist. LEXIS 10134, at *9 (S.D.N.Y. Mar. 9, 2006) (Defendants waived

10  any privilege with respect to attorney work product not properly identified on a

11  privilege and for which no privilege was properly asserted); *Goodyear Tire &*

12  *Rubber Co. v. Kirk's Tire & Auto ServiCenter of Haverstraw, Inc.*, 2003 U.S. Dist.

13  LEXIS 15917 (S.D.N.Y. Sept. 10, 2003) (privilege waiver found where no privilege

14  log was supplied). Indeed, in some cases, courts have held that more extreme relief

15  is appropriate. *Flanagan*, 2008 U.S. Dist. LEXIS 39386 (E.D. Cal. May 14, 2008)

16  (Magistrate Judge recommended terminating sanctions where finding that mere

17  waiver of privilege was inadequate to remedy party's dilatory conduct during

18  discovery, which included failure to produce privilege log).

19       In the Ninth Circuit, courts are required to perform a case-by-case analysis to

20  determine if failure to produce a privilege log should result in a privilege waiver.

21  *Burlington*, 408 F.3d at 1149. Under *Burlington*, the Court should consider the

22  following factors: (1) the degree to which the objection or assertion of privilege

23  enables the litigant seeking discovery and the court to evaluate whether each of the

24  withheld documents is privileged; (2) the timeliness of the objection and

25  accompanying information about the withheld documents; (3) the magnitude of the

26  document production; and (4) other circumstances of the litigation that make

27  responding to the discovery unusually easy or unusually hard. *Id.*

28

1    Here, each of the *Burlington* factors weighs heavily in favor of finding a

2  waiver of privilege—particularly with respect to the "NHB" documents ordered to be

3  produced over two months ago in the March 10 Order.  The first factor clearly

4  weighs in favor of MGA.  Mattel has failed to log all "NHB" documents withheld on

5  a claim of privilege as required by the March 10 Order.[78]  Likewise, Mattel has not

6  provided affirmative claims for privilege on a privilege log or otherwise for the

7  remaining documents subject to the May 6 Order that are at issue here, and has

8  provided only conclusory and *ipse dixit* generalizations that those documents are

9  privileged, as the Discovery Master correctly recognized.[79]  *See Flanagan*, 2008 U.S.

10  Dist. LEXIS 39386, *11 (E.D. Cal. May 14, 2008) (a parties burden for asserting

11  privilege "can be met only by an evidentiary showing based on competent evidence,

12  and cannot be discharged by mere conclusory or *ipse dixit* assertions.'")

13    The second factor, timeliness, also weighs in favor of MGA.  Regarding the

14  "NHB" documents, as discussed above, Mattel is more than two months beyond the

15  time limit to object to the March 10 Order.  Moreover, Mattel's assertion that the

16  Court should bless its unilaterally adoption of a last-minute stance that it would not

17  log documents after November 24, 2003, without any notice to MGA, is two years

18  too late.  Mattel asserts that it proposed limiting the temporal scope of its privilege

19  log in the Summer of 2006, but admits that no agreement was reached.[80]  Despite

20  Mattel's apparent knowledge of this issue in the summer of 2006, it continued to

21  confirm the parties understanding that only documents created after the

22  commencement of litigation could be excluded from the privilege logs, and

23

---

24  [78]    Marsh Decl., Ex. 2 at 5:7-9 & ¶ 8(a)-(c).

25  [79]    Marsh Decl., Ex. 1 at 4:8-13 (citing 4/14/08 Alger Decl. ¶ 5, which refers merely to the fact that "Mattel's in-house and outside lawyers generated a substantial

26  quantity of privileged materials from November 24, 2003 to April 27, 2003); & 4:19-20 (recognizing that "[n]owhere does Mattel offer any estimates of how many

27  privileged documents are involved."

