THOMAS J. NOLAN (Bar No. 66992)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue
Los Angeles, California 90071-3144
Telephone: (213) 687-5000
Facsimile: (213) 687-5600
E-mail: tnolan@skadden.com

RAOUL D. KENNEDY (Bar No. 40892)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Embarcadero Center, 38th Floor
San Francisco, California 94111-5974
Telephone: (415) 984-6400
Facsimile: (415) 984-2698
E-mail: rkennedy@skadden.com

Attorneys for Counter-Defendants
MGA Entertainment, Inc., MGA
Entertainment (HK) Limited,
MGAE De Mexico, S.R.L. De C.V.,
and ISAAC LARIAN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation<br><br>Defendant.<br><br>Consolidated with MATTEL, INC. v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case No. 04-9059 and Case No. 05-2727<br><br>**DECLARATION OF PHILIP W. MARSH IN SUPPORT OF MGA'S OPPOSITION TO MATTEL'S MOTION OBJECTING TO DISCOVERY MASTER'S MAY 6, 2008 ORDER DENYING MATTEL'S MOTION FOR PROTECTIVE ORDER LIMITING THE TEMPORAL SCOPE OF ITS PRIVILEGE LOG**<br><br>Hearing Date: TBD<br>Time: TBD<br>Place: TBD<br><br>**Phase 1:**<br>Pre-Trial Conference: May 19, 2008<br>Trial Date: May 27, 2008 |

I, Philip W. Marsh, declare as follows:

1. I am an attorney with Skadden, Arps, Slate, Meagher & Flom LLP, counsel of record for MGA Entertainment, Inc., MGA Entertainment (HK) Limited, and MGAE de Mexico S.R.L. de C.V., and Isaac Larian (collectively "MGA"). Except where otherwise indicated, I have personal knowledge of the following and, if called upon to do so, could competently testify to the facts set forth herein.

2. Attached as **Exhibit 1** is a true and correct copy of the Discovery Master's May 6, 2008 Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log.

3. Attached as **Exhibit 2** is a true and correct copy of the Discovery Master's March 10, 2008 Order Granting MGA's Motion to Compel Production of "NHB" Documents.

4. Diana M. Torres, MGA's prior counsel in this action, and Douglas A. Wickham, Carter Bryant's prior counsel in this action, each submitted declarations in support of MGA's Opposition to Mattel's Motion for Protective Order. Copies of their declarations are attached to the Notice of Lodging filed concurrently herewith.

5. In its Reply to MGA's Opposition, Mattel suggested that MGA should have submitted a declaration from Dale Cendali. (*See* Reply at 13.) In response, MGA submitted a declaration from Ms. Cendali. Attached as **Exhibit 3** is a true and correct copy of a letter from Jose R. Allen, counsel for MGA, to Sandra Chan of JAMS, dated May 2, 2008, enclosing the Declaration of Dale M. Cendali, and asking Ms. Chan to present Ms. Cendali's declaration to the Discovery Master for his consideration.

6. In response to MGA's submission of Ms. Cendali's declaration, Mr. Alger, Mattel's counsel submitted a letter to the Discovery Master, dated May 2, 2008, a true and correct copy of which is attached as **Exhibit 4**, asking the Discovery

-1-
DECLARATION OF PHILIP W. MARSH IN SUPPORT OF MGA'S OPP. TO MOT. OBJ. TO MAY 6, 2008
ORDER DEN. MOT. FOR PROTECTIVE ORDER LIMITING THE TEMPORAL SCOPE OF ITS PRIV. LOG
Case No. CV 04-9049 SGL

1 | Master to decline to consider Ms. Cendali's declaration. Mattel has never submitted
2 | any evidence to challenge the facts set forth in Ms. Cendali's declaration.

3 |     7.    On May 9, 2008, I met and conferred with Mr. Alger regarding Mattel's
4 | then-contemplated motion. During those discussions, Mr. Alger requested that MGA
5 | stipulate to an expedited hearing on May 21, 2008, an accelerated briefing schedule,
6 | and relief from Local Rule 7-3. I told Mr. Alger that Mattel's compliance with the
7 | May 6, 2008 order is a time-critical task that Mattel should have completed months
8 | ago, and I informed him that MGA would agree to his requested stipulations, if
9 | Mattel would be prepared to produce the privilege log immediately on May 21, 2008
10 | should the court rule against Mattel. Mr. Alger told me that Mattel would not agree,
11 | and gave notice that Mattel intended to seek relief from the Court on an *ex parte*
12 | basis. Because of that statement, and Mr. Alger's characterizations that he intended
13 | to file his then-contemplated motion on May 12, 2008, I was surprised that Mattel
14 | delayed its filing until May 15, 2008, and did not seek *ex parte* relief as promised,
15 | but simply granted itself an expedited hearing and a *de facto* accelerated briefing
16 | schedule.

