# Exhibit 12

**quinn emanuel**

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

February 23, 2007

V<small>IA</small> M<small>ESSENGER</small>

James P. Jenal, Esq.
O'Melveny & Myers, LLP
400 South Hope Street
Los Angeles, California 90071

Douglas A. Wickham, Esq.
Littler Mendelson, P.C.
2049 Century Park East, Fifth Floor
Los Angeles, CA 90067

<u>MGA Entertainment, Inc. v. Mattel, Inc.</u>

Dear Counsel:

Pursuant to Rule 26 of the <u>Federal Rules of Civil Procedure,</u> MGA's requests for the production of documents, and Discovery Master Infante's Order of January 30, 2007, I enclose with this letter the following items:

1.    Documents with Bates numbers M 0059001 through M 0062161, and M 0073810 through M 0076446.  (Documents with Bates numbers M 0062162 through M 0073809, which are unrelated to Judge Infante's Order, will be delivered to you next week.)

2.    A supplemental privilege log.

If you have any questions regarding the foregoing, please do not hesitate to call.

Sincerely,

Timothy L. Alger

Enclosures

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 335 Madison Avenue, 17th Floor, New York, New York 10017 | TEL 212-702-8100 FAX 212-702-8200
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
PALM SPRINGS | 45-025 Manitou Drive, Suite 1, Indian Wells, California 92210 | TEL 760-345-4797 FAX 760-345-2414
SAN DIEGO | 4445 Eastgate Mall, Suite 200, San Diego, California 92121 | TEL 858-812-4600 FAX 858-812-4116

07975/2064761.1

Exhibit _12_,
P. _75_

**MATTEL V. CARTER BRYANT
AND CONSOLIDATED CASES**

<u>SUPPLEMENTAL PRIVILEGE LOG</u>

FEBRUARY 23, 2007

| No. | Document Type | Date | From/Author | To/Recipient(s) | Description of Document and/or Redaction | Privilege |
|-----|---------------|------|-------------|-----------------|-------------------------------------------|-----------|
| 1. | Board of Directors Meeting Minutes | March 12, 2004 | | | Discussion of potential litigation matter. | Attorney Client Privilege / Attorney Work Product |
| 2. | Board of Directors Meeting Minutes | April 26, 2004 | | | Discussion of potential litigation matter. | Attorney Client Privilege / Attorney Work Product |
| 3. | Handwritten Notes | August 10, 2004 | Michael Moore | | Attorney notes regarding Cityworld. | Attorney Client Privilege / Attorney Work Product |
| 4. | Email with handwritten notes and calendar attachment | August 10, 2004 | Michael Moore | | Attorney notes regarding Cityworld. | Attorney Client Privilege / Attorney Work Product |
| 5. | Handwritten Notes | August 9, 2004 | Michael Moore | | Attorney notes regarding Cityworld. | Attorney Client Privilege / Attorney Work Product |
| 6. | Handwritten Notes | August 2, 2004 | Michael Moore | | Attorney notes regarding Cityworld. | Attorney Client Privilege / Attorney Work Product |

2064397_2.XLS

Exhibit 12,
P. 76

**MATTEL V. CARTER BRYANT
AND CONSOLIDATED CASES**

<u>SUPPLEMENTAL PRIVILEGE LOG</u>

FEBRUARY 23, 2007

| No. | Document Type | Date | From/Author | To/Recipient(s) | Description of Document and/or Redaction | Privilege |
|-----|---------------|------|-------------|-----------------|------------------------------------------|-----------|
| 7. | Handwritten Notes | July 25, 2004 | Michael Moore | — | Attorney notes regarding attorney client meeting. | Attorney Client Privilege<br><br>Attorney Work Product |
| 8. | Mattel In-House Legal Document | 2001 | Product Legal Administration | — | Document regarding product licensing | Attorney Client Privilege<br><br>Attorney Work Product |
| 9. | Licensor Approval Form | June 13, 2000 | Jennifer Klausner | Bruce Brown | Document regarding product licensing. | Attorney Client Privilege<br><br>Attorney Work Product |
| 10. | Licensor Approval Form | June 13, 2000 | Jennifer Klausner | Marty Garcia | Document regarding product licensing. | Attorney Client Privilege<br><br>Attorney Work Product |
| 11. | Licensor Approval Form | June 13, 2000 | Elisabeth Edwards | Jennifer Klausner | Document regarding product licensing. | Attorney Client Privilege<br><br>Attorney Work Product |
| 12. | Attorney Notes | November 20, 2003 | Michael Moore | — | Attorney notes regarding Cityworld. | Attorney Client Privilege<br><br>Attorney Work Product |

Exhibit _12_,
P. _72_

**MATTEL V. CARTER BRYANT AND CONSOLIDATED CASES**

SUPPLEMENTAL PRIVILEGE LOG

FEBRUARY 23, 2007

| No. | Document Type | Date | From/Author | To/Recipient(s) | Description of Document and/or Redaction | Privilege |
|-----|---------------|------|-------------|-----------------|------------------------------------------|-----------|
| 13. | Attorney Notes | November 19, 2003 | Michael Moore | — | Handwritten notes regarding Cityworld. | Attorney Client Privilege<br><br>Attorney Work Product |
| 14. | Attorney Notes | November 18, 2003 | Michael Moore | — | Handwritten notes regarding Cityworld. | Attorney Client Privilege<br><br>Attorney Work Product |
| 15. | Attorney Notes | November 18, 2003 | Michael Moore | — | Handwritten notes regarding Cityworld call. | Attorney Client Privilege<br><br>Attorney Work Product |
| 16. | Memorandum | September 26, 2003 | Adelle Jones | Michael Moore | Memorandum containing attorney work product regarding Cityworld. | Attorney Client Privilege<br><br>Attorney Work Product |
| 17. | Attorney Notes | September 18, 2003 | Michael Moore | — | Attorney notes regarding Cityworld. | Attorney Client Privilege<br><br>Attorney Work Product |
| 18. | Email | May 11, 2000 | Stephanie Ayala | Liz Arriola | Email regarding legal and licensing issues. | Attorney Client Privilege<br><br>Attorney Work Product |

Exhibit 12,
P. 78

**MATTEL V. CARTER BRYANT AND CONSOLIDATED CASES**

**SUPPLEMENTAL PRIVILEGE LOG**

**FEBRUARY 23, 2007**

| No. | Document Type | Date | From/Author | To/Recipient(s) | Description of Document and/or Redaction | Privilege |
|---|---|---|---|---|---|---|
| 19. | Email | January 18, 2000 | Jennifer Klausner | Mina Mirkazemi<br>Christina Tomiyama<br>Liz Arriola<br>Melanie Chabra<br>Pam Roberts | Email regarding licensor approval. | Attorney Client Privilege<br><br>Attorney Work Product |
| 20. | Email | May 10, 2000 | Jennifer Klausner | Deborah Ava<br><br>cc: Mark Donham<br>Mary Ellen Trimble<br>Joann Green<br>Ron Langsdorf<br>Stephanie Ayala<br>Liz Arriola<br>Anna Ziss Patton | Email regarding packaging. | Attorney Client Privilege<br><br>Attorney Work Product |

Exhibit 12
P. 79

**MATTEL V. CARTER BRYANT AND CONSOLIDATED CASES**

SUPPLEMENTAL PRIVILEGE LOG

FEBRUARY 23, 2007

| No. | Document Type | Date | From/Author | To/Recipient(s) | Description of Document and/or Redaction | Privilege |
|-----|---------------|------|-------------|-----------------|------------------------------------------|-----------|
| 21. | Email | May 10, 2000 | Jennifer Klausner | Deborah Ava<br>cc: Mark Donham<br>Mary Ellen Trimble<br>Joann Green<br>Ron Langsdorf<br>Stephanie Ayala<br>Liz Arriola<br>Anna Ziss<br>Patton | Email regarding packaging. | Attorney Client Privilege<br><br>Attorney Work Product |
|     | Email | May 10, 2000 | Deborah Ava | Jennifer Klausner<br>cc: Mark Donham<br>Mary Ellen Trimble<br>Joann Green<br>Ron Langsdorf<br>Stephanie Ayala<br>Liz Arriola<br>Anna Ziss<br>Patton | | |
| 22. | Email | November 11, 2003 | Richelle Savage | Michael Zeller<br>cc: Michael Moore | Email regarding letters from Cityworld (attached letters produced). | Attorney Client Privilege<br><br>Attorney Work Product |

2064397_2.XLS

Page 5 of 13

Exhibit 12,
P. 80

**MATTEL V. CARTER BRYANT**
**AND CONSOLIDATED CASES**

SUPPLEMENTAL PRIVILEGE LOG

FEBRUARY 23, 2007

| No. | Document Type | Date | From/Author | To/Recipient(s) | Description of Document and/or Redaction | Privilege |
|-----|---------------|------|-------------|-----------------|-------------------------------------------|-----------|
| 23. | Redacted Document M 0012680-M 0012696 | January 7, 1995 - December 30, 1995 | — | — | Contractor List - Budget Center #, Total Billed, Budget Center Sub-total, contractor name/title redacted. | Attorney Client Privilege (and also non-responsive) |
| 24. | Redacted Document M013842-M013847 | June 11, 1996 June 11, 1996 | Bill Bertini Cathy A. Takemura | Cathy A. Takemura Wendy Chisam - Planning | Email regarding legal and licensing issues / Legal advice redacted. | Attorney Client Privilege Attorney Work Product |
| 25. | Redacted Document M014357 | June 28, 2000 | Human Resources | Hastey Sullivan | Memo regarding salary increase / Salary data redacted. | Third-Party Privacy Non-responsive |
| 26. | Redacted Document M014358 | August 3, 1998 | Human Resources | Hastey Sullivan | Memo regarding salary increase / Salary data redacted. | Third-Party Privacy Non-responsive |
| 27. | Typed Notes | Undated | Karen Ewing | — | Counsel comments on draft press release and attorney handwritten notes. | Attorney Client Privilege Attorney Work Product |
| 28. | Email | | Karen Ewing | Sally Dail | Email string containing counsel's comments on draft advertising copy. | Attorney Client Privilege Attorney Work Product |

2064397_2.XLS

Exhibit 12,
P. 81

**MATTEL V. CARTER BRYANT AND CONSOLIDATED CASES**

SUPPLEMENTAL PRIVILEGE LOG

FEBRUARY 23, 2007

| No. | Document Type | Date | From/Author | To/Recipient(s) | Description of Document and/or Redaction | Privilege |
|---|---|---|---|---|---|---|
| 29. | Email (Redacted) M0074400 | Undated | De Anda, Richard | Kaye, Alan | Communication regarding former employee / Exerpts reflecting opinion of legal counsel redacted. | Attorney Client Privilege Attorney Work Product |
| 30. | Email | April 28, 2003 | Shuttleworth, Tiffany J | Meyer, Cynthia B | Email string containing communication with legal counsel regarding My Scene video. | Attorney Client Privilege |
| 31. | Legal Markings Document | May 5, 2003 | Product Legal Administration | | Prepared by legal counsel regarding packaging. | Attorney Client Privilege Attorney Work Product |
| 32. | Email (Redacted) M0074518 | July 16, 2003 | Park, Cassidy L. | Moore, Michael | Communication with legal counsel regarding former employee / Communication with legal counsel redacted. | Attorney Client Privilege |
| 33. | Facsimile with Attachments | July 30, 2003 | Iser, Lawrence Y. (counsel at Greenberg Glusker) | De Anda, Richard | Communication by legal counsel regarding former employee. | Attorney Client Privilege Attorney Work Product |
| 34. | Email | August 4, 2003 | Nelson, Lisa | Fisher, Yvonne Hooks, Brian | Communication with legal counsel regarding advertising. | Attorney Client Privilege |
| 35. | Email | September 8, 2003 | De Anda, Richard | Moore, Michael | Communication with legal counsel regarding former employee. | Attorney Client Privilege Attorney Work Product |

2064397_2.XLS

Page 7 of 13

Exhibit 12.
P. 82

**MATTEL V. CARTER BRYANT AND CONSOLIDATED CASES**

SUPPLEMENTAL PRIVILEGE LOG

FEBRUARY 23, 2007

| No. | Document Type | Date | From/Author | To/Recipient(s) | Description of Document and/or Redaction | Privilege |
|-----|---------------|------|-------------|-----------------|------------------------------------------|-----------|
| 36. | Advertising Review Form | October 24, 2003 | International & Regulatory Law Group | Haag, Debbie Gomez, Jean Patel, Tina | Prepared by legal counsel regarding advertising. | Attorney Client Privilege<br><br>Attorney Work Product |
| 37. | Advertising Review Form | December 5, 2003 | International & Regulatory Law Group | Luk, Isaac | Prepared by legal counsel regarding advertising. | Attorney Client Privilege<br><br>Attorney Work Product |
| 38. | Advertising Review Form | December 11, 2003 | International & Regulatory Law Group | Haag, Debbie Gomez, Jean Kuchem, Kara | Prepared by legal counsel regarding advertising. | Attorney Client Privilege<br><br>Attorney Work Product |
| 39. | Advertising Review Form | December 16, 2003 | International & Regulatory Law Group | Haag, Debbie Gomez, Jean Kuchem, Kara | Prepared by legal counsel regarding advertising. | Attorney Client Privilege<br><br>Attorney Work Product |
| 40. | Email with Attachments | December 16, 2003 | Fisher, Yvonne | Leavitt, Margaret-Ann Weitekamp, Rosina Grove, Norma Haag, Debbie Gomez, Jean Kuchem, Kara | Communication by legal counsel regarding advertising. | Attorney Client Privilege<br><br>Attorney Work Product |
| 41. | Email | January 12, 2004 | Leavitt, Margaret-Ann | Fisher, Yvonne | Email string containing communication with legal counsel regarding advertising. | Attorney Client Privilege |

2064397_2.XLS

Exhibit 12,
P. 83

MATTEL V. CARTER BRYANT
AND CONSOLIDATED CASES

SUPPLEMENTAL PRIVILEGE LOG

FEBRUARY 23, 2007

| No. | Document Type | Date | From/Author | To/Recipient(s) | Description of Document and/or Redaction | Privilege |
|-----|---------------|------|-------------|-----------------|------------------------------------------|-----------|
| 42. | Affidavit | January 14, 2004 | Bruck, Lisa P | Product Legal Department | Communication with legal counsel regarding advertising. | Attorney Client Privilege |
| 43. | Affidavit | January 14, 2004 | Bruck, Lisa P | Product Legal Department | Communication with legal counsel regarding advertising. | Attorney Client Privilege |
| 44. | Email | January 14, 2004 | Leavitt, Margaret-Ann | Sutherland, Jessica Fisher, Yvonne | Email string containing communication with legal counsel regarding advertising. | Attorney Client Privilege |
| 45. | Memo | January 17, 2004 | Leavitt, Margaret-Ann | Pallet-Bruck, Lisa | Communication containing advice from legal counsel on advertising. | Attorney Client Privilege |
| 46. | Memo | January 17, 2004 | Leavitt, Margaret-Ann | Pallet-Bruck, Lisa | Communication containing advice from legal counsel on advertising. | Attorney Client Privilege |
| 47. | Email | January 29, 2004 | Fisher, Yvonne | Welch, Merle Leavitt, Margaret-Ann Weitekamp, Rosina Grove, Norma Cabasso, Marian Hanahan, Jeanne Haag, Debbie Gomez, Jean Kuchem, Kara | Email string containing communication by legal counsel regarding advertising. | Attorney Client Privilege |
| 48. | Affidavit | February 2, 2004 | Bruck, Lisa P | Product Legal Department | Communication with legal counsel regarding advertising. | Attorney Client Privilege |
| 49. | Advertising Review Form | April 28, 2004 | International & Regulatory Law Group | Haag, Debbie Gomez, Jean Kuchem, Kara | Prepared by legal counsel regarding advertising. | Attorney Client Privilege Attorney Work Product |

Page 9 of 13

2064397_2.XLS

Exhibit 12
P. 84

**MATTEL V. CARTER BRYANT AND CONSOLIDATED CASES**

SUPPLEMENTAL PRIVILEGE LOG

FEBRUARY 23, 2007

| No. | Document Type | Date | From/Author | To/Recipient(s) | Description of Document and/or Redaction | Privilege |
|-----|---------------|------|-------------|-----------------|------------------------------------------|-----------|
| 50. | Investigative Log (Redacted) M0074405 | June 17, 2003 - May 10, 2004 | De Anda, Richard | -- | Investigative Log / Entry reflecting communication with legal counsel redacted. | Attorney Client Privilege |
| 51. | Chronological Record (Redacted) M0074372 | March 15, 2002 - June 21, 2004 | De Anda, Richard | -- | Chronological Record / Entry reflecting communication with legal counsel redacted. | Attorney Client Privilege; Attorney Work Product |
| 52. | Email with Attachments | August 30, 2004 | Neumann, Jeanette | Tonche, Lila | Communication with and documents prepared by legal counsel regarding advertising. | Attorney Client Privilege; Attorney Work Product |
| 53. | Advertising Review Form | August 31, 2004 | International & Regulatory Law Group | Haag, Debbie Gomez, Jean Kuchem, Kara | Prepared by legal counsel regarding advertising. | Attorney Client Privilege; Attorney Work Product |
| 54. | Advertising Review Form | August 31, 2004 | International & Regulatory Law Group | Haag, Debbie Gomez, Jean Kuchem, Kara | Prepared by legal counsel regarding advertising. | Attorney Client Privilege; Attorney Work Product |
| 55. | Advertising Review Form | September 10, 2004 | International & Regulatory Law Group | Haag, Debbie Gomez, Jean Kuchem, Kara | Prepared by legal counsel regarding advertising. | Attorney Client Privilege; Attorney Work Product |

