**Exhibit C**

THOMAS J. NOLAN (Bar No. 66992)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue
Los Angeles, California 90071-3144
Telephone: (213) 687-5000
Facsimile: (213) 687-5600
E-mail: tnolan@skadden.com

RAOUL D. KENNEDY (Bar No. 40892)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Embarcadero Center, 38th Floor
San Francisco, California 94111-5974
Telephone: (415) 984-6400
Facsimile: (415) 984-2698
E-mail: rkennedy@skadden.com

Attorneys for Cross-Defendants
MGA Entertainment, Inc., MGA
Entertainment (HK) Limited,
MGAE De Mexico, S.R.L. De C.V.,
and ISAAC LARIAN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation<br><br>Defendant.<br><br>Consolidated with MATTEL, INC. v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case No. 04-9059 and Case No. 05-2727<br><br>**DISCOVERY MATTER**<br><br>[To be heard by Discovery Master Hon. Edward A. Infante (Ret.)]<br><br>**DECLARATION OF DIANA M. TORRES IN OPPOSITION TO MATTEL, INC.'S MOTION FOR PROTECTIVE ORDER LIMITING THE TEMPORAL SCOPE OF ITS PRIVILEGE LOG, OR, IN THE ALTERNATIVE, MOTION TO COMPEL LOGGING OF PRIVILEGED DOCUMENTS BY BRYANT AND THE MGA PARTIES**<br><br>Hearing Date: TBD<br>Time: TBD<br>Place: TBD |

I, Diana M. Torres, declare as follows:

1. I am a partner of the law firm of O'Melveny and Myers LLP, former counsel to MGA Entertainment, Inc., MGA Entertainment (HK) Limited, and MGAE de Mexico S.R.L. de C.V., and Isaac Larian (collectively the "MGA Defendants") and former counsel of record for those parties in the above-captioned litigation. Except where otherwise indicated, I have personal knowledge of the following and, if called upon to do so, could competently testify to the facts set forth herein.

2. I have reviewed the Declaration of Michael T. Zeller executed on April 12, 2008 in support of Mattel, Inc.'s Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, or, in the Alternative, Motion to Compel Logging of Privileged Documents by Bryant and the MGA Parties. That declaration is inaccurate as outlined below.

3. During the period of time that I represented MGA in this matter, I, along with others at my firm, engaged in a series of telephonic conferences among counsel for each of the parties to this action during July and August, 2006. During the course of one of those conferences, we discussed the logging of privileged documents. During that discussion, Mr. Quinn requested that Mattel be allowed to forego logging documents between Mattel and its outside counsel for a short period of time preceding the filing of Mattel's complaint against Carter Bryant. We expressly rejected that request. The only agreement that the parties reached during those conferences, or at any time thereafter, regarding Mattel's privilege log was that privileged documents created after the filing of Mattel's complaint against Carter Bryant need not be included on the privilege logs prepared by each party, which was something that both sides wanted. At no time did the parties ever agree that privileged documents created prior to the date on which Mattel filed its complaint against Bryant would not need to included on any privilege log or that Mattel would have a special dispensation from the parties' agreement.

-1-
DECLARATION OF DIANA M. TORRES IN OPPOSITION TO MATTEL'S MOTION FOR PROTECTIVE ORDER LIMITING TEMPORAL SCOPE OF ITS PRIVILEGE LOG
Case No. CV 04-9049 SGL (RNBx)

4. Furthermore, at no time did Mr. Zeller, Mr. Quinn, or anyone else for Mattel ever disclose to me that Mattel would not be logging documents dated after November 24, 2003, and no one from my firm ever informed me that they had heard anyone from Mattel or its counsel make this assertion. In fact, the first time I heard any suggestion by Mattel that documents it claimed to be privileged would not be included in a privilege log, including but not limited to documents dated after the date of November 24, 2003, was when I learned last week of Mattel's Motion for Protective Order and the statements contained therein to that effect.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 21, 2008 at Los Angeles, California.

*Diana M. Torres*