# Exhibit D

1  THOMAS J. NOLAN (Bar No. 66992)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2  300 South Grand Avenue
   Los Angeles, California 90071-3144
3  Telephone: (213) 687-5000
   Facsimile: (213) 687-5600
4  E-mail:    tnolan@skadden.com

5  RAOUL D. KENNEDY (Bar No. 40892)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
6  Four Embarcadero Center, 38th Floor
   San Francisco, California 94111-5974
7  Telephone: (415) 984-6400
   Facsimile: (415) 984-2698
8  E-mail:    rkennedy@skadden.com

9  Attorneys for Cross-Defendants
   MGA Entertainment, Inc., MGA
10 Entertainment (HK) Limited,
   MGAE De Mexico, S.R.L. De C.V.,
11 and ISAAC LARIAN

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation<br><br>Defendant.<br><br>Consolidated with MATTEL, INC. v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case No. 04-9059 and Case No. 05-2727<br><br>**DISCOVERY MATTER**<br><br>[To be heard by Discovery Master Hon. Edward A. Infante (Ret.)]<br><br>DECLARATION OF DOUGLAS A. WICKHAM IN OPPOSITION TO MATTEL, INC.'S MOTION FOR PROTECTIVE ORDER LIMITING THE TEMPORAL SCOPE OF ITS PRIVILEGE LOG, OR, IN THE ALTERNATIVE, MOTION TO COMPEL LOGGING OF PRIVILEGED DOCUMENTS BY BRYANT AND THE MGA PARTIES<br><br>Hearing Date: TBD<br>Time: TBD<br>Place: TBD |

I, Douglas A. Wickham, declare as follows:

1. I am a shareholder of the law firm of Littler Mendelson, a Professional Corporation, which previously served as counsel of record for Carter Bryant in the above-captioned litigation. Except where otherwise indicated, I have personal knowledge of the following and, if called upon to do so, could competently testify to the facts set forth herein.

2. I have reviewed the Declaration of Michael T. Zeller executed on April 12, 2008 in support of Mattel, Inc.'s Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, or, in the Alternative, Motion to Compel Logging of Privileged Documents by Bryant and the MGA Parties. That declaration is inaccurate in several respects, several of which are outlined below.

3. During my firm's representation of Carter Bryant in this matter, I and attorneys at my firm engaged in several discussions with counsel for Mattel regarding the logging of privileged documents. During the May 2, 2005 meet and confer session, for example, I stated that my normal practice was to not log privileged documents in an action for the time period *after* an action was filed because to do otherwise would in effect require counsel to log the entirety of their litigation file in a privilege log. At that time, I recall that counsel for Mattel, Mr. Zeller, confirmed that he understood Mattel to be proceeding according that same practice. As a result of those discussions, I believe that the parties had a formal or informal agreement that all privileged documents created *prior* to April 27, 2004 (the date of Mattel's filing of its initial action against Carter Bryant) would be included on the privilege logs prepared by each party. At no time, however, did I ever agree that privileged documents created prior to April 27, 2004 would not need to be logged or that Mattel would have a special dispensation from the obligation to log privileged documents created prior to the filing of Mattel's original complaint in this case.

-1-
DECLARATION OF DOUGLAS A. WICKHAM IN OPPOSITION TO MATTEL'S MOTION FOR PROTECTIVE ORDER LIMITING TEMPORAL SCOPE OF ITS PRIVILEGE LOG
Case No. CV 04-9049 SGL (RNBx)

4. I and other attorneys at Littler, including my colleague, Keith Jacoby, participated in conference calls with, among others, Mr. Zeller and John Quinn of Quinn, Emanuel, Urquhart, Oliver & Hedges, LLP, during various meet and confer sessions in, among other dates, July and August of 2006. At none of those conferences did counsel for Bryant ever agree that Mattel need not log privileged documents that were created prior to April 27, 2004; in fact, the opposite is true as counsel for Bryant (and counsel for MGA) insisted at various times that Mattel should log all responsive privileged documents.

5. Furthermore, I have no recollection that at any of the conferences of counsel in July and August of 2006 did Mr. Zeller, Mr. Quinn, or anyone else for Mattel disclosed that Mattel would *not* be logging documents dated prior to April 27, 2004 but after November 24, 2003. However, had counsel for Mattel made such a proposal, I would have recalled that proposal and counsel for Bryant would not have agreed to it. To my best knowledge, the first time I heard this date mentioned in connection with privilege logging was in connection with preparing and executing this declaration.

6. To the best of my recollection, neither Mr. Zeller, Mr. Quinn, nor anyone else for Mattel ever proposed *any* date earlier than April 27, 2004 after which the parties would not be required to log privileged documents. If Mattel had proposed a cutoff date for privilege logging earlier than April 27, 2004, I would have objected to it, and would never have agreed to it.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 21, 2008 at Los Angeles, California.

_____
Douglas A. Wickham

-2-

DECLARATION OF DOUGLAS A. WICKHAM IN OPPOSITION TO MATTEL'S MOTION FOR PROTECTIVE ORDER LIMITING TEMPORAL SCOPE OF ITS PRIVILEGE LOG
Case No. CV 04-9049 SGL (RNBx)

832070-D.C. Server 1A - MSW