**Exhibit E**

```
THOMAS J. NOLAN (Bar No. 66992)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue
Los Angeles, California 90071-3144
Telephone:  (213) 687-5000
Facsimile:  (213) 687-5600
E-mail:     tnolan@skadden.com

RAOUL D. KENNEDY (Bar No. 40892)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Embarcadero Center, 38th Floor
San Francisco, California 94111-5974
Telephone:  (415) 984-6400
Facsimile:  (415) 984-2698
E-mail:     rkennedy@skadden.com

Attorneys for Cross-Defendants
MGA Entertainment, Inc., MGA
Entertainment (HK) Limited,
MGAE De Mexico, S.R.L. De C.V.,
and ISAAC LARIAN
```

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation<br><br>Defendant.<br><br>Consolidated with MATTEL, INC. v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case No. 04-9059 and Case No. 05-2727<br><br>**DISCOVERY MATTER**<br><br>[To be heard by Discovery Master Hon. Edward A. Infante (Ret.)]<br><br>**NOTICE OF EVIDENTIARY OBJECTIONS TO DECLARATION OF TIMOTHY L. ALGER IN SUPPORT OF MATTEL'S MOTION FOR PROTECTIVE ORDER LIMITING THE TEMPORAL SCOPE OF ITS PRIVILEGE LOG, OR, IN THE ALTERNATIVE, MOTION TO COMPEL LOGGING OF DOCUMENTS BY BRYANT AND THE MGA DEFENDANTS**<br><br>Hearing Date:  TBD<br>Time:          TBD<br>Place:         TBD |

## NOTICE OF EVIDENTIARY OBJECTIONS TO ALGER DECLARATION

MGA Entertainment, Inc., MGA Entertainment (HK) Limited, and MGAE de Mexico S.R.L. de C.V., and Isaac Larian (the "MGA Defendants") hereby object to Exhibit C of Timothy L. Alger's Declaration in support of Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privileged Log, or, in the alternative, Motion to Compel Logging of Privileged Documents by Bryant and the MGA Defendants ("Mattel's Motion").

Exhibit C is a letter from Timothy L. Alger to Matthew M. Werdegar dated March 14, 2008 that purports to recount, among other things, a conversation between John Quinn, Michael Zeller, Diana Torres, and Dale Cendali, and is cited in Mattel's Motion. Motion for Protective Order at 4 n.9 (citing March 14, 2008 letter from Timothy L. Alger to Matthew M. Werdegar, Exh. C to the Alger Dec.). Mr. Alger's letter is improper evidence and should not be considered by the Court for the following independent reasons:

1. <u>Hearsay</u> (Fed. R. Evid. 802). The MGA Defendants object to Exhibit C to the extent that it contains hearsay. Mr. Alger's purported recitation of the conversation between John Quinn, Michael Zeller, Diana Torres, and Dale Cendali, which reportedly took place in the "summer of 2006," is inadmissible hearsay, as it would be if Mr. Alger were called on to testify about the particulars of the conversation as recounted in his letter. On the letter's face, Mr. Alger admits that he was not a party to the conversation, and Mattel noticeably fails to provide a declaration from either John Quinn or Michael Zeller to introduce this letter, both of whom were reportedly first-hand participants in the conversation. Hearsay of this type is unreliable and inadmissible. *See Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 983 n.28 (9th Cir. 2007) ("testimony regarding the purported statements of the Union representative is inadmissible hearsay, as it is a statement by an out-of-court declarant offered for the truth of the matter asserted"); *Beyene v. Coleman Sec. Services, Inc.*, 854 F.2d 1179, 1183 (9th Cir. 1988) (upholding exclusion of evidence

-1-

on grounds of hearsay, where documents were offered to provide the truth of the matter asserted, and the proffering witness "did not attempt to lay a foundation for any exception go the hearsay rule"); *City of Long Beach v. Standard Oil. Co. of Cal.*, 46 F.3d 929, 937-38 (9th Cir. 1995) (upholding exclusion of hearsay). Therefore, Mr. Alger's proffered evidence is inadmissible hearsay.

2. <u>Lack of Personal Knowledge</u> (Fed. R. Evid. 602). The MGA Defendants object to Exhibit C to the extent that Mr. Alger lacks personal knowledge of the events contained in the letter. A witness may not testify without personal knowledge. *See Latman v. Burdette*, 366 F.3d 774, 786-87 (9th Cir. 2004) (bankruptcy court abused its discretion in admitting into evidence trustee's supplemental declaration attaching debtors' bank account records where the declarant, trustee's attorney, had no personal knowledge as to the authenticity of the account records); *United States ex rel. Conveyor Rental & Sales Co. v. Aetna Cas. & Sur. Co.*, 981 F.2d 448, 455 (9th Cir. 1992) (holding evidence inadmissible under Fed. R. Evid. 602 where witness did not have personal knowledge); *Stephens v. Liberty Mutual*, No. C 05-0213 PJH, 2008 WL 480287, at *11 (N.D. Cal. Feb. 19, 2008) (excluding evidence; "[t]he statement in [counsel]'s declaration that these are 'true and correct' copies does not lay an adequate foundation for the admission of these exhibits into testimony"). Because Mr. Alger's was not a party to the conversation he purports to recount in his letter, the letter is inadmissible.

For the foregoing reasons, the Discovery Master should not consider the improper evidence introduced by Mattel as Exhibit C to Mr. Alger's declaration.

DATED: April 22, 2008

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

By: /s/ Raoul Kennedy (Apo)

Raoul D. Kennedy
Attorneys for Cross-Defendants
MGA Entertainment, Inc., MGA
Entertainment (HK) Limited,
MGAE De Mexico, S.R.L. De C.V.,
and ISAAC LARIAN