QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>**RESPONSE OF MATTEL, INC. TO SUPPLEMENTAL DECLARATION OF MARINA V. BOGORAD**<br><br>Pretrial Conference: May 19, 2008<br>Time: 1:30 p.m.<br>Place: Courtroom 1<br><br>**Phase 1:**<br>Trial Date: May 27, 2008 |

1    Pursuant to the Court's request, Mattel Inc. respectfully submits this
2 response to the "Supplemental Declaration of Marina V. Bogorad in Further Support
3 of MGA Parties' Motion for Partial Summary Judgment" and to the related oral
4 argument made by MGA Parties' counsel during the hearing held on May 19, 2008.
5    MGA conceded at oral argument that the key date for statute-of-
6 limitations purposes on the copyright claim is the date when Mattel obtained
7 Bryant's drawings. Reporter's Transcript of Proceedings, dated May 19, 2008, at
8 140:13-141:3. In attempt to refute Mattel's evidence that that date was November
9 24, 2003, MGA then pointed to Mattel's receipt on September 23, 2003 of a copy of
10 the public writ in the Hong Kong *Cityworld* case, and speculated in a demonstrative
11 exhibit that Mattel "could have" received the drawings along with it.
12    MGA's newly-minted argument does not establish a genuine dispute of
13 fact precluding partial summary judgment in Mattel's favor.
14    *First*, MGA's own evidence disproves its speculative assertion that
15 Mattel received the drawings on September 23, 2003. Specifically, Exhibit 146 to
16 the Bogorad Declaration, at page 26, plainly indicates that Mattel had not received
17 the drawings by September 23, 2003. This exhibit is a letter from Cityworld's Hong
18 Kong law firm to Mattel, dated October 17, 2003, that states: "Mr. Normile [of
19 Mattel] has indicated … that you needs some preliminary information in relation to
20 Bratz's design drawings in order to assess the situation. … [O]ur client is not
21 subject to any obligation to disclose or exchange the relevant drawings until and
22 unless we have had an agreement regarding the terms and conditions of such
23 disclosure and exchange." As is undisputed, that agreement and exchange did not
24 occur until November 24, 2003, when Mattel's counsel met with Cityworld in Hong

Kong.[1]  Thus, the letter irrefutably confirms that Mattel did not have the drawings as of October 17, 2003, much less the September 23, 2003 date to which MGA now points.

***Second***, the materials themselves that Mattel did receive on September 23, 2003 show there were no drawings either and thus further disproves MGA's belated speculation otherwise. Attached as Exhibit A to the Supplemental Declaration of Michael Moore is the writ from the Cityworld case along with the other materials relating to MGA suits that were publicly available from the Hong Kong courts. As that September 23, 2003 fax shows, ***no*** drawings by Bryant or anyone else were included.[2] Nor is it surprising that Mattel was able to obtain only a limited amount of information about MGA's suits from the Hong Kong court files, since Hong Kong court files are not generally publicly accessible.[3] Mr. Moore, Mattel's in-house counsel, also confirms that Mattel did not receive any Bryant drawings on that day -- or on any other day prior to Mattel's meeting with Cityworld on November 24, 2003.[4]

The undisputed evidence thus shows that Mattel did not receive the drawings on or before September 23, 2003 and that MGA's counsel's speculation at oral argument to the contrary is just that -- pure speculation. And such speculation is, under well-settled authority, insufficient to defeat Mattel's motion for summary judgment. *See, e.g., British Airways Bd. v. The Boeing Co.*, 585 F.2d 946, 953-54 (9th Cir. 1978) ("We conclude that BOAC has failed to meet its burden under Rule

---

[1]  See Declaration of Michael Moore in Support of Mattel, Inc.'s Consolidated Opposition to Defendants' Motions for Partial Summary Judgment, dated March 24, 2008, at ¶ 3.
[2]  Declaration of Michael Moore, dated May 21, 2008 and filed concurrently herewith, Exh. A, at ¶ 4.
[3]  Id. at ¶ 3.
[4]  Id. at ¶ 4.

56(e) to introduce 'specific facts' contradicting Boeing's contention that no genuine issue of material fact exists. ... [A]ll BOAC has come up with is supposition, speculation, and conclusory argument of counsel."); *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 809 (9th Cir. 1988) (relying in *British Airways*, affirming grant of summary judgment because nonmoving party "produced no evidence at all to contradict Shell Oil defendants' showing, or even to enable contradictory inferences"); *Nieves v. Univ. of Puerto Rico*, 7 F.3d 270, 276 n.9 (1st Cir. 1993) ("Factual assertions by counsel in motion papers, memoranda, briefs, or other such 'self-serving' documents, are generally insufficient to establish the existence of a genuine issue of material fact at summary judgment."); *Bolt Assocs. v. Alpine Geophysical Assocs.*, 365 F.2d 742, 747 n.4 (3d Cir. 1966) ("Counsel's speculations are not sufficient to resist a motion for summary judgment.").

Accordingly, nothing in MGA's newly-minted argument or the materials attached to the Supplemental Bogorad Declaration supports denying Mattel's motion for partial summary judgment on the statute-of-limitations defense. As set forth in Mattel's motion papers, the motion should be granted.

DATED: May 21, 2008

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By  /s/ Michael T. Zeller /SH
Michael T. Zeller
Attorneys for Plaintiff
Mattel, Inc.