1  Hon. Edward A. Infante (Ret.)
   JAMS
2  Two Embarcadero Center
   Suite 1500
3  San Francisco, California  94111
   Telephone:    (415) 774-2611
4  Facsimile:    (415) 982-5287

5

6

7

8                      UNITED STATES DISTRICT COURT

9                      CENTRAL DISTRICT OF CALIFORNIA

10                            EASTERN DIVISION

11

12                                              CASE NO. CV 04-09049 SGL (RNBx)
                                                JAMS Reference No. 1100049530
13  CARTER BRYANT, an individual,

14              Plaintiff,

15       v.                                     Consolidated with
                                                Case No. CV 04-09059
16  MATTEL, INC., a Delaware corporation,       Case No. CV 05-2727

17              Defendant.                      **ORDER GRANTING IN PART AND
                                                DENYING IN PART MATTEL'S
18                                              MOTION TO COMPEL PRODUCTION
                                                OF DOCUMENTS BY ISAAC LARIAN;
19                                              DENYING REQUEST FOR
                                                SANCTIONS**

20  CONSOLIDATED WITH
    MATTEL, INC. v. BRYANT and
21  MGA ENTERTAINMENT, INC. v. MATTEL,
    INC.
22

23                            I. INTRODUCTION

24      On October 11, 2007, Mattel, Inc. ("Mattel") submitted a "Motion to Compel Production

25  of Documents by Isaac Larian and for Award of Monetary Sanctions."  Specifically, Mattel seeks

26  an order compelling Isaac Larian ("Larian") to produce documents responsive to Mattel's First

27  Set of Requests for Documents and Things, including, without limitation, Request Nos. 1, 2, 13,

28
    Bryant v. Mattel, Inc.,                                                      1
    CV-04-09049 SGL (RNBx)

                                         **EXHIBIT   7**
                  12-31
                                         **PAGE      6**

15, 32, 33, 35, 41, 61-76, 79-101, 113-115, 123-125, 139-146, 178, 180, 181, 190-192, 194-199, 207-209, 213, 221-225, 227-228, 269, 272 and 273 and a privilege log identifying all documents withheld based on any claimed privilege. Mattel also seeks an award of sanctions against Larian in the amount of $4,500, which represents a portion of the costs incurred by Mattel in bringing this motion. Larian submitted an opposition on December 5, 2007.[1] Mattel submitted a reply on December 10, 2007. The matter was heard on December 14, 2007. Having considered the motion papers and comments of counsel at the hearing, Mattel's motion to compel is granted in part and denied in part, and the request for sanctions is denied.

## II. BACKGROUND

On June 13, 2007, Mattel propounded its First Set of Requests for Production of Documents and Things to Larian, the CEO and majority owner of MGA. On August 6, 2007, Larian filed his initial responses and objections. The parties met and conferred, and on September 25, 2007, Larian served supplemental responses and objections.

Mattel filed the instant motion on October 11, 2007 seeking further responses to 87 of the 276 Requests. The parties met and conferred further, and Larian ultimately agreed to provide further responses to 55 of the disputed 87 Requests. Specifically, Larian agreed to supplement his responses and to produce documents responsive to Request Nos. 1, 2, 13, 15, 32, 33, 35, 41, 61-76, 82-101, 139-146, 213, 221 and 223, "to include documents, if any, in his personal files that have not previously been produced." MGA's Opposition at pp. 1-2.

The remaining 32 Requests at issue can be grouped into ten categories: (1) personal financial data; (2) communications with Mattel employees; (3) statements to the media; (4) telephone records; (5) storage devices; (6) Carter Bryant's ("Bryant") storage devices; (7) market research concerning products not at issue; (8) Bryant's attorney and niece; (9) the Larian brother's arbitration; and (10) MGA Hong Kong and MGA Mexico.

//

---

[1] Mattel filed an Objection to Larian's Opposition and Response to Mattel's Separate Statement, asserting that the submissions should not be considered because they are untimely and because the Response to Mattel's Separate Statement fails to set forth a complete and verbatim statement of Mattel's position. The Objection is overruled because Mattel has not been prejudiced and because of the court's preference to resolve Mattel's motion on the merits.

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

2

**EXHIBIT** __1__

**PAGE** ____7____

## II. DISCUSSION

Rule 26 of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed.R.Civ.P. 26(b)(1). Fishing expeditions to discover new claims, however, are not permitted. See Fed.R.Civ.P. 26(b)(1); Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery to engage in 'fishing expeditions.'"); Bernstein v. Travelers Ins. Co., 447 F.Supp.2d 1100, 1102 (N.D. Cal. 2006) (citing Rule 26(b), Advisory Committee's Note to Amendments Effective December 1, 2000) (Congress' changes in the language of Rule 26(c), substituting the words "claim or defense" for the phrase "subject matter involved in the pending action," were intended to prevent discovery that swept far beyond the claims and defenses of the parties and that seemed designed not to fairly litigate the issues presented by the pleadings but to develop new claims or defenses.).

Further, pursuant to Rule 26(b)(2), Fed.R.Civ.P., the court shall limit the frequency or extent of use of the discovery methods if the court determines that "(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Fed.R.Civ.P. 26(b)(2).

### The 55 Requests Resolved During Meet and Confer Session

During the meet and confer session held after the instant motion was filed, Larian agreed to produce documents responsive to 55 requests. In his Opposition brief, Larian states that the 55 requests are no longer in dispute.

