QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
JOHN B. QUINN (State Bar No. 090378)
MICHAEL T. ZELLER (State Bar No. 196417)
JON D. COREY (State Bar No. 185066)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000; Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>The Honorable Stephen G. Larson<br><br>**MATTEL, INC.'S *EX PARTE* APPLICATION TO EXPEDITE THE COURT'S HEARING OF MATTEL'S MOTION FOR AN ORDER ENFORCING THE COURT'S DECEMBER 27 2007 ORDER COMPELLING ISAAC LARIAN TO PRODUCE CERTAIN DOCUMENTS**<br><br>**Phase 1:**<br>Discovery Cut-Off:   January 28, 2008<br>Pre-Trial Conference: May 19, 2008<br>Trial Date:               May 27, 2008 |

07209/2514746.1

MATTEL'S *EX PARTE* APPLICATION RE DECEMBER 27 2007 ORDER

# APPLICATION

Pursuant to the Federal Rules and Local Rule 7-19, Mattel, Inc. ("Mattel") respectfully submits this *ex parte* Application seeking to expedite the time for the Court to address Mattel's concurrently filed Motion for an Order Enforcing the Court's December 27 2007 Order Compelling Isaac Larian to Produce Certain Documents[1] (the "Motion").

Mattel respectfully asks the Court to grant this Application because (1) by its Motion Mattel is asking only that the Court issue an Order enforcing Judge Infante's December 27 2007 Order compelling Isaac Larian to produce authenticated documents sufficient to determine his net worth, gross income, and the sources of his gross income, including his financial gains, profits, and assets acquired with MGA funds or financing, and his tax returns for the years 2000 through 2006; and (2) Mattel will be unduly prejudiced if Larian is not compelled to comply with the December 27 2007 Order.

In his December 27, 2007 Order, Judge Infante ordered Isaac Larian to produce documents sufficient to show his net worth, gross income, and the sources of his gross income. Judge Infante specifically found that

> the requested information is likely to lead to information regarding payments from Larian to Bryant, which is relevant to, among other things, the timing of the creation of Bratz. The requested information is also likely to lead to show Larian's income and net worth, which are relevant to damages. . .
>
> Although Mattel has sought and obtained broad discovery of

---

[1] Order Granting in Part and Denying Part Mattel's Motion to Compel Production of Documents by Isaac Larian; Denying Request for Sanctions, dated December 27, 2007, attached as Exhibit 1 to the Declaration of Melissa Grant iso of the Motion ("Grant Dec.") filed currently herewith.

financial information from MGA, Mattel is also entitled to seek financial information directly from Larian.[2]

The Discovery Master conditionally denied Mattel's request for production of Larian's tax returns, "*provided that Larian complies with [the compelled document requests and produces..*"[3]

Larian's counsel produced ten pages of documents that they contend show Larian's gross income as reflected on his tax returns and net worth (the "Larian Net Worth Documents"). Those documents consist of two typed lists of assets and liabilities of Isaac and Angela Larian for 2006 and 2007, respectively, and a list of the name of banks without accounts or addresses and a list of Bear Stearns and Merrill Lynch accounts, organized by year. The preparer or source of those lists is not identified as the pages on which they appear is without letterhead. No source data is cited or provided.[4]

At deposition, Larian disputed the accuracy of those few pages of spreadsheets and was unable to authenticate them.[5] If Larian did not object to the admission of these documents into evidence, then the issue is moot. Larian, however, has objected to the accuracy and authenticity of those documents, meaning that Larian has failed to comply with Judge Infante's December 27, 2007 Order.

Given the explicit terms of the December 27 Order, Mattel had hoped that MGA and Larian would agree to the admission into evidence, for all purposes, of the Larian Net Worth Documents. Those documents are identified as Exhibits 11885 (MGA 3787275- MGA 3787279) and Exhibit 11266 (MGA 3787280- MGA 378283) on the Joint Exhibit List. When Mattel received MGA's objections to these

---

[2] Id.
[3] Id.
[4] See Grant Dec., Exh. 3 (Larian Net Worth Documents).
[5] Deposition of Isaac Larian ("Larian Depo"), dated March 26, 2008, Vol. 2, 498:11-509:10, Grant Dec., Exh. 4.

1  Exhibits on May 6, 2008, however, Mattel was disappointed to learn that MGA and
2  Larian have asserted a number of objections to these exhibits, including
3  completeness (Fed. R. Evid. 106), prejudicial and confusing (Fed. R. Evid. 403), and
4  relevance (Fed. R. Evid. 401-402).

5  Evidence of Larian's net worth and financial condition--including his
6  financial gains and profits from Bratz--are central to Mattel's aiding and abetting
7  claims, copyright infringement claims, damages claims, and the issue of Isaac
8  Larian's credibility, which are central to the Phase 1 trial starting on May 27, 2008.
9  It would severely prejudice Mattel's case to wait well into the Phase 1 trial, if not
10 until after trial, to get those documents through a regular briefing and hearing
11 schedule.

12 This application is based on this Application, the Declaration of
13 Melissa Grant in support of the Application and the Declaration of Melissa Grant in
14 support of the Motion filed concurrently with this application, the pleadings and
15 other papers on file in this action, and all matters of which the Court may take
16 judicial notice.

### Ex Parte Notice

18 Pursuant to Local Rule 7-19, on May 21, 2008, Amy Park, of Skadden
19 Arps et al., 300 South Grand Avenue, Suite 3400, amy.park@skadden.com, counsel
20 for MGA was notified of Mattel's intent to file this Application.  As the filing of this
21 application, Ms. Park advised Mattel whether MGA and Larian will oppose the
22 Application.

23
24 DATED:  May 21, 2008         QUINN EMANUEL URQUHART OLIVER & HEDGES LLP

25                              By  /s/ Jon D. Corey
26                                  Jon D. Corey
                                    Attorneys for Mattel, Inc.

27
28