```
 1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 090378)
 2    (johnquinn@quinnemanuel.com)
      Michael T. Zeller (Bar No. 196417)
 3    (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
 4    (joncorey@quinnemanuel.com)
      Timothy L. Alger (Bar No. 160303)
 5    (timalger@quinnemanuel.com)
    865 South Figueroa Street, 10th Floor
 6  Los Angeles, California 90017-2543
    Telephone: (213) 443-3000
 7  Facsimile: (213) 443-3100
```

 8  Attorneys for Mattel, Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>**[PUBLIC REDACTED]** NOTICE OF MOTION AND MOTION OF MATTEL, INC. FOR AN ORDER ENFORCING THE COURT'S DECEMBER 27 2007 ORDER COMPELLING ISAAC LARIAN TO PRODUCE CERTAIN DOCUMENTS<br><br>[Declaration of Melissa Grant filed concurrently herewith]<br><br>Hearing Date: TBA<br>Time: TBA<br>Place: TBA<br><br>**Phase I**<br>Pre-trial Conference: May 19, 2008<br>Trial Date: May 27, 2008 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on the next available motion date or as soon as counsel may otherwise be heard, in the courtroom of the Honorable Stephen G. Larson, located at 3470 Twelfth Street, Riverside, California 92501, plaintiff and counter-defendant Mattel, Inc. ("Mattel") will, and hereby does, move the Court for an order enforcing the Discovery Master's December 27 2007 Order Granting in Part and Denying in Part Mattel's Motion to Compel Production of Documents by Isaac Larian (the "December 27 2007 Order"); and for an Order requiring Larian to produce documents that he has authenticated that are sufficient to determine, calculate and/or evaluate his net worth, his gross income and the sources of his gross income (including his financial gains, profits collected and/or assets purchased or financed by MGA funds generated by Bratz) and his tax returns.

This Motion is made pursuant to Federal Rules of Civil Procedure 34 and 37 on the grounds that Isaac Larian has failed to comply with the December 27 2007 Order requiring him to produce certain documents and financial information.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Melissa Grant filed concurrently herewith, the records and files of this Court, and all other matters of which the Court may take judicial notice.

**Statement of Rule 37-1 Compliance**

The parties met and conferred regarding this motion on March 21, 2008, as well as on other occasions.

DATED: May 21, 2008           QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP


By /s/ _____
Jon D. Corey
Attorneys for Mattel, Inc.

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ........................................... 1

PRELIMINARY STATEMENT ........................................................................... 1

FACTUAL BACKGROUND ................................................................................ 1

ARGUMENT .......................................................................................................... 5

I. LARIAN SHOULD BE ORDERED TO COMPLY WITH THE DISCOVERY MASTER'S ORDER ............................................................. 5

    A. Larian Should Ordered To Comply with the December 27, 2007 Order and Produce Authenticated Documents Sufficient to Determine His Net Worth, Including His Financial Gain and Assets Purchased or Financed With MGA's Bratz-Related Revenue ........................................................................................... 5

        1. Evidence of Larian's Financial Gain and Self-Interested Profit is Relevant to His Credibility ................................................ 6

        2. Evidence of Larian's Assets and Bratz-Related Profits Are Essential to Mattel's Claim for Punitive Damages ........................ 8

        3. Larian Refuses to Comply with the Court's Order to Produce Documents Sufficient to Determine His Net Worth, Financial Condition, and Financial Gains From Bratz .................................................................................................. 9

CONCLUSION .................................................................................................... 10

# **TABLE OF AUTHORITIES**

**Page**

## **Cases**

*Adams v. Murakami,*
  54 Cal. 3d 105 (1991).................................................................................. 10

*Art Attacks, Inc. v. MGA Entertainment, Inc.,*
  United States District Court, Southern District of California,
  Case No. 04CV1035-B (May 2007)............................................................. 9

*Bancroft-Whitney Co. v. Glen,*
  64 Cal. 2d 327 (1966).................................................................................. 7

*Candle Corp. v. Boole & Babbage, Inc.,*
  1985 WL. 1087794 (C.D. Cal. 1985).......................................................... 7

*Casey v. U.S. Bank Nat'l Assoc.,*
  127 Cal. App. 4th 1128 (2005)................................................................... 7

*Cummings Medical Corp. v. Occupational Medical Corp.,*
  10 Cal. App. 4th 1291 (1992)..................................................................... 10

*Fonvisa, Inc. v. Cherry Auction, Inc.,*
  76 F.3d 259 (9th Cir. 1996)........................................................................ 7

