THOMAS J. NOLAN (Bar No. 66992)
(tnolan@skadden.com)
JASON D. RUSSELL (Bar No. 169219)
(jrussell@skadden.com)
MARINA V. BOGORAD (Bar No. 217524)
(mbogorad@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue, Ste. 3400, Los Angeles, CA 90071-3144
Tel.: (213) 687-5000 / Fax: (213) 687-5600

RAOUL D. KENNEDY (Bar No. 40892)
(rkennedy@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
4 Embarcadero Center, Suite 3800
San Francisco, CA 94111-5974
Tel.: (415) 984-2698 / Fax: (415) 984-2626

Attorneys for MGA Enter., Inc., MGA Enter. (HK) Ltd.,
MGAE de Mexico, S.R.L. de C.V., and Isaac Larian

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>　　　　　Defendant.<br><br>AND CONSOLIDATED ACTIONS. | CASE NO.: CV 04-9049 SGL (RNBx)<br>Consolidated with Case No. 04-9059<br>and Case No. 05-2727<br><br>Honorable Stephen G. Larson<br><br>REPLY MEMORANDUM IN FURTHER SUPPORT OF THE SUPPLEMENTAL DECLARATION OF MARINA V. BOGORAD<br><br>Pretrial Conference: May 21, 2008<br>Trial Date: May 27, 2008 |

The MGA Parties provided the Court with the MGA Parties' Supplemental Declaration of Marina V. Bogorad in Further Support of the MGA Parties' Motion for Partial Summary Judgment dated May 19, 2008 ("Supplemental Bogorad Declaration") to establish that, contrary to its assertions, Mattel knew about Carter Bryant's agreement with MGA dated September 18, 2000 and his BRATZ sketches <u>prior to</u> the date it claims (November 24, 2003). As explained during oral argument on May 19th, this fact has critical significance as Mattel's copyright claims (by their own admission) accrued no later than when they learned of Bryant's contract and the drawings that were prepared at some point before he left Mattel. As Mattel did not file its copyright claims until November 20, 2006 (and did not even register its purported copyrights until October 2006), but either possessed or knew about Bryant's contract and drawings no later than September 23, 2003, Mattel's copyright claims are indisputably time-barred.[1]

Because this evidence was only recently introduced, the Court understandably gave Mattel an opportunity to refute this critical fact. Mattel's only response is to deny that it saw the drawings in September of 2003. That Mattel did not see the drawings is of no moment in light of the fact that Mattel does not deny that it was aware of the contract between MGA and Bryant (and more, importantly, the date that it was entered, i.e., before Bryant left Mattel) and that the contract purported to transfer drawings made by Bryant at a time when he might have been under contract to Mattel. **Mr. Moore, the only witness offered by Mattel, does <u>not</u> deny that Mattel took possession of a copy of the City World claim on or about September 23, 2003.**[2] Nor could he credibly do so, as Mattel admitted in a timeline it

---

[1] Mattel's suggestion that MGA has conceded that the copyright claim could not have accrued before Mattel saw the drawings is completely false. Counsel's position then, and now, is that this is the latest date that Mattel's claims could have accrued, although there is ample reason (and more than enough for a jury to determine) that Mattel's copyright claims actually accrued much earlier.

[2] Indeed, the only protest that Mattel makes is that the documents show that in correspondence, Hong Kong counsel stated it was under no obligation to turn over the drawings until some sort of agreement was reached with Mattel. The letter does not say, and Mattel does not assert, that Mattel would not be given (or had not already received) a copy of the City World claim, which would have been accessible to them.

prepared internally and produced at the deposition of its 30(b)(6) witness Kathleen Simpson-Taylor that, "Mattel obtains a copy of MGA/Cityworld claim" on September 23, 2003. (See Supp. Bogorad Decl., Ex. 145.) Unfortunately, at that time Mattel did not produce the Cityworld claim referenced in the time-line, choosing instead to produce a September 23, 2003 fax that was missing approximately sixteen pages (coincidentally, roughly the number of pages of the Cityworld claim). Mattel now, having failed to do so in discovery, produces what it claims is the entire September 23, 2003 fax, but there are substantial questions surrounding Mattel's assertion as the documents it now relies upon, (a) were not produced before, although clearly sought, (b) are redacted in material respects even though such redactions do not appear on their redactions log, and (c) appear to have been doctored or manipulated in some fashion.[3]

It is obvious why Mattel does not want to admit that it received the Cityworld claim in September of 2003, because a review of the MGA/Cityworld Claim reveals that it states clearly and unequivocally that Bryant created the 17 sketches at issue in this case between 1998 and 2000, a period when he was employed periodically by Mattel:

> 17 design drawings of various fashion dolls made . . . by Carter Bryant between 1998 and 2000 . . . . The terms and conditions of the commission are set out in an agreement made between [MGA] and Mr. Bryant dated 18 September 2000.

---

[3] The September 23, 2003 fax provided by Mattel at Ms. Simpson-Taylor's deposition was missing approximately 16 pages. Mattel now purports to provide these missing pages to the Declaration of Michael Moore dated May 21, 2008, although there are substantial reasons to doubt that the supposedly "missing" pages that Mattel now provides are in fact what was then received because this "complete" fax (1) contains a redacted cover sheet (without justification) that does not appear on Mattel's privilege log so there is no way to know what was purportedly being sent; and (2) contains a fax line with inconsistent time and page stamps on the header. First, the page numbers on the fax line are numbered "01, 02, 03 . . ." up to page 11, at which point the numbering changes to "11/46, 12/46, 13/46 . . . ." Given Mattel's own allegations of fraudulently white-out fax lines, it is surprising this mysterious fax comes with no explanation. (See Declaration of Michael Moore dated May 21, 2008, Ex. A at 5.) At a minimum, this presents a genuine issue for a jury to consider, as it appears that Mattel may have deliberately, (a) withheld critical evidence, and (b) even after producing the evidence, doctored it to try and defeat the statute of limitations issue.

