THOMAS J. NOLAN (Bar No. 66992)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue
Los Angeles, California 90071-3144
Telephone: (213) 687-5000
Facsimile: (213) 687-5600
E-mail: tnolan@skadden.com

RAOUL D. KENNEDY (Bar No. 40892)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Embarcadero Center, 38th Floor
San Francisco, California 94111-5974
Telephone: (415) 984-6400
Facsimile: (415) 984-2698
E-mail: rkennedy@skadden.com

Attorneys for Counter-Defendants
MGA Entertainment, Inc., MGA Entertainment (HK) Limited,
MGAE De Mexico, S.R.L. De C.V.,
and ISAAC LARIAN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation<br><br>Defendant.<br><br>Consolidated with MATTEL, INC. v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case No. 04-9059 and Case No. 05-2727<br><br>**MGA'S OPPOSITION TO MATTEL, INC.'S *EX PARTE* APPLICATION TO EXPEDITE THE COURT'S HEARING OF MATTEL'S MOTION FOR AN ORDER ENFORCING THE COURT'S DECEMBER 27, 2007 [*SIC*] ORDER COMPELLING ISAAC LARIAN TO PRODUCE CERTAIN DOCUMENTS**<br><br>[Declaration of Philip W. Marsh filed concurrently herewith]<br><br>Hearing Date: TBD<br>Time: TBD<br>Place: TBD<br><br>Phase 1 Trial Date: May 27, 2008 |

## OPPOSITION

Mattel's Application seeks expedited hearing of a motion concerning the admissibility of certain evidence dressed up as a motion to enforce a prior discovery order.[1] There is no need to expedite hearing on this matter, and Mattel's application should be denied for the following reasons.

*First*, Mattel's underlying Motion to Enforce has already been addressed by the Court on May 21, 2008, and the Court correctly held that the matters raised by Mattel's Motion to Enforce are not admissible for Phase 1-A. Mattel's Motion to Enforce seeks information related to Mr. Larian's "net worth, gross income, and the sources of his gross income."[2] During the May 21, 2008 hearing, however, the Court considered MGA's Motion *in Limine* No. 2 to Exclude All Evidence Relating to Isaac Larian's Wealth and Assets, and indicated that the very information Mattel is seeking should not be admitted into Phase 1-A:

> The second motion *in limine* of MGA relates to exclude all evidence of Isaac Larian's wealth and assets.
>
> My thought here is that, <u>certainly, Mr. Larian's wealth and assets as a general topic, is not properly introduced.</u> His financial gain specifically from Bratz, from the Bratz doll, would be relevant, certainly, in <u>Phase 1-B</u> in terms of damages; so to the extent that is what the evidence is geared towards, I'd be inclined to let it in. If it's just his overall wealth and assets that he has that are unrelated to Bratz and MGA and are out there, that certainly would be beyond -- let's put it this way: reading the briefs, I don't see any relevance for that.[3]

---

[1] Mattel's Application states that it seeks expedited consideration for its Motion to Enforce the "December 27, 2007 Order," but no such order exists. Mattel appears to be referring to the Discovery Master's December 31, 2007 Order Granting in Part and Denying in Part Mattel's Motion to Compel Production of Documents by Isaac Larian; Denying Request for Sanctions, which is attached as Exhibit 1 to the Declaration of Melissa Grant attached to Mattel's Motion to Enforce.

[2] *Ex Parte* App. at 1:15-17; 3:5-11.

[3] Declaration of Philip W. Marsh in support of MGA's Opposition to Mattel's *Ex Parte* Application, filed concurrently herewith ("Marsh Decl."), Ex. 1 (5/21/08 Transcript (Rough)) at 48:24-49:10 (emphasis added, capitalization changed for readability).

-1-

1  Based on these concerns, the Court granted in part and denied in part MGA's Motion
2  *in Limine* No. 2, indicating that any financial information of Mr. Larian's that is
3  admissible would only be admissible for Phase 1-B, and only after liability is found
4  in Phase 1-A:

> THE COURT: ... I will grant in part and deny in part this motion *in limine*. I will certainly allow Mattel to bring in any evidence of Mr. Larian's interest in the company, any evidence that relates to what he stood to gain from the alleged fraudulent activity, alleged activity in the complaint.
>
> <u>But part of the whole point of dividing this into 1-A and 1-B is to keep the actual financial breakdown, the revenues that came in from Bratz, et cetera, in that second phase, and they only get to it if, in fact, they found the liability on various claims in 1-A.</u>[4]

Mattel's *Ex Parte* Application is based on alleged prejudice if trial (i.e., Phase 1-A) begins on May 27, 2008 without Mattel receiving this information.[5] Because, as the Court has already held, this information is only relevant to Phase 1-B, and then only if liability is found on certain claims in Phase 1-A, there is no need to expedite hearing on these issues. The Court can address these issues in due course.

