# EXHIBIT 1

**THIS EXHIBIT IS FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 2

**THIS EXHIBIT IS FILED UNDER SEAL
PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 3

**THIS EXHIBIT IS FILED UNDER SEAL
PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 4

**THIS EXHIBIT IS FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 5

**THIS EXHIBIT IS FILED UNDER SEAL
PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 6

**THIS EXHIBIT IS FILED UNDER SEAL
PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 7

AO88  (Rev. 12/06) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

CENTRAL   DISTRICT OF CALIFORNIA

CARTER BRYANT, an individual,

v.

MATTEL, INC., a Delaware corporation,

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] CV 04-9049 SGL  (RNBx)

TO:  Ana Isabel Cabrera
     4824 W 123rd Street
     Hawthorne, CA 90250

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. Testimony will be recorded stenographically and by a videographer.

| PLACE OF DEPOSITION<br>Doubletree Hotel<br>1985 E Grand Ave, El Segundo, CA 90245 | DATE AND TIME<br>January 24, 2008<br>9:30 a.m. |
|---|---|

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Plaintiff | January 16, 2008 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
James J. Webster, Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor, Los Angeles, CA 90017 (213) 443-3000

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

Exhibit 7
Page 60

AO-88

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| ~~SERVED~~ | 1/16/2008 | 4824 West 123rd Street<br>Hawthorne, CA 90250 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| ~~ANA ISABEL CABRERA~~<br>(Witness Fee Paid $50.00) | Personal<br>(Served 1-16-08 at 7:10 p.m.) |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| ~~John Erickson~~ | Process Sever |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

| Executed on | 1/17/2008 | *John Erickson* |
|---|---|---|
| | DATE | SIGNATURE OF SERVER |

Now Legal Service, 1301 W. 2nd St., #206, Los

ADDRESS OF SERVER

Angeles, CA 90026, (213) 482-1567, L.A. Cty. #5426

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may be in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## 7

Exhibit

Page 61

# EXHIBIT 8

AO88  (Rev. 12/06) Subpoena in a Civil Case

Issued by the

## UNITED STATES DISTRICT COURT

CENTRAL     DISTRICT OF  CALIFORNIA

CARTER BRYANT, an individual,

### SUBPOENA IN A CIVIL CASE

V.

MATTEL, INC., a Delaware corporation,

Case Number:[1]  CV 04-9049 SGL  (RNBx)

TO:  Beatriz T. Morales
     4835 W 112th Street
     Inglewood, CA 90304

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. Testimony will be recorded stenographically and by a videographer.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Doubletree Hotel | January 25, 2008 |
| 1985 E Grand Ave, El Segundo, CA 90245 | 9:30 a.m. |

☐  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

   Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Plaintiff | January 16, 2008 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
James J. Webster, Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor, Los Angeles, CA 90017 (213) 443-3000

Exhibit 8
Page 62

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 1/16/2008 | 4835 West 112th Street<br>Inglewood, CA 90304 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| BEATRIZ T. MORALES<br>(Witness Fee Paid $50.00) | Personal<br>(Served 1-16-08 at 7:00 p.m.) |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| John Erickson | Process Sever |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on     1/17/2008
                 DATE

_Jon Erickson_
SIGNATURE OF SERVER

Now Legal Service, 1301 W. 2nd St., #206, Los
ADDRESS OF SERVER

Angeles, CA 90026, (213) 482-1567, L.A. Cty. #5426

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (c)(3)(A)(ii) of subparagraph (c)(3)(A).



Exhibit 8
Page 63

**EXHIBIT 9**

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
CENTRAL___ DISTRICT OF CALIFORNIA

CARTER BRYANT, an individual,

### SUBPOENA IN A CIVIL CASE

v.

MATTEL, INC., a Delaware corporation,

Case Number:[1] CV 04-9049 SGL (RNBx)

TO:  Maria Elena Salazar
     11064 Amigo Ave.
     Porter Ranch, CA 91326

[ ] YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

[X] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. Testimony will be recorded stenographically and by a videographer.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart Oliver & Hedges LLP 865 S. Figueroa St, 10th Fl, Los Angeles, CA 90017 | January 28, 2008 9:30 a.m. |

[ ] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
|  |  |

[ ] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Plaintiff | January 22, 2008 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
James J. Webster, Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor, Los Angeles, CA 90017   (213) 443-3000

Exhibit 9
Page 64

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

AO88  (Rev.  12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | 1/22/2008 | Bally Total Fitness 9143 Desoto Ave. Chatsworth, CA 91311 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Maria Elena Salazar | Personal |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Terrance Cummings | Private Investigator |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  1/23/2008
DATE

