# EXHIBIT 19

## TELECOPIER TRANSMITTAL

### ALLRED, MAROKO & GOLDBERG
6300 Wilshire Blvd., Suite 1500, Los Angeles, CA 90048
Tele: (323) 653-6530   Fax: (323) 653-1660

PLEASE DELIVER TO:

| NAME/LAW FIRM | FAX NO. | PHONE NO. |
|---|---|---|
| James J. Webster, Esq. QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP | (213) 443-3100 | (213) 443-3000 |
| Marcus M. Mumford, Esq. Skadden Arps Slate Meagher & Flom, LLP | (213) 687-5600 | (213) 687-5000 |
| Michael H. Page, Esq. KEKER & VAN NEST | (415) 397-7188 | (415) 391-5400 |

DESCRIPTION:      **Re: Mattel/Bryant**
                  **Letter dated March 28, 2008**

FROM:             María G. Díaz, Esq.

DATE:             **March 28, 2008**

TIME:             **4:00 p.m.**

No. of pages including cover sheet: **3**

THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING THE MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE, AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE. THANK YOU.

**Please call Josie at (323) 653-6530 if you do not receive all pages or message is illegible.**

Exhibit *19*
Page 89

*Law Offices*

# ALLRED, MAROKO & GOLDBERG
### A PARTNERSHIP OF PROFESSIONAL CORPORATIONS
**6300 WILSHIRE BOULEVARD**
**SUITE 1500**
**LOS ANGELES, CALIFORNIA 90048**
**(323) 653-6530**
**FAX (323) 653-1660**
**E-MAIL: amg@amglaw.com**

NATHAN GOLDBERG*
MICHAEL MAROKO*
GLORIA R. ALLRED*
JOHN S. WEST
DOLORES Y. LEAL
R. TOMÁS OLMOS
RENEE MOCHKATEL
MARGERY N. SOMERS
MARÍA G. DÍAZ

*A PROFESSIONAL CORPORATION

March 28, 2008

### *VIA EMAIL & FACSIMILE ONLY*

James J. Webster, Esq.
**QUINN EMANUEL URQUHART OLIVER & HEDGES**
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017

      **Re:   Mattel v. Bryant, et al. - Ana Cabrera, Beatriz Morales**

Dear Mr. Webster:

      I have reviewed your two stipulations and will agree to signing these subject to the inclusion of the following additional language set forth below.

### *Stipulation Re: The Depositions of the Ana Cabrera and Beatriz Morales*

      The deposition transcripts of Ana Cabrera and Beatriz Morales are to be deemed confidential, for purposes of this action only, and will not be utilized for any other proceeding.  The deposition transcripts shall be disclosed only to attorneys for the parties, parties in this litigation, and to the Court having jurisdiction over this matter.

      This stipulation and order survives the conclusion, whether by settlement, order or judgment, of this litigation.

### *Stipulation Re: Expert Reconstruction of Documents Provided By Ana Cabrera*

      The Parties agree that Ana Cabrera and Beatriz Morales claim no interest in the torn documents contained in the boxes to be used in the re-construction. The Parties to this action further agree that they will determine amongst themselves, without involvement of Ana Cabrera and Beatriz Morales, the maintenance, retention and disposition of these torn documents. If the Parties are unable to reach a mutual agreement, they will seek appropriate relief from the Court.

Exhibit *19*
Page 90

James J. Webster, Esq.
QUINN EMANUEL URQUHART OLIVER & HEDGES
March 28, 2008
Page 2


        Upon receipt of the modified stipulations, I will execute these and return them to
you.

        Please contact me if you have any questions.

                        Very truly yours,

                ALLRED, MAROKO & GOLDBERG


                MARÍA G. DÍAZ


MGD:jp
cc:    Marcus M. Mumford, Esq.
       Michael H. Page, Esq.


                                                        Exhibit _19_
                                                        Page 91

# EXHIBIT 20

## Fran Gipson

| | |
|---|---|
| **From:** | Cyrus Naim |
| **Sent:** | Monday, March 31, 2008 8:18 PM |
| **To:** | 'Maria Diaz'; 'Mumford, Marcus R'; 'Matthew Werdegar' |
| **Cc:** | James Webster; Michael T Zeller |
| **Subject:** | Mattel v. Bryant, Stipulations regarding Ana Cabrera and Beatriz Morales |
| **Attachments:** | 2446497_Stip re Cabrera Reconstruction (3).DOC; 2446567_Proposed Order re Stip re Cabrera Reconstruction (3).DOC; Protective Order.pdf |

Dear Ms. Diaz:

We have considered your additions to the two stipulations regarding the depositions of your clients, and reconstruction of torn documents provided by Ms. Cabrera. As to the matter of reconstruction, Mattel is willing to accept the addition of language disclaiming the future involvement of your clients, and has added that language to the attached stipulation. If this stipulation meets with your acceptance, please sign and return to us by Friday, April 4, 2008.

As to the matter of the stipulation regarding the depositions of your clients, however, Mattel cannot agree to your terms. As you know, deposition testimony may already be deemed confidential under the Protective Order in this case, which I attach for your convenience. Mattel would have no objection to designation of the depositions of your clients as confidential pursuant to that Order. There is no basis, however, for any restrictions on the use of the depositions that are over and above those laid out in the Protective Order. As you are not willing to sign a stipulation requiring your clients to appear for deposition without this language, Mattel will seek an order from the Discovery Master setting dates for these depositions. If you are indeed willing to sign a stipulation without the addition of this language, please let me know immediately.

Thank you,

Cyrus Naim
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3559
Main Phone: (213) 443-3000
Main Fax: (213) 443-3100
E-mail: cyrusnaim@quinnemanuel.com
Web: www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

Exhibit _20_
Page 92

4/1/2008

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 090378)
2    johnquinn@quinnemanuel.com
     Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California 90017-2543
   Telephone:  (213) 443-3000
6  Facsimile:   (213) 443-3100

7
   Attorneys for Mattel, Inc.
8

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11                  EASTERN DIVISION

12  | CARTER BRYANT, an individual, | Case No. CV 04-09049 SGL (RNBx) |
13  |        Plaintiff,             |                                 |
14  |   vs.                        | Consolidated with               |
    |                              | Case No. CV 04-09059            |
    |                              | Case No. CV 05-02727            |
15  | MATTEL, INC., a Delaware     |                                 |
    | corporation,                 | **DISCOVERY MATTER**            |
16  |                              |                                 |
    |        Defendant.            | [To Be Heard By Hon. Edward     |
17  |                              | Infante (Ret.) Pursuant To Order Of December 6, 2006] |
18  |------------------------------| STIPULATION RE: EXPERT          |
    | AND CONSOLIDATED CASES       | RECONSTRUCTION OF               |
19  |                              | DOCUMENTS PROVIDED BY           |
    |                              | ANA CABRERA;                    |
20  |                              | [[Proposed] Order filed concurrently herewith] |
21  |                              |                                 |
22  |                              | **Phase 1:**                    |
23  |                              | Discovery Cut-off:    January 28, 2008 |
    |                              | Pre-trial Conference: May 5, 2008 |
24  |                              | Trial Date:           May 27, 2008 |

25

26

27                                          Exhibit 80
                                            Page 93
28

07209/2446497.1

STIPULATION RE: EXPERT RECONSTRUCTION OF DOCUMENTS PROVIDED BY ANA CABRERA

## STIPULATION

WHEREAS, Mattel, Inc. ("Mattel") has in its possession certain documents that it received from Ana Cabrera; and

WHEREAS, Mattel wishes to conduct non-destructive expert examination and testing upon the documents.

NOW, THEREFORE, Ms. Cabrera, MGA and defendant Carter Bryant and Mattel agree as follows, subject to the Court's approval:

1.     Mattel may provide to its expert, Lloyd Cunningham, those torn-up documents provided to it by Ana Cabrera.  Mr. Cunningham will engage in the following procedure:

2.     Mr. Cunningham will first lay out each piece of a document as flat as possible.  For documents that are crumpled, he will straighten them by placing them in between two sheets of glass or transparent plastic.

3.     Mr. Cunningham will inspect the edges of each paper, and match those edges as precisely as possible.

4.     Mr. Cunningham will connect the papers at their torn edges using liftable tape, that can hold the documents together, but is easily removed without damaging the underlying documents.

5.     Mr. Cunningham will then make a high quality reproduction of the complete documents.

6.     Except for reconstruction as set forth above, the documents shall be kept in the same condition in which they were received.

7.     If Mr. Cunningham or any other Mattel expert recommends that any further testing that would alter the documents' inherent physical status be conducted, the following procedure shall be used.  First, Mattel will send a request in writing to Bryant and MGA explaining what test or tests would be conducted.  Then Bryant and MGA will have five (5) Court days to object, in which case the parties must

Exhibit  ___

Page 94

07209/2446497.1

-2-

STIPULATION RE: EXPERT RECONSTRUCTION OF DOCUMENTS PROVIDED BY ANA CABRERA

1 | meet and confer and, within three (3) more Court days, file a joint statement with
2 | Judge Infante to seek resolution of the dispute.  Bryant and MGA may also elect to
3 | have their own experts attend for any such further testing being done, so long as
4 | they make this election in writing to Mattel within the five-Court-day objection
5 | period, and so long as the testing can take place within ten (10) Court days of the
6 | original request.  If Bryant's or MGA's expert, while he or she is observing the
7 | examination or destructive testing, raises any issues about testing being done or any
8 | other aspects of the expert's or experts' process, the parties will seek immediate
9 | resolution from this Court so that the sampling, testing or other activity will not be
10 | delayed.  If Bryant's counsel or MGA's counsel does not object or seek attendance
11 | by its expert within five days of the request, the proposed further destructive testing
12 | shall be deemed as unobjectionable and may be carried out without further delay.

13 |      8.     The Parties agree that Ana Cabrera and Beatriz Morales claim no
14 | interest in the torn documents.  Ana Cabrera and Beatriz Morales further claim no
15 | interest in the maintenance, retention and disposition of these torn documents, and
16 | the Parties to this action will determine such matters amongst themselves, without

1  involvement of Ana Cabrera and Beatriz Morales. If the Parties are unable to reach
2  a mutual agreement, they will seek appropriate relief from the Court.

3          IT IS SO STIPULATED.

4  DATED: March __, 2008          ALLRED, MAROKO & GOLDBERG

5

6                                 By_____
7                                    Maria Diaz
8                                    Attorneys for Ana Cabrera and Beatriz
                                     Morales
9

10 DATED: March __, 2008          QUINN EMANUEL URQUHART OLIVER &
                                  HEDGES, LLP
11

12                                By_____
13                                   James J. Webster
14                                   Attorneys for Mattel, Inc.

