# EXHIBIT 25

CERTIFIED COPY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, AN INDIVIDUAL, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | CASE NO. |
| V. ) | CV 04-9049 SGL |
| ) | (RNBX) |
| MATTEL, INC., A DELAWARE ) | [CONSOLIDATED WITH |
| CORPORATION, ) | NO. 04-9059 AND CASE NO. 05-2727] |
| ) | |
| DEFENDANTS. ) | |
| —————————————————) | |
| ) | |
| AND CONSOLIDATED ACTION (S). ) | |
| ————————————————————) | |

# DEPOSITION OF BEATRIZ MORALES

# APRIL 29, 2008

REPORTED BY:
RENEE PACHECO
CSR NO. 11564
JOB NO. 08AE327-RP



COURT REPORTERS

515 S. Flower Street
Suite 3600
Los Angeles, California 90071
Office: (213) 955-0070
Fax: (213) 955-0077

Exhibit 25

Page 146

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

CARTER BRYANT, AN INDIVIDUAL,　)
　　　　　　　　　　　　　　　　)
　　　　PLAINTIFF,　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　VS.　　　　　　　　　　　 )　CASE NO.
　　　　　　　　　　　　　　　　)　CV 04-9049 SGL
MATTEL, INC., A DELAWARE　　　　)　　　　(RNBX)
CORPORATION,　　　　　　　　　　)
　　　　　　　　　　　　　　　　)　CONSOLIDATED WITH
　　　　DEFENDANT,　　　　　　　 )　[CASE NO.
　　　　　　　　　　　　　　　　)　CV 04-9059 AND
_____　　 )　CASE NO.
　　　　　　　　　　　　　　　　)　CV 05-2727]
AND CONSOLIDATED ACTION(S).　　 )
_____　　  )

DEPOSITION OF BEATRIZ MORALES,
TAKEN ON BEHALF OF THE DEFENDANT,
AT 865 SOUTH FIGUEROA STREET, 10TH
FLOOR, LOS ANGELES, CALIFORNIA,
COMMENCING AT 9:20 A.M., TUESDAY,
APRIL 29, 2008, BEFORE RENEE A.
PACHECO, RPR, CSR 11564.

Exhibit 25
Page 147

```
 1    APPEARANCES OF COUNSEL:

 2

 3    FOR THE PLAINTIFF CARTER BRYANT:

 4         KEKER & VAN NEST, LLP
           BY:  ALYSE D. BERTENTHAL, ESQ.

 5         710 SANSOME STREET
           SAN FRANCISCO, CALIFORNIA  94111-1704

 6         (415) 391-5400

 7

 8    FOR THE DEFENDANT MATTEL, INC.:

 9         QUINN EMANUEL URQUHART OLIVER & HEDGES
           BY:  JAMES WEBSTER, ESQ.

10             CYRUS S. NAIM, ESQ.
           865 SOUTH FIGUEROA STREET

11         10TH FLOOR
           LOS ANGELES, CALIFORNIA  90017-2543

12         (213) 443-3000

13

14    FOR THE DEFENDANT MGA ENTERTAINMENT, INC.:

15         SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
           BY:  BERNARD SHEK, ESQ.

16         525 UNIVERSITY AVENUE
           PALO ALTO, CALIFORNIA  94301

17         (650) 470-4500

18

19    FOR THE DEPONENT:

20         ALLRED, MAROKO & GOLDBERG
           BY:  MARIA G. DIAZ, ESQ.

21         6300 WILSHIRE BOULEVARD
           SUITE 1500

22         LOS ANGELES, CALIFORNIA  90048
           (323) 653-6530

23

24

25
```

Exhibit 25
Page 148

```
1     APPEARANCES (CONTINUED):

2

3     ALSO PRESENT:

4          DON KELLY - VIDEOGRAPHER
                         JTV LITIGATION SERVICES

5

           TUNNY SZTIRO- SPANISH INTERPRETER

6

           JILL THOMAS - MATTEL

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

Exhibit 25
Page 149

```
 1                    I N D E X
 2
 3   DEPONENT:            EXAMINED BY:            PAGE:
 4   BEATRIZ MORALES    MR. WEBSTER               13
 5                      AFTERNOON SESSION         136
 6                      MR. SHEK                  220
 7
 8
 9   EXHIBITS FOR IDENTIFICATION:
10   MORALES:
11   (BOUND UNDER SEPARATE COVER)
12   5388 - EMPLOYMENT APPLICATION, BATES
              NO. M 0262514                       58
13
     5389 - E-MAIL, BATES NO. M 0262528           61
14
     5390 - EMPLOYEE CONFIDENTIAL INFORMATION
15          AND INVENTIONS AGREEMENT, BATES
            M 0262518                             67
16
     5391 - EMPLOYMENT AGREEMENT DATED
17          MARCH 22, 2004, BATES NOS.
            M 0262503 THROUGH M 0262507           70
18
     5392 - CONFLICT OF INTEREST QUESTIONNAIRE,
19          BATES NO. M 0262517                   71
20   5393 - ACKNOWLEDGEMENT FOR RECEIPT OF
            MATTEL EMPLOYEE HANDBOOK, BATES
21          NO. M 0262520                         73
22   5394 - E-MAIL STRING, BATES NOS. M 0262522
            AND M 0262521                         74
23
     5395 - SEPARATION AGREEMENT GENERAL
24          RELEASE, BATES NOS. M 0262495
            THROUGH M 0262502                     76
25
```

Exhibit 25
Page 150

```
1                    I N D E X (CONTINUED)
2    EXHIBITS FOR IDENTIFICATION
3    MORALES:
4    (BOUND UNDER SEPARATE COVER)
5    5396 - CONFIDENTIALITY AND NO CONFLICT
              AGREEMENT FOR TEMPORARY ASSIGNMENT,
6              BATES NOS. M 0262532 AND M 0262533      81
7    5397 - CONFIDENTIALITY AND NON-DISCLOSURE
              AGREEMENT, BATES NO. M 0262531          91
8
     5398 - PRO UNLIMITED NON-EXEMPT EMPLOYEE
9              SERVICES AGREEMENT, BATES NOS.
               M 0262534 THROUGH M 0262537            92
10
     5399 - ACKNOWLEDGEMENT OF RECEIPT FOR
11             TEMPORARY EMPLOYEES, BATES NO.
               M 0262538                              92
12
     5400 - PHOTOGRAPH, BATES NO. M 0261592          115
13
     5401 - PHOTOGRAPH, BATES NO. M 0261594          118
14
     5402 - PHOTOGRAPH, BATES NO. M 0261595          120
15
     5403 - PHOTOGRAPH, BATES NO. M 0261727          122
16
     5404 - PHOTOGRAPH, BATES NO. M 0261768          123
17
     5405 - PHOTOGRAPH, BATES NO. M 0262589          123
18
     5406 - PHOTOGRAPH, BATES NO. M 0262590          124
19
     5407 - PHOTOGRAPH, BATES NO. M 0261795          125
20
     5408 - PHOTOGRAPH, BATES NO. M 0261797          126
21
     5409 - PHOTOGRAPH, BATES NO. M 0261820          129
22
     5410 - PHOTOGRAPH, BATES NO. M 0261821          131
23
     5411 - TWO PHOTOGRAPHS, ONE WITH NO
24             BATES STAMP, AND ONE WITH BATES
               NO. M 0262591                          135
25
```

Exhibit 25
Page 151

```
 1              I N D E X  (CONTINUED)

 2    EXHIBITS FOR IDENTIFICATION

 3    MORALES:

 4    (BOUND UNDER SEPARATE COVER)

 5    5412 - DUPLICATE OF EXHIBIT 5405              137

 6    5413 - PHOTOGRAPH, BATES NO. M 0261822        141

 7    5414 - PHOTOGRAPH, BATES NO. M 0261778        142

 8    5415 - PHOTOGRAPH, BATES NO. M 0261779        143

 9    5416 - PHOTOGRAPH, BATES NO. M 0261733        144

10    5417 - PHOTOGRAPH, BATES NO. M 0261896        144

11    5418 - PHOTOGRAPH, BATES NO. M 0261723        145

12    5419 - PHOTOGRAPH, BATES NO. M 0261724        146

13    5420 - TWO PHOTOGRAPHS, ONE WITH NO
                BATES STAMP, AND ONE WITH BATES
14              NO. M 0262605                       147

15    5421 - PHOTOGRAPH, BATES NO. M 0261726        147

16    5422 - PHOTOGRAPH, BATES NO. M 0261725        149

17    5423 - PHOTOGRAPH, BATES NO. M 0261737        149

18    5424 - PHOTOGRAPH, BATES NO. M 0261744        150

19    5425 - PHOTOGRAPH, BATES NO. M 0261637        151

20    5426 - TWO PHOTOGRAPHS, ONE WITH NO
                BATES STAMP, AND ONE WITH BATES
21              NO. M 0262617                       151

22    5427 - PHOTOGRAPH, BATES NO. M 0261740        152

23    5428 - PHOTOGRAPH, BATES NO. M 0261739        153

24    5429 - TWO PHOTOGRAPHS, ONE WITH NO
                BATES STAMP, AND ONE WITH BATES
25              NO. M 0262598                       154
```

Exhibit 25
Page 152

```
 1              I N D E X  (CONTINUED)

 2    EXHIBITS FOR IDENTIFICATION

 3    MORALES:

 4    (BOUND UNDER SEPARATE COVER)

 5    5430 - TWO PHOTOGRAPHS, ONE WITH NO
               BATES STAMP, AND ONE WITH BATES

 6             NO. M 0262633                        155

 7    5431 - TWO PHOTOGRAPHS, ONE WITH NO
               BATES STAMP, AND ONE WITH BATES

 8             NO. M 0262362                        156

 9    5432 - PHOTOGRAPH, BATES NO. M 0261599        156

10    5433 - PHOTOGRAPH, BATES NO. M 0261600        157

11    5434 - PHOTOGRAPH, BATES NO. M 0261666        157

12    5435 - PHOTOGRAPH, BATES NO. M 0261643        158

13    5436 - PHOTOGRAPH, BATES NO. M 0261924        159

14    5437 - PHOTOGRAPH, BATES NO. M 0261627        160

15    5438 - PHOTOGRAPH, BATES NO. M 0261950        160

16    5439 - TWO PHOTOGRAPHS, ONE WITH NO
               BATES STAMP, AND ONE WITH BATES

17             NO. M 0262599                        161

18    5440 - PHOTOGRAPH, BATES NO. M 0261736        161

19    5441 - PHOTOGRAPH, BATES NO. M 0261803        163

20    5442 - PHOTOGRAPH, BATES NO. M 0261801        164

21    5443 - PHOTOGRAPH, BATES NO. M 0261804        165

22    5444 - PHOTOGRAPH, BATES NO. M 0261830        166

23    5445 - PHOTOGRAPH, BATES NO. M 0261614        166

24    5446 - PHOTOGRAPH, BATES NO. M 0262623        167

25    5447 - PHOTOGRAPH, BATES NO. M 0261728        168
```

Exhibit 25
Page 153

```
 1              I N D E X  (CONTINUED)
 2    EXHIBITS FOR IDENTIFICATION
 3    MORALES:
 4    (BOUND UNDER SEPARATE COVER)
 5    5448 - VARIOUS DOCUMENTS, BATES NOS.
                KMW-M 7141, 7136, 7132, 7129,
 6              7126                                    183
 7    5449 - VARIOUS DOCUMENTS, BATES NOS.
                KMW-M 7143, 7138, 7139, 7140,
 8              7135, 7131, 7128, 7134                  184
 9    5450 - VARIOUS DOCUMENTS, BATES NOS.
                KMW-M 12742, 9885, 9878, 16106,
10              9728, 9730, 9725, 9861, 9866,
                9855, 9718, 949, 9717                   195
11
      5451 - VARIOUS DOCUMENTS, BATES NOS.
12              KMW-M 9837, 8563, 9715, 9834,
                9462, 9463, 9464, 9465, 8690           198
13
      5452 - VARIOUS DOCUMENTS, BATES NOS.
14              KMW-M 9761, 9764, 9789, 9785,
                9782, 9780, 9808, 9819, 9826,
15              9813, 9894, 9896, 9886, 9882,
                16107, 9901, 9726, 9871, 9865,
16              9873, 9856, 9845, 9853                  201
17    5453 - VARIOUS DOCUMENTS, BATES NOS.
                KMW-M 7142, 7137, 7133, 7130,
18              7127                                    208
19    5454 - TIME RECORDS, BATES. NOS.
                KMW-M 9799, 9798, 9762, 9765,
20              9801, 9766, 9790, 9791, 9792,
                9797, 9796, 9779, 9820, 9821,
21              9830, 9831, 9827, 9828, 9829,
                9815, 9816, 9806, 9802, 9888,
22              9883, 16108, 9899, 9727, 9870,
                9863, 9875, 9858, 9847, 9839,
23              9843, 9842                              209
24
25
```

Exhibit 25
Page 154

