# EXHIBIT 27

**THIS EXHIBIT IS FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 28

**THIS EXHIBIT IS FILED UNDER SEAL
PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 29

AO 88  (Rev. 12/06) Subpoena in a Civil C.

**Issued by the**

# UNITED STATES DISTRICT COURT

CENTRAL  DISTRICT OF CALIFORNIA

CARTER BRYANT, an individual

V.

MATTEL, INC., a Delaware corporation

**SUBPOENA IN A CIVIL CASE**

Case Number: [1]  CV 04-9049 SGL (RNBx)

TO: Beatriz T. Morales
    4835 W. 112th Street
    Inglewood, CA 90304

[X]  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| US District Court, Central District of California Eastern Division - Riverside Courthouse 3470 Twelfth Street Riverside, CA 92501 | Hon. Stephen G. Larson Court Room 1 |
| | DATE AND TIME May 27, 2008, 9:00 a.m. |

[ ]  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

[ ]  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

[ ]  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* Attorney for Mattel, Inc. | 4/4/08 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Lesley E. Williams, Quinn Emanuel Urquhart Oliver & Hedges, LLP, 865 S. Figueroa Street, 10th Floor, Los Angeles, CA 90017    (213) 443-3000

Exhibit 29
Page 209

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

AO 88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 4/6/2008 | 4835 West 112th Street<br>Inglewood, CA 90304 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| BEATRIZ MORALES (Witness Fee Paid $94.94) | Personal – Served 4-6-08 at 10:00 a.m. |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Wesley Gipson | Process Server |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ___4/7/2008___
DATE

_(signature)_
SIGNATURE OF SERVER

Now Legal Service, 1301 W. 2nd St., #206, Los
ADDRESS OF SERVER

Angeles, CA 90026, (213) 482-1567, L.A. Cty. #5426

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.
   (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
   (2) Command to Produce Materials or Permit Inspection.
      (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
      (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
         (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
         (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
   (3) Quashing or Modifying a Subpoena.
      (A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
         (i) fails to allow a reasonable time to comply;
         (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
         (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
         (iv) subjects a person to undue burden.
      (B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
         (i) disclosing a trade secret or other confidential research, development, or commercial information;
         (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
         (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
      (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
         (ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.
   (1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
      (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
      (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
      (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
      (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
   (2) Claiming Privilege or Protection.
      (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
         (i) expressly make the claim; and
         (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
      (B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.
   The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

Exhibit _29_

Page 210

# EXHIBIT 30

AO88 (Rev. 12/06) Subpoena in a Civil Ca

**Issued by the**

# UNITED STATES DISTRICT COURT

CENTRAL   DISTRICT OF CALIFORNIA

CARTER BRYANT, an individual

**SUBPOENA IN A CIVIL CASE**

V.

MATTEL, INC., a Delaware corporation

Case Number:[1] CV 04-9049 SGL (RNBx)

TO: Ana Isabel Cabrera
    4824 W. 123rd Street
    Hawthorne, CA 90250

[X]   YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| US District Court, Central District of California Eastern Division - Riverside Courthouse 3470 Twelfth Street Riverside, CA 92501 | Hon. Stephen G. Larson Court Room 1 |
| | DATE AND TIME May 27, 2008, 9:00 a.m. |

[ ]   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

[ ]   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

[ ]   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _(signature)_ Attorney for Mattel, Inc. | 4/4/08 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Lesley E. Williams, Quinn Emanuel Urquhart Oliver & Hedges, LLP, 865 S. Figueroa Street, 10th Floor, Los Angeles, CA 90017   (213) 443-3000

Exhibit 30
Page 211

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 4/5/2008 | 4824 West 123rd Street<br>Hawthorne, CA 90250 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| ANA ISABEL CABRERA (Witness Fee Paid $94.94) | Personal -- Served 4-5-08 at 6:30 p.m.) |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Wesley Gipson | Process Server |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____4/7/2008_____
                         DATE

_____
SIGNATURE OF SERVER

Now Legal Service, 1301 W. 2nd St., #206, Los
ADDRESS OF SERVER

Angeles, CA 90026, (213) 482-1567, L.A. Cty. #5426

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.
  (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
  (2) Command to Produce Materials or Permit Inspection.
    (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
  (3) Quashing or Modifying a Subpoena.
    (A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
    (B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information;
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
      (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
    (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.
  (1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
    (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
    (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
  (2) Claiming Privilege or Protection.
    (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    (B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.
  The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

Exhibit 20
Page 212

# EXHIBIT 31

AO88 (Rev. 12/07) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT

### Central District of California

CARTER BRYANT, an individual

V.

MATTEL, INC., a Delaware Corporation

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] CV04-9049 (RNBx),9059,05-2727

TO:  Beatriz Morales
4835 W.112th St.
Inglewood, CA 90304

☑  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| United States District Court<br>Eastern Division, Riverside<br>3470 Twelfth Street<br>Riverside, CA 92501 | Hon. Stephen G. Larson Rm. 1 |
| | DATE AND TIME<br>5/27/2008 9:00 am |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A

| PLACE  United States District Court<br>3470 Twelfth Street, Riverside CA 92501 | DATE AND TIME<br>5/27/2008 9:00 am |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>Attorney For Mattel, Inc *(signature)* | DATE<br>4/28 /08 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Lesley E. Williams, Quinn Emanuel Urquhart Oliver & Hedges LLP
865 S.Figueroa St., 10th Floor, Los Angeles, CA 90017 (213)-443-3000

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

Exhibit 31
Page 213

## ATTACHMENT A (BEATRIZ MORALES)

### Documents To Be Produced

(1)    All original documents relating to any work you did at any time for
Veronica Marlow or any corporate entities with which she is affiliated.

