QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-9059<br>Case No. CV 05-2727<br><br>**[PROPOSED] ORDER GRANTING MATTEL, INC.'S MOTION FOR AN ORDER FINDING THAT CERTAIN DOCUMENTS ARE AUTHENTIC, GRANTING ADVERSE INFERENCE JURY INSTRUCTIONS, PRECLUDING CERTAIN TESTIMONY**<br><br>Date:   August 4, 2008<br>Time:   10:00 a.m.<br>Place:  Courtroom 1<br>Judge:  Hon. Stephen G. Larson<br><br>**Phase 1**<br>Pre-trial Conference:  May 19, 2008<br>Trial Date:  May 27, 2008 |

# [PROPOSED] ORDER

After considering the papers submitted in connection with the instant motion and the arguments of counsel, the Court finds that assertions of the Fifth Amendment by Peter Marlow, Ana Cabrera, and Beatriz Morales, have prejudiced Mattel in its ability to prove the dates and the precise nature of the work that Mattel employees performed for Ms. Marlow and MGA. The Court further finds that Mr. Marlow's assertion of the Fifth Amendment has also prejudiced Mattel's efforts to challenge his assertion that he did not inform MGA that Ms. Marlow was using Mattel employees to work on Bratz.

The Court also finds that the interests of Mr. Marlow, Ms. Cabrera, Ms. Morales, and Ms. Salazar are sufficiently aligned with the interests of MGA that it is appropriate to draw an adverse inference against MGA based on the Fifth Amendment invocations of these nonparty witnesses. Accordingly, in order to prevent unfairness to Mattel,

IT IS HEREBY ORDERED AS FOLLOWS:

1. All records which Veronica Marlow, Veronica Marlow Inc., Marlow Techno-Logic, Inc. and Doll Bag, Inc. produced, and which Peter Marlow refused to authenticate are genuine, and the jury will be instructed that it may draw an adverse inference that had Mr. Marlow not refused to testify, his testimony would have been unfavorable to himself and MGA and favorable to Mattel;

2. MGA is precluded from introducing any evidence or argument that the Marlows, Cabrara and Morales did not inform MGA that Mattel employees were working on Bratz since October 2000; and

3. Mattel is permitted to read or otherwise introduce the deposition testimony of Peter Marlow, Ana Cabrera, and Beatriz Morales during which they invoked the Fifth Amendment and refused to answer questions relevant to the following facts, and that the jury will be instructed that it may infer that the

following facts have been established and that had the witness not withheld the information, his/her testimony would have been unfavorable to the witness and MGA and would have been favorable to Mattel:

      (a)    Maria Elena Salazar began working on Bratz no later than October 2000, at which time Salazar was employed by Mattel;

      (b)    Maria Elena Salazar provided sewing and pattern making services on Bratz beginning no later than October 2000 and continuing to 2003;

      (c)    At all times when Maria Elena Salazar was providing such services on Bratz, MGA and Isaac Larian were aware that Maria Elena Salazar was a Mattel employee who was violating her duties and contractual duties to Mattel by performing such work;

      (d)    Beatriz Morales began working on Bratz no later than October 2000, at which time Morales was employed by Mattel;

      (e)    Beatriz Morales provided sewing and pattern making services on Bratz beginning no later than October 2000 and continuing to December 2005;

      (f)    At all times when Beatriz Morales was providing such services on Bratz, MGA and Isaac Larian were aware that Beatriz Morales was a Mattel employee who was violating her duties and contractual duties to Mattel by performing such work;

      (g)    With MGA and Isaac Larian's knowledge, Ms. Marlow disguised the payments made to Beatriz Morales in order to conceal from Mattel that Beatriz Morales was working on Bratz while a Mattel employee;

      (h)    Ana Isabel Cabrera began working on Bratz no later than October 2000, at which time Cabrera was employed by Mattel;

      (i)    Ana Isabel Cabrera provided sewing and pattern making services on Bratz beginning no later than October 2000 and continuing to December 2005;

      (j)    At all times when Ana Isabel Cabrera was providing such services on Bratz, MGA and Isaac Larian were aware that Ana Isabel Cabrera was a Mattel employee who was violating her duties and contractual duties to Mattel by performing such work;

      (k)    With MGA and Isaac Larian's knowledge, Ms. Marlow disguised the payments made to Ana Isabel Cabrera in order to conceal from Mattel that Ana Isabel Cabrera was working on Bratz while a Mattel employee;

      (l)    MGA attempted to conceal its knowledge that Ms. Marlow was using Mattel employees to work on Bratz, and that MGA knew that Ms. Marlow was using Mattel employees to work on Bratz as early as October 2000.

IT IS SO ORDERED.

DATED: _____, 2008

                              HON. STEPHEN G. LARSON
                              UNITED STATES DISTRICT JUDGE