EXHIBIT 1

THIS EXHIBIT IS FILED UNDER SEAL

PURSUANT TO PROTECTIVE ORDER

EXHIBIT 2

THIS EXHIBIT IS FILED UNDER SEAL

PURSUANT TO PROTECTIVE ORDER

EXHIBIT 3



1 | THOMAS J. NOLAN (Bar No. 066992)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2 | 300 South Grand Avenue
Los Angeles, CA 90071-3144
3 | Telephone: (213) 687-5000
Facsimile: (213) 687-5600
4 | E-mail: tnolan@skadden.com

5 | RAOUL D. KENNEDY (Bar No. 40892)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
6 | Four Embarcadero Center, Suite 3800
San Francisco, CA 94111
7 | Telephone: (415) 984-6400
Facsimile: (415) 984-2698
8 | E-mail: rkennedy@skadden.com

9 | Attorneys for Counter-Defendants,
MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA ENTERTAINMENT
10 | (HK) LIMITED, AND MGAE de MEXICO S.R.L. de C.V.

11 | UNITED STATES DISTRICT COURT

12 | CENTRAL DISTRICT OF CALIFORNIA

13 | EASTERN DIVISION

14 | CARTER BRYANT, an individual ) CASE NO. CV 04-9049 SGL (RNBx)

Plaintiff, )
15 | ) Consolidated with Case No. 04-9059
v. ) and Case No. 05-2727
16 | )
MATTEL, INC., a Delaware ) **MGA ENTERTAINMENT,**
17 | corporation ) **INC.'S SUPPLEMENTAL**
) **RESPONSES TO MATTEL,**
18 | Defendant. ) **INC.'S REVISED THIRD SET**
) **OF INTERROGATORIES**
19 | )
) Honorable Stephen G. Larson
20 | ) Courtroom 1

21 | Consolidated with MATTEL, INC. v. ) Discovery Cut-Off: March 3, 2008
BRYANT and MGA )
22 | ENTERTAINMENT, INC. v. )
MATTEL, INC. )
23 | )

24 | **PROPOUNDING PARTY:     MATTEL, INC.  ("MATTEL")**

25 | **RESPONDING PARTY:     MGA ENTERTAINMENT, INC.  ("MGA")**

26 | **SET NUMBER:     REVISED THIRD**

27 | EXHIBIT ___3___

28 | PAGE ___46___

11·30

MGA'S SUPPL. RESPONSES TO MATTEL'S REVISED THIRD SET OF INTERROGATORIES   NO. CV 04-9049 SGL (RNBx)

## PRELIMINARY STATEMENT

1
2      MGA hereby serves its objections to Mattel's Revised Third Set of
3 Interrogatories. MGA is not yet in a position to serve its substantive responses to
4 Mattel's Revised Third Set of Interrogatories, in part due to Mattel's failure to
5 provide meaningful document, deposition and other discovery and also the transition
6 of MGA's representation from prior counsel of record to Skadden, Arps. MGA
7 intends to supplement its objections with substantive responses to the
8 unobjectionable portions of the interrogatories contained in Mattel's Revised Third
9 Set of Interrogatories as soon as it is in a position to do so and after it has concluded
10 meet and confer sessions with Mattel, including with respect to Mattel's outstanding
11 discovery obligations.

12      The General Response set forth herein applies to all responses that
13 MGA is providing in response to these interrogatories (the "Interrogatories") or may
14 in the future provide in response to any discovery request in this action. The
15 Response is made without waiving, or intending to waive but, on the contrary,
16 expressly reserving: (a) the right to object, on the grounds of competency, privilege,
17 relevancy or materiality, or any other proper grounds, to the use of the Response, for
18 any purpose in whole or in part, in any subsequent step or proceeding in this action
19 or any other action; (b) the right to object on any and all grounds, at any time, to
20 other interrogatories or other discovery procedures; and (c) the right at any time to
21 revise, correct, add to, or clarify any of the responses propounded herein.

22      The Response reflects only the present state of MGA's discovery
23 regarding the information that Mattel seeks. Discovery and other investigation or
24 research concerning this litigation are continuing. Mattel has produced almost no
25 documents to date and has produced no documents from its Zeus computer system,
26 and has not provided other discovery responses, including without limitation
27 supplemental responses to its March 7, 2005, responses to MGA's First Set of
28 Interrogatories (which responses were comprised almost entirely of objections). It is

EXHIBIT ___2___

PAGE ___47___

1   anticipated that further discovery, independent investigation, and legal research and

2   analysis will supply additional facts and meaning to the known facts, as well as

3   establish entirely new factual conclusions, all of which may lead MGA to discover

4   other information responsive to these Interrogatories. MGA therefore reserves the

5   right to amend or supplement this Response at any time in light of future

6   investigation, research or analysis, and also expressly reserves the right to rely on, at

7   any time, including trial, subsequently discovered information omitted from this

8   Response as a result of mistake, error, oversight or inadvertence. MGA does not

9   hereby admit, adopt or acquiesce in any factual or legal contention, assertion or

10  characterization contained in the Interrogatories or any particular request therein,

11  even where MGA has not otherwise objected to a particular interrogatory, or has

12  agreed to provide information responsive to a particular interrogatory.

13          No incidental or implied admissions are intended by this Response.

14  These responses should not be taken as an admission that MGA accepts or admits the

15  existence of any facts set forth or assumed by any instruction, definition or

16  interrogatory.

17                          **GENERAL OBJECTIONS**

18          MGA responds to these Interrogatories subject to the following general

19  objections and limitations, each of which is incorporated into each and every

20  response as though fully set forth therein:

21          1.      MGA objects to these Interrogatories to the extent they seek

22  information that is not subject to disclosure under any applicable privilege, doctrine

23  or immunity, including without limitation the attorney-client privilege, the work

24  product doctrine, the right of privacy, and all other privileges recognized under the

25  constitutional, statutory or decisional law of the United States of America, the State

26  of California or any other applicable jurisdiction.

27          2.      MGA objects to these Interrogatories to the extent they seek

28  information not relevant to the claims or defenses of any party to this action and not

MGA'S SUPPL. RESPONSES TO MATTEL'S REVISED THIRD SET OF INTERROGATORIES  NO. CV 04-9049 SGL (RNBx)

EXHIBIT ___3___

PAGE ___48___

1  reasonably calculated to lead to the discovery of admissible evidence.

2          3.      MGA objects to these Interrogatories to the extent they seek

3  information which by reason of public filing or otherwise is already in Mattel's

4  possession or is readily accessible to Mattel.

5          4.      MGA objects to these Interrogatories to the extent they seek the

6  disclosure of information (1) not currently within its possession, custody or control;

7  (2) that MGA cannot locate after a reasonably diligent search; or (3) that refer to

8  persons, entities, or events not known to MGA.

9          5.      MGA objects to these Interrogatories to the extent they are

10  overbroad and unduly burdensome.

11          6.      MGA objects to the definitions and instructions to the extent

12  such definitions and instructions purport to enlarge, expand, or alter in any way the

13  plain meaning and scope of any specific term or specific interrogatories on the

14  ground that such enlargement, expansion, or alteration renders such a term or request

15  vague, ambiguous, unintelligible, overly broad, unduly burdensome or uncertain.

16          7.      MGA objects to the following definitions in these

17  Interrogatories:

18          (a)     MGA objects to the definition of the term "BRATZ"

19  (Definitions ¶ 9) as vague, ambiguous, overly broad and unduly burdensome, and

20  designed to mislead and confuse the trier of fact.  The definition includes "any

21  project, product, doll or DESIGN ever known by [the Bratz] name (whether in whole

22  or in part and regardless of what such project, product or doll is or has been also,

23  previously or subsequently called) and any product, doll or DESIGN or any portion

24  thereof that is now or has ever been known as, or sold or marketed under, the name

25  or term 'Bratz' (whether in whole or in part and regardless of what such product, doll

26  or DESIGN or portion thereof is or has been also, previously or subsequently called)

27  or that is now or has ever been marketed as part of the 'Bratz' line, and each version

28  or iteration of such product, doll or DESIGN or any portion thereof," and it goes on.

1 | By incorporating the definition of DESIGN, the overly broad definition of BRATZ
2 | includes two-dimensional and three-dimensional representations, including "works,
3 | designs, artwork, sketches, drawings, illustrations, representations, depictions,
4 | blueprints, schematics, diagrams, images, sculptures, prototypes, models, samples,
5 | rotocasts, reductions to practice, developments, inventions and/or improvements . . .
6 | ." (Definitions, ¶ 8.)  These convoluted and multi-part definitions combine to render
7 | the interrogatories vague, ambiguous and overly broad, and to include within the
8 | term BRATZ things that do not fairly represent the Bratz line of dolls, accessories
9 | and related products that are the subject of this case.  In responding to these
10 | interrogatories, MGA will interpret the term BRATZ to mean the line of dolls
11 | introduced by MGA to the market for sale in May or June of 2001 and subsequent
12 | dolls, accessories and other products known as Bratz or associated by MGA with the
13 | Bratz line of dolls;

14 |         (b)    MGA objects to the definition of the term "BRATZ
15 | DOLL" (Definitions ¶ 12) as vague, ambiguous, overly broad and unduly
16 | burdensome, and designed to mislead and confuse the trier of fact.  The definition
17 | includes any doll that "REFERS OR RELATES TO BRATZ."  Mattel's definition of
18 | the terms "BRATZ" and "REFERS OR RELATES" renders the definition of
19 | "BRATZ DOLL" unintelligible because MGA cannot know, by way of example,
20 | what dolls may "deal with, comment on, respond to, . . . or in any way pertain"
21 | (Definition ¶ 20) to "BRATZ."  In responding to these interrogatories, MGA will
22 | interpret the term "BRATZ DOLL" to mean the line of dolls introduced by MGA to
23 | the market for sale in May or June of 2001 and subsequent dolls known as Bratz;

24 |         (c)    MGA objects to the definition of the term "CREATED"
25 | (Definitions ¶ 21) as vague, ambiguous, overly broad and unduly burdensome, and
26 | designed to mislead and confuse the trier of fact.  The definition strays far from the
27 | English meaning of the term "created" by including concepts such as "improved,"
28 | "altered," "conceived of" and "reduced to practice."  Thus, by way of example, under

EXHIBIT 3

PAGE 50

1 Mattel's definition of "CREATED," the jury could be misled into believing that a
2 person "CREATED" a particular thing when that person did not, but only slightly
3 altered or improved the thing.  In responding to these interrogatories, MGA will not
4 interpret the term "CREATED," but rather will respond using words contained
5 within the Mattel definition in their normal, accepted meaning;

6          (d)    MGA objects to the definition of the term "INVENTIONS
7 AGREEMENT" (Definitions ¶ 23) as vague, ambiguous, overly broad and unduly
8 burdensome, and designed to mislead and confuse the trier of fact.  The definition
9 includes "any other version of such January 4, 1999 agreement."  In responding to
10 these interrogatories, MGA will interpret the term "INVENTIONS AGREEMENT"
11 to refer to the document Bates numbered M0001596;

12          (e)    MGA objects to the definition of the term "BRATZ
13 INVENTION" (Definitions ¶ 10) as vague, ambiguous, overly broad and unduly
14 burdensome, and designed to mislead and confuse the trier of fact.  The definition
15 strays far from the English meaning of the term "invention" by including concepts
16 such as representation, idea, concept, work, process, procedure, plan, improvement,
17 design and development, none of which necessarily equate to an invention.  In
18 responding to these interrogatories, MGA will not interpret the term "BRATZ
19 INVENTION," but rather will respond using words contained within the Mattel
20 definition in their normal, accepted meaning.

21          (f)    MGA objects to the terms "IDENTIFY" or "IDENTITY"
22 (Definitions ¶ 28) as overbroad, unduly burdensome, vague, ambiguous, and
23 oppressive.  Mattel's definition of these terms inherently call for answers to multiple
24 discrete questions or subparts to questions.  For example, when those terms are used
25 to reference any BRATZ INVENTION, the use of those terms requests at least 10
26 different and distinct facts: (a) the Bates number of any document that "REFERS OR
27 RELATES TO the BRATZ INVENTION"; (b) the IDENTITY of the individual
28 author or creator of the BRATZ INVENTIONS; (c) the IDENTITY of each other

EXHIBIT ____3

PAGE ____5/

1  individual who contributed in any manner to the BRATZ INVENTION; (d) the form,

2  material and medium of the BRATZ INVENTION; (e) the title or name of the

3  BRATZ INVENTION; (f) the version, modification, revision or iteration number of

4  the BRATZ INVENTION; (g) the current location of the original of the BRATZ

5  INVENTION; (h) the first day on which the BRATZ INVENTION was created; (i)

6  the last day on which the BRATZ INVENTION was CREATED; (j) whether the

7  entire invention was CREATED during the period of time listed in the Interrogatory

8  (and if not, which portions were created during, earlier, or later than the period of

9  time listed in the Interrogatory.)  Therefore, any interrogatory that includes or

10  incorporates the terms "IDENTIFY" or "IDENTITY" are necessarily compound and

11  should be posed as separate interrogatories.

12          (g)    MGA objects to the terms "any" and "REFER OR

13  RELATE TO" on the grounds and to the extent that they are overbroad, unduly

14  burdensome or are vague and ambiguous in the context of the interrogatories as

15  written and as those interrogatories would be plainly understood absent Mattel's

16  definitions.

17          8.    MGA objects to these interrogatories to the extent that they may

18  unfairly seek to restrict the facts on which MGA may rely at trial.  Discovery has not

19  been completed and MGA is not yet necessarily in possession of all the facts and

20  documents upon which MGA intends to rely.  All of the responses submitted

21  herewith are tendered to Mattel with the reservation that the responses are submitted

22  without limiting the evidence on which MGA may rely to support the contentions

23  and defenses that MGA may assert at the trial of this action and to rebut or impeach

24  the contentions, assertions and evidence that Mattel may present.  MGA reserves the

25  right to supplement or amend these responses at a future date.

26          9.    MGA objects to each interrogatory to the extent that it seeks

27  information that will be the subject of expert witness testimony and that is therefore

28  premature.

EXHIBIT 3

PAGE 52

1    10.    MGA objects to each interrogatory to the extent that it seeks the
2  disclosure of confidential, proprietary, or trade-secret information.

