EXHIBIT 16

THIS EXHIBIT IS FILED UNDER SEAL

PURSUANT TO PROTECTIVE ORDER

EXHIBIT 17

THIS EXHIBIT IS FILED UNDER SEAL

PURSUANT TO PROTECTIVE ORDER

EXHIBIT 18

THIS EXHIBIT IS FILED UNDER SEAL

PURSUANT TO PROTECTIVE ORDER

EXHIBIT 19

THIS EXHIBIT IS FILED UNDER SEAL

PURSUANT TO PROTECTIVE ORDER

EXHIBIT 20

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 090378)
2      (johnquinn@quinnemanuel.com)
     Michael T. Zeller (Bar No. 196417)
3      (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4      (joncorey@quinnemanuel.com)
     Timothy L. Alger (Bar No. 160303)
5      (timalger@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
6  Los Angeles, California 90017-2543
   Telephone:  (213) 443-3000
7  Facsimile:  (213) 443-3100

8  Attorneys for Mattel, Inc.

9
               UNITED STATES DISTRICT COURT
10
               CENTRAL DISTRICT OF CALIFORNIA
11
                     EASTERN DIVISION
12

13  CARTER BRYANT, an individual,      Case No. CV 04-09049 SGL (RNBx)

14              Plaintiff,              Consolidated with
                                        Case No. CV 04-09059
15        vs.                           Case No. CV 05-02727

16  MATTEL, INC., a Delaware           **DISCOVERY MATTER**
    corporation,
17                                      [Assigned to Hon. Edward A. Infante,
                Defendant.              Discovery Master]
18
                                        STIPULATION AND [PROPOSED]
19  AND CONSOLIDATED CASES              ORDER REGARDING FINANCIAL
                                        RECORDS RELATED TO VERONICA
20                                      MARLOW AND DOCUMENT
                                        SUBPOENAS ISSUED TO DOLL
21                                      BAG, INC.; VERONICA MARLOW,
                                        INC.; AND MARLOW TECHNO-
22                                      LOGIC, INC.

23
                                        Phase 1:
24                                      Discovery Cut-off:     January 28, 2008
                                        Pre-trial Conference:  May 5, 2008
25                                      Trial Date:            May 27, 2008

26

27

28

07209/2461197.2

STIPULATION  RE MARLOW FINANCIAL OR BANKING RECORDS

EXHIBIT _____ 20

PAGE _____ 602

## STIPULATION

WHEREAS, Mattel, Inc. ("Mattel") served subpoenas *duces tecum* on certain third parties, including Washington Mutual Bank, Wells Fargo Bank, Union Bank of California, Bank of America, Capital Bank & Trust c/o American Funds, ING Direct, Charles Schwab, International Rectifier Federal Credit Union, Mattel Federal Credit Union, A. Mitch Bhatia, and Kenneth R. Bailey, seeking financial or bank records regarding Veronica Marlow ("Marlow"), a third party witness in the above-entitled action, (the "Financial/Bank Records Subpoenas");

WHEREAS, Mattel served subpoenas *duces tecum* on Marlow-related entities Doll Bag, Inc., Veronica Marlow, Inc., and Marlow Techno-Logic, Inc. ("The Marlow-Related Entities");

WHEREAS, on January 28, 2008, Mattel filed a Motion for Leave to Obtain Discovery After the Phase 1 Discovery Cut-Off in Response to Subpoenas Serviced on Doll Bag, Inc., Veronica Marlow, Inc., Marlow Techno-Logic, Inc., and Washington Mutual Bank, among others, and Marlow filed her Motion to Compel Mattel to Purge Itself of Private Bank Records (the "Motions");

WHEREAS, in accordance with the Discovery Master's instructions, the parties have met and conferred on the Motions and have reached an agreement resolving the issues raised by the Motions;

WHEREAS, Marlow has no objection to and will not oppose the production of documents by third parties directly to Mattel's counsel in response to The Financial/Bank Records Subpoenas, provided the documents are designated "Confidential – Attorneys' Eyes Only";

WHEREAS, Marlow's counsel agreed to accept service of the subpoenas Mattel issued to The Marlow-Related Entities, and such service was completed as of January 28, 2008;

07209/2461197.2

-2-
STIPULATION RE MARLOW FINANCIAL OR BANKING RECORDS

EXHIBIT ___20___

PAGE ___603___

1        WHEREAS, the parties have agreed to narrow the scope of document

2 request numbers 1, 3, 4-21, 33, and 34 set forth in the subpoenas issued by Mattel to

3 each of The Marlow-Related Entities;

4        WHEREAS, the parties have agreed to set the deposition of Peter

5 Marlow for a mutually agreeable date during the week of April 14, 2008. If,

6 however, Mattel has not received all documents responsive to the Financial/Bank

7 Records Subpoenas and the subpoenas issued to The Marlow-Related Entities at

8 least five calendar days before the date selected, the parties have agreed to promptly

9 meet and confer to discuss the scheduling for such deposition.

10        NOW, THEREFORE, Mattel and Marlow hereby stipulate, by and

11 through their counsel of record and subject to the Court's approval, that:

12    1.    Marlow and her husband, Peter Marlow, will promptly deliver to

13 Mattel's counsel any and all financial or banking records produced pursuant to the

14 Financial/Bank Records Subpoenas in their possession, custody, or control;

15    2.    Marlow's counsel will promptly deliver to Mattel's counsel any  and all

16 financial or banking records regarding Marlow in its possession, custody, or control;

17    3.    Marlow's counsel will confirm in writing that Marlow has previously

18 identified for Mattel all bank accounts that she and/or The Marlow-Related Entities

19 have used from January 1, 1999 through December 31, 2007, including without

20 limitation the names of the financial institution(s) and account number(s)(including

21 those used in 1999 and 2000) and will promptly provide any such information not

22 previously provided to Mattel;

23    4.    The scope of document request numbers 1, 3, 4-21, 33, and 34

24 contained in the subpoenas issued by Mattel to each of The Marlow-Related Entities

25 is narrowed as follows:

26

27

28

07209/2461197.2

-3-

STIPULATION RE MARLOW FINANCIAL OR BANKING RECORDS

EXHIBIT _____ 20

PAGE _____ 604

a.    Document Request No. 1:  The scope of this request is narrowed to "YOUR formation DOCUMENTS and drafts thereof."

b.    Document Request No. 3:  The scope of this request is narrowed to "YOUR accounting, payroll, budget, and work records RELATING TO work or services performed by YOU or for YOU, DESIGNS created by YOU or FOR YOU, and payments received by YOU or made by YOU RELATING to BRATZ, BRYANT, MGA, ISAAC LARIAN, or MATTEL, as well as YOUR profit and loss statements, financial statements (unaudited and audited, if any), and account information and statements, from January 1, 1999 to the present.  To the extent that YOUR profit and loss statements, financial statements (unaudited and audited, if any), and account information and statements RELATE only to Peter Marlow's business activities that are wholly unrelated to BRATZ, BRYANT, MGA, ISAAC LARIAN, or MATTEL, they need not be produced."

c.    Document Request Nos. 4 and 5:  The scope of these requests is narrowed to "DOCUMENTS sufficient to show [the] corporate and/or financial relationship [between and among The Marlow-Related Entities] since January 1, 1999."

d.    Document Request Nos. 6-15:  The scope of these requests is narrowed to "DOCUMENTS sufficient to show all payments or transfers of value from [each of The Marlow-Related Entities] to [the person(s) identified in the respective requests] RELATING TO BRATZ, BRYANT, MGA, ISAAC LARIAN, OR MATTEL."

e.    Document Request Nos. 16:  The scope of this request is narrowed to "DOCUMENTS sufficient to show all payments or transfers of value from MGA to [each of The Marlow-Related Entities]."

07209/2461197.2

-4-
STIPULATION RE MARLOW FINANCIAL OR BANKING RECORDS

EXHIBIT ___20___

PAGE ___605___

f.   <u>Document Request Nos. 17-21</u>: The scope of these requests are narrowed to "DOCUMENTS sufficient to show all payments or transfers of value between [each of The Marlow-Related Entities] and BRYANT, VERONICA MARLOW, ISAAC LARIAN, and [one of the other The Marlow-Related Entities].

g.   <u>Document Request Nos. 33</u>: The scope of this request is narrowed to "DOCUMENTS sufficient to show all business expenses incurred by VERONICA MARLOW RELATED TO MGA, BRYANT, BRATZ, ISAAC LARIAN, or MATTEL since January 1, 1999, including without limitation receipts, invoices, correspondence, e-mails, credit card statements, cancelled checks, and wire transfers."

h.   <u>Document Request Nos. 34</u>: The scope of this request is narrowed to "DOCUMENTS sufficient to show all business expenses incurred by [each of The Marlow-Related Entities] between January 1, 1999 and December 31, 2001 RELATED TO MGA, BRYANT, or ISAAC LARIAN RELATED TO any toy project, doll, DESIGN other than BRATZ, including without limitation receipts, invoices, correspondence, e-mails, credit card statements, cancelled checks, and wire transfers."

