QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  JOHN B. QUINN (State Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  MICHAEL T. ZELLER (State Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  JON D. COREY (State Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000; Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>            Plaintiff,<br><br>    vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>            Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>The Honorable Stephen G. Larson<br><br>MATTEL, INC.'S *EX PARTE* APPLICATION TO EXPEDITE THE COURT'S HEARING OF MATTEL'S MOTION TO ENFORCE THE DISCOVERY MASTER'S MAY 7, 2008 ORDER<br><br>**Phase 1:**<br>Pre-Trial Conference: May 19, 2008<br>Trial Date:             May 27, 2008 |

07209/2514907.2

MATTEL'S *EX PARTE* APPLICATION RE MAY 7, 2008 ORDER

## APPLICATION

Pursuant to the Federal Rules and Local Rule 7-19, Mattel, Inc. ("Mattel") respectfully submits this *ex parte* Application seeking to expedite the time for the Court to hear Mattel's concurrently filed Motion to Clarify and Enforce the Discovery Master's May 7, 2008 Order (the "Order").

Wachovia does not oppose this application. Mattel respectfully asks the Court to grant this Application. Good cause exists because (1) Mattel's Motion to Clarify and Enforce asks the Court to decide one discreet issue regarding interpretation of the Order, and (2) Mattel will be unduly prejudiced if the issue is not resolved promptly in light of the May 27, 2008 trial set herein.[1]

The Order compelled Wachovia Corporation to produce by May 16, 2008: (1) all documents relating to any loan agreement entered into by MGA, or sought or requested by MGA, during the time period January 1, 1999 and December 31, 2000, inclusive; and (2) all communications between Wachovia and MGA during the time period January 1, 1999 and December 31, 2000, inclusive, regarding any loan agreement entered into by MGA, or sought or requested by MGA, during the time period January 1, 1999 and December 31, 2000, inclusive.[2] The Discovery Master found, "Wachovia lent money to MGA to fund the creation and/or development of Bratz."[3] The timing of the creation and development of Bratz are, of course, central to the Phase 1 trial starting on May 27, 2008. Wachovia's documents should contain critical information about when MGA needed to borrow money for Bratz.

---

[1] Declaration of Juan Pablo Albán filed concurrently (Albán Dec.), ¶ 2.
[2] Albán Dec., Exh. 1 at p. 12:20-26 (May 7, 2008 Order).
[3] *Id.*, Exh. 1 at p. 2:21.

-1-
MATTEL'S *EX PARTE* APPLICATION RE MAY 7, 2008 ORDER

1      Wachovia did not dispute that MGA had $11.27 million in loan
2 outstanding with Wachovia at the end of 2000.[4] Wachovia also did not dispute that
3 this sum was more than ten times the amount MGA had at outstanding through 1996
4 to 1999, combined.[5] Wachovia took the position, however, that the loans MGA
5 took out in 1999 and 2000 do not fall within the scope of the Order.[6] Documents
6 Wachovia produced show that MGA requested and entered into a short term loan
7 agreement in May 2000 with Wachovia for $1.2 million so that it could make
8 "unexpected" payments to vendors.[7] Wachovia's production, however, still leaves
9 unexplained the $11.27 million of year-end 2000 loans. Wachovia admits it has
10 year 2000 loan documents it has not produced.[8]

11      Mattel respectfully asks the Court in its Motion to Clarify and Enforce
12 the Order that MGA's 1999 and 2000 borrowings from Wachovia are within the
13 scope of the Order, and require Wachovia to produce the documents within two
14 business days of the Court's decision. Under the regular motion schedule currently
15 available, the Court would not hear Mattel's motion until after the Phase 1 trial.

16      This application is based on this Application, the Declaration of Juan
17 Pablo Albán filed concurrently with this application, the pleadings and other papers
18 on file in this action, and all matters of which the Court may take judicial notice.

---

[4] *Id.*, Exh. 2 at p. 2, Attachment A therein at p. MGA 3808886 (May 16, 2008 Ltr. from Albán to Potischman).
[5] *Id.*
[6] *Id.*, Exh. 3 at p. 1 (May 20, 2008 Ltr. from Albán to Potischman).
[7] *Id.*, Exh. 4 at p. WACHOVIA 000001 (Loan Request Summary). Two days after saying it would not produce any more documents, Wachovia produced additional documents. *Id.*, Exh. 5. Wachovia's belated e-mail attaching the production makes clear Wachovia is still withholding 1999-2000 loan documents that appear to relate to Bratz, such as "loan documents" Wachovia gathered in response to a 2005 subpoena from Farhad Larian that sought Bratz-related loan documents.
[8] *Id.*, Exhs. 3, 5.

## Ex Parte Notice

Pursuant to Local Rule 7-19, on May 20, 2008, Amy Park, of Skadden Arps et al., 300 South Grand Avenue, Suite 3400, amy.park@skadden.com, counsel for MGA, and Neal Potischman, of Davis Polk & Wardwell, 1600 El Camino Real, Menlo Park, California 94025, counsel for Wachovia, were notified of Mattel's intent to file this Application. Mr. Potischman stated Wachovia does not intend to oppose the Application; Ms. Park did not say whether or not MGA will oppose it.[9]

DATED: May 23, 2008

QUINN EMANUEL URQUHART OLIVER & HEDGES LLP

By  /s/ Jon D. Corey
    Jon D. Corey
    Attorneys for Mattel, Inc.

---

[9] *Id.*, Exh. 6 (May 20, 2008 e-mail exchange among Albán, Park and Potischman).