QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  michaelzeller@quinnemanuel.com
  John S. Gordon (Bar No. 112750)
  johngordon@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Donald K. Moon

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case No. CV 04-09059 and Case No. CV 05-02727<br><br>**NOTICE OF MOTION AND MOTION OF DONALD K. MOON TO QUASH MGA TRIAL SUBPOENA ISSUED TO DONALD K. MOON;**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**[Declaration of Donald K. Moon filed concurrently herewith]**<br><br>Date: [TBA]<br>Time: [TBA]<br><br>**Phase 1**<br>Pre-Trial Conference: May 19, 2008<br>Trial Date: May 27, 2008 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE in Courtroom 1 of the above-captioned court located at 3470 Twelfth Street, Riverside, California, before the Honorable Steven G. Larson, on a date and at a time to be determined by the Court, non-party Donald K. Moon ("Mr. Moon") will, and hereby does, move the Court to quash the subpoena served by MGA on Donald K. Moon on May 19, 2008.

Mr. Moon brings this motion pursuant to Rule 45 of the Federal Rules of Civil Procedure.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Donald K. Moon dated May 23, 2008 filed concurrently herewith, the records and files of this Court, all matters of which the Court may take judicial notice, and any other evidence and argument as may be presented at the hearing on the Motion.

<u>Statement of Rule 7-3 Compliance</u>

This Motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on May 22, 2008.

DATED: May 23, 2008                QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP


By  /s/ John S. Gordon
    John S. Gordon
    Attorneys for Non-Party Donald K. Moon

-1-       Case No. CV 04-9049 SGL (RNBx)
NOTICE OF MOTION AND MOTION TO QUASH MOON TRIAL SUBPOENA

# MEMORANDUM OF POINTS AND AUTHORITIES

## Introduction

Donald K. Moon ("Mr. Moon") respectfully requests that the Court quash the trial subpoena that MGA served on him. Mr. Moon is a private investigator who served several deposition subpoenas, summonses and counterclaims in the case on behalf of Mattel. He has no personal knowledge of any relevant fact in this case. MGA's subpoena serves no purpose except to harass Mr. Moon.

MGA has informed Mattel that it intends to call Mr. Moon at trial to rebut the testimony of Richard DeAnda, Robert Eckert, and/or Alan Kaye. However, Mr. Moon has never spoken or otherwise communicated with any of these individuals, and has never witnessed any of them do or say anything. Mr. Moon has nothing to say that remotely could rebut any relevant testimony that any of those witnesses (or any other witnesses) might provide.

MGA's request for Mr. Moon's appearance at trial is apparently calculated to harass him and Mattel, not to obtain any relevant information. Accordingly, the Court should quash the subpoena.

## Statement of Facts

Mr. Moon is licensed in the State of California as a private investigator. Declaration of Donald K. Moon, May 23, 2008, ¶ 2 ("Moon Decl."). One duty that he performs regularly in connection with his job as a private investigator is to serve deposition subpoenas and other legal process. Moon Decl. ¶ 2. On or about January 31, 2007, Mr. Moon served a deposition subpoena, summons and set of counterclaims on Carlos Machado in this action. Moon Decl. ¶ 3. On or about February 7, 2007, Mr. Moon served a deposition subpoena, summons and set of counterclaims on Isaac Larian in this action. Moon Decl. ¶ 4. On or about February

1  18, 2007, he served a deposition subpoena, summons and set of counterclaims on
2  Jahangir Makabi in this action.  Moon Decl. ¶ 5.
3       Although MGA asserts that Mr. Moon supposedly could rebut some
4  testimony of Richard DeAnda, Robert Eckert, and/or Alan Kaye, Mr. Moon has
5  never spoken or otherwise communicated with any of these individuals, and has
6  never witnessed any of them do or say anything.  Moon Decl. ¶¶ 6-7.
7       On May 22, 2008, counsel met and conferred on the question of whether Mr.
8  Moon's trial subpoena should be withdrawn, but were unable to resolve the issue.

