QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  michaelzeller@quinnemanuel.com
  Jon D. Corey (Bar No. 185066)
  joncorey@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
|---|---|
| Plaintiff, | Consolidated with Case No. CV 04-09059 and Case No. CV 05-02727 |
| vs. | **NOTICE OF MOTION AND MOTION OF PLAINTIFF MATTEL, INC. FOR ORDER COMPELLING ISAAC LARIAN TO RESPOND TO TRIAL SUBPOENA;** |
| MATTEL, INC., a Delaware corporation, | |
| Defendant. | |
| AND CONSOLIDATED ACTIONS | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| | [Declaration of Lesley E. Williams filed concurrently herewith] |
| | Date:     [TBA]<br>Time:     [TBA] |
| | **Phase 1**<br>Pre-Trial Conference: May 19, 2008<br>Trial Date:                May 27, 2008 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE in Courtroom 1 of the above-captioned Court located at 3470 Twelfth Street, Riverside, California, before the Honorable Steven G. Larson, on a date and at a time to be determined by the Court, defendant Mattel, Inc. ("Mattel") will, and hereby does, move the Court to compel Isaac Larian ("Larian") to respond to the trial subpoena served by Mattel on March 27, 2008 by bringing the documents requested in Attachment A to the trial subpoena to Court on May 27, 2008.

Mattel brings this motion pursuant to Rule 45 of the Federal Rules of Civil Procedure.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Lesley Williams, dated May 23, 2008 filed concurrently herewith, the records and files of this Court, all matters of which the Court may take judicial notice, and any other evidence and argument as may be presented at the hearing on the Motion.

### Statement of Rule 7-3 Compliance

This Motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on May 22, 2008.

DATED:  May 23, 2008            QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP


By  /s/ James J. Webster
    James Webster
    Attorneys for Defendant
    Mattel, Inc.

07209/2515286.3

-1-     Case No. CV 04-9049 SGL (RNBx)
NOTICE OF MOTION AND MOTION FOR ORDER COMPELLING RESPONSE TO TRIAL SUBPOENA

# MEMORANDUM OF POINTS AND AUTHORITIES

## Introduction

This motion addresses yet another instance of MGA and Larian blocking Mattel's access to documents that would provide needed accurate evidence of Larian's net worth and his total profits reaped from Bratz. Larian refused to produce this information during discovery, despite a December 2007 Order compelling him to do so. Now Mattel seeks the same information and has served a valid trial subpoena.

By this Motion, Mattel seeks again to compel Larian to appear with information regarding his financial worth and profit from Bratz at trial. Apart from the fact that Larian has failed to comply with the Court's Order in this regard, Larian is blocking Mattel's access to key information and he is impeding Mattel's preparation for trial.

Mattel therefore respectfully requests that the Court order Larian to respond to the trial subpoena by producing documents requested in Attachment A.

## Statement of Facts

On March 27, 2008, Mattel served a trial subpoena on Isaac Larian requiring his personal appearance in Mattel's case in chief at the trial action on May 27, 2008. The subpoena also included several requests for documents all of which were returnable on the first day of trial:

> (1) DOCUMENTS sufficient to show the amount of royalties or payments RELATING TO BRATZ that have been made by any PERSON (including without limitation MGA) through March 31, 2009, including the date and amount of each payment and the identity of the payee.

    (2) Documents sufficient to establish YOUR gross income, and the sources of that gross income through March 31, 2009.

    (3) DOCUMENTS sufficient to establish your net worth as of December 31, 2007 and through March 31, 2009.

    (4) DOCUMENTS sufficient to show the revenue, gross and net profits derived by YOU or MGA from the sale by YOU, MGA or its licensees of BRATZ PRODUCTS including, without limitation, DOCUMENTS sufficient to show sales revenue, costs of goods sold, variable costs, gross margins, royalties paid and received, gross profits and nets profits.

    (5) All quarterly and annual profit and loss statements for BRATZ.

