# EXHIBIT 1

AO88  (Rev. 12/06) Subpoena in a Civil C.

**Issued by the**

# UNITED STATES DISTRICT COURT

CENTRAL   DISTRICT OF CALIFORNIA

CARTER BRYANT, an individual

**SUBPOENA IN A CIVIL CASE**

V.

MATTEL, INC., a Delaware corporation

Case Number: [1]  CV 04-9049 SGL (RNBx)

TO:  Isaac Larian c/o Thomas Nolan, Skadden, Arps, Slate, Meagher & Flom LLP
     300 S. Grand Avenue, Suite 3400
     Los Angeles, CA 90071

[X]  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| US District Court, Central District of California Eastern Division - Riverside Courthouse 3470 Twelfth Street Riverside, CA 92501 | Hon. Stephen G. Larson Court Room 1 |
| | DATE AND TIME |
| | May 27, 2008, 9:00 a.m. |

[ ]  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

[X]  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHMENT "A"

| PLACE | DATE AND TIME |
|---|---|
| | |

[ ]  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* Attorney for Mattel, Inc. | 3/27/08 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Lesley E. Williams, Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 S. Figueroa Street, 10th Floor, Los Angeles, CA 90017     (213) 443-3000

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

EXHIBIT     1

PAGE        2

## ATTACHMENT A (ISAAC LARIAN)

### Documents To Be Produced

(1)    DOCUMENTS sufficient to show the amount of royalties or payments RELATING TO BRATZ that have been made by any PERSON (including without limitation MGA) through March 31, 2009, including the date and amount of each payment and the identity of the payee.

(2)    Documents sufficient to establish YOUR gross income, and the sources of that gross income through March 31, 2009.

(3)    DOCUMENTS sufficient to establish your net worth as of December 31, 2007 and through March 31, 2009.

(4)    DOCUMENTS sufficient to show the revenue, gross and net profits derived by YOU or MGA from the sale by YOU, MGA or its licensees of BRATZ PRODUCTS including, without limitation, DOCUMENTS sufficient to show sales revenue, costs of goods sold, variable costs, gross margins, royalties paid and received, gross profits and nets profits.

(5)    All quarterly and annual profit and loss statements for BRATZ.

(6)    To the extent not already produced, DOCUMENTS sufficient to show the number of units of each BRATZ DOLL sold by MGA or its licensees through March 31, 2009.

(7)    To the extent not already produced, DOCUMENTS sufficient to show the number of units of each BRATZ PRODUCT sold by MGA or its licensees through March 31, 2009.

07209/2423769.2

1

EXHIBIT  1

PAGE  3

EXHIBIT  2



THOMAS J. NOLAN (Bar No. 66992)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue
Los Angeles, California 90071-3144
Telephone: (213) 687-5000
Facsimile: (213) 687-5600
E-mail: tnolan@skadden.com

RAOUL D. KENNEDY (Bar No. 40892)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Embarcadero Center, 38th Floor
San Francisco, California 94111-5974
Telephone: (415) 984-6400
Facsimile: (415) 984-2698
E-mail: rkennedy@skadden.com

Attorneys for Cross-Defendants MGA Entertainment, Inc.,
MGA Entertainment (HK) Limited, MGAE De Mexico, S.R.L. De C.V.,
and ISAAC LARIAN

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with Case No. 04-9059 and Case No. 05-2727 |
| v. | **ISAAC LARIAN'S OBJECTIONS TO MATTEL'S TRIAL SUBPOENA** |
| MATTEL, INC., a Delaware corporation | |
| Defendant. | Discovery Cut-Off: Jan. 28, 2008<br>Pre-Trial Conference: May 5, 2008<br>trial Date: May 27, 2008 |
| Consolidated with MATTEL, INC. v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | Honorable Stephen G. Larson |

4-25

EXHIBIT 2
PAGE 4

1    Isaac Larian hereby responds and objects to the requests for document

2  production contained in the subpoena served by Mattel, Inc. (hereinafter "the

3  Requests").

4                          **GENERAL OBJECTIONS**

5        1.     Larian objects to each of the Requests on grounds that the Federal Rules

6  of Civil Procedure do not authorize demands for the production of documents from a

7  party by means of a subpoena under Federal Rule of Civil Procedure 45. *See, e.g.,*

8  *Hasbro, Inc. v. Serafino*, 168 F.R.D. 99 (D. Mass. 1996).

9        2.     Larian objects to each of the Requests on grounds that the Requests,

10  individually and collectively, constitute an improper attempt by Mattel to conduct

11  discovery after the close of fact and expert discovery, in violation of the Court's

12  scheduling orders. *See, e.g., Integra Lifesciences 1, Ltd. v. Merck*, 190 F.R.D. 556

13  (S.D. Cal. 1999); *F.T.C. v. Netscape Communications Corp.*, 196 F.R.D. 559 (N.D.

14  Cal. 2000).

15       3.     Larian objects to each of the Requests on grounds that they do not

16  identify the documents to be produced with reasonable particularity, in violation of

17  Federal Rule of Civil Procedure 34.  In particular, the Requests do not itemize

18  specific documents contained on Mattel's trial exhibit list that are needed by Mattel

19  for use as exhibits at trial. *See, e.g., Mortgage Info. Servs., Inc. v. Kitchens*, 210

20  F.R.D. 562 (W.D.N.C. 2002).

21       4.     Larian objects to the Requests to the extent they seek production of

22  information protected by the attorney-client privilege, the attorney work product

23  doctrine, the joint defense privilege, the common interest privilege, and/or any other

24  applicable privilege against discovery.  Larian will not produce any such privileged

25  material.

26       5.     Larian objects to the Requests to the extent that they seek information

27  that is confidential, proprietary, or protected from discovery pursuant to the privacy

28

EXHIBIT _____ 2

PAGE _____ 5

1 rights guaranteed by the federal and state constitutions.

2      6.      Larian objects to the Requests to the extent that they seek documents that
3 are not in Larian's possession, custody or control.

4      7.      Larian objects to the Requests because they are oppressive, overly broad,
5 unduly burdensome, unreasonably invasive and harassing, vague, and/or ambiguous.

6      8.      Larian objects to the Requests as vague and/or ambiguous to the extent
7 that they include undefined terms or phrases, including but not limited to capitalized
8 terms or phrases that have not been previously defined.

9      9.      Larian objects to the Requests as unduly burdensome and harassing to
10 the extent that they seek production of documents that already have been produced to
11 Mattel in discovery and/or are readily obtainable from other sources.

12      10.     Larian objects to the Requests to the extent that they seek the production
13 of documents that are neither relevant to the subject matter of the litigation (and in
14 particular to Phase 1 claims or defenses) nor reasonably calculated to lead to the
15 discovery of admissible evidence.

16      11.     Larian objects to the Requests as overbroad as to time because the
17 requests either contain no stated time limitation or the stated time limitation is
18 overbroad, unduly burdensome and inappropriate.

