**Exhibit 20**



1 KEKER & VAN NEST, LLP
  JOHN W. KEKER - #49092
2 jkeker@kvn.com
  MICHAEL H. PAGE - #154913
3 mpage@kvn.com
  CHRISTA M. ANDERSON - #184325
4 canderson@kvn.com
  710 Sansome Street
5 San Francisco, CA 94111-1704
  Telephone: (415) 391-5400
6 Facsimile: (415) 397-7188

7 Attorneys for Plaintiff
  CARTER BRYANT

8

9

10                UNITED STATES DISTRICT COURT

11              CENTRAL DISTRICT OF CALIFORNIA

12                     EASTERN DIVISION

13

14 CARTER BRYANT, an individual,        Case No. CV 04-09049 SGL (RNBx)
                                         (consolidated with CV 04-9059 & 05-
15                        Plaintiff,     2727

16       v.                              CARTER BRYANT'S RESPONSES
                                         TO MATTEL, INC'S FIFTH SET
17 MATTEL, INC. a Delaware               OF REQUESTS FOR ADMISSION
   Corporation,                          TO CARTER BRYANT
18
                         Defendant.
19
   CONSOLIDATED WITH MATTEL,
20 INC., v. BRYANT and MGA
   ENTERTAINMENT, INC. v.
21 MATTEL, INC.

22

23

24 PROPOUNDING PARTY:          Defendant MATTEL, INC. ("Defendant")

25 RESPONDING PARTY:           Plaintiff CARTER BRYANT ("Plaintiff")

26 SET NUMBER:                 FIFTH (5)

27

28

398501.01

CARTER BRYANT'S RESPONSES TO MATTEL, INC.'S
FIFTH SET OF REQUESTS FOR ADMISSION TO CARTER BRYANT
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT ____20____

PAGE ____284____

1    Carter Bryant ("Defendant" or "Bryant") hereby objects and responds to

2   Mattel, Inc.'s ("Plaintiff" or "Mattel") Fifth Set of Requests for Admission.

3    Bryant's responses and objections are made solely for the purpose of this

4   action.

5    Bryant points out that discovery is still pending, that he has not concluded

6   his investigation of the facts relating to this case, has not completed his own

7   discovery in this case, and has not completed preparation for trial. In light of the

8   foregoing, the following Responses are given without prejudice to Bryant's right to

9   stand on his objections, to continue his investigation and discovery, to rely on

10   subsequently discovered facts, and to utilize subsequently discovered or

11   subsequently identified evidence or documents.

12    The following Responses reflect the current status of Bryant's knowledge

13   and belief respecting the matters about which inquiry is made. Discovery will

14   continue as long as permitted by statute or stipulation of the parties, and

15   investigation by Bryant, his attorneys and agents will continue up to and

16   throughout the trial of this action. Bryant specifically reserves the right to

17   introduce at the time of trial any evidence from any source, including documents

18   and testimony from any witnesses which may hereafter be discovered.

19    If any information has been unintentionally omitted from these Responses,

20   Bryant hereby reserves the right to amend these Responses to include the omitted

21   information. Bryant also reserves the right to change, amend or supplement any or

22   all of the matters contained in these responses as additional facts are ascertained,

23   analyses are made, and research is completed. These introductory paragraphs

24   apply to each and every Response herein and shall be incorporated as though fully

25   set forth in each and every Response.

26    All of Bryant's responses are based upon information and documentation

27   that is currently available and specifically known to Bryant. The responses are

28   made in a good-faith effort to provide information now known to Bryant which is

1

398501.01

**EXHIBIT** 20

**PAGE** 285

1   responsive, but Bryant specifically reserves the right both to supplement any of the

2   responses set forth below and to utilize at trial any further information or

3   documents.

## GENERAL OBJECTIONS

5   The following general objections apply to the entirety of Mattel's Fourth Set

6   of Requests for Admission (the "Requests"). The assertion of the same, similar, or

7   additional objections to the individual requests does not waive any of Bryant's

8   general objections as set forth below.

9   1.   To the extent these Requests request Bryant to provide information

10   concerning the legal basis of his defense of this matter, Bryant objects on the

11   grounds that the Requests impermissibly call for mental impressions, conclusions,

12   opinions and/or legal theories of Bryant's attorneys.

13   2.   Bryant also objects to the extent these Requests call for the disclosure

14   of information protected by the attorney-client privilege, the work-product

15   doctrine, the joint defense or common interest privilege or any other applicable

16   privilege.

17   3.   Bryant objects to the Requests to the extent that they call for legal

18   conclusions.

19   4.   Bryant objects to the extent that these Requests seek information

20   comprising the trade secrets of MGA and/or third parties, and/or otherwise

21   comprising confidential information, protected from disclosure by California

22   and/or federal law.

23   5.   Bryant objects to the Requests on the grounds that they attempt to

24   unfairly restrict the facts on which Bryant may rely at trial. Discovery has not

25   been completed and Bryant is not yet necessarily in possession of all the facts and

26   documents upon which Bryant intends to rely. All of the responses submitted

27   herewith are tendered to Mattel with the reservation that discovery is ongoing and

28   thus the responses are submitted without limiting the evidence on which Bryant

2

CARTER BRYANT'S RESPONSES TO MATTEL, INC.'S
FIFTH SET OF REQUESTS FOR ADMISSION TO CARTER BRYANT
CASE NO. CV 04-09049 SGL (RNBx)

398501.01
**EXHIBIT** _20_

**PAGE** _28C_

1    may rely to support the contentions that Bryant may assert at the trial of this action.
2    Further, Bryant reserves the right to supplement or amend these responses in the
3    future if it deems that to be appropriate.

4          6.    Bryant objects to the Requests to the extent that they are compound.

5          7.    Bryant objects to the Requests on the grounds that they are vague and
6    overbroad, unduly burdensome and oppressive, seek information that is not
7    reasonably within Bryant's knowledge, and/or seek information that is neither
8    relevant to this litigation nor reasonably calculated to lead to the discovery of
9    admissible evidence. In particular, Bryant also objects to these Requests on the
10   grounds that they are oppressively repetitive. Bryant also objects to these Requests
11   as burdensome in their sheer number (Mattel has now propounded nearly 500
12   Requests to Bryant alone, many of which consists of multiple interlocking
13   Requests apparently designed to take the place of a single interrogatory).

14         8.    Bryant objects to the Requests to the extent they are vague and
15   ambiguous or call for a legal conclusion as to the scope of Bryant's employment at
16   Mattel. To the extent that Bryant responds to any request regarding what Bryant
17   did or did not do "while employed" at Mattel, Bryant does so without waiving or
18   intending to waive but rather, on the contrary, preserving and intending to
19   preserve, his contention that anything Bryant did on weekends, evenings ,vacation
20   and any other time outside ordinary business hours was not done while he was
21   working for Mattel. Bryant's response to any such request may not be taken as an
22   admission that the information provided in his response in any way reflects or
23   evidences work performed by Bryant while he was working for Mattel or that
24   Bryant adopts or agrees with any fact or legal conclusion assumed, presumed or
25   contained in Mattel's request.

26         9.    Bryant objects to the defined terms YOU, BRYANT, MGA,
27   AFFILIATES, BRATZ, BRATZ WORK and BRATZ WORKS, THE BRATZ
28   PITCH MATERIALS, BRYANT/MGA AGREEMENT, CONTEND, CREATE

                                    3
398501.01

CARTER BRYANT'S RESPONSES TO MATTEL, INC.'S
FIFTH SET OF REQUESTS FOR ADMISSION TO CARTER BRYANT
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT    20

PAGE    28 7

1  OR IMPROVE or CREATED OR IMPROVED, and MATTEL on the grounds that
2  these terms, as defined, are overbroad, are vague and ambiguous, and call for legal
3  conclusions. In addition, Bryant objects to the term THE BRATZ PITCH
4  MATERIALS because, as defined, the term is directed towards materials " . . .
5  offered to YOU," not " . . . offered to MGA by YOU," and thus appears
6  nonsensical in this context. Without waiving any related objections, Bryant
7  interprets the definition of the term THE BRATZ PITCH MATERIALS to mean
8  " . . . offered to MGA by YOU," and any response to any request containing the
9  term is based on that interpretation.

10  These general objections shall be deemed incorporated into each specific
11  response below as if they were fully set forth below. Nevertheless, without
12  waiving, without prejudice to, and expressly reserving all of the foregoing
13  objections, Bryant submits the following responses to the Requests.

14  **RESPONSES TO REQUESTS FOR ADMISSION**

15  **REQUEST FOR ADMISSION NO. 1:**

16  Admit that YOU have copied or prepared derivative works from at least one
17  of THE BRATZ PITCH MATERIALS.

18  **RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

19  Bryant incorporates by reference the above-stated general objections as if
20  fully set forth herein. Bryant also specifically objects to this request on the
21  grounds that it is compound. Bryant also specifically objects to this request on the
22  grounds that it calls for legal conclusions as to what constitutes a derivative work
23  and copying. Bryant also specifically objects to this request on the grounds that it
24  calls for disclosure of information protected by the attorney-client privilege, the
25  work product doctrine, the joint defense privilege, and any other applicable
26  privileges. Bryant also specifically objects to this request on the grounds that it is
27  oppressively repetitive and unnecessary in combination with Mattel's other
28  requests.

4

3985.01
EXHIBIT ___ 20
PAGE ___ 288

1   **REQUEST FOR ADMISSION NO. 2:**

2      Admit that YOU have not copied or prepared derivative works from at least

3   one of THE BRATZ PITCH MATERIALS.

4   **RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

5      Bryant incorporates by reference the above-stated general objections as if

6   fully set forth herein. Bryant also specifically objects to this request on the

7   grounds that it is compound. Bryant also specifically objects to this request on the

8   grounds that it calls for legal conclusions as to what constitutes a derivative work

9   and copying. Bryant also specifically objects to this request on the grounds that it

10  calls for disclosure of information protected by the attorney-client privilege, the

11  work product doctrine, the joint defense privilege, and any other applicable

12  privileges. Bryant also specifically objects to this request on the grounds that it is

13  oppressively repetitive and unnecessary in combination with Mattel's other

14  requests.

15  **REQUEST FOR ADMISSION NO. 3:**

16     Admit that YOU have copied or prepared derivative works from more than

17  one of THE BRATZ PITCH MATERIALS.

18  **RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

19     Bryant incorporates by reference the above-stated general objections as if

20  fully set forth herein. Bryant also specifically objects to this request on the

21  grounds that it is compound. Bryant also specifically objects to this request on the

22  grounds that it calls for legal conclusions as to what constitutes a derivative work

23  and copying. Bryant also specifically objects to this request on the grounds that it

24  calls for disclosure of information protected by the attorney-client privilege, the

25  work product doctrine, the joint defense privilege, and any other applicable

26  privileges. Bryant also specifically objects to this request on the grounds that it is

27  oppressively repetitive and unnecessary in combination with Mattel's other

28  requests.

5

398501.01

**EXHIBIT** 20

**PAGE** 289

1  **REQUEST FOR ADMISSION NO. 4:**

2       Admit that YOU have not copied or prepared derivative works from more

3  than one of THE BRATZ PITCH MATERIALS.

4  **RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

5       Bryant incorporates by reference the above-stated general objections as if

6  fully set forth herein.  Bryant also specifically objects to this request on the

7  grounds that it is compound.  Bryant also specifically objects to this request on the

8  grounds that it calls for legal conclusions as to what constitutes a derivative work

9  and copying.  Bryant also specifically objects to this request on the grounds that it

10  calls for disclosure of information protected by the attorney-client privilege, the

11  work product doctrine, the joint defense privilege, and any other applicable

12  privileges.  Bryant also specifically objects to this request on the grounds that it is

13  oppressively repetitive and unnecessary in combination with Mattel's other

14  requests.

15  **REQUEST FOR ADMISSION NO. 5:**

16       Admit that YOU have copied or prepared derivative works from all of THE

17  BRATZ PITCH MATERIALS.

18  **RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

19       Bryant incorporates by reference the above-stated general objections as if

20  fully set forth herein.  Bryant also specifically objects to this request on the

21  grounds that it is compound.  Bryant also specifically objects to this request on the

22  grounds that it calls for legal conclusions as to what constitutes a derivative work

23  and copying.  Bryant also specifically objects to this request on the grounds that it

24  calls for disclosure of information protected by the attorney-client privilege, the

25  work product doctrine, the joint defense privilege, and any other applicable

26  privileges.  Bryant also specifically objects to this request on the grounds that it is

27  oppressively repetitive and unnecessary in combination with Mattel's other

28  requests.

3985019v1

**EXHIBIT**   20

**PAGE** 290

1  **REQUEST FOR ADMISSION NO. 6:**

2      Admit that YOU have not copied or prepared derivative works from all of

3  THE BRATZ PITCH MATERIALS.

4  **RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

5      Bryant incorporates by reference the above-stated general objections as if

6  fully set forth herein.  Bryant also specifically objects to this request on the

7  grounds that it is compound.  Bryant also specifically objects to this request on the

8  grounds that it calls for legal conclusions as to what constitutes a derivative work

9  and copying.  Bryant also specifically objects to this request on the grounds that it

10  calls for disclosure of information protected by the attorney-client privilege, the

11  work product doctrine, the joint defense privilege, and any other applicable

12  privileges.  Bryant also specifically objects to this request on the grounds that it is

13  oppressively repetitive and unnecessary in combination with Mattel's other

14  requests.

15  **REQUEST FOR ADMISSION NO. 7:**

16      Admit that at least one of THE BRATZ PITCH MATERIALS is an original

17  work of authorship within the meaning of 17 U.S.C. § 102.

18  **RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

19      Bryant incorporates by reference the above-stated general objections as if

20  fully set forth herein.  Bryant also specifically objects to this request on the

21  grounds that it calls for legal conclusions as to what constitutes an original work of

22  authorship within the meaning of 17 U.S.C. § 102.  Bryant also specifically objects

23  to this request on the grounds that it calls for disclosure of information protected

24  by the attorney-client privilege, the work product doctrine, the joint defense

25  privilege, and any other applicable privileges.  Bryant also specifically objects to

26  this request on the grounds that it is oppressively repetitive and unnecessary in

27  combination with Mattel's other requests.

28      Subject to and without waiving the foregoing general and specific

398501.01

**EXHIBIT** 20

**PAGE** 291

1 | objections, Bryant responds to this request as follows: Bryant admits the request.

2 | **REQUEST FOR ADMISSION NO. 8:**

3 | Admit that none of THE BRATZ PITCH MATERIALS is an original work

4 | of authorship within the meaning of 17 U.S.C. § 102.

5 | **RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

6 | Bryant incorporates by reference the above-stated general objections as if

7 | fully set forth herein. Bryant also specifically objects to this request on the

8 | grounds that it calls for legal conclusions as to what constitutes an original work of

9 | authorship within the meaning of 17 U.S.C. § 102. Bryant also specifically objects

10 | to this request on the grounds that it calls for disclosure of information protected

11 | by the attorney-client privilege, the work product doctrine, the joint defense

12 | privilege, and any other applicable privileges. Bryant also specifically objects to

13 | this request on the grounds that it is oppressively repetitive and unnecessary in

14 | combination with Mattel's other requests.

15 | Subject to and without waiving the foregoing general and specific

16 | objections, Bryant responds to this request as follows: Bryant denies the request.

17 | **REQUEST FOR ADMISSION NO. 9:**

18 | Admit that more than one of THE BRATZ PITCH MATERIALS is an

19 | original work of authorship within the meaning of 17 U.S.C. § 102.

