QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>The Honorable Stephen G. Larson<br><br>**[PUBLIC REDACTED] MATTEL, INC.'S *EX PARTE* APPLICATION FOR AN ORDER SHORTENING TIME TO HEAR MATTEL'S MOTION COMPELLING PRODUCTION OF COMMUNICATIONS MADE IN FURTHERANCE OF CRIMES AND FRAUDS AND RELIEF FROM LOCAL RULE MEET AND CONFER REQUIREMENTS**<br><br><u>Phase 1:</u><br>Pre-Trial Conference: May 19, 2008<br>Trial Date:       May 27, 2008 |

1        Pursuant to the <u>Federal Rules</u> and <u>Local Rule</u> 7-19, Mattel, Inc. ("Mattel") respectfully submits this *ex parte* Application seeking an order shortening time for hearing Mattel, Inc.'s Notice of Motion and Motion for an Order Compelling Production of Communications Made in Furtherance of Crimes and Frauds (the "Motion"), and for relief from the Local Rules' meet and confer requirements.

       Mattel makes this Application based on the need for rulings by the Court on this issue as soon as possible. If the Motion is not expedited for hearing, Mattel will be deprived of critical evidence. Fairness requires consideration by the Court of the motion on an expedited basis.

       <u>Ex Parte Notice</u>. Pursuant to <u>Local Rule</u> 7-19, on May 23, 2008, Mattel provided telephonic notice of this *ex parte* Application to Lance Etcheverry of Skadden, Arps, Slate, Meagher & Flom LLP, 3000 South Grand Ave., Suite 3400, Los Angeles, California, 213-687-5432, counsel for the remaining defendants in this action, of this *ex parte* Application. Mr. Etcheverry confirmed that defendants will oppose this Application and wish to be heard.

       This Application is based on this Application and the accompanying Memorandum, the pleadings and other papers on file in this action, and all matters of which the Court may take judicial notice.

DATED: May 23, 2008        QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/ Harry A. Olivar
    Harry A. Olivar, Jr.
    Attorneys for Mattel, Inc.

## Mattel's Ex Parte Application

As set forth in Mattel's Notice of Motion and Motion for an Order Compelling Production of Communications Made in Furtherance of Crimes and Frauds ("Motion"), Mattel has recently obtained evidence showing that MGA and Larian have knowingly perpetrated crimes against Mattel, and a fraud on this Court. Mattel's Motion deserves the Court's attention and should be heard on an expedited basis, and Mattel should be relieved of the meet and confer requirements imposed by Local Rule 7-3.

Mattel learned only last week that

. These lies to Glaser, combined with an allegedly inadvertently produced June 30, 2001 e-mail in which Larian admits

-- shows

Because the motion cut-off date is today, Mattel seeks relief from the meet and confer requirements of the Local Rules, particularly since such a process would be fruitless in this case. However, in light of the seriousness of the motion, Mattel

has no objection to allowing the MGA parties sufficient time to prepare their opposition to the motion.

## Argument

### I. EXPEDITION IS WARRANTED IN LIGHT OF THE IRREPARABLE PREJUDICE TO MATTEL STEMMING FROM THE RAPIDLY APPROACHING TRIAL DATE AND THE IMPORTANCE OF THE EVIDENCE AT ISSUE

An *ex parte* application may be granted if the evidence shows that the moving party's cause will be irreparably prejudiced if the motion is heard according to the regular noticed-motion procedures and the moving party is without fault in creating the crisis that requires *ex parte* relief. Mission Power Eng'g Co. v. Continental Cas. Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995). Here, Mattel will be irreparably prejudiced if its Motion for an Order Compelling Production of Communications Made in Furtherance of Crimes and Frauds is heard according to the regular noticed-motion procedures, and Mattel is not at fault for creating the situation necessitating *ex parte* relief. Mattel's Motion seeks to compel disclosure Entry Nos. 347, 375, 548, 549, 1325, 1326, 1641, 1818, 1819, and 1820 from MGA's January 23, 2008 Privilege Log; and Entry Nos. 69, 70, 73, 79, 89, 90, 91, 95, 97, 100, 101, 113, 114, and 115 from Isaac Larian's January 15, 2008 Privilege Log and Entry No. 63 from his January 30, 2008 Privilege Log. As set forth in Mattel's Memorandum of Points and Authorities in Support of its Motion, these communications were made in furtherance of crimes and frauds against Mattel and this Court.

As of the filing of the Motion and this Application, the earliest regular hearing date is after trial is scheduled to finish. Hearing Mattel's motion after trial ends would effectively deprive Mattel—which, as plaintiff, will present its case first—of critical evidence. There is substantial reason to believe that MGA has improperly invoked the attorney-client privilege to withhold communications made

in furtherance of the crimes of criminal copyright infringement and grand larceny as part of a seven-year fraud on this Court that goes to the very core of the case. Mattel is entitled to the production of e-mails that furthered those crimes and frauds.

Defendants will in no way be prejudiced by an expedited hearing date. Mattel does not wish to deprive Defendants of an opportunity to respond. Rather, Defendants should be given a fair opportunity to respond and this Motion should then be heard as soon as possible thereafter.

Setting the hearing on shortened notice will result in the resolution of disputes regarding important evidence for trial, and will not harm defendants. To the contrary, prompt resolution of the motion by the Court will facilitate all the parties' preparation for trial, so that they know what evidence must be produced and what may be shielded.

## II. MATTEL IS NOT AT FAULT FOR CREATING THE SITUATION REQUIRING *EX PARTE* RELIEF

Mattel fully learned of the bases of this Motion only last week, when it received (1) a redacted version of the Bryant/MGA agreement that Larian had faxed to Glaser,[1] (2) the fax cover sheet showing that falsified agreement was sent just days after a damning e-mail message MGA recently clawed back,[2] (3)

[3] It was only upon receiving this information that Mattel was able to place the relevant e-mail message in the context of the elaborate "alibi scheme" created by MGA to mislead Mattel, this and other courts, and the world at large as to the true sequence of the creation of Bratz.

---

[1] Declaration of Harry A. Olivar, Jr. in Support of Mattel, Inc's Motion for Order Compelling Production of Communications Made in Furtherance of Crimes and Frauds ("Olivar Decl."), Exh. 9.
[2] Id.
[3] Olivar Decl. Exh. 36.

1       It would have been inappropriate to file a motion with allegations as Mattel's hastily. Now that the evidence discussed above has come to light, Mattel has no choice. Mattel did not delay in filing the motion, but waited until it became clear that there was no other alternative, and that disclosure is essential.

### Conclusion

      For the foregoing reasons, the Court should grant Mattel, Inc.'s *ex parte* application for an order shortening time to hear Mattel's Notice of Motion and Motion for an Order Compelling Production of Communications Made in Furtherance of Crimes and Frauds, and hear this motion as soon as possible.

DATED: May 23, 2008       QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/ Harry A. Olivar
   Harry A. Olivar, Jr.
   Attorneys for Mattel, Inc.