THOMAS J. NOLAN (Bar No. 66992)
(tnolan@skadden.com)
JASON D. RUSSELL (Bar No. 169219)
(jrussell@skadden.com)
MARINA V. BOGORAD (Bar No. 217524)
(mbogorad@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue, Ste. 3400, Los Angeles, CA 90071-3144
Tel.: (213) 687-5000 / Fax: (213) 687-5600

RAOUL D. KENNEDY (Bar No. 40892)
(rkennedy@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
4 Embarcadero Center, Suite 3800
San Francisco, CA 94111-5974
Tel.: (415) 984-2698 / Fax: (415) 984-2626

Attorneys for MGA Enter., Inc., MGA Enter. (HK) Ltd., MGAE de Mexico, S.R.L. de C.V., and Isaac Larian

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, <br><br> Plaintiff, <br><br> v. <br><br> MATTEL, INC., a Delaware corporation, <br><br> Defendant. <br><br> AND CONSOLIDATED ACTIONS. | CASE NO.: CV 04-9049 SGL (RNBx) <br><br> Consolidated with Case No. 04-9059 and Case No. 05-2727 <br><br> Honorable Stephen G. Larson <br><br> MEMORANDUM IN FURTHER SUPPORT OF MGA PARTIES' MOTION TO STRIKE PORTIONS OF PRE-TRIAL CONFERENCE ORDER <br><br> Trial Date: May 27, 2008 |

On May 23, 2008, the MGA Parties discovered in reviewing a draft of the Amended Pre-Trial Conference Order provided only minutes before the pre-trial conference was to begin that Mattel had added a seventeenth drawing to its claim for copyright infringement, the so-called "control drawing." Minutes later, the MGA Parties discovered that Mattel had registered this control drawing, which had never before the subject of Mattel's copyright infringement claim, with the Copyright Office on May 15, 2008 in an attempt to amend its copyright claim the day before trial. The MGA Parties moved at the pre-trial conference to strike any reference to the control drawing from the Pre-Trial Conference Order ("PTCO") (see May 23, 2008 Hearing Tr. at 69:19-24) because it constituted an improper "11th hour" attempt to amend its copyright claim without leave of court. See Fed. R. Civ. P. 15(a)(1)-(2) (amendment permitted once as a matter of course; after that, party seeking to amend must ask for leave or consent of opposing party).[1] Because this secret amendment was proffered *after* the close of discovery and *after* the MGA Parties had an opportunity to dispose of such a claim on summary judgment, fairness dictates that the amendment be denied.

At the May 23, 2008 hearing, Mattel purported to justify its actions by contending that it had been unable to register the Control Drawing with the Copyright Office – a jurisdictional requirement to maintaining a copyright infringement claim on the drawing – because the drawing had been designated as Attorneys' Eyes Only ("AEO") until the Court de-designated the summary judgment record this month. Mr. Zeller specifically represented to the Court during the pre-trial conference that it was *MGA's* fault that Mattel never registered the control drawing:

> As the Court will notice there at the very bottom, MGA designated attorneys eyes only, and that thwarted our ability to register it. We don't have a copy of this document and can't go ahead and register it with the U.S. Copyright Office because of their designation. And, of course, the Court will recall well that the

---

[1] Moreover, and as importantly, Mattel's newly-minted claim over the control drawing also has the alternative effect of calling attention to the undisputed fact that (1) Mattel's copyright claims are time-barred and (2) Mattel's expert, Lee Loetz, relied on the wrong drawing in preparing his report.

recent unsealing of these documents allowed us, because it's still for a litigation purpose, to register with the U.S. Copyright Office.

(May 23, 2008 Hearing Tr. at 70:8-17.)

Although it did not seek prior leave of Court to do so, Mattel then purported to provide additional detail to support its last-minute amendment by submitting the Declaration of Michael Zeller dated May 26, 2008 ("Zeller Decl."). Because the Zeller Declaration is both procedurally improper (filed in direct violation of this Court's instruction not to file without leave of Court) and substantively false, the MGA Parties respectfully seek leave of Court to file this response establishing that Mattel's secret amendment (and subsequent false and misleading explanation) should not be condoned and that any reference in the PTCO should be stricken. As explained in detail below, Mattel indisputably has had possession of the Control Drawing since at least August of 2004, when Bryant produced it during discovery. John Quinn deposed Mr. Bryant on this drawing in November of 2004. Although it is true that Bryant's attorneys designated the document as AEO, it is also true that Mattel's counsel never sought to have that designation lifted by filing a motion with the Discovery Master or this Court as permitted under the terms of the Confidentiality Order Entered by this Court.

