facsimile machines normally insert senders' names and numbers as a matter of course, and indeed is required by law [to do so], it appears likely that the document was altered to conceal the sender's information. See 47 U.S.C. § 227(d)(1)(B)." (Mattel's Mot. Appt. Expert at 10). The premise underlying Mattel's concern on this topic is not unreasonable. The law requires such information to be found on any document, like the one in question, that has been faxed. Additionally, the testimony elicited from Ms. O'Connor that MGA altered the fax header for other documents related to BRATZ from the same time period leads to an obvious inference that other documents where spaces on other fax headers are absent suffered a similar fate.

2. Analysis

a. Microplug Ink Testing

Bryant and MGA begin by downplaying the significance of the spoliation issue in this case. With respect to the holes on some of the original BRATZ design drawings produced at Bryant's deposition, they note that, even with these holes, nothing prevents Mattel from performing its own testing on the remaining portions of the drawings on the document. "Indeed, the very fact that Mattel is asking for court-appointed experts to perform ink and paper testing only underscores the fact that nothing has been 'destroyed.'" (Joint Opp. at 2). Mr. Speckin makes similar assertions in his declaration, stating that the fact that the same microplug cannot be tested "is entirely irrelevant because there is more than enough ink on each of the documents I tested to allow numerous microplug samples to be extracted and tested by different experts." (Decl. Erich J. Speckin ¶ 14 (emphasis added); see also Response at 5-6 ("While another expert cannot test the very same microplug that Mr. Speckin tested,

---

her doing work on the BRATZ doll, well after Bryant had left Mattel. (Decl. Michael T. Zeller, Ex. 21 at 367, 370, 373). To accept Mattel's argument, not only would MGA have had to alter the invoices it produced in the supplemental production, but the documents produced by Rhee would also have to be similarly altered. An alternative and just as plausible explanation is that Rhee is simply mistaken as to when she began performing work on the BRATZ project.

drawings. (Decl. Shane McKenzie ¶ 3 ("Mr. Bryant's counsel[, at the December 22 to 23, 2004, inspection of the originals by counsel for Mattel,] claimed not to have the majority of the originals of BRATZ drawings and sketches, and further claimed not to know where those originals were located")).

All that being said, the Court does not find that the alteration of the fax header on the original Bryant/MGA contract warrants the appointment of an expert at this time. Ms. O'Connor testified that, other than this one instance, she is aware of no other documents that were purposefully altered by MGA. While the evidence related to the missing fax header on the April, 2000, BRATZ accessories fax may indicate that more than one document had been tampered with by MGA personnel, the Court has nothing at this time to basis that conclusion on other than speculation and conjecture. Without any tangible, concrete proof that MGA's mishandling of documents was more widespread, the Court is left with what appears simply as an isolated instance of tampering.

Accordingly, the motion for appointment of expert witnesses is **DENIED**.

IT IS SO ORDERED.

DATE: 8-9-06.

STEPHEN G. LARSON
UNITED STATES DISTRICT JUDGE

**Exhibit 27**

CERTIFIED COPY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MATTEL, INC., A DELAWARE CORPORATION,

PLAINTIFF,

V.

CARTER BRYANT, AN INDIVIDUAL, AND DOES 1 THROUGH 10, INCLUSIVE,

DEFENDANTS.

NO. CV 04-9059 DDP (AJWX)

# CONFIDENTIAL

**ATTORNEYS' EYES ONLY**

**(PAGES 1 - 83, 125 - 159, 166 - 168, 173 - 180, 203 - 216)**

# DEPOSITION OF VICTORIA O'CONNOR

# DECEMBER 6, 2004

**REPORTED BY:**
PAULA A. PYBURN
CSR. NO. 7304
JOB NO. 04AE373-PP

700 S. Flower Street
Suite 1100
Los Angeles, California 90017
Office: (213) 955-0070
Fax: (213) 955-0077

EXHIBIT 27 PAGE 318

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| [MA]TTEL, INC., A DELAWARE [CO]RPORATION, PLAINTIFF, VS. CARTER BRYANT, AN INDIVIDUAL, AND DOES 1 THROUGH 10, INCLUSIVE, DEFENDANTS. | NO. CV 04-9059 DDP (AJWX) |
| AND RELATED CROSS-ACTION. | |

