1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 90378)
2    (johnquinn@quinnemanuel.com)
     Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California  90017-2543
   Telephone:  (213) 443-3000
6  Facsimile:  (213) 443-3100

7  Attorneys for Plaintiff Mattel, Inc.

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10                        EASTERN DIVISION

11

12  CARTER BRYANT, an individual,          CASE NO. CV 04-9049 SGL (RNBx)

13                 Plaintiff,              Consolidated with
                                           Case No. CV 04-09059
14        vs.                              Case No. CV 05-02727

15  MATTEL, INC., a Delaware               **DISCOVERY MATTER**
    corporation,
16                                         **[To Be Heard By Discovery Master
                                           Hon. Edward Infante (Ret.)]**
17                 Defendant.
                                           [PUBLIC REDACTED]
18                                         DECLARATION OF MICHAEL T.
                                           ZELLER IN SUPPORT OF MATTEL,
19  _____            INC.'S MOTION TO ENFORCE
                                           STIPULATION AND COMPEL
20  AND CONSOLIDATED ACTIONS               BRYANT TO MAKE ORIGINAL
                                           DOCUMENTS AVAILABLE AND
21                                         FOR SANCTIONS

22                                         Hearing Date:  TBA
                                           Time:  TBA
23                                         Place:  TBA

24                                         Discovery cutoff:  None set
                                           Final Pretrial Conf. Date:  None set
25                                         Trial Date:  None set

26

27

28

02527/2040046.1                           -1-

## DECLARATION OF MICHAEL T. ZELLER

I, Michael T. Zeller, declare as follows:

I am a member of the bars of the States of California, New York and Illinois, am admitted to practice before this court and am a partner at Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for plaintiff and cross-defendant Mattel, Inc. ("Mattel"). I make this declaration of personal, firsthand knowledge and, if called and sworn as a witness, I could and would testify competently thereto.

1.     Attached as Exhibit 1 hereto is a true and correct copy of Mattel's Complaint in this action, which was filed on April 27, 2004 in Los Angeles County Superior Court.  Attached as Exhibit 2 hereto is a true and complete copy of Mattel's Amended Answer and Counterclaims, dated January 12, 2007, which Judge Larson granted Mattel leave to file by Order dated January 12, 2007.

2.     Exhibit A to the Complaint is a true and correct copy of the Mattel Employee Confidential Information and Inventions Agreement signed by Carter Bryant on January 4, 1999.  In the Employee Agreement, Bryant agreed that he would not, without Mattel's express written consent, "engage in any employment or business other than for [Mattel], or invest in or assist (in any manner) any business competitive with the business or future business plans of [Mattel]."  In addition, Bryant assigned to Mattel all right, title and interest in "inventions," including without limitation "designs," that he conceived, created or reduced to practice during his employment by Mattel.

3.     As set forth in the Complaint and in Mattel's Amended Answer and Counterclaims, in late November 2003, Mattel obtained a copy of a contract between Bryant and a Mattel competitor, MGA Entertainment Inc. ("MGA").  That contract-- which Bryant and MGA had entered into while Bryant was employed by Mattel-- required Bryant to provide design services to MGA on a "top priority" basis.  It also purported to grant MGA ownership of works produced by Bryant, both before and

1   after the agreement's effective date. Attached as Exhibit 3 hereto is a true and correct
2   copy of the contract between Bryant and MGA (as obtained by Mattel).

3           4.     Attached as Exhibit 4 hereto are true and correct excerpts from the
4   deposition transcript of Carter Bryant. Bryant testified that he worked on two projects
5   with MGA while he was employed by Mattel. One was the "Bratz" project. See Exh.
6   4, at 178:3-22. The other was an ostensibly separate project known as "Angel". See
7   Exh. 4, at 195:21-196:20. Bryant and MGA claim that Bryant created most or all of
8   his drawings, and performed other relevant work, either during the few months in
9   1998 when he was not working for Mattel or else after the time he had left Mattel.

