CONFIDENTIAL                                    353

1   A    I did the drawing for the new body.                    11:40

2   Q    (By Mr. Quinn)  Was that the first depiction of the new

3        body, what you drew?

4   A    Yes.

5   Q    And is that what we're looking at here in 278?          11:40

6   A    Yes.

7   Q    Is that the first one that you did of the new form of the

8        body?

9   A    Yes.

10  Q    And also the final form that you did?                   11:40

11                 MR. WICKHAM:  Objection, assumes facts not

12       in evidence.

13  A    Yes.  This was the last drawing that I did of this body.

14  Q    (By Mr. Quinn)  Okay.  279, what is this?

15  A    This is a drawing of one of the shoe designs that was done  11:41

16       in November of 2000.

17  Q    Is that your handwriting?

18  A    Yes.

19  Q    280?

20  A    I believe that this is a drawing from Mercedeh showing how  11:41

21       the joints would work.

22  Q    So you didn't do any of the drawing here?

23  A    No.  I didn't create this.

24  Q    Is that Mercedeh's handwriting there at the bottom?

25                 MR. WICKHAM:  Objection, foundation.          11:41

EXHIBIT 4   PAGE 149

CONFIDENTIAL                                              354

```
 1   A   I don't know.                                          11:41
 2   Q   (By Mr. Quinn)  It's not yours?
 3   A   No, it's not.
 4              MR. QUINN:  Do we have the rest or can
 5       anybody clue us in on what's been cut off here?        11:41
 6              (Pause in proceedings.)
 7   Q   (By Mr. Quinn)  Do we know what the rest of this said?
 8   A   I have no idea.
 9              MR. QUINN:  Do we -- do we have the original
10       of this present yet or can we get that, Counsel?       11:42
11              MR. WICKHAM:  I'll see.
12              MR. QUINN:  Thank you.
13   Q   (By Mr. Quinn)  I take it you don't recall what was -- the
14       full note that was written here?
15   A   No.                                                    11:42
16   Q   Do you know why you received a copy of this?
17              MS. CENDALI:  Objection.
18   A   No.
19   Q   (By Mr. Quinn)  Do you know when you received this?
20              MR. WICKHAM:  Objection, foundation.            11:42
21   A   I don't remember ever having received this before this --
22       before this case came up.
23   Q   (By Mr. Quinn)  So you don't even know if this came out of
24       your files?
25   A   No.                                                    11:42
```

EXHIBIT 4    PAGE 150

CONFIDENTIAL                                           355

1   Q   So far as you know, you may never have even seen this back      11:42
2       in 19 -- or back in 2000, 2001?
3   A   Right.
4   Q   You just have no recollection?
5   A   No.                                                             11:42
6   Q   My statement's correct?
7   A   Yes.
8   Q   Do you have any understanding as to what file this Exhibit
9       280 came out of?
10  A   I have no idea.                                                 11:43
11  Q   281, same question.  Have you seen this before this case?
12  A   No.
13            MR. WICKHAM:  It looks like that's a
14      continuation of the previous page.
15            MR. QUINN:  Might well be.  It says page 2                11:43
16      of 3.
17  Q   (By Mr. Quinn)  Do you know where page 1 of 3 is?  Oh.
18      It's behind that.  So let me just ask this about all three
19      pages, 280, 281, and 282.  You don't have any recollection
20      of having received those back in the year 2000 or 2001,        11:44
21      right?
22  A   No, not at all.
23  Q   You never -- so far as you can recall, you never even saw
24      these before this case?
25            MR. WICKHAM:  Objection, mischaracterizes                 11:44

EXHIBIT 4   PAGE 151

CONFIDENTIAL                                         494

DEPONENT'S SIGNATURE PAGE


RE:  Mattel, Inc., vs. Carter Bryant, et al.
     Carter Bryant vs. Mattel, Inc.
     Case No. CV 04-9059 DDP (AJWx)
     Deposition taken on November 5, 2004


        I do hereby certify that the foregoing is a true and

correct transcript of the deposition in the foregoing-styled

and numbered cause, and I now sign the same as true and

correct, with the exception of the corrections which I have

noted on the correction sheet provided.

                    _____
                              CARTER BRYANT


        Subscribed and sworn to before me this _2nd_ day of

_____Mach_____, 200_5_.


                    _____
                         Notary Public


My Commission Expires:

_Dec. 31, 2008_



EXHIBIT _4_   PAGE _152_

CONFIDENTIAL                                          495

## NOTARIAL CERTIFICATE

STATE OF MISSOURI     )
                      )  ss.
COUNTY OF GREENE      )


       I, Sherrie L. Hunt, Certified Court Reporter, and
Notary Public within and for the State of Missouri, do
hereby certify that on November 5, 2004, pursuant to Notice,
the above witness, CARTER BRYANT, was by me first duly sworn
to testify the truth, the whole truth, and nothing but the
truth in the case aforesaid; and that the deposition by him
was reduced to writing by me in stenotype, and thereafter
transcribed by me, and is fully and accurately set forth in
the preceding pages; that presentment by me to the witness for
signature was waived; and that the deposition will be
thereafter by the witness read, signed, and sworn to on or
before the date of trial.

       I do further certify that I am not related to, nor
attorney for, nor employed by any of the said parties, nor
otherwise interested in the event of said action.


```
Sherrie L Hunt
Notary Public
Greene County
State of Missouri
My Commission Expires May 17, 2005
```

Sherrie L. Hunt
Certified Court Reporter
C.C.R. Number 1027
Notary Public


My commission expires:  May 17, 2005


Costs:   To Plaintiff and Cross-Defendant $1,344.45
         To Defendants and Cross-Complainant $430.85


COURT REPORTERS OF THE MIDWEST, INC.
P.O. Box 4282
Springfield, MO 65808 (417) 889-2079

EXHIBIT 4    PAGE 153

<u>**Confidential; Subject to Protective Order**</u>

CORRECTIONS TO THE DEPOSITION OF

CARTER BRYANT

VOLUME II

---

RE:     Mattel, Inc., vs. Carter Bryant, et al.
        Carter Bryant vs. Mattel, Inc.
        Case No. CV 04-9059 NM (RNBx)
        Deposition taken on November 5, 2004

| <u>Page/Line</u> | <u>Change Requested</u> |
|---|---|
| 346:6 | Delete: Yes, I believe I did." Insert: "I am not sure." |
| 422:14 | Add: "or August." after "June." |

EXHIBIT  4    PAGE 154

CONFIDENTIAL                                    497

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA


MATTEL, INC., a Delaware corporation, )     CASE NO.
                                      )     CV 04-9059 DDP (AJWx)
                  Plaintiff,          )
                                      )
         vs.                          )
                                      )
CARTER BRYANT, an individual, and     )
DOES 1 through 10, inclusive,         )
                                      )
                  Defendants.         )
_____ )
CARTER BRYANT, on behalf of himself,  )
all present and former employees of   )
Mattel, Inc., and the general public, )
                                      )
                  Cross-Complainant,  )
                                      )
         vs.                          )
                                      )
MATTEL, INC., a Delaware corporation, )
                                      )
                  Cross-Defendant.    )


VOLUME III
THE VIDEOTAPED DEPOSITION OF CARTER BRYANT,
produced, sworn, and examined on Monday, November 8, 2004,
at 10:27 a.m. of that day, pursuant to Notice to Take
Deposition at the University Plaza, Executive Boardroom,
333 South John Q. Hammons Parkway, in the City of Springfield,
County of Greene, State of Missouri, before Sherrie L. Hunt,
Certified Court Reporter, and Notary Public, in a certain
cause now pending in the United States District Court for the
Central District of California, wherein the parties are as
above set forth; taken on behalf of the Plaintiff and
Cross-Defendant.


COURT REPORTERS OF THE MIDWEST, INC.
P.O. Box 4282
Springfield, MO 65808 (417) 889-2079

EXHIBIT 4   PAGE 155

CONFIDENTIAL                                           498

A P P E A R A N C E S

For Plaintiff and                    MR. JOHN B. QUINN
Cross-Defendant:                     MR. MICHAEL T. ZELLER
                                     MS. TANIA KREBS
                                     Quinn, Emanuel, Urquhart,
                                        Oliver & Hedges
                                     865 South Figueroa Street
                                     10th Floor
                                     Los Angeles, California 90017

For Defendants and                   MR. DOUGLAS A. WICKHAM
Cross-Complainant:                   Littler Mendelson
                                     2049 Century Park East
                                     5th Floor
                                     Los Angeles, California 90067

Also Present:                     ** Ms. Dale M. Cendali
                                  ** Mr. Michael Moore

Videotaped by:                       Mr. Donald Gifford
                                     Mr. Donald Gifford, II
                                     1528 East Glenwood
                                     Springfield, Missouri 65804

** Not continuously present.


I N D E X

WITNESS:  CARTER BRYANT                            Page
Direct Examination (Cont.) By Mr. Quinn ..........  500
Notarial Certificate and Costs ...................  727

                        * * *


ANSWERS REQUESTED TO BE MARKED:      PAGE     LINE
                                     646       4
                                     646       15


Phonetic spelling:  (Ph.)
Exactly as stated:  (Sic)

EXHIBIT 4   PAGE 156

CONFIDENTIAL                                615

1             MR. WICKHAM:  -- asked and answered.

2             MS. CENDALI:  We went over this last week at

3    length.

4  A   I only recall that it had one or two pages on it.  I don't

5    recall any enclosures.                                          01:27

6  Q   (By Mr. Quinn)  Just the letter?

7  A   Yes.

8             MR. QUINN:  Okay.  We have to change tape.

9             VIDEOGRAPHER:  We're off the record.  Time's

10    1:27.                                                          01:27

11             (Break in proceedings.)

