1  foundation must be accompanied by the testimony, either by declaration or properly

2  authenticated deposition transcript, of a witness who can establish its authenticity.

3       If evidence in support of or in opposition to a motion exceeds twenty pages, the

4  evidence must be in a separate bound volume and include a Table of Contents.

5       **(b) Objections to Evidence:** If a party disputes a fact based in whole or in

6  part on an evidentiary objection, the ground of the objection, as indicated above,

7  should be stated in the separate statement but not argued in that document.

8  Evidentiary objections are to be addressed in a separate memorandum to be filed with

9  the opposition or reply brief of the party.  This memorandum should be organized **to**

10 **track the paragraph numbers of the separate statement in sequence.**  It should

11 identify the specific item of evidence to which objection is made, the ground of the

12 objection, and a very brief argument with citation to authority as to why the objection is

13 well taken.  The following is an example of the format contemplated by the Court:

14       Separate Statement Paragraph 1:  Objection to the supporting deposition

15       transcript of Jane Smith at 60:1-10 on the grounds that the statement

16       constitutes inadmissible hearsay and no exception is applicable.  To the

17       extent it is offered to prove her state of mind, it is irrelevant since her state of

18       mind is not in issue.

19       Fed. R. Evid. 801, 802.

20  Do not submit blanket or boilerplate objections to the opponent's statements of

21  undisputed fact: these will be disregarded and overruled.

22       **(c) The Memorandum of Points and Authorities:** The movant's

23  memorandum of points and authorities should be in the usual form required under

24  Local Rule 7-5 and should contain a narrative statement of facts as to those aspects of

25  the case that are before the Court. All facts should be supported with citations to the

26  paragraph number in the Separate Statement that supports the factual assertion and

27  not to the underlying evidence.

28

5

EXHIBIT   9   PAGE   235

1    Unless the case involves some unusual twist on Rule 56, the motion need

2  only

3  contain a brief statement of the Rule 56 standard;  the Court is familiar with the Rule

4  and

5  with its interpretation under <u>Celotex</u> and its progeny.  If at all possible, the argument

6  should be organized to focus on the pertinent elements of the cause(s) of action or

7  defense(s) in issue, with the purpose of showing the existence or non-existence of a

8  genuine issue of material fact for trial on that element of the claim or defense.

9          Likewise, the opposition memorandum of points and authorities should be in

10  the

11  usual form required by Local Rule 7-5, and where the opposition memorandum sets

12  forth facts, the memorandum should cite to paragraphs in the separate statement if

13  they are not in dispute, to the evidence that contravenes the fact where the fact is in

14  dispute or, if the fact is contravened by an additional fact in the statement of genuine

15  issues, the citation should be to such fact by paragraph number.

16          **(d)  Timing:**  In virtually every case, the Court expects that the moving party

17  will provide more than the minimum twenty-one (21) day notice for such motions.  The

18  moving party should deliver to chambers a copy of a diskette, in WordPerfect format

19  (11.0 or earlier versions), containing the Statement of Uncontroverted Facts and

20  Conclusions of Law.

21      6.   **Motions in Limine:**  The parties must file motions in limine addressing the

22  admissibility of evidence in accordance with Local Rule 7-3.  The parties shall file their

23  opposing and reply papers in accordance with Local Rules 7-9 and 7-10 respectively.

24      7.   **Pretrial Conference and Trial Setting:**  Compliance with the requirements of

25  Local Rule 16 is mandatory.  Counsel shall submit carefully prepared Memoranda of

26  Contentions of Fact and Law (which may also serve as the trial briefs) and Proposed

27  Pre-Trial Conference Order ("PTCO") in accordance with the provisions of Local Rules

28  16-2.8 through 16-6. The Proposed Pre-Trial Conference Order shall conform to the

6

EXHIBIT 9 PAGE 234

1    example set forth in Appendix A to the Local Rules, modified as necessary to comply

2    with this order.          The Memoranda of Contentions of Fact and Law, Exhibit

3    Lists, and Witness Lists shall be served and filed no later than fourteen (14) calendar

4    days before the Pre-Trial Conference.  The Proposed Pre-Trial Conference Order shall

5    be lodged fourteen (14) calendar days before the Pre-Trial Conference.

6          The Proposed Pre-Trial Conference Order must contain a Table of Contents.

7    Place in all capital letters and in bold the separately numbered headings for each

8    category in the PTCO.  Under paragraph 1, list each claim, counterclaim, or defense

9    that has been dismissed or abandoned.  In multiple-party cases where not all claims or

10   counterclaims will be prosecuted against all remaining parties on the other side, please

11   specify to which party each claim or counterclaim is directed.  The factual issues in

12   dispute should track the elements of a claim or defense upon which the jury would be

13   required to make findings.  Counsel should state issues in ultimate fact form, not as

14   evidentiary fact issues (i.e., "was the defendant negligent," "was defendant's negligence

15   the proximate cause of plaintiff's injury;" not "was the plaintiff standing on the corner of

16   12th Street and Lemon Avenue at 10:00 a.m. on March 1").  Issues of law should state

17   legal issues upon which the Court will be required to rule after the Pre-Trial Conference,

18   including during the trial, and should not list ultimate fact issues to be submitted to the

19   trier of fact.

20         In drafting the PTCO, the court expects that counsel will attempt to agree on

21   and set forth as many non-contested facts as possible.  The court will normally read the

22   uncontested facts to the jury at the start of the trial.  Carefully drafted and

23   comprehensively stated stipulation of facts will reduce the length of trial and increase

24   jury understanding of the case.

25         If expert witnesses are to be called at trial, each party must list and identify its

26   respective expert witnesses, both retained and non-retained.  Failure of a party to list

27   and identify an expert witness in the Proposed Pre-Trial Conference Order shall

28   preclude a party from calling that expert witness at trial.

7

EXHIBIT  9   PAGE 237

1   This case has been placed on calendar for a Final Pretrial Conference ("PTC")
2   pursuant to Fed. R. Civ. P. 16 and Local Rule 16-1, unless the PTC was expressly
3   waived at the Scheduling Conference by the court. Unless excused for good cause,
4   each party appearing in this action shall be represented at the PTC and all pretrial
5   meetings of counsel, by lead trial counsel. The failure to attend the PTC or to submit
6   the required pretrial documents may result in the dismissal of the action, striking the
7   answer and entering a default, and/or the imposition of sanctions.
8   A continuance of the Final Pretrial Conference at counsel's request or
9   stipulation will <u>only</u> be approved upon a showing of good cause. Counsel should plan
10  to do the necessary pretrial work on a schedule which will insure its completion with
11  time to spare before the Final Pretrial Conference. Specifically, failure to complete
12  discovery work, including expert discovery, is not a ground for a continuance.
13  Compliance with the requirements of Local Rules 16-1 to 16-13 is required by
14  the court. Carefully prepared Memoranda of Contentions of Fact (which may also serve
15  as the trial brief) and a proposed Final Pretrial Conference Order shall be submitted in
16  accordance with the provisions of Local Rule 16-6 and the form of the proposed Final
17  Pretrial Conference Order shall be in conformity with the format set forth in Appendix A
18  to the Local Rules.
19  At the PTC, counsel should be prepared to discuss means of streamlining the
20  trial, including, but not limited to: bifurcation, presentation of non-critical testimony by
21  deposition excerpts, stipulations as to the content of testimony, presentation of
22  testimony on direct examination by declaration subject to cross-examination, and
23  qualification of experts by admitted resumes. In certain cases where the PTC is waived
24  by the court, counsel must follow Local Rule 16-10.
25  **8.   <u>Witness List and Times Estimates:</u>** Counsel shall prepare a list of their
26  witnesses, an estimate of the length of time needed for direct examination for each
27  witness, and whether the witness will testify by deposition or in person. Counsel shall
28

8

EXHIBIT __9__ PAGE 238

1  exchange these lists with opposing counsel.[1]  **Counsel shall jointly file a single**
2  **witness list, including estimates for direct examination of their own witnesses**
3  **and estimates for cross-examination of opposing witnesses.**  This list shall be filed
4  at the time counsel lodge the Proposed Pre-Trial Conference Order, i.e., fourteen (14)
5  days before the Pre-Trial Conference.

6      9.    <u>Jury Instructions and Verdict Forms:</u>  Fourteen (14) calendar days prior to
7  counsel's Rule 16 pre-trial meeting, counsel shall exchange proposed jury instructions
8  (general and special) and special verdict forms (if applicable).  Seven (7) calendar days
9  prior to the Rule 16-2 meeting, counsel shall exchange any objections to the
10 instructions and special verdict forms.  Prior to, or at the time of the Rule 16 meeting,
11 counsel shall meet and confer with the goal of reaching agreement on one set of joint
12 jury instructions and one special verdict form.

13      The parties should make every attempt to agree upon the jury instructions
14 before submitting them to the Court.  The Court expects counsel to agree on the
15 substantial majority of jury instructions, particularly when pattern instructions provide a
16 statement of applicable law.  When the Manual of Model Civil Jury Instructions for the
17 Ninth Circuit provides a version of an applicable requested instruction, the parties
18 should submit the most recent version of the Model instruction.  Where language
19 appears in brackets in the model instruction, counsel shall select the appropriate text
20 and eliminate the inapplicable bracketed text.  Where California law applies, counsel
21 should use <u>California Jury Instructions -- Civil</u> (8th ed.) ("BAJI").  If neither of the above
22 sources is applicable, counsel are directed to use the instructions from O'Malley, Grenig
23 & Lee (formerly Devitt, <u>et al.</u>), <u>Federal Jury Practice and Instructions</u> (latest edition).
24 Each requested jury instruction shall cover only one subject or principle of law and shall
25 be numbered and set forth in full on a separate page, citing the authority or source of
26 the requested instruction (except for the "clean" jury copy discussed below).

27

28      [1]  <u>See</u> "Joint Trial Witness Estimate Form" appended to this order.

EXHIBIT  9  PAGE  239

1    When the parties disagree on an instruction, the party opposing the instruction

2   must attach a short statement (one to two paragraphs) supporting the objection, and

3   the party  submitting the instruction must attach a short statement supporting the

4   instruction.  Each statement should be on a separate page and should follow directly

5   after the disputed  instruction.

6        The parties ultimately must submit one document or, if the parties disagree

7   over any proposed jury instructions, two documents.  If the parties submit two

8   documents, those documents shall consist of: (a) a set of Joint Proposed Jury

9   Instructions and (b) a set of Disputed Jury Instructions, along with reasons supporting

10  and opposing each disputed instruction in the format set forth in the previous

11  paragraph.

12       The parties must file proposed jury instructions fourteen (14) calendar days

13  before the Pre-Trial Conference.  If the court is closed that day, counsel shall file the

14  proposed instructions the preceding Friday.  No later than 4:00 p.m. on the date such

15  instructions are due, the parties must submit conformed courtesy copies to the Court's

16  courtesy box located outside the entrance to Courtroom 1, United States District Court,

17  3470 Twelfth Street, 2nd Floor, Riverside, California.  Counsel shall also provide the

18  Court with a 3½ inch diskette compatible with WordPerfect version 11.0 or lower

19  containing the proposed jury instructions, in accordance with this paragraph and the

20  previous paragraph.

21       The Court will send a copy of the instructions into the jury room for the jury's

22  use during deliberations.  Accordingly, in addition to the file copies described above, the

23  diskette submitted with the jury instructions shall contain a "clean set" of Joint Proposed

24  and/or Disputed Jury Instructions, containing only the text of each instruction set forth in

25  full on each page, with the caption "Court's Instruction No. __" (eliminating titles,

26  supporting authority, indication of party proposing, etc.).

