**Form VA**
For a Work of the Visual Arts

VA 1-340-163

EFFECTIVE DATE OF REGISTRATION

JAN 25 2006
Month   Day   Year

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

**1**

Title of This Work ▼

BRATZ GENIE MAGIC STYLE GUIDE

NATURE OF THIS WORK ▼ See Instructions

Text and artwork

Previous or Alternative Titles ▼

Publication as a Contribution If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared. Title of Collective Work ▼

If published in a periodical or serial give   Volume ▼   Number ▼   Issue Date ▼   On Pages ▼

**2**

NAME OF AUTHOR ▼

**a**  MGA ENTERTAINMENT, INC.

DATES OF BIRTH AND DEATH
Year Born ▼   Year Died ▼

**NOTE**

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

Author's Nationality or Domicile
Name of Country
OR { Citizen of _____
Domiciled in   USA

Was This Author's Contribution to the Work
Anonymous?   ☐ Yes ☐ No
Pseudonymous?   ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

Nature of Authorship Check appropriate box(es). See instructions
☐ 3-Dimensional sculpture
☑ 2-Dimensional artwork
☐ Reproduction of work of art
☐ Map
☐ Photograph
☐ Jewelry design
☐ Technical drawing
☑ Text
☐ Architectural work

Name of Author ▼

**b**

Dates of Birth and Death
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

Author's Nationality or Domicile
Name of Country
OR { Citizen of _____
Domiciled in _____

Was This Author's Contribution to the Work
Anonymous?   ☐ Yes ☐ No
Pseudonymous?   ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

Nature of Authorship Check appropriate box(es). See instructions
☐ 3-Dimensional sculpture
☐ 2-Dimensional artwork
☐ Reproduction of work of art
☐ Map
☐ Photograph
☐ Jewelry design
☐ Technical drawing
☐ Text
☐ Architectural work

**3**

**a** Year in Which Creation of This Work Was Completed
2005
Year in all cases.

**b** Date and Nation of First Publication of This Particular Work
Month   March   Day   30   Year   2005
United States of America   Nation

**4**

COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2. ▼

MGA ENTERTAINMENT, INC.
16380 Roscoe Boulevard, Van Nuys, CA 91406

Transfer If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

APPLICATION RECEIVED
JAN 25 2006
ONE DEPOSIT RECEIVED

TWO DEPOSITS RECEIVED
JAN 25 2006
FUNDS RECEIVED

MORE ON BACK ▶ • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions.   • Sign the form at line 8.

DO NOT WRITE HERE
Page 1 of ___ pages

EXHIBIT __1__   PAGE __121__

| EXAMINED BY | VB | FORM VA |
|---|---|---|
| CHECKED BY | | |
| ☐ CORRESPONDENCE Yes | | FOR COPYRIGHT OFFICE USE ONLY |

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?

☐ Yes  ☑ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼

a. ☐ This is the first published edition of a work previously registered in unpublished form.

b. ☐ This is the first application submitted by this author as copyright claimant.

c. ☐ This is a changed version of the work, as shown by space 6 on this application.

If your answer is "Yes," give: Previous Registration Number ▼          Year of Registration ▼

**5**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.

a. Preexisting Material Identify any preexisting work or works that this work is based on or incorporates. ▼

Preexisting artwork including reg. nos. VA 1-218-487, VA 1-218-488, VA 1-218-489, VA 1-218-490, VA 1-218-491, VA 1-301-529, VA 1-301-530, VA 1-301-528, VA 1-301-531 and VA 1-301-532 and other prior character artwork.

**a**

b. Material Added to This Work Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

Now artwork and text

**b**

**6**

See instructions before completing this space.

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.

Name ▼          Account Number ▼

MGA ENTERTAINMENT, INC.          DA 92613

**a**

**7**

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent. Name/Address/Apt/City/State/ZIP ▼

Sam Khare, MGA ENTERTAINMENT, INC.
16380 Roscoe Boulevard, Van Nuys, CA 91406

**b**

Area code and daytime telephone number  ( 818 ) 894-2525          Fax number  ( 818 ) 895-8771

Email

**CERTIFICATION*** I, the undersigned, hereby certify that I am the

check only one ▶
☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☑ authorized agent of  MGA Entertainment, Inc.

Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.

SAM KHARE          Date  1/25/06

Handwritten signature (X) ▼

X  _____

**8**

**9**

Certificate will be mailed in window envelope to this address:

Name ▼
IP Department, MGA ENTERTAINMENT, INC.

Number/Street/Apt ▼
16380 Roscoe Boulevard

City/State/ZIP ▼
Van Nuys, CA 91406

*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

Rev: August 2003—60,000  Web Rev: June 2002  ● Printed on recycled paper          U.S. Government Printing Office: 2003-496-605/60,089

EXHIBIT __(__ PAGE __122__

**Exhibit 24**

EXHIBIT \_\_\_1\_\_\_ PAGE \_\_123\_\_

Cop...
For ...
web...
righ...

...change.
...t Office
...e Copy-

## Form VA
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE

**VA 1–340–189**

EFFECTIVE DATE OF REGISTRATION

**JAN 2 5 2006**

Month     Day     Year

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**1**

Title of This Work ▼
BRATZ GENIE MAGIC PACKAGING STYLE GUIDE SPRING 2006

NATURE OF THIS WORK ▼ See instructions
Text and artwork

Previous or Alternative Titles ▼

Publication as a Contribution If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared. Title of Collective Work ▼

If published in a periodical or serial give: Volume ▼     Number ▼     Issue Date ▼     On Pages ▼

**2**

**a**

NAME OF AUTHOR ▼
MGA ENTERTAINMENT, INC.

DATES OF BIRTH AND DEATH
Year Born ▼     Year Died ▼

**NOTE**
Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

Was this contribution to the work a "work made for hire"?
☑ Yes
☐ No

Author's Nationality or Domicile
Name of Country
OR { Citizen of _____
Domiciled in    USA

Was This Author's Contribution to the Work
Anonymous?    ☐ Yes   ☑ No
Pseudonymous?  ☐ Yes   ☑ No
If the answer to either of these questions is "Yes," see detailed instructions.

Nature of Authorship Check appropriate box(es). See Instructions
☐ 3-Dimensional sculpture    ☐ Map              ☐ Technical drawing
☑ 2-Dimensional artwork      ☐ Photograph       ☑ Text
☐ Reproduction of work of art ☐ Jewelry design  ☐ Architectural work

**b**

Name of Author ▼

Dates of Birth and Death
Year Born ▼     Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

Author's Nationality or Domicile
Name of Country
OR { Citizen of _____
Domiciled in _____

Was This Author's Contribution to the Work
Anonymous?    ☐ Yes   ☐ No
Pseudonymous?  ☐ Yes   ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

Nature of Authorship Check appropriate box(es). See Instructions
☐ 3-Dimensional sculpture    ☐ Map              ☐ Technical drawing
☐ 2-Dimensional artwork      ☐ Photograph       ☐ Text
☐ Reproduction of work of art ☐ Jewelry design  ☐ Architectural work

**3**

**a** Year in Which Creation of This Work Was Completed
2005     Year     in all cases.

**b** Date and Nation of First Publication of This Particular Work
Month  May  Day  18  Year  2005
United States of America     Nation

**4**

COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2. ▼
MGA ENTERTAINMENT, INC.
16380 Roscoe Boulevard, Van Nuys, CA 91406

Transfer If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

ONE DEPOSIT RECEIVED

TWO DEPOSITS RECEIVED
JAN 2 5 2006
FUNDS RECEIVED

---

**MORE ON BACK ▶** • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions.  • Sign the form at line 8.

DO NOT WRITE HERE
Page 1 of ___ pages

EXHIBIT ___1___  PAGE 124

| EXAMINED BY | DB | FORM VA |
|---|---|---|
| CHECKED BY | | |
| ☐ CORRESPONDENCE Yes | | FOR COPYRIGHT OFFICE USE ONLY |

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?

☐ Yes  ☐ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼

a. ☐ This is the first published edition of a work previously registered in unpublished form.

b. ☐ This is the first application submitted by this author as copyright claimant.

c. ☐ This is a changed version of the work, as shown by space 6 on this application.

If your answer is "Yes," give: Previous Registration Number ▼          Year of Registration ▼

**5**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.

a. Preexisting Material Identify any preexisting work or works that this work is based on or incorporates. ▼

Preexisting artwork including reg. nos. VA 1-218-487, VA 1-218-488, VA 1-218-489, VA 1-218-490, VA 1-218-491, VA 1-301-529, VA 1-301-530, VA 1-301-528, VA 1-301-531 and VA 1-301-532 and other prior character artwork.

**a**

**6**

See instructions before completing this space.

b. Material Added to This Work Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

New artwork and text

**b**

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.

Name ▼                                          Account Number ▼

MGA ENTERTAINMENT, INC.                          DA 92613

**a**

**7**

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent. Name/Address/Apt/City/State/ZIP ▼

Sam Khare, MGA ENTERTAINMENT, INC.
16380 Roscoe Boulevard, Van Nuys, CA 91406

**b**

Area code and daytime telephone number  ( 818 ) 894-2525          Fax number  ( 818 ) 895-0771

Email

**CERTIFICATION*** I, the undersigned, hereby certify that I am the

check only one ▶ ☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☑ authorized agent of  MGA Entertainment, Inc.
Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

**8**

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.

SAM KHARE                                          Date  1/23/06

Handwritten signature (X) ▼

X

| Certificate will be mailed in window envelope to this address: | Name ▼ IP Department, MGA ENTERAINMENT, INC. | **9** |
|---|---|---|
| | Number/Street/Apt ▼ 16380 Roscoe Boulevard | |
| | City/State/ZIP ▼ Van Nuys, CA 91406 | |

*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

Rev: August 2003—60,000  Web Rev: June 2002  ⊛ Printed on recycled paper          U.S. Government Printing Office: 2003-494-605/60,039

EXHIBIT ___1___  PAGE 125

**Exhibit 25**

EXHIBIT ____1____ PAGE 126

**Form VA**
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE

**VA 1-340-170**

EFFECTIVE DATE OF REGISTRATION

**JAN 2 5 2006**
Month   Day   Year

---

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

## 1

Title of This Work ▼

BRATZ PASSION 4 FASHION STYLE GUIDE

NATURE OF THIS WORK ▼ See Instructions

Text and artwork

Previous or Alternative Titles ▼

Publication as a Contribution If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared. Title of Collective Work ▼

If published in a periodical or serial give: Volume ▼    Number ▼    Issue Date ▼    On Pages ▼

## 2

NAME OF AUTHOR ▼

**a** MGA ENTERTAINMENT, INC.

DATES OF BIRTH AND DEATH
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

Author's Nationality or Domicile
Name of Country
OR { Citizen of _____
Domiciled in __USA__

Was This Author's Contribution to the Work
Anonymous?    ☐ Yes  ☐ No
Pseudonymous?  ☐ Yes  ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

Nature of Authorship Check appropriate box(es). See Instructions
☐ 3-Dimensional sculpture    ☐ Map             ☐ Technical drawing
☑ 2-Dimensional artwork      ☐ Photograph      ☑ Text
☐ Reproduction of work of art ☐ Jewelry design  ☐ Architectural work

**NOTE**
Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

**b** Name of Author ▼

Dates of Birth and Death
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

Author's Nationality or Domicile
Name of Country
OR { Citizen of _____
Domiciled in _____

Was This Author's Contribution to the Work
Anonymous?    ☐ Yes  ☐ No
Pseudonymous?  ☐ Yes  ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

Nature of Authorship Check appropriate box(es). See Instructions
☐ 3-Dimensional sculpture    ☐ Map             ☐ Technical drawing
☐ 2-Dimensional artwork      ☐ Photograph      ☐ Text
☐ Reproduction of work of art ☐ Jewelry design  ☐ Architectural work

## 3

**a** Year in Which Creation of This Work Was Completed
2005

**b** Date and Nation of First Publication of This Particular Work
Month __August__   Day __29__   Year __2005__
__United States of America__   Nation

## 4

COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2. ▼

MGA ENTERTAINMENT, INC.
16380 Roscoe Boulevard, Van Nuys, CA 91406

Transfer If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

APPLICATION RECEIVED
JAN 2 5 2006
ONE DEPOSIT RECEIVED

TWO DEPOSITS RECEIVED
JAN 2 5 2006
FUNDS RECEIVED

MORE ON BACK ▶ • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions.   • Sign the form at line 8.

