1  doctrine and other applicable privileges.  Defendant further objects to this Request on

2  the grounds that Defendant cannot either admit or deny this Request because

3  information known or readily available to Defendant is insufficient to enable it to

4  admit or deny the Request.

5      Subject to and without waiving the foregoing general and specific objections,

6  Defendant responds:  Defendant has made reasonable inquiry and that the information

7  known or readily obtainable by Defendant is insufficient to enable Defendant to admit

8  or deny this Request and, on that basis Defendant denies the same.

9

10  **REQUEST FOR ADMISSION NO. 30:**

11      Admit that the document attached hereto as Exhibit 30 includes a true and

12  correct copy of a contract between MGA and YOU.

13  **RESPONSE TO REQUEST FOR ADMISSION NO. 30:**

14      In addition to the foregoing general objections, which are incorporated herein

15  by reference, Defendant objects to this Request on the grounds that it calls for the

16  disclosure of information subject to the attorney-client privilege, the work product

17  doctrine and other applicable privileges.  Defendant further objects to this Request as

18  vague and ambiguous, including without limitation as to the term "contract."

19  Defendant further objects that this Request on the grounds that it does not seek an

20  admission of fact and instead improperly calls for a legal conclusion.

21      Subject to and without waiving the foregoing general and specific objections,

22  Defendant responds:  Defendant admits that Exhibit 30 appears to be a copy of the

23  contract between MGA and Bryant.  Defendant denies this request in all other

24  respects.

25

26  **REQUEST FOR ADMISSION NO. 31:**

27      Admit that the document attached hereto as Exhibit 31 is a true and correct

28  copy of a contract between Mattel Inc. and YOU that YOU executed on or about

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067-3107
310.553.0308

20.

EXHIBIT __2__ PAGE 172

1  January 4, 1999.

2  **RESPONSE TO REQUEST FOR ADMISSION NO. 31:**

3      In addition to the foregoing general objections, which are incorporated herein

4  by reference, Defendant objects to this Request on the grounds that it calls for the

5  disclosure of information subject to the attorney-client privilege, the work product

6  doctrine and other applicable privileges.  Defendant further objects to this Request as

7  vague and ambiguous, including without limitation as to the term "contract."

8  Defendant further objects that this Request on the grounds that it does not seek an

9  admission of fact and instead improperly calls for a legal conclusion.

10      Subject to and without waiving the foregoing general and specific objections,

11  Defendant responds:  Defendant admits that Exhibit 31 appears to be a copy of a

12  document that Bryant signed on or about January 4, 1999.  Defendant denies this

13  request in all other respects.

14

15  **REQUEST FOR ADMISSION NO. 32:**

16      Admit that the document attached hereto as Exhibit 32 is a true and correct

17  copy of the MATTEL Proprietary Information checkout executed by YOU on or about

18  October 19, 2000.

19  **RESPONSE TO REQUEST FOR ADMISSION NO. 32:**

20      In addition to the foregoing general objections, which are incorporated herein

21  by reference, Defendant objects to this Request on the grounds that it calls for the

22  disclosure of information subject to the attorney-client privilege, the work product

23  doctrine and other applicable privileges.  Defendant further objects that this Request

24  on the grounds that it does not seek an admission of fact and instead improperly calls

25  for a legal conclusion.

26      Subject to and without waiving the foregoing general and specific objections,

27  Defendant responds:  Defendant admits that Exhibit 32 appears to be a copy of a

28  document that Bryant signed on or about October 19, 2000.  Defendant denies this

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

21.

EXHIBIT __2__ PAGE __173__

1    request in all other respects.

2

3    **REQUEST FOR ADMISSION NO. 33:**

4        Admit that YOU do not contest that the contract between MGA and YOU

5    attaches as Exhibit 30 is valid.

6    **RESPONSE TO REQUEST FOR ADMISSION NO. 33:**

7        In addition to the foregoing general objections, which are incorporated herein

8    by reference, Defendant objects to this Request on the grounds that it is vague,

9    ambiguous and unintelligible.  In particular, the terms "contract" and "valid" in this

10   context are vague and ambiguous.  Defendant objects to this Request on the grounds

11   that it calls for the disclosure of information subject to the attorney-client privilege,

12   the work product doctrine and other applicable privileges.  Defendant further objects

13   to this Request as harassing and on the grounds that it seeks information that is neither

14   relevant nor reasonably calculated to lead to the discovery of admissible evidence.

15   Defendant further objects that this Request on the grounds that it does not seek an

16   admission of fact and instead improperly calls for a legal conclusion.

17

18   **REQUEST FOR ADMISSION NO. 34:**

19       Admit that YOU do not contest that the contract between MGA and YOU

20   attached as Exhibit 30 is enforceable.

21   **RESPONSE TO REQUEST FOR ADMISSION NO. 34:**

22       In addition to the foregoing general objections, which are incorporated herein

23   by reference, Defendant objects to this Request on the grounds that it is vague,

24   ambiguous and unintelligible.  In particular, the terms "contract" and "enforceable" in

25   this context are vague and ambiguous.  Defendant objects to this Request on the

26   grounds that it calls for the disclosure of information subject to the attorney-client

27   privilege, the work product doctrine and other applicable privileges.  Defendant

28   further objects to this Request as harassing and on the grounds that it seeks

LITTLER MENDELSON
A Professional Corporation
2048 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

EXHIBIT __2__ PAGE __174__

1  information that is neither relevant nor reasonably calculated to lead to the discovery

2  of admissible evidence.  Defendant further objects that this Request on the grounds

3  that it does not seek an admission of fact and instead improperly calls for a legal

4  conclusion.

5

6  **REQUEST FOR ADMISSION NO. 35:**

7      Admit that YOU informed MGA prior to October 20, 2000 that YOU were then

8  a MATTEL employee.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 35:**

10      In addition to the foregoing general objections, which are incorporated herein

11  by reference, Defendant objects to this Request on the grounds that it calls for the

12  disclosure of information subject to the attorney-client privilege, the work product

13  doctrine and other applicable privileges.  Defendant further objects to this Request on

14  the grounds that it is incomprehensible, oppressive, overbroad and unduly

15  burdensome in that it requires Defendant to determine the timing of his conversations

16  with MGA.  Defendant further objects to this Request as harassing and on the grounds

17  that it seeks information that is neither relevant nor reasonably calculated to lead to

18  the discovery of admissible evidence.  Defendant further objects to this Request as

19  harassing and on the grounds that it seeks information that is neither relevant nor

20  reasonably calculated to lead to the discovery of admissible evidence.

21      Subject to and without waiving the foregoing general and specific objections,

22  Defendant responds:  Defendant admits to the extent he informed a small number of

23  people at MGA.

24

25  **REQUEST FOR ADMISSION NO. 36:**

26      Admit that, prior to October 20, 2000, Isaac Larian attended at least one

27  meeting with YOU regarding BRATZ.

28

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

23.

EXHIBIT _2_ PAGE 175

1   **RESPONSE TO REQUEST FOR ADMISSION NO. 36:**

2       In addition to the foregoing general objections, which are incorporated herein

3   by reference, Defendant objects to this Request on the grounds that it is vague,

4   ambiguous and unintelligible. In particular, the terms "attended" and "meeting" in

5   this context are vague and ambiguous. Defendant objects to this Request on the

6   grounds that it calls for the disclosure of information subject to the attorney-client

7   privilege, the work product doctrine and other applicable privileges. Defendant

8   further objects to this Request on the grounds that it is incomprehensible, oppressive,

9   overbroad and unduly burdensome in that it requires Defendant to determine the

10  timing of his meeting(s) with Mr. Larian. Defendant further objects to this Request as

11  harassing and on the grounds that it seeks information that is neither relevant nor

12  reasonably calculated to lead to the discovery of admissible evidence.

13      Subject to and without waiving the foregoing general and specific objections,

14  Defendant responds:  Deny as no such doll existed at that time.

15

16  **REQUEST FOR ADMISSION NO. 37:**

17      Admit that, prior to October 20, 2000, Isaac Larian attended more than one

18  meeting with YOU regarding BRATZ.

19  **RESPONSE TO REQUEST FOR ADMISSION NO. 37:**

20      In addition to the foregoing general objections, which are incorporated herein

21  by reference, Defendant objects to this Request on the grounds that it is vague,

22  ambiguous and unintelligible. In particular, the terms "BRATZ," "attended" and

23  "meeting" in this context are vague and ambiguous. Defendant objects to this Request

24  on the grounds that it calls for the disclosure of information subject to the attorney-

25  client privilege, the work product doctrine and other applicable privileges. Defendant

26  further objects to this Request on the grounds that it is incomprehensible, oppressive,

27  overbroad and unduly burdensome in that it requires Defendant to determine the

28  timing his meeting(s) with Mr. Larian. Defendant further objects to this Request as

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

24.

EXHIBIT 2 PAGE 176

1    harassing and on the grounds that it seeks information that is neither relevant nor

2    reasonably calculated to lead to the discovery of admissible evidence.

