1  client privilege, the work product doctrine and other applicable privileges.  Defendant

2  further objects to this Request as vague and ambiguous, including without limitation

3  that the Request does not provide an applicable time frame.  Defendant further objects

4  to this Request on the grounds that it is incomprehensible, oppressive and overbroad.

5  Defendant objects to this Request as compound in seeking information regarding

6  "BRYANT 00794-BRYANT 0000799" and is, in reality, not one but many

7  Requests.  Defendant further objects to this Request on the grounds that it seeks

8  confidential, proprietary, and trade secret information that has no bearing on the

9  claims or defenses on this case.  Defendant also objects to this Request on the grounds

10  that it seeks information that is not in the possession, custody or control of Defendant.

11       Subject to and without waiving the foregoing general and specific objections,

12  and subject to them, Defendant responds as follows:  Defendant has made reasonable

13  inquiry and that the information known or readily obtainable by Defendant is

14  insufficient to enable Defendant to admit or deny this Request and, on that basis

15  Defendant denies the same.

16

17  **REQUEST FOR ADMISSION NO. 90:**

18       Admit that, as of the date of these Requests, YOU have not recorded the

19  agreement produced by YOU as BRYANT 00794-BRYANT 0000799, or any version

20  thereof, with any state or federal agency, department or entity.

21  **RESPONSE TO REQUEST FOR ADMISSION NO. 90:**

22       In addition to the foregoing general objections, which are incorporated herein

23  by reference, Defendant objects to this Request on the grounds that it is vague,

24  ambiguous and unintelligible.  In particular, the terms "agreement" and "any version

25  thereof" in this context are vague and ambiguous.  Defendant objects to this Request

26  on the grounds that it calls for the disclosure of information subject to the attorney-

27  client privilege, the work product doctrine and other applicable privileges.  Defendant

28  further objects to this Request as vague and ambiguous, including without limitation

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

62.

EXHIBIT ___2___ PAGE _214_

1  that the Request does not provide an applicable time frame.  Defendant further objects

2  to this Request on the grounds that it is incomprehensible, oppressive and overbroad.

3  Defendant objects to this Request as compound in seeking information regarding

4  "BRYANT 00794-BRYANT 0000799" and is, in reality, not one but many

5  Requests.  Defendant further objects to this Request on the grounds that it seeks

6  confidential, proprietary, and trade secret information that has no bearing on the

7  claims or defenses on this case.  Defendant also objects to this Request on the grounds

8  that it seeks information that is not in the possession, custody or control of Defendant.

9       Subject to and without waiving the foregoing general and specific objections,

10 and subject to them, Defendant responds as follows:  Defendant has made reasonable

11 inquiry and that the information known or readily obtainable by Defendant is

12 insufficient to enable Defendant to admit or deny this Request and, on that basis

13 Defendant denies the same.

14

15 **REQUEST FOR ADMISSION NO. 91:**

16      Admit that, as of November 7, 2006, MGA had not recorded the agreement

17 produced by YOU as BRYANT 00794-BRYANT 0000799, or any version thereof,

18 with the U. S. Copyright Office.

19 **RESPONSE TO REQUEST FOR ADMISSION NO. 91:**

20      In addition to the foregoing general objections, which are incorporated herein

21 by reference, Defendant objects to this Request on the grounds that it is vague,

22 ambiguous and unintelligible.  In particular, the terms "agreement" and "any version

23 thereof" in this context are vague and ambiguous.  Defendant objects to this Request

24 on the grounds that it calls for the disclosure of information subject to the attorney-

25 client privilege, the work product doctrine and other applicable privileges.  Defendant

26 further objects to this Request as vague and ambiguous, including without limitation

27 that the Request does not provide an applicable time frame.  Defendant further objects

28 to this Request on the grounds that it is incomprehensible, oppressive and overbroad.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

EXHIBIT _2_   PAGE _215_

1   Defendant objects to this Request as compound in seeking information regarding

2   "BRYANT 00794-BRYANT 0000799" and is, in reality, not one but many

3   Requests. Defendant further objects to this Request on the grounds that it seeks

4   confidential, proprietary, and trade secret information that has no bearing on the

5   claims or defenses on this case. Defendant also objects to this Request on the grounds

6   that it seeks information that is not in the possession, custody or control of Defendant.

7        Subject to and without waiving the foregoing general and specific objections,

8   and subject to them, Defendant responds as follows: Defendant has made reasonable

9   inquiry and that the information known or readily obtainable by Defendant is

10  insufficient to enable Defendant to admit or deny this Request and, on that basis

11  Defendant denies the same.

12

13  **REQUEST FOR ADMISSION NO. 92:**

14        Admit that, as of November 7, 2006, MGA had not recorded the agreement

15  produced by YOU as BRYANT 00794-BRYANT 0000799, or any version thereof,

16  with any state or federal agency, department or entity.

17  **RESPONSE TO REQUEST FOR ADMISSION NO. 92:**

18        In addition to the foregoing general objections, which are incorporated herein

19  by reference, Defendant objects to this Request on the grounds that it is vague,

20  ambiguous and unintelligible. In particular, the terms "agreement" and "any version

21  thereof" in this context are vague and ambiguous. Defendant objects to this Request

22  on the grounds that it calls for the disclosure of information subject to the attorney-

23  client privilege, the work product doctrine and other applicable privileges. Defendant

24  further objects to this Request as vague and ambiguous, including without limitation

25  that the Request does not provide an applicable time frame. Defendant further objects

26  to this Request on the grounds that it is incomprehensible, oppressive and overbroad.

27  Defendant objects to this Request as compound in seeking information regarding

28  "BRYANT 00794-BRYANT 0000799" and is, in reality, not one but many

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

64.

EXHIBIT __2__ PAGE __816__

1   Requests. Defendant further objects to this Request on the grounds that it seeks

2   confidential, proprietary, and trade secret information that has no bearing on the

3   claims or defenses on this case. Defendant also objects to this Request on the grounds

4   that it seeks information that is not in the possession, custody or control of Defendant.

5       Subject to and without waiving the foregoing general and specific objections,

6   and subject to them, Defendant responds as follows: Defendant has made reasonable

7   inquiry and that the information known or readily obtainable by Defendant is

8   insufficient to enable Defendant to admit or deny this Request and, on that basis

9   Defendant denies the same.

10

11   **REQUEST FOR ADMISSION NO. 93:**

12       Admit that, as of November 7, 2006, MGA had not recorded the agreement

13   produced by MGA as MGA000001-MGA000006, or any version thereof, with the

14   U.S. Copyright Office.

15   **RESPONSE TO REQUEST FOR ADMISSION NO. 93:**

16       In addition to the foregoing general objections, which are incorporated herein

17   by reference, Defendant objects to this Request on the grounds that it is vague,

18   ambiguous and unintelligible. In particular, the terms "agreement" and "any version

19   thereof" in this context are vague and ambiguous. Defendant objects to this Request

20   on the grounds that it calls for the disclosure of information subject to the attorney-

21   client privilege, the work product doctrine and other applicable privileges. Defendant

22   further objects to this Request as vague and ambiguous, including without limitation

23   that the Request does not provide an applicable time frame. Defendant further objects

24   to this Request on the grounds that it is incomprehensible, oppressive and overbroad.

25   Defendant objects to this Request as compound in seeking information regarding

26   "MGA000001-MGA000006" and is, in reality, not one but many Requests.

27   Defendant further objects to this Request on the grounds that it seeks confidential,

28   proprietary, and trade secret information that has no bearing on the claims or defenses

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

65.

EXHIBIT 2   PAGE 217

1   on this case. Defendant also objects to this Request on the grounds that it seeks

2   information that is not in the possession, custody or control of Defendant.

3       Subject to and without waiving the foregoing general and specific objections,

4   and subject to them, Defendant responds as follows: Defendant has made reasonable

5   inquiry and that the information known or readily obtainable by Defendant is

6   insufficient to enable Defendant to admit or deny this Request and, on that basis

7   Defendant denies the same.

8

9   **REQUEST FOR ADMISSION NO. 94:**

10       Admit that, as of November 7, 2006, MGA had not recorded the agreement

11   produced by MGA as MGA000001-MGA000006, or any version thereof, with any

12   state or federal agency, department or entity.

13   **RESPONSE TO REQUEST FOR ADMISSION NO. 94:**

14       In addition to the foregoing general objections, which are incorporated herein

15   by reference, Defendant objects to this Request on the grounds that it is vague,

16   ambiguous and unintelligible. In particular, the terms "agreement" and "any version

17   thereof" in this context are vague and ambiguous. Defendant objects to this Request

18   on the grounds that it calls for the disclosure of information subject to the attorney-

19   client privilege, the work product doctrine and other applicable privileges. Defendant

20   further objects to this Request as vague and ambiguous, including without limitation

21   that the Request does not provide an applicable time frame. Defendant further objects

22   to this Request on the grounds that it is incomprehensible, oppressive and overbroad.

23   Defendant objects to this Request as compound in seeking information regarding

24   "MGA000001-MGA000006" and is, in reality, not one but many Requests.

