1     insufficient to enable Defendant to admit or deny this Request and, on that basis

2     Defendant denies the same.

3

4     **REQUEST FOR ADMISSION NO. 134:**

5         Admit that MGA represented to the U.S. Copyright Office that the work

6     registered as VA 1-340-169 is a derivative of the works registered as VA 1-

7     218-487, VA 1-218-488, VA 1-218-489, VA 1-218-490, VA 1-218-491, VA 1-

8     301-530, VA 1-301-528, VA 1-301-531 and VA 1-301-532.

9     **RESPONSE TO REQUEST FOR ADMISSION NO. 134:**

10        In addition to the foregoing general objections, which are incorporated herein

11     by reference, Defendant objects to this Request on the grounds that it is vague,

12     ambiguous and unintelligible.  In particular, the terms "work," "derivative" and

13     "works" in this context are vague and ambiguous.  Defendant objects to this Request

14     on the grounds that it calls for the disclosure of information subject to the attorney-

15     client privilege, the work product doctrine and other applicable privileges.  Defendant

16     further objects to this Request as vague and ambiguous, including without limitation

17     that the Request does not provide an applicable time frame.  Defendant further objects

18     to this Request on the grounds that it is incomprehensible, oppressive and overbroad.

19     Defendant also objects to this Request on the grounds that it seeks information that is

20     not in the possession, custody or control of Defendant.  Defendant objects to this

21     Request as compound in seeking information regarding "works registered as VA 1-

22     218-487, VA 1-218-488, VA 1-218-489, VA 1-218-490, VA 1-218-491, VA 1-

23     301-530, VA 1-301-528, VA 1-301-531 and VA 1-301-532" and is, in reality,

24     not one but many Requests.  Defendant further objects to this Request on the

25     grounds that it seeks confidential, proprietary, and trade secret information that has no

26     bearing on the claims or defenses on this case.   Defendant also objects to this

27     Request on the grounds that it seeks information that may be the subject of expert

28     witness analysis and testimony and is premature.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

EXHIBIT __2__ PAGE __255__

1    Subject to and without waiving the foregoing general and specific objections,

2  and subject to them, Defendant responds as follows:  Defendant has made reasonable

3  inquiry and that the information known or readily obtainable by Defendant is

4  insufficient to enable Defendant to admit or deny this Request and, on that basis

5  Defendant denies the same.

6

7  **REQUEST FOR ADMISSION NO. 135:**

8    Admit that the work registered as VA 1-340-169 is a derivative of the

9  works registered as VA 1-218-487, VA 1-218-488, VA 1-218-489, VA 1-218-

10  490, VA 1-218-491, VA 1-301-530, VA 1-301-528, VA 1-301-531 and VA 1-

11  301-532.

12  **RESPONSE TO REQUEST FOR ADMISSION NO. 135:**

13    In addition to the foregoing general objections, which are incorporated herein

14  by reference, Defendant objects to this Request on the grounds that it is vague,

15  ambiguous and unintelligible.  In particular, the terms "work," "derivative" and

16  "works" in this context are vague and ambiguous.  Defendant objects to this Request

17  on the grounds that it calls for the disclosure of information subject to the attorney-

18  client privilege, the work product doctrine and other applicable privileges.  Defendant

19  further objects to this Request as vague and ambiguous, including without limitation

20  that the Request does not provide an applicable time frame.  Defendant further objects

21  to this Request on the grounds that it is incomprehensible, oppressive and overbroad.

22  Defendant also objects to this Request on the grounds that it seeks information that is

23  not in the possession, custody or control of Defendant.  Defendant objects to this

24  Request as compound in seeking information regarding "works registered as VA 1-

25  218-487, VA 1-218-488, VA 1-218-489, VA 1-218-490, VA 1-218-491, VA 1-

26  301-530, VA 1-301-528, VA 1-301-531 and VA 1-301-532" and is, in reality,

27  not one but many Requests.  Defendant further objects to this Request on the

28  grounds that it seeks confidential, proprietary, and trade secret information that has no

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

EXHIBIT __2__ PAGE __256__

1   bearing on the claims or defenses on this case.  Defendant further objects that this

2   Request on the grounds that it does not seek an admission of fact and instead

3   improperly calls for a legal conclusion.  Defendant also objects to this Request on the

4   grounds that it seeks information that may be the subject of expert witness analysis

5   and testimony and is premature.

6       Subject to and without waiving the foregoing general and specific objections,

7   and subject to them, Defendant responds as follows:  Defendant has made reasonable

8   inquiry and that the information known or readily obtainable by Defendant is

9   insufficient to enable Defendant to admit or deny this Request and, on that basis

10  Defendant denies the same.

11

12  **REQUEST FOR ADMISSION NO. 136:**

13      Admit that MGA represented to the U.S. Copyright Office that the work

14  registered as VA 1-340-170 is a derivative of the works registered as VA 1-

15  218-487, VA 1-218-488, VA 1-218-489, VA 1-218-490, VA 1-218-491, VA 1-

16  301-530, VA 1-301-528, VA 1-301-531 and VA 1-301-532.

17  **RESPONSE TO REQUEST FOR ADMISSION NO. 136:**

18      In addition to the foregoing general objections, which are incorporated herein

19  by reference, Defendant objects to this Request on the grounds that it is vague,

20  ambiguous and unintelligible.  In particular, the terms "work," "derivative" and

21  "works" in this context are vague and ambiguous.  Defendant objects to this Request

22  on the grounds that it calls for the disclosure of information subject to the attorney-

23  client privilege, the work product doctrine and other applicable privileges.  Defendant

24  further objects to this Request as vague and ambiguous, including without limitation

25  that the Request does not provide an applicable time frame.  Defendant further objects

26  to this Request on the grounds that it is incomprehensible, oppressive and overbroad.

27  Defendant also objects to this Request on the grounds that it seeks information that is

28  not in the possession, custody or control of Defendant.  Defendant objects to this

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

105.

EXHIBIT ___2___ PAGE _257_

1    Request as compound in seeking information regarding "works registered as VA 1-

2    218-487, VA 1-218-488, VA 1-218-489, VA 1-218-490, VA 1-218-491, VA 1-

3    301-530, VA 1-301-528, VA 1-301-531 and VA 1-301-532" and is, in reality,

4    not one but many Requests. Defendant further objects to this Request on the

5    grounds that it seeks confidential, proprietary, and trade secret information that has no

6    bearing on the claims or defenses on this case. Defendant further objects that this

7    Request on the grounds that it does not seek an admission of fact and instead

8    improperly calls for a legal conclusion. Defendant also objects to this Request on the

9    grounds that it seeks information that may be the subject of expert witness analysis

10   and testimony and is premature.

11        Subject to and without waiving the foregoing general and specific objections,

12   and subject to them, Defendant responds as follows: Defendant has made reasonable

13   inquiry and that the information known or readily obtainable by Defendant is

14   insufficient to enable Defendant to admit or deny this Request and, on that basis

15   Defendant denies the same.

16

17   **REQUEST FOR ADMISSION NO. 137:**

18        Admit that the work registered as VA 1-340-170 is a derivative of the

19   works registered as VA 1-218-487, VA 1-218-488, VA 1-218-489, VA 1-218-

20   490, VA 1-218-491, VA 1-301-530, VA 1-301-528, VA 1-301-531 and VA 1-301-

21   532.

22   **RESPONSE TO REQUEST FOR ADMISSION NO. 137:**

23        In addition to the foregoing general objections, which are incorporated herein

24   by reference, Defendant objects to this Request on the grounds that it is vague,

25   ambiguous and unintelligible. In particular, the terms "work," "derivative" and

26   "works" in this context are vague and ambiguous. Defendant objects to this Request

27   on the grounds that it calls for the disclosure of information subject to the attorney-

28   client privilege, the work product doctrine and other applicable privileges. Defendant

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

106.

EXHIBIT __2__ PAGE __258__

1   further objects to this Request as vague and ambiguous, including without limitation

2   that the Request does not provide an applicable time frame.  Defendant further objects

3   to this Request on the grounds that it is incomprehensible, oppressive and overbroad.

4   Defendant also objects to this Request on the grounds that it seeks information that is

5   not in the possession, custody or control of Defendant.  Defendant objects to this

6   Request as compound in seeking information regarding "works registered as VA 1-

7   218-487, VA 1-218-488, VA 1-218-489, VA 1-218-490, VA 1-218-491, VA 1-

8   301-530, VA 1-301-528, VA 1-301-531 and VA 1-301-532" and is, in reality, not

9   one but many Requests.  Defendant further objects to this Request on the grounds

10  that it seeks confidential, proprietary, and trade secret information that has no bearing

11  on the claims or defenses on this case.  Defendant objects to this Request on the

12  grounds that it does not seek an admission of fact and instead calls for a legal

13  conclusion.  Defendant also objects to this Request on the grounds that it seeks

14  information that may be the subject of expert witness analysis and testimony and is

15  premature.

16      Subject to and without waiving the foregoing general and specific objections,

17  and subject to them, Defendant responds as follows:  Defendant has made reasonable

18  inquiry and that the information known or readily obtainable by Defendant is

19  insufficient to enable Defendant to admit or deny this Request and, on that basis

20  Defendant denies the same.

21

22  **REQUEST FOR ADMISSION NO. 138:**

23      Admit that MGA represented to the U.S. Copyright Office that the work

24  registered as VA 1-334-487 is a derivative of the works registered as VA

25  1-218-487, VA 1-218-488, VA 1-218-489, VA 1-218-490, VA 1-218-491, VA

26  1-301-530, VA 1-301-528, VA 1-301-531 and VA 1-301-532.

