**REQUEST FOR ADMISSION NO. 22:**

Admit that the document attached hereto as Exhibit 22 is a true and correct copy of a certificate of registration MGA obtained from the U.S. Copyright Office as of January 25, 2006.

**RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

Bryant incorporates by reference the above-stated general objections as if fully set forth herein. Bryant specifically objects to this request on the grounds that the request seeks to have Bryant characterize the document. Bryant also asserts that the document speaks for itself. Bryant specifically objects to this request on the grounds that it calls for Bryant to speculate about matters to which Bryant lacks personal knowledge.

Subject to and without waiving the foregoing general and specific objections, Bryant responds to this request by incorporating MGA's response to Request Number 22 in Mattel's Fourth Set of Requests for Admissions, served on MGA by Mattel, as follows: MGA responds that the document appears to be a copy of the original, and Bryant is presently unaware of any facts which refute that response.

**REQUEST FOR ADMISSION NO. 23:**

Admit that the document attached hereto as Exhibit 23 is a true and correct copy of a certificate of registration MGA obtained from the U.S. Copyright Office as of January 25, 2006.

**RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

Bryant incorporates by reference the above-stated general objections as if fully set forth herein. Bryant specifically objects to this request on the grounds that the request seeks to have Bryant characterize the document. Bryant also asserts that the document speaks for itself. Bryant specifically objects to this request on the grounds that it calls for Bryant to speculate about matters to which Bryant lacks personal knowledge.

Subject to and without waiving the foregoing general and specific objections, Bryant responds to this request by incorporating MGA's response to Request Number 23 in Mattel's

14

EXHIBIT __6__ PAGE __298__



1   Fourth Set of Requests for Admissions, served on MGA by Mattel, as follows:  MGA responds

2   that the document appears to be a copy of the original, and Bryant is presently unaware of any

3   facts which refute that response.

4

5   **REQUEST FOR ADMISSION NO. 24:**

6         Admit that the document attached hereto as Exhibit 24 is a true and correct copy of a

7   certificate of registration MGA obtained from the U.S. Copyright Office as of January 25, 2006.

8   **RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

9         Bryant incorporates by reference the above-stated general objections as if fully set forth

10  herein.  Bryant specifically objects to this request on the grounds that the request seeks to have

11  Bryant characterize the document.  Bryant also asserts that the document speaks for itself.

12  Bryant specifically objects to this request on the grounds that it calls for Bryant to speculate

13  about matters to which Bryant lacks personal knowledge.

14        Subject to and without waiving the foregoing general and specific objections, Bryant

15  responds to this request by incorporating MGA's response to Request Number 24 in Mattel's

16  Fourth Set of Requests for Admissions, served on MGA by Mattel, as follows:  MGA responds

17  that the document appears to be a copy of the original, and Bryant is presently unaware of any

18  facts which refute that response.

19

20  **REQUEST FOR ADMISSION NO. 25:**

21        Admit that the document attached hereto as Exhibit 25 is a true and correct copy of a

22  certificate of registration MGA obtained from the U.S. Copyright Office as of January 25, 2006.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

24        Bryant incorporates by reference the above-stated general objections as if fully set forth

25  herein.  Bryant specifically objects to this request on the grounds that the request seeks to have

26  Bryant characterize the document.  Bryant also asserts that the document speaks for itself.

27  Bryant specifically objects to this request on the grounds that it calls for Bryant to speculate

28

15

EXHIBIT __6__ PAGE __299__

1   about matters to which Bryant lacks personal knowledge.

2        Subject to and without waiving the foregoing general and specific objections, Bryant

3   responds to this request by incorporating MGA's response to Request Number 25 in Mattel's

4   Fourth Set of Requests for Admissions, served on MGA by Mattel, as follows:  MGA responds

5   that the document appears to be a copy of the original, and Bryant is presently unaware of any

6   facts which refute that response.

7

8   **REQUEST FOR ADMISSION NO. 26:**

9        Admit that the document attached hereto as Exhibit 26 is a true and correct copy of a

10   certificate of registration MGA obtained from the U.S. Copyright Office as of February 1, 2006.

11   **RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

12        Bryant incorporates by reference the above-stated general objections as if fully set forth

13   herein.  Bryant specifically objects to this request on the grounds that the request seeks to have

14   Bryant characterize the document.  Bryant also asserts that the document speaks for itself.

15   Bryant specifically objects to this request on the grounds that it calls for Bryant to speculate

16   about matters to which Bryant lacks personal knowledge.

17        Subject to and without waiving the foregoing general and specific objections, Bryant

18   responds to this request by incorporating MGA's response to Request Number 26 in Mattel's

19   Fourth Set of Requests for Admissions, served on MGA by Mattel, as follows:  MGA responds

20   that the document appears to be a copy of the original, and Bryant is presently unaware of any

21   facts which refute that response.

22

23   **REQUEST FOR ADMISSION NO. 27:**

24        Admit that the document attached hereto as Exhibit 27 is a true and correct copy of a

25   certificate of registration MGA obtained from the U.S. Copyright Office as of February 1, 2006.

26   **RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

27        Bryant incorporates by reference the above-stated general objections as if fully set forth

28

16

EXHIBIT __6__ PAGE __300__

1   herein.  Bryant specifically objects to this request on the grounds that the request seeks to have

2   Bryant characterize the document.  Bryant also asserts that the document speaks for itself.

3   Bryant specifically objects to this request on the grounds that it calls for Bryant to speculate

4   about matters to which Bryant lacks personal knowledge.

5       Subject to and without waiving the foregoing general and specific objections, Bryant

6   responds to this request by incorporating MGA's response to Request Number 27 in Mattel's

7   Fourth Set of Requests for Admissions, served on MGA by Mattel, as follows:  MGA responds

8   that the document appears to be a copy of the original, and Bryant is presently unaware of any

9   facts which refute that response.

10

11  **REQUEST FOR ADMISSION NO. 28:**

12      Admit that the document attached hereto as Exhibit 28 is a true and correct copy of a

13  certificate of registration MGA obtained from the U.S. Copyright Office as of March 1, 2004.

14  **RESPONSE TO REQUEST FOR ADMISSION NO. 28:**

15      Bryant incorporates by reference the above-stated general objections as if fully set forth

16  herein.  Bryant specifically objects to this request on the grounds that the request seeks to have

17  Bryant characterize the document.  Bryant also asserts that the document speaks for itself.

18  Bryant specifically objects to this request on the grounds that it calls for Bryant to speculate

19  about matters to which Bryant lacks personal knowledge.

20      Subject to and without waiving the foregoing general and specific objections, Bryant

21  responds to this request by incorporating MGA's response to Request Number 28 in Mattel's

22  Fourth Set of Requests for Admissions, served on MGA by Mattel, as follows:  MGA responds

23  that the document appears to be a copy of the original, and Bryant is presently unaware of any

24  facts which refute that response.

25

26  **REQUEST FOR ADMISSION NO. 29:**

27      Admit that the document attached hereto as Exhibit 29 is a true and correct copy of a

28                                          17

EXHIBIT __6__ PAGE __301__

1   certificate of registration MGA obtained from the U.S. Copyright Office as of February 2, 2004.

2   **RESPONSE TO REQUEST FOR ADMISSION NO. 29:**

3         Bryant incorporates by reference the above-stated general objections as if fully set forth

4   herein.  Bryant specifically objects to this request on the grounds that the request seeks to have

5   Bryant characterize the document.  Bryant also asserts that the document speaks for itself.

6   Bryant specifically objects to this request on the grounds that it calls for Bryant to speculate

7   about matters to which Bryant lacks personal knowledge.

8         Subject to and without waiving the foregoing general and specific objections, Bryant

9   responds to this request by incorporating MGA's response to Request Number 29 in Mattel's

10   Fourth Set of Requests for Admissions, served on MGA by Mattel, as follows:  MGA has made a

11   reasonable inquiry and the information known or readily obtainable by MGA is insufficient to

12   enable MGA to admit or deny this request.  On that basis, MGA denies the request, and Bryant is

13   presently unaware of any facts which refute that response.

14

15   **REQUEST FOR ADMISSION NO. 30:**

16         Admit that the document attached as Exhibit 30 includes a true and correct copy of a

17   contract between MGA and YOU.

18   **RESPONSE TO REQUEST FOR ADMISSION NO. 30:**

19         Bryant incorporates by reference the above-stated general objections as if fully set forth

20   herein.  Bryant specifically objects to this request on the grounds that it calls for a legal

21   conclusion.  Bryant specifically objects to this request on the grounds that the request seeks to

22   have Bryant characterize the document.  Bryant also asserts that the document speaks for itself.

23         Subject to and without waiving the foregoing general and specific objections, Bryant

24   responds as follows to this request:  Bryant admits that the document attached as Exhibit 30 to

25   Mattel's Third Set of Request for Admissions is a true and correct copy of a contract between

26   MGA Entertainment, Inc. and Bryant.

27

28

18

EXHIBIT **6** PAGE **302**

1 | **REQUEST FOR ADMISSION NO. 31:**

2 |     Admit that the document attached as Exhibit 31 is a true and correct copy of a contract

3 | between Mattel, Inc. and YOU that YOU executed on or about January 4, 1999.

4 | **RESPONSE TO REQUEST FOR ADMISSION NO. 31**

5 |     Bryant incorporates by reference the above-stated general objections as if fully set forth

6 | herein.  Bryant specifically objects to this request on the grounds that it calls for a legal

7 | conclusion.  Bryant specifically objects to this request on the grounds that the request seeks to

8 | have Bryant characterize the document.  Bryant also asserts that the document speaks for itself.

9 | Bryant specifically objects to this request on the grounds it calls for the disclosure of information

10 | subject to the attorney-client privilege, the work product doctrine, and other applicable

11 | privileges.  Bryant also specifically objects to this request on the grounds that it is vague and

12 | ambiguous, particularly in its use of the term "contract."

13 |     Subject to and without waiving the foregoing general and specific objections, Bryant

14 | responds as follows to this request:  Bryant admits that the document attached as Exhibit 31 to

15 | Mattel's Third Set of Request for Admissions is a true and correct copy of a document entitled

16 | "EMPLOYEE CONFIDENTIAL INFORMATION AND INVENTIONS AGREEMENT"

17 | signed by Bryant and by Teresa Newcomb on or about January 4, 1999.

18 |

19 | **REQUEST FOR ADMISSION NO. 32:**

20 |     Admit that the document attached as Exhibit 32 is a true and correct copy of the

21 | MATTEL Proprietary Information Checkout executed by YOU on or about October 19, 2000.

22 | **RESPONSE TO REQUEST FOR ADMISSION NO. 32**

23 |     Bryant incorporates by reference the above-stated general objections as if fully set forth

24 | herein.  Bryant specifically objects to this request on the grounds that it calls for a legal

25 | conclusion.  Bryant specifically objects to this request on the grounds that the request seeks to

26 | have Bryant characterize the document.  Bryant also asserts that the document speaks for itself.

