QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Plaintiff Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>**DISCOVERY MATTER**<br><br>**[To Be Heard By Discovery Master Hon. Edward Infante (Ret.) Pursuant To The Court's Order of December 6, 2006]**<br><br>[PUBLIC REDACTED] DECLARATION OF JON D. COREY IN SUPPORT OF MATTEL, INC.'S MOTION FOR MODIFICATION OF THE PROTECTIVE ORDER<br><br>Date: TBA<br>Time: TBA<br>Place: Telephonic<br><br>Discovery Cutoff: January 14, 2008<br>Pre-Trial Conference: April 7, 2008<br>Trial Date: April 29, 2008. |

07975/2178790.1

DECL. OF JON D. COREY I.S.O. MATTEL, INC.'S MTN. FOR MODIFICATION OF THE PROTECTIVE ORDER

## DECLARATION OF JON D. COREY

I, Jon D. Corey, declare as follows:

1. I am a member of the bars of the State of California and the District of Columbia. I am a partner at Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for Mattel, Inc. ("Mattel"). I make this declaration in support of Mattel's Motion for Modification of the Protective Order. I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

2. I was present for the deposition of one of Mattel's Rule 30(b)(6) designees, Fred T. Kawashima, on January 17, 2007 and on June 19, 2007 (the "June Deposition"). A true and correct copy of excerpts from the transcript of the June Deposition, pages 377:1-19; 385:17-387:22; 387:23-388:15; 399:5-17; 400:13-23; 497:25-499:1 and 377:20-379:17 are attached as Exhibit 1.

3. Prior to the commencement of the deposition, I asked Jim Jenal, counsel for MGA Entertainment, Inc. ("MGA"), whether the parties had reached an agreement and whether he would sign the stipulation modifying the Protective Order. Mr. Jenal responded that he "was not going to sign anything." The deposition proceeded. Counsel for Carter Bryant ("Bryant"), the noticing party, did not appear at the deposition of Mattel designee, Mr. Kawashima.

4. A true and correct copy of the operative Protective Order between Mattel, MGA and Bryant, dated January 4, 2005 (the "Protective Order") is attached as Exhibit 2.

5. A true and correct copy of the Order Granting in Part Carter Bryant and MGA Entertainment, Inc.'s Motion to Compel the Production of Documents and 30(b)(6) Depositions, dated January 30, 2007 (the "January Order"), is attached as Exhibit 3.

6. A true and correct copy of Mattel's letter dated May 16, 2005, referenced in the January Order, is attached as Exhibit 4.

1  7.  A true and correct copy of the Order Modifying Protective Order, dated May 15, 2007, is attached as Exhibit 5.

### Mattel's Meet and Confer Efforts

8.  As the letters described below indicate, on several occasions throughout the months of June and July, 2007, Mattel attempted to meet and confer with MGA and Bryant to resolve this matter. I also sent counsel a stipulation to review and, if acceptable, to sign.

9.  Neither MGA nor Bryant ever responded or attempted to resolve this matter, other than to demand that Mattel disclose the exact security measures it seeks to protect. I explained to MGA and Bryant's counsel that to require such disclosure before MGA or Bryant would consider Mattel's proposal defeats the purpose of the proposal. Neither MGA nor Bryant responded with a different position. As of July 27, 2007 MGA and Bryant failed to respond whether they would sign the stipulation to modify the Protective Order.

10.  A true and correct copy of my letter to Jim Jenal, dated June 8, 2007, is attached as Exhibit 6. In this letter, I ask MGA and Bryant whether they are willing to amend the protective order to allow Mattel to designate some of its security measures (to the extent addressed at Mr. Kawashima's upcoming deposition) as subject to the third-tier of the protective order. I also state that if, however, neither MGA nor Bryant are willing to consider such an amendment, then Mattel requests a meeting of counsel on this issue as a predicate to moving for an appropriate protective order. I also asked that, alternatively, counsel please confirm that Bryant or MGA will not ask questions about recent and current Mattel security measures. Neither MGA nor Bryant responded, other than to demand that Mattel disclose the exact security measures it seeks to protect.

11.  A true and correct copy an e-mail message from Jim Jenal to me, dated June 15, 2007, is attached as Exhibit 7.

12. A true and correct copy of my letter to Jim Jenal, dated June 18. 2007, is attached as Exhibit 8. In this letter, I explained to MGA and Bryant's counsel that to require such Mattel to disclose the exact security measures Mattel seeks to protect before MGA or Bryant would consider Mattel's proposal defeats the purpose of the proposal.

13. A true and correct copy of the letter from Jim Jenal to me, dated June 18, 2007, is attached as Exhibit 9.

14. A true and correct of my e-mail message to Jim Jenal, including the attached Stipulation to Modify Protective Order, dated June 19, 2007, at 12:07 a.m., is attached as Exhibit 10. Neither MGA nor Bryant ever responded or informed me in any manner whether they would agree to the stipulation.

15. A true and correct copy of my letter to Jim Jenal, dated June 25, 2007, is attached as Exhibit 11. Neither MGA nor Bryant ever responded.

16. A true and correct copy of my letter to Jim Jenal, dated July 10, 2007, is attached as Exhibit 12. Neither MGA nor Bryant responded.

17. A true and correct copy of Jim Jenal's letter to me, dated July 23, 2007 (the "July 23rd Letter"), is attached as Exhibit 13.

18. A true and correct copy of my letter to Jim Jenal, dated July 27, 2007, is attached as Exhibit 14. In this letter I respond to the July 23rd Letter, and remind MGA that, despite MGA's written agreement (sent the night before Mr. Kawashima's deposition) to allow Mattel to designate the relevant portions of Mr. Kawashima's testimony as subject to the third-tier of the protective order, MGA refused to sign the stipulation modifying the protective order. I stated that as a result of MGA's refusal, I was forced to instruct Mr. Kawashima not to answer ten questions at his deposition. I also reminded MGA that I was prepared to terminate the deposition and seek a protective order pursuant to Rule 26 to prevent the disclosure of current Mattel trade secrets, but MGA preferred that the deposition

1 | continue, and it did. Finally, I asked that MGA provide a substantive response to
2 | whether MGA would sign the stipulation no later than July 30, 2007.
3 |     19. A true and correct copy of an e-mail message chain between
4 | myself and Jim Jenal, taking place over July 29 and 30, 2007, is attached as Exhibit
5 | 15. Mr. Jenal responds to my letter of July 27, 2007, but did not respond concerning
6 | whether MGA would sign the stipulation. In a last ditch effort to avoid motion
7 | practice, Mattel offered to meet and confer telephonically. MGA agreed to do so.
8 |     20. At the meet and confer session, MGA refused to discuss Mattel's
9 | stipulation.
10 |     I declare under penalty of perjury under the laws of the United States of
11 | America that the foregoing is true and correct.
12 |     Executed on July 30, 2007, at Los Angeles, California.

*[Signature]*
Jon D. Corey