## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on January 30, 2007, I served the attached ORDER GRANTING IN PART CARTER BRYANT AND MGA ENTERTAINMENT INC'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS AND 30(B)(6) DEPOSITIONS in the within action by e-mail addressed as follows:

| | | |
|---|---|---|
| Robert Millman Esq. | Littler Mendelson | rfmillman@littler.com |
| Douglas Wickham Esq. | Littler Mendelson | dwickham@littler.com |
| Keith Jacoby Esq. | Littler Mendelson | kjacoby@littler.com |
| Dominic Messiha Esq | Littler Mendelson | dmessiha@littler.com |
| Diba Restagar Esq. | Littler Mendelson | drastegar@littler.com |
| Michelle Park Esq. | Littler Mendelson | mpark@littler.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | jbq@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Valerie Nannery Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | valerienannery@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Morris Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgetmorris@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Dale Cendali Esq. | O'Melveny & Myers LLP | dcendali@omm.com |
| Diana Torres Esq. | O'Melveny & Myers LLP | dtorres@omm.com |
| James Jenal Esq. | O'Melveny & Myers LLP | jjenal@omm.com |
| Alicia Meyer Esq. | O'Melveny & Myers LLP | ameyer@omm.com |
| Jennifer Glad Esq. | O'Melveny & Myers LLP | jglad@omm.com |
| Benjamin Kim Esq. | O'Melveny & Myers LLP | bjkim@omm.com |
| Hamid Jabbar Esq. | O'Melveny & Myers LLP | hjabbar@omm.com |
| Johanna Schmitt Esq. | O'Melveny & Myers LLP | jschmitt@omm.com |
| Patricia Glaser Esq. | Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP | pglaser@chrismill.com |

EXHIBIT __3__, PAGE __55__

**Exhibit 4**

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

May 16, 2005

<u>VIA HAND DELIVERY</u>

Diana Torres, Esq.
Paula Ambrosini, Esq.
O'Melveny & Myers, LLP
400 South Hope Street
Los Angeles, California 90071

Douglas A. Wickham, Esq.
Keith A. Jacoby, Esq.
Littler Mendelson, P.C.
2049 Century Park East, 5th Floor
Los Angeles, California 90067

<u>Mattel, Inc. v. Bryant</u>

Dear Counsel:

Pursuant to the parties' Stipulation re Certain Discovery Issues that was filed on May 4, 2005, and the parties' agreements with respect to defendant Carter Bryant's Rule 30(b)(6) Notice of Deposition of Mattel, I write to inform you of Mattel's designees who we anticipate will be testifying regarding the topics narrowed by agreement.  The dates set forth after each witness' name indicates his or her general availability to be deposed.

**Electronic Information Topics (Topics 27-36, 47, 53)**

> Lynn Hartman (available in Phoenix, Arizona)
> Fred Kawashima
> Julie Marine
> Arnold Artavia

These individuals are generally available between June 13, 2005 and July 1, 2005.  Mr. Hartman will be made available in Phoenix, Arizona.  If Bryant wishes to depose Mr. Hartman at a location other than Arizona, then the parties will have to agree to a date for his deposition which may not be in the range referenced.

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 865 Third Avenue, 10th Floor, New York, New York 10022 | TEL 212-702-8000 FAX 212-702-8200
SAN FRANCISCO | 50 California Street, 6th Floor, San Francisco, California 94104 | TEL 415-986-5700 FAX 415-986-5701
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
SAN DIEGO | 9785 Towne Centre Drive, San Diego, California 92121 | TEL 858-812-3100 FAX 858-812-3101

EXHIBIT ___4___, PAGE _56_

**Bryant's Agreements with Mattel (Topics 1, 49-50)**

> Ramie Quick (July 11, 2005 - August 5, 2005)
> Kim Giordanella (July 11, 2005 - August 5, 2005)
> Lissa Inzer (July 11, 2005 - August 5, 2005)

**The Factual Basis for Bryant's Contractual and Non-Contractual Obligations to Mattel and Bryant's Breach Thereof  (Topics 2-6, 7, 22-23)**

> Sandy Yamamoto (July 11, 2005 - August 5, 2005)
> Ivy Ross (at the same time that she is deposed as a percipient witness) (available in New York, New York)
> Lily Martinez (May 20, 2005)

**Toon Teens (Topics 9, 38-40, 42-45)**

> Lily Martinez (May 20, 2005)

To the extent that Ms. Martinez's testimony may not suffice for the referenced topics, Mattel will consider whether another designee may be appropriate after Ms. Martinez's deposition.

**Mattel's Knowledge of Interviews for the 2003 Wall Street Journal Article (Topic 41)**

> Jules Andres (July 11-27, 2005)

**Bryant's Exit Interview (Topics 54-56)**

> Sandy Yamamoto (July 11, 2005 - August 5, 2005)

Mattel reserves the right to supplement this list and designate additional witnesses to address any of the topics set forth above.  Mattel will address under separate cover Bryant's overstatement in recent correspondence of the parties' agreement regarding the scope of the agreement regarding the withdrawal of and the narrowing of the topics as reflected in the transcript of the March 15, 2005 meeting of counsel.

EXHIBIT _4_, PAGE _57_

If you have any questions regarding the foregoing, please do not hesitate to call.

Best regards,

Jon D. Corey

07209/655388.1

3

EXHIBIT __4__ , PAGE __58__

**Exhibit  5**

CONFORMED COPY

1   Hon. Edward A. Infante (Ret.)
    JAMS
2   Two Embarcadero Center
    Suite 1500
3   San Francisco, California 94111
    Telephone:   (415) 774-2611
4   Facsimile:   (415) 982-5287

5

6                    UNITED STATES DISTRICT COURT

7                    CENTRAL DISTRICT OF CALIFORNIA

8                          EASTERN DIVISION

9

10                                    CASE NO. C 04-09049 SGL (RNBx)
                                      JAMS Reference No. 1100049530
11  CARTER BRYANT, an individual,

12              Plaintiff,
                                      Consolidated with
13        v.                          Case No. CV 04-09059
                                      Case No. CV 05-2727
14  MATTEL, INC., a Delaware corporation,
                                      ORDER MODIFYING PROTECTIVE
15              Defendant.            ORDER

16  CONSOLIDATED WITH
17  MATTEL, INC. v. BRYANT and
    MGA ENTERTAINMENT, INC. v. MATTEL,
18  INC.

19

20                          I. INTRODUCTION

21       Presently pending for decision is MGA Entertainment, Inc.'s ("MGA") and Carter

22  Bryant's ("Bryant") "Motion for Clarification Of The Discovery Master's January 25, 2007 Order

23  Or For Protective Order Pursuant to Rule 26(c)."  At issue is whether the January 25, 2007 Order

24

25

26

27

28  Bryant v. Mattel, Inc.,
    CV-04-09049 SGL (RNBx)                                              1

EXHIBIT _5_, PAGE _59_

1  ("Order") requires Bryant to produce drawings and designs in his possession that he created in

2  2006 or later[1] for products currently under development and not yet released to the public.

3  MGA and Bryant filed their motion on February 23, 2007; Mattel submitted an opposition brief

4  on March 2, 2007; and MGA and Bryant submitted a reply brief on March 7, 2007. The matter

5  was heard via telephonic conference on March 19, 2007, and taken under submission pending the

6  parties' submission of a stipulated protective order, which was received on April 23, 2007.

7        Having considered the motion papers and comments of counsel at the hearing, and for the

8  reasons set forth below, the motion for clarification of the Order is denied. There is good cause,

9  however, to modify the current protective order to further limit the disclosure of drawings and

10 designs for MGA products currently under development and not yet released to the public.

II. BACKGROUND

12       The Order that is the subject of this motion granted Mattel's motion to compel Bryant to

13 produce documents responsive to numerous document requests relating to the development of

14 Bratz and other projects that Bryant worked on for MGA. In ruling on Mattel's motion, the

15 Discovery Master rejected Bryant's relevancy and overbreadth objections to producing

16 documents relating to work that Bryant performed for MGA after the release of the First

17 Generation Bratz dolls on June 30, 2001.

18       Neither party specifically addressed whether Mattel was entitled to drawings and designs

19 for MGA products on which Bryant worked and that are currently under development and not yet

20 released to the public. Mattel has taken the position that the Order requires production of such

21 documents.

22       During the meet and confer process, MGA and Bryant requested that Mattel "agree to a

23 limitation on the disclosure of product drawings and designs for products in development until

24 after that product has been made available for public sale." Torres Decl., Ex. A. Mattel rejected

25

26 _____
   [1] MGA and Bryant's Reply Brief at 4:28-5:28, n. 4.

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)                                                        2

EXHIBIT ___5___, PAGE __60__

1   the proposal, asserting that the proposal "would allow Bryant and/or MGA to unilaterally deem

2   something to be 'in development' and thus not produce it, including for designs Bryant previously

3   created and to which Mattel may have rights." Torres Decl., Ex. A.  The parties had further

4   discussions regarding the disclosure of drawings and designs for products in development but

5   were unable to reach an agreement.

