1   change was orchestrated by Neil Friedman, the then-Chairman of TIA, who was also the

2   President of Fisher Price (a subsidiary of Mattel).

3       Documents that may support or bear on MGA's response will be (or have been)

4   produced by MGA, Mattel, TIA and/or CARU in discovery, including, but not limited to,

5   documents regarding TIA's rules for the Toy-of-the-Year awards.

6       Persons with knowledge of these facts are reflected in these documents.

7           AS TO OBJECTIONS ONLY:

8

9   Dated:  January 19, 2007                O'MELVENY & MYERS LLP

10

11                                     DALE M. CENDALI
                                   Attorneys for MGA Entertainment, Inc.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CONFIDENTIAL            - 31 -      MGA'S RESPONSES TO MATTEL'S FIRST SET OF
                                 INTERROGATORIES CASE NO. CV 04-9049 SGL

**EXHIBIT 17 PAGE 309**

1

<u>VERIFICATION</u>

2

I, Eric Villette, declare:

3

I am an officer of MGA ENTERTAINMENT, INC., a corporation

4

organized and existing under the laws of California, which is a defendant-in-intervention

5

in the above-entitled action, and I have been authorized to make this verification on its

6

behalf.

7

I have read the foregoing MGA ENTERTAINMENT, INC.'S

8

RESPONSES TO MATTEL, INC.'S FIRST SET OF INTERROGATORIES RE

9

CLAIMS OF UNFAIR COMPETITION and know the contents thereof. The same is

10

true of my own knowledge, except as to those matters which are therein stated on

11

information and belief, and, as to those matters, I believe them to be true.

12

I declare under penalty of perjury under the laws of the United States that

13

the foregoing is true and correct.

14

Executed at Van Nuys, California on this 19th day of January, 2007.

15

16

17

18

19

CONFIDENTIAL

20

LA2:821661.1
DRAFT

21

22

23

24

25

26

27

28

CONFIDENTIAL

- 32 -

MGA'S RESPONSES TO MATTEL'S FIRST SET OF
INTERROGATORIES CASE NO. CV 04-9049 SGL

EXHIBIT 17 PAGE 310

1

**PROOF OF SERVICE**

2

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3

⁻I am employed in the County of Los Angeles, State of California.  I am over

4  the age of 18 and not a party to the within action.  My business address is 400 South Hope Street, Los Angeles, California 90071-2899.

5

On January 19, 2007, I caused to be personally served the following

6  document:

7      1.  **MGA ENTERTAINMENT, INC.'S RESPONSES TO MATTEL, INC.'S FIRST SET OF INTERROGATORIES RE CLAIMS OF**

8          **UNFAIR COMPETITION**

9

upon counsel named below by placing a true and correct copy thereof in an envelope

10  addressed as follows:

11                 John Quinn, Esq.

12              Michael T. Zeller, Esq.

          QUINN EMANUEL URQUHART

13            OLIVER & HEDGES, LLP

14         865 Figueroa Street, 10th Floor

       Los Angeles, California  90017

15

16   ☒   (By Personal Service)  I prepared such envelope to be delivered by hand to the addressee(s) by Worldwide Network, Inc. Attorney Services, whose address is 350

17       South Figueroa Street, Suite 299, Los Angeles, California  90071.

18

 ☐   (State)  I declare under penalty of perjury under the laws of the State of California

19       that the above is true and correct.

20   ☒   (Federal)  I declare under penalty of perjury pursuant to the laws of the United States of America that the foregoing is true and correct.

21

22       Executed on January 19, 2007, at Los Angeles, California.

23

24                          Mary C. Layman

25

26

27

28

LA2:811267.1

**EXHIBIT 17 PAGE 311**

## PROOF OF PERSONAL SERVICE

I am a citizen of the United States and employed in the County of Los Angeles, State of California, by Worldwide Network, Inc., whose address is 350 South Figueroa Street, Suite 299, Los Angeles, CA 90071. I am over the age of eighteen years and not a party to the within action. On January 19, 2007, I personally served the following:

   1. **MGA ENTERTAINMENT, INC.'S RESPONSES TO MATTEL, INC.'S FIRST SET OF INTERROGATORIES RE CLAIMS OF UNFAIR COMPETITION**

by delivering a copy thereof to the office of the following, and either handing the copy to or leaving it with the _____ of the office thereof:

### Service List

John Quinn, Esq.
Michael T. Zeller, Esq.
QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP
865 Figueroa Street, 10th Floor
Los Angeles, California 90017

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on January 19, 2006, at Los Angeles, California.

SIGNATURE: _____

PRINTED NAME: _____

LA2:819850.1

**EXHIBIT 7 PAGE 312**

Exhibit  18

DIANA M. TORRES (S.B. #162284)
JAMES P. JENAL (S.B. #180190)
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, California 90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407
Email: dtorres@omm.com

DALE M. CENDALI (admitted pro hac vice)
JOHANNA SCHMITT (admitted pro hac vice)
O'MELVENY & MYERS LLP
Times Square Tower
7 Times Square
New York, New York 10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2061
Email: dcendali@omm.com

PATRICIA GLASER (S.B. # 55668)
CHRISTENSEN, GLASER, FINK, JACOBS,
WEIL & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, CA 90067
Telephone:    (310) 553-3000
Facsimile:    (310) 556-2920
Email: pglaser@chrisglase.com

Attorneys for Plaintiff
MGA Entertainment, Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>   Plaintiff,<br><br>  v.<br><br>MATTEL, INC., a Delaware Corporation,<br><br>   Defendant. | Case No.  CV 04-09049 SGL (RNBx)<br>(consolidated with CV 04-9059 & 05-2727)<br><br>**MGA ENTERTAINMENT, INC.'S SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2 OF MATTEL, INC.'S FIRST SET OF INTERROGATORIES RE CLAIMS OF UNFAIR COMPETITION** |
| CONSOLIDATED WITH<br>MATTEL, INC. v. BRYANT and<br>MGA ENTERTAINMENT, INC. v.<br>MATTEL, INC. | Judge: Hon. Stephen G. Larson<br><br>Discovery Cut-Off: March 3, 2008 |

PROPOUNDING PARTY:  MATTEL, INC.

RESPONDING PARTY:  MGA ENTERTAINMENT, INC.

SET NO.:     ONE

CONFIDENTIAL

MGA'S SUPPLEMENTAL RESPONSE TO
INTERROGATORY NO. 2 OF MATTEL'S FIRST SET
OF INTERROGATORIES

EXHIBIT 18 PAGE 313          C6/20/C7

## PRELIMINARY STATEMENT

1    

2       MGA Entertainment, Inc. ("MGA") has not yet completed its investigation

3   relating to the facts of this action and has not completed preparation for trial. MGA

4   responds to this interrogatory based upon the information presently available to it and

5   without prejudice to its right to amend or supplement its responses and to present

6   evidence which may hereafter be discovered or become available.

7       MGA will respond to this interrogatory as it understands and interprets it.

8   If Mattel, Inc. ("Mattel") subsequently asserts any interpretation of this interrogatory that

9   differs from that of MGA, MGA reserves the right to supplement its objections and

10  response.

11      By providing this response, MGA does not concede that any of the

12  information sought by this interrogatory is relevant or discoverable. MGA provides this

13  response and objections without waiving or intending to waive, but rather, on the

14  contrary, preserving and intending to preserve: (a) the right to object on any grounds to

15  the use or introduction into evidence of the information provided in response to this

16  interrogatory; (b) the right to object to the use of the information provided in response to

17  this interrogatory in any subsequent proceeding in, or the arbitration of this or any other

18  action; and (c) the right to object on any ground at any time to other interrogatories or

19  further discovery into any of the subject matters addressed in this interrogatory or the

20  response thereto.

21      MGA's response to this interrogatory is conditioned on the terms of the

22  Stipulated Protective Order that is in place in this action.

23      MGA shall not provide any privileged or protected information, including

24  without limitation, information protected by the attorney-client privilege or the attorney

25  work product doctrine, and nothing herein may be construed as a waiver of any

26  applicable privilege or protection. Any inadvertent production of privileged or protected

27  information shall not be construed as a waiver of any privilege or protection attaching

28  thereto and MGA reserves the right, as set forth in the Stipulated Protective Order, to

CONFIDENTIAL   - 2 -   MGA'S SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2 OF MATTEL'S FIRST SET OF INTERROGATORIES

EXHIBIT _18_ PAGE _314_

1   correct the record with regard to any such information and to supplement or amend this

2   response, which supplemental or amended response shall become the operative response.

3

### GENERAL OBJECTIONS

4

5        1.     MGA objects to this interrogatory to the extent that it seeks

6   information protected from discovery by the attorney-client privilege, work-product

7   doctrine, right to privacy, or any other applicable legal, statutory or constitutional

8   privilege.

9        2.     MGA objects to this interrogatory to the extent that it seeks the

10   disclosure of confidential, proprietary or trade secret information.  MGA may provide

11   some such information subject to the terms and conditions of the protective order

12   governing this case.

13        3.     MGA objects to this interrogatory to the extent that it seeks

14   information that Mattel equally may otherwise obtain from public sources or with less

15   burden and expense by using other means of discovery.

16        4.     MGA objects to this interrogatory to the extent that it is premature,

17   since it asks or requires MGA to analyze or formulate contentions on matters for which

18   MGA's investigation and discovery  have not yet been completed.

19        5.     MGA objects to this interrogatory to the extent that it may unfairly

20   seek to restrict the facts on which MGA may rely at trial.  Discovery has not been

21   completed and MGA is not yet necessarily in possession of all the facts and documents

22   upon which MGA intends to rely.  The response submitted herewith is tendered to Mattel

23   with the reservation that the response is submitted without limiting the evidence on which

24   MGA may rely to support the contentions that MGA may assert at the trial of this action

25   and to rebut or impeach the contentions, assertions and evidence that Mattel may present.

26   MGA reserves the right to supplement or amend this response at a future date.

27

28

CONFIDENTIAL            - 3 -       MGA'S SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2 OF MATTEL'S FIRST SET OF INTERROGATORIES

EXHIBIT _18_ PAGE _315_

6.    MGA objects to this interrogatory to the extent that it seeks information that will be the subject of expert witness testimony and that is therefore premature.

7.    MGA objects to Mattel's definitions of "MGA," "YOU," and "YOUR" as overbroad and unduly burdensome, vague and ambiguous, and on the grounds that the definitions call for legal conclusions.

8.    MGA objects to Mattel's definition of "IDENTIFY" on the grounds that Mattel's instructions in this regard are overbroad, compound and unduly burdensome.

9.    MGA objects to Mattel's definition of "CONTESTED MGA PRODUCTS" as overbroad, compound and unduly burdensome.

10.    MGA objects to Mattel's definition of "EMBODIMENT" as overbroad, compound and unduly burdensome.

11.    MGA objects to this interrogatory to the extent that its subparts, including those arising from the "definitions" and "instructions," actually constitute separate interrogatories, thereby bringing the number of Mattel's interrogatories to well over the 25 interrogatories allowed under the Federal Rules of Civil Procedure.

## INTERROGATORIES

### INTERROGATORY No. 2:

IDENTIFY, fully and separately, each and every concept, design, product, or product packaging that YOU contend MATTEL copied or infringed (including without limitation by internal job or product number, SKU, and bar code number) and, for each such concept, design, product, or product packaging, describe, with specificity and in detail, those attributes of the concept, design, product, or product packaging that were copied or infringed by MATTEL and the alleged source(s) of those attributes.

CONFIDENTIAL                    - 4 -              MGA'S SUPPLEMENTAL RESPONSE TO
                                                  INTERROGATORY NO. 2 OF MATTEL'S FIRST SET
                                                  OF INTERROGATORIES

EXHIBIT 18 PAGE 316

**RESPONSE TO INTERROGATORY NO. 2:**

1  
2      MGA incorporates by reference the above-stated general objections as if fully set

3  forth herein.  MGA also specifically objects to this interrogatory to the extent it seeks

4  information not relevant or reasonably calculated to lead to the discovery of admissible

5  evidence and is, thus, overbroad, including, without limitation, seeking the "internal job or

6  product number, SKU, and bar code number" of each "concept, design, product, or

7  product packaging" identified in this response.  MGA also objects to this interrogatory on

8  the grounds that it seeks information that may be the subject of expert witness analysis

9  and testimony and is premature.

