QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>**DISCOVERY MATTER**<br><br>**[To Be Heard By Discovery Master Hon. Edward Infante (Ret.)]**<br><br>[PUBLIC REDACTED] DECLARATION OF MICHAEL T. ZELLER IN SUPPORT OF MATTEL, INC.'S MOTION TO ENFORCE THE COURT'S ORDER OF MAY 15, 2007, TO COMPEL MGA TO PRODUCE COMPELLED DOCUMENTS IN UN-REDACTED FORM, AND FOR SANCTIONS<br><br>Date: TBA<br>Time: TBA<br>Place: Telephonic<br><br>**Phase 1**<br>Discovery Cut-Off:  January 14, 2008<br>Pre-Trial Conference: April 7, 2008<br>Trial Date:   April 29, 2008<br><br>**Phase 2**<br>Discovery Cut-Off:  March 3, 2008<br>Pre-Trial Conference: June 2, 2008<br>Trial Date:   July 1, 2008 |

## DECLARATION OF MICHAEL T. ZELLER

I, Michael T. Zeller, declare as follows:

1. I am a member of the State Bars of the States of California, New York and Illinois and a partner at Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for Mattel, Inc. ("Mattel"). I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

2. On February 2, 2007, Mattel moved to compel MGA to, among other things, produce its documents in un-redacted form. The Discovery Master heard Mattel's motion on March 5, 2007 and, as part of the proceedings, advised MGA that he would grant Mattel's motion. The Discovery Master subsequently issued his written Order granting Mattel's motion to compel. Attached hereto as Exhibit 1 is true and correct copy of the Order Granting Mattel's Motion to Compel Production of Documents and Interrogatory Responses by MGA, dated May 15, 2007 (the "May 15 Order").

3. MGA filed with the District Court objections to portions of the May 15 Order, but it did not object to the Discovery Master's directive that MGA must produce compelled documents in un-redacted form. The District Court rejected the objections MGA did make to the May 15 Order, but allowed MGA additional time to complete its production of the compelled documents up through July 31, 2007. A true and correct copy of Court's July 2, 2007 Order is attached hereto as Exhibit 2.

4. Attached hereto as Exhibits 3 to 9 are true and correct copies of some examples (though by no means all, or even most) of redacted documents produced by MGA prior to May 15, 2007, that were never subsequently re-produced in un-redacted form.

5. Compelled documents produced by MGA for the first time in any form after the May 15 Order also contain redactions. Attached hereto as Exhibit

1. 10 is a true and correct copy of example pages from Isaac Larian's deposition transcript in the <u>Art Attacks Inc., LLC v. MGA Entertainment, Inc.</u> case, as produced by MGA on August 3, 2007. This transcript had over 100 pages of Mr. Larian's testimony heavily or entirely redacted. Attached hereto as Exhibit 11 is a true and correct copy of the testimony Luc Valhall, an MGA witness, in the <u>MGA v. Ubi Soft</u> arbitration, as produced by MGA on August 3, 2007. This document was produced entirely redacted, so that the body of every page is blank. Attached hereto as Exhibit 12 is a true and correct copy of Victoria O'Connor's deposition transcript in the <u>McDonald Corp. v. MGA</u> case, as produced by MGA on August 9, 2007. Much of this sworn statement, as well as the entire index were redacted.

6. Attached hereto as Exhibits 12 to 19 are true and correct copies of excerpts from other examples (though by no means all, or even most) of redacted sworn statements.

7. Attached hereto as Exhibits 20 to 42 are true and correct copies of examples (though by no means all, or even most) of redacted financial documents and e-mails.

8. Attached hereto as Exhibit 43 is a true and correct copy of Mr. Larian's calendar for September 2000, as produced by MGA on July 31, 2007, which is redacted almost in its entirety.

9. On August 3, 2007, I requested that MGA meet and confer regarding its continued redaction of compelled documents. A true and correct copy of my initial August 3, 2007 letter to MGA, reflecting same, is attached hereto as Exhibit 44.

10. MGA did not respond to my August 3 letter. Accordingly, I sent a follow-up letter to MGA on August 10, 2007, again reiterating Mattel's request to meet and confer with MGA. A true and correct copy of that letter is attached hereto as Exhibit 45.

-3-

DECLARATION OF MICHAEL T. ZELLER

11. On or about August 10, 2007, I met and conferred with Diana Torres, MGA's counsel, regarding MGA's continued productions of redacted documents. During the meet and confer, I gave several specific examples of MGA's redactions that Mattel considered to be violations of the May 15 Order and Ms. Torres assured me that she would "look into" the issue and get back to me.

12. On August 17, 2007, I again met and conferred with Ms. Torres. During that conversation, I provided Ms. Torres with more examples of MGA's redactions, including Victoria O'Connor's deposition transcript, dated March 8, 2007, and Mitchell Kamarck's Declaration, dated February 17, 2003. A true and correct copy of Mr. Kamarck's Declaration, as produced by MGA on August 9, 2007, is attached hereto as Exhibit 46. Without disputing that MGA had no right to redact documents compelled by the May 15 Order (except on the basis of privilege), Ms. Torres again said that she would investigate MGA's production and get back to me. On August 21, 2007, I again met and conferred with Ms. Torres, and she again assured me that she was still "looking into it" and would respond promptly.

13. On September 3, 2007, not having heard further from MGA's counsel, I sent MGA a follow-up letter, stating that Mattel would have no choice but to move to compel if MGA failed to rectify its redactions. A true and correct copy of that letter is attached hereto as Exhibit 47.

14. I then heard from another MGA attorney, William Charron, on September 5, 2007. During that discussion, I reiterated that MGA had had over a month to comply with the May 15 Order since Mattel had sent its meet and confer letter, yet there had been no progress whatsoever. I also provided Mr. Charron, MGA's counsel, with numerous additional examples of redactions not based on privilege that MGA had made to documents that were compelled by the May 15 Order. These examples included prior sworn testimony (including witness statements and transcripts), emails, calendars and notes. I sent a follow-up e-mail to Mr. Charron that same day, a true and correct copy of which is attached hereto as

Exhibit 48. To date, MGA has not produced its redacted documents in un-redacted form nor has it given any commitment to do so.

15. Mattel has incurred attorney's fees in excess of $3,500 in bringing this motion. Oleg Stolyar, a Quinn Emanuel associate, was involved in preparing this motion. Mr. Stolyar spent more than 8 hours of his time researching and preparing this motion, for a total of more than $2,700 at his billing rate of $340.00 per hour. I also spent more than 2 hours of time preparing the motion, for a total of more than $ 1450.00 at my billing rate of $725.00 per hour.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 7, 2007, at Los Angeles, California.

_____
Michael T. Zeller