**EXHIBIT 1**

CONFORMED COPY
LODGED                    FILED

2007 MAY 16  PM 1: 59   2007 MAY 16  PM 2: 00

CLERK U.S. DISTRICT COURT   CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.     CENTRAL DIST. OF CALIF.
RIVERSIDE                   RIVERSIDE
BY                          BY

| | |
|---|---|
| 1 | Hon. Edward A. Infante (Ret.)<br>JAMS |
| 2 | Two Embarcadero Center<br>Suite 1500 |
| 3 | San Francisco, California  94111<br>Telephone:    (415) 774-2611 |
| 4 | Facsimile:    (415) 982-5287 |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. C 04-09049 SGL (RNBx)<br>JAMS Reference No. 1100049530 |
| Plaintiff, | |
| v. | Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-2727 |
| MATTEL, INC., a Delaware corporation, | **ORDER GRANTING MATTEL'S**<br>**MOTION TO COMPEL PRODUCTION**<br>**OF DOCUMENTS AND**<br>**INTERROGATORY RESPONSES BY**<br>**MGA** |
| Defendant. | |
| CONSOLIDATED WITH<br>MATTEL, INC. v. BRYANT and<br>MGA ENTERTAINMENT, INC. v. MATTEL,<br>INC. | |

## I.  INTRODUCTION

On February 2, 2007, Mattel, Inc. ("Mattel") submitted its Motion To Compel Production of Documents and Interrogatory Answers by MGA Entertainment, Inc. ("MGA").  On February 20, 2007, MGA submitted its opposition brief, and on February 26, 2007, Mattel submitted a reply brief.  The matter was heard on March 5, 2007.  Thereafter the motion was taken under submission pending the parties' submission of a proposed protective order, which was received

1

EXHIBIT 1  PAGE 6

1   on April 23, 2007. Having considered the motion papers and comments of counsel at the hearing,

2   Mattel's motion to compel is granted.

## II.  BACKGROUND

### A.  Requests for Documents

5   In June of 2004, two months after Mattel filed suit against Bryant, and before MGA

6   became a party to the action, Mattel served MGA with an eight-page subpoena for twenty-one

7   categories of documents, to be produced in ten days. MGA filed a motion to quash, which the

8   court granted because of the short amount of time provided for compliance with the subpoena.

9   The parties met and conferred in July of 2004, and reached an agreement to limit the scope of

10  some of Mattel's requests. In particular, the parties agreed to limit production to the "first

11  generation" Bratz dolls. On August 12, 2004, MGA produced documents.

12  In 2005, the parties stipulated to supplementing their document productions on May 16,

13  2005. Mattel agreed to continue limiting its discovery requests to "first generation" Bratz dolls.

14  In September of 2006, MGA made a supplemental production of documents. On February

15  5, 2007, MGA produced about 2,300 pages of documents to replace earlier produced documents

16  with legibility problems. On February 20, 2007, MGA produced an additional 224 pages of

17  documents to replace earlier produced documents with legibility problems.

18  Mattel now moves to compel MGA to produce documents responsive to its requests. As a

19  preliminary matter, Mattel contends that MGA's production is deficient because it contains

20  redactions and cut-off text. Further, Mattel contends that MGA's production is incomplete with

21  respect to essentially five categories of documents. First, Mattel contends that MGA is

22  withholding documents relating to the origins of Bratz and Bryant's work for MGA. Mattel

23  believes that MGA's production is incomplete based upon its review of documents that have been

24  produced by third party Steven Linker. According to Mattel, Linker's documents from October

25  of 2000 show that Bratz was much farther along before Bryant left Mattel than MGA or Bryant

26  previously represented. Mattel also contends that MGA's responses to the document requests

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

2

**EXHIBIT 1 PAGE 7**

1  contain inappropriate limitations, such as MGA's statement that it will produce "relevant and
2  responsive non-objectionable documents" or only that it will produce documents "sufficient" to
3  show when certain dates relating to Bratz occurred. Mattel contends that these "carve outs
4  purport to allow MGA to cherry-pick what it will and will not produce to Mattel." Mattel's
5  Separate Statement at 17:11-13. Mattel also contends that the carve-outs fail to provide notice of
6  what is or is not being withheld. Mattel also contends that MGA's objections based upon its
7  confidentiality concerns or the privacy rights of third parties are unwarranted in light of the
8  protective order in place. In addition, Mattel contends that MGA's objection to producing
9  documents relating to activities or conduct in foreign countries is wholly improper because those
10  documents may contain information relevant to Mattel's claims.

11      Second, Mattel seeks documents relating to the origins of Bratz, regardless of whether
12  such documents relate to the "first generation" Bratz dolls. Mattel argues that whether the work
13  ultimately resulted in Bratz dolls that were released at a particular time does not matter for
14  discovery purposes. Mattel contends that the works created by Bryant during his Mattel
15  employment are highly relevant because Mattel owns them, regardless of whether they resulted in
16  a Bratz doll released at a particular time.[1]

17      Mattel next contends that MGA is improperly withholding documents about designs
18  Bryant created on Bratz dolls that were released after June 2001, even though such designs may
19  be derivative of work he did when employed by Mattel. Mattel contends that it is entitled to
20  explore whether such works and the profits from Bratz dolls other than the "first generation"
21  Bratz dolls were derived from works owned by Mattel both for purposes of establishing liability
22  and damages. Furthermore, Mattel asserts that the "first generation" limitation on discovery is
23  improper in light of Bryant's continuing duty not to use Mattel's confidential and proprietary
24  information as well as MGA's unfair competition claims.

25  _____

26      [1] Mattel also reiterates many of the arguments it made previously in connection with its earlier filed motion to compel Bryant to produce documents.
27
28

Bryant v. Mattel, Inc.,                                                                            3
CV-04-09049 SGL (RNBx)

EXHIBIT _1_ PAGE _9_

1    Mattel also asserts that MGA is improperly withholding documents relating to products,

2    services and matters other than those relating to "dolls." According to Mattel, it has evidence that

3    Bryant conceived of marketing and advertising ideas for the Bratz line while he was employed by

4    Mattel. Mattel contends that any such ideas or contributions may belong to it pursuant to the

5    Inventions Agreement.

6        Third, Mattel seeks documents relating to all of MGA's payments to Bryant, and not just

7    payments for the "first generation" Bratz dolls. Mattel asserts that such information is relevant

8    because (1) Mattel seeks all benefits Bryant received as a result of violating his duties to Mattel;

9    (2) under the Copyright Act, Mattel is entitled to all profits from infringement as well as actual

10   damages; and (3) payments may show when and what trade secret information Bryant and other

11   defendants allegedly misappropriated from Mattel.

12       Fourth, Mattel seeks documents relating to MGA's agreements with Bryant. Mattel

13   contends that all agreements between Bryant and MGA are relevant, not just the original

14   September 18, 2000 agreement. In particular, Mattel contends that it is entitled to discover all

15   documents relating to MGA and Bryant's alleged joint defense agreement because such

16   information would be relevant to demonstrate bias and lack of credibility.

17       Fifth, Mattel seeks production of all declarations, affidavits and other sworn written

18   statements from other cases that refer or relate to Bratz or Angel. Mattel contends that such

19   information may reveal relevant information about the date of creation of Bryant's Bratz

20   drawings.

21       In response, MGA denies withholding responsive documents and asserts that it has

22   produced volumes of documents responsive to Mattel's requests. In particular, MGA represents

23   that it has produced all responsive and relevant documents that it was able to locate in response to

24   request nos. 6, 7, 9, 26, 27, 32, 33, 34, 35, 36, 55, 69, and 70. Further, MGA asserts that even

25   before the motion was filed, it had agreed to address the vast majority of the issues raised in this

26   motion. In particular, MGA represents that it is diligently working to produce documents related

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

4

EXHIBIT _1_ PAGE _9_

1   to Bratz other than "first generation" Bratz in response to request nos. 1, 2, 8, 10, 11, 43, 45, 46,

2   49, 50, 51, 53, 57, 59, 61, 63, 64, 66, 96, 97, 98, 99 and 100.  MGA represents that it informed

3   Mattel that it would produce documents pertaining to subsequent generations of Bratz dolls that

4   have been released on the market.  In addition, MGA represents that it has agreed to produce

5   documents relevant to Bratz or Prayer Angels that it received from Union Bank.  More

6   specifically, MGA represents that it agreed to review and produce documents provided to it by

7   Union Bank for the years 1999 – 2001 concerning payments that it could identify as being for

8   Bratz or Prayer Angels.  MGA also represents that it has agreed to produce royalty statements.

9   Therefore, MGA views the motion as unnecessary.

10       MGA next contends that Mattel's motion should be denied for the following additional

11  reasons.  First, MGA contends that Mattel is not entitled to MGA's product design documents for

12  unreleased products.  MGA asserts that its product design documents for its unreleased toy

13  concepts are among its most highly valuable trade secrets.  Furthermore, MGA contends that

14  designs and drawings for products currently under development, over six years after Bryant first

15  created his original Bratz drawings, have no relevance to any of Mattel's claims.  In the event that

16  documents relating to unreleased products are ordered produced, MGA requests a protective order

17  under Rule 26(c), Fed.R.Civ.P., that limits the dissemination of its documents more drastically

18  than the current protective order provides.  In the alternative, MGA requests that any order

19  compelling production of documents relating to unreleased products should essentially be stayed

20  until after MGA's products are publicly released.

