QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

No JS-6

O

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| CARTER BRYANT, an individual,<br><br>    Plaintiff,<br><br>    vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>    Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>**ORDER OF DISMISSAL UPON STIPULATION**<br><br>Pretrial Conference: May 19, 2008<br>Time: 10:00 a.m.<br>Place: Courtroom 1<br>Trial Date: May 27, 2008 |
|---|---|

The Court having received and considered the Stipulation of Dismissal of Carter Bryant (the "Stipulation") entered into between Mattel, Inc. ("Mattel") and Carter Bryant ("Bryant") pursuant to their Settlement Agreement (the "Settlement"), and good cause appearing therefor, the Stipulation is HEREBY APPROVED and it is further HEREBY ORDERED that:

1. Pursuant to Fed. R. Civ. P. 41(a)(1), Mattel's claims and counterclaims against Bryant only (and not against MGA Entertainment, Inc., Isaac Larian, MGA Entertainment (HK) Limited, MGAE de Mexico, S.R.L. de C.V., Carlos Gustavo Machado Gomez or any fictitious party, collectively hereinafter "the MGA Parties") are hereby dismissed with prejudice.

2. As between Mattel and Bryant only, Mattel and Bryant shall bear each of their respective attorneys' fees and costs.

3. The dismissal of Bryant shall not waive, limit or modify in any manner, and shall not be construed to waive, limit or modify, Mattel's claims and rights against the MGA Parties or against any entity or person other than Bryant in connection with these consolidated actions or otherwise.

4. In the event of entry of any order, judgment or decree in favor of Mattel and against the MGA Parties, or any of them, Bryant will be bound by and adhere to any such order, judgment or decree to the extent (and only to the extent) that it grants or enters in whole or in part any non-monetary relief prohibiting or restricting or otherwise in any way affecting the MGA Parties' right or ability to exploit, profit from, prepare a derivative work based upon, distribute, license, sell, offer for sale, display, manufacture, produce, promote, market or otherwise deal in any Bratz Invention (hereinafter "MGA Bratz Injunction").  Any such MGA Bratz Injunction shall be binding on Bryant to the same extent as it is binding on the MGA Parties, or any of them.  By way of example and not limitation, if an MGA Bratz Injunction remains in force against the MGA Parties, or any of them, pending appeal, it shall likewise remain in force against Bryant pending that appeal;

conversely, if an MGA Bratz Injunction is stayed, vacated or overturned as to the MGA Parties, is shall be stayed, vacated or overturned as against Bryant. Other than as set forth in paragraph 13 of the Settlement, Bryant has waived any and all rights he may have to appeal or otherwise challenge any prior or future order or judgment entered in the Action and waives further findings of fact and conclusions of law in connection therewith.

5. With respect to certain orders in this case, the Settlement provides as follows: "Carter Bryant opposed Mattel's motions for summary judgment and disagrees with certain of the Court's rulings therein. Had this matter continued, Carter Bryant would have challenged those rulings on appeal. Because this settlement will include a dismissal of the action, those appeals will not occur. As a result, Carter Bryant acknowledges that he is bound by those orders and agrees to be bound by any future order, judgment or decree in the circumstances and under the terms set forth in Section 4(d) [of the Settlement]." The provisions of Section 4(d) of the Settlement are generally set forth above in paragraph 4 of this Order.

6. Bryant has agreed to appear and, upon reasonable notice, Bryant shall appear to testify at trial in Phase 1(a) and Phase 1(b) during Mattel's case-in-chief; provided, however, that such agreement to appear is not conditioned in any manner upon the substance of any testimony to be given by Bryant at trial or otherwise, and there is no agreement between Mattel and Bryant regarding how Bryant will testify, or what he will say, during the trial between Mattel and the MGA Parties, or in any other proceeding.

7. Bryant's pending motions are denied as moot.

8. This Order of dismissal is being entered pursuant to the terms and conditions of the Settlement between Mattel and Bryant. This Court retains jurisdiction to enforce the terms of the Settlement and that a violation of any term of the Settlement shall be a violation of this Order of dismissal.

9. Nothing in this Order is intended to waive, limit or modify in any manner, and shall not be construed to waive, limit or modify, Mattel's claims and rights against the MGA Parties or against any entity or person other than Bryant in connection with these consolidated actions or otherwise.

**IT IS SO ORDERED.**

DATED: May 23, 2008

*[signature]*

STEPHEN G. LARSON
United States District Judge