1 QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   John B. Quinn (Bar No. 090378)
2  johnquinn@quinnemanuel.com
   Michael T. Zeller (Bar No. 196417)
3  (michaelzeller@quinnemanuel.com)
   Jon D. Corey (Bar No. 185066)
4  (joncorey@quinnemanuel.com)
   Timothy L. Alger (Bar No. 160303)
5  (timalger@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
6  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
7  Facsimile: (213) 443-3100

8 Attorneys for Mattel, Inc.

9                UNITED STATES DISTRICT COURT

10               CENTRAL DISTRICT OF CALIFORNIA

11                      EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727 |
| vs. | |
| MATTEL, INC., a Delaware corporation, | **DISCOVERY MATTER** |
| Defendant. | [To Be Heard By Discovery Master Hon. Edward Infante (Ret.) Pursuant To The Court's Order Of December 6, 2006] |
| AND CONSOLIDATED ACTIONS | [PUBLIC REDACTED]<br>DECLARATION OF SCOTT B. KIDMAN IN SUPPORT OF MATTEL, INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY ISAAC LARIAN AND FOR AWARD OF MONETARY SANCTIONS |
| | Hearing Date: TBA<br>Time: TBA<br>Place: TBA |

I, Scott B. Kidman, declare as follows:

1. I am a member of the bar of the State of California and a partner at Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for Mattel, Inc. ("Mattel"). I make this declaration of personal, firsthand knowledge and, if called and sworn as a witness, I could and would testify competently thereto.

2. Attached as Exhibit 1 is a true and correct copy of Mattel, Inc.'s First Set of Requests for Production of Documents and Things to Isaac Larian, dated June 13, 2007.

3. Attached as Exhibit 2 is a true and correct copy of a letter from Michael T. Zeller to Diana M. Torres dated August 3, 2007 pointing out Isaac Larian's failure to serve a timely response to Mattel's First Set of Requests for Production of Documents and a subsequent e-mail from Michael T. Zeller to William Charron confirming a post hoc extension of time until August 6, 2007 for Larian to do so.

4. Attached as Exhibit 3 is a true and correct copy of Isaac Larian's Responses to Mattel, Inc.'s First Set of Requests for Documents and Things, dated August 6, 2007.

5. Attached as Exhibit 4 is a true and correct copy of a letter from Scott B. Kidman to Diana M. Torres, dated August 30, 2007 requesting a meet and confer regarding the deficiencies in Isaac Larian's Responses to Mattel, Inc.'s First Set of Requests for Production of Documents and Things.

6. I meet and conferred regarding Larian's responses with his counsel, William Charron, on several occasions from September 11, 2007 to September 19, 2007. When I spoke with Mr. Charron on September 19, he was unable to confirm whether or when Larian would produce any documents in response to Mattel's document requests. I informed Mr. Charron at that time that Mattel intended to proceed with a motion to compel. On September 21, 2007 at approximately 3:42 p.m., I received an e-mail from Mr. Charron that there were
07209/2227076.1

-1-

KIDMAN DECLARATION ISO MATTEL INC.'S MOTION TO COMPEL

1  "several categories of documents we are willing to produce in response to the RFPs
2  to Isaac Larian." The e-mail gave no hint as to which requests Larian claimed to be
3  willing to produce documents in response to, gave no commitment to provide
4  supplemental responses and gave no indication as to when Larian would produce
5  these unidentified documents. A true and correct copy of this e-mail and my
6  response is attached as Exhibit 19.

7      7.    Later on September 21, 2007, Mike Zeller and I called Mr.
8  Charron and spoke with him by telephone. We informed Mr. Charron that Mattel
9  had prepared its motion to compel and intended to file it. Only in that conversation
10  did Mr. Charron agree to provide a list of those requests to which Larian would
11  provide a supplemental response and a date by which responsive documents would
12  be produced. Attached as Exhibit 20 is a true and correct copy of an e-mail from
13  Mr. Charron to me dated September 23, 2007 listing the requests to which Larian
14  would provide a supplemental response. However, in response to numerous
15  requests, Larian continues to object and refuse to produce any documents or impose
16  limitations on the scope of the response.

