**Exhibit 1**

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 90378)
2     (johnquinn@quinnemanuel.com)
     Michael T. Zeller (Bar No. 196417)
3     (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4     (joncorey@quinnemanuel.com)
     Timothy L. Alger (Bar No. 160303)
5     (timalger@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
6  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
7  Facsimile: (213) 443-3100

8  Attorneys for Mattel, Inc.

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11                  EASTERN DIVISION

12  CARTER BRYANT, an individual,      CASE NO. CV 04-9049 SGL (RNBx)

13              Plaintiff,             Consolidated with
                                       Case No. CV 04-09059
14       v.                            Case No. CV 05-02727

15  MATTEL, INC., a Delaware           MATTEL, INC.'S FIRST SET OF
    corporation,                       REQUESTS FOR DOCUMENTS AND
16                                     THINGS TO ISAAC LARIAN
                Defendant.

17

18  AND CONSOLIDATED CASES.

19

20

21

22

23

24

25

26

27                            EXHIBIT __1__, PAGE __4a__

28                                   C4|13|c7

07209/2142932.1

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

1      Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Mattel,

2  Inc. hereby requests that defendant Isaac Larian ("Larian") respond to these

3  document requests ("Requests") and make available for inspection and copying

4  originals of the following documents within 30 days of service at the offices of

5  Quinn Emanuel Urquhart Oliver & Hedges, LLP, 865 South Figueroa Street, 10th

6  floor, Los Angeles, CA 90017.  Larian shall be obligated to supplement the

7  responses to these Requests at such times and to the extent required by Rule 26(e) of

8  the Federal Rules of Civil Procedure.

9

10  **I.    DEFINITIONS**

11

12      For purposes of these Requests, the following definitions apply:

13      A.    "YOU," "YOUR" and "LARIAN" mean Isaac Larian and any

14  individual or entity acting directly or indirectly by, through, under or on behalf of

15  Isaac Larian, including but not limited to current or former directors, officers,

16  agents, attorneys, employees, partners, joint venturers, contractors, accountants, or

17  representatives of Isaac Larian or any entity under the control or direction of Isaac

18  Larian (including but not limited to MGA), and any corporation, partnership,

19  association, trust, predecessor-in-interest and successor-in-interest, and any other

20  PERSON acting on behalf of Isaac Larian or pursuant to his authority or subject to

21  his control.

22      B.    "MGA" means MGA Entertainment, Inc. and all current or

23  former directors, officers, employees, agents, contractors, attorneys, accountants,

24  representatives, subsidiaries, divisions, AFFILIATES, predecessors-in-interest and

25  successors-in-interest, and any other PERSON acting on its behalf, pursuant to its

26  authority or subject to its control.

27      C.    "MATTEL" means Mattel, Inc. and all current or former

28  directors, officers, employees, agents, contractors, attorneys, accountants,

07209/2142932.1

-2-

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

EXHIBIT ___, PAGE ___

1   representatives, subsidiaries, divisions, AFFILIATES, predecessors-in-interest and

2   successors-in-interest, and any other PERSON acting on its behalf, pursuant to its

3   authority or subject to its control.

4         D.   "BRYANT" means Carter Bryant, any of his current or former

5   agents, representatives, attorneys, employees, partners, joint venturers,

6   predecessors-in-interest and successors-in-interest, and any other PERSON acting

7   on his behalf, pursuant to his authority or subject to his control.  For purposes of

8   these Requests, "MGA" and "LARIAN" do not include "BRYANT."

9         E.   "DOCUMENT" or "DOCUMENTS" means all "writings" and

10  "recordings" as those terms are defined in Rule 1001 of the Federal Rules of

11  Evidence and Rule 34 of the Federal Rules of Civil Procedure and shall include all

12  writings, including but not limited to handwriting, typewriting, printing, image,

13  photograph, photocopy, digital file of any kind, transmittal by (or as an attachment

14  to) electronic mail (including instant messages and text messages) or facsimile,

15  video and audio recordings, and every other means of recording upon any tangible

16  thing, any form of communication or representation, and any record thereby created,

17  regardless of the manner in which the record has been stored, and all non-identical

18  copies of such DOCUMENTS, in the possession, custody, or control of YOU,

19  YOUR counsel, or any other PERSON acting on YOUR behalf.

20        F.   "COMMUNICATION," in the plural as well as the singular,

21  means any transmittal and/or receipt of information, whether such was oral or

22  written, and whether such was by chance, prearranged, formal or informal, and

23  specifically includes, but is not limited to, conversations in person, telephone

24  conversations, electronic mail (including instant messages and text messages),

25  voicemail, letters, memoranda, statements, media releases, magazine and newspaper

26  articles, and video and audio transmissions.

27        G.   "DESIGN" or "DESIGNS" means any and all representations,

28  whether two-dimensional or three-dimensional, and whether in tangible, digital,

EXHIBIT \_\_\_\_ PAGE 6

1  electronic or other form, including but not limited to all works, designs, artwork,

2  sketches, drawings, illustrations, representations, depictions, blueprints, schematics,

3  diagrams, images, sculptures, prototypes, models, samples, rotocasts, reductions to

4  practice, developments, concepts, ideas, inventions and/or improvements, as well as

5  all other items, things and DOCUMENTS in which any of the foregoing are or have

6  been expressed, embodied, contained, fixed or reflected in any manner, whether in

7  whole or in part.

8  　　　　H.　　"BRATZ" means any project, product, doll or DESIGN or any

9  portion thereof ever known by that name, that is now or has ever been known as, or

10  sold or marketed under, the name or term "Bratz" or that is now or has ever been

11  sold or marketed as part of the "Bratz" line, including without limitation all

12  prototypes, models, samples and versions thereof.  As used herein, "products, dolls

13  or DESIGNS or any portion thereof" also includes without limitation any names,

14  fashions, accessories, artwork, packaging or any other works, materials, matters or

15  items included or associated therewith.  Without limiting the generality of the

16  foregoing, "BRATZ" includes any such project, product, doll or DESIGN,

17  regardless of what any such project, product, doll or DESIGN has in fact been

18  called, and regardless of what any such project, product, doll or DESIGN is or has

19  been also, previously or subsequently called.  Also without limiting the generality of

20  the foregoing, and contrary to MGA's recent assertions in connection with other

21  Mattel discovery requests, the term "BRATZ" does not require that there be a doll

22  existing at the time of the event, incident or occurrence that is the subject of, or

23  otherwise relevant or responsive to, the Requests herein.

24  　　　　I.　　"ANGEL" refers to those projects, products, dolls or DESIGNS

25  or any portion thereof, sometimes called "Angel Faces" and/or "Prayer Angels," that

26  MGA has claimed are the subject of MGA000706-08, MGA000710-12,

27  MGA000714-16, MGA000718-20, MGA000724-28 and MGA000734, including

28  without limitation all prototypes, models, samples and versions thereof.  As used

-4-

**EXHIBIT ⟁, PAGE ⟁**

1 │ herein, "products, dolls or DESIGNS or any portion thereof" also includes without

2 │ limitation any names, fashions, accessories, artwork, packaging or any other works,

3 │ materials, matters or items included or associated therewith. Without limiting the

4 │ generality of the foregoing, "ANGEL" includes any such project, product, doll or

5 │ DESIGN, regardless of what any such project, product, doll or DESIGN has in fact

6 │ been called, and regardless of what any such project, product, doll or DESIGN is or

7 │ has been also, previously or subsequently called. Also without limiting the

8 │ generality of the foregoing, and contrary to MGA's recent assertions in connection

9 │ with other Mattel discovery requests, the term "ANGEL" does not require that there

10 │ be a doll existing at the time of the event, incident or occurrence that is the subject

11 │ of, or otherwise relevant or responsive to, the Requests herein.

