1  calendars, logs, phone records and letters, that reflect, record or memorialize or

2  otherwise RELATING TO any such COMMUNICATIONS.

3

4  REQUEST FOR PRODUCTION NO. 161:

5      All COMMUNICATIONS between YOU or MGA and Mercedeh

6  Ward prior to November 6, 2000, including without limitation all diaries, notes,

7  calendars, logs, phone records and letters, that reflect, record or memorialize or

8  otherwise RELATING TO any such COMMUNICATIONS.

9

10  REQUEST FOR PRODUCTION NO. 162:

11      All COMMUNICATIONS between YOU or MGA and Margaret Hatch

12  (also known as Margaret Leahy and/or Margaret Hatch-Leahy) prior to January 1,

13  2001, including without limitation all diaries, notes, calendars, logs, phone records

14  and letters, that reflect, record or memorialize or otherwise RELATING TO any

15  such COMMUNICATIONS.

16

17  REQUEST FOR PRODUCTION NO. 163:

18      All COMMUNICATIONS between YOU or MGA and Anna Rhee

19  prior to January 1, 2001, including without limitation all diaries, notes, calendars,

20  logs, phone records and letters, that reflect, record or memorialize or otherwise

21  RELATING TO any such COMMUNICATIONS.

22

23  REQUEST FOR PRODUCTION NO. 164:

24      All COMMUNICATIONS between Veronica Marlow and Anna Rhee

25  prior to January 1, 2001, including without limitation all diaries, notes, calendars,

26  logs, phone records and letters, that reflect, record or memorialize or otherwise

27  RELATING TO any such COMMUNICATIONS.

28

EXHIBIT __1__, PAGE 46

07209/2142932.1

-43-

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

1  REQUEST FOR PRODUCTION NO. 165:

2      All COMMUNICATIONS between YOU or MGA and Sarah Halpern

3  prior to January 1, 2001, including without limitation all diaries, notes, calendars,

4  logs, phone records and letters, that reflect, record or memorialize or otherwise

5  RELATING TO any such COMMUNICATIONS.

6

7  REQUEST FOR PRODUCTION NO. 166:

8      All COMMUNICATIONS between YOU or MGA and Jesse Ramirez

9  prior to January 1, 2001, including without limitation all diaries, notes, calendars,

10 logs, phone records and letters, that reflect, record or memorialize or otherwise

11 RELATING TO any such COMMUNICATIONS.

12

13 REQUEST FOR PRODUCTION NO. 167:

14     Any personnel or vendor file that YOU created, control, or maintain

15 concerning BRYANT.

16

17 REQUEST FOR PRODUCTION NO. 168:

18     Any personnel file that YOU created, control, or maintain concerning

19 Paula Garcia (also known as Paula Treantafellas).

20

21 REQUEST FOR PRODUCTION NO. 169:

22     Any personnel file that YOU created, control, or maintain concerning

23 Mercedeh Ward.

24

25 REQUEST FOR PRODUCTION NO. 170:

26     Any personnel or vendor file that YOU created, control, or maintain

27 concerning Margaret Hatch (also known as Margaret Leahy and/or Margaret Hatch-

28 Leahy).

**REQUEST FOR PRODUCTION NO. 171:**

Any personnel or vendor file that YOU created, control, or maintain concerning Veronica Marlow.

**REQUEST FOR PRODUCTION NO. 172:**

Any personnel or vendor file that YOU created, control, or maintain concerning Anna Rhee.

**REQUEST FOR PRODUCTION NO. 173:**

Any personnel or vendor file that YOU created, control, or maintain concerning Jessie Ramirez.

**REQUEST FOR PRODUCTION NO. 174:**

Any personnel file that YOU created, control, or maintain concerning Shirin Salemnia.

**REQUEST FOR PRODUCTION NO. 175:**

DOCUMENTS sufficient to show the relationship, whether by blood or marriage, between Isaac Larian or any FAMILY MEMBER of Isaac Larian, on the one hand, and Shirin Salemnia.

**REQUEST FOR PRODUCTION NO. 176:**

Any personnel file that YOU created, control, or maintain concerning Victoria O'Connor.

**REQUEST FOR PRODUCTION NO. 177:**

Any personnel file that YOU created, control, or maintain concerning Farhad Larian.

EXHIBIT 1, PAGE 48

1  REQUEST FOR PRODUCTION NO. 178:

2          All DOCUMENTS RELATING TO, including without limitation

3  phone records for, telephone calls by or to YOU or anyone on YOUR behalf for the

4  time period from January 1, 1998 through January 1, 2001.

5

6  REQUEST FOR PRODUCTION NO. 179:

7          All DOCUMENTS RELATING TO, including without limitation

8  phone records for, telephone calls by or to YOU or anyone on YOUR behalf for the

9  time period from January 1, 1998 through January 1, 2001 RELATING TO BRATZ

10 and/or ANGEL.

11

12 REQUEST FOR PRODUCTION NO. 180:

13         All DOCUMENTS RELATING TO, including without limitation

14 phone records for, telephone calls by or to YOU or anyone on YOUR behalf for the

15 time period from April 1, 2004 through June 1, 2004.

16

17 REQUEST FOR PRODUCTION NO. 181:

18         All DOCUMENTS RELATING TO, including without limitation

19 phone records for, telephone calls RELATING TO BRYANT by or to YOU or

20 anyone on YOUR behalf at any time.

21

22 REQUEST FOR PRODUCTION NO. 182:

23         All DOCUMENTS that RELATING TO any actual, proposed,

24 contemplated, considered or potential copyright, patent or any other application or

25 registration for BRATZ or any BRATZ DESIGN, including without limitation all

26 COMMUNICATIONS pertaining thereto.

27

28

07209/2142932.1

EXHIBIT  1  , PAGE 49

-46-

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

1  REQUEST FOR PRODUCTION NO. 183:

2      All DOCUMENTS RELATING TO any actual, proposed,

3  contemplated, considered or potential copyright, patent or any other application or

4  registration for ANGEL or any ANGEL DESIGN, including without limitation all

5  COMMUNICATIONS pertaining thereto.

6

7  REQUEST FOR PRODUCTION NO. 184:

8      All doll heads, sculpts, prototypes, models, samples and tangible items

9  that Anna Rhee painted, whether in whole or in part, for YOU, MGA or BRYANT,

10  or on behalf of YOU, MGA or BRYANT, prior to January 1, 2001.

11

12  REQUEST FOR PRODUCTION NO. 185:

13      All doll heads, sculpts, prototypes, models, samples and tangible items

14  that REFER OR RELATE TO DESIGNS for dolls, doll accessories or toys that

15  BRYANT produced, created, authored, conceived of or reduced to practice, whether

16  alone or jointly with others, prior to January 1, 2001.

17

18  REQUEST FOR PRODUCTION NO. 186:

19      All DOCUMENTS RELATING TO the exhibition or showing of

20  BRATZ at the Hong Kong Toy Fair in January 2001.

21

22  REQUEST FOR PRODUCTION NO. 187:

23      All DOCUMENTS RELATING TO the exhibition or showing of

24  BRATZ at the Tokyo Toy Fair in or about February 2001.

25

26  REQUEST FOR PRODUCTION NO. 188:

27      All DOCUMENTS RELATING TO the exhibition of BRATZ at the

28  New York Toy Fair in or about February 2001.

**EXHIBIT  |  , PAGE  50**

-47-

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

07209/2142932.1

REQUEST FOR PRODUCTION NO. 189:

To the extent not covered by other Requests, all DOCUMENTS RELATING TO the exhibition of BRATZ at any toy fair at any time prior to December 31, 2001.

REQUEST FOR PRODUCTION NO. 190:

All COMMUNICATIONS between YOU and any stock analyst, investment analyst, investment bank, institutional lender, or venture capital fund RELATING TO BRYANT, this ACTION OR MATTEL since January 1, 1999.

REQUEST FOR PRODUCTION NO. 191:

All COMMUNICATIONS between YOU and any member of the press RELATING TO BRATZ, including without limitation RELATING TO the origins, conception, creation, DESIGN or development thereof.

REQUEST FOR PRODUCTION NO. 192:

All COMMUNICATIONS between YOU and any member of the press RELATING TO BRYANT since January 1, 1999.

REQUEST FOR PRODUCTION NO. 193:

All COMMUNICATIONS between YOU and any member of the press RELATING TO this ACTION.

REQUEST FOR PRODUCTION NO. 194:

All COMMUNICATIONS between YOU and any member of the press RELATING TO MATTEL since January 1, 1999.

