1  also objects to this request on the grounds that it is overbroad, unduly burdensome

2  and oppressive in that it is not in any way limited as to the persons involved in the

3  communications or as to time.  Larian also objects to this request on the grounds

4  that it seeks information in violation of the right of privacy.  Larian also objects to

5  this request on the grounds that it seeks confidential, proprietary or commercially

6  sensitive information, the disclosure of which would be inimical to the business

7  interests of Larian and one or more third parties.  Larian further objects to this

8  request to the extent it seeks information the disclosure of which would implicate

9  the rights of third parties to protect private, confidential, proprietary or trade secret

10  information.  Larian also objects to this request to the extent it calls for the

11  disclosure of attorney-client privileged information or information protected from

12  disclosure by the work-product doctrine, joint defense or common interest

13  privilege, or other privilege.  Larian also objects to the extent this request seeks

14  documents not in Larian's possession, custody or control.

15       Subject to the foregoing, Larian will produce any personal documents

16  that are relevant and responsive to the request, if any, and that have not already

17  been produced, that he discovers in the course of his reasonable search and diligent

18  inquiry, which are within the permissible scope of discovery, and to which no

19  privilege or other protection applies, including without limitation, the attorney-

20  client privilege or attorney's work product doctrine.

21  **REQUEST FOR PRODUCTION NO. 16:**

22       All DOCUMENTS RELATING TO BRYANT's employment by

23  MATTEL.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

25       Larian incorporates by reference the above-stated general objections as

26  if fully set forth herein.  Larian also specifically objects to this request on the

27  grounds that it is overbroad, unduly burdensome, and oppressive in that it seeks

28  information not relevant to the subject matter of this lawsuit or reasonably

- 20 -

EXHIBIT  3 , PAGE 92

1   calculated to lead to the discovery of admissible evidence.  Larian also specifically

2   objects to this request on the grounds that it is overbroad in that it seeks all

3   documents relating to Bryant's employment by Mattel without limitation as to

4   subject matter or time.  Larian also objects to the extent that it seeks information

5   not relevant to the subject matter of this lawsuit or reasonably calculated to lead to

6   the discovery of admissible evidence.  Larian also objects to this request on the

7   grounds that it seeks confidential, proprietary or commercially sensitive

8   information, the disclosure of which would be inimical to the business interests of

9   Larian and one or more third parties.  Larian further objects to the extent this

10  request seeks documents not in Larian's possession, custody or control.  Larian also

11  objects to this request to the extent it calls for the disclosure of attorney-client

12  privileged information or information protected from disclosure by the work-

13  product doctrine, joint defense or common interest privilege, or other privilege.

14          Subject to the foregoing, Larian will produce any personal documents

15  that are relevant and responsive to the request, if any, and that have not already

16  been produced, that he discovers in the course of his reasonable search and diligent

17  inquiry, which are within the permissible scope of discovery, and to which no

18  privilege or other protection applies, including without limitation, the attorney-

19  client privilege or attorney's work product doctrine.

20  **REQUEST FOR PRODUCTION NO. 17:**

21          All DOCUMENTS RELATING TO YOUR or MGA's knowledge of

22  BRYANT's employment by MATTEL.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

24          Larian incorporates by reference the above-stated general objections as

25  if fully set forth herein.  Larian also specifically objects to this request on the

26  grounds that it is overbroad, unduly burdensome, and oppressive in that it seeks

27  information not relevant to the subject matter of this lawsuit or reasonably

28  calculated to lead to the discovery of admissible evidence.  Larian also specifically

- 21 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT ___3___, PAGE 93

1  objects to this request on the grounds that it is overbroad, unduly burdensome, and

2  oppressive including, without limitation, in potentially extending to documents that

3  may be in the possession of any of MGA's hundreds of employees, agents or

4  representatives, and regardless of whether any such document is related in any way

5  to the subject matter of this lawsuit.  Larian also objects to this request on the

6  grounds that it seeks confidential, proprietary or commercially sensitive

7  information, the disclosure of which would be inimical to the business interests of

8  Larian and one or more third parties.  Larian also objects to this request to the

9  extent it seeks information the disclosure of which would implicate the rights of

10  third parties to protect private, confidential, proprietary or trade secret information.

11  Larian further objects to the extent this request seeks documents not in Larian's

12  possession, custody or control.  Larian also objects to this request to the extent it

13  calls for the disclosure of attorney-client privileged information or information

14  protected from disclosure by the work-product doctrine, joint defense or common

15  interest privilege, or other privilege.

16        Subject to the foregoing, Larian will produce any personal documents

17  that are relevant and responsive to the request, if any, and that have not already

18  been produced, that he discovers in the course of his reasonable search and diligent

19  inquiry, which are within the permissible scope of discovery, and to which no

20  privilege or other protection applies, including without limitation, the attorney-

21  client privilege or attorney's work product doctrine.

22  **REQUEST FOR PRODUCTION NO. 18:**

23        All DOCUMENTS RELATING TO DESIGNS that BRYANT

24  produced, prepared, created, authored, conceived of or reduced to practice, whether

25  alone or jointly with others, prior to December 31, 2001.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

27        Larian incorporates by reference the above-stated general objections as

28  if fully set forth herein.  Larian also specifically objects to this request to the extent

- 22 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT __3__ , PAGE 94

1   it is overbroad, unduly burdensome and oppressive including, without limitation, in

2   seeking documents relating to designs not in issue in this action, and in that it

3   reaches back into time indefinitely and, thus, for example, calls for documents

4   referring or relating to designs Bryant might have conceived of in his childhood and

5   that have nothing whatsoever to do with this action.  Larian also objects to this

6   request to the extent it seeks information the disclosure of which would implicate

7   the rights of third parties to protect private, confidential, proprietary or trade secret

8   information.  Larian also objects to this request on the grounds that it seeks

9   confidential, proprietary or commercially sensitive information, the disclosure of

10   which would be inimical to the business interests of Larian and one or more third

11   parties.  Larian also objects to this request to the extent it calls for the disclosure of

12   attorney-client privileged information or information protected from disclosure by

13   the work-product doctrine, joint defense or common interest privilege, or other

14   privilege.  Larian also objects to this request to the extent that it seeks documents

15   not in Larian's possession, custody or control.

16          Subject to the foregoing, Larian will produce any personal documents

17   that are relevant and responsive to the request, if any, and that have not already

18   been produced, that he discovers in the course of his reasonable search and diligent

19   inquiry, which are within the permissible scope of discovery, and to which no

20   privilege or other protection applies, including without limitation, the attorney-

21   client privilege or attorney's work product doctrine.

22   **REQUEST FOR PRODUCTION NO. 19:**

23          All DOCUMENTS RELATING TO DESIGNS produced, prepared,

24   created, authored, conceived of or reduced to practice prior to December 31, 2001,

25   by BRYANT, whether alone or jointly with others, in which YOU or MGA have

26   purported at any time to purchase, acquire or own any right, title or interest

27   (whether in whole or in part).

28

- 23 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT __3__ , PAGE __95__

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

1    Larian incorporates by reference the above-stated general objections as
if fully set forth herein.  Larian also specifically objects to this request on the
grounds that it is overbroad, unduly burdensome, and oppressive in that it seeks
information not relevant to the subject matter of this lawsuit or reasonably
calculated to lead to the discovery of admissible evidence.  Larian also specifically
objects to this request to the extent it is overbroad, including, without limitation, in
seeking documents relating to any designs created, authored, conceived of or
reduced to practice prior to December 31, 2001, by Bryant, and is therefore not
limited to those designs that may be at issue in this litigation.  Larian also objects to
this request to the extent it seeks information the disclosure of which would
implicate the rights of third parties to protect private, confidential, proprietary or
trade secret information.  Larian also objects to this request on the grounds that it
seeks confidential, proprietary or commercially sensitive information, the
disclosure of which would be inimical to the business interests of Larian and one or
more third parties.  Larian also objects to this request to the extent it calls for the
disclosure of attorney-client privileged information or information protected from
disclosure by the work-product doctrine, joint defense or common interest
privilege, or other privilege.  Larian also objects to this request to the extent that it
seeks documents not in Larian's possession, custody or control.

Subject to the foregoing, Larian will produce any personal documents
relating to Bratz or Prayer Angels that are relevant and responsive, if any, and that
have not already been produced, that he discovers in the course of his reasonable
search and diligent inquiry, which are within the permissible scope of discovery,
and to which no privilege or other protection applies, including without limitation,
the attorney-client privilege or attorney's work product doctrine.

