1  this request on the grounds that it is vague and ambiguous in that Larian cannot

2  determine what is meant by "proposed use of 'Brats,' 'Chat Brats' or any variation

3  thereon." Larian also objects to this request on the grounds that it seeks

4  confidential, proprietary or commercially sensitive information, the disclosure of

5  which would be inimical to the business interests of Larian and one or more third

6  parties. Larian also objects to this request to the extent it seeks information the

7  disclosure of which would implicate the rights of third parties to protect private,

8  confidential, proprietary or trade secret information. Larian also objects to this

9  request to the extent it calls for the disclosure of attorney-client privileged

10  information or information protected from disclosure by the work-product doctrine,

11  joint defense or common interest privilege, or other privilege. Larian also objects

12  to this request to the extent it seeks documents not within Larian's possession,

13  custody or control.

14       Subject to the foregoing, Larian will produce any personal documents

15  received prior to the inception of this litigation that are relevant and responsive to

16  the request, if any, and that have not already been produced, that he discovers in the

17  course of his reasonable search and diligent inquiry, which are within the

18  permissible scope of discovery, and to which no privilege or other protection

19  applies, including without limitation, the attorney-client privilege or attorney's

20  work product doctrine.

21  **REQUEST FOR PRODUCTION NO. 59:**

22       All DOCUMENTS RELATING TO "Toon Teens."

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

24       Larian incorporates by reference the above-stated general objections as

25  if fully set forth herein. Larian also specifically objects to this request on the

26  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

27  information not relevant to the subject matter of this lawsuit or reasonably

28  calculated to lead to the discovery of admissible evidence. Larian also objects to

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT __3__ , PAGE |3ᴼ

1   this request on the grounds that it is overbroad, unduly burdensome, and oppressive

2   in seeking all documents relating to "Toon Teens."  Larian also objects to this

3   request on the grounds that it is vague and ambiguous in that Larian cannot

4   determine what is meant by "Toon Teens."  Larian also objects to this request on

5   the grounds that it seeks confidential, proprietary or commercially sensitive

6   information, the disclosure of which would be inimical to the business interests of

7   Larian and one or more third parties.  Larian further objects to this request to the

8   extent it seeks information the disclosure of which would implicate the rights of

9   third parties to protect private, confidential, proprietary or trade secret information.

10  Larian also objects to this request to the extent it calls for the disclosure of attorney-

11  client privileged information or information protected from disclosure by the work-

12  product doctrine, joint defense or common interest privilege, or other privilege.

13  Larian also objects to this request to the extent it seeks documents not within

14  Larian's possession, custody or control.

15          Subject to the foregoing, Larian will produce any personal documents

16  received prior to the inception of this litigation that are relevant and responsive to

17  the request, if any, and that have not already been produced, that he discovers in the

18  course of his reasonable search and diligent inquiry, which are within the

19  permissible scope of discovery, and to which no privilege or other protection

20  applies, including without limitation, the attorney-client privilege or attorney's

21  work product doctrine.

22  **REQUEST FOR PRODUCTION NO. 60:**

23          All DOCUMENTS RELATING TO YOUR or MGA's knowledge of

24  "Toon Teens."

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

26          Larian incorporates by reference the above-stated general objections as

27  if fully set forth herein.  Larian also specifically objects to this request on the

28  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT  3 , PAGE 133

1 information not relevant to the subject matter of this lawsuit or reasonably

2 calculated to lead to the discovery of admissible evidence.  Larian also objects to

3 this request on the grounds that it is overbroad, unduly burdensome, in that it is

4 duplicative of request number 59.  Larian also objects to this request on the grounds

5 that it is vague and ambiguous in that Larian cannot determine what is meant by

6 "Toon Teens."  Larian also objects to this request on the grounds that it seeks

7 confidential, proprietary or commercially sensitive information, the disclosure of

8 which would be inimical to the business interests of Larian and one or more third

9 parties.  Larian further objects to this request to the extent it seeks information the

10 disclosure of which would implicate the rights of third parties to protect private,

11 confidential, proprietary or trade secret information.  Larian also objects to this

12 request to the extent it calls for the disclosure of attorney-client privileged

13 information or information protected from disclosure by the work-product doctrine,

14 joint defense or common interest privilege, or other privilege.  Larian also objects

15 to this request to the extent it seeks documents not within Larian's possession,

16 custody or control.

17   Subject to the foregoing, Larian will produce any personal documents

18 relating to the knowledge prior to the inception of this litigation that are relevant

19 and responsive to the request, if any, and that have not already been produced, that

20 he discovers in the course of his reasonable search and diligent inquiry, which are

21 within the permissible scope of discovery, and to which no privilege or other

22 protection applies, including without limitation, the attorney-client privilege or

23 attorney's work product doctrine.

24 **REQUEST FOR PRODUCTION NO. 61:**

25   All DOCUMENTS, including without limitation

26 COMMUNICATIONS, prepared, drafted, created, received or transmitted (whether

27 in whole or in part) prior to December 31, 2001 RELATING TO BRYANT.

28

- 62 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT __3__ , PAGE l34

1   **RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

2         Larian incorporates by reference the above-stated general objections as

3   if fully set forth herein. Larian also specifically objects to this request on the

4   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

5   information not relevant to the subject matter of this lawsuit or reasonably

6   calculated to lead to the discovery of admissible evidence. Larian also objects to

7   this request on the grounds that it seeks confidential, proprietary or commercially

8   sensitive information, the disclosure of which would be inimical to the business

9   interests of Larian and one or more third parties. Larian also objects to this request

10   to the extent it calls for the disclosure of attorney-client privileged information or

11   information protected from disclosure by the work-product doctrine, joint defense

12   or common interest privilege, or other privilege.

13         Subject to the foregoing, Larian will produce any personal documents

14   relating to Bratz and Prayer Angels that are relevant and responsive to the request,

15   if any, and that have not already been produced, that he discovers in the course of

16   his reasonable search and diligent inquiry, which are within the permissible scope

17   of discovery, and to which no privilege or other protection applies, including

18   without limitation, the attorney-client privilege or attorney's work product doctrine.

19   **REQUEST FOR PRODUCTION NO. 62:**

20         All DOCUMENTS RELATING TO any actual, potential, proposed,

21   considered or contemplated work, activities or services, including without

22   limitation any freelance work or consulting services, by BRYANT for, with or on

23   behalf of YOU or MGA prior to December 31, 2001 (regardless of when any such

24   DOCUMENT was prepared, created, received or transmitted, whether in whole or

25   in part).

26   **RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

27         Larian incorporates by reference the above-stated general objections as

28   if fully set forth herein. Larian also specifically objects to this request on the

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 3 , PAGE 135

1   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

2   information not relevant to the subject matter of this lawsuit or reasonably

3   calculated to lead to the discovery of admissible evidence. Larian also objects to

4   this request on the ground that it is overbroad, unduly burdensome, and oppressive

5   in seeking all documents relating to any work, activities or services that Bryant

6   performed for or with Larian or MGA or on their behalf. Larian also objects to this

7   request on the grounds that it is vague and ambiguous in that Larian cannot

8   determine what is meant by "activities or services" and "with or on behalf of YOU

9   or MGA." Larian will interpret "activities or services" to mean "work or services,"

10   and "with" to mean "on behalf of." Larian also objects to this request on the

11   grounds that it seeks confidential, proprietary or commercially sensitive

12   information, the disclosure of which would be inimical to the business interests of

13   Larian and one or more third parties. Larian also objects to this request to the

14   extent it seeks information the disclosure of which would implicate the rights of

15   third parties to protect private, confidential, proprietary or trade secret information.

16   Larian also objects to this request to the extent it calls for the disclosure of attorney-

17   client privileged information or information protected from disclosure by the work-

18   product doctrine, joint defense or common interest privilege, or other privilege.

19   Larian also objects to this request to the extent it seeks documents not within

20   Larian's possession, custody or control.

21         Subject to the foregoing, Larian will produce any personal documents

22   relating to Bratz and Prayer Angels that are relevant and responsive to the request,

23   if any, and that have not already been produced, that he discovers in the course of

24   his reasonable search and diligent inquiry, which are within the permissible scope

25   of discovery, and to which no privilege or other protection applies, including

26   without limitation, the attorney-client privilege or attorney's work product doctrine.

27   **REQUEST FOR PRODUCTION NO. 63:**

28         All DOCUMENTS RELATING TO any actual, potential, proposed,

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT __3__, PAGE _136_

1  considered or contemplated work, activities or services, including without

2  limitation any freelance work or consulting services, by Anna Rhee for, with or on

3  behalf of YOU or MGA prior to December 31, 2001 (regardless of when any such

4  DOCUMENT was prepared, created, received or transmitted, whether in whole or

5  in part).

