1    make or have promised or agreed to make, to or for the benefit of Elise Cloonan or

2    her FAMILY MEMBERS.

3    **RESPONSE TO REQUEST FOR PRODUCTION NO. 139:**

4            Larian incorporates by reference the above-stated general objections as

5    if fully set forth herein.  Larian also specifically objects to this request on the

6    grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

7    information not relevant to the subject matter of this lawsuit or reasonably

8    calculated to lead to the discovery of admissible evidence.  Larian also objects to

9    this request on the grounds that it is overbroad, unlimited as to time, and unduly

10   burdensome and oppressive.  Larian also objects to this request on the grounds that

11   it seeks information in violation of the right of privacy.  Larian also objects to this

12   request on the grounds that it seeks confidential, proprietary or commercially

13   sensitive information, the disclosure of which would be inimical to the business

14   interests of Larian and one or more third parties.  Larian also objects to this request

15   to the extent it calls for the disclosure of attorney-client privileged information or

16   information protected from disclosure by the work-product doctrine, joint defense

17   or common interest privilege, or other privilege.

18   **REQUEST FOR PRODUCTION NO. 140:**

19           All DOCUMENTS RELATING TO any and all payments or transfers

20   of anything of value that YOU or MGA have made, have offered or proposed to

21   make or have promised or agreed to make, to or for the benefit of Margaret Hatch

22   (also known as Margaret Leahy and/or Margaret Hatch-Leahy) or her FAMILY

23   MEMBERS.

24   **RESPONSE TO REQUEST FOR PRODUCTION NO. 140:**

25           Larian incorporates by reference the above-stated general objections as

26   if fully set forth herein.  Larian also specifically objects to this request on the

27   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

28   information not relevant to the subject matter of this lawsuit or reasonably

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT  3 , PAGE 22

1  calculated to lead to the discovery of admissible evidence.  Larian also objects to

2  this request on the grounds that it is overbroad, unlimited as to time, and unduly

3  burdensome and oppressive.  Larian also objects to this request on the grounds that

4  it seeks information in violation of the right of privacy.  Larian also objects to this

5  request on the grounds that it seeks confidential, proprietary or commercially

6  sensitive information, the disclosure of which would be inimical to the business

7  interests of Larian and one or more third parties.  Larian also objects to this request

8  to the extent it calls for the disclosure of attorney-client privileged information or

9  information protected from disclosure by the work-product doctrine, joint defense

10 or common interest privilege, or other privilege.

11 **REQUEST FOR PRODUCTION NO. 141:**

12         All DOCUMENTS RELATING TO any and all payments or transfers

13 of anything of value that YOU or MGA have made, have offered or proposed to

14 make or have promised or agreed to make, to or for the benefit of Amy Meyers or

15 her FAMILY MEMBERS.

16 **RESPONSE TO REQUEST FOR PRODUCTION NO. 141:**

17         Larian incorporates by reference the above-stated general objections as

18 if fully set forth herein.  Larian also specifically objects to this request on the

19 grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

20 information not relevant to the subject matter of this lawsuit or reasonably

21 calculated to lead to the discovery of admissible evidence.  Larian also objects to

22 this request on the grounds that it is overbroad, unlimited as to time, and unduly

23 burdensome and oppressive.  Larian also objects to this request on the grounds that

24 it seeks information in violation of the right of privacy.  Larian also objects to this

25 request on the grounds that it seeks confidential, proprietary or commercially

26 sensitive information, the disclosure of which would be inimical to the business

27 interests of Larian and one or more third parties.  Larian also objects to this request

28 to the extent it calls for the disclosure of attorney-client privileged information or

- 141 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT __3__ , PAGE _213_

1  information protected from disclosure by the work-product doctrine, joint defense

2  or common interest privilege, or other privilege.

3  **REQUEST FOR PRODUCTION NO. 142:**

4  　　　　All DOCUMENTS RELATING TO any and all payments or transfers

5  of anything of value that YOU or MGA have made, have offered or proposed to

6  make or have promised or agreed to make, to or for the benefit of Sarah Halpern or

7  her FAMILY MEMBERS at any time since January 1, 1999.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 142:**

9  　　　　Larian incorporates by reference the above-stated general objections as

10  if fully set forth herein.  Larian also specifically objects to this request on the

11  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

12  information not relevant to the subject matter of this lawsuit or reasonably

13  calculated to lead to the discovery of admissible evidence.  Larian also objects to

14  this request on the grounds that it seeks information in violation of the right of

15  privacy.  Larian also objects to this request on the grounds that it seeks confidential,

16  proprietary or commercially sensitive information, the disclosure of which would

17  be inimical to the business interests of Larian and one or more third parties.  Larian

18  also objects to this request to the extent it calls for the disclosure of attorney-client

19  privileged information or information protected from disclosure by the work-

20  product doctrine, joint defense or common interest privilege, or other privilege.

21  **REQUEST FOR PRODUCTION NO. 143:**

22  　　　　All DOCUMENTS RELATING TO any and all payments or transfers

23  of anything of value that YOU or MGA have made, have offered or proposed to

24  make or have promised or agreed to make, to or for the benefit of Maureen Mullen

25  or her FAMILY MEMBERS at any time since January 1, 1999.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 143:**

27  　　　　Larian incorporates by reference the above-stated general objections as

28  if fully set forth herein.  Larian also specifically objects to this request on the

- 142 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT ___3___, PAGE 214

1  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks
2  information not relevant to the subject matter of this lawsuit or reasonably
3  calculated to lead to the discovery of admissible evidence. Larian also objects to
4  this request on the grounds that it seeks information in violation of the right of
5  privacy. Larian also objects to this request on the grounds that it seeks confidential,
6  proprietary or commercially sensitive information, the disclosure of which would
7  be inimical to the business interests of Larian and one or more third parties. Larian
8  also objects to this request to the extent it calls for the disclosure of attorney-client
9  privileged information or information protected from disclosure by the work-
10 product doctrine, joint defense or common interest privilege, or other privilege.

11 **REQUEST FOR PRODUCTION NO. 144:**

12        All DOCUMENTS RELATING TO any and all payments or transfers
13 of anything of value that YOU or MGA have made, have offered or proposed to
14 make or have promised or agreed to make, to or for the benefit of Wendy Ragsdale
15 or her FAMILY MEMBERS.

16 **RESPONSE TO REQUEST FOR PRODUCTION NO. 144:**

17        Larian incorporates by reference the above-stated general objections as
18 if fully set forth herein. Larian also specifically objects to this request on the
19 grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks
20 information not relevant to the subject matter of this lawsuit or reasonably
21 calculated to lead to the discovery of admissible evidence. Larian also objects to
22 this request on the grounds that it is overbroad, unlimited as to time, and unduly
23 burdensome and oppressive. Larian also objects to this request on the grounds that
24 it seeks information in violation of the right of privacy. Larian also objects to this
25 request on the grounds that it seeks confidential, proprietary or commercially
26 sensitive information, the disclosure of which would be inimical to the business
27 interests of Larian and one or more third parties. Larian also objects to this request
28 to the extent it calls for the disclosure of attorney-client privileged information or

- 143 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 3 , PAGE 215

1  information protected from disclosure by the work-product doctrine, joint defense

2  or common interest privilege, or other privilege.

3  **REQUEST FOR PRODUCTION NO. 145:**

4      All DOCUMENTS RELATING TO any and all payments or transfers

5  of anything of value that YOU or MGA have made, have offered or proposed to

6  make or have promised or agreed to make, to or for the benefit of Billy Ragsdale or

7  his FAMILY MEMBERS.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 145:**

9      Larian incorporates by reference the above-stated general objections as

10  if fully set forth herein.  Larian also specifically objects to this request on the

11  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

12  information not relevant to the subject matter of this lawsuit or reasonably

13  calculated to lead to the discovery of admissible evidence.  Larian also objects to

14  this request on the grounds that it is overbroad, unlimited as to time, and unduly

15  burdensome and oppressive.  Larian also objects to this request on the grounds that

16  it seeks information in violation of the right of privacy.  Larian also objects to this

17  request on the grounds that it seeks confidential, proprietary or commercially

18  sensitive information, the disclosure of which would be inimical to the business

19  interests of Larian and one or more third parties.  Larian also objects to this request

20  to the extent it calls for the disclosure of attorney-client privileged information or

21  information protected from disclosure by the work-product doctrine, joint defense

22  or common interest privilege, or other privilege.

