1  REQUEST FOR PRODUCTION NO. 74:

2          All DOCUMENTS, including but not limited to all

3  COMMUNICATIONS with any PERSON, RELATING TO Machado's resignation

4  from Mattel.

5

6  REQUEST FOR PRODUCTION NO. 75:

7          All DOCUMENTS, including but not limited to all

8  COMMUNICATIONS with any PERSON, RELATING TO compensation, money

9  or any other item of value paid to Machado, whether directly or indirectly, by YOU.

10

11  REQUEST FOR PRODUCTION NO. 76:

12          All DOCUMENTS received by YOU, directly or indirectly, from

13  Machado RELATING TO any MATTEL product or plan.

14

15  REQUEST FOR PRODUCTION NO. 77:

16          All DOCUMENTS, including but not limited to all

17  COMMUNICATIONS with any PERSON, RELATING TO YOUR receipt,

18  reproduction, copying, storage, transmission, transfer, retention, destruction,

19  deletion or use of any DOCUMENTS, data and/or information, including but not

20  limited to any compilation of information, that was prepared, made, created,

21  generated, assembled or compiled by or for MATTEL and that YOU received,

22  directly or indirectly, from Machado.

23

24  REQUEST FOR PRODUCTION NO. 78:

25          A copy of each personnel file maintained or created by YOU

26  RELATING TO Machado.

27

28

EXHIBIT _10_ , PAGE _473_

1  REQUEST FOR PRODUCTION NO. 79:

2         All DOCUMENTS, including but not limited to all

3  COMMUNICATIONS, prepared, created, sent or transmitted, whether in whole or

4  in part, by Machado RELATING TO any of the CONTESTED MGA PRODUCTS.

5

6  REQUEST FOR PRODUCTION NO. 80:

7         All DOCUMENTS, including but not limited to all

8  COMMUNICATIONS, prepared, created, sent or transmitted, whether in whole or

9  in part, by Machado RELATING TO any of the CONTESTED MATTEL

10  PRODUCTS.

11

12  REQUEST FOR PRODUCTION NO. 81:

13         All COMMUNICATIONS between YOU and Mariana Trueba Almada

14  ("Trueba") prior to April 20, 2004.

15

16  REQUEST FOR PRODUCTION NO. 82:

17         All DOCUMENTS RELATING TO COMMUNICATIONS between

18  YOU and Trueba prior to April 20, 2004, including but not limited to all calendar

19  entries, phone logs, phone records and notes reflecting such COMMUNICATIONS.

20

21  REQUEST FOR PRODUCTION NO. 83:

22         All DOCUMENTS, including but not limited to all

23  COMMUNICATIONS with any PERSON, RELATING TO Trueba prior to April

24  20, 2004.

25

26

27

28

EXHIBIT 10 , PAGE 474

1  REQUEST FOR PRODUCTION NO. 84:

2  　　　　All DOCUMENTS, including but not limited to all

3  COMMUNICATIONS with any PERSON, RELATING TO Trueba's resignation

4  from Mattel.

5

6  REQUEST FOR PRODUCTION NO. 85:

7  　　　　All DOCUMENTS, including but not limited to all

8  COMMUNICATIONS with any PERSON, RELATING TO compensation, money

9  or any other item of value paid to Trueba, whether directly or indirectly, by YOU.

10

11  REQUEST FOR PRODUCTION NO. 86:

12  　　　　All DOCUMENTS received by YOU, directly or indirectly, from

13  Trueba RELATING TO any MATTEL product or plan.

14

15  REQUEST FOR PRODUCTION NO. 87:

16  　　　　All DOCUMENTS, including but not limited to all

17  COMMUNICATIONS with any PERSON, RELATING TO YOUR receipt,

18  reproduction, copying, storage, transmission, transfer, retention, destruction,

19  deletion or use of any DOCUMENTS, data and/or information, including but not

20  limited to any compilation of information, that was prepared, made, created,

21  generated, assembled or compiled by or for MATTEL and that YOU received,

22  directly or indirectly, from Trueba.

23

24  REQUEST FOR PRODUCTION NO. 88:

25  　　　　A copy of each personnel file maintained or created by YOU

26  RELATING TO Trueba.

27

28

EXHIBIT _10_ , PAGE _475_

07975/1928319.2

MATTEL'S FIRST SET OF DOCUMENT REQUESTS (UNFAIR COMPETITION)

REQUEST FOR PRODUCTION NO. 89:

All DOCUMENTS, including but not limited to all COMMUNICATIONS, prepared, created, sent or transmitted, whether in whole or in part, by Trueba RELATING TO any of the CONTESTED MGA PRODUCTS.

REQUEST FOR PRODUCTION NO. 90:

All DOCUMENTS, including but not limited to all COMMUNICATIONS, prepared, created, sent or transmitted, whether in whole or in part, by Trueba RELATING TO any of the CONTESTED MATTEL PRODUCTS.

REQUEST FOR PRODUCTION NO. 91:

All COMMUNICATIONS between YOU and Pablo Vargas San Jose ("Vargas") prior to April 20, 2004.

REQUEST FOR PRODUCTION NO. 92:

All DOCUMENTS RELATING TO COMMUNICATIONS between YOU and Vargas prior to April 20, 2004, including but not limited to all calendar entries, phone logs, phone records and notes reflecting such COMMUNICATIONS.

REQUEST FOR PRODUCTION NO. 93:

All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, RELATING TO Vargas prior to April 20, 2004.

EXHIBIT 10 , PAGE 476

07975/1928319.2

1  REQUEST FOR PRODUCTION NO. 94:

2         All DOCUMENTS, including but not limited to all

3  COMMUNICATIONS with any PERSON, RELATING TO Vargas' resignation

4  from Mattel.

5

6  REQUEST FOR PRODUCTION NO. 95:

7         All DOCUMENTS, including but not limited to all

8  COMMUNICATIONS with any PERSON, RELATING TO compensation, money

9  or any other item of value paid to Vargas, whether directly or indirectly, by YOU.

10

11  REQUEST FOR PRODUCTION NO. 96:

12         All DOCUMENTS received by YOU, directly or indirectly, from

13  Vargas RELATING TO any MATTEL product or plan.

14

15  REQUEST FOR PRODUCTION NO. 97:

16         All DOCUMENTS, including but not limited to all

17  COMMUNICATIONS with any PERSON, RELATING TO YOUR receipt,

18  reproduction, copying, storage, transmission, transfer, retention, destruction,

19  deletion or use of any DOCUMENTS, data and/or information, including but not

20  limited to any compilation of information, that was prepared, made, created,

21  generated, assembled or compiled by or for MATTEL and that YOU received,

22  directly or indirectly, from Vargas.

23

24  REQUEST FOR PRODUCTION NO. 98:

25         A copy of each personnel file maintained or created by YOU

26  RELATING TO Vargas.

27

28

EXHIBIT __10__, PAGE __477__

1  REQUEST FOR PRODUCTION NO. 99:

2         All DOCUMENTS, including but not limited to all

3  COMMUNICATIONS, prepared, created, sent or transmitted, whether in whole or

4  in part, by Vargas RELATING TO any of the CONTESTED MGA PRODUCTS.

5

6  REQUEST FOR PRODUCTION NO. 100:

7         All DOCUMENTS, including but not limited to all

8  COMMUNICATIONS, prepared, created, sent or transmitted, whether in whole or

9  in part, by Vargas RELATING TO any of the CONTESTED MATTEL

10  PRODUCTS.

11

12  REQUEST FOR PRODUCTION NO. 101:

13         All COMMUNICATIONS between YOU and Janine Brisbois

14  ("Brisbois") prior to September 27, 2005.

15

16  REQUEST FOR PRODUCTION NO. 102:

17         All DOCUMENTS RELATING TO COMMUNICATIONS between

18  YOU and Brisbois prior to September 27, 2005, including but not limited to all

19  calendar entries, phone logs, phone records and notes reflecting such

20  COMMUNICATIONS.

21

22  REQUEST FOR PRODUCTION NO. 103:

23         All DOCUMENTS, including but not limited to all

24  COMMUNICATIONS with any PERSON, RELATING TO Brisbois prior to

25  September 27, 2005.

26

27

28

EXHIBIT 10 , PAGE 478

1  REQUEST FOR PRODUCTION NO. 104:

2          All DOCUMENTS, including but not limited to all

3  COMMUNICATIONS with any PERSON, RELATING TO Brisbois' resignation

4  from Mattel.

5

6  REQUEST FOR PRODUCTION NO. 105:

7          All DOCUMENTS, including but not limited to all

8  COMMUNICATIONS with any PERSON, RELATING TO compensation, money

9  or any other item of value paid to Brisbois, whether directly or indirectly, by YOU.

10

11 REQUEST FOR PRODUCTION NO. 106:

12         All DOCUMENTS received by YOU, directly or indirectly, from

13 Brisbois RELATING TO any MATTEL product or plan.

14

15 REQUEST FOR PRODUCTION NO. 107:

16         All DOCUMENTS, including but not limited to all

17 COMMUNICATIONS with any PERSON, RELATING TO YOUR receipt,

18 reproduction, copying, storage, transmission, transfer, retention, destruction,

19 deletion or use of any DOCUMENTS, data and/or information, including but not

20 limited to any compilation of information, that was prepared, made, created,

21 generated, assembled or compiled by or for MATTEL and that YOU received,

22 directly or indirectly, from Brisbois.

