1   (whether in whole or in part) prior to December 31, 2001 RELATING TO BRATZ.

2   **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

3           Larian incorporates by reference the above-stated general objections as

4   if fully set forth herein. Larian also specifically objects to this request on the

5   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

6   information not relevant to the subject matter of this lawsuit or reasonably

7   calculated to lead to the discovery of admissible evidence. Larian also specifically

8   objects to this request on the grounds that it seeks confidential, proprietary, or

9   commercially sensitive information, the disclosure of which would be inimical to

10   the business interests of Larian and one or more third parties. Larian also objects to

11   this request to the extent it calls for the disclosure of attorney-client privileged

12   information or information protected from disclosure by the work product doctrine,

13   joint defense or common interest privilege, or other privilege.

14           Subject to the foregoing, Larian will produce all responsive documents

15   prepared, written, transmitted or received before January 1, 2001 within his

16   possession, custody, or control, if any, that have not already been produced, and to

17   which no privilege or other protection applies, including without limitation, the

18   attorney-client privilege or attorney's work product doctrine.

19   **REQUEST FOR PRODUCTION NO. 2:**

20           All DOCUMENTS RELATING TO BRATZ and RELATING TO any

21   time prior to December 31, 2001 (regardless of when such DOCUMENT was

22   prepared, written, transmitted or received, whether in whole or in part).

23   **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

24           Larian incorporates by reference the above-stated general objections as

25   if fully set forth herein. Larian also specifically objects to this request on the

26   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

27   information not relevant to the subject matter of this lawsuit or reasonably

28   calculated to lead to the discovery of admissible evidence. Larian also specifically

EXHIBIT __25__ PAGE __861__   - 5 -   LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1    objects to this request on the grounds that it seeks confidential, proprietary, or

2    commercially sensitive information, the disclosure of which would be inimical to

3    the business interests of Larian and one or more third parties. Larian further objects

4    to this request in the grounds that it is vague and ambiguous in that Larian cannot

5    determine what is meant by the phrase "relating to Bratz and relating to any time

6    prior to December 31, 2001." Larian also objects to this request to the extent it

7    calls for the disclosure of attorney-client privileged information or information

8    protected from disclosure by the work product doctrine, joint defense or common

9    interest privilege, or other privilege.

10       Subject to the foregoing, Larian will produce all responsive documents

11    that refer to any time prior to January 1, 2001 within his possession, custody, or

12    control, if any, that have not already been produced, and to which no privilege or

13    other protection applies, including without limitation, the attorney-client privilege

14    or attorney's work product doctrine.

15    **REQUEST FOR PRODUCTION NO. 3:**

16       All DOCUMENTS RELATING TO the origin(s), conception and

17    creation of BRATZ, including without limitation all DOCUMENTS RELATING

18    TO the timing and the method and manner in which BRATZ first came to YOUR

19    or MGA's attention.

20    **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

21       Larian incorporates by reference the above-stated general objections as

22    if fully set forth herein. Larian also specifically objects to this request on the

23    grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

24    information not relevant to the subject matter of this lawsuit or reasonably

25    calculated to lead to the discovery of admissible evidence. Larian also specifically

26    objects to this request on the grounds that it seeks confidential, proprietary, or

27    commercially sensitive information, the disclosure of which would be inimical to

28    the business interests of Larian and one or more third parties. Larian also objects to

EXHIBIT __95__ PAGE __862__   - 6 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1    this request to the extent it seeks documents not within Larian's possession,

2    custody, or control.  Larian also objects to this request to the extent it calls for the

3    disclosure of attorney-client privileged information or information protected from

4    disclosure by the work product doctrine, joint defense or common interest privilege,

5    or other privilege.

6              Subject to the foregoing, Larian will produce all documents within his

7    possession, custody, or control that are responsive to the request, if any, and that

8    have not already been produced, that he discovers in the course of his reasonable

9    search and diligent inquiry, and to which no privilege or other protection applies,

10   including without limitation, the attorney-client privilege or attorney's work

11   product doctrine.

12   **REQUEST FOR PRODUCTION NO. 4:**

13             All DOCUMENTS RELATING TO the modeling, prototyping,

14   rotocasting, sculpting or DESIGN of BRATZ at any time prior to June 30, 2001,

15   including without limitation all DOCUMENTS RELATING to the creation,

16   preparation or modification of any three-dimensional representation of BRATZ.

17   **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

18             Larian incorporates by reference the above-stated general objections as

19   if fully set forth herein.  Larian also specifically objects to this request on the

20   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

21   information not relevant to the subject matter of this lawsuit or reasonably

22   calculated to lead to the discovery of admissible evidence.  Larian also specifically

23   objects to this request on the grounds that it seeks confidential, proprietary, or

24   commercially sensitive information, the disclosure of which would be inimical to

25   the business interests of Larian and one or more third parties.  Larian also objects to

26   this request to the extent it seeks information the disclosure of which would

27   implicate the rights of third parties to protect private, confidential, proprietary or

28   trade secret information.  Larian further objects to this request in the grounds that it

EXHIBIT __75__ PAGE __863__    - 7 -

1    is vague and ambiguous in that Larian cannot determine what is meant by

2    "modeling, prototyping, rotocasting, sculpting, or design of Bratz." Larian also

3    objects to this request to the extent it seeks documents not within Larian's

4    possession, custody, or control. Larian also objects to this request to the extent it

5    calls for the disclosure of attorney-client privileged information or information

6    protected from disclosure by the work product doctrine, joint defense or common

7    interest privilege, or other privilege.

8          Subject to the foregoing, Larian will produce all documents within his

9    possession, custody, or control that are responsive to the request, if any, and that

10   have not already been produced, that he discovers in the course of his reasonable

11   search and diligent inquiry, and to which no privilege or other protection applies,

12   including without limitation, the attorney-client privilege or attorney's work

13   product doctrine.

14   **REQUEST FOR PRODUCTION NO. 5:**

15         All DOCUMENTS RELATING TO any payment or transfer of

16   anything of value made to or on behalf of BRYANT for any DESIGN that

17   BRYANT assigned or transferred to YOU or MGA prior to October 21, 2000,

18   regardless of when such payment was actually made.

19   **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

20         Larian incorporates by reference the above-stated general objections as

21   if fully set forth herein. Larian also specifically objects to this request on the

22   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

23   information not relevant to the subject matter of this lawsuit or reasonably

24   calculated to lead to the discovery of admissible evidence. Larian also objects to

25   this request on the grounds that it is vague and ambiguous in that Larian cannot

26   determine what is meant by "payments made . . . on behalf of Bryant." Larian also

27   objects to this request on the grounds that it seeks confidential, proprietary or

28   commercially sensitive information, the disclosure of which would be inimical to

EXHIBIT __85__ PAGE __864__    - 8 -    LARIAN'S SUPP. RESPONSE TO MATTEL'S 1ST SET OF REQUESTS FOR PRODUCTION CV 04-9049 SGL (RNBX)

1   the business interests of Larian and one or more third parties. Larian further objects

2   to this request to the extent it seeks information the disclosure of which would

3   implicate the rights of third parties to protect private, confidential, proprietary or

4   trade secret information. Larian also objects to this request to the extent it calls for

5   the disclosure of attorney-client privileged information or information protected

6   from disclosure by the work-product doctrine, joint defense or common interest

7   privilege, or other privilege.

