1   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

2   information not relevant to the subject matter of this lawsuit or reasonably

3   calculated to lead to the discovery of admissible evidence. Larian also specifically

4   objects to this request to the extent it seeks information the disclosure of which

5   would implicate the rights of third parties to protect private, confidential,

6   proprietary or trade secret information. Larian also objects to this request on the

7   grounds that it seeks confidential, proprietary or commercially sensitive

8   information, the disclosure of which would be inimical to the business interests of

9   Larian and one or more third parties. Larian also objects to this request to the

10  extent it calls for the disclosure of attorney-client privileged information or

11  information protected from disclosure by the work-product doctrine, joint defense

12  or common interest privilege, or other privilege.

13          Subject to the foregoing, Larian will produce all documents within his

14  possession, custody, or control that are responsive to the request, if any, and that

15  have not already been produced, that he discovers in the course of his reasonable

16  search and diligent inquiry, and to which no privilege or other protection applies,

17  including without limitation, the attorney-client privilege or attorney's work

18  product doctrine.

19  **REQUEST FOR PRODUCTION NO. 40:**

20          DOCUMENTS sufficient to identify when YOU or MGA first

21  contacted any manufacturer, or any contemplated, proposed or potential

22  manufacturer, for the production or manufacture of ANGEL.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

24          Larian incorporates by reference the above-stated general objections as

25  if fully set forth herein. Larian also specifically objects to this request on the

26  grounds that it is overbroad, unduly burdensome, and oppressive in that it seeks

27  information not relevant to the subject matter of this lawsuit or reasonably

28  calculated to lead to the discovery of admissible evidence including, without

EXHIBIT 𝒳 PAGE 891     - 43 -     LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  limitation, in that it seeks information related to an MGA product not at issue in this

2  lawsuit, and in that the manufacturer of Angel has nothing whatsoever to do with

3  Bryant, Mattel, or this lawsuit.  Larian also objects to this request to the extent it

4  seeks information the disclosure of which would implicate the rights of third parties

5  to protect private, confidential, proprietary or trade secret information.  Larian also

6  objects to this request on the grounds that it seeks confidential, proprietary or

7  commercially sensitive information, the disclosure of which would be inimical to

8  the business interests of Larian and one or more third parties.  Larian also objects to

9  this request to the extent it calls for the disclosure of attorney-client privileged

10 information or information protected from disclosure by the work-product doctrine,

11 joint defense or common interest privilege, or other privilege.

12         Subject to the foregoing, Larian will produce all documents within his

13 possession, custody, or control that are responsive to the request, if any, and that

14 have not already been produced, that he discovers in the course of his reasonable

15 search and diligent inquiry, and to which no privilege or other protection applies,

16 including without limitation, the attorney-client privilege or attorney's work

17 product doctrine.

18 **REQUEST FOR PRODUCTION NO. 41:**

19         All COMMUNICATIONS between YOU or MGA and any PERSON

20 that REFER OR RELATE TO the distribution or proposed or potential distribution

21 of BRATZ prior to December 31, 2001.

22 **RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

23         Larian incorporates by reference the above-stated general objections as

24 if fully set forth herein.  Larian also specifically objects to this request on the

25 grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

26 information not relevant to the subject matter of this lawsuit or reasonably

27 calculated to lead to the discovery of admissible evidence.  Larian also specifically

28 objects to this request to the extent it seeks information the disclosure of which

EXHIBIT 25 PAGE 900

- 44 -

1   would implicate the rights of third parties to protect private, confidential,

2   proprietary or trade secret information. Larian also objects to this request on the

3   grounds that it seeks confidential, proprietary or commercially sensitive

4   information, the disclosure of which would be inimical to the business interests of

5   Larian and one or more third parties.  Larian also objects to this request to the

6   extent it calls for the disclosure of attorney-client privileged information or

7   information protected from disclosure by the work-product doctrine, joint defense

8   or common interest privilege, or other privilege.

9           Subject to the foregoing, Larian will produce all communications

10  made prior to June 1, 2001 within his possession, custody, or control that are

11  responsive to the request, if any, and that have not already been produced, that he

12  discovers in the course of his reasonable search and diligent inquiry, and to which

13  no privilege or other protection applies, including without limitation, the attorney-

14  client privilege or attorney's work product doctrine.

15  **REQUEST FOR PRODUCTION NO. 42:**

16          All DOCUMENTS RELATING TO the performance of any

17  agreement or contract between YOU or MGA, on the one hand, and BRYANT, on

18  the other hand.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

20          Larian incorporates by reference the above-stated general objections as

21  if fully set forth herein.  Larian also specifically objects to this request on the

22  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

23  information not relevant to the subject matter of this lawsuit or reasonably

24  calculated to lead to the discovery of admissible evidence.  Larian also specifically

25  objects to this request on the grounds that it is overbroad, unduly burdensome, and

26  oppressive in seeking all documents that refer or relate to the performance of any

27  agreement or contract between MGA and Bryant.  Larian also objects to this

28  request on the grounds that it seeks confidential, proprietary or commercially

EXHIBIT __25__ PAGE __901__   - 45 -   LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  sensitive information, the disclosure of which would be inimical to the business

2  interests of Larian and one or more third parties. Larian also objects to this request

3  to the extent it seeks information the disclosure of which would implicate the rights

4  of third parties to protect private, confidential, proprietary or trade secret

5  information. Larian also objects to this request to the extent it calls for the

6  disclosure of attorney-client privileged information or information protected from

7  disclosure by the work-product doctrine, joint defense or common interest

8  privilege, or other privilege. Larian also objects to this request to the extent it seeks

9  documents not within Larian's possession, custody or control.

10         Subject to the foregoing, Larian will produce all documents within his

11  possession, custody, or control that are responsive to the request, if any, and that

12  have not already been produced, that he discovers in the course of his reasonable

13  search and diligent inquiry, and to which no privilege or other protection applies,

14  including without limitation, the attorney-client privilege or attorney's work

15  product doctrine.

16  **REQUEST FOR PRODUCTION NO. 43:**

17         All DOCUMENTS RELATING TO the agreement dated as of

18  September 18, 2000 between MGA and BRYANT, including without limitation all

19  drafts thereof, any actual or proposed modifications, amendments or revisions

20  thereto and all COMMUNICATIONS RELATING thereto.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

22         Larian incorporates by reference the above-stated general objections as

23  if fully set forth herein. Larian also specifically objects to this request on the

24  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

25  information not relevant to the subject matter of this lawsuit or reasonably

26  calculated to lead to the discovery of admissible evidence. Larian also specifically

27  objects to this request on the grounds that it seeks confidential, proprietary or

28  commercially sensitive information, the disclosure of which would be inimical to

EXHIBIT 25 PAGE 902

- 46 -

1   the business interests of Larian. Larian also objects to this request to the extent it

2   seeks information the disclosure of which would implicate the rights of third parties

3   to protect private, confidential, proprietary or trade secret information. Larian also

4   objects to this request to the extent it calls for the disclosure of attorney-client

5   privileged information or information protected from disclosure by the work-

6   product doctrine, joint defense or common interest privilege, or other privilege.

7   Larian also objects to this request to the extent it seeks documents not within

8   Larian's possession, custody or control.

9           Subject to the foregoing, Larian will produce all documents within his

10   possession, custody, or control that are responsive to the request, if any, and that

11   have not already been produced, that he discovers in the course of his reasonable

12   search and diligent inquiry, and to which no privilege or other protection applies,

13   including without limitation, the attorney-client privilege or attorney's work

14   product doctrine.

15   **REQUEST FOR PRODUCTION NO. 44:**

16           All DOCUMENTS RELATING TO the Modification and Clarification

17   of the Agreement dated as of September 18, 2000 between MGA and BRYANT,

18   including without limitation all drafts thereof, any actual or proposed modifications,

19   amendments or revisions thereto and all COMMUNICATIONS RELATING

20   thereto.

