**RESPONSE TO REQUEST FOR PRODUCTION NO. 74:**

Larian incorporates by reference the above-stated general objections as if fully set forth herein. Larian also specifically objects to this request on the grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence. Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties. Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege. Larian also objects to this request to the extent it seeks documents not within Larian's possession, custody or control.

Subject to the foregoing, Larian will produce all documents within his possession, custody, or control that are responsive to the request and that pertain to work performed on Bratz or Angel prior to December 31, 2001, if any, and that have not already been produced, that he discovers in the course of his reasonable search and diligent inquiry, and to which no privilege or other protection applies, including without limitation, the attorney-client privilege or attorney's work product doctrine.

**REQUEST FOR PRODUCTION NO. 75:**

All DOCUMENTS RELATING TO any actual, potential, proposed, considered or contemplated work, activities or services, including without limitation any freelance work or consulting services, by Liz Hogan for, with or on behalf of YOU or MGA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 75:**

Larian incorporates by reference the above-stated general objections as if fully set forth herein. Larian also specifically objects to this request on the

EXHIBIT __25__ PAGE __937__      - 81 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

2   information not relevant to the subject matter of this lawsuit or reasonably

3   calculated to lead to the discovery of admissible evidence. Larian also objects to

4   this request on the ground that it is overbroad, unduly burdensome, and oppressive

5   in seeking all documents relating to any work, activities or services that Liz Hogan

6   performed for or with Larian or MGA or on their behalf, without limitation as to

7   time. Larian also objects to this request on the grounds that it is vague and

8   ambiguous in that Larian cannot determine what is meant by "activities or services"

9   and "with or on behalf of YOU or MGA." Larian will interpret "activities or

10  services" to mean "work or services," and "with" to mean "on behalf of." Larian

11  also objects to this request to the extent it seeks information the disclosure of which

12  would implicate the rights of third parties to protect private, confidential,

13  proprietary or trade secret information. Larian also objects to this request on the

14  grounds that it seeks confidential, proprietary or commercially sensitive

15  information, the disclosure of which would be inimical to the business interests of

16  Larian and one or more third parties. Larian also objects to this request to the

17  extent it calls for the disclosure of attorney-client privileged information or

18  information protected from disclosure by the work-product doctrine, joint defense

19  or common interest privilege, or other privilege. Larian also objects to this request

20  to the extent it seeks documents not within Larian's possession, custody or control.

21       Subject to the foregoing, Larian will produce all documents within his

22  possession, custody, or control that are responsive to the request and that pertain to

23  work performed on Bratz or Angel prior to December 31, 2001, if any, and that

24  have not already been produced, that he discovers in the course of his reasonable

25  search and diligent inquiry, and to which no privilege or other protection applies,

26  including without limitation, the attorney-client privilege or attorney's work

27  product doctrine.

28

EXHIBIT _25_ PAGE _938_   - 82 -   LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

**REQUEST FOR PRODUCTION NO. 76:**

1    
2    All DOCUMENTS RELATING TO any actual, potential, proposed,
3    considered or contemplated work, activities or services, including without
4    limitation any freelance work or consulting services, by Amy Meyers for, with or
5    on behalf of YOU or MGA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 76:**

7    Larian incorporates by reference the above-stated general objections as
8    if fully set forth herein. Larian also specifically objects to this request on the
9    grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks
10   information not relevant to the subject matter of this lawsuit or reasonably
11   calculated to lead to the discovery of admissible evidence. Larian also objects to
12   this request on the ground that it is overbroad, unduly burdensome, and oppressive
13   in seeking all documents relating to any work, activities or services that Amy
14   Meyers performed for or with Larian or MGA or on their behalf, without limitation
15   as to time. Larian also objects to this request on the grounds that it is vague and
16   ambiguous in that Larian cannot determine what is meant by "activities or services"
17   and "with or on behalf of YOU or MGA." Larian will interpret "activities or
18   services" to mean "work or services," and "with" to mean "on behalf of." Larian
19   also objects to this request to the extent it seeks information the disclosure of which
20   would implicate the rights of third parties to protect private, confidential,
21   proprietary or trade secret information. Larian also objects to this request on the
22   grounds that it seeks confidential, proprietary or commercially sensitive
23   information, the disclosure of which would be inimical to the business interests of
24   Larian and one or more third parties. Larian also objects to this request to the
25   extent it calls for the disclosure of attorney-client privileged information or
26   information protected from disclosure by the work-product doctrine, joint defense
27   or common interest privilege, or other privilege. Larian also objects to this request
28   to the extent it seeks documents not within Larian's possession, custody or control.

EXHIBIT _____ 25 PAGE 939    - 83 -

1    Subject to the foregoing, Larian will produce all documents within his

2    possession, custody, or control that are responsive to the request and that pertain to

3    work performed on Bratz or Angel prior to December 31, 2001, if any, and that

4    have not already been produced, that he discovers in the course of his reasonable

5    search and diligent inquiry, and to which no privilege or other protection applies,

6    including without limitation, the attorney-client privilege or attorney's work

7    product doctrine.

8    **REQUEST FOR PRODUCTION NO. 77:**

9    To the extent not covered by other Requests, all DOCUMENTS

10   RELATING TO any actual, potential, proposed, considered or contemplated work,

11   activities or services, including without limitation any freelance work or consulting

12   services, by any PERSON RELATING TO BRATZ prior to December 31, 2001.

13   **RESPONSE TO REQUEST FOR PRODUCTION NO. 77:**

14   Larian incorporates by reference the above-stated general objections as

15   if fully set forth herein.  Larian also specifically objects to this request on the

16   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

17   information not relevant to the subject matter of this lawsuit or reasonably

18   calculated to lead to the discovery of admissible evidence.  Larian also objects to

19   this request on the ground that it is overbroad, unduly burdensome, and oppressive

20   in seeking all documents relating to any work, activities or services relating to Bratz

21   that any person performed.  Larian also objects to this request on the grounds that it

22   is vague and ambiguous in that Larian cannot determine what is meant by

23   "activities or services."  Larian will interpret "activities or services" to mean "work

24   or services."  Larian also objects to this request to the extent it seeks information

25   the disclosure of which would implicate the rights of third parties to protect private,

26   confidential, proprietary or trade secret information.  Larian also objects to this

27   request on the grounds that it seeks confidential, proprietary or commercially

28   sensitive information, the disclosure of which would be inimical to the business

EXHIBIT 25   PAGE 940   - 84 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  interests of Larian and one or more third parties.  Larian also objects to this request

2  to the extent it calls for the disclosure of attorney-client privileged information or

3  information protected from disclosure by the work-product doctrine, joint defense

4  or common interest privilege, or other privilege.  Larian also objects to this request

5  to the extent it seeks documents not within Larian's possession, custody or control.

6         Subject to the foregoing, Larian will produce all documents within his

7  possession, custody, or control that are responsive to the request, if any, and that

8  have not already been produced, that he discovers in the course of his reasonable

9  search and diligent inquiry, and to which no privilege or other protection applies,

10 including without limitation, the attorney-client privilege or attorney's work

11 product doctrine.

12 **REQUEST FOR PRODUCTION NO. 78:**

13         To the extent not covered by other Requests, all DOCUMENTS

14 RELATING TO any actual, potential, proposed, considered or contemplated work,

15 activities or services, including without limitation any freelance work or consulting

16 services, by any PERSON RELATING TO ANGEL prior to December 31, 2001.

17 **RESPONSE TO REQUEST FOR PRODUCTION NO. 78:**

18         Larian incorporates by reference the above-stated general objections as

19 if fully set forth herein.  Larian also specifically objects to this request on the

20 grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

21 information not relevant to the subject matter of this lawsuit or reasonably

22 calculated to lead to the discovery of admissible evidence.  Larian also objects to

23 this request on the ground that it is overbroad, unduly burdensome, and oppressive

24 in seeking all documents relating to any work, activities or services relating to

25 Angel that any person performed.  Larian also objects to this request on the grounds

26 that it is vague and ambiguous in that Larian cannot determine what is meant by

27 "activities or services."  Larian will interpret "activities or services" to mean "work

28 or services."  Larian also objects to this request to the extent it seeks information

EXHIBIT __2F__ PAGE __941__      - 85 -      LARIAN'S SUPP. RESPONSE TO MATTEL'S
                                             1ST SET OF REQUESTS FOR PRODUCTION
                                             CV 04-9049 SGL (RNBX)

1   the disclosure of which would implicate the rights of third parties to protect private,

2   confidential, proprietary or trade secret information.  Larian also objects to this

3   request on the grounds that it seeks confidential, proprietary or commercially

4   sensitive information, the disclosure of which would be inimical to the business

5   interests of Larian and one or more third parties.  Larian also objects to this request

6   to the extent it calls for the disclosure of attorney-client privileged information or

7   information protected from disclosure by the work-product doctrine, joint defense

8   or common interest privilege, or other privilege.  Larian also objects to this request

9   to the extent it seeks documents not within Larian's possession, custody or control.

