1  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

2  information not relevant to the subject matter of this lawsuit or reasonably

3  calculated to lead to the discovery of admissible evidence. Larian also objects to

4  this request on the grounds that it seeks information in violation of the right of

5  privacy. Larian also objects to this request on the grounds that it is overbroad,

6  unduly burdensome, and oppressive in seeking all communications between Larian

7  or MGA and any person and without limitation as to time. Larian also objects to

8  this request on the grounds that it seeks confidential, proprietary or commercially

9  sensitive information, the disclosure of which would be inimical to the business

10  interests of Larian and one or more third parties. Larian also objects to this request

11  to the extent it seeks information the disclosure of which would implicate the rights

12  of third parties to protect private, confidential, proprietary or trade secret

13  information. Larian also objects to this request to the extent it calls for the

14  disclosure of attorney-client privileged information or information protected from

15  disclosure by the work-product doctrine, joint defense or common interest

16  privilege, or other privilege. Larian also objects to this request to the extent it seeks

17  documents not within Larian's possession, custody or control.

18       Subject to the foregoing, Larian will produce all documents within his

19  possession, custody, or control that are responsive to the request, if any, and that

20  have not already been produced, that he discovers in the course of his reasonable

21  search and diligent inquiry, and to which no privilege or other protection applies,

22  including without limitation, the attorney-client privilege or attorney's work

23  product doctrine.

24  **REQUEST FOR PRODUCTION NO. 111:**

25       All DOCUMENTS, including without limitation all

26  COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

27  any agreement or contract between Veronica Marlow and MATTEL.

28

EXHIBIT 25 PAGE 975

- 119 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

**RESPONSE TO REQUEST FOR PRODUCTION NO. 111:**

Larian incorporates by reference the above-stated general objections as if fully set forth herein. Larian also specifically objects to this request on the grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence. Larian also objects to this request on the grounds that it seeks information in violation of the right of privacy. Larian also objects to this request on the grounds that it is overbroad, unduly burdensome, and oppressive in seeking all communications between Larian or MGA and any person and without limitation as to time. Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties. Larian also objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information. Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege. Larian also objects to this request to the extent it seeks documents not within Larian's possession, custody or control.

Subject to the foregoing, Larian will produce all documents within his possession, custody, or control that are responsive to the request, if any, and that have not already been produced, that he discovers in the course of his reasonable search and diligent inquiry, and to which no privilege or other protection applies, including without limitation, the attorney-client privilege or attorney's work product doctrine.

**REQUEST FOR PRODUCTION NO. 112:**

To the extent not covered by other Requests, all DOCUMENTS,

EXHIBIT 25 PAGE 976

- 120 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   including without limitation all COMMUNICATIONS between YOU or MGA and

2   any PERSON, RELATING TO any agreement or contract between MATTEL, on

3   the one hand, and any former employee of MATTEL who has been hired,

4   considered, solicited or interviewed for any position or potential position or

5   employment by YOU or MGA.

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 112:**

7           Larian incorporates by reference the above-stated general objections as

8   if fully set forth herein.  Larian also specifically objects to this request on the

9   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

10   information not relevant to the subject matter of this lawsuit or reasonably

11   calculated to lead to the discovery of admissible evidence.  Larian also objects to

12   this request on the grounds that it seeks information in violation of the right of

13   privacy.  Larian also objects to this request on the grounds that it is overbroad,

14   unduly burdensome, and oppressive.  Larian also objects to this request on the

15   grounds that it seeks confidential, proprietary or commercially sensitive

16   information, the disclosure of which would be inimical to the business interests of

17   Larian and one or more third parties.  Larian also objects to this request to the

18   extent it seeks information the disclosure of which would implicate the rights of

19   third parties to protect private, confidential, proprietary or trade secret information.

20   Larian also objects to this request to the extent it calls for the disclosure of attorney-

21   client privileged information or information protected from disclosure by the work-

22   product doctrine, joint defense or common interest privilege, or other privilege.

23   Larian also objects to this request to the extent it seeks documents not within

24   Larian's possession, custody or control.

25           Subject to the foregoing, Larian will produce all documents within his

26   possession, custody, or control that are responsive to the request, if any, and that

27   have not already been produced, that he discovers in the course of his reasonable

28   search and diligent inquiry, and to which no privilege or other protection applies,

EXHIBIT __95__   PAGE __977__        - 121 -        LARIAN'S SUPP. RESPONSE TO MATTEL'S
                                                    1ST SET OF REQUESTS FOR PRODUCTION
                                                    CV 04-9049 SGL (RNBX)

1   including without limitation, the attorney-client privilege or attorney's work

2   product doctrine.

3   **REQUEST FOR PRODUCTION NO. 113:**

4       All COMMUNICATIONS between YOU or MGA and Anne Wang.

5   **RESPONSE TO REQUEST FOR PRODUCTION NO. 113:**

6       Larian incorporates by reference the above-stated general objections as

7   if fully set forth herein. Larian also specifically objects to this request on the

8   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

9   information not relevant to the subject matter of this lawsuit or reasonably

10   calculated to lead to the discovery of admissible evidence. Larian also objects to

11   this request on the grounds that it is overbroad, unduly burdensome, and oppressive

12   in seeking all communications between Larian or MGA and Anne Wang, regardless

13   of subject matter and without limitation as to time. Larian also objects to this

14   request on the grounds that it seeks confidential, proprietary or commercially

15   sensitive information, the disclosure of which would be inimical to the business

16   interests of Larian and one or more third parties. Larian also objects to this request

17   to the extent it calls for the disclosure of attorney-client privileged information or

18   information protected from disclosure by the work-product doctrine, joint defense

19   or common interest privilege, or other privilege.

20       Subject to the foregoing, Larian will produce all documents relating to

21   Bratz, Angel, or Bryant within his possession, custody, or control that are

22   responsive to the request, if any, and that have not already been produced, that he

23   discovers in the course of his reasonable search and diligent inquiry, and to which

24   no privilege or other protection applies, including without limitation, the attorney-

25   client privilege or attorney's work product doctrine.

26   **REQUEST FOR PRODUCTION NO. 114:**

27       All DOCUMENTS, including without limitation all

28   COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

EXHIBIT **X** PAGE **978**    - 122 -    LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1 | Anne Wang.

2 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 114:**

3 |       Larian incorporates by reference the above-stated general objections as

4 | if fully set forth herein.  Larian also specifically objects to this request on the

5 | grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

6 | information not relevant to the subject matter of this lawsuit or reasonably

7 | calculated to lead to the discovery of admissible evidence.  Larian also objects to

8 | this request on the grounds that it is overbroad, unduly burdensome, and oppressive

9 | in seeking all communications relating to Anne Wang between Larian or MGA and

10 | any person, without limitation as to time.  Larian also objects to this request on the

11 | grounds that it seeks confidential, proprietary or commercially sensitive

12 | information, the disclosure of which would be inimical to the business interests of

13 | Larian and one or more third parties.  Larian also objects to this request to the

14 | extent it calls for the disclosure of attorney-client privileged information or

15 | information protected from disclosure by the work-product doctrine, joint defense

16 | or common interest privilege, or other privilege.

17 |       Subject to the foregoing, Larian will produce all documents relating to

18 | Bratz, Angel, or Bryant within his possession, custody, or control that are

19 | responsive to the request, if any, and that have not already been produced, that he

20 | discovers in the course of his reasonable search and diligent inquiry, and to which

21 | no privilege or other protection applies, including without limitation, the attorney-

22 | client privilege or attorney's work product doctrine.

23 | **REQUEST FOR PRODUCTION NO. 115:**

24 |       All DOCUMENTS, including without limitation all

25 | COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

26 | Brooke Gilbert.

27 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 115:**

28 |       Larian incorporates by reference the above-stated general objections as

EXHIBIT _X_ PAGE _979_

- 123 -

1  if fully set forth herein.  Larian also specifically objects to this request on the

2  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

3  information not relevant to the subject matter of this lawsuit or reasonably

4  calculated to lead to the discovery of admissible evidence.  Larian also objects to

5  this request on the grounds that it is overbroad, unduly burdensome, and oppressive

6  in seeking all communications relating to Brooke Gilbert between Larian or MGA

7  and any person, without limitation as to time.  Larian also objects to this request on

8  the grounds that it seeks confidential, proprietary or commercially sensitive

9  information, the disclosure of which would be inimical to the business interests of

10  Larian and one or more third parties.  Larian also objects to this request to the

11  extent it calls for the disclosure of attorney-client privileged information or

12  information protected from disclosure by the work-product doctrine, joint defense

13  or common interest privilege, or other privilege.

