1   custody, or control that are responsive to the request, if any, and that have not

2   already been produced, that he discovers in the course of his reasonable search and

3   diligent inquiry, and to which no privilege or other protection applies, including

4   without limitation, the attorney-client privilege or attorney's work product doctrine.

5   **REQUEST FOR PRODUCTION NO. 147:**

6          All DOCUMENTS RELATING TO any indemnification that

7   BRYANT has sought, proposed, requested or obtained in connection with this

8   ACTION.

9   **RESPONSE TO REQUEST FOR PRODUCTION NO. 147:**

10          Larian incorporates by reference the above-stated general objections as

11  if fully set forth herein. Larian also specifically objects to this request on the

12  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

13  information not relevant to the subject matter of this lawsuit or reasonably

14  calculated to lead to the discovery of admissible evidence. Larian also specifically

15  objects to this request on the grounds that it seeks information in violation of the

16  right of privacy. Larian also objects to this request on the grounds that it seeks

17  confidential, proprietary or commercially sensitive information, the disclosure of

18  which would be inimical to the business interests of Larian and one or more third

19  parties. Larian also objects to this request to the extent it calls for the disclosure of

20  attorney-client privileged information or information protected from disclosure by

21  the work-product doctrine, joint defense or common interest privilege, or other

22  privilege.

23          Subject to the foregoing, Larian will produce all documents within his

24  possession, custody, or control that are responsive to the request, if any, and that

25  have not already been produced, that he discovers in the course of his reasonable

26  search and diligent inquiry, and to which no privilege or other protection applies,

27  including without limitation, the attorney-client privilege or attorney's work

28  product doctrine.

EXHIBIT 25   PAGE 1013

- 157 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

**REQUEST FOR PRODUCTION NO. 148:**

All DOCUMENTS RELATING TO any indemnification that Elise Cloonan has sought, proposed, requested or obtained in connection with this ACTION.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 148:**

Larian incorporates by reference the above-stated general objections as if fully set forth herein. Larian also specifically objects to this request on the grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence. Larian also objects to this request on the grounds that it seeks information in violation of the right of privacy. Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties. Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.

Subject to the foregoing, Larian will produce all documents within his possession, custody, or control that are responsive to the request, if any, and that have not already been produced, that he discovers in the course of his reasonable search and diligent inquiry, and to which no privilege or other protection applies, including without limitation, the attorney-client privilege or attorney's work product doctrine.

**REQUEST FOR PRODUCTION NO. 149:**

All DOCUMENTS RELATING TO any indemnification that Margaret Hatch-Leahy has sought, proposed, requested or obtained in connection with this ACTION.

EXHIBIT 25 PAGE 1014

- 158 -

**RESPONSE TO REQUEST FOR PRODUCTION NO. 149:**

Larian incorporates by reference the above-stated general objections as if fully set forth herein. Larian also specifically objects to this request on the grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence. Larian also objects to this request on the grounds that it seeks information in violation of the right of privacy. Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties. Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.

Subject to the foregoing, Larian will produce all documents within his possession, custody, or control that are responsive to the request, if any, and that have not already been produced, that he discovers in the course of his reasonable search and diligent inquiry, and to which no privilege or other protection applies, including without limitation, the attorney-client privilege or attorney's work product doctrine.

**REQUEST FOR PRODUCTION NO. 150:**

All DOCUMENTS RELATING TO any indemnification that Veronica Marlow has sought, proposed, requested or obtained in connection with this ACTION.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 150:**

Larian incorporates by reference the above-stated general objections as if fully set forth herein. Larian also specifically objects to this request on the grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks information not relevant to the subject matter of this lawsuit or reasonably

EXHIBIT ___ PAGE 1015    - 159 -

1  calculated to lead to the discovery of admissible evidence. Larian also objects to

2  this request on the grounds that it seeks information in violation of the right of

3  privacy. Larian also objects to this request on the grounds that it seeks confidential,

4  proprietary or commercially sensitive information, the disclosure of which would

5  be inimical to the business interests of Larian and one or more third parties. Larian

6  also objects to this request to the extent it calls for the disclosure of attorney-client

7  privileged information or information protected from disclosure by the work-

8  product doctrine, joint defense or common interest privilege, or other privilege.

9       Subject to the foregoing, Larian will produce all documents within his

10 possession, custody, or control that are responsive to the request, if any, and that

11 have not already been produced, that he discovers in the course of his reasonable

12 search and diligent inquiry, and to which no privilege or other protection applies,

13 including without limitation, the attorney-client privilege or attorney's work

14 product doctrine.

15 **REQUEST FOR PRODUCTION NO. 151:**

16      All DOCUMENTS RELATING TO any indemnification that Sarah

17 Halpern has sought, proposed, requested or obtained in connection with this

18 ACTION.

19 **RESPONSE TO REQUEST FOR PRODUCTION NO. 151:**

20      Larian incorporates by reference the above-stated general objections as

21 if fully set forth herein. Larian also specifically objects to this request on the

22 grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

23 information not relevant to the subject matter of this lawsuit or reasonably

24 calculated to lead to the discovery of admissible evidence. Larian also objects to

25 this request on the grounds that it seeks confidential, proprietary or commercially

26 sensitive information, the disclosure of which would be inimical to the business

27 interests of Larian and one or more third parties. Larian also objects to this request

28 on the grounds that it seeks information in violation of the right of privacy. Larian

EXHIBIT ___25___ PAGE __l0l6__

- 160 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  also objects to this request to the extent it calls for the disclosure of attorney-client

2  privileged information or information protected from disclosure by the work-

3  product doctrine, joint defense or common interest privilege, or other privilege.

4       Subject to the foregoing, Larian will produce all documents within his

5  possession, custody, or control that are responsive to the request, if any, and that

6  have not already been produced, that he discovers in the course of his reasonable

7  search and diligent inquiry, and to which no privilege or other protection applies,

8  including without limitation, the attorney-client privilege or attorney's work

9  product doctrine.

10 **REQUEST FOR PRODUCTION NO. 152:**

11      All DOCUMENTS RELATING TO any indemnification that Paula

12 Garcia (also known as Paula Treantafellas) has sought, proposed, requested or

13 obtained in connection with this ACTION.

14 **RESPONSE TO REQUEST FOR PRODUCTION NO. 152:**

15      Larian incorporates by reference the above-stated general objections as

16 if fully set forth herein.  Larian also specifically objects to this request on the

17 grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

18 information not relevant to the subject matter of this lawsuit or reasonably

19 calculated to lead to the discovery of admissible evidence.  Larian also objects to

20 this request on the grounds that it seeks information in violation of the right of

21 privacy.  Larian also objects to this request on the grounds that it seeks confidential,

22 proprietary or commercially sensitive information, the disclosure of which would

23 be inimical to the business interests of Larian and one or more third parties.  Larian

24 also objects to this request to the extent it calls for the disclosure of attorney-client

25 privileged information or information protected from disclosure by the work-

26 product doctrine, joint defense or common interest privilege, or other privilege.

27      Subject to the foregoing, Larian will produce all documents within his

28 possession, custody, or control that are responsive to the request, if any, and that

EXHIBIT 25 PAGE 101   - 161 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1    have not already been produced, that he discovers in the course of his reasonable

2    search and diligent inquiry, and to which no privilege or other protection applies,

3    including without limitation, the attorney-client privilege or attorney's work

4    product doctrine.

5    **REQUEST FOR PRODUCTION NO. 153:**

6        To the extent not covered by other Requests, all DOCUMENTS

7    RELATING TO any indemnification that any PERSON has sought, proposed,

8    requested or obtained in connection with this ACTION.

9    **RESPONSE TO REQUEST FOR PRODUCTION NO. 153:**

10        Larian incorporates by reference the above-stated general objections as

11   if fully set forth herein. Larian also specifically objects to this request on the

12   grounds that it is overbroad and seeks information not relevant to the subject matter

13   of this lawsuit or reasonably calculated to lead to the discovery of admissible

14   evidence. Larian also objects to this request on the grounds that it seeks

15   information in violation of the right of privacy. Larian also objects to this request

16   on the grounds that it seeks confidential, proprietary or commercially sensitive

17   information, the disclosure of which would be inimical to the business interests of

18   Larian and one or more third parties. Larian also objects to this request to the

19   extent it calls for the disclosure of attorney-client privileged information or

20   information protected from disclosure by the work-product doctrine, joint defense

21   or common interest privilege, or other privilege.

