QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 90378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727 |
| vs. | **DISCOVERY MATTER** |
| | **[To Be Heard By Discovery Master Hon. Edward Infante (Ret.)]** |
| MATTEL, INC., a Delaware corporation, | |
| Defendant. | [PUBLIC REDACTED]<br>DECLARATION OF JON D. COREY IN SUPPORT OF MATTEL, INC.'S OPPOSITION TO MGA'S MOTION TO COMPEL MATTEL TO PRODUCE WITNESSES PURSUANT TO NOTICE OF DEPOSITION UNDER RULE 30(B)(6), OR, IN THE ALTERNATIVE, FOR LEAVE TO SERVE SUCH NOTICE |
| AND CONSOLIDATED ACTIONS | |
| | Date: February 8, 2008<br>Time: 9:30 a.m.<br>Place: Telephonic |
| | **Phase 1**<br>Discovery Cut-Off: January 28, 2008<br>Pre-Trial Conference: May 5, 2008<br>Trial Date: May 27, 2008 |

07209/2349960.1

DECLARATION OF JON D. COREY

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
2    John B. Quinn (Bar No. 90378)
     (johnquinn@quinnemanuel.com)
3    Michael T. Zeller (Bar No. 196417)
     (michaelzeller@quinnemanuel.com)
4    Jon D. Corey (Bar No. 185066)
     (joncorey@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
6  Facsimile: (213) 443-3100

7  Attorneys for Mattel, Inc.

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10                        EASTERN DIVISION

11

12 CARTER BRYANT, an individual,        CASE NO. CV 04-9049 SGL (RNBx)

13                  Plaintiff,           Consolidated with
                                         Case No. CV 04-09059
14      vs.                              Case No. CV 05-02727

15 MATTEL, INC., a Delaware             **DISCOVERY MATTER**
16 corporation,                          **[To Be Heard By Discovery Master
                                         Hon. Edward Infante (Ret.)]**
17                  Defendant.
                                         DECLARATION OF JON D. COREY
18                                       IN SUPPORT OF MATTEL, INC.'S
                                         OPPOSITION TO MGA'S MOTION
19 _____           TO COMPEL MATTEL TO
                                         PRODUCE WITNESSES PURSUANT
20 AND CONSOLIDATED ACTIONS              TO NOTICE OF DEPOSITION
                                         UNDER RULE 30(B)(6), OR, IN THE
21                                       ALTERNATIVE, FOR LEAVE TO
                                         SERVE SUCH NOTICE
22

23           **CONFIDENTIAL**           Date:  February 8, 2008
                                        Time:  9:30 a.m.
24                                      Place: Telephonic
   **FILED UNDER SEAL PURSUANT
25 TO PROTECTIVE ORDER**                **Phase 1**
                                        Discovery Cut-Off: January 28, 2008
26                                      Pre-Trial Conference:  May 5, 2008
                                        Trial Date:  May 27, 2008
27

28



07209/2349960.1

I-II

COPY

1    I, Jon D. Corey, declare as follows:

2        1.    I am a member of the bars of the State of California and the

3    District of Columbia.  I am a partner at Quinn Emanuel Urquhart Oliver & Hedges,

4    LLP, attorneys for Mattel, Inc. ("Mattel").  I make this declaration of personal,

5    firsthand knowledge and, if called and sworn as a witness, I could and would testify

6    competently thereto.

7        2.    MGA has moved to compel Mattel to produce a witness on the

8    following topics, among others:

9            Topic No. 31.  The INITIAL DISCLOSURE WITNESSES,

10           including, but not limited to: (a) the specific knowledge or

11           information relevant to YOUR allegations and defenses that

12           YOU believe each INITIAL DISCLOSURE WITNESS

13           possesses; (b) YOUR COMMUNICATIONS with each

14           INITIAL DISCLOSURE WITNESS about the subject matters

15           YOU identified in YOUR Consolidated Initial Disclosures;

16           (c) YOUR COMMUNICATIONS with any PERSON

17           concerning each INITIAL DISCLOSURE WITNESS'

18           knowledge of the subject matters YOU identified in YOUR

19           Consolidated Initial Disclosures; and (d) any DOCUMENTS

20           pertaining to information known by each INITIAL

21           DISCLOSURE WITNESS about the subject matters YOU

22           identified in YOUR Consolidated Initial Disclosures.

23       3.    This is a large and complex case that has involved substantial

24   discovery on both sides.  Combined, Mattel and MGA have produced more than

25   four million pages of documents in this case to date.  Additional documents have

26   been produced by other parties and third parties.  Each side has deposed dozens of

27   witnesses.

28

DECLARATION OF JON D. COREY

4.     Mattel's  January 5, 2007 consolidated initial disclosures lists 153 witnesses with knowledge on a wide range of topics, including: (a) MGA's access to Mattel's intellectual property and trade secrets, (b) MGA business practices, (c) MGA's theft of Mattel's intellectual property and trade secrets, (d) The development and ownership of intellectual property at issue, (e) Toy of the Year and the dealings of Mattel and MGA with TIA, (f) Mattel's business operations, (g) design and development of Bratz and Bryant's work with or for MGA during his Mattel employment, (h) Bryant's breach of obligations to Mattel, and (i) Bryant's misrepresentations to Mattel.  Attached as Exhibit 1 is a true and correct copy of Mattel, Inc.'s Consolidated Initial Disclosures Relating to MGA's Unfair Competition Claims, and Second Supplemental Initial Disclosures Relating to Mattel's Claims Against Bryant and Mattel, dated January 5, 2007.

5.     Carter Bryant and MGA have deposed Mattel designees for 18 days pursuant to two Rule 30(b)(6) notices.  Mattel's designees include:  Sandy Yonemoto, Julia Jensen, Julia Marine, Jill Nordquist, Joni Pratte, Kislap Ongchangco, Rene Pasko, Robert Hudnut, Lily Martinez, Arnoldo Artavia, Fred Kawashima, Rodney Palmer and Lissa Freed.

6.     Of those 18 days of deposition, MGA took 13.5 days; Carter Bryant only 4.5 days.  In fact, at many of the depositions, Bryant's counsel was not even present or, if Bryant's counsel was there, he or she asked no questions of the witness.

7.     Those 18 days of deposition make up 3,339 pages of deposition transcripts.

8.     MGA served a notice of deposition of Mattel pursuant to Rule 30(b)(6) on September 5, 2007.  Mattel objected on September 19, 2007, on the grounds, *inter alia*, that MGA did not seek or obtain leave of court before serving its Notice as Rule 30 requires.  Mattel repeatedly advised MGA that a notice to depose Mattel served without leave is a nullity.  Mattel further invited MGA to show good

1   cause why MGA was entitled to testimony on any of the topics. MGA never
2   attempted to make that showing to Mattel.

3        9.    Attached as Exhibit 2 is a true and correct copy of the Court's
4   Order Granting in Part and Denying in Part Mattel's Motion for Leave to Take
5   Additional Discovery, dated January 7, 2008.

6        10.    Attached as Exhibit 3 is a true and correct copy of Mattel's
7   Objections to MGA's Notice of Deposition of Mattel, Inc. Pursuant to Fed. R. Civ.
8   P. 30(b)(6), dated September 19, 2007.

9        11.    Attached as Exhibit 4 is a true and correct copy of Bryant's
10  Second Notice of Deposition of Plaintiff and Counter-defendant Mattel, dated
11  December 21, 2004.

12       12.    Attached as Exhibit 5 is a true and correct copy of the Court's
13  Order Granting in Part and Denying in Part MGA's Motion to Compel Documents
14  Responsive to First Set of Requests for Production of Documents, dated May 22,
15  2007.

16       13.    Attached as Exhibit 6 is a true and correct copy of a letter from
17  Andrew C. Temkin to my partners, Dylan Proctor and Scott Kidman, dated January
18  9, 2008.

19       14.    Attached as Exhibit 7 is a true and correct copy of relevant
20  excerpts from the Transcript of the Hearing on Mattel's Motion to Strike MGA's
21  Affirmative Defenses, dated December 3, 2007.

22       15.    Attached as Exhibit 8 is a true and correct copy of a letter I sent
23  to Douglas A. Wickham dated May 13, 2005.

24       16.    Attached as Exhibit 9 is a true and correct copy of relevant
25  excerpts from the Deposition Transcript of Sandy Yonemoto, dated May 30, 2007.

26       17.    Attached as Exhibit 10 is a true and correct copy of relevant
27  excerpts from the Deposition Transcript of Kislap Ongchangco, dated April 24,
28  2007.

18.     Attached as Exhibit 11 is a true and correct copy of relevant excerpts from the Deposition Transcript of Robert K. Hudnut, dated July 13, 2007.

19.     Attached as Exhibit 12 is a true and correct copy of relevant excerpts from the Deposition Transcript of Joni Pratte, dated June 1, 2007.

20.     Attached as Exhibit 13 is a true and correct copy of relevant excerpts from the Deposition Transcript of Rene Pasko, dated June 13, 2007.

21.     Attached as Exhibit 14 is a true and correct copy of relevant excerpts from the transcript of a March 15, 2005 meeting of counsel.

22.     Attached as Exhibit 15 is a true and correct copy of Mattel's Supplemental Responses to MGA's First Set of Interrogatories, dated December 7, 2007.

23.     Attached as Exhibit 16 is a true and correct copy of the Stipulated Protective Order, dated January 4, 2005.

24.     Attached as Exhibit 17 is a true and correct copy of the Court's Order Granting in Part and Denying in Part MGA's and Bryant's Joint Motion to Compel re: Mattel's Bandying of 30(b)(6) Witnesses, dated January 11, 2008.

25.     Attached as Exhibit 18 is a true and correct copy of relevant excerpts from the Deposition Transcript of Julia Jensen, dated June 8, 2007.

26.     Attached as Exhibit 19 is a true and correct copy of relevant excerpts from the Deposition Transcript of Maureen Tkacik, dated September 28, 2007.

27.     Attached as Exhibit 20 is a true and correct copy of relevant excerpts from the Transcript of the January 3, 2008 Hearing.

28.     Attached as Exhibit 21 is a true and correct copy of the Court's Order Regarding MGA and Bryant's Joint Motion to Overrule Mattel's Relevance Objections and Compel Discovery Relevant to Statute of Limitations Defenses, dated January 9, 2008.

29.   Attached as Exhibit 22 is a true and correct copy of Mattel's Opposition to MGA and Bryant's Joint Motion to Compel re: Mattel's Alleged Bandying of 30(b)(6) Witnesses, dated September 26, 2007.

30.   Attached as Exhibit 23 is a true and correct copy of the Agreement Between MGA and Carter Bryant, dated as of September 18, 2000.

31.   Attached as Exhibit 24 is a true and correct copy of relevant excerpts from the Deposition Transcript of Paula Garcia, dated May 24, 2007.

