1    9.    In addition to the general objections above, Mattel objects to Topic No.

2    9 as overbroad, unduly burdensome, and not reasonably calculated to lead to the

3    discovery of admissible evidence.  Mattel further objects to Topic No. 9 on the

4    grounds that it fails to describe with reasonable particularity the matters on which

5    examination is requested.  Mattel further objects to Topic No. 9 on the grounds that

6    it is premature, unduly burdensome, and harassing in that it calls for information

7    uniquely known by defendants and by third parties within defendants' control, but is

8    not known by Mattel at this juncture, including because defendants have refused or

9    failed to produce discovery relating to this Topic, including discovery that the Court

10   has ordered MGA to produce.  Indeed, this Topic explicitly purports to require

11   Mattel to marshal evidence uniquely in the possession of defendants, and thus seeks

12   to impose upon Mattel burdens not permitted by the <u>Rules</u>, and with respect to even

13   the information that MGA and other defendants have disclosed, MGA and the other

14   defendants have designed such information under the Protective Order so as to

15   prohibit Mattel from reviewing or analyzing such information.  Mattel further

16   objects to Topic No. 9 on the grounds that it is duplicative of Topics already

17   designated by Bryant in previous notices of deposition pursuant to Rule 30(b)(6), in

18   which MGA has joined, including Topic No. 13 from the notice served on

19   December 21, 2004.  Mattel further objects to this Topic on the grounds that it is

20   premature in that it seeks to circumvent the expert disclosure provisions of the

21   <u>Federal</u> and <u>Local</u> <u>Rules</u>.  Matters of expert testimony shall be disclosed at the time

22   and in the manner called for by the <u>Rules</u> and the Court's Orders.  Mattel further

23   objects to Topic No. 9 on the grounds that it calls for the disclosure of information

24   protected by the attorney-client privilege and work product doctrine.

25   10.    In addition to the general objections above, Mattel objects to Topic No.

26   10 on the grounds that it fails to describe with reasonable particularity the matters on

27   which examination is requested and that it is overbroad, unduly burdensome, and

28   not reasonably calculated to lead to the discovery of admissible evidence.  Among

EXHIBIT  3    PAGE 45

other things, Topic No. 10 purports to require Mattel to produce witnesses to testify as to Mattel's communications with "law enforcement authorities in Mexico, Canada, or the United States," despite the fact that they have no bearing on Mattel's claims or MGA's defenses but instead appears to be an improper attempt to obtain discovery for criminal proceedings. Mattel further objects to Topic No. 10 on the grounds that it calls for the disclosure of information protected by the attorney-client privilege, work product doctrine and other applicable privileges, including without limitation the privileges afforded consulting experts. Mattel further objects to this Topic on the grounds that it is premature in that it seeks to circumvent the expert disclosure provisions of the Federal and Local Rules. Matters of expert testimony shall be disclosed at the time and in the manner called for by the Rules and the Court's Orders.

11. In addition to the general objections above, Mattel objects to Topic No. 11 as vague and ambiguous, especially as to its use of the terms "involvement of BRYANT or any person then employed by MATTEL." Mattel further objects to Topic No. 11 as overbroad and unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Among other things, MGA's definition of the term "MATTEL" in this context is overbroad, circular and incomprehensible in that it asks for the knowledge of any current or former employee anywhere at MATTEL, including Bryant himself and others at MGA who were former Mattel employees involved with Bratz such as Paula Garcia. For this same reason, Mattel further objects to Topic No. 11 on the grounds that it is premature, unduly burdensome, and harassing in that it calls for information uniquely known by defendants and by third parties within defendants' control, but is not known by Mattel at this juncture, including because defendants have refused or failed to produce discovery relating to this Topic, including discovery that the Court has ordered MGA to produce. Mattel further objects to Topic No. 11 on the grounds that it fails to describe with reasonable particularity the matters on which

07209/2225076.1

-12-

EXHIBIT ___3___ PAGE ___46___

1   examination is requested. Mattel further objects to Topic No. 11 on the grounds that

2   it is duplicative of Topics already designated by Bryant in previous notices of

3   deposition pursuant to Rule 30(b)(6), in which MGA has joined, including Topic

4   Nos. 15-18 from the notice served on December 21, 2004. Mattel further objects to

5   Topic No. 11 on the grounds that it calls for the disclosure of information protected

6   by the attorney-client privilege, work product doctrine and other privileges.

7          12.    In addition to the general objections above, Mattel objects to Topic No.

8   12 as vague and ambiguous, especially as to its use of the term "the three

9   dimensional dummy used by BRYANT in meeting with MGA." Mattel further

10   objects to Topic No. 12 as overbroad and unduly burdensome, and not reasonably

11   calculated to lead to the discovery of admissible evidence. Mattel further objects to

12   Topic No. 12 on the grounds that it fails to describe with reasonable particularity the

13   matters on which examination is requested. Mattel further objects to Topic No. 12

14   on the grounds that it is premature, unduly burdensome, and harassing in that it calls

15   for information uniquely known by defendants and by third parties within

16   defendants' control, but is not known by Mattel at this juncture, including because

17   defendants have concealed their conduct from Mattel and because defendants have

18   refused or failed to produce discovery relating to this Topic, including discovery

19   that the Court has ordered MGA to produce. Mattel further objects to this Topic on

20   the grounds that it is premature in that it seeks to circumvent the expert disclosure

21   provisions of the <u>Federal</u> and <u>Local Rules</u>. Matters of expert testimony shall be

22   disclosed at the time and in the manner called for by the <u>Rules</u> and the Court's

23   Orders. Mattel further objects to Topic No. 12 on the grounds that it calls for the

24   disclosure of information protected by the attorney-client privilege and work

25   product doctrine.

26          13.    In addition to the general objections above, Mattel objects to Topic No.

27   13 as vague and ambiguous, especially as to its use of the term "performance of

28   services." Mattel further objects to Topic No. 13 as overbroad and unduly

1   burdensome, and not reasonably calculated to lead to the discovery of admissible

2   evidence.  Among other things, MGA's definition of the term "MATTEL" in this

3   context is overbroad, circular and incomprehensible in that it asks for the knowledge

4   of any current or former employee anywhere at MATTEL, including Bryant himself

5   and others at MGA who were former Mattel employees involved with Bratz such as

6   Paula Garcia.  For this same reason, Mattel further objects to Topic No. 13 on the

7   grounds that it is premature, unduly burdensome, and harassing in that it calls for

8   information uniquely known by defendants and by third parties within defendants'

9   control, but is not known by Mattel at this juncture, including because defendants

10  have refused or failed to produce discovery relating to this Topic, including

11  discovery that the Court has ordered MGA to produce.  Mattel further objects to

12  Topic No. 13 on the grounds that it fails to describe with reasonable particularity the

13  matters on which examination is requested.  Mattel further objects to Topic No. 13

14  on the grounds that it is duplicative of Topics already designated by Bryant in

15  previous notices of deposition pursuant to Rule 30(b)(6), in which MGA has joined,

16  including Topic Nos. 15-18 from the notice served on December 21, 2004.  Mattel

17  further objects to Topic No. 13 on the grounds that it calls for the disclosure of

18  information protected by the attorney-client privilege, work product doctrine and

19  other privileges.

20       14.    In addition to the general objections above, Mattel objects to Topic No.

21  14 as vague and ambiguous, especially as to its use of the term "contacts with

22  MGA."  Mattel further objects to Topic No. 14 as overbroad and unduly

23  burdensome, and not reasonably calculated to lead to the discovery of admissible

24  evidence.  Among other things, the request is not limited as to any specific time, and

25  MGA's definition of the term "MATTEL" in this context is overbroad, circular and

26  incomprehensible in that it asks for the knowledge of any current or former

27  employee anywhere at MATTEL, including Bryant himself and others at MGA who

28  were former Mattel employees involved with Bratz such as Paula Garcia.  For this

07209/2225076.1

**-14-**
MATTEL'S OBJECTIONS TO MGA'S NOTICE OF 30(B)(6) DEPOSITION OF MATTEL

**EXHIBIT** __3__ **PAGE** __48__

1   same reason, Mattel further objects to Topic No. 14 on the grounds that it is

2   premature, unduly burdensome, and harassing in that it calls for information

3   uniquely known by defendants and by third parties within defendants' control, but is

4   not known by Mattel at this juncture, including because defendants have refused or

5   failed to produce discovery relating to this Topic, including discovery that the Court

6   has ordered MGA to produce. Mattel further objects to Topic No. 14 on the grounds

7   that it fails to describe with reasonable particularity the matters on which

8   examination is requested. Mattel further objects to Topic No. 14 on the grounds that

9   it is duplicative of Topics already designated by Bryant in previous notices of

10   deposition pursuant to Rule 30(b)(6), in which MGA has joined, including Topic

11   Nos. 15-18 from the notice served on December 21, 2004. Mattel further objects to

12   this Topic on the grounds that it is premature in that it seeks to circumvent the

13   expert disclosure provisions of the Federal and Local Rules. Matters of expert

14   testimony shall be disclosed at the time and in the manner called for by the Rules

15   and the Court's Orders. Mattel further objects to Topic No. 14 on the grounds that it

16   calls for the disclosure of information protected by the attorney-client privilege and

17   work product doctrine.

18          15.    In addition to the general objections above, Mattel objects to Topic No.

