1  overbroad category of discovery.  Mattel further objects to Topic No. 60 on the

2  grounds that it calls for the disclosure of information protected by the attorney-client

3  privilege, work product doctrine and other privileges.

4       61.    In addition to the general objections above, Mattel objects to Topic No.

5  61 as vague and ambiguous, especially as to its use of the terms "pressure, convince,

6  or request."  Mattel further objects to Topic No. 61 on the grounds that it fails to

7  describe with reasonable particularity the matters on which examination is requested

8  and that it is overbroad, unduly burdensome, and not reasonably calculated to lead

9  to the discovery of admissible evidence.  Among other things, a topic identified as

10  "NPD" is no meaningful topic at all for purposes of testimony, including when co-

11  joined with equally unexplained sub-topics such as undefined "use" of data by many

12  thousands of Mattel employees over more than a six year period, and without

13  limitation as to product, product line or geographic location.  In addition, MGA's

14  definitions of the term "YOUR" in this context is overbroad and incomprehensible

15  in that it asks for knowledge of any current or former employee anywhere at

16  MATTEL, including Carter Bryant, Paula Garcia, Ron Brawer, and other current

17  and former MGA employees, as to their knowledge of NPD's decision to terminate

18  MGA's subscription, their misuse of NPD data, and their attempts to change NPD

19  product classification categories for Bratz.  Mattel further objects to Topic No. 61

20  on the grounds that it seeks confidential, proprietary and trade secret information,

21  including such information that has no bearing on the claims or defenses in this

22  case.  Mattel further objects to Topic No. 61 on the grounds that it is an attempt to

23  circumvent the Discovery Master's prior Orders determining the topic is irrelevant

24  and/or an inappropriate and overbroad category of discovery.  Mattel further objects

25  to this Topic on the grounds that it is premature in that it seeks to circumvent the

26  expert disclosure provisions of the Federal and Local Rules.  Matters of expert

27  testimony shall be disclosed at the time and in the manner called for by the Rules

28  and the Court's Orders.  Mattel further objects to Topic No. 61 on the grounds that it

1    calls for the disclosure of information protected by the attorney-client privilege and
2    work product doctrine.

3          62.    In addition to the general objections above, Mattel objects to Topic No.
4    62 as vague and ambiguous, especially as to its use of the term "subsidies." Mattel
5    further objects to Topic No. 62 on the grounds that it fails to describe with
6    reasonable particularity the matters on which examination is requested and that it is
7    overbroad, unduly burdensome, and not reasonably calculated to lead to the
8    discovery of admissible evidence. Among other things, a topic identified as
9    "CARU" is no meaningful topic at all for purposes of testimony, including when co-
10   joined with equally unexplained sub-topics such as undefined "restrictions," and
11   without limitation as to subject matter, time, product, product line or geographic
12   location. In addition, MGA's definitions of the term "MATTEL" in this context is
13   overbroad and incomprehensible in that it asks for knowledge of any current or
14   former employee anywhere at MATTEL, including current and former MGA
15   employees. Mattel further objects to Topic No. 62 as overbroad, unduly
16   burdensome, and not reasonably calculated to lead to the discovery of admissible
17   evidence. Mattel further objects to Topic No. 62 on the grounds that it seeks
18   confidential, proprietary and trade secret information, including such information
19   that has no bearing on the claims or defenses in this case. Mattel further objects to
20   this Topic on the grounds that MGA and Mattel are restricted by contractual
21   obligations from disclosure of matters sought by this Topic, including without
22   limitation by virtue of MGA's agreements with CARU. Mattel further objects to
23   Topic No. 62 on the grounds that it is an attempt to circumvent the Discovery
24   Master's prior Orders determining the topic is irrelevant and/or an inappropriate and
25   overbroad category of discovery Mattel further objects to Topic No. 62 on the
26   grounds that it calls for the disclosure of information protected by the attorney-client
27   privilege, work product doctrine and other privileges, including the common interest
28   privilege. Mattel further objects to this Topic on the grounds that it is premature in

EXHIBIT __3__ PAGE __84__

1  that it seeks to circumvent the expert disclosure provisions of the Federal and Local

2  Rules. Matters of expert testimony shall be disclosed at the time and in the manner

3  called for by the Rules and the Court's Orders.

4      63.    In addition to the general objections above, Mattel further objects to

5  Topic No. 63 on the grounds that it fails to describe with reasonable particularity the

6  matters on which examination is requested and that it is overbroad, unduly

7  burdensome, and not reasonably calculated to lead to the discovery of admissible

8  evidence. Among other things, a topic identified as "TIA" is no meaningful topic at

9  all for purposes of testimony, including when co-joined with equally unexplained

10 sub-topics such as "participation in" and without limitation as to subject matter,

11 time, product, product line or geographic location. In addition, MGA's definitions

12 of the term "MATTEL" in this context is overbroad and incomprehensible in that it

13 asks for knowledge of any current or former employee anywhere at MATTEL,

14 including current and former MGA employees. Mattel further objects to Topic No.

15 63 on the grounds that it is an attempt to circumvent the Discovery Master's prior

16 Orders determining the topic is irrelevant and/or an inappropriate and overbroad

17 category of discovery. Mattel further objects to Topic No. 63 on the grounds that it

18 calls for the disclosure of information protected by the attorney-client privilege,

19 work product doctrine and other privileges. Mattel further objects to this Topic on

20 the grounds that it is premature in that it seeks to circumvent the expert disclosure

21 provisions of the Federal and Local Rules. Matters of expert testimony shall be

22 disclosed at the time and in the manner called for by the Rules and the Court's

23 Orders.

24      64.    In addition to the general objections above, Mattel objects to Topic No.

25 64 as overbroad, unduly burdensome, and not reasonably calculated to lead to the

26 discovery of admissible evidence. Mattel further objects to Topic No. 64 on the

27 grounds that it fails to describe with reasonable particularity the matters on which

28 examination is requested. Mattel further objects to Topic No. 64 on the grounds that

07209/2225076.1

-51-

1  it seeks confidential, proprietary and trade secret information, including such

2  information that has no bearing on the claims or defenses in this case. Mattel further

3  objects to Topic No. 64 on the grounds that it calls for the disclosure of information

4  protected by the attorney-client privilege and work product doctrine. Mattel further

5  objects to this Topic on the grounds that it is premature in that it seeks to circumvent

6  the expert disclosure provisions of the Federal and Local Rules. Matters of expert

7  testimony shall be disclosed at the time and in the manner called for by the Rules

8  and the Court's Orders.

9        65.    In addition to the general objections above, Mattel objects to Topic No.

10  65 on the grounds that it is vague and ambiguous, including as to the term

11  "business." Mattel further objects to this Topic on the grounds that it fails to

12  describe with reasonable particularity the matters on which examination is requested

13  and that it is overbroad, unduly burdensome, and not reasonably calculated to lead

14  to the discovery of admissible evidence. Among other things, Topic No. 65 purports

15  to require Mattel to produce witnesses to testify as to any efforts "to undermine

16  MGA's business," and "create negative publicity or press about MGA," without any

17  limitation whatsoever, when MGA and Mattel produce a wide variety of products

18  that are not at issue in this case, and furthermore as to products and other matters

19  that are irrelevant to this suit. In addition, the Topic specifically lists issues that

20  have no conceivable relevance to this action, including, for example, claims related

21  to "MGA's acquisition of or investment in Zapf Creation AG," and have been added

22  for no apparent purpose other than to circumvent the Discovery Master's prior

23  rulings against MGA for its improper fishing expeditions. Mattel further objects to

24  Topic No. 65 on the grounds that it is an attempt to circumvent the Discovery

25  Master's prior Orders determining the topic is irrelevant and/or an inappropriate and

26  overbroad category of discovery as well as Judge Larson's prior Orders rejecting

27  MGA's false assertions repeated in the Topic. Mattel further objects to Topic No.

28  65 on the grounds that it seeks confidential, proprietary and trade secret information,

1  including such information that has no bearing on the claims or defenses in this
2  case. Mattel further objects to this Topic on the grounds that it is premature in that
3  it seeks to circumvent the expert disclosure provisions of the Federal and Local
4  Rules. Matters of expert testimony shall be disclosed at the time and in the manner
5  called for by the Rules and the Court's Orders. Mattel further objects to Topic No.
6  65 on the grounds that it calls for the disclosure of information protected by the
7  attorney-client privilege and work product doctrine.

8         66.    In addition to the general objections above, Mattel objects to Topic No.
9  66 as overbroad, unduly burdensome, and not reasonably calculated to lead to the
10 discovery of admissible evidence. Mattel further objects to Topic No. 66 on the
11 grounds that it fails to describe with reasonable particularity the matters on which
12 examination is requested. Mattel further objects to this Topic on the grounds that it
13 is premature in that it seeks to circumvent the expert disclosure provisions of the
14 Federal and Local Rules. Matters of expert testimony shall be disclosed at the time
15 and in the manner called for by the Rules and the Court's Orders. Mattel further
16 objects to Topic No. 66 on the grounds that it seeks confidential, proprietary and
17 trade secret information, including such information that has no bearing on the
18 claims or defenses in this case. Mattel further objects to Topic No. 66 on the
19 grounds that it calls for the disclosure of information protected by the attorney-client
20 privilege and work product doctrine.

