**Exhibit 1**

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
John B. Quinn (Bar No. 090378)
johnquinn@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
(michaelzeller@quinnemanuel.com)
Jon D. Corey (Bar No. 185066)
(joncorey@quinnemanuel.com)
Timothy L. Alger (Bar No. 160303)
(timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED CASES | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>MATTEL, INC.'S FIFTH SET OF REQUESTS FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC. |

11-27

EXHIBIT /
PAGE 3

1         Pursuant to <u>Rule</u> 34 of the <u>Federal Rules of Civil Procedure</u>,

2  Mattel, Inc. hereby requests that MGA Entertainment, Inc. ("MGA") respond to

3  these document requests ("Requests") and make available for inspection and

4  copying originals of the following documents within 30 days of service at the

5  offices of Quinn Emanuel Urquhart Oliver & Hedges, LLP, 865 South Figueroa

6  Street, 10th floor, Los Angeles, CA 90017.  MGA shall be obligated to supplement

7  responses to these requests at such times and to the extent required by <u>Rule</u> 26(e) of

8  the <u>Federal Rules of Civil Procedure</u>.

9

10  **I.**    **<u>DEFINITIONS</u>**

11        A.    "YOU," "YOUR" and "MGA" means MGA Entertainment, Inc.

12  and all current or former subsidiaries, divisions, AFFILIATES, predecessors-in-

13  interest and successors-in-interest.  Without limiting the foregoing, MGA

14  Entertainment, Inc. includes ABC International Traders and ABC International

15  Traders, Inc.

16        B.    "LARIAN" means Isaac Larian, any FAMILY MEMBER of

17  Isaac Larian, and any trust of which Isaac Larian is a trustee or of which any

18  FAMILY MEMBER of Isaac Larian is a beneficiary including, without limitation,

19  the Isaac and Angela Larian Trust and the Isaac Larian Annuity Trust.

20        B.    "DOCUMENT" or "DOCUMENTS" means all "writings" and

21  "recordings" as those terms are defined in <u>Rule</u> 1001 of the <u>Federal Rules of</u>

22  <u>Evidence</u> and <u>Rule</u> 34 of the <u>Federal Rules of Civil Procedure</u> and shall include all

23  writings, including but not limited to handwriting, typewriting, printing, image,

24  photograph, photocopy, digital file of any kind, transmittal by (or as an attachment

25  to) electronic mail (including instant messages and text messages) or facsimile,

26  video and audio recordings, and every other means of recording upon any tangible

27  thing, any form of communication or representation, and any record thereby created,

28  regardless of the manner in which the record has been stored, and all non-identical

07209/2302419.1

MATTEL, INC.'S FIFTH SET OF REQUESTS FOR DOCUMENTS AND THINGS

EXHIBIT ___1___

PAGE ___4___

1  copies of such DOCUMENTS, in the possession, custody, or control of YOU,

2  YOUR counsel, or any other PERSON acting on YOUR behalf.

3        C.    "AFFILIATES" means any and all corporations, proprietorships,

4  d/b/a's, partnerships, joint ventures and business entities of any kind that, directly or

5  indirectly, in whole or in part, own or control, are under common ownership or

6  control with, or are owned or controlled by a PERSON, party or entity, including

7  without limitation each parent, subsidiary and joint venture of such PERSON, party

8  or entity.

9        D.    "IDENTIFY" or "IDENTITY" means the following:

10        (a)    With reference to an individual, means such individual's name,

11  current or last known business title, current or last known business affiliation,

12  current or last known relationship to YOU, current or last known residential and

13  business address, and current or last known telephone number.

14        (b)    With reference to an account with a bank or financial institution,

15  means the name and address of the bank or financial institution, the account

16  number(s) for or otherwise associated with such account and the name of each

17  holder, including without limitation each beneficial holder, of each such account.

18        E.    "FAMILY MEMBER" means any PERSON who at any time is,

19  was or has been a parent, spouse, child or sibling of another PERSON.

20        F.    "RELATING," "RELATING TO," "REFERRING OR

21  RELATING TO," or "REFER OR RELATE TO" means any and all of the following

22  terms and their synonyms:  refer to, discuss, constitute, evidence, pertain to,

23  mention, support, contradict, negate, bear on, touch on, contain, embody, reflect,

24  identify, state, deal with, concern, comment on, summarize, respond to, relate to, or

25  describe.

26        G.    "PERSON," in the plural as well as the singular, means any

27  natural person, association, partnership, corporation, joint venture, government

28

07209/2302419.1

-3-
MATTEL, INC.'S FIFTH SET OF REQUESTS FOR DOCUMENTS AND THINGS

EXHIBIT ___

PAGE ___

entity, organization, trust, institution, proprietorship, or any other entity recognized as having an existence under the laws in the United States or any other nation.

H.   The singular form of a noun or pronoun includes within its meaning the plural form of the noun or pronoun so used, and vice versa; the use of the masculine form of a pronoun also includes within its meaning the feminine form of the pronoun so used, and vice versa; the use of any tense of any verb includes also within its meaning all other tenses of the verb so used, whenever such construction results in a broader request for information; and "and" includes "or" and vice versa, whenever such construction results in a broader disclosure of documents or information.

## II.   INSTRUCTIONS

A.   YOU are to produce all requested DOCUMENTS in YOUR possession, custody or control.

B.   If YOU contend that YOU are not required to produce certain DOCUMENTS called for by these Requests on the grounds of a privilege or protection that YOU are not prepared to waive, identify each such DOCUMENT and provide the following information:

1.   the date and type of the DOCUMENT, the author(s) and all recipients;

2.   the privilege or protection that YOU claim permits YOU to withhold the DOCUMENT;

3.   the title and subject matter of the DOCUMENT;

4.   any additional facts on which YOU base YOUR claim of privilege or protection; and

5.   the identity of the current custodian of the original of the DOCUMENT.

07209/2302419.1

-4-

MATTEL, INC.'S FIFTH SET OF REQUESTS FOR DOCUMENTS AND THINGS

EXHIBIT ___

PAGE ___

C.   DOCUMENTS shall be produced in their original file folders, or in lieu thereof, any writing on the file folder from which each such DOCUMENT is taken shall be copied and appended to such DOCUMENT and the PERSON for whom or department, division or office for which the DOCUMENT or the file folder is maintained shall be identified.

D.   The DOCUMENTS should be produced in their complete and unaltered form.  Attachments to DOCUMENTS should not be removed.  The DOCUMENTS should not be cut-up, pasted over, redacted or altered in any way for any reason, including alleged nonrelevance.  If emails are produced that had attachments, the attachments shall be attached when produced.

E.   DOCUMENTS in electronic form shall be produced in that form.

F.   In the event that any DOCUMENT called for by these requests has been destroyed or discarded, that DOCUMENT is to be identified by stating:

1.   the date and type of the DOCUMENT, the author(s) and all recipients;

2.   the DOCUMENT's date, subject matter, number of pages, and attachments or appendices;

3.   the date of destruction or discard, manner of destruction or discard, and reason for destruction or discard;

4.   the PERSONS who were authorized to carry out such destruction or discard;

5.   the PERSONS who have knowledge of the content, origins, distribution and destruction of the DOCUMENT; and

6.   whether any copies of the document exist and, if so, the name of the custodian of each copy.

EXHIBIT ____

PAGE ____ 7

**III.   REQUESTS FOR DOCUMENTS AND THINGS**

REQUEST FOR PRODUCTION NO. 1:

YOUR Articles of Incorporation and any amendments thereto.

REQUEST FOR PRODUCTION NO. 2:

YOUR By-Laws and any amendments thereto.

REQUEST FOR PRODUCTION NO. 3:

YOUR Notice of Incorporation as it appeared when first published and any amendments thereto.

REQUEST FOR PRODUCTION NO. 4:

YOUR quarterly and annual profits and loss statements (both audited and unaudited) from the date of YOUR incorporation to 1999.

REQUEST FOR PRODUCTION NO. 5:

YOUR quarterly and annual financial statements (both audited and unaudited) from the date of YOUR incorporation to 1999.

REQUEST FOR PRODUCTION NO. 6:

YOUR general ledger from the date of YOUR incorporation to 1999.

REQUEST FOR PRODUCTION NO. 7:

YOUR federal and state tax returns for each year from the date of YOUR incorporation to the present.

07209/2302419.1

-6-
MATTEL, INC.'S FIFTH SET OF REQUESTS FOR DOCUMENTS AND THINGS

EXHIBIT ___
PAGE ___ 8

REQUEST FOR PRODUCTION NO. 8:

DOCUMENTS sufficient to evidence any and all meetings of shareholders of MGA, including the date, time and location of the meeting and the IDENTITY of each PERSON in attendance.

REQUEST FOR PRODUCTION NO. 9:

The minutes of all meetings of shareholders of MGA.

REQUEST FOR PRODUCTION NO. 10:

DOCUMENTS sufficient to evidence any and all meetings of the board of directors of MGA, including the date, time and location of the meeting and the IDENTITY of each PERSON in attendance.