28  [80]    Mot. for Protective Order at 6 n.10 ("no agreement was reached when the parties met-and-conferred . . . in the summer of 2006.").

1  continued to log documents dated after November 24, 2003.[81]  Because of Mattel's

2  silence on this point until the eve of trial, MGA was unable to seek the relief that it

3  otherwise would have sought.[82]

4       The third factor, regarding the magnitude of production, also weighs in favor

5  of MGA.  Mattel has produced only about one fourth of the total number of

6  documents that have been produced by MGA in this case.[83]  Not surprisingly,

7  Mattel's privilege log is similarly dwarfed by MGA's.  In fact, Mattel is currently

8  disputing approximately 1,500 items from that log—about four times the total

9  number of documents that Mattel has logged on its privilege log.[84]  In view of

10  MGA's efforts that have enabled Mattel to asses and challenge MGA's privilege

11  assertions, Mattel cannot complain here that the magnitude of production should

12  weigh in its favor.

13       Finally, the fourth factor regarding other circumstances, also weighs in favor

14  of MGA.  Mattel would cite the proximity of trial as a factor that should weigh in its

15  favor against producing a privilege log, but those circumstances are of Mattel's own

16  making.  With regard to the "NHB" documents, Mattel is more than two-months

17  overdue, and cannot now complain about the proximity of trial preventing it from

18  

19  [81]  Opp. at 5-12; *see also* Marsh Decl., Ex. 3 at ¶¶ 6, 8 (Cendali Decl. ¶ 6 ("we expressly and immediately rejected that request [Mattel's request to forgo some

20  privilege-logging obligations].  We also told Mattel to let us know if they had a specific suggestion in mind. *We never heard back from Mattel on this point.*"

21  (emphasis added)); Cendali Decl. ¶ 8 ("At no time did Mr. Zeller, Mr. Quinn, or anyone else from Mattel ever disclosed to me that Mattel would not be logging

22  documents created before the commencement of litigation.")).

23  [82]  Marsh Decl., Ex. 3 at ¶ 8 (Cendali Decl. ¶ 8 (MGA "had no reason to think that [Mattel was] omitting any documents that predated the litigation from their privilege logs."  "Had Mattel disclosed its intent not to log documents that pre-dated the

24  commencement of litigation during the summer of 2006, or at any time . . . MGA would have immediately sought the Court's intervention by moving to compel Mattel

25  to log these documents, particularly in view of MGA's statute of limitations and laches defenses.")).

26  [83]  Opp. at 26:4-6 & n.102.

27  [84]  Compare Marsh Decl., Ex. 10 (5/7/08 letter from J. Allen citing Mattel's challenge of approximately 1,500 items from MGA's privilege logs); Ex. 15

28  (corrected) (Mattel's supplemental privilege log, including fewer than 400 items).

1 complying with the March 10 Order. With regard to the remaining documents that
2 are the subject of the May 6 Order, Mattel's failure to properly assert privilege, or to
3 raise the issue before the eve of trial are it's own fault. Mattel should not be
4 permitted to delay compliance with its duties until the eve of trial, and then complain
5 about where it finds itself. Because of Mattel's delay, the Discovery Master correctly
6 found Mattel's arguments about the proximity of trial unpersuasive, and found that
7 "[t]he circumstances Mattel now faces are of its own making."[85] A finding that
8 Mattel has waived its privilege claims is appropriate here—particularly in the case of
9 the March 10 Order.