17 |     8.    During the course of our meet and confer discussions, Mr. Alger made
18 | several key admissions. Specifically, Mr. Alger conceded:

19 |     (a)    Mattel has omitted *all* "NHB" documents created between
20 | November 24, 2003 and April 27, 2004 from its privilege logs, despite the Discovery
21 | Master's March 10, 2008 order, which explicitly requires that Mattel to log *all* such
22 | documents by March 14, 2008;

23 |     (b)    there are "many" documents created between November 24,
24 | 2003 through April 27, 2004 that were omitted from Mattel's privilege log, "many, if
25 | not all" of which would contain "NHB," Mattel's codename for MGA, and thus
26 | would fall under the Discovery Master's March 10, 2008 Order;

27
28

-2-
DECLARATION OF PHILIP W. MARSH IN SUPPORT OF MGA'S OPP. TO MOT. OBJ. TO MAY 6, 2008
ORDER DEN. MOT. FOR PROTECTIVE ORDER LIMITING THE TEMPORAL SCOPE OF ITS PRIV. LOG
Case No. CV 04-9049 SGL

1          (c)    Mattel has not even *begun* to review documents that it was ordered to log in the March 10, 2008 and May 6, 2008 orders;

        (d)    Mattel would not be producing a privilege log by the court-ordered deadline of May 19, 2008, and had no intention of beginning to comply with the May 6, 2008 Order before filing a motion objecting to that Order;

        (e)    contrary to its assertions that the documents created between November 24, 2003 and April 27, 2004 are privileged in their entireties, Mattel has not actually reviewed those documents to determine their privileged (or non-privileged) status;

        (f)    contrary to its claim of undue burden, Mattel cannot even *estimate* the quantity of responsive documents or the time that would be required to review such documents;

        (g)    Mattel would likely not be able to produce a privilege log until sometime during or after trial; and

        (h)    that logging documents as ordered by the Discovery Master was a "big waste of time."

    9.    During our discussions, I expressed my concern to Mr. Alger that Mattel was already in violation of the March 10, 2008 order, an order that Mattel had never challenged.

    10.    Mr. Alger indicated that he thought possibility for compromise between the parties might exist for logging groups of documents by category, but stopped short of making any such offer, noting that he was not authorized to do so. Mr. Alger offered to review the responsive documents in question and provide a declaration verifying the documents are wholly privileged. I informed Mr. Alger that neither of these options would be acceptable because neither would provide MGA any meaningful opportunity to assess or challenge Mattel's privilege claims. Also, I noted that Mr. Alger's offer to review all of the documents for privilege was

-3-

at odds with Mattel's arguments that reviewing all of the documents for privilege would be overly burdensome. Indeed, when Mr. Alger offered to review the documents, I was surprised that Mattel had not already performed such a review and submitted a declaration like he proposed before the Discovery Master.

11. Regarding Mattel's refusal to even begin complying with the March 10, 2008 and May 6, 2008 orders, and in the face of Mr. Alger's complaints of the burden imposed by the ordered privilege logs because of the proximity of trial, I indicated to Mr. Alger that Mattel has created the burden it now complains of, and MGA should not be prejudiced by Mattel's delays and refusals to comply with the Discovery Master's orders.

12. Attached as **Exhibit 5** is a true and correct copy of my letter to Mr. Alger, dated May 11, 2008, summarizing our discussions of May 9, 2008 described above in ¶¶ 7-11. Neither Mr. Alger nor anyone else from Mattel has responded to this letter.

13. Attached as **Exhibit 6** is a true and correct copy of the Discovery Master's Order Granting in Part Mattel's Motion to Compel MGA to Produce Communications Regarding this Action, dated April 14, 2008.

14. Attached as **Exhibit 7** is a true and correct copy of the Discovery Master's Order Denying Mattel's Motion to Compel Production of Documents by MGA in Response to Mattel's Fifth Set of Requests for Documents and Things, dated April 14, 2008.

15. Attached as **Exhibit 8** is a true and correct copy of the Court's Minute Order of May 12, 2008, affirming the Discovery Master's Orders referenced in ¶¶ 13 and 14 above.

16. Attached as **Exhibit 9** is a true and correct copy of portions of the certified transcript of a May 12, 2008 hearing before the Court.

17. Attached as **Exhibit 10** is a true and correct copy of a letter from Jose Allen to Harry Olivar, counsel for Mattel, dated May 7, 2008.

18. Attached as **Exhibit 11** is a true and correct copy of the Stipulation and Order for Appointment of a Discovery Master.

19. Attached as **Exhibit 12** is a true and correct copy of Mattel's Reply Memorandum in Response to Oppositions of Farhad Larian, Stern & Goldberg, Kaye Scholer, and MGA to Motions to Produce Documents, dated January 3, 2008.

20. Attached as **Exhibit 13** is a true and correct copy of the Discovery Master's Order Re Mattel's Motions to Compel Farhad Larian, Kaye Scholer and Stern & Goldberg to Produce Documents, dated January 25, 2008.

Executed on May 20, 2008 at Washington, District of Columbia.

_____
Philip W. Marsh

-5-
DECLARATION OF PHILIP W. MARSH IN SUPPORT OF MGA'S OPP. TO MOT. OBJ. TO MAY 6, 2008 ORDER DEN. MOT. FOR PROTECTIVE ORDER LIMITING THE TEMPORAL SCOPE OF ITS PRIV. LOG
Case No. CV 04-9049 SGL

837696-D.C. Server 1A - MSW