2064397_2.XLS

Page 10 of 13

Exhibit 12,
P. 73

MATTEL V. CARTER BRYANT
AND CONSOLIDATED CASES

SUPPLEMENTAL PRIVILEGE LOG

FEBRUARY 23, 2007

| No. | Document Type | Date | From/Author | To/Recipient(s) | Description of Document and/or Redaction | Privilege |
|---|---|---|---|---|---|---|
| 56. | Advertising Review Form | September 10, 2004 | International & Regulatory Law Group | Haag, Debbie Gomez, Jean Kuchem, Kara | Prepared by legal counsel regarding advertising. | Attorney Client Privilege<br><br>Attorney Work Product |
| 57. | Investigative Log (Redacted) M0074945 | September 20, 2004 | De Anda, Richard | -- | Investigative Log / Entry reflecting communication with legal counsel redacted. | Attorney Client Privilege<br><br>Attorney Work Product |
| 58. | Advertising Review Form | October 5, 2004 | International & Regulatory Law Group | Haag, Debbie Gomez, Jean Kuchem, Kara | Prepared by legal counsel regarding advertising. | Attorney Client Privilege<br><br>Attorney Work Product |
| 59. | Memo with Attachments | October 28, 2004 | Neumann, Jeanette | Tonche, Lila | Communication with and documents prepared by legal counsel regarding advertising. | Attorney Client Privilege<br><br>Attorney Work Product |
| 60. | Advertising Review Form | October 28, 2004 | International & Regulatory Law Group | Luk, Isaac | Prepared by legal counsel regarding advertising. | Attorney Client Privilege<br><br>Attorney Work Product |
| 61. | Email | November 3, 2004 | Tonche, Lila | McCarthy, Lori | Communication by legal counsel regarding commercials. | Attorney Client Privilege |

2064397_2.XLS

Exhibit 12,
P. 84

**MATTEL V. CARTER BRYANT**
**AND CONSOLIDATED CASES**

SUPPLEMENTAL PRIVILEGE LOG

FEBRUARY 23, 2007

| No. | Document Type | Date | From/Author | To/Recipient(s) | Description of Document and/or Redaction | Privilege |
|-----|---------------|------|-------------|-----------------|------------------------------------------|-----------|
| 62. | Typed Notes | November 5, 2004 | International & Regulatory Law Group | -- | Prepared by legal counsel regarding advertising. | Attorney Client Privilege<br><br>Attorney Work Product |
| 63. | Email | October 28, 2005 | Thomas, Jill | De Anda, Richard | Communication by legal counsel regarding former employee. | Attorney Client Privilege<br><br>Attorney Work Product |
| 64. | Email | October 28, 2005 | Zeller, Michael T. | Thomas, Jill<br>De Anda, Richard<br>O'Connor, Brian | Communication by legal counsel regarding former employee. | Attorney Client Privilege<br><br>Attorney Work Product |
| 65. | Email | October 28, 2005 | Zeller, Michael T. | Thomas, Jill<br>De Anda, Richard<br>O'Connor, Brian | Communication by legal counsel regarding former employee. | Attorney Client Privilege<br><br>Attorney Work Product |
| 66. | Email | November 3, 2005 | Thomas, Jill | De Anda, Richard<br>O'Connor, Brian | Communication by legal counsel regarding former employee. | Attorney Client Privilege<br><br>Attorney Work Product |
| 67. | Email | November 7, 2005 | De Anda, Richard | Ravelo, Oany | Communication reflecting communication with legal counsel regarding former employee. | Attorney Client Privilege<br><br>Attorney Work Product |

Page 12 of 13

2064397_2.XLS

Exhibit _12_
P. _85_

**MATTEL V. CARTER BRYANT AND CONSOLIDATED CASES**

SUPPLEMENTAL PRIVILEGE LOG

FEBRUARY 23, 2007

| No. | Document Type | Date | From/Author | To/Recipient(s) | Description of Document and/or Redaction | Privilege |
|-----|---------------|------|-------------|-----------------|------------------------------------------|-----------|
| 68. | Letter | November 8, 2005 | Ristuccia, Alphonse V. | Zeller, Michael T. | Communication with legal counsel regarding former employee. | Attorney Client Privilege<br><br>Attorney Work Product |
| 69. | Letter | November 22, 2005 | Ristuccia, Alphonse V. | Krebs, Tania | Communication with legal counsel regarding former employee. | Attorney Client Privilege<br><br>Attorney Work Product |

Page 13 of 13

2064397_2.XLS

Exhibit 12,
P. 86

# Exhibit 13

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

WRITER'S DIRECT DIAL NO.
(213) 443-3915

WRITER'S INTERNET ADDRESS
harvinderanand@quinnemanuel.com

July 31, 2007

VIA FEDEX

David I. Hurwitz, Esq.
O'Melveny & Myers, LLP
400 South Hope Street
Los Angeles, California  90071

Michael Page, Esq.
Keker & Van Nest, LLP
710 Sansome Street
San Francisco, California  94111

Re:   Mattel, Inc. v. MGA Entertainment, Inc.

Dear Counsel:

Please find enclosed a log of privileged documents responsive to MGA's subpoena *duces tecum* to Lambda Investigations, Inc.  This log was prepared pursuant to agreement of counsel on July 13, 2007, for the purpose of avoiding motion practice.  As we previously informed you, Lambda does not possess any responsive unprivileged documents, and Lambda is under no further obligation under the subpoena.

Please let me know if you have any questions.

Very truly yours,

Harvinder S. Anand

Enclosure

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

07975/2178360.1

Exhibit 13 ,
P. 87

MATTEL, INC. V. MGA ENTERTAINMENT, INC.

PRIVILEGE LOG - SUBPOENA DUCES TECUM
TO LAMBDA INVESTIGATIONS, INC.

JULY 31, 2007

| No. | Document Type | Date | From/Prepared By | To/Recipient(s) | Description of Document and/or Redaction | Privilege |
|---|---|---|---|---|---|---|
| 1. | Letter | October 25, 2004 | Jeff LeTourneau* | Richard De Anda** | Agent's communication with Mattel's Global Security and Investigations Department regarding results of assignment, initiated pursuant to instructions from Mattel's legal counsel. | Attorney Client Privilege<br><br>Attorney Work Product |
| 2. | Letter | Undated | Jeff LeTourneau* | Richard De Anda** | Agent's communication with Mattel's Global Security and Investigations Department regarding results of assignment, initiated pursuant to instructions from Mattel's legal counsel. | Attorney Client Privilege<br><br>Attorney Work Product |
| 3. | Typed notes and handwritten notes | September 21, 2004 through October 1, 2004 | Jason Cabrera*<br>Michael Powell*<br>Jeff LeTourneau* | -- | Notes prepared by agent regarding results of assignment, initiated pursuant to instructions from Mattel's legal counsel. | Attorney Work Product |
| 4. | Handwritten notes with attachment | Undated | Jeff LeTourneau* | -- | Notes prepared by agent regarding assignment, initiated pursuant to instructions from Mattel's legal counsel. | Attorney Client Privilege<br><br>Attorney Work Product |

\* Principal or employee of Lambda Investigations, Inc., agent of Mattel, Inc.
\** Employee of Mattel, Inc.

2181861_1.XLS

Exhibit 13 ,
P. 88

MATTEL, INC. V. MGA ENTERTAINMENT, INC.

PRIVILEGE LOG - SUBPOENA _DUCES TECUM_
TO LAMBDA INVESTIGATIONS, INC.

JULY 31, 2007

| No. | Document Type | Date | From/Prepared By | To/Recipient(s) | Description of Document and/or Redaction | Privilege |
|---|---|---|---|---|---|---|
| 5. | Photos with handwritten notes | Undated | Richard De Anda** (Notes by Jason Cabrera*) | Jeff LeTourneau* | Received from Mattel's Global Security and Investigations Department regarding assignment, initiated pursuant to instructions from Mattel's legal counsel. Notes prepared by agent regarding assignment, initiated pursuant to instructions from Mattel's legal counsel. | Attorney Client Privilege Attorney Work Product |
| 6. | Handwritten notes | April 26, 2007 April 27, 2007 | Jeff LeTourneau* | -- | Notes prepared by agent regarding results of assignment, initiated pursuant to instructions from Mattel's legal counsel. | Attorney Work Product |
| 7. | Letter | May 10, 2007 | Jeff LeTourneau* | Richard De Anda** | Agent's communication with Mattel's Global Security and Investigations Department regarding results of assignment, initiated pursuant to instructions from Mattel's legal counsel. | Attorney Client Privilege Attorney Work Product |
| 8. | Print out from website | October 20, 2006 | -- | -- | Agent's collection of material relating to assignment, initiated pursuant to instructions from Mattel's legal counsel. | Attorney Work Product |

\* Principal or employee of Lambda Investigations, Inc., agent of Mattel, Inc.
\** Employee of Mattel, Inc.

Page 2 of 4

2181861_1.XLS

Exhibit 13 ,
P. 99

**MATTEL, INC. V. MGA ENTERTAINMENT, INC.**

PRIVILEGE LOG - SUBPOENA *DUCES TECUM*
TO LAMBDA INVESTIGATIONS, INC.

JULY 31, 2007

| No. | Document Type | Date | From/Prepared By | To/Recipient(s) | Description of Document and/or Redaction | Privilege |
|-----|---------------|------|------------------|-----------------|-------------------------------------------|-----------|
| 9. | Log | Undated | Connie Garcia* | -- | Notes prepared by agent regarding results of assignment, initiated pursuant to instructions from Mattel's legal counsel. | Attorney Work Product |
| 10. | Log | April 26, 2007 April 27, 2007 | Connie Garcia* | -- | Notes prepared by agent regarding results of assignment, initiated pursuant to instructions from Mattel's legal counsel. | Attorney Work Product |
| 11. | Videotape | September 21, 2004 through October 1, 2004 | Michael Powell* | -- | Agent's work regarding assignment, initiated pursuant to instructions from Mattel's legal counsel. | Attorney Work Product |
| 12. | Videotape | September 21, 2004 through October 1, 2004 | Jason Cabrera* | -- | Agent's work regarding assignment, initiated pursuant to instructions from Mattel's legal counsel. | Attorney Work Product |
| 13. | Videotape | October 15, 2004 | Jason Cabrera* | -- | Agent's work regarding assignment, initiated pursuant to instructions from Mattel's legal counsel. | Attorney Work Product |
| 14. | Videotape | April 27, 2007 | Michael Powell* | -- | Agent's work regarding assignment, initiated pursuant to instructions from Mattel's legal counsel. | Attorney Work Product |

\* Principal or employee of Lambda Investigations, Inc., agent of Mattel, Inc.
\*\* Employee of Mattel, Inc.

Page 3 of 4

2181861_1.XLS

Exhibit _13_,
P. _70_

**MATTEL, INC. V. MGA ENTERTAINMENT, INC.**

PRIVILEGE LOG - SUBPOENA *DUCES TECUM*
TO LAMBDA INVESTIGATIONS, INC.

JULY 31, 2007

| No. | Document Type | Date | From/Prepared By | To/Recipient(s) | Description of Document and/or Redaction | Privilege |
|-----|---------------|------|------------------|-----------------|------------------------------------------|-----------|
| 15. | Videotape | April 27, 2007 | Jason Cabrera* | -- | Agent's work regarding assignment, initiated pursuant to instructions from Mattel's legal counsel. | Attorney Work Product |

* Principal or employee of Lambda Investigations, Inc., agent of Mattel, Inc.
** Employee of Mattel, Inc.

2161861_1.XLS

Exhibit _13_,
P. _91_

# Exhibit 14

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3223**

WRITER'S INTERNET ADDRESS
**timalger@quinnemanuel.com**

March 7, 2008

**VIA FEDERAL EXPRESS**

Michael H. Page, Esq.
Keker & Van Nest, LLP
710 Sansome Street
San Francisco, CA 94111

Thomas J. Nolan, Esq.
Robert J. Herrington, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
300 South Grand Ave., Suite 3400
Los Angeles, CA 90071

Mark E. Overland, Esq.
Overland Borenstein Scheper
& Kim, LLP
300 South Grand Avenue, Suite 2750
Los Angeles, CA 90071-3144

Re: MGA Entertainment, Inc. v. Mattel, Inc.

Dear Counsel:

Enclosed is Mattel's Supplemental Privilege Log, dated March 7, 2008.

Please feel free to contact me if you have any questions.

Very truly yours,

Timothy L. Alger

Enclosure

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 335 Madison Avenue, 17th Floor, New York, New York 10017 | TEL 212-702-8100 FAX 212-702-8200
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
PALM SPRINGS | 45-025 Manitou Drive, Suite 10, Indian Wells, California 92210 | TEL 760-345-4757 FAX 760-345-2414
SAN DIEGO | 4445 Eastgate Mall, Suite 200, San Diego, California 92121 | TEL 858-812-3107 FAX 858-812-3336

07975/2369803.1

Exhibit _14_,
P. _92_

MATTEL V. CARTER BRYANT
AND CONSOLIDATED CASES

SUPPLEMENTAL PRIVILEGE LOG

March 7, 2008

| No. | Document Type | Date | From/Author | To/Recipient(s) | Description of Document and/or Redaction | Privilege[1] |
|---|---|---|---|---|---|---|
| | M 0104189 | | | | | |
| 329. | Product Sign-off Sheet with Attachment (Redacted)<br><br>M 0105166-M 0105167 | February 27, 2004 | Tonche, Lila | Yoshida, Eri | Legal advice regarding packaging. | Attorney Client Privilege<br><br>Attorney Work Product |
| 330. | Email (Redacted)<br><br>M 0105391-M 0105392 | August 4, 2004 | Tonche, Lila | Yoshida, Eri<br>Chapman, Lucy | Legal advice regarding fabric art. | Attorney Client Privilege<br><br>Attorney Work Product |
| 331. | Email (Redacted)<br><br>M 0105385-M 0105386 | September 2, 2004 | Tonche, Lila | Chen, Patty<br>Kamarga, Lisa<br>Kuchem, Kara<br>Hwang, Linda | Legal advice regarding packaging. | Attorney Client Privilege<br><br>Attorney Work Product |
| 332. | Email (Redacted)<br><br>M 0105387-M 0105388 | September 2, 2004 | Kuchem, Kara | Chen, Patty<br>Kamarga, Lisa<br>Hwang, Linda<br>Tonche, Lila | Communication reflecting legal advice regarding packaging. | Attorney Client Privilege<br><br>Attorney Work Product |
| 333. | Product Sign-off Sheet with Attachments (Redacted)<br><br>M 0102571-M 0102574 | December 8, 2004 | Tonche, Lila | Kamarga, Lisa<br>Kuchem, Kara<br>Sarinana, Ariana | Legal advice regarding packaging. | Attorney Client Privilege<br><br>Attorney Work Product |

07975/2422736.1

Exhibit 14,
P. 93

**MATTEL V. CARTER BRYANT**
**AND CONSOLIDATED CASES**

SUPPLEMENTAL PRIVILEGE LOG

March 7, 2008

| No. | Document Type | Date | From/Author | To/Recipient(s) | Description of Document and/or Redaction | Privilege[1] |
|---|---|---|---|---|---|---|
| 334. | Product Sign-off Sheet with Attachment (Redacted)<br><br>M 0105727-M 0105728 | January 24, 2005 | Tonche, Lila | Kamarga, Lisa<br>Hwang, Linda | Legal advice regarding packaging. | Attorney Client Privilege<br><br>Attorney Work Product |
| 335. | Typed Notes | Undated | Jones, Adelle | Zeller, Michael, Esq. | Communication with counsel regarding legal advice on potential litigation. | Attorney Client Privilege<br><br>Attorney Work Product |
| 336. | Email | October 4, 2002 | O'Connor, Brian, Esq. | Kapantzos, Diane<br>Tonche, Lila<br>Fisher, Yvonne | Legal advice regarding advertising and procedures for review. | Attorney Client Privilege<br><br>Attorney Work Product |
| 337. | Typed Notes | Undated | Jones, Adelle | Zeller, Michael, Esq. | Communication with counsel regarding legal advice on potential litigation. | Attorney Client Privilege |
| 338. | Typed Notes | Undated | Moore, Michael, Esq. | Zeller, Michael, Esq. | Communication with counsel regarding legal advice on potential litigation. | Attorney Client Privilege |
| 339. | Email (Redacted)<br><br>M 0905899-M 0905900 | August 19, 2002 | Kersting, Anita (assistant to McShane, Michelle, Esq.) | Oesterheld, Richard<br>cc: Rubalcava, Judy | Legal advice regarding trademark searches. | Attorney Client Privilege<br><br>Attorney Work Product |

68 of 70

07975242735.1

Exhibit 14,
P. 94

**MATTEL V. CARTER BRYANT AND CONSOLIDATED CASES**

SUPPLEMENTAL PRIVILEGE LOG

March 7, 2008

| No. | Document Type | Date | From/Author | To/Recipient(s) | Description of Document and/or Redaction | Privilege[1] |
|-----|---------------|------|-------------|-----------------|------------------------------------------|--------------|
| 340. | Email (Redacted)<br><br>M 0905901-M 0905902 | August 19, 2002 | Kersting, Anita | Oesterheld, Richard<br>cc: Rubalcava, Judy | Legal advice regarding trademark searches. | Attorney Client Privilege<br><br>Attorney Work Product |
| 341. | Email | April 6, 2004 | Piccus, Todd, Esq. | Wesolowski, Dennis<br>cc: Waters, Ingrid | Legal advice regarding employment matter. | Attorney Client Privilege<br><br>Attorney Work Product |
| 342. | Email (Redacted)<br><br>M 0902222<br><br>(Attachments produced) | April 7, 2004 | Waters, Ingrid | Piccus, Todd, Esq. | Communication related to legal advice regarding employment matter. | Attorney Client Privilege<br><br>Attorney Work Product |
| 343. | Email with Attachment | May 4, 2004 | Piccus, Todd, Esq. | Wesolowski, Dennis<br>cc: Craig, Sarah | Legal advice regarding employment matter. | Attorney Client Privilege<br><br>Attorney Work Product |
| 344. | Email | May 10, 2004 | Piccus, Todd, Esq. | Moore, Michael, Esq.<br>Aiken, Donald, Esq. | Communication related to legal advice regarding employment matter. | Attorney Client Privilege<br><br>Attorney Work Product |
| 345. | Email | May 27, 2004 | Allen, Don | Piccus, Todd, Esq. | Communication related to legal advice regarding employment matter. | Attorney Client Privilege<br><br>Attorney Work Product |

69 of 70

07975/2422735.1

Exhibit 14 ,
P. 95

**MATTEL V. CARTER BRYANT AND CONSOLIDATED CASES**

SUPPLEMENTAL PRIVILEGE LOG

March 7, 2008

| No. | Document Type | Date | From/Author | To/Recipient(s) | Description of Document and/or Redaction | Privilege[1] |
|---|---|---|---|---|---|---|
| 346. | Email | May 28, 2004 | Piccus, Todd, Esq. | Aiken, Donald, Esq. Normile, Robert, Esq. Thomas, Jill, Esq. | Communication related to legal advice regarding employment matter. | Attorney Client Privilege<br><br>Attorney Work Product |
| 347. | Email | June 3, 2004 | Bellahcene, Tara | Piccus, Todd, Esq. | Communication related to legal advice regarding employment matter. | Attorney Client Privilege<br><br>Attorney Work Product |
| 348. | Email | August 7, 2004 | Piccus, Todd, Esq. | Allen, Don cc: Froelich, Debbie Lopez, Ana | Communication related to legal advice regarding employment matter. | Attorney Client Privilege<br><br>Attorney Work Product |
| 349. | Email | August 7, 2004 | Piccus, Todd, Esq. | Allen, Don cc: Froelich, Debbie Lopez, Ana | Communication related to legal advice regarding employment matter. | Attorney Client Privilege<br><br>Attorney Work Product |
| 350. | Draft Agreement with Notes | April 2005 | Piccus, Todd, Esq. | --- | Legal advice regarding employment matter. | Attorney Client Privilege<br><br>Attorney Work Product |

07975/2422735.1

Exhibit _14_,
P. _96_

# Exhibit 15

## SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

300 SOUTH GRAND AVENUE

LOS ANGELES, CALIFORNIA 90071-3144

TEL: (213) 687-5000

FAX: (213) 687-5600

www.skadden.com

FIRM/AFFILIATE OFFICES
—
BOSTON
CHICAGO
HOUSTON
NEWARK
NEW YORK
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON
—
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

DIRECT DIAL
(415) 984-6442
EMAIL ADDRESS
JRALLEN@SKADDEN.COM

March 20, 2008

**Via Hand Delivery**

Harry A. Olivar, Jr., Esq.
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

RE:   *Carter Bryant v. Mattel, Inc.* Case No. CV 04-9049 SGL (RNBx)
      <u>(Consolidated With Case Nos. CV 04-09059 and CV 05-02727)</u>

Dear Harry:

      I write in response to your March 7, 2008 letter requesting to meet and confer regarding documents listed on various privilege logs produced by MGA and Isaac Larian in August, September and November 2007 and January 2008. We are available to meet and confer regarding entries in these logs; however, to ensure everyone's time is used more efficiently, the following issues regarding the scope of the documents to be discussed at that meeting should be addressed before we select a precise meeting time and location.