Nevertheless, a court order compelling production is warranted for two reasons. First, Larian has not yet produced documents responsive to the 55 requests or provided a date by which

EXHIBIT _____1_____

PAGE_____8_____

1   he will do so. Second, Larian's agreement to produce responsive documents is apparently limited
2   to documents from his so-called "personal files." <u>See</u> Opposition at 2:2-3.

3      Mattel's counsel "never agreed that Larian could limit his response to the above requests
4   to documents in his 'personal files' and Larian's counsel did not state that Larian would limit his
5   response to documents in Larian's 'personal files.'" Supp. Decl. of Scott B. Kidman.
6   Furthermore, the limitation to "personal files" suggested by Larian is contrary to Rule 34,
7   Fed.R.Civ.P, which imposes a duty to produce responsive documents within the responding
8   parties' "possession, custody or control." The limitation is also unworkable because, as Mattel
9   points out, it "would create a situation by which responsive and highly relevant documents might
10  never be produced because MGA, on the one hand, deems [a] document to belong to Larian, and
11  Larian, on the other hand, deems [a] document not to be part of his 'personal files.'" Reply at p.6.

12  <u>Market Research for Products Not at Issue:  Request Nos. 79-81</u>

13     In Request No. 79, Mattel seeks all documents relating to any focus groups relating to
14  Bratz and/or Angel, including without limitation all videotapes, summaries, notes and reports. In
15  his supplemental response, Larian agrees to produce the following documents, subject to his
16  general objections:

17      Larian will produce all documents within his possession, custody, or control that
        relate to focus groups for "MGA contested products" and "Mattel contested
18      products," as those terms are defined in Mattel's First Requests for Production
        regarding Claims of Unfair Competition, if any, and that have not already been
19      produced, that he discovers in the course of his reasonable search and diligent
        inquiry, and to which no privilege or other protection applies, including without
20      limitation, the attorney-client privilege or attorney's work product doctrine.

21
22  Mattel's Consolidated Separate Statement at pp. 20-21.

23     In Request No. 80, Mattel seeks all documents relating to any services or work performed
24  by L.A. Focus between January 1, 1999 and December 31, 2001, including without limitation, all
25  videotapes, summaries, notes and reports associated therewith. In his supplemental response,
26  Larian agrees to produce documents relating or referring to Bratz or Angel that are responsive to
    the request and to which no privilege or other protection applies.
27
28  <small>Bryant v. Mattel, Inc.,
    CV-04-09049 SGL (RNBx)</small>                                                        4

EXHIBIT ___1___

PAGE ___9___

1    In Request No. 81, Mattel seeks all documents relating to Alaska Momma.  In his

2    supplemental response, Larian agrees to produce all documents relating or referring to Bratz,

3    Angel or Bryant that are responsive to the request and to which no privilege or other protection

4    applies.

5        Mattel contends that the requests are as narrowly tailored as possible to capture relevant

6    information.  More specifically, Mattel contends that Request No. 79 seeks documents that bear

7    directly on the timing of the development of Bratz, as well as MGA's unfair competition claims

8    and Mattel's defense thereto.  Mattel contends that the requested documents may demonstrate that

9    MGA is guilty of copying Mattel's Barbie and My Scene products.

10        Larian contends that Request Nos. 79-81 are overbroad and unduly burdensome.  As an

11   example, Larian points to Request No. 80, which requests all documents relating to any services

12   or work performed by L.A. Focus, regardless of whether that work has any relation to the claims

13   and defenses in the action or any of the products at issue.  Larian similarly contends that Request

14   Nos. 79 and 81 are unbounded by subject matter or time, and are untethered to any claim or

     defense in this case.

15        Mattel's motion to compel Larian to produce all documents responsive to Request No. 79

16   is granted.  The request is reasonably limited in subject matter to Bratz and Angel.  The requested

17   documents are relevant to several issues in the case, including the origin, conception and creation

18   of Bratz.  The requested documents are also relevant to the unfair competition claims.  Larian's

19   supplemental response to Request No. 79 is unduly restrictive.  Among other things, the

20   definitions of "contested MGA products" encompass only those products that provide a basis for

21   any claim by MGA against Mattel, and not claims by Mattel against MGA.

22        Mattel's motion to compel Larian to produce all documents responsive to Request Nos.

23   80-81 is denied.  These requests, as drafted, are clearly overbroad because they have no

24   reasonable limitations on subject matter or time.  In particular, the requests are directed to L.A.

25   Focus and Alaska Momma without regard to whether the services or work the companies

26   provided has any relation to any product at issue.

27        Larian's supplemental responses to Request Nos. 80 and 81 are reasonably limited to

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

5

EXHIBIT ___1___

PAGE ___10___

1    documents related to the products at issue:  Bratz and Angel.  In Mattel's view, Larian's

2    supplemental response is too narrow and "may result in the exclusion of highly relevant

3    documents because the project, concept or design that is the subject of the focus group is deemed

4    not to relate to something then known as Bratz or Angel."  However, Larian acknowledges that

5    these types of hypothetical documents would still fall within the narrower scope of production

6    proposed in his supplemental response.

7         Mattel also contends that it is entitled to all of the requested documents called for by

8    Request No. 80 because they are relevant to credibility and bias, particularly if the documents

9    show that work relating to Bratz or Angel deviate from standard procedures that MGA and L.A.

10   Focus used.  It is, however, not apparent how deviations from standard procedures would impact

11   credibility or bias.