*Heckmann v. Ahmanson,*
  168 Cal. App. 3d 119 (1985)...................................................................... 7

*Lara v. Cadag,*
  13 Cal. App. 4th 1061 (1993)..................................................................... 10

*Nielson v. Union Bank of California, N.A*
  290 F. Supp. 2d 1101 (C.D. Cal. 2003)...................................................... 7

*Pistorius v. Prudential Insurance Co.,*
  123 Cal. App. 3d 541 (1981)...................................................................... 10

*Zaxis Wireless Communications, Inc.,*
  89 Cal. App. 4th at 583 (net worth, revenues, net profit) ......................... 10

## **Statutes**

Fed. R. Evid. 106 ............................................................................................ 6

Fed. R. Evid. 401-402 .................................................................................... 6

Fed. R. Evid. 403 ............................................................................................ 6

Rule 30(b)(6) ........................................................................................... 4, 11

Rule 37-1 ........................................................................................................ 1

**Miscellaneous**

3 <u>Nimmer on Copyright</u> § 12.04 at 1270-72 (1995) .................................................. 7

Alan R. Bromberg & Lewis D. Lowenfels, <u>Aiding and Abetting Securities Fraud: A Critical Examination</u>, 52 Alb. L. Rev. 637, 739-48 (1988) ................................................................. 7

<u>Federal Rules of Civil Procedure</u> 34 ................................................................. 1

## MEMORANDUM OF POINTS AND AUTHORITIES

### Preliminary Statement

This Motion could not be more straightforward. Judge Infante compelled Isaac Larian to produce documents sufficient to show his net worth and gross income. Larian produced ten pages of documents that his counsel contends show Larian's gross income as reflected on his tax returns and net worth. At deposition, Larian disputed the accuracy of those few pages of spreadsheets and was unable to authenticate them.

If Larian did not object to the admission of these documents into evidence, then the issue is moot. Larian, however, has objected to the accuracy and authenticity of those documents, meaning that Larian has failed to comply with Judge Infante's December 27, 2007 Order. By this Motion, Mattel seeks an order compelling Larian to comply with the Order and, in light of the failure to comply, to produce his income tax returns for the period ordered.

### Factual Background

<u>The December 27, 2007 Order</u>. On June 13, 2007, Mattel propounded its First Set of Requests for Production of Documents and Things to Isaac Larian ("Requests for Production to Larian").[1] Among the document requests were the following:

REQUEST FOR PRODUCTION NO. 208:

Documents sufficient to establish YOUR gross income, and the sources of that gross income, for the years 1999 through the present, inclusive.

REQUEST FOR PRODUCTION NO. 209:

YOUR federal and state tax returns for each of the years 1999 through the present, inclusive.

---

[1] Mattel, Inc.'s First Set of Requests for Documents and Things to Isaac Larian, dated June 13, 2007 ("Requests for Production to Larian"), attached as Exh. 2 to the Declaration of Melissa Grant ("Grant Dec.").

REQUEST FOR PRODUCTION NO. 269:

Documents sufficient to show or calculate [Larian's] net worth on a yearly basis for each year from 1999 to the present.[2]

Larian filed his initial responses on August 6, 2007, but refused to produce documents responsive to Document Request Nos. 207 through 209, and 269 (relating to Larian's net worth and financial gains from Bratz).[3]

Mattel filed a motion to compel Larian to produce documents responsive to the Requests for Production to Larian on October 11, 2007.[4] By Order dated December 27, 2007 (the "December 27 2007 Order"), the Discovery Master granted Mattel's motion in part and ordered Larian to produce documents responsive to Document Request Nos. 207, 209, and 269.[5] Specifically, the Discovery Master ordered Larian to produce "documents sufficient to establish Larian's gross income and sources for such income for each year from 1999 to the present."[6] The Discovery Master found that

> the requested information is likely to lead to information regarding payments from Larian to Bryant, which is relevant to, among other things, the timing of the creation of Bratz. The requested information is also likely to lead to show Larian's income and net worth, which are relevant to damages. . .
> Although Mattel has sought and obtained broad discovery of

---

[2] Requests for Production to Larian, Grant Dec., Exh. 2.
[3] Order Granting in Part and Denying Part Mattel's Motion to Compel Production of Documents by Isaac Larian; Denying Request for Sanctions, dated December 27, 2007, Grant Dec., Exh. 1 (December 27 2007 Order).
[4] Id.
[5] Id.
[6] Id.

financial information from MGA, Mattel is also entitled to seek financial information directly from Larian.[7]