1 (See id., Ex. 143 at 4; see also Declaration of Dexter Lam dated May 20, 2008.)[4]

2 <u>This description is all Mattel needed to be on notice of its copyright claims against Bryant and MGA because a copyright claim does not require any intent by MGA or even any knowledge of MGA that Bryant was a Mattel employee at the time – all that is required for Mattel's purposes is that it saw that Bryant potentially designed something at a time when he was an employee and he contracted it away to a competitor.</u> Although Mattel denies that it saw Bryant's drawings at this time, it was not necessary to put Mattel on notice because Mattel knew that the drawings were made between 1998 and 2000, when Bryant was off-and-on a Mattel employee subject to various contracts with Mattel.

Because, (1) Mattel's own documents establish that Mattel received this document on September 23, 2003, (2) the clear and unequivocal description of facts within this Claim give rise to its claims against Carter Bryant and MGA, and (3) Mattel fails to deny that it did not see or hear about Bryant's drawings in their Response filed on May 21, 2008, the only rational inference is that Mattel knew about Carter Bryant and MGA's alleged infringement in September 2003, two full months before Mattel claims it knew about these facts.[5] Consequently, Mattel's copyright claims are time-barred because Mattel knew the critical facts in September 2003, but did not file a copyright claim until November 2006 – more than three years later.[6] At a minimum, there is at least a genuine issue of material fact on the

---

[4] The document referenced by Mattel and submitted by the MGA Parties is the Statement of Claim filed by ABC International Traders, Inc. d/b/a as MGA Entertainment on July 3, 2002 against Toys & Trends (Hong Kong) Limited, Cityworld Limited, and Jurg Willi Kesserling. (See Supp. Bogorad Decl., Ex. 143.)

[5] The MGA Parties continue to assert, however, that Mattel knew of many of its claims against Bryant and the MGA parties as early as October 2000 but certainly no later than March 2002. As the MGA Parties continue to urge, Mattel's claims are all time-barred. Mattel has not disputed the MGA Parties' contention that Mattel was on notice of its claims as early as October 2000 but no later than March of 2002. Thus, all of Mattel's claims were stale years before it filed them in November of 2006, and this Court may grant the MGA Parties' motion for partial summary judgment in its entirety on these grounds alone. (See MGA SJ at

[6] As demonstrated during the hearing on May 19th and explained in more detail in the MGA Parties' motion for partial summary judgment, Mattel may not rely on relating back under 15(c) as it had not registered any copyright in the 17 drawings until October 2006 and thus is precluded as a matter of law from relying on relation back principles as to <u>any</u> defendant.

statute of limitations question.

In addition, as Mattel's own chronology shows (Supp. Bogorad Decl., Ex. 145), Mattel's counsel Robert Normile had several phone calls during September with Cityworld counsel Danny Yu, whose initial contact with Mattel was based on his belief that BRATZ may be infringing. Cityworld counsel Danny Yu wrote to Mattel's counsel Robert Normile on September 4, 2003, and suggested that MGA might not even own the copyright to BRATZ and that it might instead belong to Mattel. We know from Mattel's own chronology that in response to this suggestion, Mattel asked for and received the Cityworld claim on or about September 23, 2003. To suggest otherwise would strain credulity as obviously Mattel would have been keenly interested in learning all the details as quickly as possible that a former Mattel employee, who designed a product that was killing Barbie in the market, may have designed BRATZ while under contract to Mattel. As Mattel does not deny that it was told such details, a jury should be allowed to hear this evidence and decide for itself whether Mattel in fact was told these facts far earlier than it has previously admitted.

Coupled with the evidence that had accumulated from the day Carter Bryant left Mattel to the toy fairs to the press on BRATZ to the Mattel design center buzz and "common knowledge" to Mattel's inept March 2002 investigation, it was not necessary for Mattel to see the drawings. Indeed, the MGA Parties continue to present additional evidence of Mattel's early notice of Bryant's involvement with MGA and BRATZ, specifically the notes of an internal Mattel product meeting dated October 24, 2002 which states that "the former Mattel designer who is a creator of Bratz was named Bryant." (See Declaration of Thomas J. Nolan dated May 21, 2008, Ex. 148.) Mattel cannot sustain this charade any longer, and cannot continue to shroud its knowledge with its current claim that its earlier investigations into Bryant's activities were tied to infringement of Toon Teens, particularly given its representations before Judge Manella with respect to its remand briefing that its state court lawsuit against Bryant was never tied to copyright infringement of Toon Teens. (See, e.g., Mattel Motion for Remand dated November 30, 2004 at 14 (challenging Bryant's argument

1 | that Mattel's lawsuit is based on potential Toon Teens infringement).) Mattel's inconsistent
2 | and strategic maneuvering becomes less credible by the day.
3 |      Because the MGA Parties have raised – time and again – ample facts to show that
4 | Mattel was on notice of its claims outside the limitations period, its motion for partial
5 | summary judgment should be granted and Mattel's motion for partial summary judgment
6 | must be denied.  See Senger v. United States, 103 F.3d 1437, 1443 (9th Cir. 1995)
7 | (overruling grant of summary judgment where plaintiff had presented evidence that
8 | government had at least constructive knowledge of employee's violent tendencies thereby
9 | creating a genuine issue of material fact as to negligence).  At a minimum, the Court should
10 | find that there are genuine issues of material fact and allow a jury to decide.

DATED: May 22, 2008        SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: _____/s/_____
Jason D. Russell
Attorneys for the MGA Parties