*Second*, Mattel's Motion to Enforce is, at its core, is nothing but a dispute concerning the admissibility of certain documents relating to Isaac Larian's financial condition. As Mattel makes clear in its moving papers, Mattel brings this motion only because MGA and Isaac Larian have objected to the admissibility of those documents.[6] Mattel has attempted to transmute this evidentiary dispute into an alleged violation of the Discovery Master's Order. As discussed above, the Court has already ruled that evidence of this type will not be admissible in Phase 1-A of the

---

[4]  Marsh Decl., Ex. 1 at 54:16-55:1 (emphasis added, capitalization changed for readability).
[5]  *Ex Parte* App. at 3:5-11.
[6]  Mot. to Enforce at 1:9-10 ("If Larian did not object to the admission of these documents into evidence, *then the issue is moot*.") (emphasis added); *Ex Parte* App. at 2:15-16.

trial. To the extent Mattel seeks to verify "the accuracy and authenticity" of documents that MGA has produced,[7] they should do so by means of a proper motion, and not by means of the present *Ex Parte* Application for an expedited hearing. Issues concerning the accuracy and authenticity of documents can be handled in due course.

*Third*, contrary to Mattel's claims of urgency and potential prejudice, Mattel has delayed bringing its Motion to Enforce. The most recent material event Mattel references in its Motion to Enforce is the deposition of Isaac Larian, which occurred on March 26, 2008—nearly two months ago.[8] At that time Mattel had all of the facts it now alleges in its Motion to Enforce. Mattel's own delay demonstrates that no expedited hearing is necessary here.

*Finally*, Mattel failed to meet and confer in good faith as required under both the Federal Rules of Civil Procedure and the Local Rules. Fed. R. Civ. P. 37(a)(1); L.R. 37-1. Mattel first notified MGA of this issue when Mattel's counsel, Jon Corey, sent an email to MGA's Counsel, Amy Park, on May 21, 2008 at 1:12 a.m., asking for a stipulation with regard to the documents concerning Isaac Larian's financial condition, and threatening to seek expedited relief.[9] Just 12 hours later, at 1:11 p.m. on May 21, 2008, without waiting for a response from MGA, Mattel filed a notice of manual filing for certain exhibits to the declaration of Melissa Grant supporting its (apparently already-prepared) Motion to Enforce.[10] Mattel then sent an email at 11:36 p.m. on May 21, 2008, indicating that it intended to seek an expedited hearing on an *ex parte* basis[11] and, again without waiting for MGA's response, filed the

---

[7]   Mot. to Enforce at 1:9-12.
[8]   Mot. to Enforce at 3 n.11.
[9]   Declaration of Melissa Grant in Support of Mattel's *Ex Parte* Application ("Grant Decl."), Ex. 1 at 1-2.
[10]  Marsh Decl., Ex. 2.
[11]  Grant Decl., Ex. 1 at 1.

-3-

1 | present *Ex Parte* Application along with its Motion to Enforce minutes later at 12:16
2 | a.m.[12]— less than 24 hours after Mr. Corey's initial email on the subject. Contrary to
3 | Mattel's statements that the parties met and conferred "on March 21, 2008, as well as
4 | on other occasions,"[13] the parties did not meet and confer *at all* before Mattel filed its
5 | *Ex Parte* Application and Motion to Enforce. Mattel should not be rewarded for its
6 | conduct.[14]

8 | For the above reasons, Mattel's *Ex Parte* Application should be denied.
9 | MGA's substantive opposition to Mattel's Motion to Enforce will be filed in due
10 | course to address substantive arguments made therein.

DATED: May 22, 2008

Respectfully submitted,

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

By: _____/s/ Thomas J. Nolan_____
THOMAS J. NOLAN

Attorneys for Counter-Defendants
MGA Entertainment, Inc., MGA
Entertainment (HK) Limited,
MGAE De Mexico, S.R.L. De C.V.,
and ISAAC LARIAN

---

[12] Marsh Decl., Ex. 3.
[13] Mot. to Enforce: at Notice 2:21-22.
[14] Tellingly, Mattel does not even address the "good faith" requirement of Fed. R. Civ. P. 37(a)(1).

-4-