SIGNATURE OF SERVER  Terrance Cummings
445 So. Figueroa St., Suite 3215
Los Angeles, CA 90071
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

Exhibit 9
Page 65

# EXHIBIT 10

01/23/2008  16:09  1323  660                    LAW OFFICES OF              PAGE 01/02

# ALLRED, MAROKO & GOLDBERG
### 6300 WILSHIRE BLVD., SUITE 1500
### LOS ANGELES, CALIFORNIA 90048-5217
### Phone (323) 653-6530

## TELECOPIER TRANSMITTAL

---

PLEASE DELIVER TO:

      NAME:     James Webster, Esq.

      COMPANY: Quinn Emanuel Urquhart Oliver & Hedges

      TELECOPY PHONE NUMBER: 213/443-3100
                        Phone: 213/443-3000

DESCRIPTION:    Re: *Mattel v. Bryant, Depositions of Ana Cabrera and Beatrice Morales*

MESSAGE FROM:    María G. Díaz, Esq.

      DATE: January 23, 2008          TIME: _3 10_

      TELECOPY PHONE NUMBER:  (323) 653-4712

      NUMBER OF PAGES including this cover sheet: _2_

          ____  Original will not follow
          _x_  Original will follow by:
          ____  Hard copy will follow by:

  _x_  Regular Mail        ___  Overnight Courier        ___  Hand Delivery

*THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING THE MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED.  IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE, AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE. THANK YOU.*

COMMENTS:

---

Please call Jocelyn at (323) 653-6530 if you do not receive all pages or if message is not legible.

Exhibit *10*
Page 66

01/23/2008  16:09    13236  ⟩60                 LAW OFFICES OF                              PAGE  02/02

*Law Offices*

## ALLRED, MAROKO & GOLDBERG
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS

6300 WILSHIRE BOULEVARD
SUITE 1500
LOS ANGELES, CALIFORNIA 90048
(323) 653-6530
FAX (323) 653-1660
www.amglaw.com

NATHAN GOLDBERG*
MICHAEL MAROKO*
GLORIA R. ALLRED*
JOHN S. WEST
DOLORES Y. LEAL
R. TOMÁS OLMOS
RENEE MOCHKATEL
MARGERY N. SOMERS
MARÍA G. DÍAZ

*A PROFESSIONAL CORPORATION

E-MAIL:
mdiaz@amglaw.com

January 23, 2008
*VIA U.S. MAIL & FACSIMILE*

James J. Webster, Esq.
QUINN EMANUEL URQUHART OLIVER & HEDGES
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017

**RE: Mattel v. Bryant, Depositions of Ana Cabrera and Beatrice Morales**

Dear Mr. Webster:

Please be advised that we been retained by Ana Cabrera and Beatrice Morales in connection with the above entitled matter. We have just learned that both our Clients were served with deposition subpoenas on January 16, 2008 for appearance on January 24, 2008 and January 25, 2008, respectively.

Given that our Clients have just retained Counsel, they are not prepared to go forward with their depositions as currently scheduled.

Accordingly, please contact me to discuss other mutually agreeable dates for their depositions.

Very truly yours,

ALLRED, MAROKO & GOLDBERG

**DICTATED BUT NOT READ**

MARÍA G. DÍAZ

MGD:jg

cc: Ana Cabrera
    Beatrice Morales
    Thomas J. Nolan, Esq.
    Michael H. Page, Esq.
    Alexander H. Cote, Esq.

Exhibit *10*
Page 67

The attached fax was received from 13236531660 on 1/23/2008 at 3:11:30 PM

JobID: 080498

Exhibit _10_
Page 68

# EXHIBIT 11

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR TIMES SQUARE

NEW YORK 10036-6522

TEL: (212) 735-3000
FAX: (212) 735-2000
www.skadden.com

FIRM/AFFILIATE OFFICES
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON

BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

DIRECT DIAL
212-735-2578
DIRECT FAX
917-777-2578
EMAIL ADDRESS
PECKLES@SKADDEN.COM

January 24, 2008

**VIA FACSIMILE & EMAIL**
Jon D. Corey
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017

RE:     Bryant v. Mattel, Inc.

Dear Mr. Corey:

        I write regarding depositions.  In light of our motion to quash the depositions subpoenas directed to Mel Woods, Daphne Gronich, Joe Tiongco, Ana Isabel Cabrera, Beatriz Morales, Maria Elena Salazar and NPD Group, Inc, and our related request for a stay of the depositions, we regard all of these depositions as "off" for the time being.  Obviously, if Discovery Master Infante denies our request for a stay we can revisit this issue.