15 DATED: March __, 2008          SKADDEN, ARPS, SLATE, MEAGHER &
                                  FLOM, LLP
16

17

18                                By_____
19                                   Marcus Mumford
                                     Attorneys for MGA Entertainment, Inc.,
20                                   MGAE de Mexico, S.R.L. de C.V., MGA
                                     Entertainment (HK) Limited, and Isaac
21                                   Larian

22

23 DATED: March __, 2008          KEKER & VAN NEST, LLP

24

25

26                                By_____
27                                   Michael Page
                                     Attorneys for Carter Bryant

28

Exhibit 20
Page 96

07209/2446497.1

-4-

STIPULATION RE: EXPERT RECONSTRUCTION OF DOCUMENTS PROVIDED BY ANA CABRERA

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Exhibit 20

Page 97

07209/2446497.1

STIPULATION RE: EXPERT RECONSTRUCTION OF DOCUMENTS PROVIDED BY ANA CABRERA

1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 090378)
2     johnquinn@quinnemanuel.com
      Michael T. Zeller (Bar No. 196417)
3     (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
4     (joncorey@quinnemanuel.com)
    865 South Figueroa Street, 10th Floor
5   Los Angeles, California  90017-2543
    Telephone:  (213) 443-3000
6   Facsimile:  (213) 443-3100

7
    Attorneys for Mattel, Inc.
8

9                   UNITED STATES DISTRICT COURT

10                  CENTRAL DISTRICT OF CALIFORNIA

11                        EASTERN DIVISION

12  CARTER BRYANT, an individual,      Case No. CV 04-09049 SGL (RNBx)

13              Plaintiff,
                                       Consolidated with
14         vs.                         Case No. CV 04-09059
                                       Case No. CV 05-02727
15  MATTEL, INC., a Delaware
    corporation,                       **DISCOVERY MATTER**

16              Defendant.             [To Be Heard By Hon. Edward
                                       Infante (Ret.) Pursuant To Order Of
17                                     December 6, 2006]

18  AND CONSOLIDATED CASES             [PROPOSED] ORDER ON
                                       STIPULATION RE: EXPERT
19                                     RECONSTRUCTION OF
                                       DOCUMENTS PROVIDED BY
20                                     ANA CABRERA

21
                                       **Phase 1:**
22                                     Discovery Cut-off:    January 28, 2008
                                       Pre-trial Conference: May 5, 2008
23                                     Trial Date:           May 27, 2008

24

25

26

27                                                         Exhibit 20
                                                           Page 98
28

07209/2446567.1

─────────────────────────────────────────────────────────

# [PROPOSED] ORDER

The parties and Ana Cabrera and Beatriz Morales having so stipulated, and finding good cause hereto, IT IS HEREBY ORDERED THAT:

1.    Mattel may provide to its expert, Lloyd Cunningham, those torn-up documents provided to it by Ana Cabrera.  Mr. Cunningham will engage in the following procedure:

2.    Mr. Cunningham will first lay out each piece of a document as flat as possible.  For documents that are crumpled, he will straighten them by placing them in between two sheets of glass or transparent plastic.

3.    Mr. Cunningham will inspect the edges of each paper, and match those edges as precisely as possible.

4.    Mr. Cunningham will connect the papers at their torn edges using liftable tape, that can hold the documents together, but is easily removed without damaging the underlying documents.

5.    Mr. Cunningham will then make a high quality reproduction of the complete documents.

6.    Except for reconstruction as set forth above, the documents shall be kept in the same condition in which they were received.

7.    If Mr. Cunningham or any other Mattel expert recommends that any further testing that would alter the documents' inherent physical status be conducted, the following procedure shall be used.  First, Mattel will send a request in writing to Bryant and MGA explaining what test or tests would be conducted.  Then Bryant and MGA will have five (5) Court days to object, in which case the parties must meet and confer and, within three (3) more Court days, file a joint statement with Judge Infante to seek resolution of the dispute.  Bryant and MGA may also elect to have their own experts attend for any such further testing being done, so long as they make this election in writing to Mattel within the five-Court-day objection

Exhibit 20
Page 99

07209/2446567.1   28

-2-

[PROPOSED] ORDER ON STIPULATION RE: EXPERT RECONSTRUCTION OF DOCUMENTS PROVIDED BY ANA CABRERA

1  period, and so long as the testing can take place within ten (10) Court days of the

2  original request.  If Bryant's or MGA's expert, while he or she is observing the

3  examination or destructive testing, raises any issues about testing being done or any

4  other aspects of the expert's or experts' process, the parties will seek immediate

5  resolution from this Court so that the sampling, testing or other activity will not be

6  delayed.  If Bryant's counsel or MGA's counsel does not object or seek attendance

7  by its expert within five days of the request, the proposed further destructive testing

8  shall be deemed as unobjectionable and may be carried out without further delay.

9       8.    The Parties agree that Ana Cabrera and Beatriz Morales claim no

10  interest in the torn documents.  Ana Cabrera and Beatriz Morales further claim no

11  interest in the maintenance, retention and disposition of these torn documents, and

12  the Parties to this action will determine such matters amongst themselves, without

13  involvement of Ana Cabrera and Beatriz Morales.  If the Parties are unable to reach

14  a mutual agreement, they will seek appropriate relief from the Court.

15

16  DATED: _____

17

18                                _____

19                                Hon. Edward A. Infante (Ret.)
                                 Discovery Master

20

21

22

23

24

25

26

27

Exhibit _20_

Page 100

-3-

[PROPOSED] ORDER ON STIPULATION RE: EXPERT RECONSTRUCTION OF DOCUMENTS PROVIDED BY ANA CABRERA

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   John B. Quinn (Bar No. 90378)
   Michael T. Zeller (Bar No. 196417)
   Jon D. Corey (Bar No. 185066)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Plaintiff and Counter-Defendant
Mattel, Inc.

FILED
CLERK, U.S. DISTRICT COURT

JAN - 4 2006

CENTRAL DISTRICT OF CALIFORNIA
BY                                DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| MATTEL, INC., a Delaware Corporation, | CASE NO. CV 04-9059 NM (RNBx) |
| Plaintiff, | STIPULATED PROTECTIVE ORDER; AND |
| v. | [PROPOSED] ORDER |
| CARTER BRYANT, an individual; and DOES 1 through 10, inclusive, | [Discovery Matter] |
| Defendants. | |
| CARTER BRYANT, on behalf of himself, all present and former employees of Mattel, Inc., and the general public, | |
| Counter-Claimant, | |
| v. | |
| MATTEL, INC., a Delaware Corporation, | |
| Counter-Defendant. | |

Exhibit 20
Page 101

07272/625581.2

# GOOD CAUSE STATEMENT

Plaintiff Mattel, Inc. ("Mattel"), defendant Carter Bryant, and intervenor-defendant MGA Entertainment, Inc. ("MGA") are parties to the above-captioned litigation (hereinafter, the "Action"). (Mattel, Carter Bryant and MGA Entertainment, Inc. are each referred to herein as a "Party" and collectively are the "Parties.")

In this Action, Mattel has alleged, and defendants dispute, that Bryant worked for and otherwise aided and assisted MGA while defendant was employed by Mattel as a designer, in violation of his contractual and other legal duties to Mattel.

All parties believe that they will or may be required to produce or disclose in this Action, and that nonparties may produce or disclose, information that is trade secret, proprietary, confidential and/or is of a private or personal nature and that, if disclosed in this Action without restriction on its use or further disclosure, may cause disadvantage, harm, damage and loss to the disclosing Party or to the disclosing nonparty.

In addition, the Parties are currently in a competitive relationship in the toy industry, with Mattel and MGA operating as a manufacturers and marketers of dolls, toys and other products and Bryant working at this time as a contractor for a Mattel competitor, MGA, and further anticipate that nonparty competitor information may be produced or disclosed in this Action.

In particular, without prejudice to any Party's right to object to or resist disclosure of such categories of information on relevance or any other grounds, the Parties currently anticipate that categories of such trade secret, proprietary, confidential and/or private documents and other information that may be disclosed in discovery by the Parties and by nonparties will or may include:

(1)   Personnel files and other private or confidential employment, contractor or vendor information;

Exhibit 20
Page 102

07272/625581.2

-2-

PROTECTIVE ORDER

1        (2)    The specific terms of agreements with, and information received

2 from, third parties that a Party is required to disclose only under conditions of

3 confidentiality;

4        (3)    Personal or private financial information, and confidential

5 financial data that is not known generally to the trade or to competitors, including

6 financial data relating to specific sales, cost and profit information for specific

7 products and product lines; and

8        (4)    Business plans and product information that are not known

9 generally to the trade or to competitors, including non-public information relating to

10 product development and design.

11

12        WHEREFORE, believing that good cause exists, the Parties HEREBY

13 STIPULATE that, subject to the Court's approval, the following procedures shall be

14 followed in this Action to facilitate the orderly and efficient discovery of relevant

15 information while minimizing the potential for unauthorized disclosure or use of

16 confidential or proprietary information:

17

18        <u>SCOPE OF THIS ORDER</u>

19

20        1.    This Protective Order shall apply to trade secret, confidential and

21 proprietary information, documents and things that are produced or disclosed in any

22 form during the course of the Action by any Party or any nonparty:

23        (a)    through discovery;

24        (b)    in any pleading, document or other writing; or

25        (c)    in testimony given at a deposition.

26 (The foregoing information, documents and things shall be referred to hereinafter

27 collectively as "Litigation Materials.")

28

Exhibit 20
Page 103

PROTECTIVE ORDER

CONFIDENTIAL AND ATTORNEYS' EYES ONLY INFORMATION

2.     Any Party or nonparty producing or disclosing Litigation Materials in this Action may designate such information as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by designating it in the manner set forth in paragraph 3 below.   The designation of Litigation Materials as "CONFIDENTIAL" shall be limited to information which the disclosing Party or nonparty believes in good faith contains, constitutes or reveals confidential design, engineering or development information, confidential commercial information, non-public financial information, confidential or private information about current or former employees, contractors or vendors (including employee, contractor and vendor personnel records), or other information of a confidential, proprietary, private or personal nature.   The designation of information as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall be limited to trade secrets or other confidential commercial information, including without limitation non-public designs and drawings, which the disclosing Party or nonparty in good faith believes will result in competitive disadvantage or harm if disclosed to another Party to this Action without restriction upon use or further disclosure.   Information designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" may only be used and disclosed as provided in this Protective Order.

MANNER OF DESIGNATION OF MATERIALS

3.     A Party or nonparty may designate Litigation Materials as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" in the following manner:

(a)     Documents or Things.     "CONFIDENTIAL"     or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" treatment may be

Exhibit 20
Page 104

07272/625581.2

-4-

PROTECTIVE ORDER

1    obtained by typing or stamping "CONFIDENTIAL" or "CONFIDENTIAL --

2    ATTORNEYS' EYES ONLY" on the particular document or thing.

3           (b)    Interrogatory Answers and Responses to Requests for

4    Admissions. In answering any interrogatory or request for admission, or any

5    part thereof, a Party may designate its or his answer as "CONFIDENTIAL" or

6    "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by affixing thereto the

7    legend "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES

8    ONLY." Such "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS'

9    EYES ONLY" answers shall be made on separate pages from any other

10   answers or portions thereof that are not designated as "CONFIDENTIAL" or

11   "CONFIDENTIAL -- ATTORNEYS' EYES ONLY."

12          (c)    Deposition Testimony.  Any Party or nonparty giving

13   deposition testimony in this Action may obtain "CONFIDENTIAL" or

14   "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" treatment therefor by

15   designating, during the course of that testimony, for which "CONFIDENTIAL"

16   or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" treatment is desired,

17   the testimony that is claimed to be "CONFIDENTIAL" or "CONFIDENTIAL

18   -- ATTORNEYS' EYES ONLY,"  or alternatively by designating the entire

19   testimony to be "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS'

20   EYES ONLY," subject to a good faith obligation to identify any non-

21   confidential portions of the testimony (and/or any lesser "CONFIDENTIAL"

22   portions in the event that the entire testimony is designated "CONFIDENTIAL

23   -- ATTORNEYS' EYES ONLY") within fourteen (14) calendar days after

24   receipt of the transcript of the testimony.  The reporter shall separately

25   transcribe and bind the testimony so designated as "CONFIDENTIAL" and

26   "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" and shall mark the face

27   of the separate bound transcript containing such testimony with the term

28   "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY."