```
1              I N D E X  (CONTINUED)
2     EXHIBITS FOR IDENTIFICATION
3     MORALES:
4     (BOUND UNDER SEPARATE COVER)
5     5455 - NON-MANAGEMENT TARGETED RESULTS,
              ASSESSMENT AND COACHING, JANUARY
6             2002 TO DECEMBER 2002, BATES NOS.
              M 0262481 THROUGH M 0262486          212
7
      5456 - NON-MANAGEMENT TARGETED RESULTS,
8             ASSESSMENT AND COACHING, JANUARY
              2001 TO DECEMBER 2001, BATES NOS.
9             M 0262487 THROUGH M 0262494          213
10    5457 - MEMO DATED MARCH 18, 2004,
              BATES NO. M 0262433                  227
11
12           QUESTIONS UNANSWERED BY DEPONENT:
13
          PAGE    LINE          PAGE    LINE
14
          14       1            192     15
15        14       8            195      8
          53       8            196     17
16       172      17            197      2
         173       6            197     21
17       173      13            198     22
         173      24            200      2
18       177      22            200     18
         176      10            201     16
19       179       7            207     10
         179      14            207     15
20       180      22            214     11
         181      16
21       182       2
         183      16
22       184      15
         188       2
23       188       9
         188      18
24       189       2
         191      13
25
```

Exhibit 25
Page 155

```
 1        THE DEPONENT:  NO.
 2   BY MR. WEBSTER:
 3        Q.    MS. MORALES, IS IT YOUR TESTIMONY THAT
 4   YOU THOUGHT EVEN AFTER THE 2004 MEETING THAT MATTEL
 5   THOUGHT IT WAS OKAY FOR -- WOULD HAVE APPROVED OF
 6   YOU CONTINUING TO WORK ON BRATZ WHILE EMPLOYED BY
 7   MATTEL?
 8        MS. BERTENTHAL:  MISSTATES TESTIMONY.
 9        MR. SHEK:  ALSO CALLS FOR SPECULATION.
10        THE DEPONENT:  CAN YOU REPEAT THE QUESTION.
11        MR. WEBSTER:  CAN YOU READ IT BACK, PLEASE.
12           (THE RECORD WAS READ AS FOLLOWS:
13            Q    MS. MORALES, IS IT YOUR
14         TESTIMONY THAT YOU THOUGHT EVEN AFTER
15         THE 2004 MEETING THAT MATTEL THOUGHT
16         IT WAS OKAY FOR -- WOULD HAVE
17         APPROVED OF YOU CONTINUING TO WORK ON
18         BRATZ WHILE EMPLOYED BY MATTEL?)
19        MS. DIAZ:  CALLS FOR SPECULATION.
20        THE DEPONENT:  NO.
21   BY MR. WEBSTER:
22        Q.    AFTER THE MATTEL MEETING IN 2004, DID YOU
23   DO ANYTHING TO COVER UP OR HIDE THE FACT THAT YOU
24   WERE WORKING ON THE BRATZ DOLLS?
25        MS. DIAZ:  OBJECTION; VAGUE AND AMBIGUOUS.
```

Exhibit 25
Page 156

1        THE DEPONENT:  NO.

2   BY MR. WEBSTER:

3        Q.    DO YOU RECALL THAT YOU WERE INTERVIEWED

4   AT MATTEL BEFORE YOU LEFT THE COMPANY THIS YEAR?

5        A.    YES.

6        Q.    DO YOU RECALL DISCUSSING ANYTHING AT THAT

7   TIME REGARDING COVERING UP OR HIDING THE FACT THAT

8   YOU WERE WORKING ON THE BRATZ DOLLS?

9        A.    NO.

10       MS. BERTENTHAL:  OBJECTION; ARGUMENTATIVE.

11       MS. DIAZ:  ALSO VAGUE AND AMBIGUOUS.

12   BY MR. WEBSTER:

13       Q.    DO YOU RECALL WHETHER MS. CABRERA DID

14   ANYTHING TO COVER UP OR HIDE THE FACT THAT SHE WAS

15   WORKING ON THE BRATZ DOLLS?

16       MS. BERTENTHAL:  SAME OBJECTION.

17       MS. DIAZ:  SAME OBJECTION.

18       THE DEPONENT:  NO.

19   BY MR. WEBSTER:

20       Q.    WHO IS -- YOUR ATTORNEY SITTING NEXT TO

21   YOU, MS. DIAZ, THAT'S WHO'S HERE TO REPRESENT YOU

22   TODAY; CORRECT?

23       A.    YES.

24       Q.    DO YOU KNOW WHO IS PAYING HER FEES?

25       A.    AT THE BEGINNING, MRS. VERONICA MARLOW,

Exhibit 25
Page 157

1    SHE RECOMMENDED HER.  AND SHE OFFERED ME TO HELP

2    ME.

3         Q.    DO YOU HAVE ANY UNDERSTANDING OF WHY

4    MS. MARLOW OFFERED TO HELP YOU IN THAT WAY?

5         MS. BERTENTHAL:  CALLS FOR SPECULATION.

6         THE DEPONENT:  BECAUSE SHE FEELS BAD FOR ALL

7    THE THINGS THAT I'M GOING THROUGH, ESPECIALLY THAT

8    I LOST MY JOB, AND I HAVE NO MONEY.

9    BY MR. WEBSTER:

10        Q.    SO MS. MARLOW IS PAYING FOR YOUR

11   ATTORNEY'S FEES, AS FAR AS YOU KNOW; IS THAT

12   CORRECT?

13        A.    UP TO THIS DATE, I HAVE NOT -- I DON'T

14   KNOW IF SHE HAD PAID HER.  THE ONLY THING THAT I

15   KNOW IS THAT SHE GAVE THE DEPOSIT.  THE FIRST

16   PAYMENT, THE FIRST DEPOSIT.  THAT'S IT.

17        Q.    AND HOW MUCH WAS THAT?

18        A.    2,500.  JUST FOR ME.

19        Q.    AND DO YOU KNOW IF MS. MARLOW IS ALSO

20   PAYING FOR MS. CABRERA'S ATTORNEY'S FEES?

21        MS. BERTENTHAL:  OBJECTION; CALLS FOR

22   SPECULATION, NO PERSONAL KNOWLEDGE.

23        THE DEPONENT:  BUT I KNOW THE SAME -- THE SAME

24   THING LIKE WITH ME.

25        ///

Exhibit ___
Page 158

1   BY MR. WEBSTER:

2       Q.     WHEN DID MS. MARLOW FIRST SUGGEST TO YOU

3   THAT YOU NEEDED AN ATTORNEY TO REPRESENT YOU IN

4   THIS MATTER?

5       MR. SHEK:  OBJECTION; MISSTATES THE TESTIMONY.

6       THE DEPONENT:  WHEN MATTEL FIRED US.

7   BY MR. WEBSTER:

8       Q.     AND WHEN DO YOU RECALL THAT WAS?

9       A.     AROUND JANUARY 3, 2008.

10      Q.     WHY DID YOU THINK YOU NEEDED AN ATTORNEY

11  AT THAT TIME?

12      A.     IT WAS NOT EXACTLY WITH ME, BUT AT THAT

13  TIME THEY HAD -- THEY HAD FIRED ISABEL -- ANA.

14  WELL, I CANNOT TALK ABOUT HER CASE.

15      Q.     OKAY.  MY QUESTION IS:  WHEN DID -- WHEN

16  DID YOU, MS. MORALES, FIRST REALIZE THAT YOU WOULD

17  NEED AN ATTORNEY IN THIS MATTER; THAT IS, THE SUIT

18  INVOLVING -- I APOLOGIZE -- THE SUIT INVOLVING MGA?

19      MS. DIAZ:  I'M GOING TO OBJECT TO THAT AS

20  MISSTATES HER TESTIMONY.

21      THE DEPONENT:  TO THE DATE THAT I WAS FIRED,

22  AND THAT WAS THE 16TH, JANUARY 16TH, AND THEN I GOT

23  A LETTER FOR A DEPOSITION.

24  BY MR. WEBSTER:

25      Q.     WHEN'S THE LAST TIME YOU DISCUSSED THIS

Exhibit 25
Page 159

1   CASE AND THAT THERE ARE NO OTHER MEANS OF OBTAINING

2   THIS INFORMATION.

3           SO I'M HAPPY TO MEET AND CONFER WITH YOU

4   AND LOOK AT YOUR AUTHORITIES.  BUT AS OF RIGHT NOW,

5   I'M INSTRUCTING HER NOT TO ANSWER THESE QUESTIONS.

6           SO MAKE -- LET'S MAKE A RECORD AND GO

7   FROM THERE.

8       MR. WEBSTER:  ALL RIGHT.  SO -- JUST SO I'M

9   CLEAR, YOUR KIND OFFER TO MEET AND CONFER IS THAT

10   WE HAVE A DEPOSITION NOW, YOU OBSTRUCT THE TAKING

11   OF THIS DEPOSITION ON THE EVE OF TRIAL, AND THEN

12   YOU'LL EXPLAIN TO JUDGE LARSON, WHEN YOU DECIDE TO

13   MEET AND CONFER WITH ME, EVEN THOUGH THIS

14   DEPOSITION HAS BEEN PUT OFF BY THE ATTEMPTS OF YOU

15   AND THE OTHER PARTIES HERE FOR MONTHS.

16           THAT -- THAT IS THE POSITION YOU'RE GOING

17   TO TAKE WHEN WE GET TO TRIAL, THAT WE CAN MEET AND

18   CONFER AFTER THIS DEPOSITION; IS THAT CORRECT?

19       MS. DIAZ:  COUNSEL, YOU'RE COMPLETELY

20   MISREPRESENTING THE RECORD.  I'M NOT ENGAGING YOU

21   ON THE RECORD, COUNSEL, BECAUSE IT'S INAPPROPRIATE.

22           I HAVE NO IDEA WHAT QUESTIONS YOU'RE

23   GOING TO ASK WITH REGARD TO THIS ISSUE.  I'M

24   ENTITLED TO DEFEND IT AS I DEEM APPROPRIATE.

25           AND IT IS YOUR DUTY TO MEET AND CONFER

Exhibit
Page 160

```
 1    WITH ME ON THOSE ISSUES THAT YOU DISAGREE WITH.