(2)    All original documents relating to work you did for MGA at any time.

(3)    All original records relating to or reflecting payments you received from
Veronica Marlow or any corporate entities with which she is affiliated, including but
not limited to tax records.

(4)    All original records reflecting payment of your attorneys fees in
connection with this action.

07209/2423788.2

1

Exhibit 3 /
Page 214

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 4/29/2008 | 865 South Figueroa Street, 10th Floor<br>Los Angeles, CA 90017 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| BEATRIZ MORALES | Personal (Served 4-29-08 at 6:05 p.m.) |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| David Quintana | Process Server |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____4/30/2008_____
                     DATE

SIGNATURE OF SERVER

Now Legal Service, 1301 W. 2nd St., #206, Los

ADDRESS OF SERVER

Angeles, CA 90026, (213) 482-1567, L.A. Cty. #5426

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

Exhibit _3_

# EXHIBIT 32

AO88 (Rev. 12/06) Subpoena in a Civil C

Issued by the

# UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CARTER BRYANT, an individual

**SUBPOENA IN A CIVIL CASE**

V.

MATTEL, INC., a Delaware corporation

Case Number: CV 04-9049 SGL (RNBx)
Consolidated with cases
CV 04-9059 and CV 05-2727

TO: Ana Cabrera
4824 W. 123rd Street
Hawthorne, CA, 90250

[x] YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| United States District Court Eastern Division, Riverside 3470 Twelfth Street Riverside, CA 92501 | Hon. Stephen G. Larson Court Room 1 |
| | DATE AND TIME |
| | May 27, 2008 9:00 a.m. |

[ ] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

[x] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A

| PLACE | DATE AND TIME |
|---|---|
| United States District Court 3470 Twelfth Street Riverside, CA 92501 | May 27, 2008 9:00 a.m. |

[ ] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Mattel, Inc. | 5/6/08 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Lesley E. Williams, Quinn Emanuel Urquhart Oliver & Hedges, LLP,
865 South Figueroa Street, 10th Floor, Los Angeles, CA 90017   (213) 443-3000

Exhibit 32
Page 216

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

If action is pending in district other than district of issuance, state district under case number.

AO-88

## ATTACHMENT A (ANA CABRERA)

### Documents To Be Produced

(1)    All original documents relating to any work you did at any time for Veronica Marlow or any corporate entities with which she is affiliated.

(2)    All original documents relating to work you did for MGA at any time.

(3)    All original records relating to or reflecting payments you received from Veronica Marlow or any corporate entities with which she is affiliated, including but not limited to tax records.

(4)    All original records reflecting payment of your attorneys fees in connection with this action.

07209/2423788.2

I

Exhibit 32
Page 217

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 5/8/2008 | 865 South Figueroa, 10th Floor Los Angeles, CA 90017 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| ANA CABRERA -- Witness Fee Paid $100.00 | Personal (Served 5-8-08 at 6:05 p.m.) |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| David Quintana | Process Server |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on   5/9/2008
                 DATE

*David Quintana*

SIGNATURE OF SERVER

Now Legal Service, 1301 W. 2nd St., #206, Los

ADDRESS OF SERVER

Angeles, CA 90026, (213) 482-1567, L.A. Cty. #5426

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.
    (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
    (2) Command to Produce Materials or Permit Inspection.
        (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
        (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
            (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
            (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
    (3) Quashing or Modifying a Subpoena.
        (A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
            (i) fails to allow a reasonable time to comply;
            (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
            (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
            (iv) subjects a person to undue burden.
        (B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
            (i) disclosing a trade secret or other confidential research, development, or commercial information;
            (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
            (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
        (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

            (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
            (ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.
    (1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
        (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
        (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
        (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
        (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
    (2) Claiming Privilege or Protection.
        (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
            (i) expressly make the claim; and
            (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
        (B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.
    The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

Exhibit 52

Page 218

# EXHIBIT 33

1

2  MARÍA G. DÍAZ, SBN 220087
   LAW OFFICES
3  **ALLRED, MAROKO & GOLDBERG**
   SUITE 1500
4  6300 WILSHIRE BOULEVARD
   LOS ANGELES, CALIFORNIA 90048-5217
5  (323) 653-6530
   Facsimile: (323) 653-1660

6

7  <u>**Attorneys for Ana Cabrera and Beatriz Morales**</u>

8

9  UNITED STATES DISTRICT COURT

10  CENTRAL DISTRICT OF CALIFORNIA

11  EASTERN DIVISION

12

13  CARTER BRYANT, an individual

14              Plaintiff,

15      vs.

16  MATTEL INC., a Delaware Corporation

17

18              Defendant.

19  Consolidated with MATTEL, INC. v.
    BRYANT and MGA ENTERTAINMENT,
20  INC. v. MATTEL INC.

21

22

23

24

25

26      Pursuant to FRCP 45, Beatriz Morales hereby responds and objects to the requests for

27  document production contained in the subpoena served by Mattel, Inc.