3    11.    MGA objects to each interrogatory to the extent that it calls for a
4  legal conclusion.

5    12.    MGA reserves the right to object on any ground at any time to
6  such other and supplemental discovery requests as Mattel may propound involving
7  or relating to the same subject matter of these interrogatories.

8    13.    The responses below shall not be construed as an admission as to
9  the relevance or admissibility of any statement or characterization contained in any
10  interrogatory.  MGA reserves all objections, including without limitation objections
11  as to competency, relevance, materiality, privilege, authenticity, or admissibility.

12    14.    Consistent with Rule 33(d) of the Federal Rules of Civil
13  Procedure, MGA objects to providing responses to interrogatories that can be
14  derived from documents that have or will be produced (when requested in
15  compliance with Rule 26) and where the burden to derive such information is
16  substantially the same for Mattel as it is for MGA.

17    15.    In responding to these Interrogatories, MGA has not and will not
18  comply with any instructions or definitions that seek to impose requirements in
19  addition to those imposed by the Federal Rules of Civil Procedure and any applicable
20  local rule.

21    16.    To the extent MGA responds to an interrogatory, it does so
22  without waiving or intending to waive but rather, on the contrary, preserving and
23  intending to preserve, its contention that anything Mr. Bryant did on weekends,
24  evenings, vacation and any other time outside ordinary business hours was not done
25  while he was working for Mattel.  MGA's response may not be taken as an admission
26  that the information it provides in its response in any way reflects or evidences work
27  performed by Mr. Bryant while he was working for Mattel or that MGA adopts or
28  agrees with any fact or legal conclusion assumed, presumed or contained in Mattel's

7

EXHIBIT _____ 3

PAGE _____ 53

1  objections to the definitions of the term IDENTIFY and further objects to this

2  interrogatory on the grounds that it is overbroad, unduly burdensome, vague and

3  ambiguous both generally and specifically with respect to the terms YOU.  MGA

4  also objects to this interrogatory to the extent it seeks information that is not subject

5  to disclosure under any applicable privilege, doctrine or immunity, including without

6  limitation the attorney-client privilege, the work product doctrine, the right of

7  privacy, and all other privileges recognized under the constitutional, statutory or

8  decisional law of the United States of America, the State of California or any other

9  applicable jurisdiction.

10  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 41:**

11           MGA incorporates by reference its General Response and General

12  Objections above, as though fully set forth herein and specifically incorporates

13  General Objection No. 7 (regarding Definitions), including but not limited to its

14  objections to the definitions of the term IDENTIFY and further objects to this

15  interrogatory on the grounds that it is overbroad, unduly burdensome, vague and

16  ambiguous both generally and specifically with respect to the terms YOU.  MGA

17  also objects to this interrogatory to the extent it seeks information that is not subject

18  to disclosure under any applicable privilege, doctrine or immunity, including without

19  limitation the attorney-client privilege, the work product doctrine, the right of

20  privacy, and all other privileges recognized under the constitutional, statutory or

21  decisional law of the United States of America, the State of California or any other

22  applicable jurisdiction.

23           Subject to and without waiving the foregoing objections, MGA

24  responds as follows:  the following is a list of all former Mattel employees who have

25  been employed by MGA, MGA Hong Kong or MGAE de MEXICO S.R.L. de C.V.

26  since January 1, 1999:

27

28

MGA'S SUPPL. RESPONSES TO MATTEL'S REVISED THIRD SET OF INTERROGATORIES NO. CV 04-9049 SGL (RNBx)

EXHIBIT 3

PAGE 54

| ACTIVE EMPLOYEES | MGA POSITION | DATES |
|---|---|---|
| Abundis, Ricardo | Dir. of Inventory/Customer Finance | 12/01/04-Present |
| Bate, Ian | Quality Assurance Mgr. | 7/31/06-Present |
| Black, Nanette | SVP, HR | 2/12/07 - Present |
| Bloodworth III, John E. | Prod. Mgr., Games | 08/21/06-Present |
| Bloomfield, Kevin | Sr. Designer | 11/25/02-Present |
| Brawer, Ron | President, Sales, Marketing & Strategic Planning | 10/05/04-Present |
| Brisbois, Janine (CANADA) | VP Nat'l Accts. | 10/04/05-Present |
| Castilla, Jorge | Mgr. Sales Planning | 04/03/06-Present |
| Chang, Suzy | Sr. Development Designer | 08/28/06-Present |
| Cheng, Steve | Sr. Designer | 04/08/02-Present |
| Cody Jr, Gerry | Sr. Designer - Boys Toys | 11/20/06-Present |
| Contreras, Nick | VP Customer Marketing | 11/29/04-Present |
| Cooney Jr., Daniel | VP National Account Mgr. | 05/15/06-Present |
| De La Cruz, Maria | Fashion Design Mgr., Style Guides | 2/12/07 - Present |
| Dixon, Karen | Sr. Producer | 2/19/07 - Present |
| Domingo, Luisito H | Sr. Prelim Dolls Designer | 07/07/03-Present |
| Dominguez, Greg Paul | Prod. Designer | 04/01/02-Present |
| Feldman, Joe | Design Engineer | 12/08/04-Present |
| Forrest, Craig | Prod. Mgr., Games | 5/15/06-Present |
| Garcia, Mia | Dev. Designer | 2/23/05-Present |
| Garcia, Paula | VP Girls Toy Prod. Dev. | 04/17/00-Present |

65

EXHIBIT 3

PAGE 55

| ACTIVE EMPLOYEES | MGA POSITION | DATES |
|---|---|---|
| Gonzalez, Eduardo | Sr. Dir. of Quality Assurance; | 10/16/06- Present; |
| | Quality Assurance Mgr. | 1/3/05- 8/18/05 |
| Hall, Tracy | Sr. Dir. of Prod. Dev., CE/YE | 08/07/06 - Present |
| Hansen, Melody | Face Painter | 03/13/06- Present |
| Hansen, Todd | Packaging Engineer | 5/2/05- Present |
| Hatch, Jill | Sr. Dir., National Sales | 09/18/06 - Present |
| Hinh, Michael | Mgr. Category Adv. | 6/28/05- Present |
| Hsu, Janet | SVP Non Toys Prod. Dev. & Licensing | 3/9/05- Present |
| Kao, Alice | Cust. Marketing Mgr. - Hong Kong Office | 2/21/05- Present |
| Kaufman, Ken | Advertising Exec. | 01/03/05- Present |
| Keller, Pamela E | VP Supply Chain & Operations | 09/25/06 - Present |
| Keossian, Alejandro Gabriel | Gr. Designer | 08/11/03- Present |
| Kim (Lee), Joyce | Sr. Playset Designer | 2/23/05- Present |
| Kim, Young Ran | Sample Maker Specialist | 01/15/04- Present |
| Kirst, Kristen | Hair Designer | 03/31/03- Present |
| Komatsu, Ellen | Sr. Prelim Dolls Designer | 08/25/03- Present |
| Larson, Jill | Sales Associate | 12/20/06- Present |
| Law, Adrian (Chi Shing) | Dev. Design Mgr. | 05/01/06- Present |
| Lumabao, Bo | Prod. Mgr. | 2/14/05- Present |
| Marks, Dorothy | Sample Maker Specialist | 07/26/05- Present |
| Martin, Raymond John | Prod. Mgr. of Consumer Electronics | 02/23/04- Present |
| Min, Aye Aye | Hair Designer | 04/17/06- Present |

66

EXHIBIT 3

PAGE 56

| ACTIVE EMPLOYEES | MGA POSITION | DATES |
|---|---|---|
| Nakamura, Yumi | Mgr. of Style Guides | 1/22/07-Present |
| Natareno, Marvin | Jr. Project Analyst | 01/03/07-Present |
| Nigoghossian, Christine | Sr. Doll Designer | 04/25/05-Present |
| Ochoa, Laura | Trade Marketing Mgr. | 09/01/04-Present |
| Palijo, Amelia Ivy Arafiles | Sr. Sculptress | 02/23/04-Present |
| Pestonji, Danny | Dir. Prod. Dev. Preschool | 06/01/04-Present |
| Phelan, Denise | Sample Maker Specialist | 01/18/05-Present |
| Phoosopha, Poottipong | Face Painter | 12/08/03-Present |
| Pickard, Michael | Sr. Project Packaging Engineer | 03/22/04-Present |
| Rae, Ronald | SVP, National Account Sales | 03/12/07-Present |
| Ratleff, Leland | Sr. HR Dir. | 12/04/06-Present |
| Ronquillo, Desiree Elisabeth | Sr. Dev. Designer | 05/03/04-Present |
| Ruiz, Micaela | Sample Maker Specialist | 2/13/06-Present |
| Sasic-Koetsier, Natasha | Illustrator | 06/01/04-Present |
| Salazar, Maria Elena | Sample Maker Supervisor | 03/31/03-Present |
| Salemnia, Shirin | Research Mgr. | 02/17/03-Present |
| Scott, Harvey | Sample Maker Specialist | 08/01/05-Present |
| Smith, Steffen J. | Dir. of Package Dev. | 10/13/03-Present |
| Su, Jier | Dir. of Prod. Planning | 8/16/05-Present |
| Soai, Dennis | Dolls Dev. Design Mgr. | 03/04/02-Present |
| Thompson, Marla | Sample Sourcing & Procurement Mgr. | 04/04/05-Present |
| Tran, Chau Ngoc | Sample Maker Specialist | 05/10/04-Present |
| Trueba, Mariana | Marketing Mgr. | 04/26/04-Present |

67

EXHIBIT 3

PAGE 57

| ACTIVE EMPLOYEES | MGA POSITION | DATES |
|---|---|---|
| Umana, Esteban | Quality Engineer | 03/19/07-Present |
| Upshaw, Gail | Sample Maker Specialist | 5/23/05-Present |
| Vargas, Pablo | Dir. Sales | 04/26/04-Present |
| Wang, Chang-Chin | Assoc. Face Designer | 05/03/04-Present |
| Ward, Lance | Structural Engineer | 08/02/04-Present |
| Whittaker, Dawn | Sr. Prod. Designer | 12/06/04-Present |
| Wong, Jenny | Sr. Gr. Designer | 09/09/02-Present |

| CURRENT MGA INDEPENDENT CONTRACTORS/FREELANCERS/TEMPS | MGA POSITION | DATES |
|---|---|---|
| Augborne, Troy | Structural Engineer (Temp) | 2/26/07 – 3/2/07, 4/16/07 – Present |
| Bryant, Carter | Prod. Designer/Independent Contractor | |
| Zetino, Reyna | Samplemaker, Temp Assignment | 04/13/07 – Present |

| FORMER EMPLOYEES/FREELANCERS | MGA POSITION | DATES |
|---|---|---|
| Aryapour, Daryoush | Creative Ser. Dir. | 10/25/99-04/14/00 |
| Aguilar, Lourdes | Brand Mgr. | 9/01/04-6/11/06 |
| Blaser, Janet | Dev. Designer | 06/14/04-09/10/04 |
| Bower Violette, Mari Joanne | Prod. Mgr. | 10/13/03-03/10/06 |
| Brown, Lilia | Gr. Designer | 03/31/03-05/05/05 |
| Burlando, Gabriella | Prod. Mgr. | 03/5/02-06/27/06 |
| Chonavel, Fabienne | Marketing Mgr. | 04/10/02-08/23/02 |
| Dailey, Christine | VP Prod. Dev. | 05/07/01-11/22/02 |
| Feicht, Steve | Artist/Jr. Designer Freelancer | 07/18/02-Unknown |

MGA'S SUPPL. RESPONSES TO MATTEL'S REVISED THIRD SET OF INTERROGATORIES  NO. CV 04-9049 SGL (RNBx)

EXHIBIT 3

PAGE 58

| FORMER EMPLOYEES/FREELANCERS | MGA POSITION | DATES |
|---|---|---|
| Gillmour, Kami | VP Marketing | 05/24/99-07/14/00 |
| Hardouin, Christopher | Project Mgr. | 06/04/01-07/23/04 |
| Hitch, Martin | VP Int'l Sales | 01/04/01-06/04/02 |
| Ho, Jeff | Sr. Prod. Artist Freelancer | Unknown-10/04 |
| Huntley, James | Independent Contractor – Miuchiz; VP Marketing | 08/17/06 – Unknown; 5/23/05-08/16/06 |
| Kagan, Randi | Marketing Dir. | 09/23/02-07/22/03 |
| Koch, Andreas | Prod. Mgr. | 10/18/99-01/11/01 |
| Leahy, Margaret | Sr. Sculptor | Temp To Perm. Eff. 4/4/05 – 03/06/07 |
| Mayer, Lyn Carol | Fabric Artist | 07/21/03-05/05/05 |
| McBride, Susan | Prod. Dir., Games | 06/03/02-01/25/07 |
| Mils, Frank | Mgr. of Quality Assurance | 03/20/06-07/07/06 |
| Nguyen, Xuanlan T | Pattern Maker | 05/19/03-01/03/05 |
| O'Brien, Gary Thomas | Field Sales Dir. | 05/10/04-07/22/04 |
| Otero, Jose | Web Designer | 08/11/03-2/1/06 |
| Owen, Dan | Sr. Playset Mgr. | 08/23/04-12/13/05 |
| Parasole, Nicolletta | Gr. Designer | 01/05/04-6/27/05 |
| Parkinson, Ana Mancia | Dev. Designer | 05/10/04-01/03/07 |
| Rambeau, Roger | VP Operations | 05/13/96-04/03/98 |
| Ramirez, Andrea | Key Account Mgr. | 04/05/05-12/12/06 |
| Reed, Wendy | Soft Goods Spec. | 11/06/00-01/12/01 |

MGA'S SUPPL. RESPONSES TO MATTEL'S REVISED THIRD SET OF INTERROGATORIES  NO. CV 04-9049 SGL (RNBx)

EXHIBIT  3

PAGE  59

| FORMER EMPLOYEES/FREELANCERS | MGA POSITION | DATES |
|---|---|---|
| Reyes, Scot Anthony | Sm. Doll Designer | 05/23/04-3/11/05 |
| Rhee, Anna | Doll Face Design Freelancer | 1/4/07 - 2/13/07 |
| Ross, Lon | Marketing Dir. | 11/13/00-08/03/01 |
| Schwartz, Dena | Sr. Prod. Mgr. | 05/21/01-04/08/02 |
| Shaver, Brandi | Gr. Designer | 05/03/04-06/30/06 |
| Stinnett, Holly | Sr. Brand Mgr. | 07/21/03-1/12/05 |
| Tawil, Lisa | Licensing Coord. | 04/08/02-07/18/03 |
| Terry, Gord | Dir. of Sales | 10/01/01-06/06/02 |
| Ward, Mercedeh | Sr. Prod. Designer | 10/00-1/01; 3/7/05-8/5/05 |
| Whitaker, Joseph | Consultant | 11/05/96-03/97 |
| Williams, Patrick | SVP Sales | 01/07/01-05/29/01 |
| Wong, Tong | Dev. Designer | 03/10/03-05/16/03 |
| Wright, Cherrise | Soft Goods Mgr. | 05/03/04-8/24/05 |
| Zbojniewicz, Dave | Dir. Bus. Planning/Independent Contractor | 04/04-09/04 |

DATED:  November 30, 2007

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

By:

Thomas J. Nolan
Attorneys for Counter-Defendants, MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA ENTERTAINMENT (HK) LIMITED, AND MGAE de MEXICO S.R.L. de C.V.