5.   Subject to approval of this Stipulation by the Court, Mattel hereby withdraws its Motion for Leave to Obtain Discovery After the Phase 1 Discovery Cut-Off in Response to Subpoenas Serviced on Doll Bag, Inc., Veronica Marlow, Inc., Marlow Techno-Logic, Inc. and Washington Mutual Bank.

6.   Subject to approval of this Stipulation by the Court, Marlow hereby withdraws her Motion to Compel Mattel to Purge Itself of Private Bank Records.

7.   The deposition of Peter Marlow shall be set for a mutually agreeable date during the week of April 14, 2008.  If, however, Mattel has not received all documents responsive to the Financial/Bank Records Subpoenas and the subpoenas

07209/2461197.2

-5-

STIPULATION RE MARLOW FINANCIAL OR BANKING RECORDS

EXHIBIT 20

PAGE 606

1   issued to The Marlow-Related Entities at least five calendar days before the date
2   selected, the parties shall promptly meet and confer to discuss the scheduling for
3   such deposition.

4                        **IT IS SO STIPULATED.**

5
6   DATED: ~~March~~ *April* 8, 2008          KEATS McFARLAND & WILSON LLP
7
8                                        By _____
9                                           Larry McFarland
                                            Attorneys for Veronica Marlow
10
11  DATED: ~~March~~ *April* , 2008          QUINN EMANUEL URQUHART OLIVER &
12                                           HEDGES, LLP
13
14                                       By _____
15                                           B. Dylan Proctor
                                            Attorneys for Mattel, Inc.
16
17                        **ORDER**
18
19          **IT SO ORDERED.**
20
21  Date: _____ , 2008
22                                       _____
                                         HON. EDWARD INFANTE
23
24
25
26
27
28

07209/2461197.2

-6-
STIPULATION RE MARLOW FINANCIAL OR BANKING RECORDS

EXHIBIT _____ 20

PAGE _____ 607

EXHIBIT 21

THIS EXHIBIT IS FILED UNDER SEAL

PURSUANT TO PROTECTIVE ORDER

EXHIBIT 22

THIS EXHIBIT IS FILED UNDER SEAL

PURSUANT TO PROTECTIVE ORDER

EXHIBIT 23

THIS EXHIBIT IS FILED UNDER SEAL

PURSUANT TO PROTECTIVE ORDER

EXHIBIT 24

THIS EXHIBIT IS FILED UNDER SEAL

PURSUANT TO PROTECTIVE ORDER

EXHIBIT 25

THIS EXHIBIT IS FILED UNDER SEAL

PURSUANT TO PROTECTIVE ORDER

EXHIBIT 26

THIS EXHIBIT IS FILED UNDER SEAL

PURSUANT TO PROTECTIVE ORDER

EXHIBIT 27

THIS EXHIBIT IS FILED UNDER SEAL

PURSUANT TO PROTECTIVE ORDER

EXHIBIT 28

THIS EXHIBIT IS FILED UNDER SEAL

PURSUANT TO PROTECTIVE ORDER

EXHIBIT 29

THIS EXHIBIT IS FILED UNDER SEAL

PURSUANT TO PROTECTIVE ORDER

EXHIBIT 30

Hon. Edward A. Infante (Ret.)
JAMS
Two Embarcadero Center
Suite 1500
San Francisco, California 94111
Telephone:    (415) 774-2611
Facsimile:    (415) 982-5287

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>CONSOLIDATED WITH<br>MATTEL, INC. v. BRYANT and<br>MGA ENTERTAINMENT, INC. v. MATTEL, INC. | CASE NO. C 04-09049 SGL (RNBx)<br>JAMS Reference No. 1100049530<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-2727<br><br>**ORDER GRANTING MATTEL'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND INTERROGATORY RESPONSES BY MGA** |

## I. INTRODUCTION

On February 2, 2007, Mattel, Inc. ("Mattel") submitted its Motion To Compel Production of Documents and Interrogatory Answers by MGA Entertainment, Inc. ("MGA"). On February 20, 2007, MGA submitted its opposition brief, and on February 26, 2007, Mattel submitted a reply brief. The matter was heard on March 5, 2007. Thereafter the motion was taken under submission pending the parties' submission of a proposed protective order, which was received

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT _____30_____

PAGE _____644_____

1

1  on April 23, 2007. Having considered the motion papers and comments of counsel at the hearing,

2  Mattel's motion to compel is granted.

3  II. BACKGROUND

4     A. <u>Requests for Documents</u>

5       In June of 2004, two months after Mattel filed suit against Bryant, and before MGA

6  became a party to the action, Mattel served MGA with an eight-page subpoena for twenty-one

7  categories of documents, to be produced in ten days. MGA filed a motion to quash, which the

8  court granted because of the short amount of time provided for compliance with the subpoena.

9  The parties met and conferred in July of 2004, and reached an agreement to limit the scope of

10  some of Mattel's requests. In particular, the parties agreed to limit production to the "first

11  generation" Bratz dolls. On August 12, 2004, MGA produced documents.

12       In 2005, the parties stipulated to supplementing their document productions on May 16,

13  2005. Mattel agreed to continue limiting its discovery requests to "first generation" Bratz dolls.

14       In September of 2006, MGA made a supplemental production of documents. On February

15  5, 2007, MGA produced about 2,300 pages of documents to replace earlier produced documents

16  with legibility problems. On February 20, 2007, MGA produced an additional 224 pages of

17  documents to replace earlier produced documents with legibility problems.

18       Mattel now moves to compel MGA to produce documents responsive to its requests. As a

19  preliminary matter, Mattel contends that MGA's production is deficient because it contains

20  redactions and cut-off text. Further, Mattel contends that MGA's production is incomplete with

21  respect to essentially five categories of documents. First, Mattel contends that MGA is

22  withholding documents relating to the origins of Bratz and Bryant's work for MGA. Mattel

23  believes that MGA's production is incomplete based upon its review of documents that have been

24  produced by third party Steven Linker. According to Mattel, Linker's documents from October

25  of 2000 show that Bratz was much farther along before Bryant left Mattel than MGA or Bryant

26  previously represented. Mattel also contends that MGA's responses to the document requests

27

28
   Bryant v. Mattel, Inc.,
   CV-04-09049 SGL (RNBx)

EXHIBIT _____36_____

PAGE _____645_____

2

1   contain inappropriate limitations, such as MGA's statement that it will produce "relevant and

2   responsive non-objectionable documents" or only that it will produce documents "sufficient" to

3   show when certain dates relating to Bratz occurred.  Mattel contends that these "carve outs

4   purport to allow MGA to cherry-pick what it will and will not produce to Mattel."  Mattel's

5   Separate Statement at 17:11-13.  Mattel also contends that the carve-outs fail to provide notice of

6   what is or is not being withheld.  Mattel also contends that MGA's objections based upon its

7   confidentiality concerns or the privacy rights of third parties are unwarranted in light of the

8   protective order in place.  In addition, Mattel contends that MGA's objection to producing

9   documents relating to activities or conduct in foreign countries is wholly improper because those

10   documents may contain information relevant to Mattel's claims.

11        Second, Mattel seeks documents relating to the origins of Bratz, regardless of whether

12   such documents relate to the "first generation" Bratz dolls.  Mattel argues that whether the work

13   ultimately resulted in Bratz dolls that were released at a particular time does not matter for

14   discovery purposes.  Mattel contends that the works created by Bryant during his Mattel

15   employment are highly relevant because Mattel owns them, regardless of whether they resulted in

16   a Bratz doll released at a particular time.[1]

17        Mattel next contends that MGA is improperly withholding documents about designs

18   Bryant created on Bratz dolls that were released after June 2001, even though such designs may

19   be derivative of work he did when employed by Mattel.  Mattel contends that it is entitled to

20   explore whether such works and the profits from Bratz dolls other than the "first generation"

21   Bratz dolls were derived from works owned by Mattel both for purposes of establishing liability

22   and damages.  Furthermore, Mattel asserts that the "first generation" limitation on discovery is

23   improper in light of Bryant's continuing duty not to use Mattel's confidential and proprietary

24   information as well as MGA's unfair competition claims.

25

26      [1]  Mattel also reiterates many of the arguments it made previously in connection with its earlier filed motion to compel Bryant to produce documents.