### Argument

**I.   THE COURT MAY PROPERLY QUASH A SUBPOENA TO A NON-PARTY IF THE SUBPOENAED PERSON HAS NO RELEVANT TESTIMONY TO PROVIDE**

     Rule 45(c)(3) of the Federal Rules of Civil Procedure provides that "[o]n timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it . . . subjects a person to undue burden." Fed. R. Civ. Proc. 45(c)(3)(A)(iv); Green v. Baca, 226 F.R.D. 624, 653 (C.D. Cal. 2005); Cunningham v. Gates, 2006 WL 2294877, at *3 (C.D. Cal. Aug 2, 2006).  Cf. Mattel Inc. v. Walking Mountain Prods., 353 F.3d 792, 813 (9th Cir. 2003).  Whether a subpoena is burdensome depends on the facts of the case.  Baca, 226 F.R.D. at 653; Hussey v. State Farm Lloyds Ins. Co., 216 F.R.D. 591, 596 (E.D. Tex. 2003).

     In considering whether to quash or modify a subpoena served on a non-party, the court balances the needs of the party issuing the subpoena against the burden imposed on the non-party.  Cf. Premium Serv. Corp. v. Sperry & Hutchinson Co., 511 F.2d 225, 228 (9th Cir. 1975) (applying the balancing test in discovery context).  In performing this balancing test, the court must consider the relevance of the requested information to the claims and defenses at issue in the underlying suit.  Moon v. SCP Pool Corp., 2005 WL 3526513 at *4 (C.D. Cal. Dec. 7, 2005).  The

party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings. Baca, 226 F.R.D. at 653 (C.D. Cal. 2005); Night Hawk Ltd. v. Briarpatch Ltd., L.P., No. 03 Civ. 1382, 2003 WL 23018833, *8 (S.D.N.Y. Dec. 23, 2003).[1]

Under Rule 45, where a person subpoenaed to testify has no relevant testimony to provide and was not a percipient witness to any event in the case, the subpoena is unduly burdensome. Cf. Compaq Computer Corp. v. Packard Bell Elec., Inc., 163 F.R.D. 329, 335-36 (N.D. Cal. 1995) (quashing document subpoena because of undue burden and stating that where the sought-after testimony is "not relevant, nor calculated to lead to the discovery of admissible evidence, then any burden whatsoever imposed would be by definition 'undue'"); see also Jones v. Hirschfeld, 219 F.R.D. 71, 78 (S.D.N.Y. 2003) (quashing deposition subpoena because it would be an undue burden to compel third-party's testimony absent any basis for believing that he has non-privileged information regarding any relevant matter).

## II. THE COURT SHOULD QUASH THE SUBPOENA BECAUSE MR. MOON HAS NO RELEVANT TESTIMONY TO PROVIDE, SO THE SUBPOENA IS UNDULY BURDENSOME

The Court should quash MGA's subpoena. Mr. Moon has no personal knowledge of any relevant facts in the case. Forcing him to take time off from work to appear at trial and provide utterly meaningless testimony would unduly burden him. It would also discourage him and other process servers from performing their integral duties as part of the legal process.

Phase One of this trial concerns Mattel claims against MGA and Larian. These include, among other things, vicarious copyright infringement and aiding and

---

[1] "Relevant evidence" is evidence that tends to make the existence of any fact that is of consequence to the action more probable or less probable than it would be without the evidence. Fed. R. Evid. 401.

1  abetting Carter Bryant's breaches of duty.  MGA does not contend that Mr. Moon
2  can possibly testify about any substantive issue in the case.  Instead, MGA vaguely
3  asserts that Mr. Moon will be called to testify in rebuttal to contradict unspecified
4  testimony of Messrs. DeAnda, Eckert, and/or Kaye.  However, Mr. Moon has never
5  spoken or otherwise communicated with any of these individuals, and has never
6  witnessed any of them do or say *anything*.   Requiring Mr. Moon to testify would
7  serve no legitimate purpose.  He possesses no relevant information about any fact at
8  issue in this case.

### III.  MGA'S SUBPOENA TO MR. MOON CONSTITUTES HARASSMENT

Because Mr. Moon has no personal knowledge of any pertinent fact in this case, MGA's only apparent purpose in subpoenaing him to appear and testify at trial is to harass him, and indirectly, Mattel.  Even if MGA does not intend that result, it is obvious that the only effect of requiring him to appear and testify will be harassment.  That makes a finding of undue burden here even more compelling.

### Conclusion

For the foregoing reasons, Mr. Moon respectfully requests that the Court enter an Order quashing MGA's trial subpoena served on him.

DATED:  May 23, 2008         QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP


By  /s/ John S. Gordon
   John S. Gordon
   Attorneys for Mattel, Inc.