    (6) To the extent not already produced, DOCUMENTS sufficient to show the number of units of each BRATZ DOLL sold by MGA or its licensees through March 31, 2009.

    (7) To the extent not already produced, DOCUMENTS sufficient to show the number of units of each BRATZ PRODUCT sold by MGA or its licensees through March 31, 2009.

    On April 25, 2008, Larian served objections to the subpoena and refused to produce <u>any</u> of the requested documents. Larian objected generally that the requests were impermissible pre-trial discovery after the close of discovery. Larian also objected that each of the requests was overbroad, unduly burdensome and duplicative of various discovery requests.

    On May 22, 2008, counsel met and conferred on the scope of the requests, but were unable to resolve the issue.

# Argument

## I  THE REQUESTS SET FORTH IN THE TRIAL SUBPOENA DO NOT CONSTITUTE IMPERMISSIBLE DISCOVERY

A trial subpoena pursuant to Rule 45 may include a request for documents. See Federal Rule of Civil Procedure 45(a)(1)(C); Atkins v. County of Riverside, 2007 WL 4696859 at *7 (C.D.Cal. 2007); Mortgage Information Services, Inc. v. Kitchens, 210 F.R.D. 562, 567-68 (W.D.N.C. 2002); Puritan Inv. Corp. v. ASLL Corp., 1997 WL 793569 at *2 (E.D. Pa. 1997). Courts permit requests for documents and tangible things to be included with trial subpoenas for purposes of obtaining originals of documents produced in the litigation, for trial preparation and for memory refreshment. See Puritan Inv. Corp. v. ASLL Corp., 1997 WL 793569, 1 (E.D.Pa.1997) (trial subpoenas may be used to secure documents at trial for the purpose of memory refreshment or trial preparation); see also Rice v. U.S., 164 F.R.D. 556, 558 n. 1 (N.D.Okla.1995) (trial subpoenas may be used to ensure availability at trial of original documents previously disclosed by discovery).

The requests at issue are contained in a trial subpoena. They are returnable on the first day of trial. They are accompanied by a request for Larian to appear at trial. They do not constitute impermissible pre-trial discovery. As set forth below, the documents Mattel seeks at trial are relevant to Mattel's substantive claims and damages and are essentially for Mattel's preparation for trial and for purposes of refreshing Larian's memory.

## II  THE DOCUMENTS SOUGHT ARE RELEVANT AND NECESSARY TO MATTEL TRIAL PREPARATION

### A. The Documents Sought are Relevant to Mattel's Claims

The documents sought by Mattel are of three categories: (i) documents concerning Larian's Net Worth; (ii) documents concerning Larian's profiting financially from Bratz; and (iii) documents concerning MGA's profit from and total sales of Bratz.

As the Court is well aware, Larian is MGA's founder, president and CEO. Larian does not dispute that he personally has reaped extraordinary profits and financial gain from Bratz. Evidence of Larian's net worth, his financial gains and his self interested profit from Bratz is related to both the damages Mattel seeks, and the merits of Mattel's liability claims for aiding and abetting Bryant's breaches of duty and vicarious copyright infringement.

For example, evidence of Larian's financial gain from Bryant's tortious conduct will corroborate Larian's "knowledge, substantial assistance, or both" of Bryant's breaches of duty. See Casey v. U.S. Bank Nat'l Assoc., 127 Cal. App. 4th 1128, 1144 (2005) (citing, inter alia, Alan R. Bromberg & Lewis D. Lowenfels, Aiding and Abetting Securities Fraud: A Critical Examination, 52 Alb. L. Rev. 637, 739-48 (1988) (financial gain has significance in aiding and abetting cases in determining whether knowledge or the substantial assistance requirements, or both, are satisfied).