19      12.     Larian objects to the Requests as void because they were never served
20 on Larian.  Counsel for Larian agreed to accept service of a trial subpoena for Mr.
21 Larian's personal attendance at trial, not for the production of documents.  The
22 Requests are <u>void</u>.

23      13.     Larian expressly reserves the right to amend, supplement, or correct
24 these objections and responses.

25              **SPECIFIC OBJECTIONS**

26      Without waiving or departing from its General Objections and specifically
27 incorporating its General Objections into each of the Specific Responses below,

28

EXHIBIT ____2____

PAGE ____6____

1   Larian makes the following Specific Responses to the Requests below. Larian may

2   restate one or more of the General Objections in the Specific Responses below for

3   emphasis or some other reason without any waiver of any of the General Objections.

4

5   **REQUEST FOR DOCUMENTS NO. 1:**

6       DOCUMENTS sufficient to show the amount of royalties or payments

7   RELATING TO BRATZ that have been made by any PERSON (including without

8   limitation MGA) through March 31, 2009, including the date and amount of each

9   payment and the identity of the payee.

10

11   **RESPONSE TO REQUEST FOR DOCUMENTS NO. 1:**

12       Larian incorporates by reference the above-stated General Objections as if

13   fully set forth herein. Larian specifically objects to this Request on grounds that the

14   Federal Rules of Civil Procedure do not authorize demands for the production of

15   documents from a party by means of a subpoena under Federal Rule of Civil

16   Procedure 45. *See, e.g., Hasbro, Inc. v. Serafino*, 168 F.R.D. 99 (D. Mass. 1996).

17   Larian also objects to this Request on grounds that it constitutes an improper attempt

18   by Mattel to conduct discovery after the close of fact and expert discovery, in

19   violation of the Court's scheduling orders. *See, e.g., Integra Lifesciences 1, Ltd. v.*

20   *Merck*, 190 F.R.D. 556 (S.D. Cal. 1999); *F.T.C. v. Netscape Communications Corp.*,

21   196 F.R.D. 559 (N.D. Cal. 2000). Larian also objects to this Request on grounds that

22   it does not identify the documents to be produced with reasonable particularity, in

23   violation of Federal Rule of Civil Procedure 34. In particular, the Request does not

24   itemize specific documents contained on Mattel's trial exhibit list that are needed by

25   Mattel for use as exhibits at trial. *See, e.g., Mortgage Info. Servs., Inc. v. Kitchens*,

26   210 F.R.D. 562 (W.D.N.C. 2002). Larian objects to this Request on the grounds that

27   it is vague, ambiguous, and overbroad as to the undefined phrases "RELATING TO

28

EXHIBIT ___2___

PAGE ___7___

1  BRATZ" and "PERSON (including without limitation MGA)." Larian also objects
2  to this Request as vague, ambiguous, and overbroad as it seeks future documents
3  through March 31, 2009 that cannot possibly exist yet. Larian further objects to this
4  Request to the extent it calls for the production of documents that are not in Larian's
5  possession, custody or control. Larian also objects to this Request as unduly
6  burdensome and harassing to the extent that it seeks production of documents that are
7  readily obtainable from other sources or are in the possession, custody, or control of
8  other persons or entities. Larian objects to this Request on grounds that it is
9  overbroad as to time and seeks information that is neither relevant nor reasonably
10 calculated to lead to the discovery of admissible evidence to the extent that it is
11 seeking information about future royalties or payments, *i.e.,* "through March 31,
12 2009."

13     Larian further objects to this Request as cumulative, duplicative, and unduly
14 burdensome to the extent that it seeks documents previously requested by Mattel or
15 produced by Larian (or any of the MGA Parties) in response to Mattel's document
16 requests, including, but not limited to: Request Nos. 54 and 55 from Mattel, Inc.'s
17 First Set of Requests for Documents and Things to Isaac Larian.

18
19 **REQUEST FOR DOCUMENTS NO. 2:**

20     Documents sufficient to establish YOUR gross income, and the sources of that
21 gross income through March 31, 2009.

22
23 **RESPONSE TO REQUEST FOR DOCUMENTS NO. 2:**

24     Larian incorporates by reference the above-stated General Objections as if
25 fully set forth herein. Larian specifically objects to this Request on grounds that the
26 Federal Rules of Civil Procedure do not authorize demands for the production of
27 documents from a party by means of a subpoena under Federal Rule of Civil
28

EXHIBIT ___2___

PAGE ___8___

1  Procedure 45. *See, e.g., Hasbro, Inc. v. Serafino*, 168 F.R.D. 99 (D. Mass. 1996).

2  Larian also objects to this Request on grounds that it constitutes an improper attempt

3  by Mattel to conduct discovery after the close of fact and expert discovery, in

4  violation of the Court's scheduling orders. *See, e.g., Integra Lifesciences 1, Ltd v.*

5  *Merck*, 190 F.R.D. 556 (S.D. Cal. 1999); *F.T.C. v. Netscape Communications Corp.*,

6  196 F.R.D. 559 (N.D. Cal. 2000). Larian also objects to this Request on grounds that

7  it does not identify the documents to be produced with reasonable particularity, in

8  violation of Federal Rule of Civil Procedure 34. In particular, the Request does not

9  itemize specific documents contained on Mattel's trial exhibit list that are needed by

10  Mattel for use as exhibits at trial. *See, e.g., Mortgage Info. Servs., Inc. v. Kitchens*,

11  210 F.R.D. 562 (W.D.N.C. 2002). Larian objects to this Request as vague,

12  ambiguous, and overbroad as it seeks future documents through March 31, <u>2009</u> that

13  cannot possibly exist yet. Larian also objects to this Request to the extent it calls for

14  the production of documents that are not in Larian's possession, custody or control.

15  Larian also objects to this Request as unduly burdensome and harassing to the extent

16  that it seeks production of documents that are readily obtainable from other sources

17  or are in the possession, custody, or control of other persons or entities. Larian

18  objects to this Request on grounds that it is overbroad as to time and seeks

19  information that is neither relevant nor reasonably calculated to lead to the discovery

20  of admissible evidence to the extent that it is seeking information about Larian's

21  future gross income, *i.e.*, "through March 31, 2009."

22      Larian further objects to this Request as cumulative, duplicative, and unduly

23  burdensome to the extent that it seeks documents previously requested by Mattel or

24  produced by Larian (or any of the MGA Parties) in response to Mattel's document

25  requests, including, but not limited to: Request No. 208 from Mattel, Inc.'s First Set

26  of Requests for Documents and Things to Isaac Larian.

27

28

EXHIBIT ___2___

PAGE ___9___

## REQUEST FOR DOCUMENTS NO. 3:

DOCUMENTS sufficient to establish your net worth as of December 31, 2007 and through March 31, 2009.