20 | **RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

21 | Bryant incorporates by reference the above-stated general objections as if

22 | fully set forth herein. Bryant also specifically objects to this request on the

23 | grounds that it calls for legal conclusions as to what constitutes an original work of

24 | authorship within the meaning of 17 U.S.C. § 102. Bryant also specifically objects

25 | to this request on the grounds that it calls for disclosure of information protected

26 | by the attorney-client privilege, the work product doctrine, the joint defense

27 | privilege, and any other applicable privileges. Bryant also specifically objects to

28 | this request on the grounds that it is oppressively repetitive and unnecessary in

398501.01

CARTER BRYANT'S RESPONSES TO MATTEL, INC.'S
FIFTH SET OF REQUESTS FOR ADMISSION TO CARTER BRYANT
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT          20

PAGE          292

1  combination with Mattel's other requests.

2      Subject to and without waiving the foregoing general and specific

3  objections, Bryant responds to this request as follows: Bryant admits the request.

4  **REQUEST FOR ADMISSION NO. 10:**

5      Admit that each of THE BRATZ PITCH MATERIALS is an original work

6  of authorship within the meaning of 17 U.S.C. § 102.

7  **RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

8      Bryant incorporates by reference the above-stated general objections as if

9  fully set forth herein. Bryant also specifically objects to this request on the

10  grounds that it is compound. Bryant also specifically objects to this request on the

11  grounds that it calls for legal conclusions as to what constitutes an original work of

12  authorship within the meaning of 17 U.S.C. § 102. Bryant also specifically objects

13  to this request on the grounds that it calls for disclosure of information protected

14  by the attorney-client privilege, the work product doctrine, the joint defense

15  privilege, and any other applicable privileges. Bryant also specifically objects to

16  this request on the grounds that it is oppressively repetitive and unnecessary in

17  combination with Mattel's other requests.

18  **REQUEST FOR ADMISSION NO. 11:**

19      Admit that YOU CONTEND YOU believed the BRYANT/MGA

20  AGREEMENT was lawful when YOU entered into the agreement.

21  **RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

22      Bryant incorporates by reference the above-stated general objections as if

23  fully set forth herein. Bryant also specifically objects to this request on the ground

24  that the lawfulness of the BRYANT/MGA AGREEMENT, generally, is not

25  relevant or at issue in this litigation. Bryant also specifically objects to this request

26  on the grounds that it calls for legal conclusions about the BRYANT/MGA

27  AGREEMENT. Bryant also specifically objects to this request on the ground that

28  Bryant's legal contentions in this litigation (whether affirmative contentions by

9

398501.01

CARTER BRYANT'S RESPONSES TO MATTEL, INC.'S
FIFTH SET OF REQUESTS FOR ADMISSION TO CARTER BRYANT
CASE NO. CV 04-09049 SGL (RNBx)

**EXHIBIT** 20

**PAGE** 293

1 | Bryant or merely responses to Mattel's contentions, both of which fall within

2 | Mattel's vague and overbroad definition of CONTEND) are properly set forth in

3 | Bryant's pleadings, not in responses to requests for admission. To the extent this

4 | request asks Bryant to provide information concerning the legal basis of his

5 | defense of this matter, Bryant also specifically objects on the grounds that the

6 | request impermissibly calls for mental impressions, conclusions, opinions and/or

7 | legal theories of Bryant's attorneys. Bryant also specifically objects to this request

8 | on the grounds that it calls for disclosure of information protected by the attorney-

9 | client privilege, the work product doctrine, the joint defense privilege, and any

10 | other applicable privileges. Bryant also specifically objects to this request on the

11 | grounds that it is oppressively repetitive and unnecessary in combination with

12 | Mattel's other requests.

13 |     Subject to and without waiving the foregoing general and specific

14 | objections, Bryant responds to this request as follows: Bryant admits that Bryant

15 | disputes Mattel's contention that the BRYANT/MGA AGREEMENT infringed

16 | any rights of Mattel.

17 | **REQUEST FOR ADMISSION NO. 12:**

18 |     Admit that YOU do not CONTEND YOU believed the BRYANT/MGA

19 | AGREEMENT was lawful when YOU entered into the agreement.

20 | **RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

21 |     Bryant incorporates by reference the above-stated general objections as if

22 | fully set forth herein. Bryant also specifically objects to this request on the ground

23 | that the lawfulness of the BRYANT/MGA AGREEMENT, generally, is not

24 | relevant or at issue in this litigation. Bryant also specifically objects to this request

25 | on the grounds that it calls for legal conclusions about the BRYANT/MGA

26 | AGREEMENT. Bryant also specifically objects to this request on the ground that

27 | Bryant's legal contentions in this litigation (whether affirmative contentions by

28 | Bryant or merely responses to Mattel's contentions, both of which fall within

10

CARTER BRYANT'S RESPONSES TO MATTEL, INC.'S
FIFTH SET OF REQUESTS FOR ADMISSION TO CARTER BRYANT
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT _____ 20

PAGE _____ 294

1  Mattel's definition of CONTEND) are properly set forth in Bryant's pleadings, not

2  in responses to requests for admission. To the extent this request asks Bryant to

3  provide information concerning the legal basis of his defense of this matter, Bryant

4  also specifically objects on the grounds that the request impermissibly calls for

5  mental impressions, conclusions, opinions and/or legal theories of Bryant's

6  attorneys. Bryant also specifically objects to this request on the grounds that it

7  calls for disclosure of information protected by the attorney-client privilege, the

8  work product doctrine, the joint defense privilege, and any other applicable

9  privileges. Bryant also specifically objects to this request on the grounds that it is

10  oppressively repetitive and unnecessary in combination with Mattel's other

11  requests.

12      Subject to and without waiving the foregoing general and specific

13  objections, Bryant responds to this request as follows: Bryant denies the request.

14  **REQUEST FOR ADMISSION NO. 13:**

15      Admit that YOU believed the BRYANT/MGA AGREEMENT may not be

16  lawful when YOU entered into the agreement.

17  **RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

18      Bryant incorporates by reference the above-stated general objections as if

19  fully set forth herein. Bryant also specifically objects to this request on the ground

20  that the lawfulness of the BRYANT/MGA AGREEMENT, generally, is not

21  relevant or at issue in this litigation. Bryant also specifically objects to this request

22  on the grounds that it calls for legal conclusions about the BRYANT/MGA

23  AGREEMENT. To the extent this request asks Bryant to provide information

24  concerning the legal basis of his defense of this matter, Bryant also specifically

25  objects on the grounds that the request impermissibly calls for mental impressions,

26  conclusions, opinions and/or legal theories of Bryant's attorneys. Bryant also

27  specifically objects to this request on the grounds that it calls for disclosure of

28  information protected by the attorney-client privilege, the work product doctrine,

11

398501.01

**EXHIBIT** __20__

**PAGE** __295__

1  the joint defense privilege, and any other applicable privileges. Bryant also

2  specifically objects to this request on the grounds that it is oppressively repetitive

3  and unnecessary in combination with Mattel's other requests.

4      Subject to and without waiving the foregoing general and specific

5  objections, Bryant responds to this request as follows: Bryant denies the request.

6  **REQUEST FOR ADMISSION NO. 14:**

7      Admit that YOU CONTEND YOU believed at the time YOU entered into

8  the BRYANT/MGA AGREEMENT that it would be lawful for YOU to market

9  BRATZ.

10  **RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

11      Bryant incorporates by reference the above-stated general objections as if

12  fully set forth herein. Bryant also specifically objects to this request on the ground

13  that it is properly directed at MGA, not Bryant, and is burdensome, oppressive, and

14  nonsensical as directed at Bryant. Bryant also specifically objects to this request

15  on the ground that the general lawfulness of the acts stated in the request is not

16  relevant or at issue in this litigation. Bryant also specifically objects to this request

17  on the grounds that it calls for legal conclusions about the BRYANT/MGA

18  AGREEMENT. Bryant also specifically objects to this request on the ground that

19  Bryant's legal contentions in this litigation (whether affirmative contentions by

20  Bryant or merely responses to Mattel's contentions, both of which fall within

21  Mattel's vague and overbroad definition of CONTEND) are properly set forth in

22  Bryant's pleadings, not in responses to requests for admission. To the extent this

23  request asks Bryant to provide information concerning the legal basis of his

24  defense of this matter, Bryant also specifically objects on the grounds that the

25  request impermissibly calls for mental impressions, conclusions, opinions and/or

26  legal theories of Bryant's attorneys. Bryant also specifically objects to this request

27  on the grounds that it calls for disclosure of information protected by the attorney–

28  client privilege, the work product doctrine, the joint defense privilege, and any

12

398501.01

**EXHIBIT**  20

PAGE  296

1   other applicable privileges. Bryant also specifically objects to this request on the

2   ground that its core element is impenetrably vague, because BRYANT cannot tell

3   what it would mean for him, as an individual, to "market BRATZ." Bryant also

4   specifically objects to this request on the grounds that it is oppressively repetitive

5   and unnecessary in combination with Mattel's other requests.

6        Subject to and without waiving the foregoing general and specific

7   objections, Bryant responds to this request as follows: Bryant admits he believed

8   at the time he entered into the BRYANT/MGA AGREEMENT that it would be

9   lawful for MGA to market BRATZ.

10  **REQUEST FOR ADMISSION NO. 15:**

11       Admit that YOU do not CONTEND YOU believed at the time YOU entered

12  into the BRYANT/MGA AGREEMENT that it would be lawful for YOU to

13  market BRATZ.

14  **RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

15       · Bryant incorporates by reference the above-stated general objections as if

16  fully set forth herein. Bryant also specifically objects to this request on the ground

17  that it is properly directed at MGA, not Bryant, and is burdensome, oppressive, and

18  nonsensical as directed at Bryant. Bryant also specifically objects to this request

19  on the ground that the general lawfulness of the acts stated in the request is not

20  relevant or at issue in this litigation. Bryant also specifically objects to this request

21  on the grounds that it calls for legal conclusions about the BRYANT/MGA

22  AGREEMENT. Bryant also specifically objects to this request on the ground that

23  Bryant's legal contentions in this litigation (whether affirmative contentions by

24  Bryant or merely responses to Mattel's contentions, both of which fall within

25  Mattel's vague and overbroad definition of CONTEND) are properly set forth in

26  Bryant's pleadings, not in responses to requests for admission. To the extent this

27  request asks Bryant to provide information concerning the legal basis of his

28  defense of this matter, Bryant also specifically objects on the grounds that the

13

CARTER BRYANT'S RESPONSES TO MATTEL, INC.'S
FIFTH SET OF REQUESTS FOR ADMISSION TO CARTER BRYANT
CASE NO. CV 04-09049 SGL (RNBx)

3985 EXHIBIT    20

PAGE    297

1   request impermissibly calls for mental impressions, conclusions, opinions and/or

2   legal theories of Bryant's attorneys. Bryant also specifically objects to this request

3   on the grounds that it calls for disclosure of information protected by the attorney-

4   client privilege, the work product doctrine, the joint defense privilege, and any

5   other applicable privileges. Bryant also specifically objects to this request on the

6   ground that its core element is impenetrably vague, because BRYANT cannot tell

7   what it would mean for him, as an individual, to "market BRATZ." Bryant also

8   specifically objects to this request on the grounds that it is oppressively repetitive

9   and unnecessary in combination with Mattel's other requests.

10       Subject to and without waiving the foregoing general and specific

11   objections, Bryant responds to this request as follows: Bryant denies that he does

12   not CONTEND he believed at the time he entered into the BRYANT/MGA

13   AGREEMENT that it would be lawful for MGA to market BRATZ.request.

14   **REQUEST FOR ADMISSION NO. 16:**

15       Admit that YOU believed at the time YOU entered into the BRYANT/MGA

16   AGREEMENT that it may not be lawful for YOU to market BRATZ.

17   **RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

18       Bryant incorporates by reference the above-stated general objections as if

19   fully set forth herein. Bryant also specifically objects to this request on the ground

20   that it is properly directed at MGA, not Bryant, and is burdensome, oppressive, and

21   nonsensical as directed at Bryant. Bryant also specifically objects to this request

22   on the ground that the general lawfulness of the acts stated in the request is not

23   relevant or at issue in this litigation. To the extent this request asks Bryant to

24   provide information concerning the legal basis of his defense of this matter, Bryant

25   also specifically objects on the grounds that the request impermissibly calls for

26   mental impressions, conclusions, opinions and/or legal theories of Bryant's

27   attorneys. Bryant also specifically objects to this request on the grounds that it

28   calls for disclosure of information protected by the attorney-client privilege, the

14

398 EXHIBIT   ZO

PAGE   298

1  work product doctrine, the joint defense privilege, and any other applicable

2  privileges. Bryant also specifically objects to this request on the ground that its

3  core element is impenetrably vague, because BRYANT cannot tell what it would

4  mean for him, as an individual, to "market BRATZ." Bryant also specifically

5  objects to this request on the grounds that it is oppressively repetitive and

6  unnecessary in combination with Mattel's other requests.

7       Subject to and without waiving the foregoing general and specific

8  objections, Bryant responds to this request as follows: Bryant denies that he

9  believed at the time he entered into the BRYANT/MGA AGREEMENT that it

10  may not be lawful for MGA to market BRATZ.

11  **REQUEST FOR ADMISSION NO. 17:**

12       Admit that YOU CONTEND YOU believed at the time YOU entered into

13  the BRYANT/MGA AGREEMENT that it would be lawful for YOU to copy THE

14  BRATZ PITCH MATERIALS.

15  **RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

16       Bryant incorporates by reference the above-stated general objections as if

17  fully set forth herein. Bryant also specifically objects to this request on the ground

18  that it is properly directed at MGA, not Bryant, and is burdensome, oppressive, and

19  nonsensical as directed at Bryant. Bryant also specifically objects to this request

20  on the ground that the general lawfulness of the acts stated in the request is not

21  relevant or at issue in this litigation. Bryant also specifically objects to this request

22  on the grounds that it calls for legal conclusions about the BRYANT/MGA

23  AGREEMENT and what constitutes copying. Bryant also specifically objects to

24  this request on the ground that Bryant's legal contentions in this litigation

25  (whether affirmative contentions by Bryant or merely responses to Mattel's

26  contentions, both of which fall within Mattel's vague and overbroad definition of

27  CONTEND) are properly set forth in Bryant's pleadings, not in responses to

28  requests for admission. To the extent this request asks Bryant to provide

15

398501.01

EXHIBIT  20

PAGE  299

1    information concerning the legal basis of his defense of this matter, Bryant also

2    specifically objects on the grounds that the request impermissibly calls for mental

3    impressions, conclusions, opinions and/or legal theories of Bryant's attorneys.

4    Bryant also specifically objects to this request on the grounds that it calls for

5    disclosure of information protected by the attorney-client privilege, the work

6    product doctrine, the joint defense privilege, and any other applicable privileges.