Given that Mattel and its counsel have filed literally hundreds of motions challenging every objection and action by MGA (including *ex parte* applications challenging the use of single-spaced quotes and font sizes), it defies credulity for Mattel to stand before this Court and assert that the only reason that they could not have registered the control drawing years ago is due to a confidentiality designation that Mattel could have challenged (and should have challenged) if it wished to maintain a claim based on the control drawing. As Mattel chose not to act on its rights, the Court should not reward Mattel's failure to promptly act and should instead strike Mattel's last-second, covert attempt to amend its claims.

## BACKGROUND

### Mattel Surreptitiously Tries To Amend Its Claims The Day Before Trial

When Mattel filed its Second Amended Answer and Counterclaims – Mattel's

operative pleading against the MGA Parties – on July 12, 2007, Mattel's claim for Copyright Infringement included sixteen drawings as to which it had registered a copyright. (SAA ¶ 83.) Notably, the control drawing was <u>not</u> among those drawings as no copyright registration had been obtained for it by Mattel and such registration is a jurisdictional pre-requisite for maintaining a copyright claim. At no time prior to trial in this action, did Mattel ever seek leave to add the control drawing to its copyright claim. Instead, literally minutes before the pre-trial conference was to begin, Mattel handed over to the MGA Parties a copy of the amendment that the Court had directed the parties to file. Mattel did not mention that it had added a seventeenth drawing to its copyright claim, but the MGA Parties discovered that Mattel nonetheless had secretly inserted the control drawing into the amended PTCO when they noticed an unfamiliar copyright registration number.[2] Within minutes, the MGA Parties learned that on May 15, 2008 – literally years after Mattel filed its copyright claim – Mattel had registered the control drawing and now sought to include it (by stealth) in its claims.

    During the pre-trial conference, the MGA Parties brought Mattel's eleventh hour (and surreptitious) amendment to the Court's attention and asked that Mattel's impermissible inclusion of the control drawing as one of the seventeen drawings on which it based its claims be stricken as untimely and without good cause. (<u>See</u> May 23, 2008 Hearing Tr. at 69:19-24.) Mattel responded by asserting that it had been precluded by MGA from registering the control drawing previously due to a supposedly impermissible and improper designation of the control drawing as AEO. (<u>Id.</u> at 70:8-17.) The hearing concluded with the Court indicating that it would consider the matter further and let the parties know its decision. At no point did the Court grant, nor did Mattel ask for, leave for either party to file anything further in connection with the MGA Parties' motion to strike Mattel's tardy amendment.

---

[2] To minimize the risk of detection, Mattel buried the addition of the control drawing registration at page 66 of the amended PTCO and, even then, listed the control drawing third out of seventeen drawings, even though it was the latest one created and the last one registered with the Copyright Office. (<u>See</u> 5/23/08 PTCO at page 66, Section XIV.A.1.) Although Mattel did provide a redline, it delayed sending the redline until after the MGA Parties had already left to attend the pre-trial conference, thus effectively further hampering any chance that they would discover the secret addition.

Nonetheless, in the evening of Memorial Day, Mattel submitted a Declaration of Michael Zeller purporting to justify Mattel's failure to seek an amendment to its claims to add the control drawing in the many years that Mattel has had possession of it. At base, Mr. Zeller's excuse is that MGA designated the drawing as AEO (which is not true, Bryant did) and that Mattel was thwarted in its efforts to get that designation lifted (even though Mattel admittedly never sought to have this Court or the Discovery Master do so).

<u>**Mattel Undeniably Had The Control Drawing For Nearly Four Years**</u>
<u>**And Never Once Sought To Have The AEO Designation Lifted**</u>
<u>**Or To Amend Its Claims To Add The Control Drawing**</u>

Carter Bryant produced the control drawing to Mattel on August 12, 2004, with the Bates number BRYANT0000278. The document bore an AEO designation. Mattel indisputably was aware that the control drawing had been produced as John Quinn used the document as Exhibit 5 to Mr. Bryant's deposition taken on November 5, 2004. (See Declaration of Jason D. Russell dated May 27, 2008 ("Russell Decl."), Exs. A (AEO version of control drawing used at Bryant deposition bearing Bates number BRYANT000278) and B (Bryant Depo, Vol. 2, November 5, 2004 at 305:19-22 and 350:16-25).)