CONFIDENTIAL
(PURSUANT TO STIPULATED PROTECTIVE ORDER, THIS TRANSCRIPT HAS BEEN DESIGNATED CONFIDENTIAL)

(PAGES 1-83, PAGES 125-159, PAGES 166-168, PAGES 173-180 AND PAGES 203-216)

DEPOSITION OF VICTORIA O'CONNOR, TAKEN ON BEHALF OF THE PLAINTIFF AND CROSS-DEFENDANT AT 865 SOUTH FIGUEROA STREET, 10TH FLOOR, LOS ANGELES, CALIFORNIA, COMMENCING AT 9:46 A.M., MONDAY, DECEMBER 6, 2004, BEFORE PAULA A. PYBURN, CSR 7304, RPR.

EXHIBIT 27 PAGE 319

APPEARANCES OF COUNSEL:

FOR THE PLAINTIFF AND CROSS-DEFENDANT:
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
BY: JOHN B. QUINN, ESQ.
AND
MICHAEL T. ZELLER, ESQ.
AND
TANIA KREBS, ESQ.
865 SOUTH FIGUEROA STREET, 10TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2543
(213) 443-3000

FOR THE DEFENDANTS AND CROSS-COMPLAINANT:
LITTLER MENDELSON
BY: KEITH A. JACOBY, ESQ.
2049 CENTURY PARK EAST, 5TH FLOOR
LOS ANGELES, CALIFORNIA 90067-3107
(310) 553-0308

FOR DEFENDANT IN INTERVENTION, MGA ENTERTAINMENT:
O'MELVENY & MEYERS LLP
BY: DIANA M. TORRES, ESQ.
400 SOUTH HOPE STREET
LOS ANGELES, CALIFORNIA 90071-2899
(213) 430-6000

ALSO PRESENT:
RICHARD DANIELS, MGA SENIOR COUNSEL
MICHAEL MOORE, MATTEL SENIOR COUNSEL
SHERRI MULFORD, VIDEOGRAPHER
JILL E. THOMAS, MATTEL ASSISTANT GENERAL COUNSEL

I N D E X

| DEPONENT: | EXAMINED BY: | PAGE: |
|---|---|---|
| VICTORIA O'CONNOR | MR. QUINN | 7 |
| | MR. JACOBY | 203 |

EXHIBITS FOR IDENTIFICATION:

(NONE)

QUESTIONS UNANSWERED BY DEPONENT:

(NONE)

EXHIBIT 27 PAGE 321

LOS ANGELES, CALIFORNIA; MONDAY, DECEMBER 6, 2004

9:46 A.M.

THE VIDEO TECHNICIAN: GOOD MORNING. WE ARE ON THE RECORD AT 9:46 A.M., TODAY'S DATE IS MONDAY, DECEMBER 6TH, 2004, MY NAME IS SHERRI MULFORD, I'M A VIDEO TECHNICIAN EMPLOYED BY JTV LITIGATION SERVICES, LOCATED IN LOS ANGELES, CALIFORNIA. WE ARE TAPING THESE PROCEEDINGS AT 865 SOUTH FIGUEROA STREET, 10TH FLOOR, LOS ANGELES, CALIFORNIA. THIS IS TAPE 1 FOR THE VIDEOTAPED DEPOSITION OF VICTORIA O'CONNOR IN THE ACTION ENTITLED "CARTER BRYANT VS. MATTEL, INC." ON BEHALF OF THE DEFENDANT. THE CASE NUMBER IS CV 04-9049 NM (RNBX). 09:46AM 09:47AM 09:47AM

MAY I PLEASE HAVE INTRODUCTIONS FOR THE RECORD.

MR. QUINN: MY NAME IS JOHN QUINN AND I REPRESENT THE PLAINTIFF IN THIS CASE, MATTEL. WITH ME IS MY PARTNER, MIKE ZELLER, AND COLLEAGUE, TANIA KREBS. 09:47AM

MR. JACOBY: KEITH JACOBY FOR CARTER BRYANT.