10           5.     Bryant made an initial production of documents in this action on
11   August 12, 2004. Bryant made subsequent productions of documents on October 14,
12   2004 and November 1, 2004, respectively. Bryant's entire production in this case to
13   date consists of approximately 1588 pages.

14           6.     Most of Bryant's production consists of materials that are largely
15   undated, including notes, drawings and sketches. The documents were not
16   accompanied by any indication about their source or the manner in which they were
17   kept. All of the drawings produced by Bryant were black and white photocopies.
18   Additionally, the overwhelming majority of the drawings produced by Bryant are
19   undated. Attached as Exhibit 5 are true and correct copies of examples of the
20   documents produced by Bryant on August 12, 2004, Bates Nos. BRYANT 00188,
21   00193, 00189-91, 00196, and 00198-200, as received by Mattel. With respect to the
22   original drawings that Mattel has been allowed to see in this case, many were created
23   using different kinds and colors of pencils, inks and markers. They also have what
24   appears to be different handwriting from different sources made at different times on
25   them.

26           7.     Moreover, as produced by Bryant, some documents appear to omit
27   information without indication that they were redacted. Attached hereto as Exhibit 6
28   is a true and correct copy of a faxed document dated April 10, 2000 (as produced by

-3-

ZELLER DECLARATION

1   Bryant on August 12, 2004, Bates No. BRYANT 00167). The document appears to
2   be Bratz designs. Although the header on the fax indicates that it is the third page of a
3   fax transmission, neither the first nor the second page of the transmission were
4   produced, nor were any subsequent pages produced. Moreover, neither the name of
5   the sender nor the sender's telephone number appears in the header, and no cover sheet
6   for the fax was produced. Attached as Exhibit 7 is a true and correct copy of a faxed
7   document as produced by Bryant, Bates No. BRYANT 1220. The fax number is
8   obliterated from the header of the document, and no fax cover sheet was produced
9   identifying the sender and recipient of the fax.

10          8.      Attached hereto as Exhibit 8 is a true and correct excerpt from
11  Victoria O'Connor's deposition transcript. According to the testimony of Ms.
12  O'Connor, a former MGA executive and one of Bryant's initial contacts at MGA, Issac
13  Larian, President of MGA, instructed her to white out fax header information
14  appearing on Carter Bryant's original contract with MGA, which showed it was faxed
15  by Bryant from Mattel's design center. Ms. O'Connor testified that she did alter this
16  document at Mr. Larian's direction because it demonstrated Bryant "was still
17  employed at Mattel at the time the contract was executed."

18          9.      Attached as Exhibit 9 is a true and correct copy of a letter dated
19  October 27, 2004 from Kirkland Garey, my colleague, to Keith Jacoby, confirming
20  aspects of the October 25, 2004 meet and confer in which Mr. Jacoby agreed to allow
21  Mattel to inspect original documents and tangible things.

22          10.     Attached as Exhibit 10 is a true and correct copy of Mr. Jacoby's
23  October 28, 2004 letter to Kirkland Garey, in which Mr. Jacoby states, "[y]ou can
24  come to my office for this inspection at 3:00 p.m. on Monday [November 1, 2004]."

25          11.     Attached as Exhibit 11 is a true and correct copy of Mr. Garey's
26  October 28, 2004 letter to Keith Jacoby, in which Mr. Garey asks that the inspection
27  of original documents and tangible things scheduled for November 1, 2004 include:
28  "1) all of the non-privileged responsive documents in Bryant's possession or control;

02527/2040046.1

-4-

1    2) the additional documents you agreed to allow us to inspect at the meeting of

2    counsel; and 3) all of the tangible items that Mattel requested." Before the inspection

3    on November 1, 2004, Bryant's counsel unilaterally limited Mattel's inspection to only

4    the tangible things produced by Bryant up to that point. At the inspection, Bryant

5    failed to provide any originals of the drawings or other documents that he had

6    produced.

7        12.    Attached as Exhibit 12 is a true and correct copy of the November

8    1, 2004 letter to Keith Jacoby, requesting that Mr. Bryant have his originals available

9    at his deposition in Missouri.