12             VIDEOGRAPHER:  Back on the record.  Time is

13    2:10.

14             MR. QUINN:  Do we have any more of those

15    originals here with us today?  There were a number that       02:10

16    were missing last Friday.

17             MR. WICKHAM:  You know, Mr. Zeller

18    apparently sent an E-mail to my work E-mail with a request

19    in that regard on Saturday night at 8 p.m.  I did not go

20    into the office over the course of the weekend at all and,    02:11

21    in fact, I didn't even receive that E-mail until last

22    night around 11 or 11:15 p.m. when I already had returned

23    to Missouri.  No phone call was made to my office, no

24    voice mail was left for me, you know, making that request,

25    so I had no ability to -- to even respond to that request,    02:11

EXHIBIT  4   PAGE 157

CONFIDENTIAL

616

1    which was made over the course of the weekend.                    02:11

2        With regard to the originals, they were made

3    available to you all at the -- at the last session.  I do

4    believe -- I can't swear to it but I had the impression

5    that you were completed -- finished your review of those,   02:11

6    and also Ms. Krebs was at our office a week ago today

7    taking a look at some of the -- some of the other dolls,

8    and had there been some strong desire to inspect every

9    single original, she certainly could have raised that

10   issue at that point in time, so bottom line is that I --    02:12

11   you know, if you want to take a look at the same originals

12   that were looked -- that you looked at last week, I can go

13   out to the car and get them but in terms of --

14       MR. QUINN:  No.  It's the -- it's the ones

15   that weren't here last week.                                02:12

16       MR. WICKHAM:  But in terms of any additional

17   documents, we certainly will make them available for

18   inspection at a reasonable time upon reasonable notice.

19   It is my understanding that the deposition notice for Mr.

20   Bryant's deposition was not accompanied by a request for    02:12

21   production of documents and so we brought the originals

22   out as a courtesy last week but there was nothing that had

23   directed or compelled us to do so, but we, nevertheless,

24   moved heaven and earth and at significant expense to get

25   those originals out to you -- to have them brought here.    02:12

EXHIBIT 4   PAGE 158

CONFIDENTIAL                                    617

1          MR. QUINN:  We're talking about the ones

2     that weren't here.  I take it there are no more originals

3     here today in your car or otherwise.  Is that true?

4          MR. WICKHAM:  The originals that were here

5     last Friday --

6          MR. QUINN:  Are still here?

7          MR. WICKHAM:  -- are available for your

8     further inspection if you so choose.

9          MR. QUINN:  All right.  And there are no

10    additional ones that you've brought?

11         MR. WICKHAM:  I have not brought any

12    additional ones and there is nothing in the deposition

13    notice that had compelled that at all or even requested

14    that and the only request that I'm familiar with was Mr.

15    Corey's letter that had been sent to Mr. Jacoby after I

16    had already left for Missouri.

17         MR. QUINN:  Well, we can argue about that if

18    we need to at some other time but we won't be able to

19    complete this deposition until, among other things, we

20    have a chance to examine the witness with respect to all

21    the originals.

22         MR. WICKHAM:  Okay.  But there was nothing

23    in the deposition notice that called for production of

24    documents despite your ability and right to request that

25    under the Code of Civil Procedure, which is what the

02:12

02:13

02:13

02:13

02:13

02:13

EXHIBIT 4   PAGE 159

CONFIDENTIAL                                                726

DEPONENT'S SIGNATURE PAGE

RE:  Mattel, Inc., vs. Carter Bryant, et al.
     Carter Bryant vs. Mattel, Inc.
     Case No. CV 04-9059 DDP (AJWx)
     Deposition taken on November 8, 2004

I do hereby certify that the foregoing is a true and correct transcript of the deposition in the foregoing-styled and numbered cause, and I now sign the same as true and correct, with the exception of the corrections which I have noted on the correction sheet provided.

_____
CARTER BRYANT

Subscribed and sworn to before me this 2ⁿᵈ day of March, 20 05.

_____
Notary Public

My Commission Expires:

Dec. 31, 2008



EXHIBIT 4   PAGE 160

CONFIDENTIAL                                                         727

NOTARIAL CERTIFICATE


STATE OF MISSOURI      )
                       )   ss.
COUNTY OF GREENE       )


        I, Sherrie L. Hunt, Certified Court Reporter, and Notary Public within and for the State of Missouri, do hereby certify that on November 8, 2004, pursuant to Notice, the above witness, CARTER BRYANT, was by me first duly sworn to testify the truth, the whole truth, and nothing but the truth in the case aforesaid; and that the deposition by him was reduced to writing by me in stenotype, and thereafter transcribed by me, and is fully and accurately set forth in the preceding pages; that presentment by me to the witness for signature was waived; and that the deposition will be thereafter by the witness read, signed, and sworn to on or before the date of trial.

        I do further certify that I am not related to, nor attorney for, nor employed by any of the said parties, nor otherwise interested in the event of said action.


Sherrie L. Hunt
Notary Public
Greene County
State of Missouri
My Commission Expires May 17, 2005

_____
Sherrie L. Hunt
Certified Court Reporter
C.C.R. Number 1027
Notary Public


My commission expires:  May 17, 2005


Costs:   To Plaintiff and Cross-Defendant $1,243.65
         To Defendants and Cross-Complainant $420.00


COURT REPORTERS OF THE MIDWEST, INC.
P.O. Box 4282
Springfield, MO 65808 (417) 889-2079

EXHIBIT 4   PAGE 161

CONFIDENTIAL

728

CORRECTIONS TO THE DEPOSITION OF

CARTER BRYANT

VOLUME III

RE:  Mattel, Inc., vs. Carter Bryant, et al.
     Carter Bryant vs. Mattel, Inc.
     Case No. CV 04-9059 DDP (AJWx)
     Deposition taken on November 8, 2004

| Page | Line | Change Requested and Reason |
|------|------|-----------------------------|
|      |      |                             |
|      |      |                             |
|      |      |                             |
|      |      |                             |
|      |      |                             |
|      |      |                             |
|      |      |                             |
|      |      |                             |
|      |      |                             |
|      |      |                             |
|      |      |                             |
|      |      |                             |
|      |      |                             |
|      |      |                             |

(Date)                              CARTER BRYANT

EXHIBIT 4    PAGE 162

**Exhibit 5**



ATTORNEY'S EYES
ONLY

BRYANT 00188

EXHIBIT 5   PAGE 163



20C

ATTORNEY'S EYES ONLY

BRYANT 00193

EXHIBIT 5 PAGE 164



JADE

fave color: pink
fave insect: dragonfly
fave food:

clear bag

ATTORNEY'S EYES ONLY

BRYANT 00189

EXHIBIT 5   PAGE 165



white
T

pink & grey

eye on you

Khaki

ATTORNEY'S EYES ONLY

BRYANT 00190
EXHIBIT  5    PAGE 166



ATTORNEY'S EYES ONLY

BRYANT 00191

EXHIBIT 5    PAGE 167



ATTORNEY'S EYES
ONLY

BRYANT 00196
EXHIBIT 5   PAGE 168



ATTORNEY'S EYES
ONLY

BRYANT 00198
EXHIBIT 5   PAGE 169



Hollidae

ATTORNEY'S EYES ONLY

BRYANT 00199

EXHIBIT 5 PAGE 170



ATTORNEY'S EYES
ONLY

BRYANT 00200
EXHIBIT 5 PAGE 171

**Exhibit 6**

NO

TWEEDY/FELT
W/GRANNY
SQUARES,
BROWN W/
BEIGE
BLANKET
STICH

YASMIN

b black topstitch

.Surfeet.

JADE

SILVER NYLON
W/RED TYPE

oyster white
nylon heavy duty

animal
print

aqua
pearlized
vinyl
piping

FIONA

WHITE PEARLIZED VINYL
W/ANIMAL PRINT FLAP
& ELASTICIZED LOOP,
BLACK RIBBON
RIBBON

orange
juice                navy

stripe on side

1/16  1/16  1/8

KADEISHA

strap
(Y4"
only)

LIGHT BLUE NYLON w/stripe d strap like-

FLAP ??

FINAL DESIGNS



YASMIN



BROWN "SUEDE-Y" LOOKING FABRIC
W/BEIGE WHIPSTITCHING,
BLUE, PURPLE CROCHET BODY

ATTORNEY'S EYES
ONLY

BRYANT 00167

EXHIBIT _6_ PAGE _172_

Exhibit  7

Jun-21-98 11:55A Tom ? Janet Bryant



Summer

BRYANT 1220
ATTORNEYS EYES ONLY

EXHIBIT __7__   PAGE __173__

**Exhibit 8**

CERTIFIED COPY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MATTEL, INC., A DELAWARE ）
CORPORATION, ）
 ）
       PLAINTIFF, ）
 ）
    V. ）        NO.  CV 04-9059 DDP (AJWX)
 ）
CARTER BRYANT, AN ）
INDIVIDUAL, AND DOES 1 ）
THROUGH 10, INCLUSIVE, ）
 ）
       DEFENDANTS. ）
 ）