27       An index page shall accompany all jury instructions submitted to the Court.

28  The index page shall indicate the following:

10

EXHIBIT __9__ PAGE _240_

(a) The number of the instruction;

(b) A brief title of the instruction;

(c) The source of the instruction and any relevant case citations; and

(d) The page number of the instruction.

EXAMPLE:

| Number | Title | Source | Page |
|--------|-------|--------|------|
| 1 | Trademark-Defined (15 U.S.C. § 1127) | 9th Cir. 15.3.2 | 7 |

Along with the jury instructions, counsel shall submit any necessary special verdict form fourteen (14) calendar days before the Pre-Trial Conference.

**10. Voir Dire Questions:** Counsel may, but need not, submit brief proposed voir dire questions for the jury at the Pre-Trial Conference. The Court will conduct its own voir dire after consulting any proposed voir dire submitted by counsel. After the Court conducts its own voir dire, counsel will be provided an opportunity to ask supplemental questions subject to Court approval.

**11. Joint Statement of the Case:** Counsel shall submit a joint statement of the case at the Pretrial Conference. The joint statement of the case will be read to the prospective panel of jurors prior to the commencement of voir dire. The statement should not exceed one page. The statement shall be filed with the Court no later than 4:00 p.m., on the Wednesday prior to the Pre-Trial Conference.

**12. Exhibits:** The parties shall file their witness lists and exhibits lists in accordance with Local Rule 16. Counsel are to assemble their exhibits by placing them in three-ring binders labeled on the spine portion of the binder showing both the volume number and the exhibit numbers. Each exhibit shall be separated by a tabbed divider on the right side. Counsel shall provide original exhibits for the courtroom deputy clerk and a duplicate set for the judge. The original exhibits shall be tagged with the appropriate exhibit tags in the upper or lower right corner of the first page of each exhibit and include the case number, case name, and exhibit number. Each binder

11

EXHIBIT 9 PAGE 241

1  shall contain a Table of Contents. Counsel must comply with Local Rule 26-4 when
2  numbering the exhibits. The Clerk's Office, located at the United States District Court,
3  3470 Twelfth Street, Riverside, California can supply counsel with appropriate exhibit
4  tags.

5      The Court requires the following to be submitted to the courtroom deputy clerk
6  on the first day of trial: (a) The original exhibits with the Court's exhibit tags; (b) one
7  bench book with a copy of each exhibit for the Court's use, tabbed as described above;
8  (c) three (3) copies of exhibit lists and a floppy disk containing the exhibit list; (d) three
9  (3) copies of witness lists in the order in which the witnesses will be called to testify; and
10 (e) file a Notice of Lodging of Deposition Transcripts (original and 2 copies) and Lodge
11 all anticipated trial deposition transcripts directly with the deputy clerk in the courtroom.
12     All counsel are to meet no later than ten (10) calendar days before trial to
13 discuss and agree to the extent possible on issues including foundation and
14 admissibility.
15     **13. Pre-Trial Exhibit Stipulation:** The parties shall prepare a Pre-Trial Exhibit
16 Stipulation which shall contain each party's numbered list of trial exhibits, with
17 objections, if any, to each exhibit including the basis of the objection and the offering
18 party's response. All exhibits to which there is no objection shall be deemed admitted.
19 All parties shall stipulate to the authenticity of exhibits whenever possible, and the Pre-
20 Trial Exhibit Stipulation shall identify any exhibits whose authenticity has not been
21 stipulated to and the specific reasons for the party's failure to stipulate.
22     The Stipulation shall be substantially in the following form:
23               Pre-Trial Exhibit Stipulation
24 Plaintiff's Exhibits

25 | Number | Description | Objection | Response to Question |
26

27 Defendant's Exhibits

28 | Number | Description | Objection | Response to Question |

12

EXHIBIT 9 PAGE 242

The Pre-Trial Exhibit Stipulation shall be filed at the same time as counsel lodges the Proposed Pre-Trial Conference Order. Failure to comply with this paragraph may constitute a waiver of all objections.

**14. Findings of Fact and Conclusions of Law:** For a non-jury trial, counsel for each party shall lodge proposed findings of fact and conclusions of law fourteen (14) days before trial. The parties should deliver to chambers a copy of these findings and conclusions of law on disk in WordPerfect format.

      (a)    Underline in red the portions which it disputes;

      (b)    Underline in blue the portions which it admits;  and

      (c)    Underline in black the portions which it deems not disputed, but deems irrelevant.

Counsel may agree with a part of a finding or conclusion, disagree with a part of it and/or consider a part of irrelevant.

Two marked copies of opposing counsel's proposed findings of fact and conclusions of law shall be lodged with the court seven (7) days before trial and one marked copy shall be served on opposing counsel. Courtesy copies of the marked copies shall be deposited in the drop box located outside the entrance of Courtroom 1 of the above-entitled court on the date due.

**15. Settlement:** Local Rule 16-14.2 provides that the Settlement Conference shall be conducted not later than 45 days before the Pretrial Conference. The Court believes that in most cases completion of all discovery and dispositive motions will help the parties assess their positions before they embark on the costly pre-trial process. However, in many cases, the parties find it more difficult to settle after they have incurred the cost of all discovery and motion practice. Accordingly, the Court strongly encourages counsel and the parties to pursue settlement earlier.

The Court has a keen interest in helping the parties achieve settlement. If the parties believe that it would be more likely that a settlement would be reached if they

13

EXHIBIT __9__ PAGE 243

1 | conduct settlement conference at an earlier time than that specified by the Court, they
2 | should conduct it at that time.  In any event, the parties must file a Status Report re
3 | Settlement at the time they lodge the Proposed Pretrial Order.
4 |     The Court will not conduct settlement conferences in non-jury cases which the
5 | Court will try.  In jury cases, the Court will conduct a settlement conference at the
6 | parties' request if three conditions exist: (a) The parties are satisfied that the fact issues
7 | in the case will be tried to a jury; (b) all significant pre-trial rulings which Court must
8 | make have been made; and (c) the parties desire the Court to conduct the conference,
9 | understanding that if settlement fails, the Court will preside over the trial of the case.
10 |     **If a settlement is reached, it shall be reported immediately to this Court as**
11 | **required by Local Rule 16-14.7.**
12 |     16.  The failure to attend the pretrial conference or to submit timely in conformity
13 | with the format set forth in this order, the jury instructions, pre-trial exhibit stipulation,
14 | joint statement of the case, voir dire questions, summary of witness testimony and
15 | times estimates, proposed Pretrial Conference Order or the memorandum of
16 | contentions of fact and law may result in the dismissal of the action, striking the answer
17 | and entering default and/or the imposition of sanctions.
18 |     **17. Telephonic Status Conference:**
19 |     Telephonic status conferences are sometimes set by the court to discuss
20 | settlement status and other pending issues.  If a telephonic status conference has been
21 | set, all counsel are ordered to discuss the matter with their clients and opposing
22 | counsel before the telephonic status conference.  Plaintiff's counsel must make the
23 | arrangements and place the conference call.  Plaintiff's counsel shall include all counsel
24 | of record and the Court on the date and time scheduled.  The conference operator is to
25 | place the final call to the Court at (951) 328-4410.  To assist the Court and staff,
26 | participants shall identify themselves each time they speak.  No cellular telephones or
27 | speaker telephones will be allowed.
28 |

EXHIBIT __9__ PAGE __244__

**Internet Site**

Counsel are encouraged to review the Central District's website for additional information. The address is "http: //www.cacd.uscourts.gov"

The courtroom deputy clerk is ordered to serve a copy of this Order by mail, facsimile or e-mail on counsel for all parties to this action.

IT IS SO ORDERED.

Dated:  FEB 2 1 2007

STEPHEN G. LARSON
UNITED STATES DISTRICT JUDGE

15

EXHIBIT  9  PAGE 245

Joint Trial Witness Estimate Form

Case: _____                                        Trial Date: _____

| | WITNESS NAME | PARTY CALLING WITNESS AND ESTIMATE | X-EXAMINER'S ESTIMATE | DESCRIPTION OF TESTIMONY | COMMENTS |
|---|---|---|---|---|---|
| 1. | | | | | |
| 2. | | | | | |
| 3. | | | | | |
| 4. | | | | | |
| 5. | | | | | |
| 6. | | | | | |
| 7. | | | | | |
| 8. | | | | | |
| 9. | | | | | |
| 10. | | | | | |
| 11. | | | | | |
| 12. | | | | | |
| | Total Estimates This Page: | | | | |

Instructions:
(1) List witnesses (last name first); (2) For description, be extremely brief, e.g., "eyewitness to accident." Or "expert on standard of care"(3) Use estimates within fractions of an hour, rounded off to the closest quarter of an hour, e.g. If you estimate 20 minutes, make it .25. An estimate of one and one-half hours would be 1.5. An estimate of three-quarters of an hour would be .75. (4) Note special factors in "Comments" column. e.g., "Needs interpreter." (5) Entries may be in handwriting if very neat and legible.

-16-

EXHIBIT __9__ PAGE __246__

SEND

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

| | |
|---|---|
| MGA ENTERTAINMENT, INC., | Case No. CV 05-02727 SGL(RNBx) |
| Plaintiff, | SCHEDULING ORDER [FRCP 16(b)] |
| v. | 1.  Establishing a Discovery Cut-off Date of March 3, 2008 |
| MATTEL, INC., | 2.  Non-Discovery Motion Hearing Cutoff date of April 7, 2008, at 10:00 a.m. |
| Defendants. | 3.  Setting Final Pretrial Conference for June 2, 2008, at 11:00 a.m. |
| | 4.  Setting Jury Trial Date of July 1, 2008, at 9:30 a.m. |

FEB 2 2 2007

**READ THIS ORDER CAREFULLY.  IT CONTROLS THE CASE AND DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES.**

The above matter is set for trial before the Honorable Stephen G. Larson, United States District Judge, Courtroom 1, United States District Court, Eastern Division, 2nd Floor, Riverside,  California.

1.      **Discovery Cut-Off:** This is the last date to complete discovery, including

DOCKETED ON C.

FEB 2 2 2007

EXHIBIT  9  PAGE 247

1   expert discovery, and the resolution of any discovery motions before this court.  If expert

2   witnesses are to be called at trial, the parties shall designate experts to be called at trial and

3   provide reports required by Fed. R. Civ. P. 26(a)(B), not later than eight weeks prior to the

4   discovery cutoff date.  *Rebuttal expert witnesses shall be designated and reports provided as*

5   *required by* Fed.R.Civ.P. 26(a)(2)(B), not later than five weeks prior to the discovery cutoff

6   date.  Failure to timely comply with this deadline may result in the expert being excluded at

7   trial *as a witness.*  The Court requires compliance with Local Rule 37-1 and 37-2 in the

8   preparation and filing of discovery motions.  Discovery motions may not be heard on an <u>ex</u>

9   <u>parte</u> basis.

10      2.      <u>**Joinder of Parties and Amendment of Pleadings:**</u>  Any motions to join other

11  parties or for leave to amend the pleadings shall be filed within sixty (60) days of the date of

12  this Order so that they can be heard and decided prior to the deadline.  This deadline does

13  not apply if the deadline for joining parties or amending pleadings has already been

14  calendared or occurred by virtue of an order issued by another Judge.

15      In addition to the requirements of Local Rules 15-1, 15-2, and 15-3, all motions to

16  amend the pleadings shall (a) state the effect of the amendment; (b) be serially numbered to

17  differentiate the amendment from previous amendments and (c) state the page, line

18  number(s), and wording of any proposed change or addition of material.