Page 1 of ___ pages

EXHIBIT __1__   PAGE __127__

| EXAMINED BY | | FORM VA |
| CHECKED BY | | |
| ☐ CORRESPONDENCE Yes | | FOR COPYRIGHT OFFICE USE ONLY |

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?

☐ Yes  ☑ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼

a. ☐ This is the first published edition of a work previously registered in unpublished form.

b. ☐ This is the first application submitted by this author as copyright claimant.

c. ☐ This is a changed version of the work, as shown by space 6 on this application.

If your answer is "Yes," give: Previous Registration Number ▼        Year of Registration ▼

**5**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.

a. Preexisting Material Identify any preexisting work or works that this work is based on or incorporates. ▼

Preexisting artwork including reg. nos. VA 1-218-487, VA 1-218-488, VA 1-218-489, VA 1-218-490, VA 1-218-491, VA 1-301-529, VA 1-301-530, VA 1-301-528, VA 1-301-531 and VA 1-301-532 and other prior character artwork.

b. Material Added to This Work Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

New artwork and text

**6**

a

b

See instructions before completing this space.

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.

Name ▼                                        Account Number ▼

MGA ENTERTAINMENT, INC.                       DA 92613

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent. Name/Address/Apt/City/State/ZIP ▼

Sam Khare, MGA ENTERTAINMENT, INC.
16380 Roscoe Boulevard, Van Nuys, CA 91406

Area code and daytime telephone number   ( 818 ) 894-2525        Fax number   ( 818 ) 895-0771

Email

**7**

a

b

**CERTIFICATION*** I, the undersigned, hereby certify that I am the

check only one ▶  ☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☑ authorized agent of  MGA Entertainment, Inc.
Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.

SAM KHARE                                        Date  1/25/06

Handwritten signature (X) ▼

X _Sam Khare_

**8**

**9**

Certificate will be mailed in window envelope to this address:

Name ▼
IP Department, MGA ENTERTAINMENT, INC.
Number/Street/Apt ▼
16380 Roscoe Boulevard
City/State/ZIP ▼
Van Nuys, CA 91406

*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

Rev: August 2003—20,000   Web Rev: June 2002   ⊕ Printed on recycled paper                          U.S. Government Printing Office: 2000-461-585/60,029

EXHIBIT  1   PAGE  128

**Exhibit 26**

EXHIBIT ___1___ PAGE 129

Copyright ...
For curre...
website a...
right Offi...

**Ⓒ Form VA**
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE

**VA 1–334–457**

EFFECTIVE DATE OF REGISTRATION

Feb 1 2006

---

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

**1**
Title of This Work ▼
BRATZ CAMPFIRE PACKAGING STYLE GUIDE HOLIDAY 2005

NATURE OF THIS WORK ▼ See Instructions
Text and artwork

Previous or Alternative Titles ▼

Publication as a Contribution If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared. Title of Collective Work ▼

If published in a periodical or serial give: Volume ▼     Number ▼     Issue Date ▼     On Pages ▼

**2**
NAME OF AUTHOR ▼
a   MGA ENTERTAINMENT, INC.

DATES OF BIRTH AND DEATH
Year Born ▼     Year Died ▼

NOTE
Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

Was this contribution to the work a "work made for hire"?
☑ Yes
☐ No

Author's Nationality or Domicile
Name of Country
OR { Citizen of _____
      Domiciled in   USA

Was This Author's Contribution to the Work
Anonymous?   ☐ Yes   ☐ No
Pseudonymous?  ☐ Yes  ☑ No
If the answer to either of these questions is "Yes," see detailed instructions.

Nature of Authorship Check appropriate box(es). See Instructions
☐ 3-Dimensional sculpture
☑ 2-Dimensional artwork
☐ Reproduction of work of art
☐ Map
☐ Photograph
☐ Jewelry design
☐ Technical drawing
☑ Text
☐ Architectural work

b   Name of Author ▼

Dates of Birth and Death
Year Born ▼     Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

Author's Nationality or Domicile
Name of Country
OR { Citizen of _____
      Domiciled in _____

Was This Author's Contribution to the Work
Anonymous?   ☐ Yes   ☐ No
Pseudonymous?  ☐ Yes  ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

Nature of Authorship Check appropriate box(es). See Instructions
☐ 3-Dimensional sculpture
☐ 2-Dimensional artwork
☐ Reproduction of work of art
☐ Map
☐ Photograph
☐ Jewelry design
☐ Technical drawing
☐ Text
☐ Architectural work

**3**
a   Year in Which Creation of This Work Was Completed
2005   ◄ Year

b   Date and Nation of First Publication of This Particular Work
Month   March   Day   31   Year   2005
Nation   United States of America

**4**
COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2. ▼
MGA ENTERTAINMENT, INC.
16380 Roscoe Boulevard, Van Nuys, CA 91406

Transfer If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

APPLICATION RECEIVED
FEB 01 2006
ONE DEPOSIT RECEIVED

TWO DEPOSITS RECEIVED
FEB 01 2006
FUNDS RECEIVED

MORE ON BACK ▶  • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions.  • Sign the form at line 8.

DO NOT WRITE HERE
Page 1 of 2 pages

EXHIBIT ___1___ PAGE 130

| | |
|---|---|
| EXAMINED BY | FORM VA |
| CHECKED BY | |
| CORRESPONDENCE ☐ Yes | FOR COPYRIGHT OFFICE USE ONLY |

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?

☐ Yes  ☑ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼

a. ☐ This is the first published edition of a work previously registered in unpublished form.

b. ☐ This is the first application submitted by this author as copyright claimant.

c. ☐ This is a changed version of the work, as shown by space 6 on this application.

If your answer is "Yes," give: Previous Registration Number ▼          Year of Registration ▼

**5**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.

a. Preexisting Material Identify any preexisting work or works that this work is based on or incorporates. ▼

Preexisting artwork including reg. nos. VA 1-218-487, VA 1-218-488, VA 1-218-489, VA 1-218-490, VA 1-218-491, VA 1-301-329, VA 1-301-330, VA 1-301-328, VA 1-301-331 and VA 1-301-332 and other prior character artwork.

b. Material Added to This Work Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

New artwork and text

**6**

See instructions before completing this space.

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.

Name ▼                                              Account Number ▼

MGA ENTERTAINMENT, INC.                         DA 92613

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent. Name/Address/Apt/City/State/ZIP ▼

Sam Khare, MGA ENTERTAINMENT, INC.
16380 Roscoe Boulevard, Van Nuys, CA 91406

Area code and daytime telephone number  ( 818 ) 894-2525          Fax number  ( 818 ) 895-0771

Email

**7**

a

b

**CERTIFICATION*** I, the undersigned, hereby certify that I am the

check only one ▶  ☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☐ authorized agent of   MGA Entertainment, Inc.
                        Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.

SAM KHARE                                              Date  1/31/06

Handwritten signature (X) ▼

X

**8**

**9**

Certificate will be mailed in window envelope to this address:

Name ▼
IP Department, MGA ENTERTAINMENT, INC.
Number/Street/Apt ▼
16380 Roscoe Boulevard
City/State/ZIP ▼
Van Nuys, CA 91406

*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

Rev: August 2003—30,000   Web Rev: June 2002   ☺ Printed on recycled paper                    U.S. Government Printing Office: 2000-461-405/20,020

EXHIBIT ___1___ PAGE _131_

**Exhibit 27**

EXHIBIT ___1___ PAGE __132__

Copyright
For curre
website r
right Offi

**Form VA**
For Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE

**VA 1-334-455**

EFFECTIVE DATE OF REGISTRATION

Feb 1 2006

---

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

**1**

Title of This Work ▼

BRATZ OOH LA LA PACKAGING STYLE GUIDE HOLIDAY 2005

NATURE OF THIS WORK ▼ See instructions

Text and artwork

Previous or Alternative Titles ▼

Publication as a Contribution If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared. Title of Collective Work ▼

If published in a periodical or serial give: Volume ▼   Number ▼   Issue Date ▼   On Pages ▼

**2**

**a**

NAME OF AUTHOR ▼

MGA ENTERTAINMENT, INC.

DATES OF BIRTH AND DEATH
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?
☒ Yes
☐ No

Author's Nationality or Domicile
Name of Country
OR { Citizen of
Domiciled in _____ USA

Was This Author's Contribution to the Work
Anonymous?   ☐ Yes   ☒ No
Pseudonymous?   ☐ Yes   ☒ No
If the answer to either of these questions is "Yes," see detailed instructions.

Nature of Authorship Check appropriate box(es). See instructions
☐ 3-Dimensional sculpture   ☐ Map   ☐ Technical drawing
☒ 3-Dimensional artwork   ☐ Photograph   ☒ Text
☐ Reproduction of work of art   ☐ Jewelry design   ☐ Architectural work

**b**

Name of Author ▼

Dates of Birth and Death
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

Author's Nationality or Domicile
Name of Country
OR { Citizen of
Domiciled in _____

Was This Author's Contribution to the Work
Anonymous?   ☐ Yes   ☐ No
Pseudonymous?   ☐ Yes   ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

Nature of Authorship Check appropriate box(es). See instructions
☐ 3-Dimensional sculpture   ☐ Map   ☐ Technical drawing
☐ 3-Dimensional artwork   ☐ Photograph   ☐ Text
☐ Reproduction of work of art   ☐ Jewelry design   ☐ Architectural work

**3**

**a** Year in Which Creation of This Work Was Completed

2005   Year   in all cases

**b** Date and Nation of First Publication of This Particular Work
Month February   Day 18   Year 2005
United States of America   Nation

**4**

COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2. ▼

MGA ENTERTAINMENT, INC.
16380 Roscoe Boulevard, Van Nuys, CA 91406

Transfer If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

APPLICATION RECEIVED
FEB 01 2006
ONE DEPOSIT RECEIVED

TWO DEPOSITS RECEIVED
FEB 01 2006
FUNDS RECEIVED

MORE ON BACK ▶ • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions.   • Sign the form at line 8.