3            Subject to and without waiving the foregoing general and specific objections,

4    Defendant responds:  Deny as no such doll existed prior to October 20, 2000.

5

6    **REQUEST FOR ADMISSION NO. 38:**

7            Admit that Isaac Larian attended at least one meeting with YOU regarding

8    BRATZ during the time that YOU were employed by MATTEL.

9    **RESPONSE TO REQUEST FOR ADMISSION NO. 38:**

10           In addition to the foregoing general objections, which are incorporated herein

11   by reference, Defendant objects to this Request on the grounds that it is vague,

12   ambiguous and unintelligible.  In particular, the terms "BRATZ," "attended," "during

13   the time" and "meeting" in this context are vague and ambiguous.  Defendant objects

14   to this Request on the grounds that it calls for the disclosure of information subject to

15   the attorney-client privilege, the work product doctrine and other applicable

16   privileges.  Defendant further objects to this Request on the grounds that it is

17   incomprehensible, oppressive, overbroad and unduly burdensome in that it requires

18   Defendant to determine the timing his meeting(s) with Mr. Larian.  Defendant further

19   objects to this Request as harassing and on the grounds that it seeks information that is

20   neither relevant nor reasonably calculated to lead to the discovery of admissible

21   evidence.  Defendant objects to this Request as vague and ambiguous, including

22   without limitation that the Request does not provide an applicable time frame.

23           Subject to and without waiving the foregoing general and specific objections,

24   Defendant responds:  Deny as no such doll existed during Bryant's employment with

25   Mattel.

26

27   **REQUEST FOR ADMISSION NO. 39:**

28           Admit that Isaac Larian attended more than one meeting with YOU regarding

EXHIBIT __2__ PAGE __177__

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

1    BRATZ during the time that YOU were employed by MATTEL.

2    **RESPONSE TO REQUEST FOR ADMISSION NO. 39:**

3        In addition to the foregoing general objections, which are incorporated herein

4    by reference, Defendant objects to this Request on the grounds that it is vague,

5    ambiguous and unintelligible.  In particular, the terms "BRATZ," "attended," "during

6    the time" and "meeting" in this context are vague and ambiguous.  Defendant objects

7    to this Request on the grounds that it calls for the disclosure of information subject to

8    the attorney-client privilege, the work product doctrine and other applicable

9    privileges.  Defendant further objects to this Request on the grounds that it is

10   incomprehensible, oppressive, overbroad and unduly burdensome in that it requires

11   Defendant to determine the timing his meeting(s) with Mr. Larian.  Defendant further

12   objects to this Request as harassing and on the grounds that it seeks information that is

13   neither relevant nor reasonably calculated to lead to the discovery of admissible

14   evidence.  Defendant objects to this Request as vague and ambiguous, including

15   without limitation that the Request does not provide an applicable time frame.

16       Subject to and without waiving the foregoing general and specific objections,

17   Defendant responds:  Deny as no such doll existed during Bryant's employment with

18   Mattel.

19

20   **REQUEST FOR ADMISSION NO. 40:**

21       Admit that Isaac Larian attended at least one meeting with YOU regarding

22   BRATZ at a time when MGA was aware that YOU were employed by MATTEL.

23   **RESPONSE TO REQUEST FOR ADMISSION NO. 40:**

24       In addition to the foregoing general objections, which are incorporated herein

25   by reference, Defendant objects to this Request on the grounds that it is vague,

26   ambiguous and unintelligible.  In particular, the terms "BRATZ," "attended,"

27   "meeting," "at a time" and "aware" in this context are vague and ambiguous.

28   Defendant objects to this Request on the grounds that it calls for the disclosure of

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

26.

EXHIBIT __2__ PAGE __178__

1   information subject to the attorney-client privilege, the work product doctrine and

2   other applicable privileges.  Defendant objects to this Request on the ground that it

3   assumes facts not admitted in evidence.  Defendant further objects to this Request on

4   the grounds that it is incomprehensible, oppressive, overbroad and unduly

5   burdensome in that it requires Defendant to determine the timing his meeting(s) with

6   Mr. Larian.  Defendant further objects to this Request as harassing and on the grounds

7   that it seeks information that is neither relevant nor reasonably calculated to lead to

8   the discovery of admissible evidence.  Defendant objects to this Request as vague and

9   ambiguous, including without limitation that the Request does not provide an

10  applicable time frame.

11      Subject to and without waiving the foregoing general and specific objections,

12  Defendant responds:  Deny as no such doll existed during Bryant's employment with

13  Mattel.

14

15  **REQUEST FOR ADMISSION NO. 41:**

16      Admit that Isaac Larian attended more than one meeting with YOU regarding

17  BRATZ at a time when MGA was aware that YOU were employed by MATTEL.

18  **RESPONSE TO REQUEST FOR ADMISSION NO. 41:**

19      In addition to the foregoing general objections, which are incorporated herein

20  by reference, Defendant objects to this Request on the grounds that it is vague,

21  ambiguous and unintelligible.  In particular, the terms "BRATZ," "attended,"

22  "meeting," "at a time" and "aware" in this context are vague and ambiguous.

23  Defendant objects to this Request on the grounds that it calls for the disclosure of

24  information subject to the attorney-client privilege, the work product doctrine and

25  other applicable privileges.  Defendant objects to this Request on the ground that it

26  assumes facts not admitted in evidence.  Defendant further objects to this Request on

27  the grounds that it is incomprehensible, oppressive, overbroad and unduly

28  burdensome in that it requires Defendant to determine the timing his meeting(s) with

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

27.

EXHIBIT  2  PAGE  179

1   Mr. Larian.  Defendant further objects to this Request as harassing and on the grounds

2   that it seeks information that is neither relevant nor reasonably calculated to lead to

3   the discovery of admissible evidence.  Defendant objects to this Request as vague and

4   ambiguous, including without limitation that the Request does not provide an

5   applicable time frame.

6        Subject to and without waiving the foregoing general and specific objections,

7   Defendant responds:  Deny as no such doll existed during Bryant's employment with

8   Mattel.

9

10  **REQUEST FOR ADMISSION NO. 42:**

11       Admit that YOU performed work on BRATZ between January 1, 2000 and

12  October 20, 2000.

13  **RESPONSE TO REQUEST FOR ADMISSION NO. 42:**

14       In addition to the foregoing general objections, which are incorporated herein

15  by reference, Defendant objects to this Request on the grounds that it is vague,

16  ambiguous and unintelligible.  In particular, the terms "BRATZ" and "work" in this

17  context are vague and ambiguous.  Defendant objects to this Request on the grounds

18  that it calls for the disclosure of information subject to the attorney-client privilege,

19  the work product doctrine and other applicable privileges.

20       Subject to and without waiving the foregoing general and specific objections,

21  Defendant responds as follows:  Deny as no such doll existed prior to October 20,

22  2000.

23

24  **REQUEST FOR ADMISSION NO. 43:**

25       Admit that YOU performed work on BRATZ between August 1, 1999 and

26  January 1, 2000.

27  **RESPONSE TO REQUEST FOR ADMISSION NO. 43:**

28       In addition to the foregoing general objections, which are incorporated herein

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA  90067-3107
310.553.0308

EXHIBIT __2__ PAGE __180__

1  by reference, Defendant objects to this Request on the grounds that it is vague,

2  ambiguous and unintelligible.  In particular, the terms "BRATZ" and "work" in this

3  context are vague and ambiguous.  Defendant objects to this Request on the grounds

4  that it calls for the disclosure of information subject to the attorney-client privilege,

5  the work product doctrine and other applicable privileges.

6      Subject to and without waiving the foregoing general and specific objections,

7  Defendant responds as follows:  Deny as no such doll existed during the time period

8  August 1, 1999 and January 1, 2000.

9

10  **REQUEST FOR ADMISSION NO. 44:**

11      Admit that YOU performed work on BRATZ during the time that YOU were

12  employed by MATTEL.

13  **RESPONSE TO REQUEST FOR ADMISSION NO. 44:**

14      In addition to the foregoing general objections, which are incorporated herein

15  by reference, Defendant objects to this Request on the grounds that it is vague,

16  ambiguous and unintelligible.  In particular, the terms "BRATZ," "during the time"

17  and "work" in this context are vague and ambiguous.  Defendant objects to this

18  Request on the grounds that it calls for the disclosure of information subject to the

19  attorney-client privilege, the work product doctrine and other applicable privileges.

20  Defendant objects to this Request as vague and ambiguous, including without

21  limitation that the Request does not provide an applicable time frame.

22      Subject to and without waiving the foregoing general and specific objections,

23  Defendant responds as follows:  Deny as no such doll existed while Bryant was

24  employed by Mattel.

25

26  **REQUEST FOR ADMISSION NO. 45:**

27      Admit that, prior to October 20, 2000, MGA was aware that YOU performed

28  work on BRATZ during the time that YOU were employed by MATTEL.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

EXHIBIT __2__ PAGE __181__

1   **RESPONSE TO REQUEST FOR ADMISSION NO. 45:**

2       In addition to the foregoing general objections, which are incorporated herein

3   by reference, Defendant objects to this Request on the grounds that it is vague,

4   ambiguous and unintelligible.  In particular, the terms "BRATZ," "aware," "during

5   the time" and "work" in this context are vague and ambiguous.  Defendant objects to

6   this Request on the grounds that it calls for the disclosure of information subject to the

7   attorney-client privilege, the work product doctrine and other applicable privileges.

8   Defendant further objects to this Request as harassing and on the grounds that it seeks

9   information that is neither relevant nor reasonably calculated to lead to the discovery

10  of admissible evidence.  Defendant objects to this Request as vague and ambiguous,

11  including without limitation that the Request does not provide an applicable time

12  frame.