25   Defendant further objects to this Request on the grounds that it seeks confidential,

26   proprietary, and trade secret information that has no bearing on the claims or defenses

27   on this case. Defendant also objects to this Request on the grounds that it seeks

28   information that is not in the possession, custody or control of Defendant.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

EXHIBIT _____ PAGE _____

1   Subject to and without waiving the foregoing general and specific objections,

2   and subject to them, Defendant responds as follows:  Defendant has made reasonable

3   inquiry and that the information known or readily obtainable by Defendant is

4   insufficient to enable Defendant to admit or deny this Request and, on that basis

5   Defendant denies the same.

6

7   **REQUEST FOR ADMISSION NO. 95:**

8   Admit that, as of November 7, 2006, YOU had not recorded the agreement

9   produced by MGA as MGA00000I -MGA000006, or any version thereof, with the

10   U.S. Copyright Office.

11   **RESPONSE TO REQUEST FOR ADMISSION NO. 95:**

12   In addition to the foregoing general objections, which are incorporated herein

13   by reference, Defendant objects to this Request on the grounds that it is vague,

14   ambiguous and unintelligible.  In particular, the terms "agreement" and "any version

15   thereof" in this context are vague and ambiguous.  Defendant objects to this Request

16   on the grounds that it calls for the disclosure of information subject to the attorney-

17   client privilege, the work product doctrine and other applicable privileges.  Defendant

18   further objects to this Request as vague and ambiguous, including without limitation

19   that the Request does not provide an applicable time frame.  Defendant further objects

20   to this Request on the grounds that it is incomprehensible, oppressive and overbroad.

21   Defendant objects to this Request as compound in seeking information regarding

22   "MGA000001-MGA000006" and is, in reality, not one but many Requests.

23   Defendant further objects to this Request on the grounds that it seeks confidential,

24   proprietary, and trade secret information that has no bearing on the claims or defenses

25   on this case.

26   Subject to and without waiving the foregoing general and specific objections,

27   and subject to them, Defendant responds as follows:  Defendant has made reasonable

28   inquiry and that the information known or readily obtainable by Defendant is

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

67.

EXHIBIT 2 PAGE 219

1  insufficient to enable Defendant to admit or deny this Request and, on that basis
2  Defendant denies the same.

3

4  **REQUEST FOR ADMISSION NO. 96:**

5      Admit that, as of November 7, 2006, YOU had not recorded the agreement
6  produced by MGA as MGA00000I -MGA000006, or any version thereof, with any
7  state or federal agency, department or entity.

8  **RESPONSE TO REQUEST FOR ADMISSION NO. 96:**

9      In addition to the foregoing general objections, which are incorporated herein
10  by reference, Defendant objects to this Request on the grounds that it is vague,
11  ambiguous and unintelligible.  In particular, the terms "agreement" and "any version
12  thereof" in this context are vague and ambiguous.  Defendant objects to this Request
13  on the grounds that it calls for the disclosure of information subject to the attorney-
14  client privilege, the work product doctrine and other applicable privileges.  Defendant
15  further objects to this Request as vague and ambiguous, including without limitation
16  that the Request does not provide an applicable time frame.  Defendant further objects
17  to this Request on the grounds that it is incomprehensible, oppressive and overbroad.
18  Defendant objects to this Request as compound in seeking information regarding
19  "MGA000001-MGA000006" and is, in reality, not one but many Requests.
20  Defendant further objects to this Request on the grounds that it seeks confidential,
21  proprietary, and trade secret information that has no bearing on the claims or defenses
22  on this case.

23      Subject to and without waiving the foregoing general and specific objections,
24  and subject to them, Defendant responds as follows:  Defendant has made reasonable
25  inquiry and that the information known or readily obtainable by Defendant is
26  insufficient to enable Defendant to admit or deny this Request and, on that basis
27  Defendant denies the same.

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

68.

EXHIBIT _2_   PAGE _220_

**REQUEST FOR ADMISSION NO. 97:**

Admit that, as of November 7, 2006, YOU had not recorded the agreement produced by YOU as BRYANT 00794-BRYANT 0000799, or any version thereof, with the U.S. Copyright Office.

**RESPONSE TO REQUEST FOR ADMISSION NO. 97:**

In addition to the foregoing general objections, which are incorporated herein by reference, Defendant objects to this Request on the grounds that it is vague, ambiguous and unintelligible. In particular, the terms "agreement" and "any version thereof" in this context are vague and ambiguous. Defendant objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the work product doctrine and other applicable privileges. Defendant further objects to this Request as vague and ambiguous, including without limitation that the Request does not provide an applicable time frame. Defendant further objects to this Request on the grounds that it is incomprehensible, oppressive and overbroad. Defendant objects to this Request as compound in seeking information regarding "MGA000001-MGA000006" and is, in reality, not one but many Requests. Defendant further objects to this Request on the grounds that it seeks confidential, proprietary, and trade secret information that has no bearing on the claims or defenses on this case.

Subject to and without waiving the foregoing general and specific objections, and subject to them, Defendant responds as follows: Defendant has made reasonable inquiry and that the information known or readily obtainable by Defendant is insufficient to enable Defendant to admit or deny this Request and, on that basis Defendant denies the same.

**REQUEST FOR ADMISSION NO. 98:**

Admit that, as of November 7, 2006, YOU had not recorded the agreement produced by YOU as BRYANT 00794-BRYANT 0000799, or any version thereof,

69.

EXHIBIT __∂__ PAGE __∂∂1__

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2040 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

1   with any state or federal agency, department or entity.

2   **RESPONSE TO REQUEST FOR ADMISSION NO. 98:**

3       In addition to the foregoing general objections, which are incorporated herein

4   by reference, Defendant objects to this Request on the grounds that it is vague,

5   ambiguous and unintelligible.  In particular, the terms "agreement" and "any version

6   thereof" in this context are vague and ambiguous.  Defendant objects to this Request

7   on the grounds that it calls for the disclosure of information subject to the attorney-

8   client privilege, the work product doctrine and other applicable privileges.  Defendant

9   further objects to this Request as vague and ambiguous, including without limitation

10   that the Request does not provide an applicable time frame.  Defendant further objects

11   to this Request on the grounds that it is incomprehensible, oppressive and overbroad.

12   Defendant objects to this Request as compound in seeking information regarding

13   "BRYANT 00794-BRYANT0000799" and is, in reality, not one but many

14   Requests.  Defendant further objects to this Request on the grounds that it seeks

15   confidential, proprietary, and trade secret information that has no bearing on the

16   claims or defenses on this case.

17       Subject to and without waiving the foregoing general and specific objections,

18   and subject to them, Defendant responds as follows:  Defendant has made reasonable

19   inquiry and that the information known or readily obtainable by Defendant is

20   insufficient to enable Defendant to admit or deny this Request and, on that basis

21   Defendant denies the same.

22

23   **REQUEST FOR ADMISSION NO. 99:**

24       Admit that MGA represented to the U.S. Copyright Office that the work

25   registered as VA 1-090-287 is a derivative of the work registered as VA 1218-487.

26   **RESPONSE TO REQUEST FOR ADMISSION NO. 99:**

27       In addition to the foregoing general objections, which are incorporated herein

28   by reference, Defendant objects to this Request on the grounds that it is vague,

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

70.

EXHIBIT _2_ PAGE _222_

1  ambiguous and unintelligible. In particular, the terms "work" and "derivative" in this

2  context are vague and ambiguous. Defendant objects to this Request on the grounds

3  that it calls for the disclosure of information subject to the attorney-client privilege,

4  the work product doctrine and other applicable privileges. Defendant further objects

5  to this Request as vague and ambiguous, including without limitation that the Request

6  does not provide an applicable time frame. Defendant further objects to this Request

7  on the grounds that it is incomprehensible, oppressive and overbroad. Defendant also

8  objects to this Request on the grounds that it seeks information that is not in the

9  possession, custody or control of Defendant. Defendant further objects to this

10  Request on the grounds that it seeks confidential, proprietary, and trade secret

11  information that has no bearing on the claims or defenses on this case. Defendant also

12  objects to this Request on the grounds that it seeks information that is not in the

13  possession, custody or control of Defendant.

14      Subject to and without waiving the foregoing general and specific objections,

15  and subject to them, Defendant responds as follows: Defendant has made reasonable

16  inquiry and that the information known or readily obtainable by Defendant is

17  insufficient to enable Defendant to admit or deny this Request and, on that basis

18  Defendant denies the same.

19

20  **REQUEST FOR ADMISSION NO. 100:**

21      Admit that the work registered as VA 1-090-287 is a derivative of the work

22  registered as VA 1-218-487.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 100:**

24      In addition to the foregoing general objections, which are incorporated herein

25  by reference, Defendant objects to this Request on the grounds that it is vague,

26  ambiguous and unintelligible. In particular, the terms "work" and "derivative" in this

27  context are vague and ambiguous. Defendant objects to this Request on the grounds

28  that it calls for the disclosure of information subject to the attorney-client privilege,

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0900

EXHIBIT __2__ PAGE 223

1   the work product doctrine and other applicable privileges.  Defendant further objects

2   to this Request as vague and ambiguous, including without limitation that the Request

3   does not provide an applicable time frame.  Defendant further objects to this Request

4   on the grounds that it is incomprehensible, oppressive and overbroad.  Defendant also

5   objects to this Request on the grounds that it seeks information that is not in the

6   possession, custody or control of Defendant.  Defendant further objects to this

7   Request on the grounds that it seeks confidential, proprietary, and trade secret

8   information that has no bearing on the claims or defenses on this case.  Defendant

9   further objects that this Request on the grounds that it does not seek an admission of

10  fact and instead improperly calls for a legal conclusion.