27  **RESPONSE TO REQUEST FOR ADMISSION NO. 138:**

28      In addition to the foregoing general objections, which are incorporated herein

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067-3107
310.553.0308

EXHIBIT _2_ PAGE _259_

1   by reference, Defendant objects to this Request on the grounds that it is vague,
2   ambiguous and unintelligible.  In particular, the terms "work," "derivative" and
3   "works" in this context are vague and ambiguous.  Defendant objects to this Request
4   on the grounds that it calls for the disclosure of information subject to the attorney-
5   client privilege, the work product doctrine and other applicable privileges.  Defendant
6   further objects to this Request as vague and ambiguous, including without limitation
7   that the Request does not provide an applicable time frame.  Defendant further objects
8   to this Request on the grounds that it is incomprehensible, oppressive and overbroad.
9   Defendant also objects to this Request on the grounds that it seeks information that is
10  not in the possession, custody or control of Defendant.  Defendant objects to this
11  Request as compound in seeking information regarding "works registered as VA
12  1-218-487, VA 1-218-488, VA 1-218-489, VA 1-218-490, VA 1-218-491, VA
13  1-301-530, VA 1-301-528, VA 1-301-531 and VA 1-301-532" and is, in
14  reality, not one but many Requests.  Defendant further objects to this Request on
15  the grounds that it seeks confidential, proprietary, and trade secret information that has
16  no bearing on the claims or defenses on this case.  Defendant objects to this Request
17  on the grounds that it does not seek an admission of fact and instead calls for a legal
18  conclusion.  Defendant also objects to this Request on the grounds that it seeks
19  information that may be the subject of expert witness analysis and testimony and is
20  premature.
21        Subject to and without waiving the foregoing general and specific objections,
22  and subject to them, Defendant responds as follows:  Defendant has made reasonable
23  inquiry and that the information known or readily obtainable by Defendant is
24  insufficient to enable Defendant to admit or deny this Request and, on that basis
25  Defendant denies the same.
26
27
28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

108.

EXHIBIT __2__ PAGE __260__

1   **REQUEST FOR ADMISSION NO. 139:**

2       Admit that the work registered as VA 1-334-487 is a derivative of the

3   works registered as VA 1-218-487, VA 1-218-488, VA 1-218-489, VA 1-218-

4   490, VA 1-218-491, VA 1-301-530, VA 1-301-528, VA 1-301-531 and VA 1-

5   301-532.

6   **RESPONSE TO REQUEST FOR ADMISSION NO. 139:**

7       In addition to the foregoing general objections, which are incorporated herein

8   by reference, Defendant objects to this Request on the grounds that it is vague,

9   ambiguous and unintelligible.  In particular, the terms "work," "derivative" and

10  "works" in this context are vague and ambiguous.  Defendant objects to this Request

11  on the grounds that it calls for the disclosure of information subject to the attorney-

12  client privilege, the work product doctrine and other applicable privileges.  Defendant

13  further objects to this Request as vague and ambiguous, including without limitation

14  that the Request does not provide an applicable time frame.  Defendant further objects

15  to this Request on the grounds that it is incomprehensible, oppressive and overbroad.

16  Defendant also objects to this Request on the grounds that it seeks information that is

17  not in the possession, custody or control of Defendant.  Defendant objects to this

18  Request as compound in seeking information regarding "works registered as VA 1-

19  218-487, VA 1-218-488, VA 1-218-489, VA 1-218-490, VA 1-218-491, VA 1-

20  301-530, VA 1-301-528, VA 1-301-531 and VA 1-301-532" and is, in reality,

21  not one but many Requests.  Defendant further objects to this Request on the

22  grounds that it seeks confidential, proprietary, and trade secret information that has no

23  bearing on the claims or defenses on this case.  Defendant objects to this Request on

24  the grounds that it does not seek an admission of fact and instead calls for a legal

25  conclusion.  Defendant also objects to this Request on the grounds that it seeks

26  information that may be the subject of expert witness analysis and testimony and is

27  premature.

28      Subject to and without waiving the foregoing general and specific objections,

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

EXHIBIT _2_ PAGE _261_

1   and subject to them, Defendant responds as follows: Defendant has made reasonable

2   inquiry and that the information known or readily obtainable by Defendant is

3   insufficient to enable Defendant to admit or deny this Request and, on that basis

4   Defendant denies the same.

5

6   **REQUEST FOR ADMISSION NO. 140:**

7      Admit that MGA represented to the U.S. Copyright Office that the work

8   registered as VA 1-334-488 is a derivative of the works registered as VA 1-

9   218-487, VA 1-218-488, VA 1-218-489, VA 1-218-490, VA 1-218-491, VA 1-

10  301-530, VA 1-301-528, VA 1-301-531 and VA 1-301-532.

11  **RESPONSE TO REQUEST FOR ADMISSION NO. 140:**

12     In addition to the foregoing general objections, which are incorporated herein

13  by reference, Defendant objects to this Request on the grounds that it is vague,

14  ambiguous and unintelligible. In particular, the terms "work," "derivative" and

15  "works" in this context are vague and ambiguous. Defendant objects to this Request

16  on the grounds that it calls for the disclosure of information subject to the attorney-

17  client privilege, the work product doctrine and other applicable privileges. Defendant

18  further objects to this Request as vague and ambiguous, including without limitation

19  that the Request does not provide an applicable time frame. Defendant further objects

20  to this Request on the grounds that it is incomprehensible, oppressive and overbroad.

21  Defendant also objects to this Request on the grounds that it seeks information that is

22  not in the possession, custody or control of Defendant. Defendant objects to this

23  Request as compound in seeking information regarding "works registered as VA 1-

24  218-487, VA 1-218-488, VA 1-218-489, VA 1-218-490, VA 1-218-491, VA 1-

25  301-530, VA 1-301-528, VA 1-301-531 and VA 1-301-532" and is, in reality,

26  not one but many Requests. Defendant further objects to this Request on the

27  grounds that it seeks confidential, proprietary, and trade secret information that has no

28  bearing on the claims or defenses on this case. Defendant objects to this Request on

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

110.

EXHIBIT ___2___ PAGE ___262___

1   the grounds that it does not seek an admission of fact and instead calls for a legal

2   conclusion.. Defendant also objects to this Request on the grounds that it seeks

3   information that may be the subject of expert witness analysis and testimony and is

4   premature.

5        Subject to and without waiving the foregoing general and specific objections,

6   and subject to them, Defendant responds as follows:  Defendant has made reasonable

7   inquiry and that the information known or readily obtainable by Defendant is

8   insufficient to enable Defendant to admit or deny this Request and, on that basis

9   Defendant denies the same.

10

11   **REQUEST FOR ADMISSION NO. 141:**

12        Admit that the work registered as VA 1-334-488 is a derivative of the works

13   registered as VA 1-218-487, VA 1-218-488, VA 1-218-489, VA 1-218-490, VA

14   1-218-491, VA 1-301-530, VA 1-301-528, VA 1-301-531 and VA 1-301-532.

15   **RESPONSE TO REQUEST FOR ADMISSION NO. 141:**

16        In addition to the foregoing general objections, which are incorporated herein

17   by reference, Defendant objects to this Request on the grounds that it is vague,

18   ambiguous and unintelligible.  In particular, the terms "work," "derivative" and

19   "works" in this context are vague and ambiguous.  Defendant objects to this Request

20   on the grounds that it calls for the disclosure of information subject to the attorney-

21   client privilege, the work product doctrine and other applicable privileges.  Defendant

22   further objects to this Request as vague and ambiguous, including without limitation

23   that the Request does not provide an applicable time frame.  Defendant further objects

24   to this Request on the grounds that it is incomprehensible, oppressive and overbroad.

25   Defendant also objects to this Request on the grounds that it seeks information that is

26   not in the possession, custody or control of Defendant.  Defendant objects to this

27   Request as compound in seeking information regarding "works registered as VA 1-

28   218-487, VA 1-218-488, VA 1-218-489, VA 1-218-490, VA 1-218-491, VA 1-

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

111.

EXHIBIT ___2___ PAGE___263___

1  301-530, VA 1-301-528, VA 1-301-531 and VA 1-301-532" and is, in reality,

2  not one but many Requests. Defendant further objects to this Request on the

3  grounds that it seeks confidential, proprietary, and trade secret information that has no

4  bearing on the claims or defenses on this case. Defendant objects to this Request on

5  the grounds that it does not seek an admission of fact and instead calls for a legal

6  conclusion. Defendant also objects to this Request on the grounds that it seeks

7  information that may be the subject of expert witness analysis and testimony and is

8  premature.

9      Subject to and without waiving the foregoing general and specific objections,

10  and subject to them, Defendant responds as follows: Defendant has made reasonable

11  inquiry and that the information known or readily obtainable by Defendant is

12  insufficient to enable Defendant to admit or deny this Request and, on that basis

13  Defendant denies the same.

14

15  **REQUEST FOR ADMISSION NO. 142:**

16      Admit that MGA represented to the U. S. Copyright Office that the work

17  registered as VA 1-233-273 is a derivative of the works registered as VA 1218-487,

18  VA 1-218-488, VA 1-218-489, VA 1-218-490, VA 1-218-491, VA 1-090287, VA 1-

19  090-288, VA 1-090-289 and VA 1-090-290.

20  **RESPONSE TO REQUEST FOR ADMISSION NO. 142:**

21      In addition to the foregoing general objections, which are incorporated herein

22  by reference, Defendant objects to this Request on the grounds that it is vague,

23  ambiguous and unintelligible. In particular, the terms "work," "derivative" and

24  "works" in this context are vague and ambiguous. Defendant objects to this Request

25  on the grounds that it calls for the disclosure of information subject to the attorney-

26  client privilege, the work product doctrine and other applicable privileges. Defendant

27  further objects to this Request as vague and ambiguous, including without limitation

28  that the Request does not provide an applicable time frame. Defendant further objects

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

112.

EXHIBIT  2  PAGE  264

1    to this Request on the grounds that it is incomprehensible, oppressive and overbroad.

2    Defendant also objects to this Request on the grounds that it seeks information that is

3    not in the possession, custody or control of Defendant. Defendant objects to this

4    Request as compound in seeking information regarding "works registered as VA 1-

5    218-487, VA 1-218-488, VA 1-218-489, VA 1-218-490, VA 1-218-491, VA 1-090-

6    287, VA 1-090-288, VA 1-090-289 and VA 1-090-290" and is, in reality, not one

7    but many Requests. Defendant further objects to this Request on the grounds that it

8    seeks confidential, proprietary, and trade secret information that has no bearing on the

9    claims or defenses on this case. Defendant objects to this Request on the grounds that

10   it does not seek an admission of fact and instead calls for a legal conclusion.