27 | Bryant specifically objects to this request on the grounds it calls for the disclosure of information

28 |

19

EXHIBIT __6__ PAGE __303__

1   subject to the attorney-client privilege, the work product doctrine, and other applicable

2   privileges.

3          Subject to and without waiving the foregoing general and specific objections, Bryant

4   responds as follows to this request:  Bryant admits that the document attached as Exhibit 32 to

5   Mattel's Third Set of Request for Admissions is a true and correct copy of a document entitled

6   "PROPRIETARY INFORMATION CHECKOUT" signed by Bryant on or about October 19,

7   2000.

8

9   **REQUEST FOR ADMISSION NO. 36:**

10         Admit that, prior to October 20, 2000, Isaac Larian attended at least one meeting with

11  YOU regarding BRATZ.

12  **RESPONSE TO REQUEST FOR ADMISSION NO. 36:**

13         Bryant incorporates by reference the above-stated general objections as if fully set forth

14  herein.

15         Subject to and without waiving the foregoing general objections, Bryant responds as

16  follows to this request:  Bryant admits the request.

17

18  **REQUEST FOR ADMISSION NO. 37:**

19         Admit that, prior to October 20, 2000, Isaac Larian attended more than one meeting with

20  YOU regarding BRATZ.

21  **RESPONSE TO REQUEST FOR ADMISSION NO. 37:**

22         Bryant incorporates by reference the above-stated general objections as if fully set forth

23  herein.

24         Subject to and without waiving the foregoing general objections, Bryant responds as

25  follows to this request:  Bryant denies the request.

26

27

28

20          EXHIBIT __6__ PAGE __304__

---

PLAINTIFF'S SUPPLEMENTAL AND AMENDED RESPONSES TO
DEFENDANT'S THIRD SET OF REQUESTS FOR ADMISSION
CASE NO. CV 04-09049

1    **REQUEST FOR ADMISSION NO. 38:**

2        Admit that Isaac Larian attended at least one meeting with YOU regarding BRATZ

3    during the time that YOU were employed by MATTEL.

4    **RESPONSE TO REQUEST FOR ADMISSION NO. 38:**

5        Bryant incorporates by reference the above-stated general objections as if fully set forth

6    herein.

7        Subject to and without waiving the foregoing general objections, Bryant responds as

8    follows to this request:  Bryant admits the request.

9

10   **REQUEST FOR ADMISSION NO. 39:**

11       Admit that Isaac Larian attended more than one meeting with YOU regarding BRATZ

12   during the time that YOU were employed by MATTEL.

13   **RESPONSE TO REQUEST FOR ADMISSION NO. 39:**

14       Bryant incorporates by reference the above-stated general objections as if fully set forth

15   herein.

16       Subject to and without waiving the foregoing general objections, Bryant responds as

17   follows to this request:  Bryant denies the request.

18

19   **REQUEST FOR ADMISSION NO. 42:**

20       Admit that YOU performed work on BRATZ between January 1, 2000 and October 20,

21   2000.

22   **RESPONSE TO REQUEST FOR ADMISSION NO. 42:**

23       Bryant incorporates by reference the above-stated general objections as if fully set forth

24   herein.  Bryant specifically objects to this request on the grounds that it is vague and ambiguous,

25   particularly in its use of the phrase "BRATZ" and the phrase "performed work."

26       Subject to and without waiving the foregoing general and specific objections, Bryant

27   responds as follows to this request:  Bryant admits to tracing his 1998 drawings, coloring such

28

                                21        EXHIBIT __6__ PAGE __305__

1  tracings, and drawing a few outfits of formal wear between January 1, 2000 and October 20,

2  2000.  To the extent that the phrase "performed work on BRATZ" includes tracing, coloring

3  such tracings, and drawing formal wear outfits, Bryant admits the request.

4

5  **REQUEST FOR ADMISSION NO. 43:**

6      Admit that YOU performed work on BRATZ between August 1, 1999 and January 1,

7  2000.

8  **RESPONSE TO REQUEST FOR ADMISSION NO. 43:**

9      Bryant incorporates by reference the above-stated general objections as if fully set forth

10  herein.  Bryant specifically objects to this request on the grounds that it is vague and ambiguous,

11  particularly in its use of the phrase "BRATZ" and the phrase "performed work."

12      Subject to and without waiving the foregoing general and specific objections, Bryant

13  responds as follows to this request:  Bryant admits to tracing his 1998 drawings and coloring

14  such tracings in the spring or summer of 1999.  To the extent that the phrase "performed work on

15  BRATZ" includes tracing and coloring such tracings, Bryant admits that he performed work on

16  BRATZ in the spring or summer of 1999.

17

18  **REQUEST FOR ADMISSION NO. 44:**

19      Admit that YOU performed work on BRATZ during the time that YOU were employed

20  by MATTEL.

21  **RESPONSE TO REQUEST FOR ADMISSION NO. 44:**

22      Bryant incorporates by reference the above-stated general objections as if fully set forth

23  herein.  Bryant specifically objects to this request on the grounds that it is vague and ambiguous,

24  particularly in its use of the phrase "BRATZ" and the phrase "performed work."

25      Subject to and without waiving the foregoing general and specific objections, Bryant

26  responds as follows to this request:  Bryant admits to tracing his 1998 drawings and coloring

27  such tracings in the spring or summer of 1999, a period in which he was employed by Mattel.

28

22      EXHIBIT **6**   PAGE **306**

1    Bryant also admits to tracing his 1998 drawings, coloring such tracings, and drawing a few

2    outfits of formal wear between January 1, 2000 and October 20, 2000, a period in which he was

3    employed by Mattel.  To the extent that the phrase "performed work on BRATZ" includes

4    tracing, coloring such tracings, and drawing formal wear outfits, Bryant admits the request.

5

6    **REQUEST FOR ADMISSION NO. 50:**

7        Admit that YOU created at least one BRATZ WORK between August 1, 1999 and

8    January 1, 2000.

9    **RESPONSE TO REQUEST FOR ADMISSION NO. 50:**

10        Bryant incorporates by reference the above-stated general objections as if fully set forth

11    herein.  Bryant specifically objects to this request on the grounds that it is vague and ambiguous,

12    particularly in its use of the phrase "BRATZ WORK" and the phrase "created."

13        Subject to and without waiving the foregoing general and specific objections, Bryant

14    responds as follows to this request:  Bryant admits to tracing his 1998 drawings and coloring

15    such tracings in the spring or summer of 1999.  To the extent that the phrase "created . . .

16    BRATZ WORK" includes tracing and coloring such tracings, Bryant admits that he performed

17    work on BRATZ in the spring or summer of 1999.

18

19    **REQUEST FOR ADMISSION NO. 51:**

20        Admit that YOU created more than one BRATZ WORK between January 1, 2000 and

21    October 20, 2000.

22    **RESPONSE TO REQUEST FOR ADMISSION NO. 51:**

23        Bryant incorporates by reference the above-stated general objections as if fully set forth

24    herein.  Bryant specifically objects to this request on the grounds that it is vague and ambiguous,

25    particularly in its use of the phrase "BRATZ WORK" and the phrase "created."

26        Subject to and without waiving the foregoing general and specific objections, Bryant

27    responds as follows to this request:  Bryant admits to tracing his 1998 drawings, coloring such

28                                23        EXHIBIT __6__ PAGE __307__

1    tracings, and drawing a few outfits of formal wear between January 1, 2000 and October 20,

2    2000.  To the extent that the phrase "created ... BRATZ WORK" includes tracing, coloring such

3    tracings, and drawing formal wear outfits, Bryant admits the request.

4

5    **REQUEST FOR ADMISSION NO. 52:**

6        Admit that YOU created at least one BRATZ WORK between August 1, 1999 and

7    January 1, 2000.

8    **RESPONSE TO REQUEST FOR ADMISSION NO. 52:**

9        Bryant incorporates by reference the above-stated general objections as if fully set forth

10   herein.  Bryant specifically objects to this request on the grounds that it is vague and ambiguous,

11   particularly in its use of the phrase "BRATZ WORK" and the phrase "created."

12       Subject to and without waiving the foregoing general and specific objections, Bryant

13   responds as follows to this request:  Bryant admits to tracing his 1998 drawings and coloring

14   such tracings in the spring or summer of 1999.  To the extent that the phrase "performed work on

15   BRATZ" includes tracing and coloring such tracings, Bryant admits that he performed work on

16   BRATZ in the spring or summer of 1999.

17

18   **REQUEST FOR ADMISSION NO. 53:**

19       Admit that YOU created more than one BRATZ WORK between January 1, 2000 and

20   October 20, 2000.

21   **RESPONSE TO REQUEST FOR ADMISSION NO. 53:**

22       Bryant incorporates by reference the above-stated general objections as if fully set forth

23   herein.  Bryant specifically objects to this request on the grounds that it is vague and ambiguous,

24   particularly in its use of the phrase "BRATZ WORK" and the phrase "created."

25       Subject to and without waiving the foregoing general and specific objections, Bryant

26   responds as follows to this request:  Bryant admits to tracing his 1998 drawings, coloring such

27   tracings, and drawing a few outfits of formal wear between January 1, 2000 and October 20,

28               24      EXHIBIT _6_ PAGE **308**

1    2000. To the extent that the phrase "created ... BRATZ WORK" includes tracing, coloring such

2    tracings, and drawing formal wear outfits, Bryant admits the request.

3

4    **REQUEST FOR ADMISSION NO. 54:**

5        Admit that YOU created at least one BRATZ WORK during the time that YOU were

6    employed by MATTEL.

7    **RESPONSE TO REQUEST FOR ADMISSION NO. 54:**

8        Bryant incorporates by reference the above-stated general objections as if fully set forth

9    herein. Bryant specifically objects to this request on the grounds that it is vague and ambiguous,

10   particularly in its use of the phrase "BRATZ WORK" and the phrase "created."

11       Subject to and without waiving the foregoing general and specific objections, Bryant

12   responds as follows to this request: Bryant admits to tracing his 1998 drawings and coloring

13   such tracings in the spring or summer of 1999, a period in which he was employed by Mattel.

14   Bryant also admits to tracing his 1998 drawings, coloring such tracings, and drawing a few

15   outfits of formal wear between January 1, 2000 and October 20, 2000, a period in which he was

16   employed by Mattel. To the extent that the phrase "created . . . BRATZ WORK" includes

17   tracing, coloring such tracings, and drawing formal wear outfits, Bryant admits the request.

18

19   **REQUEST FOR ADMISSION NO. 55:**

20       Admit that YOU created more than one BRATZ WORK during the time that YOU were

21   employed by MATTEL.

22   **RESPONSE TO REQUEST FOR ADMISSION NO. 55:**

23       Bryant incorporates by reference the above-stated general objections as if fully set forth

24   herein. Bryant specifically objects to this request on the grounds that it is vague and ambiguous,

25   particularly in its use of the phrase "BRATZ WORK" and the phrase "created."

26       Subject to and without waiving the foregoing general and specific objections, Bryant

27   responds as follows to this request: Bryant admits to tracing his 1998 drawings and coloring

28

25    EXHIBIT __6__ PAGE __309__

1  such tracings in the spring or summer of 1999, a period in which he was employed by Mattel.