6        MGA and Bryant now request "a clarification that the Order does not require the

7   production of drawings or designs for products that have not yet been released."  MGA and

8   Bryant's Motion at 2:13-15.  In the alternative, MGA and Bryant move for a protective order

9   pursuant to Rule 26(c), Fed.R.Civ.P., providing that drawings or designs for products that have

10  not yet been released (1) need not be produced, or (2) shall be produced only after the products

11  have been released to the public, or (3) shall be produced under other very restrictive conditions

12  to protect their confidentiality.  MGA and Bryant contend that "[e]ven if some of the 'Bratz'

13  drawings that Bryant created for MGA after June 30, 2001, may be relevant to claims at issue in

14  this action, drawings for unreleased products are not."  MGA and Bryant's Motion at 4:28-5:2.

15  Further, they contend that such drawings are highly valuable trade secret documents whose

16  disclosure could severely jeopardize MGA's business.

17       Mattel opposes the motion on numerous grounds.  First, it contends that the motion for

18  clarification is, in effect, an improper motion for reconsideration that does not satisfy the

19  standards for reconsideration, and is another attempt to withhold highly probative evidence that

20  bears directly on Mattel's claims and defenses.  Mattel contends that the Order clearly requires

21  Bryant to produce his drawings, and that MGA and Bryant are now precluded from withholding

22  documents relating to unreleased products because they failed to raise the issue earlier.  Second,

23  Mattel asserts that drawings and designs for unreleased products are relevant to its claims for

24  breach of contract, breach of fiduciary duty, breach of the duty of loyalty, copyright infringement,

25  and misappropriation of trade secrets.  Third, Mattel contends that the protective order currently

26  in place, which addresses trade secret information in particular, is adequate to protect MGA and

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

3

EXHIBIT __5__, PAGE __61__

1   Bryant's interests.  Fourth, Mattel contends that the additional protections MGA and Bryant seek

2   under Rule 26(c), Fed.R.Civ.P., would hamstring its ability to investigate and prosecute its claims

3   and defend against MGA's claims.

4                                III. DISCUSSION

5   <u>A. The Order Requires Production of Drawings and Designs for Products Not Yet Released</u>

6         The Order clearly requires Bryant to produce all documents in his possession, custody or

7   control relating to Bratz and other products that Bryant has worked on with or for MGA.  Among

8   other things, the Order requires Bryant to produce documents responsive to Mattel's Request Nos.

9   12, 19, 40, 41, and 54.  Request No. 12 seeks production of all documents that refer or relate to

10   work or services that Bryant performed for or on behalf of MGA after October 20, 2000.  <u>See</u>

11   Zeller Decl., Ex. 4.  Request No. 19 seeks production of all documents that refer or relate to

12   designs that Bryant created, authored, produced, conceived of or reduced to practice after October

13   20, 2000 as purported "works-made-for-hire," whether in whole or in part for or on behalf of

14   MGA.  <u>Id.</u>  Request No. 40 seeks production of documents that refer or relate to Bryant's

15   participation in the conception, creation, design, development, sculpting, tooling, production or

16   manufacture of Bratz.  <u>Id.</u>  Request No. 41 seeks production of all documents that refer or relate

17   to designs for Bratz.  <u>Id.</u>  Request No. 54 seeks production of all prototypes, models, samples and

18   tangible items that refer or relate to Bratz.  <u>Id.</u>  Each of these requests covers drawings and

19   designs for Bratz products, regardless of when the drawings and designs were created or whether

20   the products to which they relate have been released.

21         Nowhere does the Order exempt, or even arguably exempt, from production responsive

22   documents relating to products that have not been released.  To the contrary, the Order rejects

23   Bryant's objections based upon relevancy and overbreadth.  In particular, the Order rejects

24   Bryant's "First Generation Bratz" limitation, which sought to limit discovery to only those

25   documents relating to the first dolls sold to the public in the summer of 2001.  Thus, under the

26

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

4

EXHIBIT  5  , PAGE  62

1    Order, Bryant is required to produce drawings and designs in his possession for products currently

2    under development and not yet released to the public.

3         Because the terms of the Order are clear, MGA's and Bryant's request for clarification of

4    the Order is denied.

5    B. There is Good Cause to Modify the Protective Order as to Drawings and Designs for Products

6    Not Yet Released

7         In the event that designs and drawings for unreleased products under development are

8    found relevant and within the scope of the Order, MGA and Bryant move in the alternative for a

9    protective order pursuant to Rule 26(c), Fed.R.Civ.P., that would provide additional protections

10   not available under the protective order currently in place.  More specifically, MGA and Bryant

11   seek either (1) an order that the designs and drawings for MGA's unreleased products not be

12   revealed at all; (2) an order delaying production of designs and drawings for MGA's unreleased

13   products until the products are released; (3) an order requiring the designs and drawings to be

14   placed in an escrow for an expert to review and prohibiting the expert from removing or copying

15   the documents; or (4) an order providing that the drawings and designs for unreleased products be

16   produced for inspection by only an independent expert at the offices of MGA's counsel, with no

17   copying, photographing or sketching permitted.  Because there is already a protective order in

18   place, MGA and Bryant's motion is construed as one for modification of the existing protective

19   order.[2]

20                              1. Rule 26 Standards

21        Rule 26 of the Federal Rules of Civil Procedure provides that "[p]arties may obtain

22   discovery regarding any matter, not privileged, that is relevant to the claim or defense of any

23

24   ───────────────────

25        [2] Mattel's contention that the present motion is an improper motion for reconsideration is without merit. To
     the extent MGA and Bryant seek protection under Rule 26(c), Fed.R.Civ.P., their motion raises issues that were not
26   within the scope of Mattel's motion to compel production of documents from Bryant.  Furthermore, paragraph 19 of
     the protective order currently in place provides that a party may, at any time, apply to the Court for a modification of
27   its terms.

28   Bryant v. Mattel, Inc.,
     CV-04-09049 SGL (RNBx)                                                          5

1  party." Fed.R.Civ.P. 26(b)(1). "Relevant information need not be admissible at trial if the

2  discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id.

3  Even when discovery is permissible under Rule 26(b)(1), however, discovery may be limited

4  pursuant to Rule 26(c), Fed.R.Civ.P., which provides for the issuance of a protective order upon

5  motion by a party that has conferred in good faith in an effort to resolve the dispute without court

6  action, and for good cause shown. Rule 26(c) provides for "any order which justice requires to

7  protect a party or person from annoyance, embarrassment, oppression or undue burden or

8  expense," including, among other things, "(1) that the disclosure or discovery not be had; (2) that

9  the discovery may be had only on specified terms and conditions, including a designation of the

10  time or place . . . (5) that the discovery be conducted with no one present except persons

11  designated by the court" and "(7) that a trade secret or other confidential research, development,

12  or commercial information not be revealed or revealed only in a designated way." In general, in

13  determining whether a protective order should issue for trade secrets, the Ninth Circuit requires

14  that a court balance the risk to the disclosing party of inadvertent disclosure of trade secrets to

15  competitors against the risk to the moving party that protection of the trade secret would impair

16  the prosecution of its claims. Brown Bag Software v. Symantec Corp., 960 F.2d 1465, 1470 (9th

17  Cir. 1992) (upholding protective order granting access to source code and other trade secret

18  materials to only an independent consultant).

19                          2. The Documents At Issue Are Relevant

20          In support of its motion for a protective order, MGA and Bryant contend that drawings

21  and designs for products not yet released to the public are not relevant to any of Mattel's claims.

22  As an initial matter, MGA and Bryant contend that Mattel cannot possibly have suffered a

23  cognizable injury relating to MGA's products that have not yet been released, and that Mattel has

24  never taken the position that such products are relevant. MGA and Bryant next contend that the

25  drawings and designs for unreleased products are not relevant to Mattel's counterclaim for

26  copyright infringement because that claim is premised on an allegation that Bryant created the

27

28
Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)                                                                    6

EXHIBIT __5__, PAGE __64__

1  original Bratz drawings while still employed at Mattel. MGA and Bryant similarly contend that

2  drawings and designs for products not yet released to the public are not relevant to Mattel's

3  original claim that Bryant breached his confidentiality obligations while still employed by Mattel.

4  Because Mattel's claims are based upon events occurring while Bryant was still employed by

5  Mattel, MGA and Bryant believe that drawings and designs for products currently under

6  development -- over six years after the termination of Bryant's employment at Mattel -- have no

7  relevance. MGA and Bryant further contend that the drawings and designs for products currently

8  under development are not relevant to Mattel's counterclaim for trade secret misappropriation.

9  MGA and Bryant reason that the trade secret claim is based on the alleged theft of business

10  information, not drawings and designs for products.

11       Consistent with the analysis previously set forth in the Order, the Discovery Master finds

12  that drawings and designs for unreleased products are relevant to Mattel's claims against Bryant.

13  Mattel claims that it owns works created by Bryant during his Mattel employment, regardless of

14  whether the works resulted in a Bratz doll released at a particular time. Further, Mattel's

15  complaint alleges that Bryant breached his confidentiality obligations while employed by Mattel.

16  As Mattel points out, Bryant has a continuing obligation not to use Mattel's confidential and

17  proprietary information.

18       Drawings and designs for unreleased products are also relevant to Mattel's copyright

19  infringement claim. It is true, as MGA and Bryant point out, that Mattel claims it owns

20  copyrights in Bratz works created by Bryant while still employed by Mattel. Mattel, however,

21  also asserts that Bryant has infringed Mattel's alleged copyrights in Bratz works through his

22  ongoing conduct of reproducing and creating derivative works.