10      Subject to and without waiving the foregoing, MGA responds as follows:  Mattel

11  has copied and infringed MGA's concepts, designs, products, and product packaging

12  listed below:

13      • All "Bratz" female fashion dolls.  The common attributes of the "Bratz"

14          female fashion dolls that Mattel has copied or infringed include their

15          disproportionately large heads; distinctive faces with artfully made-up,

16          heavy-lidded, sultry, almond-shaped large eyes and large, overly-lined and

17          lipsticked lips; trendy, hip clothes and hair styles; and oversized feet.  The

18          SKU numbers for the "Bratz" female fashion dolls that Mattel has copied or

19          infringed are as follows: "Sasha" (SKU 248552); "Cloe" (SKU 248538);

20          "Jade" (SKU 248545); "Yasmin" (SKU 248569); "Bratz Fall 2002 Funky

21          Fashion! Collection Cloe" (SKU 254010); "Bratz Fall 2002 Funky Fashion!

22          Collection Yasmin" (SKU 254027); "Bratz Fall 2002 Funky Fashion!

23          Collection Jade" (SKU 254034); "Bratz Fall 2002 Xpress It! Sasha (TV)

24          (SKU 254058); "Bratz Fall 2002 Funky Fashion! Collection Meygan" (SKU

25          254065); "Bratz Funk N' Glow (light-up clothes) Cloe (TV)" (SKU 255468);

26          "Bratz Funk N' Glow (light-up clothes) Yasmin (TV)" (SKU 255475);

27          "Bratz Funk N' Glow (light-up clothes) Jade (TV)" (SKU 255482); "Bratz

28          Funk N' Glow (light-up clothes) Meygan (TV)" (SKU 255499); "Bratz Funk

CONFIDENTIAL                     - 5 -        MGA'S SUPPLEMENTAL RESPONSE TO
                                              INTERROGATORY NO. 2 OF MATTEL'S FIRST SET
                                              OF INTERROGATORIES

EXHIBIT 18 PAGE 317

| | |
|---|---|
| 1 | N' Glow (light-up clothes) Sasha (TV)" (SKU 255505); "Bratz Slumber |
| 2 | Party Sasha" (SKU 256311); "Bratz Slumber Party Cloe" (SKU 256328); |
| 3 | "Bratz Slumber Party Jade" (SKU 256335); "Bratz Slumber Party Yasmin" |
| 4 | (SKU 256342); "Bratz Slumber Party Meygan" (SKU 256359); "Bratz Strut |
| 5 | It! Cloe" (SKU 257219); "Bratz Strut It! Yasmin" (SKU 257226); "Bratz |
| 6 | Strut It! Jade" (SKU 257233); "Bratz Strut It! Sasha (TV)" (SKU 257240); |
| 7 | "Bratz Strut It! Meygan" (SKU 257257); "Bratz Style It! Cloe" (SKU |
| 8 | 258285); "Bratz Style It! Yasmin" (SKU 258292); "Bratz Style It! Jade" |
| 9 | (SKU 258308); "Bratz Style It! Dana" (SKU 258315); "Bratz Style It! |
| 10 | Sasha" (SKU 258322); "Bratz FM Cruiser Cloe" (SKU 258346); "Bratz FM |
| 11 | Cruiser Sasha" (SKU 258360); "Bratz FM Cruiser Jade" (SKU 258360); |
| 12 | "Bratz FM Cruiser Yasmin" (SKU 258377); "Bratz Wintertime Wonderland |
| 13 | Collection Cloe" (SKU 260356); "Bratz Wintertime Wonderland Collection |
| 14 | Yasmin" (SKU 260363); "Bratz Wintertime Wonderland Collection Dana" |
| 15 | (SKU 260370); "Bratz Wintertime Wonderland Collection Jade" (SKU |
| 16 | 260387); "Bratz Wintertime Wonderland Collection Sasha" (SKU 260394); |
| 17 | "Bratz Formal Funk Collection Cloe" (SKU 260400); "Bratz Formal Funk |
| 18 | Collection Yasmin" (SKU 260417); "Bratz Formal Funk Collection Dana" |
| 19 | (SKU 260424); "Bratz Formal Funk Collection Jade" (SKU 260431); "Bratz |
| 20 | Formal Funk Collection Sasha" (SKU 260448); "Yasmin" (SKU 260615); |
| 21 | "Cloe" (SKU 263135); "Yasmin" (SKU 263142); "Jade" (SKU 263159); |
| 22 | "Sasha" (SKU 263166); "Bratz Funk N' Glow Cloe" (SKU 264392); "Bratz |
| 23 | Funk N' Glow Yasmin" (SKU 264408); "Bratz Funk N' Glow Jade" (SKU |
| 24 | 264415); "Bratz Funk N' Glow Sasha" (SKU 264439); "Bratz Slumber Party |
| 25 | Cloe" (SKU 265511); "Bratz Slumber Party Jade" (SKU 265528); "Bratz |
| 26 | Slumber Party Yasmin" (SKU 265535); "Bratz Slumber Party Meygan" |
| 27 | (SKU 265542); "Bratz Slumber Party Sasha" (SKU 265559); "Bratz Funk |
| 28 | 'N' Glow Dana" (SKU 267133); "Bratz Funk Out! Cloe" (SKU 269380); |

CONFIDENTIAL                                    - 6 -        MGA'S SUPPLEMENTAL RESPONSE TO
                                                            INTERROGATORY NO. 2 OF MATTEL'S FIRST SET
                                                            OF INTERROGATORIES

**EXHIBIT 18 PAGE 318**

1    "Bratz Funk Out! Yasmin" (SKU 269397); "Bratz Funk Out! Jade" (SKU

2    269403); "Bratz Funk Out! Dana" (SKU 269410); "Bratz Pack Funk Out!

3    Sasha" (SKU 269427); "Bratz Sun-Kissed Summer Cloe" (SKU 269526);

4    "Bratz Sun-Kissed Summer Yasmin" (SKU 269533); "Bratz Sun-Kissed

5    Summer Jade" (SKU 269540); "Bratz Sun-Kissed Summer Dana" (SKU

6    269557); "Bratz Sun-Kissed Summer Sasha" (SKU 269564); "Bratz Girls

7    Nite Out! Cloe" (SKU 269649); "Bratz Girls Nite Out! Yasmin" (SKU

8    269656); "Bratz Girls Nite Out! Jade" (SKU 269663); "Bratz Girls Nite Out!

9    Dana" (SKU 269670); "Bratz Girls Nite Out! Sasha" (SKU 269687); "Bratz

10    Motorcycle Style! Yasmin" (SKU 271345); "Bratz Motorcycle Style! Cloe"

11    (SKU 271444); "Easter Bunny Avery" (SKU 272724); "Easter Bunny Tess"

12    (SKU 272731); "Easter Bunny Tatiana" (SKU 272748); "Easter Bunny

13    Viveka" (SKU 272755); "Bratz Formal Funk Date Pk Cloe and Boy" (SKU

14    272793); "Bratz Formal Funk Date Pk Jade and Boy" (SKU 272809); "Bratz

15    Formal Funk Date Pk Yasmin and Boy" (SKU 272816); "Bratz Formal Funk

16    Date Pk Dana and Boy" (SKU 272823); "Bratz Formal Funk Date Pk Sasha

17    and Dude" (SKU 272830); "Bratz Motorcycle Style! Jade" (SKU 272960);

18    "Bratz Motorcycle Style! Meygan" (SKU 272977); "Bratz Funk Out! Nevra"

19    (SKU 273387); "Bratz Funk Out! Fianna" (SKU 273394); "Bratz Wild Life

20    Safari Nevra" (SKU 273462); "Bratz Wild Life Safari Fianna" (SKU

21    273479); "Bratz Wild Life Safari Meygan" (SKU 273486); "Bratz Nighty-

22    Nite Cloe" (SKU 277460); "Bratz Nighty-Nite Yasmin" (SKU 277477);

23    "Bratz Nighty-Nite Jade" (SKU 277484); "Bratz Nighty-Nite Fianna" (SKU

24    277491); "Bratz Nighty-Nite Sasha" (SKU 277507); "Bratz Secret Date

25    Nevra" (SKU 277514); "Bratz Secret Date Meygan" (SKU 277521); "Bratz

26    Wintertime Collection Cloe" (SKU 277545); "Bratz Wintertime Collection

27    Yasmin" (SKU 277552); "Bratz Wintertime Collection Jade" (SKU 277569);

28    "Bratz Wintertime Collection Dana" (SKU 277576); "Bratz Wintertime

CONFIDENTIAL                     - 7 -          MGA'S SUPPLEMENTAL RESPONSE TO
                                                INTERROGATORY NO. 2 OF MATTEL'S FIRST SET
                                                OF INTERROGATORIES

EXHIBIT 18 PAGE 319

| | |
|---|---|
| 1 | Collection Sasha" (SKU 277583); "Bratz Flashback Fever Cloe" (SKU |
| 2 | 277675); "Bratz Flashback Fever Yasmin" (SKU 277682); "Bratz Flashback |
| 3 | Fever Jade" (SKU 277699); "Bratz Flashback Fever Fianna" (SKU 277705); |
| 4 | "Bratz Tokyo-A-Go Go! Cloe" (SKU 277798); "Bratz Tokyo-A-Go Go! |
| 5 | Yasmin" (SKU 277804); "Bratz Tokyo-A-Go Go! Jade" (SKU 277811); |
| 6 | "Bratz Tokyo-A-Go Go! Fianna" (SKU 277828); "Bratz Tokyo-A-Go Go! |
| 7 | Sasha" (SKU 277835); "Bratz Secret Date Cloe" (SKU 277903); "Bratz |
| 8 | Secret Date Yasmin" (SKU 277910); "Bratz Secret Date Jade" (SKU |
| 9 | 277927); "Bratz Twiins Collector Doll" (SKU 277941); "Bratz Cloe |
| 10 | Collector Doll" (SKU 277958); "Bratz Flashback Fever Sasha" (SKU |
| 11 | 283782); "Bratz Tokyo-A-Go Go! Collector Doll KUMI" (SKU 283898); |
| 12 | "Bratz Wildlife Safari Cloe" (SKU 284031); "Bratz Wildlife Safari Yasmin" |
| 13 | (SKU 284048); "Bratz i-Candy Cloe" (SKU 291893); "Bratz i-Candy |
| 14 | Yasmin" (SKU 291909); "Bratz i-Candy Phoebe" (SKU 291930); "Bratz |
| 15 | Live In Concert Cloe" (SKU 291954); "Bratz Live In Concert Yasmin" |
| 16 | (SKU 291961); "Bratz Live In Concert Sasha" (SKU 291978); "Bratz Live |
| 17 | In Concert Dana" (SKU 291985); "Bratz World London Pretty N' Punk |
| 18 | Cloe" (SKU 292012); "Bratz World London Pretty N' Punk Yasmin" (SKU |
| 19 | 292029); "Bratz World London Pretty N' Punk Jade" (SKU 292043); "Bratz |
| 20 | World London Pretty N' Punk Meygan" (SKU 292050); "Bratz Fabulous |
| 21 | Bratz Cloe" (SKU 293074); "Bratz Fabulous Bratz Yasmin" (SKU 292081); |
| 22 | "Bratz Fabulous Bratz Sasha" (SKU 292098); "Bratz Fabulous Bratz Tiana" |
| 23 | (SKU 292104); "Bratz Play Sportz Yasmin Soccer" (SKU 294092); "Bratz |
| 24 | Play Sportz Meygan Bowling" (SKU 294115); "Bratz Play Sportz Sasha |
| 25 | Cheerleading" (SKU 294122); "Bratz Treasures! Cloe" (SKU 294184); |
| 26 | "Bratz Treasures! Yasmin" (SKU 294191); "Bratz Treasures! Roxxi" (SKU |
| 27 | 294214); "Bratz Play Sportz Tennis Fianna" (SKU 295587); "Bratz Play |
| 28 | Sportz Karate Roxxi" (SKU 296669); "Bratz Play Sportz Basketball Dana" |

CONFIDENTIAL                                    - 8 -          MGA'S SUPPLEMENTAL RESPONSE TO
                                                              INTERROGATORY NO. 2 OF MATTEL'S FIRST SET
                                                              OF INTERROGATORIES

EXHIBIT _18_ PAGE _320_

1   (SKU 296676); "Bratz Step Out! Cloe" (SKU 296980); "Bratz Step Out!
2   Yasmin" (SKU 296997); "Bratz Step Out! Sasha" (SKU 297000); "Bratz
3   Treasures! Jade" (SKU 297017); "Bratz Treasures! Sasha" (SKU 297024);
4   "Bratz Live In Concert Nevra" (SKU 297031); "Bratz Live In Concert Jade"
5   (SKU 297048); "Bratz Midnight Dance Leah" (SKU 297055); "Bratz
6   Midnight Dance Roxxi" (SKU 297062); "Bratz Rock Angelz Yasmin" (SKU
7   297079); "Bratz Step Out! Jade" (SKU 297086); "Bratz Step Out! Meygan"
8   (SKU 297093); "Bratz Twiins Orianna & Valentina" (SKU 301226); "Bratz
9   Dynamite Cloe" (SKU 303466); "Bratz Dynamite Nevra" (SKU 303473);
10  "Bratz Dynamite Meygan" (SKU 303480); "Bratz Birthday Bash Yasmin"
11  (SKU 303527); "Bratz Birthday Bash Cloe" (SKU 303534); "Bratz Birthday
12  Bash Phoebe" (SKU 303541); "Bratz Birthday Bash Sasha" (SKU 303558);
13  "Bratz Midnight Dance Yasmin" (SKU 303657); "Bratz Midnight Dance
14  Meygan" (SKU 303664); "Bratz Midnight Dance Fianna" (SKU 303671);
15  "Bratz Rock Angelz Cloe" (SKU 303886); "Bratz Rock Angelz Jade" (SKU
16  303909); "Bratz Rock Angelz Sasha" (SKU 303916); "Bratz Ooh La La
17  Cloe" (SKU 303954); "Bratz Ooh La La Dana" (SKU 303961); "Bratz Ooh
18  La La Kumi" (SKU 303978); "Bratz Meygan Collector Doll" (SKU
19  304142); "Bratz Campfire Cloe" (SKU 306016); "Bratz Campfire Phoebe"
20  (SKU 306023); "Bratz Campfire Yasmin" (SKU 306030); "Bratz Campfire
21  Dana" (SKU 306047); "Bratz Campfire Felicia" (SKU 306054); "Bratz Wild
22  Wild West Yasmin" (SKU 306474); "Bratz Wild Wild West Cloe" (SKU
23  306481); "Bratz Wild Wild West Fianna" (SKU 306498); "Bratz Wild Wild
24  West Dana" (SKU 309000); "Bratz Wild Wild West Kianna" (SKU 309017);
25  "Bratz Hollywood Style Cloe" (SKU 312185); "Bratz Hollywood Style
26  Dana" (SKU 312192); "Bratz Play Sportz Gymnastics Yasmin" (SKU
27  313168); "Bratz Play Sportz Softball Phoebe" (SKU 313182); "Bratz Feelin'
28  Pretty Collection Cloe" (SKU 313281); "Bratz Feelin' Pretty Collection