21       Second, MGA contends that Mattel is not entitled to information concerning Bryant's

22  attorneys' fees because the information is privileged.  Furthermore, MGA contends that the

23  information is not relevant to demonstrate bias because "there is no dispute that Bryant's interests

24

25

26

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

5

EXHIBIT \_\_\_ PAGE 10

1  in this case are aligned with those of MGA, and that Bryant is 'biased' in that sense." MGA's

2  Opposition at 24:9-12.[2]

3      Third, MGA asserts that Mattel is not entitled to review all non-public witness statements

4  and litigation documents concerning Bratz for a variety of reasons, including because Mattel has

5  refused to produce similar types of documents.  More significantly, MGA contends that Mattel's

6  requests for non-public witness statements are "a blatant attempt to avoid the discovery

7  limitations imposed by both the Federal Rules of Civil Procedure and those additional limitations

8  imposed by this Court." MGA's Opposition at 25:6-7.  MGA explains its position as follows.

9  MGA is involved in litigation against a number of counterfeiters and infringers in Asia.  In 2003,

10  Mattel allegedly began feeding documents concerning "Toon Teens" to those defendants in an

11  attempt to prove that Bryant created Bratz while working at Mattel, even though Mattel

12  abandoned its claims based upon "Toon Teens" in this court.  Thereafter, those defendants took

13  the position that MGA did not own, and therefore could not enforce, the rights to Bratz.  MGA

14  was thus forced to litigate the issue of ownership.  MGA contends that "[i]n effect, by prompting

15  foreign counterfeiters to espouse a theory that Mattel now admits has no merit, Mattel has created

16  a situation in which MGA has been forced to give testimony and provide evidence related to

17  issues in this case that Mattel now seeks to obtain wholesale." MGA's Opposition at 25:5-24.

18      Fourth, MGA contends that Mattel is not entitled to documents concerning a family

19  dispute between MGA's chief executive officer and his brother because such documents are in no

20  way relevant to this lawsuit.  MGA explains that the brothers were involved in an arbitration

21  proceeding relating to MGA's CEO's purchase of his brother's interest in MGA.  Moreover,

22  MGA contends that the brothers were bound by a protective order prohibiting the use of any

23  documents or testimony for any purpose other than the arbitration.

24

25  _____

26      [2] Nevertheless, MGA represents that it has produced the only non-privileged document responsive to the request.

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

6

EXHIBIT __1__  PAGE __6__

1    Fifth, MGA contends that Mattel is not entitled to its chief executive officer's personnel

2    files because they contain confidential information and are not relevant to the lawsuit.  Sixth,

3    MGA contends that Mattel is not entitled to obtain documents from MGA that belong to, and are

4    in the possession, custody and control of, its indirect foreign subsidiary, MGA HK Ltd.  Lastly,

5    MGA objects to producing documents relating to any testing performed to determine the date that

6    Bratz documents were created.  MGA contends that such discovery is premature and should not

7    proceed until experts are designated.

8        B. <u>Interrogatories</u>

9        On April 28, 2005, Mattel served its Second Set of Interrogatories.  On May 20, 2005,

10   however, the district court stayed the action.  On May 17, 2006, the district court lifted the stay.

11   On May 30, 2006, MGA responded to the interrogatories.

12       Mattel contends that MGA's responses to the interrogatories were untimely.  Further,

13   Mattel contends that the interrogatory responses to numbers five through eleven are deficient

14   because they lack substantive information and consist almost entirely of objections.  MGA

15   responds that the motion is moot because it is prepared to provide supplemental responses to its

16   interrogatories.  MGA does not otherwise assert any additional grounds for opposing Mattel's

17   motion to compel responses to interrogatories.

18                              III. DISCUSSION

19       A. <u>Rule 26 of the Federal Rules of Civil Procedure</u>

20       Rule 26 of the Federal Rules of Civil Procedure provides that "[p]arties may obtain

21   discovery regarding any matter, not privileged, that is relevant to the claim or defense of any

22   party." Fed.R.Civ.P. 26(b)(1).  "Relevant information need not be admissible at trial if the

23   discovery appears reasonably calculated to lead to the discovery of admissible evidence." <u>Id.</u>

24   Discovery shall, however, be limited by the court if it determines that: "(i) the discovery sought is

25   unreasonably cumulative or duplicative, or is obtainable from some other source that is more

26   convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)                                                         7

EXHIBIT <u>1</u>   PAGE <u>12</u>

1  opportunity by discovery in the action to obtain the information sought; or (iii) the burden or

2  expense of the proposed discovery outweighs its likely benefit, taking into account the needs of

3  the case, the amount in controversy, the parties' resources, the importance of the issues at stake in

4  the litigation, and the importance of the proposed discovery in resolving the issues." Fed.R.Civ.P.

5  26(b)(2).

6      B.  <u>Document Requests</u>

7        1.  <u>Requests re Origins of Bratz and Bryant's Work for MGA (Nos. 6, 26, 27, 32, 33,</u>

8           <u>34, 35, 51, 53, 55, 64, 69, 96, 97, 98, 99, 100</u>

9      The requests above seek discoverable information regarding the origins of Bratz and

10  Bryant's work for MGA.  MGA represents that it has produced all responsive documents in

11  response to request nos. 6, 26, 27, 32, 33, 34, 35, 55,and  69 (MGA's Opposition at 13:4-5), and is

12  "diligently working to produce documents in response to" request nos. 51, 53, 64, 96, 97, 98, 99,

13  and 100, including documents related to Bratz other than "first generation" (MGA's Opposition at

14  14:1-4 and note 39).  MGA does, however, object to producing design documents for unreleased

15  products and documents from MGA Hong Kong.

16      As a threshold matter, MGA's responses are inadequate to the extent MGA has restricted

17  its production to "relevant and responsive non-objectionable documents" or documents

18  "sufficient" to show when events relating to Bratz occurred.  These restrictions suggest that MGA

19  might be excluding documents that are responsive to the request based upon its unilateral

20  determination of what is "relevant" or "sufficient."  Mattel shall provide the responses to

21  document requests ordered herein without these restrictions.

22                <u>Design Documents for Unreleased Products</u>

23      MGA's design documents for unreleased products are relevant to Mattel's claims and

24  defenses and must be produced.  <u>See</u> Order Modifying Protective Order.  On April 23, 2007, the

25  parties submitted a stipulation to modify the existing protective order to limit the disclosure of

26  design documents for unreleased products that constitute trade secret information.  <u>See</u> Stipulation

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

8

EXHIBIT 1 PAGE 13

1    to Modify Protective Order; And Proposed Order Thereon ("stipulation").  The parties' stipulation

2    has been approved and entered as an order of the court.  MGA is ordered to produce design

3    documents for unreleased products that are responsive to Mattel's document requests in

4    accordance with the terms of the stipulation and order.

                            Documents from MGA Hong Kong

6          Documents relating to activities or conduct in foreign countries are relevant and

7    discoverable because Mattel has evidence indicating that MGA Hong Kong was involved with

8    Bratz.  Nevertheless, MGA objects to producing documents from Hong Kong unless Mattel

9    provides reciprocal discovery from its subsidiaries.

10         Whether MGA is entitled to discovery from Mattel's subsidiaries has not been briefed in

11   the context of this motion, and therefore is not addressed herein.  MGA is ordered to produce

12   documents from MGA Hong Kong.