17      8.    Attached as Exhibit 5 is a true and correct copy of Mattel, Inc.'s
18  First Set of Requests for Production of Documents and Tangible Things to Carter
19  Bryant, dated June 14, 2004.

20      9.    Attached as Exhibit 6 is a true and correct copy of the Discovery
21  Master's Order Granting Mattel's Motion To Compel Production of Documents By
22  Carter Bryant, dated January 25, 2007.

23      10.    Attached as Exhibit 7 is a true and correct copy of Mattel's First
24  Set of Requests for Production of Documents and Tangible Things to MGA
25  Entertainment, Inc., dated March 14, 2005.

26      11.    Attached as Exhibit 8 is a true and correct copy of Mattel, Inc.'s
27  Notice of Motion and Motion to Compel Production of Documents and
28  Interrogatory Answers by MGA Entertainment, Inc., dated February 2, 2007.

1  12.  Attached as Exhibit 9 is a true and correct copy of the Discovery Master's Order Granting Mattel's Motion to Compel Production of Documents and Interrogatory Responses By MGA, dated May 15, 2007.

13.  Attached as Exhibit 10 is a true and correct copy of Mattel, Inc.'s First Set of Requests for Documents and Things Re Claims of Unfair Competition to MGA Entertainment, Inc., dated December 18, 2006.

14.  Attached as Exhibit 11 is a true and correct copy of the Discovery Master's Order Granting in Part and Denying in Part Mattel, Inc.'s Motion to Compel Production of Documents By MGA, dated August 13, 2007.

15.  Attached as Exhibit 12 is a true and correct copy of MGA Entertainment, Inc.'s Supplemental Response to Mattel, Inc.'s First Set of Requests for Documents and Things Re Claims of Unfair Competition, dated May 31, 2007.

16.  Attached as Exhibit 13 is a true and correct copy of MGA Entertainment, Inc.'s Supplemental Responses to Mattel, Inc.'s Second Set of Requests for Production of Documents and Things, dated September 17, 2007.

17.  Attached as Exhibit 14 is a true and correct copy of Mattel, Inc.'s Second Amended Answer and Counterclaims (without exhibits), dated July 12, 2007.

18.  Attached as Exhibit 15 is a true and correct copy of excerpts of the Separate Statement in Support of Motion of Carter Bryant to Overrule Instructions Not to Answer Questions During Deposition of Ann Driskill, dated March 28, 2007.

19.  Attached as Exhibit 16 is a true and correct copy of the Discovery Master's Order Granting In Part and Denying In Part Carter Bryant's Motion To Overrule Instructions Not To Answer During The Deposition Of Ann Driskill, dated May 4, 2007.

20.  Attached as Exhibit 17 is a true and correct copy of Judge Larson's Order Re Motions Heard On June 11, 2007, dated June 27, 2007.

21. Attached as Exhibit 18 is a true and correct copy of Judge Larson's Order, dated July 2, 2007.

22. Attached as Exhibit 21 is a true and correct copy of a letter from James P. Jenal to Scott Kidman dated April 30, 2007.

23. Attached as Exhibit 22 is a true and correct copy of excerpts of trial testimony on May 1, 2007 in the matter entitled <u>Art Attacks Ink, LLC v. MGA Entertainment, Inc.</u>

24. Attached as Exhibit 23 is a true and correct copy of MGA's Memorandum of Points and Authorities in Opposition to Mattel's Motion to Dismiss and Strike Portions of Complaint, dated June 3, 2005.

25. Attached as Exhibit 24 is a true and correct copy of excerpts of deposition transcript of Isaac Larian taken July 18, 2006.

26. Attached as Exhibit 25 is a true and correct copy of Isaac Larian's Supplemental Responses to Mattel, Inc.'s First Set of Requests for Documents and Things, dated September 25, 2007.

27. Mattel has incurred attorneys' fees and costs in excess of $4,500.00 in bringing this motion. I spent more than 10 hours of time preparing the motion, for a total of more than $6,750.00 at my billing rate of $675.00 per hour.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 11th day of October, 2007, at Los Angeles, California.

_____
Scott B. Kidman