12 │      J.   "AFFILIATES" means any and all corporations, proprietorships,

13 │ d/b/a's, partnerships, joint ventures and business entities of any kind that, directly or

14 │ indirectly, in whole or in part, own or control, are under common ownership or

15 │ control with, or are owned or controlled by a PERSON, party or entity, including

16 │ without limitation each parent, subsidiary and joint venture of such PERSON, party

17 │ or entity.

18 │      K.   "IDENTIFY" or "IDENTITY" means the following:

19 │      (a)   With reference to an individual, means such individual's

20 │ name, current or last known business title, current or last known business affiliation,

21 │ current or last known relationship to YOU, current or last known residential and

22 │ business address, and current or last known telephone number.

23 │      (b)   With reference to an entity or governmental organization,

24 │ means such entity's or organization's name, present or last-known address, and

25 │ present or last-known telephone number and the IDENTITY of each individual who

26 │ has served or participated as a contact for or on behalf of such entity or organization.

27 │      (c)   With reference to an account with a bank or financial

28 │ institution, means the name and address of the bank or financial institution, the

1  account number(s) for or otherwise associated with such account and the name of
2  each holder, including without limitation each beneficial holder, of each such
3  account.

4          (d)     With reference to a STORAGE DEVICE, means the
5  manufacturer name, brand, model name and number, serial number and all other
6  manufacturer identifiers, and the technical specifications and capacities of such
7  STORAGE DEVICE.

8          L.     "ACTION" means this action now consolidated under Case No.
9  04-9049 before the Hon. Stephen Larson and formerly Mattel, Inc. v. Bryant, first
10 filed in Los Angeles County Superior Court; Bryant v. Mattel, Inc.; and MGA
11 Entertainment, Inc. v. Mattel, Inc.; and all counterclaims, cross-claims and defenses
12 therein.

13         M.     "DIGITAL INFORMATION" means any information created or
14 stored digitally, including but not limited to electronically, magnetically or optically.

15         N.     "STORAGE DEVICE" means any computer hard drive,
16 memory, USB device, tape, storage array or any other device or medium that allows
17 a user, whether permanently, temporarily or otherwise, to create, generate, prepare,
18 transmit, copy, retain, store or maintain DIGITAL INFORMATION.

19         O.     "FAMILY MEMBER" means any PERSON who at any time is,
20 was or has been a parent, spouse, or child of another PERSON.

21         P.     "RELATING," "RELATING TO," "REFERRING OR
22 RELATING TO," or "REFER OR RELATE TO" means any and all of the following
23 terms and their synonyms:  refer to, discuss, constitute, evidence, pertain to,
24 mention, support, contradict, negate, bear on, touch on, contain, embody, reflect,
25 identify, state, deal with, concern, comment on, summarize, respond to, relate to, or
26 describe.

27         Q.     "PERSON," in the plural as well as the singular, means any
28 natural person, association, partnership, corporation, joint venture, government

**EXHIBIT _1_ , PAGE _9_**

1  entity, organization, trust, institution, proprietorship, or any other entity recognized

2  as having an existence under the laws in the United States or any other nation.

3       R.   "BRATZ PRODUCT" means any product, whether two-

4  dimensional or three-dimensional, and whether in tangible, digital, electronic or

5  other form: (i) that is or has ever been distributed, marketed or sold under the name

6  "Bratz" or as part of the "Bratz" line; (ii) that depicts, incorporates, embodies,

7  consists of or REFERS OR RELATES TO BRATZ; and/or (iii) that is or has ever

8  been distributed, marketed or sold in any packaging that includes the name "Bratz"

9  or depicts, incorporates, embodies, consists of or REFERS OR RELATES TO

10  BRATZ.

11       S.   "BRATZ DOLL" means any doll that is or has ever been

12  distributed, marketed, sold or offered for sale under the name "Bratz" or as part of

13  the "Bratz" line.

14       T.   "BRATZ MOVIE" means any motion picture or film that

15  depicts, incorporates, embodies, consists of or REFERS OR RELATES TO BRATZ

16  or any BRATZ DESIGN.

17       U.   "BRATZ TELEVISION SHOW" means any production

18  exhibited on television that depicts, incorporates, embodies, consists of or REFERS

19  OR RELATES TO BRATZ or any BRATZ DESIGN.

20       V.   "DIVA STARZ" means any project, product, doll or DESIGN or

21  any portion thereof ever known by that name, that is now or has ever been known

22  as, or sold or marketed under, the name or term "DIVA STARZ" or that is now or

23  has ever been sold or marketed as part of the "DIVA STARZ" line, including

24  without limitation "Chat Girls," "Brats," and "Chat Brats," and including without

25  limitation all prototypes, models, samples and versions thereof. As used herein,

26  "products, dolls or DESIGNS or any portion thereof" also includes without

27  limitation any names, fashions, accessories, artwork, packaging or any other works,

28  materials, matters or items included or associated therewith. Without limiting the

-7-

**EXHIBIT _1_, PAGE _10_**

1   generality of the foregoing, "DIVA STARZ" includes any such project, product, doll

2   or DESIGN, regardless of what any such project, product, doll or DESIGN has in

3   fact been called, and regardless of what any such project, product, doll or DESIGN

4   is or has been also, previously or subsequently called.  Also without limiting the

5   generality of the foregoing, and contrary to MGA's recent assertions in connection

6   with other Mattel discovery requests, the term "DIVA STARZ" does not require that

7   there be a doll existing at the time of the event, incident or occurrence that is the

8   subject of, or otherwise relevant or responsive to, the Requests herein.

9          W.     The singular form of a noun or pronoun includes within its

10   meaning the plural form of the noun or pronoun so used, and *vice versa*; the use of

11   the masculine form of a pronoun also includes within its meaning the feminine form

12   of the pronoun so used, and *vice versa*; the use of any tense of any verb includes

13   also within its meaning all other tenses of the verb so used, whenever such

14   construction results in a broader request for information; and "and" includes "or"

15   and *vice versa*, whenever such construction results in a broader disclosure of

16   documents or information

17

18   **II.    INSTRUCTIONS**

19

20          A.     YOU are to produce all requested DOCUMENTS in YOUR

21   possession, custody or control.

22          B.     If YOU contend that YOU are not required to produce certain

23   DOCUMENTS called for by these Requests on the grounds of a privilege or

24   protection that YOU are not prepared to waive, identify each such DOCUMENT

25   and provide the following information:

26          1.            the date and type of the DOCUMENT, the author(s) and

27                        all recipients;

28

EXHIBIT ___1___, PAGE ___11___

07209/2142932.1

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

2.       the privilege or protection that YOU claim permits YOU to withhold the DOCUMENT;

3.       the title and subject matter of the DOCUMENT;

4.       any additional facts on which YOU base YOUR claim of privilege or protection; and

5.       the identity of the current custodian of the original of the DOCUMENT.

C.       DOCUMENTS shall be produced in their original file folders, or in lieu thereof, any writing on the file folder from which each such DOCUMENT is taken shall be copied and appended to such DOCUMENT and the PERSON for whom or department, division or office for which the DOCUMENT or the file folder is maintained shall be identified.

D.       The DOCUMENTS should be produced in their complete and unaltered form. Attachments to DOCUMENTS should not be removed. The DOCUMENTS should not be cut-up, pasted over, redacted or altered in any way for any reason, including alleged nonrelevance. If emails are produced that had attachments, the attachments shall be attached when produced.

E.       DOCUMENTS in electronic form shall be produced in that form.

F.       In the event that any DOCUMENT called for by these requests has been destroyed or discarded, that DOCUMENT is to be identified by stating:

1.       the date and type of the DOCUMENT, the author(s) and all recipients;

2.       the DOCUMENT's date, subject matter, number of pages, and attachments or appendices;

3.       the date of destruction or discard, manner of destruction or discard, and reason for destruction or discard;

4.       the PERSONS who were authorized to carry out such destruction or discard;

**EXHIBIT  1 , PAGE 12**

-9-

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

07209/2142932.1

5.      the PERSONS who have knowledge of the content, origins, distribution and destruction of the DOCUMENT; and

6.      whether any copies of the document exist and, if so, the name of the custodian of each copy.