EXHIBIT __1__ , PAGE 51

-48-

07209/2142932.1

1   **REQUEST FOR PRODUCTION NO. 195:**

2         All DOCUMENTS RELATING TO any statements made by YOU to

3 any stock analyst, investment analyst, investment bank, institutional lender, or

4 venture capital fund RELATING TO BRYANT since January 1, 1999.

5

6   **REQUEST FOR PRODUCTION NO. 196:**

7         All DOCUMENTS RELATING TO any statements made by YOU to

8 any stock analyst, investment analyst, investment bank, institutional lender, or

9 venture capital fund RELATING TO this ACTION.

10

11   **REQUEST FOR PRODUCTION NO. 197:**

12         All DOCUMENTS RELATING TO any statements made by YOU to

13 any stock analyst, investment analyst, investment bank, institutional lender, or

14 venture capital fund RELATING TO MATTEL since January 1, 1999.

15

16

17   **REQUEST FOR PRODUCTION NO. 198:**

18         All COMMUNICATIONS between YOU and any individual while the

19 individual was employed by MATTEL.

20

21   **REQUEST FOR PRODUCTION NO. 199:**

22         All DOCUMENTS RELATING TO publicity by YOU or MGA

23 RELATING TO BRATZ, ANGEL and/or BRYANT since January 1, 1999,

24 including but not limited to advertising, media releases, and public relations

25 material.

26

27

28                                           **EXHIBIT** ___ **, PAGE** 52

1  REQUEST FOR PRODUCTION NO. 200:

2           All DOCUMENTS RELATING TO any effort by YOU or MGA to

3  recruit employees or contractors who have been or are employed by or who have

4  worked for MATTEL since January 1, 1999, including but not limited to

5  advertising, media releases, brochures, articles, catalogs, handbooks, and public

6  relations material.

7

8  REQUEST FOR PRODUCTION NO. 201:

9           All DOCUMENTS RELATING TO the hiring, engagement, or

10 retention by YOU or MGA of any current or former MATTEL employee or

11 contractor since January 1, 1999, including but not limited to all employment

12 agreements and agreements RELATING TO confidentiality or the invention,

13 authorship, or ownership of any concept or product.

14

15 REQUEST FOR PRODUCTION NO. 202:

16          All DOCUMENTS, since January 1, 1999, RELATING TO YOUR

17 receipt, reproduction, copying, storage, transmission, transfer, retention, destruction,

18 deletion or use of any DOCUMENTS or DIGITAL INFORMATION, including but

19 not limited to any compilation of information, that was prepared, made, created,

20 generated, assembled or compiled by or for MATTEL and that was not publicly

21 available at the time of YOUR receipt of such DOCUMENT or DIGITAL

22 INFORMATION.

23

24 REQUEST FOR PRODUCTION NO. 203:

25          All DOCUMENTS, since January 1, 1999, RELATING TO YOUR

26 knowledge of any MATTEL product prior to the time that such product had been

27 announced or disclosed by MATTEL to retailers or the public.

28

**EXHIBIT \_\_\_, PAGE 53**

1  **REQUEST FOR PRODUCTION NO. 204:**

2          All DOCUMENTS, since January 1, 1999, RELATING TO YOUR

3  knowledge of any DESIGN created by, on behalf of, or at the behest of MATTEL,

4  or created by any PERSON employed by or under contract with MATTEL at the

5  time of the DESIGN's creation, that was not manufactured for sale or placed into the

6  retail market.

7

8  **REQUEST FOR PRODUCTION NO. 205:**

9          All DOCUMENTS, since January 1, 1999, RELATING TO YOUR

10 receipt, reproduction, copying, storage, transmission, transfer, retention, destruction,

11 deletion or use of any MATTEL line list or other DOCUMENT prepared by

12 MATTEL identifying MATTEL products in the planning, design or development

13 phase.

14

15 **REQUEST FOR PRODUCTION NO. 206:**

16         All DOCUMENTS, since January 1, 1999, RELATING TO MGA's

17 receipt, reproduction, copying, storage, transmission, transfer, retention, destruction,

18 deletion or use of any MATTEL line list or other DOCUMENT prepared by

19 MATTEL identifying MATTEL products in the planning, design or development

20 phase.

21

22 **REQUEST FOR PRODUCTION NO. 207:**

23         DOCUMENTS sufficient to IDENTIFY each account with any bank or

24 financial institution that YOU have or have had, or that YOU have or have had any

25 legal or beneficial interest in, since January 1, 1999.

26

27

28

07209/2142932.1

EXHIBIT __1__, PAGE __54__

-51-

1  REQUEST FOR PRODUCTION NO. 208:

2          Documents sufficient to establish YOUR gross income, and the sources

3  of that gross income, for the years 1999 through the present, inclusive.

4

5  REQUEST FOR PRODUCTION NO. 209:

6          YOUR federal and state tax returns for each of the years 1999 through

7  the present, inclusive.

8

9  REQUEST FOR PRODUCTION NO. 210:

10          DOCUMENTS sufficient to IDENTIFY each telephone subscription

11  service account that YOU have or have had, or that YOU use or have used, since

12  January 1, 1999.

13

14  REQUEST FOR PRODUCTION NO. 211:

15          All MATTEL DOCUMENTS that BRYANT or any other PERSON

16  has shown, given, provided, summarized or otherwise communicated to YOU or

17  MGA (whether directly or indirectly) at any time since January 1, 1999.

18

19  REQUEST FOR PRODUCTION NO. 212:

20          All DOCUMENTS that YOU knew or were informed that, or ever had

21  any reason to believe, had been or were created by or originated from MATTEL,

22  other than MATTEL products that YOU or MGA purchased at retail.

23

24  REQUEST FOR PRODUCTION NO. 213:

25          All COMMUNICATIONS between YOU and any PERSON

26  RELATING TO the retention or destruction of DOCUMENTS or DIGITAL

27  INFORMATION between January 1, 1999 and the present.

28

07209/2142932.1

-52-

EXHIBIT

55

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO CARTER BRYANT / MGA / ISAAC LARIAN

PAGE

1  REQUEST FOR PRODUCTION NO. 214:

2       All DOCUMENTS RELATING TO any facts underlying any of

3  YOUR defenses in this ACTION.

4

5  REQUEST FOR PRODUCTION NO. 215:

6       All doll heads, sculpts, prototypes, models, samples and tangible items

7  RELATING TO any facts underlying any of YOUR defenses in this ACTION.

8

9  REQUEST FOR PRODUCTION NO. 216:

10      All DOCUMENTS RELATING TO any facts underlying the claims for

11 relief in MATTEL's Complaint (including without limitation its Counterclaims)

12 against YOU or any other PERSON in this ACTION.

13

14 REQUEST FOR PRODUCTION NO. 217:

15      All doll heads, sculpts, prototypes, models, samples and tangible items

16 RELATING TO any facts underlying the claims for relief in MATTEL's Complaint

17 (including without limitation its Counterclaims) against YOU or any other PERSON

18 in this ACTION.

19

20 REQUEST FOR PRODUCTION NO. 218:

21      All DOCUMENTS RELATING TO any testing of or sampling from

22 any DOCUMENTS RELATING TO BRATZ or BRYANT, including without

23 limitation any such testing or sampling in connection with any ink, paper or

24 chemical analysis to date any such DOCUMENTS and including without limitation

25 all results and reports relating thereto.

26

27

28

07209/2142932.1

EXHIBIT __|__ , PAGE __5__

-53-

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

1   <u>REQUEST FOR PRODUCTION NO. 219</u>:

2        All DOCUMENTS RELATING TO YOUR knowledge of any testing

3   of or sampling from any DOCUMENTS RELATING TO BRATZ or BRYANT.

4

5   <u>REQUEST FOR PRODUCTION NO. 220</u>:

6        All DOCUMENTS RELATING TO Erich Speckin.

7

8   <u>REQUEST FOR PRODUCTION NO. 221</u>:

9        All DOCUMENTS RELATING TO YOUR payment of, or offer,

10   promise or agreement to pay, fees or costs in connection with the representation of

11   or provision of legal advice or legal services to any PERSON who is not, as of June

12   8, 2007, an MGA employee, including without limitation all contracts and

13   agreements RELATING thereto, the amounts YOU have so paid or agreed to pay to

14   such PERSON and the dates on which such payments were made.