**REQUEST FOR PRODUCTION NO. 20:**

All DOCUMENTS, including without limitation all

- 24 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT  3  , PAGE  96

1 COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

2 any agreement or contract between BRYANT and MATTEL.

3 **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

4      Larian incorporates by reference the above-stated general objections as

5 if fully set forth herein.  Larian also specifically objects to this request on the

6 grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

7 information not relevant to the subject matter of this lawsuit or reasonably

8 calculated to lead to the discovery of admissible evidence.  Larian also specifically

9 objects to this request to the extent it seeks information the disclosure of which

10 would implicate the rights of third parties to protect private, confidential,

11 proprietary or trade secret information.  Larian also objects to this request to the

12 extent it calls for the disclosure of attorney-client privileged information or

13 information protected from disclosure by the work-product doctrine, joint defense

14 or common interest privilege, or other privilege.  Larian also objects to this request

15 to the extent that it seeks documents not in Larian's possession, custody or control.

16      Subject to the foregoing, Larian will produce any personal documents

17 that are relevant and responsive to the request, if any, and that have not already

18 been produced, that he discovers in the course of his reasonable search and diligent

19 inquiry, which are within the permissible scope of discovery, and to which no

20 privilege or other protection applies, including without limitation, the attorney-

21 client privilege or attorney's work product doctrine.

22 **REQUEST FOR PRODUCTION NO. 21:**

23      All DOCUMENTS, including without limitation all

24 COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

25 YOUR or MGA's knowledge of any agreement or contract between BRYANT and

26 MATTEL.

27 **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

28      Larian incorporates by reference the above-stated general objections as

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 3 , PAGE 97

1    if fully set forth herein.  Larian also specifically objects to this request on the

2    grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

3    information not relevant to the subject matter of this lawsuit or reasonably

4    calculated to lead to the discovery of admissible evidence.  Larian also specifically

5    objects to this request to the extent it seeks information the disclosure of which

6    would implicate the rights of third parties to protect private, confidential,

7    proprietary or trade secret information.  Larian also objects to this request to the

8    extent it calls for the disclosure of attorney-client privileged information or

9    information protected from disclosure by the work-product doctrine, joint defense

10    or common interest privilege, or other privilege.  Larian also objects to this request

11    to the extent that it seeks documents not in Larian's possession, custody or control.

12          Subject to the foregoing, Larian will produce any personal documents

13    that are relevant and responsive to the request, if any, and that have not already

14    been produced, that he discovers in the course of his reasonable search and diligent

15    inquiry, which are within the permissible scope of discovery, and to which no

16    privilege or other protection applies, including without limitation, the attorney-

17    client privilege or attorney's work product doctrine.

18    **REQUEST FOR PRODUCTION NO. 22:**

19          All DOCUMENTS RELATING TO any payment or transfer of

20    anything of value made to or on behalf of BRYANT prior to October 21, 2000 or

21    for work or services performed by BRYANT prior to October 21, 2000 regardless

22    of when such payment was actually made.

23    **RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

24          Larian incorporates by reference the above-stated general objections as

25    if fully set forth herein.  Larian also specifically objects to this request on the

26    grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

27    information not relevant to the subject matter of this lawsuit or reasonably

28    calculated to lead to the discovery of admissible evidence.  Larian also specifically

- 26 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT __3__, PAGE __98__

1   objects to this request on the grounds that it is overbroad, including, without

2   limitation, in that it asks for documents that refer or relate to "any payment or

3   transfer. . .on behalf of Bryant" without regard to what such payment might relate

4   to. Larian also objects to this request on the grounds that it is vague and ambiguous

5   in that Larian cannot determine what is meant by "payment or transfer. . . on behalf

6   of Bryant." Larian also objects to this request to the extent it seeks information the

7   disclosure of which would implicate the rights of third parties to protect private,

8   confidential, proprietary or trade secret information. Larian also objects to this

9   request on the grounds that it seeks confidential, proprietary or commercially

10  sensitive information, the disclosure of which would be inimical to the business

11  interests of Larian and one or more third parties. Larian also objects to this request

12  to the extent it calls for the disclosure of attorney-client privileged information or

13  information protected from disclosure by the work-product doctrine, joint defense

14  or common interest privilege, or other privilege.

15          Subject to the foregoing, Larian will produce any personal documents

16  relating to any payments by Larian or MGA that are relevant and responsive to the

17  request, if any, and that have not already been produced, that he discovers in the

18  course of his reasonable search and diligent inquiry, which are within the

19  permissible scope of discovery, and to which no privilege or other protection

20  applies, including without limitation, the attorney-client privilege or attorney's

21  work product doctrine.

22  **REQUEST FOR PRODUCTION NO. 23:**

23          ALL DOCUMENTS RELATING TO any agreement or contract

24  between YOU or MGA, on the one hand, and BRYANT, on the other hand,

25  including without limitation all drafts thereof, all actual or proposed amendments,

26  modifications and revisions thereto and all COMMUNICATIONS RELATING

27  thereto.

28

- 27 -

EXHIBIT __3__ , PAGE 99

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

2          Larian incorporates by reference the above-stated general objections as

3  if fully set forth herein.  Larian also specifically objects to this request on the

4  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

5  information not relevant to the subject matter of this lawsuit or reasonably

6  calculated to lead to the discovery of admissible evidence.  Larian also objects to

7  this request on the grounds that it is overbroad, unduly burdensome, and oppressive

8  in seeking all documents that refer or relate to any agreement or contract between

9  Larian or MGA and Bryant.  Larian also objects to this request on the grounds that

10  it seeks confidential, proprietary or commercially sensitive information, the

11  disclosure of which would be inimical to the business interests of Larian and one or

12  more third parties.  Larian also objects to this request to the extent it calls for the

13  disclosure of attorney-client privileged information or information protected from

14  disclosure by the work-product doctrine, joint defense or common interest

15  privilege, or other privilege.  Larian also objects to this request to the extent it seeks

16  information the disclosure of which would implicate the rights of third parties to

17  protect private, confidential, proprietary or trade secret information. Larian also

18  objects to this request to the extent that it seeks documents not in Larian's

19  possession, custody or control.

20          Subject to the foregoing, Larian will produce any personal documents

21  that are relevant and responsive to the request, if any, and that have not already

22  been produced, that he discovers in the course of his reasonable search and diligent

23  inquiry, which are within the permissible scope of discovery, and to which no

24  privilege or other protection applies, including without limitation, the attorney-

25  client privilege or attorney's work product doctrine.

26  **REQUEST FOR PRODUCTION NO. 24:**

27          All doll heads, sculpts, prototypes, models, samples and tangible items

28  that were created, prepared or made, whether in whole or in part, prior to December

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT __3__, PAGE _100_

1   31, 2001 RELATING TO BRATZ.

2   **RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

3         Larian incorporates by reference the above-stated general objections as

4   if fully set forth herein.  Larian also specifically objects to this request on the

5   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

6   information not relevant to the subject matter of this lawsuit or reasonably

7   calculated to lead to the discovery of admissible evidence.  Larian specifically

8   objects to this request to the extent that it seeks tangible items not within Larian's

9   possession, custody or control.  Larian also objects to this request to the extent it

10  seeks information the disclosure of which would implicate the rights of third parties

11  to protect private, confidential, proprietary or trade secret information.  Larian also

12  specifically objects to this request on the grounds that it seeks confidential,

13  proprietary, or commercially sensitive information, the disclosure of which would

14  be inimical to the business interests of Larian and one or more third parties.  Larian

15  also objects to this request to the extent it calls for the disclosure of attorney-client

16  privileged information or information protected from disclosure by the work-

17  product doctrine, joint defense or common interest privilege, or other privilege.

18        Subject to the foregoing, Larian will produce any personal items for

19  inspection that are relevant and responsive to the request, if any, and that have not

20  already been produced, that he discovers in the course of his reasonable search and

21  diligent inquiry, which are within the permissible scope of discovery, and to which

22  no privilege or other protection applies, including without limitation, the attorney-

23  client privilege or attorney's work product doctrine.

24  **REQUEST FOR PRODUCTION NO. 25:**

25        All doll heads, sculpts, prototypes, models, samples and tangible items

26  that were created, prepared or made, whether in whole or in part, prior to December

27  31, 2001 RELATING TO ANGEL.