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

7        Larian incorporates by reference the above-stated general objections as

8  if fully set forth herein.  Larian also specifically objects to this request on the

9  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

10  information not relevant to the subject matter of this lawsuit or reasonably

11  calculated to lead to the discovery of admissible evidence.  Larian also objects to

12  this request on the ground that it is overbroad, unduly burdensome, and oppressive

13  in seeking all documents relating to any work, activities or services that Anna Rhee

14  performed for or with Larian or MGA or on their behalf.  Larian also objects to this

15  request on the grounds that it is vague and ambiguous in that Larian cannot

16  determine what is meant by "activities or services" and "with or on behalf of YOU

17  or MGA."  Larian will interpret "activities or services" to mean "work or services,"

18  and "with" to mean "on behalf of."  Larian also objects to this request to the extent

19  it seeks information the disclosure of which would implicate the rights of third

20  parties to protect private, confidential, proprietary or trade secret information.

21  Larian also objects to this request on the grounds that it seeks confidential,

22  proprietary or commercially sensitive information, the disclosure of which would

23  be inimical to the business interests of Larian and one or more third parties.  Larian

24  also objects to this request to the extent it calls for the disclosure of attorney-client

25  privileged information or information protected from disclosure by the work-

26  product doctrine, joint defense or common interest privilege, or other privilege.

27  Larian also objects to this request to the extent it seeks documents not within

28  Larian's possession, custody or control.

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT __3__, PAGE |37

1        Subject to the foregoing, Larian will produce any personal documents

2  dated prior to January 1, 2001, that are relevant and responsive to the request, if

3  any, and that have not already been produced, that he discovers in the course of his

4  reasonable search and diligent inquiry, which are within the permissible scope of

5  discovery, and to which no privilege or other protection applies, including without

6  limitation, the attorney-client privilege or attorney's work product doctrine.

7  **REQUEST FOR PRODUCTION NO. 64:**

8        All DOCUMENTS RELATING TO any actual, potential, proposed,

9  considered or contemplated work, activities or services, including without

10  limitation any freelance work or consulting services, by Veronica Marlow for, with

11  or on behalf of YOU or MGA prior to December 31, 2001 (regardless of when any

12  such DOCUMENT was prepared, created, received or transmitted, whether in

13  whole or in part).

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

15        Larian incorporates by reference the above-stated general objections as

16  if fully set forth herein.  Larian also specifically objects to this request on the

17  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

18  information not relevant to the subject matter of this lawsuit or reasonably

19  calculated to lead to the discovery of admissible evidence.  Larian also objects to

20  this request on the ground that it is overbroad, unduly burdensome, and oppressive

21  in seeking all documents relating to any work, activities or services that Veronica

22  Marlow performed for or with Larian or MGA or on their behalf.  Larian also

23  objects to this request on the grounds that it is vague and ambiguous in that Larian

24  cannot determine what is meant by "activities or services" and "with or on behalf of

25  YOU or MGA."  Larian will interpret "activities or services" to mean "work or

26  services," and "with" to mean "on behalf of."  Larian also objects to this request to

27  the extent it seeks information the disclosure of which would implicate the rights of

28  third parties to protect private, confidential, proprietary or trade secret information.

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT ___3___, PAGE 138

1  Larian also objects to this request on the grounds that it seeks confidential,

2  proprietary or commercially sensitive information, the disclosure of which would

3  be inimical to the business interests of Larian and one or more third parties.  Larian

4  also objects to this request to the extent it calls for the disclosure of attorney-client

5  privileged information or information protected from disclosure by the work-

6  product doctrine, joint defense or common interest privilege, or other privilege.

7  Larian also objects to this request to the extent it seeks documents not within

8  Larian's possession, custody or control.

9          Subject to the foregoing, Larian will produce any personal documents

10  dated prior to January 1, 2001, that are relevant and responsive to the request, if

11  any, and that have not already been produced, that he discovers in the course of his

12  reasonable search and diligent inquiry, which are within the permissible scope of

13  discovery, and to which no privilege or other protection applies, including without

14  limitation, the attorney-client privilege or attorney's work product doctrine.

15  **REQUEST FOR PRODUCTION NO. 65:**

16          All DOCUMENTS RELATING TO any actual, potential, proposed,

17  considered or contemplated work, activities or services, including without

18  limitation any freelance work or consulting services, by Sarah Halpern for, with or

19  on behalf of YOU or MGA prior to December 31, 2001 (regardless of when any

20  such DOCUMENT was prepared, created, received or transmitted, whether in

21  whole or in part).

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

23          Larian incorporates by reference the above-stated general objections as

24  if fully set forth herein.  Larian also specifically objects to this request on the

25  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

26  information not relevant to the subject matter of this lawsuit or reasonably

27  calculated to lead to the discovery of admissible evidence.  Larian also objects to

28  this request on the ground that it is overbroad, unduly burdensome, and oppressive

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT __3__, PAGE 137

1   in seeking all documents relating to any work, activities or services that Sarah

2   Halpern performed for or with Larian or MGA or on their behalf.  Larian also

3   objects to this request on the grounds that it is vague and ambiguous in that Larian

4   cannot determine what is meant by "activities or services" and "with or on behalf of

5   YOU or MGA."  Larian will interpret "activities or services" to mean "work or

6   services," and "with" to mean "on behalf of."  Larian also objects to this request to

7   the extent it seeks information the disclosure of which would implicate the rights of

8   third parties to protect private, confidential, proprietary or trade secret information.

9   Larian also objects to this request on the grounds that it seeks confidential,

10  proprietary or commercially sensitive information, the disclosure of which would

11  be inimical to the business interests of Larian and one or more third parties.  Larian

12  also objects to this request to the extent it calls for the disclosure of attorney-client

13  privileged information or information protected from disclosure by the work-

14  product doctrine, joint defense or common interest privilege, or other privilege.

15  Larian also objects to this request to the extent it seeks documents not within

16  Larian's possession, custody or control.

17          Subject to the foregoing, Larian will produce any personal documents

18  dated prior to January 1, 2001, that are relevant and responsive to the request, if

19  any, and that have not already been produced, that he discovers in the course of his

20  reasonable search and diligent inquiry, which are within the permissible scope of

21  discovery, and to which no privilege or other protection applies, including without

22  limitation, the attorney-client privilege or attorney's work product doctrine.

23  **REQUEST FOR PRODUCTION NO. 66:**

24          All DOCUMENTS RELATING TO any actual, potential, proposed,

25  considered or contemplated work, activities or services, including without

26  limitation any freelance work or consulting services, by Jesse Ramirez for, with or

27  on behalf of YOU or MGA prior to December 31, 2001 (regardless of when any

28  such DOCUMENT was prepared, created, received or transmitted, whether in

- 68 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 3 , PAGE 140

1  whole or in part).

2  **RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

3       Larian incorporates by reference the above-stated general objections as

4  if fully set forth herein. Larian also specifically objects to this request on the

5  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

6  information not relevant to the subject matter of this lawsuit or reasonably

7  calculated to lead to the discovery of admissible evidence. Larian also objects to

8  this request on the ground that it is overbroad, unduly burdensome, and oppressive

9  in seeking all documents relating to any work, activities or services that Jesse

10  Ramirez performed for or with Larian or MGA or on their behalf. Larian also

11  objects to this request on the grounds that it is vague and ambiguous in that Larian

12  cannot determine what is meant by "activities or services" and "with or on behalf of

13  YOU or MGA." Larian will interpret "activities or services" to mean "work or

14  services," and "with" to mean "on behalf of." Larian also objects to this request to

15  the extent it seeks information the disclosure of which would implicate the rights of

16  third parties to protect private, confidential, proprietary or trade secret information.

17  Larian also objects to this request on the grounds that it seeks confidential,

18  proprietary or commercially sensitive information, the disclosure of which would

19  be inimical to the business interests of Larian and one or more third parties. Larian

20  also objects to this request to the extent it calls for the disclosure of attorney-client

21  privileged information or information protected from disclosure by the work-

22  product doctrine, joint defense or common interest privilege, or other privilege.

23  Larian also objects to this request to the extent it seeks documents not within

24  Larian's possession, custody or control.

25       Subject to the foregoing, Larian will produce any personal documents

26  dated prior to January 1, 2001, that are relevant and responsive to the request, if

27  any, and that have not already been produced, that he discovers in the course of his

28  reasonable search and diligent inquiry, which are within the permissible scope of

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 3 , PAGE 141

1    discovery, and to which no privilege or other protection applies, including without

2    limitation, the attorney-client privilege or attorney's work product doctrine.