23  **REQUEST FOR PRODUCTION NO. 146:**

24      All DOCUMENTS RELATING TO any and all payments or transfers

25  of anything of value that YOU or MGA have made, have offered or proposed to

26  make or have promised or agreed to make, to or for the benefit of Anna Rhee or her

27  FAMILY MEMBERS at any time since January 1, 1999.

28

- 144 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT _3_, PAGE 216

1   **RESPONSE TO REQUEST FOR PRODUCTION NO. 146:**

2       Larian incorporates by reference the above-stated general objections as

3 if fully set forth herein. Larian also specifically objects to this request on the

4 grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

5 information not relevant to the subject matter of this lawsuit or reasonably

6 calculated to lead to the discovery of admissible evidence. arian also objects to this

7 request on the grounds that it seeks information in violation of the right of privacy.

8 Larian also objects to this request on the grounds that it seeks confidential,

9 proprietary or commercially sensitive information, the disclosure of which would

10 be inimical to the business interests of Larian and one or more third parties. Larian

11 also objects to this request to the extent it calls for the disclosure of attorney-client

12 privileged information or information protected from disclosure by the work-

13 product doctrine, joint defense or common interest privilege, or other privilege.

14   **REQUEST FOR PRODUCTION NO. 147:**

15       All DOCUMENTS RELATING TO any indemnification that

16 BRYANT has sought, proposed, requested or obtained in connection with this

17 ACTION.

18   **RESPONSE TO REQUEST FOR PRODUCTION NO. 147:**

19       Larian incorporates by reference the above-stated general objections as

20 if fully set forth herein. Larian also specifically objects to this request on the

21 grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

22 information not relevant to the subject matter of this lawsuit or reasonably

23 calculated to lead to the discovery of admissible evidence. Larian also specifically

24 objects to this request on the grounds that it seeks information in violation of the

25 right of privacy. Larian also objects to this request on the grounds that it seeks

26 confidential, proprietary or commercially sensitive information, the disclosure of

27 which would be inimical to the business interests of Larian and one or more third

28 parties. Larian also objects to this request to the extent it calls for the disclosure of

- 145 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 3 , PAGE 217

1  attorney-client privileged information or information protected from disclosure by

2  the work-product doctrine, joint defense or common interest privilege, or other

3  privilege.

4        Subject to the foregoing, Larian will produce any personal documents

5  that are relevant and responsive to the request, if any, and that have not already

6  been produced, that he discovers in the course of his reasonable search and diligent

7  inquiry, which are within the permissible scope of discovery, and to which no

8  privilege or other protection applies, including without limitation, the attorney-

9  client privilege or attorney's work product doctrine.

10  **REQUEST FOR PRODUCTION NO. 148:**

11        All DOCUMENTS RELATING TO any indemnification that Elise

12  Cloonan has sought, proposed, requested or obtained in connection with this

13  ACTION.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 148:**

15        Larian incorporates by reference the above-stated general objections as

16  if fully set forth herein.  Larian also specifically objects to this request on the

17  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

18  information not relevant to the subject matter of this lawsuit or reasonably

19  calculated to lead to the discovery of admissible evidence.  Larian also objects to

20  this request on the grounds that it seeks information in violation of the right of

21  privacy.  Larian also objects to this request on the grounds that it seeks confidential,

22  proprietary or commercially sensitive information, the disclosure of which would

23  be inimical to the business interests of Larian and one or more third parties.  Larian

24  also objects to this request to the extent it calls for the disclosure of attorney-client

25  privileged information or information protected from disclosure by the work-

26  product doctrine, joint defense or common interest privilege, or other privilege.

27        Subject to the foregoing, Larian will produce any personal documents

28  that are relevant and responsive to the request, if any, and that have not already

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT __3__, PAGE 218

1  been produced, that he discovers in the course of his reasonable search and diligent

2  inquiry, which are within the permissible scope of discovery, and to which no

3  privilege or other protection applies, including without limitation, the attorney-

4  client privilege or attorney's work product doctrine.

5  **REQUEST FOR PRODUCTION NO. 149:**

6      All DOCUMENTS RELATING TO any indemnification that Margaret

7  Hatch-Leahy has sought, proposed, requested or obtained in connection with this

8  ACTION.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 149:**

10     Larian incorporates by reference the above-stated general objections as

11  if fully set forth herein.  Larian also specifically objects to this request on the

12  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

13  information not relevant to the subject matter of this lawsuit or reasonably

14  calculated to lead to the discovery of admissible evidence.  Larian also objects to

15  this request on the grounds that it seeks information in violation of the right of

16  privacy.  Larian also objects to this request on the grounds that it seeks confidential,

17  proprietary or commercially sensitive information, the disclosure of which would

18  be inimical to the business interests of Larian and one or more third parties.  Larian

19  also objects to this request to the extent it calls for the disclosure of attorney-client

20  privileged information or information protected from disclosure by the work-

21  product doctrine, joint defense or common interest privilege, or other privilege.

22     Subject to the foregoing, Larian will produce any personal documents

23  that are relevant and responsive to the request, if any, and that have not already

24  been produced, that he discovers in the course of his reasonable search and diligent

25  inquiry, which are within the permissible scope of discovery, and to which no

26  privilege or other protection applies, including without limitation, the attorney-

27  client privilege or attorney's work product doctrine.

28

- 147 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT __3__, PAGE 219

**REQUEST FOR PRODUCTION NO. 150:**

All DOCUMENTS RELATING TO any indemnification that Veronica Marlow has sought, proposed, requested or obtained in connection with this ACTION.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 150:**

Larian incorporates by reference the above-stated general objections as if fully set forth herein. Larian also specifically objects to this request on the grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence. Larian also objects to this request on the grounds that it seeks information in violation of the right of privacy. Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties. Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.

Subject to the foregoing, Larian will produce any personal documents that are relevant and responsive to the request, if any, and that have not already been produced, that he discovers in the course of his reasonable search and diligent inquiry, which are within the permissible scope of discovery, and to which no privilege or other protection applies, including without limitation, the attorney-client privilege or attorney's work product doctrine.

**REQUEST FOR PRODUCTION NO. 151:**

All DOCUMENTS RELATING TO any indemnification that Sarah Halpern has sought, proposed, requested or obtained in connection with this ACTION.

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT __3__ , PAGE __∂∂o__

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 151:**

2         Larian incorporates by reference the above-stated general objections as

3  if fully set forth herein.  Larian also specifically objects to this request on the

4  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

5  information not relevant to the subject matter of this lawsuit or reasonably

6  calculated to lead to the discovery of admissible evidence.  Larian also objects to

7  this request on the grounds that it seeks confidential, proprietary or commercially

8  sensitive information, the disclosure of which would be inimical to the business

9  interests of Larian and one or more third parties.  Larian also objects to this request

10 on the grounds that it seeks information in violation of the right of privacy.  Larian

11 also objects to this request to the extent it calls for the disclosure of attorney-client

12 privileged information or information protected from disclosure by the work-

13 product doctrine, joint defense or common interest privilege, or other privilege.

14        Subject to the foregoing, Larian will produce any personal documents

15 that are relevant and responsive to the request, if any, and that have not already

16 been produced, that he discovers in the course of his reasonable search and diligent

17 inquiry, which are within the permissible scope of discovery, and to which no

18 privilege or other protection applies, including without limitation, the attorney-

19 client privilege or attorney's work product doctrine.

20 **REQUEST FOR PRODUCTION NO. 152:**

21        All DOCUMENTS RELATING TO any indemnification that Paula

22 Garcia (also known as Paula Treantafellas) has sought, proposed, requested or

23 obtained in connection with this ACTION.

24 **RESPONSE TO REQUEST FOR PRODUCTION NO. 152:**

25        Larian incorporates by reference the above-stated general objections as

26 if fully set forth herein.  Larian also specifically objects to this request on the

27 grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

28 information not relevant to the subject matter of this lawsuit or reasonably

- 149 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT  3 , PAGE 221

1  calculated to lead to the discovery of admissible evidence.  Larian also objects to

2  this request on the grounds that it seeks information in violation of the right of

3  privacy.  Larian also objects to this request on the grounds that it seeks confidential,

4  proprietary or commercially sensitive information, the disclosure of which would

5  be inimical to the business interests of Larian and one or more third parties.  Larian

6  also objects to this request to the extent it calls for the disclosure of attorney-client

7  privileged information or information protected from disclosure by the work-

8  product doctrine, joint defense or common interest privilege, or other privilege.

9         Subject to the foregoing, Larian will produce any personal documents

10  that are relevant and responsive to the request, if any, and that have not already

11  been produced, that he discovers in the course of his reasonable search and diligent

12  inquiry, which are within the permissible scope of discovery, and to which no

13  privilege or other protection applies, including without limitation, the attorney-

14  client privilege or attorney's work product doctrine.