23

24 REQUEST FOR PRODUCTION NO. 108:

25         A copy of each personnel file maintained or created by YOU

26 RELATING TO Brisbois.

27

28                                    EXHIBIT  10 , PAGE 479

-35-
MATTEL'S FIRST SET OF DOCUMENT REQUESTS (UNFAIR COMPETITION)

REQUEST FOR PRODUCTION NO. 109:

All DOCUMENTS, including but not limited to all COMMUNICATIONS, prepared, created, sent or transmitted, whether in whole or in part, by Brisbois RELATING TO any of the CONTESTED MGA PRODUCTS.

REQUEST FOR PRODUCTION NO. 110:

All DOCUMENTS, including but not limited to all COMMUNICATIONS, prepared, created, sent or transmitted, whether in whole or in part, by Brisbois RELATING TO any of the CONTESTED MATTEL PRODUCTS.

REQUEST FOR PRODUCTION NO. 111:

All COMMUNICATIONS between YOU and Ron Brawer ("Brawer") prior to October 2, 2004.

REQUEST FOR PRODUCTION NO. 112:

All DOCUMENTS RELATING TO COMMUNICATIONS between YOU and Brawer prior to October 2, 2004, including but not limited to all calendar entries, phone logs, phone records and notes reflecting such COMMUNICATIONS.

REQUEST FOR PRODUCTION NO. 113:

All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, RELATING TO Brawer prior to October 2, 2004.

**EXHIBIT 10 , PAGE 480**

07975/1928319.2

MATTEL'S FIRST SET OF DOCUMENT REQUESTS (UNFAIR COMPETITION)

1  REQUEST FOR PRODUCTION NO. 114:

2        All DOCUMENTS, including but not limited to all

3  COMMUNICATIONS with any PERSON, RELATING TO Brawer's resignation

4  from Mattel.

5

6  REQUEST FOR PRODUCTION NO. 115:

7        All DOCUMENTS, including but not limited to all

8  COMMUNICATIONS with any PERSON, RELATING TO compensation, money

9  or any other item of value paid to Brawer, whether directly or indirectly, by YOU.

10

11  REQUEST FOR PRODUCTION NO. 116:

12        All DOCUMENTS received by YOU, directly or indirectly, from

13  Brawer RELATING TO any MATTEL product or plan.

14

15  REQUEST FOR PRODUCTION NO. 117:

16        All DOCUMENTS, including but not limited to all

17  COMMUNICATIONS with any PERSON, RELATING TO YOUR receipt,

18  reproduction, copying, storage, transmission, transfer, retention, destruction,

19  deletion or use of any DOCUMENTS, data and/or information, including but not

20  limited to any compilation of information, that was prepared, made, created,

21  generated, assembled or compiled by or for MATTEL and that YOU received,

22  directly or indirectly, from Brawer.

23

24  REQUEST FOR PRODUCTION NO. 118:

25        All DOCUMENTS RELATING TO the existence or extent of

26  competition or substitution between any of the CONTESTED MGA PRODUCTS

27  and any of the CONTESTED MATTEL PRODUCTS.

28

EXHIBIT 10 , PAGE 401

07975/1928319.2

MATTEL'S FIRST SET OF DOCUMENT REQUESTS (UNFAIR COMPETITION)

**REQUEST FOR PRODUCTION NO. 119:**

All DOCUMENTS RELATING TO the facts that YOU contend support the claims for relief in YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 120:**

All DOCUMENTS RELATING TO any claim by YOU that any of the CONTESTED MGA PRODUCTS have acquired secondary meaning or are famous.

**REQUEST FOR PRODUCTION NO. 121:**

All DOCUMENTS RELATING TO any claim by YOU that MATTEL's actions have caused actual dilution.

**REQUEST FOR PRODUCTION NO. 122:**

All DOCUMENTS RELATING TO the allegation in Paragraph 9 of YOUR COMPLAINT that "Mattel has intimidated, coerced and threatened retailers, licensees, suppliers and others in the industry."

**REQUEST FOR PRODUCTION NO. 123:**

All DOCUMENTS RELATING TO the allegation in Paragraph 9 of YOUR COMPLAINT that "Mattel has . . . serially imitated and copy-catted [*sic*] the look of MGA products, trade dress, trademarks, themes, ideas, advertising and packaging."

**REQUEST FOR PRODUCTION NO. 124:**

All DOCUMENTS RELATING TO the allegation in Paragraphs 34 and 36 of YOUR COMPLAINT that the Bratz dolls launched in 2001 were "unique and distinctive."

EXHIBIT 10 , PAGE 482

REQUEST FOR PRODUCTION NO. 125:

All DOCUMENTS RELATING TO any allegation by YOU that YOU have any legally protected interest in any of the following "themes" or any other Bratz "theme" that you contend was copied by MATTEL: "Winter Wonderland," "Bratz Sportz," "Formal Funk," "Sun-Kissed Summer."

REQUEST FOR PRODUCTION NO. 126:

All DOCUMENTS RELATING TO any allegation by YOU that YOU have any legally protected interest in any "color scheme" that you contend was copied by MATTEL.

REQUEST FOR PRODUCTION NO. 127:

All DOCUMENTS RELATING TO the allegation in Paragraph 56 of YOUR COMPLAINT that the press has confused YOUR products with those of MATTEL, or vice versa.

REQUEST FOR PRODUCTION NO. 128:

All DOCUMENTS RELATING TO any allegation by YOU that anyone has confused any commercial for YOUR Funky Fashion Makeover Head with any commercial for MATTEL's My Scene Styling Head.

REQUEST FOR PRODUCTION NO. 129:

All DOCUMENTS RELATING TO any allegation by YOU that MATTEL has used any "tag line" allegedly belonging to YOU, including but not limited to "Passion for Fashion" or any derivative thereof.

EXHIBIT _10_, PAGE 483

07975/1928319.2

1    <u>REQUEST FOR PRODUCTION NO. 130</u>:

2          All DOCUMENTS RELATING TO the allegation in Paragraph 61 of

3    YOUR COMPLAINT that retailers have been confused by Bratz Petz and

4    MATTEL's My Scene Pets, including but not limited to YOUR allegation that "even

5    sophisticated retailers . . . have mistakenly merchandised 'My Scene' dogs in the

6    middle of the 'BRATZ' section of a retail display, next to and as if they were part of

7    MGA's 'BRATZ Petz' line."

8

9    <u>REQUEST FOR PRODUCTION NO. 131</u>:

10         All DOCUMENTS RELATING TO the allegation in Paragraph 62 of

11   YOUR COMPLAINT that advertising executives have "expressed concern" about

12   "Bratz" and Mattel's "My Scene," including but not limited to the alleged remarks

13   set forth in Paragraph 62.

14

15   <u>REQUEST FOR PRODUCTION NO. 132</u>:

16         All DOCUMENTS RELATING TO the allegations in Paragraph 63 of

17   YOUR COMPLAINT that the press "has taken notice" of alleged confusion

18   between "Bratz" and Mattel's "My Scene," including but not limited to the alleged

19   remarks set forth in Paragraph 63.

20

21   <u>REQUEST FOR PRODUCTION NO. 133</u>:

22         All DOCUMENTS RELATING TO the allegation in Paragraph 64 of

23   YOUR COMPLAINT that customers have contacted YOU to purchase Mattel's "My

24   Scene" dolls.

25

26

27

28

EXHIBIT 10 , PAGE 484

1   REQUEST FOR PRODUCTION NO. 134:

2            All DOCUMENTS RELATING TO any allegation by YOU that YOU

3   have a legally protected interest in what YOU describe in Paragraph 71 of YOUR

4   COMPLAINT as "MGA's 'other-worldly' theme."

5

6   REQUEST FOR PRODUCTION NO. 135:

7            All DOCUMENTS RELATING TO the allegation in Paragraph 71 of

8   YOUR COMPLAINT that MATTEL's commercials and product "mimic[] MGA's

9   alien theme and commercials in which MGA's 'AlienRacers' are engaged in a 'race

10  to save the universe.'"

11

12  REQUEST FOR PRODUCTION NO. 136:

13           All DOCUMENTS RELATING TO the allegation in Paragraph 74 of

14  YOUR COMPLAINT that MATTEL has engaged in "strong-arm tactics, and other

15  illegitimate, unfair and anti-competitive means."

16

17  REQUEST FOR PRODUCTION NO. 137:

18           All DOCUMENTS RELATING TO the allegations in Paragraph 75 of

19  YOUR COMPLAINT regarding MATTEL's dealings and COMMUNICATIONS

20  with former employees, including but not limited to all COMMUNICATIONS

21  between YOU and any present or former employees or contractors of MATTEL.

22

23  REQUEST FOR PRODUCTION NO. 138:

24           All COMMUNICATIONS between YOU and any PERSON

25  RELATING TO the departure from MATTEL of any current or former MATTEL

26  employee or contractor.

27

28                                    EXHIBIT  10 , PAGE 405

07975/1928319.2

-41-
MATTEL'S FIRST SET OF DOCUMENT REQUESTS (UNFAIR COMPETITION)

REQUEST FOR PRODUCTION NO. 139:

All COMMUNICATIONS between YOU and any PERSON RELATING TO the obligations to MATTEL, including the duty of confidentiality, of any current or former MATTEL employee or contractor.

REQUEST FOR PRODUCTION NO. 140:

All COMMUNICATIONS between YOU and any current or former MATTEL employee or contractor RELATING TO the ownership of any idea, concept, design, or product.