8          Subject to the foregoing, Larian will produce all documents within his

9   possession, custody, or control that are responsive to the request, if any, and that

10  have not already been produced, that he discovers in the course of his reasonable

11  search and diligent inquiry, and to which no privilege or other protection applies,

12  including without limitation, the attorney-client privilege or attorney's work

13  product doctrine.

14  **REQUEST FOR PRODUCTION NO. 6:**

15         All DOCUMENTS that RELATING TO invoices submitted by

16  BRYANT to YOU or MGA prior to January 31, 2001.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

18         Larian incorporates by reference the above-stated general objections as

19  if fully set forth herein. Larian also specifically objects to this request on the

20  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

21  information not relevant to the subject matter of this lawsuit or reasonably

22  calculated to lead to the discovery of admissible evidence. Larian also objects to

23  this request on the grounds that it seeks confidential, proprietary or commercially

24  sensitive information, the disclosure of which would be inimical to the business

25  interests of Larian and one or more third parties. Larian further objects to this

26  request to the extent it seeks information the disclosure of which would implicate

27  the rights of third parties to protect private, confidential, proprietary or trade secret

28  information. Larian also objects to this request to the extent it calls for the

EXHIBIT __K__ PAGE __865__          - 9 -          LARIAN'S SUPP. RESPONSE TO MATTEL'S
                                                   1ST SET OF REQUESTS FOR PRODUCTION
                                                   CV 04-9049 SGL (RNBX)

1   disclosure of attorney-client privileged information or information protected from

2   disclosure by the work-product doctrine, joint defense or common interest

3   privilege, or other privilege.

4          Subject to the foregoing, Larian will produce all documents within his

5   possession, custody, or control that are responsive to the request, if any, and that

6   have not already been produced, that he discovers in the course of his reasonable

7   search and diligent inquiry, and to which no privilege or other protection applies,

8   including without limitation, the attorney-client privilege or attorney's work

9   product doctrine.

10  **REQUEST FOR PRODUCTION NO. 7:**

11         All royalty statements to or for BRYANT.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

13         Larian incorporates by reference the above-stated general objections as

14  if fully set forth herein.  Larian also specifically objects to this request on the

15  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

16  information not relevant to the subject matter of this lawsuit or reasonably

17  calculated to lead to the discovery of admissible evidence.  Larian also objects to

18  this request in that it is overbroad, including without limitation, in that is it not

19  limited as to time of the royalty statements or the product or services to which those

20  royalty statements relate.  Larian also objects to this request on the grounds that it is

21  vague and ambiguous, particularly in that Larian cannot determine what is meant by

22  "royalty statements . . . for BRYANT."  Larian also objects to this request on the

23  grounds that it seeks confidential, proprietary or commercially sensitive

24  information, the disclosure of which would be inimical to the business interests of

25  Larian and one or more third parties.  Larian further objects to this request to the

26  extent it seeks information the disclosure of which would implicate the rights of

27  third parties to protect private, confidential, proprietary or trade secret information.

28  Larian also objects to this request to the extent it calls for the disclosure of attorney-

EXHIBIT __25__ PAGE __866__    - 10 -    LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.

Subject to the foregoing, Larian will produce all documents within his possession, custody, or control that are responsive to the request, if any, and that have not already been produced, that he discovers in the course of his reasonable search and diligent inquiry, and to which no privilege or other protection applies, including without limitation, the attorney-client privilege or attorney's work product doctrine.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS RELATING TO BRYANT'S participation in the conception, creation, DESIGN, development, sculpting, tooling, production or manufacture of BRATZ.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Larian incorporates by reference the above-stated general objections as if fully set forth herein. Larian also specifically objects to this request on the grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence. Larian also specifically objects to this request on the grounds that it seeks confidential, proprietary, or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties. Larian also objects to this request to the extent it seeks documents not within Larian's possession, custody or control. Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work product doctrine, joint defense or common interest privilege, or other privilege.

1   Subject to the foregoing, Larian will produce all documents within his

2   possession, custody, or control that are responsive to the request, if any, and that

3   have not already been produced, that he discovers in the course of his reasonable

4   search and diligent inquiry, and to which no privilege or other protection applies,

5   including without limitation, the attorney-client privilege or attorney's work

6   product doctrine.

7   **REQUEST FOR PRODUCTION NO. 9:**

8   All DOCUMENTS RELATING TO COMMUNICATIONS between

9   YOU or MGA and BRYANT and RELATING TO the period prior to December

10   31, 2001 (regardless of when such document was prepared, written, transmitted or

11   received, whether in whole or in part), including without limitation all diaries,

12   notes, calendars, logs, phone records and letters, that reflect, record or memorialize

13   or otherwise RELATING TO any such COMMUNICATIONS.

14   **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

15   Larian incorporates by reference the above-stated general objections as

16   if fully set forth herein. Larian also specifically objects to this request on the

17   grounds that it is overbroad, unduly burdensome, and oppressive in that it seeks

18   information not relevant to the subject matter of this lawsuit or reasonably

19   calculated to lead to the discovery of admissible evidence. Larian also specifically

20   objects to this request on the grounds that it is overbroad, unduly burdensome, and

21   oppressive in that it seeks all documents relating to communications between

22   Larian or MGA and Bryant and is not otherwise limited as to subject matter. Larian

23   also objects to this request on the grounds that it is overbroad, unduly burdensome

24   and oppressive including, without limitation, in potentially extending to

25   communications that Bryant may have had with any of MGA's hundreds of

26   employees, agents or representatives, and regardless of whether any such

27   communication is related in any way to the subject matter of this lawsuit, MGA, or

28   MGA's business. Larian also objects to this request on the grounds that it seeks

EXHIBIT 25   PAGE 868      - 12 -      LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  information in violation of the right of privacy. Larian also objects to this request

2  on the grounds that it seeks confidential, proprietary or commercially sensitive

3  information, the disclosure of which would be inimical to the business interests of

4  Larian and one or more third parties. Larian further objects to this request to the

5  extent it seeks information the disclosure of which would implicate the rights of

6  third parties to protect private, confidential, proprietary or trade secret information.

7  Larian also objects to this request to the extent it calls for the disclosure of attorney-

8  client privileged information or information protected from disclosure by the work-

9  product doctrine, joint defense or common interest privilege, or other privilege.

10  Larian also objects to the extent this request seeks documents not in Larian's

11  possession, custody or control.

12       Subject to the foregoing, Larian will produce all documents within his

13  possession, custody, or control that are responsive to the request, if any, and that

14  have not already been produced, that he discovers in the course of his reasonable

15  search and diligent inquiry, and to which no privilege or other protection applies,

16  including without limitation, the attorney-client privilege or attorney's work

17  product doctrine.