21   **RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

22           Larian incorporates by reference the above-stated general objections as

23   if fully set forth herein. Larian also specifically objects to this request on the

24   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

25   information not relevant to the subject matter of this lawsuit or reasonably

26   calculated to lead to the discovery of admissible evidence. Larian also specifically

27   objects to this request on the grounds that it seeks confidential, proprietary or

28   commercially sensitive information, the disclosure of which would be inimical to

EXHIBIT _95_ PAGE _903_   - 47 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1    the business interests of Larian.  Larian also objects to this request to the extent it

2    seeks information the disclosure of which would implicate the rights of third parties

3    to protect private, confidential, proprietary or trade secret information.  Larian also

4    objects to this request to the extent it calls for the disclosure of attorney-client

5    privileged information or information protected from disclosure by the work-

6    product doctrine, joint defense or common interest privilege, or other privilege.

7    Larian also objects to this request to the extent it seeks documents not within

8    Larian's possession, custody or control.

9           Subject to the foregoing, Larian will produce all documents within his

10   possession, custody, or control that are responsive to the request, if any, and that

11   have not already been produced, that he discovers in the course of his reasonable

12   search and diligent inquiry, and to which no privilege or other protection applies,

13   including without limitation, the attorney-client privilege or attorney's work

14   product doctrine.

15   **REQUEST FOR PRODUCTION NO. 45:**

16          All DOCUMENTS RELATING TO the agreement dated April 2001

17   between MGA and BRYANT, including without limitation all drafts thereof, any

18   actual or proposed modifications, amendments or revisions thereto and all

19   COMMUNICATIONS RELATING thereto.

20   **RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

21          Larian incorporates by reference the above-stated general objections as

22   if fully set forth herein.  Larian also specifically objects to this request on the

23   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

24   information not relevant to the subject matter of this lawsuit or reasonably

25   calculated to lead to the discovery of admissible evidence.  Larian also objects to

26   this request on the grounds that it seeks confidential, proprietary or commercially

27   sensitive information, the disclosure of which would be inimical to the business

28   interests of Larian and one or more third parties.  Larian also objects to this request

EXHIBIT 75  PAGE 904  - 48 -      LARIAN'S SUPP. RESPONSE TO MATTEL'S
                                  1ST SET OF REQUESTS FOR PRODUCTION
                                  CV 04-9049 SGL (RNBX)

1   to the extent it seeks information the disclosure of which would implicate the rights

2   of third parties to protect private, confidential, proprietary or trade secret

3   information.  Larian also objects to this request to the extent it calls for the

4   disclosure of attorney-client privileged information or information protected from

5   disclosure by the work-product doctrine, joint defense or common interest

6   privilege, or other privilege.  Larian also objects to this request to the extent it seeks

7   documents not within Larian's possession, custody or control.

8          Subject to the foregoing, Larian will produce all documents within his

9   possession, custody, or control that are responsive to the request, if any, and that

10  have not already been produced, that he discovers in the course of his reasonable

11  search and diligent inquiry, and to which no privilege or other protection applies,

12  including without limitation, the attorney-client privilege or attorney's work

13  product doctrine.

14  **REQUEST FOR PRODUCTION NO. 46:**

15         All DOCUMENTS that RELATING TO any agreement or contract

16  that REFERS AND RELATES TO BRATZ between Isaac Larian and any

17  PERSON (including without limitation MGA), including without limitation all

18  drafts thereof, all actual or proposed amendments, modifications and revisions

19  thereto and all COMMUNICATIONS RELATING thereto.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

21         Larian incorporates by reference the above-stated general objections as

22  if fully set forth herein.  Larian also specifically objects to this request on the

23  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

24  information not relevant to the subject matter of this lawsuit or reasonably

25  calculated to lead to the discovery of admissible evidence.  Larian also objects to

26  this request to the extent it seeks information the disclosure of which would

27  implicate the rights of third parties to protect private, confidential, proprietary or

28  trade secret information.  Larian also objects to this request on the grounds that it

EXHIBIT 25  PAGE 905   - 49 -

1  seeks confidential, proprietary or commercially sensitive information, the

2  disclosure of which would be inimical to the business interests of Larian and one or

3  more third parties.  Larian also objects to this request to the extent it calls for the

4  disclosure of attorney-client privileged information or information protected from

5  disclosure by the work-product doctrine, joint defense or common interest

6  privilege, or other privilege.  Larian also objects to this request to the extent it seeks

7  documents not within Larian's possession, custody or control.

8          Subject to the foregoing, Larian will produce all documents within his

9  possession, custody, or control that are responsive to the request, if any, and that

10  have not already been produced, that he discovers in the course of his reasonable

11  search and diligent inquiry, and to which no privilege or other protection applies,

12  including without limitation, the attorney-client privilege or attorney's work

13  product doctrine.

14  **REQUEST FOR PRODUCTION NO. 47:**

15          All DOCUMENTS RELATING TO the performance of any

16  agreement or contract that REFERS AND RELATES TO BRATZ between Isaac

17  Larian and any PERSON (including without limitation MGA).

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

19          Larian incorporates by reference the above-stated general objections as

20  if fully set forth herein.  Larian also specifically objects to this request on the

21  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

22  information not relevant to the subject matter of this lawsuit or reasonably

23  calculated to lead to the discovery of admissible evidence.  Larian also objects to

24  this request to the extent it seeks information the disclosure of which would

25  implicate the rights of third parties to protect private, confidential, proprietary or

26  trade secret information.  Larian also objects to this request on the grounds that it

27  seeks confidential, proprietary or commercially sensitive information, the

28  disclosure of which would be inimical to the business interests of Larian and one or

EXHIBIT _25_ PAGE _906_   - 50 -   LARIAN'S SUPP. RESPONSE TO MATTEL'S
                                    1ST SET OF REQUESTS FOR PRODUCTION
                                    CV 04-9049 SGL (RNBX)

1   more third parties.  Larian also objects to this request to the extent it calls for the

2   disclosure of attorney-client privileged information or information protected from

3   disclosure by the work-product doctrine, joint defense or common interest

4   privilege, or other privilege.  Larian also objects to this request to the extent it seeks

5   documents not within Larian's possession, custody or control.

6          Subject to the foregoing, Larian will produce all documents within his

7   possession, custody, or control that are responsive to the request, if any, and that

8   have not already been produced, that he discovers in the course of his reasonable

9   search and diligent inquiry, and to which no privilege or other protection applies,

10  including without limitation, the attorney-client privilege or attorney's work

11  product doctrine.

12  **REQUEST FOR PRODUCTION NO. 48:**

13          All DOCUMENTS that REFER OR RELATE TO any agreement or

14  contract that REFERS AND RELATES TO BRYANT between Isaac Larian and

15  any PERSON (including without limitation MGA), including without limitation all

16  drafts thereof, all actual or proposed amendments, modifications and revisions

17  thereto and all COMMUNICATIONS RELATING thereto.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

19          Larian incorporates by reference the above-stated general objections as

20  if fully set forth herein.  Larian also specifically objects to this request on the

21  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

22  information not relevant to the subject matter of this lawsuit or reasonably

23  calculated to lead to the discovery of admissible evidence.  Larian also objects to

24  this request to the extent it seeks information the disclosure of which would

25  implicate the rights of third parties to protect private, confidential, proprietary or

26  trade secret information.  Larian also objects to this request on the grounds that it

27  seeks confidential, proprietary or commercially sensitive information, the

28  disclosure of which would be inimical to the business interests of Larian and one or

EXHIBIT __2C__ PAGE __907__     - 51 -     LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   more third parties. Larian also objects to this request to the extent it calls for the

2   disclosure of attorney-client privileged information or information protected from

3   disclosure by the work-product doctrine, joint defense or common interest

4   privilege, or other privilege. Larian also objects to this request to the extent it seeks

5   documents not within Larian's possession, custody or control.

6           Subject to the foregoing, Larian will produce all documents within his

7   possession, custody, or control that are responsive to the request, if any, and that

8   have not already been produced, that he discovers in the course of his reasonable

9   search and diligent inquiry, and to which no privilege or other protection applies,

10  including without limitation, the attorney-client privilege or attorney's work

11  product doctrine.