10        Subject to the foregoing, Larian will produce all documents within his

11   possession, custody, or control that are responsive to the request, if any, and that

12   have not already been produced, that he discovers in the course of his reasonable

13   search and diligent inquiry, and to which no privilege or other protection applies,

14   including without limitation, the attorney-client privilege or attorney's work

15   product doctrine.

16 **REQUEST FOR PRODUCTION NO. 79:**

17        All DOCUMENTS RELATING TO any focus groups RELATING TO

18   BRATZ and/or ANGEL, including without limitation all videotapes, summaries,

19   notes and reports associated therewith.

20 **RESPONSE TO REQUEST FOR PRODUCTION NO. 79:**

21        Larian incorporates by reference the above-stated general objections as

22   if fully set forth herein.  Larian also specifically objects to this request on the

23   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

24   information not relevant to the subject matter of this lawsuit or reasonably

25   calculated to lead to the discovery of admissible evidence.  Larian also objects to

26   this request on the grounds that it seeks confidential, proprietary or commercially

27   sensitive information, the disclosure of which would be inimical to the business

28   interests of Larian and one or more third parties.  Larian also objects to this request

EXHIBIT 9C PAGE 942    - 86 -    LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1 to the extent it calls for the disclosure of attorney-client privileged information or

2 information protected from disclosure by the work-product doctrine, joint defense

3 or common interest privilege, or other privilege. Larian also objects to this request

4 to the extent it seeks information the disclosure of which would implicate the rights

5 of third parties to protect private, confidential, proprietary or trade secret

6 information. Larian also objects to this request to the extent it seeks documents not

7 within Larian's possession, custody or control.

8 Subject to the foregoing, Larian will produce all documents within his

9 possession, custody, or control that relate to focus groups for "MGA contested

10 products" and "Mattel contested products", as those terms are defined in Mattel's

11 First Requests for Production regarding Claims of Unfair Competition, if any, and

12 that have not already been produced, that he discovers in the course of his

13 reasonable search and diligent inquiry, and to which no privilege or other protection

14 applies, including without limitation, the attorney-client privilege or attorney's

15 work product doctrine.

16 **REQUEST FOR PRODUCTION NO. 80:**

17 All DOCUMENTS RELATING TO any services or work performed

18 by L.A. Focus between January 1, 1999 and December 31, 2001, including without

19 limitation all videotapes, summaries, notes and reports associated therewith.

20 **RESPONSE TO REQUEST FOR PRODUCTION NO. 80:**

21 Larian incorporates by reference the above-stated general objections as

22 if fully set forth herein. Larian also specifically objects to this request on the

23 grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

24 information not relevant to the subject matter of this lawsuit or reasonably

25 calculated to lead to the discovery of admissible evidence. Larian also objects to

26 this request on the ground that it is overbroad, unduly burdensome, and oppressive

27 in seeking all documents relating to any services or work that L.A. Focus

28 performed, regardless of the individuals or companies for whom those services

EXHIBIT 25 PAGE 943    - 87 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  were performed.  Larian also objects to this request to the extent it seeks

2  information the disclosure of which would implicate the rights of third parties to

3  protect private, confidential, proprietary or trade secret information.  Larian also

4  objects to this request on the grounds that it seeks confidential, proprietary or

5  commercially sensitive information, the disclosure of which would be inimical to

6  the business interests of Larian and one or more third parties.  Larian also objects to

7  this request to the extent it calls for the disclosure of attorney-client privileged

8  information or information protected from disclosure by the work-product doctrine,

9  joint defense or common interest privilege, or other privilege.  Larian also objects

10  to this request to the extent it seeks documents not within Larian's possession,

11  custody or control.

12          Subject to the foregoing, Larian will produce all documents relating or

13  referring to Bratz or Angel within his possession, custody, or control that are

14  responsive to the request, if any, and that have not already been produced, that he

15  discovers in the course of his reasonable search and diligent inquiry, and to which

16  no privilege or other protection applies, including without limitation, the attorney-

17  client privilege or attorney's work product doctrine.

18  **REQUEST FOR PRODUCTION NO. 81:**

19          All DOCUMENTS RELATING TO Alaska Momma.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 81:**

21          Larian incorporates by reference the above-stated general objections as

22  if fully set forth herein.  Larian also specifically objects to this request on the

23  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

24  information not relevant to the subject matter of this lawsuit or reasonably

25  calculated to lead to the discovery of admissible evidence.  Larian also objects to

26  this request on the ground that it is overbroad, unduly burdensome, and oppressive

27  in seeking all documents relating to Alaska Momma, without limitation as to

28  subject matter or time.  Larian also objects to this request to the extent it seeks

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  information the disclosure of which would implicate the rights of third parties to

2  protect private, confidential, proprietary or trade secret information.  Larian also

3  objects to this request on the grounds that it seeks confidential, proprietary or

4  commercially sensitive information, the disclosure of which would be inimical to

5  the business interests of Larian and one or more third parties.  Larian also objects to

6  this request to the extent it calls for the disclosure of attorney-client privileged

7  information or information protected from disclosure by the work-product doctrine,

8  joint defense or common interest privilege, or other privilege.  Larian also objects

9  to this request to the extent it seeks documents not within Larian's possession,

10  custody or control.

11          Subject to the foregoing, Larian will produce all documents relating or

12  referring to Bratz, Angel, or Bryant within his possession, custody, or control that

13  are responsive to the request, if any, and that have not already been produced, that

14  he discovers in the course of his reasonable search and diligent inquiry, and to

15  which no privilege or other protection applies, including without limitation, the

16  attorney-client privilege or attorney's work product doctrine.

17  **REQUEST FOR PRODUCTION NO. 82:**

18          All DOCUMENTS RELATING TO any actual, potential, proposed,

19  considered or contemplated agreement or contract between YOU or MGA and

20  Anna Rhee, including without limitation all drafts thereof and amendments,

21  modifications and revisions thereto, and all COMMUNICATIONS relating thereto.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 82:**

23          Larian incorporates by reference the above-stated general objections as

24  if fully set forth herein. Larian also specifically objects to this request on the

25  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

26  information not relevant to the subject matter of this lawsuit or reasonably

27  calculated to lead to the discovery of admissible evidence.  Larian also objects to

28  this request on the grounds that it is overbroad, unlimited as to time, and unduly

1   burdensome and oppressive.  Larian also objects to this request on the grounds that

2   it seeks information in violation of the right of privacy.  Larian also objects to this

3   request on the grounds that it seeks confidential, proprietary or commercially

4   sensitive information, the disclosure of which would be inimical to the business

5   interests of Larian and one or more third parties.  Larian also objects to this request

6   to the extent it calls for the disclosure of attorney-client privileged information or

7   information protected from disclosure by the work-product doctrine, joint defense

8   or common interest privilege, or other privilege.  Larian also objects to this request

9   to the extent it seeks documents not within Larian's possession, custody or control.

10          Subject to the foregoing, Larian will produce all documents pertaining

11  to work performed prior to January 1, 2001 and all documents pertaining to work

12  related to Bratz or Angel performed prior to December 31, 2001 within his

13  possession, custody, or control that are responsive to the request, if any, and that

14  have not already been produced, that he discovers in the course of his reasonable

15  search and diligent inquiry, and to which no privilege or other protection applies,

16  including without limitation, the attorney-client privilege or attorney's work

17  product doctrine.