14  　　　　　Subject to the foregoing, Larian will produce all documents relating to

15  Bratz, Angel, or Bryant within his possession, custody, or control that are

16  responsive to the request, if any, and that have not already been produced, that he

17  discovers in the course of his reasonable search and diligent inquiry, and to which

18  no privilege or other protection applies, including without limitation, the attorney-

19  client privilege or attorney's work product doctrine.

20  **REQUEST FOR PRODUCTION NO. 116:**

21  　　　　　All COMMUNICATIONS between YOU or MGA and BRYANT

22  RELATING TO MATTEL or any officer, director, employee or representative of

23  MATTEL.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 116:**

25  　　　　　Larian incorporates by reference the above-stated general objections as

26  if fully set forth herein.  Larian also specifically objects to this request on the

27  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

28  information not relevant to the subject matter of this lawsuit or reasonably

EXHIBIT __ PAGE __ 980     - 124 -　　　LARIAN'S SUPP. RESPONSE TO MATTEL'S
　　　　　　　　　　　　　　　　　　　　　　1ST SET OF REQUESTS FOR PRODUCTION
　　　　　　　　　　　　　　　　　　　　　　CV 04-9049 SGL (RNBX)

1  calculated to lead to the discovery of admissible evidence.  Larian also objects to

2  this request on the grounds that it is unlimited in time and subject matter and is,

3  thus, overbroad, unduly burdensome and oppressive, including, without limitation,

4  in calling for communications exchanged between Larian or any person at MGA

5  and Bryant on any subject matter relating in any way to Mattel.  Larian also objects

6  to this request on the grounds that it is overbroad, without limitation, in potentially

7  extending to communications that any of MGA's employees, agents or

8  representatives may have exchanged with Bryant that refer or relate to Mattel or

9  any of its officers, directors, employees, or representatives, regardless of whether

10  any such person was employed by Mattel at the time of the communication, and

11  which communication may be unrelated in any way to the subject matter of this

12  lawsuit, Larian, MGA, MGA's business or may, indeed, have occurred when none

13  of the parties to the communications worked for or on behalf of MGA.  Larian also

14  objects to this request on the grounds that it seeks confidential, proprietary or

15  commercially sensitive information, the disclosure of which would be inimical to

16  the business interests of Larian and one or more third parties.  Larian further objects

17  to this request to the extent it seeks information the disclosure of which would

18  implicate the rights of third parties to protect private, confidential, proprietary or

19  trade secret information.  Larian also objects to this request to the extent it calls for

20  the disclosure of attorney-client privileged information or information protected

21  from disclosure by the work-product doctrine, joint defense or common interest

22  privilege, or other privilege.

23           Subject to the foregoing, Larian will produce all documents within his

24  possession, custody, or control that are responsive to the request, if any, and that

25  have not already been produced, that he discovers in the course of his reasonable

26  search and diligent inquiry, and to which no privilege or other protection applies,

27  including without limitation, the attorney-client privilege or attorney's work

28  product doctrine.

EXHIBIT __75__ PAGE __981__       - 125 -       LARIAN'S SUPP. RESPONSE TO MATTEL'S
                                                1ST SET OF REQUESTS FOR PRODUCTION
                                                CV 04-9049 SGL (RNBX)

**REQUEST FOR PRODUCTION NO. 117:**

All declarations, affidavits and other sworn written statements of any other type or form by any PERSON RELATING TO BRATZ (other than those previously filed and served in this ACTION), including all such declarations, affidavits and other sworn written statements of any other type or form by or on behalf of YOU.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 117:**

Larian incorporates by reference the above-stated general objections as if fully set forth herein. Larian also specifically objects to this request on the grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence. Larian also specifically objects to this request on the grounds that it is overbroad, unduly burdensome and oppressive including, without limitation, in calling for all declarations, affidavits and other sworn written statements relating to Bratz but not otherwise limited as to subject matter, and not limited in any way as to time. Larian also objects to this request on the grounds that it seeks information that is already known to Mattel and/or is a matter of public record and/or is equally available to Mattel, and is, therefore, unduly burdensome and oppressive. Larian also objects to this request to the extent that it may seek documents the disclosure of which is or may be governed by court orders. Larian also objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information. Larian also objects to this request to the extent it may seek documents the disclosure of which is or may be protected by contract or agreement. Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties. Larian further objects to this request to the

EXHIBIT _____ PAGE _____   - 126 -   LARIAN'S SUPP. RESPONSE TO MATTEL'S 1ST SET OF REQUESTS FOR PRODUCTION CV 04-9049 SGL (RNBX)

1   extent it seeks information the disclosure of which would implicate the rights of

2   third parties to protect private, confidential, proprietary or trade secret information.

3   Larian also objects to this request to the extent it calls for the disclosure of attorney-

4   client privileged information or information protected from disclosure by the work-

5   product doctrine, joint defense or common interest privilege, or other privilege.

6          Subject to the foregoing, Larian will produce all documents within his

7   possession, custody, or control that are responsive to the request, if any, and that

8   have not already been produced, that he discovers in the course of his reasonable

9   search and diligent inquiry, and to which no privilege or other protection applies,

10  including without limitation, the attorney-client privilege or attorney's work

11  product doctrine.

12  **REQUEST FOR PRODUCTION NO. 118:**

13          All transcripts and video and/or audio recordings of statements made

14  by any PERSON under oath, including without limitation all deposition transcripts,

15  trial transcripts and arbitration transcripts, RELATING TO BRATZ (other than

16  those taken in this ACTION when MATTEL's counsel was in attendance),

17  including all such transcripts and video and/or audio recordings of statements by or

18  on behalf of YOU.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 118:**

20          Larian incorporates by reference the above-stated general objections as

21  if fully set forth herein.  Larian also specifically objects to this request on the

22  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

23  information not relevant to the subject matter of this lawsuit or reasonably

24  calculated to lead to the discovery of admissible evidence.  Larian also specifically

25  objects to this request on the grounds that it is overbroad, unduly burdensome and

26  oppressive including, without limitation, in calling for all transcripts and video

27  and/or audio recordings of statements made by any person under oath, including

28  without limitation all deposition transcripts, trial transcripts and arbitration

EXHIBIT 25 PAGE 983   - 127 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  transcripts relating to Bratz, but not otherwise limited as to subject matter, and not

2  limited in any way as to time. Larian also objects to this request on the grounds

3  that it seeks information that is already known to Mattel and/or is a matter of public

4  record and/or is equally available to Mattel, and is, therefore, unduly burdensome

5  and oppressive. Larian also objects to this request to the extent it may seek

6  documents the disclosure of which is or may be protected by contract or agreement.

7  Larian also objects to this request to the extent that it may seek documents the

8  disclosure of which is or may be governed by court orders. Larian also objects to

9  this request on the grounds that it seeks confidential, proprietary or commercially

10 sensitive information, the disclosure of which would be inimical to the business

11 interests of Larian and one or more third parties. Larian also objects to this request

12 to the extent it seeks information the disclosure of which would implicate the rights

13 of third parties to protect private, confidential, proprietary or trade secret

14 information. Larian also objects to this request to the extent it calls for the

15 disclosure of attorney-client privileged information or information protected from

16 disclosure by the work-product doctrine, joint defense or common interest

17 privilege, or other privilege.

18        Subject to the foregoing, Larian will produce all documents within his

19 possession, custody, or control that are responsive to the request, if any, and that

20 have not already been produced, that he discovers in the course of his reasonable

21 search and diligent inquiry, and to which no privilege or other protection applies,

22 including without limitation, the attorney-client privilege or attorney's work

23 product doctrine.