22        Subject to the foregoing, Larian will produce all documents within his

23   possession, custody, or control that are responsive to the request, if any, and that

24   have not already been produced, that he discovers in the course of his reasonable

25   search and diligent inquiry, and to which no privilege or other protection applies,

26   including without limitation, the attorney-client privilege or attorney's work

27   product doctrine.

28

EXHIBIT __25__  PAGE __1018__

- 162 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  **REQUEST FOR PRODUCTION NO. 154:**

2        All DOCUMENTS RELATING TO any indemnification that YOU or

3  MGA have sought, proposed, requested or obtained in connection with this

4  ACTION.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 154:**

6        Larian incorporates by reference the above-stated general objections as

7  if fully set forth herein.  Larian also specifically objects to this request on the

8  grounds that seeks information not relevant to the subject matter of this lawsuit or

9  reasonably calculated to lead to the discovery of admissible evidence.  Larian also

10  specifically objects to this request on the grounds that it seeks information in

11  violation of the right of privacy.  Larian also objects to this request on the grounds

12  that it seeks confidential, proprietary or commercially sensitive information, the

13  disclosure of which would be inimical to the business interests of Larian and one or

14  more third parties.  Larian also objects to this request to the extent it calls for the

15  disclosure of attorney-client privileged information or information protected from

16  disclosure by the work-product doctrine, joint defense or common interest

17  privilege, or other privilege.

18        Subject to the foregoing, Larian will produce all documents within his

19  possession, custody, or control that are responsive to the request, if any, and that

20  have not already been produced, that he discovers in the course of his reasonable

21  search and diligent inquiry, and to which no privilege or other protection applies,

22  including without limitation, the attorney-client privilege or attorney's work

23  product doctrine.

24  **REQUEST FOR PRODUCTION NO. 155:**

25        All COMMUNICATIONS between YOU or MGA and Universal

26  Commerce Corp., Ltd. prior to June 1, 2001.

27  **RESPONSE TO REQUEST FOR PRODUCTION NO. 155:**

28        Larian incorporates by reference the above-stated general objections as

EXHIBIT  X  PAGE  1019  - 163 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   if fully set forth herein.  Larian also specifically objects to this request on the

2   grounds that it is overbroad and unduly burdensome, including, without limitation,

3   in that it seeks all communications between Larian or MGA and Universal

4   Commerce Corp., without regard to subject matter, and extends back in time

5   indefinitely.  Larian also objects to this request on the grounds that it seeks

6   confidential, proprietary or commercially sensitive information, the disclosure of

7   which would be inimical to the business interests of Larian and one or more third

8   parties.  Larian further objects to this request to the extent it seeks information the

9   disclosure of which would implicate the rights of third parties to protect private,

10  confidential, proprietary or trade secret information.  Larian also objects to this

11  request to the extent it calls for the disclosure of attorney-client privileged

12  information or information protected from disclosure by the work-product doctrine,

13  joint defense or common interest privilege, or other privilege.

14          Subject to the foregoing, Larian will produce all documents within his

15  possession, custody, or control that are responsive to the request, if any, and that

16  have not already been produced, that he discovers in the course of his reasonable

17  search and diligent inquiry, and to which no privilege or other protection applies,

18  including without limitation, the attorney-client privilege or attorney's work

19  product doctrine.

20  **REQUEST FOR PRODUCTION NO. 156:**

21          All DOCUMENTS that REFER OR RELATE TO MATTEL, or that

22  were prepared, authored or created by MATTEL, that BRYANT has ever provided

23  to, shown, described to, communicated to or disclosed in any manner to YOU or

24  MGA.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 156:**

26          Larian incorporates by reference the above-stated general objections as

27  if fully set forth herein.  Larian also specifically objects to this request on the

28  grounds that it is overbroad and seeks information not relevant to the subject matter

EXHIBIT __25__ PAGE __1020__

- 164 -

1   of this lawsuit or reasonably calculated to lead to the discovery of admissible

2   evidence including, without limitation, in that it seeks all documents that refer or

3   relate to Mattel and is not otherwise limited as to subject matter or time.  Larian

4   also objects to this request on the grounds that it is overbroad, without limitation, in

5   potentially extending to any document that refers or relates to Mattel that Bryant

6   showed to anybody who now works for MGA, even if Bryant showed the document

7   to such person before one or either of them began work for MGA, and, indeed,

8   while Bryant and such person both worked for Mattel, and without regard to

9   whether such person has or had anything to do with the subject matter of this

10  lawsuit.  Larian also objects to this request on the grounds that it seeks confidential,

11  proprietary or commercially sensitive information, the disclosure of which would

12  be inimical to the business interests of Larian and one or more third parties.  Larian

13  further objects to this request to the extent it seeks information the disclosure of

14  which would implicate the rights of third parties to protect private, confidential,

15  proprietary or trade secret information.  Larian also objects to this request to the

16  extent it calls for the disclosure of attorney-client privileged information or

17  information protected from disclosure by the work-product doctrine, joint defense

18  or common interest privilege, or other privilege.

19          Subject to the foregoing, Larian will produce all documents within his

20  possession, custody, or control that are responsive to the request, if any, and that

21  have not already been produced, that he discovers in the course of his reasonable

22  search and diligent inquiry, and to which no privilege or other protection applies,

23  including without limitation, the attorney-client privilege or attorney's work

24  product doctrine.

25  **REQUEST FOR PRODUCTION NO. 157:**

26          All COMMUNICATIONS between YOU or MGA and BRYANT

27  prior to January 1, 2001, including without limitation all diaries, notes, calendars,

28  logs, phone records and letters, that reflect, record or memorialize or otherwise

EXHIBIT 沢 PAGE 1001       - 165 -       LARIAN'S SUPP. RESPONSE TO MATTEL'S 1ST SET OF REQUESTS FOR PRODUCTION CV 04-9049 SGL (RNBX)

1   RELATING TO any such COMMUNICATIONS.

2   **RESPONSE TO REQUEST FOR PRODUCTION NO. 157:**

3         Larian incorporates by reference the above-stated general objections as

4   if fully set forth herein. Larian also specifically objects to this request on the

5   grounds that it is overbroad, unduly burdensome and oppressive, without limitation,

6   in potentially extending to communications that Bryant may have had with any of

7   MGA's hundreds of employees, agents or representatives, and regardless of whether

8   any such communication is related in any way to the subject matter of this lawsuit,

9   MGA, or MGA's business. Larian also objects to this request on the grounds that it

10   seeks information in violation of the right of privacy. Larian also objects to this

11   request to the extent it seeks information the disclosure of which would implicate

12   the rights of third parties to protect private, confidential, proprietary or trade secret

13   information. Larian also objects to this request on the grounds that it seeks

14   confidential, proprietary or commercially sensitive information, the disclosure of

15   which would be inimical to the business interests of Larian and one or more third

16   parties. Larian also objects to this request to the extent it calls for the disclosure of

17   attorney-client privileged information or information protected from disclosure by

18   the work-product doctrine, joint defense or common interest privilege, or other

19   privilege. Larian also objects to this request to the extent it seeks documents not

20   within Larian's possession, custody or control.

21         Subject to the foregoing, Larian will produce all documents within his

22   possession, custody, or control that are responsive to the request, if any, and that

23   have not already been produced, that he discovers in the course of his reasonable

24   search and diligent inquiry, and to which no privilege or other protection applies,

25   including without limitation, the attorney-client privilege or attorney's work

26   product doctrine.