32.   Attached as Exhibit 25 is a true and correct copy of relevant excerpts from the Deposition Transcript of Julia Marine, Volume I, dated September 21, 2006.

33.   Attached as Exhibit 26 is a true and correct copy of relevant excerpts from the Deposition Transcript of Julia Marine, Volume II, dated November 8, 2006.

34.   Attached as Exhibit 27 is a true and correct copy of relevant excerpts from the Deposition Transcript of Julia Marine, Volume III, dated June 26, 2007.

35.   Attached as Exhibit 28 is a true and correct copy of relevant excerpts from the Deposition Transcript of Arnoldo Artavia, dated September 21, 2006.

36.   Attached as Exhibit 29 is a true and correct copy of relevant excerpts from the Deposition Transcript of Fred Kawashima, Volume I, dated January 17, 2007.

37.   Attached as Exhibit 30 is a true and correct copy of relevant excerpts from the Deposition Transcript of Fred Kawashima, Volume II, dated June 19, 2007.

38.   Attached as Exhibit 31 is a true and correct copy of relevant excerpts from the Deposition Transcript of Fred Kawashima, Volume III, dated September 13, 2007.

1    39.    Attached as Exhibit 32 is a true and correct copy of relevant

2 excerpts from the Deposition Transcript of Rodney Palmer, dated June 26, 2007.

3    40.    Attached as Exhibit 33 is a true and correct copy of the Court's

4 Order Granting in Part and Denying in Part Mattel's Motion to Enforce Court's

5 Discovery Orders and to Compel; to Overrule Purportedly Improper Instructions;

6 and for Sanctions, dated January 8, 2008.

7    41.    Attached as Exhibit 34 is a true and correct copy of the Court's

8 Order Granting in Part and Denying in Part Mattel's Motion for Protective Order

9 Regarding "Polly Pocket" Documents, dated April 19, 2007.

10    42.    Attached as Exhibit 35 is a true and correct copy of the Court's

11 Order Re Motions Heard on June 11, 2007.

12

13    I declare under penalty of perjury under the laws of the United States of

14 America that the foregoing is true and correct.

15    Executed on January 11, 2008, at Los Angeles, California.

16

17    Jon D. Corey

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF JON D. COREY

**Exhibit 1**

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 90378)
2      (johnquinn@quinnemanuel.com)
     Michael T. Zeller (Bar No. 196417)
3      (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4      (joncorey@quinnemanuel.com)
     Timothy L. Alger (Bar No. 160303)
5      (timalger@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
6  Los Angeles, California  90017-2543
   Telephone: (213) 443-3000
7  Facsimile: (213) 443-3100

8  Attorneys for Mattel, Inc.

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11                   EASTERN DIVISION

| 12 | CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
|---|---|---|
| 13 | Plaintiff, | Consolidated with<br>Case No. CV 04-09059 |
| 14 | v. | Case No. CV 05-02727 |
| 15 | MATTEL, INC., a Delaware<br>corporation, | MATTEL, INC.'S CONSOLIDATED<br>(1) INITIAL DISCLOSURES |
| 16 | | RELATING TO MGA'S UNFAIR<br>COMPETITION CLAIMS, AND |
| 17 | Defendant. | (2) SECOND SUPPLEMENTAL<br>INITIAL DISCLOSURES RELATING |
| 18 | AND CONSOLIDATED CASES | TO MATTEL'S CLAIMS AGAINST<br>BRYANT AND MGA |
| 19 | | |
| 20 | | DESIGNATED "CONFIDENTIAL –<br>ATTORNEYS' EYES ONLY" |
| 21 | | PURSUANT TO PROTECTIVE<br>ORDER |

22

23

24

25

26

27

28

07975/2025630.1

EXHIBIT ___/___ PAGE ___8___

Pursuant to Fed. R. Civ. P. 26(a)(1)(A), (B), Mattel, Inc. ("Mattel") hereby makes the following initial disclosures relating to the Complaint by MGA Entertainment, Inc. ("MGA") in MGA Entertainment, Inc. v. Mattel, Case No. CV 05-02727, and further supplements its initial disclosures in Mattel, Inc. v. Bryant, Case No. CV 04-9049 (previous initial disclosures having been made by Mattel on June 28, 2004 and May 16, 2005).

MGA and Bryant declined to participate in a meeting of counsel pursuant to Fed. R. Civ. P. 26(f) following the lifting of the stay.  Accordingly, Mattel will not at this time further supplement its initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(C), (D).

I.    WITNESSES

In accordance with Fed. R. Civ. P. 26(a)(1)(A), Mattel states that, based on the information currently known to it, at least the following persons (exclusive of expert witnesses, attorneys, and their support staff) have knowledge of facts that Mattel may use to support its material allegations and defenses.

For those individuals not employed by or otherwise associated with Mattel, the addresses provided are the last known to Mattel.  The subjects of information specified are those of which Mattel is currently aware or Mattel reasonably believes are in within the knowledge of the identified individuals.  The witnesses who employed by or affiliated with Mattel or Mattel de Mexico may be contacted through Mattel's counsel, Quinn Emanuel Urquhart Oliver & Hedges, LLP.

By its identification of individuals and subjects of information, Mattel does not restrict its right to discovery or presentation of evidence at trial, and

EXHIBIT _____1_____  PAGE _9_

1 | reserves all of its rights under the <u>Federal Rules of Civil Procedure</u>, including
2 | without limitation the right to supplement these disclosures.

3 |

4 |        Ricardo Abundis, MGA Entertainment, Inc., 16380 Roscoe Blvd., Suite
5 | 200, Van Nuys, California 91406.  MGA's access to Mattel's intellectual property
6 | and trade secrets.  MGA business practices.

7 |        Lourdes Aguilar, MGAE de Mexico S.A. de R. L. de C.V., Torre
8 | Siglum, Av. Insurgentes Sur, #1898, Piso 15, Col. Florida, C.P. 01030 Mexico, D.F.
9 | MGA's access to Mattel's intellectual property and trade secrets.  MGA business
10 | practices.

11 |        Mariana Trueba Almada, MGAE de Mexico S.A. de R. L. de C.V.,
12 | Torre Siglum, Av. Insurgentes Sur, #1898, Piso 15, Col. Florida, C.P. 01030
13 | Mexico, D.F.  MGA's theft of Mattel's intellectual property and trade secrets.  MGA
14 | business practices.

15 |        Jules Andres, Mattel, Inc., 333 Continental Blvd., El Segundo,
16 | California 90245.  MGA's theft of Mattel's intellectual property and trade secrets.

17 |        Russell Arons.  The development and ownership of intellectual
18 | property at issue.  Any communication must be through counsel for Mattel.

19 |        Terry Bartlett, Toy Industry Association, Inc., 1115 Broadway, Suite
20 | 400, New York, NY 10010.  Toy of the Year and the dealings of Mattel and MGA
21 | with TIA.

22 |        Eve Karen Laskaris Bennett, MGA Entertainment, Inc., 16380 Roscoe
23 | Blvd., Suite 200, Van Nuys, California 91406.  MGA's access to Mattel's intellectual
24 | property and trade secrets.  MGA business practices.

25 |        Nancy Bennett, Mattel, Inc., 333 Continental Blvd., El Segundo,
26 | California 90245.  The development and ownership of intellectual property at issue.

27 |        Molly Benz, Mattel, Inc., 333 Continental Blvd., El Segundo,
28 | California 90245.  The development and ownership of intellectual property at issue.

-3-
MATTEL'S CONSOLIDATED INITIAL AND SECOND SUPPLEMENTAL INITIAL DISCLOSURES
CONFIDENTIAL – ATTORNEYS' EYES ONLY

**EXHIBIT** _/_ **PAGE** _/0_

1    Jason Bergerson, Kroll OnTrack.  MGA's theft of Mattel's intellectual

2  property and trade secrets.  Any communication must be through counsel for Mattel.

3    John Bloodworth, MGA Entertainment, Inc., 16380 Roscoe Blvd.,

4  Suite 200, Van Nuys, California 91406.  MGA's access to Mattel's intellectual

5  property and trade secrets.  MGA business practices.

6    Kevin Bloomfield, MGA Entertainment, Inc., 16380 Roscoe Blvd.,

7  Suite 200, Van Nuys, California 91406.  MGA's access to Mattel's intellectual

8  property and trade secrets.  MGA business practices.

9    Matt Bousquette.  Mattel's business operations and the development

10  and ownership of intellectual property at issue.  Any communication must be

11  through counsel for Mattel.

12    Ron Brawer, MGA Entertainment, Inc., 16380 Roscoe Blvd., Suite

13  200, Van Nuys, California 91406.  MGA's theft of Mattel's intellectual property and

14  trade secrets.  MGA business practices.

15    Janine Brisbois, MGA Entertainment, Inc., 16380 Roscoe Blvd., Suite

16  200, Van Nuys, California 91406.  MGA's theft of Mattel's intellectual property and

17  trade secrets.  MGA business practices.

18    Carter Bryant ("Bryant"), c/o Douglas A. Wickham and Keith A.

19  Jacoby, Littler Mendelson, 2049 Century Park East, 5th Floor, Los Angeles,

20  California 90067.  Design and development of Bratz and Bryant's work with or for

21  MGA during his Mattel employment.  Bryant's breach of obligations to Mattel.  The

22  development and ownership of intellectual property at issue.  MGA's theft of

23  Mattel's intellectual property and trade secrets.  MGA business practices.

24    Sarah Buzby, Mattel, Inc., 333 Continental Blvd., El Segundo,

25  California 90245.  The development and ownership of intellectual property at issue.

26    Juan Carlos Virrueta Camacho, MGAE de Mexico S.A. de R. L. de

27  C.V., Torre Siglum, Av. Insurgentes Sur, #1898, Piso 15, Col. Florida, C.P. 01030

28

-4-

MATTEL'S CONSOLIDATED INITIAL AND SECOND SUPPLEMENTAL INITIAL DISCLOSURES
CONFIDENTIAL – ATTORNEYS' EYES ONLY

**EXHIBIT ___/___ PAGE___//___**

1 | Mexico, D.F.  MGA's access to Mattel's intellectual property and trade secrets.
2 | MGA business practices.
3 |      Kathy Casey, Mattel, Inc., 333 Continental Blvd., El Segundo,
4 | California 90245.  Mattel's business operations and the development and ownership
5 | of intellectual property at issue.
6 |      Jorge Castilla, MGA Entertainment, Inc., 16380 Roscoe Blvd., Suite
7 | 200, Van Nuys, California 91406.  MGA's access to Mattel's intellectual property
8 | and trade secrets.  MGA business practices.
9 |      Jimmy Cheng, MGA Hong Kong, 9th Floor, Tower 6, The Gateway
10 | Harbour City, Kowloon, Hong Kong.  Design and development of Bratz and
11 | Bryant's work with or for MGA during his Mattel employment.  MGA business
12 | practices.
13 |      Steve Quoc Cheng, MGA Entertainment, Inc., 16380 Roscoe Blvd.,
14 | Suite 200, Van Nuys, California 91406.  MGA's access to Mattel's intellectual
15 | property and trade secrets.  MGA business practices.
16 |      Maureen Mullen Chianese, Roppongi Residence C-2401, 4-12-3
17 | Roppongi, Minato-Ku Tokyo, 1060032 Japan.  The development and ownership of
18 | intellectual property at issue.
19 |      Ok Soo Choi, Mattel, Inc., 333 Continental Blvd., El Segundo,
20 | California 90245.  The development and ownership of intellectual property at issue.
21 |      Fabienne Chonavel, 4655 Noble Avenue, Sherman Oaks, California
22 | 91403.  The development of Bratz and MGA's access to Mattel's intellectual
23 | property and trade secrets.  MGA business practices.
24 |      Larry Clayton, Mattel, Inc., 333 Continental Blvd., El Segundo,
25 | California 90245.  The development and ownership of intellectual property at issue.
26 |      Elise Cloonan, c/o Michael B. Margolis, Margolis & Morin, 444
27 | Flower Street, 6th Floor, Los Angeles, California 90071.  Design and development
28 | of Bratz and Bryant's work for MGA during his employment by Mattel.  Bryant's