19   15 as vague and ambiguous, especially as to its use of the term "BRYANT's contract

20   with MGA." Mattel further objects to Topic No. 15 as overbroad and unduly

21   burdensome, and not reasonably calculated to lead to the discovery of admissible

22   evidence. Among other things, MGA's definition of the term "MATTEL" in this

23   context is overbroad, circular and incomprehensible in that it asks for the knowledge

24   of any current or former employee anywhere at MATTEL, including Bryant himself

25   and others at MGA who were former Mattel employees involved with Bratz such as

26   Paula Garcia. For this same reason, Mattel further objects to Topic No. 15 on the

27   grounds that it is premature, unduly burdensome, and harassing in that it calls for

28   information uniquely known by defendants and by third parties within defendants'

-15-

EXHIBIT ___3___ PAGE __49__

1   control, but is not known by Mattel at this juncture, including because defendants

2   have refused or failed to produce discovery relating to this Topic, including

3   discovery that the Court has ordered MGA to produce. Mattel further objects to

4   Topic No. 15 on the grounds that it fails to describe with reasonable particularity the

5   matters on which examination is requested. Mattel further objects to Topic No. 15

6   on the grounds that it is duplicative of Topics already designated by Bryant in

7   previous notices of deposition pursuant to Rule 30(b)(6), in which MGA has joined,

8   including Topic Nos. 15-18 from the notice served on December 21, 2004. Mattel

9   further objects to Topic No. 15 on the grounds that it calls for the disclosure of

10  information protected by the attorney-client privilege and work product doctrine.

11  Mattel further objects to this Topic on the grounds that it is premature in that it seeks

12  to circumvent the expert disclosure provisions of the Federal and Local Rules.

13  Matters of expert testimony shall be disclosed at the time and in the manner called

14  for by the Rules and the Court's Orders.

15       16.   In addition to the general objections above, Mattel objects to Topic No.

16  16 as vague and ambiguous, especially as to its use of the terms "information

17  contained in the WSJ STATEMENTS," "efforts by you to facilitate the publication

18  of the WSJ STATEMENTS," "assisting a WSJ REPORTER to obtain the WSJ

19  STATEMENTS or the information contained in the WSJ STATEMENTS," and

20  "response or reaction." Mattel further objects to Topic No. 16 as compound,

21  overbroad and unduly burdensome, and not reasonably calculated to lead to the

22  discovery of admissible evidence. Among other things, Topic No. 16 purports to

23  require Mattel to produce witnesses to testify as to "the identity of all fashion doll or

24  doll designers who left MATTEL in 2001," including employees that have no

25  relevance to this suit, and "COMMUNICATIONS among MATTEL employees,"

26  despite the fact that Mattel employs tens of thousands of employees across the

27  globe. Mattel further objects to Topic No. 16 on the grounds that it fails to describe

28  with reasonable particularity the matters on which examination is requested. Mattel

-16-

MATTEL'S OBJECTIONS TO MGA'S NOTICE OF 30(B)(6) DEPOSITION OF MATTEL

EXHIBIT ___3___ PAGE _50_

1 further objects to Topic No. 16 on the grounds that it calls for the disclosure of

2 information protected by the attorney-client privilege, work product doctrine and

3 other privileges.

4      17.   In addition to the general objections above, Mattel objects to Topic No.

5 17 as vague and ambiguous, especially as to its use of the term "internal and

6 external investigations." Mattel further objects to Topic No. 17 as compound,

7 overbroad and unduly burdensome, and not reasonably calculated to lead to the

8 discovery of admissible evidence. Among other things, Topic No. 17 purports to

9 require Mattel to produce witnesses to testify as to supposed surveillance or

10 "investigations of or concerning BRYANT, Richard Irmen, BRYANT's family,

11 LARIAN, LARIAN's family, MGA, MGA's current and former officers and

12 employees, BRAWER, Farhad (Fred) Larian, Shirin Larian Makabi; Shirin

13 Salemnia, Holly Stinnett, Tina Patel, Mercedeh Ward, Anna Rhee, Veronica

14 Marlowe, Margaret Leahy, Thomas Park, and Jahangir Makabi," despite the fact that

15 the Topic would purport to sweep in such wholly irrelevant matters such as efforts

16 by process servers to serve any of these individuals when MGA's counsel refused to

17 accept service on their behalf and as well as matters relating to any number of

18 irrelevant products and subjects. Mattel further objects to Topic No. 17 on the

19 grounds that it fails to describe with reasonable particularity the matters on which

20 examination is requested. Mattel further objects to Topic No. 17 on the grounds that

21 it is duplicative of Topics already designated by Bryant in previous notices of

22 deposition pursuant to Rule 30(b)(6), in which MGA has joined, including Topic

23 Nos. 19-20 from the notice served on December 21, 2004. Mattel further objects to

24 Topic No. 17 on the grounds that it is an attempt to circumvent the Discovery

25 Master's prior Orders determining the topic is irrelevant and/or an inappropriate and

26 overbroad category of discovery. Mattel further objects to Topic No. 17 on the

27 grounds that it calls for the disclosure of information protected by the attorney-client

28 privilege, work product doctrine and other privileges, including without limitation

1 the privileges afforded consulting experts.  Mattel further objects to this Topic on

2 the grounds that it is premature in that it seeks to circumvent the expert disclosure

3 provisions of the Federal and Local Rules.  Matters of expert testimony shall be

4 disclosed at the time and in the manner called for by the Rules and the Court's

5 Orders.

6       18.    In addition to the general objections above, Mattel objects to Topic No.

7 18 on the grounds that it fails to describe with reasonable particularity the matters on

8 which examination is requested and that it is overbroad, unduly burdensome,

9 oppressive, and not reasonably calculated to lead to the discovery of admissible

10 evidence.  Among other things, Topic No. 18 purports to require Mattel to produce

11 witnesses to testify as to "employees who leave MATTEL to work for competitors,"

12 unlimited as to time, and including employees that have no relevance to this suit,

13 and to speculate "why each" such employee left.  Mattel further objects to Topic No.

14 18 on the grounds that it is an attempt to circumvent the Discovery Master's prior

15 Orders determining the topic is irrelevant and/or an inappropriate and overbroad

16 category of discovery.  Mattel further objects to Topic No. 18 on the grounds that it

17 seeks confidential, proprietary and trade secret information, including such

18 information that has no bearing on the claims or defenses in this case.  Mattel further

19 objects to Topic No. 18 on the grounds that it calls for the disclosure of information

20 protected by the attorney-client privilege and work product doctrine.

21       19.    In addition to the general objections above, Mattel objects to Topic No.

22 19 as vague and ambiguous, especially as to its use of the terms "relationship or

23 contacts," and "social acquaintances."  Mattel further objects to Topic No. 19 as

24 overbroad and unduly burdensome, and not reasonably calculated to lead to the

25 discovery of admissible evidence.  In particular, MGA's definitions of the terms

26 "YOUR" and "MATTEL" in this context are overbroad, circular and

27 incomprehensible in that they ask for the knowledge of any current or former

28 employee anywhere at MATTEL, including Bryant himself and others at MGA who

-18-

MATTEL'S OBJECTIONS TO MGA'S NOTICE OF 30(B)(6) DEPOSITION OF MATTEL

EXHIBIT ___3___ PAGE ___52___

1   were former Mattel employees involved with Bratz such as Paula Garcia. Mattel

2   further objects to Topic No. 19 on the grounds that it is premature, unduly

3   burdensome, and harassing in that it calls for information uniquely known by

4   defendants and by third parties within defendants' control, but is not known by

5   Mattel at this juncture, including because defendants have refused or failed to

6   produce discovery relating to this Topic, including discovery that the Court has

7   ordered MGA to produce. Mattel further objects to Topic No. 19 on the grounds

8   that it fails to describe with reasonable particularity the matters on which

9   examination is requested. Mattel further objects to Topic No. 19 on the grounds that

10   it is premature, unduly burdensome, and harassing in that it calls for information

11   uniquely known by defendants and by third parties within defendants' control, but is

12   not known by Mattel at this juncture, including because defendants have concealed

13   their conduct from Mattel and because defendants have refused or failed to produce

14   discovery relating to this Topic, including discovery that the Court has ordered

15   MGA to produce. Mattel further objects to Topic No. 19 on the grounds that it

16   purports to require Mattel to produce witnesses to marshal "evidence" in this case

17   and therefore seeks to impose upon Mattel burdens not permitted by the Rules.

18   Mattel further objects to Topic No. 19 on the grounds that it calls for the disclosure

19   of information protected by the attorney-client privilege, work product doctrine and

20   other privileges.

21        20.   In addition to the general objections above, Mattel objects to Topic No.

22   20 as overbroad, unduly burdensome, and not reasonably calculated to lead to the

23   discovery of admissible evidence. Mattel further objects to Topic No. 20 on the

24   grounds that it fails to describe with reasonable particularity the matters on which

25   examination is requested. Mattel further objects to Topic No. 20 on the grounds that

26   it is premature, unduly burdensome, and harassing in that it calls for information

27   uniquely known by defendants and by third parties within defendants' control, but is

28   not known by Mattel at this juncture, including because defendants have refused or

MATTEL'S OBJECTIONS TO MGA'S NOTICE OF 30(B)(6) DEPOSITION OF MATTEL

07209/2225076.1

**EXHIBIT** _3_ **PAGE** _53_

1  failed to produce discovery relating to this Topic, including discovery that the Court

2  has ordered MGA to produce.  Mattel further objects to Topic No. 20 on the grounds

3  that it calls for the disclosure of information protected by the attorney-client

4  privilege, work product doctrine and other privileges.

5       21.   In addition to the general objections above, Mattel objects to Topic No.