21        67.    In addition to the general objections above, Mattel objects to Topic No.
22 67 as vague and ambiguous, including with respect to the term "indirectly," and
23 overbroad, unduly burdensome, and not reasonably calculated to lead to the
24 discovery of admissible evidence. Among other things, MGA's definitions of the
25 term "MATTEL" in this context is overbroad, circular and incomprehensible in that
26 it asks for communications of any current or former employee anywhere at
27 MATTEL, including Carter Bryant himself, Paula Garcia, and other MGA
28 employees. Indeed, the Topic purports to require Mattel to produce witnesses

-53-
MATTEL'S OBJECTIONS TO MGA'S NOTICE OF 30(B)(6) DEPOSITION OF MATTEL

EXHIBIT ____3____ PAGE ___87___

1  regarding its knowledge of "efforts" by "third-parties" to even "contact or

2  communicate" with Bryant -- on any subject -- since April 2004.  In addition, the

3  Topic as written includes all correspondence with counsel, and all filed pleadings

4  served to Bryant's counsel, when such communications are already in MGA's

5  possession.  Mattel further objects to Topic No. 67 on the grounds that it fails to

6  describe with reasonable particularity the matters on which examination is

7  requested.  Mattel further objects to Topic No. 67 on the grounds that it seeks

8  confidential, proprietary and trade secret information, including such information

9  that has no bearing on the claims or defenses in this case.  Mattel further objects to

10  Topic No. 67 on the grounds that it calls for the disclosure of information protected

11  by the attorney-client privilege and work product doctrine.

12       68.    In addition to the general objections above, Mattel objects to Topic No.

13  68 as overbroad, unduly burdensome, and not reasonably calculated to lead to the

14  discovery of admissible evidence.  Among other things, Mattel's fee arrangements

15  with Quinn Emanuel are irrelevant and have no bearing on any claim or defense in

16  this suit.  Mattel further objects to Topic No. 68 on the grounds that it fails to

17  describe with reasonable particularity the matters on which examination is

18  requested.  Mattel further objects to Topic No. 68 on the grounds that it seeks

19  confidential, proprietary and trade secret information, including such information

20  that has no bearing on the claims or defenses in this case.  Mattel further objects to

21  this Topic on the grounds that it is premature in that it seeks to circumvent the

22  expert disclosure provisions of the Federal and Local Rules.  Matters of expert

23  testimony shall be disclosed at the time and in the manner called for by the Rules

24  and the Court's Orders.  Mattel further objects to Topic No. 68 on the grounds that it

25  calls for the disclosure of information protected by the attorney-client privilege and

26  work product doctrine.

27       69.    In addition to the general objections above, Mattel objects to Topic No.

28  69 as vague and ambiguous, especially as to its use of the false and misleading terms

1  "relationship" with and "efforts to hire" Farhad Larian.  Mattel further objects to

2  Topic No. 69 as overbroad, unduly burdensome, and not reasonably calculated to

3  lead to the discovery of admissible evidence.  Mattel further objects to Topic No. 69

4  on the grounds that it fails to describe with reasonable particularity the matters on

5  which examination is requested.  Mattel further objects to Topic No. 69 on the

6  grounds that it calls for the disclosure of information protected by the attorney-client

7  privilege, work product doctrine and other privileges.

8       70.   In addition to the general objections above, Mattel objects to Topic No.

9  70 as vague, ambiguous, and incomprehensible.  Mattel further objects to Topic No.

10  70 as overbroad, unduly burdensome, and not reasonably calculated to lead to the

11  discovery of admissible evidence.  Among other things, Topic No. 70 purports to

12  require Mattel to produce witnesses to testify as to a "MATTEL's

13  COMMUNICATIONS, internally or to third-parties . . . relating to MGA products,"

14  without any limitation as to the products or matters at issue in this litigation, despite

15  the Discovery Master's prior rulings rejecting such overbroad requests.  Mattel

16  further objects to Topic No. 70 on the grounds that it is an attempt to circumvent the

17  Discovery Master's prior Orders determining the topic is irrelevant and/or an

18  inappropriate and overbroad category of discovery.  Mattel further objects to Topic

19  No. 70 on the grounds that it fails to describe with reasonable particularity the

20  matters on which examination is requested.  Mattel further objects to Topic No. 70

21  on the grounds that it seeks confidential, proprietary and trade secret information,

22  including such information that has no bearing on the claims or defenses in this

23  case.  Mattel further objects to Topic No. 70 on the grounds that it calls for the

24  disclosure of information protected by the attorney-client privilege and work

25  product doctrine.  Mattel further objects to this Topic on the grounds that it is

26  premature in that it seeks to circumvent the expert disclosure provisions of the

27  Federal and Local Rules.  Matters of expert testimony shall be disclosed at the time

28  and in the manner called for by the Rules and the Court's Orders.

1    71.    In addition to the general objections above, Mattel objects to Topic No.
2    71 as overbroad, unduly burdensome, and not reasonably calculated to lead to the
3    discovery of admissible evidence.  Among other things, this Topic purports to
4    require testimony on undefined "policies, practices, or procedures" over a ten-year
5    time period, regardless of the categories or subject matter of the documents
6    involved.  It also purports to encompass the individual practices of any of Mattel's
7    many thousands of employees worldwide (as well as the practices of any of Mattel's
8    agents).  Mattel further objects to Topic No. 71 on the grounds that it fails to
9    describe with reasonable particularity the matters on which examination is
10   requested.  Mattel further objects to Topic No. 71 on the grounds that it is
11   duplicative of Topics already designated by Bryant in previous notices of deposition
12   pursuant to Rule 30(b)(6), in which MGA has joined, including Topic No. 28 from
13   the notice served on December 21, 2004.  Mattel further objects to Topic No. 71 on
14   the grounds that it calls for the disclosure of information protected by the attorney-
15   client privilege and work product doctrine.  Mattel further objects to this Topic on
16   the grounds that it is premature in that it seeks to circumvent the expert disclosure
17   provisions of the Federal and Local Rules.  Matters of expert testimony shall be
18   disclosed at the time and in the manner called for by the Rules and the Court's
19   Orders.
20      72.    In addition to the general objections above, Mattel objects to Topic No.
21   72 as vague and ambiguous, including without limitation as to the term
22   "retrievability."  Mattel further objects to this Topic on the grounds that it fails to
23   describe with reasonable particularity the matters on which examination is requested
24   and that it is overbroad, unduly burdensome, and not reasonably calculated to lead .
25   to the discovery of admissible evidence.  Mattel further objects to Topic No. 72 on
26   the grounds that it is duplicative of Topics already designated by Bryant in previous
27   notices of deposition pursuant to Rule 30(b)(6), in which MGA has joined, including
28   Topic No. 31 from the notice served on December 21, 2004.  Mattel further objects

-56-
MATTEL'S OBJECTIONS TO MGA'S NOTICE OF 30(B)(6) DEPOSITION OF MATTEL

EXHIBIT ___3___ PAGE ___90___

1  to this Topic on the grounds that it is premature in that it seeks to circumvent the

2  expert disclosure provisions of the <u>Federal</u> and <u>Local</u> <u>Rules</u>.  Matters of expert

3  testimony shall be disclosed at the time and in the manner called for by the <u>Rules</u>

4  and the Court's Orders.  Mattel further objects to Topic No. 72 on the grounds that it

5  calls for the disclosure of information protected by the attorney-client privilege and

6  work product doctrine, including without limitation the privileges afforded

7  consulting experts.

8      73.    In addition to the general objections above, Mattel objects to Topic No.

9  73 as vague and ambiguous, including without limitation as to the term

10  "retrievability."  Mattel further objects to this Topic as overbroad, unduly

11  burdensome, and not reasonably calculated to lead to the discovery of admissible

12  evidence, including without limitation in that the Topic is without limitation as to

13  time or subject matter of the records and purports to sweep in any number of wholly

14  unidentified and potentially thousands of persons who have any "information" that

15  concerns any of the matters in this case.  Mattel further objects to Topic No. 73 on

16  the grounds that it fails to describe with reasonable particularity the matters on

17  which examination is requested.  Mattel further objects to Topic No. 73 on the

18  grounds that it is duplicative of Topics already designated by Bryant in previous

19  notices of deposition pursuant to Rule 30(b)(6), in which MGA has joined, including

20  Topic No. 31 from the notice served on December 21, 2004.   Mattel further objects

21  to this Topic in that it seeks information uniquely within the possession, custody,

22  and control of Defendants and third parties within the control of Defendants and is

23  not known by Mattel at this juncture, including because Defendants refuse to

24  disclose such information, including in the face of Court Orders requiring MGA to

25  produce it.  Mattel further objects to Topic No. 73 on the grounds that it calls for the

26  disclosure of information protected by the attorney-client privilege and work

27  product doctrine.  Mattel further objects to this Topic on the grounds that it is

28  premature in that it seeks to circumvent the expert disclosure provisions of the

-57-

**EXHIBIT __3__ PAGE __91__**

1  Federal and Local Rules.  Matters of expert testimony shall be disclosed at the time

2  and in the manner called for by the Rules and the Court's Orders.

3      74.  In addition to the general objections above, Mattel objects to Topic No.

4  74 as vague and ambiguous, including in its use of the term "use" and

5  "ELECTRONIC RECORDS" in this context.  Mattel further objects to this Topic as

6  overbroad, unduly burdensome, and not reasonably calculated to lead to the

7  discovery of admissible evidence, including in that it purports to seek discovery on

8  any and all forms of "ELECTRONIC RECORDS" of any kind, without limitation as

9  to subject, category or otherwise.  It also purports to encompass the individual

10  practices of any of Mattel's many thousands of employees worldwide (as well as the

11  practices of any of Mattel's agents).  Mattel further objects to Topic No. 74 on the

12  grounds that it fails to describe with reasonable particularity the matters on which

13  examination is requested.  Mattel further objects to this Topic on the grounds that it

14  is premature in that it seeks to circumvent the expert disclosure provisions of the

15  Federal and Local Rules.  Matters of expert testimony shall be disclosed at the time

16  and in the manner called for by the Rules and the Court's Orders.  Mattel further

17  objects to Topic No. 74 on the grounds that it calls for the disclosure of information

18  protected by the attorney-client privilege and work product doctrine.