REQUEST FOR PRODUCTION NO. 11:

The minutes of all meetings of the board of directors of MGA.

REQUEST FOR PRODUCTION NO. 12:

DOCUMENTS sufficient to show any and all salary, benefits or any other compensation paid to LARIAN or any business affiliated with LARIAN, including to whom the payments were made, the amounts paid and the dates of payment.

REQUEST FOR PRODUCTION NO. 13:

DOCUMENTS sufficient to show any and all payments or transfers of anything of value to LARIAN or any business affiliated with LARIAN, including to whom the payments or transfers were made, the amounts of the payments or the value of the item transferred and the dates of the payments or transfers.

07209/2302419.1

-7-

EXHIBIT ___

PAGE ___

**REQUEST FOR PRODUCTION NO. 14:**

Statements for accounts maintained by YOU at any bank or other financial institution sufficient to show any and all payments to LARIAN or any business affiliated with LARIAN.

**REQUEST FOR PRODUCTION NO. 15:**

DOCUMENTS sufficient to show any and all payments of dividends to LARIAN or any business affiliated with LARIAN, including to whom the dividends were paid, the amounts paid and the dates of payment.

**REQUEST FOR PRODUCTION NO. 16:**

DOCUMENTS sufficient to show any and all distributions to LARIAN or any business affiliated with LARIAN, including to whom the distributions were made, the amounts of the distributions and the dates the distributions were made.

**REQUEST FOR PRODUCTION NO. 17:**

DOCUMENTS sufficient to show any and all advances of funds to LARIAN or any business affiliated with LARIAN for services to be performed at a later date, including the amount of the advance, the date of the advance, the services to be performed, whether the services were performed and, if so, when they were performed.

**REQUEST FOR PRODUCTION NO. 18:**

DOCUMENTS sufficient to show any and all gifts to LARIAN or any business affiliated with LARIAN, including to whom the gift was made, when the gift was made, the nature, amount and value of the gift and the reasons for making the gift.

07209/2302419.1

-8-

EXHIBIT
PAGE /0

1  REQUEST FOR PRODUCTION NO. 19:

2          DOCUMENTS sufficient to show any and all loans from MGA to

3  LARIAN or any business affiliated with LARIAN, including the date of the loan,

4  the amount of the loan, the interest rate, if any, whether the loan has been repaid or

5  forgiven in whole or in part and, if so, when and by whom.

6

7  REQUEST FOR PRODUCTION NO. 20:

8          DOCUMENTS sufficient to show any and all loans from LARIAN or

9  any business affiliated with LARIAN to MGA, including the date of the loan, the

10  amount of the loan, the interest rate, if any, whether the loan has been repaid or

11  forgiven in whole or in part and, if so, when and by whom.

12

13  REQUEST FOR PRODUCTION NO. 21:

14          DOCUMENTS sufficient to show any and all obligations of LARIAN

15  or any business affiliated with LARIAN guaranteed or cosigned by MGA, including

16  the IDENTITY of the PERSON whose obligation was guaranteed or cosigned, the

17  identity of the creditor or lender, the nature and amount of the obligation, the date

18  the obligation was guaranteed or cosigned, whether the obligation has been satisfied

19  and, if so, when and by whom.

20

21  REQUEST FOR PRODUCTION NO. 22:

22          DOCUMENTS sufficient to show any and all obligations of MGA

23  guaranteed or cosigned by LARIAN or any business affiliated with LARIAN,

24  including the IDENTITY of the PERSON who guaranteed or cosigned the

25  obligation, the identity of the creditor or lender, the nature and amount of the

26  obligation, the date the obligation was guaranteed or cosigned, whether the

27  obligation has been satisfied and, if so, when and by whom.

28

07209/2302419.1

EXHIBIT ____

PAGE ____ //

**REQUEST FOR PRODUCTION NO. 23:**

DOCUMENTS sufficient to IDENTIFY each and every PERSON who has owned stock in MGA at any time including, without limitation, DOCUMENTS sufficient to show whether such PERSON is a FAMILY MEMBER of Isaac Larian.

**REQUEST FOR PRODUCTION NO. 24:**

For each PERSON who has owned stock in MGA, DOCUMENTS sufficient to show the number of shares of stock owned by such PERSON, the percentage of shares owned as measured against the total outstanding shares, the dates upon which the PERSON acquired the shares, the consideration paid or promised for the shares and the dates on which such consideration was paid or promised.

**REQUEST FOR PRODUCTION NO. 25:**

DOCUMENTS sufficient to show the total outstanding shares of MGA stock at any time from the incorporation of MGA to the present.

**REQUEST FOR PRODUCTION NO. 26:**

All DOCUMENTS that REFER OR RELATE TO the issuance of MGA stock certificates any time since the incorporation of MGA to the present, including without limitation to whom they were issued and the dates of issuance.

**REQUEST FOR PRODUCTION NO. 27:**

All DOCUMENTS, including without limitation all COMMUNICATIONS, that REFER OR RELATE TO the purchase, sale, transfer, alienation, pledge, hypothecation or alienation of MGA stock or any ownership interest in MGA.

07209/2302419.1

EXHIBIT ___

PAGE ___ 12

REQUEST FOR PRODUCTION NO. 28:

All DOCUMENTS, including without limitation all COMMUNICATIONS, that REFER OR RELATE TO any instance in which any shareholder, stockholder or other owner of any interest in MGA lost, misplaced or was unable to locate original MGA stock certificates or in which any shareholder, stockholder or other owner of any interest in MGA requested that any PERSON attest to or assert such loss, misplacement or inability to locate, including without limitation the emails between Isaac Larian and Jahangir Makabi requesting that Makabi sign an affidavit that he lost his original stock certificates despite Makabi's protestation that he never had any such certificates.

REQUEST FOR PRODUCTION NO. 29:

All DOCUMENTS that REFER OR RELATE TO how MGA was capitalized upon its incorporation including, without limitation, the IDENTITY of each PERSON who purchased or subscribed to stock in MGA, the number of shares purchased or subscribed by each such PERSON, the amount paid or promised for the shares purchased or subscribed by each such PERSON and the dates such amounts were paid or promised.

REQUEST FOR PRODUCTION NO. 30:

DOCUMENTS sufficient to show how MGA has been capitalized from the date of its incorporation to the present.

REQUEST FOR PRODUCTION NO. 31:

DOCUMENTS sufficient to show any and all payments of dividends to any shareholder of MGA, including to whom the dividends were paid, the amounts paid and the dates of payment.

07209/2302419.1

EXHIBIT /3

PAGE

1  **REQUEST FOR PRODUCTION NO. 32:**

2          DOCUMENTS sufficient to show any and all distributions to any

3  shareholders of MGA, including to whom the distributions were made, the amounts

4  of the distributions and the dates the distributions were made.

5

6  **REQUEST FOR PRODUCTION NO. 33:**

7          DOCUMENTS sufficient to IDENTIFY each PERSON who has served

8  as an officer or director of MGA including, without limitation, the offices or

9  positions held by each such PERSON and the dates such offices or positions were

10  held.

11

12  **REQUEST FOR PRODUCTION NO. 34:**

13          DOCUMENTS sufficient to show any and all salary, benefits or any

14  other compensation paid to any officer, director or shareholder of MGA, including

15  to whom the payments were made, the amounts paid and the dates of payment.

16

17  **REQUEST FOR PRODUCTION NO. 35:**

18          DOCUMENTS sufficient to show any and all payments or transfers of

19  anything of value to any officer, director or shareholder of MGA, including to

20  whom the payments or transfers were made, the amounts of the payments or the

21  value of the item transferred and the dates of the payments or transfers.

22

23  **REQUEST FOR PRODUCTION NO. 36:**

24          DOCUMENTS sufficient to show any and all salary, benefits or any

25  other compensation paid to any officer, director or shareholder of MGA, including

26  to whom the payments were made, the amounts paid and the dates of payment.

27

28

07209/2302419.1

EXHIBIT ___

PAGE ___ 14

REQUEST FOR PRODUCTION NO. 37:

DOCUMENTS sufficient to show any and all payments or transfers of anything of value to any officer, director or shareholder of MGA, including to whom the payments or transfers were made, the amounts of the payments or the value of the item transferred and the dates of the payments or transfers.

REQUEST FOR PRODUCTION NO. 38:

DOCUMENTS sufficient to show any and all salary, benefits or any other compensation paid to any FAMILY MEMBER of any officer, director or shareholder of MGA, including to whom the payments were made, the amounts paid and the dates of payment.

REQUEST FOR PRODUCTION NO. 39:

DOCUMENTS sufficient to show any and all payments or transfers of anything of value to any FAMILY MEMBER of any officer, director or shareholder of MGA, including to whom the payments or transfers were made, the amounts of the payments or the value of the item transferred and the dates of the payments or transfers.

REQUEST FOR PRODUCTION NO. 40:

Statements for accounts maintained by YOU at any bank or other financial institution sufficient to show any and all payments to any officer, director or shareholder of MGA.