10          3.   As an Alternative to Privilege Waiver, the Court Should Grant
                 MGA Immediate, Limited Access to the Documents Mattel has
11               Withheld

12          As an alternative to finding a waiver of privilege, the Court has broad
13 authority to fashion a remedy to grant MGA relief from Mattel's delay tactics. Under
14 Federal Rule 37(b)(2), the Court "may make such orders in regard to the failure [to
15 comply with the Court's Orders] as are just." *See also United States v. Westinghouse*
16 *Elec. Corp.*, 648 F.2d 642, 651 (9th Cir. 1981) ("The choice of discovery sanctions is
17 left to the discretion of the district court."); *Grimes*, 951 F.2d at 240-41 (courts "may,
18 within reason, use as many and as varied sanctions as are necessary to hold the scales
19 of justice even."). Sanctions are also available under 28 U.S.C. § 1927, and are
20 appropriate "for conduct that, viewed objectively, manifests either intentional or
21 reckless disregard for the attorney's duties to the court." *RTC v. Dabney*, 73 F.3d
22 262, 265 (10th Cir. 1995).

23          In an ideal world, Mattel would be given some brief period to submit a log that
24 complies with the March 10 and May 6 orders, after which MGA would be given an
25 opportunity to review and evaluate the propriety of any withheld documents as
26 required under the Federal Rules. Fed. R. Civ. P. 26(b)(5)(A)(ii). With jury
27

28 [85]   Marsh Decl., Ex. 1 at 4 n.1.

1  selection underway already, and opening statements scheduled to begin in less than a

2  week, that is obviously not a viable option at this point.  Likewise, options such as

3  having Mattel's withheld documents screened by the Discovery Master or by this

4  Court and its staff are obviously not available because of the duties imposed by the

5  imminent trial.

6      MGA submits that the only viable alternative—short of a complete privilege

7  waiver—is for Mattel to produce to MGA all of withheld responsive documents that

8  have not been logged (including the "NHB" documents ordered in the March 10

9  Order) for review during some brief period of time (e.g., 48-72 hours).  MGA would

10  be permitted to review the documents, but not use them in any way, without

11  obtaining prior approval of the Court.  If MGA believes that any of the documents

12  are not privileged and bear upon the issues of this case, MGA would have a short

13  period (e.g., 24-48 hours) thereafter during which to file a sealed motion seeking

14  production of those documents.  At the end the review challenge periods, MGA

15  would be required to return the documents to Mattel without copying or using them

16  in any way.

17      Although there is ample precedent for a privilege waiver here—particularly

18  with regard to the March 10 Order—MGA's alternative proposal would avoid any

19  waiver but would still permit MGA to assess Mattel's privilege claims, as

20  contemplated by the Federal Rules.  Fed. R. Civ. P. 26(b)(5)(A)(ii).  Thus, it would

21  minimize the burden to Mattel and would avoid any privilege waiver, while

22  preventing MGA from being prejudiced by Mattel's inaction.[86]  If the Court does not

23  fashion a remedy similar MGA's proposal, MGA will be severely prejudiced, and

24  Mattel will be rewarded for its delay and for successfully dodging an order of this

25  Court that it never challenged.

26

27

28  [86]   Marsh Decl., Ex. 4 n.1 & ¶¶ 17(c), 20.

23

4.   <u>Mattel's Suggestion of Further Delay is Inappropriate and Would Only Compound the Prejudice to MGA</u>

Mattel's suggestion that compliance with the May 6 Order should be delayed further until the completion of the Phase 1 trial is outrageous.  It ignores the fact that Mattel has *already delayed* compliance with the March 10 Order that it indirectly seeks to overturn and delay further here for more than two months.  It also ignores Mattel's delay in raising a request to limit the temporal scope of its privilege log. MGA is entitled to <u>*immediate*</u> relief to avoid any further prejudice by Mattel's delays.

## IV.   CONCLUSION

For all of the Reasons stated above, Mattel's Motion should be denied, and the Court should find either a waiver of privilege or should fashion a remedy to give immediate relief and avoid any further prejudice to MGA.

DATED:  May 20, 2008            SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP


By: /s/ Thomas J. Nolan
    THOMAS J. NOLAN

Attorneys for Counter-Defendants MGA Entertainment, Inc., MGA Entertainment (HK) Limited, MGAE De Mexico, S.R.L. De C.V., and ISAAC LARIAN

24