      First, as Judge Infante noted, the focus of any further meet and confer should be on the revised August and September 2007 logs, not the original logs. Enclosed herewith are the revised versions of MGA's August 14, 2007 and September 5, 2007 privilege logs. If you have any issues with regard to the entries on the revised logs we request that you identify them before we meet and confer. Per the agreement between the parties, the revised logs only include documents generated on or prior to April 27, 2004. Please note that in removing documents on the logs dated after April 27, 2004, MGA does not in any way waive any applicable privilege that may attach to the removed entries, including but not limited to the attorney-client privilege and work product doctrine.

Exhibit _15_,
P. _97_

Harry A. Olivar, Jr., Esq.
March 20, 2008
Page 2

In addition, we assume that the entries listed in your letter with respect to the other logs represent all the documents about which you have any questions and that there are no other entries on the logs that are at issue. If this is not the case please let me know.

Finally, inasmuch as the parties agree that documents generated on or before April 27, 2004 do not need to be logged, we expect the meet and confer to be limited to documents generated on or before that date.

Please call me if you have any questions regarding the above.

Very truly yours,

José R. Allen

Enclosure

Exhibit _15_,
P. _78_

# Exhibit 16

1 | THOMAS J. NOLAN (Bar No. 66992)
(tnolan@skadden.com)
2 | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue
3 | Los Angeles, CA 90071-3144
Tel.: (213) 687-5000/Fax: (213) 687-5600
4 |
RAOUL D. KENNEDY (Bar No. 40892)
5 | (rkennedy@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
6 | 4 Embarcadero Center, 38th Floor
San Francisco, CA 94111-5974
7 | Tel.: (415) 984-6400 / Fax: (415) 984-2698

8 | Attorneys for MGA Entertainment, Inc., MGA Entertainment (HK) Limited,
MGAE de Mexico, S.R.L. de C.V., and Isaac Larian
9 |
JOHN W. KEKER (Bar No. 49092)
10 | (jkeker@kvn.com)
CHRISTA M. ANDERSON (Bar No. 184325)
11 | (canderson@kvn.com)
KEKER & VAN NEST LLP
12 | 710 Sansome St.
San Francisco, CA 94111-1704
13 | Tel.: (415) 391-5400 / Fax: (415) 397-7188

14 | Attorneys for Carter Bryant

15 | UNITED STATED DISTRICT COURT

16 | CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 17  CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| 18 | **DISCOVERY MATTER** |
| 19        Plaintiff, | MGA'S AND CARTER BRYANT'S JOINT NOTICE OF MOTION AND MOTION TO |
| 20            v. | COMPEL PRODUCTION OF IMPROPERLY WITHHELD MATTEL DOCUMENTS |
| 21  MATTEL, INC., a Delaware corporation, | SHOWING MATTEL'S INVESTIGATION OF MGA AND CARTER BRYANT PRIOR TO |
| 22 | NOVEMBER 2003 AND TO COMPEL PRODUCTION OF ALL "NHB" |
| 23        Defendant. | DOCUMENTS |
| 24  AND CONSOLIDATED ACTIONS | [To be heard by Discovery Master Hon. Edward Infante (Ret.) Pursuant to Court Order of December 6, 2006] |
| 25 | |
| 26  **CONFIDENTIAL - ATTORNEY'S EYES ONLY** | Hearing Date: TBD |
| 27  **– FILED UNDER SEAL PURSUANT TO** | Time: TBD |
| 28  **PROTECTIVE ORDER** | |

Motion To Compel Production of Improperly Withheld Documents and All NHB Documents

Exhibit _16_ ,
P. _99_

1 | TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2 |      PLEASE TAKE NOTICE that, pursuant to Rule 26(b) of the Federal Rules of

3 | Civil Prodcedure, MGA Entertainment, Inc. ("MGA") and Carter Bryant jointly

4 | move the Court for an order compelling Mattel, Inc. ("Mattel") to (1) re-produce the

5 | documents previously produced by Mattel bearing Bates Nos. M0199767-68 and

6 | M0199769-70, which were improperly recalled by Mattel as allegedly privileged and

7 | inadvertently produced; and (2) to compel production of all "NHB" documents that

8 | are responsive to MGA's First Set of Requests for Production of Documents and

9 | Things dated January 31, 2004.  Discovery Master Hon. Edward Infante (Ret.) will

10 | preside over the hearing on this Motion at a date, time and manner to be determined.

11 |      MGA and Bryant attempted on several occasions over a seven-day period to

12 | meet and confer regarding the subject matter of this motion.  Mattel refused to

13 | respond in any substantive manner, refused to explain the basis of its assertions of

14 | privilege or whether its collection, review and production of documents in this case

15 | contemplated the fact that Mattel's internal codename for MGA was "NHB," and

16 | only attempted to delay a meet and confer until the close of discovery.  This motion

17 | is timely pursuant to paragraph 5 of the Discovery Master's Stipulation because

18 | MGA and Bryant have shown good cause why they would be prejudiced absent a

19 | prompt resolution of this issue prior to the discovery cut-off.

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

Exhibit __16__,
P. __100__

1       This motion is based upon this notice of motion and motion, the

2   accompanying memorandum of points and authorities, the declaration of Marcus R.

3   Mumford filed concurrently herewith, the records and files of this court, and any

4   other matter of which the court may take judicial notice.

5   DATED:  January 28, 2008

6                            SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

7

8                            By: _____

9                              Raoul D. Kennedy
                              Attorney for MGA Entertainment, Inc.

10

11                           KEKER & VAN NEST LLP

12                           By: _____

13                             Christa M. Anderson
                              Attorney for Carter Bryant

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                      Exhibit _16_,
                                      P. _101_

1

# **TABLE OF CONTENTS**

2                                                                                          Page

3    TABLE OF AUTHORITIES .................................................................. ii

4    MEMORANDUM OF POINTS AND AUTHORITIES .......................................... 1

5    I.    FACTUAL BACKGROUND ................................................. 3

6          A.    Mattel Improperly Claws Back Documents M0199767-68
                 and M0199769-70 Claiming Attorney-Client Privilege and
7                Work Product Immunity. ................................................. 3

8          B.    Both Documents Are Responsive to Several of MGA's
                 Document Requests. ....................................................... 4
9
           C.    Mattel's Delayed Response To MGA's Request For a Meet
10               and Confer Has Prejudiced MGA, and Prevented the
                 Parties From Complying With Local Rule 37-1. ...................... 6
11
     II.   ARGUMENT .................................................................. 7
12
           A.    Mattel's Assertion of Attorney-Client Privilege With
13               Respect To M 0199767-68 and M 0199769-70 Is Improper. ..... 7

14         B.    M 0199767-68 and M 0199769-70 Are Not Entitled To
                 Work Product Immunity. ................................................. 9
15
           C.    Mattel Must Produce All "NHB" Documents ......................... 11
16
     III.  CONCLUSION ............................................................... 12

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit 16 ,
P. 102

# TABLE OF AUTHORITIES

Page

**Cases**

*Clarke v. American Commerce National Bank,*
  974 F.2d 127 (9th Cir. 1992)..................................................................... 7

*Dombrowski v. Bell Atlantic Corp.,*
  128 F.Supp.2d 216 (E.D. Pa. 2000) ........................................................... 9

*Fisher v. United States,*
  425 U.S. 391 (1976)................................................................................... 8

*FTC v. Grolier, Inc.,*
  462 U.S. 19 (1983)..................................................................................... 9

*Green v. Baca,*
  226 F.R.D. 624 (9th Cir. 2005) ................................................................. 9

*Griffith v. Davis,*
  161 F.R.D. 687 (C.D. Cal. 1995) ............................................................... 8

*Hickman v. Taylor,*
  329 U.S. 495 (1947) .................................................................................. 9

*In re Syncor Erisa Litig.,*
  229 F.R.D. 636 (C.D. Cal. 2005) ............................................................... 8

*United States v. Martin,*
  278 F.3d 988 (9th Cir. 2002)..................................................................... 8

*United States v. Munoz,*
  233 F.3d 1117 (9th Cir. 2000).................................................................... 7

*United States v. Nobles,*
  422 U.S. 225 (1975)................................................................................... 9

*Upjohn Co. v. United States,*
  449 U.S. 383 (1981)................................................................................... 8

## MEMORANDUM OF POINTS AND AUTHORITIES

This motion concerns two issues arising from Mattel's recent effort to clawback documents reflecting its codename "NHB" for MGA on unsubstantiated claims of attorney-client privilege and work product.  The first issue concerns the documents themselves, bearing Bates No. M0199767-68 and M0199769-70.[1]

- M0199767-68 reflects a summary of former MGA employee Mercedah Ward's contact with Mattel, including the fact that Mattel employees were reaching out to her in 2001 for information concerning the development and creation of Bratz, and the suggestion that Mattel had concluded that Ward was the source of the anonymous letter Mattel CEO Robert Eckert received in August 2002 – extremely relevant information going, *inter alia*, to the parties' statute of limitations and laches defenses.

- M0199769-70 reflects a task list, dated August 10, 2003, including the efforts of Mattel employees to contact MGA employees; a "suspected mole"; the obtaining of human resources files of Mattel employees; the pulling of Carter Bryant's PeopleSoft information and employment file; a reference to Mattel's current trial counsel; and inquiries into MGA and Carter Bryant.  The assertion of work product with respect to this document, dated August 2003, is particularly problematic in that it directly contravenes the position Mattel has taken with this Court concerning when it first suspected and began collecting evidence concerning the alleged wrongdoing.

---

[1] On January 18, 2007, and pursuant to the Stipulated Protective Order, MGA sent a letter to Mattel indicating that it was in the process of destroying hard copies and deleting all electronic copies of the documents. *See* Declaration Of Marcus R. Mumford In Support Of MGA's And Carter Bryant's Joint Motion To Compel Production Of Improperly Withheld Mattel Documents Showing Mattel's Investigation Of MGA And Carter Bryant Prior To November 2003 And To Compel Production Of All "NHB" Documents ("Mumford Decl."), Ex. 2: Letter from Marcus R. Mumford to Timothy L. Alger, dated January 18, 2008.

1   Unsurprisingly, Mattel has refused two requests to substantiate its assertions

2   of privilege and work product immunity with respect to these documents.  As can be

3   clearly ascertained from their face, these documents refute Mattel's allegation that it

4   had *no reason to suspect* the claims asserted in this lawsuit prior to November 2003.

5   (*See* Mattel's Second Amended Answer & Counterclaims ¶¶ 35-36.)  Further, in

6   opposition to MGA's and Bryant's Joint Motion for Terminating Sanctions filed

7   before this Court last summer, Mattel asserted that it had no duty to preserve

8   evidence prior to November 2003 because

> [c]ontrary to defendants' speculations, Mattel first learned
> of a probable claim in late 2003, at the earliest.  It was then
> that Mattel first obtained evidence that Bryant worked for
> MGA while employed by Mattel, when it obtained a copy
> of the MGA/Bryant agreement revealing that.  Before that,
> no claims were probable, and the investigated claims were
> never brought.[2]

13   Based on Mattel's representation, this Court denied the motion for terminating

14   sanctions, holding that Mattel had no duty to preserve evidence until November 24,

15   2003, "when litigation between Mattel and Bryant became more than merely

16   speculative and in fact became probable."[3]  Thus, the documents that Mattel clawed

17   back, and the assertion of privilege and work product with respect to those

18   documents, shows that Mattel has been much less than forthcoming to this Court on

19   prior occasions.

20   The attorney-client privilege and the immunity bestowed by the work-product

21   doctrine should not be applied to these documents.  There is no indication anywhere

22   that they reflect or contain any confidential communications with counsel for the

23   purpose of obtaining legal advice.  Moreover, the fact that they were prepared or

24   were dated pre-November 2003 negates all claims by Mattel that they were prepared

25   in anticipation of this litigation.

---

26   [2] Mumford Decl., Ex. 7: Mattel's Opposition to Motion of MGA Entertainment, Inc.

27   and Carter Bryant for Terminating Sanctions at 13 (filed Aug. 13, 2007).

28   [3] 8/27/07 Order at 3.

1   The second issue concerns Mattel's use of the codename "NHB" for MGA.

2   Other than the two clawed back documents, it appears there is only one instance of

3   "NHB" in the Mattel production – the use of "NHB Timeline" across the top of an

4   email that Mattel CEO Robert Eckert forwarded to himself related to this lawsuit.[4]

5   There are no other "NHB" documents in the production or Mattel's privilege logs.

6   Obviously, Mattel should not be able to hide behind its own codename for MGA to

7   avoid its discovery obligations.  And Mattel has not taken the opportunity from the

8   time MGA and Bryant raised the issue to explain the lack of NHB documents in the

9   document production.  Thus, MGA and Bryant request that Mattel should be

10  compelled to collect and produce all documents referring to "NHB" that are

11  otherwise responsive to MGA's and Bryant's document requests.

12  **I.      FACTUAL BACKGROUND**

13      **A.      Mattel Improperly Claws Back Documents M0199767-68 and**
             **M0199769-70 Claiming Attorney-Client Privilege and Work**
14           **Product Immunity.**

15          On January 17, 2008, Mattel sent a letter to MGA via facsimile, asserting that

16  it had inadvertently produced in discovery two documents protected by the attorney-

17  client privilege and the attorney work-product doctrine.[5]  The documents were

18  referenced in the letter as bearing Bates Nos. M 0199767-68 and M 0199769-70.[6]

19  On January 18, 2008, MGA responded that it was in the process of destroying all

20  hard and electronic copies of the documents.[7]  MGA also challenged the assertion of

21  attorney-client privilege and work product immunity with respect to these documents,

22

23

_____

24  [4] Mumford Decl., Ex. 6: M0257834.

25  [5] Mumford Decl., Ex. 1: Letter from Timothy L. Alger to Michael H. Page, Mark E. Overland, and Thomas J. Nolan, dated January 17, 2008.

26  [6] Mattel's letter actually stated M0199767-78, which appears to have been a typo in that 11-page range would subsume the subsequent M0199769-70 range.

27  [7] Mumford Decl., Ex. 2: Letter from Marcus R. Mumford to Timothy L. Alger, dated

28  January 18, 2008.

1 | and requesting a meet and confer and further information concerning these
2 | documents.
3 |      The document bearing Bates No. M0199767-68 consists of a bullet-point
4 | summary of Ms. Ward's employment background.  The document includes
5 | references to MGA as "NHB," and lists information about her employment with
6 | MGA such as the date of her application to MGA, date of MGA's offer, and her first
7 | day at MGA.  This document also reflects the contents of a handwritten note by Ms.
8 | Ward addressed to what would be apparently Mattel employee Joe Franke, to whom
9 | she explains her role in the development of Bratz in response to a discussion with
10 | Rene Pasko, a Mattel employee.  This document, therefore, clearly indicates that
11 | Mattel was having its employees reach out to MGA employee Mercedah Ward in
12 | December 2001 for information concerning the development of Bratz.  The
13 | document further makes references to Ms Ward as the possible "source" of the
14 | anonymous August 2002 letter regarding Carter Bryant.
15 |      The document bearing Bates No. M 0199769-70 is titled "NHB – TO DO."  It
16 | is a chart with a list of several tasks, which are dated August 10, 2003, that include
17 | discovering the identity of several individuals; pulling human resources files of
18 | Mattel employees; obtaining information on Carter Bryant from People Soft, his
19 | employment file, and his October time log; interviewing Mattel employees; and
20 | investigating MGA.  References to MGA as "NHB" are also made in this document.
21 | **B.**    **Both Documents Are Responsive to Several of MGA's Document Requests.**
22 |
23 |      The documents that Mattel is now attempting to claw back are not only devoid
24 | of any privilege or immunity, but are valuable to MGA's defenses as they are
25 | responsive to several of MGA's document production requests geared towards
26 | Mattel's internal investigations and knowledge as to its claims in this lawsuit.
27 |      In this action, MGA has propounded document production requests aimed at
28 | discovering when Mattel first suspected, or had reason to suspect, that it had claims

1 | against MGA and/or Carter Bryant.  Documents M0199767-68 and M0199769-70
2 | are responsive to these requests.  Here, document M0199767-68 clearly is relevant to
3 | MGA's requests with respects to Mattel's contact with former employees for
4 | information concerning the development of Bratz and Bryant's involvement with
5 | MGA.  MGA has made requests for documents "constituting, mentioning, describing,
6 | discussing, referring, or relating to all COMMUNICATIONS with any current or
7 | former MATTEL employee or contractor that refer or relate to the BRATZ
8 | CONCEPT, the FIRST BRATZ DOLLS, or BRYANT'S work for MGA."[8]
9 | Moreover, document M0199767-78 is responsive to MGA's requests for documents
10 | "constituting, discussing, mentioning, describing, referring or relating to the August
11 | 5, 2002 anonymous letter sent to Robert Eckert produced in this litigation by
12 | MATTEL," and "to any investigation of or follow-up regarding the August 5, 2002
13 | anonymous letter."[9]
14 |          Document M0199769-70 is responsive to several document requests sought by
15 | MGA with regards to Mattel's investigations and when Mattel first learned of the
16 | claims it is now pursuing.  MGA has requested, for example, all documents
17 | "evidencing, mentioning, referring to, or relating to the date and manner in which
18 | [Mattel] *first learned* of Bryant's involvement with, work on, and connection to the
19 | conception, design, creation or development of Bratz or Bratz Intellectual Property"
20 | and "BRYANT's involvement with, contract with, and work with or for MGA."[10]
21 | MGA has also sought documents "mentioning, describing, discussing, referring, or
22 | relating to *any investigation* performed by [Mattel] in response to any
23 | COMMUNICATION [Mattel] may have received from any source expressing,
24 | suggesting or implying that MGA copied or used any idea, design or intellectual
25 |

26 | [8] Mumford Decl., Ex. 3: MGA's First Set of Requests For the Production of Documents and Things at 68 (Request 250).
27 | [9] *See id.* at 68-9 (Requests 252-53).
28 | [10] *See id.* at 56 (Requests 191-92).