12        As to Request No. 81, Mattel contends that the documents showing the relationship

13   between Larian or MGA and Alaska Momma are relevant, even if they do not themselves

14   specifically relate to Bratz, Angel or Bryant.  Mattel contends that communications from Larian

15   or MGA asking Alaska Momma to look for fashion doll opportunities around the time Bryant

16   claims to have pitched Bratz to Alaska Momma would be highly relevant in impeaching MGA's

17   and Bryant's stories about how and when they came to be introduced.  Mattel also contends that

18   documents showing other dealings between Larian or MGA and Alaska Momma are relevant to

19   the issues of bias and credibility.  Mattel's supposition about the types of documents that might

20   exist does not justify the type of far-reaching request it has propounded.  Request No. 81 is also

21   not limited by either subject matter or time.

22        Accordingly, Larian shall produce documents responsive to Request Nos. 80 and 81 in

23   accordance with his supplemental responses.

24   Bryant's Attorney and Niece:  Request Nos. 113-115

25        In Request No. 113, Mattel seeks all communications between Larian or MGA and Anne

26   Wang, a lawyer who represented Bryant in his contract negotiations with MGA.  In Request No.

27   114, Mattel seeks all documents, including without limitation all communications, between

28   Bryant v. Mattel, Inc.,
     CV-04-09049 SGL (RNBx)                                                    6

EXHIBIT _____1_____

PAGE _____11_____

1    Larian or MGA and Anne Wang.  In Request No. 115, Mattel seeks documents relating to Brooke

2    Gilbert, Bryant's niece.  In his supplemental responses, Larian agrees to produce documents

3    relating to Bratz, Angel or Bryant that are responsive to the requests and to which no privilege or

4    other protection applies.  Thus, the only issue is whether Larian should be required to produce

5    responsive documents that do not relate to Bratz, Angel or Bryant.

6          Mattel contends that Request Nos. 113-114 seek documents that are relevant to the origin

7    and conception of Bratz and the timing thereof.  Mattel also contends that the documents may

8    disclose relevant information regarding Mattel's claims for breach of contract and inducing

9    breach of contract, including information regarding Bryant's or MGA's knowledge of Bryant's

10   contractual obligations with Mattel.  Mattel also contends that Larian has failed to carry his

11   burden of demonstrating that the requests are overly burdensome.

12         Mattel further contends that Larian's supplemental responses to Request Nos. 113 and 114

13   are inadequate because the limitations on scope may eliminate otherwise relevant documents that

14   do not specifically refer to Bratz, Angel or Bryant.  For example, Mattel contends that

15   communications with or about Bryant's lawyer that do not specifically relate to Bratz, Angel or

     Bryant may be relevant to the issues of credibility and bias.

16         Mattel contends that Request No. 115 seeks documents that are relevant to determine

17   whether evidence on Bryant's computer was destroyed by the "Evidence Eliminator" software

18   that had been installed and run on the hard drive.  Bryant claims to have given his computer to his

19   niece.  Mattel also contends that the requested documents are relevant to the issues of credibility

20   and bias.  Further, Mattel contends that Larian's supplemental response to Request No. 115 is

21   inadequate, because evidence of any communication between Larian and his niece, regardless of

22   subject matter, is significant.

23         Larian contends that Request Nos. 113-115 are overbroad and unduly burdensome

24   because they lack any subject matter or time constraints.  Further, Larian contends that the

25   requests constitute an improper fishing expedition and necessarily sweep in documents that are

26   not relevant to any claim or defense.

27   //

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

                                                                                        7

EXHIBIT ___1___

PAGE ___12___

1      Mattel's motion to compel documents responsive to Request Nos. 113-115 is denied.  The

2  requests are overbroad because they are not focused on relevant subject matter and are untethered

3  to any claim or defense.  Although Mattel asserts that responsive documents unrelated to Bratz,

4  Angel or Bryant might be relevant to the issues of credibility and bias, that speculative possibility

5  is too remote to justify the breadth of Mattel's requests.

6      Larian's supplemental responses are sufficient to provide Mattel with relevant and

7  responsive documents.  Larian shall produce documents responsive to Request Nos. 113-115 in

8  accordance with his supplemental responses.

9

10  <u>The Larian Brothers' "Arbitrations and Suits":  Request Nos. 123-125</u>

11      In Request No. 123, Mattel seeks all documents relating to any and all arbitrations and

12  suits between Larian and his brother, Farhad Larian.  In Request No. 124, Mattel seeks all

13  documents filed, submitted or served in the suit and/or arbitration proceedings brought by Farhad

14  Larian against Larian, including without limitation all declarations, affidavits, transcripts, video

15  and/or audio recordings and sworn testimony given by any person in such suit or arbitration

16  proceedings.  In Request No. 125, Mattel seeks all documents relating to any and all settlements,

17  resolutions, or compromises of any suit and/or arbitration proceedings between Larian and Farhad

18  Larian.  In his supplemental responses, Larian agrees to produce all documents referring or

19  relating to Bratz that are responsive to the requests and to which no privilege or other protection

20  applies.

21      Mattel contends that the court has already ruled that the arbitration proceedings between

22  Larian and his brother are relevant because they involve, among other matters, the conception and

23  creation date for Bratz.  Mattel contends that Larian's supplemental responses improperly limit

24  the requests to the exclusion of potentially relevant documents.  For example, Mattel contends

25  that documents that relate to the business, activities and plans of MGA in early 2000 are relevant

26  to the timing of the development of Bratz, whether or not they specifically refer to Bratz.