The Discovery Mattel also conditionally denied Mattel's request for production of Larian's tax returns in response to Document Request No. 209, *"provided that Larian complies with Requests Nos. 207, 208, and 269."*[8]

Larian's Document Production. In mid-January 2008, Larian produced 10 pages of documents, which his counsel represented contained documents sufficient to show Larian's net worth (the "Larian Net Worth Documents").[9] Those documents consist of two typed lists of assets and liabilities of Isaac and Angela Larian for 2006 and 2007, respectively, and a list of the name of banks without accounts or addresses and a list of Bear Stearns and Merrill Lynch accounts, organized by year. The preparer or source of those lists is not identified as the pages on which they appear is without letterhead. No source data is cited or provided.[10]

When Larian was asked in deposition about the Larian Net Worth Documents and whether he could verify the accuracy of the financial information in them, he testified that he could not. He had not seen them before and did not know if they were accurate.[11] In previous deposition testimony, MGA's Vice President of Taxation and Rule 30(b)(6) on financial issues, Lisa Tonnu, testified that she does not

---

[7] Id.
[8] Id.
[9] Declaration of Amy Park in Support of MGA Defendants' Reply in Support of their Motion to Quash Mattel, Inc.'s Subpoena to Bank of America, dated February 15, 2008 and the Larian Net Worth Documents (MGA 3787275 – MGA 3787283), Grant Dec, Exh. 3.
[10] Grant Dec., Exh. 3 (Larian Net Worth Documents).
[11] Deposition of Isaac Larian ("Larian Depo"), dated March 26, 2008, Vol. 2, 498:11-509:10, Grant Dec., Exh. 4.

handle Mr. Larian's personal finances and taxes and that she only assembles and sends documents to Larian's personal accountants, Moss Adams.[12]

Because the summary of Mr. Larian's net worth, prepared by persons unknown, is wrong, unverifiable, and does not "establish Larian's gross income and the sources of that income," nor provide "sufficient [information] to show or calculate [his] net worth on a yearly basis," Mattel is entitled and Larian should be ordered to produce to documents sufficient to establish his net worth and gross income.

Because of the December 27, 2007 Order, Mattel hoped that MGA and Larian would agree to the admission into evidence, for all purposes, of the Larian Net Worth Documents, which are identified as Exhibits 11885 (MGA 3787275-MGA 3787279) and Exhibit 11266 (MGA 3787280- MGA 378283) on the Joint Exhibit List. When Mattel received MGA's objections to these Exhibits on May 6, 2008, however, Mattel was disappointed to learn that MGA and Larian have asserted a number of objections to these exhibits, including completeness (Fed. R. Evid. 106), prejudicial and confusing (Fed. R. Evid. 403), and relevance (Fed. R. Evid. 401-402).

On March 21, 2008, Mattel's counsel sent an e-mail message to Larian's counsel, requesting that Larian comply with the December 27 2007 Order either by stipulating to the authenticity for all purposes of the "Larian Net Worth Documents" or, alternatively, produce his tax returns. Mattel's counsel further stated that if Larian refused to comply with the December 27, 2007, Mattel would be compelled to bring this Motion. MGA and Larian did not respond. This Motion followed.

---

[12] Deposition of Lisa Tonnu (Tonnu Depo), Vol. 4, 808:4-20, January 17, 2008, Grant Dec., Exh. 5.

## Argument

### I. LARIAN SHOULD BE ORDERED TO COMPLY WITH THE DISCOVERY MASTER'S ORDER

#### A. Larian Should Ordered To Comply with the December 27, 2007 Order and Produce Authenticated Documents Sufficient to Determine His Net Worth, Including His Financial Gain and Assets Purchased or Financed With MGA's Bratz-Related Revenue

Larian, a named defendant in this case, is MGA's founder, President, and CEO.[13] Since December 2000, he has been MGA's majority shareholder; he owns 81.82% of MGA's stock.[14] According to MGA's March 2001 Business Plan, "Larian oversees all divisions of the company."[15] According to Larian, "whatever [I say] at MGA goes."[16] Thus, evidence of Larian's net worth and his financial gains and self-interested profit from Bratz is not only relevant to Mattel's claims for damages, as Judge Infante found, but also to Mattel's claims against him for aiding and abetting Bryant's breaches of duty[17] and vicarious copyright infringement.[18] Moreover, such evidence is relevant to the issue of Larian's credibility.