        Please inform any of these witnesses whom you have subpoenaed that there is a pending motion relating to their deposition and that their appearance for the time being will not be necessary.

Very truly yours,

Paul M. Eckles

cc:     Michael Page, Esq.

Exhibit 11
Page 69

**EXHIBIT 12**

**Tiffany Garcia**

| | |
|---|---|
| **From:** | James Webster |
| **Sent:** | Friday, January 25, 2008 4:52 PM |
| **To:** | 'pmeckles@skadden.com' |
| **Cc:** | Michael T Zeller; Jon Corey |

**Subject:** Paul - I am following up on the voicemail I just left for you

I refer to your letter of January 24, 2008 to Jon Corey, in which you state that "we regard all these depositions as "off" for the time being." This includes Maria Salazar's deposition, which as you know is scheduled for this coming Monday. It is now Friday evening. We have had no communication from Salazar or any attorney that may be representing her to the effect that she will not be appearing. If you have any knowledge as to whether she is represented by counsel, and/or whether she is intending to appear for the deposition, we request that you please let us know as soon as possible.

Please be aware that Mattel does not recognize MGA's power to simply cancel a deposition which has been properly noticed and for which the deponent has been served. Mattel must reserve its rights to recover its costs and fees associated with MGA's unilateral action.

Thank you.


James Webster
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3132
Main Phone: (213) 443-3000
Main Fax: (213) 443-3100
E-mail: jameswebster@quinnemanuel.com
Web: www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

Exhibit *12*
Page 70

1/28/2008

**EXHIBIT 13**

1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 090378)
2     johnquinn@quinnemanuel.com
      Michael T. Zeller (Bar No. 196417)
3     (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
4     (joncorey@quinnemanuel.com)
      Timothy L. Alger (Bar No. 160303)
5     (timalger@quinnemanuel.com)
    865 South Figueroa Street, 10th Floor
6   Los Angeles, California  90017-2543
    Telephone:  (213) 443-3000
7   Facsimile:  (213) 443-3100

8   Attorneys for Mattel, Inc.

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11                  EASTERN DIVISION

12  CARTER BRYANT, an individual,        CASE NO. CV 04-9049 SGL (RNBx)

13              Plaintiff,               Consolidated with
                                         Case No. CV 04-09059
14      vs.                              Case No. CV 05-02727

15  MATTEL, INC., a Delaware             **Hon. Stephen G. Larson**
    corporation,
16                                       [PUBLIC REDACTED] DECLARATION
              Defendant.                 OF MICHAEL T. ZELLER IN SUPPORT
17                                       OF REPLY IN SUPPORT OF MATTEL,
    _____     INC.'S *EX PARTE* APPLICATION TO
18  AND CONSOLIDATED ACTIONS             COMPEL THE APPEARANCE FOR
                                         DEPOSITION OF ANA CABRERA,
19                                       BEATRIZ MORALES, MARIA
                                         SALAZAR, AND MEL WOODS
20
                                         Date:   February 4, 2008
21                                       Time:   10:00 a.m.
                                         Place:  Courtroom 1
22
                                         **Phase 1:**
23                                       Discovery Cut-off:       January 28, 2008
                                         Pre-trial Conference:    April 21, 2008
24                                       Trial Date:              May 27, 2008

25

26

27                                                   Exhibit _13_
                                                     Page 71
28

07209/2375130.1

ZELLER DEC ISO MATTEL'S REPLY ISO EX PARTE APPLICATION

## DECLARATION OF MICHAEL T. ZELLER

I, Michael T. Zeller, declare as follows:

1.      I am a member of the bars of the States of California, New York and Illinois and a partner at Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for plaintiff and counter-defendant, Mattel, Inc. ("Mattel"). I make this declaration of personal, firsthand knowledge and, if called and sworn as a witness, I could and would testify competently thereto.

2.      I engaged in a conference call with counsel for MGA on January 13, 2008, at approximately 5:30 p.m. In that call, I asked counsel who among the witnesses Mattel wished to depose, including Maria Salazar, they represented, and asked that they accept service on behalf of all such witnesses. Counsel did not state that it also represented Maria Salazar, nor did it agree to accept service on her behalf.

3.      Attached as Exhibit 1 is a true and correct copy of excerpts of the deposition transcript of Richard De Anda, dated December 19, 2007.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 1st day of February, 2008, at Los Angeles, California.