Exhibit ___

Page 105

07272/625581.2

-5-

PROTECTIVE ORDER

A Party or nonparty also may make the above-referenced designation of confidentiality in writing and within fourteen (14) calendar days of the receipt by said Party or nonparty of the transcript of said testimony. In that event, said portion of the transcript will be treated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" under the provisions of this Protective Order, except that it will not be separately bound. If, during the course of deposition testimony, any Party or nonparty reasonably believes that the answer to a question will result in the disclosure of "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information, all persons other than those persons entitled to receive such information pursuant to paragraphs 5 and 6 hereof shall be excluded from the room in which the deposition testimony is given. Unless previously designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," all transcripts of deposition testimony and any related exhibits, and all information adduced in deposition, shall, in their entirety, be treated as "CONFIDENTIAL" for a period of fourteen (14) calendar days after receipt of the transcript by counsel for the designating Party or nonparty. The Party or nonparty designating the testimony or information as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" may, within that fourteen (14) calendar day period described above, specifically designate information contained in the transcript(s) and/or exhibit(s) as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," whether or not previously designated as such, by notifying all Parties in writing of the portions of the transcript or exhibit which contains such information. Each Party shall attach a copy of such written statement to the face page of the transcript or exhibit and to each copy in its or his possession, custody or control. Thereafter, these portions of the transcript or exhibits designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall be treated in

Exhibit _____

Page 106

PROTECTIVE ORDER

accordance with the terms of this Protective Order. In addition, the provisions of Paragraph 3(e) for later designating transcripts or exhibits shall apply after the expiration of the fourteen (14) calendar day period described in this Paragraph 3(c).

(d)     Typing or stamping the legend "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" upon the first page of a collection of Litigation Materials which are bound together shall have the effect of designating such collection in its entirety as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY." In the case of disks, tapes, CD-ROMs, DVDs and other tangible storage media or devices, labeling, stamping or marking the outside of such disk, tape, CD-ROM, DVD or other medium or device with the legend "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall have the effect of designating the entire contents of such disk, tape, CD-ROM, DVD or other medium or device, and all data stored thereupon, as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," as the case may be.

(e)     Except as otherwise provided in Paragraph 3(c) of this Protective Order, the receiving Party shall not reveal any information produced for a period of seven (7) calendar days following receipt. Failure to designate a document, thing or other information as CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" in accordance with this Protective Order shall not preclude any Party or nonparty desiring to so designate the document, thing or information from so designating thereafter; provided that the Party or nonparty proceeds promptly after discovery of any omission of marking, in good faith marks the document, thing or other information and requests, in writing, that each receiving Party so mark and treat the document, thing or other information in accordance with this Protective Order. Thereafter, the document, thing or other information shall

Exhibit 20
Page 107

07272/625581.2

-7-

PROTECTIVE ORDER

be fully subject to this Protective Order. No Party shall incur liability for any disclosures made prior to notice of such designation, except to the extent that any such disclosures occurred prior to the seven (7) day period described above or prior to such other time periods as are provided by this Protective Order, including without limitation such time periods as are provided in Paragraph 3(c) above.

## RESTRICTIONS ON DISCLOSURE OF DESIGNATED MATERIALS

4.   Any Litigation Materials produced or disclosed in this Action, whether or not designated "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," may only be used by the receiving Party of such information for purposes of litigation and not for any other purpose, including without limitation for any business or trade purpose.  As used herein, the term "litigation" shall mean preparation for, participation in and prosecution and defense of any suit, motion, trial, appeal, hearing, review or other judicial proceeding or in connection with any mediation or other alternative dispute resolution procedure that this or any other court may order or that the Parties may agree to.

5.   Subject to Paragraph 7 herein, and unless as otherwise ordered by the Court, Litigation Materials designated as "CONFIDENTIAL" shall not be disclosed to any person other than:

(a)   the attorneys for the Parties and their partners, shareholders, associates, document clerks and paralegals who are necessary to assist such attorneys;

(b)   secretaries, stenographers and other office or clerical personnel employed by said attorneys and who are necessary to assist such attorneys;

Exhibit 2 0
Page 108

07272/625581.2

-8-

PROTECTIVE ORDER

(c)     a named Party or officers or employees of a named Party, to the extent deemed necessary by their respective attorneys for purposes assisting in litigation;

(d)     the authors, senders, addressees and designated copy recipients of any document or thing which has been designated as "CONFIDENTIAL" information;

(e)     such other persons as may be consented to by the Party or nonparty designating such information as "CONFIDENTIAL" information;

(f)     outside litigation support vendors, including commercial photocopying vendors, scanning services vendors, coders and keyboard operators;

(g)     professional court reporters engaged to transcribe deposition testimony, professional videographers engaged to videotape deposition testimony and translators;

(h)     independent outside consultants or experts retained by the attorneys to the extent deemed necessary by said attorneys for purposes of litigation; and

(i)     non-party fact witnesses in a deposition, provided, however, that such persons may not retain such "CONFIDENTIAL" information unless otherwise authorized to receive it. If the attendance of a non-party fact witness at a deposition can only be obtained through compulsory process, the witness need not execute an Assurance of Compliance in the form attached as Exhibit A, provided that: (1) the witness acknowledges his obligation to maintain the confidentiality of "CONFIDENTIAL" information under oath; and (2) such "CONFIDENTIAL" information may only be shown to the witness during the deposition.

Exhibit 20
Page 109

PROTECTIVE ORDER

6.    Subject to paragraph 7 herein, and unless as otherwise ordered by the Court, Litigation Materials designated as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall not be disclosed to any person other than:

(a)    the attorneys for the Parties (but not including in-house counsel for the Parties or any attorney who is an officer, director, shareholder or employee of any Party or its corporate affiliates) and their partners, shareholders, associates, document clerks and paralegals who are assigned to and necessary to assist such attorneys. For the purposes of this subparagraph, "affiliate" shall mean any corporate parent or subsidiary of any Party, or any other entity that is under common control with any Party or corporate parent or subsidiary of any Party, or any of their successors or predecessors in interest;

(b)    secretaries, stenographers and other office or clerical personnel employed by said attorneys and who assist them with respect to litigation;

(c)    the authors, senders, addressees and designated copy recipients of any document or thing which has been designated as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information;

(d)    such other persons as may be consented to by the Party designating such information as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information;

(e)    outside litigation support vendors, including commercial photocopying vendors, scanning services vendors, coders and keyboard operators;

(f)    independent outside consultants or experts retained by the attorneys to the extent deemed necessary by said attorneys for the purposes of litigation; and

Exhibit 20
Page 110

07272/625581.2

-10-

PROTECTIVE ORDER

(g)     professional court reporters engaged to transcribe deposition testimony, professional videographers engaged to videotape deposition testimony and translators.

7.     None of the following is bound by or obligated under this Order in any respect and specifically are not bound or obligated to treat information designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" in any particular manner: The Court hearing this Action (including the Court having jurisdiction of any appeal), Court personnel, court reporters working for the Court, translators working for the Court, or any jury impaneled in this Action.

8.     Other than those identified in Paragraph 7 above, each person to whom information designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" is disclosed shall be informed of the terms of this Protective Order and agree to be bound by it before disclosure to such persons of any such information. The persons described in Paragraphs 5(f), 5(h), 6(e) and 6(f) shall not have access to either "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information, as the case may be, until they have certified that they have read this Protective Order and have manifested their assent to be bound thereby by signing a copy of the Assurance of Compliance attached hereto as Exhibit A. Once a person has executed such an Assurance of Compliance, it shall not be necessary for that person to sign a separate Assurance of Compliance each time that person is subsequently given access to confidential material. Any person who signed an Assurance of Compliance in connection with the Stipulation for Protection of Confidential Information and Protective Order filed September 16, 2004 in Mattel Inc. v. Bryant, Case No. BC 314398, pending in Los Angeles County Superior Court, need not re-sign the Assurance of Compliance attached hereto but shall, by virtue of his or her prior signature, be deemed to have signed the attached Assurance of Compliance.

Exhibit 20
Page 111

PROTECTIVE ORDER

1        9.    The failure of any Party to object to the designation of

2  information as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES

3  ONLY" shall not be deemed an admission that such information qualifies for such

4  designation.

5        10.   If any Party wishes to have any information, document or

6  testimony marked "CONFIDENTIAL" or  "CONFIDENTIAL -- ATTORNEYS'

7  EYES ONLY" by another Party or nonparty reclassified as non-confidential, or from

8  "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" to "CONFIDENTIAL," the

9  Parties and/or relevant nonparty or nonparties will confer and try to reach agreement.

10  If the Parties and/or relevant nonparty or nonparties cannot reach agreement, either

11  Party and/or the relevant nonparty or nonparties may apply to the Court to resolve the

12  matter in accordance with the <u>Local Rules</u>.  Unless and until this Court enters an

13  Order changing the designation of the information, it shall be afforded the treatment

14  prescribed in this Protective Order for its designation.

15        11.   Nothing contained in this Protective Order shall restrict or prevent

16  any Party or nonparty from disclosing or otherwise using its or his own Litigation

17  Materials which that Party or nonparty produces or discloses in this action.

18        12.   The inadvertent or unintentional disclosure by a producing Party

19  or nonparty of "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES

20  ONLY" Litigation Materials during the course of this litigation, regardless of whether

21  the information was so designated at the time of disclosure, shall not be deemed a

22  waiver in whole or in part of a Party's or nonparty's claim of confidentiality, either

23  as to the specific information disclosed or as to any other information relating thereto

24  or on the same or related subject matter.  Counsel for the Parties and/or nonparties

25  shall in any event, to the extent possible, upon discovery of inadvertent error,

26  cooperate to restore the confidentiality of the "CONFIDENTIAL" or

27  "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" material that was inadvertently

28  or unintentionally disclosed.

Exhibit 20

Page 112

07272/625581.2

-12-

PROTECTIVE ORDER

1        13.    If a Party or nonparty through inadvertence produces or provides

2  discovery that it, he or she believes is subject to a claim of attorney-client privilege

3  or work product immunity, the producing Party or nonparty may give written notice

4  to the receiving Party that the document is subject to a claim of attorney-client

5  privilege or work product immunity and request that the document be returned to the

6  producing Party or nonparty.   The receiving Party shall promptly return to the

7  producing Party or nonparty the inadvertedly disclosed document and all copies of

8  such document.  Return of the document by the receiving Party shall not constitute

9  an admission or concession, or permit any inference, that the returned document is,

10  in fact, properly subject to a claim of attorney-client privilege or work product

11  immunity, nor shall it foreclose any Party from moving the Court for an Order that

12  such document has been improperly designated or should be producible for reasons

13  other than a waiver caused by the inadvertent production.

14        14.    Nothing contained in this Protective Order shall affect the right

15  of any Party or nonparty to make any objection, claim any privilege, or otherwise

16  contest any request for production of documents, interrogatory, request for admission,

17  or question at a deposition or to seek further relief or protective orders from the Court

18  in accordance with the Federal Rules of Civil Procedure and the Local Rules.

19  Nothing in this Protective Order shall constitute an admission or waiver of any claim

20  or defense by any Party.