 2    AND I'M HAPPY TO LOOK AT YOUR AUTHORITIES, BUT I'M

 3    NOT ENGAGING YOU ON THE RECORD.

 4            SO ASK YOUR NEXT QUESTION, AND I WILL

 5    INSTRUCT AS I DEEM APPROPRIATE.

 6    BY MR. WEBSTER:

 7       Q.    WERE YOU EVER PAID BY MS. MARLOW OR ANY

 8    OF HER COMPANIES FOR THE WORK YOU DID FOR HER UNDER

 9    SOMEBODY ELSE'S NAME?

10       MS. DIAZ:  OBJECTION -- OBJECTION.

11            I'M GOING TO INSTRUCT THE WITNESS NOT TO

12    ANSWER BASED ON HER PRIVACY RIGHTS.

13    BY MR. WEBSTER:

14       Q.    DID MS. -- DIDN'T YOU TELL THE PEOPLE AT

15    MATTEL, ON JANUARY 14, 2008, THAT YOU ARRANGED WITH

16    MS. MARLOW FOR HER TO PAY YOU THROUGH SOMEBODY

17    ELSE'S NAME?  ISN'T THAT TRUE?

18       MS. DIAZ:  AND NOW I'M GOING TO OBJECT TO THAT

19    QUESTION ON THE BASIS THAT IT INVADES MY CLIENT'S

20    RIGHT TO PRIVACY.

21            AND ALSO I'M ADVISING HER TO INVOKE HER

22    FIFTH AMENDMENT RIGHTS AGAINST SELF-INCRIMINATION.

23    I'M INSTRUCTING HER NOT TO ANSWER THAT QUESTION.

24       MR. WEBSTER:  OKAY, COUNSEL.  MY QUESTION --

25    JUST SO WE'RE CLEAR ABOUT THIS -- AND I APPRECIATE
```

Exhibit 25
Page 161

1    YOU TRYING TO BE CLEAR ALSO.

2           MY QUESTION IS:  DID SHE TELL PEOPLE AT

3    MATTEL, ON JANUARY 14, 2008, THAT THAT IS WHAT

4    HAPPENED?

5        MS. DIAZ:  I UNDERSTAND YOUR QUESTION, COUNSEL.

6    AND I'VE MADE MY INSTRUCTION AND MY OBJECTION BASED

7    ON YOUR QUESTION.

8        MR. WEBSTER:  YOU'RE ALSO INSTRUCTING HER NOT

9    TO ANSWER THAT ON THE BASIS OF A PRIVACY OBJECTION;

10   IS THAT CORRECT?

11       MS. DIAZ:  BOTH, YES.

12          I'M SORRY.  I'LL WITHDRAW THE PRIVACY.  I

13   UNDERSTAND WHAT YOUR POINT IS.  BUT I WILL MAINTAIN

14   THE FIFTH AMENDMENT INSTRUCTION NOT TO ANSWER THAT

15   QUESTION.

16       MR. WEBSTER:  SO LET ME REPHRASE THE QUESTION

17   SO I CAN ASK IT AND WE CAN HAVE A CLEAR ONE STATED

18   INSTRUCTION.

19       MS. DIAZ:  AND THAT'S AMENABLE TO ME.

20       MR. WEBSTER:  THANK YOU.

21   BY MR. WEBSTER:

22       Q.    MS. MORALES, ISN'T IT TRUE THAT YOU

23   INFORMED PEOPLE AT MATTEL, ON JANUARY 14TH, 2008,

24   THAT YOU MADE ARRANGEMENTS WITH MS. MARLOW FOR HER

25   TO PAY YOU IN SOMEBODY ELSE'S NAME, IN ORDER TO

Exhibit 25
Page 162

1   CONCEAL THE FACT THAT PAYMENTS WERE BEING MADE TO

2   YOU?

3        MS. DIAZ:  AND I'M GOING TO OBJECT AND INSTRUCT

4   AND ADVISE MY CLIENT TO INVOKE HER FIFTH AMENDMENT

5   RIGHT AGAINST SELF-INCRIMINATION.

6             AND DON'T ANSWER THE QUESTION.

7        MR. WEBSTER:  WE MIGHT JUST TAKE A BREAK FOR A

8   MOMENT.  THANK YOU.

9        THE VIDEOGRAPHER:  WE ARE OFF THE RECORD.  THE

10  TIME IS 3:52 P.M.

11             (A RECESS WAS HELD.)

12       THE VIDEOGRAPHER:  THIS IS THE START OF TAPE

13  NO. 4.  WE ARE BACK ON THE RECORD.  THE TIME IS

14  4:00 P.M.

15  BY MR. WEBSTER:

16       Q.   DID YOU RECEIVE ANY SORT OF TAX RECORDS

17  REFLECTING PAYMENTS THAT WERE MADE TO YOU BY

18  MS. MARLOW OR ANY OF HER COMPANIES THAT YOU WORKED

19  FOR?

20       MS. DIAZ:  AND I'M GOING TO OBJECT AND INSTRUCT

21  NOT TO ANSWER ON THE BASIS THAT PRIVACY TAX RECORDS

22  ARE PROTECTED.

23  BY MR. WEBSTER:

24       Q.   AND YOU'RE NOT GOING TO ANSWER THAT

25  QUESTION?

Exhibit 25
Page 163

1        A.    NO.

2        Q.    DID YOU EVER RECEIVE, OR DID YOU EVER

3   SIGN RECEIPTS REFLECTING MONEYS THAT WERE PAID TO

4   YOU BY MS. MARLOW FOR THE WORK YOU DID FOR HER?

5        MS. DIAZ:   I'M GOING TO OBJECT TO THE QUESTION

6   ON THE BASIS THAT IT INVADES MY CLIENT'S RIGHT TO

7   PRIVACY AND ALSO ADVISING HER TO INVOKE HER FIFTH

8   AMENDMENT RIGHT AGAIN TO SELF-INCRIMINATION.

9            INSTRUCT HER NOT TO ANSWER THAT QUESTION.

10       MR. WEBSTER:   LET'S MARK AS THE NEXT EXHIBIT

11  FOR IDENTIFICATION --

12       DEPOSITION REPORTER:   5448.

13       MR. WEBSTER:   JUST BEFORE YOU DO.

14  BY MR. WEBSTER:

15       Q.    MS. MORALES, ARE YOU GOING TO FOLLOW

16  YOUR -- YOUR ATTORNEY'S INSTRUCTION AND NOT ANSWER

17  MY QUESTION?

18       A.    YES.

19       MS. DIAZ:   AND I'M GOING TO PLACE ANOTHER

20  OBJECTION TO THESE RECORDS, AS I'VE NEVER SEEN

21  THEM.   THEY'RE CONFIDENTIAL EMPLOYMENT RECORDS THAT

22  HAVE BEEN PRODUCED IN THIS CASE, WITHOUT ANY

23  NOTICE, AS REQUIRED BY THE LAW, TO MY CLIENT.

24            AND I'M PUTTING THE PARTIES ON NOTICE

25  THAT MY CLIENT RESERVES THE RIGHT TO GO IN AND SEEK

Exhibit 25
Page 164

1    DAMAGES FOR INVASION OF PRIVACY.

2        MR. SHEK:  I'LL ALSO NOTE THAT THIS IS MARKED

3    ATTORNEYS' EYES ONLY.

4        MR. WEBSTER:  AND MS. THOMAS WILL HAVE TO LEAVE

5    THE ROOM.

6        MS. THOMAS:  OKAY.  SORRY.

7            (MS. THOMAS LEAVES THE ROOM.)

8        MR. WEBSTER:  THIS DOCUMENT IS A SERIES OF

9    DOCUMENTS THAT APPEAR TO HAVE BEEN SIGNED BY

10   MS. MORALES.  BATES NO. KMW-M 7141, 7136, 7132,

11   7129, AND 7126.

12            (MORALES EXHIBIT NUMBER 5448 WAS

13            MARKED FOR IDENTIFICATION AND

14            IS BOUND UNDER SEPARATE COVER.)

15   BY MR. WEBSTER:

16       Q.   MY QUESTION IS:  MS. MORALES, DID YOU

17   SIGN YOUR NAME ON ANY OF THESE DOCUMENTS?

18       MS. DIAZ:  AND I'M GOING TO OBJECT TO THIS

19   DOCUMENT AND THE QUESTION ON THE BASIS THAT IT

20   INVADES MY CLIENT'S RIGHT TO PRIVACY, INCORPORATES

21   MY PRIOR OBJECTIONS ABOUT THE LACK OF NOTICE AND

22   PRODUCTION OF THESE CONFIDENTIAL EMPLOYMENT

23   RECORDS.

24            AND I'M ALSO GOING TO ADVISE MY CLIENT TO

25   INVOKE HER RIGHT AGAINST SELF-INCRIMINATION UNDER

Exhibit 25
Page 165

1    THE CONSTITUTION.

2    BY MR. WEBSTER:

3        Q.    AND ARE YOU GOING TO FOLLOW YOUR LAWYER'S

4    INSTRUCTION AND NOT ANSWER ON THE GROUNDS OF THOSE

5    PRIVILEGES, MS. MORALES?

6        A.    YES.

7        MR. WEBSTER:  MARK AS THE NEXT EXHIBIT FOR

8    IDENTIFICATION 5449.  THIS IS A SERIES OF DOCUMENTS

9    BATES NUMBERED KMW-M 7143, 7138, 7139, 7140, 7135,

10   7131, 7128, AND 7134.

11           (MORALES EXHIBIT NUMBER 5449 WAS

12            MARKED FOR IDENTIFICATION AND

13            IS BOUND UNDER SEPARATE COVER.)

14   BY MR. WEBSTER:

15       Q.    DO YOU RECOGNIZE THESE DOCUMENTS,

16   MS. MORALES?

17       MS. DIAZ:  I'M GOING TO OBJECT, AGAIN, TO THESE

18   EXHIBITS THAT APPEAR TO CONSTITUTE CONFIDENTIAL

19   EMPLOYMENT RECORDS FROM SOME SOURCE THAT I AM

20   UNAWARE OF.

21           AND I'M INSTRUCTING MY CLIENT NOT TO

22   ANSWER YOUR QUESTIONS ON THE BASIS OF HER RIGHT TO

23   PRIVACY.

24   BY MR. WEBSTER:

25       Q.    AND ARE YOU GOING TO FOLLOW YOUR

Exhibit 25
Page 166

1    ATTORNEY'S INSTRUCTION AND NOT ANSWER MY QUESTIONS

2    REGARDING THIS DOCUMENT -- THAT IS, ANY QUESTIONS

3    REGARDING THIS DOCUMENT, ON THE GROUNDS OF THOSE

4    PRIVILEGES?

5         A.   YES.

6         MR. WEBSTER:  AND JUST FOR THE RECORD,

7    MS. DIAZ, I UNDERSTAND YOUR ADMONITION AT THIS

8    POINT.

9              MY QUESTION FOR YOU IS:  YOU WILL SEE

10   THAT THESE DOCUMENTS APPEAR TO BE JUST PROSAIC TIME

11   RECORDS REFLECTING WHAT APPEAR TO BE SIGN-IN AND

12   SIGN-OUT TIMES UNDER MS. MORALES'S NAME.  WE'VE

13   KNOWN MORE INFORMATION THAN THAT ESSENTIALLY

14   PROVIDED.

15             CAN YOU STATE WHY, FOR THE RECORD, YOU

16   CONSIDER THESE TO CONTAIN CONFIDENTIAL PIECES OF

17   INFORMATION THAT WOULD PREVENT YOUR CLIENT FROM

18   ANSWERING ON THE GROUNDS OF A PRIVACY OBJECTION?

19        MS. DIAZ:  FIRST, I'D LIKE TO CREATE A RECORD

20   SO I WILL ALLOW YOU TO ASK YOUR SPECIFIC QUESTIONS.

21             THIS APPEARS TO BE -- AND I HAVE NEVER

22   SEEN THIS BEFORE SO I HAVE NO IDEA WHERE THIS COMES

23   FROM, BUT IT APPEARS TO BE A TIME SHEET, WHICH

24   WOULD BE PART OF AN EMPLOYMENT CONFIDENTIAL RECORD.

25             I DON'T KNOW IF THESE ARE MATTEL'S.  I

Exhibit 168

Page 167

1    BY MR. WEBSTER:

2        Q.    YOU'RE NOT AWARE OF A COMPANY THAT SHE

3    HAD CALLED DOLL BAG, DOLL BAG, INC., THROUGH WHICH

4    SHE DID BUSINESS INVOLVING DOLL FASHIONS?

5        MS. DIAZ:   OBJECTION; VAGUE AND AMBIGUOUS,

6    CALLS FOR SPECULATION, COMPOUND.

7        THE DEPONENT:   THE ONLY THING THAT I CAN SAY IS

8    THAT ONCE I RECEIVED A PAPER THAT INCLUDED HER

9    NAME.

10       MS. DIAZ:   JUST TELL HER TO ANSWER THE

11   QUESTION.   IT'S A "YES" OR "NO" QUESTION.

12       THE DEPONENT:   NO.

13       MR. WEBSTER:   I'LL ASK COUNSEL NOT TO INTERRUPT

14   THE WITNESS'S ANSWER OR OBSTRUCTING HER SWORN

15   TESTIMONY.

16   BY MR. WEBSTER:

17       Q.    YOU'VE NEVER HEARD OF THE ENTITY CALLED

18   DOLL BAG, INC.?

19            IS THAT YOUR TESTIMONY?

20       A.    NO.

21       Q.    LET ME REFRESH YOUR RECOLLECTION IN THAT

22   REGARD.

23            LET'S MARK AS THE NEXT EXHIBIT FOR

24   IDENTIFICATION KMW-M 12742, 9885, 9878, 16106,

25   9728, 9730, 9725, 9861, 9866, 9855, 9718, AND 9717.

Exhibit 25
Page 168

```
 1    THIS WILL BE EXHIBIT 5450.