28

CASE NO. CV 04-9049 SGL (RNBx)

Consolidated with Case No. 04-9059 and
Case NO. 05-2727

**BEATRIZ MORALES' OBJECTIONS
TO MATTEL'S TRIAL SUBPOENA**

Discovery Cut off: Jan. 28, 2008

Trial Date: May 27, 2008

Exhibit **33**
Page 219

1

## GENERAL OBJECTIONS

Beatriz Morales objects to the validity of the subpoena in its entirety as she was not simultaneously provided with the requisite witness fees. CF & I Steel Corp v. Mitsui & Co. (USA) (9th Cir. 1983 713 F. 2d 494, 496. A subpoena issued on behalf of a party is invalid unless accompanied by witness fees and reasonable mileage as allowed by law. FRCP 45(b) (1). Beatriz Morales was not provided with any fees when served with this subpoena at her deposition.

Beatriz Morales further objects to the subpoena on the grounds that it constitutes and improper attempt by Mattel to conduct discovery after the cut-off; subpoenas under Rule 45 are discovery and must be used within the discovery time limits. Integra Lifesciences 1, Ltd v. Merck, 190 F.R. D. 556 (S. D. Cal. 1999) ( clearly distinguishing between discovery and trial subpoenas under Rule 45 in finding that the Defendant made an improper attempt to obtain discovery after the cut-off through the use of a trial subpoena.)

## REQUEST FOR PRODUCTION NO. 1

All original documents relating to any work you did at any time for Veronica Marlow or any corporate entities with which she is affiliated.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 1

Beatriz Morales objects to the validity of the subpoena in its entirety as she was not simultaneously provided with the requisite witness fees. CF & I Steel Corp v. Mitsui & Co., 713 F. 2d 494, 496 (9th Cir. 1983). A subpoena issued on behalf of a party is invalid unless accompanied by witness fees and reasonable mileage. FRCP 45(b) (1). Beatriz Morales was not provided with any fees with the subpoena requiring production of documents.

This request also is objectionable on the grounds that it constitutes and improper attempt by Mattel to conduct discovery after the cut-off; subpoenas under Rule 45 are discovery and must be used within the discovery time limits. Integra Lifesciences 1, Ltd v. Merck, 190 F.R. 556 (S. D. Cal. 1999).

Subject to and without waiving the foregoing objections, Beatriz Morales further objects to this request as overbroad, burdensome, harassing and violative of her rights to privacy, particularly

Exhibit **33**
Page 220

1   as she is not a party to this action.

2        Beatriz  Morales further objects to this request on the grounds that it does not identify the

3   documents to be produced with reasonable particularity.

4        Beatriz Morales further objects to this request based on her 5th amendment privilege against

5   self-incrimination.  United States v. Doe, 45 U.S. 605, 612-613 (1984).

6        Additionally, the request is objectionable as it seeks production of documents that are

7   neither relevant to the subject matter nor reasonably calculated to lead to the discovery of

8   admissible evidence.

9   **REQUEST FOR PRODUCTION NO. 2**

10   All original documents relating to work you did for MGA at anytime.

11   **RESPONSE TO REQUEST FOR PRODUCTION NO. 2**

12        Beatriz Morales objects to the validity of the subpoena in its entirety as she was not

13   simultaneously provided with the requisite witness fees.  CF & I Steel Corp v. Mitsui & Co., 713

14   F. 2d 494, 496  (9th Cir. 1983). A subpoena issued on behalf of a party is invalid unless

15   accompanied by witness fees and reasonable mileage. FRCP 45(b) (1).  Beatriz Morales was not

16   provided with any fees with the subpoena requiring production of documents.

17        This request also is objectionable on the grounds that it constitutes and improper attempt

18   by Mattel to conduct discovery after the cut-off; subpoenas under Rule 45 are discovery and must

19   be used within the discovery time limits.  Integra Lifesciences 1, Ltd v. Merck, 190 F.R. D. 556 (S.

20   D. Cal. 1999).

21        Subject to and without waiving the foregoing objections, Beatriz Morales further objects to

22   this request as overbroad, burdensome, harassing and violative of her rights to privacy, particularly

23   as she is not a party to this action.

24        Beatriz  Morales further objects to this request on the grounds that it does not identify the

25   documents to be produced with reasonable particularity.

26        Additionally, the request is objectionable as it seeks production of documents that are

27   neither relevant to the subject matter nor reasonably calculated to lead to the discovery of

28

Exhibit **33**

**BEATRIZ MORALES' OBJECTIONS TO MATTEL'S TRIAL SUBPOENA**
**Case No. CV 04-9049 SGL (RNBx)**

1  admissible evidence.

2      Without waiving any of the foregoing objections, the witness responds that she has no

3  documents responsive to this request.

4  **REQUEST FOR PRODUCTION NO. 3**

5      All original records relating to or reflecting payments you received from Veronica Marlow

6  or any corporate entities with which she is affiliated, including but not limited to tax records.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 3**

8      Beatriz Morales objects to the validity of the subpoena in its entirety as she was not

9  simultaneously provided with the requisite witness fees. CF & I Steel Corp v. Mitsui & Co., 713

10  F. 2d 494, 496 (9th Cir. 1983). A subpoena issued on behalf of a party is invalid unless

11  accompanied by witness fees and reasonable mileage. FRCP 45(b) (1).  Beatriz Morales was not

12  provided with any fees with the subpoena requiring production of documents.