MGA'S SUPPL. RESPONSES TO MATTEL'S REVISED THIRD SET OF INTERROGATORIES  NO. CV 04-9049 SGL (RNBx)

EXHIBIT   3

PAGE   60

EXHIBIT 4

THIS EXHIBIT IS FILED UNDER SEAL

PURSUANT TO PROTECTIVE ORDER

EXHIBIT 5

THIS EXHIBIT IS FILED UNDER SEAL

PURSUANT TO PROTECTIVE ORDER

EXHIBIT 6

THIS EXHIBIT IS FILED UNDER SEAL

PURSUANT TO PROTECTIVE ORDER

EXHIBIT 7

## Questions that Beatriz Morales to Invoke the Fifth Amendment

1.    "Didn't you tell the people at Mattel, on January 14, 2008, that you arranged with Ms. Marlow for her to pay you through somebody else's name?"  (179:7 - 181:8)

2.    "Since 2001, have you ever arranged for payments to be made to other people for income that you earned at any time?" (189:1 - 189:11)

3.    "Did Ms. Marlow ever inform you that the I.R.S. had contacted her in 2002 and 2003 regarding problems with the social security numbers that she was using to report payments?" (214:11 - 214:22)

4.    "Did there come a time in 2005 when Ms. Morales [SIC] started making payments to your husband Gonzalo Morales?" (197:21 - 198:11)

5.    "Looking at these documents now, do any of the tem refresh your recollection, Ms. Morales, that a Gonzalo Morales, with your same home address, at 4835 West 112th, Inglewood, California, had some economic relationship with Doll Bag, Inc.?" (200:2 - 201:5)

6.    "And it was obvious that she was going to pay you and not somebody else for the work that you did?" (206:21 - 207:22)

7.    "Did you ever receive, or did you ever sign receipts reflecting moneys that were paid to you by Ms. Marlow for the work you did for her?" (182:2 - 182:6 22)

8.    Ms. Morales invoked the Fifth Amendment and refused to identify her signature on exhibits 5449 (192:15 - 193:4) ; 5450 (195:2 - 197:20); 5451 (198:16 - 199:16); 5452 (201:12 - 202:23).

EXHIBIT _____7_____

PAGE ____223____

CERTIFIED COPY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

CARTER BRYANT, AN INDIVIDUAL, )
　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　PLAINTIFF, 　　　　　　 )
　　　　　　　　　　　　　　　　　　　　　)　　CASE NO.
　　　V.　　　　　　　　　　　　　　　　 )　　CV 04-9049 SGL
　　　　　　　　　　　　　　　　　　　　　)　　(RNBX)
MATTEL, INC., A DELAWARE　　　　 )　　[CONSOLIDATED WITH
CORPORATION,　　　　　　　　　　　)　　NO. 04-9059 AND CASE NO. 05-2727]
　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　DEFENDANTS.　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
_____)
　　　　　　　　　　　　　　　　　　　　　)
AND CONSOLIDATED ACTION (S).　　)
_____)

# DEPOSITION OF BEATRIZ MORALES

## APRIL 29, 2008

REPORTED BY:
RENEE PACHECO
CSR NO. 11564
JOB NO. 08AE327-RP



COURT REPORTERS
515 S. Flower Street
Suite 3600
Los Angeles, California 90071
Office: (213) 955-0070
Fax: (213) 955-0077

EXHIBIT _____ 7

PAGE _____ 224

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

| | | |
|---|---|---|
| CARTER BRYANT, AN INDIVIDUAL, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| VS. | ) | CASE NO. |
| | ) | CV 04-9049 SGL |
| MATTEL, INC., A DELAWARE | ) | (RNBX) |
| CORPORATION, | ) | |
| | ) | CONSOLIDATED WITH |
| DEFENDANT, | ) | [CASE NO. |
| | ) | CV 04-9059 AND |
| | ) | CASE NO. |
| | ) | CV 05-2727] |
| AND CONSOLIDATED ACTION(S). | ) | |
| | ) | |

DEPOSITION OF BEATRIZ MORALES,
TAKEN ON BEHALF OF THE DEFENDANT,
AT 865 SOUTH FIGUEROA STREET, 10TH
FLOOR, LOS ANGELES, CALIFORNIA,
COMMENCING AT 9:20 A.M., TUESDAY,
APRIL 29, 2008, BEFORE RENEE A.
PACHECO, RPR, CSR 11564.

2

EXHIBIT _____ 7

PAGE _____ 225

```
 1    APPEARANCES OF COUNSEL:
 2
 3    FOR THE PLAINTIFF CARTER BRYANT:
 4        KEKER & VAN NEST, LLP
          BY:  ALYSE D. BERTENTHAL, ESQ.
 5        710 SANSOME STREET
          SAN FRANCISCO, CALIFORNIA  94111-1704
 6        (415) 391-5400
 7
 8    FOR THE DEFENDANT MATTEL, INC.:
 9        QUINN EMANUEL URQUHART OLIVER & HEDGES
          BY:   JAMES WEBSTER, ESQ.
10              CYRUS S. NAIM, ESQ.
          865 SOUTH FIGUEROA STREET
11        10TH FLOOR
          LOS ANGELES, CALIFORNIA  90017-2543
12        (213) 443-3000
13
14    FOR THE DEFENDANT MGA ENTERTAINMENT, INC.:
15        SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
          BY:  BERNARD SHEK, ESQ.
16        525 UNIVERSITY AVENUE
          PALO ALTO, CALIFORNIA  94301
17        (650) 470-4500
18
19    FOR THE DEPONENT:
20        ALLRED, MAROKO & GOLDBERG
          BY:  MARIA G. DIAZ, ESQ.
21        6300 WILSHIRE BOULEVARD
          SUITE 1500
22        LOS ANGELES, CALIFORNIA  90048
          (323) 653-6530
23
24
25
```

EXHIBIT _____ 3/7

PAGE _____ 226

```
1    APPEARANCES  (CONTINUED):

2

3    ALSO  PRESENT:

4         DON  KELLY  -  VIDEOGRAPHER
                         JTV  LITIGATION  SERVICES

5

         TUNNY  SZTIRO-  SPANISH  INTERPRETER

6

         JILL  THOMAS  -  MATTEL

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

EXHIBIT _____ 7

PAGE _____ 227

4

1   WITH ME ON THOSE ISSUES THAT YOU DISAGREE WITH.

2   AND I'M HAPPY TO LOOK AT YOUR AUTHORITIES, BUT I'M

3   NOT ENGAGING YOU ON THE RECORD.

4        SO ASK YOUR NEXT QUESTION, AND I WILL

5   INSTRUCT AS I DEEM APPROPRIATE.

6   BY MR. WEBSTER:

7      Q.   WERE YOU EVER PAID BY MS. MARLOW OR ANY

8   OF HER COMPANIES FOR THE WORK YOU DID FOR HER UNDER

9   SOMEBODY ELSE'S NAME?

10     MS. DIAZ:  OBJECTION -- OBJECTION.

11        I'M GOING TO INSTRUCT THE WITNESS NOT TO

12   ANSWER BASED ON HER PRIVACY RIGHTS.

13   BY MR. WEBSTER:

14      Q.   DID MS. -- DIDN'T YOU TELL THE PEOPLE AT

15   MATTEL, ON JANUARY 14, 2008, THAT YOU ARRANGED WITH

16   MS. MARLOW FOR HER TO PAY YOU THROUGH SOMEBODY

17   ELSE'S NAME?  ISN'T THAT TRUE?

18     MS. DIAZ:  AND NOW I'M GOING TO OBJECT TO THAT

19   QUESTION ON THE BASIS THAT IT INVADES MY CLIENT'S

20   RIGHT TO PRIVACY.

21        AND ALSO I'M ADVISING HER TO INVOKE HER

22   FIFTH AMENDMENT RIGHTS AGAINST SELF-INCRIMINATION.

23   I'M INSTRUCTING HER NOT TO ANSWER THAT QUESTION.

24     MR. WEBSTER:  OKAY, COUNSEL.  MY QUESTION --

25   JUST SO WE'RE CLEAR ABOUT THIS -- AND I APPRECIATE

179

EXHIBIT _____ 7

PAGE _____ 228

1  YOU TRYING TO BE CLEAR ALSO.

2          MY QUESTION IS:  DID SHE TELL PEOPLE AT

3  MATTEL, ON JANUARY 14, 2008, THAT THAT IS WHAT

4  HAPPENED?

5      MS. DIAZ:  I UNDERSTAND YOUR QUESTION, COUNSEL.

6  AND I'VE MADE MY INSTRUCTION AND MY OBJECTION BASED

7  ON YOUR QUESTION.

8      MR. WEBSTER:  YOU'RE ALSO INSTRUCTING HER NOT

9  TO ANSWER THAT ON THE BASIS OF A PRIVACY OBJECTION;

10  IS THAT CORRECT?

11      MS. DIAZ:  BOTH, YES.

12          I'M SORRY.  I'LL WITHDRAW THE PRIVACY.  I

13  UNDERSTAND WHAT YOUR POINT IS.  BUT I WILL MAINTAIN

14  THE FIFTH AMENDMENT INSTRUCTION NOT TO ANSWER THAT

15  QUESTION.

16      MR. WEBSTER:  SO LET ME REPHRASE THE QUESTION

17  SO I CAN ASK IT AND WE CAN HAVE A CLEAR ONE STATED

18  INSTRUCTION.

19      MS. DIAZ:  AND THAT'S AMENABLE TO ME.

20      MR. WEBSTER:  THANK YOU.

21  BY MR. WEBSTER:

22      Q.    MS. MORALES, ISN'T IT TRUE THAT YOU

23  INFORMED PEOPLE AT MATTEL, ON JANUARY 14TH, 2008,

24  THAT YOU MADE ARRANGEMENTS WITH MS. MARLOW FOR HER

25  TO PAY YOU IN SOMEBODY ELSE'S NAME, IN ORDER TO

180

EXHIBIT 7

PAGE 229

1   CONCEAL THE FACT THAT PAYMENTS WERE BEING MADE TO

2   YOU?

3        MS. DIAZ:   AND I'M GOING TO OBJECT AND INSTRUCT

4   AND ADVISE MY CLIENT TO INVOKE HER FIFTH AMENDMENT

5   RIGHT AGAINST SELF-INCRIMINATION.

6              AND DON'T ANSWER THE QUESTION.

7        MR. WEBSTER:   WE MIGHT JUST TAKE A BREAK FOR A

8   MOMENT.   THANK YOU.

9        THE VIDEOGRAPHER:   WE ARE OFF THE RECORD.   THE

10  TIME IS 3:52 P.M.

11             (A RECESS WAS HELD.)

12       THE VIDEOGRAPHER:   THIS IS THE START OF TAPE

13  NO. 4.   WE ARE BACK ON THE RECORD.   THE TIME IS

14  4:00 P.M.

15  BY MR. WEBSTER:

16       Q.    DID YOU RECEIVE ANY SORT OF TAX RECORDS

17  REFLECTING PAYMENTS THAT WERE MADE TO YOU BY

18  MS. MARLOW OR ANY OF HER COMPANIES THAT YOU WORKED

19  FOR?

20       MS. DIAZ:   AND I'M GOING TO OBJECT AND INSTRUCT

21  NOT TO ANSWER ON THE BASIS THAT PRIVACY TAX RECORDS

22  ARE PROTECTED.

23  BY MR. WEBSTER:

24       Q.    AND YOU'RE NOT GOING TO ANSWER THAT

25  QUESTION?

181

EXHIBIT _____7_____

PAGE _____230_____

```
 1    BY MR. WEBSTER:

 2         Q.    DID YOU -- SINCE 2001, HAVE YOU EVER

 3    ARRANGED FOR PAYMENTS TO BE MADE TO OTHER PEOPLE

 4    FOR INCOME THAT YOU EARNED AT ANY TIME?

 5         MS. DIAZ:   I'M GOING TO OBJECT TO THAT QUESTION

 6    ON THE GROUNDS THAT IT INVADES MY CLIENT'S RIGHT TO

 7    PRIVACY.

 8              AND ALSO INSTRUCTING HER NOT TO ANSWER ON

 9    THE BASIS OF HER FIFTH AMENDMENT RIGHT AGAINST

10    SELF-INCRIMINATION.

11    BY MR. WEBSTER:

12         Q.    DID YOU BELIEVE AT ANY TIME -- DID YOU

13    HAVE AN UNDERSTANDING THAT YOU WERE ACTUALLY AN

14    EMPLOYEE OF VERONICA MARLOW?

15         MS. DIAZ:   OBJECTION; CALLS FOR A LEGAL

16    CONCLUSION.

17    BY MR. WEBSTER:

18         Q.    YOU CAN ANSWER.

19         A.    CAN YOU REPEAT THAT AGAIN?

20         Q.    DID YOU HAVE AN UNDERSTANDING AT ANY TIME

21    THAT YOU WERE ACTUALLY EMPLOYED BY VERONICA MARLOW?

22         MS. DIAZ:   SAME OBJECTION.

23         THE DEPONENT:   NO.

24         MR. WEBSTER:   CAN I GO BACK TWO QUESTIONS,

25    PLEASE.   THE QUESTIONS THAT SHE INSTRUCTED HER NOT
```

A&E COURT REPORTERS (213) 955-0070 FAX: (213) 955-0077

EXHIBIT 7

PAGE 231

1    PRODUCTS FOR MS. MARLOW?

2         MR. SHEK:  OBJECTION; ASKED AND ANSWERED.

3         THE DEPONENT:  NO.

4    BY MR. WEBSTER:

5         Q.    IS IT TRUE THAT THE -- THE LAST WORK THAT

6    YOU DID FOR MS. MARLOW WAS ON THE BRATZ SPRING LINE

7    FOR 2005?

8         MS. DIAZ:  OBJECTION; ASKED AND ANSWERED.

9         THE DEPONENT:  YES.

10   BY MR. WEBSTER:

11        Q.    DID MS. MARLOW EVER INFORM YOU THAT THE

12   I.R.S. HAD CONTACTED HER IN 2002 AND 2003 REGARDING

13   PROBLEMS WITH THE SOCIAL SECURITY NUMBERS THAT SHE

14   WAS USING TO REPORT PAYMENTS?

15        MS. DIAZ:  I'M GOING TO OBJECT TO THAT

16   QUESTION, AND INSTRUCT MY CLIENT NOT TO ANSWER THAT

17   QUESTION ON THE BASIS OF HER FIFTH AMENDMENT RIGHT

18   AGAINST SELF-INCRIMINATION.

19   BY MR. WEBSTER:

20        Q.    AND YOU'LL FOLLOW YOUR ATTORNEY'S

21   INSTRUCTION?

22        A.    YES.

23        Q.    DID YOU EVER SHARE ANY OF THE INFORMATION

24   THAT YOU OBTAINED FROM MS. MARLOW, ABOUT THE

25   PRODUCTS YOU WERE WORKING ON, WITH ANYONE AT

A&E COURT REPORTERS (213) 955-0070 FAX: (213) 955-0077

EXHIBIT    7

PAGE    232

1    BY MR. WEBSTER:

2        Q.    DO YOU SEE THAT ON ALL OF THESE PAGES

3    THAT YOU SIGNED, DURING 2004 AND 2005, THAT IT

4    REFERS TO YOU AS BEING AN INDEPENDENTLY

5    CONTRACTED -- STRIKE THAT.

6              THEY ALL REFER TO THE SERVICES YOU

7    PROVIDED AS BEING FOR INDEPENDENTLY CONTRACTED

8    SERVICES.

9              DO YOU SEE THAT?

10       MS. DIAZ:  AND NOW I'M GOING TO INSTRUCT --

11   OBJECT AND INSTRUCT MY CLIENT, ADVISE HER TO TAKE

12   HER FIFTH AMENDMENT RIGHT AGAINST

13   SELF-INCRIMINATION AND NOT ANSWER THAT QUESTION.

14   BY MR. WEBSTER:

15       Q.    AND, MS. MORALES, YOU'RE GOING TO FOLLOW

16   YOUR ATTORNEY'S INSTRUCTIONS AND NOT ANSWER ANY OF

17   MY QUESTIONS ON THIS DOCUMENT, INCLUDING THE ONE I

18   JUST ASKED YOU, BASED ON ALL OF THE INSTRUCTIONS

19   THAT SHE JUST GAVE YOU; IS THAT CORRECT?

20       A.    YES.

21       Q.    DID THERE COME A TIME IN 2005 WHEN

22   MS. MORALES [SIC] STARTED MAKING PAYMENTS TO YOUR

23   HUSBAND GONZALO MORALES?

24       MR. SHEK:  OBJECTION; VAGUE AND AMBIGUOUS.

25       MS. DIAZ:  AND I WANT TO ALSO OBJECT AND

197

EXHIBIT ____7____

PAGE ____233____

1  INSTRUCT HER NOT TO ANSWER THAT QUESTION ON THE

2  BASIS THAT -- HER FIFTH AMENDMENT RIGHT AGAINST

3  SELF-INCRIMINATION.

4     MR. WEBSTER:  LET'S MARK FOR IDENTIFICATION --

5  STRIKE THAT.

6  BY MR. WEBSTER:

7     Q.    MS. MORALES, YOU'RE GOING TO FOLLOW YOUR

8  ATTORNEY'S INSTRUCTIONS AND NOT ANSWER ANY OF MY

9  QUESTIONS BASED ON ALL OF HER INSTRUCTIONS THAT SHE

10 JUST GAVE YOU; IS THAT CORRECT?

11    A.    YES.

12    MR. WEBSTER:  CAN WE MARK AS THE NEXT EXHIBIT

13 FOR IDENTIFICATION EXHIBIT 5451, WHICH ARE MARKED

14 KMW-M 9837, 8563, 9715, 9834, 9462, 9463, 9464,

15 9465, AND 8690.

16          (MORALES EXHIBIT NUMBER 5451 WAS

17          MARKED FOR IDENTIFICATION AND

18          IS BOUND UNDER SEPARATE COVER.)

19 BY MR. WEBSTER:

20    Q.    DID YOU SIGN YOUR NAME ON ANY OF THESE --

21 STRIKE THAT.

22          DID YOU WRITE ANYTHING ON ANY OF THESE

23 DOCUMENTS THAT YOU CAN SEE?

24    MS. DIAZ:  I'M GOING TO OBJECT AND INSTRUCT MY

25 CLIENT NOT TO ANSWER THAT QUESTION ON THE BASIS OF

198

EXHIBIT _____ 7

PAGE _____ 234

1    BY MR. WEBSTER:

2        Q.    LOOKING AT THESE DOCUMENTS NOW, DO ANY OF

3    THEM REFRESH YOUR RECOLLECTION, MS. MORALES, THAT A

4    GONZALO MORALES, WITH YOUR SAME HOME ADDRESS, AT

5    4835 WEST 112TH, INGLEWOOD, CALIFORNIA, HAD SOME

6    ECONOMIC RELATIONSHIP WITH DOLL BAG, INC.?

7        MS. DIAZ:   FIRST OBJECTION; VAGUE AND

8    AMBIGUOUS, COMPOUND.

9            THEN I'M GOING TO -- TO THE EXTENT THAT

10   THE QUESTION IS INTELLIGIBLE [SIC] I'M GOING TO

11   INSTRUCT MY CLIENT NOT TO ANSWER ON THE BASIS OF

12   HER FIFTH AMENDMENT RIGHT AGAINST

13   SELF-INCRIMINATION.

14   BY MR. WEBSTER:

15       Q.    AND WILL YOU FOLLOW YOUR ATTORNEY'S

16   INSTRUCTION NOT ANSWER MY QUESTION, MS. MORALES?

17       A.    YES.

18       Q.    IF YOU LOOK AT KMW 9715, IT'S A TIME

19   SHEET FOR GONZALO MORALES.

20            DO YOU SEE THAT?

21       MS. DIAZ:   AND I'M GOING TO OBJECT AND INSTRUCT

22   MY CLIENT NOT TO ANSWER ANY QUESTIONS ON THE BASIS

23   OF HER FIFTH AMENDMENT RIGHT AGAINST

24   SELF-INCRIMINATION.

25   ///

                                                        200

EXHIBIT _____ 7

PAGE _____ 235

```
 1   BY MR. WEBSTER:

 2       Q.    OKAY.    AND, MS. MORALES, YOU FOLLOW YOUR

 3   CLIENT -- YOUR ATTORNEY'S INSTRUCTION AND NOT

 4   ANSWER THAT QUESTION?

 5       A.    YES.

 6       MR. WEBSTER:   LET'S MARK AS THE NEXT EXHIBIT

 7   FOR IDENTIFICATION EXHIBIT 5452.   IT IS BATES

 8   NO. KMW-M 9761 THROUGH -- LET ME READ THE NUMBERS:

 9   9764, 9789, 9785, 9782, 9780, 9808, 9819, 9826,

10   9813, 9894, 9896, 9886, 9882, 16107, 9901, 9726,

11   9871, 9865, 9873, 9856, 9845, AND 9853.

12           (MORALES EXHIBIT NUMBER 5452 WAS

13           MARKED FOR IDENTIFICATION AND

14           IS BOUND UNDER SEPARATE COVER.)

15   BY MR. WEBSTER:

16       Q.    AND MY QUESTION IS:  DO YOU RECOGNIZE

17   THESE DOCUMENTS, MS. MORALES?

18       MS. DIAZ:   I'M GOING TO OBJECT AND INSTRUCT MY

19   CLIENT NOT TO ANSWER THAT QUESTION ON THE BASIS --

20   FIRST OF ALL, I'M GOING TO INCORPORATE ALL MY PRIOR

21   OBJECTIONS, AS THESE APPEAR TO BE PERSONAL,

22   CONFIDENTIAL RECORDS THAT CAME FROM SOME SOURCE.

23   I'VE NEVER SEEN THEM.   I DON'T KNOW THE SOURCES.

24   THEY'RE PROTECTED BY RIGHT TO PRIVACY.

25           SECOND, I'M INSTRUCTING HER NOT TO ANSWER
```

201

EXHIBIT _____ 7

PAGE _____ 234

1    WHICH YOU WORKED ON BRATZ DOLLS FOR MS. MARLOW?

2         MS. DIAZ:  SHE CAN ANSWER THAT QUESTION.

3         THE DEPONENT:  I KNOW WHEN I WORKED.

4    BY MR. WEBSTER:

5         Q.    OKAY.  SO LOOKING THROUGH THE -- THE

6    EXHIBIT THAT IS IN FRONT OF YOU, DOES THIS APPEAR

7    TO BE AN ACCURATE RECORD OF THE TIMES AND DATES

8    UPON YOU -- UPON WHICH YOU WORKED FOR MS. MARLOW ON

9    THE BRATZ DOLLS, AT LEAST FOR THE PERIODS REFLECTED

10   IN THE DOCUMENTS?

11        MS. BERTENTHAL:  I'M ALSO GOING TO OBJECT.  WE

12   DON'T KNOW WHEN THIS DOCUMENT WAS PRODUCED AND BY

13   WHOM.  AND THERE'S NO WAY THE WITNESS CAN THEN

14   TESTIFY TO THIS ACCURATELY.

15        THE INTERPRETER:  SHE SAID ACCURATE AT THE END.

16        MS. BERTENTHAL:  AT THE VERY LEAST.

17        THE DEPONENT:  I CANNOT SAY THAT ALL THAT IS

18   CORRECT.  I CANNOT REMEMBER EXACTLY DURING ALL

19   THOSE YEARS AND THAT TIME.

20   BY MR. WEBSTER:

21        Q.    DID YOU -- MS. MORALES, DID YOU SIGN SOME

22   SORT OF TIME SHEETS OR TIME RECORDS DURING THE TIME

23   YOU WERE WORKING FOR MS. MARLOW?

24        A.    YES.  USUALLY WE WERE GIVING HER THE

25   PAPERS WITH THE -- RECORDS WITH THE TIME.

206

EXHIBIT _____ 7

PAGE _____ 237

1    Q.    AND DID YOU HAVE AN UNDERSTANDING OF WHAT

2   WAS DONE WITH THOSE RECORDS BY MS. MARLOW?

3    A.    NO.

4    Q.    DID YOU UNDERSTAND THAT SHE WAS USING

5   THOSE RECORDS AS THE BASIS TO MAKE PAYMENTS TO YOU

6   FOR THE WORK YOU DID?

7    A.    IT'S POSSIBLE, BECAUSE THAT WAS THE TIME

8   THAT I WAS WORKING.  IT WAS OBVIOUS THAT SHE WAS

9   GOING TO PAY ME, YES.

10    Q.    AND IT WAS OBVIOUS THAT SHE WAS GOING TO

11   PAY YOU AND NOT SOMEBODY ELSE FOR THE WORK THAT YOU

12   DID?

13    MS. DIAZ:  OBJECTION; ARGUMENTATIVE.

14   BY MR. WEBSTER:

15    Q.    WAS THAT OBVIOUS ALSO?

16    MS. DIAZ:  AND I'M ALSO INSTRUCTING HER NOT TO

17   ANSWER ON THE BASIS OF FIFTH AMENDMENT RIGHT

18   AGAINST SELF-INCRIMINATION.  ALSO COMPOUND.

19   BY MR. WEBSTER:

20    Q.    AND ARE YOU GOING TO FOLLOW YOUR

21   ATTORNEY'S INSTRUCTION AND NOT ANSWER MY QUESTION?

22    A.    YES.

23    MR. WEBSTER:  LET'S TAKE A BREAK FOR ONE

24   MOMENT, PLEASE.

25    MS. DIAZ:  HOW MUCH LONGER DO YOU HAVE,

207

EXHIBIT _____ 7

PAGE _____ 238

1    A.    NO.

2    Q.    DID YOU EVER RECEIVE, OR DID YOU EVER

3    SIGN RECEIPTS REFLECTING MONEYS THAT WERE PAID TO

4    YOU BY MS. MARLOW FOR THE WORK YOU DID FOR HER?

5    MS. DIAZ:   I'M GOING TO OBJECT TO THE QUESTION

6    ON THE BASIS THAT IT INVADES MY CLIENT'S RIGHT TO

7    PRIVACY AND ALSO ADVISING HER TO INVOKE HER FIFTH

8    AMENDMENT RIGHT AGAIN TO SELF-INCRIMINATION.

9           INSTRUCT HER NOT TO ANSWER THAT QUESTION.

10    MR. WEBSTER:   LET'S MARK AS THE NEXT EXHIBIT

11    FOR IDENTIFICATION --

12    DEPOSITION REPORTER:   5448.

13    MR. WEBSTER:   JUST BEFORE YOU DO.

14    BY MR. WEBSTER:

15    Q.    MS. MORALES, ARE YOU GOING TO FOLLOW

16    YOUR -- YOUR ATTORNEY'S INSTRUCTION AND NOT ANSWER

17    MY QUESTION?

18    A.    YES.

19    MS. DIAZ:   AND I'M GOING TO PLACE ANOTHER

20    OBJECTION TO THESE RECORDS, AS I'VE NEVER SEEN

21    THEM.   THEY'RE CONFIDENTIAL EMPLOYMENT RECORDS THAT

22    HAVE BEEN PRODUCED IN THIS CASE, WITHOUT ANY

23    NOTICE, AS REQUIRED BY THE LAW, TO MY CLIENT.

24           AND I'M PUTTING THE PARTIES ON NOTICE

25    THAT MY CLIENT RESERVES THE RIGHT TO GO IN AND SEEK

182

EXHIBIT ___7___

PAGE ___239___

```
 1    THIS WILL BE EXHIBIT 5450.