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT   30

PAGE   646

3

1     Mattel also asserts that MGA is improperly withholding documents relating to products,

2   services and matters other than those relating to "dolls." According to Mattel, it has evidence that

3   Bryant conceived of marketing and advertising ideas for the Bratz line while he was employed by

4   Mattel. Mattel contends that any such ideas or contributions may belong to it pursuant to the

5   Inventions Agreement.

6     Third, Mattel seeks documents relating to all of MGA's payments to Bryant, and not just

7   payments for the "first generation" Bratz dolls. Mattel asserts that such information is relevant

8   because (1) Mattel seeks all benefits Bryant received as a result of violating his duties to Mattel;

9   (2) under the Copyright Act, Mattel is entitled to all profits from infringement as well as actual

10   damages; and (3) payments may show when and what trade secret information Bryant and other

11   defendants allegedly misappropriated from Mattel.

12     Fourth, Mattel seeks documents relating to MGA's agreements with Bryant. Mattel

13   contends that all agreements between Bryant and MGA are relevant, not just the original

14   September 18, 2000 agreement. In particular, Mattel contends that it is entitled to discover all

15   documents relating to MGA and Bryant's alleged joint defense agreement because such

16   information would be relevant to demonstrate bias and lack of credibility.

17     Fifth, Mattel seeks production of all declarations, affidavits and other sworn written

18   statements from other cases that refer or relate to Bratz or Angel. Mattel contends that such

19   information may reveal relevant information about the date of creation of Bryant's Bratz

20   drawings.

21     In response, MGA denies withholding responsive documents and asserts that it has

22   produced volumes of documents responsive to Mattel's requests. In particular, MGA represents

23   that it has produced all responsive and relevant documents that it was able to locate in response to

24   request nos. 6, 7, 9, 26, 27, 32, 33, 34, 35, 36, 55, 69, and 70. Further, MGA asserts that even

25   before the motion was filed, it had agreed to address the vast majority of the issues raised in this

26   motion. In particular, MGA represents that it is diligently working to produce documents related

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT ___30___

PAGE ___ᴜ47___

4

1    to Bratz other than "first generation" Bratz in response to request nos. 1, 2, 8, 10, 11, 43, 45, 46,

2    49, 50, 51, 53, 57, 59, 61, 63, 64, 66, 96, 97, 98, 99 and 100. MGA represents that it informed

3    Mattel that it would produce documents pertaining to subsequent generations of Bratz dolls that

4    have been released on the market. In addition, MGA represents that it has agreed to produce

5    documents relevant to Bratz or Prayer Angels that it received from Union Bank. More

6    specifically, MGA represents that it agreed to review and produce documents provided to it by

7    Union Bank for the years 1999 – 2001 concerning payments that it could identify as being for

8    Bratz or Prayer Angels. MGA also represents that it has agreed to produce royalty statements.

9    Therefore, MGA views the motion as unnecessary.

10         MGA next contends that Mattel's motion should be denied for the following additional

11    reasons. First, MGA contends that Mattel is not entitled to MGA's product design documents for

12    unreleased products. MGA asserts that its product design documents for its unreleased toy

13    concepts are among its most highly valuable trade secrets. Furthermore, MGA contends that

14    designs and drawings for products currently under development, over six years after Bryant first

15    created his original Bratz drawings, have no relevance to any of Mattel's claims. In the event that

16    documents relating to unreleased products are ordered produced, MGA requests a protective order

17    under Rule 26(c), Fed.R.Civ.P., that limits the dissemination of its documents more drastically

18    than the current protective order provides. In the alternative, MGA requests that any order

19    compelling production of documents relating to unreleased products should essentially be stayed

20    until after MGA's products are publicly released.

21         Second, MGA contends that Mattel is not entitled to information concerning Bryant's

22    attorneys' fees because the information is privileged. Furthermore, MGA contends that the

23    information is not relevant to demonstrate bias because "there is no dispute that Bryant's interests

24

25

26

27

28

EXHIBIT _____30_____    5

PAGE _____648_____

1  in this case are aligned with those of MGA, and that Bryant is 'biased' in that sense." MGA's

2  Opposition at 24:9-12.[2]

3       Third, MGA asserts that Mattel is not entitled to review all non-public witness statements

4  and litigation documents concerning Bratz for a variety of reasons, including because Mattel has

5  refused to produce similar types of documents.  More significantly, MGA contends that Mattel's

6  requests for non-public witness statements are "a blatant attempt to avoid the discovery

7  limitations imposed by both the Federal Rules of Civil Procedure and those additional limitations

8  imposed by this Court." MGA's Opposition at 25:6-7.  MGA explains its position as follows.

9  MGA is involved in litigation against a number of counterfeiters and infringers in Asia.  In 2003,

10  Mattel allegedly began feeding documents concerning "Toon Teens" to those defendants in an

11  attempt to prove that Bryant created Bratz while working at Mattel, even though Mattel

12  abandoned its claims based upon "Toon Teens" in this court.  Thereafter, those defendants took

13  the position that MGA did not own, and therefore could not enforce, the rights to Bratz.  MGA

14  was thus forced to litigate the issue of ownership.  MGA contends that "[i]n effect, by prompting

15  foreign counterfeiters to espouse a theory that Mattel now admits has no merit, Mattel has created

16  a situation in which MGA has been forced to give testimony and provide evidence related to

17  issues in this case that Mattel now seeks to obtain wholesale." MGA's Opposition at 25:5-24.

18       Fourth, MGA contends that Mattel is not entitled to documents concerning a family

19  dispute between MGA's chief executive officer and his brother because such documents are in no

20  way relevant to this lawsuit.  MGA explains that the brothers were involved in an arbitration

21  proceeding relating to MGA's CEO's purchase of his brother's interest in MGA.  Moreover,

22  MGA contends that the brothers were bound by a protective order prohibiting the use of any

23  documents or testimony for any purpose other than the arbitration.

24

25

26     [2]  Nevertheless, MGA represents that it has produced the only non-privileged document responsive to the

27  request.

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT ___30___

PAGE ___649___

6

1    Fifth, MGA contends that Mattel is not entitled to its chief executive officer's personnel

2    files because they contain confidential information and are not relevant to the lawsuit. Sixth,

3    MGA contends that Mattel is not entitled to obtain documents from MGA that belong to, and are

4    in the possession, custody and control of, its indirect foreign subsidiary, MGA HK Ltd. Lastly,

5    MGA objects to producing documents relating to any testing performed to determine the date that

6    Bratz documents were created. MGA contends that such discovery is premature and should not

7    proceed until experts are designated.

8        B. <u>Interrogatories</u>

9        On April 28, 2005, Mattel served its Second Set of Interrogatories. On May 20, 2005,

10   however, the district court stayed the action. On May 17, 2006, the district court lifted the stay.

11   On May 30, 2006, MGA responded to the interrogatories.

12       Mattel contends that MGA's responses to the interrogatories were untimely. Further,

13   Mattel contends that the interrogatory responses to numbers five through eleven are deficient

14   because they lack substantive information and consist almost entirely of objections. MGA

15   responds that the motion is moot because it is prepared to provide supplemental responses to its

16   interrogatories. MGA does not otherwise assert any additional grounds for opposing Mattel's

17   motion to compel responses to interrogatories.

18                                   III. DISCUSSION

19       A. <u>Rule 26 of the Federal Rules of Civil Procedure</u>

20       Rule 26 of the Federal Rules of Civil Procedure provides that "[p]arties may obtain

21   discovery regarding any matter, not privileged, that is relevant to the claim or defense of any

22   party." Fed.R.Civ.P. 26(b)(1). "Relevant information need not be admissible at trial if the

23   discovery appears reasonably calculated to lead to the discovery of admissible evidence." <u>Id.</u>

24   Discovery shall, however, be limited by the court if it determines that: "(i) the discovery sought is

25   unreasonably cumulative or duplicative, or is obtainable from some other source that is more

26   convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample

27

28
Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT ___30___

PAGE ___650___

7

1   opportunity by discovery in the action to obtain the information sought; or (iii) the burden or

2   expense of the proposed discovery outweighs its likely benefit, taking into account the needs of

3   the case, the amount in controversy, the parties' resources, the importance of the issues at stake in

4   the litigation, and the importance of the proposed discovery in resolving the issues." Fed.R.Civ.P.

5   26(b)(2).

6        B. <u>Document Requests</u>

7           1. <u>Requests re Origins of Bratz and Bryant's Work for MGA (Nos. 6, 26, 27, 32, 33,</u>

8              <u>34, 35, 51, 53, 55, 64, 69, 96, 97, 98, 99, 100</u>

9       The requests above seek discoverable information regarding the origins of Bratz and

10   Bryant's work for MGA.  MGA represents that it has produced all responsive documents in

11   response to request nos. 6, 26, 27, 32, 33, 34, 35, 55,and  69 (MGA's Opposition at 13:4-5), and is

12   "diligently working to produce documents in response to" request nos. 51, 53, 64, 96, 97, 98, 99,

13   and 100, including documents related to Bratz other than "first generation" (MGA's Opposition at

14   14:1-4 and note 39).  MGA does, however, object to producing design documents for unreleased

15   products and documents from MGA Hong Kong.