Alternatively put, because Larian was "an active participant in the breach of duty and reaped the benefit, [he] cannot disclaim the burden" of liability for that breach. Neilson v. Union Bank of California, N.A., 290 F. Supp. 2d 1101, 1107 (C.D. Cal. 2003) (emphasis added) (citing Heckmann v. Ahmanson, 168 Cal. App. 3d 119, 127 (1985); Bancroft-Whitney Co. v. Glen, 64 Cal. 2d 327, 353 (1966). Similarly, a defendant is liable for vicarious copyright infringement if he has the right and ability to control the infringing activity and fails to do so, and "has a direct financial interest in such activity." Fonvisa, Inc. v. Cherry Auction, Inc., 76

.
.

1  F.3d 259, 262 (9th Cir. 1996); see also 3 Nimmer on Copyright § 12.04 at 1270-72
2  (1995).

3  Larian's compensation and financial gain from Bratz also is relevant to
4  his credibility as a witness. <u>Candle Corp. v. Boole & Babbage, Inc.</u>, 1985 WL
5  1087794 at *7 (C.D. Cal. 1985) (evidence of position and compensation of chief
6  executive and sole shareholder of party corporation is relevant to credibility).  The
7  vast sums Larian has made from his exploitation of Bratz -- and now stands to lose -
8  - prove bias.  That bias cannot be shielded from the jury.

9  This is particularly so given Larian's inconsistent testimony regarding
10  financial benefits he has received as a result of Bratz.  In this action, as in a prior
11  action, Larian has maintained that because MGA is a privately held company he has
12  no real income -- that he has "invest[ed] all the money [MGA] make[s] in the
13  company, back into the company."   This is simply false.  As set forth in Mattel's
14  Motion for an Order Enforcing the Court's Order Compelling Isaac Larian to
15  Produce Certain Documents, filed May 21, 2008, at 6-7, n.20, Larian has withdrawn
16  literally hundreds of millions of dollars from MGA[1].

17  Moreover, evidence of Larian's financial condition is of course a
18  prerequisite under California law to an award of punitive damages.  <u>See Adams v.</u>
19  <u>Murakami</u>, 54 Cal. 3d 105, 115-16 (1991); <u>Lara v. Cadag</u>, 13 Cal. App. 4th 1061,
20  1064 (1993).  Such evidence includes evidence of Larian's assets and liabilities, and
21  earnings and profits, not just evidence of "net worth" that is "subject to easy
22  manipulation."  <u>Id.</u> at 1065 n.3. Under California law a wide range of indicators of a
23  defendant's wealth are to be considered in assessing punitive damages.  <u>See, e.g.,</u>
24  <u>Cummings Medical Corp. v. Occupational Medical Corp.</u>, 10 Cal. App. 4th 1291
25  (1992) (evidence of the profitability of the defendant's fraudulent conduct); <u>Zaxis</u>

---

[1]  Mattel has herein incorporated these facts by reference to reduce the volume of this filing.

Wireless Communications, Inc., 89 Cal. App. 4th at 583 (net worth, revenues, net profit); Pistorius v. Prudential Insurance Co., 123 Cal. App. 3d 541, 554-55 (1981) (net income after taxes, gross assets, net worth).

### B. The Documents are Necessary for Mattel's Trial Preparation and to Refresh Larian's Recollection on the Witness Stand

The requested documents are necessary for Mattel's preparation for trial. As set forth above, Mattel needs the documents to properly address evidence of damages and of MGA's liability on Mattel's substantive claims for aiding and abetting Bryant's breaches of duty and vicarious copyright infringement. Mattel needs the documents above in order to properly question Larian - - or, for that matter other MGA witnesses - - on the profits Larian reaped from Bratz, the current state of Larian's net worth, and the sum of MGA's profits from Bratz.

Finally, the documents sought will be used for memory refreshment, and will assist Larian and other MGA witnesses in recalling key facts regarding their profit and financial gain from Bratz.

### Conclusion

For the foregoing reasons, Mattel respectfully requests that the Court enter an Order compelling Larian to respond to the trial subpoena by producing documents requested in Attachment A thereto when he appears to testify at trial.

DATED: May 23, 2008

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/ James J. Webster
James Webster
Attorneys for Mattel, Inc.