## RESPONSE TO REQUEST FOR DOCUMENTS NO. 3:

Larian incorporates by reference the above-stated General Objections as if fully set forth herein. Larian specifically objects to this Request on grounds that the Federal Rules of Civil Procedure do not authorize demands for the production of documents from a party by means of a subpoena under Federal Rule of Civil Procedure 45. *See, e.g., Hasbro, Inc. v. Serafino*, 168 F.R.D. 99 (D. Mass. 1996). Larian also objects to this Request on grounds that it constitutes an improper attempt by Mattel to conduct discovery after the close of fact and expert discovery, in violation of the Court's scheduling orders. *See, e.g., Integra Lifesciences 1, Ltd. v. Merck*, 190 F.R.D. 556 (S.D. Cal. 1999); *F.T.C. v. Netscape Communications Corp.*, 196 F.R.D. 559 (N.D. Cal. 2000). Larian also objects to this Request on grounds that it does not identify the documents to be produced with reasonable particularity, in violation of Federal Rule of Civil Procedure 34. In particular, the Request does not itemize specific documents contained on Mattel's trial exhibit list that are needed by Mattel for use as exhibits at trial. *See, e.g., Mortgage Info. Servs., Inc. v. Kitchens*, 210 F.R.D. 562 (W.D.N.C. 2002). Larian objects to this Request on the grounds that it is vague, ambiguous, and overbroad as to the term "sufficient to show [Larian's] net worth." Larian also objects to this Request as vague, ambiguous, and overbroad as it seeks future documents through March 31, 2009 that cannot possibly exist yet. Larian also objects to this Request to the extent it calls for the production of documents that are not in Larian's possession, custody or control. Larian objects to this Request on grounds that it is overbroad as to time and seeks information that is

EXHIBIT ___2___

PAGE ___10___

1 | neither relevant nor reasonably calculated to lead to the discovery of admissible
2 | evidence to the extent that it is seeking information about Larian's future net worth,
3 | *i.e.*, "through March 31, 2009."

4 | Larian further objects to this Request as cumulative, duplicative, and unduly
5 | burdensome to the extent that it seeks documents previously requested by Mattel or
6 | produced by Larian (or any of the MGA Parties) in response to Mattel's document
7 | requests, including, but not limited to: Request No. 269 from Mattel, Inc.'s First Set
8 | of Requests for Documents and Things to Isaac Larian.

9 |

10 |
11 | **REQUEST FOR DOCUMENTS NO. 4:**

12 | DOCUMENTS sufficient to show the revenue, gross and net profits derived by
13 | YOU or MGA from the sale by YOU, MGA or its licensees of BRATZ PRODUCTS
14 | including, without limitation, DOCUMENTS sufficient to show sales revenue, costs
15 | of goods sold, variable costs, gross margins, royalties paid and received, gross profits
16 | and net profits.

17 |
18 | **RESPONSE TO REQUEST FOR DOCUMENTS NO. 4:**

19 | Larian incorporates by reference the above-stated General Objections as if
20 | fully set forth herein. Larian specifically objects to this Request on grounds that the
21 | Federal Rules of Civil Procedure do not authorize demands for the production of
22 | documents from a party by means of a subpoena under Federal Rule of Civil
23 | Procedure 45. *See, e.g., Hasbro, Inc. v. Serafino*, 168 F.R.D. 99 (D. Mass. 1996).
24 | Larian also objects to this Request on grounds that it constitutes an improper attempt
25 | by Mattel to conduct discovery after the close of fact and expert discovery, in
26 | violation of the Court's scheduling orders. *See, e.g., Integra Lifesciences 1, Ltd. v.
27 | Merck*, 190 F.R.D. 556 (S.D. Cal. 1999); *F.T.C. v. Netscape Communications Corp.*,
28 |

EXHIBIT ____2____

PAGE ____11____

1 | 196 F.R.D. 559 (N.D. Cal. 2000). Larian also objects to this Request on grounds that
2 | it does not identify the documents to be produced with reasonable particularity, in
3 | violation of Federal Rule of Civil Procedure 34. In particular, the Request does not
4 | itemize specific documents contained on Mattel's trial exhibit list that are needed by
5 | Mattel for use as exhibits at trial. *See, e.g., Mortgage Info. Servs., Inc. v. Kitchens,*
6 | 210 F.R.D. 562 (W.D.N.C. 2002). Larian objects to this Request on the grounds that
7 | it is vague, ambiguous, and overbroad as to the term "BRATZ PRODUCTS."
8 |      Larian further objects to this Request as cumulative, duplicative, and unduly
9 | burdensome to the extent that it seeks documents previously requested by Mattel or
10 | produced by Larian (or any of the MGA Parties) in response to Mattel's document
11 | requests, including, but not limited to: Request Nos. 248, 249, and 250 from Mattel,
12 | Inc.'s First Set of Requests for Documents and Things to Isaac Larian.
13 |
14 | **REQUEST FOR DOCUMENTS NO. 5:**
15 |
16 |      All quarterly and annual profit and loss statements for BRATZ.
17 | **RESPONSE TO REQUEST FOR DOCUMENTS NO. 5:**
18 |
19 |      Larian incorporates by reference the above-stated General Objections as if
20 | fully set forth herein. Larian specifically objects to this Request on grounds that the
21 | Federal Rules of Civil Procedure do not authorize demands for the production of
22 | documents from a party by means of a subpoena under Federal Rule of Civil
23 | Procedure 45. *See, e.g., Hasbro, Inc. v. Serafino,* 168 F.R.D. 99 (D. Mass. 1996).
24 | Larian also objects to this Request on grounds that it constitutes an improper attempt
25 | by Mattel to conduct discovery after the close of fact and expert discovery, in
26 | violation of the Court's scheduling orders. *See, e.g., Integra Lifesciences 1, Ltd. v.*
27 | *Merck,* 190 F.R.D. 556 (S.D. Cal. 1999); *F.T.C. v. Netscape Communications Corp.,*
28 | 196 F.R.D. 559 (N.D. Cal. 2000). Larian also objects to this Request on grounds that

EXHIBIT    2

PAGE    12

1   it does not identify the documents to be produced with reasonable particularity, in

2   violation of Federal Rule of Civil Procedure 34.  In particular, the Request does not

3   itemize specific documents contained on Mattel's trial exhibit list that are needed by

4   Mattel for use as exhibits at trial.  *See, e.g., Mortgage Info. Servs., Inc. v. Kitchens*,

5   210 F.R.D. 562 (W.D.N.C. 2002).  Larian objects to this Request on the grounds that

6   it is vague, ambiguous, and overbroad as to the term "BRATZ"  Larian also objects

7   to this Request to the extent it calls for the production of documents that are not in

8   Larian's possession, custody or control.

9        Larian further objects to this Request as cumulative, duplicative, and unduly

10   burdensome to the extent that it seeks documents previously requested by Mattel or

11   produced by Larian (or any of the MGA Parties) in response to Mattel's document

12   requests, including, but not limited to: Request No. 266 from Mattel, Inc.'s First Set

13   of Requests for Documents and Things to Isaac Larian.