7    Bryant also specifically objects to this request on the grounds that it is oppressively

8    repetitive and unnecessary in combination with Mattel's other requests.  Bryant

9    further objects to the Request as vague and ambiguous in the use of the term "at

10   the time," in that it is impossible to determine whether the Request seeks

11   contentions concerning the parties' rights before or after the execution of the

12   BRYANT/MGA AGREEMENT.

13   **REQUEST FOR ADMISSION NO. 18:**

14       Admit that YOU do not CONTEND YOU believed at the time YOU entered

15   into the BRYANT/MGA AGREEMENT that it would be lawful for YOU to copy

16   THE BRATZ PITCH MATERIALS.

17   **RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

18       Bryant incorporates by reference the above-stated general objections as if

19   fully set forth herein.  Bryant also specifically objects to this request on the ground

20   that it is properly directed at MGA, not Bryant, and is burdensome, oppressive, and

21   nonsensical as directed at Bryant.  Bryant also specifically objects to this request

22   on the ground that the general lawfulness of the acts stated in the request is not

23   relevant or at issue in this litigation.  Bryant also specifically objects to this request

24   on the grounds that it calls for legal conclusions about the BRYANT/MGA

25   AGREEMENT and what constitutes copying.  Bryant also specifically objects to

26   this request on the ground that Bryant's legal contentions in this litigation

27   (whether affirmative contentions by Bryant or merely responses to Mattel's

28   contentions, both of which fall within Mattel's vague and overbroad definition of

16

EXHIBIT    20

PAGE    300

1    CONTEND) are properly set forth in Bryant's pleadings, not in responses to

2    requests for admission. To the extent this request asks Bryant to provide

3    information concerning the legal basis of his defense of this matter, Bryant also

4    specifically objects on the grounds that the request impermissibly calls for mental

5    impressions, conclusions, opinions and/or legal theories of Bryant's attorneys.

6    Bryant also specifically objects to this request on the grounds that it calls for

7    disclosure of information protected by the attorney-client privilege, the work

8    product doctrine, the joint defense privilege, and any other applicable privileges.

9    Bryant also specifically objects to this request on the grounds that it is oppressively

10   repetitive and unnecessary in combination with Mattel's other requests. Bryant

11   further objects to the Request as vague and ambiguous in the use of the term "at

12   the time," in that it is impossible to determine whether the Request seeks

13   contentions concerning the parties' rights before or after the execution of the

14   BRYANT/MGA AGREEMENT.

15   **REQUEST FOR ADMISSION NO. 19:**

16       Admit that YOU believed at the time YOU entered into the BRYANT/MGA

17   AGREEMENT that it may not be lawful for YOU to copy THE BRATZ PITCH

18   MATERIALS.

19   **RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

20       Bryant incorporates by reference the above-stated general objections as if

21   fully set forth herein. Bryant also specifically objects to this request on the ground

22   that it is properly directed at MGA, not Bryant, and is burdensome, oppressive, and

23   nonsensical as directed at Bryant. Bryant also specifically objects to this request

24   on the ground that the general lawfulness of the acts stated in the request is not

25   relevant or at issue in this litigation. Bryant also specifically objects to this request

26   on the grounds that it calls for legal conclusions about the BRYANT/MGA

27   AGREEMENT and what constitutes copying. To the extent this request asks

28   Bryant to provide information concerning the legal basis of his defense of this

                                          17

398501.01

EXHIBIT _____ 20

PAGE _____ 301

1   matter, Bryant also specifically objects on the grounds that the request
2   impermissibly calls for mental impressions, conclusions, opinions and/or legal
3   theories of Bryant's attorneys. Bryant also specifically objects to this request on
4   the grounds that it calls for disclosure of information protected by the attorney-
5   client privilege, the work product doctrine, the joint defense privilege, and any
6   other applicable privileges. Bryant also specifically objects to this request on the
7   grounds that it is oppressively repetitive and unnecessary in combination with
8   Mattel's other requests. Bryant further objects to the Request as vague and
9   ambiguous in the use of the term "at the time," in that it is impossible to determine
10  whether the Request seeks contentions concerning the parties' rights before or after
11  the execution of the BRYANT/MGA AGREEMENT.

12  **REQUEST FOR ADMISSION NO. 20:**

13      Admit that YOU CONTEND YOU believed at the time YOU entered into
14  the BRYANT/MGA AGREEMENT that it would be lawful for YOU to prepare
15  derivative works from THE BRATZ PITCH MATERIALS.

16  **RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

17      Bryant incorporates by reference the above-stated general objections as if
18  fully set forth herein. Bryant also specifically objects to this request on the ground
19  that it is properly directed at MGA, not Bryant, and is burdensome, oppressive, and
20  nonsensical as directed at Bryant. Bryant also specifically objects to this request
21  on the ground that the general lawfulness of the acts stated in the request is not
22  relevant or at issue in this litigation. Bryant also specifically objects to this request
23  on the grounds that it calls for legal conclusions about the BRYANT/MGA
24  AGREEMENT and what constitutes a derivative work. Bryant also specifically
25  objects to this request on the ground that Bryant's legal contentions in this
26  litigation (whether affirmative contentions by Bryant or merely responses to
27  Mattel's contentions, both of which fall within Mattel's vague and overbroad
28  definition of CONTEND) are properly set forth in Bryant's pleadings, not in

18

398501.01

EXHIBIT ___20___

PAGE ___302___

1  responses to requests for admission.  To the extent this request asks Bryant to

2  provide information concerning the legal basis of his defense of this matter, Bryant

3  also specifically objects on the grounds that the request impermissibly calls for

4  mental impressions, conclusions, opinions and/or legal theories of Bryant's

5  attorneys.  Bryant also specifically objects to this request on the grounds that it

6  calls for disclosure of information protected by the attorney-client privilege, the

7  work product doctrine, the joint defense privilege, and any other applicable

8  privileges.  Bryant also specifically objects to this request on the grounds that it is

9  oppressively repetitive and unnecessary in combination with Mattel's other

10  requests.  Bryant further objects to the Request as vague and ambiguous in the use

11  of the term "at the time," in that it is impossible to determine whether the Request

12  seeks contentions concerning the parties' rights before or after the execution of the

13  BRYANT/MGA AGREEMENT.

14  **REQUEST FOR ADMISSION NO. 21:**

15      Admit that YOU do not CONTEND YOU believed at the time YOU entered

16  into the BRYANT/MGA AGREEMENT that it would be lawful for YOU to

17  prepare derivative works from THE BRATZ PITCH MATERIALS.

18  **RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

19      Bryant incorporates by reference the above-stated general objections as if

20  fully set forth herein.  Bryant also specifically objects to this request on the ground

21  that it is properly directed at MGA, not Bryant, and is burdensome, oppressive, and

22  nonsensical as directed at Bryant.  Bryant also specifically objects to this request

23  on the ground that the general lawfulness of the acts stated in the request is not

24  relevant or at issue in this litigation.  Bryant also specifically objects to this request

25  on the grounds that it calls for legal conclusions about the BRYANT/MGA

26  AGREEMENT and what constitutes a derivative work.  Bryant also specifically

27  objects to this request on the ground that Bryant's legal contentions in this

28  litigation (whether affirmative contentions by Bryant or merely responses to

19 .

CARTER BRYANT'S RESPONSES TO MATTEL, INC.'S
FIFTH SET OF REQUESTS FOR ADMISSION TO CARTER BRYANT
CASE NO. CV 04-09049 SGL (RNBx)

1  Mattel's contentions, both of which fall within Mattel's vague and overbroad

2  definition of CONTEND) are properly set forth in Bryant's pleadings, not in

3  responses to requests for admission. To the extent this request asks Bryant to

4  provide information concerning the legal basis of his defense of this matter, Bryant

5  also specifically objects on the grounds that the request impermissibly calls for

6  mental impressions, conclusions, opinions and/or legal theories of Bryant's

7  attorneys. Bryant also specifically objects to this request on the grounds that it

8  calls for disclosure of information protected by the attorney-client privilege, the

9  work product doctrine, the joint defense privilege, and any other applicable

10  privileges. Bryant also specifically objects to this request on the grounds that it is

11  oppressively repetitive and unnecessary in combination with Mattel's other

12  requests. Bryant further objects to the Request as vague and ambiguous in the use

13  of the term "at the time," in that it is impossible to determine whether the Request

14  seeks contentions concerning the parties' rights before or after the execution of the

15  BRYANT/MGA AGREEMENT.

16  **REQUEST FOR ADMISSION NO. 22:**

17      Admit that YOU believed at the time YOU entered into the BRYANT/MGA

18  AGREEMENT that it may not be lawful for YOU to prepare derivative works

19  from BRATZ PITCH MATERIALS.

20  **RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

21      Bryant incorporates by reference the above-stated general objections as if

22  fully set forth herein. Bryant also specifically objects to this request on the ground

23  that it is properly directed at MGA, not Bryant, and is burdensome, oppressive, and

24  nonsensical as directed at Bryant. Bryant also specifically objects to this request

25  on the ground that the general lawfulness of the acts stated in the request is not

26  relevant or at issue in this litigation. Bryant also specifically objects to this request

27  on the grounds that it calls for legal conclusions about the BRYANT/MGA

28  AGREEMENT and what constitutes a derivative work. To the extent this request

398501.01

EXHIBIT      20

PAGE_____ 304 _____

1   asks Bryant to provide information concerning the legal basis of his defense of this

2   matter, Bryant also specifically objects on the grounds that the request

3   impermissibly calls for mental impressions, conclusions, opinions and/or legal

4   theories of Bryant's attorneys. Bryant also specifically objects to this request on

5   the grounds that it calls for disclosure of information protected by the attorney-

6   client privilege, the work product doctrine, the joint defense privilege, and any

7   other applicable privileges. Bryant also specifically objects to this request on the

8   grounds that it is oppressively repetitive and unnecessary in combination with

9   Mattel's other requests. Bryant further objects to the Request as vague and

10  ambiguous in the use of the term "at the time," in that it is impossible to determine

11  whether the Request seeks contentions concerning the parties' rights before or after

12  the execution of the BRYANT/MGA AGREEMENT.

13  **REQUEST FOR ADMISSION NO. 23:**

14      Admit that YOU CONTEND YOU believed at the time YOU entered into

15  the BRYANT/MGA AGREEMENT that entering into the BRYANT/MGA

16  AGREEMENT would not subject YOU to legal liability.

17  **RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

18      Bryant incorporates by reference the above-stated general objections as if

19  fully set forth herein. Bryant also specifically objects to this request on the ground

20  that it calls for information that is beyond the scope of this litigation. Bryant also

21  specifically objects to this request on the grounds that it calls for legal conclusions

22  about the BRYANT/MGA AGREEMENT. Bryant also specifically objects to this

23  request on the ground that Bryant's legal contentions in this litigation (whether

24  affirmative contentions by Bryant or merely responses to Mattel's contentions,

25  both of which fall within Mattel's vague and overbroad definition of CONTEND)

26  are properly set forth in Bryant's pleadings, not in responses to requests for

27  admission. To the extent this request asks Bryant to provide information

28  concerning the legal basis of his defense of this matter, Bryant also specifically

CARTER BRYANT'S RESPONSES TO MATTEL, INC.'S
FIFTH SET OF REQUESTS FOR ADMISSION TO CARTER BRYANT
CASE NO. CV 04-09049 SGL (RNBx)

1   objects on the grounds that the request impermissibly calls for mental impressions,
2   conclusions, opinions and/or legal theories of Bryant's attorneys.  Bryant also
3   specifically objects to this request on the grounds that it calls for disclosure of
4   information protected by the attorney-client privilege, the work product doctrine,
5   the joint defense privilege, and any other applicable privileges.  Bryant also
6   specifically objects to this request on the grounds that it is oppressively repetitive
7   and unnecessary in combination with Mattel's other requests.

8        Subject to and without waiving the foregoing general and specific
9   objections, Bryant responds to this request as follows: Bryant admits that Bryant
10  did not believe that his entering into the BRYANT/MGA AGREEMENT infringed
11  any rights of Mattel.

12  **REQUEST FOR ADMISSION NO. 24:**

13       Admit that YOU believed at the time YOU entered into the BRYANT/MGA
14  AGREEMENT that entering into the BRYANT/MGA AGREEMENT could
15  subject YOU to legal liability.

16  **RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

17       Bryant incorporates by reference the above-stated general objections as if
18  fully set forth herein.  Bryant also specifically objects to this request on the ground
19  that it calls for information that is beyond the scope of this litigation.  Bryant also
20  specifically objects to this request on the grounds that it calls for legal conclusions
21  about the BRYANT/MGA AGREEMENT.  Bryant also specifically objects to this
22  request on the ground that Bryant's legal contentions in this litigation (whether
23  affirmative contentions by Bryant or merely responses to Mattel's contentions,
24  both of which fall within Mattel's vague and overbroad definition of CONTEND)
25  are properly set forth in Bryant's pleadings, not in responses to requests for
26  admission.  To the extent this request asks Bryant to provide information
27  concerning the legal basis of his defense of this matter, Bryant also specifically
28  objects on the grounds that the request impermissibly calls for mental impressions,

22

398501.01

EXHIBIT ___ 20

PAGE ___ 306

1   conclusions, opinions and/or legal theories of Bryant's attorneys.  Bryant also

2   specifically objects to this request on the grounds that it calls for disclosure of

3   information protected by the attorney-client privilege, the work product doctrine,

4   the joint defense privilege, and any other applicable privileges.  Bryant also

5   specifically objects to this request on the grounds that it is oppressively repetitive

6   and unnecessary in combination with Mattel's other requests.

7        Subject to and without waiving the foregoing general and specific

8   objections, Bryant responds to this request as follows:  Bryant denies that he

9   believed entering into the BRYANT/MGA AGREEMENT infringed any rights of

10  Mattel.

11  **REQUEST FOR ADMISSION NO. 25:**

12       Admit that YOU CONTEND that no one told YOU when or before YOU

13  entered into the BRYANT/MGA AGREEMENT that entering into the

14  BRYANT/MGA AGREEMENT could or might subject YOU to legal liability.

15  **RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

16       Bryant incorporates by reference the above-stated general objections as if

17  fully set forth herein.  Bryant also specifically objects to this request on the

18  grounds that it is compound.  Bryant also specifically objects to this request on the

19  ground that it calls for information that is beyond the scope of this litigation.

20  Bryant also specifically objects to this request on the grounds that it calls for

21  disclosure of information protected by the attorney-client privilege, the work

22  product doctrine, the joint defense privilege, and any other applicable privileges.

23  Bryant also specifically objects to this request on the grounds that it is oppressively

24  repetitive and unnecessary in combination with Mattel's other requests.

25       Subject to and without waiving the foregoing general and specific

26  objections, Bryant responds to this request as follows:  Bryant admits this request.

27  **REQUEST FOR ADMISSION NO. 26:**

28       Admit that at least one person told YOU when or before YOU entered into

23

398501.01

EXHIBIT  20

PAGE  307

1   the BRYANT/MGA AGREEMENT that entering into the BRYANT/MGA

2   AGREEMENT could or might subject YOU to legal liability.

3   **RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

4       Bryant incorporates by reference the above-stated general objections as if

5   fully set forth herein. Bryant also specifically objects to this request on the

6   grounds that it is compound. Bryant also specifically objects to this request on the

7   ground that it calls for information that is beyond the scope of this litigation.

8   Bryant also specifically objects to this request on the grounds that it calls for

9   disclosure of information protected by the attorney-client privilege, the work

10   product doctrine, the joint defense privilege, and any other applicable privileges.

11   Bryant also specifically objects to this request on the grounds that it is oppressively

12   repetitive and unnecessary in combination with Mattel's other requests.

13       Subject to and without waiving the foregoing general and specific

14   objections, Bryant responds to this request as follows: Bryant denies that anyone

15   told him the BRYANT/MGA AGREEMENT could or might subject him to legal

16   liability to Mattel.