Although Mr. Zeller suggests otherwise, the record reveals that Mattel has been in possession of a non-confidential version of the control drawing since at least September 2006. (See Zeller Decl., Ex. C (non-AEO version of control drawing – SL0044).) Indeed, Mr. Zeller used a version of the control drawing during the deposition of Steven Linker on September 13, 2006 **that was _not_ marked attorneys' eyes only or confidential**.[3] While Mr. Zeller suggests in his Declaration that MGA's counsel Ms. Cendali designated all documents

---

[3]   See Russell Decl., Ex. C (Linker) at 89:6-21 ("Q. [**By Mr. Zeller**] Directing your attention to **SL 44,** was this something that MGA provided to you on October 19, 2000? A. Yes. Q. And what does this generally depict? A. This is just I guess like an engineering drawing or a call-out of what the doll size is, the size of the doll, basically, and sort of like specs on what the body was going to be made of – or not made of but how it was going to look. So it was the actual size reference, so it gave us an idea how to build around this size with all the fashions and everything and the packaging size.").

attorneys' eyes only, that does not appear to be the case as Mr. Zeller questioned Mr. Linker about the control drawing **in the presence of Mattel's in-house counsel, Michael Moore**. (See Russell Decl., Ex. C (Linker) at 53:22-101:23 (indicating that Mr. Moore was present during questioning regarding SL 00044).)[4] Ms. Cendali did not object or make Mr. Moore leave the room. Moreover, although Mattel points to a written request to MGA's former counsel, O'Melveny and Myers, to de-designate SL 00044 (see Zeller Decl., Ex. F at 23-24), which demanded a response under threat of a motion to enforce the protective order, O'Melveny never responded and Mattel never filed such a motion. Contrary to Mr. Zeller's suggestion, this is not definitive proof that MGA continued to view this document as attorneys' eyes only.

After Skadden, Arps took over for O'Melveny and Myers, Mattel again requested that certain documents, including BRYANT 00278 and SL 00044, be de-designated on December 20, 2007 (see Zeller Decl, Ex. I at Annex, pp. 1 and 6). The MGA Parties, by a letter from Allen Lanstra dated January 28, 2008, responded that "**many documents listed do *not* on their face appear to be designated 'Confidential-Attorneys' Eyes Only,' while still others were not even designated 'Confidential.' We are unclear as to why such documents were included in your proposed de-designation list**." (See Zeller Decl., Ex. J at 2 (emphasis added).) Therefore, based on this correspondence, Mattel could easily have followed up on its Mr. Lanstra's response to determine whether SL 00044 fell within the documents MGA considered non-confidential. Mattel failed to do so, however, and instead waited until the eve of trial to raise this issue again. Despite the obvious need for this document if it was to form the basis for a claim, Mattel never filed a motion challenging the designation of the control drawing nor sought leave of Court to amend its counterclaims to

---

[4] Indeed, it is not at all clear that Ms. Cendali designated SL 00044 attorneys' eyes only during the Linker deposition. Mattel cites to Ms. Cendali's admonition that "[j]ust to be clear, all these documents concerning the creation of Bratz are attorneys' eyes only. We were just provided them this morning and haven't had a chance to do a full analysis, but anything relating to the creation of Bratz are attorneys' eyes only." However, it is unclear from Ms. Cendali's admonition whether SL 00044 falls within the category of "the creation of Bratz." (See Zeller Decl., Ex. D at 14.)

include the control drawing.

Thus, Mattel's suggestion that MGA "thwarted" Mattel's ability to register the control drawing is demonstrably untrue. After Skadden, Arps took over as counsel for MGA, Mattel made only this single request for de-designation of the control drawing and continued to rely on Ms. Cendali's ambiguous designation during a deposition from one year earlier. Mr. Lanstra's response clearly raised the non-confidential nature of the control drawing, which gave Mattel cause to determine whether the control drawing – which was not marked AEO or confidential – was considered by the MGA Parties to be confidential.

## ARGUMENT
### Mattel's Last-Second Attempt to Amend Its Copyright Claim To Include The Control Drawing Is Improper

Mattel's "11th hour" attempt to add the control drawing to its copyright claim is improper for at least two independent reasons. First, any purported copyright infringement claim based on Mattel's tardy registration of the control drawing is time-barred because it cannot relate back to any of Mattel's earlier pleadings. Because Mattel waited until May 15, 2008 to register the control drawing, and a copyright registration is a jurisdictional prerequisite for Mattel to maintain its copyright claims, any "relation-back" rules Mattel might rely on cannot supplant jurisdictional standing. See Miguel v. Country Funding Corp., 309 F.3d 1161, 1165 (9th Cir. 2002) (rules governing "relation-back" of claims "may not be used to extend federal jurisdiction").[5] Mattel only filed its initial copyright registrations for BRATZ on October 30, 2006. Mattel's claims based on the 17 registrations from 2006 are