MS. TORRES: DIANA TORRES FOR DEFENDANT IN -- IN INTERVENTION MGA ENTERTAINMENT, INC., AND 09:47AM

WITH ME IS RICH DANIELS FROM MGA.

MR. JACOBY: JOHN, CAN I GET CLARIFICATION? I THINK THE CASE CAPTION SHE READ WAS FOR THE DEC RELIEF CLAIM. I BELIEVE THE DEPO IS BEING TAKEN PURSUANT TO THE MAIN MATTEL ACTION. 09:48AM

MR. QUINN: SHALL WE FINISH THE INTRODUCTIONS?

MR. JACOBY: SURE.

MR. MOORE: MICHAEL MOORE, IN-HOUSE COUNSEL FOR MATTEL, INC. 09:48AM

MS. THOMAS: AND JILL THOMAS, IN-HOUSE COUNSEL FOR MATTEL, INC.

THE WITNESS: VICTORIA O'CONNOR, WITNESS.

MR. QUINN: WHATEVER CAPTION YOU'D LIKE ON IT, KEITH, IT'S FINE WITH ME IF IT'S ON IT, AND IF 09:48AM YOU WANT TO JUST TELL THE REPORTER AT SOME POINT DURING THE DAY WHAT CAPTION YOU WOULD LIKE TO HAVE ON IT, IT'S FINE WITH US.

MR. JACOBY: THANK YOU.

THE VIDEO TECHNICIAN: THANK YOU. 09:48AM

MS. REPORTER, PLEASE SWEAR IN THE WITNESS.

MR. QUINN: SHE HAS TO DO HER THING NOW.

///

///

///

EXHIBIT 27 PAGE 323

NAME OF CARTER BRYANT?

A. YES.

Q. AND DID YOU HAVE ANY DEALINGS WITH A PRODUCT KNOWN AS BRATZ?

A. YES. 09:59AM

Q. WERE YOU EVER ASKED TO DO ANYTHING RELATING TO CARTER BRYANT OR HIS RELATIONSHIP WITH MGA THAT MADE YOU KIND OF UNCOMFORTABLE?

MR. JACOBY: OBJECTION. VAGUE.

MS. TORRES: OBJECTION. VAGUE, AND I'M 09:59AM GOING TO DESIGNATE FROM HERE ON IN AS SUBJECT TO THE CONFIDENTIALITY AND PROTECTIVE ORDER.

MR. QUINN: THAT'S FINE, THAT'S THE PRO- -- PROTECTIVE ORDER I WAS TELLING YOU ABOUT.

THE WITNESS: OKAY. 09:59AM

BY MR. QUINN:

Q. SO THIS CAN'T BE SHARED EXCEPT WITH A CERTAIN LIMITED CLASS OF PEOPLE INVOLVED IN THIS CASE, AND IF IT GETS FILED WITH THE COURT -- I THINK IT HAS TO BE FILED UNDER SEAL; IS THAT RIGHT? 09:59AM

MR. ZELLER: THAT'S CORRECT.

BY MR. QUINN:

Q. SO IT'S BASICALLY FOR -- WHAT YOU'RE GOING TO SAY NOW IS JUST --

A. BUT IT STILL CAN BE ANSWERED? 09:59AM

EXHIBIT 27 PAGE 324

Q. YES. YOU STILL --
A. OKAY.
Q. -- HAVE TO ANSWER THE QUESTION.
A. CAN YOU BE MORE SPECIFIC?
Q. NO, NOT REALLY. WAS THERE EVER ANYTHING THAT YOU WERE ASKED TO DO THAT YOU -- MADE YOU FEEL KIND OF UNCOMFORTABLE? 09:59AM
A. YES.
MS. TORRES: OBJECTION. VAGUE.
MR. JACOBY: SAME OBJECTION. 09:59AM
BY MR. QUINN:
Q. AND WHAT WAS THAT?
A. WHEN THE ORIGINAL CONTRACT WAS EXECUTED BY CARTER BRYANT, IT WAS SENT TO ME VIA FAX, AND ON THE TOP OF THE FAX LISTED THE PHONE NUMBER FROM WHERE IT WAS FAXED, WHICH SAID "BARBIE COLLECTIBLES," AND AT ONE POINT MY BOSS, ISAAC LARIAN, ASKED ME TO WHITE THAT OUT AND SEND IT TO A LAWYER, PATTY GLASER. 10:00AM
MS. TORRES: NOW I'M GOING TO INSTRUCT THE WITNESS NOT TO ANSWER WITH RESPECT TO ANY COMMUNICATIONS SHE MAY HAVE HAD WITH COUNSEL FOR MGA. 10:00AM
MR. QUINN: WELL, WE'LL GET TO THAT AS TO WHETHER YOU CAN ACTUALLY MAKE THAT INSTRUCTION, BUT, I MEAN, AT THIS POINT -- 10:00AM

EXHIBIT 27 PAGE 325

Q. DID YOU DO WHAT HE ASKED, DID YOU -- DID YOU WHITE OUT THE LINE THAT SAID "BARBIE COLLECTIBLES"?
A. YES.
Q. DID YOU HAVE ANY DISCUSSION WITH MR. LARIAN AS TO WHY HE WANTED YOU TO WHITE THAT LINE OUT? 10:01AM
A. I DON'T RECALL.
Q. ARE YOU SAYING THAT YOU DON'T RECALL THE SUBSTANCE OF THE DISCUSSION, OR THAT YOU DON'T RECALL WHETHER YOU DISCUSSED THAT SUBJECT AT ALL? 10:01AM
A. I -- I DON'T RECALL THE SUBSTANCE.
Q. SO YOU DO KNOW YOU DISCUSSED THAT INSTRUCTION WITH MR. LARIAN; YOU JUST DON'T RECALL THE SUBSTANCE; IS THAT TRUE?
A. YES. 10:01AM
Q. DID YOU DISCUSS THAT WITH MR. LARIAN ONCE OR MORE THAN ONCE, THAT INSTRUCTION TO WHITE OUT THE "BARBIE COLLECTIBLES" HEADING ON THE DOCUMENT?
A. I DON'T RECALL.
Q. DID YOU EVER DISCUSS THAT SUBJECT WITH ANYBODY ELSE AT MGA? 10:01AM
MS. TORRES: I'M GOING TO INSTRUCT THE WITNESS NOT TO ANSWER TO THE EXTENT IT INVOLVES CONVERSATIONS WITH COUNSEL.
THE WITNESS: I DON'T RECALL. 10:01AM

EXHIBIT 27 PAGE 326

STATE OF CALIFORNIA )
) SS.
COUNTY OF LOS ANGELES )

I, PAULA A. PYBURN, CERTIFIED SHORTHAND REPORTER, CERTIFICATE NUMBER 7304, RPR, FOR THE STATE OF CALIFORNIA, HEREBY CERTIFY:

THE FOREGOING PROCEEDINGS WERE TAKEN BEFORE ME AT THE TIME AND PLACE THEREIN SET FORTH, AT WHICH TIME THE DEPONENT WAS PLACED UNDER OATH BY ME;

THE TESTIMONY OF THE DEPONENT AND ALL OBJECTIONS MADE AT THE TIME OF THE EXAMINATION WERE RECORDED STENOGRAPHICALLY BY ME AND WERE THEREAFTER TRANSCRIBED;

THE FOREGOING TRANSCRIPT IS A TRUE AND CORRECT TRANSCRIPT OF MY SHORTHAND NOTES SO TAKEN;

I FURTHER CERTIFY THAT I AM NEITHER COUNSEL FOR NOR RELATED TO ANY PARTY TO SAID ACTION NOR IN ANY WAY INTERESTED IN THE OUTCOME THEREOF.

IN WITNESS WHEREOF, I HAVE HEREUNTO SUBSCRIBED MY NAME THIS ____ DAY OF ________________, 2006.

Paula A. Pyburn

EXHIBIT 27 PAGE 327