10       13.    Attached as Exhibit 13 is a true and correct copy of an e-mail

11   message from Keith Jacoby dated November 3, 2004 in which he stated that "we will

12   have these originals sent to Missouri."

13       14.    As shown by the transcript of Carter Bryant's deposition, because

14   Bryant did not make available his originals at his deposition, Mattel's counsel again

15   requested the originals. Bryant's counsel specifically represented on the record during

16   the deposition that, as to Bryant's original documents and drawings, "we certainly will

17   make them available for inspection at a reasonable time upon reasonable notice." See

18   Exh. 4 (at 120:17-18).

19       15.    Attached as Exhibit 14 is a true and correct copy of my January 24,

20   2005 letter to Keith Jacoby again requesting originals.

21       16.    After meeting and conferring and still not having obtained all of

22   Bryant's requested originals, Mattel filed on February 18, 2005 a motion to compel

23   Bryant to make them available. Attached as Exhibit 15 is a true and correct copy of

24   the Joint Stipulation Re:  Mattel, Inc.'s Motion to Compel Inspection of Original

25   Documents and Tangible Things, dated February 18, 2005.

26

27

28

02527/2040046.1

-5-

ZELLER DECLARATION

17.    The motion to compel was held in abeyance while the case was stayed.   After the jurisdictional appeal was resolved and discovery resumed in approximately May 2006, Magistrate Judge Block ordered the parties to appear in his courtroom on June 20, 2006 to further meet and confer on the then-pending discovery motions, which included Mattel's motion to compel Bryant to produce his originals. As a result of the meet and confer among counsel for Mattel, Bryant and MGA on that day regarding Mattel's motion to compel Bryant to produce his originals, the parties agreed, and stipulated on the record before Judge Block, that Bryant (as well as the other parties) would produce originals requested by any other party for inspection and photographing within 15 days of such a request. (No party has ordered the transcript for this session before Judge Block, although the stipulation is documented in contemporaneous letters attached to the Declaration of Shane McKenzie.)

18.    Attached as Exhibits 16  and 17 hereto are true and correct hard copies of email exchanges between me and Mr. Jacoby as of October 2005 reflecting Bryant's counsel's further refusals to make available to Mattel the complete original of a spiral notebook containing Bratz drawings by Bryant.

19.    Because Bryant still had not produced the requested originals despite the June 20, 2006 stipulation, and prior to the time of the appointment of the Discovery Master, Mattel had began the Joint Stipulation process on another motion to compel Bryant to produce his originals.  At the December 19, 2006 telephone conference with the parties, the Discovery Master instructed the parties to discuss that potential motion further, which Dylan Proctor of my office did with Bryant's counsel on December 28, 2006. Attached as Exhibit 18 is a true and correct copy of a letter to counsel for Bryant dated December 21, 2006, requesting and listing the three topics to be discussed at the December 28, 2006 meet and confer.

20.    Attached as Exhibit 19 hereto is a true and correct copy of Order Denying Motion for Appointment of Expert Witness, dated August 10, 2006.

02527/2040046.1

ZELLER DECLARATION

21.   Attached as Exhibit 20 is a true and correct copy of an excerpt from the deposition transcript of Jacqueline Prince, dated December 21, 2004.

22.   Attached as Exhibit 21 is a true and correct copy of an excerpt from the deposition transcript of Steve Linker, dated September 13, 2006.

23.   Mattel has incurred attorneys' fees and costs in excess of $2,200 in bringing this motion. I spent more than two hours of time preparing the motion and my declaration, for a total of more than $ 1,200.00 at my billing rate of $600.00 per hour. Shane McKenzie and Kristelia Garcia, Quinn Emanuel associates, were also involved in preparing this motion and the related declarations. Ms. McKenzie and Ms. Garcia spent more than three hours of their time in researching and preparing this motion and the related declarations, for a total of more than $1,000.00 at their billing rate of $340.00 per hour.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed this 22nd day of January, 2007, at Los Angeles, CA.

Michael T. Zeller

02527/2040046.1