# C O N F I D E N T I A L

## ATTORNEYS' EYES ONLY

### (PAGES 1 - 83, 125 - 159, 166 - 168, 173 - 180, 203 - 216)

# DEPOSITION OF VICTORIA O'CONNOR

# DECEMBER 6, 2004



**REPORTED BY:**
PAULA A. PYBURN
CSR. NO.  7304
JOB NO. 04AE373-PP

700 S. Flower Street
Suite 1100
Los Angeles, California 90017
Office: (213) 955-0070
Fax: (213) 955-0077

EXHIBIT 8   PAGE 174

```
 1    APPEARANCES OF COUNSEL:
 2
 3    FOR THE PLAINTIFF AND CROSS-DEFENDANT:
 4        QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
          BY:   JOHN B. QUINN, ESQ.
 5                      AND
              MICHAEL T. ZELLER, ESQ.
 6                      AND
              TANIA KREBS, ESQ.
 7        865 SOUTH FIGUEROA STREET, 10TH FLOOR
          LOS ANGELES, CALIFORNIA 90017-2543
 8        (213) 443-3000
 9
10    FOR THE DEFENDANTS AND CROSS-COMPLAINANT:
11        LITTLER MENDELSON
          BY:   KEITH A. JACOBY, ESQ.
12        2049 CENTURY PARK EAST, 5TH FLOOR
          LOS ANGELES, CALIFORNIA 90067-3107
13        (310) 553-0308
14
15    FOR DEFENDANT IN INTERVENTION, MGA ENTERTAINMENT:
16        O'MELVENY & MEYERS LLP
          BY:   DIANA M. TORRES, ESQ.
17        400 SOUTH HOPE STREET
          LOS ANGELES, CALIFORNIA 90071-2899
18        (213) 430-6000
19
20    ALSO PRESENT:
21        RICHARD DANIELS, MGA SENIOR COUNSEL
          MICHAEL MOORE, MATTEL SENIOR COUNSEL
22        SHERRI MULFORD, VIDEOGRAPHER
          JILL E. THOMAS, MATTEL ASSISTANT GENERAL COUNSEL
23
24
25
```

EXHIBIT  8   PAGE 175

```
 1                           I N D E X
 2    DEPONENT:            EXAMINED BY:              PAGE:
 3    VICTORIA O'CONNOR    MR. QUINN                   7
 4                         MR. JACOBY                 203
 5
 6
 7
      EXHIBITS FOR IDENTIFICATION:
 8
                              (NONE)
 9
10
11
      QUESTIONS UNANSWERED BY DEPONENT:
12
                              (NONE)
13
14
15
16
17
18
19
20
21
22
23
24
25                             EXHIBIT 8    PAGE 176
```

4

1   TO INTIMIDATE YOU OR TO MAKE LIFE DIFFICULT FOR YOU

2   OR TO SLOW DOWN THEIR PROCESS; THAT'S PART OF THEIR

3   JOB, TO TRY TO MAKE SURE THEY PUT IN THE RECORD ANY

4   POTENTIAL PROBLEMS OR ISSUES THAT THEY MAY HAVE WITH

5   THE QUESTION SO THAT THAT CAN LATER BE RULED ON.          09:52AM

6        OKAY?

7   A.   OKAY.

8   Q.   ALL RIGHT.  WITH THAT --

9        MS. TORRES:  JOHN, BEFORE YOU ACTUALLY ASK

10  YOUR FIRST QUESTION, I JUST WANT TO CLARIFY THAT MGA     09:52AM

11  DOES HAVE THE RIGHT TO OBJECT AND INSTRUCT THE

12  WITNESS NOT TO ANSWER ON THE GROUNDS OF PRIVILEGE TO

13  THE EXTENT THAT THE WITNESS HAS PRIVILEGED

14  INFORMATION THAT IS OWN- -- IS CONTROLLED BY MGA.

15       MR. QUINN:  I DON'T THINK I AGREE WITH           09:52AM

16  THAT, BUT IF THAT ISSUE COMES UP WE CAN DEAL WITH IT

17  THEN.

18       MS. TORRES:  THAT'S FINE.

19       MR. QUINN:  WE DON'T -- WE DON'T AGREE THAT

20  YOU HAVE ANY ABILITY TO INSTRUCT THIS WITNESS NOT TO    09:52AM

21  ANSWER.

22       THE WITNESS:  I HAVE A QUESTION.

23       MR. QUINN:  SURE.

24       THE WITNESS:  SO IT WAS MY UNDERSTANDING

25  THAT THE CONFIDENTIALITY AGREEMENT THAT I SIGNED        09:52AM

11

```
 1   WHEN I WAS EMPLOYED DURING MGA, IS THAT -- THE ONLY

 2   THING I WAS -- I WAS UNDERSTOOD, THAT THIS -- THAT'S

 3   NOW NULL AND VOID BECAUSE OF THE SUBPOENA; THAT THE

 4   ONLY THING THAT WOULD BE PRIVILEGED WOULD BE ANY

 5   CONVERSATIONS I HAD WITH COUNSEL DURING MY TENURE AT     09:53AM

 6   MGA.

 7          MR. QUINN:  I'M SURE COUNSEL WILL AGREE

 8   WITH ME THAT INFORMATION THAT IS CONFIDENTIAL --

 9   SETTING ASIDE ATTORNEY-CLIENT PRIVILEGED

10   INFORMATION, ATTORNEY -- INFORMATION THAT IS           09:53AM

11   OTHERWISE CONFIDENTIAL IS SUBJECT TO DISCOVERY AND

12   YOU HAVE TO ANSWER.

13          WE HAVE IN PLACE IN THIS CASE AN

14   AGREED-UPON -- WHAT'S CALLED A STIPULATED PROTECTIVE

15   ORDER, WHICH PROVIDES THAT IF THERE IS CONFIDENTIAL     09:53AM

16   INFORMATION, IT CAN BE TREATED IN A CERTAIN WAY, SO

17   IT CAN ONLY BE USED FOR THE PURPOSE OF THIS CASE AND

18   CAN'T BE DISCLOSED TO OTHER PEOPLE, AND IF WE GET TO

19   SOMETHING LIKE THAT, COUNSEL MIGHT WELL SAY, I WANT

20   THIS QUESTION AND ANSWER TO BE PART OF THE             09:53AM

21   CONFIDENTIALITY PROVISIONS OF THE PROTECTIVE ORDER,

22   AND THEN THE PROTECTIVE ORDER PROVIDES THAT, YOU

23   KNOW, THERE'S LIMITATIONS ON USE.  BUT IN ESSENCE,

24   WHAT YOU SAID IS RIGHT.

25          THE WITNESS:  OKAY.                             09:54AM
```

12

EXHIBIT 8   PAGE 178

```
 1    BY MR. QUINN:

 2         Q.    LET ME BEGIN THEN WITH YOUR -- YOUR

 3    PREVIOUS ASSOCIATION WITH MGA.  AS I UNDERSTAND IT,

 4    YOU WERE EMPLOYED BY MGA DURING SOME TIME PERIOD?

 5         A.    YES.                                          09:54AM

 6         Q.    COULD YOU TELL US WHAT TIME PERIOD THAT

 7    WAS?

 8         A.    APRIL 5TH, 1999, THROUGH FEBRUARY 15TH,

 9    2003.

10         Q.    SO IS THAT -- IF I HEARD YOU CORRECTLY,      09:54AM

11    THAT'S A LITTLE BIT SHORT OF FOUR YEARS; IS THAT

12    RIGHT?

13         A.    CORRECT.

14         Q.    DURING THAT TIME PERIOD DID -- AT MGA WAS

15    THERE AN IN-HOUSE LAWYER ON STAFF AT MGA?            09:54AM

16         A.    DURING WHICH TIME?

17         Q.    DURING THE -- THE PERIOD THAT YOU WERE

18    EMPLOYED THERE.

19         A.    THE ENTIRE TIME?

20         Q.    YES.                                          09:54AM

21         A.    NO.

22         Q.    AT ANY POINT --

23         A.    YES.

24         Q.    -- DURING THE TIME YOU WERE EMPLOYED?

25               CAN YOU TELL ME WHAT -- ROUGHLY WHEN IT WAS   09:55AM
```

EXHIBIT 8 PAGE 179

```
1    THAT THERE WAS AN IN-HOUSE LAWYER AT MGA?

2         A.   I DON'T RECALL WHICH YEAR.

3         Q.   CAN YOU TELL US ROUGHLY, APPROXIMATELY?

4         A.   MAYBE THE END OF 2001 OR 2002.

5         Q.   THE END OF ONE OF THOSE TWO YEARS --          09:55AM

6         A.   YES.

7         Q.   -- OR --

8         A.   END OF 2001 OR BEGINNING OF 2002.

9         Q.   SO BEFORE WHENEVER THAT WAS, EITHER END OF

10   2001 OR BEGINNING OF 2002, IS IT TRUE THAT THERE WAS    09:55AM

11   NOT AN IN-HOUSE LAWYER ON STAFF AT MGA?

12        A.   YES.

13        Q.   AND AFTER THAT PERIOD THERE WAS AN IN-HOUSE

14   LAWYER ON STAFF?

15        A.   YES.                                          09:55AM

16        Q.   WHAT WAS THAT INDIVIDUAL'S NAME?

17        A.   I DON'T REMEMBER HER NAME.

18        Q.   WELL, WAS IT A HER?

19        A.   IT WAS A HER.

20        Q.   AND WHATEVER HER NAME WAS, DID SHE -- DID     09:56AM

21   SHE HAVE A -- WAS SHE LIKE GENERAL COUNSEL, IS THAT

22   HOW SHE WAS REFERRED --

23        A.   YES.

24        Q.   -- TO?

25             AND DID SHE REMAIN IN THAT POSITION OF        09:56AM
```