19      3.      <u>**Motion Filing Cut-Off:**</u>  The Court hears motions on Mondays at 10:00 a.m.

20  The motion filing cut-off date is the last day motions may be heard (not filed).  The Court will

21  not decide late motions.  Issues left undetermined by the passage of the motion cut-off date

22  should be listed as issues for trial in the Final Pretrial Conference Order.  As an exception to

23  the above, motions in limine dealing with evidentiary matters may be heard at or before trial;

24  however, summary judgment motions disguised as motions in limine will not be heard.

25  Parties need not wait until the discovery cut-off to bring motions for summary judgment or

26  partial summary judgment.  However, in the usual case, the court expects that more than the

27  minimum notice will be provided to counsel opposing motions for summary judgment.  In the

28

EXHIBIT ___9___ PAGE 248

1 usual case, the parties should confer and agree on the date for setting such motions.

2    Ex parte applications are entertained solely for extraordinary relief. See Mission Power

3 Eng. Co. v. Continental Casualty Co., 883 F.Supp. 488 (C.D. Cal. 1995).  Strict adherence to

4 proper ex parte procedures is required for any ex parte application filed with the Court.

5    4.   **Stipulations to Extend Time:** Stipulations to extend the time to file any required

6 document or to continue any pretrial or trial date must set forth (a) the existing due date or

7 hearing date; (b) the current pretrial conference date and trial date; (c) the specific reasons

8 supporting good cause for granting the extension or continuance; and (d) whether there have

9 been any prior requests for extensions or continuances, and whether these were granted or

10 denied by the Court.

11    5.   **Summary Judgment Motions:** The Separate Statement of Undisputed Facts is to

12 be prepared in a two-column format.  The left-hand column should set forth the allegedly

13 undisputed fact.  The right-hand column should set forth the evidence that supports the

14 factual statement. The fact statements should be set forth in sequentially numbered

15 paragraphs.  Each paragraph should contain a narrowly focused statement of fact.  Each

16 numbered paragraph should address a single subject in as concise a manner as possible.

17    The opposing party's statement of genuine issues must be in two columns and

18 track the movant's separate statement exactly as prepared.  The document must be in two

19 columns; the left-hand column must restate the allegedly undisputed fact, and the right-hand

20 column must indicate either undisputed, or disputed.  The opposing party may dispute all or

21 only a portion of the statement, but if disputing only a portion, must clearly indicate what part

22 is being disputed.  Where the opposing party is disputing the fact in whole or part, the

23 opposing party must, in the right-hand column, label and restate the moving party's evidence

24 in support of the fact, followed by the opposing party's evidence controverting the fact.

25 Where the opposing party is disputing the fact on the basis of an evidentiary objection, the

26 party must cite to the evidence alleged to be objectionable and state the ground of the

27

28

3

EXHIBIT   9   PAGE 249

1  objection and nothing more.  **No argument should be set forth in this document.**

2      The opposing party may submit additional material facts that bear on or relate to the

3  issues raised by the movant, which shall follow the format described above for the moving

4  party's separate statement.  These additional facts shall follow the movant's facts, shall

5  continue in sequentially numbered paragraphs (i.e., if movant's last statement of fact was set

6  forth in paragraph 30, then the first new fact will be set forth in paragraph 31), and shall set

7  forth in the right hand column the evidence that supports that statement.

8      The moving party, in its reply, shall respond to the additional facts in the same

9  manner and format that the opposition party is required to adhere to in responding to the

10  statement of undisputed facts, as described above.

11      (a)  <u>Supporting Evidence:</u> No party should submit any evidence other than the

12  specific items of evidence or testimony necessary to support or controvert a proposed

13  statement of undisputed fact.  Thus, for example, the entire transcript of a deposition, entire

14  sets of interrogatory responses, and documents that do not specifically support or controvert

15  material in the separate statements, should not be submitted in support or opposition to a

16  motion for summary judgment.  Any such material will not be considered.

17      Evidence submitted in support of or in opposition to a motion should be submitted

18  either by way of stipulation or as exhibits to declarations sufficient to authenticate the

19  proffered evidence, and should not be attached to the Memorandum of Points and

20  Authorities.  The Court will accept counsel's authentication of deposition transcript, of written

21  discovery responses, and of the <u>receipt</u> of documents in discovery <u>if the fact that the</u>

22  <u>document was in the opponent's possession is of independent significance.</u>  Documentary

23  evidence as to which there is no stipulation regarding foundation must be accompanied by

24  the testimony, either by declaration or properly authenticated deposition transcript, of a

25  witness who can establish its authenticity.

26      If evidence in support of or in opposition to a motion exceeds twenty pages, the

27

28

4

EXHIBIT ___9___ PAGE _250_

evidence must be in a separate bound volume and include a Table of Contents.

    **(b) Objections to Evidence:** If a party disputes a fact based in whole or in part on an evidentiary objection, the ground of the objection, as indicated above, should be stated in the separate statement but not argued in that document. Evidentiary objections are to be addressed in a separate memorandum to be filed with the opposition or reply brief of the party. This memorandum should be organized **to track the paragraph numbers of the separate statement in sequence**. It should identify the specific item of evidence to which objection is made, the ground of the objection, and a very brief argument with citation to authority as to why the objection is well taken. The following is an example of the format contemplated by the Court:

    Separate Statement Paragraph 1: Objection to the supporting deposition transcript of Jane Smith at 60:1-10 on the grounds that the statement constitutes inadmissible hearsay and no exception is applicable. To the extent it is offered to prove her state of mind, it is irrelevant since her state of mind is not in issue.

    Fed. R. Evid. 801, 802.

    Do not submit blanket or boilerplate objections to the opponent's statements of undisputed fact: these will be disregarded and overruled.

    **(c) The Memorandum of Points and Authorities:** The movant's memorandum of points and authorities should be in the usual form required under Local Rule 7-5 and should contain a narrative statement of facts as to those aspects of the case that are before the Court. All facts should be supported with citations to the paragraph number in the Separate Statement that supports the factual assertion and not to the underlying evidence.

    Unless the case involves some unusual twist on Rule 56, the motion need only contain a brief statement of the Rule 56 standard; the Court is familiar with the Rule and with its interpretation under Celotex and its progeny. If at all possible, the argument should be organized to focus on the pertinent elements of the cause(s) of action or defense(s) in

5

EXHIBIT __9__ PAGE _25)_

1  issue, with the purpose of showing the existence or non-existence of a genuine issue of
2  material fact for trial on that element of the claim or defense.
3      Likewise, the opposition memorandum of points and authorities should be in the
4  usual form required by Local Rule 7-5, and where the opposition memorandum sets forth
5  facts, the memorandum should cite to paragraphs in the separate statement if they are not in
6  dispute, to the evidence that contravenes the fact where the fact is in dispute or, if the fact is
7  contravened by an additional fact in the statement of genuine issues, the citation should be
8  to such fact by paragraph number.
9      **(d)  Timing:**  In virtually every case, the Court expects that the moving party will
10 provide more than the minimum twenty-one (21) day notice for such motions.  The moving
11 party should deliver to chambers a copy of a diskette, in WordPerfect format (11.0 or earlier
12 versions), containing the Statement of Uncontroverted Facts and Conclusions of Law.
13     6.   **Motions in Limine:**  The parties must file motions in limine addressing the
14 admissibility of evidence in accordance with Local Rule 7-3.  The parties shall file their
15 opposing and reply papers in accordance with Local Rules 7-9 and 7-10 respectively.
16     7.   **Pretrial Conference and Trial Setting:**  Compliance with the requirements of
17 Local Rule 16 is mandatory.  Counsel shall submit carefully prepared Memoranda of
18 Contentions of Fact and Law (which may also serve as the trial briefs) and Proposed Pre-
19 Trial Conference Order ("PTCO") in accordance with the provisions of Local Rules 16-1
20 through 16-7. The Proposed Pre-Trial Conference Order shall conform to the example set
21 forth in Appendix A to the Local Rules, modified as necessary to comply with this order.
22     The Memoranda of Contentions of Fact and Law, Exhibit Lists, and Witness Lists
23 shall be served and filed no later than fourteen (14) calendar days before the Pre-Trial
24 Conference.  The Proposed Pre-Trial Conference Order shall be lodged fourteen (14)
25 calendar days before the Pre-Trial Conference.
26     The Proposed Pre-Trial Conference Order must contain a Table of Contents.  Place
27
28
                                        6

EXHIBIT ___9___ PAGE 252

1  in all capital letters and in bold the separately numbered headings for each category in the
2  PTCO. Under paragraph 1, list each claim, counterclaim, or defense that has been
3  dismissed or abandoned. In multiple-party cases where not all claims or counterclaims will
4  be prosecuted against all remaining parties on the other side, please specify to which party
5  each claim or counterclaim is directed. The factual issues in dispute should track the
6  elements of a claim or defense upon which the jury would be required to make findings.
7  Counsel should state issues in ultimate fact form, not as evidentiary fact issues (i.e., "was the
8  defendant negligent," "was defendant's negligence the proximate cause of plaintiff's injury,"
9  not "was the plaintiff standing on the corner of 12th Street and Lemon Avenue at 10:00 a.m.
10 on March 1"). Issues of law should state legal issues upon which the Court will be required
11 to rule after the Pre-Trial Conference, including during the trial, and should not list ultimate
12 fact issues to be submitted to the trier of fact.

13      In drafting the PTCO, the court expects that counsel will attempt to agree on and
14 set forth as many non-contested facts as possible. The court will normally read the
15 uncontested facts to the jury at the start of the trial. Carefully drafted and comprehensively
16 stated stipulation of facts will reduce the length of trial and increase jury understanding of the
17 case.

18      If expert witnesses are to be called at trial, each party must list and identify its
19 respective expert witnesses, both retained and non-retained. Failure of a party to list and
20 identify an expert witness in the Proposed Pre-Trial Conference Order shall preclude a party
21 from calling that expert witness at trial.

22      This case has been placed on calendar for a Final Pretrial Conference ("PTC")
23 pursuant to Fed. R. Civ. P. 16 and Local Rule 16-1, et seq., unless the PTC was expressly
24 waived at the Scheduling Conference by the court. Unless excused for good cause, each
25 party appearing in this action shall be represented at the PTC and all pretrial meetings of
26 counsel, by lead trial counsel. The failure to attend the PTC or to submit the required pretrial
27
28
                                    7

EXHIBIT 9 PAGE 253

1   documents may result in the dismissal of the action, striking the answer and entering a

2   default, and/or the imposition of sanctions.

3          A continuance of the Final Pretrial Conference at counsel's request or stipulation

4   will only be approved upon a showing of good cause.  Counsel should plan to do the

5   necessary pretrial work on a schedule which will insure its completion with time to spare

6   before the Final Pretrial Conference.  Specifically, failure to complete discovery work,

7   including expert discovery, is not a ground for a continuance.

8          Compliance with the requirements of Local Rules 16-1 to 16-13  is required by the

9   court.  Carefully prepared Memoranda of Contentions of Fact (which may also serve as the

10  trial brief) and a proposed Final Pretrial Conference Order shall be submitted in accordance

11  with the provisions of Local Rule 16-7 and the form of the proposed Final Pretrial Conference

12  Order shall be in conformity with the format set forth in Appendix A to the Local Rules.

13         At the PTC, counsel should be prepared to discuss means of streamlining the trial,

14  including, but not limited to: bifurcation, presentation of non-critical testimony by  deposition

15  excerpts, stipulations as to the content of testimony, presentation of testimony on direct

16  examination by declaration subject to cross-examination, and qualification of experts by

17  admitted resumes.  In certain cases where the PTC is waived by the court, counsel must

18  follow Local Rule 16-11.