DO NOT WRITE HERE

Page 1 of 2 pages

EXHIBIT ___1___ PAGE 133



EXHIBIT ___1___ PAGE 134

**Exhibit 28**

EXHIBIT __1__ PAGE __135__

Copyright Off
For curr
website
right Offi

**Form VA**
For a Work of the Visual Arts

**VA 1-233-273**

EFFECTIVE DATE OF REGISTRATION

MAR 01 2004

---

DO NOT WRITE ABOVE THIS LINE  IF YOU NEED MORE SPACE  USE A SEPARATE CONTINUATION SHEET

**1** Title of This Work ▼

BRATZ Purse Style Guide

NATURE OF THIS WORK ▼ See instructions

Text Illustrations

Previous or Alternative Titles ▼

Publication as a Contribution If this work was published as a contribution to a periodical serial or collection give information about the collective work in which the contribution appeared  Title of Collective Work ▼

If published in a periodical or serial give ▼  Volume ▼   Number ▼   Issue Date ▼   On Pages ▼

---

**2** NAME OF AUTHOR ▼

**a** MGA Entertainment Inc

DATES OF BIRTH AND DEATH
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?
☑ Yes
☐ No

Author's Nationality or Domicile
Name of Country
OR { Citizen of _____
     Domiciled in  USA

Was This Author's Contribution to the Work
Anonymous?        ☐ Yes  ☑ No   If the answer to either of these questions is "Yes" see detailed instructions
Pseudonymous?  ☐ Yes  ☑ No

NOTE
Under the law
the author of
a "work made
for hire" is
generally the
employer not
the employee
(see instruc
tions) For any
part of this
work that was
"made for hire"
check "Yes" in
the space
provided give
the employer
(or other
person for
whom the work
was prepared)
as "Author" of
that part and
leave the
space for dates
of birth and
death blank

Nature of Authorship  Check appropriate box(es)  See instructions
☐ 3 Dimensional sculpture   ☐ Map   ☐ Technical drawing
☐ 2 Dimensional artwork    ☐ Photograph   ☑ Text
☐ Reproduction of work of art   ☐ Jewelry design   ☐ Architectural work

Name of Author ▼

**b**

Dates of Birth and Death
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

Author's Nationality or Domicile
Name of Country
OR { Citizen of _____
     Domiciled in _____

Was This Author's Contribution to the Work
Anonymous?        ☐ Yes  ☐ No   If the answer to either of these questions is "Yes" see detailed instructions
Pseudonymous?  ☐ Yes  ☐ No

Nature of Authorship  Check appropriate box(es)  See instructions
☐ 3 Dimensional sculpture   ☐ Map   ☐ Technical drawing
☐ 2 Dimensional artwork    ☐ Photograph   ☐ Text
☐ Reproduction of work of art   ☐ Jewelry design   ☐ Architectural work

---

**3**  **a** Year in Which Creation of This Work Was Completed
2002  ◄ Year  This information must be given in all cases  ◄ Year

**b** Date and Nation of First Publication of This Particular Work
Complete this information  Month  October  Day 14  Year 2002
ONLY if this work has been published
United States of America  Nation

---

**4** COPYRIGHT CLAIMANT(S)  Name and address must be given even if the claimant is the same as the author given in space 2 ▼

MGA Entertainment Inc
16730 Schoenborn Street North Hills California 91343

Transfer If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2 give a brief statement of how the claimant(s) obtained ownership of the copyright ▼

APPLICATION RECEIVED
MAR - 1 2004
ONE DEPOSIT RECEIVED

TWO DEPOSITS RECEIVED
MAR - 1 2004

FUNDS RECEIVED

---

MORE ON BACK ▶   Complete all applicable spaces (numbers 5 9) on the  reverse side of this page
See detailed instructions   Sign the form at line 8

DO NOT WRITE HERE

Page 1 of ____ pages

EXHIBIT ___1___ PAGE ___136___

| | |
|---|---|
| EXAMINED BY | FORM VA |
| CHECKED BY | |
| ☐ CORRESPONDENCE Yes | FOR COPYRIGHT OFFICE USE ONLY |

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?

☐ Yes ☐ No If your answer is Yes, why is another registration being sought? (Check appropriate box.) ▼

a. ☐ This is the first published edition of a work previously registered in unpublished form.

b. ☐ This is the first application submitted by this author as copyright claimant.

c. ☐ This is a changed version of the work, as shown by space 6 on this application.

If your answer is Yes, give: Previous Registration Number ▼          Year of Registration ▼

**5**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.

a. Preexisting Material Identify any preexisting work or works that this work is based on or incorporates. ▼

Preexisting artwork including Reg. Nos. VA 1 218-487  VA 1 218 488  VA 1 218 489  VA 1 218-490  VA 1 218 491  VA 1 090 287  VA 1 090 288  VA 1 090 289 and VA 1 090 290  and other prior character artwork

b. Material Added to This Work Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

New illustrations and text

**6**

a

b

See instructions before completing this space

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.

Name ▼          Account Number ▼

**7**

a

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent. Name/Address/Apt/City/State/ZIP ▼

Larry W. McFarland  Keats McFarland & Wilson LLP
9720 Wilshire Boulevard Penthouse Suite
Beverly Hills California 90212

Area code and daytime telephone number  ( 310 ) 248 3830          Fax number  ( 310 ) 860 0363

Email  lmcfarland@kmwlaw.com

b

**CERTIFICATION*** I, the undersigned, hereby certify that I am the

check only one ▶ {
☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☑ authorized agent of  MGA Entertainment Inc
Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.

Larry W McFarland          Date  February 27 2004

Handwritten signature (X) ▼

X _Larry W McFarland_

**8**

| Certificate will be mailed in window envelope to this address | Name ▼ Larry W McFarland Keats McFarland & Wilson LLP |
| | Number/Street/Apt ▼ 9720 Wilshire Boulevard Penthouse Suite |
| | City/State/ZIP ▼ Beverly Hills California 90212 |

**9**

*17 U.S.C. §506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

Rev August 2003—30 000   Web Rev Je 2002   ⊕ Printed on recycled paper          U.S. Government Printing Office 2000-461 658/69 009

EXHIBIT  1  PAGE  137

**Exhibit 29**

EXHIBIT ___(___ PAGE 138

**FORM VA**
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE

VA 1-233-194

EFFECTIVE DATE OF REGISTRATION

2 2 04
Month Day Year

---

DO NOT WRITE ABOVE THIS LINE  IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET

**1**

TITLE OF THIS WORK                                    NATURE OF THIS WORK    See Instructions

BRATZ  Stylin  Send-ita!  A Book with 32 Postcards        book illustrations and text

PREVIOUS OR ALTERNATIVE TITLES

Publication as a Contribution  If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared.    Title of Collective Work ▼

If published in a periodical or serial give   Volume ▼    Number ▼            Issue Date ▼            On Pages ▼

---

**2**

NAME OF AUTHOR ▼                                      DATES OF BIRTH AND DEATH
                                                     Year Born    Year Died
**a**  MGA Entertainment

Was this contribution to the work a   AUTHOR'S NATIONALITY OR DOMICILE    WAS THIS AUTHOR'S CONTRIBUTION
"work made for hire"?                 Name of Country                     TO THE WORK
☒ Yes                           OR   { Citizen of _____                 Anonymous?    ☐ Yes  ☐ No    If the answer to either
☐ No                                 { Domiciled in  USA                  Pseudonymous? ☐ Yes  ☐ No    of these questions is "Yes," see detailed instructions.

NOTE

NATURE OF AUTHORSHIP  Check appropriate box(es)  See Instructions
☐ 3 Dimensional sculpture       ☐ Map            ☐ Technical Drawing
☒ 2 Dimensional artwork         ☐ Photograph     ☒ Text
☐ Reproduction of work of art   ☐ Jewelry design ☐ Architectural work

NAME OF AUTHOR ▼                                      DATES OF BIRTH AND DEATH
                                                     Year Born    Year Died
**b**

Was this contribution to the work a   AUTHOR'S NATIONALITY OR DOMICILE    WAS THIS AUTHOR'S CONTRIBUTION
"work made for hire"?                 Name of Country                     TO THE WORK
☐ Yes                           OR   { Citizen of _____                 Anonymous?    ☐ Yes  ☐ No    If the answer to either
☐ No                                 { Domiciled in _____               Pseudonymous? ☐ Yes  ☐ No    of these questions is "Yes," see detailed instructions.

NATURE OF AUTHORSHIP  Check appropriate box(es)  See Instructions
☐ 3 Dimensional sculpture       ☐ Map            ☐ Technical Drawing
☐ 3-Dimensional artwork         ☐ Photograph     ☐ Text
☐ Reproduction of work of art   ☐ Jewelry design ☐ Architectural work

---

**3**

Year in Which Creation of This Work Was   Date and Nation of First Publication of This Particular Work
Completed
**a** 2003  Year                          **b** Month 12  Day 29  Year 2003
                                          USA  Nation

---

**4**

COPYRIGHT CLAIMANT(S)  Name and address must be given even if the claimant is the same
as author given in space 2.    MGA Entertainment
16730 Schoenborn Street
North Hills  CA 91343-6122

TRANSFER  If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright.

APPLICATION RECEIVED
FEB 0 2 2004
ONE DEPOSIT RECEIVED
FEB 0 2 2004
TWO DEPOSITS RECEIVED
FUNDS RECEIVED

---

MORE ON BACK ▶  Complete all applicable spaces (numbers 5-9) on reverse side of this page     DO NOT WRITE HERE
                See detailed instructions.    Sign the form at line 8.                       Page 1 of ___ pages

EXHIBIT __1__ PAGE 139

| EXAMINED BY | CK | FORM VA |
|---|---|---|
| CHECKED BY | | |
| ☐ CORRESPONDENCE Yes | | FOR COPYRIGHT OFFICE USE ONLY |

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?

☐ Yes   ☒ No   If your answer is Yes, why is another registration being sought? (Check appropriate box) ▼

a. ☐ This is the first published edition of a work previously registered in unpublished form.

b. ☐ This is the first application submitted by this author as copyright claimant.

c. ☐ This is a changed version of the work, as shown by space 6 on this application.

If your answer is Yes, give: **Previous Registration Number** _____   **Year of Registration** _____

**5**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.

a. **Preexisting Material** Identify any preexisting work or works that this work is based on or incorporates. ▼

the BRATZ series of Toys

b. **Material Added to This Work** Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

entire text and illustrations based on the BRATZ series of Toys

**6**

a

See instructions before completing this space

b

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.

**Name** Penguin Group (USA) Inc   **Account Number** DA 018074

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent. Name/Address/Apt/City/State/Zip ▼

Jeanne O Brien

same as below

**7**

a

b

**Area Code & Telephone Number** 212 366 2881   **Fax Number** 212 366 2090

**Email** Jeanne O Brien@us penguingroup com

**CERTIFICATION*** I, the undersigned, hereby certify that I am the

check only one ▶
☐ author
☐ other copyright claimant   MGA Entertainment
☐ owner of exclusive right(s)
☒ authorized agent of _____

Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

**Typed or printed name and date** ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.

Jeanne O Brien   **Date** 12 29 2003

**Handwritten signature (X)** ☞ X _Jeanne O Brien_

**8**

**Certificate will be mailed in window envelope to this address**

| Name |
|---|
| Penguin Group (USA) Inc   Copyrights Department |
| Number/Street/Apt |
| 375 Hudson Street  New York  NY 10014 |

**9**

EXHIBIT ___1___   PAGE __140__

**Exhibit 30**

EXHIBIT ____1____ PAGE ___141___

*Final*

**MGA ENTERTAINMENT**
16730 Schoenborn Street
North Hills, California 91343

Dated as of September 18, 2000

Mr. Carter Bryant
1319 West 160th Street
Gardena, California 90247

Dear Mr. Bryant:

Set forth below are the terms and conditions upon which we (hereinafter "MGA") are retaining you ("Bryant") to consult and advise MGA in the design and development of certain products which MGA wishes to manufacture and distribute (hereinafter our agreement is sometimes referred to as the "MGA Consulting Agreement"). The parties' agreement is as follows:

1.    **Retention as Consultant/Services:** MGA retains Bryant to provide his services to consult with MGA and advise MGA on the design and development by MGA of a line of dolls presently known as "Bratz" (the "MGA Products"). Bryant will render his services at such locations and times as may be reasonably be designated by MGA. It is understood and agreed that Bryant shall provide his services on a "top priority" basis as his services pertain to other clients of Bryant. In addition, Bryant and all other Bryant staff will take direction from and be under the supervision of such person(s) as may be reasonably designated by MGA from time to time upon notice to Bryant. It is understood and agreed that, subject to MGA's prior written consent, Bryant may retain third party contractors ("Contractors") to assist at his direction in the services to be rendered hereunder. Such third parties shall be compensated in a manner ("Contractor Fees") to be determined between Bryant and such third parties and shall be subject to the terms of this Agreement, including without limitation, paragraphs 3, 4, and 7, below. Bryant shall enter into agreements with all Contractors on a form approved by MGA as conforming to the terms of this Agreement and confirming MGA's ownership of all results and proceeds of the services provided by any such Contractors; such form is attached a Exhibit "A" to this Agreement, and is incorporated herein by reference.