13      Subject to and without waiving the foregoing general and specific objections,

14  Defendant responds:  Defendant has made reasonable inquiry and that the information

15  known or readily obtainable by Defendant is insufficient to enable Defendant to admit

16  or deny this Request and, on that basis Defendant denies the same.

17

18  **REQUEST FOR ADMISSION NO. 46:**

19      Admit that YOU created at least one design for BRATZ between August 1,

20  1999 and January 1, 2000.

21  **RESPONSE TO REQUEST FOR ADMISSION NO. 46:**

22      In addition to the foregoing general objections, which are incorporated herein

23  by reference, Defendant objects to this Request on the grounds that it is vague,

24  ambiguous and unintelligible.  In particular, the terms "BRATZ," "created" and

25  "design" in this context are vague and ambiguous.  Defendant objects to this Request

26  on the grounds that it calls for the disclosure of information subject to the attorney-

27  client privilege, the work product doctrine and other applicable privileges.

28      Subject to and without waiving the foregoing general and specific objections,

EXHIBIT __2__ PAGE __182__

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067-3107
310.553.0308

1  Defendant responds as follows:  Deny as no such doll existed during the period

2  between August 1, 1999 and January 1, 2000.  However, in addition to things

3  described in his deposition, which are incorporated by reference herein, Defendant

4  admits that he drew formal wear prior to his pitch to MGA.

5

6  **REQUEST FOR ADMISSION NO. 47:**

7      Admit that YOU created more than one design for BRATZ between August 1,

8  1999 and January 1, 2000.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 47:**

10      In addition to the foregoing general objections, which are incorporated herein

11  by reference, Defendant objects to this Request on the grounds that it is vague,

12  ambiguous and unintelligible.  In particular, the terms "BRATZ," "created" and

13  "design" in this context are vague and ambiguous.  Defendant objects to this Request

14  on the grounds that it calls for the disclosure of information subject to the attorney-

15  client privilege, the work product doctrine and other applicable privileges.

16      Subject to and without waiving the foregoing general and specific objections,

17  Defendant responds:  Deny as no such doll existed during the period between August

18  1, 1999 and January 1, 2000.  However, in addition to things described in his

19  deposition, which are incorporated by reference herein, Defendant admits that he drew

20  formal wear prior to his pitch to MGA.

21

22  **REQUEST FOR ADMISSION NO. 48:**

23      Admit that YOU created at least one design for BRATZ between January 1,

24  2000 and October 20, 2000.

25  **RESPONSE TO REQUEST FOR ADMISSION NO. 48:**

26      In addition to the foregoing general objections, which are incorporated herein

27  by reference, Defendant objects to this Request on the grounds that it is vague,

28  ambiguous and unintelligible.  In particular, the terms "BRATZ," "created" and

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

31.

EXHIBIT ___2___ PAGE ___183___

1   "design" in this context are vague and ambiguous.  Defendant objects to this Request

2   on the grounds that it calls for the disclosure of information subject to the attorney-

3   client privilege, the work product doctrine and other applicable privileges.

4       Subject to and without waiving the foregoing general and specific objections,

5   Defendant responds:  Deny as no such doll existed prior to October 20, 2000.

6   However, in addition to things described in his deposition, which are incorporated by

7   reference herein, Defendant admits that he drew formal wear prior to his pitch to

8   MGA.

9

10   **REQUEST FOR ADMISSION NO. 49:**

11       Admit that YOU created more than one design for BRATZ between January 1,

12   2000 and October 20, 2000.

13   **RESPONSE TO REQUEST FOR ADMISSION NO. 49:**

14       In addition to the foregoing general objections, which are incorporated herein

15   by reference, Defendant objects to this Request on the grounds that it is vague,

16   ambiguous and unintelligible.  In particular, the terms "BRATZ," "created" and

17   "design" in this context are vague and ambiguous.  Defendant objects to this Request

18   on the grounds that it calls for the disclosure of information subject to the attorney-

19   client privilege, the work product doctrine and other applicable privileges.

20       Subject to and without waiving the foregoing general and specific objections,

21   Defendant responds:  Deny as no such doll existed prior to October 20, 2000.

22   However, in addition to things described in his deposition, which are incorporated by

23   reference herein, Defendant admits that he drew formal wear prior to his pitch to

24   MGA.

25

26   **REQUEST FOR ADMISSION NO. 50:**

27       Admit that YOU created at least one BRATZ WORK between August 1, 1999

28   and January 1, 2000.

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

32.

EXHIBIT ___2___ PAGE 184

1   **RESPONSE TO REQUEST FOR ADMISSION NO. 50:**

2   In addition to the foregoing general objections, which are incorporated herein

3   by reference, Defendant objects to this Request on the grounds that it is vague,

4   ambiguous and unintelligible. In particular, the terms "BRATZ WORK" and

5   "created" in this context are vague and ambiguous. Defendant objects to this Request

6   on the grounds that it calls for the disclosure of information subject to the attorney-

7   client privilege, the work product doctrine and other applicable privileges.

8   Subject to and without waiving the foregoing general and specific objections,

9   Defendant responds: Defendant admits that he made the drawings and conceived the

10   idea for what ultimately became the Bratz dolls in or about August 1998. Defendant

11   further admits that, in addition to things described in his deposition, which are

12   incorporated by reference herein, he traced his 1998 drawings in 1999 and applied

13   color to some such tracings. Defendant denies that he "created" Bratz or first

14   developed the idea for what ultimately became the Bratz dolls during the period

15   August 1, 1999 and January 1, 2000.

16

17   **REQUEST FOR ADMISSION NO. 51:**

18   Admit that YOU created more than one BRATZ WORK between January 1,

19   2000 and October 20, 2000.

20   **RESPONSE TO REQUEST FOR ADMISSION NO. 51:**

21   In addition to the foregoing general objections, which are incorporated herein

22   by reference, Defendant objects to this Request on the grounds that it is vague,

23   ambiguous and unintelligible. In particular, the terms "BRATZ WORK" and

24   "created" in this context are vague and ambiguous. Defendant objects to this Request

25   on the grounds that it calls for the disclosure of information subject to the attorney-

26   client privilege, the work product doctrine and other applicable privileges.

27   Subject to and without waiving the foregoing general and specific objections,

28   Defendant responds: Defendant admits that he made the drawings and conceived the

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

33.

EXHIBIT 2 PAGE 185

1   idea for what ultimately became the Bratz dolls in or about August 1998.  In addition

2   to things described in his deposition, which are incorporated by reference herein,

3   Defendant further admits that he traced his 1998 drawings in 2000 and drew a few

4   outfits of formal wear (that ultimately were not used) prior to his pitch to MGA.

5   Defendant denies that he "created" Bratz or first developed the idea for what

6   ultimately became the Bratz dolls during the period January 1, 2000 and October 20,

7   2000.

8

9   **REQUEST FOR ADMISSION NO. 52:**

10        Admit that YOU created at least one BRATZ WORK between August 1, 1999

11   and January 1, 2000.

12   **RESPONSE TO REQUEST FOR ADMISSION NO. 52:**

13        In addition to the foregoing general objections, which are incorporated herein

14   by reference, Defendant objects to this Request on the grounds that it is vague,

15   ambiguous and unintelligible.  In particular, the terms "BRATZ WORK" and

16   "created" in this context are vague and ambiguous.  Defendant objects to this Request

17   on the grounds that it calls for the disclosure of information subject to the attorney-

18   client privilege, the work product doctrine and other applicable privileges.

19        Subject to and without waiving the foregoing general and specific objections,

20   Defendant responds:  Defendant admits that he made the drawings and conceived the

21   idea for what ultimately became the Bratz dolls in or about August 1998.  In addition

22   to things described in his deposition, which are incorporated by reference herein,

23   Defendant further admits that he traced his 1998 drawings in 1999 and applied color

24   to some such tracings.  Defendant denies that he "created" Bratz or first developed the

25   idea for what ultimately became the Bratz dolls during the period August 1, 1999 and

26   January 1, 2000.

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

34.

EXHIBIT __2__ PAGE __186__

1    **REQUEST FOR ADMISSION NO. 53:**

2         Admit that YOU created more than one BRATZ WORK between January 1,

3    2000 and October 20, 2000.

4    **RESPONSE TO REQUEST FOR ADMISSION NO. 53:**

5         In addition to the foregoing general objections, which are incorporated herein

6    by reference, Defendant objects to this Request on the grounds that it is vague,

7    ambiguous and unintelligible.  In particular, the terms "BRATZ WORK" and

8    "created" in this context are vague and ambiguous.  Defendant objects to this Request

9    on the grounds that it calls for the disclosure of information subject to the attorney-

10   client privilege, the work product doctrine and other applicable privileges.

11        Subject to and without waiving the foregoing general and specific objections,

12   Defendant responds:  Defendant admits that he made the drawings and conceived the

13   idea for what ultimately became the Bratz dolls in or about August 1998.  In addition

14   to things described in his deposition, which are incorporated by reference herein,

15   Defendant further admits that he traced his 1998 drawings in 2000 and drew a few

16   outfits of formal wear (that ultimately were not used) prior to his pitch to MGA.

17   Defendant denies that he "created" Bratz or first developed the idea for what

18   ultimately became the Bratz dolls during the period January 1, 2000 and October 20,

19   2000.