11       Subject to and without waiving the foregoing general and specific objections,

12  and subject to them, Defendant responds as follows:  Defendant has made reasonable

13  inquiry and that the information known or readily obtainable by Defendant is

14  insufficient to enable Defendant to admit or deny this Request and, on that basis

15  Defendant denies the same.

16

17  **REQUEST FOR ADMISSION NO. 101:**

18       Admit that, before THIS ACTION was filed, MGA represented to the U.S.

19  Copyright Office that the work registered as VA 1-090-287 was created in 2000.

20  **RESPONSE TO REQUEST FOR ADMISSION NO. 101:**

21       In addition to the foregoing general objections, which are incorporated herein

22  by reference, Defendant objects to this Request on the grounds that it is vague,

23  ambiguous and unintelligible.  In particular, the terms "created" and "work" in this

24  context are vague and ambiguous.  Defendant objects to this Request on the grounds

25  that it calls for the disclosure of information subject to the attorney-client privilege,

26  the work product doctrine and other applicable privileges.  Defendant further objects

27  to this Request as vague and ambiguous, including without limitation that the Request

28  does not provide an applicable time frame.  Defendant further objects to this Request

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

72.

EXHIBIT __2__ PAGE __224__

1   on the grounds that it is incomprehensible, oppressive and overbroad. Defendant also

2   objects to this Request on the grounds that it seeks information that is not in the

3   possession, custody or control of Defendant. Defendant further objects to this

4   Request on the grounds that it seeks confidential, proprietary, and trade secret

5   information that has no bearing on the claims or defenses on this case.

6          Subject to and without waiving the foregoing general and specific objections,

7   and subject to them, Defendant responds as follows: Defendant has made reasonable

8   inquiry and that the information known or readily obtainable by Defendant is

9   insufficient to enable Defendant to admit or deny this Request and, on that basis

10  Defendant denies the same.

11

12  **REQUEST FOR ADMISSION NO. 102:**

13         Admit that, after THIS ACTION was filed, MGA filed with the U.S. Copyright

14  Office a Form CA stating that the work registered as VA 1-090-287 was created in

15  2001.

16  **RESPONSE TO REQUEST FOR ADMISSION NO. 102:**

17         In addition to the foregoing general objections, which are incorporated herein

18  by reference, Defendant objects to this Request on the grounds that it is vague,

19  ambiguous and unintelligible. In particular, the terms "created" and "work" in this

20  context are vague and ambiguous. Defendant objects to this Request on the grounds

21  that it calls for the disclosure of information subject to the attorney-client privilege,

22  the work product doctrine and other applicable privileges. Defendant further objects

23  to this Request as vague and ambiguous, including without limitation that the Request

24  does not provide an applicable time frame. Defendant further objects to this Request

25  on the grounds that it is incomprehensible, oppressive and overbroad. Defendant also

26  objects to this Request on the grounds that it seeks information that is not in the

27  possession, custody or control of Defendant. Defendant further objects to this

28  Request on the grounds that it seeks confidential, proprietary, and trade secret

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA. 90067.3107
310.553.0308

73.

EXHIBIT __2__ PAGE __775__

1    information that has no bearing on the claims or defenses on this case.

2         Subject to and without waiving the foregoing general and specific objections,

3    and subject to them, Defendant responds as follows:  Defendant has made reasonable

4    inquiry and that the information known or readily obtainable by Defendant is

5    insufficient to enable Defendant to admit or deny this Request and, on that basis

6    Defendant denies the same.

7

8    **REQUEST FOR ADMISSION NO. 103:**

9         Admit that the work registered as VA 1-090-287 was created in 2000.

10   **RESPONSE TO REQUEST FOR ADMISSION NO. 103:**

11        In addition to the foregoing general objections, which are incorporated herein

12   by reference, Defendant objects to this Request on the grounds that it is vague,

13   ambiguous and unintelligible.  In particular, the terms "created" and "work" in this

14   context are vague and ambiguous.  Defendant objects to this Request on the grounds

15   that it calls for the disclosure of information subject to the attorney-client privilege,

16   the work product doctrine and other applicable privileges.  Defendant further objects

17   to this Request as vague and ambiguous, including without limitation that the Request

18   does not provide an applicable time frame.  Defendant further objects to this Request

19   on the grounds that it is incomprehensible, oppressive and overbroad.  Defendant also

20   objects to this Request on the grounds that it seeks information that is not in the

21   possession, custody or control of Defendant.  Defendant further objects to this

22   Request on the grounds that it seeks confidential, proprietary, and trade secret

23   information that has no bearing on the claims or defenses on this case.  Defendant

24   further objects that this Request on the grounds that it does not seek an admission of

25   fact and instead improperly calls for a legal conclusion.

26        Subject to and without waiving the foregoing general and specific objections,

27   and subject to them, Defendant responds as follows:  Defendant has made reasonable

28   inquiry and that the information known or readily obtainable by Defendant is

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0208

74.

EXHIBIT __2__ PAGE __226__

1   insufficient to enable Defendant to admit or deny this Request and, on that basis

2   Defendant denies the same.

3

4   **REQUEST FOR ADMISSION NO. 104:**

5        Admit that the doll that is depicted in the deposit for registration VA 1090-287

6   was created in 2000.

7   **RESPONSE TO REQUEST FOR ADMISSION NO. 104:**

8        In addition to the foregoing general objections, which are incorporated herein

9   by reference, Defendant objects to this Request on the grounds that it is vague,

10  ambiguous and unintelligible.  In particular, the terms "doll," "created" and "deposit"

11  in this context are vague and ambiguous.  Defendant objects to this Request on the

12  grounds that it calls for the disclosure of information subject to the attorney-client

13  privilege, the work product doctrine and other applicable privileges.  Defendant

14  further objects to this Request as vague and ambiguous, including without limitation

15  that the Request does not provide an applicable time frame.  Defendant further objects

16  to this Request on the grounds that it is incomprehensible, oppressive and overbroad.

17  Defendant also objects to this Request on the grounds that it seeks information that is

18  not in the possession, custody or control of Defendant.  Defendant further objects to

19  this Request on the grounds that it seeks confidential, proprietary, and trade secret

20  information that has no bearing on the claims or defenses on this case.  Defendant

21  further objects that this Request on the grounds that it does not seek an admission of

22  fact and instead improperly calls for a legal conclusion.

23        Subject to and without waiving the foregoing general and specific objections,

24  and subject to them, Defendant responds as follows:  Defendant has made reasonable

25  inquiry and that the information known or readily obtainable by Defendant is

26  insufficient to enable Defendant to admit or deny this Request and, on that basis

27  Defendant denies the same.

28

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

75.

EXHIBIT __2__ PAGE __227__

1 **REQUEST FOR ADMISSION NO. 105:**

2      Admit that MGA represented to the U.S. Copyright Office that the work

3 registered as VA 1-090-288 is a derivative of the work registered as VA 1218-488.

4 **RESPONSE TO REQUEST FOR ADMISSION NO. 105:**

5      In addition to the foregoing general objections, which are incorporated herein

6 by reference, Defendant objects to this Request on the grounds that it is vague,

7 ambiguous and unintelligible.  In particular, the terms "work" and "derivative" in this

8 context are vague and ambiguous.  Defendant objects to this Request on the grounds

9 that it calls for the disclosure of information subject to the attorney-client privilege,

10 the work product doctrine and other applicable privileges.  Defendant further objects

11 to this Request as vague and ambiguous, including without limitation that the Request

12 does not provide an applicable time frame.  Defendant further objects to this Request

13 on the grounds that it is incomprehensible, oppressive and overbroad.  Defendant also

14 objects to this Request on the grounds that it seeks information that is not in the

15 possession, custody or control of Defendant.   Defendant further objects to this

16 Request on the grounds that it seeks confidential, proprietary, and trade secret

17 information that has no bearing on the claims or defenses on this case.

18      Subject to and without waiving the foregoing general and specific objections,

19 and subject to them, Defendant responds as follows:  Defendant has made reasonable

20 inquiry and that the information known or readily obtainable by Defendant is

21 insufficient to enable Defendant to admit or deny this Request and, on that basis

22 Defendant denies the same.

23

24 **REQUEST FOR ADMISSION NO. 106:**

25      Admit that the work registered as VA 1-090-288 is a derivative of the work

26 registered as VA 1-218-488.

27 **RESPONSE TO REQUEST FOR ADMISSION NO. 106:**

28      In addition to the foregoing general objections, which are incorporated herein

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

76.

EXHIBIT ___2___ PAGE ___228___

1  by reference, Defendant objects to this Request on the grounds that it is vague,

2  ambiguous and unintelligible.  In particular, the terms "work" and "derivative" in this

3  context are vague and ambiguous.  Defendant objects to this Request on the grounds

4  that it calls for the disclosure of information subject to the attorney-client privilege,

5  the work product doctrine and other applicable privileges.  Defendant further objects

6  to this Request as vague and ambiguous, including without limitation that the Request

7  does not provide an applicable time frame.  Defendant further objects to this Request

8  on the grounds that it is incomprehensible, oppressive and overbroad.  Defendant also

9  objects to this Request on the grounds that it seeks information that is not in the

10  possession, custody or control of Defendant.  Defendant further objects to this

11  Request on the grounds that it seeks confidential, proprietary, and trade secret

12  information that has no bearing on the claims or defenses on this case.  Defendant

13  further objects that this Request on the grounds that it does not seek an admission of

14  fact and instead improperly calls for a legal conclusion.