11   Defendant also objects to this Request on the grounds that it seeks information that

12   may be the subject of expert witness analysis and testimony and is premature.

13            Subject to and without waiving the foregoing general and specific objections,

14   and subject to them, Defendant responds as follows: Defendant has made reasonable

15   inquiry and that the information known or readily obtainable by Defendant is

16   insufficient to enable Defendant to admit or deny this Request and, on that basis

17   Defendant denies the same.

18

19   **REQUEST FOR ADMISSION NO. 143:**

20            Admit that the work registered as VA 1-233-273 is a derivative of the works

21   registered as VA 1-218-487, VA 1-218-488, VA 1-218-489, VA 1-218-490, VA 1-

22   218-491, VA 1-090-287, VA 1-090-288, VA 1-090-289 and VA 1-090-290.

23   **RESPONSE TO REQUEST FOR ADMISSION NO. 143:**

24            In addition to the foregoing general objections, which are incorporated herein

25   by reference, Defendant objects to this Request on the grounds that it is vague,

26   ambiguous and unintelligible. In particular, the terms "work," "derivative" and

27   "works" in this context are vague and ambiguous. Defendant objects to this Request

28   on the grounds that it calls for the disclosure of information subject to the attorney-

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

113.

EXHIBIT __2__ PAGE 265

1    client privilege, the work product doctrine and other applicable privileges. Defendant

2    further objects to this Request as vague and ambiguous, including without limitation

3    that the Request does not provide an applicable time frame. Defendant further objects

4    to this Request on the grounds that it is incomprehensible, oppressive and overbroad.

5    Defendant also objects to this Request on the grounds that it seeks information that is

6    not in the possession, custody or control of Defendant. Defendant objects to this

7    Request as compound in seeking information regarding "works registered as VA 1-

8    218-487, VA 1-218-488, VA 1-218-489, VA 1-218-490, VA 1-218-491, VA 1-090-

9    287, VA 1-090-288, VA 1-090-289 and VA 1-090-290" and is, in reality, not one

10   but many Requests. Defendant further objects to this Request on the grounds that it

11   seeks confidential, proprietary, and trade secret information that has no bearing on the

12   claims or defenses on this case. Defendant objects to this Request on the grounds that

13   it does not seek an admission of fact and instead calls for a legal conclusion.

14   Defendant also objects to this Request on the grounds that it seeks information that

15   may be the subject of expert witness analysis and testimony and is premature.

16        Subject to and without waiving the foregoing general and specific objections,

17   and subject to them, Defendant responds as follows: Defendant has made reasonable

18   inquiry and that the information known or readily obtainable by Defendant is

19   insufficient to enable Defendant to admit or deny this Request and, on that basis

20   Defendant denies the same.

21   Dated:   March 30, 2007

22

23                                                DOUGLAS A. WICKHAM
24                                                LITTLER MENDELSON
                                                  A Professional Corporation
25                                                Attorneys for Defendant CARTER
                                                  BRYANT
26

27   Firmwide:82220848.6 028307.1010

28

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

114.

EXHIBIT __2__ PAGE __266__

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 2049 Century Park East, 5th Floor, Los Angeles, CA 90067.

On March 30, 2007, I served the within document(s):

CARTER BRYANT's RESPONSES TO MATTEL's THIRD SET OF REQUESTS FOR ADMISSION

☐   This document was transmitted by using a facsimile machine that complies with California Rules of Court Rule 2003(3), telephone number 310.553.5583. The transmission was reported as complete and without error.   The names and facsimile numbers of the person(s) served are as set forth below.

☒   by placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Los Angeles, California addressed as set forth below.

☐   by depositing a true copy of the same enclosed in a sealed envelope, with delivery fees provided for, in an overnight delivery service pick up box or office designated for overnight delivery, and addressed as set forth below.

☐   by personal service I caused such envelope to be delivered to **CORPORATE LEGAL SERVICES** for delivery to the address below.

EXHIBIT ___2___ PAGE ___267___

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

Firmwide:81814051.2 028307.1010

1.

PROOF OF SERVICE

1 | **Michael T. Zeller, Esq.**
2 | **B. Dylan Proctor, Esq.**
3 | **Quinn Emanuel Urquhart Oliver & Hedges LLP**
4 | **865 S. Figueroa Street, 10th Floor**
     | **Los Angeles, CA 90017**
5 | **Fax: (213) 443-3100**
6 | **E-MAIL:**
     | michaelzeller@quinnemanuel.com;
7 | dylanproctor@quinnemanuel.com

8

9        I am readily familiar with the firm's practice of collection and processing

10  correspondence for mailing and for shipping via overnight delivery service.  Under

11  that practice it would be deposited with the U.S. Postal Service or if an overnight

12  delivery service shipment, deposited in an overnight delivery service pick-up box or

13  office on the same day with postage or fees thereon fully prepaid in the ordinary

14  course of business.

15        I declare under penalty of perjury under the laws of the United States of

16  America that the above is true and correct.

17        Executed on March 30, 2007, at Los Angeles, California.

18

19                                                        _____
20                                                                  Maria Lozano

21

22

23

24

25

26

27

28

EXHIBIT __2__ PAGE __268__

PROOF OF SERVICE

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0298

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 2049 Century Park East, 5th Floor, Los Angeles, CA 90067.

On March 30, 2007, I served the within document(s):

**CARTER BRYANT's RESPONSES TO MATTEL's THIRD SET OF REQUESTS FOR ADMISSION**

☐ This document was transmitted by using a facsimile machine that complies with California Rules of Court Rule 2003(3), telephone number 310.553.5583. The transmission was reported as complete and without error. The names and facsimile numbers of the person(s) served are as set forth below.

☒ by placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Los Angeles, California addressed as set forth below.

☐ by depositing a true copy of the same enclosed in a sealed envelope, with delivery fees provided for, in an overnight delivery service pick up box or office designated for overnight delivery, and addressed as set forth below.

☐ by personal service I caused such envelope to be delivered to **CORPORATE LEGAL SERVICES** for delivery to the address below.

| | |
|---|---|
| Patricia Glaser, Esq.<br>Christensen, Glaser, Fink, Jacobs,<br>Weil & Shapiro, LLP<br>10250 Constellation Boulevard<br>19th Floor<br>Los Angeles, CA 90067<br>Fax : (310) 556-2920 | Diana M. Torres, Esq.<br>James Jenal, Esq.<br>O'Melveny & Myers LLP<br>400 S. Hope Street<br>Los Angeles, CA 90071<br>Fax: (213) 430-6407 |

EXHIBIT __2__ PAGE __269__

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

1    I am readily familiar with the firm's practice of collection and processing

2    correspondence for mailing and for shipping via overnight delivery service.  Under

3    that practice it would be deposited with the U.S. Postal Service or if an overnight

4    delivery service shipment, deposited in an overnight delivery service pick-up box or

5    office on the same day with postage or fees thereon fully prepaid in the ordinary

6    course of business.

7        I declare under penalty of perjury under the laws of the United States of

8    America that the above is true and correct.

9        Executed on March 30, 2007, at Los Angeles, California.

                                            Maria Lozano

Firmwide:81814051.2 028307.1010                    4.        EXHIBIT __2__ PAGE __270__

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310 553 0300

PROOF OF SERVICE

**Exhibit 3**

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-624-7707 FAX 213-624-0643

April 25, 2007

<u>VIA FACSIMILE AND U.S. MAIL</u>

Douglas A. Wickham, Esq.
Littler Mendelson
2049 Century Park East, 5th Floor
Los Angeles, CA 90067

Re:    <u>Mattel, Inc. v. MGA Entertainment, Inc.</u>

Dear Doug:

I write pursuant to section 5 of the Discovery Master Stipulation to request that Bryant meet and confer regarding (a) the many deficiencies in Carter Bryant's Responses to Mattel, Inc.'s Third Set of Requests for Admission to MGA Entertainment, Inc. (the "RFAs") and (b) Bryant's compliance with his discovery obligations in connection with Mattel's documents requests as well as Judge Infante's January 2007 Order compelling Bryant to produce documents.

**The terms "BRATZ" and "BRATZ WORK".**

Many of Mattel's RFAs include the defined terms "BRATZ" and "BRATZ WORK." For example, Request Nos. 36-44 and 46-49 seek information about meetings regarding, work performed on and designs created for BRATZ during various time periods. Bryant denies each of these requests on the purported grounds that "no such doll existed" during stated time period. In responding to these requests, Bryant has improperly restricted the term BRATZ to require that a physical doll then be in existence. There is nothing about this term that requires the

EXHIBIT __3__ PAGE __271__

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 335 Madison Avenue, 17th Floor, New York, New York 10017 | TEL 212-702-8100 FAX 212-702-8100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94104 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-620-4500 FAX 650-620-4555
PALM SPRINGS | 45-025 Manitou Drive, Suite 8, Indian Wells, California 92210 | TEL 760-345-4757 FAX 760-345-2414
SAN DIEGO | 4445 Eastgate Mall, Suite 200, San Diego, California 92121 | TEL 858-812-3107 FAX 858-812-3336

contemporaneous existence of a physical doll, and it cannot fairly be read to include such a limitation. Bryant's unilaterally imposed restriction on this term is improper and his responses to the requests using this term are completely inadequate. We expect Bryant to amend his answers without this limitation and to conform his responses to the plain language of the defined terms.

Furthermore, given Bryant's revelation of this unreasonable interpretation, Mattel is concerned that Bryant has employed similar undisclosed and improper restrictions in responding to other discovery requests that incorporate these and similar terms, including in responding to discovery requests that are the subject of Judge Infante's Order. Please be prepared at the meet and confer that Bryant has not imposed this or similar limitations on his production of documents that Judge Infante ordered or on any prior Mattel discovery requests previously served by Mattel that include the terms BRATZ, BRATZ WORK or any other term that includes the word "Bratz."

## Request Nos. 1-29.

Bryant objects to these requests on the grounds that they call for "the disclosure of information subject to the attorney-client privilege, the work product doctrine and other applicable privileges. We fail to see how these requests call for information subject to any privilege or the work product doctrine. Please be prepared to discuss the basis for and whether Bryant's responses are based on this objection. Also, please be prepared to discuss the "reasonable inquiry" Bryant claims to have made in responding to these requests.