2  Bryant also admits to tracing his 1998 drawings, coloring such tracings, and drawing a few

3  outfits of formal wear between January 1, 2000 and October 20, 2000, a period in which he was

4  employed by Mattel.  To the extent that the phrase "created . . . BRATZ WORK" includes

5  tracing, coloring such tracings, and drawing formal wear outfits, Bryant admits the request.

6

7  **REQUEST FOR ADMISSION NO. 60:**

8       Admit that YOU created at least one design for BRATZ during the time that YOU were

9  employed by MATTEL.

10  **RESPONSE TO REQUEST FOR ADMISSION NO. 60:**

11       Bryant incorporates by reference the above-stated general objections as if fully set forth

12  herein.  Bryant specifically objects to this request on the grounds that it is vague and ambiguous,

13  particularly in its use of the phrase "BRATZ" and the phrase "created."

14       Subject to and without waiving the foregoing general and specific objections, Bryant

15  responds as follows to this request:  Bryant admits to tracing his 1998 drawings and coloring

16  such tracings in the spring or summer of 1999, a period in which he was employed by Mattel.

17  Bryant also admits to tracing his 1998 drawings, coloring such tracings, and drawing a few

18  outfits of formal wear between January 1, 2000 and October 20, 2000, a period in which he was

19  employed by Mattel.  To the extent that the phrase "created . . . [a] design for BRATZ" includes

20  tracing, coloring such tracings, and drawing formal wear outfits, Bryant admits the request.

21

22  **REQUEST FOR ADMISSION NO. 61:**

23       Admit that YOU created more than one design for BRATZ during the time that YOU

24  were employed by MATTEL.

25  **RESPONSE TO REQUEST FOR ADMISSION NO. 61:**

26       Bryant incorporates by reference the above-stated general objections as if fully set forth

27  herein.  Bryant specifically objects to this request on the grounds that it is vague and ambiguous,

28

26

EXHIBIT __6__ PAGE __310__

1   particularly in its use of the phrase "BRATZ" and the phrase "created."

2       Subject to and without waiving the foregoing general and specific objections, Bryant

3   responds as follows to this request: Bryant admits to tracing his 1998 drawings and coloring

4   such tracings in the spring or summer of 1999, a period in which he was employed by Mattel.

5   Bryant also admits to tracing his 1998 drawings, coloring such tracings, and drawing a few

6   outfits of formal wear between January 1, 2000 and October 20, 2000, a period in which he was

7   employed by Mattel.  To the extent that the phrase "created ... [a] design for BRATZ" includes

8   tracing, coloring such tracings, and drawing formal wear outfits, Bryant admits the request.

9

10  **REQUEST FOR ADMISSION NO. 68:**

11      Admit that MGA made at least one payment to YOU during the time that YOU were

12  employed by MATTEL.

13  **RESPONSE TO REQUEST FOR ADMISSION NO. 68:**

14      Bryant incorporates by reference the above-stated general objections as if fully set forth

15  herein.

16      Subject to and without waiving the foregoing general and specific objections, Bryant

17  responds as follows to this request:  Bryant admits the request.

18

19  **REQUEST FOR ADMISSION NO. 69:**

20      Admit that MGA made more than one payment to YOU during the time that YOU were

21  employed by MATTEL.

22  **RESPONSE TO REQUEST FOR ADMISSION NO. 69:**

23      Bryant incorporates by reference the above-stated general objections as if fully set forth

24  herein.

25      Subject to and without waiving the foregoing general and specific objections, Bryant

26  responds as follows to this request:  Bryant admits the request.

27

28                              27        EXHIBIT __6__ PAGE __311__

**REQUEST FOR ADMISSION NO. 78:**

Admit that, during the time YOU were employed by MATTEL, YOU entered into a contract with MGA Entertainment, Inc. which obligated YOU to provide product design services to MGA Entertainment, Inc. on a "top priority basis."

**RESPONSE TO REQUEST FOR ADMISSION NO. 78:**

Bryant incorporates by reference the above-stated general objections as if fully set forth herein. Bryant specifically objects to this request on the grounds that it calls for a legal conclusion. Bryant also asserts that the document referenced in this request speaks for itself.

Subject to and without waiving the foregoing general and specific objections, Bryant responds as follows to this request: Bryant admits that Bryant and MGA entered into an contract on or about October 4, 2000, copies of which have been produced in this litigation. One of the clauses of that contract includes the following language: "It is understood and agreed that Bryant shall provide his services on a 'top priority' basis as his services pertain to other clients of Bryant."

**REQUEST FOR ADMISSION NO. 79:**

Admit that, during the time YOU were employed by MATTEL, YOU entered into a contract with MGA Entertainment, Inc. whereby YOU assigned to MGA Entertainment, Inc. all then-existing intellectual property rights to BRATZ that YOU had created.

**RESPONSE TO REQUEST FOR ADMISSION NO. 79:**

Bryant incorporates by reference the above-stated general objections as if fully set forth herein. Bryant specifically objects to this request on the grounds that it calls for a legal conclusion. Bryant also asserts that the document referenced in this request speaks for itself. Bryant specifically objects to this request on the grounds that it is vague and ambiguous, particularly in its use of the term "created" and "BRATZ."

Subject to and without waiving the foregoing general and specific objections, Bryant responds as follows to this request: Bryant admits that Bryant and MGA entered into a contract

28

EXHIBIT __6__ PAGE __312__

1   on or about October 4, 2000, copies of which have been produced in this litigation.  One of the

2   clauses of that contract includes the following language:  "Without limiting the generality of the

3   provisions of Paragraph 3(a), above, with respect only to any inventions, and any documentation

4   related thereto, and any other material, whether written or oral, created by or for Bryant relating

5   to the MGA Products prior to the commencement of the term of this Agreement, for good and

6   valuable consideration, the receipt and sufficiency of which is hereby acknowledged by Bryant,

7   Bryant hereby irrevocably grants, conveys, transfers, sets over and assigns to MGA in perpetuity

8   all of Bryant's right, title and interest, in an[sic] to the such material, including without limiting

9   the generality of the foregoing, all rights under copyright and patent (and all renewals and

10  extensions thereof) including the right to produce and authorize the production of any and all

11  derivative work, and all proprietary rights of any kind therein, now known or hereafter created

12  through out the world."

13

14  **REQUEST FOR ADMISSION NO. 80:**

15      Admit that, prior to July 1, 2003, MGA had not issued any press release that identified

16  YOU as the creator of BRATZ.

17  **RESPONSE TO REQUEST FOR ADMISSION NO. 80:**

18      Bryant incorporates by reference the above-stated general objections as if fully set forth

19  herein. Bryant specifically objects to this request on the grounds that it is vague and ambiguous,

20  particularly in its use of the phrase "identified BRYANT as the creator of BRATZ."  Bryant

21  specifically objects to this request on the grounds that it calls for Bryant to speculate about

22  matters to which Bryant lacks personal knowledge.

23      Subject to and without waiving the foregoing general and specific objections, Bryant

24  responds to this request by incorporating MGA's supplemental response to Request Number 183

25  in Mattel's Third Set of Requests for Admissions, served on MGA by Mattel, as follows:  MGA

26  admits the request, and Bryant is presently unaware of any facts which refute that response.

27

28                                 29        EXHIBIT _6_ PAGE _313_

**REQUEST FOR ADMISSION NO. 81:**

Admit that YOU are not aware of any press report or publication that identified YOU as the creator of BRATZ prior to July 15, 2003.

**RESPONSE TO REQUEST FOR ADMISSION NO. 81:**

Bryant incorporates by reference the above-stated general objections as if fully set forth herein. Bryant specifically objects to this request on the grounds that it is vague and ambiguous, particularly in its use of the phrases "press report," "publication," and "identified Bryant as the creator of BRATZ."

Subject to and without waiving the foregoing general and specific objections, Bryant responds to this request as follows:  Bryant admits the request.

**REQUEST FOR ADMISSION NO. 82:**

Admit that the first press report or publication that identified YOU as the creator of BRATZ was the *Wall Street Journal* articled entitled "Dolled Up:  To Lure Older Girls, Mattel Brings in Hip-Hop Crowd" and published on July 18, 2003.

**RESPONSE TO REQUEST FOR ADMISSION NO. 82:**

Bryant incorporates by reference the above-stated general objections as if fully set forth herein. Bryant specifically objects to this request on the grounds that it is vague and ambiguous, particularly in its use of the phrases "press report," "publication," and "identified Bryant as the creator of BRATZ."

Subject to and without waiving the foregoing general and specific objections, Bryant responds to this request by incorporating MGA's supplemental response to Request Number 185 in Mattel's Third Set of Requests for Admissions, served on MGA by Mattel, as follows:  Bryant has made reasonable inquiry and that the information known or readily obtainable by Bryant is insufficient to enable Bryant to admit or deny this Request, and, on that basis, Defendant denies the same.  Bryant, however, admits that he is not aware of any press report or publication that identified Bryant as the creator of the Bratz dolls prior to the July 18, 2003 publication of the

30

EXHIBIT __6__ PAGE __314__

1 | *Wall Street Journal* articled entitled "Dolled Up:  To Lure Older Girls, Mattel Brings in Hip-Hop

2 | Crowd."

3 |

4 | **REQUEST FOR ADMISSION NO. 83:**

5 |     Admit that, as of the date of these Requests, MGA has not recorded the agreement

6 | produced by YOU as BRYANT 00794-BRYANT 0000799, or any version thereof, with the U.S.

7 | Copyright Office.

8 | **RESPONSE TO REQUEST FOR ADMISSION NO. 83:**

9 |     Bryant incorporates by reference the above-stated general objections as if fully set forth

10 | herein. Bryant specifically objects to this request on the grounds that the request seeks

11 | information not relevant to any claim or defense of any party in this action.  Bryant specifically

12 | objects to this request on the grounds that it calls for Bryant to speculate about matters to which

13 | Bryant lacks personal knowledge.

14 |     Subject to and without waiving the foregoing general and specific objections, Bryant

15 | responds to this request by incorporating MGA's response to Request Number 241 in Mattel's

16 | Third Set of Requests for Admissions, served on MGA by Mattel, as follows:  MGA admits the

17 | request, and Bryant is presently unaware of any facts which refute that response.

18 |

19 | **REQUEST FOR ADMISSION NO. 84:**

20 |     Admit that, as of the date of these Requests, MGA has not recorded the agreement

21 | produced by YOU as BRYANT 00794-BRYANT 0000799, or any version thereof, with any

22 | state or federal agency, department or entity.