23       Drawings and designs for unreleased products are also relevant to Mattel's counterclaim

24  for trade secret misappropriation. Among other things, Mattel alleges that MGA stole its future

25  line lists that detail the Barbie products that Mattel anticipated producing in 2004. Drawings of

26  unreleased MGA products that resemble unreleased products on Mattel's line lists may support

27

28

EXHIBIT ___5___, PAGE __65__

1   Mattel's allegation of trade secret misappropriation, even if the line list might potentially be

2   outdated.  Further, proof of trade secret theft is also relevant to Mattel's defense against MGA's

3   unfair competition claims.[3]

4       <u>3. The Drawings and Designs Are Entitled to Heightened Protection</u>

5       MGA and Bryant contend that drawings and designs for unreleased products fall squarely

6   within the category of trade secret information and should not be revealed at all, or in the

7   alternative, should not be revealed prior to release of the products.  They contend that there is

8   good cause for heightened protection for drawings and designs for unreleased products because

9   any relevance of such drawings and designs is marginal at best, and the potential damage to MGA

10  of any disclosure is substantial.  According to MGA and Bryant, there are thirteen lawyers at

11  Mattel's retained law firm who have recently been named in or on briefs submitted by Mattel.  In

12  addition, MGA and Bryant estimate that there are numerous other staff members and outside

13  vendors – such as copy services, couriers, court reporters, experts and their respective staffs—

14  who also handle documents in this case on a regular basis.  MGA and Bryant contend that the

15  current protective order allows disclosure to each of these groups of people, even for documents

16  restricted as "Confidential – Attorneys' Eyes Only."  Moreover, MGA and Bryant contend that

17  Mattel has a practice of summarizing or paraphrasing contents of confidential documents or

18  testimony in briefs and other papers filed with the Court.  MGA and Bryant suspect that Mattel

19  may follow this practice with respect to drawings and designs of unreleased products, and thereby

20  release MGA's trade secret information to the public.

21      Mattel opposes any modification of the existing protective order, asserting that the parties

22  contemplated exchanging trade secret information, including "non-public information relating to

23

24      [3] MGA and Bryant's contention that discovery of drawings and designs for unreleased products is barred

25  unless and until Mattel complies with California Code of Civil Procedure section 2019.210 is without merit.
    Drawings and designs for unreleased products are relevant to claims other than the trade secret misappropriation

26  claim, such as Mattel's claim for copyright infringement.  Furthermore, the case relied upon by MGA and Bryant,
    <u>Advanced Modular Sputtering, Inc. v. Superior Court</u>, 132 Cal.App.4[th] 826 (2nd Dist. 2005), is distinguishable from

27  the present case in that not all of Mattel's claims are "factually dependent" on the trade secret claim.

28
    Bryant v. Mattel, Inc.,
    CV-04-09049 SGL (RNBx)

EXHIBIT ___5___, PAGE 66

1   product development and design,"[4] and agreed to certain safeguards for trade secret information.

2   Mattel contends that there is little to no risk of unwarranted disclosure of MGA's trade secrets

3   because Mattel's in-house counsel and employees are not permitted to inspect or know the

4   contents of documents designated as "Confidential--Attorneys' Eyes Only." Mattel also denies

5   disclosing MGA's confidential information in briefs filed with the court.

6        Mattel's argument that MGA is limited to the terms of the current protective order is

7   without merit. The current protective order was negotiated by the parties at the inception of the

8   case, well before all of the claims and defenses were established. At that time, the parties did not

9   fully understand or foresee what documents and trade secrets would be relevant and discoverable

10  under Rule 26, Fed.R.Civ.P. Moreover, paragraph 19 of the protective order provides that a party

11  may, at any time, apply to the court for a modification of its terms.

12       On balance, there is good cause for heightened protection for drawings and designs for

13  unreleased products. MGA and Mattel are direct competitors. MGA has submitted the

14  declaration of Paula Garcia to support its claim of trade secrets. Ms. Garcia is the Vice President

15  of Product Design and Development and is responsible for the design and development of Bratz

16  products. She states that "[w]ithout question, a toy manufacturer's unreleased toy concepts . . .

17  are among its most highly valuable trade secrets." Garcia Decl. at ¶4. She states that "[a]lthough

18  such drawings and designs are valuable even after the product's public release, their value is

19  enormous prior to their public release because it is the new ideas and designs that are most likely

20  to generate new sales." Id. She further states that MGA protects its product designs and drawings

21  by using confidentiality agreements, computer passwords, and security guards. She also states

22  that vendors, manufacturers, suppliers and other third parties who may see a product design late in

23  the development process are required to sign strict confidentiality agreements. Ms. Garcia states

24  that "MGA's drawings for some of its yet-unreleased 'Bratz' products are even more closely

25

26  _____

    [4] Protective Order at 2-3.

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)                                                                    9

EXHIBIT __5__, PAGE _67_

1   protected." Id. at ¶6.  More specifically, she declares that when MGA begins to develop a new
2   Bratz line, only a very limited number of people know about it.  Further, Ms. Garcia asserts, "[i]n
3   fact, with respect to some 'Bratz' products, Carter Bryant and I are the only people who know
4   what the concept is and who see the early product drawings.  Even after I approve and we have
5   finalized the concept, only a small number of people on the 'Bratz' development team have
6   exposure to the drawings." Id.  Thus, drawings and designs for MGA products not yet released to
7   the public are unquestionably valuable trade secret information.

8        Although the protective order currently in place provides for two tiers of protection, MGA
9   points out that even under the higher "Confidential – Attorneys' Eyes Only" tier, MGA's
10  drawings and designs for unreleased products could be disclosed to at least thirteen of Mattel's
11  lawyers, as well as staff members, and also outside vendors such as copy services, court reporters,
12  experts and their staff.  Given the number of people involved in the case, MGA is justifiably
13  concerned about the possibility of inadvertent disclosures of trade secrets that could lead to
14  substantial economic injury.

15       In comparison to the potential risk of harm to MGA, Mattel's need for drawings and
16  designs for unreleased products is relatively small.  Mattel's claims and defenses are centered
17  upon Bryant's conduct during his employment at Mattel, which ended in October of 2000, and
18  events leading up to the release of the First Generation of Bratz dolls in the summer of 2001.
19  Although the lawsuit is much broader than the First Generation of Bratz dolls, events occurring
20  after the summer of 2001 become less relevant as more time passes.  Approximately six years
21  have passed since the launch of the First Generation Bratz dolls.  Furthermore, for purposes of
22  determining damages, drawings and designs for released products are far more relevant than
23  drawings and designs for yet unreleased products.  Indeed, as MGA and Bryant point out, it is
24  unlikely that Mattel could have suffered any cognizable injury from MGA products that have not
25  yet been released.

26

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

10

EXHIBIT __5__, PAGE 68

1    In summary, the potential for inadvertent disclosure under the terms of the existing

2  protective order outweighs Mattel's need for drawings and designs for unreleased products.

3  Accordingly, MGA and Bryant are entitled to additional protective measures to prevent

4  inadvertent disclosure of drawings and designs for unreleased products.

5    ### 4. Delaying Production of Drawings and Designs Until

6    ### Products Are Released Would Impair Mattel's Ability To Prosecute Its Claims

7    MGA and Bryant seek a protective order delaying production of drawings and designs for

8  products under development until the products are actually released.  MGA and Bryant anticipate

9  releasing products in the fall of 2007 and the spring of 2008.  MGA and Bryant's Reply at 4:26-

10 28.  MGA and Bryant contend that production of drawings and designs for products under

11 development prior to their release date would impose an unwarranted burden for two reasons.

12 First, MGA and Bryant assert that Mattel's requests are broad.  Second, they contend that

13 requiring production of drawings and designs would be disruptive to the product development

14 process.  They explain that the creative process is fluid, constant, and extremely rapid.  They

15 explain that for some Bratz products, Bryant may create and develop scores of drawings that are

16 modified and improved throughout the development cycle.  Further, MGA often goes back to, or

17 builds on, prior drawings.  MGA and Bryant contend that "to be forced to turn over these

18 drawings throughout the development process before the product line is finalized, particularly as

19 MGA is operating under such short development cycles, would not only substantially compromise

20 the strict confidentiality measures that MGA has in place but would be extremely disruptive to its

21 ability to do business and therefore significantly impact its ability to compete."  MGA and

22 Bryant's Motion at 11:16-22.

23    MGA and Bryant's proposal to delay production until products are released is unworkable.

24 Although MGA anticipates releasing products in the fall of 2007 and the spring of 2008, there is

25 no guarantee that MGA will meet those release dates.  If there are delays in the release dates,

26 Mattel might not have sufficient time to review the drawings and designs and conduct follow up

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

11

EXHIBIT ___5___, PAGE 69

1    discovery under the current schedule.  Trial on Mattel's original claims is scheduled for February

2    of 2008, and trial on MGA's claims and Mattel's counterclaims is scheduled for July of 2008.

3    In light of the trial schedule, any delay beyond June 29, 2007 would unduly prejudice Mattel's

4    ability to prepare for trial.