CONFIDENTIAL                          - 9 -         MGA'S SUPPLEMENTAL RESPONSE TO
                                                    INTERROGATORY NO. 2 OF MATTEL'S FIRST SET
                                                    OF INTERROGATORIES

EXHIBIT _18_ PAGE _321_

1   Yasmin" (SKU 313298); "Bratz Feelin' Pretty Collection Jade" (SKU
2   313304); "Bratz Feelin' Pretty Collection Dana" (SKU 313311); "Bratz
3   Feelin' Pretty Collection Sasha" (SKU 313328); "Bratz Sweet Dreamz
4   Pajama Party Cloe" (SKU 313410); "Bratz Sweet Dreamz Pajama Party
5   Yasmin" (SKU 313427); "Bratz Sweet Dreamz Pajama Party Siernna" (SKU
6   313434); "Bratz Sweet Dreamz Pajama Party Kumi" (SKU 313441); "Bratz
7   Sweet Dreamz Pajama Party Felicia" (SKU 313458); "Bratz Birthday Cloe"
8   (SKU 313472); "Bratz Birthday Yasmin" (SKU 313489); "Bratz Birthday
9   Jade" (SKU 313496); "Bratz Genie Magic Yasmin" (SKU 313564); "Bratz
10  Genie Magic Jade" (SKU 313571); "Bratz Genie Magic Cloe" (SKU
11  313588); "Bratz Genie Magic Meygan" (SKU 313595); "Bratz Genie Magic
12  Sasha" (SKU 313601); "Bratz Princess Cloe" (SKU 313632); "Bratz
13  Princess Yasmin" (SKU 313649); "Bratz Princess Jade" (SKU 313656);
14  "Bratz Princess Fianna" (SKU 313663); "Bratz Princess Roxxi" (SKU
15  313670); "Bratz Princess Sisters (Ciara & Diona)" (SKU 313700); "Bratz
16  Play Sportz Cheerleader Cloe" (SKU 319795); "Bratz Spring Break Doll
17  Pack Cloe" (SKU 320944); "Bratz Spring Break Doll Pack Yasmin" (SKU
18  320951); "Bratz Spring Break Doll Pack Leah" (SKU 320968); "Bratz
19  Twiins 4th Edition Identical Krysta & Lela" (SKU 321118); "Bratz Sisterz
20  Kiani & Lilani" (SKU 321125); "Bratz Hollywood Yasmin" (SKU 321705);
21  "Bratz Hollywood Phoebe" (SKU 321712); "Play Sportz One on One Basket
22  Ball Cloe & Yasmin" (SKU 324706); "Bratz Design Your Own Bratz Cloe"
23  (SKU 324720); "Bratz Design Your Own Bratz Yasmin" (SKU 324737);
24  "Bratz Hollywood Doll Meygan" (SKU 325680); "Bratz Hollywood Doll
25  Katia" (SKU 325697); "Play Sportz One on One Basketball Yasmin & Jade"
26  (SKU 325703); "Play Sportz One on One Basketball Jade & Meygan" (SKU
27  325710); "Play Sportz One on One Basketball Cloe & Jade" (SKU 325727);
28  "Play Sportz One on One Basketball Cloe & Meygan" (SKU 325734); "Play

CONFIDENTIAL                    - 10 -         MGA'S SUPPLEMENTAL RESPONSE TO
                                               INTERROGATORY NO. 2 OF MATTEL'S FIRST SET
                                               OF INTERROGATORIES

EXHIBIT _18_ PAGE _322_

Sportz One on One Basketball Yasmin & Meygan" (SKU 325741); "Bratz Play Sportz Teamz Tennis Cloe & Yasmin" (SKU 325758); "Play Sportz One on One Tennis Yasmin & Jade" (SKU 325765); "Bratz Play Sportz Teamz Tennis Jade & Meygan" (SKU 325772); "Play Sportz One on One Tennis Cloe & Jade" (SKU 325789); "Play Sportz One on One Tennis Cloe & Meygan" (SKU 325796); "Play Sportz One on One Tennis Yasmin & Meygan" (SKU 325802); "Bratz Ice Champions Playset with Maribel" (SKU 327387); "Bratz Play Sportz Doll Snow Boarding Lilee" (SKU 333692); "Bratz Play Sportz Doll Skiing Yasmin" (SKU 333708); "Bratz Play Sportz Doll Sports Car Katia" (SKU 333715); "Bratz Costume Party Angel Yasmin" (SKU 333739); "Bratz Costume Party Witch Lela" (SKU 333746); "Bratz Passion 4 Fashion Yasmin" (SKU 333807); "Bratz Passion 4 Fashion Cloe" (SKU 333814); "Bratz Passion 4 Fashion Sasha" (SKU 333821); "Bratz Passion 4 Fashion Jade" (SKU 333838); "Bratz Forever Diamondz Sasha" (SKU 333944); "Bratz Rodeo Yasmin" (SKU 333999); "Bratz Rodeo Cloe" (SKU 334002); "Bratz Rodeo Sorya" (SKU 334019); "Bratz Forever Diamondz Cloe" (SKU 334088); "Bratz Forever Diamondz Yasmin" (SKU 334095); "Bratz Forever Diamondz Jade" (SKU 334101); "Bratz Forever Diamondz Sharidan" (SKU 334118); "Bratz Ice Champions Yasmin" (SKU 334125); "Bratz Ice Champions Dana" (SKU 334132); "Bratz Ice Champions Vinessa" (SKU 334149); "Talking Bratz Cloe" (SKU 334187); "Talking Bratz Yasmin" (SKU 334194); "Bratz Holiday Trinity" (SKU 334200); "Bratz Babyz Sitter Lana & Alicia" (SKU 334224); "Bratz Play Sportz Teamz Soccer Yasmin & Roxxi" (SKU 334255); "Bratz Play Sportz Teamz Soccer Cloe & Katia" (SKU 334262); "Bratz Triiiplets Adrienne, Brigitte & Janelle" (SKU 334279); "Bratz Play Sportz Teamz Softball Cloe & Yasmin" (SKU 337850); "Bratz Play Sportz Teamz Softball Dana & Cloe" (SKU 337867); "Bratz Play Sportz Teamz Soccer Leah & Dana"

CONFIDENTIAL                    - 11 -          MGA'S SUPPLEMENTAL RESPONSE TO
                                               INTERROGATORY NO. 2 OF MATTEL'S FIRST SET
                                               OF INTERROGATORIES

EXHIBIT _18_ PAGE _323_

(SKU 337874); "Bratz Play Sportz Teamz Soccer Roxxi & Cloe" (SKU 337911); "Bratz Back to School Yasmin" (SKU 337935); "Bratz Back to School Cloe" (SKU 337942); Bratz Back to School Phoebe" (SKU 337959); "Talking Bratz Jade" (SKU 338390); "Talking Bratz Sasha" (SKU 338406); "Bratz Sleep-Over Cloe" (SKU 339779); "Bratz Sleep-Over Yasmin" (SKU 339786); "Bratz Sleep-Over Jade" (SKU 339793); "Bratz Sleep-Over Meygan" (SKU 340904); "Bratz Sleep-Over Sasha" (SKU 340911); "Bratz Passion 4 Fashion Yasmin" (SKU 341215); "Bratz Passion 4 Fashion Cloe" (SKU 341222); "Bratz Passion 4 Fashion Jade" (SKU 341239); "Bratz Passion 4 Fashion Sasha" (SKU 341246); "Bratz Fashion Pixiez Cloe" (SKU 341307); "Bratz Fashion Pixiez Yasmin" (SKU 341314); "Bratz Fashion Pixiez Jade" (SKU 341321); "Bratz Fashion Pixiez Sasha" (SKU 341338); "Bratz Play Sportz Doll Cheeleading Yasmin" (SKU 343615); "Bratz Birthday Cloe" (SKU 343622); "Bratz Birthday Yasmin" (SKU 343639); "Bratz Birthday Meygan" (SKU 343646); "Bratz Adventure Girlz Cloe" (SKU 343677); "Bratz Adventure Girlz Yasmin" (SKU 343684); "Bratz Adventure Girlz Jade" (SKU 343691); "Bratz S07 Magic Hair Cloe" (SKU 343714); "Bratz S07 Magic Hair Yasmin" (SKU 343721); "Bratz S07 Magic Hair Jade" (SKU 343738); "Bratz Sweet Heart Sasha" (SKU 344070); "Bratz Sweet Heart Lilee" (SKU 344087); "Bratz Sweet Heart Yasmin" (SKU 344094); "Bratz Sweet Heart Phoebe" (SKU 344100); "Bratz Sleep-Over Cloe" (SKU 344117); "Bratz Sleep-Over Yasmin" (SKU 344124); "Bratz Sleep-Over Leah" (SKU 344131); "Bratz Sleep-Over Sasha" (SKU 344155); "Bratz Fashion Pixiez Dee" (SKU 345701); "Bratz Fashion Pixiez Lina" (SKU 345718); "Bratz Hot Summer Dayz Cloe" (SKU 348818); "Bratz Hot Summer Dayz Yasmin" (SKU 348825); "Bratz Hot Summer Dayz Jade" (SKU 348832); "Bratz Hot Summer Dayz Sasha" (SKU 348849); "Bratz Fashion Pixiez Breeana" (SKU 348856); "Bratz Play Sportz

CONFIDENTIAL

- 12 -

MGA'S SUPPLEMENTAL RESPONSE TO
INTERROGATORY NO. 2 OF MATTEL'S FIRST SET
OF INTERROGATORIES

EXHIBIT __18__ PAGE __324__

1   Doll Dance Fianna" (SKU 350644); "Bratz Play Sportz Doll Soccer Cloe"

2   (SKU 350651); "Bratz Spiderman Doll Cloe" (SKU 350910); "Bratz S07

3   Magic Hair Sasha" (SKU 252297); "Bratz Birthday Sasha" (SKU 352310);

4   "Bratz Adventure Girlz Sasha" (SKU 352327); "Bratz Play Sportz Doll

5   Inline Skating Sasha" (SKU 352334); "Bratz Shrek Doll Yasmin" (SKU

6   352341); "Bratz X-Treme Skate Boarding RC Cloe 27 MHZ" (SKU

7   352358); "Bratz X-Treme Skate Boarding RC Yasmin 49 MHZ" (SKU

8   352396); "Bratz X-Treme Skate Boarding RC Sasha 49 MHZ" (SKU

9   353201); "Bratz Gold Medal Gymnasts Cloe" (SKU 353409); "Bratz Gold

10  Medal Gymnasts Yasmin" (SKU 353416); "Bratz Gold Medal Gymnasts

11  Sasha" (SKU 353430); "Bratz Play Sportz Tennis Vinessa" (SKU 357353);

12  "Bratz Blind Date Nevra" (SKU 277514P); "Bratz Blind Date Meygan"

13  (SKU 277521P); "Bratz Blind Date Cloe" (SKU 277903P); "Bratz Blind

14  Date Yasmin" (SKU 277910P); "Bratz Blind Date Jade" (SKU 277927P);

15  "Bratz X-Treme Skate Boarding RC Cloe 27 MHZ" (SKU 352358P); "Bratz

16  X-Treme Skate Boarding RC Yasmin 49 MHZ" (SKU 352396P); "Bratz X-

17  Treme Skate Boarding RC Sasha 49 MHZ" (SKU 353201P).

18  • The packaging of the "Bratz" female fashion dolls. The attributes of the

19  packaging of the "Bratz" fashion dolls that Mattel has copied or infringed

20  include the transparent and open style of the packaging, the *tout ensemble*-

21  style packaging, and the "flying banner" ribbon-style slogan running across

22  the middle of the box.  The SKU numbers for the "Bratz" female fashion

23  dolls that were sold in packaging copied or infringed by Mattel are as

24  follows: "Bratz Play Sportz Teamz Soccer" Cloe (SKU 334262 & 337911);

25  "Bratz Play Sportz Teamz Softball" Cloe (SKU 337850 & 337867); "Sasha"

26  (SKU 248552); "Cloe" (SKU 248538); "Jade" (SKU 248545); "Yasmin"

27  (SKU 248569).