13         Mattel's motion is granted with respect to request nos. 6, 26, 27, 32, 33, 34, 35, 51, 53, 55,

14   64, 69, 96, 97, 98, 99, 100.

15             2. Additional Requests re Origins of Bratz (Nos. 7, 8, 9, 10, 11, 12, 13, 36, 46, 57, 59,

16                61, 63, 66, 67, 70, 88, 90, 91

17         Mattel contends that MGA is improperly limiting its document production to the "first

18   generation" Bratz dolls.  MGA represents, however, that it has agreed to produce subsequent

19   generations of Bratz products (MGA's Opposition at 9:20-25, 13:6-14:1), except design

20   documents for yet unreleased products.

21         As stated previously, design documents for yet unreleased products are relevant and

22   discoverable.  See Order Modifying Protective Order.  Accordingly, MGA is ordered to produce

23   all non-privileged documents that are responsive to request nos. 7, 8, 9, 10, 11, 12, 13, 36, 46, 57,

24   59, 61, 63, 66, 67, 70, 88, 90, and 91.

25         //

26         //

27

28
     Bryant v. Mattel, Inc.,                                                    9
     CV-04-09049 SGL (RNBx)

EXHIBIT 1   PAGE 14

1          3. MGA's Payments to Bryant (Nos.43, 45)

2          MGA represents that it has already agreed to produce documents related to Bratz, without

3    limiting its production to "first generation" Bratz. MGA's motion at 13:7-14:3. Nevertheless,

4    Mattel is entitled to an order compelling production of such documents by a date certain. Mattel's

5    motion is granted with respect to request nos. 43 and 45.

6          4. MGA's Agreements with Bryant (Nos. 1, 2, 49, 50)

7          MGA represents that it has already agreed to produce non-privileged documents

8    responsive to request nos. 1, 2, 49, and 50, even though it believes that such documents are not

9    relevant (MGA's motion at 13:7-14:3). These requests seek documents relating to fee or

10   indemnity agreements between MGA and Bryant.

11         Fee or indemnity agreements are relevant to demonstrate bias and lack of credibility.

12   Accordingly, Mattel's motion is granted with respect to request nos. 1, 2, 49, and 50. Any

13   responsive documents withheld on the basis of a privilege must be properly identified in a

14   privilege log.

15         5. Declarations, Affidavits & Other Sworn Written Statements (Nos. 37, 38, 39, 40,

16         41.

17         In request nos. 37, 38, 390, 40, and 41, Mattel seeks production of declarations, affidavits,

18   and other sworn written statements from cases that refer or relate to Bratz or Angel. Mattel

19   anticipates that these documents could provide evidence relating to the conception date for Bratz.

20         Request nos. 37, 38, 39, 40, and 41 seek relevant information regarding the conception

21   date for Bratz. MGA admits in its opposition brief that this issue was litigated in its suits against

22   alleged counterfeiters and infringers.[3] The issue also appears to have been raised in the

23   arbitration proceedings between MGA's chief executive officer, Isaac Larian, and his brother

24   Farhad Larian. In those proceedings, Farhad Larian alleged that Isaac Larian concealed from him

25   _____

26   [3] Although MGA questions the propriety of Mattel providing assistance to the alleged counterfeiters and infringers in raising ownership of Bratz as a defense against MGA's claims, MGA has not cited to any legal authority that prohibits Mattel's conduct.

27

28   Bryant v. Mattel, Inc.,
     CV-04-09049 SGL (RNBx)                                                           10

**EXHIBIT  L  PAGE 15**

1    that MGA was developing Bratz by early 2000. Nevertheless, MGA objects to producing

2    documents from the Larians' arbitration on the grounds that the arbitration was governed by a

3    protective order that prohibits the use of any documents or testimony for any purpose other than

4    the arbitration. MGA, however, has not provided any evidence of the protective order.

5    Accordingly, Mattel's motion to compel is granted as to request nos. 37, 38, 39, 40 and 41.[4]

6           6. Documents Regarding Date-Testing (Request No. 92)

7           Mattel's request no. 92 seeks documents that refer or relate to "any testing of or sampling

8    from any documents that refer or relate to Bratz or Bryant, including without limitation any such

9    testing or sampling in connection with ink, paper or chemical analysis to date any such documents

10   and including without limitation all results and reports relating thereto." MGA contends that the

11   request is premature, and should proceed in the course of expert discovery.

12          The request calls for relevant discovery and there is no basis for delaying production of

13   responsive documents, other than expert reports. The timing of expert reports is governed by

14   Rule 26(a)(2)(C), Fed.R.Civ.P. Accordingly, Mattel's motion is granted as to request no. 92.

15          C. Interrogatories

16          Mattel contends that MGA's responses to interrogatories were untimely, and therefore

17   MGA has waived its objections to the interrogatories. Pursuant to Rule 33(b)(3), Fed.R.Civ.P.,

18   responses to interrogatories are due thirty days after service. In this case, Mattel served its

19   interrogatories on April 28, 2005, and responses were initially due May 31, 2005. The district

20   court, however, issued a stay on May 20, 2005, twenty-two days after the interrogatories were

21   served. The district court lifted the stay on May 17, 2006.

22

23

24

─────────────────────

25        [4] In its discussion of the arbitration proceedings, MGA raises an objection to producing Isaac Larian's

26   personnel file based upon privacy grounds. The personnel file may have documents relevant to Bratz, and therefore
     should be produced. The protective order is sufficient to alleviate Mr. Isaac Larian's privacy concerns.

27

28
     Bryant v. Mattel, Inc.,                                                                              11
     CV-04-09049 SGL (RNBx)

EXHIBIT  I   PAGE 16

1    Neither party has cited to any caselaw governing the calculation of the 30-day period

2    when there is an intervening stay in discovery.  In the absence of any caselaw, MGA's responses

3    will be treated as timely in order to preserve any valid objections MGA may have asserted.

4    Interrogatory No. 5 seeks the identity of each and every person who was involved in the

5    conception, origin, creation, design, development, sculpting, engineering, reduction to practice,

6    tooling or painting of, or who otherwise produced or contributed to any embodiment of Bratz

7    before December 31, 2001, including a description of each person's role and the start and end

8    dates of each person's involvement.  In response, MGA asserted numerous objections, but did

9    provide the names of five individuals.

10    The interrogatory clearly seeks information relevant to the claims at issue.  MGA's

11    objections are without merit.  The interrogatory is not vague, ambiguous, compound or overbroad.

12    Nor has MGA carried its burden of establishing that the interrogatory is unduly burdensome, calls

13    for confidential, proprietary or commercially sensitive information, or seeks information

14    protected by the attorney-client privilege.  Furthermore, MGA's response is incomplete insofar as

15    it fails to provide the description of each person's role and the start and end dates of each person's

16    involvement.  Accordingly, MGA is ordered to provide a complete response to Interrogatory No.

17    5 and identify documents in compliance with Rule 33(d), Fed.R.Civ.P.

18    Interrogatory No. 6 seeks the same information as Interrogatory No. 5 with respect to any

19    embodiment of Angel.  MGA is ordered to provide a complete response to Interrogatory No. 6 for

20    the reasons previously discussed in connection with Interrogatory No. 5.

21    Interrogatory No. 7 asks MGA to identify each and every embodiment of Bratz prior to

22    December 31, 2001.  In response, MGA asserted numerous objections and did not provide any

23    substantive information.

24    MGA's objections are without merit.  The interrogatory clearly seeks information relevant

25    to establishing when Bryant first conceived Bratz.  The interrogatory is not vague, ambiguous,

26    compound or overbroad.  Nor has MGA carried its burden of establishing that the interrogatory is

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

12

EXHIBIT 1 PAGE 17

1  unduly burdensome, calls for confidential, proprietary or commercially sensitive information, or

2  seeks information protected by the attorney-client privilege.  Accordingly, MG is ordered to

3  provide a complete response to Interrogatory No. 7.

4      Interrogatory No.8 asks MGA to identify each and every embodiment of Angel.  MGA is

5  ordered to provide a complete response to Interrogatory No. 8 for the reasons previously

6  discussed in connection with Interrogatory No. 7.

7      Interrogatory No. 9 requires MGA to identify each and every sworn statement that refers

8  or relates to the conception, origin, creation, design, development, sculpting, engineering, tooling

9  or painting of Bratz.  In response, MGA asserted numerous objections and did not provide any

10  substantive information.