## III.   REQUESTS FOR DOCUMENTS AND THINGS

REQUEST FOR PRODUCTION NO. 1:

All DOCUMENTS prepared, drafted, written, transmitted or received (whether in whole or in part) prior to December 31, 2001 RELATING TO BRATZ.

REQUEST FOR PRODUCTION NO. 2:

All DOCUMENTS RELATING TO BRATZ and RELATING TO any time prior to December 31, 2001 (regardless of when such DOCUMENT was prepared, written, transmitted or received, whether in whole or in part).

REQUEST FOR PRODUCTION NO. 3:

All DOCUMENTS RELATING TO the origin(s), conception and creation of BRATZ, including without limitation all DOCUMENTS RELATING TO the timing and the method and manner in which BRATZ first came to YOUR or MGA's attention.

REQUEST FOR PRODUCTION NO. 4:

All DOCUMENTS RELATING TO the modeling, prototyping, rotocasting, sculpting or DESIGN of BRATZ at any time prior to June 30, 2001, including without limitation all DOCUMENTS RELATING to the creation, preparation or modification of any three-dimensional representation of BRATZ.

REQUEST FOR PRODUCTION NO. 5:

All DOCUMENTS RELATING TO any payment or transfer of anything of value made to or on behalf of BRYANT for any DESIGN that BRYANT assigned or transferred to YOU or MGA prior to October 21, 2000, regardless of when such payment was actually made.

REQUEST FOR PRODUCTION NO. 6:

All DOCUMENTS that RELATING TO invoices submitted by BRYANT to YOU or MGA prior to January 31, 2001.

REQUEST FOR PRODUCTION NO. 7:

All royalty statements to or for BRYANT.

REQUEST FOR PRODUCTION NO. 8:

All DOCUMENTS RELATING TO BRYANT's participation in the conception, creation, DESIGN, development, sculpting, tooling, production or manufacture of BRATZ.

REQUEST FOR PRODUCTION NO. 9:

All DOCUMENTS RELATING TO COMMUNICATIONS between YOU or MGA and BRYANT and RELATING TO the period prior to December 31, 2001 (regardless of when such document was prepared, written, transmitted or received, whether in whole or in part), including without limitation all diaries, notes, calendars, logs, phone records and letters, that reflect, record or memorialize or otherwise RELATING TO any such COMMUNICATIONS.

1   REQUEST FOR PRODUCTION NO. 10:

2          All DOCUMENTS RELATING TO COMMUNICATIONS between

3   YOU or MGA and BRYANT prior to December 31, 2001, including without

4   limitation all diaries, notes, calendars, logs, phone records and letters, that reflect,

5   record or memorialize or otherwise RELATING TO any such

6   COMMUNICATIONS.

7

8   REQUEST FOR PRODUCTION NO. 11:

9          All COMMUNICATIONS between YOU or MGA and BRYANT prior

10  to December 31, 2001.

11

12  REQUEST FOR PRODUCTION NO. 12:

13         All DOCUMENTS RELATING TO COMMUNICATIONS between

14  YOU or MGA and BRYANT prior to December 31, 2001 (regardless of when such

15  DOCUMENT was prepared, written, transmitted or received, whether in whole or in

16  part), including without limitation all diaries, notes, calendars, logs, phone records

17  and letters, that reflect, record or memorialize or otherwise RELATING TO any

18  such COMMUNICATIONS.

19

20  REQUEST FOR PRODUCTION NO. 13:

21         All COMMUNICATIONS RELATING TO BRATZ between YOU or

22  MGA and any PERSON prior to December 31, 2001.

23

24  REQUEST FOR PRODUCTION NO. 14:

25         All DOCUMENTS RELATING TO COMMUNICATIONS between

26  YOU or MGA and any PERSON and RELATING TO the period prior to December

27  31, 2001 (regardless of when such DOCUMENT was prepared, written, transmitted

28  or received, whether in whole or in part), including without limitation all diaries,

-12-

EXHIBIT 1, PAGE 15

1 | notes, calendars, logs, phone records and letters, that reflect, record or memorialize
2 | or otherwise RELATING TO any such COMMUNICATIONS.

3

4 | REQUEST FOR PRODUCTION NO. 15:

5 |      All COMMUNICATIONS RELATING TO BRATZ between YOU or
6 | MGA and BRYANT.

7

8 | REQUEST FOR PRODUCTION NO. 16:

9 |      All DOCUMENTS RELATING TO BRYANT's employment by
10 | MATTEL.

11

12 | REQUEST FOR PRODUCTION NO. 17:

13 |      All DOCUMENTS RELATING TO YOUR or MGA's knowledge of
14 | BRYANT's employment by MATTEL.

15

16 | REQUEST FOR PRODUCTION NO. 18:

17 |      All DOCUMENTS RELATING TO DESIGNS that BRYANT
18 | produced, prepared, created, authored, conceived of or reduced to practice, whether
19 | alone or jointly with others, prior to December 31, 2001.

20

21 | REQUEST FOR PRODUCTION NO. 19:

22 |      All DOCUMENTS RELATING TO DESIGNS produced, prepared,
23 | created, authored, conceived of or reduced to practice prior to December 31, 2001
24 | by BRYANT, whether alone or jointly with others, in which YOU or MGA have
25 | purported at any time to purchase, acquire or own any right, title or interest (whether
26 | in whole or in part).

27

28

EXHIBIT __1__ , PAGE __16__

07209/2142932.1

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

REQUEST FOR PRODUCTION NO. 20:

All DOCUMENTS, including without limitation all COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO any agreement or contract between BRYANT and MATTEL.

REQUEST FOR PRODUCTION NO. 21:

All DOCUMENTS, including without limitation all COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO YOUR or MGA's knowledge of any agreement or contract between BRYANT and MATTEL.

REQUEST FOR PRODUCTION NO. 22:

All DOCUMENTS RELATING TO any payment or transfer of anything of value made to or on behalf of BRYANT prior to October 21, 2000 or for work or services performed by BRYANT prior to October 21, 2000 regardless of when such payment was actually made.

REQUEST FOR PRODUCTION NO. 23:

All DOCUMENTS RELATING TO any agreement or contract between YOU or MGA, on the one hand, and BRYANT, on the other hand, including without limitation all drafts thereof, all actual or proposed amendments, modifications and revisions thereto and all COMMUNICATIONS RELATING thereto.

REQUEST FOR PRODUCTION NO. 24:

All doll heads, sculpts, prototypes, models, samples and tangible items that were created, prepared or made, whether in whole or in part, prior to December 31, 2001 RELATING TO BRATZ.

EXHIBIT __1__, PAGE 17

-14-

07209/2142932.1

**REQUEST FOR PRODUCTION NO. 25:**

All doll heads, sculpts, prototypes, models, samples and tangible items that were created, prepared or made, whether in whole or in part, prior to December 31, 2001 RELATING TO ANGEL.

**REQUEST FOR PRODUCTION NO. 26:**

All DOCUMENTS RELATING TO each and every sculpt of BRATZ (including without limitation any model, prototype or sample thereof) prior to June 1, 2001.

**REQUEST FOR PRODUCTION NO. 27:**

All DOCUMENTS RELATING TO each and every sculpt of ANGEL (including without limitation any model, prototype or sample thereof).

**REQUEST FOR PRODUCTION NO. 28:**

All DOCUMENTS RELATING TO the procurement, fabrication, preparation and production of each and every mold for BRATZ (including without limitation for any model, prototype or sample thereof) prior June 30, 2001, including without limitation all orders, purchase orders and invoices relating thereto.

**REQUEST FOR PRODUCTION NO. 29:**

DOCUMENTS sufficient to show when any mold for ANGEL (including without limitation for any model, prototype or sample thereof) was first ordered, requested, procured, fabricated, prepared and produced.