15

16   <u>REQUEST FOR PRODUCTION NO. 222</u>:

17        Each STORAGE DEVICE that YOU have used to create, prepare,

18   generate, copy, transmit, receive, delete or modify any DIGITAL INFORMATION

19   RELATING TO BRATZ, ANGEL or BRYANT.

20

21   <u>REQUEST FOR PRODUCTION NO. 223</u>:

22        DOCUMENTS sufficient to IDENTIFY each STORAGE DEVICE that

23   YOU have used to create, prepare, generate, copy, transmit, receive, delete or

24   modify any DIGITAL INFORMATION RELATING TO BRATZ, ANGEL or

25   BRYANT.

26

27

28

EXHIBIT <u>1</u>, PAGE <u>57</u>

1  REQUEST FOR PRODUCTION NO. 224:

2          All DOCUMENTS RELATING TO the purchase, acquisition,

3  installation, transfer, shipment, destruction or disposition of each STORAGE

4  DEVICE that YOU have used to create, prepare, generate, copy, transmit, receive,

5  delete or modify any DIGITAL INFORMATION RELATING TO BRATZ,

6  ANGEL or BRYANT.

7

8  REQUEST FOR PRODUCTION NO. 225:

9          Each STORAGE DEVICE that BRYANT has used to create, prepare,

10  generate, copy, transmit, receive, delete or modify any DIGITAL INFORMATION

11  RELATING TO BRATZ, ANGEL or MGA.

12

13  REQUEST FOR PRODUCTION NO. 226:

14          DOCUMENTS sufficient to IDENTIFY each STORAGE DEVICE that

15  BRYANT has used to create, prepare, generate, copy, transmit, receive, delete or

16  modify any DIGITAL INFORMATION RELATING TO BRATZ, ANGEL, YOU

17  or MGA.

18

19  REQUEST FOR PRODUCTION NO. 227:

20          All DOCUMENTS RELATING TO the purchase, acquisition,

21  installation, transfer, shipment, destruction or disposition of each STORAGE

22  DEVICE that BRYANT has used to create, prepare, generate, copy, transmit,

23  receive, delete or modify any DIGITAL INFORMATION RELATING TO BRATZ,

24  ANGEL, YOU or MGA.

25

26  REQUEST FOR PRODUCTION NO. 228:

27          All DOCUMENTS RELATING TO the purchase, acquisition,

28  installation, transfer, shipment, destruction or disposition of each STORAGE

1   DEVICE that BRYANT has used to create, prepare, generate, copy, transmit,

2   receive, delete or modify any DIGITAL INFORMATION.

3

4   REQUEST FOR PRODUCTION NO. 229:

5           DOCUMENTS sufficient to identify by product name, product number

6   and SKU each BRATZ PRODUCT including without limitation each BRATZ

7   DOLL, sold by MGA or its licensees.

8

9   REQUEST FOR PRODUCTION NO. 230:

10           DOCUMENTS sufficient to show the number of units of each BRATZ

11   DOLL sold by MGA or its licensees.

12

13   REQUEST FOR PRODUCTION NO. 231:

14           DOCUMENTS sufficient to show the revenue received by YOU from

15   the sale of each BRATZ DOLL sold by MGA or its licensees.

16

17   REQUEST FOR PRODUCTION NO. 232:

18           DOCUMENTS sufficient to show YOUR cost of goods sold, unit cost

19   and other costs for each BRATZ DOLL sold by MGA or its licensees.

20

21   REQUEST FOR PRODUCTION NO. 233:

22           All DOCUMENTS that evidence, reflect or REFER OR RELATE TO

23   YOUR profits from the sale of each BRATZ DOLL sold by MGA or its licensees.

24

25   REQUEST FOR PRODUCTION NO. 234:

26           For each customer to whom YOU or YOUR licensees have ever sold

27   any BRATZ DOLL, DOCUMENTS sufficient to show the number of units of each

28   such BRATZ DOLL sold by MGA or its licensees to that customer.

1  **REQUEST FOR PRODUCTION NO. 235:**

2         For each customer to whom YOU or YOUR licensees have ever sold

3  any BRATZ DOLL, documents sufficient to show the revenue received by YOU

4  from each such BRATZ DOLL sold by MGA or its licensees to that customer.

5

6  **REQUEST FOR PRODUCTION NO. 236:**

7         For each customer to whom YOU or YOUR licensees have ever sold

8  any BRATZ DOLL, documents sufficient to show YOUR profits from each such

9  BRATZ DOLL sold by MGA or its licensees to that customer.

10

11  **REQUEST FOR PRODUCTION NO. 237:**

12         DOCUMENTS sufficient to show customer returns to YOU of BRATZ

13  DOLLS sold or distributed by MGA or its licensees.

14

15  **REQUEST FOR PRODUCTION NO. 238:**

16         DOCUMENTS sufficient to show customer rebates or credits given by

17  MGA or its licensees to customers in connection with BRATZ DOLLS.

18

19  **REQUEST FOR PRODUCTION NO. 239:**

20         DOCUMENTS sufficient to show, by product number or SKU, the

21  number of units of each BRATZ DOLL sold by MGA or its licensees.

22

23  **REQUEST FOR PRODUCTION NO. 240:**

24         DOCUMENTS sufficient to show, by product number or SKU, the

25  revenue received by YOU from the sale of each BRATZ DOLL sold by MGA or its

26  licensees.

27

28

**EXHIBIT __1__ , PAGE 60**

07209/2142932.1

-57-

1  REQUEST FOR PRODUCTION NO. 241:

2        DOCUMENTS sufficient to show, by product number or SKU, YOUR

3  cost of goods sold, unit cost and other costs for each BRATZ DOLL sold by MGA

4  or its licensees.

5

6  REQUEST FOR PRODUCTION NO. 242:

7        All DOCUMENTS that evidence, reflect or REFER OR RELATE TO

8  YOUR profits, by product number or SKU, from the sale of each BRATZ DOLL

9  sold by MGA or its licensees.

10

11 REQUEST FOR PRODUCTION NO. 243:

12       For each customer to whom YOU or YOUR licensees have ever sold

13 any BRATZ DOLL, DOCUMENTS sufficient to show, by product number or SKU,

14 the number of units of each such BRATZ DOLL sold by MGA or its licensees to

15 that customer.

16

17 REQUEST FOR PRODUCTION NO. 244:

18       For each customer to whom YOU or YOUR licensees have ever sold

19 any BRATZ DOLL, DOCUMENTS sufficient to show, by product number or SKU,

20 the revenue received by YOU from each such BRATZ DOLL sold by MGA or its

21 licensees to that customer.

22

23 REQUEST FOR PRODUCTION NO. 245:

24       For each customer to whom YOU or YOUR licensees have ever sold

25 any BRATZ DOLL, DOCUMENTS sufficient to show, by product number or SKU,

26 YOUR profits from each such BRATZ DOLL sold by MGA or its licensees to that

27 customer.

28

EXHIBIT ___1___ , PAGE __61__

07209/2142932.1

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

1   REQUEST FOR PRODUCTION NO. 246:

2           DOCUMENTS sufficient to show the revenue and profits derived by

3   YOU from the sale by MGA or its licensees of BRATZ DOLLS including, without

4   limitation, DOCUMENTS sufficient to show sales revenue, costs of goods sold,

5   variable costs, gross margins, royalties paid and received, gross profits and nets

6   profits.

7

8   REQUEST FOR PRODUCTION NO. 247:

9           DOCUMENTS sufficient to show the number of units of each BRATZ

10  PRODUCT sold by MGA or its licensees.

11

12  REQUEST FOR PRODUCTION NO. 248:

13          DOCUMENTS sufficient to show the revenue received by YOU from

14  the sale of each BRATZ PRODUCT sold by MGA or its licensees.

15

16  REQUEST FOR PRODUCTION NO. 249:

17          DOCUMENTS sufficient to show YOUR cost of goods sold, unit cost

18  and other costs for each BRATZ PRODUCT sold by MGA or its licensees.

19

20  REQUEST FOR PRODUCTION NO. 250:

21          All DOCUMENTS that evidence, reflect or REFER OR RELATE TO

22  YOUR profits from the sale of each BRATZ PRODUCT sold by MGA or its

23  licensees.

24

25  REQUEST FOR PRODUCTION NO. 251:

26          DOCUMENTS sufficient to IDENTIFY all customers to whom MGA

27  or its licensees have ever sold any BRATZ PRODUCT.

28

EXHIBIT __1__ , PAGE __62__

**REQUEST FOR PRODUCTION NO. 252:**

For each customer to whom MGA or its licensees have ever sold any BRATZ PRODUCT, DOCUMENTS sufficient to show the number of units of each such BRATZ PRODUCT sold by MGA or its licensees to that customer.

**REQUEST FOR PRODUCTION NO. 253:**

For each customer to whom MGA or its licensees have ever sold any BRATZ PRODUCT, documents sufficient to show the revenue received by YOU from each such BRATZ PRODUCT sold by MGA or its licensees to that customer.

**REQUEST FOR PRODUCTION NO. 254:**

For each customer to whom MGA or its licensees have ever sold any BRATZ PRODUCT, documents sufficient to show YOUR profits from each such BRATZ PRODUCT sold by MGA or its licensees to that customer.