28

- 29 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT ___3___, PAGE __10__

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

2             Larian incorporates by reference the above-stated general objections as

3    if fully set forth herein.  Larian also specifically objects to this request on the

4    grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

5    information not relevant to the subject matter of this lawsuit or reasonably

6    calculated to lead to the discovery of admissible evidence.  Larian also objects to

7    this request on the grounds that it seeks tangible items not within Larian's

8    possession, custody or control.  Larian also objects to this request to the extent it

9    seeks information the disclosure of which would implicate the rights of third parties

10   to protect private, confidential, proprietary or trade secret information.  Larian also

11   specifically objects to this request on the grounds that it seeks confidential,

12   proprietary, or commercially sensitive information, the disclosure of which would

13   be inimical to the business interests of Larian and one or more third parties.  Larian

14   also objects to this request to the extent it calls for the disclosure of attorney-client

15   privileged information or information protected from disclosure by the work

16   product doctrine, joint defense or common interest privilege, or other privilege.

17            Subject to the foregoing, Larian will produce any personal items for

18   inspection that are relevant and responsive to the request, if any, and that have not

19   already been produced, that he discovers in the course of his reasonable search and

20   diligent inquiry, which are within the permissible scope of discovery, and to which

21   no privilege or other protection applies, including without limitation, the attorney-

22   client privilege or attorney's work product doctrine.

23   **REQUEST FOR PRODUCTION NO. 26:**

24            All DOCUMENTS RELATING TO each and every sculpt of BRATZ

25   (including without limitation any model, prototype or sample thereof) prior to June

26   1, 2001.

27   **RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

28            Larian incorporates by reference the above-stated general objections as

LARIAN'S RESPONSE TO MATTEL'S 1ST
- 30 -    SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT __3__ , PAGE __102__

1  if fully set forth herein.  Larian also specifically objects to this request on the
2  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks
3  information not relevant to the subject matter of this lawsuit or reasonably
4  calculated to lead to the discovery of admissible evidence.  Larian specifically
5  objects to this request to the extent it seeks information the disclosure of which
6  would implicate the rights of third parties to protect private, confidential,
7  proprietary or trade secret information.  Larian also objects to this request on the
8  grounds that it seeks confidential, proprietary or commercially sensitive
9  information, the disclosure of which would be inimical to the business interests of
10  Larian and one or more third parties.  Larian also objects to this request to the
11  extent it calls for the disclosure of attorney-client privileged information or
12  information protected from disclosure by the work-product doctrine, joint defense
13  or common interest privilege, or other privilege.

14          Subject to the foregoing, Larian will produce any personal documents
15  that are relevant and responsive to the request, if any, and that have not already
16  been produced, that he discovers in the course of his reasonable search and diligent
17  inquiry, which are within the permissible scope of discovery, and to which no
18  privilege or other protection applies, including without limitation, the attorney-
19  client privilege or attorney's work product doctrine.

20  **REQUEST FOR PRODUCTION NO. 27:**
21          All DOCUMENTS RELATING TO each and every sculpt of ANGEL
22  (including without limitation any model, prototype or sample thereof).
23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**
24          Larian incorporates by reference the above-stated general objections as
25  if fully set forth herein.  Larian also specifically objects to this request on the
26  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks
27  information not relevant to the subject matter of this lawsuit or reasonably
28  calculated to lead to the discovery of admissible evidence.  Larian also specifically

- 31 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT __3__ , PAGE __103__

1   objects to this request to the extent it seeks information the disclosure of which

2   would implicate the rights of third parties to protect private, confidential,

3   proprietary or trade secret information.  Larian also objects to this request on the

4   grounds that it seeks confidential, proprietary or commercially sensitive

5   information, the disclosure of which would be inimical to the business interests of

6   Larian and one or more third parties.  Larian also objects to this request to the

7   extent it calls for the disclosure of attorney-client privileged information or

8   information protected from disclosure by the work-product doctrine, joint defense

9   or common interest privilege, or other privilege.

10          Subject to the foregoing, Larian will produce any personal documents

11   relating to first generation of Prayer Angel that are relevant and responsive to the

12   request, if any, and that have not already been produced, that he discovers in the

13   course of his reasonable search and diligent inquiry, which are within the

14   permissible scope of discovery, and to which no privilege or other protection

15   applies, including without limitation, the attorney-client privilege or attorney's

16   work product doctrine.

17   **REQUEST FOR PRODUCTION NO. 28:**

18          All DOCUMENTS RELATING TO the procurement, fabrication,

19   preparation and production of each and every mold for BRATZ (including without

20   limitation for any model, prototype or sample thereof) prior June 30, 2001,

21   including without limitation all orders, purchase orders and invoices relating

22   thereto.

23   **RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

24          Larian incorporates by reference the above-stated general objections as

25   if fully set forth herein.  Larian also specifically objects to this request on the

26   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

27   information not relevant to the subject matter of this lawsuit or reasonably

28   calculated to lead to the discovery of admissible evidence.  Larian specifically

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT __3__, PAGE _104_

1   objects to this request to the extent it seeks information the disclosure of which

2   would implicate the rights of third parties to protect private, confidential,

3   proprietary or trade secret information.  Larian also objects to this request on the

4   grounds that it seeks confidential, proprietary or commercially sensitive

5   information, the disclosure of which would be inimical to the business interests of

6   Larian and one or more third parties.  Larian also objects to this request on the

7   grounds that it is vague and ambiguous in that Larian cannot determine what is

8   meant by "mold . . . (including without limitation any model, prototype or sample

9   thereof)."  Larian also objects to this request to the extent it calls for the disclosure

10  of attorney-client privileged information or information protected from disclosure

11  by the work-product doctrine, joint defense or common interest privilege, or other

12  privilege.

13          Subject to the foregoing, Larian will produce any personal documents

14  that are relevant and responsive to the request, if any, and that have not already

15  been produced, that he discovers in the course of his reasonable search and diligent

16  inquiry, which are within the permissible scope of discovery, and to which no

17  privilege or other protection applies, including without limitation, the attorney-

18  client privilege or attorney's work product doctrine.

19  **REQUEST FOR PRODUCTION NO. 29:**

20          DOCUMENTS sufficient to show when any mold for ANGEL

21  (including without limitation for any model, prototype or sample thereof) was first

22  ordered, requested, procured, fabricated, prepared and produced.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

24          Larian incorporates by reference the above-stated general objections as

25  if fully set forth herein.  Larian also specifically objects to this request on the

26  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

27  information not relevant to the subject matter of this lawsuit or reasonably

28  calculated to lead to the discovery of admissible evidence.  Larian also specifically

- 33 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT __3__ , PAGE __105__

1  objects to this request on the grounds that it is overbroad in that is it not limited as
2  to time.  Larian also objects to this request to the extent it seeks information the
3  disclosure of which would implicate the rights of third parties to protect private,
4  confidential, proprietary or trade secret information.  Larian also objects to this
5  request on the grounds that it seeks confidential, proprietary or commercially
6  sensitive information, the disclosure of which would be inimical to the business
7  interests of Larian and one or more third parties.  Larian also objects to this request
8  on the grounds that it is vague and ambiguous in that Larian cannot determine what
9  is meant by "mold . . . (including without limitation any model, prototype or sample
10  thereof)."  Larian also objects to this request to the extent it calls for the disclosure
11  of attorney-client privileged information or information protected from disclosure
12  by the work-product doctrine, joint defense or common interest privilege, or other
13  privilege.
14        Subject to the foregoing, Larian will produce any personal documents
15  relating to first generation of Prayer Angel that are relevant and responsive to the
16  request, if any, and that have not already been produced, that he discovers in the
17  course of his reasonable search and diligent inquiry, which are within the
18  permissible scope of discovery, and to which no privilege or other protection
19  applies, including without limitation, the attorney-client privilege or attorney's
20  work product doctrine.
21  **REQUEST FOR PRODUCTION NO. 30:**
22        All DOCUMENTS RELATING TO any showing, presentation or
23  exhibition, or any proposed, offered or requested showing, presentation or
24  exhibition, of BRATZ (including without limitation any model, prototype or sample
25  thereof) prior to June 30, 2001.
26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**
27        Larian incorporates by reference the above-stated general objections as
28  if fully set forth herein.  Larian also specifically objects to this request on the

- 34 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT  3  , PAGE  106

1   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

2   information not relevant to the subject matter of this lawsuit or reasonably

3   calculated to lead to the discovery of admissible evidence.  Larian also specifically

4   objects to this request on the grounds that it seeks information not relevant to the

5   subject matter of this lawsuit or reasonably calculated to lead to the discovery of

6   admissible evidence, including, without limitation, in that it potentially extends to

7   every communication having to do with, for example, any Toy Fair to which Larian

8   or MGA brought, or considered bringing, Bratz during the stated time frame, and is,

9   thus, also overbroad, unduly burdensome and oppressive.  Larian also objects to

10  this request on the grounds that it is vague and ambiguous in that Larian cannot

11  determine what is meant by "showing, presentation or exhibition."  Larian also

12  objects to this request to the extent it seeks information the disclosure of which

13  would implicate the rights of third parties to protect private, confidential,

14  proprietary or trade secret information.  Larian further objects to this request on the

15  grounds that it seeks confidential, proprietary or commercially sensitive

16  information, the disclosure of which would be inimical to the business interests of

17  Larian.  Larian also objects to this request to the extent it calls for the disclosure of

18  attorney-client privileged information or information protected from disclosure by

19  the work-product doctrine, joint defense or common interest privilege, or other

20  privilege.