3    **REQUEST FOR PRODUCTION NO. 67:**

4              All DOCUMENTS RELATING TO any actual, potential, proposed,

5    considered or contemplated work, activities or services, including without

6    limitation any freelance work or consulting services, by Margaret Hatch (also

7    known as Margaret Leahy and/or Margaret Hatch-Leahy) for, with or on behalf of

8    YOU or MGA prior to December 31, 2001 (regardless of when any such

9    DOCUMENT was prepared, created, received or transmitted, whether in whole or

10   in part).

11   **RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

12             Larian incorporates by reference the above-stated general objections as

13   if fully set forth herein.  Larian also specifically objects to this request on the

14   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

15   information not relevant to the subject matter of this lawsuit or reasonably

16   calculated to lead to the discovery of admissible evidence.  Larian also objects to

17   this request on the ground that it is overbroad, unduly burdensome, and oppressive

18   in seeking all documents relating to any work, activities or services that Margaret

19   Hatch (also known as Margaret Leahy and/or Margaret Hatch-Leahy) performed for

20   or with Larian or MGA or on their behalf.  Larian also objects to this request on the

21   grounds that it is vague and ambiguous in that Larian cannot determine what is

22   meant by "activities or services" and "with or on behalf of YOU or MGA."  Larian

23   will interpret "activities or services" to mean "work or services," and "with" to

24   mean "on behalf of."  Larian also objects to this request to the extent it seeks

25   information the disclosure of which would implicate the rights of third parties to

26   protect private, confidential, proprietary or trade secret information.  Larian also

27   objects to this request on the grounds that it seeks confidential, proprietary or

28   commercially sensitive information, the disclosure of which would be inimical to

- 70 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT   3  , PAGE  142

1   the business interests of Larian and one or more third parties. Larian also objects to

2   this request to the extent it calls for the disclosure of attorney-client privileged

3   information or information protected from disclosure by the work-product doctrine,

4   joint defense or common interest privilege, or other privilege. Larian also objects

5   to this request to the extent it seeks documents not within Larian's possession,

6   custody or control.

7           Subject to the foregoing, Larian will produce any personal documents

8   dated prior to January 1, 2001, that are relevant and responsive to the request, if

9   any, and that have not already been produced, that he discovers in the course of his

10  reasonable search and diligent inquiry, which are within the permissible scope of

11  discovery, and to which no privilege or other protection applies, including without

12  limitation, the attorney-client privilege or attorney's work product doctrine.

13  **REQUEST FOR PRODUCTION NO. 68:**

14          All DOCUMENTS RELATING TO any actual, potential, proposed,

15  considered or contemplated work, activities or services, including without

16  limitation any freelance work or consulting services, by Elise Cloonan for, with or

17  on behalf of YOU or MGA.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

19          Larian incorporates by reference the above-stated general objections as

20  if fully set forth herein. Larian also specifically objects to this request on the

21  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

22  information not relevant to the subject matter of this lawsuit or reasonably

23  calculated to lead to the discovery of admissible evidence. Larian also objects to

24  this request on the ground that it is overbroad, unduly burdensome, and oppressive

25  in seeking all documents relating to any work, activities or services that Elise

26  Cloonan performed for or with Larian or MGA or on their behalf, without

27  limitation as to time. Larian also objects to this request on the grounds that it is

28  vague and ambiguous in that Larian cannot determine what is meant by "activities

EXHIBIT __3__ , PAGE 143

1   or services" and "with or on behalf of YOU or MGA." Larian will interpret

2   "activities or services" to mean "work or services," and "with" to mean "on behalf

3   of." Larian also objects to this request to the extent it seeks information the

4   disclosure of which would implicate the rights of third parties to protect private,

5   confidential, proprietary or trade secret information. Larian also objects to this

6   request on the grounds that it seeks confidential, proprietary or commercially

7   sensitive information, the disclosure of which would be inimical to the business

8   interests of Larian and one or more third parties. Larian also objects to this request

9   to the extent it calls for the disclosure of attorney-client privileged information or

10  information protected from disclosure by the work-product doctrine, joint defense

11  or common interest privilege, or other privilege. Larian also objects to this request

12  to the extent it seeks documents not within Larian's possession, custody or control.

13          Subject to the foregoing, Larian will produce any personal documents

14  dated prior to January 1, 2001, that are relevant and responsive to the request, if

15  any, and that have not already been produced, that he discovers in the course of his

16  reasonable search and diligent inquiry, which are within the permissible scope of

17  discovery, and to which no privilege or other protection applies, including without

18  limitation, the attorney-client privilege or attorney's work product doctrine.

19  **REQUEST FOR PRODUCTION NO. 69:**

20          All DOCUMENTS RELATING TO any actual, potential, proposed,

21  considered or contemplated work, activities or services, including without

22  limitation any freelance work or consulting services, by Maureen Mullen for, with

23  or on behalf of YOU or MGA.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

25          Larian incorporates by reference the above-stated general objections as

26  if fully set forth herein. Larian also specifically objects to this request on the

27  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

28  information not relevant to the subject matter of this lawsuit or reasonably

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT __3__, PAGE 144

1  calculated to lead to the discovery of admissible evidence.  Larian also objects to

2  this request on the ground that it is overbroad, unduly burdensome, and oppressive

3  in seeking all documents relating to any work, activities or services that Maureen

4  Mullen performed for or with Larian or MGA or on their behalf, without limitation

5  as to time.  Larian also objects to this request on the grounds that it is vague and

6  ambiguous in that Larian cannot determine what is meant by "activities or services"

7  and "with or on behalf of YOU or MGA."  Larian will interpret "activities or

8  services" to mean "work or services," and "with" to mean "on behalf of."  Larian

9  also objects to this request to the extent it seeks information the disclosure of which

10  would implicate the rights of third parties to protect private, confidential,

11  proprietary or trade secret information.  Larian also objects to this request on the

12  grounds that it seeks confidential, proprietary or commercially sensitive

13  information, the disclosure of which would be inimical to the business interests of

14  Larian and one or more third parties.  Larian also objects to this request to the

15  extent it calls for the disclosure of attorney-client privileged information or

16  information protected from disclosure by the work-product doctrine, joint defense

17  or common interest privilege, or other privilege.  Larian also objects to this request

18  to the extent it seeks documents not within Larian's possession, custody or control.

19  **REQUEST FOR PRODUCTION NO. 70:**

20          All DOCUMENTS RELATING TO any actual, potential, proposed,

21  considered or contemplated work, activities or services, including without

22  limitation any freelance work or consulting services, by Billy Ragsdale for, with or

23  on behalf of YOU or MGA.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

25          Larian incorporates by reference the above-stated general objections as

26  if fully set forth herein. Larian also specifically objects to this request on the

27  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

28  information not relevant to the subject matter of this lawsuit or reasonably

- 73 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT __3__, PAGE 145

1   calculated to lead to the discovery of admissible evidence.  Larian also objects to

2   this request on the ground that it is overbroad, unduly burdensome, and oppressive

3   in seeking all documents relating to any work, activities or services that Billy

4   Ragsdale performed for or with Larian or MGA or on their behalf, without

5   limitation as to time.  Larian also objects to this request on the grounds that it is

6   vague and ambiguous in that Larian cannot determine what is meant by "activities

7   or services" and "with or on behalf of YOU or MGA."  Larian will interpret

8   "activities or services" to mean "work or services," and "with" to mean "on behalf

9   of."  Larian also objects to this request to the extent it seeks information the

10  disclosure of which would implicate the rights of third parties to protect private,

11  confidential, proprietary or trade secret information.  Larian also objects to this

12  request on the grounds that it seeks confidential, proprietary or commercially

13  sensitive information, the disclosure of which would be inimical to the business

14  interests of Larian and one or more third parties.  Larian also objects to this request

15  to the extent it calls for the disclosure of attorney-client privileged information or

16  information protected from disclosure by the work-product doctrine, joint defense

17  or common interest privilege, or other privilege.  Larian also objects to this request

18  to the extent it seeks documents not within Larian's possession, custody or control.

19          Subject to the foregoing, Larian will produce any personal documents

20  dated prior to June 1, 2001, relating to Bratz that are relevant and responsive to the

21  request, if any, and that have not already been produced, that he discovers in the

22  course of his reasonable search and diligent inquiry, which are within the

23  permissible scope of discovery, and to which no privilege or other protection

24  applies, including without limitation, the attorney-client privilege or attorney's

25  work product doctrine.