15  **REQUEST FOR PRODUCTION NO. 153:**

16         To the extent not covered by other Requests, all DOCUMENTS

17  RELATING TO any indemnification that any PERSON has sought, proposed,

18  requested or obtained in connection with this ACTION.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 153:**

20         Larian incorporates by reference the above-stated general objections as

21  if fully set forth herein.  Larian also specifically objects to this request on the

22  grounds that it is overbroad and seeks information not relevant to the subject matter

23  of this lawsuit or reasonably calculated to lead to the discovery of admissible

24  evidence.  Larian also objects to this request on the grounds that it seeks

25  information in violation of the right of privacy.  Larian also objects to this request

26  on the grounds that it seeks confidential, proprietary or commercially sensitive

27  information, the disclosure of which would be inimical to the business interests of

28  Larian and one or more third parties.  Larian also objects to this request to the

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT  3  , PAGE 202

1  extent it calls for the disclosure of attorney-client privileged information or

2  information protected from disclosure by the work-product doctrine, joint defense

3  or common interest privilege, or other privilege.

4         Subject to the foregoing, Larian will produce any personal documents

5  that are relevant and responsive to the request, if any, and that have not already

6  been produced, that he discovers in the course of his reasonable search and diligent

7  inquiry, which are within the permissible scope of discovery, and to which no

8  privilege or other protection applies, including without limitation, the attorney-

9  client privilege or attorney's work product doctrine.

10 **REQUEST FOR PRODUCTION NO. 154:**

11         All DOCUMENTS RELATING TO any indemnification that YOU or

12 MGA have sought, proposed, requested or obtained in connection with this

13 ACTION.

14 **RESPONSE TO REQUEST FOR PRODUCTION NO. 154:**

15         Larian incorporates by reference the above-stated general objections as

16 if fully set forth herein.  Larian also specifically objects to this request on the

17 grounds that seeks information not relevant to the subject matter of this lawsuit or

18 reasonably calculated to lead to the discovery of admissible evidence.  Larian also

19 specifically objects to this request on the grounds that it seeks information in

20 violation of the right of privacy.  Larian also objects to this request on the grounds

21 that it seeks confidential, proprietary or commercially sensitive information, the

22 disclosure of which would be inimical to the business interests of Larian and one or

23 more third parties.  Larian also objects to this request to the extent it calls for the

24 disclosure of attorney-client privileged information or information protected from

25 disclosure by the work-product doctrine, joint defense or common interest

26 privilege, or other privilege.

27         Subject to the foregoing, Larian will produce any personal documents

28 that are relevant and responsive to the request, if any, and that have not already

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT ___3___ , PAGE _223_

1 been produced, that he discovers in the course of his reasonable search and diligent

2 inquiry, which are within the permissible scope of discovery, and to which no

3 privilege or other protection applies, including without limitation, the attorney-

4 client privilege or attorney's work product doctrine.

5 **REQUEST FOR PRODUCTION NO. 155:**

6         All COMMUNICATIONS between YOU or MGA and Universal

7 Commerce Corp., Ltd. prior to June 1, 2001.

8 **RESPONSE TO REQUEST FOR PRODUCTION NO. 155:**

9         Larian incorporates by reference the above-stated general objections as

10 if fully set forth herein. Larian also specifically objects to this request on the

11 grounds that it is overbroad and unduly burdensome, including, without limitation,

12 in that it seeks all communications between Larian or MGA and Universal

13 Commerce Corp., without regard to subject matter, and extends back in time

14 indefinitely. Larian also objects to this request on the grounds that it seeks

15 confidential, proprietary or commercially sensitive information, the disclosure of

16 which would be inimical to the business interests of Larian and one or more third

17 parties. Larian further objects to this request to the extent it seeks information the

18 disclosure of which would implicate the rights of third parties to protect private,

19 confidential, proprietary or trade secret information. Larian also objects to this

20 request to the extent it calls for the disclosure of attorney-client privileged

21 information or information protected from disclosure by the work-product doctrine,

22 joint defense or common interest privilege, or other privilege.

23         Subject to the foregoing, Larian will produce any personal documents

24 that are relevant and responsive to the request, if any, and that have not already

25 been produced, that he discovers in the course of his reasonable search and diligent

26 inquiry, which are within the permissible scope of discovery, and to which no

27 privilege or other protection applies, including without limitation, the attorney-

28 client privilege or attorney's work product doctrine.

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT   3  , PAGE 224

1  **REQUEST FOR PRODUCTION NO. 156:**

2  　　　　All DOCUMENTS that REFER OR RELATE TO MATTEL, or that

3  were prepared, authored or created by MATTEL, that BRYANT has ever provided

4  to, shown, described to, communicated to or disclosed in any manner to YOU or

5  MGA.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 156:**

7  　　　　Larian incorporates by reference the above-stated general objections as

8  if fully set forth herein.  Larian also specifically objects to this request on the

9  grounds that it is overbroad and seeks information not relevant to the subject matter

10  of this lawsuit or reasonably calculated to lead to the discovery of admissible

11  evidence including, without limitation, in that it seeks all documents that refer or

12  relate to Mattel and is not otherwise limited as to subject matter or time.  Larian

13  also objects to this request on the grounds that it is overbroad, without limitation, in

14  potentially extending to any document that refers or relates to Mattel that Bryant

15  showed to anybody who now works for MGA, even if Bryant showed the document

16  to such person before one or either of them began work for MGA, and, indeed,

17  while Bryant and such person both worked for Mattel, and without regard to

18  whether such person has or had anything to do with the subject matter of this

19  lawsuit.  Larian also objects to this request on the grounds that it seeks confidential,

20  proprietary or commercially sensitive information, the disclosure of which would

21  be inimical to the business interests of Larian and one or more third parties.  Larian

22  further objects to this request to the extent it seeks information the disclosure of

23  which would implicate the rights of third parties to protect private, confidential,

24  proprietary or trade secret information.  Larian also objects to this request to the

25  extent it calls for the disclosure of attorney-client privileged information or

26  information protected from disclosure by the work-product doctrine, joint defense

27  or common interest privilege, or other privilege.

28  　　　　Subject to the foregoing, Larian will produce any personal documents

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT __3__ , PAGE 225

1   that are relevant and responsive to the request, if any, and that have not already

2   been produced, that he discovers in the course of his reasonable search and diligent

3   inquiry, which are within the permissible scope of discovery, and to which no

4   privilege or other protection applies, including without limitation, the attorney-

5   client privilege or attorney's work product doctrine.

6   **REQUEST FOR PRODUCTION NO. 157:**

7       All COMMUNICATIONS between YOU or MGA and BRYANT

8   prior to January 1, 2001, including without limitation all diaries, notes, calendars,

9   logs, phone records and letters, that reflect, record or memorialize or otherwise

10  RELATING TO any such COMMUNICATIONS.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 157:**

12      Larian incorporates by reference the above-stated general objections as

13  if fully set forth herein. Larian also specifically objects to this request on the

14  grounds that it is overbroad, unduly burdensome and oppressive, without limitation,

15  in potentially extending to communications that Bryant may have had with any of

16  MGA's hundreds of employees, agents or representatives, and regardless of whether

17  any such communication is related in any way to the subject matter of this lawsuit,

18  MGA, or MGA's business. Larian also objects to this request on the grounds that it

19  seeks information in violation of the right of privacy. Larian also objects to this

20  request to the extent it seeks information the disclosure of which would implicate

21  the rights of third parties to protect private, confidential, proprietary or trade secret

22  information. Larian also objects to this request on the grounds that it seeks

23  confidential, proprietary or commercially sensitive information, the disclosure of

24  which would be inimical to the business interests of Larian and one or more third

25  parties. Larian also objects to this request to the extent it calls for the disclosure of

26  attorney-client privileged information or information protected from disclosure by

27  the work-product doctrine, joint defense or common interest privilege, or other

28  privilege. Larian also objects to this request to the extent it seeks documents not

LARIAN'S RESPONSE TO MATTEL'S 1ST
- 154 -    SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT __3__ , PAGE __226__

1  within Larian's possession, custody or control.

2         Subject to the foregoing, Larian will produce any personal documents

3  that are relevant and responsive to the request, if any, and that have not already

4  been produced, that he discovers in the course of his reasonable search and diligent

5  inquiry, which are within the permissible scope of discovery, and to which no

6  privilege or other protection applies, including without limitation, the attorney-

7  client privilege or attorney's work product doctrine.