REQUEST FOR PRODUCTION NO. 141:

All COMMUNICATIONS between YOU and any PERSON RELATING TO the retention, destruction, transfer, or use of any information or DOCUMENTS known to or possessed by any current or former MATTEL employee or contractor.

REQUEST FOR PRODUCTION NO. 142:

All DOCUMENTS RELATING TO the "warnings" or "threats" alleged in Paragraph 76 of YOUR COMPLAINT, including but not limited to all COMMUNICATIONS with any present or former licensees of MATTEL.

REQUEST FOR PRODUCTION NO. 143:

All DOCUMENTS RELATING TO the "intimidation" alleged in Paragraph 77 of YOUR COMPLAINT, including but not limited to all COMMUNICATIONS with any present or former distributors and retailers of MGA and MATTEL products.

EXHIBIT 10 , PAGE 486

REQUEST FOR PRODUCTION NO. 144:

All COMMUNICATIONS between YOU and any retailer, wholesaler or distributor RELATING TO the CONTESTED MATTEL PRODUCTS.

REQUEST FOR PRODUCTION NO. 145:

All DOCUMENTS RELATING TO the allegation in Paragraph 78 of YOUR COMPLAINT that MATTEL was responsible for what YOU refer to as a "shortage of doll hair in October 2002."

REQUEST FOR PRODUCTION NO. 146:

All DOCUMENTS RELATING TO the allegation in Paragraph 79 of YOUR COMPLAINT that MATTEL has "manipulated the retail market," including but not limited to all COMMUNICATIONS with any persons RELATING TO YOUR allegation that "Mattel merchandisers have been caught tampering with MGA's retail displays."

REQUEST FOR PRODUCTION NO. 147:

All DOCUMENTS RELATING TO any allegation by YOU that MATTEL has made false statements about YOU or YOUR business practices, including but not limited to the allegations in Paragraph 79 of YOUR COMPLAINT.

REQUEST FOR PRODUCTION NO. 148:

All DOCUMENTS RELATING TO any allegation by YOU that MATTEL has violated any rules or restrictions relating to data provided to subscribers by NPD or engaged in any other wrongful conduct relating to NPD.

EXHIBIT 10, PAGE 487

REQUEST FOR PRODUCTION NO. 149:

All DOCUMENTS RELATING TO any COMMUNICATIONS between YOU and NPD, other than periodic reports, between January 1, 2000 and the present.

REQUEST FOR PRODUCTION NO. 150:

DOCUMENTS sufficient to show the status of YOUR NPD subscription between January 1, 2000 and the present.

REQUEST FOR PRODUCTION NO. 151:

All DOCUMENTS RELATING TO the allegation in Paragraph 89 of YOUR COMPLAINT that MATTEL "used its influence . . . to induce CARU to place onerous restrictions on MGA advertisements, and require MGA to amend aspects of commercials that have gone unchallenged in other parties' commercials."

REQUEST FOR PRODUCTION NO. 152:

All DOCUMENTS RELATING TO any COMMUNICATIONS between YOU and CARU between January 1, 2000 and the present.

REQUEST FOR PRODUCTION NO. 153:

All DOCUMENTS RELATING TO any allegation by YOU that MATTEL has exercised improper influence with or within TIA, including but not limited to the procedures for and manner in which the Toy of the Year was selected for 2003.

REQUEST FOR PRODUCTION NO. 154:

All DOCUMENTS RELATING TO any COMMUNICATIONS with TIA RELATING TO Toy of the Year since January 1, 2000.

EXHIBIT 10 , PAGE 488

07975/1928319.2

-44-

MATTEL'S FIRST SET OF DOCUMENT REQUESTS (UNFAIR COMPETITION)

1  REQUEST FOR PRODUCTION NO. 155:

2      All DOCUMENTS RELATING TO the allegation in Paragraph 113 of

3  YOUR COMPLAINT that MATTEL has "willfully and maliciously used its power,

4  influence and intimidation to threaten certain retailers, suppliers, licensees,

5  distributors and manufacturers so as to limit, if not prevent, MGA from doing

6  business with these retailers, suppliers, licensees, distributors and manufacturers,

7  using its power and influence to intimidate and manipulate industry bodies."

8

9  REQUEST FOR PRODUCTION NO. 156:

10     All DOCUMENTS RELATING TO the allegation in Paragraph 113 of

11 YOUR COMPLAINT that MATTEL has "used its power and influence to attempt

12 to, if not actually, intimidate and threaten MGA's current and potential employees so

13 as to cause MGA competitive injury."

14

15 REQUEST FOR PRODUCTION NO. 157:

16     YOUR quarterly and annual profit and loss statements (both audited

17 and unaudited) for the years 2000 through the present, inclusive.

18

19 REQUEST FOR PRODUCTION NO. 158:

20     YOUR quarterly and annual financial statements (both audited and

21 unaudited) for the years 2000 through the present, inclusive.

22

23 REQUEST FOR PRODUCTION NO. 159:

24     YOUR annual reports for each of the years 2000 through the present,

25 inclusive.

26

27

28

EXHIBIT __10__, PAGE __489__

-45-

MATTEL'S FIRST SET OF DOCUMENT REQUESTS (UNFAIR COMPETITION)

REQUEST FOR PRODUCTION NO. 160:

All DOCUMENTS received from MATTEL (whether directly or indirectly) by YOU at any time since January 1, 1999.

REQUEST FOR PRODUCTION NO. 161:

All DOCUMENTS that YOU have reason to believe were created by or originated from MATTEL, other than MATTEL products that YOU purchased at retail.

REQUEST FOR PRODUCTION NO. 162:

All DOCUMENTS RELATING TO the destruction or retention of any DOCUMENT RELATING TO the CONTESTED MGA PRODUCTS or the CONTESTED MATTEL PRODUCTS.

REQUEST FOR PRODUCTION NO. 163:

All internal MGA COMMUNICATIONS and schedules RELATING TO document retention or destruction between January 1, 1999 and the present.

REQUEST FOR PRODUCTION NO. 164:

All DOCUMENTS RELATING TO any COMMUNICATIONS with, or inquiry or investigation by, any government entity RELATING TO the CONTESTED MGA PRODUCTS or the CONTESTED MATTEL PRODUCTS.

REQUEST FOR PRODUCTION NO. 165:

All DOCUMENTS RELATING TO any COMMUNICATIONS with, or inquiry or investigation by, any toy industry organization, safety compliance, or consumer organization RELATING TO the CONTESTED MGA PRODUCTS or the CONTESTED MATTEL PRODUCTS.

EXHIBIT  10 , PAGE 490

1  <u>REQUEST FOR PRODUCTION NO. 166</u>:

2        To the extent not produced in response to any other Request for

3  Production, all DOCUMENTS and tangible things upon which YOU intend to rely

4  upon in this action.

5

6  DATED:  December 18, 2006     QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

7

8                       By _____

9                         Timothy L. Alger

10                      Attorneys for Mattel, Inc.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT 10 , PAGE 491

-47-

07975/1928319.2

1  **PROOF OF SERVICE**

2      I am employed in the County of Los Angeles, State of California.  I am over

3  the age of eighteen years and not a party to the within action; my business address is

4  NOW Messenger Service, 1301 West Second Street, Suite 206, Los Angeles,

5  California 90026.

6      On December 18, 2006, I true copies of the following document(s) described

7  as:

8  **MATTEL, INC.'S FIRST SET OF REQUESTS FOR DOCUMENTS**

9  **AND THINGS RE CLAIMS OF UNFAIR COMPETITION**

10  **TO MGA ENTERTAINMENT, INC.**

11  on the parties in this action as follows:

12  | Diana M. Torres, Esq. | Keith A. Jacoby, Esq. |
    | O'Melveny & Myers | Littler Mendelson |
13  | 400 So. Hope Street | 2049 Century Park East, 5th Floor |
    | Los Angeles, CA  90071 | Los Angeles, CA  90067-3107 |
14  | Telephone: (213) 430-6000 | Telephone: (310) 553-0308 |
    | Facsimile: (213) 430-6407 | Facsimile: (310) 553-5583 |

15

16  [√]    [PERSONAL] by personally delivering the document listed above to

17      the person(s) at the address(es) set forth above.