18  **REQUEST FOR PRODUCTION NO. 10:**

19       All DOCUMENTS RELATING TO COMMUNICATIONS between

20  YOU or MGA and BRYANT prior to December 31, 2001, including without

21  limitation all diaries, notes, calendars, logs, phone records and letters, that reflect,

22  record or memorialize or otherwise RELATING TO any such

23  COMMUNICATIONS.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

25       Larian incorporates by reference the above-stated general objections as

26  if fully set forth herein. Larian also specifically objects to this request on the

27  grounds that it is overbroad, unduly burdensome, and oppressive in that it seeks

28  information not relevant to the subject matter of this lawsuit or reasonably

EXHIBIT _25_ PAGE _868_    - 13 -    LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   calculated to lead to the discovery of admissible evidence. Larian also specifically

2   objects to this request on the grounds that it is overbroad, unduly burdensome, and

3   oppressive in that it seeks all documents relating to communications between

4   Larian or MGA and Bryant and is not otherwise limited as to subject matter. Larian

5   also objects to this request on the grounds that it is overbroad, unduly burdensome

6   and oppressive, without limitation, in potentially extending to communications that

7   Bryant may have had with any of MGA's hundreds of employees, agents or

8   representatives, and regardless of whether any such communication is related in any

9   way to the subject matter of this lawsuit, MGA, or MGA's business. Larian also

10   objects to this request on the grounds that it seeks information in violation of the

11   right of privacy. Larian also objects to this request on the grounds that it seeks

12   confidential, proprietary or commercially sensitive information, the disclosure of

13   which would be inimical to the business interests of Larian and one or more third

14   parties. Larian further objects to this request to the extent it seeks information the

15   disclosure of which would implicate the rights of third parties to protect private,

16   confidential, proprietary or trade secret information. Larian also objects to this

17   request to the extent it calls for the disclosure of attorney-client privileged

18   information or information protected from disclosure by the work-product doctrine,

19   joint defense or common interest privilege, or other privilege. Larian also objects

20   to the extent this request seeks documents not in Larian's possession, custody or

21   control.

22         Subject to the foregoing, Larian will produce all documents within his

23   possession, custody, or control that are responsive to the request, if any, and that

24   have not already been produced, that he discovers in the course of his reasonable

25   search and diligent inquiry, and to which no privilege or other protection applies,

26   including without limitation, the attorney-client privilege or attorney's work

27   product doctrine.

28   **REQUEST FOR PRODUCTION NO. 11:**

EXHIBIT __25__ PAGE __870__    - 14 -

1    All COMMUNICATIONS between YOU or MGA and BRYANT

2  prior to December 31, 2001.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

4    Larian incorporates by reference the above-stated general objections as

5  if fully set forth herein.  Larian also specifically objects to this request on the

6  grounds that it is overbroad, unduly burdensome, and oppressive in that it seeks

7  information not relevant to the subject matter of this lawsuit or reasonably

8  calculated to lead to the discovery of admissible evidence.  Larian also specifically

9  objects to this request on the grounds that it is overbroad, unduly burdensome, and

10  oppressive in that it seeks all communications between Larian or MGA and Bryant,

11  is not otherwise limited as to subject matter.  Larian also objects to this request on

12  the grounds that it is overbroad, unduly burdensome and oppressive, without

13  limitation, in potentially extending to communications that Bryant may have had

14  with any of MGA's hundreds of employees, agents or representatives, and

15  regardless of whether any such communication is related in any way to the subject

16  matter of this lawsuit, MGA, or MGA's business.  Larian also objects to this

17  request on the grounds that it seeks information in violation of the right of privacy.

18  Larian also objects to this request on the grounds that it seeks confidential,

19  proprietary or commercially sensitive information, the disclosure of which would

20  be inimical to the business interests of Larian and one or more third parties.  Larian

21  further objects to this request to the extent it seeks information the disclosure of

22  which would implicate the rights of third parties to protect private, confidential,

23  proprietary or trade secret information.  Larian also objects to this request to the

24  extent it calls for the disclosure of attorney-client privileged information or

25  information protected from disclosure by the work-product doctrine, joint defense

26  or common interest privilege, or other privilege.  Larian also objects to the extent

27  this request seeks documents not in Larian's possession, custody or control.

28    Subject to the foregoing, Larian will produce all documents within his

EXHIBIT __25__ PAGE __871__  - 15 -    LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  possession, custody, or control that are responsive to the request, if any, and that

2  have not already been produced, that he discovers in the course of his reasonable

3  search and diligent inquiry, and to which no privilege or other protection applies,

4  including without limitation, the attorney-client privilege or attorney's work

5  product doctrine.

6  **REQUEST FOR PRODUCTION NO. 12:**

7       All DOCUMENTS RELATING TO COMMUNICATIONS between

8  YOU or MGA and BRYANT prior to December 31, 2001 (regardless of when such

9  DOCUMENT was prepared, written, transmitted or received, whether in whole or

10  in part), including without limitation all diaries, notes, calendars, logs, phone

11  records and letters, that reflect, record or memorialize or otherwise RELATING TO

12  any such COMMUNICATIONS.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

14       Larian incorporates by reference the above-stated general objections as

15  if fully set forth herein. Larian also specifically objects to this request on the

16  grounds that it is overbroad, unduly burdensome, and oppressive in that it seeks

17  information not relevant to the subject matter of this lawsuit or reasonably

18  calculated to lead to the discovery of admissible evidence. Larian also specifically

19  objects to this request on the grounds that it is overbroad, unduly burdensome, and

20  oppressive in that it seeks all documents relating to communications between

21  Larian or MGA and Bryant and is not otherwise limited as to subject matter. Larian

22  also objects to this request on the grounds that it is overbroad, unduly burdensome

23  and oppressive, without limitation, in potentially extending to documents relating to

24  communications that Bryant may have had with any of MGA's hundreds of

25  employees, agents or representatives, and regardless of whether any such

26  communication is related in any way to the subject matter of this lawsuit, MGA, or

27  MGA's business. Larian also objects to this request on the grounds that it seeks

28  information in violation of the right of privacy. Larian also objects to this request

EXHIBIT 25 PAGE 872 - 16 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1    on the grounds that it seeks confidential, proprietary or commercially sensitive

2    information, the disclosure of which would be inimical to the business interests of

3    Larian and one or more third parties. Larian further objects to this request to the

4    extent it seeks information the disclosure of which would implicate the rights of

5    third parties to protect private, confidential, proprietary or trade secret information.

6    Larian also objects to this request to the extent it calls for the disclosure of attorney-

7    client privileged information or information protected from disclosure by the work-

8    product doctrine, joint defense or common interest privilege, or other privilege.

9    Larian also objects to the extent this request seeks documents not in Larian's

10    possession, custody or control.

11         Subject to the foregoing, Larian will produce all documents within his

12    possession, custody, or control that are responsive to the request, if any, and that

13    have not already been produced, that he discovers in the course of his reasonable

14    search and diligent inquiry, and to which no privilege or other protection applies,

15    including without limitation, the attorney-client privilege or attorney's work

16    product doctrine.

17    **REQUEST FOR PRODUCTION NO. 13:**

18         All COMMUNICATIONS RELATING TO BRATZ between YOU or

19    MGA and any PERSON prior to December 31, 2001.

20    **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

21         Larian incorporates by reference the above-stated general objections as

22    if fully set forth herein. Larian also specifically objects to this request on the

23    grounds that it is overbroad, unduly burdensome, and oppressive in that it seeks

24    information not relevant to the subject matter of this lawsuit or reasonably

25    calculated to lead to the discovery of admissible evidence, including, without

26    limitation, in that it would extend to any communication between anyone at MGA

27    and any other person referring or relating in any way to a wide variety of matter

28    that could potentially be construed as "relating" to Bratz, without regard to whether

EXHIBIT **25**    PAGE **873**   - 17 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   such communications are at all relevant to any claim or defense at issue in this

2   litigation. Larian also objects to this request on the grounds that it is overbroad,

3   unduly burdensome and oppressive in that it purports to require Larian to diligently

4   identify every communication that any of MGA's hundreds of employees may have

5   had with any other person referring or relating to this action. Larian also objects to

6   this request on the grounds that it is overbroad, unduly burdensome and oppressive

7   in that it is not in any way limited as to the persons involved in the

8   communications. Larian also objects to this request on the grounds that it seeks

9   information in violation of the right of privacy. Larian also objects to this request

10  on the grounds that it seeks confidential, proprietary or commercially sensitive

11  information, the disclosure of which would be inimical to the business interests of

12  Larian and one or more third parties. Larian also objects to this request to the

13  extent it calls for the disclosure of attorney-client privileged information or

14  information protected from disclosure by the work-product doctrine, joint defense

15  or common interest privilege, or other privilege.