12  **REQUEST FOR PRODUCTION NO. 49:**

13          All DOCUMENTS RELATING TO the performance of any

14  agreement or contract that REFERS AND RELATES TO BRYANT between Isaac

15  Larian and any PERSON (including without limitation MGA).

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

17          Larian incorporates by reference the above-stated general objections as

18  if fully set forth herein. Larian also specifically objects to this request on the

19  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

20  information not relevant to the subject matter of this lawsuit or reasonably

21  calculated to lead to the discovery of admissible evidence. Larian also objects to

22  this request to the extent it seeks information the disclosure of which would

23  implicate the rights of third parties to protect private, confidential, proprietary or

24  trade secret information. Larian also objects to this request on the grounds that it

25  seeks confidential, proprietary or commercially sensitive information, the

26  disclosure of which would be inimical to the business interests of Larian and one or

27  more third parties. Larian also objects to this request to the extent it calls for the

28  disclosure of attorney-client privileged information or information protected from

1   disclosure by the work-product doctrine, joint defense or common interest

2   privilege, or other privilege. Larian also objects to this request to the extent it seeks

3   documents not within Larian's possession, custody or control.

4         Subject to the foregoing, Larian will produce all documents within his

5   possession, custody, or control that are responsive to the request, if any, and that

6   have not already been produced, that he discovers in the course of his reasonable

7   search and diligent inquiry, and to which no privilege or other protection applies,

8   including without limitation, the attorney-client privilege or attorney's work

9   product doctrine.

10   **REQUEST FOR PRODUCTION NO. 50:**

11         All DOCUMENTS that REFER OR RELATE TO any agreement or

12   contract that REFERS AND RELATES TO BRATZ between any FAMILY

13   MEMBER of Isaac Larian and any PERSON (including without limitation MGA

14   and/or Isaac Larian), including without limitation all drafts thereof, all actual or

15   proposed amendments, modifications and revisions thereto and all

16   COMMUNICATIONS RELATING thereto.

17   **RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

18         Larian incorporates by reference the above-stated general objections as

19   if fully set forth herein. Larian also specifically objects to this request on the

20   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

21   information not relevant to the subject matter of this lawsuit or reasonably

22   calculated to lead to the discovery of admissible evidence. Larian also objects to

23   this request to the extent it seeks information the disclosure of which would

24   implicate the rights of third parties to protect private, confidential, proprietary or

25   trade secret information. Larian also objects to this request on the grounds that it

26   seeks confidential, proprietary or commercially sensitive information, the

27   disclosure of which would be inimical to the business interests of Larian and one or

28   more third parties. Larian also objects to this request to the extent it calls for the

EXHIBIT 25    PAGE 905    - 53 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  disclosure of attorney-client privileged information or information protected from

2  disclosure by the work-product doctrine, joint defense or common interest

3  privilege, or other privilege. Larian also objects to this request to the extent it seeks

4  documents not within Larian's possession, custody or control.

5           Subject to the foregoing, Larian will produce all documents within his

6  possession, custody, or control that are responsive to the request, if any, and that

7  have not already been produced, that he discovers in the course of his reasonable

8  search and diligent inquiry, and to which no privilege or other protection applies,

9  including without limitation, the attorney-client privilege or attorney's work

10  product doctrine.

11  **REQUEST FOR PRODUCTION NO. 51:**

12           All DOCUMENTS RELATING TO the performance of any

13  agreement or contract that REFERS AND RELATES TO BRATZ between any

14  FAMILY MEMBER of Isaac Larian and any PERSON (including without

15  limitation MGA and/or Isaac Larian).

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

17           Larian incorporates by reference the above-stated general objections as

18  if fully set forth herein. Larian also specifically objects to this request on the

19  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

20  information not relevant to the subject matter of this lawsuit or reasonably

21  calculated to lead to the discovery of admissible evidence. Larian also objects to

22  this request to the extent it seeks information the disclosure of which would

23  implicate the rights of third parties to protect private, confidential, proprietary or

24  trade secret information. Larian also objects to this request on the grounds that it

25  seeks confidential, proprietary or commercially sensitive information, the

26  disclosure of which would be inimical to the business interests of Larian and one or

27  more third parties. Larian also objects to this request to the extent it calls for the

28  disclosure of attorney-client privileged information or information protected from

EXHIBIT __*&*__ PAGE __*910*__          - 54 -          LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  disclosure by the work-product doctrine, joint defense or common interest
2  privilege, or other privilege. Larian also objects to this request to the extent it seeks
3  documents not within Larian's possession, custody or control.
4           Subject to the foregoing, Larian will produce all documents within his
5  possession, custody, or control that are responsive to the request, if any, and that
6  have not already been produced, that he discovers in the course of his reasonable
7  search and diligent inquiry, and to which no privilege or other protection applies,
8  including without limitation, the attorney-client privilege or attorney's work
9  product doctrine.

10  **REQUEST FOR PRODUCTION NO. 52:**
11           All DOCUMENTS RELATING TO any agreement or contract that
12  REFERS AND RELATES TO BRYANT between any FAMILY MEMBER of
13  Isaac Larian and any PERSON (including without limitation MGA and/or Isaac
14  Larian), including without limitation all drafts thereof, all actual or proposed
15  amendments, modifications and revisions thereto and all COMMUNICATIONS
16  RELATING thereto.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**
18           Larian incorporates by reference the above-stated general objections as
19  if fully set forth herein. Larian also specifically objects to this request on the
20  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks
21  information not relevant to the subject matter of this lawsuit or reasonably
22  calculated to lead to the discovery of admissible evidence. Larian also objects to
23  this request to the extent it seeks information the disclosure of which would
24  implicate the rights of third parties to protect private, confidential, proprietary or
25  trade secret information. Larian also objects to this request on the grounds that it
26  seeks confidential, proprietary or commercially sensitive information, the
27  disclosure of which would be inimical to the business interests of Larian and one or
28  more third parties. Larian also objects to this request to the extent it calls for the

EXHIBIT _25_ PAGE _911_       - 55 -     LARIAN'S SUPP. RESPONSE TO MATTEL'S
                                          1ST SET OF REQUESTS FOR PRODUCTION
                                          CV 04-9049 SGL (RNBX)

1   disclosure of attorney-client privileged information or information protected from

2   disclosure by the work-product doctrine, joint defense or common interest

3   privilege, or other privilege. Larian also objects to this request to the extent it seeks

4   documents not within Larian's possession, custody or control.

5          Subject to the foregoing, Larian will produce all documents within his

6   possession, custody, or control that are responsive to the request, if any, and that

7   have not already been produced, that he discovers in the course of his reasonable

8   search and diligent inquiry, and to which no privilege or other protection applies,

9   including without limitation, the attorney-client privilege or attorney's work

10  product doctrine.

11  **REQUEST FOR PRODUCTION NO. 53:**

12         All DOCUMENTS RELATING TO the performance of any

13  agreement or contract that REFERS AND RELATES TO BRYANT between any

14  FAMILY MEMBER of Isaac Larian and any PERSON (including without

15  limitation MGA and/or Isaac Larian).

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

17         Larian incorporates by reference the above-stated general objections as

18  if fully set forth herein. Larian also specifically objects to this request on the

19  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

20  information not relevant to the subject matter of this lawsuit or reasonably

21  calculated to lead to the discovery of admissible evidence. Larian also objects to

22  this request to the extent it seeks information the disclosure of which would

23  implicate the rights of third parties to protect private, confidential, proprietary or

24  trade secret information. Larian also objects to this request on the grounds that it

25  seeks confidential, proprietary or commercially sensitive information, the

26  disclosure of which would be inimical to the business interests of Larian and one or

27  more third parties. Larian also objects to this request to the extent it calls for the

28  disclosure of attorney-client privileged information or information protected from

1  disclosure by the work-product doctrine, joint defense or common interest
2  privilege, or other privilege. Larian also objects to this request to the extent it seeks
3  documents not within Larian's possession, custody or control.
4         Subject to the foregoing, Larian will produce all documents within his
5  possession, custody, or control that are responsive to the request, if any, and that
6  have not already been produced, that he discovers in the course of his reasonable
7  search and diligent inquiry, and to which no privilege or other protection applies,
8  including without limitation, the attorney-client privilege or attorney's work
9  product doctrine.

10 **REQUEST FOR PRODUCTION NO. 54:**

11        All DOCUMENTS RELATING TO royalties or payments
12 RELATING TO BRATZ that have been made by any PERSON (including without
13 limitation MGA) to, for or on behalf of Isaac Larian.