18  **REQUEST FOR PRODUCTION NO. 83:**

19          All DOCUMENTS RELATING TO any payments of money or the

20  transfer of anything of value to Anna Rhee or her FAMILY MEMBERS.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 83:**

22          Larian incorporates by reference the above-stated general objections as

23  if fully set forth herein. Larian also specifically objects to this request on the

24  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

25  information not relevant to the subject matter of this lawsuit or reasonably

26  calculated to lead to the discovery of admissible evidence.  Larian also objects to

27  this request on the grounds that it is overbroad, unlimited as to time, and unduly

28  burdensome and oppressive. Larian also objects to this request on the grounds that

EXHIBIT __95__ PAGE __946__          - 90 -          LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   it seeks information in violation of the right of privacy.  Larian also objects to this

2   request on the grounds that it seeks confidential, proprietary or commercially

3   sensitive information, the disclosure of which would be inimical to the business

4   interests of Larian and one or more third parties.  Larian also objects to this request

5   to the extent it calls for the disclosure of attorney-client privileged information or

6   information protected from disclosure by the work-product doctrine, joint defense

7   or common interest privilege, or other privilege.  Larian also objects to this request

8   to the extent it seeks documents not within Larian's possession, custody or control.

9          Subject to the foregoing, Larian will produce all documents pertaining

10  to work performed prior to January 1, 2001 and all documents pertaining to work

11  related to Bratz or Angel performed prior to December 31, 2001 within his

12  possession, custody, or control that are responsive to the request, if any, and that

13  have not already been produced, that he discovers in the course of his reasonable

14  search and diligent inquiry, and to which no privilege or other protection applies,

15  including without limitation, the attorney-client privilege or attorney's work

16  product doctrine.

17  **REQUEST FOR PRODUCTION NO. 16:**

18         All DOCUMENTS RELATING TO any actual, potential, proposed,

19  considered or contemplated agreement or contract between YOU or MGA and

20  Veronica Marlow or her FAMILY MEMBERS, including without limitation all

21  drafts thereof and amendments, modifications and revisions thereto, and all

22  COMMUNICATIONS relating thereto.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 84:**

24         Larian incorporates by reference the above-stated general objections as

25  if fully set forth herein. Larian also specifically objects to this request on the

26  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

27  information not relevant to the subject matter of this lawsuit or reasonably

28  calculated to lead to the discovery of admissible evidence.  Larian also objects to

EXHIBIT __85__   PAGE __947__        - 91 -        LARIAN'S SUPP. RESPONSE TO MATTEL'S
                                                   1ST SET OF REQUESTS FOR PRODUCTION
                                                   CV 04-9049 SGL (RNBX)

1   this request on the grounds that it is overbroad, unlimited as to time, and unduly

2   burdensome and oppressive. Larian also objects to this request on the grounds that

3   it seeks information in violation of the right of privacy. Larian also objects to this

4   request on the grounds that it seeks confidential, proprietary or commercially

5   sensitive information, the disclosure of which would be inimical to the business

6   interests of Larian and one or more third parties. Larian also objects to this request

7   to the extent it calls for the disclosure of attorney-client privileged information or

8   information protected from disclosure by the work-product doctrine, joint defense

9   or common interest privilege, or other privilege. Larian also objects to this request

10  to the extent it seeks documents not within Larian's possession, custody or control.

11          Subject to the foregoing, Larian will produce all documents pertaining

12  to work performed prior to January 1, 2001 and all documents pertaining to work

13  related to Bratz or Angel performed prior to December 31, 2001 within his

14  possession, custody, or control that are responsive to the request, if any, and that

15  have not already been produced, that he discovers in the course of his reasonable

16  search and diligent inquiry, and to which no privilege or other protection applies,

17  including without limitation, the attorney-client privilege or attorney's work

18  product doctrine.

19  **REQUEST FOR PRODUCTION NO. 85:**

20          All DOCUMENTS RELATING TO any payments of money or the

21  transfer of anything of value to Veronica Marlow or her FAMILY MEMBERS.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 85:**

23          Larian incorporates by reference the above-stated general objections as

24  if fully set forth herein. Larian also specifically objects to this request on the

25  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

26  information not relevant to the subject matter of this lawsuit or reasonably

27  calculated to lead to the discovery of admissible evidence. Larian also objects to

28  this request on the grounds that it is overbroad, unlimited as to time, and unduly

EXHIBIT 25 PAGE 948          - 92 -          LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   burdensome and oppressive. Larian also objects to this request on the grounds that

2   it seeks information in violation of the right of privacy. Larian also objects to this

3   request on the grounds that it seeks confidential, proprietary or commercially

4   sensitive information, the disclosure of which would be inimical to the business

5   interests of Larian and one or more third parties. Larian also objects to this request

6   to the extent it calls for the disclosure of attorney-client privileged information or

7   information protected from disclosure by the work-product doctrine, joint defense

8   or common interest privilege, or other privilege. Larian also objects to this request

9   to the extent it seeks documents not within Larian's possession, custody or control.

10          Subject to the foregoing, Larian will produce all documents pertaining

11   to work performed prior to January 1, 2001 and all documents pertaining to work

12   related to Bratz or Angel performed prior to December 31, 2001 within his

13   possession, custody, or control that are responsive to the request, if any, and that

14   have not already been produced, that he discovers in the course of his reasonable

15   search and diligent inquiry, and to which no privilege or other protection applies,

16   including without limitation, the attorney-client privilege or attorney's work

17   product doctrine.

18   **REQUEST FOR PRODUCTION NO. 86:**

19          All DOCUMENTS RELATING TO any actual, potential, proposed,

20   considered or contemplated agreement or contract between YOU or MGA and

21   Margaret Hatch (also known as Margaret Leahy and/or Margaret Hatch-Leahy) or

22   her FAMILY MEMBERS, including without limitation all drafts thereof and

23   amendments, modifications and revisions thereto, and all COMMUNICATIONS

24   relating thereto.

25   **RESPONSE TO REQUEST FOR PRODUCTION NO. 86:**

26          Larian incorporates by reference the above-stated general objections as

27   if fully set forth herein. Larian also specifically objects to this request on the

28   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

1  information not relevant to the subject matter of this lawsuit or reasonably

2  calculated to lead to the discovery of admissible evidence.  Larian also objects to

3  this request on the grounds that it seeks information in violation of the right of

4  privacy.  Larian also objects to this request on the grounds that it is overbroad,

5  unlimited as to time, and unduly burdensome and oppressive.  Larian also objects to

6  this request on the grounds that it seeks confidential, proprietary or commercially

7  sensitive information, the disclosure of which would be inimical to the business

8  interests of Larian and one or more third parties.  Larian also objects to this request

9  to the extent it calls for the disclosure of attorney-client privileged information or

10  information protected from disclosure by the work-product doctrine, joint defense

11  or common interest privilege, or other privilege.  Larian also objects to this request

12  to the extent it seeks documents not within Larian's possession, custody or control.

13         Subject to the foregoing, Larian will produce all documents pertaining

14  to work performed prior to January 1, 2001 and all documents pertaining to work

15  related to Bratz or Angel performed prior to December 31, 2001 within his

16  possession, custody, or control that are responsive to the request, if any, and that

17  have not already been produced, that he discovers in the course of his reasonable

18  search and diligent inquiry, and to which no privilege or other protection applies,

19  including without limitation, the attorney-client privilege or attorney's work

20  product doctrine.

21  **REQUEST FOR PRODUCTION NO. 87:**

22         All DOCUMENTS RELATING TO any payments of money or the

23  transfer of anything of value to Margaret Hatch (also known as Margaret Leahy

24  and/or Margaret Hatch-Leahy) or her FAMILY MEMBERS.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 87:**

26         Larian incorporates by reference the above-stated general objections as

27  if fully set forth herein.  Larian also specifically objects to this request on the

28  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

EXHIBIT __15__ PAGE __950__     - 94 -     LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  information not relevant to the subject matter of this lawsuit or reasonably

2  calculated to lead to the discovery of admissible evidence. Larian also objects to

3  this request on the grounds that it is overbroad, unlimited as to time, and unduly

4  burdensome and oppressive. Larian also objects to this request on the grounds that

5  it seeks information in violation of the right of privacy. Larian also objects to this

6  request on the grounds that it seeks confidential, proprietary or commercially

7  sensitive information, the disclosure of which would be inimical to the business

8  interests of Larian and one or more third parties. Larian also objects to this request

9  to the extent it calls for the disclosure of attorney-client privileged information or

10  information protected from disclosure by the work-product doctrine, joint defense

11  or common interest privilege, or other privilege. Larian also objects to this request

12  to the extent it seeks documents not within Larian's possession, custody or control.