24 **REQUEST FOR PRODUCTION NO. 119:**

25        All declarations, affidavits and other sworn written statements of any

26 other type or form by any PERSON RELATING TO ANGEL (other than those

27 previously filed and served in this ACTION), including all such declarations,

28 affidavits and other sworn written statements of any other type or form by or on

EXHIBIT ___ PAGE 984        - 128 -        LARIAN'S SUPP. RESPONSE TO MATTEL'S
                                            1ST SET OF REQUESTS FOR PRODUCTION
                                            CV 04-9049 SGL (RNBX)

behalf of YOU.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 119:**

Larian incorporates by reference the above-stated general objections as if fully set forth herein. Larian also specifically objects to this request on the grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence. Larian also specifically objects to this request on the grounds that it is overbroad, unduly burdensome and oppressive including, without limitation, in calling for all declarations, affidavits and other sworn written statements relating to Angel but not otherwise limited as to subject matter, and not limited in any way as to time. Larian also objects to this request on the grounds that it seeks information that is already known to Mattel and/or is a matter of public record and/or is equally available to Mattel, and is, therefore, unduly burdensome and oppressive. Larian also objects to this request to the extent that it may seek documents the disclosure of which is or may be governed by court orders. Larian also objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information. Larian also objects to this request to the extent it may seek documents the disclosure of which is or may be protected by contract or agreement. Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties. Larian further objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information. Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.

1          Subject to the foregoing, Larian will produce all documents within his

2    possession, custody, or control that are responsive to the request, if any, and that

3    have not already been produced, that he discovers in the course of his reasonable

4    search and diligent inquiry, and to which no privilege or other protection applies,

5    including without limitation, the attorney-client privilege or attorney's work

6    product doctrine.

7    **REQUEST FOR PRODUCTION NO. 120:**

8          All transcripts and video and/or audio recordings of statements made

9    by any PERSON under oath, including without limitation all deposition transcripts,

10   trial transcripts and arbitration transcripts, that RELATING TO ANGEL (other than

11   those taken in this ACTION when Mattel's counsel was in attendance), including

12   all such declarations, affidavits and other sworn written statements of any other

13   type or form by or on behalf of YOU.

14   **RESPONSE TO REQUEST FOR PRODUCTION NO. 120:**

15         Larian incorporates by reference the above-stated general objections as

16   if fully set forth herein.  Larian also specifically objects to this request on the

17   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

18   information not relevant to the subject matter of this lawsuit or reasonably

19   calculated to lead to the discovery of admissible evidence.  Larian also specifically

20   objects to this request on the grounds that it is overbroad, unduly burdensome and

21   oppressive including, without limitation, in calling for all transcripts and video

22   and/or audio recordings of statements made by any person under oath, including

23   without limitation all deposition transcripts, trial transcripts and arbitration

24   transcripts relating to Angel, but not otherwise limited as to subject matter, and not

25   limited in any way as to time.  Larian also objects to this request on the grounds

26   that it seeks information that is already known to Mattel and/or is a matter of public

27   record and/or is equally available to Mattel, and is, therefore, unduly burdensome

28   and oppressive.  Larian also objects to this request to the extent it may seek

EXHIBIT __*9*__  PAGE __*986*__     - 130 -     LARIAN'S SUPP. RESPONSE TO MATTEL'S
                                               1ST SET OF REQUESTS FOR PRODUCTION
                                               CV 04-9049 SGL (RNBX)

1   documents the disclosure of which is or may be protected by contract or agreement.

2   Larian also objects to this request to the extent that it may seek documents the

3   disclosure of which is or may be governed by court orders. Larian also objects to

4   this request on the grounds that it seeks confidential, proprietary or commercially

5   sensitive information, the disclosure of which would be inimical to the business

6   interests of Larian and one or more third parties. Larian also objects to this request

7   to the extent it seeks information the disclosure of which would implicate the rights

8   of third parties to protect private, confidential, proprietary or trade secret

9   information. Larian also objects to this request to the extent it calls for the

10  disclosure of attorney-client privileged information or information protected from

11  disclosure by the work-product doctrine, joint defense or common interest

12  privilege, or other privilege.

13          Subject to the foregoing, Larian will produce all documents within his

14  possession, custody, or control that are responsive to the request, if any, and that

15  have not already been produced, that he discovers in the course of his reasonable

16  search and diligent inquiry, and to which no privilege or other protection applies,

17  including without limitation, the attorney-client privilege or attorney's work

18  product doctrine.

19  **REQUEST FOR PRODUCTION NO. 121:**

20          All DOCUMENTS RELATING TO the litigation encaptioned *The*

21  *Ships Carpenter, Inc. v. MGA Entertainment*, filed in Los Angeles Superior Court

22  on or about October 11, 2001, Case Nos. 01S03739 and 01S03740.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 121:**

24          Larian incorporates by reference the above-stated general objections as

25  if fully set forth herein. Larian also specifically objects to this request on the

26  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

27  information not relevant to the subject matter of this lawsuit or reasonably

28  calculated to lead to the discovery of admissible evidence. Larian also objects to

EXHIBIT 25   PAGE 987          - 131 -          LARIAN'S SUPP. RESPONSE TO MATTEL'S
                                                1ST SET OF REQUESTS FOR PRODUCTION
                                                CV 04-9049 SGL (RNBX)

1   this request on the grounds that it seeks confidential, proprietary or commercially

2   sensitive information, the disclosure of which would be inimical to the business

3   interests of Larian and one or more third parties.  Larian also objects to this request

4   to the extent it calls for the disclosure of attorney-client privileged information or

5   information protected from disclosure by the work-product doctrine, joint defense

6   or common interest privilege, or other privilege.  Larian also objects to this request

7   to the extent it seeks documents not within Larian's possession, custody or control.

8          Subject to the foregoing, Larian will produce all documents within his

9   possession, custody, or control that are responsive to the request, if any, and that

10  have not already been produced, that he discovers in the course of his reasonable

11  search and diligent inquiry, and to which no privilege or other protection applies,

12  including without limitation, the attorney-client privilege or attorney's work

13  product doctrine.

14  **REQUEST FOR PRODUCTION NO. 122:**

15          All DOCUMENTS seen, viewed or reviewed by YOU at any time in

16  preparation for the deposition of YOU that was taken in this ACTION on July 18,

17  2006.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 122:**

19          Larian incorporates by reference the above-stated general objections as

20  if fully set forth herein.  Larian also specifically objects to this request on the

21  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

22  information not relevant to the subject matter of this lawsuit or reasonably

23  calculated to lead to the discovery of admissible evidence.  Larian also objects to

24  this request on the grounds that it seeks confidential, proprietary or commercially

25  sensitive information, the disclosure of which would be inimical to the business

26  interests of Larian and one or more third parties.  Larian also objects to this request

27  to the extent it calls for the disclosure of attorney-client privileged information or

28  information protected from disclosure by the work-product doctrine, joint defense

EXHIBIT  25  PAGE  988                    - 132 -        LARIAN'S SUPP. RESPONSE TO MATTEL'S
                                                         1ST SET OF REQUESTS FOR PRODUCTION
                                                         CV 04-9049 SGL (RNBX)

1  or common interest privilege, or other privilege.

2          Subject to the foregoing, Larian will produce all documents within his

3  possession, custody, or control that are responsive to the request, if any, and that

4  have not already been produced, that he discovers in the course of his reasonable

5  search and diligent inquiry, and to which no privilege or other protection applies,

6  including without limitation, the attorney-client privilege or attorney's work

7  product doctrine.

8  **REQUEST FOR PRODUCTION NO. 123:**

9          All DOCUMENTS RELATING TO any and all arbitrations and suits

10  between YOU and Farhad Larian.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 123:**

12          Larian incorporates by reference the above-stated general objections as

13  if fully set forth herein.  Larian also specifically objects to this request on the

14  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

15  information not relevant to the subject matter of this lawsuit or reasonably

16  calculated to lead to the discovery of admissible evidence.  Larian also specifically

17  objects to this request on the grounds that it is overbroad, unduly burdensome and

18  oppressive including, without limitation, in calling for all documents relating to any

19  and all arbitrations and suits between Larian and Farhad Larian, but not otherwise

20  limited as to subject matter or time.  Larian also objects to this request on the

21  grounds that it seeks information that is already known to Mattel and/or is a matter

22  of public record and/or is equally available to Mattel, and is, therefore, unduly

23  burdensome and oppressive.  Larian also objects to this request to the extent it may

24  seek documents the disclosure of which is or may be protected by contract or

25  agreement.  Larian also objects to this request to the extent that it may seek

26  documents the disclosure of which is or may be governed by court orders.  Larian

27  also objects to this request on the grounds that it seeks confidential, proprietary or

28  commercially sensitive information, the disclosure of which would be inimical to

EXHIBIT _25_  PAGE _989_      - 133 -      LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1    the business interests of Larian and one or more third parties. Larian also objects to

2    this request to the extent it seeks information the disclosure of which would

3    implicate the rights of third parties to protect private, confidential, proprietary or

4    trade secret information. Larian also objects to this request to the extent it calls for

5    the disclosure of attorney-client privileged information or information protected

6    from disclosure by the work-product doctrine, joint defense or common interest

7    privilege, or other privilege. Larian also objects to this request to the extent it seeks

8    documents not within Larian's possession, custody or control.