27   **REQUEST FOR PRODUCTION NO. 158:**

28         All COMMUNICATIONS between YOU or MGA and Elise Cloonan

EXHIBIT 25   PAGE 1032

- 166 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   that REFER OR RELATE TO BRYANT, MATTEL, BRATZ and/or Anna Rhee,

2   including without limitation all diaries, notes, calendars, logs, phone records and

3   letters, that reflect, record or memorialize or otherwise RELATING TO any such

4   COMMUNICATIONS.

5   **RESPONSE TO REQUEST FOR PRODUCTION NO. 158:**

6            Larian incorporates by reference the above-stated general objections as

7   if fully set forth herein.  Larian also specifically objects to this request on the

8   grounds that it is overbroad, unduly burdensome and oppressive, including, without

9   limitation, in that it seeks communications that any of MGA's hundreds of

10  employees, agents or representatives may have exchanged at any time with Elise

11  Cloonan that refer or relate to Bryant, Mattel (or any of its officers, directors,

12  employees, or representatives, regardless of whether such person was employed by

13  Mattel at the time of the communication), Bratz, or Anna Rhee, regardless of

14  whether any such communication is related in any way to the subject matter of this

15  lawsuit.  Larian also objects to this request as overbroad in that it is unlimited as to

16  time.  Larian also objects to this request on the grounds that it seeks information in

17  violation of the right of privacy.  Larian also objects to this request to the extent it

18  seeks information the disclosure of which would implicate the rights of third parties

19  to protect private, confidential, proprietary or trade secret information.  Larian

20  further objects to this request on the grounds that it seeks confidential, proprietary

21  or commercially sensitive information, the disclosure of which would be inimical to

22  the business interests of Larian.  Larian also objects to this request to the extent it

23  calls for the disclosure of attorney-client privileged information or information

24  protected from disclosure by the work-product doctrine, joint defense or common

25  interest privilege, or other privilege.  Larian also objects to this request to the extent

26  it seeks documents not within Larian's possession, custody or control.

27            Subject to the foregoing, Larian will produce all documents within his

28  possession, custody, or control that are responsive to the request, if any, and that

EXHIBIT **25** PAGE **1073**        - 167 -        LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   have not already been produced, that he discovers in the course of his reasonable

2   search and diligent inquiry, and to which no privilege or other protection applies,

3   including without limitation, the attorney-client privilege or attorney's work

4   product doctrine.

5   **REQUEST FOR PRODUCTION NO. 159:**

6   　　　　　All COMMUNICATIONS between YOU or MGA and Elise Cloonan

7   prior to June 11, 2002, including without limitation all diaries, notes, calendars,

8   logs, phone records and letters, that reflect, record or memorialize or otherwise

9   RELATING TO any such COMMUNICATIONS.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

11  　　　　　Larian incorporates by reference the above-stated general objections as

12  if fully set forth herein.  Larian also specifically objects to this request on the

13  grounds that it is overbroad, unduly burdensome and oppressive, and seeks

14  information not relevant to the subject matter of this lawsuit or reasonably

15  calculated to lead to the discovery of admissible evidence, including, without

16  limitation, in that it seeks all communications between Larian or MGA and Elise

17  Cloonan and is not otherwise limited as to subject matter.  Larian also objects to

18  this request on the grounds that it is overbroad, unduly burdensome and oppressive,

19  without limitation, in potentially extending to communications that Elise Cloonan

20  may have had with any of MGA's hundreds of employees, agents or

21  representatives, and regardless of whether any such communication is related in any

22  way to the subject matter of this lawsuit, MGA, or MGA's business.  Larian also

23  objects to this request on the grounds that it seeks information in violation of the

24  right of privacy.  Larian also objects to this request to the extent it seeks

25  information the disclosure of which would implicate the rights of third parties to

26  protect private, confidential, proprietary or trade secret information.  Larian further

27  objects to this request on the grounds that it seeks confidential, proprietary or

28  commercially sensitive information, the disclosure of which would be inimical to

EXHIBIT 25 PAGE 1024   - 168 -   　　LARIAN'S SUPP. RESPONSE TO MATTEL'S
　　　　　　　　　　　　　　　　　　　　　　　　　1ST SET OF REQUESTS FOR PRODUCTION
　　　　　　　　　　　　　　　　　　　　　　　　　CV 04-9049 SGL (RNBX)

1   the business interests of Larian. Larian also objects to this request to the extent it

2   calls for the disclosure of attorney-client privileged information or information

3   protected from disclosure by the work-product doctrine, joint defense or common

4   interest privilege, or other privilege. Larian also objects to this request to the extent

5   it seeks documents not within Larian's possession, custody or control.

6           Subject to the foregoing, Larian will produce all documents within his

7   possession, custody, or control that are responsive to the request, if any, and that

8   have not already been produced, that he discovers in the course of his reasonable

9   search and diligent inquiry, and to which no privilege or other protection applies,

10  including without limitation, the attorney-client privilege or attorney's work

11  product doctrine.

12  **REQUEST FOR PRODUCTION NO. 160:**

13          All COMMUNICATIONS between YOU or MGA and Veronica

14  Marlow prior to January 1, 2001, including without limitation all diaries, notes,

15  calendars, logs, phone records and letters, that reflect, record or memorialize or

16  otherwise RELATING TO any such COMMUNICATIONS.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 160:**

18          Larian incorporates by reference the above-stated general objections as

19  if fully set forth herein. Larian also specifically objects to this request on the

20  grounds that it is overbroad, unduly burdensome and oppressive, and seeks

21  information not relevant to the subject matter of this lawsuit or reasonably

22  calculated to lead to the discovery of admissible evidence, including, without

23  limitation, in that it seeks all communications between Larian or MGA and

24  Veronica Marlow and is not otherwise limited as to subject matter. Larian also

25  objects to this request on the grounds that it is overbroad, unduly burdensome and

26  oppressive, without limitation, in potentially extending to communications that

27  Veronica Marlow may have had with any of MGA's hundreds of employees, agents

28  or representatives, and regardless of whether any such communication is related in

EXHIBIT ___ PAGE ___      - 169 -      LARIAN'S SUPP. RESPONSE TO MATTEL'S
                                       1ST SET OF REQUESTS FOR PRODUCTION
                                       CV 04-9049 SGL (RNBX)

1  any way to the subject matter of this lawsuit, MGA, or MGA's business. Larian

2  also objects to this request on the grounds that it seeks information in violation of

3  the right of privacy. Larian also objects to this request to the extent it seeks

4  information the disclosure of which would implicate the rights of third parties to

5  protect private, confidential, proprietary or trade secret information. Larian further

6  objects to this request on the grounds that it seeks confidential, proprietary or

7  commercially sensitive information, the disclosure of which would be inimical to

8  the business interests of Larian. Larian also objects to this request to the extent it

9  calls for the disclosure of attorney-client privileged information or information

10  protected from disclosure by the work-product doctrine, joint defense or common

11  interest privilege, or other privilege. Larian also objects to this request to the extent

12  it seeks documents not within Larian's possession, custody or control.

13         Subject to the foregoing, Larian will produce all within his possession,

14  custody, or control that are responsive to the request, if any, and that have not

15  already been produced, that he discovers in the course of his reasonable search and

16  diligent inquiry, and to which no privilege or other protection applies, including

17  without limitation, the attorney-client privilege or attorney's work product doctrine.

18  **REQUEST FOR PRODUCTION NO. 161:**

19         All COMMUNICATIONS between YOU or MGA and Mercedeh

20  Ward prior to November 6, 2000, including without limitation all diaries, notes,

21  calendars, logs, phone records and letters, that reflect, record or memorialize or

22  otherwise RELATING TO any such COMMUNICATIONS.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 161:**

24         Larian incorporates by reference the above-stated general objections as

25  if fully set forth herein. Larian also specifically objects to this request on the

26  grounds that it is overbroad, unduly burdensome and oppressive, and seeks

27  information not relevant to the subject matter of this lawsuit or reasonably

28  calculated to lead to the discovery of admissible evidence, including, without

EXHIBIT __25__ PAGE __1026__     - 170 -     LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   limitation, in that it seeks all communications between Larian or MGA and

2   Mercedeh Ward and is not otherwise limited as to subject matter.  Larian also

3   objects to this request on the grounds that it is overbroad, unduly burdensome and

4   oppressive, without limitation, in potentially extending to communications that

5   Mercedeh Ward may have had with any of MGA's hundreds of employees, agents

6   or representatives, and regardless of whether any such communication is related in

7   any way to the subject matter of this lawsuit, MGA, or MGA's business.  Larian

8   also objects to this request on the grounds that it seeks information in violation of

9   the right of privacy.  Larian also objects to this request to the extent it seeks

10  information the disclosure of which would implicate the rights of third parties to

11  protect private, confidential, proprietary or trade secret information.  Larian further

12  objects to this request on the grounds that it seeks confidential, proprietary or

13  commercially sensitive information, the disclosure of which would be inimical to

14  the business interests of Larian.  Larian also objects to this request to the extent it

15  calls for the disclosure of attorney-client privileged information or information

16  protected from disclosure by the work-product doctrine, joint defense or common

17  interest privilege, or other privilege.  Larian also objects to this request to the extent

18  it seeks documents not within Larian's possession, custody or control.