-5-

MATTEL'S CONSOLIDATED INITIAL AND SECOND SUPPLEMENTAL INITIAL DISCLOSURES
CONFIDENTIAL – ATTORNEYS' EYES ONLY

EXHIBIT ___1___ PAGE _12_

1 | breach of obligations to Mattel. The development and ownership of intellectual
2 | property at issue. MGA's business practices.
3 |      Gary Cogland, MGA Entertainment, Inc., 16380 Roscoe Blvd., Suite
4 | 200, Van Nuys, California 91406. Design and development of Bratz and Bryant's
5 | work with or for MGA during his Mattel employment. MGA business practices.
6 |      Nick Armando Contreras, MGA Entertainment, Inc., 16380 Roscoe
7 | Blvd., Suite 200, Van Nuys, California 91406. MGA's access to Mattel's intellectual
8 | property and trade secrets. MGA business practices.
9 |      Daniel Cooney, MGA Entertainment, Inc., 16380 Roscoe Blvd., Suite
10 | 200, Van Nuys, California 91406. MGA's access to Mattel's intellectual property
11 | and trade secrets. MGA business practices.
12 |      Stephanie Cota, Mattel, Inc., 333 Continental Blvd., El Segundo,
13 | California 90245. The development and ownership of intellectual property at issue.
14 |      David Dees, Sweden (davodees@hotmail.com). The development of
15 | Bratz.
16 |      Alan Dennis, Mattel, Inc., 333 Continental Blvd., El Segundo,
17 | California 90245. The development and ownership of intellectual property at issue.
18 |      Luis H. Domingo, MGA Entertainment, Inc., 16380 Roscoe Blvd.,
19 | Suite 200, Van Nuys, California 91406. MGA's access to Mattel's intellectual
20 | property and trade secrets. MGA business practices.
21 |      Ann Driskill, Mattel, Inc., 333 Continental Blvd., El Segundo,
22 | California 90245. Carter Bryant's breach of obligations to Mattel.
23 |      Ian Dyer, Mattel, Inc., 333 Continental Blvd., El Segundo, California
24 | 90245. The development and ownership of intellectual property at issue.
25 |      Robert Eckert, Mattel, Inc., 333 Continental Blvd., El Segundo,
26 | California 90245. Mattel's business operations and the development and ownership
27 | of intellectual property at issue.
28 |

**EXHIBIT** _____ _1_ **PAGE** _13_

1         Jaime Elias, Mattel, Inc., 333 Continental Blvd., El Segundo, California

2 90245.  MGA's theft of Mattel's intellectual property and trade secrets.

3         Wendy Feinberg, L.A. Focus, 17337 Ventura Boulevard, Suite 301,

4 Encino, California 91316.  Design and development of Bratz and Bryant's work with

5 or for MGA during his Mattel employment.

6         Joseph B. Feldman, MGA Entertainment, Inc., 16380 Roscoe Blvd.,

7 Suite 200, Van Nuys, California 91406.  MGA's access to Mattel's intellectual

8 property and trade secrets.  MGA business practices.

9         Yeira Fierro, Mattel, Inc., 333 Continental Blvd., El Segundo,

10 California 90245.  MGA's theft of Mattel's intellectual property and trade secrets.

11         Neil Friedman, Mattel, Inc., 333 Continental Blvd., El Segundo,

12 California 90245.  Mattel's business operations and the development and ownership

13 of intellectual property at issue.  TIA and Toy of the Year.

14         Mia Maria Garcia, MGA Entertainment, Inc., 16380 Roscoe Blvd.,

15 Suite 200, Van Nuys, California 91406.  MGA's access to Mattel's intellectual

16 property and trade secrets.  MGA business practices.

17         Kami Gillmour-Bryant, 4341 Ocean View Drive, Malibu, California

18 90265.  MGA's access to Mattel's intellectual property and trade secrets.  MGA

19 business practices.

20         Dana Goldstein, MGA Entertainment, Inc., 16380 Roscoe Blvd., Suite

21 200, Van Nuys, California 91406.  MGA's access to Mattel's intellectual property

22 and trade secrets.  MGA business practices.

23         Carlos Gustavo Machado Gomez, MGA Entertainment, Inc., 16380

24 Roscoe Blvd., Suite 200, Van Nuys, California 91406.  MGA's theft of Mattel's

25 intellectual property and trade secrets.  MGA business practices.

26         Jean Gomez, Mattel, Inc., 333 Continental Blvd., El Segundo,

27 California 90245.  The development and ownership of intellectual property at issue.

28

07975/2025630.1

EXHIBIT _____/_____ PAGE _____/4_____

1    Joanne Green, Mattel, Inc., 333 Continental Blvd., El Segundo,

2 California 90245.  The development and ownership of intellectual property at issue.

3    Sarah Halpern, 1418 Hillcrest Avenue, Glendale, California 91202.

4 MGA's access to Mattel's intellectual property and trade secrets.  Design and

5 development of Bratz and Bryant's work with or for MGA during his Mattel

6 employment.  Bryant's breach of obligations to Mattel.

7    Janet R. Han, MGA Entertainment, Inc., 16380 Roscoe Blvd., Suite

8 200, Van Nuys, California 91406.  MGA's access to Mattel's intellectual property

9 and trade secrets.  MGA business practices.

10    Melody Hanson, MGA Entertainment, Inc., 16380 Roscoe Blvd., Suite

11 200, Van Nuys, California 91406.  MGA's access to Mattel's intellectual property

12 and trade secrets.  MGA business practices.

13    Rachel Harris, Playhut, Inc., 368 South Cheryl Lane, City of Industry,

14 California 91789.  Design and development of Bratz and Bryant's work with or for

15 MGA during his Mattel employment.  Bryant's breach of obligations to Mattel.

16 MGA business practices.

17    Ricardo Honda Hatadi, Mattel de México, S.A. de C.V., Insurgentes

18 Sur #3579, Torre 3, Oficina 601, Col. Tlalpan, Delegación Tlalpan, C.P. 14020,

19 Mexico, D.F.  MGA's theft of Mattel's intellectual property and trade secrets.

20    Jill Hatch, MGA Entertainment, Inc., 16380 Roscoe Blvd., Suite 200,

21 Van Nuys, California 91406.  MGA's access to Mattel's intellectual property and

22 trade secrets.  MGA business practices.

23    Margaret Hatch-Leahy, 1824 Braeburn Road, Altadena, California

24 91001.  Design and development of Bratz and Bryant's work with or for MGA

25 during his Mattel employment.  Bryant's breach of obligations to Mattel.  MGA

26 business practices.

27    Kiyomi Haverly, Mattel, Inc., 333 Continental Blvd., El Segundo,

28 California 90245.  The development and ownership of intellectual property at issue.

-8-

EXHIBIT ____/____ PAGE _/ 5_

1        Maria del Carmen Mendez Hernandez, Xerox Mexicana, S.A. de C.V.,

2    Bosque de Duraznos, No. 61, Col. Bosques de Las Lomas, C.P. 11700, Mexico,

3    D.F.  MGA's access to Mattel's intellectual property and trade secrets.  MGA

4    business practices.

5        Michael Hinh, MGA Entertainment, Inc., 16380 Roscoe Blvd., Suite

6    200, Van Nuys, California 91406.  MGA's access to Mattel's intellectual property

7    and trade secrets.  MGA business practices.

8        Martin Hitch, MGA Entertainment, Inc., 16380 Roscoe Blvd., Suite

9    200, Van Nuys, California 91406.  Design and development of Bratz and Bryant's

10   work with or for MGA during his Mattel employment.  MGA business practices.

11       Hoi Hoffman-Briggs, Mattel, Inc., 333 Continental Blvd., El Segundo,

12   California 90245.  Bryant's breach of obligations to Mattel.

13       Don Howarth, Howarth & Smith, 800 Wilshire Boulevard, Suite 750,

14   Los Angeles, California 90017.  Development of Bratz.

15       James Brian Huntley, MGA Entertainment, Inc., 16380 Roscoe Blvd.,

16   Suite 200, Van Nuys, California 91406.  MGA's access to Mattel's intellectual

17   property and trade secrets.  MGA business practices.

18       Ricardo Ibarra, Mattel de México, S.A. de C.V., Insurgentes Sur #3579,

19   Torre 3, Oficina 601, Col. Tlalpan, Delegación Tlalpan, C.P. 14020, Mexico, D.F.

20   MGA's theft of Mattel's intellectual property and trade secrets.

21       Roberto Isaias, Mattel Chile, S.A., Avenida Américo Vespucio 501-B,

22   Quilicura, Santiago, Chile.  MGA's theft of Mattel's intellectual property and trade

23   secrets.  Any communication must be through counsel for Mattel.

24       Alice C. Kao, MGA Entertainment, Inc., 16380 Roscoe Blvd., Suite

25   200, Van Nuys, California 91406.  MGA's access to Mattel's intellectual property

26   and trade secrets.  MGA business practices.

27

28

MATTEL'S CONSOLIDATED INITIAL AND SECOND SUPPLEMENTAL INITIAL DISCLOSURES
CONFIDENTIAL -- ATTORNEYS' EYES ONLY

EXHIBIT ____1____ PAGE ____16____

1    Kenneth Kauffmann, MGA Entertainment, Inc., 16380 Roscoe Blvd.,
2  Suite 200, Van Nuys, California 91406.  MGA's access to Mattel's intellectual
3  property and trade secrets.  MGA business practices.

4    Alan Kaye, Mattel, Inc., 333 Continental Blvd., El Segundo, California.
5  Bryant's breach of obligations to Mattel.