6  21 as overbroad, unduly burdensome, and not reasonably calculated to lead to the

7  discovery of admissible evidence.  Among other things, Topic No. 21 purports to

8  require Mattel to produce witnesses to testify as to communications that "refer or

9  relate to BRATZ, MGA, BRYANT, or Elise Cloonan," despite the fact that MGA is

10  a large company producing a wide variety of toys that are irrelevant to this action

11  and with which Mattel competes, and asks for information related to Anna Rhee's

12  other work for Mattel, much of which is completely unrelated to the current case.  In

13  addition, persons named in this Topic are former Mattel employees and, even apart

14  from the circularity and incomprehensibility of the definition of "YOUR" and

15  "MATTEL" in this context for this reason, the Topic is thus overbroad, oppressive

16  and not reasonably calculated to lead to the discovery of admissible evidence for

17  this reason as well.  Mattel further objects to Topic No. 21 on the grounds that it

18  fails to describe with reasonable particularity the matters on which examination is

19  requested.  Mattel further objects to Topic No. 21 on the grounds that it is an attempt

20  to circumvent the Discovery Master's prior Orders determining the topic is irrelevant

21  and/or an inappropriate and overbroad category of discovery.  Mattel further objects

22  to Topic No. 21 on the grounds that it seeks confidential, proprietary and trade

23  secret information, including such information that has no bearing on the claims or

24  defenses in this case.  Mattel further objects to this Topic on the grounds that it is

25  premature in that it seeks to circumvent the expert disclosure provisions of the

26  Federal and Local Rules.  Matters of expert testimony shall be disclosed at the time

27  and in the manner called for by the Rules and the Court's Orders.  Mattel further

28

EXHIBIT ___3___ PAGE ___54___

1  objects to Topic No. 21 on the grounds that it calls for the disclosure of information

2  protected by the attorney-client privilege and work product doctrine.

3       22.   In addition to the general objections above, Mattel objects to Topic No.

4  22 as vague and ambiguous, including without limitation as to its use of the

5  undefined term "witnesses in this ACTION." Mattel further objects to this Topic as

6  overbroad, unduly burdensome, and not reasonably calculated to lead to the

7  discovery of admissible evidence. Among other things, Topic No. 22 purports to

8  require Mattel to produce witnesses to testify about Steve Linker's other work for

9  Mattel, much of which is completely unrelated to the current case, and about

10 communications that "refer or relate to BRATZ, MGA, BRYANT . . ., " without

11 limitation as to time and despite the fact that MGA is a large company producing a

12 wide variety of toys that are irrelevant to this action and with which Mattel

13 competes. In addition, numerous persons apparently referenced in this Topic

14 include former Mattel employees and, even apart from the circularity and

15 incomprehensibility of the definition of "YOUR" and "MATTEL" in this context for

16 this reason, the Topic is thus overbroad, oppressive and not reasonably calculated to

17 lead to the discovery of admissible evidence for this reason as well. Mattel further

18 objects to Topic No. 22 on the grounds that it fails to describe with reasonable

19 particularity the matters on which examination is requested. Mattel further objects

20 to Topic No. 22 on the grounds that it is an attempt to circumvent the Discovery

21 Master's Orders determining the topic is irrelevant and/or an inappropriate and

22 overbroad category of discovery. Mattel further objects to Topic No. 22 on the

23 grounds that it seeks confidential, proprietary and trade secret information, including

24 such information that has no bearing on the claims or defenses in this case. Mattel

25 further objects to Topic No. 22 on the grounds that it calls for the disclosure of

26 information protected by the attorney-client privilege, work product doctrine and

27 other privileges.

28

23.    In addition to the general objections above, Mattel objects to Topic No. 23 as vague and ambiguous, including without limitation as to its use of the undefined term "witnesses in this ACTION." Mattel further objects to this Topic as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Among other things, Topic No. 23 purports to require Mattel to produce witnesses to testify about matters wholly unrelated to the current case and about communications that "refer or relate to BRATZ, MGA, BRYANT . . . , " without limitation as to time and despite the fact that MGA is a large company producing a wide variety of toys that are irrelevant to this action and with which Mattel competes. In addition, numerous persons referenced in this Topic include former Mattel employees and, even apart from the circularity and incomprehensibility of the definition of "YOUR" and "MATTEL" in this context for this reason, the Topic is thus overbroad, oppressive and not reasonably calculated to lead to the discovery of admissible evidence for this reason as well. Mattel further objects to Topic No. 23 on the grounds that it fails to describe with reasonable particularity the matters on which examination is requested. Mattel further objects to Topic No. 23 on the grounds that it is an attempt to circumvent the Discovery Master's prior Orders determining the topic is irrelevant and/or an inappropriate and overbroad category of discovery. Mattel further objects to Topic No. 23 on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to Topic No. 23 on the grounds that it calls for the disclosure of information protected by the attorney-client privilege, work product doctrine and other privileges. Mattel further objects to Topic No. 23 on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to Topic No. 23 on the grounds that it calls for the disclosure of information protected by the attorney-client privilege and work product doctrine.

24.     In addition to the general objections above, Mattel objects to Topic No. 24 as vague and ambiguous, especially as to its use of the term "process(es) by which MATTEL evaluates and approves ideas for new fashion dolls." Mattel further objects to Topic No. 24 on the grounds that it fails to describe with reasonable particularity the matters on which examination is requested and that it is overbroad and unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Mattel further objects to Topic No. 24 on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Topic on the grounds that it is premature in that it seeks to circumvent the expert disclosure provisions of the Federal and Local Rules. Matters of expert testimony shall be disclosed at the time and in the manner called for by the Rules and the Court's Orders. Mattel further objects to Topic No. 24 on the grounds that it calls for the disclosure of information protected by the attorney-client privilege, work product doctrine and other privileges.

25.     In addition to the general objections above, Mattel objects to Topic No. 25 as vague and ambiguous, especially as to its use of the term "MATTEL's hiring and recruiting practices." Mattel further objects to Topic No. 25 as overbroad and unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, including without limitation as it relates to entire companies and/or products and other matters that are not at issue in this suit. Mattel further objects to Topic No. 25 on the grounds that it fails to describe with reasonable particularity the matters on which examination is requested. Mattel further objects to this Topic on the grounds that it seeks to circumvent prior rulings of the Court. Mattel further objects to Topic No. 25 on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to Topic No.

-23-
MATTEL'S OBJECTIONS TO MGA'S NOTICE OF 30(B)(6) DEPOSITION OF MATTEL

EXHIBIT __3__ PAGE __57__

1  25 on the grounds that it calls for the disclosure of information protected by the

2  attorney-client privilege and work product doctrine.

3        26.    In addition to the general objections above, Mattel objects to Topic No.

4  26 as vague and ambiguous, especially as to its use of the term "agreement

5  requested by MATTEL concerning confidentiality, ownership of intellectual

6  property, and/or any post-employment restrictions or obligations to MATTEL."

7  Mattel further objects to Topic No. 26 as overbroad and unduly burdensome, and

8  not reasonably calculated to lead to the discovery of admissible evidence. Mattel

9  further objects to Topic No. 26 on the grounds that it fails to describe with

10  reasonable particularity the matters on which examination is requested. Mattel

11  further objects to Topic No. 26 on the grounds that it seeks confidential, proprietary

12  and trade secret information, including such information that has no bearing on the

13  claims or defenses in this case. Mattel further objects to Topic No. 26 on the

14  grounds that it calls for the disclosure of information protected by the attorney-client

15  privilege, work product doctrine and other privileges.

16        27.    In addition to the general objections above, Mattel objects to Topic No.

17  27 as overbroad and unduly burdensome, and not reasonably calculated to lead to

18  the discovery of admissible evidence, including that the circumstances of Bryant's

19  testimony are irrelevant and his testimony speaks for itself. Mattel further objects to

20  Topic No. 27 on the grounds that it fails to describe with reasonable particularity the

21  matters on which examination is requested. Mattel further objects to Topic No. 27

22  on the grounds that it is premature, unduly burdensome, and harassing in that it calls

23  for information uniquely known by defendants and by third parties within

24  defendants' control. Mattel further objects to Topic No. 27 on the grounds that it

25  calls for the disclosure of information protected by the attorney-client privilege,

26  work product doctrine and other privileges.

27        28.    In addition to the general objections above, Mattel objects to Topic No.

28  28 as vague and ambiguous, including in its use of the term "impacted." Mattel

EXHIBIT  _3_    PAGE _58_

1  further objects to this Topic as overbroad, unduly burdensome, and not reasonably

2  calculated to lead to the discovery of admissible evidence.  Among other things,

3  Topic No. 28 purports to require Mattel to produce witnesses to testify as to "sales,

4  revenues, and profits" for many thousands of products, including "accessories" and

5  "licensed products," spanning an 18-year period that bears no rational connection to

6  the issues in this suit and appears to have been propounded only to harass.  Mattel

7  further objects to Topic No. 28 on the grounds that it fails to describe with

8  reasonable particularity the matters on which examination is requested.  Mattel

9  further objects to Topic No. 28 on the grounds that it calls for the disclosure of

10  information protected by the attorney-client privilege and work product doctrine and

11  the privileges afforded consulting experts.  Mattel further objects to Topic No. 28 on

12  the grounds that it is premature in that it seeks to circumvent the Court's <u>Rules</u> and

13  Orders governing the timing, manner and sequence of expert disclosures.  Matters of

14  expert testimony shall be disclosed at the time and in the manner called for by the

15  <u>Rules</u> and the Court's Orders.

16         29.    In addition to the general objections above, Mattel objects to Topic No.