19      75.  In addition to the general objections above, Mattel objects to Topic No.

20  75 as overbroad, unduly burdensome, harassing, and not reasonably calculated to

21  lead to the discovery of admissible evidence.  Among other things, this Topic seeks

22  information related to any of the many thousands of computers owned by Mattel

23  throughout the world over a ten-year period.  Mattel further objects to Topic No. 75

24  on the grounds that it fails to describe with reasonable particularity the matters on

25  which examination is requested.  Mattel further objects to Topic No. 75 on the

26  grounds that it calls for the disclosure of information protected by the attorney-client

27  privilege and work product doctrine.  Mattel further objects to this Topic on the

28  grounds that it is premature in that it seeks to circumvent the expert disclosure

-58-

EXHIBIT ___3___ PAGE ___92___

1  provisions of the Federal and Local Rules. Matters of expert testimony shall be

2  disclosed at the time and in the manner called for by the Rules and the Court's

3  Orders.

4      76.    In addition to the general objections above, Mattel objects to Topic No.

5  76 as overbroad, unduly burdensome, and not reasonably calculated to lead to the

6  discovery of admissible evidence. Among other things, the Topic is unlimited as to

7  time and purports to encompass the individual practices of any of Mattel's many

8  thousands of employees worldwide (as well as the practices of any of Mattel's

9  agents). Mattel further objects to Topic No. 76 on the grounds that it fails to

10 describe with reasonable particularity the matters on which examination is

11 requested. Mattel further objects to this Topic on the grounds that it is premature in

12 that it seeks to circumvent the expert disclosure provisions of the Federal and Local

13 Rules. Matters of expert testimony shall be disclosed at the time and in the manner

14 called for by the Rules and the Court's Orders. Mattel further objects to Topic No.

15 76 on the grounds that it calls for the disclosure of information protected by the

16 attorney-client privilege and work product doctrine.

17     77.    In addition to the general objections above, Mattel objects to Topic No.

18 77 as overbroad, unduly burdensome, harassing, and not reasonably calculated to

19 lead to the discovery of admissible evidence. Among other things, this Topic seeks

20 information related to the many networks owned by Mattel throughout the world

21 over a ten-year period and includes networks that have no conceivable relevance to

22 this suit. Mattel further objects to Topic No. 77 on the grounds that it fails to

23 describe with reasonable particularity the matters on which examination is

24 requested. Mattel further objects to this Topic as duplicative of Bryant's prior Rule

25 30(b)(6) notice, in which MGA joined. Mattel further objects to Topic No. 77 on

26 the grounds that it calls for the disclosure of information protected by the attorney-

27 client privilege and work product doctrine.

28

EXHIBIT ___3___ PAGE __93__

1    78.    In addition to the general objections above, Mattel objects to In

2    addition to the general objections above, Mattel objects to Topic No. 78 as vague

3    and ambiguous, especially as to its use of the term "document management

4    systems." Mattel further objects to Topic No. 78 as overbroad, unduly burdensome,

5    harassing, and not reasonably calculated to lead to the discovery of admissible

6    evidence. Among other things, this Topic seeks information related to the many

7    computer systems owned by Mattel throughout the world over a ten-year period.

8    Mattel further objects to Topic No. 78 on the grounds that it fails to describe with

9    reasonable particularity the matters on which examination is requested. Mattel

10   further objects to this Topic as duplicative of Bryant's prior Rule 30(b)(6) notice, in

11   which MGA joined. Mattel further objects to Topic No. 78 on the grounds that it

12   calls for the disclosure of information protected by the attorney-client privilege and

13   work product doctrine. Mattel further objects to this Topic on the grounds that it is

14   premature in that it seeks to circumvent the expert disclosure provisions of the

15   Federal and Local Rules. Matters of expert testimony shall be disclosed at the time

16   and in the manner called for by the Rules and the Court's Orders.

17   79.    In addition to the general objections above, Mattel objects to In

18   addition to the general objections above, Mattel objects to Topic No. 79 as vague

19   and ambiguous, especially as to its use of the term "email systems." Mattel further

20   objects to Topic No. 79 as overbroad, unduly burdensome, harassing, and not

21   reasonably calculated to lead to the discovery of admissible evidence. Mattel

22   further objects to Topic No. 79 on the grounds that it fails to describe with

23   reasonable particularity the matters on which examination is requested, including in

24   that it fails to specify any of the potentially vast array of subjects relating to such

25   systems on which testimony is sought. Mattel further objects to this Topic as

26   duplicative of Bryant's prior Rule 30(b)(6) notice, in which MGA joined. Mattel

27   further objects to Topic No. 79 on the grounds that it calls for the disclosure of

28   information protected by the attorney-client privilege and work product doctrine.

1 | Mattel further objects to this Topic on the grounds that it is premature in that it seeks
2 | to circumvent the expert disclosure provisions of the <u>Federal</u> and <u>Local</u> <u>Rules</u>.
3 | Matters of expert testimony shall be disclosed at the time and in the manner called
4 | for by the <u>Rules</u> and the Court's Orders.
5 |     80.    In addition to the general objections above, Mattel objects to In
6 | addition to the general objections above, Mattel objects to Topic No. 80 as vague
7 | and ambiguous, overbroad, unduly burdensome, harassing, and not reasonably
8 | calculated to lead to the discovery of admissible evidence. Mattel further objects to
9 | Topic No. 80 on the grounds that it fails to describe with reasonable particularity the
10 | matters on which examination is requested, including in that it fails to specify any of
11 | the potentially vast array of subjects relating to instant messaging on which
12 | testimony is sought. Mattel further objects to this Topic as duplicative of Bryant's
13 | prior <u>Rule</u> 30(b)(6) notice, in which MGA joined. Mattel further objects to this
14 | Topic on the grounds that it is premature in that it seeks to circumvent the expert
15 | disclosure provisions of the <u>Federal</u> and <u>Local</u> <u>Rules</u>. Matters of expert testimony
16 | shall be disclosed at the time and in the manner called for by the <u>Rules</u> and the
17 | Court's Orders. Mattel further objects to Topic No. 80 on the grounds that it calls
18 | for the disclosure of information protected by the attorney-client privilege and work
19 | product doctrine.
20 |     81.    In addition to the general objections above, Mattel objects to In
21 | addition to the general objections above, Mattel objects to Topic No. 81 as vague
22 | and ambiguous, overbroad, unduly burdensome, harassing, and not reasonably
23 | calculated to lead to the discovery of admissible evidence. Among other things, this
24 | Topic seeks information related to the many computer systems owned by Mattel
25 | throughout the world over a ten-year period and includes systems that could have no
26 | conceivable relevance to this case. Mattel further objects to Topic No. 81 on the
27 | grounds that it fails to describe with reasonable particularity the matters on which
28 | examination is requested, including in that it fails to specify any of the potentially

1  vast array of subjects relating to "intranets" on which testimony is sought. Mattel

2  further objects to this Topic as duplicative of Bryant's prior Rule 30(b)(6) notice, in

3  which MGA joined. Mattel further objects to this Topic on the grounds that it is

4  premature in that it seeks to circumvent the expert disclosure provisions of the

5  Federal and Local Rules. Matters of expert testimony shall be disclosed at the time

6  and in the manner called for by the Rules and the Court's Orders. Mattel further

7  objects to Topic No. 81 on the grounds that it calls for the disclosure of information

8  protected by the attorney-client privilege and work product doctrine.

9       82.    In addition to the general objections above, Mattel objects to In

10  addition to the general objections above, Mattel objects to Topic No. 82 as vague

11  and ambiguous, especially as to its use of the term "archival systems and

12  procedures." Mattel further objects to Topic No. 82 as overbroad, unduly

13  burdensome, harassing, and not reasonably calculated to lead to the discovery of

14  admissible evidence. Among other things, this Topic seeks information related to

15  the many computer systems owned by Mattel throughout the world over a ten-year

16  period. Mattel further objects to Topic No. 82 on the grounds that it fails to describe

17  with reasonable particularity the matters on which examination is requested,

18  including in that it fails to specify which of the potentially vast array of aspects

19  "archival systems and procedures" testimony is sought on. Mattel further objects to

20  this Topic as duplicative of Bryant's prior Rule 30(b)(6) notice, in which MGA

21  joined. Mattel further objects to Topic No. 82 on the grounds that it calls for the

22  disclosure of information protected by the attorney-client privilege and work

23  product doctrine. Mattel further objects to this Topic on the grounds that it is

24  premature in that it seeks to circumvent the expert disclosure provisions of the

25  Federal and Local Rules. Matters of expert testimony shall be disclosed at the time

26  and in the manner called for by the Rules and the Court's Orders.