REQUEST FOR PRODUCTION NO. 41:

Statements for accounts maintained by YOU at any bank or other financial institution sufficient to show any and all payments to any FAMILY MEMBER of any officer, director or shareholder of MGA.

07209/2302419.1

-13-
MATTEL, INC.'S FIFTH SET OF REQUESTS FOR DOCUMENTS AND THINGS

EXHIBIT ___

PAGE ___ 15

**REQUEST FOR PRODUCTION NO. 42:**

DOCUMENTS sufficient to show any and all advances of funds to any officer, director or shareholder of MGA for services to be performed at a later date, including the amount of the advance, the date of the advance, the services to be performed, whether they were performed and when they were performed.

**REQUEST FOR PRODUCTION NO. 43:**

DOCUMENTS sufficient to show any and all gifts to any officer, director or shareholder of MGA, including to whom the gift was made, when the gift was made, the nature, amount and value of the gift and the reason for making the gift.

**REQUEST FOR PRODUCTION NO. 44:**

DOCUMENTS sufficient to show any and all gifts to any FAMILY MEMBER of any officer, director or shareholder of MGA, including to whom the gift was made, when the gift was made, the nature, amount and value of the gift and the reason for making the gift.

**REQUEST FOR PRODUCTION NO. 45:**

DOCUMENTS sufficient to show any and all obligations of any officer, director or shareholder of MGA guaranteed or cosigned by MGA, including the IDENTITY of the PERSON whose obligation was guaranteed or cosigned, the identity of the creditor or lender, the nature and amount of the obligation, the date the obligation was guaranteed or cosigned, whether the obligation has been satisfied and, if so, by whom.

EXHIBIT ___
PAGE ___

07209/2302419.1

MATTEL, INC.'S FIFTH SET OF REQUESTS FOR DOCUMENTS AND THINGS

1  REQUEST FOR PRODUCTION NO. 46:

2        DOCUMENTS sufficient to show any and all obligations of MGA

3  guaranteed or cosigned by any officer, director, shareholder or employee of MGA,

4  including the IDENTITY of the PERSON who guaranteed or cosigned the

5  obligation, the identity of the creditor or lender, the nature and amount of the

6  obligation, the date the obligation was guaranteed or cosigned, whether the

7  obligation has been satisfied and, if so, by whom.

8

9  REQUEST FOR PRODUCTION NO. 47:

10        For each account maintained in the name of MGA at any bank or other

11  financial institution, a copy of each and every monthly statement from the date of

12  YOUR incorporation to the present, and DOCUMENTS sufficient to IDENTIFY

13  each PERSON authorized to sign checks on or access the account.

14

15  DATED:  November 27, 2007

16              QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

17

18              By

19                 Scott B. Kidman
                  Attorneys for Mattel, Inc.

20

21

22

23

24

25

26

27

28

EXHIBIT ___

PAGE 17

## PROOF OF SERVICE

1

2     I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is Now Legal Service,

3     1301 W. 2nd Street, Suite 206, Los Angeles, CA 90026.

4     On November 27, 2007, I served true copies of the following document(s) described as **MATTEL, INC.'S FIFTH SET OF REQUESTS FOR DOCUMENTS AND THINGS TO**

5     **MGA ENTERTAINMENT, INC.** on the parties in this action as follows:

6

7     Thomas Nolan, Esq.
      **SKADDEN ARPS SLATE MEAGHER**
      **& FLOM, LLP**

8     300 South Grand Avenue, Suite 3400
      Los Angeles, CA 90071

9

10

      **BY PERSONAL SERVICE:**  I delivered such envelope(s) by hand to the office of the person(s)

11    being served.

12    I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

13

      Executed on November 27, 2007, at Los Angeles, California.

14

15

16    NOW LEGAL -- Dave Quintana

17

18

19

20

21

22

23

24

25

26

27

28

07209/2305585.1                                    -1-

EXHIBIT ___1___

PAGE ___18___

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543.

On November 27, 2007, I served true copies of the following document(s) described as **MATTEL, INC.'S FIFTH SET OF REQUESTS FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC.** on the parties in this action as follows:

Mark E. Overland, Esq.                  Michael H. Page, Esq.
David C. Scheper, Esq.                  **KEKER & VAN NEST, LLP**
Alexander H. Cote                       710 Sansome Street
**OVERLAND BORENSTEIN**                 San Francisco, CA 94111
**SCHEPER & KIM LLP**
300 South Grand Avenue, Suite 2750
Los Angeles, CA 90071-3144

**BY MAIL:** I enclosed the foregoing into sealed envelope(s) addressed as shown above, and I deposited such envelope(s) in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on November 27, 2007, at Los Angeles, California.

Charlene Ho

07209/2305581.1

EXHIBIT ___
PAGE ___ 19

**Exhibit 2**

**RECEIVED**

DEC 27 2007

1  THOMAS J. NOLAN (Bar No. 66992)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2  300 South Grand Avenue
   Los Angeles, California 90071-3144
3  Telephone:  (213) 687-5000
   Facsimile:  (213) 687-5600
4  E-mail:   tnolan@skadden.com

5  RAOUL D. KENNEDY (Bar No. 40892)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
6  Four Embarcadero Center, Suite 3800
   San Francisco, CA  94111
7  Telephone:  (415) 984-6400
   Facsimile:  (415) 984-2698
8
   Attorneys for MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA
9  ENTERTAINMENT (HK) LIMITED, AND MGAE de MEXICO S.R.L. de C.V.

10                **UNITED STATES DISTRICT COURT**

11              **CENTRAL DISTRICT OF CALIFORNIA**

12                      **EASTERN DIVISION**

13  CARTER BRYANT, an individual        )  CASE NO. CV 04-9049 SGL (RNBx)
                                        )
14                  Plaintiff,          )  Consolidated with Case No. 04-9059
                                        )  and Case No. 05-2727
15          v.                          )
                                        )  **MGA ENTERTAINMENT,**
16  MATTEL, INC., a Delaware            )  **INC.'S OBJECTIONS AND**
    corporation                         )  **RESPONSES TO MATTEL**
17                                      )  **INC.'S FIFTH SET OF**
                    Defendant.          )  **REQUESTS FOR**
18                                      )  **DOCUMENTS AND THINGS**
                                        )  **TO MGA ENTERTAINMENT,**
19                                      )  **INC.**
                                        )
20                                      )  Honorable Stephen G. Larson
                                        )  Courtroom 1
21                                      )
                                        )
22  _____        )
    Consolidated with MATTEL, INC. v.   )
23  BRYANT and MGA                      )
    ENTERTAINMENT, INC. v.              )
24  MATTEL, INC.                        )
                                        )
25

26  PROPOUNDING PARTY:      MATTEL, INC.

27  RESPONDING PARTY:       MGA ENTERTAINMENT, INC.

28  SET NUMBER:             FIFTH
                                    12/27

EXHIBIT  2

PAGE  20

1  Pursuant to Rule 34 of the Federal Rules of Civil Procedure, MGA

2  Entertainment, Inc. ("MGA") hereby submits these responses and objections (the

3  "Response") to Mattel, Inc.'s ("Mattel's") Fifth Set of Requests for Production of

4  Documents to MGA (the "Requests").

5                              **GENERAL RESPONSE**

6       The General Response and General and Specific Objections set forth herein

7  apply to all documents that MGA may in the future produce in response to the

8  Requests.  The Response is made without waiving, or intending to waive but, on the

9  contrary, expressly reserving:  (a) the right to object, on the grounds of competency,

10 privilege, relevancy or materiality, or any other proper grounds, to the use of the

11 documents, for any purpose in whole or in part, in any subsequent step or proceeding

12 in this action or any other action; (b) the right to object on any and all grounds, at

13 any time, to other requests for production or other discovery procedures involving or

14 relating to the subject matter of the Requests; and (c) the right at any time to revise,

15 correct, add to, or clarify any of the responses propounded herein.

16      The Response reflects only the present state of MGA's discovery regarding the

17 documents that Mattel seeks.  Except as otherwise stated below, an objection to a

18 specific document request does not imply that documents responsive to the request

19 exist or have ever existed.  In addition, an agreement to produce documents

20 responsive to any specific document request does not imply that documents

21 responsive to the request exist or have existed; rather, it is an agreement to produce

22 non-privileged documents responsive to that particular document request as limited

23 by or interpreted in any applicable General or Specific objections, if any exist.

24 Production of any document is not intended as, and, to the extent permitted by law,

25 shall not be deemed to be, a waiver of any objection set forth herein.  Discovery and

26 other investigation or research concerning this litigation are continuing.  MGA,

27 therefore, reserves the right to amend or supplement this Response at any time in

28

MGA ENTERTAINMENT, INC.'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S FIFTH SET OF
REQUESTS FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC. - CV 04-9049 SGL (RNBx)

1

EXHIBIT ___2___

PAGE ___21___

1  light of future investigation, research or analysis, and also expressly reserves the
2  right to rely on, at any time, including trial, subsequently discovered information or
3  information omitted from this Response as a result of mistake, error, oversight or
4  inadvertence.  MGA does not hereby admit, adopt or acquiesce in any factual or
5  legal contention, assertion or characterization contained in the Request or any
6  particular request therein, even where MGA has not otherwise objected to a
7  particular request, or has agreed to produce documents responsive to a particular
8  request.