1  property owned by MATTEL, in connection with the conception, design or

2  development of BRATZ, or BRATZ INTELLECTUAL PROPERTY."[11]  In addition,

3  MGA has demanded documents "evidencing or reflecting [Mattel's] efforts to

4  investigate Bryant's involvement with, contract with, and work with or for MGA," as

5  well as "BRYANT's involvement with, work on, or connection to the conception,

6  design, creation or development of Bratz."[12]

7       However, both documents are most responsive to MGA's requests for

8  documents "refuting" Mattel's allegation that "[i]n late November 2003, Mattel

9  learned that Bryant had secretly aided, assisted and worked for a Mattel competitor,"

10  and Mattel's allegation that "Mattel had no reason to suspect that Bryant had worked

11  for the competitor while still employed by Mattel until late November 2003."[13]  Thus,

12  it is only fair and just for MGA to have access to these pre-November 2003

13  documents to rebut Mattel's fraudulent concealment claims and establish its defenses

14  of laches and the appropriate statute of limitations accrual date.

15       **C.    Mattel's Delayed Response To MGA's Request For a Meet and Confer Has Prejudiced MGA, and Prevented the Parties From Complying With Local Rule 37-1.**

16

17       On January 18, 2008, MGA informed Mattel that, contrary to its assertion,

18  both M0199767-68 and M0199769-70 are not privileged or entitled to work-product

19  immunity and should be reproduced.[14]  Mattel's counsel, however, did not respond to

20  this request until seven days later through a letter, dated January 25, 2008, in which

21  Mattel's counsel delayed further resolution of the issue by requesting a meet and

22  confer until January 28, 2008, the discovery cut –off date designated by this Court,

23  and ten days after having received MGA's letter requesting a meet and confer.[15]  That

24  _____

25  [11] *See id.* at 62-3 (Request 223).

26  [12] *See id.* at 56-7 (Requests 193-94).

26  [13] *See id.* at 76-7 (Requests 286, 290).

27  [14] *See* Mumford Decl., Ex. 2.

27  [15] Mumford Decl., Ex. 4: Letter from Timothy Alger to Marcus Mumford, dated

28  January 25, 2008.

1   same day, MGA's counsel responded to Mattel's letter via email, informing Mattel

2   that further delay of this issue until the discovery cut-off was unacceptable and

3   prejudiced MGA.[16]  Pursuant to paragraph 5 of the Discovery Master's Stipulation, a

4   party is entitled to an expedited schedule where a party is prejudiced by the other

5   party's failure to provide a prompt response.

6       Here, MGA has definitely been prejudiced by Mattel's reluctance to address

7   the issue regarding documents M0199767-68 and M0199769-70.  Mattel did not

8   respond timely to MGA's request, but instead waited a week to finally notify MGA

9   of its availability to meet and confer.  Mattel's offer to meet and confer was not

10   aimed at resolving the issue, but rather only prolonged any discussion between the

11   parties as to Mattel's assertion of privilege and as to Mattel's referencing of MGA as

12   "NHB."  Nowhere did Mattel explain what authority or argument they based their

13   clawback of these documents.   Further, the response ignored MGA's request to

14   determine whether Mattel's document collection, review, and production in this

15   matter involved documents in which Mattel refers to MGA under the codename

16   "NHB" that were created prior to the date Mattel represented to the Court it learned

17   of a "probable claim."  MGA has good cause to seek from this Court an expedited

18   schedule as to this matter based on Mattel's failure to promptly respond to MGA's

19   request for a meet and confer.

20   **II.**   **ARGUMENT**

21      **A.**   **Mattel's Assertion of Attorney-Client Privilege With Respect To M**

22           **0199767-68 and M 0199769-70 Is Improper.**

23       The burden of showing the existence of the attorney-client privilege rests upon

24   the party asserting the privilege.  *See United States v. Munoz*, 233 F.3d 1117, 1128

25   (9th Cir. 2000); *see also Clarke v. American Commerce Nat'l. Bank*, 974 F.2d 127,

26   129 (9th Cir. 1992) ("The burden of establishing that the attorney-client privilege

27   [16] Mumford Decl., Ex. 5: Email from Marcus Mumford to Timothy Alger, dated

28   January 25, 2008.

1   applies to the documents in question rests with the party asserting the privilege.")

2   (citations omitted); *In re Syncor Erisa Litig.*, 229 F.R.D. 636, 644 (C.D. Cal. 2005)

3   ("The burden is on the party asserting the privilege to establish all the elements of

4   the privilege.").  Thus, here, Mattel bears the burden.  To establish that the attorney-

5   client privilege applies, Mattel must prove the following elements: (1) legal advice is

6   sought (2) from a professional legal adviser in his or her capacity as such, (3) the

7   communication relates to that purpose, (4) is made in confidence (5) by the client, (6)

8   are, at the client's instance, permanently protected (7) from disclosure by the client or

9   by the legal adviser (8) unless the protection be waived.  *United States v. Martin*, 278

10  F.3d 988, 999-1000 (9th Cir. 2002).  The attorney-client privilege, therefore, only

11  protects disclosures or communications "'necessary to obtain *informed legal advice-*

12  which might not have been made absent the privilege.'"  *Griffith v. Davis*, 161 F.R.D.

13  687, 694 (C.D. Cal. 1995) (quoting *Fisher v. United States*, 425 U.S. 391, 403, 96

14  S.Ct. 1569, 1577, 48 L.Ed 2d 39 (1976)) (emphasis added).

15          Because documents bearing Bates Nos. M 0199767-68 and M 0199769-70 fail

16  to reflect communications with Mattel's counsel for the purpose of obtaining legal

17  advice, Mattel cannot establish that either is privileged.  Both documents contain no

18  indicia of a request for legal advice.  For example, M 0199767-78 merely recites

19  facts regarding Ms. Ward's employment background, such as her employment

20  history, personal information, as well as some information Ms. Ward has provided

21  Mattel that are relevant to the claims in this case that include her involvement and

22  knowledge regarding the development of Bratz.  Thus, none of the information

23  contained in the document appear to be disclosures to legal counsel for the purpose

24  of seeking legal advice, but rather a summary of underlying facts, which unlike

25  communications fall outside the protection of the attorney-client privilege.  *See*

26  *Upjohn Co. v. United States*, 449 U.S. 383, 395-96, 101 S.Ct. 677, 685-86, 66 L.Ed.

27  2d 584 (1981) ("The privilege only protects disclosure of communications; it does

28  not protect disclosure of the underlying facts by those who communicated with the

1    attorney."); *Pastrana v. Local 9509, Commc'ns Workers of Am., AFL-CIO*, Civil No.

2    06cv1779 W(AJB), 2007 WL 2900477, at *3 (S.D. Cal. Sept. 28, 2007) (noting that

3    the "privilege does not protect facts communicated to an attorney. Clients cannot

4    refuse to disclose facts which their attorneys convey to them and which the attorneys

5    obtain from independent sources"); *Dombrowski v. Bell Atl. Corp.*, 128 F. Supp. 2d

6    216, 219 (E.D. Pa. 2000) ("[The privilege] does not insulate underlying facts from

7    the light of day."). Likewise, document M0199769-70, on its face, lacks any

8    evidence that it reflects any type of communications with counsel. The document is

9    merely a "to do" list with respects to investigations into Mr. Bryant and MGA.

10   Although some references are made to Mattel's legal counsel, the document does not

11   appear to contain any confidential communications or disclosures between Mattel

12   and its legal counsel. Thus, because the documents do not by themselves reflect the

13   fact of a confidential communication or that they were prepared for the transmission

14   to legal counsel for the primary purpose of seeking legal advice, these documents are

15   not privileged.

16   **B.    M 0199767-68 and M 0199769-70 Are Not Entitled To Work Product Immunity.**

17

18          The work-product immunity, codified in Federal Rule of Civil Procedure

19   26(b)(3), protects from disclosure documents and tangible things prepared by a party

20   or his representative in anticipation of litigation. *See* Fed. R. Civ. Proc. 26(b)(3);

21   *Green v. Baca*, 226 F.R.D. 624, 652 (C.D. Cal. 2005); *see also United States v.*

22   *Nobles*, 422 U.S. 225, 95 S.Ct. 2160, 45 L.Ed. 2d 141 (1975); *Hickman v. Taylor*,

23   329 U.S. 495, 67 S.Ct. 135, 91 L.Ed. 451 (1947). Thus, documents can have work

24   product protection only if they were prepared in anticipation of litigaton or trial. *See*

25   *FTC v. Grolier, Inc.*, 462 U.S. 19, 26, 103 S.Ct. 2209, 2214, 76 L. Ed. 2d 337 (1983).

26   In order to qualify for protection against discovery under the work-product immunity,

27   documents must have two characteristics: "(1) it must be prepared in anticipation of

28   litigation or for trial; and (2) it must be prepared by or for another party or by or for

1    that other party's representative." *Green*, 226 F.R.D. at 652.  A document is prepared

2    in anticipation of litigation when "in light of the nature of the document and the

3    factual situation in the particular case, the document can fairly be said to have been

4    prepared or obtained *because of* the prospect of litigation."  8 Charles A. Wright, et

5    al., Federal Practice and Procedure § 2024 at p. 343( 2d ed. 1994) (emphasis added).

6          Here, Mattel is precluded from asserting the immunity afforded by the work

7    product doctrine because the documents were not prepared in anticipation of

8    litigation.  Mattel has alleged in its responses to MGA's interrogatories that

9    November 24, 2003 was the date in which Mattel first learned of a probable claim

10   against Mr. Bryant and MGA.[17]  Before that time, Mattel has taken the position that

11   it had no knowledge or reason to know the facts that make up its lawsuit.  Therefore,

12   any documents prepared before that date cannot be categorized as work-product.

13   Both documents, which Mattel now argues are protected by the attorney work-

14   product doctrine appear to have been created or prepared prior to November 2003.

15   For instance, M0199769-70 notes the date in which the tasks were listed as August

16   10, 2003, which negates Mattel's claim that this document was prepared in

17   anticipation of litigation or trial.  Moreover, M0199767-68 lists under the caption

18   "Notes" that Mercedah Ward is "[p]resently interested in employment with Mattel."

19   This notation indicates that this document must have been prepared or created during

20   the time in which Ms. Ward applied for a position at Mattel.  Based on an email

21   produced by Mattel that was written by Ms. Ward to Ms. Cassidy Park, Ms. Ward

22   applied for a position at Mattel in June of 2003, and her resume was subsequently

23   forwarded by Ms. Park to Michael Moore.[18]  This leads MGA to deduce that the

24   document must have been created around June or July of 2003, several months prior

25   _____

26   [17] *See* Mattel, Inc.'s Second Supplemental Responses To Defendant's First Set of
     Interrogatories at 301; Supplemental Responses To MGA's First Set of
27   Interrogatories To Mattel, Inc. at 113-114.
28   [18] Mumford Decl., Ex. 8: M007415B.

1  to the date Mattel argues was the first time they believe they had a probable claim

2  against Mr. Bryant and MGA.  There is no question, therefore, that both documents

3  were not prepared in "anticipation of litigation or trial," which prevents Mattel from

4  asserting the work-product doctrine.

5      **C.**    **Mattel Must Produce All "NHB" Documents**

6        Pursuant to Federal Rule of Civil Procedure 26(b), a party can obtain

7  discovery "regarding any matter, not privileged, that is ***relevant to the claim or***

8  ***defense of any party.***"  Fed. R. Civ. Proc. 26(b)(1) (emphasis added).  As has been

9  made very clear by both documents M0199767-68 and M0199769-70, Mattel has for

10  some time been deliberately referencing MGA not only with the initials "MGA," but

11  also through the codename "NHB."  M0199767-68 and M0199769-70 alerted MGA

12  to the likelihood that Mattel has in its possession similar documents and files that

13  may be relevant and responsive to MGA's discovery requests.

14        All documents referencing MGA as "NHB" are without a doubt responsive to

15  any document request propounded by MGA that call for MGA documents regardless

16  of the manner in which MGA is referenced.  Some obvious requests for document

17  production sought by MGA in which "NHB" documents are clearly responsive

18  include requests for documents "expressing, mentioning, discussing, referring or

19  relating to any actual, alleged or perceived connection between BRYANT, BRATZ,

20  BRATZ INTELLECTUAL PROPERTY or MGA on the one hand, and 'Toon Teens'

21  on the other hand;"[19] "sent to or received from the NPD Group discussing,

22  mentioning, relating to, or referring to . . . MGA;"[20] "mentioning, referring to, or

23  relating to any consideration given by Mattel to acquiring MGA;"[21] "received by

24  [Mattel] from any source expressing, suggesting or implying that MGA copied or

25  

26  [19] Mumford Decl., Ex. 3: MGA's First Set of Requests For Production of Documents and Things at 34-5 (Request 98).

27  [20] *See id.* at 53 (Request 176).

28  [21] *See id.* at 55 (Request 189).

1  used any idea, design or intellectual property owned by MATTEL in connection with
2  the conception, design, or development of BRATZ or BRATZ INTELLECTUAL
3  PROPERTY."[22] Thus, all documents in which MGA is described as "NHB" and are
4  responsive to any of MGA's document requests must be produced by Mattel as soon
5  as possible.

6  **III.   <u>CONCLUSION</u>**

7  For the foregoing reasons, MGA and Bryant respectfully request this Court to
8  issue an order (1) to re-produce the documents previously produced by Mattel
9  bearing Bates Nos. M0199767-68 and M0199769-70, and which were improperly
10  recalled by Mattel as allegedly privileged and inadvertently produced; and (2) to
11  compel production of all "NHB" documents that are responsive to MGA's First Set
12  of Requests for Production of Document and Things dated January 31, 2004.

13  DATED:  January 28, 2008

14                                    SKADDEN, ARPS, SLATE, MEAGHER &
                                      FLOM, LLP
15
                                      By: _____
16                                         Raoul D. Kennedy
17                                         Attorney for MGA Entertainment, Inc.

18                                    KEKER & VAN NEST LLP
19
                                      By: _____
20                                         Christa M. Anderson
21                                         Attorney for Carter Bryant

22
23
24
25
26
27

28  [22] *See id.* at 62 (Request 221).

# Exhibit 17

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

300 SOUTH GRAND AVENUE

LOS ANGELES, CALIFORNIA 90071-3144
———
TEL: (213) 687-5000
FAX: (213) 687-5600
www.skadden.com

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
NEW YORK
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

DIRECT DIAL
(213) 687-5514
DIRECT FAX
(213) 621-5514
EMAIL ADDRESS
MMUMFORD@SKADDEN.COM

February 4, 2008

**VIA FACSIMILE**

Timothy L. Alger, Esq.
Quinn, Emanuel, Urquhart, Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543

RE:   *Mattel, Inc. v. Bryant*

Dear Timothy:

This letter summarizes our meet and confer last Thursday concerning the "NHB" issues raised in our recent motion to compel: 1) documents M0199767-68 and M0199769-70, which you recently clawed back based on an assertion of attorney-client privilege and work product and 2) the production of all "NHB" documents.

As I stated, Mattel bears the burden of establishing the existence of the attorney-client privilege or work product immunity with respects to these documents. *See Clarke v. American Commerce Nat'l. Bank*, 974 F.2d 127, 129 (9th Cir. 1992); *Green v. Baca*, 226 F.R.D. 624, 652 (C.D. Cal. 2005).

**Documents M0199767-68 and M0199769-70**

You explained that document M0199767-68, the Mercedeh Ward summary, was prepared by a paralegal in the Mattel legal department, who works under the supervision of Michal Moore, Mattel's in-house counsel. You indicated that the document was created on August 22, 2003, last modified on September 4, 2003, contained information from outside counsel and Mattel employees, and that it was "prepared in anticipation of litigation."

With respects to document M0199769-70, which was titled "NHB – To Do," you stated that Michael Moore prepared the document on August 10, 2003 – the date on the document – and that it reflected his "thought processes," and information

Timothy L. Alger, Esq.
February 4, 2008
Page 2

obtained from Mattel employees and outside counsel. You were not sure whether this document had been updated since its creation.

With respect to these documents, you informed me that Mattel would be placing them on its privilege log but would not be producing them in redacted form since, according to you, there is nothing to produce after the privileged information is redacted. When I asked how work product is applicable in light of Mattel's assertions in its counterclaims and in opposition to MGA and Bryant's joint motion for terminating sanctions, you stated that the documents were prepared in anticipation of the Tune Teens litigation. When I asked what about the documents reflects communications for the purpose of obtaining legal advice, you refused to parse the documents line by line.