27  Mattel also contends that the requested documents are relevant to the value of the Bratz brand and

28  the net worths of Larian and MGA, as well as Mattel's claims for damages, including, for

EXHIBIT   _**1**_

PAGE     _**13**_

1   example, profits from the sale and licensing of Bratz and other information that would impeach

2   Larian's testimony that he has not made any profits from Bratz. Further, Mattel contends that the

3   requested documents may lead to evidence of the assessments or valuations of the net worth or

4   value of MGA or Larian, regardless of any reference to Bratz specifically. Mattel also contends

5   that settlement documents may contain information that bears on the merit of Farhad Larian's

6   claims and the value of Bratz. Mattel also claims that the requested documents are relevant to

7   motive, intent, bias and credibility.

8        Larian contends the instant requests are overbroad and unduly burdensome. Further,

9   Larian contends that the relationship of the requested documents to any of the claims or defenses

10   in the present action is questionable, and the existence of such documents is conjectural.

11   Moreover, Larian contends that many of the categories of documents of interest to Mattel are

12   already the subject of other requests. Larian also contends that Request Nos. 123-125 impose an

13   undue burden because of the protective orders in place that strictly limit the use of any documents

14   from an arbitration and suit between Larian and his brother. Larian represents that he is currently

15   working with Mattel and his brother in an attempt to achieve suitable modifications to the orders

16   that are agreeable to all parties.

17        Mattel's motion to compel documents responsive to Request Nos. 123-125 as drafted is

18   denied. The requests are clearly overbroad in calling for all documents from the arbitrations and

19   suits between Larian and his brother, without any subject matter limitations. Furthermore, these

20   requests are unduly burdensome to the extent they require production of documents that do not

21   refer or relate to Bratz. Such documents have marginal relevance, at best, to the claims and

22   defenses in the case.

23        Larian's supplemental responses to Request Nos. 123-125 are sufficient. Larian's

24   agreement to produce documents that refer or relate to Bratz is a reasonable compromise that will

25   enable Mattel to obtain documents relevant to the claims and defenses in the case, including many

26   of the categories of documents of interest to Mattel. For example, under Larian's proposed

27   limitation, documents that relate to the business, activities and plans of MGA in 2000 that also

28   refer or relate to Bratz must be produced. Documents relating to the value of the Bratz brand are

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

9

EXHIBIT ___1___

PAGE ___14___

also within the scope of Larian's proposed limitation and would have to be produced. Documents relating to the net worth of Larian or MGA that refer or relate to Bratz would also have to be produced. Further, Larian's proposed limitation does not necessarily foreclose discovery regarding the appraisal of MGA prepared by Mr. Dutcher. In particular, documents relating to MGA's liabilities, debt, intangible assets, inventory, loans, growth rate projection, and revenue projections must be produced if such documents refer or relate to Bratz. Accordingly, Larian shall produce documents responsive to Request Nos. 123-125 in accordance with his supplemental responses.

Telephone Records: Request Nos. 178-181

In Request No. 178, Mattel seeks all documents relating to, including without limitation phone records for, telephone calls by or to Larian or anyone on Larian's behalf for the time period from January 1, 1998 through January 1, 2001. Larian objects to this request.

In Request No. 179, Mattel seeks all documents relating to, including without limitation phone records for, telephone calls by or to Larian or anyone on Larian's behalf for the time period from January 1, 1998 through January 1, 2001 relating to Bratz and/or Angel. In his supplemental responses, Larian agrees to produce documents responsive to Request No. 179. In response to this motion, however, Larian contends that he should be permitted to produce documents responsive to Request No. 179 in redacted form as discussed more fully below.

In Request No. 180, Mattel seeks all documents relating to, including without limitation phone records for, telephone calls by or to Larian or anyone on Larian's behalf for the time period from April 1, 2004 through June 1, 2004. Larian objects to this request.

In Request No. 181, Mattel seeks all documents relating to, including without limitation phone records for, telephone calls relating to Bryant by or to Larian or anyone on Larian's behalf at any time. In his supplemental response, Larian agrees to produce all documents pertaining to communications made prior to January 1, 2001 that are responsive to the request and to which no privilege or other protection applies.

//

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

10

EXHIBIT ___1___

PAGE ___15___

1    Mattel contends that Request No. 178 seeks documents relevant to show Larian's

2  communications with Bryant and other Mattel employees while such employees may still have

3  been employed by Mattel and before Larian claims to have known about Bratz.  Similarly, Mattel

4  contends that Request No. 180 seeks documents relevant to Mattel's allegation that MGA, and

5  Larian in particular, were recruiting employees of Mattel's Mexican subsidiary and enticing them

6  to steal Mattel trade secrets.

7    Further, Mattel contends that the requested documents regarding telephone records are

8  relevant to (a) Mattel's claims regarding ownership of Bratz to the extent they show

9  communications with Carter Bryant; (b) Mattel's claims for theft of trade secrets to the extent

10  they show communications with current and former Mattel employees, including Machado,

11  Vargas, Trueba, Brawer, and Brisbois; (c) Mattel's claims regarding allegedly false statements

12  Larian made to retailers; (d) MGA's counterclaims; and (e) Mattel's defenses.  With respect to

13  burden, Mattel contends that it would be more burdensome to attempt to produce the requested

14  records in redacted form, and further, that the protective order in place is sufficient to protect

     Larian's privacy concerns.