---

[13] Transcript of Excerpted Portion of Trial, Art Attacks Ink, LLC v. MGA Entertainment, Inc., dated May 1, 2007 ("Art Attacks Tr.") at 7:21-24, Grant Dec., Exh. 6.

[14] Id. at 8:7-9, 24:17-23; see also Isaac and Angela Larian, Lists of Assets, 2006 and 2007 ("2006 and 2007 Net Assets") (MGA 3787276- MGA 3787277; MGA 3787279), Grant Dec., Exh. 3; Tonnu Depo, Vol. 4, 814:25-815:8, January 17, 2008, Grant Dec., Exh. 5.

[15] ABC International Traders, Inc., March 2001 Business Plan ("2001 Business Plan") at 10 (MGA 0050638 - MGA 0050660), Grant Dec., Exh. 8.

[16] Art Attacks Tr. at 8:14-17, Grant Dec., Exh. 6.

[17] Larian's financial gain from Bryant's tortious conduct is evidence corroborating Larian's "knowledge, substantial assistance, or both" of Bryant's breaches of duty. See Casey v. U.S. Bank Nat'l Assoc., 127 Cal. App. 4th 1128, 1144 (2005) (citing, inter alia, Alan R. Bromberg & Lewis D. Lowenfels, Aiding and Abetting Securities Fraud: A Critical Examination, 52 Alb. L. Rev. 637, 739-48 (footnote continued)

1. **Evidence of Larian's Financial Gain and Self-Interested Profit is Relevant to His Credibility**

Larian's compensation and financial gain from Bratz is also relevant to his credibility as a witness. Candle Corp. v. Boole & Babbage, Inc., 1985 WL 1087794 at *7 (C.D. Cal. 1985) (evidence of position and compensation of chief executive and sole shareholder of party corporation is relevant to credibility). The incredible amount of money Larian has made on Bratz -- and stands to lose -- proves bias. That bias cannot be shielded from the jury.

This is particularly true in that Larian's testimony has been less than consistent in his testimony about the salary and financial benefits he has received as a result of Bratz. In this case and in a previous case, Larian has maintained that because MGA is a privately held company he has no real income -- that he has "invest[ed] all the money [MGA] make[s] in the company, back into the company." [19] This is false. Larian has literally removed hundreds of millions of dollars from MGA.[20]

---

(1988) (financial gain has significance in aiding and abetting cases in determining whether knowledge or the substantial assistance requirements, or both, are satisfied). Simply put, because Larian was "an active participant in the breach of duty and reaped the benefit, [he] cannot disclaim the burden" of liability for that breach. Neilson v. Union Bank of California, N.A., 290 F. Supp. 2d 1101, 1107 (C.D. Cal. 2003) (emphasis added) (citing Heckmann v. Ahmanson, 168 Cal. App. 3d 119, 127 (1985); Bancroft-Whitney Co. v. Glen, 64 Cal. 2d 327, 353 (1966).

[18] A defendant is liable for vicarious copyright infringement if he has the right and ability to control the infringing activity and fails to do so, and "has a direct financial interest in such activity." Fonvisa, Inc. v. Cherry Auction, Inc., 76 F.3d 259, 262 (9th Cir. 1996); see also 3 Nimmer on Copyright § 12.04 at 1270-72 (1995).

[19] Art Attacks Tr. at 23:8-9; Grant Dec.; Exh. 6.

[20]

1    In addition, Larian has lied under oath about the salary and other
2    "compensation" he has received from MGA.
3    Attacks, Inc. v. MGA Entertainment, Inc.,

_____

), Grant Dec., Exh. 10.
The MGA financial spreadsheets, which Ms. Tonnu authenticated and testified were generated for purposes of this litigation, show that Larian received, 7 in total from MGA in 2003. See Transaction Journal (Tonnu Depo. Exh. 1354 (MGA 3787372 – MGA 3787397); Tonnu Depo Exhibit 1364 (MGA 3787400- MGA 3787426); Tonnu Depo 755:16-756:5; 787:8-787:16, Grant Dec., Exhs. 5, 11 and 12. Yet the Larian Net Worth Document--which Larian refuses to authenticate—shows that                                according to his income tax returns. See "Isaac Larian Total Income Per Tax Returns," 1999 through 2006 (MGA 3787278). Though these documents should provide the same or similar numbers for Larian's income, they vary by more than . for the year 2003 alone.

In addition, the MGA spreadsheets (which Ms. Tonnu authenticated and testified were created for purposes of this litigation) .