/s/ Michael T. Zeller
Michael T. Zeller

Exhibit *13*
Page 72

07209/2375130.1

# EXHIBIT 14

1  Hon. Edward A. Infante (Ret.)
   JAMS
2  Two Embarcadero Center
   Suite 1500
3  San Francisco, California  94111
   Telephone:     (415) 774-2611
4  Facsimile:     (415) 982-5287

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10                         EASTERN DIVISION

11

12                                          CASE NO. CV 04-09049 SGL (RNBx)
    CARTER BRYANT, an individual,           JAMS Reference No. 1100049530
13
              Plaintiff,
14                                          Consolidated with
          v.                                Case No. CV 04-09059
15                                          Case No. CV 05-2727
    MATTEL, INC., a Delaware corporation,
16                                          **ORDER RE MGA DEFENDANTS'**
              Defendant.                    **MOTION TO QUASH DEPOSITION**
17                                          **SUBPOENAS**

18  CONSOLIDATED WITH
    MATTEL, INC. v. BRYANT and
19  MGA ENTERTAINMENT, INC. v. MATTEL,
    INC.
20

21

22       On January 23, 2008, MGA Entertainment, Inc., Isaac Larian, MGA Entertainment (HK)

23  Limited, and MGAE de Mexico S.R.L. de C.V. (collectively, "MGA parties") submitted a motion

24  to quash subpoenas issued by Mattel, Inc. ("Mattel") to several non-parties.  On February 7, 2008,

25  Mattel submitted an opposition.  On February 14, 2008, the MGA parties submitted a

26  supplemental and second amended motion to quash the subpoenas issued by Mattel to the

27  following non-parties:  (1) Lucy Arant, (2) Ana Isabel Cabrera, (3) Kami Gilmour, (4) Daphne

28
    Bryant v. Mattel, Inc.,
    CV-04-09049 SGL (RNBx)

Exhibit 14
Page 73

3|11|08

1   Gronich, (5) Sarah Halpern, (6) Rachel Harris, (7) Andreas Koch, (8) Cecilia Kwok, (9) Stephen

2   Lee, (10) Peter Marlow, (11) Beatriz Morales, (12) Moss Adams, (13) Amy Myers, (14) NPD

3   Group, Inc., (15) Maria Elena Salazar, (16) Joe Tiongco, (17) Mercedeh Ward, (18) Jeff Weiss,

4   (19) Carol Witschell, (20) Wachovia Corporation, (21) Mel Woods and (22) Eric Yip.  On

5   February 22, 2008, Mattel submitted an opposition to the MGA parties' supplemental and second

6   amended motion to quash, and on February 28, 2008, the MGA parties submitted a reply.  The

7   parties were directed to meet and confer further regarding the motion, which has been completed.

8   The motion was heard on March 10, 2008.

9         Having considered all of the papers submitted by the parties and the comments of counsel

10   at the hearing, it is ordered as follows:

11         1.      Based upon the parties' representations at the hearing, the motion is moot with

12   respect to the following individuals:  Lucy Arant, Sarah Halpern, Rachel Harris, Andreas Koch,

13   Peter Marlow, Jeff Weiss and Amy Myers.

14         2.      Mattel acknowledges that it did not subpoena the following individuals before the

15   January 28, 2008 discovery cut-off and that their depositions cannot be taken without seeking and

16   obtaining leave of court:  Cecilia Kwok, Stephen Lee, Mercedeh Ward, Carol Witschell and Eric

17   Yip.

18         3.      The parties agree that because the subpoenas served on Moss Adams and

19   Wachovia Corporation are the subject of a separate discovery motion, the court should defer

20   consideration of these two subpoenas until the separate motion is heard.

21         4.      The MGA parties' motion to quash is denied as to Ana Isabel Cabrera, Kami

22   Gilmour, Beatriz Morales and Maria Elena Salazar.  Mattel served subpoenas on these individuals

23   before the January 28, 2008 discovery cut-off.  Although Mattel failed to provide the standard

24   ten-day notice, the shortened notice was reasonable under the circumstances.

25         5.      The MGA parties' motion to quash is denied as to Daphne Gronich, MGA's in-

26   house counsel, and Joe Tiongco, an MGA "IT" employee.  These witnesses have potentially

27   relevant information regarding document retention, preservation and collection, and arguably

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

Exhibit 14
Page 74

1 | other issues in the case.  However, in light of the substantial 30(b)(6) testimony Mattel has

2 | already received on the subject of document retention, preservation and collection, and to reduce

3 | the burden on the witnesses, each deposition is limited to 3 hours.  Mattel may question Daphne

4 | Gronich and Joe Tiongco on any subject that is relevant within the meaning of Rule 26,

5 | Fed.R.Civ.P.