21

22              FILING AND USE IN COURT OF DESIGNATED MATERIALS

23

24        15.    Except when the filing under seal is otherwise authorized by

25  statute or federal rule, the Parties shall seek the Court's prior approval for the filing

26  under seal of pleadings and other documents containing properly designated

27  "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY"

28  information in accordance with the procedures set forth in Local Rule 79-5.1, as such

Exhibit ___20___

Page 113

PROTECTIVE ORDER

1  <u>Rule</u> may be amended from time to time.  Prior to the time that a Party receiving the

2  "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY"

3  information from any other Party files with the Court an application and the other

4  materials required by <u>Local Rule</u> 79-5.1, as such <u>Rule</u> may be amended from time to

5  time, to seal the producing Party's confidential information, the receiving Party shall

6  consult with the producing Party's attorney to determine whether the producing Party

7  will re-designate the previously designated confidential information so as to avoid the

8  need for the request to file such information under the seal.  Upon the default of a

9  Party to seek the Court's approval to file a document containing "CONFIDENTIAL"

10  or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information under seal, any

11  Party may subsequently seek the approval of the Court to file that document under

12  seal, in accordance with the procedures set forth in <u>Local Rule</u> 79-5.1, as such <u>Rule</u>

13  may be amended from time to time.

14

15            <u>THIRD-PARTY REQUEST FOR DESIGNATED MATERIALS</u>

16

17            16.    If any Party or nonparty receives a subpoena or document request

18  from a third party which purports to require the production of materials in that Party's

19  possession which have previously been designated as "CONFIDENTIAL" or

20  "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by any other Party or nonparty,

21  the Party or nonparty receiving such subpoena or document request (a) shall object

22  and refuse to produce documents absent a Court Order or the consent of the Party or

23  nonparty who designated the materials as "CONFIDENTIAL" or "CONFIDENTIAL

24  -- ATTORNEYS' EYES ONLY", (b) immediately notify the Party or nonparty who

25  designated the materials as "CONFIDENTIAL" or "CONFIDENTIAL --

26  ATTORNEYS' EYES ONLY" of the receipt of said subpoena or document request,

27  and (c) shall not oppose any effort by the Party or nonparty which designated the

28  material as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES

Exhibit ___

Page 114

PROTECTIVE ORDER

1   ONLY" to quash the subpoena or obtain a protective order limiting discovery of such

2   material.

### DISCOVERY FROM NONPARTIES

6        17.    Discovery of nonparties may involve receipt of information,

7   documents, things or testimony which include or contain "CONFIDENTIAL" or

8   "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" materials or information.  A

9   nonparty producing such material in this case may designate as "CONFIDENTIAL"

10  or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" some or all of the material it

11  produces in the same manner provided for in this Protective Order with respect to

12  material furnished by or on behalf of the Parties.  Any Party may also designate as

13  "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" any

14  materials or information produced by a nonparty that constitute "CONFIDENTIAL"

15  or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" material of the designating

16  Party under Paragraph 2 of this Protective Order, regardless of whether the producing

17  nonparty has also so designated.  In addition, a nonparty may also designate as

18  "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" any

19  materials or information produced by a Party that constitute "CONFIDENTIAL" or

20  "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" material or information of such

21  nonparty under Paragraph 2 of this Protective Order, regardless of whether the

22  producing Party has also so designated.  In either such an event, the designation

23  providing for the greater level of protection for the material information shall control,

24  subject to Paragraph 10 of this Protective Order.  Nonparty materials designated

25  "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by a

26  nonparty or Party shall be governed by the terms of this Protective Order.

Exhibit _20_
Page 1 15

-15-

PROTECTIVE ORDER

## CONCLUSION OF LITIGATION

18. Within thirty (30) days of the conclusion of this Action, including any post-trial motions or appellate proceedings relating thereto, all documents, transcripts or other things or information designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," and all copies thereof, shall be returned to the attorneys for the Party or nonparty furnishing the same, or shall be destroyed by the attorneys having such documents in their possession. In addition, all summaries or other materials containing or disclosing information contained in such documents, answers, transcripts or other things shall be destroyed; provided, however, that outside counsel for each Party may retain one complete and unredacted of pleadings and papers filed with the Court or served on the other Parties. Such retained copy of pleadings and papers shall be maintained in a file accessible only to outside counsel bound by this Protective Order. This Protective Order shall continue to be binding after the conclusion of this Action.

## AMENDMENT OF THIS AGREEMENT

19. The provisions of this Stipulation and Protective Order may be modified at any time by stipulation of the Parties as approved by Order of the Court. In addition, a Party may at any time apply to the Court for modification of this

Exhibit 20
Page 116

07272/6255813.2

-16-

PROTECTIVE ORDER

Stipulation and Protective Order pursuant to a motion brought in accordance with the rules of the Court.

**IT IS SO STIPULATED.**

DATED: December 22, 2004    QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By _Jon Corey_
Jon Corey
Attorneys for Plaintiff
Mattel, Inc.

DATED: December __, 2004    LITTLER MENDELSON

By_____
Douglas A. Wickham
Attorneys for Defendant
Carter Bryant

DATED: December __, 2004    O'MELVENY & MEYERS, LLP

By_____
Diana M. Torres
Attorneys for Intervenor-Defendant
MGA Entertainment, Inc.

**IT IS SO ORDERED.**

DATED: _1/4/05_    **ROBERT N. BLOCK**
THE HONORABLE ROBERT N. BLOCK
United States Magistrate Judge

Exhibit 20
Page 117

PROTECTIVE ORDER

Stipulation and Protective Order pursuant to a motion brought in accordance with the rules of the Court.

IT IS SO STIPULATED.

DATED: December ___, 2004        QUINN EMANUEL URQUHART
                                 OLIVER & HEDGES, LLP

                                 By _____
                                    Jon Corey
                                    Attorneys for Plaintiff
                                    Mattel, Inc.

DATED: December 21, 2004         LITTLER MENDELSON

                                 By _____
                                    Douglas A. Wickham
                                    Attorneys for Defendant
                                    Carter Bryant

DATED: December ___, 2004        O'MELVENY & MEYERS, LLP

                                 By _____
                                    Diana M. Torres
                                    Attorneys for Intervenor-Defendant
                                    MGA Entertainment, Inc.


          IT IS SO ORDERED.

DATED: _____

                                 _____
                                 THE HONORABLE ROBERT N. BLOCK
                                 United States Magistrate Judge

1  Stipulation and Protective Order pursuant to a motion brought in accordance with the
2  rules of the Court.

3
4      **IT IS SO STIPULATED.**

5
6  DATED: December ___, 2004          QUINN EMANUEL URQUHART
7                                     OLIVER & HEDGES, LLP

8                                     By_____
9                                        Jon Corey
                                          Attorneys for Plaintiff
10                                        Mattel, Inc.

11
12 DATED: December ___, 2004          LITTLER MENDELSON

13                                     By_____
14                                        Douglas A. Wickham
                                          Attorneys for Defendant
15                                        Carter Bryant

16 DATED: December ___, 2004          O'MELVENY & MEYERS, LLP

17                                     By_____
18                                        Diana M. Torres
                                          Attorneys for Intervenor-Defendant
19                                        MGA Entertainment, Inc.
20
21
22     **IT IS SO ORDERED.**

23
24 DATED: _____             _____
25                                     THE HONORABLE ROBERT N. BLOCK
                                       United States Magistrate Judge
26
27
28

07272/625581.2                            -17-

# EXHIBIT A

## ASSURANCE OF COMPLIANCE

I, _____, under penalty of perjury under the laws of the United States of America, declare and state as follows:

I reside at _____, in the City/County of _____ and State/Country of _____;

· I have read the annexed Stipulated Protective Order, ("Protective Order") dated _____ in the action entitled *Mattel, Inc. v. Carter Bryant,* Case No. CV 04-9059 NM (RNBx), which currently is pending in the United States District Court for the Central District of California; that I am fully familiar with and agree to comply with and be bound by the provisions of that Protective Order;

I will not divulge to persons other than those specifically authorized by the Protective Order, and will not copy or use any Litigation Materials designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" except solely as permitted by the Protective Order; and

I consent to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing said Protective Order, enjoining any violation or threatened violation of the Protective Order or seeking damages for the breach of said Protective Order.

_____
(Signature)

07272/625581.2

Exhibit _____
Page 120

PROTECTIVE ORDER

**PROOF OF SERVICE**
1013A(3) CCP Revised 5/1/88

STATE OF CALIFORNIA          )
COUNTY OF LOS ANGELES        )

    I am employed in the county of Los Angeles  State of California.  I am over the age of 18 and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, CA 90012.

    On December 22, 2004, I served the foregoing document described as

      **STIPULATED PROTECTIVE ORDER; AND [PROPOSED] ORDER**

on  all interested parties in this action:

        **SEE ATTACHED SERVICE LIST**

[ ]    By placing [ ] the original [X ] true copies thereof enclosed in sealed envelopes addressed as follows:

[ ]    **BY MAIL**

[ ]    I deposited such envelope in the mail at Los Angeles, California.  The envelope was mailed with postage thereon fully prepaid.

[ ]    As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[X]    **BY TELECOPIER** By transmitting the above listed document(s) to the fax number(s) set forth above on this date.

Executed on December 22, 2004, at Los Angeles, California.

[X]    (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Ivana Maiorano
Print Name                                    Signature

Exhibit 20
Page 121

1  Robert F. Millman, Esq.
   Douglas A. Wickham, Esq.
2  Keith A. Jacoby, Esq.
   Littler Mendelson
3  A Professional Corporation
   2049 Century Park East, 5th Floor
4  Los Angeles, California 90067-3107
   Phone: 310-553-0308
5  Fax: 310-553-5583

6  Diana M. Torres, Esq.
   O'Melveney & Meyers
7  400 S. Hope Street
   Los Angeles, CA 90071
8  Phone: 213-430-6000
   Fax: 213-430-6407
9

10 Daniel J. Warren, Esq.
   Sutherland, Asbill & Brennan
11 999 Peachtree Street NE
   Atlanta, GA  30309-3996
12 Phone: 404-853-8698
   Fax: 404-853-8806

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-

Exhibit 20
Page 122

# EXHIBIT 21

**Cyrus Naim**

| | |
|---|---|
| **From:** | Michael T Zeller |
| **Sent:** | Wednesday, April 02, 2008 11:51 AM |
| **To:** | 'Maria Diaz'; Cyrus Naim; 'Marcus.Mumford@skadden.com'; 'MWerdegar@kvn.com' |
| **Cc:** | James Webster; 'Josie Pena' |
| **Subject:** | RE: Mattel v. Bryant, Stipulations regarding Ana Cabrera and Beatriz Morales |

Then we look forward to your returning the signed stipulation ensuring their attendance on those dates.

Michael T. Zeller
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3180
Main Phone: (213) 443-3000
Main Fax:  (213) 443-3100
E-mail:  michaelzeller@quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above.  This message may be an attorney-client communication and/or work product and as such is privileged and confidential.  If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

-----Original Message-----
From: Maria Diaz [mailto:MDiaz@amglaw.com]
Sent: Wednesday, April 02, 2008 11:45 AM
To: Michael T Zeller; Cyrus Naim; Marcus.Mumford@skadden.com; MWerdegar@kvn.com
Cc: James Webster; Josie Pena
Subject: RE: Mattel v. Bryant, Stipulations regarding Ana Cabrera and Beatriz Morales

Dear Mr. Zeller:

I have no interest in continuing to engage your firm in these uncivil accusations. Clearly, you are incorrect since I gave you dates that according to you do not work for MGA or whomever. Let me be absolutely clear: I will produce my clients for deposition on the dates provided. Please be advised that I am only going to produce my clients once and whatever wrangling you and the parties need to do to set a date is your decision. I am sure you understand that my clients' time and my time are just as valuable as yours.