 2              (MORALES EXHIBIT NUMBER 5450 WAS

 3              MARKED FOR IDENTIFICATION AND

 4              IS BOUND UNDER SEPARATE COVER.)

 5         MR. SHEK:  THIS IS 5450; RIGHT?

 6         MR. WEBSTER:  YES.

 7    BY MR. WEBSTER:

 8         Q.    DOES YOUR SIGNATURE APPEAR ANYWHERE ON

 9    THESE DOCUMENTS, MS. MORALES?

10         MS. DIAZ:  I'M GOING TO OBJECT TO THESE RECORDS

11    AGAIN AS THEY APPEAR TO BE CONFIDENTIAL, PRIVATE

12    EMPLOYMENT RECORDS THAT I'VE NEVER SEEN BEFORE.

13              AND I'M ALSO GOING TO INSTRUCT MY CLIENT

14    NOT TO ANSWER ON THE BASIS OF HER FIFTH AMENDMENT

15    RIGHT AGAINST SELF-INCRIMINATION.

16         MR. WEBSTER:  LET ME ASK THE QUESTION.

17    BY MR. WEBSTER:

18         Q.    ARE YOU GOING TO ANSWER YOUR -- ARE YOU

19    GOING TO FOLLOW YOUR ATTORNEY'S INSTRUCTION AND NOT

20    ANSWER MY QUESTIONS ON THIS DOCUMENT BASED ON ALL

21    THOSE INSTRUCTIONS?

22         A.    YES.

23         MR. WEBSTER:  AND, COUNSEL, YOU WON'T LET ME

24    ASK HER A QUESTION ABOUT WHETHER OR NOT THIS

25    REFRESHES HER RECOLLECTION THAT SHE WAS FAMILIAR
```

Exhibit 25
Page 169

1    WITH THE DOLL BAG, INC. ENTITY, EVEN THOUGH THESE

2    MANY DOCUMENTS SHOW THAT SHE WAS SIGNING FOR

3    RECEIPT OF MONEYS THAT WAS PAID TO HER BY DOLL BAG,

4    INC.?  IS THAT CORRECT?

5        MS. DIAZ:  I'M NOT ALLOWING HER TO ANSWER ANY

6    QUESTIONS ON THE BASIS OF THESE DOCUMENTS FOR THE

7    REASONS THAT I PREVIOUSLY STATED.

8        MR. WEBSTER:  THE REASON I'M ASKING --

9        MS. DIAZ:  IF YOU WANT TO MAKE THIS -- I'M A

10   FIRM BELIEVER IN MAKING THE RECORD SO THAT IF WE GO

11   TO COURT AND GO BEFORE THE JUDGE, THERE'S A RECORD

12   BEFORE HIM.

13        AS TO THE QUESTION YOU'VE ASKED, I'VE

14   ALREADY STATED MY OBJECTION AND INSTRUCTION.

15       MR. WEBSTER:  ALL RIGHT.

16   BY MR. WEBSTER:

17       Q.    DO YOU SEE ON -- YOUR SIGNATURE APPEARS

18   ON ALL OF THESE PAGES THAT ARE MARKED IN THIS

19   EXHIBIT?

20       MS. DIAZ:  AND I'M GOING TO OBJECT TO THAT

21   QUESTION ON THE BASIS OF -- AND I'M GOING TO OBJECT

22   TO THAT QUESTION AND INSTRUCT MY CLIENT TO INVOKE

23   HER FIFTH AMENDMENT RIGHT AGAINST

24   SELF-INCRIMINATION.  AND INSTRUCT NOT TO ANSWER.

25   ///

Exhibit

Page 170

1    BY MR. WEBSTER:

2        Q.    DO YOU SEE THAT ON ALL OF THESE PAGES

3    THAT YOU SIGNED, DURING 2004 AND 2005, THAT IT

4    REFERS TO YOU AS BEING AN INDEPENDENTLY

5    CONTRACTED -- STRIKE THAT.

6            THEY ALL REFER TO THE SERVICES YOU

7    PROVIDED AS BEING FOR INDEPENDENTLY CONTRACTED

8    SERVICES.

9            DO YOU SEE THAT?

10       MS. DIAZ:  AND NOW I'M GOING TO INSTRUCT --

11   OBJECT AND INSTRUCT MY CLIENT, ADVISE HER TO TAKE

12   HER FIFTH AMENDMENT RIGHT AGAINST

13   SELF-INCRIMINATION AND NOT ANSWER THAT QUESTION.

14   BY MR. WEBSTER:

15       Q.    AND, MS. MORALES, YOU'RE GOING TO FOLLOW

16   YOUR ATTORNEY'S INSTRUCTIONS AND NOT ANSWER ANY OF

17   MY QUESTIONS ON THIS DOCUMENT, INCLUDING THE ONE I

18   JUST ASKED YOU, BASED ON ALL OF THE INSTRUCTIONS

19   THAT SHE JUST GAVE YOU; IS THAT CORRECT?

20       A.    YES.

21       Q.    DID THERE COME A TIME IN 2005 WHEN

22   MS. MORALES [SIC] STARTED MAKING PAYMENTS TO YOUR

23   HUSBAND GONZALO MORALES?

24       MR. SHEK:  OBJECTION; VAGUE AND AMBIGUOUS.

25       MS. DIAZ:  AND I WANT TO ALSO OBJECT AND

Exhibit 25
Page 171

1    INSTRUCT HER NOT TO ANSWER THAT QUESTION ON THE

2    BASIS THAT -- HER FIFTH AMENDMENT RIGHT AGAINST

3    SELF-INCRIMINATION.

4        MR. WEBSTER:   LET'S MARK FOR IDENTIFICATION --

5    STRIKE THAT.

6    BY MR. WEBSTER:

7        Q.   MS. MORALES, YOU'RE GOING TO FOLLOW YOUR

8    ATTORNEY'S INSTRUCTIONS AND NOT ANSWER ANY OF MY

9    QUESTIONS BASED ON ALL OF HER INSTRUCTIONS THAT SHE

10   JUST GAVE YOU; IS THAT CORRECT?

11       A.   YES.

12       MR. WEBSTER:   CAN WE MARK AS THE NEXT EXHIBIT

13   FOR IDENTIFICATION EXHIBIT 5451, WHICH ARE MARKED

14   KMW-M 9837, 8563, 9715, 9834, 9462, 9463, 9464,

15   9465, AND 8690.

16           (MORALES EXHIBIT NUMBER 5451 WAS

17           MARKED FOR IDENTIFICATION AND

18           IS BOUND UNDER SEPARATE COVER.)

19   BY MR. WEBSTER:

20       Q.   DID YOU SIGN YOUR NAME ON ANY OF THESE --

21   STRIKE THAT.

22           DID YOU WRITE ANYTHING ON ANY OF THESE

23   DOCUMENTS THAT YOU CAN SEE?

24       MS. DIAZ:   I'M GOING TO OBJECT AND INSTRUCT MY

25   CLIENT NOT TO ANSWER THAT QUESTION ON THE BASIS OF

Exhibit
Page 172

```
 1   HER RIGHT -- FIFTH AMENDMENT RIGHT AGAINST

 2   SELF-INCRIMINATION.

 3           I'M ALSO -- AND THAT'S -- WITHDRAWN.

 4   STRIKE THE LAST PART.

 5       MR. WEBSTER:  CAN I HEAR THE OBJECTIONS,

 6   PLEASE.

 7               (THE RECORD WAS READ AS FOLLOWS:

 8           MS. DIAZ:  I'M GOING TO OBJECT AND

 9       INSTRUCT MY CLIENT NOT TO ANSWER THAT

10       QUESTION ON THE BASIS OF HER FIFTH

11       AMENDMENT RIGHT AGAINST

12       SELF-INCRIMINATION.)

13   BY MR. WEBSTER:

14       Q.    AND, MS. MORALES, WILL YOU FOLLOW YOUR

15   ATTORNEY'S INSTRUCTION AND NOT ANSWER THAT

16   QUESTION -- OR ANY QUESTIONS ON THIS DOCUMENT?

17       A.    YES.

18       Q.    DOES THIS -- DO ANY OF THESE DOCUMENTS

19   THAT ARE NOW IN FRONT OF YOU REFRESH YOUR

20   RECOLLECTION THAT GONZALO MORALES, WHO, ACCORDING

21   TO DOCUMENT KMW 9462, RESIDES AT YOUR SAME HOME

22   ADDRESS?

23       THE INTERPRETER:  MAY I HAVE A REPETITION OF

24   THE LAST PART, COUNSEL, PLEASE?

25       MR. WEBSTER:  YEAH.  LET ME JUST REPHRASE IT.
```

Exhibit 25
Page 173

1   BY MR. WEBSTER:

2       Q.     LOOKING AT THESE DOCUMENTS NOW, DO ANY OF

3   THEM REFRESH YOUR RECOLLECTION, MS. MORALES, THAT A

4   GONZALO MORALES, WITH YOUR SAME HOME ADDRESS, AT

5   4835 WEST 112TH, INGLEWOOD, CALIFORNIA, HAD SOME

6   ECONOMIC RELATIONSHIP WITH DOLL BAG, INC.?

7       MS. DIAZ:   FIRST OBJECTION; VAGUE AND

8   AMBIGUOUS, COMPOUND.

9              THEN I'M GOING TO -- TO THE EXTENT THAT

10  THE QUESTION IS INTELLIGIBLE [SIC] I'M GOING TO

11  INSTRUCT MY CLIENT NOT TO ANSWER ON THE BASIS OF

12  HER FIFTH AMENDMENT RIGHT AGAINST

13  SELF-INCRIMINATION.

14  BY MR. WEBSTER:

15      Q.     AND WILL YOU FOLLOW YOUR ATTORNEY'S

16  INSTRUCTION NOT ANSWER MY .QUESTION, MS. MORALES?

17      A.     YES.

18      Q.     IF YOU LOOK AT KMW 9715, IT'S A TIME

19  SHEET FOR GONZALO MORALES.

20             DO YOU SEE THAT?

21      MS. DIAZ:   AND I'M GOING TO OBJECT AND INSTRUCT

22  MY CLIENT NOT TO ANSWER ANY QUESTIONS ON THE BASIS

23  OF HER FIFTH AMENDMENT RIGHT AGAINST

24  SELF-INCRIMINATION.

25  ///

Exhibit
Page 174

1    BY MR. WEBSTER:

2        Q.    OKAY.   AND, MS. MORALES, YOU FOLLOW YOUR

3    CLIENT -- YOUR ATTORNEY'S INSTRUCTION AND NOT

4    ANSWER THAT QUESTION?

5        A.    YES.

6        MR. WEBSTER:   LET'S MARK AS THE NEXT EXHIBIT

7    FOR IDENTIFICATION EXHIBIT 5452.   IT IS BATES

8    NO. KMW-M 9761 THROUGH -- LET ME READ THE NUMBERS:

9    9764, 9789, 9785, 9782, 9780, 9808, 9819, 9826,

10   9813, 9894, 9896, 9886, 9882, 16107, 9901, 9726,

11   9871, 9865, 9873, 9856, 9845, AND 9853.

12            (MORALES EXHIBIT NUMBER 5452 WAS

13            MARKED FOR IDENTIFICATION AND

14            IS BOUND UNDER SEPARATE COVER.)

15   BY MR. WEBSTER:

16       Q.    AND MY QUESTION IS:   DO YOU RECOGNIZE

17   THESE DOCUMENTS, MS. MORALES?

18       MS. DIAZ:   I'M GOING TO OBJECT AND INSTRUCT MY

19   CLIENT NOT TO ANSWER THAT QUESTION ON THE BASIS --

20   FIRST OF ALL, I'M GOING TO INCORPORATE ALL MY PRIOR

21   OBJECTIONS, AS THESE APPEAR TO BE PERSONAL,

22   CONFIDENTIAL RECORDS THAT CAME FROM SOME SOURCE.

23   I'VE NEVER SEEN THEM.   I DON'T KNOW THE SOURCES.

24   THEY'RE PROTECTED BY RIGHT TO PRIVACY.

25            SECOND, I'M INSTRUCTING HER NOT TO ANSWER

Exhibit 201
Page 175

1    THAT QUESTION ON THE BASIS OF HER FIFTH AMENDMENT

2    RIGHT AGAINST SELF-INCRIMINATION.

3    BY MR. WEBSTER:

4        Q.    OKAY.   AND WILL YOU FOLLOW YOUR

5    ATTORNEY'S INSTRUCTION AND NOT ANSWER MY QUESTIONS

6    ON ALL OF THOSE GROUNDS, AS TO THESE DOCUMENTS,

7    MS. MORALES?

8        MS. DIAZ:   COUNSEL, FOR THE RECORD, YOU CAN ASK

9    YOUR SPECIFIC QUESTIONS.   I'M NOT INSTRUCTING HER

10   NOT TO ANSWER ALL OF YOUR SPECIFIC QUESTIONS.   I'LL

11   TAKE IT ON A QUESTION-BY-QUESTION BASIS, IF YOU

12   WANT TO MAKE A CLEAN RECORD.

13       MR. WEBSTER:   I'M TRYING.

14           MY QUESTION WAS:   "DO YOU RECOGNIZE THESE

15   DOCUMENTS?"

16           YOU INSTRUCTED HER.   AND I'M ASKING HER

17   IS SHE FOLLOWING YOUR INSTRUCTION.

18   BY MR. WEBSTER:

19       Q.    ARE YOU FOLLOWING YOUR ATTORNEY'S

20   INSTRUCTION AND NOT ANSWERING THAT QUESTION ABOUT

21   THE DOCUMENTS, ON THE GROUNDS OF THOSE OBJECTIONS

22   THAT SHE'S MADE?

23       A.    YES.

24       MR. WEBSTER:   I'LL JUST NOTE FOR THE RECORD,

25   MS. DIAZ, YOU'VE SAID THAT YOU'RE NOT SURE WHERE

Exhibit 25

Page 176

1   THAT CAME FROM.

2           AGAIN, THESE CAME FROM A RECENT

3   PRODUCTION OF DOCUMENTS BY MS. MARLOW AND HER

4   AFFILIATED ENTITIES IN THIS CASE.

5           AND I'LL REPRESENT TO YOU THAT, FAR FROM

6   BEING CONFIDENTIAL OR SENSITIVE OR -- PRIVATE OR

7   SENSITIVE RECORDS, THEY APPEAR TO BE -- AND THEY

8   CAN ONLY BE DESCRIBED AS PROSAIC TIME RECORDS

9   SHOWING A JOB DATE, HOURS STARTED, AND HOURLY

10  AMOUNTS DUE FOR WORK THAT APPEARS TO HAVE BEEN DONE

11  BY MS. MORALES.

12    MS. DIAZ:  AND I WILL REPRESENT TO COUNSEL THAT

13  EMPLOYMENT RECORDS, INCLUDING TIMECARDS AND TIME

14  SHEETS OF ANY NATURE, ARE PROTECTED UNDER A RIGHT

15  TO PRIVACY.  SO THEY'RE NOT PROSAIC.

16    MR. WEBSTER:  ARE YOU REPRESENTING --

17    MS. DIAZ:  I'M NOT REPRESENTING.  I'M SAYING

18  I'VE NEVER SEEN THESE DOCUMENTS.  AND IF COUNSEL

19  HAD PRODUCED THEM TO ME BEFORE, I WOULD HAVE HAD AN

20  OPPORTUNITY TO REVIEW THEM.

21          AS IT STANDS RIGHT NOW, BASED ON THEIR

22  FACE, THEY LOOK LIKE TIME SHEETS TO ME.  THEY

23  ARE -- AS TIME SHEETS, THEY ARE PART OF AN

24  EMPLOYMENT RECORD, AND THEY HAVE MY CLIENT'S NAME

25  ON IT.

Exhibit 25
Page 177

1    STATE OF CALIFORNIA      )

                            )    SS.

2    COUNTY OF LOS ANGELES   )

3          I,    RENEE A. PACHECO    , CERTIFIED

4    SHORTHAND REPORTER, CERTIFICATE NUMBER 11564, FOR

5    THE STATE OF CALIFORNIA, HEREBY CERTIFY:

6          THE FOREGOING PROCEEDINGS WERE TAKEN

7    BEFORE ME AT THE TIME AND PLACE THEREIN SET FORTH,

8    AT WHICH TIME THE DEPONENT WAS PLACED UNDER OATH BY

9    ME;

10         THE TESTIMONY OF THE DEPONENT AND ALL

11   OBJECTIONS MADE AT THE TIME OF THE EXAMINATION WERE

12   RECORDED STENOGRAPHICALLY BY ME AND WERE THEREAFTER

13   TRANSCRIBED;

14         THE FOREGOING TRANSCRIPT IS A TRUE AND

15   CORRECT TRANSCRIPT OF MY SHORTHAND NOTES SO TAKEN;

16         I FURTHER CERTIFY THAT I AM NEITHER

17   COUNSEL FOR NOR RELATED TO ANY PARTY TO SAID ACTION

18   NOR IN ANY WAY INTERESTED IN THE OUTCOME THEREOF.

19         IN WITNESS WHEREOF, I HAVE HEREUNTO

20   SUBSCRIBED MY NAME THIS 5ᵗʰ DAY OF

21   _____May_____ , 2008.

22

23         _____Renee A. Pacheco_____

24

25

Exhibit 25
Page 178

# EXHIBIT 26

**CERTIFIED COPY**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

CARTER BRYANT, AN INDIVIDUAL, )
)
PLAINTIFF, )
)
V. )     NO. CV 04-9040 SGL (RNBX)
)     CONSOLIDATED WITH
)     NO. 04-9059 AND CASE NO. 05-2727
MATTEL, INC., A DELAWARE )
CORPORATION, )
)
DEFENDANTS. )
_____ )
)
AND CONSOLIDATED ACTION (S). )
_____ )

# C O N F I D E N T I A L
## (ATTORNEYS' EYES ONLY)

# DEPOSITION OF ANA CABRERA

# MAY 8, 2008



REPORTED BY:
APRIL CRUZ
CSR NO. 12437
JOB NO. 08AE349-AC

COURT REPORTERS
515 S. Flower Street
Suite 3600
Los Angeles, California 90071
Office: (213) 955-0070
Fax: (213) 955-0077

Exhibit 26

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA EASTERN DIVISION


CARTER BRYANT, AN INDIVIDUAL,  )
                               )
        PLAINTIFF,             )
                               )
VS.                            )CASE NO. CV 04-9049 SGL
                               )
MATTEL, INC., A DELAWARE       )
CORPORATION,                   )
                               )
        DEFENDANT.             )
                               )
                               )
AND CONSOLIDATED ACTIONS.      )


TRANSCRIPT IS DESIGNATED CONFIDENTIAL

ATTORNEYS' EYES ONLY

    DEPOSITION OF ANA I. CABRERA, TAKEN AT 865 SOUTH
FIGUEROA STREET, TENTH FLOOR, LOS ANGELES, CALIFORNIA,
COMMENCING AT 9:29 A.M., THURSDAY, MAY 8, 2008,
BEFORE APRIL CRUZ CACULITAN, CERTIFIED SHORTHAND
REPORTER NO. 12437.

Exhibit 26
Page 180