13      This request also is objectionable on the grounds that it constitutes and improper attempt

14  by Mattel to conduct discovery after the cut-off and in violation of the Court's scheduling orders;

15  subpoenas under Rule 45 are discovery and must be used within the discovery time limits. Integra

16  Lifesciences 1, Ltd v. Merck, 190 F.R. D. 556 (S. D. Cal. 1999).

17      Subject to and without waiving the foregoing objections, Beatriz Morales further objects to

18  this request as overbroad, burdensome, harassing and violative of her rights to privacy, particularly

19  as she is not a party to this action.

20      Beatriz  Morales further objects to this request on the grounds that it does not identify the

21  documents to be produced with reasonable particularity.

22      Beatriz Morales further objects to this request based on her 5th amendment privilege against

23  self-incrimination.  United States v. Doe, 45 U.S. 605, 612-613 (1984).

24      Additionally, the request is objectionable as it seeks production of documents that are

25  neither relevant to the subject matter nor reasonably calculated to lead to the discovery of

26  admissible evidence.

27

28

Exhibit 33

Page 222

1  **REQUEST FOR PRODUCTION NO. 4**

2      All original records reflecting payment of your attorneys fees in connection with this

3  action.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 4**

5      Beatriz Morales objects to the validity of the subpoena in its entirety as she was not

6  simultaneously provided with the requisite witness fees. CF & I Steel Corp v. Mitsui & Co., 713

7  F. 2d 494, 496 (9th Cir. 1983). A subpoena issued on behalf of a party is invalid unless

8  accompanied by witness fees and reasonable mileage. FRCP 45(b) (1). Beatriz Morales was not

9  provided with any fees with the subpoena requiring production of documents.

10      This request also is objectionable on the grounds that it constitutes and improper attempt

11  by Mattel to conduct discovery after the cut-off; subpoenas under Rule 45 are discovery and must

12  be used within the discovery time limits. Integra Lifesciences 1. Ltd v. Merck, 190 F.R. D. 556 (S.

13  D. Cal. 1999).

14      Subject to and without waiving the foregoing objections, Beatriz Morales further objects to

15  this request as overbroad, burdensome, harassing and violative of her rights to privacy, particularly

16  as she is not a party to this action.

17      Beatriz Morales further objects to this request on the grounds that it does not identify the

18  documents to be produced with reasonable particularity.

19      Additionally, the request is objectionable as it seeks production of documents that are

20  neither relevant to the subject matter nor reasonably calculated to lead to the discovery of

21  admissible evidence.

22      Beatriz Morales objects also on the basis that this request invades the attorney-client

23  privilege and work product doctrine.

24  Date: May 20, 2008          ALLRED, MAROKO GOLDBERG

25

26              By: _____

27                  MARIA G. DIAZ
                    Attorneys for Non-Parties,
28                  Ana Cabrera and Beatriz Morales          Exhibit 33
                                                             Page 223

5

BEATRIZ MORALES' OBJECTIONS TO MATTEL'S TRIAL SUBPOENA
Case No. CV 04-9049 SGL (RNBx)

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

      I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is:  6300 Wilshire Boulevard, Suite 1500, Los Angeles, California 90048.

      On **May 20, 2008**, I served the foregoing document described as *BEATRIZ MORALES' OBJECTIONS TO MATTEL'S TRIAL SUBPOENA* on interested parties in this action.

[ ]   by placing true copies thereof enclosed in sealed  envelopes addressed as stated on the attached mailing list:

[X]  by placing [ ] the original [X] a true copy thereof enclosed in sealed envelopes at Los Angeles, California addressed as follows:

**SEE ATTACHED SERVICE LIST**

[X]  **BY MAIL:** I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Los Angeles, California.

[X]  **BY ELECTRONIC MAIL: to jameswebster@quinnemanuel.com**

[ ]   **BY FAX:** by transmitting a true copy via facsimile transmission from telecopier number (323) 653-1660 located at 6300 Wilshire Blvd., Ste. 1500, Los Angeles, California  90048, to the following:

[X]  **BY FEDERAL EXPRESS:** I caused such document(s) to be delivered via Federal Express in a package designated to be picked up by Federal Express with delivery fees provided for to the addressee(s) designated.  I am readily familiar with the business practice of collecting and processing correspondence to be picked up by an employee of Federal Express.

[ ]   **BY PERSONAL SERVICE:** I caused such envelope to be personally served on the Addressee(s) to the offices of the addressee(s).

      Executed on **May 20, 2008**,  at Los Angeles, California.