 2              (MORALES EXHIBIT NUMBER 5450 WAS

 3              MARKED FOR IDENTIFICATION AND

 4              IS BOUND UNDER SEPARATE COVER.)

 5         MR. SHEK:  THIS IS 5450; RIGHT?

 6         MR. WEBSTER:  YES.

 7    BY MR. WEBSTER:

 8         Q.    DOES YOUR SIGNATURE APPEAR ANYWHERE ON

 9    THESE DOCUMENTS, MS. MORALES?

10        MS. DIAZ:  I'M GOING TO OBJECT TO THESE RECORDS

11    AGAIN AS THEY APPEAR TO BE CONFIDENTIAL, PRIVATE

12    EMPLOYMENT RECORDS THAT I'VE NEVER SEEN BEFORE.

13              AND I'M ALSO GOING TO INSTRUCT MY CLIENT

14    NOT TO ANSWER ON THE BASIS OF HER FIFTH AMENDMENT

15    RIGHT AGAINST SELF-INCRIMINATION.

16         MR. WEBSTER:  LET ME ASK THE QUESTION.

17    BY MR. WEBSTER:

18         Q.    ARE YOU GOING TO ANSWER YOUR -- ARE YOU

19    GOING TO FOLLOW YOUR ATTORNEY'S INSTRUCTION AND NOT

20    ANSWER MY QUESTIONS ON THIS DOCUMENT BASED ON ALL

21    THOSE INSTRUCTIONS?

22         A.    YES.

23         MR. WEBSTER:  AND, COUNSEL, YOU WON'T LET ME

24    ASK HER A QUESTION ABOUT WHETHER OR NOT THIS

25    REFRESHES HER RECOLLECTION THAT SHE WAS FAMILIAR
```

195

PAGE _____ 240

1    WITH THE DOLL BAG, INC. ENTITY, EVEN THOUGH THESE

2    MANY DOCUMENTS SHOW THAT SHE WAS SIGNING FOR

3    RECEIPT OF MONEYS THAT WAS PAID TO HER BY DOLL BAG,

4    INC.? IS THAT CORRECT?

5         MS. DIAZ:  I'M NOT ALLOWING HER TO ANSWER ANY

6    QUESTIONS ON THE BASIS OF THESE DOCUMENTS FOR THE

7    REASONS THAT I PREVIOUSLY STATED.

8         MR. WEBSTER:  THE REASON I'M ASKING --

9         MS. DIAZ:  IF YOU WANT TO MAKE THIS -- I'M A

10   FIRM BELIEVER IN MAKING THE RECORD SO THAT IF WE GO

11   TO COURT AND GO BEFORE THE JUDGE, THERE'S A RECORD

12   BEFORE HIM.

13        AS TO THE QUESTION YOU'VE ASKED, I'VE

14   ALREADY STATED MY OBJECTION AND INSTRUCTION.

15        MR. WEBSTER:  ALL RIGHT.

16   BY MR. WEBSTER:

17        Q.   DO YOU SEE ON -- YOUR SIGNATURE APPEARS

18   ON ALL OF THESE PAGES THAT ARE MARKED IN THIS

19   EXHIBIT?

20        MS. DIAZ:  AND I'M GOING TO OBJECT TO THAT

21   QUESTION ON THE BASIS OF -- AND I'M GOING TO OBJECT

22   TO THAT QUESTION AND INSTRUCT MY CLIENT TO INVOKE

23   HER FIFTH AMENDMENT RIGHT AGAINST

24   SELF-INCRIMINATION.  AND INSTRUCT NOT TO ANSWER.

25   ///

                                                    196
A&E COURT REPORTERS (213) 955-0070 FAX: (213) 955-0077  EXHIBIT _____ 7

                                          PAGE _____ 241

1    BY MR. WEBSTER:

2        Q.    DO YOU SEE THAT ON ALL OF THESE PAGES

3    THAT YOU SIGNED, DURING 2004 AND 2005, THAT IT

4    REFERS TO YOU AS BEING AN INDEPENDENTLY

5    CONTRACTED -- STRIKE THAT.

6              THEY ALL REFER TO THE SERVICES YOU

7    PROVIDED AS BEING FOR INDEPENDENTLY CONTRACTED

8    SERVICES.

9              DO YOU SEE THAT?

10    MS. DIAZ:   AND NOW I'M GOING TO INSTRUCT --

11    OBJECT AND INSTRUCT MY CLIENT, ADVISE HER TO TAKE

12    HER FIFTH AMENDMENT RIGHT AGAINST

13    SELF-INCRIMINATION AND NOT ANSWER THAT QUESTION.

14    BY MR. WEBSTER:

15        Q.    AND, MS. MORALES, YOU'RE GOING TO FOLLOW

16    YOUR ATTORNEY'S INSTRUCTIONS AND NOT ANSWER ANY OF

17    MY QUESTIONS ON THIS DOCUMENT, INCLUDING THE ONE I

18    JUST ASKED YOU, BASED ON ALL OF THE INSTRUCTIONS

19    THAT SHE JUST GAVE YOU; IS THAT CORRECT?

20        A.    YES.

21        Q.    DID THERE COME A TIME IN 2005 WHEN

22    MS. MORALES [SIC] STARTED MAKING PAYMENTS TO YOUR

23    HUSBAND GONZALO MORALES?

24        MR. SHEK:   OBJECTION; VAGUE AND AMBIGUOUS.

25        MS. DIAZ:   AND I WANT TO ALSO OBJECT AND

197

A&E COURT REPORTERS (213) 955-0070 FAX: (213) 955-0077 EXHIBIT _____ 7

PAGE _____ 242

```
 1    INSTRUCT HER NOT TO ANSWER THAT QUESTION ON THE

 2    BASIS THAT -- HER FIFTH AMENDMENT RIGHT AGAINST

 3    SELF-INCRIMINATION.

 4        MR. WEBSTER:  LET'S MARK FOR IDENTIFICATION --

 5    STRIKE THAT.

 6    BY MR. WEBSTER:

 7        Q.    MS. MORALES, YOU'RE GOING TO FOLLOW YOUR

 8    ATTORNEY'S INSTRUCTIONS AND NOT ANSWER ANY OF MY

 9    QUESTIONS BASED ON ALL OF HER INSTRUCTIONS THAT SHE

10    JUST GAVE YOU; IS THAT CORRECT?

11        A.    YES.

12        MR. WEBSTER:  CAN WE MARK AS THE NEXT EXHIBIT

13    FOR IDENTIFICATION EXHIBIT 5451, WHICH ARE MARKED

14    KMW-M 9837, 8563, 9715, 9834, 9462, 9463, 9464,

15    9465, AND 8690.

16                (MORALES EXHIBIT NUMBER 5451 WAS

17                MARKED FOR IDENTIFICATION AND

18                IS BOUND UNDER SEPARATE COVER.)

19    BY MR. WEBSTER:

20        Q.    DID YOU SIGN YOUR NAME ON ANY OF THESE --

21    STRIKE THAT.

22                DID YOU WRITE ANYTHING ON ANY OF THESE

23    DOCUMENTS THAT YOU CAN SEE?

24        MS. DIAZ:  I'M GOING TO OBJECT AND INSTRUCT MY

25    CLIENT NOT TO ANSWER THAT QUESTION ON THE BASIS OF
```

198

EXHIBIT _____ 7

PAGE _____ 243

1    HER RIGHT -- FIFTH AMENDMENT RIGHT AGAINST

2    SELF-INCRIMINATION.

3           I'M ALSO -- AND THAT'S -- WITHDRAWN.

4    STRIKE THE LAST PART.

5       MR. WEBSTER:  CAN I HEAR THE OBJECTIONS,

6    PLEASE.

7            (THE RECORD WAS READ AS FOLLOWS:

8           MS. DIAZ:  I'M GOING TO OBJECT AND

9        INSTRUCT MY CLIENT NOT TO ANSWER THAT

10       QUESTION ON THE BASIS OF HER FIFTH

11       AMENDMENT RIGHT AGAINST

12       SELF-INCRIMINATION.)

13   BY MR. WEBSTER:

14      Q.   AND, MS. MORALES, WILL YOU FOLLOW YOUR

15   ATTORNEY'S INSTRUCTION AND NOT ANSWER THAT

16   QUESTION -- OR ANY QUESTIONS ON THIS DOCUMENT?

17      A.   YES.

18      Q.   DOES THIS -- DO ANY OF THESE DOCUMENTS

19   THAT ARE NOW IN FRONT OF YOU REFRESH YOUR

20   RECOLLECTION THAT GONZALO MORALES, WHO, ACCORDING

21   TO DOCUMENT KMW 9462, RESIDES AT YOUR SAME HOME

22   ADDRESS?

23      THE INTERPRETER:  MAY I HAVE A REPETITION OF

24   THE LAST PART, COUNSEL, PLEASE?

25      MR. WEBSTER:  YEAH.  LET ME JUST REPHRASE IT.

A&E COURT REPORTERS (213) 955-0070 FAX: (213) 955-0077  EXHIBIT ___7___

PAGE ___244___

```
 1    BY MR. WEBSTER:
 2         Q.   OKAY.  AND, MS. MORALES, YOU FOLLOW YOUR
 3    CLIENT -- YOUR ATTORNEY'S INSTRUCTION AND NOT
 4    ANSWER THAT QUESTION?
 5         A.   YES.
 6         MR. WEBSTER:  LET'S MARK AS THE NEXT EXHIBIT
 7    FOR IDENTIFICATION EXHIBIT 5452.  IT IS BATES
 8    NO. KMW-M 9761 THROUGH -- LET ME READ THE NUMBERS:
 9    9764, 9789, 9785, 9782, 9780, 9808, 9819, 9826,
10    9813, 9894, 9896, 9886, 9882, 16107, 9901, 9726,
11    9871, 9865, 9873, 9856, 9845, AND 9853.
12              (MORALES EXHIBIT NUMBER 5452 WAS
13               MARKED FOR IDENTIFICATION AND
14               IS BOUND UNDER SEPARATE COVER.)
15    BY MR. WEBSTER:
16         Q.   AND MY QUESTION IS:  DO YOU RECOGNIZE
17    THESE DOCUMENTS, MS. MORALES?
18         MS. DIAZ:  I'M GOING TO OBJECT AND INSTRUCT MY
19    CLIENT NOT TO ANSWER THAT QUESTION ON THE BASIS --
20    FIRST OF ALL, I'M GOING TO INCORPORATE ALL MY PRIOR
21    OBJECTIONS, AS THESE APPEAR TO BE PERSONAL,
22    CONFIDENTIAL RECORDS THAT CAME FROM SOME SOURCE.
23    I'VE NEVER SEEN THEM.  I DON'T KNOW THE SOURCES.
24    THEY'RE PROTECTED BY RIGHT TO PRIVACY.
25              SECOND, I'M INSTRUCTING HER NOT TO ANSWER
```

201

EXHIBIT _____ 7

PAGE _____ 245

1    THAT QUESTION ON THE BASIS OF HER FIFTH AMENDMENT

2    RIGHT AGAINST SELF-INCRIMINATION.

3    BY MR. WEBSTER:

4        Q.    OKAY.   AND WILL YOU FOLLOW YOUR

5    ATTORNEY'S INSTRUCTION AND NOT ANSWER MY QUESTIONS

6    ON ALL OF THOSE GROUNDS, AS TO THESE DOCUMENTS,

7    MS. MORALES?

8        MS. DIAZ:   COUNSEL, FOR THE RECORD, YOU CAN ASK

9    YOUR SPECIFIC QUESTIONS.   I'M NOT INSTRUCTING HER

10   NOT TO ANSWER ALL OF YOUR SPECIFIC QUESTIONS.   I'LL

11   TAKE IT ON A QUESTION-BY-QUESTION BASIS, IF YOU

12   WANT TO MAKE A CLEAN RECORD.

13       MR. WEBSTER:   I'M TRYING.

14           MY QUESTION WAS:   "DO YOU RECOGNIZE THESE

15   DOCUMENTS?"

16           YOU INSTRUCTED HER.   AND I'M ASKING HER

17   IS SHE FOLLOWING YOUR INSTRUCTION.

18   BY MR. WEBSTER:

19       Q.    ARE YOU FOLLOWING YOUR ATTORNEY'S

20   INSTRUCTION AND NOT ANSWERING THAT QUESTION ABOUT

21   THE DOCUMENTS, ON THE GROUNDS OF THOSE OBJECTIONS

22   THAT SHE'S MADE?

23       A.    YES.

24       MR. WEBSTER:   I'LL JUST NOTE FOR THE RECORD,

25   MS. DIAZ, YOU'VE SAID THAT YOU'RE NOT SURE WHERE

1      DECLARATION OF DEPONENT

2   I CERTIFY UNDER PENALTY OF PERJURY UNDER THE

LAWS OF THE STATE OF CALIFORNIA THAT THE FOREGOING

3  IS TRUE AND CORRECT.

4

 EXECUTED AT_____, ON_____

5     (PLACE)     (DATE)

6

7

     _____

8     (SIGNATURE OF DEPONENT)

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

A&E COURT REPORTERS (213) 955-0070 FAX: (213) 955-0077

EXHIBIT _____ 7

PAGE _____ 247

1   STATE OF CALIFORNIA      )
                            )   SS..
2   COUNTY OF LOS ANGELES   )

3          I,   RENEE A. PACHECO   , CERTIFIED

4   SHORTHAND REPORTER, CERTIFICATE NUMBER 11564, FOR

5   THE STATE OF CALIFORNIA, HEREBY CERTIFY:

6          THE FOREGOING PROCEEDINGS WERE TAKEN

7   BEFORE ME AT THE TIME AND PLACE THEREIN SET FORTH,

8   AT WHICH TIME THE DEPONENT WAS PLACED UNDER OATH BY

9   ME;

10          THE TESTIMONY OF THE DEPONENT AND ALL

11   OBJECTIONS MADE AT THE TIME OF THE EXAMINATION WERE

12   RECORDED STENOGRAPHICALLY BY ME AND WERE THEREAFTER

13   TRANSCRIBED;

14          THE FOREGOING TRANSCRIPT IS A TRUE AND

15   CORRECT TRANSCRIPT OF MY SHORTHAND NOTES SO TAKEN;

16          I FURTHER CERTIFY THAT I AM NEITHER

17   COUNSEL FOR NOR RELATED TO ANY PARTY TO SAID ACTION

18   NOR IN ANY WAY INTERESTED IN THE OUTCOME THEREOF.

19          IN WITNESS WHEREOF, I HAVE HEREUNTO

20   SUBSCRIBED MY NAME THIS ___5th___ DAY OF

21   ____May____ , 2008.

22

23          ___Renee A. Pacheco___

24

25

EXHIBIT 8

CERTIFIED COPY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

CARTER BRYANT, AN INDIVIDUAL,  )
                                       )
              PLAINTIFF,  )    CASE NO.
                                        )    CV 04-9049 SGL
      V.                     )    (RNBX)
                                        )    [CONSOLIDATED WITH
MATTEL, INC., A DELAWARE         )    NO. 04-9059 AND CASE NO. 05-2727]
CORPORATION,                )
                                        )
            DEFENDANTS.  )
                                        )
                                        )
AND CONSOLIDATED ACTION (S).  )
                                        )

# DEPOSITION OF BEATRIZ MORALES

# APRIL 29, 2008



REPORTED BY:
RENEE PACHECO
CSR NO. 11564
JOB NO. 08AE327-RP

A&E COURT REPORTERS
515 S. Flower Street
Suite 3600
Los Angeles, California 90071
Office: (213) 955-0070
Fax: (213) 955-0077

EXHIBIT ___8___

PAGE ___249___

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

CARTER BRYANT, AN INDIVIDUAL,       )
                                    )
        PLAINTIFF,                  )
                                    )
    VS.                             )   CASE NO.
                                    )   CV 04-9049 SGL
MATTEL, INC., A DELAWARE            )        (RNBX)
CORPORATION,                        )
                                    )   CONSOLIDATED WITH
        DEFENDANT,                  )   [CASE NO.
                                    )   CV 04-9059 AND
_____ )   CASE NO.
                                    )   CV 05-2727]
AND CONSOLIDATED ACTION(S).         )
_____ )


        DEPOSITION OF BEATRIZ MORALES,
        TAKEN ON BEHALF OF THE DEFENDANT,
        AT 865 SOUTH FIGUEROA STREET, 10TH
        FLOOR, LOS ANGELES, CALIFORNIA,
        COMMENCING AT 9:20 A.M., TUESDAY,
        APRIL 29, 2008, BEFORE RENEE A.
        PACHECO, RPR, CSR 11564.

A&E COURT REPORTERS (213) 955-0070 FAX: (213) 955-0077

EXHIBIT _____ 8

PAGE _____ 250