16       As a threshold matter, MGA's responses are inadequate to the extent MGA has restricted

17   its production to "relevant and responsive non-objectionable documents" or documents

18   "sufficient" to show when events relating to Bratz occurred.  These restrictions suggest that MGA

19   might be excluding documents that are responsive to the request based upon its unilateral

20   determination of what is "relevant" or "sufficient."  Mattel shall provide the responses to

21   document requests ordered herein without these restrictions.

22           <u>Design Documents for Unreleased Products</u>

23       MGA's design documents for unreleased products are relevant to Mattel's claims and

24   defenses and must be produced. <u>See</u> Order Modifying Protective Order.  On April 23, 2007, the

25   parties submitted a stipulation to modify the existing protective order to limit the disclosure of

26   design documents for unreleased products that constitute trade secret information.  <u>See</u> Stipulation

27

28

EXHIBIT _____36_____

PAGE _____651_____

8

1 | to Modify Protective Order; And Proposed Order Thereon ("stipulation"). The parties' stipulation

2 | has been approved and entered as an order of the court. MGA is ordered to produce design

3 | documents for unreleased products that are responsive to Mattel's document requests in

4 | accordance with the terms of the stipulation and order.

Documents from MGA Hong Kong

6 | Documents relating to activities or conduct in foreign countries are relevant and

7 | discoverable because Mattel has evidence indicating that MGA Hong Kong was involved with

8 | Bratz. Nevertheless, MGA objects to producing documents from Hong Kong unless Mattel

9 | provides reciprocal discovery from its subsidiaries.

10 | Whether MGA is entitled to discovery from Mattel's subsidiaries has not been briefed in

11 | the context of this motion, and therefore is not addressed herein. MGA is ordered to produce

12 | documents from MGA Hong Kong.

13 | Mattel's motion is granted with respect to request nos. 6, 26, 27, 32, 33, 34, 35, 51, 53, 55,

14 | 64, 69, 96, 97, 98, 99, 100.

15 | 2. Additional Requests re Origins of Bratz (Nos. 7, 8, 9, 10, 11, 12, 13, 36, 46, 57, 59,

16 | 61, 63, 66, 67, 70, 88, 90, 91

17 | Mattel contends that MGA is improperly limiting its document production to the "first

18 | generation" Bratz dolls. MGA represents, however, that it has agreed to produce subsequent

19 | generations of Bratz products (MGA's Opposition at 9:20-25, 13:6-14:1), except design

20 | documents for yet unreleased products.

21 | As stated previously, design documents for yet unreleased products are relevant and

22 | discoverable. See Order Modifying Protective Order. Accordingly, MGA is ordered to produce

23 | all non-privileged documents that are responsive to request nos. 7, 8, 9, 10, 11, 12, 13, 36, 46, 57,

24 | 59, 61, 63, 66, 67, 70, 88, 90, and 91.

25 | //

26 | //

27 |

28 |

EXHIBIT ___30___   9

PAGE ___652___

### 3. MGA's Payments to Bryant (Nos.43, 45)

MGA represents that it has already agreed to produce documents related to Bratz, without limiting its production to "first generation" Bratz. MGA's motion at 13:7-14:3. Nevertheless, Mattel is entitled to an order compelling production of such documents by a date certain. Mattel's motion is granted with respect to request nos. 43 and 45.

### 4. MGA's Agreements with Bryant (Nos. 1, 2, 49, 50)

MGA represents that it has already agreed to produce non-privileged documents responsive to request nos. 1, 2, 49, and 50, even though it believes that such documents are not relevant (MGA's motion at 13:7-14:3). These requests seek documents relating to fee or indemnity agreements between MGA and Bryant .

Fee or indemnity agreements are relevant to demonstrate bias and lack of credibility. Accordingly, Mattel's motion is granted with respect to request nos. 1, 2, 49, and 50.  Any responsive documents withheld on the basis of a privilege must be properly identified in a privilege log.

### 5. Declarations, Affidavits & Other Sworn Written Statements (Nos. 37, 38, 39, 40, 41,

In request nos. 37, 38, 390, 40, and 41, Mattel seeks production of declarations, affidavits, and other sworn written statements from cases that refer or relate to Bratz or Angel.  Mattel anticipates that these documents could provide evidence relating to the conception date for Bratz.

Request nos. 37, 38, 39, 40, and 41 seek relevant information regarding the conception date for Bratz.  MGA admits in its opposition brief that this issue was litigated in its suits against alleged counterfeiters and infringers.[3]  The issue also appears to have been raised in the arbitration proceedings between MGA's chief executive officer, Isaac Larian, and his brother Farhad Larian.  In those proceedings, Farhad Larian alleged that Isaac Larian concealed from him

---

[3]  Although MGA questions the propriety of Mattel providing assistance to the alleged counterfeiters and infringers in raising ownership of Bratz as a defense against MGA's claims, MGA has not cited to any legal authority that prohibits Mattel's conduct.

1  that MGA was developing Bratz by early 2000.  Nevertheless, MGA objects to producing

2  documents from the Larians' arbitration on the grounds that the arbitration was governed by a

3  protective order that prohibits the use of any documents or testimony for any purpose other than

4  the arbitration.  MGA, however, has not provided any evidence of the protective order.

5  Accordingly, Mattel's motion to compel is granted as to request nos. 37, 38, 39, 40 and 41.[4]

6     6. <u>Documents Regarding Date-Testing (Request No. 92)</u>

7    Mattel's request no. 92 seeks documents that refer or relate to "any testing of or sampling

8  from any documents that refer or relate to Bratz or Bryant, including without limitation any such

9  testing or sampling in connection with ink, paper or chemical analysis to date any such documents

10  and including without limitation all results and reports relating thereto."  MGA contends that the

11  request is premature, and should proceed in the course of expert discovery.

12    The request calls for relevant discovery and there is no basis for delaying production of

13  responsive documents, other than expert reports.  The timing of expert reports is governed by

14  Rule 26(a)(2)(C), Fed.R.Civ.P.  Accordingly, Mattel's motion is granted as to request no. 92.

15    C. <u>Interrogatories</u>

16    Mattel contends that MGA's responses to interrogatories were untimely, and therefore

17  MGA has waived its objections to the interrogatories.  Pursuant to Rule 33(b)(3), Fed.R.Civ.P.,

18  responses to interrogatories are due thirty days after service.  In this case, Mattel served its

19  interrogatories on April 28, 2005, and responses were initially due May 31, 2005.  The district

20  court, however, issued a stay on May 20, 2005, twenty-two days after the interrogatories were

21  served.  The district court lifted the stay on May 17, 2006.

22

23

24

25

26    [4]  In its discussion of the arbitration proceedings, MGA raises an objection to producing Isaac Larian's personnel file based upon privacy grounds.  The personnel file may have documents relevant to Bratz, and therefore should be produced.  The protective order is sufficient to alleviate Mr. Isaac Larian's privacy concerns.

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

11

EXHIBIT ___30___

PAGE ___654___

1      Neither party has cited to any caselaw governing the calculation of the 30-day period

2   when there is an intervening stay in discovery. In the absence of any caselaw, MGA's responses

3   will be treated as timely in order to preserve any valid objections MGA may have asserted.

4      Interrogatory No. 5 seeks the identity of each and every person who was involved in the

5   conception, origin, creation, design, development, sculpting, engineering, reduction to practice,

6   tooling or painting of, or who otherwise produced or contributed to any embodiment of Bratz

7   before December 31, 2001, including a description of each person's role and the start and end

8   dates of each person's involvement. In response, MGA asserted numerous objections, but did

9   provide the names of five individuals.

10      The interrogatory clearly seeks information relevant to the claims at issue. MGA's

11   objections are without merit. The interrogatory is not vague, ambiguous, compound or overbroad.

12   Nor has MGA carried its burden of establishing that the interrogatory is unduly burdensome, calls

13   for confidential, proprietary or commercially sensitive information, or seeks information

14   protected by the attorney-client privilege. Furthermore, MGA's response is incomplete insofar as

15   it fails to provide the description of each person's role and the start and end dates of each person's

16   involvement. Accordingly, MGA is ordered to provide a complete response to Interrogatory No.

17   5 and identify documents in compliance with Rule 33(d), Fed.R.Civ.P.

18      Interrogatory No. 6 seeks the same information as Interrogatory No. 5 with respect to any

19   embodiment of Angel. MGA is ordered to provide a complete response to Interrogatory No. 6 for

20   the reasons previously discussed in connection with Interrogatory No. 5.