14

15

16   **REQUEST FOR DOCUMENTS NO. 6:**

17        To the extent not already produced, DOCUMENTS sufficient to show the

18   number of units of each BRATZ DOLL sold by MGA or its licensees through March

19   31, 2009.

20

21   **RESPONSE TO REQUEST FOR DOCUMENTS NO. 6:**

22        Larian incorporates by reference the above-stated General Objections as if

23   fully set forth herein.  Larian specifically objects to this Request on grounds that the

24   Federal Rules of Civil Procedure do not authorize demands for the production of

25   documents from a party by means of a subpoena under Federal Rule of Civil

26   Procedure 45.  *See, e.g., Hasbro, Inc. v. Serafino*, 168 F.R.D. 99 (D. Mass. 1996).

27   Larian also objects to this Request on grounds that it constitutes an improper attempt

28

EXHIBIT ____2____

PAGE ____13____

1   by Mattel to conduct discovery after the close of fact and expert discovery, in

2   violation of the Court's scheduling orders. *See, e.g., Integra Lifesciences 1, Ltd. v.*

3   *Merck*, 190 F.R.D. 556 (S.D. Cal. 1999); *F.T.C. v. Netscape Communications Corp.*,

4   196 F.R.D. 559 (N.D. Cal. 2000). Larian also objects to this Request on grounds that

5   it does not identify the documents to be produced with reasonable particularity, in

6   violation of Federal Rule of Civil Procedure 34. In particular, the Request does not

7   itemize specific documents contained on Mattel's trial exhibit list that are needed by

8   Mattel for use as exhibits at trial. *See, e.g., Mortgage Info. Servs., Inc. v. Kitchens*,

9   210 F.R.D. 562 (W.D.N.C. 2002). Larian objects to this Request on the grounds that

10   it is vague, ambiguous, and overbroad as to the term "BRATZ DOLL." Larian also

11   objects to this Request as vague, ambiguous, and overbroad as it seeks future

12   documents through March 31, <u>2009</u> that cannot possibly exist yet. Larian also

13   objects to this Request to the extent it calls for the production of documents that are

14   not in Larian's possession, custody or control. Larian objects to this Request on

15   grounds that it is overbroad as to time and seeks information that is neither relevant

16   nor reasonably calculated to lead to the discovery of admissible evidence to the

17   extent that it is seeking information about Larian's future sales, *i.e.,* "through March

18   31, 2009."

19         Larian further objects to this Request as cumulative, duplicative, and unduly

20   burdensome to the extent that it seeks documents previously requested by Mattel or

21   produced by Larian (or any of the MGA Parties) in response to Mattel's document

22   requests, including, but not limited to: Request No. 239 from Mattel, Inc.'s First Set

23   of Requests for Documents and Things to Isaac Larian.

24

25

26   **REQUEST FOR DOCUMENTS NO. 7:**

27         To the extent not already produced, DOCUMENTS sufficient to show the

28

EXHIBIT   2

PAGE   14

1  number of units of each BRATZ PRODUCT sold by MGA or its licensees through
2  March 31, 2009.

3
4  **RESPONSE TO REQUEST FOR DOCUMENTS NO. 7:**

5       Larian incorporates by reference the above-stated General Objections as if
6  fully set forth herein.  Larian specifically objects to this Request on grounds that the
7  Federal Rules of Civil Procedure do not authorize demands for the production of
8  documents from a party by means of a subpoena under Federal Rule of Civil
9  Procedure 45.  *See, e.g., Hasbro, Inc. v. Serafino*, 168 F.R.D. 99 (D. Mass. 1996).
10 Larian also objects to this Request on grounds that it constitutes an improper attempt
11 by Mattel to conduct discovery after the close of fact and expert discovery, in
12 violation of the Court's scheduling orders.  *See, e.g., Integra Lifesciences 1, Ltd. v.*
13 *Merck*, 190 F.R.D. 556 (S.D. Cal. 1999); *F.T.C. v. Netscape Communications Corp.*,
14 196 F.R.D. 559 (N.D. Cal. 2000).  Larian also objects to this Request on grounds that
15 it does not identify the documents to be produced with reasonable particularity, in
16 violation of Federal Rule of Civil Procedure 34.  In particular, the Request does not
17 itemize specific documents contained on Mattel's trial exhibit list that are needed by
18 Mattel for use as exhibits at trial.  *See, e.g., Mortgage Info. Servs., Inc. v. Kitchens*,
19 210 F.R.D. 562 (W.D.N.C. 2002).  Larian objects to this Request on the grounds that
20 it is vague, ambiguous, and overbroad as to the term "BRATZ PRODUCT."  Larian
21 also objects to this Request as vague, ambiguous, and overbroad as it seeks future
22 documents through March 31, <u>2009</u> that cannot possibly exist yet. Larian also
23 objects to this Request to the extent it calls for the production of documents that are
24 not in Larian's possession, custody or control.  Larian objects to this Request on
25 grounds that it is overbroad as to time and seeks information that is neither relevant
26 nor reasonably calculated to lead to the discovery of admissible evidence to the
27 extent that it is seeking information about Larian's future sales, *i.e.,* "through March
28

EXHIBIT _____ 2

PAGE _____ 15

1 | 31, 2009."

2 |      Larian further objects to this Request as cumulative, duplicative, and unduly

3 | burdensome to the extent that it seeks documents previously requested by Mattel or

4 | produced by Larian (or any of the MGA Parties) in response to Mattel's document

5 | requests, including, but not limited to: Request No. 247 from Mattel, Inc.'s First Set

6 | of Requests for Documents and Things to Isaac Larian.

7 |

8 |

9 |

10 | DATED:  April 25, 2008        SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

11 |

12 |         By: _____ /smy

13 |             Robert J. Herrington
            Attorneys for Cross-Defendants
            MGA Entertainment, Inc., MGA

14 |             Entertainment (HK) Limited,
            MGAE De Mexico, S.R.L. De C.V.,
            and ISAAC LARIAN

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

833015-D.C. Server 1A - MSW

EXHIBIT _____ 2

PAGE _____ 16

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

I am employed in the county of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 300 South Grand Avenue, Suite 3400, Los Angeles, California 90071.

On **April 25, 2008,** I served the foregoing documents described as:

### ISAAC LARIAN'S OBJECTIONS TO MATTEL'S TRIAL SUBPOENA

on the interested parties in this action addressed as follows:

### SEE ATTACHED SERVICE LIST

( )   (BY PERSONAL SERVICE)   □   By personally delivering copies to the person served. (FEDERAL)

□   I caused such document to be hand delivered to the above addressees. (FEDERAL)

(X)   (BY U.S. MAIL IN THE ORDINARY COURSE OF BUSINESS) I am readily familiar with the firm's practice for the collection and processing of correspondence for mailing with the United States Postal Service and the fact that the correspondence would be deposited with the United States Postal Service that same day in the ordinary course of business; on this date, the above-referenced correspondence was placed for deposit at Los Angeles, California and placed for collection and mailing following ordinary business practices.