17   **REQUEST FOR ADMISSION NO. 27:**

18       Admit that YOU CREATED OR IMPROVED at least one of THE BRATZ

19   PITCH MATERIALS while employed by MATTEL.

20   **RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

21       Bryant incorporates by reference the above-stated general objections as if

22   fully set forth herein. Bryant also specifically objects to this request on the

23   grounds that it is compound. Bryant also specifically objects to this request on the

24   grounds that it calls for legal conclusions as to what constitutes "CREATED OR

25   IMPROVED" and "employed." Bryant also specifically objects to this request

26   because "while employed at Mattel" is vague and ambiguous; without waiving or

27   intending to waive, but rather preserving and intending to preserve, his contention

28   that anything Bryant did on weekends, evenings ,vacation and any other time

CARTER BRYANT'S RESPONSES TO MATTEL, INC.'S
FIFTH SET OF REQUESTS FOR ADMISSION TO CARTER BRYANT
CASE NO. CV 04-09049 SGL (RNBx)

398501.01

**EXHIBIT** 20

**PAGE** 308

1    outside ordinary business hours was not done while he was working for Mattel,

2    Bryant responds to this request based on his interpretation that "while employed"

3    refers only to the dates of Bryant's employment, and not to whether Bryant's

4    specific acts at specific times were part of his employment at Mattel.  Bryant's

5    response, based on that interpretation, is not an admission that the information

6    provided in his response in any way reflects or evidences work performed by

7    Bryant while he was working for Mattel or that Bryant adopts or agrees with any

8    fact or legal conclusion assumed, presumed or contained in Mattel's request.  To

9    the extent this request asks Bryant to provide information concerning the legal

10   basis of his defense of this matter, Bryant also specifically objects on the grounds

11   that the request impermissibly calls for mental impressions, conclusions, opinions

12   and/or legal theories of Bryant's attorneys.  Bryant also specifically objects to this

13   request on the grounds that it calls for disclosure of information protected by the

14   attorney-client privilege, the work product doctrine, the joint defense privilege, and

15   any other applicable privileges.  Bryant also specifically objects to this request on

16   the grounds that it is oppressively repetitive and unnecessary in combination with

17   Mattel's other requests.

18        Subject to and without waiving the foregoing general and specific

19   objections, Bryant responds to this request as follows: Bryant admits that he traced

20   his 1998 drawings and colored such tracings in the spring or summer of 1999, a

21   period in which he was employed by Mattel, and that he traced his 1998 drawings,

22   colored such tracings, and drew a few outfits of formal wear between January 1,

23   2000 and October 20, 2000, a period in which he was employed by Mattel.  Bryant

24   accordingly admits this request to the extent that this tracing, coloring such

25   tracings, and drawing formal wear outfits constitutes CREAT[ING] OR

26   IMPROV[ING] BRATZ PITCH MATERIALS while employed at Mattel, as

27   Bryant interprets those terms.

28

25

CARTER BRYANT'S RESPONSES TO MATTEL, INC.'S
FIFTH SET OF REQUESTS FOR ADMISSION TO CARTER BRYANT
CASE NO. CV 04-09049 SGL (RNBx)

398501.01

EXHIBIT ___20___

PAGE ___309___

1  **REQUEST FOR ADMISSION NO. 28:**

2     Admit that YOU CREATED OR IMPROVED more than one of THE

3  BRATZ PITCH MATERIALS while employed by MATTEL.

4  **RESPONSE TO REQUEST FOR ADMISSION NO. 28:**

5     Bryant incorporates by reference the above-stated general objections as if

6  fully set forth herein. Bryant also specifically objects to this request on the

7  grounds that it is compound. Bryant also specifically objects to this request on the

8  grounds that it calls for legal conclusions as to what constitutes "CREATED OR

9  IMPROVED" and "employed." Bryant also specifically objects to this request

10  because "while employed at Mattel" is vague and ambiguous; without waiving or

11  intending to waive, but rather preserving and intending to preserve, his contention

12  that anything Bryant did on weekends, evenings ,vacation and any other time

13  outside ordinary business hours was not done while he was working for Mattel,

14  Bryant responds to this request based on his interpretation that "while employed"

15  refers only to the dates of Bryant's employment, and not to whether Bryant's

16  specific acts at specific times were part of his employment at Mattel. Bryant's

17  response, based on that interpretation, is not an admission that the information

18  provided in his response in any way reflects or evidences work performed by

19  Bryant while he was working for Mattel or that Bryant adopts or agrees with any

20  fact or legal conclusion assumed, presumed or contained in Mattel's request. To

21  the extent this request asks Bryant to provide information concerning the legal

22  basis of his defense of this matter, Bryant also specifically objects on the grounds

23  that the request impermissibly calls for mental impressions, conclusions, opinions

24  and/or legal theories of Bryant's attorneys. Bryant also specifically objects to this

25  request on the grounds that it calls for disclosure of information protected by the

26  attorney-client privilege, the work product doctrine, the joint defense privilege, and

27  any other applicable privileges. Bryant also specifically objects to this request on

28  the grounds that it is oppressively repetitive and unnecessary in combination with

26

CARTER BRYANT'S RESPONSES TO MATTEL, INC.'S
FIFTH SET OF REQUESTS FOR ADMISSION TO CARTER BRYANT
CASE NO. CV 04-09049 SGL (RNBx)

39850 1.01

**EXHIBIT** 20

**PAGE** 310

1 Mattel's other requests.

2     Subject to and without waiving the foregoing general and specific

3 objections, Bryant responds to this request as follows: Bryant admits that he traced

4 his 1998 drawings and colored such tracings in the spring or summer of 1999, a

5 period in which he was employed by Mattel, and that he traced his 1998 drawings,

6 colored such tracings, and drew a few outfits of formal wear between January 1,

7 2000 and October 20, 2000, a period in which he was employed by Mattel.  Bryant

8 accordingly admits this request to the extent that this tracing, coloring such

9 tracings, and drawing formal wear outfits constitutes CREAT[ING] OR

10 IMPROV[ING] BRATZ PITCH MATERIALS while employed at Mattel, as

11 Bryant interprets those terms.

12 **REQUEST FOR ADMISSION NO. 29:**

13     Admit that YOU CREATED OR IMPROVED all of THE BRATZ PITCH

14 MATERIALS while employed by MATTEL.

15 **RESPONSE TO REQUEST FOR ADMISSION NO. 29:**

16     Bryant incorporates by reference the above-stated general objections as if

17 fully set forth herein.  Bryant also specifically objects to this request on the

18 grounds that it is compound.  Bryant also specifically objects to this request on the

19 grounds that it calls for legal conclusions as to what constitutes "CREATED OR

20 IMPROVED" and "employed."  Bryant also specifically objects to this request

21 because "while employed at Mattel" is vague and ambiguous; without waiving or

22 intending to waive, but rather preserving and intending to preserve, his contention

23 that anything Bryant did on weekends, evenings ,vacation and any other time

24 outside ordinary business hours was not done while he was working for Mattel,

25 Bryant responds to this request based on his interpretation that "while employed"

26 refers only to the dates of Bryant's employment, and not to whether Bryant's

27 specific acts at specific times were part of his employment at Mattel.  Bryant's

28 response, based on that interpretation, is not an admission that the information

CARTER BRYANT'S RESPONSES TO MATTEL, INC.'S
FIFTH SET OF REQUESTS FOR ADMISSION TO CARTER BRYANT
CASE NO. CV 04-09049 SGL (RNBx)

398501.01

EXHIBIT _____20_____

PAGE _____3 11_____

1 provided in his response in any way reflects or evidences work performed by

2 Bryant while he was working for Mattel or that Bryant adopts or agrees with any

3 fact or legal conclusion assumed, presumed or contained in Mattel's request. To

4 the extent this request asks Bryant to provide information concerning the legal

5 basis of his defense of this matter, Bryant also specifically objects on the grounds

6 that the request impermissibly calls for mental impressions, conclusions, opinions

7 and/or legal theories of Bryant's attorneys. Bryant also specifically objects to this

8 request on the grounds that it calls for disclosure of information protected by the

9 attorney-client privilege, the work product doctrine, the joint defense privilege, and

10 any other applicable privileges. Bryant also specifically objects to this request on

11 the grounds that it is oppressively repetitive and unnecessary in combination with

12 Mattel's other requests.

13       Subject to and without waiving the foregoing general and specific

14 objections, Bryant responds to this request as follows: Bryant admits that he traced

15 his 1998 drawings and colored such tracings in the spring or summer of 1999, a

16 period in which he was employed by Mattel, and that he traced his 1998 drawings,

17 colored such tracings, and drew a few outfits of formal wear between January 1,

18 2000 and October 20, 2000, a period in which he was employed by Mattel. Bryant

19 accordingly admits this request to the extent that this tracing, coloring such

20 tracings, and drawing formal wear outfits constitutes CREAT[ING] OR

21 IMPROV[ING] BRATZ PITCH MATERIALS while employed at Mattel, as

22 Bryant interprets those terms.

23 **REQUEST FOR ADMISSION NO. 30:**

24       Admit that YOU deny YOU willfully infringed any copyrights in BRATZ

25 WORKS.

26 **RESPONSE TO REQUEST FOR ADMISSION NO. 30:**

27       Bryant incorporates by reference the above-stated general objections as if

28 fully set forth herein. Bryant also specifically objects to this request on the

28

CARTER BRYANT'S RESPONSES TO MATTEL, INC.'S
FIFTH SET OF REQUESTS FOR ADMISSION TO CARTER BRYANT
CASE NO. CV 04-09049 SGL (RNBx)

39850\ EXHIBIT    20

PAGE    312

1  grounds that it calls for legal conclusions as to what constitutes willful

2  infringement. To the extent this request asks Bryant to provide information

3  concerning the legal basis of his defense of this matter, Bryant also specifically

4  objects on the grounds that the request impermissibly calls for mental impressions,

5  conclusions, opinions and/or legal theories of Bryant's attorneys. Bryant also

6  specifically objects to this request on the grounds that it calls for disclosure of

7  information protected by the attorney-client privilege, the work product doctrine,

8  the joint defense privilege, and any other applicable privileges. Bryant also

9  specifically objects to this request on the grounds that it is oppressively repetitive

10  and unnecessary in combination with Mattel's other requests.

11     Bryant responds to this request as follows: Bryant admits that Bryant

12  disputes Mattel's contentions that Bryant willfully infringed any alleged rights of

13  Mattel.

14  **REQUEST FOR ADMISSION NO. 31:**

15     Admit that YOU deny YOU willfully infringed any copyrights MATTEL

16  claims it owns in BRATZ WORKS.

17  **RESPONSE TO REQUEST FOR ADMISSION NO. 31:**

18     Bryant incorporates by reference the above-stated general objections as if

19  fully set forth herein. Bryant also specifically objects to this request on the

20  grounds that it calls for legal conclusions as to what constitutes willful

21  infringement. To the extent this request asks Bryant to provide information

22  concerning the legal basis of his defense of this matter, Bryant also specifically

23  objects on the grounds that the request impermissibly calls for mental impressions,

24  conclusions, opinions and/or legal theories of Bryant's attorneys. Bryant also

25  specifically objects to this request on the grounds that it calls for disclosure of

26  information protected by the attorney-client privilege, the work product doctrine,

27  the joint defense privilege, and any other applicable privileges. Bryant also

28  specifically objects to this request on the grounds that it is oppressively repetitive

29

398501.01

**EXHIBIT**     20

**PAGE** _____ 313

1  and unnecessary in combination with Mattel's other requests.

2  Subject to and without waiving the foregoing general and specific

3  objections, Bryant responds to this request as follows: Bryant admits that Bryant

4  disputes Mattel's contentions that Bryant willfully infringed any alleged rights of

5  Mattel.

6  **REQUEST FOR ADMISSION NO. 32:**

7  Admit that YOU CONTEND that no one told YOU that any of THE

8  BRATZ PITCH MATERIALS belonged to, or could or might belong to, MATTEL

9  when or before YOU entered into the BRYANT/MGA AGREEMENT.

10  **RESPONSE TO REQUEST FOR ADMISSION NO. 32:**

11  Bryant incorporates by reference the above-stated general objections as if

12  fully set forth herein. Bryant also specifically objects to this request on the

13  grounds that it is compound. Bryant also specifically objects to this request on the

14  ground that it calls for information that is beyond the scope of this litigation.

15  Bryant also specifically objects to this request on the grounds that it calls for legal

16  conclusions about the BRYANT/MGA AGREEMENT and the meaning of "belong

17  to". Bryant also objects to this Request as compound. Bryant also specifically

18  objects to this request on the ground that Bryant's legal contentions in this

19  litigation (whether affirmative contentions by Bryant or merely responses to

20  Mattel's contentions, both of which fall within Mattel's vague and overbroad

21  definition of CONTEND) are properly set forth in Bryant's pleadings, not in

22  responses to requests for admission. To the extent this request asks Bryant to

23  provide information concerning the legal basis of his defense of this matter, Bryant

24  also specifically objects on the grounds that the request impermissibly calls for

25  mental impressions, conclusions, opinions and/or legal theories of Bryant's

26  attorneys. Bryant also specifically objects to this request on the grounds that it

27  calls for disclosure of information protected by the attorney-client privilege, the

28  work product doctrine, the joint defense privilege, and any other applicable

30

CARTER BRYANT'S RESPONSES TO MATTEL, INC.'S
FIFTH SET OF REQUESTS FOR ADMISSION TO CARTER BRYANT
CASE NO. CV 04-09049 SGL (RNBx)

398501.01

EXHIBIT  20

PAGE  314

1 │ privileges. Bryant also specifically objects to this request on the grounds that it is

2 │ oppressively repetitive and unnecessary in combination with Mattel's other

3 │ requests.

4 │     Subject to and without waiving the foregoing general and specific

5 │ objections, Bryant responds to this request as follows: Bryant admits that no one

6 │ told him that any of THE BRATZ PITCH MATERIALS belonged to, or could or

7 │ might belong to, MATTEL when or before he entered into the BRYANT/MGA

8 │ AGREEMENT.

9 │ **REQUEST FOR ADMISSION NO. 33:**

10 │     Admit that YOU do not CONTEND that no one told YOU that any of THE

11 │ BRATZ PITCH MATERIALS belonged to, or could or might belong to, MATTEL

12 │ when or before YOU entered into the BRYANT/MGA AGREEMENT.

13 │ **RESPONSE TO REQUEST FOR ADMISSION NO. 33:**

14 │     Bryant incorporates by reference the above-stated general objections as if

15 │ fully set forth herein. Bryant also specifically objects to this request on the

16 │ grounds that it is compound. Bryant also specifically objects to this request on the

17 │ ground that it calls for information that is beyond the scope of this litigation.

18 │ Bryant also specifically objects to this request on the grounds that it calls for legal

19 │ conclusions about the BRYANT/MGA AGREEMENT and the meaning of "belong

20 │ to". Bryant also objects to this Request as compound. Bryant also specifically

21 │ objects to this request on the ground that Bryant's legal contentions in this

22 │ litigation (whether affirmative contentions by Bryant or merely responses to

23 │ Mattel's contentions, both of which fall within Mattel's vague and overbroad

24 │ definition of CONTEND) are properly set forth in Bryant's pleadings, not in

25 │ responses to requests for admission. To the extent this request asks Bryant to

26 │ provide information concerning the legal basis of his defense of this matter, Bryant

27 │ also specifically objects on the grounds that the request impermissibly calls for

28 │ mental impressions, conclusions, opinions and/or legal theories of Bryant's

31

398501.01

**EXHIBIT** 20

**PAGE** 315

1  attorneys. Bryant also specifically objects to this request on the grounds that it
2  calls for disclosure of information protected by the attorney-client privilege, the
3  work product doctrine, the joint defense privilege, and any other applicable
4  privileges. Bryant also specifically objects to this request on the grounds that it is
5  oppressively repetitive and unnecessary in combination with Mattel's other
6  requests.