---

[5] Cf. In re Literary Works in Elec. Databases Copyright Litig., 509 F.3d 116, 125 n.5 (2nd Cir. 2007) ("a copyright claim does not exist absent registration or preregistration-and the law is clear that courts lack subject matter jurisdiction over claims that Congress has specified do not yet exist"). See also Loree Rodkin Mgmt. Corp. v. Ross-Simons, Inc., 315 F. Supp. 2d 1053, 1055 (C.D. Cal. 2004) (there is no federal jurisdiction for a copyright claim prior to registration), citing, inter alia, Ryan v. Carl Corp., 1998 WL 320817, at *2 (N.D. Cal. Jun. 15, 1998); Brush Creek Media, Inc. v. Boujaklian, 2002 WL 1906620, at *4 (N.D. Cal. Aug. 19, 2002); Ashlar Inc. v. Structural Dynamics Research Corp., 1995 WL 639599, 36 U.S.P.Q.2d 1402, 1405-06 (N.D. Cal. 1995) (defendant's counterclaim for copyright infringement must be dismissed, since registration of copyright was not effected before counterclaim's filing), citing Int'l Trade Mgmt., Inc. v. United States, 553 F. Supp. 402, 402-03 (Cl. Ct. 1982) (Kozinski, J.).

themselves time-barred. (See MGA MSJ at 22-25.) It follows, therefore, that any claim based on subsequent registration will also be time-barred because it may not relate back further than October 30, 2006 and, in no event, to any pleadings filed in either of the '04 or the '05 Actions. Mattel's newly-minted claim over the control drawing must therefore be dismissed as time-barred. See Brewer-Giorgio v. Producers Video, Inc., 216 F.3d 1281, 1285 (11th Cir. 2000) (plaintiff cannot amend its complaint to add copyright claims where plaintiff failed to register its copyrights prior to filing of the original complaint, and the statute of limitation expired before the registration); Country Road Music, Inc. v. MP3.com, Inc., 279 F. Supp. 2d 325, 332-33 (S.D.N.Y. 2003) (copyright infringement claim does not relate back to original complaint where plaintiff failed to register copyright within the limitations period).

Second, the newly-registered control drawing was based on a sculpt made by Margaret Leahy, and is not one of the drawings Mattel claims were done while Bryant was at Mattel. Mattel had never before claimed ownership of this doll and, indeed, never raised its claim over this drawing during the summary judgment briefing. Mattel's new-found claim over the control drawing is therefore a ruse to add legitimacy to its ailing copyright claims and to save its expert, Lee Loetz, who improperly relied on this drawing in rendering his opinion. For instance, Loetz's report makes a "side by side" comparison of a "first wave BRATZ doll unclothed next to a front sculpt [control] drawing done by Carter Bryant" which "shows the major anatomical landmarks line up on a horizontal plane." (Declaration of Jason D. Russell dated April 14, 2008 ("Russell MIL Decl."), Ex. 66 (Loetz Rpt.) at 3.) According to Loetz, "[t]hese alignments are too numerous to be coincidental." (Id.)

Loetz is correct that the alignments are not coincidental, but for the wrong reason. Loetz's opinion was based on his misconception that Bryant's "front sculpt drawing" was "a concept drawing for BRATZ dolls." (Russell MIL Decl., Ex. 68 (Loetz) at 306:24.) Actually, this sketch was drawn by Bryant based on one of the non-final sculpts of the first wave BRATZ dolls prepared by MGA's sculptor. As MGA's sculptor, Margaret Leahy

testified: "I had already gone through several iterations of the sculpt, and at this point, Carter had looked at my sculpt and came up with this drawing." (Russell MIL Decl., Ex. 70 (Leahy) at 149:6-8.) Loetz was completely ignorant of this crucial fact, and he testified that "it may" affect his opinion. (Russell MIL Decl., Ex. 68 (Loetz) at 303:6-304:14.)

Indeed, a comparison of the control drawing to the first wave doll shows that it would be hard for a jury not to see the similarities between the dolls:



(Russell MIL Decl., Ex. 66 (Loetz Ex. 37).)

Thus, given Mattel's realization that the success of its copyright claim and the continued validity of Mr. Loetz's report may depend entirely on it claim of ownership over this drawing, Mattel's improper motives are clear. Taken to its logical conclusion, if Mattel is permitted to amend its claim to cover this drawing at this point, the result could only be that (1) Mattel will attempt to confuse the jury by introducing a drawing that was based on an early sculpt, knowing full well that the control drawing was based on a doll; and (2) Mattel will save Mr. Loetz's otherwise useless expert report from exclusion, and further confuse the jury with his erroneous and ill-informed opinion. Given Mattel's failure to pursue the de-designation of the control drawing by motion or otherwise follow up with Mr. Lanstra about the non-confidential documents referenced in his letter of January 28, 2008, the improper

purpose such the addition of the control drawing at this point would serve, and the fact that Mattel's claim over this drawing is time-barred, this Court should strike the control drawing from the PTCO.

The MGA Parties therefore respectfully request this Court grant their oral motion to strike the control drawing from the PTCO as time-barred and improper. In addition, the MGA Parties again urge the Court to grant their motion for summary judgment with respect to their argument that all of Mattel's federal and state claims are time-barred.

DATED: May 27, 2008        SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: _____/s/_____
Jason D. Russell
Attorneys for the MGA Parties