14

EXHIBIT 8  PAGE 180

1    NAME OF CARTER BRYANT?

2        A.   YES.

3        Q.   AND DID YOU HAVE ANY DEALINGS WITH A

4    PRODUCT KNOWN AS BRATZ?

5        A.   YES.                                         09:59AM

6        Q.   WERE YOU EVER ASKED TO DO ANYTHING RELATING

7    TO CARTER BRYANT OR HIS RELATIONSHIP WITH MGA THAT

8    MADE YOU KIND OF UNCOMFORTABLE?

9            MR. JACOBY:  OBJECTION.  VAGUE.

10           MS. TORRES:  OBJECTION.  VAGUE, AND I'M        09:59AM

11   GOING TO DESIGNATE FROM HERE ON IN AS SUBJECT TO THE

12   CONFIDENTIALITY AND PROTECTIVE ORDER.

13           MR. QUINN:  THAT'S FINE, THAT'S THE PRO- --

14   PROTECTIVE ORDER I WAS TELLING YOU ABOUT.

15           THE WITNESS:  OKAY.                            09:59AM

16   BY MR. QUINN:

17       Q.   SO THIS CAN'T BE SHARED EXCEPT WITH A

18   CERTAIN LIMITED CLASS OF PEOPLE INVOLVED IN THIS

19   CASE, AND IF IT GETS FILED WITH THE COURT -- I THINK

20   IT HAS TO BE FILED UNDER SEAL; IS THAT RIGHT?         09:59AM

21           MR. ZELLER:  THAT'S CORRECT.

22   BY MR. QUINN:

23       Q.   SO IT'S BASICALLY FOR -- WHAT YOU'RE GOING

24   TO SAY NOW IS JUST --

25       A.   BUT IT STILL CAN BE ANSWERED?                09:59AM

EXHIBIT  B   PAGE 181

17

1    Q.   YES.  YOU STILL --

2    A.   OKAY.

3    Q.   -- HAVE TO ANSWER THE QUESTION.

4    A.   CAN YOU BE MORE SPECIFIC?

5    Q.   NO, NOT REALLY.  WAS THERE EVER ANYTHING        09:59AM

6    THAT YOU WERE ASKED TO DO THAT YOU -- MADE YOU FEEL

7    KIND OF UNCOMFORTABLE?

8    A.   YES.

9         MS. TORRES:  OBJECTION.  VAGUE.

10        MR. JACOBY:  SAME OBJECTION.                     09:59AM

11   BY MR. QUINN:

12   Q.   AND WHAT WAS THAT?

13   A.   WHEN THE ORIGINAL CONTRACT WAS EXECUTED BY

14   CARTER BRYANT, IT WAS SENT TO ME VIA FAX, AND ON THE

15   TOP OF THE FAX LISTED THE PHONE NUMBER FROM WHERE IT   10:00AM

16   WAS FAXED, WHICH SAID "BARBIE COLLECTIBLES," AND AT

17   ONE POINT MY BOSS, ISAAC LARIAN, ASKED ME TO WHITE

18   THAT OUT AND SEND IT TO A LAWYER, PATTY GLASER.

19        MS. TORRES:  NOW I'M GOING TO INSTRUCT THE

20   WITNESS NOT TO ANSWER WITH RESPECT TO ANY             10:00AM

21   COMMUNICATIONS SHE MAY HAVE HAD WITH COUNSEL FOR

22   MGA.

23        MR. QUINN:  WELL, WE'LL GET TO THAT AS TO

24   WHETHER YOU CAN ACTUALLY MAKE THAT INSTRUCTION, BUT,

25   I MEAN, AT THIS POINT --     EXHIBIT 8  PAGE 182       10:00AM

```
 1        Q.   DID YOU DO WHAT HE ASKED, DID YOU -- DID

 2   YOU WHITE OUT THE LINE THAT SAID "BARBIE

 3   COLLECTIBLES"?

 4        A.   YES.

 5        Q.   DID YOU HAVE ANY DISCUSSION WITH MR. LARIAN    10:01AM

 6   AS TO WHY HE WANTED YOU TO WHITE THAT LINE OUT?

 7        A.   I DON'T RECALL.

 8        Q.   ARE YOU SAYING THAT YOU DON'T RECALL THE

 9   SUBSTANCE OF THE DISCUSSION, OR THAT YOU DON'T

10   RECALL WHETHER YOU DISCUSSED THAT SUBJECT AT ALL?    10:01AM

11        A.   I -- I DON'T RECALL THE SUBSTANCE.

12        Q.   SO YOU DO KNOW YOU DISCUSSED THAT

13   INSTRUCTION WITH MR. LARIAN; YOU JUST DON'T RECALL

14   THE SUBSTANCE; IS THAT TRUE?

15        A.   YES.                                       10:01AM

16        Q.   DID YOU DISCUSS THAT WITH MR. LARIAN ONCE

17   OR MORE THAN ONCE, THAT INSTRUCTION TO WHITE OUT THE

18   "BARBIE COLLECTIBLES" HEADING ON THE DOCUMENT?

19        A.   I DON'T RECALL.

20        Q.   DID YOU EVER DISCUSS THAT SUBJECT WITH     10:01AM

21   ANYBODY ELSE AT MGA?

22             MS. TORRES:  I'M GOING TO INSTRUCT THE

23   WITNESS NOT TO ANSWER TO THE EXTENT IT INVOLVES

24   CONVERSATIONS WITH COUNSEL.

25             THE WITNESS:  I DON'T RECALL.              10:01AM
```

EXHIBIT 8    PAGE 183

19

```
 1    BY MR. QUINN:

 2        Q.   DID YOU EVER DISCUSS THAT SUBJECT -- I'M

 3    JUST ASKING -- ASKING ABOUT THE SUBJECT NOW, NOT ANY

 4    OF THE CONTENT -- WITH ANY ATTORNEY FOR MGA?

 5             MS. TORRES:  THAT SAME -- SAME INSTRUCTION.    10:02AM

 6             THE WITNESS:  I ACTUALLY DON'T RECALL.

 7    BY MR. QUINN:

 8        Q.   WHY -- WHY WAS IT A CONCERN TO YOU THAT

 9    THIS CONTRACT SIGNED BY CARTER BRYANT AND WHEN IT

10    CAME OVER THE FAX IT HAD THE HEADING AT THE TOP OF     10:02AM

11    "BARBIE COLLECTIBLES," WHY WAS THAT OF CONCERN TO

12    YOU?

13        A.   BECAUSE --

14             MS. TORRES:  OBJECTION.  MISSTATES THE

15    WITNESS'S TESTIMONY.                                   10:02AM

16    BY MR. QUINN:

17        Q.   GO AHEAD.

18        A.   I WAS CONCERNED BECAUSE HE WAS STILL

19    EMPLOYED AT MATTEL AT THE TIME THE CONTRACT WAS

20    EXECUTED.                                              10:02AM

21        Q.   DID YOU EXPRESS THAT CONCERN TO ANYBODY AT

22    MGA?

23        A.   I'M SURE I DID, BUT I DON'T RECALL SPECIFIC

24    CONVERSATIONS.

25        Q.   OKAY.  EVEN THOUGH YOU DON'T RECALL          10:02AM
```

EXHIBIT 8  PAGE 184

20

```
 1    SPECIFIC CONVERSATIONS, CAN YOU IDENTIFY FOR ME A

 2    CLASS OF PEOPLE WHO YOU BELIEVE YOU DISCUSSED THAT

 3    WITH?

 4        A.   WHAT DO YOU MEAN BY "CLASS"?

 5        Q.   WELL, A GROUP, THE PEOPLE WHO YOU -- YOU        10:03AM

 6    BELIEVE YOU DISCUSSED IT WITH, EVEN IF YOU CAN'T

 7    RECALL THE SPECIFICS OF THE DISCUSSION.

 8            MR. JACOBY:  OBJECTION.  ASSUMES FACTS NOT

 9    IN EVIDENCE.

10            THE WITNESS:  IT WAS PROBABLY ONE OR TWO         10:03AM

11    INDIVIDUALS; I DON'T REMEMBER IT BEING MORE THAN

12    THAT.

13    BY MR. QUINN:

14        Q.   ALL RIGHT.  AND WHO -- WHO ARE THE ONE OR

15    TWO INDIVIDUALS THAT YOU'RE THINKING OF THAT YOU       10:03AM

16    PROBABLY DISCUSSED IT WITH?

17        A.   ISAAC LARIAN AND PAULA TREANTAFELLES,

18    SPELLED T-R-E-A-N-T-A-F-E-L-L-E-S.

19        Q.   AND THAT'S THE BEST OF YOUR RECOLLECTION?

20        A.   YES.                                           10:03AM

21        Q.   DO YOU BELIEVE THAT YOU DISCUSSED THE FACT

22    THAT MR. BRYANT WAS STILL EMPLOYED BY MATTEL WITH

23    MR. LARIAN ONCE OR MORE THAN ONCE?

24        A.   I'M SORRY, REPEAT THE QUESTION.

25        Q.   DO YOU BELIEVE THAT YOU DISCUSSED THE FACT     10:04AM
```

EXHIBIT 8   PAGE 185

```
1    STATE OF CALIFORNIA      )
                              )   SS.
2    COUNTY OF LOS ANGELES    )

3        I, PAULA A. PYBURN, CERTIFIED SHORTHAND

4    REPORTER, CERTIFICATE NUMBER 7304, RPR, FOR THE

5    STATE OF CALIFORNIA, HEREBY CERTIFY:

6            THE FOREGOING PROCEEDINGS WERE TAKEN BEFORE

7    ME AT THE TIME AND PLACE THEREIN SET FORTH, AT WHICH

8    TIME THE DEPONENT WAS PLACED UNDER OATH BY ME;

9            THE TESTIMONY OF THE DEPONENT AND ALL

10   OBJECTIONS MADE AT THE TIME OF THE EXAMINATION WERE

11   RECORDED STENOGRAPHICALLY BY ME AND WERE THEREAFTER

12   TRANSCRIBED;

13           THE FOREGOING TRANSCRIPT IS A TRUE AND

14   CORRECT TRANSCRIPT OF MY SHORTHAND NOTES SO TAKEN;

15           I FURTHER CERTIFY THAT I AM NEITHER COUNSEL

16   FOR NOR RELATED TO ANY PARTY TO SAID ACTION NOR IN

17   ANY WAY INTERESTED IN THE OUTCOME THEREOF.

18           IN WITNESS WHEREOF, I HAVE HEREUNTO

19   SUBSCRIBED MY NAME THIS ____ DAY OF_____,

20   2006.

21

22

23

24

25                               EXHIBIT  B   PAGE 186
```

**Exhibit 9**

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

October 27, 2004

<u>VIA FACSIMILE AND U.S. MAIL</u>

Keith A. Jacoby, Esq.
Littler Mendelson, P.C.
2049 Century Park East, 5th Floor
Los Angeles, California  90067-3107

Re:     *Mattel, Inc. v. Carter Bryant*

Dear Mr. Jacoby:

This will confirm some aspects of the discussion that we had on October 25, 2004 regarding Carter Bryant's October 14, 2004 Objections and Responses to Mattel, Inc.'s First Set of Requests for Production of Documents and Tangible Things.