19      **8.   Witness List and Times Estimates:**  Counsel shall prepare a list of their witnesses,

20  an estimate of the length of time needed for direct examination for each witness, and whether

21  the witness will testify by deposition or in person.  Counsel shall exchange these lists with

22  opposing counsel.[1]  **Counsel shall jointly file a single witness list, including estimates for**

23  **direct examination of their own witnesses and estimates for cross-examination of**

24  **opposing witnesses.**  This list shall be filed at the time counsel lodge the Proposed Pre-Trial

25

26  _____

27      [1] See "Joint Trial Witness Estimate Form" appended to this order.

28

8

EXHIBIT __9__ PAGE _254_

1  Conference Order, i.e., fourteen (14) days before the Pre-Trial Conference.

2      **9.   Jury Instructions and Verdict Forms:**  Fourteen (14) calendar days prior to

3  counsel's Rule 16 pre-trial meeting, counsel shall exchange proposed jury instructions

4  (general and special) and special verdict forms (if applicable).  Seven (7) calendar days prior

5  to the Rule 16-2 meeting, counsel shall exchange any objections to the instructions and

6  special verdict forms.  Prior to, or at the time of the Rule 16 meeting, counsel shall meet and

7  confer with the goal of reaching agreement on one set of joint jury instructions and one special

8  verdict form.

9      The parties should make every attempt to agree upon the jury instructions before

10  submitting them to the Court.  The Court expects counsel to agree on the substantial majority

11  of jury instructions, particularly when pattern instructions provide a statement of applicable law.

12  When the Manual of Model Civil Jury Instructions for the Ninth Circuit provides a version of an

13  applicable requested instruction, the parties should submit the most recent version of the

14  Model instruction.  Where language appears in brackets in the model instruction, counsel shall

15  select the appropriate text and eliminate the inapplicable bracketed text.  Where California law

16  applies, counsel should use Judicial Council of California Civil Jury Instructions (June 2006)

17  ("CACI").  If neither of the above sources is applicable, counsel are directed to use the

18  instructions from O'Malley, Grenig & Lee (formerly Devitt, et al.), Federal Jury Practice and

19  Instructions (latest edition).  Each requested jury instruction shall cover only one subject or

20  principle of law and shall be numbered and set forth in full on a separate page, citing the

21  authority or source of the requested instruction (except for the "clean" jury copy discussed

22  below).

23      When the parties disagree on an instruction, the party opposing the instruction must

24  attach a short statement (one to two paragraphs) supporting the objection, and the party

25  submitting the instruction must attach a short statement supporting the instruction.  Each

26  statement should be on a separate page and should follow directly after the disputed

27

28

9

EXHIBIT ___9___ PAGE 255

RightFAX                    2/22/2007 3:18    PAGE 011/017    Fax Server

1 ‖ instruction.

2 ‖        The parties ultimately must submit one document or, if the parties disagree over any

3 ‖ proposed jury instructions, two documents.  If the parties submit two documents, those

4 ‖ documents shall consist of: (a) a set of Joint Proposed Jury Instructions and (b) a set of

5 ‖ Disputed Jury Instructions, along with reasons supporting and opposing each disputed

6 ‖ instruction in the format set forth in the previous paragraph.

7 ‖        The parties must file proposed jury instructions fourteen (14) calendar days before

8 ‖ the Pre-Trial Conference.  If the court is closed that day, counsel shall file the proposed

9 ‖ instructions the preceding Friday.  No later than 4:00 p.m. on the date such instructions are

10 ‖ due, the parties must submit conformed courtesy copies to the Court's courtesy box located

11 ‖ outside the entrance to Courtroom 1, United States District Court, 3470 Twelfth Street, 2nd

12 ‖ Floor, Riverside, California.  Counsel shall also provide the Court with a 3½ inch diskette

13 ‖ compatible with WordPerfect version 11.0 or lower containing the proposed jury instructions, in

14 ‖ accordance with this paragraph and the previous paragraph.

15 ‖        The Court will send a copy of the instructions into the jury room for the jury's use

16 ‖ during deliberations.  Accordingly, in addition to the file copies described above, the diskette

17 ‖ submitted with the jury instructions shall contain a "clean set" of Joint Proposed and/or

18 ‖ Disputed Jury Instructions, containing only the text of each instruction set forth in full on each

19 ‖ page, with the caption "Court's Instruction No. ___" (eliminating titles, supporting authority,

20 ‖ indication of party proposing, etc.).

21 ‖        An index page shall accompany all jury instructions submitted to the Court.  The

22 ‖ index page shall indicate the following:

23 ‖        (a) The number of the instruction;

24 ‖        (b) A brief title of the instruction;

25 ‖        (c) The source of the instruction and any relevant case citations; and

26 ‖        (d) The page number of the instruction.

27 ‖

28 ‖
                                        10

EXHIBIT __9__ PAGE _256_

EXAMPLE:

| Number | Title | Source | Page |
|--------|-------|--------|------|
| 1 | Trademark-Defined (15 U.S.C. § 1127) | 9th Cir. 15.3.2 | 7 |

Along with the jury instructions, counsel shall submit any necessary special verdict form fourteen (14) calendar days before the Pre-Trial Conference.

**10. Voir Dire Questions:** Counsel may, but need not, submit brief proposed voir dire questions for the jury at the Pre-Trial Conference. The Court will conduct its own voir dire after consulting any proposed voir dire submitted by counsel. After the Court conducts its own voir dire, counsel will be provided an opportunity to ask supplemental questions subject to Court approval.

**11. Joint Statement of the Case:** Counsel shall submit a joint statement of the case at the Pretrial Conference. The joint statement of the case will be read to the prospective panel of jurors prior to the commencement of voir dire. The statement should not exceed one page. The statement shall be filed with the Court no later than 4:00 p.m., on the Wednesday prior to the Pre-Trial Conference.

**12. Exhibits:** The parties shall file their witness lists and exhibits lists in accordance with Local Rule 16. Counsel are to assemble their exhibits by placing them in three-ring binders labeled on the spine portion of the binder showing both the volume number and the exhibit numbers. Each exhibit shall be separated by a tabbed divider on the right side. Counsel shall provide original exhibits for the courtroom deputy clerk and a duplicate set for the judge. The original exhibits shall be tagged with the appropriate exhibit tags in the upper or lower right corner of the first page of each exhibit and include the case number, case name, and exhibit number. Each binder shall contain a Table of Contents. Counsel must comply with Local Rule 26-3 when numbering the exhibits. The Clerk's Office, located at the United States District Court, 3470 Twelfth Street, Riverside, California can supply counsel with appropriate exhibit tags.

11

EXHIBIT  9   PAGE 257

1    The Court requires the following to be submitted to the courtroom deputy clerk on the

2    first day of trial: (a) The original exhibits with the Court's exhibit tags; (b) one bench book with

3    a copy of each exhibit for the Court's use, tabbed as described above; (c) three (3) copies of

4    exhibit lists and a floppy disk containing the exhibit list; (d) three (3) copies of witness lists in

5    the order in which the witnesses will be called to testify; and (e) file a Notice of Lodging of

6    Deposition Transcripts  (original and 2 copies) and Lodge all anticipated trial deposition

7    transcripts directly with the deputy clerk in the courtroom.

8    All counsel are to meet no later than ten (10) calendar days before trial to discuss

9    and agree to the extent possible on issues including foundation and admissibility.

10   **13. Pre-Trial Exhibit Stipulation:** The parties shall prepare a Pre-Trial Exhibit

11   Stipulation which shall contain each party's numbered list of trial exhibits, with objections, if

12   any, to each exhibit including the basis of the objection and the offering party's response.  All

13   exhibits to which there is no objection shall be deemed admitted.  All parties shall stipulate to

14   the authenticity of exhibits whenever possible, and the Pre-Trial Exhibit Stipulation shall

15   identify any exhibits whose authenticity has not been stipulated to and the specific reasons for

16   the party's failure to stipulate.

17   The Stipulation shall be substantially in the following form:

18   Pre-Trial Exhibit Stipulation

19   Plaintiff's Exhibits

20   Number        Description         Objection          Response to Question

21

22   Defendant's Exhibits

23   Number        Description         Objection          Response to Question

24

25   The Pre-Trial Exhibit Stipulation shall be filed at the same time as counsel lodges the

26   Proposed Pre-Trial Conference Order.  Failure to comply with this paragraph may constitute a

27

28

12

EXHIBIT   9   PAGE 258

1    waiver of all objections.

2        **14. Findings of Fact and Conclusions of Law:** For a non-jury trial, counsel for each

3    party shall lodge proposed findings of fact and conclusions of law fourteen (14) days before

4    trial. The parties should deliver to chambers a copy of these findings and conclusions of law

5    on disk in WordPerfect format.

6            (a)    Underline in red the portions which it disputes;

7            (b)    Underline in blue the portions which it admits; and

8            (c)    Underline in black the portions which it deems not disputed, but deems

9                   irrelevant.

10        Counsel may agree with a part of a finding or conclusion, disagree with a part of it

11   and/or consider a part of irrelevant.

12        Two marked copies of opposing counsel's proposed findings of fact and conclusions of

13   law shall be lodged with the court seven (7) days before trial and one marked copy shall be

14   served on opposing counsel. Courtesy copies of the marked copies shall be deposited in the

15   drop box located outside the entrance of Courtroom 1 of the above-entitled court on the date

16   due.

17        **15. Settlement:** Local Rule 16-15.2 provides that the Settlement Conference shall be

18   conducted not later than 45 days before the Pretrial Conference. The Court believes that in

19   most cases completion of all discovery and dispositive motions will help the parties assess

20   their positions before they embark on the costly pre-trial process. However, in many cases,

21   the parties find it more difficult to settle after they have incurred the cost of all discovery and

22   motion practice. Accordingly, the Court strongly encourages counsel and the parties to pursue

23   settlement earlier.

24        The Court has a keen interest in helping the parties achieve settlement. If the parties

25   believe that it would be more likely that a settlement would be reached if they conduct

26   settlement conference at an earlier time than that specified by the Court, they should conduct

27

28

EXHIBIT __9__ PAGE 259

1   it at that time.  In any event, the parties must file a Status Report re Settlement at the time

2   they lodge the Proposed Pretrial Order.

3        The Court will not conduct settlement conferences in non-jury cases which the Court will

4   try.  In jury cases, the Court will conduct a settlement conference at the parties' request if

5   three conditions exist: (a) The parties are satisfied that the fact issues in the case will be tried

6   to a jury; (b) all significant pre-trial rulings which Court must make have been made; and (c)

7   the parties desire the Court to conduct the conference, understanding that if settlement fails,

8   the Court will preside over the trial of the case.

9        **If a settlement is reached, it shall be reported immediately to this Court as**

10  **required by Local Rule 16-15.7.**

11       16.  The failure to attend the pretrial conference or to submit timely in conformity

12  with the format set forth in this order, the jury instructions, pre-trial exhibit stipulation, joint

13  statement of the case, voir dire questions, summary of witness testimony and times estimates,

14  proposed Pretrial Conference Order or the memorandum of contentions of fact and law may

15  result in the dismissal of the action, striking the answer and entering default and/or the

16  imposition of sanctions.