2.    **Term/Exclusivity:** The Term shall commence on the date of this Agreement. MGA shall have the right to terminate this Agreement on not less than forty-five (45) days prior written notice to Bryant. During the Term of this Agreement, Bryant will not provide consulting services to any person, firm or corporation engaged in the design, development and manufacture and sale of dolls or similar products.

3.    **Ownership:**

      (a)    All results and proceeds of the services provided by Bryant hereunder and any Contractor, including without limitation, any inventions, and any documentation related thereto, and any other material, whether written or oral (collectively, the  "Bryant Work Product") shall be considered "work made for hire" and shall be owned exclusively, throughout the world, and in perpetuity by MGA (including all copyrights and patents therein and thereto, and all renewals and extensions thereof). MGA shall have the sole and exclusive right to use the Bryant Work Product, in whole or in part, in whatever manner MGA may desire, including without limitation, the right to cut, revise, alter and/or otherwise modify the Bryant Work Product and the results of Bryant's services hereunder and the Contractors' services, and to freely use, perform, distribute, exhibit and exploit such materials and license others to do so in any and all media now known or hereafter devised. MGA shall have the sole and exclusive right to copyright or patent the Bryant Work Product in MGA's name, as the owner and author thereof, and to secure any and all registrations, renewals and extensions of such copyrights and

{00006662.DOC/2 / 10/04/2000  03:05 PM}

1

**ATTORNEY'S EYES ONLY**

MGA000001

EXHIBIT ___1___ PAGE __142__

patents in MGA's name or Bryant's name or the Contractors' names, as permitted pursuant to applicable statute. Bryant expressly waives, and shall cause all Contractors to waive, any "moral rights" (as such term is commonly understood around the world) in and to the Bryant Work Product prepared by Bryant and/or the Contractors pursuant to the Agreement. Bryant shall, upon request, execute, acknowledge and deliver, and shall cause each Contractor to execute, acknowledge and deliver, to MGA such additional documents as MGA may deem necessary to evidence and effectuate MGA's rights hereunder, and Bryant hereby grants to MGA the right as Bryant's attorney-in-fact to execute, acknowledge, deliver and record in the U.S. Copyright Office, the U.S. Patent Office or elsewhere any and all such documents. If, whether by statutory amendment to the U.S. Copyright and/or Patent Laws, or a decision by a court of competent jurisdiction interpreting such laws, MGA shall not be deemed to be the author or owner of the Bryant Work Product, this Agreement and each agreement with a Contractor shall, nevertheless, constitute an irrevocable assignment by Bryant and each Contractor, as applicable, to MGA of any and all of Bryant's and each Contractors' right, title and interest, including copyright and patent (and all renewals and extensions thereof), in and to the Bryant Work Product. Bryant acknowledges and agrees, and shall cause each Contractor to acknowledge and agree, that he and they have no interest in and shall not, by virtue of this Agreement or any services rendered by Bryant and/or each Contractor to MGA acquire any interest in the MGA Products and that MGA may exploit the MGA Products and any derivative works thereto, without obligation to Bryant and/or the Contractors, except as provided in Paragraph 4, below.

(b)    Without limiting the generality of the provisions of Paragraph 3(a), above, with respect only to any inventions, and any documentation related thereto, and any other material, whether written or oral, created by or for Bryant relating to the MGA Products prior to the commencement of the term of this Agreement, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by Bryant, Bryant hereby irrevocably grants, conveys, transfers, sets over and assigns to MGA in perpetuity all of Bryant's right, title and interest, in an to the such material, including, without limiting the generality of the foregoing, all rights under copyright and patent (and all renewals and extensions thereof) including the right to produce and authorize the production of any and all derivative works, and all proprietary rights of any kind therein, now known or hereafter created throughout the world. MGA shall have the sole and exclusive right to use such material, in whole or in part, in whatever manner MGA may desire, including without limitation, the right to cut, edit, revise, alter and/or otherwise modify such materials and to freely use, perform, distribute, exhibit and exploit such materials and license others to do so in any and all media now known or hereafter devised or refrain from doing so as MGA may determine. Bryant expressly waives any "moral rights" (as such term is commonly understood around the world) in and to such materials.

4.    **Compensation/Costs:**

(a)    For the first six (6) months of the Term of this Agreement, MGA shall pay Bryant for his services at the rate of five thousand five hundred dollars ($5,500.00) per month; for the next three (3) months of the Term, MGA shall pay Bryant for his services at the rate of five thousand dollars ($5,000.00) per month. All sums paid to Bryant as monthly fees shall be deemed to be non-refundable, fully-recoupable advances against any royalties that may be payable to Bryant pursuant to paragraph 4(b), below.

(b)    MGA shall pay to Bryant a royalty of three percent (3%) of the Net Sales Receipts from the sales by MGA of any of the MGA Products developed by MGA on which Bryant provided his consulting services. As used herein, the term "Net Sales Receipts" means all monies actually received by MGA from its customers on sales of MGA Products less (i) any and all excise, sales, value added or comparable or similar taxes; (ii) freight and similar third party handling charges paid or payable by MGA; and (iii) returns, discounts, allowances or credits (inclusive of co-op and trade discounts and allowances). MGA shall account to Bryant on a calendar quarterly basis within thirty (30) days after the end of each quarter. All statements of royalties rendered by MGA hereunder shall be conclusive, final,

{00006662.DOC/2 / 10/04/2000  03:05 PM}

2

ATTORNEY'S EYES
ONLY

MGA000002

EXHIBIT __1__ PAGE __143__

and binding on Bryant, shall constitute an account stated, and shall not be subject to any question for any reason whatsoever unless specific written objection, stating the basis thereof, is given by Bryant to MGA within two (2) years after the date rendered. No action, suit, or proceeding of any nature in respect of any royalty statement or other accounting rendered by MGA hereunder may be maintained against MGA unless such action, suit, or proceeding is commenced against MGA in a court of competent jurisdiction within one (1) year after the date of MGA's notice rejecting such objection. Bryant or his representatives shall have the right, not more than once per year and not more than once per statement of royalties, to examine MGA's books and records relating to the sales of such MGA Products, such examination to be conducted during MGA's normal business hours and upon reasonable prior written notice.

(c)     All costs and expenses incurred by Bryant in connection with the performance of his obligations hereunder shall be borne solely by Bryant, except as otherwise agreed and incurred with MGA's prior written consent. In the event MGA requests Bryant to travel to the Orient on MGA's behalf in connection with his services hereunder, MGA will reimburse Bryant for all travel expenses incurred in connection therewith, such as parking, airfare (economy class), auto rental, meals and hotel accommodations. Reimbursement shall be at the actual cost of such item without any mark-up.

(d)     Bryant shall submit invoices to MGA for his monthly fees (and reimbursable expenses, if and as agreed) on a monthly basis. Each invoice shall provide sufficient detail to support the monthly fee charges and hours rendered (and shall include satisfactory copies of bills and/or payments for reimbursable expenses, as applicable). MGA shall pay each such invoice within fifteen (15) days after receipt of such invoice, provided, however, MGA reserves the right to request further explanation or documentation before paying any invoice submitted by Bryant.

(e)     MGA shall use its reasonable business efforts, consistent with its business judgment, to market, promote, distribute, sell and/or exploit the MGA Products and to collect on all monies due from sales. MGA has not made and does not hereby make any representation or warranty with respect to the quantity of sales (if any) of MGA Products embodying the Property which MGA may sell. Bryant recognizes and acknowledges that the sale of MGA Products is speculative and agrees that MGA's judgment and the judgment of its subsidiaries and affiliated companies with regard to the sales of any of its MGA Products and with regard to the marketing, promotion, advertising and exploitation of the MGA Products shall be binding and conclusive upon Bryant. Bryant warrants and agrees that Bryant will not make any claim, nor shall any liability be imposed upon MGA based upon any claim, that more sales could have been made or that better business could have been done than what was actually made or done by MGA or any of MGA's subsidiaries or its affiliated companies, or that better prices or terms could have been obtained.

5.     **Warranties and Indemnity:**  Bryant represents, warrants and agrees that:

(a)     he has the right and is free to execute this Agreement, to grant the rights granted by him to MGA hereunder, and to perform each and every term and provision hereof;

(b)     neither the execution and delivery of this Agreement nor the performance by Bryant of any of his obligations hereunder will constitute a violation, breach or default under any agreement, arrangement or understanding, or any other restriction of any kind, to which Bryant is a party or by which Bryant is bound;

(c)     the Bryant Work Product shall be free of all liens and encumbrances and there will be no claims, demands or actions pending or threatened with respect thereto; and that the Bryant Work Product is original and no part thereof infringes or shall infringe upon any common law or statutory rights or intellectual property rights of any third party including, without limitation, contractual rights,

[00006662.DOC/2 / 10/04/2000  03:05 PM]

3

ATTORNEY'S EYES
ONLY

MGA000003

EXHIBIT ____1____ PAGE 144

patents, copyrights, mask-work rights, trade secrets, rights of privacy and other intellectual property rights;

      (d)    he shall comply with all applicable laws and regulations in force during the Term of this Agreement with respect to the services to be rendered hereunder; and

      (e)    he shall indemnify and hold MGA harmless from and against any and all claims, losses, costs, judgments, settlements, damages and expenses (including reasonable counsel fees) arising from any breach by him of any of the warranties, representations and agreements made by him hereunder.

**6.**    **Default/Termination:**

      (a)    In the event either Party fails to perform any of its material obligations hereunder, or breaches any representation, warranty or agreement contained herein, the other Party may terminate this Agreement on thirty (30) days prior written notice, provided the breaching Party shall not have remedied such failure within such thirty (30) day period.

      (b)    Upon the termination of this Agreement Bryant shall turn over to MGA all materials relating to the MGA Products furnished by MGA to Bryant or shall give MGA satisfactory evidence of their destruction.

**7.**    **Confidentiality:**

      (a)    Bryant shall keep in confidence and not disclose to any third party, without the written permission of MGA, the Confidential Information made known to him under this Agreement. As used herein, the term "Confidential Information" means information relating to MGA's products (whether current or projected), product titles, customers, employees, tools and techniques, designs, drawings, schematics and other documentation relating thereto and other confidential and proprietary business information of MGA and which is expressly labeled or identified to Bryant in writing as "confidential" or which, under the circumstances of such disclosure, Bryant knows, or reasonably should know, are treated by MGA as confidential. This requirement of confidentiality shall not apply to any information that is (i) in the public domain through no wrongful act of Bryant; (ii) rightfully received by the Bryant from a third party who is not bound by a restriction of nondisclosure; (iii) already in the Bryant's possession without restriction as to disclosure; or (iv) required to be disclosed by operation of law or by order of a court or administrative body of competent jurisdiction, (provided that prior to such disclosure, MGA shall first receive notice thereof from Bryant and have the opportunity to contest such order or requirement of disclosure or seek appropriate protective order).