20

21   **REQUEST FOR ADMISSION NO. 54:**

22        Admit that YOU created at least one BRATZ WORK during the time that YOU

23   were employed by MATTEL.

24   **RESPONSE TO REQUEST FOR ADMISSION NO. 54:**

25        In addition to the foregoing general objections, which are incorporated herein

26   by reference, Defendant objects to this Request on the grounds that it is vague,

27   ambiguous and unintelligible.  In particular, the terms "BRATZ WORK," "during the

28   time" and "created" in this context are vague and ambiguous.  Defendant objects to

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.552.0500

35.

EXHIBIT __2__ PAGE __187__

1   this Request on the grounds that it calls for the disclosure of information subject to the

2   attorney-client privilege, the work product doctrine and other applicable privileges.

3   Defendant objects to this Request as vague and ambiguous, including without

4   limitation that the Request does not provide an applicable time frame.

5        Subject to and without waiving the foregoing general and specific objections,

6   Defendant responds:  Defendant admits that he made the drawings and conceived the

7   idea for what ultimately became the Bratz dolls in or about August 1998.  In addition

8   to things described in his deposition, which are incorporated by reference herein,

9   Defendant further admits that he traced his 1998 drawings in 1999 and applied color

10  to some such tracings.  Furthermore, in addition to things described in his deposition,

11  which are incorporated by reference herein, Defendant further admits that he traced

12  his 1998 drawings in 2000 and drew a few outfits of formal wear (that ultimately were

13  not used) prior to his pitch to MGA.  Defendant denies that he "created" Bratz or first

14  developed the idea for what ultimately became the Bratz dolls during his employment

15  with Mattel.

16

17  **REQUEST FOR ADMISSION NO. 55:**

18       Admit that YOU created more than one BRATZ WORK during the time that

19  YOU were employed by MATTEL.

20  **RESPONSE TO REQUEST FOR ADMISSION NO. 55:**

21       In addition to the foregoing general objections, which are incorporated herein

22  by reference, Defendant objects to this Request on the grounds that it is vague,

23  ambiguous and unintelligible.  In particular, the terms "BRATZ WORK," "during the

24  time" and "created" in this context are vague and ambiguous.  Defendant objects to

25  this Request on the grounds that it calls for the disclosure of information subject to the

26  attorney-client privilege, the work product doctrine and other applicable privileges.

27  Defendant objects to this Request as vague and ambiguous, including without

28  limitation that the Request does not provide an applicable time frame.

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

36.

EXHIBIT __2__ PAGE __188__

1    Subject to and without waiving the foregoing general and specific objections,

2   Defendant responds:   Defendant admits that he made the drawings and conceived the

3   idea for what ultimately became the Bratz dolls in or about August 1998.  In addition

4   to things described in his deposition, which are incorporated by reference herein,

5   Defendant further admits that he traced his 1998 drawings in 1999 and applied color

6   to some such tracings.  Furthermore, in addition to things described in his deposition,

7   which are incorporated by reference herein, Defendant further admits that he traced

8   his 1998 drawings in 2000 and drew a few outfits of formal wear (that ultimately were

9   not used) prior to his pitch to MGA.  Defendant denies that he "created" Bratz or first

10  developed the idea for what ultimately became the Bratz dolls during his employment

11  with Mattel.

12

13  **REQUEST FOR ADMISSION NO. 56:**

14    Admit that, prior to October 20, 2000, MGA was aware that YOU had created

15  at least one BRATZ WORK during the time that YOU were employed by MATTEL.

16  **RESPONSE TO REQUEST FOR ADMISSION NO. 56:**

17    In addition to the foregoing general objections, which are incorporated herein

18  by reference, Defendant objects to this Request on the grounds that it is vague,

19  ambiguous and unintelligible.  In particular, the terms "BRATZ WORK," "during the

20  time," "aware" and "created" in this context are vague and ambiguous.  Defendant

21  objects to this Request on the grounds that it calls for the disclosure of information

22  subject to the attorney-client privilege, the work product doctrine and other applicable

23  privileges.  Defendant also objects to this Request on the grounds that it seeks

24  information that is not in the possession, custody or control of Defendant.  Defendant

25  objects to this Request as vague and ambiguous, including without limitation that the

26  Request does not provide an applicable time frame.

27    Subject to and without waiving the foregoing general and specific objections,

28  Defendant responds:  Defendant has made reasonable inquiry and that the information

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

37.

EXHIBIT _2_ PAGE _189_

1  known or readily obtainable by Defendant is insufficient to enable Defendant to admit

2  or deny this Request and, on that basis Defendant denies the same.

3

4  **REQUEST FOR ADMISSION NO. 57:**

5  Admit that, prior to October 20, 2000, MGA was aware that YOU had created

6  more than one BRATZ WORK during the time that YOU were employed by

7  MATTEL.

8  **RESPONSE TO REQUEST FOR ADMISSION NO. 57:**

9  In addition to the foregoing general objections, which are incorporated herein

10 by reference, Defendant objects to this Request on the grounds that it is vague,

11 ambiguous and unintelligible.  In particular, the terms "BRATZ WORK," "during the

12 time," "aware" and "created" in this context are vague and ambiguous.  Defendant

13 objects to this Request on the grounds that it calls for the disclosure of information

14 subject to the attorney-client privilege, the work product doctrine and other applicable

15 privileges.  Defendant objects to this Request as vague and ambiguous, including

16 without limitation that the Request does not provide an applicable time frame.

17 Defendant also objects to this Request on the grounds that it seeks information that is

18 not in the possession, custody or control of Defendant.

19 Subject to and without waiving the foregoing general and specific objections,

20 Defendant responds:  Defendant has made reasonable inquiry and that the information

21 known or readily obtainable by Defendant is insufficient to enable Defendant to admit

22 or deny this Request and, on that basis Defendant denies the same.

23

24 **REQUEST FOR ADMISSION NO. 58:**

25 Admit that, as of the time of these Requests, MGA was aware that YOU had

26 created at least one BRATZ WORK during the time that YOU were employed by

27 MATTEL.

28

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

38.

EXHIBIT __2__ PAGE __190__

**RESPONSE TO REQUEST FOR ADMISSION NO. 58:**

In addition to the foregoing general objections, which are incorporated herein by reference, Defendant objects to this Request on the grounds that it is vague, ambiguous and unintelligible. In particular, the terms "BRATZ WORK," "during the time," "aware" and "created" in this context are vague and ambiguous. Defendant objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the work product doctrine and other applicable privileges. Defendant objects to this Request as vague and ambiguous, including without limitation that the Request does not provide an applicable time frame. Defendant also objects to this Request on the grounds that it seeks information that is not in the possession, custody or control of Defendant.

Subject to and without waiving the foregoing general and specific objections, Defendant responds: Defendant has made reasonable inquiry and that the information known or readily obtainable by Defendant is insufficient to enable Defendant to admit or deny this Request and, on that basis Defendant denies the same.

**REQUEST FOR ADMISSION NO. 59:**

Admit that, as of the time of these Requests, MGA was aware that YOU had created more than one BRATZ WORK during the time that YOU were employed by MATTEL.

**RESPONSE TO REQUEST FOR ADMISSION NO. 59:**

In addition to the foregoing general objections, which are incorporated herein by reference, Defendant objects to this Request on the grounds that it is vague, ambiguous and unintelligible. In particular, the terms "BRATZ WORK," "during the time," "aware" and "created" in this context are vague and ambiguous. Defendant objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the work product doctrine and other applicable privileges. Defendant objects to this Request as vague and ambiguous, including

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

39.

EXHIBIT 2   PAGE 191

1  without limitation that the Request does not provide an applicable time frame.

2  Defendant also objects to this Request on the grounds that it seeks information that is

3  not in the possession, custody or control of Defendant.

4       Subject to and without waiving the foregoing general and specific objections,

5  Defendant responds:  Defendant has made reasonable inquiry and that the information

6  known or readily obtainable by Defendant is insufficient to enable Defendant to admit

7  or deny this Request and, on that basis Defendant denies the same.

8

9  **REQUEST FOR ADMISSION NO. 60:**

10       Admit that YOU created at least one design for BRATZ during the time that

11  YOU were employed by MATTEL.

12  **RESPONSE TO REQUEST FOR ADMISSION NO. 60:**

13       In addition to the foregoing general objections, which are incorporated herein

14  by reference, Defendant objects to this Request on the grounds that it is vague,

15  ambiguous and unintelligible.  In particular, the terms "BRATZ," "during the time,"

16  and "created" in this context are vague and ambiguous.  Defendant objects to this

17  Request on the grounds that it calls for the disclosure of information subject to the

18  attorney-client privilege, the work product doctrine and other applicable privileges.

19  Defendant objects to this Request as vague and ambiguous, including without

20  limitation that the Request does not provide an applicable time frame.  Defendant also

21  objects to this Request on the grounds that it seeks information that is not in the

22  possession, custody or control of Defendant.

23       Subject to and without waiving the foregoing general and specific objections,

24  Defendant responds:  Defendant admits that he made the drawings and conceived the

25  idea for what ultimately became the Bratz dolls in or about August 1998.  In addition

26  to things described in his deposition, which are incorporated by reference herein,

27  Defendant further admits that he traced his 1998 drawings in 1999 and applied color

28  to some such tracings.  Furthermore, in addition to things described in his deposition,

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067-3107
310.553.0308

40.