15      Subject to and without waiving the foregoing general and specific objections,

16  and subject to them, Defendant responds as follows:  Defendant has made reasonable

17  inquiry and that the information known or readily obtainable by Defendant is

18  insufficient to enable Defendant to admit or deny this Request and, on that basis

19  Defendant denies the same.

20

21  **REQUEST FOR ADMISSION NO. 107:**

22      Admit that, before THIS ACTION was filed, MGA represented to the U.S.

23  Copyright Office that the work registered as VA 1-090-288 was created in 2000.

24  **RESPONSE TO REQUEST FOR ADMISSION NO. 107:**

25      In addition to the foregoing general objections, which are incorporated herein

26  by reference, Defendant objects to this Request on the grounds that it is vague,

27  ambiguous and unintelligible.  In particular, the terms "created" and "work" in this

28  context are vague and ambiguous.  Defendant objects to this Request on the grounds

77.

EXHIBIT _____2_____ PAGE _209_

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

1  that it calls for the disclosure of information subject to the attorney-client privilege,

2  the work product doctrine and other applicable privileges.  Defendant further objects

3  to this Request as vague and ambiguous, including without limitation that the Request

4  does not provide an applicable time frame.  Defendant further objects to this Request

5  on the grounds that it is incomprehensible, oppressive and overbroad.  Defendant also

6  objects to this Request on the grounds that it seeks information that is not in the

7  possession, custody or control of Defendant.  Defendant further objects to this

8  Request on the grounds that it seeks confidential, proprietary, and trade secret

9  information that has no bearing on the claims or defenses on this case.

10        Subject to and without waiving the foregoing general and specific objections,

11  and subject to them, Defendant responds as follows:  Defendant has made reasonable

12  inquiry and that the information known or readily obtainable by Defendant is

13  insufficient to enable Defendant to admit or deny this Request and, on that basis

14  Defendant denies the same.

15

16  **REQUEST FOR ADMISSION NO. 108:**

17        Admit that, after THIS ACTION was filed, MGA filed with the U.S. Copyright

18  Office a Form CA stating that the work registered as VA 1-090-288 was created in

19  2001.

20  **RESPONSE TO REQUEST FOR ADMISSION NO. 108:**

21        In addition to the foregoing general objections, which are incorporated herein

22  by reference, Defendant objects to this Request on the grounds that it is vague,

23  ambiguous and unintelligible.  In particular, the terms "work" and "created" in this

24  context are vague and ambiguous.  Defendant objects to this Request on the grounds

25  that it calls for the disclosure of information subject to the attorney-client privilege,

26  the work product doctrine and other applicable privileges.  Defendant further objects

27  to this Request as vague and ambiguous, including without limitation that the Request

28  does not provide an applicable time frame.  Defendant further objects to this Request

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

EXHIBIT  *2*   PAGE  *230*

1  on the grounds that it is incomprehensible, oppressive and overbroad.  Defendant also

2  objects to this Request on the grounds that it seeks information that is not in the

3  possession, custody or control of Defendant.  Defendant further objects to this

4  Request on the grounds that it seeks confidential, proprietary, and trade secret

5  information that has no bearing on the claims or defenses on this case.

6      Subject to and without waiving the foregoing general and specific objections,

7  and subject to them, Defendant responds as follows:  Defendant has made reasonable

8  inquiry and that the information known or readily obtainable by Defendant is

9  insufficient to enable Defendant to admit or deny this Request and, on that basis

10  Defendant denies the same.

11

12  **REQUEST FOR ADMISSION NO. 109:**

13      Admit that the work registered as VA 1-090-288 was created in 2000.

14  **RESPONSE TO REQUEST FOR ADMISSION NO. 109:**

15      In addition to the foregoing general objections, which are incorporated herein

16  by reference, Defendant objects to this Request on the grounds that it is vague,

17  ambiguous and unintelligible.  In particular, the terms "created" and "work" in this

18  context are vague and ambiguous.  Defendant objects to this Request on the grounds

19  that it calls for the disclosure of information subject to the attorney-client privilege,

20  the work product doctrine and other applicable privileges.  Defendant further objects

21  to this Request as vague and ambiguous, including without limitation that the Request

22  does not provide an applicable time frame.  Defendant further objects to this Request

23  on the grounds that it is incomprehensible, oppressive and overbroad.  Defendant also

24  objects to this Request on the grounds that it seeks information that is not in the

25  possession, custody or control of Defendant.  Defendant further objects to this

26  Request on the grounds that it seeks confidential, proprietary, and trade secret

27  information that has no bearing on the claims or defenses on this case.  Defendant

28  further objects that this Request on the grounds that it does not seek an admission of

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

EXHIBIT __2__ PAGE __231__

1  fact and instead improperly calls for a legal conclusion.

2       Subject to and without waiving the foregoing general and specific objections,

3  and subject to them, Defendant responds as follows:  Defendant has made reasonable

4  inquiry and that the information known or readily obtainable by Defendant is

5  insufficient to enable Defendant to admit or deny this Request and, on that basis

6  Defendant denies the same.

7

8  **REQUEST FOR ADMISSION NO. 110:**

9       Admit that the doll that is depicted in the deposit for registration VA 1-090-288

10  was created in 2000.

11  **RESPONSE TO REQUEST FOR ADMISSION NO. 110:**

12       In addition to the foregoing general objections, which are incorporated herein

13  by reference, Defendant objects to this Request on the grounds that it is vague,

14  ambiguous and unintelligible.  In particular, the terms "created," "doll" and "deposit"

15  in this context are vague and ambiguous.  Defendant objects to this Request on the

16  grounds that it calls for the disclosure of information subject to the attorney-client

17  privilege, the work product doctrine and other applicable privileges.  Defendant

18  further objects to this Request as vague and ambiguous, including without limitation

19  that the Request does not provide an applicable time frame.  Defendant further objects

20  to this Request on the grounds that it is incomprehensible, oppressive and overbroad.

21  Defendant also objects to this Request on the grounds that it seeks information that is

22  not in the possession, custody or control of Defendant.  Defendant further objects to

23  this Request on the grounds that it seeks confidential, proprietary, and trade secret

24  information that has no bearing on the claims or defenses on this case.  Defendant

25  further objects that this Request on the grounds that it does not seek an admission of

26  fact and instead improperly calls for a legal conclusion.

27       Subject to and without waiving the foregoing general and specific objections,

28  and subject to them, Defendant responds as follows:  Defendant has made reasonable

LITTLER MENDELSON
A Professional Corporation
2048 Century Park East
5th Floor
Los Angeles, CA  90067-3107
310.553.0308

80.

EXHIBIT __2__ PAGE __232__

1    inquiry and that the information known or readily obtainable by Defendant is

2    insufficient to enable Defendant to admit or deny this Request and, on that basis

3    Defendant denies the same.

4

5    **REQUEST FOR ADMISSION NO. 111:**

6        Admit that MGA represented to the U.S. Copyright Office that the work

7    registered as VA 1-090-289 is a derivative of the work registered as VA 1-218-490.

8    **RESPONSE TO REQUEST FOR ADMISSION NO. 111:**

9        In addition to the foregoing general objections, which are incorporated herein

10    by reference, Defendant objects to this Request on the grounds that it is vague,

11    ambiguous and unintelligible. In particular, the terms "work" and "derivative" in this

12    context are vague and ambiguous. Defendant objects to this Request on the grounds

13    that it calls for the disclosure of information subject to the attorney-client privilege,

14    the work product doctrine and other applicable privileges. Defendant further objects

15    to this Request as vague and ambiguous, including without limitation that the Request

16    does not provide an applicable time frame. Defendant further objects to this Request

17    on the grounds that it is incomprehensible, oppressive and overbroad. Defendant also

18    objects to this Request on the grounds that it seeks information that is not in the

19    possession, custody or control of Defendant. Defendant further objects to this

20    Request on the grounds that it seeks confidential, proprietary, and trade secret

21    information that has no bearing on the claims or defenses on this case.

22        Subject to and without waiving the foregoing general and specific objections,

23    and subject to them, Defendant responds as follows: Defendant has made reasonable

24    inquiry and that the information known or readily obtainable by Defendant is

25    insufficient to enable Defendant to admit or deny this Request and, on that basis

26    Defendant denies the same.

27

28    **REQUEST FOR ADMISSION NO. 112:**

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA  90067-3107
310.553.0308

81.

EXHIBIT ___2___ PAGE __233__

1    Admit that the work registered as VA 1-090-289 is a derivative of the work

2    registered as VA 1-218-490.

3    **RESPONSE TO REQUEST FOR ADMISSION NO. 112:**

4    In addition to the foregoing general objections, which are incorporated herein

5    by reference, Defendant objects to this Request on the grounds that it is vague,

6    ambiguous and unintelligible. In particular, the terms "work" and "derivative" in this

7    context are vague and ambiguous. Defendant objects to this Request on the grounds

8    that it calls for the disclosure of information subject to the attorney-client privilege,

9    the work product doctrine and other applicable privileges. Defendant further objects

10    to this Request as vague and ambiguous, including without limitation that the Request

11    does not provide an applicable time frame. Defendant further objects to this Request

12    on the grounds that it is incomprehensible, oppressive and overbroad. Defendant also

13    objects to this Request on the grounds that it seeks information that is not in the

14    possession, custody or control of Defendant. Defendant further objects to this

15    Request on the grounds that it seeks confidential, proprietary, and trade secret

16    information that has no bearing on the claims or defenses on this case. Defendant

17    further objects that this Request on the grounds that it does not seek an admission of

18    fact and instead improperly calls for a legal conclusion.