## Request Nos. 30-32.

Bryant's objection to Request Nos. 30 and 31 on the grounds that the term "contract" is vague and ambiguous has no merit. Bryant also objects to these requests on the grounds that each of them "does not seek an admission of fact and improperly calls for a legal conclusion." This objection is also improper. Rule 36 specifically provides that "[a] party may serve upon any other party a written request for admission . . . of the truth of any matters . . . set forth in the request that relate to statements or opinions of fact or the application of law to fact. Thus, under the law, requests for admission "are not objectionable even if they require opinions or conclusions of law, as long as the legal conclusions relate to the facts of the case. Requests to admit pure conclusions of law unrelated to facts in the case are objectionable." E.g., Ransom v. U.S., 8 Cl. Ct. 646, 647 (1985). Accord Treister v. PNC Bank, 2007 WL 521935, at *2 (S.D. Fla. 2007) (rejecting such objections as "without merit."); Miller v. Holzmann, --- F.R.D. ---, 2006 WL 3082359, at *3-4 (D.D.C. 2006); First Options of Chicago, Inc. v. Wallenstein, 1996 WL 729816, at *3 (E.D. Pa. Dec. 17, 1996) ("'Requests for admission . . . are not objectionable even if they require opinions or conclusions of law, as long as the legal conclusions relate to the facts of the case.'") (quoting Audiotext Communications Network, Inc. v. U.S. Telecom, Inc., 1995 WL 625744, at *6 (D. Kan. Oct. 5, 1995)). These requests do not ask for admissions of "pure conclusions of law unrelated to facts in the case," and Bryant's objection on this score is groundless. Further, we fail to see how these requests call "for the disclosure of information subject to the attorney-client privilege, the work product doctrine and other applicable privileges."

2

EXHIBIT ___3___ PAGE ___272___

Bryant's response to each of these requests -- that the attached Exhibit "appears to be a copy" of the referenced document -- does not properly address the substance of the request as required by <u>Rule</u> 36. Mattel is entitled to an unqualified admission or a response that otherwise meets the requirements of <u>Rule</u> 36. Bryant further qualified his Request No. 31, which asks Bryant to admit that Exhibit 31 is a true and correct copy of "a contract between YOU and Mattel, Inc. that YOU executed on or about January 4, 1999." Bryant states that Exhibit 31 "appears to be a copy of a document that Bryant signed on or about January 4, 1999." Please be prepared to discuss whether Bryant's response to this request is limited in any way by any of the asserted objections.

**Request Nos. 33 and 34.**

Bryant's refusal to respond to these requests is inappropriate. The terms "contract," "valid" and "enforceable" are not vague and ambiguous and the objection that the requests improperly call for a legal conclusion has no merit for the reasons already discussed above. Further, we fail to see how the requests call "for the disclosure of information subject to the attorney-client privilege, the work product doctrine and other applicable privileges." Nor can Bryant seriously dispute that the information sought is relevant to the claims or defenses in this lawsuit.

**Request Nos. 36-44 and 46-49.**

These requests seek information about meetings regarding, work performed on and designs created for Bratz during various time periods. Bryant denies each of these requests on the purported grounds that "no such doll existed" during stated time period. As discussed above, Bryant's unilaterally imposed restriction on this term as requiring the existence of a physical doll at the particular time is improper and his responses to the requests using this term are completely inadequate.

Bryant's objection to terms "attended," "aware," "meeting," "during the time" and "at a time" on the grounds that they are vague and ambiguous are frivolous. Moreover, the requests are clearly relevant and in no way call "for the disclosure of information that is subject to the attorney-client privilege, the work product doctrine and other applicable privileges." Bryant's objection to Request Nos. 36-41 on the grounds that they are "incomprehensible, oppressive, overbroad and unduly burdensome" because they "require Defendant to determine the timing of his meeting(s) with Mr. Larian" is groundless. So too is Bryant's objection to Request Nos. 38-41 and 44 on the grounds that they are vague and ambiguous because they do not "provide an applicable time frame." The applicable time period for each of these requests is "the time period that [Bryant was] employed by Mattel."

Bryant's vague reference to "things described in his deposition" in response to a number of these requests is also improper.

**Request Nos. 45 and 62-65.**

Bryant's objection to these requests on the grounds that the terms "BRATZ," "aware," "during the time," "created," "design" and "work" are vague and ambiguous has no merit. Please be prepared to discuss in what respect you contend these terms are vague and ambiguous, the basis for your claim that the requests call for information protected by the attorney-client privilege, the work product doctrine and other applicable privileges and whether Bryant based his response to

EXHIBIT __3__ PAGE 273

these requests on these objections. In particular, we are concerned that Bryant has imposed the same improper restriction on the term "BRATZ" here that he did in responding to the requests discussed above. Please be prepared to discuss this during our conference.

**Request Nos. 50-55 and 60-61.**

These requests seek information regarding the creation of BRATZ WORKS and designs for BRATZ during various time periods. Bryant's objection that these requests call for "information subject to the attorney-client privilege, work product doctrine and other applicable privileges" is groundless. So too is Bryant's objection to Request Nos. 54-55 and 60-61, which reference the time during which Bryant was employed by Mattel, on the grounds that they are vague and ambiguous because they do not "provide an applicable time frame" for the reasons stated above. Further, we fail to see how Request Nos. 60 and 61 seek "information that is not in the possession, custody or control of Defendant." Bryant's objection to these requests on the grounds that the terms "BRATZ WORK," "BRATZ," "created" and "during the time" are vague and ambiguous also has no merit. In particular, we are concerned that Bryant here again has placed improper restrictions on the terms "BRATZ" and "BRATZ WORK" in responding to these requests. Bryant's vague reference to "things described in his deposition" in response to these requests is also improper.

**Request Nos. 56-59.**

Bryant's objection to these requests on the grounds that the terms "BRATZ WORK," "during the time," "aware" and "created" are vague and ambiguous has no merit. So too is the objection that the requests are vague and ambiguous because they do not "provide an applicable time frame" for the reasons stated above. Please be prepared to discuss in what respect you contend these terms are vague and ambiguous, whether you contend that Mr. Bryant does not know the time periods he was employed by Mattel, the basis for your claim that the requests call for information protected by the attorney-client privilege, the work product doctrine and other applicable privileges and whether Bryant denied or otherwise qualified his response to these requests based on these objections. Furthermore, please be prepared to inform us at the meet and confer whether Bryant has placed improper restrictions on the term "BRATZ WORK" in responding to these requests.

**Request Nos. 66-77.**

Bryant's objection to these requests on the grounds that the terms "BRATZ," "payment" and work" are vague and ambiguous has no merit. Likewise, Bryant's objection to Request Nos. 68-77 on the grounds that they are vague and ambiguous because they do not "provide an applicable time frame" has no merit for the reasons already stated. Further, we fail to see how these requests "call for information subject to the attorney-client privilege, the work product doctrine or other applicable privileges" or "information that is not in the possession, custody or control of Defendant." Please be prepared to discuss the basis for and whether Bryant based his response to these requests on these objections. In particular, please be prepared to discuss whether Bryant has denied those requests that include the term "BRATZ" based on a claim that "no such doll existed" during the requested time period.

4

EXHIBIT ___3___ PAGE __274__

**Request Nos. 78-79.**

Bryant's objection to these requests on the grounds that the terms "contract," "during the time," product design services" and "top priority basis" are vague and ambiguous has no merit. Indeed, some these terms are used in the agreement Bryant admits signing. Likewise, Bryant's objections on the grounds that the requests "improperly call for a legal conclusion" and are vague and ambiguous because they do not "provide an applicable time frame" have no merit for the reasons stated above. Further, the subject of the requested admission is clearly relevant, and there appears to be no basis for the objection that these requests "call for information subject to the attorney-client privilege, the work product doctrine or other applicable privileges" or are "incomprehensible, oppressive, overbroad and unduly burdensome." Moreover, the protective order in this case adequately addresses any legitimate claim that the requests seek "confidential, proprietary and trade secret information," as the Discovery Master has already held in compelling Bryant to produce documents. Please be prepared to discuss the basis for and whether Bryant based his response to these requests on these objections.

**Request Nos. 80-82.**

Bryant's objection to these requests on the grounds that the terms "BRATZ," "press release," press report" and "publication" are vague and ambiguous has no merit. Likewise, Bryant's objection on the grounds that the requests are vague and ambiguous because they do not "provide an applicable time frame" is simply inaccurate. Further, we fail to see how these requests "call for information subject to the attorney-client privilege, the work product doctrine or other applicable privileges" or are "incomprehensible, oppressive, overbroad and unduly burdensome." Please be prepared to discuss the basis for and whether Bryant based his response to these requests on these objections. Furthermore, we are concerned that Bryant has imposed the same improper restriction on the term "BRATZ" here that he did in responding to the requests discussed above. Please be prepared to discuss this during our conference as well.

**Request Nos. 83-86 and 91-94.**

Bryant's objection to these requests on the grounds that the terms "agreement" and "any version thereof" are vague and ambiguous has no merit. Likewise, Bryant's objection on the grounds that the requests are vague and ambiguous because they do not "provide an applicable time frame" is nonsensical. Further, the subject of the requested admission is clearly relevant and we fail to see how these requests "call for information subject to the attorney-client privilege, the work product doctrine or other applicable privileges," are "incomprehensible, oppressive, overbroad and unduly burdensome" or are compound. In addition, Bryant's "trade secret" objection has no merit and, in any event, any legitimate confidentiality concern is adequately addressed by the protective order in place in this case. Please be prepared to discuss the basis for and whether Bryant based his response to these requests on these objections.

**Request Nos. 87-90 and 95-98.**

Bryant's objection to these requests on the grounds that the terms "agreement" and "any version thereof" are vague and ambiguous has no merit. Likewise, Bryant's objection on the grounds that the requests are vague and ambiguous because they do not "provide an applicable time frame" is

EXHIBIT _____3_____ PAGE _275_

not well-founded. Further, the subject of the requested admission is clearly relevant and we fail
to see how these requests "call for information subject to the attorney-client privilege, the work
product doctrine or other applicable privileges" or are "incomprehensible, oppressive, overbroad
and unduly burdensome." We also fail to see how Request Nos. 87-90 call for "information that
is not in the possession, custody or control of Defendant" and, in any event, Bryant is still
obligated to respond in accordance with Rule 36. In addition, Bryant's "trade secret" objection
has no merit and, in any event, any legitimate confidentiality concern is adequately addressed by
the protective order in place in this case.