23 | **RESPONSE TO REQUEST FOR ADMISSION NO. 84:**

24 |     Bryant incorporates by reference the above-stated general objections as if fully set forth

25 | herein. Bryant specifically objects to this request on the grounds that the request seeks

26 | information not relevant to any claim or defense of any party in this action.  Bryant specifically

27 | objects to this request on the grounds that it calls for Bryant to speculate about matters to which

28 |

31

EXHIBIT __6__ PAGE __315__

1  Bryant lacks personal knowledge.

2      Subject to and without waiving the foregoing general and specific objections, Bryant

3  responds to this request by incorporating MGA's response to Request Number 242 in Mattel's

4  Third Set of Requests for Admissions, served on MGA by Mattel, as follows:  MGA admits the

5  request, and Bryant is presently unaware of any facts which refute that response.

6

7  **REQUEST FOR ADMISSION NO. 85:**

8      Admit that, as of the date of these Requests, MGA has not recorded the agreement

9  produced by MGA as MGA 000001-MGA000006, or any version thereof, with the U.S.

10 Copyright Office.

11 **RESPONSE TO REQUEST FOR ADMISSION NO. 85:**

12     Bryant incorporates by reference the above-stated general objections as if fully set forth

13 herein. Bryant specifically objects to this request on the grounds that the request seeks

14 information not relevant to any claim or defense of any party in this action.  Bryant specifically

15 objects to this request on the grounds that it calls for Bryant to speculate about matters to which

16 Bryant lacks personal knowledge.

17     Subject to and without waiving the foregoing general and specific objections, Bryant

18 responds to this request by incorporating MGA's response to Request Number 243 in Mattel's

19 Third Set of Requests for Admissions, served on MGA by Mattel, as follows:  MGA admits the

20 request, and Bryant is presently unaware of any facts which refute that response.

21

22 **REQUEST FOR ADMISSION NO. 86:**

23     Admit that, as of the date of these Requests, MGA has not recorded the agreement

24 produced by MGA as MGA 000001-MGA000006, or any version thereof, with any state or

25 federal agency, department or entity.

26 **RESPONSE TO REQUEST FOR ADMISSION NO. 86:**

27     Bryant incorporates by reference the above-stated general objections as if fully set forth

28                                32        EXHIBIT __6__ PAGE __316__

1  herein. Bryant specifically objects to this request on the grounds that the request seeks

2  information not relevant to any claim or defense of any party in this action.  Bryant specifically

3  objects to this request on the grounds that it calls for Bryant to speculate about matters to which

4  Bryant lacks personal knowledge.

5      Subject to and without waiving the foregoing general and specific objections, Bryant

6  responds to this request by incorporating MGA's response to Request Number 244 in Mattel's

7  Third Set of Requests for Admissions, served on MGA by Mattel, as follows:  MGA admits the

8  request, and Bryant is presently unaware of any facts which refute that response.

9

10  **REQUEST FOR ADMISSION NO. 87:**

11      Admit that, as of the date of these Requests, YOU have not recorded the agreement

12  produced by MGA as MGA000001 – MGA000006, or any version thereof, with the U.S.

13  Copyright Office.

14  **RESPONSE TO REQUEST FOR ADMISSION NO. 87:**

15      Bryant incorporates by reference the above-stated general objections as if fully set forth

16  herein. Bryant specifically objects to this request on the grounds that the request seeks

17  information not relevant to any claim or defense of any party in this action.

18      Subject to and without waiving the foregoing general and specific objections, Bryant

19  responds to this request as follows:  Bryant admits the request.

20

21  **REQUEST FOR ADMISSION NO. 88:**

22      Admit that, as of the date of these Requests, YOU have not recorded the agreement

23  produced by MGA as MGA000001 – MGA000006, or any version thereof, with any state or

24  federal agency, department or entity.

25  **RESPONSE TO REQUEST FOR ADMISSION NO. 88:**

26      Bryant incorporates by reference the above-stated general objections as if fully set forth

27  herein. Bryant specifically objects to this request on the grounds that the request seeks

28

33

EXHIBIT **6**  PAGE **317**

1   information not relevant to any claim or defense of any party in this action.

2       Subject to and without waiving the foregoing general and specific objections, Bryant

3   responds to this request as follows:  Bryant admits the request.

4

5   **REQUEST FOR ADMISSION NO. 89:**

6       Admit that, as of the date of these Requests, YOU have not recorded the agreement

7   produced by YOU as BRYANT 00794 – BRYANT 0000799, or any version thereof, with the

8   U.S. Copyright Office.

9   **RESPONSE TO REQUEST FOR ADMISSION NO. 89:**

10      Bryant incorporates by reference the above-stated general objections as if fully set forth

11  herein. Bryant specifically objects to this request on the grounds that the request seeks

12  information not relevant to any claim or defense of any party in this action.

13      Subject to and without waiving the foregoing general and specific objections, Bryant

14  responds to this request as follows:  Bryant admits the request.

15

16  **REQUEST FOR ADMISSION NO. 90:**

17      Admit that, as of the date of these Requests, YOU have not recorded the agreement

18  produced by YOU as BRYANT 00794 – BRYANT 0000799, or any version thereof, with any

19  state or federal agency, department or entity.

20  **RESPONSE TO REQUEST FOR ADMISSION NO. 90:**

21      Bryant incorporates by reference the above-stated general objections as if fully set forth

22  herein.  Bryant specifically objects to this request on the grounds that the request seeks

23  information not relevant to any claim or defense of any party in this action.

24      Subject to and without waiving the foregoing general and specific objections, Bryant

25  responds to this request as follows:  Bryant admits the request.

26

27

28

34

EXHIBIT __6__ PAGE __38__

**REQUEST FOR ADMISSION NO. 91:**

Admit that, as of November 7, 2006, MGA had not recorded the agreement produced by YOU as BRYANT 00794-BRYANT 0000799, or any version thereof, with the U.S. Copyright Office.

**RESPONSE TO REQUEST FOR ADMISSION NO. 91:**

Bryant incorporates by reference the above-stated general objections as if fully set forth herein. Bryant specifically objects to this request on the grounds that the request seeks information not relevant to any claim or defense of any party in this action. Bryant specifically objects to this request on the grounds that it calls for Bryant to speculate about matters to which Bryant lacks personal knowledge.

Subject to and without waiving the foregoing general and specific objections, Bryant responds to this request by incorporating MGA's response to Request Number 249 in Mattel's Third Set of Requests for Admissions, served on MGA by Mattel, as follows: MGA admits the request, and Bryant is presently unaware of any facts which refute that response.

**REQUEST FOR ADMISSION NO. 92:**

Admit that, as of November 7, 2006, MGA had not recorded the agreement produced by YOU as BRYANT 00794-BRYANT 0000799, or any version thereof, with any state or federal agency, department or entity.

**RESPONSE TO REQUEST FOR ADMISSION NO. 92:**

Bryant incorporates by reference the above-stated general objections as if fully set forth herein. Bryant specifically objects to this request on the grounds that the request seeks information not relevant to any claim or defense of any party in this action. Bryant specifically objects to this request on the grounds that it calls for Bryant to speculate about matters to which Bryant lacks personal knowledge.

Subject to and without waiving the foregoing general and specific objections, Bryant responds to this request by incorporating MGA's response to Request Number 250 in Mattel's

35   EXHIBIT **6** PAGE **319**

1  Third Set of Requests for Admissions, served on MGA by Mattel, as follows:  MGA admits the

2  request, and Bryant is presently unaware of any facts which refute that response.

3

4  **REQUEST FOR ADMISSION NO. 93:**

5      Admit that, as of November 7, 2006, MGA had not recorded the agreement produced by

6  MGA as MGA 000001-MGA000006, or any version thereof, with the U.S. Copyright Office.

7  **RESPONSE TO REQUEST FOR ADMISSION NO. 93:**

8      Bryant incorporates by reference the above-stated general objections as if fully set forth

9  herein.  Bryant specifically objects to this request on the grounds that the request seeks

10  information not relevant to any claim or defense of any party in this action.  Bryant specifically

11  objects to this request on the grounds that it calls for Bryant to speculate about matters to which

12  Bryant lacks personal knowledge.

13      Subject to and without waiving the foregoing general and specific objections, Bryant

14  responds to this request by incorporating MGA's response to Request Number 251 in Mattel's

15  Third Set of Requests for Admissions, served on MGA by Mattel, as follows:  MGA admits the

16  request, and Bryant is presently unaware of any facts which refute that response.

17

18  **REQUEST FOR ADMISSION NO. 94:**

19      Admit that, as of November 7, 2006, MGA had not recorded the agreement produced by

20  MGA as MGA 000001-MGA000006, or any version thereof, with any state or federal agency,

21  department or entity.

22  **RESPONSE TO REQUEST FOR ADMISSION NO. 94:**

23      Bryant incorporates by reference the above-stated general objections as if fully set forth

24  herein.  Bryant specifically objects to this request on the grounds that the request seeks

25  information not relevant to any claim or defense of any party in this action.  Bryant specifically

26  objects to this request on the grounds that it calls for Bryant to speculate about matters to which

27  Bryant lacks personal knowledge.

28                 36

EXHIBIT __6__ PAGE __320__

PLAINTIFF'S SUPPLEMENTAL AND AMENDED RESPONSES TO
DEFENDANT'S THIRD SET OF REQUESTS FOR ADMISSION
CASE NO. CV 04-09049

1    Subject to and without waiving the foregoing general and specific objections, Bryant

2    responds to this request by incorporating MGA's response to Request Number 252 in Mattel's

3    Third Set of Requests for Admissions, served on MGA by Mattel, as follows:  MGA admits the

4    request, and Bryant is presently unaware of any facts which refute that response.

5

6    **REQUEST FOR ADMISSION NO. 95:**

7    Admit that, as of November 7, 2006, YOU had not recorded the agreement produced by

8    MGA as MGA000001 – MGA000006, or any version thereof, with the U.S. Copyright Office.

9    **RESPONSE TO REQUEST FOR ADMISSION NO. 95:**

10   Bryant incorporates by reference the above-stated general objections as if fully set forth

11   herein.  Bryant specifically objects to this request on the grounds that the request seeks

12   information not relevant to any claim or defense of any party in this action.

13   Subject to and without waiving the foregoing general and specific objections, Bryant

14   responds to this request as follows:  Bryant admits the request.

15

16   **REQUEST FOR ADMISSION NO. 96:**

17   Admit that, as of November 7, 2006, YOU had not recorded the agreement produced by

18   MGA as MGA000001 – MGA000006, or any version thereof, with any state or federal agency,

19   department or entity.

20   **RESPONSE TO REQUEST FOR ADMISSION NO. 96:**

21   Bryant incorporates by reference the above-stated general objections as if fully set forth

22   herein.  Bryant specifically objects to this request on the grounds that the request seeks

23   information not relevant to any claim or defense of any party in this action.

24   Subject to and without waiving the foregoing general and specific objections, Bryant

25   responds to this request as follows:  Bryant admits the request.

26

27

28
                                    37        EXHIBIT __6__ PAGE __321__

1    **REQUEST FOR ADMISSION NO. 97:**

2        Admit that, as of November 7, 2006, YOU had not recorded the agreement produced by

3    YOU as BRYANT 00794 – BRYANT 0000799, or any version thereof, with the U.S. Copyright

4    Office.

5    **RESPONSE TO REQUEST FOR ADMISSION NO. 97:**

6        Bryant incorporates by reference the above-stated general objections as if fully set forth

7    herein.  Bryant specifically objects to this request on the grounds that the request seeks

8    information not relevant to any claim or defense of any party in this action.