5                                  5. Additional Procedures

6          At the hearing, the parties represented that they would submit a stipulation and proposed

7    order with additional terms governing the production of drawings and designs for MGA's

8    products that are under development.  On April 23, 2007, the parties submitted a stipulation and

9    proposed order.  The parties stipulated to define "Subject Documents" as "documents (defined to

10   include both tangible items and electronic data) created after January 1, 2006 that pertain to

11   products which are currently unreleased and scheduled for public release in 2007 or 2008 and

12   that constitute highly sensitive trade secrets of the producing Party." Stipulation and Proposed

13   Order at ¶1.  The main terms of the stipulation are as follows:

14         1. That "Subject Documents" may be withheld from production to the other parties until

15   June 29, 2007.  Id. at ¶2.

16         2. That "Subject Documents" may be designated as "Highly Confidential – Restricted

17   Attorneys' Eyes Only," and that documents so designated "shall not be disclosed in any way to,

18   nor their contents summarized or discussed in substance with, any person other than:  (i) up to

19   three attorneys at the receiving Party's outside law firm; (ii) such independent, outside expert(s)

20   for the receiving Party who outside counsel deems necessary to show such documents for

21   purposes of providing expert opinion or expert testimony; (iii) one assistant or paralegal for each

22   Party . . . (iv) the Court, including the Discovery Master and other personnel identified in

23   paragraphs 6(g) and 7 of the Protective Order; (v) the authors, senders, addressees and

24   designated copy recipients of any document designated 'Highly Confidential – Restricted

25   Attorneys' Eyes Only'; and (vi) such other persons as may be consented to in writing or on the

26

27

28
     Bryant v. Mattel, Inc.,                                                    12
     CV-04-09049 SGL (RNBx)

EXHIBIT ____5____, PAGE __70__

1   record by the Party designating such documents 'Highly Confidential – Restricted Attorneys'
2   Eyes Only.'" Id. at ¶3(b).

3       3. That "[d]ocuments designated as 'Highly Confidential – Restricted Attorneys' Eyes
4   Only' shall not be copied except to create one archival file copy, one working copy for the
5   designated attorneys and/or any designated expert, or for use as exhibits at deposition or trial or
6   in filings with the Court, including the Discovery Master." Id. at ¶3(d).

7       4. That "[e]ach receiving Party's original copy set and all copies of Subject Documents,
8   including any copies for use as exhibits or in motion practice, shall be maintained in a secure,
9   locked file at all times when not physically being used by the receiving party's counsel or
10  expert." Id. at ¶3(e); and

11      5. That the producing Party "shall re-designate or de-designate Subject Documents
12  relating to a product within fourteen (14) days of the following events, whichever occurs earlier:
13  (a) the production is first shipped, or (b) the product is first disclosed to a third party without an
14  express confidentiality agreement." Id. at ¶4

15      Good cause appearing, the stipulation is hereby approved and shall be entered as a
16  separate order of the court.

17                          V. CONCLUSION

18      For the reasons set forth above, MGA and Bryant's motion for clarification of the Order is
19  denied. MGA and Bryant's alternative motion for a protective order pursuant to Rule 26(c),
20  Fed.R.Civ.P., is granted. The parties shall abide by the terms of the stipulation and order to
21  modify the protective order.

22      Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery
23  Master, MGA shall file this Order with the Clerk of Court forthwith.
24  Dated: May 15, 2007

                                        HON. EDWARD A. INFANTE (Ret.)
25                                          Discovery Master

26
27
28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)                                               13

EXHIBIT ___5___, PAGE _71_

## PROOF OF SERVICE BY E-MAIL

I, Anthony Sales, not a party to the within action, hereby declare that on May 15, 2007, I served the attached ORDER MODIFYING PROTECTIVE ORDER in the within action by e-mail addressed as follows:

| | | |
|---|---|---|
| Robert Millman Esq. | Littler Mendelson | rfmillman@littler.com |
| Douglas Wickham Esq. | Littler Mendelson | dwickham@littler.com |
| Keith Jacoby Esq. | Littler Mendelson | kjacoby@littler.com |
| Dominic Messiha Esq | Littler Mendelson | dmessiha@littler.com |
| Diba Rastegar Esq. | Littler Mendelson | drastegar@littler.com |
| Michelle Park Esq. | Littler Mendelson | mpark@littler.com |
| Alaya B. Meyers, Esq. | Littler Mendelson | ameyers@littler.com |
| Brady Mitchell, Esq. | Littler Mendelson | bmitchell@littler.com |
| Carol Miller, Esq. | Littler Mendelson | cmiller@littler.com |
| Ryan P. Eskin, Esq. | Littler Mendelson | reskin@littler.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | jbq@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Morris Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgetmorris@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| Dale Cendali Esq. | O'Melveny & Myers LLP | dcendali@omm.com |
| Diana Torres Esq. | O'Melveny & Myers LLP | dtorres@omm.com |
| James Jenal Esq. | O'Melveny & Myers LLP | jjenal@omm.com |
| Alicia Meyer Esq. | O'Melveny & Myers LLP | ameyer@omm.com |
| Jennifer Glad Esq. | O'Melveny & Myers LLP | jglad@omm.com |
| David Hurwitz, Esq. | O'Melveny & Myers LLP | dhurwitz@omm.com |
| Johanna Schmitt Esq. | O'Melveny & Myers LLP | jschmitt@omm.com |
| Patricia Glaser Esq. | Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP | pglaser@chrisglase.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on May 15, 2007, at San Francisco, California.

Anthony Sales

EXHIBIT ___5___, PAGE __72__

**Exhibit 6**

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

June 8, 2007

<u>VIA FACSIMILE AND U.S. MAIL</u>

Jim Jenal, Esq.
O'Melveny & Myers, LLP
600 South Hope Street
Los Angeles, California 90071

Re:     <u>Mattel, Inc. v. Bryant</u>

Dear Jim:

I am now out of trial and apologize for the delay in responding to your recent correspondence and e-mail messages regarding deposition scheduling earlier.  I am also writing pursuant to Paragraph 5 of the Court's Order for the Appointment of a Discovery Master to request a meeting of counsel in advance of a motion for a protective order.

With respect to dates for Mattel designees Ms. Marine and Mr. Palmer, neither is available on June 22. Ms. Marine, however, is available the morning of June 26 and Mr. Palmer can be available that afternoon.  We can start early to ensure that both depositions can be completed that day, as the scope of their topics are both narrow and, in Ms. Marine's case, duplicative of her prior testimony.

Mattel designee Mr. Kawashima can be available on June 19.  I will also use this opportunity to respond to your e-mail regarding Mattel's request to amend the protective order to allow Mattel to designate some of its security measures (to the extent addressed at Mr. Kawashima's upcoming deposition) as subject to the third-tier of the protective order.  While Mattel will not seek to designate the type of information contained in Mr. Kawashima's prior testimony as a Mattel designee as subject to a third-tier of confidentiality, certain Mattel security measures may, in Mattel's view, require such protection.  I expect that your client may take a similar view.  If, however, neither MGA nor Bryant are willing to consider such an amendment, then Mattel

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 335 Madison Avenue, 17th Floor, New York, New York 10017 | TEL 212-702-8100 FAX 212-702-8200
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94104 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
PALM SPRINGS | 45-025 Manitou Drive, Suite 10, Indian Wells, California 92210 | TEL 760-345-4757 FAX 760-345-2414
SAN DIEGO | 4445 Eastgate Mall, Suite 200, San Diego, California 92121 | TEL 858-812-3107 FAX 858-812-3336

EXHIBIT __6__ PAGE **73**

requests a meeting of counsel on this issue as a predicate to moving for an appropriate protective order. Alternatively, please confirm that Bryant or MGA will not ask questions about recent and current Mattel security measures.

Finally, I understand that MGA has confirmed that the designee regarding the electronic information topics will be produced for deposition on June 14 and 15, 2007. As I am sure you are also aware, Mattel propounded document requests seeking information regarding MGA's electronic information systems. Please confirm that MGA will produce non-privileged documents responsive to those requests prior to the deposition. I look forward to your prompt response.

If you have any questions regarding the foregoing, please do not hesitate to call.

Best regards,

Jon Corey

JDC:jcl
07209/2138393.1

cc:     Michael Page, Esq. (via facsimile)
        Diana Torres, Esq. (via facsimile)

2

EXHIBIT __6__, PAGE __74__

**Exhibit 7**

## Jenal, Jim

| | |
|---|---|
| **From:** | Jenal, Jim |
| **Sent:** | Friday, June 15, 2007 2:26 PM |
| **To:** | Jon Corey; Michael T Zeller; Timothy Alger |
| **Cc:** | Michael Page; Torres, Diana; Glad, Jennifer; Cendali, Dale |
| **Subject:** | Your letter re: Kawashima |
| **Importance:** | High |

Jon --

I received your letter, apparently dated June 8, only yesterday (June 14) after the Lockhart depo and I am writing regarding your request for an amendment to the protective order that would apply to the upcoming deposition of Mr. Kawashima. Although you make vague references to "Mattel security measures" there is nothing in your letter that explains why testimony regarding such measures would rise to the level of AEO, let alone some more stringent protection level, such as has only been applied to information about not yet brought to market products.

Indeed, we know from the Mattel security files that have been produced, that while Mattel apparently routinely engages in surveillance of its own employees as well as its competitors, the bulk of those documents could not even be designated AEO and Mattel was forced when pressed to redesignate those files non-AEO.

What could Mr. Kawashima testify about that would be such a trade secret?  Doe Mattel monitor the email of all of its employees?  Is it engaged in packet sniffing of Internet traffic of its competitors?  Is keystroke logging directed at every computer associated with the Mattel domain?  These may be embarrassing facts to have to disclose, but they are not trade secrets, and to the extent that they constitute illegal conduct, certainly not protectable at all.  At this point we can only speculate as Mattel has not offered any specifics.