28

CONFIDENTIAL                           - 13 -      MGA'S SUPPLEMENTAL RESPONSE TO
                                                   INTERROGATORY NO. 2 OF MATTEL'S FIRST SET
                                                   OF INTERROGATORIES

EXHIBIT 18 PAGE 325

1  • The "Wintertime Wonderland" theme and concept for "Bratz" fashion dolls.
2  The attributes of the "Wintertime Wonderland" theme and concept that
3  Mattel has copied or infringed include a line of fashion dolls that are dressed
4  in trendy winter clothes and are packaged with winter sport accessories. The
5  SKU numbers for the "Wintertime Wonderland"-themed "Bratz" fashion
6  dolls and accessories that Mattel has infringed or copied are as follows:
7  "Bratz Wintertime Wonderland Collection" "Cloe" (SKU 260356); "Bratz
8  Wintertime Wonderland Collection" "Yasmin" (SKU 260363); "Bratz
9  Wintertime Wonderland Collection" "Jade" (SKU 260387); "Bratz
10  Wintertime Wonderland Collection" "Dana" (SKU 260370); "Bratz
11  Wintertime Wonderland Collection" "Sasha" (SKU 260394); "Bratz
12  Wintertime Wonderland Collection" (SKU 263333); "Bratz Wintertime
13  Collection" "Cameron" (SKU 277606); "Bratz Wintertime Collection"
14  "Dylan" (SKU 277613); "Bratz Wintertime Collection" "Eitan" (SKU
15  277620); "Bratz Wintertime Collection" "Koby" (SKU 277637); "Bratz
16  Wintertime Collection" "Cade" (SKU 277644); "Boyz Wintertime
17  Collection" 6 Piece Assortment (SKU 277590).
18  • The "Formal Funk" theme and concept for "Bratz" fashion dolls. The
19  attributes of the "Formal Funk" theme and concept that Mattel has copied or
20  infringed include a line of fashion dolls that are dressed in trendy formal
21  wear or evening gowns. The SKU numbers for the "Formal Funk"-themed
22  "Bratz" fashion dolls and accessories that Mattel has infringed or copied are
23  as follows: "Bratz Formal Funk Collection" "Cloe" (SKU 260400); "Bratz
24  Formal Funk Collection" "Jade" (SKU 260431); "Bratz Formal Funk
25  Collection" "Yasmin" (SKU 260417); "Bratz Formal Funk Collection"
26  "Dana" (SKU 260424); "Bratz Formal Funk Collection" "Sasha" (SKU
27  260448); "Bratz Formal Funk Collection" Assortment (SKU 262008); "Bratz
28  Boyz Formal Funk Collection" "Cameron" (SKU 261209); "Bratz Boyz

EXHIBIT 18 PAGE 326

Formal Funk Collection" "Dylan" (SKU 261216); "Bratz Boyz Formal Funk Collection" "Eitan" (SKU 261223); "Bratz Boyz Formal Funk Collection" "Koby" (SKU 261230); "Bratz Boyz Formal Funk Collection" Assortment (SKU 261193); "Bratz Formal Funk Date Pak" "Cloe" + Boy (SKU 272793); "Bratz Formal Funk Date Pak" "Jade" + Boy (SKU 272809); "Bratz Formal Funk Date Pak" "Yasmin" + Boy (SKU272816); "Bratz Formal Funk Date Pak" "Dana" + Boy (SKU 272823); "Bratz Formal Funk Date Pak" "Sasha" + Dude (SKU 272830).

- The "Sun-Kissed Summer" theme and concept for "Bratz" fashion dolls. The attributes of the "Sun-Kissed Summer" theme and concept that Mattel has copied or infringed include a line of fashion dolls that are dressed in trendy bathing suits and are packaged with beach gear and water sport accessories. The SKU numbers for the "Sun-Kissed Summer"-themed "Bratz" fashion dolls and accessories that Mattel has infringed or copied are as follows: "Bratz Sun-Kissed Summer" "Cloe" (SKU 269526); "Bratz Sun-Kissed Summer" "Yasmin" (SKU 269533); "Bratz Sun-Kissed Summer" "Jade" (SKU 269540); "Bratz Sun-Kissed Summer" "Jade" (SKU 269557); "Bratz Sun-Kissed Summer" "Sasha" (SKU 269564); "Bratz Sun-Kissed Summer" Assortment (SKU 269519); "Boyz Sun-Kissed Summer" "Cameron" (SKU 269588); "Boyz Sun-Kissed Summer" "Dylan" (SKU 269595); "Boyz Sun-Kissed Summer" "Koby" (SKU 269601); "Boyz Sun-Kissed Summer" "Eitan" (SKU 269618); "Boyz Sun-Kissed Summer" "Cade" (SKU 269625); "Boyz Sun-Kissed Summer" Assortment (SKU 269571).

- The "Forever Diamondz" theme and concept for "Bratz" fashion dolls. The attributes of the "Forever Diamondz" theme and concept that Mattel has infringed or copied include a line of fashion dolls that are packaged with real diamond jewelry that can be worn by girls. The SKU numbers for the

CONFIDENTIAL                              - 15 -          MGA'S SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2 OF MATTEL'S FIRST SET OF INTERROGATORIES

EXHIBIT 18 PAGE 327

1   "Forever Diamondz"-themed "Bratz" fashion dolls and accessories that
2   Mattel has infringed or copied are: "Bratz Forever Diamondz" 6 piece
3   assortment (SKU 334071); "Bratz Forever Diamondz" "Cloe" (SKU
4   334088); "Bratz Forever Diamondz" "Yasmin" (SKU 334095); "Bratz
5   Forever Diamondz" "Jade" (SKU 334101); "Bratz Forever Diamondz"
6   "Sharidan" (SKU 334118); "Bratz Forever Diamondz" "Sasha" (SKU
7   333944).

8   • The "Bratz Formal Funk Super Stylin' Runway Disco" play set and its
9   distinctive trapezoidal-shaped packaging.  The SKU number for the "Bratz
10  Formal Funk Super Stylin' Runway Disco" is: 257790.

11  • The "Bratz Funky Fashion Makeover" heads.  The common attributes of all
12  "Bratz Funky Fashion Makeover" heads that Mattel has copied or infringed
13  include the distinctive faces with artfully made-up, heavy-lidded, almond-
14  shaped large eyes, and large, overly-lined and lipsticked lips.  The SKU
15  numbers for the "Bratz Funky Fashion Makeover" products that Mattel has
16  copied or infringed are as follows: "Bratz Funky Fashion Makeover" "Cloe"
17  (SKU 255406, 325598); "Bratz Funky Fashion Makeover" "Yasmin" (SKU
18  255413, 325628); "Bratz Funky Fashion Makeover" "Jade" (SKU 255420,
19  325611); "Bratz Funky Fashion Makeover" "Sasha" (SKU 255451, 327486);
20  "Bratz Funky Fashion Makeover" "Dana" (SKU 263562, 271413); "Bratz
21  Funky Fashion Makeover" "Meygan" (SKU 263555, 271420); "Bratz Funky
22  Fashion Makeover" (SKU 254324); "Bratz Funky Fashion Makeover"
23  "Nevra" (SKU 269694); "Bratz Funky Fashion Makeover" "Fianna" (SKU
24  269700); "Bratz Funky Fashion Makeover" Assortment (SKU 264644M3,
25  271437, 303367S6).

26  • The "Bratz Petz" plush toys.  The common attributes of the "Bratz Petz"
27  plush toys that Mattel has copied or infringed include animals with large,
28  human-like, made-up eyes with long eye lashes and wearing trendy human

CONFIDENTIAL                    - 16 -        MGA'S SUPPLEMENTAL RESPONSE TO
                                             INTERROGATORY NO. 2 OF MATTEL'S FIRST SET
                                             OF INTERROGATORIES

EXHIBIT 18 PAGE 328

1    clothing. The SKU numbers for the "Bratz Petz" plush toys that Mattel has
2    copied or infringed are as follows: "Bratz Petz Catz" "Brigitte" (SKU
3    268796, 304739); "Bratz Petz Catz" "Jolie" (SKU 268802, 304715); "Bratz
4    Petz Catz" "Kendall" (SKU 268819, 304708); "Bratz Petz Catz" "Daphne"
5    (SKU 268826, 304722); "Bratz Petz Foxz" "Carly" (SKU 274131); "Bratz
6    Petz Foxz" "Reilly" (SKU 274148); "Bratz Petz Foxz" "Shayna" (SKU
7    274155); "Bratz Petz Foxz" "Bree" (SKU 274162); "Bratz Petz Foxz"
8    Assortment (SKU 274124); "Bratz Petz Dogz" "Shae" (SKU 274087);
9    "Bratz Petz Dogz" "Kali" (SKU 274094); "Bratz Petz Dogz" "Pilar" (SKU
10   274100); "Bratz Petz Dogz" "Abby" (SKU 274117); "Bratz Petz Dogz"
11   Assortment (SKU 274070).
12   • The packaging for "Bratz Petz" plush toys. The attributes of the packaging
13     for the "Bratz Petz" plush toys that Mattel has copied or infringed include an
14     open box with no top and with partial side panels that slope from a narrow
15     front panel to a higher back panel. The SKU numbers for the "Bratz Petz"
16     that were sold in the packaging copied or infringed by Mattel are listed
17     above.
18   • The "4-Ever Best Friends" fashion dolls. The attributes of the "4-Ever Best
19     Friends" fashion dolls that Mattel has copied or infringed include the concept
20     of a line of "little girl" fashion dolls with a number in the name of the doll
21     line, packaged together as "friends" with themed accessories and mix-and-
22     match outfits. The SKU numbers for the "4-Ever Best Friends" fashion dolls
23     that were infringed or copied by Mattel are as follows: "4-Ever Best Friends
24     Just Chillin'" "Dianthe & Akire" (SKU 277200); "4-Ever Best Friends Just
25     Chillin'" "Brianee & Dianthe" (SKU 277217); "4-Ever Best Friends Just
26     Chillin'" "Calista & Noelle" (SKU 277224); "4-Ever Best Friends Just
27     Chillin'" "Akire & Calista" (SKU 277262); "4-Ever Best Friends Just
28     Chillin'" "Noelle & Brianee" (SKU 277279); "4-Ever Best Friends Just

CONFIDENTIAL                    - 17 -        MGA'S SUPPLEMENTAL RESPONSE TO
                                              INTERROGATORY NO. 2 OF MATTEL'S FIRST SET
                                              OF INTERROGATORIES

EXHIBIT 18 PAGE 329

Chillin'" "Calista & Dianthe" (SKU 277286); "4-Ever Best Friends Girl Party" "Dianthe & Akire" (SKU 277231); "4-Ever Best Friends Girl Party" "Brianee & Calista" (SKU 277248); "4-Ever Best Friends Girl Party" "Noelle & Calista" (SKU 277255); "4-Ever Best Friends Girl Party" "Akire & Brianee" (SKU 277293); "4-Ever Best Friends Girl Party" "Calista & Dianthe" (SKU 277309); "4-Ever Best Friends Girl Party" "Calista & Noelle" (SKU 277316); "4-Ever Best Friends" 12 Piece Assortment (SKU 277194).

- The distinctive packaging for "4-Ever Best Friends" fashion dolls. The attributes of the packaging that Mattel has copied or infringed include the color schemes (both the pink and the light blue versions of the packaging), the rounded heart-like shape and packaging that serves as a display/carrying case. The SKU numbers for the "4-Ever Best Friends" fashion dolls that were sold in packaging that was infringed or copied by Mattel are listed above.

- "Mommy's Little…" line of dolls, which includes "Mommy's Little Patient" (the only doll in the line that was released by MGA). The attributes of the "Mommy's Little…" line of dolls that Mattel copied or infringed include the concept of a line or series of baby or toddler-like dolls with the words "Little" and "Mommy" in the title and that are sold with themed-accessories. Mattel also copied the headband with bow from MGA's "Mommy's Little Patient" and included a similar headband with bow on its "Little Mommy Potty Training Doll". The SKU numbers for the "Mommy's Little Patient" dolls Mattel infringed or copied are as follows: "Mommy's Little Patient" (SKU 265450, 265481, 253969, 258100); "Mommy's Little Bathtime Baby" (SKU 285328, 284314); "Mommy's Little…" 3 Piece Assortment (SKU 286608, 286615).