11      The interrogatory seeks information relevant to establishing when Bryant first conceived

12  Bratz.  Furthermore, MGA's boiler-plate objections are unsubstantiated.  Accordingly, MGA is

13  ordered to provide a complete response to Interrogatory No. 9.

14      Interrogatory No. 10 requires MGA to identify each and every instance in which Bratz

15  was shown, displayed, or exhibited prior to June 1, 2001, including by stating the date(s) on

16  which each such instance occurred, the location of each show or exhibit, and the identity of

17  persons with knowledge of the shows or exhibits.  In response, MGA asserted numerous

18  objections and provided the following information:  Hong Kong Toy Fair in Hong Kong in or

19  about January 2001 and New York Toy Fair, New York, in or about February 2001.

20      Once again, MGA's boiler-plate objections are unsubstantiated.  The information is

21  potentially relevant to establish when Bryant conceived Bratz.  Further, the response is

22  incomplete insofar as it fails to identify any persons with knowledge.  Therefore, MGA is ordered

23  to provide a complete response to Interrogatory No. 10.

24      Interrogatory No. 11 requires MGA to state the "number for each and every telephone,

25  including without limitation each office, home and cell phone number, in the name of, for the

26  benefit of or for the account of Isaac Larian and any other telephone that Isaac Larian used from

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

13

EXHIBIT _1_ PAGE 18

1  January 1, 1998 through the present, and IDENTIFY each and every carrier (including without

2  limitation any long-distance carrier) for each such number.  In response, MGA asserted numerous

3  boiler-plate objections.

4      Once again, MGA has failed to substantiate any of its objections with supporting

5  declarations or legal authorities.  Accordingly, all objections are overruled and MGA is ordered to

6  provide a full response to Interrogatory No. 11.

7  <div align="center">IV. CONCLUSION</div>

8      For the reasons set forth above, Mattel's motion to compel production of documents is

9  granted.  MGA shall produce all non-privileged documents that are responsive to the requests

10  identified in this Order.  Further, MGA shall produce all documents in un-redacted form, except

11  for redactions that are justified by the attorney-client privilege or work product doctrine.  Mattel's

12  motion to compel interrogatory answers is also granted.  MGA shall produce documents and

13  provide responses to interrogatories consistent with this Order, and produce a privilege log in

14  compliance with Rule 26(b)(5), Fed.R.Civ.P., no later than May 31, 2007.  Mattel's request for

15  sanctions is denied.

16      Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery

17  Master, Mattel shall file this Order with the Clerk of Court forthwith.

18

19

20

21  Dated: May 15, 2007

22                       HON. EDWARD A. INFANTE (Ret.)
                     Discovery Master

23

24

25

26

27

28

EXHIBIT 1  PAGE 19

## PROOF OF SERVICE BY E-MAIL

I, Anthony Sales, not a party to the within action, hereby declare that on May 15,

2007, I served the attached ORDER GRANTING MATTEL'S MOTION TO COMPEL

PRODUCTION OF DOCUMENTS AND INTERROGATORY RESPONSES BY MGA in

the within action by e-mail addressed as follows:

| | | |
|---|---|---|
| Robert Millman Esq. | Littler Mendelson | rfmillman@littler.com |
| Douglas Wickham Esq. | Littler Mendelson | dwickham@littler.com |
| Keith Jacoby Esq. | Littler Mendelson | kjacoby@littler.com |
| Dominic Messiha Esq | Littler Mendelson | dmessiha@littler.com |
| Diba Rastegar Esq. | Littler Mendelson | drastegar@littler.com |
| Michelle Park Esq. | Littler Mendelson | mpark@littler.com |
| Alaya B. Meyers, Esq. | Littler Mendelson | ameyers@littler.com |
| Brady Mitchell, Esq. | Littler Mendelson | bmitchell@littler.com |
| Carol Miller, Esq. | Littler Mendelson | cmiller@littler.com |
| Ryan P. Eskin, Esq. | Littler Mendelson | reskin@littler.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | jbq@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Morris Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgetmorris@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| Dale Cendali Esq. | O'Melveny & Myers LLP | dcendali@omm.com |
| Diana Torres Esq. | O'Melveny & Myers LLP | dtorres@omm.com |
| James Jenal Esq. | O'Melveny & Myers LLP | jjenal@omm.com |
| Alicia Meyer Esq. | O'Melveny & Myers LLP | ameyer@omm.com |
| Jennifer Glad Esq. | O'Melveny & Myers LLP | jglad@omm.com |
| David Hurwitz, Esq. | O'Melveny & Myers LLP | dhurwitz@omm.com |
| Johanna Schmitt Esq. | O'Melveny & Myers LLP | jschmitt@omm.com |
| Patricia Glaser Esq. | Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP | pglaser@chrisglase.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on May 15, 2007, at San Francisco, California.

Anthony Sales

**EXHIBIT 1 PAGE 20**

**EXHIBIT 2**

*THIS CONSTITUTES NOTICE OF ENTRY*
*AS REQUIRED BY FRCP, RULE 77(D).*

**PRIORITY SEND**
& ENTERED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA 92501
CIVIL MINUTES – GENERAL

Case No.    CV 04-09049 SGL(RNBx)                    Date: July 2, 2007

Title:    CARTER BRYANT -v- MATTEL, INC.
          AND CONSOLIDATED ACTIONS

===============================================================================

PRESENT:   HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

Jim Holmes                                Theresa Lanza
Courtroom Deputy Clerk                    Court Reporter

ATTORNEYS PRESENT FOR CARTER        ATTORNEYS PRESENT FOR MATTEL:
BRYANT:

John W. Keker                            John B. Quinn
                                         Brett Dylan Proctor
                                         Michael T. Zeller

ATTORNEYS PRESENT FOR MGA:

Dale M. Cendali
Patricia Glaser

ENTERED
CLERK, U.S. DISTRICT COURT

JUL - 5 2007

CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION   BY DEPUTY

DOCKETED ON CM

JUL - 5 2007

BY _____ 164

PROCEEDINGS:   MINUTE ORDER

          As set forth more fully herein, the Court hereby makes the following ruling regarding matters heard on July 2, 2007:

(1)   The Court **GRANTS** Mattel's Motion re Trial Structure (docket #462);

(2)   The Court **GRANTS IN PART AND DENIES IN PART** MGA's Motion re Discovery Master's May 15, 2007, Order (docket #505);

(3)   The Court **GRANTS IN PART AND DENIES IN PART** MGA's Ex Parte Application

MINUTES FORM 90                                 Initials of Deputy Clerk _jh_
CIVIL – GEN                          1          Time: 01/15



EXHIBIT **2** PAGE **21**

regarding date of production of documents (docket #545); and

(4)   The Court **DENIES** MGA's Motion re Discovery Master's May 16, 2007, Order (docket #508).

(5)   The Court **DENIES** the parties' oral request for modification of pretrial and trial dates.

(1)   Motion re Trial Structure (docket #462)

        Previous orders of the Court specified that the claims and counterclaims brought in this action will be tried in two phases.  The parties have agreed, in large part, to a refinement of the Court's mandate that all issues regarding the ownership of Bratz shall be tried in Phase 1.  Where the parties differ is upon a proposal by Mattel that the Phase 1 be bifurcated into two sub-phases, with Mattel's copyright infringement claim (its first counterclaim in the 05-02727 case) and all Phase 1 damages being tried after all the other issues.  Phase 1(a) would be limited to issues surrounding Carter Bryant's employment with Mattel, and how those issues impact the ownership of certain original Bratz drawings, while Phase 1(b) would address approximately two-hundred Bratz products that are potentially derivative of the original drawings.  This approach has the appeal of limiting Phase 1(a) to discrete issue of the ownership of the original Bratz drawings.  A finding that Bryant owns these original drawings in Phase 1(a) has the potential to eliminate the need for Phase 1(b).

        Accordingly, **THE COURT ADOPTS MATTEL'S MODIFICATION OF DEFENDANTS' PROPOSAL,** as set forth at 8-9 of its Memorandum Regarding Trial Structure, filed June 20, 2007.  Phase 1(a) and Phase 1(b) (if necessary) will be tried to the same jury.

(2)   MGA's Motion re Discovery Master's May 15, 2007, Order (docket #505), and
(3)   MGA's Ex Parte Application regarding date of production of documents (docket #545).