**REQUEST FOR PRODUCTION NO. 30:**

All DOCUMENTS RELATING TO any showing, presentation or exhibition, or any proposed, offered or requested showing, presentation or

**EXHIBIT __1__ , PAGE __18__**

1  exhibition, of BRATZ (including without limitation any model, prototype or sample
2  thereof) prior to June 30, 2001.

3

4  REQUEST FOR PRODUCTION NO. 31:
5        DOCUMENTS sufficient to show when ANGEL (including without
6  limitation any model, prototype or sample thereof) was first exhibited, shown or
7  presented to any third party.

8

9  REQUEST FOR PRODUCTION NO. 32:
10        All COMMUNICATIONS between YOU or MGA and any wholesaler,
11  distributor, and/or retailer RELATING TO BRATZ prior to December 31, 2001.

12

13  REQUEST FOR PRODUCTION NO. 33:
14        All COMMUNICATIONS between YOU or MGA and any wholesaler,
15  distributor, and/or retailer RELATING TO ANGEL.

16

17  REQUEST FOR PRODUCTION NO. 34:
18        All DOCUMENTS RELATING TO when and where BRATZ
19  (including without limitation any model, prototype or sample thereof) was first
20  marketed to any wholesaler, distributor and/or retailer.

21

22  REQUEST FOR PRODUCTION NO. 35:
23        All DOCUMENTS RELATING TO when and where ANGEL
24  (including without limitation any model, prototype or sample thereof) was first
25  marketed to any wholesaler, distributor and/or retailer.

26

27

28

1  REQUEST FOR PRODUCTION NO. 36:

2          DOCUMENTS sufficient to show when and where BRATZ was first

3  shipped, distributed and sold.

4

5  REQUEST FOR PRODUCTION NO. 37:

6          DOCUMENTS sufficient to show when and where ANGEL was first

7  shipped, distributed and sold.

8

9  REQUEST FOR PRODUCTION NO. 38:

10          All DOCUMENTS RELATING TO the licensing, including without

11  limitation the proposed, offered or requested licensing, of BRATZ prior to

12  December 31, 2001.

13

14  REQUEST FOR PRODUCTION NO. 39:

15          All COMMUNICATIONS between YOU or MGA and any

16  manufacturer, or any contemplated, proposed or potential manufacturer,

17  RELATING TO BRATZ prior to December 31, 2001.

18

19  REQUEST FOR PRODUCTION NO. 40:

20          DOCUMENTS sufficient to identify when YOU or MGA first

21  contacted any manufacturer, or any contemplated, proposed or potential

22  manufacturer, for the production or manufacture of ANGEL.

23

24  REQUEST FOR PRODUCTION NO. 41:

25          All COMMUNICATIONS between YOU or MGA and any PERSON

26  that REFER OR RELATE TO the distribution or proposed or potential distribution

27  of BRATZ prior to December 31, 2001.

28

EXHIBIT __, PAGE 20

07209/2142932.1

-17-

1 | REQUEST FOR PRODUCTION NO. 42:

2 |       All DOCUMENTS RELATING TO the performance of any agreement

3 | or contract between YOU or MGA, on the one hand, and BRYANT, on the other

4 | hand.

5 |

6 | REQUEST FOR PRODUCTION NO. 43:

7 |       All DOCUMENTS RELATING TO the agreement dated as of

8 | September 18, 2000 between MGA and BRYANT, including without limitation all

9 | drafts thereof, any actual or proposed modifications, amendments or revisions

10 | thereto and all COMMUNICATIONS RELATING thereto.

11 |

12 | REQUEST FOR PRODUCTION NO. 44:

13 |       All DOCUMENTS RELATING TO the Modification and Clarification

14 | of the Agreement dated as of September 18, 2000 between MGA and BRYANT,

15 | including without limitation all drafts thereof, any actual or proposed modifications,

16 | amendments or revisions thereto and all COMMUNICATIONS RELATING

17 | thereto.

18 |

19 | REQUEST FOR PRODUCTION NO. 45:

20 |       All DOCUMENTS RELATING TO the agreement dated April 2001

21 | between MGA and BRYANT, including without limitation all drafts thereof, any

22 | actual or proposed modifications, amendments or revisions thereto and all

23 | COMMUNICATIONS RELATING thereto.

24 |

25 | REQUEST FOR PRODUCTION NO. 46:

26 |       All DOCUMENTS that RELATING TO any agreement or contract that

27 | REFERS AND RELATES TO BRATZ between Isaac Larian and any PERSON

28 | (including without limitation MGA), including without limitation all drafts thereof,

07209/2142932.1

-18-

**EXHIBIT \_\_\_\_, PAGE 21**

1  all actual or proposed amendments, modifications and revisions thereto and all
2  COMMUNICATIONS RELATING thereto.

3

4  REQUEST FOR PRODUCTION NO. 47:

5           All DOCUMENTS RELATING TO the performance of any agreement
6  or contract that REFERS AND RELATES TO BRATZ between Isaac Larian and
7  any PERSON (including without limitation MGA).

8

9  REQUEST FOR PRODUCTION NO. 48:

10          All DOCUMENTS that REFER OR RELATE TO any agreement or
11 contract that REFERS AND RELATES TO BRYANT between Isaac Larian and
12 any PERSON (including without limitation MGA), including without limitation all
13 drafts thereof, all actual or proposed amendments, modifications and revisions
14 thereto and all COMMUNICATIONS RELATING thereto.

15

16 REQUEST FOR PRODUCTION NO. 49:

17          All DOCUMENTS RELATING TO the performance of any agreement
18 or contract that REFERS AND RELATES TO BRYANT between Isaac Larian and
19 any PERSON (including without limitation MGA).

20

21 REQUEST FOR PRODUCTION NO. 50:

22          All DOCUMENTS that REFER OR RELATE TO any agreement or
23 contract that REFERS AND RELATES TO BRATZ between any FAMILY
24 MEMBER of Isaac Larian and any PERSON (including without limitation MGA
25 and/or Isaac Larian), including without limitation all drafts thereof, all actual or
26 proposed amendments, modifications and revisions thereto and all
27 COMMUNICATIONS RELATING thereto.

28

EXHIBIT __1__, PAGE __22__

REQUEST FOR PRODUCTION NO. 51:

All DOCUMENTS RELATING TO the performance of any agreement or contract that REFERS AND RELATES TO BRATZ between any FAMILY MEMBER of Isaac Larian and any PERSON (including without limitation MGA and/or Isaac Larian).

REQUEST FOR PRODUCTION NO. 52:

All DOCUMENTS RELATING TO any agreement or contract that REFERS AND RELATES TO BRYANT between any FAMILY MEMBER of Isaac Larian and any PERSON (including without limitation MGA and/or Isaac Larian), including without limitation all drafts thereof, all actual or proposed amendments, modifications and revisions thereto and all COMMUNICATIONS RELATING thereto.

REQUEST FOR PRODUCTION NO. 53:

All DOCUMENTS RELATING TO the performance of any agreement or contract that REFERS AND RELATES TO BRYANT between any FAMILY MEMBER of Isaac Larian and any PERSON (including without limitation MGA and/or Isaac Larian).

REQUEST FOR PRODUCTION NO. 54:

All DOCUMENTS RELATING TO royalties or payments RELATING TO BRATZ that have been made by any PERSON (including without limitation MGA) to, for or on behalf of Isaac Larian.

1  REQUEST FOR PRODUCTION NO. 55:

2          All DOCUMENTS RELATING TO royalties or payments RELATING

3  TO BRATZ that have been made by any PERSON (without limitation MGA) to, for

4  or on behalf of any FAMILY MEMBER of Isaac Larian.

5

6  REQUEST FOR PRODUCTION NO. 56:

7          All DOCUMENTS RELATING TO DIVA STARZ and RELATING

8  TO any time prior to December 31, 2001 (regardless of when such document was

9  prepared, written, transmitted or received, whether in whole or in part).