**REQUEST FOR PRODUCTION NO. 255:**

DOCUMENTS sufficient to show customer returns to MGA of BRATZ PRODUCTS sold or distributed by MGA or its licensees.

**REQUEST FOR PRODUCTION NO. 256:**

DOCUMENTS sufficient to show customer rebates and credits given by MGA or its licensees to customers in connection with BRATZ PRODUCTS.

**REQUEST FOR PRODUCTION NO. 257:**

DOCUMENTS sufficient to show, by product number or SKU, the number of units of each BRATZ PRODUCT sold by MGA or its licensees.

EXHIBIT __l__ , PAGE 63

07209/2142932.1

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

1  REQUEST FOR PRODUCTION NO. 258:

2       DOCUMENTS sufficient to show, by product number or SKU, the

3  revenue received by YOU from the sale of each BRATZ PRODUCT sold by MGA

4  or its licensees.

5

6  REQUEST FOR PRODUCTION NO. 259:

7       DOCUMENTS sufficient to show, by product number or SKU, YOUR

8  cost of goods sold, unit cost and other costs for each BRATZ PRODUCT sold by

9  MGA or its licensees.

10

11  REQUEST FOR PRODUCTION NO. 260:

12       All DOCUMENTS that evidence, reflect or REFER OR RELATE TO

13  YOUR or MGA's profits, by product number or SKU, from the sale of each BRATZ

14  PRODUCT sold by MGA or its licensees.

15

16  REQUEST FOR PRODUCTION NO. 261:

17       For each customer to whom MGA or its licensees have ever sold any

18  BRATZ PRODUCT, DOCUMENTS sufficient to show, by product number or

19  SKU, the number of units of each such BRATZ PRODUCT sold by MGA or its

20  licensees to that customer.

21

22  REQUEST FOR PRODUCTION NO. 262:

23       For each customer to whom MGA or its licensees have ever sold any

24  BRATZ PRODUCT, DOCUMENTS sufficient to show, by product number or

25  SKU, the revenue received by YOU from each such BRATZ PRODUCT sold by

26  MGA or its licensees to that customer.

27

28                             **EXHIBIT __l__ , PAGE 64**

1  REQUEST FOR PRODUCTION NO. 263:

2        DOCUMENTS sufficient to show the revenue and profits derived by

3  YOU or MGA from the sale by YOU, MGA or its licensees of BRATZ

4  PRODUCTS including, without limitation, DOCUMENTS sufficient to show sales

5  revenue, costs of goods sold, variable costs, gross margins, royalties paid and

6  received, gross profits and nets profits.

7

8  REQUEST FOR PRODUCTION NO. 264:

9        DOCUMENTS sufficient to show the revenue and profits derived by

10  YOU or MGA from BRATZ MOVIES including, without limitation,

11  DOCUMENTS sufficient to show sales revenue, costs of goods sold, variable costs,

12  gross margins, royalties paid and received, gross profits and net profits.

13

14  REQUEST FOR PRODUCTION NO. 265:

15        DOCUMENTS sufficient to show the revenue and profits derived by

16  YOU or MGA from BRATZ TELEVISION SHOWS including, without limitation,

17  DOCUMENTS sufficient to show sales revenue, costs of goods sold, variable costs,

18  gross margins, royalties paid and received, gross profits and net profits.

19

20  REQUEST FOR PRODUCTION NO. 266:

21        All quarterly and annual profit and loss statements for BRATZ.

22

23  REQUEST FOR PRODUCTION NO. 267:

24        All sales, profit and cash flow projections or forecasts for BRATZ

25  DOLLS, BRATZ PRODUCTS, BRATZ MOVIES and BRATZ TELEVISION

26  SHOWS.

27

28

07209/2142932.1

EXHIBIT __1__, PAGE 65

-62-

1  REQUEST FOR PRODUCTION NO. 268:

2          All DOCUMENTS that REFER OR RELATE TO the value of the

3  BRATZ brand.

4

5  REQUEST FOR PRODUCTION NO. 269:

6          DOCUMENTS sufficient to show or calculate YOUR net worth on a

7  yearly basis for each year from 1999 to the present.

8

9  REQUEST FOR PRODUCTION NO. 270:

10          All DOCUMENTS that evidence, reflect or REFER OR RELATE TO

11  the BRATZ DOLL's share of the fashion doll market including, without limitation,

12  the extent to which Bratz has been or is gaining or losing market share in the fashion

13  doll market.

14

15  REQUEST FOR PRODUCTION NO. 271:

16          DOCUMENTS sufficient to show each of YOUR position(s), titles and

17  functions with and relationship to MGA, including without limitation with or to

18  MGA Entertainment HK Limited and MGAE de Mexico, S.r.l. de C.V.

19

20  REQUEST FOR PRODUCTION NO. 272:

21          All DOCUMENTS RELATING TO the ownership of MGA

22  Entertainment HK Limited.

23

24

25

26

27

28

EXHIBIT ___(___ , PAGE _66_

1 | REQUEST FOR PRODUCTION NO. 273:

2 |      All DOCUMENTS RELATING TO the ownership of MGAE de

3 | Mexico, S.r.l. de C.V.

4 |

5 | REQUEST FOR PRODUCTION NO. 274:

6 |      An electronic copy of each DOCUMENT that YOU have produced in

7 | this action, or that is responsive to these Requests, that is or was created, prepared,

8 | generated, maintained or transmitted in digital form.

9 |

10 | REQUEST FOR PRODUCTION NO. 275:

11 |      The metadata for each DOCUMENT that YOU have produced in this

12 | action, or that is responsive to these Requests, that is or was created, prepared,

13 | generated, maintained or transmitted in digital form.

14 |

15 | REQUEST FOR PRODUCTION NO. 276:

16 |      To the extent not produced in response to any other Request for

17 | Production, all DOCUMENTS and tangible things upon which YOU intend to rely

18 | in this ACTION.

19 |

20 | DATED:  June 13, 2007       QUINN EMANUEL URQUHART OLIVER &

21 |                         HEDGES, LLP

22 |

23 |                   By _Michael T. Zeller/_

24 |                      Michael T. Zeller
                     Attorneys for Mattel, Inc.

25 |

26 |

27 |

28 |

EXHIBIT __1__, PAGE __67__

-64-

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

07209/2142932.1

1

**PROOF OF SERVICE**

2      I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa

3   Street, 10th Floor, Los Angeles, California 90017-2543.

4      On June 13, 2007, I served true copies of the following document(s) described as **MATTEL, INC.'S FIRST SET OF REQUESTS FOR DOCUMENTS AND THINGS TO**

5   **ISAAC LARIAN** on the parties in this action as follows:

6

7   John W. Keker, Esq.
    Michael H. Page, Esq.

8   Christa M. Anderson, Esq.
    KEKER & VAN NEST, LLP

9   710 Sansome Street
    San Francisco, California 94111

10

11

12   **BY MAIL:** I am "readily familiar" with the practices of Quinn Emanuel Urquhart Oliver & Hedges for collecting and processing correspondence for mailing with the United States Postal

13   Service. Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business. I enclosed the foregoing in sealed envelope(s)

14   addressed as shown above, and such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Los Angeles, California, on that same day following ordinary

15   business practices.

16      I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

17

18      Executed on June 13, 2007, at Los Angeles, California.

19                                          _Elaine Chavarria_

20                                          Elaine Chavarria

21

22

23

24

25

26

27

28

**EXHIBIT** __1__, **PAGE** __68__

09819/2143538.1

1

## PROOF OF SERVICE

2     I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa
3 Street, 10th Floor, Los Angeles, California 90017-2543.

4     On June 13, 2007, I served true copies of the following document(s) described as **MATTEL, INC'.S FIRST SET OF REQUESTS FOR DOCUMENTS AND THINGS TO**
5 **ISAAC LARIAN** on the parties in this action as follows:

6

7     Diana M. Torres, Esq.
    O'Melveny & Myers, LLP
8     400 South Hope Street
    Los Angeles, California  90071
9

10

11 **BY PERSONAL SERVICE:**  I delivered such envelope(s) by hand to the office of the person(s) being served.

12     I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

13

14     Executed on June 13, 2007, at Los Angeles, California.

15

16                DAVE QUINTANA

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT __1__, PAGE __69__

**Exhibit  2**

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

August 3, 2007

<u>VIA FACSIMILE AND U.S. MAIL</u>

Diana M. Torres, Esq.
O'Melveny & Myers LLP
400 South Hope Street
Los Angeles, CA  90071

Re:   <u>Mattel, Inc. v. MGA Entertainment, Inc.</u>

Dear Diana:

I write pursuant to section 5 of the Discovery Master Stipulation to request that counsel for Isaac Larian meet and confer regarding Mattel's First Set of Requests for Documents and Things to Mr. Larian (the "Requests").