21          Subject to the foregoing, Larian will produce any personal documents

22  that are relevant and responsive to the request, if any, and that have not already

23  been produced, that he discovers in the course of his reasonable search and diligent

24  inquiry, which are within the permissible scope of discovery, and to which no

25  privilege or other protection applies, including without limitation, the attorney-

26  client privilege or attorney's work product doctrine.

27  **REQUEST FOR PRODUCTION NO. 31:**

28          DOCUMENTS sufficient to show when ANGEL (including without

- 35 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT __3__, PAGE __107__

1   limitation any model, prototype or sample thereof) was first exhibited, shown or

2   presented to any third party.

3   **RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

4       Larian incorporates by reference the above-stated general objections as

5   if fully set forth herein.  Larian also specifically objects to this request on the

6   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

7   information not relevant to the subject matter of this lawsuit or reasonably

8   calculated to lead to the discovery of admissible evidence.  Larian also objects to

9   this request on the grounds that it is vague and ambiguous in that Larian cannot

10  determine what is meant by "mold...(including without limitation any model,

11  prototype or sample thereof)."  Larian also objects to this request to the extent it

12  seeks information the disclosure of which would implicate the rights of third parties

13  to protect private, confidential, proprietary or trade secret information.  Larian also

14  objects to this request on the grounds that it seeks confidential, proprietary or

15  commercially sensitive information, the disclosure of which would be inimical to

16  the business interests of Larian and one or more third parties.  Larian also objects to

17  this request to the extent it calls for the disclosure of attorney-client privileged

18  information or information protected from disclosure by the work-product doctrine,

19  joint defense or common interest privilege, or other privilege.

20      Subject to the foregoing, Larian will produce any personal documents

21  that are relevant and responsive to the request, if any, and that have not already

22  been produced, that he discovers in the course of his reasonable search and diligent

23  inquiry, which are within the permissible scope of discovery, and to which no

24  privilege or other protection applies, including without limitation, the attorney-

25  client privilege or attorney's work product doctrine.

26  **REQUEST FOR PRODUCTION NO. 32:**

27      All COMMUNICATIONS between YOU or MGA and any

28  wholesaler, distributor, and/or retailer RELATING TO BRATZ prior to December

LARIAN'S RESPONSE TO MATTEL'S 1ST
- 36 -                    SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT  3  , PAGE 108

1  31, 2001.

2  **RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

3        Larian incorporates by reference the above-stated general objections as

4  if fully set forth herein.  Larian also specifically objects to this request on the

5  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

6  information not relevant to the subject matter of this lawsuit or reasonably

7  calculated to lead to the discovery of admissible evidence.  Larian also specifically

8  objects to this request on the grounds that it is overbroad, unduly burdensome and

9  oppressive, without limitation, in potentially extending to communications that a

10  wholesaler, distributor, and/or retailer may have had with any of MGA's hundreds

11  of employees, agents or representatives, and regardless of whether any such

12  communication is related in any way to the subject matter of this lawsuit.  Larian

13  also objects to this request to the extent it seeks information the disclosure of which

14  would implicate the rights of third parties to protect private, confidential,

15  proprietary or trade secret information.  Larian also objects to this request on the

16  grounds that it seeks confidential, proprietary or commercially sensitive

17  information, the disclosure of which would be inimical to the business interests of

18  Larian and one or more third parties.  Larian also objects to this request to the

19  extent it calls for the disclosure of attorney-client privileged information or

20  information protected from disclosure by the work-product doctrine, joint defense

21  or common interest privilege, or other privilege.

22        Subject to the foregoing, Larian will produce any personal documents

23  that are relevant and responsive to the request, if any, and that have not already

24  been produced, that he discovers in the course of his reasonable search and diligent

25  inquiry, which are within the permissible scope of discovery, and to which no

26  privilege or other protection applies, including without limitation, the attorney-

27  client privilege or attorney's work product doctrine.

28

- 37 -

EXHIBIT  3  , PAGE 10

1   **REQUEST FOR PRODUCTION NO. 33:**

2   　　　　All COMMUNICATIONS between YOU or MGA and any

3   wholesaler, distributor, and/or retailer RELATING TO ANGEL.

4   **RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

5   　　　　Larian incorporates by reference the above-stated general objections as

6   if fully set forth herein.  Larian also specifically objects to this request on the

7   grounds that it seeks information not relevant to the subject matter of this lawsuit or

8   reasonably calculated to lead to the discovery of admissible evidence including,

9   without limitation, in that is seeks information related to an MGA product not at

10   issue in this lawsuit.  Larian also objects to this request on the grounds that it is

11   overbroad, unduly burdensome and oppressive, without limitation, in potentially

12   extending to communications that a wholesaler, distributor, and/or retailer may

13   have had with any of MGA's hundreds of employees, agents or representatives, and

14   regardless of whether any such communication is related in any way to the subject

15   matter of this lawsuit.  Larian also objects to this request to the extent it seeks

16   information the disclosure of which would implicate the rights of third parties to

17   protect private, confidential, proprietary or trade secret information.  Larian also

18   objects to this request on the grounds that it seeks confidential, proprietary or

19   commercially sensitive information, the disclosure of which would be inimical to

20   the business interests of Larian and one or more third parties.  Larian also objects to

21   this request to the extent it calls for the disclosure of attorney-client privileged

22   information or information protected from disclosure by the work-product doctrine,

23   joint defense or common interest privilege, or other privilege.

24   　　　　Subject to the foregoing, Larian will produce any personal documents

25   related to first generation of Prayer Angel that are relevant and responsive to the

26   request, if any, and that have not already been produced, that he discovers in the

27   course of his reasonable search and diligent inquiry, which are within the

28   permissible scope of discovery, and to which no privilege or other protection

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

- 38 -

EXHIBIT __3__ , PAGE __110__

1   applies, including without limitation, the attorney-client privilege or attorney's

2   work product doctrine.

3   **REQUEST FOR PRODUCTION NO. 34:**

4         All DOCUMENTS RELATING TO when and where BRATZ

5   (including without limitation any model, prototype or sample thereof) was first

6   marketed to any wholesaler, distributor and/or retailer.

7   **RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

8         Larian incorporates by reference the above-stated general objections as

9   if fully set forth herein.  Larian also specifically objects to this request on the

10  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

11  information not relevant to the subject matter of this lawsuit or reasonably

12  calculated to lead to the discovery of admissible evidence.  Larian also specifically

13  objects to this request on the grounds that it seeks confidential, proprietary or

14  commercially sensitive information, the disclosure of which would be inimical to

15  the business interests of Larian.  Larian also objects to this request to the extent it

16  seeks information the disclosure of which would implicate the rights of third parties

17  to protect private, confidential, proprietary or trade secret information.  Larian also

18  objects to this request to the extent it calls for the disclosure of attorney-client

19  privileged information or information protected from disclosure by the work-

20  product doctrine, joint defense or common interest privilege, or other privilege.

21        Subject to the foregoing, Larian will produce any personal documents

22  that are relevant and responsive to the request, if any, and that have not already

23  been produced, that he discovers in the course of his reasonable search and diligent

24  inquiry, which are within the permissible scope of discovery, and to which no

25  privilege or other protection applies, including without limitation, the attorney-

26  client privilege or attorney's work product doctrine.