26  **REQUEST FOR PRODUCTION NO. 71:**

27          All DOCUMENTS RELATING TO any actual, potential, proposed,

28  considered or contemplated work, activities or services, including without

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT __3__, PAGE 146

1  limitation any freelance work or consulting services, by Wendy Ragsdale for, with

2  or on behalf of YOU or MGA.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 71:**

4          Larian incorporates by reference the above-stated general objections as

5  if fully set forth herein.  Larian also specifically objects to this request on the

6  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

7  information not relevant to the subject matter of this lawsuit or reasonably

8  calculated to lead to the discovery of admissible evidence.  Larian also objects to

9  this request on the ground that it is overbroad, unduly burdensome, and oppressive

10  in seeking all documents relating to any work, activities or services that Wendy

11  Ragsdale performed for or with Larian or MGA or on their behalf, without

12  limitation as to time.  Larian also objects to this request on the grounds that it is

13  vague and ambiguous in that Larian cannot determine what is meant by "activities

14  or services" and "with or on behalf of YOU or MGA."  Larian will interpret

15  "activities or services" to mean "work or services," and "with" to mean "on behalf

16  of."  Larian also objects to this request to the extent it seeks information the

17  disclosure of which would implicate the rights of third parties to protect private,

18  confidential, proprietary or trade secret information.  Larian also objects to this

19  request on the grounds that it seeks confidential, proprietary or commercially

20  sensitive information, the disclosure of which would be inimical to the business

21  interests of Larian and one or more third parties.  Larian also objects to this request

22  to the extent it calls for the disclosure of attorney-client privileged information or

23  information protected from disclosure by the work-product doctrine, joint defense

24  or common interest privilege, or other privilege.  Larian also objects to this request

25  to the extent it seeks documents not within Larian's possession, custody or control.

26          Subject to the foregoing, Larian will produce any personal documents

27  dated prior to June 1, 2001, relating to Bratz that are relevant and responsive to the

28  request, if any, and that have not already been produced, that he discovers in the

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT __3__, PAGE 147

1   course of his reasonable search and diligent inquiry, which are within the

2   permissible scope of discovery, and to which no privilege or other protection

3   applies, including without limitation, the attorney-client privilege or attorney's

4   work product doctrine.

5   **REQUEST FOR PRODUCTION NO. 72:**

6        All DOCUMENTS RELATING TO any actual, potential, proposed,

7   considered or contemplated work, activities or services, including without

8   limitation any freelance work or consulting services, by David Dees for, with or on

9   behalf of YOU or MGA.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 72:**

11       Larian incorporates by reference the above-stated general objections as

12  if fully set forth herein.  Larian also specifically objects to this request on the

13  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

14  information not relevant to the subject matter of this lawsuit or reasonably

15  calculated to lead to the discovery of admissible evidence.  Larian also objects to

16  this request on the ground that it is overbroad, unduly burdensome, and oppressive

17  in seeking all documents relating to any work, activities or services that David Dees

18  performed for or with Larian or MGA or on their behalf, without limitation as to

19  time.  Larian also objects to this request on the grounds that it is vague and

20  ambiguous in that Larian cannot determine what is meant by "activities or services"

21  and "with or on behalf of YOU or MGA."  Larian will interpret "activities or

22  services" to mean "work or services," and "with" to mean "on behalf of."  Larian

23  also objects to this request to the extent it seeks information the disclosure of which

24  would implicate the rights of third parties to protect private, confidential,

25  proprietary or trade secret information.  Larian also objects to this request on the

26  grounds that it seeks confidential, proprietary or commercially sensitive

27  information, the disclosure of which would be inimical to the business interests of

28  Larian and one or more third parties.  Larian also objects to this request to the

- 76 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT __3__, PAGE |48

1   extent it calls for the disclosure of attorney-client privileged information or

2   information protected from disclosure by the work-product doctrine, joint defense

3   or common interest privilege, or other privilege. Larian also objects to this request

4   to the extent it seeks documents not within Larian's possession, custody or control.

5          Subject to the foregoing, Larian will produce any personal documents

6   dated prior to June 1, 2001, relating to Bratz that are relevant and responsive to the

7   request, if any, and that have not already been produced, that he discovers in the

8   course of his reasonable search and diligent inquiry, which are within the

9   permissible scope of discovery, and to which no privilege or other protection

10  applies, including without limitation, the attorney-client privilege or attorney's

11  work product doctrine.

12  **REQUEST FOR PRODUCTION NO. 73:**

13          All DOCUMENTS RELATING TO any actual, potential, proposed,

14  considered or contemplated work, activities or services, including without

15  limitation any freelance work or consulting services, by Steve Linker for, with or on

16  behalf of YOU or MGA.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 73:**

18          Larian incorporates by reference the above-stated general objections as

19  if fully set forth herein. Larian also specifically objects to this request on the

20  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

21  information not relevant to the subject matter of this lawsuit or reasonably

22  calculated to lead to the discovery of admissible evidence. Larian also objects to

23  this request on the ground that it is overbroad, unduly burdensome, and oppressive

24  in seeking all documents relating to any work, activities or services that Steve

25  Linker performed for or with Larian or MGA or on their behalf, without limitation

26  as to time. Larian also objects to this request on the grounds that it is vague and

27  ambiguous in that Larian cannot determine what is meant by "activities or services"

28  and "with or on behalf of YOU or MGA." Larian will interpret "activities or

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

- 77 -

EXHIBIT   3  , PAGE  149

1   services" to mean "work or services," and "with" to mean "on behalf of." Larian

2   also objects to this request to the extent it seeks information the disclosure of which

3   would implicate the rights of third parties to protect private, confidential,

4   proprietary or trade secret information. Larian also objects to this request on the

5   grounds that it seeks confidential, proprietary or commercially sensitive

6   information, the disclosure of which would be inimical to the business interests of

7   Larian and one or more third parties. Larian also objects to this request to the

8   extent it calls for the disclosure of attorney-client privileged information or

9   information protected from disclosure by the work-product doctrine, joint defense

10  or common interest privilege, or other privilege. Larian also objects to this request

11  to the extent it seeks documents not within Larian's possession, custody or control.

12          Subject to the foregoing, Larian will produce any personal documents

13  dated prior to June 1, 2001, relating to Bratz that are relevant and responsive to the

14  request, if any, and that have not already been produced, that he discovers in the

15  course of his reasonable search and diligent inquiry, which are within the

16  permissible scope of discovery, and to which no privilege or other protection

17  applies, including without limitation, the attorney-client privilege or attorney's

18  work product doctrine.

19  **REQUEST FOR PRODUCTION NO. 74:**

20          All DOCUMENTS RELATING TO Steve Linker and RELATING TO

21  any time prior to December 31, 2001 (regardless of when such document was

22  prepared, written, transmitted or received, whether in whole or in part).

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 74:**

24          Larian incorporates by reference the above-stated general objections as

25  if fully set forth herein. Larian also specifically objects to this request on the

26  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

27  information not relevant to the subject matter of this lawsuit or reasonably

28  calculated to lead to the discovery of admissible evidence. Larian also objects to

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT __3__, PAGE 150

1   this request on the grounds that it seeks confidential, proprietary or commercially

2   sensitive information, the disclosure of which would be inimical to the business

3   interests of Larian and one or more third parties. Larian also objects to this request

4   to the extent it calls for the disclosure of attorney-client privileged information or

5   information protected from disclosure by the work-product doctrine, joint defense

6   or common interest privilege, or other privilege. Larian also objects to this request

7   to the extent it seeks documents not within Larian's possession, custody or control.

8             Subject to the foregoing, Larian will produce any personal documents

9   dated prior to June 1, 2001, relating to Bratz that are relevant and responsive to the

10   request, if any, and that have not already been produced, that he discovers in the

11   course of his reasonable search and diligent inquiry, which are within the

12   permissible scope of discovery, and to which no privilege or other protection

13   applies, including without limitation, the attorney-client privilege or attorney's

14   work product doctrine.