8  **REQUEST FOR PRODUCTION NO. 158:**

9         All COMMUNICATIONS between YOU or MGA and Elise Cloonan

10  that REFER OR RELATE TO BRYANT, MATTEL, BRATZ and/or Anna Rhee,

11  including without limitation all diaries, notes, calendars, logs, phone records and

12  letters, that reflect, record or memorialize or otherwise RELATING TO any such

13  COMMUNICATIONS.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 158:**

15         Larian incorporates by reference the above-stated general objections as

16  if fully set forth herein.  Larian also specifically objects to this request on the

17  grounds that it is overbroad, unduly burdensome and oppressive, including, without

18  limitation, in that it seeks communications that any of MGA's hundreds of

19  employees, agents or representatives may have exchanged at any time with Elise

20  Cloonan that refer or relate to Bryant, Mattel (or any of its officers, directors,

21  employees, or representatives, regardless of whether such person was employed by

22  Mattel at the time of the communication), Bratz, or Anna Rhee, regardless of

23  whether any such communication is related in any way to the subject matter of this

24  lawsuit.  Larian also objects to this request as overbroad in that it is unlimited as to

25  time.  Larian also objects to this request on the grounds that it seeks information in

26  violation of the right of privacy.  Larian also objects to this request to the extent it

27  seeks information the disclosure of which would implicate the rights of third parties

28  to protect private, confidential, proprietary or trade secret information.  Larian

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT __3__, PAGE __227__

1  further objects to this request on the grounds that it seeks confidential, proprietary

2  or commercially sensitive information, the disclosure of which would be inimical to

3  the business interests of Larian.  Larian also objects to this request to the extent it

4  calls for the disclosure of attorney-client privileged information or information

5  protected from disclosure by the work-product doctrine, joint defense or common

6  interest privilege, or other privilege.  Larian also objects to this request to the extent

7  it seeks documents not within Larian's possession, custody or control.

8         Subject to the foregoing, Larian will produce any personal documents

9  that are relevant and responsive to the request, if any, and that have not already

10  been produced, that he discovers in the course of his reasonable search and diligent

11  inquiry, which are within the permissible scope of discovery, and to which no

12  privilege or other protection applies, including without limitation, the attorney-

13  client privilege or attorney's work product doctrine.

14  **REQUEST FOR PRODUCTION NO. 159:**

15         All COMMUNICATIONS between YOU or MGA and Elise Cloonan

16  prior to June 11, 2002, including without limitation all diaries, notes, calendars,

17  logs, phone records and letters, that reflect, record or memorialize or otherwise

18  RELATING TO any such COMMUNICATIONS.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 159:**

20         Larian incorporates by reference the above-stated general objections as

21  if fully set forth herein.  Larian also specifically objects to this request on the

22  grounds that it is overbroad, unduly burdensome and oppressive, and seeks

23  information not relevant to the subject matter of this lawsuit or reasonably

24  calculated to lead to the discovery of admissible evidence, including, without

25  limitation, in that it seeks all communications between Larian or MGA and Elise

26  Cloonan and is not otherwise limited as to subject matter.  Larian also objects to

27  this request on the grounds that it is overbroad, unduly burdensome and oppressive,

28  without limitation, in potentially extending to communications that Elise Cloonan

- 156 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT _3_, PAGE _228_

1  may have had with any of MGA's hundreds of employees, agents or

2  representatives, and regardless of whether any such communication is related in any

3  way to the subject matter of this lawsuit, MGA, or MGA's business.  Larian also

4  objects to this request on the grounds that it seeks information in violation of the

5  right of privacy.  Larian also objects to this request to the extent it seeks

6  information the disclosure of which would implicate the rights of third parties to

7  protect private, confidential, proprietary or trade secret information.  Larian further

8  objects to this request on the grounds that it seeks confidential, proprietary or

9  commercially sensitive information, the disclosure of which would be inimical to

10  the business interests of Larian.  Larian also objects to this request to the extent it

11  calls for the disclosure of attorney-client privileged information or information

12  protected from disclosure by the work-product doctrine, joint defense or common

13  interest privilege, or other privilege.  Larian also objects to this request to the extent

14  it seeks documents not within Larian's possession, custody or control.

15          Subject to the foregoing, Larian will produce any personal documents

16  that are relevant and responsive to the request, if any, and that have not already

17  been produced, that he discovers in the course of his reasonable search and diligent

18  inquiry, which are within the permissible scope of discovery, and to which no

19  privilege or other protection applies, including without limitation, the attorney-

20  client privilege or attorney's work product doctrine.

21  **REQUEST FOR PRODUCTION NO. 160:**

22          All COMMUNICATIONS between YOU or MGA and Veronica

23  Marlow prior to January 1, 2001, including without limitation all diaries, notes,

24  calendars, logs, phone records and letters, that reflect, record or memorialize or

25  otherwise RELATING TO any such COMMUNICATIONS.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 160:**

27          Larian incorporates by reference the above-stated general objections as

28  if fully set forth herein.  Larian also specifically objects to this request on the

- 157 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT ___3___ , PAGE 229

1  grounds that it is overbroad, unduly burdensome and oppressive, and seeks

2  information not relevant to the subject matter of this lawsuit or reasonably

3  calculated to lead to the discovery of admissible evidence, including, without

4  limitation, in that it seeks all communications between Larian or MGA and

5  Veronica Marlow and is not otherwise limited as to subject matter.  Larian also

6  objects to this request on the grounds that it is overbroad, unduly burdensome and

7  oppressive, without limitation, in potentially extending to communications that

8  Veronica Marlow may have had with any of MGA's hundreds of employees, agents

9  or representatives, and regardless of whether any such communication is related in

10  any way to the subject matter of this lawsuit, MGA, or MGA's business.  Larian

11  also objects to this request on the grounds that it seeks information in violation of

12  the right of privacy.  Larian also objects to this request to the extent it seeks

13  information the disclosure of which would implicate the rights of third parties to

14  protect private, confidential, proprietary or trade secret information.  Larian further

15  objects to this request on the grounds that it seeks confidential, proprietary or

16  commercially sensitive information, the disclosure of which would be inimical to

17  the business interests of Larian.  Larian also objects to this request to the extent it

18  calls for the disclosure of attorney-client privileged information or information

19  protected from disclosure by the work-product doctrine, joint defense or common

20  interest privilege, or other privilege.  Larian also objects to this request to the extent

21  it seeks documents not within Larian's possession, custody or control.

22        Subject to the foregoing, Larian will produce any personal documents

23  related to Bratz or Prayer Angels that are relevant and responsive to the request, if

24  any, and that have not already been produced, that he discovers in the course of his

25  reasonable search and diligent inquiry, which are within the permissible scope of

26  discovery, and to which no privilege or other protection applies, including without

27  limitation, the attorney-client privilege or attorney's work product doctrine.

28

- 158 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 3 , PAGE 230

**REQUEST FOR PRODUCTION NO. 161:**

All COMMUNICATIONS between YOU or MGA and Mercedeh Ward prior to November 6, 2000, including without limitation all diaries, notes, calendars, logs, phone records and letters, that reflect, record or memorialize or otherwise RELATING TO any such COMMUNICATIONS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 161:**

Larian incorporates by reference the above-stated general objections as if fully set forth herein. Larian also specifically objects to this request on the grounds that it is overbroad, unduly burdensome and oppressive, and seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence, including, without limitation, in that it seeks all communications between Larian or MGA and Mercedeh Ward and is not otherwise limited as to subject matter. Larian also objects to this request on the grounds that it is overbroad, unduly burdensome and oppressive, without limitation, in potentially extending to communications that Mercedeh Ward may have had with any of MGA's hundreds of employees, agents or representatives, and regardless of whether any such communication is related in any way to the subject matter of this lawsuit, MGA, or MGA's business. Larian also objects to this request on the grounds that it seeks information in violation of the right of privacy. Larian also objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information. Larian further objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian. Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege. Larian also objects to this request to the extent

- 159 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT __3__ , PAGE __231__

1   it seeks documents not within Larian's possession, custody or control.

2           Subject to the foregoing, Larian will produce any personal documents

3   that are relevant and responsive to the request, if any, and that have not already

4   been produced, that he discovers in the course of his reasonable search and diligent

5   inquiry, which are within the permissible scope of discovery, and to which no

6   privilege or other protection applies, including without limitation, the attorney-

7   client privilege or attorney's work product doctrine.