18

19      I declare that I am employed in the office of a member of the bar of this court

20  at whose direction the service was made

21

22      Executed on December 18, 2006 at Los Angeles, California.

23

24

25                                    _David Quintana_

26      David Quintana

27

28                                    **EXHIBIT  l0 , PAGE 492**

07209/2020338.1                              Case No. SACV 05-00953 JVS (ANx)
                                             PROOF OF SERVICE

**Exhibit 11**

**CONFORMED COPY**

1  Hon. Edward A. Infante (Ret.)
   JAMS
2  Two Embarcadero Center
   Suite 1500
3  San Francisco, California 94111
   Telephone:   (415) 774-2611
4  Facsimile:   (415) 982-5287

5

6

7                    UNITED STATES DISTRICT COURT

8                    CENTRAL DISTRICT OF CALIFORNIA

                            EASTERN DIVISION
9

10

11 CARTER BRYANT, an individual,          CASE NO. C 04-09049 SGL (RNBx)
                                           JAMS Reference No.1100049530
12         Plaintiff,

13     v.                                  Consolidated with
                                           Case No. CV 04-09059
14 MATTEL, INC., a Delaware corporation,   Case No. CV 05-2727

15         Defendant.                      ORDER GRANTING IN PART AND
                                           DENYING IN PART MATTEL'S
16                                         MOTION TO COMPEL PRODUCTION
                                           OF DOCUMENTS BY MGA;
17                                         DENYING REQUEST FOR
                                           MONETARY SANCTIONS
18 CONSOLIDATED WITH
   MATTEL, INC. v. BRYANT and
19 MGA ENTERTAINMENT, INC. v. MATTEL,
   INC.
20

21                        I.  INTRODUCTION

22      On June 26, 2007, Mattel, Inc. ("Mattel") submitted its Motion To Compel Production of

23 Documents by MGA Entertainment, Inc. ("MGA") and for Award of Monetary Sanctions.  Mattel

24 seeks an order compelling MGA "to produce documents responsive to Mattel's First Set of

25 Requests for Documents and Things Re Unfair Competition Claims, including, without limitation,

26 Request Nos. 1, 3-10, 12-13, 16-18, 19-20, 26-27, 29-30, 32-40, 42-43, 45, 48-52, 54-56, 58-60,

27

28 Bryant v. Mattel, Inc.,                                              1
   CV-04-09049 SGL (RNBx)

1  65-119, 137-140, 157-161, 164 and 166," and for sanctions in the amount of $4,500, which

2  represents a portion of the costs incurred by Mattel in bringing this motion.  Mattel's Motion at

3  p.1.  On July 3, 2007, MGA submitted its opposition brief, and on July 9, 2007, Mattel submitted

4  a reply brief.  The matter was heard via telephonic conference on August 13, 2007.  Having

5  considered the motion papers and comments of counsel at the hearing, Mattel's motion to compel

6  is granted in part and denied in part, and the request for sanctions is denied.

7  II. BACKGROUND

8      This consolidated action includes MGA's claims for unfair competition against Mattel.

9  Among other things, MGA alleges that Mattel has engaged in "serial copycatting" of MGA

10  products, packaging and advertising, including Bratz dolls and other Bratz products, Bratz

11  packaging and Bratz television commercials.  MGA also alleges that Mattel engaged in improper

12  conduct in dealing with retailers, licensees, employees and industry organizations.

13      After MGA filed its claims against Mattel, Mattel sought and was granted leave to file

14  several counterclaims against MGA, including claims for copyright infringement, violation of

15  RICO, conspiracy to violate RICO, misappropriation of trade secrets and unfair competition.

16  Among other things, Mattel alleges that MGA has induced Mattel employees to steal Mattel's

17  trade secrets, confidential information and other property and take it with them to their new

18  employment with MGA.  Mattel also alleges that Bryant conceived, created and developed Bratz

19  designs while he was employed by Mattel as a designer, that he concealed his Bratz work from

20  Mattel, and that he sold Bratz to MGA while he was a Mattel employee.  Mattel alleges that it is

21  the rightful owner of the Bratz designs and that MGA is engaging in copyright infringement of

22  the Bratz designs.

23      On December 18, 2006, Mattel propounded its First Set of Requests for Production of

24  Documents and Things re Claims for Unfair Competition to MGA (the "Requests for

25  Production").  The Requests for Production consist of 166 requests seeking information that

26

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT __11__, PAGE __494__

1   Mattel contends is relevant primarily to MGA's claims for unfair competition and Mattel's

2   defenses thereto.

3          In the meantime, MGA served its initial disclosures related to its unfair competition

4   claims. Mattel immediately filed a motion to compel MGA to provide complete initial

5   disclosures in compliance with Rule 26, Fed.R.Civ.P. Although the initial disclosures were

6   wholly inadequate, the Discovery Master denied the motion to compel, reasoning that it would be

7   more efficient and orderly for the parties to proceed with Mattel's pending Requests for

8   Production.

9          MGA served its responses to Mattel's Requests for Production on January 17, 2007.

10  MGA objected and refused to produce documents responsive to approximately two-thirds of

11  Mattel's requests. As to the remaining requests, MGA agreed to produce "relevant and non-

12  objectionable documents," subject to its General and Specific Objections.

13         Thereafter the parties met and conferred in person and exchanged a few letters. On

14  February 9, 2007, counsel for MGA advised Mattel by letter that MGA, subject to its General and

15  Specific objections, agreed to produce all "relevant and non-objectionable documents" responsive

16  to Request Nos. 1-4, 11, 13-15, 18, 21-26, 28-29, 31-36, 44-51, 53, 61-64, 118, 120-137, 141-156,

17  162-163, 165 and 166. Kidman Decl., Ex. 14. As to Request Nos. 9, 10 and 12, MGA also

18  agreed to produce "documents sufficient to show the timing of, and relevant facts regarding"

19  certain specified products. Id. Counsel for MGA sent another letter on February 16, 2007,

20  advising Mattel that MGA would produce documents responsive to Request Nos. 29 and 30.

21  Bradley Decl., Ex. 1. On May 21, 2007, MGA advised Mattel by letter that it agreed, in essence,

22  to withdraw its restriction to "relevant and non-objectionable documents" in its responses to the

23  Requests For Production. Bradley Decl., Ex. 3. On May 31, 2007, MGA served supplemental

24  responses to Mattel's Requests for Production, which no longer included the phrase "relevant and

25  non-objectionable." Kidman Decl., Exs. 11 and 16.

26

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT __11__, PAGE __4915__

1    In its opening brief, Mattel contends that MGA has improperly refused to produce

2  documents relating to: the creation, origin, timing and ownership of the contested MGA products

3  and packaging, including the contested Bratz products and packaging (Request Nos. 5, 6-8, 16,

4  17, 19, 20, 38, 39, 48); MGA's alleged theft of Mattel's trade secrets and confidential information

5  by, among other things, targeting and recruiting current and former Mattel employees (Request

6  Nos. 42, 59, 60, 65-117, 138-140, 160, 161 and 164); damages (Request Nos. 27, 30 and 157-

7  159); facts MGA contends support its unfair competition claims (Request Nos. 45, 119 and 166).

8  Mattel contends that MGA has no legitimate basis for refusing to produce these categories of

9  documents because they are directly relevant to the claims and defenses in the case. Mattel also

10  contends that MGA has improperly restricted the scope of its document production in response to

11  Request Nos. 1, 3, 4, 13, 18, 29, 49, 52 and 137.

12    MGA contends that Mattel's motion should be denied in its entirety for three reasons.

13  First, Mattel is seeking documents MGA already agreed to produce as a result of the meet and

14  confer process. Second, Mattel is seeking documents that may be precluded by other motions

15  pending before the district court. Third, Mattel is seeking documents that constitute an

16  unreasonable and overbroad fishing expedition.

17    As to the first point, MGA contends that it has already agreed to produce documents

18  responsive to Request Nos. 9, 10, 12, 26, 29, 30, 32-36, 45, 48-51, 118, 137, and 166. Moreover,

19  MGA represents that it has produced more than 110,000 pages of documents, including

20  documents relating to the origin, infringement, design and tooling of Bratz and has also provided

21  Mattel with access to Bratz molds and sculpts. MGA also represents that it is continuing to

22  search for and produce documents responsive to Mattel's requests on a rolling basis.

23    MGA also asserts that it "has revisited certain of Mattel's requests, and so as to avoid

24  further burdening the Court, MGA agrees to produce non-privileged documents in its possession,

25  custody or control, subject to its previously stated General and Specific Objections, that are

26

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT   11  , PAGE   496

1  responsive to the following sixteen requests:  5-8, 16-17, 19-20, 27, 37-40, 43, 52, 55-56, and

2  157-159."  MGA's Opposition at p. 3.

3      MGA also represents that it is prepared to produce documents responsive to Mattel's

4  Request Nos. 65-117 and 119 (which seek documents concerning MGA-Mexico and its

5  employees, and other topics relevant to Mattel's counterclaims) now that Judge Larson issued an

6  order denying MGA's motion to dismiss Mattel's trade secret claims.[1]  MGA's Opposition at pp.

7  2 and 6.

8      As to the second point, MGA contends that Mattel's motion to compel is premature with

9  respect to Request Nos. 1, 3, 4, 13 and 18.  MGA explains that these requests seek, among other

10  things, information pertaining to undisclosed and/or unreleased MGA products.  The Discovery

11  Master issued an order compelling MGA to produce such documents in response to other Mattel

12  discovery requests.  MGA appealed the Discovery Master's ruling, which was heard by Judge

13  Larson on July 2, 2007.  MGA contends that it should not be required to produce documents

14  responsive to Request Nos. 1, 3, 4, 13 and 18 until Judge Larson issues a ruling.

15      For the remaining requests, however, MGA stands by its objections.  More specifically,

16  MGA contends that Request Nos. 42, 54, 58-60, 138-140, 160, 161 and 164 are grossly overbroad

17  and unduly burdensome.

18      In its reply brief, Mattel contends that MGA's belated offers to produce responsive

19  documents do not obviate the need for an order compelling production for several reasons.  First,

20  Mattel contends that in many instances, MGA's purported agreements to produce responsive

21  documents are subject to major qualifications.  For example, in response to Request Nos. 9, 10

22  and 12, MGA's meet and confer letter indicates that MGA has limited its production of

23  documents to only "documents sufficient to show the timing of, and relevant facts regarding"

24  certain products.  Kidman Decl., Ex. 14.  Second, Mattel points out that, in some instances, the

25

26  _____

[1]  Judge Larson issued the order on June 27, 2007, a day after Mattel submitted its opening brief.