16          Subject to the foregoing, Larian will produce all communications

17  made prior to January 1, 2001 within his possession, custody, or control that are

18  responsive to the request, if any, that have not already been produced, that he

19  discovers in the course of his reasonable search and diligent inquiry, and to which

20  no privilege or other protection applies, including without limitation, the attorney-

21  client privilege or attorney's work product doctrine.

22  **REQUEST FOR PRODUCTION NO. 15:**

23          All COMMUNICATIONS RELATING TO BRATZ between YOU or

24  MGA and BRYANT.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

26          Larian incorporates by reference the above-stated general objections as

27  if fully set forth herein. Larian also specifically objects to this request on the

28  grounds that it is overbroad, unduly burdensome, and oppressive in that it seeks

EXHIBIT _25_ PAGE _874_   - 18 -   LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  information not relevant to the subject matter of this lawsuit or reasonably

2  calculated to lead to the discovery of admissible evidence. Larian also specifically

3  objects to this request on the grounds that it is overbroad, unduly burdensome and

4  oppressive, without limitation, in potentially extending to communications that

5  Bryant may have had with any of MGA's hundreds of employees, agents or

6  representatives, and regardless of whether any such communication is related in any

7  way to the subject matter of this lawsuit, Larian, MGA, or MGA's business. Larian

8  also objects to this request on the grounds that it is overbroad, unduly burdensome

9  and oppressive in that it is not in any way limited as to the persons involved in the

10  communications or as to time. Larian also objects to this request on the grounds

11  that it seeks information in violation of the right of privacy. Larian also objects to

12  this request on the grounds that it seeks confidential, proprietary or commercially

13  sensitive information, the disclosure of which would be inimical to the business

14  interests of Larian and one or more third parties. Larian further objects to this

15  request to the extent it seeks information the disclosure of which would implicate

16  the rights of third parties to protect private, confidential, proprietary or trade secret

17  information. Larian also objects to this request to the extent it calls for the

18  disclosure of attorney-client privileged information or information protected from

19  disclosure by the work-product doctrine, joint defense or common interest

20  privilege, or other privilege. Larian also objects to the extent this request seeks

21  documents not in Larian's possession, custody or control.

22          Subject to the foregoing, Larian will produce all communications

23  made prior to January 1, 2001 within his possession, custody, or control that are

24  responsive to the request, if any, that have not already been produced, that he

25  discovers in the course of his reasonable search and diligent inquiry, and to which

26  no privilege or other protection applies, including without limitation, the attorney-

27  client privilege or attorney's work product doctrine.

28  **REQUEST FOR PRODUCTION NO. 16:**

EXHIBIT _25_ PAGE _875_          - 19 -          LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1           All DOCUMENTS RELATING TO BRYANT's employment by

2    MATTEL.

3    **RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

4           Larian incorporates by reference the above-stated general objections as

5    if fully set forth herein.  Larian also specifically objects to this request on the

6    grounds that it is overbroad, unduly burdensome, and oppressive in that it seeks

7    information not relevant to the subject matter of this lawsuit or reasonably

8    calculated to lead to the discovery of admissible evidence.  Larian also specifically

9    objects to this request on the grounds that it is overbroad in that it seeks all

10   documents relating to Bryant's employment by Mattel without limitation as to

11   subject matter or time.  Larian also objects to the extent that it seeks information

12   not relevant to the subject matter of this lawsuit or reasonably calculated to lead to

13   the discovery of admissible evidence.  Larian also objects to this request on the

14   grounds that it seeks confidential, proprietary or commercially sensitive

15   information, the disclosure of which would be inimical to the business interests of

16   Larian and one or more third parties.  Larian further objects to the extent this

17   request seeks documents not in Larian's possession, custody or control.  Larian also

18   objects to this request to the extent it calls for the disclosure of attorney-client

19   privileged information or information protected from disclosure by the work-

20   product doctrine, joint defense or common interest privilege, or other privilege.

21          Subject to the foregoing, Larian will produce all documents within his

22   possession, custody, or control that are responsive to the request, if any, and that

23   have not already been produced, that he discovers in the course of his reasonable

24   search and diligent inquiry, and to which no privilege or other protection applies,

25   including without limitation, the attorney-client privilege or attorney's work

26   product doctrine.

27   **REQUEST FOR PRODUCTION NO. 14:**

28

EXHIBIT _25_   PAGE _876_   - 20 -     LARIAN'S SUPP. RESPONSE TO MATTEL'S
                                                1ST SET OF REQUESTS FOR PRODUCTION
                                                  CV 04-9049 SGL (RNBX)

1   All DOCUMENTS RELATING TO YOUR or MGA's knowledge of

2   BRYANT's employment by MATTEL.

3   **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

4   Larian incorporates by reference the above-stated general objections as

5   if fully set forth herein. Larian also specifically objects to this request on the

6   grounds that it is overbroad, unduly burdensome, and oppressive in that it seeks

7   information not relevant to the subject matter of this lawsuit or reasonably

8   calculated to lead to the discovery of admissible evidence. Larian also specifically

9   objects to this request on the grounds that it is overbroad, unduly burdensome, and

10  oppressive including, without limitation, in potentially extending to documents that

11  may be in the possession of any of MGA's hundreds of employees, agents or

12  representatives, and regardless of whether any such document is related in any way

13  to the subject matter of this lawsuit. Larian also objects to this request on the

14  grounds that it seeks confidential, proprietary or commercially sensitive

15  information, the disclosure of which would be inimical to the business interests of

16  Larian and one or more third parties. Larian also objects to this request to the

17  extent it seeks information the disclosure of which would implicate the rights of

18  third parties to protect private, confidential, proprietary or trade secret information.

19  Larian further objects to the extent this request seeks documents not in Larian's

20  possession, custody or control. Larian also objects to this request to the extent it

21  calls for the disclosure of attorney-client privileged information or information

22  protected from disclosure by the work-product doctrine, joint defense or common

23  interest privilege, or other privilege.

24  Subject to the foregoing, Larian will produce all documents within his

25  possession, custody, or control that are responsive to the request, if any, and that

26  have not already been produced, that he discovers in the course of his reasonable

27  search and diligent inquiry, and to which no privilege or other protection applies,

28  including without limitation, the attorney-client privilege or attorney's work

EXHIBIT __X__ PAGE __877__   - 21 -   LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   product doctrine.

2   **REQUEST FOR PRODUCTION NO. 18:**

3       All DOCUMENTS RELATING TO DESIGNS that BRYANT

4   produced, prepared, created, authored, conceived of or reduced to practice, whether

5   alone or jointly with others, prior to December 31, 2001.