14 **RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

15        Larian incorporates by reference the above-stated general objections as
16 if fully set forth herein. Larian also specifically objects to this request on the
17 grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks
18 information not relevant to the subject matter of this lawsuit or reasonably
19 calculated to lead to the discovery of admissible evidence. Larian also specifically
20 objects to this request on the grounds that it is overbroad including, without
21 limitation, in that it is not limited as to time of the royalties or payments or as to the
22 individuals who made such royalties or payments, if any. Larian also objects to this
23 request on the grounds that it is vague and ambiguous, particularly in that Larian
24 cannot determine what is meant by "royalties or payments…on behalf of Isaac
25 Larian." Larian also objects to this request on the grounds that it seeks confidential,
26 proprietary or commercially sensitive information, the disclosure of which would
27 be inimical to the business interests of Larian and one or more third parties. Larian
28 also objects to this request to the extent it seeks information the disclosure of which

EXHIBIT _25_ PAGE _913_         - 57 -         LARIAN'S SUPP. RESPONSE TO MATTEL'S
                                                1ST SET OF REQUESTS FOR PRODUCTION
                                                CV 04-9049 SGL (RNBX)

1   would implicate the rights of third parties to protect private, confidential,

2   proprietary or trade secret information.  Larian also objects to this request to the

3   extent it calls for the disclosure of attorney-client privileged information or

4   information protected from disclosure by the work-product doctrine, joint defense

5   or common interest privilege, or other privilege.

6       Subject to the foregoing, Larian will produce all documents within his

7   possession, custody, or control that are responsive to the request, if any, and that

8   have not already been produced, that he discovers in the course of his reasonable

9   search and diligent inquiry, and to which no privilege or other protection applies,

10  including without limitation, the attorney-client privilege or attorney's work

11  product doctrine.

12  **REQUEST FOR PRODUCTION NO. 55:**

13      All DOCUMENTS RELATING TO royalties or payments

14  RELATING TO BRATZ that have been made by any PERSON (without limitation

15  MGA) to, for or on behalf of any FAMILY MEMBER of Isaac Larian.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

17      Larian incorporates by reference the above-stated general objections as

18  if fully set forth herein.  Larian also specifically objects to this request on the

19  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

20  information not relevant to the subject matter of this lawsuit or reasonably

21  calculated to lead to the discovery of admissible evidence.  Larian also specifically

22  objects to this request on the grounds that it is overbroad including, without

23  limitation, in that it is not limited as to time of the royalties or payments or as to the

24  individuals who made such royalties or payments, if any.  Larian also objects to this

25  request on the grounds that it is vague and ambiguous, particularly in that Larian

26  cannot determine what is meant by "royalties or payments...on behalf of any family

27  member."  Larian also objects to this request on the grounds that it seeks

28  confidential, proprietary or commercially sensitive information, the disclosure of

EXHIBIT ___ PAGE ___   - 58 -   LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   which would be inimical to the business interests of Larian and one or more third

2   parties. Larian also objects to this request to the extent it seeks information the

3   disclosure of which would implicate the rights of third parties to protect private,

4   confidential, proprietary or trade secret information. Larian also objects to this

5   request to the extent it calls for the disclosure of attorney-client privileged

6   information or information protected from disclosure by the work-product doctrine,

7   joint defense or common interest privilege, or other privilege. Larian also objects

8   to this request to the extent it seeks documents not within Larian's possession,

9   custody or control.

10          Subject to the foregoing, Larian will produce all documents within his

11   possession, custody, or control that are responsive to the request, if any, and that

12   have not already been produced, that he discovers in the course of his reasonable

13   search and diligent inquiry, and to which no privilege or other protection applies,

14   including without limitation, the attorney-client privilege or attorney's work

15   product doctrine.

16   **REQUEST FOR PRODUCTION NO. 56:**

17          All DOCUMENTS RELATING TO DIVA STARZ and RELATING

18   TO any time prior to December 31, 2001 (regardless of when such document was

19   prepared, written, transmitted or received, whether in whole or in part).

20   **RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

21          Larian incorporates by reference the above-stated general objections as

22   if fully set forth herein. Larian also specifically objects to this request on the

23   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

24   information not relevant to the subject matter of this lawsuit or reasonably

25   calculated to lead to the discovery of admissible evidence. Larian also objects to

26   this request on the grounds that it seeks confidential, proprietary or commercially

27   sensitive information, the disclosure of which would be inimical to the business

28   interests of Larian and one or more third parties. Larian also objects to this request

EXHIBIT 25 PAGE 915          - 59 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   to the extent it seeks information the disclosure of which would implicate the rights

2   of third parties to protect private, confidential, proprietary or trade secret

3   information.  Larian also objects to this request to the extent it calls for the

4   disclosure of attorney-client privileged information or information protected from

5   disclosure by the work-product doctrine, joint defense or common interest

6   privilege, or other privilege.  Larian also objects to this request to the extent it seeks

7   documents not within Larian's possession, custody or control.

8               Subject to the foregoing, Larian will produce all documents within his

9   possession, custody, or control that are responsive to the request, if any, and that

10  have not already been produced, that he discovers in the course of his reasonable

11  search and diligent inquiry, and to which no privilege or other protection applies,

12  including without limitation, the attorney-client privilege or attorney's work

13  product doctrine.

14  **REQUEST FOR PRODUCTION NO. 57:**

15              All DOCUMENTS RELATING TO YOUR or MGA's knowledge of

16  DIVA STARZ and RELATING TO any time prior to December 31, 2001

17  (regardless of when such document was prepared, written, transmitted or received,

18  whether in whole or in part).

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

20              Larian incorporates by reference the above-stated general objections as

21  if fully set forth herein.  Larian also specifically objects to this request on the

22  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

23  information not relevant to the subject matter of this lawsuit or reasonably

24  calculated to lead to the discovery of admissible evidence.  Larian also objects to

25  this request on the grounds that it seeks confidential, proprietary or commercially

26  sensitive information, the disclosure of which would be inimical to the business

27  interests of Larian and one or more third parties.  Larian also objects to this request

28  to the extent it seeks information the disclosure of which would implicate the rights

EXHIBIT 25   PAGE 916                - 60 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   of third parties to protect private, confidential, proprietary or trade secret

2   information. Larian also objects to this request to the extent it calls for the

3   disclosure of attorney-client privileged information or information protected from

4   disclosure by the work-product doctrine, joint defense or common interest

5   privilege, or other privilege. Larian also objects to this request to the extent it seeks

6   documents not within Larian's possession, custody or control.

7        Subject to the foregoing, Larian will produce all documents within his

8   possession, custody, or control that are responsive to the request, if any, and that

9   have not already been produced, that he discovers in the course of his reasonable

10  search and diligent inquiry, and to which no privilege or other protection applies,

11  including without limitation, the attorney-client privilege or attorney's work

12  product doctrine.

13  **REQUEST FOR PRODUCTION NO. 58:**

14       All DOCUMENTS RELATING TO MATTEL's consideration or

15  proposed use of "Brats," "Chat Brats" or any variation thereon and RELATING TO

16  any time prior to December 31, 2001 (regardless of when such document was

17  prepared, written, transmitted or received, whether in whole or in part).

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

19       Larian incorporates by reference the above-stated general objections as

20  if fully set forth herein. Larian also specifically objects to this request on the

21  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

22  information not relevant to the subject matter of this lawsuit or reasonably

23  calculated to lead to the discovery of admissible evidence. Larian also objects to

24  this request on the grounds that it is vague and ambiguous in that Larian cannot

25  determine what is meant by "proposed use of 'Brats,' 'Chat Brats' or any variation

26  thereon." Larian also objects to this request on the grounds that it seeks

27  confidential, proprietary or commercially sensitive information, the disclosure of

28  which would be inimical to the business interests of Larian and one or more third

1   parties.  Larian also objects to this request to the extent it seeks information the

2   disclosure of which would implicate the rights of third parties to protect private,

3   confidential, proprietary or trade secret information.  Larian also objects to this

4   request to the extent it calls for the disclosure of attorney-client privileged

5   information or information protected from disclosure by the work-product doctrine,

6   joint defense or common interest privilege, or other privilege.  Larian also objects

7   to this request to the extent it seeks documents not within Larian's possession,

8   custody or control.