13       Subject to the foregoing, Larian will produce all documents pertaining

14  to work performed prior to January 1, 2001 and all documents pertaining to work

15  related to Bratz or Angel performed prior to December 31, 2001 within his

16  possession, custody, or control that are responsive to the request, if any, and that

17  have not already been produced, that he discovers in the course of his reasonable

18  search and diligent inquiry, and to which no privilege or other protection applies,

19  including without limitation, the attorney-client privilege or attorney's work

20  product doctrine.

21  **REQUEST FOR PRODUCTION NO. 88:**

22       All DOCUMENTS RELATING TO any actual, potential, proposed,

23  considered or contemplated agreement or contract between YOU or MGA and

24  Sarah Halpern or her FAMILY MEMBERS, including without limitation all drafts

25  thereof and amendments, modifications and revisions thereto, and all

26  COMMUNICATIONS relating thereto.

27  **RESPONSE TO REQUEST FOR PRODUCTION NO. 88:**

28       Larian incorporates by reference the above-stated general objections as

EXHIBIT 25   PAGE 951   - 95 -   LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   if fully set forth herein.  Larian also specifically objects to this request on the

2   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

3   information not relevant to the subject matter of this lawsuit or reasonably

4   calculated to lead to the discovery of admissible evidence.  Larian also objects to

5   this request on the grounds that it seeks information in violation of the right of

6   privacy.  Larian also objects to this request on the grounds that it is overbroad,

7   unlimited as to time, and unduly burdensome and oppressive.  Larian also objects to

8   this request on the grounds that it seeks confidential, proprietary or commercially

9   sensitive information, the disclosure of which would be inimical to the business

10  interests of Larian and one or more third parties.  Larian also objects to this request

11  to the extent it calls for the disclosure of attorney-client privileged information or

12  information protected from disclosure by the work-product doctrine, joint defense

13  or common interest privilege, or other privilege.  Larian also objects to this request

14  to the extent it seeks documents not within Larian's possession, custody or control.

15          Subject to the foregoing, Larian will produce all documents pertaining

16  to work performed prior to January 1, 2001 and all documents pertaining to work

17  related to Bratz or Angel performed prior to December 31, 2001 within his

18  possession, custody, or control that are responsive to the request, if any, and that

19  have not already been produced, that he discovers in the course of his reasonable

20  search and diligent inquiry, and to which no privilege or other protection applies,

21  including without limitation, the attorney-client privilege or attorney's work

22  product doctrine.

23  **REQUEST FOR PRODUCTION NO. 89:**

24          All DOCUMENTS RELATING TO any payments of money or the

25  transfer of anything of value to Sarah Halpern or her FAMILY MEMBERS.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 89:**

27          Larian incorporates by reference the above-stated general objections as

28  if fully set forth herein. Larian also specifically objects to this request on the

EXHIBIT 25 PAGE 952

- 96 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

2  information not relevant to the subject matter of this lawsuit or reasonably

3  calculated to lead to the discovery of admissible evidence.  Larian also objects to

4  this request on the grounds that it is overbroad, unlimited as to time, and unduly

5  burdensome and oppressive.  Larian also objects to this request on the grounds that

6  it seeks information in violation of the right of privacy.  Larian also objects to this

7  request on the grounds that it seeks confidential, proprietary or commercially

8  sensitive information, the disclosure of which would be inimical to the business

9  interests of Larian and one or more third parties.  Larian also objects to this request

10 to the extent it calls for the disclosure of attorney-client privileged information or

11 information protected from disclosure by the work-product doctrine, joint defense

12 or common interest privilege, or other privilege.  Larian also objects to this request

13 to the extent it seeks documents not within Larian's possession, custody or control.

14         Subject to the foregoing, Larian will produce all documents pertaining

15 to work performed prior to January 1, 2001 and all documents pertaining to work

16 related to Bratz or Angel performed prior to December 31, 2001 within his

17 possession, custody, or control that are responsive to the request, if any, and that

18 have not already been produced, that he discovers in the course of his reasonable

19 search and diligent inquiry, and to which no privilege or other protection applies,

20 including without limitation, the attorney-client privilege or attorney's work

21 product doctrine.

22 **REQUEST FOR PRODUCTION NO. 90:**

23         All DOCUMENTS RELATING TO any actual, potential, proposed,

24 considered or contemplated agreement or contract between YOU or MGA and Jesse

25 Ramirez or his FAMILY MEMBERS, including without limitation all drafts

26 thereof and amendments, modifications and revisions thereto, and all

27 COMMUNICATIONS relating thereto.

28

EXHIBIT __%__ PAGE __953__          - 97 -          LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 90:**

2          Larian incorporates by reference the above-stated general objections as

3  if fully set forth herein.  Larian also specifically objects to this request on the

4  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

5  information not relevant to the subject matter of this lawsuit or reasonably

6  calculated to lead to the discovery of admissible evidence.  Larian also objects to

7  this request on the grounds that it seeks information in violation of the right of

8  privacy.  Larian also objects to this request on the grounds that it is overbroad,

9  unlimited as to time, and unduly burdensome and oppressive.  Larian also objects to

10  this request on the grounds that it seeks confidential, proprietary or commercially

11  sensitive information, the disclosure of which would be inimical to the business

12  interests of Larian and one or more third parties.  Larian also objects to this request

13  to the extent it calls for the disclosure of attorney-client privileged information or

14  information protected from disclosure by the work-product doctrine, joint defense

15  or common interest privilege, or other privilege.  Larian also objects to this request

16  to the extent it seeks documents not within Larian's possession, custody or control.

17          Subject to the foregoing, Larian will produce all documents pertaining

18  to work performed prior to January 1, 2001 and all documents pertaining to work

19  related to Bratz or Angel performed prior to December 31, 2001 within his

20  possession, custody, or control that are responsive to the request, if any, and that

21  have not already been produced, that he discovers in the course of his reasonable

22  search and diligent inquiry, and to which no privilege or other protection applies,

23  including without limitation, the attorney-client privilege or attorney's work

24  product doctrine.

25  **REQUEST FOR PRODUCTION NO. 91:**

26          All DOCUMENTS RELATING TO any actual, potential, proposed,

27  considered or contemplated agreement or contract between YOU or MGA and Elise

28  Cloonan or her FAMILY MEMBERS, including without limitation all drafts

1  thereof and amendments, modifications and revisions thereto, and all

2  COMMUNICATIONS relating thereto.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 91:**

4      Larian incorporates by reference the above-stated general objections as

5  if fully set forth herein.  Larian also specifically objects to this request on the

6  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

7  information not relevant to the subject matter of this lawsuit or reasonably

8  calculated to lead to the discovery of admissible evidence.  Larian also objects to

9  this request on the grounds that it seeks information in violation of the right of

10  privacy.  Larian also objects to this request on the grounds that it is overbroad,

11  unlimited as to time, and unduly burdensome and oppressive.  Larian also objects to

12  this request on the grounds that it seeks confidential, proprietary or commercially

13  sensitive information, the disclosure of which would be inimical to the business

14  interests of Larian and one or more third parties.  Larian also objects to this request

15  to the extent it calls for the disclosure of attorney-client privileged information or

16  information protected from disclosure by the work-product doctrine, joint defense

17  or common interest privilege, or other privilege.  Larian also objects to this request

18  to the extent it seeks documents not within Larian's possession, custody or control.

19      Subject to the foregoing, Larian will produce all documents pertaining

20  to work performed prior to January 1, 2001 and all documents pertaining to work

21  related to Bratz or Angel performed prior to December 31, 2001 within his

22  possession, custody, or control that are responsive to the request, if any, and that

23  have not already been produced, that he discovers in the course of his reasonable

24  search and diligent inquiry, and to which no privilege or other protection applies,

25  including without limitation, the attorney-client privilege or attorney's work

26  product doctrine.

27  **REQUEST FOR PRODUCTION NO. 92:**

28      All DOCUMENTS RELATING TO any payments of money or the

EXHIBIT _25_ PAGE _955_    - 99 -    LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  transfer of anything of value to Elise Cloonan or her FAMILY MEMBERS.