9        Subject to the foregoing, Larian will produce all documents referring

10    or relating to Bratz within his possession, custody, or control that are responsive to

11    the request, if any, and that have not already been produced, that he discovers in the

12    course of his reasonable search and diligent inquiry, and to which no privilege or

13    other protection applies, including without limitation, the attorney-client privilege

14    or attorney's work product doctrine.

15    **REQUEST FOR PRODUCTION NO. 124:**

16        All DOCUMENTS filed, submitted or served in the suit and/or

17    arbitration proceedings brought by Farhad Larian against YOU, including without

18    limitation all declarations, affidavits, transcripts, video and/or audio recordings and

19    sworn testimony given by any PERSON in such suit or arbitration proceedings.

20    **RESPONSE TO REQUEST FOR PRODUCTION NO. 124:**

21        Larian incorporates by reference the above-stated general objections as

22    if fully set forth herein. Larian also specifically objects to this request on the

23    grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

24    information not relevant to the subject matter of this lawsuit or reasonably

25    calculated to lead to the discovery of admissible evidence. Larian also objects to

26    this request on the grounds that it seeks confidential, proprietary or commercially

27    sensitive information, the disclosure of which would be inimical to the business

28    interests of Larian and one or more third parties. Larian also objects to this request

1    to the extent it calls for the disclosure of attorney-client privileged information or

2    information protected from disclosure by the work-product doctrine, joint defense

3    or common interest privilege, or other privilege.

4          Subject to the foregoing, Larian will produce all documents referring

5    or relating to Bratz within his possession, custody, or control that are responsive to

6    the request, if any, and that have not already been produced, that he discovers in the

7    course of his reasonable search and diligent inquiry, and to which no privilege or

8    other protection applies, including without limitation, the attorney-client privilege

9    or attorney's work product doctrine.

10   **REQUEST FOR PRODUCTION NO. 125:**

11         All DOCUMENTS RELATING TO any and all settlements

12   resolutions or compromises of any suit and/or arbitration proceedings between

13   YOU and Farhad Larian.

14   **RESPONSE TO REQUEST FOR PRODUCTION NO. 125:**

15         Larian incorporates by reference the above-stated general objections as

16   if fully set forth herein. Larian also specifically objects to this request on the

17   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

18   information not relevant to the subject matter of this lawsuit or reasonably

19   calculated to lead to the discovery of admissible evidence. Larian also specifically

20   objects to this request on the grounds that it is overbroad, unduly burdensome and

21   oppressive including, without limitation, in calling for all transcripts and video

22   and/or audio recordings of statements made by any person under oath, including

23   without limitation all deposition transcripts, trial transcripts and arbitration

24   transcripts relating to any suit and/or arbitration proceedings between Larian and

25   Farhad Larian, but not otherwise limited as to subject matter, and not limited in any

26   way as to time. Larian also objects to this request on the grounds that it seeks

27   information that is already known to Mattel and/or is a matter of public record

28   and/or is equally available to Mattel, and is, therefore, unduly burdensome and

1   oppressive. Larian also objects to this request to the extent it may seek documents

2   the disclosure of which is or may be protected by contract or agreement. Larian

3   also objects to this request to the extent that it may seek documents the disclosure

4   of which is or may be governed by court orders. Larian also objects to this request

5   on the grounds that it seeks confidential, proprietary or commercially sensitive

6   information, the disclosure of which would be inimical to the business interests of

7   Larian and one or more third parties. Larian also objects to this request to the

8   extent it seeks information the disclosure of which would implicate the rights of

9   third parties to protect private, confidential, proprietary or trade secret information.

10  Larian also objects to this request to the extent it calls for the disclosure of attorney-

11  client privileged information or information protected from disclosure by the work-

12  product doctrine, joint defense or common interest privilege, or other privilege.

13          Subject to the foregoing, Larian will produce all documents referring

14  or relating to Bratz within his possession, custody, or control that are responsive to

15  the request, if any, and that have not already been produced, that he discovers in the

16  course of his reasonable search and diligent inquiry, and to which no privilege or

17  other protection applies, including without limitation, the attorney-client privilege

18  or attorney's work product doctrine.

19  **REQUEST FOR PRODUCTION NO. 126:**

20          All contracts or agreements between YOU or MGA and Farhad Larian.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 126:**

22          Larian incorporates by reference the above-stated general objections as

23  if fully set forth herein. Larian also specifically objects to this request on the

24  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

25  information not relevant to the subject matter of this lawsuit or reasonably

26  calculated to lead to the discovery of admissible evidence. Larian also objects to

27  this request on the grounds that it is overbroad, unlimited as to time, and unduly

28  burdensome and oppressive. Larian also objects to this request on the grounds that

EXHIBIT __25__ PAGE __992__          - 136 -          LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1    it seeks confidential, proprietary or commercially sensitive information, the

2    disclosure of which would be inimical to the business interests of Larian and one or

3    more third parties.  Larian also objects to this request to the extent it calls for the

4    disclosure of attorney-client privileged information or information protected from

5    disclosure by the work-product doctrine, joint defense or common interest

6    privilege, or other privilege.

7          Subject to the foregoing, Larian will produce all documents within his

8    possession, custody, or control that are responsive to the request, if any, and that

9    have not already been produced, that he discovers in the course of his reasonable

10   search and diligent inquiry, and to which no privilege or other protection applies,

11   including without limitation, the attorney-client privilege or attorney's work

12   product doctrine.

13   **REQUEST FOR PRODUCTION NO. 127:**

14          All COMMUNICATIONS RELATING TO BRATZ between YOU or

15   MGA and Farhad Larian.

16   **RESPONSE TO REQUEST FOR PRODUCTION NO. 127:**

17          Larian incorporates by reference the above-stated general objections as

18   if fully set forth herein.  Larian also specifically objects to this request on the

19   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

20   information not relevant to the subject matter of this lawsuit or reasonably

21   calculated to lead to the discovery of admissible evidence.  Larian also specifically

22   objects to this request on the grounds that it is overbroad, unlimited as to time, and

23   unduly burdensome and oppressive.  Larian also objects to this request on the

24   grounds that it seeks confidential, proprietary or commercially sensitive

25   information, the disclosure of which would be inimical to the business interests of

26   Larian and one or more third parties.  Larian also objects to this request to the

27   extent it calls for the disclosure of attorney-client privileged information or

28   information protected from disclosure by the work-product doctrine, joint defense

EXHIBIT __25__ PAGE __993__          - 137 -          LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   or common interest privilege, or other privilege.  Larian also objects to this request

2   to the extent it seeks information the disclosure of which would implicate the rights

3   of third parties to protect private, confidential, proprietary or trade secret

4   information.  Larian also objects to this request to the extent it seeks documents not

5   within Larian's possession, custody or control.

6          Subject to the foregoing, Larian will produce all documents within his

7   possession, custody, or control that are responsive to the request, if any, and that

8   have not already been produced, that he discovers in the course of his reasonable

9   search and diligent inquiry, and to which no privilege or other protection applies,

10  including without limitation, the attorney-client privilege or attorney's work

11  product doctrine.

12  **REQUEST FOR PRODUCTION NO. 128:**

13         All DOCUMENTS RELATING TO COMMUNICATIONS between

14  YOU or MGA and Farhad Larian that REFER OR RELATE TO BRATZ, including

15  without limitation all diaries, notes, calendars, logs, phone records and letters, that

16  reflect, record or memorialize or otherwise RELATING TO any such

17  COMMUNICATIONS.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 128:**

19         Larian incorporates by reference the above-stated general objections as

20  if fully set forth herein.  Larian also specifically objects to this request on the

21  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

22  information not relevant to the subject matter of this lawsuit or reasonably

23  calculated to lead to the discovery of admissible evidence.  Larian also objects to

24  this request on the grounds that it seeks confidential, proprietary or commercially

25  sensitive information, the disclosure of which would be inimical to the business

26  interests of Larian and one or more third parties.  Larian also objects to this request

27  to the extent it calls for the disclosure of attorney-client privileged information or

28  information protected from disclosure by the work-product doctrine, joint defense

1   or common interest privilege, or other privilege.