19          Subject to the foregoing, Larian will produce all documents within his

20  possession, custody, or control that are responsive to the request, if any, and that

21  have not already been produced, that he discovers in the course of his reasonable

22  search and diligent inquiry, and to which no privilege or other protection applies,

23  including without limitation, the attorney-client privilege or attorney's work

24  product doctrine.

25  **REQUEST FOR PRODUCTION NO. 162:**

26          All COMMUNICATIONS between YOU or MGA and Margaret

27  Hatch (also known as Margaret Leahy and/or Margaret Hatch-Leahy) prior to

28  January 1, 2001, including without limitation all diaries, notes, calendars, logs,

EXHIBIT  25  PAGE  1007   - 171 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  phone records and letters, that reflect, record or memorialize or otherwise

2  RELATING TO any such COMMUNICATIONS.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 162:**

4         Larian incorporates by reference the above-stated general objections as

5  if fully set forth herein.  Larian also specifically objects to this request on the

6  grounds that it is overbroad, unduly burdensome and oppressive, and seeks

7  information not relevant to the subject matter of this lawsuit or reasonably

8  calculated to lead to the discovery of admissible evidence, including, without

9  limitation, in that it seeks all communications between Larian or MGA and

10  Margaret Hatch (also known as Margaret Leahy and/or Margaret Hatch-Leahy) and

11  is not otherwise limited as to subject matter.  Larian also objects to this request on

12  the grounds that it is overbroad, unduly burdensome and oppressive, without

13  limitation, in potentially extending to communications that Margaret Hatch (also

14  known as Margaret Leahy and/or Margaret Hatch-Leahy) may have had with any of

15  MGA's hundreds of employees, agents or representatives, and regardless of

16  whether any such communication is related in any way to the subject matter of this

17  lawsuit, MGA, or MGA's business.  Larian also objects to this request on the

18  grounds that it seeks information in violation of the right of privacy.  Larian also

19  objects to this request to the extent it seeks information the disclosure of which

20  would implicate the rights of third parties to protect private, confidential,

21  proprietary or trade secret information.  Larian further objects to this request on the

22  grounds that it seeks confidential, proprietary or commercially sensitive

23  information, the disclosure of which would be inimical to the business interests of

24  Larian.  Larian also objects to this request to the extent it calls for the disclosure of

25  attorney-client privileged information or information protected from disclosure by

26  the work-product doctrine, joint defense or common interest privilege, or other

27  privilege.  Larian also objects to this request to the extent it seeks documents not

28  within Larian's possession, custody or control.

EXHIBIT 25  PAGE 1038  - 172 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1     Subject to the foregoing, Larian will produce all documents within his

2   possession, custody, or control that are responsive to the request, if any, and that

3   have not already been produced, that he discovers in the course of his reasonable

4   search and diligent inquiry, and to which no privilege or other protection applies,

5   including without limitation, the attorney-client privilege or attorney's work

6   product doctrine.

7   **REQUEST FOR PRODUCTION NO. 163:**

8     All COMMUNICATIONS between YOU or MGA and Anna Rhee

9   prior to January 1, 2001, including without limitation all diaries, notes, calendars,

10   logs, phone records and letters, that reflect, record or memorialize or otherwise

11   RELATING TO any such COMMUNICATIONS.

12   **RESPONSE TO REQUEST FOR PRODUCTION NO. 163:**

13     Larian incorporates by reference the above-stated general objections as

14   if fully set forth herein.  Larian also specifically objects to this request on the

15   grounds that it is overbroad, unduly burdensome and oppressive, and seeks

16   information not relevant to the subject matter of this lawsuit or reasonably

17   calculated to lead to the discovery of admissible evidence, including, without

18   limitation, in that it seeks all communications between Larian or MGA and Anna

19   Rhee and is not otherwise limited as to subject matter.  Larian also objects to this

20   request on the grounds that it is overbroad, unduly burdensome and oppressive,

21   without limitation, in potentially extending to communications that Anna Rhee may

22   have had with any of MGA's hundreds of employees, agents or representatives, and

23   regardless of whether any such communication is related in any way to the subject

24   matter of this lawsuit, MGA, or MGA's business.  Larian also objects to this request

25   on the grounds that it seeks information in violation of the right of privacy.  Larian

26   also objects to this request to the extent it seeks information the disclosure of which

27   would implicate the rights of third parties to protect private, confidential,

28   proprietary or trade secret information.  Larian further objects to this request on the

EXHIBIT __25__ PAGE __629__     - 173 -     LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  grounds that it seeks confidential, proprietary or commercially sensitive
2  information, the disclosure of which would be inimical to the business interests of
3  Larian. Larian also objects to this request to the extent it calls for the disclosure of
4  attorney-client privileged information or information protected from disclosure by
5  the work-product doctrine, joint defense or common interest privilege, or other
6  privilege. Larian also objects to this request to the extent it seeks documents not
7  within Larian's possession, custody or control.

8      Subject to the foregoing, Larian will produce all documents within his
9  possession, custody, or control that are responsive to the request, if any, and that
10  have not already been produced, that he discovers in the course of his reasonable
11  search and diligent inquiry, and to which no privilege or other protection applies,
12  including without limitation, the attorney-client privilege or attorney's work
13  product doctrine.

14  **REQUEST FOR PRODUCTION NO. 164:**

15      ALL COMMUNICATIONS between Veronica Marlow and Anna
16  Rhee prior to January 1, 2001, including without limitation all diaries, notes,
17  calendars, logs, phone records and letters, that reflect, record or memorialize or
18  otherwise RELATING TO any such COMMUNICATIONS.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 164:**

20      Larian incorporates by reference the above-stated general objections as
21  if fully set forth herein. Larian also specifically objects to this request on the
22  grounds that it is overbroad and unduly burdensome, and seeks information not
23  relevant to the subject matter of this lawsuit or reasonably calculated to lead to the
24  discovery of admissible evidence, including, without limitation, in that it seeks all
25  communications between Veronica Marlow and Anna Rhee and is not otherwise
26  limited as to subject matter. Larian also objects to this request on the grounds that
27  it seeks information in violation of the right of privacy. Larian also objects to this
28  request to the extent it seeks information the disclosure of which would implicate

EXHIBIT 冗 PAGE 1030          LARIAN'S SUPP. RESPONSE TO MATTEL'S
                  - 174 -     1ST SET OF REQUESTS FOR PRODUCTION
                              CV 04-9049 SGL (RNBX)

1  the rights of third parties to protect private, confidential, proprietary or trade secret

2  information.  Larian also objects to this request on the grounds that it seeks

3  confidential, proprietary or commercially sensitive information, the disclosure of

4  which would be inimical to the business interests of Larian and one or more third

5  parties.  Larian also objects to this request to the extent it calls for the disclosure of

6  attorney-client privileged information or information protected from disclosure by

7  the work-product doctrine, joint defense or common interest privilege, or other

8  privilege.  Larian also objects to this request to the extent it seeks documents not

9  within Larian's possession, custody or control.

10          Subject to the foregoing, Larian will produce all documents within his

11  possession, custody, or control that are responsive to the request, if any, and that

12  have not already been produced, that he discovers in the course of his reasonable

13  search and diligent inquiry, and to which no privilege or other protection applies,

14  including without limitation, the attorney-client privilege or attorney's work

15  product doctrine.