6    Tim Kilpin, Mattel, Inc., 333 Continental Blvd., El Segundo, California
7  90245.  The development and ownership of intellectual property at issue.

8    Joyce Chi Hee Kim, MGA Entertainment, Inc., 16380 Roscoe Blvd.,
9  Suite 200, Van Nuys, California 91406.  MGA's access to Mattel's intellectual
10  property and trade secrets.  MGA business practices.

11    Young Kim, MGA Entertainment, Inc., 16380 Roscoe Blvd., Suite 200,
12  Van Nuys, California 91406.  MGA's access to Mattel's intellectual property and
13  trade secrets.  MGA business practices.

14    Kristen L. Kirst, MGA Entertainment, Inc., 16380 Roscoe Blvd., Suite
15  200, Van Nuys, California 91406.  MGA's access to Mattel's intellectual property
16  and trade secrets.  MGA business practices.

17    Joel N. Klevins, Fogel, Feldman, Ostrov, Ringler & Klevins, 1620 26th
18  Street, Suite 100 South, Santa Monica, California 90404-4040.  Development of
19  Bratz.

20    Andreas Koch, MGA Entertainment, Inc., 16380 Roscoe Blvd., Suite
21  200, Van Nuys, California 91406.  Design and development of Bratz and Bryant's
22  work with or for MGA during his Mattel employment.  MGA business practices.

23    Ellen F. Komatsu, MGA Entertainment, Inc., 16380 Roscoe Blvd.,
24  Suite 200, Van Nuys, California 91406.  MGA's access to Mattel's intellectual
25  property and trade secrets.  MGA business practices.

26    Kara Kuchem, Mattel, Inc., 333 Continental Blvd., El Segundo,
27  California 90245.  The development and ownership of intellectual property at issue.

28

07975/2025630.1

-10-

**EXHIBIT** __/__ **PAGE** __/7__

1    Susana Kuemmerle, MGAE de Mexico S.A. de R. L. de C.V., Torre

2  Siglum, Av. Insurgentes Sur, #1898, Piso 15, Col. Florida, C.P. 01030 Mexico, D.F.

3  MGA's theft of Mattel's intellectual property and trade secrets.  MGA business

4  practices.

5    Cecelia Kwok, MGA Hong Kong, 9th Floor, Tower 6, The Gateway

6  Harbour City, Kowloon, Hong Kong.  Design and development of Bratz and

7  Bryant's work with or for MGA during his Mattel employment.  MGA business

8  practices.

9    Sheila Kyaw, Mattel, Inc., 333 Continental Blvd., El Segundo,

10  California 90245.  Design and development of Bratz and Bryant's work with or for

11  MGA during his Mattel employment.

12    Farhad Larian, c/o William C. Conkle, Conkle & Olesten, 3130

13  Wilshire Blvd., Suite 500, Santa Monica, California 90403.  Development of Bratz.

14  MGA's business practices.

15    Isaac Larian, MGA Entertainment, Inc., 16380 Roscoe Blvd., Suite

16  200, Van Nuys, California 91406.  Design and development of Bratz and Bryant's

17  work with or for MGA during his Mattel employment.  Bryant's breach of

18  obligations to Mattel and MGA's efforts to conceal same.  MGA's theft of Mattel's

19  intellectual property and trade secrets.  MGA's business practices.

20    Jill Larson, MGA Entertainment, Inc., 16380 Roscoe Blvd., Suite 200,

21  Van Nuys, California 91406.  MGA's access to Mattel's intellectual property and

22  trade secrets.  MGA business practices.

23    Stephen Lee, MGA Hong Kong, 9th Floor, Tower 6, The Gateway

24  Harbour City, Kowloon, Hong Kong.  Design and development of Bratz and

25  Bryant's work with or for MGA during his Mattel employment.  MGA business

26  practices.

27    Victor Lee, MGA Hong Kong, 9th Floor, Tower 6, The Gateway

28  Harbour City, Kowloon, Hong Kong.  Design and development of Bratz and

MATTEL'S CONSOLIDATED INITIAL AND SECOND SUPPLEMENTAL INITIAL DISCLOSURES
CONFIDENTIAL -- ATTORNEYS' EYES ONLY

07975/2025630.1

EXHIBIT  __/__  PAGE  /8

1  Bryant's work with or for MGA during his Mattel employment.  MGA business

2  practices.

3      Kerri Legg, MGA Entertainment, Inc., 16380 Roscoe Blvd., Suite 200,

4  Van Nuys, California 91406.  Design and development of Bratz and Bryant's work

5  with or for MGA during his Mattel employment.  MGA business practices.

6      Lidia Ivete Montero Leyva, MGAE de Mexico S.A. de R. L. de C.V.,

7  Torre Siglum, Av. Insurgentes Sur, #1898, Piso 15, Col. Florida, C.P. 01030

8  Mexico, D.F.  MGA's access to Mattel's intellectual property and trade secrets.

9  MGA business practices.

10     Stanley Li, MGA Hong Kong, 9th Floor, Tower 6, The Gateway

11 Harbour City, Kowloon, Hong Kong.  Design and development of Bratz and

12 Bryant's work with or for MGA during his Mattel employment.  MGA business

13 practices.

14     Timothy James Lider, Advanced Data Solutions.  MGA's theft of

15 Mattel's intellectual property and trade secrets.  Any communication must be

16 through counsel for Mattel.

17     Steve Linker, c/o Laurence M. Berman, Esq., Berman, Mausner, &

18 Resser, 11601 Wilshire Blvd., Suite 600, Los Angeles, CA 90025.  The

19 development of intellectual property at issue.

20     Dave Malacrida, MGA Entertainment, Inc., 16380 Roscoe Blvd., Suite

21 200, Van Nuys, California 91406.  Design and development of Bratz and Bryant's

22 work with or for MGA during his Mattel employment.  MGA business practices.

23     Joy Mann, Mattel, Inc., 333 Continental Blvd., El Segundo, California

24 90245.  The development and ownership of intellectual property at issue.

25     Maria Veronica de Souza Brandao Marlow, 12250 Woodley, Granada

26 Hills, California 91344.  Design and development of Bratz and Bryant's work with

27 or for MGA during his Mattel employment.  MGA's access to Mattel's intellectual

28 property and trade secrets.  MGA business practices.

-12-

MATTEL'S CONSOLIDATED INITIAL AND SECOND SUPPLEMENTAL INITIAL DISCLOSURES
CONFIDENTIAL – ATTORNEYS' EYES ONLY

EXHIBIT ___1___ PAGE __19__

1        Lily Martinez, Mattel, Inc., 333 Continental Blvd., El Segundo,
2   California 90245.  The development and ownership of intellectual property at issue.
3   Bryant's breach of obligations to Mattel.
4        Susan G. McBride, MGA Entertainment, Inc., 16380 Roscoe Blvd.,
5   Suite 200, Van Nuys, California 91406.  MGA's access to Mattel's intellectual
6   property and trade secrets.  MGA business practices.
7        Barbara Miller, address unknown.  The development and ownership of
8   intellectual property at issue.
9        Frank B. Mils, MGA Entertainment, Inc., 16380 Roscoe Blvd., Suite
10  200, Van Nuys, California 91406.  MGA's access to Mattel's intellectual property
11  and trade secrets.  MGA business practices.
12       Joyce Ng, Karrenbrock & Joyce Associates, 848 Radcliffe Avenue,
13  Pacific Palisades, California 90272.  Design and development of Bratz and Bryant's
14  work with or for MGA during his Mattel employment.
15       Jill Nordquist, Mattel, Inc., 333 Continental Blvd., El Segundo,
16  California.  Bryant's breach of obligations to Mattel.  MGA's access to Mattel's
17  intellectual property and trade secrets.
18       Conrad Nussbaum, Mattel, Inc., 333 Continental Blvd., El Segundo,
19  California 90245.  Mattel's business operations, Mattel's dealings with NPD, and the
20  development and ownership of intellectual property at issue.
21       Laura Ochoa, MGAE de Mexico S.A. de R. L. de C.V., Torre Siglum,
22  Av. Insurgentes Sur, #1898, Piso 15, Col. Florida, C.P. 01030 Mexico, D.F.  MGA's
23  access to Mattel's intellectual property and trade secrets.  MGA business practices.
24       Victoria O'Connor, Warner Bros. Consumer Products, 4001 West Olive
25  Ave., 3rd Floor, Burbank, California 91505.  Design and development of Bratz and
26  Bryant's work with or for MGA during his Mattel employment, and MGA's efforts
27  to conceal same.  MGA's access to Mattel's intellectual property and trade secrets.
28  MGA business practices.

-13-
MATTEL'S CONSOLIDATED INITIAL AND SECOND SUPPLEMENTAL INITIAL DISCLOSURES
CONFIDENTIAL – ATTORNEYS' EYES ONLY

EXHIBIT ___/___ PAGE _2 o_

1    Daniel Ray Owen, MGA Entertainment, Inc., 16380 Roscoe Blvd.,

2  Suite 200, Van Nuys, California 91406. MGA's access to Mattel's intellectual

3  property and trade secrets. MGA business practices.

4    Amelia Ivy Arafiles Palijo, MGA Entertainment, Inc., 16380 Roscoe

5  Blvd., Suite 200, Van Nuys, California 91406. MGA's access to Mattel's intellectual

6  property and trade secrets. MGA business practices.

7    Karla Papayanopulos, Mattel de México, S.A. de C.V., Insurgentes Sur

8  #3579, Torre 3, Oficina 601, Col. Tlalpan, Delegación Tlalpan, C.P. 14020, Mexico,

9  D.F. MGA's theft of Mattel's intellectual property and trade secrets.

10    Cassidy Park, Mattel, Inc., 333 Continental Blvd., El Segundo,

11  California 90245. The development and ownership of intellectual property at issue.

12  Carter Bryant's breach of obligations to Mattel.

13    Thomas Park, MGA Entertainment, Inc., 16380 Roscoe Blvd., Suite

14  200, Van Nuys, California 91406. MGA's access to Mattel's intellectual property

15  and trade secrets. MGA business practices.

16    Marlene Parker, MGA Entertainment, Inc., 16380 Roscoe Blvd., Suite

17  200, Van Nuys, California 91406. Design and development of Bratz and Bryant's

18  work with or for MGA during his Mattel employment. MGA business practices.

19    Rene Pasko, Mattel, Inc., 333 Continental Blvd., El Segundo,

20  California 90245. The development and ownership of intellectual property at issue.

21    Danny Pestonji, MGA Entertainment, Inc., 16380 Roscoe Blvd., Suite

22  200, Van Nuys, California 91406. MGA's access to Mattel's intellectual property

23  and trade secrets. MGA business practices.