17  29 as overbroad, unduly burdensome, and not reasonably calculated to lead to the

18  discovery of admissible evidence.  Among other things, Topic No. 29 purports to

19  require Mattel to produce witnesses to testify as to "sales and sales revenues" of

20  many thousands of products that have no relevance to this suit and spanning an 18-

21  year period that bears no rational connection to the issues in this suit and appears to

22  have been propounded only to harass.  Mattel further objects to Topic No. 29 on the

23  grounds that it fails to describe with reasonable particularity the matters on which

24  examination is requested.  Mattel further objects to Topic No. 29 on the grounds that

25  it is duplicative of Topics already designated by Bryant in previous notices of

26  deposition pursuant to Rule 30(b)(6), in which MGA has joined, including Topic

27  No. 14 from the notice served on December 21, 2004.  Mattel further objects to

28  Topic No. 29 on the grounds that it calls for the disclosure of information protected

MATTEL'S OBJECTIONS TO MGA'S NOTICE OF 30(B)(6) DEPOSITION OF MATTEL

**EXHIBIT** _3_   **PAGE** _59_

1  by the attorney-client privilege and work product doctrine and the privileges

2  afforded consulting experts.  Mattel further objects to Topic No. 29 on the grounds

3  that it seeks to circumvent prior Court rulings and is premature in that it seeks to

4  circumvent the Court's <u>Rules</u> and Orders governing the timing, manner and

5  sequence of expert disclosures.  Matters of expert testimony shall be disclosed at the

6  time and in the manner called for by the <u>Rules</u> and the Court's Orders.

7        30.    In addition to the general objections above, Mattel objects to Topic No.

8  30 as overbroad, unduly burdensome, and not reasonably calculated to lead to the

9  discovery of admissible evidence.  Among other things, Topic No. 30 purports to

10  require Mattel to produce witnesses to testify as to the "net worth or value of

11  MATTEL's 'BARBIE' brand, including but not limited to, its 'My Scene' 'Barbie'

12  line of products," spanning an 18-year period that bears no rational relationship to

13  the issues in this suit and despite the fact that the BARBIE brand includes a wide

14  variety of fashion dolls and accessories, most of which are irrelevant to this case.

15  Mattel further objects to Topic No. 30 on the grounds that it fails to describe with

16  reasonable particularity the matters on which examination is requested.  Mattel

17  further objects to Topic No. 30 on the grounds that it calls for the disclosure of

18  information protected by the attorney-client privilege and work product doctrine and

19  the privileges afforded consulting experts.  Mattel further objects to Topic No. 30 on

20  the grounds that it seeks confidential, proprietary and trade secret information,

21  including such information that has no bearing on the claims or defenses in this

22  case.

23        31.    In addition to the general objections above, Mattel objects to Topic No.

24  31 as compound, overbroad, unduly burdensome, and not reasonably calculated to

25  lead to the discovery of admissible evidence.  Among other things, MGA's

26  definition of the terms "INITIAL DISCLOSURE WITNESSES," "YOUR" and

27  "MATTEL" in this context are overbroad, circular and incomprehensible in that they

28  ask for the knowledge of any current or former employee anywhere at MATTEL,

EXHIBIT ___3___ PAGE ___60___

1  including Bryant himself and others at MGA who were former Mattel employees

2  involved with Bratz and other products at issue such as Paula Garcia.  For this same

3  reason, Mattel further objects to Topic No. 31 on the grounds that it is unduly

4  burdensome, and harassing in that it calls for information uniquely known by

5  defendants and by third parties within defendants' control, but is not known by

6  Mattel at this juncture, including because defendants have refused or failed to

7  produce discovery relating to this Topic, including discovery that the Court has

8  ordered MGA to produce.  Mattel further objects to Topic No. 31 on the grounds

9  that it fails to describe with reasonable particularity the matters on which

10  examination is requested.  Mattel further objects to Topic No. 31 on the grounds that

11  it calls for the disclosure of information protected by the attorney-client privilege,

12  work product doctrine and other privileges.

13       32.    In addition to the general objections above, Mattel objects to Topic No.

14  32 as vague, ambiguous and incomprehensible, especially as to its use of the terms

15  "awareness of and response to 'BRATZ,'" "a competitive threat to YOUR business,"

16  and "strategies and efforts to compete with 'BRATZ.'"  Mattel further objects to

17  Topic No. 32 as overbroad, unduly burdensome, and not reasonably calculated to

18  lead to the discovery of admissible evidence.  Among other things, MGA's

19  definitions of the terms "YOUR" and "MATTEL" in this context are overbroad in

20  that they ask for the knowledge of any of the tens of thousands of current or former

21  employee anywhere at MATTEL.  Mattel further objects to Topic No. 32 on the

22  grounds that it fails to describe with reasonable particularity the matters on which

23  examination is requested.  Mattel further objects to Topic No. 32 on the grounds that

24  it seeks confidential, proprietary and trade secret information, including such

25  information that has no bearing on the claims or defenses in this case.  Mattel further

26  objects to Topic No. 32 on the grounds that it calls for the disclosure of information

27  protected by the attorney-client privilege and work product doctrine.  Mattel further

28  objects to this Topic on the grounds that it is premature in that it seeks to circumvent

-27-

MATTEL'S OBJECTIONS TO MGA'S NOTICE OF 30(B)(6) DEPOSITION OF MATTEL

EXHIBIT ___3___ PAGE ___61___

1   the expert disclosure provisions of the <u>Federal</u> and <u>Local</u> <u>Rules</u>.  Matters of expert

2   testimony shall be disclosed at the time and in the manner called for by the <u>Rules</u>

3   and the Court's Orders.

4        33.    In addition to the general objections above, Mattel objects to Topic No.

5   33 as vague and ambiguous, especially as to its use of the undefined terms "factor in

6   the development of" and "marketing strategies."  Mattel further objects to Topic No.

7   33 on the grounds that it fails to describe with reasonable particularity the matters on

8   which examination is requested and that it is compound, overbroad and unduly

9   burdensome, and not reasonably calculated to lead to the discovery of admissible

10  evidence.  Among other things, a topic identified as "MY SCENE" is no meaningful

11  topic at all for purposes of testimony, including when co-joined with equally

12  unexplained sub-topics such as undefined "marketing strategies," and purports to

13  sweep in numerous dolls, accessories, and other matters and elements that are

14  completely irrelevant to this action.  Mattel further objects to Topic No. 33 on the

15  grounds that it seeks confidential, proprietary and trade secret information, including

16  such information that has no bearing on the claims or defenses in this case.  Mattel

17  further objects to Topic No. 33 on the grounds that it is an attempt to circumvent the

18  Discovery Master's prior Orders determining the topic is irrelevant and/or an

19  inappropriate and overbroad category of discovery.  Mattel further objects to Topic

20  No. 33 on the grounds that it calls for the disclosure of information protected by the

21  attorney-client privilege and work product doctrine.  Mattel further objects to this

22  Topic on the grounds that it is premature in that it seeks to circumvent the expert

23  disclosure provisions of the <u>Federal</u> and <u>Local</u> <u>Rules</u>.  Matters of expert testimony

24  shall be disclosed at the time and in the manner called for by the <u>Rules</u> and the

25  Court's Orders.

26       34.    In addition to the general objections above, Mattel objects to Topic No.

27  34 as vague and ambiguous, especially as to its use of the undefined terms "factor in

28  the development of" and "marketing strategies."  Mattel further objects to Topic No.

1   34 on the grounds that it fails to describe with reasonable particularity the matters on

2   which examination is requested and that it is compound, overbroad and unduly

3   burdensome, and not reasonably calculated to lead to the discovery of admissible

4   evidence.  Among other things, a topic identified as "WEE 3 FRIENDS" is no

5   meaningful topic at all for purposes of testimony, including when co-joined with

6   equally unexplained sub-topics such as undefined "marketing strategies," and

7   purports to sweep in numerous dolls, accessories, and other matters and elements

8   that are completely irrelevant to this action.  Mattel further objects to Topic No. 34

9   on the grounds that it seeks confidential, proprietary and trade secret information,

10  including such information that has no bearing on the claims or defenses in this

11  case.  Mattel further objects to Topic No. 34 on the grounds that it is an attempt to

12  circumvent the Discovery Master's prior Orders determining the topic is irrelevant

13  and/or an inappropriate and overbroad category of discovery.  Mattel further objects

14  to Topic No. 34 on the grounds that it calls for the disclosure of information

15  protected by the attorney-client privilege and work product doctrine.  Mattel further

16  objects to this Topic on the grounds that it is premature in that it seeks to circumvent

17  the expert disclosure provisions of the Federal and Local Rules.  Matters of expert

18  testimony shall be disclosed at the time and in the manner called for by the Rules

19  and the Court's Orders.

20          35.    In addition to the general objections above, Mattel objects to Topic No.

21  35 as vague and ambiguous, especially as to its use of the undefined terms "factor in

22  the development of" and "marketing strategies."  Mattel further objects to Topic No.