27       83.    In addition to the general objections above, Mattel objects to In

28  addition to the general objections above, Mattel objects to Topic No. 83 as vague

1  and ambiguous, especially as to its use of the term "backup procedures, inventories

2  and schedules." Mattel further objects to Topic No. 83 as overbroad, unduly

3  burdensome, harassing, and not reasonably calculated to lead to the discovery of

4  admissible evidence. Among other things, this Topic seeks information related to

5  backups for the thousands of computers and the many computer systems maintained

6  by Mattel throughout the world over a ten-year period. Mattel further objects to

7  Topic No. 83 on the grounds that it fails to describe with reasonable particularity the

8  matters on which examination is requested, including in that it fails to specify which

9  of the potentially vast array of aspects "archival systems and procedures" testimony

10  is sought on. Mattel further objects to this Topic as duplicative of Bryant's prior

11  Rule 30(b)(6) notice, in which MGA joined. Mattel further objects to Topic No. 83

12  on the grounds that it calls for the disclosure of information protected by the

13  attorney-client privilege and work product doctrine. Mattel further objects to this

14  Topic on the grounds that it is premature in that it seeks to circumvent the expert

15  disclosure provisions of the Federal and Local Rules. Matters of expert testimony

16  shall be disclosed at the time and in the manner called for by the Rules and the

17  Court's Orders.

18      84.    In addition to the general objections above, Mattel objects to In

19  addition to the general objections above, Mattel objects to Topic No. 84 as vague

20  and ambiguous, especially as to its use of the term "efforts to identify and preserve,"

21  and "potentially relevant to the claims and defenses in this ACTION." Mattel

22  further objects to Topic No. 84 as overbroad, unduly burdensome, harassing, and not

23  reasonably calculated to lead to the discovery of admissible evidence. Mattel

24  further objects to Topic No. 84 on the grounds that it fails to describe with

25  reasonable particularity the matters on which examination is requested. Mattel

26  further objects to Topic No. 84 on the grounds that it is duplicative of Topics

27  already designated by Bryant in previous notices of deposition pursuant to Rule

28  30(b)(6), in which MGA has joined, including Topic Nos. 33-35 from the notice

MATTEL'S OBJECTIONS TO MGA'S NOTICE OF 30(B)(6) DEPOSITION OF MATTEL

07209/2225076.1

EXHIBIT ___3___ PAGE ___97___

1  served on December 21, 2004.  Mattel further objects to this Topic as contrary to

2  and an effort to circumvent Judge Larson's findings and rulings on the propriety of

3  Mattel's preservation efforts in this case.  Mattel further objects to this Topic on the

4  grounds that it is premature in that it seeks to circumvent the expert disclosure

5  provisions of the Federal and Local Rules.  Matters of expert testimony shall be

6  disclosed at the time and in the manner called for by the Rules and the Court's

7  Orders.  Mattel further objects to Topic No. 84 on the grounds that it calls for the

8  disclosure of information protected by the attorney-client privilege and work

9  product doctrine.

10        85.    In addition to the general objections above, Mattel objects to Topic No.

11  85 as overbroad, unduly burdensome, and not reasonably calculated to lead to the

12  discovery of admissible evidence.  Among other things, this Topic purports to

13  require testimony on undefined "policies, practices, or procedures" over a ten-year

14  time period, regardless of the categories or subject matter of the documents

15  involved.  Mattel further objects to Topic No. 85 on the grounds that it fails to

16  describe with reasonable particularity the matters on which examination is

17  requested.  Mattel further objects to this Topic on the grounds that it is premature in

18  that it seeks to circumvent the expert disclosure provisions of the Federal and Local

19  Rules.  Matters of expert testimony shall be disclosed at the time and in the manner

20  called for by the Rules and the Court's Orders.  Mattel further objects to Topic No.

21  85 on the grounds that it calls for the disclosure of information protected by the

22  attorney-client privilege, work product doctrine and other privileges.  Mattel further

23  objects to Topic No. 85 on the grounds that it seeks confidential, proprietary and

24  trade secret information, including such information that has no bearing on the

25  claims or defenses in this case.

26        86.    In addition to the general objections above, Mattel objects to In

27  addition to the general objections above, Mattel objects to Topic No. 86 as vague,

28  ambiguous, and incomprehensible, especially as to its use of the term "including by

EXHIBIT ___3___ PAGE __98__

1  using research and dolls such as Holly Hobby."  Among other things, this Topic

2  purports to require testimony on any communications regarding 'BRATZ',

3  regardless of their relevance to this action.  Mattel further objects to Topic No. 86 as

4  overbroad, unduly burdensome, harassing, and not reasonably calculated to lead to

5  the discovery of admissible evidence.  Mattel further objects to Topic No. 86 on the

6  grounds that it fails to describe with reasonable particularity the matters on which

7  examination is requested.  Mattel further objects to Topic No. 86 on the grounds that

8  it is an attempt to circumvent the Discovery Master's prior Orders determining the

9  topic is irrelevant and/or an inappropriate and overbroad category of discovery.

10  Mattel further objects to this Topic on the grounds that it is premature in that it seeks

11  to circumvent the expert disclosure provisions of the <u>Federal</u> and <u>Local</u> <u>Rules</u>.

12  Matters of expert testimony shall be disclosed at the time and in the manner called

13  for by the <u>Rules</u> and the Court's Orders.  Mattel further objects to Topic No. 86 on

14  the grounds that it calls for the disclosure of information protected by the attorney-

15  client privilege, work product doctrine and other privileges.

16  DATED:  September 18, 2007          QUINN EMANUEL URQUHART OLIVER &
17                                                        HEDGES, LLP

18

19                                                 By  /s/ Michael T. Zeller
                                                       Michael T. Zeller
20                                                     Attorneys for Plaintiff and Cross-Defendant
                                                       Mattel, Inc.

21

22

23

24

25

26

27

28

-65-
MATTEL'S OBJECTIONS TO MGA'S NOTICE OF 30(B)(6) DEPOSITION OF MATTEL

EXHIBIT ___3___ PAGE __99__

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543.

On September 19, 2007, I served true copies of the following document(s) described as MATTEL, INC.'S OBJECTIONS TO MGA ENTERTAINMENT, INC.'S NOTICE OF DEPOSITION OF MATTEL, INC. PURSUANT TO FED. R. CIV. P. 30(B)(6) on the parties in this action as follows:

| | |
|---|---|
| Diana M. Torres, Esq. <br> O'Melveny & Myers <br> 400 So. Hope Street <br> Los Angeles, CA 90071 | Patricia Glaser, Esq. <br> Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP <br> 10250 Constellation Blvd., 19th Floor <br> Los Angeles, CA 90067 |
| | |
| | |

[√]   [PERSONAL] by personally delivering the document listed above to the person(s) at the address(es) set forth above.

[√]   [COPY BY EMAIL] by emailing the document listed above to the person(s) set forth above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 19, 2007, at Los Angeles, California.

/s/ Michael T. Zeller
Michael T. Zeller

07209/2225076.1

-66-

EXHIBIT __3__ PAGE __100__

**Exhibit 4**

RECEIVED

DEC 2 1 2004

1  ROBERT F. MILLMAN, Bar No. CA 062152
   DOUGLAS A. WICKHAM, Bar No. CA 127268
2  KEITH A. JACOBY, Bar No. 150233
   LITTLER MENDELSON
3  A Professional Corporation
   2049 Century Park East, 5th Floor
4  Los Angeles, CA 90067.3107
   Telephone: 310.553.0308
5  Facsimile: 310.553.5583

6  Attorneys for Defendant and Counter-Claimant
   CARTER BRYANT

7

8            UNITED STATES DISTRICT COURT

9            CENTRAL DISTRICT OF CALIFORNIA

10

11  MATTEL, INC., a Delaware          Case No. CV 04-9059 NM (RNBx)
    Corporation,
12                                    HON. NORA M. MANELLA
                  Plaintiff,
13                                    NOTICE OF DEPOSITION OF
         v.                           PLAINTIFF AND COUNTER-
14                                    DEFENDANT MATTEL, INC.
    CARTER BRYANT, an individual;
15  and DOES 1 through 10, inclusive, [F.R.C.P. 30(b)(6)]

16                Defendant.          Date:      January 20, 2005
                                      Time:      9:30 a.m.
17                                    Place:     Littler Mendelson, PC
                                                 2049 Century Park East
18  _____                Suite 500, Los Angeles
                                                 California 90067
19  CARTER BRYANT, on behalf of
    himself, all present and former
20  employees of Mattel, Inc., and the
    general public,
21
                  Counter-Claimant,
22
         v.
23
    MATTEL, INC., a Delaware
24  Corporation,

25                Counter-Defendant.

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

EXHIBIT __4__ PAGE _101_

**TO  PLAINTIFF MATTEL INC. AND ITS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant and Counter-Claimant Carter Bryant ("Bryant") in the above-captioned matter shall take the deposition of the Person(s) Most Knowledgeable from Plaintiff and Counter-Defendant Mattel, Inc. ("Plaintiff" or "Mattel") at the offices of Littler Mendelson, 2049 Century Park East, Fifth Floor, Los Angeles, California 90067, beginning at 9:30 a.m. on  January 20, 2005.  The deposition shall continue from day to day excluding Saturdays, Sundays and holidays, until completed.  The deposition will be taken before an officer or other person duly authorized to administer oaths and shall be recorded by stenographic, sound and visual (videotape), and real-time transcription means.

Pursuant to Rule 30(b)(6), the deponent is directed to designate one or more officers, directors, managing agents or other individuals able to fully and completely testify on its behalf concerning the matters listed in Exhibit "A" attached hereto.

Dated: December 21, 2004

Respectfully submitted,

ROBERT F. MILLMAN
DOUGLAS A. WICKHAM
KEITH A. JACOBY

DOUGLAS A. WICKHAM
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
and Counter-Claimant
CARTER BRYANT

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

1.

EXHIBIT ___4___ PAGE ___102___

**EXHIBIT A**

EXHIBIT _4_ PAGE _103_

## EXHIBIT A

### Definitions

1.    "You," "Your" and "Mattel" refer to Plaintiff Mattel, Inc. and its officers, directors, agents, employees and all individuals acting under its direction or control or on its behalf.