9       MGA invites Mattel to meet and confer regarding these Reponses, the scope
10 of the Requests, and arriving at protocol for production of documents in this
11 litigation.

12      <u>**GENERAL OBJECTIONS**</u>

13      MGA incorporates the following General Objections, as well as the General
14 Response, into its Specific Responses and Objections to each and every request for
15 documents contained in the Requests:

16        1.    MGA objects to the date and place of production on the grounds
17 that they impose an undue burden on MGA.  The time set for compliance is unduly
18 burdensome, especially in light of the number of document requests, and the scope
19 and volume of the material being sought.  To the extent MGA later agrees to produce
20 responsive documents, MGA intends to proceed expeditiously to collect the
21 documents for production, if any, and will produce them at a date and time, and in
22 such a manner, as may be mutually agreed to by counsel for the parties.

23        2.    MGA objects to the Requests to the extent that they seek
24 documents not relevant to the claims or defenses in this action and are not reasonably
25 calculated to lead to the discovery of admissible evidence.

26        3.    MGA objects to the Requests on the grounds that they are overly
27 broad and unduly burdensome.

28

EXHIBIT  2

PAGE  22

4.     MGA objects to the Requests insofar as they seek documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the attorney work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America or any other applicable jurisdiction.  MGA shall not produce such documents in response to Mattel's Request.  Any production of such protected or privileged materials is inadvertent and shall not be construed as a waiver of those privileges or protections.

5.     MGA objects to the Requests insofar as they seek documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel from public sources or third parties.

6.     MGA objects to the Requests insofar as they seek production of documents (1) not within its possession, custody or control; (2) that MGA cannot locate after a reasonably diligent search; or (3) that refer to persons, entities, or events not known to MGA.  Such instructions, definitions, or requests are objectionable where they subject MGA to unreasonable and undue annoyance, oppression, burden, and expense; and/or seek to impose upon MGA an obligation to produce documents from sources equally accessible to Mattel.  To the extent MGA agrees to produce documents in response to the Requests, MGA will make a reasonably diligent search for responsive documents within its possession, custody or control.

7.     In responding to Mattel's Requests, MGA has not and will not comply with any instructions or definitions that seek to impose requirements in addition to those imposed by Federal law.

8.     MGA objects to each and every request to the extent it purports to require MGA to search all documents and things within its possession, custody or control or within the possession, custody or control of any of MGA's current or

EXHIBIT 2

PAGE 23

1   former employees, officers, directors, agents, representatives, attorneys, parents,

2   subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest,

3   and any other person acting on its behalf, pursuant to its authority or subject to its

4   control, on the grounds that such request is unreasonable, overbroad, unduly

5   burdensome and oppressive, violates the right to privacy, and purports to require

6   MGA to search for documents not within its possession, custody or control.  To the

7   extent MGA agrees to produce documents in response to the Requests, MGA will

8   make a reasonably diligent search for responsive documents within its possession,

9   custody or control and located at MGA's Van Nuys, California offices.

10         9.   MGA objects to each and every request to the extent it seeks "all

11   documents" responsive to a certain category on the grounds that such request is

12   overbroad and unduly burdensome and oppressive.  MGA will not respond to

13   duplicative or cumulative requests and will not re-produce documents it has already

14   produced or produce documents that it has received from Mattel or others in the

15   course of discovery in this matter.

16         10.   MGA objects to the Requests insofar as they seek production of

17   confidential, proprietary, or trade-secret information, the disclosure of which would

18   be inimical to the business interests of MGA.

19         11.   MGA objects to each request to the extent it seeks information

20   relating to the activities or conduct of other entities or non-parties.

21         12.   MGA objects to each request to the extent it seeks information

22   relating to activities or conduct in foreign countries.

23         13.   MGA objects to the Definitions and Instructions to the extent

24   such Definitions and Instructions purport to enlarge, expand, or alter in any way the

25   plain meaning and scope of any specific term or specific request on the ground that

26   such enlargement, expansion, or alteration renders such a term or request vague,

27   ambiguous, unintelligible, overbroad, unduly burdensome, and/or uncertain.

28

MGA ENTERTAINMENT, INC.'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S FIFTH SET OF REQUESTS FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC. - CV 04-9049 SGL (RNBx)

4

EXHIBIT 2

PAGE 24

1       14.   MGA objects to the Instructions to the extent that they purport to

2 deprive MGA of the right to redact information from any documents "for any

3 reason." MGA retains and reserves the right to redact documents on any appropriate

4 grounds, including in particular for privilege.

5       15.   MGA specifically objects to the following definitions in the

6 Requests:

7       (a)   MGA objects to the terms "YOU," "YOUR" and "MGA"

8 (Definitions ¶ A) as vague, ambiguous, overbroad, and unduly burdensome. The

9 definition includes "MGA Entertainment, Inc., and all current or former subsidiaries,

10 divisions, AFFILIATES, predecessors-in-interest and successors-in-interest."

11 Because of Mattel's incorporating the overbroad definition of "AFFILIATE"

12 (Definitions ¶ C) as including "any and all corporations, proprietorships, d/b/a's,

13 partnerships, joint ventures and business entities of any kind that, directly or

14 indirectly, in whole or in part, own or control, are under common ownership or

15 control with, or are owned or controlled by a PERSON, party or entity, including

16 without limitation each parent, subsidiary and joint venture of such PERSON, party

17 or entity," it is impossible for MGA to know whether a particular person comes

18 within this definition unless that person or entity at some point in time held himself

19 or herself out as being affiliated with MGA. Thus, "YOU," "YOUR," and "MGA"

20 will be interpreted to mean all persons or entities who hold themselves out to MGA

21 as officers, employees, agents, subsidiaries or divisions of MGA.

22       (b)   MGA objects to the definition of the term "LARIAN"

23 (Definitions ¶ B, first instance) as vague, ambiguous, overly broad and unduly

24 burdensome, and designed to mislead and confuse the trier of fact. The definition

25 includes "Isaac Larian, any FAMILY MEMBER of Isaac Larian, and any trust of

26 which Isaac Larian is a trustee or of which any FAMILY MEMBER of Isaac Larian

27 is a beneficiary . . . ." By incorporating the definition of "FAMILY MEMBER" the

28

EXHIBIT ___

PAGE ___ 26

1   overly broad definition of "LARIAN" includes "any PERSON who at any time is,
2   was or has been a parent, spouse, child or sibling of another PERSON" (Definitions
3   ¶ E.)  This definition of "FAMILY MEMBER," which is itself overbroad, also
4   includes the definition of "PERSON," which includes both singular and plural
5   versions of "any natural person, association, partnership, corporation, joint venture,
6   government entity, organization, trust, institution, proprietorship, or *any other entity*
7   *recognized as having an existence under the laws in the United States or any other*
8   *nation.*" (Definitions ¶ G (emphasis added).)   The definitions of both "FAMILY
9   MEMBER" and "PERSON" are objectionable by themselves, as explained below.
10  Moreover, these convoluted and multi-part definitions combine to render the
11  document requests that refer to the term "LARIAN" vague, ambiguous and overly
12  broad, and include within the term "LARIAN" things that are not related to Isaac
13  Larian or his family.  In responding to the Requests, MGA will interpret the term
14  "LARIAN" to mean Isaac Larian.
15          (c)      MGA objects to the term "FAMILY MEMBER,"
16  (Definitions ¶ E) as vague, ambiguous, overly broad and unduly burdensome, and
17  designed to mislead and confuse the trier of fact.  The definition includes "any
18  PERSON who at any time is, was or has been a parent, spouse, child or sibling of
19  another PERSON."  This definition is obviously overly broad on its face because it
20  includes every man, woman, and child ever to walk the Earth.  This definition is
21  further objectionable because it is a convoluted and multi-part definition that renders
22  the document requests that refer to "FAMILY MEMBER" vague, ambiguous and
23  overly broad, and includes within the term "FAMILY MEMBER" things that cannot
24  be family members, such as government entities, *any* entities recognized by this
25  country or *any* other nation, and others incorporated by way of the term "PERSON."
26  (See Definitions ¶ G.)
27
28