As I stated, in light of our meet and confer, it would be inappropriate to withdraw MGA's and Bryant's joint motion to compel. Mattel confirmed that the documents were prepared prior to November 24, 2003. It is therefore improperly asserting work product notwithstanding its counterclaims filed in July 2007 stating that it "had no reason to suspect that Bryant had worked with MGA, or assisted MGA, while he still [sic] employed by Mattel," prior to that date, and notwithstanding its opposition to the motion for terminating sanctions taking a similar position. We no longer have the documents, but we do not recall anything about them that would suggest they were prepared in anticipation of another litigation. Indeed, they appeared to have been prepared in anticipation of this litigation: they referred to MGA by codename, summarized certain alleged facts concerning the creation of Bratz, and there was no mention of any limits with respect to the breadth of its investigation. Moreover, according to the testimony of Richard De Anda, we understand that Mattel had concluded as of late 2002 or early 2003, well before the dates of these documents, that Bratz did not violate a Tune Teens copyright. (*See* De Anda Tr. at 223:14-17.)

### The "NHB" Documents

You confirmed that "NHB" is a codename for MGA, used by Mattel since 2002 or 2003. You stated that it was used primarily in Mattel's legal department but acknowledged there could have been "reflexive use" of the codename beyond that department.

You stated that Mattel has not purposely withheld any documents responsive to MGA's document requests for MGA-related material based on a distinction between "NHB" and MGA. But you could not answer whether "NHB" documents may have been inadvertently deemed non-responsive in Mattel's document production on account of Mattel's use of the codename.

You indicated that you did not see anything further to the matter because Mattel has previously informed MGA that it is not placing any documents on the

Exhibit 17 ,
P. 115

Timothy L. Alger, Esq.
February 4, 2008
Page 3

privilege log that post-date November 2003.  I indicated that I was not aware of any such agreement.  If you have any further information concerning it, please advise. And your position did not address the status of "NHB" documents that pre-date November 2003.  You stated that Mattel's privilege log would not necessarily indicate if an entry referred to a "NHB" document.

With respect to the production of these "NHB" documents, we reaffirm our position that any "NHB" document is relevant and responsive to MGA's requests for MGA-related documents in Mattel's possession.  And, in light of the issues raised above, we request an *in camera* inspection of all "NHB" documents.

- To the extent Mattel asserts attorney-client with respect to "NHB" documents, it should be required to establish the document reflects communications between Mattel and its counsel for purposes of obtaining legal advice.

- To the extent Mattel asserts work product with respect to an "NHB" document and the document pre-dates November 2003, we request an explanation concerning what litigation it was prepared in anticipation of and how that position can be reconciled (a) with paragraphs 35-36 of its counterclaims filed July 2007 and (b) with its opposition to the joint motion for terminating sanctions stating that "Mattel first learned of a probable claim in late 2003, at the earliest ... when it obtained a copy of the MGA/Bryant agreement.  Before that, no claims were probable, and the investigated claims were never brought."

- To the extent "NHB" documents are not on the privilege log, Mattel has waived privilege and should be compelled to produce them.

Please let me know if I can be of any further assistance in this matter.

Sincerely,

Marcus R. Mumford

cc: Michael H. Page, Esq.
    Mark E. Overland, Esq.

Exhibit 17,
P. 116

Job number   : 185       *** SEND SUCCESSFUL ***

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3144
TELEPHONE NO.: (213) 687-5000
FACSIMILE NO.: (213) 687-5600

## FACSIMILE TRANSMITTAL SHEET

FROM: Marcus Mumford                    DATE: February 4, 2008
DIRECT DIAL: (213) 687-5514             FLOOR/OFFICE NO.: 36
DIRECT FACSIMILE: (213) 621-5514

THIS FACSIMILE IS INTENDED ONLY FOR USE OF THE ADDRESSEE(S) NAMED HEREIN AND MAY CONTAIN LEGALLY PRIVILEGED AND/OR CONFIDENTIAL INFORMATION. IF YOU ARE NOT THE INTENDED RECIPIENT OF THIS FACSIMILE, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS FACSIMILE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS FACSIMILE IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL FACSIMILE TO US AT THE ADDRESS ABOVE VIA THE LOCAL POSTAL SERVICE. WE WILL REIMBURSE ANY COSTS YOU INCUR IN NOTIFYING US AND RETURNING THE FACSIMILE TO US.

IF THIS TRANSMISSION IS UNCLEAR OR INCOMPLETE, PLEASE CONTACT THE FACSIMILE DEPARTMENT AT (213) 687-5443.
WHEN TRANSMITTING TO OUR MACHINES, PLEASE INCLUDE YOUR COVER SHEET AND NUMBER ALL PAGES CONSECUTIVELY.

TOTAL NUMBER OF PAGES INCLUDING COVER(S):   4

PLEASE DELIVER THE FOLLOWING PAGE(S) TO:

1. NAME: Timothy L. Alger, Esq.          FIRM: Quinn Emanuel Urquhart, etc.
   CITY: Los Angeles                     TELEPHONE NO: (213) 443-3000
   FACSIMILE NO.: (213) 443-3100

2. NAME: Mark E. Overland, Esq.          FIRM: Overland Borenstein Scheper & Kim
   CITY: Los Angeles                     TELEPHONE NO: (213) 613-4655
   FACSIMILE NO.: (213) 613-4656

3. NAME: Michael H. Page, Esq.           FIRM: Keker & Van Nest, LLP
   CITY: San Francisco                   TELEPHONE NO.: (415) 391-4300
   FACSIMILE NO.: (415) 397-7188

MESSAGE

402089 01-Los Angeles Server 1A - MSW

COMPLETED

08 FEB -4 PM 6:02

SASM & FL A:

Exhibit 17,
P. 117

# Exhibit 18

1  Hon. Edward A. Infante (Ret.)
   JAMS
2  Two Embarcadero Center
   Suite 1500
3  San Francisco, California 94111
   Telephone:    (415) 774-2611
4  Facsimile:    (415) 982-5287

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10                          EASTERN DIVISION

11

12                                          CASE NO. CV 04-09049 SGL (RNBx)
                                            JAMS Reference No. 1100049530
13  CARTER BRYANT, an individual,

14          Plaintiff,
                                            Consolidated with
15      v.                                  Case No. CV 04-09059
                                            Case No. CV 05-2727
16  MATTEL, INC., a Delaware corporation,
                                            **ORDER DIRECTING MATTEL TO**
17          Defendant.                      **SUBMIT DOCUMENT NOS.**
                                            **M0199767-68 AND M0199769-70 FOR**
18                                          **IN CAMERA REVIEW; GRANTING**
                                            **MOTION TO COMPEL PRODUCTION**
19                                          **OF "NHB" DOCUMENTS**

    CONSOLIDATED WITH
20  MATTEL, INC. v. BRYANT and
    MGA ENTERTAINMENT, INC. v. MATTEL,
21  INC.

22

23          On January 28, 2008, MGA Entertainment, Inc. ("MGA") and Carter Bryant ("Bryant")

24  submitted a joint "Motion to Compel Production of Improperly Withheld Mattel Documents

25  Showing Mattel's Investigation of MGA and Carter Bryant Prior to November 2003 and to

26  Compel Production of all 'NHB' Documents."  On February 7, 2008, Mattel, Inc. ("Mattel")

27

28  Bryant v. Mattel, Inc.,
    CV-04-09049 SGL (RNBx)                                                          1

Exhibit _18_ ,
P. _118_

1  submitted an opposition, and on February 15, 2008, Mattel submitted a reply. The parties were

2  directed to meet and confer further regarding the motion, which has been completed.  The motion

3  was heard on March 10, 2008.

4       This motion raises essentially two issues arising from Mattel's recent request to claw back

5  two documents.  The first issue concerns the documents themselves, bearing Bates Nos.

6  M0199767-68 and M0199769-70.  MGA and Bryant describe the two documents at issue as

7  follows:

8      "•M0199767-68 reflects a summary of former MGA employee Mercedah Ward's

9      contact with Mattel, including the fact that Mattel employees were reaching out to

10      her in 2001 for information concerning the development and creation of Bratz,

11      and the suggestion that Mattel had concluded that Ward was the source of the

12      anonymous letter Mattel CEO Robert Eckert received in August 2002 – extremely

13      relevant information going, *inter alia*, to the parties' statute of limitations and

14      laches defenses.

15      •M0199769-70 reflects a task list, dated August 10, 2003, including the efforts of

16      Mattel employees to contact MGA employees; a "suspected mole"; the obtaining

17      of human resources files of Mattel employees; the pulling of Carter Bryant's

18      PeopleSoft information and employment file; a reference to Mattel's current trial

19      counsel; and inquiries into MGA and Carter Bryant.  The assertion of work

20      product with respect to this document, dated August 2003, is particularly

21      problematic in that it directly contravenes the position Mattel has taken with this

22      Court concerning when it first suspected and began collecting evidence

23      concerning the alleged wrongdoing."

24  Joint Motion at p.1.  MGA and Bryant contend that the two documents are responsive to several

25  discovery requests and are not protected by either the attorney-client privilege or the work product

26  doctrine.  More specifically, MGA and Bryant contend that the first document at issue does not

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

2

1  contain any indicia of a request for legal advice, but rather consists of a summary of underlying

2  facts. MGA and Bryant contend that the second document similarly lacks any evidence that it

3  reflects confidential attorney-client communications, but instead consists of a "to do" list. MGA

4  and Bryant contend that the two documents at issue are not protected by the work product

5  doctrine because the documents were not prepared in anticipation of litigation.

6        Mattel contends that the two documents are protected by the attorney-client privilege. To

7  substantiate its claims of privilege, Mattel submitted the declaration of its counsel, Michael

8  Moore, which states, in pertinent part, as follows:

9        4.    Acting solely as the company's legal advisor, I instructed Adelle Jones, a

10       paralegal within Mattel's Law Department, to prepare for me the document Bates

11       stamped M0199767-68 in 2003. It records information gathered by Ms. Jones at

12       my request and outside counsel's request. I then transmitted the document to

13       outside legal counsel for purposes of obtaining legal advice.

14        5.    Also acting solely as the company's legal advisor, I personally created the

15       document Bates stamped M0199769-70 in 2003. It reflects my communications

16       with and directions from Mattel's outside counsel regarding tasks to be performed.

17       The document also reflects notations from Jill Thomas, Mattel's Assistant General

18       Counsel, and Mattel's outside counsel. I transmitted the document to outside legal

19       counsel for purposes of obtaining legal advice.

20  Decl. of Michael Moore in Support of Mattel's Opposition.

21        An *in camera* inspection of disputed documents is appropriate to resolve claims of

22  privilege. See United States v. Zolin, 491 U.S. 554, 568-69, 109 S.Ct. 2619, 105 L.Ed.2d 469

23  (1989). The practice is both long-standing and routine in cases involving claims of privilege. In

24  re Grand Jury Subpoenas Dated March 19, 2002 and August 2, 2002, 318 F.3d 379 (2d Cir.

25  2003); see also In re Grand Jury Proceedings, 220 F.3d 568, 571 (7th Cir. 2000). Accordingly,

26

27

28

Exhibit 18
P. 126

1   Mattel is ordered to submit the disputed documents for *in camera* review no later than March 14,

2   2008.

3       The second issue concerns references to "NHB" in the two clawed back documents.  MGA

4   and Bryant contend that Mattel uses the codename "NHB" for MGA.  Aside from the two clawed

5   back documents, MGA and Bryant are aware of only one other instance of "NHB" documents in

6   Mattel's document production – the use of "NHB Timeline" across the top of an e-mail that Mattel

7   CEO Robert Eckert forwarded to himself related to this lawsuit.  There are no other "NHB"

8   documents in Mattel's production or listed on Mattel's privilege log.

9       MGA and Bryant contend that Mattel should not be able to hide behind its codename for

10  MGA to avoid its discovery obligations.  They contend that all documents referencing MGA as

11  "NHB" are responsive to any document requests that call for MGA documents, regardless of the

12  manner in which MGA is referenced.  Accordingly, MGA and Bryant request an order

13  compelling Mattel to produce all "NHB" documents that are responsive to MGA's First Set of

14  Requests for Production of Documents and Things dated January 31, 2004 ("MGA's Requests").

15  Joint Motion at p.8.

16      In response, Mattel represents that it "has not withheld from production any non-

17  privileged documents because they contain 'NHB.'"  Mattel's Opposition at p.1.  Elsewhere Mattel

18  represents that it "has not withheld from production any non-privileged documents on the basis

19  that it uses 'NHB,'" (id. at p.4; see also Alger Decl., ¶2), and that "Mattel is not withholding from

20  production any non-privileged documents that contain 'NHB'." (Id. at .7).  As an example, Mattel

21  points to the NHB Timeline.  Furthermore, Mattel contends that MGA and Bryant are not entitled

22  to documents simply because they contain a reference to "NHB."

23      MGA and Bryant's motion to compel production of "NHB" documents is granted.  Mattel

24  has not confirmed that documents containing "NHB" were searched for in response to MGA's

25  Requests and Mattel's submissions appear to side-step the issue.  Mattel has also not confirmed

26  that "NHB" documents were not inadvertently deemed non-responsive and/or overlooked on

27

28

1    account of Mattel's use of the codename "NHB."  In other words, Mattel has not confirmed

2    whether documents that refer to MGA only by the "NHB" codename have been reviewed for

3    responsiveness and produced.  In particular, Mattel has not verified whether it has conducted a

4    key word search of its databases using the codename "NHB."  Accordingly, MGA and Bryant's

5    motion to compel production of "NHB" documents is granted.  Mattel shall conduct a search of

6    all "NHB" documents in its databases and produce all "NHB" documents that are responsive to

7    MGA's Requests no later than March 14, 2008.  All responsive documents being withheld on the

8    basis of a claim of privilege must be identified on a privilege log, which must also be produced no

9    later than March 14, 2008.

10         Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery

11   Master, MGA shall file this Order with the Clerk of Court forthwith.

12

13   Dated: March 10, 2008

HON. EDWARD A. INFANTE (Ret.)
Discovery Master

# Exhibit 19

**From:**   Nolan, Thomas J (LAC)
**To:**   Rogosa, Diana C (WAS)
**Subject:**   FW: Bryant, Carter vs. Mattel, Inc.; Orders Re Various Motions Heard on
March 10, 2008
**Date:**   3/10/2008 2:20:23 PM
**CC:**
**BCC:**

**Message:**

------------------------------------------
**From:** Chan Sandra[SMTP:SCHAN@JAMSADR.COM]
**Sent:** Monday, March 10, 2008 5:19:01 PM
**To:** johnquinn@quinnemanuel.com; michaelzeller@quinnemanuel.com;
joncorey@quinnemanuel.com; duanelyons@quinnemanuel.com;
timalger@quinnemanuel.com; DominicSurprenant@QuinnEmanuel.com;
dylanproctor@quinnemanuel.com; shanemckenzie@quinnemanuel.com;
bridgethauler@quinnemanuel.com; tamarbuchakjian@quinnemanuel.com;
juanpabloalban@quinnemanuel.com; jkeker@KVN.com; mhp@kvn.com; cma@kvn.com;
jtrinidad@kvn.com; Nolan, Thomas J (LAC); Kennedy, Raoul D (SFC);
Park, Amy S (PAL); Posner, Harriet S (LAC); Roth, Carl A (LAC);
cholden@mgae.com; Miller, Timothy A (SFC); mwerdegar@kvn.com;
awalton-hadlock@kvn.com; Mumford, Marcus R (LAC); Eckles, Paul M (NYC);
Herrington, Robert J (LAC); johngordon@quinnemanuel.com;
Etcheverry, Lance A (LAC); caldwell@caldwell-leslie.com
**Subject:** Bryant, Carter vs. Mattel, Inc.; Orders Re Various Motions Heard on March 10, 2008
**Auto forwarded by a Rule**


Dear Counsel:

Attached please find the following Orders and a proof of serve:

1. Order Granting in Part Mattel's Motion to Compel the Continued Deposition of Isaac
   Larian;
2. Order Directing Mattel to Submit Document Nos. M10199767-68 and M0199769-70 for *in
   camera* Review; Granting Motion to Compel Production of "NHB" Documents;
3. Order Granting Carter Bryant's Motion to Quash Mattel's Subpoena to Peoples Bank of
   the Ozarks;
4. Order Denying Mattel's Motion to Compel a Complete Response to Mattel's
   Supplemental Interrogatory Re Test Projects.

Best Regards,
Sandra Chan
JAMS
Two Embarcadero Center, Suite 1500
San Francisco, CA  94111
Tel:  415-982-5267
Direct Dial:  415-774-2611
Fax:  415-982-5287
email:  schan@jamsadr.com

1

Exhibit _19_,
P. _123_

**Attachments:**
     Orders 031008.pdf

Exhibit _A_ ,
P. _124_

# Exhibit 20

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

WRITER'S DIRECT DIAL NO.
(213) 443-3223

WRITER'S INTERNET ADDRESS
timalger@quinnemanuel.com

March 10, 2008

VIA FACSIMILE AND MAIL

Marcus Mumford, Esq.                     Michael H. Page, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP  Keker & Van Nest, LLP
300 South Grand Ave., Suite 3400          710 Sansome Street
Los Angeles, CA  90071                    San Francisco, CA  94111

Re:  MGA Entertainment, Inc. v. Mattel, Inc.

Dear Counsel:

We have received Judge Infante's Order Directing Mattel to Submit Document Nos. M0199767-68 and M0199769-70 for In Camera Review; Granting Motion to Compel Production of "NHB" Documents ("Order").

To date, and as the Court has noted previously, the parties have not been logging documents falling within the attorney-client privilege and/or work product doctrine during the time period leading up to and subsequent to the filing of the Mattel v. Bryant action in April 2004.  MGA and Bryant did not challenge this logging practice (which has been followed by all parties) in the context of the Motion to Compel, and Judge Infante did not reach it.  Accordingly, it is Mattel's view that its compliance with today's Order with respect to the logging of privileged documents should be consistent with the parties' past logging practices.

If MGA and Bryant have a different view, please consider this letter a request under the Discovery Master Stipulation and Local Rule 7-3 for a conference of counsel in advance of a motion for reconsideration and/or our filing of objections to the Order.  Furthermore, please be advised that should MGA and Bryant take any position that seeks to expand the scope of the logging practice, we will expect MGA and Bryant to adhere to it as well.