15    Larian contends that the requests regarding telephone records are overbroad, completely

16  unbounded as to subject matter, and necessarily sweep in private information that is completely

17  irrelevant to any of the claims or defenses in the case.  Larian also points out that the court

18  previously considered similar requests served on Bryant and allowed production of redacted

19  copies of telephone records as long as Bryant provided a signed verification that none of his

20  redactions related to Bratz, MGA or any other project he worked on for MGA.  Specifically,

21  Bryant was permitted to produce redacted phone records as long as he provided a "signed

22  verification that none of the telephone records that were redacted relate or refer in any way to

23  MGA, Bratz, or any other project that Bryant worked on, with, for or on behalf of MGA."

24  Kennedy Decl., Ex. 1 (January 25, 2007 Order Granting Mattel's Motion to Compel Production

25  of Documents by Bryant).  Larian contends that he should be permitted to redact responsive

26  documents consistent with the court's prior order.  During the meet and confer, Larian offered to

27  provide redacted records and a signed verification that none of the redacted information was

28

EXHIBIT     1

PAGE     16

1    relevant to the case, but Mattel did not respond to the offer.

2          Mattel's motion to compel documents responsive to Request Nos. 178 (all documents
3    relating to phone records by or to Larian for January 1, 1998 – January 1, 2001) is denied.  The
4    request is overbroad because it lacks any subject matter limitation, and thus necessarily sweeps in
5    private information that is completely irrelevant to the case.  Larian should not be subjected to
6    such an intrusion into his private and business affairs when Mattel has made no attempt to tailor
7    the request to the communications, claims, and defenses identified above.

8          In contrast to Request No. 178, Request No. 179 is reasonably tailored to phone records
9    for a particular time frame (January 1, 1998 to January 1, 2001), and to particular subject matters
10   (Bratz and/or Angel).  Accordingly, Larian shall abide by his agreement to comply with Request
11   No. 179, as stated in his supplemental response.  Larian's proposal to produce responsive
12   documents in redacted form is appropriate to address his privacy concerns.  More specifically,
13   Larian may produce documents responsive to Request No. 179 in redacted form as long as Larian
14   provides a signed verification that none of the redacted material refers or relates in any way to
15   MGA, Bratz, or any other proposed or actual project worked on, with, for or on behalf of MGA,
     or that are otherwise relevant to the case.

16         Mattel's motion to compel documents responsive to Request No. 180 (documents relating
17   to telephone calls by or to Larian from April 1, 2004 – June 1, 2004) is granted.  Request No. 180
18   is reasonably tailored to a two month period during which MGA and Larian allegedly recruited
19   employees out of Mattel's Mexican subsidiary and enticed them to steal Mattel trade secrets.  See
20   Mattel's Second Amended Answer and Counterclaims, ¶¶37-54.  Larian may produce documents
21   responsive to Request No. 180 in redacted form as specified above with respect to Request No.
22   179.

23         Request No. 181 (documents relating to telephone calls relating to Bryant by or to Larian)
24   is overbroad as written because it has no time limits.  In his supplemental response, Larian agrees
25   to produce communications prior to January 1, 2001 that are responsive to the request.  Larian's
26   proposed limitation is a reasonable compromise that will provide Mattel with relevant documents
27   without imposing an undue burden.  Accordingly, Larian shall produce documents responsive to

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

12

EXHIBIT ___1___

PAGE ___17___

1   Request No. 181 consistent with his supplemental response, and may produce such documents in

2   redacted form as specified above with respect to Request No. 179.

3

4   Statements to the Media:  Request Nos. 190-192, 194-197 and 199

5       In Request Nos. 190-192, 194-197 and 199, Mattel seeks communications between Larian

6   and members of the press or financial institutions relating to Bratz, Bryant, Mattel or this action.

7   Mattel contends that the requests are sufficiently narrowly tailored to seek information that goes

8   to the issues in the lawsuit.  More specifically, Mattel contends that the request are relevant to

9   Mattel's allegation that MGA and Larian repeatedly issued false and misleading press releases

10  regarding Bratz's sales, Bratz's market share, Bratz's position relative to Mattel's Barbie

11  products, sales of Mattel's Barbie products, and the market share of Mattel's Barbie products.

12  Further, Mattel contends that statements to lenders or investors relating to Bratz or Bryant may

13  also contain admissions regarding the origin and conception of Bratz and statements relevant to

    damages.

14      Larian contends that the requests are overbroad and unduly burdensome, particularly

15  because several of the requests seek publicly available information.  Further, Larian points out

16  that the court has already considered and rejected as overbroad a nearly identical request served

17  on MGA that called for all documents relating to any communications by MGA with any news

18  organization regarding the contested MGA products or the contested Mattel products.  Larian

19  contends that the same reasoning applies to the instant requests.

20      Mattel's motion to compel documents responsive to Request Nos. 190-192, 194-197 and

21  199 is denied.  Although several of the requests encompass potentially relevant documents, the

22  requests are overbroad and encompass documents that have little to no relevance to the claims and

23  defenses in the case.  Not one of the requests is limited to relevant subject matters, such as Bratz's

24  sales, Bratz's market share, Bratz's position relative to Mattel's Barbie products, sales of Mattel's

25  Barbie products, the market share of Mattel's Barbie products, the origin and conception of Bratz,

26  or damages.

27  //

28

EXHIBIT _____1_____

PAGE _____18_____

1    Furthermore, many of these overbroad requests seek publicly available information that is
2    readily accessible to Mattel for which Larian should not be burdened. To the extent the requested
3    documents and information are not publicly available, such documents and information are
4    marginally, if at all, relevant because they are not likely to have caused Mattel compensable harm.
5    In either case, the burden and expense of searching for and producing responsive documents are
6    unjustified.