. See Grant Dec., Exhs. 11-20 and Tonnu Depo 755:16-756:5; 787:8-787:16, Grant Dec., Exh. 5; see also Expert and Expert Rebuttal Reports of Michael J. Wagner, dated February 11, 2008 and March 17, 2008, respectively, Grant Dec., Exhs. 22 and 23. In addition, MGA's audited

See Grant Dec. ¶ 26 and Exhs. 11-20.

Exh. 3 (MGA3787278).
[21] Art Attacks Tr. at 25:19-27:7; Grant Dec.; Exh. 6.

Larian's financial gains and self-interested profit from Bratz are relevant both to his credibility generally, and to his particular lies about these subjects under oath.

### 2. Evidence of Larian's Assets and Bratz-Related Profits Are Essential to Mattel's Claim for Punitive Damages

Evidence of a Larian's financial condition is also a prerequisite under California law to an award of punitive damages. See Adams v. Murakami, 54 Cal. 3d 105, 115-16 (1991); Lara v. Cadag, 13 Cal. App. 4th 1061, 1064 (1993). Such evidence includes evidence of Larian's assets and liabilities, and earnings and profits, not just evidence of "net worth" that is "subject to easy manipulation." Id. at 1065 n.3. Under California law a wide range of indicators of a defendant's wealth are to be considered in assessing punitive damages. See, e.g., Cummings Medical Corp. v. Occupational Medical Corp., 10 Cal. App. 4th 1291 (1992) (evidence of the profitability of the defendant's fraudulent conduct); Zaxis Wireless Communications, Inc., 89 Cal. App. 4th at 583 (net worth, revenues, net profit); Pistorius v. Prudential Insurance Co., 123 Cal. App. 3d 541, 554-55 (1981) (net income after taxes, gross assets, net worth).

---

[22] Grant Dec., Exh. 3 (MGA3787278).
[23] Id.

### 3. **Larian Refuses to Comply with the Court's Order to Produce Documents Sufficient to Determine His Net Worth, Financial Condition, and Financial Gains From Bratz**

The Discovery Master recognized the relevance of evidence of Larian's financial gains and net worth and order him to produce documents sufficient to determine those gains. Despite the Court's Order, Larian has failed to produce documents sufficient to determine and verify his net worth and his financial condition—let alone his financial gains from Bratz. The 10 pages of documents that MGA's counsel represented are sufficient information to show Larian's income, the sources of that income, and net worth are grossly insufficient. Those documents consist of two typed lists of assets and liabilities of Isaac and Angela Larian for 2006 and 2007, respectively, and a list of the name of banks without accounts or addresses and a list of Bear Stearns and Merrill Lynch accounts, organized by year.[24] The documents do not indicate who created the lists and do not identify the sources of information.[25]

Significantly, when Larian was asked in deposition about these documents and whether he could verify them, he testified that he could not. He claimed to have not seen them before and professed not to know if they were accurate.[26] In previous deposition testimony, MGA's <u>Rule</u> 30(b)(6) witness, Lisa Tonnu, testified that she did

c                                                                               .[27] So, neither Larian nor MGA have confirmed the source, accuracy, or completeness of the documents. MGA and Larian are trying to hide the ball while misleading the Discovery Master as to what they did in discovery.

---

[24] Grant Dec, Exh. 3 (MGA3787275 – MGA 3787270).
[25] <u>Id.</u>
[26] Excerpts form Larian Depo., at 498:11-509:10, Grant Dec., Exh. 4.
[27] Tonnu Depo. at 808:4-20, Grant Dec., Exh. 5.

Moreover, the documents produced by MGA and authenticated by Ms. Tonnu conflict with the Larian Net Worth Documents. For example, the MGA spreadsheets that purportedly show all distributions to Larian in certain years show that           Yet Larian's Net Worth Document          . Though these documents should provide the same or similar numbers for Larian's income, they vary by more than        ars for the year 2003 alone.[30]

Given the gross deficiencies in the documents Larian has produced to date regarding his net worth and financial condition, and the fact that Larian himself refuses to confirm their accuracy and completeness, the Court should order Larian to comply with the December 27 2007 Order and produce not only authenticated documents sufficient to determine his net worth, but also his tax returns for the years 2000 through 2006.

### Conclusion

For the foregoing reasons, Mattel respectfully requests that the Court grant Mattel's Motion in its entirety.

DATED: May 21, 2008         QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/
Jon D. Corey
Attorneys for Mattel, Inc.

---

[28] Grant Dec, Exhs. 11-12.
[29] Grant, Dec., Exh. 3 (MGA3787278).
[30] See supra, note 20.