6 |      6.    The MGA parties' motion to quash is denied as to NPD Group, Inc. and Mel

7 | Woods based upon Mattel's representation that these witnesses have potentially relevant

8 | information regarding damages for the Phase I trial.

9 |      7.    Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a

10 | Discovery Master, the MGA parties shall file this Order with the Clerk of Court forthwith.

11 |

12 | Dated: March //, 2008

13 |                HON. EDWARD A. INFANTE (Ret.)
                   Discovery Master

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

Exhibit 14
Page 75

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on March 11, 2008, I served

the attached ORDER RE MGA DEFENDANTS' MOTION TO QUASH DEPOSITION SUBPOENAS

in the within action by email addressed as follows:

| | | |
|---|---|---|
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| Matthew M. Werdegar, Esq. | Keker & Van Nest | mwerdegar@kvn.com |
| John E. Trinidad, Esq. | Keker & Van Nest | jtrinidad@kvn.com |
| Audrey Walton-Hadlock, Esq. | Keker & Van Nest | awalton-hadlock@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johnquinn@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| John Gordon | Quinn, Emanuel, Urquhart, Oliver & Hedges | johngordon@quinnemanuel.com |
| Thomas J. Nolan, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tnolan@skadden.com |
| Raoul D. Kennedy, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | rkennedy@skadden.com |
| Amy S. Park, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | apark@skadden.com |
| Harriet S. Posner, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | hposner@skadden.com |
| Carl Alan Roth, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | croth@skadden.com |
| Timothy A. Miller, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tmiller@skadden.com |
| Marcus R. Mumford, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Mmumford@skadden.com |
| Paul M. Eckles, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Paul.eckles@skadden.com |
| Lance A. Etcheverry, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Lance.etcheverry@skadden.com |
| Robert J. Herrington, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Robert.herrington@skadden.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above

is true and correct.

Executed on March 11, 2008, at San Francisco, California.

_____
Sandra Chan

Exhibit 14
Page 76

**EXHIBIT 15**

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

<table>
<tr>
<td><u>NEW YORK</u><br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010<br>(212) 849-7000<br>Facsimile: (212) 849-7100</td>
<td><u>LOS ANGELES</u><br>865 South Figueroa Street, 10th Floor<br>Los Angeles, CA 90017<br>(213) 443-3000<br>Facsimile: (213) 443-3100</td>
<td><u>SAN FRANCISCO</u><br>50 California Street, 22nd Floor<br>San Francisco, CA 94111<br>(415) 875-6600<br>Facsimile: (415) 875-6700</td>
</tr>
<tr>
<td><u>TOKYO</u><br>Akasaka Twin Tower Main Building, 6th Floor<br>17-22 Akasaka 2-Chome<br>Minato-ku, Tokyo 107-0052, Japan<br>+81 3 5561-1711<br>Facsimile: +81 3 5561-1712</td>
<td></td>
<td><u>SILICON VALLEY</u><br>555 Twin Dolphin Drive, Suite 560<br>Redwood Shores, CA 94065<br>(650) 801-5000<br>Facsimile: (650) 801-5100</td>
</tr>
</table>

## LOS ANGELES OFFICE
# FACSIMILE TRANSMISSION

**DATE:**    March 13, 2008                **NUMBER OF PAGES, INCLUDING COVER:** 2

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Maria Diaz, Esq.<br>**Allred, Maroko & Goldbery** | 323-653-6530 | 323-653-1660 |
| Marcus Mumford, Esq.<br>**Skadden Arps Slate Meagher & Flom, LLP** | 213-687-5000 | 213-687-5600 |
| Christian C. Dowell, Esq.<br>**Keats, McFarland & Wilson, LLP** | 310-248-3830 | 310-860-0363 |

**FROM:**    James J. Webster

**RE:**    Bryant v. Mattel, et al.,
          Case No. CV-0409094 SGL

**MESSAGE:**

MAR 1 3 2008

<table>
<tr>
<td>00046/2369498.1</td>
<td colspan="3"></td>
</tr>
<tr>
<td>CLIENT #   7209</td>
<td>ROUTE/<br>RETURN TO:</td>
<td>Jackie J. Tabor</td>
<td>☒ CONFIRM FAX<br>☒ INCLUDE CONF. REPORT</td>
</tr>
<tr>
<td>OPERATOR: <i>Pasqua</i></td>
<td colspan="2">CONFIRMED?   ☐ NO   ☐ YES:</td>
<td></td>
</tr>
</table>