I continue to await confirmation of deposition dates.

María G. Díaz, Esq.
ALLRED, MAROKO & GOLDBERG
6300 Wilshire Blvd. Ste 1500
Los Angeles, CA.  90048
(323) 653-6530
Fax: (323) 653-1660
mdiaz@amglaw.com

The information contained in this e-mail is confidential and may also be attorney-client privileged and/or constitute attorney work product.  The information is intended only for

Exhibit 21
Page 623

the use of the individual or entity to whom it is addressed.  If you are not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited.  If you have received the e-mail in error, please delete the original message, including any copies, traces or saved electronic "recycle bin" or "trash" data forthwith.

-----Original Message-----
From: Michael T Zeller [mailto:michaelzeller@quinnemanuel.com]
Sent: Tuesday, April 01, 2008 12:01 PM
To: Maria Diaz; Cyrus Naim; 'Marcus.Mumford@skadden.com'; 'MWerdegar@kvn.com'
Cc: James Webster; Josie Pena
Subject: RE: Mattel v. Bryant, Stipulations regarding Ana Cabrera and Beatriz Morales

Your accusations miss the mark, and your coordination with your co-counsel who act for MGA is obvious to all.  I take it that, when stripped of its verbiage, your answer is that you in fact are not even promising to have your clients show up unless MGA blesses it.  If I'm wrong, please so say.

-----Original Message-----
From: Maria Diaz [mailto:MDiaz@amglaw.com]
Sent: Tuesday, April 01, 2008 11:57 AM
To: Michael T Zeller; Cyrus Naim; Marcus.Mumford@skadden.com; MWerdegar@kvn.com
Cc: James Webster; Josie Pena
Subject: RE: Mattel v. Bryant, Stipulations regarding Ana Cabrera and Beatriz Morales

Dear Mr. Zeller:

You are well aware that we are not co-counseling this case with anyone.  My clients are not parties to this case.   I will remind you that there was a pending Motion to Quash before the Court and thus it was appropriate to obtain a ruling as I previously explained repeatedly to all parties. I told you that I would provide you with dates upon a ruling and I have done so.

Since it appears that the parties continue to engage in extensive disagreement about if and when these depositions should take place,  I suggest that you and the other parties meet and confer on dates and let me know the dates you have agreed upon.  I will make efforts to accommodate those dates if they are different that the ones  I provided.  If you need to seek court intervention, then do so.   I have, however, provided dates to all parties and have not received confirmation from anyone.  I have received only additional demands and conditions that are wholly unnecessary.  My clients  have been used sufficiently by all parties in this case; everyone in this case has literally gotten rich off the back of my clients.

Again, I have given all the parties dates, and if these do not work, then provide alternate dates amenable to everyone once you have determined these dates amongst yourselves.


María G. Díaz, Esq.
ALLRED, MAROKO & GOLDBERG
6300 Wilshire Blvd. Ste 1500
Los Angeles, CA.  90048
(323) 653-6530
Fax: (323) 653-1660
mdiaz@amglaw.com


The information contained in this e-mail is confidential and may also be attorney-client privileged and/or constitute attorney work product.  The information is intended only for the use of the individual or entity to whom it is addressed.  If you are not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited.  If you have received the e-mail in error, please delete the original message, including any copies, traces or saved electronic "recycle bin" or "trash" data forthwith.

Exhibit 21
Page 124

-----Original Message-----
From: Michael T Zeller [mailto:michaelzeller@quinnemanuel.com]
Sent: Tuesday, April 01, 2008 11:27 AM
To: Maria Diaz; Cyrus Naim; 'Marcus.Mumford@skadden.com'; 'MWerdegar@kvn.com'
Cc: James Webster; Josie Pena
Subject: Re: Mattel v. Bryant, Stipulations regarding Ana Cabrera and Beatriz Morales

Ms. Diaz, your clients already have defied their obligations to attend deposition, and your refusal to stipulate to ensure that they will actually appear speaks for itself. This is compounded by the fact that your co-counsel representing MGA has taken the position that the depositions will not be proceeding at those or any other times. Please let us know how your representations that they will appear on those dates in April square with your co-counsel's position.  Will your clients appear regardless?  After all, you previously relied on the motion to quash, which has since been rejected, as an excuse for non-appearance. Please let us know.

Michael Zeller
Quinn, Emanuel, Urquhart, Oliver & Hedges, LLP
865 South Figueroa Street, 3rd Floor
Los Angeles, CA   90017

Direct:  (213) 443-3180
Main Phone:  (213) 443-3000
Main Fax:  (213) 443-3100

E-mail:  michaelzeller@quinnemanuel.com
Web:   www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above.  This message may be an attorney-client communication and/or work product and as such is privileged and confidential.  If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

----- Original Message -----
From: Maria Diaz <MDiaz@amglaw.com>
To: Cyrus Naim; Mumford, Marcus R <Marcus.Mumford@skadden.com>; Matthew Werdegar <MWerdegar@kvn.com>
Cc: James Webster; Michael T Zeller; Josie Pena <jdiaz@amglaw.com>
Sent: Tue Apr 01 11:14:07 2008
Subject: RE: Mattel v. Bryant, Stipulations regarding Ana Cabrera and Beatriz Morales

Dear Mr. Naim,


I do not require a stipulation to produce my clients for deposition.  Your clients are the ones demanding it to proceed with the deposition.  I have provided you with dates and am awaiting confirmation from you regarding those dates.  I am unaware of any legal authority requiring we enter into any stipulation and I was merely attempting to cooperate with you in that regard, but you are unwilling to do so.  Accordingly, this will serve to reiterate that I have offered you dates for the depositions of Ms. Cabrera and Ms. Morales and you have not agreed to any of those dates.


Please be further advised that I am out of the office all week in depositions.

Exhibit 21
Page 125

3

María G. Díaz, Esq.

ALLRED, MAROKO & GOLDBERG

6300 Wilshire Blvd. Ste 1500

Los Angeles, CA.  90048

(323) 653-6530

Fax: (323) 653-1660

mdiaz@amglaw.com <mailto:mdiaz@amglaw.com>

The information contained in this e-mail is confidential and may also be attorney-client privileged and/or constitute attorney work product.  The information is intended only for the use of the individual or entity to whom it is addressed.  If you are not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited.  If you have received the e-mail in error, please delete the original message, including any copies, traces or saved electronic "recycle bin" or "trash" data forthwith.

From: Cyrus Naim [mailto:cyrusnaim@quinnemanuel.com]
Sent: Monday, March 31, 2008 8:18 PM
To: Maria Diaz; 'Mumford, Marcus R'; 'Matthew Werdegar'
Cc: James Webster; Michael T Zeller
Subject: Mattel v. Bryant, Stipulations regarding Ana Cabrera and Beatriz Morales

Dear Ms. Diaz:

We have considered your additions to the two stipulations regarding the depositions of your clients, and reconstruction of torn documents provided by Ms. Cabrera.  As to the matter of reconstruction, Mattel is willing to accept the addition of language disclaiming the future involvement of your clients, and has added that language to the attached stipulation.  If this stipulation meets with your acceptance, please sign and return to us by Friday, April 4, 2008.

As to the matter of the stipulation regarding the depositions of your clients, however, Mattel cannot agree to your terms.  As you know, deposition testimony may already be deemed confidential under the Protective Order in this case, which I attach for your convenience.  Mattel would have no objection to designation of the depositions of your clients as confidential pursuant to that Order.  There is no basis, however, for any restrictions on the use of the depositions that are over and above those laid out in the Protective Order.  As you are not willing to sign a stipulation requiring your clients to appear for deposition without this language, Mattel will seek an order from the Discovery Master setting dates for these depositions.  If you are indeed willing to sign a stipulation without the addition of this language, please let me know immediately.

Exhibit 21

Page 126

Thank you,

4

Cyrus Naim
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3559
Main Phone: (213) 443-3000
Main Fax:  (213) 443-3100
E-mail:  cyrusnaim@quinnemanuel.com <mailto:cyrusnaim@quinnemanuel.com>
Web:  www.quinnemanuel.com <http://www.quinnemanuel.com/>

The information contained in this e-mail message is intended only for the personal and
confidential use of the recipient(s) named above.  This message may be an attorney-client
communication and/or work product and as such is privileged and confidential.  If the
reader of this message is not the intended recipient or agent responsible for delivering
it to the intended recipient, you are hereby notified that you have received this document
in error and that any review, dissemination, distribution, or copying of this message is
strictly prohibited.  If you have received this communication in error, please notify us
immediately by e-mail, and delete the original message.

Exhibit 21
Page 127

# EXHIBIT 22

## Cyrus Naim

| | |
|---|---|
| **From:** | Maria Diaz [MDiaz@amglaw.com] |
| **Sent:** | Wednesday, April 02, 2008 11:56 AM |
| **To:** | Michael T Zeller; Cyrus Naim; Marcus.Mumford@skadden.com; MWerdegar@kvn.com |
| **Cc:** | James Webster; Josie Pena |
| **Subject:** | RE: Mattel v. Bryant, Stipulations regarding Ana Cabrera and Beatriz Morales |

Dear Mr. Zeller:

Apparently, my last communications were not clear to you. I am not signing any stipulation regarding attendance at depositions unless you provide me with legal authority requiring me to do so. At this point, I suggest that if my cooperative efforts to work with you are not satisfactory, that you raise it with the Court and give me notice of the same.

María G. Díaz, Esq.
ALLRED, MAROKO & GOLDBERG
6300 Wilshire Blvd. Ste 1500
Los Angeles, CA. 90048
(323) 653-6530
Fax: (323) 653-1660
mdiaz@amglaw.com

-----Original Message-----
From: Michael T Zeller [mailto:michaelzeller@quinnemanuel.com]
Sent: Wednesday, April 02, 2008 11:51 AM
To: Maria Diaz; Cyrus Naim; 'Marcus.Mumford@skadden.com'; 'MWerdegar@kvn.com'
Cc: James Webster; Josie Pena
Subject: RE: Mattel v. Bryant, Stipulations regarding Ana Cabrera and Beatriz Morales

Then we look forward to your returning the signed stipulation ensuring their attendance on those dates.

Michael T. Zeller
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3180
Main Phone: (213) 443-3000
Main Fax:  (213) 443-3100
E-mail:  michaelzeller@quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above.  This message may be an attorney-client communication and/or work product and as such is privileged and confidential.  If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

-----Original Message-----
From: Maria Diaz [mailto:MDiaz@amglaw.com]
Sent: Wednesday, April 02, 2008 11:45 AM
To: Michael T Zeller; Cyrus Naim; Marcus.Mumford@skadden.com; MWerdegar@kvn.com
Cc: James Webster; Josie Pena
Subject: RE: Mattel v. Bryant, Stipulations regarding Ana Cabrera and Beatriz Morales

Exhibit 22
Page 128

1

Dear Mr. Zeller:

I have no interest in continuing to engage your firm in these uncivil accusations. Clearly, you are incorrect since I gave you dates that according to you do not work for MGA or whomever.  Let me be absolutely clear: I will produce my clients for deposition on the dates provided. Please be advised that I am only going to produce my clients once and whatever wrangling you and the parties need to do to set a date is your decision. I am sure you understand that my clients' time and my time are just as valuable as yours.

I continue to await confirmation of deposition dates.