```
 1   APPEARANCES OF COUNSEL:
 2   FOR THE DEFENDANT MATTEL, INC.:
 3        QUINN, EMANUEL, URQUHART, OLIVER & HEDGES, LLP
          BY:  JAMES WEBSTER, ESQ.
 4             CYRUS S. NAIM, ESQ.
          865 SOUTH FIGUEROA STREET
 5        TENTH FLOOR
          LOS ANGELES, CALIFORNIA 90017-2543
 6        (213) 443-3000
 7   FOR THE DEFENDANT M.G.A. ENTERTAINMENT AND THE WITNESS:
 8        SKADDEN, ARPS, SLATE, MEACHER & FLOM, LLP
          BY:  BERNARD SHEK, ESQ.
 9        525 UNIVERSITY AVENUE
          PALO ALTO, CALIFORNIA 94301
10        (650) 470-4500
11   FOR THE WITNESS:
12        ALLRED, MAROKO & GOLDBERG
          BY:  MARIA G. DIAZ, ESQ.
13        6300 WILSHIRE BOULEVARD
          SUITE 1500
14        LOS ANGELES, CALIFORNIA 90048
          (323) 653-6530
15
16   ALSO PRESENT:
17        DON KELLY, J.T.V. LITIGATION SERVICES
          TUNNY SZPIRO, SPANISH INTERPRETER
18        JILL THOMAS, IN-HOUSE COUNSEL, M.G.A. ENTERTAINMENT
19
20
21
22
23
24
25
```

Exhibit 26
Page 181

A&E COURT REPORTERS (213) 955-0070 FAX: (213) 955-0077

```
 1                        INDEX
 2   DEPONENT      ANA I. CABRERA                 PAGE
 3   EXAMINATION
 4   BY MR. WEBSTER                         10, 219
 5   BY MR. SHEK                               202
 6          (ALL EXHIBITS ARE BOUND SEPARATELY)
 7   EXHIBITS FOR IDENTIFICATION
 8   NO.            DESCRIPTION                  PAGE
 9   5610        SUBPOENA IN A CIVIL CASE          52
10   5611        EMPLOYMENT APPLICATION            56
11   5612        EMPLOYEE TURNAROUND DOCUMENT      59
12   5613        EMPLOYEE CONFIDENTIAL             60
                 INFORMATION AND INVENTIONS
13               AGREEMENT
14   5614        MATTEL MEMO                       69
15   5615        EMPLOYEE POLICIES & BENEFITS      98
                 HANDBOOK
16
     5616        ACKNOWLEDGMENT OF RECEIPT OF      99
17               HANDBOOK
18   5617        E-MAIL CHAIN DATED 7/29/2003      99
19   5618        E-MAIL DATED 10/26/2005          102
20   5619        ACKNOWLEDGMENT OF RECEIPT OF     103
                 MATTEL EMPLOYEE HANDBOOK
21
     5620        COPY OF PHOTOGRAPH OF           103
22               CARTER BRYANT
23   5621        QUESTIONAIRE                     111
24   5622        PHOTOGRAPH                       135
25   5623        PHOTOGRAPH                       136
```

Exhibit *26*
Page 182

| 1 | EXHIBITS FOR IDENTIFICATION (CONTINUED) | | |
|---|---|---|---|
| 2 | NO. | DESCRIPTION | PAGE |
| 3 | 5624 | PHOTOGRAPH | 140 |
| 4 | 5625 | PHOTOGRAPH | 140 |
| 5 | 5626 | PHOTOGRAPH | 141 |
| 6 | 5627 | PHOTOGRAPH | 142 |
| 7 | 5628 | PHOTOGRAPH | 142 |
| 8 | 5629 | PHOTOGRAPH | 143 |
| 9 | 5630 | PHOTOGRAPH | 143 |
| 10 | 5631 | PHOTOGRAPH | 143 |
| 11 | 5632 | PHOTOGRAPH | 144 |
| 12 | 5633 | PHOTOGRAPH | 144 |
| 13 | 5634 | PHOTOGRAPH | 145 |
| 14 | 5635 | PHOTOGRAPH | 146 |
| 15 | 5636 | PHOTOGRAPH | 147 |
| 16 | 5637 | PHOTOGRAPH | 147 |
| 17 | 5638 | PHOTOGRAPH | 147 |
| 18 | 5639 | PHOTOGRAPH | 148 |
| 19 | 5640 | PHOTOGRAPH | 148 |
| 20 | 5641 | PHOTOGRAPH | 149 |
| 21 | 5642 | PHOTOGRAPH | 149 |
| 22 | 5643 | PHOTOGRAPH | 149 |
| 23 | 5644 | PHOTOGRAPH | 150 |
| 24 | 5645 | PHOTOGRAPH | 150 |
| 25 | 5646 | PHOTOGRAPH | 150 |

Exhibit 26
Page 183

| 1 | EXHIBITS FOR IDENTIFICATION (CONTINUED) | | |
|---|---|---|---|
| 2 | NO. | DESCRIPTION | PAGE |
| 3 | 5647 | PHOTOGRAPH | 151 |
| 4 | 5648 | PHOTOGRAPH | 152 |
| 5 | 5649 | PHOTOGRAPH | 152 |
| 6 | 5650 | PHOTOGRAPH | 152 |
| 7 | 5651 | PHOTOGRAPH | 153 |
| 8 | 5652 | PHOTOGRAPH | 153 |
| 9 | 5653 | PHOTOGRAPH | 154 |
| 10 | 5654 | PHOTOGRAPH | 155 |
| 11 | 5655 | PHOTOGRAPH | 155 |
| 12 | 5656 | PHOTOGRAPH | 156 |
| 13 | 5657 | PHOTOGRAPH | 156 |
| 14 | 5658 | PHOTOGRAPH | 157 |
| 15 | 5659 | PHOTOGRAPH | 157 |
| 16 | 5660 | PHOTOGRAPH | 157 |
| 17 | 5661 | PHOTOGRAPH | 158 |
| 18 | 5662 | PHOTOGRAPH | 158 |
| 19 | 5663 | DRAWING | 163 |
| 20 | 5664 | DRAWING | 165 |
| 21 | 5665 | PERSONNEL RECORDS | 175 |
| 22 | 5666 | W-9 FORM | 184 |
| 23 | 5667 | PAYMENT VERIFICATION RECORDS | 187 |
| 24 | 5668 | RECORD OF HOURS KEPT | 190 |
| 25 | 5669 | BATES NUMBER KMW 8955 (6 PAGES) | 191 |

Exhibit 26
Page 184

```
 1   EXHIBITS FOR IDENTIFICATION (CONTINUED)

 2   NO.              DESCRIPTION                   PAGE

 3   5670             MATTEL INC., TARGETED RESULTS,  193
                      ASSESSMENT AND COACHING
 4
     5671             NON-MANAGEMENT TARGETED RESULTS 194
 5                    ASSESSMENT AND COACHING

 6   5672             TARGETED RESULTS, ASSESSMENT    195
                      AND COACHING FOR THOSE WHO DO
 7                    NOT MANAGE OTHERS

 8   5673             TARGETED RESULTS, ASSESSMENT AND 196
                      COACHING FOR THOSE WHO DO NOT
 9                    MANAGE OTHERS