[X]  **State**  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[ ]   **Federal**  I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

                               _____
                                 JOSEPHINA PEÑA

Exhibit 33
Page 224

1

## SERVICE LIST

2

3    James J. Webster,  Esq.                    John Trinidad, Esq.
     **QUINN EMANUEL URQUHART**               John Keker, Esq.
4    **OLIVER & HEDGES**                       **KEKER & VAN NEST, LLP**
     865 S. Figueroa St., 10th Floor           710 Sansome Street
5    Los Angeles, CA 90017                     San Francisco, CA 94111

6
     Mark E. Overland, Esq.                    Thomas J. Nolan, Esq.
7    Alexander H. Cote, Esq.                   **SKADDEN, ARPS, SLATE**
     David C. Scheper, Esq.                    **MEAGHER & FLOM LLP**
8    **OVERLAND, BORENSTEIN**                  300 S. Grand Avenue
     **SCHEPER & KIM**                         Los Angeles, CA 90071
9    300 S. Grand Ave., Suite 2750
     Los Angeles, CA 90071

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27
                                                              Exhibit 33
28                                                            Page 225

## PROOF OF SERVICE

# EXHIBIT 34

MARÍA G. DÍAZ, SBN 220087
LAW OFFICES
**ALLRED, MAROKO & GOLDBERG**
SUITE 1500
6300 WILSHIRE BOULEVARD
LOS ANGELES, CALIFORNIA  90048-5217
(323) 653-6530
Facsimile: (323) 653-1660

**Attorneys for Ana Cabrera and Beatriz Morales**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | |
| vs. | Consolidated with Case No. 04-9059 and Case NO. 05-2727 |
| MATTEL INC., a Delaware Corporation | **ANA CABRERA'S OBJECTIONS TO MATTEL'S TRIAL SUBPOENA** |
| Defendant. | Discovery Cut off: Jan. 28, 2008 |
| Consolidated with MATTEL, INC. v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL INC. | Trial Date:  May 27, 2008 |

    Pursuant to FRCP 45, Ana Cabrera hereby responds and objects to the requests for

document production contained in the subpoena served by Mattel, Inc.

Exhibit _34_
Page 226

## GENERAL OBJECTIONS

Ana Cabrera objects to the subpoena on the grounds that it constitutes and improper attempt by Mattel to conduct discovery after the cut-off; subpoenas under Rule 45 are discovery and must be used within the discovery time limits. Integra Lifesciences 1, Ltd v. Merck, 190 F.R. D. 556 (S. D. Cal. 1999) ( clearly distinguishing between discovery and trial subpoenas under Rule 45 in finding that the Defendant made an improper attempt to obtain discovery after the cut-off through the use of a trial subpoena.)

## REQUEST FOR PRODUCTION NO. 1

All original documents relating to any work you did at any time for Veronica Marlow or any corporate entities with which she is affiliated.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 1

Ana Cabrera objects to the validity of the subpoena in its entirety on the grounds that it constitutes and improper attempt by Mattel to conduct discovery after the cut-off; subpoenas under Rule 45 are discovery and must be used within the discovery time limits.  Integra Lifesciences 1, Ltd v. Merck, 190 F.R. D. 556 (S. D. Cal. 1999).

Subject to and without waiving the foregoing objections, Ana Cabrera further objects to this request as overbroad, burdensome, harassing and violative of her rights to privacy, particularly as she is not a party to this action.

Ana Cabrera further objects to this request on the grounds that it does not identify the documents to be produced with reasonable particularity.

Ana Cabrera further objects to this request based on her 5th amendment privilege against self-incrimination.  United States v. Doe, 45 U.S. 605, 612-613 (1984).

Additionally, the request is objectionable as it seeks production of documents that are neither relevant to the subject matter nor reasonably calculated to lead to the discovery of admissible evidence.

Exhibit 34
Page 227

2

1    **REQUEST FOR PRODUCTION NO. 2**

2    All original documents relating to work you did for MGA at anytime.

3    **RESPONSE TO REQUEST FOR PRODUCTION NO. 2**

4           Ana Cabrera objects to the validity of the subpoena in its entirety on the grounds that it

5    constitutes and improper attempt by Mattel to conduct discovery after the cut-off; subpoenas under

6    Rule 45 are discovery and must be used within the discovery time limits. <u>Integra Lifesciences 1,</u>

7    <u>Ltd v. Merck</u>, 190 F.R. D. 556 (S. D. Cal. 1999).

8           Subject to and without waiving the foregoing objections, Ana Cabrera further objects to

9    this request as overbroad, burdensome, harassing and violative of her rights to privacy, particularly

10   as she is not a party to this action.

11          Ana Cabrera further objects to this request on the grounds that it does not identify the

12   documents to be produced with reasonable particularity.

13          Additionally, the request is objectionable as it seeks production of documents that are

14   neither relevant to the subject matter nor reasonably calculated to lead to the discovery of

15   admissible evidence.

16          Without waiving any of the foregoing objections, the witness responds that she has no

17   documents responsive to this request.

18

19   **REQUEST FOR PRODUCTION NO. 3**

20          All original records relating to or reflecting payments you received from Veronica Marlow

21   or any corporate entities with which she is affiliated, including but not limited to tax records.

22   **RESPONSE TO REQUEST FOR PRODUCTION NO. 3**

23          Ana Cabrera objects to the validity of the subpoena in its entirety on the grounds that it

24   constitutes and improper attempt by Mattel to conduct discovery after the cut-off and in violation

25   of the Court's scheduling orders; subpoenas under Rule 45 are discovery and must be used within

26   the discovery time limits. <u>Integra Lifesciences 1, Ltd v. Merck</u>, 190 F.R. D. 556 (S. D. Cal. 1999).

27          Subject to and without waiving the foregoing objections, Ana Cabrera further objects to

28
                                                                          Exhibit 3C

1   this request as overbroad, burdensome, harassing and violative of her rights to privacy, particularly

2   as she is not a party to this action.