```
1    APPEARANCES OF COUNSEL:
2
3    FOR THE PLAINTIFF CARTER BRYANT:
4         KEKER & VAN NEST, LLP
          BY:  ALYSE D. BERTENTHAL, ESQ.
5         710 SANSOME STREET
          SAN FRANCISCO, CALIFORNIA  94111-1704
6         (415) 391-5400
7
8    FOR THE DEFENDANT MATTEL, INC.:
9         QUINN EMANUEL URQUHART OLIVER & HEDGES
          BY:  JAMES WEBSTER, ESQ.
10             CYRUS S. NAIM, ESQ.
          865 SOUTH FIGUEROA STREET
11        10TH FLOOR
          LOS ANGELES, CALIFORNIA  90017-2543
12        (213) 443-3000
13
14   FOR THE DEFENDANT MGA ENTERTAINMENT, INC.:
15        SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
          BY:  BERNARD SHEK, ESQ.
16        525 UNIVERSITY AVENUE
          PALO ALTO, CALIFORNIA  94301
17        (650) 470-4500
18
19   FOR THE DEPONENT:
20        ALLRED, MAROKO & GOLDBERG
          BY:  MARIA G. DIAZ, ESQ.
21        6300 WILSHIRE BOULEVARD
          SUITE 1500
22        LOS ANGELES, CALIFORNIA  90048
          (323) 653-6530
23
24
25
```

EXHIBIT _____ 8

PAGE _____ 251

```
1    APPEARANCES (CONTINUED):

2

3    ALSO PRESENT:

4        DON KELLY - VIDEOGRAPHER
                     JTV LITIGATION SERVICES

5

         TUNNY SZTIRO- SPANISH INTERPRETER

6

         JILL THOMAS - MATTEL

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

A&E COURT REPORTERS (213) 955-0070 FAX: (213) 955-0077

EXHIBIT ___8___

PAGE ___252___

1    MARLOW?

2         A.    YES.

3         Q.    FOR HOW LONG HAD YOU BEEN WORKING WITH

4    MS. MARLOW ON THE BRATZ DOLL, PRIOR TO 2004?

5         A.    I STARTED AT THE END OF 2001.

6         Q.    WHEN YOU SAY "THE END," CAN YOU BE MORE

7    SPECIFIC ABOUT THAT?  IS THERE A MONTH?

8         A.    OCTOBER.

9         Q.    IS THERE A DOCUMENT THAT YOU'VE SEEN

10   THAT -- THAT TIES IT TO THAT DATE?

11        A.    NO.

12        Q.    WHAT MAKES YOU RECALL THE OCTOBER 2001

13   DATE?

14        A.    THAT'S MY BIRTHDAY.

15        Q.    SO IT'S YOUR TESTIMONY HERE TODAY THAT

16   YOU DID NOT START WORKING WITH VERONICA MARLOW OR

17   ANA CABRERA ON THE BRATZ DOLLS UNTIL OCTOBER 2001

18   AT THE EARLIEST?

19        A.    YES.

20        Q.    ARE YOU AWARE THAT -- YOU'RE NOW AWARE

21   THAT MGA IS ONE OF THE DEFENDANTS IN THIS CASE;

22   CORRECT?

23        A.    YES.

24        Q.    HAVE YOU EVER MET WITH OR SPOKEN WITH ANY

25   LAWYERS WHO REPRESENT MGA?

A&E COURT REPORTERS (213) 955-0070 FAX: (213) 955-0077

EXHIBIT _____ 8

PAGE _____ 253

```
 1          THE DEPONENT:  NO.

 2     BY MR. WEBSTER:

 3          Q.    DO YOU RECALL THAT YOU WERE INTERVIEWED

 4     AT MATTEL BEFORE YOU LEFT THE COMPANY THIS YEAR?

 5          A.    YES.

 6          Q.    DO YOU RECALL DISCUSSING ANYTHING AT THAT

 7     TIME REGARDING COVERING UP OR HIDING THE FACT THAT

 8     YOU WERE WORKING ON THE BRATZ DOLLS?

 9          A.    NO.

10          MS. BERTENTHAL:  OBJECTION; ARGUMENTATIVE.

11          MS. DIAZ:  ALSO VAGUE AND AMBIGUOUS.

12     BY MR. WEBSTER:

13          Q.    DO YOU RECALL WHETHER MS. CABRERA DID

14     ANYTHING TO COVER UP OR HIDE THE FACT THAT SHE WAS

15     WORKING ON THE BRATZ DOLLS?

16          MS. BERTENTHAL:  SAME OBJECTION.

17          MS. DIAZ:  SAME OBJECTION.

18          THE DEPONENT:  NO.

19     BY MR. WEBSTER:

20          Q.    WHO IS -- YOUR ATTORNEY SITTING NEXT TO

21     YOU, MS. DIAZ, THAT'S WHO'S HERE TO REPRESENT YOU

22     TODAY; CORRECT?

23          A.    YES.

24          Q.    DO YOU KNOW WHO IS PAYING HER FEES?

25          A.    AT THE BEGINNING, MRS. VERONICA MARLOW,
```

39

EXHIBIT _____ 8

PAGE _____ 254

```
 1    SHE RECOMMENDED HER.  AND SHE OFFERED ME TO HELP

 2    ME.

 3         Q.    DO YOU HAVE ANY UNDERSTANDING OF WHY

 4    MS. MARLOW OFFERED TO HELP YOU IN THAT WAY?

 5         MS. BERTENTHAL:  CALLS FOR SPECULATION.

 6         THE DEPONENT:  BECAUSE SHE FEELS BAD FOR ALL

 7    THE THINGS THAT I'M GOING THROUGH, ESPECIALLY THAT

 8    I LOST MY JOB, AND I HAVE NO MONEY.

 9    BY MR. WEBSTER:

10         Q.    SO MS. MARLOW IS PAYING FOR YOUR

11    ATTORNEY'S FEES, AS FAR AS YOU KNOW; IS THAT

12    CORRECT?

13         A.    UP TO THIS DATE, I HAVE NOT -- I DON'T

14    KNOW IF SHE HAD PAID HER.  THE ONLY THING THAT I

15    KNOW IS THAT SHE GAVE THE DEPOSIT.  THE FIRST

16    PAYMENT, THE FIRST DEPOSIT.  THAT'S IT.

17         Q.    AND HOW MUCH WAS THAT?

18         A.    2,500.  JUST FOR ME.

19         Q.    AND DO YOU KNOW IF MS. MARLOW IS ALSO

20    PAYING FOR MS. CABRERA'S ATTORNEY'S FEES?

21         MS. BERTENTHAL:  OBJECTION; CALLS FOR

22    SPECULATION, NO PERSONAL KNOWLEDGE.

23         THE DEPONENT:  BUT I KNOW THE SAME -- THE SAME

24    THING LIKE WITH ME.

25    ///
```

40

EXHIBIT 8

PAGE 255

```
 1      A.   NO.

 2      Q.   -- ABOUT THIS?

 3           SO IT'S -- IT'S TRUE THAT YOU YOURSELF HAVE

 4   NEVER SPOKEN WITH ANYONE WHO WAS A MATTEL EMPLOYEE

 5   WHERE THAT PERSON SAID TO YOU, I'M DOING WORK FOR        11:17:47

 6   ANOTHER TOY COMPANY WHILE I'M EMPLOYED BY MATTEL; IS

 7   THAT CORRECT?

 8      A.   CORRECT.

 9      Q.   OTHER THAN HEARING ABOUT SOMEONE -- OR

10   OVERHEARING, I SHOULD SAY, ABOUT SOMEONE DOING WORK      11:18:03

11   ON A BRIDESMAID DRESS OVER THE WEEKEND, DID YOU HEAR

12   ABOUT ANY OTHER KIND OF WORK THAT ANYONE WAS DOING?

13   OTHER THAN MATTEL WORK, OF COURSE.

14      A.   I ANSWER YOUR QUESTION, IF I OVERHEARD

15   PEOPLE TALKING ABOUT THAT.                               11:18:19

16      Q.   NO, I UNDERSTAND.

17      A.   UH-HUH.

18      Q.   BUT -- BUT YOU TOLD ME EARLIER THAT YOU

19   OVERHEARD PEOPLE TALKING ABOUT WORKING ON A

20   BRIDESMAID'S DRESS; RIGHT?                               11:18:27

21      A.   AND OTHER -- WORK FOR OTHER COMPANIES TOO,

22   FOR OTHER -- YOU KNOW, I JUST DON'T WANT TO TALK

23   SPECIFIC AND I DON'T REMEMBER EXACTLY WHO WAS

24   TALKING ABOUT, BUT I -- IT WAS COMMON KNOWLEDGE THAT

25   THE PEOPLE DID THAT.                                     11:18:43
```

51

EXHIBIT 8

PAGE 256

1      Q.   WELL, YOU SAY IT'S COMMON KNOWLEDGE, AND

2   THAT'S WHAT I'M EXPLORING HERE.

3      A.   IN THE COMPANY, UH-HUH.

4      Q.   AND -- AND SO -- BECAUSE YOU KEEP ON SAYING

5   THIS, BUT I'M TRYING --                              11:18:51

6      A.   YEAH.

7      Q.   -- TO FIND OUT SOME DETAILS.

8           YOU MENTIONED THAT ONE KIND OF WORK OR THE

9   WORK THAT YOU OVERHEARD SOMEONE WAS DOING --

10     A.   UH-HUH.                                       11:18:55

11     Q.   -- THAT WAS NOT MATTEL WORK WAS WORKING ON

12  A BRIDESMAID'S DRESS.  DO YOU RECALL THAT?

13     A.   A BRIDAL DR- -- GOWNS, BRIDESMAID DRESSES,

14  DOING SOME OTHER WORK FOR THE COMPANY, FOR THE TOY

15  COMPANIES.  I OVERHEAR PEOPLE DO STUFF LIKE THAT.     11:19:13

16     Q.   WHAT OTHER --

17     A.   WORK ON THEIR OWN PROJECTS.  LIKE DEVELOP

18  THEIR OWN LINE OF HANDBAGS AND FITNESS EX- -- YOU

19  KNOW, FITNESS EXERCISE CLOTHINGS.  YOU KNOW.

20     Q.   OTHER THAN HEARING ABOUT BRIDESMAIDS'         11:19:32

21  DRESSES AND HANDBAGS THAT YOU OVERHEARD, ARE THERE

22  ANY OTHER TYPES OF WORK THAT SOMEONE SAID, THAT YOU

23  OVERHEARD, THAT THEY WERE DOING THAT WAS NOT MATTEL

24  WORK?

25          MR. MCFARLAND:  OBJECTION; MISSTATES HER      11:19:47

52

EXHIBIT _____ 8

PAGE _____ 257

```
 1        Q.    ARE YOU MARRIED?

 2        A.    YES.

 3        Q.    AND WHAT'S YOUR HUSBAND'S NAME?

 4        A.    GONZALO MORALES.

 5        Q.    AND DO YOU KNOW IF HE'S EVER DONE ANY

 6   WORK ON BRATZ?

 7        A.    NO.

 8        Q.    WHAT IS THE PHONE NUMBER OF YOUR ADDRESS?

 9        MS. DIAZ:  OBJECTION.

10             I'M GOING TO OBJECT AND INSTRUCT HER NOT

11   TO ANSWER ON THE BASIS OF PRIVACY.

12   BY MR. WEBSTER:

13        Q.    HOW DID YOU -- STRIKE THAT.

14             WHEN DID YOU FIRST START WORKING FOR

15   MATTEL?

16        A.    1998.

17        Q.    HOW WAS IT THAT YOU GOT A JOB AT MATTEL?

18        A.    THROUGH ANA.  ANA WAS WORKING THERE

19   ALREADY.  AND SHE RECOMMENDED ME.

20        Q.    HOW LONG HAD YOU KNOWN ANA FOR AT THAT

21   TIME?

22        A.    I KNOW ANA SINCE WE -- CHILDHOOD.

23        Q.    DO YOU RECALL IF ANA WAS WORKING AT

24   MATTEL AT THE TIME SHE MADE THAT RECOMMENDATION TO

25   YOU?
```