21      Interrogatory No. 7 asks MGA to identify each and every embodiment of Bratz prior to

22   December 31, 2001. In response, MGA asserted numerous objections and did not provide any

23   substantive information.

24      MGA's objections are without merit. The interrogatory clearly seeks information relevant

25   to establishing when Bryant first conceived Bratz. The interrogatory is not vague, ambiguous,

26   compound or overbroad. Nor has MGA carried its burden of establishing that the interrogatory is

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT   30

PAGE   055

12

1   unduly burdensome, calls for confidential, proprietary or commercially sensitive information, or

2   seeks information protected by the attorney-client privilege. Accordingly, MG is ordered to

3   provide a complete response to Interrogatory No. 7.

4        Interrogatory No. 8 asks MGA to identify each and every embodiment of Angel. MGA is

5   ordered to provide a complete response to Interrogatory No. 8 for the reasons previously

6   discussed in connection with Interrogatory No. 7.

7        Interrogatory No. 9 requires MGA to identify each and every sworn statement that refers

8   or relates to the conception, origin, creation, design, development, sculpting, engineering, tooling

9   or painting of Bratz. In response, MGA asserted numerous objections and did not provide any

10  substantive information.

11       The interrogatory seeks information relevant to establishing when Bryant first conceived

12  Bratz. Furthermore, MGA's boiler-plate objections are unsubstantiated. Accordingly, MGA is

13  ordered to provide a complete response to Interrogatory No. 9.

14       Interrogatory No. 10 requires MGA to identify each and every instance in which Bratz

15  was shown, displayed, or exhibited prior to June 1, 2001, including by stating the date(s) on

16  which each such instance occurred, the location of each show or exhibit, and the identity of

17  persons with knowledge of the shows or exhibits. In response, MGA asserted numerous

18  objections and provided the following information: Hong Kong Toy Fair in Hong Kong in or

19  about January 2001 and New York Toy Fair, New York, in or about February 2001.

20       Once again, MGA's boiler-plate objections are unsubstantiated. The information is

21  potentially relevant to establish when Bryant conceived Bratz. Further, the response is

22  incomplete insofar as it fails to identify any persons with knowledge. Therefore, MGA is ordered

23  to provide a complete response to Interrogatory No. 10.

24       Interrogatory No. 11 requires MGA to state the "number for each and every telephone,

25  including without limitation each office, home and cell phone number, in the name of, for the

26  benefit of or for the account of Isaac Larian and any other telephone that Isaac Larian used from

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

13

EXHIBIT ___30___

PAGE ___056___

1   January 1, 1998 through the present, and IDENTIFY each and every carrier (including without

2   limitation any long-distance carrier) for each such number.  In response, MGA asserted numerous

3   boiler-plate objections.

4        Once again, MGA has failed to substantiate any of its objections with supporting

5   declarations or legal authorities.  Accordingly, all objections are overruled and MGA is ordered to

6   provide a full response to Interrogatory No. 11.

7                                IV. CONCLUSION

8        For the reasons set forth above, Mattel's motion to compel production of documents is

9   granted.  MGA shall produce all non-privileged documents that are responsive to the requests

10  identified in this Order.  Further, MGA shall produce all documents in un-redacted form, except

11  for redactions that are justified by the attorney-client privilege or work product doctrine.  Mattel's

12  motion to compel interrogatory answers is also granted.  MGA shall produce documents and

13  provide responses to interrogatories consistent with this Order, and produce a privilege log in

14  compliance with Rule 26(b)(5), Fed.R.Civ.P., no later than May 31, 2007.  Mattel's request for

15  sanctions is denied.

16       Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery

17  Master, Mattel shall file this Order with the Clerk of Court forthwith.

18

19

20

21  Dated: May /5/, 2007

22                                   _____
                                     HON. EDWARD A. INFANTE (Ret.)
23                                          Discovery Master

24

25

26

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT __30__                    14

PAGE __057__

## PROOF OF SERVICE BY E-MAIL

I, Anthony Sales, not a party to the within action, hereby declare that on May 15, 2007, I served the attached ORDER GRANTING MATTEL'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND INTERROGATORY RESPONSES BY MGA in the within action by e-mail addressed as follows:

| | | |
|---|---|---|
| Robert Millman Esq. | Littler Mendelson | rfmillman@littler.com |
| Douglas Wickham Esq. | Littler Mendelson | dwickham@littler.com |
| Keith Jacoby Esq. | Littler Mendelson | kjacoby@littler.com |
| Dominic Messiha Esq | Littler Mendelson | dmessiha@littler.com |
| Diba Rastegar Esq. | Littler Mendelson | drastegar@littler.com |
| Michelle Park Esq. | Littler Mendelson | mpark@littler.com |
| Alaya B. Meyers, Esq. | Littler Mendelson | ameyers@littler.com |
| Brady Mitchell, Esq. | Littler Mendelson | bmitchell@littler.com |
| Carol Miller, Esq. | Littler Mendelson | cmiller@littler.com |
| Ryan P. Eskin, Esq. | Littler Mendelson | reskin@littler.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | jbq@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Morris Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgetmorris@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| Dale Cendali Esq. | O'Melveny & Myers LLP | dcendali@omm.com |
| Diana Torres Esq. | O'Melveny & Myers LLP | dtorres@omm.com |
| James Jenal Esq. | O'Melveny & Myers LLP | jjenal@omm.com |
| Alicia Meyer Esq. | O'Melveny & Myers LLP | ameyer@omm.com |
| Jennifer Glad Esq. | O'Melveny & Myers LLP | jglad@omm.com |
| David Hurwitz, Esq. | O'Melveny & Myers LLP | dhurwitz@omm.com |
| Johanna Schmitt Esq. | O'Melveny & Myers LLP | jschmitt@omm.com |
| Patricia Glaser Esq. | Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP | pglaser@chrisglase.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on May 15, 2007, at San Francisco, California.

_____
Anthony Sales

EXHIBIT ___30___

PAGE ___658___

EXHIBIT 31

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 090378)
2    johnquinn@quinnemanuel.com
     Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
     Timothy L. Alger (Bar No. 160303)
5    (timalger@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
6  Los Angeles, California 90017-2543
   Telephone:  (213) 443-3000
7  Facsimile:  (213) 443-3100

8  Attorneys for Mattel, Inc.

9

10               UNITED STATES DISTRICT COURT

11              CENTRAL DISTRICT OF CALIFORNIA

12                    EASTERN DIVISION

13  CARTER BRYANT, an individual,        Case No. CV 04-09049 SGL (RNBx)

14            Plaintiff,                 Consolidated with
                                         Case No. CV 04-09059
15        vs.                            Case No. CV 05-02727

16  MATTEL, INC., a Delaware corporation, **DISCOVERY MATTER**

17            Defendant.                 Hon. Edward A. Infante (Ret.)
                                         Discovery Master
18  _____
                                         [PROPOSED] ORDER GRANTING
19  AND CONSOLIDATED CASES               MATTEL INC.'S MOTION TO
                                         COMPEL MGA TO PRODUCE
20                                       WITNESSES FOR DEPOSITION
                                         PURSUANT TO RULE 30(B)(6)

21                                       Date: May 15, 2007
                                         Time: 8:15 a.m.
22                                       Place: Telephonic

23                                       Discovery Cut-Off:  October 22, 2007
                                         Pre-Trial Conference: January 14, 2008
24                                       Trial Date: February 12, 2008

25

26                                       EXHIBIT ___31___

27                                       PAGE ___659___

28

07209/2121176.1

ORDER GRANTING MATTEL'S MOTION TO COMPEL DEPOSITION OF MGA

*Ed*

1      ~~[PROPOSED]~~ ORDER

2

3          Having considered Mattel, Inc.'s Motion To Compel MGA To Produce

4    Witnesses For Deposition Pursuant To <u>Rule</u> 30(b)(6) (the "Motion"), and all other

5    papers and argument submitted in support of or opposition to the Motion, and finding

6    good cause therefor, Mattel's Motion is GRANTED.

7          IT IS HEREBY ORDERED that:

8          1.    MGA shall make Paula Garcia available for deposition on or before June

9    15, 2007 as a designee on Topics 1-3 and 6-8 of Mattel's Notice of Deposition of

10   MGA Pursuant to <u>Rule</u> 30(b)(6) dated February 16, 2005 and in her individual

11   capacity.

12         2.    MGA shall confirm its designees and the dates of the designees'

13   availability for deposition for all Topics except Topic Nos. 25 and 26 in Mattel's

14   Notice of Deposition of MGA Pursuant to <u>Rule</u> 30(b)(6) dated February 1, 2007 (the

15   "Second Notice") on or before May 22, 2007.

16         3.    MGA shall make its designees for all Topics in the Second Notice,

17   except Topic Nos. 25 and 26, available for deposition on or before June 30, 2007.