( )   (BY FEDERAL EXPRESS)

( )   (BY ELECTRONIC MAIL)

I declare under penalty of perjury under the laws of the State of California and the United States of America that the above is true and correct.

Executed on **April 25, 2008,** in Los Angeles, California.

Jean A. Chun
PRINT NAME

_____
SIGNATURE

PROOF OF SERVICE

NO. CV 04-9049 SGL (RNBx)

EXHIBIT _____

PAGE _____ 17

<u>SERVICE LIST</u>

| | |
|---|---|
| 1 | |
| 2 | |
| 3 | Jon D. Corey, Esq.<br>Michael T. Zeller, Esq.<br>John Quinn, Esq.<br>Quinn Emanuel Urquhart Oliver &<br>Hedges, LLP<br>865 South Figueroa Street, 10th Floor<br>Los Angeles, CA 90017-2543<br>(213) 443-3000<br>(213) 443-3100 (Fax) |

Jon D. Corey, Esq.
Michael T. Zeller, Esq.
John Quinn, Esq.
Quinn Emanuel Urquhart Oliver &
Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
(213) 443-3000
(213) 443-3100 (Fax)

Attorneys for Mattel, Inc

John Trinidad, Esq.
John Keker, Esq.
Keker & Van Nest, LLP
710 Sansome Street
San Francisco, CA 94111
(415) 391-5400
(415) 397-7188 (Fax)

Attorneys for Carter Bryant

Mark E. Overland, Esq.
Alexander H. Cote, Esq.
David C. Scheper, Esq.
Overland Borenstein Scheper & Kim
300 South Grand Avenue, Suite 2750
Los Angeles, CA 90071
(213) 613-4655
(213) 613-4656 (Fax)

PROOF OF SERVICE

NO. CV 04-9049 SGL (RNBx)

EXHIBIT _____ 2

PAGE _____ 18

EXHIBIT 3

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 090378)
2    (johnquinn@quinnemanuel.com)
     Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
     Timothy L. Alger (Bar No. 160303)
5    (timalger@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
6  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
7  Facsimile: (213) 443-3100

8  Attorneys for Mattel, Inc.

9                  UNITED STATES DISTRICT COURT

10               CENTRAL DISTRICT OF CALIFORNIA

11                        EASTERN DIVISION

12 | CARTER BRYANT, an individual,     | CASE NO. CV 04-9049 SGL (RNBx)
13 |              Plaintiff,           | Consolidated with
14 |                                    | Case No. CV 04-09059
   |                                    | Case No. CV 05-02727
15 |         vs.                        |
16 | MATTEL, INC., a Delaware          | **[PUBLIC REDACTED]** NOTICE OF
17 | corporation,                       | MOTION AND MOTION OF
   |              Defendant.           | MATTEL, INC. FOR AN ORDER
18 |                                    | ENFORCING THE COURT'S
   |                                    | DECEMBER 27 2007 ORDER
19 |                                    | COMPELLING ISAAC LARIAN TO
   | AND CONSOLIDATED ACTIONS          | PRODUCE CERTAIN DOCUMENTS
20 |                                    | [Declaration of Melissa Grant filed
   |                                    | concurrently herewith]
21 |                                    | Hearing Date: TBA
22 |                                    | Time:         TBA
   |                                    | Place:        TBA
23 |                                    |
24 |                                    | **Phase I**
   |                                    | Pre-trial Conference: May 19, 2008
25 |                                    | Trial Date:           May 27, 2008

26

27                                    EXHIBIT _____3_____

28                                    PAGE _____19_____

07209/2514762.1

1    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2              PLEASE TAKE NOTICE that on the next available motion date or as soon

3    as counsel may otherwise be heard, in the courtroom of the Honorable Stephen G.

4    Larson, located at 3470 Twelfth Street, Riverside, California 92501, plaintiff and

5    counter-defendant Mattel, Inc. ("Mattel") will, and hereby does, move the Court for an

6    order enforcing the Discovery Master's December 27 2007 Order Granting in Part and

7    Denying in Part Mattel's Motion to Compel Production of Documents by Isaac Larian

8    (the "December 27 2007 Order"); and for an Order requiring Larian to produce

9    documents that he has authenticated that are sufficient to determine, calculate and/or

10   evaluate his net worth, his gross income and the sources of his gross income (including

11   his financial gains, profits collected and/or assets purchased or financed by MGA funds

12   generated by Bratz) and his tax returns.

13             This Motion is made pursuant to Federal Rules of Civil Procedure 34 and

14   37 on the grounds that Isaac Larian has failed to comply with the December 27 2007

15   Order requiring him to produce certain documents and financial information.

16             This Motion is based on this Notice of Motion and Motion, the

17   accompanying Memorandum of Points and Authorities, the Declaration of Melissa

18   Grant filed concurrently herewith, the records and files of this Court, and all other

19   matters of which the Court may take judicial notice.

20             **Statement of Rule 37-1 Compliance**

21             The parties met and conferred regarding this motion on March 21, 2008,

22   as well as on other occasions.

23

24   DATED: May 21, 2008              QUINN EMANUEL URQUHART OLIVER &
                                      HEDGES, LLP
25

26
                                      By /s/
27                                      Jon D. Corey
                                        Attorneys for Mattel, Inc.          EXHIBIT   **3**
28
                                                                            PAGE      **20**

07209/2514726.1
                                              2
─────────────────────────────────────────────────────────
MATTEL'S MOTION TO ENFORCE DECEMBER 27 2007 ORDER RE: FINANCIAL INFORMATION

## TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ............................................. 1

PRELIMINARY STATEMENT ................................................................ 1

FACTUAL BACKGROUND ................................................................ 1

ARGUMENT ............................................................................... 5

I.    LARIAN SHOULD BE ORDERED TO COMPLY WITH THE DISCOVERY MASTER'S ORDER ............................................................... 5

    A.    Larian Should Ordered To Comply with the December 27, 2007 Order and Produce Authenticated Documents Sufficient to Determine His Net Worth, Including His Financial Gain and Assets Purchased or Financed With MGA's Bratz-Related Revenue ........................................................................... 5

        1.    Evidence of Larian's Financial Gain and Self-Interested Profit is Relevant to His Credibility ............................... 6

        2.    Evidence of Larian's Assets and Bratz-Related Profits Are Essential to Mattel's Claim for Punitive Damages ...................... 8

        3.    Larian Refuses to Comply with the Court's Order to Produce Documents Sufficient to Determine His Net Worth, Financial Condition, and Financial Gains From Bratz ................................................................... 9

CONCLUSION ........................................................................... 10

EXHIBIT _____3_____

PAGE _____21_____

07209/2514726.1

-i-

## TABLE OF AUTHORITIES

**Page**

### Cases

*Adams v. Murakami,*
    54 Cal. 3d 105 (1991)................................................................. 10