7      Subject to and without waiving the foregoing general and specific
8  objections, Bryant responds to this request as follows: Bryant denies the request.

9  **REQUEST FOR ADMISSION NO. 34:**

10     Admit that at least one person told YOU that at least one of THE BRATZ
11 PITCH MATERIALS belonged to, or could or might belong to, MATTEL when or
12 before YOU entered into the BRYANT/MGA AGREEMENT.

13 **RESPONSE TO REQUEST FOR ADMISSION NO. 34:**

14     Bryant incorporates by reference the above-stated general objections as if
15 fully set forth herein. Bryant also specifically objects to this request on the
16 grounds that it is compound. Bryant also specifically objects to this request on the
17 ground that it calls for information that is beyond the scope of this litigation.
18 Bryant also specifically objects to this request on the grounds that it calls for legal
19 conclusions about the BRYANT/MGA AGREEMENT and the meaning of "belong
20 to". Bryant also objects to this Request as compound. To the extent this request
21 asks Bryant to provide information concerning the legal basis of his defense of this
22 matter, Bryant also specifically objects on the grounds that the request
23 impermissibly calls for mental impressions, conclusions, opinions and/or legal
24 theories of Bryant's attorneys. Bryant also specifically objects to this request on
25 the grounds that it calls for disclosure of information protected by the attorney-
26 client privilege, the work product doctrine, the joint defense privilege, and any
27 other applicable privileges. Bryant also specifically objects to this request on the
28 grounds that it is oppressively repetitive and unnecessary in combination with

398501.01

EXHIBIT ___ 20

PAGE ___ 316

1  Mattel's other requests.

2      Subject to and without waiving the foregoing general and specific

3  objections, Bryant responds to this request as follows: Bryant denies the request.

4  **REQUEST FOR ADMISSION NO. 35:**

5      Admit that YOU CONTEND that YOU maintained a good faith belief that

6  MATTEL did not have any rights to THE BRATZ PITCH MATERIALS when

7  YOU entered into the BRYANT/MGA AGREEMENT.

8  **RESPONSE TO REQUEST FOR ADMISSION NO. 35:**

9      Bryant incorporates by reference the above-stated general objections as if

10  fully set forth herein. Bryant also specifically objects to this request on the

11  grounds that it calls for legal conclusions about "good faith," the BRYANT/MGA

12  AGREEMENT, and the nature of any alleged "rights" of Mattel. Bryant also

13  specifically objects to this request on the ground that Bryant's legal contentions in

14  this litigation (whether affirmative contentions by Bryant or merely responses to

15  Mattel's contentions, both of which fall within Mattel's vague and overbroad

16  definition of CONTEND) are properly set forth in Bryant's pleadings, not in

17  responses to requests for admission. To the extent this request asks Bryant to

18  provide information concerning the legal basis of his defense of this matter, Bryant

19  also specifically objects on the grounds that the request impermissibly calls for

20  mental impressions, conclusions, opinions and/or legal theories of Bryant's

21  attorneys. Bryant also specifically objects to this request on the grounds that it

22  calls for disclosure of information protected by the attorney-client privilege, the

23  work product doctrine, the joint defense privilege, and any other applicable

24  privileges. Bryant also specifically objects to this request on the grounds that it is

25  oppressively repetitive and unnecessary in combination with Mattel's other

26  requests.

27      Subject to and without waiving the foregoing general and specific

28  objections, Bryant responds to this request as follows: Bryant admits this request.

33

39851v01

EXHIBIT    20

PAGE    317

1   **REQUEST FOR ADMISSION NO. 36:**

2       Admit that YOU do not CONTEND that YOU maintained a good faith

3   belief that MATTEL did not have any rights to THE BRATZ PITCH

4   MATERIALS when YOU entered into the BRYANT/MGA AGREEMENT.

5   **RESPONSE TO REQUEST FOR ADMISSION NO. 36:**

6       Bryant incorporates by reference the above-stated general objections as if

7   fully set forth herein. Bryant also specifically objects to this request on the

8   grounds that it calls for legal conclusions about "good faith," the BRYANT/MGA

9   AGREEMENT, and the nature of any alleged "rights" of Mattel. Bryant also

10  specifically objects to this request on the ground that Bryant's legal contentions in

11  this litigation (whether affirmative contentions by Bryant or merely responses to

12  Mattel's contentions, both of which fall within Mattel's vague and overbroad

13  definition of CONTEND) are properly set forth in Bryant's pleadings, not in

14  responses to requests for admission. To the extent this request asks Bryant to

15  provide information concerning the legal basis of his defense of this matter, Bryant

16  also specifically objects on the grounds that the request impermissibly calls for

17  mental impressions, conclusions, opinions and/or legal theories of Bryant's

18  attorneys. Bryant also specifically objects to this request on the grounds that it

19  calls for disclosure of information protected by the attorney-client privilege, the

20  work product doctrine, the joint defense privilege, and any other applicable

21  privileges. Bryant also specifically objects to this request on the grounds that it is

22  oppressively repetitive and unnecessary in combination with Mattel's other

23  requests.

24      Subject to and without waiving the foregoing general and specific

25  objections, Bryant responds to this request as follows: Bryant denies this request.

26  **REQUEST FOR ADMISSION NO. 37:**

27      Admit that YOU did not maintain a good faith belief that MATTEL did not

28  have any rights to any of THE BRATZ PITCH MATERIALS when YOU entered

34

398509101 EXHIBIT __20__

PAGE __318__

1  into the BRYANT/MGA AGREEMENT.

2  **RESPONSE TO REQUEST FOR ADMISSION NO. 37:**

3      Bryant incorporates by reference the above-stated general objections as if

4  fully set forth herein. Bryant also specifically objects to this request on the

5  grounds that it calls for legal conclusions about "good faith," the BRYANT/MGA

6  AGREEMENT, and the nature of any alleged "rights" of Mattel. To the extent this

7  request asks Bryant to provide information concerning the legal basis of his

8  defense of this matter, Bryant also specifically objects on the grounds that the

9  request impermissibly calls for mental impressions, conclusions, opinions and/or

10  legal theories of Bryant's attorneys. Bryant also specifically objects to this request

11  on the grounds that it calls for disclosure of information protected by the attorney-

12  client privilege, the work product doctrine, the joint defense privilege, and any

13  other applicable privileges. Bryant also specifically objects to this request on the

14  grounds that it is oppressively repetitive and unnecessary in combination with

15  Mattel's other requests. Bryant also objects to this request on the ground that it is

16  an incoherent double negative, rendering it ambiguous (i.e., it is impossible to

17  discern whether the request seeks an admission concerning (a) the existence of a

18  belief at the time or (b) whether any such belief was held in good faith.)

19      Subject to and without waiving the foregoing general and specific

20  objections, Bryant responds to this request as follows: Bryant admits that he had a

21  good faith belief that MATTEL did not have any rights to any of THE BRATZ

22  PITCH MATERIALS when he entered into the BRYANT/MGA AGREEMENT.

23  **REQUEST FOR ADMISSION NO. 38:**

24      Admit that YOU WERE the sole author of each of THE BRATZ PITCH

25  MATERIALS.

26  **RESPONSE TO REQUEST FOR ADMISSION NO. 38:**

27      Bryant incorporates by reference the above-stated general objections as if

28  fully set forth herein. Bryant also specifically objects to this request on the

398501.01

**EXHIBIT** 20

**PAGE** 319

1   grounds that it is compound. Bryant also specifically objects to this request on the
2   grounds that it calls for legal conclusions as to what constitutes a "sole author". To
3   the extent this request asks Bryant to provide information concerning the legal
4   basis of his defense of this matter, Bryant also specifically objects on the grounds
5   that the request impermissibly calls for mental impressions, conclusions, opinions
6   and/or legal theories of Bryant's attorneys. Bryant also specifically objects to this
7   request on the grounds that it calls for disclosure of information protected by the
8   attorney-client privilege, the work product doctrine, the joint defense privilege, and
9   any other applicable privileges. Bryant also specifically objects to this request on
10  the grounds that it is oppressively repetitive and unnecessary in combination with
11  Mattel's other requests.

12  **REQUEST FOR ADMISSION NO. 39:**

13      Admit that YOU WERE not the sole author of each of THE BRATZ PITCH
14  MATERIALS.

15  **RESPONSE TO REQUEST FOR ADMISSION NO. 39:**

16      Bryant incorporates by reference the above-stated general objections as if
17  fully set forth herein. Bryant also specifically objects to this request on the
18  grounds that it is compound. Bryant also specifically objects to this request on the
19  grounds that it calls for legal conclusions as to what constitutes a "sole author". To
20  the extent this request asks Bryant to provide information concerning the legal
21  basis of his defense of this matter, Bryant also specifically objects on the grounds
22  that the request impermissibly calls for mental impressions, conclusions, opinions
23  and/or legal theories of Bryant's attorneys. Bryant also specifically objects to this
24  request on the grounds that it calls for disclosure of information protected by the
25  attorney-client privilege, the work product doctrine, the joint defense privilege, and
26  any other applicable privileges. Bryant also specifically objects to this request on
27  the grounds that it is oppressively repetitive and unnecessary in combination with
28  Mattel's other requests.

36

CARTER BRYANT'S RESPONSES TO MATTEL, INC.'S
FIFTH SET OF REQUESTS FOR ADMISSION TO CARTER BRYANT
CASE NO. CV 04-09049 SGL (RNBx)

398501.01

EXHIBIT 20

PAGE 320

1   **REQUEST FOR ADMISSION NO. 40:**

2       Admit that YOU were the sole author of all of THE BRATZ PITCH

3   MATERIALS.

4   **RESPONSE TO REQUEST FOR ADMISSION NO. 40:**

5       Bryant incorporates by reference the above-stated general objections as if

6   fully set forth herein. Bryant also specifically objects to this request on the

7   grounds that it is compound. Bryant also specifically objects to this request on the

8   grounds that it calls for legal conclusions as to what constitutes a "sole author". To

9   the extent this request asks Bryant to provide information concerning the legal

10  basis of his defense of this matter, Bryant also specifically objects on the grounds

11  that the request impermissibly calls for mental impressions, conclusions, opinions

12  and/or legal theories of Bryant's attorneys. Bryant also specifically objects to this

13  request on the grounds that it calls for disclosure of information protected by the

14  attorney-client privilege, the work product doctrine, the joint defense privilege, and

15  any other applicable privileges. Bryant also specifically objects to this request on

16  the grounds that it is oppressively repetitive and unnecessary in combination with

17  Mattel's other requests.

18  **REQUEST FOR ADMISSION NO. 41:**

19      Admit that YOU were not the sole author of all of THE BRATZ PITCH

20  MATERIALS.

21  **RESPONSE TO REQUEST FOR ADMISSION NO. 41:**

22      Bryant incorporates by reference the above-stated general objections as if

23  fully set forth herein. Bryant also specifically objects to this request on the

24  grounds that it is compound. Bryant also specifically objects to this request on the

25  grounds that it calls for legal conclusions as to what constitutes a "sole author". To

26  the extent this request asks Bryant to provide information concerning the legal

27  basis of his defense of this matter, Bryant also specifically objects on the grounds

28  that the request impermissibly calls for mental impressions, conclusions, opinions

398501.01

CARTER BRYANT'S RESPONSES TO MATTEL, INC.'S
FIFTH SET OF REQUESTS FOR ADMISSION TO CARTER BRYANT
CASE NO. CV 04-09049 SGL (RNBx)

**EXHIBIT** 20

**PAGE** 321

1  and/or legal theories of Bryant's attorneys. Bryant also specifically objects to this

2  request on the grounds that it calls for disclosure of information protected by the

3  attorney-client privilege, the work product doctrine, the joint defense privilege, and

4  any other applicable privileges. Bryant also specifically objects to this request on

5  the grounds that it is oppressively repetitive and unnecessary in combination with

6  Mattel's other requests.

7  **REQUEST FOR ADMISSION NO. 42:**

8      Admit that YOU were the sole author of each and every BRATZ WORK

9  created on or before October 3, 2000.

10 **RESPONSE TO REQUEST FOR ADMISSION NO. 42:**

11     Bryant incorporates by reference the above-stated general objections as if

12 fully set forth herein. Bryant also specifically objects to this request on the

13 grounds that it is compound. Bryant also specifically objects to this request on the

14 grounds that it calls for legal conclusions as to what constitutes a "sole author".

15 Bryant also specifically objects to this request on the grounds that it is compound.

16 To the extent this request asks Bryant to provide information concerning the legal

17 basis of his defense of this matter, Bryant also specifically objects on the grounds

18 that the request impermissibly calls for mental impressions, conclusions, opinions

19 and/or legal theories of Bryant's attorneys. Bryant also specifically objects to this

20 request on the grounds that it calls for disclosure of information protected by the

21 attorney-client privilege, the work product doctrine, the joint defense privilege, and

22 any other applicable privileges. Bryant also specifically objects to this request on

23 the grounds that it is oppressively repetitive and unnecessary in combination with

24 Mattel's other requests.

25 **REQUEST FOR ADMISSION NO. 43:**

26     Admit that YOU were not the sole author of each and every BRATZ WORK

27 created on or before October 3, 2000.

28

398501.01

CARTER BRYANT'S RESPONSES TO MATTEL, INC.'S
FIFTH SET OF REQUESTS FOR ADMISSION TO CARTER BRYANT
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT ___20___

PAGE ___322___

1  **RESPONSE TO REQUEST FOR ADMISSION NO. 43:**

2      Bryant incorporates by reference the above-stated general objections as if

3  fully set forth herein. Bryant also specifically objects to this request on the

4  grounds that it is compound. Bryant also specifically objects to this request on the

5  grounds that it calls for legal conclusions as to what constitutes a "sole author". To

6  the extent this request asks Bryant to provide information concerning the legal

7  basis of his defense of this matter, Bryant also specifically objects on the grounds

8  that the request impermissibly calls for mental impressions, conclusions, opinions

9  and/or legal theories of Bryant's attorneys. Bryant also specifically objects to this

10  request on the grounds that it calls for disclosure of information protected by the

11  attorney-client privilege, the work product doctrine, the joint defense privilege, and

12  any other applicable privileges. Bryant also specifically objects to this request on

13  the grounds that it is oppressively repetitive and unnecessary in combination with

14  Mattel's other requests.

15  **REQUEST FOR ADMISSION NO. 44:**

16      Admit that YOU were the sole author of at least one BRATZ WORK created

17  on or before October 3, 2000.

18  **RESPONSE TO REQUEST FOR ADMISSION NO. 44:**

19      Bryant incorporates by reference the above-stated general objections as if

20  fully set forth herein. Bryant also specifically objects to this request on the

21  grounds that it calls for legal conclusions as to what constitutes a "sole author". To

22  the extent this request asks Bryant to provide information concerning the legal

23  basis of his defense of this matter, Bryant also specifically objects on the grounds

24  that the request impermissibly calls for mental impressions, conclusions, opinions

25  and/or legal theories of Bryant's attorneys. Bryant also specifically objects to this

26  request on the grounds that it calls for disclosure of information protected by the

27  attorney-client privilege, the work product doctrine, the joint defense privilege, and

28  any other applicable privileges. Bryant also specifically objects to this request on

39

398501.01

CARTER BRYANT'S RESPONSES TO MATTEL, INC.'S
FIFTH SET OF REQUESTS FOR ADMISSION TO CARTER BRYANT
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT  20

PAGE  323

1   the grounds that it is oppressively repetitive and unnecessary in combination with

2   Mattel's other requests.

3   **REQUEST FOR ADMISSION NO. 45:**

4       Admit that YOU were not the sole author of at least one BRATZ WORK

5   created on or before October 3, 2000.