First, and most significantly, during our discussion, you indicated that you had in your possession non-privileged documents that were responsive to Mattel's requests that had not yet been produced, including telephone records.  You stated that these documents would be produced no later than Monday, November 1, 2004.  We request that those records be provided to us by Friday, October 29, 2004 to allow Mattel sufficient time to review those documents to prepare for Mr. Bryant's November 4 deposition.

Second, you agreed to allow counsel for Mattel to inspect the documents that Mr. Bryant created during the hiatus between his two periods of employment with Mattel.  You further suggested that you would, at the same time, provide for inspection the tangible items responsive to Mattel's requests.  So that Mattel can inspect the materials sufficiently in advance of Mr. Bryant's deposition, Mattel requests that this inspection occur on October 29, 2004.

The other issues that we discussed last Monday will be addressed under separate cover.  I look forward to your prompt response.  If you have any questions regarding the foregoing, please do not hesitate to call.

Very truly yours,

Kirkland W. Garey

07209/615460.1

EXHIBIT ___9___ PAGE __187__

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 335 Madison Avenue, 17th Floor, New York, New York 10017 | TEL 212-702-8100 FAX 212-702-8200

SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94104 | TEL 415-875-6600 FAX 415-875-6700

SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

PALM SPRINGS | 45-025 Manitou Drive, Suite 10, Indian Wells, California 92210 | TEL 760-345-4757 FAX 760-345-2414

SAN DIEGO | 4445 Eastgate Mall, Suite 200, San Diego, California 92121 | TEL 858-812-3107 FAX 858-812-3336

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

SAN DIEGO
4445 Eastgate Mall, Suite 200
San Diego, CA 92121
(858) 812-3107
Facsimile: (858) 812-3336

LOS ANGELES
865 So. Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

SAN FRANCISCO
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

PALM SPRINGS
45-025 Manitou Drive, Suite 8
Indian Wells, CA 92210
(760) 345-4757
Facsimile: (760) 345-2414

NEW YORK
335 Madison Avenue, 17th Floor
New York, NY 10017-4611
(212) 702-8100
Facsimile: (212) 702-8200

SILICON VALLEY
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

**LOS ANGELES OFFICE**

# FACSIMILE TRANSMISSION

**DATE:** October 27, 2004

**NUMBER OF PAGES, INCLUDING COVER: 2**

**TO/COMPANY:**

| NAME | PHONE NO. | FAX NO. |
|---|---|---|
| Keith A. Jacoby, Esq.<br>*Littler Mendelson, P.C.* | 310.553.0308 | 310.553.5583 |

**FROM:** Kirkland W. Garey, Esq.

**RE:** *Mattel, Inc. v. Carter Bryant*

**MESSAGE:**

Please see attached letter. Thank you.

FAXED 10/27/04

EXHIBIT 9 PAGE 188

| | | |
|---|---|---|
| CLIENT #: **7209** | ROUTE/ RETURN TO: **Aida Kaliniyan - 5th Floor** | ☒ CONFIRM FAX<br>☒ INCLUDE CONF. REPORT |
| OPERATOR: | CONFIRMED? ☐ NO ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3863 AS SOON AS POSSIBLE.**

HP LaserJet 3100
Printer/Fax/Copier/Scanner

SEND CONFIRMATION REPORT for
Quinn Emanuel
12134433081
Oct-27-04   1:34PM

| Job | Start Time | Usage | Phone Number or ID | Type | Pages | Mode | Status |
|-----|-----------|-------|-------------------|------|-------|------|--------|
| 324 | 1O/27  1:34PM | 0'45" | 3105535583 | Send.............. | 2/ 2 | EC144 | Completed.................................... |

Total    0'45"    Pages Sent: 2    Pages Printed: 0

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

SAN DIEGO
LOS ANGELES
SAN FRANCISCO

PALM SPRINGS
SILICON VALLEY

LOS ANGELES OFFICE

FACSIMILE TRANSMISSION

DATE:  October 27, 2004

NUMBER OF PAGES, INCLUDING COVER: 2

TO/COMPANY:

| NAME | PHONE NO. | FAX NO. |
|------|-----------|---------|
| Keith A. Jacoby, Esq.
Littler Mendelson, P.C. | 310.553.0308 | 310.553.5583 |

FROM:   Kirkland W. Garey, Esq.

RE:   Mattel, Inc. v. Carter Bryant

MESSAGE:

Please see attached letter. Thank you.

| CLIENT #: 7209 | ROUTE/
RETURN TO: Aida Kaliniyan – 5th Floor | ☒ CONFIRM FAX
☒ INCLUDE CONF. REPORT |
| OPERATOR: | CONFIDENTIAL? ☐ NO ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3963 AS SOON AS POSSIBLE.

EXHIBIT 9 PAGE 189

**Exhibit  10**

Received: 10/28/04 12:        -> quinn,emanuel;  Page 2

OCT-28-2004 12:18 FROM:LITTLER MENDELSON    310 553 5583        TO:12136240643        P.2/2

**LITTLER MENDELSON®**

A PROFESSIONAL CORPORATION

Keith A. Jacoby
Direct: 310.772.7284
Direct Fax: 310.553.5583
kjacoby@littler.com

October 28, 2004

**VIA FACSIMILE AND U.S. MAIL**

Kirkland Garey, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

Re:   **Mattel, Inc. v. Carter Bryant**

Dear Mr. Garey:

This is in response to your letter of October 27 regarding Mr. Bryant's supplemental production. The supplemental production will not be ready before November 1, 2004, because certain redacted documents are currently being reviewed by Mr. Bryant. I am happy to make it available to you at that time, and to allow you to inspect the prototypes we have in our possession that have been called for by your request. You can come to my office for this inspection at 3:00 p.m. on Monday.

Sincerely,

Keith A. Jacoby

cc:   Robert F. Millman, Esq.
      Douglas A. Wickham, Esq.

Los_Angeles:381086.1 028307.1010

EXHIBIT 10   PAGE 190

Received: 10/28/04 12:       -> quinn,emanuel;  Page 1
OCT-28-2004 12:18 FROM:LITTLER MENDELSON   310 553 5583   TO:12136240643   P.1/2

# LITTLER MENDELSON®

### A PROFESSIONAL CORPORATION

### FACSIMILE COVER SHEET

### October 28, 2004

☐ Call addressee or addressee's authorized personal representative before transmitting

☒ Attorney/client privileged

To:  Kirkland Garey, Esq.          Fax:  (213) 443-3100   Phone:  (213) 624-0643
     Quinn Emanuel Urquhart Oliver &
     Hedges, LLP

Fax #(s) verified before sending (initial):

From:  Keith A. Jacoby          Fax:  310.553.5583   Phone:  310.772.7284

Length, including this cover letter:   2   Pages

If you do not receive all pages, please call Sender's Phone Number.

This is the only copy sent to you unless one of the following is checked.

☒ Original sent by regular mail.    ☐ Original sent by overnight service.

☐ Original will be hand-delivered.

Message:

EXHIBIT 10    PAGE 191

CONFIDENTIALITY – The information contained in this fax message is intended only for the personal and confidential use of the designated recipient(s) named above. This message is a communication from attorneys or their agents relating to pending legal matters and, as such, is intended to be privileged and/or confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error, and that any review, dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us by mail. Thank you.

Transmittal Completed: _____ am / pm   Client Code: 028307.1010   User Number: 1498

THE NATIONAL EMPLOYMENT & LABOR LAW FIRM™
2049 Century Park East, 5th Floor, Los Angeles, CA 90067.3107 Tel: 310 553 0308 Fax: 310 553 5583 www.littler.com

**Exhibit  11**

  

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

October 28, 2004

<u>VIA FACSIMILE AND U.S. MAIL</u>

Keith A. Jacoby, Esq.
Littler Mendelson, P.C.
2049 Century Park East, 5th Floor
Los Angeles, California 90067-3107

Re:     *Mattel, Inc. v. Carter Bryant*

Dear Mr. Jacoby:

While we will accept the documents and inspection of the prototypes on Monday at 3:00 p.m., we would prefer to have them earlier and will take them as they become available, if necessary. Making all of this material available at the end of the day on Monday, November 1, 2004 will interfere with our ability to meaningfully prepare for the deposition of Mr. Bryant scheduled to start on November 4.

Please confirm that this production will include: 1) all of the non-privileged responsive documents in Bryant's possession or control; 2) the additional documents you agreed to allow us to inspect at the meeting of counsel; and 3) all of the tangible items that Mattel requested.