17       17. **Telephonic Status Conference:**

18       Telephonic status conferences are sometimes set by the court to discuss settlement

19  status and other pending issues.  If a telephonic status conference has been set, all counsel

20  are ordered to discuss the matter with their clients and opposing counsel before the telephonic

21  status conference.  Plaintiff's counsel must make the arrangements and place the conference

22  call.  Plaintiff's counsel shall include all counsel of record and the Court on the date and time

23  scheduled.  The conference operator is to place the final call to the Court at (951) 328-4410.

24  To assist the Court and staff, participants shall identify themselves each time they speak.  No

25  cellular telephones or speaker telephones will be allowed.

26                                    **Internet Site**

27

28

EXHIBIT __9__ PAGE __240__

1    Counsel are encouraged to review the Central District's website for additional information.

2    The address is "http: //www.cacd.uscourts.gov".

3

4    The courtroom deputy clerk is ordered to serve a copy of this Order by mail, facsimile or

5    e-mail on counsel for all parties to this action.

6

7    IT IS SO ORDERED.

8    Dated: ___ FEB 2 1 2007

9

10

11

12   STEPHEN G. LARSON
     UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

15

EXHIBIT ___9___ PAGE _261_

Joint Trial Witness Estimate Form

Case: _____                                    Trial Date: _____

| | WITNESS NAME | PARTY CALLING WITNESS AND ESTIMATE | X-EXAMINER'S ESTIMATE | DESCRIPTION OF TESTIMONY | COMMENTS |
|---|---|---|---|---|---|
| 1. | | | | | |
| 2. | | | | | |
| 3. | | | | | |
| 4. | | | | | |
| 5. | | | | | |
| 6. | | | | | |
| 7. | | | | | |
| 8. | | | | | |
| 9. | | | | | |
| 10. | | | | | |
| 11. | | | | | |
| 12. | | | | | |
| | Total Estimates This Page: | | | | |

Instructions:
(1) List witnesses (last name first); (2) For description, be extremely brief, e.g., "eyewitness to accident." Or "expert on standard of care"(3) Use estimates within fractions of an hour, rounded off to the closest quarter of an hour, e.g. if you estimate 20 minutes, make it .25. An estimate of one and one-half hours would be 1.5. An estimate of three-quarters of an hour would be .75; (4) Note special factors in "Comments" column. e.g., "Needs interpreter." (5) Entries may be in handwriting if very neat and legible.

-16-

EXHIBIT __9__ PAGE __262__

Confirmation Report — Memory Send

```
                                        Page      : 001
                                        Date & Time: 02-22-2007   03:24pm
                                        Line 1    : 2136240643
                                        Line 2    :
                                        Machine ID : QUINN EMANUEL
```

| | | |
|---|---|---|
| Job number | : | 447 |
| Date | : | 02-22  03:19pm |
| To | : | ☎76039#7943#13102755697 |
| Number of pages | : | 003 |
| Start time | : | 02-22  03:22pm |
| End time | : | 02-22  03:24pm |
| Pages sent | : | 003 |
| Status | : | OK |

Job number    : 447          *** SEND SUCCESSFUL ***

## QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

NEW YORK
335 Madison Avenue, 17th Floor
New York, NY 10017
(212) 702-8100
Facsimile: (212) 702-8200

LOS ANGELES
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

SAN FRANCISCO
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

SAN DIEGO
4445 Eastgate Mall, Suite 200
San Diego, CA 92121
(858) 812-3107
Facsimile: (858) 812-3336

SILICON VALLEY
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

### LOS ANGELES OFFICE
### FACSIMILE TRANSMISSION

DATE:   February 22, 2007

NUMBER OF PAGES, INCLUDING COVER:

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Wayne S. Ball<br>Browne Woods & George LLP | 310.274.7100 | 310.275.5697 |

FROM:   Iris K. Woon

RE:     Sargon v. USC

MESSAGE:

---

07943/1926613.1

| CLIENT # | 7943 | ROUTE/<br>RETURN TO: | Irma Felix - 4th Floor | ☒ CONFIRM FAX<br>☒ INCLUDE CONF. REPORT |
|---|---|---|---|---|
| OPERATOR: | | | CONFIRMED?   ☐ No   ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

EXHIBIT   9   PAGE 263

Confirmation Report — Memory Send

```
                                    Page      : 001
                                    Date & Time: 02-22-2007   03:22pm
                                    Line 1    : 2136240643
                                    Line 2    :
                                    Machine ID : QUINN EMANUEL
```

Job number          :   446

Date                :   02-22  03:18pm

To                  : ☎76039#20257#13104771699

Number of pages     :   016

Start time          :   02-22  03:18pm

End time            :   02-22  03:22pm

Pages sent          :   016

Status              :   OK

Job number     :  446          *** SEND SUCCESSFUL ***

## QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

<table>
<tr>
<td><b>NEW YORK</b><br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010<br>(212) 849-7000<br>Facsimile: (212) 849-7100</td>
<td><b>LOS ANGELES</b><br>865 South Figueroa Street, 10th Floor<br>Los Angeles, CA 90017<br>(213) 443-3000<br>Facsimile: (213) 443-3100</td>
<td><b>SAN FRANCISCO</b><br>50 California Street, 22nd Floor<br>San Francisco, CA 94111<br>(415) 875-6600<br>Facsimile: (415) 875-6700</td>
</tr>
<tr>
<td></td>
<td></td>
<td><b>SILICON VALLEY</b><br>555 Twin Dolphin Drive, Suite 560<br>Redwood Shores, CA 94065<br>(650) 801-5000<br>Facsimile: (650) 801-5100</td>
</tr>
</table>

### LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

DATE:     February 22, 2007          NUMBER OF PAGES, INCLUDING COVER:  16

| | NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|---|
| | Rahul Ravipudi, Esq. | (310) 477-1700 | (310) 477-1699 |

FROM:     Allison Burkholder, Esq.

RE:       Gulati v. IBM

MESSAGE:     PLEASE SEE ATTACHED

---

20257/2008846.3

| CLIENT # | 20257 | ROUTE/<br>RETURN TO: | Monica Ascarrunz | ☐ CONFIRM FAX<br>☐ INCLUDE CONF. REPORT |
|---|---|---|---|---|
| OPERATOR: | *Rafael* | | CONFIRMED? ☐ NO ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

EXHIBIT __9__ PAGE __264__

RightFAX          2/22/2007 3:18     PAGE 001/017     Fax Server

From:     Name:       United States District Court
                      312 North Spring Street
                      Los Angeles, CA  90012
          Voice Phone: (213) 894-5474


To:       Name:       Michael Zeller
          Company:
                      865 S Figueroa St, 10th Floor,
          City/State:  Los Angeles, CA 90017-2543
          Fax Number:  213-443-3100



**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**


## Automated Document Delivery Service
*Notice pursuant to Rule 77(d) FRCiv.P*
*The attached copy is hereby served upon you pursuant to Federal Rule of Civil Procedure 77(d).*

Fax Notes:

Case 2:05-CV-02727 : MGA ENTERTAINMENT INC V. MATTEL INC ET AL

*Pursuant to General Order 06-07, Section F, the following documents shall be submitted in the traditional manner: Pen Registers, Search Warrants, Seizure Warrants, Wire Taps, Bond Related Documents, Under Seal and In-Camera Documents, and All Charging Documents (Complaints, Informations, Indictments, and Superseding Charging Documents).  All other documents filed in cases unassigned to a judge shall be filed electronically with a copy e-mailed to the criminal intake mailbox for the appropriate division.  The proper e-mail address for each division is as follows:*

*Western Division:  CrimIntakeCourtDocs-LA@cacd.uscourts.gov*
*Southern Division:  CrimIntakeCourtDocs-SA@cacd.uscouts.gov*
*Eastern Division:  CrimIntakeCourtDocs-RS@cacd.uscourts.gov*

*For additional information and assistance, please refer to the CM/ECF page on the Court website at www.cacd.uscourts.gov.*

**Switch to e-mail delivery and get these documents sooner!**
**To switch, complete and submit**
**Optical Scanning Enrollment / Update form G-76.**
**Call 213-894-5474 for help and free technical support.**

*If you received this document in error because the attorney with whom this document is directed is no longer the attorney on the case, a Notice of Change of Attorney Information, form G-6, must be filed.  If there are other cases which you've received documents for which you are no longer the attorney, separate notices must be filed for each case. Failure to do so will result in the continued sending of documents to you. Form G-6 is available on the court's website at www.cacd.uscourts.gov or at the Clerk's Office.*

Date and time of transmission:          Thursday, February 22, 2007 3:14:36 PM
Number of pages including this cover sheet: 17

EXHIBIT __9__ PAGE __265__

**EXHIBIT 10**

1

1        UNITED STATES DISTRICT COURT

2        CENTRAL DISTRICT OF CALIFORNIA

3              EASTERN DIVISION

4                 - - -

5   HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING

6                 - - -

7   CARTER BRYANT,                    )
                                      )
8                      PLAINTIFF,     )
                                      )
9            VS.                      )   NO. ED CV 04-09049
                                      )   (LEAD LOW NUMBER)
10  MATTEL, INC.,                     )
                                      )
11                     DEFENDANTS.    )   STATUS/SCHEDULING
                                      )         CONFERENCE
12  AND RELATED ACTIONS,             )
    _____     )
13  _____

14

15        REPORTER'S TRANSCRIPT OF PROCEEDINGS

16              RIVERSIDE, CALIFORNIA

17            MONDAY, FEBRUARY 12, 2007

18                 1:49 P.M.

19                                   **CERTIFIED**

20                                   **COPY**

21

22

23        THERESA A. LANZA, RPR, CSR
         FEDERAL OFFICIAL COURT REPORTER
24         3470 12TH STREET, RM. 134
         RIVERSIDE, CALIFORNIA  92501
25            (951) 274-0844
          CSR11457@SBCGLOBAL.NET

2

```
 1   APPEARANCES:

 2

 3   ON BEHALF OF PLAINTIFF/COUNTER DEFENDANT MATTEL, INC.:

 4
                         QUINN EMANUEL
 5                       BY:   JOHN B. QUINN
                         865 S. FIGUEROA STREET,
 6                       10TH FLOOR
                         LOS ANGELES, CALIFORNIA  90017
 7                       (213) 624-7707

 8

 9   ON BEHALF OF PLAINTIFF/COUNTER COMPLAINANT/DEFENDANT,
     CARTER BRYANT:
10
                         LITTLER MENDELSON
11                       BY:   KEITH A. JACOBY
                         2049 CENTURY PARK EAST,
12                       FIFTH FLOOR
                         LOS ANGELES, CALIFORNIA  90067
13                       (310) 553-0308

14

15   ON BEHALF OF MGA ENTERTAINMENT:

16                       O'MELVENY & MYERS LLP
                         BY:   DIANA M. TORRES
17                       400 SOUTH HOPE STREET
                         LOS ANGELES, CA  90071-2899
18                       (213) 430-6556

19

20

21

22

23

24

25
```