      (b)    Bryant agrees and acknowledges that all Confidential Information disclosed to him shall be and remain the sole property of MGA. Nothing contained in this Agreement shall be construed as granting to Bryant any right, title or interest of any kind, by license or otherwise, to the Confidential Information disclosed by MGA, the intellectual property therein or any part or copy thereof. Bryant further acknowledges and agrees that nothing contained herein shall be construed as granting Bryant any right to develop, manufacture, produce and/or distribute any product(s) derived from or which otherwise uses any of the Confidential Information disclosed by MGA, or authorize or in any way assist others to do so. Bryant may not make, sell, license or distribute copies of the Confidential Information disclosed by MGA and may not sublicense, transfer or assign in any manner whatsoever this Agreement or any of Bryant's rights or obligations under this Agreement.

      (c)    Bryant acknowledges that his failure to perform any of the terms or conditions of this Agreement shall result in immediate and irreparable damage to MGA. Bryant also acknowledges that there may be no adequate remedy at law for such failures and that in the event thereof MGA shall be

{00006682.DOC/2 / 10/04/2000  03:05 PM}

**ATTORNEY'S EYES ONLY**

MGA000004

EXHIBIT __1__ PAGE _145_

entitled to equitable relief in the nature of injunction and to all other available relief, at law and/or in equity.

8.    **Notices:** All notices, statements and/or payments to be given to the parties hereunder shall be addressed to the parties at the addresses set forth on the first page hereof or at such other address as the parties shall designate in writing from time to time. All notices shall be in writing and shall either be served by personal delivery, mail, or facsimile (if confirmed by mail or personal delivery of the hard copy), all charges prepaid. Except as otherwise provided herein, such notices shall be deemed given when personally delivered, all charges prepaid, or on the date five (5) days following the date of mailing, except that notices of change of address shall be effective only after the actual receipt thereof. Copies of all notices to MGA shall be sent to Fischbach, Perlstein & Lieberman LLP, 1875 Century Park East, Suite 850, Los Angeles, California 90067, Attention: David S. Rosenbaum, Esq. Copies of all notices to Bryant shall be sent to Carter Bryant 1319 West 160th Street, Gardena, California 90247.

9.    **Independent Contractor/No Partnership/Third Party Beneficiary:** Bryant's relationship with MGA is that of an independent contractor. Bryant does not have, and will not represent that he has, any power, right or authority to bind MGA, or to assume or create any obligation or responsibility, express or implied, on behalf of MGA in MGA's name. Nothing stated in the Agreement shall be construed as constituting a partnership or as creating the relationships of employer/employee or principal/agent between the parties. In all matters relating to the Agreement, Bryant shall not act as MGA's employee within the meaning or application of any federal or state unemployment insurance laws, or any other laws or regulations which may impute any obligations or liabilities to MGA by reason of an employment relationship. Bryant will be solely responsible for all taxes, including without limitation, employee and employer, and that he carries all of his own insurance. Neither of the parties hereto shall hold itself out contrary to the terms of this provision by advertising or otherwise. This Agreement shall not be construed to be for the benefit of any third party.

10.    **Services Rendered Deemed Special, etc.:** Bryant acknowledges that the services to be rendered by him hereunder are of a special, unique, extraordinary and intellectual character which gives them peculiar value, the loss of which cannot be adequately compensated for in an action at law and that a breach of any term, condition or covenant hereof will cause irreparable harm and injury to MGA and in addition to any other available relief MGA will be entitled to seek injunctive relief.

11.    **General Provisions:**

    (a)    This Agreement may not be assigned by either Party hereto either voluntarily or by operation of law. Any such assignment shall not relieve such Party of its obligations hereunder.

    (b)    The titles of the paragraphs of this Agreement are for convenience only and shall not in any way affect the interpretation of any paragraph of this Agreement or the Agreement itself.

    (c)    A waiver by either Party of the terms or conditions of this Agreement in any instance shall not be deemed or construed to be a waiver of such terms or conditions for the future or of any subsequent breach thereof. All remedies, rights, undertakings, obligations and agreements contained herein shall be cumulative and none of them shall be in limitation of any other remedy, right, undertaking, obligation or agreement of either Party.

    (d)    Neither Party hereto shall be liable to the other for any incidental, consequential, special or punitive damages of any nature or kind, arising out of in connection with a breach by such Party of this Agreement, whether such liability is asserted on the basis of contract, tort (including negligence or strict liability), or otherwise, even if such Party has been warned of the possibility of any such loss or damage.

{00008662.DOC/2 / 10/04/2000  03:05 PM}

5

ATTORNEY'S EYES ONLY

MGA000005

EXHIBIT ____1____ PAGE 146

(e)     This Agreement shall be construed and interpreted pursuant to the laws of the State of California, applicable to agreements made and to be performed entirely therein, and the parties hereto submit and consent to the jurisdiction of the courts of the State of California, including Federal Courts located therein, should Federal jurisdiction requirements exist, in any action brought to enforce (or otherwise relating to) this contract.

(f)     This Agreement constitutes the entire Agreement between the parties hereto and supersedes all prior agreements, whether written or oral, with respect to the subject matter herein contained.  No provision of this Agreement shall be deemed waived, amended or modified by either Party unless such waiver, amendment or modification shall be in writing and signed by a duly authorized officer of the Party against whom the waiver, amendment or modification is to be enforced.

(g)     Nothing contained in this Agreement shall be construed so as to require the commission of any act contrary to law, and wherever there is any conflict between any provision of this Agreement and any material statute, law, ordinance, order or regulation contrary to which the parties hereto have no legal right to contract, the latter shall prevail, but in such event any provision of this Agreement so affected shall be curtailed and limited only to the extent necessary to bring it within the legal requirements.

Kindly indicate your agreement with the foregoing by signing in the space provided below.

Very truly yours,

MGA ENTERTAINMENT

By: _____

Its: _____

AGREED TO AND ACCEPTED:

_____
CARTER BRYANT

REDACTED
Social Security Number

[K00008682.DOC/2 / 10/04/2000  03:05 PM]

6

ATTORNEY'S EYES
ONLY

MGA000006

EXHIBIT __1__ PAGE __147__

**Exhibit 31**

EXHIBIT ___1___ PAGE __148__

# EMPLOYEE CONFIDENTIAL INFORMATION AND INVENTIONS AGREEMENT

I acknowledge that Mattel, Inc. (the "Company") operates in a competitive environment and that it enhances its opportunities to succeed by establishing certain policies, including those included in this Agreement. This Agreement is designed to make clear that: (i) I will maintain the confidentiality of the Company's trade secrets; (ii) I will use those trade secrets for the exclusive benefit of the Company; (iii) inventions that I create will be owned by the Company; (iv) my prior and continuing activities separate from the Company will not conflict with the Company's development of its proprietary rights; and (v) when and if my employment with the Company terminates I will not use my prior position with the Company to the detriment of the Company. In consideration of my employment with the Company and other good and valuable consideration, I agree that:

## 1. Provisions Related to Trade Secrets

(a) I acknowledge that the Company possesses and will continue to develop and acquire valuable Proprietary Information (as defined below), including information that I may develop or discover as a result of my employment with the Company. The value of that Proprietary Information depends on it remaining confidential. The Company depends on me to maintain that confidentiality, and I accept that position of trust.

(b) As used in this Agreement, "Proprietary Information" means any information (including formula, pattern, compilation, device, method, technique or process) that derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use, and includes information on the Company, its customers, suppliers, joint ventures, licensors, licensees, distributors and other persons and entities with whom the Company does business.

(c) I will not disclose or use at any time either during or after my employment with the Company, any Proprietary Information except for the exclusive benefit of the Company as required by my duties for the Company, or as the Company expressly may consent to in writing. I will cooperate with the Company and use my best efforts to prevent the unauthorized disclosure, use or reproduction of all Proprietary Information.

(d) Upon leaving employment with the Company for any reason, I immediately will deliver to the Company all tangible, written, graphical, machine readable and other materials (including all copies) in my possession or under my control containing or disclosing Proprietary Information.

## 2. Ownership of Inventions

(a) I agree to communicate to the Company as promptly and fully as practicable all Inventions (as defined below) conceived or reduced to practice by me (alone or jointly by others) at any time during my employment by the Company. I hereby assign to the Company and/or its nominee(s) all my right, title and interest in such Inventions, and all my right, title and interest in any patents, copyrights, patent applications or copyright applications based thereon. I will assist the Company and/or its nominee(s) to continue (without charge but at no expense to me) at any time in every proper way to obtain for its and/or their own benefit, patents and copyrights for all such Inventions anywhere in the world and to enforce its and/or their rights in legal proceedings.

(b) As used in this Agreement, the term "Inventions" includes, but is not limited to, all discoveries, improvements, processes, developments, designs, know-how, data computer programs and formulae, whether patentable or unpatentable.

(c) Any provision in this agreement requiring me to assign my rights in any Invention does not apply to an invention which qualifies under the provision of Section 2870 of the California Labor Code. That section provides that the requirement to assign "shall not apply to an invention that the employee developed entirely on his or her own time without using the employer's equipment, supplies, facilities or trade secret information except for those Inventions that either (1) relate at the time of conception or reduction to practice of the Invention to the employer's business, or actual or demonstrably anticipated research of development of the employer; or (2) result from any work performed by the employee for the employer." I understand that I bear the burden of proving that an Invention qualifies under Section 2870.

(d) I hereby irrevocably designate and appoint the Company and each of its duly authorized officers and agents as my agent and attorney-in-fact to act for and in my behalf and stead to execute and file any documents and to do all other lawfully permitted acts to further the prosecution, issuance and enforcement of patents, copyrights and other proprietary rights with the same force and effect as if executed and delivered by me.

## 3. Conflicts with Other Activities

(a) My employment with the Company requires my undivided attention and effort. Therefore, during my employment with the Company I will fully comply with the Company's Conflict of Interest Policy, as it may be amended from time to time. I shall not, without the Company's express written consent, engage in any employment or business other than for the Company, or invest in or assist (in any manner) any business competitive with the business or future business plans of the Company.

## 4. Miscellaneous

(a) My obligations under this Agreement may not be modified or terminated, in whole or in part, except in writing signed by a Vice-President of the Company. Any waiver by the Company of a breach on any provision of this Agreement will not operate or be construed as a waiver of any subsequent breach.

(b) Each provision of this Agreement will be treated as a separate and independent clause, and the unenforceability of any one provision will in no way impair the enforceability of any other provision. If any provision is held to be unenforceable, such provision will be construed by the appropriate judicial body by limiting or reducing it to the minimum extent necessary to make it legally enforceable.

(c) My obligation under this Agreement will survive the termination of my employment, regardless of the manner of such termination. This Agreement will inure to the benefit of and be binding upon the successors and assigns of the Company.

(d) I understand that the provisions of this Agreement are a material condition to my employment. I also understand that this Agreement is not an employment contract, and nothing in this Agreement creates any right to my continuous employment by the Company, or to my employment for any particular term.

(e) Any breach of this Agreement likely will cause irreparable harm to the Company for which money damages could not reasonably or adequately compensate the Company. Accordingly, I agree that the Company will be entitled to injunctive relief to enforce this Agreement, in addition to damages and other available remedies.

(f) This agreement will be governed by and interpreted in accordance with the laws of the State of California.

(g) This Agreement contains the complete agreement between the Company and me concerning the subject matter hereof and supersedes all other agreements and understandings. This Agreement may be executed in counterparts. This Agreement will be deemed effective as of the start of Employee's employment with the Company.