EXHIBIT _____ 2 _____ PAGE 192

1  which are incorporated by reference herein, Defendant further admits that he traced

2  his 1998 drawings in 2000 and drew a few outfits of formal wear (that ultimately were

3  not used) prior to his pitch to MGA.  Defendant denies that he "created" Bratz or first

4  developed the idea for what ultimately became the Bratz dolls during his employment

5  with Mattel.

6

7  **REQUEST FOR ADMISSION NO. 61:**

8        Admit that YOU created more than one design for BRATZ during the time that

9  YOU were employed by MATTEL.

10  **RESPONSE TO REQUEST FOR ADMISSION NO. 61:**

11       In addition to the foregoing general objections, which are incorporated herein

12  by reference, Defendant objects to this Request on the grounds that it is vague,

13  ambiguous and unintelligible.  In particular, the terms "BRATZ," "during the time,"

14  and "created" in this context are vague and ambiguous.  Defendant objects to this

15  Request on the grounds that it calls for the disclosure of information subject to the

16  attorney-client privilege, the work product doctrine and other applicable privileges.

17  Defendant objects to this Request as vague and ambiguous, including without

18  limitation that the Request does not provide an applicable time frame.  Defendant also

19  objects to this Request on the grounds that it seeks information that is not in the

20  possession, custody or control of Defendant.

21       Subject to and without waiving the foregoing general and specific objections,

22  Defendant responds:  Defendant admits that he made the drawings and conceived the

23  idea for what ultimately became the Bratz dolls in or about August 1998.  In addition

24  to things described in his deposition, which are incorporated by reference herein,

25  Defendant further admits that he traced his 1998 drawings in 1999 and applied color

26  to some such tracings.  Furthermore, in addition to things described in his deposition,

27  which are incorporated by reference herein, Defendant further admits that he traced

28  his 1998 drawings in 2000 and drew a few outfits of formal wear (that ultimately were

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

41.

EXHIBIT **2** PAGE **193**

1    not used) prior to his pitch to MGA.  Defendant denies that he "created" Bratz or first

2    developed the idea for what ultimately became the Bratz dolls during his employment

3    with Mattel.

4

5    **REQUEST FOR ADMISSION NO. 62:**

6        Admit that, prior to October 20, 2000, MGA was aware that YOU created at

7    least one design for BRATZ during the time that YOU were employed by MATTEL.

8    **RESPONSE TO REQUEST FOR ADMISSION NO. 62:**

9        In addition to the foregoing general objections, which are incorporated herein

10   by reference, Defendant objects to this Request on the grounds that it is vague,

11   ambiguous and unintelligible.  In particular, the terms "BRATZ," "during the time,"

12   "aware," created" and "design" in this context are vague and ambiguous.  Defendant

13   objects to this Request on the grounds that it calls for the disclosure of information

14   subject to the attorney-client privilege, the work product doctrine and other applicable

15   privileges.  Defendant also objects to this Request on the grounds that it seeks

16   information that is not in the possession, custody or control of Defendant.  Defendant

17   objects to this Request as vague and ambiguous, including without limitation that the

18   Request does not provide an applicable time frame.

19       Subject to and without waiving the foregoing general and specific objections,

20   Defendant responds:  Defendant has made reasonable inquiry and that the information

21   known or readily obtainable by Defendant is insufficient to enable Defendant to admit

22   or deny this Request and, on that basis Defendant denies the same.

23

24   **REQUEST FOR ADMISSION NO. 63:**

25       Admit that, prior to October 20, 2000, MGA was aware that YOU created more

26   than one design for BRATZ during the time that YOU were employed by MATTEL.

27   **RESPONSE TO REQUEST FOR ADMISSION NO. 63:**

28       In addition to the foregoing general objections, which are incorporated herein

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

EXHIBIT __2__ PAGE __194__

1   by reference, Defendant objects to this Request on the grounds that it is vague,

2   ambiguous and unintelligible. In particular, the terms "BRATZ," "during the time,"

3   "aware," "created" and "design" in this context are vague and ambiguous. Defendant

4   objects to this Request on the grounds that it calls for the disclosure of information

5   subject to the attorney-client privilege, the work product doctrine and other applicable

6   privileges. Defendant also objects to this Request on the grounds that it seeks

7   information that is not in the possession, custody or control of Defendant. Defendant

8   objects to this Request as vague and ambiguous, including without limitation that the

9   Request does not provide an applicable time frame.

10      Subject to and without waiving the foregoing general and specific objections,

11   Defendant responds: Defendant has made reasonable inquiry and that the information

12   known or readily obtainable by Defendant is insufficient to enable Defendant to admit

13   or deny this Request and, on that basis Defendant denies the same.

14

15   **REQUEST FOR ADMISSION NO. 64:**

16      Admit that, as of the time of these Requests, MGA was aware that YOU had

17   created at least one design for BRATZ during the time that YOU were employed by

18   MATTEL.

19   **RESPONSE TO REQUEST FOR ADMISSION NO. 64:**

20      In addition to the foregoing general objections, which are incorporated herein

21   by reference, Defendant objects to this Request on the grounds that it is vague,

22   ambiguous and unintelligible. In particular, the terms "BRATZ," "during the time,"

23   "aware," created" and "design" in this context are vague and ambiguous. Defendant

24   objects to this Request on the grounds that it calls for the disclosure of information

25   subject to the attorney-client privilege, the work product doctrine and other applicable

26   privileges. Defendant also objects to this Request on the grounds that it seeks

27   information that is not in the possession, custody or control of Defendant. Defendant

28   objects to this Request as vague and ambiguous, including without limitation that the

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

43.

EXHIBIT __2__ PAGE 195

1  Request does not provide an applicable time frame.

2  Subject to and without waiving the foregoing general and specific objections,

3  Defendant responds:  Defendant has made reasonable inquiry and that the information

4  known or readily obtainable by Defendant is insufficient to enable Defendant to admit

5  or deny this Request and, on that basis Defendant denies the same.

6

7  **REQUEST FOR ADMISSION NO. 65:**

8  Admit that, as of the time of these Requests, MGA was aware that YOU had

9  created more than one design for BRATZ during the time that YOU were employed

10  by MATTEL.

11  **RESPONSE TO REQUEST FOR ADMISSION NO. 65:**

12  In addition to the foregoing general objections, which are incorporated herein

13  by reference, Defendant objects to this Request on the grounds that it is vague,

14  ambiguous and unintelligible.  In particular, the terms "BRATZ," "during the time,"

15  "aware," "created" and "design" in this context are vague and ambiguous.  Defendant

16  objects to this Request on the grounds that it calls for the disclosure of information

17  subject to the attorney-client privilege, the work product doctrine and other applicable

18  privileges.  Defendant objects to this Request as vague and ambiguous, including

19  without limitation that the Request does not provide an applicable time frame.

20  Defendant also objects to this Request on the grounds that it seeks information that is

21  not in the possession, custody or control of Defendant.

22  Subject to and without waiving the foregoing general and specific objections,

23  Defendant responds: Defendant has made reasonable inquiry and that the information

24  known or readily obtainable by Defendant is insufficient to enable Defendant to admit

25  or deny this Request and, on that basis Defendant denies the same.

26

27  **REQUEST FOR ADMISSION NO. 66:**

28  Admit that, prior to October 20, 2000, YOU received at least one payment from

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA  90067-3107
310.553.0308

44.

EXHIBIT __2__ PAGE __196__

1   MGA for work YOU performed on BRATZ.

2   **RESPONSE TO REQUEST FOR ADMISSION NO. 66:**

3       In addition to the foregoing general objections, which are incorporated herein

4   by reference, Defendant objects to this Request on the grounds that it is vague,

5   ambiguous and unintelligible.  In particular, the terms "BRATZ," "payment" and

6   "work" in this context are vague and ambiguous.  Defendant objects to this Request

7   on the grounds that it calls for the disclosure of information subject to the attorney-

8   client privilege, the work product doctrine and other applicable privileges.  Defendant

9   also objects to this Request on the grounds that it seeks information that is not in the

10  possession, custody or control of Defendant.

11      Subject to and without waiving the foregoing general and specific objections,

12  Defendant responds:  Deny.

13

14  **REQUEST FOR ADMISSION NO. 67:**

15      Admit that, prior to October 20, 2000, YOU received more than one payment

16  from MGA for work YOU performed on BRATZ.

17  **RESPONSE TO REQUEST FOR ADMISSION NO. 67:**

18      In addition to the foregoing general objections, which are incorporated herein

19  by reference, Defendant objects to this Request on the grounds that it is vague,

20  ambiguous and unintelligible.  In particular, the terms "BRATZ," "payment" and

21  "work" in this context are vague and ambiguous.  Defendant objects to this Request

22  on the grounds that it calls for the disclosure of information subject to the attorney-

23  client privilege, the work product doctrine and other applicable privileges.  Defendant

24  also objects to this Request on the grounds that it seeks information that is not in the

25  possession, custody or control of Defendant.

26      Subject to and without waiving the foregoing general and specific objections,

27  Defendant responds:  Deny.

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.653.0200

45.

EXHIBIT __2__ PAGE __197__

**REQUEST FOR ADMISSION NO. 68:**

Admit that MGA made at least one payment to YOU during the time that YOU were employed by MATTEL.