19    Subject to and without waiving the foregoing general and specific objections,

20    and subject to them, Defendant responds as follows: Defendant has made reasonable

21    inquiry and that the information known or readily obtainable by Defendant is

22    insufficient to enable Defendant to admit or deny this Request and, on that basis

23    Defendant denies the same.

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

82.

EXHIBIT 2 PAGE 234

1  **REQUEST FOR ADMISSION NO. 113:**

2     Admit that, before THIS ACTION was filed, MGA represented to the U.S.

3  Copyright Office that the work registered as VA 1-090-289 was created in 2000.

4  **RESPONSE TO REQUEST FOR ADMISSION NO. 113:**

5     In addition to the foregoing general objections, which are incorporated herein

6  by reference, Defendant objects to this Request on the grounds that it is vague,

7  ambiguous and unintelligible.  In particular, the terms "created" and "work" in this

8  context are vague and ambiguous.  Defendant objects to this Request on the grounds

9  that it calls for the disclosure of information subject to the attorney-client privilege,

10  the work product doctrine and other applicable privileges.  Defendant further objects

11  to this Request as vague and ambiguous, including without limitation that the Request

12  does not provide an applicable time frame.  Defendant further objects to this Request

13  on the grounds that it is incomprehensible, oppressive and overbroad.   Defendant

14  further objects to this Request on the grounds that it seeks confidential, proprietary,

15  and trade secret information that has no bearing on the claims or defenses on this case.

16  Defendant also objects to this Request on the grounds that it seeks information that is

17  not in the possession, custody or control of Defendant.

18     Subject to and without waiving the foregoing general and specific objections,

19  and subject to them, Defendant responds as follows:  Defendant has made reasonable

20  inquiry and that the information known or readily obtainable by Defendant is

21  insufficient to enable Defendant to admit or deny this Request and, on that basis

22  Defendant denies the same.

23

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

83.

EXHIBIT ___2___ PAGE __235__

1    **REQUEST FOR ADMISSION NO. 114:**

2    Admit that, after THIS ACTION was filed, MGA filed with the U.S. Copyright

3    Office a Form CA stating that the work registered as VA 1-090-289 was created in

4    2001.

5    **RESPONSE TO REQUEST FOR ADMISSION NO. 114:**

6    In addition to the foregoing general objections, which are incorporated herein

7    by reference, Defendant objects to this Request on the grounds that it is vague,

8    ambiguous and unintelligible.  In particular, the terms "created" and "work" in this

9    context are vague and ambiguous.  Defendant objects to this Request on the grounds

10   that it calls for the disclosure of information subject to the attorney-client privilege,

11   the work product doctrine and other applicable privileges.  Defendant further objects

12   to this Request as vague and ambiguous, including without limitation that the Request

13   does not provide an applicable time frame.  Defendant further objects to this Request

14   on the grounds that it is incomprehensible, oppressive and overbroad.  Defendant also

15   objects to this Request on the grounds that it seeks information that is not in the

16   possession, custody or control of Defendant.  Defendant further objects to this

17   Request on the grounds that it seeks confidential, proprietary, and trade secret

18   information that has no bearing on the claims or defenses on this case.

19   Subject to and without waiving the foregoing general and specific objections,

20   and subject to them, Defendant responds as follows:  Defendant has made reasonable

21   inquiry and that the information known or readily obtainable by Defendant is

22   insufficient to enable Defendant to admit or deny this Request and, on that basis

23   Defendant denies the same.

24

25   **REQUEST FOR ADMISSION NO. 115:**

26   Admit that the work registered as VA 1-090-289 was created in 2000.

27   **RESPONSE TO REQUEST FOR ADMISSION NO. 115:**

28   In addition to the foregoing general objections, which are incorporated herein

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

84.

EXHIBIT  2  PAGE  236

1   by reference, Defendant objects to this Request on the grounds that it is vague,

2   ambiguous and unintelligible.  In particular, the terms "created" and "work" in this

3   context are vague and ambiguous.  Defendant objects to this Request on the grounds

4   that it calls for the disclosure of information subject to the attorney-client privilege,

5   the work product doctrine and other applicable privileges.  Defendant further objects

6   to this Request as vague and ambiguous, including without limitation that the Request

7   does not provide an applicable time frame.  Defendant further objects to this Request

8   on the grounds that it is incomprehensible, oppressive and overbroad.  Defendant also

9   objects to this Request on the grounds that it seeks information that is not in the

10  possession, custody or control of Defendant.  Defendant further objects to this

11  Request on the grounds that it seeks confidential, proprietary, and trade secret

12  information that has no bearing on the claims or defenses on this case.  Defendant

13  further objects that this Request on the grounds that it does not seek an admission of

14  fact and instead improperly calls for a legal conclusion.

15      Subject to and without waiving the foregoing general and specific objections,

16  and subject to them, Defendant responds as follows:  Defendant has made reasonable

17  inquiry and that the information known or readily obtainable by Defendant is

18  insufficient to enable Defendant to admit or deny this Request and, on that basis

19  Defendant denies the same.

20

21  **REQUEST FOR ADMISSION NO. 116:**

22      Admit that the doll that is depicted in the deposit for registration VA 1-090-289

23  was created in 2000.

24  **RESPONSE TO REQUEST FOR ADMISSION NO. 116:**

25      In addition to the foregoing general objections, which are incorporated herein

26  by reference, Defendant objects to this Request on the grounds that it is vague,

27  ambiguous and unintelligible.  In particular, the terms "created," "doll" and "deposit"

28  in this context are vague and ambiguous.  Defendant objects to this Request on the

EXHIBIT __2__ PAGE __237__

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

1  grounds that it calls for the disclosure of information subject to the attorney-client

2  privilege, the work product doctrine and other applicable privileges.  Defendant

3  further objects to this Request as vague and ambiguous, including without limitation

4  that the Request does not provide an applicable time frame.  Defendant further objects

5  to this Request on the grounds that it is incomprehensible, oppressive and overbroad.

6  Defendant also objects to this Request on the grounds that it seeks information that is

7  not in the possession, custody or control of Defendant.  Defendant further objects to

8  this Request on the grounds that it seeks confidential, proprietary, and trade secret

9  information that has no bearing on the claims or defenses on this case.  Defendant

10  further objects that this Request on the grounds that it does not seek an admission of

11  fact and instead improperly calls for a legal conclusion.

12       Subject to and without waiving the foregoing general and specific objections,

13  and subject to them, Defendant responds as follows:  Defendant has made reasonable

14  inquiry and that the information known or readily obtainable by Defendant is

15  insufficient to enable Defendant to admit or deny this Request and, on that basis

16  Defendant denies the same.

17

18  **REQUEST FOR ADMISSION NO. 117:**

19       Admit that MGA represented to the U.S. Copyright Office that the work

20  registered as VA 1-090-290 is a derivative of the work registered as VA 1-218-491.

21  **RESPONSE TO REQUEST FOR ADMISSION NO. 117:**

22       In addition to the foregoing general objections, which are incorporated herein

23  by reference, Defendant objects to this Request on the grounds that it is vague,

24  ambiguous and unintelligible.  In particular, the terms "work" and "derivative" in this

25  context are vague and ambiguous.  Defendant objects to this Request on the grounds

26  that it calls for the disclosure of information subject to the attorney-client privilege,

27  the work product doctrine and other applicable privileges.  Defendant further objects

28  to this Request as vague and ambiguous, including without limitation that the Request

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

EXHIBIT __2__ PAGE __238__

1   does not provide an applicable time frame.  Defendant further objects to this Request

2   on the grounds that it is incomprehensible, oppressive and overbroad.  Defendant also

3   objects to this Request on the grounds that it seeks information that is not in the

4   possession, custody or control of Defendant.  Defendant further objects to this

5   Request on the grounds that it seeks confidential, proprietary, and trade secret

6   information that has no bearing on the claims or defenses on this case.

7          Subject to and without waiving the foregoing general and specific objections,

8   and subject to them, Defendant responds as follows:  Defendant has made reasonable

9   inquiry and that the information known or readily obtainable by Defendant is

10  insufficient to enable Defendant to admit or deny this Request and, on that basis

11  Defendant denies the same.

12

13  **REQUEST FOR ADMISSION NO. 118:**

14         Admit that the work registered as VA 1-090-290 is a derivative of the work

15  registered as VA 1-218-491.

16  **RESPONSE TO REQUEST FOR ADMISSION NO. 118:**

17         In addition to the foregoing general objections, which are incorporated herein

18  by reference, Defendant objects to this Request on the grounds that it is vague,

19  ambiguous and unintelligible.  In particular, the terms "work" and "derivative" in this

20  context are vague and ambiguous.  Defendant objects to this Request on the grounds

21  that it calls for the disclosure of information subject to the attorney-client privilege,

22  the work product doctrine and other applicable privileges.  Defendant further objects

23  to this Request as vague and ambiguous, including without limitation that the Request

24  does not provide an applicable time frame.  Defendant further objects to this Request

25  on the grounds that it is incomprehensible, oppressive and overbroad.  Defendant also

26  objects to this Request on the grounds that it seeks information that is not in the

27  possession, custody or control of Defendant.  Defendant further objects to this

28  Request on the grounds that it seeks confidential, proprietary, and trade secret

EXHIBIT _2_ PAGE _235_

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

1  information that has no bearing on the claims or defenses on this case.  Defendant

2  further objects that this Request on the grounds that it does not seek an admission of

3  fact and instead improperly calls for a legal conclusion.