In response to each of these requests, Bryant states that "Defendant has made reasonable inquiry
and that the information known or readily obtainable by Defendant is insufficient to enable
Defendant to admit or deny this Request, and on that basis Defendant denies the same." Given
the subject matter of the requests, we fail to see how, if Bryant had made a "reasonable inquiry,"
he is not in a position to admit or deny these requests. Please be prepared to discuss Bryant's
purported reasonable inquiry, the basis for the asserted objections and whether Bryant based his
response to these requests on those objections.

**Request Nos. 99-143.**

Bryant's objection to these requests on the grounds that terms such as "doll," "created," "work"
and "derivative" are vague and ambiguous lack merit. Indeed, it is difficult to see how Bryant
could assert such an objection in good faith considering that Bryant's and MGA's own discovery
requests in this case are replete with such terms. Also groundless is Bryant's objection on the
grounds that the requests are vague and ambiguous because they do not "provide an applicable
time frame." Further, the subject of the requested admissions is clearly relevant and we fail to
see how these requests "call for information subject to the attorney-client privilege, the work
product doctrine or other applicable privileges" or are "incomprehensible, oppressive, and
overbroad." Nor do these requests improperly call for a legal conclusion for the reasons stated
above. In addition, Bryant's "trade secret" objection has no merit and, in any event, any
legitimate confidentiality concern is adequately addressed by the protective order in place in this
case.

In response to each of these requests, Bryant states that "Defendant has made reasonable inquiry
and that the information known or readily obtainable by Defendant is insufficient to enable
Defendant to admit or deny this Request, and on that basis Defendant denies the same." Given
the subject matter of the requests, we fail to see how, if Bryant had made a "reasonable inquiry,"
he is not in a position to admit or deny most if not all of these requests. Please be prepared to
discuss Bryant's purported reasonable inquiry, the basis for the asserted objections and whether
Bryant based his response to these requests or the scope of this "reasonable inquiry" on those
objections.

Unless we can resolve these issues with Bryant's responses, Mattel will seek relief that asks the
Discovery Master to order either that, or each of the requests, the matter is admitted or that an
amended answer be served and to impose monetary sanctions.

Likewise, unless we are able to confirm that Bryant has not limited his response to Mattel's other
discovery requests based on improper restrictions on the terms "BRATZ," "BRATZ WORK" and

6

EXHIBIT _____3_____ PAGE _____276_____

other terms that include the word Bratz, Mattel will seek appropriate relief from the Discovery Master, including to enforce the Order compelling Bryant to produce documents.

Please let me know when Bryant's counsel is available to meet and confer on these issues within the time required. I look forward to hearing from you.

Very truly yours,

Michael T. Zeller

07209/2102963.1

7

EXHIBIT __3__ PAGE __277__

**Exhibit 4**

RECEIVED
MAY 1 7 2007

LAW OFFICES

# KEKER & VAN NEST
## LLP

710 SANSOME STREET
SAN FRANCISCO, CA 94111-1704
TELEPHONE (415) 391-5400
FAX (415) 397-7188
WWW.KVN.COM

CHRISTA MARTINE ANDERSON
CANDERSON@KVN.COM

May 15, 2007

**VIA FACSIMILE & U.S. MAIL**

Michael T. Zeller, Esq.
Quinn Emanuel
865 South Figueroa Street
10th Floor
Los Angeles, CA  90017

Re:    Bryant v. Mattel, Inc. -- Case No. CV 04-09049 SGL (RNBx).

Dear Michael:

I am writing in response to your letter dated April 25, 2007 regarding Carter Bryant's Response to Mattel, Inc.'s Third Set of Request for Admissions.  We strongly disagree with your assertion that Bryant's responses contain "many deficiencies."  However, in hopes of avoiding needless discovery motions, we have provided explanations regarding Bryant's responses, agreed to supplement certain responses, and have also proposed additional steps to resolve the issues you have raised.

I.       **The terms "BRATZ" and "BRATZ WORK" and Requests 36-67, 70-73.**

Bryant, in good faith, applied the definition of "BRATZ" and "BRATZ WORK" provided by Mattel in its third request for admissions ("the Request").   Those definitions require the existence of a "doll or any portion thereof."  Contrary to Mattel's assertions, Bryant placed no additional or improper limitations on those terms.

In order to avoid additional disputes and provide for an amicable resolution to this issue, however, Bryant is willing to meet and confer in order to develop a definition that is amenable to all parties.

II.      **Requests 1-29.**

Requests 1-29 ask Bryant to admit or deny that Exhibits 1-29, attached to the Request, are "true and correct cop[ies]" of documents "MGA obtained from the U.S. Copyright Office" as of certain dates.  Bryant is in no position to authenticate documents belonging to another party

EXHIBIT __4__ PAGE __278__

Michael T. Zeller, Esq.
May 15, 2007
Page 2

and, therefore, properly denied those requests, after reasonable inquiry, based on insufficient information or knowledge to admit or deny the request.

MGA stated, in its response to Mattel's Fourth Request for Admissions, that Exhibits 1-28 appear to be copies of the original documents. As such, Bryant does not intend to challenge the authenticity of those documents.

III.    **Requests 30-32.**

Bryant agrees to supplement its responses to Requests 30-32.

IV.    **Requests 33 and 34.**

Requests 33 and 34 ask Bryant to conclude that the "contract" attached as Exhibit 30 "between MGA and Bryant" is "valid" and "enforceable." Bryant objected to these requests on the grounds that they call for legal conclusions. While requests for admissions may relate to the application of law to fact, They cannot be used to compel an admission of a conclusion of law." Playboy Enterprises, Inc. v. Welles, 60 F.Supp.2d 1050, 1057 (S.D. Cal. 1999). But simply sprinkling a few facts into a request for admission does not, on its own, make the request a proper application of law to fact. See Google Inc. v. American Blind & Wallpaper Factory Inc., No. C 03-5340, 2006 WL 3290402, at * 2 (N.D. Cal. Nov. 2006) (holding request seeking admission by defendant that, under certain circumstances, no "use" of defendant's trademarks would occur "within the meaning of the Lanham Act" was improper request for admission of conclusion of law).

Furthermore, because these requests call for a legal conclusion, any knowledge Bryant hypothetically has to respond to these requests is likely to have come from information subject to the attorney-client privilege, the work product doctrine and other applicable privileges, and Bryant properly raised his objections on those grounds. Finally, Bryant reiterates his objection to these requests as irrelevant to the matter.

V.    **Requests 36-44; 46-49.**

Requests 36-44 and 46-49 incorporate the term "BRATZ." As discussed in Section I above, Bryant is open to meeting and conferring to generate a definition of this term that does not require the existence of a "doll or any portion thereof." In addition, Bryant agrees to supplement his responses to Requests 36-39 and 42-44.

Requests 40-41 ask that Bryant admit or deny that certain events occurred "at a time when MGA was aware that [Bryant was] employed by MATTEL." Bryant can not be expected to provide a response that is dependent on knowing whether or not a corporate entity is "aware" of certain facts. Yet, as noted throughout this letter, Mattel's requests are riddled with similar questions based on the misguided assumption that Bryant can attest to MGA's state of mind.

EXHIBIT ___4___ PAGE __279__

Michael T. Zeller, Esq.
May 15, 2007
Page 3

VI.    **Requests 45; 62-65.**

Here again, Mattel requests admissions that are clearly outside the scope of Bryant's
personal knowledge.  Requests 45 and 62-65 have the exact same structure: "Admit that . . .
MGA was aware that YOU [conducted some act] . . . during the time that YOU were employed
by MATTEL."  As stated previously, Bryant can not be expected to admit or deny  a request
centered on the state of mind of a corporate entity.  Bryant made a reasonable inquiry, had
insufficient information to admit or deny, and properly denied these requests.

VII.    **Requests 50-55[1] and 60-61.**

Despite the limiting language in Mattel's own definitions and the vague and ambiguous
nature of the requests, Bryant provided sufficient and appropriate responses to these requests.
Specifically, Bryant responded that he made the drawings and conceived the idea for what
ultimately became the Bratz dolls in or about August 1998.  He further stated that, as set forth in
more detail in his depositions, he traced his 1998 drawings in 1999 and applied color to some
such tracings.  Bryant also denied that he "created" Bratz or first developed the idea of what
ultimately became the Bratz dolls during the period August 1, 1999 and January 1, 2000.  In
sum, Bryant's response to these requests were responsive and appropriate under Fed. R. Civ. P.
36.

VIII.    **Requests 56-59.**

Yet again, in Requests 56-59, Mattel asks Bryant to provide a response contingent on
MGA's awareness of certain facts.  As stated in his response, Bryant has insufficient knowledge
to admit or deny the awareness of a third party corporate entity.  Bryant, after reasonable inquiry,
had insufficient information to admit or deny whether or when MGA became aware of his
employment at Mattel, and thus his denials were appropriate.

IX.    **Request 66-77**

Requests 66-67 and 70-73 request information regarding "BRATZ" or "BRATZ
WORK."  As discussed in Section I above, which we hereby incorporate by reference, Bryant
has proposed a potential resolution to this issue.

Mattel also claims that Bryant's responses to Requests 68-69 were inadequate.  In those
responses, Bryant admitted that (a) MGA made a payment to him for submissions of what he
considered to be a try out and (b) Bryant admits that he received money from MGA on more than

---

[1] Mattel poses duplicate requests in multiple instances:  Requests number 50 and 52 are identical
("Admit that YOU created at least one BRATZ WORK between August 1, 1999 and January 1,
2000.") as are Mattel's requests 51 and 53 ("Admit that YOU created more than one BRATZ
WORK between January 1, 2000 and October 20, 2000.").

395141.07

EXHIBIT ___4___ PAGE __280__

Michael T. Zeller, Esq.
May 15, 2007
Page 4

one occasion prior to October 20, 2000. These admissions were responsive and appropriate to Mattel's requests.