9        Subject to and without waiving the foregoing general and specific objections, Bryant

10   responds to this request as follows:  Bryant admits the request.

11

12   **REQUEST FOR ADMISSION NO. 98:**

13       Admit that, as of November 7, 2006, YOU had not recorded the agreement produced by

14   YOU as BRYANT 00794 – BRYANT 0000799, or any version thereof, with any state or federal

15   agency, department or entity.

16   **RESPONSE TO REQUEST FOR ADMISSION NO. 98:**

17       Bryant incorporates by reference the above-stated general objections as if fully set forth

18   herein.  Bryant specifically objects to this request on the grounds that the request seeks

19   information not relevant to any claim or defense of any party in this action.

20       Subject to and without waiving the foregoing general and specific objections, Bryant

21   responds to this request as follows:  Bryant admits the request.

22

23   **REQUEST FOR ADMISSION NO. 99:**

24       Admit that MGA represented to the U.S. Copyright Office that the work registered as

25   V A 1-090-287 is a derivative of the work registered as V A 1-218-487.

26   **RESPONSE TO REQUEST FOR ADMISSION NO. 99:**

27       Bryant incorporates by reference the above-stated general objections as if fully set forth

28                    38   EXHIBIT __**6**__ PAGE __**322**__

1  herein. Bryant specifically objects to this request on the grounds it calls for the disclosure of

2  information subject to the attorney-client privilege, the work product doctrine, and other

3  applicable privileges. Bryant also objects to this request on the grounds that it seeks information

4  about a statement that is incomplete and/or out of context. Bryant specifically objects to this

5  request on the grounds that it calls for Bryant to speculate about matters to which Bryant lacks

6  personal knowledge.

7       Subject to and without waiving the foregoing general and specific objections, Bryant

8  responds to this request by incorporating MGA's response to Request Number 191 in Mattel's

9  Third Set of Requests for Admissions, served on MGA by Mattel, as follows: MGA admits the

10  request, and Bryant is presently unaware of any facts which refute that response.

11

12  **REQUEST FOR ADMISSION NO. 100:**

13       Admit that the work registered as V A 1-090-287 is a derivative of the work registered as

14  V A 1-218-487.

15  **RESPONSE TO REQUEST FOR ADMISSION NO. 100:**

16       Bryant incorporates by reference the above-stated general objections as if fully set forth

17  herein. Bryant specifically objects to this request on the grounds it calls for a legal conclusion.

18  Bryant also specifically objects to this request on the grounds that it calls for the disclosure of

19  information subject to the attorney-client privilege, the work product doctrine, and other

20  applicable privileges.

21

22  **REQUEST FOR ADMISSION NO. 101:**

23       Admit that, before THIS ACTION was filed, MGA represented to the U. S. Copyright

24  Office that the work registered as V A 1-090-287 was created in 2000.

25  **RESPONSE TO REQUEST FOR ADMISSION NO. 101:**

26       Bryant incorporates by reference the above-stated general objections as if fully set forth

27  herein. Bryant specifically objects to this request on the grounds it calls for the disclosure of

28

39   EXHIBIT __6__ PAGE __323__

1   information subject to the attorney-client privilege, the work product doctrine, and other

2   applicable privileges.  Bryant also objects to this request on the grounds that it seeks information

3   about a statement that is incomplete and/or out of context.  Bryant specifically objects to this

4   request on the grounds that it calls for Bryant to speculate about matters to which Bryant lacks

5   personal knowledge.

6       Subject to and without waiving the foregoing general and specific objections, Bryant

7   responds to this request by incorporating MGA's response to Request Number 194 in Mattel's

8   Third Set of Requests for Admissions, served on MGA by Mattel, as follows:  MGA admits the

9   request, and Bryant is presently unaware of any facts which refute that response.

10

11  **REQUEST FOR ADMISSION NO. 102:**

12      Admit that, after THIS ACTION was filed, MGA filed with the U.S. Copyright Office a

13  Form CA stating that the work registered as V A 1-090-287 was created in 2001.

14  **RESPONSE TO REQUEST FOR ADMISSION NO. 102:**

15      Bryant incorporates by reference the above-stated general objections as if fully set forth

16  herein.  Bryant specifically objects to this request on the grounds it calls for the disclosure of

17  information subject to the attorney-client privilege, the work product doctrine, and other

18  applicable privileges.  Bryant specifically object to this request on the grounds that the document

19  speaks for itself.  Bryant specifically objects to this request on the grounds that it calls for Bryant

20  to speculate about matters to which Bryant lacks personal knowledge.

21      Subject to and without waiving the foregoing general and specific objections, Bryant

22  responds to this request by incorporating MGA's response to Request Number 195 in Mattel's

23  Third Set of Requests for Admissions, served on MGA by Mattel, as follows:  MGA admits the

24  request, and Bryant is presently unaware of any facts which refute that response.

25

26  **REQUEST FOR ADMISSION NO. 103:**

27      Admit that the work registered as V A 1-090-287 was created in 2000.

28                                          40        EXHIBIT __6__ PAGE __324__

**RESPONSE TO REQUEST FOR ADMISSION NO. 103:**

Bryant incorporates by reference the above-stated general objections as if fully set forth herein.  Bryant specifically objects to this request on the grounds it calls for the disclosure of information subject to the attorney-client privilege, the work product doctrine, and other applicable privileges.  Bryant specifically objects to this request on the grounds that it calls for a legal conclusion.

Subject to and without waiving the foregoing general and specific objections, Bryant responds to this request by incorporating MGA's response to Request Number 196 in Mattel's Third Set of Requests for Admissions, served on MGA by Mattel, as follows:  MGA denies the request, and Bryant is presently unaware of any facts which refute that response.

**REQUEST FOR ADMISSION NO. 104:**

Admit that the doll that is depicted in the deposit for registration V A 1-090-287 was created in 2000.

**RESPONSE TO REQUEST FOR ADMISSION NO. 104:**

Bryant incorporates by reference the above-stated general objections as if fully set forth herein.  Bryant specifically objects to this request on the grounds it calls for the disclosure of information subject to the attorney-client privilege, the work product doctrine, and other applicable privileges.  Bryant specifically objects to this request on the grounds that it calls for a legal conclusion.

Subject to and without waiving the foregoing general and specific objections, Bryant responds to this request by incorporating MGA's response to Request Number 197 in Mattel's Third Set of Requests for Admissions, served on MGA by Mattel, as follows:  MGA denies the request, and Bryant is presently unaware of any facts which refute that response.

**REQUEST FOR ADMISSION NO. 105:**

Admit that MGA represented to the U.S. Copyright Office that the work registered as

41        EXHIBIT __6__ PAGE __325__

1   V A 1 -090-288 is a derivative of the work registered as V A 1-218-488.

2   **RESPONSE TO REQUEST FOR ADMISSION NO. 105:**

3       Bryant incorporates by reference the above-stated general objections as if fully set forth

4   herein.  Bryant specifically objects to this request on the grounds it calls for the disclosure of

5   information subject to the attorney-client privilege, the work product doctrine, and other

6   applicable privileges.  Bryant also objects to this request on the grounds that it seeks information

7   about a statement that is incomplete and/or out of context.  Bryant specifically objects to this

8   request on the grounds that it calls for Bryant to speculate about matters to which Bryant lacks

9   personal knowledge.

10      Subject to and without waiving the foregoing general and specific objections, Bryant

11  responds to this request by incorporating MGA's response to Request Number 198 in Mattel's

12  Third Set of Requests for Admissions, served on MGA by Mattel, as follows:  MGA admits the

13  request, and Bryant is presently unaware of any facts which refute that response.

14

15  **REQUEST FOR ADMISSION NO. 106:**

16      Admit that the work registered as V A 1-090-288 is a derivative of the work registered as

17  V A 1-218-488.

18  **RESPONSE TO REQUEST FOR ADMISSION NO. 106:**

19      Bryant incorporates by reference the above-stated general objections as if fully set forth

20  herein.  Bryant specifically objects to this request on the grounds it calls for a legal conclusion.

21  Bryant also specifically objects to this request on the grounds that it calls for the disclosure of

22  information subject to the attorney-client privilege, the work product doctrine, and other

23  applicable privileges.

24

25  **REQUEST FOR ADMISSION NO. 107:**

26      Admit that, before THIS ACTION was filed, MGA represented to the U.S. Copyright

27  Office that the work registered as V A 1-090-288 was created in 2000.

28                          42        EXHIBIT __6__ PAGE __326__

**RESPONSE TO REQUEST FOR ADMISSION NO. 107:**

Bryant incorporates by reference the above-stated general objections as if fully set forth herein. Bryant specifically objects to this request on the grounds it calls for the disclosure of information subject to the attorney-client privilege, the work product doctrine, and other applicable privileges. Bryant also objects to this request on the grounds that it seeks information about a statement that is incomplete and/or out of context. Bryant specifically objects to this request on the grounds that it calls for Bryant to speculate about matters to which Bryant lacks personal knowledge.

Subject to and without waiving the foregoing general and specific objections, Bryant responds to this request by incorporating MGA's response to Request Number 201 in Mattel's Third Set of Requests for Admissions, served on MGA by Mattel, as follows: MGA admits the request, and Bryant is presently unaware of any facts which refute that response.

**REQUEST FOR ADMISSION NO. 108:**

Admit that, after THIS ACTION was filed, MGA filed with the U.S. Copyright Office a Form CA stating that the work registered as V A 1-090-288 was created in 2001.

**RESPONSE TO REQUEST FOR ADMISSION NO. 108:**

Bryant incorporates by reference the above-stated general objections as if fully set forth herein. Bryant specifically objects to this request on the grounds it calls for the disclosure of information subject to the attorney-client privilege, the work product doctrine, and other applicable privileges. Bryant specifically object to this request on the grounds that the document speaks for itself. Bryant specifically objects to this request on the grounds that it calls for Bryant to speculate about matters to which Bryant lacks personal knowledge.

Subject to and without waiving the foregoing general and specific objections, Bryant responds to this request by incorporating MGA's response to Request Number 202 in Mattel's Third Set of Requests for Admissions, served on MGA by Mattel, as follows: MGA admits the request, and Bryant is presently unaware of any facts which refute that response.

43

EXHIBIT __6__ PAGE __327__

1

2 **REQUEST FOR ADMISSION NO. 109:**

3     Admit that the work registered as V A 1-090-288 was created in 2000.

4 **RESPONSE TO REQUEST FOR ADMISSION NO. 109:**

5     Bryant incorporates by reference the above-stated general objections as if fully set forth

6 herein.  Bryant specifically objects to this request on the grounds it calls for the disclosure of

7 information subject to the attorney-client privilege, the work product doctrine, and other

8 applicable privileges.  Bryant specifically objects to this request on the grounds that it calls for a

9 legal conclusion.