Your letter refers to a proposed amendment, but did not provide a copy of same. If Mattel is serious about requesting MGA and Bryant to stipulate to a proposed amendment, please forward a copy to us immediately and we will get you our thoughts.

Jim Jenal
for O'Melveny & Myers LLP

IMPORTANT NOTE: This message and any attached documents contain information from the law firm of O'Melveny & Myers LLP that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message. Thank you for your assistance.

EXHIBIT __7__, PAGE __75__

**Exhibit  8**

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

June 18, 2007

<u>VIA FACSIMILE AND U.S. MAIL</u>

Jim Jenal, Esq.
O'Melveny & Myers, LLP
600 South Hope Street
Los Angeles, California 90071

Re:   <u>Mattel, Inc. v. Bryant</u>

Dear Jim:

I write in response to your e-mail message of Friday, June 15, 2007, which responds to my June 8, 2007 letter.

First, MGA's position appears to be that MGA will not agree to an amendment to the protective order until Mattel discloses the exact security measures it seeks to protect (and I will not dignify your unfounded speculation of what those security measures may be with a response). Mattel made no request that MGA disclose its pre-release product documents before considering a whether they warranted a heightened level of protection. Further, requiring the disclosure of specific security measures before MGA will consider Mattel's proposal defeats the purpose of the proposal.

Second, I will send a proposed stipulation under separate cover, but as I have repeatedly explained, Mattel proposes a modification to the operative protective order to allow the designation of certain security measures taken by any party to preserve or maintain the confidentiality of that party's trade secrets and other confidential or proprietary information from that party's competitors as "Highly Confidential-Restricted Attorneys' Eyes Only" as set forth on pages 12 and 13 of Judge Infante's May 15, 2007 Order Modifying Protective Order and in the Stipulation to Modify Protective Order, which Judge Infante "so ordered" on April 23, 2007. MGA has not yet said whether it would consider such a proposal, even conceptually.

**quinn emanuel urquhart oliver & hedges, llp**

EXHIBIT ____8____, PAGE __76__

NEW YORK | 335 Madison Avenue, 17th Floor, New York, New York 10017 | TEL 212-702-8100 FAX 212-702-8200
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94104 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
PALM SPRINGS | 45-025 Manitou Drive, Suite 10, Indian Wells, California 92210 | TEL 760-345-4757 FAX 760-345-2414
SAN DIEGO | 4445 Eastgate Mall, Suite 200, San Diego, California 92121 | TEL 858-812-3107 FAX 858-812-3336

Finally, while Mattel hoped to have this issue resolved before the deposition of Mattel designee
Mr. Kawashima, because it is not resolved, please be advised that Mr. Kawashima will not
testify about certain Mattel security measures to the extent that they may overlap, if at all, with
the questions asked.  If necessary, and I hope that it is not, Mattel will suspend the deposition
and move for a protective order pursuant to Rule 26 so that Judge Infante may resolve this issue.

If you have any questions regarding the foregoing, please do not hesitate to call.

Best regards,

Jon D. Corey

JDC:jcl
07209/2032533.1

cc:     Diana Torres, Esq. (via facsimile)
        Michael Page, Esq. (via facsimile)

2

EXHIBIT ___8___, PAGE _77_

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

<u>NEW YORK</u>
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

<u>LOS ANGELES</u>
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

<u>SAN FRANCISCO</u>
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

<u>SILICON VALLEY</u>
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100



## LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

**DATE:**   June 18, 2007

**NUMBER OF PAGES, INCLUDING COVER: 3**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Michael H. Page, Esq.<br>**Keker & Van Nest, LLP** | (415) 391-5400 | (415) 397-7188 |
| Diana Torres, Esq.<br>**O'Melveny & Myers, LLP** | (213) 430-6000 | (213) 430-6407 |
| Jim Jenal<br>**O'Melveny & Myers, LLP** | (213) 430-6000 | 213-430-6407 |

**FROM:**   Jon Corey

**RE:**   *Bryant v. Mattel*

**MESSAGE:**

07209/2119865.1

| | | ROUTE/ | | ☒ CONFIRM FAX |
|---|---|---|---|---|
| CLIENT # | 7209 | RETURN TO: | J. Lopez/10 | ☒ INCLUDE CONF. REPORT |
| OPERATOR: | | | CONFIRMED? | ☐ NO  ☐ YES: _____ |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.**

EXHIBIT ___   PAGE 78

Job number    : 484        *** SEND SUCCESSFUL

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

### LOS ANGELES OFFICE
# FACSIMILE TRANSMISSION

**DATE:** June 18, 2007

**NUMBER OF PAGES, INCLUDING COVER: 3**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Michael H. Page, Esq. Keker & Van Nest, LLP | (415) 391-5400 | (415) 397-7188 |
| Diana Torres, Esq. O'Melveny & Myers, LLP | (213) 430-6000 | (213) 430-6407 |
| Jim Jenal O'Melveny & Myers, LLP | (213) 430-6000 | 213-430-6407 |

**FROM:**    Jon Corey

**RE:**    *Bryant v. Mattel*

**MESSAGE:**

0720W/2119863.1

| CLIENT # | 7209 | ROUTE/ RETURN TO: | J. Lopez/10 | ☒ CONFIRM FAX ☒ INCLUDE CONF. REPORT |
|---|---|---|---|---|
| OPERATOR: | | | CONFIRMED? ☐ NO ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

EXHIBIT ___8___, PAGE __79__

# Group Send Report

```
Page      : 001
Date & Time: 06-18-2007   12:36pm
Line 1    : 2134433100
Line 2    :
Machine ID : QUINN EMANUEL
```

Job number          :   484

Date                :   06-18  12:33pm

Number of pages     :   003

Start time          :   06-18  12:33pm

End time            :   06-18  12:36pm

Successful nbrs.

    Fax numbers

        ☎1✱14153977188
        ☎1✱12134306407
        ☎1✱12134306407

Unsuccessful nbrs.                                          Pages sent

EXHIBIT ____8____, PAGE __80__

**Exhibit 9**

Received:   6/18/07   6:55
06/18/2007 18:43 FAX                                    -> QUINN    NUEL;   Page 1

☑001/003

# O'MELVENY & MYERS LLP

400 South Hope Street
Los Angeles, California 90071-2899

TELEPHONE (213) 430-6000
FACSIMILE (213) 430-6407

## FAX TRANSMITTAL

| | | |
|---|---|---|
| **DATE & TIME:** Monday, June 18, 2007 | | **TOTAL NUMBER OF PAGES:** 3 |

| **TO:** | **FAX NUMBER:** | **TELEPHONE NUMBER:** |
|---|---|---|
| Jon Corey – QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP | (213) 443-3100 | (213) 443-3000 |
| Michael H. Page – KEKER & VAN NEST LLP | 415-397-7188 | 415-391-5400 |

| **FROM:** | **RETURN FAX NUMBER:** | **TELEPHONE NUMBER:** |
|---|---|---|
| James P. Jenal | (213) 430-6407 | (213) 430-6389 |

## MESSAGE

JUN 18 '07 PM 6:38

**IF YOU DID NOT RECEIVE ALL PAGES, PLEASE CALL OUR FAX DEPARTMENT AT (213) 430-6357.**

| | | | |
|---|---|---|---|
| **FILE NO.:** | 527,436-004 | **RETURN ORIGINAL TO:** | C. Kelley Canning |
| **USER NO.:** | 15823 | **EXTENSION:** | 6564 |
| **RESPONSIBLE ATTY NAME:** | Chris D. Nguyen | **LOCATION:** | 11S6 |
| **SPECIAL INSTRUCTIONS:** | | | |

EXHIBIT 9, PAGE 81

This document is intended for the exclusive use of the addressee. It may contain privileged, confidential, or non-disclosable information. If you are not the addressee, or someone responsible for delivering this document to the addressee, you may not read, copy, or distribute it. If you have received this document by mistake, please call us promptly and securely dispose of it. Thank you.

O

## O'MELVENY & MYERS LLP

| | | |
|---|---|---|
| BEIJING | 400 South Hope Street | NEW YORK |
| BRUSSELS | Los Angeles, California 90071-2899 | SAN FRANCISCO |
| CENTURY CITY | | SHANGHAI |
| HONG KONG | TELEPHONE (213) 430-6000 | SILICON VALLEY |
| LONDON | FACSIMILE (213) 430-6407 | TOKYO |
| NEWPORT BEACH | www.omm.com | WASHINGTON, D.C. |

June 18, 2007

OUR FILE NUMBER
527,436-4

### VIA U.S. MAIL AND FACSIMILE (213) 443-3100

WRITER'S DIRECT DIAL
(213) 430-6584

Jon Corey, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 S Figueroa Street
Los Angeles, California 90017

WRITER'S E-MAIL ADDRESS
jjenal@omm.com

Re:    *Mattel, Inc. v. MGA Entertainment, Inc.*

Dear Jon:

I am writing in response to your letter of this day concerning Mattel's desire to apply a level of protection to the upcoming Kawashima deposition that had previously been reserved for the disclosure of documents related to as yet unreleased products. Your letter contains multiple inaccuracies but only one bears addressing at this moment. Contrary to your assertion that "MGA has not yet said whether it would consider such a proposal, even conceptually" –my email to you last Friday expressly requested that your provide us with a copy of Mattel's proposed amendment so that we could evaluate it. (A copy of my email to you is attached.) Despite that request last Friday, and despite your claim in your letter this morning, we have still not seen the proposed amendment – making it difficult to agree to its terms.