CONFIDENTIAL

- 18 -

MGA'S SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2 OF MATTEL'S FIRST SET OF INTERROGATORIES

EXHIBIT 18 PAGE 330

1   • "Alien Racers" toy racing vehicles.  The attributes of the "Alien Racers" toy
2   racing vehicles that Mattel copied and infringed include the strong, extreme,
3   battle-like theme of the racing vehicles and the "Alien Racers" logo, which
4   accentuates the "A," "R," and "S" in compressed block lettering.  The SKU
5   numbers for the "Alien Racers" toy racing vehicles that Mattel has copied or
6   infringed are as follows: "Alien Racers RC Ultrox" (SKU 273721, 288442);
7   "Alien Racers RC GNARL" (SKU 273738, 288459); "Alien Racers
8   G'ROG" (SKU 273714, 288473); "Alien Racers SKRASH" (SKU 273745,
9   288480); "Alien Racers RC" 2 Piece Assortment (SKU 273707).
10  MGA is the source of the concepts, designs, products, and product packaging listed above.
11         AS TO OBJECTIONS ONLY:
12
13  Dated:  June 20, 2007         O'MELVENY & MYERS LLP
14
15                              Johanna Schmitt
                                Attorneys for MGA Entertainment, Inc.
16
17
18
19
20
21
22
23
24
25
26
27
28

CONFIDENTIAL           - 19 -    MGA'S SUPPLEMENTAL RESPONSE TO
                                  INTERROGATORY NO. 2 OF MATTEL'S FIRST SET
                                  OF INTERROGATORIES

EXHIBIT 18 PAGE 331

**Exhibit 19**

1　DALE M. CENDALI (admitted *pro hac vice*)
　　DIANA M. TORRES (S.B. #162284)
2　JAMES P. JENAL (S.B. # 180190)
　　O'MELVENY & MYERS LLP
3　400 South Hope Street
　　Los Angeles, CA  90071-2899
4　Telephone:  (213) 430-6000
　　Facsimile:  (213) 430-6407
5　Email:     jjenal@omm.com

6　PATRICIA GLASER (S.B. #55668)
　　CHRISTENSEN, GLASER, FINK,
7　JACOBS, WEIL & SHAPIRO, LLP
　　10250 Constellation Boulevard, 19th Floor
8　Los Angeles, CA  90067
　　Telephone:  (310) 553-3000
9　Facsimile:  (310) 557-9815

10　Attorneys for MGA Entertainment, Inc.

11

12　　　　　　　UNITED STATES DISTRICT COURT

　　　　　　　　CENTRAL DISTRICT OF CALIFORNIA
13
　　　　　　　　　　　EASTERN DIVISION
14

15　CARTER BRYANT, an individual,　　Case No.  CV 04-09049 SGL (RNBx)
　　　　　　　　　　Plaintiff,　　　　(consolidated with CV 04-9059 & 05-2727)
16
　　　　　v.　　　　　　　　　　　DECLARATION OF PAULA D.
17　MATTEL, INC., a Delaware　　　　GARCIA IN SUPPORT OF MGA
　　Corporation,　　　　　　　　　ENTERTAINMENT, INC.'S
18　　　　　　　　　　Defendant.　　OPPOSITION TO MATTEL'S
　　　　　　　　　　　　　　　　　MOTION TO COMPEL
19　CONSOLIDATED WITH
　　MATTEL, INC. v. BRYANT and　　Hearing Date: March 5, 2007
20　MGA ENTERTAINMENT, INC. v.　　Hearing Time: 8:00 a.m.
　　MATTEL, INC.

21

22

23　　　　　　　　　FILED UNDER SEAL

24　　　　　SUBJECT TO PROTECTIVE ORDER

25　　　　　　　ATTORNEYS' EYES ONLY

26

27

28

LA2:823147.1

**EXHIBIT 19 PAGE 332**

I, Paula D. Garcia, declare and state:

1.     I have personal knowledge of the following and, if called upon to do so, could competently testify thereto under oath.

2.     I am employed by MGA Entertainment, Inc. as Vice President of Product Design and Development.  In this position, I am responsible for the design and development of MGA's line of "Bratz" products.  I also work closely with Carter Bryant, the creator of the original "Bratz" doll drawings, on MGA's development of the "Bratz" line.

3.     MGA's "Bratz" products, first released in the summer of 2001, are now sold worldwide and compete directly with certain products marketed by Mattel, Inc. ("Mattel").

4.     Without question, a toy manufacturer's unreleased toy concepts, *i.e.*, those that have not been made public, are among its most highly valuable trade secrets.  The drawings and designs for those concepts represent works in progress and ideas for advancing and developing product lines.  Although such drawings and designs are valuable even *after* the product's public release, their value is enormous prior to their public release because it is the new ideas and designs that are most likely to generate new sales.

5.     MGA protects its product designs and drawings through a number of ways.  For example, employees are required to sign confidentiality agreements, computers are password protected, our product design buildings have security guards who prohibit entry to unauthorized personnel and who check even authorized personnel on their way out.  Even vendors, manufacturers, suppliers and other third parties who may see a product design late in the development process are required to sign strict confidentiality agreements.

6.     MGA's drawings for some of its yet-unreleased "Bratz" products are even more closely protected.  When we begin to develop a new "Bratz" line, only a very limited number of people know about it.  In fact, with respect to some new

1  "Bratz" products, Carter Bryant and I are the *only* people who know what the
2  concept is and who see the early product drawings.  Even after I approve and we
3  have finalized the concept, only a small number of people on the "Bratz"
4  development team have exposure to the drawings.

5       7.    The creative development process is one that is fluid, not static.  To
6  develop a product, we may create and develop scores of drawings that we modify
7  and improve throughout the development cycle.  At MGA, the development process
8  is constant and extremely rapid.  In fact, MGA, which is not burdened by extensive
9  corporate bureaucracy, is known in the toy industry for its development speed and
10 market responsiveness.  Often in this fast-paced development process, we go back
11 to, or build on, prior drawings.  To be forced to turn over these drawings throughout
12 the development process before the product line is finalized, particularly as we are
13 operating under such short development cycles, would not only substantially
14 compromise the strict confidentiality measures that we have in place but would be
15 extremely disruptive to our ability to do business and therefore significantly impact
16 our ability to compete.

17      Dated:  February 9, 2007

19                                        Paula D. Garcia

LA2:823147.1

- 3 -

CV 04-09049 SGL (RNBX)

**EXHIBIT _19_ PAGE _334_**

**Exhibit  20**

1   DALE M. CENDALI (admitted *pro hac vice*)
    dcendali@omm.com
2   DIANA M. TORRES (S.B. #162284)
    dtorres@omm.com
3   JAMES P. JENAL (S.B. #180190)
    jjenal@omm.com
4   O'MELVENY & MYERS LLP
    400 South Hope Street
5   Los Angeles, CA  90071-2899
    Telephone:  (213) 430-6000
6   Facsimile:   (213) 430-6407

7   PATRICIA GLASER (S.B. #55668)
    CHRISTENSEN, GLASER, FINK,
8   JACOBS, WEIL & SHAPIRO, LLP
    10250 Constellation Boulevard, 19th Floor
9   Los Angeles, CA 90067
    Telephone:  (310) 553-3000
10  Facsimile:   (310) 557-9815

11  Attorneys for MGA Entertainment, Inc.

12              UNITED STATES DISTRICT COURT

13            CENTRAL DISTRICT OF CALIFORNIA

14                  EASTERN DIVISION

15

16  CARTER BRYANT, an individual,       Case No.  CV 04-9049 SGL (RNBx)
                                        (consolidated with CV 04-9059 & 05-
17              Plaintiff,              2727)

18        v.                           DECLARATION OF PATRICIA
                                       PERRIER IN SUPPORT OF MGA'S
19  MATTEL, INC., a Delaware           OPPOSITION TO MATTEL'S
    corporation,                       MOTION TO TRY ALL CLAIMS
20                                     RELATED TO BRATZ
              Defendant.               OWNERSHIP IN PHASE ONE
21
                                       Hearing Date: June 11, 2007
22                                     Time:  10:00 a.m.
                                       Place:  Courtroom 1
23                                     Judge: Hon. Stephen G. Larson

24

25

26

27

28
                                       PERRIER DECL ISO MGA'S OPP'N RE:
                                       PHASE ONE TRIAL CV 04-9049

**EXHIBIT 20 PAGE 335**    05/25/07

1          I, Patricia Perrier, declare and state as follows:

2             1.     I am employed by MGA Entertainment, Inc. ("MGA") as a

3 manager of sales administration at its corporate headquarters in Van Nuys,

4 California. All of the facts set forth herein are known to me personally, and if

5 called as a witness, I could and would testify competently thereto.

6             2.     MGA's business records include price lists for all of our

7 products. By reviewing those price lists, it is possible to identify the different

8 Bratz-related products that have been brought to market. Based on those records, I

9 estimate that more than 200 Bratz-related products have been manufactured and

10 marketed by MGA. Some of those products are listed here: Boyz Sun-Kissed

11 Summer- Cade; Boyz Sun-Kissed Summer- Cameron; Boyz Sun-Kissed Summer-

12 Dylan; Boyz Sun-Kissed Summer- Eitan; Boyz Sun-Kissed Summer- Koby; Bratz 4

13 You Forever Diamondz Role Play Boa; Bratz 4 You Forever Diamondz Role Play

14 Jewelry ; Bratz 4 You Forever Diamondz Role Play Purse; Bratz 4 You Forever

15 Diamondz Role Play Shoes Style 1; Bratz 4 You Forever Diamondz Role Play

16 Shoes Style 2; Bratz 4 You Forever Diamondz Role Play T-Shirt-Cloe /Black;

17 Bratz 4 You Forever Diamondz Role Play T-Shirt-Sasha Beige; Bratz 4 You

18 Forever Diamondz Role Play T-Shirt-Sharidan -Red; Bratz 4 You Forever

19 Diamondz Role Play T-Shirt-Yasmin -White; Bratz 4 You Forever Diamondz

20 Vanity; Bratz Boyz Formal Funk - Cameron; Bratz Boyz Formal Funk - Dylan;

21 Bratz Boyz Formal Funk - Eitan; Bratz Boyz Formal Funk - Koby; Bratz Forever

22 Diamondz - Design Kit; Bratz Forever Diamondz - FFM Torso - Cloe; Bratz

23 Forever Diamondz - FFM Torso - Jade; Bratz Forever Diamondz - FFM Torso -

24 Sasha; Bratz Forever Diamondz - FFM Torso - Sharidan; Bratz Forever Diamondz -

25 FFM Torso - Yasmin; Bratz Forever Diamondz - RC Cruiser Car Red 27 MHz;

26 Bratz Forever Diamondz - RC Cruiser Car White 49 MHz; Bratz Forever

27 Diamondz - Rollin' Runway; Bratz Forever Diamondz Cloe; Bratz Forever

28 Diamondz Jade; Bratz Forever Diamondz Sasha; Bratz Forever Diamondz

PERRIER DECL ISO MGA'S OPP'N RE:
PHASE ONE TRIAL CV 04-9049

**EXHIBIT 20 PAGE 336**

1 Sharidan; Bratz Forever Diamondz Yasmin; Bratz Formal Funk Collection - Cloe;

2 Bratz Formal Funk Collection - Dana; Bratz Formal Funk Collection - Jade; Bratz

3 Formal Funk Collection - Sasha; Bratz Formal Funk Collection - Yasmin; Bratz

4 Formal Funk Date Pack; Bratz Formal Funk Date Pk- Cloe + Boy; Bratz Formal

5 Funk Date Pk- Dana + Boy; Bratz Formal Funk Date Pk- Jade + Boy; Bratz Formal

6 Funk Date Pk- Sasha + Dude; Bratz Formal Funk Date Pk- Yasmin + Boy; Bratz

7 Funky Fashion Makeover; Bratz Funky Fashion Makeover - Cloe ; Bratz Funky

8 Fashion Makeover - Dana; Bratz Funky Fashion Makeover - Fianna; Bratz Funky

9 Fashion Makeover - Jade; Bratz Funky Fashion Makeover - Meygan; Bratz Funky

10 Fashion Makeover - Nevra; Bratz Funky Fashion Makeover - Sasha; Bratz Funky

11 Fashion Makeover - Yasmin ; Bratz Funky Fashion Makeover Refill; Bratz Live in

12 Concert Funky Fashion Make Over - Cloe; Bratz Live in Concert Funky Fashion

13 Make Over - Jade; Bratz Live in Concert Funky Fashion Make Over - Nevra; Bratz

14 Live in Concert Funky Fashion Make Over - Sasha; Bratz Live in Concert Funky

15 Fashion Make Over - Yasmin; Bratz Ooh La La Petz Catz in my Purse- Brigitte;

16 Bratz Ooh La La Petz Catz in my Purse- Kendall; Bratz Ooh La La Petz Dogz in

17 my Purse- Abby; Bratz Ooh La La Petz Dogz in my Purse- Shae; Bratz Petz Beauty