        The Discovery Master's May 15, 2007, Order compels production of documents regarding ink, paper, and chemical analysis and documents relating to unreleased MGA products.  The order required that documents be produced no later than the end of May.

        The Court reviews the Discovery Master's orders under the "clearly erroneous" or "contrary to law" standard set forth in Fed. R. Civ. P. 72(a).

        The Discovery Master's order compels the production of only non-privileged documents.  Therefore, MGA's arguments that the Discovery Master's order requires production of documents in violation of the attorney-client privilege are misplaced.  If the only responsive documents are privileged, then MGA need not produce them, but must produce a privilege log.

        MGA acknowledges that it has raised an argument before the Court that was not raised

MINUTES FORM 90
CIVIL – GEN

                                        2

Initials of Deputy Clerk __jh_____
Time: 01/15

**EXHIBIT 2  PAGE 22**

before the Discovery Master, namely, that Mattel has failed to establish that there are "exceptional circumstances" that allow Mattel to "discover facts known or opinions held by an expert . . . who is not expected to be called as a witness at trial." Fed. R. Civ. P. 26(b)(4)(B). MGA contends that the Discovery Master's order is contrary to law based on this standard, and that it was incumbent upon Mattel to raise it below. The Court disagrees. Mattel would be required to establish that exceptional circumstances existed if MGA objected to production on that grounds. A party seeking production cannot be expected to rebut all arguments that could possibly be raised by a party resisting production. MGA has not convinced the Court that the Discovery Master's failure to require Mattel to rebut an argument that was not raised by MGA is contrary to law.

MGA contends that the Discovery Master's order compelling production of documents regarding unreleased products is contrary to law. Relevant to that determination is a balancing test required to be applied by the Ninth Circuit when trade secrets are requested by a competitor in discovery. See Brown Bag Software v. Symantec Corp., 960 F.2d 1465, 1470 (9th Cir. 1992) ("Specifically, in this case we must balance the risk to [defendant] of inadvertent disclosure of trade secrets to competitors against the risk to [plaintiff] that protection of [defendant's] trade secrets [will] impair[] prosecution of [plaintiff's] claims.").

Here, the documents sought are of a particularly sensitive nature. They represent some of the most secretive documents maintained by MGA, and they are being ordered to be produced to MGA's fierce competitor. The Discovery Master recognized the sensitive nature of the documents and entered a strict protective order that severely limits access to those documents and that goes well beyond the normal "attorney eyes only" designation.

MGA argues that unreleased products are irrelevant to the issue of who owns the original Bratz drawings. That is clear. However, MGA's argument attempts to limit the discovery to issues involved in Phase 1 of the trial. There has been no bifurcation of discovery.

Mattel correctly points out that these documents are relevant to a number of its other claims. Specifically, if they show unreleased products that are similar to Mattel's unreleased products, the documents would be highly probative of Mattel's misappropriation of trade secrets claim. Moreover, these documents could be relevant to Mattel's RICO claims based on alleged acts of criminal copyright infringement.

Balancing tests are inherently subjective and particularly susceptible to varying interpretation by individual judicial officers. This Court, upon considering this issue from the outset, may very well have weighed the evidence differently and reached a contrary result. However, this Court is bound by the standard of review, and MGA's motion falls far short of convincing the Court that the Discovery Master's order is contrary to law.

The parties have a long history regarding the production of documents ordered in the May 15, 2007, Order, which is set forth in their papers and which need not be repeated here. Counsel for MGA represented that the remaining documents could be produced no later than July 31, 2007, with the exception of the documents from MGA Hong Kong, which could be produced no

EXHIBIT _2_ PAGE _23_

later than two weeks after that date. Accordingly, the Court **ORDERS** that MGA complete the document production set forth in the Discovery Master's May 15, 2007, order no later than July 31, 2007, with the exception of the documents from MGA Hong Kong, which shall be produced no later than August 14, 2007.

Accordingly, the Court **GRANTS** in part MGA's motion re the Discovery Master's May 15, 2007, Order, extending the document production date as set forth above. The Motion is **DENIED** in all other respects.

Likewise, the Court **GRANTS** in part MGA's ex parte application re date of production of documents, extending the document production date as set forth above. The application is **DENIED** in all other respects.

(4)   MGA's Motion re Discovery Master's May 16, 2007, Order (docket #508)

The Discovery Master's May 16, 2007, Order compelled the Rule 30(b)(6) depositions of witnesses on the topics of MGA's net worth, prior sworn statements, and ink, paper, and chemical analysis performed by MGA.

> A party may in the party's notice and in a subpoena name as the deponent a public or private corporation or a partnership or association or governmental agency and describe with reasonable particularity the matters on which examination is requested. In that event, the organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. . . . The persons so designated shall testify as to matters *known or reasonably available* to the organization.

Fed. R. Civ. P. 30(b)(6) (emphasis added). "The purpose behind Rule 30(b)(6) is to create testimony that will bind the corporation." <u>Sanders v. Circle K Corp.</u>, 137 F.R.D. 292, 294 (D. Ariz. 1991) (internal citation omitted). Another purpose of Rule 30(b)(6) is aptly described by the District Court for the District of Columbia:

> [The purpose of Rule 30(b)(6) is to] prevent[] serial depositions of various witnesses without knowledge within an organization and eliminating 'bandying', which is the name given to the practice in which people are deposed in turn but each disclaims knowledge of facts that are clearly known to persons in the organization and thereby to the organization itself.

<u>Alexander v. F.B.I.</u>, 186 F.R.D. 148, 152 (D.D.C. 1999) (citing the 1970 Advisory Committee Notes to Rule 30(b)(6)).

The Discovery Master's order compelling Rule 30(b)(6) depositions in the specified

Initials of Deputy Clerk __jh_____

Time: 01/15

EXHIBIT _2_ PAGE _24_

categories serve both these purposes and is not contrary to law.

Although MGA's net worth may not be known to it, MGA does not contend that the information is not readily available. That net worth is generally the subject of expert testimony at trial -- a proposition disputed by neither Mattel nor the Court -- does not render it an improper subject for a Rule 30(b)(6). Therefore, the Discovery Master's ruling on this issue is not contrary to law.

MGA likewise does not contend that information regarding prior sworn statements are not readily available to it. Although contending that this is not an appropriate subject for a Rule 30(b)(6) deposition, MGA fails to cite authority in support of that contention. Therefore, the Discovery Master's ruling on this issue is not contrary to law.

The ink, paper, and chemical analysis topic is likewise a proper subject of a Rule 30(b)(6) deposition. To the extent that such a deposition has the potential to encroach upon information protected by the work-product privilege, then that objection must be made on a question-by-question basis. MGA may not make a blanket objection and justify its refusal to produce a Rule 30(b)(6) designee on this topic based on that blanket objection. Therefore, the Discovery Master's ruling on this issue is not contrary to law.

Accordingly, the Court **DENIES** MGA's motion re the Discovery Master's May 16, 2007, Order.

(5)   Oral Request for Modification of pretrial and trial dates.

Although no motion or ex parte application on the subject was pending before the Court, the parties made an oral request at the hearing to continue certain pretrial and trial dates. A discussion ensued and it became apparent that no final agreement was reached by the parties regarding extending these dates. Accordingly, the Court **DENIES** the parties' oral request for modification of pretrial and trial dates. The Court will consider counsels' stipulation regarding extensions of those dates only where all counsel unqualifiedly stipulate to those dates. Until the scheduling order is modified by the Court, the dates previously set by the Court remain in effect. In addition, the Court is unlikely to entertain a continuance of the Phase 1 trial past April, 2008.

IT IS SO ORDERED.

Initials of Deputy Clerk _jh_____
Time: 01/15

EXHIBIT 2   PAGE 25

**EXHIBIT 3**

| | |
|---|---|
| From: | Janine Rilz |
| Sent: | Friday, June 01, 2001 10:29 AM |
| To: | Isaac Larian |
| Subject: | Update |

**REDACTED**

1

CONFIDENTIAL
ATTORNEY'S EYES ONLY

MGA002108

EXHIBIT 3 PAGE 26

**EXHIBIT  4**

| From: | Isaac Larian |
|---|---|
| Sent: | Saturday, March 03, 2001 10 09 PM |
| To: | Patrick Williams |
| Subject: | RE  Eckerd pricing approval |

-----Original Message-----
| From: | Patrick Williams |
|---|---|
| Sent: | Saturday, March 03, 2001 4:17 PM |
| To: | Isaac Larian |
| Subject: | FW. Eckerd pricing approval |

-----Original Message-----
| From: | Jennifer Maurus |
|---|---|
| Sent: | Friday, March 02, 2001 10:47 AM |
| To: | Patrick Williams |
| Subject: | Eckerd pricing approval |

Hi Pat,

I hadn't heard back from you on the following special prices for Eckerd.  Please advise if acceptable, as quotes are due next week.