10

11  REQUEST FOR PRODUCTION NO. 57:

12          All DOCUMENTS RELATING TO YOUR or MGA's knowledge of

13  DIVA STARZ and RELATING TO any time prior to December 31, 2001

14  (regardless of when such document was prepared, written, transmitted or received,

15  whether in whole or in part).

16

17  REQUEST FOR PRODUCTION NO. 58:

18          All DOCUMENTS RELATING TO MATTEL's consideration or

19  proposed use of "Brats," "Chat Brats" or any variation thereon and RELATING TO

20  any time prior to December 31, 2001 (regardless of when such document was

21  prepared, written, transmitted or received, whether in whole or in part).

22

23  REQUEST FOR PRODUCTION NO. 59:

24          All DOCUMENTS RELATING TO "Toon Teens."

25

26  REQUEST FOR PRODUCTION NO. 60:

27          All DOCUMENTS RELATING TO YOUR or MGA's knowledge of

28  "Toon Teens."

EXHIBIT __1__, PAGE _24_

1

2

3 **REQUEST FOR PRODUCTION NO. 61:**

4        All DOCUMENTS, including without limitation

5 COMMUNICATIONS, prepared, drafted, created, received or transmitted (whether

6 in whole or in part) prior to December 31, 2001 RELATING TO BRYANT.

7

8 **REQUEST FOR PRODUCTION NO. 62:**

9        All DOCUMENTS RELATING TO any actual, potential, proposed,

10 considered or contemplated work, activities or services, including without limitation

11 any freelance work or consulting services, by BRYANT for, with or on behalf of

12 YOU or MGA prior to December 31, 2001 (regardless of when any such

13 DOCUMENT was prepared, created, received or transmitted, whether in whole or in

14 part).

15

16 **REQUEST FOR PRODUCTION NO. 63:**

17        All DOCUMENTS RELATING TO any actual, potential, proposed,

18 considered or contemplated work, activities or services, including without limitation

19 any freelance work or consulting services, by Anna Rhee for, with or on behalf of

20 YOU or MGA prior to December 31, 2001 (regardless of when any such

21 DOCUMENT was prepared, created, received or transmitted, whether in whole or in

22 part).

23

24 **REQUEST FOR PRODUCTION NO. 64:**

25        All DOCUMENTS RELATING TO any actual, potential, proposed,

26 considered or contemplated work, activities or services, including without limitation

27 any freelance work or consulting services, by Veronica Marlow for, with or on

28 behalf of YOU or MGA prior to December 31, 2001 (regardless of when any such

-22-

EXHIBIT ___, PAGE 25

1  DOCUMENT was prepared, created, received or transmitted, whether in whole or in

2  part).

3

4  <u>REQUEST FOR PRODUCTION NO. 65</u>:

5      All DOCUMENTS RELATING TO any actual, potential, proposed,

6  considered or contemplated work, activities or services, including without limitation

7  any freelance work or consulting services, by Sarah Halpern for, with or on behalf

8  of YOU or MGA prior to December 31, 2001 (regardless of when any such

9  DOCUMENT was prepared, created, received or transmitted, whether in whole or in

10  part).

11

12  <u>REQUEST FOR PRODUCTION NO. 66</u>:

13      All DOCUMENTS RELATING TO any actual, potential, proposed,

14  considered or contemplated work, activities or services, including without limitation

15  any freelance work or consulting services, by Jesse Ramirez for, with or on behalf of

16  YOU or MGA prior to December 31, 2001 (regardless of when any such

17  DOCUMENT was prepared, created, received or transmitted, whether in whole or in

18  part).

19

20  <u>REQUEST FOR PRODUCTION NO. 67</u>:

21      All DOCUMENTS RELATING TO any actual, potential, proposed,

22  considered or contemplated work, activities or services, including without limitation

23  any freelance work or consulting services, by Margaret Hatch (also known as

24  Margaret Leahy and/or Margaret Hatch-Leahy) for, with or on behalf of YOU or

25  MGA prior to December 31, 2001 (regardless of when any such DOCUMENT was

26  prepared, created, received or transmitted, whether in whole or in part).

27

28

EXHIBIT __I__, PAGE 26

-23-

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

**REQUEST FOR PRODUCTION NO. 68:**

All DOCUMENTS RELATING TO any actual, potential, proposed, considered or contemplated work, activities or services, including without limitation any freelance work or consulting services, by Elise Cloonan for, with or on behalf of YOU or MGA.

**REQUEST FOR PRODUCTION NO. 69:**

All DOCUMENTS RELATING TO any actual, potential, proposed, considered or contemplated work, activities or services, including without limitation any freelance work or consulting services, by Maureen Mullen for, with or on behalf of YOU or MGA.

**REQUEST FOR PRODUCTION NO. 70:**

All DOCUMENTS RELATING TO any actual, potential, proposed, considered or contemplated work, activities or services, including without limitation any freelance work or consulting services, by Billy Ragsdale for, with or on behalf of YOU or MGA.

**REQUEST FOR PRODUCTION NO. 71:**

All DOCUMENTS RELATING TO any actual, potential, proposed, considered or contemplated work, activities or services, including without limitation any freelance work or consulting services, by Wendy Ragsdale for, with or on behalf of YOU or MGA.

**REQUEST FOR PRODUCTION NO. 72:**

All DOCUMENTS RELATING TO any actual, potential, proposed, considered or contemplated work, activities or services, including without limitation

EXHIBIT _1_ , PAGE _27_

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

07209/2142932.1

1 | any freelance work or consulting services, by David Dees for, with or on behalf of
2 | YOU or MGA.

3

4 | REQUEST FOR PRODUCTION NO. 73:

5 | All DOCUMENTS RELATING TO any actual, potential, proposed,
6 | considered or contemplated work, activities or services, including without limitation
7 | any freelance work or consulting services, by Steve Linker for, with or on behalf of
8 | YOU or MGA.

9

10 | REQUEST FOR PRODUCTION NO. 74:

11 | All DOCUMENTS RELATING TO Steve Linker and RELATING TO
12 | any time prior to December 31, 2001 (regardless of when such document was
13 | prepared, written, transmitted or received, whether in whole or in part).

14

15 | REQUEST FOR PRODUCTION NO. 75:

16 | All DOCUMENTS RELATING TO any actual, potential, proposed,
17 | considered or contemplated work, activities or services, including without limitation
18 | any freelance work or consulting services, by Liz Hogan for, with or on behalf of
19 | YOU or MGA.

20

21 | REQUEST FOR PRODUCTION NO. 76:

22 | All DOCUMENTS RELATING TO any actual, potential, proposed,
23 | considered or contemplated work, activities or services, including without limitation
24 | any freelance work or consulting services, by Amy Meyers for, with or on behalf of
25 | YOU or MGA.

26

27

28

EXHIBIT __1__, PAGE __28__

1    REQUEST FOR PRODUCTION NO. 77:

2            To the extent not covered by other Requests, all DOCUMENTS

3    RELATING TO any actual, potential, proposed, considered or contemplated work,

4    activities or services, including without limitation any freelance work or consulting

5    services, by any PERSON RELATING TO BRATZ prior to December 31, 2001.

6

7    REQUEST FOR PRODUCTION NO. 78:

8            To the extent not covered by other Requests, all DOCUMENTS

9    RELATING TO any actual, potential, proposed, considered or contemplated work,

10   activities or services, including without limitation any freelance work or consulting

11   services, by any PERSON RELATING TO ANGEL prior to December 31, 2001.

12

13   REQUEST FOR PRODUCTION NO. 79:

14           All DOCUMENTS RELATING TO any focus groups RELATING TO

15   BRATZ and/or ANGEL, including without limitation all videotapes, summaries,

16   notes and reports associated therewith.

17

18   REQUEST FOR PRODUCTION NO. 80:

19           All DOCUMENTS RELATING TO any services or work performed by

20   L.A. Focus between January 1, 1999 and December 31, 2001, including without

21   limitation all videotapes, summaries, notes and reports associated therewith.