The Requests were hand served on June 13, 2007.  As I pointed out in my email of earlier today (and to which I received no response), however, we have no record of receiving any written responses or objections from Mr. Larian to the Requests.  If Mr. Larian in fact timely served written responses and objections, please provide us with a copy.  If he did not, please be prepared to discuss at the meet and confer why the failure did not constitute a waiver of all objections.

As a separate issue, Mr. Larian does not appear to have started producing documents in response to the Requests.  Please be prepared to discuss at the meet and confer whether Mr. Larian will actually be producing documents and, if so, when.

quinn emanuel urquhart oliver & hedges, llp

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

EXHIBIT _2_ , PAGE _70_

Please let me know when Mr. Larian's counsel is available to meet and confer on these issues within the time required.  I look forward to hearing from you.

Very truly yours,

Michael T. Zeller

07209/2047722.1

2

EXHIBIT __2__, PAGE __71__

From: Michael T Zeller
To: Charron, William <WCharron@OMM.com>
Cc: Jon Corey; Timothy Alger; Dylan Proctor
Sent: Mon Aug 06 12:11:15 2007
Subject: Larian doc request

Bill, further to our conversation of Friday night, this will confirm that we agree to Mr. Larian's request through the end of today to get us objections/responses to the document requests that had been served back in June.  Please let me know if you have any questions or concerns.

Michael T. Zeller
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3180
Main Phone: (213) 443-3000
Main Fax:  (213) 443-3100
E-mail:  michaelzeller@quinnemanuel.com <mailto:michaelzeller@quinnemanuel.com>

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above.  This message may be an attorney-client communication and/or work product and as such is privileged and confidential.  If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

1

EXHIBIT 2 , PAGE 72

**Exhibit 3**

CALENDARED

RECEIVED

AUG 0 9 2007

1   DALE M. CENDALI (admitted *pro hac vice*)
    DIANA M. TORRES (S.B. #162284)
2   WILLIAM J. CHARRON (S.B. #220518)
    O'MELVENY & MYERS LLP
3   400 South Hope Street
    Los Angeles, CA 90071-2899
4   Telephone: (213) 430-6000
    Facsimile: (213) 430-6407
5   wcharron@omm.com

6   PATRICIA GLASER (S.B. #55668)
    CHRISTENSEN, GLASER, FINK,
7   JACOBS, WEIL & SHAPIRO, LLP
    10250 Constellation Boulevard, 19th Floor
8   Los Angeles, CA 90067
    Telephone: (310) 553-3000
9   Facsimile: (310) 557-9815

10  Attorneys for MGA Entertainment, Inc.

11              UNITED STATES DISTRICT COURT

12             CENTRAL DISTRICT OF CALIFORNIA

13                  EASTERN DIVISION

14

15  CARTER BRYANT, an individual,        Case No. CV 04-9049 SGL (RNBx)
                                         (consolidated with 04-9059 and 05-
16              Plaintiff,               2727)

17       v.                             **Isaac Larian's Responses To Mattel,**
                                        **Inc.'s First Set Of Requests For**
18  MATTEL, INC., a Delaware            **Documents And Things**
    Corporation,
19
                Defendant.
20

21  AND CONSOLIDATED ACTIONS

22

23

24

25

26

27

28
                                        LARIAN'S RESPONSE TO MATTEL'S 1ST
                                        SET OF REQUESTS FOR PRODUCTION
                                        CV 04-9049 SGL (RNBX)

EXHIBIT __3__, PAGE __73__

## PRELIMINARY STATEMENT

Defendant Isaac Larian ("Larian") has not yet completed his investigation relating to the facts of this action and has not completed preparation for trial.  Larian makes its response to these document requests ("requests," or individually, "request") based upon the information presently available to him and without prejudice to his right to amend or supplement his responses and to present evidence which may hereafter be discovered or become available.

Larian will respond to each request as he understands and interprets each request.  If Mattel, Inc. ("Mattel") subsequently asserts any interpretation of any request that differs from that of Larian, Larian reserves the right to supplement his objections and responses.

By making these responses, Larian does not concede that any of the information sought by these requests is relevant or discoverable.  Larian makes these responses and objections without waiving or intending to waive but rather, on the contrary, preserving and intending to preserve:  (a) the right to object on any grounds to the use or introduction into evidence of the documents or information provided in response to these requests; (b) the right to object to the use of the documents or information provided in response to the requests in any subsequent proceeding in, or the arbitration of this or any other action; and (c) the right to object on any ground at any time to other requests or further discovery into any of the subject matters addressed in these requests or the responses thereto.

Larian shall not provide any privileged or protected information, including without limitation, information protected by the attorney-client privilege or the attorney work product doctrine, and nothing herein may be construed as a waiver of any applicable privilege or protection.  Any inadvertent production of privileged or protected documents or information shall not be construed as a waiver of any privilege or protection attaching thereto and Larian reserves the right to correct the record with regard to any such information and to supplement or amend

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 3 , PAGE 74

1   these responses, which supplemental or amended response shall become the
2   operative response.

3                    **GENERAL OBJECTIONS**

4           1.      Larian objects to each and every request on the ground that
5   production at the date and time demanded will subject Larian to unwarranted
6   oppression and undue burden and expenses.  The time set for compliance is unduly
7   burdensome, especially in light of the number of document requests, and the scope
8   and volume of the material being sought.  Larian intends to proceed expeditiously
9   to collect the documents for production, if any, and will produce them at a date and
10  time, and in such a manner, as may be mutually agreed by counsel for the parties.

11          2.      Larian objects to each request to the extent that it seeks
12  information protected from discovery by the attorney-client privilege, work-product
13  doctrine, right to privacy, or any other applicable privilege.

14          3.      Larian objects to each request to the extent that it seeks the
15  disclosure of confidential, proprietary or trade-secret information.  Should such
16  documents be otherwise responsive, Larian will produce such documents subject to
17  the terms and conditions of the protective order governing this case.

18          4.      Larian objects to each request to the extent that it seeks
19  documents in Mattel's own possession, custody or control or that are accessible to
20  Mattel from public sources or from third parties.

21          5.      Larian objects to each request to the extent that it asks for
22  documents that are not relevant to claims or defenses in this case.

23          6.      Larian objects to each and every request to the extent it purports
24  to require Larian to search all documents and things within his possession, custody
25  or control or within the possession, custody, or control of any of Larian's or MGA's
26  current or former employees, officers, directors, agents, representatives, attorneys,
27  parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-
28  in-interest, and any other person acting on his behalf, pursuant to his authority or

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

**EXHIBIT  3 , PAGE 76**

1  subject to his control, on the grounds that such request is unreasonable, overbroad,

2  unduly burdensome and oppressive, violates the right of privacy, and purports to

3  require Larian to search for documents not within his possession, custody, or

4  control.  Larian will make a reasonably diligent search for responsive documents

5  within his possession, custody, or control.

6        7.  Larian objects to each and every request to the extent its seeks

7  "all documents" responsive to a certain category on the grounds that such request is

8  overbroad and unduly burdensome and oppressive.  On grounds of oppression and

9  undue burden, Larian will not respond to duplicative or cumulative requests and

10  will not re-produce documents it has already produced or produce documents that it

11  has received from Mattel or others in the course of discovery in this matter.

12        8.  Larian objects to each request to the extent it seeks documents

13  not within Larian's possession, custody, or control.

14        9.  Larian objects to the defined terms "You," "Your," and "Larian"

15  on the grounds that these terms, as defined, are overbroad, are vague and

16  ambiguous, and call for legal conclusions.

17        10.  Larian objects to the defined terms "Bratz," "Angel," "Bratz

18  Doll," "Bratz Product," "Bratz License," "Bratz Movie," and "Bratz Television

19  Show" on the grounds that these terms, as defined, are overbroad, are vague and

20  ambiguous, and call for legal conclusions.

21        11.  Larian objects to the defined term "Family Member"on the

22  grounds that this term, as defined, is overbroad, vague, and ambiguous, and calls

23  for legal conclusions.  Larian will interpret the term "Family Member" to be those

24  individuals he knows or believes to be family members of the person at issue.

25        **SPECIFIC OBJECTIONS AND RESPONSES**

26

27  **REQUEST FOR PRODUCTION NO. 1:**

28        All DOCUMENTS prepared, drafted, written, transmitted or received

- 4 -

EXHIBIT __3__ , PAGE __76__

1  (whether in whole or in part) prior to December 31, 2001 RELATING TO BRATZ.