27  **REQUEST FOR PRODUCTION NO. 35:**

28        All DOCUMENTS RELATING TO when and where ANGEL

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT  3 , PAGE  111

1    (including without limitation any model, prototype or sample thereof) was first

2    marketed to any wholesaler, distributor and/or retailer.

3    **RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

4              Larian incorporates by reference the above-stated general objections as

5    if fully set forth herein.  Larian also specifically objects to this request on the

6    grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

7    information not relevant to the subject matter of this lawsuit or reasonably

8    calculated to lead to the discovery of admissible evidence.   Larian also objects to

9    this request on the grounds that it seeks confidential, proprietary or commercially

10   sensitive information, the disclosure of which would be inimical to the business

11   interests of Larian and one or more third parties.  Larian also objects to this request

12   to the extent it seeks information the disclosure of which would implicate the rights

13   of third parties to protect private, confidential, proprietary or trade secret

14   information.  Larian also objects to this request to the extent it calls for the

15   disclosure of attorney-client privileged information or information protected from

16   disclosure by the work-product doctrine, joint defense or common interest

17   privilege, or other privilege.

18             Subject to the foregoing, Larian will produce any personal documents

19   that are relevant and responsive to the request, if any, and that have not already

20   been produced, that he discovers in the course of his reasonable search and diligent

21   inquiry, which are within the permissible scope of discovery, and to which no

22   privilege or other protection applies, including without limitation, the attorney-

23   client privilege or attorney's work product doctrine.

24   **REQUEST FOR PRODUCTION NO. 36:**

25             DOCUMENTS sufficient to show when and where BRATZ was first

26   shipped, distributed and sold.

27   **RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

28             Larian incorporates by reference the above-stated general objections as

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 3 , PAGE 112

1  if fully set forth herein. Larian also specifically objects to this request on the

2  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

3  information not relevant to the subject matter of this lawsuit or reasonably

4  calculated to lead to the discovery of admissible evidence. Larian also specifically

5  objects to this request to the extent it seeks information the disclosure of which

6  would implicate the rights of third parties to protect private, confidential,

7  proprietary or trade secret information. Larian also objects to this request on the

8  grounds that it seeks confidential, proprietary or commercially sensitive

9  information, the disclosure of which would be inimical to the business interests of

10  Larian and one or more third parties. Larian also objects to this request to the

11  extent it calls for the disclosure of attorney-client privileged information or

12  information protected from disclosure by the work-product doctrine, joint defense

13  or common interest privilege, or other privilege.

14          Subject to the foregoing, Larian will produce any personal documents

15  that are relevant and responsive to the request, if any, and that have not already

16  been produced, that he discovers in the course of his reasonable search and diligent

17  inquiry, which are within the permissible scope of discovery, and to which no

18  privilege or other protection applies, including without limitation, the attorney-

19  client privilege or attorney's work product doctrine.

20  **REQUEST FOR PRODUCTION NO. 37:**

21          DOCUMENTS sufficient to show when and where ANGEL was first

22  shipped, distributed and sold.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

24          Larian incorporates by reference the above-stated general objections as

25  if fully set forth herein. Larian also specifically objects to this request on the

26  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

27  information not relevant to the subject matter of this lawsuit or reasonably

28  calculated to lead to the discovery of admissible evidence. Larian also specifically

- 41 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 3 , PAGE 113

1   objects to this request to the extent it seeks information the disclosure of which

2   would implicate the rights of third parties to protect private, confidential,

3   proprietary or trade secret information.  Larian also objects to this request to the

4   extent it seeks information the disclosure of which would implicate the rights of

5   third parties to protect private, confidential, proprietary or trade secret information.

6   Larian also objects to this request on the grounds that it seeks confidential,

7   proprietary or commercially sensitive information, the disclosure of which would

8   be inimical to the business interests of Larian and one or more third parties.  Larian

9   also objects to this request to the extent it calls for the disclosure of attorney-client

10   privileged information or information protected from disclosure by the work-

11   product doctrine, joint defense or common interest privilege, or other privilege.

12          Subject to the foregoing, Larian will produce any personal documents

13   that are relevant and responsive to the request, if any, and that have not already

14   been produced, that he discovers in the course of his reasonable search and diligent

15   inquiry, which are within the permissible scope of discovery, and to which no

16   privilege or other protection applies, including without limitation, the attorney-

17   client privilege or attorney's work product doctrine.

18   **REQUEST FOR PRODUCTION NO. 38:**

19          All DOCUMENTS RELATING TO the licensing, including without

20   limitation the proposed, offered or requested licensing, of BRATZ prior to

21   December 31, 2001.

22   **RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

23          Larian incorporates by reference the above-stated general objections as

24   if fully set forth herein.  Larian also specifically objects to this request on the

25   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

26   information not relevant to the subject matter of this lawsuit or reasonably

27   calculated to lead to the discovery of admissible evidence.  Larian also specifically

28   objects to this request on the grounds that it seeks information in violation of the

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT __3__ , PAGE 14

1  right of privacy.  Larian also objects to this request on the grounds that it seeks

2  confidential, proprietary or commercially sensitive information, the disclosure of

3  which would be inimical to the business interests of Larian and one or more third

4  parties.  Larian also objects to this request to the extent it calls for the disclosure of

5  attorney-client privileged information or information protected from disclosure by

6  the work-product doctrine, joint defense or common interest privilege, or other

7  privilege.  Larian also objects to this request to the extent it seeks documents not

8  within Larian's possession, custody or control.

9          Subject to the foregoing, Larian will produce any personal documents

10  that are relevant and responsive to the request, if any, and that have not already

11  been produced, that he discovers in the course of his reasonable search and diligent

12  inquiry, which are within the permissible scope of discovery, and to which no

13  privilege or other protection applies, including without limitation, the attorney-

14  client privilege or attorney's work product doctrine.

15  **REQUEST FOR PRODUCTION NO. 39:**

16          All COMMUNICATIONS between YOU or MGA and any

17  manufacturer, or any contemplated, proposed or potential manufacturer,

18  RELATING TO BRATZ prior to December 31, 2001.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

20          Larian incorporates by reference the above-stated general objections as

21  if fully set forth herein.  Larian also specifically objects to this request on the

22  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

23  information not relevant to the subject matter of this lawsuit or reasonably

24  calculated to lead to the discovery of admissible evidence.  Larian also specifically

25  objects to this request to the extent it seeks information the disclosure of which

26  would implicate the rights of third parties to protect private, confidential,

27  proprietary or trade secret information.  Larian also objects to this request on the

28  grounds that it seeks confidential, proprietary or commercially sensitive

- 43 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT __3__, PAGE __45__

1  information, the disclosure of which would be inimical to the business interests of
2  Larian and one or more third parties.  Larian also objects to this request to the
3  extent it calls for the disclosure of attorney-client privileged information or
4  information protected from disclosure by the work-product doctrine, joint defense
5  or common interest privilege, or other privilege.
6           Subject to the foregoing, Larian will produce any personal documents
7  that are relevant and responsive to the request, if any, and that have not already
8  been produced, that he discovers in the course of his reasonable search and diligent
9  inquiry, which are within the permissible scope of discovery, and to which no
10  privilege or other protection applies, including without limitation, the attorney-
11  client privilege or attorney's work product doctrine.
12  **REQUEST FOR PRODUCTION NO. 40:**
13           DOCUMENTS sufficient to identify when YOU or MGA first
14  contacted any manufacturer, or any contemplated, proposed or potential
15  manufacturer, for the production or manufacture of ANGEL.
16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**
17           Larian incorporates by reference the above-stated general objections as
18  if fully set forth herein.  Larian also specifically objects to this request on the
19  grounds that it is overbroad, unduly burdensome, and oppressive in that it seeks
20  information not relevant to the subject matter of this lawsuit or reasonably
21  calculated to lead to the discovery of admissible evidence including, without
22  limitation, in that it seeks information related to an MGA product not at issue in this
23  lawsuit, and in that the manufacturer of Angel has nothing whatsoever to do with
24  Bryant, Mattel, or this lawsuit.  Larian also objects to this request to the extent it
25  seeks information the disclosure of which would implicate the rights of third parties
26  to protect private, confidential, proprietary or trade secret information.  Larian also
27  objects to this request on the grounds that it seeks confidential, proprietary or
28  commercially sensitive information, the disclosure of which would be inimical to

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT  3 , PAGE 116

1  the business interests of Larian and one or more third parties.  Larian also objects to

2  this request to the extent it calls for the disclosure of attorney-client privileged

3  information or information protected from disclosure by the work-product doctrine,

4  joint defense or common interest privilege, or other privilege.