**REQUEST FOR PRODUCTION NO. 75:**

16             All DOCUMENTS RELATING TO any actual, potential, proposed,

17   considered or contemplated work, activities or services, including without

18   limitation any freelance work or consulting services, by Liz Hogan for, with or on

19   behalf of YOU or MGA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 75:**

21             Larian incorporates by reference the above-stated general objections as

22   if fully set forth herein. Larian also specifically objects to this request on the

23   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

24   information not relevant to the subject matter of this lawsuit or reasonably

25   calculated to lead to the discovery of admissible evidence. Larian also objects to

26   this request on the ground that it is overbroad, unduly burdensome, and oppressive

27   in seeking all documents relating to any work, activities or services that Liz Hogan

28   performed for or with Larian or MGA or on their behalf, without limitation as to

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 3, PAGE 151

1    time.  Larian also objects to this request on the grounds that it is vague and

2    ambiguous in that Larian cannot determine what is meant by "activities or services"

3    and "with or on behalf of YOU or MGA."  Larian will interpret "activities or

4    services" to mean "work or services," and "with" to mean "on behalf of."  Larian

5    also objects to this request to the extent it seeks information the disclosure of which

6    would implicate the rights of third parties to protect private, confidential,

7    proprietary or trade secret information.  Larian also objects to this request on the

8    grounds that it seeks confidential, proprietary or commercially sensitive

9    information, the disclosure of which would be inimical to the business interests of

10   Larian and one or more third parties.  Larian also objects to this request to the

11   extent it calls for the disclosure of attorney-client privileged information or

12   information protected from disclosure by the work-product doctrine, joint defense

13   or common interest privilege, or other privilege.  Larian also objects to this request

14   to the extent it seeks documents not within Larian's possession, custody or control.

15          Subject to the foregoing, Larian will produce any personal documents

16   dated prior to June 1, 2001, relating to Bratz that are relevant and responsive to the

17   request, if any, and that have not already been produced, that he discovers in the

18   course of his reasonable search and diligent inquiry, which are within the

19   permissible scope of discovery, and to which no privilege or other protection

20   applies, including without limitation, the attorney-client privilege or attorney's

21   work product doctrine.

22   **REQUEST FOR PRODUCTION NO. 76:**

23          All DOCUMENTS RELATING TO any actual, potential, proposed,

24   considered or contemplated work, activities or services, including without

25   limitation any freelance work or consulting services, by Amy Meyers for, with or

26   on behalf of YOU or MGA.

27   **RESPONSE TO REQUEST FOR PRODUCTION NO. 76:**

28          Larian incorporates by reference the above-stated general objections as

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT __3__ , PAGE 162

1  if fully set forth herein. Larian also specifically objects to this request on the

2  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

3  information not relevant to the subject matter of this lawsuit or reasonably

4  calculated to lead to the discovery of admissible evidence. Larian also objects to

5  this request on the ground that it is overbroad, unduly burdensome, and oppressive

6  in seeking all documents relating to any work, activities or services that Amy

7  Meyers performed for or with Larian or MGA or on their behalf, without limitation

8  as to time. Larian also objects to this request on the grounds that it is vague and

9  ambiguous in that Larian cannot determine what is meant by "activities or services"

10  and "with or on behalf of YOU or MGA." Larian will interpret "activities or

11  services" to mean "work or services," and "with" to mean "on behalf of." Larian

12  also objects to this request to the extent it seeks information the disclosure of which

13  would implicate the rights of third parties to protect private, confidential,

14  proprietary or trade secret information. Larian also objects to this request on the

15  grounds that it seeks confidential, proprietary or commercially sensitive

16  information, the disclosure of which would be inimical to the business interests of

17  Larian and one or more third parties. Larian also objects to this request to the

18  extent it calls for the disclosure of attorney-client privileged information or

19  information protected from disclosure by the work-product doctrine, joint defense

20  or common interest privilege, or other privilege. Larian also objects to this request

21  to the extent it seeks documents not within Larian's possession, custody or control.

22       Subject to the foregoing, Larian will produce any personal documents

23  dated prior to June 1, 2001, relating to Prayer Angels that are relevant and

24  responsive to the request, if any, and that have not already been produced, that he

25  discovers in the course of his reasonable search and diligent inquiry, which are

26  within the permissible scope of discovery, and to which no privilege or other

27  protection applies, including without limitation, the attorney-client privilege or

28  attorney's work product doctrine.

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 3 , PAGE 153

**REQUEST FOR PRODUCTION NO. 77:**

To the extent not covered by other Requests, all DOCUMENTS RELATING TO any actual, potential, proposed, considered or contemplated work, activities or services, including without limitation any freelance work or consulting services, by any PERSON RELATING TO BRATZ prior to December 31, 2001.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 77:**

Larian incorporates by reference the above-stated general objections as if fully set forth herein. Larian also specifically objects to this request on the grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence. Larian also objects to this request on the ground that it is overbroad, unduly burdensome, and oppressive in seeking all documents relating to any work, activities or services relating to Bratz that any person performed. Larian also objects to this request on the grounds that it is vague and ambiguous in that Larian cannot determine what is meant by "activities or services." Larian will interpret "activities or services" to mean "work or services." Larian also objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information. Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties. Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege. Larian also objects to this request to the extent it seeks documents not within Larian's possession, custody or control.

Subject to the foregoing, Larian will produce any personal documents dated prior to June 1, 2001, that are relevant and responsive to the request, if any,

- 82 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT __3__, PAGE 154

1   and that have not already been produced, that he discovers in the course of his

2   reasonable search and diligent inquiry, which are within the permissible scope of

3   discovery, and to which no privilege or other protection applies, including without

4   limitation, the attorney-client privilege or attorney's work product doctrine.

5   **REQUEST FOR PRODUCTION NO. 78:**

6         To the extent not covered by other Requests, all DOCUMENTS

7   RELATING TO any actual, potential, proposed, considered or contemplated work,

8   activities or services, including without limitation any freelance work or consulting

9   services, by any PERSON RELATING TO ANGEL prior to December 31, 2001.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 78:**

11        Larian incorporates by reference the above-stated general objections as

12  if fully set forth herein.  Larian also specifically objects to this request on the

13  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

14  information not relevant to the subject matter of this lawsuit or reasonably

15  calculated to lead to the discovery of admissible evidence.  Larian also objects to

16  this request on the ground that it is overbroad, unduly burdensome, and oppressive

17  in seeking all documents relating to any work, activities or services relating to

18  Angel that any person performed.  Larian also objects to this request on the grounds

19  that it is vague and ambiguous in that Larian cannot determine what is meant by

20  "activities or services."  Larian will interpret "activities or services" to mean "work

21  or services."  Larian also objects to this request to the extent it seeks information

22  the disclosure of which would implicate the rights of third parties to protect private,

23  confidential, proprietary or trade secret information.  Larian also objects to this

24  request on the grounds that it seeks confidential, proprietary or commercially

25  sensitive information, the disclosure of which would be inimical to the business

26  interests of Larian and one or more third parties.  Larian also objects to this request

27  to the extent it calls for the disclosure of attorney-client privileged information or

28  information protected from disclosure by the work-product doctrine, joint defense

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT __3__ , PAGE |ᒷᒷ

1    or common interest privilege, or other privilege.  Larian also objects to this request

2    to the extent it seeks documents not within Larian's possession, custody or control.

3             Subject to the foregoing, Larian will produce any personal documents

4    sufficient to show the achievement of major milestones on Prayer Angels dated

5    prior to January 1, 2001, that are relevant and responsive to the request, if any, and

6    that have not already been produced, that he discovers in the course of his

7    reasonable search and diligent inquiry, which are within the permissible scope of

8    discovery, and to which no privilege or other protection applies, including without

9    limitation, the attorney-client privilege or attorney's work product doctrine.

10   **REQUEST FOR PRODUCTION NO. 79:**

11            All DOCUMENTS RELATING TO any focus groups RELATING TO

12   BRATZ and/or ANGEL, including without limitation all videotapes, summaries,

13   notes and reports associated therewith.

14   **RESPONSE TO REQUEST FOR PRODUCTION NO. 79:**

15            Larian incorporates by reference the above-stated general objections as

16   if fully set forth herein.  Larian also specifically objects to this request on the

17   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

18   information not relevant to the subject matter of this lawsuit or reasonably

19   calculated to lead to the discovery of admissible evidence.  Larian also objects to

20   this request on the grounds that it seeks confidential, proprietary or commercially

21   sensitive information, the disclosure of which would be inimical to the business

22   interests of Larian and one or more third parties.  Larian also objects to this request

23   to the extent it calls for the disclosure of attorney-client privileged information or

24   information protected from disclosure by the work-product doctrine, joint defense

25   or common interest privilege, or other privilege.  Larian also objects to this request

26   to the extent it seeks information the disclosure of which would implicate the rights

27   of third parties to protect private, confidential, proprietary or trade secret

28   information.  Larian also objects to this request to the extent it seeks documents not

- 84 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT  3  , PAGE 156

1   within Larian's possession, custody or control.