8   **REQUEST FOR PRODUCTION NO. 162:**

9           All COMMUNICATIONS between YOU or MGA and Margaret

10  Hatch (also known as Margaret Leahy and/or Margaret Hatch-Leahy) prior to

11  January 1, 2001, including without limitation all diaries, notes, calendars, logs,

12  phone records and letters, that reflect, record or memorialize or otherwise

13  RELATING TO any such COMMUNICATIONS.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 162:**

15          Larian incorporates by reference the above-stated general objections as

16  if fully set forth herein.  Larian also specifically objects to this request on the

17  grounds that it is overbroad, unduly burdensome and oppressive, and seeks

18  information not relevant to the subject matter of this lawsuit or reasonably

19  calculated to lead to the discovery of admissible evidence, including, without

20  limitation, in that it seeks all communications between Larian or MGA and

21  Margaret Hatch (also known as Margaret Leahy and/or Margaret Hatch-Leahy) and

22  is not otherwise limited as to subject matter.  Larian also objects to this request on

23  the grounds that it is overbroad, unduly burdensome and oppressive, without

24  limitation, in potentially extending to communications that Margaret Hatch (also

25  known as Margaret Leahy and/or Margaret Hatch-Leahy) may have had with any of

26  MGA's hundreds of employees, agents or representatives, and regardless of

27  whether any such communication is related in any way to the subject matter of this

28  lawsuit, MGA, or MGA's business.  Larian also objects to this request on the

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 3 , PAGE 232

1    grounds that it seeks information in violation of the right of privacy.  Larian also

2    objects to this request to the extent it seeks information the disclosure of which

3    would implicate the rights of third parties to protect private, confidential,

4    proprietary or trade secret information.  Larian further objects to this request on the

5    grounds that it seeks confidential, proprietary or commercially sensitive

6    information, the disclosure of which would be inimical to the business interests of

7    Larian.  Larian also objects to this request to the extent it calls for the disclosure of

8    attorney-client privileged information or information protected from disclosure by

9    the work-product doctrine, joint defense or common interest privilege, or other

10    privilege.  Larian also objects to this request to the extent it seeks documents not

11    within Larian's possession, custody or control.

12        Subject to the foregoing, Larian will produce any personal documents

13    that are relevant and responsive to the request, if any, and that have not already

14    been produced, that he discovers in the course of his reasonable search and diligent

15    inquiry, which are within the permissible scope of discovery, and to which no

16    privilege or other protection applies, including without limitation, the attorney-

17    client privilege or attorney's work product doctrine.

18    **REQUEST FOR PRODUCTION NO. 163:**

19        All COMMUNICATIONS between YOU or MGA and Anna Rhee

20    prior to January 1, 2001, including without limitation all diaries, notes, calendars,

21    logs, phone records and letters, that reflect, record or memorialize or otherwise

22    RELATING TO any such COMMUNICATIONS.

23    **RESPONSE TO REQUEST FOR PRODUCTION NO. 163:**

24        Larian incorporates by reference the above-stated general objections as

25    if fully set forth herein.  Larian also specifically objects to this request on the

26    grounds that it is overbroad, unduly burdensome and oppressive, and seeks

27    information not relevant to the subject matter of this lawsuit or reasonably

28    calculated to lead to the discovery of admissible evidence, including, without

- 161 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 3 , PAGE 283

1   limitation, in that it seeks all communications between Larian or MGA and Anna

2   Rhee and is not otherwise limited as to subject matter.  Larian also objects to this

3   request on the grounds that it is overbroad, unduly burdensome and oppressive,

4   without limitation, in potentially extending to communications that Anna Rhee may

5   have had with any of MGA's hundreds of employees, agents or representatives, and

6   regardless of whether any such communication is related in any way to the subject

7   matter of this lawsuit, MGA, or MGA's business.  Larian also objects to this request

8   on the grounds that it seeks information in violation of the right of privacy.  Larian

9   also objects to this request to the extent it seeks information the disclosure of which

10  would implicate the rights of third parties to protect private, confidential,

11  proprietary or trade secret information.  Larian further objects to this request on the

12  grounds that it seeks confidential, proprietary or commercially sensitive

13  information, the disclosure of which would be inimical to the business interests of

14  Larian.  Larian also objects to this request to the extent it calls for the disclosure of

15  attorney-client privileged information or information protected from disclosure by

16  the work-product doctrine, joint defense or common interest privilege, or other

17  privilege.  Larian also objects to this request to the extent it seeks documents not

18  within Larian's possession, custody or control.

19        Subject to the foregoing, Larian will produce any personal documents

20  relating to Bratz or Prayer Angels that are relevant and responsive to the request, if

21  any, and that have not already been produced, that he discovers in the course of his

22  reasonable search and diligent inquiry, which are within the permissible scope of

23  discovery, and to which no privilege or other protection applies, including without

24  limitation, the attorney-client privilege or attorney's work product doctrine.

25  **REQUEST FOR PRODUCTION NO. 164:**

26        ALL COMMUNICATIONS between Veronica Marlow and Anna

27  Rhee prior to January 1, 2001, including without limitation all diaries, notes,

28  calendars, logs, phone records and letters, that reflect, record or memorialize or

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT _3_ , PAGE _234_

1  otherwise RELATING TO any such COMMUNICATIONS.

2  **RESPONSE TO REQUEST FOR PRODUCTION NO. 164:**

3      Larian incorporates by reference the above-stated general objections as

4  if fully set forth herein.  Larian also specifically objects to this request on the

5  grounds that it is overbroad and unduly burdensome, and seeks information not

6  relevant to the subject matter of this lawsuit or reasonably calculated to lead to the

7  discovery of admissible evidence, including, without limitation, in that it seeks all

8  communications between Veronica Marlow and Anna Rhee and is not otherwise

9  limited as to subject matter.  Larian also objects to this request on the grounds that

10  it seeks information in violation of the right of privacy.  Larian also objects to this

11  request to the extent it seeks information the disclosure of which would implicate

12  the rights of third parties to protect private, confidential, proprietary or trade secret

13  information.  Larian also objects to this request on the grounds that it seeks

14  confidential, proprietary or commercially sensitive information, the disclosure of

15  which would be inimical to the business interests of Larian and one or more third

16  parties.  Larian also objects to this request to the extent it calls for the disclosure of

17  attorney-client privileged information or information protected from disclosure by

18  the work-product doctrine, joint defense or common interest privilege, or other

19  privilege.  Larian also objects to this request to the extent it seeks documents not

20  within Larian's possession, custody or control.

21      Subject to the foregoing, Larian will produce any personal documents

22  that are relevant and responsive to the request, if any, and that have not already

23  been produced, that he discovers in the course of his reasonable search and diligent

24  inquiry, which are within the permissible scope of discovery, and to which no

25  privilege or other protection applies, including without limitation, the attorney-

26  client privilege or attorney's work product doctrine.

27  **REQUEST FOR PRODUCTION NO. 165:**

28      All COMMUNICATIONS between YOU or MGA and Sarah Halpern

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 3 , PAGE 235

1 | prior to January 1, 2001, including without limitation all diaries, notes, calendars,
2 | logs, phone records and letters, that reflect, record or memorialize or otherwise
3 | RELATING TO any such COMMUNICATIONS.

4 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 165:**

5 |     Larian incorporates by reference the above-stated general objections as
6 | if fully set forth herein. Larian also specifically objects to this request on the
7 | grounds that it is overbroad, unduly burdensome and oppressive, and seeks
8 | information not relevant to the subject matter of this lawsuit or reasonably
9 | calculated to lead to the discovery of admissible evidence, including, without
10 | limitation, in that it seeks all communications between Larian or MGA and Sarah
11 | Halpern and is not otherwise limited as to subject matter. Larian also objects to this
12 | request on the grounds that it is overbroad, unduly burdensome and oppressive,
13 | without limitation, in potentially extending to communications that Sarah Halpern
14 | may have had with any of MGA's hundreds of employees, agents or
15 | representatives, and regardless of whether any such communication is related in any
16 | way to the subject matter of this lawsuit, MGA, or MGA's business. Larian also
17 | objects to this request on the grounds that it seeks information in violation of the
18 | right of privacy. Larian also objects to this request to the extent it seeks
19 | information the disclosure of which would implicate the rights of third parties to
20 | protect private, confidential, proprietary or trade secret information. Larian further
21 | objects to this request on the grounds that it seeks confidential, proprietary or
22 | commercially sensitive information, the disclosure of which would be inimical to
23 | the business interests of Larian. Larian also objects to this request to the extent it
24 | calls for the disclosure of attorney-client privileged information or information
25 | protected from disclosure by the work-product doctrine, joint defense or common
26 | interest privilege, or other privilege. Larian also objects to this request to the extent
27 | it seeks documents not within Larian's possession, custody or control.

28 |     Subject to the foregoing, Larian will produce any personal documents

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 3 , PAGE 236

1    that are relevant and responsive to the request, if any, and that have not already

2    been produced, that he discovers in the course of his reasonable search and diligent

3    inquiry, which are within the permissible scope of discovery, and to which no

4    privilege or other protection applies, including without limitation, the attorney-

5    client privilege or attorney's work product doctrine.