27

28  Bryant v. Mattel, Inc.,
   CV-04-09049 SGL (RNBx)

EXHIBIT __11__, PAGE __497__

1   representations in MGA's meet and confer letters conflict with MGA's subsequent May 31, 2007

2   supplemental responses. For example, even though MGA stated earlier in its two meet and confer

3   letters that it would produce documents responsive to Request Nos. 9, 10, 12, 26, 30, 32-36, 45,

4   48, 50, 51, 118 and 166, MGA's May 31, 2007 supplemental responses indicate that MGA

5   objects and refuses to produce documents responsive to these requests. Third, Mattel contends

6   that MGA has acknowledged its responsibility to produce documents responsive to Request Nos.

7   65-117 and 119 in view of Judge Larson's June 27, 2007 order denying MGA's motion to dismiss

8   Mattel's counterclaims, and yet, MGA has failed to do so. Fourth, Mattel points out that MGA's

9   opposition brief is internally inconsistent with respect to Request Nos. 55 and 56, stating both that

10  MGA agrees to produce documents responsive to the requests, and that MGA objects to the

11  requests as overbroad and burdensome. See MGA's Opposition at pp. 3 and 8.

12      Mattel also contends that Request Nos. 1, 3, 4, 13 and 18 are no longer premature because

13  on July 5, 2007, two days after MGA submitted its opposition brief, Judge Larson issued an order

14  upholding the Discovery Master's ruling with respect to undisclosed and/or unreleased MGA

15  products. Accordingly, Mattel requests an order compelling production of documents all

16  documents responsive to Request Nos. 1, 3, 4, 13 and 18 without any limitations, and overruling

17  any objections thereto.

18      With respect to the remaining requests to which MGA continues to object, Mattel reasserts

19  that the requests seek documents relevant to Mattel's trade secret counterclaims. Mattel also

20  contends that MGA has failed to establish that complying with the requests would impose an

21  undue burden.

22                              III. DISCUSSION

23      Rule 26 of the Federal Rules of Civil Procedure provides that "[p]arties may obtain

24  discovery regarding any matter, not privileged, that is relevant to the claim or defense of any

25  party." Fed.R.Civ.P. 26(b)(1). Fishing expeditions to discover new claims, however, are not

26  permitted. See Fed.R.Civ.P. 26(b)(1); Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir.

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT __11__, PAGE __496__

1  2004) ("District courts need not condone the use of discovery to engage in 'fishing

2  expeditions.'"); Bernstein v. Travelers Ins. Co., 447 F.Supp.2d 1100, 1102 (N.D. Cal. 2006)

3  (citing Rule 26(b), Advisory Committee's Note to Amendments Effective December 1, 2000)

4  (Congress' changes in the language of Rule 26(c), substituting the words "claim or defense" for

5  the phrase "subject matter involved in the pending action," were intended to prevent discovery

6  that swept far beyond the claims and defenses of the parties and that seemed designed not to fairly

7  litigate the issues presented by the pleadings but to develop new claims or defenses.).

8       Further, pursuant to Rule 26(b)(2), Fed.R.Civ.P., the court shall limit the frequency or

9  extent of use of the discovery methods if the court determines that "(i) the discovery sought is

10  unreasonably cumulative or duplicative, or is obtainable from some other source that is more

11  convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample

12  opportunity by discovery in the action to obtain the information sought; or (iii) the burden or

13  expense of the proposed discovery outweighs its likely benefit, taking into account the needs of

14  the case, the amount in controversy, the parties' resources, the importance of the issues at stake in

15  the litigation, and the importance of the proposed discovery in resolving the issues." Fed.R.Civ.P.

16  26(b)(2).

17  **Request Nos. 1, 3, 4, 13 and 18**

18       Request No. 1 seeks "[a] sample of each of the CONTESTED MGA PRODUCTS,

19  together with each such product's packaging, instructions, promotional materials and other

20  associated packaging materials." Request No. 3 seeks "[a] complete copy of each advertisement

21  or promotional statement prepared, produced, printed, broadcast, made available to anyone in any

22  manner via the Internet, or otherwise used or disseminated in any way in connection with the

23  CONTESTED MGA PRODUCTS." Request No. 4 seeks "[a] complete copy of each

24  COMMUNICATION, advertisement, promotional statement that provides a basis for any claim

25  by [MGA] against MATTEL." Request No. 13 seeks "[a]ll DOCUMENTS RELATING TO any

26  revision of any CONTESTED MGA PRODUCTS, including but not limited to any proposed

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

7

EXHIBIT __11__, PAGE __499__

1  alternatives, modifications or changes (whether or not implemented) to such CONTESTED MGA

2  PRODUCTS." Request No. 18 seeks "[a]ll DOCUMENTS RELATING TO the marketing,

3  advertising, promotion, licensing, offering for sale or sale of the CONTESTED MGA

4  PRODUCTS, including but not limited to all marketing studies, marketing plans, sales plans,

5  sales forecasts, strategies, surveys and analyses and including but not limited to all catalogs,

6  advertisements, brochures, displays and Internet publications."

7       During the meet and confer process, MGA agreed to produce documents responsive to

8  Request Nos. 1, 3, 4, 13 and 18. Kidman Decl., Ex. 14. In its subsequent supplemental

9  responses, however, MGA responded that it would produce responsive documents "visible to the

10 consuming public at the point of purchase," "made available to the public," or "presented to the

11 consuming public." MGA's Supp. Response, Kidman Decl., Ex. 8 and 16.

12      Mattel contends that the requested documents and items are relevant to MGA's claim of

13 "serial copying," whether or not they are seen by the consuming public. Mattel also contends that

14 the documents it seeks are relevant to any claim by MGA of "post sale confusion." Furthermore,

15 Mattel argues that MGA's restrictions on discovery are unreasonable in light of MGA's own

16 claimed trade dress, which MGA alleges extends to the entirety of MGA's marketing techniques

17 and product appearance. Mattel also contends that Request No. 13 seeks documents that are

18 directly relevant to MGA's claim that Mattel systematically modified its products to increase their

19 similarity to MGA's products over time.

20      In its opposition brief, MGA does not attempt to refute any of Mattel's relevancy

21 arguments above, relying instead on its argument that these requests are premature until Judge

22 Larson issues a ruling. Judge Larson, however, issued an order on July 5, 2007. Accordingly, the

23 requests are no longer premature. The subject requests are relevant and not unduly burdensome.

24 MGA is ordered to produce all non-privileged documents that are responsive to Request Nos. 1,

25 3, 4, 13 and 18.

26 //

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT  11 , PAGE 500

1    <u>Request Nos. 5-8, 16-17, 19-20, 27, 37-40, 43, 52, 55-56, and 157-159</u>

2        In its opposition brief, MGA agrees to produce documents responsive to Request Nos. "5-

3 8, 16-17, 19-20, 27, 37-40, 43, 52, 55-56, and 157-159." MGA's Opposition at p. 3. Later in its

4 opposition brief, however, MGA contends that Request Nos. 55 and 56 are overbroad and

5 burdensome. See MGA's Opposition at pp. 3 and 8. Request No. 55 seeks production of "[a]ll

6 periodicals, whether they be magazines, newspapers, newsletters, or any other type of periodical,

7 that mention the CONTESTED MGA PRODUCTS that have been published since January 1,

8 1999." Request No. 56 seeks "[a]ll television or radio broadcasts or cablecasts that mention the

9 CONTESTED MGA PRODUCTS that have been disseminated since January 1, 1999." MGA

10 contends that these requests encompass, among other things, every single advertisement MGA

11 ever ran in connection with BRATZ or any of the other products at issue.

12        Mattel contends that Request Nos. 55 and 56 are designed to obtain documents that may

13 contain admissions relevant to various issues in the case, including admissions regarding the

14 origin and timing of the products at issue; the performance of the contested products or MGA as a

15 whole, which may undercut MGA's claims for damages; and statements that might reveal that

16 MGA had access to confidential Mattel information.

17        Although Request Nos. 55 and 56 encompass potentially relevant documents, they are

18 overbroad. They require MGA to produce every single advertisement MGA ever ran in

19 connection with all of the products at issue. The requests are not limited in any respect to the

20 subjects of interest to Mattel, i.e., the origin and timing of the products at issue. Furthermore,

21 Mattel has utilized other document requests and depositions to obtain the type of evidence it now

22 seeks.

23        Accordingly, Mattel's motion is granted as to Request Nos. 5-8, 16-17, 19-20, 27, 37-40,

24 43, 52, and 157-159 to ensure a deadline for production, and denied as to Request Nos. 55 and 56

25 pursuant to Rule 26(b)(2), Fed.R.Civ.P.