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

7       Larian incorporates by reference the above-stated general objections as

8   if fully set forth herein.  Larian also specifically objects to this request to the extent

9   it is overbroad, unduly burdensome and oppressive including, without limitation, in

10   seeking documents relating to designs not in issue in this action, and in that it

11   reaches back into time indefinitely and, thus, for example, calls for documents

12   referring or relating to designs Bryant might have conceived of in his childhood and

13   that have nothing whatsoever to do with this action.  Larian also objects to this

14   request to the extent it seeks information the disclosure of which would implicate

15   the rights of third parties to protect private, confidential, proprietary or trade secret

16   information.  Larian also objects to this request on the grounds that it seeks

17   confidential, proprietary or commercially sensitive information, the disclosure of

18   which would be inimical to the business interests of Larian and one or more third

19   parties.  Larian also objects to this request to the extent it calls for the disclosure of

20   attorney-client privileged information or information protected from disclosure by

21   the work-product doctrine, joint defense or common interest privilege, or other

22   privilege.  Larian also objects to this request to the extent that it seeks documents

23   not in Larian's possession, custody or control.

24       Subject to the foregoing, Larian will produce all documents within his

25   possession, custody, or control that are responsive to the request, if any, and that

26   have not already been produced, that he discovers in the course of his reasonable

27   search and diligent inquiry, and to which no privilege or other protection applies,

28   including without limitation, the attorney-client privilege or attorney's work

EXHIBIT 25   PAGE 878   - 22 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  product doctrine.

2  **REQUEST FOR PRODUCTION NO. 19:**

3        All DOCUMENTS RELATING TO DESIGNS produced, prepared,

4  created, authored, conceived of or reduced to practice prior to December 31, 2001,

5  by BRYANT, whether alone or jointly with others, in which YOU or MGA have

6  purported at any time to purchase, acquire or own any right, title or interest

7  (whether in whole or in part).

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

9        Larian incorporates by reference the above-stated general objections as

10  if fully set forth herein. Larian also specifically objects to this request on the

11  grounds that it is overbroad, unduly burdensome, and oppressive in that it seeks

12  information not relevant to the subject matter of this lawsuit or reasonably

13  calculated to lead to the discovery of admissible evidence. Larian also specifically

14  objects to this request to the extent it is overbroad, including, without limitation, in

15  seeking documents relating to any designs created, authored, conceived of or

16  reduced to practice prior to December 31, 2001, by Bryant, and is therefore not

17  limited to those designs that may be at issue in this litigation. Larian also objects to

18  this request to the extent it seeks information the disclosure of which would

19  implicate the rights of third parties to protect private, confidential, proprietary or

20  trade secret information. Larian also objects to this request on the grounds that it

21  seeks confidential, proprietary or commercially sensitive information, the

22  disclosure of which would be inimical to the business interests of Larian and one or

23  more third parties. Larian also objects to this request to the extent it calls for the

24  disclosure of attorney-client privileged information or information protected from

25  disclosure by the work-product doctrine, joint defense or common interest

26  privilege, or other privilege. Larian also objects to this request to the extent that it

27  seeks documents not in Larian's possession, custody or control.

28        Subject to the foregoing, Larian will produce all documents within his

EXHIBIT _25_ PAGE _879_  - 23 -   LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1    possession, custody, or control that are responsive to the request, if any, and that

2    have not already been produced, that he discovers in the course of his reasonable

3    search and diligent inquiry, and to which no privilege or other protection applies,

4    including without limitation, the attorney-client privilege or attorney's work

5    product doctrine.

6    **REQUEST FOR PRODUCTION NO. 20:**

7         All DOCUMENTS, including without limitation all

8    COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

9    any agreement or contract between BRYANT and MATTEL.

10    **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

11         Larian incorporates by reference the above-stated general objections as

12    if fully set forth herein. Larian also specifically objects to this request on the

13    grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

14    information not relevant to the subject matter of this lawsuit or reasonably

15    calculated to lead to the discovery of admissible evidence. Larian also specifically

16    objects to this request to the extent it seeks information the disclosure of which

17    would implicate the rights of third parties to protect private, confidential,

18    proprietary or trade secret information. Larian also objects to this request to the

19    extent it calls for the disclosure of attorney-client privileged information or

20    information protected from disclosure by the work-product doctrine, joint defense

21    or common interest privilege, or other privilege. Larian also objects to this request

22    to the extent that it seeks documents not in Larian's possession, custody or control.

23         Subject to the foregoing, Larian will produce all documents within his

24    possession, custody, or control that are responsive to the request, if any, and that

25    have not already been produced, that he discovers in the course of his reasonable

26    search and diligent inquiry, and to which no privilege or other protection applies,

27    including without limitation, the attorney-client privilege or attorney's work

28    product doctrine.

EXHIBIT **X** PAGE **880** - 24 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  **REQUEST FOR PRODUCTION NO. 21:**

2       All DOCUMENTS, including without limitation all

3  COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

4  YOUR or MGA's knowledge of any agreement or contract between BRYANT and

5  MATTEL.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

7       Larian incorporates by reference the above-stated general objections as

8  if fully set forth herein.  Larian also specifically objects to this request on the

9  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

10  information not relevant to the subject matter of this lawsuit or reasonably

11  calculated to lead to the discovery of admissible evidence.  Larian also specifically

12  objects to this request to the extent it seeks information the disclosure of which

13  would implicate the rights of third parties to protect private, confidential,

14  proprietary or trade secret information.  Larian also objects to this request to the

15  extent it calls for the disclosure of attorney-client privileged information or

16  information protected from disclosure by the work-product doctrine, joint defense

17  or common interest privilege, or other privilege.  Larian also objects to this request

18  to the extent that it seeks documents not in Larian's possession, custody or control.

19       Subject to the foregoing, Larian will produce all documents within his

20  possession, custody, or control that are responsive to the request, if any, and that

21  have not already been produced, that he discovers in the course of his reasonable

22  search and diligent inquiry, and to which no privilege or other protection applies,

23  including without limitation, the attorney-client privilege or attorney's work

24  product doctrine.

25  **REQUEST FOR PRODUCTION NO. 22:**

26       All DOCUMENTS RELATING TO any payment or transfer of

27  anything of value made to or on behalf of BRYANT prior to October 21, 2000 or

28  for work or services performed by BRYANT prior to October 21, 2000 regardless

EXHIBIT _X_ PAGE _881_    - 25 -    LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  of when such payment was actually made.

2  **RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

3          Larian incorporates by reference the above-stated general objections as

4  if fully set forth herein.  Larian also specifically objects to this request on the

5  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

6  information not relevant to the subject matter of this lawsuit or reasonably

7  calculated to lead to the discovery of admissible evidence.  Larian also specifically

8  objects to this request on the grounds that it is overbroad, including, without

9  limitation, in that it asks for documents that refer or relate to "any payment or

10  transfer. . .on behalf of Bryant" without regard to what such payment might relate

11  to.  Larian also objects to this request on the grounds that it is vague and ambiguous

12  in that Larian cannot determine what is meant by "payment or transfer. . . on behalf

13  of Bryant."  Larian also objects to this request to the extent it seeks information the

14  disclosure of which would implicate the rights of third parties to protect private,

15  confidential, proprietary or trade secret information.  Larian also objects to this

16  request on the grounds that it seeks confidential, proprietary or commercially

17  sensitive information, the disclosure of which would be inimical to the business

18  interests of Larian and one or more third parties.  Larian also objects to this request

19  to the extent it calls for the disclosure of attorney-client privileged information or

20  information protected from disclosure by the work-product doctrine, joint defense

21  or common interest privilege, or other privilege.