9           Subject to the foregoing, Larian will produce all documents within his

10   possession, custody, or control that are responsive to the request, if any, and that

11   have not already been produced, that he discovers in the course of his reasonable

12   search and diligent inquiry, and to which no privilege or other protection applies,

13   including without limitation, the attorney-client privilege or attorney's work

14   product doctrine.

15   **REQUEST FOR PRODUCTION NO. 59:**

16           All DOCUMENTS RELATING TO "Toon Teens."

17   **RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

18           Larian incorporates by reference the above-stated general objections as

19   if fully set forth herein.  Larian also specifically objects to this request on the

20   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

21   information not relevant to the subject matter of this lawsuit or reasonably

22   calculated to lead to the discovery of admissible evidence.  Larian also objects to

23   this request on the grounds that it is overbroad, unduly burdensome, and oppressive

24   in seeking all documents relating to "Toon Teens."  Larian also objects to this

25   request on the grounds that it is vague and ambiguous in that Larian cannot

26   determine what is meant by "Toon Teens."  Larian also objects to this request on

27   the grounds that it seeks confidential, proprietary or commercially sensitive

28   information, the disclosure of which would be inimical to the business interests of

1   Larian and one or more third parties.  Larian further objects to this request to the

2   extent it seeks information the disclosure of which would implicate the rights of

3   third parties to protect private, confidential, proprietary or trade secret information.

4   Larian also objects to this request to the extent it calls for the disclosure of attorney-

5   client privileged information or information protected from disclosure by the work-

6   product doctrine, joint defense or common interest privilege, or other privilege.

7   Larian also objects to this request to the extent it seeks documents not within

8   Larian's possession, custody or control.

9           Subject to the foregoing, Larian will produce all documents within his

10  possession, custody, or control that are responsive to the request, if any, and that

11  have not already been produced, that he discovers in the course of his reasonable

12  search and diligent inquiry, and to which no privilege or other protection applies,

13  including without limitation, the attorney-client privilege or attorney's work

14  product doctrine.

15  **REQUEST FOR PRODUCTION NO. 60:**

16          All DOCUMENTS RELATING TO YOUR or MGA's knowledge of

17  "Toon Teens."

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

19          Larian incorporates by reference the above-stated general objections as

20  if fully set forth herein.  Larian also specifically objects to this request on the

21  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

22  information not relevant to the subject matter of this lawsuit or reasonably

23  calculated to lead to the discovery of admissible evidence.  Larian also objects to

24  this request on the grounds that it is overbroad, unduly burdensome, in that it is

25  duplicative of request number 59.  Larian also objects to this request on the grounds

26  that it is vague and ambiguous in that Larian cannot determine what is meant by

27  "Toon Teens."  Larian also objects to this request on the grounds that it seeks

28  confidential, proprietary or commercially sensitive information, the disclosure of

EXHIBIT _____ PAGE _____    - 63 -    LARIAN'S SUPP. RESPONSE TO MATTEL'S
                                       1ST SET OF REQUESTS FOR PRODUCTION
                                       CV 04-9049 SGL (RNBX)

1   which would be inimical to the business interests of Larian and one or more third

2   parties. Larian further objects to this request to the extent it seeks information the

3   disclosure of which would implicate the rights of third parties to protect private,

4   confidential, proprietary or trade secret information. Larian also objects to this

5   request to the extent it calls for the disclosure of attorney-client privileged

6   information or information protected from disclosure by the work-product doctrine,

7   joint defense or common interest privilege, or other privilege. Larian also objects

8   to this request to the extent it seeks documents not within Larian's possession,

9   custody or control.

10        Subject to the foregoing, Larian will produce all documents within his

11   possession, custody, or control that are responsive to the request, if any, and that

12   have not already been produced, that he discovers in the course of his reasonable

13   search and diligent inquiry, and to which no privilege or other protection applies,

14   including without limitation, the attorney-client privilege or attorney's work

15   product doctrine.

16   **REQUEST FOR PRODUCTION NO. 61:**

17        All DOCUMENTS, including without limitation

18   COMMUNICATIONS, prepared, drafted, created, received or transmitted (whether

19   in whole or in part) prior to December 31, 2001 RELATING TO BRYANT.

20   **RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

21        Larian incorporates by reference the above-stated general objections as

22   if fully set forth herein. Larian also specifically objects to this request on the

23   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

24   information not relevant to the subject matter of this lawsuit or reasonably

25   calculated to lead to the discovery of admissible evidence. Larian also objects to

26   this request on the grounds that it seeks confidential, proprietary or commercially

27   sensitive information, the disclosure of which would be inimical to the business

28   interests of Larian and one or more third parties. Larian also objects to this request

EXHIBIT _25_ PAGE _900_

- 64 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1     to the extent it calls for the disclosure of attorney-client privileged information or

2     information protected from disclosure by the work-product doctrine, joint defense

3     or common interest privilege, or other privilege.

4          Subject to the foregoing, Larian will produce all communications

5     made prior to January 1, 2001 within his possession, custody, or control that are

6     responsive to the request, if any, and that have not already been produced, that he

7     discovers in the course of his reasonable search and diligent inquiry, and to which

8     no privilege or other protection applies, including without limitation, the attorney-

9     client privilege or attorney's work product doctrine.

10    **REQUEST FOR PRODUCTION NO. 62:**

11         All DOCUMENTS RELATING TO any actual, potential, proposed,

12    considered or contemplated work, activities or services, including without

13    limitation any freelance work or consulting services, by BRYANT for, with or on

14    behalf of YOU or MGA prior to December 31, 2001 (regardless of when any such

15    DOCUMENT was prepared, created, received or transmitted, whether in whole or

16    in part).

17    **RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

18         Larian incorporates by reference the above-stated general objections as

19    if fully set forth herein. Larian also specifically objects to this request on the

20    grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

21    information not relevant to the subject matter of this lawsuit or reasonably

22    calculated to lead to the discovery of admissible evidence. Larian also objects to

23    this request on the ground that it is overbroad, unduly burdensome, and oppressive

24    in seeking all documents relating to any work, activities or services that Bryant

25    performed for or with Larian or MGA or on their behalf. Larian also objects to this

26    request on the grounds that it is vague and ambiguous in that Larian cannot

27    determine what is meant by "activities or services" and "with or on behalf of YOU

28    or MGA." Larian will interpret "activities or services" to mean "work or services,"

1   and "with" to mean "on behalf of."  Larian also objects to this request on the

2   grounds that it seeks confidential, proprietary or commercially sensitive

3   information, the disclosure of which would be inimical to the business interests of

4   Larian and one or more third parties.  Larian also objects to this request to the

5   extent it seeks information the disclosure of which would implicate the rights of

6   third parties to protect private, confidential, proprietary or trade secret information.

7   Larian also objects to this request to the extent it calls for the disclosure of attorney-

8   client privileged information or information protected from disclosure by the work-

9   product doctrine, joint defense or common interest privilege, or other privilege.

10  Larian also objects to this request to the extent it seeks documents not within

11  Larian's possession, custody or control.

12          Subject to the foregoing, Larian will produce all documents within his

13  possession, custody, or control that are responsive to the request and that were

14  created, received or transmitted prior to January 1, 2001, if any, and that have not

15  already been produced, that he discovers in the course of his reasonable search and

16  diligent inquiry, and to which no privilege or other protection applies, including

17  without limitation, the attorney-client privilege or attorney's work product doctrine.

18  **REQUEST FOR PRODUCTION NO. 63:**

19          All DOCUMENTS RELATING TO any actual, potential, proposed,

20  considered or contemplated work, activities or services, including without

21  limitation any freelance work or consulting services, by Anna Rhee for, with or on

22  behalf of YOU or MGA prior to December 31, 2001 (regardless of when any such

23  DOCUMENT was prepared, created, received or transmitted, whether in whole or

24  in part).