2  **RESPONSE TO REQUEST FOR PRODUCTION NO. 92:**

3        Larian incorporates by reference the above-stated general objections as

4  if fully set forth herein.  Larian also specifically objects to this request on the

5  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

6  information not relevant to the subject matter of this lawsuit or reasonably

7  calculated to lead to the discovery of admissible evidence.  Larian also objects to

8  this request on the grounds that it is overbroad, unlimited as to time, and unduly

9  burdensome and oppressive.  Larian also objects to this request on the grounds that

10  it seeks information in violation of the right of privacy.  Larian also objects to this

11  request on the grounds that it seeks confidential, proprietary or commercially

12  sensitive information, the disclosure of which would be inimical to the business

13  interests of Larian and one or more third parties.  Larian also objects to this request

14  to the extent it calls for the disclosure of attorney-client privileged information or

15  information protected from disclosure by the work-product doctrine, joint defense

16  or common interest privilege, or other privilege.  Larian also objects to this request

17  to the extent it seeks documents not within Larian's possession, custody or control.

18        Subject to the foregoing, Larian will produce all documents pertaining

19  to work performed prior to January 1, 2001 and all documents pertaining to work

20  related to Bratz or Angel performed prior to December 31, 2001 within his

21  possession, custody, or control that are responsive to the request, if any, and that

22  have not already been produced, that he discovers in the course of his reasonable

23  search and diligent inquiry, and to which no privilege or other protection applies,

24  including without limitation, the attorney-client privilege or attorney's work

25  product doctrine.

26  **REQUEST FOR PRODUCTION NO. 93:**

27        All DOCUMENTS RELATING TO any actual, potential, proposed,

28  considered or contemplated agreement or contract between YOU or MGA and

EXHIBIT 25 PAGE 956    - 100 -    LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  Stephen Lee or his FAMILY MEMBERS at any time after January 1, 2003,

2  including without limitation all drafts thereof and amendments, modifications and

3  revisions thereto, and all COMMUNICATIONS relating thereto.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 93:**

5  Larian incorporates by reference the above-stated general objections as

6  if fully set forth herein.  Larian also specifically objects to this request on the

7  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

8  information not relevant to the subject matter of this lawsuit or reasonably

9  calculated to lead to the discovery of admissible evidence.  Larian also objects to

10  this request on the grounds that it seeks information in violation of the right of

11  privacy.  Larian also objects to this request on the grounds that it seeks confidential,

12  proprietary or commercially sensitive information, the disclosure of which would

13  be inimical to the business interests of Larian and one or more third parties.  Larian

14  also objects to this request to the extent it calls for the disclosure of attorney-client

15  privileged information or information protected from disclosure by the work-

16  product doctrine, joint defense or common interest privilege, or other privilege.

17  Larian also objects to this request to the extent it seeks documents not within

18  Larian's possession, custody or control.

19  Subject to the foregoing, Larian will produce all agreements or

20  contracts presently in effect within his possession, custody, or control that are

21  responsive to the request, if any, and that have not already been produced, that he

22  discovers in the course of his reasonable search and diligent inquiry, and to which

23  no privilege or other protection applies, including without limitation, the attorney-

24  client privilege or attorney's work product doctrine.

25  **REQUEST FOR PRODUCTION NO. 94:**

26  All DOCUMENTS RELATING TO any actual, potential, proposed,

27  considered or contemplated agreement or contract between YOU or MGA and

28  David Dees or his FAMILY MEMBERS, including without limitation all drafts

EXHIBIT __25__ PAGE __957__  - 101 -   LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1 | thereof and amendments, modifications and revisions thereto, and all
2 | COMMUNICATIONS relating thereto.

3 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 94:**

4 |     Larian incorporates by reference the above-stated general objections as
5 | if fully set forth herein.  Larian also specifically objects to this request on the
6 | grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks
7 | information not relevant to the subject matter of this lawsuit or reasonably
8 | calculated to lead to the discovery of admissible evidence.  Larian also objects to
9 | this request on the grounds that it seeks information in violation of the right of
10 | privacy.  Larian also objects to this request on the grounds that it is overbroad,
11 | unlimited as to time, and unduly burdensome and oppressive.  Larian also objects to
12 | this request on the grounds that it seeks confidential, proprietary or commercially
13 | sensitive information, the disclosure of which would be inimical to the business
14 | interests of Larian and one or more third parties.  Larian also objects to this request
15 | to the extent it calls for the disclosure of attorney-client privileged information or
16 | information protected from disclosure by the work-product doctrine, joint defense
17 | or common interest privilege, or other privilege.  Larian also objects to this request
18 | to the extent it seeks documents not within Larian's possession, custody or control.

19 |     Subject to the foregoing, Larian will produce all documents pertaining
20 | to work performed prior to January 1, 2001 and all documents pertaining to work
21 | related to Bratz or Angel performed prior to December 31, 2001 within his
22 | possession, custody, or control that are responsive to the request, if any, and that
23 | have not already been produced, that he discovers in the course of his reasonable
24 | search and diligent inquiry, and to which no privilege or other protection applies,
25 | including without limitation, the attorney-client privilege or attorney's work
26 | product doctrine.

27 | **REQUEST FOR PRODUCTION NO. 95:**

28 |     All DOCUMENTS RELATING TO any payments of money or the

- 102 -

1  transfer of anything of value to David Dees or her FAMILY MEMBERS.

2  **RESPONSE TO REQUEST FOR PRODUCTION NO. 95:**

3        Larian incorporates by reference the above-stated general objections as

4  if fully set forth herein. Larian also specifically objects to this request on the

5  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

6  information not relevant to the subject matter of this lawsuit or reasonably

7  calculated to lead to the discovery of admissible evidence. Larian also objects to

8  this request on the grounds that it is overbroad, unlimited as to time, and unduly

9  burdensome and oppressive. Larian also objects to this request on the grounds that

10  it seeks information in violation of the right of privacy. Larian also objects to this

11  request on the grounds that it seeks confidential, proprietary or commercially

12  sensitive information, the disclosure of which would be inimical to the business

13  interests of Larian and one or more third parties. Larian also objects to this request

14  to the extent it calls for the disclosure of attorney-client privileged information or

15  information protected from disclosure by the work-product doctrine, joint defense

16  or common interest privilege, or other privilege. Larian also objects to this request

17  to the extent it seeks documents not within Larian's possession, custody or control.

18        Subject to the foregoing, Larian will produce all documents pertaining

19  to work performed prior to January 1, 2001 and all documents pertaining to work

20  related to Bratz or Angel performed prior to December 31, 2001 within his

21  possession, custody, or control that are responsive to the request, if any, and that

22  have not already been produced, that he discovers in the course of his reasonable

23  search and diligent inquiry, and to which no privilege or other protection applies,

24  including without limitation, the attorney-client privilege or attorney's work

25  product doctrine.

26  **REQUEST FOR PRODUCTION NO. 96:**

27        All DOCUMENTS RELATING TO any actual, potential, proposed,

28  considered or contemplated agreement or contract between YOU or MGA and

EXHIBIT _____ PAGE _____    - 103 -    LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  Steve Linker, including without limitation all drafts thereof and amendments,

2  modifications and revisions thereto, and all COMMUNICATIONS relating thereto.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 96:**

4      Larian incorporates by reference the above-stated general objections as

5  if fully set forth herein.  Larian also specifically objects to this request on the

6  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

7  information not relevant to the subject matter of this lawsuit or reasonably

8  calculated to lead to the discovery of admissible evidence.  Larian also objects to

9  this request on the grounds that it seeks information in violation of the right of

10  privacy.  Larian also objects to this request on the grounds that it is overbroad,

11  unlimited as to time, and unduly burdensome and oppressive.  Larian also objects to

12  this request on the grounds that it seeks confidential, proprietary or commercially

13  sensitive information, the disclosure of which would be inimical to the business

14  interests of Larian and one or more third parties.  Larian also objects to this request

15  to the extent it calls for the disclosure of attorney-client privileged information or

16  information protected from disclosure by the work-product doctrine, joint defense

17  or common interest privilege, or other privilege.  Larian also objects to this request

18  to the extent it seeks documents not within Larian's possession, custody or control.

19      Subject to the foregoing, Larian will produce all documents pertaining

20  to work performed prior to January 1, 2001 and all documents pertaining to work

21  related to Bratz or Angel performed prior to December 31, 2001 within his

22  possession, custody, or control that are responsive to the request, if any, and that

23  have not already been produced, that he discovers in the course of his reasonable

24  search and diligent inquiry, and to which no privilege or other protection applies,

25  including without limitation, the attorney-client privilege or attorney's work

26  product doctrine.