2           Subject to the foregoing, Larian will produce all documents within his

3   possession, custody, or control that are responsive to the request, if any, and that

4   have not already been produced, that he discovers in the course of his reasonable

5   search and diligent inquiry, and to which no privilege or other protection applies,

6   including without limitation, the attorney-client privilege or attorney's work

7   product doctrine.

8   **REQUEST FOR PRODUCTION NO. 129:**

9           All COMMUNICATIONS RELATING TO BRYANT between YOU

10  or MGA and Farhad Larian.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 129:**

12          Larian incorporates by reference the above-stated general objections as

13  if fully set forth herein.  Larian also specifically objects to this request on the

14  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

15  information not relevant to the subject matter of this lawsuit or reasonably

16  calculated to lead to the discovery of admissible evidence.  Larian also specifically

17  objects to this request on the grounds that it is overbroad and seeks information not

18  relevant to the subject matter of this lawsuit or reasonably calculated to lead to the

19  discovery of admissible evidence.  Larian also objects to this request on the grounds

20  that it seeks confidential, proprietary or commercially sensitive information, the

21  disclosure of which would be inimical to the business interests of Larian and one or

22  more third parties.  Larian also objects to this request to the extent it calls for the

23  disclosure of attorney-client privileged information or information protected from

24  disclosure by the work-product doctrine, joint defense or common interest

25  privilege, or other privilege.

26          Subject to the foregoing, Larian will produce all documents within his

27  possession, custody, or control that are responsive to the request, if any, and that

28  have not already been produced, that he discovers in the course of his reasonable

EXHIBIT 25  PAGE 995   - 139 -        LARIAN'S SUPP. RESPONSE TO MATTEL'S
                                      1ST SET OF REQUESTS FOR PRODUCTION
                                      CV 04-9049 SGL (RNBX)

1  search and diligent inquiry, and to which no privilege or other protection applies,

2  including without limitation, the attorney-client privilege or attorney's work

3  product doctrine.

4  **REQUEST FOR PRODUCTION NO. 130:**

5    All DOCUMENTS RELATING TO COMMUNICATIONS between

6  YOU or MGA and Farhad Larian that REFER OR RELATE TO BRYANT,

7  including without limitation all diaries, notes, calendars, logs, phone records and

8  letters, that reflect, record or memorialize or otherwise RELATING TO any such

9  COMMUNICATIONS.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 130:**

11    Larian incorporates by reference the above-stated general objections as

12  if fully set forth herein.  Larian also specifically objects to this request on the

13  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

14  information not relevant to the subject matter of this lawsuit or reasonably

15  calculated to lead to the discovery of admissible evidence.  Larian also specifically

16  objects to this request on the grounds that it is overbroad, unduly burdensome and

17  oppressive including, without limitation, in potentially extending to

18  communications that Farhad Larian may have had with any of MGA's hundreds of

19  employees, agents or representatives, and regardless of whether any such

20  communication is related in any way to the subject matter of this lawsuit, MGA, or

21  MGA's business.  Larian also objects to this request on the grounds that it seeks

22  information in violation of the right of privacy.  Larian also objects to this request

23  on the grounds that it seeks confidential, proprietary or commercially sensitive

24  information, the disclosure of which would be inimical to the business interests of

25  Larian and one or more third parties.  Larian further objects to this request to the

26  extent it seeks information the disclosure of which would implicate the rights of

27  third parties to protect private, confidential, proprietary or trade secret information.

28  Larian also objects to this request to the extent it calls for the disclosure of attorney-

EXHIBIT __25__ PAGE __996__    - 140 -    LARIAN'S SUPP. RESPONSE TO MATTEL'S 1ST SET OF REQUESTS FOR PRODUCTION CV 04-9049 SGL (RNBX)

1    client privileged information or information protected from disclosure by the work-

2    product doctrine, joint defense or common interest privilege, or other privilege.

3    Larian also objects to the extent this request seeks documents not in Larian's

4    possession, custody or control.

5           Subject to the foregoing, Larian will produce all documents within his

6    possession, custody, or control that are responsive to the request, if any, and that

7    have not already been produced, that he discovers in the course of his reasonable

8    search and diligent inquiry, and to which no privilege or other protection applies,

9    including without limitation, the attorney-client privilege or attorney's work

10    product doctrine.

11    **REQUEST FOR PRODUCTION NO. 131:**

12           All DOCUMENTS RELATING TO any and all payments or transfer

13    of anything of value that YOU or MGA have made, have offered or proposed to

14    make or have promised or agreed to make, to or for the benefit of Farhad Larian or

15    his FAMILY MEMBERS at any time since January 1, 2001.

16    **RESPONSE TO REQUEST FOR PRODUCTION NO. 131:**

17           Larian incorporates by reference the above-stated general objections as

18    if fully set forth herein. Larian also specifically objects to this request on the

19    grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

20    information not relevant to the subject matter of this lawsuit or reasonably

21    calculated to lead to the discovery of admissible evidence. Larian also objects to

22    this request on the grounds that it seeks information in violation of the right of

23    privacy. Larian also objects to this request on the grounds that it seeks confidential,

24    proprietary or commercially sensitive information, the disclosure of which would

25    be inimical to the business interests of Larian and one or more third parties. Larian

26    also objects to this request to the extent it calls for the disclosure of attorney-client

27    privileged information or information protected from disclosure by the work-

28    product doctrine, joint defense or common interest privilege, or other privilege.

1  Larian also objects to this request to the extent it seeks documents not within

2  Larian's possession, custody or control.

3        Subject to the foregoing, Larian will produce all documents within his

4  possession, custody, or control that are responsive to the request, if any, and that

5  have not already been produced, that he discovers in the course of his reasonable

6  search and diligent inquiry, and to which no privilege or other protection applies,

7  including without limitation, the attorney-client privilege or attorney's work

8  product doctrine.

9  **REQUEST FOR PRODUCTION NO. 132:**

10        All contracts or agreements between YOU or MGA and Morad Zarabi.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 132:**

12        Larian incorporates by reference the above-stated general objections as

13  if fully set forth herein. Larian also specifically objects to this request on the

14  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

15  information not relevant to the subject matter of this lawsuit or reasonably

16  calculated to lead to the discovery of admissible evidence. Larian also objects to

17  this request on the grounds that it seeks information in violation of the right of

18  privacy. Larian also objects to this request on the grounds that it is overbroad,

19  unduly burdensome, and oppressive in seeking all contracts or agreements between

20  Larian or MGA and Morad Zarabi without limitation as to subject matter or time.

21  Larian also objects to this request on the grounds that it seeks confidential,

22  proprietary or commercially sensitive information, the disclosure of which would

23  be inimical to the business interests of Larian and one or more third parties. Larian

24  also objects to this request to the extent it calls for the disclosure of attorney-client

25  privileged information or information protected from disclosure by the work-

26  product doctrine, joint defense or common interest privilege, or other privilege.

27        Subject to the foregoing, Larian will produce all documents within his

28  possession, custody, or control that are responsive to the request, if any, and that

EXHIBIT _25_ PAGE _998_    - 142 -   LARIAN'S SUPP. RESPONSE TO MATTEL'S 1ST SET OF REQUESTS FOR PRODUCTION CV 04-9049 SGL (RNBX)

1    have not already been produced, that he discovers in the course of his reasonable

2    search and diligent inquiry, and to which no privilege or other protection applies,

3    including without limitation, the attorney-client privilege or attorney's work

4    product doctrine.