16  **REQUEST FOR PRODUCTION NO. 165:**

17          All COMMUNICATIONS between YOU or MGA and Sarah Halpern

18  prior to January 1, 2001, including without limitation all diaries, notes, calendars,

19  logs, phone records and letters, that reflect, record or memorialize or otherwise

20  RELATING TO any such COMMUNICATIONS.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 165:**

22          Larian incorporates by reference the above-stated general objections as

23  if fully set forth herein.  Larian also specifically objects to this request on the

24  grounds that it is overbroad, unduly burdensome and oppressive, and seeks

25  information not relevant to the subject matter of this lawsuit or reasonably

26  calculated to lead to the discovery of admissible evidence, including, without

27  limitation, in that it seeks all communications between Larian or MGA and Sarah

28  Halpern and is not otherwise limited as to subject matter.  Larian also objects to this

EXHIBIT 25   PAGE 1031   - 175 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1 | request on the grounds that it is overbroad, unduly burdensome and oppressive,

2 | without limitation, in potentially extending to communications that Sarah Halpern

3 | may have had with any of MGA's hundreds of employees, agents or

4 | representatives, and regardless of whether any such communication is related in any

5 | way to the subject matter of this lawsuit, MGA, or MGA's business.  Larian also

6 | objects to this request on the grounds that it seeks information in violation of the

7 | right of privacy.  Larian also objects to this request to the extent it seeks

8 | information the disclosure of which would implicate the rights of third parties to

9 | protect private, confidential, proprietary or trade secret information.  Larian further

10 | objects to this request on the grounds that it seeks confidential, proprietary or

11 | commercially sensitive information, the disclosure of which would be inimical to

12 | the business interests of Larian.  Larian also objects to this request to the extent it

13 | calls for the disclosure of attorney-client privileged information or information

14 | protected from disclosure by the work-product doctrine, joint defense or common

15 | interest privilege, or other privilege.  Larian also objects to this request to the extent

16 | it seeks documents not within Larian's possession, custody or control.

17 | Subject to the foregoing, Larian will produce all documents within his

18 | possession, custody, or control that are responsive to the request, if any, and that

19 | have not already been produced, that he discovers in the course of his reasonable

20 | search and diligent inquiry, and to which no privilege or other protection applies,

21 | including without limitation, the attorney-client privilege or attorney's work

22 | product doctrine.

23 | **REQUEST FOR PRODUCTION NO. 166:**

24 | All COMMUNICATIONS between YOU or MGA and Jesse Ramirez

25 | prior to January 1, 2001, including without limitation all diaries, notes, calendars,

26 | logs, phone records and letters, that reflect, record or memorialize or otherwise

27 | RELATING TO any such COMMUNICATIONS.

28 |

EXHIBIT __ PAGE 1032 - 176 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

**RESPONSE TO REQUEST FOR PRODUCTION NO. 166:**

Larian incorporates by reference the above-stated general objections as if fully set forth herein. Larian also specifically objects to this request on the grounds that it is overbroad, unduly burdensome and oppressive, and seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence, including, without limitation, in that it seeks all communications between Larian or MGA and Jesse Ramirez and is not otherwise limited as to subject matter. Larian also objects to this request on the grounds that it is overbroad, unduly burdensome and oppressive, without limitation, in potentially extending to communications that Jesse Ramirez may have had with any of MGA's hundreds of employees, agents or representatives, and regardless of whether any such communication is related in any way to the subject matter of this lawsuit, MGA, or MGA's business. Larian also objects to this request on the grounds that it seeks information in violation of the right of privacy. Larian also objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information. Larian further objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian. Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege. Larian also objects to this request to the extent it seeks documents not within Larian's possession, custody or control.

Subject to the foregoing, Larian will produce all documents within his possession, custody, or control that are responsive to the request, if any, and that have not already been produced, that he discovers in the course of his reasonable search and diligent inquiry, and to which no privilege or other protection applies,

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  including without limitation, the attorney-client privilege or attorney's work

2  product doctrine.

3  **REQUEST FOR PRODUCTION NO. 167:**

4        Any personnel or vendor file that YOU created, control, or maintain

5  concerning BRYANT.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 167:**

7        Larian incorporates by reference the above-stated general objections as

8  if fully set forth herein. Larian also specifically objects to this request on the

9  grounds that it is overbroad and unduly burdensome, and seeks information not

10  relevant to the subject matter of this lawsuit or reasonably calculated to lead to the

11  discovery of admissible evidence, including, without limitation, in that it seeks any

12  personnel or vendor file concerning Bryant created or maintained by Larian and is

13  not otherwise limited as to subject matter or time. Larian also objects to this

14  request on the grounds that it is vague and ambiguous in that Larian cannot

15  determine what is meant by "vendor file." Larian also objects to this request on the

16  grounds that it seeks information in violation of the right of privacy. Larian also

17  objects to this request to the extent it seeks information the disclosure of which

18  would implicate the rights of third parties to protect private, confidential,

19  proprietary or trade secret information. Larian also objects to this request on the

20  grounds that it seeks confidential, proprietary or commercially sensitive

21  information, the disclosure of which would be inimical to the business interests of

22  Larian and one or more third parties. Larian also objects to this request to the

23  extent it calls for the disclosure of attorney-client privileged information or

24  information protected from disclosure by the work-product doctrine, joint defense

25  or common interest privilege, or other privilege.

26        Subject to the foregoing, Larian will produce all documents within his

27  possession, custody, or control that are responsive to the request, if any, and that

28  have not already been produced, that he discovers in the course of his reasonable

EXHIBIT 25 PAGE 1034    - 178 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  search and diligent inquiry, and to which no privilege or other protection applies,

2  including without limitation, the attorney-client privilege or attorney's work

3  product doctrine.

4  **REQUEST FOR PRODUCTION NO. 168:**

5  　　　　　Any personnel file that YOU created, control, or maintain concerning

6  Paula Garcia (also known as Paula Treantafellas).

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 168:**

8  　　　　　Larian incorporates by reference the above-stated general objections as

9  if fully set forth herein.  Larian also specifically objects to this request on the

10  grounds that it is overbroad and unduly burdensome, and seeks information not

11  relevant to the subject matter of this lawsuit or reasonably calculated to lead to the

12  discovery of admissible evidence, including, without limitation, in that it seeks any

13  personnel or vendor file concerning Paula Garcia created or maintained by Larian

14  and is not otherwise limited as to subject matter or time.  Larian also objects to this

15  request on the grounds that it is vague and ambiguous in that Larian cannot

16  determine what is meant by "vendor file."  Larian also objects to this request on the

17  grounds that it seeks information in violation of the right of privacy.  Larian also

18  objects to this request to the extent it seeks information the disclosure of which

19  would implicate the rights of third parties to protect private, confidential,

20  proprietary or trade secret information.  Larian also objects to this request on the

21  grounds that it seeks confidential, proprietary or commercially sensitive

22  information, the disclosure of which would be inimical to the business interests of

23  Larian and one or more third parties.  Larian also objects to this request to the

24  extent it calls for the disclosure of attorney-client privileged information or

25  information protected from disclosure by the work-product doctrine, joint defense

26  or common interest privilege, or other privilege.

27  　　　　　Subject to the foregoing, Larian will produce all documents within his

28  possession, custody, or control that are responsive to the request, if any, and that

LARIAN __ 25 __ PAGE __ 1035 __

- 179 -

1   have not already been produced, that he discovers in the course of his reasonable

2   search and diligent inquiry, and to which no privilege or other protection applies,

3   including without limitation, the attorney-client privilege or attorney's work

4   product doctrine.