24    Pootipong Phoosopha, MGA Entertainment, Inc., 16380 Roscoe Blvd.,

25  Suite 200, Van Nuys, California 91406. MGA's access to Mattel's intellectual

26  property and trade secrets. MGA business practices.

27    Cynthia Pierce, Union Bank, 5855 Topanga Canyon Boulevard,

28  Woodland Hills, California 91367. Payment from MGA to Carter Bryant.

MATTEL'S CONSOLIDATED INITIAL AND SECOND SUPPLEMENTAL INITIAL DISCLOSURES
CONFIDENTIAL – ATTORNEYS' EYES ONLY

EXHIBIT _____/_____ PAGE _2/_

1    Joni Pratte, Mattel, Inc., 333 Continental Blvd., El Segundo, California

2  90245. The development and ownership of intellectual property at issue.

3    Jacqueline Ramona Prince, c/o Daniel J. Warren, Sutherland Asbill &

4  Brennan, LLP, 999 Peachtree Street, Suite 2300, Atlanta, GA 30309. Design and

5  development of Bratz and Bryant's work with or for MGA during his Mattel

6  employment. Bryant's breach of obligations to Mattel.

7    Andrea Ramirez, MGAE de Mexico S.A. de R. L. de C.V., Torre

8  Siglum, Av. Insurgentes Sur, #1898, Piso 15, Col. Florida, C.P. 01030 Mexico, D.F.

9  MGA's access to Mattel's intellectual property and trade secrets. MGA business

10  practices.

11    Jessie Ramirez, 538 Maryann Drive, Redondo Beach, California 90278.

12  Design and development of Bratz and Bryant's work with or for MGA during his

13  Mattel employment.

14    Erika Rangel, MGA Entertainment, Inc., 16380 Roscoe Blvd., Suite

15  200, Van Nuys, California 91406. MGA's access to Mattel's intellectual property

16  and trade secrets. MGA business practices.

17    Lee Ratleff, MGA Entertainment, Inc., 16380 Roscoe Blvd., Suite 200,

18  Van Nuys, California 91406. MGA's access to Mattel's intellectual property and

19  trade secrets. MGA business practices.

20    Wendy Reed, MGA Entertainment, Inc., 16380 Roscoe Blvd., Suite

21  200, Van Nuys, California 91406. Design and development of Bratz and Bryant's

22  work with or for MGA during his Mattel employment. MGA business practices.

23    Scot Anthony Reyes, MGA Entertainment, Inc., 16380 Roscoe Blvd.,

24  Suite 200, Van Nuys, California 91406. MGA's access to Mattel's intellectual

25  property and trade secrets. MGA business practices.

26    Anna Rhee, c/o Laurence M. Berman, Esq., Berman, Mausner, &

27  Resser, 11601 Wilshire Blvd., Suite 600, Los Angeles, CA 90025. The

28  development and ownership of intellectual property at issue. Design and

MATTEL'S CONSOLIDATED INITIAL AND SECOND SUPPLEMENTAL INITIAL DISCLOSURES
CONFIDENTIAL – ATTORNEYS' EYES ONLY

EXHIBIT ___/___ PAGE _22_

1  development of Bratz and Bryant's work with or for MGA during his Mattel

2  employment.  Bryant's breach of obligations to Mattel.

3       Judy Rich, MGA Entertainment, Inc., 16380 Roscoe Blvd., Suite 200,

4  Van Nuys, California 91406.  Design and development of Bratz and Bryant's work

5  with or for MGA during his Mattel employment.  MGA business practices.

6       Ian Richter, Mattel, Inc., 333 Continental Blvd., El Segundo, California

7  90245.  The development and ownership of intellectual property at issue.

8       Alejandro Gurza Romay, MGAE de Mexico S.A. de R. L. de C.V.,

9  Torre Siglum, Av. Insurgentes Sur, #1898, Piso 15, Col. Florida, C.P. 01030

10 Mexico, D.F.  MGA's access to Mattel's intellectual property and trade secrets.

11 MGA business practices.

12      Desiree E. Ronquillo, MGA Entertainment, Inc., 16380 Roscoe Blvd.,

13 Suite 200, Van Nuys, California 91406.  MGA's access to Mattel's intellectual

14 property and trade secrets.  MGA business practices.

15      David Rosenbaum, Law Offices of David S. Rosenbaum, 6303

16 Owensmouth Ave., 10th Floor, Woodland Hills, California 91367.  Bryant's breach

17 of his obligations to Mattel.  Bryant's work with or for MGA during his Mattel

18 employment.

19      Lon P. Ross, MGA Entertainment, Inc., 16380 Roscoe Blvd., Suite

20 200, Van Nuys, California 91406.  MGA's access to Mattel's intellectual property

21 and trade secrets.  MGA business practices.

22      Ivy Ross.  Bryant's breach of obligations to Mattel.  Any

23 communication must be through counsel for Mattel.

24      Arnold Rubin, Toy Industry Association, Inc., 1115 Broadway, Suite

25 400, New York, NY 10010.  Toy of the Year and the dealings of Mattel and MGA

26 with TIA.

27

28

EXHIBIT ___/___   PAGE __2__3__

1    Shirin Salemnia, MGA Entertainment, Inc., 16380 Roscoe Blvd., Suite
2  200, Van Nuys, California 91406.  MGA's access to Mattel's intellectual property
3  and trade secrets.  MGA business practices.
4    Pablo Vargas San Jose, MGAE de Mexico S.A. de R. L. de C.V., Torre
5  Siglum, Av. Insurgentes Sur, #1898, Piso 15, Col. Florida, C.P. 01030 Mexico, D.F.
6  MGA's theft of Mattel's intellectual property and trade secrets.  MGA business
7  practices.
8    Chuck Scothon, Mattel, Inc., 333 Continental Blvd., El Segundo,
9  California 90245.  Mattel's business operations and the development and ownership
10  of intellectual property at issue.
11    Harvey Scott, MGA Entertainment, Inc., 16380 Roscoe Blvd., Suite
12  200, Van Nuys, California 91406.  MGA's access to Mattel's intellectual property
13  and trade secrets.  MGA business practices.
14    Mark Spencer, First Advantage Litigation Consulting.  MGA's theft of
15  Mattel's intellectual property and trade secrets.  Any communication must be
16  through counsel for Mattel.
17    Holly Aileen Stinnett, MGA Entertainment, Inc., 16380 Roscoe Blvd.,
18  Suite 200, Van Nuys, California 91406.  MGA's access to Mattel's intellectual
19  property and trade secrets.  MGA business practices.
20    Jier Su, MGA Entertainment, Inc., 16380 Roscoe Blvd., Suite 200, Van
21  Nuys, California 91406.  MGA's access to Mattel's intellectual property and trade
22  secrets.  MGA business practices.
23    Maureen Tafoya, Mattel, Inc., 333 Continental Blvd., El Segundo,
24  California 90245.  MGA's access to Mattel's intellectual property and trade secrets.
25    Gail Tamae, Mattel, Inc., 333 Continental Blvd., El Segundo,
26  California 90245.  The development and ownership of intellectual property at issue.
27
28

-17-
MATTEL'S CONSOLIDATED INITIAL AND SECOND SUPPLEMENTAL INITIAL DISCLOSURES
CONFIDENTIAL – ATTORNEYS' EYES ONLY

EXHIBIT ___/___ PAGE __24__

1           Lisa Tawil, MGA Entertainment, Inc., 16380 Roscoe Blvd., Suite 200,

2 Van Nuys, California 91406.  MGA's access to Mattel's intellectual property and

3 trade secrets.  MGA business practices.

4           Marla Reynolds Thompson, MGA Entertainment, Inc., 16380 Roscoe

5 Blvd., Suite 200, Van Nuys, California 91406.  MGA's access to Mattel's intellectual

6 property and trade secrets.

7           Michele Thompson, MGA Entertainment, Inc., 16380 Roscoe Blvd.,

8 Suite 200, Van Nuys, California 91406.  MGA's access to Mattel's intellectual

9 property and trade secrets.  MGA business practices.

10           Ben Ton, MGA Entertainment, Inc., 16380 Roscoe Blvd., Suite 200,

11 Van Nuys, California 91406.  Design and development of Bratz and Bryant's work

12 with or for MGA during his Mattel employment.  MGA business practices.

13           Paula Dianthe Treantafelles (Garcia), MGA Entertainment, Inc., 16380

14 Roscoe Blvd., Suite 200, Van Nuys, California 91406.  Design and development of

15 Bratz and Bryant's work with or for MGA during his Mattel employment.  Bryant's

16 breach of obligations to Mattel.  MGA's theft of Mattel's intellectual property and

17 trade secrets.  MGA business practices.

18           Frankie Tsang, MGA Hong Kong, 9th Floor, Tower 6, The Gateway

19 Harbour City, Kowloon, Hong Kong.  MGA's theft of Mattel's intellectual property

20 and trade secrets.  MGA business practices.

21           Vivianne Waisman, Mattel, Inc., 333 Continental Blvd., El Segundo,

22 California 90245.  MGA's access to Mattel's intellectual property and trade secrets.

23           Simon Waldron, Mattel, Inc., 333 Continental Blvd., El Segundo,

24 California 90245.  The development and ownership of intellectual property at issue.

25           Anne Wang, Christie Parker Hale LLP, 300 W. Colorado Blvd., Suite

26 500, Pasadena, California 91105.  Bryant's breach of his obligations to Mattel.

27 Bryant's work with or for MGA during his Mattel employment.

28

EXHIBIT ___/___ PAGE _25_

1    Chang-Chin Wang, MGA Entertainment, Inc., 16380 Roscoe Blvd.,

2 Suite 200, Van Nuys, California 91406.  MGA's access to Mattel's intellectual

3 property and trade secrets.  MGA business practices.

4    Mercedeh Ward, 5247 S. Grandby Ct., Aurora, Colorado.  Design and

5 development of Bratz and Bryant's work with or for MGA during his Mattel

6 employment.  Bryant's breach of obligations to Mattel.  MGA's access to Mattel's

7 intellectual property and trade secrets.  MGA business practices.

8    Dawn Whitaker, MGA Entertainment, Inc., 16380 Roscoe Blvd., Suite

9 200, Van Nuys, California 91406.  MGA's access to Mattel's intellectual property

10 and trade secrets.  MGA business practices.

11    Therese Wilbur.  MGA's access to Mattel's intellectual property and

12 trade secrets.  Any communication must be through counsel for Mattel.

13    Jenny M.L. Wong, MGA Entertainment, Inc., 16380 Roscoe Blvd.,

14 Suite 200, Van Nuys, California 91406.  MGA's access to Mattel's intellectual

15 property and trade secrets.  MGA business practices.