23  35 on the grounds that it fails to describe with reasonable particularity the matters on

24  which examination is requested and that it is compound, overbroad and unduly

25  burdensome, and not reasonably calculated to lead to the discovery of admissible

26  evidence.  Among other things, a topic identified as "LITTLE MOMMY" is no

27  meaningful topic at all for purposes of testimony, including when co-joined with

28  equally unexplained sub-topics such as undefined "marketing strategies," and

1  purports to sweep in numerous matters and elements that are completely irrelevant

2  to this action.  Mattel further objects to Topic No. 35 on the grounds that it seeks

3  confidential, proprietary and trade secret information, including such information

4  that has no bearing on the claims or defenses in this case.  Mattel further objects to

5  Topic No. 35 on the grounds that it is an attempt to circumvent the Discovery

6  Master's prior Orders determining the topic is irrelevant and/or an inappropriate and

7  overbroad category of discovery.  Mattel further objects to Topic No. 35 on the

8  grounds that it calls for the disclosure of information protected by the attorney-client

9  privilege and work product doctrine.  Mattel further objects to this Topic on the

10  grounds that it is premature in that it seeks to circumvent the expert disclosure

11  provisions of the Federal and Local Rules.  Matters of expert testimony shall be

12  disclosed at the time and in the manner called for by the Rules and the Court's

13  Orders.

14         36.    In addition to the general objections above, Mattel objects to Topic No.

15  36 as vague and ambiguous, especially as to its use of the undefined terms "factor in

16  the development of" and "marketing strategies."  Mattel further objects to Topic No.

17  36 on the grounds that it fails to describe with reasonable particularity the matters on

18  which examination is requested and that it is compound, overbroad and unduly

19  burdensome, and not reasonably calculated to lead to the discovery of admissible

20  evidence.  Among other things, a topic identified as "ACCELERACERS" is no

21  meaningful topic at all for purposes of testimony, including when co-joined with

22  equally unexplained sub-topics such as undefined "marketing strategies," and

23  purports to sweep in numerous products, accessories and other matters and elements

24  that are completely irrelevant to this action.  Mattel further objects to Topic No. 36

25  on the grounds that it seeks confidential, proprietary and trade secret information,

26  including such information that has no bearing on the claims or defenses in this

27  case.  Mattel further objects to Topic No. 36 on the grounds that it is an attempt to

28  circumvent the Discovery Master's prior Orders determining the topic is irrelevant

-30-

EXHIBIT ___3___    PAGE ___64___

1   and/or an inappropriate and overbroad category of discovery.  Mattel further objects

2   to Topic No. 36 on the grounds that it calls for the disclosure of information

3   protected by the attorney-client privilege and work product doctrine.  Mattel further

4   objects to this Topic on the grounds that it is premature in that it seeks to circumvent

5   the expert disclosure provisions of the Federal and Local Rules.  Matters of expert

6   testimony shall be disclosed at the time and in the manner called for by the Rules

7   and the Court's Orders.

8        37.    In addition to the general objections above, Mattel objects to Topic No.

9   37 as vague and ambiguous, especially as to its use of the undefined terms "factor in

10  the development of" and "marketing strategies."  Mattel further objects to Topic No.

11  37 on the grounds that it fails to describe with reasonable particularity the matters on

12  which examination is requested and that it is compound, overbroad and unduly

13  burdensome, and not reasonably calculated to lead to the discovery of admissible

14  evidence.  Among other things, a topic identified as "DIVA STARZ" is no

15  meaningful topic at all for purposes of testimony, including when co-joined with

16  equally unexplained sub-topics such as undefined "marketing strategies," and

17  purports to sweep in numerous matters and elements that are completely irrelevant

18  to this action, including numerous dolls, accessories, playsets and licensed products

19  which are completely irrelevant to this action and considerable design and

20  development activities that are equally irrelevant to this action, such as computer

21  programming, circuitry, engineering, voice scripting, etc.  Mattel further objects to

22  Topic No. 37 on the grounds that it seeks confidential, proprietary and trade secret

23  information, including such information that has no bearing on the claims or

24  defenses in this case.  Mattel further objects to Topic No. 37 on the grounds that it is

25  an attempt to circumvent the Discovery Master's prior Orders determining the topic

26  is irrelevant and/or an inappropriate and overbroad category of discovery.  Mattel

27  further objects to this Topic as duplicative of Bryant's deposition notice, which

28  MGA adopted and has questioned representatives with respect to the aspects of

EXHIBIT __3__ PAGE __65__

1    DIVA STARZ that are relevant to this action. Mattel further objects to Topic No.

2    37 on the grounds that it calls for the disclosure of information protected by the

3    attorney-client privilege and work product doctrine. Mattel further objects to this

4    Topic on the grounds that it is premature in that it seeks to circumvent the expert

5    disclosure provisions of the <u>Federal</u> and <u>Local Rules</u>. Matters of expert testimony

6    shall be disclosed at the time and in the manner called for by the <u>Rules</u> and the

7    Court's Orders.

8          38.    In addition to the general objections above, Mattel objects to Topic No.

9    38 as vague and ambiguous, especially as to its use of the undefined terms "factor in

10   the development of" and "marketing strategies." Mattel further objects to Topic No.

11   38 on the grounds that it fails to describe with reasonable particularity the matters on

12   which examination is requested and that it is compound, overbroad and unduly

13   burdensome, and not reasonably calculated to lead to the discovery of admissible

14   evidence. Among other things, a topic identified as "FLAVAS" is no meaningful

15   topic at all for purposes of testimony, including when co-joined with equally

16   unexplained sub-topics such as undefined "marketing strategies," and purports to

17   sweep in numerous matters and elements that are completely irrelevant to this

18   action, including numerous dolls, accessories, playsets and licensed products which

19   are completely irrelevant to this action and considerable design and development

20   activities that are equally irrelevant to this action, such as engineering. Mattel

21   further objects to Topic No. 38 on the grounds that it seeks confidential, proprietary

22   and trade secret information, including such information that has no bearing on the

23   claims or defenses in this case. Mattel further objects to Topic No. 38 on the

24   grounds that it is an attempt to circumvent the Discovery Master's prior Orders

25   determining the topic is irrelevant and/or an inappropriate and overbroad category of

26   discovery. Mattel further objects to Topic No. 38 on the grounds that it calls for the

27   disclosure of information protected by the attorney-client privilege and work

28   product doctrine. Mattel further objects to this Topic on the grounds that it is

EXHIBIT ___3___ PAGE ___66___

1  premature in that it seeks to circumvent the expert disclosure provisions of the

2  Federal and Local Rules. Matters of expert testimony shall be disclosed at the time

3  and in the manner called for by the Rules and the Court's Orders.

4          39.    In addition to the general objections above, Mattel objects to Topic No.

5  39 as compound, overbroad and unduly burdensome, and not reasonably calculated

6  to lead to the discovery of admissible evidence. Among other things, Topic No. 39

7  purports to require Mattel to produce witnesses to testify as to "all facts concerning

8  [the] origin, creation, design and development" of a whole host of products, many of

9  which were part of line lists or other documents stolen by MGA that list numerous

10 Mattel product lines all at once, and which are otherwise irrelevant to this action.

11 Mattel further objects to Topic No. 39 on the grounds that it fails to describe with

12 reasonable particularity the matters on which examination is requested. Mattel

13 further objects to Topic No. 39 on the grounds that it seeks confidential, proprietary

14 and trade secret information, including such information that has no bearing on the

15 claims or defenses in this case. Mattel further objects to Topic No. 39 on the

16 grounds that it is an attempt to circumvent the Discovery Master's prior Orders

17 determining the topic is irrelevant and/or an inappropriate and overbroad category of

18 discovery. Mattel further objects to Topic No. 39 on the grounds that it calls for the

19 disclosure of information protected by the attorney-client privilege and work

20 product doctrine. Mattel further objects to this Topic on the grounds that it is

21 premature in that it seeks to circumvent the expert disclosure provisions of the

22 Federal and Local Rules. Matters of expert testimony shall be disclosed at the time

23 and in the manner called for by the Rules and the Court's Orders.

24         40.    In addition to the general objections above, Mattel objects to Topic No.

25 40 as overbroad, unduly burdensome, and not reasonably calculated to lead to the

26 discovery of admissible evidence. Among other things, Topic No. 40 purports to

27 require Mattel to produce witnesses to testify as to all MY SCENE, BARBIE, and

28 DIVA STARZ commercials, and for all information "concerning any MGA products

EXHIBIT ___3___  PAGE ___67___

1  or advertising," despite the fact that MGA has only placed specific Mattel and MGA

2  advertisements at issue.  Mattel further objects to Topic No. 40 on the grounds that

3  it is an attempt to circumvent the Discovery Master's prior Orders determining the

4  topic is irrelevant and/or an inappropriate and overbroad category of discovery.

5  Mattel further objects to Topic No. 40 on the grounds that it fails to describe with

6  reasonable particularity the matters on which examination is requested.  Mattel

7  further objects to Topic No. 40 on the grounds that it seeks confidential, proprietary

8  and trade secret information, including such information that has no bearing on the

9  claims or defenses in this case.  Mattel further objects to Topic No. 40 on the

10  grounds that it calls for the disclosure of information protected by the attorney-client

11  privilege and work product doctrine.  Mattel further objects to this Topic on the

12  grounds that it is premature in that it seeks to circumvent the expert disclosure

13  provisions of the <u>Federal</u> and <u>Local</u> <u>Rules</u>.  Matters of expert testimony shall be

14  disclosed at the time and in the manner called for by the <u>Rules</u> and the Court's

15  Orders.

16       41.     In addition to the general objections above, Mattel objects to Topic No.