2.    "Complaint" means the complaint filed by Mattel against Bryant in the Superior Court of the State of California for the County of Los Angeles dated April 27, 2004.

3.    "Communication" means any oral or written transmittal or receipt of words or information, by whatever manner or means, and regardless of how or by whom the communication was initiated and shall include any contact between two or more persons, including but not limited to written contact by such means as letter, memorandum, telegram, telex, email, facsimile or any Document, and oral contact by such means as face-to-face meeting or telephone.

4.    "Concerning" means relating to, referring to, describing, discussing, mentioning, evidencing, or constituting.

5.    "Contract" and/or "Agreement" mean the contract or agreement itself, and any drafts thereof, together with all schedules, exhibits, attachments or addenda thereto and any amendments of the foregoing.

6.    "Document(s)" means all "WRITINGS" and "RECORDINGS," including, but not limited to, writings and records of every type and description including, but not limited to, notes (including notes made contemporaneously with meetings or conversations or thereafter), books, records, letters, telegrams, memoranda, electronic mail messages (including electronic mail messages stored on network or individual servers, hard drives, back up tapes or other storage media, collectively referred to as "e-mail"), reports, studies, speeches, calendars or diary entries, tabulations, data compilations, drawings, designs, sketches, paintings, artwork, graphs, charts, photographs, computer disks, backup tapes and diskettes and

2.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

EXHIBIT _____4_____ PAGE _____104____

1  other data compilations from which information can be obtained or tabulated through

2  detection devices into reasonably usable forms. "Document" also includes

3  reproductions or film impressions of any of the aforementioned documents, tape

4  recordings and copies of documents, which are not identical duplicates of the originals

5  and copies of all documents of which the originals are not in the possession, custody

6  or control of Mattel.

7       7.   "Relate To" and "Relating To" mean in any way directly or

8  indirectly, concerning, referring to, pertaining to, mentioning, discussing, describing,

9  disclosing, confirming, supporting, evidencing, representing, or being connected with

10  a stated subject matter or any aspect thereof.

11       8.   "And" and "Or" mean either the conjunctive or the disjunctive as context

12  may require so that the meaning of the term is inclusive rather than exclusive.

13       9.   "Person" or "Persons" means any or all entities including, without

14  limitation, any or all individuals, single proprietorships, associations, companies,

15  firms, partnerships, joint ventures, corporations, employees or former employees, or

16  any other business, governmental or labor entity, and any division, departments or

17  other units thereof.

18       10.   "MGA" means and refers to MGA Entertainment, Inc., formerly known

19  as ABC International Traders, Inc. dba MGA Entertainment and Micro Games of

20  America, Inc., and each of its officers, directors, agents, and employees or any other

21  person acting on its behalf.

22       11.   "Bryant" means and refers to Defendant Carter Bryant and each of his

23  agents, employees or any other person acting on his behalf.

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

EXHIBIT ____4____ PAGE ___105___

## DESIGNATED SUBJECTS OF TESTIMONY AT PERSONS MOST
## KNOWLEDGEABLE DEPOSITION

1.      Mattel's policies, procedures and practices in effect or use, at any time from January 1, 1998 to the present, regarding Document retention, deletion and destruction (including with respect to electronic documents and e-mail), including without limitation, e-mail backup policies, procedures and practices in effect or use; location of saved or backed-up e-mails, procedures for accessing saved or backed-up e-mails; policies, procedures and practices in effect or use regarding deletion of e-mails; and policies, procedures and practices in effect or use regarding retention of e-mails.

2.      All hardware and software used by Mattel at any time from January 1, 1998 to the present for Mattel's e-mail systems including, without limitation, all on-site and off-site back-up computer systems and files, exchange servers and computer storage space.

3.      The ability of Mattel to retrieve e-mail messages from any server, disk, drive, archive disk, tape, server or drive, storage disk, tape server or drive, individual computer hard drive, or any hard drive or server networked to any Mattel computer network, at any time from January 1, 1998 to the present.

4.      Mattel's policies, procedures and practices in effect or use, at any time from January 1, 1998 to the present, regarding Document retention, deletion or destruction (including with respect to e-mails and other electronic documents) when Mattel is aware of a potential claim or lawsuit in which it may be involved.

5.      Mattel's policies, procedures and practices in effect or use, at any time from January 1, 1998 to the present, regarding Document retention, deletion or destruction (including with respect to e-mails and other electronic documents) after Mattel began considering or analyzing any potential claim or lawsuit against MGA or Bryant regarding "Bratz" or other claim of any nature.

6.      Mattel's policies, procedures and practices in effect or use, at any time

4.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

EXHIBIT ____4____ PAGE __106__

1    from January 1, 1998 to the present, regarding Document retention, deletion or

2    destruction (including with respect to e-mails and other electronic documents) after

3    Mattel began investigating facts pertaining to Bryant's involvement with MGA or

4    "Bratz" or any claim of any nature, actual or potential, against Bryant.

5         7.     Mattel's policies, procedures and practices in effect or use, at any time

6    from January 1, 1998 to the present, regarding Document retention, deletion or

7    destruction  including with respect to e-mails and other electronic documents) after

8    Mattel began investigating facts pertaining to the relationship, if any, between

9    Bryant's involvement with MGA or "Bratz" and work or projects that Bryant may

10    have seen during his employment with Mattel.

11         8.     Files (including human resources and legal files and files kept or

12    maintained at business locations and personal residences), locations, offices,

13    computers (including business, lap top and residence computers), warehouses, records

14    centers, file rooms, archives, servers, storage facilities, back up or storage tapes, and

15    any and other method and/or location for maintaining or storing Documents that were

16    searched or reviewed by Mattel when searching for Documents responsive to Bryant's

17    Request For Identification And Production Of Documents And Tangible Things (Set

18    One, federal court) including, without limitation, all efforts made and steps undertaken

19    when searching for and producing Documents in a tangible, electronic, magnetic or

20    any other form.

21         9.     Files (including human resources and legal files and files kept or

22    maintained at business locations and personal residences), locations, offices,

23    computers (including business, lap top and residence computers), warehouses,

24    records centers, file rooms, archives, servers, storage facilities, back up or storage

25    tapes, and any and other method and/or location for maintaining or storing

26    Documents that were searched or reviewed by Mattel when searching for Documents

27    responsive to Defendant Carter Bryant's First Request For Production Of Documents

28    And Tangible Things Propounded To Plaintiff Mattel, Inc. (Set One, state court)

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

5.

EXHIBIT ___4___ PAGE __10 7__

1   including, without limitation, all efforts made and steps undertaken when searching

2   for and producing Documents in a tangible, electronic, magnetic or any other form.

3

4

5

6

7   Los_Angeles:388365.1 028307.1010

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

6.

EXHIBIT ____4____ PAGE __108__

## PROOF OF SERVICE BY MESSENGER

I am employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is Allstar Messenger Service, 345 South Figueroa Street, Suite 305, Los Angeles, California 90071. On December 21, 2004, I personally served:

### NOTICE OF DEPOSITION OF PLAINTIFF AND COUNTER DEFENDANT MATTEL, INC.

by delivering copies thereof to:

| | |
|---|---|
| Michael T. Zeller, Esq.<br>Quinn Emanuel Urquhart Oliver &<br>Hedges LLP<br>865 S. Figueroa Street, 10th Floor<br>Los Angeles, CA 90017 | Diana M. Torres, Esq.<br>O'Melveny & Myers LLP<br>400 S. Hope Street, 10th Floor<br>Los Angeles, CA 90071 |

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on December 21, 2004, at Los Angeles, California.

_Marcus Rob_
_MARCUS ROBINSON_

Los_Angeles:388357.1 028307.1010

PROOF OF SERVICE

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

EXHIBIT ___4___ PAGE __109__

**Exhibit 5**

1    Hon. Edward A. Infante (Ret.)
     JAMS
2    Two Embarcadero Center
     Suite 1500
3    San Francisco, California 94111
     Telephone:    (415) 774-2611
4    Facsimile:    (415) 982-5287

5

6

7                           UNITED STATES DISTRICT COURT

8                          CENTRAL DISTRICT OF CALIFORNIA

9                                  EASTERN DIVISION

10

11   CARTER BRYANT, an individual,          CASE NO. C 04-09049 SGL (RNBx)
                                            JAMS Reference No. 1100049530
12              Plaintiff,

13         v.                               Consolidated with
                                            Case No. CV 04-09059
14   MATTEL, INC., a Delaware corporation,  Case No. CV 05-2727

15              Defendant.                  **ORDER GRANTING IN PART AND
                                            DENYING IN PART MGA'S MOTION
16                                          TO COMPEL DOCUMENTS
                                            RESPONSIVE TO FIRST SET OF
17                                          REQUESTS FOR PRODUCTION OF
                                            DOCUMENTS DATED NOVEMBER
18   CONSOLIDATED WITH                      22, 2006**
     MATTEL, INC. v. BRYANT and
19   MGA ENTERTAINMENT, INC. v. MATTEL,
     INC.
20                                                  I. INTRODUCTION

21          On April 13, 2007, MGA Entertainment, Inc. ("MGA") submitted a motion to compel

22   Mattel, Inc. ("Mattel") to produce documents responsive to MGA's First Set of Requests for

23   Production of Documents dated November 22, 2006 (the "requests"), which generally seeks

24   documents that MGA contends are relevant to its Lanham Act and unfair competition claims.  On

25   April 25, 2007, Mattel submitted its opposition brief, and on May 2, 2007, MGA submitted a

26   reply brief.  The matter was heard via telephonic conference on May 11, 2007.  Having

27

28
     Bryant v. Mattel, Inc.,                                                          1
     CV-04-09049 SGL (RNBx)

EXHIBIT ___5___ PAGE __110__

1   considered the motion papers and comments of counsel at the hearing, MGA's motion to compel

2   is granted in part and denied in part.