EXHIBIT 2
PAGE

1    (d)    MGA also objects to the terms "RELATING,"
2 "RELATING TO," "REFERRING OR RELATING TO," and "REFER OR RELATE
3 TO" (Definitions ¶ F) on the grounds and to the extent they are overbroad, unduly
4 burdensome, and/or are vague and ambiguous in the context of the Requests as
5 written and as those requests would be plainly understood absent Mattel's definitions.
6    16.    MGA objects to the Requests to the extent they seek the
7 production of documents in their native format where the burden of such production
8 outweighs the likelihood of discovering information that is relevant to the subject
9 matter of the claims or defenses in this action or calculated to lead to the discovery
10 of admissible evidence.
11    17.    MGA objects to the Requests on the grounds that they are
12 harassing, oppressive and unduly burdensome.  Before these Requests, Mattel has
13 already propounded 1010 requests for documents and things to MGA, MGA
14 Entertainment (HK) Limited, MGAE de Mexico, S.R.L. de C.V., and Isaac Larian
15 ("the MGA Parties"), in response to which the MGA Parties have already produced
16 approximately 3.4 million pages of responsive documents.  MGA is, however,
17 willing to meet and confer regarding the additional 88 requests propounded in
18 Mattel's Fifth Set of Requests for Documents and Things to MGA.
19 **SPECIFIC RESPONSES AND OBJECTIONS**
20    Without waiving or departing from its General Response and General
21 Objections and specifically incorporating its General Response and General
22 Objections into each of the Specific Responses and Objections below, MGA makes
23 the following specific responses and objections to the Requests:
24 <u>REQUEST FOR PRODUCTION NO. 1:</u>
25    YOUR Articles of Incorporation and any amendments thereto.
26
27
28

EXHIBIT    2

PAGE    27

RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

1
2    MGA incorporates by reference its General Response and General Objections
3 above, as though fully set forth herein and specifically incorporates General
4 Objection No. 15 (regarding Definitions), including without limitation MGA's
5 objection to the definition of the terms YOUR, and its incorporated terms
6 AFFILIATES and PERSON. MGA further objects to the request to the extent it
7 seeks the production of documents that are protected from disclosure under any
8 applicable privilege, doctrine or immunity, including without limitation the attorney-
9 client privilege, the work product doctrine, the right of privacy, and all other
10 privileges recognized under the constitutional, statutory or decisional law of the
11 United States of America, the State of California or any other applicable jurisdiction.
12 MGA further objects to this request on the grounds that it is overly broad and unduly
13 burdensome in that it seeks documents not relevant to the claims or defenses in this
14 action and not reasonably calculated to lead to the discovery of admissible evidence.
15 Mattel has not demonstrated how *all* YOUR Articles of Incorporation and *any*
16 amendments thereto could be relevant to the claims and defenses in this action. The
17 request is not limited to the subject matter of this action and is thus impermissibly
18 overbroad. See Magistrate Judge Infante's August 13, 2007 Order ("Aug. 13 Order")
19 at 9:17-20; see also Magistrate Judge Infante's May 22, 2007 Order ("May 22 Order")
20 at 21:5-7 (requests that require production of documents "merely mention[ing] MGA
21 and Bratz but that otherwise have no relevance to the claims and defenses in the suit"
22 are impermissibly overbroad). MGA further objects to this request as being overly
23 broad and unduly burdensome on the grounds that it is not limited in time or
24 geographical scope. MGA further objects to this request on the grounds that the
25 phrase "any amendments" renders the request vague, ambiguous, overly broad and
26 unduly burdensome. MGA further objects to the request to the extent that it seeks
27 documents that by reason of public filing, public distribution or otherwise are already
28

EXHIBIT __2__

PAGE __28__

1  in Mattel's possession or are readily accessible to Mattel. MGA further objects to the

2  request to the extent that it seeks documents not in MGA's possession, custody or

3  control. MGA further objects to the request to the extent it seeks confidential,

4  proprietary or commercially sensitive information, the disclosure of which would be

5  inimical to the business interests of MGA. MGA further objects to the request to the

6  extent it violates the privacy rights of third parties to their private, confidential,

7  proprietary or trade secret information.

8        MGA further objects to this request as cumulative, duplicative, and unduly

9  burdensome to the extent that it seeks documents previously requested by Mattel or

10  produced by MGA (or any of its affiliates) in response to Mattel's document requests,

11  including, but not limited to: Request No. 41 from Mattel, Inc.'s First Set of Requests

12  for Production of Documents and Tangible Things to MGA Entertainment Inc.,

13  Request No. 41 from Mattel, Inc.'s Second Set of Requests for Documents and

14  Things to MGA Entertainment, Inc., Request No. 107 from Mattel, Inc.'s Fourth Set

15  of Requests for Documents and Things to MGA Entertainment, Inc., and Request No.

16  76 from Mattel's First Set of Requests for Documents and Things to MGAE de

17  Mexico, S.R.L. de C.V.

18  REQUEST FOR PRODUCTION NO. 2:

19        YOUR By-Laws and any amendments thereto.

20  RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

21        MGA incorporates by reference its General Response and General Objections

22  above, as though fully set forth herein and specifically incorporates General

23  Objection No. 15 (regarding Definitions), including without limitation MGA's

24  objection to the definition of the terms YOUR, and its incorporated terms

25  AFFILIATES and PERSON. MGA further objects to the request to the extent it

26  seeks the production of documents that are protected from disclosure under any

27  applicable privilege, doctrine or immunity, including without limitation the attorney-

28

MGA ENTERTAINMENT, INC.'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S FIFTH SET OF
REQUESTS FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC. - CV 04-9049 SGL (RNBx)
9

EXHIBIT 2

PAGE 29

1  client privilege, the work product doctrine, the right of privacy, and all other

2  privileges recognized under the constitutional, statutory or decisional law of the

3  United States of America, the State of California or any other applicable jurisdiction.

4  MGA further objects to this request on the grounds that it is overly broad and unduly

5  burdensome in that it seeks documents not relevant to the claims or defenses in this

6  action and not reasonably calculated to lead to the discovery of admissible evidence.

7  Mattel has not demonstrated how *all* YOUR By-Laws and any amendments thereto

8  could be relevant to the claims and defenses in this action. The request is not limited

9  to the subject matter of this action and is thus impermissibly overbroad. See Aug. 13

10  Order at 9:17-20; May 22 Order at 21:5-7. MGA further objects to this request as

11  being overly broad and unduly burdensome on the grounds that it is not limited in

12  time or geographical scope. MGA further objects to this request on the grounds that

13  the phrase "any amendments" renders the request vague, ambiguous, overly broad

14  and unduly burdensome. MGA further objects to the request to the extent that it

15  seeks documents that by reason of public filing, public distribution or otherwise are

16  already in Mattel's possession or are readily accessible to Mattel. MGA further

17  objects to the request to the extent that it seeks documents not in MGA's possession,

18  custody or control. MGA further objects to the request to the extent it seeks

19  confidential, proprietary or commercially sensitive information, the disclosure of

20  which would be inimical to the business interests of MGA. MGA further objects to

21  the request to the extent it violates the privacy rights of third parties to their private,

22  confidential, proprietary or trade secret information.

23     MGA further objects to this request as cumulative, duplicative, and unduly

24  burdensome to the extent that it seeks documents previously requested by Mattel or

25  produced by MGA (or any of its affiliates) in response to Mattel's document requests,

26  including, but not limited to: Request No. 41 from Mattel, Inc.'s First Set of Requests

27  for Production of Documents and Tangible Things to MGA Entertainment Inc.,

28

EXHIBIT  2

PAGE  30

1 | Request No. 41 from Mattel, Inc.'s Second Set of Requests for Documents and

2 | Things to MGA Entertainment, Inc., Request No. 107 from Mattel, Inc.'s Fourth Set

3 | of Requests for Documents and Things to MGA Entertainment, Inc., and Request No.

4 | 76 from Mattel's First Set of Requests for Documents and Things to MGAE de

5 | Mexico, S.R.L. de C.V.

6 | REQUEST FOR PRODUCTION NO. 3:

7 |  YOUR Notice of Incorporation as it appeared when first published and any

8 | amendments thereto.

9 | RESPONSE TO REQUEST FOR PRODUCTION NO. 3:

10 |  MGA incorporates by reference its General Response and General Objections

11 | above, as though fully set forth herein and specifically incorporates General

12 | Objection No. 15 (regarding Definitions), including without limitation MGA's

13 | objection to the definition of the terms YOUR, and its incorporated terms

14 | AFFILIATES and PERSON. MGA further objects to the request to the extent it

15 | seeks the production of documents that are protected from disclosure under any

16 | applicable privilege, doctrine or immunity, including without limitation the attorney-

17 | client privilege, the work product doctrine, the right of privacy, and all other

18 | privileges recognized under the constitutional, statutory or decisional law of the

19 | United States of America, the State of California or any other applicable jurisdiction.

20 | MGA further objects to this request on the grounds that it is overly broad and unduly

21 | burdensome in that it seeks documents not relevant to the claims or defenses in this

22 | action and not reasonably calculated to lead to the discovery of admissible evidence.