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 335 Madison Avenue, 17th Floor, New York, New York 10017 | TEL 212-702-8100 FAX 212-702-8200
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
PALM SPRINGS | 45-025 Manitou Drive, Suite 10, Indian Wells, California 92210 | TEL 760-345-4757 FAX 760-345-2414

Exhibit 80,
P. 125

March 10, 2008
Marcus Mumford, Esq.
Michael Page, Esq.
Page 2

Since the Order sets a March 14 deadline, we would appreciate knowing your position by the end of tomorrow.  I look forward to hearing from you.

Very truly yours,

Timothy L. Alger

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**SAN DIEGO**
4445 Eastgate Mall, Suite 200
San Diego, CA 92121
(858) 812-3107
Facsimile: (858) 812-3336

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

**DATE:**   March 10, 2008

**NUMBER OF PAGES, INCLUDING COVER:**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| *Marcus R. Mumford, Esq.*<br>Skadden, Arps, Slate, Meagher & Flom LLP | 213.687.5000 | 213.687.5600 |
| *Michael H. Page, Esq.*<br>Keker & Van Nest, LLP | 415.391.5400 | 415.397.7188 |

**FROM:**   Timothy L. Alger

**RE:**   *Mattel, Inc. v. MGA Entertainment, Inc.*

**MESSAGE:**

COPY CENTER 34TH FLOOR

08 MAR 10 PM 6: 25

SASM&F L.A.

| 07209/2429626.1 | | ROUTE/<br>RETURN TO: | *ALBERT V./10TH FLOOR* | ☐ CONFIRM FAX<br>☒ INCLUDE CONF. REPORT |
|---|---|---|---|---|
| CLIENT # | 7209 | | | |
| OPERATOR: | OZIGAWA | CONFIRMED? | ☐ NO  ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

Exhibit 20
P. 127

# Exhibit 21

LAW OFFICES

# KEKER & VAN NEST
## LLP

710 SANSOME STREET
SAN FRANCISCO, CA 94111-1704
TELEPHONE (415) 391-5400
FAX (415) 397-7188
WWW.KVN.COM

MATTHEW M. WERDEGAR
MWERDEGAR@KVN.COM

March 12, 2008

**VIA FACSIMILE & U.S. MAIL**

Timothy L. Alger, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 S. Figueroa St. 10th Floor
Los Angeles, California 90017

Re:   Mattel v. Bryant, et al.

Dear Tim:

I am writing in response your March 10, 2008 letter regarding (i) the Discovery Master's Order directing Mattel to submit document numbers M0199767-68 and M0199769-70 for in camera review and granting MGA's and Bryant's joint motion to compel production of "NHB" documents and (ii) purporting to confirm the parties' practice with respect to logging privileged documents.

Your letter states that the parties have not been logging documents falling within the attorney-client privilege and/or work product doctrine, not only subsequent to the filing of the Mattel v. Bryant action in April 2004, but also "leading up to" the filing of that action. Please explain what exactly you mean by "leading up to" the filing of the Mattel v. Bryant action. Read literally, your statement could be interpreted as relieving the parties of any obligation to log any privileged communications pre-dating the Mattel v. Bryant lawsuit. Also, please provide a citation to where exactly the Court "has noted" that the parties have not been logging such documents.

Very truly yours,

*Matthew Werp*

Matthew Werdegar

MMW/mls

cc:   Marcus R. Mumford

Exhibit 21,
P. 128

LAW OFFICES

# KEKER & VAN NEST
## LLP

710 SANSOME STREET
SAN FRANCISCO, CA 94111-1704
TELEPHONE (415) 391-5400
FAX (415) 397-7188

## FACSIMILE TRANSMISSION COVER SHEET

March 12, 2008

| | Telephone | Facsimile |
|---|---|---|
| To | 213/443-3000 | 213/443-3100 |
| Timothy L. Alger | | |
| Quinn Emanuel Urquhart Oliver & Hedges, LLP | | |

| cc: | | |
|---|---|---|
| Marcus R. Mumford | 213/687-5000 | 213/687-5600 |
| Skadden Arps Slate Meagher & Flom | | |

| | Telephone | Code |
|---|---|---|
| From | 415-391-5400 | 6647/mls |
| Matthew Werdegar | | |

Re   Bryant v. Mattel:  (ED) 2:04-cv-09049-SGL-RNB

Number of Pages (Including Cover):  2

COPY CENTER 34TH FLOOR   08 MAR 12  PM 1:44   S.A.S.M.&F. L.A.

## COMMENTS

Please see attached.

Time Sent

Operator

## IF YOU ENCOUNTER ANY DIFFICULTIES RECEIVING THIS TRANSMISSION, PLEASE CALL (415) 676-2277 OR (415) 391-5400

The information contained in this facsimile transmission is legally privileged and confidential and intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you receive this communication in error, please notify us immediately by telephone, and return the original transmission to us at the above address via the U.S. Postal Service. Thank you.

Exhibit  21 ,
P. 129

# Exhibit 22

NHB Timeline

## Eckert, Robert A.

**From:** Eckert, Robert A.
**Sent:** Wednesday, April 28, 2004 8:20
**To:** Eckert, Robert A.

### Mattel Files Breach of Contract Suit

**By QUEENA SOOK KIM**
Staff Reporter of THE WALL STREET JOURNAL
April 27, 2004 10:37 p.m.

Mattel Inc., the maker of Barbie, has filed a breach of contract lawsuit against a toy designer and former employee who is credited with creating the Bratz fashion doll for Mattel rival MGA Entertainment.

The upstart Bratz fashion dolls have been a fierce competitor of Barbie since their introduction in 2001. The Mattel lawsuit, however, doesn't make mention of the Bratz doll and doesn't list MGA Entertainment as a defendant in the lawsuit.

The lawsuit, filed in Los Angeles County Superior Court, alleges that doll designer Carter Bryant, who was a member of the company's Barbie design team from 1999 to 2000, "secretly aided, assisted and worked for a Mattel competitor during his employment with Mattel." Such actions breached his employment contract, fiduciary duty to Mattel and his duty of loyalty, which is mandated by California state law, the lawsuit states.

Mr. Bryant couldn't be reached for comment. Mattel had no comment.

In the lawsuit, Mattel states that it was entitled to "exclusive ownership of [Mr. Bryant's] inventions as a Mattel product designer" and that all such services he provided the competitor "were the property of Mattel."

Mattel didn't specify the amount of money it is seeking in damages. The lawsuit states that "Mattel has suffered and will in the future continue to suffer damages" from Mr. Bryant's actions. It asked the court to Mr. Bryant "to disgorge... all payments, revenue, profits, monies royalties and any other benefits" derived from his conduct.

The lawsuit comes at a time when Barbie sales have been declining, in large part because of competition from the racier Bratz doll. The Bratz were introduced in 2001 by MGA Entertainment, which is based in North Hills, Ca. The closely-held company has said it posted revenues of $1.3 billion last year. Much of that revenue was fueled by the Bratz.

Isaac Larian, chief executive of MGA, has previously said that Mr. Bryant entered the Bratz doll in a sort of fashion-doll design contest it held in 1999. But inside Mattel, others believe that the Bratz borrow liberally from a Mattel project that was nixed at the testing stage in 1998. Isaac Larian, chief executive of MGA, has previously said he never heard of a project similar to the Bratz at Mattel. Mr. Larian couldn't be reached for comment.

**Write to** Queena Sook Kim at queena.kim@wsj.com

**CONFIDENTIAL**

M 0257834

Exhibit 22,
P. 130

# Exhibit 23

FILED

2007 JAN 30  PM 12: 59

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

BY _____

1  DOUGLAS A. WICKHAM (S.B. #127268)
   dwickham@littler.com
2  KEITH A. JACOBY (S.B. #150233)
   kjacoby@littler.com
3  LITTLER MENDELSON
   A Professional Corporation
4  2049 Century Park East, 5th Floor
   Los Angeles, CA  90067.3107
5  Telephone:  (310) 553-0308
   Facsimile:   (310) 553-5583
6
   Attorneys for Carter Bryant
7

8              UNITED STATES DISTRICT COURT            BY
9             CENTRAL DISTRICT OF CALIFORNIA          FAX
                    EASTERN DIVISION

10  CARTER BRYANT, an individual,      Case No. CV 04-09049 SGL (RNBx)
                                       (consolidated with CV 04-9059 & 05-2727)
11                Plaintiff,
                                       DISCOVERY MATTER
12       v.
                                       [To Be Heard By Discovery Master
13  MATTEL, INC., a Delaware           Hon. Edward Infante (Ret.) Pursuant to
    Corporation,                       The Court's Order of December 6, 2006
14
                                       [PROPOSED] ORDER GRANTING IN
15                Defendant.           PART CARTER BRYANT AND MGA
                                       ENTERTAINMENT INC'S MOTION
16                                     TO COMPEL THE PRODUCTION OF
                                       DOCUMENTS AND 30(B)(6)
17                                     DEPOSITIONS

18                                     Date:  January 25, 2007
                                       Time:  9:00 a.m.
19                                     Place: Telephonic

20                                     Discovery Cut-off:  None set
                                       Pre-trial Conference:  None Set
21                                     Trial Date:  None Set

22
23  CONSOLIDATED WITH                  Judge:  Hon. Stephen G. Larson
    MATTEL, INC. v. BRYANT and
24  MGA ENTERTAINMENT, INC. v.         Discovery Cut-Off:  T.B.D.
    MATTEL, INC.

25
26
27
28
Los Angeles Court Services
COPY SENT _____
CALENDAR DEPT.
07209/2045518.1/209/2045559.1

Order

⬜ COPY

1      On January 25, 2006, Discovery Master Edward Infante heard oral argument

2   on Defendants' Carter Bryant ("Mr. Bryant") and MGA Entertainment, Inc.'s

3   ("MGA") motion to compel the production of documents and 30(b)(6) depositions.

4   Keith Jacoby appeared on behalf of Mr. Bryant. Jim Jenal appeared on behalf of

5   MGA. Jon Corey and Dylan Proctor appeared on behalf of Mattel, Inc.  After

6   considering all of the papers filed in support of and in opposition to said motion,

7   and good cause appearing, Mr. Bryant and MGA's motion is GRANTED IN PART

8   and it is hereby ORDERED as follows:

9        1. Within two weeks of the entry of this Order, Mattel must produce all non-

10  privileged documents relating to any investigation that occurred as a result of the

11  receipt of the August 2002 "Anonymous Letter" to Mattel CEO Robert Eckert, and

12  provide a privilege log identifying all documents withheld under the attorney client

13  privilege or attorney work product doctrine.  It is suggested Mattel submit

14  declarations laying out the factual basis for any work product or privilege

15  protection it intends to assert.  The Discovery Master defers ruling on whether Alan

16  Kaye should be reproduced for further deposition testimony.  The Discovery Master

17  further rules that it is premature to rule on any issue of waiver of any claimed

18  privilege.

19       2. Mattel shall identify and produce for deposition corporate designees

20  pursuant to Federal Rule of Civil Procedure 30(b)(6) qualified to testify regarding

21  the Topics Nos. 2, 3, 4, 5, 6, 7, 23, 49 and 50 set forth in Carter Bryant's Notice of

22  Deposition of Mattel, Inc. dated December 21, 2004, as limited by Mattel's May 16,

23  2005 letter.  Mattel shall identify these witnesses with the production of the

24  //

25  //

26  //

27  //

28  //

07209/2046388.17209/2045559.1                    1.                    ORDER

Exhibit 23 ,
P. 132



1   privilege log with dates they can appear for deposition, such that the depositions on

2   these topics shall be completed no later than March 31, 2007.

3       IT IS SO ORDERED.

4

5   DATE: January 30, 2007

6                                                    Hon. Edward A. Infante (Ret.)
                                                     Discovery Master
7   Firmwide:81960684.1 028307.1010

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

07209/2046388.17209/2045559.1                    2.              ORDER

Exhibit 23 ,
P. 132

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on January 30, 2007, I served the attached ORDER GRANTING IN PART CARTER BRYANT AND MGA ENTERTAINMENT INC'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS AND 30(B)(6) DEPOSITIONS in the within action by e-mail addressed as follows:

| | | |
|---|---|---|
| Robert Millman Esq. | Littler Mendelson | rfmillman@littler.com |
| Douglas Wickham Esq. | Littler Mendelson | dwickham@littler.com |
| Keith Jacoby Esq. | Littler Mendelson | kjacoby@littler.com |
| Dominic Messiha Esq | Littler Mendelson | dmessiha@littler.com |
| Diba Restagar Esq. | Littler Mendelson | drasteger@littler.com |
| Michelle Park Esq. | Littler Mendelson | mpark@littler.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | jbq@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Valerie Nannery Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | valerienannery@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Morris Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgetmorris@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Dale Cendall Esq. | O'Melveny & Myers LLP | dcendall@omm.com |
| Diana Torres Esq. | O'Melveny & Myers LLP | dtorres@omm.com |
| James Jenal Esq. | O'Melveny & Myers LLP | jjenal@omm.com |
| Alicia Meyer Esq. | O'Melveny & Myers LLP | ameyer@omm.com |
| Jennifer Glad Esq. | O'Melveny & Myers LLP | jglad@omm.com |
| Benjamin Kim Esq. | O'Melveny & Myers LLP | bjkim@omm.com |
| Hamid Jabbar Esq. | O'Melveny & Myers LLP | hjabbar@omm.com |
| Johanna Schmitt Esq. | O'Melveny & Myers LLP | jschmitt@omm.com |
| Patricia Glaser Esq. | Christensen, Glaser, Fink, Jacobs, Well & Shapiro, LLP | pglaser@chrismill.com |

**Exhibit 23,**
**P. 134**

# Exhibit 24



1  Hon. Edward A. Infante (Ret.)
   JAMS
2  Two Embarcadero Center
   Suite 1500
3  San Francisco, California  94111
   Telephone:    (415) 774-2611
4  Facsimile:     (415) 982-5287

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10                        EASTERN DIVISION

11

12  CARTER BRYANT, an individual,          CASE NO. CV 04-09049 SGL (RNBx)
                                           JAMS Reference No. 1100049530
13              Plaintiff,

14       v.                                Consolidated with
                                           Case No. CV 04-09059
15  MATTEL, INC., a Delaware corporation,  Case No. CV 05-2727

16              Defendant.                 ORDER RE MATTEL'S MOTIONS TO
                                           COMPEL FARHAD LARIAN, KAYE
17                                         SCHOLER AND STERN &
                                           GOLDBERG TO PRODUCE
18                                         DOCUMENTS

19
    CONSOLIDATED WITH
20  MATTEL, INC. v. BRYANT and
    MGA ENTERTAINMENT, INC. v. MATTEL,
21  INC.

22

23

24                        I. INTRODUCTION

25       The following motions are pending for decision, each of which seeks discovery from non-

26  parties:  Mattel, Inc.'s ("Mattel") (1) Motion to Compel Farhad Larian to Produce Documents; (2)

27  Motion to Compel Kaye Scholer to Produce Documents; and (3) Motion to Compel Stern &

28
    Bryant v. Mattel, Inc.,                                                              1
    CV-04-09049 SGL (RNBx)
                              Exhibit 24,
                              P. 134

1  Goldberg to Produce Documents. Each of the non–parties submitted oppositions.[1] In addition,

2  MGA Entertainment, Inc., Isaac Larian, MGA Entertainment (HK) Limited, and MGAE de

3  Mexico S.R.L. de C.V. (collectively "MGA") submitted oppositions to the motions. Mattel

4  submitted a consolidated reply on January 3, 2008. The motions were heard on January 16, 2008,

5  at which time Mattel agreed to hold in abeyance its Motion to Compel Stern & Goldberg to

6  Produce Documents. This Order, therefore, addresses only Mattel's motions to compel Farhad

7  Larian and Kaye Scholer to produce documents.

8         On January 22, 2008, the parties submitted a Stipulation Regarding Protective Orders to

9  facilitate production of documents responsive to the subpoenas at issue.

10                                    II. BACKGROUND

11        Since the inception of MGA in 1979 until December of 2000, Isaac Larian, a defendant

12  herein and MGA's CEO, and his brother Farhad Larian, a non-party, shared ownership and

13  management of MGA. A dispute developed between the two brothers and in March of 2000,

14  Isaac Larian proposed that Farhad Larian sell his interest in MGA to him.

15        On September 28, 2000, the Larian brothers agreed to have their uncle, Morad Zarabi,

16  arbitrate their dispute and decide a fair value for MGA and also decide which brother should sell

17  his ownership interest to the other. The brothers' agreement to arbitrate was entered into ten days

18  after the alleged effective date of Carter Bryant's contract purportedly assigning rights to Bratz to

19  MGA. Isaac Larian did not tell his brother about the contract with Bryant.

20        Mr. Zarabi retained an appraiser, Ernest Dutcher, to value MGA based on "the period

21  ending December 31, 1999." By December 4, 2000, Mr. Zarabi determined that Farhad Larian

22  should sell his 45% ownership interest in MGA to Isaac Larian and the two entered into an

23  Agreement for Sale of Stock by which Farhad Larian sold his interest for $8.775 million.

24

25

26         [1] Mattel contends that Kaye Scholer's opposition was not timely filed and therefore should not be
27  considered. Although the opposition was ten days late, Kaye Scholer's brief will nevertheless be considered in the
   interest of resolving these disputes on the merits.

28                                                                                          2

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

1    In the summer of 2002, Farhad Larian complained to Mr. Zarabi that Isaac Larian had

2  allegedly fraudulently concealed Bratz during the negotiations that led to Farhad Larian's sale of

3  MGA stock.  Mr. Zarabi oversaw another appraisal of MGA based upon information he gathered

4  in 2002.  Mr. Dutcher produced an appraisal on February 13, 2003 that valued MGA as of

5  December 31, 2000 and projected a 2001 revenue growth rate of twenty-five percent (25%) based

6  upon "hot projects that came along."  Mattel's Motion at p.4, Ex. 8 to Decl. of Juan Pablo Albán.

7  Other information relied upon by Mr. Dutcher suggests that MGA had expansionary plans in 2000

8  compared to the prior four years.

9    Unable to resolve his disputes through Mr. Zarabi, Farhad Larian sued Isaac Larian,

10  alleging, among other things, that (a) in late 1999 or early 2000, Isaac Larian and MGA became

11  aware of a new product line called Bratz; (b) starting in early 2000 and throughout 2000, Isaac

12  Larian and MGA devised plans to develop and distribute Bratz; and (c) Isaac Larian concealed the

13  plans for Bratz from Farhad Larian and Mr. Zarabi in order to keep the valuation of MGA

14  artificially low.  Notably, MGA and Bryant claim in the instant lawsuit that they did not even

15  meet until September 2000.