7
8    Communications With Mattel Employees: Request No. 198
9    In Request No. 198, Mattel seeks all communications between Larian and any individual
10   while the individual was employed by Mattel. Mattel contends that this request is directly
11   relevant to Mattel's claims of trade secret theft, and that the relevancy outweighs any purported
     burden of production.

12   Larian contends that the request is overbroad and unduly burdensome because it is
13   unrestricted as to time and subject matter. Larian also points out that the court has previously
14   found a similar request overbroad. Larian further contends that employees in the toy industry are
15   likely to maintain contacts with other toy manufacturers, and that a large corporation such as
16   Mattel is likely to have a high number of employees communicating with MGA or its officers,
17   which makes the request more unduly burdensome and unreasonable than it appears on its face.

18   Unlike other requests regarding communications, Request No. 198 is reasonably tailored
19   to the specific and numerous allegations in the case regarding alleged trade secret theft. Although
20   the request is not limited by subject matter, it is limited in other respects to seek relevant
21   documents without imposing an undue burden. The request is limited to communications
22   between Larian (and not MGA or persons acting on his behalf) and individuals employed at
23   Mattel. The request is also limited to only those communications that took place while the
24   individuals were employed at Mattel.

25   Nevertheless, an additional temporal limit is appropriate to tailor the request to Mattel's
26   allegations of trade secret theft. The alleged trade secret theft began with Bryant's conduct in
27   1999 and continued to 2005. Accordingly, Larian shall produce documents responsive to Request

28
Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

14

EXHIBIT ___1___

PAGE ___19___

1    No. 198 that are limited to the time frame 1999 to 2005.

2

3    Personal Financial Data: Request Nos. 207-209 and 269

4         In Request No. 207, Mattel seeks documents sufficient to identify each of Larian's banks

5    or financial institutions and other banking relationships since January 1, 1999.  In Request No.

6    208, Mattel seeks documents sufficient to establish Larian's gross income and sources for such

7    income for each year from 1999 to the present.  In Request No. 209, Mattel seeks Larian's federal

8    and state tax returns for each year from 1999 to the present.  In Request No. 269, Mattel seeks

9    documents sufficient to show or calculate Larian's net worth on a yearly basis for each year from

10   1999 to the present.

11        Mattel contends that Request No. 207 seeks information reasonably calculated to lead to

12   information showing the timing of payments to Bryant and others, which in turn is relevant to the

13   timing of the development of Bratz and issues of credibility.  Mattel contends that Request Nos.

14   208-209 and 269 seek non-privileged information that is directly relevant to Larian's financial

15   condition, which in turn is relevant to damages.  Further, Mattel contends that it is entitled to

16   information regarding the sources of Larian's income to determine whether they are attributable

17   to the alleged misconduct and thus subject to disgorgement.

18        Larian contends that the requested personal financial information is not relevant to the

19   claims or defenses at issue.  More specifically, Larian contends that neither the names of his

20   banks nor his gross income have any bearing upon either compensatory or punitive damages or

21   Mattel's claim for disgorgement of profits.  Larian further contends that there is no support for

22   Mattel's supposition that Larian has siphoned off MGA assets for his own personal benefit.

23        Larian also contends that all three of the requests overlap substantially with requests

24   Mattel previously propounded upon MGA, and that Mattel has failed to justify the duplication or

25   burden posed by these requests to him.  Further, Larian contends that the court has previously

26   found that Mattel was not entitled to obtain tax returns from Bryant, and that Mattel has offered

27   no reason why the same result should not apply here.

28        Mattel's motion to compel responses to Request Nos. 207-208 and 269 is granted.  The

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

15

EXHIBIT    1
PAGE    20

1  requests are reasonably calculated to lead to the discovery of admissible evidence relevant to

2  several issues in the case. For example, the requested information is likely to lead to information

3  regarding payments from Larian to Bryant, which is relevant to, among other things, the timing of

4  the creation of Bratz. The requested information is also likely to show Larian's income and net

5  worth, which are relevant to damages. Further, Larian has failed to establish that the requests are

6  unduly burdensome. Although Mattel has sought and obtained broad discovery of financial

7  information from MGA, Mattel is also entitled to seek financial information directly from Larian.

8        Mattel's motion is denied as to Request No. 209, provided that Larian complies with

9  Request Nos. 207, 208 and 269. In light of the discovery of financial information ordered herein

10  and other requests propounded to MGA, Mattel has not shown a compelling need for Larian's tax

11  returns.

12  <u>Storage Devices: Request Nos. 222 and 224</u>

13        In Request Nos. 222 and 224, Mattel seeks digital storage devices and documents relating

14  to digital storage devices used by Larian to create, prepare, generate, copy, transmit, receive,

15  delete or modify digital information relating to Bratz, Angel, or Bryant. Mattel contends that a

16  request for documents under Rule 34, Fed.R.Civ.P., operates as a request for documents stored in

17  electronic form. Mattel also contends that Rule 34 permits a party to obtain and test computer

18  hard drives and other storage devices.

19        Larian contends that the requests are overbroad, unduly burdensome, duplicative, and

20  ignore his privilege and privacy interests. Larian also objects to an inspection of his actual hard

21  drives or other storage devices based upon the Committee Note to Rule 34, Fed.R.Civ.P., which

22  states that the amendment of Rule 34 relating to "electronically stored information is not meant to

23  create a routine right of direct access to a party's electronic information system." <u>See</u>

24  Fed.R.Civ.P. 34(a)(1), 2006 Adv. Comm. Notes. Larian contends that there is no justification for

25  an inspection of his electronic devices because there is no allegation that he improperly deleted

26  documents.