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

EXHIBIT 15
Page 77

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.**

Job number    : 114          *** SEND SUCCESSFUL **

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

NEW YORK
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

LOS ANGELES
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

SAN FRANCISCO
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

TOKYO
Akasaka Twin Tower Main Building, 6th Floor
17-22 Akasaka 2-chome
Minato-ku, Tokyo 107-0052, Japan
+81 3 5561-1711
Facsimile: +81 3 5561-1712

SILICON VALLEY
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

DATE:      March 13, 2008                    NUMBER OF PAGES, INCLUDING COVER: 2

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Maria Diaz, Esq. Allred, Maroko & Goldberg | 323-653-6530 | 323-653-1660 |
| Marcus Mumford, Esq. Skadden Arps Slate Meagher & Flom, LLP | 213-687-5000 | 213-687-5600 |
| Christian C. Dowell, Esq. Keats, McFarland & Wilson, LLP | 310-248-3830 | 310-860-0363 |

FROM:      James J. Webster

RE:        Bryant v. Mattel, et al.,
           Case No. CV-0409094 SGL

MESSAGE:

| 00046/2362928.1 | | | |
|---|---|---|---|
| CLIENT #   7209 | ROUTE/ RETURN TO: Jackie J. Tabor | | ☑ CONFIRM FAX ☑ INCLUDE CONF. REPORT |
| OPERATOR: *Priscilla* | CONFIRMED?   ☐ NO   ☐ YES: | | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

Exhibit 15
Page 78

Group Send Report

```
Page       : 001
Date & Time: 03-13-2008   15:12
Line 1    : 2134433100
Line 2    :
Machine ID : QUINN EMANUEL
```

Job number            :  114

Date                  :  03-13  15:10

Number of pages       :  002

Start time            :  03-13  15:10

End time              :  03-13  15:12

Successful nbrs.

   Fax numbers

     ☎1*13236531660
     ☎1*12136875600
     ☎1*13108600363

Unsuccessful nbrs.                                              Pages sent

Exhibit 15
Page 79

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

March 13, 2008

***Via Facsimile & U. S. Mail***

Maria G. Diaz, Esq.
Allred, Maroko & Goldberg
6300 Wilshire Boulevard, Suite 1500
Los Angeles, California 90048

**Mattel vs. Bryant, et al. - Cabrera/Morales**

Dear Maria:

In response to your letter of March 12, 2008, we propose that the depositions of Ms. Cabrera and Ms. Morales can take place during the period from March 19 - 20, and March 25 -26. Although you are traveling, we would be grateful if you would tell us available dates before your return on March 18.

Very truly yours,

James J. Webster

JJW:jjt

cc    Marcus Mumford, Esq.
      Christian C. Dowell, Esq.

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 335 Madison Avenue, 17th Floor, New York, New York 10017 | TEL 212-702-8100 FAX 212-702-8200
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94104 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
PALM SPRINGS | 45-025 Manitou Drive, Suite 10, Indian Wells, California 92210 | TEL 760-345-4757 FAX 760-345-2414
SAN DIEGO | 4445 Eastgate Mall, Suite 200, San Diego, California 92121 | TEL 858-812-3107 FAX 858-812-3136

Exhibit /5
Page 80

**EXHIBIT 16**

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

NEW YORK
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile : (212) 849-7100

LOS ANGELES
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

SAN FRANCISCO
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

TOKYO
Akasaka Twin Tower Main Building, 6th Floor
17-22 Akasaka 2-Chome
Minato-ku,  Tokyo 107-0052, Japan
+813 5561-1711
Facsimile +81 3 5561-1712

SILICON VALLEY
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

**DATE:**   March 13, 2008    **NUMBER OF PAGES, INCLUDING COVER:** 2

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Michael H. Page, Esq.<br>Keker & Van Nest | 415-391-5400 | 415-397-7188 |
| Marcus Mumford, Esq.<br>Skadden Arps Slate Meagher & Flom, LLP | 213-687-5000 | 213-687-5600 |
| Christian C. Dowell, Esq.<br>Keats, McFarland & Wilson, LLP | 310-248-3830 | 310-860-0363 |

**FROM:**   James J. Webster

**RE:**   Bryant v. Mattel, et al.,
Case No. CV-0409094 SGL

**MESSAGE:**

MAR 1 3 2008

EXHIBIT ___19___

___OF___ ___150___

76065/2433248.1

| CLIENT # | 7209 | ROUTE/<br>RETURN TO: | Jackie J. Tabor | ☒ CONFIRM FAX<br>☒ INCLUDE CONF. REPORT |
|---|---|---|---|---|

OPERATOR: PRISCILLA    CONFIRMED?  ☐ NO  ☐ YES: _____

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed.  If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited.  If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service.  Thank you.