María G. Díaz, Esq.
ALLRED, MAROKO & GOLDBERG
6300 Wilshire Blvd. Ste 1500
Los Angeles, CA.  90048
(323) 653-6530
Fax: (323) 653-1660
mdiaz@amglaw.com


The information contained in this e-mail is confidential and may also be attorney-client privileged and/or constitute attorney work product.  The information is intended only for the use of the individual or entity to whom it is addressed.  If you are not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited.  If you have received the e-mail in error, please delete the original message, including any copies, traces or saved electronic "recycle bin" or "trash" data forthwith.
-----Original Message-----
From: Michael T Zeller [mailto:michaelzeller@quinnemanuel.com]
Sent: Tuesday, April 01, 2008 12:01 PM
To: Maria Diaz; Cyrus Naim; 'Marcus.Mumford@skadden.com'; 'MWerdegar@kvn.com'
Cc: James Webster; Josie Pena
Subject: RE: Mattel v. Bryant, Stipulations regarding Ana Cabrera and Beatriz Morales

Your accusations miss the mark, and your coordination with your co-counsel who act for MGA is obvious to all.  I take it that, when stripped of its verbiage, your answer is that you in fact are not even promising to have your clients show up unless MGA blesses it.  If I'm wrong, please so say.

-----Original Message-----
From: Maria Diaz [mailto:MDiaz@amglaw.com]
Sent: Tuesday, April 01, 2008 11:57 AM
To: Michael T Zeller; Cyrus Naim; Marcus.Mumford@skadden.com; MWerdegar@kvn.com
Cc: James Webster; Josie Pena
Subject: RE: Mattel v. Bryant, Stipulations regarding Ana Cabrera and Beatriz Morales

Dear Mr. Zeller:

You are well aware that we are not co-counseling this case with anyone.  My clients are not parties to this case.   I will remind you that there was a pending Motion to Quash before the Court and thus it was appropriate to obtain a ruling as I previously explained repeatedly to all parties. I told you that I would provide you with dates upon a ruling and I have done so.

Since it appears that the parties continue to engage in extensive disagreement about if and when these depositions should take place,  I suggest that you and the other parties meet and confer on dates and let me know the dates you have agreed upon.  I will make efforts to accommodate those dates if they are different that the ones I provided.  If you need to seek court intervention, then do so.   I have, however, provided dates to all parties and have not received confirmation from anyone.  I have received only additional demands and conditions that are wholly unnecessary.  My clients  have been used sufficiently by all parties in this case; everyone in this case has literally gotten rich off the back of my clients.

Again, I have given all the parties dates, and if these do not work, then provide

Exhibit 22
Page 129

2

alternate dates amenable to everyone once you have determined these dates amongst yourselves.


María G. Díaz, Esq.
ALLRED, MAROKO & GOLDBERG
6300 Wilshire Blvd. Ste 1500
Los Angeles, CA.  90048
(323) 653-6530
Fax: (323) 653-1660
mdiaz@amglaw.com


The information contained in this e-mail is confidential and may also be attorney-client privileged and/or constitute attorney work product.  The information is intended only for the use of the individual or entity to whom it is addressed.  If you are not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited.  If you have received the e-mail in error, please delete the original message, including any copies, traces or saved electronic "recycle bin" or "trash" data forthwith.


-----Original Message-----
From: Michael T Zeller [mailto:michaelzeller@quinnemanuel.com]
Sent: Tuesday, April 01, 2008 11:27 AM
To: Maria Diaz; Cyrus Naim; 'Marcus.Mumford@skadden.com'; 'MWerdegar@kvn.com'
Cc: James Webster; Josie Pena
Subject: Re: Mattel v. Bryant, Stipulations regarding Ana Cabrera and Beatriz Morales

Ms. Diaz, your clients already have defied their obligations to attend deposition, and your refusal to stipulate to ensure that they will actually appear speaks for itself. This is compounded by the fact that your co-counsel representing MGA has taken the position that the depositions will not be proceeding at those or any other times. Please let us know how your representations that they will appear on those dates in April square with your co-counsel's position.  Will your clients appear regardless?  After all, you previously relied on the motion to quash, which has since been rejected, as an excuse for non-appearance. Please let us know.

Michael Zeller
Quinn, Emanuel, Urquhart, Oliver & Hedges, LLP
865 South Figueroa Street, 3rd Floor
Los Angeles, CA   90017

Direct:   (213) 443-3180
Main Phone:  (213) 443-3000
Main Fax:   (213) 443-3100

E-mail:  michaelzeller@quinnemanuel.com
Web:    www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above.  This message may be an attorney-client communication and/or work product and as such is privileged and confidential.  If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.


----- Original Message -----
From: Maria Diaz <MDiaz@amglaw.com>
To: Cyrus Naim; Mumford, Marcus R <Marcus.Mumford@skadden.com>; Matthew Werdegar <MWerdegar@kvn.com>

Exhibit 22
Page 130

Cc: James Webster; Michael T Zeller; Josie Pena <jdiaz@amglaw.com>
Sent: Tue Apr 01 11:14:07 2008
Subject: RE: Mattel v. Bryant, Stipulations regarding Ana Cabrera and Beatriz Morales

Dear Mr. Naim,


I do not require a stipulation to produce my clients for deposition.  Your clients are the ones demanding it to proceed with the deposition.  I have provided you with dates and am awaiting confirmation from you regarding those dates.  I am unaware of any legal authority requiring we enter into any stipulation and I was merely attempting to cooperate with you in that regard, but you are unwilling to do so.  Accordingly, this will serve to reiterate that I have offered you dates for the depositions of Ms. Cabrera and Ms. Morales and you have not agreed to any of those dates.


Please be further advised that I am out of the office all week in depositions.



María G. Díaz, Esq.

ALLRED, MAROKO & GOLDBERG

6300 Wilshire Blvd. Ste 1500

Los Angeles, CA.  90048

(323) 653-6530

Fax: (323) 653-1660

mdiaz@amglaw.com <mailto:mdiaz@amglaw.com>




The information contained in this e-mail is confidential and may also be attorney-client privileged and/or constitute attorney work product.  The information is intended only for the use of the individual or entity to whom it is addressed.  If you are not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited.  If you have received the e-mail in error, please delete the original message, including any copies, traces or saved electronic "recycle bin" or "trash" data forthwith.


From: Cyrus Naim [mailto:cyrusnaim@quinnemanuel.com]
Sent: Monday, March 31, 2008 8:18 PM
To: Maria Diaz; 'Mumford, Marcus R'; 'Matthew Werdegar'
Cc: James Webster; Michael T Zeller
Subject: Mattel v. Bryant, Stipulations regarding Ana Cabrera and Beatriz Morales


Dear Ms. Diaz:

Exhibit 22
Page 131

4

We have considered your additions to the two stipulations regarding the depositions of your clients, and reconstruction of torn documents provided by Ms. Cabrera. As to the matter of reconstruction, Mattel is willing to accept the addition of language disclaiming the future involvement of your clients, and has added that language to the attached stipulation. If this stipulation meets with your acceptance, please sign and return to us by Friday, April 4, 2008.

As to the matter of the stipulation regarding the depositions of your clients, however, Mattel cannot agree to your terms. As you know, deposition testimony may already be deemed confidential under the Protective Order in this case, which I attach for your convenience. Mattel would have no objection to designation of the depositions of your clients as confidential pursuant to that Order. There is no basis, however, for any restrictions on the use of the depositions that are over and above those laid out in the Protective Order. As you are not willing to sign a stipulation requiring your clients to appear for deposition without this language, Mattel will seek an order from the Discovery Master setting dates for these depositions. If you are indeed willing to sign a stipulation without the addition of this language, please let me know immediately.

Thank you,

Cyrus Naim
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3559
Main Phone: (213) 443-3000
Main Fax: (213) 443-3100
E-mail: cyrusnaim@quinnemanuel.com <mailto:cyrusnaim@quinnemanuel.com>
Web: www.quinnemanuel.com <http://www.quinnemanuel.com/>

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

Exhibit 22
Page 132

# EXHIBIT 23

## Cyrus Naim

**From:** Mumford, Marcus R [Marcus.Mumford@skadden.com]
**Sent:** Tuesday, March 25, 2008 5:32 PM
**To:** James Webster; Matthew Werdegar
**Cc:** Cyrus Naim
**Subject:** RE: Bryant v. Mattel

James,
I didn't see your letter yesterday.  When did you fax it to us?

As you know, and as I discussed with Cyrus yesterday, we are appealing the March 11, 2008
Infante Order today with Judge Larson, which addresses some of the issues that you raise.
I anticipate those papers will be on file shortly, and I will send them to you as soon as
they are final.

As to your letter generally, you have not asserted any grounds to justify seeking
expedited relief under Paragraph 5 of the Discovery Master stipulation.  I request that
you comply with that stipulation.
As you know, the Discovery Master is presently backlogged with over 22 discovery motions.
Your letter does not make any showing as to why the matters you raised in your letter
yesterday merit extraordinary relief.
Moreover, the parties have been in discussions for over two weeks concerning the priority
of matters to be heard at the next hearing before the Discovery Master.  With this letter,
it does not appear that you've been coordinating with those efforts on your end.  To the
extent this is an end-around the parties' joint efforts to prioritize matters in front of
the Discovery Master, MGA objects and reserves all rights.

Concerning the depositions of Cabrera, Morales and Salazar, we are moving to set aside the
Discovery Master's March 11, 2008 denying our motion to quash.  Our appeal to Judge Larson
moots the relief you now propose seeking from the Discovery Master.

Concerning your proposal to seek the relief of the Court to conduct "expert
reconstruction" of materials inappropriately seized from Ms.
Cabrera's house, I reiterate what I said in our previous correspondence on this issue.
Mattel has insisted on an established protocol for expert testing in this litigation, and
it must now abide it.  I did not see a substantive response to my previous requests in
this regard, spelled out in my March 7 letter, which may obviate the motion practice you
are apparently contemplating.  If you did respond substantively, please resend.

Finally, concerning the matter of Ms. Cabrera's time-sheets, your letter does not address
the issues raised by Ms. Diaz or those raised in our motion for an evidentiary hearing for
witness tampering.  I anticipate that many of those issues would be resolved in the
evidentiary hearing we requested.  That motion will be heard April 14, and we anticipate
your response next Monday.  To the extent you propose now seeking a ruling or an
evidentiary hearing from the Discovery Master on the same issues, that seems at the same
time inappropriate and duplicative.

Please let me know if I can be of any further assistance in this matter.
-Marcus

Marcus R. Mumford
Skadden, Arps, Slate, Meagher & Flom LLP 300 South Grand Avenue | Los Angeles | California
| 90071-3144
T: 213.687.5514 | F: 213.621.5514
mmumford@skadden.com

-----Original Message-----
From: James Webster [mailto:jameswebster@quinnemanuel.com]
Sent: Tuesday, March 25, 2008 4:36 PM
To: 'Matthew Werdegar'
Cc: Mumford, Marcus R (LAC); Cyrus Naim

Exhibit 23
Page 133

1

Subject: RE: Bryant v. Mattel

We will send you the letter promptly - Thank you for bringing this to our attention.