10   5674             PHOTOGRAPH                      196

11   5675             PHOTOGRAPH                      196

12   5676             PHOTOGRAPH                      197

13   5677             PHOTOGRAPH                      197

14   5678             PHOTOGRAPH                      198

15   5679             PHOTOGRAPH                      214

16

17

18

19

20

21

22

23

24

25
```

Exhibit 26
Page 185

```
1              QUESTIONS  INSTRUCTED  NOT  TO  ANSWER
2                          PAGE       LINE
3                           12          7
                            12         20
4                           35          4
                            37         11
5                           65          3
                            67          1
6                           83          9
                            83         13
7                           83         17
                            87         14
8                          171         14
                           177          1
9                          177         13
                           179          2
10                         179         12
                           180          1
11                         180          8
                           180         22
12                         181          8
                           181         23
13                         182         10
                           184         17
14                         187         11
                           188          5
15                         188         17
16
17
18
19
20
21
22
23
24
25
```

Exhibit 26
Page 186

|   |   |   |
|---|---|---|
| 1 | LOS ANGELES, CALIFORNIA; | |
| 2 | THURSDAY, MAY 8, 2008, 9:29 A.M. | |
| 3 | | |
| 4 | THE VIDEOGRAPHER:  GOOD MORNING.  WE ARE ON | 09:29:56 |
| 5 | THE RECORD -- WE ARE ON THE RECORD AT 9:29 A.M. | 09:29:59 |
| 6 | TODAY'S DATE IS MAY 8TH, 2008.  MY NAME IS DON KELLY. | 09:30:02 |
| 7 | I AM THE VIDEO TECHNICIAN WITH J.T.V. LITIGATION | 09:30:08 |
| 8 | SERVICES, INC., LOCATED IN LOS ANGELES, CALIFORNIA.  WE | 09:30:11 |
| 9 | ARE TAPING THESE PROCEEDINGS AT 865 SOUTH FIGUEROA | 09:30:15 |
| 10 | STREET, LOS ANGELES, CALIFORNIA 90017. | 09:30:21 |
| 11 | THIS IS TAPE 1 FOR THE VIDEOTAPED DEPOSITION | 09:30:24 |
| 12 | OF MS. ANA CABRERA IN THE ACTION ENTITLED | 09:30:26 |
| 13 | "CARTER BRYANT VERSUS MATTEL INC., A DELAWARE | 09:30:30 |
| 14 | CORPORATION."  THIS DEPOSITION IS BEING TAKEN ON BEHALF | 09:30:33 |
| 15 | OF THE DEFENDANTS.  THE CASE NUMBER IS C.V. 04-9049 | 09:30:36 |
| 16 | SGL. | 09:30:42 |
| 17 | NOW, MAY I PLEASE HAVE INTRODUCTIONS FOR THE | 09:30:43 |
| 18 | RECORD, BEGINNING WITH THE WITNESS. | 09:30:45 |
| 19 | THE WITNESS:  MY NAME IS ANA ISABEL CABRERA. | 09:30:49 |
| 20 | MR. WEBSTER:  JAMES WEBSTER AND CYRUS NAIM. | 09:30:57 |
| 21 | IN-HOUSE COUNSEL JILL THOMAS, FOR MATTEL, INC. | 09:30:59 |
| 22 | MR. SHEK:  BERNARD SHEK, WITH SKADDEN ARPS, | 09:31:05 |
| 23 | FOR M.G.A. | 09:31:07 |
| 24 | MS. DIAZ:  MARIA DIAZ, ALLRED, MAROKO & | 09:31:09 |
| 25 | GOLDBERG, FOR THE WITNESS, ANA CABRERA. | 09:31:11 |

Exhibit 26
Page 187

| | |
|---|---|
| 1 | THE INTERPRETER:  TUNNY SZPIRO, THE | 09:31:12 |
| 2 | INTERPRETER. | 09:31:12 |
| 3 | THE VIDEOGRAPHER:  THANK YOU.  AND, | 09:31:21 |
| 4 | MS. REPORTER, PLEASE ADMINISTER THE OATH. | 09:31:21 |
| 5 | | 09:31:22 |
| 6 | ANA CABRERA, | 09:31:22 |
| 7 | HAVING BEEN FIRST DULY AFFIRMED BY THE REPORTER, WAS | 09:31:22 |
| 8 | EXAMINED AND TESTIFIED AS FOLLOWS: | 09:31:22 |
| 9 | | 09:31:22 |
| 10 | EXAMINATION | 09:31:22 |
| 11 | BY MR. WEBSTER: | 09:31:43 |
| 12 | Q    GOOD MORNING, MS. CABRERA. | 09:31:43 |
| 13 | A    GOOD MORNING. | 09:31:48 |
| 14 | Q    AS YOU KNOW, MY NAME IS JAMES WEBSTER.  I'M | 09:31:49 |
| 15 | AN ATTORNEY FOR MATTEL, AND MATTEL IS A PLAINTIFF IN | 09:31:53 |
| 16 | THIS LAWSUIT. | 09:31:58 |
| 17 | WE'VE NEVER MET BEFORE, HAVE WE? | 09:32:02 |
| 18 | A    NO. | 09:32:04 |
| 19 | Q    HAVE YOU HAD YOUR DEPOSITION TAKEN BEFORE? | 09:32:08 |
| 20 | A    NO. | 09:32:19 |
| 21 | Q    DO YOU UNDERSTAND THAT YOU'RE UNDER OATH | 09:32:23 |
| 22 | TODAY? | 09:32:25 |
| 23 | A    YES. | 09:32:29 |
| 24 | Q    AND THAT THIS PROCEEDING IS AS IF WE WERE IN | 09:32:30 |
| 25 | A COURTROOM, WITH A JUDGE AND JURY? | 09:32:33 |

Exhibit 26
Page 188

| | | |
|---|---|---|
| 1 | STRIKE THAT. | 10:13:29 |
| 2 | CERTAINLY FOR ALL OF THE TIME THAT YOU WORKED | 10:13:36 |
| 3 | AT MATTEL, YOU SAW JUST HOW MUCH IT TOOK TO CREATE A | 10:13:38 |
| 4 | DOLL AND THEN PROMOTE IT AND SELL IT, HADN'T YOU? | 10:13:44 |
| 5 | MS. DIAZ:  OBJECTION.  CALLS FOR SPECULATION. | 10:13:49 |
| 6 | VAGUE AND AMBIGUOUS. | 10:13:51 |
| 7 | THE WITNESS:  NO. | 10:13:57 |
| 8 | MR. SHEK:  JUST FOR THE RECORD, WE'LL JOIN IN | 10:13:59 |
| 9 | OBJECTIONS THAT MS. DIAZ MAKES WITH REGARD TO | 10:14:03 |
| 10 | AMBIGUITY, CALLING FOR SPECULATION AND THINGS LIKE | 10:14:08 |
| 11 | THAT. | 10:14:12 |
| 12 | BY MR. WEBSTER: | 10:14:12 |
| 13 | Q   MS. CABRERA, WHEN YOU WERE WORKING WITH | 10:14:12 |
| 14 | MS. MARLOW, YOU KNEW THAT MS. MARLOW WASN'T CAPABLE OF | 10:14:16 |
| 15 | SELLING A DOLL AND CREATING A DOLL AND DOING ALL OF THE | 10:14:19 |
| 16 | THINGS THAT MATTEL DID TO CREATE AND SELL ITS OWN | 10:14:23 |
| 17 | DOLLS, DIDN'T YOU? | 10:14:29 |
| 18 | MS. DIAZ:  OBJECTION.  COMPOUND.  VAGUE AND | 10:14:30 |
| 19 | AMBIGUOUS.  CALLS FOR SPECULATION. | 10:14:32 |
| 20 | THE WITNESS:  I DO NOT UNDERSTAND. | 10:14:35 |
| 21 | BY MR. WEBSTER: | 10:14:44 |
| 22 | Q   YOU DON'T UNDERSTAND MY QUESTION IN ENGLISH | 10:14:44 |
| 23 | EITHER; IS THAT RIGHT? | 10:14:48 |
| 24 | A   I WAS JUST SEWING.  I DIDN'T KNOW ANYTHING | 10:14:52 |
| 25 | ABOUT PRODUCTION OR THE TIME THAT IT TAKES. | 10:14:55 |

Exhibit 26
Page 189

| | | |
|---|---|---|
| 1 | Q    DID YOU REVIEW ANY DOCUMENTS TO PREPARE FOR | 10:15:05 |
| 2 | THIS DEPOSITION? | 10:15:12 |
| 3 | A    LIKE WHAT? | 10:15:12 |
| 4 | Q    LIKE TIME SHEETS SHOWING THE WORK YOU DID FOR | 10:15:22 |
| 5 | VERONICA MARLOW. | 10:15:26 |
| 6 | A    NO. | 10:15:27 |
| 7 | Q    DID YOU REVIEW ANY DOCUMENTS THAT SHOWED ANY | 10:15:33 |
| 8 | OF THE WORK YOU EVER DID ON THE BRATZ DOLLS IN | 10:15:38 |
| 9 | PREPARING FOR THIS DEPOSITION? | 10:15:42 |
| 10 | A    NO. | 10:15:49 |
| 11 | Q    WHO'S PAYING FOR YOUR LEGAL FEES IN THIS | 10:15:49 |
| 12 | LAWSUIT? | 10:15:57 |
| 13 | A    FOR MY ATTORNEY? | 10:15:57 |
| 14 | Q    YES. | 10:16:05 |
| 15 | A    VERONICA. | 10:16:06 |
| 16 | Q    THAT'S VERONICA MARLOW? | 10:16:14 |
| 17 | A    YES. | 10:16:16 |
| 18 | Q    AND HOW MUCH MONEY HAS SHE PAID FOR YOUR | 10:16:17 |
| 19 | ATTORNEY'S FEES? | 10:16:19 |
| 20 | MR. SHEK:  OBJECTION.  CALLS FOR SPECULATION. | 10:16:23 |
| 21 | THE WITNESS:  SHE SAID THAT SHE WAS GOING TO | 10:16:26 |
| 22 | HELP ME AND SHE HAD GIVEN ME 2,500. | 10:16:34 |
| 23 | BY MR. WEBSTER: | 10:16:41 |
| 24 | Q    WHEN DID SHE GIVE YOU THAT MONEY? | 10:16:41 |
| 25 | A    LIKE AFTER ONE WEEK SHE INTRODUCED ME WITH | 10:16:44 |

Exhibit 26
Page 190

| | | |
|---|---|---|
| 1 | THE ATTORNEY. | 10:16:57 |
| 2 | Q    WHEN WAS THAT?  WAS THAT IN JANUARY OF 2008? | 10:16:57 |
| 3 | A    FEBRUARY. | 10:17:07 |
| 4 | Q    SO MS. MARLOW INTRODUCED YOU TO MS. DIAZ; IS | 10:17:08 |
| 5 | THAT CORRECT? | 10:17:15 |
| 6 | A    YES. | 10:17:15 |
| 7 | Q    AND WHERE WERE YOU WHEN THAT INTRODUCTION WAS | 10:17:17 |
| 8 | MADE? | 10:17:22 |
| 9 | A    AT VERONICA'S HOUSE. | 10:17:22 |
| 10 | Q    WAS MS. DIAZ THERE? | 10:17:28 |
| 11 | A    YES. | 10:17:30 |
| 12 | Q    WHO ELSE WAS THERE? | 10:17:31 |
| 13 | A    VERONICA'S HUSBAND. | 10:17:33 |
| 14 | Q    THAT'S PETER MARLOW? | 10:17:40 |
| 15 | A    YES. | 10:17:43 |
| 16 | MY FRIEND BEATRICE, MY HUSBAND, AND | 10:17:43 |
| 17 | VERONICA'S ATTORNEY. | 10:17:56 |
| 18 | Q    THAT'S LARRY MC FARLAND; IS THAT CORRECT? | 10:17:57 |
| 19 | A    YES. | 10:18:02 |
| 20 | Q    HAS MS. MARLOW PROMISED TO ASSIST YOU | 10:18:05 |
| 21 | FINANCIALLY IN ANY WAY OTHER THAN PAYING YOUR LEGAL | 10:18:14 |
| 22 | FEES? | 10:18:19 |
| 23 | MS. DIAZ:  OBJECTION.  MISSTATES HER | 10:18:26 |
| 24 | TESTIMONY. | 10:18:28 |
| 25 | THE WITNESS:  NO. | 10:18:32 |

Exhibit 26
Page 191

| | | |
|---|---|---|
| 1 | THAT YOU GAVE TO QUESTIONS THAT WERE INACCURATE? | 02:11:24 |
| 2 | MS. DIAZ:  OBJECTION.  VAGUE AND AMBIGUOUS. | 02:11:33 |
| 3 | MR. WEBSTER:  ACTUALLY, I CAN REPHRASE THAT. | 02:11:40 |
| 4 | Q    WERE ANY OF THE ANSWERS THAT YOU GAVE AT THE | 02:11:42 |
| 5 | INTERVIEW INACCURATE AS FAR AS YOU KNOW? | 02:11:46 |
| 6 | MS. DIAZ:  OBJECTION.  VAGUE AND AMBIGUOUS. | 02:11:52 |
| 7 | MISSTATES HER TESTIMONY. | 02:11:53 |
| 8 | THE WITNESS:  I WAS VERY SCARED OVER THERE. | 02:11:59 |
| 9 | AND AT THAT TIME, I ANSWERED WHAT I COULD RECALL. | 02:12:08 |
| 10 | BY MR. WEBSTER: | 02:12:17 |
| 11 | Q    IS THERE ANYTHING THAT YOU RECALLED SINCE | 02:12:17 |
| 12 | THAT TIME THAT WOULD LEAD YOU TO PROVIDE DIFFERENT | 02:12:21 |
| 13 | ANSWERS AS FAR AS YOU KNOW? | 02:12:25 |
| 14 | MS. DIAZ:  OBJECTION.  VAGUE AND AMBIGUOUS. | 02:12:27 |
| 15 | THE WITNESS:  ONLY, MORE OR LESS, NOW I KNOW | 02:12:32 |
| 16 | THAT THE DATE THAT I STARTED WITH BRATZ. | 02:12:44 |
| 17 | BY MR. WEBSTER: | 02:12:51 |
| 18 | Q    WHAT DAY IS THAT? | 02:12:51 |
| 19 | A    AROUND THE MIDDLE OF 2001. | 02:12:52 |
| 20 | Q    AND WHAT DO YOU RECALL TELLING THE MATTEL | 02:13:00 |
| 21 | EMPLOYEES AT YOUR INTERVIEW AS TO WHEN YOU STARTED ON | 02:13:08 |
| 22 | BRATZ? | 02:13:11 |
| 23 | A    THE FIRST THING I DID? | 02:13:11 |
| 24 | Q    WHEN YOU STARTED WORKING ON BRATZ, DO YOU | 02:13:20 |
| 25 | RECALL WHAT DATE YOU TOLD THE MATTEL EMPLOYEES AT THE | 02:13:25 |

| | | |
|---|---|---|
| 1 | INTERVIEW THAT THAT WAS? | 02:13:30 |
| 2 | A    I DON'T UNDERSTAND. | 02:13:31 |
| 3 | Q    YOUR TESTIMONY IS NOW THAT YOU STARTED | 02:13:39 |
| 4 | WORKING ON BRATZ IN 2001.  OKAY. | 02:13:44 |
| 5 | MY QUESTION IS:  WHAT DID YOU TELL THE MATTEL | 02:13:51 |
| 6 | EMPLOYEES AT THE INTERVIEWS THAT WAS ANY DIFFERENT FROM | 02:13:55 |
| 7 | THAT? | 02:13:58 |
| 8 | MR. SHEK:  OBJECTION.  VAGUE AND AMBIGUOUS. | 02:13:59 |
| 9 | MS. DIAZ:  ASKED AND ANSWERED TESTIMONY. | 02:14:02 |
| 10 | THE WITNESS:  NOTHING. | 02:14:03 |
| 11 | MR. WEBSTER:  LET'S GO BACK THROUGH THE | 02:14:06 |
| 12 | QUESTIONS.  JUST READ IT BACK TO US, PLEASE.  WHEN I | 02:14:09 |
| 13 | ASKED HER WHAT TESTIMONY SHE WOULD CHANGE. | 02:14:09 |
| 14 | (RECORD READ.) | 02:14:57 |
| 15 | BY MR. WEBSTER: | 02:14:58 |
| 16 | Q    MY QUESTION NOW IS:  WHAT DATE DID YOU TELL | 02:14:58 |
| 17 | THE MATTEL EMPLOYEES DURING THE INTERVIEW THAT YOU | 02:15:06 |
| 18 | STARTED WORKING ON BRATZ? | 02:15:06 |
| 19 | A    NONE. | 02:15:07 |
| 20 | Q    WHAT INFORMATION HAVE YOU RECEIVED SINCE THE | 02:15:07 |
| 21 | INTERVIEW THAT ALLOWS YOU NOW TO TESTIFY THAT YOU | 02:15:15 |
| 22 | STARTED WORKING ON BRATZ IN THE MIDDLE OF 2001? | 02:15:26 |
| 23 | MR. SHEK:  OBJECTION.  LACKS FOUNDATION. | 02:15:37 |
| 24 | THE WITNESS:  WHEN I WENT BACK HOME AFTER THE | 02:15:39 |
| 25 | INTERVIEW THAT I HAD, I SAW THE PAPERS THAT I HAD AND I | 02:15:44 |

115
Exhibit 26
Page 193

| | | |
|---|---|---|
| 1 | SAW THE DATES.  AND THOSE DATES WERE FROM 2001. | 02:15:52 |
| 2 | BY MR. WEBSTER: | 02:15:59 |
| 3 | Q    CAN YOU DESCRIBE THE PAPERS THAT YOU'RE | 02:15:59 |
| 4 | REFERRING TO? | 02:16:02 |
| 5 | A    WHERE I WAS WRITING THE HOURS THAT I HAD | 02:16:02 |
| 6 | WORKED. | 02:16:18 |
| 7 | Q    WERE THEY RECORDS THAT YOU KEPT AT YOUR HOME? | 02:16:20 |
| 8 | A    YES. | 02:16:23 |
| 9 | Q    HAVE YOU PROVIDED THOSE TO A LAWYER IN | 02:16:27 |
| 10 | CONNECTION WITH THIS LAWSUIT? | 02:16:32 |
| 11 | A    NO. | 02:16:32 |