3         Ana Cabrera further objects to this request on the grounds that it does not identify the

4   documents to be produced with reasonable particularity.

5         Ana Cabrera further objects to this request based on her 5th amendment privilege against

6   self-incrimination.  United States v. Doe, 45 U.S. 605, 612-613 (1984).

7         Additionally, the request is objectionable as it seeks production of documents that are

8   neither relevant to the subject matter nor reasonably calculated to lead to the discovery of

9   admissible evidence.

10

11  **REQUEST FOR PRODUCTION NO. 4**

12        All original records reflecting payment of your attorneys fees in connection with this

13  action.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 4**

15        Ana Cabrera objects to this request on the grounds that it constitutes and improper attempt

16  by Mattel to conduct discovery after the cut-off; subpoenas under Rule 45 are discovery and must

17  be used within the discovery time limits.  Integra Lifesciences 1, Ltd v. Merck, 190 F.R. D. 556 (S.

18  D. Cal. 1999).

19        Subject to and without waiving the foregoing objections, Ana Cabrera further objects to

20  this request as overbroad, burdensome, harassing and violative of her rights to privacy, particularly

21  as she is not a party to this action.

22        Ana Cabrera further objects to this request on the grounds that it does not identify the

23  documents to be produced with reasonable particularity.

24        Additionally, the request is objectionable as it seeks production of documents that are

25  neither relevant to the subject matter nor reasonably calculated to lead to the discovery of

26  admissible evidence.

27  ///

28

Exhibit 34
Page 220

4
ANA CABRERA'S OBJECTIONS TO MATTEL'S TRIAL SUBPOENA
Case No. CV 04-9049 SGL (RNBx)

///

Ana Cabrera objects also on the basis that this request invades the attorney-client privilege and work product doctrine.

Date: May 20, 2008          ALLRED, MAROKO GOLDBERG


By: _____
          MARIA G. DIAZ
          Attorneys for Non-Parties,
          Ana Cabrera and Beatriz Morales

ANA CABRERA'S OBJECTIONS TO MATTEL'S TRIAL SUBPOENA
Case No. CV 04-9049 SGL (RNBx)

Exhibit 34
Page 230

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

      I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 6300 Wilshire Boulevard, Suite 1500, Los Angeles, California 90048.

      On May 20, 2008, I served the foregoing document described as *ANA CABRERA'S OBJECTIONS TO MATTEL'S TRIAL SUBPOENA* on interested parties in this action.

[ ]    by placing true copies thereof enclosed in sealed  envelopes addressed as stated on the attached mailing list:

[X]    by placing [ ] the original [X] a true copy thereof enclosed in sealed envelopes at Los Angeles, California addressed as follows:

### SEE ATTACHED SERVICE LIST

[X]    **BY MAIL:** I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Los Angeles, California.

[X]    **BY ELECTRONIC MAIL: to jameswebster@quinnemanuel.com**

[ ]    **BY FAX:** by transmitting a true copy via facsimile transmission from telecopier number (323) 653-1660 located at 6300 Wilshire Blvd., Ste. 1500, Los Angeles, California 90048, to the following:

[X]    **BY FEDERAL EXPRESS:** I caused such document(s) to be delivered via Federal Express in a package designated to be picked up by Federal Express with delivery fees provided for to the addressee(s) designated. I am readily familiar with the business practice of collecting and processing correspondence to be picked up by an employee of Federal Express.

[ ]    **BY PERSONAL SERVICE:** I caused such envelope to be personally served on the Addressee(s) to the offices of the addressee(s).

      Executed on **May 20, 2008**, at Los Angeles, California.

[X]    **State**  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[ ]    **Federal**  I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

_____
JOSEPHINA PEÑA

Exhibit 34
Page 231

PROOF OF SERVICE

1

## SERVICE LIST

2

3  James J. Webster,  Esq.                    John Trinidad, Esq.
   QUINN EMANUEL URQUHART                     John Keker, Esq.
4  OLIVER & HEDGES                            KEKER & VAN NEST, LLP
   865 S. Figueroa St., 10th Floor            710 Sansome Street
5  Los Angeles, CA 90017                      San Francisco, CA 94111

6

7  Mark E. Overland, Esq.                     Thomas J. Nolan, Esq.
   Alexander H. Cote, Esq.                    SKADDEN, ARPS, SLATE
   David C. Scheper, Esq.                     MEAGHER & FLOM LLP
8  OVERLAND, BORENSTEIN                       300 S. Grand Avenue
   SCHEPER & KIM                              Los Angeles, CA 90071
9  300 S. Grand Ave., Suite 2750
   Los Angeles, CA 90071

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                                      Exhibit 34
                                                         Page 232
28

PROOF OF SERVICE

# EXHIBIT 35

## CONFORMED COPY

FILED

2007 JUN 20 PM 1:12

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

BY

1  Hon. Edward A. Infante (Ret.)
   JAMS
2  Two Embarcadero Center
   Suite 1500
3  San Francisco, California  94111
   Telephone:    (415) 774-2611
4  Facsimile:    (415) 982-5287

5

6

7                UNITED STATES DISTRICT COURT

8               CENTRAL DISTRICT OF CALIFORNIA

9                     EASTERN DIVISION

10

11  CARTER BRYANT, an individual,          CASE NO. C 04-09049 SGL (RNBx)
                                           JAMS Reference No.1100049530
12            Plaintiff,