53

EXHIBIT _____ 8

PAGE _____ 258

1      A.    NO.

2      Q.    DID YOU EVER RECEIVE, OR DID YOU EVER

3  SIGN RECEIPTS REFLECTING MONEYS THAT WERE PAID TO

4  YOU BY MS. MARLOW FOR THE WORK YOU DID FOR HER?

5      MS. DIAZ:  I'M GOING TO OBJECT TO THE QUESTION

6  ON THE BASIS THAT IT INVADES MY CLIENT'S RIGHT TO

7  PRIVACY AND ALSO ADVISING HER TO INVOKE HER FIFTH

8  AMENDMENT RIGHT AGAIN TO SELF-INCRIMINATION.

9          INSTRUCT HER NOT TO ANSWER THAT QUESTION.

10     MR. WEBSTER:  LET'S MARK AS THE NEXT EXHIBIT

11 FOR IDENTIFICATION --

12     DEPOSITION REPORTER:  5448.

13     MR. WEBSTER:  JUST BEFORE YOU DO.

14 BY MR. WEBSTER:

15     Q.    MS. MORALES, ARE YOU GOING TO FOLLOW

16 YOUR -- YOUR ATTORNEY'S INSTRUCTION AND NOT ANSWER

17 MY QUESTION?

18     A.    YES.

19     MS. DIAZ:  AND I'M GOING TO PLACE ANOTHER

20 OBJECTION TO THESE RECORDS, AS I'VE NEVER SEEN

21 THEM.  THEY'RE CONFIDENTIAL EMPLOYMENT RECORDS THAT

22 HAVE BEEN PRODUCED IN THIS CASE, WITHOUT ANY

23 NOTICE, AS REQUIRED BY THE LAW, TO MY CLIENT.

24          AND I'M PUTTING THE PARTIES ON NOTICE

25 THAT MY CLIENT RESERVES THE RIGHT TO GO IN AND SEEK

182

EXHIBIT  8

PAGE  259

```
 1   DAMAGES FOR INVASION OF PRIVACY.
 2       MR. SHEK:  I'LL ALSO NOTE THAT THIS IS MARKED
 3   ATTORNEYS' EYES ONLY.
 4       MR. WEBSTER:  AND MS. THOMAS WILL HAVE TO LEAVE
 5   THE ROOM.
 6       MS. THOMAS:  OKAY.  SORRY.
 7           (MS. THOMAS LEAVES THE ROOM.)
 8       MR. WEBSTER:  THIS DOCUMENT IS A SERIES OF
 9   DOCUMENTS THAT APPEAR TO HAVE BEEN SIGNED BY
10   MS. MORALES.  BATES NO. KMW-M 7141, 7136, 7132,
11   7129, AND 7126.
12           (MORALES EXHIBIT NUMBER 5448 WAS
13            MARKED FOR IDENTIFICATION AND
14            IS BOUND UNDER SEPARATE COVER.)
15   BY MR. WEBSTER:
16       Q.   MY QUESTION IS:  MS.. MORALES, DID YOU
17   SIGN YOUR NAME ON ANY OF THESE DOCUMENTS?
18       MS. DIAZ:  AND I'M GOING TO OBJECT TO THIS
19   DOCUMENT AND THE QUESTION ON THE BASIS THAT IT
20   INVADES MY CLIENT'S RIGHT TO PRIVACY, INCORPORATES
21   MY PRIOR OBJECTIONS ABOUT THE LACK OF NOTICE AND
22   PRODUCTION OF THESE CONFIDENTIAL EMPLOYMENT
23   RECORDS.
24           AND I'M ALSO GOING TO ADVISE MY CLIENT TO
25   INVOKE HER RIGHT AGAINST SELF-INCRIMINATION UNDER
```

183

EXHIBIT ___ 8

PAGE ___ 260

1   THE CONSTITUTION.

2   BY MR. WEBSTER:

3       Q.    AND ARE YOU GOING TO FOLLOW YOUR LAWYER'S

4   INSTRUCTION AND NOT ANSWER ON THE GROUNDS OF THOSE

5   PRIVILEGES, MS. MORALES?

6       A.    YES.

7       MR. WEBSTER:  MARK AS THE NEXT EXHIBIT FOR

8   IDENTIFICATION 5449.  THIS IS A SERIES OF DOCUMENTS

9   BATES NUMBERED KMW-M 7143, 7138, 7139, 7140, 7135,

10  7131, 7128, AND 7134.

11              (MORALES EXHIBIT NUMBER 5449 WAS

12              MARKED FOR IDENTIFICATION AND

13              IS BOUND UNDER SEPARATE COVER.)

14  BY MR. WEBSTER:

15      Q.    DO YOU RECOGNIZE THESE DOCUMENTS,

16  MS. MORALES?

17      MS. DIAZ:  I'M GOING TO OBJECT, AGAIN, TO THESE

18  EXHIBITS THAT APPEAR TO CONSTITUTE CONFIDENTIAL

19  EMPLOYMENT RECORDS FROM SOME SOURCE THAT I AM

20  UNAWARE OF.

21              AND I'M INSTRUCTING MY CLIENT NOT TO

22  ANSWER YOUR QUESTIONS ON THE BASIS OF HER RIGHT TO

23  PRIVACY.

24  BY MR. WEBSTER:

25      Q.    AND ARE YOU GOING TO FOLLOW YOUR

184

EXHIBIT ___8___

PAGE ___261___

```
 1     FOLLOW YOUR ATTORNEY'S INSTRUCTION NOT TO ANSWER MY
 2     QUESTION ON ALL OF THOSE GROUNDS?
 3          A.   YES.
 4          Q.   WHEN YOU WERE WORKING FOR MS. MARLOW, YOU
 5     WERE PAID BY THE HOUR; CORRECT?
 6          A.   YES.
 7          Q.   DID YOU EVER RECEIVE ANY BENEFITS OTHER
 8     THAN THE HOURLY PAYMENTS THAT WERE MADE TO YOU;
 9     THAT IS, DID YOU RECEIVE ANY BENEFITS FROM
10     MS. MARLOW?
11          MR. SHEK:  OBJECTION; VAGUE AND AMBIGUOUS.
12          MS. DIAZ:  THAT'S A "YES" OR "NO" ANSWER.
13          THE DEPONENT:  NO.
14     BY MR. WEBSTER:
15          Q.   GOING BACK TO EXHIBIT 5449 THAT'S IN
16     FRONT OF YOU, DOES YOUR SIGNATURE APPEAR ANYWHERE
17     ON THOSE DOCUMENTS?
18          MS. DIAZ:  I AM GOING TO OBJECT TO THAT
19     QUESTION ON THE BASIS THAT, AGAIN, IT INVADES MY
20     CLIENT'S RIGHT TO PRIVACY.
21               AND I SHOULD HAVE HAD NOTICE PRIOR TO
22     TODAY.
23               AND I'M ALSO ADVISING HER TO INVOKE HER
24     FIFTH AMENDMENT RIGHT AGAINST SELF-INCRIMINATION.
25     ///
```

192

EXHIBIT ____8____

PAGE ___262___

```
1    BY MR. WEBSTER:
2         Q.    AND, MS. MORALES, YOU'RE GOING TO FOLLOW
3    YOUR ATTORNEY'S INSTRUCTIONS NOT TO ANSWER THE
4    QUESTION ON ALL OF THOSE GROUNDS?
5         A.    YES.
6         Q.    DID YOUR HUSBAND GONZALO MORALES EVER
7    HAVE ANY CONTACT WITH VERONICA MARLOW?
8         MS. DIAZ:  OBJECTION; CALLS FOR SPECULATION.
9         THE DEPONENT:  NO.
10   BY MR. WEBSTER:
11        Q.    DID YOUR HUSBAND GONZALO MORALES EVER DO
12   ANY WORK FOR VERONICA MARLOW?
13        MR. SHEK:  OBJECTION; ASKED AND ANSWERED.
14        MS. DIAZ:  ASKED AND ANSWERED.
15   BY MR. WEBSTER:
16        Q.    AND THE ANSWER IS?
17        A.    I ALREADY ANSWERED THAT QUESTION.
18        Q.    AND THE ANSWER IS "NO"?
19        A.    NO.
20        Q.    DID -- YOU'RE AWARE THAT VERONICA MARLOW
21   HAD SOME COMPANIES THROUGH WHICH SHE DID THE
22   BUSINESS OF CREATING THE DOLL FASHIONS?  YOU'RE
23   AWARE OF THAT?
24        MR. SHEK:  OBJECTION; VAGUE AND AMBIGUOUS.
25        THE DEPONENT:  NO.
```

193

EXHIBIT   8
PAGE   263

1      THIS WILL BE EXHIBIT 5450.

2                  (MORALES EXHIBIT NUMBER 5450 WAS

3             MARKED FOR IDENTIFICATION AND

4             IS BOUND UNDER SEPARATE COVER.)

5      MR. SHEK:  THIS IS 5450; RIGHT?

6      MR. WEBSTER:  YES.

7  BY MR. WEBSTER:

8      Q.   DOES YOUR SIGNATURE APPEAR ANYWHERE ON

9  THESE DOCUMENTS, MS. MORALES?

10     MS. DIAZ:  I'M GOING TO OBJECT TO THESE RECORDS

11  AGAIN AS THEY APPEAR TO BE CONFIDENTIAL, PRIVATE

12  EMPLOYMENT RECORDS THAT I'VE NEVER SEEN BEFORE.

13             AND I'M ALSO GOING TO INSTRUCT MY CLIENT

14  NOT TO ANSWER ON THE BASIS OF HER FIFTH AMENDMENT

15  RIGHT AGAINST SELF-INCRIMINATION.

16     MR. WEBSTER:  LET ME ASK THE QUESTION.

17  BY MR. WEBSTER:

18     Q.   ARE YOU GOING TO ANSWER YOUR -- ARE YOU

19  GOING TO FOLLOW YOUR ATTORNEY'S INSTRUCTION AND NOT

20  ANSWER MY QUESTIONS ON THIS DOCUMENT BASED ON ALL

21  THOSE INSTRUCTIONS?

22     A.   YES.

23     MR. WEBSTER:  AND, COUNSEL, YOU WON'T LET ME

24  ASK HER A QUESTION ABOUT WHETHER OR NOT THIS

25  REFRESHES HER RECOLLECTION THAT SHE WAS FAMILIAR

195

EXHIBIT 8

PAGE 264

1    WITH THE DOLL BAG, INC. ENTITY, EVEN THOUGH THESE

2    MANY DOCUMENTS SHOW THAT SHE WAS SIGNING FOR

3    RECEIPT OF MONEYS THAT WAS PAID TO HER BY DOLL BAG,

4    INC.?  IS THAT CORRECT?

5        MS. DIAZ:  I'M NOT ALLOWING HER TO ANSWER ANY

6    QUESTIONS ON THE BASIS OF THESE DOCUMENTS FOR THE

7    REASONS THAT I PREVIOUSLY STATED.

8        MR. WEBSTER:  THE REASON I'M ASKING --

9        MS. DIAZ:  IF YOU WANT TO MAKE THIS -- I'M A

10   FIRM BELIEVER IN MAKING THE RECORD SO THAT IF WE GO

11   TO COURT AND GO BEFORE THE JUDGE, THERE'S A RECORD

12   BEFORE HIM.

13        AS TO THE QUESTION YOU'VE ASKED, I'VE

14   ALREADY STATED MY OBJECTION AND INSTRUCTION.

15        MR. WEBSTER:  ALL RIGHT.

16   BY MR. WEBSTER:

17        Q.   DO YOU SEE ON -- YOUR SIGNATURE APPEARS

18   ON ALL OF THESE PAGES THAT ARE MARKED IN THIS

19   EXHIBIT?

20        MS. DIAZ:  AND I'M GOING TO OBJECT TO THAT

21   QUESTION ON THE BASIS OF -- AND I'M GOING TO OBJECT

22   TO THAT QUESTION AND INSTRUCT MY CLIENT TO INVOKE

23   HER FIFTH AMENDMENT RIGHT AGAINST

24   SELF-INCRIMINATION.  AND INSTRUCT NOT TO ANSWER.

25   ///

196

EXHIBIT    8

PAGE    265

1    BY MR. WEBSTER:

2        Q.    DO YOU SEE THAT ON ALL OF THESE PAGES

3    THAT YOU SIGNED, DURING 2004 AND 2005, THAT IT

4    REFERS TO YOU AS BEING AN INDEPENDENTLY

5    CONTRACTED -- STRIKE THAT.

6            THEY ALL REFER TO THE SERVICES YOU

7    PROVIDED AS BEING FOR INDEPENDENTLY CONTRACTED

8    SERVICES.

9            DO YOU SEE THAT?

10       MS. DIAZ:   AND NOW I'M GOING TO INSTRUCT --

11   OBJECT AND INSTRUCT MY CLIENT, ADVISE HER TO TAKE

12   HER FIFTH AMENDMENT RIGHT AGAINST

13   SELF-INCRIMINATION AND NOT ANSWER THAT QUESTION.

14   BY MR. WEBSTER:

15       Q.    AND, MS. MORALES, YOU'RE GOING TO FOLLOW

16   YOUR ATTORNEY'S INSTRUCTIONS AND NOT ANSWER ANY OF

17   MY QUESTIONS ON THIS DOCUMENT, INCLUDING THE ONE I

18   JUST ASKED YOU, BASED ON ALL OF THE INSTRUCTIONS

19   THAT SHE JUST GAVE YOU; IS THAT CORRECT?

20       A.    YES.

21       Q.    DID THERE COME A TIME IN 2005 WHEN

22   MS. MORALES [SIC] STARTED MAKING PAYMENTS TO YOUR

23   HUSBAND GONZALO MORALES?

24       MR. SHEK:   OBJECTION; VAGUE AND AMBIGUOUS.

25       MS. DIAZ:   AND I WANT TO ALSO OBJECT AND

197

A&E COURT REPORTERS (213) 955-0070 FAX: (213) 955-0077

EXHIBIT 8

PAGE 266

1   INSTRUCT HER NOT TO ANSWER THAT QUESTION ON THE

2   BASIS THAT -- HER FIFTH AMENDMENT RIGHT AGAINST

3   SELF-INCRIMINATION.

4        MR. WEBSTER:  LET'S MARK FOR IDENTIFICATION --

5   STRIKE THAT.

6   BY MR. WEBSTER:

7        Q.   MS. MORALES, YOU'RE GOING TO FOLLOW YOUR

8   ATTORNEY'S INSTRUCTIONS AND NOT ANSWER ANY OF MY

9   QUESTIONS BASED ON ALL OF HER INSTRUCTIONS THAT SHE

10  JUST GAVE YOU; IS THAT CORRECT?

11       A.   YES.

12       MR. WEBSTER:  CAN WE MARK AS THE NEXT EXHIBIT

13  FOR IDENTIFICATION EXHIBIT 5451, WHICH ARE MARKED

14  KMW-M 9837, 8563, 9715, 9834, 9462, 9463, 9464,

15  9465, AND 8690.