18         4.    The parties shall meet and confer regarding the timing of the depositions

19   on Topic Nos. 25 and 26 of the Second Notice.  Such depositions may take place after

20   June 30, 2007.

21         5.    All of MGA's objections and/or limitations regarding the Topics in

22   Mattel's <u>Rule</u> 30(b)(6) deposition notices are overruled.

23   //

24   //

25   //

26   //                                      EXHIBIT ___31___

27   //                                      PAGE ___660___

28   //

07209/2121176.1

-1-

1

2  6.  Mattel's request for sanctions is denied.

3

4  **IT IS SO ORDERED.**

5

6 DATED: May 16, , 2007

7

8

9        Hon. Edward A. Infante (Ret.)
         Discovery Master

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27        EXHIBIT___31___

28        PAGE___661___

07209/2121176.1

-2-

ORDER GRANTING MATTEL'S MOTION TO COMPEL DEPOSITION OF MGA

## PROOF OF SERVICE BY E-MAIL

I, Anthony Sales, not a party to the within action, hereby declare that on May 17, 2007, I served the attached ORDER GRANTING MATTEL INC.'S MOTION TO COMPEL MGA TO PRODUCE WITNESSES FOR DEPOSITION PURSUANT TO RULE 30(B)(6) in the within action by e-mail addressed as follows:

| | | |
|---|---|---|
| Robert Millman Esq. | Littler Mendelson | rfmillman@littler.com |
| Douglas Wickham Esq. | Littler Mendelson | dwickham@littler.com |
| Keith Jacoby Esq. | Littler Mendelson | kjacoby@littler.com |
| Dominic Messiha Esq | Littler Mendelson | dmessiha@littler.com |
| Diba Rastegar Esq. | Littler Mendelson | drastegar@littler.com |
| Michelle Park Esq. | Littler Mendelson | mpark@littler.com |
| Alaya B. Meyers, Esq. | Littler Mendelson | ameyers@littler.com |
| Brady Mitchell, Esq. | Littler Mendelson | bmitchell@littler.com |
| Carol Miller, Esq. | Littler Mendelson | cmiller@littler.com |
| Ryan P. Eskin, Esq. | Littler Mendelson | reskin@littler.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | jbq@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Morris Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgetmorris@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| Dale Cendali Esq. | O'Melveny & Myers LLP | dcendali@omm.com |
| Diana Torres Esq. | O'Melveny & Myers LLP | dtorres@omm.com |
| James Jenal Esq. | O'Melveny & Myers LLP | jjenal@omm.com |
| Alicia Meyer Esq. | O'Melveny & Myers LLP | ameyer@omm.com |
| Jennifer Glad Esq. | O'Melveny & Myers LLP | jglad@omm.com |
| David Hurwitz, Esq. | O'Melveny & Myers LLP | dhurwitz@omm.com |
| Johanna Schmitt Esq. | O'Melveny & Myers LLP | jschmitt@omm.com |
| Patricia Glaser Esq. | Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP | pglaser@chrisglase.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on May 17, 2007, at San Francisco, California.

Anthony R. Sales

EXHIBIT 31

PAGE 662

EXHIBIT 32

1   Hon. Edward A. Infante (Ret.)
    JAMS
2   Two Embarcadero Center
    Suite 1500
3   San Francisco, California 94111
    Telephone:   (415) 774-2611
4   Facsimile:   (415) 982-5287

5

6

7                        UNITED STATES DISTRICT COURT

8                       CENTRAL DISTRICT OF CALIFORNIA

9                              EASTERN DIVISION

10

11  CARTER BRYANT, an individual,          CASE NO. C 04-09049 SGL (RNBx)
                                           JAMS Reference No. 1100049530
12          Plaintiff,

13       v.                                Consolidated with
                                           Case No. CV 04-09059
14  MATTEL, INC., a Delaware corporation,  Case No. CV 05-2727

15          Defendant.                     **ORDER GRANTING IN PART
                                           MATTEL'S MOTION TO ENFORCE
16                                         THE COURT'S ORDER OF MAY 16,
                                           2007, TO COMPEL MGA TO
17                                         PRODUCE WITNESSES FOR
                                           DEPOSITION PURSUANT TO RULE
18                                         30(b)(6), AND GRANTING REQUEST
                                           FOR SANCTIONS**
19
    CONSOLIDATED WITH
20  MATTEL, INC. v. BRYANT and
    MGA ENTERTAINMENT, INC. v. MATTEL,
21  INC.

22

23

24

25                             I. INTRODUCTION

26      On June 29, 2007, Mattel, Inc. ("Mattel") submitted a "Motion to Enforce The Court's

27  Order of May 16, 2007, To Compel MGA To Produce Witnesses For Deposition Pursuant To

28
    Bryant v. Mattel, Inc.,
    CV-04-09049 SGL (RNBx)

EXHIBIT ___32___

PAGE ___663___

Rule 30(b)(6), And For Sanctions."[1]  On July 9, 2007, MGA Entertainment, Inc. ("MGA")

submitted an opposition brief, and on July 12, 2007, Mattel submitted a reply brief.  The matter

was heard on August 13, 2007.  Although the scope of Mattel's motion was broader[2], during the

hearing, Mattel requested an order compelling MGA to designate and produce witnesses on Topic

Nos. 21, 25, 26, and 34 and imposing sanctions for MGA's alleged non-compliance with the May

16, 2007 Order, particularly with respect to Topic Nos. 25, 26, 34, 39, 40 and 41.  Having

considered the motion papers and the comments of counsel at the hearing, Mattel's motion is

granted in part.

## II. BACKGROUND

On May 16, 2007, the undersigned issued an order granting Mattel's Motion to Compel

MGA To Produce Witnesses Pursuant To Rule 30(b)(6) (hereinafter the "May 16, 2007 Order")

which provided, in pertinent part:

2.      MGA shall confirm its designees and the dates of the designees' availability for

deposition for all Topics except Topic Nos. 25 and 26 in Mattel's Notice of Deposition of

MGA Pursuant to Rule 30(b)(6) dated February 1, 2007 (the "Second Notice") on or

before May 22, 2007.

3.      MGA shall make its designees for all Topics in the Second Notice, except Topics

Nos. 25 and 26, available for deposition on or before June 30, 2007.

4.      The parties shall meet and confer regarding the timing of the depositions on Topic

Nos. 25 and 26 of the Second Notice.  Such depositions may take place after June 30,

2007.

5.      All of MGA's objections and/or limitations regarding the Topics in Mattel's Rule

30(b)(6) deposition notices are overruled.

---

[1]   Mattel seeks $3,000 in sanctions.

[2]   In its opening brief, Mattel focused on Topic Nos. 25, 26, 34, 39, 40 and 41 and requested an order
requiring MGA to designate and produce witnesses on all Topics in Mattel's Second Notice of Deposition of MGA.
In its reply brief, Mattel requested an order requiring MGA to produce witnesses on Topic Nos. 11, 13, 14, 19, 21-28,
31, 34, 37 and 39-41.

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT ___32___

PAGE ___664___

2

1   Proctor Decl., Ex. 1. The parties later agreed to extend the May 22, 2007 deadline for designating

2   witnesses to May 29, 2007.

3       After the May 16, 2007 Order was issued MGA designated and offered dates for some

4   Rule 30(b)(6) witnesses. Mattel accepted the dates, however, in the first week of June MGA

5   canceled the depositions of three designees. On June 7 and again on June 15, 2007, Mattel

6   requested that MGA provide new dates for the three designees.

7       The parties met and conferred on June 22, 2007. MGA offered designees and deposition

8   dates for 14 of the outstanding Topics. Although all but one of the dates that MGA proposed

9   were after the June 30, 2007 deadline, Mattel accepted MGA's schedule. MGA did not, however,

10   identify or produce witnesses to testify on Topics 25, 26, 34 and 39-41, which are the subject of

the instant motion. These Topics are set forth below.

11

12     Topic 25: YOUR revenues and profits from BRATZ, including without limitation

13       YOUR gross and net profits, and YOUR costs associated therewith.

    Topic 26: YOUR net worth.

14

15     Topic 34: Other than those previously filed and served in this ACTION or in

16       which Mattel, Inc.'s counsel in this ACTION was in attendance, the testimony,

      transcripts, declarations, affidavits and other sworn written statements of any

17

18       other type by or from YOU or made on YOUR behalf that REFER OR RELATE

19       TO BRATZ THAT REFER OR RELATE TO the time period prior to June 30,

20       2001 (regardless of when such testimony or sworn statement was taken, given,

      signed, made or filed).

21     Topic 39: The preservation, collection, destruction, removal, transfer, loss or

22       impairment of YOUR DOCUMENTS and DIGITAL INFORMATION in

23       connection with the ACTION and/or any DOCUMENTS requested by MATTEL

      in the ACTION.