*Art Attacks, Inc. v. MGA Entertainment, Inc.,*
    *United States District Court, Southern District of California,*
    Case No. 04CV1035-B (May 2007)............................................. 9

*Bancroft-Whitney Co. v. Glen,*
    64 Cal. 2d 327 (1966)................................................................. 7

*Candle Corp. v. Boole & Babbage, Inc.,*
    1985 WL. 1087794 (C.D. Cal. 1985)......................................... 7

*Casey v. U.S. Bank Nat'l Assoc.,*
    127 Cal. App. 4th 1128 (2005)................................................... 7

*Cummings Medical Corp. v. Occupational Medical Corp.,*
    10 Cal. App. 4th 1291 (1992)..................................................... 10

*Fonvisa, Inc. v. Cherry Auction, Inc.,*
    76 F.3d 259 (9th Cir. 1996)....................................................... 7

*Heckmann v. Ahmanson,*
    168 Cal. App. 3d 119 (1985)...................................................... 7

*Lara v. Cadag,*
    13 Cal. App. 4th 1061 (1993)..................................................... 10

*Nielson v. Union Bank of California, N.A*
    290 F. Supp. 2d 1101 (C.D. Cal. 2003)..................................... 7

*Pistorius v. Prudential Insurance Co.,*
    123 Cal. App. 3d 541 (1981)...................................................... 10

*Zaxis Wireless Communications, Inc.,*
    89 Cal. App. 4th at 583 (net worth, revenues, net profit) ......... 10

### Statutes

Fed. R. Evid. 106 .......................................................................... 6

Fed. R. Evid. 401-402 ................................................................... 6

Fed. R. Evid. 403 .......................................................................... 6

Rule 30(b)(6) ................................................................................. 4, 11

Rule 37-1 ....................................................................................... 1

EXHIBIT **3**

PAGE **22**

-ii-

07209/2514726.1

**Miscellaneous**

3 Nimmer on Copyright § 12.04 at 1270-72 (1995)...................................................... 7

Alan R. Bromberg & Lewis D. Lowenfels, Aiding and
    Abetting Securities Fraud: A Critical Examination,
    52 Alb. L. Rev. 637, 739-48 (1988) ....................................................................... 7

Federal Rules of Civil Procedure 34 ........................................................................ 1

EXHIBIT 3

PAGE 23

-iii-

07209/2514726.1

## MEMORANDUM OF POINTS AND AUTHORITIES

### Preliminary Statement

This Motion could not be more straightforward. Judge Infante compelled Isaac Larian to produce documents sufficient to show his net worth and gross income. Larian produced ten pages of documents that his counsel contends show Larian's gross income as reflected on his tax returns and net worth. At deposition, Larian disputed the accuracy of those few pages of spreadsheets and was unable to authenticate them.

If Larian did not object to the admission of these documents into evidence, then the issue is moot. Larian, however, has objected to the accuracy and authenticity of those documents, meaning that Larian has failed to comply with Judge Infante's December 27, 2007 Order. By this Motion, Mattel seeks an order compelling Larian to comply with the Order and, in light of the failure to comply, to produce his income tax returns for the period ordered.

### Factual Background

The December 27, 2007 Order. On June 13, 2007, Mattel propounded its First Set of Requests for Production of Documents and Things to Isaac Larian ("Requests for Production to Larian").[1]  Among the document requests were the following:

REQUEST FOR PRODUCTION NO. 208:

Documents sufficient to establish YOUR gross income, and the sources of that gross income, for the years 1999 through the present, inclusive.

REQUEST FOR PRODUCTION NO. 209:

YOUR federal and state tax returns for each of the years 1999 through the present, inclusive.

---

[1]  Mattel, Inc.'s First Set of Requests for Documents and Things to Isaac Larian, dated June 13, 2007 ("Requests for Production to Larian"), attached as Exh. 2 to the Declaration of Melissa Grant ("Grant Dec.").

EXHIBIT _____3_____

PAGE _____24_____

REQUEST FOR PRODUCTION NO. 269:

Documents sufficient to show or calculate [Larian's] net worth on a yearly basis for each year from 1999 to the present.[2]

Larian filed his initial responses on August 6, 2007, but refused to produce documents responsive to Document Request Nos. 207 through 209, and 269 (relating to Larian's net worth and financial gains from Bratz).[3]

Mattel filed a motion to compel Larian to produce documents responsive to the Requests for Production to Larian on October 11, 2007.[4]  By Order dated December 27, 2007 (the "December 27 2007 Order"), the Discovery Master granted Mattel's motion in part and ordered Larian to produce documents responsive to Document Request Nos. 207, 209, and 269.[5]  Specifically, the Discovery Master ordered Larian to produce "documents sufficient to establish Larian's gross income and sources for such income for each year from 1999 to the present."[6]  The Discovery Master found that

> the requested information is likely to lead to information
> regarding payments from Larian to Bryant, which is relevant to,
> among other things, the timing of the creation of Bratz.  The
> requested information is also likely to lead to show Larian's
> income and net worth, which are relevant to damages. . .
> Although Mattel has sought and obtained broad discovery of

---

[2]  Requests for Production to Larian, Grant Dec., Exh. 2.
[3]  Order Granting in Part and Denying Part Mattel's Motion to Compel Production of Documents by Isaac Larian; Denying Request for Sanctions, dated December 27, 2007, Grant Dec., Exh. 1 (December 27 2007 Order).
[4]  Id.
[5]  Id.
[6]  Id.

EXHIBIT _____ 3

PAGE _____ 25

07209/2514726.1

-2-

1          financial information from MGA, Mattel is also entitled to seek

2          financial information directly from Larian.[7]

3 The Discovery Mattel also conditionally denied Mattel's request for production of

4 Larian's tax returns in response to Document Request No. 209, *"provided that Larian*

5 *complies with Requests Nos. 207, 208, and 269."*[8]

6          <u>Larian's Document Production</u>. In mid-January 2008, Larian produced 10

7 pages of documents, which his counsel represented contained documents sufficient to

8 show Larian's net worth (the "Larian Net Worth Documents").[9] Those documents

9 consist of two typed lists of assets and liabilities of Isaac and Angela Larian for 2006

10 and 2007, respectively, and a list of the name of banks without accounts or addresses

11 and a list of Bear Stearns and Merrill Lynch accounts, organized by year. The preparer

12 or source of those lists is not identified as the pages on which they appear is without

13 letterhead. No source data is cited or provided.[10]

14          When Larian was asked in deposition about the Larian Net Worth

15 Documents and whether he could verify the accuracy of the financial information in

16 them, he testified that he could not. He had not seen them before and did not know if

17 they were accurate.[11] In previous deposition testimony, MGA's Vice President of

18 Taxation and <u>Rule</u> 30(b)(6) on financial issues, Lisa Tonnu, testified that she does not

19

20

21

22

---

[7] <u>Id.</u>

[8] <u>Id.</u>

[9] Declaration of Amy Park in Support of MGA Defendants' Reply in Support of their Motion to Quash Mattel, Inc.'s Subpoena to Bank of America, dated February 15, 2008 and the Larian Net Worth Documents (MGA 3787275 – MGA 3787283), Grant Dec, Exh. 3.