6   **RESPONSE TO REQUEST FOR ADMISSION NO. 45:**

7       Bryant incorporates by reference the above-stated general objections as if

8   fully set forth herein. Bryant also specifically objects to this request on the

9   grounds that it calls for legal conclusions as to what constitutes a "sole author". To

10   the extent this request asks Bryant to provide information concerning the legal

11   basis of his defense of this matter, Bryant also specifically objects on the grounds

12   that the request impermissibly calls for mental impressions, conclusions, opinions

13   and/or legal theories of Bryant's attorneys. Bryant also specifically objects to this

14   request on the grounds that it calls for disclosure of information protected by the

15   attorney-client privilege, the work product doctrine, the joint defense privilege, and

16   any other applicable privileges. Bryant also specifically objects to this request on

17   the grounds that it is oppressively repetitive and unnecessary in combination with

18   Mattel's other requests.

19   **REQUEST FOR ADMISSION NO. 46:**

20       Admit that the BRATZ dolls were first exhibited in the United States in

21   November 2000.

22   **RESPONSE TO REQUEST FOR ADMISSION NO. 46:**

23       Bryant incorporates by reference the above-stated general objections as if

24   fully set forth herein. Bryant also specifically objects to this request on the

25   grounds that it is properly directed at MGA, not Bryant, and is burdensome and

26   oppressive as directed at Bryant. To the extent this request asks Bryant to provide

27   information concerning the legal basis of his defense of this matter, Bryant also

28   specifically objects on the grounds that the request impermissibly calls for mental

40

398501.01

EXHIBIT 20

PAGE 324

1   impressions, conclusions, opinions and/or legal theories of Bryant's attorneys.
2   Bryant also specifically objects to this request on the grounds that it calls for
3   disclosure of information protected by the attorney-client privilege, the work
4   product doctrine, the joint defense privilege, and any other applicable privileges.
5   Bryant also specifically objects to this request on the grounds that the term
6   "exhibited" is vague. Moreover, the passive construction "were . . . exhibited"
7   makes the request vague to the point of being unanswerable, as it asks Bryant to
8   answer for the actions of all possible sources that might have done something
9   arguably constituting "exhibit[ing]" of the BRATZ dolls anywhere in the United
10  States, with or without the knowledge of Bryant or anyone connected with him in
11  any way. Accordingly, Bryant responds to this request based on his clarifying
12  interpretation of "exhibited" as meaning "formally introduced at a general public
13  exhibition," and restricts the scope of his response to such exhibitions with some
14  reasonable connection to Bryant.

15      Subject to and without waiving the foregoing general and specific
16  objections, Bryant responds to this request as follows: after reasonable inquiry,
17  Bryant has insufficient information or knowledge to enable him to admit or deny
18  this request and, on that basis, Bryant denies the request.

19  **REQUEST FOR ADMISSION NO. 47:**

20      Admit that the BRATZ dolls were not first exhibited in the United States in
21  November 2000.

22  **RESPONSE TO REQUEST FOR ADMISSION NO. 47:**

23      Bryant incorporates by reference the above-stated general objections as if
24  fully set forth herein. Bryant also specifically objects to this request on the
25  grounds that it is properly directed at MGA, not Bryant, and is burdensome and
26  oppressive as directed at Bryant. To the extent this request asks Bryant to provide
27  information concerning the legal basis of his defense of this matter, Bryant also
28  specifically objects on the grounds that the request impermissibly calls for mental

41

398501.01
EXHIBIT ___20___

PAGE ___325___

1  impressions, conclusions, opinions and/or legal theories of Bryant's attorneys.
2  Bryant also specifically objects to this request on the grounds that it calls for
3  disclosure of information protected by the attorney-client privilege, the work
4  product doctrine, the joint defense privilege, and any other applicable privileges.
5  Bryant also specifically objects to this request on the grounds that the term
6  "exhibited" is vague. Moreover, the passive construction "were . . . exhibited"
7  makes the request vague to the point of being unanswerable, as it asks Bryant to
8  answer for the actions of all possible sources that might have done something
9  arguably constituting "exhibit[ing]" of the BRATZ dolls anywhere in the United
10 States, with or without the knowledge of Bryant or anyone connected with him in
11 any way. Accordingly, Bryant responds to this request based on his clarifying
12 interpretation of "exhibited" as meaning "formally introduced at a general public
13 exhibition," and restricts the scope of his response to such exhibitions with some
14 reasonable connection to Bryant.

15     Subject to and without waiving the foregoing general and specific
16 objections, Bryant responds to this request as follows: Bryant has insufficient
17 information or knowledge to enable him to admit or deny this request and, on that
18 basis, Bryant denies the request.

19 **REQUEST FOR ADMISSION NO. 48:**

20     Admit that, while YOU were employed by MATTEL in 1999 and 2000,
21 YOU held a position of confidence and trust at MATTEL.

22 **RESPONSE TO REQUEST FOR ADMISSION NO. 48:**

23     Bryant incorporates by reference the above-stated general objections as if
24 fully set forth herein. Bryant also specifically objects to this request on the
25 grounds that it is compound. Bryant also specifically objects to this request on the
26 grounds that it is vague and ambiguous and calls for legal conclusions as to what
27 constitutes a position of confidence and trust, and for an ultimate conclusion of
28 law. Bryant also specifically objects to this request because "while . . . employed

42

398501.01

EXHIBIT __ 20

PAGE __ 326

1   by Mattel" is vague and ambiguous, as it could either refer only to the dates of

2   Bryant's employment, as Bryant interprets it to do, or could refer to whether

3   Bryant's specific acts at specific times were part of his employment at Mattel. To

4   the extent this request asks Bryant to provide information concerning the legal

5   basis of his defense of this matter, Bryant also specifically objects on the grounds

6   that the request impermissibly calls for mental impressions, conclusions, opinions

7   and/or legal theories of Bryant's attorneys. Bryant also specifically objects to this

8   request on the grounds that it calls for disclosure of information protected by the

9   attorney-client privilege, the work product doctrine, the joint defense privilege, and

10  any other applicable privileges. Bryant also specifically objects to this request on

11  the grounds that it is oppressively repetitive and unnecessary in combination with

12  Mattel's other requests.

13  **REQUEST FOR ADMISSION NO. 49:**

14      Admit that, while YOU were employed by MATTEL in 1999 and 2000,

15  YOU did not hold a position of confidence and trust at MATTEL.

16  **RESPONSE TO REQUEST FOR ADMISSION NO. 49:**

17      Bryant incorporates by reference the above-stated general objections as if

18  fully set forth herein. Bryant also specifically objects to this request on the

19  grounds that it is compound. Bryant also specifically objects to this request on the

20  grounds that it is vague and ambiguous and calls for legal conclusions as to what

21  constitutes a position of confidence and trust, and for an ultimate conclusion of

22  law. Bryant also specifically objects to this request because "while . . . employed

23  by Mattel" is vague and ambiguous, as it could either refer only to the dates of

24  Bryant's employment, as Bryant interprets it to do, or could refer to whether

25  Bryant's specific acts at specific times were part of his employment at Mattel. To

26  the extent this request asks Bryant to provide information concerning the legal

27  basis of his defense of this matter, Bryant also specifically objects on the grounds

28  that the request impermissibly calls for mental impressions, conclusions, opinions

43

398501.01

EXHIBIT  20

PAGE  327

1 and/or legal theories of Bryant's attorneys. Bryant also specifically objects to this
2 request on the grounds that it calls for disclosure of information protected by the
3 attorney-client privilege, the work product doctrine, the joint defense privilege, and
4 any other applicable privileges. Bryant also specifically objects to this request on
5 the grounds that it is oppressively repetitive and unnecessary in combination with
6 Mattel's other requests.

7 **REQUEST FOR ADMISSION NO. 50:**

8 Admit that, while YOU were employed by MATTEL in 1999 and 2000,
9 YOU were MATTEL's fiduciary.

10 **RESPONSE TO REQUEST FOR ADMISSION NO. 50:**

11 Bryant incorporates by reference the above-stated general objections as if
12 fully set forth herein. Bryant also specifically objects to this request on the
13 grounds that it is compound. Bryant also specifically objects to this request on the
14 grounds that it calls for legal conclusions as to what constitutes a fiduciary. Bryant
15 also specifically objects to this request because "while . . . employed by Mattel" is
16 vague and ambiguous, as it could either refer only to the dates of Bryant's
17 employment, as Bryant interprets it to do, or could refer to whether Bryant's
18 specific acts at specific times were part of his employment at Mattel. To the extent
19 this request asks Bryant to provide information concerning the legal basis of his
20 defense of this matter, Bryant also specifically objects on the grounds that the
21 request impermissibly calls for mental impressions, conclusions, opinions and/or
22 legal theories of Bryant's attorneys. Bryant also specifically objects to this request
23 on the grounds that it calls for disclosure of information protected by the attorney-
24 client privilege, the work product doctrine, the joint defense privilege, and any
25 other applicable privileges. Bryant also specifically objects to this request on the
26 grounds that it is oppressively repetitive and unnecessary in combination with
27 Mattel's other requests.

28 Subject to and without waiving the foregoing general and specific

44

398501.01

EXHIBIT _20_

PAGE _328_

1    objections, Bryant responds to this request as follows: Bryant denies this request.

2    **REQUEST FOR ADMISSION NO. 51:**

3       Admit that, while YOU were employed by MATTEL in 1999 and 2000,

4    YOU were not MATTEL's fiduciary.

5    **RESPONSE TO REQUEST FOR ADMISSION NO. 51:**

6       Bryant incorporates by reference the above-stated general objections as if

7    fully set forth herein. Bryant also specifically objects to this request on the

8    grounds that it is compound. Bryant also specifically objects to this request on the

9    grounds that it calls for legal conclusions as to what constitutes a fiduciary. Bryant

10    also specifically objects to this request because "while . . . employed by Mattel" is

11    vague and ambiguous, as it could either refer only to the dates of Bryant's

12    employment, as Bryant interprets it to do, or could refer to whether Bryant's

13    specific acts at specific times were part of his employment at Mattel. To the extent

14    this request asks Bryant to provide information concerning the legal basis of his

15    defense of this matter, Bryant also specifically objects on the grounds that the

16    request impermissibly calls for mental impressions, conclusions, opinions and/or

17    legal theories of Bryant's attorneys. Bryant also specifically objects to this request

18    on the grounds that it calls for disclosure of information protected by the attorney-

19    client privilege, the work product doctrine, the joint defense privilege, and any

20    other applicable privileges. Bryant also specifically objects to this request on the

21    grounds that it is oppressively repetitive and unnecessary in combination with

22    Mattel's other requests.

23       Subject to and without waiving the foregoing general and specific

24    objections, Bryant responds to this request as follows: Bryant admits this request.

25

26

27

28

45

398501.01

CARTER BRYANT'S RESPONSES TO MATTEL, INC.'S
FIFTH SET OF REQUESTS FOR ADMISSION TO CARTER BRYANT
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT _20_

PAGE _329_



1    Dated: July 9, 2007                          KEKER & VAN NEST, LLP

2

3                                         By: _____

4                                              MICHAEL H. PAGE
                                               Attorneys for Plaintiff
5                                              CARTER BRYANT

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                          46
                    CARTER BRYANT'S RESPONSES TO MATTEL, INC.'S
                FIFTH SET OF REQUESTS FOR ADMISSION TO CARTER BRYANT
                          CASE NO. CV 04-09049 SGL (RNBx)

398501.01

EXHIBIT _____ 20 _____

PAGE _____ 330 _____

PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Keker & Van Nest, LLP, 710 Sansome Street, San Francisco, California 94111.

On July 9, 2007, I served the following document(s):

## CARTER BRYANT'S RESPONSES TO MATTEL, INC'S FIFTH SET OF REQUESTS FOR ADMISSION TO CARTER BRYANT

by **FEDERAL EXPRESS**, by placing a true and correct copy in a sealed envelope addressed as shown below. I am readily familiar with the practice of Keker & Van Nest, LLP for correspondence for delivery by FedEx Corporation. According to that practice, items are retrieved daily by a FedEx Corporation employee for overnight delivery; AND

by **E-MAIL VIA PDF FILE**, by transmitting on this date via e-mail a true and correct copy scanned into an electronic file in Adobe "pdf" format. The transmission was reported as complete and without error.

John B. Quinn
Michael T. Zeller
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
Tel:    213/443-3000
Fax:    213/443-3100
Email: johnquinn@quinnemanuel.com
Email: michaelzeller@quinnemanuel.com

Diana M. Torres
O'Melveny & Myers, LLP
400 S. Hope Street
Los Angeles, CA 90071
Tel:    213/430-6000
Fax:    213/430-6407
Email: dtorres@omm.com

Patricia L. Glaser
Christensen Glaser Fink Jacobs Weil & Shapiro
10250 Constellation Blvd., 19th Floor
Los Angeles, CA 90067
Tel:    310/553-3000
Fax:    310/556-2920
Email: pglaser@chrisglase.com

Executed on July 9, 2007, at San Francisco, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_Julie Selby_
JULIE A. SELBY

396359.01

EXHIBIT ___20___

PAGE ___331___

**Exhibit 21**



LIBRARY OF CONGRESS

*Copyright Office*

*of the United States*

WASHINGTON, D.C.

**THIS IS TO CERTIFY** that the attached additional certificate is a claim of copyright for the work entitled **YASMIN DRAWING** registered under number **VA 1-218-491**.

**THIS IS TO CERTIFY ALSO** that the attached photocopies are a true representation of the work entitled **YASMIN DRAWING** deposited in the Copyright Office on December 22, 2003 registered under number **VA 1-218-491**.

**IN WITNESS WHEREOF**, the seal of this Office is affixed hereto on May 17, 2004.

Marybeth Peters
Register of Copyrights

By: Tracie M. Coleman
Head
Certifications and Documents
Section
Information and Reference
Division

Use of this material is governed by the U. S. copyright law 17 U.S.C. 101 et seq.