These requests have been outstanding for a considerable period of time and there is no excuse for this delay.

Very truly yours,

Kirkland W. Garey
07209/615816.1

EXHIBIT 11 PAGE 192

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 335 Madison Avenue, 17th Floor, New York, New York 10017 | TEL 212-702-8100 FAX 212-702-8200
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94104 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
PALM SPRINGS | 45-025 Manitou Drive, Suite 10, Indian Wells, California 92210 | TEL 760-345-4757 FAX 760-345-2414

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

| | | |
|---|---|---|
| **SAN DIEGO**<br>4445 Eastgate Mall, Suite 200<br>San Diego, CA 92121<br>(858) 812-3107<br>Facsimile: (858) 812-3336 | **LOS ANGELES**<br>865 So. Figueroa Street, 10th Floor<br>Los Angeles, CA 90017<br>(213) 443-3000<br>Facsimile: (213) 443-3100 | **SAN FRANCISCO**<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111<br>(415) 875-6600<br>Facsimile: (415) 875-6700 |
| **PALM SPRINGS**<br>45-025 Manitou Drive, Suite 8<br>Indian Wells, CA 92210<br>(760) 345-4757<br>Facsimile: (760) 345-2414 | **NEW YORK**<br>335 Madison Avenue, 17th Floor<br>New York, NY 10017-4611<br>(212) 702-8100<br>Facsimile: (212) 702-8200 | **SILICON VALLEY**<br>555 Twin Dolphin Drive, Suite 560<br>Redwood Shores, CA 94065<br>(650) 801-5000<br>Facsimile: (650) 801-5100 |

## LOS ANGELES OFFICE

## FACSIMILE TRANSMISSION

**DATE:**   October 28, 2004

**NUMBER OF PAGES, INCLUDING COVER: 2**

**TO/COMPANY:**

| NAME | PHONE NO. | FAX NO. |
|---|---|---|
| Keith A. Jacoby, Esq.<br>*Littler Mendelson, P.C.* | 310.553.0308 | 310.553.5583 |

**FROM:**   Kirkland W. Garey, Esq.

**RE:**   *Mattel, Inc. v. Carter Bryant*

**MESSAGE:**

Please see attached letter. Thank you.

EXHIBIT __11__ PAGE _193_

| | | |
|---|---|---|
| **CLIENT #:  7209** | **ROUTE/<br>RETURN TO:  Aida Kaliniyan - 5th Floor** | ☒ CONFIRM FAX<br>☐ INCLUDE CONF. REPORT |
| **OPERATOR:** | **CONFIRMED?** ☐ NO ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3863 AS SOON AS POSSIBLE.**

LaserJet 3100
Printer/Fax/Copier/Scanner

SEND CONFIRMATION REPORT for
Quinn Emanuel
12134433081
Oct-28-04   3:18PM

| Job | Start Time | Usage | Phone Number or ID | Type | Pages | Mode | Status |
|-----|-----------|-------|--------------------|------|-------|------|--------|
| 333 | 10/28  3:18PM | 0'37" | 3105535583 | Send............. | 2/ 2 | EC144 | Completed.................................. |
| | Total | 0'37" | Pages Sent: 2 | Pages Printed: 0 | | | |



EXHIBIT  11  PAGE 194

Exhibit  12

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 | FAX 213-443-3100

November 1, 2004

<u>VIA FACSIMILE</u>
<u>AND U.S. MAIL</u>

Keith Jacoby, Esq.
Littler Mendelson, P.C.
2049 Century Park East, 5th Floor
Los Angeles, California  90067-3107

<u>Mattel, Inc. v. Bryant</u>

Dear Mr. Jacoby:

Given the importance of having available at Carter Bryant's deposition all potentially useful material about which we may wish to examine Mr. Bryant, Mattel requests that Bryant ensure that all originals of Mr. Bryant's document production, as well as the original physical items inspected by Tania Krebs yesterday afternoon, are available at Mr. Bryant's deposition in Missouri.  Please confirm with our office that you will have these items shipped to Missouri in time for the deposition on Thursday morning.  If you have any questions regarding the foregoing, please do not hesitate to call.

Best regards,

Jon D. Corey

07209/0616773.01

EXHIBIT \_\_12\_\_ PAGE \_\_195\_\_

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 335 Madison Avenue, 17th Floor, New York, New York 10017 | TEL 212-702-8100 | FAX 212-702-8200
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
PALM SPRINGS | 45-025 Manitou Drive, Suite 10, Indian Wells, California 92210 | TEL 760-345-4715 FAX 760-345-2414
SAN DIEGO | 4445 Eastgate Mall, Suite 200, San Diego, California 92121 | TEL 858-812-4007 FAX 858-812-4416

Exhibit 13

**From:**       "Jacoby, Keith" <KJacoby@littler.com>
**To:**         "'Jon Corey'" <joncorey@quinnemanuel.com>, "'John Quinn'" <johnquinn@quinnemanuel.com>
**Date:**       11/3/04 4:51PM
**Subject:**    Mattel v. Bryant

I received your request this morning for Mr. Bryant to make available the originals of the Bratz drawings produced in this case for use in his deposition.  It would have been easier if this request were made earlier, before my partner Douglas Wickham went to Missouri.  Nevertheless, we will have these originals sent to Missouri. We have to retrieve them from the bank safety deposit box they are maintained in, so they will likely be available in Missouri on Friday.

Keith A. Jacoby, Esq.
Littler Mendelson, P.C.
2049 Century Park East
Fifth Floor
Los Angeles, California 90067
ph. (310) 553-0308
direct (310) 772-7284
fax (310) 553-5583
kjacoby@littler.com


----
This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

To reply to our email administrator directly, send an email to postmaster@littler.com

Littler Mendelson, P.C.
http://www.littler.com

EXHIBIT 13 PAGE 196

**Exhibit  14**

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

January 24, 2005

<u>VIA FACSIMILE</u>
<u>AND U.S. MAIL</u>

Keith Jacoby, Esq.
Littler Mendelson, P.C.
2049 Century Park East, Fifth Floor
Los Angeles, California 90067

<u>Mattel, Inc. v. Bryant</u>

Dear Mr. Jacoby:

I write to follow up on the discussion that we had on Friday, January 14, 2005 with Ms. Ambrosini regarding certain outstanding discovery issues. I will address them by topic.

**Deposition of Mr. Bousquette**

I have reviewed both Mattel's initial disclosures and Mattel's Response to Bryant's Interrogatory No. 6. Neither response persuaded me that Mattel has done anything improper with respect to its damages claim or, as you suggest, that Mattel is somehow required to produce Mr. Bousquette, Mattel's President, to testify about any lost profits theory of damages. Nor am I persuaded that the generic information that Bryant seeks requires Mattel to disrupt a senior executives' activities to testify, particularly when Bryant can obtain that information via less intrusive manner, such as through a proper interrogatory or the depositions of lower-level employees. Because Mr. Bousquette has no unique, personal knowledge on relevant matters, and because Bryant can obtain the information that he allegedly seeks from Mr. Bousquette by proper interrogatory or other depositions, there is no need to discuss potential limitations to a deposition of Mr. Bousquette.

EXHIBIT 14 PAGE 197

quinn emanuel urquhart oliver & hedges, llp

NEW YORK | 335 Madison Avenue, 17th Floor, New York, New York 10017 | TEL 212-702-8100 FAX 212-702-8200
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94104 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
PALM SPRINGS | 45-025 Manitou Drive, Suite 10, Indian Wells, California 92210 | TEL 760-345-4757 FAX 760-345-2414
SAN DIEGO | 4445 Eastgate Mall, Suite 200, San Diego, California 92121 | TEL 858-812-3107 FAX 858-812-3336

**Original Documents**

Mattel has repeatedly requested that Bryant make available for inspection and imaging the originals of all of Bryant's documents, including those that have been "redacted."  Both you and your colleague Mr. Wickham have, on many occasions, committed to make all such documents available for Mattel's inspection without reservation.  As you must understand, your recent refusal to provide some of these originals only further suggests irregularities with respect to those originals.  The most prudent way allay Mattel's concerns is to produce all originals for inspection. You are welcome, as you have in the past, to take whatever reasonable safeguards you feel necessary to protect and preserve any originals, including the redacted originals, but Mattel reiterates that it wishes to inspect them all.

Bryant has not produced a significant number of documents.  Producing the remaining documents for inspection will not impose a logistical burden.  Please let me know by the close of business on Tuesday, January 25, 2005 when, within the next ten days Mattel can inspect all of the remaining documents.

**Stipulation to a Special Master**

Mattel will not stipulate to the appointment of a special master or to pay any portion of a special master's costs.  Contrary to your mischaracterizations, Mattel's counsel's conduct does not justify the appointment of a special master.  Mattel sees no reason why it should have to bear the increased cost and logistical complexity associated with a special master's attendance at all subsequent depositions.

I have reviewed your letter regarding the depositions of Ms. Driskill and Mr. Kaye.  Not only does the record contradict your erroneous claims about Mattel's counsel's defense of those depositions, but Bryant has provided no authority to support his contention that it could support the appointment of a special master.  Indeed, your letter also lacks the authority I requested that you provide--authority for the proposition that examination of a deponent on a document that the deponent has not seen before and that does not refresh the deponents' recollection is proper examination.  See January 14, 2005 Transcript at 25:10-16.

Finally, Mattel questions the timing of Bryant's suggestion of a special master.  Given Mr. Wickham's lengthy speaking objections and numerous instructions not to answer at Mr. Bryant's deposition, which Mr. Wickham then unilaterally terminated, it appears that you delayed your request for a special master so as to avoid having your client examined--and Mr. Wickham's objections and instructions ruled upon--under a special master's supervision.