20

1   BE DONE.

2          THE COURT:  THANK YOU, ALL THREE OF YOU.

3          MR. QUINN, YOU SEEM TO BE ANXIOUS TO SAY SOMETHING; A

4   VERY, BRIEF RESPONSE.

5          MR. QUINN:  THE CLAIMS AGAINST MGA, WHICH I THINK GO          02:15

6   HAND IN HAND WITH THESE CLAIMS REGARDING MR. BRYANT -- THE

7   INDUCEMENT AND THE AIDING AND ABETTING BREACH OF FIDUCIARY DUTY

8   ARE -- IN THE COUNTERCLAIM THEY ARE CLAIM SIX, INTENTIONAL

9   INTERFERENCE; CLAIM EIGHT, AIDING AND ABETTING; BREACH OF

10  FIDUCIARY DUTY; CLAIM TEN, BREACH OF DUTY OF LOYALTY.          02:15

11         AND THEN, YOUR HONOR, TO THE EXTENT THAT WE WANT TO

12  FOCUS ON OWNERSHIP OF BRATZ, THERE IS NOT A CLAIM IN THE

13  ORIGINAL COMPLAINT THAT ADDRESSES OWNERSHIP OF BRATZ.  AT THAT

14  POINT WHEN THIS WAS FIRST STARTED AGAINST MR. BRYANT, MATTEL

15  WASN'T SURE WHAT IT WAS HE HAD BEEN WORKING ON OR WHAT HE HAD          02:15

16  CREATED.  THAT CLAIM IS A DEC RELIEF CLAIM THAT IS IN COUNT 13

17  NOW IN THE COUNTERCLAIM; SO IF WE WERE GOING TO FOCUS ON THOSE

18  BRATZ ISSUES AND MR. BRYANT, I'D SUBMIT THAT THOSE CLAIMS ALL

19  OUGHT TO GO IN THE FIRST TRIAL.

20         THANK YOU, YOUR HONOR.          02:16

21         THE COURT:  ALL RIGHT.  VERY WELL.

22         THIS IS WHAT WE'RE GOING TO DO.  I'M GOING TO SET TWO

23  SCHEDULING MATTERS; ONE FOR CASE 04-9059, AND A SEPARATE

24  SCHEDULING ORDER FOR 05-2727, AND MY SENSE IS TO BIFURCATE THEM

25  ALONG THOSE LINES.          02:16

21

1          MR. QUINN, I WILL ENTERTAIN A MOTION FROM THE

2   PLAINTIFFS IN -9059 FROM MATTEL THAT SOME OF THOSE LIMITED

3   CLAIMS, AS YOU JUST IDENTIFIED, ARE MORE APPROPRIATELY

4   CONSIDERED IN THAT FIRST CASE.  AND THEN OF COURSE THE DEFENSE

5   MAY OPPOSE THAT.                                              02:17

6          I CAN SEE HOW ONE OR MORE OF THOSE CLAIMS MIGHT BE,

7   BUT THEY MIGHT NOT BE AS WELL.  I'M NOT GOING TO DECIDE THAT

8   TODAY.  I'LL GIVE YOU LEAVE TO BRING THAT MOTION ON THAT NARROW

9   ISSUE IF THERE SHOULD BE CERTAIN CLAIMS THAT WE SHOULD DO IN

10  THIS FIRST PHASE AS OPPOSED TO THE SECOND PHASE.  BUT ABSENT AN  02:17

11  ORDER FROM THE COURT, THE ONLY CLAIMS THAT WE ARE GOING TO SET

12  IN THE FIRST TRIAL ARE THOSE SET FORTH IN 04-9059, AND THE ONLY

13  CLAIMS IN THE SECOND ARE GOING TO BE THE CLAIMS AND

14  COUNTERCLAIMS IN 05-2727.  I WILL GIVE YOU THAT OPPORTUNITY.

15         I'M GOING TO SET A JURY TRIAL DATE FOR FEBRUARY 12,     02:17

16  2008, ONE YEAR FROM TODAY, AT 9:30 A.M. IN 04-9049.  A HEARING

17  ON ANY MOTIONS IN LIMINE WILL BE SCHEDULED FOR FEBRUARY 4,

18  2008, 10:00 A.M., AND A FINAL PRE-TRIAL CONFERENCE WILL BE

19  CONDUCTED JANUARY 14, 2008, AT 11:00 A.M.

20         LAST DATE TO CONDUCT A SETTLEMENT CONFERENCE IN THAT   02:18

21  CASE WILL BE DECEMBER 3, 2007; THE LAST DATE FOR HEARING ANY

22  DISPOSITIVE MOTIONS WILL BE NOVEMBER 19, 2007 AT 10:00 A.M.;

23  THE COMPLETE DISCOVERY CUTOFF ON THE FIRST CASE WILL BE

24  OCTOBER 22ND, 2007.

25         I'LL SPEAK IN A FEW MOMENTS ABOUT LIMITS IN TERMS OF   02:18

22

1  WITNESSES AND INTERROGATORIES AND THE LIKE.

2          AS FAR AS 05-2727, THE JURY TRIAL DATE WILL BE

3  JULY 1, 2008; THE HEARING ON ANY MOTIONS IN LIMINE WILL BE

4  JUNE 23, 2008, 10:00 A.M.; THE FINAL PRE-TRIAL CONFERENCE WILL

5  BE JUNE 2, 2008, 11:00 A.M.; THE LAST DATE TO CONDUCT A

6  SETTLEMENT CONFERENCE IN THAT CASE WILL BE APRIL 21, 2008; THE

7  LAST DATE FOR HEARING DISPOSITIVE MOTIONS IN THAT CASE WILL BE

8  APRIL 7, 2008, 10:00 A.M.; DISCOVERY CUTOFF WILL BE MARCH 3,

9  2008.

10          ANY FURTHER AMENDMENTS OR THE ADDITION OF PARTIES IN

11  EITHER OF THESE CASES IS GOING TO REQUIRE LEAVE OF COURT.

12          THESE ARE THE LIMITS I'M GOING TO PUT ON EXPERT

13  DEPOSITIONS AND INTERROGATORIES.  NOW, THESE LIMITS ARE -- I

14  DON'T WANT TO SAY THEY ARE SOFT LIMITS, BUT THEY ARE LIMITS

15  WHICH THE COURT WOULD CERTAINLY UNDERSTAND OR WOULD INVITE

16  COUNSEL TO SUBMIT A MOTION TO EXPAND, IF THERE'S REASON TO.

17  BUT I JUST WANT TO HAVE SOME PARAMETERS PLACED ON THIS AT THE

18  OUTSET.

19          AS FAR AS NONEXPERT DEPOSITIONS, I'M GOING TO LIMIT

20  EACH SIDE TO 24; SO THAT WILL BE A TOTAL OF 48 BETWEEN THE TWO

21  SIDES, WHICH WOULD HOPEFULLY CAPTURE MOST OF THE INDIVIDUALS

22  WHO HAVE SOME INFORMATION TO PROVIDE IN THIS CASE.  I'M GOING

23  TO LIMIT THE NUMBER OF EXPERT WITNESSES TO 20 ON EACH SIDE, AND

24  THEN THE TOTAL NUMBER OF INTERROGATORIES TO A TOTAL NUMBER OF

25  50 TO EACH SIDE.

25

1   AND THE RESOURCES THAT QUINN EMANUEL AND O'MELVENY & MYERS AND

2   LITTLER ARE ALL DEVOTING TO THIS, THESE DATES ARE PRETTY FIRM;

3   SO PLAN ACCORDINGLY.

4           MR. JACOBY:  THANK YOU, YOUR HONOR.

5           MR. QUINN:  THANK YOU, YOUR HONOR.                    02:23

6           THE COURT:  ALL RIGHT.  GOOD LUCK.

7

8

9

10

11

12

13

14

15

16

17                      CERTIFICATE

18

19   I HEREBY CERTIFY THAT PURSUANT TO SECTION 753, TITLE 28, UNITED
     STATES CODE, THE FOREGOING IS A TRUE AND CORRECT TRANSCRIPT OF
20   THE STENOGRAPHICALLY RECORDED PROCEEDINGS HELD IN THE ABOVE-
     ENTITLED MATTER AND THAT THE TRANSCRIPT PAGE FORMAT IS IN
21   CONFORMANCE WITH THE REGULATIONS OF THE JUDICIAL CONFERENCE OF
     THE UNITED STATES.

22

23   _____                2-22-07
     THERESA A. LANZA, CSR, RPR                 DATE
24   FEDERAL OFFICIAL COURT REPORTER

25

2-12-07                    CV 04-09049   EXHIBIT 10   PAGE 271

**EXHIBIT 11**

03/01/2007 16:08 FAX                                                    ☎002/003

O

O'MELVENY & MYERS LLP

BEIJING                    400 South Hope Street                    NEW YORK
BRUSSELS                Los Angeles, California 90071-2899          SAN FRANCISCO
CENTURY CITY                                                          SHANGHAI
HONG KONG                TELEPHONE (213) 430-6000                  SILICON VALLEY
LONDON                   FACSIMILE (213) 430-6407                     TOKYO
NEWPORT BEACH                 www.omm.com                          WASHINGTON, D.C.

                                                                OUR FILE NUMBER
March 1, 2007                                                      527456-4

VIA FACSIMILE AND ELECTRONIC MAIL                              WRITER'S DIRECT DIAL
                                                                  (213) 430-6556

B. Dylan Proctor, Esq.                                       WRITER'S E-MAIL ADDRESS
Quinn Emanuel Urquhart Oliver & Hedges, LLP                    dtorres@omm.com
865 South Figueroa Street ~ 10th Floor
Los Angeles, California 90017

                Re:    *Mattel, Inc. v. Carter Bryant*

Dear Dylan:

        I am writing as a follow up to our conferences on February 23 and 26 concerning
Mattel's intended motion to alter the scope of the trials as established by Judge Larson's recent
scheduling order.  Specifically, Mattel seeks to move 9 of its 13 Counterclaims, at least in large
part, to the first trial currently scheduled for February 12, 2008.  As you know, Judge Larson
expressed his desire to try first those Mattel claims that may obviate the need for other claims
asserted by either MGA or Mattel.  We do not believe that Mattel's proposal, as a whole, is
consistent with this approach.  We also note that Mattel's proposal, if adopted, would
significantly expand both the scope of issues and the time necessary for the first trial.  We
believe that our counter-proposal, set forth below, is more consistent with the Court's order and
encourage Mattel to consider it.

        We think the first trial should be on the issues raised in the original complaint, *i.e.*, the
contractual/employment issues regarding Carter Bryant -- did he conceive of or reduce "Bratz"
to practice while at Mattel or otherwise violate any duties to Mattel while a Mattel employee?
We are also willing to agree that Mattel's declaratory relief claim against Bryant can be in the
first trial as well to the extent it addresses the ownership of the original "Bratz" creation.

        We do not think the other issues should be in the first trial as they relate to subsequent
time periods and activities and/or are duplicative of the issues raised above and are thus subject
to Bryant's pending motion to dismiss.  It appears that Mattel is seeking to complicate and
lengthen the first trial with extraneous issues that do not need to be decided in the first phase and,
in fact, may never need to be decided, depending on the outcome of the first phase.  We cannot
agree to that.  We think it important for the "dog to wag the tail", as Judge Larson suggested.

EXHIBIT  11  PAGE 272

O'MELVENY & MYERS LLP
B. Dylan Proctor, Esq., March 1, 2007 - Page 2


         We believe that our position presents a fair and reasonable approach to the adjudication of issues in this matter and hope that Mattel will reconsider filing a motion.  Please let us know your position.  Thank you.

                                        Very truly yours,

                                        Diana M. Torres
                                        of O'MELVENY & MYERS LLP

cc:      Douglas A. Wickham, Esq.