**CAUTION: THIS AGREEMENT CREATES IMPORTANT OBLIGATIONS OF TRUST AND AFFECTS THE EMPLOYEE'S RIGHTS TO INVENTIONS THE EMPLOYEE MAY MAKE DURING HIS OR HER EMPLOYMENT.**

Employee Signature _____

Employee Name (print)  CARTER H. BRYANT

Date  01/04/99

Signature _____

Name of Witness (print)  TERESA NEWCOMB

M 0001596

DEPOSITION EXHIBIT
25
11.8.04

EXHIBIT 1  PAGE 149

**Exhibit 32**

EXHIBIT ___1___ PAGE _150_

 **Mattel**

**PROPRIETARY INFORMATION CHECKOUT**   MAT-4125-B

Each terminating employee should be aware that, in his Employee's Agreement, he has agreed to transfer all Inventions made or conceived during the period of his employment to Mattel and to do all acts necessary to secure patent protection for such Inventions for Mattel.

Each employee should also be aware that he has agreed to protect the proprietary Information of Mattel. More particularly, he has agreed essentially as follows:

"In consideration of my employment by MATTEL, INC., or any of its subsidiaries or affiliated companies now or hereafter existing (hereinafter referred to individually and collectively as 'MATTEL'), I hereby covenant and agree that:

My Interest in (a) any and all Inventions, improvements and Ideas (whether or not patentable) which I have made or conceived, or may make or conceive at any time during the period of my employment with the Company, either solely or jointly with others and in (b) any suggestions, designs, trademarks, copyright subject matter, literary or artistic works which I have made or conceived, or may make or conceive at any time during the period of my employment which relate or are applicable directly or indirectly to any phase of the Company's business shall be the exclusive property of the Company, its successors, assignees or nominees. (The items defined in (a) and (b) above will hereinafter be referred to collectively as 'Proprietary Subject Matter'.)

I shall make full and prompt disclosure in writing to an officer or official of the Company, or to anyone designated for that purpose by the Company, of all Proprietary Subject Matter made or conceived during the term of my employment. I agree, at the request of Mattel's Patent counsel, to provide additional information to more fully define the specific structure of the disclosed subject matter and to present support documents evidencing my conception and development of the subject matter.

Since the work for which I am employed upon which I shall be engaged will include Company knowledge and information of a private, confidential, or secret nature, I shall not, except as required in the conduct of the Company's business or as authorized in writing by the Company, during the course of my employment or thereafter, publish, disclose, or make use of, or authorize anyone else to publish, disclose or otherwise make use of any such knowledge or information, of a confidential nature to and the secret property of the Company or the design, construction, manufacture or sale of the Company's products or services. This obligation shall apply even to Company information created by me.

All documents, written information and other items including, but not limited to, notes, sketches, manuals, blueprints, notebooks, products, tools, fixtures, records and information relating to the business of the Company, made or obtained by me while employed by the Company shall be the exclusive property of the Company and shall be delivered by me to the Company on termination of my employment or at any time as requested by the Company".

Please acknowledge the above by signing and dating in the spaces provided below.

After Employment

SIGNATURE _____   DATE 10/19/00

WITNESS _____   DATE 10/19/00

M 0001604

DEPOSITION
EXHIBIT
27

EXHIBIT 1   PAGE 151

**Exhibit  2**

**RECEIVED**

APR 0 2 2007

1  DOUGLAS A. WICKHAM, Bar No. 127268
   dwickham@littler.com
2  KEITH A. JACOBY, Bar No. 150233
   kjacoby@littler.com
3  LITTLER MENDELSON
   A Professional Corporation
4  2049 Century Park East, 5th Floor
   Los Angeles, CA  90067.3107
5  Telephone:  (310) 553-0308
   Facsimile:   (310) 553-5583
6
7  Attorneys for Defendant and Counter-Claimant
   CARTER BRYANT
8
9            UNITED STATES DISTRICT COURT
10           CENTRAL DISTRICT OF CALIFORNIA
11              EASTERN DIVISION

11 | MATTEL, INC., a Delaware              | Case No.  CV 04-090949 SGL (RNBx)
12 | Corporation,                          | (consolidated with Case No. CV 04-
   |                                       | 9059 and Case No. CV 05-2727)
13 |          Plaintiff and Counter-       |
   |          Defendant,                   | **CARTER BRYANT'S RESPONSES**
14 |                                       | **TO MATTEL'S THIRD SET OF**
   | v.                                    | **REQUESTS FOR ADMISSION**
15 |                                       |
16 | CARTER BRYANT, an individual, and     |
   | DOES 1 through 10, inclusive,         |
17 |          Defendant.                   |
18 |                                       |
19 | CONSOLIDATED WITH MATTEL,             |
20 | INC. v. BRYANT and, MGA               |
   | ENTERTAINMENT, INC. v.                |
21 | MATTEL, INC.                          |

22  **PROPOUNDING PARTY:**    **PLAINTIFF MATTEL, INC. ("Plaintiff")**

23  **RESPONDING PARTY:**    **DEFENDANT CARTER BRYANT ("Defendant")**

24  **SET:**                 **THREE (3)**

25
26
27
28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

EXHIBIT __2__ PAGE __152__
3·30

1    Carter Bryant ("Defendant" or "Bryant") hereby provides responses to Mattel,

2    Inc.'s ("Mattel") Third Set of Requests for Admission to Carter Bryant as follows:

3                              **GENERAL OBJECTIONS**

4        These responses and objections are made solely for the purpose of this action.

5    The following responses are based upon information presently known and available to

6    Defendant. Discovery is ongoing and Defendant reserves the right to supplement

7    these responses with subsequently discovered information and/or to introduce such

8    information at trial. Each response is subject to all objections as to competence,

9    relevance, materiality, proprietary subject matter, admissibility and any and all other

10   objections or grounds that would require exclusion of the responses or documents

11   produced by Defendant, or any part thereof, if any of these responses were presented

12   at court. All appropriate objections and grounds are hereby reserved and may be

13   interposed at trial regarding the introduction into evidence of a response by Defendant

14   in reply to Plaintiff's Requests for Admission, Set Three.

15       The fact that Defendant has responded to or objected to any request or part

16   thereof may not be taken as an admission of the existence of any fact set forth in or

17   assumed by such request or that such response constitutes relevant evidence. The fact

18   that Defendant has answered part or all of any request shall not be construed to be a

19   waiver by Defendant of any objections to part or all of any request. Nothing

20   contained herein shall be construed as an admission of the existence or nonexistence

21   of any fact. No implied admissions whatsoever are intended by these responses.

22       To the extent that any request calls for information which constitutes material

23   prepared in anticipation of litigation or for trial, information or material covered by

24   the attorney work-product doctrine or information protected from disclosure by virtue

25   of a privilege including, but not limited to, the attorney-client communication

26   privilege, the joint defense privilege and/or the common interest privilege, Defendant

27   objects to each and every such request and will not supply or produce any such

28   information.

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3167
310.553.0308

1.

EXHIBIT _2_ PAGE _153_

1       To the extent that any request seeks information relating to confidential

2   personnel or other information of persons other than Plaintiff, Defendant objects to

3   each and every such request on the grounds that such request is overbroad, seeks

4   information that is not relevant to the subject matter of this action, is not reasonably

5   calculated to lead to the discovery of admissible evidence and invades the privacy

6   rights of such other persons.  Defendant also objects to any request to the extent it

7   requires disclosure of documents reflecting, concerning or constituting trade secrets,

8   proprietary and confidential information.  Such information, to the extent it is relevant

9   to this action and either has been or will be produced, has been and will be produced

10   in reliance upon and pursuant to protective order.  Furthermore, Defendant objects to

11   the requests on the grounds that they seek confidential, proprietary and trade secret

12   information that has no bearing on the claims or defenses in this case.  Defendant

13   further objects to any request to the extent it seeks information that is seven years

14   removed from Defendant's employment from Plaintiff.  Defendant objects to the

15   requests on the grounds that the definitions of "Bratz" and "MGA" are overbroad,

16   vague, ambiguous, and non-specific.

17       **Specific Objections And Responses To Requests For Admission**

18       The above stated objections are hereby made applicable to each and every

19   request and are incorporated by reference as though fully set forth in each response to

20   each demand.  Without waiving any of the foregoing objections, and except as

21   objected to above, Defendant responds to Mattel, Inc.'s Third Set of Requests for

22   Admission, as follows:

23   **REQUEST FOR ADMISSION NO. 1:**

24       Admit that the document attached hereto as Exhibit 1 is a true and

25   correct copy of a registration MGA obtained from the U.S. Copyright Office as of

26   June 18, 2001.

27   **RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

28       In addition to the foregoing general objections, which are incorporated herein

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

2.

EXHIBIT ____2____ PAGE 154

1  by reference, Defendant objects to this Request on the grounds that it calls for the

2  disclosure of information subject to the attorney-client privilege, the work product

3  doctrine and other applicable privileges.  Defendant further objects to this Request on

4  the grounds that Defendant cannot either admit or deny this Request because

5  information known or readily available to Defendant is insufficient to enable it to

6  admit or deny the Request.

7      Subject to and without waiving the foregoing general and specific objections,

8  Defendant responds:  Defendant has made reasonable inquiry and that the information

9  known or readily obtainable by Defendant is insufficient to enable Defendant to admit

10  or deny this Request and, on that basis Defendant denies the same.

11

12  **REQUEST FOR ADMISSION NO. 2:**

13      Admit that the document attached hereto as Exhibit 2 is a true and correct copy

14  of a supplementary registration MGA obtained from the U.S. Copyright Office as of

15  March 28, 2005.

16  **RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

17      In addition to the foregoing general objections, which are incorporated herein

18  by reference, Defendant objects to this Request on the grounds that it calls for the

19  disclosure of information subject to the attorney-client privilege, the work product

20  doctrine and other applicable privileges.  Defendant further objects to this Request on

21  the grounds that Defendant cannot either admit or deny this Request because

22  information known or readily available to Defendant is insufficient to enable it to

23  admit or deny the Request.

24      Subject to and without waiving the foregoing general and specific objections,

25  Defendant responds:  Defendant has made reasonable inquiry and that the information

26  known or readily obtainable by Defendant is insufficient to enable Defendant to admit

27  or deny this Request and, on that basis Defendant denies the same.

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067-3107
310.553.0308

3.

EXHIBIT 2  PAGE 155

**REQUEST FOR ADMISSION NO. 3:**

Admit that the document attached hereto as Exhibit 3 is a true and correct copy of a registration MGA obtained from the U.S. Copyright Office as of December 22, 2003.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

In addition to the foregoing general objections, which are incorporated herein by reference, Defendant objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the work product doctrine and other applicable privileges. Defendant further objects to this Request on the grounds that Defendant cannot either admit or deny this Request because information known or readily available to Defendant is insufficient to enable it to admit or deny the Request.

Subject to and without waiving the foregoing general and specific objections, Defendant responds: Defendant has made reasonable inquiry and that the information known or readily obtainable by Defendant is insufficient to enable Defendant to admit or deny this Request and, on that basis Defendant denies the same.

**REQUEST FOR ADMISSION NO. 4:**

Admit that the document attached hereto as Exhibit 4 is a true and correct copy of a supplementary registration MGA obtained from the U.S. Copyright Office as of March 28, 2005.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

In addition to the foregoing general objections, which are incorporated herein by reference, Defendant objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the work product doctrine and other applicable privileges. Defendant further objects to this Request on the grounds that Defendant cannot either admit or deny this Request because information known or readily available to Defendant is insufficient to enable it to

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

4.

EXHIBIT __2__ PAGE __156__

1  admit or deny the Request.

2      Subject to and without waiving the foregoing general and specific objections,

3  Defendant responds:  Defendant has made reasonable inquiry and that the information

4  known or readily obtainable by Defendant is insufficient to enable Defendant to admit

5  or deny this Request and, on that basis Defendant denies the same.