**RESPONSE TO REQUEST FOR ADMISSION NO. 68:**

In addition to the foregoing general objections, which are incorporated herein by reference, Defendant objects to this Request on the grounds that it is vague, ambiguous and unintelligible. In particular, the terms "payment" and "during the time" in this context are vague and ambiguous. Defendant objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the work product doctrine and other applicable privileges. Defendant objects to this Request as vague and ambiguous, including without limitation that the Request does not provide an applicable time frame. Defendant also objects to this Request on the grounds that it seeks information that is not in the possession, custody or control of Defendant.

Subject to and without waiving the foregoing general and specific objections, Defendant responds: Defendant admits that MGA made a payment to Bryant for his submission of what he considered to be a try out.

**REQUEST FOR ADMISSION NO. 69:**

Admit that MGA made more than one payment to YOU during the time that YOU were employed by MATTEL.

**RESPONSE TO REQUEST FOR ADMISSION NO. 69:**

In addition to the foregoing general objections, which are incorporated herein by reference, Defendant objects to this Request on the grounds that it is vague, ambiguous and unintelligible. In particular, the terms "payment" and "during the time" in this context are vague and ambiguous. Defendant objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the work product doctrine and other applicable privileges. Defendant

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

46.

EXHIBIT __2__ PAGE __198__

1    objects to this Request as vague and ambiguous, including without limitation that the

2    Request does not provide an applicable time frame.  Defendant also objects to this

3    Request on the grounds that it seeks information that is not in the possession, custody

4    or control of Defendant.

5         Subject to and without waiving the foregoing general and specific objections,

6    Defendant responds:  Defendant admits that he received money from MGA on more

7    than one occasions prior to October 20, 2000.

8

9    **REQUEST FOR ADMISSION NO. 70:**

10        Admit that YOU received at least one payment from MGA during the time that

11   YOU were employed by MATTEL for work YOU performed on BRATZ.

12   **RESPONSE TO REQUEST FOR ADMISSION NO. 70:**

13        In addition to the foregoing general objections, which are incorporated herein

14   by reference, Defendant objects to this Request on the grounds that it is vague,

15   ambiguous and unintelligible.  In particular, the terms "BRATZ," "payment," "during

16   the time" and "work" in this context are vague and ambiguous.  Defendant objects to

17   this Request on the grounds that it calls for the disclosure of information subject to the

18   attorney-client privilege, the work product doctrine and other applicable privileges.

19   Defendant objects to this Request as vague and ambiguous, including without

20   limitation that the Request does not provide an applicable time frame.  Defendant also

21   objects to this Request on the grounds that it seeks information that is not in the

22   possession, custody or control of Defendant.

23        Subject to and without waiving the foregoing general and specific objections,

24   Defendant responds:  Deny.

25

26   **REQUEST FOR ADMISSION NO. 71:**

27        Admit that YOU received more than one payment from MGA during the time

28   that YOU were employed by MATTEL for work YOU performed on BRATZ.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

47.

EXHIBIT _2_ PAGE _199_

1   **RESPONSE TO REQUEST FOR ADMISSION NO. 71:**

2       In addition to the foregoing general objections, which are incorporated herein

3   by reference, Defendant objects to this Request on the grounds that it is vague,

4   ambiguous and unintelligible. In particular, the terms "BRATZ," "during the time,"

5   "payment" and "work" in this context are vague and ambiguous. Defendant objects to

6   this Request on the grounds that it calls for the disclosure of information subject to the

7   attorney-client privilege, the work product doctrine and other applicable privileges.

8   Defendant objects to this Request as vague and ambiguous, including without

9   limitation that the Request does not provide an applicable time frame. Defendant also

10  objects to this Request on the grounds that it seeks information that is not in the

11  possession, custody or control of Defendant.

12       Subject to and without waiving the foregoing general and specific objections,

13  Defendant responds: Deny.

14

15  **REQUEST FOR ADMISSION NO. 72:**

16      Admit that YOU received, during the time that YOU were employed by

17  MATTEL, at least one payment from MGA for work YOU performed on BRATZ.

18  **RESPONSE TO REQUEST FOR ADMISSION NO. 72:**

19       In addition to the foregoing general objections, which are incorporated herein

20  by reference, Defendant objects to this Request on the grounds that it is vague,

21  ambiguous and unintelligible. In particular, the terms "BRATZ," "during the time,"

22  "payment" and "work" in this context are vague and ambiguous. Defendant objects to

23  this Request on the grounds that it calls for the disclosure of information subject to the

24  attorney-client privilege, the work product doctrine and other applicable privileges.

25  Defendant objects to this Request as vague and ambiguous, including without

26  limitation that the Request does not provide an applicable time frame. Defendant also

27  objects to this Request on the grounds that it seeks information that is not in the

28  possession, custody or control of Defendant.

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3197
310.553.0308

48.

EXHIBIT _2_ PAGE _200_

1  Subject to and without waiving the foregoing general and specific objections,

2 Defendant responds: Deny.

3

4 **REQUEST FOR ADMISSION NO. 73:**

5  Admit that YOU received, during the time that YOU were employed by

6 MATTEL, more than one payment from MGA for work YOU performed on BRATZ.

7 **RESPONSE TO REQUEST FOR ADMISSION NO. 73:**

8  In addition to the foregoing general objections, which are incorporated herein

9 by reference, Defendant objects to this Request on the grounds that it is vague,

10 ambiguous and unintelligible. In particular, the terms "BRATZ," "during the time,"

11 "payment" and "work" in this context are vague and ambiguous. Defendant objects to

12 this Request on the grounds that it calls for the disclosure of information subject to the

13 attorney-client privilege, the work product doctrine and other applicable privileges.

14 Defendant objects to this Request as vague and ambiguous, including without

15 limitation that the Request does not provide an applicable time frame. Defendant also

16 objects to this Request on the grounds that it seeks information that is not in the

17 possession, custody or control of Defendant.

18  Subject to and without waiving the foregoing general and specific objections,

19 Defendant responds: Deny.

20

21 **REQUEST FOR ADMISSION NO. 74:**

22  Admit that MGA made at least one payment to YOU at a time when MGA was

23 aware that YOU were employed by MATTEL.

24 **RESPONSE TO REQUEST FOR ADMISSION NO. 74:**

25  In addition to the foregoing general objections, which are incorporated herein

26 by reference, Defendant objects to this Request on the grounds that it is vague,

27 ambiguous and unintelligible. In particular, the terms "aware," "at a time," and

28 "payment" in this context are vague and ambiguous. Defendant objects to this

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

49.

EXHIBIT __2__ PAGE __201__

1  Request on the grounds that it calls for the disclosure of information subject to the
2  attorney-client privilege, the work product doctrine and other applicable privileges.
3  Defendant objects to this Request as vague and ambiguous, including without
4  limitation that the Request does not provide an applicable time frame.  Defendant also
5  objects to this Request on the grounds that it seeks information that is not in the
6  possession, custody or control of Defendant.
7         Subject to and without waiving the foregoing general and specific objections,
8  Defendant responds:  MGA admits that MGA issued a check unrelated to Bratz for
9  $162.38 on September 29, 2000, a date on which a limited number of people at MGA
10  knew Bryant was employed at Mattel.
11
12  **REQUEST FOR ADMISSION NO. 75:**
13         Admit that MGA made more than one payment to YOU at a time when MGA
14  was aware that YOU were employed by MATTEL.
15  **RESPONSE TO REQUEST FOR ADMISSION NO. 75:**
16         In addition to the foregoing general objections, which are incorporated herein
17  by reference, Defendant objects to this Request on the grounds that it is vague,
18  ambiguous and unintelligible.  In particular, the terms "aware," "at a time," "payment"
19  in this context are vague and ambiguous.  Defendant objects to this Request on the
20  grounds that it calls for the disclosure of information subject to the attorney-client
21  privilege, the work product doctrine and other applicable privileges.  Defendant
22  objects to this Request as vague and ambiguous, including without limitation that the
23  Request does not provide an applicable time frame.  Defendant also objects to this
24  Request on the grounds that it seeks information that is not in the possession, custody
25  or control of Defendant.
26         Subject to and without waiving the foregoing general and specific objections,
27  Defendant responds:  Deny.
28

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA  90067-3107
310.553.0308

50.

EXHIBIT __2__ PAGE __202__



1  **REQUEST FOR ADMISSION NO. 76:**

2        Admit that MGA made at least one payment to YOU at a time when MGA was

3  aware that YOU were employed by MATTEL for work YOU performed on BRATZ.

4  **RESPONSE TO REQUEST FOR ADMISSION NO. 76:**

5        In addition to the foregoing general objections, which are incorporated herein

6  by reference, Defendant objects to this Request on the grounds that it is vague,

7  ambiguous and unintelligible.  In particular, the terms "BRATZ," "at a time,"

8  "payment," "work" and "aware" in this context are vague and ambiguous.  Defendant

9  objects to this Request on the grounds that it calls for the disclosure of information

10  subject to the attorney-client privilege, the work product doctrine and other applicable

11  privileges.  Defendant further objects to this Request as vague and ambiguous,

12  including without limitation that the Request does not provide an applicable time

13  frame.    Defendant also objects to this Request on the grounds that it seeks

14  information that is not in the possession, custody or control of Defendant.