4         Subject to and without waiving the foregoing general and specific objections,

5  and subject to them, Defendant responds as follows:  Defendant has made reasonable

6  inquiry and that the information known or readily obtainable by Defendant is

7  insufficient to enable Defendant to admit or deny this Request and, on that basis

8  Defendant denies the same.

9

10  **REQUEST FOR ADMISSION NO. 119:**

11         Admit that, before THIS ACTION was filed, MGA represented to the U.S.

12  Copyright Office that the work registered as VA 1-090-290 was created in 2000.

13  **RESPONSE TO REQUEST FOR ADMISSION NO. 119:**

14         In addition to the foregoing general objections, which are incorporated herein

15  by reference, Defendant objects to this Request on the grounds that it is vague,

16  ambiguous and unintelligible.  In particular, the terms "created" and "work" in this

17  context are vague and ambiguous.  Defendant objects to this Request on the grounds

18  that it calls for the disclosure of information subject to the attorney-client privilege,

19  the work product doctrine and other applicable privileges.  Defendant further objects

20  to this Request as vague and ambiguous, including without limitation that the Request

21  does not provide an applicable time frame.  Defendant further objects to this Request

22  on the grounds that it is incomprehensible, oppressive and overbroad.  Defendant also

23  objects to this Request on the grounds that it seeks information that is not in the

24  possession, custody or control of Defendant.  Defendant further objects to this

25  Request on the grounds that it seeks confidential, proprietary, and trade secret

26  information that has no bearing on the claims or defenses on this case.

27         Subject to and without waiving the foregoing general and specific objections,

28  and subject to them, Defendant responds as follows:  Defendant has made reasonable

EXHIBIT __2__ PAGE __240__

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

1   inquiry and that the information known or readily obtainable by Defendant is

2   insufficient to enable Defendant to admit or deny this Request and, on that basis

3   Defendant denies the same.

4

5   **REQUEST FOR ADMISSION NO. 120:**

6       Admit that, after THIS ACTION was filed, MGA filed with the U.S. Copyright

7   Office a Form CA stating that the work registered as VA 1-090-290 was created in

8   2001.

9   **RESPONSE TO REQUEST FOR ADMISSION NO. 120:**

10       In addition to the foregoing general objections, which are incorporated herein

11   by reference, Defendant objects to this Request on the grounds that it is vague,

12   ambiguous and unintelligible.  In particular, the terms "created" and "work" in this

13   context are vague and ambiguous.  Defendant objects to this Request on the grounds

14   that it calls for the disclosure of information subject to the attorney-client privilege,

15   the work product doctrine and other applicable privileges.  Defendant further objects

16   to this Request as vague and ambiguous, including without limitation that the Request

17   does not provide an applicable time frame.  Defendant further objects to this Request

18   on the grounds that it is incomprehensible, oppressive and overbroad.  Defendant also

19   objects to this Request on the grounds that it seeks information that is not in the

20   possession, custody or control of Defendant.  Defendant further objects to this

21   Request on the grounds that it seeks confidential, proprietary, and trade secret

22   information that has no bearing on the claims or defenses on this case.

23       Subject to and without waiving the foregoing general and specific objections,

24   and subject to them, Defendant responds as follows:  Defendant has made reasonable

25   inquiry and that the information known or readily obtainable by Defendant is

26   insufficient to enable Defendant to admit or deny this Request and, on that basis

27   Defendant denies the same.

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

89.

EXHIBIT ___2___ PAGE ___241___

1    **REQUEST FOR ADMISSION NO. 121:**

2        Admit that the work registered as VA 1-090-290 was created in 2000.

3    **RESPONSE TO REQUEST FOR ADMISSION NO. 121:**

4        In addition to the foregoing general objections, which are incorporated herein

5    by reference, Defendant objects to this Request on the grounds that it is vague,

6    ambiguous and unintelligible.  In particular, the terms "created" and "work" in this

7    context are vague and ambiguous.  Defendant objects to this Request on the grounds

8    that it calls for the disclosure of information subject to the attorney-client privilege,

9    the work product doctrine and other applicable privileges.  Defendant further objects

10   to this Request as vague and ambiguous, including without limitation that the Request

11   does not provide an applicable time frame.  Defendant further objects to this Request

12   on the grounds that it is incomprehensible, oppressive and overbroad.  Defendant also

13   objects to this Request on the grounds that it seeks information that is not in the

14   possession, custody or control of Defendant.  Defendant further objects to this

15   Request on the grounds that it seeks confidential, proprietary, and trade secret

16   information that has no bearing on the claims or defenses on this case.  Defendant

17   further objects that this Request on the grounds that it does not seek an admission of

18   fact and instead improperly calls for a legal conclusion.

19       Subject to and without waiving the foregoing general and specific objections,

20   and subject to them, Defendant responds as follows:  Defendant has made reasonable

21   inquiry and that the information known or readily obtainable by Defendant is

22   insufficient to enable Defendant to admit or deny this Request and, on that basis

23   Defendant denies the same.

24

25   **REQUEST FOR ADMISSION NO. 122:**

26       Admit that the doll that is depicted in the deposit for registration VA 1090-290

27   was created in 2000.

28   **RESPONSE TO REQUEST FOR ADMISSION NO. 122:**

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

90.

EXHIBIT _____ 2 PAGE _____ 242

1    In addition to the foregoing general objections, which are incorporated herein

2    by reference, Defendant objects to this Request on the grounds that it is vague,

3    ambiguous and unintelligible.  In particular, the terms "created," "deposit" and "doll"

4    in this context are vague and ambiguous.  Defendant objects to this Request on the

5    grounds that it calls for the disclosure of information subject to the attorney-client

6    privilege, the work product doctrine and other applicable privileges.  Defendant

7    further objects to this Request as vague and ambiguous, including without limitation

8    that the Request does not provide an applicable time frame.  Defendant further objects

9    to this Request on the grounds that it is incomprehensible, oppressive and overbroad.

10   Defendant also objects to this Request on the grounds that it seeks information that is

11   not in the possession, custody or control of Defendant.  Defendant further objects to

12   this Request on the grounds that it seeks confidential, proprietary, and trade secret

13   information that has no bearing on the claims or defenses on this case.  Defendant

14   further objects that this Request on the grounds that it does not seek an admission of

15   fact and instead improperly calls for a legal conclusion.

16       Subject to and without waiving the foregoing general and specific objections,

17   and subject to them, Defendant responds as follows:  Defendant has made reasonable

18   inquiry and that the information known or readily obtainable by Defendant is

19   insufficient to enable Defendant to admit or deny this Request and, on that basis

20   Defendant denies the same.

21

22   **REQUEST FOR ADMISSION NO. 123:**

23       Admit that, before THIS ACTION was filed, MGA represented to the U.S.

24   Copyright Office that the work registered as VA 1-148-305 was created in 2000.

25   **RESPONSE TO REQUEST FOR ADMISSION NO. 123:**

26       In addition to the foregoing general objections, which are incorporated herein

27   by reference, Defendant objects to this Request on the grounds that it is vague,

28   ambiguous and unintelligible.  In particular, the terms "created" and "work" in this

91.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

EXHIBIT ___2___ PAGE _243_

context are vague and ambiguous.  Defendant objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the work product doctrine and other applicable privileges.  Defendant further objects to this Request as vague and ambiguous, including without limitation that the Request does not provide an applicable time frame.  Defendant further objects to this Request on the grounds that it is incomprehensible, oppressive and overbroad.  Defendant also objects to this Request on the grounds that it seeks information that is not in the possession, custody or control of Defendant.  Defendant further objects to this Request on the grounds that it seeks confidential, proprietary, and trade secret information that has no bearing on the claims or defenses on this case.

Subject to and without waiving the foregoing general and specific objections, and subject to them, Defendant responds as follows:  Defendant has made reasonable inquiry and that the information known or readily obtainable by Defendant is insufficient to enable Defendant to admit or deny this Request and, on that basis Defendant denies the same.

**REQUEST FOR ADMISSION NO. 124:**

Admit that, after THIS ACTION was filed, MGA filed with the U.S. Copyright Office a Form CA stating that the work registered as VA 1-148-305 was created in 2001.

**RESPONSE TO REQUEST FOR ADMISSION NO. 124:**

In addition to the foregoing general objections, which are incorporated herein by reference, Defendant objects to this Request on the grounds that it is vague, ambiguous and unintelligible.  In particular, the terms "created" and "work" in this context are vague and ambiguous.  Defendant objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the work product doctrine and other applicable privileges.  Defendant further objects to this Request as vague and ambiguous, including without limitation that the Request

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

EXHIBIT __2__ PAGE __244__

1   does not provide an applicable time frame. Defendant further objects to this Request

2   on the grounds that it is incomprehensible, oppressive and overbroad. Defendant also

3   objects to this Request on the grounds that it seeks information that is not in the

4   possession, custody or control of Defendant. Defendant further objects to this

5   Request on the grounds that it seeks confidential, proprietary, and trade secret

6   information that has no bearing on the claims or defenses on this case.