Request Nos. 74-77 ask that Bryant admit or deny that certain events occurred "at a time when MGA was aware that YOU were employed by MATTEL." As stated multiple times in this letter, Bryant had insufficient information to admit or deny statements as to the state of mind of a corporate entity, and his responses to such requests were appropriate.

X.      **Requests 78-79**

Bryant agrees to supplement his responses to Requests 78 and 79.

XI.     **Requests 80-82**

Bryant agrees to supplement his responses to Requests 80-82.

XII.    **Requests 83-86 and 91-94**

Requests 83-86 and 91-94 ask that Bryant admit or deny that, as of the date of the request or as of November 7, 2006, MGA has not recorded documents bearing bates numbers BRYANT 00794 – 00799 or MGA 0001 – MGA 0006, or any version thereof, to the U.S. Copyright Office, any state or federal agency, department or entity. Bryant can not be expected to have sufficient information, after reasonable inquiry, to admit or deny whether or not a third party has or has not recorded those documents.

XIII.   **Requests 87-90 and 95-98**

Bryant agrees to supplement his responses to Requests 87-90 and 95-98.

XIV.    **Requests 99 – 143**

Bryant agrees to supplement his responses to Requests 99-143.

We are available on either Friday, May 18, or Monday, May 21 to meet and confer to resolving any outstanding questions.

Sincerely,

Christa Anderson

CMA/jas

EXHIBIT __4__ PAGE __281__

**Exhibit 5**

**quian emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

June 18, 2007

**VIA FACSIMILE AND U.S. MAIL**

John E. Trinidad, Esq.
Keker & Van Nest, LLP
710 Sansome Street
San Francisco, CA  94111

Re:     Mattel, Inc. v. Bryant

Dear John:

I am in receipt of Carter Bryant's Second Supplemental and Amended Responses to Mattel, Inc.'s Third Set of Requests for Admission along with your letter dated June 11, 2008.

Your letter correctly notes that Mattel's objective during our lengthy meet and confer process regarding Bryant's responses has been to resolve as many issues as we can on an informal basis. To that end, when we spoke on June 5, 2007, we discussed further supplementations or clarifications which, if provided, would resolve open issues as to specific requests.  However, I did not agree, as letter suggests, that Mattel would not move to compel on responses to particular requests unless it expressly "reserved a right" to do so.

That being said, I believe we have resolved most of the areas of dispute.  I write to confirm certain clarifications you provided during the meet and confer process and to identify two unresolved areas of dispute in addition to the three listed in your June 11, 2007 letter.

**The terms "BRATZ" and "BRATZ WORK".**

This will confirm that in providing supplemental and/or amended responses to any request in Mattel's Third Set of Requests for Admission that includes the term "BRATZ" or "BRATZ

EXHIBIT  5  PAGE 282

**quian emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100

SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700

SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

08978/2146833.1

WORK," and in his original response to Request Nos. 66 and 67, Bryant has not interpreted the term "BRATZ" to require the existence of a physical doll at the time identified in the request or the term "BRATZ WORK" to mean a representation of a then-existing physical doll. If that is not correct, please identify the requests for which Bryant continues to interpret either of these terms in this manner.

**Request No. 29.**

During our meet and confer discussions, I pointed out that, as to this request, I did not believe it was appropriate for Bryant to incorporate MGA's response and state that "after reasonable inquiry, Bryant is presently unaware of any facts which refute that response." In effect, Bryant states that after a reasonable inquiry he is presently unaware of facts which refute MGA's response that after a reasonable inquiry MGA is unable to admit or deny this request. That response does not meet the substance of the request. You indicated that you would provide a supplemental response but have not done so. If Bryant intends to stand on this response, Mattel intends to include it in a motion to compel.

**Request No. 31.**

As we discussed during our meet and confer, Bryant's response to this request does not admit that Exhibit 31 is a "contract" between Mattel and Bryant. I stated that Mattel's decision as to whether it would move to compel depended on whether Bryant's response was based on an objection to the term "contract," including an objection that the term is vague and ambiguous or calls for a legal conclusion, as opposed to a denial that Exhibit 31 is in fact a contract between Mattel and Bryant. You confirmed that Bryant's response is based on his denial that Exhibit 31 is a contract, not any objection to the term "contract." On that basis, Mattel will not move to compel as to this request.

**Request Nos. 33 and 34.**

Your June 11, 2007 letter fails to mention these two requests. Mattel raised Bryant's objections and refusal to answer to these requests in its initial meet and confer letter. Prior to our conversation on June 5, 2007, you stated that Bryant intended stand on his objections and we agreed there was nothing further to discuss. Mattel intends to include Bryant's response to these requests in a motion to compel.

**Request Nos. 103-104, 109-110, 115-116, 121-122 and 125.**

Please let me know when I can expect to receive a supplemental response to these requests.

Very truly yours,

Scott B. Kidman

2

EXHIBIT __5__ PAGE __283__

**Exhibit  6**

RECEIVED

MAY 3 0 2007

1  KEKER & VAN NEST, LLP
   JOHN W. KEKER - #49092
2  MICHAEL H. PAGE - #154913
   CHRISTA M. ANDERSON - #184325
3  710 Sansome Street
   San Francisco, CA  94111-1704
4  Telephone:  (415) 391-5400
   Facsimile:  (415) 397-7188
5
6  Attorneys for Plaintiff
   CARTER BRYANT
7

8

9                   UNITED STATES DISTRICT COURT

10                  CENTRAL DISTRICT OF CALIFORNIA

11

12 CARTER BRYANT, an individual,          Case No. CV 04-09049 SGL (RNBx)
                                          (consolidated with CV 04-9059 & 05-2727)
13                          Plaintiff,
                                          **CARTER BRYANT'S SUPPLEMENTAL**
14      v.                                **AND AMENDED RESPONSES TO**
                                          **MATTEL, INC.'S THIRD SET OF**
15 MATTEL, INC., a Delaware Corporation,  **REQUESTS FOR ADMISSION TO**
                                          **CARTER BRYANT**
16                          Defendant.

17 CONSOLIDATED WITH MATTEL, INC. v.
   BRYANT and MGA ENTERTAINMENT,
18 INC. v. MATTEL, INC.

19

20

21 PROPOUNDING PARTY:    Defendant MATTEL, INC. ("Defendant")

22 RESPONDING PARTY:     Plaintiff CARTER BRYANT ("Plaintiff")

23 SET NUMBER:           THREE (3)

24

25

26

27                                    EXHIBIT __6__ PAGE __284__

28

PLAINTIFF'S SUPPLEMENTAL AND AMENDED RESPONSES TO
DEFENDANT'S THIRD SET OF REQUESTS FOR ADMISSION
CASE NO. CV 04-09049

1    Carter Bryant ("Defendant" or "Bryant") hereby provides supplemental and amended

2    responses to certain requests included in Mattel, Inc.'s ("Plaintiff" or "Mattel") Third Set of

3    Requests for Admission.  Bryant, in good faith, provides these supplemental and amended

4    responses in an effort to address concerns raised by Mattel in its letter dated April 25, 2007, and

5    as outlined in Bryant's letter to Mattel dated May 15, 2007.

6    Bryant's responses and objections are made solely for the purpose of this action.

7    Bryant points out that discovery is still pending, that it has not concluded its investigation

8    of the facts relating to this case, has not completed its own discovery in this case, and has not

9    completed preparation for trial.  In light of the foregoing, the following Responses are given

10   without prejudice to Bryant's right to stand on its objections, to continue its investigation and

11   discovery, to rely on subsequently discovered facts, and to utilize subsequently discovered or

12   subsequently identified evidence or documents.

13   The following Responses reflect the current status of Bryant's knowledge and belief

14   respecting the matters about which inquiry is made.  Discovery will continue as long as

15   permitted by statute or stipulation of the parties, and investigation by Bryant, its attorneys and

16   agents will continue up to and throughout the trial of this action.  Bryant specifically reserves the

17   right to introduce at the time of trial any evidence from any source, including documents and

18   testimony from any witnesses which may hereafter be discovered.

19   If any information has been unintentionally omitted from these Responses, Bryant hereby

20   reserves the right to amend these Responses to include the omitted information.  Bryant also

21   reserves the right to change, amend or supplement any or all of the matters contained in these

22   responses as additional facts are ascertained, analyses are made, and research is completed.

23   These introductory paragraphs apply to each and every Response herein and shall be

24   incorporated as though fully set forth in each and every Response.

25   All of Bryant's responses are based upon information and documentation that is currently

26   available and specifically known to Bryant.  The responses are made in a good-faith effort to

27   provide information now known to Bryant which are responsive, but Bryant specifically reserves

28                                          1

EXHIBIT __6__ PAGE __285__

PLAINTIFF'S SUPPLEMENTAL AND AMENDED RESPONSES TO
DEFENDANT'S THIRD SET OF REQUESTS FOR ADMISSION
CASE NO. CV 04-09049

1    the right both to supplement any of the responses set forth below and to utilize at trial any further

2    information or documents.

3

4                                **GENERAL OBJECTIONS**

5        Bryant incorporates the General Objections originally set forth in his response to Mattel's

6    Third Set of Requests for Admissions.

7

8                        **RESPONSES TO REQUESTS FOR ADMISSION**

9    **REQUEST FOR ADMISSION NO. 1:**

10       Admit that the document attached hereto as Exhibit 1 is a true and correct copy of a

11   registration MGA obtained from the U.S. Copyright Office as of June 18, 2001.

12   **RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

13       Bryant incorporates by reference the above-stated general objections as if fully set forth

14   herein.  Bryant specifically objects to this request on the grounds that the request seeks to have

15   Bryant characterize the document.  Bryant also asserts that the document speaks for itself.

16   Bryant specifically objects to this request on the grounds that it calls for Bryant to speculate

17   about matters to which Bryant lacks personal knowledge.

18       Subject to and without waiving the foregoing general and specific objections, Bryant

19   responds to this request by incorporating MGA's response to Request Number 1 in Mattel's

20   Fourth Set of Requests for Admissions, served on MGA by Mattel, as follows:  MGA responds

21   that the document appears to be a copy of the original, and Bryant is presently unaware of any

22   facts which refute that response.