10     Subject to and without waiving the foregoing general and specific objections, Bryant

11 responds to this request by incorporating MGA's response to Request Number 203 in Mattel's

12 Third Set of Requests for Admissions, served on MGA by Mattel, as follows:  MGA denies the

13 request, and Bryant is presently unaware of any facts which refute that response.

14

15 **REQUEST FOR ADMISSION NO. 110:**

16     Admit that the doll that is depicted in the deposit for registration V A 1-090-288 was

17 created in 2000.

18 **RESPONSE TO REQUEST FOR ADMISSION NO. 110:**

19     Bryant incorporates by reference the above-stated general objections as if fully set forth

20 herein.  Bryant specifically objects to this request on the grounds it calls for the disclosure of

21 information subject to the attorney-client privilege, the work product doctrine, and other

22 applicable privileges.  Bryant specifically objects to this request on the grounds that it calls for a

23 legal conclusion.

24     Subject to and without waiving the foregoing general and specific objections, Bryant

25 responds to this request by incorporating MGA's response to Request Number 204 in Mattel's

26 Third Set of Requests for Admissions, served on MGA by Mattel, as follows:  MGA denies the

27 request, and Bryant is presently unaware of any facts which refute that response.

28                   44     EXHIBIT __6__ PAGE _328_

1

2  **REQUEST FOR ADMISSION NO. 111:**

3      Admit that MGA represented to the U.S. Copyright Office that the work registered as

4  V A 1-090-289 is a derivative of the work registered as V A 1-218-490.

5  **RESPONSE TO REQUEST FOR ADMISSION NO. 111:**

6      Bryant incorporates by reference the above-stated general objections as if fully set forth

7  herein.  Bryant specifically objects to this request on the grounds it calls for the disclosure of

8  information subject to the attorney-client privilege, the work product doctrine, and other

9  applicable privileges.  Bryant also objects to this request on the grounds that it seeks information

10  about a statement that is incomplete and/or out of context.  Bryant specifically objects to this

11  request on the grounds that it calls for Bryant to speculate about matters to which Bryant lacks

12  personal knowledge.

13      Subject to and without waiving the foregoing general and specific objections, Bryant

14  responds to this request by incorporating MGA's response to Request Number 205 in Mattel's

15  Third Set of Requests for Admissions, served on MGA by Mattel, as follows:  MGA admits the

16  request, and Bryant is presently unaware of any facts which refute that response.

17

18  **REQUEST FOR ADMISSION NO. 112:**

19      Admit that the work registered as V A 1-090-289 is a derivative of the work registered as

20  V A 1-218-490.

21  **RESPONSE TO REQUEST FOR ADMISSION NO. 112:**

22      Bryant incorporates by reference the above-stated general objections as if fully set forth

23  herein.  Bryant specifically objects to this request on the grounds it calls for a legal conclusion.

24  Bryant also specifically objects to this request on the grounds that it calls for the disclosure of

25  information subject to the attorney-client privilege, the work product doctrine, and other

26  applicable privileges.

27

28                                    45        EXHIBIT __6__ PAGE __329__

1  **REQUEST FOR ADMISSION NO. 113:**

2      Admit that, before THIS ACTION was filed, MGA represented to the U. S. Copyright

3  Office that the work registered as V A 1-090-289 was created in 2000.

4  **RESPONSE TO REQUEST FOR ADMISSION NO. 113:**

5      Bryant incorporates by reference the above-stated general objections as if fully set forth

6  herein.  Bryant specifically objects to this request on the grounds it calls for the disclosure of

7  information subject to the attorney-client privilege, the work product doctrine, and other

8  applicable privileges.  Bryant also objects to this request on the grounds that it seeks information

9  about a statement that is incomplete and/or out of context.  Bryant specifically objects to this

10  request on the grounds that it calls for Bryant to speculate about matters to which Bryant lacks

11  personal knowledge.

12      Subject to and without waiving the foregoing general and specific objections, Bryant

13  responds to this request by incorporating MGA's response to Request Number 208 in Mattel's

14  Third Set of Requests for Admissions, served on MGA by Mattel, as follows:  MGA admits the

15  request, and Bryant is presently unaware of any facts which refute that response.

16

17  **REQUEST FOR ADMISSION NO. 114:**

18      Admit that, after THIS ACTION was filed, MGA filed with the U. S. Copyright Office a

19  Form CA stating that the work registered as V A 1-090-289 was created in 2001.

20  **RESPONSE TO REQUEST FOR ADMISSION NO. 114:**

21      Bryant incorporates by reference the above-stated general objections as if fully set forth

22  herein.  Bryant specifically objects to this request on the grounds it calls for the disclosure of

23  information subject to the attorney-client privilege, the work product doctrine, and other

24  applicable privileges.  Bryant specifically object to this request on the grounds that the document

25  speaks for itself.  Bryant specifically objects to this request on the grounds that it calls for Bryant

26  to speculate about matters to which Bryant lacks personal knowledge.

27      Subject to and without waiving the foregoing general and specific objections, Bryant

28                                          46          EXHIBIT __6__ PAGE __330__

1  responds to this request by incorporating MGA's response to Request Number 209 in Mattel's

2  Third Set of Requests for Admissions, served on MGA by Mattel, as follows: MGA admits the

3  request, and Bryant is presently unaware of any facts which refute that response.

4

5  **REQUEST FOR ADMISSION NO. 115:**

6       Admit that the work registered as V A 1-090-289 was created in 2000.

7  **RESPONSE TO REQUEST FOR ADMISSION NO. 115:**

8       Bryant incorporates by reference the above-stated general objections as if fully set forth

9  herein. Bryant specifically objects to this request on the grounds it calls for the disclosure of

10  information subject to the attorney-client privilege, the work product doctrine, and other

11  applicable privileges. Bryant specifically objects to this request on the grounds that it calls for a

12  legal conclusion.

13       Subject to and without waiving the foregoing general and specific objections, Bryant

14  responds to this request by incorporating MGA's response to Request Number 210 in Mattel's

15  Third Set of Requests for Admissions, served on MGA by Mattel, as follows: MGA denies the

16  request, and Bryant is presently unaware of any facts which refute that response.

17

18  **REQUEST FOR ADMISSION NO. 116:**

19       Admit that the doll that is depicted in the deposit for registration V A 1-090-289 was

20  created in 2000.

21  **RESPONSE TO REQUEST FOR ADMISSION NO. 116:**

22       Bryant incorporates by reference the above-stated general objections as if fully set forth

23  herein. Bryant specifically objects to this request on the grounds it calls for the disclosure of

24  information subject to the attorney-client privilege, the work product doctrine, and other

25  applicable privileges. Bryant specifically objects to this request on the grounds that it calls for a

26  legal conclusion.

27       Subject to and without waiving the foregoing general and specific objections, Bryant

28

47

EXHIBIT __6__ PAGE __331__

1  responds to this request by incorporating MGA's response to Request Number 211 in Mattel's

2  Third Set of Requests for Admissions, served on MGA by Mattel, as follows:  MGA denies the

3  request, and Bryant is presently unaware of any facts which refute that response.

4

5  **REQUEST FOR ADMISSION NO. 117:**

6      Admit that MGA represented to the U. S. Copyright Office that the work registered as

7  V A 1-090-290 is a derivative of the work registered as V A 1-218-491.

8  **RESPONSE TO REQUEST FOR ADMISSION NO. 117:**

9      Bryant incorporates by reference the above-stated general objections as if fully set forth

10  herein.  Bryant specifically objects to this request on the grounds it calls for the disclosure of

11  information subject to the attorney-client privilege, the work product doctrine, and other

12  applicable privileges.  Bryant also objects to this request on the grounds that it seeks information

13  about a statement that is incomplete and/or out of context.  Bryant specifically objects to this

14  request on the grounds that it calls for Bryant to speculate about matters to which Bryant lacks

15  personal knowledge.

16      Subject to and without waiving the foregoing general and specific objections, Bryant

17  responds to this request by incorporating MGA's response to Request Number 212 in Mattel's

18  Third Set of Requests for Admissions, served on MGA by Mattel, as follows:  MGA admits the

19  request, and Bryant is presently unaware of any facts which refute that response.

20

21  **REQUEST FOR ADMISSION NO. 118:**

22      Admit that the work registered as V A 1-090-290 is a derivative of the work registered as

23  V A 1-218-491.

24  **RESPONSE TO REQUEST FOR ADMISSION NO. 118:**

25      Bryant incorporates by reference the above-stated general objections as if fully set forth

26  herein.  Bryant specifically objects to this request on the grounds it calls for a legal conclusion.

27  Bryant also specifically objects to this request on the grounds that it calls for the disclosure of

28

48

EXHIBIT ____6____ PAGE __332__

1  information subject to the attorney-client privilege, the work product doctrine, and other

2  applicable privileges.

3

4  **REQUEST FOR ADMISSION NO. 119:**

5      Admit that, before THIS ACTION was filed, MGA represented to the U. S. Copyright

6  Office that the work registered as V A 1-090-290 was created in 2000.

7  **RESPONSE TO REQUEST FOR ADMISSION NO. 119:**

8      Bryant incorporates by reference the above-stated general objections as if fully set forth

9  herein.  Bryant specifically objects to this request on the grounds it calls for the disclosure of

10  information subject to the attorney-client privilege, the work product doctrine, and other

11  applicable privileges.  Bryant also objects to this request on the grounds that it seeks information

12  about a statement that is incomplete and/or out of context.  Bryant specifically objects to this

13  request on the grounds that it calls for Bryant to speculate about matters to which Bryant lacks

14  personal knowledge.

15      Subject to and without waiving the foregoing general and specific objections, Bryant

16  responds to this request by incorporating MGA's response to Request Number 215 in Mattel's

17  Third Set of Requests for Admissions, served on MGA by Mattel, as follows:  MGA admits the

18  request, and Bryant is presently unaware of any facts which refute that response.

19

20  **REQUEST FOR ADMISSION NO. 120:**

21      Admit that, after THIS ACTION was filed, MGA filed with the U.S. Copyright office a

22  Form CA stating that the work registered as V A 1-090-290 was created in 2001.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 120:**

24      Bryant incorporates by reference the above-stated general objections as if fully set forth

25  herein.  Bryant specifically objects to this request on the grounds it calls for the disclosure of

26  information subject to the attorney-client privilege, the work product doctrine, and other

27  applicable privileges.  Bryant specifically object to this request on the grounds that the document

28                                              49   EXHIBIT _6_ PAGE _333_

1   speaks for itself.  Bryant specifically objects to this request on the grounds that it calls for Bryant

2   to speculate about matters to which Bryant lacks personal knowledge.

3       Subject to and without waiving the foregoing general and specific objections, Bryant

4   responds to this request by incorporating MGA's response to Request Number 216 in Mattel's

5   Third Set of Requests for Admissions, served on MGA by Mattel, as follows:  MGA admits the

6   request, and Bryant is presently unaware of any facts which refute that response.