Nevertheless, in the interest of moving this forward, and in the hopes of avoiding yet another pointless motion before Judge Infante, MGA would propose the following: during tomorrow's deposition, Mattel may designate selected portions of Mr. Kawashima's testimony in accordance with the existing "third-tier" protections in the parties' previously amended protective order – subject to MGA's right to move for a re-designation of that testimony as provided for in the protective order. We trust that resolve's Mattel's concerns and we anticipate full and complete testimony from Mattel's designee tomorrow.

Best regards,

James P. Jenal
for O'MELVENY & MYERS LLP

LA2:834665.1

EXHIBIT ___9___, PAGE __82__

## Jenal, Jim

| | |
|---|---|
| **From:** | Jenal, Jim |
| **Sent:** | Friday, June 15, 2007 2:26 PM |
| **To:** | Jon Corey; Michael T Zeller; Timothy Alger |
| **Cc:** | Michael Page; Torres, Diana; Glad, Jennifer; Cendali, Dale |
| **Subject:** | Your letter re: Kawashima |
| **Importance:** | High |

Jon ---

I received your letter, apparently dated June 8, only yesterday (June 14) after the Lockhart depo and I am writing regarding your request for an amendment to the protective order that would apply to the upcoming deposition of Mr. Kawashima. Although you make vague references to "Mattel security measures" there is nothing in your letter that explains why testimony regarding such measures would rise to the level of AEO, let alone some more stringent protection level, such as has only been applied to information about not yet brought to market products.

Indeed, we know from the Mattel security files that have been produced, that while Mattel apparently routinely engages in surveillance of its own employees as well as its competitors, the bulk of those documents could not even be designated AEO and Mattel was forced when pressed to redesignate those files non-AEO.

What could Mr. Kawashima testify about that would be such a trade secret? Doe Mattel monitor the email of all of its employees? Is it engaged in packet sniffing of Internet traffic of its competitors? Is keystroke logging directed at every computer associated with the Mattel domain? These may be embarrassing facts to have to disclose, but they are not trade secrets, and to the extent that they constitute illegal conduct, certainly not protectable at all. At this point we can only speculate as Mattel has not offered any specifics.

Your letter refers to a proposed amendment, but did not provide a copy of same. If Mattel is serious about requesting MGA and Bryant to stipulate to a proposed amendment, please forward a copy to us immediately and we will get you our thoughts.

Jim Jenal
for O'Melveny & Myers LLP

PORTANT NOTE: This message and any attached documents contain information from the law firm of O'Melveny & Myers LLP that may be confidential d/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in or, please notify the sender immediately by reply e-mail and then delete this message. Thank you for your assistance.

EXHIBIT __9__, PAGE **83**

**Exhibit 10**

**From:** Jon Corey
**Sent:** Tuesday, June 19, 2007 12:07 AM
**To:** Jenal, Jim
**Cc:** Torres, Diana; Michael T Zeller; mpage@kvn.com
**Subject:** Mattel v. Bryant

Jim,

Attached is a proposed stipulation governing the disclosure of security measures taken by our respective clients. If this can be signed before Mr. Kawashima's deposition testimony tomorrow morning, that should address Mattel's concerns.  As you will see, there are few changes from those that appeared in the stipulation governing MGA's unreleased products.  If you have any questions regarding the foregoing, please do not hesitate to call.

Best regards,

EXHIBIT ___*10*___, PAGE __*84*__



UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTEL, INC., a Delaware Corporation,<br><br>           Plaintiff,<br><br>    v.<br><br>CARTER BRYANT, an individual, MGA ENTERTAINMENT INC., a California corporation, and DOES 1 through 10, inclusive,<br><br>           Defendants, | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>**DISCOVERY MATTER**<br><br>Hon. Edward A. Infante (Ret.)<br><br>Discovery Master<br><br>**SECOND STIPULATION TO MODIFY PROTECTIVE ORDER; AND**<br><br>**[PROPOSED] ORDER THEREON**<br><br>Discovery Cut-Off:  October 22, 2007<br>Pre-Trial Conference;  January 14, 2008<br>Trial Date:  February 12, 2008 |

EXHIBIT __10__, PAGE __85__

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 90378)
2    (johnquinn@quinnemanuel.com)
     Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
6  Facsimile: (213) 443-3100

7  Attorneys for Mattel, Inc.

8  LITTLER MENDELSON
     Robert F. Millman (Bar No. 062152)
9    Douglas A. Wickham (Bar No. 1268)
     Keith A. Jacoby (Bar No. 150233)
10 2049 Century Park East, 5th Floor
   Los Angeles, California 90067-3107
11 Telephone: (310) 553-0308
   Facsimile: (310) 553-5583

12

13 Attorneys for Carter Bryant

14 O'MELVENY & MYERS LLP
     Diana M. Torres (Bar No. 162284)
15 400 S. Hope Street
   Los Angeles, California 90017
16 Telephone: (213) 430-6000
   Facsimile: (213) 430-6407

17 O'MELVENY & MYERS JJ.P
     Dale Cendali
18 Times Square Tower
   7 Times Square
19 New York, NY 10036

20 CHRISTENSEN, GLASS, FINK, JACOBS WEIL & SHAPIRO, LLP
     Patricia Glaser (Bar No. 55668)
21 10250 Constellation Boulevard, 19th Floor
   Los Angeles CA 90067
22 Telephone: 310) 553-3000
   Facsimile: (10) 556-2920

23

24 Attorneys for MGA Entertainment, Inc.

25

26

27

28

EXHIBIT _10_, PAGE _86_

Case No. CV 04-09049 SGL (RNBx)

SECOND STIPULATION TO MODIFY PROTECTIVE ORDER AND ORDER THEREON

07209/2146909.1

1    Mattel, Inc. ("Mattel");  Carter Bryant and MGA Entertainment, Inc.

2   ("MGA") (collectively, "Parties"), and through their respective counsel of record,

3   hereby stipulate and agree as follows:

4        1.    As used herein, "Security Evidence" means testimony, written

5   discovery responses and documents (defined to include both tangible items and

6   electronic data) that refer or relate to security measures taken by any party to

7   preserve or maintain the confidentiality of that party's trade secrets and to preven the

8   theft or disclosure of confidential or proprietary information to a party's competitors.

9        2.    A producing Party may designate Security Evidence as

10   "HIGHLY CONFIDENTIAL--RESTRICTED ATTORNEYS' EYES ONLY."

11        (a)    Subject Evidence designated as "HIGHLY CONFIDENTIAL--

12   RESTRICTED ATTORNEYS' EYES ONLY" shall be so designated in the manner

13   set forth in paragraph 3 of the Protective Order.

14        (b)    Documents designated as "HIGHLY CONFIDENTIAL--

15   RESTRICTED ATTORNEYS' EYES ONLY" shall not be disclosed in any way to,

16   nor their contents summarized or discussed in substance with, any person other than:

17   (i) up to three attorneys at the receiving Party's outside law firm; (ii) such

18   independent, outside expert(s) for the receiving Party who outside counsel deems

19   necessary to show such documents for purposes of providing expert opinion or

20   expert testimony; (iii) one assistant or paralegal for each Party (for the purposes of

21   photocopying and maintaining files as set forth in subparagraph (d) below); (iv) the

22   Court, including the Discovery Master, and other personnel identified in

23   paragraphs 6(g) and 7 of the Protective Order; (v) the authors, senders, addressees

24   and designated copy recipients of any document designated "HIGHLY

25   CONFIDENTIAL--RESTRICTED ATTORNEYS' EYES ONLY"; and (vi) such

26   other persons as may be consented to in writing or on the record by the Party

27   designating such documents "HIGHLY CONFIDENTIAL--RESTRICTED

28   ATTORNEYS' EYES ONLY."

EXHIBIT __10__, PAGE __87__

1       (c)    The Experts described in subsection (ii) of paragraph 2(b) above

2  shall not have access to "HIGHLY CONFIDENTIAL--RESTRICTED

3  ATTORNEYS' EYES ONLY" documents until he/she has certified that he/she has

4  read the Protective Order and this Stipulation and Order and has manifested his/her

5  assent to be bound by signing the Assurance of Compliance attached to the

6  Protective Order as Exhibit A; any such expert who has previously signed an

7  Assurance of Compliance must be shown this Stipulation and Order and sip an

8  Assurance of Compliance that encompasses this Stipulation and Order.

9       (d)    Documents, deposition transcripts or discovery responses

10  designated as "HIGHLY CONFIDENTIAL--RESTRICTED ATTORNEYS' EYES

11  ONLY" shall not be copied except to create one archival file copy, one working

12  copy for the designated attorneys and/or any designated expert, or for use as exhibits

13  at deposition or trial or in filings with the Court, including the Discovery Master.  In

14  the event and to the extent that copies are provided to counsel in attendance at a

15  deposition where' documents designated as "HIGHLY CONFIDENTIAL--

16  RESTRICTED ATTORNEYS' EYES ONLY" are shown or marked at deposition,

17  the Party who so designated the documents may require that any such additional

18  copies be returned to the designating Party's counsel or destroyed. Any document

19  designated as "HIGHLY CONFIDENTIAL--RESTRICTED ATTORNEYS' EYES

20  ONLY" that is marked as a deposition exhibit shall not be bound with the exhibits to

21  the deposition transcript but shall be separately maintained by the deposing party.