18 Sleep Bash Fashion Pack; Bratz Petz Bedtime Beauty Party Fashion Pack; Bratz

19 Petz Boogie Blitz! Fashion Pack; Bratz Petz- Brigitte; Bratz Petz CampFire Arya;

20 Bratz Petz CampFire Samara; Bratz Petz Casual Chic Fashion Pack ; Bratz Petz

21 Catz- Brigitte; Bratz Petz Catz- Daphne; Bratz Petz Catz- Jolie; Bratz Petz Catz-

22 Kendall; Bratz Petz Catz Palace Brigitte ; Bratz Petz Catz Palace Daphne ; Bratz

23 Petz Catz Palace Jolie ; Bratz Petz Catz Palace Kendall ; Bratz Petz Christmas

24 Foxz- Green Fox; Bratz Petz Christmas Foxz- Red Fox; Bratz Petz Cool Cords

25 Fashion Pack; Bratz Petz- Daphne; Bratz Petz Dogz Abby; Bratz Petz Dogz Kali;

26 Bratz Petz Dogz Pilar; Bratz Petz Dogz Shae; Bratz Petz- Easygoing Glam Fashion

27 Pack; Bratz Petz Foxz Bree; Bratz Petz Foxz Carly; Bratz Petz Foxz Reilly; Bratz

28 Petz Foxz Shayna; Bratz Petz in My Purse Brigitte; Bratz Petz in My Purse

- 3 -

EXHIBIT _20_ PAGE _337_

1  Daphne; Bratz Petz in My Purse Jolie; Bratz Petz in My Purse Kendall; Bratz Petz-
2  Jolie; Bratz Petz Keepin' It Relaxed Fashion Pack; Bratz Petz- Kendall; Bratz Petz
3  Midnight Mod Fashion Pack; Bratz Petz Ooh La La Catz Josette; Bratz Petz Ooh
4  La La Dog Sandrine; Bratz Petz Petzpack; Bratz Petz Roll Out! Fashion Pack; Bratz
5  Petz Sleep 'N' Style Fashion Pack; Bratz Petz Stun 'Em Fashion Pack; Bratz Petz
6  Superstar Kendall; Bratz Petz Twiins Catz Kailee & Saidi; Bratz Petz Twiins Dogz
7  Demi & Gianna; Bratz Petz Wow 'Em Fashion Pack; Bratz Play Sportz
8  Cheerleader Cloe; Bratz Play Sportz Teamz Soccer- Cloe & Katia; Bratz Play
9  Sportz Teamz Soccer- Roxxi & Cloe; Bratz Play Sportz Teamz Softball Cloe &
10  Yasmin; Bratz Play Sportz Teamz Softball Dana & Cloe; Bratz Playset Wintertime
11  Ski Lodge; Bratz Sun-Kissed Summer- Cloe; Bratz Sun-Kissed Summer- Dana;
12  Bratz Sun-Kissed Summer- Jade; Bratz Sun-Kissed Summer- Sasha; Bratz Sun-
13  Kissed Summer- Yasmin ; Bratz Tokyo Catz Cho; Bratz Tokyo Catz Kyoko; Bratz
14  Tokyo Catz Nami; Bratz Tokyo Catz Yukiko; Bratz Wintertime Collection - Cade;
15  Bratz Wintertime Collection - Cameron; Bratz Wintertime Collection - Cloe; Bratz
16  Wintertime Collection - Dana; Bratz Wintertime Collection - Dylan; Bratz
17  Wintertime Collection - Eitan; Bratz Wintertime Collection - Jade; Bratz
18  Wintertime Collection - Koby; Bratz Wintertime Collection - Sasha; Bratz
19  Wintertime Collection - Yasmin; Bratz Wintertime Wonderland Collection - Cloe;
20  Bratz Wintertime Wonderland Collection - Dana; Bratz Wintertime Wonderland
21  Collection - Jade; Bratz Wintertime Wonderland Collection - Sasha; Bratz
22  Wintertime Wonderland Collection - Yasmin; Bree Pillow; Carly Pillow; Easter
23  Bunny- Avery; Easter Bunny- Tatiana; Easter Bunny- Tess; Easter Bunny- Viveka;
24  Formal Funk Superstylin' Runway Disco; Funky Fashion Makeover- Dana; Funky
25  Fashion Makeover- Meygan; Original Bratz – Cloe (Caucasian); Original Bratz –
26  Fashion Pack Asst; Original Bratz – Jade (Asian); Original Bratz – Sasha (African
27  American); Original Bratz – Yasmin (Hispanic); Petz Catz Pillow Brigitte; Petz
28  Catz Pillow Daphne; Petz Catz Pillow Jolie; Petz Catz Pillow Kendall; Play Sportz

- 4 -

EXHIBIT 20 PAGE 338

1  One on One Basket Ball - Cloe & Jade; Play Sportz One on One Basket Ball - Cloe

2  & Meygan; Play Sportz One on One Tennis - Cloe & Jade; Play Sportz One on One

3  Tennis - Cloe & Meygan; Play Sportz One on One Tennis - Cloe & Yasmin;

4  Puppyz A Go Go- Brina; Puppyz A Go Go- Gitana; Puppyz A Go Go- Keena;

5  Puppyz A Go Go- Nyla; Reilly Pillow; Shayna Pillow; Sun-Kissed Summer Splash

6  n Dance Pool Party Playset; Superstylin' Runway Disco.

7          3.     In addition to the Bratz-related products listed above, there are

8  numerous other products that have been manufactured and marketed by third-

9  parties under licenses from MGA.

10

11          I declare under penalty of perjury under the laws of the United States

12  that the foregoing is true and correct.  Executed this 25 day of May, 2007, at Los

13  Angeles, California.

14

15

16

17                                                      Patricia Perrier

18  LA2:832499.1

19

20

21

22

23

24

25

26

27

28

PERRIER DECL ISO MGA'S OPP'N RE:
PHASE ONE TRIAL CV 04-9049

EXHIBIT 20 PAGE 339

1        **PROOF OF SERVICE**

2            I, Karen A. Nakatsu, declare:

3            I am a resident of the State of California and over the age of eighteen years, and
not a party to the within action; my business address is 400 South Hope Street, Los Angeles,
4        California 90071-2899.  On May 25, 2007, I served the within document(s):

5        **DECLARATION OF PATRICIA PERRIER IN SUPPORT OF
         MGA'S OPPOSITION TO MATTEL'S MOTION TO TRY**
6        **ALL CLAIMS RELATED TO BRATZ OWNERSHIP IN
         PHASE ONE**
7

8    ☒       by causing to be personally served the document(s) listed above to the person(s)
             listed below.
9

10           John Quinn, Esq.
             Quinn Emanuel Urquhart Oliver & Hedges, LLP
11           865 South Figueroa Street, 10th Floor
             Los Angeles, CA 90017
12           jquinn@quinnemanuel.com

13   ☒       by putting a true and correct copy thereof, together with an unsigned copy of this
             declaration, in a sealed envelope designated by the carrier, with delivery fees paid
14           or provided for, for delivery the next business day to the person(s) listed below,
             and placing the envelope for collection today by the overnight courier in
15           accordance with the firm's ordinary business practices.  I am readily familiar with
             this firm's practice for collection and processing of overnight courier
16           correspondence.  In the ordinary course of business, such correspondence
             collected from me would be processed on the same day, with fees thereon fully
17           prepaid, and deposited that day in a box or other facility regularly maintained by
             FedEx, which is an express carrier.
18

19           Patricia Glaser, Esq.
             Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP
20           10250 Constellation Blvd.
             19th Floor
21           Los Angeles, CA 90067
             pglaser@chrimill.com
22
             Michael H. Page, Esq.
23           Keker & Van Nest LLP
             710 Sansome Street
24           San Francisco, CA 94111
             mpage@kvn.com
25

26

27

28

LA2:822283.1

EXHIBIT 20 PAGE 340

1       I declare under penalty of perjury under the laws of the United States that the above is true and correct.

2       Executed on May 25, 2007, at Los Angeles, California.

3

4

5                          *Karen A. Nakatsu*
                           Karen A. Nakatsu

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LA2:822283.1

**EXHIBIT 20 PAGE 341**

**Exhibit 21**

1  DOUGLAS A. WICKHAM, Bar No.127268
   dwickham@littler.com
2  KEITH A. JACOBY, Bar No. #150233
   kjacoby@littler.com
3  LITTLER MENDELSON
   A Professional Corporation
4  2049 Century Park East, 5th Floor
   Los Angeles, CA  90067.3107
5  Telephone:  (310) 553-0308
   Facsimile:   (310) 553-5583
6
   Attorneys for Carter Bryant
7

8              UNITED STATES DISTRICT COURT

9            CENTRAL DISTRICT OF CALIFORNIA

10                  EASTERN DIVISION

11

12  MATTEL, INC., a Delaware            Case No. CV 04-09049 SGL (RNBx)
    Corporation,                        (consolidated with CV 04-09059 and
                                        05-02727)
13              Plaintiff,
                                        DISCOVERY MATTER
14        v.
                                        [To Be Heard By Discovery Master
15  CARTER BRYANT, an individual;       Hon. Edward Infante (Ret.) Pursuant
    and DOES 1 through 10, inclusive,   To The Court's Order Of December 6,
16                                      2006]
              Defendant.
17                                      MEMORANDUM OF POINTS AND
                                        AUTHORITIES IN SUPPORT OF
18                                      CARTER BRYANT'S MOTION TO
                                        OVERRULE INSTRUCTIONS NOT
19                                      TO ANSWER DURING THE
                                        DEPOSITION OF ALAN KAYE, TO
20                                      COMPEL ANSWERS TO THOSE
                                        QUESTIONS, AND FOR SANCTIONS
21
                                        Date:  To Be Determined
22                                      Time:  To Be Determined
                                        Place:  Telephonic
23
                                        Discovery Cut-Off:  October 31, 2007
24                                      Trial Date:  February 12, 2008
25
    CONSOLIDATED WITH                   Judge:  Hon. Stephen G. Larson
26  MATTEL, INC. v. BRYANT and
    MGA ENTERTAINMENT, INC. v.
27  MATTEL, INC.
28       CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

EXHIBIT 21 PAGE 342

7-28

1   particularly where communication was made during meeting with third parties

2   present); Clady v. County of Los Angeles, 770 F.2d 1421, 1433 (9th Cir. 1985)

3   (voluntary disclosure of privileged attorney-client communication constitutes waiver).

4       Clearly, given that Mattel has failed to meet its burden that *each and every*

5   communication was privileged, and not waived by disclosure or the presence of third

6   parties, Mattel's overbroad "blanket" privilege instructions should be overruled.

        **2.    Mattel's Counsel Improperly Asserted Blanket Privilege**
7

8               **Instructions To Hide Underlying *Facts* That May Not Be Shielded By the Attorney-Client Privilege and/or Work**

9               **Product Doctrine**

10      Mattel's counsel repeatedly relied upon improper "privilege" instructions to

11  shield the underlying *facts* from discovery, even where no attorney-client

12  communications were involved.  Initially, Mattel's counsel did not properly assert the

13  work product doctrine in the vast majority of his instructions, citing only a purported

14  attorney-client privilege.  Even if he had asserted the work product doctrine, however,

15  the mere fact that a witness reveals facts to a lawyer or learns facts from a lawyer does

16  not make such facts privileged.  "[C]ourts have consistently held that the work-

17  product concept furnishes no shield against discovery . . . by deposition, *of the facts*

18  that the adverse party's lawyer has learned, or the persons from whom he has learned

19  such facts, or the existence or non-existence of documents, even though such

20  documents themselves may not be subject to discovery." Nutmeg Insurance Co. v.

21  Atwell, Vogel & Sterling, et al., 120 F.R.D. 504, 509 (W.D. La. 1988) (*citing* 8

22  Wright & Miller, Federal Practice & Procedure, § 2023, at 194 (1970)) (emphasis

23  added); Resolution Trust Corp., 73 F.3d at 266 ("Because the work product doctrine is

24  intended only to guard against divulging the attorney's strategies and legal

25  impressions, it does not protect *facts* concerning the creation of work product or *facts*

26  contained within work product.") (emphasis added).

27      In essence, Mattel's counsel improperly asserted blanket "privilege" objections

28

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310 553.0308

17.

**EXHIBIT 21 PAGE 343**

1  to prevent Kaye from testifying about the underlying *facts* and practices of Mattel,

2  even when the questions posed did not in any way call for an attorney's strategies or

3  legal impressions.  For instance:

4      Q: (Mr. Jacoby):  And so it's true, then, that Mattel has used in its
       internal investigations electronic documents that are older than four

5      months old, including emails?

6      (Mr. Zeller):  I'm going to instruct the witness not to answer the
       question.

7

       Q: On what basis?

8

       (Mr. Zeller): On the grounds of privilege and work product.

9
       Q:  I'm not asking for any communications.

10                                    * * * *

11     A:  (Witness) I'm going to follow my attorney's instructions.

12  (Wickham Decl., ¶ 8, Exh. B at 128:4-129:4).

13  Likewise, Mattel's counsel would use the blanket "privilege" instruction to prevent

14  Kaye – the Vice-President of Human Resources -  from testifying about Mattel's

15  *policies and practices* if, at any time Mattel's counsel had any role in developing the

16  policies and procedures, or had a conversation with Kaye about those policies and

17  procedures.   Inevitably, because Kaye was instructed not to disclose *any* facts or

18  information disclosed to him from his attorneys, regardless of whether the

19  communication revealed the attorney's mental impressions or strategies, Kaye would

20  routinely respond that that he "did not know," or had no information "other than

21  through his attorneys." .

22      Even when the question explicitly excluded the disclosure of legal advice,

23  Mattel's counsel still instructed Kaye not to respond.

24     Q: (Mr. Jacoby)  What other things did counsel do [at a team meeting
       with Kaye and his human resources staff] besides give legal advice at

25     these meetings?

26     (Mr. Zeller):  I'm going to instruct the witness not to answer the
       question as framed.

27
       Q: Well, Mr. Zeller, you know that in-house legal counsel can act in a

28     nonlegal capacity, and that's what I'm trying to get at.

                                       18.

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

**EXHIBIT _21_ PAGE _344_**

1  (Mr. Zeller):  Well, you are asking the question in a way, as you know, that is designed to disclose the privileged information.

2  (Wickham Decl., ¶ 8, Exh. B at 242:1-10).

3

4  Accordingly, because Mattel's counsel flagrantly abused the discovery process by asserting blanket "privilege" instructions that consistently exceeded the scope of the privilege, his improper instructions should be overruled.