Bratz
Insectobots

Also, they need a concession on the one time LC deal to write orders in mid-April.  Ship date would still be in June.

Thanks in advance for your approval.

**Jennifer Maurus**
Sales Manager, National Accounts
MGA Entertainment
818-894-2525 x119 (inside CA)
800-222-4685 x119 (outside CA)
jmaurus@mgae.com
www.mgae.com

1

REDACTED

CONFIDENTIAL
ATTORNEY'S EYES ONLY

MGA003377

EXHIBIT 4  PAGE 27

**EXHIBIT  5**

| | |
|---|---|
| **From:** | Isaac Larian |
| **Sent:** | Wednesday, January 31, 2001 8:06 PM |
| **To:** | Judy Rich |
| **Subject:** | Fall 2001 Cost List.xls |

REDACTED

1

CONFIDENTIAL
ATTORNEY'S EYES ONLY

MGA005772

EXHIBIT 5  PAGE 28

**EXHIBIT 6**

# 4

**Wednesday**
October 2000

| S | M | T | W | T | F | S |
|---|---|---|---|---|---|---|
| | | | | | | 1 |
| 2 | 3 | 4 | 5 | 6 | 7 | |
| 8 | 9 | 10 | 11 | 12 | 13 | 14 |
| 15 | 16 | 17 | 18 | 19 | 20 | 21 |
| 22 | 23 | 24 | 25 | 26 | 27 | 28 |
| 29 | 30 | 31 | | | | |

✓ Task Completed
→ Planned Forward
✗ Task Deleted
⊘ Delegated Task
● In Process

**Appointment Schedule**

## 4 · ABC    Prioritized Daily Task List

**Daily Expenses**

CONFIDENTIAL
ATTORNEY'S EYES ONLY

MGA002639

© 1998 Franklin Covey    www.franklincovey.com    Monticello-Monarch

**REDACTED**

EXHIBIT _V_ PAGE _29_

Believe that life is worth living and your belief will create the fact.
— William James

4
Wednesday
October 2000

Monthly Focus:
Mission—What is at the center of my personal vision and purpose?

Daily Record of Events
278th Day 88 Left Week 40

H.K. Show Story

Paula

Victoria

- P.P.

- Prom Dolls.

- Scope for Sonstras

Abul Max.

- Bratz.

CONFIDENTIAL
ATTORNEY'S EYES ONLY

MGA002640

© 1998 Franklin Covey Co. REDACTED
www.franklincovey.com
Monticello—Monarch

EXHIBIT 6 PAGE 30

**9**
Thursday
November 2000

*Always have some project underway . . .
an ongoing project that goes ever from day to
day and thus makes each day a small unit of time.*
— Dr. Lillian Troll

**Daily Record of Events**

- legal for Brady —
- 1 doll plus drawings 12/15
  can suggest schedule —
  rate carry
  or can she get paid to
  ✱ she can move forward —
  talk about 6% to 7—

antle

choc op.

neck —        Top of neck

sholder to shol'dr

—         in

hip      disk

hip to hip —

REDACTED

CONFIDENTIAL
ATTORNEY'S EYES ONLY

MGA002641

EXHIBIT 6  PAGE 31

**9**

Release Jup
Rope file
E-mail

1:00 Mozart/Anto

Daily Expenses

© 1998 Franklin Covey Co.          www.franklincovey.com          Original-Compact

REDACTED

CONFIDENTIAL
ATTORNEY'S EYES ONLY

MGA002642

EXHIBIT 6 PAGE 32

*Our imagination is the only limit to what we can hope to have in the future.*
— Charles F. Kettering

## 10
Friday
November 2000

### Daily Record of Events

- Key product   HK Toyfair
  - VR 3D                    Design + Cost
  - Back at You
  - Robo creeps(
  - Who is Hair
  - Power Tinkerbecs (spring product)
  - Ma Fields
  - Jump Rope
  - mDB2
  - Bratz
  - Palm Rippies / Palm Baby
  - Monkey see monkey do
  - Comb Bratt 3
  - Bow Wow buddies

© 1998 Franklin Covey Co    www.franklincovey.com    Original-Compact

REDACTED

CONFIDENTIAL
ATTORNEY'S EYES ONLY

MGA002643

EXHIBIT 6   PAGE 33

*The best way to suppose what may come, is to remember what is past.*
— George Savile

## 13
Monday
November 2000

Daily Record of Events

- Need the tubing in the back pack
- tom/s ___ tools for shoes

( master 2 cc
  1 hispanic
  1 asian
( master 4 blk

125 mm

rise to from top box
height

REDACTED

CONFIDENTIAL
ATTORNEY'S EYES ONLY

MGA002644

EXHIBIT 6 PAGE 34

**13**

Need master carton for all Bratz

Package size Bratz
Resize PDF

10:30 ltres.

Order cover for pickup for behind the compliments

Daily Expenses

© 1986 Franklin Covey Co.   www.franklincovey.com   Original-Compact

REDACTED

CONFIDENTIAL
ATTORNEY'S EYES ONLY

MGA002645

EXHIBIT 6 PAGE 35

*If the first button of one's coat is wrongly buttoned, all the rest will be crooked.*
— *Giordano Bruno*

**21**
Tuesday
November 2000

Daily Record of Events

— Follow heads
hand castings of the whole body —

6 Pillow board —
rubberized   1500 → 2500

Jeffrey Ramirez

REDACTED

CONFIDENTIAL
ATTORNEY'S EYES ONLY

MGA002646

EXHIBIT 6 PAGE 36

*For the happiest life, days should be rigorously planned, nights left open to chance.*
*— Mignon McLaughlin*

**30**
Thursday
November 2000

Daily Record of Events

© 1996 Franklin Covey Co.    www.franklincovey.com    Original-Compact

**REDACTED**

CONFIDENTIAL
ATTORNEY'S EYES ONLY

MGA002647

EXHIBIT 6 PAGE 37



REDACTED

CONFIDENTIAL
ATTORNEY'S EYES ONLY

MGA002648

EXHIBIT 6  PAGE 38

cost Reduction
for Britz

Daily Expenses

© 1996 Franklin Covey Co.    www.franklincovey.com    Original Compact

REDACTED

CONFIDENTIAL
ATTORNEY'S EYES ONLY

MGA002649

EXHIBIT 6 PAGE 39

*A minute's success pays the failure of yours.*
— Robert Browning

**8**
Friday
December 2000

**Daily Record of Events**

doll EL          no 2nd
doll WS          hair

Target cost

Fabric +
eye color PMS color

MDP

We will have the moin
within early next week

© 1998 Franklin Covey Co.          Original-Compact

**REDACTED**

CONFIDENTIAL
ATTORNEY'S EYES ONLY

MGA002650

EXHIBIT 6   PAGE 4



**REDACTED**

CONFIDENTIAL
ATTORNEY'S EYES ONLY

MGA002651

EXHIBIT 6  PAGE 4



CONFIDENTIAL
ATTORNEY'S EYES ONLY

MGA002652

EXHIBIT __6__ PAGE 42

Hitch your wagon to a star.
— Ralph Waldo Emerson

**11**
Monday
December 2000

Daily Record of Events

9.5 height

— What is the age grade

4 dolls        × 2 = 8
3 fashion packs × 1 = 3
                      11

12     2 pairs of
       shoes + starter
Cloth — (0 pair of — his)
Need the to know
what doll wears what
shoe —

REDACTED

CONFIDENTIAL
ATTORNEY'S EYES ONLY

MGA002653

EXHIBIT __6__ PAGE __43__



CONFIDENTIAL
ATTORNEY'S EYES ONLY

MGA002654

EXHIBIT 6 PAGE 44

*No life ever grows great until it is focused, dedicated, and disciplined.*
— *Henry Emerson Fosdick*