22

23   REQUEST FOR PRODUCTION NO. 81:

24           All DOCUMENTS RELATING TO Alaska Momma.

25

26   REQUEST FOR PRODUCTION NO. 82:

27           All DOCUMENTS RELATING TO any actual, potential, proposed,

28   considered or contemplated agreement or contract between YOU or MGA and Anna

07209/2142932.1

**EXHIBIT ___L___, PAGE _29_**

1  Rhee, including without limitation all drafts thereof and amendments, modifications

2  and revisions thereto, and all COMMUNICATIONS relating thereto.

3

4  REQUEST FOR PRODUCTION NO. 83:

5       All DOCUMENTS RELATING TO any payments of money or the

6  transfer of anything of value to Anna Rhee or her FAMILY MEMBERS.

7

8  REQUEST FOR PRODUCTION NO. 84:

9       All DOCUMENTS RELATING TO any actual, potential, proposed,

10  considered or contemplated agreement or contract between YOU or MGA and

11  Veronica Marlow or her FAMILY MEMBERS, including without limitation all

12  drafts thereof and amendments, modifications and revisions thereto, and all

13  COMMUNICATIONS relating thereto.

14

15  REQUEST FOR PRODUCTION NO. 85:

16       All DOCUMENTS RELATING TO any payments of money or the

17  transfer of anything of value to Veronica Marlow or her FAMILY MEMBERS.

18

19  REQUEST FOR PRODUCTION NO. 86:

20       All DOCUMENTS RELATING TO any actual, potential, proposed,

21  considered or contemplated agreement or contract between YOU or MGA and

22  Margaret Hatch (also known as Margaret Leahy and/or Margaret Hatch-Leahy) or

23  her FAMILY MEMBERS, including without limitation all drafts thereof and

24  amendments, modifications and revisions thereto, and all COMMUNICATIONS

25  relating thereto.

26

27

28

EXHIBIT __1__, PAGE 30

1   REQUEST FOR PRODUCTION NO. 87:

2          All DOCUMENTS RELATING TO any payments of money or the

3   transfer of anything of value to Margaret Hatch (also known as Margaret Leahy

4   and/or Margaret Hatch-Leahy) or her FAMILY MEMBERS.

5

6   REQUEST FOR PRODUCTION NO. 88:

7          All DOCUMENTS RELATING TO any actual, potential, proposed,

8   considered or contemplated agreement or contract between YOU or MGA and Sarah

9   Halpern or her FAMILY MEMBERS, including without limitation all drafts thereof

10   and amendments, modifications and revisions thereto, and all

11   COMMUNICATIONS relating thereto.

12

13   REQUEST FOR PRODUCTION NO. 89:

14          All DOCUMENTS RELATING TO any payments of money or the

15   transfer of anything of value to Sarah Halpern or her FAMILY MEMBERS.

16

17   REQUEST FOR PRODUCTION NO. 90:

18          All DOCUMENTS RELATING TO any actual, potential, proposed,

19   considered or contemplated agreement or contract between YOU or MGA and Jesse

20   Ramirez or his FAMILY MEMBERS, including without limitation all drafts thereof

21   and amendments, modifications and revisions thereto, and all

22   COMMUNICATIONS relating thereto.

23

24   REQUEST FOR PRODUCTION NO. 91:

25          All DOCUMENTS RELATING TO any actual, potential, proposed,

26   considered or contemplated agreement or contract between YOU or MGA and Elise

27   Cloonan or her FAMILY MEMBERS, including without limitation all drafts thereof

28

EXHIBIT __1__, PAGE __31__

07209/2142932.1

-28-

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

1   and amendments, modifications and revisions thereto, and all

2   COMMUNICATIONS relating thereto.

3

4   REQUEST FOR PRODUCTION NO. 92:

5       All DOCUMENTS RELATING TO any payments of money or the

6   transfer of anything of value to Elise Cloonan or her FAMILY MEMBERS.

7

8   REQUEST FOR PRODUCTION NO. 93:

9       All DOCUMENTS RELATING TO any actual, potential, proposed,

10  considered or contemplated agreement or contract between YOU or MGA and

11  Stephen Lee or his FAMILY MEMBERS at any time after January 1, 2003,

12  including without limitation all drafts thereof and amendments, modifications and

13  revisions thereto, and all COMMUNICATIONS relating thereto.

14

15  REQUEST FOR PRODUCTION NO. 94:

16      All DOCUMENTS RELATING TO any actual, potential, proposed,

17  considered or contemplated agreement or contract between YOU or MGA and

18  David Dees or his FAMILY MEMBERS, including without limitation all drafts

19  thereof and amendments, modifications and revisions thereto, and all

20  COMMUNICATIONS relating thereto.

21

22  REQUEST FOR PRODUCTION NO. 95:

23      All DOCUMENTS RELATING TO any payments of money or the

24  transfer of anything of value to David Dees or her FAMILY MEMBERS.

25

26  REQUEST FOR PRODUCTION NO. 96:

27      All DOCUMENTS RELATING TO any actual, potential, proposed,

28  considered or contemplated agreement or contract between YOU or MGA and Steve

-29-

EXHIBIT    PAGE 32

1   Linker, including without limitation all drafts thereof and amendments,

2   modifications and revisions thereto, and all COMMUNICATIONS relating thereto.

3

4   <u>REQUEST FOR PRODUCTION NO. 97</u>:

5         All DOCUMENTS RELATING TO any actual, potential, proposed,

6   considered or contemplated agreement or contract between YOU or MGA and Liz

7   Hogan, including without limitation all drafts thereof and amendments,

8   modifications and revisions thereto, and all COMMUNICATIONS relating thereto.

9

10  <u>REQUEST FOR PRODUCTION NO. 98</u>:

11        All DOCUMENTS RELATING TO DESIGNS produced, prepared,

12  created, authored, conceived of or reduced to practice prior to December 31, 2001

13  by Margaret Hatch (also known as Margaret Leahy and/or Margaret Hatch-Leahy),

14  whether alone or jointly with others, in which YOU or MGA have purported at any

15  time to purchase, acquire or own any right, title or interest (whether in whole or in

16  part).

17

18  <u>REQUEST FOR PRODUCTION NO. 99</u>:

19        All DOCUMENTS RELATING TO DESIGNS produced, prepared,

20  created, authored, conceived of or reduced to practice prior to December 31, 2001

21  by Anna Rhee, whether alone or jointly with others, in which YOU or MGA have

22  purported at any time to purchase, acquire or own any right, title or interest (whether

23  in whole or in part).

24

25  <u>REQUEST FOR PRODUCTION NO. 100</u>:

26        All DOCUMENTS RELATING TO DESIGNS produced, prepared,

27  created, authored, conceived of or reduced to practice prior to January 1, 2001 by

28  Veronica Marlow, whether alone or jointly with others, in which YOU or MGA

1  have purported at any time to purchase, acquire or own any right, title or interest

2  (whether in whole or in part).

3

4  REQUEST FOR PRODUCTION NO. 101:

5         All DOCUMENTS RELATING TO DESIGNS produced, prepared,

6  created, authored, conceived of or reduced to practice by Elise Cloonan, whether

7  alone or jointly with others, in which YOU or MGA have purported at any time to

8  purchase, acquire or own any right, title or interest (whether in whole or in part).

9

10  REQUEST FOR PRODUCTION NO. 102:

11        All DOCUMENTS prepared, written, transmitted or received (whether

12  in whole or in part) prior to January 1, 2001 RELATING TO ANGEL.

13

14  REQUEST FOR PRODUCTION NO. 103:

15        All DOCUMENTS RELATING TO ANGEL RELATING TO any time

16  prior to January 1, 2001 (regardless of when such document was prepared, written,

17  transmitted or received, whether in whole or in part).