2  **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

3         Larian incorporates by reference the above-stated general objections as

4  if fully set forth herein.  Larian also specifically objects to this request on the

5  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

6  information not relevant to the subject matter of this lawsuit or reasonably

7  calculated to lead to the discovery of admissible evidence.  Larian also specifically

8  objects to this request on the grounds that it seeks confidential, proprietary, or

9  commercially sensitive information, the disclosure of which would be inimical to

10  the business interests of Larian and one or more third parties.  Larian also objects to

11  this request to the extent it calls for the disclosure of attorney-client privileged

12  information or information protected from disclosure by the work product doctrine,

13  joint defense or common interest privilege, or other privilege.  Larian also objects

14  to this request to the extent it calls for documents that are within the possession,

15  custody or control of MGA, as opposed to Mr. Larian personally.

16  **REQUEST FOR PRODUCTION NO. 2:**

17         All DOCUMENTS RELATING TO BRATZ and RELATING TO any

18  time prior to December 31, 2001 (regardless of when such DOCUMENT was

19  prepared, written, transmitted or received, whether in whole or in part).

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

21         Larian incorporates by reference the above-stated general objections as

22  if fully set forth herein.  Larian also specifically objects to this request on the

23  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

24  information not relevant to the subject matter of this lawsuit or reasonably

25  calculated to lead to the discovery of admissible evidence.  Larian also specifically

26  objects to this request on the grounds that it seeks confidential, proprietary, or

27  commercially sensitive information, the disclosure of which would be inimical to

28  the business interests of Larian and one or more third parties.  Larian further objects

- 5 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT _3_ , PAGE _77_

1   to this request in the grounds that it is vague and ambiguous in that Larian cannot

2   determine what is meant by the phrase "relating to Bratz and relating to any time

3   prior to December 31, 2001." Larian also objects to this request to the extent it

4   calls for the disclosure of attorney-client privileged information or information

5   protected from disclosure by the work product doctrine, joint defense or common

6   interest privilege, or other privilege.

7   **REQUEST FOR PRODUCTION NO. 3:**

8            All DOCUMENTS RELATING TO the origin(s), conception and

9   creation of BRATZ, including without limitation all DOCUMENTS RELATING

10  TO the timing and the method and manner in which BRATZ first came to YOUR

11  or MGA's attention.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

13           Larian incorporates by reference the above-stated general objections as

14  if fully set forth herein. Larian also specifically objects to this request on the

15  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

16  information not relevant to the subject matter of this lawsuit or reasonably

17  calculated to lead to the discovery of admissible evidence. Larian also specifically

18  objects to this request on the grounds that it seeks confidential, proprietary, or

19  commercially sensitive information, the disclosure of which would be inimical to

20  the business interests of Larian and one or more third parties. Larian also objects to

21  this request to the extent it seeks documents not within Larian's possession,

22  custody, or control. Larian also objects to this request to the extent it calls for the

23  disclosure of attorney-client privileged information or information protected from

24  disclosure by the work product doctrine, joint defense or common interest privilege,

25  or other privilege.

26           Subject to the foregoing, Larian will produce any personal documents

27  that are relevant and responsive to the request, if any, and that have not already

28  been produced, that he discovers in the course of his reasonable search and diligent

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT __3__ , PAGE __78__

1  inquiry, which are within the permissible scope of discovery, and to which no

2  privilege or other protection applies, including without limitation, the attorney-

3  client privilege or attorney's work product doctrine.

4  **REQUEST FOR PRODUCTION NO. 4:**

5       All DOCUMENTS RELATING TO the modeling, prototyping,

6  rotocasting, sculpting or DESIGN of BRATZ at any time prior to June 30, 2001,

7  including without limitation all DOCUMENTS RELATING to the creation,

8  preparation or modification of any three-dimensional representation of BRATZ.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

10       Larian incorporates by reference the above-stated general objections as

11  if fully set forth herein.  Larian also specifically objects to this request on the

12  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

13  information not relevant to the subject matter of this lawsuit or reasonably

14  calculated to lead to the discovery of admissible evidence.  Larian also specifically

15  objects to this request on the grounds that it seeks confidential, proprietary, or

16  commercially sensitive information, the disclosure of which would be inimical to

17  the business interests of Larian and one or more third parties.  Larian also objects to

18  this request to the extent it seeks information the disclosure of which would

19  implicate the rights of third parties to protect private, confidential, proprietary or

20  trade secret information.  Larian further objects to this request in the grounds that it

21  is vague and ambiguous in that Larian cannot determine what is meant by

22  "modeling, prototyping, rotocasting, sculpting, or design of Bratz."  Larian also

23  objects to this request to the extent it seeks documents not within Larian's

24  possession, custody, or control.  Larian also objects to this request to the extent it

25  calls for the disclosure of attorney-client privileged information or information

26  protected from disclosure by the work product doctrine, joint defense or common

27  interest privilege, or other privilege.

28       Subject to the foregoing, Larian will produce any personal documents

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT __3__, PAGE __79__

1   that are relevant and responsive to the request, if any, and that have not already

2   been produced, that he discovers in the course of his reasonable search and diligent

3   inquiry, which are within the permissible scope of discovery, and to which no

4   privilege or other protection applies, including without limitation, the attorney-

5   client privilege or attorney's work product doctrine.

6   **REQUEST FOR PRODUCTION NO. 5:**

7        All DOCUMENTS RELATING TO any payment or transfer of

8   anything of value made to or on behalf of BRYANT for any DESIGN that

9   BRYANT assigned or transferred to YOU or MGA prior to October 21, 2000,

10  regardless of when such payment was actually made.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

12       Larian incorporates by reference the above-stated general objections as

13  if fully set forth herein.  Larian also specifically objects to this request on the

14  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

15  information not relevant to the subject matter of this lawsuit or reasonably

16  calculated to lead to the discovery of admissible evidence.  Larian also objects to

17  this request on the grounds that it is vague and ambiguous in that Larian cannot

18  determine what is meant by "payments made . . . on behalf of Bryant."  Larian also

19  objects to this request on the grounds that it seeks confidential, proprietary or

20  commercially sensitive information, the disclosure of which would be inimical to

21  the business interests of Larian and one or more third parties.  Larian further objects

22  to this request to the extent it seeks information the disclosure of which would

23  implicate the rights of third parties to protect private, confidential, proprietary or

24  trade secret information.   Larian also objects to this request to the extent it calls for

25  the disclosure of attorney-client privileged information or information protected

26  from disclosure by the work-product doctrine, joint defense or common interest

27  privilege, or other privilege.

28       Subject to the foregoing, Larian will produce any personal documents

EXHIBIT 3 , PAGE 80

1   that are relevant and responsive to the request, if any, and that have not already

2   been produced, that he discovers in the course of his reasonable search and diligent

3   inquiry, which are within the permissible scope of discovery, and to which no

4   privilege or other protection applies, including without limitation, the attorney-

5   client privilege or attorney's work product doctrine.

6   **REQUEST FOR PRODUCTION NO. 6:**

7          All DOCUMENTS that RELATING TO invoices submitted by

8   BRYANT to YOU or MGA prior to January 31, 2001.

9   **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

10         Larian incorporates by reference the above-stated general objections as

11  if fully set forth herein.  Larian also specifically objects to this request on the

12  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

13  information not relevant to the subject matter of this lawsuit or reasonably

14  calculated to lead to the discovery of admissible evidence.  Larian also objects to

15  this request on the grounds that it seeks confidential, proprietary or commercially

16  sensitive information, the disclosure of which would be inimical to the business

17  interests of Larian and one or more third parties.  Larian further objects to this

18  request to the extent it seeks information the disclosure of which would implicate

19  the rights of third parties to protect private, confidential, proprietary or trade secret

20  information.  Larian also objects to this request to the extent it calls for the

21  disclosure of attorney-client privileged information or information protected from

22  disclosure by the work-product doctrine, joint defense or common interest

23  privilege, or other privilege.

24         Subject to the foregoing, Larian will produce any personal documents

25  that are relevant and responsive to the request, if any, and that have not already

26  been produced, that he discovers in the course of his reasonable search and diligent

27  inquiry, which are within the permissible scope of discovery, and to which no

28  privilege or other protection applies, including without limitation, the attorney-

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT __3__ , PAGE _81_

1 | client privilege or attorney's work product doctrine.

2 | **REQUEST FOR PRODUCTION NO. 7:**

3 |      All royalty statements to or for BRYANT.