5          Subject to the foregoing, Larian will produce any personal documents

6  that are relevant and responsive to the request, if any, and that have not already

7  been produced, that he discovers in the course of his reasonable search and diligent

8  inquiry, which are within the permissible scope of discovery, and to which no

9  privilege or other protection applies, including without limitation, the attorney-

10  client privilege or attorney's work product doctrine.

11  **REQUEST FOR PRODUCTION NO. 41:**

12          All COMMUNICATIONS between YOU or MGA and any PERSON

13  that REFER OR RELATE TO the distribution or proposed or potential distribution

14  of BRATZ prior to December 31, 2001.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

16          Larian incorporates by reference the above-stated general objections as

17  if fully set forth herein.  Larian also specifically objects to this request on the

18  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

19  information not relevant to the subject matter of this lawsuit or reasonably

20  calculated to lead to the discovery of admissible evidence.  Larian also specifically

21  objects to this request to the extent it seeks information the disclosure of which

22  would implicate the rights of third parties to protect private, confidential,

23  proprietary or trade secret information. Larian also objects to this request on the

24  grounds that it seeks confidential, proprietary or commercially sensitive

25  information, the disclosure of which would be inimical to the business interests of

26  Larian and one or more third parties.  Larian also objects to this request to the

27  extent it calls for the disclosure of attorney-client privileged information or

28  information protected from disclosure by the work-product doctrine, joint defense

LARIAN'S RESPONSE TO MATTEL'S 1ST
- 45 -            SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT  3 , PAGE  117

1  or common interest privilege, or other privilege.

2        Subject to the foregoing, Larian will produce any personal documents

3  that are relevant and responsive to the request, if any, and that have not already

4  been produced, that he discovers in the course of his reasonable search and diligent

5  inquiry, which are within the permissible scope of discovery, and to which no

6  privilege or other protection applies, including without limitation, the attorney-

7  client privilege or attorney's work product doctrine.

8  **REQUEST FOR PRODUCTION NO. 42:**

9        All DOCUMENTS RELATING TO the performance of any

10  agreement or contract between YOU or MGA, on the one hand, and BRYANT, on

11  the other hand.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

13        Larian incorporates by reference the above-stated general objections as

14  if fully set forth herein.  Larian also specifically objects to this request on the

15  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

16  information not relevant to the subject matter of this lawsuit or reasonably

17  calculated to lead to the discovery of admissible evidence.  Larian also specifically

18  objects to this request on the grounds that it is overbroad, unduly burdensome, and

19  oppressive in seeking all documents that refer or relate to the performance of any

20  agreement or contract between MGA and Bryant.  Larian also objects to this

21  request on the grounds that it seeks confidential, proprietary or commercially

22  sensitive information, the disclosure of which would be inimical to the business

23  interests of Larian and one or more third parties.  Larian also objects to this request

24  to the extent it seeks information the disclosure of which would implicate the rights

25  of third parties to protect private, confidential, proprietary or trade secret

26  information.  Larian also objects to this request to the extent it calls for the

27  disclosure of attorney-client privileged information or information protected from

28  disclosure by the work-product doctrine, joint defense or common interest

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 3 , PAGE 118

1  privilege, or other privilege.  Larian also objects to this request to the extent it seeks
2  documents not within Larian's possession, custody or control.

3          Subject to the foregoing, Larian will produce any personal documents
4  related to Bratz or Prayer Angels that are relevant and responsive to the request, if
5  any, and that have not already been produced, that he discovers in the course of his
6  reasonable search and diligent inquiry, which are within the permissible scope of
7  discovery, and to which no privilege or other protection applies, including without
8  limitation, the attorney-client privilege or attorney's work product doctrine.

9  **REQUEST FOR PRODUCTION NO. 43:**

10         All DOCUMENTS RELATING TO the agreement dated as of
11  September 18, 2000 between MGA and BRYANT, including without limitation all
12  drafts thereof, any actual or proposed modifications, amendments or revisions
13  thereto and all COMMUNICATIONS RELATING thereto.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

15         Larian incorporates by reference the above-stated general objections as
16  if fully set forth herein.  Larian also specifically objects to this request on the
17  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks
18  information not relevant to the subject matter of this lawsuit or reasonably
19  calculated to lead to the discovery of admissible evidence.  Larian also specifically
20  objects to this request on the grounds that it seeks confidential, proprietary or
21  commercially sensitive information, the disclosure of which would be inimical to
22  the business interests of Larian.  Larian also objects to this request to the extent it
23  seeks information the disclosure of which would implicate the rights of third parties
24  to protect private, confidential, proprietary or trade secret information.  Larian also
25  objects to this request to the extent it calls for the disclosure of attorney-client
26  privileged information or information protected from disclosure by the work-
27  product doctrine, joint defense or common interest privilege, or other privilege.
28  Larian also objects to this request to the extent it seeks documents not within

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT __3__, PAGE 119

1    Larian's possession, custody or control.

2            Subject to the foregoing, Larian will produce any personal documents

3    that are relevant and responsive to the request, if any, and that have not already

4    been produced, that he discovers in the course of his reasonable search and diligent

5    inquiry, which are within the permissible scope of discovery, and to which no

6    privilege or other protection applies, including without limitation, the attorney-

7    client privilege or attorney's work product doctrine.

8    **REQUEST FOR PRODUCTION NO. 44:**

9            All DOCUMENTS RELATING TO the Modification and Clarification

10   of the Agreement dated as of September 18, 2000 between MGA and BRYANT,

11   including without limitation all drafts thereof, any actual or proposed modifications,

12   amendments or revisions thereto and all COMMUNICATIONS RELATING

13   thereto.

14   **RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

15           Larian incorporates by reference the above-stated general objections as

16   if fully set forth herein. Larian also specifically objects to this request on the

17   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

18   information not relevant to the subject matter of this lawsuit or reasonably

19   calculated to lead to the discovery of admissible evidence. Larian also specifically

20   objects to this request on the grounds that it seeks confidential, proprietary or

21   commercially sensitive information, the disclosure of which would be inimical to

22   the business interests of Larian. Larian also objects to this request to the extent it

23   seeks information the disclosure of which would implicate the rights of third parties

24   to protect private, confidential, proprietary or trade secret information. Larian also

25   objects to this request to the extent it calls for the disclosure of attorney-client

26   privileged information or information protected from disclosure by the work-

27   product doctrine, joint defense or common interest privilege, or other privilege.

28   Larian also objects to this request to the extent it seeks documents not within

- 48 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT  3 , PAGE 120

1    Larian's possession, custody or control.

2            Subject to the foregoing, Larian will produce any personal documents

3    that are relevant and responsive to the request, if any, and that have not already

4    been produced, that he discovers in the course of his reasonable search and diligent

5    inquiry, which are within the permissible scope of discovery, and to which no

6    privilege or other protection applies, including without limitation, the attorney-

7    client privilege or attorney's work product doctrine.

8    **REQUEST FOR PRODUCTION NO. 45:**

9            All DOCUMENTS RELATING TO the agreement dated April 2001

10   between MGA and BRYANT, including without limitation all drafts thereof, any

11   actual or proposed modifications, amendments or revisions thereto and all

12   COMMUNICATIONS RELATING thereto.

13   **RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

14           Larian incorporates by reference the above-stated general objections as

15   if fully set forth herein.  Larian also specifically objects to this request on the

16   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

17   information not relevant to the subject matter of this lawsuit or reasonably

18   calculated to lead to the discovery of admissible evidence.  Larian also objects to

19   this request on the grounds that it seeks confidential, proprietary or commercially

20   sensitive information, the disclosure of which would be inimical to the business

21   interests of Larian and one or more third parties.  Larian also objects to this request

22   to the extent it seeks information the disclosure of which would implicate the rights

23   of third parties to protect private, confidential, proprietary or trade secret

24   information.  Larian also objects to this request to the extent it calls for the

25   disclosure of attorney-client privileged information or information protected from

26   disclosure by the work-product doctrine, joint defense or common interest

27   privilege, or other privilege.  Larian also objects to this request to the extent it seeks

28   documents not within Larian's possession, custody or control.