2   **REQUEST FOR PRODUCTION NO. 80:**

3           All DOCUMENTS RELATING TO any services or work performed

4   by L.A. Focus between January 1, 1999 and December 31, 2001, including without

5   limitation all videotapes, summaries, notes and reports associated therewith.

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 80:**

7           Larian incorporates by reference the above-stated general objections as

8   if fully set forth herein.  Larian also specifically objects to this request on the

9   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

10  information not relevant to the subject matter of this lawsuit or reasonably

11  calculated to lead to the discovery of admissible evidence.  Larian also objects to

12  this request on the ground that it is overbroad, unduly burdensome, and oppressive

13  in seeking all documents relating to any services or work that L.A. Focus

14  performed, regardless of the individuals or companies for whom those services

15  were performed.  Larian also objects to this request to the extent it seeks

16  information the disclosure of which would implicate the rights of third parties to

17  protect private, confidential, proprietary or trade secret information.  Larian also

18  objects to this request on the grounds that it seeks confidential, proprietary or

19  commercially sensitive information, the disclosure of which would be inimical to

20  the business interests of Larian and one or more third parties. Larian also objects to

21  this request to the extent it calls for the disclosure of attorney-client privileged

22  information or information protected from disclosure by the work-product doctrine,

23  joint defense or common interest privilege, or other privilege.  Larian also objects

24  to this request to the extent it seeks documents not within Larian's possession,

25  custody or control.

26  **REQUEST FOR PRODUCTION NO. 81:**

27          All DOCUMENTS RELATING TO Alaska Momma.

28

- 85 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT __3__ , PAGE _157_

**RESPONSE TO REQUEST FOR PRODUCTION NO. 81:**

Larian incorporates by reference the above-stated general objections as if fully set forth herein. Larian also specifically objects to this request on the grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence. Larian also objects to this request on the ground that it is overbroad, unduly burdensome, and oppressive in seeking all documents relating to Alaska Momma, without limitation as to subject matter or time. Larian also objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information. Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties. Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege. Larian also objects to this request to the extent it seeks documents not within Larian's possession, custody or control.

**REQUEST FOR PRODUCTION NO. 82:**

All DOCUMENTS RELATING TO any actual, potential, proposed, considered or contemplated agreement or contract between YOU or MGA and Anna Rhee, including without limitation all drafts thereof and amendments, modifications and revisions thereto, and all COMMUNICATIONS relating thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 82:**

Larian incorporates by reference the above-stated general objections as if fully set forth herein. Larian also specifically objects to this request on the grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 3 , PAGE 158

1   information not relevant to the subject matter of this lawsuit or reasonably
2   calculated to lead to the discovery of admissible evidence.  Larian also objects to
3   this request on the grounds that it is overbroad, unlimited as to time, and unduly
4   burdensome and oppressive.  Larian also objects to this request on the grounds that
5   it seeks information in violation of the right of privacy.  Larian also objects to this
6   request on the grounds that it seeks confidential, proprietary or commercially
7   sensitive information, the disclosure of which would be inimical to the business
8   interests of Larian and one or more third parties.  Larian also objects to this request
9   to the extent it calls for the disclosure of attorney-client privileged information or
10  information protected from disclosure by the work-product doctrine, joint defense
11  or common interest privilege, or other privilege.  Larian also objects to this request
12  to the extent it seeks documents not within Larian's possession, custody or control.
13          Subject to the foregoing, Larian will produce any personal documents
14  dated prior to June 1, 2001, relating to Bratz and Prayer Angels that are relevant
15  and responsive to the request, if any, and that have not already been produced, that
16  he discovers in the course of his reasonable search and diligent inquiry, which are
17  within the permissible scope of discovery, and to which no privilege or other
18  protection applies, including without limitation, the attorney-client privilege or
19  attorney's work product doctrine.
20  **REQUEST FOR PRODUCTION NO. 83:**
21          All DOCUMENTS RELATING TO any payments of money or the
22  transfer of anything of value to Anna Rhee or her FAMILY MEMBERS.
23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 83:**
24          Larian incorporates by reference the above-stated general objections as
25  if fully set forth herein. Larian also specifically objects to this request on the
26  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks
27  information not relevant to the subject matter of this lawsuit or reasonably
28  calculated to lead to the discovery of admissible evidence.  Larian also objects to

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT  3  , PAGE (59)

1   this request on the grounds that it is overbroad, unlimited as to time, and unduly

2   burdensome and oppressive.  Larian also objects to this request on the grounds that

3   it seeks information in violation of the right of privacy.  Larian also objects to this

4   request on the grounds that it seeks confidential, proprietary or commercially

5   sensitive information, the disclosure of which would be inimical to the business

6   interests of Larian and one or more third parties.  Larian also objects to this request

7   to the extent it calls for the disclosure of attorney-client privileged information or

8   information protected from disclosure by the work-product doctrine, joint defense

9   or common interest privilege, or other privilege.  Larian also objects to this request

10   to the extent it seeks documents not within Larian's possession, custody or control.

11        Subject to the foregoing, Larian will produce any personal documents

12   dated prior to June 1, 2001, relating to Bratz or Prayer Angels that are relevant and

13   responsive to the request, if any, and that have not already been produced, that he

14   discovers in the course of his reasonable search and diligent inquiry, which are

15   within the permissible scope of discovery, and to which no privilege or other

16   protection applies, including without limitation, the attorney-client privilege or

17   attorney's work product doctrine.

18   **REQUEST FOR PRODUCTION NO. 84:**

19        All DOCUMENTS RELATING TO any actual, potential, proposed,

20   considered or contemplated agreement or contract between YOU or MGA and

21   Veronica Marlow or her FAMILY MEMBERS, including without limitation all

22   drafts thereof and amendments, modifications and revisions thereto, and all

23   COMMUNICATIONS relating thereto.

24   **RESPONSE TO REQUEST FOR PRODUCTION NO. 84:**

25        Larian incorporates by reference the above-stated general objections as

26   if fully set forth herein. Larian also specifically objects to this request on the

27   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

28   information not relevant to the subject matter of this lawsuit or reasonably

- 88 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT  3  , PAGE  160

1   calculated to lead to the discovery of admissible evidence. Larian also objects to

2   this request on the grounds that it is overbroad, unlimited as to time, and unduly

3   burdensome and oppressive. Larian also objects to this request on the grounds that

4   it seeks information in violation of the right of privacy. Larian also objects to this

5   request on the grounds that it seeks confidential, proprietary or commercially

6   sensitive information, the disclosure of which would be inimical to the business

7   interests of Larian and one or more third parties. Larian also objects to this request

8   to the extent it calls for the disclosure of attorney-client privileged information or

9   information protected from disclosure by the work-product doctrine, joint defense

10  or common interest privilege, or other privilege. Larian also objects to this request

11  to the extent it seeks documents not within Larian's possession, custody or control.

12          Subject to the foregoing, Larian will produce any personal documents

13  dated prior to June 1, 2001, relating to Bratz and Prayer Angels that are relevant

14  and responsive to the request, if any, and that have not already been produced, that

15  he discovers in the course of his reasonable search and diligent inquiry, which are

16  within the permissible scope of discovery, and to which no privilege or other

17  protection applies, including without limitation, the attorney-client privilege or

18  attorney's work product doctrine.

19  **REQUEST FOR PRODUCTION NO. 85:**

20          All DOCUMENTS RELATING TO any payments of money or the

21  transfer of anything of value to Veronica Marlow or her FAMILY MEMBERS.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 85:**

23          Larian incorporates by reference the above-stated general objections as

24  if fully set forth herein. Larian also specifically objects to this request on the

25  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

26  information not relevant to the subject matter of this lawsuit or reasonably

27  calculated to lead to the discovery of admissible evidence. Larian also objects to

28  this request on the grounds that it is overbroad, unlimited as to time, and unduly

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 3 , PAGE 161

1  burdensome and oppressive.  Larian also objects to this request on the grounds that

2  it seeks information in violation of the right of privacy.  Larian also objects to this

3  request on the grounds that it seeks confidential, proprietary or commercially

4  sensitive information, the disclosure of which would be inimical to the business

5  interests of Larian and one or more third parties.  Larian also objects to this request

6  to the extent it calls for the disclosure of attorney-client privileged information or

7  information protected from disclosure by the work-product doctrine, joint defense

8  or common interest privilege, or other privilege.  Larian also objects to this request

9  to the extent it seeks documents not within Larian's possession, custody or control.