6    **REQUEST FOR PRODUCTION NO. 166:**

7         All COMMUNICATIONS between YOU or MGA and Jesse Ramirez

8    prior to January 1, 2001, including without limitation all diaries, notes, calendars,

9    logs, phone records and letters, that reflect, record or memorialize or otherwise

10    RELATING TO any such COMMUNICATIONS.

11    **RESPONSE TO REQUEST FOR PRODUCTION NO. 166:**

12         Larian incorporates by reference the above-stated general objections as

13    if fully set forth herein. Larian also specifically objects to this request on the

14    grounds that it is overbroad, unduly burdensome and oppressive, and seeks

15    information not relevant to the subject matter of this lawsuit or reasonably

16    calculated to lead to the discovery of admissible evidence, including, without

17    limitation, in that it seeks all communications between Larian or MGA and Jesse

18    Ramirez and is not otherwise limited as to subject matter. Larian also objects to

19    this request on the grounds that it is overbroad, unduly burdensome and oppressive,

20    without limitation, in potentially extending to communications that Jesse Ramirez

21    may have had with any of MGA's hundreds of employees, agents or

22    representatives, and regardless of whether any such communication is related in any

23    way to the subject matter of this lawsuit, MGA, or MGA's business. Larian also

24    objects to this request on the grounds that it seeks information in violation of the

25    right of privacy. Larian also objects to this request to the extent it seeks

26    information the disclosure of which would implicate the rights of third parties to

27    protect private, confidential, proprietary or trade secret information. Larian further

28    objects to this request on the grounds that it seeks confidential, proprietary or

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 3 , PAGE 237

1  commercially sensitive information, the disclosure of which would be inimical to

2  the business interests of Larian. Larian also objects to this request to the extent it

3  calls for the disclosure of attorney-client privileged information or information

4  protected from disclosure by the work-product doctrine, joint defense or common

5  interest privilege, or other privilege. Larian also objects to this request to the extent

6  it seeks documents not within Larian's possession, custody or control.

7         Subject to the foregoing, Larian will produce any personal documents

8  that are relevant and responsive to the request, if any, and that have not already

9  been produced, that he discovers in the course of his reasonable search and diligent

10  inquiry, which are within the permissible scope of discovery, and to which no

11  privilege or other protection applies, including without limitation, the attorney-

12  client privilege or attorney's work product doctrine.

13  **REQUEST FOR PRODUCTION NO. 167:**

14         Any personnel or vendor file that YOU created, control, or maintain

15  concerning BRYANT.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 167:**

17         Larian incorporates by reference the above-stated general objections as

18  if fully set forth herein. Larian also specifically objects to this request on the

19  grounds that it is overbroad and unduly burdensome, and seeks information not

20  relevant to the subject matter of this lawsuit or reasonably calculated to lead to the

21  discovery of admissible evidence, including, without limitation, in that it seeks any

22  personnel or vendor file concerning Bryant created or maintained by Larian and is

23  not otherwise limited as to subject matter or time. Larian also objects to this

24  request on the grounds that it is vague and ambiguous in that Larian cannot

25  determine what is meant by "vendor file." Larian also objects to this request on the

26  grounds that it seeks information in violation of the right of privacy. Larian also

27  objects to this request to the extent it seeks information the disclosure of which

28  would implicate the rights of third parties to protect private, confidential,

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 3, PAGE 238

1    proprietary or trade secret information. Larian also objects to this request on the

2    grounds that it seeks confidential, proprietary or commercially sensitive

3    information, the disclosure of which would be inimical to the business interests of

4    Larian and one or more third parties. Larian also objects to this request to the

5    extent it calls for the disclosure of attorney-client privileged information or

6    information protected from disclosure by the work-product doctrine, joint defense

7    or common interest privilege, or other privilege.

8          Subject to the foregoing, Larian will produce any personal documents

9    that are relevant and responsive to the request, if any, and that have not already

10    been produced, that he discovers in the course of his reasonable search and diligent

11    inquiry, which are within the permissible scope of discovery, and to which no

12    privilege or other protection applies, including without limitation, the attorney-

13    client privilege or attorney's work product doctrine.

14    **REQUEST FOR PRODUCTION NO. 168:**

15          Any personnel file that YOU created, control, or maintain concerning

16    Paula Garcia (also known as Paula Treantafellas).

17    **RESPONSE TO REQUEST FOR PRODUCTION NO. 168:**

18          Larian incorporates by reference the above-stated general objections as

19    if fully set forth herein. Larian also specifically objects to this request on the

20    grounds that it is overbroad and unduly burdensome, and seeks information not

21    relevant to the subject matter of this lawsuit or reasonably calculated to lead to the

22    discovery of admissible evidence, including, without limitation, in that it seeks any

23    personnel or vendor file concerning Paula Garcia created or maintained by Larian

24    and is not otherwise limited as to subject matter or time. Larian also objects to this

25    request on the grounds that it is vague and ambiguous in that Larian cannot

26    determine what is meant by "vendor file." Larian also objects to this request on the

27    grounds that it seeks information in violation of the right of privacy. Larian also

28    objects to this request to the extent it seeks information the disclosure of which

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT __3__ , PAGE _289_

1    would implicate the rights of third parties to protect private, confidential,

2    proprietary or trade secret information. Larian also objects to this request on the

3    grounds that it seeks confidential, proprietary or commercially sensitive

4    information, the disclosure of which would be inimical to the business interests of

5    Larian and one or more third parties. Larian also objects to this request to the

6    extent it calls for the disclosure of attorney-client privileged information or

7    information protected from disclosure by the work-product doctrine, joint defense

8    or common interest privilege, or other privilege.

9         Subject to the foregoing, Larian will produce any personal documents

10   that are relevant and responsive to the request, if any, and that have not already

11   been produced, that he discovers in the course of his reasonable search and diligent

12   inquiry, which are within the permissible scope of discovery, and to which no

13   privilege or other protection applies, including without limitation, the attorney-

14   client privilege or attorney's work product doctrine.

15   **REQUEST FOR PRODUCTION NO. 169:**

16        Any personnel file that YOU created, control, or maintain concerning

17   Mercedeh Ward.

18   **RESPONSE TO REQUEST FOR PRODUCTION NO. 169:**

19        Larian incorporates by reference the above-stated general objections as

20   if fully set forth herein. Larian also specifically objects to this request on the

21   grounds that it is overbroad and unduly burdensome, and seeks information not

22   relevant to the subject matter of this lawsuit or reasonably calculated to lead to the

23   discovery of admissible evidence, including, without limitation, in that it seeks any

24   personnel or vendor file concerning Mercedeh Ward created or maintained by

25   Larian and is not otherwise limited as to subject matter or time. Larian also objects

26   to this request on the grounds that it is vague and ambiguous in that Larian cannot

27   determine what is meant by "vendor file." Larian also objects to this request on the

28   grounds that it seeks information in violation of the right of privacy. Larian also

- 168 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT __3__, PAGE 240

1   objects to this request to the extent it seeks information the disclosure of which

2   would implicate the rights of third parties to protect private, confidential,

3   proprietary or trade secret information. Larian also objects to this request on the

4   grounds that it seeks confidential, proprietary or commercially sensitive

5   information, the disclosure of which would be inimical to the business interests of

6   Larian and one or more third parties. Larian also objects to this request to the

7   extent it calls for the disclosure of attorney-client privileged information or

8   information protected from disclosure by the work-product doctrine, joint defense

9   or common interest privilege, or other privilege.

10          Subject to the foregoing, Larian will produce any personal documents

11  that are relevant and responsive to the request, if any, and that have not already

12  been produced, that he discovers in the course of his reasonable search and diligent

13  inquiry, which are within the permissible scope of discovery, and to which no

14  privilege or other protection applies, including without limitation, the attorney-

15  client privilege or attorney's work product doctrine.

16  **REQUEST FOR PRODUCTION NO. 170:**

17          Any personnel or vendor file that YOU created, control, or maintain

18  concerning Margaret Hatch (also known as Margaret Leahy and/or Margaret Hatch-

19  Leahy).

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 170:**

21          Larian incorporates by reference the above-stated general objections as

22  if fully set forth herein. Larian also specifically objects to this request on the

23  grounds that it is overbroad and unduly burdensome, and seeks information not

24  relevant to the subject matter of this lawsuit or reasonably calculated to lead to the

25  discovery of admissible evidence, including, without limitation, in that it seeks any

26  personnel or vendor file concerning Margaret Hatch (also known as Margaret

27  Leahy and/or Margaret Hatch-Leahy) created or maintained by Larian and is not

28  otherwise limited as to subject matter or time. Larian also objects to this request on

- 169 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT __3__ , PAGE 241

1   the grounds that it is vague and ambiguous in that Larian cannot determine what is

2   meant by "vendor file." Larian also objects to this request on the grounds that it

3   seeks information in violation of the right of privacy. Larian also objects to this

4   request to the extent it seeks information the disclosure of which would implicate

5   the rights of third parties to protect private, confidential, proprietary or trade secret

6   information. Larian also objects to this request on the grounds that it seeks

7   confidential, proprietary or commercially sensitive information, the disclosure of

8   which would be inimical to the business interests of Larian and one or more third

9   parties. Larian also objects to this request to the extent it calls for the disclosure of

10  attorney-client privileged information or information protected from disclosure by

11  the work-product doctrine, joint defense or common interest privilege, or other

12  privilege.