26 //

27

28 Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

                                                       9

**EXHIBIT <u>11</u> , PAGE <u>501</u>**

1    **Request Nos. 9, 10, 12**

2        Request Nos. 9, 10 and 12 call for "[a]ll DOCUMENTS RELATING TO the invention,

3    creation, origin, conception, authorship, design, development, production, engineering,

4    manufacture, distribution, sale and ownership of products and packaging" "that YOU contend

5    provide a basis for any claim against MATTEL, whether or not such claim is in the

6    COMPLAINT" (No. 9); "that YOU contend MATTEL copied or infringed" (No. 10); and related

7    "COMMUNICATIONS" (No. 12). During the meet and confer process, MGA agreed to produce

8    "documents sufficient to show the timing of, and relevant facts" regarding the following products

9    on the following topics:

10       • "First generation 'Bratz'" line, including packaging – invention, creation, origin,

11         conception, authorship, design, development, sale and ownership;

12       • "Bratz" "Wintertime Wonderland" line, including packaging – invention, creation,

13         origin, conception, authorship, and first sale;

14       • "Bratz" "Sportz" Cloe, including packaging – invention, creation, origin, conception,

15         authorship and first sale;

16       • "Bratz" "Sun-Kissed Summer" line, including packaging and playset – invention,

17         creation, origin, conception, authorship, and first sale;

18       • "Bratz" "Formal Funk" line – invention, creation, origin, conception, authorship, and first

19         sale;

20       • "Bratz" "Runway Disco," including packaging – invention, creation, origin, conception,

21         authorship, and first sale;

22       • "Bratz" "Funky Fashion Makeover Head," including packaging – invention, creation,

23         origin, conception, authorship, and first sale;

24       • "Bratz" "Petz," including packaging – invention, creation, origin, conception,

25         authorship, and first sale;

26

27

28

EXHIBIT __11__ , PAGE __502__

1    • "4-Ever Best Friends," including packaging – invention, creation, origin, conception,

2    authorship, and first sale;

3    • "Mommy's Little Patient" – invention, creation, origin, conception, authorship, and first

4    sale;

5    • "AlienRacers," including logo – invention, creation, origin, conception, authorship, and

6    first sale; and

7    • "Bratz" "Diamondz" line – invention, creation, origin, conception, authorship, and first

8    sale.

9    Kidman Decl., Ex. 14.  In response to Request No. 9, MGA also agreed to produce documents

10   containing development, production and sales information for the product(s) affected by the hair

11   shortage allegedly caused by Mattel and "sufficient to show the timing of and relevant facts

12   regarding the shortage and its effect on MGA." Id.  Thereafter, MGA asserted objections to these

13   requests in its May 31, 2007 supplemental responses.  In opposition to Mattel's motion, however,

14   MGA restated that it would produce documents responsive to these requests consistent with its

15   prior meet and confer letter.  MGA's Opposition at p. 5.

16         Mattel contends that MGA's agreement to produce documents is insufficient because

17   MGA has limited its production to documents "sufficient to show."  MGA's opposition brief fails

18   to address Mattel's argument.  Instead, MGA merely asserts that it agreed to produce documents

19   responsive to Request Nos. 9, 10 and 12 during the meet and confer process, and therefore

20   Mattel's motion should be denied as moot.

21         Request Nos. 9, 10 and 12 clearly seek relevant information, and MGA has failed to

22   justify why its production should be limited to documents "sufficient to show."  Therefore,

23   Mattel's motion is granted as to Request Nos. 9, 10 and 12.

24   Request Nos. 26, 29, 30, 32, 36, 45, 48-51, 118, 137 and 166

25         In its two meet and confer letters MGA agreed to produce, subject to its General and

26   Specific Objections, documents responsive to Request Nos. 26, 29, 30, 32-36, 45, 48-51, 118, 137

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

11

EXHIBIT __11__ , PAGE __503__

1  and 166. Kidman Decl., Ex. 14. Mattel points out, however, that MGA's May 31, 2007

2  supplemental responses are inconsistent insofar as the responses indicate that MGA continues to

3  object to some of the requests or otherwise agrees to produce only a limited portion of documents

4  responsive to other requests. Mattel's Reply Brief at p. 7. Nevertheless, in its opposition brief,

5  MGA reaffirms its earlier agreement to produce all responsive documents, and states that it

6  considers Mattel's motion to be moot. See MGA's Opposition at pp. 5-6. Mattel's motion is

7  granted as to this category of requests.

8  **Request Nos. 65-117 and 119**

9       In its opposition brief, MGA agrees to produce documents responsive to Mattel's Request

10  Nos. 65-117 and 119 now that Judge Larson issued an order denying MGA's motion to dismiss

11  Mattel's trade secret claims. MGA's Opposition at pp. 2 and 6. Mattel's motion is granted as to

12  these requests.

13  **Request Nos. 42, 54, 58-60, 138-140, 160-161 and 164**

14       MGA contends that Request Nos. 42, 54, 58-60, 138-140, 160-161 and 164 are overbroad

15  and unduly burdensome. Mattel insists that they are not. More specifically, Mattel contends that

16  the requests seek documents regarding MGA's alleged theft of Mattel's trade secrets, and in

17  particular, the theft of trade secrets through targeting and hiring current and former Mattel

18  employees.

19       Request No. 42 seeks "[a]ll COMMUNICATIONS between [MGA] and any individual

20  while the individual was employed by MATTEL." Although the request may encompass relevant

21  documents, it is overbroad insofar as it requires production of all communications, regardless of

22  subject matter. Furthermore, the request is objectionable to the extent it seeks documents that are

23  equally available to Mattel. Therefore, Mattel's motion is denied as to Request No. 42 pursuant

24  to Rule 26(b)(2), Fed.R.Civ.P.

25       Request No. 54 seeks "[a]ll DOCUMENTS RELATING TO any COMMUNICATION by

26  [MGA] with any news organization regarding the CONTESTED MGA PRODUCTS or the

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

12

EXHIBIT 11, PAGE 504

1   CONTESTED MATTEL PRODUCTS." Once again, the request encompasses potentially

2   relevant documents, however it is overbroad, seeking all documents relating to any

3   communications by MGA with any news organization.  Furthermore, the request seeks documents

4   that are of relatively minimal relevance to the claims and defenses in the case.  Therefore,

5   Mattel's motion is denied as to Request No. 54 pursuant to Rule 26(b)(2), Fed.R.Civ.P.

6        Request Nos. 58 seeks "[a]ll DOCUMENTS RELATING TO publicity by [MGA] or

7   about the CONTESTED MGA PRODUCTS since January 1, 1999, including but not limited to

8   advertising, media releases, and public relations material."  This request is also overbroad in that

9   it seeks all documents relating to publicity by MGA about its products at issue in the litigation.

10  Mattel's motion is therefore denied as to Request No. 58 pursuant to Rule 26(b)(2), Fed.R.Civ.P.

11       Request No. 59, asks for "[a]ll DOCUMENTS RELATING TO any effort by [MGA] to

12  recruit employees or contractors since January 1, 1999, including but not limited to advertising,

13  media releases, brochures, articles, catalogs, handbooks, and public relations material."  The

14  request is overbroad insofar as it requires production of all documents relating to MGA's

15  recruiting, including for instance, recruiting from competitors other than Mattel.  Mattel's motion

16  is therefore denied as to Request No. 59 pursuant to Rule 26(b)(2), Fed.R.Civ.P.

17       Request No. 60 seeks "[a]ll DOCUMENTS RELATING TO the hiring, engagement, or

18  retention by [MGA] of any former or current MATTEL employee or contractor since January 1,

19  1999, including but not limited to all employment agreements and agreements RELATING TO

20  confidentiality or the invention, authorship, or ownership of any concept or product."  Request

21  No. 138 seeks "[a]ll COMMUNICATIONS between [MGA] and any PERSON RELATING TO

22  the departure from MATTEL of any current or former MATTEL employee or contractor."

23  Request No. 139 seeks "[a]ll COMMUNICATIONS between [MGA] and any PERSON

24  RELATING TO the obligations to MATTEL, including the duty of confidentiality, of any current

25  or former MATTEL employee or contractor.  Request No. 140 seeks "[a]ll

26  COMMUNICATIONS between [MGA] and any current or former MATTEL employee or

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT  ll , PAGE 505

13

1  contractor RELATING TO the ownership of any idea, concept, design, or product.  Unlike the

2  previous requests, Request Nos. 60, 138, 139 and 140 are reasonably tailored to seek documents

3  central to Mattel's allegation that MGA stole its trade secrets through targeting and hiring current

4  and former Mattel employees.  MGA has not carried its burden of establishing that it would be

5  unduly burdensome to comply with these requests.  Accordingly, Mattel's motion is granted as to

6  Request Nos. 60, 138, 139 and 140.

7       Request No. 160 seeks "[a]ll DOCUMENTS received from MATTEL (whether directly

8  or indirectly) by [MGA] at any time since January 1, 1999."  Request No. 161 seeks "[a]ll

9  DOCUMENTS that [MGA has] reason to believe were created by or originated from MATTEL,

10  other than MATTEL products that [MGA] purchased at retail."  Request No. 164 seeks "[a]ll

11  DOCUMENTS RELATING TO any COMMUNICATIONS with, or inquiry or investigation by,

12  any government entity RELATING TO the CONTESTED MGA PRODUCTS or the

13  CONTESTED MATTEL PRODUCTS."  These three requests are also reasonably tailored to seek

14  documents that could support Mattel's allegations of trade secret theft.  MGA has failed to

15  establish that it would be unduly burdensome to comply with these requests.  Mattel's motion is

16  granted as to Request Nos. 160, 161 and 164.

17                    IV. CONCLUSION

18       For the reasons set forth above, Mattel's motion is granted as to Request Nos. 1, 3-10, 12,

19  13, 16-20, 26, 27, 29, 30, 32-40, 43, 45, 48-52, 60, 65-117, 118, 119, 137-140, 157-161, 164 and

20  166, and denied as to Request Nos. 42, 54-56, 58, 59.  MGA shall produce, without limitation, all

21  non-privileged responsive documents in accordance with this Order no later than August 30,

22  2007.  Mattel's request for sanctions is denied.