22          Subject to the foregoing, Larian will produce all documents within his

23  possession, custody, or control that are responsive to the request, if any, and that

24  have not already been produced, that he discovers in the course of his reasonable

25  search and diligent inquiry, and to which no privilege or other protection applies,

26  including without limitation, the attorney-client privilege or attorney's work

27  product doctrine.

28

EXHIBIT __9__ PAGE __982__  - 26 -

1 **REQUEST FOR PRODUCTION NO. 23:**

2     ALL DOCUMENTS RELATING TO any agreement or contract

3 between YOU or MGA, on the one hand, and BRYANT, on the other hand,

4 including without limitation all drafts thereof, all actual or proposed amendments,

5 modifications and revisions thereto and all COMMUNICATIONS RELATING

6 thereto.

7 **RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

8     Larian incorporates by reference the above-stated general objections as

9 if fully set forth herein. Larian also specifically objects to this request on the

10 grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

11 information not relevant to the subject matter of this lawsuit or reasonably

12 calculated to lead to the discovery of admissible evidence. Larian also objects to

13 this request on the grounds that it is overbroad, unduly burdensome, and oppressive

14 in seeking all documents that refer or relate to any agreement or contract between

15 Larian or MGA and Bryant. Larian also objects to this request on the grounds that

16 it seeks confidential, proprietary or commercially sensitive information, the

17 disclosure of which would be inimical to the business interests of Larian and one or

18 more third parties. Larian also objects to this request to the extent it calls for the

19 disclosure of attorney-client privileged information or information protected from

20 disclosure by the work-product doctrine, joint defense or common interest

21 privilege, or other privilege. Larian also objects to this request to the extent it seeks

22 information the disclosure of which would implicate the rights of third parties to

23 protect private, confidential, proprietary or trade secret information. Larian also

24 objects to this request to the extent that it seeks documents not in Larian's

25 possession, custody or control.

26     Subject to the foregoing, Larian will produce all documents within his

27 possession, custody, or control that are responsive to the request, if any, and that

28 have not already been produced, that he discovers in the course of his reasonable

EXHIBIT _____ PAGE _____ - 27 -

1    search and diligent inquiry, and to which no privilege or other protection applies,

2    including without limitation, the attorney-client privilege or attorney's work

3    product doctrine.

4    **REQUEST FOR PRODUCTION NO. 24:**

5        All doll heads, sculpts, prototypes, models, samples and tangible items

6    that were created, prepared or made, whether in whole or in part, prior to December

7    31, 2001 RELATING TO BRATZ.

8    **RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

9        Larian incorporates by reference the above-stated general objections as

10    if fully set forth herein. Larian also specifically objects to this request on the

11    grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

12    information not relevant to the subject matter of this lawsuit or reasonably

13    calculated to lead to the discovery of admissible evidence. Larian specifically

14    objects to this request to the extent that it seeks tangible items not within Larian's

15    possession, custody or control. Larian also objects to this request to the extent it

16    seeks information the disclosure of which would implicate the rights of third parties

17    to protect private, confidential, proprietary or trade secret information. Larian also

18    specifically objects to this request on the grounds that it seeks confidential,

19    proprietary, or commercially sensitive information, the disclosure of which would

20    be inimical to the business interests of Larian and one or more third parties. Larian

21    also objects to this request to the extent it calls for the disclosure of attorney-client

22    privileged information or information protected from disclosure by the work-

23    product doctrine, joint defense or common interest privilege, or other privilege.

24        Subject to the foregoing, Larian will make available for inspection all

25    items within his possession, custody, or control that are responsive to the request, if

26    any, and that have not already been produced, that he discovers in the course of his

27    reasonable search and diligent inquiry, and to which no privilege or other protection

28    applies, including without limitation, the attorney-client privilege or attorney's

EXHIBIT ___ PAGE ___    - 28 -    LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   work product doctrine.

2   **REQUEST FOR PRODUCTION NO. 25:**

3          All doll heads, sculpts, prototypes, models, samples and tangible items

4   that were created, prepared or made, whether in whole or in part, prior to December

5   31, 2001 RELATING TO ANGEL.

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

7          Larian incorporates by reference the above-stated general objections as

8   if fully set forth herein. Larian also specifically objects to this request on the

9   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

10   information not relevant to the subject matter of this lawsuit or reasonably

11   calculated to lead to the discovery of admissible evidence. Larian also objects to

12   this request on the grounds that it seeks tangible items not within Larian's

13   possession, custody or control. Larian also objects to this request to the extent it

14   seeks information the disclosure of which would implicate the rights of third parties

15   to protect private, confidential, proprietary or trade secret information. Larian also

16   specifically objects to this request on the grounds that it seeks confidential,

17   proprietary, or commercially sensitive information, the disclosure of which would

18   be inimical to the business interests of Larian and one or more third parties. Larian

19   also objects to this request to the extent it calls for the disclosure of attorney-client

20   privileged information or information protected from disclosure by the work

21   product doctrine, joint defense or common interest privilege, or other privilege.

22          Subject to the foregoing, Larian will produce all items within his

23   possession, custody, or control that are responsive to the request, if any, and that

24   have not already been produced, that he discovers in the course of his reasonable

25   search and diligent inquiry, and to which no privilege or other protection applies,

26   including without limitation, the attorney-client privilege or attorney's work

27   product doctrine.

28

EXHIBIT _25_ PAGE _885_    - 29 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

**REQUEST FOR PRODUCTION NO. 26:**

All DOCUMENTS RELATING TO each and every sculpt of BRATZ (including without limitation any model, prototype or sample thereof) prior to June 1, 2001.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Larian incorporates by reference the above-stated general objections as if fully set forth herein. Larian also specifically objects to this request on the grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence. Larian specifically objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information. Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties. Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.

Subject to the foregoing, Larian will produce all documents within his possession, custody, or control that are responsive to the request, if any, and that have not already been produced, that he discovers in the course of his reasonable search and diligent inquiry, and to which no privilege or other protection applies, including without limitation, the attorney-client privilege or attorney's work product doctrine.

**REQUEST FOR PRODUCTION NO. 27:**

All DOCUMENTS RELATING TO each and every sculpt of ANGEL (including without limitation any model, prototype or sample thereof).

EXHIBIT __25__ PAGE __886__   - 30 -

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Larian incorporates by reference the above-stated general objections as if fully set forth herein. Larian also specifically objects to this request on the grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence. Larian also specifically objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information. Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties. Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.

Subject to the foregoing, Larian will produce all documents relating to Angel within his possession, custody, or control that are responsive to the request, if any, and that have not already been produced, that he discovers in the course of his reasonable search and diligent inquiry, and to which no privilege or other protection applies, including without limitation, the attorney-client privilege or attorney's work product doctrine.

**REQUEST FOR PRODUCTION NO. 28:**

All DOCUMENTS RELATING TO the procurement, fabrication, preparation and production of each and every mold for BRATZ (including without limitation for any model, prototype or sample thereof) prior June 30, 2001, including without limitation all orders, purchase orders and invoices relating thereto.

EXHIBIT _X_ PAGE _887_       - 31 -       LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

1           Larian incorporates by reference the above-stated general objections as if fully set forth herein. Larian also specifically objects to this request on the grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence. Larian specifically objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information. Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties. Larian also objects to this request on the grounds that it is vague and ambiguous in that Larian cannot determine what is meant by "mold . . . (including without limitation any model, prototype or sample thereof)." Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.