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

26          Larian incorporates by reference the above-stated general objections as

27  if fully set forth herein.  Larian also specifically objects to this request on the

28  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

EXHIBIT _25_ PAGE _922_        - 66 -        LARIAN'S SUPP. RESPONSE TO MATTEL'S
                                             1ST SET OF REQUESTS FOR PRODUCTION
                                             CV 04-9049 SGL (RNBX)

1   information not relevant to the subject matter of this lawsuit or reasonably

2   calculated to lead to the discovery of admissible evidence.  Larian also objects to

3   this request on the ground that it is overbroad, unduly burdensome, and oppressive

4   in seeking all documents relating to any work, activities or services that Anna Rhee

5   performed for or with Larian or MGA or on their behalf.  Larian also objects to this

6   request on the grounds that it is vague and ambiguous in that Larian cannot

7   determine what is meant by "activities or services" and "with or on behalf of YOU

8   or MGA."  Larian will interpret "activities or services" to mean "work or services,"

9   and "with" to mean "on behalf of."  Larian also objects to this request to the extent

10  it seeks information the disclosure of which would implicate the rights of third

11  parties to protect private, confidential, proprietary or trade secret information.

12  Larian also objects to this request on the grounds that it seeks confidential,

13  proprietary or commercially sensitive information, the disclosure of which would

14  be inimical to the business interests of Larian and one or more third parties.  Larian

15  also objects to this request to the extent it calls for the disclosure of attorney-client

16  privileged information or information protected from disclosure by the work-

17  product doctrine, joint defense or common interest privilege, or other privilege.

18  Larian also objects to this request to the extent it seeks documents not within

19  Larian's possession, custody or control.

20         Subject to the foregoing, Larian will produce all documents within his

21  possession, custody, or control that are responsive to the request and that either

22  pertain to services performed prior to January 1, 2001 or pertain to work performed

23  on Bratz or Angel, if any, and that have not already been produced, that he

24  discovers in the course of his reasonable search and diligent inquiry, and to which

25  no privilege or other protection applies, including without limitation, the attorney-

26  client privilege or attorney's work product doctrine.

27  **REQUEST FOR PRODUCTION NO. 64:**

28         All DOCUMENTS RELATING TO any actual, potential, proposed,

EXHIBIT 25   PAGE 923   - 67 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1    considered or contemplated work, activities or services, including without

2    limitation any freelance work or consulting services, by Veronica Marlow for, with

3    or on behalf of YOU or MGA prior to December 31, 2001 (regardless of when any

4    such DOCUMENT was prepared, created, received or transmitted, whether in

5    whole or in part).

6    **RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

7            Larian incorporates by reference the above-stated general objections as

8    if fully set forth herein. Larian also specifically objects to this request on the

9    grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

10   information not relevant to the subject matter of this lawsuit or reasonably

11   calculated to lead to the discovery of admissible evidence. Larian also objects to

12   this request on the ground that it is overbroad, unduly burdensome, and oppressive

13   in seeking all documents relating to any work, activities or services that Veronica

14   Marlow performed for or with Larian or MGA or on their behalf. Larian also

15   objects to this request on the grounds that it is vague and ambiguous in that Larian

16   cannot determine what is meant by "activities or services" and "with or on behalf of

17   YOU or MGA." Larian will interpret "activities or services" to mean "work or

18   services," and "with" to mean "on behalf of." Larian also objects to this request to

19   the extent it seeks information the disclosure of which would implicate the rights of

20   third parties to protect private, confidential, proprietary or trade secret information.

21   Larian also objects to this request on the grounds that it seeks confidential,

22   proprietary or commercially sensitive information, the disclosure of which would

23   be inimical to the business interests of Larian and one or more third parties. Larian

24   also objects to this request to the extent it calls for the disclosure of attorney-client

25   privileged information or information protected from disclosure by the work-

26   product doctrine, joint defense or common interest privilege, or other privilege.

27   Larian also objects to this request to the extent it seeks documents not within

28   Larian's possession, custody or control.

EXHIBIT __X__ PAGE __924__   - 68 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1    Subject to the foregoing, Larian will produce all documents within his

2    possession, custody, or control that are responsive to the request and that either

3    pertain to services performed prior to January 1, 2001 or pertain to work performed

4    on Bratz or Angel, if any, and that have not already been produced, that he

5    discovers in the course of his reasonable search and diligent inquiry, and to which

6    no privilege or other protection applies, including without limitation, the attorney-

7    client privilege or attorney's work product doctrine.

8    **REQUEST FOR PRODUCTION NO. 65:**

9    All DOCUMENTS RELATING TO any actual, potential, proposed,

10   considered or contemplated work, activities or services, including without

11   limitation any freelance work or consulting services, by Sarah Halpern for, with or

12   on behalf of YOU or MGA prior to December 31, 2001 (regardless of when any

13   such DOCUMENT was prepared, created, received or transmitted, whether in

14   whole or in part).

15   **RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

16   Larian incorporates by reference the above-stated general objections as

17   if fully set forth herein. Larian also specifically objects to this request on the

18   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

19   information not relevant to the subject matter of this lawsuit or reasonably

20   calculated to lead to the discovery of admissible evidence. Larian also objects to

21   this request on the ground that it is overbroad, unduly burdensome, and oppressive

22   in seeking all documents relating to any work, activities or services that Sarah

23   Halpern performed for or with Larian or MGA or on their behalf. Larian also

24   objects to this request on the grounds that it is vague and ambiguous in that Larian

25   cannot determine what is meant by "activities or services" and "with or on behalf of

26   YOU or MGA." Larian will interpret "activities or services" to mean "work or

27   services," and "with" to mean "on behalf of." Larian also objects to this request to

28   the extent it seeks information the disclosure of which would implicate the rights of

1  third parties to protect private, confidential, proprietary or trade secret information.

2  Larian also objects to this request on the grounds that it seeks confidential,

3  proprietary or commercially sensitive information, the disclosure of which would

4  be inimical to the business interests of Larian and one or more third parties.  Larian

5  also objects to this request to the extent it calls for the disclosure of attorney-client

6  privileged information or information protected from disclosure by the work-

7  product doctrine, joint defense or common interest privilege, or other privilege.

8  Larian also objects to this request to the extent it seeks documents not within

9  Larian's possession, custody or control.

10        Subject to the foregoing, Larian will produce all documents within his

11  possession, custody, or control that are responsive to the request and that either

12  pertain to services performed prior to January 1, 2001 or pertain to work performed

13  on Bratz or Angel, if any, and that have not already been produced, that he

14  discovers in the course of his reasonable search and diligent inquiry, and to which

15  no privilege or other protection applies, including without limitation, the attorney-

16  client privilege or attorney's work product doctrine.

17  **REQUEST FOR PRODUCTION NO. 66:**

18        All DOCUMENTS RELATING TO any actual, potential, proposed,

19  considered or contemplated work, activities or services, including without

20  limitation any freelance work or consulting services, by Jesse Ramirez for, with or

21  on behalf of YOU or MGA prior to December 31, 2001 (regardless of when any

22  such DOCUMENT was prepared, created, received or transmitted, whether in

23  whole or in part).

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

25        Larian incorporates by reference the above-stated general objections as

26  if fully set forth herein.  Larian also specifically objects to this request on the

27  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

28  information not relevant to the subject matter of this lawsuit or reasonably

1   calculated to lead to the discovery of admissible evidence.  Larian also objects to

2   this request on the ground that it is overbroad, unduly burdensome, and oppressive

3   in seeking all documents relating to any work, activities or services that Jesse

4   Ramirez performed for or with Larian or MGA or on their behalf.  Larian also

5   objects to this request on the grounds that it is vague and ambiguous in that Larian

6   cannot determine what is meant by "activities or services" and "with or on behalf of

7   YOU or MGA."  Larian will interpret "activities or services" to mean "work or

8   services," and "with" to mean "on behalf of."  Larian also objects to this request to

9   the extent it seeks information the disclosure of which would implicate the rights of

10  third parties to protect private, confidential, proprietary or trade secret information.

11  Larian also objects to this request on the grounds that it seeks confidential,

12  proprietary or commercially sensitive information, the disclosure of which would

13  be inimical to the business interests of Larian and one or more third parties.  Larian

14  also objects to this request to the extent it calls for the disclosure of attorney-client

15  privileged information or information protected from disclosure by the work-

16  product doctrine, joint defense or common interest privilege, or other privilege.

17  Larian also objects to this request to the extent it seeks documents not within

18  Larian's possession, custody or control.

19         Subject to the foregoing, Larian will produce all documents within his

20  possession, custody, or control that are responsive to the request and that either

21  pertain to services performed prior to January 1, 2001 or pertain to work performed

22  on Bratz or Angel, if any, and that have not already been produced, that he

23  discovers in the course of his reasonable search and diligent inquiry, and to which

24  no privilege or other protection applies, including without limitation, the attorney-

25  client privilege or attorney's work product doctrine.