27  **REQUEST FOR PRODUCTION NO. 97:**

28      All DOCUMENTS RELATING TO any actual, potential, proposed,

EXHIBIT __25__ PAGE __960__      - 104 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   considered or contemplated agreement or contract between YOU or MGA and Liz

2   Hogan, including without limitation all drafts thereof and amendments,

3   modifications and revisions thereto, and all COMMUNICATIONS relating thereto.

4   **RESPONSE TO REQUEST FOR PRODUCTION NO. 97:**

5              Larian incorporates by reference the above-stated general objections as

6   if fully set forth herein.  Larian also specifically objects to this request on the

7   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

8   information not relevant to the subject matter of this lawsuit or reasonably

9   calculated to lead to the discovery of admissible evidence.  Larian also objects to

10  this request on the grounds that it seeks information in violation of the right of

11  privacy.  Larian also objects to this request on the grounds that it is overbroad,

12  unlimited as to time, and unduly burdensome and oppressive.  Larian also objects to

13  this request on the grounds that it seeks confidential, proprietary or commercially

14  sensitive information, the disclosure of which would be inimical to the business

15  interests of Larian and one or more third parties.  Larian also objects to this request

16  to the extent it calls for the disclosure of attorney-client privileged information or

17  information protected from disclosure by the work-product doctrine, joint defense

18  or common interest privilege, or other privilege.  Larian also objects to this request

19  to the extent it seeks documents not within Larian's possession, custody or control.

20             Subject to the foregoing, Larian will produce all documents pertaining

21  to work performed prior to January 1, 2001 and all documents pertaining to work

22  related to Bratz or Angel performed prior to December 31, 2001 within his

23  possession, custody, or control that are responsive to the request, if any, and that

24  have not already been produced, that he discovers in the course of his reasonable

25  search and diligent inquiry, and to which no privilege or other protection applies,

26  including without limitation, the attorney-client privilege or attorney's work

27  product doctrine.

28

EXHIBIT _25_ PAGE _961_          - 105 -          LARIAN'S SUPP. RESPONSE TO MATTEL'S
                                                  1ST SET OF REQUESTS FOR PRODUCTION
                                                  CV 04-9049 SGL (RNBX)

1   **REQUEST FOR PRODUCTION NO. 17:**

2         All DOCUMENTS RELATING TO DESIGNS produced, prepared,

3   created, authored, conceived of or reduced to practice prior to December 31, 2001

4   by Margaret Hatch (also known as Margaret Leahy and/or Margaret Hatch-Leahy),

5   whether alone or jointly with others, in which YOU or MGA have purported at any

6   time to purchase, acquire or own any right, title or interest (whether in whole or in

7   part).

8   **RESPONSE TO REQUEST FOR PRODUCTION NO. 98:**

9         Larian incorporates by reference the above-stated general objections as

10   if fully set forth herein.  Larian also specifically objects to this request to the extent

11   it seeks information not relevant or reasonably calculated to lead to the discovery of

12   admissible evidence and is, thus, overbroad, including, without limitation, seeking

13   documents relating to any designs produced, prepared, created, authored, conceived

14   of or reduced to practice prior to December 31, 2001, by Margaret Leahy, and is

15   therefore not limited to those designs that may be at issue in this litigation.  Larian

16   also objects to this request on the grounds that it seeks confidential, proprietary or

17   commercially sensitive information, the disclosure of which would be inimical to

18   the business interests of Larian and one or more third parties.  Larian further objects

19   to this request to the extent it seeks information the disclosure of which would

20   implicate the rights of third parties to protect private, confidential, proprietary or

21   trade secret information.  Larian also objects to this request to the extent it calls for

22   the disclosure of attorney-client privileged information or information protected

23   from disclosure by the work-product doctrine, joint defense or common interest

24   privilege, or other privilege.  Larian also objects to this request to the extent it seeks

25   documents not within Larian's possession, custody or control.

26         Subject to the foregoing, Larian will produce all documents pertaining

27   to work performed prior to January 1, 2001 and all documents pertaining to work

28   related to Bratz or Angel performed prior to December 31, 2001 within his

1   possession, custody, or control that are responsive to the request, if any, and that

2   have not already been produced, that he discovers in the course of his reasonable

3   search and diligent inquiry, and to which no privilege or other protection applies,

4   including without limitation, the attorney-client privilege or attorney's work

5   product doctrine.

6   **REQUEST FOR PRODUCTION NO. 99:**

7           All DOCUMENTS RELATING TO DESIGNS produced, prepared,

8   created, authored, conceived of or reduced to practice prior to December 31, 2001

9   by Anna Rhee, whether alone or jointly with others, in which YOU or MGA have

10  purported at any time to purchase, acquire or own any right, title or interest

11  (whether in whole or in part).

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 99:**

13          Larian incorporates by reference the above-stated general objections as

14  if fully set forth herein.  Larian also specifically objects to this request to the extent

15  it seeks information not relevant or reasonably calculated to lead to the discovery of

16  admissible evidence and is, thus, overbroad, including, without limitation, seeking

17  documents relating to any designs produced, prepared, created, authored, conceived

18  of or reduced to practice prior to December 31, 2001, by Anna Rhee, and is

19  therefore not limited to those designs that may be at issue in this litigation.  Larian

20  also objects to this request on the grounds that it seeks confidential, proprietary or

21  commercially sensitive information, the disclosure of which would be inimical to

22  the business interests of Larian and one or more third parties.  Larian further objects

23  to this request to the extent it seeks information the disclosure of which would

24  implicate the rights of third parties to protect private, confidential, proprietary or

25  trade secret information.  Larian also objects to this request to the extent it calls for

26  the disclosure of attorney-client privileged information or information protected

27  from disclosure by the work-product doctrine, joint defense or common interest

28  privilege, or other privilege.  Larian also objects to this request to the extent it seeks

1  documents not within Larian's possession, custody or control.

2      Subject to the foregoing, Larian will produce all documents pertaining

3  to work performed prior to January 1, 2001 and all documents pertaining to work

4  related to Bratz or Angel performed prior to December 31, 2001 within his

5  possession, custody, or control that are responsive to the request, if any, and that

6  have not already been produced, that he discovers in the course of his reasonable

7  search and diligent inquiry, and to which no privilege or other protection applies,

8  including without limitation, the attorney-client privilege or attorney's work

9  product doctrine.

10  **REQUEST FOR PRODUCTION NO. 100:**

11      All DOCUMENTS RELATING TO DESIGNS produced, prepared,

12  created, authored, conceived of or reduced to practice prior to January 1, 2001 by

13  Veronica Marlow, whether alone or jointly with others, in which YOU or MGA

14  have purported at any time to purchase, acquire or own any right, title or interest

15  (whether in whole or in part).

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 100:**

17      Larian incorporates by reference the above-stated general objections as

18  if fully set forth herein.  Larian also specifically objects to this request to the extent

19  it seeks information not relevant or reasonably calculated to lead to the discovery of

20  admissible evidence and is, thus, overbroad, including, without limitation, seeking

21  documents relating to any designs produced, prepared, created, authored, conceived

22  of or reduced to practice prior to January 1, 2001, by Veronica Marlow, and is

23  therefore not limited to those designs that may be at issue in this litigation.  Larian

24  also objects to this request on the grounds that it seeks confidential, proprietary or

25  commercially sensitive information, the disclosure of which would be inimical to

26  the business interests of Larian and one or more third parties.  Larian further objects

27  to this request to the extent it seeks information the disclosure of which would

28  implicate the rights of third parties to protect private, confidential, proprietary or

EXHIBIT _25_ PAGE _964_    - 108 -    LARIAN'S SUPP. RESPONSE TO MATTEL'S 1ST SET OF REQUESTS FOR PRODUCTION CV 04-9049 SGL (RNBX)

1  trade secret information.  Larian also objects to this request to the extent it calls for

2  the disclosure of attorney-client privileged information or information protected

3  from disclosure by the work-product doctrine, joint defense or common interest

4  privilege, or other privilege.  Larian also objects to this request to the extent it seeks

5  documents not within Larian's possession, custody or control.