5    **REQUEST FOR PRODUCTION NO. 133:**

6            All COMMUNICATIONS RELATING TO BRATZ between YOU or

7    MGA and Morad Zarabi.

8    **RESPONSE TO REQUEST FOR PRODUCTION NO. 133:**

9            Larian incorporates by reference the above-stated general objections as

10   if fully set forth herein.  Larian also specifically objects to this request on the

11   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

12   information not relevant to the subject matter of this lawsuit or reasonably

13   calculated to lead to the discovery of admissible evidence.  Larian also objects to

14   this request on the grounds that it is overbroad, unduly burdensome and oppressive,

15   including, without limitation, in that it is unlimited as to time and potentially

16   extends to communications that Morad Zarabi may have had with any of MGA's

17   hundreds of employees, agents or representatives, and regardless of whether any

18   such communication is related in any way to the subject matter of this lawsuit,

19   Larian, MGA, or MGA's business.  Larian also objects to this request on the

20   grounds that it seeks information in violation of the right of privacy.  Larian also

21   objects to this request on the grounds that it seeks confidential, proprietary or

22   commercially sensitive information, the disclosure of which would be inimical to

23   the business interests of Larian and one or more third parties.  Larian further objects

24   to this request to the extent it seeks information the disclosure of which would

25   implicate the rights of third parties to protect private, confidential, proprietary or

26   trade secret information.  Larian also objects to this request to the extent it calls for

27   the disclosure of attorney-client privileged information or information protected

28   from disclosure by the work-product doctrine, joint defense or common interest

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

- 143 -

EXHIBIT _25_ PAGE _999_

1  privilege, or other privilege.  Larian also objects to the extent this request seeks

2  documents not in Larian's possession, custody or control.

3         Subject to the foregoing, Larian will produce all documents within his

4  possession, custody, or control that are responsive to the request, if any, and that

5  have not already been produced, that he discovers in the course of his reasonable

6  search and diligent inquiry, and to which no privilege or other protection applies,

7  including without limitation, the attorney-client privilege or attorney's work

8  product doctrine.

9  **REQUEST FOR PRODUCTION NO. 134:**

10        All DOCUMENTS RELATING TO COMMUNICATIONS between

11 YOU or MGA and Morad Zarabi that REFER OR RELATE TO BRATZ, including

12 without limitation all diaries, notes, calendars, logs, phone records and letters, that

13 reflect, record or memorialize or otherwise RELATING TO any such

14 COMMUNICATIONS.

15 **RESPONSE TO REQUEST FOR PRODUCTION NO. 134:**

16        Larian incorporates by reference the above-stated general objections as

17 if fully set forth herein.  Larian also specifically objects to this request on the

18 grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

19 information not relevant to the subject matter of this lawsuit or reasonably

20 calculated to lead to the discovery of admissible evidence.  Larian also specifically

21 objects to this request on the grounds that it is overbroad, unduly burdensome, and

22 oppressive in that it seeks all documents relating to communications between

23 Larian or MGA and Morad Zarabi that refer or relate to Bratz and is not otherwise

24 limited as to subject matter or time.  Larian also objects to this request on the

25 grounds that it is overbroad, unduly burdensome and oppressive including, without

26 limitation, in potentially extending to communications that Morad Zarabi may have

27 had with any of MGA's hundreds of employees, agents or representatives, and

28 regardless of whether any such communication is related in any way to the subject

EXHIBIT __95__ PAGE __1000__   - 144 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   matter of this lawsuit, MGA, or MGA's business.  Larian also objects to this

2   request on the grounds that it seeks information in violation of the right of privacy.

3   Larian also objects to this request on the grounds that it seeks confidential,

4   proprietary or commercially sensitive information, the disclosure of which would

5   be inimical to the business interests of Larian and one or more third parties.  Larian

6   further objects to this request to the extent it seeks information the disclosure of

7   which would implicate the rights of third parties to protect private, confidential,

8   proprietary or trade secret information.  Larian also objects to this request to the

9   extent it calls for the disclosure of attorney-client privileged information or

10  information protected from disclosure by the work-product doctrine, joint defense

11  or common interest privilege, or other privilege.  Larian also objects to the extent

12  this request seeks documents not in Larian's possession, custody or control.

13          Subject to the foregoing, Larian will produce all documents within his

14  possession, custody, or control that are responsive to the request, if any, and that

15  have not already been produced, that he discovers in the course of his reasonable

16  search and diligent inquiry, and to which no privilege or other protection applies,

17  including without limitation, the attorney-client privilege or attorney's work

18  product doctrine.

19  **REQUEST FOR PRODUCTION NO. 135:**

20          All COMMUNICATIONS RELATING TO BRYANT between YOU

21  or MGA and Morad Zarabi.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 135:**

23          Larian incorporates by reference the above-stated general objections as

24  if fully set forth herein.  Larian also specifically objects to this request on the

25  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

26  information not relevant to the subject matter of this lawsuit or reasonably

27  calculated to lead to the discovery of admissible evidence.  Larian also objects to

28  this request on the grounds that it seeks confidential, proprietary or commercially

EXHIBIT __$\mathcal{X}$__ PAGE __1001__          - 145 -          LARIAN'S SUPP. RESPONSE TO MATTEL'S
                                                                  1ST SET OF REQUESTS FOR PRODUCTION
                                                                  CV 04-9049 SGL (RNBX)

1   sensitive information, the disclosure of which would be inimical to the business

2   interests of Larian and one or more third parties.  Larian also objects to this request

3   to the extent it calls for the disclosure of attorney-client privileged information or

4   information protected from disclosure by the work-product doctrine, joint defense

5   or common interest privilege, or other privilege.

6          Subject to the foregoing, Larian will produce all documents within his

7   possession, custody, or control that are responsive to the request, if any, and that

8   have not already been produced, that he discovers in the course of his reasonable

9   search and diligent inquiry, and to which no privilege or other protection applies,

10  including without limitation, the attorney-client privilege or attorney's work

11  product doctrine.

12  **REQUEST FOR PRODUCTION NO. 136:**

13          All DOCUMENTS RELATING TO COMMUNICATIONS between

14  YOU or MGA and Morad Zarabi that REFER OR RELATE TO BRYANT,

15  including without limitation all diaries, notes, calendars, logs, phone records and

16  letters, that reflect, record or memorialize or otherwise RELATING TO any such

17  COMMUNICATIONS.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 136:**

19          Larian incorporates by reference the above-stated general objections as

20  if fully set forth herein.  Larian also specifically objects to this request on the

21  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

22  information not relevant to the subject matter of this lawsuit or reasonably

23  calculated to lead to the discovery of admissible evidence.  Larian also specifically

24  objects to this request on the grounds that it is overbroad, unduly burdensome, and

25  oppressive in that it seeks all documents relating to communications between

26  Larian or MGA and Morad Zarabi that refer or relate to Bryant and is not otherwise

27  limited as to subject matter or time.  Larian also objects to this request on the

28  grounds that it is overbroad, unduly burdensome and oppressive including, without

EXHIBIT ___ PAGE 1002        - 146 -        LARIAN'S SUPP. RESPONSE TO MATTEL'S
                                            1ST SET OF REQUESTS FOR PRODUCTION
                                            CV 04-9049 SGL (RNBX)

1   limitation, in potentially extending to communications that Morad Zarabi may have

2   had with any of MGA's hundreds of employees, agents or representatives, and

3   regardless of whether any such communication is related in any way to the subject

4   matter of this lawsuit, MGA, or MGA's business. Larian also objects to this

5   request on the grounds that it seeks information in violation of the right of privacy.

6   Larian also objects to this request on the grounds that it seeks confidential,

7   proprietary or commercially sensitive information, the disclosure of which would

8   be inimical to the business interests of Larian and one or more third parties. Larian

9   further objects to this request to the extent it seeks information the disclosure of

10  which would implicate the rights of third parties to protect private, confidential,

11  proprietary or trade secret information. Larian also objects to this request to the

12  extent it calls for the disclosure of attorney-client privileged information or

13  information protected from disclosure by the work-product doctrine, joint defense

14  or common interest privilege, or other privilege. Larian also objects to the extent

15  this request seeks documents not in Larian's possession, custody or control.

16          Subject to the foregoing, Larian will produce all documents within his

17  possession, custody, or control that are responsive to the request, if any, and that

18  have not already been produced, that he discovers in the course of his reasonable

19  search and diligent inquiry, and to which no privilege or other protection applies,

20  including without limitation, the attorney-client privilege or attorney's work

21  product doctrine.

22  **REQUEST FOR PRODUCTION NO. 137:**

23          All DOCUMENTS RELATING TO any and all payments or transfer

24  of anything of value that YOU or MGA have made, have offered or proposed to

25  make or have promised or agreed to make, to or for the benefit of Morad Zarabi or

26  his FAMILY MEMBERS at any time since January 1, 2001.