5   **REQUEST FOR PRODUCTION NO. 16919:**

6        Any personnel file that YOU created, control, or maintain concerning

7   Mercedeh Ward.

8   **RESPONSE TO REQUEST FOR PRODUCTION NO. 169:**

9        Larian incorporates by reference the above-stated general objections as

10  if fully set forth herein.  Larian also specifically objects to this request on the

11  grounds that it is overbroad and unduly burdensome, and seeks information not

12  relevant to the subject matter of this lawsuit or reasonably calculated to lead to the

13  discovery of admissible evidence, including, without limitation, in that it seeks any

14  personnel or vendor file concerning Mercedeh Ward created or maintained by

15  Larian and is not otherwise limited as to subject matter or time.  Larian also objects

16  to this request on the grounds that it is vague and ambiguous in that Larian cannot

17  determine what is meant by "vendor file."  Larian also objects to this request on the

18  grounds that it seeks information in violation of the right of privacy.  Larian also

19  objects to this request to the extent it seeks information the disclosure of which

20  would implicate the rights of third parties to protect private, confidential,

21  proprietary or trade secret information.  Larian also objects to this request on the

22  grounds that it seeks confidential, proprietary or commercially sensitive

23  information, the disclosure of which would be inimical to the business interests of

24  Larian and one or more third parties.  Larian also objects to this request to the

25  extent it calls for the disclosure of attorney-client privileged information or

26  information protected from disclosure by the work-product doctrine, joint defense

27  or common interest privilege, or other privilege.

28        Subject to the foregoing, Larian will produce all documents within his

EXHIBIT _____ PAGE _____   - 180 -   LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   possession, custody, or control that are responsive to the request, if any, and that

2   have not already been produced, that he discovers in the course of his reasonable

3   search and diligent inquiry, and to which no privilege or other protection applies,

4   including without limitation, the attorney-client privilege or attorney's work

5   product doctrine.

6   **REQUEST FOR PRODUCTION NO. 170:**

7        Any personnel or vendor file that YOU created, control, or maintain

8   concerning Margaret Hatch (also known as Margaret Leahy and/or Margaret Hatch-

9   Leahy).

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 170:**

11       Larian incorporates by reference the above-stated general objections as

12  if fully set forth herein. Larian also specifically objects to this request on the

13  grounds that it is overbroad and unduly burdensome, and seeks information not

14  relevant to the subject matter of this lawsuit or reasonably calculated to lead to the

15  discovery of admissible evidence, including, without limitation, in that it seeks any

16  personnel or vendor file concerning Margaret Hatch (also known as Margaret

17  Leahy and/or Margaret Hatch-Leahy) created or maintained by Larian and is not

18  otherwise limited as to subject matter or time. Larian also objects to this request on

19  the grounds that it is vague and ambiguous in that Larian cannot determine what is

20  meant by "vendor file." Larian also objects to this request on the grounds that it

21  seeks information in violation of the right of privacy. Larian also objects to this

22  request to the extent it seeks information the disclosure of which would implicate

23  the rights of third parties to protect private, confidential, proprietary or trade secret

24  information. Larian also objects to this request on the grounds that it seeks

25  confidential, proprietary or commercially sensitive information, the disclosure of

26  which would be inimical to the business interests of Larian and one or more third

27  parties. Larian also objects to this request to the extent it calls for the disclosure of

28  attorney-client privileged information or information protected from disclosure by

1   the work-product doctrine, joint defense or common interest privilege, or other

2   privilege.

3          Subject to the foregoing, Larian will produce all documents within his

4   possession, custody, or control that are responsive to the request, if any, and that

5   have not already been produced, that he discovers in the course of his reasonable

6   search and diligent inquiry, and to which no privilege or other protection applies,

7   including without limitation, the attorney-client privilege or attorney's work

8   product doctrine.

9   **REQUEST FOR PRODUCTION NO. 171:**

10         Any personnel or vendor file that YOU created, control, or maintain

11  concerning Veronica Marlow.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 171:**

13         Larian incorporates by reference the above-stated general objections as

14  if fully set forth herein. Larian also specifically objects to this request on the

15  grounds that it is overbroad and unduly burdensome, and seeks information not

16  relevant to the subject matter of this lawsuit or reasonably calculated to lead to the

17  discovery of admissible evidence, including, without limitation, in that it seeks any

18  personnel or vendor file concerning Veronica Marlow created or maintained by

19  Larian and is not otherwise limited as to subject matter or time. Larian also objects

20  to this request on the grounds that it is vague and ambiguous in that Larian cannot

21  determine what is meant by "vendor file." Larian also objects to this request on the

22  grounds that it seeks information in violation of the right of privacy. Larian also

23  objects to this request to the extent it seeks information the disclosure of which

24  would implicate the rights of third parties to protect private, confidential,

25  proprietary or trade secret information. Larian also objects to this request on the

26  grounds that it seeks confidential, proprietary or commercially sensitive

27  information, the disclosure of which would be inimical to the business interests of

28  Larian and one or more third parties. Larian also objects to this request to the

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  extent it calls for the disclosure of attorney-client privileged information or

2  information protected from disclosure by the work-product doctrine, joint defense

3  or common interest privilege, or other privilege.

4          Subject to the foregoing, Larian will produce all documents within his

5  possession, custody, or control that are responsive to the request, if any, and that

6  have not already been produced, that he discovers in the course of his reasonable

7  search and diligent inquiry, and to which no privilege or other protection applies,

8  including without limitation, the attorney-client privilege or attorney's work

9  product doctrine.

10  **REQUEST FOR PRODUCTION NO. 20:**

11          Any personnel or vendor file that YOU created, control, or maintain

12  concerning Anna Rhee.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 172:**

14          Larian incorporates by reference the above-stated general objections as

15  if fully set forth herein. Larian also specifically objects to this request on the

16  grounds that it is overbroad and unduly burdensome, and seeks information not

17  relevant to the subject matter of this lawsuit or reasonably calculated to lead to the

18  discovery of admissible evidence, including, without limitation, in that it seeks any

19  personnel or vendor file concerning Anna Rhee created or maintained by Larian

20  and is not otherwise limited as to subject matter or time. Larian also objects to this

21  request on the grounds that it is vague and ambiguous in that Larian cannot

22  determine what is meant by "vendor file." Larian also objects to this request on the

23  grounds that it seeks information in violation of the right of privacy. Larian also

24  objects to this request to the extent it seeks information the disclosure of which

25  would implicate the rights of third parties to protect private, confidential,

26  proprietary or trade secret information. Larian also objects to this request on the

27  grounds that it seeks confidential, proprietary or commercially sensitive

28  information, the disclosure of which would be inimical to the business interests of

EXHIBIT 25   PAGE 1039   - 183 -   LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1    Larian and one or more third parties.  Larian also objects to this request to the

2    extent it calls for the disclosure of attorney-client privileged information or

3    information protected from disclosure by the work-product doctrine, joint defense

4    or common interest privilege, or other privilege.

5              Subject to the foregoing, Larian will produce all documents within his

6    possession, custody, or control that are responsive to the request, if any, and that

7    have not already been produced, that he discovers in the course of his reasonable

8    search and diligent inquiry, and to which no privilege or other protection applies,

9    including without limitation, the attorney-client privilege or attorney's work

10   product doctrine.

11   **REQUEST FOR PRODUCTION NO. 173:**

12             Any personnel or vendor file that YOU created, control, or maintain

13   concerning Jessie Ramirez.

14   **RESPONSE TO REQUEST FOR PRODUCTION NO. 173:**

15             Larian incorporates by reference the above-stated general objections as

16   if fully set forth herein.  Larian also specifically objects to this request on the

17   grounds that it is overbroad and unduly burdensome, and seeks information not

18   relevant to the subject matter of this lawsuit or reasonably calculated to lead to the

19   discovery of admissible evidence, including, without limitation, in that it seeks any

20   personnel or vendor file concerning Jesse Ramirez created or maintained by Larian

21   and is not otherwise limited as to subject matter or time.  Larian also objects to this

22   request on the grounds that it is vague and ambiguous in that Larian cannot

23   determine what is meant by "vendor file."  Larian also objects to this request on the

24   grounds that it seeks information in violation of the right of privacy.  Larian also

25   objects to this request to the extent it seeks information the disclosure of which

26   would implicate the rights of third parties to protect private, confidential,

27   proprietary or trade secret information.  Larian also objects to this request on the

28   grounds that it seeks confidential, proprietary or commercially sensitive

1   information, the disclosure of which would be inimical to the business interests of

2   Larian and one or more third parties. Larian also objects to this request to the

3   extent it calls for the disclosure of attorney-client privileged information or

4   information protected from disclosure by the work-product doctrine, joint defense

5   or common interest privilege, or other privilege.