16    Samuel Wong, MGA Hong Kong, 9th Floor, Tower 6, The Gateway

17 Harbour City, Kowloon, Hong Kong.  Design and development of Bratz and

18 Bryant's work with or for MGA during his Mattel employment.

19    Tricia Wong, Mattel, Inc., 333 Continental Blvd., El Segundo,

20 California 90245.  The development and ownership of intellectual property at issue.

21    Sandy Yonemoto, Mattel, Inc., 333 Continental Blvd., El Segundo,

22 California 90245.  Bryant's misrepresentations to Mattel.

23    Mattel's investigation of this matter is not yet complete, and Mattel has

24 not concluded its discovery in this matter.  In particular, Mattel anticipates that other

25 third parties, including without limitation persons currently or formerly employed

26 by or associated with MGA and/or Bryant may have percipient knowledge, but

27 Mattel cannot identify such persons without further discovery.  Mattel reserves the

28 right to identify additional individuals with such knowledge as such persons become

-19-

**EXHIBIT __/__ PAGE 26**

1  known to Mattel or the information they possess becomes relevant to the claims or

2  defenses of any party.

3

4  II.   DOCUMENTS

5       In accordance with Fed. R. Civ. P. 26(a)(1)(B), Mattel has provided

6  MGA and Bryant with copies of documents and tangible things in its custody or

7  control that Mattel may use to support its material allegations and defenses.

8  Additional documents are being produced to MGA and Bryant concurrently with the

9  service of these disclosures, subject to the protective order in this case.

10      Mattel's investigation into this matter is not complete.  Mattel

11 anticipates that additional documents will continue to be discovered by Mattel that

12 may be used to support its material allegations and defenses.  Such documents will

13 be produced as required by the Federal Rules of Civil Procedure.

14      Additionally, Mattel has previously identified categories, and hereby

15 discloses the following further categories, of tangible things in its custody or control

16 that it might use to support its claims or defenses.  These tangible things may be

17 inspected upon reasonable notice and agreement of the parties.

18      1.    Mattel products that are the subject of MGA's claims.

19      2.    Mattel products that bear on Mattel's defenses, including without

20 limitation the ownership of the designs, marks, and other property at issue, and the

21 theft by MGA and Bryant of Mattel's intellectual property and trade secrets.

22

23      Counsel for Mattel certify that, to the best of their knowledge,

24 information and belief, formed after an inquiry that is reasonable under the

25 circumstances, this disclosure is complete and correct as of the date indicated below.

26

27

28

-20-
MATTEL'S CONSOLIDATED INITIAL AND SECOND SUPPLEMENTAL INITIAL DISCLOSURES
CONFIDENTIAL – ATTORNEYS' EYES ONLY

EXHIBIT ___/___   PAGE _27_

1  However, counsel reserves the right to supplement or amend this disclosure as

2  additional information becomes available, through discovery or otherwise.

3

4  DATED:  January 5, 2007

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

5

6

7  By _____

Timothy L. Alger

8  Attorneys for Mattel, Inc.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-21-
MATTEL'S CONSOLIDATED INITIAL AND SECOND SUPPLEMENTAL INITIAL DISCLOSURES
CONFIDENTIAL – ATTORNEYS' EYES ONLY

EXHIBIT ___1___ PAGE _2 8_

## PROOF OF SERVICE

1

2     I am employed in the County of Los Angeles, State of California.  I am over

3 the age of eighteen years and not a party to the within action; my business address is

4 NOW Messenger Service, 1301 West Second Street, Suite 206, Los Angeles,

5 California 90026.

6     On January 5, 2007, I served true copies of the following document(s)

7 described as:

8     **MATTEL, INC.'S CONSOLIDATED (1) INITIAL DISCLOSURES**

9     **RELATING TO MGA'S UNFAIR COMPETITION CLAIMS, AND**

10    **(2) SECOND SUPPLEMENTAL INITIAL DISCLOSURES RELATING TO**

11     **MATTEL'S CLAIMS AGAINST BRYANT AND MGA**

12 on the parties in this action as follows:

| | |
|---|---|
| Diana M. Torres, Esq. | Keith A. Jacoby, Esq. |
| O'Melveny & Myers | Littler Mendelson |
| 400 So. Hope Street | 2049 Century Park East, 5th Floor |
| Los Angeles, CA  90071 | Los Angeles, CA  90067-3107 |
| Telephone: (213) 430-6000 | Telephone: (310) 553-0308 |
| Facsimile: (213) 430-6407 | Facsimile: (310) 553-5583 |

17     [√]    [PERSONAL] by personally delivering the document listed above to

18 the person(s) at the address(es) set forth above.

20     I declare that I am employed in the office of a member of the bar of this court

21 at whose direction the service was made

23     Executed on January 5, 2007, at Los Angeles, California.

David Quintana

Case No. SACV 05-00953 JVS (ANx)
PROOF OF SERVICE

**EXHIBIT __1__ PAGE __29__**

**Exhibit 2**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA 92501
<u>CIVIL MINUTES – GENERAL</u>

| | | |
|---|---|---|
| Case No. | CV 04-09049 SGL(RNBx) | Date: January 7, 2008 |
| Title: | CARTER BRYANT -v- MATTEL, INC. | |
| | AND CONSOLIDATED ACTIONS | |

========================================================================

PRESENT: HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| Jim Holmes | Theresa Lanza |
| Courtroom Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR CARTER BRYANT: **Christa Martine Anderson**

ATTORNEYS PRESENT FOR MATTEL: **John B. Quinn and Michael T. Zeller**

ATTORNEYS PRESENT FOR MGA:
**Thomas J. Nolan**
**Carl A. Roth**
**Anna Park**

ATTORNEY PRESENT FOR CARLOS GUSTAVO MACHADO GOMEZ:
**Mark E. Overland**

ATTORNEY PRESENT FOR NON-PARTIES ANA ELISE CLOONAN, MARGARET HATCH-LEHY, AND VERONICA MARLOW: **Larry W. McFarland**

ATTORNEY PRESENT FOR NON-PARTY STERN & GOLDBERG: **Kien C. Tiet**

ATTORNEY PRESENT FOR NON-PARTY KAYE SCHOLER, LLP: **Bryant S. Delgadillo**

PROCEEDINGS: **ORDER GRANTING IN PART AND DENYING IN PART MATTEL'S MOTION FOR LEAVE TO TAKE ADDITIONAL DISCOVERY (DOCKET #1134)**

**ORDER GRANTING MOTION TO ENFORCE THE COURT'S ORDER OF AUGUST 27, 2007, AND DENYING REQUEST FOR SANCTIONS (DOCKET #1143)**

| | | |
|---|---|---|
| MINUTES FORM 90 | | Initials of Deputy Clerk: jh |
| CIVIL – GEN | 1 | Time: 1/30 |

EXHIBIT _2_ PAGE _30_

**ORDER GRANTING MATTEL'S MOTION CLARIFYING COURT'S ORDER APPOINTING DISCOVERY MASTER (DOCKET #1244)**

**ORDER GRANTING CARTER BRYANT AND MGA DEFENDANTS' EX PARTE APPLICATION TO COMPEL DEPOSITIONS (DOCKET #1462)**

These matters were heard on January 7, 2008.  The Court rules as set forth below.

To the extent that this Order decides issues more properly decided by the Discovery Master and/or preempts issues currently pending before the Discovery Master, it does so only to resolve those issues in the most expeditious manner possible.  As the Court's order appointing the Discovery Master requires, any and all discovery disputes must be presented to the Discovery Master for his resolution.

**MATTEL'S MOTION FOR LEAVE TO TAKE ADDITIONAL DISCOVERY (DOCKET #1134)**

This motion is **GRANTED IN PART**.  Leave to take additional depositions and propound additional interrogatories are granted to the extent they are consistent with Fed. R. Civ. P. 26(b)(2).  <u>See</u> Fed. R. Civ. P. 30(a)(2)(A) (depositions), 33(a) (interrogatories).  Rule 26(b)(2) requires a Court to limit discovery where it is unreasonably cumulative or duplicative; where it can be obtained from a more convenient, less burdensome, or less expensive source; where a party has already had ample opportunity to obtain information from discovery; where the burden or the expense of the requested discovery outweighs its likely benefit, taking into account the factors of the parties' resources, the importance of the issues at stake, and the importance of the requested discovery in resolving these issues.  Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii).

Considering this standard, the Court concludes that Mattel has shown good cause to grant additional discovery given the complexity of this case, the number of parties, recent developments related to the substitution of counsel, the concerns regarding retention and spoliation of evidence, and the delay in receiving paper

MINUTES FORM 90
CIVIL – GEN

2

Initials of Deputy Clerk: jh
Time: 1/30

**EXHIBIT ___2___ PAGE ___31___**

discovery caused by numerous discovery disputes and a Court-imposed stay requested by MGA upon substitution of counsel.  Specifically, the Court grants Mattel's request to take the individual depositions relating to the Bratz claims (set forth in the moving papers at 9-11) and relating to the trade secret and RICO claims (set forth in the moving papers at 13).  Mattel may serve the notices of deposition and propound the interrogatories attached to the moving papers as Exs. A - C.  Additionally, the parties must answer Mattel's previously propounded interrogatories to which the sole objection raised was that those interrogatories exceeded the allowable number of interrogatories.

The Court has heretofore refrained from bifurcating discovery relating to Phase 1 and Phase 2, believing that such an action is fraught with the potential of unnecessarily compounding discovery disputes in a case already predisposed to such disputes.  Nevertheless, in light of the additional discovery permitted by this Order, and to the extent that counsel for the parties who are asserting or defending against claims to be tried in Phase 2 of the trial are in agreement, the Court will consider a stipulation of those parties that designates certain depositions as "Phase 2" depositions that may be conducted during the month of February, if counsel can assure the Court that such depositions can be so conducted without altering the Court's pretrial schedule regarding Phase 1.

Conversely, in light of the standard of review employed regarding the Discovery Master's orders, the Court **DENIES** that portion of Mattel's motion that seeks additional time in which to depose Carter Bryant.  The Court cannot say that the Discovery Master's order allowing an additional nine hours to depose Carter Bryant is contrary to law based on the Discovery Master's unchallenged factual findings.

## MATTEL'S MOTION TO ENFORCE THE COURT'S ORDER OF AUGUST 27, 2007 AND REQUEST FOR SANCTIONS (DOCKET #1143)

This motion is **GRANTED**.  The Court's order clearly applied to "all parties."  No party sought relief therefrom or clarification of the Court's order.

As prepared in purported compliance with the Court's order, the affidavit of Carlos Gustavo Machado Gomez is inadequate as it lacks facts and relies instead on conclusory language.  Machado must file an affidavit that complies with the

EXHIBIT ____2____ PAGE ___32___

Court's order as set forth below.

Carter Bryant has refused to comply with the Court's order and has not filed the required affidavit.

Both these parties must file, on or before January 15, 2008, an affidavit setting forth a factual description of their preservation efforts, policies, customs, and/or practices with respect to potentially discoverable documents related to the present litigation. The failure of these parties to comply with this Order will result in the imposition of contempt sanctions to coerce their compliance.