17  41 as overbroad, unduly burdensome, and harassing, and not reasonably calculated

18  to lead to the discovery of admissible evidence.  Among other things, Topic No. 41

19  purports to require Mattel to produce witnesses to testify as to all of the many

20  hundreds of "current and former MATTEL employees . . . involved in any aspect of

21  the creation, marketing, sales, design, and development" of many Mattel lines

22  consisting of many dozens of products and other matters that have no bearing on this

23  suit.  Mattel further objects to Topic No. 41 on the grounds that it fails to describe

24  with reasonable particularity the matters on which examination is requested.  Mattel

25  further objects to Topic No. 41 on the grounds that it seeks confidential, proprietary

26  and trade secret information, including such information that has no bearing on the

27  claims or defenses in this case.  Mattel further objects to Topic No. 41 on the

28  grounds that it is an attempt to circumvent the Discovery Master's prior Orders

-34-

**EXHIBIT  3  PAGE  68**

1  determining the topic is irrelevant and/or an inappropriate and overbroad category of

2  discovery. Mattel further objects to Topic No. 41 on the grounds that it calls for the

3  disclosure of information protected by the attorney-client privilege and work

4  product doctrine. Mattel further objects to this Topic on the grounds that it is

5  premature in that it seeks to circumvent the expert disclosure provisions of the

6  Federal and Local Rules. Matters of expert testimony shall be disclosed at the time

7  and in the manner called for by the Rules and the Court's Orders.

8       42.   In addition to the general objections above, Mattel objects to Topic No.

9  42 as overbroad, unduly burdensome, and not reasonably calculated to lead to the

10  discovery of admissible evidence. Among other things, "DIVA STARZ" and "MY

11  SCENE" consist of numerous products and elements that are completely irrelevant

12  to this action. Mattel further objects to Topic No. 42 on the grounds that it fails to

13  describe with reasonable particularity the matters on which examination is

14  requested, including in that it fails to identify any particular aspect of the "[l]egal

15  actions and claims" on which testimony is sought. Mattel further objects to Topic

16  No. 42 on the grounds that it calls for the disclosure of information protected by the

17  attorney-client privilege, work product doctrine and other privileges.

18       43.   In addition to the general objections above, Mattel objects to Topic No.

19  43 as overbroad, unduly burdensome, and not reasonably calculated to lead to the

20  discovery of admissible evidence. Among other things, "DIVA STARZ" and "MY

21  SCENE" consist of numerous products and elements that are completely irrelevant

22  to this action, including without limitation as to the trademark search performed for

23  names that have nothing to do with this suit. Mattel further objects to Topic No. 43

24  on the grounds that it fails to describe with reasonable particularity the matters on

25  which examination is requested, including without limitation in its undefined use of

26  "claimed intellectual property rights." Mattel further objects to this Topic on the

27  grounds that it is premature in that it seeks to circumvent the expert disclosure

28  provisions of the Federal and Local Rules. Matters of expert testimony shall be

1  disclosed at the time and in the manner called for by the <u>Rules</u> and the Court's

2  Orders.  Mattel further objects to Topic No. 43 on the grounds that it calls for the

3  disclosure of information protected by the attorney-client privilege and work

4  product doctrine.

5       44.    In addition to the general objections above, Mattel objects to Topic No.

6  44 as overbroad, unduly burdensome, and not reasonably calculated to lead to the

7  discovery of admissible evidence.  Among other things, Topic No. 44 purports to

8  require Mattel to produce witnesses to testify as to "any MATTEL product or

9  packaging on the one hand, and any MGA product or packaging," despite the fact

10  that MGA and Mattel both produce a wide variety of products that compete with

11  each other that are not at issue in this case.  Mattel further objects to Topic No. 44

12  on the grounds that it fails to describe with reasonable particularity the matters on

13  which examination is requested.  Mattel further objects to Topic No. 44 on the

14  grounds that it purports to require Mattel to produce witnesses to marshal

15  "evidence" in this case and therefore seeks to impose upon Mattel burdens not

16  permitted by the <u>Rules</u>.  Mattel further objects to Topic No. 44 on the grounds that it

17  seeks confidential, proprietary and trade secret information, including such

18  information that has no bearing on the claims or defenses in this case.  Mattel further

19  objects to Topic No. 44 on the grounds that it is an attempt to circumvent the

20  Discovery Master's prior Orders determining the topic is irrelevant and/or an

21  inappropriate and overbroad category of discovery.  Mattel further objects to Topic

22  No. 44 on the grounds that it calls for the disclosure of information protected by the

23  attorney-client privilege and work product doctrine.  Mattel further objects to this

24  Topic on the grounds that it is premature in that it seeks to circumvent the expert

25  disclosure provisions of the <u>Federal</u> and <u>Local</u> <u>Rules</u>.  Matters of expert testimony

26  shall be disclosed at the time and in the manner called for by the <u>Rules</u> and the

27  Court's Orders.

28

45.     In addition to the general objections above, Mattel objects to Topic No. 45 as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Among other things, Topic No. 45 purports to require Mattel to produce witnesses to testify as to "any statements or comments by any PERSON that a MATTEL product, packaging or ADVERTISEMENT is a copy or 'knock off' of an MGA product, packaging, or ADVERTISEMENT," despite the fact that MGA and Mattel both produce a wide variety of products that compete with each other which are not at issue in this case.  Indeed, as written, the Topic purports Mattel to produce a witness to repeat MGA's false statements in this suit. Mattel further objects to Topic No. 45 on the grounds that it fails to describe with reasonable particularity the matters on which examination is requested.  Mattel further objects to Topic No. 45 on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case.  Mattel further objects to Topic No. 45 on the grounds that it is an attempt to circumvent the Discovery Master's prior Orders determining the topic is irrelevant and/or an inappropriate and overbroad category of discovery.  Mattel further objects to Topic No. 45 on the grounds that it calls for the disclosure of information protected by the attorney-client privilege and work product doctrine.

46.     In addition to the general objections above, Mattel objects to Topic No. 46 as vague and ambiguous, incomprehensible, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Among other things, Topic No. 46 purports to require Mattel to produce witnesses to testify as to supposed copying of any MGA advertisement, despite the fact that MGA and Mattel both produce a wide variety of products that are not at issue and MGA has only placed particular advertisements at issue.  Mattel further objects to Topic No. 46 on the grounds that it fails to describe with reasonable particularity the matters on which examination is requested.  Mattel further objects to Topic No. 46 on the

MATTEL'S OBJECTIONS TO MGA'S NOTICE OF 30(B)(6) DEPOSITION OF MATTEL

07209/2225076.1

EXHIBIT __3__   PAGE __71__

1    grounds that it seeks confidential, proprietary and trade secret information, including

2    such information that has no bearing on the claims or defenses in this case. Mattel

3    further objects to Topic No. 46 on the grounds that it is an attempt to circumvent the

4    Discovery Master's prior Orders determining the topic is irrelevant and/or an

5    inappropriate and overbroad category of discovery. Mattel further objects to Topic

6    No. 46 on the grounds that it calls for the disclosure of information protected by the

7    attorney-client privilege and work product doctrine. Mattel further objects to this

8    Topic on the grounds that it is premature in that it seeks to circumvent the expert

9    disclosure provisions of the Federal and Local Rules. Matters of expert testimony

10   shall be disclosed at the time and in the manner called for by the Rules and the

11   Court's Orders.

12       47.   In addition to the general objections above, Mattel objects to Topic No.

13   47 as vague and ambiguous, especially as to its use of the term "on YOUR behalf."

14   Mattel further objects to Topic No. 47 as overbroad, unduly burdensome, and not

15   reasonably calculated to lead to the discovery of admissible evidence. Among other

16   things, Topic No. 47 purports to require Mattel to produce witnesses to testify as to

17   sworn statements regarding DIVA STARZ, MY SCENE, FLAVAS, and BARBIE

18   over the course of the last decade, despite the fact that each of these brands include a

19   large line of dolls, accessories, computer and video games, and playsets, many of

20   which are completely irrelevant to this action. Mattel further objects to Topic No.

21   47 on the grounds that it fails to describe with reasonable particularity the matters on

22   which examination is requested. Mattel further objects to Topic No. 47 on the

23   grounds that it seeks confidential, proprietary and trade secret information, including

24   such information that has no bearing on the claims or defenses in this case. Mattel

25   further objects to Topic No. 47 on the grounds that it is an attempt to circumvent the

26   Discovery Master's prior Orders determining the topic is irrelevant and/or an

27   inappropriate and overbroad category of discovery. Mattel further objects to Topic

28   No. 47 on the grounds that it calls for the disclosure of information protected by the

EXHIBIT ___3___ PAGE ___72___

1   attorney-client privilege and work product doctrine.  Mattel further objects to this

2   Topic on the grounds that it is premature in that it seeks to circumvent the expert

3   disclosure provisions of the Federal and Local Rules.  Matters of expert testimony

4   shall be disclosed at the time and in the manner called for by the Rules and the

5   Court's Orders.

6        48.    In addition to the general objections above, Mattel objects to Topic No.