## II. BACKGROUND

4   There are two themes underlying MGA's claims for unfair competition against Mattel.

5   First, MGA alleges that Mattel has intentionally "serially imitated and copy-catted the look of

6   MGA products, trade dress, trademarks, themes, ideas, advertising and packaging, including for

7   the 'Bratz' line of dolls," to dilute MGA's brand, create customer confusion, and unfairly stifle

8   competition.  MGA's Complaint at ¶¶9, 65.  Second, MGA alleges, on information and belief,

9   that "Mattel has intimidated, coerced and threatened retailers, licensees, suppliers and others in

10  the industry – both in the U.S. and internationally – in order to inhibit and stifle MGA's ability to

11  compete with Mattel and to prevent MGA from obtaining licensees, contracts and supplies for its

12  products." Id. at ¶9.

### The Alleged Copy-catting

14  Mattel's alleged serial copycatting "began with the 'Bratz' dolls themselves, but quickly

15  extended to MGA's packaging, themes, accessories, advertising and even other product lines."

16  Id. at ¶33.  Mattel allegedly "designed its 'My Scene' dolls to evoke the unique and distinctive

17  look of the 'Bratz' – also with disproportionately oversized heads, artfully made-up almond-

18  shaped eyes, large, overly-lined and lipsticked lips, trendy, hip clothes and hair styles, and over-

19  sized feet." Id. at ¶34.  Mattel also allegedly "systematically proceeded to modify the 'My Scene'

20  dolls since their original release, particularly their eyes, to increase their similarity to 'Bratz' more

21  and more over time." Id.

22  Further, Mattel allegedly "modified its 'My Scene' packaging, and the manner in which

23  the dolls are displayed, to more closely mimic the packaging, trade-dress and overall look and

24  total image of MGA's 'Bratz.'" Id. at ¶41.  For example, Mattel allegedly changed its packaging

25  "to the open and transparent style of the 'Bratz' packaging." Id. at ¶43.  Mattel also allegedly

26  hung its packaging and product display to "look even more closely and confusingly similar to

27

28

1  MGA's packaging and '*tout ensemble*.'" Id. at ¶45. Mattel also allegedly "discarded its
2  traditional rectangular shaped box, and like 'Bratz', adopted an unusual, non-rectangular shaped
3  box." Id. at ¶46. Mattel also allegedly "adopted the 'flying banner' ribbon-style slogan running
4  across the middle of the box, similar to that used on the 'Bratz' packaging." Id.
5      In addition to the packaging changes, Mattel allegedly copied "MGA's practice of
6  regularly releasing new dolls in connection with a theme – but not just any theme, often MGA's
7  theme." Id. at ¶47. For example, when MGA released its "Wintertime Wonderland" theme,
8  Mattel allegedly released "Chillin Out." Id. at ¶48. Mattel also allegedly imitated Bratz
9  accessories and related products in order to create consumer confusion in the marketplace. Id. at
10 ¶52. Further, Mattel allegedly "began running television commercials for its 'My Scene' dolls
11 bearing a remarkable similarity to 'Bratz' commercials, combining live action with animated
12 sequences set to similar sounding pop music and lyrics." Id. at ¶51. MGA alleges that Mattel's
13 conduct described above "is a calculated and intentional effort unquestionably designed to trade
14 off of MGA's hard work and goodwill, create confusion in the marketplace, steal MGA's thunder
15 and momentum, and dilute and blur away the novelty and distinctiveness of MGA's products."
16 Id. at ¶54.
17     Further, MGA alleges that when it "came out with a 'Bratz' 'Funky Fashion Makeover
18 Head,' Mattel came out with a confusingly similar – indeed, practically identical – 'My Scene'
19 styling head." Id. at ¶55. Mattel also allegedly "used a portion of the Bratz doll's now-famous
20 trademarked tag line 'The Girls With a Passion for Fashion' on Mattel's website for its 'Diva
21 Starz' dolls, asking its website users: 'Do you have a passion for fashion?'" Id. at ¶58.
22     MGA also alleges that Mattel recently came out with a confusingly similar line of "My
23 Scene" plush pets that have the distinctive look of MGA's "Bratz" line. Id. at ¶59. In addition,
24 Mattel allegedly "chose to package its pets the same way that MGA packaged its 'Bratz Petz',
25 sitting in an open box, with no top and with partial side panels that slope from a narrow front
26 panel to a higher back panel." Id. at ¶60. MGA alleges that the similarity of the "My Scene" pets
27
28

1  and the "Bratz Petz" has confused sophisticated retailers who have mistakenly merchandised the

2  products together. Id. at ¶61.

3        MGA alleges that Mattel's television commercials and "My Scene" products have become

4  so confusingly similar to MGA's commercials and products that advertising executives have

5  expressed concern. Id. at ¶62. MGA also alleges that the press has taken notice of Mattel's

6  alleged attempts to confuse consumers. Id. at ¶63. Further, MGA alleges that some customers

7  have contacted MGA seeking to purchase "My Scene" dolls. Id. at ¶64.

8        MGA alleges that Mattel's conduct has reached beyond "Bratz" to include other new

9  MGA toy lines. Id. at ¶67. For example, Mattel allegedly modeled its "Wee 3 Friends" line of

10 dolls and packaging on MGA's "4-Ever Best Friends" line. Id. at ¶68. Mattel also allegedly

11 modeled its "Little Mommy Potty Training Baby Doll" on MGA's "Mommy's Little Patient." Id.

12 at ¶69. Mattel also allegedly revamped and renamed one of its "Hot Wheels" lines with the

13 "AcceleRacerS" logo based upon MGA's "AlienRacers" radio controlled racing vehicles. Id. at

14 ¶70.

15                     Additional Allegedly Anti-Competitive Conduct

16       MGA alleges that Mattel has engaged in additional allegedly anti-competitive conduct,

17 including "sending threatening letters to several of its former employees who now work for MGA

18 warning them not to disclose *even publicly available information* about Mattel, including the

19 names and positions of Mattel employees." Id. at ¶75 (emphasis in original). Mattel has also

20 allegedly "warned a number of companies, including the biggest publishing entity in the United

21 Kingdom, not to license MGA products, or risk retribution." Id. at ¶76. MGA alleges that it has

22 lost valuable licensing opportunities as a result of Mattel's conduct. Id.

23       MGA also alleges that "Mattel has used similar intimidation to pressure distributors and

24 retailers, particularly in foreign countries, not to distribute 'Bratz', to reduce shelf and display

25 space for 'Bratz' and to place 'Bratz' in unfavorable locations at retail outlets." Id. at ¶77. MGA

26 further alleges that "[w]hen MGA faced a shortage of doll hair in October 2002, MGA is

27

28

1   informed and believes that the reason for that shortage was that Mattel had locked MGA out by

2   buying up the supply from the two main hair supply companies." Id. at ¶78.

3         MGA also alleges that Mattel manipulated the retail market.  More specifically, MGA

4   alleges that "Mattel merchandisers have been caught tampering with MGA's retail displays,

5   replacing favorably located MGA merchandise with Mattel merchandise instead." Id. at ¶79.

6   MGA further alleges on information and belief that "Mattel has falsely told a major United States

7   retailer that MGA was giving another major United States retailer below-market pricing and

8   falsely told a United Kingdom retailer that MGA was discontinuing one of its lines, in order to

9   make such line less attractive to buyers and thereby attempt to increase sales of the competitive

10   Mattel product and improve its own sales, at MGA's expense." Id.

11         Next MGA alleges on information and belief that NPD Funworld ("NPD"), the leading

12   supplier of sales statistics in the toy industry, terminated MGA's subscription ostensibly for

13   misusing NPD data and that "the termination was the result of pressure from Mattel." Id. at ¶¶80-

14   85.  MGA also alleges on information and belief that Mattel pressured NPD into changing certain

15   product classifications for "Bratz" products to manipulate the data and preserve Mattel's market

16   share rankings in the "fashion doll" category. Id. at ¶86.

17         MGA further alleges on information and belief that Mattel used its influence as a major

18   contributor to the Children's Advertising Review Unit ("CARU"), which is a unit of the Council

19   of Better Business Bureaus, to "place onerous restrictions on MGA advertisements, and require

20   MGA to amend aspects of commercials that have gone unchallenged in other parties'

21   commercials." Id. at ¶89.  As a result of CARU's restrictions, MGA allegedly incurred

22   unnecessary costs for reshooting and producing or re-editing its commercials. Id. at ¶90.

23         MGA also alleges on information and belief that Mattel's subsidiary, Fisher Price,

24   "orchestrated" a change to the selection process for TIA's "Toy-of-the-Year Awards," which

25   allegedly resulted in a Fisher Price toy beating out "BRATZ Formal Funk Super Stylin' Runway

26   Disco." Id. at ¶¶92-96.  MGA·also alleges on information and belief that one year "Mattel was

27

28

1    instrumental in attempting to keep MGA from participating as a sponsor in the 'Kids' Choice

2    Awards.'" Id. at ¶97.

3         As a result of Mattel's alleged conduct described above, MGA has allegedly suffered, and

4    unless abated, will continue to suffer lost sales, lost licensing fees, lost contracts, lost

5    relationships, lost business opportunities and other damages. Id. at ¶100.  MGA also alleges that

6    its ability to enter new markets and product lines has been hampered and delayed.  Id.