23 | Mattel has not demonstrated how *all* YOUR Notices of Incorporation as they

24 | appeared when first published and *any* amendments thereto could be relevant to the

25 | claims and defenses in this action. The request is not limited to the subject matter of

26 | this action and is thus impermissibly overbroad. See Aug. 13 Order at 9:17-20; May

27 | 22 Order at 21:5-7. MGA further objects to this request as being overly broad and

28 |

EXHIBIT _2_

PAGE _31_

1  unduly burdensome on the grounds that it is not limited in time or geographical

2  scope. MGA further objects to this request on the grounds that the phrase "any

3  amendments" renders the request vague, ambiguous, overly broad and unduly

4  burdensome. MGA further objects to the request to the extent that it seeks

5  documents that by reason of public filing, public distribution or otherwise are already

6  in Mattel's possession or are readily accessible to Mattel. MGA further objects to the

7  request to the extent that it seeks documents not in MGA's possession, custody or

8  control. MGA further objects to the request to the extent it seeks confidential,

9  proprietary or commercially sensitive information, the disclosure of which would be

10  inimical to the business interests of MGA. MGA further objects to the request to the

11  extent it violates the privacy rights of third parties to their private, confidential,

12  proprietary or trade secret information.

13      MGA further objects to this request as cumulative, duplicative, and unduly

14  burdensome to the extent that it seeks documents previously requested by Mattel or

15  produced by MGA (or any of its affiliates) in response to Mattel's document requests,

16  including, but not limited to: Request No. 41 from Mattel, Inc.'s First Set of Requests

17  for Production of Documents and Tangible Things to MGA Entertainment Inc.,

18  Request No. 41 from Mattel, Inc.'s Second Set of Requests for Documents and

19  Things to MGA Entertainment, Inc., Request No. 107 from Mattel, Inc.'s Fourth Set

20  of Requests for Documents and Things to MGA Entertainment, Inc., and Request No.

21  76 from Mattel's First Set of Requests for Documents and Things to MGAE de

22  Mexico, S.R.L. de C.V.

23  REQUEST FOR PRODUCTION NO. 4:

24      YOUR quarterly and annual profits and loss statements (both audited and

25  unaudited) from the date of YOUR incorporation to 1999.

26

27

28

EXHIBIT 2

PAGE 32

1 | RESPONSE TO REQUEST FOR PRODUCTION NO. 4:

2 |     MGA incorporates by reference its General Response and General Objections

3 | above, as though fully set forth herein and specifically incorporates General

4 | Objection No. 15 (regarding Definitions), including without limitation MGA's

5 | objection to the definition of the terms YOUR, and its incorporated terms

6 | AFFILIATES and PERSON. MGA further objects to the request to the extent it

7 | seeks the production of documents that are protected from disclosure under any

8 | applicable privilege, doctrine or immunity, including without limitation the attorney-

9 | client privilege, the work product doctrine, the right of privacy, and all other

10 | privileges recognized under the constitutional, statutory or decisional law of the

11 | United States of America, the State of California or any other applicable jurisdiction.

12 | MGA further objects to this request on the grounds that it is overly broad and unduly

13 | burdensome in that it seeks documents not relevant to the claims or defenses in this

14 | action and not reasonably calculated to lead to the discovery of admissible evidence.

15 | Mattel has not demonstrated how *all* YOUR quarterly and annual profits and loss

16 | statements (both audited and unaudited) from the date of YOUR incorporation to

17 | 1999 could be relevant to the claims and defenses in this action. The request is not

18 | limited to the subject matter of this action and is thus impermissibly overbroad. See

19 | Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7. MGA further objects to this

20 | request as being overly broad and unduly burdensome on the grounds that it is not

21 | limited in geographical scope. MGA further objects to the request to the extent that

22 | it seeks documents that by reason of public filing, public distribution or otherwise

23 | are already in Mattel's possession or are readily accessible to Mattel. MGA further

24 | objects to the request to the extent that it seeks documents not in MGA's possession,

25 | custody or control. MGA further objects to the request to the extent it seeks

26 | confidential, proprietary or commercially sensitive information, the disclosure of

27 | which would be inimical to the business interests of MGA. MGA further objects to

28 |

EXHIBIT __2__

PAGE __33__

1  the request to the extent it violates the privacy rights of third parties to their private,

2  confidential, proprietary or trade secret information.

3        MGA further objects to this request as cumulative, duplicative, and unduly

4  burdensome to the extent that it seeks documents previously requested by Mattel or

5  produced by MGA (or any of its affiliates) in response to Mattel's document requests,

6  including, but not limited to:  Request Nos. 41-45 from Mattel, Inc.'s First Set of

7  Requests for Documents and Things to MGA Entertainment (HK) Limited; Request

8  Nos. 40-45 from Mattel, Inc.'s Second Set of Requests for Documents and Things to

9  MGA Entertainment, Inc.; Request Nos. 266-269 from Mattel, Inc.'s First Set of

10  Requests for Documents and Things to Isaac Larian; Request No. 22 from Mattel,

11  Inc.'s Third Set of Requests for Documents and Things to MGA Entertainment, Inc.;

12  Request Nos. 157-159 from Mattel, Inc.'s First Set of Requests for Documents and

13  Things re Claims of Unfair Competition to MGA Entertainment, Inc.; Request No.

14  41 from Mattel, Inc.'s First Set of Requests for Production of Documents and

15  Tangible Things to MGA Entertainment Inc.; Request No. 41 from Mattel, Inc.'s

16  Second Set of Requests for Documents and Things to MGA Entertainment, Inc.;

17  Request Nos. 99, 107 from Mattel, Inc.'s Fourth Set of Requests for Documents and

18  Things to MGA Entertainment, Inc.; and Request Nos. 117-124 Mattel's First Set of

19  Requests for Documents and Things to MGAE de Mexico, S.R.L. de C.V.

20  REQUEST FOR PRODUCTION NO. 5:

21        YOUR quarterly and annual financial statements (both audited and unaudited)

22  from the date of YOUR incorporation to 1999.

23  RESPONSE TO REQUEST FOR PRODUCTION NO. 5:

24        MGA incorporates by reference its General Response and General Objections

25  above, as though fully set forth herein and specifically incorporates General

26  Objection No. 15 (regarding Definitions), including without limitation MGA's

27  objection to the definition of the terms YOUR, and its incorporated terms

28

EXHIBIT 2

PAGE 34

1  AFFILIATES and PERSON. MGA further objects to the request to the extent it

2  seeks the production of documents that are protected from disclosure under any

3  applicable privilege, doctrine or immunity, including without limitation the attorney-

4  client privilege, the work product doctrine, the right of privacy, and all other

5  privileges recognized under the constitutional, statutory or decisional law of the

6  United States of America, the State of California or any other applicable jurisdiction.

7  MGA further objects to this request on the grounds that it is overly broad and unduly

8  burdensome in that it seeks documents not relevant to the claims or defenses in this

9  action and not reasonably calculated to lead to the discovery of admissible evidence.

10  Mattel has not demonstrated how *all* YOUR quarterly and annual financial

11  statements (both audited and unaudited) from the date of YOUR incorporation to

12  1999 could be relevant to the claims and defenses in this action. The request is not

13  limited to the subject matter of this action and is thus impermissibly overbroad. See

14  Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7. MGA further objects to this

15  request as being overly broad and unduly burdensome on the grounds that it is not

16  limited in geographical scope. MGA further objects to the request to the extent that

17  it seeks documents that by reason of public filing, public distribution or otherwise

18  are already in Mattel's possession or are readily accessible to Mattel. MGA further

19  objects to the request to the extent that it seeks documents not in MGA's possession,

20  custody or control. MGA further objects to the request to the extent it seeks

21  confidential, proprietary or commercially sensitive information, the disclosure of

22  which would be inimical to the business interests of MGA. MGA further objects to

23  the request to the extent it violates the privacy rights of third parties to their private,

24  confidential, proprietary or trade secret information.

25          MGA further objects to this request as cumulative, duplicative, and unduly

26  burdensome to the extent that it seeks documents previously requested by Mattel or

27  produced by MGA (or any of its affiliates) in response to Mattel's document requests,

28

MGA ENTERTAINMENT, INC.'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S FIFTH SET OF
REQUESTS FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC. - CV 04-9049 SGL (RNBx)
15

EXHIBIT   2

PAGE   35

1 | including, but not limited to:  Request Nos. 41-45 from Mattel, Inc.'s First Set of

2 | Requests for Documents and Things to MGA Entertainment (HK) Limited; Request

3 | Nos. 40-45 from Mattel, Inc.'s Second Set of Requests for Documents and Things to

4 | MGA Entertainment, Inc.; Request Nos. 266-269 from Mattel, Inc.'s First Set of

5 | Requests for Documents and Things to Isaac Larian; Request No. 22 from Mattel,

6 | Inc.'s Third Set of Requests for Documents and Things to MGA Entertainment, Inc.;

7 | Request Nos. 157-159 from Mattel, Inc.'s First Set of Requests for Documents and

8 | Things re Claims of Unfair Competition to MGA Entertainment, Inc.; Request No.

9 | 41 from Mattel, Inc.'s First Set of Requests for Production of Documents and

10 | Tangible Things to MGA Entertainment Inc.; Request No. 41 from Mattel, Inc.'s

11 | Second Set of Requests for Documents and Things to MGA Entertainment, Inc.;

12 | Request Nos. 99, 107 from Mattel, Inc.'s Fourth Set of Requests for Documents and

13 | Things to MGA Entertainment, Inc.; and Request Nos. 117-124 Mattel's First Set of

14 | Requests for Documents and Things to MGAE de Mexico, S.R.L. de C.V.