16    Isaac Larian successfully moved to compel arbitration of Farhad Larian's claims.  In early

17  February 2005, Mr. Zarabi declined to serve as arbitrator and the court appointed another

18  arbitrator.  A few weeks later, Farhad Larian filed suit against Mr. Zarabi alleging that he

19  conspired with Isaac Larian to conceal facts.

20    The arbitration of Farhad Larian's claims started on November 16, 2005.  Two days into

21  the proceedings, however, Farhad Larian dismissed his claims.  Isaac Larian sought to recover his

22  attorneys' fees and won an award in excess of $1 million against his brother.

23  <u>Mattel Subpoenas Farhad Larian to Produce Documents</u>

24    On August 31, 2007, Mattel subpoenaed Farhad Larian to appear for deposition and to

25  produce (1) documents relating to the <u>Larian v. Larian</u> disputes; (2) documents related to non-

26  Bratz allegations by Mattel and MGA, primarily related to allegations of trade secret theft; (3)

27  documents relating to Farhad Larian's relationship to MGA, including his position there,

28

Exhibit 24 ,
P. 136

1    ownership interests, and payments from MGA or Isaac Larian to Farhad Larian; (4) Farhad

2    Larian's knowledge and possession of documents specifically from the instant lawsuit, including

3    his communications with Mattel; and (5) information about the location of responsive documents.

4    The majority of Mattel's requests seek documents in the first category described above.

5           On September 21, 2007, Farhad Larian served responses and objections in which he

6    agreed to produce documents responsive to eleven of Mattel's forty-one document requests.

7    After a brief stay of discovery, counsel for Farhad Larian and Mattel met and conferred beginning

8    on November 20, 2007.  During the meet and confer process, Farhad Larian agreed to produce

9    documents responsive to some, but not all of Mattel's forty-one requests.  On November 21,

10   2007, Farhad Larian produced approximately one red well of documents.

11          The parties held a second meet and confer conference call on November 27, 2007, and

12   were able to resolve their disputes regarding many more, but not all requests.  In particular, the

13   parties were ultimately able to resolve their disputes regarding the requests for documents related

14   to non-Bratz allegations.  At the conclusion of the second meet and confer session, it was agreed

15   that Farhad Larian would make a supplemental production of documents on December 6, 2007,

16   and provide a written supplemental response.  The parties attempted to schedule another meet and

17   confer session, but could not agree upon a date.  On the evening of December 6, 2007, Mattel

18   filed the instant motion.  Mattel seeks an order compelling Farhad Larian to produce documents

19   responsive to every request in its subpoena; overruling each of Farhad Larian's objections; and

20   ordering him to produce a document-by-document privilege log.

21   <u>Mattel Subpoenas Isaac Larian's Attorney –Kaye Scholer</u>

22          On or about September 6, 2007, Mattel also subpoenaed Kaye Scholer, the firm that

23   represented Isaac Larian in the <u>Larian v. Larian</u> proceedings.  The subpoena consisted of thirty-

24   five (35) requests seeking the same five categories of documents it subpoenaed from Farhad

25   Larian.  Kaye Scholer's representation of Isaac Larian included defending him in two related

26   Superior Court actions, two arbitration proceedings and an appeal to the California Court of

27   Appeals, all of which covered a period of several years.  As a result of this representation Kaye

28

4

1   Scholer has accumulated approximately fifty-six (56) boxes of its client's files, including, among

2   other things, correspondence files, pleading files, discovery files, witness preparation files,

3   research files, exhibits, attorney work files, and billing files.

4        On or about September 18, 2007, Kaye Scholer served its objections, asserting, among

5   other things, that the requests are duplicative, unreasonably cumulative, harassing and oppressive.

6   The parties met and conferred on October 11 and 29, 2007.  Kaye Scholer agreed to review the

7   following files for responsive documents:  (1) pleading files; (2) discovery files; and (3)

8   arbitration exhibits.  Kaye Scholer's rationale for limiting its search for responsive documents to

9   these three files was to avoid undue burden because most of the documents in other files would be

10  protected by the work product doctrine and/or the attorney-client privilege.  Kaye Scholer also

11  agreed to produce documents responsive to the majority of Mattel's requests.  However, Kaye

12  Scholer repeatedly informed Mattel that it objected to producing a document-by-document

13  privilege log because it would be unduly burdensome, expensive and inconvenient.

14       In the instant motion, Mattel seeks an order compelling Kaye Scholer to produce

15  documents responsive to every request in its subpoena and overruling Kaye Scholer's objections,

16  including privilege, or alternatively, compelling Kaye Scholer to produce a document-by-

17  document privilege log.

18  Mattel's Other Discovery Efforts

19       Mattel has attempted to obtain documents related to the Larian v. Larian proceedings from

20  MGA and Isaac Larian.  As far as Mattel can ascertain, however, MGA has produced only four

21  documents relating to the Larian v. Larian proceedings and Isaac Larian has produced none.

22       Mattel also searched public filings in the Larian v. Larian and Larian v. Zarabi et al. civil

23  lawsuits.  Mattel found Mr. Dutcher's declaration that included the appraisals described above,

24  however, Mattel was not able to locate any of the raw data on which Mr. Dutcher relied.  Mattel

25  also served subpoenas on third parties involved in the Larian v. Larian proceedings, and met with

26  limited success.

27  //

28



Exhibit 24 ,
P. 138

### III. STANDARDS

Rule 45 of the Federal Rules of Civil Procedure requires third parties to produce documents (and reasonably accessible electronically stored information) that are responsive to a subpoena that a party serves on them. Fed.R.Civ.P. 45(b), (d). If the subpoenaed documents are relevant and there is good cause for their production, the subpoena is enforced unless the documents are privileged or the subpoena is unreasonable, oppressive, annoying or embarrassing. The factors to be balanced by the trial court in determining the propriety of a subpoena are the relevance of the discovery sought, the requesting party's need, and the potential hardship to the party subject to the subpoena. A person withholding subpoenaed information under a claim of attorney-client privilege or protected by the work product doctrine must expressly make the claim and "describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim." Fed.R.Civ.P. 45(d)(2).

Rule 45(c)(1), Fed.R.Civ.P., provides that "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Furthermore, "[t]he issuing court must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees-- on a party or attorney who fails to comply." Id.

### IV. DISCUSSION

A. Documents Subpoenaed from Farhad Larian

Mattel contends that each of the categories of documents it seeks from Farhad Larian is relevant and that there is good cause for production. First, Mattel contends that the Larian v. Larian proceedings are relevant because Farhad Larian's allegations about the timing of the origins and early development of Bratz and MGA's concealment thereof parallel and provide support for the crux of Mattel's claims in the instant litigation. Second, Mattel contends that documents about Farhad Larian's relationship with MGA are relevant to his credibility. In particular, Mattel contends that payments from Isaac Larian and/or MGA to Farhad Larian are

1  relevant to credibility and possible bias.  Third, Mattel contends that documents relating to this

2  action are clearly relevant, especially in light of MGA and Isaac Larian's threat to disqualify

3  Mattel's counsel based upon purported communications between Mattel's counsel and Farhad

4  Larian.  Fourth, Mattel contends that it seeks information about the location of responsive

5  documents to determine whether Farhad Larian destroyed documents or for another reason no

6  longer has them.

7       Mattel next contends that Farhad Larian has failed to carry his burden of demonstrating

8  that the requests at issue are unreasonable, oppressive, annoying or embarrassing.  Further, Mattel

9  contends that the protective order in place in this lawsuit is sufficient to address Farhad Larian's

10  confidentiality or privacy concerns.  Lastly, Mattel contends that Farhad Larian's privilege log is

11  inadequate because it fails to justify his claims of privilege and work product protection on a

12  document-by-document basis.

13       Farhad Larian contends that Mattel's motion should be denied because Mattel violated its

14  meet and confer obligations by filing the motion before he made his scheduled supplemental

15  production and before the parties' meet and confer discussions had concluded.  According to

16  Farhad Larian, on November 27, 2007, it was agreed that he would make a supplemental

17  production of documents on December 6, 2007, and that he would provide a written supplemental

18  response.  Farhad Larian complied with this agreement and, on December 6, 2007, provided a

19  written supplemental response and, as Mattel acknowledges, approximately six boxes containing

20  approximately 12,000 pages of documents.  Nevertheless, Mattel filed the instant motion on

21  December 6, 2007, without reviewing the supplemental document production and written

22  supplemental response.  Farhad Larian also represents that as of December 6, 2007, the day

23  Mattel filed the instant motion, the parties acknowledged the need for a further meet and confer

24  session, as reflected in the numerous e-mails and correspondence exchanged between counsel.

25  Furthermore, Farhad Larian represents that after Mattel filed the instant motion, he requested that

26  Mattel take the motion off-calendar because his supplemental responses resolved the parties'

27  disputes as to all but three requests and because there was potential for resolving the remaining

28

Exhibit 24 ,
P. 148

1   requests as well, but that Mattel refused.

2       Farhad Larian contends that in light of his supplemental production, he is now in full

3   compliance with Mattel's subpoena, except for three requests.  He represents that he has produced

4   over 12,000 documents, including all non-privileged documents from the Larian v. Larian matters

5   that relate to Bratz (including its origin), Carter Bryant, Mattel, a fee agreement between Farhad

6   and MGA, and all documents related to appraisals of MGA that are not privileged or otherwise

7   covered by a protective order.  He also contends that the privilege log he has produced to Mattel,

8   which describes the withheld documents by category instead of document-by-document, is

9   sufficient to substantiate his claims of privilege and work product protection.  As for the three

10   remaining requests, Nos. 23, 24 and 41, Farhad Larian contends that they are overbroad, harassing

11   and cumulative and invade his and his family's privacy.

12   <u>Farhad Larian Has Substantially Complied with the Subpoena</u>

13       Farhad Larian made a substantial supplemental production and provided a supplemental

14   written response on December 6, 2007.  Indeed, Mattel acknowledges that it received

15   approximately six boxes of documents from Farhad Larian, which contain approximately 12,000

16   pages of documents.  Nevertheless, Mattel contends in its reply brief that there are a few

17   deficiencies in Farhad Larian's production.  For example, Mattel contends that Farhad Larian has

18   not produced (1) documents bates stamped "MZ" and "ED"; (2) raw data provided to the

19   appraisers in the Larian v. Larian litigations and the 2000 financial models that Farhad Larian

20   claimed Isaac Larian prepared; (3) three boxes of documents that Farhad Larian's counsel showed

21   Mattel's counsel and upon which MGA's disqualification threats against Mattel's counsel are

22   based; (4) the Dutcher Declaration; and (5) documents responsive to Request Nos. 17-19.  Mattel

23   also contends that Farhad Larian has improperly limited its production to only those documents

24   that directly reference Bratz and Carter Bryant.

25       At the hearing, counsel for Farhad Larian confirmed that all responsive documents,

26   including the documents identified in Mattel's reply brief, had been or would be produced after

27   the parties executed the Stipulation Regarding Protective Orders, which has now been

28

1   accomplished.  Significantly, counsel represented that Farhad Larian did not limit his production

2   to only those documents that directly reference Bratz and Carter Bryant, and that his supplemental

3   responses make this point clear.  Counsel for Farhad Larian also represented that all privileged

4   documents have been identified on a privilege log.

5          In light of the December 6, 2007 supplementation, and based upon the representations

6   made by counsel for Farhad Larian at the hearing, Farhad Larian has substantially discharged his

7   obligation to comply with Mattel's subpoena.  Therefore, there is no need for an order compelling

8   any further production of documents.

9          <u>Farhad Larian's Objections to the Three Remaining Requests are Justified</u>

10         The only three requests to which Farhad Larian objects are Nos. 23, 24 and 41, which are

11  set forth in full below:

12    <u>Request No. 23</u>:  ALL DOCUMENTS RELATING TO any and all payments of
        money or transfers of anything of value that ISAAC LARIAN, his FAMILY
13      MEMBERS and/or MGA have made, have offered or have proposed, promised or
        agreed to make, to or for the benefit of YOU or YOUR FAMILY MEMBERS at
14      any time from January 1, 1999 through the present.

15    <u>Request No. 24</u>:  ALL DOCUMENTS RELATING TO any and all payments of
        money or transfers of anything of value that any PERSON has made, has offered
16      or has proposed, promised or agreed to make, to or for the benefit of YOU or
        YOUR FAMILY MEMBERS and that was related in any way to BRATZ,
17      BRYANT, MGA or this ACTION at any time from January 1, 1999 through the
        present.

18
      <u>Request No. 41</u>:  DOCUMENTS sufficient to IDENTIFY since January 1, 1999
19      through the present (a) each account with any bank or financial institution that
        YOU have or have had, or that YOU have or have had any legal beneficial
20      interest in; (b) each telephone subscription service account that YOU have or have
        had, or that YOU use or have used; and (c) each email account that YOU have or
21      have had, or that YOU use or have used.

22  *Farhad Larian contends that Mattel's stated justification for the requests – bias and credibility – is*

23  *questionable because he is not an adverse witness to Mattel.  Farhad Larian represents that MGA*

24  *has never asked him to testify on the company's behalf.  Rather, only Mattel intends to call him as*

25  *a witness.  Farhad Larian asserts that there is no reason for Mattel to impeach its own witness.*

26         Furthermore, Farhad Larian contends that even if it is advantageous for Mattel to attack

27

28

1    his credibility, the scope of Mattel's requests go far beyond what Mattel is reasonably entitled to

2    receive through discovery.  He contends that pursuant to Rule 26, Fed.R.Civ.P., he should not be

3    subjected to discovery that is burdensome, cumulative, unnecessarily costly, or insufficiently

4    probative to the issues in the litigation to warrant the expense of production.  Furthermore, he

5    contends that the usual restrictions on discovery set forth in Rule 26 should be rigorously applied

6    to protect non-parties such as himself.

7           Farhad Larian contends that the three requests at issue are overbroad and harassing in

8    several respects.  First, he points out that the requests seek documents from 1999, which is five

9    years before this action was filed and six years before MGA was involved in this action.  Farhad

10   Larian contends that payments made to him and his family before this action was filed and before

11   MGA was a party to the case have no relevance to his credibility as a witness in this case.

12   Second, Farhad Larian contends that the requests, as phrased, would include any card that

13   accompanied a gift to anyone in the Larian family, regardless of the dollar value of the gift.

14   Farhad Larian contends that family gifts for birthdays, Chanukah, or general gifts of money

15   between family members, have nothing to do with bias and violate his and his family's privacy

16   rights.  Third, Farhad Larian contends that the requests are overbroad because they would require

17   him to disclose all documents reflecting payments he received as an employee of MGA and its

18   predecessor, a company he was employed by for decades.

19          Furthermore, Farhad Larian contends that he has already produced all non-privileged

20   documents which could potentially show bias, including the amount of money he was paid for his

21   shares of MGA, his consulting agreement with MGA after he sold his shares, and his fee

22   agreement with MGA.  He contends that requiring him to search for and produce additional

23   payment documents would only result in him producing cumulative information, which is not

24   only irrelevant but violates his and his family's right to privacy under the California Constitution.

25   Farhad Larian also contends that it would be far less intrusive for Mattel to question him at a

26   deposition about payments he received from Isaac Larian and MGA than for him to respond to the

27   three requests at issue.

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

Exhibit 24 ,
P. 143

1    Mattel's motion is denied with respect to Request Nos. 23, 24 and 41. The requests seek

2    information that is only minimally relevant to the claims and defenses in the case. Mattel's only

3    stated justification for the discovery is that it is relevant to establish Farhad Larian's credibility

4    and bias. Although impeachment information is discoverable, Mattel is not entitled to the type of

5    unfettered discovery it is now seeking. Rather, Rule 26(b)(2), Fed.R.Civ.P., requires the court to

6    restrict or prevent discovery if (i) the discovery is unreasonably cumulative or duplicative, or is

7    obtainable from some other source that is more convenient, less burdensome, or less expensive;

8    (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the

9    information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely

10    benefit, taking into account the needs of the case, the amount in controversy, the parties'

11    resources, the importance of the issues at stake in the litigation, and the importance of the

12    proposed discovery in resolving the issues. These restrictions are particularly important to

13    consider where the discovery requests are directed at a non-party. See Moon v. SCP Pool Corp.,

14    232 F.R.D. 633, 638 (C.D. Cal. 2005) (citing Dart Indus. Co., Inc. v. Westwood Chem. Co., Inc.,

15    649 F.2d 649 (9th Cir. 1980) (discovery should be "more limited to protect third parties from

16    harassment, inconvenience, or disclosure of confidential information.").

17    Aside from asserting that the requested information is relevant to bias and credibility,

18    Mattel has made no attempt to justify the significant breadth and burden of its requests. The

19    requests are so broad as to include every payment or gift, regardless of amount, made between

20    Farhad and Isaac Larian, their family members and MGA since 1999. The number of years for

21    which Mattel seeks financial information is overbroad. Mattel is seeking documents since 1999,

22    five years before this action was filed and six years before MGA became a party to this action.

23    Mattel fails to explain how any payments MGA or Isaac Larian made to Farhad or his family

24    members before this action was filed or MGA was a party to the action have any bearing on his

25    credibility as a witness in this action. The requests are also overbroad in that they encompass

26    customary gifts between family members and Farhad Larian's routine salary payments, which

27    have only minimal relevance to Farhad Larian's credibility and bias as a witness in this case.