27        Mattel's motion to compel documents responsive to Request Nos. 222 and 224 is denied.

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

16

EXHIBIT __1__

PAGE __21__

1   With respect to Request No. 222, Larian correctly notes that Rule 34 was not intended to

2   authorize the routine production of a party's electronic devices.  Mattel attempts to justify

3   Request No. 222 by pointing to various instances of alleged destruction of evidence.. See Mattel's

4   Consolidated Separate Statement at pp. 203-204 (purported destruction of Larian's computer

5   laptops; "wiping" information from the hard drives of Larian's computer laptops every six

6   months; redacting "Barbie Collectibles" from a faxed version of Bryant's Bratz agreement; and

7   destructive testing of Bryant's original Bratz drawings).  However, Mattel fails to explain how

8   these alleged instances of evidence destruction justify Request No. 222, other than to assert that it

9   has a right to inspect Larian's storage devices to ensure that relevant information has not been

10  deleted or permanently destroyed.  Mattel's stated purpose suggests instead that Mattel is

11  launching a fishing expedition in pursuit of new claims, which is not permitted by the Federal

12  Rules of Civil Procedure.  See e.g. Rivera v. NIBCO, Inc., supra.  Furthermore, Mattel's stated

13  purpose for inspecting Larian's storage devices does not justify the breadth of Request No. 222.

14  Among other things, Request No. 222 encompasses every storage device that Larian has used to

15  copy digital information relating to Bratz.  Mattel does not need every CD and DVD containing

16  copies of Bratz-related video and audio content, but that is what the request seeks.

17          Request No. 222 is also duplicative because it requests information that is sought in

18  numerous other requests served on Larian as well as MGA.  Mattel has served hundreds of

19  requests for documents and communications relating to Bratz, Angel, and Bryant.  To comply

20  with the requests, Larian was required to search for documents in both hard-copy and electronic

21  form.  Under the circumstances, it is unnecessary for Larian to also produce the requested storage

22  devices.

23          Documents responsive to Request No. 224 are minimally relevant (if at all) to the claims

24  and defenses in the case, and therefore do not justify the burden of production on Larian.

25  Bryant's Storage Devices:  Request Nos. 225, 227 and 228

26          In Request Nos. 225, 227 and 228, Mattel seeks digital storage devices and documents

27  relating to digital storage devices used by Bryant to create, prepare, generate, copy, transmit,

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

17

EXHIBIT ___1___

PAGE ___22___

1   receive, delete or modify digital information relating to Bratz, Angel, or MGA.

2          Larian contends that the requests are improperly directed to him because he does not have

3   personal possession of Bryant's hard drive or storage devices, or other information about those

4   devices. Mattel's Consolidated Separate Statement at p. 206. Larian also contends that the

5   requests are overbroad and unduly burdensome for the reasons discussed above in connection

6   with Request Nos. 222 and 224.

7          Mattel's motion to compel documents responsive to Request Nos. 225, 227 and 228 is

8   denied for the reasons already discussed in connection with Request Nos. 222 and 224.

9

10  MGA Hong Kong and MGA Mexico: Request Nos. 272 and 273

11         In Request Nos. 272 and 273, Mattel seeks documents relating to the ownership of MGA

12  Entertainment HK Ltd. ("MGA Hong Kong") and MGAE de Mexico S.r.l. de C.V. ("MGA

13  Mexico"), both of which are named defendants. In his supplemental responses, Larian agrees to

    produce documents sufficient to show the ownership of these entities.

14         Mattel contends that the requests seek information relevant to refute MGA Mexico's

15  personal jurisdiction defense, and which bear on whether the acts of Larian and others are

16  attributable to the entities. Mattel also contends that Larian's (or MGA's ) ownership interest in

17  these companies is relevant to net worth. Mattel contends that Larian's supplemental response is

18  inadequate because it would allow Larian to withhold contradictory information and conceal the

19  true ownership of the business entities. Furthermore, Mattel contends that it is entitled to know

20  the ownership of these entities at times when different allegedly wrongful acts took place and to

21  determine if the ownership structure changed as a means of concealing assets or concealing the

22  payments of commercial bribes.

23         Larian contends that these requests should not be made to him, but to the entities

24  themselves or to MGA. Further, Larian contends that the requests are duplicative of a request

25  Mattel served on MGA Mexico, another request served on MGA Hong Kong, and another request

26  served on MGA. Moreover, Larian contends that the requests are overbroad and unduly

27  burdensome, and that at most, he should only have to produce a list of owners.

28
    Bryant v. Mattel, Inc.,                                                                    18
    CV-04-09049 SGL (RNBx)

EXHIBIT ___1___

PAGE ___2 3___

Mattel contends that Larian cannot avoid his duty to respond to these requests simply by saying that the information is obtainable from another source. Further, Mattel contends that Larian has failed to establish that the requests are unduly burdensome.

Mattel's motion to compel documents responsive to Request Nos. 272-273 is denied pursuant to Rule 26(b)(2), Fed.R.Civ.P., because the requested information is clearly obtainable from another source that is more convenient, less burdensome, or less expensive, namely MGA Mexico and MGA Hong Kong. The requests are also overbroad and unduly burdensome.