Exhibit 16
Page 81

# Group Send Report

Page        : 001
Date & Time: 03-13-2008   16:34
Line 1      : 2134433100
Line 2      :
Machine ID : QUINN EMANUEL

Job number          :   115

Date                :   03-13  16:32

Number of pages     :   002

Start time          :   03-13  16:32

End time            :   03-13  16:34

Successful nbrs.

  Fax numbers

        ☎1*14153977188
        ☎1*12136875600
        ☎1*13108600363

Unsuccessful nbrs.                                                    Pages sent

EXHIBIT ____19____

PAGE ____151____

Exhibit _16_
Page 82

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

March 13, 2008

Marcus Mumford, Esq.
Skadden Arps Slate Meagher & Flom LLP
300 South Grand Avenue
Los Angeles, CA  90071-3144

**Mattel vs. Bryant, et al. /Salazar**

Dear Marcus:

Can you please provide available dates for the deposition of Ms. Salazar to be conducted anytime during March 19 -28, 2008?

Very truly yours,

James J. Webster

JJW:jjt

cc:    Christian C. Dowell, Esq.
       Michael H. Page, Esq.

EXHIBIT ____19____

PAGE ____152____

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22th Floor, New York, New York 10010 | TEL 212-702-8100 FAX 212-702-8200
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94104 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
PALM SPRINGS | 45-025 Manitou Drive, Suite 15, Indian Wells, California 92210 | TEL 760-345-1757 FAX 760-345-1749
SAN DIEGO | 4445 Eastgate Mall, Suite 200, San Diego, California 92121 | TEL 858-812-4600 FAX 858-812-4650

Exhibit __16__
Page 83

# EXHIBIT 17

## TELECOPIER TRANSMITTAL

### ALLRED, MAROKO & GOLDBERG
6300 Wilshire Blvd., Suite 1500, Los Angeles, CA 90048
Tele: (323) 653-6530   Fax: (323) 653-1660

PLEASE DELIVER TO:

| NAME/LAW FIRM | FAX NO. | PHONE NO. |
|---|---|---|
| James J. Webster, Esq.<br>QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP | (213) 443-3100 | (213) 443-3000 |
| Marcus M. Mumford, Esq.<br>Skadden Arps Slate Meagher & Flom, LLP | (213) 687-5600 | (213) 687-5000 |
| Christian Dowell, Esq.<br>Keats McFarland & Wilson, LLP | (310) 860-0363 | (310) 248-3830 |

**DESCRIPTION:**  Re: Mattel/Bryant
                 Letter dated March 19, 2008

**FROM:**  María G. Díaz, Esq.

**DATE:**  March 19, 2008

**TIME:**  12:25 p.m.

No. of pages including cover sheet: 3

THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY
CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE
LAW. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT
RESPONSIBLE FOR DELIVERING THE MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY
DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE
RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE, AND RETURN THE
ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE. THANK YOU.

**Please call Josie at (323) 653-6530 if you do not receive all pages or message is illegible.**

Exhibit /7
Page 84

*Law Offices*

## ALLRED, MAROKO & GOLDBERG
### A PARTNERSHIP OF PROFESSIONAL CORPORATIONS

NATHAN GOLDBERG*
MICHAEL MAROKO*
GLORIA R. ALLRED*
JOHN S. WEST
DOLORES Y. LEAL
R. TOMÁS OLMOS
RENEE MOCHKATEL
MARGERY N. SOMERS
MARÍA G. DÍAZ

*A PROFESSIONAL CORPORATION

6300 WILSHIRE BOULEVARD
SUITE 1500
LOS ANGELES, CALIFORNIA 90048
(323) 653-6530
FAX (323) 653-1660
www.amglaw.com

March 19, 2008

### *VIA FACSIMILE ONLY*

James J. Webster, Esq.
QUINN EMANUEL URQUHART OLIVER & HEDGES
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017

> **Re:   Mattel v. Bryant, et al. - Ana Cabrera, Beatriz Morales**

Dear Mr. Webster:

As you know, I was on vacation and not available last week. As such, I have just reviewed your letter. Unfortunately, the dates you propose do not work with my schedule. I have just returned today to the office and have numerous other commitments this week. As for the next two weeks, I am in depositions on another matter.