-----Original Message-----
From: Matthew Werdegar [mailto:MWerdegar@kvn.com]
Sent: Tuesday, March 25, 2008 4:27 PM
To: James Webster
Cc: Mumford, Marcus R
Subject: Bryant v. Mattel


Dear James,

I am writing in response to your letter of March 24, 2008, regarding third-party witnesses
Ana Cabrera, Beatriz Morales, and Maria Salazar.
Your letter opens with a reference to "the attached letter to Maria Diaz". However, no
letter to Ms. Diaz was included with the facsimile we received last night.  Please provide
a copy of this letter immediately (as well as any related correspondence you have received
from Ms. Diaz).  Obviously, having not seen this letter, and not knowing the exact nature
and scope of the relief Mattel intends to seek its ex part application (your letter is
vague on this), we are not currently in a position to inform you whether or not we will
oppose your application.


Regards,

Matthew M. Werdegar
Keker & Van Nest LLP
710 Sansome Street
San Francisco, CA  94111-1704
tel: (415) 391-5400
fax: (415) 397-7188
www.kvn.com


----------------------------------------------------------------------------
****************************************************

To ensure compliance with Treasury Department regulations, we advise you that, unless
otherwise expressly indicated, any federal tax advice contained in this message was not
intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-
related penalties under the Internal Revenue Code or applicable state or local tax law
provisions or (ii) promoting, marketing or recommending to another party any tax-related
matters addressed herein.
****************************************************
****************************************************

This email and any attachments thereto, is intended only for use by the addressee(s) named
herein and may contain legally privileged and/or confidential information. If you are not
the intended recipient of this email, you are hereby notified any dissemination,
distribution or copying of this email, and any attachments thereto, is strictly
prohibited. If you receive this email in error please immediately notify me at (212)
735-3000 and permanently delete the original copy and any copy of any email, and any
printout thereof.

Further information about the firm, a list of the Partners and their professional
qualifications will be provided upon request.
****************************************************
============================================================================

Exhibit 23
Page 134

# EXHIBIT 24

1

1           UNITED STATES DISTRICT COURT

2           CENTRAL DISTRICT OF CALIFORNIA

3               EASTERN DIVISION

4               - - -

5     HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING

6               - - -

7   CARTER BRYANT, ET. AL.,              )
                                         )     **CERTIFIED COPY**
8                     PLAINTIFFS,        )
                                         )
9          VS.                           )   NO. ED CV 04-09049
                                         )   (LEAD LOW NUMBER)
10   MATTEL, INC., ET. AL.,              )
                                         )
11                    DEFENDANTS.        )
                                         )     TELEPHONIC HEARING
12   AND RELATED ACTIONS,               )
                                         )

13

14

15         REPORTER'S TRANSCRIPT OF PROCEEDINGS

16             RIVERSIDE, CALIFORNIA

17           WEDNESDAY, APRIL 9TH, 2008

18                 4:51 P.M.

19

20

21

22

23           THERESA A. LANZA, RPR, CSR
          FEDERAL OFFICIAL COURT REPORTER
24           3470 12TH STREET, RM. 134
          RIVERSIDE, CALIFORNIA  92501
25               (951) 274-0844
             WWW.THERESALANZA.COM

Exhibit _24_
Page 135

2

1    APPEARANCES (ALL TELEPHONIC):

2

3    ON BEHALF OF MATTEL, INC.:

4

5                        QUINN EMANUEL
                         BY:  JAMES WEBSTER
                         BY:  DYLAN PROCTOR
6                        865 S. FIGUEROA STREET,
                         10TH FLOOR
7                        LOS ANGELES, CALIFORNIA  90017
                         (213) 624-7707
8

9

    ON BEHALF OF MGA ENTERTAINMENT:
10

                         SKADDEN, ARPS, SLATE,
11                        MEAGHER & FLOM
                         BY:  TOM NOLAN
12                        BY:  LANCE ETCHEVERRY
                         300 SOUTH GRAND AVENUE
13                        LOS ANGELES, CALIFORNIA 90071-3144
                         213-687-5000
14

15

16

17

18

19

20

21

22

23

24

25
                                            Exhibit 24
                                            Page 136

APRIL 9TH, 2008                     TELEPHONIC HEARING

3

1                           I N D E X

2                                              PAGE

3   TELEPHONIC HEARING.................................   4

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Exhibit  24
Page 137

APRIL 9TH, 2008                    TELEPHONIC HEARING

1    RIVERSIDE, CALIFORNIA; WEDNESDAY, APRIL 9, 2008; 4:51 P.M.

2                           -OOO-

3          **THE COURT:**  COUNSEL, MAKE YOUR APPEARANCES FOR THE

4    RECORD, PLEASE.

5          **MR. NOLAN (TELEPHONICALLY):**  TOM NOLAN AND

6    LANCE ETCHEVERRY FOR MGA AND ISAAC LARIAN.

7          **MR. WEBSTER (TELEPHONICALLY):**  JAMES WEBSTER AND

8    DYLAN PROCTOR ON BEHALF OF MATTEL, FROM QUINN EMANUEL.

9          **THE COURT:**  VERY GOOD.

10          I UNDERSTAND THAT WE WERE NOT ABLE TO GET COUNSEL FOR

11   CARTER BRYANT AT SUCH SHORT NOTICE; BUT SINCE THIS CONFERENCE

12   BASICALLY INVOLVES MOTIONS BEING BROUGHT BY MGA, AND THE COURT

13   IS OF THE VIEW THAT THE INTERESTS OF CARTER BRYANT AND MGA

14   MERGE ON THIS PARTICULAR ISSUE, I THINK I WILL PROCEED WITHOUT

15   THEM.

16          IS THERE ANY OBJECTION?

17          **MR. NOLAN:**  NO OBJECTION, YOUR HONOR.

18          **MR. WEBSTER:**  NO OBJECTION.

19          **THE COURT:**  VERY WELL.