| 12 | Q    WHERE ARE THOSE RECORDS NOW? | 02:16:37 |
| 13 | A    I GAVE IT AWAY. | 02:16:40 |
| 14 | Q    WHO TO? | 02:16:44 |
| 15 | A    MR. DANDA. | 02:16:47 |
| 16 | Q    DO YOU RECALL AT THE INTERVIEW THAT YOU | 02:16:55 |
| 17 | LOOKED AT A NUMBER OF DIFFERENT PICTURES OF BRATZ | 02:17:04 |
| 18 | PRODUCTS?  DO YOU RECALL THAT? | 02:17:09 |
| 19 | A    YES. | 02:17:13 |
| 20 | Q    AND YOU IDENTIFIED TO THE MATTEL EMPLOYEES | 02:17:13 |
| 21 | VARIOUS THINGS THAT YOU HAD DONE IN CONTRIBUTING TO THE | 02:17:20 |
| 22 | BRATZ DOLLS? | 02:17:24 |
| 23 | MR. SHEK:  OBJECTION.  LACKS FOUNDATION. | 02:17:26 |
| 24 | VAGUE AND AMBIGUOUS AS TO "CONTRIBUTE." | 02:17:30 |
| 25 | /// | |

116
Exhibit 26
Page 194

| | | |
|---|---|---|
| 1 | BY MR. WEBSTER: | 02:17:33 |
| 2 | Q   DO YOU RECALL THAT? | 02:17:33 |
| 3 | A   I WAS JUST SEWING. | 02:17:34 |
| 4 | Q   OKAY.  BUT YOU LOOKED AT MANY DIFFERENT BRATZ | 02:17:42 |
| 5 | PRODUCTS AND IDENTIFIED VARIOUS ELEMENTS THAT YOU | 02:17:47 |
| 6 | PROVIDED SEWING WORK ON? | 02:17:51 |
| 7 | MS. DIAZ:  OBJECTION.  VAGUE AND AMBIGUOUS. | 02:17:55 |
| 8 | THE WITNESS:  THAT I WAS DOING AT MATTEL? | 02:18:02 |
| 9 | BY MR. WEBSTER: | 02:18:05 |
| 10 | Q   NO.  THAT YOU WORKED ON BRATZ DOLLS. | 02:18:05 |
| 11 | A   AT MY HOUSE? | 02:18:08 |
| 12 | Q   YES. | 02:18:10 |
| 13 | OKAY.  I'D LIKE TO GO THROUGH THE SAME | 02:18:13 |
| 14 | PICTURES.  THAT'S THE REASON WHY I'M ASKING. | 02:18:15 |
| 15 | MR. WEBSTER:  LET'S MARK AS THE NEXT EXHIBIT | 02:18:18 |
| 16 | MORALES 5401. | 02:18:23 |
| 17 | Q   DID YOU DO ANY WORK ON THAT PRODUCT? | 02:18:44 |
| 18 | A   YES. | 02:18:49 |
| 19 | Q   WHAT DID YOU DO? | 02:18:53 |
| 20 | A   THE BACKPACK, THE BAG. | 02:18:55 |
| 21 | Q   CAN YOU DESCRIBE IN MORE DETAIL WHAT YOU DID | 02:19:08 |
| 22 | IN RELATION TO EACH OF THE BACKPACK AND THE BAG? | 02:19:10 |
| 23 | A   I SEW IT. | 02:19:14 |
| 24 | Q   WHAT DID YOU WORK WITH TO SEW THE BACKPACK | 02:19:22 |
| 25 | AND THE BAG? | 02:19:27 |

| | | |
|---|---|---|
| 1 | MR. WEBSTER:  CAN YOU TELL ME THE FACTUAL | 05:03:11 |
| 2 | BASIS FOR THAT INSTRUCTION. | 05:03:14 |
| 3 | MS. DIAZ:  FINANCIAL PRIVATE AFFAIRS, | 05:03:14 |
| 4 | FINANCIAL INFORMATION OF A PERSON.  THAT'S A PROTECTION | 05:03:15 |
| 5 | UNDER THE CALIFORNIA CONSTITUTION, COUNSEL.  I THINK | 05:03:17 |
| 6 | THAT YOU WOULD KNOW THAT. | 05:03:21 |
| 7 | BY MR. WEBSTER: | 05:03:29 |
| 8 | Q    ARE ANY OF THE TIME RECORDS THAT YOU PREPARED | 05:03:29 |
| 9 | WITH MS. MARLOW RELATING TO THE WORK YOU DID ON BRATZ | 05:03:31 |
| 10 | INACCURATE? | 05:03:35 |
| 11 | MS. DIAZ:  OBJECTION.  VAGUE AND AMBIGUOUS. | 05:03:36 |
| 12 | MR. WEBSTER:  CAN I HAVE THE ANSWER READ | 05:03:44 |
| 13 | BACK, PLEASE. | 05:03:44 |
| 14 | THE REPORTER:  THERE'S NO ANSWER. | 05:03:44 |
| 15 | BY MR. WEBSTER: | 05:03:57 |
| 16 | Q    WERE ANY OF THE TIME RECORDS PREPARED IN | 05:03:57 |
| 17 | RELATION TO THE WORK YOU DID ON BRATZ INACCURATE? | 05:04:01 |
| 18 | MR. SHEK:  OBJECTION.  VAGUE AND AMBIGUOUS. | 05:04:09 |
| 19 | THE WITNESS:  I DON'T UNDERSTAND. | 05:04:20 |
| 20 | BY MR. WEBSTER: | 05:04:21 |
| 21 | Q    DO ANY OF THESE RECORDS THAT YOU DID ON BRATZ | 05:04:21 |
| 22 | REFLECT ANY FALSE INFORMATION? | 05:04:28 |
| 23 | MS. DIAZ:  OBJECTION.  VAGUE AND AMBIGUOUS. | 05:04:30 |
| 24 | CALLS FOR SPECULATION.  IT'S ARGUMENTATIVE. | 05:04:30 |
| 25 | BY MR. WEBSTER: | 05:04:33 |

183
Exhibit 26
Page 196

| | | |
|---|---|---|
| 1 | Q     YOU CAN ANSWER. | 05:04:33 |
| 2 | A     I DON'T KNOW. | 05:04:44 |
| 3 | Q     LET ME SHOW YOU, THEN, SOME RECORDS RELATING | 05:04:45 |
| 4 | TO THE WORK THAT YOU DID ON BRATZ. | 05:04:51 |
| 5 | MR. WEBSTER:  MARK AS THE NEXT EXHIBIT FOR | 05:05:02 |
| 6 | IDENTIFICATION KMWM 9458, 9836, 8564, 8689, 8884, 9714, | 05:05:05 |
| 7 | AND 9835. | 05:05:27 |
| 8 | (DEFENDANT'S EXHIBIT 5666 WAS MARKED FOR | 05:05:29 |
| 9 | IDENTIFICATION.) | 05:05:29 |
| 10 | BY MR. WEBSTER: | 05:05:50 |
| 11 | Q     DO ANY OF THESE RECORDS RELATE TO THE WORK | 05:05:50 |
| 12 | YOU DID ON BRATZ? | 05:05:53 |
| 13 | MS. DIAZ:  I'M GOING TO OBJECT -- STRENUOUSLY | 05:05:59 |
| 14 | OBJECT TO THIS RECORD AND INSTRUCT HER NOT TO ANSWER | 05:06:01 |
| 15 | THESE QUESTIONS.  THERE IS TAX INFORMATION ON HERE, | 05:06:04 |
| 16 | COUNSEL.  THAT IS ABSOLUTELY PROTECTED UNDER HER RIGHTS | 05:06:07 |
| 17 | OF PRIVACY. | 05:06:11 |
| 18 | UNLESS YOU SEPARATE OUT THE TAX INFORMATION, | 05:06:12 |
| 19 | I'LL NOT ALLOW HER TO ANSWER ANY QUESTIONS ON THESE | 05:06:15 |
| 20 | DOCUMENTS.  IT'S OUTRAGEOUS HOW MANY DOCUMENTS HAVE | 05:06:15 |
| 21 | BEEN PRODUCED ON MY CLIENTS WITHOUT ANY DUE NOTICE TO | 05:06:17 |
| 22 | ME OR TO THEM. | 05:06:20 |
| 23 | BY MR. WEBSTER: | 05:06:23 |
| 24 | Q     CAN YOU ANSWER MY QUESTION? | 05:06:23 |
| 25 | MS. DIAZ:  I'M INSTRUCTING HER NOT TO ANSWER | 05:06:26 |

184

Exhibit _____
Page 197

| | | |
|---|---|---|
| 1 | THAT ON THE BASIS OF PRIVACY.  AND I'M ALSO INVOKING | 05:06:27 |
| 2 | WITH RESPECT TO ALL OF THE DOCUMENTS, WE CAN LUMP THEM | 05:06:31 |
| 3 | TOGETHER, I'M ADVISING HER TO INVOKE HER FIFTH | 05:06:32 |
| 4 | AMENDMENT RIGHT AGAINST SELF-INCRIMINATION. | 05:06:36 |
| 5 | BY MR. WEBSTER: | 05:06:40 |
| 6 |     Q    MS. CABRERA, ARE YOU GOING TO FOLLOW YOUR | 05:06:40 |
| 7 | LAWYER'S INSTRUCTION AND NOT ANSWER MY QUESTION ON THE | 05:06:43 |
| 8 | GROUNDS THAT IT MAY INCRIMINATE YOU? | 05:06:45 |
| 9 |     A    YES. | 05:06:50 |
| 10 |     Q    ARE YOU FAMILIAR WITH CARTER BRYANT'S DRAWING | 05:06:52 |
| 11 | STYLE? | 05:06:55 |
| 12 |     MS. DIAZ:  OBJECTION.  VAGUE AND AMBIGUOUS. | 05:06:56 |
| 13 |     THE INTERPRETER:  MAY I HAVE A REPETITION, | 05:07:04 |
| 14 | COUNSEL. | 05:07:08 |
| 15 |     MS. DIAZ:  IT'S VAGUE AND AMBIGUOUS. | 05:07:08 |
| 16 |     THE WITNESS:  THE DRAWINGS? | 05:07:11 |
| 17 | BY MR. WEBSTER: | 05:07:12 |
| 18 |     Q    HIS STYLE OF DRAWING, YES. | 05:07:12 |
| 19 |     MR. SHEK:  OBJECTION.  VAGUE AND AMBIGUOUS. | 05:07:16 |
| 20 |     THE WITNESS:  YES. | 05:07:19 |
| 21 | BY MR. WEBSTER: | 05:07:19 |
| 22 |     Q    AT MATTEL, WHEN YOU MADE SAMPLES OF DOLL | 05:07:19 |
| 23 | FASHIONS DESIGNED BY CARTER BRYANT, IN ADDITION TO | 05:07:23 |
| 24 | USING A PATTERN, DID YOU SEE SKETCHES THAT WERE DONE BY | 05:07:28 |
| 25 | BRYANT? | 05:07:34 |

185

Exhibit 26

Page 198

| | |
|---|---|
| 1 | MR. SHEK: OBJECTION. VAGUE AND AMBIGUOUS. | 05:07:34 |
| 2 | THE WITNESS: YES. | 05:07:36 |
| 3 | BY MR. WEBSTER: | 05:07:37 |
| 4 | Q IN ANY CONVERSATION YOU HAD WITH VERONICA | 05:07:37 |
| 5 | MARLOW, DID SHE HELP YOU REMEMBER THE DATES THAT YOU | 05:07:45 |
| 6 | BEGAN WORKING FOR HER? | 05:07:49 |
| 7 | MR. SHEK: OBJECTION. VAGUE AND AMBIGUOUS. | 05:07:50 |
| 8 | THE WITNESS: NO. | 05:07:52 |
| 9 | BY MR. WEBSTER: | 05:07:53 |
| 10 | Q HOW MUCH MONEY, IN TOTAL, DID YOU EARN FOR -- | 05:07:53 |
| 11 | FROM THE WORK THAT YOU DID FOR VERONICA MARLOW ON | 05:07:58 |
| 12 | BRATZ? | 05:08:02 |
| 13 | MS. DIAZ: AND I JUST WANT TO STATE FOR THE | 05:08:02 |
| 14 | RECORD THAT THAT IS A PRIVACY QUESTION, BUT I WILL | 05:08:05 |
| 15 | ALLOW HER TO ANSWER THAT QUESTION FOR PURPOSES OF | 05:08:08 |
| 16 | EXPEDITING THIS PROCEEDING. | 05:08:12 |
| 17 | IF SHE CAN -- YOU CAN TELL HIM. | 05:08:22 |
| 18 | THE WITNESS: LIKE 90-, 100,000. | 05:08:25 |
| 19 | BY MR. WEBSTER: | 05:08:31 |
| 20 | Q THAT IS 90- TO 100,000, IN THAT RANGE? | 05:08:31 |
| 21 | A YES. | 05:08:36 |
| 22 | MR. WEBSTER: LET'S MARK AS THE NEXT EXHIBIT | 05:08:38 |
| 23 | FOR IDENTIFICATION -- IS THIS 21? | 05:08:53 |
| 24 | MR. NAIM: YEP. | 05:09:00 |
| 25 | MR. WEBSTER: THIS IS A SERIES OF DOCUMENTS | 05:09:15 |

186
Exhibit 26
Page 199

| | | |
|---|---|---|
| 1 | COMMENCING WITH BATES STAMP KMW 9767. | 05:09:17 |
| 2 | (DEFENDANT'S EXHIBIT 5667 WAS MARKED FOR | 05:09:23 |
| 3 | IDENTIFICATION.) | 05:09:23 |
| 4 | BY MR. WEBSTER: | 05:09:48 |
| 5 | Q    DO YOU RECOGNIZE YOUR SIGNATURE ON THESE | 05:09:48 |
| 6 | PAGES, MS. CABRERA? | 05:09:51 |
| 7 | MS. DIAZ:  I'M GOING OBJECT AND ADVISE MY | 05:09:52 |
| 8 | CLIENT TO INVOKE HER FIFTH AMENDMENT RIGHT AGAINST | 05:09:54 |
| 9 | SELF-INCRIMINATION AND NOT ANSWER THIS QUESTION. | 05:09:57 |
| 10 | BY MR. WEBSTER: | 05:10:01 |
| 11 | Q    AND WILL YOU FOLLOW YOUR ATTORNEY'S | 05:10:01 |
| 12 | INSTRUCTION AND NOT ANSWER MY QUESTIONS? | 05:10:03 |
| 13 | A    YES. | 05:10:07 |
| 14 | Q    IF YOU LOOK AT THE FOURTH PAGE, MS. CABRERA. | 05:10:08 |
| 15 | MS. DIAZ:  I ALSO WANT TO ADD A PRIVACY | 05:10:12 |
| 16 | OBJECTION.  IT APPEARS THAT HER SOCIAL SECURITY AND | 05:10:14 |
| 17 | EMPLOYMENT RECORDS, SO THAT IS THE SECONDARY OBJECTION. | 05:10:18 |
| 18 | MR. WEBSTER:  THIS IS THE WAY THEY WERE | 05:10:23 |
| 19 | PRODUCED TO US FROM YOUR OWN NOTICE BEFORE THIS | 05:10:25 |
| 20 | DEPOSITION. | 05:10:26 |
| 21 | MS. DIAZ:  THAT'S FINE.  IT DOESN'T MEAN THAT | 05:10:26 |
| 22 | YOU'RE ENTITLED TO HAVE THEM. | 05:10:28 |
| 23 | BY MR. WEBSTER: | 05:10:32 |
| 24 | Q    IF YOU LOOK AT THE FOURTH PAGE, THERE'S A | 05:10:32 |
| 25 | TIME SUMMARY SHOWING THE HOURS YOU WORKED IN EACH | 05:10:34 |

| | | |
|---|---|---|
| 1 | MONTH. | 05:10:39 |
| 2 | DO YOU SEE THAT? | 05:10:45 |
| 3 | MS. DIAZ:  I'M GOING TO OBJECT -- I'M GOING | 05:10:48 |
| 4 | OBJECT AND INSTRUCT MY CLIENT NOT TO ANSWER ANY | 05:10:51 |
| 5 | QUESTIONS ON THESE DOCUMENTS ON THE BASIS OF HER FIFTH | 05:10:54 |
| 6 | AMENDMENT RIGHT AGAINST SELF-INCRIMINATION. | 05:10:57 |
| 7 | BY MR. WEBSTER: | 05:11:01 |
| 8 | Q     AND YOU'LL FOLLOW YOUR ATTORNEY'S | 05:11:01 |
| 9 | INSTRUCTION? | 05:11:03 |
| 10 | A     YES. | 05:11:05 |
| 11 | Q     WERE YOU WORKING ON ANY BRATZ PRODUCTS DURING | 05:11:05 |
| 12 | THE TIME REFLECTED IN THE TIME SUMMARY ON THAT PAGE? | 05:11:10 |
| 13 | MS. DIAZ:  I'M GOING TO OBJECT AND INSTRUCT | 05:11:20 |
| 14 | MY CLIENT NOT TO ANSWER THAT QUESTION ON THE BASIS THAT | 05:11:22 |
| 15 | SHE CAN INVOKE HER FIFTH AMENDMENT RIGHT AGAINST | 05:11:26 |
| 16 | SELF-INCRIMINATION. | 05:11:30 |
| 17 | BY MR. WEBSTER: | 05:11:31 |
| 18 | Q     ARE YOU GOING TO FOLLOW YOUR LAWYER'S | 05:11:31 |
| 19 | INSTRUCTION? | 05:11:34 |
| 20 | A     YES. | 05:11:34 |
| 21 | MR. WEBSTER:  LET'S DO 21. | 05:11:37 |
| 22 | BY MR. WEBSTER: | 05:12:00 |
| 23 | Q     WHEN YOU WERE WORKING FOR MS. MARLOW, | 05:12:00 |
| 24 | MS. CABRERA, OFTEN YOU WOULD BE WORKING FOR MATTEL | 05:12:03 |
| 25 | DURING THE DAY AND MS. MARLOW DURING THE EVENING; IS | 05:12:08 |

| | | |
|---|---|---|
| 1 | THAT CORRECT? | 05:12:11 |
| 2 | A    YES. | 05:12:11 |
| 3 | Q    AND YOU WERE WORKING VERY LONG HOURS, WEREN'T | 05:12:13 |
| 4 | YOU, WHEN YOU COMBINE THOSE TOGETHER? | 05:12:17 |
| 5 | A    YES. | 05:12:22 |
| 6 | Q    WERE YOU VERY TIRED AS A RESULT OF WORKING | 05:12:23 |
| 7 | THOSE EXTREMELY LONG DAYS? | 05:12:28 |
| 8 | MR. SHEK:  OBJECTION.  VAGUE AND AMBIGUOUS. | 05:12:36 |
| 9 | THE WITNESS:  NO. | 05:12:37 |
| 10 | BY MR. WEBSTER: | 05:12:38 |
| 11 | Q    SOME DAYS YOU WOULD WORK A FULL DAY AT MATTEL | 05:12:38 |
| 12 | AND THEN YOU WOULD WORK WELL PAST MIDNIGHT THE SAME DAY | 05:12:44 |
| 13 | FOR MS. MARLOW; ISN'T THAT RIGHT? | 05:12:50 |
| 14 | A    YES. | 05:12:51 |
| 15 | Q    AND YOU DID THAT ON MANY OCCASIONS, DIDN'T | 05:12:52 |
| 16 | YOU? | 05:12:57 |
| 17 | A    YES. | 05:12:57 |
| 18 | Q    DID ANY OF YOUR FELLOW EMPLOYEES AT MATTEL | 05:12:58 |
| 19 | EVER COMMENT THAT YOU SEEMED TIRED FROM THOSE | 05:13:03 |
| 20 | CIRCUMSTANCES? | 05:13:08 |
| 21 | MS. DIAZ:  OBJECTION.  VAGUE AND AMBIGUOUS. | 05:13:09 |
| 22 | MR. SHEK:  ALSO LACKS FOUNDATION. | 05:13:12 |
| 23 | THE WITNESS:  NO. | 05:13:14 |
| 24 | MR. WEBSTER:  CAN WE MARK AS THE NEXT EXHIBIT | 05:13:15 |
| 25 | FOR IDENTIFICATION.  IT'S A SERIES OF DOCUMENTS | 05:13:25 |