13       v.                                Consolidated with
                                           Case No. CV 04-09059
14  MATTEL, INC., a Delaware corporation,  Case No. CV 05-2727

15            Defendant.                   **ORDER GRANTING IN PART AND
                                           DENYING IN PART MATTEL'S
16                                         MOTION TO ENFORCE THE
                                           COURT'S ORDER OF JANUARY 25,
17                                         2007, TO COMPEL PRODUCTION OF
                                           DOCUMENTS BY CARTER BRYANT
18                                         AND FOR SANCTIONS**

19  CONSOLIDATED WITH
    MATTEL, INC. v. BRYANT and
20  MGA ENTERTAINMENT, INC. v. MATTEL,
    INC.
21

22

23

24                  I. INTRODUCTION

25      On May 15, 2007, Mattel, Inc. ("Mattel") submitted its "Motion to Enforce the Court's

26  Order of January 25, 2007, to Compel Production of Documents by Carter Bryant and for

27

28
    Bryant v. Mattel, Inc.,
    CV-04-09049 SGL (RNBx)

Exhibit 35
Page 233

C6|19|c7

1  Sanctions." On May 18, 2007, Carter Bryant ("Bryant") submitted his opposition brief, and on

2  May 23, 2007, Mattel submitted a reply brief.  Mattel essentially seeks an order compelling

3  Bryant to produce copies of a document identified on Bryant's privilege log that has been

4  withheld on the basis of the attorney-client privilege.[1]  Having considered all the papers submitted

5  by the parties, Mattel's motion to produce the two documents withheld under a claim of privilege

6  is granted and the request for sanctions is denied.

7  II. BACKGROUND

8         In early January of 2007, Mattel filed a motion to compel Bryant to produce, among other

9  things, his fee agreement with MGA in response to Request Nos. 2, 13, and 48.  Bryant argued

10  that such agreements are irrelevant and privileged.  The Discovery Master held that the

11  documents relating to fee or indemnity agreements between MGA and Bryant are relevant to

12  demonstrate bias and lack of credibility.  Accordingly, the Discovery Master ordered Bryant to

13  produce, among other things, all non-privileged documents responsive to Request Nos. 2, 13, and

14  48, and to produce a privilege log in compliance with Rule 26(b)(5), Fed.R.Civ.P.  See Discovery

15  Master's Order Granting Mattel's Motion to Compel Production of Documents, dated January 25,

16  2007 (the "January 25, 2007 Order").

17         On March 16, 2007, Bryant served a privilege log that listed as items Nos. 9 and 10 copies

18  of a fee agreement between MGA and the law firm of Littler Mendelson, P.C. ("Littler").  Littler

19  is counsel of record for Bryant in this action.  Notably, however, the privilege log indicates that

20  the author of the fee agreement is "Robert F. Millman, Esq. (attorney with Littler Mendelson,

21  P.C., counsel for MGA Entertainment, Inc., and acting in his capacity as counsel for MGA

22  Entertainment, Inc.)."  Proctor Decl., Ex. 5.  The recipient is identified as "Daphne Gronich, Esq.

---

[1] The parties were able to resolve a portion of the motion during the briefing process.  In addition to the fee agreements, Mattel originally sought production of a communication between MGA's patent counsel to Mr. Bryant regarding a patent for interchangeable doll footgear and feet.  A day before the opposition brief was due, Bryant offered to produce the communication if Mattel agreed that doing so would not constitute a waiver of privilege as to any other document or testimony.  Mattel accepted Bryant's offer.  See Bryant's Opposition at 1 and Mattel's Reply at 1.  Mattel continues to assert, however, that Bryant's conduct warrants sanctions because Bryant should have offered to produce the communication during the meet and confer process.

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

Exhibit 35
2   Page 234

1   (general counsel for MGA Entertainment, Inc.)." Id. Privilege Log Entry Nos. 9 and 10 are both

2   described as an "addendum to retainer agreement between Littler Mendelson, P.C. and MGA

3   Entertainment, Inc." Id. The only difference in the description is that Privilege Log Entry No. 9

4   is "executed," whereas No. 10 is a "draft." Id. In his opposition brief, Bryant represents that

5   items No. 9 and No. 10 are "the same document, save that one copy has two signatures and the

6   other only one." Id. Bryant is not a party to the fee agreement. MGA, however, has apparently

7   asserted the attorney-client privilege as to item Nos. 9 and 10 and Bryant is withholding the

8   document pursuant to their joint defense agreement. Bryant's Opposition at 3.

9          Mattel contends that the fee agreement identified as items No. 9 and 10 should be

10  produced pursuant to the January 25, 2007 Order. Mattel contends that although Bryant was not a

11  party to that agreement, the agreement between MGA and Littler is nevertheless an agreement for

12  MGA to pay Bryant's legal fees and is relevant to show Bryant's bias and lack of credibility.

13  Mattel further contends that the agreement between MGA and Littler is not privileged under

14  Ninth Circuit law. See e.g. United States v. Blackman, 72 F.3d 1418, 1424 (9th Cir. 1995) ("[a]s a

15  general rule, client identity and the nature of the fee arrangement between attorney and client are

16  not protected from disclosure by the attorney-client privilege."); Clarke v. American Commerce

17  Natl. Bank, 974 F.2d 127, 129 (9th Cir. 1992) ("Our decisions have recognized that the identity of

18  the client, the amount of the fee, the identification of payment by case file name, and the general

19  purpose of the work performed are usually not protected from disclosure by the attorney-client

20  privilege.").