16            (MORALES EXHIBIT NUMBER 5451 WAS

17             MARKED FOR IDENTIFICATION AND

18             IS BOUND UNDER SEPARATE COVER.)

19  BY MR. WEBSTER:

20       Q.   DID YOU SIGN YOUR NAME ON ANY OF THESE --

21  STRIKE THAT.

22            DID YOU WRITE ANYTHING ON ANY OF THESE

23  DOCUMENTS THAT YOU CAN SEE?

24       MS. DIAZ:  I'M GOING TO OBJECT AND INSTRUCT MY

25  CLIENT NOT TO ANSWER THAT QUESTION ON THE BASIS OF

198

EXHIBIT _____ 8

PAGE _____ 267

1    HER RIGHT -- FIFTH AMENDMENT RIGHT AGAINST

2    SELF-INCRIMINATION.

3            I'M ALSO -- AND THAT'S -- WITHDRAWN.

4    STRIKE THE LAST PART.

5       MR. WEBSTER:  CAN I HEAR THE OBJECTIONS,

6    PLEASE.

7            (THE RECORD WAS READ AS FOLLOWS:

8            MS. DIAZ:  I'M GOING TO OBJECT AND

9        INSTRUCT MY CLIENT NOT TO ANSWER THAT

10       QUESTION ON THE BASIS OF HER FIFTH

11       AMENDMENT RIGHT AGAINST

12       SELF-INCRIMINATION.)

13   BY MR. WEBSTER:

14      Q.    AND, MS. MORALES, WILL YOU FOLLOW YOUR

15   ATTORNEY'S INSTRUCTION AND NOT ANSWER THAT

16   QUESTION -- OR ANY QUESTIONS ON THIS DOCUMENT?

17      A.    YES.

18      Q.    DOES THIS -- DO ANY OF THESE DOCUMENTS

19   THAT ARE NOW IN FRONT OF YOU REFRESH YOUR

20   RECOLLECTION THAT GONZALO MORALES, WHO, ACCORDING

21   TO DOCUMENT KMW 9462, RESIDES AT YOUR SAME HOME

22   ADDRESS?

23      THE INTERPRETER:  MAY I HAVE A REPETITION OF

24   THE LAST PART, COUNSEL, PLEASE?

25      MR. WEBSTER:  YEAH.  LET ME JUST REPHRASE IT.

199

EXHIBIT _____ 8

PAGE _____ 268

BY MR. WEBSTER:

 Q. LOOKING AT THESE DOCUMENTS NOW, DO ANY OF THEM REFRESH YOUR RECOLLECTION, MS. MORALES, THAT A GONZALO MORALES, WITH YOUR SAME HOME ADDRESS, AT 4835 WEST 112TH, INGLEWOOD, CALIFORNIA, HAD SOME ECONOMIC RELATIONSHIP WITH DOLL BAG, INC.?

 MS. DIAZ: FIRST OBJECTION; VAGUE AND AMBIGUOUS, COMPOUND.

   THEN I'M GOING TO -- TO THE EXTENT THAT THE QUESTION IS INTELLIGIBLE [SIC] I'M GOING TO INSTRUCT MY CLIENT NOT TO ANSWER ON THE BASIS OF HER FIFTH AMENDMENT RIGHT AGAINST SELF-INCRIMINATION.

BY MR. WEBSTER:

 Q. AND WILL YOU FOLLOW YOUR ATTORNEY'S INSTRUCTION NOT ANSWER MY QUESTION, MS. MORALES?

 A. YES.

 Q. IF YOU LOOK AT KMW 9715, IT'S A TIME SHEET FOR GONZALO MORALES.

   DO YOU SEE THAT?

 MS. DIAZ: AND I'M GOING TO OBJECT AND INSTRUCT MY CLIENT NOT TO ANSWER ANY QUESTIONS ON THE BASIS OF HER FIFTH AMENDMENT RIGHT AGAINST SELF-INCRIMINATION.

 ///

200

EXHIBIT _____ 8

PAGE _____ 269

1    BY MR. WEBSTER:

2       Q.    OKAY.  AND, MS. MORALES, YOU FOLLOW YOUR

3    CLIENT -- YOUR ATTORNEY'S INSTRUCTION AND NOT

4    ANSWER THAT QUESTION?

5       A.    YES.

6       MR. WEBSTER:  LET'S MARK AS THE NEXT EXHIBIT

7    FOR IDENTIFICATION EXHIBIT 5452.  IT IS BATES

8    NO. KMW-M 9761 THROUGH -- LET ME READ THE NUMBERS:

9    9764, 9789, 9785, 9782, 9780, 9808, 9819, 9826,

10   9813, 9894, 9896, 9886, 9882, 16107, 9901, 9726,

11   9871, 9865, 9873, 9856, 9845, AND 9853.

12            (MORALES EXHIBIT NUMBER 5452 WAS

13            MARKED FOR IDENTIFICATION AND

14            IS BOUND UNDER SEPARATE COVER.)

15   BY MR. WEBSTER:

16      Q.    AND MY QUESTION IS:  DO YOU RECOGNIZE

17   THESE DOCUMENTS, MS. MORALES?

18      MS. DIAZ:  I'M GOING TO OBJECT AND INSTRUCT MY

19   CLIENT NOT TO ANSWER THAT QUESTION ON THE BASIS --

20   FIRST OF ALL, I'M GOING TO INCORPORATE ALL MY PRIOR

21   OBJECTIONS, AS THESE APPEAR TO BE PERSONAL,

22   CONFIDENTIAL RECORDS THAT CAME FROM SOME SOURCE.

23   I'VE NEVER SEEN THEM.  I DON'T KNOW THE SOURCES.

24   THEY'RE PROTECTED BY RIGHT TO PRIVACY.

25            SECOND, I'M INSTRUCTING HER NOT TO ANSWER

201

EXHIBIT 8

PAGE 270

```
 1    THAT QUESTION ON THE BASIS OF HER FIFTH AMENDMENT

 2    RIGHT AGAINST SELF-INCRIMINATION.

 3    BY MR. WEBSTER:

 4        Q.    OKAY.  AND WILL YOU FOLLOW YOUR

 5    ATTORNEY'S INSTRUCTION AND NOT ANSWER MY QUESTIONS

 6    ON ALL OF THOSE GROUNDS, AS TO THESE DOCUMENTS,

 7    MS. MORALES?

 8        MS. DIAZ:  COUNSEL, FOR THE RECORD, YOU CAN ASK

 9    YOUR SPECIFIC QUESTIONS.  I'M NOT INSTRUCTING HER

10    NOT TO ANSWER ALL OF YOUR SPECIFIC QUESTIONS.  I'LL

11    TAKE IT ON A QUESTION-BY-QUESTION BASIS, IF YOU

12    WANT TO MAKE A CLEAN RECORD.

13        MR. WEBSTER:  I'M TRYING.

14            MY QUESTION WAS:  "DO YOU RECOGNIZE THESE

15    DOCUMENTS?"

16            YOU INSTRUCTED HER.  AND I'M ASKING HER

17    IS SHE FOLLOWING YOUR INSTRUCTION.

18    BY MR. WEBSTER:

19        Q.    ARE YOU FOLLOWING YOUR ATTORNEY'S

20    INSTRUCTION AND NOT ANSWERING THAT QUESTION ABOUT

21    THE DOCUMENTS, ON THE GROUNDS OF THOSE OBJECTIONS

22    THAT SHE'S MADE?

23        A.    YES.

24        MR. WEBSTER:  I'LL JUST NOTE FOR THE RECORD,

25    MS. DIAZ, YOU'VE SAID THAT YOU'RE NOT SURE WHERE
```

202

EXHIBIT _____ 8

PAGE _____ 271

1      Q.    AND DID YOU HAVE AN UNDERSTANDING OF WHAT

2  WAS DONE WITH THOSE RECORDS BY MS. MARLOW?

3      A.    NO.

4      Q.    DID YOU UNDERSTAND THAT SHE WAS USING

5  THOSE RECORDS AS THE BASIS TO MAKE PAYMENTS TO YOU

6  FOR THE WORK YOU DID?

7      A.    IT'S POSSIBLE, BECAUSE THAT WAS THE TIME

8  THAT I WAS WORKING.  IT WAS OBVIOUS THAT SHE WAS

9  GOING TO PAY ME, YES.

10     Q.    AND IT WAS OBVIOUS THAT SHE WAS GOING TO

11 PAY YOU AND NOT SOMEBODY ELSE FOR THE WORK THAT YOU

12 DID?

13     MS. DIAZ:  OBJECTION; ARGUMENTATIVE.

14 BY MR. WEBSTER:

15     Q.    WAS THAT OBVIOUS ALSO?

16     MS. DIAZ:  AND I'M ALSO INSTRUCTING HER NOT TO

17 ANSWER ON THE BASIS OF FIFTH AMENDMENT RIGHT

18 AGAINST SELF-INCRIMINATION.  ALSO COMPOUND.

19 BY MR. WEBSTER:

20     Q.    AND ARE YOU GOING TO FOLLOW YOUR

21 ATTORNEY'S INSTRUCTION AND NOT ANSWER MY QUESTION?

22     A.    YES.

23     MR. WEBSTER:  LET'S TAKE A BREAK FOR ONE

24 MOMENT, PLEASE.

25     MS. DIAZ:  HOW MUCH LONGER DO YOU HAVE,

207

A&E COURT REPORTERS (213) 955-0070 FAX: (213) 955-0077

EXHIBIT _____ 8

PAGE _____ 272

```
1                    DECLARATION OF DEPONENT
2         I CERTIFY UNDER PENALTY OF PERJURY UNDER THE
     LAWS OF THE STATE OF CALIFORNIA THAT THE FOREGOING
3    IS TRUE AND CORRECT.
4
     EXECUTED AT_____, ON_____
5                     (PLACE)                (DATE)
6
7

8    _____
                     (SIGNATURE OF DEPONENT)
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

240

EXHIBIT _____ 8

PAGE _____ 273

```
 1    STATE OF CALIFORNIA      )
                               )    SS.
 2    COUNTY OF LOS ANGELES    )

 3             I,   RENEE A. PACHECO    , CERTIFIED

 4    SHORTHAND REPORTER, CERTIFICATE NUMBER 11564, FOR

 5    THE STATE OF CALIFORNIA, HEREBY CERTIFY:

 6             THE FOREGOING PROCEEDINGS WERE TAKEN

 7    BEFORE ME AT THE TIME AND PLACE THEREIN SET FORTH,

 8    AT WHICH TIME THE DEPONENT WAS PLACED UNDER OATH BY

 9    ME;

10             THE TESTIMONY OF THE DEPONENT AND ALL

11    OBJECTIONS MADE AT THE TIME OF THE EXAMINATION WERE

12    RECORDED STENOGRAPHICALLY BY ME AND WERE THEREAFTER

13    TRANSCRIBED;

14             THE FOREGOING TRANSCRIPT IS A TRUE AND

15    CORRECT TRANSCRIPT OF MY SHORTHAND NOTES SO TAKEN;

16             I FURTHER CERTIFY THAT I AM NEITHER

17    COUNSEL FOR NOR RELATED TO ANY PARTY TO SAID ACTION

18    NOR IN ANY WAY INTERESTED IN THE OUTCOME THEREOF.

19             IN WITNESS WHEREOF, I HAVE HEREUNTO

20    SUBSCRIBED MY NAME THIS   5TH   DAY OF

21    _____May_____, 2008.

22                        Renee A. Pacheco
23

24

25
```

241

EXHIBIT _____8_____

PAGE _____274_____

EXHIBIT 9

**THIS EXHIBIT IS FILED UNDER SEAL**

**PURSUANT TO PROTECTIVE ORDER**

EXHIBIT 10

THIS EXHIBIT IS FILED UNDER SEAL

PURSUANT TO PROTECTIVE ORDER

EXHIBIT 11

THIS EXHIBIT IS FILED UNDER SEAL

PURSUANT TO PROTECTIVE ORDER

EXHIBIT 12

THIS EXHIBIT IS FILED UNDER SEAL

PURSUANT TO PROTECTIVE ORDER

EXHIBIT 13

THIS EXHIBIT IS FILED UNDER SEAL

PURSUANT TO PROTECTIVE ORDER

EXHIBIT 14

THIS EXHIBIT IS FILED UNDER SEAL

PURSUANT TO PROTECTIVE ORDER

EXHIBIT 15

THIS EXHIBIT IS FILED UNDER SEAL

PURSUANT TO PROTECTIVE ORDER