24

25     Topic 40: The preservation, collection, destruction, removal, transfer, loss or

26       impairment of YOUR DOCUMENTS and DIGITAL INFORMATION since

27       January 1, 1999 that REFER OR RELATE TO MATTEL (including without

28

EXHIBIT ___32___

PAGE ___665___

3

1     limitation any MATTEL product, plan or information) that YOU received in any

2     manner from any PERSON who was at the time an employee of MATTEL or who

3     had previously been an employee of MATTEL.

4     Topic 41:  The testing of or sampling from DOCUMENTS that REFER OR

5     RELATE TO BRATZ or BRYANT, including without limitation such testing or

6     sampling in connection with any ink, paper or chemical analysis performed or

7     attempted to be performed to date, any DOCUMENTS that REFER OR RELATE

8     thereto and all results and reports relating thereto.

9   Mattel's Second Notice of Deposition, dated February 1, 2007, Proctor Decl., Ex. 6.  During the

10   hearing, Mattel also requested an order compelling MGA to designate a witness and schedule a

11   deposition on Topic No. 21, which seeks:

12     Topic No. 21:  YOUR knowledge of, and access to, non-public MATTEL DIVA

13     STARTZ project information and DESIGNS prior to June 30, 2001.

14   Mattel's Second Notice of Deposition, dated February 1, 2007, Proctor Decl., Ex. 6.

15     MGA indicated that Lisa Tonnu would "likely" be its designee on Topic Nos. 25 and 26,

16   but did not offer a date for her deposition because it was awaiting a ruling from Judge Larson

17   regarding the phasing of trials.  MGA also did not designate a witness on Topic Nos. 26, 34 and

18   41 because it was in the process of appealing the May 16, 2007 Order as it pertained to these

19   topics to Judge Larson.[3]  MGA similarly did not designate a witness on Topic No. 40 because it

20   was awaiting a ruling from Judge Larson on its pending motion to dismiss Mattel's counterclaims.

21   MGA's motion to dismiss was based, in part, on Mattel's purported failure to comply with

22   California Code of Civil Procedure §2019.210.  Apparently, MGA thought that the need for

23   discovery on Topic No. 40 might be obviated if it prevailed on its motion to dismiss.

24

25

26

27     [3] MGA filed its Objection to the May 16, 2007 Order on May 31, 2007.

28

1    MGA also did not designate a witness on the entirety of Topic No. 39. Earlier in June

2    MGA produced Kenneth Lockhart to testify on Topic No. 39. At the deposition, however,

3    Lockhart testified that he had no knowledge regarding MGA's collection of non-electronic

4    documents, a subject within the scope of Topic No. 39. Mattel asked MGA to identify another

5    witness to testify regarding the collection of non-electronic documents. MGA apparently refused

6    to do so because it believed Mattel had agreed to limit Topic No. 39 to exclude that issue.

7    By the end of June 2007, MGA had made only two Rule 30(b)(6) witnesses available for

8    deposition pursuant to the May 16, 2007 Order: Kenneth Lockhart and Paula Garcia. Mattel's

9    Motion at p.3.[4]

10    On June 26, 2007, Judge Larson issued a Minute Order scheduling MGA's appeal of the

11    May 16, 2007 Order for hearing on July 2, 2007. On June 27, 2007, Judge Larson issued an order

12    denying MGA's motion to dismiss, and Mattel renewed its request that MGA produce a witness

13    to testify on Topic No. 40. The next day MGA responded that it intended to identify a designee

14    and dates for a deposition by the end of the week.

15    On June 29, 2007, Mattel filed the instant motion. On July 5, 2007, Judge Larson issued

16    an order affirming the May 16, 2007 Order. That same day MGA confirmed the date and its

17    designation of a witness on Topic Nos. 39 and 40. MGA also confirmed that it would produce

18    witnesses on Topic Nos. 34 and 41. On July 9, 2007, MGA provided designations and dates for

19    deposition for Topic Nos. 34 and 41.

20    In this motion, Mattel contends that MGA has refused to designate and/or to produce

21    witnesses on Topic Nos. 21, 25, 26, 34, 39, 40 and 41, even though the May 16, 2007 Order

22    required it to make all of its Rule 30(b)(6) witnesses (except on Topic Nos. 25 and 26) available

23    by the end of June. Mattel also contends that MGA has refused to meet and confer in good faith

24

25

26    [4] A third deposition was scheduled for June, however, it did not take place. According to Mattel, MGA
     unilaterally cancelled the deposition the day before it was scheduled to commence. Mattel Motion at p.4. According
27    to MGA, Mattel agreed to defer the deposition.

28

*Bryant v. Mattel, Inc.*,
CV-04-09049 SGL (RNBx)

5

EXHIBIT _____ 32

PAGE _____ 667

1    to schedule the deposition of witnesses on Topic Nos. 25 and 26, in violation of the May 16, 2007

2    Order. Lastly, Mattel contends that MGA's stated justifications for refusing to comply with the

3    May 16, 2007 Order all lack merit.

4       MGA contends that Mattel's motion is premature and unnecessary, and is now moot.

5    MGA explains that after the June 22, 2007 meet and confer, there were only four topics open:

6    "one of which (40) was subject to a ruling anticipated to be coming from Judge Larson any day

7    and which was received before Mattel's motion was filed; two of which (34 and 41) were the

8    express subject of an appeal pending before Judge Larson; and the last was simply the result of an

9    honest disagreement between the parties as to the actual intended scope of the topic (39)."

10    MGA's Opposition at p.2. MGA denies ever refusing to provide witnesses on these topics, and

11    instead, asserts that it was entitled to receive Judge Larson's rulings before scheduling

12    depositions. MGA further contends that it identified witnesses and deposition dates soon after

13    Judge Larson issued his orders.

### III. DISCUSSION

15    **Topic Nos. 25 and 26**

16       The May 16, 2007 Order required the parties to meet and confer "regarding the timing of

17    the depositions on Topic Nos. 25 and 26." Proctor Decl., Ex. 1. During the June 22, 2007 meet

18    and confer session, MGA indicated that it was likely to designate Lisa Tonnu for these topics;

19    however, it did not offer a date for the deposition because it was awaiting Judge Larson's ruling

20    on the phasing of trials.

21       Mattel contends that MGA's purported justification for failing to schedule the depositions

22    is without merit because discovery in this case has not been phased. Further, Mattel contends that

23    depositions on these two topics cannot be delayed any longer because under the current schedule,

24    expert reports are due in late August.

25       MGA contends that it fulfilled its meet and confer obligations regarding Topic Nos. 25

26    and 26 and took the position that the depositions shouldn't be scheduled until Judge Larson issued

27    a ruling on the phasing of trials.

28

EXHIBIT _____ 32      6

PAGE _____ 668

1    MGA is not technically in violation of the May 16, 2007 Order with respect to Topic Nos.

2    25 and 26 because it fulfilled its obligation to meet and confer regarding the timing of the

3    depositions.  Therefore, Mattel's motion to enforce the May 16, 2007 Order and request for

4    sanctions are denied as to Topic Nos. 25 and 26.  Nevertheless, MGA's purported justification for

5    delaying scheduling depositions on Topic Nos. 25 and 26 is no longer valid in light of Judge

6    Larson's ruling on the phasing of trials and Mattel is entitled to a date certain for the depositions.

7    **Topic No. 39**

8    The May 16, 2007 Order required MGA to designate a witness on Topic No. 39 by May

9    22, 2007, and to produce its designee for deposition by June 30, 2007.  MGA met these deadlines

10   by designating Kenneth Lockhart on Topic No. 39 and producing him for deposition on June 14

11   and 15, 2007.  Mr. Lockhart, however, was unable to testify regarding the collection of non-

12   electronic documents.  During the parties' subsequent meet and confer, MGA acknowledged that

13   Mr. Lockhart was not proffered regarding the collection of non-electronic documents, but claimed

14   that Mattel had previously agreed to limit Topic No. 39 to electronic documents.

15   Mattel denies ever agreeing to so limit Topic No. 39 and contends that "it is preposterous

16   to think that Mattel would agree to such a limitation."  Mattel's Motion at p.10.  Mattel points out

17   that the Topic clearly encompasses both electronic and non-electronic documents, and that the

18   May 16, 2007 Order compels MGA to produce a witness on the Topic as written.

19   In contrast, MGA contends that it designated Mr. Lockhart, Chief Information Officer, on

20   Topic No. 39 "based on its good faith belief that the topic was intended to cover the retention of

21   electronic documents and other 'digital information.'"  MGA's Opposition at p.6.  Nevertheless,

22   on July 5, 2007, MGA designated Lisa Tonnu to testify on Topic No. 39 and indicated that she

23   was available on July 19, 2007.