[10] Grant Dec., Exh. 3 (Larian Net Worth Documents).

[11] Deposition of Isaac Larian ("Larian Depo"), dated March 26, 2008, Vol. 2, 498:11-509:10, Grant Dec., Exh. 4.

EXHIBIT ____3____

PAGE ___26___

1  handle Mr. Larian's personal finances and taxes and that she only assembles and sends
2  documents to Larian's personal accountants, Moss Adams.[12]

3          Because the summary of Mr. Larian's net worth, prepared by persons
4  unknown, is wrong, unverifiable, and does not "establish Larian's gross income and the
5  sources of that income," nor provide "sufficient [information] to show or calculate
6  [his] net worth on a yearly basis," Mattel is entitled and Larian should be ordered to
7  produce to documents sufficient to establish his net worth and gross income.

8          Because of the December 27, 2007 Order, Mattel hoped that MGA and
9  Larian would agree to the admission into evidence, for all purposes, of the Larian
10  Net Worth Documents, which are identified as Exhibits 11885 (MGA 3787275-
11  MGA 3787279) and Exhibit 11266 (MGA 3787280- MGA 378283) on the Joint
12  Exhibit List.  When Mattel received MGA's objections to these Exhibits on May 6,
13  2008, however, Mattel was disappointed to learn that MGA and Larian have
14  asserted a number of objections to these exhibits, including completeness (Fed. R.
15  Evid. 106), prejudicial and confusing (Fed. R. Evid. 403), and relevance (Fed. R.
16  Evid. 401-402).

17          On March 21, 2008, Mattel's counsel sent an e-mail message to Larian's
18  counsel, requesting that Larian comply with the December 27 2007 Order either by
19  stipulating to the authenticity for all purposes of the "Larian Net Worth Documents" or,
20  alternatively, produce his tax returns.  Mattel's counsel further stated that if Larian
21  refused to comply with the December 27, 2007, Mattel would be compelled to bring
22  this Motion.  MGA and Larian did not respond.  This Motion followed.

23
24
25
26
27  _____
[12]   Deposition of Lisa Tonnu (Tonnu Depo), Vol. 4, 808:4-20, January 17, 2008,
28  Grant Dec., Exh. 5.

EXHIBIT _____3_____

PAGE _____27_____

-4-

<u>**Argument**</u>

**I.** **LARIAN SHOULD BE ORDERED TO COMPLY WITH THE DISCOVERY MASTER'S ORDER**

    **A.** **<u>Larian Should Ordered To Comply with the December 27, 2007 Order and Produce Authenticated Documents Sufficient to Determine His Net Worth, Including His Financial Gain and Assets Purchased or Financed With MGA's Bratz-Related Revenue</u>**

        Larian, a named defendant in this case, is MGA's founder, President, and CEO.[13]  Since December 2000, he has been MGA's majority shareholder; he owns 81.82% of MGA's stock.[14]  According to MGA's March 2001 Business Plan, "Larian oversees all divisions of the company."[15]  According to Larian, "whatever [I say] at MGA goes."[16]  Thus, evidence of Larian's net worth and his financial gains and self-interested profit from Bratz is not only relevant to Mattel's claims for damages, as Judge Infante found, but also to Mattel's claims against him for aiding and abetting Bryant's breaches of duty[17] and vicarious copyright infringement.[18]  Moreover, such evidence is relevant to the issue of Larian's credibility.

[13]   Transcript of Excerpted Portion of Trial, Art Attacks Ink, LLC v. MGA Entertainment, Inc., dated May 1, 2007 ("Art Attacks Tr.") at 7:21-24, Grant Dec., Exh. 6.
[14]   <u>Id.</u> at 8:7-9, 24:17-23; <u>see also</u> Isaac and Angela Larian, Lists of Assets, 2006 and 2007 ("2006 and 2007 Net Assets") (MGA 3787276- MGA 3787277; MGA 3787279), Grant Dec., Exh. 3; Tonnu Depo, Vol. 4, 814:25-815:8, January 17, 2008, Grant Dec., Exh. 5.
[15]   ABC International Traders, Inc., March 2001 Business Plan ("2001 Business Plan") at 10 (MGA 0050638 - MGA 0050660), Grant Dec., Exh. 8.
[16]   Art Attacks Tr. at 8:14-17, Grant Dec., Exh. 6.
[17]   Larian's financial gain from Bryant's tortious conduct is evidence corroborating Larian's "knowledge, substantial assistance, or both" of Bryant's breaches of duty.  See Casey v. U.S. Bank Nat'l Assoc., 127 Cal. App. 4th 1128, 1144 (2005) (citing, <u>inter alia</u>, Alan R. Bromberg & Lewis D. Lowenfels, <u>Aiding and Abetting Securities Fraud: A Critical Examination</u>, 52 Alb. L. Rev. 637, 739-48 (footnote continued)

07209/2514726.1

-5-

*EXHIBIT*   **3**

*PAGE*   **28**

1.   **Evidence of Larian's Financial Gain and Self-Interested Profit is Relevant to His Credibility**

Larian's compensation and financial gain from Bratz is also relevant to his credibility as a witness. Candle Corp. v. Boole & Babbage, Inc., 1985 WL 1087794 at *7 (C.D. Cal. 1985) (evidence of position and compensation of chief executive and sole shareholder of party corporation is relevant to credibility). The incredible amount of money Larian has made on Bratz -- and stands to lose -- proves bias. That bias cannot be shielded from the jury.

This is particularly true in that Larian's testimony has been less than consistent in his testimony about the salary and financial benefits he has received as a result of Bratz. In this case and in a previous case, Larian has maintained that because MGA is a privately held company he has no real income -- that he has "invest[ed] all the money [MGA] make[s] in the company, back into the company."[19] This is false. Larian has literally removed hundreds of millions of dollars from MGA.[20]

---

(1988) (financial gain has significance in aiding and abetting cases in determining whether knowledge or the substantial assistance requirements, or both, are satisfied). Simply put, because Larian was "an active participant in the breach of duty and reaped the benefit, [he] cannot disclaim the burden" of liability for that breach. Neilson v. Union Bank of California, N.A., 290 F. Supp. 2d 1101, 1107 (C.D. Cal. 2003) (emphasis added) (citing Heckmann v. Ahmanson, 168 Cal. App. 3d 119, 127 (1985); Bancroft-Whitney Co. v. Glen, 64 Cal. 2d 327, 353 (1966).

[18]   A defendant is liable for vicarious copyright infringement if he has the right and ability to control the infringing activity and fails to do so, and "has a direct financial interest in such activity." Fonvisa, Inc. v. Cherry Auction, Inc., 76 F.3d 259, 262 (9th Cir. 1996); see also 3 Nimmer on Copyright § 12.04 at 1270-72 (1995).