Ⓝπ EXHIBIT 511
Deponent ARMSTRONG
Date 7/18/07 Rptr. ACC
WWW.DEPOBOOK.COM

EXHIBIT 21

PAGE 332

**M 0110198**

**Additional Certificate (17 U.S.C. 706)**

## Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America



**FORM VA**
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE

**VA 1-218-491**



EFFECTIVE DATE OF REGISTRATION

**DEC 22 2003**
Month      Day      Year

---

DO NOT WRITE ABOVE THIS LINE IF YOU NEED MORE SPACE USE A SEPARATE CONTINUATION SHEET

**1**

Title of This Work ▼

YASMIN Drawing

NATURE OF THIS WORK ▼ See instructions

color drawing

Previous or Alternative Titles ▼

Publication as a Contribution If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared. Title of Collective Work ▼

If published in a periodical or serial give   Volume ▼   Number ▼   Issue Date ▼   On Pages ▼

**2**

**a**

NAME OF AUTHOR ▼

Carter Bryant

DATES OF BIRTH AND DEATH
Year Born ▼   Year Died ▼

**NOTE**

Under the law the author of a work made for hire is generally the employer not the employee (see instructions) For any part of this work that was made for hire check Yes in the space provided give the employer (or other person for whom the work was prepared) as Author of that part and leave the space for dates of birth and death blank

Was this contribution to the work a work made for hire?
☐ Yes
☑ No

Author's Nationality or Domicile
Name of Country
OR { Citizen of   U.S.A.
Domiciled in

Was This Author's Contribution to the Work
Anonymous?   ☐ Yes   ☑ No
Pseudonymous?   ☐ Yes   ☑ No
If the answer to either of these questions is "Yes" see detailed instructions

Nature of Authorship Check appropriate box(es) See Instructions
☐ 3 Dimensional sculpture
☑ 2 Dimensional artwork
☐ Reproduction of work of art
☐ Map
☐ Photograph
☐ Jewelry design
☐ Technical drawing
☐ Text
☐ Architectural work

**b**

Name of Author ▼

Dates of Birth and Death
Year Born ▼   Year Died ▼

Was this contribution to the work a work made for hire?
☐ Yes
☐ No

Author's Nationality or Domicile
Name of Country
OR { Citizen of
Domiciled in

Was This Author's Contribution to the Work
Anonymous?   ☐ Yes   ☐ No
Pseudonymous?   ☐ Yes   ☐ No
If the answer to either of these questions is "Yes" see detailed instructions

Nature of Authorship Check appropriate box(es) See Instructions
☐ 3 Dimensional sculpture
☐ 2 Dimensional artwork
☐ Reproduction of work of art
☐ Map
☐ Photograph
☐ Jewelry design
☐ Technical drawing
☐ Text
☐ Architectural work

**3**

**a**

Year in Which Creation of This Work Was Completed
1998
This information must be given Year in all cases

**b**

Date and Nation of First Publication of This Particular Work
Complete this information Month February Day 12 Year 2001
ONLY if this work has been published. U.S.A.
Nation

**4**

See instructions before completing this space

COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2 ▼

MGA Entertainment Inc  16730 Schoenborn Street
North Hills CA 91343 6122

Transfer If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2 give a brief statement of how the claimant(s) obtained ownership of the copyright ▼

Assignment

APPLICATION RECEIVED
DEC 22 2003
ONE DEPOSIT RECEIVED

TWO DEPOSITS RECEIVED
DEC 22 2003
FUNDS RECEIVED

MORE ON BACK ▶ Complete all applicable spaces (numbers 5-9) on the reverse side of this page
See detailed instructions   Sign the form at line 8

DO NOT WRITE HERE
Page 1 of ___ pages

---

EXHIBIT ___21___

PAGE ___3 of 3___

M 0110199

| EXAMINED BY | | FORM VA |
|---|---|---|
| CHECKED BY | | |
| ☐ CORRESPONDENCE Yes | | FOR COPYRIGHT OFFICE USE ONLY |

DO NOT WRITE ABOVE THIS LINE  IF YOU NEED MORE SPACE  USE A SEPARATE CONTINUATION SHEET

**PREVIOUS REGISTRATION** Has registration for this work or for an earlier version of this work already been made in the Copyright Office?
☐ Yes ☐ No  If your answer is  Yes  why is another registration being sought? (Check appropriate box ) ▼
a ☐ This is the first published edition of a work previously registered in unpublished form
b ☐ This is the first application submitted by this author as copyright claimant
c ☐ This is a changed version of the work  as shown by space 6 on this application
If your answer is  Yes  give  Previous Registration Number ▼        Year of Registration ▼

**5**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work  complete only 6b for a compilation
a  Preexisting Material  Identify any preexisting work or works that this work is based on or incorporates ▼

b  Material Added to This Work  Give a brief  general  statement of the material that has been added to this work and in which copyright is claimed ▼

**6**
**a**
See instructions before completing this space
**b**

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office  give name and number of Account
Name ▼        Account Number ▼

**7**
**a**

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent Name/Address/Apt/City/State/ZIP ▼
Larry W  McFarland  Keats  McFarland & Wilson LLP
9720 Wilshire Boulevard  Penthouse Suite
Beverly Hills  California  90212

Area code and daytime telephone number   (310 ) 248 3830        Fax number   (310 ) 869 0363
Email  lmcfarland@kmwlaw com

**b**

**CERTIFICATION*** I  the undersigned  hereby certify that I am the
check only one ▶
☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☑ authorized agent of  MGA Entertainment  Inc
Name of author or other copyright claimant  or owner of exclusive right(s) ▲
of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge

**8**

Typed or printed name and date ▼ If this application gives a date of publication in space 3  do not sign and submit it before that date
Larry W  McFarland        Date  December 16 2003

Handwritten signature (X) ▼
X

**Certificate will be mailed in window envelope to this address**
Name ▼
Larry W  McFarland  Keats  McFarland & Wilson LLP
Number/Street/Apt ▼
9720 Wilshire Boulevard  Penthouse Suite
City/State/ZIP ▼
Beverly Hills  California  90212

**9**

17 U S C  § 506(e)  Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409  or in any written statement filed in connection with the application  shall be fined not more than $2,500

Rev June 2002—20 000  Web Rev June 2002  ⊛ Printed on recycled paper        U S  Government Printing Office  2000-461 113/20 021

EXHIBIT ___21___

PAGE ___334___

M 0110200

VA 1-218-491

Jasmine

LIBRARY OF CONGRESS
DEC 2 2 2003
COPYRIGHT OFFICE

EXHIBIT____21____        **M 0110201**

PAGE____335____



EXHIBIT ___21___

PAGE ___336___

M 0110202



LIBRARY OF CONGRESS

*Copyright Office*
*of the United States*

WASHINGTON, D.C.

**THIS IS TO CERTIFY** that the attached additional certificate is a claim of copyright for the work entitled **SASHA DRAWING** registered under number **VA 1-218-488**.

**THIS IS TO CERTIFY ALSO** that the attached photocopies are a true representation of the work entitled **SASHA DRAWING** deposited in the Copyright Office on December 22, 2003 registered under number **VA 1-218-488**.

**IN WITNESS WHEREOF**, the seal of this Office is affixed hereto on May 17, 2004.

Marybeth Peters
Register of Copyrights

By:   Tracie M. Coleman
      Head
      Certifications and Documents
      Section
      Information and Reference
      Division

Use of this material is governed by the U. S. copyright law 17 U.S.C. 101 et seq.



EXHIBIT 507
Deponent ARMSTRONG
Date 1/18/07 Rptr. ACC
WWW.DEPOBOOK.COM

EXHIBIT ___21___          M 0110184

PAGE ___337___

**Additional Certificate (17 U.S.C. 706)**

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**FORM VA**
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE

**VA 1-218-488**

EFFECTIVE DATE OF REGISTRATION

**DEC 22 2003**

Month      Day      Year

---

DO NOT WRITE ABOVE THIS LINE  IF YOU NEED MORE SPACE  USE A SEPARATE CONTINUATION SHEET

## 1

**Title of This Work ▼**

SASHA Drawing

**NATURE OF THIS WORK ▼** See instructions

color drawing

**Previous or Alternative Titles ▼**

**Publication as a Contribution** If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared  Title of Collective Work ▼

If published in a periodical or serial give  **Volume ▼**     **Number ▼**     **Issue Date ▼**     **On Pages ▼**

## 2

**a**

**NAME OF AUTHOR ▼**

Carter Bryant

**DATES OF BIRTH AND DEATH**
Year Born ▼     Year Died ▼

**NOTE**

Under the law, the author of a work made for hire is generally the employer, not the employee (see instructions). For any part of this work that was made for hire check Yes in the space provided, give the employer (or other person for whom the work was prepared) as Author of that part and leave the space for dates of birth and death blank.

Was this contribution to the work a "work made for hire"?
☐ Yes
☑ No

**Author's Nationality or Domicile**
Name of Country
OR { Citizen of ___ USA ___
Domiciled in ___ }

Was This Author's Contribution to the Work
Anonymous?   ☐ Yes  ☑ No
Pseudonymous?  ☐ Yes  ☑ No
If the answer to either of these questions is "Yes," see detailed instructions.

**Nature of Authorship** Check appropriate box(es)  **See Instructions**
☐ 3 Dimensional sculpture     ☐ Map     ☐ Technical drawing
☑ 2 Dimensional artwork     ☐ Photograph     ☐ Text
☐ Reproduction of work of art     ☐ Jewelry design     ☐ Architectural work

**b**

**Name of Author ▼**

**Dates of Birth and Death**
Year Born ▼     Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**Author's Nationality or Domicile**
Name of Country
OR { Citizen of ___
Domiciled in ___ }

Was This Author's Contribution to the Work
Anonymous?   ☐ Yes  ☐ No
Pseudonymous?  ☐ Yes  ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

**Nature of Authorship** Check appropriate box(es)  **See Instructions**
☐ 3 Dimensional sculpture     ☐ Map     ☐ Technical drawing
☐ 2 Dimensional artwork     ☐ Photograph     ☐ Text
☐ Reproduction of work of art     ☐ Jewelry design     ☐ Architectural work

## 3

**a**

**Year in Which Creation of This Work Was Completed**
1998  This information must be given in all cases.

**b**

**Date and Nation of First Publication of This Particular Work**
Complete this information ONLY if this work has been published.
Month February  Day 12  Year 2001
U.S.A.  Nation

## 4

See instructions before completing this space.

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2 ▼

MGA Entertainment Inc  16730 Schoenborn Street
North Hills  CA  91343 6122

**Transfer** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2 give a brief statement of how the claimant(s) obtained ownership of the copyright ▼

Assignment

**APPLICATION RECEIVED**
DEC 22 2003
**ONE DEPOSIT RECEIVED**

**TWO DEPOSITS RECEIVED**
DEC 22 2003
**FUNDS RECEIVED**

---

**MORE ON BACK ▶**  Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
See detailed instructions.      Sign the form at line 8.

DO NOT WRITE HERE
Page 1 of ___ pages

EXHIBIT ___21___      M 0110185
PAGE ___338___

VA 1-218-488



LIBRARY OF CONGRESS

DEC 2 3 2003

COPYRIGHT OFFICE

EXHIBIT ___21___

PAGE ___339___

M 0110186



EXHIBIT ____21____

PAGE ____340____

M 0110187



*LIBRARY OF CONGRESS*

## Copyright Office
### of the United States

*WASHINGTON, D.C.*

**THIS IS TO CERTIFY** that the attached additional certificate is a claim of copyright for the work entitled **JADE DRAWING** registered under number VA **1-218-487**.

**THIS IS TO CERTIFY ALSO** that the attached photocopies are a true representation of the work entitled **JADE DRAWING** deposited in the Copyright Office on December 22, 2003 registered under number **VA 1-218-487**.

**IN WITNESS WHEREOF**, the seal of this Office is affixed hereto on May 17, 2004.

Marybeth Peters
Register of Copyrights

By:  Tracie M. Coleman
Head
Certifications and Documents
Section
Information and Reference
Division

Use of this material is governed by the U. S. copyright law 17 U.S.C. 101 et seq.



Δπ EXHIBIT 505
Deponent ARMSTRONG
Date 7/18/07 Rptr. ACC
WWW.DEPOBOOK.COM

EXHIBIT _____ 21 _____   M 0110179

PAGE _____ 341

**Additional Certificate (17 U.S.C. 706)**
## Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**FORM VA**
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE

**VA 1-218-487**

EFFECTIVE DATE OF REGISTRATION

**DEC 22 2003**
Month       Day       Year

---

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET

**1**

**Title of This Work ▼**
JADE Drawing

**NATURE OF THIS WORK ▼** See instructions
color drawing

**Previous or Alternative Titles ▼**

**Publication as a Contribution** If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared. Title of Collective Work ▼

If published in a periodical or serial give   Volume ▼   Number ▼   Issue Date ▼   On Pages ▼

**2**

**a** **NAME OF AUTHOR ▼**
Carter Bryant

**DATES OF BIRTH AND DEATH**
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☑ No

Author's Nationality or Domicile
Name of Country
OR { Citizen of  U.S.A.
     Domiciled in _____

Was This Author's Contribution to the Work
Anonymous?     ☐ Yes  ☑ No
Pseudonymous?  ☐ Yes  ☑ No
If the answer to either of these questions is "Yes," see detailed instructions

**Nature of Authorship** Check appropriate box(es) **See instructions**
☐ 3 Dimensional sculpture     ☐ Map           ☐ Technical drawing
☑ 2 Dimensional artwork       ☐ Photograph    ☐ Text
☐ Reproduction of work of art ☐ Jewelry design ☐ Architectural work

**NOTE**
Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was made for hire check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

**b** **Name of Author ▼**

**Dates of Birth and Death**
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

Author's Nationality or Domicile
Name of Country
OR { Citizen of _____
     Domiciled in _____

Was This Author's Contribution to the Work
Anonymous?     ☐ Yes  ☐ No
Pseudonymous?  ☐ Yes  ☐ No
If the answer to either of these questions is "Yes," see detailed instructions

**Nature of Authorship** Check appropriate box(es) **See instructions**
☐ 3 Dimensional sculpture     ☐ Map           ☐ Technical drawing
☐ 2 Dimensional artwork       ☐ Photograph    ☐ Text
☐ Reproduction of work of art ☐ Jewelry design ☐ Architectural work

**3**

**a** **Year in Which Creation of This Work Was Completed**
1998
Year   This information must be given in all cases

**b** **Date and Nation of First Publication of This Particular Work**
Complete this information ONLY if this work has been published.
Month February   Day 12   Year 2001
U.S.A.   Nation

**4**

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2 ▼
MGA Entertainment Inc  16730 Schoenborn Street
North Hills CA 91343 6122

**Transfer** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright ▼
Assignment

APPLICATION RECEIVED
DEC 22 2003
ONE DEPOSIT RECEIVED

TWO DEPOSITS RECEIVED
DEC 22 2003

FUNDS RECEIVED

**MORE ON BACK ▶** Complete all applicable spaces (numbers 5-9) on the reverse side of this page
See detailed instructions   Sign the form at line 8

DO NOT WRITE HERE
Page 1 of ___ pages

EXHIBIT _____ 21 _____   M 0110180

PAGE _____ 342

EXAMINED BY ⟨initials⟩                                           FORM VA

CHECKED BY

☐ CORRESPONDENCE                                                FOR
  Yes                                                          COPYRIGHT
                                                               OFFICE
                                                               USE
                                                               ONLY

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?
☐ Yes  ☑ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼
a ☐ This is the first published edition of a work previously registered in unpublished form.
b ☐ This is the first application submitted by this author as copyright claimant.
c ☐ This is a changed version of the work, as shown by space 6 on this application.
If your answer is "Yes," give: Previous Registration Number ▼          Year of Registration ▼

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.
a **Preexisting Material** Identify any preexisting work or works that this work is based on or incorporates. ▼

b **Material Added to This Work** Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.
Name ▼                                     Account Number ▼

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent. Name/Address/Apt/City/State/ZIP ▼
Larry W McFarland  Keats McFarland & Wilson LLP
9720 Wilshire Boulevard Penthouse Suite
Beverly Hills California 90212

Area code and daytime telephone number  (310) 248 3830          Fax number  (310) 860 0363
Email  lmcfarland@kmwlaw.com

**CERTIFICATION** I, the undersigned, hereby certify that I am the
check only one ►  ☐ author
                  ☐ other copyright claimant
                  ☐ owner of exclusive right(s)
                  ☑ authorized agent of  MGA Entertainment Inc
                                         Name of author or other copyright claimant, or owner of exclusive right(s) ▲
of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.
Larry W McFarland                                      Date  December 16 2003

Handwritten signature (X) ▼
X ⟨signature⟩

Certificate          Name ▼
will be              Larry W McFarland  Keats McFarland & Wilson LLP
mailed in
window               Number/Street/Apt ▼
envelope             9720 Wilshire Boulevard Penthouse Suite
to this
address              City/State/ZIP ▼
                     Beverly Hills California 90212

17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

Rev: June 2002—20,000  Web Rev: June 2002  ☐ Printed on recycled paper                                    U.S. Government Printing Office: 2000-461-113/20,031

EXHIBIT _____ 21 _____  M 0110181

PAGE _____ 343

VA 1-218-487



LIBRARY OF CONGRESS
JUL 2 2 2003
COPYRIGHT OFFICE

EXHIBIT ___21___   M 0110182

PAGE ___344___



EXHIBIT ___21___ **M 0110183**

PAGE ___345___



LIBRARY OF CONGRESS

*Copyright Office*
*of the United States*

WASHINGTON, D.C.