I will address your letter regarding the Driskill and Kaye depositions and any remaining issues that have not been address in prior correspondence under separate cover.

EXHIBIT _14_   PAGE _198_

2

If you have any questions regarding the foregoing, please do not hesitate to call.

Best regards,

*Jon Corey*

Jon Corey

07209/631745.1

cc:      Paula Ambrosini, Esq. (via facsimile)

EXHIBIT 14   PAGE 199

3

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**SAN DIEGO**
4445 Eastgate Mall, Suite 200
San Diego, CA 92121
(858) 812-3107
Facsimile: (858) 812-3336

**PALM SPRINGS**
45-025 Manitou Drive, Suite 8
Indian Wells, CA 92210
(760) 345-4757
Facsimile: (760) 345-2414

**LOS ANGELES**
865 So. Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**NEW YORK**
335 Madison Avenue, 17th Floor
New York, NY 10017-4611
(212) 702-8100
Facsimile: (212) 702-8200

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE

## FACSIMILE TRANSMISSION

**DATE:**   January 24, 2005

**NUMBER OF PAGES, INCLUDING COVER: 4**

**TO/COMPANY:**

| NAME | PHONE NO. | FAX NO. |
|------|-----------|---------|
| Keith A. Jacoby, Esq. | (310) 553-0308 | (310) 553-5583 |
| Paula Ambrosini, Esq. | 213-430-6000 | 213-430-6407 |

**FROM:**   Jon Corey

**RE:**   Mattel, Inc. v. Carter Bryant



FAXED
JAN 2 4 2005

EXHIBIT __14__ PAGE __200__

| CLIENT #:   7209 | ROUTE/ RETURN TO:  **Samantha S.** | ☒ CONFIRM FAX<br>☐ INCLUDE CONF. REPORT |
|---|---|---|
| OPERATOR:   _Jon R_ | CONFIRMED? ☐ NO ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3863 AS SOON AS POSSIBLE.**

# Confirmation Report — Memory Send

```
Page       : 001
Date & Time: Jan-24-05  08:29am
Line 1     : 2136240643
Line 2     :
Machine ID : QUINN EMANUEL
```

| | | |
|---|---|---|
| Job number | : | 957 |
| Date | : | Jan-24 08:27am |
| To | : | ☎9350#7209#13105535583# |
| Number of pages | : | 004 |
| Start time | : | Jan-24 08:27am |
| End time | : | Jan-24 08:29am |
| Pages sent | : | 004 |
| Status | : | OK |

Job number    : 957          \*\*\* SEND SUCCESSFUL \*\*\*

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**SAN DIEGO**
4445 Eastgate Mall, Suite 200
San Diego, CA 92121
(858) 813-6107
Facsimile: (858) 812-6838

**PALM SPRINGS**
45-025 Manitou Drive, Suite 5
Indian Wells, CA 92210
(760) 346-4797
Facsimile: (760) 345-4414

**LOS ANGELES**
865 So. Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**NEW YORK**
335 Madison Avenue, 17th Floor
New York, NY 10017-4611
(212) 702-8100
Facsimile: (212) 702-8200

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE

## FACSIMILE TRANSMISSION

**DATE:** January 24, 2005

**NUMBER OF PAGES, INCLUDING COVER: 4**

**TO/COMPANY:**

| NAME | PHONE NO. | FAX NO. |
|---|---|---|
| Keith A. Jacoby, Esq. | (310) 553-0308 | (310) 553-5583 |
| Paula Ambrosini, Esq. | 213-430-6000 | 213-430-6407 |

**FROM:** Jon Corey

**RE:** Mattel, Inc. v. Carter Bryant

EXHIBIT 14   PAGE 201

| CLIENT #: 7209 | ROUTE/ RETURN TO: Samantha S. | ☑ CONFIRM FAX ☐ INCLUDE CONF. REPORT |
|---|---|---|
| OPERATOR: | CONFIRMED? ☐ No ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this facsimile in error, please immediately notify us by telephone and return the original message to us at the address above via the U.S. Postal Service. Thank you.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3863 AS SOON AS POSSIBLE.**

# Group Send Report

Page      : 001
Date & Time: Jan-24-05  08:02am
Line 1    : 2136240643
Line 2    :
Machine ID : QUINN EMANUEL

Job number          :  956

Date                :  Jan-24 07:59am

Number of pages     :  004

Start time          :  Jan-24 07:59am

End time            :  Jan-24 08:02am

Successful nbrs.

   Fax numbers

      ☎9350#7209#121343064074

Unsuccessful nbrs.                                              Pages sent

   Fax numbers

      ☎9350#7209#13105535583#93                                   000

EXHIBIT 14    PAGE 202

**Exhibit  15**

CONFORMED COPY

1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
        John B. Quinn (Bar No. 090378)
2       Michael T. Zeller (Bar No. 196417)
        Jon D. Corey (Bar No. 185066)
3   865 South Figueroa Street, 10th Floor
    Los Angeles, California 90017-2543
4   (213) 443-3000 (telephone)
    (213) 443-3100 (facsimile)
5
    Attorneys for Plaintiff and Counter-Defendant
6   Mattel, Inc.

7   LITTLER MENDELSON
        Robert F. Millman (Bar No. 062152)
8       Douglas A. Wickham (Bar No. 127268)
        Keith A. Jacoby (Bar No. 150233)
9   2049 Century Park East, 5th Floor
    Los Angeles, California 90067-3107
10  (310) 553-0308 (telephone)
    (310) 553-5583 (facsimile)
11
    Attorneys for Defendant and Counter-Claimant
12  Carter Bryant

13  O'MELVENY & MYERS, LLP
        Diana M. Torres (Bar No. 162284)
14      Paula E. Ambrosini (Bar No. 193126)
        Alicia C. Meyer (Bar No. 230189)
15  400 South Hope Street
    Los Angeles, California 90071-2899
16  (213) 430-6000 (telephone)
    (213) 430-6407 (facsimile)
17
    Attorneys for Defendant
18  MGA Entertainment Inc.

19                  UNITED STATES DISTRICT COURT

20                  CENTRAL DISTRICT OF CALIFORNIA

21  MATTEL, INC., a Delaware corporation,    CASE NO. CV 04-9059 NM (RNBx)

22                  Plaintiff,               **DISCOVERY MATTER**

23          v.                               JOINT STIPULATION RE:
                                             MATTEL, INC.'S MOTION TO
24  CARTER BRYANT, an individual, MGA        COMPEL INSPECTION OF
    ENTERTAINMENT INC., a California          ORIGINAL DOCUMENTS AND
25  corporation, and DOES 1 through 10,      TANGIBLE THINGS
    inclusive,
26                                           Hearing Date: March 15, 2005
                                             Time: 9:30 a.m.
27                  Defendants.
                                             Hon. Robert N. Block
28

                                                                    2.7

EXHIBIT __15__ PAGE __203__ JOINT STIPULATION

| | | |
|---|---|---|
| CARTER BRYANT, on behalf of himself, all present and former employees of Mattel, Inc., and the general public, | Discovery Cut-Off: | None Set |
| | Pretrial Conference: | None Set |
| | Trial: | None Set |

1 CARTER BRYANT, on behalf of himself, )
  all present and former employees of       )
2 Mattel, Inc., and the general public,        )

3                    Counter-Claimant,           )

4          v.                                              )

5 MATTEL, INC., a Delaware corporation,   )

6                    Counter-Defendant.          )

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT 15 PAGE 204

JOINT STIPULATION

1

## TABLE OF CONTENTS

2                                                                                    **Page**

3
Mattel's Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

4

Defendant and Counter-Claimant Carter Bryant's Introductory Statement . . . . . . 5

5

MGA's Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

6

Issue No. 1   Should Bryant Be Compelled to Make Available for Inspection the Originals of Documents That He Has Produced? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

7

8

A.   Mattel's Position . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

9

Nature Of This Action . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

10

Bryant's Failures To Make Originals And Tangible Items Available for Inspection . . . . . . . . . . . . . . . . . . . . . . . . . . 12

11

12

The Court Should Order Bryant to Make The Original Drawings, Documents And Tangible Things Available For Inspection . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

13

14

B.   Bryant's Position . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

15

Mattel Has Had a More Than Reasonable Opportunity To Inspect Bryant's Original Documents And Things . . . . . . . . . . . . 20

16

A Court Is Required To Place Reasonable Limitations On The Inspection Of Documents . . . . . . . . . . . . . . . . . . . . . . 21

17

18

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

19

Issue No. 2   Should MGA Be Compelled to Make Available for Inspection the Originals of Documents That It Has Produced? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

20

21

A.   Mattel's Position . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

22

B.   MGA's Position . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

23

1.   MGA Has Agreed to Produce for Inspection Original Artwork and Tangible Things . . . . . . . . . . . . . . . . . . . . . 28

24

2.   The Purported Fax Testified To By Victoria O'Connor . . . . . 29

25

Issue No. 3   Should Defendants Be Sanctioned? . . . . . . . . . . . . . . . . . . . . . . . 31

26

A.   Mattel's Position . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

27

B.   Bryant's Position . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

28                                                    EXHIBIT  15  PAGE 205

i

C.   MGA's Position ....................................... 33

  1.   This Motion Was Completely Unnecessary, and Mattel Failed to Make an Honest, Good Faith Effort to Resolve the Issues Without Court Intervention .................. 34

  2.   Mattel Will Not Permit MGA to See the Declarations and Exhibits that Mattel Has Referenced in its Portion of the Joint Stipulation ............................... 35

EXHIBIT 15 PAGE 206

ii

1 | QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   John B. Quinn (Bar No. 090378)
2 |   Michael T. Zeller (Bar No. 196417)
   Jon D. Corey (Bar No. 185066)
3 | 865 South Figueroa Street, 10th Floor
   Los Angeles, California  90017-2543
4 | (213) 443-3000 (telephone)
   (213) 443-3100 (facsimile)
5 |
   Attorneys for Plaintiff and Counter-Defendant
6 | Mattel, Inc.