EXHIBIT __11__ PAGE __273__

03/01/2007 16:07 FAX 001/003

O

# O'MELVENY & MYERS LLP

400 South Hope Street
Los Angeles, California 90071-2899

TELEPHONE (213) 430-6000
FACSIMILE (213) 430-6407

## FAX TRANSMITTAL

| | | |
|---|---|---|
| **DATE & TIME:**<br>Thursday, 03/01/07, 3:47 PM | | **TOTAL NUMBER OF PAGES:**<br>3 |

| **TO:** | **FAX NUMBER:** | **TELEPHONE NUMBER:** |
|---|---|---|
| B. Dylan Proctor, Esq. - Quinn Emanuel Urquhart Oliver & Hedges, LLP | (213) 443-3100 | (213) 443-3000 |
| Douglas A. Wickham, Esq. - Littler Mendelson | (310) 553-5583 | (310) 553-0308 |

| **FROM:** | **RETURN FAX NUMBER:** | **TELEPHONE NUMBER:** |
|---|---|---|
| Diana M. Torres | (213) 430-6407 | (213) 430-6556 |

## MESSAGE

MAR 1 '07 PM3:52

**IF YOU DID NOT RECEIVE ALL PAGES, PLEASE CALL OUR FAX DEPARTMENT AT (213) 430-6357.**

| | | | |
|---|---|---|---|
| **FILE NO.:** | 527,436-004 | **RETURN ORIGINAL TO:** | |
| **USER NO.:** | 09631 | **EXTENSION:** | |
| **RESPONSIBLE ATTY NAME:** | James P. Jenal | **LOCATION:** | 15S20 |
| **SPECIAL INSTRUCTIONS:** | | | |

This document is intended for the exclusive use of the addressee. It may contain privileged, confidential, or non-disclosable information. If you are not the addressee, or someone responsible for delivering this document to the addressee, you may not read, copy, or distribute it. If you have received this document by mistake, please call us promptly and securely dispose of it. Thank you.

EXHIBIT 11 PAGE 274

**EXHIBIT 12**

1   DOUGLAS A. WICKHAM (S.B. #127268)
    dwickham@littler.com
2   KEITH A. JACOBY (S.B. #150233)
    kjacoby@littler.com
3   LITTLER MENDELSON
    A Professional Corporation
4   2049 Century Park East, 5th Floor
    Los Angeles, CA  90067.3107
5   Telephone:  (310) 553-0308
    Facsimile:   (310) 553-5583
6
    Attorneys for Defendant and Counter-
7   Defendant CARTER BRYANT

8               UNITED STATES DISTRICT COURT

9             CENTRAL DISTRICT OF CALIFORNIA
                     EASTERN DIVISION
10

11  CARTER BRYANT, an individual,      Case No.  CV 04-09049 SGL (RNBx)
                                        (consolidated with CV 04-9059 & 05-2727)
12              Plaintiff,
                                        MEMORANDUM OF POINTS AND
13         v.                           AUTHORITIES IN SUPPORT OF
                                        CARTER BRYANT'S MOTION TO
14  MATTEL, INC., a Delaware            DISMISS COUNTERCLAIMS II, III,
    Corporation,                        V, VII, IX, AND XI
15
                Defendant.              [Fed. R. Civ. Proc. 9(b) and 12(b)(6)]
16
                                        Hearing Date:    March 26, 2007
17  CONSOLIDATED WITH                   Time:            10:00 a.m.
    MATTEL, INC. v. BRYANT and          Location:        Courtroom 1
18  MGA ENTERTAINMENT, INC. v.
    MATTEL, INC.                        Discovery Cut-off:      None Set
19                                      Pre-trial Conference:   None Set
                                        Trial Date:             None Set
20
                                        Judge:  Hon. Stephen G. Larson
21

22

23

24

25

26

27

28
                                        MPA'S IN SUPPORT OF BRYANT'S MOTION
                                             TO DISMISS COUNTERCLAIMS

                        EXHIBIT 12   PAGE 275     2-12

# TABLE OF CONTENTS

                                                                                                      **PAGE**

I.    INTRODUCTION ................................................................................................. 1

II.   MATTEL'S ALLEGATIONS ............................................................................... 3

      A.    Background ................................................................................................ 3

      B.    The "Employment Agreement" and "Conflict Questionnaire" ................ 4

      C.    Bryant's Consulting Work for MGA Entertainment, Inc ......................... 4

      D.    The Purported "MGA Criminal Enterprise" ........................................... 4

III.  ARGUMENT ......................................................................................................... 5

      A.    LEGAL STANDARD ................................................................................. 5

      B.    MATTEL'S SECOND AND THIRD COUNTERCLAIMS FAIL
            TO STATE A CLAIM AGAINST BRYANT ........................................... 5

            1.    Counterclaim II Fails To Properly State A RICO Claim
                  Against Bryant ................................................................................. 6

                  a.    Mattel Has Neither Adequately Plead A "Criminal
                        Enterprise," Nor Bryant's Ownership Of Or Control
                        Over That Enterprise ............................................................ 6

                        (1)    The "MGA Criminal Enterprise" Does Not
                               Sufficiently Describe A RICO Enterprise ................. 6

                        (2)    There Is No Allegation, Nor Can There Be,
                               That Bryant Participated In The Ownership Or
                               Management Of The "MGA Criminal
                               Enterprise" ................................................................ 8

                  b.    Mattel Has Not Sufficiently Plead That Bryant
                        Engaged In Predicate Acts ................................................. 10

                  c.    RICO Is Not Intended To Prosecute Defendants Like
                        Bryant ................................................................................ 11

            2.    Because The RICO Violation Counterclaim Fails To State A
                  Claim, The RICO Conspiracy Claim Necessarily Fails To
                  State A Claim .................................................................................. 13

      C.    MATTEL'S FIFTH, SEVENTH, NINTH, AND ELEVENTH
            COUNTERCLAIMS MUST BE DISMISSED BECAUSE THEY
            ARE DUPLICATIVE OF AND IDENTICAL TO CLAIMS
            ASSERTED IN MATTEL'S ORIGINAL COMPLAINT ..................... 13

IV.   CONCLUSION .................................................................................................... 16

i.

EXHIBIT 12 PAGE 274

# TABLE OF AUTHORITIES

PAGE

## CASES

*Alan Neuman Productions, Inc. v. Albright,*
862 F.2d 1388 (9th Cir. 1998), *cert. denied,*
493 U.S. 858 (1999) .................................................................. 10

*Balistreri v. Pacifica Police Dept.,*
901 F.2d 696 (9th Cir. 1988) ........................................................ 5

*Barapind v. Reno,*
72 F. Supp. 2d 1132 (E.D. Cal. 1999) ................................... 5, 13

*Cedric Kushner Promotions, Ltd., v. King,*
533 U.S. 158 (2001) ..................................................................... 7

*Chang v. Chen,*
80 F.3d 1293 (9th Cir. 1996) .................................................. 6, 8

*Conley v. Gibson,*
355 U.S. 41 (1957) ...................................................................... 5

*Diamonds Plus, Inc. v. Kolber,*
960 F.2d 765 (8th Cir. 1992) ....................................................... 7

*Gutierrez v. Givens,*
989 F.Supp. 1033 (S.D. Cal. 1997) ............................................. 9

*Hamilton v. Willms,*
2005 U.S. Dist. LEXIS 25697 (E.D. Cal. Oct. 27, 2005) ........... 9

*Howard v. America Online, Inc.,*
208 F.3d 741 (9th Cir. 2000) ..................................................... 13

*McHale v. NuEnergy Group,*
2002 U.S. Dist. LEXIS 3307 (E.D. Pa. Feb. 27, 2002) ............. 10

*Miller v. Yokahama Tire Corp.,*
358 F.3d 616 (9th Cir. 2004) ....................................................... 6

*Miranda v. Ponce Federal Bank,*
948 F.2d 41 (1st Cir. 1991) ....................................................... 12

*Pelletier v. Zweifel,*
921 F.2d 1465 (11th Cir. 1991) ................................................. 12

*Prudential Securities Ltd. Partnerships Litigation,*
930 F. Supp. 68 (S.D.N.Y. 1996) .............................................. 12

*Quach v. Cross,*
2004 U.S. Dist. LEXIS 28981 (C.D. Cal. June 9, 2004) ........... 10

*Reves v. Ernst & Young,*
507 U.S. 170 (1993) ................................................................. 8, 9

*Ridge Gold Standard Liquors v. Joseph E. Seagram & Sons, Inc.,*
572 F. Supp. 1210 (N.D. Ill. 1983) ..................................... 13, 15

*Schreiber Distrib. Co. v. Serv-Well Furniture Co.,*
806 F.2d 1393 (9th Cir. 1986) ..................................................... 6

ii.

EXHIBIT 12 PAGE 277

**TABLE OF AUTHORITIES**
(CONTINUED)

PAGE

*Sedima v. Imrex Co.,*
473 U.S. 479 (1985) ................................................................ 11

*Semegen v. Weidner,*
780 F.2d 727 (9th Cir. 1985) ................................................... 11

*Smith v. Our Lady of the Lake Hospital,*
960 F.2d 439 (5th Cir. 1992) ................................................... 11

*Walton v. Eaton Corp.,*
563 F.2d 66 (3d Cir. 1977) ...................................................... 13

*Yang v. Xiong,*
2006 U.S. Dist. LEXIS 80265 (E.D. Cal. Nov. 2, 2006) ........ 10

*Zerilli v. Evening News Ass'n,*
628 F.2d 217 (D.C. Cir. 1980) ................................................ 13

*Zito v. Leasecomm Corp.,*
2003 U.S. Dist. LEXIS 17236 (S.D.N.Y. Sept. 30, 2003) ...... 10

**STATUTES**

17 U.S.C.
Section 506(a)(1)(A) .................................................................. 5

18 U.S.C.
Section 1341 ............................................................................... 5

18 U.S.C.
Section 1343 ............................................................................... 5

18 U.S.C.
Section 1512 ............................................................................... 5

18 U.S.C.
Section 1952 ............................................................................... 5

18 U.S.C.
Section 1961(1) .......................................................................... 6

18 U.S.C.
Section 1961(5) .......................................................................... 6

18 U.S.C.
Section 1962(c) .................................................................... 7, 10

18 U.S.C.
Section 2319(a) .......................................................................... 5

**RULES**

Federal Rule Civil Procedure
9(b) ...................................................................................... 10, 11

Federal Rule of Civil Procedure
12(b)(6) ................................................................................. 8, 11

iii.

EXHIBIT 12 PAGE 278

## I.

## INTRODUCTION[1]

Nearly three years ago, on April 27, 2004, Mattel, Inc. ("Mattel") sued its former employee, Carter Bryant ("Bryant"), in California state court (the "Complaint"), claiming that Bryant breached a Confidential Information and Inventions Agreement (the "Employment Agreement") and a Conflict of Interest Questionnaire (the "Conflict Questionnaire") he had signed with Mattel and, in the process, violated his fiduciary duties and duty of loyalty and "converted" unspecified intellectual property. The fact that Mattel sued Bryant is remarkable in and of itself. Before he resigned from Mattel in October 2000, Bryant was a highly respected designer of signature fashions for the Barbie Collectibles Division of Mattel. There, Bryant enjoyed the rare honor of being recognized on Barbie packaging for the designer fashions he created for the Norma Desmond[2] of the doll industry.

However, perhaps driven by spite or a jealous rage (in much the same way that Norma Desmond killed the William Holden character in *Sunset Boulevard*), Mattel sued Bryant three and a half years after he left his Mattel employment because of Bryant's role in 1998 (before he joined Mattel in January 1999) in creating original drawings that ultimately inspired the later creation of the wildly popular, and much younger looking Bratz doll, which was reduced to practice and taken to market by MGA Entertainment, Inc. ("MGA") -- **after Bryant resigned from and left Mattel.**

Mattel's original Complaint asserted five claims for relief for: (1) breach of

---

[1]    Bryant joins in and fully incorporates herein by reference the Joint Motion of MGA Entertainment, Inc. and Isaac Larian to Dismiss Counterclaims. This brief is submitted separately to address certain issues unique to Bryant.