6

7  **REQUEST FOR ADMISSION NO. 5:**

8      Admit that the document attached hereto as Exhibit 5 is a true and correct copy

9  of a registration MGA obtained from the U.S. Copyright Office as June 18, 2001.

10  **RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

11      In addition to the foregoing general objections, which are incorporated herein

12  by reference, Defendant objects to this Request on the grounds that it calls for the

13  disclosure of information subject to the attorney-client privilege, the work product

14  doctrine and other applicable privileges.  Defendant further objects to this Request on

15  the grounds that Defendant cannot either admit or deny this Request because

16  information known or readily available to Defendant is insufficient to enable it to

17  admit or deny the Request.

18      Subject to and without waiving the foregoing general and specific objections,

19  Defendant responds:  Defendant has made reasonable inquiry and that the information

20  known or readily obtainable by Defendant is insufficient to enable Defendant to admit

21  or deny this Request and, on that basis Defendant denies the same.

22

23  **REQUEST FOR ADMISSION NO. 6:**

24      Admit that the document attached hereto as Exhibit 6 is a true and correct copy

25  of a supplementary registration MGA obtained from the U.S. Copyright Office as of

26  March 28, 2005.

27  **RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

28      In addition to the foregoing general objections, which are incorporated herein

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA  90067-3107
310.553.0308

EXHIBIT __2__ PAGE __157__

1   by reference, Defendant objects to this Request on the grounds that it calls for the

2   disclosure of information subject to the attorney-client privilege, the work product

3   doctrine and other applicable privileges.  Defendant further objects to this Request on

4   the grounds that Defendant cannot either admit or deny this Request because

5   information known or readily available to Defendant is insufficient to enable it to

6   admit or deny the Request.

7          Subject to and without waiving the foregoing general and specific objections,

8   Defendant responds:  Defendant has made reasonable inquiry and that the information

9   known or readily obtainable by Defendant is insufficient to enable Defendant to admit

10   or deny this Request and, on that basis Defendant denies the same.

11

12   **REQUEST FOR ADMISSION NO. 7:**

13          Admit that the document attached hereto as Exhibit 7 is a true and correct copy

14   of a registration MGA obtained from the U.S. Copyright Office as of December 22,

15   2003.

16   **RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

17          In addition to the foregoing general objections, which are incorporated herein

18   by reference, Defendant objects to this Request on the grounds that it calls for the

19   disclosure of information subject to the attorney-client privilege, the work product

20   doctrine and other applicable privileges.  Defendant further objects to this Request on

21   the grounds that Defendant cannot either admit or deny this Request because

22   information known or readily available to Defendant is insufficient to enable it to

23   admit or deny the Request.

24          Subject to and without waiving the foregoing general and specific objections,

25   Defendant responds:  Defendant has made reasonable inquiry and that the information

26   known or readily obtainable by Defendant is insufficient to enable Defendant to admit

27   or deny this Request and, on that basis Defendant denies the same.

28

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA  90067-3107
310.553.0308

6.

EXHIBIT __2__ PAGE __188__

**REQUEST FOR ADMISSION NO. 8:**

Admit that the document attached hereto as Exhibit 8 is a true and correct copy of a supplementary registration MGA obtained from the U.S. Copyright Office as of March 28, 2005.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

In addition to the foregoing general objections, which are incorporated herein by reference, Defendant objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the work product doctrine and other applicable privileges. Defendant further objects to this Request on the grounds that Defendant cannot either admit or deny this Request because information known or readily available to Defendant is insufficient to enable it to admit or deny the Request.

Subject to and without waiving the foregoing general and specific objections, Defendant responds: Defendant has made reasonable inquiry and that the information known or readily obtainable by Defendant is insufficient to enable Defendant to admit or deny this Request and, on that basis Defendant denies the same.


**REQUEST FOR ADMISSION NO. 9:**

Admit that the document attached hereto as Exhibit 9 is a true and correct copy of a registration MGA obtained from the U.S. Copyright Office as of June 18, 2001.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

In addition to the foregoing general objections, which are incorporated herein by reference, Defendant objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the work product doctrine and other applicable privileges. Defendant further objects to this Request on the grounds that Defendant cannot either admit or deny this Request because information known or readily available to Defendant is insufficient to enable it to admit or deny the Request.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

7.

EXHIBIT __2__ PAGE **159**

1    Subject to and without waiving the foregoing general and specific objections,

2    Defendant responds:  Defendant has made reasonable inquiry and that the information

3    known or readily obtainable by Defendant is insufficient to enable Defendant to admit

4    or deny this Request and, on that basis Defendant denies the same.

5

6    **REQUEST FOR ADMISSION NO. 10:**

7    Admit that the document attached hereto as Exhibit 10 is a true and correct

8    copy of a supplementary registration MGA obtained from the U.S. Copyright Office

9    as of March 28, 2005.

10   **RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

11   In addition to the foregoing general objections, which are incorporated herein

12   by reference, Defendant objects to this Request on the grounds that it calls for the

13   disclosure of information subject to the attorney-client privilege, the work product

14   doctrine and other applicable privileges.  Defendant further objects to this Request on

15   the grounds that Defendant cannot either admit or deny this Request because

16   information known or readily available to Defendant is insufficient to enable it to

17   admit or deny the Request.

18   Subject to and without waiving the foregoing general and specific objections,

19   Defendant responds:  Defendant has made reasonable inquiry and that the information

20   known or readily obtainable by Defendant is insufficient to enable Defendant to admit

21   or deny this Request and, on that basis Defendant denies the same.

22

23   **REQUEST FOR ADMISSION NO. 11:**

24   Admit that the document attached hereto as Exhibit 11 is a true and correct

25   copy of a registration MGA obtained from the U.S. Copyright Office as of December

26   22, 2003.

27   **RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

28   In addition to the foregoing general objections, which are incorporated herein

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067-3107
310.553.0308

8.

EXHIBIT ___2___ PAGE __160__

1   by reference, Defendant objects to this Request on the grounds that it calls for the

2   disclosure of information subject to the attorney-client privilege, the work product

3   doctrine and other applicable privileges.  Defendant further objects to this Request on

4   the grounds that Defendant cannot either admit or deny this Request because

5   information known or readily available to Defendant is insufficient to enable it to

6   admit or deny the Request.

7          Subject to and without waiving the foregoing general and specific objections,

8   Defendant responds:  Defendant has made reasonable inquiry and that the information

9   known or readily obtainable by Defendant is insufficient to enable Defendant to admit

10  or deny this Request and, on that basis Defendant denies the same.

11

12  **REQUEST FOR ADMISSION NO. 12:**

13         Admit that the document attached hereto as Exhibit 12 is a true and correct

14  copy of a supplementary registration MGA obtained from the U.S. Copyright Office

15  as of March 28, 2005.

16  **RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

17         In addition to the foregoing general objections, which are incorporated herein

18  by reference, Defendant objects to this Request on the grounds that it calls for the

19  disclosure of information subject to the attorney-client privilege, the work product

20  doctrine and other applicable privileges.  Defendant further objects to this Request on

21  the grounds that Defendant cannot either admit or deny this Request because

22  information known or readily available to Defendant is insufficient to enable it to

23  admit or deny the Request.

24         Subject to and without waiving the foregoing general and specific objections,

25  Defendant responds:  Defendant has made reasonable inquiry and that the information

26  known or readily obtainable by Defendant is insufficient to enable Defendant to admit

27  or deny this Request and, on that basis Defendant denies the same.

28

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA  90067-3107
310.553.0308

9.

EXHIBIT __2__ PAGE __161__

1  **REQUEST FOR ADMISSION NO. 13:**

2      Admit that the document attached hereto as Exhibit 13 is a true and correct

3  copy of a registration MGA obtained from the U.S. Copyright Office as of June 18,

4  2001.

5  **RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

6      In addition to the foregoing general objections, which are incorporated herein

7  by reference, Defendant objects to this Request on the grounds that it calls for the

8  disclosure of information subject to the attorney-client privilege, the work product

9  doctrine and other applicable privileges.  Defendant further objects to this Request on

10  the grounds that Defendant cannot either admit or deny this Request because

11  information known or readily available to Defendant is insufficient to enable it to

12  admit or deny the Request.

13      Subject to and without waiving the foregoing general and specific objections,

14  Defendant responds:  Defendant has made reasonable inquiry and that the information

15  known or readily obtainable by Defendant is insufficient to enable Defendant to admit

16  or deny this Request and, on that basis Defendant denies the same.

17

18  **REQUEST FOR ADMISSION NO. 14:**

19      Admit that the document attached hereto as Exhibit 14 is a true and correct

20  copy of a supplementary registration MGA obtained from the U.S. Copyright Office

21  as of March 28, 2005.

22  **RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

23      In addition to the foregoing general objections, which are incorporated herein

24  by reference, Defendant objects to this Request on the grounds that it calls for the

25  disclosure of information subject to the attorney-client privilege, the work product

26  doctrine and other applicable privileges.  Defendant further objects to this Request on

27  the grounds that Defendant cannot either admit or deny this Request because

28  information known or readily available to Defendant is insufficient to enable it to

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

10.

EXHIBIT __2__ PAGE __162__

1   admit or deny the Request.

2       Subject to and without waiving the foregoing general and specific objections,

3   Defendant responds:  Defendant has made reasonable inquiry and that the information

4   known or readily obtainable by Defendant is insufficient to enable Defendant to admit

5   or deny this Request and, on that basis Defendant denies the same.

6

7   **REQUEST FOR ADMISSION NO. 15:**

8       Admit that the document attached hereto as Exhibit 15 is a true and correct

9   copy of a registration MGA obtained from the U.S. Copyright Office as of December

10  22, 2003.

11  **RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

12      In addition to the foregoing general objections, which are incorporated herein

13. by reference, Defendant objects to this Request on the grounds that it calls for the

14  disclosure of information subject to the attorney-client privilege, the work product

15  doctrine and other applicable privileges.  Defendant further objects to this Request on

16  the grounds that Defendant cannot either admit or deny this Request because

17  information known or readily available to Defendant is insufficient to enable it to

18  admit or deny the Request.

19      Subject to and without waiving the foregoing general and specific objections,

20  Defendant responds:  Defendant has made reasonable inquiry and that the information

21  known or readily obtainable by Defendant is insufficient to enable Defendant to admit

22  or deny this Request and, on that basis Defendant denies the same.

23

24  **REQUEST FOR ADMISSION NO. 16:**

25      Admit that the document attached hereto as Exhibit 16 is a true and correct

26  copy of a supplementary registration MGA obtained from the U.S. Copyright Office

27  as of March 28, 2005.

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

11.

EXHIBIT _2_ PAGE _163_

**RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

In addition to the foregoing general objections, which are incorporated herein by reference, Defendant objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the work product doctrine and other applicable privileges. Defendant further objects to this Request on the grounds that Defendant cannot either admit or deny this Request because information known or readily available to Defendant is insufficient to enable it to admit or deny the Request.

Subject to and without waiving the foregoing general and specific objections, Defendant responds: Defendant has made reasonable inquiry and that the information known or readily obtainable by Defendant is insufficient to enable Defendant to admit or deny this Request and, on that basis Defendant denies the same.

**REQUEST FOR ADMISSION NO. 17:**

Admit that the document attached hereto as Exhibit 17 is a true and correct copy of a registration MGA obtained from the U.S. Copyright Office as of December 22, 2003.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

In addition to the foregoing general objections, which are incorporated herein by reference, Defendant objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the work product doctrine and other applicable privileges. Defendant further objects to this Request on the grounds that Defendant cannot either admit or deny this Request because information known or readily available to Defendant is insufficient to enable it to admit or deny the Request.