15        Subject to and without waiving the foregoing general and specific objections,

16  Defendant responds:  Deny.

17

18  **REQUEST FOR ADMISSION NO. 77:**

19        Admit that MGA made more than one payment to YOU at a time when MGA

20  was aware that YOU were employed by MATTEL for work YOU performed on

21  BRATZ.

22  **RESPONSE TO REQUEST FOR ADMISSION NO. 77:**

23        In addition to the foregoing general objections, which are incorporated herein

24  by reference, Defendant objects to this Request on the grounds that it is vague,

25  ambiguous and unintelligible.  In particular, the terms "BRATZ," "at a time," "work,"

26  "aware" and "payment" in this context are vague and ambiguous.  Defendant objects

27  to this Request on the grounds that it calls for the disclosure of information subject to

28  the attorney-client privilege, the work product doctrine and other applicable

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

51.

EXHIBIT ___2___ PAGE ___203___

1   privileges.  Defendant further objects to this Request as vague and ambiguous,

2   including without limitation that the Request does not provide an applicable time

3   frame.  Defendant further objects to this Request on the grounds that it is

4   incomprehensible, oppressive, overbroad and unduly burdensome.  Defendant also

5   objects to this Request on the grounds that it seeks information that is not in the

6   possession, custody or control of Defendant.

7        Subject to and without waiving the foregoing general and specific objections,

8   Defendant responds:  Deny.

9

10  **REQUEST FOR ADMISSION NO. 78:**

11       Admit that, during the time YOU were employed by MATTEL, YOU entered

12  into a contract with MGA Entertainment, Inc. which obligated YOU to provide

13  product design services to MGA Entertainment, Inc. on a "top priority basis."

14  **RESPONSE TO REQUEST FOR ADMISSION NO. 78:**

15       In addition to the foregoing general objections, which are incorporated herein

16  by reference, Defendant objects to this Request on the grounds that it is vague,

17  ambiguous and unintelligible.  In particular, the terms "contract," "during the time,"

18  "product design services" and "'top priority basis'" in this context are vague and

19  ambiguous.  Defendant objects to this Request on the grounds that it calls for the

20  disclosure of information subject to the attorney-client privilege, the work product

21  doctrine and other applicable privileges.  Defendant further objects to this Request as

22  vague and ambiguous, including without limitation that the Request does not provide

23  an applicable time frame.  Defendant further objects to this Request on the grounds

24  that it is incomprehensible, oppressive, overbroad and unduly burdensome.  Defendant

25  objects to this Request on the grounds that it seeks confidential, Proprietary and trade

26  secret information that has no bearing on the claims or defenses on this case.

27  Defendant further objects that this Request on the grounds that it does not seek an

28  admission of fact and instead improperly calls for a legal conclusion.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

52.

EXHIBIT  2  PAGE 204

1    Subject to and without waiving the foregoing general and specific objections,

2    Defendant responds:  Defendant admits that he entered into an agreement with MGA

3    on or about October 4, 2000.

4

5    **REQUEST FOR ADMISSION NO. 79:**

6    Admit that, during the time YOU were employed by MATTEL, YOU entered

7    into a contract with MGA Entertainment, Inc. whereby YOU assigned to MGA

8    Entertainment, Inc. all then-existing intellectual property rights to BRATZ that YOU

9    had created.

10   **RESPONSE TO REQUEST FOR ADMISSION NO. 79:**

11   In addition to the foregoing general objections, which are incorporated herein

12   by reference, Defendant objects to this Request on the grounds that it is vague,

13   ambiguous and unintelligible.  In particular, the terms "BRATZ," "during the time,"

14   "contract," "then-existing" and "intellectual property rights" in this context are vague

15   and ambiguous.  Defendant objects to this Request on the grounds that it calls for the

16   disclosure of information subject to the attorney-client privilege, the work product

17   doctrine and other applicable privileges.  Defendant further objects to this Request as

18   vague and ambiguous, including without limitation that the Request does not provide

19   an applicable time frame.  Defendant further objects to this Request on the grounds

20   that it is incomprehensible, oppressive, overbroad and unduly burdensome.  Defendant

21   further objects to this Request on the grounds that it seeks confidential, proprietary,

22   and trade secret information that has no bearing on the claims or defenses on this case.

23   Defendant further objects that this Request on the grounds that it does not seek an

24   admission of fact and instead improperly calls for a legal conclusion.

25   Subject to and without waiving the foregoing general and specific objections,

26   Defendant responds:  Defendant admits that he entered into an agreement with MGA

27   on or about October 4, 2000.

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

53.

EXHIBIT __2__ PAGE __205__

**REQUEST FOR ADMISSION NO. 80:**

Admit that, prior to July 1, 2003, MGA had not issued any press release that identified YOU as the creator of BRATZ.

**RESPONSE TO REQUEST FOR ADMISSION NO. 80:**

In addition to the foregoing general objections, which are incorporated herein by reference, Defendant objects to this Request on the grounds that it is vague, ambiguous and unintelligible. In particular, the terms "BRATZ," "press release" in this context are vague and ambiguous. Defendant objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the work product doctrine and other applicable privileges. Defendant further objects to this Request as vague and ambiguous, including without limitation that the Request does not provide an applicable time frame. Defendant further objects to this Request on the grounds that it is incomprehensible, oppressive, overbroad and unduly burdensome. Defendant also objects to this Request on the grounds that it seeks information that is not in the possession, custody or control of Defendant.

Subject to and without waiving the foregoing general and specific objections, Defendant responds: Defendant has made reasonable inquiry and that the information known or readily obtainable by Defendant is insufficient to enable Defendant to admit or deny this Request and, on that basis Defendant denies the same.

**REQUEST FOR ADMISSION NO. 81:**

Admit that YOU are not aware of any press report or publication that identified YOU as the creator of BRATZ prior to July 15, 2003.

**RESPONSE TO REQUEST FOR ADMISSION NO. 81:**

In addition to the foregoing general objections, which are incorporated herein by reference, Defendant objects to this Request on the grounds that it is vague, ambiguous and unintelligible. In particular, the terms "BRATZ," "press report" and "publication" in this context are vague and ambiguous. Defendant objects to this

54.

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308


EXHIBIT _2_ PAGE _206_

1  Request on the grounds that it calls for the disclosure of information subject to the

2  attorney-client privilege, the work product doctrine and other applicable privileges.

3  Defendant further objects to this Request as vague and ambiguous, including without

4  limitation that the Request does not provide an applicable time frame.  Defendant

5  further objects to this Request on the grounds that it is incomprehensible, oppressive,

6  overbroad and unduly burdensome.

7      Subject to and without waiving the foregoing general and specific objections,

8  Defendant responds:  Defendant has made reasonable inquiry and that the information

9  known or readily obtainable by Defendant is insufficient to enable Defendant to admit

10  or deny this Request and, on that basis Defendant denies the same.

11

12  **REQUEST FOR ADMISSION NO. 82:**

13      Admit that the first press report or publication that identified YOU as the

14  creator of BRATZ was the *Wall Street Journal* article entitled "Dolled Up:  To Lure

15  Older Girls, Mattel Brings in Hip-Hop Crowd" and published on July 18, 2003.

16  **RESPONSE TO REQUEST FOR ADMISSION NO. 82:**

17      In addition to the foregoing general objections, which are incorporated herein

18  by reference, Defendant objects to this Request on the grounds that it is vague,

19  ambiguous and unintelligible.  In particular, the terms "BRATZ," "the first press

20  report" and "publication" in this context are vague and ambiguous.  Defendant objects

21  to this Request on the grounds that it calls for the disclosure of information subject to

22  the attorney-client privilege, the work product doctrine and other applicable

23  privileges.  Defendant further objects to this Request on the grounds that it is

24  incomprehensible, oppressive, overbroad and unduly burdensome.

25      Subject to and without waiving the foregoing general and specific objections,

26  Defendant responds:  Defendant has made reasonable inquiry and that the information

27  known or readily obtainable by Defendant is insufficient to enable Defendant to admit

28  or deny this Request and, on that basis Defendant denies the same.

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

EXHIBIT __2__ PAGE __207__

1

2 **REQUEST FOR ADMISSION NO. 83:**

3     Admit that, as of the date of these Requests, MGA has not recorded the

4 agreement produced by YOU as BRYANT 00794-BRYANT 0000799, or any version

5 thereof, with the U.S. Copyright Office.

6 **RESPONSE TO REQUEST FOR ADMISSION NO. 83:**

7     In addition to the foregoing general objections, which are incorporated herein

8 by reference, Defendant objects to this Request on the grounds that it is vague,

9 ambiguous and unintelligible. In particular, the terms "agreement" and "any version

10 thereof" in this context are vague and ambiguous. Defendant objects to this Request

11 on the grounds that it calls for the disclosure of information subject to the attorney-

12 client privilege, the work product doctrine and other applicable privileges. Defendant

13 further objects to this Request as vague and ambiguous, including without limitation

14 that the Request does not provide an applicable time frame. Defendant further objects

15 to this Request on the grounds that it is incomprehensible, oppressive and overbroad.

16 Defendant objects to this Request as compound in seeking information regarding

17 "BRYANT –794-BRYANT 0000799" and is, in reality, not one but many

18 Requests. Defendant also objects to this Request on the grounds that it seeks

19 information that is not in the possession, custody or control of Defendant. Defendant

20 further objects to this Request on the grounds that it seeks confidential, proprietary,

21 and trade secret information that has no bearing on the claims or defenses on this case.