7        Subject to and without waiving the foregoing general and specific objections,

8   and subject to them, Defendant responds as follows: Defendant has made reasonable

9   inquiry and that the information known or readily obtainable by Defendant is

10  insufficient to enable Defendant to admit or deny this Request and, on that basis

11  Defendant denies the same.

12

13  **REQUEST FOR ADMISSION NO. 125:**

14       Admit that the work registered as VA 1-148-305 was created in 2000.

15  **RESPONSE TO REQUEST FOR ADMISSION NO. 125:**

16       In addition to the foregoing general objections, which are incorporated herein

17  by reference, Defendant objects to this Request on the grounds that it is vague,

18  ambiguous and unintelligible. In particular, the terms "created" and "work" in this

19  context are vague and ambiguous. Defendant objects to this Request on the grounds

20  that it calls for the disclosure of information subject to the attorney-client privilege,

21  the work product doctrine and other applicable privileges. Defendant further objects

22  to this Request as vague and ambiguous, including without limitation that the Request

23  does not provide an applicable time frame. Defendant further objects to this Request

24  on the grounds that it is incomprehensible, oppressive and overbroad. Defendant also

25  objects to this Request on the grounds that it seeks information that is not in the

26  possession, custody or control of Defendant. Defendant further objects to this

27  Request on the grounds that it seeks confidential, proprietary, and trade secret

28  information that has no bearing on the claims or defenses on this case. Defendant

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

93.

EXHIBIT __2__ PAGE __245__

1  further objects that this Request on the grounds that it does not seek an admission of

2  fact and instead improperly calls for a legal conclusion.

3    Subject to and without waiving the foregoing general and specific objections,

4  and subject to them, Defendant responds as follows:  Defendant has made reasonable

5  inquiry and that the information known or readily obtainable by Defendant is

6  insufficient to enable Defendant to admit or deny this Request and, on that basis

7  Defendant denies the same.

8

9  **REQUEST FOR ADMISSION NO. 126:**

10    Admit that the work registered as VA 1-148-305 is a derivative work.

11  **RESPONSE TO REQUEST FOR ADMISSION NO. 126:**

12    In addition to the foregoing general objections, which are incorporated herein

13  by reference, Defendant objects to this Request on the grounds that it is vague,

14  ambiguous and unintelligible.  In particular, the terms "work" and "derivative work"

15  in this context are vague and ambiguous.  Defendant objects to this Request on the

16  grounds that it calls for the disclosure of information subject to the attorney-client

17  privilege, the work product doctrine and other applicable privileges.  Defendant

18  further objects to this Request as vague and ambiguous, including without limitation

19  that the Request does not provide an applicable time frame.  Defendant further objects

20  to this Request on the grounds that it is incomprehensible, oppressive and overbroad.

21  Defendant also objects to this Request on the grounds that it seeks information that is

22  not in the possession, custody or control of Defendant.  Defendant further objects to

23  this Request on the grounds that it seeks confidential, proprietary, and trade secret

24  information that has no bearing on the claims or defenses on this case.  Defendant

25  further objects that this Request on the grounds that it does not seek an admission of

26  fact and instead improperly calls for a legal conclusion.

27    Subject to and without waiving the foregoing general and specific objections,

28  and subject to them, Defendant responds as follows:  Defendant has made reasonable

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

94.

EXHIBIT _2_ PAGE _246_

1    inquiry and that the information known or readily obtainable by Defendant is

2    insufficient to enable Defendant to admit or deny this Request and, on that basis

3    Defendant denies the same.

4

5    **REQUEST FOR ADMISSION NO. 127:**

6        Admit that the work registered as VA 1-148-305 is derivative of BRYANT

7    00278 and BRYANT 01071.

8    **RESPONSE TO REQUEST FOR ADMISSION NO. 127:**

9        In addition to the foregoing general objections, which are incorporated herein

10   by reference, Defendant objects to this Request on the grounds that it is vague,

11   ambiguous and unintelligible.  In particular, the terms "work" and "derivative" in this

12   context are vague and ambiguous.  Defendant objects to this Request on the grounds

13   that it calls for the disclosure of information subject to the attorney-client privilege,

14   the work product doctrine and other applicable privileges.  Defendant further objects

15   to this Request as vague and ambiguous, including without limitation that the Request

16   does not provide an applicable time frame.  Defendant further objects to this Request

17   on the grounds that it is incomprehensible, oppressive and overbroad.  Defendant also

18   objects to this Request on the grounds that it seeks information that is not in the

19   possession, custody or control of Defendant.  Defendant objects to this Request as

20   compound in seeking information regarding "BRYANT 00278 and BRYANT

21   01071" and is, in reality, not one but many Requests.  Defendant further objects

22   to this Request on the grounds that it seeks confidential, proprietary, and trade secret

23   information that has no bearing on the claims or defenses on this case.  Defendant

24   further objects that this Request on the grounds that it does not seek an admission of

25   fact and instead improperly calls for a legal conclusion.

26       Subject to and without waiving the foregoing general and specific objections,

27   and subject to them, Defendant responds as follows:  Defendant has made reasonable

28   inquiry and that the information known or readily obtainable by Defendant is

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

95.

EXHIBIT ___2___ PAGE __247__

1   insufficient to enable Defendant to admit or deny this Request and, on that basis

2   Defendant denies the same.

3

4   **REQUEST FOR ADMISSION NO. 128:**

5        Admit that MGA represented to the U.S. Copyright Office that the work

6   registered as VA 1-340-165 is a derivative of the works registered as VA 1-218-487,

7   VA 1-218-488, VA 1-218-489, VA 1-218-490, VA 1-218-491, VA 1-301-530, VA 1-

8   301-528, VA 1-301-531 and VA 1-301-532.

9   **RESPONSE TO REQUEST FOR ADMISSION NO. 128:**

10       In addition to the foregoing general objections, which are incorporated herein

11  by reference, Defendant objects to this Request on the grounds that it is vague,

12  ambiguous and unintelligible. In particular, the terms "work," "derivative" and

13  "works" in this context are vague and ambiguous. Defendant objects to this Request

14  on the grounds that it calls for the disclosure of information subject to the attorney-

15  client privilege, the work product doctrine and other applicable privileges. Defendant

16  further objects to this Request as vague and ambiguous, including without limitation

17  that the Request does not provide an applicable time frame. Defendant further objects

18  to this Request on the grounds that it is incomprehensible, oppressive and overbroad.

19  Defendant also objects to this Request on the grounds that it seeks information that is

20  not in the possession, custody or control of Defendant. Defendant objects to this

21  Request as compound in seeking information regarding "works registered as VA 1-

22  218-487, VA 1-218-488, VA 1-218-489, VA 1-218-490, VA 1-218-491, VA 1-

23  301-530, VA 1-301-528, VA 1-301-531 and VA 1-301-532" and is, in reality,

24  not one but many Requests. Defendant further objects to this Request on the

25  grounds that it seeks confidential, proprietary, and trade secret information that has no

26  bearing on the claims or defenses on this case. Defendant further objects that this

27  Request on the grounds that it does not seek an admission of fact and instead

28  improperly calls for a legal conclusion. Defendant also objects to this Request on the

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

96.

EXHIBIT __2__ PAGE __248__

1   grounds that it seeks information that may be the subject of expert witness analysis

2   and testimony and is premature.

3       Subject to and without waiving the foregoing general and specific objections,

4   and subject to them, Defendant responds as follows:  Defendant has made reasonable

5   inquiry and that the information known or readily obtainable by Defendant is

6   insufficient to enable Defendant to admit or deny this Request and, on that basis

7   Defendant denies the same.

8

9   **REQUEST FOR ADMISSION NO. 129:**

10       Admit that the work registered as VA 1-340-165 is a derivative of the

11   works registered as VA 1-218-487, VA 1-218-488, VA 1-218-489, VA 1-218-

12   490, VA 1-218-491, VA 1-301-530, VA 1-301-528, VA 1-301-531 and VA 1-

13   301-532.

14   **RESPONSE TO REQUEST FOR ADMISSION NO. 129:**

15       In addition to the foregoing general objections, which are incorporated herein

16   by reference, Defendant objects to this Request on the grounds that it is vague,

17   ambiguous and unintelligible.  In particular, the terms "work," "derivative" and

18   "works" in this context are vague and ambiguous.  Defendant objects to this Request

19   on the grounds that it calls for the disclosure of information subject to the attorney-

20   client privilege, the work product doctrine and other applicable privileges.  Defendant

21   further objects to this Request as vague and ambiguous, including without limitation

22   that the Request does not provide an applicable time frame.  Defendant further objects

23   to this Request on the grounds that it is incomprehensible, oppressive and overbroad.