23

24   **REQUEST FOR ADMISSION NO. 2:**

25       Admit that the document attached hereto as Exhibit 2 is a true and correct copy of a

26   supplementary registration MGA obtained from the U.S. Copyright Office as of March 28, 2005.

27

28                                2

EXHIBIT __6__ PAGE __286__

1    **RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

2         Bryant incorporates by reference the above-stated general objections as if fully set forth

3    herein.  Bryant specifically objects to this request on the grounds that the request seeks to have

4    Bryant characterize the document.  Bryant also asserts that the document speaks for itself.

5    Bryant specifically objects to this request on the grounds that it calls for Bryant to speculate

6    about matters to which Bryant lacks personal knowledge.

7         Subject to and without waiving the foregoing general and specific objections, Bryant

8    responds to this request by incorporating MGA's response to Request Number 2 in Mattel's

9    Fourth Set of Requests for Admissions, served on MGA by Mattel, as follows:  MGA responds

10   that the document appears to be a copy of the original, and Bryant is presently unaware of any

11   facts which refute that response.

12

13   **REQUEST FOR ADMISSION NO. 3:**

14        Admit that the document attached hereto as Exhibit 3 is a true and correct copy of a

15   registration MGA obtained from the U.S. Copyright Office as of December 22, 2003.

16   **RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

17        Bryant incorporates by reference the above-stated general objections as if fully set forth

18   herein.  Bryant specifically objects to this request on the grounds that the request seeks to have

19   Bryant characterize the document.  Bryant also asserts that the document speaks for itself.

20   Bryant specifically objects to this request on the grounds that it calls for Bryant to speculate

21   about matters to which Bryant lacks personal knowledge.

22        Subject to and without waiving the foregoing general and specific objections, Bryant

23   responds to this request by incorporating MGA's response to Request Number 3 in Mattel's

24   Fourth Set of Requests for Admissions, served on MGA by Mattel, as follows:  MGA responds

25   that the document appears to be a copy of the original, and Bryant is presently unaware of any

26   facts which refute that response.

27

28                                          3                    EXHIBIT __6__  PAGE __287__

---

1 | **REQUEST FOR ADMISSION NO. 4:**

2 |     Admit that the document attached hereto as Exhibit 4 is a true and correct copy of a

3 | supplementary registration MGA obtained from the U.S. Copyright Office as of March 29, 2005.

4 | **RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

5 |     Bryant incorporates by reference the above-stated general objections as if fully set forth

6 | herein. Bryant specifically objects to this request on the grounds that the request seeks to have

7 | Bryant characterize the document. Bryant also asserts that the document speaks for itself.

8 | Bryant specifically objects to this request on the grounds that it calls for Bryant to speculate

9 | about matters to which Bryant lacks personal knowledge.

10 |     Subject to and without waiving the foregoing general and specific objections, Bryant

11 | responds to this request by incorporating MGA's response to Request Number 4 in Mattel's

12 | Fourth Set of Requests for Admissions, served on MGA by Mattel, as follows: MGA responds

13 | that the document appears to be a copy of the original, and Bryant is presently unaware of any

14 | facts which refute that response.

15 |

16 | **REQUEST FOR ADMISSION NO. 5:**

17 |     Admit that the document attached hereto as Exhibit 5 is a true and correct copy of a

18 | registration MGA obtained from the U.S. Copyright Office as [of] June 18, 2001.

19 | **RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

20 |     Bryant incorporates by reference the above-stated general objections as if fully set forth

21 | herein. Bryant specifically objects to this request on the grounds that the request seeks to have

22 | Bryant characterize the document. Bryant also asserts that the document speaks for itself.

23 | Bryant specifically objects to this request on the grounds that it calls for Bryant to speculate

24 | about matters to which Bryant lacks personal knowledge.

25 |     Subject to and without waiving the foregoing general and specific objections, Bryant

26 | responds to this request by incorporating MGA's response to Request Number 5 in Mattel's

27 | Fourth Set of Requests for Admissions, served on MGA by Mattel, as follows: MGA responds

28 |

4

EXHIBIT __6__ PAGE __288__

1   that the document appears to be a copy of the original, and Bryant is presently unaware of any

2   facts which refute that response.

3

4   **REQUEST FOR ADMISSION NO. 6:**

5       Admit that the document attached hereto as Exhibit 6 is a true and correct copy of a

6   supplementary registration MGA obtained from the U.S. Copyright Office as of March 28, 2005.

7   **RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

8       Bryant incorporates by reference the above-stated general objections as if fully set forth

9   herein. Bryant specifically objects to this request on the grounds that the request seeks to have

10   Bryant characterize the document. Bryant also asserts that the document speaks for itself.

11   Bryant specifically objects to this request on the grounds that it calls for Bryant to speculate

12   about matters to which Bryant lacks personal knowledge.

13       Subject to and without waiving the foregoing general and specific objections, Bryant

14   responds to this request by incorporating MGA's response to Request Number 6 in Mattel's

15   Fourth Set of Requests for Admissions, served on MGA by Mattel, as follows:  MGA responds

16   that the document appears to be a copy of the original, and Bryant is presently unaware of any

17   facts which refute that response.

18

19   **REQUEST FOR ADMISSION NO. 7:**

20       Admit that the document attached hereto as Exhibit 7 is a true and correct copy of a

21   registration MGA obtained from the U.S. Copyright Office as of December 22, 2003.

22   **RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

23       Bryant incorporates by reference the above-stated general objections as if fully set forth

24   herein. Bryant specifically objects to this request on the grounds that the request seeks to have

25   Bryant characterize the document. Bryant also asserts that the document speaks for itself.

26   Bryant specifically objects to this request on the grounds that it calls for Bryant to speculate

27   about matters to which Bryant lacks personal knowledge.

28

5

EXHIBIT __6__ PAGE __289__

1    Subject to and without waiving the foregoing general and specific objections, Bryant

2  responds to this request by incorporating MGA's response to Request Number 7 in Mattel's

3  Fourth Set of Requests for Admissions, served on MGA by Mattel, as follows:  MGA responds

4  that the document appears to be a copy of the original, and Bryant is presently unaware of any

5  facts which refute that response.

6

7

8  **REQUEST FOR ADMISSION NO. 8:**

9    Admit that the document attached hereto as Exhibit 8 is a true and correct copy of a

10  supplementary registration MGA obtained from the U.S. Copyright Office as of March 28, 2005.

11  **RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

12    Bryant incorporates by reference the above-stated general objections as if fully set forth

13  herein.  Bryant specifically objects to this request on the grounds that the request seeks to have

14  Bryant characterize the document.  Bryant also asserts that the document speaks for itself.

15  Bryant specifically objects to this request on the grounds that it calls for Bryant to speculate

16  about matters to which Bryant lacks personal knowledge.

17    Subject to and without waiving the foregoing general and specific objections, Bryant

18  responds to this request by incorporating MGA's response to Request Number 8 in Mattel's

19  Fourth Set of Requests for Admissions, served on MGA by Mattel, as follows:  MGA responds

20  that the document appears to be a copy of the original, and Bryant is presently unaware of any

21  facts which refute that response.

22

23  **REQUEST FOR ADMISSION NO. 9:**

24    Admit that the document attached hereto as Exhibit 9 is a true and correct copy of a

25  registration MGA obtained from the U.S. Copyright Office as of June 18, 2001.

26  **RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

27    Bryant incorporates by reference the above-stated general objections as if fully set forth

28                                6        EXHIBIT __6__ PAGE __290__

PLAINTIFF'S SUPPLEMENTAL AND AMENDED RESPONSES TO
DEFENDANT'S THIRD SET OF REQUESTS FOR ADMISSION
CASE NO. CV 04-09049

1  herein.  Bryant specifically objects to this request on the grounds that the request seeks to have

2  Bryant characterize the document.  Bryant also asserts that the document speaks for itself.

3  Bryant specifically objects to this request on the grounds that it calls for Bryant to speculate

4  about matters to which Bryant lacks personal knowledge.

5       Subject to and without waiving the foregoing general and specific objections, Bryant

6  responds to this request by incorporating MGA's response to Request Number 9 in Mattel's

7  Fourth Set of Requests for Admissions, served on MGA by Mattel, as follows:  MGA responds

8  that the document appears to be a copy of the original, and Bryant is presently unaware of any

9  facts which refute that response.

10

11  **REQUEST FOR ADMISSION NO. 10:**

12       Admit that the document attached hereto as Exhibit 10 is a true and correct copy of a

13  supplementary registration MGA obtained from the U.S. Copyright Office as of March 28, 2005.

14  **RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

15       Bryant incorporates by reference the above-stated general objections as if fully set forth

16  herein.  Bryant specifically objects to this request on the grounds that the request seeks to have

17  Bryant characterize the document.  Bryant also asserts that the document speaks for itself.

18  Bryant specifically objects to this request on the grounds that it calls for Bryant to speculate

19  about matters to which Bryant lacks personal knowledge.

20       Subject to and without waiving the foregoing general and specific objections, Bryant

21  responds to this request by incorporating MGA's response to Request Number 10 in Mattel's

22  Fourth Set of Requests for Admissions, served on MGA by Mattel, as follows:  MGA responds

23  that the document appears to be a copy of the original, and Bryant is presently unaware of any

24  facts which refute that response.

25

26  **REQUEST FOR ADMISSION NO. 11:**

27       Admit that the document attached hereto as Exhibit 11 is a true and correct copy of a

28                                          7

EXHIBIT _6_ PAGE _291_

1 | registration MGA obtained from the U.S. Copyright Office as of December 22, 2003.

2 | **RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

3 |     Bryant incorporates by reference the above-stated general objections as if fully set forth

4 | herein. Bryant specifically objects to this request on the grounds that the request seeks to have

5 | Bryant characterize the document. Bryant also asserts that the document speaks for itself.

6 | Bryant specifically objects to this request on the grounds that it calls for Bryant to speculate

7 | about matters to which Bryant lacks personal knowledge.

8 |     Subject to and without waiving the foregoing general and specific objections, Bryant

9 | responds to this request by incorporating MGA's response to Request Number 11 in Mattel's

10 | Fourth Set of Requests for Admissions, served on MGA by Mattel, as follows: MGA responds

11 | that the document appears to be a copy of the original, and Bryant is presently unaware of any

12 | facts which refute that response.