7

8   **REQUEST FOR ADMISSION NO. 121:**

9       Admit that the work registered as V A 1-090-290 was created in 2000.

10  **RESPONSE TO REQUEST FOR ADMISSION NO. 121:**

11      Bryant incorporates by reference the above-stated general objections as if fully set forth

12  herein.  Bryant specifically objects to this request on the grounds it calls for the disclosure of

13  information subject to the attorney-client privilege, the work product doctrine, and other

14  applicable privileges.  Bryant specifically objects to this request on the grounds that it calls for a

15  legal conclusion.

16      Subject to and without waiving the foregoing general and specific objections, Bryant

17  responds to this request by incorporating MGA's response to Request Number 217 in Mattel's

18  Third Set of Requests for Admissions, served on MGA by Mattel, as follows:  MGA denies the

19  request, and Bryant is presently unaware of any facts which refute that response.

20

21  **REQUEST FOR ADMISSION NO. 122:**

22      Admit that the doll that is depicted in the deposit for registration V A 1-090-290 was

23  created in 2000.

24  **RESPONSE TO REQUEST FOR ADMISSION NO. 122:**

25      Bryant incorporates by reference the above-stated general objections as if fully set forth

26  herein.  Bryant specifically objects to this request on the grounds it calls for the disclosure of

27  information subject to the attorney-client privilege, the work product doctrine, and other

28          50   EXHIBIT __6__ PAGE **334**

---

PLAINTIFF'S SUPPLEMENTAL AND AMENDED RESPONSES TO
DEFENDANT'S THIRD SET OF REQUESTS FOR ADMISSION
CASE NO. CV 04-09049

1  applicable privileges. Bryant specifically objects to this request on the grounds that it calls for a

2  legal conclusion.

3        Subject to and without waiving the foregoing general and specific objections, Bryant

4  responds to this request by incorporating MGA's response to Request Number 218 in Mattel's

5  Third Set of Requests for Admissions, served on MGA by Mattel, as follows: MGA denies the

6  request, and Bryant is presently unaware of any facts which refute that response.

7

8  **REQUEST FOR ADMISSION NO. 123:**

9        Admit that, before THIS ACTION was filed, MGA represented to the U. S. Copyright

10  Office that the work registered as V A 1-148-305 was created in 2000.

11  **RESPONSE TO REQUEST FOR ADMISSION NO. 123:**

12        Bryant incorporates by reference the above-stated general objections as if fully set forth

13  herein. Bryant specifically objects to this request on the grounds it calls for the disclosure of

14  information subject to the attorney-client privilege, the work product doctrine, and other

15  applicable privileges. Bryant also objects to this request on the grounds that it seeks information

16  about a statement that is incomplete and/or out of context. Bryant specifically objects to this

17  request on the grounds that it calls for Bryant to speculate about matters to which Bryant lacks

18  personal knowledge.

19        Subject to and without waiving the foregoing general and specific objections, Bryant

20  responds to this request by incorporating MGA's response to Request Number 219 in Mattel's

21  Third Set of Requests for Admissions, served on MGA by Mattel, as follows: MGA admits the

22  request, and Bryant is presently unaware of any facts which refute that response.

23

24  **REQUEST FOR ADMISSION NO. 124:**

25        Admit that, after THIS ACTION was filed, MGA filed with the U.S. Copyright Office a

26  Form CA stating the work registered as V A 1-148-305 was created in 2001.

27

28  51   EXHIBIT __6__ PAGE __335__

**RESPONSE TO REQUEST FOR ADMISSION NO. 124:**

Bryant incorporates by reference the above-stated general objections as if fully set forth herein. Bryant specifically objects to this request on the grounds it calls for the disclosure of information subject to the attorney-client privilege, the work product doctrine, and other applicable privileges. Bryant specifically object to this request on the grounds that the document speaks for itself. Bryant specifically objects to this request on the grounds that it calls for Bryant to speculate about matters to which Bryant lacks personal knowledge.

Subject to and without waiving the foregoing general and specific objections, Bryant responds to this request by incorporating MGA's response to Request Number 220 in Mattel's Third Set of Requests for Admissions, served on MGA by Mattel, as follows: MGA admits the request, and Bryant is presently unaware of any facts which refute that response.

**REQUEST FOR ADMISSION NO. 125:**

Admit that the work registered as V A 1-148-305 was created in 2000.

**RESPONSE TO REQUEST FOR ADMISSION NO. 125:**

Bryant incorporates by reference the above-stated general objections as if fully set forth herein. Bryant specifically objects to this request on the grounds it calls for the disclosure of information subject to the attorney-client privilege, the work product doctrine, and other applicable privileges. Bryant specifically objects to this request on the grounds that it calls for a legal conclusion.

Subject to and without waiving the foregoing general and specific objections, Bryant responds to this request by incorporating MGA's response to Request Number 221 in Mattel's Third Set of Requests for Admissions, served on MGA by Mattel, as follows: MGA denies the request, and Bryant is presently unaware of any facts which refute that response.

**REQUEST FOR ADMISSION NO. 126:**

Admit that the work registered as V A 1-148-305 is a derivative work.

52

EXHIBIT __6__ PAGE __336__

1  **RESPONSE TO REQUEST FOR ADMISSION NO. 126:**

2      Bryant incorporates by reference the above-stated general objections as if fully set forth

3  herein.  Bryant specifically objects to this request on the grounds it calls for a legal conclusion.

4  Bryant also specifically objects to this request on the grounds that it calls for the disclosure of

5  information subject to the attorney-client privilege, the work product doctrine, and other

6  applicable privileges.

7

8  **REQUEST FOR ADMISSION NO. 127:**

9      Admit that the work registered as V A 1-148-305 is a derivative of BRYANT00278 and

10  BRYANT01071.

11  **RESPONSE TO REQUEST FOR ADMISSION NO. 127:**

12      Bryant incorporates by reference the above-stated general objections as if fully set forth

13  herein.  Bryant specifically objects to this request on the grounds it calls for a legal conclusion.

14  Bryant also specifically objects to this request on the grounds that it calls for the disclosure of

15  information subject to the attorney-client privilege, the work product doctrine, and other

16  applicable privileges.

17

18  **REQUEST FOR ADMISSION NO. 128:**

19      Admit that MGA represented to the U.S. Copyright Office that the work registered as

20  V A 1-340-165 is a derivative of the works registered as V A 1-218-487, V A 1-218-488,

21  V A 1-218-489, V A 1-218-490, V A 1-218-491, V A 1-301-530, V A 1-301-528,

22  V A 1-301-531 and V A 1-301-532.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 128:**

24      Bryant incorporates by reference the above-stated general objections as if fully set forth

25  herein.  Bryant specifically objects to this request on the grounds it calls for the disclosure of

26  information subject to the attorney-client privilege, the work product doctrine, and other

27  applicable privileges.  Bryant also objects to this request on the grounds that it seeks information

28

53

EXHIBIT __6__ PAGE __337__

1  about a statement that is incomplete and/or out of context. Bryant specifically objects to this

2  request on the grounds that it calls for Bryant to speculate about matters to which Bryant lacks

3  personal knowledge.

4        Subject to and without waiving the foregoing general and specific objections, Bryant

5  responds to this request by incorporating MGA's response to Request Number 225 in Mattel's

6  Third Set of Requests for Admissions, served on MGA by Mattel, as follows:  MGA admits the

7  request, and Bryant is presently unaware of any facts which refute that response.

8

9  **REQUEST FOR ADMISSION NO. 129:**

10        Admit that the work registered as V A 1-340-165 is a derivative of the works registered

11  as V A 1-218-487, V A 1-218-488, V A 1-218-489, V A 1-218-490, V A 1-218-491,

12  V A 1-301-530, V A 1-301-528, V A 1-301-531 and V A 1-301-532.

13  **RESPONSE TO REQUEST FOR ADMISSION NO. 129:**

14        Bryant incorporates by reference the above-stated general objections as if fully set forth

15  herein. Bryant specifically objects to this request on the grounds it calls for a legal conclusion.

16  Bryant also specifically objects to this request on the grounds that it calls for the disclosure of

17  information subject to the attorney-client privilege, the work product doctrine, and other

18  applicable privileges.

19

20  **REQUEST FOR ADMISSION NO. 130:**

21        Admit that MGA represented to the U. S. Copyright Office that the work registered as

22  V A 1-340-167 is a derivative of the works registered as V A 1-218-487, V A 1-218-488,

23  V A 1-218-489, V A 1-218-490, V A 1-218-491, V A 1-301-530, V A 1-301-528,

24  V A 1-301-531 and V A 1-301-532.

25  **RESPONSE TO REQUEST FOR ADMISSION NO. 130:**

26        Bryant incorporates by reference the above-stated general objections as if fully set forth

27  herein. Bryant specifically objects to this request on the grounds it calls for the disclosure of

28      54   EXHIBIT ___6___ PAGE __338__

1   information subject to the attorney-client privilege, the work product doctrine, and other

2   applicable privileges.  Bryant also objects to this request on the grounds that it seeks information

3   about a statement that is incomplete and/or out of context.  Bryant specifically objects to this

4   request on the grounds that it calls for Bryant to speculate about matters to which Bryant lacks

5   personal knowledge.

6        Subject to and without waiving the foregoing general and specific objections, Bryant

7   responds to this request by incorporating MGA's response to Request Number 227 in Mattel's

8   Third Set of Requests for Admissions, served on MGA by Mattel, as follows:  MGA admits the

9   request, and Bryant is presently unaware of any facts which refute that response.

10

11  **REQUEST FOR ADMISSION NO. 131:**

12       Admit that the work registered as V A 1-340-167 is a derivative of the works registered

13  as V A 1-218-487, V A 1-218-488, V A 1-218-489, V A 1-218-490, V A 1-218-491,

14  V A 1-301-530, V A 1-301-528, V A 1-301-531 and V A 1-301-532.

15  **RESPONSE TO REQUEST FOR ADMISSION NO. 131:**

16       Bryant incorporates by reference the above-stated general objections as if fully set forth

17  herein.  Bryant specifically objects to this request on the grounds it calls for a legal conclusion.

18  Bryant also specifically objects to this request on the grounds that it calls for the disclosure of

19  information subject to the attorney-client privilege, the work product doctrine, and other

20  applicable privileges.

21

22  **REQUEST FOR ADMISSION NO. 132:**

23       Admit that MGA represented to the U. S. Copyright Office that the work registered as

24  V A 1-340-168 is a derivative of the works registered as V A 1-218-487, V A 1-218-488,

25  V A 1-218-489, V A 1-218-490, V A 1-218-491, V A 1-301-530, V A 1-301-528,

26  V A 1-301-531 and V A 1-301-532.

27

28

55   EXHIBIT __6__ PAGE __339__

PLAINTIFF'S SUPPLEMENTAL AND AMENDED RESPONSES TO
DEFENDANT'S THIRD SET OF REQUESTS FOR ADMISSION
CASE NO. CV 04-09049

**RESPONSE TO REQUEST FOR ADMISSION NO. 132:**

Bryant incorporates by reference the above-stated general objections as if fully set forth herein. Bryant specifically objects to this request on the grounds it calls for the disclosure of information subject to the attorney-client privilege, the work product doctrine, and other applicable privileges. Bryant also objects to this request on the grounds that it seeks information about a statement that is incomplete and/or out of context. Bryant specifically objects to this request on the grounds that it calls for Bryant to speculate about matters to which Bryant lacks personal knowledge.