22  The parties shall work together to agree upon a proposed procedure for handling

23  such documents at trial if necessary.

24       (e)    Each receiving Party's original copy set and all copies of Subject

25  Evidence, including any copies for use as exhibits or in motion practice, shall be

26  maintained in a secure, locked file at all times when not physically being used by the

27  receiving party's counsel or expert.

28

EXHIBIT ___10___, PAGE __88__

07209/2146909.1

Case No. CV 04-09049 SGL (RNBx)

SECOND STIPULATION TO MODIFY PROTECTIVE ORDER AND ORDER THEREON

1       4.    Except as modified herein, all other provisions of the Protective

2 Order shall remain in full force and effect and are incorporated herein by reference.

3 Without limiting the generality of the foregoing, Security Evidence designated

4 "HIGHLY CONFIDENTIAL--RESTRICTED ATTORNEYS' EYES ONLY" shall

5 be subject to the provisions of paragraphs 13 and 14 of the Protective Order.

6       **SO STIPULATED.**

7

8 DATED:  June __, 2007

9

10                               MICHAEL PAGE
                                KEKER & VAN NEST
                                Attorneys for CARTER BRYANT

11

12 DATED:  June __, 2007

13

14                                 JAMES JENAL
                                O'MELVENY & MYERS LLP
                                Attorneys for MGA
                                ENTERTAINMENT, INC.

15

16 DATED:  June __, 2007

17

18                                 JON COREY
                                QUINN EMANUEL URQUHART
                                OLIVER & HEDGES, LLP
                                Attorneys for MATTEL, INC.

19

20       **IT IS SO ORDERED.**

21

22

23 DATED:  June __, 2007                 By: _____
                                    Hon. Edward Infante (Retired)
                                    Discovery Master

24

25

26

27

28                            EXHIBIT __10__, PAGE **89**

**Exhibit 11**

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

June 25, 2007

**VIA FACSIMILE AND U.S. MAIL**

Jim Jenal, Esq.
O'Melveny & Myers, LLP
600 South Hope Street
Los Angeles, California 90071

Re:     Mattel, Inc. v. Bryant

Dear Jim:

On June 19, 2007, in the early morning, I sent you, via e-mail, a proposed stipulation modifying the protective order and allowing the designation of the parties' security measures as being "highly confidential."  To date, I have not heard back from you.  Please let me know when I may expect a response concerning the stipulation.  If you have any questions regarding the foregoing please do not hesitate to call.

Best regards,

Jon D. Corey

cc:     Diana Torres, Esq. (via facsimile)
        Michael Page, Esq. (via facsimile)

EXHIBIT __11__ , PAGE __90__

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100

SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700

SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**SAN DIEGO**
4445 Eastgate Mall, Suite 200
San Diego, CA 92121
(858) 812-3107
Facsimile: (858) 812-3336

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE

## FACSIMILE TRANSMISSION

**DATE:**   June 25, 2007

**NUMBER OF PAGES, INCLUDING COVER: 2**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| *Diana M. Torres, Esq.* <br> *James P. Jenal, Esq.* <br>    O'Melveny & Myers LLP | 213.430.6584 | 213.430.6407 |
| *Michael H. Page, Esq.* <br> Keker & Van Nest | 415.391.5400 | 415.397.7188 |

**FROM:**   Jon Corey

**RE:**   *Mattel, Inc. v. MGA Entertainment, Inc.*

**MESSAGE:**



FAXED
JUN 25 2007

| 07209/2041819.1 | | | | |
|---|---|---|---|---|
| CLIENT # | 7209 | ROUTE/ RETURN TO: | Maria Albert./3rd Floor | ☐ CONFIRM FAX <br> ☐ INCLUDE CONF. REPORT |
| OPERATOR: | | | CONFIRMED? ☐ No ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.**

EXHIBIT 11 PAGE 91

# Group Send Report

```
Page      : 001
Date & Time: 06-25-2007   09:46am
Line 1    : 2134433100
Line 2    :
Machine ID : QUINN EMANUEL
```

| | | |
|---|---|---|
| Job number | : | 624 |
| Date | : | 06-25  09:45am |
| Number of pages | : | 002 |
| Start time | : | 06-25  09:45am |
| End time | : | 06-25  09:46am |

Successful nbrs.

Fax numbers

☎1*4306407#
☎1*14153977188#

Unsuccessful nbrs.                                                                                     Pages sent

EXHIBIT __11__, PAGE __92__

Job number    : 624      |    *** SEND SUCCESSFUL    |*

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**SAN DIEGO**
4445 Eastgate Mall, Suite 200
San Diego, CA 92121
(858) 812-3107
Facsimile: (858) 812-3336

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

**DATE:**    June 25, 2007                          **NUMBER OF PAGES, INCLUDING COVER: 2**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Diana M. Torres, Esq. James P. Jenal, Esq. O'Melveny & Myers LLP | 213.430.6584 | 213.430.6407 |
| Michael H. Page, Esq. Keker & Van Nest | 415.391.5400 | 415.397.7188 |

**FROM:**    Jon Corey

**RE:**    Mattel, Inc. v. MGA Entertainment, Inc.

**MESSAGE:**

07209/2041819.1

| CLIENT # | 7209 | ROUTE/ RETURN TO: | Maria Albert/5th Floor | ☐ CONFIRM FAX ☐ INCLUDE CONF. REPORT |
|---|---|---|---|---|
| OPERATOR: | | | CONFIRMED? ☐ NO ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

EXHIBIT ___11___, PAGE __93__

**Exhibit 12**

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

July 10, 2007

<u>VIA FACSIMILE AND U.S. MAIL</u>

Jim Jenal, Esq.
O'Melveny & Myers, LLP
600 South Hope Street
Los Angeles, California 90071

Re:    <u>Mattel, Inc. v. Bryant</u>

Dear Jim:

On June 19, 2007, I emailed to you a proposed stipulation allowing the designation of the parties' security measures as subject to the third-tier of confidentiality. You did not respond. I wrote to you on June 25, 2007 asking when I could expect a response. As of today, you have not responded. Please let me know whether I can expect a response or whether the proposed stipulation is acceptable. If you have any questions regarding the forgoing please do not hesitate to call.

Best regards,

Jon D Corey

Jon D. Corey

cc:    Diana Torres, Esq. (via facsimile)
       Michael Page, Esq. (via facsimile)

**quinn emanuel urquhart oliver & hedges, llp**

EXHIBIT <u>12</u>, PAGE <u>94</u>

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100

SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700

SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**SAN DIEGO**
4445 Eastgate Mall, Suite 200
San Diego, CA 92121
(858) 812-3107
Facsimile: (858) 812-3336

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100



## LOS ANGELES OFFICE
# FACSIMILE TRANSMISSION

**DATE:**   July 10, 2007

**NUMBER OF PAGES, INCLUDING COVER:** 2

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| **James P. Jenal, Esq.**<br>*O'Melveny & Myers LLP* | 213.430.6584 | 213.430.6407 |
| **Diana M. Torres, Esq.**<br>*O'Melveny & Myers LLP* | 213-430-6000 | 213-430-6407 |
| **Michael H. Page, Esq.**<br>Keker & Van Nest | 415.391.5400 | 415.397.7188 |

**FROM:**   Jon Corey

**RE:**   *Mattel, Inc. v. MGA Entertainment, Inc.*

20107/2032808.1

| CLIENT # | 7209 | ROUTE/<br>RETURN TO: | Mia Albert/10th Floor | ☐ CONFIRM FAX<br>☐ INCLUDE CONF. REPORT |
|---|---|---|---|---|
| OPERATOR: | | | CONFIRMED?   ☐ No  ☐ Yes: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.**

EXHIBIT __12__, PAGE __95__

Job number    : 959          *** SEND SUCCESSFUL *

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

| NEW YORK | LOS ANGELES | SAN FRANCISCO |
|---|---|---|
| 51 Madison Avenue, 22nd Floor | 865 South Figueroa Street, 10th Floor | 50 California Street, 22nd Floor |
| New York, NY 10010 | Los Angeles, CA 90017 | San Francisco, CA 94111 |
| (212) 849-7000 | (213) 443-3000 | (415) 875-6600 |
| Facsimile: (212) 849-7100 | Facsimile: (213) 443-3100 | Facsimile: (415) 875-6700 |

| SAN DIEGO | | SILICON VALLEY |
| 4445 Eastgate Mall, Suite 200 | | 555 Twin Dolphin Drive, Suite 560 |
| San Diego, CA 92121 | | Redwood Shores, CA 94065 |
| (858) 812-3107 | | (650) 801-5000 |
| Facsimile: (858) 812-3336 | | Facsimile: (650) 801-5100 |

## LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

**DATE:**    July 10, 2007                    **NUMBER OF PAGES, INCLUDING COVER:** 2

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| *James P. Jenal, Esq.*<br>*O'Melveny & Myers LLP* | 213.430.6584 | 213.430.6407 |
| *Diana M. Torres, Esq.*<br>*O'Melveny & Myers LLP* | 213-430-6000 | 213-430-6407 |
| *Michael H. Page, Esq.*<br>Keker & Van Nest | 415.391.5400 | 415.397.7188 |

**FROM:**    Jon Corey

**RE:**    *Mattel, Inc. v. MGA Entertainment, Inc.*

| 20107/2032808.1 | | ROUTE/<br>RETURN TO: | Mia Albert/10th Floor | ☐ CONFIRM FAX<br>☐ INCLUDE CONF. REPORT |
|---|---|---|---|---|
| CLIENT # | 7209 | | CONFIRMED? ☐ No ☐ Yes: | |
| OPERATOR: | | | | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

EXHIBIT _12_, PAGE _96_

# Group Send Report

Page        : 001
Date & Time: 07-10-2007    11:28am
Line 1      : 2134433100
Line 2      :
Machine ID : QUINN EMANUEL

Job number          :   959

Date                :   07-10  11:27am

Number of pages     :   002

Start time          :   07-10  11:27am

End time            :   07-10  11:28am

Successful nbrs.