5

6

7  3.  **Mattel's Counsel Improperly Asserted Privilege Instructions To Prevent Kaye From Testifying About His *Own* Understanding, Opinion, or Interpretation**

8

9  Similarly, Mattel's counsel would repeatedly assert blanket "privilege"

10  instructions to prevent Kaye from testifying about his *own* understanding, opinion, or

11  interpretation.  Presumably, Mattel's counsel based his instructions on the assumption

12  that Kaye – a "high-level executive" at Mattel – had no capacity for independent

13  thought, understanding, or opinions, apart from information learned from his

14  attorneys.   Without question, Mattel's blanket assertions of the attorney-client

15  privilege and/or work product doctrine were nothing more than a deliberate attempt to

16  thwart Bryant's ability to obtain relevant facts and testimony necessary to defend this

17  case and establish his affirmative defenses.  See In re Bevill, Bresler & Schulman

18  Asset Magt. Corp., 805 F.2d 120, 123 (3rd Cir. 1986) (overbroad and blanket

19  assertions of the attorney-client privilege are inappropriate). The following excerpt is

20  illustrative.

21  Q:  What input have you given during your tenure [as Vice-President of Human Resources] about these form agreements?

22

23  (Mr. Zeller):  To the extent that those were communications with counsel concerning the content of the agreements I would instruct the witness not to disclose those.

24

25  Q: (Mr. Jacoby)  Well, I'm asking what you said, what your input is, and that's asking for what you say.  I would suggest to you that that's not privileged, because saying something to a lawyer doesn't make it privileged.

26

27

28  (Mr. Zeller):  It depends on what it is counsel.  And what I'm telling him is he should not be disclosing his

19.

EXHIBIT 21  PAGE 345

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

communications with counsel.

A: (Kaye) Obviously these were all communications with counsel.

(Wickham Decl., ¶ 8, Exh. B at 197:15-198:5).

Clearly, Mattel's counsel's improper objections and instructions were grossly overbroad, serving only as a transparent effort to hide evidence and coach his witness.

**B.    Mattel's Instructions Based On Non-Privileged Objections Should Be Overruled**

    **1.    Mattel's Instructions Based On Relevance, "Asked and Answered," and "Wasting [Kaye's] Time" Were Improper**

As a matter of law, Bryant is entitled to resume the deposition of Kaye in all areas where Mattel instructed the witnesses not to answer questions based on relevance, "asked and answered," "wasting [Kaye's] time," and other impermissible grounds.  Under the Federal Rules, "[a] person may instruct a witness not to answer only when necessary to preserve a privilege, to enforce a limitation directed by the court, or to present a motion under Rule 30(d)(4)."  Fed. R. Civ. Proc. 30(d)(1). Instructions not to answer based on other grounds, such as those asserted by Mattel's attorneys, are "devoid of merit and fail...to comply with the established procedure of Rule 30(c)."  Shapiro v. Paul Revere Life Ins. Co., 1997 WL 601430 at *1 (N.D. Cal. 1997) ("Rule 30(d)(1) provides exclusive grounds for instructing a deponent not to answer."); Resolution Trust Corp. v. Dabney, 73 F.3d 262, 266 (10th Cir. 1995) ("It is inappropriate [for an attorney] to instruct a witness not to answer based on the basis of relevance."); Hearst/ABC-Viacom Entertainment Services v. Goodway Marketing, Inc., 145 F.R.D. 59, 63  (E.D. Pa. 1992) (the mere fact that a question is repetitive or irrelevant is not a proper ground to instruct a witness not to answer).

If Mattel's counsel had objections on such grounds, the proper procedure was to state the objection for the record and allow the question to be answered.  Ralston Purina Co. v. McFarland, 550 F.2d 967, 973 (4th Cir. 1997)("Counsel for party had no

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA  90067-3107
310.553.0308

20.

**EXHIBIT 21 PAGE 346**

## IV.
## CONCLUSION

Based on the foregoing, Bryant respectfully requests that the Discovery Master (1) overrule the improper instructions not to answer that Mattel's counsel asserted throughout the deposition of Kaye, and compel him to answer those questions; (2) instruct counsel for Mattel to refrain from coaching the witness (or any other witnesses); and (3) impose sanctions against Mattel and/or its counsel due to Mattel's counsel's pervasive obstructionist tactics used to thwart a fair examination of Kaye. Bryant respectfully asks this Court to award sanctions in the amount of $8,842.90 in reimbursement of the reasonable costs and attorneys' fees incurred in connection with bringing this motion.

Dated: March 28, 2007

Respectfully submitted,

DOUGLAS A. WICKHAM
KEITH A. JACOBY

DOUGLAS A. WICKHAM
LITTLER MENDELSON
A Professional Corporation
Attorneys for CARTER BRYANT

Firmwide:82240720.3 028307.1010

---

such conduct."). "Sanctions under §1927 are appropriate "for conduct that, viewed objectively, manifests either intentional or reckless disregard for the attorney's duty to the court." Braley v. Campbell, 832 F.2d 1504, 1512 (10th Cir. 1987). Instructing a witness not to answer questions at a deposition on the basis of relevance, and objecting on work product grounds to questions that clearly did not call for work product material, has been found to be conduct that "viewed objectively, manifested intentional or reckless disregard of the attorney's duties to the court" and warrants sanctions against the attorney under Section 1927. Resolution Trust Corp., 73 F.3d at 266. In sum, there is no excuse for Mattel's counsel's behavior, and it should not be tolerated by this Court.

25.

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

EXHIBIT 21 PAGE 347

**Exhibit  22**

1   DOUGLAS A. WICKHAM, Bar No.127268
    dwickham@littler.com
2   KEITH A. JACOBY, Bar No. #150233
    kjacoby@littler.com
3   LITTLER MENDELSON
    A Professional Corporation
4   2049 Century Park East, 5th Floor
    Los Angeles, CA 90067.3107
5   Telephone: (310) 553-0308
    Facsimile: (310) 553-5583
6
    Attorneys for Carter Bryant
7

8           UNITED STATES DISTRICT COURT
            CENTRAL DISTRICT OF CALIFORNIA
9                   EASTERN DIVISION

10
    CARTER BRYANT, an individual,     Case No. CV 04-09049 SGL (RNBx)
11                                     (consolidated with CV 04-09059 and
                                       05-02727)
12              Plaintiff,
                                       DISCOVERY MATTER
13      v.
                                       [To Be Heard By Discovery Master
14  MATTEL, INC., a Delaware           Hon. Edward Infante (Ret.) Pursuant
    Corporation,                       To The Court's Order Of December 6,
15                                     2006]
                Defendant.
16                                     SEPARATE STATEMENT IN
                                       SUPPORT OF MOTION OF CARTER
17                                     BRYANT TO OVERRULE
                                       INSTRUCTIONS NOT TO ANSWER
18                                     DURING THE DEPOSITION OF
                                       ALAN KAYE, TO COMPEL
19                                     ANSWERS TO THOSE QUESTIONS,
                                       AND FOR SANCTIONS
20
                                       Date:  To Be Determined
21                                     Time:  To Be Determined
                                       Place: Telephonic
22
                                       Discovery Cut-Off: October 31, 2007
23                                     Trial Date: February 12, 2008

24  CONSOLIDATED WITH                  Judge: Hon. Stephen G. Larson
    MATTEL, INC. v. BRYANT and
25  MGA ENTERTAINMENT, INC. v.
    MATTEL, INC.     -
26

27          **CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

28

LITTLER MENDELSON
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA 92101 3577
619 232 0441

                                            7-28

**EXHIBIT 22 PAGE 348**

Carter Bryant ("Bryant") respectfully submits this Separate Statement in Support of his Motion to Overrule Instructions Not to Answer during the Deposition of Alan Kaye, to Compel Answers to Those Questions, and For Sanctions.

## I.
## IMPROPER INSTRUCTIONS BASED ON ATTORNEY-CLIENT PRIVILEGE FOR QUESTIONS SEEKING NON-PRIVILEGED INFORMATION

1.  **PAGE:    24:25—25:11**

    Q.    Do you have any recollection of Mr. Deanda contacting you after receiving this note?

    A.    Yes.

    Q.    What is your recollection about that contact?

    Mr. Zeller:    At this point I'm going to caution the witness to exclude from your answer the substance of any attorney communications that may have been revealed during your communications with Mr. Deanda.

    Do you understand that?

    The Witness:    Yes.  Then I – Mr. Deanda's discussion involved legal counsel.

2.  **PAGE:    26:16—27:8**

    Q.    And irrespective of what those attorneys said to Mr. Deanda, did you understand that further action was going to be taken with respect to the anonymous letter?

    Mr. Zeller:    Can I have the question read back, please.

    (Record read as follows: "Question: And irrespective of what those attorneys said to Mr. Deanda, did you understand that further action was going to be taken with respect to the anonymous letter?")

    Mr. Zeller:    If your understanding derives solely based upon the

2.

EXHIBIT _22_ PAGE _349_

LITTLER MENDELSON
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619.232.0441

1   communications with counsel that Richard passed on, you should so state
2   and not answer the question.
3          The Witness:        The communication was derived from counsel
4   to Richard Deanda.
5
6   3.   **PAGE        30:6—31:14**
7        Q.   Did you tell -- at the point that you spoke with Richard is it correct that
8             you hadn't spoken to any lawyers yet about the Carter Bryant letter?  Or
9             the anonymous letter?
10       A.   Yes.
11       Q.   Do you have any recollection of what you told Richard to do?
12             Mr. Zeller:   You mean other than what's reflected here on 40?
13             Mr. Jacoby:   Yes.  Anything.
14             The Witness:  I don't know how to answer the question.  This is
15   what I told Richard to do.  I didn't tell him via the phone to do this.  I told
16   him via this -- this letter to do this.
17       Q.   By Mr. Jacoby:   I understand that.  But then at some point you had a
18            verbal conversation with Richard; correct?
19       A.   Correct.
20       Q.    And your understanding is that Richard had consulted with Mattel's in-
21            house attorneys?
22       A.   Correct.
23       Q.   Okay.  So I understand your attorney has instructed you not to answer
24            questions to the extent that it calls for communications that Richard had
25            with those attorneys; correct?
26       A.   Correct.
27             Mr. Jacoby:   And that's the instruction, correct, counsel?
28             Mr. Zeller:   Well, the substance of them, yes.

3.

EXHIBIT 22 PAGE 350

| | |
|---|---|
| 1 | |

       Mr. Jacoby:   Okay.

Q.   And you are going to follow that instruction – correct? --

A.   Correct.

4.   **PAGE       32:19—33:18**

Q.   Okay.

Do you know who conducted the investigation arising from the anonymous letter?

A.   No.

Q.   It's true in fact that an investigation was conducted?

A.   I do not –

    - - Mr. Zeller:   This is asked and answered.

Q.   By Mr. Jacoby:   The answer is?

A.   I don't know.

Q.   You don't know.   Have you ever heard from anyone that an investigation was done?

     Mr. Zeller:   This is asked and answered.

     Mr. Jacoby:       That's a different question.

     The Witness:       I –

     Mr. Zeller:   then you can answer that "yes" or  no."

     The Witness:       Yes.

Q.   By Mr. Jacoby:   What have you heard?

     Mr. Zeller:   Again, I'm going to caution the witness toe [sic] exclude from his answer the substance of attorney communications.

     The Witness:   Information would have come from an attorney.

5.   **PAGE:      35:25—36:10**

     Mr. Jacoby:   Okay.  I'm just going to represent for the record that it's my understanding of California law that the investigation of an

LITTLER MENDELSON
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA 92101 3577
415 232 0441

4.

**EXHIBIT 22 PAGE 351**

1    employee is not privileged even it it's done by an attorney.  Is it going to

2    be your instruction that if I ask him the substance of the investigation

3    that he will be instructed not to answer.

4         Mr. Zeller:  Yes.

5         Mr. Jacoby:  Okay.

6         Mr. Zeller:  The substance of communications.

7         Mr. Jacoby:  Do you know—thank you for that clarification.

8    6.   **PAGE     41:14-24**

9    Q.   Okay.  Are you aware from any source that any report of any kind was

10        generated that would reflect the results of this investigation?

11             Mr. Zeller:   Again, you can answer that "yes" or "no.".

12        Mr. Jacoby:  Without disclosing the substance.

13        Mr. Zeller:   And also—if your only understanding is based upon

14   your communications with counsel, you should not disclose that.

15        The Witness: I do not know.

16

17   7.   **PAGE:     43:2-19**

18   Q.   Is it correct that sometimes investigations are referred to worldwide

19        security?

20   A.   Yes.

21   Q.   Is it correct that sometimes investigations are referred directly to legal?

22   A.   Yes.

23   Q.   Okay.  And could you tell me what is the criteria—what was the criteria

24        that you had in mind in August of 2002 that led you to refer this

25        particular anonymous letter to worldwide security?  Rather than just

26        having one of your H.R. people investigate.

27             Mr. Zeller:    I'm going to caution the witness that to the extent

28   that those criteria are based upon your communications with—with

5.

LITTLER MENDELSON
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA  92101-3577
619.232.0441

EXHIBIT 22 PAGE 352

1    Mattel's counsel, that should not be disclosed.

2        The Witness:   Do not recall.

3   8.  **PAGE    170:20—171:8**

4        Q.   And so if a person with an email account at Mattel is separated, is there

5        any practice that Mattel has to gather up and retain the emails that that

6        person has on their system at the point of separation?

7            Mr. Zeller:   Again, I'm going to instruct the witness to exclude

8        from his answer information that he has received from or

9        communications with counsel.