**18**
**Monday**
**December 2000**

Daily Record of Events

Jessy —

CONFIDENTIAL
ATTORNEY'S EYES ONLY

MGA002655

REDACTED

EXHIBIT 6 PAGE 45

**18**

- follow up with Stephen lee on Camb II schedule & PS. dates
- Tried 4 samples for shadow
- 2 samples for Cat
- Cheeks Meeting w/ Scooter 2 for group
- Print Master of Bratz 1/16/01
- Anna Pect-A br

**Daily Expenses**

© 1998 Franklin Covey Co.    www.franklincovey.com    Original-Compact

CONFIDENTIAL
ATTORNEY'S EYES ONLY

MGA002656

EXHIBIT 6  PAGE 46



REDACTED

CONFIDENTIAL
ATTORNEY'S EYES ONLY

MGA002657

EXHIBIT 6  PAGE 47



REDACTED

CONFIDENTIAL
ATTORNEY'S EYES ONLY

MGA002658

EXHIBIT _6_ PAGE _48_

**20**
Wednesday
December 2000

Daily Record of Events

- no hair has been submitted for Jump Rope + Skater Brat for
  - Jan 6th   1 sample
    Newbie
  - Jan 10th   six sample blond —

- Veronica only hair for Toy fair

- 27 _____ wax
- 29 rough wax   } Cindy
- 8th Jan final wax

REDACTED

CONFIDENTIAL
ATTORNEY'S EYES ONLY

MGA002659

EXHIBIT 6   PAGE 49



**REDACTED**

CONFIDENTIAL
ATTORNEY'S EYES ONLY

MGA002660

EXHIBIT 6  PAGE 50

**22**

6
7
8
9
10
11
12
1
2
3
4
5
6
7
8
9

— Fedex
Doll to HK

Pick up
FedEx from
Anne

Call Anne

— Doll
for one
fashion

in B Fields

**Daily Expenses**

© 1999 Franklin Covey Co.          www.franklincovey.com          Original-Compact

REDACTED

CONFIDENTIAL
ATTORNEY'S EYES ONLY

MGA002661

EXHIBIT _6_ PAGE _51_

**26**
Tuesday
December 2000

It is easy in the world to live after the world's opinions; it
is easy in solitude to live after your own; but the great
man is he who in the midst of the crowd keeps with
perfect sweetness the independence of solitude.
— Ralph Waldo Emerson

Daily Record of Events

All patterns for fabric Deak
doc 1/2 inch larger
are fine

Team point + Assemble
Bodies
make enough shoes —

CONFIDENTIAL
ATTORNEY'S EYES ONLY

MGA002662

EXHIBIT 6 PAGE 52



**REDACTED**

CONFIDENTIAL
ATTORNEY'S EYES ONLY

MGA002663

EXHIBIT 6  PAGE 53



REDACTED

CONFIDENTIAL
ATTORNEY'S EYES ONLY

MGA002664

EXHIBIT _6_ PAGE _54_

**EXHIBIT 7**

| DESCRIPTION | J |
| --- | --- |
| Sing Bouncy Baby/ Bathtime Bouncy | |
| Sing Bouncy Baby/ Bathtime Bouncy | |
| Hoppity Bouncy Baby | |
| Jumpin' Jenni | |
| Scooter Samantha | |
| Hoppity Bouncy Baby - Black | |
| Scooter Samantha - Black | |
| Jumpin' Jenni - Black | |
| Bratz - Sasha - Black | |
| Bratz | |
| Fashion Pack asst | |

**REDACTED**

CONFIDENTIAL
ATTORNEY'S EYES ONLY

MGA002485

EXHIBIT 7  PAGE 55

MGA002486

REDACTED

CONFIDENTIAL
ATTORNEY'S EYES ONLY

EXHIBIT 7 PAGE 56

**EXHIBIT  8**

| | A | B | C | D | E | F | G | H | I | J | K | L | M | N |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Contract | Cat | Sub | Sess Cd | VENDOR | AIM # | Status for Fall | Stat | Pkg | DESCRIPTION | | | SALES PLAN | CONTAINER QTY |
| 1 | | | | | | | | | | | | | | |
| 2 | | 6 | | | MGA | 37-2128 | C | C | 2 | 8ng Bouncy Baby/ Bathtime Bouncy | | | | |
| 3 | | 5 | 3 | 2 | MGA | 64-4987 | C | C | | Sing Bouncy Baby/ Bathtime Bouncy | | | | |
| 4 | | 5 | | 1 | MGA | 66-0319 | C | | 2 | Happity Bouncy Baby | | | | |
| 5 | | 5 | | | MGA | 66-0320 | | | 4 | Happity Bouncy Baby | | | | |
| 6 | | 5 | | | MGA | 66-0321 | | | 4 | Jumpin' Jenni | | | | |
| 7 | | 5 | | | MGA | 66-0344 | | | 4 | Scotter Samantha | | | | |
| 8 | | 5 | | | MGA | 66-0346 | | | 4 | Happity Bouncy Baby - Black | | | | |
| 9 | | 5 | | | MGA | 66-345 | | | 4 | Scooter Samantha - Black | | | | |
| 10 | | 5 | | | MGA | 66-345 | | | 4 | Jumpin 'Jenni - Black | | | | |
| 11 | | 7 | | | MGA | 66-0380 | New | B | 6 | Bratz - Sasha - Black | | | | |
| 12 | | 7 | | | MGA | 66-0381 | New | | 6 | Bratz | | | | 10,188 |
| 13 | | 7 | | | MGA | 66-0382 | New | | 12 | Fashion Pack asst | | | | 10,188 |
| 14 | | | | | MGA Total | | | | | | | | | 39,504 |
| 15 | | | | | | | | | | | | | | |
| 16 | | | | | | | | | | | | | | |
| 17 | | | | | | | | | | | | | | |
| 18 | | | | | | | | | | | | | | |
| 19 | | | | | | | | | | | | | | |
| 20 | | | | | | | | | | | | | | |
| 21 | | | | | | | | | | | | | | |
| 22 | | | | | | | | | | | | | | |
| 23 | | | | | | | | | | | | | | |

REDACTED

CONFIDENTIAL
ATTORNEY'S EYES ONLY

MGA005716

EXHIBIT 8  PAGE 57

| Cat | Sess Sub | Cd | VENDOR | AIM # | Status for Fall | Stat | Pkg | DESCRIPTION | | SALES PLAN | CONTAINER QTY | FOB COST | LANDED COST | FOB TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 5 | | 1 | MGA | 37-2125 | C | C | 2 | Sing Bouncy Baby/ Bathtime Bouncy | B | 10,008 | 3,844 | $ | $ | |
| 5 | | 2 | MGA | 64-4997 | C | C | 2 | Sing Bouncy Baby/ Bathtime Bouncy | W | 50,000 | 3,844 | $ | $ | |
| 6 | | | MGA | 66-0319 | | | 2 | Hoppity Bouncy Baby | W | 14,528 | 3,622 | $ | $ | |
| 6 | | | MGA | 66-0320 | | | 4 | Jumpin' Jenni | W | 5,552 | 3,499 | $ | $ | |
| 6 | | | MGA | 66-0321 | | | 4 | Scooter Samantha | W | 17,379 | 2,172 | $ | $ | |
| 6 | | | MGA | 66-0344 | | | 4 | Hoppity Bouncy Baby - Black | B | 3,432 | 3,432 | $ | $ | |
| 6 | | | MGA | 66-0344 | | | 4 | Scooter Samantha - Black | B | 4,344 | 2,172 | $ | $ | |
| 7 | | | MGA | 64-345 | | B | 4 | Jumpin' Jenni - Black | B | 3,848 | 3,848 | $ | $ | |
| 7 | | | MGA | 44-0380 | New | | 6 | Bratz - Sasha - Black | | 4,200 | 18,188 | 9.98 $ | 11.49 $ | $39,960.00 |
| 7 | | | MGA | 66-0361 | New | | 6 | Bratz | | 40,000 | 10,166 | 9.99 $ | 11.49 $ | $399,600.00 |
| 7 | | | MGA | 66-0382 | New | | 12 | Fashion Pack asst | | 25,000 | 39,804 | 3.55 $ | 4.04 | $86,750.00 |
| | | | MGA Total | | | | | | | | | | | |