18

19  REQUEST FOR PRODUCTION NO. 104:

20        All DOCUMENTS, including without limitation all

21  COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

22  any agreement or contract between Margaret Hatch (also known as Margaret Leahy

23  and/or Margaret Hatch-Leahy) and MATTEL.

24

25  REQUEST FOR PRODUCTION NO. 105:

26        All DOCUMENTS, including without limitation all

27  COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

28  any agreement or contract between Kami Gillmour and MATTEL.

EXHIBIT  l  PAGE 34

1    REQUEST FOR PRODUCTION NO. 106:

2         All DOCUMENTS, including without limitation all

3    COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

4    any agreement or contract between Paula Garcia and MATTEL.

5

6    REQUEST FOR PRODUCTION NO. 107:

7         All DOCUMENTS, including without limitation all

8    COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

9    any agreement or contract between Mercedeh Ward and MATTEL.

10

11   REQUEST FOR PRODUCTION NO. 108:

12        All DOCUMENTS, including without limitation all

13   COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

14   any agreement or contract between Jessie Ramirez and MATTEL.

15

16   REQUEST FOR PRODUCTION NO. 109:

17        All DOCUMENTS, including without limitation all

18   COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

19   any agreement or contract between Billy Ragsdale and MATTEL.

20

21

22   REQUEST FOR PRODUCTION NO. 110:

23        All DOCUMENTS, including without limitation all

24   COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

25   any agreement or contract between Wendy Ragsdale and MATTEL.

26

27

28

EXHIBIT __|__ , PAGE 35

-32-

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

1  REQUEST FOR PRODUCTION NO. 111:

2      All DOCUMENTS, including without limitation all

3  COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

4  any agreement or contract between Veronica Marlow and MATTEL.

5

6  REQUEST FOR PRODUCTION NO. 112:

7      To the extent not covered by other Requests, all DOCUMENTS,

8  including without limitation all COMMUNICATIONS between YOU or MGA and

9  any PERSON, RELATING TO any agreement or contract between MATTEL, on

10  the one hand, and any former employee of MATTEL who has been hired,

11  considered, solicited or interviewed for any position or potential position or

12  employment by YOU or MGA.

13

14  REQUEST FOR PRODUCTION NO. 113:

15      All COMMUNICATIONS between YOU or MGA and Anne Wang.

16

17  REQUEST FOR PRODUCTION NO. 114:

18      All DOCUMENTS, including without limitation all

19  COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

20  Anne Wang.

21

22  REQUEST FOR PRODUCTION NO. 115:

23      All DOCUMENTS, including without limitation all

24  COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

25  Brooke Gilbert.

26

27

28

EXHIBIT __(__ , PAGE _36_

07209/2142932.1

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

1  REQUEST FOR PRODUCTION NO. 116:

2          All COMMUNICATIONS between YOU or MGA and BRYANT

3  RELATING TO MATTEL or any officer, director, employee or representative of

4  MATTEL.

5

6  REQUEST FOR PRODUCTION NO. 117:

7          All declarations, affidavits and other sworn written statements of any

8  other type or form by any PERSON RELATING TO BRATZ (other than those

9  previously filed and served in this ACTION), including all such declarations,

10  affidavits and other sworn written statements of any other type or form by or on

11  behalf of YOU.

12

13  REQUEST FOR PRODUCTION NO. 118:

14          All transcripts and video and/or audio recordings of statements made

15  by any PERSON under oath, including without limitation all deposition transcripts,

16  trial transcripts and arbitration transcripts, RELATING TO BRATZ (other than

17  those taken in this ACTION when MATTEL's counsel was in attendance),

18  including all such transcripts and video and/or audio recordings of statements by or

19  on behalf of YOU.

20

21  REQUEST FOR PRODUCTION NO. 119:

22          All declarations, affidavits and other sworn written statements of any

23  other type or form by any PERSON RELATING TO ANGEL (other than those

24  previously filed and served in this ACTION), including all such declarations,

25  affidavits and other sworn written statements of any other type or form by or on

26  behalf of YOU.

27

28

1   REQUEST FOR PRODUCTION NO. 120:

2           All transcripts and video and/or audio recordings of statements made

3   by any PERSON under oath, including without limitation all deposition transcripts,

4   trial transcripts and arbitration transcripts, that RELATING TO ANGEL (other than

5   those taken in this ACTION when Mattel's counsel was in attendance), including all

6   such declarations, affidavits and other sworn written statements of any other type or

7   form by or on behalf of YOU.

8

9   REQUEST FOR PRODUCTION NO. 121:

10          All DOCUMENTS RELATING TO the litigation encaptioned *The*

11  *Ships Carpenter, Inc. v. MGA Entertainment*, filed in Los Angeles Superior Court

12  on or about October 11, 2001, Case Nos. 01S03739 and 01S03740.

13

14  REQUEST FOR PRODUCTION NO. 122:

15          All DOCUMENTS seen, viewed or reviewed by YOU at any time in

16  preparation for the deposition of YOU that was taken in this ACTION on July 18,

17  2006.

18

19  REQUEST FOR PRODUCTION NO. 123:

20          All DOCUMENTS RELATING TO any and all arbitrations and suits

21  between YOU and Farhad Larian.

22

23  REQUEST FOR PRODUCTION NO. 124:

24          All DOCUMENTS filed, submitted or served in the suit and/or

25  arbitration proceedings brought by Farhad Larian against YOU, including without

26  limitation all declarations, affidavits, transcripts, video and/or audio recordings and

27  sworn testimony given by any PERSON in such suit or arbitration proceedings.

28

EXHIBIT __|__ , PAGE 38

1    REQUEST FOR PRODUCTION NO. 125:

2    All DOCUMENTS RELATING TO any and all settlements resolutions

3    or compromises of any suit and/or arbitration proceedings between YOU and Farhad

4    Larian.

5

6    REQUEST FOR PRODUCTION NO. 126:

7    All contracts or agreements between YOU or MGA and Farhad Larian.

8

9    REQUEST FOR PRODUCTION NO. 127:

10    All COMMUNICATIONS RELATING TO BRATZ between YOU or

11    MGA and Farhad Larian.

12

13    REQUEST FOR PRODUCTION NO. 128:

14    All DOCUMENTS RELATING TO COMMUNICATIONS between

15    YOU or MGA and Farhad Larian that REFER OR RELATE TO BRATZ, including

16    without limitation all diaries, notes, calendars, logs, phone records and letters, that

17    reflect, record or memorialize or otherwise RELATING TO any such

18    COMMUNICATIONS.

19

20    REQUEST FOR PRODUCTION NO. 129:

21    All COMMUNICATIONS RELATING TO BRYANT between YOU

22    or MGA and Farhad Larian.

23

24    REQUEST FOR PRODUCTION NO. 130:

25    All DOCUMENTS RELATING TO COMMUNICATIONS between

26    YOU or MGA and Farhad Larian that REFER OR RELATE TO BRYANT,

27    including without limitation all diaries, notes, calendars, logs, phone records and

28

EXHIBIT __1__, PAGE __37__

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

07209/2142932.1

1    letters, that reflect, record or memorialize or otherwise RELATING TO any such

2    COMMUNICATIONS.

3

4    REQUEST FOR PRODUCTION NO. 131:

5              All DOCUMENTS RELATING TO any and all payments or transfer of

6    anything of value that YOU or MGA have made, have offered or proposed to make

7    or have promised or agreed to make, to or for the benefit of Farhad Larian or his

8    FAMILY MEMBERS at any time since January 1, 2001.

9

10   REQUEST FOR PRODUCTION NO. 132:

11             All contracts or agreements between YOU or MGA and Morad Zarabi.

12

13   REQUEST FOR PRODUCTION NO. 133:

14             All COMMUNICATIONS RELATING TO BRATZ between YOU or

15   MGA and Morad Zarabi.

16

17   REQUEST FOR PRODUCTION NO. 134:

18             All DOCUMENTS RELATING TO COMMUNICATIONS between

19   YOU or MGA and Morad Zarabi that REFER OR RELATE TO BRATZ, including

20   without limitation all diaries, notes, calendars, logs, phone records and letters, that

21   reflect, record or memorialize or otherwise RELATING TO any such

22   COMMUNICATIONS.

23

24   REQUEST FOR PRODUCTION NO. 135:

25             All COMMUNICATIONS RELATING TO BRYANT between YOU

26   or MGA and Morad Zarabi.