4 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

5 |      Larian incorporates by reference the above-stated general objections as

6 | if fully set forth herein.  Larian also specifically objects to this request on the

7 | grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

8 | information not relevant to the subject matter of this lawsuit or reasonably

9 | calculated to lead to the discovery of admissible evidence.  Larian also objects to

10 | this request in that it is overbroad, including without limitation, in that is it not

11 | limited as to time of the royalty statements or the product or services to which those

12 | royalty statements relate.  Larian also objects to this request on the grounds that it is

13 | vague and ambiguous, particularly in that Larian cannot determine what is meant by

14 | "royalty statements . . . for BRYANT."  Larian also objects to this request on the

15 | grounds that it seeks confidential, proprietary or commercially sensitive

16 | information, the disclosure of which would be inimical to the business interests of

17 | Larian and one or more third parties.  Larian further objects to this request to the

18 | extent it seeks information the disclosure of which would implicate the rights of

19 | third parties to protect private, confidential, proprietary or trade secret information.

20 | Larian also objects to this request to the extent it calls for the disclosure of attorney-

21 | client privileged information or information protected from disclosure by the work-

22 | product doctrine, joint defense or common interest privilege, or other privilege.

23 |      Subject to the foregoing, Larian will produce any personal documents

24 | that are relevant and responsive to the request, if any, and that have not already

25 | been produced, that he discovers in the course of his reasonable search and diligent

26 | inquiry, which are within the permissible scope of discovery, and to which no

27 | privilege or other protection applies, including without limitation, the attorney-

28 | client privilege or attorney's work product doctrine.

- 10 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT _3_, PAGE 82

1  **REQUEST FOR PRODUCTION NO. 8:**

2        All DOCUMENTS RELATING TO BRYANT'S participation in the

3  conception, creation, DESIGN, development, sculpting, tooling, production or

4  manufacture of BRATZ.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

6        Larian incorporates by reference the above-stated general objections as

7  if fully set forth herein.  Larian also specifically objects to this request on the

8  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

9  information not relevant to the subject matter of this lawsuit or reasonably

10  calculated to lead to the discovery of admissible evidence.  Larian also specifically

11  objects to this request on the grounds that it seeks confidential, proprietary, or

12  commercially sensitive information, the disclosure of which would be inimical to

13  the business interests of Larian and one or more third parties.  Larian also objects to

14  this request to the extent it seeks documents not within Larian's possession, custody

15  or control.  Larian also objects to this request to the extent it calls for the disclosure

16  of attorney-client privileged information or information protected from disclosure

17  by the work product doctrine, joint defense or common interest privilege, or other

18  privilege.

19        Subject to the foregoing, Larian will produce any personal documents

20  that are relevant and responsive to the request, if any, and that have not already

21  been produced, that he discovers in the course of his reasonable search and diligent

22  inquiry, which are within the permissible scope of discovery, and to which no

23  privilege or other protection applies, including without limitation, the attorney-

24  client privilege or attorney's work product doctrine.

25  **REQUEST FOR PRODUCTION NO. 9:**

26        All DOCUMENTS RELATING TO COMMUNICATIONS between

27  YOU or MGA and BRYANT and RELATING TO the period prior to December

28  31, 2001 (regardless of when such document was prepared, written, transmitted or

- 11 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT __3__ , PAGE __83__

1   received, whether in whole or in part), including without limitation all diaries,

2   notes, calendars, logs, phone records and letters, that reflect, record or memorialize

3   or otherwise RELATING TO any such COMMUNICATIONS.

4   **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

5        Larian incorporates by reference the above-stated general objections as

6   if fully set forth herein.  Larian also specifically objects to this request on the

7   grounds that it is overbroad, unduly burdensome, and oppressive in that it seeks

8   information not relevant to the subject matter of this lawsuit or reasonably

9   calculated to lead to the discovery of admissible evidence.  Larian also specifically

10   objects to this request on the grounds that it is overbroad, unduly burdensome, and

11   oppressive in that it seeks all documents relating to communications between

12   Larian or MGA and Bryant and is not otherwise limited as to subject matter.  Larian

13   also objects to this request on the grounds that it is overbroad, unduly burdensome

14   and oppressive including, without limitation, in potentially extending to

15   communications that Bryant may have had with any of MGA's hundreds of

16   employees, agents or representatives, and regardless of whether any such

17   communication is related in any way to the subject matter of this lawsuit, MGA, or

18   MGA's business.  Larian also objects to this request on the grounds that it seeks

19   information in violation of the right of privacy.  Larian also objects to this request

20   on the grounds that it seeks confidential, proprietary or commercially sensitive

21   information, the disclosure of which would be inimical to the business interests of

22   Larian and one or more third parties.  Larian further objects to this request to the

23   extent it seeks information the disclosure of which would implicate the rights of

24   third parties to protect private, confidential, proprietary or trade secret information.

25   Larian also objects to this request to the extent it calls for the disclosure of attorney-

26   client privileged information or information protected from disclosure by the work-

27   product doctrine, joint defense or common interest privilege, or other privilege.

28   Larian also objects to the extent this request seeks documents not in Larian's

-12-

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT __3__, PAGE 84

1 | possession, custody or control.

2 |         Subject to the foregoing, Larian will produce any personal documents

3 | that are relevant and responsive to the request, if any, and that have not already

4 | been produced, that he discovers in the course of his reasonable search and diligent

5 | inquiry, which are within the permissible scope of discovery, and to which no

6 | privilege or other protection applies, including without limitation, the attorney-

7 | client privilege or attorney's work product doctrine.

8 | **REQUEST FOR PRODUCTION NO. 10:**

9 |         All DOCUMENTS RELATING TO COMMUNICATIONS between

10 | YOU or MGA and BRYANT prior to December 31, 2001, including without

11 | limitation all diaries, notes, calendars, logs, phone records and letters, that reflect,

12 | record or memorialize or otherwise RELATING TO any such

13 | COMMUNICATIONS.

14 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

15 |         Larian incorporates by reference the above-stated general objections as

16 | if fully set forth herein.  Larian also specifically objects to this request on the

17 | grounds that it is overbroad, unduly burdensome, and oppressive in that it seeks

18 | information not relevant to the subject matter of this lawsuit or reasonably

19 | calculated to lead to the discovery of admissible evidence.  Larian also specifically

20 | objects to this request on the grounds that it is overbroad, unduly burdensome, and

21 | oppressive in that it seeks all documents relating to communications between

22 | Larian or MGA and Bryant and is not otherwise limited as to subject matter.  Larian

23 | also objects to this request on the grounds that it is overbroad, unduly burdensome

24 | and oppressive, without limitation, in potentially extending to communications that

25 | Bryant may have had with any of MGA's hundreds of employees, agents or

26 | representatives, and regardless of whether any such communication is related in any

27 | way to the subject matter of this lawsuit, MGA, or MGA's business.  Larian also

28 | objects to this request on the grounds that it seeks information in violation of the

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT __3__ , PAGE __85__

1    right of privacy.  Larian also objects to this request on the grounds that it seeks

2    confidential, proprietary or commercially sensitive information, the disclosure of

3    which would be inimical to the business interests of Larian and one or more third

4    parties.  Larian further objects to this request to the extent it seeks information the

5    disclosure of which would implicate the rights of third parties to protect private,

6    confidential, proprietary or trade secret information.  Larian also objects to this

7    request to the extent it calls for the disclosure of attorney-client privileged

8    information or information protected from disclosure by the work-product doctrine,

9    joint defense or common interest privilege, or other privilege.  Larian also objects

10   to the extent this request seeks documents not in Larian's possession, custody or

11   control.

12           Subject to the foregoing, Larian will produce any personal documents

13   that are relevant and responsive to the request, if any, and that have not already

14   been produced, that he discovers in the course of his reasonable search and diligent

15   inquiry, which are within the permissible scope of discovery, and to which no

16   privilege or other protection applies, including without limitation, the attorney-

17   client privilege or attorney's work product doctrine.

18   **REQUEST FOR PRODUCTION NO. 11:**

19           All COMMUNICATIONS between YOU or MGA and BRYANT

20   prior to December 31, 2001.

21   **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

22           Larian incorporates by reference the above-stated general objections as

23   if fully set forth herein.  Larian also specifically objects to this request on the

24   grounds that it is overbroad, unduly burdensome, and oppressive in that it seeks

25   information not relevant to the subject matter of this lawsuit or reasonably

26   calculated to lead to the discovery of admissible evidence.  Larian also specifically

27   objects to this request on the grounds that it is overbroad, unduly burdensome, and

28   oppressive in that it seeks all communications between Larian or MGA and Bryant,

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
- 14 -       CV 04-9049 SGL (RNBX)

EXHIBIT _3_ , PAGE _86_

1    is not otherwise limited as to subject matter.  Larian also objects to this request on

2    the grounds that it is overbroad, unduly burdensome and oppressive, without

3    limitation, in potentially extending to communications that Bryant may have had

4    with any of MGA's hundreds of employees, agents or representatives, and

5    regardless of whether any such communication is related in any way to the subject

6    matter of this lawsuit, MGA, or MGA's business.  Larian also objects to this

7    request on the grounds that it seeks information in violation of the right of privacy.