LARIAN'S RESPONSE TO MATTEL'S 1ST
- 49 -        SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT __3__ , PAGE __121__

1    Subject to the foregoing, Larian will produce any personal documents

2    that are relevant and responsive to the request, if any, and that have not already

3    been produced, that he discovers in the course of his reasonable search and diligent

4    inquiry, which are within the permissible scope of discovery, and to which no

5    privilege or other protection applies, including without limitation, the attorney-

6    client privilege or attorney's work product doctrine.

7    **REQUEST FOR PRODUCTION NO. 46:**

8    All DOCUMENTS that RELATING TO any agreement or contract

9    that REFERS AND RELATES TO BRATZ between Isaac Larian and any

10   PERSON (including without limitation MGA), including without limitation all

11   drafts thereof, all actual or proposed amendments, modifications and revisions

12   thereto and all COMMUNICATIONS RELATING thereto.

13   **RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

14   Larian incorporates by reference the above-stated general objections as

15   if fully set forth herein.  L Larian also specifically objects to this request on the

16   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

17   information not relevant to the subject matter of this lawsuit or reasonably

18   calculated to lead to the discovery of admissible evidence.   Larian also objects to

19   this request to the extent it seeks information the disclosure of which would

20   implicate the rights of third parties to protect private, confidential, proprietary or

21   trade secret information.  Larian also objects to this request on the grounds that it

22   seeks confidential, proprietary or commercially sensitive information, the

23   disclosure of which would be inimical to the business interests of Larian and one or

24   more third parties.  Larian also objects to this request to the extent it calls for the

25   disclosure of attorney-client privileged information or information protected from

26   disclosure by the work-product doctrine, joint defense or common interest

27   privilege, or other privilege.  Larian also objects to this request to the extent it seeks

28   documents not within Larian's possession, custody or control.

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT  3 , PAGE 122

1  **REQUEST FOR PRODUCTION NO. 47:**

2       All DOCUMENTS RELATING TO the performance of any

3  agreement or contract that REFERS AND RELATES TO BRATZ between Isaac

4  Larian and any PERSON (including without limitation MGA).

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

6       Larian incorporates by reference the above-stated general objections as

7  if fully set forth herein.  Larian also specifically objects to this request on the

8  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

9  information not relevant to the subject matter of this lawsuit or reasonably

10  calculated to lead to the discovery of admissible evidence.   Larian also objects to

11  this request to the extent it seeks information the disclosure of which would

12  implicate the rights of third parties to protect private, confidential, proprietary or

13  trade secret information.  Larian also objects to this request on the grounds that it

14  seeks confidential, proprietary or commercially sensitive information, the

15  disclosure of which would be inimical to the business interests of Larian and one or

16  more third parties.  Larian also objects to this request to the extent it calls for the

17  disclosure of attorney-client privileged information or information protected from

18  disclosure by the work-product doctrine, joint defense or common interest

19  privilege, or other privilege.  Larian also objects to this request to the extent it seeks

20  documents not within Larian's possession, custody or control.

21  **REQUEST FOR PRODUCTION NO. 48:**

22       All DOCUMENTS that REFER OR RELATE TO any agreement or

23  contract that REFERS AND RELATES TO BRYANT between Isaac Larian and

24  any PERSON (including without limitation MGA), including without limitation all

25  drafts thereof, all actual or proposed amendments, modifications and revisions

26  thereto and all COMMUNICATIONS RELATING thereto.

27  **RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

28       Larian incorporates by reference the above-stated general objections as

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT  3 , PAGE 103

1   if fully set forth herein.  Larian also specifically objects to this request on the

2   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

3   information not relevant to the subject matter of this lawsuit or reasonably

4   calculated to lead to the discovery of admissible evidence.  Larian also objects to

5   this request to the extent it seeks information the disclosure of which would

6   implicate the rights of third parties to protect private, confidential, proprietary or

7   trade secret information.  Larian also objects to this request on the grounds that it

8   seeks confidential, proprietary or commercially sensitive information, the

9   disclosure of which would be inimical to the business interests of Larian and one or

10  more third parties.  Larian also objects to this request to the extent it calls for the

11  disclosure of attorney-client privileged information or information protected from

12  disclosure by the work-product doctrine, joint defense or common interest

13  privilege, or other privilege.  Larian also objects to this request to the extent it seeks

14  documents not within Larian's possession, custody or control.

15  **REQUEST FOR PRODUCTION NO. 49:**

16      All DOCUMENTS RELATING TO the performance of any

17  agreement or contract that REFERS AND RELATES TO BRYANT between Isaac

18  Larian and any PERSON (including without limitation MGA).

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

20      Larian incorporates by reference the above-stated general objections as

21  if fully set forth herein.  Larian also specifically objects to this request on the

22  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

23  information not relevant to the subject matter of this lawsuit or reasonably

24  calculated to lead to the discovery of admissible evidence.  Larian also objects to

25  this request to the extent it seeks information the disclosure of which would

26  implicate the rights of third parties to protect private, confidential, proprietary or

27  trade secret information.  Larian also objects to this request on the grounds that it

28  seeks confidential, proprietary or commercially sensitive information, the

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT  3 , PAGE  104

1   disclosure of which would be inimical to the business interests of Larian and one or

2   more third parties.  Larian also objects to this request to the extent it calls for the

3   disclosure of attorney-client privileged information or information protected from

4   disclosure by the work-product doctrine, joint defense or common interest

5   privilege, or other privilege.  Larian also objects to this request to the extent it seeks

6   documents not within Larian's possession, custody or control.

7   **REQUEST FOR PRODUCTION NO. 50:**

8         All DOCUMENTS that REFER OR RELATE TO any agreement or

9   contract that REFERS AND RELATES TO BRATZ between any FAMILY

10  MEMBER of Isaac Larian and any PERSON (including without limitation MGA

11  and/or Isaac Larian), including without limitation all drafts thereof, all actual or

12  proposed amendments, modifications and revisions thereto and all

13  COMMUNICATIONS RELATING thereto.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

15        Larian incorporates by reference the above-stated general objections as

16  if fully set forth herein.  Larian also specifically objects to this request on the

17  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

18  information not relevant to the subject matter of this lawsuit or reasonably

19  calculated to lead to the discovery of admissible evidence.  Larian also objects to

20  this request to the extent it seeks information the disclosure of which would

21  implicate the rights of third parties to protect private, confidential, proprietary or

22  trade secret information.  Larian also objects to this request on the grounds that it

23  seeks confidential, proprietary or commercially sensitive information, the

24  disclosure of which would be inimical to the business interests of Larian and one or

25  more third parties.  Larian also objects to this request to the extent it calls for the

26  disclosure of attorney-client privileged information or information protected from

27  disclosure by the work-product doctrine, joint defense or common interest

28  privilege, or other privilege.  Larian also objects to this request to the extent it seeks

- 53 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 3 , PAGE 125

1    documents not within Larian's possession, custody or control.

2    **REQUEST FOR PRODUCTION NO. 51:**

3         All DOCUMENTS RELATING TO the performance of any

4    agreement or contract that REFERS AND RELATES TO BRATZ between any

5    FAMILY MEMBER of Isaac Larian and any PERSON (including without

6    limitation MGA and/or Isaac Larian).

7    **RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

8         Larian incorporates by reference the above-stated general objections as

9    if fully set forth herein.  Larian also specifically objects to this request on the

10   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

11   information not relevant to the subject matter of this lawsuit or reasonably

12   calculated to lead to the discovery of admissible evidence.  Larian also objects to

13   this request to the extent it seeks information the disclosure of which would

14   implicate the rights of third parties to protect private, confidential, proprietary or

15   trade secret information.  Larian also objects to this request on the grounds that it

16   seeks confidential, proprietary or commercially sensitive information, the

17   disclosure of which would be inimical to the business interests of Larian and one or

18   more third parties.  Larian also objects to this request to the extent it calls for the

19   disclosure of attorney-client privileged information or information protected from

20   disclosure by the work-product doctrine, joint defense or common interest

21   privilege, or other privilege.  Larian also objects to this request to the extent it seeks

22   documents not within Larian's possession, custody or control.