10          Subject to the foregoing, Larian will produce any personal documents

11  dated prior to June 1, 2001, relating to Bratz and Prayer Angels that are relevant

12  and responsive to the request, if any, and that have not already been produced, that

13  he discovers in the course of his reasonable search and diligent inquiry, which are

14  within the permissible scope of discovery, and to which no privilege or other

15  protection applies, including without limitation, the attorney-client privilege or

16  attorney's work product doctrine.

17  **REQUEST FOR PRODUCTION NO. 86:**

18          All DOCUMENTS RELATING TO any actual, potential, proposed,

19  considered or contemplated agreement or contract between YOU or MGA and

20  Margaret Hatch (also known as Margaret Leahy and/or Margaret Hatch-Leahy) or

21  her FAMILY MEMBERS, including without limitation all drafts thereof and

22  amendments, modifications and revisions thereto, and all COMMUNICATIONS

23  relating thereto.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 86:**

25          Larian incorporates by reference the above-stated general objections as

26  if fully set forth herein.  Larian also specifically objects to this request on the

27  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

28  information not relevant to the subject matter of this lawsuit or reasonably

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT  3 , PAGE 162

1    calculated to lead to the discovery of admissible evidence.  Larian also objects to

2    this request on the grounds that it seeks information in violation of the right of

3    privacy.  Larian also objects to this request on the grounds that it is overbroad,

4    unlimited as to time, and unduly burdensome and oppressive.  Larian also objects to

5    this request on the grounds that it seeks confidential, proprietary or commercially

6    sensitive information, the disclosure of which would be inimical to the business

7    interests of Larian and one or more third parties.  Larian also objects to this request

8    to the extent it calls for the disclosure of attorney-client privileged information or

9    information protected from disclosure by the work-product doctrine, joint defense

10    or common interest privilege, or other privilege.  Larian also objects to this request

11    to the extent it seeks documents not within Larian's possession, custody or control.

12         Subject to the foregoing, Larian will produce any personal documents

13    dated prior to June 1, 2001, relating to Bratz and Prayer Angels that are relevant

14    and responsive to the request, if any, and that have not already been produced, that

15    he discovers in the course of his reasonable search and diligent inquiry, which are

16    within the permissible scope of discovery, and to which no privilege or other

17    protection applies, including without limitation, the attorney-client privilege or

18    attorney's work product doctrine.

19    **REQUEST FOR PRODUCTION NO. 87:**

20         All DOCUMENTS RELATING TO any payments of money or the

21    transfer of anything of value to Margaret Hatch (also known as Margaret Leahy

22    and/or Margaret Hatch-Leahy) or her FAMILY MEMBERS.

23    **RESPONSE TO REQUEST FOR PRODUCTION NO. 87:**

24         Larian incorporates by reference the above-stated general objections as

25    if fully set forth herein.  Larian also specifically objects to this request on the

26    grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

27    information not relevant to the subject matter of this lawsuit or reasonably

28    calculated to lead to the discovery of admissible evidence.  Larian also objects to

1  this request on the grounds that it is overbroad, unlimited as to time, and unduly
2  burdensome and oppressive. Larian also objects to this request on the grounds that
3  it seeks information in violation of the right of privacy. Larian also objects to this
4  request on the grounds that it seeks confidential, proprietary or commercially
5  sensitive information, the disclosure of which would be inimical to the business
6  interests of Larian and one or more third parties. Larian also objects to this request
7  to the extent it calls for the disclosure of attorney-client privileged information or
8  information protected from disclosure by the work-product doctrine, joint defense
9  or common interest privilege, or other privilege. Larian also objects to this request
10 to the extent it seeks documents not within Larian's possession, custody or control.
11       Subject to the foregoing, Larian will produce any personal documents
12 dated prior to June 1, 2001, relating to Bratz and Prayer Angels that are relevant
13 and responsive to the request, if any, and that have not already been produced, that
14 he discovers in the course of his reasonable search and diligent inquiry, which are
15 within the permissible scope of discovery, and to which no privilege or other
16 protection applies, including without limitation, the attorney-client privilege or
17 attorney's work product doctrine.

18 **REQUEST FOR PRODUCTION NO. 88:**

19       All DOCUMENTS RELATING TO any actual, potential, proposed,
20 considered or contemplated agreement or contract between YOU or MGA and
21 Sarah Halpern or her FAMILY MEMBERS, including without limitation all drafts
22 thereof and amendments, modifications and revisions thereto, and all
23 COMMUNICATIONS relating thereto.

24 **RESPONSE TO REQUEST FOR PRODUCTION NO. 88:**

25       Larian incorporates by reference the above-stated general objections as
26 if fully set forth herein. Larian also specifically objects to this request on the
27 grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks
28 information not relevant to the subject matter of this lawsuit or reasonably

- 92 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT __3__ , PAGE 164

1  calculated to lead to the discovery of admissible evidence.  Larian also objects to

2  this request on the grounds that it seeks information in violation of the right of

3  privacy.  Larian also objects to this request on the grounds that it is overbroad,

4  unlimited as to time, and unduly burdensome and oppressive.  Larian also objects to

5  this request on the grounds that it seeks confidential, proprietary or commercially

6  sensitive information, the disclosure of which would be inimical to the business

7  interests of Larian and one or more third parties.  Larian also objects to this request

8  to the extent it calls for the disclosure of attorney-client privileged information or

9  information protected from disclosure by the work-product doctrine, joint defense

10  or common interest privilege, or other privilege.  Larian also objects to this request

11  to the extent it seeks documents not within Larian's possession, custody or control.

12          Subject to the foregoing, Larian will produce any personal documents

13  dated prior to June 1, 2001, relating to Bratz and Prayer Angels that are relevant

14  and responsive to the request, if any, and that have not already been produced, that

15  he discovers in the course of his reasonable search and diligent inquiry, which are

16  within the permissible scope of discovery, and to which no privilege or other

17  protection applies, including without limitation, the attorney-client privilege or

18  attorney's work product doctrine.

19  **REQUEST FOR PRODUCTION NO. 89:**

20          All DOCUMENTS RELATING TO any payments of money or the

21  transfer of anything of value to Sarah Halpern or her FAMILY MEMBERS.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 89:**

23          Larian incorporates by reference the above-stated general objections as

24  if fully set forth herein. Larian also specifically objects to this request on the

25  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

26  information not relevant to the subject matter of this lawsuit or reasonably

27  calculated to lead to the discovery of admissible evidence. Larian also objects to

28  this request on the grounds that it is overbroad, unlimited as to time, and unduly

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT __3__, PAGE 165

1  burdensome and oppressive.  Larian also objects to this request on the grounds that

2  it seeks information in violation of the right of privacy.  Larian also objects to this

3  request on the grounds that it seeks confidential, proprietary or commercially

4  sensitive information, the disclosure of which would be inimical to the business

5  interests of Larian and one or more third parties.  Larian also objects to this request

6  to the extent it calls for the disclosure of attorney-client privileged information or

7  information protected from disclosure by the work-product doctrine, joint defense

8  or common interest privilege, or other privilege.  Larian also objects to this request

9  to the extent it seeks documents not within Larian's possession, custody or control.

10          Subject to the foregoing, Larian will produce any personal documents

11  dated prior to June 1, 2001, relating to Bratz and Prayer Angels that are relevant

12  and responsive to the request, if any, and that have not already been produced, that

13  he discovers in the course of his reasonable search and diligent inquiry, which are

14  within the permissible scope of discovery, and to which no privilege or other

15  protection applies, including without limitation, the attorney-client privilege or

16  attorney's work product doctrine.

17  **REQUEST FOR PRODUCTION NO. 90:**

18          All DOCUMENTS RELATING TO any actual, potential, proposed,

19  considered or contemplated agreement or contract between YOU or MGA and Jesse

20  Ramirez or his FAMILY MEMBERS, including without limitation all drafts

21  thereof and amendments, modifications and revisions thereto, and all

22  COMMUNICATIONS relating thereto.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 90:**

24          Larian incorporates by reference the above-stated general objections as

25  if fully set forth herein.  Larian also specifically objects to this request on the

26  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

27  information not relevant to the subject matter of this lawsuit or reasonably

28  calculated to lead to the discovery of admissible evidence.  Larian also objects to

- 94 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT __3__ , PAGE __166__

1   this request on the grounds that it seeks information in violation of the right of

2   privacy.  Larian also objects to this request on the grounds that it is overbroad,

3   unlimited as to time, and unduly burdensome and oppressive.  Larian also objects to

4   this request on the grounds that it seeks confidential, proprietary or commercially

5   sensitive information, the disclosure of which would be inimical to the business

6   interests of Larian and one or more third parties.  Larian also objects to this request

7   to the extent it calls for the disclosure of attorney-client privileged information or

8   information protected from disclosure by the work-product doctrine, joint defense

9   or common interest privilege, or other privilege.  Larian also objects to this request

10  to the extent it seeks documents not within Larian's possession, custody or control.