13          Subject to the foregoing, Larian will produce all relevant and

14  responsive documents in his possession, custody, or control, if any, that he

15  discovers in the course of his reasonable search and diligent inquiry, which are

16  within the permissible scope of discovery, and to which no privilege or other

17  protection applies, including without limitation, the attorney-client privilege or

18  attorney's work product doctrine.

19  **REQUEST FOR PRODUCTION NO. 171:**

20          Any personnel or vendor file that YOU created, control, or maintain

21  concerning Veronica Marlow.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 171:**

23          Larian incorporates by reference the above-stated general objections as

24  if fully set forth herein. Larian also specifically objects to this request on the

25  grounds that it is overbroad and unduly burdensome, and seeks information not

26  relevant to the subject matter of this lawsuit or reasonably calculated to lead to the

27  discovery of admissible evidence, including, without limitation, in that it seeks any

28  personnel or vendor file concerning Veronica Marlow created or maintained by

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT _3_, PAGE _042_

1   Larian and is not otherwise limited as to subject matter or time. Larian also objects

2   to this request on the grounds that it is vague and ambiguous in that Larian cannot

3   determine what is meant by "vendor file." Larian also objects to this request on the

4   grounds that it seeks information in violation of the right of privacy. Larian also

5   objects to this request to the extent it seeks information the disclosure of which

6   would implicate the rights of third parties to protect private, confidential,

7   proprietary or trade secret information. Larian also objects to this request on the

8   grounds that it seeks confidential, proprietary or commercially sensitive

9   information, the disclosure of which would be inimical to the business interests of

10   Larian and one or more third parties. Larian also objects to this request to the

11   extent it calls for the disclosure of attorney-client privileged information or

12   information protected from disclosure by the work-product doctrine, joint defense

13   or common interest privilege, or other privilege.

14          Subject to the foregoing, Larian will produce any personal documents

15   that are relevant and responsive to the request, if any, and that have not already

16   been produced, that he discovers in the course of his reasonable search and diligent

17   inquiry, which are within the permissible scope of discovery, and to which no

18   privilege or other protection applies, including without limitation, the attorney-

19   client privilege or attorney's work product doctrine.

20   **REQUEST FOR PRODUCTION NO. 172:**

21          Any personnel or vendor file that YOU created, control, or maintain

22   concerning Anna Rhee.

23   **RESPONSE TO REQUEST FOR PRODUCTION NO. 172:**

24          Larian incorporates by reference the above-stated general objections as

25   if fully set forth herein. Larian also specifically objects to this request on the

26   grounds that it is overbroad and unduly burdensome, and seeks information not

27   relevant to the subject matter of this lawsuit or reasonably calculated to lead to the

28   discovery of admissible evidence, including, without limitation, in that it seeks any

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT  3  , PAGE 043

1 | personnel or vendor file concerning Anna Rhee created or maintained by Larian
2 | and is not otherwise limited as to subject matter or time.  Larian also objects to this
3 | request on the grounds that it is vague and ambiguous in that Larian cannot
4 | determine what is meant by "vendor file."  Larian also objects to this request on the
5 | grounds that it seeks information in violation of the right of privacy.  Larian also
6 | objects to this request to the extent it seeks information the disclosure of which
7 | would implicate the rights of third parties to protect private, confidential,
8 | proprietary or trade secret information.  Larian also objects to this request on the
9 | grounds that it seeks confidential, proprietary or commercially sensitive
10 | information, the disclosure of which would be inimical to the business interests of
11 | Larian and one or more third parties.  Larian also objects to this request to the
12 | extent it calls for the disclosure of attorney-client privileged information or
13 | information protected from disclosure by the work-product doctrine, joint defense
14 | or common interest privilege, or other privilege.

15 |      Subject to the foregoing, Larian will produce any personal documents
16 | that are relevant and responsive to the request, if any, and that have not already
17 | been produced, that he discovers in the course of his reasonable search and diligent
18 | inquiry, which are within the permissible scope of discovery, and to which no
19 | privilege or other protection applies, including without limitation, the attorney-
20 | client privilege or attorney's work product doctrine.

21 | **REQUEST FOR PRODUCTION NO. 173:**

22 |      Any personnel or vendor file that YOU created, control, or maintain
23 | concerning Jessie Ramirez.

24 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 173:**

25 |      Larian incorporates by reference the above-stated general objections as
26 | if fully set forth herein.  Larian also specifically objects to this request on the
27 | grounds that it is overbroad and unduly burdensome, and seeks information not
28 | relevant to the subject matter of this lawsuit or reasonably calculated to lead to the

- 172 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT __3__ , PAGE __244__

1  discovery of admissible evidence, including, without limitation, in that it seeks any

2  personnel or vendor file concerning Jesse Ramirez created or maintained by Larian

3  and is not otherwise limited as to subject matter or time. Larian also objects to this

4  request on the grounds that it is vague and ambiguous in that Larian cannot

5  determine what is meant by "vendor file." Larian also objects to this request on the

6  grounds that it seeks information in violation of the right of privacy. Larian also

7  objects to this request to the extent it seeks information the disclosure of which

8  would implicate the rights of third parties to protect private, confidential,

9  proprietary or trade secret information. Larian also objects to this request on the

10  grounds that it seeks confidential, proprietary or commercially sensitive

11  information, the disclosure of which would be inimical to the business interests of

12  Larian and one or more third parties. Larian also objects to this request to the

13  extent it calls for the disclosure of attorney-client privileged information or

14  information protected from disclosure by the work-product doctrine, joint defense

15  or common interest privilege, or other privilege.

16          Subject to the foregoing, Larian will produce any personal documents

17  that are relevant and responsive to the request, if any, and that have not already

18  been produced, that he discovers in the course of his reasonable search and diligent

19  inquiry, which are within the permissible scope of discovery, and to which no

20  privilege or other protection applies, including without limitation, the attorney-

21  client privilege or attorney's work product doctrine.

22  **REQUEST FOR PRODUCTION NO. 174:**

23          Any personnel file that YOU created, control, or maintain concerning

24  Shirin Salemnia.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 174:**

26          Larian incorporates by reference the above-stated general objections as

27  if fully set forth herein. Larian also specifically objects to this request on the

28  grounds that it is overbroad and unduly burdensome, and seeks information not

- 173 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 3 , PAGE 845

1   relevant to the subject matter of this lawsuit or reasonably calculated to lead to the

2   discovery of admissible evidence, including, without limitation, in that it seeks any

3   personnel or vendor file concerning Shirin Salemnia created or maintained by

4   Larian and is not otherwise limited as to subject matter or time.  Larian also objects

5   to this request on the grounds that it seeks information in violation of the right of

6   privacy.  Larian also objects to this request to the extent it seeks information the

7   disclosure of which would implicate the rights of third parties to protect private,

8   confidential, proprietary or trade secret information.  Larian also objects to this

9   request on the grounds that it seeks confidential, proprietary or commercially

10  sensitive information, the disclosure of which would be inimical to the business

11  interests of Larian and one or more third parties.  Larian also objects to this request

12  to the extent it calls for the disclosure of attorney-client privileged information or

13  information protected from disclosure by the work-product doctrine, joint defense

14  or common interest privilege, or other privilege.

15  **REQUEST FOR PRODUCTION NO. 175:**

16          DOCUMENTS sufficient to show the relationship, whether by blood

17  or marriage, between Isaac Larian or any FAMILY MEMBER of Isaac Larian, on

18  the one hand, and Shirin Salemnia.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 175:**

20          Larian incorporates by reference the above-stated general objections as

21  if fully set forth herein.  Larian also specifically objects to this request on the

22  grounds that it is overbroad and seeks information not relevant to the subject matter

23  of this lawsuit or reasonably calculated to lead to the discovery of admissible

24  evidence.  Larian also objects to this request on the grounds that it seeks

25  information in violation of the right of privacy.  Larian also objects to this request

26  to the extent it calls for the disclosure of attorney-client privileged information or

27  information protected from disclosure by the work-product doctrine, joint defense

28  or common interest privilege, or other privilege.