23       Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery

24  Master, Mattel shall file this Order with the Clerk of Court forthwith.

25  Dated: August 13, 2007

26                    HON. EDWARD A. INFANTE (Ret.)
                      Discovery Master

27

28
    Bryant v. Mattel, Inc.,
    CV-04-09049 SGL (RNBx)                                    14

    EXHIBIT  11 , PAGE 506

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on August 13, 2007, I served the attached ORDER GRANTING IN PART AND DENYING IN PART MATTEL'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY MGA; DENYING REQUEST FOR MONETARY SANCTIONS in the within action by e-mail addressed as follows:

| | | |
|---|---|---|
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| John E. Trinidad, Esq. | Keker & Van Nest | ltrinidad@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johnquinn@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| Dale Cendali Esq. | O'Melveny & Myers LLP | dcendali@omm.com |
| Diana Torres Esq. | O'Melveny & Myers LLP | dtorres@omm.com |
| James Jenal Esq. | O'Melveny & Myers LLP | jjenal@omm.com |
| Alicia Meyer Esq. | O'Melveny & Myers LLP | ameyer@omm.com |
| Jennifer Glad Esq. | O'Melveny & Myers LLP | jglad@omm.com |
| David Hurwitz, Esq. | O'Melveny & Myers LLP | dhurwitz@omm.com |
| Johanna Schmitt Esq. | O'Melveny & Myers LLP | jschmitt@omm.com |
| Michael C. Keats, Esq. | O'Melveny & Myers LLP | mkeats@omm.com |
| Kendall Burr, Esq. | O'Melveny & Myers LLP | kburr@omm.com |
| Melanie Bradley, Esq. | O'Melveny & Myers LLP | mbradley@omm.com |
| Marvin Putnam, Jr., Esq. | O'Melveny & Myers LLP | mputnam@omm.com |
| William Charron, Esq. | O'Melveny & Myers LLP | wcharron@omm.com |
| Patricia Glaser Esq. | Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP | pglaser@chrisglase.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on August 13, 2007, at San Francisco, California.

_Sandra Chan_

Sandra Chan

EXHIBIT  11 , PAGE  507

**Exhibit  12**

RECEIVED

MAY 3 1 2007

1   DIANA M. TORRES (S.B. #162284)
    JAMES P. JENAL (S.B. # 180190)
2   O'MELVENY & MYERS LLP
    400 South Hope Street
3   Los Angeles, CA 90071-2899
    Telephone: (213) 430-6000
4   Facsimile: (213) 430-6407
    Email:     jjenal@omm.com
5
    DALE M. CENDALI (admitted *pro hac vice*)
6   O'MELVENY & MYERS LLP
    Times Square Tower, 7 Times Square
7   New York, New York 10036
    Telephone: (212) 326-2000
8   Facsimile: (212) 326-2061
9   PATRICIA GLASER (S.B. #55668)
    CHRISTENSEN, GLASER, FINK,
10  JACOBS, WEIL & SHAPIRO, LLP
    10250 Constellation Boulevard, 19th Floor
11  Los Angeles, CA 90067
    Telephone: (310) 553-3000
12  Facsimile: (310) 557-9815
13  Attorneys for MGA Entertainment, Inc.
14
15              UNITED STATES DISTRICT COURT
                CENTRAL DISTRICT OF CALIFORNIA
16                    EASTERN DIVISION
17
18  CARTER BRYANT, an individual,      Case No. CV 04-09049 SGL (RNBx)
                  Plaintiff,           (consolidated with CV 04-9059 & 05-2727)
19
         v.                            MGA ENTERTAINMENT INC.'s
20                                     SUPPLEMENTAL RESPONSE TO
    MATTEL, INC., a Delaware           MATTEL INC.'S FIRST SET OF
21  Corporation,                       REQUESTS FOR DOCUMENTS AND
                  Defendant.           THINGS RE CLAIMS OF UNFAIR
22                                     COMPETITION
23  CONSOLIDATED WITH                  Judge: Hon. Stephen G. Larson
    MATTEL, INC. v. BRYANT and
24  MGA ENTERTAINMENT, INC. v.         Discovery Cut-Off:  T.B.D.
    MATTEL, INC.
25
26
27
28
                                       05 |3|| 0 7
    EXHIBIT 12, PAGE 128   MGA'S RESPONSE TO MATTEL'S FIRST SET
                           OF REQUESTS FOR DOCMS AND THINGS
                           CV 04-09049 SGL (RNBX)

## PRELIMINARY STATEMENT AND RESERVATION OF RIGHTS

MGA Entertainment, Inc. ("MGA") has not yet completed its investigation relating to the facts of this action and has not completed preparation for trial. MGA makes its response to these document requests ("requests," or individually, "request") based upon the information presently available to it and without prejudice to its right to amend or supplement its responses and to present evidence which may hereafter be discovered or become available.

MGA will respond to each request as it understands and interprets each request. If Mattel, Inc. ("Mattel") subsequently asserts any interpretation of any request that differs from that of MGA, MGA reserves the right to supplement its objections and responses.

By providing these responses, MGA does not concede that any of the information sought by these requests is relevant or discoverable. MGA makes these responses and objections without waiving or intending to waive but rather, on the contrary, preserving and intending to preserve: (a) the right to object on any grounds to the use or introduction into evidence of the documents or information provided in response to these requests; (b) the right to object to the use of the documents or information provided in response to the requests in any subsequent proceeding in, or the arbitration of this or any other action; and (c) the right to object on any ground at any time to other requests or further discovery into any of the subject matters addressed in these requests or the responses thereto. MGA's production of documents is conditioned on the terms of the stipulated Protective Order that is in place in this action.

MGA shall not provide any privileged or protected information, including without limitation, information protected by the attorney-client privilege or the attorney work product doctrine, and nothing herein may be construed as a waiver of any applicable privilege or protection. Any inadvertent production of privileged or protected documents or information shall not be construed as a waiver

1   of any privilege or protection attaching thereto and MGA reserves the right, as set

2   forth in the stipulated Protective Order in place in this action, to correct the record

3   with regard to any such information and to supplement or amend these responses,

4   which supplemental or amended response shall become the operative response.

5

6                          **GENERAL OBJECTIONS**

7          1.     MGA objects to each and every request on the ground that

8   production at the date and time demanded will subject MGA to unwarranted

9   oppression and undue burden and expenses.  The time set for compliance is unduly

10  burdensome, especially in light of the number of document requests, and the scope

11  and volume of the material being sought.  MGA intends to proceed expeditiously to

12  collect the documents for production, and if any are identified, will produce them at

13  a date and time, and in such a manner, as may be mutually agreed by counsel for

14  the parties.

15         2.     MGA objects to each request to the extent that it seeks

16  information protected from discovery by the attorney-client privilege, work-product

17  doctrine, right to privacy, or any other applicable legal, statutory or constitutional

18  privilege.

19         3.     MGA objects to each request to the extent that it seeks the

20  disclosure of confidential, proprietary or trade secret information.  Should such

21  documents be otherwise responsive and non-objectionable, MGA will produce such

22  documents subject to the terms and conditions of the Protective Order governing

23  this case.

24         4.     MGA objects to each request to the extent that it seeks

25  documents in Mattel's own possession, custody or control or that are equally

26  accessible to Mattel from public sources or from third parties.

27         5.     MGA objects to each request to the extent that it asks for

28  documents that are not relevant to claims or defenses in this case.

MGA'S RESPONSE TO MATTEL'S FIRST SET
OF REQUESTS FOR DOCS & THINGS
CV 04-09049 SGL (RNBX)

EXHIBIT _12_, PAGE _30_

1      6.   MGA objects to each and every request to the extent it purports

2   to require MGA to search all documents and things within its possession, custody

3   or control or within the possession, custody or control of any of MGA's current or

4   former employees, officers, directors, agents, representatives, attorneys, parents,

5   subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest,

6   and any other person acting on its behalf, pursuant to its authority or subject to its

7   control, on the grounds that such request is unreasonable, overbroad, unduly

8   burdensome and oppressive, violates the right of privacy, and purports to require

9   MGA to search for documents not within its possession, custody or control.  MGA

10   will make a reasonably diligent search for responsive documents within its

11   possession, custody or control.

12      7.   MGA objects to each and every request to the extent its seeks

13   "all documents" responsive to a certain category on the grounds that such request is

14   overbroad, unduly burdensome and oppressive.  MGA will produce otherwise

15   unobjectionable documents sufficient to provide Mattel with the information

16   sought, following a reasonably diligent search.  On grounds of oppression and

17   undue burden, MGA will not respond to duplicative or cumulative requests and will

18   not re-produce documents it has already produced or produce documents that it has

19   received from Mattel or others in the course of discovery in this matter.

20      8.   MGA objects to each request to the extent it seeks documents

21   not within MGA's possession, custody, or control.

22      9.   MGA objects to each request to the extent it seeks information

23   relating to activities or conduct of other entities or non-parties.  In each instance in

24   which MGA has agreed to produce documents, such production is hereby expressly

25   limited to documents relating to its own activities or conduct only.

26      10.   MGA objects to the defined terms "You," "Your," and "Mattel,"

27   on the grounds that these terms, as defined, are overbroad, are vague and

28   ambiguous, and call for legal conclusions.