          Subject to the foregoing, Larian will produce all documents within his possession, custody, or control that are responsive to the request, if any, and that have not already been produced, that he discovers in the course of his reasonable search and diligent inquiry, and to which no privilege or other protection applies, including without limitation, the attorney-client privilege or attorney's work product doctrine.

**REQUEST FOR PRODUCTION NO. 29:**

          DOCUMENTS sufficient to show when any mold for ANGEL (including without limitation for any model, prototype or sample thereof) was first ordered, requested, procured, fabricated, prepared and produced.

EXHIBIT _X_ PAGE _888_    - 32 -    LARIAN'S SUPP. RESPONSE TO MATTEL'S 1ST SET OF REQUESTS FOR PRODUCTION CV 04-9049 SGL (RNBX)

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Larian incorporates by reference the above-stated general objections as if fully set forth herein. Larian also specifically objects to this request on the grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence. Larian also specifically objects to this request on the grounds that it is overbroad in that is it not limited as to time. Larian also objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information. Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties. Larian also objects to this request on the grounds that it is vague and ambiguous in that Larian cannot determine what is meant by "mold . . . (including without limitation any model, prototype or sample thereof)." Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.

Subject to the foregoing, Larian will produce all documents within his possession, custody, or control that are responsive to the request, if any, and that have not already been produced, that he discovers in the course of his reasonable search and diligent inquiry, and to which no privilege or other protection applies, including without limitation, the attorney-client privilege or attorney's work product doctrine.

**REQUEST FOR PRODUCTION NO. 30:**

All DOCUMENTS RELATING TO any showing, presentation or exhibition, or any proposed, offered or requested showing, presentation or

1  exhibition, of BRATZ (including without limitation any model, prototype or sample

2  thereof) prior to June 30, 2001.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

4  Larian incorporates by reference the above-stated general objections as

5  if fully set forth herein. Larian also specifically objects to this request on the

6  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

7  information not relevant to the subject matter of this lawsuit or reasonably

8  calculated to lead to the discovery of admissible evidence. Larian also specifically

9  objects to this request on the grounds that it seeks information not relevant to the

10  subject matter of this lawsuit or reasonably calculated to lead to the discovery of

11  admissible evidence, including, without limitation, in that it potentially extends to

12  every communication having to do with, for example, any Toy Fair to which Larian

13  or MGA brought, or considered bringing, Bratz during the stated time frame, and is,

14  thus, also overbroad, unduly burdensome and oppressive. Larian also objects to

15  this request on the grounds that it is vague and ambiguous in that Larian cannot

16  determine what is meant by "showing, presentation or exhibition." Larian also

17  objects to this request to the extent it seeks information the disclosure of which

18  would implicate the rights of third parties to protect private, confidential,

19  proprietary or trade secret information. Larian further objects to this request on the

20  grounds that it seeks confidential, proprietary or commercially sensitive

21  information, the disclosure of which would be inimical to the business interests of

22  Larian. Larian also objects to this request to the extent it calls for the disclosure of

23  attorney-client privileged information or information protected from disclosure by

24  the work-product doctrine, joint defense or common interest privilege, or other

25  privilege.

26  Subject to the foregoing, Larian will produce all documents within his

27  possession, custody, or control that are responsive to the request, if any, and that

28  have not already been produced, that he discovers in the course of his reasonable

EXHIBIT _25_ PAGE _890_    - 34 -    LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   search and diligent inquiry, and to which no privilege or other protection applies,

2   including without limitation, the attorney-client privilege or attorney's work

3   product doctrine.

4   **REQUEST FOR PRODUCTION NO. 31:**

5         DOCUMENTS sufficient to show when ANGEL (including without

6   limitation any model, prototype or sample thereof) was first exhibited, shown or

7   presented to any third party.

8   **RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

9         Larian incorporates by reference the above-stated general objections as

10  if fully set forth herein.  Larian also specifically objects to this request on the

11  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

12  information not relevant to the subject matter of this lawsuit or reasonably

13  calculated to lead to the discovery of admissible evidence.  Larian also objects to

14  this request on the grounds that it is vague and ambiguous in that Larian cannot

15  determine what is meant by "mold…(including without limitation any model,

16  prototype or sample thereof)."  Larian also objects to this request to the extent it

17  seeks information the disclosure of which would implicate the rights of third parties

18  to protect private, confidential, proprietary or trade secret information.  Larian also

19  objects to this request on the grounds that it seeks confidential, proprietary or

20  commercially sensitive information, the disclosure of which would be inimical to

21  the business interests of Larian and one or more third parties.  Larian also objects to

22  this request to the extent it calls for the disclosure of attorney-client privileged

23  information or information protected from disclosure by the work-product doctrine,

24  joint defense or common interest privilege, or other privilege.

25        Subject to the foregoing, Larian will produce all documents within his

26  possession, custody, or control that are responsive to the request, if any, and that

27  have not already been produced, that he discovers in the course of his reasonable

28  search and diligent inquiry, and to which no privilege or other protection applies,

1  including without limitation, the attorney-client privilege or attorney's work

2  product doctrine.

3  **REQUEST FOR PRODUCTION NO. 32:**

4      All COMMUNICATIONS between YOU or MGA and any

5  wholesaler, distributor, and/or retailer RELATING TO BRATZ prior to December

6  31, 2001.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

8      Larian incorporates by reference the above-stated general objections as

9  if fully set forth herein. Larian also specifically objects to this request on the

10  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

11  information not relevant to the subject matter of this lawsuit or reasonably

12  calculated to lead to the discovery of admissible evidence. Larian also specifically

13  objects to this request on the grounds that it is overbroad, unduly burdensome and

14  oppressive, without limitation, in potentially extending to communications that a

15  wholesaler, distributor, and/or retailer may have had with any of MGA's hundreds

16  of employees, agents or representatives, and regardless of whether any such

17  communication is related in any way to the subject matter of this lawsuit. Larian

18  also objects to this request to the extent it seeks information the disclosure of which

19  would implicate the rights of third parties to protect private, confidential,

20  proprietary or trade secret information. Larian also objects to this request on the

21  grounds that it seeks confidential, proprietary or commercially sensitive

22  information, the disclosure of which would be inimical to the business interests of

23  Larian and one or more third parties. Larian also objects to this request to the

24  extent it calls for the disclosure of attorney-client privileged information or

25  information protected from disclosure by the work-product doctrine, joint defense

26  or common interest privilege, or other privilege.

27      Subject to the foregoing, Larian will produce all communications

28  made prior to June 1, 2001 within his possession, custody, or control that are

EXHIBIT __25__ PAGE __892__   - 36 -   LARIAN'S SUPP. RESPONSE TO MATTEL'S 1ST SET OF REQUESTS FOR PRODUCTION CV 04-9049 SGL (RNBX)

1   responsive to the request, if any, and that have not already been produced, that he

2   discovers in the course of his reasonable search and diligent inquiry, and to which

3   no privilege or other protection applies, including without limitation, the attorney-

4   client privilege or attorney's work product doctrine.

5   **REQUEST FOR PRODUCTION NO. 33:**

6           All COMMUNICATIONS between YOU or MGA and any

7   wholesaler, distributor, and/or retailer RELATING TO ANGEL.