26  **REQUEST FOR PRODUCTION NO. 67:**

27         All DOCUMENTS RELATING TO any actual, potential, proposed,

28  considered or contemplated work, activities or services, including without

EXHIBIT $\mathcal{K}$  PAGE 927   - 71 -   LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   limitation any freelance work or consulting services, by Margaret Hatch (also

2   known as Margaret Leahy and/or Margaret Hatch-Leahy) for, with or on behalf of

3   YOU or MGA prior to December 31, 2001 (regardless of when any such

4   DOCUMENT was prepared, created, received or transmitted, whether in whole or

5   in part).

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

7         Larian incorporates by reference the above-stated general objections as

8   if fully set forth herein.  Larian also specifically objects to this request on the

9   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

10  information not relevant to the subject matter of this lawsuit or reasonably

11  calculated to lead to the discovery of admissible evidence.  Larian also objects to

12  this request on the ground that it is overbroad, unduly burdensome, and oppressive

13  in seeking all documents relating to any work, activities or services that Margaret

14  Hatch (also known as Margaret Leahy and/or Margaret Hatch-Leahy) performed for

15  or with Larian or MGA or on their behalf.  Larian also objects to this request on the

16  grounds that it is vague and ambiguous in that Larian cannot determine what is

17  meant by "activities or services" and "with or on behalf of YOU or MGA."  Larian

18  will interpret "activities or services" to mean "work or services," and "with" to

19  mean "on behalf of."  Larian also objects to this request to the extent it seeks

20  information the disclosure of which would implicate the rights of third parties to

21  protect private, confidential, proprietary or trade secret information.  Larian also

22  objects to this request on the grounds that it seeks confidential, proprietary or

23  commercially sensitive information, the disclosure of which would be inimical to

24  the business interests of Larian and one or more third parties.  Larian also objects to

25  this request to the extent it calls for the disclosure of attorney-client privileged

26  information or information protected from disclosure by the work-product doctrine,

27  joint defense or common interest privilege, or other privilege.  Larian also objects

28  to this request to the extent it seeks documents not within Larian's possession,

EXHIBIT _95_ PAGE _928_        - 72 -        LARIAN'S SUPP. RESPONSE TO MATTEL'S
                                             1ST SET OF REQUESTS FOR PRODUCTION
                                             CV 04-9049 SGL (RNBX)

1  custody or control.

2       Subject to the foregoing, Larian will produce all documents within his

3  possession, custody, or control that are responsive to the request and that either

4  pertain to services performed prior to January 1, 2001 or pertain to work performed

5  on Bratz or Angel, if any, and that have not already been produced, that he

6  discovers in the course of his reasonable search and diligent inquiry, and to which

7  no privilege or other protection applies, including without limitation, the attorney-

8  client privilege or attorney's work product doctrine.

9  **REQUEST FOR PRODUCTION NO. 68:**

10       All DOCUMENTS RELATING TO any actual, potential, proposed,

11  considered or contemplated work, activities or services, including without

12  limitation any freelance work or consulting services, by Elise Cloonan for, with or

13  on behalf of YOU or MGA.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

15       Larian incorporates by reference the above-stated general objections as

16  if fully set forth herein.  Larian also specifically objects to this request on the

17  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

18  information not relevant to the subject matter of this lawsuit or reasonably

19  calculated to lead to the discovery of admissible evidence.  Larian also objects to

20  this request on the ground that it is overbroad, unduly burdensome, and oppressive

21  in seeking all documents relating to any work, activities or services that Elise

22  Cloonan performed for or with Larian or MGA or on their behalf, without

23  limitation as to time.  Larian also objects to this request on the grounds that it is

24  vague and ambiguous in that Larian cannot determine what is meant by "activities

25  or services" and "with or on behalf of YOU or MGA."  Larian will interpret

26  "activities or services" to mean "work or services," and "with" to mean "on behalf

27  of."  Larian also objects to this request to the extent it seeks information the

28  disclosure of which would implicate the rights of third parties to protect private,

EXHIBIT 25 PAGE 929     - 73 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  confidential, proprietary or trade secret information. Larian also objects to this

2  request on the grounds that it seeks confidential, proprietary or commercially

3  sensitive information, the disclosure of which would be inimical to the business

4  interests of Larian and one or more third parties. Larian also objects to this request

5  to the extent it calls for the disclosure of attorney-client privileged information or

6  information protected from disclosure by the work-product doctrine, joint defense

7  or common interest privilege, or other privilege. Larian also objects to this request

8  to the extent it seeks documents not within Larian's possession, custody or control.

9        Subject to the foregoing, Larian will produce all documents within his

10 possession, custody, or control that are responsive to the request and that either

11 pertain to services performed prior to January 1, 2001 or pertain to work performed

12 on Bratz or Angel, if any, and that have not already been produced, that he

13 discovers in the course of his reasonable search and diligent inquiry, and to which

14 no privilege or other protection applies, including without limitation, the attorney-

15 client privilege or attorney's work product doctrine.

16 **REQUEST FOR PRODUCTION NO. 69:**

17        All DOCUMENTS RELATING TO any actual, potential, proposed,

18 considered or contemplated work, activities or services, including without

19 limitation any freelance work or consulting services, by Maureen Mullen for, with

20 or on behalf of YOU or MGA.

21 **RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

22        Larian incorporates by reference the above-stated general objections as

23 if fully set forth herein. Larian also specifically objects to this request on the

24 grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

25 information not relevant to the subject matter of this lawsuit or reasonably

26 calculated to lead to the discovery of admissible evidence. Larian also objects to

27 this request on the ground that it is overbroad, unduly burdensome, and oppressive

28 in seeking all documents relating to any work, activities or services that Maureen

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  Mullen performed for or with Larian or MGA or on their behalf, without limitation
2  as to time.  Larian also objects to this request on the grounds that it is vague and
3  ambiguous in that Larian cannot determine what is meant by "activities or services"
4  and "with or on behalf of YOU or MGA."  Larian will interpret "activities or
5  services" to mean "work or services," and "with" to mean "on behalf of."  Larian
6  also objects to this request to the extent it seeks information the disclosure of which
7  would implicate the rights of third parties to protect private, confidential,
8  proprietary or trade secret information.  Larian also objects to this request on the
9  grounds that it seeks confidential, proprietary or commercially sensitive
10  information, the disclosure of which would be inimical to the business interests of
11  Larian and one or more third parties.  Larian also objects to this request to the
12  extent it calls for the disclosure of attorney-client privileged information or
13  information protected from disclosure by the work-product doctrine, joint defense
14  or common interest privilege, or other privilege.  Larian also objects to this request
15  to the extent it seeks documents not within Larian's possession, custody or control.
16          Subject to the foregoing, Larian will produce all documents within his
17  possession, custody, or control that are responsive to the request and that pertain to
18  work performed on Bratz or Angel prior to December 31, 2001, if any, and that
19  have not already been produced, that he discovers in the course of his reasonable
20  search and diligent inquiry, and to which no privilege or other protection applies,
21  including without limitation, the attorney-client privilege or attorney's work
22  product doctrine.

23  **REQUEST FOR PRODUCTION NO. 70:**
24          All DOCUMENTS RELATING TO any actual, potential, proposed,
25  considered or contemplated work, activities or services, including without
26  limitation any freelance work or consulting services, by Billy Ragsdale for, with or
27  on behalf of YOU or MGA.
28

EXHIBIT **25** PAGE **931**

- 75 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   **RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

2           Larian incorporates by reference the above-stated general objections as

3   if fully set forth herein. Larian also specifically objects to this request on the

4   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

5   information not relevant to the subject matter of this lawsuit or reasonably

6   calculated to lead to the discovery of admissible evidence. Larian also objects to

7   this request on the ground that it is overbroad, unduly burdensome, and oppressive

8   in seeking all documents relating to any work, activities or services that Billy

9   Ragsdale performed for or with Larian or MGA or on their behalf, without

10  limitation as to time. Larian also objects to this request on the grounds that it is

11  vague and ambiguous in that Larian cannot determine what is meant by "activities

12  or services" and "with or on behalf of YOU or MGA." Larian will interpret

13  "activities or services" to mean "work or services," and "with" to mean "on behalf

14  of." Larian also objects to this request to the extent it seeks information the

15  disclosure of which would implicate the rights of third parties to protect private,

16  confidential, proprietary or trade secret information. Larian also objects to this

17  request on the grounds that it seeks confidential, proprietary or commercially

18  sensitive information, the disclosure of which would be inimical to the business

19  interests of Larian and one or more third parties. Larian also objects to this request

20  to the extent it calls for the disclosure of attorney-client privileged information or

21  information protected from disclosure by the work-product doctrine, joint defense

22  or common interest privilege, or other privilege. Larian also objects to this request

23  to the extent it seeks documents not within Larian's possession, custody or control.