6         Subject to the foregoing, Larian will produce all documents pertaining

7  to work performed prior to January 1, 2001 and all documents pertaining to work

8  related to Bratz or Angel performed prior to December 31, 2001 within his

9  possession, custody, or control that are responsive to the request, if any, and that

10  have not already been produced, that he discovers in the course of his reasonable

11  search and diligent inquiry, and to which no privilege or other protection applies,

12  including without limitation, the attorney-client privilege or attorney's work

13  product doctrine.

14  **REQUEST FOR PRODUCTION NO. 101:**

15         All DOCUMENTS RELATING TO DESIGNS produced, prepared,

16  created, authored, conceived of or reduced to practice by Elise Cloonan, whether

17  alone or jointly with others, in which YOU or MGA have purported at any time to

18  purchase, acquire or own any right, title or interest (whether in whole or in part).

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 101:**

20         Larian incorporates by reference the above-stated general objections as

21  if fully set forth herein.  Larian also specifically objects to this request to the extent

22  it seeks information not relevant or reasonably calculated to lead to the discovery of

23  admissible evidence and is, thus, overbroad, including, without limitation, seeking

24  documents relating to any designs produced, prepared, created, authored, conceived

25  of or reduced to practice by Elise Cloonan, and is therefore not limited as to time or

26  as to those designs that may be at issue in this litigation.  Larian also objects to this

27  request on the grounds that it seeks confidential, proprietary or commercially

28  sensitive information, the disclosure of which would be inimical to the business

EXHIBIT __25__ PAGE __965__     - 109 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   interests of Larian and one or more third parties. Larian further objects to this

2   request to the extent it seeks information the disclosure of which would implicate

3   the rights of third parties to protect private, confidential, proprietary or trade secret

4   information. Larian also objects to this request to the extent it calls for the

5   disclosure of attorney-client privileged information or information protected from

6   disclosure by the work-product doctrine, joint defense or common interest

7   privilege, or other privilege. Larian also objects to this request to the extent it seeks

8   documents not within Larian's possession, custody or control.

9            Subject to the foregoing, Larian will produce all documents pertaining

10   to work performed prior to January 1, 2001 and all documents pertaining to work

11   related to Bratz or Angel performed prior to December 31, 2001 within his

12   possession, custody, or control that are responsive to the request, if any, and that

13   have not already been produced, that he discovers in the course of his reasonable

14   search and diligent inquiry, and to which no privilege or other protection applies,

15   including without limitation, the attorney-client privilege or attorney's work

16   product doctrine..

17   **REQUEST FOR PRODUCTION NO. 102:**

18            All DOCUMENTS prepared, written, transmitted or received (whether

19   in whole or in part) prior to January 1, 2001 RELATING TO ANGEL.

20   **RESPONSE TO REQUEST FOR PRODUCTION NO. 102:**

21            Larian incorporates by reference the above-stated general objections as

22   if fully set forth herein. Larian also specifically objects to this request on the

23   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

24   information not relevant to the subject matter of this lawsuit or reasonably

25   calculated to lead to the discovery of admissible evidence. Larian also specifically

26   objects to this request on the grounds that it seeks confidential, proprietary or

27   commercially sensitive information, the disclosure of which would be inimical to

28   the business interests of Larian. Larian also objects to this request to the extent it

EXHIBIT __25__ PAGE __966__        - 110 -        LARIAN'S SUPP. RESPONSE TO MATTEL'S
                                                  1ST SET OF REQUESTS FOR PRODUCTION
                                                  CV 04-9049 SGL (RNBX)

1   calls for the disclosure of attorney-client privileged information or information

2   protected from disclosure by the work-product doctrine, joint defense or common

3   interest privilege, or other privilege.  Larian also objects to this request to the extent

4   it seeks documents not within Larian's possession, custody or control.

5          Subject to the foregoing, Larian will produce all documents within his

6   possession, custody, or control that are responsive to the request, if any, and that

7   have not already been produced, that he discovers in the course of his reasonable

8   search and diligent inquiry, and to which no privilege or other protection applies,

9   including without limitation, the attorney-client privilege or attorney's work

10  product doctrine.

11  **REQUEST FOR PRODUCTION NO. 103:**

12          All DOCUMENTS RELATING TO ANGEL RELATING TO any

13  time prior to January 1, 2001 (regardless of when such document was prepared,

14  written, transmitted or received, whether in whole or in part).

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 103:**

16          Larian incorporates by reference the above-stated general objections as

17  if fully set forth herein.  Larian also specifically objects to this request on the

18  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

19  information not relevant to the subject matter of this lawsuit or reasonably

20  calculated to lead to the discovery of admissible evidence.  Larian also specifically

21  objects to this request in the grounds that it is vague, ambiguous and unintelligible,

22  particularly in its use of the phrase "relating to Angel relating to ay time prior to

23  January 1, 2001."  Larian also objects to this request on the grounds that it seeks

24  confidential, proprietary or commercially sensitive information, the disclosure of

25  which would be inimical to the business interests of Larian and one or more third

26  parties.  Larian also objects to this request to the extent it calls for the disclosure of

27  attorney-client privileged information or information protected from disclosure by

28  the work-product doctrine, joint defense or common interest privilege, or other

EXHIBIT __25__ PAGE __967__     - 111 -     LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  privilege. Larian also objects to this request to the extent it seeks documents not

2  within Larian's possession, custody or control.

3      Subject to the foregoing, Larian will produce all documents within his

4  possession, custody, or control that are responsive to the request, if any, and that

5  have not already been produced, that he discovers in the course of his reasonable

6  search and diligent inquiry, and to which no privilege or other protection applies,

7  including without limitation, the attorney-client privilege or attorney's work

8  product doctrine.

9  **REQUEST FOR PRODUCTION NO. 104:**

10      All DOCUMENTS, including without limitation all

11  COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

12  any agreement or contract between Margaret Hatch (also known as Margaret Leahy

13  and/or Margaret Hatch-Leahy) and MATTEL.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 104:**

15      Larian incorporates by reference the above-stated general objections as

16  if fully set forth herein. Larian also specifically objects to this request on the

17  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

18  information not relevant to the subject matter of this lawsuit or reasonably

19  calculated to lead to the discovery of admissible evidence. Larian also objects to

20  this request on the grounds that it seeks information in violation of the right of

21  privacy. Larian also objects to this request on the grounds that it is overbroad,

22  unduly burdensome, and oppressive in seeking all communications between Larian

23  or MGA and any person and without limitation as to time. Larian also objects to

24  this request on the grounds that it seeks confidential, proprietary or commercially

25  sensitive information, the disclosure of which would be inimical to the business

26  interests of Larian and one or more third parties. Larian also objects to this request

27  to the extent it seeks information the disclosure of which would implicate the rights

28  of third parties to protect private, confidential, proprietary or trade secret

EXHIBIT _25_ PAGE _968_    - 112 -

1   information.  Larian also objects to this request to the extent it calls for the

2   disclosure of attorney-client privileged information or information protected from

3   disclosure by the work-product doctrine, joint defense or common interest

4   privilege, or other privilege.  Larian also objects to this request to the extent it seeks

5   documents not within Larian's possession, custody or control.

6          Subject to the foregoing, Larian will produce all documents within his

7   possession, custody, or control that are responsive to the request, if any, and that

8   have not already been produced, that he discovers in the course of his reasonable

9   search and diligent inquiry, and to which no privilege or other protection applies,

10  including without limitation, the attorney-client privilege or attorney's work

11  product doctrine.

12  **REQUEST FOR PRODUCTION NO. 105:**

13         All DOCUMENTS, including without limitation all

14  COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

15  any agreement or contract between Kami Gillmour and MATTEL.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 105:**

17         Larian incorporates by reference the above-stated general objections as

18  if fully set forth herein.  Larian also specifically objects to this request on the

19  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

20  information not relevant to the subject matter of this lawsuit or reasonably

21  calculated to lead to the discovery of admissible evidence.  Larian also objects to

22  this request on the grounds that it seeks information in violation of the right of

23  privacy.  Larian also objects to this request on the grounds that it is overbroad,

24  unduly burdensome, and oppressive in seeking all communications between Larian

25  or MGA and any person and without limitation as to time.  Larian also objects to

26  this request on the grounds that it seeks confidential, proprietary or commercially

27  sensitive information, the disclosure of which would be inimical to the business

28  interests of Larian and one or more third parties.  Larian also objects to this request

EXHIBIT _25_ PAGE _969_    - 113 -    LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1    to the extent it seeks information the disclosure of which would implicate the rights

2    of third parties to protect private, confidential, proprietary or trade secret

3    information. Larian also objects to this request to the extent it calls for the

4    disclosure of attorney-client privileged information or information protected from

5    disclosure by the work-product doctrine, joint defense or common interest

6    privilege, or other privilege. Larian also objects to this request to the extent it seeks

7    documents not within Larian's possession, custody or control.