27  **RESPONSE TO REQUEST FOR PRODUCTION NO. 137:**

28          Larian incorporates by reference the above-stated general objections as

EXHIBIT 25 PAGE 1003   - 147 -   LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1    if fully set forth herein. Larian also specifically objects to this request on the

2    grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

3    information not relevant to the subject matter of this lawsuit or reasonably

4    calculated to lead to the discovery of admissible evidence. Larian also objects to

5    this request on the grounds that it seeks information in violation of the right of

6    privacy. Larian also objects to this request on the grounds that it seeks confidential,

7    proprietary or commercially sensitive information, the disclosure of which would

8    be inimical to the business interests of Larian and one or more third parties. Larian

9    also objects to this request to the extent it calls for the disclosure of attorney-client

10   privileged information or information protected from disclosure by the work-

11   product doctrine, joint defense or common interest privilege, or other privilege.

12   Larian also objects to this request to the extent it seeks documents not within

13   Larian's possession, custody or control.

14          Subject to the foregoing, Larian will produce all documents within his

15   possession, custody, or control that are responsive to the request, if any, and that

16   have not already been produced, that he discovers in the course of his reasonable

17   search and diligent inquiry, and to which no privilege or other protection applies,

18   including without limitation, the attorney-client privilege or attorney's work

19   product doctrine.

20   **REQUEST FOR PRODUCTION NO. 138:**

21          All DOCUMENTS RELATING TO any and all payments or transfers

22   of anything of value that YOU or MGA have made, have offered or proposed to

23   make or have promised or agreed to make, to or for the benefit of BRYANT or his

24   FAMILY MEMBERS.

25   **RESPONSE TO REQUEST FOR PRODUCTION NO. 138:**

26          Larian incorporates by reference the above-stated general objections as

27   if fully set forth herein. Larian also specifically objects to this request on the

28   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

EXHIBIT 25 PAGE 1004   - 148 -   LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   information not relevant to the subject matter of this lawsuit or reasonably

2   calculated to lead to the discovery of admissible evidence. Larian also specifically

3   objects to this request on the grounds that it is overbroad, unlimited as to time, and

4   unduly burdensome and oppressive. Larian also objects to this request on the

5   grounds that it seeks information in violation of the right of privacy. Larian also

6   objects to this request on the grounds that it seeks confidential, proprietary or

7   commercially sensitive information, the disclosure of which would be inimical to

8   the business interests of Larian and one or more third parties. Larian also objects to

9   this request to the extent it calls for the disclosure of attorney-client privileged

10  information or information protected from disclosure by the work-product doctrine,

11  joint defense or common interest privilege, or other privilege.

12          Subject to the foregoing, Larian will produce all documents within his

13  possession, custody, or control that are responsive to the request, if any, and that

14  have not already been produced, that he discovers in the course of his reasonable

15  search and diligent inquiry, and to which no privilege or other protection applies,

16  including without limitation, the attorney-client privilege or attorney's work

17  product doctrine.

18  **REQUEST FOR PRODUCTION NO. 139:**

19          All DOCUMENTS RELATING TO any and all payments or transfers

20  of anything of value that YOU or MGA have made, have offered or proposed to

21  make or have promised or agreed to make, to or for the benefit of Elise Cloonan or

22  her FAMILY MEMBERS.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 139:**

24          Larian incorporates by reference the above-stated general objections as

25  if fully set forth herein. Larian also specifically objects to this request on the

26  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

27  information not relevant to the subject matter of this lawsuit or reasonably

28  calculated to lead to the discovery of admissible evidence. Larian also objects to

EXHIBIT _25_ PAGE _1005_      - 149 -      LARIAN'S SUPP. RESPONSE TO MATTEL'S
                                          1ST SET OF REQUESTS FOR PRODUCTION
                                          CV 04-9049 SGL (RNBX)

1   this request on the grounds that it is overbroad, unlimited as to time, and unduly

2   burdensome and oppressive. Larian also objects to this request on the grounds that

3   it seeks information in violation of the right of privacy. Larian also objects to this

4   request on the grounds that it seeks confidential, proprietary or commercially

5   sensitive information, the disclosure of which would be inimical to the business

6   interests of Larian and one or more third parties. Larian also objects to this request

7   to the extent it calls for the disclosure of attorney-client privileged information or

8   information protected from disclosure by the work-product doctrine, joint defense

9   or common interest privilege, or other privilege.

10        Subject to the foregoing, Larian will produce all documents relating to

11   payments made before January 1, 2001 and all documents pertaining to payments

12   related to Bratz or Angel made prior to December 31, 2001 within his possession,

13   custody, or control that are responsive to the request, if any, and that have not

14   already been produced, that he discovers in the course of his reasonable search and

15   diligent inquiry, and to which no privilege or other protection applies, including

16   without limitation, the attorney-client privilege or attorney's work product doctrine.

17   **REQUEST FOR PRODUCTION NO. 140:**

18        All DOCUMENTS RELATING TO any and all payments or transfers

19   of anything of value that YOU or MGA have made, have offered or proposed to

20   make or have promised or agreed to make, to or for the benefit of Margaret Hatch

21   (also known as Margaret Leahy and/or Margaret Hatch-Leahy) or her FAMILY

22   MEMBERS.

23   **RESPONSE TO REQUEST FOR PRODUCTION NO. 140:**

24        Larian incorporates by reference the above-stated general objections as

25   if fully set forth herein. Larian also specifically objects to this request on the

26   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

27   information not relevant to the subject matter of this lawsuit or reasonably

28   calculated to lead to the discovery of admissible evidence. Larian also objects to

EXHIBIT _25_ PAGE _1006_   - 150 -   LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   this request on the grounds that it is overbroad, unlimited as to time, and unduly

2   burdensome and oppressive.  Larian also objects to this request on the grounds that

3   it seeks information in violation of the right of privacy.  Larian also objects to this

4   request on the grounds that it seeks confidential, proprietary or commercially

5   sensitive information, the disclosure of which would be inimical to the business

6   interests of Larian and one or more third parties.  Larian also objects to this request

7   to the extent it calls for the disclosure of attorney-client privileged information or

8   information protected from disclosure by the work-product doctrine, joint defense

9   or common interest privilege, or other privilege.

10          Subject to the foregoing, Larian will produce all documents relating to

11   payments made before January 1, 2001 and all documents pertaining to payments

12   related to Bratz or Angel made prior to December 31, 2001 within his possession,

13   custody, or control that are responsive to the request, if any, and that have not

14   already been produced, that he discovers in the course of his reasonable search and

15   diligent inquiry, and to which no privilege or other protection applies, including

16   without limitation, the attorney-client privilege or attorney's work product doctrine.

17   **REQUEST FOR PRODUCTION NO. 141:**

18          All DOCUMENTS RELATING TO any and all payments or transfers

19   of anything of value that YOU or MGA have made, have offered or proposed to

20   make or have promised or agreed to make, to or for the benefit of Amy Meyers or

21   her FAMILY MEMBERS.

22   **RESPONSE TO REQUEST FOR PRODUCTION NO. 141:**

23          Larian incorporates by reference the above-stated general objections as

24   if fully set forth herein.  Larian also specifically objects to this request on the

25   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

26   information not relevant to the subject matter of this lawsuit or reasonably

27   calculated to lead to the discovery of admissible evidence.  Larian also objects to

28   this request on the grounds that it is overbroad, unlimited as to time, and unduly

EXHIBIT **25** PAGE **1007**    - 151 -    LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   burdensome and oppressive.  Larian also objects to this request on the grounds that

2   it seeks information in violation of the right of privacy.  Larian also objects to this

3   request on the grounds that it seeks confidential, proprietary or commercially

4   sensitive information, the disclosure of which would be inimical to the business

5   interests of Larian and one or more third parties.  Larian also objects to this request

6   to the extent it calls for the disclosure of attorney-client privileged information or

7   information protected from disclosure by the work-product doctrine, joint defense

8   or common interest privilege, or other privilege.

9          Subject to the foregoing, Larian will produce all documents relating to

10  payments made before January 1, 2001 and all documents pertaining to payments

11  related to Bratz or Angel made prior to December 31, 2001 within his possession,

12  custody, or control that are responsive to the request, if any, and that have not

13  already been produced, that he discovers in the course of his reasonable search and

14  diligent inquiry, and to which no privilege or other protection applies, including

15  without limitation, the attorney-client privilege or attorney's work product doctrine.