6        Subject to the foregoing, Larian will produce all documents within his

7   possession, custody, or control that are responsive to the request, if any, and that

8   have not already been produced, that he discovers in the course of his reasonable

9   search and diligent inquiry, and to which no privilege or other protection applies,

10  including without limitation, the attorney-client privilege or attorney's work

11  product doctrine.

12  **REQUEST FOR PRODUCTION NO. 21:**

13       Any personnel file that YOU created, control, or maintain concerning

14  Shirin Salemnia.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 174:**

16       Larian incorporates by reference the above-stated general objections as

17  if fully set forth herein. Larian also specifically objects to this request on the

18  grounds that it is overbroad and unduly burdensome, and seeks information not

19  relevant to the subject matter of this lawsuit or reasonably calculated to lead to the

20  discovery of admissible evidence, including, without limitation, in that it seeks any

21  personnel or vendor file concerning Shirin Salemnia created or maintained by

22  Larian and is not otherwise limited as to subject matter or time. Larian also objects

23  to this request on the grounds that it seeks information in violation of the right of

24  privacy. Larian also objects to this request to the extent it seeks information the

25  disclosure of which would implicate the rights of third parties to protect private,

26  confidential, proprietary or trade secret information. Larian also objects to this

27  request on the grounds that it seeks confidential, proprietary or commercially

28  sensitive information, the disclosure of which would be inimical to the business

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   interests of Larian and one or more third parties.  Larian also objects to this request

2   to the extent it calls for the disclosure of attorney-client privileged information or

3   information protected from disclosure by the work-product doctrine, joint defense

4   or common interest privilege, or other privilege.

5           Subject to the foregoing, Larian will produce all documents within his

6   possession, custody, or control that are responsive to the request, if any, and that

7   have not already been produced, that he discovers in the course of his reasonable

8   search and diligent inquiry, and to which no privilege or other protection applies,

9   including without limitation, the attorney-client privilege or attorney's work

10  product doctrine.

11  **REQUEST FOR PRODUCTION NO. 175:**

12          DOCUMENTS sufficient to show the relationship, whether by blood

13  or marriage, between Isaac Larian or any FAMILY MEMBER of Isaac Larian, on

14  the one hand, and Shirin Salemnia.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 175:**

16          Larian incorporates by reference the above-stated general objections as

17  if fully set forth herein.  Larian also specifically objects to this request on the

18  grounds that it is overbroad and seeks information not relevant to the subject matter

19  of this lawsuit or reasonably calculated to lead to the discovery of admissible

20  evidence.  Larian also objects to this request on the grounds that it seeks

21  information in violation of the right of privacy.  Larian also objects to this request

22  to the extent it calls for the disclosure of attorney-client privileged information or

23  information protected from disclosure by the work-product doctrine, joint defense

24  or common interest privilege, or other privilege.

25          Subject to the foregoing, Larian will produce all documents within his

26  possession, custody, or control that are responsive to the request, if any, and that

27  have not already been produced, that he discovers in the course of his reasonable

28  search and diligent inquiry, and to which no privilege or other protection applies,

1  including without limitation, the attorney-client privilege or attorney's work

2  product doctrine.

3  **REQUEST FOR PRODUCTION NO. 22:**

4         Any personnel file that YOU created, control, or maintain concerning

5  Victoria O'Connor.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 176:**

7         Larian incorporates by reference the above-stated general objections as

8  if fully set forth herein.  Larian also specifically objects to this request on the

9  grounds that it is overbroad and unduly burdensome, and seeks information not

10  relevant to the subject matter of this lawsuit or reasonably calculated to lead to the

11  discovery of admissible evidence, including, without limitation, in that it seeks any

12  personnel or vendor file concerning Victoria O'Connor created or maintained by

13  Larian and is not otherwise limited as to subject matter or time.  Larian also objects

14  to this request on the grounds that it seeks information in violation of the right of

15  privacy.  Larian also objects to this request to the extent it seeks information the

16  disclosure of which would implicate the rights of third parties to protect private,

17  confidential, proprietary or trade secret information.  Larian also objects to this

18  request on the grounds that it seeks confidential, proprietary or commercially

19  sensitive information, the disclosure of which would be inimical to the business

20  interests of Larian and one or more third parties.  Larian also objects to this request

21  to the extent it calls for the disclosure of attorney-client privileged information or

22  information protected from disclosure by the work-product doctrine, joint defense

23  or common interest privilege, or other privilege.

24         Subject to the foregoing, Larian will produce all documents within his

25  possession, custody, or control that are responsive to the request, if any, and that

26  have not already been produced, that he discovers in the course of his reasonable

27  search and diligent inquiry, and to which no privilege or other protection applies,

28  including without limitation, the attorney-client privilege or attorney's work

EXHIBIT 25   PAGE 1043   - 187 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  product doctrine.

2  **REQUEST FOR PRODUCTION NO. 177:**

3     Any personnel file that YOU created, control, or maintain concerning

4  Farhad Larian.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 177:**

6     Larian incorporates by reference the above-stated general objections as

7  if fully set forth herein. Larian also specifically objects to this request on the

8  grounds that it is overbroad and unduly burdensome, and seeks information not

9  relevant to the subject matter of this lawsuit or reasonably calculated to lead to the

10  discovery of admissible evidence, including, without limitation, in that it seeks any

11  personnel or vendor file concerning Farhad Larian created or maintained by Larian

12  and is not otherwise limited as to subject matter or time. Larian also objects to this

13  request on the grounds that it seeks information in violation of the right of privacy.

14  Larian also objects to this request to the extent it seeks information the disclosure of

15  which would implicate the rights of third parties to protect private, confidential,

16  proprietary or trade secret information. Larian also objects to this request on the

17  grounds that it seeks confidential, proprietary or commercially sensitive

18  information, the disclosure of which would be inimical to the business interests of

19  Larian and one or more third parties. Larian also objects to this request to the

20  extent it calls for the disclosure of attorney-client privileged information or

21  information protected from disclosure by the work-product doctrine, joint defense

22  or common interest privilege, or other privilege.

23     Subject to the foregoing, Larian will produce all documents within his

24  possession, custody, or control that are responsive to the request, if any, and that

25  have not already been produced, that he discovers in the course of his reasonable

26  search and diligent inquiry, and to which no privilege or other protection applies,

27  including without limitation, the attorney-client privilege or attorney's work

28  product doctrine.

EXHIBIT **$\mathcal{K}$** PAGE **1044**   - 188 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

**REQUEST FOR PRODUCTION NO. 179:**

All DOCUMENTS RELATING TO, including without limitation phone records for, telephone calls by or to YOU or anyone on YOUR behalf for the time period from January 1, 1998 through January 1, 2001 RELATING TO BRATZ and/or ANGEL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 179:**

Larian incorporates by reference the above-stated general objections as if fully set forth herein. Larian also specifically objects to this request on the grounds that it is overbroad, unduly burdensome and oppressive, and seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence, including, without limitation, in that it seeks all telephone records for Larian relating to Bratz and/or Angel, without limitation as to who placed the call or who was called, thereby potentially revealing to Mattel every customer, vendor, distributor or anyone else Larian called in the referenced time period, and the length and frequency of those calls. Larian also objects to this request on the grounds that it is overbroad in that it asks for phone records beginning on January 1, 1998. Larian also objects to this request on the grounds that it seeks information in violation of the right of privacy. Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties.

Subject to the foregoing, Larian will produce all documents within his possession, custody, or control that are responsive to the request, if any, and that have not already been produced, that he discovers in the course of his reasonable search and diligent inquiry, and to which no privilege or other protection applies, including without limitation, the attorney-client privilege or attorney's work product doctrine.