The Court **DENIES** Mattel's request for costs and sanctions.

## MATTEL'S MOTION CLARIFYING COURT'S ORDER APPOINTING DISCOVERY MASTER (DOCKET #1244)

This motion is **DENIED**. The Court's order referred to the Discovery Master any and all discovery disputes, including those involving third parties.

Although the parties stipulated to the Discovery Master, that stipulation was entered as the Court's order, and as such, all parties are subject to that order unless relieved from it upon proper motion.

The order was entered as a valid Rule 53(a)(1)(C) order, not requiring the consent of any party or nonparty. Machado has not convinced the Court that, as a subsequently added party, he was required to be given the opportunity to object to the order before it could be applied to him. See Fed. R. Civ. P. 53(b)(1) (requiring notice and opportunity to be heard prior to the appointment of a special master). Importantly, Machado could have, but did not, seek relief from this order within a reasonable amount of time after he became a party to this case. Furthermore, the Court does not find any basis to exclude Machado from the reach of the Court's order appointing the Discovery Master pursuant to his present objections.

## DEFENDANTS' EX PARTE APPLICATION TO COMPEL DEPOSITIONS (DOCKET #1462)

Carter Bryant and the MGA defendants may depose the ten individuals set

MINUTES FORM 90
CIVIL – GEN

4

Initials of Deputy Clerk: jh
Time: 1/30

EXHIBIT __2__ PAGE __33__

forth in their moving papers.  The testimony of all Rule 30(b)(6) witnesses "count" as only one deposition for purposes of determining the total number of depositions conducted by each side.

Carter Bryant and the MGA defendants are not relieved of the requirement that they serve subpoenas on all these deponents other than the current officers of Mattel (represented to the Court to be Tim Kilpin, Kevin Farr, and Evelyn Viohl).  To the extent that Mattel has made prior written agreements to produce deponents who are under its control, it is expected to do so.

As to all the depositions permitted by this Order, all counsel are expected to coordinate their schedules with those of the deponents such that the depositions are held prior to the discovery cutoff date of January 28, 2008.  However, as set forth above in connection with Mattel's motion to take additional discovery, Phase 2 depositions may be taken in February pursuant to a Court-approved stipulation.

IT IS SO ORDERED.

MINUTES FORM 90
CIVIL -- GEN

5

Initials of Deputy Clerk: jh
Time: 1/30

EXHIBIT ___2___ PAGE ___34___

**Exhibit 3**

1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 090378)
2      johnquinn@quinnemanuel.com
      Michael T. Zeller (Bar No. 196417)
3      (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
4      (joncorey@quinnemanuel.com)
      Timothy L. Alger (Bar No. 160303)
5      timalger@quinnemanuel.com
    865 South Figueroa Street, 10th Floor
6   Los Angeles, California  90017-2543
    Telephone:  (213) 443-3000
7   Facsimile:  (213) 443-3100

8   Attorneys for Plaintiff and Cross-
    Defendant Mattel, Inc.

9

10                  UNITED STATES DISTRICT COURT

11                 CENTRAL DISTRICT OF CALIFORNIA

12   CARTER BRYANT, an individual,        CASE NO. CV 04-9049 SGL (RNBx)

13               Plaintiff,               Consolidated with
                                          Case No. CV 04-09059
14        vs.                             Case No. CV 05-02727

15   MATTEL, INC., a Delaware             MATTEL, INC.'S OBJECTIONS TO
16   corporation,                         MGA ENTERTAINMENT, INC.'S
                                          NOTICE OF DEPOSITION OF
17               Defendant.               MATTEL, INC. PURSUANT TO FED.
                                          R. CIV. P. 30(B)(6)
18
     AND CONSOLIDATED ACTIONS             Discovery Cut-off: January 14, 2008
19                                        Pre-trial Conference:  April 7, 2008
                                          Trial Date:  April 29, 2008
20
                                          Discovery Cut-off:  March 3, 2008
21                                        Pre-trial Conference:  June 2, 2008
                                          Trial Date:  July 1, 2008
22

23

24

25

26

27

28

07209/2225076.1

MATTEL'S OBJECTIONS TO MGA'S NOTICE OF 30(B)(6) DEPOSITION OF MATTEL

EXHIBIT   3   PAGE  35

1                                    **Preliminary Statement**

2         Mattel has not yet completed its investigation of the facts relating to

3 this action, has not yet reviewed all documents relating to this action, has not yet

4 interviewed all witnesses in this action, and has yet to receive all discovery from

5 defendants MGA Entertainment, Inc. ("MGA"), Isaac Larian, Carter Bryant, MGA

6 Entertainment (HK) Limited, MGAE de Mexico S.R.L. de C.V., Carlos Gustavo

7 Machado Gomez, and from third parties with regard to this action (collectively,

8 "Defendants").  Consequently, Mattel reserves the right to amend and/or supplement its

9 responses if and when additional facts or documents are discovered. Additionally,

10 because Mattel's responses are based on facts and documents that Mattel has identified to

11 date, they do not preclude Mattel from later relying on facts or documents discovered or

12 generated pursuant to subsequent investigation or discovery.  Mattel's objections and

13 responses to any of the Topics set forth in MGA Entertainment, Inc.'s Notice of

14 Deposition of Mattel, Inc. Pursuant to Fed. R. Civ. P. 30(B)(6) (the "Notice") are not to

15 be construed as a waiver of any of its objections or its right to object to any other Topic.

16

17                                    **General Objections**

18         Mattel generally objects to the Notice and each of the Topics set forth

19 in the Notice on each and every one of the following grounds, which are

20 incorporated into and made a part of Mattel's response to each and every individual

21 Topic:

22         1.     Mattel objects to the Notice and the 86 Topics contained in the Notice

23 on the grounds that they are overbroad, unduly burdensome, vague and harassing.

24 The Notices fail to describe with reasonable particularity the matters on which

25 examination is requested and, on their face, call for vast, undefined categories of

26 information--spanning various unreasonably long time periods and often without

27 any time limitation, without any actual or meaningful limitation as to product or

28

07209/2225076.1

-2-
MATTEL'S OBJECTIONS TO MGA'S NOTICE OF 30(B)(6) DEPOSITION OF MATTEL

**EXHIBIT** _3_ **PAGE** _36_

1   product line and without geographical limitation--that would potentially require

2   many dozens of witnesses from around the world to address.

3           2.      Mattel objects to the Notice and the Topics on the grounds that they are

4   unduly burdensome, premature and vague and ambiguous in that they seek

5   information uniquely within the possession, custody, and control of Defendants and

6   third parties within the control of Defendants and is not known by Mattel at this

7   juncture, including because Defendants refuse to disclose such information,

8   including in the face of Court Orders requiring MGA to produce such information.

9           3.      Mattel objects to the Notice and the Topics on the grounds that they

10  seek disclosure of information that is in the possession of independent parties over

11  whom Mattel has no control, or that is publicly available and hence equally

12  available to all parties in this litigation.

13          4.      Mattel objects to the Notice and the Topics on the grounds that they

14  seek to impose obligations beyond those required by the <u>Federal Rules of Civil</u>

15  <u>Procedure</u>.

16          5.      Mattel objects to the Notice and the Topics on the grounds that they

17  call for information that is not relevant to the subject matter of the pending action,

18  nor reasonably calculated to lead to the discovery of admissible evidence, including

19  in that they are an attempt to circumvent the Discovery Master's prior Orders

20  determining that MGA's requests for such information were irrelevant and/or an

21  inappropriate and overbroad category of discovery.

22          6.      Mattel objects to the Notice and the Topics on the grounds that they

23  call for the disclosure of information or documents subject to the attorney-client

24  privilege, the attorney work-product doctrine and other applicable privileges,

25  including the joint defense and common interest privilege and the privilege against

26  disclosure of the identities and work product of consulting experts.  Such

27  information and documents will not be produced.

28

-3-

MATTEL'S OBJECTIONS TO MGA'S NOTICE OF 30(B)(6) DEPOSITION OF MATTEL

EXHIBIT  3  PAGE  37

7.    Mattel objects to the Notice and the Topics on the grounds that they seek information about matters that are not within the subject matter jurisdiction of the Court or seek to directly interfere with and intrude into on-going criminal proceedings.  Any discovery by Mattel will be limited to those matters within the Court's jurisdiction, in compliance with foreign laws limiting disclosure and discovery and consistent with governmental or prosecutorial limitations.  Without limiting the generality of the foregoing, Mattel will not undertake to produce witnesses to testify as to the activities of any governmental officials conducting prosecutorial or investigatory functions.

8.    Mattel objects to the Notice and the Topics on the grounds that they seek they seek trade secret, proprietary or otherwise confidential information of Mattel or third parties.  Any such information will be disclosed, if at all, only pursuant to and in reliance upon the Protective Order entered in this case.  Mattel further objects to the Notice and the Topics on the grounds that they seek the disclosure of information that would invade or violate contractual obligations, privacy rights or other rights held by third parties or would violate the terms of any agreement or contracts with third parties.

9.    Mattel objects to the Notice and the Topics on the grounds that they are duplicative of Topics already designated by Bryant in previous notices of deposition pursuant to Rule 30(b)(6), in which MGA has joined.  In addition, MGA has taken the position in a pending motion to compel by Mattel that the limitation of Fed. R. Civ. P. 30, which states that a person may be deposed only once in an action, applies to Fed. R. Civ. P. 30(b)(6) depositions.  If that position of MGA is sustained, Mattel will not produce any witnesses in response to this Notice unless and until MGA obtains leave of court.

10.    Mattel objects to the Notice and the Topics on the grounds that the definitions of the terms "ACCELERACERS," "ADVERTISEMENT," "ALIEN RACERS," "BARBIE," "BRATZ," "DIVA STARZ," "FLAVAS," "4-EVER BEST

1  FRIENDS," "LITTLE MOMMY," "MATTEL," "MGA," "MGA HK," "MGA

2  MEXICO," "MOMMY'S LITTLE...," "MY SCENE," "POLLY POCKET," "WEE 3

3  FRIENDS," "YOU," and "YOUR" are overbroad, vague and ambiguous, unduly

4  burdensome, and extend beyond those products, matters and parties that are relevant

5  to and/or placed at issue in this litigation.  Without limitation as to the foregoing, the

6  definition of "BARBIE" purports to sweep in literally many thousands of products

7  and elements that have no bearing on this case, would be oppressive to provide

8  discovery in respect to and is apparently designed only to harass Mattel.

9      11.   Mattel objects to the Notices and the Topics on the grounds that they

10  are phrased as legal contentions and purport to require Mattel witnesses to proffer

11  legal theories and analysis.  To the extent Mattel produces any witnesses in response

12  to the Notices, such persons will testify only as to facts known or reasonably

13  ascertainable to Mattel.