7   48 as vague, ambiguous, and incomprehensible, especially given its definitions of

8   the terms MGA and MATTEL.  Mattel further objects to Topic No. 48 as overbroad,

9   unduly burdensome, oppressive, and not reasonably calculated to lead to the

10  discovery of admissible evidence, including without limitation in that the Topic is

11  unlimited as to time, subject matter, product or anything else.  Furthermore, MGA's

12  definitions of the terms "MATTEL" and "MGA" in this context are overbroad,

13  circular and incomprehensible, including by the inclusion of any current or former

14  employee anywhere at MATTEL, including Bryant himself and others at MGA who

15  were former Mattel employees involved with Bratz such as Paula Garcia.  Thus, the

16  Topic literally purports to ask for every communication between former Mattel

17  employees that are solely internal to MGA and every communication Mattel had

18  with that person when he or she was employed by Mattel.  Mattel further objects to

19  Topic No. 48 on the grounds that it fails to describe with reasonable particularity the

20  matters on which examination is requested.  Mattel further objects to Topic No. 48

21  on the grounds that it seeks confidential, proprietary and trade secret information,

22  including such information that has no bearing on the claims or defenses in this

23  case.  Mattel further objects to Topic No. 48 on the grounds that it is an attempt to

24  circumvent the Discovery Master's prior Orders determining the topic is irrelevant

25  and/or an inappropriate and overbroad category of discovery.  Mattel further objects

26  to this Topic on the grounds that it is premature in that it seeks to circumvent the

27  expert disclosure provisions of the Federal and Local Rules.  Matters of expert

28  testimony shall be disclosed at the time and in the manner called for by the Rules

07209/2225076.1

-39-

**EXHIBIT** _3_ **PAGE** _73_

1   and the Court's Orders.  Mattel further objects to Topic No. 48 on the grounds that it

2   calls for the disclosure of information protected by the attorney-client privilege and

3   work product doctrine.

4        49.    In addition to the general objections above, Mattel objects to Topic No.

5   49 as vague and ambiguous, overbroad, unduly burdensome, and not reasonably

6   calculated to lead to the discovery of admissible evidence.  Among other things,

7   Topic No. 49 purports to require Mattel to produce witnesses to testify as to all

8   applications and registrations for BARBIE, DIVA STARZ, FLAVAS,

9   ACCELERACERS, LITTLE MOMMY, WEE 3 FRIENDS and POLLY POCKET,

10  without any limitation as to time and despite the fact that each of these brands

11  include numerous products, accessories, computer and video games, playsets and

12  other elements that are completely irrelevant to this action.  Indeed, the BARBIE

13  brand alone spans almost fifty years, with many thousands of applications sought

14  and/or registrations obtained around the globe to protect its vast array of marks,

15  sculpts, packaging, artwork and other elements.  Mattel further objects to Topic No.

16  49 on the grounds that it fails to describe with reasonable particularity the matters on

17  which examination is requested.  Mattel further objects to Topic No. 49 on the

18  grounds that it is an attempt to circumvent the Discovery Master's prior Orders

19  determining the topic is irrelevant and/or an inappropriate and overbroad category of

20  discovery.  Mattel further objects to Topic No. 49 on the grounds that it calls for the

21  disclosure of information protected by the attorney-client privilege and work

22  product doctrine.  Mattel further objects to this Topic on the grounds that it is

23  premature in that it seeks to circumvent the expert disclosure provisions of the

24  Federal and Local Rules.  Matters of expert testimony shall be disclosed at the time

25  and in the manner called for by the Rules and the Court's Orders.

26       50.    In addition to the general objections above, Mattel objects to Topic No.

27  50 as vague and ambiguous, especially as to its use of the terms "interfere with or

28  inhibit MGA's business with distributors and retailers," "pressuring or influencing

1  retailers not to buy, sell or distribute," "reduce shelf and display space,"

2  "unfavorable locations," and "below market pricing." Mattel further objects to

3  Topic No. 50 as overbroad, unduly burdensome, and not reasonably calculated to

4  lead to the discovery of admissible evidence. Among other things, Topic No. 50 is

5  without limitation as to time, product, product line or geographic location and

6  purports to require Mattel to produce witnesses to testify as to any efforts that

7  "influenc[e] distributors or retailers" not to buy Bratz, including that resulting from

8  offering superior products at better value and thus could not form any conceivable

9  basis for any claim alleged. Indeed, the Topic purports to require Mattel to testify as

10  to its "knowledge" of any "efforts by any PERSON" anywhere in the world to so

11  compete with MGA. Mattel further objects to Topic No. 50 on the grounds that it

12  fails to describe with reasonable particularity the matters on which examination is

13  requested. Mattel further objects to this Topic as seeking discovery on matters not

14  within the subject matter of the Court. Mattel further objects to Topic No. 50 on the

15  grounds that it seeks confidential, proprietary and trade secret information, including

16  such information that has no bearing on the claims or defenses in this case. Mattel

17  further objects to Topic No. 50 on the grounds that it calls for the disclosure of

18  information protected by the attorney-client privilege and work product doctrine.

19  Mattel further objects to this Topic on the grounds that it is premature in that it seeks

20  to circumvent the expert disclosure provisions of the Federal and Local Rules.

21  Matters of expert testimony shall be disclosed at the time and in the manner called

22  for by the Rules and the Court's Orders.

23      51.    In addition to the general objections above, Mattel objects to Topic No.

24  51 as vague and ambiguous and makes false factual assumptions, especially as to its

25  use of the term "interfere, modify, tamper with or alter MGA's retail product

26  displays." Mattel further objects to Topic No. 51 as overbroad, unduly burdensome,

27  and not reasonably calculated to lead to the discovery of admissible evidence.

28  Among other things, Topic No. 51 purports to require Mattel to produce witnesses

1    to testify as to any efforts that would "modify" or "alter" displays, without limitation

2    as to time, product, product line or geographic location and including that resulting

3    from offering superior products at better value and thus could not form any

4    conceivable basis for any claim alleged. Indeed, the Topic purports to require

5    Mattel to testify as to its "knowledge" of any "efforts by any PERSON" anywhere in

6    the world to so compete with MGA. Mattel further objects to Topic No. 51 on the

7    grounds that it fails to describe with reasonable particularity the matters on which

8    examination is requested. Mattel further objects to Topic No. 51 on the grounds that

9    it seeks confidential, proprietary and trade secret information, including such

10   information that has no bearing on the claims or defenses in this case. Mattel further

11   objects to this Topic on the grounds that it is premature in that it seeks to circumvent

12   the expert disclosure provisions of the Federal and Local Rules. Matters of expert

13   testimony shall be disclosed at the time and in the manner called for by the Rules

14   and the Court's Orders. Mattel further objects to Topic No. 51 on the grounds that it

15   calls for the disclosure of information protected by the attorney-client privilege and

16   work product doctrine.

17          52.   In addition to the general objections above, Mattel objects to Topic No.

18   52 as vague and ambiguous, especially as to its use of the term "interfere with or

19   inhibit" and "licensing agent." Mattel further objects to Topic No. 52 as overbroad,

20   unduly burdensome, not reasonably calculated to lead to the discovery of admissible

21   evidence and outside the subject matter jurisdiction of the Court. Among other

22   things, Topic No. 52 purports to require Mattel to produce witnesses to testify as to

23   any efforts that would "inhibit MGA's business with a licensee or licensing agent"

24   anywhere in the world, without limitation as to time, product or product line and

25   including that resulting from offering superior products at better value and thus

26   could not form any conceivable basis for any claim alleged. Indeed, the Topic

27   purports to require Mattel to testify as to its "knowledge" of any "efforts by any

28   PERSON" anywhere in the world to so compete with MGA. Mattel further objects

1   to Topic No. 52 on the grounds that it fails to describe with reasonable particularity

2   the matters on which examination is requested. Mattel further objects to Topic No.

3   52 on the grounds that it seeks confidential, proprietary and trade secret information,

4   including such information that has no bearing on the claims or defenses in this

5   case. Mattel further objects to this Topic on the grounds that it is premature in that

6   it seeks to circumvent the expert disclosure provisions of the Federal and Local

7   Rules. Matters of expert testimony shall be disclosed at the time and in the manner

8   called for by the Rules and the Court's Orders. Mattel further objects to Topic No.

9   52 on the grounds that it calls for the disclosure of information protected by the

10  attorney-client privilege and work product doctrine.

11          53.     In addition to the general objections above, Mattel objects to Topic No.

12  53 as vague and ambiguous, especially as to its use of the term "interfere with or

13  inhibit" and "business." Mattel further objects to Topic No. 53 as overbroad, unduly

14  burdensome, not reasonably calculated to lead to the discovery of admissible

15  evidence and outside the subject matter jurisdiction of the Court. Among other

16  things, Topic No. 53 purports to require Mattel to produce witnesses to testify as to

17  any efforts that would "inhibit MGA's business" anywhere in the world, including

18  that resulting from offering better terms and thus could not form any conceivable

19  basis for any claim alleged. Indeed, the Topic purports to require Mattel to testify as

20  to its "knowledge" of any "efforts by any PERSON" anywhere in the world to so

21  compete with MGA. Mattel further objects to Topic No. 53 on the grounds that it

22  fails to describe with reasonable particularity the matters on which examination is

23  requested. Mattel further objects to Topic No. 53 on the grounds that it seeks

24  confidential, proprietary and trade secret information, including such information

25  that has no bearing on the claims or defenses in this case. Mattel further objects to

26  this Topic on the grounds that it is premature in that it seeks to circumvent the

27  expert disclosure provisions of the Federal and Local Rules. Matters of expert

28  testimony shall be disclosed at the time and in the manner called for by the Rules

07209/2225076.1

EXHIBIT __3____ PAGE __77__

and the Court's Orders. Mattel further objects to Topic No. 53 on the grounds that it calls for the disclosure of information protected by the attorney-client privilege and work product doctrine.