7    Furthermore, MGA alleges that "[i]ts production costs have increased, its reputation and

8    relationships with important players in the industry have been negatively impacted, the value of

9    its business has been diminished, and its ability to attract, hire and retain employees has been

10   affected." Id.  Based upon the foregoing, MGA asserts claims for (1) false designation of origin

11   or affiliation in violation of 15 U.S.C. §1125(a); (2) unfair competition in violation of 15 U.S.C.

12   §1125(a) and unfair competition and unfair business practices in violation of Cal. Bus. & Prof.

13   Code §17200 et seq. and California common law; (3) dilution in violation of 15 U.S.C. §1125(c),

14   Cal. Bus. & Prof. Code §14330 and California common law; and (4) unjust enrichment.

15                  <u>MGA's First Set of Requests for Production of Documents</u>

16        On November 22, 2006, MGA propounded one hundred fifteen (115) document requests

17   seeking discovery regarding, among other things:  (a) Mattel's alleged copycatting efforts and

18   activities with respect to Bratz and other MGA product lines; (b) anti-competitive business

19   practices allegedly carried out by Mattel; and (c) any similar or related activities.  In response,

20   Mattel objected to many requests primarily on the grounds that they were overly broad and

21   unduly burdensome.  Mattel agreed, however, to produce documents responsive to many of the

22   requests.

23        The parties met and conferred in person on March 9, 2007.  MGA's counsel demanded

24   that Mattel withdraw all objections based on relevance.  Alger Decl. in Support of Mattel's

25   Opposition at ¶7.  Mattel's counsel responded that Mattel was producing responsive documents

26   and would continue to produce responsive documents, but had concerns over the "lack of focus

27

28

EXHIBIT ___5___ PAGE ___115___

1   and infinite scope" of MGA's document requests. Id. Mattel's counsel suggested that MGA

2   narrow the requests to "those products, retailers, licensees, and time frames that MGA has put at

3   issue in its Complaint and response to interrogatories." Id. MGA's counsel, however, rejected

4   the proposal. Id.

5          A few days later, counsel for MGA sent Mattel's counsel a letter offering several

6   suggestions for limiting the requests. Glad Decl. in Support of MGA's Motion, Ex. 1. In

7   particular, MGA stated that "it would be amenable to certain limitations on the number and

8   identities of custodians whose files must be searched, so long as Mattel is willing to accept

9   reciprocal accommodations for MGA's own document review." Id. Mattel did not respond to the

10  letter, and the instant motion ensued.

11                                  III. STANDARDS

12         Rule 26 of the Federal Rules of Civil Procedure provides that "[p]arties may obtain

13  discovery regarding any matter, not privileged, that is relevant to the claim or defense of any

14  party." Fed.R.Civ.P. 26(b)(1). Fishing expeditions to discover new claims, however, are not

15  permitted. See Fed.R.Civ.P. 26(b)(1); Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir.

16  2004) ("District courts need not condone the use of discovery to engage in 'fishing

17  expeditions.'"); Bernstein v. Travelers Ins. Co., 447 F.Supp.2d 1100, 1102 (N.D. Cal. 2006)

18  (citing Rule 26(b), Advisory Committee's Note to Amendments Effective December 1, 2000)

19  (Congress' changes in the language of Rule 26(c), substituting the words "claim or defense" for

20  the phrase "subject matter involved in the pending action," were intended to target discovery that

21  swept far beyond the claims and defenses of the parties and that seemed designed not to fairly

22  litigate the issues presented by the pleadings but to develop new claims or defenses.). Further,

23  pursuant to Rule 26(b)(2), Fed.R.Civ.P., the court shall limit discovery where "the burden or

24  expense of the proposed discovery outweighs its likely benefit, taking into account the needs of

25  the case, the amount in controversy, the parties' resources, the importance of the issues at stake in

26  the litigation, and the importance of the proposed discovery in resolving the issues."

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT ___5___ PAGE ___116___          7

# IV. DISCUSSION

A. General Objections

MGA contends that Mattel has improperly withheld documents based on three generalized objections.  First, MGA contends that Mattel has asserted an objection based upon relevance to requests that are not related to facts specifically alleged in MGA's complaint.  MGA contends the objection is improper because it essentially grafts a heightened pleading standard onto discovery requests, is inconsistent with the standard for discovery set forth in Rule 26(b), Fed.R.Civ.P., and goes against the very purpose of discovery.  MGA denies "fishing" for new claims, contending that it is seeking discovery tending to support or refute existing claims.

Second, MGA contends that Mattel has improperly refused to produce "documents related to MGA's BRATZ dolls unless the documents are 'in the context' of Mattel's BARBIE or MY SCENE products."  MGA's Motion at 9:10-11.  MGA contends that all of the documents related to Bratz that it seeks are relevant, regardless of whether they refer to or contemplate Barbie or My Scene.  In particular, MGA contends that documents related to Bratz, even if they do not refer to Barbie or My Scene, are relevant to its claims that (1) Mattel has exerted pressure on licensees not to license Bratz products; (2) Mattel has exerted pressure on retailers or distributors not to distribute Bratz products; (3) Mattel has tampered with Bratz displays; and (4) Mattel intentionally copied Bratz products.

Third, MGA contends that Mattel has improperly limited its production of My Scene documents to only those documents related to the specific acts of product and packaging infringement identified in MGA's complaint.  MGA contends that it is entitled to far more, including documents concerning potential acts of infringement not mentioned in the complaint and documents concerning the development of the My Scene product line from inception of this suit to the present.  In particular, MGA contends that documents concerning the current development of My Scene may tend to show continuing infringement, and therefore are relevant to prove that Mattel's conduct is willful.

1    Mattel contends that it has produced documents in response to many of MGA's requests,

2    and will continue to do so. Mattel objects, however, to those requests that require Mattel to

3    produce virtually every document, anywhere in the world, that mentions MGA, Larian, Bratz, or

4    any other MGA product. Mattel contends that MGA is engaging in an improper fishing

5    expedition, casting its requests so broadly as to require production of documents relating to

6    products and entire product lines that are irrelevant to the suit. Mattel also contends that the

7    requests are overbroad because they seek documents about subjects such as quality and pricing

8    which do not appear anywhere in MGA's pleadings. Id. Furthermore, Mattel contends that

9    MGA's requests are not linked in any manner to MGA's claims in the suit and do not reference

10    any particular alleged wrongdoing by Mattel.

11    Mattel also contends that responding to MGA's document requests would impose a

12    considerable, unjustifiable burden on Mattel. Mattel emphasizes that it is a large company, with

13    over 140 subsidiaries and affiliates in approximately 43 different countries. Mattel represents that

14    it has over 5,000 employees in the United States and more than 25,000 employees at subsidiaries

15    and affiliates worldwide.

16    Mattel also represents that its products are sold in thousands of stores. It represents that it

17    deals with Wal-Mart, Target, K-Mart, and Toys "R" Us on a daily basis, and that these four

18    retailers have more than 4,500 stores in the United States. Mattel also represents that it deals with

19    many hundreds more retailers domestically and overseas. Further, Mattel represents that it has

20    relationships with more than 1,400 licensees and licensors.

21    Mattel also represents that the toys it produces vary widely, including collectible card

22    games, electronic handheld devices, toy cars, and the Barbie doll line. Mattel asserts that it

23    introduces annually more than 2,000 different types of toys, dolls and other products in more than

24    150 nations throughout the world. Mattel asserts that many products often involve the creation of

25    many categories of documents relating to design, marketing, consumer and market research,

26    planning, engineering, cost, manufacturing, distribution, sales and finance. Mattel represents that

27

28

1  these types of documents are stored on Mattel's over 800 computer servers worldwide, and that

2  countless others are stored in hardcopy or stored on individual employees' desktop computers and

3  laptops.  Furthermore, Mattel represents that many of its network systems, including its e-mail

4  system, are not readily searchable, or searchable at all, by use of keyword terms.  For example,

5  Mattel asserts that the computer system used by Mattel's designers and engineers overwhelmingly

6  consists of graphical files whose content cannot be searched by keywords.

7      Mattel estimates that MGA and its products are referenced in millions of pages of

8  documents and computer files at Mattel.  More specifically, Mattel contends that many groups

9  across Mattel, such as marketing, consumer research, sales, finance, human resources and safety

10  testing, have documents that refer or relate to MGA or its products in some way.  Mattel also

11  contends that a large volume of this information is from third party analysts and third party

12  sources, including retail sales reports that track doll sales across the entire industry, newspaper

13  and magazine articles, commercials and advertisements.  Mattel also represents that it collects

14  great quantities of documents about its competitors that are readily available on the Internet or

15  other public sources, including catalogs, advertising, press releases, and media reports, and from

16  retailers and distributors throughout the world.

17      Furthermore, Mattel represents that its documents, particularly its marketing and sales

18  research documents, often reference many competing products, not just the Bratz dolls at issue.

19  Mattel contends that these types of documents would be difficult to search and collect because, in

20  many instances, the only way to determine whether a particular document mentions Bratz would

21  be to review the entire document.

22      Mattel contends that virtually any employee at Mattel might have documents that are

23  responsive to MGA's requests.  Mattel estimates that "to locate all such documents would take

24  years, cost millions of dollars, and seriously interfere with the operation of Mattel's business."

25  Mattel's Opposition at 17.  Matter also asserts that "[s]uch efforts – including search of Mattel's

26  servers, its employees' computer workstations, hard copy files, computer disks, and video files –

27

28

1   would be in addition to the cost of attorney review of the materials before they are produced in

2   litigation." Id. Mattel also contends that the burden and expense of production is multiplied

3   several times further if Mattel is required to search the files in the possession of its worldwide

4   subsidiaries.