15 | <u>REQUEST FOR PRODUCTION NO. 6:</u>

16 | YOUR general ledger from the date of YOUR incorporation to 1999.

17 | <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 6:</u>

18 | MGA incorporates by reference its General Response and General Objections

19 | above, as though fully set forth herein and specifically incorporates General

20 | Objection No. 15 (regarding Definitions), including without limitation MGA's

21 | objection to the definition of the terms YOUR, and its incorporated terms

22 | AFFILIATES and PERSON.  MGA further objects to the request to the extent it

23 | seeks the production of documents that are protected from disclosure under any

24 | applicable privilege, doctrine or immunity, including without limitation the attorney-

25 | client privilege, the work product doctrine, the right of privacy, and all other

26 | privileges recognized under the constitutional, statutory or decisional law of the

27 | United States of America, the State of California or any other applicable jurisdiction.

28 |

MGA ENTERTAINMENT, INC.'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S FIFTH SET OF
REQUESTS FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC. - CV 04-9049 SGL (RNBx)
16

EXHIBIT 2

PAGE 36

1 | MGA further objects to this request on the grounds that it is overly broad and unduly

2 | burdensome in that it seeks documents not relevant to the claims or defenses in this

3 | action and not reasonably calculated to lead to the discovery of admissible evidence.

4 | Mattel has not demonstrated how *all* YOUR general ledger from the date of YOUR

5 | incorporation to 1999 could be relevant to the claims and defenses in this action.

6 | The request is not limited to the subject matter of this action and is thus

7 | impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.

8 | MGA further objects to this request as being overly broad and unduly burdensome

9 | on the grounds that it is not limited in geographical scope.  MGA further objects to

10 | the request to the extent that it seeks documents that by reason of public filing,

11 | public distribution or otherwise are already in Mattel's possession or are readily

12 | accessible to Mattel.  MGA further objects to the request to the extent that it seeks

13 | documents not in MGA's possession, custody or control.  MGA further objects to the

14 | request to the extent it seeks confidential, proprietary or commercially sensitive

15 | information, the disclosure of which would be inimical to the business interests of

16 | MGA.  MGA further objects to the request to the extent it violates the privacy rights

17 | of third parties to their private, confidential, proprietary or trade secret information.

18 | MGA further objects to this request as cumulative, duplicative, and unduly

19 | burdensome to the extent that it seeks documents previously requested by Mattel or

20 | produced by MGA (or any of its affiliates) in response to Mattel's document requests,

21 | including, but not limited to:  Request Nos. 41-45 from Mattel, Inc.'s First Set of

22 | Requests for Documents and Things to MGA Entertainment (HK) Limited; Request

23 | Nos. 40-45 from Mattel, Inc.'s Second Set of Requests for Documents and Things to

24 | MGA Entertainment, Inc.; Request Nos. 266-269 from Mattel, Inc.'s First Set of

25 | Requests for Documents and Things to Isaac Larian; Request No. 22 from Mattel,

26 | Inc.'s Third Set of Requests for Documents and Things to MGA Entertainment, Inc.;

27 | Request Nos. 157-159 from Mattel, Inc.'s First Set of Requests for Documents and

28 |

EXHIBIT 2

PAGE 37

1 | Things re Claims of Unfair Competition to MGA Entertainment, Inc.; Request No.
2 | 41 from Mattel, Inc.'s First Set of Requests for Production of Documents and
3 | Tangible Things to MGA Entertainment Inc.; Request No. 41 from Mattel, Inc.'s
4 | Second Set of Requests for Documents and Things to MGA Entertainment, Inc.;
5 | Request Nos. 99, 107 from Mattel, Inc.'s Fourth Set of Requests for Documents and
6 | Things to MGA Entertainment, Inc.; and Request Nos. 117-124 Mattel's First Set of
7 | Requests for Documents and Things to MGAE de Mexico, S.R.L. de C.V.

8 | <u>REQUEST FOR PRODUCTION NO. 7:</u>

9 |      YOUR federal and state tax returns for each year from the date of YOUR
10 | incorporation to the present.

11 | <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 7:</u>

12 |      MGA incorporates by reference its General Response and General Objections
13 | above, as though fully set forth herein and specifically incorporates General
14 | Objection No. 15 (regarding Definitions), including without limitation MGA's
15 | objection to the definition of the terms YOUR, and its incorporated terms
16 | AFFILIATES and PERSON. MGA further objects to the request to the extent it
17 | seeks the production of documents that are protected from disclosure under any
18 | applicable privilege, doctrine or immunity, including without limitation the attorney-
19 | client privilege, the work product doctrine, the right of privacy, and all other
20 | privileges recognized under the constitutional, statutory or decisional law of the
21 | United States of America, the State of California or any other applicable jurisdiction.
22 | MGA further objects to the request on the grounds that it seeks documents protected
23 | from disclosure by applicable federal and state tax return privileges. <u>See Premium</u>
24 | <u>Service Corp. v. Sperry & Hutchinson Co.</u>, 511 F.2d 225, 229 (9th Cir. 1975);
25 | <u>Southern California Housing Rights Center. v. Krug, et al.</u>, 2006 U.S. Dist. LEXIS
26 | 65330 (C.D. Cal. 2006); <u>Aliotti v. Senora</u>, 217 FRD 496 (N.D. Cal. 2003); <u>San</u>
27 | <u>Francisco Bay Area Rapid Transit District v. Spencer</u>, 2006 U.S. LEXIS 81681 (N.D.
28 |

EXHIBIT 2

PAGE 38

1 | Cal. 2006). See also Webb v. Standard Oil Co., 49 Cal. 2d. 509, 513-514 (1957);

2 | Sav-On Drugs, Inc. v. Superior Ct., 15 Cal. 3d 1, 6-8 (1975); Sammut v. Sammut,

3 | 103 Cal. App. 3d 557, 562 (1982); Order, at 14:29-15:2.  MGA further objects to this

4 | request on the grounds that it is overly broad and unduly burdensome in that it seeks

5 | documents not relevant to the claims or defenses in this action and not reasonably

6 | calculated to lead to the discovery of admissible evidence.  Mattel has not

7 | demonstrated how *all* YOUR federal and state tax returns for each year from the date

8 | of YOUR incorporation to the present could be relevant to the claims and defenses in

9 | this action.  Moreover, Mattel has not shown and cannot show any compelling need

10 | for the production of tax returns.  The request is not limited to the subject matter of

11 | this action and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May

12 | 22 Order at 21:5-7.  MGA further objects to this request as being overly broad and

13 | unduly burdensome on the grounds that it is not limited in geographical scope.

14 | MGA further objects to the request to the extent that it seeks documents that by

15 | reason of public filing, public distribution or otherwise are already in Mattel's

16 | possession or are readily accessible to Mattel.  MGA further objects to the request to

17 | the extent that it seeks documents not in MGA's possession, custody or control.

18 | MGA further objects to the request to the extent it seeks confidential, proprietary or

19 | commercially sensitive information, the disclosure of which would be inimical to the

20 | business interests of MGA.  MGA further objects to the request to the extent it

21 | violates the privacy rights of third parties to their private, confidential, proprietary or

22 | trade secret information.

23 |      MGA further objects to this request as cumulative, duplicative, and unduly

24 | burdensome to the extent that it seeks documents previously requested by Mattel or

25 | produced by MGA (or any of its affiliates) in response to Mattel's document requests,

26 | including, but not limited to:  Request Nos. 41-45 from Mattel, Inc.'s First Set of

27 | Requests for Documents and Things to MGA Entertainment (HK) Limited; Request

28 |

EXHIBIT 2

PAGE 39

1  Nos. 40-45 from Mattel, Inc.'s Second Set of Requests for Documents and Things to

2  MGA Entertainment, Inc.; Request Nos. 266-269 from Mattel, Inc.'s First Set of

3  Requests for Documents and Things to Isaac Larian; Request No. 22 from Mattel,

4  Inc.'s Third Set of Requests for Documents and Things to MGA Entertainment, Inc.;

5  Request Nos. 157-159 from Mattel, Inc.'s First Set of Requests for Documents and

6  Things re Claims of Unfair Competition to MGA Entertainment, Inc.; Request No.

7  41 from Mattel, Inc.'s First Set of Requests for Production of Documents and

8  Tangible Things to MGA Entertainment Inc.; Request No. 41 from Mattel, Inc.'s

9  Second Set of Requests for Documents and Things to MGA Entertainment, Inc.;

10  Request Nos. 99, 107 from Mattel, Inc.'s Fourth Set of Requests for Documents and

11  Things to MGA Entertainment, Inc.; and Request Nos. 117-124 Mattel's First Set of

12  Requests for Documents and Things to MGAE de Mexico, S.R.L. de C.V.

13  REQUEST FOR PRODUCTION NO. 8:

14       DOCUMENTS sufficient to evidence any and all meetings of shareholders of

15  MGA, including the date, time and location of the meeting and the IDENTITY of

16  each PERSON in attendance.