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

11

Exhibit 24 ,
P. 140

1        The requests are also cumulative of discovery Farhad Larian has already provided.  In

2   particular, Farhad Larian represents that he has already disclosed to Mattel the amount of money

3   he was paid for his shares of MGA, his consulting agreement with MGA after he sold his shares,

4   and his fee agreement with MGA.  In light of this production , it is unreasonable to require Farhad

5   Larian to search for and produce gift receipts, cards, and the breadth of other financial documents

6   responsive to Request Nos. 23, 24 and 41.  Furthermore, there are other less intrusive and

7   burdensome means of obtaining discovery regarding Farhad Larian's credibility and bias.  For

8   example, Mattel may question Farhad Larian about payments he received from his brother and

9   MGA during his deposition.

10        Nor has Mattel justified the intrusive and harassing nature of the requests.  Personal

11   financial information is afforded protection by the California Constitution that is also recognized

12   by federal courts.  Cal. Const., Art. I, §1; Valley Bank of Nevada v. Superior Court, 15 Cal.3d

13   652, 656 (1975); Kelly v. City of San Jose, 114 F.R.D. 653, 656 (N.D. Cal. 1987) (federal courts

14   should give "some weight" to privacy rights that are protected by state constitutions); Soto v. City

15   of Concord, 162 F.R.D. 603, 616 (N.D. Cal. 1995) (right to privacy in financial information has

16   been recognized by federal courts).  When a privacy right is asserted as an objection to discovery,

17   the court must balance the need for the information versus the privacy right asserted.  Soto, 162

18   F.R.D. at 616.

19        As discussed previously, there is little to no need for the breadth of financial information

20   sought by Mattel.  Many of the documents covered by Request Nos. 23, 24, and 41 have little to

21   no relevance to Farhad Larian's credibility and bias as a witness in this case.  Furthermore,

22   Farhad Larian has already produced numerous documents showing payments he received from

23   both his brother and MGA.  There are also other less intrusive means for obtaining discovery

24   relating to Farhad Larian's credibility and bias.  Furthermore, the scope of these three requests

25   unduly intrude into Farhad Larian's private affairs.  The requests are so broad as to include gifts

26   exchanged between family members and Farhad Larian's paycheck stubs, and would require

27   Farhad Larian to disclose every account number he has at a bank or financial institution since

28

12

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

Exhibit 24 ,
P. 145

1   1999. Thus, the balance tips sharply in favor of protecting Farhad Larian's personal financial

2   information.

3   <u>Farhad Larian's Privilege Log is Inadequate</u>

4        Mattel challenges the sufficiency of Farhad Larian's privilege log. At issue is whether

5   Farhad Larian must describe and assert claims of privilege on a document-by-document basis, or

6   whether he may do so categorically. Farhad Larian is withholding approximately one bankers'

7   box of documents based upon claims of privilege and work product protection. Farhad Larian's

8   Opposition at p.20, n. 9.

9        Rule 45(d)(2), Fed.R.Civ.P., requires a party responding to a subpoena to provide

10  sufficient information to enable the party seeking discovery to assess the claims of privilege and

11  work product protection. The "universally accepted" means of claiming that requested documents

12  are privilege is by producing a document-by-document privilege log. <u>Gail v. New England Gas</u>

13  <u>Co., Inc.</u>, 234 F.R.D. 28, 33 (D. R.I. 2007). The advisory comments to the 1993 amendment to

14  Rule 26(b), however, state that a description of documents by category is appropriate where it

15  would be "unduly burdensome" to provide a document-by-document privilege log. Specifically,

16  the advisory comment states, "Details concerning time, persons, general subject matter, etc., may

17  be appropriate if only a few items are withheld, but may be unduly burdensome when voluminous

18  documents are claimed to be privileged or protected, particularly if the items can be described by

19  categories."

20        Farhad Larian relies upon the advisory comments and cases citing the advisory comments

21  to support his contention that as a non-party, it would be unduly burdensome to require a

22  document-by-document privilege log in this case. The cases cited by Farhad Larian, however, are

23  distinguishable from the present case. In <u>SEC v. Thrasher</u>, 1996 WL 125661 (S.D. N.Y. 1996),

24  the Commission sought production of all communications between defense counsel concerning

25  the lawsuit. The court observed that this demand, on it face, sought wholesale production of

26  documents that are ordinarily protected from disclosure. Further, the defendant represented that

27  the requested documents were extremely voluminous and that a document-by-document privilege

28

13

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

Exhibit 24 ,
P. 146

1    log would be a long and fairly expensive project to undertake.  In <u>Fifty-Six Hope Road Music,</u>

2    <u>Ltd. v. Mayah Collections, Inc.</u>, 2007 WL 1726558 (Nev. 2007), the withheld documents

3    consisted of e-mail communications between plaintiffs and their counsel or between plaintiffs'

4    counsel.  Plaintiffs represented that there were hundreds and perhaps thousands of such email

5    communications which were protected by the attorney-client privilege and work product doctrine.

6         In contrast to the volume of documents at issue in <u>Thrasher</u> and <u>Fifty-Six Hope Road</u>

7    <u>Music</u>, Farhad Larian represents that he has about one bankers' box of privileged documents.

8    Farhad has not established that to produce a privilege log on a document-by-document basis for

9    this volume of documents is unduly burdensome.  Furthermore, even if it were appropriate for

10   Farhad Larian to produce a privilege log that described documents categorically, which it is not,

11   the information provided in Farhad Larian's privilege log is insufficient to enable Mattel to assess

12   the claims of privilege and work product protection as required by Rule 45, Fed.R.Civ.P.  For

13   example, in some instances, Farhad Larian fails to identify the author and recipient of the

14   documents being withheld.  In other instances, Farhad Larian fails to provide the date or date

15   ranges for the documents being withheld.  Therefore, Farhad Larian is ordered to provide a

16   supplemental privilege log that complies with Rule 45.

17   <u>B. Documents Subpoenaed from Kaye Scholer</u>

18        Mattel contends that the documents it seeks from Kaye Scholer are relevant for all the

19   same reasons previously articulated in the context of Mattel's motion to compel Farhad Larian to

20   produce documents.  Mattel contends that its requests are not unreasonable, oppressive, annoying

21   or embarrassing.  Mattel points out that Kaye Scholer has separate case files containing all or the

22   vast majority of responsive documents, which undermines Kaye Scholer's boilerplate burden

23   objections.  Mattel also points out that it offered to alleviate some of the burden to Kaye Scholer

24   by paying for Kay Scholer's copying costs and by providing a paralegal to inspect documents

25   from Kaye Scholer's files with an agreement that the inspection would not result in a waiver of

26   any privileges.  Further, Mattel contends that the protective order in place in this action is

27   sufficient to address any confidentiality concerns Kaye Scholer may have.

28

1    Mattel next contends that the documents it seeks from Kaye Scholer are not available from

2    other sources, as evidenced by Mattel's repeated and unsuccessful attempts to seek the same

3    documents from MGA. Indeed, Mattel contends that the documents in Kaye Scholer's possession

4    are in fact documents within MGA's possession, custody and control that should have, but have

5    not yet been, produced pursuant to prior discovery orders obligating MGA and Isaac Larian to

6    produce documents from the Larian v. Larian proceedings. Mattel also points out that it has

7    searched public files and served additional subpoenas on other third parties involved in the Larian

8    v. Larian proceedings. Moreover, Mattel argues that federal law requires Kaye Scholer to comply

9    with the subpoena, even if the evidence sought is obtainable from another source. See e.g. State

10   Farm Mut. Auto. Ins. Co. v. Accurate Medical, P.C., 2007 WL 2993840 at *1 (E.D. N.Y. 2007).

11   Mattel contends that Kaye Scholer's proposal to search only certain files for responsive

12   documents is unacceptable because it would inevitably exclude relevant documents. In particular,

13   Mattel contends that Kaye Scholer's proposal would exclude relevant documents likely to be

14   found in its correspondence file, such as an August 29, 2003 letter from Isaac Larian to Mr.

15   Zarabi relating to an appraisal of MGA, and a letter from Farhad Larian's attorney to Kaye

16   Scholer detailing the evidence of Isaac Larian's alleged concealment of Bratz. Mattel contends

17   that the relevance of these documents and others that are likely to exist justifies the burden of

18   production on Kaye Scholer.

19   Further, Mattel contends that Kaye Scholer has failed to produce a privilege log in

20   violation of Rule 45(d)(2), Fed.R.Civ.P., and therefore Kaye Scholer has waived any claims of

21   privilege. In the alternative, Mattel requests an order compelling Kaye Scholer to produce a

22   document-by-document privilege log.

23   Kaye Scholer contends that the instant motion is premature, unnecessary and a waste of

24   judicial resources. Kaye Scholer represents that after meeting and conferring in good faith, it

25   agreed to produce documents responsive to thirty of the thirty-five requests, and that the

26   remainder of the requests are grossly overbroad. Further, Kaye Scholer represents that it has

27   completed its review pursuant to the agreement, and is prepared to produce responsive

28

15

Exhibit 24 ,
P. 148

1   documents.  However, Kaye Scholer continues to object to producing a document-by-document

2   privilege log on the grounds that it would be unduly burdensome and expensive.  Kaye Scholer

3   emphasizes that Mattel is seeking documents from a law firm, and therefore the vast majority of

4   responsive documents are protected by multiple privileges, including but not limited to the

5   attorney-client privilege and the work product doctrine.  Kaye Scholer estimates that it would take

6   in excess of seventy (70) hours to create a document-by-document privilege log for this case, and

7   that the Federal Rules of Civil Procedure do not require Kaye Scholer to undertake such an

8   unreasonable burden.  Furthermore, Kaye Scholer contends that the failure to produce a

9   document-by-document privilege log does not result in a per-se waiver of any privilege.

10          MGA also opposes Mattel's motion for several reasons.  First, MGA contends that

11  Mattel's requests are overbroad, encompassing documents that are only marginally related, if at

12  all, to the claims and defenses in the case.  Second, MGA contends that Mattel's requests are

13  completely duplicative of requests it has served on the parties in the case.  In particular, MGA

14  contends that Mattel has sought the Larian v. Larian documents from both MGA Entertainment,

15  Inc. and Isaac Larian.  See Mattel's Request No. 41 in Mattel's First Set of Request for

16  Production of Documents and Tangible Things to MGA, and Request Nos. 123-125 in Mattel's

17  First Set of Requests for Documents and Things to Isaac Larian.  MGA and Isaac Larian are both

18  under court order to comply with the requests, although Isaac Larian is only required to produce

19  documents that refer or relate to Bratz in response to Request Nos. 123-125.  Third, MGA

20  contends that Mattel's requests to Kaye Scholer are much broader than requests Mattel previously

21  served on the parties to this case.  Fourth, MGA contends that there is no reason Mattel cannot

22  obtain a complete set of all relevant documents from the Larian v. Larian proceedings without this

23  third-party subpoena.  Fifth, MGA contends that the vast majority of documents Mattel seeks

24  from Kaye Scholer are protected by the attorney-client privilege, the work product doctrine, or

25  other privileges, and that it is improper for Mattel to attempt to subpoena these documents and

26  then insist that Kaye Scholer produce a document-by-document privilege log.  In summary, MGA

27  contends that Mattel has misused the subpoena process by serving deliberately overbroad and

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

16

1   burdensome requests in an attempt to harass and intimidate MGA and non-parties.  Accordingly,

2   MGA contends that Mattel's motion should be denied or Mattel's subpoena should be

3   substantially limited in scope.

Mattel's Subpoena is Overbroad, Unduly Burdensome and Cumulative

4

5        Mattel's subpoena to Kaye Scholer is overbroad and is not reasonably tailored to seek

6   documents relevant to the claims and defenses in this case.  Of the thirty-five requests Mattel

7   served on Kaye Scholer, all but one begin with the phrase "all documents" or a similarly broad

8   phrase.  For example, Request Nos. 1-3, which are set forth below, seek virtually all documents

9   relating to lawsuits and/or arbitrations between Isaac Larian and Farhad Larian:

10       Request No. 1:  All DOCUMENTS, including all COMMUNICATIONS,
         RELATING TO any and all arbitration proceedings between FARHAD LARIAN
11       and ISAAC LARIAN, including without limitation all video and/or sound
         recordings, transcripts, exhibits, memoranda, witness statements, declarations,
12       affidavits and sworn testimony given by any PERSON in connection with such
         arbitration proceedings.

13
         Request No. 2:  All DOCUMENTS including all COMMUNICATIONS,
14       RELATING TO Los Angeles Superior Court Case No. BC301371 filed by
         FARHAD LARIAN against ISAAC LARIAN and/or any related proceedings,
15       including any appeal thereof, and including without limitation all video and/or
         sound recordings, transcripts, exhibits, pleadings, briefs, memoranda, witness
16       statements, declarations, affidavits and sworn proceedings and/or any appeal
         related to such lawsuit.

17
         Request No. 3:  All DOCUMENTS RELATING TO Los Angeles Superior Court
18       Case No. BC329501 filed by FARHAD LARIAN against ISAAC LARIAN,
         MORAD ZARABI and Kambiz Zarabi, and/or any related proceedings and/or any
19       appeal of such lawsuit, including without limitation all video and/or sound
         recordings, transcripts, exhibits, pleadings, briefs, memoranda, witness
20       statements, declarations, affidavits and sworn testimony given by any PERSON in
         connection with such suit and/or related proceedings and/or any appeal related to
21       such lawsuit.

22   Mattel has not limited the subject matter of these requests (and others) in any way to exclude

23   irrelevant information.  To the contrary, Request Nos. 1-3 are drafted in the broadest possible

24   language, encompassing documents that are only marginally related, if at all, to this case.  As

25   such, Mattel's requests are also unduly burdensome.

26       Furthermore, Mattel's requests are clearly duplicative of other requests propounded to the

27

28                                                                                              17

1  parties in this action. In particular, the requests relating to the <u>Larian v. Larian</u> proceedings are

2  duplicative of Mattel's Request No. 41 to MGA and Request Nos. 123-125 to Isaac Larian.

3  During the hearing, counsel for MGA acknowledged that Isaac Larian is required to comply with

4  Request Nos. 123-125, and is prepared to review Kaye Scholer's files for responsive documents

5  to fulfill his responsibility. Also during the hearing, Kaye Scholer agreed to make its

6  correspondence file available to MGA's counsel for review.

7       In light of Mattel's failure to take reasonable steps to avoid unduly burdening Kaye

8  Scholer and in light of MGA's and Kaye Scholer's representations during the hearing as outlined

9  above, Mattel's motion to compel Kaye Scholer to comply with the full scope of the subpoena is

10  denied.

11            <u>Kaye Scholer's Compromise is Reasonable Under the Circumstances</u>

12       As an alternative to complying with the full scope of the subpoena, Kaye Scholer agreed

13  to review the following files for documents responsive to every one of Mattel's requests except

14  Nos. 1-3, 6 and 10: (1) pleading files; (2) discovery files; and (3) arbitration exhibits. Kaye

15  Scholer's Opposition at p.5. Kaye Scholer's compromise is reasonable under the circumstances.

16  Narrowing the scope of Kaye Scholer's search in this manner will significantly minimize the

17  burden, expense, and inconvenience imposed by the subpoena because, unlike Kaye Scholer's

18  other files, most of the documents in the three files it agreed to search are not likely to be covered

19  by the attorney-client privilege or work product doctrine. Further, narrowing Kaye Scholer's

20  search in this manner will not significantly deprive Mattel of relevant discovery to which it is

21  entitled because, as stated previously, MGA's counsel represented during the hearing that Isaac

22  Larian is prepared to review Kaye Scholer's documents, including the correspondence file, to

23  comply with Request Nos. 123-125.

24       Accordingly, to the extent it has not already done so, Kaye Scholer shall conduct the

25  agreed upon search of its three files and produce documents responsive to all of Mattel's requests,

26  except Nos. 1-3, 6 and 10.

27  //

28

18

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)



Exhibit 24,
P. 151

1    <u>Kaye Scholer Must Produce a Privilege Log in Compliance with Rule 45</u>

2         Mattel contends that Kaye Scholer has waived its claims of privilege by failing to produce

3    any privilege log.  The law is clear, however, that the failure to produce a document-by-document

4    privilege log does not result in a per-se waiver of any privilege.  <u>See</u> <u>Burlington Northern & Santa</u>

5    <u>Fe Ry. Co. v. U.S. Dist. Court for Dist. Of Mont.</u>, 408 F.3d 1142, 1147 (9th Cir. 2005).  In this

6    case, Kaye Scholer raised a legitimate objection to producing a document-by-document privilege

7    log on the grounds that it would impose an undue burden.  Under these circumstances, a finding

8    of waiver is unjustified.

9         Nevertheless, Kaye Scholer's claim of undue burden is unpersuasive.  Kaye Scholer has

10   acknowledged that most of the documents in the three files it has agreed to search are not likely to

11   be covered by the attorney-client privilege or work product doctrine.  Kaye Scholer Opposition at

12   pp. 5 and 9.  Indeed Kaye Scholer agreed to search these files precisely because they were not

13   likely to contain privileged documents.  Therefore, requiring Kaye Scholer to produce a

14   document-by-document privilege log for documents withheld from these three files should not

15   impose an undue burden.  Accordingly, Kaye Scholer is ordered to produce a document-by-

16   document privilege log for documents withheld from the three files it agreed to search.

17                                    <u>V. CONCLUSION</u>

18        For the reasons set forth above, it is ordered as follows:

19        1. Farhad Larian is in substantial compliance with Mattel's subpoena with respect to all of

20   the requests, except Nos. 23, 24 and 41.  Request Nos. 23, 24 and 41 are overbroad, unduly

21   burdensome, cumulative, harassing and invade the right of privacy of Farhad Larian and his

22   family.  Therefore, Mattel's motion to compel Farhad Larian to produce documents in response to

23   the subpoena is denied.

24        2. Farhad Larian shall produce a document-by-document privilege log to Mattel no later

25   than January 30, 2008.

26        3. Farhad Larian's request for sanctions against Mattel is denied.

27        4. Mattel's subpoena to Kaye Scholer is overbroad, unduly burdensome and cumulative.

28                                                                                    19

1   Therefore, Mattel's motion to compel Kaye Scholer to produce documents responsive to the

2   subpoena is denied.  Instead, Kaye Scholer is ordered to abide by its agreement to review its

3   pleading files, discovery files, and arbitration exhibits for documents responsive to all of Mattel's

4   requests, except Request Nos. 1-3, 6 and 10.  Kaye Scholer shall produce responsive documents

5   no later than January 30, 2008.

6        5. Kaye Scholer shall also produce a document-by-document privilege log identifying all

7   documents withheld from its pleading files, discovery files, and arbitration exhibits, no later than

8   January 30, 2008.

9        6. Mattel shall abide by its agreement to reimburse Farhad Larian and Kaye Scholer for

10   their copying costs.

11        7. Isaac Larian is granted an extension of time to comply with Request Nos. 123-125.

12   Isaac Larian shall deliver documents responsive to these requests to Mattel no later than 12:00

13   p.m. on January 25, 2008.

14        8. Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery

15   Master, Mattel shall file this Order with the Clerk of Court forthwith.

16

17   Dated: January 25, 2008              /s/Edward A. Infante
                                        _____
18                                      HON. EDWARD A. INFANTE (Ret.)
                                            Discovery Master
19

20

21

22

23

24

25

26

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

Exhibit 24 ,
P. 153