## IV. CONCLUSION

For the reasons set forth above, it is hereby ordered as follows:

1.     At meet and confer sessions held after the filing of this motion, Larian agreed to produce documents in response to Request Nos. 1, 2, 13, 15, 32, 33, 35, 41, 61-76, 82-101, 139-146, 213, 221 and 223. Accordingly, Larian shall produce, without limitation, all non-privileged documents that are responsive to these Requests.

2.     With respect to the remaining requests that are at issue in this motion, Larian shall:

A.     produce, without limitation, all non-privileged documents that are responsive to Request Nos. 79, 180, 198 (for the time period 1999-2005), 207, 208 and 269; and

B.     produce, in accordance with his supplemental responses, non-privileged documents that are responsive to Request Nos. 80, 81, 113-115, 123-125, 179, 181 and 209.

C.     Larian may produce documents responsive to Request Nos. 179, 180 and 181 in redacted form as provided herein.

D.     Mattel's motion is denied as to Request No. 178, 190-192, 194-197, 199, 209, 222, 224, 225, 227, 228, 272 and 273.

3.     Larian shall produce all non-privileged documents that are required by this Order that are in his possession, custody or control and that have not already been produced no later than January 11, 2008.

4.     Larian shall produce a privilege log no later than January 15, 2008.

EXHIBIT __1__

PAGE __2 4__

1        5.    Mattel's request for sanctions is denied.

2        Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery

3    Master, Mattel shall file this Order with the Clerk of Court forthwith.

4

5    Dated: December 31, 2007

6                                 HON. EDWARD A. INFANTE (Ret.)
                                Discovery Master

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28    Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT ___1___

PAGE ___25___

20

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on January 2, 2008, I served the attached ORDER GRANTING IN PART AND DENYING IN PART MATTEL'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY ISAAC LARIAN; DENYING REQUEST FOR SANCTIONS in the within action by e-mail addressed as follows:

| | | |
|---|---|---|
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| Matthew M. Werdegar, Esq. | Keker & Van Nest | mwerdegar@kvn.com |
| John E. Trinidad, Esq. | Keker & Van Nest | ltrinidad@kvn.com |
| Audrey Walton-Hadlock, Esq. | Keker & Van Nest | awalton-hadlock@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johnquinn@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| Thomas J. Nolan, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tnolan@skadden.com |
| Raoul D. Kennedy, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | rkennedy@skadden.com |
| Amy S. Park, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | apark@skadden.com |
| Harriet S. Posner, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | hposner@skadden.com |
| Carl Alan Roth, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | croth@skadden.com |
| Timothy A. Miller, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tmiller@skadden.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on January 2, 2008, at San Francisco, California.

_Sandra Chan_
Sandra Chan

EXHIBIT ___1___

PAGE ___26___

# Miscellaneous Filings (Other Documents)

2:04-cv-09049-SGL-RNB Carter Bryant v. Mattel Inc

(RNBx), AO279, DISCOVERY, RELATED-G

### UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

### Notice of Electronic Filing

The following transaction was entered by Proctor, Brett on 1/3/2008 at 10:45 AM PST and filed on 1/3/2008

**Case Name:**      Carter Bryant v. Mattel Inc
**Case Number:**    2:04-cv-9049
**Filer:**          Mattel Inc
**Document Number:** 1439

**Docket Text:**
Order Granting in Part and Denying in Part Mattel's Motion to Compel Production of Documents by Isaac Larian; Denying Request for Sanctions filed by Defendant Mattel Inc re: MOTION to Compel [1092] (Proctor, Brett)

**2:04-cv-9049 Notice has been electronically mailed to:**

Timothy L Alger    timalger@quinnemanuel.com

Christa M Anderson    canderson@kvn.com

Michelle M Campana    michelle.campana@skadden.com

Jon D Corey    joncorey@quinnemanuel.com

Alexander H Cote    acote@obsklaw.com

Leah Chava Gershon    leah@spertuslaw.com

Emil W Herich    eherich@kmwlaw.com

Raoul D Kennedy    rkennedy@skadden.com

Alisa Morgenthaler Lever    amorgenthaler@chrisglase.com

Nathan Meyer    nmeyer@kayescholer.com, dclow@kayescholer.com

Cyrus S Naim    cyrusnaim@quinnemanuel.com

Thomas J Nolan    tnolan@skadden.com

EXHIBIT __1__

PAGE __27__

Mark E Overland     moverland@obsklaw.com

Michael H Page     mhp@kvn.com

Brett Dylan Proctor     dylanproctor@quinnemanuel.com

John B Quinn     johnquinn@quinnemanuel.com

David C Scheper     dscheper@obsklaw.com, feseroma@obsklaw.com

John Elliot Trinidad     jtrinidad@kvn.com, efiling@kvn.com, yjayasuriya@kvn.com

Audrey Walton-Hadlock     awaltonhadlock@kvn.com

Matthew M Werdegar     mmv@kvn.com

Michael T Zeller     michaelzeller@quinnemanuel.com

**2:04-cv-9049 Notice has been delivered by First Class U. S. Mail or by fax to: :**

John W Keker
Keker & Van Nest
710 Sansome St
San Francisco, CA 94111-1704

Kenneth A Plevan
Skadden Arps Slate Meagher & Flom
4 Times Sq
New York, NY 10036-6522

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**C:\Documents and Settings\laurakinsey\Desktop\Larian Order.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=1/3/2008] [FileNumber=5143390-0]
[5a2187944fc1d22750aedb257eb3d8e53a9b8728f71d46135a28ece1a78d4d01e2732
dde016f334ddcc72b8e691e63a2605761dac19ba72309568688b0698f2c]]

EXHIBIT ___1___

PAGE ___28___