I will check with my clients regarding their availability and give you a date for each of them by end of this week. Please be advised that I intend to produce my clients for only one day of deposition in this matter. If you have authority to the contrary, or if there is an order in this case that I am unaware of, please provide it. Also, as a reminder, that my clients will require a certified interpreter in English/Spanish.

Very truly yours,

ALLRED, MAROKO & GOLDBERG

MARÍA G. DÍAZ

MGD:jp
cc:   Ana Cabrera
      Beatriz Morales
      Marcus M. Mumford, Esq.
      Christian Dowell, Esq.

Exhibit 17
Page 85

# EXHIBIT 18

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**TOKYO**
Akasaka Twin Tower Main Building, 6th Floor
17-22 Akasaka 2-Chome
Minato-ku, Tokyo 107-0052, Japan
+81 3 5561-1711
Facsimile: +81 3 5561-1712

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

**DATE:** March 25, 2008

**NUMBER OF PAGES, INCLUDING COVER:** 9

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Maria Diaz, Esq.<br>Allred, Maroko & Goldberg | 323-653-6530 | 323-653-1660 |
| Marcus Mumford, Esq.<br>Skadden Arps Slate Meagher & Flom, LLP | 213-687-5000 | 213-687-5600 |
| Michael H. Page, Esq.<br>Keker & Van Nest | 415-391-5400 | 415-397-7188 |

**FROM:** James J. Webster

**RE:** Bryant v. Mattel, et al.,
Case No. CV-0409094 SGL

**MESSAGE:**

EXHIBIT 21

PAGE 155

RECEIVED MAR 25 2008

00046/2369498.1

| CLIENT # | 7209 | ROUTE/RETURN TO: | Jackie J. Tabor | ☒ CONFIRM FAX ☒ INCLUDE CONF. REPORT |
| OPERATOR: | Vasquez | | CONFIRMED? ☐ NO ☐ YES: |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

Exhibit 18
Page 86

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.**

# Group Send Report

```
Page       : 001
Date & Time: 03-25-2008   17:15
Line 1     : 2134433100
Line 2     :
Machine ID : QUINN EMANUEL
```

| | | |
|---|---|---|
| Job number | : | 288 |
| Date | : | 03-25  17:10 |
| Number of pages | : | 009 |
| Start time | : | 03-25  17:10 |
| End time | : | 03-25  17:15 |

Successful nbrs.

Fax numbers

☎1*13236531660
☎1*12136875600
☎1*14153977188

Unsuccessful nbrs.                                                                 Pages sent

EXHIBIT _21_

PAGE _156_

Exhibit _18_
Page 87

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

March 25, 2008

*Via Facsimile*

Maria G. Diaz, Esq.
Allred, Maroko & Goldberg
6300 Wilshire Boulevard, Suite 1500
Los Angeles, California 90048

**Mattel vs. Bryant, et al. - Cabrera/Morales**

Dear Ms. Diaz:

We refer to your letter of March 21, 2008 offering to have your clients Ms. Cabrera and Ms. Morales appear for deposition on April 15 and 18, 2008. We will accept your offer to appear on these dates if, but only if, you are willing to enter into a stipulated Order to that effect. This is necessitated unfortunately by the history of non-appearance on scheduled dates for these witnesses, and also by the fact that Mattel cannot afford to suffer any further delay -- should your clients elect at the last minute not to appear for deposition -- in its trial preparation.

Please note that a proposed form of stipulation to this effect is enclosed for your review. Please provide us with your agreement in the next day, as we are in the process of preparing an *ex parte* application to compel the depositions.

Very truly yours,

*James Webster (CSN)*

James J. Webster

JJW:jjt
Enclosure

EXHIBIT ___21___

PAGE ___157___

quinn emanuel urquhart oliver & hedges, llp

NEW YORK | 335 Madison Avenue, 17th Floor, New York, New York 10017 | TEL 212-702-8100 FAX 212-702-8200
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94104 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
PALM SPRINGS | 45-025 Manitou Drive, Suite 10, Indian Wells, California 92210 | TEL 760-345-4757 FAX 760-345-2414
SAN DIEGO | 4445 Eastgate Mall, Suite 200, San Diego, California 92121 | TEL 858-812-3107 FAX 858-812-3336

Exhibit 18
Page 88

07209/2446317.1