20          WE'LL MAKE SURE THAT COUNSEL FOR CARTER BRYANT

21   RECEIVES NOTICE OF THIS.

22          I SET THIS UP IN RESPONSE TO AN E-MAIL THAT WAS

23   FORWARDED TO ME BY MY COURTROOM DEPUTY FROM MR. NOLAN

24   CONCERNING CERTAIN MATTERS THAT ARE SCHEDULED FOR MONDAY.

25   THERE ARE THREE DIFFERENT MATTERS THAT THE COURT BELIEVES ARE

Exhibit _____

Page 138

1   SOMEWHAT RELATED, AND I WAS PLANNING, ACTUALLY THIS AFTERNOON,

2   TO ISSUE A MINUTE ORDER CONSOLIDATING THESE THREE FOR ARGUMENT

3   ON MONDAY.

4          THE THREE MATTERS ARE, FIRST OF ALL, THE EX-PARTE

5   APPLICATIONS I MADE REFERENCE TO AT MONDAY'S HEARING; THIS IS

6   BY MGA TO COMPEL THE DEPOSITIONS OF MS. CABRERRA, MS. MORALES

7   AND MS. SALAZAR; THEN THERE'S THE MGA MOTION, WHICH IS ALREADY

8   CALENDARED FOR MONDAY, CONCERNING THE EVIDENTIARY HEARING

9   REGARDING THE ALLEGED WITNESS TAMPERING; AND THEN A THIRD

10  SOMEWHAT RELATED MOTION IS MGA'S MOTION TO REVIEW PORTIONS OF

11  THE DISCOVERY MASTER'S MARCH 11, 2008 ORDER REGARDING THE

12  MOTION TO QUASH THE DEPOSITION SUBPOENAS OF THE THREE

13  INDIVIDUALS THAT I'VE NAMED.  THESE ALL ARE INTERTWINED.

14         ADD TO THAT MIX, I RECEIVED MR. NOLAN'S E-MAIL

15  INDICATING THAT THE MGA APPEAL OF THE DISCOVERY MASTER'S ORDER

16  IS GOING TO BE WITHDRAWN AND THAT THERE'S SOME KIND OF

17  AGREEMENT TO CONTINUE THE HEARING FOR MONDAY FOR THE HEARING

18  REGARDING THE REQUEST FOR AN EVIDENTIARY HEARING ON MGA'S

19  MOTION REGARDING WITNESS TAMPERING.  ALTHOUGH, IN THAT SAME

20  PARAGRAPH, THERE'S AN INDICATION THAT THE MATTER IS BEING TAKEN

21  OFF CALENDAR; SO I GUESS I WAS CONFUSED AS TO WHETHER OR NOT

22  THAT MOTION IS COMPLETELY BEING WITHDRAWN OR JUST TAKEN OFF

23  CALENDAR OR HELD IN ABEYANCE.

24         I GUESS THAT LEAVES ALSO THE 'WHERE ARE WE ON THAT

25  EX-PARTE APPLICATION REGARDING THE COMPELLING OF THE

Exhibit 2/
Page 139

6

1   DEPOSITIONS THEMSELVES?'  I WAS WONDERING IF THERE WAS SOME

2   AGREEMENT THAT WAS REACHED ON THAT.  I WANT TO GET THIS WHOLE

3   MATTER RESOLVED CONCERNING THESE THREE WITNESSES AND WHERE

4   WE'RE GOING ON THAT.

5          THAT WASN'T PROBABLY THE MOST ARTFUL DESCRIPTION OF

6   WHERE WE ARE AT, BUT THAT'S MY BEST UNDERSTANDING.

7          SO MR. NOLAN, WHY DON'T I START WITH YOU, AND PERHAPS

8   YOU CAN GIVE ME A BETTER UNDERSTANDING OF WHERE WE ARE AT ON

9   THESE RELATED ISSUES.

10         **MR. NOLAN:**  YOUR HONOR, YOUR DESCRIPTION IS FAR MORE

11  ARTFUL THAN MY E-MAIL, AND I APOLOGIZE FOR ANY CONFUSION.

12         IF I MIGHT JUST TRY TO STATE A LITTLE BIT OF

13  BACKGROUND HERE FOR YOUR HONOR.

14         FIRST OF ALL -- AND MR. ETCHEVERRY IS WITH ME -- I

15  ASKED MR. ETCHEVERRY TO CALL MR. HOLMES IMMEDIATELY TODAY UPON

16  REACHING AN AGREEMENT WITH MATTEL'S COUNSEL IN CONNECTION WITH

17  THESE MATTERS, FIRST AND FORMALLY, AND THEN WE WERE GOING TO

18  FOLLOW UP WITH A WRITTEN SUBMISSION.  BUT GIVEN THE BURDEN ON

19  THE COURT, I WANTED TO AT LEAST GIVE A HEADS-UP INTO WHAT YOU

20  DIDN'T HAVE TO WORRY ABOUT FOR MONDAY IN THIS MATTER.

21         THE PURPOSE OF THIS, YOUR HONOR, IS AS FOLLOWS:  THE

22  EVIDENTIARY HEARING, THERE'S A CONFLICT IN THE SCHEDULING, AND

23  IT'S MY CONFLICT, AND GIVEN THE IMPORTANCE OF THE EVIDENTIARY

24  HEARINGS, I THOUGHT IT WAS IMPORTANT THAT I BE PRESENT.  THE

25  CONFLICT HAS TO DO WITH A COMMITMENT THAT I HAVE IN NEW YORK

Exhibit 24
Page 140

APRIL 9TH, 2008                    TELEPHONIC HEARING

1  THAT DAY, AND I DID NOT REALIZE IT WAS GOING TO BE SCHEDULED ON

2  THE 14TH.

3          THAT LED TO THE FOLLOWING SCENARIO, AND THAT IS THAT

4  THERE IS AN ISSUE WHERE MATTEL WOULD LIKE TO TAKE THE

5  DEPOSITIONS OF THE THREE SEAMSTRESSES, FORMER EMPLOYEES OF

6  MATTEL.  THE MATTER WAS HEARD BEFORE JUDGE INFANTE AND

7  JUDGE INFANTE ISSUED AN ORDER ALLOWING THE DEPOSITIONS TO GO

8  FORWARD.

9          WE RAISED AN OBJECTION TO THAT ORDER AND WE WERE

10 GOING TO SEEK CLARIFICATION OF THE COURT, BECAUSE ORIGINALLY

11 WHEN THIS WHOLE ISSUE CAME UP, THE COURT SAID THAT IT WANTED TO

12 RETAIN JURISDICTION OVER THIS MATTER IN THE FIRST INSTANCE;

13 THAT WAS THE BASIS FOR THE APPEAL.

14         UPON REFLECTION, YOUR HONOR -- AND THIS IS THE

15 PURPOSE OF SUGGESTING THAT WE TAKE THE MATTER OFF CALENDAR FOR

16 THE TIME BEING -- WE THINK THE ISSUE MIGHT BE BETTER FRAMED

17 WITH THE DEPOSITIONS GOING FORWARD, SO THAT THE COURT, WHEN WE

18 DO ASK FOR THE EVIDENTIARY HEARING, WILL HAVE A FULL AND

19 COMPLETE RECORD.

20         HOWEVER, WHEN I REALIZED THE SCHEDULING CONFLICT,

21 RATHER THAN JUST DECIDING TO TRY TO MOVE THE HEARING, I

22 REALIZED THAT MATTEL MIGHT WRONGFULLY THINK THAT I WAS TRYING

23 TO GAIN SOME ADVANTAGE AND JUST POSTPONE THE INEVITABLE EVENT

24 OF YOU RULING ON WHETHER OR NOT THESE DEPOSITIONS GO FORWARD.

25         SO UPON REFLECTION TODAY, WE JUST THOUGHT IT WOULD BE

Exhibit _____

Page 141

APRIL 9TH, 2008                    TELEPHONIC HEARING

1   A BETTER USE OF THE COURT'S TIME AND EFFORT FOR US TO REMOVE

2   THE APPEAL, ASK THE COURT'S INDULGENCE AND ALLOW US TO TAKE THE

3   EVIDENTIARY HEARING OFF ON MONDAY; ALLOW THE DEPOSITIONS TO GO

4   FORWARD WITHOUT OUR OBJECTIONS.  THEY ARE REPRESENTED BY

5   SEPARATE COUNSEL, AND THAT WILL BE COORDINATED BETWEEN MATTEL

6   AND THEIR COUNSEL.  THAT WAY, YOUR HONOR, I THINK THAT THE

7   ISSUE WILL BE PACKAGED MORE APPROPRIATELY.

8          YOU WERE ALREADY GOING TO CONSOLIDATE IT ALL ONE, BUT

9   I THINK THIS IS THE BEST WAY, FROM EVERYBODY'S PERSPECTIVE, TO

10  APPROACH THIS.  IT WAS NOT MEANT IN ANY WAY TO GAIN AN

11  ADVANTAGE.  IN FACT, WE'RE GIVING UP THE APPEAL SO THAT WE CAN

12  BETTER FRAME THE ISSUE.

13         **THE COURT:**  WHAT PROGRESS HAS MATTEL MADE IN TERMS OF

14  SCHEDULING THESE DEPOSITIONS IN LIGHT OF THIS?

15         **MR. WEBSTER:**  WELL, YOUR HONOR, WE HAVEN'T MADE MUCH

16  PROGRESS YET.  ALTHOUGH, WE UNDERSTAND FROM COUNSEL FOR THE

17  WITNESSES THAT SHE IS WILLING TO COOPERATE WITH US ON DATES.

18  I'M EXPECTING TO HEAR BACK FROM HER IN THE NEXT DAY IN THAT

19  REGARD.

20         CERTAINLY, WE WOULD THEN TRY TO COORDINATE WITH

21  MR. NOLAN AND HIS CLIENTS TO SET SOME CONVENIENT DATES; SO I

22  THINK THAT'S WHERE THAT IS AT.

23         **MR. NOLAN:**  WE WILL NOT RESIST THAT; WE'LL COOPERATE

24  WITH THE SETTING OF DATES, YOUR HONOR.  WE'RE RUNNING FOUR

25  DEPOSITIONS A DAY; SO WE'LL DO WHATEVER WE CAN WORK OUT THAT'S

Exhibit 24
Page 142

APRIL 9TH, 2008                    TELEPHONIC HEARING

1    CONVENIENT FOR THE THREE EMPLOYEES, FORMER EMPLOYEES, WE'LL

2    MAKE THAT WORK AMONGST OURSELVES.

3         **THE COURT:**  VERY WELL.  SO THEN THE COURT IS GOING TO

4    ASSUME THAT THESE DEPOSITIONS ARE GOING FORWARD, WHICH WOULD

5    MAKE, AT LEAST AT THIS POINT IN TIME -- OBVIOUSLY THE APPEAL IS

6    WITHDRAWN, SO THAT IS OFF THE DOCKET.  I'M DOING THIS FOR THE

7    SAKE OF CLEARING UP THE DOCKET, AND THE COURT WILL ENTER A

8    MINUTE ORDER TO THIS EFFECT.  BUT THE APPEAL IS WITHDRAWN,

9    PURSUANT TO MR. NOLAN'S REPRESENTATION.

10         THE EX-PARTE APPLICATION TO COMPEL THE DEPOSITION IS

11    RENDERED MOOT BY THIS AGREEMENT, SO I'M GOING TO HAVE THAT

12    TAKEN OFF THE DOCKET AS WELL -- NOT TAKEN OFF THE DOCKET, BUT

13    VIEWED AS MOOT AND SATISFIED.

14         THAT LEAVES THIS MOTION CONCERNING THE WITNESS

15    TAMPERING.

16         FRANKLY, THE COURT HAS ALREADY READ THE TRANSCRIPTS.

17    I WENT THROUGH THE TRANSCRIPTS EARLIER THIS WEEK OF THE TWO

18    TRANSCRIPTS, THERE WERE TWO INDIVIDUALS THEMSELVES, AND THAT

19    WAS MS. CABRERRA AND MS. MORALES.

20         I GUESS WHAT I'M STILL NOT CLEAR ON, MR. NOLAN, IS

21    WHEN YOU PLAN ON BRINGING THIS MOTION OR PRESSING THIS MOTION?

22         IS THIS BEING TAKEN OFF AND PLACED IN LIMBO?  WHAT

23    ARE WE DOING WITH THIS?

24         **MR. NOLAN:**  YOUR HONOR, WHAT I WOULD LIKE TO DO IS

25    TAKE THE NEXT AVAILABLE HEARING THAT'S CONVENIENT FOR THE COURT

Exhibit 24
Page 143

1   AFTER THE DEPOSITIONS ARE COMPLETED OF THESE THREE

2   SEAMSTRESSES, WHICH I ASSUME WILL BE IN VERY SHORT ORDER; AND

3   THEN I THINK ONCE WE DID THAT, WE CAN EVALUATE THE RECORD FROM

4   THOSE DEPOSITIONS.

5          THE COURT:   YOU KNOW, I THINK THAT AN EVALUATION OF

6   THE RECORD BASED ON THOSE DEPOSITIONS WOULD BE QUITE

7   APPROPRIATE.   I THINK THE ACTUAL TAKING OF THE DEPOSITIONS

8   ACTUALLY MIGHT REFLECT UPON -- MIGHT AFFECT THE EVIDENTIARY

9   RECORD, THE BASIS FOR THE MOTION ITSELF; SO WHAT I'M INCLINED

10  TO DO AT THIS POINT IS DENY THE MOTION ITSELF WITHOUT PREJUDICE

11  TO ITS RENEWAL ONCE THE DEPOSITIONS HAVE BEEN CONDUCTED.   AND

12  THEN BASED ON THE FULL EVIDENTIARY RECORD, NOT ONLY THE

13  TRANSCRIPTS OF THE TWO WITNESS INTERVIEWS THAT WERE DONE, BUT

14  ALSO THE THREE DEPOSITIONS -- BECAUSE I PRESUME THESE TOPICS OR

15  TOPICS RELATED TO THIS MOTION WILL BE EXPLORED IN THOSE

16  DEPOSITIONS -- IF COUNSEL STILL WISHES TO PRESS THIS MOTION,

17  YOU MAY DO SO.   AND IF YOU DON'T, YOU DON'T.   THEN THAT'S

18  ENTIRELY UP TO YOU AND YOU CERTAINLY RESERVE YOUR RIGHT TO

19  BRING THE MOTION.

20          BUT I WOULD CERTAINLY WANT THE MOTION BROUGHT IN

21  LIGHT OF THE FULL RECORD AND NOT JUST SUPPLEMENTED IN LIGHT OF

22  THE DEPOSITIONS, BECAUSE I COULD SEE THE DEPOSITIONS TRULY

23  AFFECTING THE RECORD.

24          MR. NOLAN:   YOUR HONOR, WE FULLY AGREE; AND THAT,

25  AFTER ALL OF THIS CAME TOGETHER, MADE ABSOLUTELY MORE SENSE TO

Exhibit _84_
Page 144

APRIL 9TH, 2008                    TELEPHONIC HEARING

11

1   ME TOO.  AND THE FACT THAT THAT WAS GOING TO BE THE LIKELY

2   OUTCOME AT MONDAY'S HEARING, IT SEEMS THIS IS THE BETTER COURSE

3   TO ADVISE THE COURT IMMEDIATELY SO AS NOT TO DO ANY ADDITIONAL

4   WORK.

5           AND I APOLOGIZE FOR HAVING THE COURT TAKE A LOOK AT

6   THIS ON PROBABLY HALF OF THE RECORD THAT WE WOULD WANT.

7           **THE COURT:**  I APPRECIATE THAT, MR. NOLAN.

8           SO I AM GOING TO DENY IT THEN, WITHOUT PREJUDICE.

9   THE OTHER TWO MOTIONS HAVE BEEN ESSENTIALLY DENIED OR

10  WITHDRAWN, AS INDICATED ON THE RECORD.  AND I TRUST THE

11  DEPOSITIONS WILL GO FORWARD, AND THEN I WILL SEE ALL OF YOU ON

12  OUR NEXT MEETING; THAT WILL BE ON THE 22ND.  WE HAVE A SPECIAL

13  DATE FOR HEARING ON THE MOTIONS FOR SUMMARY JUDGMENT THAT

14  TUESDAY; SO I WILL SEE YOU AT THAT TIME.

15          **MR. NOLAN:**  GREAT.  THANK YOU, YOUR HONOR.

16          **MR. WEBSTER:**  THANK YOU, YOUR HONOR.

17          **THE COURT:**  ALL RIGHT.  GOOD EVENING.

18                      CERTIFICATE

19

20  I HEREBY CERTIFY THAT PURSUANT TO SECTION 753, TITLE 28, UNITED
    STATES CODE, THE FOREGOING IS A TRUE AND CORRECT TRANSCRIPT OF
21  THE STENOGRAPHICALLY RECORDED PROCEEDINGS HELD IN THE ABOVE-
    ENTITLED MATTER AND THAT THE TRANSCRIPT PAGE FORMAT IS IN
22  CONFORMANCE WITH THE REGULATIONS OF THE JUDICIAL CONFERENCE OF
    THE UNITED STATES.

23

24  _Theresa A. Lanza_                    5-7-08
    THERESA A. LANZA, CSR, RPR                DATE
25  FEDERAL OFFICIAL COURT REPORTER

Exhibit 24
Page 145