```
1   STATE OF CALIFORNIA      )
                             )  SS.
2   COUNTY OF LOS ANGELES    )

3

4

5        I, APRIL CRUZ CACULITAN, CSR 12437, IN AND FOR THE

6   STATE OF CALIFORNIA, DO HEREBY CERTIFY:

7        THAT, PRIOR TO BEING EXAMINED, THE DEPONENT NAMED IN

8   THE FOREGOING DEPOSITION WAS BY ME DULY SWORN TO TESTIFY THE

9   TRUTH, THE WHOLE TRUTH AND NOTHING BUT THE TRUTH;

10       THAT SAID DEPOSITION WAS TAKEN DOWN BY ME IN SHORTHAND

11  AT THE TIME AND PLACE THEREIN NAMED, AND THEREAFTER REDUCED

12  TO TYPEWRITING UNDER MY DIRECTION, AND THE SAME IS A TRUE,

13  CORRECT AND COMPLETE TRANSCRIPT OF SAID PROCEEDINGS.

14       I FURTHER CERTIFY THAT I AM NOT INTERESTED IN THE EVENT

15  OF THE ACTION.

16  WITNESS MY HAND THIS _12th_____ DAY OF

17  _May_____, 2008.

18

19

20                    APRIL CRUZ CACULITAN

21                    CERTIFIED SHORTHAND

22                    REPORTER FOR THE

23                    STATE OF CALIFORNIA

24

25
```

Exhibit 26
Page 203