21         Bryant contends that the documents at issue are in his possession solely because they were

22  provided to his counsel under a joint defense agreement. He contends that this joint defense

23  agreement prevents him from waiving the attorney-client privilege asserted by MGA. He further

24  asserts that if Mattel wants to challenge the privilege asserted, Mattel should seek the document

25  directly from MGA.

                                    III. DISCUSSION

26         For reasons already set forth in the January 25, 2007 Order, the documents at issue are

27  relevant to the claims and defenses in the case. Pursuant to the terms of the January 25, 2007

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

Exhibit 35

3  Page 235

1    Order, Bryant was required to either produce the documents or identify them on a privilege log.

2    As the party withholding the documents, Bryant was required to substantiate the claim of

3    privilege under Federal Rule of Civil Procedure 26(b)(5).  He has failed to do so.  Bryant has not

4    made any attempt to submit affidavits or other admissible evidence to establish that, for instance,

5    the withheld documents contain confidential attorney-client communications made for the

6    purpose of giving legal advice.  Nor has he made any challenge to the caselaw cited by Mattel

7    holding that, in general, fee agreements are not privileged under Ninth Circuit law.  That Bryant

8    and MGA are parties to a joint defense agreement does not excuse Bryant from substantiating the

9    underlying claim of attorney-client privilege.  See Griffin v. Davis, 161 F.R.D. 687, 691 (C.D.

10   Cal. 1995).

11        Moreover, MGA, which participated in the meet and confer on this motion and was served

12   with the motion[2], has not made any attempt to substantiate its claim of the attorney-client

13   privilege other than the unsupported assertions in Bryant's privilege log.  Therefore, the claim of

14   privilege is overruled as to privilege log items Nos. 9 and 10 and the documents are ordered

15   produced.

                              IV. CONCLUSION

16        For the reasons set forth above, Bryant is ordered to produce privilege log items Nos. 9

17   and 10 forthwith.  Mattel's motion for sanctions is denied.

18        Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery

19   Master, Bryant shall file this Order with the Clerk of Court forthwith.

20

21   Dated:  June 19, 2007

22                              /s/Edward A. Infante

23                              _____
                                HON. EDWARD A. INFANTE (Ret.)
24                              Discovery Master

25

26   _____
         [2] See Mattel's Reply at 1.
27

28   Bryant v. Mattel, Inc.,
     CV-04-09049 SGL (RNBx)

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on June 19, 2007, I served the attached ORDER GRANTING IN PART AND DENYING IN PART MATTEL'S MOTION TO ENFORCE THE COURT'S ORDER OF JANUARY 25, 2007, TO COMPEL PRODUCTION OF DOCUMENTS BY CARTER BRYANT AND FOR SANCTIONS in the within action by e-mail addressed as follows:

| Name | Firm | Email |
|---|---|---|
| Robert Millman Esq. | Littler Mendelson | rfmillman@littler.com |
| Douglas Wickham Esq. | Littler Mendelson | dwickham@littler.com |
| Keith Jacoby Esq. | Littler Mendelson | kjacoby@littler.com |
| Dominic Messiha Esq | Littler Mendelson | dmessiha@littler.com |
| Diba Rastegar Esq. | Littler Mendelson | drastegar@littler.com |
| Michelle Park Esq. | Littler Mendelson | mpark@littler.com |
| Alaya B. Meyers, Esq. | Littler Mendelson | ameyers@littler.com |
| Brady Mitchell, Esq. | Littler Mendelson | bmitchell@littler.com |
| Carol Miller, Esq. | Littler Mendelson | cmiller@littler.com |
| Ryan P. Eskin, Esq. | Littler Mendelson | reskin@littler.com |
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | crna@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | jbq@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| Dale Cendali Esq. | O'Melveny & Myers LLP | dcendali@omm.com |
| Diana Torres Esq. | O'Melveny & Myers LLP | dtorres@omm.com |
| James Jenal Esq. | O'Melveny & Myers LLP | jjenal@omm.com |
| Alicia Meyer Esq. | O'Melveny & Myers LLP | ameyer@omm.com |
| Jennifer Glad Esq. | O'Melveny & Myers LLP | jglad@omm.com |
| David Hurwitz, Esq. | O'Melveny & Myers LLP | dhurwitz@omm.com |
| Johanna Schmitt Esq. | O'Melveny & Myers LLP | jschmitt@omm.com |
| Michael C. Keats, Esq. | O'Melveny & Myers LLP | mkeats@omm.com |
| Kendall Burr, Esq. | O'Melveny & Myers LLP | kburr@omm.com |
| Melanie Bradley, Esq. | O'Melveny & Myers LLP | mbradley@omm.com |
| Patricia Glaser Esq. | Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP | pglaser@chrisglase.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on June 19, 2007, at San Francisco, California.

_Sandra Ce_
Sandra Chan

Exhibit 35
Page 237

# EXHIBIT 36

**THIS EXHIBIT IS FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 37

**THIS EXHIBIT IS FILED UNDER SEAL
PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 38

**THIS EXHIBIT IS FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**