24   MGA is in substantial compliance with the May 16, 2007 Order, having produced Mr.

25   Lockhart by the June 30th deadline and by offering Lisa Tonnu to testify regarding the remainder

26   of Topic No. 39 after the apparent misunderstanding came to light.  Therefore, Mattel's motion to

27   enforce the May 16, 2007 Order is denied with respect to Topic No. 39.

28   //

**Topic No. 40**

     The May 16, 2007 Order required MGA to designate a witness on Topic No. 40 by May 22, 2007, and to make the witness available for deposition no later than June 30, 2007. At the June 22, 2007 meet and confer session, MGA did not designate or produce a witness on Topic No. 40 because it was awaiting the resolution of its motion to dismiss. On June 27, 2007, Judge Larson denied MGA's motion to dismiss and held that Mattel had already complied with §2019.210. The next day MGA notified Mattel that it would identify a witness on Topic No. 40 and potential dates for deposition by the end of the week. On July 5, 2007, MGA confirmed that Lisa Tonnu would testify on Topic No. 40 and would be available for deposition on July 19, 2007.

     Mattel contends that MGA violated the May 16, 2007 without any legitimate basis because Topic No. 40 was not the subject of any appeal. In contrast, MGA contends that it completed its designation and provided available dates promptly after Judge Larson issued his order.

     MGA clearly violated the May 16, 2007 by failing to identify a witness to testify on Topic No. 40 and to make the witness available for deposition by June 30th. MGA's non-compliance was willful and inexcusable. MGA could have but failed to request any extension of time to designate and produce a witness on Topic No. 40. MGA has not cited any precedent that excuses a litigant from complying with deadlines imposed by a discovery order, without leave of court, simply because the claim to which the discovery is directed is the subject of a pending motion to dismiss. Mattel's motion is granted as to Topic No. 40 and sanctions are warranted pursuant to Rule 37(b)(2), Fed.R.Civ.P.

**Topic Nos. 34 and 41**

     The May 16, 2007 Order required MGA to designate a witness on Topic Nos. 34 and 41 by May 22, 2007 and to produce its designee(s) for deposition by June 30, 2007. At the June 22, 2007 meet and confer session, MGA did not offer any designees or deposition dates for Topic Nos. 34 and 41 because it was in the process of appealing the May 16, 2007 Order to Judge Larson with respect to these topics.

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT ____ 32

PAGE ____ 670

8

On May 31, 2007, MGA appealed the May 16, 2007 Order compelling it to produce designees on Topic Nos. 34 and 41.[5]  MGA sought a stay of the May 16, 2007 Order as to these Topics pending appeal.  On June 21, 2007, the Discovery Master denied the requested stay.  On June 22, 2007, MGA filed an "emergency *ex parte*" application with Judge Larson seeking review of the June 21, 2007 Order denying the requested stay.  On June 26, 2007, Judge Larson issued a Minute Order scheduling MGA's appeal of the May 16, 2007 Order for hearing on July 2, 2007.  A few days after the hearing, Judge Larson issued an order upholding the May 16, 2007 Order.  That same day MGA confirmed that it would produce witnesses on Topic Nos. 34 and 41.  On July 9, 2007, MGA identified Renato Dionisio to testify on Topic No. 34 and indicated that the witness was available on any one of the following days: August 21-23 or 28-30.  MGA identified Lisa Tonnu to testify on Topic No. 41 and indicated that she was available to testify on July 19.

Mattel contends that MGA willfully failed to comply with the May 16, 2007 Order, even after its request for a stay was denied.  MGA contends that the instant motion was unnecessary and a waste of judicial resources because Mattel knew before it filed the motion that Judge Larson had moved up the hearing on MGA's appeals and a ruling would be forthcoming.

MGA violated the May 16, 2007 Order by failing to designate and produce a witness to testify on Topic Nos. 34 and 41 by the June 30th deadline.  The violation was particularly egregious because MGA's request for a stay was denied on June 21, 2007, which still left a few days for MGA to at least designate a witness and propose dates for a deposition, even if the deposition was scheduled beyond the June 30th deadline.  Instead, MGA chose to persist in its refusal to comply with the May 16, 2007 Order and gambled that Judge Larson would grant it "emergency" *ex parte* relief.  MGA's clear and flagrant violation of a court order warrants sanctions under Rule 37(b)(2), Fed.R.Civ.P.

## IV. CONCLUSION

For the reasons set forth above, Mattel's motion is granted in part and denied in part.  To the extent MGA has not already done so, MGA shall promptly confirm its designees on Topic

---

[5]  MGA also appealed the May 16, 2007 Order with respect to Topic No. 26.

EXHIBIT _____ 32

PAGE ___ 671

9

1  Nos. 21, 25, 26 and 34 by August 22, 2007, and make them available for deposition no later than

2  September 27, 2007.

3      Mattel's request for sanctions is granted based upon MGA's willful violation of the May

4  16, 2007 Order by failing to identify witnesses and dates for deposition for Topic Nos. 34, 40 and

5  41 by the designated deadlines. MGA shall reimburse Mattel in the amount of $1,000 in

6  monetary sanctions pursuant to Rule 37(b)(2), Fed.R.Civ.P., no later than August 22, 2007.

7      Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery

8  Master, Mattel shall file this Order with the Clerk of Court forthwith.

9

10  Dated: August 14, 2007

11                               HON. EDWARD A. INFANTE (Ret.)

                                 Discovery Master

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT ___32___

PAGE ___672___

10

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on August 14,
2007, I served the attached ORDER GRANTING IN PART MATTEL'S MOTION TO
ENFORCE THE COURT'S ORDER OF MAY 16, 2007, TO COMPEL MGA TO
PRODUCE WITNESSES FOR DEPOSITION PURSUANT TO RULE 30(b)(6), AND
GRANTING REQUEST FOR SANCTIONS in the within action by e-mail addressed as
follows:

| | | |
|---|---|---|
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| John E. Trinidad, Esq. | Keker & Van Nest | jtrinidad@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johnquinn@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| Dale Cendali Esq. | O'Melveny & Myers LLP | dcendali@omm.com |
| Diana Torres Esq. | O'Melveny & Myers LLP | dtorres@omm.com |
| James Jenal Esq. | O'Melveny & Myers LLP | jjenal@omm.com |
| Alicia Meyer Esq. | O'Melveny & Myers LLP | ameyer@omm.com |
| Jennifer Glad Esq. | O'Melveny & Myers LLP | jglad@omm.com |
| David Hurwitz, Esq. | O'Melveny & Myers LLP | dhurwitz@omm.com |
| Johanna Schmitt Esq. | O'Melveny & Myers LLP | jschmitt@omm.com |
| Michael C. Keats, Esq. | O'Melveny & Myers LLP | mkeats@omm.com |
| Kendall Burr, Esq. | O'Melveny & Myers LLP | kburr@omm.com |
| Melanie Bradley, Esq. | O'Melveny & Myers LLP | mbradley@omm.com |
| Marvin Putnam, Jr., Esq. | O'Melveny & Myers LLP | mputnam@omm.com |
| William Charron, Esq. | O'Melveny & Myers LLP | wcharron@omm.com |
| Patricia Glaser Esq. | Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP | pglaser@chrisglase.com |

I declare under penalty of perjury under the laws of the Untied States of America that
the above is true and correct.

Executed on August 14, 2007, at San Francisco, California.

_Sandra Chan_

Sandra Chan

EXHIBIT ___ 39

PAGE ___ 673

EXHIBIT 33

# KEATS McFARLAND & WILSON LLP

## ATTORNEYS AT LAW

TEL (310) 248-3830
FAX (310) 860-0363

9720 WILSHIRE BOULEVARD
PENTHOUSE SUITE
BEVERLY HILLS, CALIFORNIA 90212

www.kmwlaw.com

WRITER'S DIRECT DIAL
(310) 777-3749

WRITER'S EMAIL
cdowell@kmwlaw.com

**RECEIVED**

APR 2 5 2008

April 25, 2008

**VIA MESSENGER**

Melissa Grant
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

Re:   Mattel v. Bryant

Dear Melissa,

Please find enclosed documents having the following Bates numbers, which will complete the production in response to the subpoenas directed to Veronica Marlow, Inc., Doll Bag, Inc., and Marlow Techno-Logic, Inc.:

1.   KMW – M 011644 – 021614
2.   KMW – MAR 000001 – 001457
3.   KMW – MARLOW 000001 – 003351

To date, we still have not received any documents produced in response to Mattel's subpoenas directed to the accountants. Please let us know when we can expect to receive the accountants' documents so that we can prepare for the deposition.

Very truly yours,

Christian C. Dowell
Keats McFarland & Wilson LLP

CCD/jd
Enclosures

EXHIBIT    33

PAGE    674