[19]   Art Attacks Tr. at 23:8-9; Grant Dec.; Exh. 6.
[20]

EXHIBIT ___3___

PAGE ___29___

1    In addition, Larian has lied under oath about the salary and other

2   "compensation" he has received from MGA.

3   Attacks, Inc. v. MGA Entertainment, Inc.,

4

5

6

7

8

9

10

11                                   ), Grant Dec., Exh. 10.

12   The MGA financial spreadsheets, which Ms. Tonnu authenticated and
     testified were generated for purposes of this litigation, show that Larian received,

13   7 in total from MGA in 2003.  See Transaction Journal (Tonnu Depo.

14   Exh. 1354 (MGA 3787372 – MGA 3787397); Tonnu Depo Exhibit 1364 (MGA
     3787400- MGA 3787426); Tonnu Depo 755:16-756:5; 787:8-787:16, Grant Dec.,

15   Exhs. 5, 11 and 12.  Yet the Larian Net Worth Document--which Larian refuses to

16   authenticate—shows that                                   according

17   to his income tax returns.  See "Isaac Larian Total Income Per Tax Returns," 1999
     through 2006 (MGA 3787278).  Though these documents should provide the same

18   or similar numbers for Larian's income, they vary by more than

19   for the year 2003 alone.

     In addition, the MGA spreadsheets (which Ms. Tonnu authenticated and testified

20   were created for purposes of this litigation).

21                              See Grant Dec., Exhs. 11-20 and Tonnu Depo

22   755:16-756:5; 787:8-787:16, Grant Dec., Exh. 5; see also Expert and Expert

23   Rebuttal Reports of Michael J. Wagner, dated February 11, 2008 and March 17,
     2008, respectively, Grant Dec., Exhs. 22 and 23.  In addition, MGA's audited

24

25   See Grant Dec. ¶ 26 and Exhs. 11-20.

26

27   Exh. 3 (MGA3787278).

28   21   Art Attacks Tr. at 25:19-27:7; Grant Dec.; Exh. 6.

EXHIBIT ____3____

PAGE _____30____

07209/2514726.1

1

2

3

4

5

6      Larian's financial gains and self-interested profit from Bratz are relevant

7   both to his credibility generally, and to his particular lies about these subjects under

8   oath.

9      **2.      Evidence of Larian's Assets and Bratz-Related Profits Are**

10         **Essential to Mattel's Claim for Punitive Damages**

11      Evidence of a Larian's financial condition is also a prerequisite under

12   California law to an award of punitive damages.  See Adams v. Murakami, 54 Cal. 3d

13   105, 115-16 (1991); Lara v. Cadag, 13 Cal. App. 4th 1061, 1064 (1993).  Such

14   evidence includes evidence of Larian's assets and liabilities, and earnings and profits,

15   not just evidence of "net worth" that is "subject to easy manipulation." Id. at 1065 n.3.

16   Under California law a wide range of indicators of a defendant's wealth are to be

17   considered in assessing punitive damages.  See, e.g., Cummings Medical Corp. v.

18   Occupational Medical Corp.,   10 Cal. App. 4th 1291 (1992) (evidence of the

19   profitability    of    the    defendant's    fraudulent    conduct);    Zaxis    Wireless

20   Communications, Inc., 89 Cal. App. 4th at 583 (net worth, revenues, net profit);

21   Pistorius v. Prudential Insurance Co., 123 Cal. App. 3d 541, 554-55 (1981) (net income

22   after taxes, gross assets, net worth).

23

24

25

26

27   [22]  Grant Dec., Exh. 3 (MGA3787278).

28   [23]  Id.

EXHIBIT _____ 3

PAGE _____ 31

-8-

3.   **Larian Refuses to Comply with the Court's Order to Produce Documents Sufficient to Determine His Net Worth, Financial Condition, and Financial Gains From Bratz**

The Discovery Master recognized the relevance of evidence of Larian's financial gains and net worth and order him to produce documents sufficient to determine those gains.  Despite the Court's Order, Larian has failed to produce documents sufficient to determine and verify his net worth and his financial condition—let alone his financial gains from Bratz.  The 10 pages of documents that MGA's counsel represented are sufficient information to show Larian's income, the sources of that income, and net worth are grossly insufficient. Those documents consist of two typed lists of assets and liabilities of Isaac and Angela Larian for 2006 and 2007, respectively, and a list of the name of banks without accounts or addresses and a list of Bear Stearns and Merrill Lynch accounts, organized by year.[24] The documents do not indicate who created the lists and do not identify the sources of information.[25]

Significantly, when Larian was asked in deposition about these documents and whether he could verify them, he testified that he could not.  He claimed to have not seen them before and professed not to know if they were accurate.[26] In previous deposition testimony, MGA's Rule 30(b)(6) witness, Lisa Tonnu, testified that she did

d                                          .[27] So, neither Larian nor MGA have confirmed the source, accuracy, or completeness of the documents.  MGA and Larian are trying to hide the ball while misleading the Discovery Master as to what they did in discovery.

---

[24]  Grant Dec., Exh. 3 (MGA3787275 – MGA 3787270).
[25]  Id.
[26]  Excerpts form Larian Depo., at 498:11-509:10, Grant Dec., Exh. 4.
[27]  Tonnu Depo. at 808:4-20, Grant Dec., Exh. 5.   EXHIBIT _____ 3

J7209/2514726.1

-9-                        PAGE  3 2

1    Moreover, the documents produced by MGA and authenticated by Ms.

2  Tonnu conflict with the Larian Net Worth Documents.  For example, the MGA

3  spreadsheets that purportedly show all distributions to Larian in certain years show that

4                                                         Yet Larian's Net

5  Worth Document

6            '  Though these documents should provide the same or similar numbers

7  for Larian's income, they vary by more than            ars for the year 2003

8  alone.[30]

9            Given the gross deficiencies in the documents Larian has produced to date

10  regarding his net worth and financial condition, and the fact that Larian himself refuses

11  to confirm their accuracy and completeness, the Court should order Larian to comply

12  with the December 27 2007 Order and produce not only authenticated documents

13  sufficient to determine his net worth, but also his tax returns for the years 2000 through

14  2006.

15                          **Conclusion**

16            For the foregoing reasons, Mattel respectfully requests that the  Court

17  grant Mattel's Motion in its entirety.

18

19  DATED: May 21, 2008          QUINN EMANUEL URQUHART OLIVER &
                                   HEDGES, LLP
20

21                               By /s/ _____
22                                   Jon D. Corey
                                     Attorneys for Mattel, Inc.
23

24

25

26  _____
     [28]  Grant Dec, Exhs. 11-12.
27   [29]  Grant, Dec., Exh. 3 (MGA3787278).
     [30]  See supra, note 20.
28

EXHIBIT ___3___

PAGE ___33___

07209/2514726.1

-10-