   **THIS IS TO CERTIFY** that the attached additional certificate is a claim of copyright for the work entitled **CLOE DRAWING** registered under number **VA 1-218-490**.

   **THIS IS TO CERTIFY ALSO** that the attached photocopies are a true representation of the work entitled **CLOE DRAWING** deposited in the Copyright Office on December 22, 2003 registered under number **VA 1-218-490**.

   **IN WITNESS WHEREOF**, the seal of this Office is affixed hereto on May 17, 2004.

Marybeth Peters
Register of Copyrights

By:   Tracie M. Coleman
Head
Certifications and Documents
Section
Information and Reference
Division

Use of this material is governed by the U. S. copyright law 17 U.S.C. 101 et seq.

EXHIBIT 509
Deponent ARMSTRONG
Date 7/18/07 Rptr. ACC
WWW.DEPOBOOK.COM

EXHIBIT _____ 21 _____

PAGE _____ 346

M 0110193

**Additional Certificate (17 U.S.C. 706)**
## Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**FORM VA**
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE

VA 1-218-490

EFFECTIVE DATE OF REGISTRATION

**DEC 22 2003**

Month        Day        Year

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET**

**1**

Title of This Work ▼
CLOE Drawing

NATURE OF THIS WORK ▼ See Instructions
color drawing

Previous or Alternative Titles ▼

Publication as a Contribution If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared. Title of Collective Work ▼

If published in a periodical or serial give  Volume ▼     Number ▼     Issue Date ▼     On Pages ▼

---

**2**

**a**

NAME OF AUTHOR ▼
Carter Bryant

DATES OF BIRTH AND DEATH
Year Born ▼     Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☑ No

Author's Nationality or Domicile
Name of Country
OR { Citizen of _U S A_
{ Domiciled in _____

Was This Author's Contribution to the Work
Anonymous?      ☐ Yes  ☑ No
Pseudonymous?   ☐ Yes  ☑ No
If the answer to either of these questions is "Yes," see detailed instructions

Nature of Authorship Check appropriate box(es) See Instructions
☐ 3 Dimensional sculpture     ☐ Map          ☐ Technical drawing
☑ 2 Dimensional artwork       ☐ Photograph   ☐ Text
☐ Reproduction of work of art ☐ Jewelry design ☐ Architectural work

**NOTE**

Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

**b**

Name of Author ▼

Dates of Birth and Death
Year Born ▼     Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

Author's Nationality or Domicile
Name of Country
OR { Citizen of _____
{ Domiciled in _____

Was This Author's Contribution to the Work
Anonymous?      ☐ Yes  ☐ No
Pseudonymous?   ☐ Yes  ☐ No
If the answer to either of these questions is "Yes," see detailed instructions

Nature of Authorship Check appropriate box(es) See Instructions
☐ 3 Dimensional sculpture     ☐ Map          ☐ Technical drawing
☐ 2 Dimensional artwork       ☐ Photograph   ☐ Text
☐ Reproduction of work of art ☐ Jewelry design ☐ Architectural work

---

**3**

**a**

Year in Which Creation of This Work Was Completed
1998
This information must be given in all cases.
Year in all cases

**b** Date and Nation of First Publication of This Particular Work
Complete this information ONLY if this work has been published.
Month February   Day 12   Year 2001
U.S.A.        Nation

---

**4**

COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2 ▼

MGA Entertainment Inc  16730 Schoenborn Street
North Hills CA 91343 6122

Transfer If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright ▼
Assignment

APPLICATION RECEIVED
DEC 22 2003
ONE DEPOSIT RECEIVED

TWO DEPOSITS RECEIVED
DEC 22 2003
FUNDS RECEIVED

See instructions before completing this space

---

MORE ON BACK ▶  Complete all applicable spaces (numbers 5-9) on the reverse side of this page
See detailed instructions   Sign the form at line 8

DO NOT WRITE HERE
Page 1 of ___

EXHIBIT  21
PAGE  347

M 0110194

| EXAMINED BY | | FORM VA |
|---|---|---|
| CHECKED BY | | |
| ☐ CORRESPONDENCE  Yes | | FOR COPYRIGHT OFFICE USE ONLY |

**DO NOT WRITE ABOVE THIS LINE  IF YOU NEED MORE SPACE  USE A SEPARATE CONTINUATION SHEET**

**5**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?
☐ Yes  ☑ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼
a. ☐ This is the first published edition of a work previously registered in unpublished form
b. ☐ This is the first application submitted by this author as copyright claimant
c. ☐ This is a changed version of the work, as shown by space 6 on this application
If your answer is "Yes," give: **Previous Registration Number** ▼          **Year of Registration** ▼

**6**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation
a. **Preexisting Material** Identify any preexisting work or works that this work is based on or incorporates. ▼

**a**
See instructions before completing this space

b. **Material Added to This Work** Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

**b**

**7**

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account
**Name** ▼          **Account Number** ▼

**a**

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent. Name/Address/Apt/City/State/ZIP ▼

Larry W. McFarland  Keats  McFarland & Wilson LLP
9720 Wilshire Boulevard  Penthouse Suite
Beverly Hills  California  90212

**b**

Area code and daytime telephone number   ( 310 )  248 3830          Fax number   ( 310 )  860 0363
Email   lmcfarland@kmwlaw com

**8**

**CERTIFICATION*** I the undersigned, hereby certify that I am the
check only one ▶
☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☑ authorized agent of  MGA Entertainment  Inc
Name of author or other copyright claimant, or owner of exclusive right(s) ▲
of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

**Typed or printed name and date** ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.
Larry W. McFarland                    Date  December 16, 2003

Handwritten signature (X) ▼
X

**9**

| Certificate will be mailed in window envelope to this address | **Name** ▼  Larry W  McFarland   Keats  McFarland & Wilson LLP |
|---|---|
| | **Number/Street/Apt** ▼  9720 Wilshire Boulevard  Penthouse Suite |
| | **City/State/ZIP** ▼  Beverly Hills  California  90212 |

• Complete all necessary spaces
• Sign your application in space 8
SEND ALL 3 ELEMENTS IN THE SAME PACKAGE:
1. Application form
2. Nonrefundable filing fee in check or money order payable to Register of Copyrights
3. Deposit material
Library of Congress
Copyright Office
101 Independence Avenue, S.E.
Washington, D.C. 20559-6000

*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

Rev. June 2002—20,000   Web Rev. June 2002   ⊛ Printed on recycled paper          U S Government Printing Office  2000-461-113/20 021

EXHIBIT ___21___

M 0110195

PAGE ___348___

VA 1-218-490



LIBRARY OF CONGRESS
DEC 2 2 2003
COPYRIGHT OFFICE

EXHIBIT _____21_____   **M 0110196**

PAGE   349



2/app

EXHIBIT ___21___

PAGE ___350___

M 0110197



LIBRARY OF CONGRESS

*Copyright Office*
*of the United States*

WASHINGTON, D.C.

     **THIS IS TO CERTIFY** that the attached additional
certificate is a claim of copyright for the work entitled **BRATZ GROUP
DRAWING** registered under number **VA 1-218-489**.

     **THIS IS TO CERTIFY ALSO**    that   the attached
photocopies are a true representation of the work entitled **BRATZ
GROUP DRAWING** deposited in the Copyright Office on December
22, 2003 registered under number **VA 1-218-489**.

     **IN WITNESS WHEREOF** the seal of this Office is
affixed hereto on May 17, 2004.

                  Marybeth Peters
                  Register of Copyrights

By:    Tracie M. Coleman
           Head
           Certifications and Documents
           Section
           Information and Reference
           Division

Use of this material is governed by the U. S. copyright law 17 U.S.C.
101 et seq.

π EXHIBIT *5/3*
Deponent *ARMSTRONG*
Date *7/18/07* Rptr. *ACC*
www.wizdoxbook.com

EXHIBIT _____ 21

PAGE _____ 351

**M 0110188**

**Additional Certificate (17 U.S.C. 706)**
## Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records

*Marybeth Peters*

Register of Copyrights, United States of America

**FORM VA**
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE

VA 1-218-489

EFFECTIVE DATE OF REGISTRATION

**DEC 22 2003**
Month          Day          Year

---

**DO NOT WRITE ABOVE THIS LINE  IF YOU NEED MORE SPACE  USE A SEPARATE CONTINUATION SHEET**

**1**

**Title of This Work ▼**
BRATZ Group Drawing

**NATURE OF THIS WORK ▼** See instructions
color drawing

**Previous or Alternative Titles ▼**

**Publication as a Contribution** If this work was published as a contribution to a periodical serial or collection give information about the collective work in which the contribution appeared  Title of Collective Work ▼

If published in a periodical or serial give  Volume ▼      Number ▼      Issue Date ▼      On Pages ▼

---

**2**

**a** **NAME OF AUTHOR ▼**
Carter Bryant

**DATES OF BIRTH AND DEATH**
Year Born ▼      Year Died ▼

**NOTE**

Under the law the author of a work made for hire is generally the employer not the employee (see instructions) For any part of this work that was made for hire check Yes in the space provided give the employer (or other person for whom the work was prepared) as Author of that part and leave the space for dates of birth and death blank

**Was this contribution to the work a "work made for hire" ?**
☐ Yes
☑ No

**Author s Nationality or Domicile**
Name of Country
OR { Citizen of ___ U S A
     Domiciled in ___

**Was This Author s Contribution to the Work**
Anonymous?      ☐ Yes  ☑ No
Pseudonymous?   ☐ Yes  ☑ No
If the answer to either of these questions is "Yes" see detailed instructions

**Nature of Authorship  Check appropriate box(es) See instructions**
☐ 3 Dimensional sculpture     ☐ Map             ☐ Technical drawing
☑ 2 Dimensional artwork        ☐ Photograph      ☐ Text
☐ Reproduction of work of art  ☐ Jewelry design  ☐ Architectural work

**b** **Name of Author ▼**

**Dates of Birth and Death**
Year Born ▼      Year Died ▼

**Was this contribution to the work a "work made for hire"?**
☐ Yes
☐ No

**Author s Nationality or Domicile**
Name of Country
OR { Citizen of ___
     Domiciled in ___

**Was This Author s Contribution to the Work**
Anonymous?      ☐ Yes  ☐ No
Pseudonymous?   ☐ Yes  ☐ No

**Nature of Authorship  Check appropriate box(es) See instructions**
☐ 3 Dimensional sculpture     ☐ Map             ☐ Technical drawing
☐ 2 Dimensional artwork        ☐ Photograph      ☐ Text
☐ Reproduction of work of art  ☐ Jewelry design  ☐ Architectural work

---

**3**

**a** **Year in Which Creation of This Work Was Completed**
1998
Year   in all cases
This information must be given

**b** **Date and Nation of First Publication of This Particular Work**
Complete this information ONLY if this work has been published
Month February   Day 12   Year 2001
U.S.A.   Nation

---

**4**

See instructions before completing this space

**COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2 ▼**
MGA Entertainment Inc  16730 Schoenborn Street
North Hills  CA  91343 6122

**Transfer If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2  give a brief statement of how the claimant(s) obtained ownership of the copyright ▼**
Assignment

**APPLICATION RECEIVED**
DEC 22 2003
**ONE DEPOSIT RECEIVED**

**TWO DEPOSITS RECEIVED**
DEC 22 2003
**FUNDS RECEIVED**

---

**MORE ON BACK ▶**  Complete all applicable spaces (numbers 5-9) on the reverse side of this page
See detailed instructions      Sign the form at line 8

DO NOT WRITE HERE
Page 1 of ___ pages

EXHIBIT ___ 21
PAGE ___ 352

M 0110189

<table>
<tr><td>EXAMINED BY</td><td></td><td>FORM VA</td></tr>
<tr><td>CHECKED BY</td><td></td><td></td></tr>
<tr><td>☐ CORRESPONDENCE<br>Yes</td><td></td><td>FOR<br>COPYRIGHT<br>OFFICE<br>USE<br>ONLY</td></tr>
</table>

**DO NOT WRITE ABOVE THIS LINE  IF YOU NEED MORE SPACE  USE A SEPARATE CONTINUATION SHEET**

**PREVIOUS REGISTRATION** This registration for this work  or for an earlier version of this work  already been made in the Copyright Office?

☐ Yes  ☐ No  If your answer is  Yes   why is another registration being sought?  (Check appropriate box )  ▼

a  ☐ This is the first published edition of a work previously registered in unpublished form

b  ☐ This is the first application submitted by this author as copyright claimant

c  ☐ This is a changed version of the work  as shown by space 6 on this application

If your answer is  Yes   give  Previous Registration Number ▼          Year of Registration ▼

**5**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work  complete only 6b for a compilation

a  Preexisting Material  Identify any preexisting work or works that this work is based on or incorporates  ▼

b  Material Added to This Work  Give a brief  general statement of the material that has been added to this work and in which copyright is claimed  ▼

**6**

a

b

See instructions  before completing this space

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office  give name and number of Account

Name ▼          Account Number ▼

**7**

a

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent  Name/Address/Apt/City/State/ZIP ▼

Larry W  McFarland  Keats  McFarland & Wilson  LLP
9720 Wilshire Boulevard  Penthouse Suite
Beverly Hills  California  90212

b

Area code and daytime telephone number    (310 ) 248 3830          Fax number    ( 310 ) 860 0363

Email  lmcfarland@kmwlaw com

**CERTIFICATION*   I  the undersigned  hereby certify that I am the

check only one ▶ {
☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☑ authorized agent of   MGA Entertainment  Inc

Name of author or other copyright claimant  or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge

**8**

Typed or printed name and date ▼ If this application gives a date of publication in space 3  do not sign and submit it before that date

Larry W  McFarland          Date  December 16 2003

Handwritten signature (X) ▼

X _____

**9**

| Certificate will be mailed in window envelope to this address | Name ▼ |
|---|---|
| | Larry W  McFarland  Keats  McFarland & Wilson  LLP |
| | Number/Street/Apt ▼ |
| | 9720 Wilshire Boulevard  Penthouse Suite |
| | City/State/ZIP ▼ |
| | Beverly Hills  California  90212 |

• Complete all necessary spaces
• Sign your application in space 8

SEND ALL 3 ELEMENTS IN THE SAME PACKAGE

1  Application form
2  Nonrefundable filing fee in check or money order payable to Register of Copyrights
3  Deposit material

MAIL TO
Library of Congress
Copyright Office
101 Independence Avenue  SE
Washington  D C  20559-6000

*17 U S C  §506(e)  Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409  or in any written statement filed in connection with the application  shall be fined not more than $2 500

Rev  June 2002—20 000   Web Rev  June 2002   ⊕ Printed on recycled paper          U S  Government Printing Office  2000 461 113/20 021

EXHIBIT ___21___          M 0110190

PAGE ___353___

VA 1-218-489



EXHIBIT _____ 21 _____   **M 0110191**

PAGE _____ 354 _____



EXHIBIT _____ 21 _____

355

M 0110192