7 | LITTLER MENDELSON
   Robert F. Millman (Bar No. 062152)
8 |   Douglas A. Wickham (Bar No. 127268)
   Keith A. Jacoby (Bar No. 150233)
9 | 2049 Century Park East, 5th Floor
   Los Angeles, California  90067-3107
10 | (310) 553-0308 (telephone)
   (310) 553-5583 (facsimile)
11 |
   Attorneys for Defendant and Counter-Claimant
12 | Carter Bryant

13 | O'MELVENY & MYERS, LLP
   Diana M. Torres (Bar No. 162284)
14 |   Paula E. Ambrosini (Bar No. 193126)
   Alicia C. Meyer (Bar No. 230189)
15 | 400 South Hope Street
   Los Angeles, California  90071-2899
16 | (213) 430-6000 (telephone)
   (213) 430-6407 (facsimile)
17 |
   Attorneys for Defendant
18 | MGA Entertainment Inc.

19 |

20 | UNITED STATES DISTRICT COURT

21 | CENTRAL DISTRICT OF CALIFORNIA

MATTEL, INC., a Delaware corporation,  ) CASE NO. CV 04-9059 NM (RNBx)

Plaintiff,  ) **DISCOVERY MATTER**

v.  ) JOINT STIPULATION RE: MATTEL, INC.'S MOTION TO COMPEL INSPECTION OF ORIGINAL DOCUMENTS AND TANGIBLE THINGS

CARTER BRYANT, an individual, MGA ENTERTAINMENT INC., a California corporation, and DOES 1 through 10, inclusive,

Defendants.  ) Hearing Date:  March 15, 2005
Time:  9:30 a.m.

) Hon. Robert N. Block

JOINT STIPULATION

EXHIBIT 15   PAGE 207

| | | |
|---|---|---|
| 1 | CARTER BRYANT, on behalf of himself, ) | Discovery Cut-Off:   None Set |
| 2 | all present and former employees of ) Mattel, Inc., and the general public, ) | Pretrial Conference:   None Set Trial:   None Set |
| 3 | Counter-Claimant, ) | |
| 4 | v. ) | |
| 5 | MATTEL, INC., a Delaware corporation, ) | |
| 6 | Counter-Defendant. ) | |
| 7 | | |

8        Pursuant to <u>Federal Rule of Civil Procedure</u> 37 and <u>Local Rule</u> 37,

9  Plaintiff and Counter-Defendant Mattel, Inc. ("Mattel"), Defendant and Counter-

10  Claimant Carter Bryant ("Bryant") and Defendant MGA Entertainment Inc. ("MGA")

11  respectfully submit this Joint Stipulation on Mattel's Motion to Compel Inspection

12  of Original Documents And Tangible Things.

13

14                  **<u>Mattel's Introduction</u>**

15        This suit involves defendant Carter Bryant's aid and assistance to a Mattel

16  competitor, defendant MGA, during the time of his employment by Mattel as a

17  product designer.   Thus far, discovery has shown that Bryant assisted MGA on

18  projects, known as "Bratz" and "Angel," while he worked for Mattel.  What Bryant

19  did on these and any other projects with MGA, and when he did it, are central issues.

20        The bulk of Bryant's document production consists of undated (and

21  unorganized) design drawings pertaining to his work on MGA-related projects.  For

22  months now, Mattel has been seeking to inspect and photograph the originals of the

23  materials produced by defendants.  In fact, Mattel has been requesting that Bryant

24  make his originals available since October and has been requesting that MGA do so

25  since early December.  Both defendants agreed at various times to make their

26  originals available and promised dates for the inspections would be forthcoming.

27        Nevertheless, Mattel has been getting the run-around and still has not

28  been allowed to make a complete inspection.  MGA has not made available any of the

EXHIBIT 15   PAGE 208         JOINT STIPULATION

1   originals of the drawings and other documents it has produced and, despite MGA's

2   promise that it would propose dates for the inspection, MGA has never provided even

3   those. As for Bryant, although he promised on more than one occasion beginning in

4   November 2004 that he would make all of his originals available, he has allowed

5   Mattel to inspect and photograph less than a third of the originals of the materials he

6   has produced. He has failed to make the majority of originals--including *any* of his

7   Bratz drawings--available for inspection and photographing. Bryant now refuses to

8   turn over many of his originals and, in any event, has not provided any dates for when

9   a complete inspection can be made as to any of his remaining originals.

10        Defendants agreed to make the originals available, and the Court should

11   enforce those promises. Even apart from defendants' agreements, Mattel is entitled

12   to inspect and photograph the originals of Bryant's and MGA's documents. The

13   express terms of <u>Federal Rule of Civil Procedure</u> 34 give Mattel a right to inspect

14   their originals. Indeed, the policies underlying <u>Federal Rule of Evidence</u> 1002 also

15   require defendants here to turn them over for inspection.

16        The circumstances of this case make defendants' failures especially unfair and

17   inappropriate. Not only do the originals provide information and details not

18   discernible from the copies, but there are serious questions about the genuineness and

19   authenticity of defendants' documents. First, there already is evidence that

20   defendants have spoliated original documents. One former MGA executive testified

21   that, at the direction of MGA's CEO, she altered Bryant's contract with MGA to

22   conceal a fax header which showed Bryant was working for Mattel at the time he

23   signed the contract. The document with this fax header has never been produced

24   (even as a copy), nor has MGA allowed Mattel to see the original of what it had

25   purported to produce earlier as a copy of the "original" faxed contract. Bryant also

26   has produced copies of documents that omit fax header information. This includes,

27   most notably, a fax of Bratz drawings dated April 10, 2000 that is missing

28   information regarding who transmitted it and is missing its surrounding pages. The

EXHIBIT 15   PAGE 209

3

1   omissions are all the more troubling because this fax was sent during a time that
2   Bryant was working for Mattel and during a time that he claimed he was doing
3   nothing on the Bratz project.

4       Second, Bryant and MGA have engaged in the destructive testing of originals,
5   without providing advance notice to either the Court or to Mattel. Originals of a few
6   Bratz drawings that Mattel's counsel was shown at Bryant's deposition (but which
7   Mattel has never had the opportunity to photograph) had holes punched in them
8   where one or both defendants appear to have had destructive ink and paper analysis
9   performed. Needless to say, courts not only have condemned such destructive testing
10  without prior notice to the court or to the opposing party as an unfair practice, but
11  indeed have imposed evidentiary sanctions for it. Mattel is entitled to find out and
12  fully document, through an inspection, which originals defendants have altered,
13  including through testing.

14      Third, Bryant has allowed inspection of only some originals, but then failed to
15  allow Mattel to inspect the originals of many other drawings and other documents.
16  Before he ceased allowing Mattel access to additional originals, Mattel learned that
17  many of the black and white photocopies of undated drawings that Bryant had
18  produced were not even from original drawings. They instead are photocopies of
19  other photocopies of unknown origin. Bryant also claimed that during the limited
20  inspection that, as to some of these materials, he is suddenly unable to locate the
21  originals of documents that he had produced in this case.

22      Without a complete inspection, Mattel has no way of knowing what drawings
23  and other documents defendants even have originals of. Not only is Mattel entitled
24  to that information, but it is particularly important in this case because, as mentioned
25  above, timing is critical, including when drawings and other documents were created.
26  The chemical composition of certain types of inks and papers, and details such as
27  watermarks and other impressions found only on the originals of the documents, may
28  bear on when a document was created or when the various writings on them were

EXHIBIT 15   PAGE 210

JOINT STIPULATION

1   made. Mattel anticipates, as is its right, that it may seek to have experts examine the

2   documents to determine whether anything on the originals would reveal the true date

3   of their creation. But Mattel needs detailed information about the originals before it

4   can ascertain what, if any, kind of analysis would be appropriate (or even possible in

5   the aftermath of defendants' testing and handling of the documents)[1] and,

6   furthermore, to determine which of the originals are potentially appropriate

7   candidates for testing. Mattel cannot even begin this process, however, without being

8   able to inspect and photograph the originals.

9        Mattel therefore respectfully requests that the Court order defendants to

10   provide their original drawings, documents and items for inspection and

11   photographing.

12

13   **Defendant and Counter-Claimant Carter Bryant's Introductory Statement**

14       Mattel's attorneys have spent well in excess of three full days inspecting

15   original documents and things produced by Bryant. In addition, Mattel has had two

16   *more* days to examine documents - and question Bryant about them - at his deposition

17   in Springfield, Missouri. Mattel has inspected each and every tangible thing that

18   Bryant has produced in this litigation. Nevertheless, it has brought yet another

19   discovery motion, claiming that it has not had the opportunity to inspect the originals

20   of Bryant's production.

21       Bryant has gone to extreme measures to accommodate Mattel's inspection

22   requests. After his counsel had already left Los Angeles to travel to Springfield,

23   Missouri to attend Bryant's deposition on November 3, 2004, Mattel made an

24   eleventh-hour request, *for the first time*, that original documents be produced there.

25   Bryant was forced to incur the significant expense of hand-delivering the

26   _____

27       [1] As discussed below, defendants' handling and destructive testing of the originals may well preclude any further effective testing from being performed. That can be determined only from an inspection of the originals, which is another reason it should be

28   ordered.

EXHIBIT 15  PAGE 211

5

JOINT STIPULATION