[2]    With Barbie approaching her 48th birthday this year, one can almost hear her calling out: "All right, Mr. DeMille, I'm ready for my close-up." *Sunset Boulevard* (Paramount Pictures 1950).

1.        MPA'S IN SUPPORT OF BRYANT'S MOTION TO DISMISS COUNTERCLAIMS

EXHIBIT 12 PAGE 279

1   contract, (2) breach of fiduciary duty, (3) breach of duty of loyalty, (4) unjust

2   enrichment, and (5) conversion. *See* Complaint ¶¶ 1-45. Then, in November 2004,

3   Mattel exhaustively cross-examined Bryant during his three day deposition and Bryant

4   consistently and compellingly testified concerning his development of the original

5   Bratz drawings in August 1998. At no time during the pendency of this action has

6   Mattel produced any evidence or identified any witnesses who rebut, or even seriously

7   challenge, Bryant's testimony concerning his creation of the original Bratz drawings

8   in August 1998 – which are at the heart of this action.

9        No doubt inspired by Sun Tzu's *The Art of War*, Mattel's military campaign in

10  this case has been withering and unrelenting, having recently filed wave after wave of

11  discovery motions, frequently engaging in *ad hominem* attacks on Bryant, MGA,

12  Isaac Larian, and their lawyers, and attempting to prevail through nothing less than an

13  "attack by fire."[3] As part of this attack, nearly three years after this case was filed and

14  two and a half years after Bryant's deposition, Mattel now attempts to paint Carter

15  Bryant – Barbie's former fashion designer – as a racketeer who, as a member of an

16  alleged criminal enterprise, should be prosecuted like a common criminal.

17       Having obtained leave of this Court, on January 12, 2007, Mattel filed its

18  Amended Answer and Counterclaims in this case ("Counterclaim"), which are

19  asserted against Bryant and five additional named defendants and include claims

20  against Bryant ranging from alleged copyright violations to alleged Racketeer

21  Influenced And Corrupt Organizations Act ("RICO") violations. From Bryant's

22  perspective, Mattel's newly-minted RICO claims are among the most vile – and the

23  most baseless – and must be summarily dismissed before this case devolves further

24  into the full scale internecine conflict on which Mattel seems to thrive.

---

25  [3] "There are five ways of attacking with fire. The first is to burn soldiers in their
26  camp; the second is to burn stores; the third is to burn baggage trains; the fourth is to
27  burn arsenals and magazines; and the fifth is to hurl dropping fire among the enemy."
    *The Art of War, p. 73* (Edited and with a foreword by James Clavell, September
28  1988).

2.          **MPA'S IN SUPPORT OF BRYANT'S MOTION
                     TO DISMISS COUNTERCLAIMS**

EXHIBIT 12 PAGE 280

1    Consequently, Counterclaims II and III, which purport to assert RICO claims
2    against all Counter-Defendants, including Bryant, MGA, and Larian, must be
3    dismissed because (1) Mattel has failed to make the requisite showing of Bryant's
4    involvement in a "criminal enterprise," (2) Mattel has not made the requisite showing
5    of a "pattern" of racketeering by Bryant, *i.e.*, engaging in predicate acts required for
6    liability under RICO, and (3) the RICO claims are not properly asserted against an
7    individual defendant who merely designed dolls and doll fashions.

8    Moreover, Counterclaims V, VII, IX, and XI, which purport to assert claims
9    against Bryant for breach of contract, breach of fiduciary duty, breach of the duty of
10   loyalty, and conversion, also must be dismissed because these claims are duplicative
11   of virtually identical claims asserted against Bryant in the original Complaint.  Not
12   only is the filing of duplicative legal claims against the same defendant legally
13   improper, it also violates the spirit of this Court's January 12th Order, which expressly
14   stated that Bryant's ownership interests in the "Bratz" dolls vis-à-vis Mattel was to be
15   decided first.

16   Accordingly, for these reasons, more fully set forth below and in MGA's brief,
17   Bryant respectfully submits that his motion should be granted and Counterclaims II,
18   III, V, VII, IX, and XI should be dismissed.

19   ## II.

20   ## MATTEL'S ALLEGATIONS

21   ### A.    Background

22   Mattel is a well known manufacturer of toys, games, dolls, and other consumer
23   products.  (Counterclaims at ¶ 16.)  One of Mattel's products is the line of Barbie
24   fashion dolls.  (*Id.* at ¶ 21.)

25   Bryant is a former Mattel employee who designed fashions and accessories for
26   Barbie.  (*Id.*)  Bryant worked with Mattel in California from September 1995 to
27   approximately April 1998, when he resigned his employment and moved back in with

28

3.    MPA'S IN SUPPORT OF BRYANT'S MOTION
      TO DISMISS COUNTERCLAIMS

EXHIBIT 12 -PAGE 28

1    his parents in Springfield, Missouri. (*Id.*) Bryant re-applied for a position with Mattel

2    and began working for Mattel again in January, 1999. (*Id.*)

3        **B.**   **The "Employment Agreement" and "Conflict Questionnaire"**

4          When he returned to Mattel, Bryant executed the Employee Agreement. (*Id.* at

5    ¶ 22.) Mattel contends that that Agreement provides that, with certain exceptions, all

6    designs and inventions Bryant created during his Mattel employment would be owned

7    by Mattel. (*Id.* at ¶ 23.) Bryant also executed the Conflict Questionnaire. (*Id.* at ¶

8    24.) That Questionnaire purportedly required Bryant to certify that, other than

9    disclosed, he had not worked for a Mattel competitor in the previous twelve months.

10   (*Id.*)

11       **C.**   **Bryant's Consulting Work for MGA Entertainment, Inc.**

12         Mattel contends that Bryant left Mattel on October 20, 2000, and began

13   consulting work with MGA regarding what ultimately became the "Bratz" line of

14   fashion dolls. (*Id.* at ¶¶ 27-29.) Mattel alleges that Bryant used Mattel resources,

15   while employed at Mattel, to design and develop "Bratz." (*Id.* at ¶ 26.) In essence,

16   Mattel contends that it owns the rights to the Bratz fashion dolls and the profits

17   derived therefrom. (*Id.* at ¶ 34.)

18       **D.**   **The Purported "MGA Criminal Enterprise"**

19         Mattel alleges that from approximately 1999 through its filing of the

20   Counterclaims, Counter-Defendants Bryant, MGA, Isaac Larian, MGA Entertainment

21   (HK) Limited, MGAE de Mexico, S.R.L. DE C.V., and Gustavo Machado Gomez

22   (the "Counter-Defendants") and third parties Ronald Brawer, Mariana Trueba

23   Almada, Pablo Vargas San Jose, and Janine Brisbois (the "Third Parties") were

24   "employed by and associated-in-fact with a criminal enterprise (the "MGA Criminal

25   Enterprise")." (*Id.* at ¶ 89.) It alleges that each of these Counter-Defendants and

26   Third Parties "for the purpose of executing and attempting to execute the scheme to

27   improperly defraud Mattel and steal its trade secret or otherwise confidential and

28

            4.     **MPA'S IN SUPPORT OF BRYANT'S MOTION**
                                **TO DISMISS COUNTERCLAIMS**

EXHIBIT 12 PAGE 282

1  proprietary information, by means of tortious, fraudulent and criminal conduct, did

2  and do unlawfully, willfully and knowingly conduct and participate, directly and

3  indirectly, in the conduct of the MGA Criminal Enterprise's affairs through a pattern

4  of racketeering activity. Their actions include multiple, related acts in violation of: 18

5  U.S.C. § 1341 (mail fraud), 18 U.S.C. § 1343 (wire fraud), 18 U.S.C. § 1512

6  (tampering with a witness victim, or informant), 18 U.S.C. § 1952 (interstate and

7  foreign travel to aid racketeering, and 18 U.S.C. § 2319(a) and 17 U.S.C. §

8  506(a)(1)(A) (criminal copyright infringement)." (*Id.* at ¶ 90.)

9      Mattel attaches as Exhibit C to its Counterclaims a list purporting to represent

10  the underlying acts. The list simply gives a date, type of communication, and Bates

11  stamp number of particular documents and provides absolutely no detail of the

12  underlying communications. Exhibit C clearly fails to describe with any particularity

13  the various allegedly fraudulent acts. (*Id.* at Exhibit C.)

14                          **III.**

15                      **ARGUMENT**

16    A.    **LEGAL STANDARD**

17      A motion to dismiss tests the legal sufficiency of the claims stated in the

18  complaint. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Dismissal of claims is

19  proper where there is either (1) a "lack of a cognizable legal theory" or (2) "the

20  absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v.*

21  *Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). Dismissal is also proper

22  where the claims asserted are duplicative of those in an earlier action. *Barapind v.*

23  *Reno*, 72 F. Supp. 2d 1132, 1145 (E.D. Cal. 1999).

24    B.    **MATTEL'S SECOND AND THIRD COUNTERCLAIMS FAIL TO STATE A CLAIM AGAINST BRYANT**

25      Mattel purports to assert Counterclaims against Bryant for violation of RICO

26  and conspiracy to violate RICO, respectively. As set forth below, both claims should

27  be dismissed as a matter of law.

28

                                5.    MPA'S IN SUPPORT OF BRYANT'S MOTION
                                      TO DISMISS COUNTERCLAIMS

EXHIBIT 12 PAGE 283

1
2

   1.   **Counterclaim II Fails To Properly State A RICO Claim
        Against Bryant**

3        To state a claim under RICO, a plaintiff must show "(1) the conduct (2) of an

4    enterprise (3) through a pattern (4) of racketeering activity." *Miller v. Yokahama Tire*

5    *Corp.*, 358 F.3d 616, 620 (9th Cir. 2004) (citation omitted).  To establish the requisite

6    racketeering activity, a plaintiff must prove that a defendant committed two or more

7    predicate acts from the list set forth in 18 U.S.C. § 1961(1).  *See* 18 U.S.C. § 1961(5).

8    The plaintiff must also show that the defendant engaged in a pattern of these

9    underlying predicate acts. *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d

10   1393, 1399 (9th Cir. 1986) (noting that even two predicate acts of racketeering may be

11   insufficient to establish a "pattern").

12       Mattel has not stated a claim against Bryant under RICO for three reasons.

13   First, it has not adequately plead an "enterprise."  Relatedly, it has not shown (and

14   indeed it cannot show) that Bryant had ownership or control over that alleged

15   "enterprise."  Second, Mattel has not sufficiently alleged the underlying predicate acts

16   by Bryant.  To the extent Mattel relies on conclusory allegations of predicate acts, this

17   is insufficient, as RICO predicate acts must be plead with particularity.  Finally, as a

18   general matter, RICO is simply not designed to apply to an individual defendant, like

19   Bryant, who is not a criminal conspirator nor the leader or controller of a criminal

20   enterprise.

21
22

   a.   **Mattel Has Neither Adequately Plead A "Criminal
        Enterprise," Nor Bryant's Ownership Of Or Control
        Over That Enterprise**

23
24

   (1)   **The "MGA Criminal Enterprise" Does Not
         Sufficiently Describe A RICO Enterprise**

25       To satisfy the "enterprise" element for RICO liability, Mattel must demonstrate

26   that there is an "ongoing organization, formal or informal, with various associates

27   functioning as a continuing unit." *Chang v. Chen*, 80 F.3d 1293, 1299 (9th Cir. 1996).

28   At a minimum, this organization "must exhibit some sort of structure . . . for the

EXHIBIT 12 PAGE 284