Subject to and without waiving the foregoing general and specific objections, Defendant responds: Defendant has made reasonable inquiry and that the information known or readily obtainable by Defendant is insufficient to enable Defendant to admit

12.

EXHIBIT 2 PAGE 164

1  or deny this Request and, on that basis Defendant denies the same.

2

3  **REQUEST FOR ADMISSION NO. 18:**

4      Admit that the document attached hereto as Exhibit 18 is a true and correct

5  copy of a registration MGA obtained from the U.S. Copyright Office as of March 28,

6  2005.

7  **RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

8      In addition to the foregoing general objections, which are incorporated herein

9  by reference, Defendant objects to this Request on the grounds that it calls for the

10  disclosure of information subject to the attorney-client privilege, the work product

11  doctrine and other applicable privileges. Defendant further objects to this Request on

12  the grounds that Defendant cannot either admit or deny this Request because

13  information known or readily available to Defendant is insufficient to enable it to

14  admit or deny the Request.

15      Subject to and without waiving the foregoing general and specific objections,

16  Defendant responds:  Defendant has made reasonable inquiry and that the information

17  known or readily obtainable by Defendant is insufficient to enable Defendant to admit

18  or deny this Request and, on that basis Defendant denies the same.

19

20  **REQUEST FOR ADMISSION NO. 19:**

21      Admit that the document attached hereto as Exhibit 19 is a true and correct

22  copy of a registration MGA obtained from the U.S. Copyright Office on or about

23  March 25, 2002.

24  **RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

25      In addition to the foregoing general objections, which are incorporated herein

26  by reference, Defendant objects to this Request on the grounds that it calls for the

27  disclosure of information subject to the attorney-client privilege, the work product

28  doctrine and other applicable privileges.  Defendant further objects to this Request on

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067-3107
310.553.0308

13.

EXHIBIT ___2___ PAGE __165__

1  the grounds that Defendant cannot either admit or deny this Request because

2  information known or readily available to Defendant is insufficient to enable it to

3  admit or deny the Request.

4        Subject to and without waiving the foregoing general and specific objections,

5  Defendant responds:  Defendant has made reasonable inquiry and that the information

6  known or readily obtainable by Defendant is insufficient to enable Defendant to admit

7  or deny this Request and, on that basis Defendant denies the same.

8

9  **REQUEST FOR ADMISSION NO. 20:**

10       Admit that the document attached hereto as Exhibit 20 is a true and correct

11  copy of a supplementary registration MGA obtained from the U.S. Copyright Office

12  as of March 28, 2005.

13  **RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

14       In addition to the foregoing general objections, which are incorporated herein

15  by reference, Defendant objects to this Request on the grounds that it calls for the

16  disclosure of information subject to the attorney-client privilege, the work product

17  doctrine and other applicable privileges.  Defendant further objects to this Request on

18  the grounds that Defendant cannot either admit or deny this Request because

19  information known or readily available to Defendant is insufficient to enable it to

20  admit or deny the Request.

21       Subject to and without waiving the foregoing general and specific objections,

22  Defendant responds:  Defendant has made reasonable inquiry and that the information

23  known or readily obtainable by Defendant is insufficient to enable Defendant to admit

24  or deny this Request and, on that basis Defendant denies the same.

25

26  **REQUEST FOR ADMISSION NO. 21:**

27       Admit that the document attached hereto as Exhibit 21 is a true and correct

28  copy of a certificate of registration MGA obtained from the U.S. Copyright Office as

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

14.

EXHIBIT __2__ PAGE __166__

1   of January 25, 2006.

2   **RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

3       In addition to the foregoing general objections, which are incorporated herein

4   by reference, Defendant objects to this Request on the grounds that it calls for the

5   disclosure of information subject to the attorney-client privilege, the work product

6   doctrine and other applicable privileges.  Defendant further objects to this Request on

7   the grounds that Defendant cannot either admit or deny this Request because

8   information known or readily available to Defendant is insufficient to enable it to

9   admit or deny the Request.

10      Subject to and without waiving the foregoing general and specific objections,

11  Defendant responds:  Defendant has made reasonable inquiry and that the information

12  known or readily obtainable by Defendant is insufficient to enable Defendant to admit

13  or deny this Request and, on that basis Defendant denies the same.

14

15  **REQUEST FOR ADMISSION NO. 22:**

16      Admit that the document attached hereto as Exhibit 22 is a true and correct

17  copy of a certificate of registration MGA obtained from the U.S. Copyright Office as

18  of January 25, 2006.

19  **RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

20      In addition to the foregoing general objections, which are incorporated herein

21  by reference, Defendant objects to this Request on the grounds that it calls for the

22  disclosure of information subject to the attorney-client privilege, the work product

23  doctrine and other applicable privileges.  Defendant further objects to this Request on

24  the grounds that Defendant cannot either admit or deny this Request because

25  information known or readily available to Defendant is insufficient to enable it to

26  admit or deny the Request.

27      Subject to and without waiving the foregoing general and specific objections,

28  Defendant responds:  Defendant has made reasonable inquiry and that the information

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

15.

EXHIBIT __2__ PAGE __167__

1    known or readily obtainable by Defendant is insufficient to enable Defendant to admit

2    or deny this Request and, on that basis Defendant denies the same.

3

4    **REQUEST FOR ADMISSION NO. 23:**

5        Admit that the document attached hereto as Exhibit 23 is a true and correct

6    copy of a certificate of registration MGA obtained from the U.S. Copyright Office as

7    of January 25, 2006.

8    **RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

9        In addition to the foregoing general objections, which are incorporated herein

10   by reference, Defendant objects to this Request on the grounds that it calls for the

11   disclosure of information subject to the attorney-client privilege, the work product

12   doctrine and other applicable privileges.  Defendant further objects to this Request on

13   the grounds that Defendant cannot either admit or deny this Request as any

14   information related to MGA's registration should be directed to MGA.

15       Subject to and without waiving the foregoing general and specific objections,

16   Defendant responds:  Defendant has made reasonable inquiry and that the information

17   known or readily obtainable by Defendant is insufficient to enable Defendant to admit

18   or deny this Request and, on that basis Defendant denies the same.

19

20   **REQUEST FOR ADMISSION NO. 24:**

21       Admit that the document attached hereto as Exhibit 24 is a true and correct

22   copy of a certificate of registration MGA obtained from the U.S. Copyright Office as

23   of January 25, 2006.

24   **RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

25       In addition to the foregoing general objections, which are incorporated herein

26   by reference, Defendant objects to this Request on the grounds that it calls for the

27   disclosure of information subject to the attorney-client privilege, the work product

28   doctrine and other applicable privileges.  Defendant further objects to this Request on

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

16.

EXHIBIT __2__ PAGE 168

1 | the grounds that Defendant cannot either admit or deny this Request because
2 | information known or readily available to Defendant is insufficient to enable it to
3 | admit or deny the Request.
4 |      Subject to and without waiving the foregoing general and specific objections,
5 | Defendant responds:  Defendant has made reasonable inquiry and that the information
6 | known or readily obtainable by Defendant is insufficient to enable Defendant to admit
7 | or deny this Request and, on that basis Defendant denies the same.
8 |
9 | **REQUEST FOR ADMISSION NO. 25:**
10 |      Admit that the document attached hereto as Exhibit 25 is a true and correct
11 | copy of a certificate of registration MGA obtained from the U.S. Copyright Office as
12 | of January 25, 2006.
13 | **RESPONSE TO REQUEST FOR ADMISSION NO. 25:**
14 |      In addition to the foregoing general objections, which are incorporated herein
15 | by reference, Defendant objects to this Request on the grounds that it calls for the
16 | disclosure of information subject to the attorney-client privilege, the work product
17 | doctrine and other applicable privileges.  Defendant further objects to this Request on
18 | the grounds that Defendant cannot either admit or deny this Request because
19 | information known or readily available to Defendant is insufficient to enable it to
20 | admit or deny the Request.
21 |      Subject to and without waiving the foregoing general and specific objections,
22 | Defendant responds:  Defendant has made reasonable inquiry and that the information
23 | known or readily obtainable by Defendant is insufficient to enable Defendant to admit
24 | or deny this Request and, on that basis Defendant denies the same.
25 |
26 | **REQUEST FOR ADMISSION NO. 26:**
27 |      Admit that the document attached hereto as Exhibit 26 is a true and correct
28 | copy of a certificate of registration MGA obtained from the U.S. Copyright Office as

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

17.

EXHIBIT 2 PAGE 169

1   of February 1, 2006.

2   **RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

3        In addition to the foregoing general objections, which are incorporated herein

4   by reference, Defendant objects to this Request on the grounds that it calls for the

5   disclosure of information subject to the attorney-client privilege, the work product

6   doctrine and other applicable privileges.  Defendant further objects to this Request on

7   the grounds that Defendant cannot either admit or deny this Request because

8   information known or readily available to Defendant is insufficient to enable it to

9   admit or deny the Request.

10        Subject to and without waiving the foregoing general and specific objections,

11   Defendant responds:  Defendant has made reasonable inquiry and that the information

12   known or readily obtainable by Defendant is insufficient to enable Defendant to admit

13   or deny this Request and, on that basis Defendant denies the same.

14

15   **REQUEST FOR ADMISSION NO. 27:**

16        Admit that the document attached hereto as Exhibit 27 is a true and correct

17   copy of a certificate of registration MGA obtained from the U.S. Copyright Office as

18   of February 1, 2006.

19   **RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

20        In addition to the foregoing general objections, which are incorporated herein

21   by reference, Defendant objects to this Request on the grounds that it calls for the

22   disclosure of information subject to the attorney-client privilege, the work product

23   doctrine and other applicable privileges.  Defendant further objects to this Request on

24   the grounds that Defendant cannot either admit or deny this Request because

25   information known or readily available to Defendant is insufficient to enable it to

26   admit or deny the Request.

27        Subject to and without waiving the foregoing general and specific objections,

28   Defendant responds:  Defendant has made reasonable inquiry and that the information

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

EXHIBIT __2__ PAGE __170__

1   known or readily obtainable by Defendant is insufficient to enable Defendant to admit

2   or deny this Request and, on that basis Defendant denies the same.

3

4   **REQUEST FOR ADMISSION NO. 28:**

5       Admit that the document attached hereto as Exhibit 28 is a true and correct

6   copy of a certificate of registration MGA obtained from the U.S. Copyright Office as

7   of March 1, 2004.

8   **RESPONSE TO REQUEST FOR ADMISSION NO. 28:**

9       In addition to the foregoing general objections, which are incorporated herein

10  by reference, Defendant objects to this Request on the grounds that it calls for the

11  disclosure of information subject to the attorney-client privilege, the work product

12  doctrine and other applicable privileges.  Defendant further objects to this Request on

13  the grounds that Defendant cannot either admit or deny this Request because

14  information known or readily available to Defendant is insufficient to enable it to

15  admit or deny the Request.

16      Subject to and without waiving the foregoing general and specific objections,

17  Defendant responds:  Defendant has made reasonable inquiry and that the information

18  known or readily obtainable by Defendant is insufficient to enable Defendant to admit

19  or deny this Request and, on that basis Defendant denies the same.

20

21  **REQUEST FOR ADMISSION NO. 29:**

22      Admit that the document attached hereto as Exhibit 29 is a true and correct

23  copy of a certificate of registration MGA obtained from the U.S. Copyright Office on

24  or about February 2, 2004.

25  **RESPONSE TO REQUEST FOR ADMISSION NO. 29:**

26      In addition to the foregoing general objections, which are incorporated herein

27  by reference, Defendant objects to this Request on the grounds that it calls for the

28  disclosure of information subject to the attorney-client privilege, the work product

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

19.

EXHIBIT ___2___ PAGE __171__