22     Subject to and without waiving the foregoing general and specific objections,

23 and subject to them, Defendant responds as follows: Defendant has made reasonable

24 inquiry and that the information known or readily obtainable by Defendant is

25 insufficient to enable Defendant to admit or deny this Request and, on that basis

26 Defendant denies the same.

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2045 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

56.

EXHIBIT ___2___ PAGE ___208___

**REQUEST FOR ADMISSION NO. 84:**

Admit that, as of the date of these Requests, MGA has not recorded the agreement produced by YOU as BRYANT 00794-BRYANT 0000799, or any version thereof, with any state or federal agency, department or entity.

**RESPONSE TO REQUEST FOR ADMISSION NO. 84:**

In addition to the foregoing general objections, which are incorporated herein by reference, Defendant objects to this Request on the grounds that it is vague, ambiguous and unintelligible. In particular, the terms "agreement" and "any version thereof" in this context are vague and ambiguous. Defendant objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the work product doctrine and other applicable privileges. Defendant further objects to this Request as vague and ambiguous, including without limitation that the Request does not provide an applicable time frame. Defendant further objects to this Request on the grounds that it is incomprehensible, oppressive and overbroad. Defendant objects to this Request as compound in seeking information regarding "BRYANT 00794-BRYANT 0000799" and is, in reality, not one but many Requests. Defendant further objects to this Request on the grounds that it seeks confidential, proprietary, and trade secret information that has no bearing on the claims or defenses on this case. Defendant also objects to this Request on the grounds that it seeks information that is not in the possession, custody or control of Defendant.

Subject to and without waiving the foregoing general and specific objections, and subject to them, Defendant responds as follows: Defendant has made reasonable inquiry and that the information known or readily obtainable by Defendant is insufficient to enable Defendant to admit or deny this Request and, on that basis Defendant denies the same.

**REQUEST FOR ADMISSION NO. 85:**

Admit that, as of the date of these Requests, MGA has not recorded the

EXHIBIT _2_ PAGE _207_

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

1  agreement produced by MGA as MGA000001-MGA000006, or any version thereof,

2  with the U.S. Copyright Office.

3  **RESPONSE TO REQUEST FOR ADMISSION NO. 85:**

4       In addition to the foregoing general objections, which are incorporated herein

5  by reference, Defendant objects to this Request on the grounds that it is vague,

6  ambiguous and unintelligible.  In particular, the terms "agreement" and "any version

7  thereof" in this context are vague and ambiguous.  Defendant objects to this Request

8  on the grounds that it calls for the disclosure of information subject to the attorney-

9  client privilege, the work product doctrine and other applicable privileges.  Defendant

10  further objects to this Request as vague and ambiguous, including without limitation

11  that the Request does not provide an applicable time frame.  Defendant further objects

12  to this Request on the grounds that it is incomprehensible, oppressive and overbroad.

13  Defendant objects to this Request as compound in seeking information regarding

14  "MGA000001-MGA000006" and is, in reality, not one but many Requests.

15  Defendant further objects to this Request on the grounds that it seeks confidential,

16  proprietary, and trade secret information that has no bearing on the claims or defenses

17  on this case.  Defendant also objects to this Request on the grounds that it seeks

18  information that is not in the possession, custody or control of Defendant.

19       Subject to and without waiving the foregoing general and specific objections,

20  and subject to them, Defendant responds as follows:  Defendant has made reasonable

21  inquiry and that the information known or readily obtainable by Defendant is

22  insufficient to enable Defendant to admit or deny this Request and, on that basis

23  Defendant denies the same.

24

25  **REQUEST FOR ADMISSION NO. 86:**

26       Admit that, as of the date of these Requests, MGA have not recorded the

27  agreement produced by MGA as MGA000001-MGA000006, or any version thereof,

28  with any state or federal agency, department or entity.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

EXHIBIT __2__ PAGE __210__

1    **RESPONSE TO REQUEST FOR ADMISSION NO. 86:**

2        In addition to the foregoing general objections, which are incorporated herein

3    by reference, Defendant objects to this Request on the grounds that it is vague,

4    ambiguous and unintelligible. In particular, the terms "agreement" and "any version

5    thereof" in this context are vague and ambiguous. Defendant objects to this Request

6    on the grounds that it calls for the disclosure of information subject to the attorney-

7    client privilege, the work product doctrine and other applicable privileges. Defendant

8    further objects to this Request as vague and ambiguous, including without limitation

9    that the Request does not provide an applicable time frame. Defendant further objects

10   to this Request on the grounds that it is incomprehensible, oppressive and overbroad.

11   Defendant objects to this Request as compound in seeking information regarding

12   "MGA000001-MGA000006" and is, in reality, not one but many Requests.

13   Defendant further objects to this Request on the grounds that it seeks confidential,

14   proprietary, and trade secret information that has no bearing on the claims or defenses

15   on this case. Defendant also objects to this Request on the grounds that it seeks

16   information that is not in the possession, custody or control of Defendant.

17       Subject to and without waiving the foregoing general and specific objections,

18   and subject to them, Defendant responds as follows: Defendant has made reasonable

19   inquiry and that the information known or readily obtainable by Defendant is

20   insufficient to enable Defendant to admit or deny this Request and, on that basis

21   Defendant denies the same.

22

23   **REQUEST FOR ADMISSION NO. 87:**

24       Admit that, as of the date of these Requests, YOU have not recorded the

25   agreement produced by MGA as MGA000001-MGA000006, or any version thereof,

26   with the U.S. Copyright Office.

27   **RESPONSE TO REQUEST FOR ADMISSION NO. 87:**

28       In addition to the foregoing general objections, which are incorporated herein

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

59.

EXHIBIT ___2___ PAGE ___211___

1  by reference, Defendant objects to this Request on the grounds that it is vague,

2  ambiguous and unintelligible.  In particular, the terms "agreement" and "any version

3  thereof" in this context are vague and ambiguous.  Defendant objects to this Request

4  on the grounds that it calls for the disclosure of information subject to the attorney-

5  client privilege, the work product doctrine and other applicable privileges.  Defendant

6  further objects to this Request as vague and ambiguous, including without limitation

7  that the Request does not provide an applicable time frame.  Defendant further objects

8  to this Request on the grounds that it is incomprehensible, oppressive and overbroad.

9  Defendant objects to this Request as compound in seeking information regarding

10  "MGA000001-MGA000006" and is, in reality, not one but many Requests.

11  Defendant further objects to this Request on the grounds that it seeks confidential,

12  proprietary, and trade secret information that has no bearing on the claims or defenses

13  on this case.  Defendant also objects to this Request on the grounds that it seeks

14  information that is not in the possession, custody or control of Defendant.

15      Subject to and without waiving the foregoing general and specific objections,

16  and subject to them, Defendant responds as follows:  Defendant has made reasonable

17  inquiry and that the information known or readily obtainable by Defendant is

18  insufficient to enable Defendant to admit or deny this Request and, on that basis

19  Defendant denies the same.

20

21  **REQUEST FOR ADMISSION NO. 88:**

22      Admit that, as of the date of these Requests, YOU have not recorded the

23  agreement produced by MGA as MGA000001-MGA000006, or any version thereof,

24  with any state or federal agency, department or entity.

25  **RESPONSE TO REQUEST FOR ADMISSION NO. 88:**

26      In addition to the foregoing general objections, which are incorporated herein

27  by reference, Defendant objects to this Request on the grounds that it is vague,

28  ambiguous and unintelligible.  In particular, the terms "agreement" and "any version

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

EXHIBIT ___2___ PAGE ___212___

1  thereof" in this context are vague and ambiguous.  Defendant objects to this Request

2  on the grounds that it calls for the disclosure of information subject to the attorney-

3  client privilege, the work product doctrine and other applicable privileges.  Defendant

4  further objects to this Request as vague and ambiguous, including without limitation

5  that the Request does not provide an applicable time frame.  Defendant further objects

6  to this Request on the grounds that it is incomprehensible, oppressive and overbroad.

7  Defendant objects to this Request as compound in seeking information regarding

8  "MGA000001-MGA000006" and is, in reality, not one but many Requests.

9  Defendant further objects to this Request on the grounds that it seeks confidential,

10 proprietary, and trade secret information that has no bearing on the claims or defenses

11 on this case.  Defendant also objects to this Request on the grounds that it seeks

12 information that is not in the possession, custody or control of Defendant.

13      Subject to and without waiving the foregoing general and specific objections,

14 and subject to them, Defendant responds as follows:  Defendant has made reasonable

15 inquiry and that the information known or readily obtainable by Defendant is

16 insufficient to enable Defendant to admit or deny this Request and, on that basis

17 Defendant denies the same.

18

19 **REQUEST FOR ADMISSION NO. 89:**

20      Admit that, as of the date of these Requests, YOU have not recorded the

21 agreement produced by YOU as BRYANT 00794-BRYANT 0000799, or any version

22 thereof, with any U.S. Copyright Office.

23 **RESPONSE TO REQUEST FOR ADMISSION NO. 89:**

24      In addition to the foregoing general objections, which are incorporated herein

25 by reference, Defendant objects to this Request on the grounds that it is vague,

26 ambiguous and unintelligible.  In particular, the terms "agreement" and "any version

27 thereof" in this context are vague and ambiguous. Defendant objects to this Request

28 on the grounds that it calls for the disclosure of information subject to the attorney-

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

61.

EXHIBIT __2__ PAGE __213__