24   Defendant also objects to this Request on the grounds that it seeks information that is

25   not in the possession, custody or control of Defendant.  Defendant objects to this

26   Request as compound in seeking information regarding "works registered as VA 1-

27   218-487, VA 1-218-488, VA 1-218-489, VA 1-218-490, VA 1-218-491, VA 1-

28   301-530, VA 1-301-528, VA 1-301-531 and VA 1-301-532" and is, in reality,

97.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

EXHIBIT ___2___ PAGE 249

1   not one but many Requests. Defendant further objects to this Request on the
2   grounds that it seeks confidential, proprietary, and trade secret information that has no
3   bearing on the claims or defenses on this case. Defendant further objects that this
4   Request on the grounds that it does not seek an admission of fact and instead
5   improperly calls for a legal conclusion. Defendant also objects to this Request on the
6   grounds that it seeks information that may be the subject of expert witness analysis
7   and testimony and is premature.
8        Subject to and without waiving the foregoing general and specific objections,
9   and subject to them, Defendant responds as follows: Defendant has made reasonable
10  inquiry and that the information known or readily obtainable by Defendant is
11  insufficient to enable Defendant to admit or deny this Request and, on that basis
12  Defendant denies the same.
13
14  **REQUEST FOR ADMISSION NO. 130:**
15       Admit that MGA represented to the U.S. Copyright Office that the work
16  registered as VA 1-340-167 is a derivative of the works registered as VA 1-218-
17  487, VA 1-218-488, VA 1-218-489, VA 1-218-490, VA 1-218-491, VA 1-301-
18  530, VA 1-301-528, VA 1-301-531 and VA 1-301-532.
19  **RESPONSE TO REQUEST FOR ADMISSION NO. 130:**
20       In addition to the foregoing general objections, which are incorporated herein
21  by reference, Defendant objects to this Request on the grounds that it is vague,
22  ambiguous and unintelligible. In particular, the terms "work," "derivative" and
23  "works" in this context are vague and ambiguous. Defendant objects to this Request
24  on the grounds that it calls for the disclosure of information subject to the attorney-
25  client privilege, the work product doctrine and other applicable privileges. Defendant
26  further objects to this Request as vague and ambiguous, including without limitation
27  that the Request does not provide an applicable time frame. Defendant further objects
28  to this Request on the grounds that it is incomprehensible, oppressive and overbroad.

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA  90067-3107
310.553.0308

98.

EXHIBIT __2__ PAGE __250__

1   Defendant also objects to this Request on the grounds that it seeks information that is

2   not in the possession, custody or control of Defendant.  Defendant objects to this

3   Request as compound in seeking information regarding "works registered as VA

4   1-218-487, VA 1-218-488, VA 1-218-489, VA 1-218-490, VA 1-218-491, VA

5   1-301-530, VA 1-301-528, VA 1-301-531 and VA 1-301-532" and is, in

6   reality, not one but many Requests.  Defendant further objects to this Request on

7   the grounds that it seeks confidential, proprietary, and trade secret information that has

8   no bearing on the claims or defenses on this case.  Defendant further objects that this

9   Request on the grounds that it does not seek an admission of fact and instead

10  improperly calls for a legal conclusion.  Defendant also objects to this Request on the

11  grounds that it seeks information that may be the subject of expert witness analysis

12  and testimony and is premature.

13        Subject to and without waiving the foregoing general and specific objections,

14  and subject to them, Defendant responds as follows:  Defendant has made reasonable

15  inquiry and that the information known or readily obtainable by Defendant is

16  insufficient to enable Defendant to admit or deny this Request and, on that basis

17  Defendant denies the same.

18

19  **REQUEST FOR ADMISSION NO. 131:**

20        Admit that the work registered as VA 1-340-167 is a derivative of the

21  works registered as VA 1-218-487, VA 1-218-488, VA 1-218-489, VA 1-218-

22  490, VA 1-218-491, VA 1-301-530, VA 1-301-528, VA 1-301-531 and VA 1-

23  301-532.

24  **RESPONSE TO REQUEST FOR ADMISSION NO. 131:**

25        In addition to the foregoing general objections, which are incorporated herein

26  by reference, Defendant objects to this Request on the grounds that it is vague,

27  ambiguous and unintelligible.  In particular, the terms "work," "derivative" and

28  "works" in this context are vague and ambiguous.  Defendant objects to this Request

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA  90067-3107
310.553.0308

EXHIBIT ____2____ PAGE __251__

1   on the grounds that it calls for the disclosure of information subject to the attorney-

2   client privilege, the work product doctrine and other applicable privileges. Defendant

3   further objects to this Request as vague and ambiguous, including without limitation

4   that the Request does not provide an applicable time frame. Defendant further objects

5   to this Request on the grounds that it is incomprehensible, oppressive and overbroad.

6   Defendant also objects to this Request on the grounds that it seeks information that is

7   not in the possession, custody or control of Defendant. Defendant objects to this

8   Request as compound in seeking information regarding "works registered as VA 1-

9   218-487, VA 1-218-488, VA 1-218-489, VA 1-218-490, VA 1-218-491, VA 1-

10  301-530, VA 1-301-528, VA 1-301-531 and VA 1-301-532" and is, in reality,

11  not one but many Requests. Defendant further objects to this Request on the

12  grounds that it seeks confidential, proprietary, and trade secret information that has no

13  bearing on the claims or defenses on this case.   Defendant also objects to this

14  Request on the grounds that it seeks information that may be the subject of expert

15  witness analysis and testimony and is premature.

16        Subject to and without waiving the foregoing general and specific objections,

17  and subject to them, Defendant responds as follows: Defendant has made reasonable

18  inquiry and that the information known or readily obtainable by Defendant is

19  insufficient to enable Defendant to admit or deny this Request and, on that basis

20  Defendant denies the same.

21

22  **REQUEST FOR ADMISSION NO. 132:**

23        Admit that MGA represented to the U.S. Copyright Office that the work

24  registered as VA 1-340-168 is a derivative of the works registered as VA 1218-

25  487, VA 1-218-488, VA 1-218-489, VA 1-218-490, VA 1-218-491, VA 1-301-

26  530, VA 1-301-528, VA 1-301-531 and VA 1-301-532.

27  **RESPONSE TO REQUEST FOR ADMISSION NO. 132:**

28        In addition to the foregoing general objections, which are incorporated herein

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

100.

EXHIBIT __2__ PAGE __252__

1   by reference, Defendant objects to this Request on the grounds that it is vague,

2   ambiguous and unintelligible.  In particular, the terms "work," "derivative" and

3   "works" in this context are vague and ambiguous.  Defendant objects to this Request

4   on the grounds that it calls for the disclosure of information subject to the attorney-

5   client privilege, the work product doctrine and other applicable privileges.  Defendant

6   further objects to this Request as vague and ambiguous, including without limitation

7   that the Request does not provide an applicable time frame.  Defendant further objects

8   to this Request on the grounds that it is incomprehensible, oppressive and overbroad.

9   Defendant also objects to this Request on the grounds that it seeks information that is

10  not in the possession, custody or control of Defendant.  Defendant objects to this

11  Request as compound in seeking information regarding "works registered as VA 1-

12  218-487, VA 1-218-488, VA 1-218-489, VA 1-218-490, VA 1-218-491, VA 1-

13  301-530, VA 1-301-528, VA 1-301-531 and VA 1-301-532" and is, in reality,

14  not one but many Requests.   Defendant further objects to this Request on the

15  grounds that it seeks confidential, proprietary, and trade secret information that has no

16  bearing on the claims or defenses on this case.  Defendant further objects that this

17  Request on the grounds that it does not seek an admission of fact and instead

18  improperly calls for a legal conclusion.  Defendant also objects to this Request on the

19  grounds that it seeks information that may be the subject of expert witness analysis

20  and testimony and is premature.

21          Subject to and without waiving the foregoing general and specific objections,

22  and subject to them, Defendant responds as follows:  Defendant has made reasonable

23  inquiry and that the information known or readily obtainable by Defendant is

24  insufficient to enable Defendant to admit or deny this Request and, on that basis

25  Defendant denies the same.

26

27  **REQUEST FOR ADMISSION NO. 133:**

28          Admit that the work registered as VA 1-340-168 is a derivative of the

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

101.

EXHIBIT   2   PAGE   253

1  works registered as VA 1-218-487, VA 1-218-488, VA 1-218-489, VA 1-218-

2  490, VA 1-218-491, VA 1-301-530, VA 1-301-528, VA 1-301-531 and VA 1-

3  301-532.

4  **RESPONSE TO REQUEST FOR ADMISSION NO. 133:**

5         In addition to the foregoing general objections, which are incorporated herein

6  by reference, Defendant objects to this Request on the grounds that it is vague,

7  ambiguous and unintelligible.  In particular, the terms "work," "derivative" and

8  "works" in this context are vague and ambiguous.  Defendant objects to this Request

9  on the grounds that it calls for the disclosure of information subject to the attorney-

10 client privilege, the work product doctrine and other applicable privileges.  Defendant

11 further objects to this Request as vague and ambiguous, including without limitation

12 that the Request does not provide an applicable time frame.  Defendant further objects

13 to this Request on the grounds that it is incomprehensible, oppressive and overbroad.

14 Defendant also objects to this Request on the grounds that it seeks information that is

15 not in the possession, custody or control of Defendant.  Defendant objects to this

16 Request as compound in seeking information regarding "works registered as VA 1-

17 218-487, VA 1-218-488, VA 1-218-489, VA 1-218-490, VA 1-218-491, VA 1-

18 301-530, VA 1-301-528, VA 1-301-531 and VA 1-301-532" and is, in reality,

19 not one but many Requests. Defendant further objects to this Request on the

20 grounds that it seeks confidential, proprietary, and trade secret information that has no

21 bearing on the claims or defenses on this case.  Defendant further objects that this

22 Request on the grounds that it does not seek an admission of fact and instead

23 improperly calls for a legal conclusion.  Defendant also objects to this Request on the

24 grounds that it seeks information that may be the subject of expert witness analysis

25 and testimony and is premature.

26        Subject to and without waiving the foregoing general and specific objections,

27 and subject to them, Defendant responds as follows: Defendant has made reasonable

28 inquiry and that the information known or readily obtainable by Defendant is

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067-3107
310.553.0308

102.

EXHIBIT  2  PAGE  254