13 |

14 | **REQUEST FOR ADMISSION NO. 12:**

15 |     Admit that the document attached hereto as Exhibit 12 is a true and correct copy of a

16 | supplementary registration MGA obtained from the U.S. Copyright Office as of March 28, 2005

17 | **RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

18 |     Bryant incorporates by reference the above-stated general objections as if fully set forth

19 | herein. Bryant specifically objects to this request on the grounds that the request seeks to have

20 | Bryant characterize the document. Bryant also asserts that the document speaks for itself.

21 | Bryant specifically objects to this request on the grounds that it calls for Bryant to speculate

22 | about matters to which Bryant lacks personal knowledge.

23 |     Subject to and without waiving the foregoing general and specific objections, Bryant

24 | responds to this request by incorporating MGA's response to Request Number 12 in Mattel's

25 | Fourth Set of Requests for Admissions, served on MGA by Mattel, as follows: MGA responds

26 | that the document appears to be a copy of the original, and Bryant is presently unaware of any

27 | facts which refute that response.

28 |

8

EXHIBIT __6__ PAGE __92__

1

2 **REQUEST FOR ADMISSION NO. 13:**

3    Admit that the document attached hereto as Exhibit 13 is a true and correct copy of a

4 registration MGA obtained from the U.S. Copyright Office as of June 18, 2001.

5 **RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

6    Bryant incorporates by reference the above-stated general objections as if fully set forth

7 herein.  Bryant specifically objects to this request on the grounds that the request seeks to have

8 Bryant characterize the document.  Bryant also asserts that the document speaks for itself.

9 Bryant specifically objects to this request on the grounds that it calls for Bryant to speculate

10 about matters to which Bryant lacks personal knowledge.

11    Subject to and without waiving the foregoing general and specific objections, Bryant

12 responds to this request by incorporating MGA's response to Request Number 13 in Mattel's

13 Fourth Set of Requests for Admissions, served on MGA by Mattel, as follows:  MGA responds

14 that the document appears to be a copy of the original, and Bryant is presently unaware of any

15 facts which refute that response.

16

17 **REQUEST FOR ADMISSION NO. 14:**

18    Admit that the document attached hereto as Exhibit 14 is a true and correct copy of a

19 supplementary registration MGA obtained from the U.S. Copyright Office as of March 28, 2005.

20 **RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

21    Bryant incorporates by reference the above-stated general objections as if fully set forth

22 herein.  Bryant specifically objects to this request on the grounds that the request seeks to have

23 Bryant characterize the document.  Bryant also asserts that the document speaks for itself.

24 Bryant specifically objects to this request on the grounds that it calls for Bryant to speculate

25 about matters to which Bryant lacks personal knowledge.

26    Subject to and without waiving the foregoing general and specific objections, Bryant

27 responds to this request by incorporating MGA's response to Request Number 14 in Mattel's

28                                                              9

EXHIBIT  6   PAGE 393

1   Fourth Set of Requests for Admissions, served on MGA by Mattel, as follows:  MGA responds

2   that the document appears to be a copy of the original, and Bryant is presently unaware of any

3   facts which refute that response.

4

5   **REQUEST FOR ADMISSION NO. 15:**

6       Admit that the document attached hereto as Exhibit 15 is a true and correct copy of a

7   registration MGA obtained from the U.S. Copyright Office as of December 22, 2003.

8   **RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

9       Bryant incorporates by reference the above-stated general objections as if fully set forth

10  herein.  Bryant specifically objects to this request on the grounds that the request seeks to have

11  Bryant characterize the document.  Bryant also asserts that the document speaks for itself.

12  Bryant specifically objects to this request on the grounds that it calls for Bryant to speculate

13  about matters to which Bryant lacks personal knowledge.

14      Subject to and without waiving the foregoing general and specific objections, Bryant

15  responds to this request by incorporating MGA's response to Request Number 15 in Mattel's

16  Fourth Set of Requests for Admissions, served on MGA by Mattel, as follows:  MGA responds

17  that the document appears to be a copy of the original, and Bryant is presently unaware of any

18  facts which refute that response.

19

20  **REQUEST FOR ADMISSION NO. 16:**

21      Admit that the document attached hereto as Exhibit 16 is a true and correct copy of a

22  supplementary registration MGA obtained from the U.S. Copyright Office as of March 28, 2005.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

24      Bryant incorporates by reference the above-stated general objections as if fully set forth

25  herein.  Bryant specifically objects to this request on the grounds that the request seeks to have

26  Bryant characterize the document.  Bryant also asserts that the document speaks for itself.

27  Bryant specifically objects to this request on the grounds that it calls for Bryant to speculate

28

10

EXHIBIT __6__   PAGE __294__

1    about matters to which Bryant lacks personal knowledge.

2         Subject to and without waiving the foregoing general and specific objections, Bryant

3    responds to this request by incorporating MGA's response to Request Number 16 in Mattel's

4    Fourth Set of Requests for Admissions, served on MGA by Mattel, as follows:  MGA responds

5    that the document appears to be a copy of the original, and Bryant is presently unaware of any

6    facts which refute that response.

7

8    **REQUEST FOR ADMISSION NO. 17:**

9         Admit that the document attached hereto as Exhibit 17 is a true and correct copy of a

10   registration MGA obtained from the U.S. Copyright Office as of December 22, 2003.

11   **RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

12        Bryant incorporates by reference the above-stated general objections as if fully set forth

13   herein.  Bryant specifically objects to this request on the grounds that the request seeks to have

14   Bryant characterize the document.  Bryant also asserts that the document speaks for itself.

15   Bryant specifically objects to this request on the grounds that it calls for Bryant to speculate

16   about matters to which Bryant lacks personal knowledge.

17        Subject to and without waiving the foregoing general and specific objections, Bryant

18   responds to this request by incorporating MGA's response to Request Number 17 in Mattel's

19   Fourth Set of Requests for Admissions, served on MGA by Mattel, as follows:  MGA responds

20   that the document appears to be a copy of the original, and Bryant is presently unaware of any

21   facts which refute that response.

22

23   **REQUEST FOR ADMISSION NO. 18:**

24        Admit that the document attached hereto as Exhibit 18 is a true and correct copy of a

25   registration MGA obtained from the U.S. Copyright Office as of March 28, 2005.

26   **RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

27        Bryant incorporates by reference the above-stated general objections as if fully set forth

28                                          11

EXHIBIT __6__ PAGE __295__

1  herein.  Bryant specifically objects to this request on the grounds that the request seeks to have

2  Bryant characterize the document.  Bryant also asserts that the document speaks for itself.

3  Bryant specifically objects to this request on the grounds that it calls for Bryant to speculate

4  about matters to which Bryant lacks personal knowledge.

5          Subject to and without waiving the foregoing general and specific objections, Bryant

6  responds to this request by incorporating MGA's response to Request Number 18 in Mattel's

7  Fourth Set of Requests for Admissions, served on MGA by Mattel, as follows:  MGA responds

8  that the document appears to be a copy of the original, and Bryant is presently unaware of any

9  facts which refute that response.

10

11  **REQUEST FOR ADMISSION NO. 19:**

12          Admit that the document attached hereto as Exhibit 19 is a true and correct copy of a

13  registration MGA obtained from the U.S. Copyright Office on or about March 25, 2002.

14  **RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

15          Bryant incorporates by reference the above-stated general objections as if fully set forth

16  herein.  Bryant specifically objects to this request on the grounds that the request seeks to have

17  Bryant characterize the document.  Bryant also asserts that the document speaks for itself.

18  Bryant specifically objects to this request on the grounds that it calls for Bryant to speculate

19  about matters to which Bryant lacks personal knowledge.

20          Subject to and without waiving the foregoing general and specific objections, Bryant

21  responds to this request by incorporating MGA's response to Request Number 19 in Mattel's

22  Fourth Set of Requests for Admissions, served on MGA by Mattel, as follows:  MGA responds

23  that the document appears to be a copy of the original, and Bryant is presently unaware of any

24  facts which refute that response.

25

26  **REQUEST FOR ADMISSION NO. 20:**

27          Admit that the document attached hereto as Exhibit 20 is a true and correct copy of a

28                                               12

EXHIBIT ___6___ PAGE ___296___

1  supplementary registration MGA obtained from the U.S. Copyright Office as of March 28, 2005.

2  **RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

3      Bryant incorporates by reference the above-stated general objections as if fully set forth

4  herein.  Bryant specifically objects to this request on the grounds that the request seeks to have

5  Bryant characterize the document.  Bryant also asserts that the document speaks for itself.

6  Bryant specifically objects to this request on the grounds that it calls for Bryant to speculate

7  about matters to which Bryant lacks personal knowledge.

8      Subject to and without waiving the foregoing general and specific objections, Bryant

9  responds to this request by incorporating MGA's response to Request Number 20 in Mattel's

10  Fourth Set of Requests for Admissions, served on MGA by Mattel, as follows:  MGA responds

11  that the document appears to be a copy of the original, and Bryant is presently unaware of any

12  facts which refute that response.

13

14  **REQUEST FOR ADMISSION NO. 21:**

15      Admit that the document attached hereto as Exhibit 21 is a true and correct copy of a

16  certificate of registration MGA obtained from the U.S. Copyright Office as of January 25, 2006.

17  **RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

18      Bryant incorporates by reference the above-stated general objections as if fully set forth

19  herein.  Bryant specifically objects to this request on the grounds that the request seeks to have

20  Bryant characterize the document.  Bryant also asserts that the document speaks for itself.

21  Bryant specifically objects to this request on the grounds that it calls for Bryant to speculate

22  about matters to which Bryant lacks personal knowledge.

23      Subject to and without waiving the foregoing general and specific objections, Bryant

24  responds to this request by incorporating MGA's response to Request Number 21 in Mattel's

25  Fourth Set of Requests for Admissions, served on MGA by Mattel, as follows:  MGA responds

26  that the document appears to be a copy of the original, and Bryant is presently unaware of any

27  facts which refute that response.

28      13    EXHIBIT __6__ PAGE __117__