Subject to and without waiving the foregoing general and specific objections, Bryant responds to this request by incorporating MGA's response to Request Number 229 in Mattel's Third Set of Requests for Admissions, served on MGA by Mattel, as follows: MGA admits the request, and Bryant is presently unaware of any facts which refute that response.

**REQUEST FOR ADMISSION NO. 133:**

Admit that the work registered as V A 1-340-168 is a derivative of the works registered as V A 1-218-487, V A 1-218-488, V A 1-218-489, V A 1-218-490, V A 1-218-491, V A 1-301-530, V A 1-301-528, V A 1-301-531 and V A 1-301-532.

**RESPONSE TO REQUEST FOR ADMISSION NO. 133:**

Bryant incorporates by reference the above-stated general objections as if fully set forth herein. Bryant specifically objects to this request on the grounds it calls for a legal conclusion. Bryant also specifically objects to this request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the work product doctrine, and other applicable privileges.

**REQUEST FOR ADMISSION NO. 134:**

Admit that MGA represented to the U.S. Copyright Office that the work registered as V A 1-340-169 is a derivative of the works registered as V A 1-218-487, V A 1-218-488,

56

EXHIBIT **6** PAGE **340**

1    V A 1-218-489, V A 1-218-490, V A 1-218-491, V A 1-301-530, V A 1-301-528,

2    V A 1-301-531 and V A 1-301-532.

3    **RESPONSE TO REQUEST FOR ADMISSION NO. 134:**

4         Bryant incorporates by reference the above-stated general objections as if fully set forth

5    herein.  Bryant specifically objects to this request on the grounds it calls for the disclosure of

6    information subject to the attorney-client privilege, the work product doctrine, and other

7    applicable privileges.  Bryant also objects to this request on the grounds that it seeks information

8    about a statement that is incomplete and/or out of context.  Bryant specifically objects to this

9    request on the grounds that it calls for Bryant to speculate about matters to which Bryant lacks

10   personal knowledge.

11        Subject to and without waiving the foregoing general and specific objections, Bryant

12   responds to this request by incorporating MGA's response to Request Number 231 in Mattel's

13   Third Set of Requests for Admissions, served on MGA by Mattel, as follows:  MGA admits the

14   request, and Bryant is presently unaware of any facts which refute that response.

15

16   **REQUEST FOR ADMISSION NO. 135:**

17        Admit that the work registered as V A 1-340-169 is a derivative of the works registered

18   as V A 1-218-487, V A 1-218-488, V A 1-218-489, V A 1-218-490, V A 1-218-491,

19   V A 1-301-530, V A 1-301-528, V A 1-301-531 and V A 1-301-532.

20   **RESPONSE TO REQUEST FOR ADMISSION NO. 135:**

21        Bryant incorporates by reference the above-stated general objections as if fully set forth

22   herein.  Bryant specifically objects to this request on the grounds it calls for a legal conclusion.

23   Bryant also specifically objects to this request on the grounds that it calls for the disclosure of

24   information subject to the attorney-client privilege, the work product doctrine, and other

25   applicable privileges.

26

27

28

57      EXHIBIT __6__ PAGE **341**

1   **REQUEST FOR ADMISSION NO. 136:**

2       Admit that MGA represented to the U.S. Copyright Office that the work registered as

3   V A 1-340-170 is a derivative of the works registered as V A 1-218-487, V A 1-218-488,

4   V A 1-218-489, V A 1-218-490, V A 1-218-491, V A 1-301-530, V A 1-301-528,

5   V A 1-301-531 and V A 1-301-532.

6   **RESPONSE TO REQUEST FOR ADMISSION NO. 136:**

7       Bryant incorporates by reference the above-stated general objections as if fully set forth

8   herein.  Bryant specifically objects to this request on the grounds it calls for the disclosure of

9   information subject to the attorney-client privilege, the work product doctrine, and other

10  applicable privileges.  Bryant also objects to this request on the grounds that it seeks information

11  about a statement that is incomplete and/or out of context.  Bryant specifically objects to this

12  request on the grounds that it calls for Bryant to speculate about matters to which Bryant lacks

13  personal knowledge.

14      Subject to and without waiving the foregoing general and specific objections, Bryant

15  responds to this request by incorporating MGA's response to Request Number 233 in Mattel's

16  Third Set of Requests for Admissions, served on MGA by Mattel, as follows:  MGA admits the

17  request, and Bryant is presently unaware of any facts which refute that response.

18

19  **REQUEST FOR ADMISSION NO. 137:**

20      Admit that the work registered as V A 1-340-170 is a derivative of the works registered

21  as V A 1-218-487, V A 1-218-488, V A 1-218-489, V A 1-218-490, V A 1-218-491,

22  V A 1-301-530, V A 1-301-528, V A 1-301-531 and V A 1-301-532.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 137:**

24      Bryant incorporates by reference the above-stated general objections as if fully set forth

25  herein.  Bryant specifically objects to this request on the grounds it calls for a legal conclusion.

26  Bryant also specifically objects to this request on the grounds that it calls for the disclosure of

27  information subject to the attorney-client privilege, the work product doctrine, and other

28  

58   EXHIBIT __6__ PAGE __342__

1  applicable privileges.

2

3  **REQUEST FOR ADMISSION NO. 138:**

4  Admit that MGA represented to the U.S. Copyright Office that the work registered as

5  V A 1-334-487 is a derivative of the works registered as V A 1-218-487, V A 1-218-488,

6  V A 1-218-489, V A 1-218-490, V A 1-218-491, V A 1-301-530, V A 1-301-528,

7  V A 1-301-531 and V A 1-301-532.

8  **RESPONSE TO REQUEST FOR ADMISSION NO. 138:**

9  Bryant incorporates by reference the above-stated general objections as if fully set forth

10  herein. Bryant specifically objects to this request on the grounds it calls for the disclosure of

11  information subject to the attorney-client privilege, the work product doctrine, and other

12  applicable privileges. Bryant also objects to this request on the grounds that it seeks information

13  about a statement that is incomplete and/or out of context. Bryant specifically objects to this

14  request on the grounds that it calls for Bryant to speculate about matters to which Bryant lacks

15  personal knowledge.

16  Subject to and without waiving the foregoing general and specific objections, Bryant

17  responds to this request by incorporating MGA's response to Request Number 235 in Mattel's

18  Third Set of Requests for Admissions, served on MGA by Mattel, as follows: MGA admits the

19  request, and Bryant is presently unaware of any facts which refute that response.

20

21  **REQUEST FOR ADMISSION NO. 139:**

22  Admit that the work registered as V A 1-334-487 is a derivative of the works registered

23  as V A 1-218-487, V A 1-218-488, V A 1-218-489, V A 1-218-490, V A 1-218-491,

24  V A 1-301-530, V A 1-301-528, V A 1-301-531 and V A 1-301-532.

25  **RESPONSE TO REQUEST FOR ADMISSION NO. 139:**

26  Bryant incorporates by reference the above-stated general objections as if fully set forth

27  herein. Bryant specifically objects to this request on the grounds it calls for a legal conclusion.

28

59

EXHIBIT __6__ PAGE __343__

1  Bryant also specifically objects to this request on the grounds that it calls for the disclosure of

2  information subject to the attorney-client privilege, the work product doctrine, and other

3  applicable privileges.

4

5  **REQUEST FOR ADMISSION NO. 140:**

6      Admit that MGA represented to the U.S. Copyright Office that the work registered as

7  V A 1-334-488 is a derivative of the works registered as V A 1-218-487, V A 1-218-488,

8  V A 1-218-489, V A 1-218-490, V A 1-218-491, V A 1-301-530, V A 1-301-528,

9  V A 1-301-531 and V A 1-301-532.

10  **RESPONSE TO REQUEST FOR ADMISSION NO. 140:**

11      Bryant incorporates by reference the above-stated general objections as if fully set forth

12  herein.  Bryant specifically objects to this request on the grounds it calls for the disclosure of

13  information subject to the attorney-client privilege, the work product doctrine, and other

14  applicable privileges.  Bryant also objects to this request on the grounds that it seeks information

15  about a statement that is incomplete and/or out of context.  Bryant specifically objects to this

16  request on the grounds that it calls for Bryant to speculate about matters to which Bryant lacks

17  personal knowledge.

18      Subject to and without waiving the foregoing general and specific objections, Bryant

19  responds to this request by incorporating MGA's response to Request Number 237 in Mattel's

20  Third Set of Requests for Admissions, served on MGA by Mattel, as follows:  MGA admits the

21  request, and Bryant is presently unaware of any facts which refute that response.

22

23  **REQUEST FOR ADMISSION NO. 141:**

24      Admit that the work registered as V A 1-334-488 is a derivative of the works registered

25  as V A 1-218-487, V A 1-218-488, V A 1-218-489, V A 1-218-490, V A 1-218-491,

26  V A 1-301-530, V A 1-301-528, V A 1-301-531 and V A 1-301-532.

27

28                          60    EXHIBIT __6__ PAGE **344**

1  **RESPONSE TO REQUEST FOR ADMISSION NO. 141:**

2       Bryant incorporates by reference the above-stated general objections as if fully set forth

3  herein.  Bryant specifically objects to this request on the grounds it calls for a legal conclusion.

4  Bryant also specifically objects to this request on the grounds that it calls for the disclosure of

5  information subject to the attorney-client privilege, the work product doctrine, and other

6  applicable privileges.

7

8  **REQUEST FOR ADMISSION NO. 143:**

9       Admit that the work registered as V A 1-233-273 is a derivative of the works registered

10  as V A 1-218-487, V A 1-218-488, V A 1-218-489, V A 1-218-490, V A 1-218-491,

11  V A 1-090-287, V A 1-090-288, V A 1-090-289, and V A 1-090-290.

12

13  **RESPONSE TO REQUEST FOR ADMISSION NO. 143:**

14       Bryant incorporates by reference the above-stated general objections as if fully set forth

15  herein.  Bryant specifically objects to this request on the grounds it calls for a legal conclusion.

16  Bryant also specifically objects to this request on the grounds that it calls for the disclosure of

17  information subject to the attorney-client privilege, the work product doctrine, and other

18  applicable privileges.

19

20  Dated: May 29, 2007                          KEKER & VAN NEST

21

22                                      By: _____

23                                          CHRISTA M. ANDERSON
                                            Attorneys for Plaintiff
24                                          CARTER BRYANT

25

26

27

28                            61     EXHIBIT __6__ PAGE **345**

PLAINTIFF'S SUPPLEMENTAL AND AMENDED RESPONSES TO
DEFENDANT'S THIRD SET OF REQUESTS FOR ADMISSION
CASE NO. CV 04-09049