    Fax numbers

        ☎1*12134306407
        ☎1*14153977188

Unsuccessful nbrs.                                                                                    Pages sent

EXHIBIT _12_, PAGE _97_

**Exhibit 13**

# O

## O'MELVENY & MYERS LLP

BEIJING
BRUSSELS
CENTURY CITY
HONG KONG
LONDON
NEWPORT BEACH

400 South Hope Street
Los Angeles, California 90071-2899

TELEPHONE (213) 430-6000
FACSIMILE (213) 430-6407
www.omm.com

NEW YORK
SAN FRANCISCO
SHANGHAI
SILICON VALLEY
TOKYO
WASHINGTON, D.C.

July 23, 2007

OUR FILE NUMBER
527,436-4

## VIA EMAIL AND U.S. MAIL

WRITER'S DIRECT DIAL
(213) 430-6584

Jon Corey, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 S Figueroa Street
Los Angeles, California 90017

WRITER'S E-MAIL ADDRESS
jjenal@omm.com

Re:     *Mattel, Inc. v. MGA Entertainment, Inc.*

Dear Jon:

I am writing on behalf of Carter Bryant and MGA to request a meet and confer regarding Mattel's improper instructions not to answer during the June 19, 2007 Rule 30(b)(6) deposition of Fred Kawashima on the grounds that such questions might reveal Mattel's "security measures." As Mattel knows, both before and during the deposition, MGA agreed to allow Mattel to designate those portions of the transcript according to the so-called "third tier" of protection subject to Bryant and MGA's right to later contest that designation. Mattel refused and instead, instructed the witness not to answer. We are not aware of any basis in law or fact for such an instruction not to answer, and to date, Mattel has offered none. If Mattel has authority for the proposition that some privilege exists to shield the disclosure of "security measures" in a deposition already designated Attorneys' Eyes Only, please provide it.

Accordingly, please let us know when Mattel is available to meet and confer within the next five days as required by the Order Appointing the Special Master. If we cannot resolve this dispute, MGA and Bryant anticipate bringing a motion to compel.

Best regards,

James P. Jenal
for O'MELVENY & MYERS LLP

cc:     Diana M. Torres, Esq.
        Michael H. Page, Esq.

LA2:837478.1

EXHIBIT ___13___, PAGE ___98___

**Johanna Lopez**

| | |
|---|---|
| **From:** | Jenal, Jim [JJenal@OMM.com] |
| **Sent:** | Monday, July 23, 2007 11:14 AM |
| **To:** | Jon Corey; Michael T Zeller |
| **Cc:** | Torres, Diana; Michael Page |
| **Subject:** | Letter re: Meet and Confer |
| **Attachments:** | DOC.PDF |

Counsel --

Please find the attached letter.

Regards...


Jim Jenal
for O'Melveny & Myers LLP

---

IMPORTANT NOTE: This message and any attached documents contain information from the law firm of O'Melveny & Myers LLP that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message. Thank you for your assistance.

EXHIBIT _13_ , PAGE _99_

**Exhibit  14**

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

July 27, 2007

VIA FACSIMILE AND U.S. MAIL

Jim Jenal, Esq.
O'Melveny & Myers, LLP
600 South Hope Street
Los Angeles, California 90071

Re:     Mattel, Inc. v. Bryant

Dear Jim:

Your July 23, 2007 letter purporting to request a meeting of counsel regarding Mattel's instructions to Mr. Kawashima not to answer question to prevent the disclosure of current Mattel trade secrets is an attempt to posture, nothing more. For more than two months Mattel has attempted to engage MGA and Bryant to resolve this issue so that Mattel did not have to instruct Mr. Kawashima to prevent the disclosure of certain, current Mattel security measures, which Mattel considers to be trade secrets. Once the stipulation that you have had for over a month is signed and the protective order modified, Mattel will withdraw the instructions not to answer the ten questions at issue. MGA, however, expressed no interest in resolving this issue before Mr. Kawashima's deposition.

In response to Mattel's meet and confer letter on this issue, MGA agreed in writing on June 18, 2007, to allow Mattel to designate such information as subject to the third-tier of the protective order. Hours later Mattel provided a proposed stipulation to MGA and Bryant which would modify the protective order to allow Mattel to do just that. You refused to sign the stipulation. Knowing full well the consequences of your refusal to do so, you forced me to instruct Mr. Kawashima not to answer ten questions at his deposition. I was prepared to terminate the deposition an seek a protective order pursuant to Rule 26 to prevent the disclosure of current Mattel trade secrets, but you preferred that the deposition continue. It did.

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 335 Madison Avenue, 17th Floor, New York, New York 10017 | TEL 212-702-8100 FAX 212-702-8200
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94104 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
PALM SPRINGS | 45-025 Manitou Drive, Suite 10, Indian Wells, California 92210 | TEL 760-345-4757 FAX 760-345-2414
SAN DIEGO | 4445 Eastgate Mall, Suite 200, San Diego, California 92121 | TEL 858-812-3107 FAX 858-812-3336

07209/2178750.1

EXHIBIT __14__, PAGE _100_

Since the deposition, I wrote to you and Bryant on June 25, 2007 and July 10, 2007, asking whether either of you had comments on the proposed stipulation. You did not respond. Neither did Bryant.

If your purported "meet and confer" letter is not a posturing attempt, but is in good faith, you will respond to my letters and either agree to the stipulation or provide comments to see if the parties can reach an agreement without intervention by the Discovery Master. You have had more than a month to consider the stipulation, to which you agreed in principle. I expect a substantive response to it on Monday, June 30, 2007. If I do not hear back from you, then Mattel will seek the appropriate relief from the Discovery Master.

If you have any questions regarding the foregoing, please do not hesitate to call.

Best regards,

Jon D. Corey

cc:     Diana Torres, Esq. (via facsimile)
        Michael Page, Esq. (via facsimile)

EXHIBIT __14__, PAGE __101__

**Exhibit 15**

From: Jenal, Jim <JJenal@OMM.com>
To: Jon Corey
Cc: Michael T Zeller; Torres, Diana <DTorres@OMM.com>; mpage@keker.com <mpage@keker.com>
Sent: Mon Jul 30 09:59:46 2007
Subject: RE: Your letter from Friday

Jon --

Not sure what part of our position you do not understand, but rather than continue to trade self-serving emails, we will simply thank you for your agreement to meet and confer and we will call you at 4 as you propose.

Regards...

Jim Jenal
for O'Melveny & Myers LLP

_____

From: Jon Corey [mailto:joncorey@quinnemanuel.com]
Sent: Sunday, July 29, 2007 10:36 PM
To: Jenal, Jim
Cc: Michael T Zeller; Torres, Diana; mpage@keker.com
Subject: Re: Your letter from Friday

Jim,

I take it from your response that MGA will not respond in any manner to the stipulation that Mattel provided at MGA's request in an effort to resolve this dispute before Mr. Kawashima's deposition. Again, MGA's purported request for a meeting of counsel on this issue is disingenuous pretext. As you are well aware, Mattel asked MGA and Bryant to meet and confer on June 18. MGA and Bryant failed to comply with their respective obligations to meet and confer on this issue long ago. Nevertheless, if MGA and Bryant are willing to discuss the stipulation that Mattel proposed to resolve this dispute, I am available to do so at 4:00 pm tomorrow. If you are unwilling to do so, that will be an unequivocal indication that MGA has no actual interest in resolving the dispute, but seeks to create needless and wasteful motion practice.  I look forward to your prompt response.

Best regards,

Jon Corey

Jon Corey
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA   90017

Direct:  (213) 443-3130
Main Phone:  (213) 443-3000
Main Fax:  (213) 443-3100

E-mail:  joncorey@quinnemanuel.com

EXHIBIT __15__, PAGE _102_

Web:   www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential.  If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

----- Original Message -----
From: Jenal, Jim <JJenal@OMM.com>
To: Jon Corey
Sent: Sun Jul 29 21:15:11 2007
Subject: Your letter from Friday

Jon --

I am in receipt of your letter from Friday evening in response to MGA and Bryant's demand to meet and confer in anticipation of our joint motion to compel regarding your improper instructions not to answer during the deposition of Mattel's 30(b)(6) witness, Fred Kawashima. Notably absent from your letter was any hint of an answer to our question as set forth in my prior letter and subsequent email -- that is, whether Mattel would comply with its obligations under the stipulation and meet and confer by the Monday deadline.

Please advise whether Mattel will meet and confer as required, or whether we will need to inform Judge Infante that Mattel has refused to comply.

Regards...

Jim Jenal
for O'Melveny & Myers LLP

_____

IMPORTANT NOTE: This message and any attached documents contain information from the law firm of O'Melveny & Myers LLP that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message. Thank you for your assistance.

EXHIBIT __15__, PAGE __103__