10           The Witness:  There's no policy.  There's no consistent practice.

11       And I'm a little—and I would be confused as to what gather up, retain—I

12       mean we—the most we—we don't let the employee come back in to—to

13       go through their emails and print out their emails or print out their

14       documents.

15  9.  **PAGE      218:2-10**

16       Q.   As a matter of practice Mattel seeks to get this signed without changes;

17       true?

18           Mr. Zeller:   Objection.  I'm going to instruct the witness not to

19       answer the question to the extent that it discloses information you have

20       learned from counsel.

21           Mr. Jacoby:  You can answer.

22           The Witness:  I'm not going to answer.  Because it was a

23       discussion with counsel about the topic.

24  10. **PAGE      103:25—106:23**

25

26           The Videographer:  It is 11:27 A.M.  We are off the record.

27       (Brief Recess)

28           The Videographer:  We are back on the record.  It is 11:36 A.M.

6.

LITTLER MENDELSON
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619.232.0441

**EXHIBIT 22 PAGE 353**

1    Q.   By Mr. Jacoby:    Mr. Kaye, we were talking about a meeting that you

2    had with your H.R. team subsequent to April 27th, 2004, about the media

3    statement announcing the Bryant lawsuit.  Do you have any general

4    recollection of what any of the members of your H.R. team said about the

5    announcement?

6    A.   I'd like to change my statement as I further reflect on that meeting.

7    Q.   Okay.

8    A.   The discussion I had with my team was after a discussion with the

9    general counsel at Mattel, in my best recollection.  And the conversation

10    with that team was at the instruction of the general counsel at Mattel.

11    Q.   Okay.  And with that in mind, do you recall anything further that you said

12    to your team at that meeting.

13    A.   Yes.

14    Q.   What do you recall?

15          Mr. Zeller:  With the caution that to the extent you were

16    repeating the advice or communications of Mattel's counsel you should

17    exclude that from your answer.  Other things you are free to testify about.

18          Mr. Jacoby:  For the record, I don't agree with that instruction.

19    Parroting what a lawyer says doesn't make it privileged.

20          The Witness:  I would be repeating the direction of my general

21    counsel.

22    Q.   By Mr. Jacoby:  So you didn't say anything other than precisely what you

23    were told by your general counsel?

24    A.   Not that I recall.

25    Q. - Okay.  Are you aware that anybody else at that meeting had spoken with

26    the legal department about the lawsuit?

27    A.   I'm not aware.

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619.232.0441

7.

EXHIBIT 22 PAGE 354

Q. Okay. So with that in mind do you recall anything that any participant in that meeting besides yourself said about the lawsuit?

A. I'm not aware.

Q. Okay. So that in mind do you recall anything that any participant in that meeting besides yourself said about the lawsuit?

A. Not specifically.

Q. Generally.

A. Generally.

Q. Generally no?

A. Generally yes.

Q. What do you generally recall?

A. Comments by the team.

Q. What comments can you recall as you sit here today?

A. Questions.

Q. What questions can you recall?

A. I recall someone asking how important is this. I recall someone asking, did it happen. I recall someone asking how long does this take.

Q. Did anybody make any comments about Mr. Bryant?

A. No.

Q. Do you know if anybody at the meeting knew Mr. Bryant?

A. Do not know.

Q. What did you respond when you were asked how important is it?

Mr. Zeller:    Again, to the extent that what you were repeating was information that you received from counsel or was advice of counsel, you should not disclose that in your answer.

The Witness:  What I would respond to all those questions were directions from counsel or as a result of conversations with counsel.

8.

LITTLER MENDELSON
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619.232.0441

EXHIBIT _22_ PAGE _355_

11. **PAGE:   366:5—366:13**

Q.   I'm going to direct your attention to page two.  To your knowledge has anyone on Page two ever been investigated because of allegations of unethical conduct?

Mr. Zeller:   I'm going to instruct the witness not to answer that question as posed.

Ms. Torres:  On the ground of privilege?

Mr. Zeller:   As to the investigation?  No.  For the reasons that I stated previously.

12. **PAGE:   48:17—49:6**

Q.   Okay.  Have you ever conducted an investigation at Mattel?

A.   Yes.

Q.   Okay.  In the investigations that you have conducted have you ever gathered documents?

Mr. Zeller:   I'm going to instruct the witness not to answer the question.

Mr. Jacoby:  On what basis?

Mr. Zeller:  Go ahead and ask your next question.

Mr. Jacoby:  I'm entitled to know what the basis is so I can decide whether it's a valid objection.

Mr. Zeller:   It's based upon privilege and work product.

13. **PAGE:   49:8—53:16**

Q.   By Mr. Jacoby:   Have you ever received training on how to conduct an investigation.

A.   Yes.

Q.   Where id you receive such training?

9.

EXHIBIT 22 PAGE 356

1   A.   I.B.M. Corporation.

2   Q.   When was that?

3   A.   1975 through – over the next ten years.

4   Q.   Okay.  And you have been in H.R. for how many years?

5   A.   28 years.

6   Q.   Based on your 28 years of experience could you describe the basis

7        elements of an internal investigation?  I mean, I can walk you through it

8        if you like.

9        Is it typical in an internal investigation that interviews are done?

10       Mr. Zeller:   First of all, this is clearly asking for privileged

11   information.  Because if you laid the foundation, what you would find out

12   is obviously these things, as you know, Mr. Jacoby, are done in

13   connection with counsel including the practices that are followed.

14       The second thing is that this has absolutely nothing to do with this

15   case.  And so unless you lay some foundation as to how this could have

16   anything whatsoever to do with this case, I'm going to instruct the

17   witness not to answer these questions.

18       Mr. Jacoby:  Okay.  You can do that.  But you know, Mr. Zeller,

19   that I'm not required to lay foundation at a deposition, and you ask know

20   that as a matter of California law the California Supreme Court has

21   decided an investigation—internal investigation of employees are not

22   privileged—

23       Mr. Zeller:   Well—

24       Mr. Jacoby:  --even if they involve attorneys.

25       Mr. Zeller:   Well, counsel, that's your mischaracterization of the

26   law.  But that does not allow you to engage in what is clearly a fishing

27   expedition on behalf of M.G.A. in order to find out how it is that Matter

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619.232.0441

10.

EXHIBIT _22_ PAGE _357_

1    ascertains its wrongdoing. This has absolutely nothing to do with this

2    case.

3              This witness has already testified that he doesn't recall Carter

4    Bryant. He's told you what his involvement was in this investigation

5    repeatedly already.  And now you are asking about matters that clearly

6    have nothing to do with this case.

7              Mr. Jacoby:   Well, I—I'm not going to explain my questions.

8    But even if all of the documents that were done in connection with this

9    investigation are privileged, I'm entitled to know what they are.  Since

10   you are not letting me ask him about this investigation, I'm entitled to

11   ask what type of document would typically be created.  If you had

12   complied with California Rules of Civil Procedure and produced a

13   privilege log that logged the documents that were created in connection

14   with this investigation, I wouldn't have to ask these questions.  But since

15   you didn't, I do.

16             Mr. Zeller:   Your statement is false.  But in any event, it has

17   nothing to do with the questions that you are asking this witness.  What

18   you are asking the witness is to describe investigations that have nothing

19   to do with this case.

20

21   14. **PAGE:    45:16-47:8**

22   Q.   Why is a breach of—are breaches of intellectual property something that

23        is primarily handled by Worldwide Security back in 2002?

24             Mr. Zeller:   To the extent that your answer would reveal

25   communications and discussions that you have had with the Mattel Legal

26   Department, I'm instructing you not to disclose those.

27             The Witness:  The answer would be based on discussions with our

28   legal department.

11.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619 232.0441

EXHIBIT _22_ PAGE _358_

1            Mr. Jacoby:  Okay.

2   Q.   Is it your practice to have a discussion with the legal department before

3       you decide who to refer a complaint or an investigation matter to?

4            Mr. Zeller:   You are talking about on this specific occasion—

5   Q.   By Mr. Jacoby:     No, I'm saying—

6            Mr. Zeller:   --just as a general proposition ?

7   Q.   By Mr. Jacoby: -- As a general proposition would you always –

8            Mr. Zeller: -- well, --

9   Q.   By Mr. Jacoby:      --Talk to legal first before you decided—

10  (Discussion held off the record.)

11   Q.   By Mr. Jacoby:    Was it your practice in 2002 to consult with Legal

12       before referring an investigation to either H.R. or Worldwide Security?

13            Mr. Zeller:   You are talking about with respect—with respect to a

14  specific incident?

15            Mr. Jacoby:  To any incident. I'm asking for his practice.

16            Mr. Zeller:   Well, but then that goes back to the point I was

17  making earlier.

18          To the extent that the practice is predicated upon communications

19  with counsel and advice that you have received from counsel, you should

20  exclude that from your answer.  And the substance of that should not be

21  disclosed.

22          Mr. Jacoby:  Well, I'm not asking for the communication.  I'm

23  asking for what you do.

24          Mr. Zeller:   Well, you are asking for the advice.

25          The Witness:  No.

26  15. **PAGE:**   **80:3—21**

27    Q.   Going back to the first page for a minute.  Do you know if anyone

28

LITTLER MENDELSON
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619 232 0441

12.

EXHIBIT 22 PAGE 359

on behalf of Mattel ever talked to any of the people on the first page for Carter Bryant?

     Mr. Zeller:   Can I have the question read back, please.

     (Record read as follows: "Question: Going back to the first page for a minute. Do you know if anyone on behalf of Mattel ever talked to any of the people on the first page about Carter Bryant?")

     Mr. Zeller:   You should exclude form your answer any information that you have received from counsel.

     the Witness:   I believe its information received from counsel.

     Q.    By Mr. Jacoby:   Exclusively?

     A.   Exclusively.

16. **PAGE:**   **96:18-25**

     Q.   Do you recall anything about the substance of the—in other words, do you recall anything about the claims that Mattel asserted against Ms. Greenwood?

     Mr. Zeller:   Again, I'm going to caution you that to the extent that—

     The Witness:   Only through conversations with legal counsel.

17. **PAGE:**   **98:5—19**

     Mr. Jacoby:   Can I have it—can I have it read back please.

     (Recorded read as follows: "Question: Do you have any understanding as to whether Mr. Bryant, Quote, Misappropriated intellectual property, close quote?")

     Mr. Zeller:   Two things. One is I object to the form of the question as lack of foundation. Second, to the extent that the information that you have is solely as the result of your communications with counsel, you should exclude that from your answer.

13.

LITTLER MENDELSON
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619 232 0441

EXHIBIT 22 PAGE 360

1           The Witness:  The information is a result of my discussions with

2   counsel.

3   18. **PAGE:**   **106:2-23**

4      Q.   What comments can you recall as you sit here today?

5      A.   Questions.

6      Q.   What questions can you recall?

7      A.   I recall someone.asking how important is this.  I recall someone asking,

8           did it happen.  I recall someone asking how long does this take.

9      Q.   Did anybody make any comments about Mr. Bryant?

10     A.   No.

11     Q.   Do you know if anybody at the meeting knew Mr. Bryant?

12     A.   Do not know.

13     Q.   What did you respond when you were asked how important is it?

14          Mr. Zeller:  Again, to the extent that what you were repeating was

15  information that you received from counsel or was advice of counsel, you

16  should not disclose that in your answer.

17          The Witness:  What I would respond to all those questions were

18  directions from counsel or as a result of conversations with counsel.

19  19. **PAGE:**   **116:11-19**

20     Q.   Okay.  Do you have any idea as you sit here today exactly what property

21  Mattel contends was misappropriated by Mr. Bryant?

22          Mr. Zeller:  I'm going to tell you to exclude from your answer any

23  information that you know solely as a result of communications with

24  counsel.

25          The Witness:  Only through information given to me by in-house

26  counsel.

27

28

LITTLER MENDELSON
A Professional Corporation
501 W Broadway
Suite 900
San Diego, CA 92101-3577
619 232 0441

14.

**EXHIBIT 22 PAGE 361**

20. **PAGE:**  **114:25-115:6**

Did you ever have any conversations with Mattel in-house counsel about the conversations that you described a few minutes ago, that Mr. Bryant possibly misappropriated drawings, illustrations, or renderings?  Did you ever discuss that with counsel?

Mr. Zeller:  I'm going to instruct the witness not to answer that question as framed.

21. **PAGE:**  **298:11-300:6**

Q. Do you know whether or not any follow-up was done, whether it qualifies as an investigation or not?

-.  Mr. Zeller:  I'm instructing the witness not to answer that question as posed.

Ms. Torres:  On what grounds?

Mr. Zeller:  On privilege grounds.  He has already testified to this. He does have knowledge as he's testified, and he already stated the basis of it was communications through Mr. Deanda with counsel.

The Witness:  That's correct.

Ms. Torres:  You testified earlier that you had conversations -- let me just make sure the record is clear.

Mr. Zeller, are you taking the position that this -- whatever follow-up was done in connection with exhibit 40 was done in anticipation of litigation, regardless of whether or not the witness knows that?  Is that Mattel's position?

Mr. Zeller:  I have no idea why you are wasting a senior executive's time asking what Mattel's position is on this.  What I'm doing is instructing as to the inappropriate, improper questions that are being asked that invade the attorney/client privilege.  What's your next question,

15.

EXHIBIT 22 PAGE 362