REDACTED

CONFIDENTIAL - ATTORNEYS' EYES ONLY

MGA 0010160.3

EXHIBIT 8 PAGE 58

MGA0010160.3 B

**EXHIBIT  9**

| From: | Isaac Larian |
|---|---|
| Sent: | Monday, February 26, 2001 9:36 PM |
| To: | Helene Bartels, Jennifer Maurus |
| Cc: | Patrick Williams |
| Subject: | RE: Prayer Angels for Wal-Mart |

Go to     FOB LA  and lets get this order please

-----Original Message-----
| From: | Helene Bartels |
|---|---|
| Sent: | Friday, February 23, 2001 2:58 PM |
| To: | Patrick Williams |
| Cc: | Jennifer Maurus |
| Subject: | RE: Prayer Angels for Wal-Mart |

Cynthia would like to by the 5,000 now and the 11,000 broken down in shipments of 4/1, 4/15 and 5/1. However, she would like us to work on our pricing to try and get it closer to her store cost. FYI, FOB HK is         . Store Cost is          and FOB LA is         . Once you decide on a price she will write the orders. Additionally, she will also look at switching her import commitment to domestic replenishment if the price is right so that we can optimize sales

Let us know what price you agree to so that Jennifer or I can get back to Cynthia

-----Original Message-----
| From: | Patrick Williams |
|---|---|
| Sent: | Thursday, February 22, 2001 5:17 PM |
| To: | Helene Bartels, Jim Olmstead |
| Subject: | RE: Prayer Angels for Wal-Mart |

Give the first 5.0M to Wal-Mart

-----Original Message-----
| From: | Helene Bartels |
|---|---|
| Sent: | Wednesday, February 21, 2001 10:17 PM |
| To: | Jim Olmstead; Patrick Williams |
| Subject: | RE: Prayer Angels for Wal-Mart |

Who gets the 5,000 that are in our warehouse today? Can those go to Wal-Mart to set Spring? Remaining 11K on 4/1? FYI, I know          orders are due in any day, but we don't have enough to fill their order now, and if Wal-Mart wants, I'd like to offer the first 5K to them
-----Original Message-----
| From: | Jim Olmstead |
|---|---|
| Sent: | Wednesday, February 21, 2001 3:42 PM |
| To: | Patrick Williams, Gary Thomson |
| Cc: | Helene Bartels |
| Subject: | RE: Prayer Angels for Wal-Mart |

After looking at all updated forecast thru today, all I see left for Spring are flwg
         1.8k March          8k march, and          600 each Mar/April; that totals 11k pcs needed before April

So I could move 11k asstd to LA  leaving HK by 3/10, so avail in LA 4/01. With 5k already in LA, that would give Walmart 16k to start.

There was no mention of Afro, do you know if Walmart will take?

-----Original Message-----
| From: | Patrick Williams |
|---|---|
| Sent: | Wednesday, February 21, 2001 2:29 PM |
| To: | Jim Olmstead, Gary Thomson |

1

REDACTED          CONFIDENTIAL
ATTORNEY'S EYES ONLY          MGA003392

EXHIBIT 9   PAGE 59

Cc: Helene Bartels
Subject:      RE: Prayer Angels for Wal-Mart

Gary, I am assuming that you will need your quantities, just at a later date   Possibly April?

-----Original Message-----
From:        Jim Olmstead
Sent:        Tuesday, February 20, 2001 3:23 PM
To:          Patrick Williams
Cc:          Helene Bartels
Subject:     RE: Prayer Angels for Wal-Mart

So far      clmd at 6k,      at 8k, Target gone
Is Gary saying to forget    and       accounts for now?

If that is correct, we will have est 13k avail for Walmart until mid-April

    -----Original Message-----
    From:        Patrick Williams
    Sent:        Tuesday, February 20, 2001 1:49 PM
    To:          Jim Olmstead
    Cc:          Helene Bartels
    Subject:     FW: Prayer Angels for Wal-Mart

    FYI       order should be here shortly   It will be 7.0M less that the original forecast.

    We should be okay for Wal-Mart   Helene, hopefully Cynthia will turn this on ASAP?

        -----Original Message-----
        From:        Jennifer Maurus
        Sent:        Tuesday, February 20, 2001 1:46 PM
        To:          Patrick Williams
        Subject:     RE: Prayer Angels for Wal-Mart

    I should have the       order within a week.  It will be for 8000 units now, instead of the 15K
    originally committed.

        -----Original Message-----
        From:        Patrick Williams
        Sent:        Tuesday February 20 2001 11:47 AM
        To:          Gary Thomson; Jennifer Maurus
        Subject:     FW: Prayer Angels for Wal-Mart

    Gary, Jennifer, when do you need this product for your accounts?

        -----Original Message-----
        From:        Jim Olmstead
        Sent:        Tuesday, February 20, 2001 10:27 AM
        To:          Patrick Williams; Helene Bartels
        Cc:          Lawne Chan; Patricia Perner, Stanley Li; Isaac Larian
        Subject:     RE: Prayer Angels for Walmart

    After a more thorough review of these, we have est 27k total from first production run.  There are
    est 5k in LA now, with 22K in HK, I believe 7.5k are already built, and for 15k balance we own
    full kit matls--goods are either already made or can be made shortly
    In addition, there are <3k Afro in LA, with 11.6k in HK, same point as above re matls and
    delivery

    We had firm forecasts for      -6k,      15k,      -8k,      -1 2k,
    1 2k,      8k,      4.2k
    We have received NONE of these orders.

    I'd recommend we give these goods to Walmart, and if the orders for the above become firm, we
    could ship them mid-April from HK

    Should Sales agree to "abandon" those forecasts for now. I will arrange to bring any and all
    Prayer Angels to LA immediately.

<center>2</center>



CONFIDENTIAL
ATTORNEY'S EYES ONLY

MGA003393

EXHIBIT 9   PAGE 60

Stanley, please advise est ready date for the 15k left from PO03362

-----Original Message-----
**From:** Isaac Larian
**Sent:** Tuesday, February 20, 2001 5:12 AM
**To:** Stanley Li
**Cc:** Helene Bartels; Patrick Williams; Jim Olmstead; Lawrie Chan; Patricia Perner
**Subject:** RE  Prayer Angles

The spring orders are DOMESTIC from LA

I recall we made 45k of these early on. My question is where is that inventory? In LA? In HK?

Helene: Please set it up for spring shipment, per meeting with Cynthia in NY so we can ship ASAP.

-----Original Message-----
**From:** Stanley Li
**Sent:** Tuesday, February 20, 2001 1:00 AM
**To:** Isaac Larian
**Cc:** Helene Bartels; Patrick Williams; Jim Olmstead, Lawrie Chan
**Subject:** RE: Prayer Angles

Per our on hand info. that we have received a Walmart FOB HK order (135K) which is required to ship from May 25 onwards  So the Spring program will be supported from LA inventory and we work with Jim for details.

Thanks n best regards.

-----Original Message-----
**From:** **Isaac Larian**
**Sent:** Tuesday, February 20, 2001 10 36  AM
**To:** Jim Olmstead, Stanley Li
**Cc:** Helene Bartels; Patrick Williams
**Subject:** Prayer Angles
**Importance:** High

Wal-Mart wanted to add this ton modular for THIS SPRING which is great.

I believe we produced 45k. Where are they? Lets place them at Wal-Mart urgently and get Easter sales.

With Spring success , this could be a 500k item at Wal-Mart

Isaac Larian
CEO
MGA Entertainment
16730 Schoenborn Street
North Hills, California, USA 91343-6122
Visit our website at
http://www.mgae com
818-894-3150

3

CONFIDENTIAL
ATTORNEY'S EYES ONLY

MGA003394

EXHIBIT 9  PAGE 61

**EXHIBIT 10**

**THIS EXHIBIT IS FILED UNDER SEAL
PURSUANT TO PROTECTIVE ORDER**

**EXHIBIT 11**

Transcript of Proceedings (Vol.002 264-433)
page 320

```
 1                          ARBITRATOR FELLAS:  Mr. Winthrop, you may call
your
 2                  next witness.
 3    14:57:00        MR. WINTHROP:  MGA calls Luc Vanhal, please.
 4
 5                          LUC VAHAL,
 6                  called as a witness on behalf of the
 7                  Claimant was first duly sworn and was
 8                  examined and testified as follows:
 9
10
11
I',
12
13
you
14
to
15
for
16
17
18
19
20
al:
21
vic
22
23
the
24
25
vic
```

Confidential - Attorney's Eyes Only

EXHIBIT 11  PAGE 199

MGA 0864409