27

28

EXHIBIT __l__ , PAGE __40__

1    REQUEST FOR PRODUCTION NO. 136:

2            All DOCUMENTS RELATING TO COMMUNICATIONS between

3    YOU or MGA and Morad Zarabi that REFER OR RELATE TO BRYANT,

4    including without limitation all diaries, notes, calendars, logs, phone records and

5    letters, that reflect, record or memorialize or otherwise RELATING TO any such

6    COMMUNICATIONS.

7

8    REQUEST FOR PRODUCTION NO. 137:

9            All DOCUMENTS RELATING TO any and all payments or transfer of

10   anything of value that YOU or MGA have made, have offered or proposed to make

11   or have promised or agreed to make, to or for the benefit of Morad Zarabi or his

12   FAMILY MEMBERS at any time since January 1, 2001.

13

14   REQUEST FOR PRODUCTION NO. 138:

15           All DOCUMENTS RELATING TO any and all payments or transfers

16   of anything of value that YOU or MGA have made, have offered or proposed to

17   make or have promised or agreed to make, to or for the benefit of BRYANT or his

18   FAMILY MEMBERS.

19

20   REQUEST FOR PRODUCTION NO. 139:

21           All DOCUMENTS RELATING TO any and all payments or transfers

22   of anything of value that YOU or MGA have made, have offered or proposed to

23   make or have promised or agreed to make, to or for the benefit of Elise Cloonan or

24   her FAMILY MEMBERS.

25

26   REQUEST FOR PRODUCTION NO. 140:

27           All DOCUMENTS RELATING TO any and all payments or transfers

28   of anything of value that YOU or MGA have made, have offered or proposed to

1 | make or have promised or agreed to make, to or for the benefit of Margaret Hatch

2 | (also known as Margaret Leahy and/or Margaret Hatch-Leahy) or her FAMILY

3 | MEMBERS.

4

5 | REQUEST FOR PRODUCTION NO. 141:

6 |      All DOCUMENTS RELATING TO any and all payments or transfers

7 | of anything of value that YOU or MGA have made, have offered or proposed to

8 | make or have promised or agreed to make, to or for the benefit of Amy Meyers or

9 | her FAMILY MEMBERS.

10

11 | REQUEST FOR PRODUCTION NO. 142:

12 |      All DOCUMENTS RELATING TO any and all payments or transfers

13 | of anything of value that YOU or MGA have made, have offered or proposed to

14 | make or have promised or agreed to make, to or for the benefit of Sarah Halpern or

15 | her FAMILY MEMBERS at any time since January 1, 1999.

16

17 | REQUEST FOR PRODUCTION NO. 143:

18 |      All DOCUMENTS RELATING TO any and all payments or transfers

19 | of anything of value that YOU or MGA have made, have offered or proposed to

20 | make or have promised or agreed to make, to or for the benefit of Maureen Mullen

21 | or her FAMILY MEMBERS at any time since January 1, 1999.

22

23 | REQUEST FOR PRODUCTION NO. 144:

24 |      All DOCUMENTS RELATING TO any and all payments or transfers

25 | of anything of value that YOU or MGA have made, have offered or proposed to

26 | make or have promised or agreed to make, to or for the benefit of Wendy Ragsdale

27 | or her FAMILY MEMBERS.

28

EXHIBIT __1__ , PAGE __42__

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

07209/2142932.1

**REQUEST FOR PRODUCTION NO. 145:**

All DOCUMENTS RELATING TO any and all payments or transfers of anything of value that YOU or MGA have made, have offered or proposed to make or have promised or agreed to make, to or for the benefit of Billy Ragsdale or his FAMILY MEMBERS.

**REQUEST FOR PRODUCTION NO. 146:**

All DOCUMENTS RELATING TO any and all payments or transfers of anything of value that YOU or MGA have made, have offered or proposed to make or have promised or agreed to make, to or for the benefit of Anna Rhee or her FAMILY MEMBERS at any time since January 1, 1999.

**REQUEST FOR PRODUCTION NO. 147:**

All DOCUMENTS RELATING TO any indemnification that BRYANT has sought, proposed, requested or obtained in connection with this ACTION.

**REQUEST FOR PRODUCTION NO. 148:**

All DOCUMENTS RELATING TO any indemnification that Elise Cloonan has sought, proposed, requested or obtained in connection with this ACTION.

**REQUEST FOR PRODUCTION NO. 149:**

All DOCUMENTS RELATING TO any indemnification that Margaret Hatch-Leahy has sought, proposed, requested or obtained in connection with this ACTION.

1  REQUEST FOR PRODUCTION NO. 150:

2           All DOCUMENTS RELATING TO any indemnification that Veronica

3  Marlow has sought, proposed, requested or obtained in connection with this

4  ACTION.

5

6  REQUEST FOR PRODUCTION NO. 151:

7           All DOCUMENTS RELATING TO any indemnification that Sarah

8  Halpern has sought, proposed, requested or obtained in connection with this

9  ACTION.

10

11  REQUEST FOR PRODUCTION NO. 152:

12          All DOCUMENTS RELATING TO any indemnification that Paula

13  Garcia (also known as Paula Treantafellas) has sought, proposed, requested or

14  obtained in connection with this ACTION.

15

16  REQUEST FOR PRODUCTION NO. 153:

17          To the extent not covered by other Requests, all DOCUMENTS

18  RELATING TO any indemnification that any PERSON has sought, proposed,

19  requested or obtained in connection with this ACTION.

20

21  REQUEST FOR PRODUCTION NO. 154:

22          All DOCUMENTS RELATING TO any indemnification that YOU or

23  MGA have sought, proposed, requested or obtained in connection with this

24  ACTION.

25

26  REQUEST FOR PRODUCTION NO. 155:

27          All COMMUNICATIONS between YOU or MGA and Universal

28  Commerce Corp., Ltd. prior to June 1, 2001.

1 | REQUEST FOR PRODUCTION NO. 156:

2      All DOCUMENTS that REFER OR RELATE TO MATTEL, or that

3 were prepared, authored or created by MATTEL, that BRYANT has ever provided

4 to, shown, described to, communicated to or disclosed in any manner to YOU or

5 MGA.

6

7 | REQUEST FOR PRODUCTION NO. 157:

8      All COMMUNICATIONS between YOU or MGA and BRYANT prior

9 to January 1, 2001, including without limitation all diaries, notes, calendars, logs,

10 phone records and letters, that reflect, record or memorialize or otherwise

11 RELATING TO any such COMMUNICATIONS.

12

13 | REQUEST FOR PRODUCTION NO. 158:

14      All COMMUNICATIONS between YOU or MGA and Elise Cloonan

15 that REFER OR RELATE TO BRYANT, MATTEL, BRATZ and/or Anna Rhee,

16 including without limitation all diaries, notes, calendars, logs, phone records and

17 letters, that reflect, record or memorialize or otherwise RELATING TO any such

18 COMMUNICATIONS.

19

20 | REQUEST FOR PRODUCTION NO. 159:

21      All COMMUNICATIONS between YOU or MGA and Elise Cloonan

22 prior to June 11, 2002, including without limitation all diaries, notes, calendars,

23 logs, phone records and letters, that reflect, record or memorialize or otherwise

24 RELATING TO any such COMMUNICATIONS.

25

26 | REQUEST FOR PRODUCTION NO. 160:

27      All COMMUNICATIONS between YOU or MGA and Veronica

28 Marlow prior to January 1, 2001, including without limitation all diaries, notes,

-42-

EXHIBIT 1, PAGE 45