8    Larian also objects to this request on the grounds that it seeks confidential,

9.   proprietary or commercially sensitive information, the disclosure of which would

10   be inimical to the business interests of Larian and one or more third parties.  Larian

11   further objects to this request to the extent it seeks information the disclosure of

12   which would implicate the rights of third parties to protect private, confidential,

13   proprietary or trade secret information.  Larian also objects to this request to the

14   extent it calls for the disclosure of attorney-client privileged information or

15   information protected from disclosure by the work-product doctrine, joint defense

16   or common interest privilege, or other privilege.  Larian also objects to the extent

17   this request seeks documents not in Larian's possession, custody or control.

18          Subject to the foregoing, Larian will produce any personal documents

19   that are relevant and responsive to the request, if any, and that have not already

20   been produced, that he discovers in the course of his reasonable search and diligent

21   inquiry, which are within the permissible scope of discovery, and to which no

22   privilege or other protection applies, including without limitation, the attorney-

23   client privilege or attorney's work product doctrine.

24   **REQUEST FOR PRODUCTION NO. 12:**

25          All DOCUMENTS RELATING TO COMMUNICATIONS between

26   YOU or MGA and BRYANT prior to December 31, 2001 (regardless of when such

27   DOCUMENT was prepared, written, transmitted or received, whether in whole or

28   in part), including without limitation all diaries, notes, calendars, logs, phone

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT __3__, PAGE __27__

1   records and letters, that reflect, record or memorialize or otherwise RELATING TO

2   any such COMMUNICATIONS.

3   **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

4           Larian incorporates by reference the above-stated general objections as

5   if fully set forth herein.  Larian also specifically objects to this request on the

6   grounds that it is overbroad, unduly burdensome, and oppressive in that it seeks

7   information not relevant to the subject matter of this lawsuit or reasonably

8   calculated to lead to the discovery of admissible evidence.  Larian also specifically

9   objects to this request on the grounds that it is overbroad, unduly burdensome, and

10  oppressive in that it seeks all documents relating to communications between

11  Larian or MGA and Bryant and is not otherwise limited as to subject matter.  Larian

12  also objects to this request on the grounds that it is overbroad, unduly burdensome

13  and oppressive, without limitation, in potentially extending to documents relating to

14  communications that Bryant may have had with any of MGA's hundreds of

15  employees, agents or representatives, and regardless of whether any such

16  communication is related in any way to the subject matter of this lawsuit, MGA, or

17  MGA's business.  Larian also objects to this request on the grounds that it seeks

18  information in violation of the right of privacy.  Larian also objects to this request

19  on the grounds that it seeks confidential, proprietary or commercially sensitive

20  information, the disclosure of which would be inimical to the business interests of

21  Larian and one or more third parties.  Larian further objects to this request to the

22  extent it seeks information the disclosure of which would implicate the rights of

23  third parties to protect private, confidential, proprietary or trade secret information.

24  Larian also objects to this request to the extent it calls for the disclosure of attorney-

25  client privileged information or information protected from disclosure by the work-

26  product doctrine, joint defense or common interest privilege, or other privilege.

27  Larian also objects to the extent this request seeks documents not in Larian's

28  possession, custody or control.

- 16 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT ___3___ , PAGE ___88___

1    Subject to the foregoing, Larian will produce any personal documents
2    that are relevant and responsive to the request, if any, and that have not already
3    been produced, that he discovers in the course of his reasonable search and diligent
4    inquiry, which are within the permissible scope of discovery, and to which no
5    privilege or other protection applies, including without limitation, the attorney-
6    client privilege or attorney's work product doctrine.

7    **REQUEST FOR PRODUCTION NO. 13:**

8    All COMMUNICATIONS RELATING TO BRATZ between YOU or
9    MGA and any PERSON prior to December 31, 2001.

10    **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

11    Larian incorporates by reference the above-stated general objections as
12    if fully set forth herein.  Larian also specifically objects to this request on the
13    grounds that it is overbroad, unduly burdensome, and oppressive in that it seeks
14    information not relevant to the subject matter of this lawsuit or reasonably
15    calculated to lead to the discovery of admissible evidence, including, without
16    limitation, in that it would extend to any communication between anyone at MGA
17    and any other person referring or relating in any way to a wide variety of matter
18    that could potentially be construed as "relating" to Bratz, without regard to whether
19    such communications are at all relevant to any claim or defense at issue in this
20    litigation.  Larian also objects to this request on the grounds that it is overbroad,
21    unduly burdensome and oppressive in that it purports to require Larian to diligently
22    identify every communication that any of MGA's hundreds of employees may have
23    had with any other person referring or relating to this action.  Larian also objects to
24    this request on the grounds that it is overbroad, unduly burdensome and oppressive
25    in that it is not in any way limited as to the persons involved in the
26    communications.  Larian also objects to this request on the grounds that it seeks
27    information in violation of the right of privacy.  Larian also objects to this request
28    on the grounds that it seeks confidential, proprietary or commercially sensitive

- 17 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT ___3___ , PAGE 89

1   information, the disclosure of which would be inimical to the business interests of

2   Larian and one or more third parties.  Larian also objects to this request to the

3   extent it calls for the disclosure of attorney-client privileged information or

4   information protected from disclosure by the work-product doctrine, joint defense

5   or common interest privilege, or other privilege.

6          Subject to the foregoing, Larian will produce any personal documents

7   that are relevant and responsive to the request, if any, and that have not already

8   been produced, that he discovers in the course of his reasonable search and diligent

9   inquiry, which are within the permissible scope of discovery, and to which no

10   privilege or other protection applies, including without limitation, the attorney-

11   client privilege or attorney's work product doctrine.

12   **REQUEST FOR PRODUCTION NO. 14:**

13          All DOCUMENTS RELATING TO COMMUNICATIONS between

14   YOU or MGA and any PERSON and RELATING TO the period prior to

15   December 31, 2001 (regardless of when such DOCUMENT was prepared, written,

16   transmitted or received, whether in whole or in part), including without limitation

17   all diaries, notes, calendars, logs, phone records and letters, that reflect, record or

18   memorialize or otherwise RELATING TO any such COMMUNICATIONS.

19   **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

20          Larian incorporates by reference the above-stated general objections as

21   if fully set forth herein. Larian also specifically objects to this request on the

22   grounds that it is overbroad, unduly burdensome, and oppressive in that it seeks

23   information not relevant to the subject matter of this lawsuit or reasonably

24   calculated to lead to the discovery of admissible evidence, including, without

25   limitation, in that it would extend to documents relating to any communication

26   between anyone at MGA and any other person and referring or relating in any way

27   to a wide variety of unidentified subject matter, without regard to whether such

28   communications are at all relevant to any claim or defense at issue in this litigation.

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT __3__ , PAGE __90__

1   Larian also objects to this request on the grounds that it is overbroad, unduly

2   burdensome and oppressive in that it purports to require Larian to diligently

3   identify every communication that any of MGA's hundreds of employees may have

4   had with any other person before December 31, 2001. Larian also objects to this

5   request on the grounds that it is overbroad, unduly burdensome and oppressive in

6   that it is not in any way limited as to the persons involved in the communications.

7   Larian also objects to this request on the grounds that it seeks information in

8   violation of the right of privacy. Larian also objects to this request on the grounds

9   that it seeks confidential, proprietary or commercially sensitive information, the

10  disclosure of which would be inimical to the business interests of Larian and one or

11  more third parties. Larian also objects to this request to the extent it calls for the

12  disclosure of attorney-client privileged information or information protected from

13  disclosure by the work-product doctrine, joint defense or common interest

14  privilege, or other privilege.

15  **REQUEST FOR PRODUCTION NO. 15:**

16       All COMMUNICATIONS RELATING TO BRATZ between YOU or

17  MGA and BRYANT.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

19       Larian incorporates by reference the above-stated general objections as

20  if fully set forth herein. Larian also specifically objects to this request on the

21  grounds that it is overbroad, unduly burdensome, and oppressive in that it seeks

22  information not relevant to the subject matter of this lawsuit or reasonably

23  calculated to lead to the discovery of admissible evidence. Larian also specifically

24  objects to this request on the grounds that it is overbroad, unduly burdensome and

25  oppressive, without limitation, in potentially extending to communications that

26  Bryant may have had with any of MGA's hundreds of employees, agents or

27  representatives, and regardless of whether any such communication is related in any

28  way to the subject matter of this lawsuit, Larian, MGA, or MGA's business. Larian

- 19 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT __3__ , PAGE __91__