23   **REQUEST FOR PRODUCTION NO. 52:**

24        All DOCUMENTS RELATING TO any agreement or contract that

25   REFERS AND RELATES TO BRYANT between any FAMILY MEMBER of

26   Isaac Larian and any PERSON (including without limitation MGA and/or Isaac

27   Larian), including without limitation all drafts thereof, all actual or proposed

28   amendments, modifications and revisions thereto and all COMMUNICATIONS

- 54 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT __3__ , PAGE 106

1  RELATING thereto.

2  **RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

3         Larian incorporates by reference the above-stated general objections as

4  if fully set forth herein. Larian also specifically objects to this request on the

5  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

6  information not relevant to the subject matter of this lawsuit or reasonably

7  calculated to lead to the discovery of admissible evidence. Larian also objects to

8  this request to the extent it seeks information the disclosure of which would

9  implicate the rights of third parties to protect private, confidential, proprietary or

10  trade secret information. Larian also objects to this request on the grounds that it

11  seeks confidential, proprietary or commercially sensitive information, the

12  disclosure of which would be inimical to the business interests of Larian and one or

13  more third parties. Larian also objects to this request to the extent it calls for the

14  disclosure of attorney-client privileged information or information protected from

15  disclosure by the work-product doctrine, joint defense or common interest

16  privilege, or other privilege. Larian also objects to this request to the extent it seeks

17  documents not within Larian's possession, custody or control.

18  **REQUEST FOR PRODUCTION NO. 53:**

19         All DOCUMENTS RELATING TO the performance of any

20  agreement or contract that REFERS AND RELATES TO BRYANT between any

21  FAMILY MEMBER of Isaac Larian and any PERSON (including without

22  limitation MGA and/or Isaac Larian).

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

24         Larian incorporates by reference the above-stated general objections as

25  if fully set forth herein. Larian also specifically objects to this request on the

26  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

27  information not relevant to the subject matter of this lawsuit or reasonably

28  calculated to lead to the discovery of admissible evidence. Larian also objects to

LARJAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT  3  , PAGE 127

1   this request to the extent it seeks information the disclosure of which would

2   implicate the rights of third parties to protect private, confidential, proprietary or

3   trade secret information.  Larian also objects to this request on the grounds that it

4   seeks confidential, proprietary or commercially sensitive information, the

5   disclosure of which would be inimical to the business interests of Larian and one or

6   more third parties.  Larian also objects to this request to the extent it calls for the

7   disclosure of attorney-client privileged information or information protected from

8   disclosure by the work-product doctrine, joint defense or common interest

9   privilege, or other privilege.  Larian also objects to this request to the extent it seeks

10  documents not within Larian's possession, custody or control.

11  **REQUEST FOR PRODUCTION NO. 54:**

12           All DOCUMENTS RELATING TO royalties or payments

13  RELATING TO BRATZ that have been made by any PERSON (including without

14  limitation MGA) to, for or on behalf of Isaac Larian.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

16           Larian incorporates by reference the above-stated general objections as

17  if fully set forth herein. Larian also specifically objects to this request on the

18  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

19  information not relevant to the subject matter of this lawsuit or reasonably

20  calculated to lead to the discovery of admissible evidence.  Larian also specifically

21  objects to this request on the grounds that it is overbroad including, without

22  limitation, in that it is not limited as to time of the royalties or payments or as to the

23  individuals who made such royalties or payments, if any.  Larian also objects to this

24  request on the grounds that it is vague and ambiguous, particularly in that Larian

25  cannot determine what is meant by "royalties or payments…on behalf of Isaac

26  Larian." Larian also objects to this request on the grounds that it seeks confidential,

27  proprietary or commercially sensitive information, the disclosure of which would

28  be inimical to the business interests of Larian and one or more third parties.  Larian

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 3 , PAGE 128

1    also objects to this request to the extent it seeks information the disclosure of which

2    would implicate the rights of third parties to protect private, confidential,

3    proprietary or trade secret information.  Larian also objects to this request to the

4    extent it calls for the disclosure of attorney-client privileged information or

5    information protected from disclosure by the work-product doctrine, joint defense

6    or common interest privilege, or other privilege.

7    **REQUEST FOR PRODUCTION NO. 55:**

8            All DOCUMENTS RELATING TO royalties or payments

9    RELATING TO BRATZ that have been made by any PERSON (without limitation

10   MGA) to, for or on behalf of any FAMILY MEMBER of Isaac Larian.

11   **RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

12           Larian incorporates by reference the above-stated general objections as

13   if fully set forth herein.  Larian also specifically objects to this request on the

14   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

15   information not relevant to the subject matter of this lawsuit or reasonably

16   calculated to lead to the discovery of admissible evidence.  Larian also specifically

17   objects to this request on the grounds that it is overbroad including, without

18   limitation, in that it is not limited as to time of the royalties or payments or as to the

19   individuals who made such royalties or payments, if any.  Larian also objects to this

20   request on the grounds that it is vague and ambiguous, particularly in that Larian

21   cannot determine what is meant by "royalties or payments…on behalf of any family

22   member."  Larian also objects to this request on the grounds that it seeks

23   confidential, proprietary or commercially sensitive information, the disclosure of

24   which would be inimical to the business interests of Larian and one or more third

25   parties.  Larian also objects to this request to the extent it seeks information the

26   disclosure of which would implicate the rights of third parties to protect private,

27   confidential, proprietary or trade secret information.  Larian also objects to this

28   request to the extent it calls for the disclosure of attorney-client privileged

LARIAN'S RESPONSE TO MATTEL'S 1ST
- 57 -          SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT  3 , PAGE |87

1    information or information protected from disclosure by the work-product doctrine,

2    joint defense or common interest privilege, or other privilege. Larian also objects

3    to this request to the extent it seeks documents not within Larian's possession,

4    custody or control.

5    **REQUEST FOR PRODUCTION NO. 56:**

6          All DOCUMENTS RELATING TO DIVA STARZ and RELATING

7    TO any time prior to December 31, 2001 (regardless of when such document was

8    prepared, written, transmitted or received, whether in whole or in part).

9    **RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

10          Larian incorporates by reference the above-stated general objections as

11    if fully set forth herein. Larian also specifically objects to this request on the

12    grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

13    information not relevant to the subject matter of this lawsuit or reasonably

14    calculated to lead to the discovery of admissible evidence. Larian also objects to

15    this request on the grounds that it seeks confidential, proprietary or commercially

16    sensitive information, the disclosure of which would be inimical to the business

17    interests of Larian and one or more third parties. Larian also objects to this request

18    to the extent it seeks information the disclosure of which would implicate the rights

19    of third parties to protect private, confidential, proprietary or trade secret

20    information. Larian also objects to this request to the extent it calls for the

21    disclosure of attorney-client privileged information or information protected from

22    disclosure by the work-product doctrine, joint defense or common interest

23    privilege, or other privilege. Larian also objects to this request to the extent it seeks

24    documents not within Larian's possession, custody or control.

25    **REQUEST FOR PRODUCTION NO. 57:**

26          All DOCUMENTS RELATING TO YOUR or MGA's knowledge of

27    DIVA STARZ and RELATING TO any time prior to December 31, 2001

28    (regardless of when such document was prepared, written, transmitted or received,

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT _3_, PAGE _130_

1    whether in whole or in part).

2    **RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

3          Larian incorporates by reference the above-stated general objections as

4    if fully set forth herein. Larian also specifically objects to this request on the

5    grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

6    information not relevant to the subject matter of this lawsuit or reasonably

7    calculated to lead to the discovery of admissible evidence. Larian also objects to

8    this request on the grounds that it seeks confidential, proprietary or commercially

9    sensitive information, the disclosure of which would be inimical to the business

10    interests of Larian and one or more third parties. Larian also objects to this request

11    to the extent it seeks information the disclosure of which would implicate the rights

12    of third parties to protect private, confidential, proprietary or trade secret

13    information. Larian also objects to this request to the extent it calls for the

14    disclosure of attorney-client privileged information or information protected from

15    disclosure by the work-product doctrine, joint defense or common interest

16    privilege, or other privilege. Larian also objects to this request to the extent it seeks

17    documents not within Larian's possession, custody or control.

18    **REQUEST FOR PRODUCTION NO. 58:**

19          All DOCUMENTS RELATING TO MATTEL's consideration or

20    proposed use of "Brats," "Chat Brats" or any variation thereon and RELATING TO

21    any time prior to December 31, 2001 (regardless of when such document was

22    prepared, written, transmitted or received, whether in whole or in part).

23    **RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

24          Larian incorporates by reference the above-stated general objections as

25    if fully set forth herein. Larian also specifically objects to this request on the

26    grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

27    information not relevant to the subject matter of this lawsuit or reasonably

28    calculated to lead to the discovery of admissible evidence. Larian also objects to

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 3 , PAGE 131