11          Subject to the foregoing, Larian will produce any personal documents

12  dated prior to June 1, 2001, relating to Bratz and Prayer Angels that are relevant

13  and responsive to the request, if any, and that have not already been produced, that

14  he discovers in the course of his reasonable search and diligent inquiry, which are

15  within the permissible scope of discovery, and to which no privilege or other

16  protection applies, including without limitation, the attorney-client privilege or

17  attorney's work product doctrine.

18  **REQUEST FOR PRODUCTION NO. 91**:

19          All DOCUMENTS RELATING TO any actual, potential, proposed,

20  considered or contemplated agreement or contract between YOU or MGA and Elise

21  Cloonan or her FAMILY MEMBERS, including without limitation all drafts

22  thereof and amendments, modifications and revisions thereto, and all

23  COMMUNICATIONS relating thereto.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 91**:

25          Larian incorporates by reference the above-stated general objections as

26  if fully set forth herein.  Larian also specifically objects to this request on the

27  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

28  information not relevant to the subject matter of this lawsuit or reasonably

- 95 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT __3__ , PAGE |67

1    calculated to lead to the discovery of admissible evidence.  Larian also objects to

2    this request on the grounds that it seeks information in violation of the right of

3    privacy.  Larian also objects to this request on the grounds that it is overbroad,

4    unlimited as to time, and unduly burdensome and oppressive.  Larian also objects to

5    this request on the grounds that it seeks confidential, proprietary or commercially

6    sensitive information, the disclosure of which would be inimical to the business

7    interests of Larian and one or more third parties.  Larian also objects to this request

8    to the extent it calls for the disclosure of attorney-client privileged information or

9    information protected from disclosure by the work-product doctrine, joint defense

10   or common interest privilege, or other privilege.  Larian also objects to this request

11   to the extent it seeks documents not within Larian's possession, custody or control.

12          Subject to the foregoing, Larian will produce any personal documents

13   dated prior to June 1, 2001, relating to Bratz and Prayer Angels that are relevant

14   and responsive to the request, if any, and that have not already been produced, that

15   he discovers in the course of his reasonable search and diligent inquiry, which are

16   within the permissible scope of discovery, and to which no privilege or other

17   protection applies, including without limitation, the attorney-client privilege or

18   attorney's work product doctrine.

19   **REQUEST FOR PRODUCTION NO. 92:**

20          All DOCUMENTS RELATING TO any payments of money or the

21   transfer of anything of value to Elise Cloonan or her FAMILY MEMBERS.

22   **RESPONSE TO REQUEST FOR PRODUCTION NO. 92:**

23          Larian incorporates by reference the above-stated general objections as

24   if fully set forth herein.  Larian also specifically objects to this request on the

25   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

26   information not relevant to the subject matter of this lawsuit or reasonably

27   calculated to lead to the discovery of admissible evidence.  Larian also objects to

28   this request on the grounds that it is overbroad, unlimited as to time, and unduly

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 3 , PAGE 166

1  burdensome and oppressive. Larian also objects to this request on the grounds that

2  it seeks information in violation of the right of privacy. Larian also objects to this

3  request on the grounds that it seeks confidential, proprietary or commercially

4  sensitive information, the disclosure of which would be inimical to the business

5  interests of Larian and one or more third parties. Larian also objects to this request

6  to the extent it calls for the disclosure of attorney-client privileged information or

7  information protected from disclosure by the work-product doctrine, joint defense

8  or common interest privilege, or other privilege. Larian also objects to this request

9  to the extent it seeks documents not within Larian's possession, custody or control.

10          Subject to the foregoing, Larian will produce any personal documents

11  dated prior to June 1, 2001, relating to Bratz and Prayer Angels that are relevant

12  and responsive to the request, if any, and that have not already been produced, that

13  he discovers in the course of his reasonable search and diligent inquiry, which are

14  within the permissible scope of discovery, and to which no privilege or other

15  protection applies, including without limitation, the attorney-client privilege or

16  attorney's work product doctrine.

17  **REQUEST FOR PRODUCTION NO. 93:**

18          All DOCUMENTS RELATING TO any actual, potential, proposed,

19  considered or contemplated agreement or contract between YOU or MGA and

20  Stephen Lee or his FAMILY MEMBERS at any time after January 1, 2003,

21  including without limitation all drafts thereof and amendments, modifications and

22  revisions thereto, and all COMMUNICATIONS relating thereto.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 93:**

24          Larian incorporates by reference the above-stated general objections as

25  if fully set forth herein. Larian also specifically objects to this request on the

26  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

27  information not relevant to the subject matter of this lawsuit or reasonably

28  calculated to lead to the discovery of admissible evidence. Larian also objects to

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT  3 , PAGE  169

1  this request on the grounds that it seeks information in violation of the right of

2  privacy. Larian also objects to this request on the grounds that it seeks confidential,

3  proprietary or commercially sensitive information, the disclosure of which would

4  be inimical to the business interests of Larian and one or more third parties. Larian

5  also objects to this request to the extent it calls for the disclosure of attorney-client

6  privileged information or information protected from disclosure by the work-

7  product doctrine, joint defense or common interest privilege, or other privilege.

8  Larian also objects to this request to the extent it seeks documents not within

9  Larian's possession, custody or control.

10  **REQUEST FOR PRODUCTION NO. 94:**

11  All DOCUMENTS RELATING TO any actual, potential, proposed,

12  considered or contemplated agreement or contract between YOU or MGA and

13  David Dees or his FAMILY MEMBERS, including without limitation all drafts

14  thereof and amendments, modifications and revisions thereto, and all

15  COMMUNICATIONS relating thereto.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 94:**

17  Larian incorporates by reference the above-stated general objections as

18  if fully set forth herein. Larian also specifically objects to this request on the

19  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

20  information not relevant to the subject matter of this lawsuit or reasonably

21  calculated to lead to the discovery of admissible evidence. Larian also objects to

22  this request on the grounds that it seeks information in violation of the right of

23  privacy. Larian also objects to this request on the grounds that it is overbroad,

24  unlimited as to time, and unduly burdensome and oppressive. Larian also objects to

25  this request on the grounds that it seeks confidential, proprietary or commercially

26  sensitive information, the disclosure of which would be inimical to the business

27  interests of Larian and one or more third parties. Larian also objects to this request

28  to the extent it calls for the disclosure of attorney-client privileged information or

EXHIBIT __3__, PAGE __170__

1  information protected from disclosure by the work-product doctrine, joint defense
2  or common interest privilege, or other privilege.  Larian also objects to this request
3  to the extent it seeks documents not within Larian's possession, custody or control.
4          Subject to the foregoing, Larian will produce any personal documents
5  dated prior to June 1, 2001, relating to Bratz and Prayer Angels that are relevant
6  and responsive to the request, if any, and that have not already been produced, that
7  he discovers in the course of his reasonable search and diligent inquiry, which are
8  within the permissible scope of discovery, and to which no privilege or other
9  protection applies, including without limitation, the attorney-client privilege or
10  attorney's work product doctrine.
11  **REQUEST FOR PRODUCTION NO. 95:**
12          All DOCUMENTS RELATING TO any payments of money or the
13  transfer of anything of value to David Dees or her FAMILY MEMBERS.
14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 95:**
15          Larian incorporates by reference the above-stated general objections as
16  if fully set forth herein.  Larian also specifically objects to this request on the
17  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks
18  information not relevant to the subject matter of this lawsuit or reasonably
19  calculated to lead to the discovery of admissible evidence.  Larian also objects to
20  this request on the grounds that it is overbroad, unlimited as to time, and unduly
21  burdensome and oppressive.  Larian also objects to this request on the grounds that
22  it seeks information in violation of the right of privacy.  Larian also objects to this
23  request on the grounds that it seeks confidential, proprietary or commercially
24  sensitive information, the disclosure of which would be inimical to the business
25  interests of Larian and one or more third parties.  Larian also objects to this request
26  to the extent it calls for the disclosure of attorney-client privileged information or
27  information protected from disclosure by the work-product doctrine, joint defense
28  or common interest privilege, or other privilege.  Larian also objects to this request

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT   3  , PAGE  171