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

- 174 -

EXHIBIT 3 , PAGE 246

1  **REQUEST FOR PRODUCTION NO. 176:**

2        Any personnel file that YOU created, control, or maintain concerning

3  Victoria O'Connor.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 176:**

5        Larian incorporates by reference the above-stated general objections as

6  if fully set forth herein.  Larian also specifically objects to this request on the

7  grounds that it is overbroad and unduly burdensome, and seeks information not

8  relevant to the subject matter of this lawsuit or reasonably calculated to lead to the

9  discovery of admissible evidence, including, without limitation, in that it seeks any

10  personnel or vendor file concerning Victoria O'Connor created or maintained by

11  Larian and is not otherwise limited as to subject matter or time.  Larian also objects

12  to this request on the grounds that it seeks information in violation of the right of

13  privacy.  Larian also objects to this request to the extent it seeks information the

14  disclosure of which would implicate the rights of third parties to protect private,

15  confidential, proprietary or trade secret information.  Larian also objects to this

16  request on the grounds that it seeks confidential, proprietary or commercially

17  sensitive information, the disclosure of which would be inimical to the business

18  interests of Larian and one or more third parties.  Larian also objects to this request

19  to the extent it calls for the disclosure of attorney-client privileged information or

20  information protected from disclosure by the work-product doctrine, joint defense

21  or common interest privilege, or other privilege.

22        Subject to the foregoing, Larian will produce any personal documents

23  that are relevant and responsive to the request, if any, and that have not already

24  been produced, that he discovers in the course of his reasonable search and diligent

25  inquiry, which are within the permissible scope of discovery, and to which no

26  privilege or other protection applies, including without limitation, the attorney-

27  client privilege or attorney's work product doctrine.

28

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 3 , PAGE 247

1    **REQUEST FOR PRODUCTION NO. 177:**

2            Any personnel file that YOU created, control, or maintain concerning

3    Farhad Larian.

4    **RESPONSE TO REQUEST FOR PRODUCTION NO. 177:**

5            Larian incorporates by reference the above-stated general objections as

6    if fully set forth herein.  Larian also specifically objects to this request on the

7    grounds that it is overbroad and unduly burdensome, and seeks information not

8    relevant to the subject matter of this lawsuit or reasonably calculated to lead to the

9    discovery of admissible evidence, including, without limitation, in that it seeks any

10   personnel or vendor file concerning Farhad Larian created or maintained by Larian

11   and is not otherwise limited as to subject matter or time.  Larian also objects to this

12   request on the grounds that it seeks information in violation of the right of privacy.

13   Larian also objects to this request to the extent it seeks information the disclosure of

14   which would implicate the rights of third parties to protect private, confidential,

15   proprietary or trade secret information.  Larian also objects to this request on the

16   grounds that it seeks confidential, proprietary or commercially sensitive

17   information, the disclosure of which would be inimical to the business interests of

18   Larian and one or more third parties.  Larian also objects to this request to the

19   extent it calls for the disclosure of attorney-client privileged information or

20   information protected from disclosure by the work-product doctrine, joint defense

21   or common interest privilege, or other privilege.

22           Subject to the foregoing, Larian will produce any personal documents

23   that are relevant and responsive to the request, if any, and that have not already

24   been produced, that he discovers in the course of his reasonable search and diligent

25   inquiry, which are within the permissible scope of discovery, and to which no

26   privilege or other protection applies, including without limitation, the attorney-

27   client privilege or attorney's work product doctrine.

28

- 176 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 3 , PAGE 248

1  **REQUEST FOR PRODUCTION NO. 178**:

2         All DOCUMENTS RELATING TO, including without limitation

3  phone records for, telephone calls by or to YOU or anyone on YOUR behalf for the

4  time period from January 1, 1998 through January 1, 2001.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 178**:

6         Larian incorporates by reference the above-stated general objections as

7  if fully set forth herein.  Larian also specifically objects to this request on the

8  grounds that it is overbroad, unduly burdensome and oppressive, and seeks

9  information not relevant to the subject matter of this lawsuit or reasonably

10  calculated to lead to the discovery of admissible evidence, including, without

11  limitation, in that it seeks all telephone records for Larian, without limitation as to

12  who placed the call or who was called, thereby potentially revealing to Mattel

13  every customer, vendor, distributor or anyone else Larian called in the referenced

14  time period, and the length and frequency of those calls.  Larian also objects to this

15  request on the grounds that it is overbroad in that it asks for phone records

16  beginning on January 1, 1998.  Larian also objects to this request on the grounds

17  that it seeks information in violation of the right of privacy.  Larian also objects to

18  this request on the grounds that it seeks confidential, proprietary or commercially

19  sensitive information, the disclosure of which would be inimical to the business

20  interests of Larian and one or more third parties.

21  **REQUEST FOR PRODUCTION NO. 179**:

22         All DOCUMENTS RELATING TO, including without limitation

23  phone records for, telephone calls by or to YOU or anyone on YOUR behalf for the

24  time period from January 1, 1998 through January 1, 2001 RELATING TO

25  BRATZ and/or ANGEL.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 179**:

27         Larian incorporates by reference the above-stated general objections as

28  if fully set forth herein.  Larian also specifically objects to this request on the

- 177 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT __3__ , PAGE _249_

1  grounds that it is overbroad, unduly burdensome and oppressive, and seeks

2  information not relevant to the subject matter of this lawsuit or reasonably

3  calculated to lead to the discovery of admissible evidence, including, without

4  limitation, in that it seeks all telephone records for Larian relating to Bratz and/or

5  Angel, without limitation as to who placed the call or who was called, thereby

6  potentially revealing to Mattel every customer, vendor, distributor or anyone else

7  Larian called in the referenced time period, and the length and frequency of those

8  calls. Larian also objects to this request on the grounds that it is overbroad in that it

9  asks for phone records beginning on January 1, 1998. Larian also objects to this

10 request on the grounds that it seeks information in violation of the right of privacy.

11 Larian also objects to this request on the grounds that it seeks confidential,

12 proprietary or commercially sensitive information, the disclosure of which would

13 be inimical to the business interests of Larian and one or more third parties.

14 **REQUEST FOR PRODUCTION NO. 180:**

15         All DOCUMENTS RELATING TO, including without limitation

16 phone records for, telephone calls by or to YOU or anyone on YOUR behalf for the

17 time period from April 1, 2004 through June 1, 2004.

18 **RESPONSE TO REQUEST FOR PRODUCTION NO. 180:**

19         Larian incorporates by reference the above-stated general objections as

20 if fully set forth herein. Larian also specifically objects to this request on the

21 grounds that it is overbroad, unduly burdensome and oppressive, and seeks

22 information not relevant to the subject matter of this lawsuit or reasonably

23 calculated to lead to the discovery of admissible evidence, including, without

24 limitation, in that it seeks all telephone records for Larian, without limitation as to

25 who placed the call or who was called, thereby potentially revealing to Mattel

26 every customer, vendor, distributor or anyone else Larian called in the referenced

27 time period, and the length and frequency of those calls. Larian also objects to this

28 request on the grounds that it seeks information in violation of the right of privacy.

- 178 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

**EXHIBIT 3 , PAGE 250**

1  Larian also objects to this request on the grounds that it seeks confidential,

2  proprietary or commercially sensitive information, the disclosure of which would

3  be inimical to the business interests of Larian and one or more third parties.

4  **REQUEST FOR PRODUCTION NO. 181:**

5          All DOCUMENTS RELATING TO, including without limitation

6  phone records for, telephone calls RELATING TO BRYANT by or to YOU or

7  anyone on YOUR behalf at any time.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 181:**

9          Larian incorporates by reference the above-stated general objections as

10  if fully set forth herein.  Larian also specifically objects to this request on the

11  grounds that it is overbroad, unduly burdensome and oppressive, and seeks

12  information not relevant to the subject matter of this lawsuit or reasonably

13  calculated to lead to the discovery of admissible evidence, including, without

14  limitation, in that it seeks all telephone records for Larian relating, without

15  limitation as to who placed the call or who was called, thereby potentially revealing

16  to Mattel every customer, vendor, distributor or anyone else Larian called in the

17  referenced time period, and the length and frequency of those calls.  Larian also

18  objects to this request on the grounds that it is overbroad in that it asks for phone

19  without limitation as to time.  Larian also objects to this request on the grounds that

20  it seeks information in violation of the right of privacy.  Larian also objects to this

21  request on the grounds that it seeks confidential, proprietary or commercially

22  sensitive information, the disclosure of which would be inimical to the business

23  interests of Larian and one or more third parties.

24  **REQUEST FOR PRODUCTION NO. 182:**

25          All DOCUMENTS that RELATING TO any actual, proposed,

26  contemplated, considered or potential copyright, patent or any other application or

27  registration for BRATZ or any BRATZ DESIGN, including without limitation all

28  COMMUNICATIONS pertaining thereto.

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT __3__, PAGE 251