- 4 -

MGA'S RESPONSE TO MATTEL'S FIRST SET
OF REQUESTS FOR DOCS & THINGS
CV 04-09049 SGL (RNBX)

EXHIBIT 12, PAGE 511

1    11. MGA objects to the defined terms "Contested MGA Products,"

2 "Contested Bratz Doll Products," "Contested Bratz Petz Products," "Contested

3 Bratz Funky Fashion Makeover," "Contested 4-Ever Best Friends Products,"

4 "Contested Mommy's Little Doll Products," "Contested AlienRacerS Products,"

5 "Contested Mattel Products," "Contested Mattel My Scene Dolls and Products,"

6 "Contested Mattel My Scene Pets Products," "Contested Mattel My Scene Styling

7 Head," "Contested Mattel Wee-3 Products," "Contested Mattel Little Mommy

8 Doll" and "Contested Mattel AcceleRacerS Products" on the grounds that these

9 terms, as defined, are overbroad, are vague and ambiguous, and call for legal

10 conclusions.

11    12. MGA objects to the defined term "Embodiment" on the ground

12 that this term, as defined, is overbroad, vague and ambiguous and calls for a legal

13 conclusion. MGA further objects to the definition of this term in that it calls for the

14 production of trade secret and proprietary information that is unrelated to any claim

15 or defense in this litigation and is not reasonably calculated to lead to the discovery

16 of admissible evidence.

17

18     **SPECIFIC OBJECTIONS AND RESPONSES**

19 **REQUEST FOR PRODUCTION NO. 1:**

20   A sample of each of the CONTESTED MGA PRODUCTS, together with

21 each such product's packaging and all instructions, promotional literature, coupons,

22 bounce-back cards and any other materials inserted in or associated with such

23 packaging.

24 **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

25   MGA incorporates by reference the above-stated general objections as if

26 fully set forth herein. MGA also specifically objects to this request to the extent

27 that it seeks information not relevant to the subject matter of this lawsuit or

28 reasonably calculated to lead to the discovery of admissible evidence. MGA also

- 5 -

MGA'S RESPONSE TO MATTEL'S FIRST SET<br>OF REQUESTS FOR DOCS & THINGS<br>CV 04-09049 SGL (RNBX)

EXHIBIT __12__, PAGE __512__

1   objects to this request on the grounds that it is overbroad, unduly burdensome, and
2   oppressive in seeking all packaging and instructions, promotional literature,
3   coupons, bounce-back cards and any other materials inserted in or associated with
4   the packaging of MGA's products at issue in this litigation.
5          Subject to the foregoing, MGA will produce responsive, non-privileged
6   documents that are visible to the consuming public at the point-of-purchase, if any,
7   that it is able to locate following a reasonably diligent search.
8   **REQUEST FOR PRODUCTION NO. 2:**
9          A sample of each display, including but not limited to each point-of-purchase
10  or in-store display, prepared, produced, printed, manufactured or used in connection
11  with the CONTESTED MGA PRODUCTS.
12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**
13         MGA incorporates by reference the above-stated general objections as if
14  fully set forth herein. MGA also specifically objects to this request to the extent
15  that it seeks information not relevant to the subject matter of this lawsuit or
16  reasonably calculated to lead to the discovery of admissible evidence. MGA also
17  objects to this request on the grounds that it is overbroad, unduly burdensome, and
18  oppressive in seeking a "sample of each display, including but not limited to each
19  point-of-purchase or in-store display, prepared, produced, printed, manufactured or
20  used in connection with" MGA's products at issue in this litigation.
21         Subject to the foregoing, MGA will produce responsive, non-privileged
22  documents in its possession, custody or control, if any, responsive to this request
23  that it is able to locate following a reasonably diligent search.
24  **REQUEST FOR PRODUCTION NO. 3:**
25         A complete copy of each advertisement or promotional statement prepared,
26  produced, printed, broadcast, made available to anyone in any manner via the
27  Internet, or otherwise used or disseminated in any way in connection with the
28  CONTESTED MGA PRODUCTS.

- 6 -

MGA'S RESPONSE TO MATTEL'S FIRST SET
OF REQUESTS FOR DOCS & THINGS
CV 04-09049 SGL (RNBX)

EXHIBIT 12 , PAGE 513

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

MGA incorporates by reference the above-stated general objections as if fully set forth herein. MGA also specifically objects to this request to the extent that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence. MGA also objects to this request on the grounds that it is overbroad, unduly burdensome, and oppressive in seeking "a complete copy of each advertisement or promotional statement prepared, produced, printed, broadcast, made available to anyone in any manner via the Internet, or otherwise used or disseminated in any way in connection with" MGA's products at issue in this litigation.

Subject to the foregoing, MGA will produce responsive, non-privileged documents in its possession, custody or control, if any, responsive to this request that were made available to the consuming public, that it is able to locate following a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 4:**

A complete copy of each COMMUNICATION, advertisement, promotional statement that provides a basis for any claim by YOU against MATTEL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

MGA incorporates by reference the above-stated general objections as if fully set forth herein. MGA also specifically objects to this request on the grounds that it is overbroad, unduly burdensome, and oppressive in seeking a "complete copy of each COMMUNICATION, advertisement, promotional statement" that provides a basis for any claim by MGA against MATTEL.

Subject to the foregoing, MGA will produce responsive, non-privileged documents in its possession, custody or control, if any, responsive to this request that were made available to the public, that it is able to locate following a reasonably diligent search.

MGA'S RESPONSE TO MATTEL'S FIRST SET
OF REQUESTS FOR DOCS & THINGS
CV 04-09049 SGL (RNBX)

EXHIBIT 12 , PAGE 514

1  **REQUEST FOR PRODUCTION NO. 5:**

2       All DOCUMENTS RELATING TO the invention, creation, origin,

3  conception, authorship, and ownership of the CONTESTED MGA PRODUCTS.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

5       MGA incorporates by reference the above-stated general objections as if

6  fully set forth herein.  MGA also specifically objects to this request to the extent

7  that it seeks information not relevant to the subject matter of this lawsuit or

8  reasonably calculated to lead to the discovery of admissible evidence.  MGA also

9  objects to this request on the grounds that it is overbroad, unduly burdensome, and

10  oppressive in seeking all documents relating to the invention, creation, origin,

11  conception, authorship, and ownership of MGA's products.  MGA also objects to

12  this request to the extent it seeks information the disclosure of which would

13  implicate the rights of third parties to protect private, confidential, proprietary or

14  trade secret information.  MGA also objects to this request on the grounds that it

15  seeks confidential, proprietary or commercially sensitive information, the

16  disclosure of which would be inimical to the business interests of MGA.  MGA also

17  objects to this request to the extent it calls for the disclosure of attorney-client

18  privileged information or information protected from disclosure by the work-

19  product doctrine, joint defense or common interest privilege, or other privilege.

20  MGA also objects to this request to the extent that it seeks documents not in

21  MGA's possession, custody or control.

22  **REQUEST FOR PRODUCTION NO. 6:**

23       All DOCUMENTS RELATING TO the invention, creation, origin,

24  conception, authorship, and ownership of any product packaging that provides a

25  basis for any claim by YOU against MATTEL.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

27       MGA incorporates by reference the above-stated general objections as if

28  fully set forth herein.  MGA also specifically objects to this request to the extent

- 8 -

MGA'S RESPONSE TO MATTEL'S FIRST SET
OF REQUESTS FOR DOCS & THINGS
CV 04-09049 SGL (RNBX)

EXHIBIT 12, PAGE 95

1    that it seeks information not relevant to the subject matter of this lawsuit or

2    reasonably calculated to lead to the discovery of admissible evidence.  MGA also

3    objects to this request on the grounds that it is overbroad, unduly burdensome, and

4    oppressive in seeking all documents relating to the invention, creation, origin,

5    conception, authorship, and ownership of any product packaging that provides a

6    basis for any claim by MGA against MATTEL.  MGA also objects to this request

7    to the extent it seeks information the disclosure of which would implicate the rights

8    of third parties to protect private, confidential, proprietary or trade secret

9    information.  MGA also objects to this request on the grounds that it seeks

10   confidential, proprietary or commercially sensitive information, the disclosure of

11   which would be inimical to the business interests of MGA.  MGA also objects to

12   this request to the extent it calls for the disclosure of attorney-client privileged

13   information or information protected from disclosure by the work-product doctrine,

14   joint defense or common interest privilege, or other privilege.  MGA also objects to

15   this request to the extent that it seeks documents not in MGA's possession, custody

16   or control.

17   **REQUEST FOR PRODUCTION NO. 7:**

18        All DOCUMENTS RELATING TO COMMUNICATIONS with any

19   PERSON regarding the invention, creation, origin, conception, authorship, and

20   ownership of the CONTESTED MGA PRODUCTS.

21   **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

22        MGA incorporates by reference the above-stated general objections as if

23   fully set forth herein.  MGA also specifically objects to this request to the extent

24   that it seeks information not relevant to the subject matter of this lawsuit or

25   reasonably calculated to lead to the discovery of admissible evidence.  MGA also

26   objects to this request on the grounds that it is overbroad, unduly burdensome, and

27   oppressive in seeking *all* documents relating to communications with *any* person

28   regarding the invention, creation, origin, conception, authorship, and ownership of

- 9 -

MGA'S RESPONSE TO MATTEL'S FIRST SET
OF REQUESTS FOR DOCS & THINGS
CV 04-09049 SGL (RNBX)

EXHIBIT  2 , PAGE  56