8   **RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

9           Larian incorporates by reference the above-stated general objections as

10  if fully set forth herein. Larian also specifically objects to this request on the

11  grounds that it seeks information not relevant to the subject matter of this lawsuit or

12  reasonably calculated to lead to the discovery of admissible evidence including,

13  without limitation, in that is seeks information related to an MGA product not at

14  issue in this lawsuit. Larian also objects to this request on the grounds that it is

15  overbroad, unduly burdensome and oppressive, without limitation, in potentially

16  extending to communications that a wholesaler, distributor, and/or retailer may

17  have had with any of MGA's hundreds of employees, agents or representatives, and

18  regardless of whether any such communication is related in any way to the subject

19  matter of this lawsuit. Larian also objects to this request to the extent it seeks

20  information the disclosure of which would implicate the rights of third parties to

21  protect private, confidential, proprietary or trade secret information. Larian also

22  objects to this request on the grounds that it seeks confidential, proprietary or

23  commercially sensitive information, the disclosure of which would be inimical to

24  the business interests of Larian and one or more third parties. Larian also objects to

25  this request to the extent it calls for the disclosure of attorney-client privileged

26  information or information protected from disclosure by the work-product doctrine,

27  joint defense or common interest privilege, or other privilege.

28           Subject to the foregoing, Larian will produce documents within his

EXHIBIT _25_ PAGE _893_     - 37 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   possession, custody, or control that are sufficient to identify when Larian or MGA

2   first contacted any manufacturer, or any contemplated, proposed or potential

3   manufacturer, for the manufacture of ANGEL, if any, and that have not already

4   been produced, that he discovers in the course of his reasonable search and diligent

5   inquiry, and to which no privilege or other protection applies, including without

6   limitation, the attorney-client privilege or attorney's work product doctrine.

7   **REQUEST FOR PRODUCTION NO. 34:**

8          All DOCUMENTS RELATING TO when and where BRATZ

9   (including without limitation any model, prototype or sample thereof) was first

10  marketed to any wholesaler, distributor and/or retailer.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

12         Larian incorporates by reference the above-stated general objections as

13  if fully set forth herein.  Larian also specifically objects to this request on the

14  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

15  information not relevant to the subject matter of this lawsuit or reasonably

16  calculated to lead to the discovery of admissible evidence.  Larian also specifically

17  objects to this request on the grounds that it seeks confidential, proprietary or

18  commercially sensitive information, the disclosure of which would be inimical to

19  the business interests of Larian.  Larian also objects to this request to the extent it

20  seeks information the disclosure of which would implicate the rights of third parties

21  to protect private, confidential, proprietary or trade secret information.  Larian also

22  objects to this request to the extent it calls for the disclosure of attorney-client

23  privileged information or information protected from disclosure by the work-

24  product doctrine, joint defense or common interest privilege, or other privilege.

25         Subject to the foregoing, Larian will produce all documents within his

26  possession, custody, or control that are responsive to the request, if any, and that

27  have not already been produced, that he discovers in the course of his reasonable

28  search and diligent inquiry, and to which no privilege or other protection applies,

EXHIBIT 25  PAGE 894          - 38 -          LARIAN'S SUPP. RESPONSE TO MATTEL'S
                                              1ST SET OF REQUESTS FOR PRODUCTION
                                              CV 04-9049 SGL (RNBX)

1   including without limitation, the attorney-client privilege or attorney's work

2   product doctrine.

3   **REQUEST FOR PRODUCTION NO. 35:**

4          All DOCUMENTS RELATING TO when and where ANGEL

5   (including without limitation any model, prototype or sample thereof) was first

6   marketed to any wholesaler, distributor and/or retailer.

7   **RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

8          Larian incorporates by reference the above-stated general objections as

9   if fully set forth herein.  Larian also specifically objects to this request on the

10   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

11   information not relevant to the subject matter of this lawsuit or reasonably

12   calculated to lead to the discovery of admissible evidence.  Larian also objects to

13   this request on the grounds that it seeks confidential, proprietary or commercially

14   sensitive information, the disclosure of which would be inimical to the business

15   interests of Larian and one or more third parties.  Larian also objects to this request

16   to the extent it seeks information the disclosure of which would implicate the rights

17   of third parties to protect private, confidential, proprietary or trade secret

18   information.  Larian also objects to this request to the extent it calls for the

19   disclosure of attorney-client privileged information or information protected from

20   disclosure by the work-product doctrine, joint defense or common interest

21   privilege, or other privilege.

22          Subject to the foregoing, Larian will produce documents within his

23   possession, custody, or control that are sufficient to show when and where ANGEL

24   was first marketed for sale by Larian or MGA to any wholesaler, distributor and/or

25   retailer, if any, and that have not already been produced, that he discovers in the

26   course of his reasonable search and diligent inquiry, and to which no privilege or

27   other protection applies, including without limitation, the attorney-client privilege

28   or attorney's work product doctrine.

EXHIBIT __ PAGE __

- 39 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

**REQUEST FOR PRODUCTION NO. 36:**

DOCUMENTS sufficient to show when and where BRATZ was first shipped, distributed and sold.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Larian incorporates by reference the above-stated general objections as if fully set forth herein. Larian also specifically objects to this request on the grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence. Larian also specifically objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information. Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties. Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.

Subject to the foregoing, Larian will produce all documents within his possession, custody, or control that are responsive to the request, if any, and that have not already been produced, that he discovers in the course of his reasonable search and diligent inquiry, and to which no privilege or other protection applies, including without limitation, the attorney-client privilege or attorney's work product doctrine.

**REQUEST FOR PRODUCTION NO. 37:**

DOCUMENTS sufficient to show when and where ANGEL was first shipped, distributed and sold.

EXHIBIT __ PAGE __ - 40 -    LARIAN'S SUPP. RESPONSE TO MATTEL'S 1ST SET OF REQUESTS FOR PRODUCTION CV 04-9049 SGL (RNBX)

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

   Larian incorporates by reference the above-stated general objections as if fully set forth herein.  Larian also specifically objects to this request on the grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence.  Larian also specifically objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information.  Larian also objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information.  Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties.  Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.

   Subject to the foregoing, Larian will produce all documents within his possession, custody, or control that are responsive to the request, if any, and that have not already been produced, that he discovers in the course of his reasonable search and diligent inquiry, and to which no privilege or other protection applies, including without limitation, the attorney-client privilege or attorney's work product doctrine.

**REQUEST FOR PRODUCTION NO. 38:**

   All DOCUMENTS RELATING TO the licensing, including without limitation the proposed, offered or requested licensing, of BRATZ prior to December 31, 2001.

EXHIBIT __25__ PAGE __897__

  - 41 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Larian incorporates by reference the above-stated general objections as if fully set forth herein.  Larian also specifically objects to this request on the grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence.  Larian also specifically objects to this request on the grounds that it seeks information in violation of the right of privacy.  Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties.  Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.  Larian also objects to this request to the extent it seeks documents not within Larian's possession, custody or control.

Subject to the foregoing, Larian will produce all documents within his possession, custody, or control that are responsive to the request, if any, and that have not already been produced, that he discovers in the course of his reasonable search and diligent inquiry, and to which no privilege or other protection applies, including without limitation, the attorney-client privilege or attorney's work product doctrine.

**REQUEST FOR PRODUCTION NO. 39:**

All COMMUNICATIONS between YOU or MGA and any manufacturer, or any contemplated, proposed or potential manufacturer, RELATING TO BRATZ prior to December 31, 2001.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Larian incorporates by reference the above-stated general objections as if fully set forth herein.  Larian also specifically objects to this request on the

EXHIBIT _25_ PAGE _898_          - 42 -          LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)