24          Subject to the foregoing, Larian will produce all documents within his

25  possession, custody, or control that are responsive to the request and that pertain to

26  work performed on Bratz or Angel prior to December 31, 2001, if any, and that

27  have not already been produced, that he discovers in the course of his reasonable

28  search and diligent inquiry, and to which no privilege or other protection applies,

1    including without limitation, the attorney-client privilege or attorney's work

2    product doctrine.

3

4    **REQUEST FOR PRODUCTION NO. 71:**

5            All DOCUMENTS RELATING TO any actual, potential, proposed,

6    considered or contemplated work, activities or services, including without

7    limitation any freelance work or consulting services, by Wendy Ragsdale for, with

8    or on behalf of YOU or MGA.

9    **RESPONSE TO REQUEST FOR PRODUCTION NO. 71:**

10           Larian incorporates by reference the above-stated general objections as

11   if fully set forth herein.  Larian also specifically objects to this request on the

12   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

13   information not relevant to the subject matter of this lawsuit or reasonably

14   calculated to lead to the discovery of admissible evidence.  Larian also objects to

15   this request on the ground that it is overbroad, unduly burdensome, and oppressive

16   in seeking all documents relating to any work, activities or services that Wendy

17   Ragsdale performed for or with Larian or MGA or on their behalf, without

18   limitation as to time.  Larian also objects to this request on the grounds that it is

19   vague and ambiguous in that Larian cannot determine what is meant by "activities

20   or services" and "with or on behalf of YOU or MGA."  Larian will interpret

21   "activities or services" to mean "work or services," and "with" to mean "on behalf

22   of."  Larian also objects to this request to the extent it seeks information the

23   disclosure of which would implicate the rights of third parties to protect private,

24   confidential, proprietary or trade secret information.  Larian also objects to this

25   request on the grounds that it seeks confidential, proprietary or commercially

26   sensitive information, the disclosure of which would be inimical to the business

27   interests of Larian and one or more third parties.  Larian also objects to this request

28   to the extent it calls for the disclosure of attorney-client privileged information or

EXHIBIT __ PAGE 933          - 77 -          LARIAN'S SUPP. RESPONSE TO MATTEL'S
                                             1ST SET OF REQUESTS FOR PRODUCTION
                                             CV 04-9049 SGL (RNBX)

1   information protected from disclosure by the work-product doctrine, joint defense

2   or common interest privilege, or other privilege. Larian also objects to this request

3   to the extent it seeks documents not within Larian's possession, custody or control.

4             Subject to the foregoing, Larian will produce all documents within his

5   possession, custody, or control that are responsive to the request and that pertain to

6   work performed on Bratz or Angel prior to December 31, 2001, if any, and that

7   have not already been produced, that he discovers in the course of his reasonable

8   search and diligent inquiry, and to which no privilege or other protection applies,

9   including without limitation, the attorney-client privilege or attorney's work

10   product doctrine.

11   **REQUEST FOR PRODUCTION NO. 72:**

12             All DOCUMENTS RELATING TO any actual, potential, proposed,

13   considered or contemplated work, activities or services, including without

14   limitation any freelance work or consulting services, by David Dees for, with or on

15   behalf of YOU or MGA.

16   **RESPONSE TO REQUEST FOR PRODUCTION NO. 72:**

17             Larian incorporates by reference the above-stated general objections as

18   if fully set forth herein. Larian also specifically objects to this request on the

19   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

20   information not relevant to the subject matter of this lawsuit or reasonably

21   calculated to lead to the discovery of admissible evidence. Larian also objects to

22   this request on the ground that it is overbroad, unduly burdensome, and oppressive

23   in seeking all documents relating to any work, activities or services that David Dees

24   performed for or with Larian or MGA or on their behalf, without limitation as to

25   time. Larian also objects to this request on the grounds that it is vague and

26   ambiguous in that Larian cannot determine what is meant by "activities or services"

27   and "with or on behalf of YOU or MGA." Larian will interpret "activities or

28   services" to mean "work or services," and "with" to mean "on behalf of." Larian

EXHIBIT    PAGE   934

- 78 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  also objects to this request to the extent it seeks information the disclosure of which

2  would implicate the rights of third parties to protect private, confidential,

3  proprietary or trade secret information. Larian also objects to this request on the

4  grounds that it seeks confidential, proprietary or commercially sensitive

5  information, the disclosure of which would be inimical to the business interests of

6  Larian and one or more third parties. Larian also objects to this request to the

7  extent it calls for the disclosure of attorney-client privileged information or

8  information protected from disclosure by the work-product doctrine, joint defense

9  or common interest privilege, or other privilege. Larian also objects to this request

10  to the extent it seeks documents not within Larian's possession, custody or control.

11  Subject to the foregoing, Larian will produce all documents within his

12  possession, custody, or control that are responsive to the request and that pertain to

13  work performed on Bratz or Angel prior to December 31, 2001, if any, and that

14  have not already been produced, that he discovers in the course of his reasonable

15  search and diligent inquiry, and to which no privilege or other protection applies,

16  including without limitation, the attorney-client privilege or attorney's work

17  product doctrine.

18  **REQUEST FOR PRODUCTION NO. 73:**

19  All DOCUMENTS RELATING TO any actual, potential, proposed,

20  considered or contemplated work, activities or services, including without

21  limitation any freelance work or consulting services, by Steve Linker for, with or on

22  behalf of YOU or MGA.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 73:**

24  Larian incorporates by reference the above-stated general objections as

25  if fully set forth herein. Larian also specifically objects to this request on the

26  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

27  information not relevant to the subject matter of this lawsuit or reasonably

28  calculated to lead to the discovery of admissible evidence. Larian also objects to

EXHIBIT _25_ PAGE _935_          - 79 -          LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  this request on the ground that it is overbroad, unduly burdensome, and oppressive

2  in seeking all documents relating to any work, activities or services that Steve

3  Linker performed for or with Larian or MGA or on their behalf, without limitation

4  as to time.  Larian also objects to this request on the grounds that it is vague and

5  ambiguous in that Larian cannot determine what is meant by "activities or services"

6  and "with or on behalf of YOU or MGA."  Larian will interpret "activities or

7  services" to mean "work or services," and "with" to mean "on behalf of."  Larian

8  also objects to this request to the extent it seeks information the disclosure of which

9  would implicate the rights of third parties to protect private, confidential,

10  proprietary or trade secret information.  Larian also objects to this request on the

11  grounds that it seeks confidential, proprietary or commercially sensitive

12  information, the disclosure of which would be inimical to the business interests of

13  Larian and one or more third parties.  Larian also objects to this request to the

14  extent it calls for the disclosure of attorney-client privileged information or

15  information protected from disclosure by the work-product doctrine, joint defense

16  or common interest privilege, or other privilege.  Larian also objects to this request

17  to the extent it seeks documents not within Larian's possession, custody or control.

18         Subject to the foregoing, Larian will produce all documents within his

19  possession, custody, or control that are responsive to the request and that pertain to

20  work performed on Bratz or Angel prior to December 31, 2001, if any, and that

21  have not already been produced, that he discovers in the course of his reasonable

22  search and diligent inquiry, and to which no privilege or other protection applies,

23  including without limitation, the attorney-client privilege or attorney's work

24  product doctrine.

25  **REQUEST FOR PRODUCTION NO. 15:**

26         All DOCUMENTS RELATING TO Steve Linker and RELATING TO

27  any time prior to December 31, 2001 (regardless of when such document was

28  prepared, written, transmitted or received, whether in whole or in part).

EXHIBIT 25  PAGE 936

- 80 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)