8            Subject to the foregoing, Larian will produce all documents within his

9    possession, custody, or control that are responsive to the request, if any, and that

10   have not already been produced, that he discovers in the course of his reasonable

11   search and diligent inquiry, and to which no privilege or other protection applies,

12   including without limitation, the attorney-client privilege or attorney's work

13   product doctrine.

14   **REQUEST FOR PRODUCTION NO. 106:**

15           All DOCUMENTS, including without limitation all

16   COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

17   any agreement or contract between Paula Garcia and MATTEL.

18   **RESPONSE TO REQUEST FOR PRODUCTION NO. 106:**

19           Larian incorporates by reference the above-stated general objections as

20   if fully set forth herein. Larian also specifically objects to this request on the

21   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

22   information not relevant to the subject matter of this lawsuit or reasonably

23   calculated to lead to the discovery of admissible evidence. Larian also objects to

24   this request on the grounds that it seeks information in violation of the right of

25   privacy. Larian also objects to this request on the grounds that it is overbroad,

26   unduly burdensome, and oppressive in seeking all communications between Larian

27   or MGA and any person and without limitation as to time. Larian also objects to

28   this request on the grounds that it seeks confidential, proprietary or commercially

1   sensitive information, the disclosure of which would be inimical to the business

2   interests of Larian and one or more third parties.  Larian also objects to this request

3   to the extent it seeks information the disclosure of which would implicate the rights

4   of third parties to protect private, confidential, proprietary or trade secret

5   information.  Larian also objects to this request to the extent it calls for the

6   disclosure of attorney-client privileged information or information protected from

7   disclosure by the work-product doctrine, joint defense or common interest

8   privilege, or other privilege.  Larian also objects to this request to the extent it seeks

9   documents not within Larian's possession, custody or control.

10          Subject to the foregoing, Larian will produce all documents within his

11   possession, custody, or control that are responsive to the request, if any, and that

12   have not already been produced, that he discovers in the course of his reasonable

13   search and diligent inquiry, and to which no privilege or other protection applies,

14   including without limitation, the attorney-client privilege or attorney's work

15   product doctrine.

16   **REQUEST FOR PRODUCTION NO. 107:**

17          All DOCUMENTS, including without limitation all

18   COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

19   any agreement or contract between Mercedeh Ward and MATTEL.

20   **RESPONSE TO REQUEST FOR PRODUCTION NO. 107:**

21          Larian incorporates by reference the above-stated general objections as

22   if fully set forth herein.  Larian also specifically objects to this request on the

23   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

24   information not relevant to the subject matter of this lawsuit or reasonably

25   calculated to lead to the discovery of admissible evidence.  Larian also objects to

26   this request on the grounds that it seeks information in violation of the right of

27   privacy.  Larian also objects to this request on the grounds that it is overbroad,

28   unduly burdensome, and oppressive in seeking all communications between Larian

EXHIBIT __25__ PAGE __971__          - 115 -          LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1    or MGA and any person and without limitation as to time.  Larian also objects to

2    this request on the grounds that it seeks confidential, proprietary or commercially

3    sensitive information, the disclosure of which would be inimical to the business

4    interests of Larian and one or more third parties.  Larian also objects to this request

5    to the extent it seeks information the disclosure of which would implicate the rights

6    of third parties to protect private, confidential, proprietary or trade secret

7    information.  Larian also objects to this request to the extent it calls for the

8    disclosure of attorney-client privileged information or information protected from

9    disclosure by the work-product doctrine, joint defense or common interest

10   privilege, or other privilege.  Larian also objects to this request to the extent it seeks

11   documents not within Larian's possession, custody or control.

12              Subject to the foregoing, Larian will produce all documents within his

13   possession, custody, or control that are responsive to the request, if any, and that

14   have not already been produced, that he discovers in the course of his reasonable

15   search and diligent inquiry, and to which no privilege or other protection applies,

16   including without limitation, the attorney-client privilege or attorney's work

17   product doctrine.

18   **REQUEST FOR PRODUCTION NO. 108:**

19              All DOCUMENTS, including without limitation all

20   COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

21   any agreement or contract between Jessie Ramirez and MATTEL.

22   **RESPONSE TO REQUEST FOR PRODUCTION NO. 108:**

23              Larian incorporates by reference the above-stated general objections as

24   if fully set forth herein.  Larian also specifically objects to this request on the

25   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

26   information not relevant to the subject matter of this lawsuit or reasonably

27   calculated to lead to the discovery of admissible evidence.  Larian also objects to

28   this request on the grounds that it seeks information in violation of the right of

EXHIBIT __25__ PAGE __972__   - 116 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  privacy. Larian also objects to this request on the grounds that it is overbroad,

2  unduly burdensome, and oppressive in seeking all communications between Larian

3  or MGA and any person and without limitation as to time. Larian also objects to

4  this request on the grounds that it seeks confidential, proprietary or commercially

5  sensitive information, the disclosure of which would be inimical to the business

6  interests of Larian and one or more third parties. Larian also objects to this request

7  to the extent it seeks information the disclosure of which would implicate the rights

8  of third parties to protect private, confidential, proprietary or trade secret

9  information. Larian also objects to this request to the extent it calls for the

10  disclosure of attorney-client privileged information or information protected from

11  disclosure by the work-product doctrine, joint defense or common interest

12  privilege, or other privilege. Larian also objects to this request to the extent it seeks

13  documents not within Larian's possession, custody or control.

14          Subject to the foregoing, Larian will produce all documents within his

15  possession, custody, or control that are responsive to the request, if any, and that

16  have not already been produced, that he discovers in the course of his reasonable

17  search and diligent inquiry, and to which no privilege or other protection applies,

18  including without limitation, the attorney-client privilege or attorney's work

19  product doctrine.

20  **REQUEST FOR PRODUCTION NO. 18:**

21          All DOCUMENTS, including without limitation all

22  COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

23  any agreement or contract between Billy Ragsdale and MATTEL.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 109:**

25          Larian incorporates by reference the above-stated general objections as

26  if fully set forth herein. Larian also specifically objects to this request on the

27  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

28  information not relevant to the subject matter of this lawsuit or reasonably

1 calculated to lead to the discovery of admissible evidence.  Larian also objects to

2 this request on the grounds that it seeks information in violation of the right of

3 privacy.  Larian also objects to this request on the grounds that it is overbroad,

4 unduly burdensome, and oppressive in seeking all communications between Larian

5 or MGA and any person and without limitation as to time.  Larian also objects to

6 this request on the grounds that it seeks confidential, proprietary or commercially

7 sensitive information, the disclosure of which would be inimical to the business

8 interests of Larian and one or more third parties.  Larian also objects to this request

9 to the extent it seeks information the disclosure of which would implicate the rights

10 of third parties to protect private, confidential, proprietary or trade secret

11 information.  Larian also objects to this request to the extent it calls for the

12 disclosure of attorney-client privileged information or information protected from

13 disclosure by the work-product doctrine, joint defense or common interest

14 privilege, or other privilege.  Larian also objects to this request to the extent it seeks

15 documents not within Larian's possession, custody or control.

16        Subject to the foregoing, Larian will produce all documents within his

17 possession, custody, or control that are responsive to the request, if any, and that

18 have not already been produced, that he discovers in the course of his reasonable

19 search and diligent inquiry, and to which no privilege or other protection applies,

20 including without limitation, the attorney-client privilege or attorney's work

21 product doctrine.

22 **REQUEST FOR PRODUCTION NO. 110:**

23        All DOCUMENTS, including without limitation all

24 COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

25 any agreement or contract between Wendy Ragsdale and MATTEL.

26 **RESPONSE TO REQUEST FOR PRODUCTION NO. 110:**

27        Larian incorporates by reference the above-stated general objections as

28 if fully set forth herein.  Larian also specifically objects to this request on the

EXHIBIT __85__ PAGE __974__

- 118 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)