16  **REQUEST FOR PRODUCTION NO. 142:**

17          All DOCUMENTS RELATING TO any and all payments or transfers

18  of anything of value that YOU or MGA have made, have offered or proposed to

19  make or have promised or agreed to make, to or for the benefit of Sarah Halpern or

20  her FAMILY MEMBERS at any time since January 1, 1999.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 142:**

22          Larian incorporates by reference the above-stated general objections as

23  if fully set forth herein.  Larian also specifically objects to this request on the

24  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

25  information not relevant to the subject matter of this lawsuit or reasonably

26  calculated to lead to the discovery of admissible evidence.  Larian also objects to

27  this request on the grounds that it seeks information in violation of the right of

28  privacy.  Larian also objects to this request on the grounds that it seeks confidential,

EXHIBIT **X**   PAGE **1008**   - 152 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  proprietary or commercially sensitive information, the disclosure of which would

2  be inimical to the business interests of Larian and one or more third parties.  Larian

3  also objects to this request to the extent it calls for the disclosure of attorney-client

4  privileged information or information protected from disclosure by the work-

5  product doctrine, joint defense or common interest privilege, or other privilege.

6        Subject to the foregoing, Larian will produce all documents relating to

7  payments made before January 1, 2001 and all documents pertaining to payments

8  related to Bratz or Angel made prior to December 31, 2001 within his possession,

9  custody, or control that are responsive to the request, if any, and that have not

10  already been produced, that he discovers in the course of his reasonable search and

11  diligent inquiry, and to which no privilege or other protection applies, including

12  without limitation, the attorney-client privilege or attorney's work product doctrine.

13  **REQUEST FOR PRODUCTION NO. 143:**

14        All DOCUMENTS RELATING TO any and all payments or transfers

15  of anything of value that YOU or MGA have made, have offered or proposed to

16  make or have promised or agreed to make, to or for the benefit of Maureen Mullen

17  or her FAMILY MEMBERS at any time since January 1, 1999.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 143:**

19        Larian incorporates by reference the above-stated general objections as

20  if fully set forth herein.  Larian also specifically objects to this request on the

21  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

22  information not relevant to the subject matter of this lawsuit or reasonably

23  calculated to lead to the discovery of admissible evidence.  Larian also objects to

24  this request on the grounds that it seeks information in violation of the right of

25  privacy.  Larian also objects to this request on the grounds that it seeks confidential,

26  proprietary or commercially sensitive information, the disclosure of which would

27  be inimical to the business interests of Larian and one or more third parties.  Larian

28  also objects to this request to the extent it calls for the disclosure of attorney-client

EXHIBIT 25 PAGE 1009        - 153 -        LARIAN'S SUPP. RESPONSE TO MATTEL'S
                                          1ST SET OF REQUESTS FOR PRODUCTION
                                          CV 04-9049 SGL (RNBX)

1  privileged information or information protected from disclosure by the work-

2  product doctrine, joint defense or common interest privilege, or other privilege.

3         Subject to the foregoing, Larian will produce all documents relating to

4  payments made before January 1, 2001 and all documents pertaining to payments

5  related to Bratz or Angel made prior to December 31, 2001 within his possession,

6  custody, or control that are responsive to the request, if any, and that have not

7  already been produced, that he discovers in the course of his reasonable search and

8  diligent inquiry, and to which no privilege or other protection applies, including

9  without limitation, the attorney-client privilege or attorney's work product doctrine.

10  **REQUEST FOR PRODUCTION NO. 144:**

11         All DOCUMENTS RELATING TO any and all payments or transfers

12  of anything of value that YOU or MGA have made, have offered or proposed to

13  make or have promised or agreed to make, to or for the benefit of Wendy Ragsdale

14  or her FAMILY MEMBERS.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 144:**

16         Larian incorporates by reference the above-stated general objections as

17  if fully set forth herein. Larian also specifically objects to this request on the

18  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

19  information not relevant to the subject matter of this lawsuit or reasonably

20  calculated to lead to the discovery of admissible evidence. Larian also objects to

21  this request on the grounds that it is overbroad, unlimited as to time, and unduly

22  burdensome and oppressive. Larian also objects to this request on the grounds that

23  it seeks information in violation of the right of privacy. Larian also objects to this

24  request on the grounds that it seeks confidential, proprietary or commercially

25  sensitive information, the disclosure of which would be inimical to the business

26  interests of Larian and one or more third parties. Larian also objects to this request

27  to the extent it calls for the disclosure of attorney-client privileged information or

28  information protected from disclosure by the work-product doctrine, joint defense

- 154 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1 | or common interest privilege, or other privilege.

2 |      Subject to the foregoing, Larian will produce all documents relating to

3 | payments made before January 1, 2001 and all documents pertaining to payments

4 | related to Bratz or Angel made prior to December 31, 2001 within his possession,

5 | custody, or control that are responsive to the request, if any, and that have not

6 | already been produced, that he discovers in the course of his reasonable search and

7 | diligent inquiry, and to which no privilege or other protection applies, including

8 | without limitation, the attorney-client privilege or attorney's work product doctrine.

9 | **REQUEST FOR PRODUCTION NO. 145:**

10 |      All DOCUMENTS RELATING TO any and all payments or transfers

11 | of anything of value that YOU or MGA have made, have offered or proposed to

12 | make or have promised or agreed to make, to or for the benefit of Billy Ragsdale or

13 | his FAMILY MEMBERS.

14 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 145:**

15 |      Larian incorporates by reference the above-stated general objections as

16 | if fully set forth herein.  Larian also specifically objects to this request on the

17 | grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

18 | information not relevant to the subject matter of this lawsuit or reasonably

19 | calculated to lead to the discovery of admissible evidence.  Larian also objects to

20 | this request on the grounds that it is overbroad, unlimited as to time, and unduly

21 | burdensome and oppressive.  Larian also objects to this request on the grounds that

22 | it seeks information in violation of the right of privacy.  Larian also objects to this

23 | request on the grounds that it seeks confidential, proprietary or commercially

24 | sensitive information, the disclosure of which would be inimical to the business

25 | interests of Larian and one or more third parties.  Larian also objects to this request

26 | to the extent it calls for the disclosure of attorney-client privileged information or

27 | information protected from disclosure by the work-product doctrine, joint defense

28 | or common interest privilege, or other privilege.

- 155 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1    Subject to the foregoing, Larian will produce all documents relating to

2    payments made before January 1, 2001 and all documents pertaining to payments

3    related to Bratz or Angel made prior to December 31, 2001 within his possession,

4    custody, or control that are responsive to the request, if any, and that have not

5    already been produced, that he discovers in the course of his reasonable search and

6    diligent inquiry, and to which no privilege or other protection applies, including

7    without limitation, the attorney-client privilege or attorney's work product doctrine.

8    **REQUEST FOR PRODUCTION NO. 146:**

9    All DOCUMENTS RELATING TO any and all payments or transfers

10   of anything of value that YOU or MGA have made, have offered or proposed to

11   make or have promised or agreed to make, to or for the benefit of Anna Rhee or her

12   FAMILY MEMBERS at any time since January 1, 1999.

13   **RESPONSE TO REQUEST FOR PRODUCTION NO. 146:**

14   Larian incorporates by reference the above-stated general objections as

15   if fully set forth herein. Larian also specifically objects to this request on the

16   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

17   information not relevant to the subject matter of this lawsuit or reasonably

18   calculated to lead to the discovery of admissible evidence. Larian also objects to

19   this request on the grounds that it seeks information in violation of the right of

20   privacy. Larian also objects to this request on the grounds that it seeks confidential,

21   proprietary or commercially sensitive information, the disclosure of which would

22   be inimical to the business interests of Larian and one or more third parties. Larian

23   also objects to this request to the extent it calls for the disclosure of attorney-client

24   privileged information or information protected from disclosure by the work-

25   product doctrine, joint defense or common interest privilege, or other privilege.

26   Subject to the foregoing, Larian will produce all documents relating to

27   payments made before January 1, 2001 and all documents pertaining to payments

28   related to Bratz or Angel made prior to December 31, 2001 within his possession,

EXHIBIT ___ PAGE ___

- 156 -