LARIAN'S SUPP. RESPONSE TO MATTEL'S 1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

**REQUEST FOR PRODUCTION NO. 181:**

All DOCUMENTS RELATING TO, including without limitation phone records for, telephone calls RELATING TO BRYANT by or to YOU or anyone on YOUR behalf at any time.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 181:**

Larian incorporates by reference the above-stated general objections as if fully set forth herein. Larian also specifically objects to this request on the grounds that it is overbroad, unduly burdensome and oppressive, and seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence, including, without limitation, in that it seeks all telephone records for Larian relating, without limitation as to who placed the call or who was called, thereby potentially revealing to Mattel every customer, vendor, distributor or anyone else Larian called in the referenced time period, and the length and frequency of those calls. Larian also objects to this request on the grounds that it is overbroad in that it asks for phone without limitation as to time. Larian also objects to this request on the grounds that it seeks information in violation of the right of privacy. Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties.

Subject to the foregoing, Larian will produce all documents pertaining to communications made prior to January 1, 2001 within his possession, custody, or control that are responsive to the request, if any, and that have not already been produced, that he discovers in the course of his reasonable search and diligent inquiry, and to which no privilege or other protection applies, including without limitation, the attorney-client privilege or attorney's work product doctrine.

**REQUEST FOR PRODUCTION NO. 182:**

All DOCUMENTS that RELATING TO any actual, proposed,

EXHIBIT 25 PAGE 1046    - 190 -

1    contemplated, considered or potential copyright, patent or any other application or

2    registration for BRATZ or any BRATZ DESIGN, including without limitation all

3    COMMUNICATIONS pertaining thereto.

4    **RESPONSE TO REQUEST FOR PRODUCTION NO. 182:**

5              Larian incorporates by reference the above-stated general objections as

6    if fully set forth herein.  Larian also specifically objects to this request on the

7    grounds that it is overbroad, including, without limitation, in that it seeks all

8    documents relating to any copyright, patent, trademark, or other application for

9    registration for Bratz or any Bratz design not at issue in this litigation, which may

10   include dozens-potentially hundreds of products.  Larian also objects to this request

11   on the grounds that it seeks confidential, proprietary or commercially sensitive

12   information, the disclosure of which would be inimical to the business interests of

13   Larian and one or more third parties.  Larian also objects to this request to the

14   extent it calls for the disclosure of attorney-client privileged information or

15   information protected from disclosure by the work-product doctrine, joint defense

16   or common interest privilege, or other privilege.  Larian also objects to this request

17   on the grounds that it seeks information that is already known to Mattel and/or is a

18   matter of public record.

19             Subject to the foregoing, Larian will produce all documents within his

20   possession, custody, or control that are responsive to the request, if any, and that

21   have not already been produced, that he discovers in the course of his reasonable

22   search and diligent inquiry, and to which no privilege or other protection applies,

23   including without limitation, the attorney-client privilege or attorney's work

24   product doctrine.

25   **REQUEST FOR PRODUCTION NO. 183:**

26             All DOCUMENTS RELATING TO any actual, proposed,

27   contemplated, considered or potential copyright, patent or any other application or

28   registration for ANGEL or any ANGEL DESIGN, including without limitation all

EXHIBIT 25   PAGE 1047   -191-    LARIAN'S SUPP. RESPONSE TO MATTEL'S
                                   1ST SET OF REQUESTS FOR PRODUCTION
                                   CV 04-9049 SGL (RNBX)

1  COMMUNICATIONS pertaining thereto.

2  **RESPONSE TO REQUEST FOR PRODUCTION NO. 183:**

3  Larian incorporates by reference the above-stated general objections as

4  if fully set forth herein.  Larian also specifically objects to this request on the

5  grounds that it is overbroad, including, without limitation, in that it seeks all

6  documents relating to any copyright, patent, trademark, or other application for

7  registration for Angel or any Angel design not at issue in this litigation, which may

8  include dozens-potentially hundreds of products.  Larian also objects to this request

9  on the grounds that it seeks confidential, proprietary or commercially sensitive

10  information, the disclosure of which would be inimical to the business interests of

11  Larian and one or more third parties.  Larian further objects to this request to the

12  extent it seeks information the disclosure of which would implicate the rights of

13  third parties to protect private, confidential, proprietary or trade secret information.

14  Larian also objects to this request to the extent it calls for the disclosure of attorney-

15  client privileged information or information protected from disclosure by the work-

16  product doctrine, joint defense or common interest privilege, or other privilege.

17  Larian also objects to this request on the grounds that it seeks information that is

18  already known to Mattel and/or is a matter of public record.

19  Subject to the foregoing, Larian will produce all documents within his

20  possession, custody, or control that are responsive to the request, if any, and that

21  have not already been produced, that he discovers in the course of his reasonable

22  search and diligent inquiry, and to which no privilege or other protection applies,

23  including without limitation, the attorney-client privilege or attorney's work

24  product doctrine.

25  **REQUEST FOR PRODUCTION NO. 184:**

26  All doll heads, sculpts, prototypes, models, samples and tangible items

27  that Anna Rhee painted, whether in whole or in part, for YOU, MGA or BRYANT,

28  or on behalf of YOU, MGA or BRYANT, prior to January 1, 2001.

- 192 -

**RESPONSE TO REQUEST FOR PRODUCTION NO. 184:**

Larian incorporates by reference the above-stated general objections as if fully set forth herein.  Larian also specifically objects to this request on the grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence.  Larian also specifically objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information.  Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties.  Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.  Larian also objects to this request to the extent it seeks documents not within Larian's possession, custody or control.

Subject to the foregoing, Larian will make available for inspection all items within his possession, custody, or control that are responsive to the request, if any, and that have not already been produced, that he discovers in the course of his reasonable search and diligent inquiry, and to which no privilege or other protection applies, including without limitation, the attorney-client privilege or attorney's work product doctrine.

**REQUEST FOR PRODUCTION NO. 185:**

All doll heads, sculpts, prototypes, models, samples and tangible items that REFER OR RELATE TO DESIGNS for dolls, doll accessories or toys that BRYANT produced, created, authored, conceived of or reduced to practice, whether alone or jointly with others, prior to January 1, 2001.

EXHIBIT 火 PAGE 1049 - 193 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S 1ST SET OF REQUESTS FOR PRODUCTION CV 04-9049 SGL (RNBX)

**RESPONSE TO REQUEST FOR PRODUCTION NO. 185:**

1

2       Larian incorporates by reference the above-stated general objections as

3 if fully set forth herein.  Larian also specifically objects to this request on the

4 grounds that it is overbroad, unduly burdensome and oppressive including, without

5 limitation, in that it seeks tangible items that refer or relate to designs for dolls, doll

6 accessories or toys that are not at issue in this lawsuit, and in that it reaches back

7 into time indefinitely and, thus, for example, calls for documents referring or

8 relating to designs Bryant might have conceived of in his childhood and that have

9 nothing whatsoever to do with this action.  Larian also objects to this request on the

10 grounds that it seeks confidential, proprietary or commercially sensitive

11 information, the disclosure of which would be inimical to the business interests of

12 Larian and one or more third parties.  Larian further objects to this request to the

13 extent it seeks information the disclosure of which would implicate the rights of

14 third parties to protect private, confidential, proprietary or trade secret information.

15 Larian also objects to this request to the extent it calls for the disclosure of attorney-

16 client privileged information or information protected from disclosure by the work-

17 product doctrine, joint defense or common interest privilege, or other privilege.

18 Larian also objects to this request to the extent it seeks documents not within

19 Larian's possession, custody or control.

20       Subject to the foregoing, Larian will make available for inspection all

21 items produced, created, authored, conceived of or reduced to practice prior to

22 January 1, 2001 within his possession, custody, or control that are responsive to the

23 request, if any, and that have not already been produced, that he discovers in the

24 course of his reasonable search and diligent inquiry, and to which no privilege or

25 other protection applies, including without limitation, the attorney-client privilege

26 or attorney's work product doctrine.

27 **REQUEST FOR PRODUCTION NO. 23:**

28       All DOCUMENTS RELATING TO the exhibition or showing of

EXHIBIT __25__ PAGE __1050__   - 194 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)