14      12.   Mattel objects to the times and places specified in the Notice.  Mattel

15  will produce witnesses for deposition in this matter at times and places, and in a

16  manner, that is reasonable, convenient and mutually agreed upon by the parties.

17

18                    **Specific Objections and Responses**

19          Each of the following objections and responses to the Notice and each

20  of the 86 Topics set forth therein is expressly made subject to the above Preliminary

21  Statement and General Objections, all of which are incorporated in each of the

22  following objections and responses to specific topics.

23      1.   In addition to the general objections above, Mattel objects to Topic No.

24  1 as failing to describe with reasonable particularity the matters on which

25  examination is requested and as overbroad, unduly burdensome, and not reasonably

26  calculated to lead to the discovery of admissible evidence.  For example, Topic No.

27  1 purports to require Mattel to produce witnesses to testify as to Mattel's

28  "knowledge" of "COMMUNICATIONS" between a number of persons without

1 limitation as to subject matter or time and even though any number of such

2 communications have no conceivable bearing on this case. Similarly, Topic No. 1

3 purports to require Mattel to produce witnesses to testify as to Mattel's

4 "participation in or knowledge of any and all investigations by Mexican government

5 authorities," despite the fact that the "investigation" has no bearing on Mattel's

6 claims or MGA's defenses but instead appears to be an improper attempt to obtain

7 discovery for criminal proceedings in Mexico. For this same reason, Mattel further

8 objects to Topic No. 1 as mischaracterizing Mattel's counterclaims. As another

9 example, several subparts of Topic No. 1 purport to seek Mattel's "knowledge" on

10 subjects such as when Mattel "first learned" of Defendants' theft, which has no

11 conceivable relevance to this action since Mattel's counterclaims pertaining to this

12 subject are not even arguably time-barred. Mattel further objects to Topic No. 1 on

13 the grounds that it is premature, unduly burdensome, and harassing in that it calls for

14 information uniquely known by defendants and by third parties within defendants'

15 control, but is not known by Mattel at this juncture, including because defendants

16 have concealed their conduct from Mattel and because defendants have refused or

17 failed to produce discovery relating to this Topic, including discovery that the Court

18 has ordered MGA to produce. Mattel further objects to Topic No. 1 on the grounds

19 that it calls for the disclosure of information protected by the attorney-client

20 privilege, work product doctrine and other applicable privileges. Mattel further

21 objects to this Topic on the grounds that it is premature in that it seeks to circumvent

22 the expert disclosure provisions of the Federal and Local Rules. Matters of expert

23 testimony shall be disclosed at the time and in the manner called for by the Rules

24 and the Court's Orders.

25    2.    In addition to the general objections above, Mattel objects to Topic No.

26 2 as vague and ambiguous, especially as to its use of the term "BRAWER's access

27 to confidential information about Mattel and its business." Mattel further objects to

28 Topic No. 2 as compound, overbroad, unduly burdensome, and not reasonably

1   calculated to lead to the discovery of admissible evidence. Among other things,

2   Mattel's "investigation" has no bearing on the claims or defenses in this suit. Mattel

3   further objects to Topic No. 2 on the grounds that it fails to describe with reasonable

4   particularity the matters on which examination is requested. Mattel further objects

5   to Topic No. 2 on the grounds that it is premature, unduly burdensome, and

6   harassing in that it calls for information uniquely known by defendants and by third

7   parties within defendants' control, but is not known by Mattel at this juncture,

8   including because defendants have concealed their conduct from Mattel and because

9   defendants have refused or failed to produce discovery relating to this Topic,

10   including discovery that the Court has ordered MGA to produce. Mattel further

11   objects to this Topic on the grounds that it is premature in that it seeks to circumvent

12   the expert disclosure provisions of the Federal and Local Rules. Matters of expert

13   testimony shall be disclosed at the time and in the manner called for by the Rules

14   and the Court's Orders. Mattel further objects to Topic No. 2 on the grounds that it

15   calls for the disclosure of information protected by the attorney-client privilege and

16   work product doctrine.

17        3.   In addition to the general objections above, Mattel objects to Topic No.

18   3 as failing to describe with reasonable particularity the matters on which

19   examination is requested, overbroad, unduly burdensome, and not reasonably

20   calculated to lead to the discovery of admissible evidence. Among other things,

21   Topic No. 3 purports to require Mattel to produce witnesses to testify as to Mattel's

22   "participation in any investigation by Canadian government authorities," despite the

23   fact that the "investigation" has no bearing on Mattel's claims or MGA's defenses

24   but instead appears to be an improper attempt to obtain discovery for criminal

25   proceedings. For this same reason, Mattel further objects to Topic No. 3 as

26   mischaracterizing Mattel's counterclaims. As another example, several subparts of

27   Topic No. 3 purport to seek Mattel's "knowledge" on subjects such as when Mattel

28   "first learned" of Defendants' theft and Mattel's "investigation" of its claims, which

1  has no conceivable relevance to this action, including since Mattel's counterclaims

2  pertaining to this subject are not even arguably time-barred.  Mattel further objects

3  to this Topic on the grounds that it is premature in that it seeks to circumvent the

4  expert disclosure provisions of the Federal and Local Rules.  Matters of expert

5  testimony shall be disclosed at the time and in the manner called for by the Rules

6  and the Court's Orders.  Mattel further objects to Topic No. 3 on the grounds that it

7  is premature, unduly burdensome, and harassing in that it calls for information

8  uniquely known by defendants and by third parties within defendants' control, but is

9  not known by Mattel at this juncture, including because defendants have concealed

10  their conduct from Mattel and because defendants have failed or refused to produce

11  discovery relating to this Topic, including discovery that the Court has ordered

12  MGA to produce.  Mattel further objects to Topic No. 3 on the grounds that it calls

13  for the disclosure of information protected by the attorney-client privilege, work

14  product doctrine and other applicable privileges.

15          4.      In addition to the general objections above, Mattel objects to Topic No.

16  4 on the grounds that it fails to describe with reasonable particularity the matters on

17  which examination is requested and that it is overbroad, unduly burdensome, and

18  not reasonably calculated to lead to the discovery of admissible evidence.  Mattel

19  further objects to Topic No. 4 on the grounds that it is premature, unduly

20  burdensome, and harassing in that it calls for information uniquely known by

21  defendants and by third parties within defendants' control, but is not known by

22  Mattel at this juncture, including because defendants have concealed their conduct

23  from Mattel and because defendants have refused or failed to produce discovery

24  relating to this Topic, including discovery that the Court has ordered MGA to

25  produce.  Mattel further objects to this Topic on the grounds that it is premature in

26  that it seeks to circumvent the expert disclosure provisions of the Federal and Local

27  Rules.  Matters of expert testimony shall be disclosed at the time and in the manner

28  called for by the Rules and the Court's Orders.  Mattel further objects to Topic No. 4

1  on the grounds that it calls for the disclosure of information protected by the

2  attorney-client privilege and work product doctrine.

3      5.    In addition to the general objections above, Mattel objects to Topic No.

4  5 as overbroad, unduly burdensome, and not reasonably calculated to lead to the

5  discovery of admissible evidence.  Mattel further objects to Topic No. 5 on the

6  grounds that it fails to describe with reasonable particularity the matters on which

7  examination is requested.  Mattel further objects to Topic No. 5 on the grounds that

8  it is premature, unduly burdensome, and harassing in that it calls for information

9  uniquely known by defendants and by third parties within defendants' control, but is

10 not known by Mattel at this juncture, including because defendants have concealed

11 their conduct from Mattel and because defendants have failed or refused to produce

12 discovery relating to this Topic, including discovery that the Court has ordered

13 MGA to produce.  Mattel further objects to Topic No. 5 on the grounds that it calls

14 for the disclosure of information protected by the attorney-client privilege and work

15 product doctrine.  Mattel further objects to this Topic on the grounds that it is

16 premature in that it seeks to circumvent the expert disclosure provisions of the

17 Federal and Local Rules.  Matters of expert testimony shall be disclosed at the time

18 and in the manner called for by the Rules and the Court's Orders.

19     6.    In addition to the general objections above, Mattel objects to Topic No.

20 6 as overbroad, unduly burdensome, and not reasonably calculated to lead to the

21 discovery of admissible evidence.  Mattel further objects to Topic No. 6 on the

22 grounds that it fails to describe with reasonable particularity the matters on which

23 examination is requested.  Mattel further objects to Topic No. 6 on the grounds that

24 it is premature, unduly burdensome, and harassing in that it calls for information

25 uniquely known by defendants and by third parties within defendants' control, but is

26 not known by Mattel at this juncture, including because defendants have refused or

27 failed to produce discovery relating to this Topic, including discovery that the Court

28 has ordered MGA to produce.  Mattel further objects to Topic No. 6 on the grounds

EXHIBIT ____3____ PAGE ___43___

1  that it calls for the disclosure of information protected by the attorney-client

2  privilege and work product doctrine.

3      7.    In addition to the general objections above, Mattel objects to Topic No.

4  7 on the grounds that it fails to describe with reasonable particularity the matters on

5  which examination is requested and it is overbroad, unduly burdensome, and not

6  reasonably calculated to lead to the discovery of admissible evidence.  Furthermore,

7  Topic No. 7  purport to seek Mattel's "knowledge" on subjects that have no

8  conceivable relevance to this action, particularly given that Mattel's counterclaims

9  based on the referenced predicate acts are not even arguably time-barred.  Mattel

10  further objects to Topic No. 7 on the grounds that it calls for the disclosure of

11  information protected by the attorney-client privilege and work product doctrine,

12  including without limitation the consulting expert privilege.  Mattel further objects

13  to this Topic on the grounds that it is premature in that it seeks to circumvent the

14  expert disclosure provisions of the Federal and Local Rules.  Matters of expert

15  testimony shall be disclosed at the time and in the manner called for by the Rules

16  and the Court's Orders.

17      8.    In addition to the general objections above, Mattel objects to Topic No.

18  8 as overbroad, unduly burdensome, and not reasonably calculated to lead to the

19  discovery of admissible evidence.  Mattel further objects to Topic No. 8 on the

20  grounds that it fails to describe with reasonable particularity the matters on which

21  examination is requested.  Mattel further objects to Topic No. 8 on the grounds that

22  it calls for the disclosure of information protected by the attorney-client privilege

23  and work product doctrine, including without limitation the privileges afforded

24  consulting experts.  Mattel further objects to Topic No. 8 on the grounds that it is

25  premature in that it seeks to circumvent the Court's Rules and Orders governing the

26  timing, manner and sequence of expert disclosures.  Matters of expert testimony

27  shall be disclosed at the time and in the manner called for by the Rules and the

28  Court's Orders.

07209/2225076.1
-10-
MATTEL'S OBJECTIONS TO MGA'S NOTICE OF 30(B)(6) DEPOSITION OF MATTEL

EXHIBIT __3__ PAGE __44__