54.    In addition to the general objections above, Mattel objects to Topic No. 54 as vague and ambiguous, especially as to its use of the terms "interfere with or inhibit," "MGA's business," and "market research firms." Mattel further objects to Topic No. 54 as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Among other things, Topic No. 54 identifies its subject matter as "MGA's business," without limitation as to time, product, product line, geographic location or any other meaningful definition. Mattel further objects to Topic No. 54 on the grounds that it fails to describe with reasonable particularity the matters on which examination is requested. Mattel further objects to Topic No. 54 on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to Topic No. 54 on the grounds that it is an attempt to circumvent the Discovery Master's prior Orders determining the topic is irrelevant and/or an inappropriate and overbroad category of discovery. Indeed, the Topic purports to list issues that do not and could not have any reasonable basis for inclusion, including for example "MGA's investment or acquisition of Zapf Creation AG," and are an evident effort by MGA to circumvent the Discovery Master's prior rulings against MGA's improper fishing expeditions. Mattel further objects to Topic No. 54 on the grounds that it calls for the disclosure of information protected by the attorney-client privilege and work product doctrine. Mattel further objects to this Topic on the grounds that it is premature in that it seeks to circumvent the expert disclosure provisions of the Federal and Local Rules. Matters of expert testimony shall be disclosed at the time and in the manner called for by the Rules and the Court's Orders.

-44-

MATTEL'S OBJECTIONS TO MGA'S NOTICE OF 30(B)(6) DEPOSITION OF MATTEL

EXHIBIT ___3___ PAGE __78__

1    55.    In addition to the general objections above, Mattel objects to Topic No.

2   55 as vague and ambiguous, especially as to its use of the terms "such PERSON's

3   business with MGA," "supplier, factory manufacturer, distributor, retailer, licensee,

4   licensing agent, market research firm, and independent contractor" and "efforts by

5   MATTEL to persuade." Mattel further objects to Topic No. 55 as overbroad,

6   unduly burdensome, and not reasonably calculated to lead to the discovery of

7   admissible evidence. Among other things, Topic No. 55 purports to require Mattel

8   to produce witnesses to testify as to any communications relating to "such

9   PERSON's business with MGA" for potentially many thousands of companies and

10   individuals, without any limitation as to time, product, product line or geographic

11   limitation whatsoever, when MGA and Mattel both produce a wide variety of

12   products. Mattel further objects to Topic No. 55 on the grounds that it fails to

13   describe with reasonable particularity the matters on which examination is

14   requested. Mattel further objects to Topic No. 55 on the grounds that it seeks

15   confidential, proprietary and trade secret information, including such information

16   that has no bearing on the claims or defenses in this case. Mattel further objects to

17   Topic No. 55 on the grounds that it is an attempt to circumvent the Discovery

18   Master's Orders determining the topic is irrelevant and/or an inappropriate and

19   overbroad category of discovery. Mattel further objects to Topic No. 55 on the

20   grounds that it calls for the disclosure of information protected by the attorney-client

21   privilege and work product doctrine.

22    56.    In addition to the general objections above, Mattel objects to Topic No.

23   56 as vague and ambiguous and assumes false facts, especially as to its use of the

24   terms "MGA's non-public information," "monitor, 'spy on' or gain knowledge of

25   MGA's activities," "MGA or its business," "obtaining access to MGA showrooms,"

26   and "'competitive management agreements' or 'category management agreements.'"

27   Mattel further objects to Topic No. 56 as overbroad, unduly burdensome, and not

28   reasonably calculated to lead to the discovery of admissible evidence. Among other

-45-

**EXHIBIT _3_ PAGE _79_**

1 things, Topic No. 56 purports to require Mattel to produce witnesses to testify as to

2 any efforts to "gain knowledge of MGA's activities," without any limitation as to

3 time, geographic location, product or product line whatsoever.  In addition, MGA's

4 definitions of the term "YOUR" in this context is overbroad in that it asks for

5 communications of any current or former employee anywhere at MATTEL,

6 including Carter Bryant and Paula Garcia.  Mattel further objects to Topic No. 56 on

7 the grounds that it fails to describe with reasonable particularity the matters on

8 which examination is requested.  Mattel further objects to Topic No. 56 on the

9 grounds that it seeks confidential, proprietary and trade secret information, including

10 such information that has no bearing on the claims or defenses in this case.  Mattel

11 further objects to Topic No. 56 on the grounds that it is an attempt to circumvent the

12 Discovery Master's prior Orders determining the topic is irrelevant and/or an

13 inappropriate and overbroad category of discovery.  Mattel further objects to Topic

14 No. 56 on the grounds that it calls for the disclosure of information protected by the

15 attorney-client privilege, work product doctrine and other privileges.

16      57.    In addition to the general objections above, Mattel objects to Topic No.

17 57 as vague and ambiguous and incomprehensible, especially as to its use of the

18 terms "unfairly compete with MGA by eroding or damaging its goodwill," "efforts

19 to generate negative publicity," "publicly-released studies or market research," and

20 "financial or investment analysts."  Mattel further objects to Topic No. 57 as

21 overbroad, unduly burdensome, and not reasonably calculated to lead to the

22 discovery of admissible evidence.  Among other things, Topic No. 57 purports to

23 require Mattel to produce witnesses to testify as to any efforts to "unfairly compete

24 with MGA by eroding or damaging its goodwill," without any limitation

25 whatsoever, when MGA and Mattel produce a wide variety of products that are not

26 at issue in this case.  In addition, the Topic specifically lists issues that have never

27 been placed in dispute by either party, including, for example, claims related to

28 "COMMUNICATIONS with any PERSON concerning whether 'BRATZ' are too

07209/2225076.1

-46-

1  sexy or otherwise inappropriate for girls," "any publicly released studies or market

2  research about 'BRATZ," "category management agreements" and "efforts to

3  provide negative information to financial analysts." Mattel further objects to Topic

4  No. 57 on the grounds that it fails to describe with reasonable particularity the

5  matters on which examination is requested. Mattel further objects to Topic No. 57

6  on the grounds that it seeks confidential, proprietary and trade secret information,

7  including such information that has no bearing on the claims or defenses in this

8  case. Mattel further objects to Topic No. 57 on the grounds that it is an attempt to

9  circumvent the Discovery Master's prior Orders determining the topic is irrelevant

10  and/or an inappropriate and overbroad category of discovery. Mattel further objects

11  to this Topic on the grounds that it is premature in that it seeks to circumvent the

12  expert disclosure provisions of the Federal and Local Rules. Matters of expert

13  testimony shall be disclosed at the time and in the manner called for by the Rules

14  and the Court's Orders. Mattel further objects to Topic No. 57 on the grounds that it

15  calls for the disclosure of information protected by the attorney-client privilege and

16  work product doctrine.

17      58.    In addition to the general objections above, Mattel objects to Topic No.

18  58 on the grounds that it fails to describe with reasonable particularity the matters on

19  which examination is requested and that it is overbroad, unduly burdensome, and

20  not reasonably calculated to lead to the discovery of admissible evidence. Among

21  other things, Topic No. 58 purports to require Mattel to produce witnesses to testify

22  as to "COMMUNICATIONS with former MATTEL employees who now work (or

23  subsequently worked) for MGA," without limitation as to subject matter or to time,

24  despite the fact that such communications could be on a wide variety of topics

25  completely irrelevant to this case. Mattel further objects to Topic No. 58 on the

26  grounds that it is an attempt to circumvent the Discovery Master's prior Orders

27  determining the topic is irrelevant and/or an inappropriate and overbroad category of

28  discovery. Mattel further objects to Topic No. 58 on the grounds that it seeks

-47-
MATTEL'S OBJECTIONS TO MGA'S NOTICE OF 30(B)(6) DEPOSITION OF MATTEL

**EXHIBIT __3__ PAGE __81__**

1 | confidential, proprietary and trade secret information, including such information

2 | that has no bearing on the claims or defenses in this case. Mattel further objects to

3 | Topic No. 58 on the grounds that it calls for the disclosure of information protected

4 | by the attorney-client privilege and work product doctrine.

5 |      59.    In addition to the general objections above, Mattel objects to Topic No.

6 | 59 as vague and ambiguous, especially as to its use of the terms "consideration of

7 | hiring," and "MGA's confidential proprietary information." Mattel further objects to

8 | Topic No. 59 as overbroad, unduly burdensome, and not reasonably calculated to

9 | lead to the discovery of admissible evidence. Mattel further objects to Topic No. 59

10 | on the grounds that it fails to describe with reasonable particularity the matters on

11 | which examination is requested.  Mattel further objects to this Topic on the grounds

12 | that it is premature in that it seeks to circumvent the expert disclosure provisions of

13 | the Federal and Local Rules.  Matters of expert testimony shall be disclosed at the

14 | time and in the manner called for by the Rules and the Court's Orders.  Mattel

15 | further objects to Topic No. 59 on the grounds that it calls for the disclosure of

16 | information protected by the attorney-client privilege, work product doctrine and

17 | other privileges.

18 |      60.    In addition to the general objections above, Mattel objects to Topic No.

19 | 60 as vague and ambiguous, especially as to its use of the terms "magnitude and

20 | scope." Mattel further objects to Topic No. 60 as overbroad, unduly burdensome,

21 | and not reasonably calculated to lead to the discovery of admissible evidence.  In

22 | particular, the Topic asks for information related to wholly irrelevant actions by

23 | Mattel with respect to employees, in literally any and all functions and areas of the

24 | company regardless of their positions, over the course of a decade. Mattel further

25 | objects to Topic No. 60 on the grounds that it fails to describe with reasonable

26 | particularity the matters on which examination is requested.  Mattel further objects

27 | to Topic No. 60 on the grounds that it is an attempt to circumvent the Discovery

28 | Master's prior Orders determining the topic is irrelevant and/or an inappropriate and

-48-

MATTEL'S OBJECTIONS TO MGA'S NOTICE OF 30(B)(6) DEPOSITION OF MATTEL

EXHIBIT _____3_____ PAGE _____82_____