5       Mattel contends that even if the search for responsive documents could be accomplished,

6   the resulting document production would provide MGA with countless documents with little or

7   no relevance. For example, Mattel anticipates that many documents would be discussions of the

8   competition in the context of irrelevant dolls, such as any number of mainline Barbie dolls.

9   Mattel contends that other documents would simply be third party market reports which are

10  equally available to MGA from public sources. Accordingly, Mattel requests that the motion be

11  denied in full.

12      In its reply, MGA counters that the requests are not unduly burdensome. MGA contends

13  that contrary to Mattel's assertions, the requests are factually self-limited, containing restrictive

14  language and defining the outer parameters for the documents sought. Furthermore, MGA

15  contends that it told Mattel that it would be amenable to certain limitations on the number and

16  identities of custodians whose files must be searched, so long as Mattel was amenable to

17  reciprocal accommodations for MGA's own document review. MGA contends that, at a

18  minimum, Mattel should be required to search the physical and electronic files of its employees.

19  MGA contends that Mattel should not be released wholesale from its discovery obligations based

20  on a purported burden, particularly when it failed to work with MGA in good faith to mitigate that

21  burden.

22      Lastly, MGA argues that any burden to Mattel is outweighed by the benefit to be secured

23  from the discovery. MGA contends that it "realistically has no other way of obtaining documents

24  tending to support its claims that Mattel engaged in a pattern of conduct with suppliers,

25  distributors, licensees and others constituting unfair competition except from Mattel." MGA's

26

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT ___5___ PAGE _132_

11

1   Reply at 10. Therefore, MGA believes that the benefits of the discovery it seeks are

2   immeasurable and that in contrast, the burden to Mattel is not unreasonable.[1]

3   <u>B. Document Requests</u>

4         In addition to the three general objections described above, Mattel has asserted other

5   objections to certain categories of document requests which MGA contends are improper. The

6   general objections stated above, as well as the additional objections asserted by Mattel, are

7   reviewed herein in the context of the nine categories of document requests at issue.

8                         <u>1. Document Request Nos. 32-33, 61</u>

9         Request nos. 32, 33 and 61 seek production of communications with sales personnel,

10   merchandisers and retailers relating to alteration of displays or retail spacing of MGA products

11   other than Bratz. MGA contends that the documents it seeks are relevant to the allegation in

12   paragraph 79 of its complaint that "Mattel merchandisers have been caught tampering with

13   MGA's displays, replacing favorably located MGA merchandise with Mattel merchandise

14   instead." In its reply brief, MGA clarifies that it "seeks information tending to show that at any

15   time after June 2001, Mattel sales personnel tampered with, or directed others to tamper with,

16   MGA's in-store displays." MGA's Reply at 8.

17         During the meet and confer process, Mattel agreed to produce documents responsive to

18   request nos. 32-33 and 61 insofar as they related to displays, retail spacing, or shelf space for

19   Bratz, but refused to produce responsive documents relating to any other MGA products. Glad

20   Decl. in Support of MGA's Motion, Ex. 1. Mattel contends that request nos. 32 and 33 are

21   overbroad and unduly burdensome insofar as they require production of communications relating

22   to displays, retail spacing, or shelf-space for any other MGA products. Mattel views the requests

23   as a directive to "go out and find, review and produce essentially all of its retailer

24

25       [1] In a footnote, MGA mentions that Mattel has also withheld documents relating to conduct occurring

26   outside of the United States, and that this issue will be addressed in a separate motion. MGA's Motion at 10, n. 29. Nothing in this Order is intended in any way to permit or foreclose discovery relating to conduct occurring outside of

27   the United States.

28

1  communications about any 'change' in any 'display' or any 'retail spacing' for any MGA

2  product." Mattel's Opposition at 10.  Mattel contends that MGA, not Mattel, should bear the

3  burden of identifying specific incidents of alleged tampering, and thereafter Mattel will attempt to

4  find and produce pertinent documents relating to those incidents.  Id.

5        Mattel also contends that request no. 61 is overbroad and amounts to an improper fishing

6  expedition, seeking virtually all documents that mention MGA, Larian, Bratz, or any other MGA

7  product, whether or not they have anything to do with anything placed at issue by MGA.  Mattel's

8  Opposition at 7-8.  Mattel also contends that the request has no linkage to any possible consumer

9  confusion between Bratz and My Scene or between the other products mentioned in MGA's

10  complaint or MGA's responses to Mattel's contention interrogatories.  Id. at 8.

11        Request nos. 32, 33, and 61 seek documents relevant to MGA's allegation that "Mattel

12  merchandisers have been caught tampering with MGA's displays, replacing favorably located

13  MGA merchandise with Mattel merchandise instead."  MGA's allegation of tampering is broader

14  than just Bratz products, and therefore, Mattel's objection to producing responsive documents for

15  MGA products other than the Bratz line is overruled.

16        Further, the requests are not unduly burdensome.  Request nos. 32 and 33 are limited to

17  communications between Mattel and its sales personnel and merchandisers relating to alterations

18  of display or retail spacing for MGA products, and therefore do not require Mattel to search for

19  documents from every single one of its employees.  Request no. 61 is also reasonably tailored to

20  seek relevant information, requiring production of communications between Mattel and any

21  retailer, sales person or merchandiser referring or relating to the allocation of shelf space, altering

22  of retail displays, or placement of Bratz in retail stores, including but not limited to

23  communications concerning the placement of "Bratz" relative to My Scene.  Contrary to Mattel's

24  assertion, request no. 61 does not require Mattel to search for virtually all documents that mention

25  MGA, Larian, Bratz, or any other MGA product, whether or not they have anything to do with

26  anything placed at issue by MGA.  Instead request no. 61 is clearly limited to a defined category

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SOL (RNBx)

EXHIBIT _____5_____ PAGE _/22_

13

1 | of communications with certain individuals and/or entities regarding a defined subject matter.  In

2 | addition, MGA indicates in its reply brief that it seeks documents and communications from June

3 | 2001 forward.  With this temporal limitation, MGA's motion is granted as to request nos. 32, 33

4 | and 61.

### 2. Document Request Nos. 37-39

6 | Request nos. 37 through 39 call for production of Mattel's communications with CARU

7 | relating to MGA and restrictions to be placed on MGA, as well as documents supporting Mattel's

8 | allegation in its answer that MGA violated CARU standards.  MGA contends that the documents

9 | it seeks are relevant to its allegation in paragraph 89 of its complaint that "Mattel used its

10 | influence as a major contributor to CARU's budget to induce CARU to place onerous restrictions

11 | on MGA advertisements, and to require MGA to amend aspects of commercials that have gone

12 | unchallenged in other parties' commercials."

13 | In its opposition brief, Mattel represents that is prepared to produce documents that bear

14 | on MGA's claims and Mattel's defenses involving CARU, but nothing further.  Mattel contends

15 | that the sweep of these requests "goes far beyond any particular advertisements or the allegations

16 | in MGA's complaint that Mattel pressured CARU or obtained better treatment different than

17 | MGA."  Mattel's Opposition at 10.  Furthermore, Mattel contends that the requests are improper

18 | because CARU investigates complaints and claims in confidence.

19 | MGA's request nos. 37 and 39 seek information relevant to MGA's allegation that Mattel

20 | influenced CARU to place restrictions on MGA's advertisements.  The Federal Rules of Civil

21 | Procedure do not require MGA to identify every instance when CARU imposed restrictions or

22 | required amendments to MGA's advertisements before propounding discovery on the subject.

23 | Request no. 38 is much broader, however, seeking all communications between Mattel

24 | and CARU referring or relating to MGA, Larian, Bratz, or MGA products.  Request no. 38 is not

25 | limited to the subject of MGA's advertisements, or any other subject that is at issue in the case.

26 | Further, request no. 38 is, to a certain extent, cumulative of request nos. 37 and 39.

27 |

28 |

1         Accordingly, MGA's motion is granted with respect to request nos. 37 and 39, but denied

2    as to request no. 38.

3                       3. Document Request No. 43

4         Request no. 43 seeks documents relating to any attempts by Mattel to price My Scene

5    below Bratz.  MGA contends that the documents it seeks are likely to lead to admissible evidence

6    relating to whether Mattel has an "organic process" for setting prices, or whether it set prices

7    based on confidential information obtained from MGA.  MGA's Motion at 13:22.

8         Mattel contends that there is no allegation in MGA's complaint of below-market pricing.

9    Further, Mattel contends that the request is overbroad and seeks documents that have no relevance

10   to any other subject matter in suit.

11        Request no. 43 seeks documents that have no relevance to any claim or defense in the

12   case.  There is no allegation in MGA's complaint related to below-market pricing.  Nor is there

13   any allegation that Mattel misappropriated confidential pricing information from MGA.

14   Accordingly, MGA's motion is denied as to request no. 43.

15                      4. Document Request No. 47

16        Request no. 47 calls for production of documents relating to Mattel's communications

17   with buyers, merchandisers, general merchandise managers, or retailers relating to whether MGA

18   was giving any other U.S. retailer below-market pricing or whether MGA was discontinuing one

19   of its product lines.  MGA contends that these documents are relevant to the allegation in

20   paragraph 79 of its complaint that "Mattel has falsely told a major United States retailer that

21   MGA was giving another major United States retailer below-market pricing and falsely told a

22   United Kingdom retailer that MGA was discontinuing one of its lines."

23        Mattel contends that request no. 47 is improper because it demands documents about

24   "alleged statements to an unidentified retailer and an unidentified toy line" without giving Mattel

25   "a hint as to where to look in order to perform a good-faith search for documents."  Mattel's

26   Opposition at 12.

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT ___5___ PAGE _124_ [15]