17  RESPONSE TO REQUEST FOR PRODUCTION NO. 8:

18       MGA incorporates by reference its General Response and General Objections

19  above, as though fully set forth herein and specifically incorporates General

20  Objection No. 15 (regarding Definitions), including without limitation MGA's

21  objection to the definition of the terms MGA and its incorporated term AFFILIATES,

22  and PERSON.  MGA further objects to the request to the extent it seeks the

23  production of documents that are protected from disclosure under any applicable

24  privilege, doctrine or immunity, including without limitation the attorney-client

25  privilege, the work product doctrine, the right of privacy, and all other privileges

26  recognized under the constitutional, statutory or decisional law of the United States

27  of America, the State of California or any other applicable jurisdiction.  MGA further

28

EXHIBIT ___2___

PAGE ___40___

1 | objects to this request on the grounds that it is overly broad and unduly burdensome
2 | in that it seeks documents not relevant to the claims or defenses in this action and not
3 | reasonably calculated to lead to the discovery of admissible evidence. Mattel has not
4 | demonstrated how DOCUMENTS sufficient to evidence *any and all* meetings of
5 | shareholders of MGA, including the date, time and location of the meeting and the
6 | IDENTITY of *each* PERSON in attendance could be relevant to the claims and
7 | defenses in this action. The request is not limited to the subject matter of this action
8 | and is thus impermissibly overbroad. See Aug. 13 Order at 9:17-20; May 22 Order
9 | at 21:5-7. MGA further objects to this request as being overly broad and unduly
10 | burdensome on the grounds that it is not limited in time or geographical scope.
11 | MGA further objects to the phrases "sufficient to evidence" as vague and ambiguous.
12 | MGA further objects to the request to the extent that it seeks documents that by
13 | reason of public filing, public distribution or otherwise are already in Mattel's
14 | possession or are readily accessible to Mattel. MGA further objects to the request to
15 | the extent that it seeks documents not in MGA's possession, custody or control.
16 | MGA further objects to the request to the extent it seeks confidential, proprietary or
17 | commercially sensitive information, the disclosure of which would be inimical to the
18 | business interests of MGA. MGA further objects to the request to the extent it
19 | violates the privacy rights of third parties to their private, confidential, proprietary or
20 | trade secret information.
21 |     MGA further objects to this request as cumulative, duplicative, and unduly
22 | burdensome to the extent that it seeks documents previously requested by Mattel or
23 | produced by MGA (or any of its affiliates) in response to Mattel's document requests,
24 | including, but not limited to: Request No. 107 from Mattel, Inc.'s Fourth Set of
25 | Requests for Documents and Things to MGA Entertainment, Inc.   .
26 | REQUEST FOR PRODUCTION NO. 9:
27 |     The minutes of all meetings of shareholders of MGA.
28 |

MGA ENTERTAINMENT, INC.'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S FIFTH SET OF REQUESTS FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC. - CV 04-9049 SGL (RNBx)

21

EXHIBIT 2

PAGE 41

1 | RESPONSE TO REQUEST FOR PRODUCTION NO. 9:

2 |     MGA incorporates by reference its General Response and General Objections

3 | above, as though fully set forth herein and specifically incorporates General

4 | Objection No. 15 (regarding Definitions), including without limitation MGA's

5 | objection to the definition of the terms MGA and its incorporated term AFFILIATES,

6 | and PERSON. MGA further objects to the request to the extent it seeks the

7 | production of documents that are protected from disclosure under any applicable

8 | privilege, doctrine or immunity, including without limitation the attorney-client

9 | privilege, the work product doctrine, the right of privacy, and all other privileges

10 | recognized under the constitutional, statutory or decisional law of the United States

11 | of America, the State of California or any other applicable jurisdiction. MGA further

12 | objects to this request on the grounds that it is overly broad and unduly burdensome

13 | in that it seeks documents not relevant to the claims or defenses in this action and not

14 | reasonably calculated to lead to the discovery of admissible evidence. Mattel has not

15 | demonstrated how the minutes of *all* meetings of shareholders of MGA could be

16 | relevant to the claims and defenses in this action. The request is not limited to the

17 | subject matter of this action and is thus impermissibly overbroad. See Aug. 13 Order

18 | at 9:17-20; May 22 Order at 21:5-7. MGA further objects to this request as being

19 | overly broad and unduly burdensome on the grounds that it is not limited in time or

20 | geographical scope. MGA further objects to the request to the extent that it seeks

21 | documents that by reason of public filing, public distribution or otherwise are already

22 | in Mattel's possession or are readily accessible to Mattel. MGA further objects to the

23 | request to the extent that it seeks documents not in MGA's possession, custody or

24 | control. MGA further objects to the request to the extent it seeks confidential,

25 | proprietary or commercially sensitive information, the disclosure of which would be

26 | inimical to the business interests of MGA. MGA further objects to the request to the

27 |

28 |

MGA ENTERTAINMENT, INC.'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S FIFTH SET OF REQUESTS FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC. - CV 04-9049 SGL (RNBx)

22

EXHIBIT 2

PAGE 42

1 | extent it violates the privacy rights of third parties to their private, confidential,

2 | proprietary or trade secret information.

3 |     MGA further objects to this request as cumulative, duplicative, and unduly

4 | burdensome to the extent that it seeks documents previously requested by Mattel or

5 | produced by MGA (or any of its affiliates) in response to Mattel's document requests,

6 | including, but not limited to: Request No. 107 from Mattel, Inc.'s Fourth Set of

7 | Requests for Documents and Things to MGA Entertainment, Inc.

8 | REQUEST FOR PRODUCTION NO. 10:

9 |     DOCUMENTS sufficient to evidence any and all meetings of the board of

10 | directors of MGA, including the date, time and location of the meeting and the

11 | IDENTITY of each PERSON in attendance.

12 | RESPONSE TO REQUEST FOR PRODUCTION NO. 10:

13 |     MGA incorporates by reference its General Response and General Objections

14 | above, as though fully set forth herein and specifically incorporates General

15 | Objection No. 15 (regarding Definitions), including without limitation MGA's

16 | objection to the definition of the terms MGA and its incorporated term AFFILIATES,

17 | and PERSON. MGA further objects to the request to the extent it seeks the

18 | production of documents that are protected from disclosure under any applicable

19 | privilege, doctrine or immunity, including without limitation the attorney-client

20 | privilege, the work product doctrine, the right of privacy, and all other privileges

21 | recognized under the constitutional, statutory or decisional law of the United States

22 | of America, the State of California or any other applicable jurisdiction. MGA further

23 | objects to this request on the grounds that it is overly broad and unduly burdensome

24 | in that it seeks documents not relevant to the claims or defenses in this action and not

25 | reasonably calculated to lead to the discovery of admissible evidence. Mattel has not

26 | demonstrated how DOCUMENTS sufficient to evidence *any and all* meetings of the

27 | board of directors of MGA, including the date, time and location of the meeting and

28 |

EXHIBIT 2

PAGE 43

1  the IDENTITY of *each* PERSON in attendance could be relevant to the claims and

2  defenses in this action.  The request is not limited to the subject matter of this action

3  and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order

4  at 21:5-7.  MGA further objects to this request as being overly broad and unduly

5  burdensome on the grounds that it is not limited in time or geographical scope.

6  MGA further objects to the phrase "sufficient to evidence" as vague and ambiguous.

7  MGA further objects to the request to the extent that it seeks documents that by

8  reason of public filing, public distribution or otherwise are already in Mattel's

9  possession or are readily accessible to Mattel.  MGA further objects to the request to

10 the extent that it seeks documents not in MGA's possession, custody or control.

11 MGA further objects to the request to the extent it seeks confidential, proprietary or

12 commercially sensitive information, the disclosure of which would be inimical to the

13 business interests of MGA.  MGA further objects to the request to the extent it

14 violates the privacy rights of third parties to their private, confidential, proprietary or

15 trade secret information.

16      MGA further objects to this request as cumulative, duplicative, and unduly

17 burdensome to the extent that it seeks documents previously requested by Mattel or

18 produced by MGA (or any of its affiliates) in response to Mattel's document requests,

19 including, but not limited to:  Request No. 107 from Mattel, Inc.'s Fourth Set of

20 Requests for Documents and Things to MGA Entertainment, Inc.

21 REQUEST FOR PRODUCTION NO. 11:

22      The minutes of all meetings of the board of directors of MGA.

23 RESPONSE TO REQUEST FOR PRODUCTION NO. 11:

24      MGA incorporates by reference its General Response and General Objections

25 above, as though fully set forth herein and specifically incorporates General

26 Objection No. 15 (regarding Definitions), including without limitation MGA's

27 objection to the definition of the terms MGA and its incorporated terms

28

EXHIBIT 2

PAGE 44