1 | salary, benefits or *any* other compensation paid to *any* officer, director or shareholder
2 | of MGA could be relevant to the claims and defenses in this action. The request is
3 | not limited to the subject matter of this action and is thus impermissibly overbroad.
4 | See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7. MGA further objects to this
5 | request as being overly broad and unduly burdensome on the grounds that it is not
6 | limited in time or geographical scope. MGA further objects to the phrase "sufficient
7 | to show any and all . . . including . . ." as vague and ambiguous. MGA further
8 | objects to the request to the extent that it seeks documents that by reason of public
9 | filing, public distribution or otherwise are already in Mattel's possession or are
10 | readily accessible to Mattel. MGA further objects to the request to the extent that it
11 | seeks documents not in MGA's possession, custody or control. Such information
12 | may also be subject to protective orders governing other litigations thereby
13 | precluding disclosure in response to this request. MGA further objects to the request
14 | to the extent it seeks confidential, proprietary or commercially sensitive information,
15 | the disclosure of which would be inimical to the business interests of MGA. MGA
16 | further objects to the request to the extent it violates the privacy rights of third parties
17 | to their private, confidential, proprietary or trade secret information.
18 |     MGA further objects to this request as cumulative, duplicative, and unduly
19 | burdensome to the extent that it seeks documents previously requested by Mattel or
20 | produced by MGA (or any of its affiliates) in response to Mattel's document requests.
21 | REQUEST FOR PRODUCTION NO. 37:
22 |     DOCUMENTS sufficient to show any and all payments or transfers of
23 | anything of value to any officer, director or shareholder of MGA, including to whom
24 | the payments or transfers were made, the amounts of the payments or the value of
25 | the item transferred and the dates of the payments or transfers.
26 |
27 |
28 |

MGA ENTERTAINMENT, INC.'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S FIFTH SET OF REQUESTS FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC. - CV 04-9049 SGL (RNBx)
65

EXHIBIT 2
PAGE 85

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

1
2      MGA incorporates by reference its General Response and General Objections
3   above, as though fully set forth herein and specifically incorporates General
4   Objection No. 15 (regarding Definitions), including without limitation MGA's
5   objection to the definition of the terms MGA and its incorporated terms
6   AFFILIATES and PERSON.  MGA further objects to the request to the extent it
7   seeks the production of documents that are protected from disclosure under any
8   applicable privilege, doctrine or immunity, including without limitation the attorney-
9   client privilege, the work product doctrine, the right of privacy, and all other
10  privileges recognized under the constitutional, statutory or decisional law of the
11  United States of America, the State of California or any other applicable jurisdiction.
12  MGA further objects to this request on the grounds that it is overly broad and unduly
13  burdensome in that it seeks documents not relevant to the claims or defenses in this
14  action and not reasonably calculated to lead to the discovery of admissible evidence.
15  Mattel has not demonstrated how DOCUMENTS sufficient to show *any and all*
16  payments or transfers of *anything* of value to *any* officer, director or shareholder of
17  MGA could be relevant to the claims and defenses in this action.  The request is not
18  limited to the subject matter of this action and is thus impermissibly overbroad.  See
19  Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this
20  request as being overly broad and unduly burdensome on the grounds that it is not
21  limited in time or geographical scope.  MGA further objects to the phrase "sufficient
22  to show any and all . . . including . . ." as vague and ambiguous.  MGA further
23  objects to the request to the extent that it seeks documents that by reason of public
24  filing, public distribution or otherwise are already in Mattel's possession or are
25  readily accessible to Mattel.  MGA further objects to the request to the extent that it
26  seeks documents not in MGA's possession, custody or control.  Such information
27  may also be subject to protective orders governing other litigations thereby
28

MGA ENTERTAINMENT, INC.'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S FIFTH SET OF
REQUESTS FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC. - CV 04-9049 SGL (RNBx)
66

EXHIBIT __2__

PAGE __86__

1  precluding disclosure in response to this request. MGA further objects to the request
2  to the extent it seeks confidential, proprietary or commercially sensitive information,
3  the disclosure of which would be inimical to the business interests of MGA. MGA
4  further objects to the request to the extent it violates the privacy rights of third parties
5  to their private, confidential, proprietary or trade secret information.
6      MGA further objects to this request as cumulative, duplicative, and unduly
7  burdensome to the extent that it seeks documents previously requested by Mattel or
8  produced by MGA (or any of its affiliates) in response to Mattel's document requests.
9  REQUEST FOR PRODUCTION NO. 38:
10     DOCUMENTS sufficient to show any and all salary, benefits or any other
11 compensation paid to any FAMILY MEMBER of any officer, director or
12 shareholder of MGA, including to whom the payments were made, the amounts paid
13 and the dates of payment.
14 RESPONSE TO REQUEST FOR PRODUCTION NO. 38:
15     MGA incorporates by reference its General Response and General Objections
16 above, as though fully set forth herein and specifically incorporates General
17 Objection No. 15 (regarding Definitions), including without limitation MGA's
18 objection to the definition of the terms FAMILY MEMBER and MGA and its
19 incorporated terms AFFILIATES and PERSON. MGA further objects to the request
20 to the extent it seeks the production of documents that are protected from disclosure
21 under any applicable privilege, doctrine or immunity, including without limitation
22 the attorney-client privilege, the work product doctrine, the right of privacy, and all
23 other privileges recognized under the constitutional, statutory or decisional law of
24 the United States of America, the State of California or any other applicable
25 jurisdiction. MGA further objects to this request on the grounds that it is overly
26 broad and unduly burdensome in that it seeks documents not relevant to the claims or
27 defenses in this action and not reasonably calculated to lead to the discovery of
28

EXHIBIT __2__

PAGE __87__

1  admissible evidence. Mattel has not demonstrated how DOCUMENTS sufficient to
2  show *any and all* salary, benefits or *any* other compensation paid to *any* FAMILY
3  MEMBER of *any* officer, director or shareholder of MGA could be relevant to the
4  claims and defenses in this action. The request is not limited to the subject matter of
5  this action and is thus impermissibly overbroad. See Aug. 13 Order at 9:17-20; May
6  22 Order at 21:5-7. MGA further objects to this request as being overly broad and
7  unduly burdensome on the grounds that it is not limited in time or geographical
8  scope. MGA further objects to the phrase "sufficient to show any and all . . .
9  including . . ." as vague and ambiguous. MGA further objects to the request to the
10  extent that it seeks documents that by reason of public filing, public distribution or
11  otherwise are already in Mattel's possession or are readily accessible to Mattel.
12  MGA further objects to the request to the extent that it seeks documents not in
13  MGA's possession, custody or control. MGA further objects to the request to the
14  extent it seeks confidential, proprietary or commercially sensitive information, the
15  disclosure of which would be inimical to the business interests of MGA. Such
16  information may also be subject to protective orders governing other litigations
17  thereby precluding disclosure in response to this request. MGA further objects to the
18  request to the extent it violates the privacy rights of third parties to their private,
19  confidential, proprietary or trade secret information.
20      MGA further objects to this request as cumulative, duplicative, and unduly
21  burdensome to the extent that it seeks documents previously requested by Mattel or
22  produced by MGA (or any of its affiliates) in response to Mattel's document requests.
23  REQUEST FOR PRODUCTION NO. 39:
24      DOCUMENTS sufficient to show any and all payments or transfers of
25  anything of value to any FAMILY MEMBER of any officer, director or shareholder
26  of MGA, including to whom the payments or transfers were made, the amounts of
27
28

EXHIBIT 2

PAGE 88

1  the payments or the value of the item transferred and the dates of the payments or

2  transfers.

3  RESPONSE TO REQUEST FOR PRODUCTION NO. 39:

4      MGA incorporates by reference its General Response and General Objections

5  above, as though fully set forth herein and specifically incorporates General

6  Objection No. 15 (regarding Definitions), including without limitation MGA's

7  objection to the definition of the terms FAMILY MEMBER and MGA and its

8  incorporated terms AFFILIATES and PERSON. MGA further objects to the request

9  to the extent it seeks the production of documents that are protected from disclosure

10 under any applicable privilege, doctrine or immunity, including without limitation

11 the attorney-client privilege, the work product doctrine, the right of privacy, and all

12 other privileges recognized under the constitutional, statutory or decisional law of

13 the United States of America, the State of California or any other applicable

14 jurisdiction. MGA further objects to this request on the grounds that it is overly

15 broad and unduly burdensome in that it seeks documents not relevant to the claims or

16 defenses in this action and not reasonably calculated to lead to the discovery of

17 admissible evidence. Mattel has not demonstrated how DOCUMENTS sufficient to

18 show *any and all* payments or transfers of *anything* of value to *any* FAMILY

19 MEMBER of *any* officer, director or shareholder of MGA could be relevant to the

20 claims and defenses in this action. The request is not limited to the subject matter of

21 this action and is thus impermissibly overbroad. See Aug. 13 Order at 9:17-20; May

22 22 Order at 21:5-7. MGA further objects to this request as being overly broad and

23 unduly burdensome on the grounds that it is not limited in time or geographical

24 scope. MGA further objects to the phrase "sufficient to show any and all . . .

25 including . . ." as vague and ambiguous. MGA further objects to the request to the

26 extent that it seeks documents that by reason of public filing, public distribution or

27 otherwise are already in Mattel's possession or are readily accessible to Mattel.

28

EXHIBIT 2

PAGE 89

1   MGA further objects to the request to the extent that it seeks documents not in

2   MGA's possession, custody or control. MGA further objects to the request to the

3   extent it seeks confidential, proprietary or commercially sensitive information, the

4   disclosure of which would be inimical to the business interests of MGA. Such

5   information may also be subject to protective orders governing other litigations

6   thereby precluding disclosure in response to this request. MGA further objects to the

7   request to the extent it violates the privacy rights of third parties to their private,

8   confidential, proprietary or trade secret information.

9          MGA further objects to this request as cumulative, duplicative, and unduly

10  burdensome to the extent that it seeks documents previously requested by Mattel or

11  produced by MGA (or any of its affiliates) in response to Mattel's document requests.

12  REQUEST FOR PRODUCTION NO. 40:

13         Statements for accounts maintained by YOU at any bank or other financial

14  institution sufficient to show any and all payments to any officer, director or

15  shareholder of MGA.

16  RESPONSE TO REQUEST FOR PRODUCTION NO. 40:

17         MGA incorporates by reference its General Response and General Objections

18  above, as though fully set forth herein and specifically incorporates General

19  Objection No. 15 (regarding Definitions), including without limitation MGA's

20  objection to the definition of the terms YOU and MGA and their incorporated terms

21  AFFILIATES and PERSON. MGA further objects to the request to the extent it

22  seeks the production of documents that are protected from disclosure under any

23  applicable privilege, doctrine or immunity, including without limitation the attorney-

24  client privilege, the work product doctrine, the right of privacy, and all other

25  privileges recognized under the constitutional, statutory or decisional law of the

26  United States of America, the State of California or any other applicable jurisdiction.

27  MGA further objects to this request on the grounds that it is overly broad and unduly

28

EXHIBIT   2

PAGE   90

1  burdensome in that it seeks documents not relevant to the claims or defenses in this
2  action and not reasonably calculated to lead to the discovery of admissible evidence.
3  Mattel has not demonstrated how *all* statements for accounts maintained by YOU at
4  *any* bank or other financial institution sufficient to show *any and all* payments to *any*
5  officer, director or shareholder of MGA could be relevant to the claims and defenses
6  in this action.  The request is not limited to the subject matter of this action and is
7  thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-
8  7.  MGA further objects to this request as being overly broad and unduly
9  burdensome on the grounds that it is not limited in time or geographical scope.
10 MGA further objects to the phrase "sufficient to show any and all" as vague and
11 ambiguous.  MGA further objects to the request to the extent that it seeks documents
12 that by reason of public filing, public distribution or otherwise are already in Mattel's
13 possession or are readily accessible to Mattel.  MGA further objects to the request to
14 the extent that it seeks documents not in MGA's possession, custody or control.
15 MGA further objects to the request to the extent it seeks confidential, proprietary or
16 commercially sensitive information, the disclosure of which would be inimical to the
17 business interests of MGA.  Such information may also be subject to protective
18 orders governing other litigations thereby precluding disclosure in response to this
19 request.  MGA further objects to the request to the extent it violates the privacy
20 rights of third parties to their private, confidential, proprietary or trade secret
21 information.

22      MGA further objects to this request as cumulative, duplicative, and unduly
23 burdensome to the extent that it seeks documents previously requested by Mattel or
24 produced by MGA (or any of its affiliates) in response to Mattel's document requests.
25
26
27
28

EXHIBIT ___
PAGE ___

**REQUEST FOR PRODUCTION NO. 41:**

Statements for accounts maintained by YOU at any bank or other financial institution sufficient to show any and all payments to any FAMILY MEMBER of any officer, director or shareholder of MGA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation MGA's objection to the definition of the terms YOU and MGA and their incorporated terms AFFILIATES and PERSON. MGA further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction. MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks documents not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence. Mattel has not demonstrated how *all* statements for accounts maintained by YOU at *any* bank or other financial institution sufficient to show *any and all* payments to *any* FAMILY MEMBER of *any* officer, director or shareholder of MGA could be relevant to the claims and defenses in this action. The request is not limited to the subject matter of this action and is thus impermissibly overbroad. See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7. MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time or geographic scope. MGA further objects to the phrase "sufficient to show any and all" as vague and ambiguous. MGA further objects to the request to the extent that it

MGA ENTERTAINMENT, INC.'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S FIFTH SET OF REQUESTS FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC. - CV 04-9049 SGL (RNBx)

72

EXHIBIT 2

PAGE 72

1  seeks documents that by reason of public filing, public distribution or otherwise are

2  already in Mattel's possession or are readily accessible to Mattel. MGA further

3  objects to the request to the extent that it seeks documents not in MGA's possession,

4  custody or control. MGA further objects to the request to the extent it seeks

5  confidential, proprietary or commercially sensitive information, the disclosure of

6  which would be inimical to the business interests of MGA. MGA further objects to

7  the request to the extent it violates the privacy rights of third parties to their private,

8  confidential, proprietary or trade secret information.

9       MGA further objects to this request as cumulative, duplicative, and unduly

10  burdensome to the extent that it seeks documents previously requested by Mattel or

11  produced by MGA (or any of its affiliates) in response to Mattel's document requests.

12  REQUEST FOR PRODUCTION NO. 42:

13       DOCUMENTS sufficient to show any and all advances of funds to any officer,

14  director or shareholder of MGA for services to be performed at a later date, including

15  the amount of the advance, the date of the advance, the services to be performed,

16  whether they were performed and when they were performed.

17  RESPONSE TO REQUEST FOR PRODUCTION NO. 42:

18       MGA incorporates by reference its General Response and General Objections

19  above, as though fully set forth herein and specifically incorporates General

20  Objection No. 15 (regarding Definitions), including without limitation MGA's

21  objection to the definition of the term MGA and its incorporated terms AFFILIATES

22  and PERSON. MGA further objects to the request to the extent it seeks the

23  production of documents that are protected from disclosure under any applicable

24  privilege, doctrine or immunity, including without limitation the attorney-client

25  privilege, the work product doctrine, the right of privacy, and all other privileges

26  recognized under the constitutional, statutory or decisional law of the United States

27  of America, the State of California or any other applicable jurisdiction. MGA further

28

1   objects to this request on the grounds that it is overly broad and unduly burdensome

2   in that it seeks documents not relevant to the claims or defenses in this action and not

3   reasonably calculated to lead to the discovery of admissible evidence.  Mattel has not

4   demonstrated how DOCUMENTS sufficient to show *any and all* advances of funds

5   to *any* officer, director or shareholder of MGA for services to be performed at a later

6   date could be relevant to the claims and defenses in this action.  The request is not

7   limited to the subject matter of this action and is thus impermissibly overbroad.  See

8   Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this

9   request as being overly broad and unduly burdensome on the grounds that it is not

10  limited in time or geographical scope.  MGA further objects to the phrase "sufficient

11  to show any and all . . . including . . ." as vague and ambiguous.  MGA further

12  objects to the request to the extent that it seeks documents that by reason of public

13  filing, public distribution or otherwise are already in Mattel's possession or are

14  readily accessible to Mattel.  MGA further objects to the request to the extent that it

15  seeks documents not in MGA's possession, custody or control.  MGA further objects

16  to the request to the extent it seeks confidential, proprietary or commercially

17  sensitive information, the disclosure of which would be inimical to the business

18  interests of MGA.  Such information may also be subject to protective orders

19  governing other litigations thereby precluding disclosure in response to this request.

20  MGA further objects to the request to the extent it violates the privacy rights of third

21  parties to their private, confidential, proprietary or trade secret information.

22      MGA further objects to this request as cumulative, duplicative, and unduly

23  burdensome to the extent that it seeks documents previously requested by Mattel or

24  produced by MGA (or any of its affiliates) in response to Mattel's document requests.

25

26

27

28

EXHIBIT 2

PAGE 94

1 | REQUEST FOR PRODUCTION NO. 43:

2 | DOCUMENTS sufficient to show any and all gifts to any officer, director or

3 | shareholder of MGA, including to whom the gift was made, when the gift was made,

4 | the nature, amount and value of the gift and the reason for making the gift.

5 | RESPONSE TO REQUEST FOR PRODUCTION NO. 43:

6 | MGA incorporates by reference its General Response and General Objections

7 | above, as though fully set forth herein and specifically incorporates General

8 | Objection No. 15 (regarding Definitions), including without limitation MGA's

9 | objection to the definition of the term MGA and its incorporated terms AFFILIATES

10 | and PERSON. MGA further objects to the request to the extent it seeks the

11 | production of documents that are protected from disclosure under any applicable

12 | privilege, doctrine or immunity, including without limitation the attorney-client

13 | privilege, the work product doctrine, the right of privacy, and all other privileges

14 | recognized under the constitutional, statutory or decisional law of the United States

15 | of America, the State of California or any other applicable jurisdiction. MGA further

16 | objects to this request on the grounds that it is overly broad and unduly burdensome

17 | in that it seeks documents not relevant to the claims or defenses in this action and not

18 | reasonably calculated to lead to the discovery of admissible evidence. Mattel has not

19 | demonstrated how DOCUMENTS sufficient to show *any and all* gifts to *any* officer,

20 | director or shareholder of MGA could be relevant to the claims and defenses in this

21 | action. The request is not limited to the subject matter of this action and is thus

22 | impermissibly overbroad. See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.

23 | MGA further objects to this request as being overly broad and unduly burdensome

24 | on the grounds that it is not limited in time or geographical scope. MGA further

25 | objects to the phrase "sufficient to show any and all . . . including . . ." as vague and

26 | ambiguous. MGA further objects to the request to the extent that it seeks documents

27 | that by reason of public filing, public distribution or otherwise are already in Mattel's

28 |

EXHIBIT 2

PAGE 95

1  possession or are readily accessible to Mattel.  MGA further objects to the request to

2  the extent that it seeks documents not in MGA's possession, custody or control.

3  MGA further objects to the request to the extent it seeks confidential, proprietary or

4  commercially sensitive information, the disclosure of which would be inimical to the

5  business interests of MGA.  Such information may also be subject to protective

6  orders governing other litigations thereby precluding disclosure in response to this

7  request.  MGA further objects to the request to the extent it violates the privacy

8  rights of third parties to their private, confidential, proprietary or trade secret

9  information.

10       MGA further objects to this request as cumulative, duplicative, and unduly

11  burdensome to the extent that it seeks documents previously requested by Mattel or

12  produced by MGA (or any of its affiliates) in response to Mattel's document requests.

13  REQUEST FOR PRODUCTION NO. 44:

14       DOCUMENTS sufficient to show any and all gifts to any FAMILY

15  MEMBER of any officer, director or shareholder of MGA, including to whom the

16  gift was made, when the gift was made, the nature, amount and value of the gift and

17  the reason for making the gift.

18  RESPONSE TO REQUEST FOR PRODUCTION NO. 44:

19       MGA incorporates by reference its General Response and General Objections

20  above, as though fully set forth herein and specifically incorporates General

21  Objection No. 15 (regarding Definitions), including without limitation MGA's

22  objection to the definition of the terms FAMILY MEMBER and MGA and its

23  incorporated terms AFFILIATES and PERSON.  MGA further objects to the request

24  to the extent it seeks the production of documents that are protected from disclosure

25  under any applicable privilege, doctrine or immunity, including without limitation

26  the attorney-client privilege, the work product doctrine, the right of privacy, and all

27  other privileges recognized under the constitutional, statutory or decisional law of

28

EXHIBIT  2
PAGE  96

1  the United States of America, the State of California or any other applicable

2  jurisdiction.  MGA further objects to this request on the grounds that it is overly

3  broad and unduly burdensome in that it seeks documents not relevant to the claims or

4  defenses in this action and not reasonably calculated to lead to the discovery of

5  admissible evidence.  Mattel has not demonstrated how DOCUMENTS sufficient to

6  show *any and all* gifts to *any* FAMILY MEMBER of *any* officer, director or

7  shareholder of MGA could be relevant to the claims and defenses in this action.  The

8  request is not limited to the subject matter of this action and is thus impermissibly

9  overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.  MGA further

10  objects to this request as being overly broad and unduly burdensome on the grounds

11  that it is not limited in time or geographical scope.  MGA further objects to the

12  phrase "sufficient to show any and all . . . including . . ." as vague and ambiguous.

13  MGA further objects to the request to the extent that it seeks documents that by

14  reason of public filing, public distribution or otherwise are already in Mattel's

15  possession or are readily accessible to Mattel.  MGA further objects to the request to

16  the extent that it seeks documents not in MGA's possession, custody or control.

17  MGA further objects to the request to the extent it seeks confidential, proprietary or

18  commercially sensitive information, the disclosure of which would be inimical to the

19  business interests of MGA.  MGA further objects to the request to the extent it

20  violates the privacy rights of third parties to their private, confidential, proprietary or

21  trade secret information.

22      MGA further objects to this request as cumulative, duplicative, and unduly

23  burdensome to the extent that it seeks documents previously requested by Mattel or

24  produced by MGA (or any of its affiliates) in response to Mattel's document requests.

25  REQUEST FOR PRODUCTION NO. 45:

26      DOCUMENTS sufficient to show any and all obligations of any officer,

27  director or shareholder of MGA guaranteed or cosigned by MGA, including the

28

EXHIBIT  2

PAGE  97

1  IDENTITY of the PERSON whose obligation was guaranteed or cosigned, the
2  identity of the creditor or lender, the nature and amount of the obligation, the date the
3  obligation was guaranteed or cosigned, whether the obligation has been satisfied and,
4  if so, by whom.

5  RESPONSE TO REQUEST FOR PRODUCTION NO. 45:

6      MGA incorporates by reference its General Response and General Objections
7  above, as though fully set forth herein and specifically incorporates General
8  Objection No. 15 (regarding Definitions), including without limitation MGA's
9  objection to the definition of the terms PERSON and MGA and its incorporated term
10  AFFILIATES. MGA further objects to the request to the extent it seeks the
11  production of documents that are protected from disclosure under any applicable
12  privilege, doctrine or immunity, including without limitation the attorney-client
13  privilege, the work product doctrine, the right of privacy, and all other privileges
14  recognized under the constitutional, statutory or decisional law of the United States
15  of America, the State of California or any other applicable jurisdiction. MGA further
16  objects to this request on the grounds that it is overly broad and unduly burdensome
17  in that it seeks documents not relevant to the claims or defenses in this action and not
18  reasonably calculated to lead to the discovery of admissible evidence. Mattel has not
19  demonstrated how documents showing DOCUMENTS sufficient to show *any and*
20  *all* obligations of *any* officer, director or shareholder of MGA guaranteed or
21  cosigned by MGA could be relevant to the claims and defenses in this action. The
22  request is not limited to the subject matter of this action and is thus impermissibly
23  overbroad. See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7. MGA further
24  objects to this request as being overly broad and unduly burdensome on the grounds
25  that it is not limited in time or geographical scope. MGA further objects to the
26  phrase "sufficient to show any and all . . . including . . ." as vague and ambiguous.
27  MGA further objects to the request to the extent that it seeks documents that by
28

EXHIBIT 2

PAGE 98

1  reason of public filing, public distribution or otherwise are already in Mattel's
2  possession or are readily accessible to Mattel. MGA further objects to the request to
3  the extent that it seeks documents not in MGA's possession, custody or control.
4  MGA further objects to the request to the extent it seeks confidential, proprietary or
5  commercially sensitive information, the disclosure of which would be inimical to the
6  business interests of MGA. Such information may also be subject to protective
7  orders governing other litigations thereby precluding disclosure in response to this
8  request. MGA further objects to the request to the extent it violates the privacy
9  rights of third parties to their private, confidential, proprietary or trade secret
10  information.

11      MGA further objects to this request as cumulative, duplicative, and unduly
12  burdensome to the extent that it seeks documents previously requested by Mattel or
13  produced by MGA (or any of its affiliates) in response to Mattel's document requests.

14  <u>REQUEST FOR PRODUCTION NO. 46:</u>

15      DOCUMENTS sufficient to show any and all obligations of MGA guaranteed
16  or cosigned by any officer, director, shareholder or employee of MGA, including the
17  IDENTITY of the PERSON who guaranteed or cosigned the obligation, the identity
18  of the creditor or lender, the nature and amount of the obligation, the date the
19  obligation was guaranteed or cosigned, whether the obligation has been satisfied and,
20  if so, by whom.

21  <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 46:</u>

22      MGA incorporates by reference its General Response and General Objections
23  above, as though fully set forth herein and specifically incorporates General
24  Objection No. 15 (regarding Definitions), including without limitation MGA's
25  objection to the definition of the terms PERSON and MGA and its incorporated term
26  AFFILIATES. MGA further objects to the request to the extent it seeks the
27  production of documents that are protected from disclosure under any applicable
28

MGA ENTERTAINMENT, INC.'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S FIFTH SET OF
REQUESTS FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC. - CV 04-9049 SGL (RNBx)
79

EXHIBIT  2

PAGE  99

1 | privilege, doctrine or immunity, including without limitation the attorney-client
2 | privilege, the work product doctrine, the right of privacy, and all other privileges
3 | recognized under the constitutional, statutory or decisional law of the United States
4 | of America, the State of California or any other applicable jurisdiction. MGA further
5 | objects to this request on the grounds that it is overly broad and unduly burdensome
6 | in that it seeks documents not relevant to the claims or defenses in this action and not
7 | reasonably calculated to lead to the discovery of admissible evidence. Mattel has not
8 | demonstrated how DOCUMENTS sufficient to show *any and all* obligations of
9 | MGA guaranteed or cosigned by *any* officer, director, shareholder or employee of
10 | MGA could be relevant to the claims and defenses in this action. The request is not
11 | limited to the subject matter of this action and is thus impermissibly overbroad. See
12 | Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7. MGA further objects to this
13 | request as being overly broad and unduly burdensome on the grounds that it is not
14 | limited in time or geographical scope. MGA further objects to the phrase "sufficient
15 | to show any and all . . . including . . ." as vague and ambiguous. MGA further
16 | objects to the request to the extent that it seeks documents that by reason of public
17 | filing, public distribution or otherwise are already in Mattel's possession or are
18 | readily accessible to Mattel. MGA further objects to the request to the extent that it
19 | seeks documents not in MGA's possession, custody or control. MGA further objects
20 | to the request to the extent it seeks confidential, proprietary or commercially
21 | sensitive information, the disclosure of which would be inimical to the business
22 | interests of MGA. Such information may also be subject to protective orders
23 | governing other litigations thereby precluding disclosure in response to this request.
24 | MGA further objects to the request to the extent it violates the privacy rights of third
25 | parties to their private, confidential, proprietary or trade secret information.
26 |
27 |
28 |

EXHIBIT _2_

PAGE _/00_

1    MGA further objects to this request as cumulative, duplicative, and unduly

2    burdensome to the extent that it seeks documents previously requested by Mattel or

3    produced by MGA (or any of its affiliates) in response to Mattel's document requests.

4    REQUEST FOR PRODUCTION NO. 47:

5        For each account maintained in the name of MGA at any bank or other

6    financial institution, a copy of each and every monthly statement from the date of

7    YOUR incorporation to the present, and DOCUMENTS sufficient to IDENTIFY

8    each PERSON authorized to sign checks on or access the account.

9    RESPONSE TO REQUEST FOR PRODUCTION NO. 47:

10        MGA incorporates by reference its General Response and General Objections

11    above, as though fully set forth herein and specifically incorporates General

12    Objection No. 15 (regarding Definitions), including without limitation MGA's

13    objection to the definition of the terms PERSON and YOUR and its incorporated

14    term AFFILIATES.  MGA further objects to the request to the extent it seeks the

15    production of documents that are protected from disclosure under any applicable

16    privilege, doctrine or immunity, including without limitation the attorney-client

17    privilege, the work product doctrine, the right of privacy, and all other privileges

18    recognized under the constitutional, statutory or decisional law of the United States

19    of America, the State of California or any other applicable jurisdiction.  MGA further

20    objects to this request on the grounds that it is overly broad and unduly burdensome

21    in that it seeks documents not relevant to the claims or defenses in this action and not

22    reasonably calculated to lead to the discovery of admissible evidence.  Mattel has not

23    demonstrated how, for *each* account maintained in the name of MGA at *any* bank or

24    other financial institution, a copy of *each and every* monthly statement from the date

25    of YOUR incorporation to the present, and DOCUMENTS sufficient to IDENTIFY

26    *each* PERSON authorized to sign checks on or access the account could be relevant

27    to the claims and defenses in this action.  The request is not limited to the subject

28

EXHIBIT ____

PAGE ____ 101

1  matter of this action and is thus impermissibly overbroad. See Aug. 13 Order at

2  9:17-20; May 22 Order at 21:5-7. MGA further objects to this request as being

3  overly broad and unduly burdensome on the grounds that it is not limited in

4  geographical scope. MGA further objects to the phrase "sufficient to IDENTIFY" as

5  vague and ambiguous. MGA further objects to the request to the extent that it seeks

6  documents that by reason of public filing, public distribution or otherwise are already

7  in Mattel's possession or are readily accessible to Mattel. MGA further objects to the

8  request to the extent that it seeks documents not in MGA's possession, custody or

9  control. MGA further objects to the request to the extent it seeks confidential,

10 proprietary or commercially sensitive information, the disclosure of which would be

11 inimical to the business interests of MGA. Such information may also be subject to

12 protective orders governing other litigations thereby precluding disclosure in

13 response to this request. MGA further objects to the request to the extent it violates

14 the privacy rights of third parties to their private, confidential, proprietary or trade

15 secret information.

16       MGA further objects to this request as cumulative, duplicative, and unduly

17 burdensome to the extent that it seeks documents previously requested by Mattel or

18 produced by MGA (or any of its affiliates) in response to Mattel's document requests.

19

20 DATED: December 27, 2007          SKADDEN, ARPS, SLATE, MEAGHER &
                                     FLOM, LLP
21

22

23       By: _Thomas Nolan_
             THOMAS J. NOLAN
24
                  Attorneys for Counter-Defendants,
25               MGA ENTERTAINMENT, INC.,
             ISAAC LARIAN, MGA ENTERTAINMENT
26           (HK) LIMITED, AND MGAE de MEXICO
                      S.R.L. de C.V.
27

28

EXHIBIT  2

PAGE  102

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 300 South Grand Avenue, 34th Floor, Los Angeles, CA 90071.

On **December 27, 2007,** I served the foregoing document described as:

**MGA ENTERTAINMENT, INC.'S OBJECTIONS AND RESPONSES TO MATTEL INC.'S FIFTH SET OF REQUESTS FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC.**

on the interested parties in this action addressed as follows:

**SEE ATTACHED SERVICE LIST**

| | | |
|---|---|---|
| ☒ | (BY PERSONAL SERVICE) ☐ | By personally delivering copies to the person served. (FEDERAL) (as Noted) |
| | ☒ | I caused such documents to be hand delivered to the office of the addressee. (FEDERAL) (as Noted) |

☒   (BY FEDERAL EXPRESS) I am readily familiar with the firm's practice for the collection and processing of correspondence for mailing with Federal Express and the fact that the correspondence would be deposited with Federal Express that same day in the ordinary course of business; on this date, the above-referenced correspondence was placed for deposit at Los Angeles, California and placed for collection and mailing following ordinary business practices. (As Noted.)

I declare under penalty of perjury under the laws of the State of California and the United States of America that the above is true and correct.

Executed on December 27, 2007 at Los Angeles, California.

Becky S. Isomoto
PRINT NAME                    SIGNATURE

1

EXHIBIT ___2___
PAGE ___/03___

1

2  John B. Quinn, Esq.
3  Michael T. Zeller, Esq.
   Jon D. Corey, Esq.
4  Timothy L. Alger, Esq.
   Quinn Emanuel Urquhart Oliver &
5  Hedges, LLP
   865 South Figueroa Street, 10th Floor
6  Los Angeles, CA 90017-2543
   Telephone: (213) 443-3000
7  Facsimile: (213) 443-3100

8  *Attorneys for Mattel, Inc.*
   *(Personal Service)*

9  Mark E. Overland
   Alexander H. Cote
10 David C. Scheper
   Overland Borenstein Scheper & Kim
11 300 South Grand Avenue, Suite 2750
   Los Angeles, CA 90071
12 Telephone: (213) 613-4655
   Facsimile: (213) 613-4656
13
   *Attorneys for Carlos Gustavo Machado*
14 *Gomez*
   *(FEDERAL EXPRESS)*
15

16

17

18

19

20

21

22

23

24

25

26

27

28

John W. Keker, Esq.
Michael H. Page, Esq.
Keker & Van Nest, LLP
710 Sansome Street
San Francisco, CA 94111
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

*Attorneys for Carter Bryant*
*(FEDERAL EXPRESS)*

EXHIBIT  2
PAGE  104

**Exhibit 3**

CONFORMED COPY

1 QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
    John B. Quinn (Bar No. 90378)
2   (johnquinn@quinnemanuel.com)
    Michael T. Zeller (Bar No. 196417)
3   (michaelzeller@quinnemanuel.com)
    Jon D. Corey (Bar No. 185066)
4   (joncorey@quinnemanuel.com)
    Duane R. Lyons (Bar No. 125091)
5   (duanelyons@quinnemanuel.com)
    865 South Figueroa Street, 10th Floor
6   Los Angeles, California  90017-2543
    Telephone:  (213) 443-3000
7   Facsimile:  (213) 443-3100

8 Attorneys for Mattel, Inc.

9               UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11 CARTER BRYANT, an individual,        CASE NO. CV 04-9049 SGL (RNBx)

12              Plaintiff,               Consolidated With Case No. 04-9059 and
                                         Case No. 05-2727
13        v.
                                         MATTEL, INC.'S SECOND AMENDED
14                                       ANSWER IN CASE NO. 05-2727 AND
                                         COUNTERCLAIMS FOR:
15 MATTEL, INC., a Delaware
   corporation,                          1.  COPYRIGHT INFRINGEMENT;
16                                       2.  VIOLATION OF THE
              Defendant.                     RACKETEER INFLUENCED AND
17                                           CORRUPT ORGANIZATIONS
                                             ACT;
18 MGA ENTERTAINMENT, INC. a            3.  CONSPIRACY TO VIOLATE THE
   California corporation,                   RACKETEER INFLUENCED AND
19                                           CORRUPT ORGANIZATIONS
                                             ACT;
20              Plaintiff,               4.  MISAPPROPRIATION OF TRADE
                                             SECRETS;
21        v.                             5.  BREACH OF CONTRACT;
                                         6.  INTENTIONAL INTERFERENCE
22 MATTEL, INC., a Delaware                  WITH CONTRACT;
   corporation, and DOES 1-10,           7.  BREACH OF FIDUCIARY DUTY;
23                                       8.  AIDING AND ABETTING
              Defendants.                    BREACH OF FIDUCIARY DUTY;
24                                       9.  BREACH OF DUTY OF
                                             LOYALTY;
25

26                                       PUBLIC REDACTED VERSION

27                                              Volume I

28

21543632

C7 12 c 7

EXHIBIT 3

PAGE 105



1 | MATTEL, INC., a Delaware
corporation,

2 |                        Counter-claimant,

3 |

4 | v.

5 | MGA ENTERTAINMENT, INC., a
California corporation; ISAAC

6 | LARIAN, an individual; CARTER
BRYANT, an individual; MGA

7 | ENTERTAINMENT (HK) LIMITED,
a Hong Kong Special Administrative

8 | Region business entity; MGAE DE
MEXICO, S.R.L. DE C.V., a

9 | Mexico business entity; CARLOS
GUSTAVO MACHADO GOMEZ, an
individual; and DOES 4 through 10,

10 |

11 |                        Counter-defendants.

12 | AND CONSOLIDATED CASES

10.  AIDING AND ABETTING
BREACH OF DUTY OF
LOYALTY;
11.  CONVERSION;
12.  UNFAIR COMPETITION; AND
13.  DECLARATORY RELIEF

DEMAND FOR JURY TRIAL

EXHIBIT ___3___
PAGE ___106___

2154363.2

-2-
SECOND AMENDED ANSWER AND COUNTERCLAIMS

## SECOND AMENDED ANSWER

Pursuant to the Court's Orders of January 12, 2007 and June 27, 2007, Defendant Mattel, Inc. ("Mattel") answers the Complaint of MGA Entertainment, Inc. ("Complaint") as follows:

### Preliminary Statement

The Complaint in this case contravenes Rule 8(a) of the Federal Rules of Civil Procedure in multiple respects. For example, in many places, the Complaint improperly mixes factual averments with argumentative rhetoric. The Complaint also includes a selective recitation of alleged historical facts and "rumor," much of which is both irrelevant and inflammatory in tone and content. In addition, many of the allegations of the Complaint are overly broad, vague or conclusory and include terms which are undefined and which are susceptible to different meanings. Accordingly, by way of a general response, all allegations are denied unless specifically admitted, and any factual averment admitted is admitted only as to the specific facts and not as to any conclusions, characterizations, implications or speculations which are contained in the averment or in the Complaint as a whole. These comments and objections are incorporated, to the extent appropriate, into each numbered paragraph of this Second Amended Answer.

Mattel further submits that the use of the headings throughout the Complaint is improper, and therefore no response to them is required. In the event that a response is required, Mattel denies those allegations.

The Complaint also contains many purported photographs of various items, and it uses one or more headings purporting to describe, either individually or in groups, these various photographs. The images of these photographs contained in the Complaint are all relatively small and some are of less than optimal quality, making it difficult to evaluate the adequacy of the photographs or their fairness and accuracy in depicting what they purport to represent. The Complaint also does not describe the circumstances or time frame in which these photographs were taken,

2154363.2

EXHIBIT 3
PAGE 107

1   and in many cases does not identify, or does not sufficiently or properly identify, the

2   item depicted in the photographs.  All of these factors, as well as the use of these

3   photographs and headings out of context, or with an insufficient context, impair the

4   ability of Mattel to fully respond to these photographs and headings, or to any

5   purported allegations involving, or relying upon, the use of such photographs and

6   accompanying headings.  By way of a general response, Mattel therefore does not

7   admit the authenticity of any photograph, or the accuracy or adequacy of any

8   heading, nor does it admit any allegation or inference that is based on, or purports to

9   be based on, any photograph or accompanying heading in the Complaint.  Mattel

10  reserves the right to challenge the authenticity of any photograph and the accuracy

11  or adequacy of any heading (either as included in the Complaint or in the context of

12  additional material not included).  Further, with reference to all photographs and

13  accompanying headings, or any averments based on the Complaint's use of such

14  photographs and headings, which might be offered into evidence, Mattel specifically

15  reserves its right to object to any use of such photographs, headings, and averments,

16  or the Complaint as a whole or in part, in evidence for any purpose whatsoever.

17          To the extent that Mattel has endeavored to answer any particular

18  allegation containing any such photographs and headings, any admission concerning

19  the item purported to be depicted in such photograph, or described in such headings,

20  shall not constitute an admission that the photograph is authentic, adequate, or

21  admissible, nor that any heading is accurate, adequate, or admissible.  All such items

22  purportedly depicted in such photographs, and described in such headings, "speak

23  for themselves".  Accordingly, to the extent that any such referenced materials are

24  deemed allegations against Mattel, they are denied.

25                              <u>Responses</u>

26          1.      Answering paragraph 1 of the Complaint, Mattel admits that

27  plaintiff MGA Entertainment, Inc. ("plaintiff" or "MGA") is a California

28  corporation with a principal place of business in Van Nuys, California.

2154363.2

-4-

SECOND AMENDED ANSWER AND COUNTERCLAIMS

EXHIBIT 3
PAGE 108

1         2.     Answering paragraph 2 of the Complaint, Mattel admits that

2    Mattel is a Delaware corporation with a principal place of business in El Segundo,

3    California.

4         3.     Answering paragraph 3 of the Complaint, Mattel denies that

5    there has been wrongful conduct on its part and states that it is without knowledge

6    or information sufficient to form a belief as to the truth or falsity of the remaining

7    allegations set forth therein and, on that basis, denies them.

8         4.     Answering paragraph 4 of the Complaint, Mattel admits that

9    plaintiff purports to assert claims under the Lanham Act, 15 U.S.C. §§ 1125(a) and

10   (c), California Business and Professions Code §§ 17200 *et seq.*, California Business

11   and Professions Code § 14330 and California common law, denies that plaintiff is

12   entitled to any relief thereunder and denies the truth of the remaining allegations set

13   forth in paragraph 4.

14        5.     Answering paragraph 5 of the Complaint, Mattel admits that it is

15   subject to personal jurisdiction in this District and denies the truth of the remaining

16   allegations set forth in paragraph 5.

17        6.     Answering paragraph 6 of the Complaint, Mattel admits that

18   venue is proper in this District and denies the truth of the remaining allegations set

19   forth in paragraph 6.

20        7.     Answering paragraph 7 of the Complaint, Mattel admits that

21   MGA has filed the instant lawsuit and denies the truth of the remaining allegations

22   set forth in paragraph 7.

23        8.     Answering paragraph 8 of the Complaint, Mattel states that it is

24   without knowledge or information sufficient to form a belief as to the truth or falsity

25   of the allegations regarding MGA's history set forth therein and, on that basis,

26   denies them, states that MGA has made conflicting representations, including in

27   sworn statements, that are at odds with the allegations of the Complaint and denies

28   the truth of the remaining allegations set forth in paragraph 8.

21543363.2

-5-

SECOND AMENDED ANSWER AND COUNTERCLAIMS

EXHIBIT 3

PAGE 109

9.     Answering paragraph 9 of the Complaint, Mattel admits that
MGA filed this action, states that Mattel's web site and corporate governance
policies speak for themselves and denies the truth of the remaining allegations set
forth in paragraph 9.

10.     Answering paragraph 10 of the Complaint, Mattel admits that it
is the world's most successful toy company, states that the first doll in its BARBIE
line was publicly introduced in 1959 and that BARBIE-branded dolls have been the
world's best-selling toys, states that Mattel's sales and stock price speak for
themselves, and denies the truth of the remaining allegations set forth in paragraph
10.

11.     Answering paragraph 11 of the Complaint, Mattel admits that
Adrienne Fontanella is the former president for girls' toys at Mattel, states that it is
without knowledge or information sufficient to form a belief as to the truth or falsity
of the allegations regarding an alleged statement by Ms. Fontanella, and denies the
truth of the remaining allegations set forth in paragraph 11.

12.     Answering paragraph 12 of the Complaint, Mattel is without
knowledge or information sufficient to form a belief as to the truth or falsity of the
allegations regarding alleged statements by unidentified "analysts," states that
Mattel's sales and stock price speak for themselves, and denies the truth of the
remaining allegations set forth in paragraph 12.

13.     Answering paragraph 13 of the Complaint, Mattel admits that Jill
Barad became President and Chief Executive Officer of Mattel in January 1997, that
Mattel acquired Tyco Industries, Inc. ("Tyco") in March 1997, that Mattel acquired
Pleasant Company in 1998, Mattel acquired the Learning Company in May 1999,
that Mattel acquired Purple Moon in 1999, that the MATCHBOX brand was owned
by Tyco, that the AMERICAN GIRL line of dolls was made by Pleasant Company
at the time of that entity's acquisition, and denies the truth of the remaining
allegations set forth in paragraph 13.

154363.2

EXHIBIT  3
PAGE  110

14.     Answering paragraph 14 of the Complaint, Mattel states that its public announcements speak for themselves, and denies the truth of the remaining allegations set forth therein.

15.     Answering paragraph 15 of the Complaint, Mattel states that its stock price and its public announcements speak for themselves, and denies the truth of the remaining allegations set forth therein.

16.     Answering paragraph 16 of the Complaint, Mattel states that its stock price speaks for itself, states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding the alleged views of unnamed "analysts" and "[i]nvestors," and denies the truth of the remaining allegations set forth therein.

17.     Answering paragraph 17 of the Complaint, Mattel admits that Ms. Barad resigned in February 2000.

18.     Answering paragraph 18 of the Complaint, Mattel admits that Robert Eckert became Chairman and Chief Executive Officer of Mattel in May 2000 and that Mr. Eckert previously was employed at Kraft Foods, Inc. for 23 years, is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding the views of unnamed "[i]nvestors" and others, and denies the truth of the remaining allegations set forth in paragraph 18.

19.     Answering paragraph 19 of the Complaint, Mattel admits that the *Wall Street Journal* published an article on August 10, 2000 the content of which speaks for itself, and denies the truth of the remaining allegations set forth therein.

20.     Answering paragraph 20 of the Complaint, Mattel admits that it disposed of the Learning Company in October 2000, states that its sales and revenues speak for themselves, states that the remainder of the allegations contained therein are characterizations, not factual assertions, and therefore no response is necessary under Fed. R. Civ. P. 8(b) and, to the extent any further response is required, denies the truth of any remaining allegations set forth in paragraph 20.

21543632

-7-
SECOND AMENDED ANSWER AND COUNTERCLAIMS

EXHIBIT 3
PAGE 111

21.   Answering paragraph 21 of the Complaint, Mattel admits that products in plaintiff's "Bratz" line compete with products in Mattel's BARBIE and other product lines and states that the remainder of the allegation contained therein—consisting of a sentence fragment—is unintelligible and on that basis denies the truth of any such remaining allegation set forth therein.

22.   Answering paragraph 22 of the Complaint, Mattel admits that products in plaintiff's "Bratz" line compete with Mattel products, states that the remainder of the allegations contained therein are characterizations, not factual assertions, and that therefore no response is necessary under Fed. R. Civ. P. 8(b) and, to the extent any further response is required, denies the truth of any remaining allegations set forth therein.

23.   Answering paragraph 23 of the Complaint, Mattel states that MGA has made conflicting statements, including in sworn statements, that are inconsistent with the allegations set forth in paragraph 23 of the Complaint and states that it is therefore without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth therein and, on that basis, denies them.

24.   Answering paragraph 24 of the Complaint, Mattel states that the "look" of the referenced dolls speak for themselves and denies the truth of the remaining allegations set forth therein.  By way of further answer, Mattel states that the photographs and their accompanying caption on page 7 of the Complaint are false and misleading to the extent they are intended to suggest that MGA has produced or used a consistent packaging shape or look or that it has protectible rights in the matters depicted in the photographs.

25.   Answering paragraph 25 of the Complaint, Mattel admits that Bratz dolls are between approximately 9.5 to 10 inches in height, states that the appearances of the dolls speak for themselves, denies that "Bratz" dolls are or "were intentionally shorter" than dolls in Mattel's BARBIE line, denies that the "Bratz"

EXHIBIT   3
PAGE   112

1  dolls "looked like no other" and denies the truth of the remaining allegations set

2  forth in paragraph 25.

3       26.    Answering paragraph 26 of the Complaint, Mattel states that the

4  use of the term "classic" is unintelligible, since Mattel has designed and sold

5  different dolls using different heads and with different fashions and themes over the

6  years, and denies the truth of any remaining allegations.  By way of further answer,

7  Mattel states that the image encaptioned "Mattel's 'Barbie'" on page 8 of the

8  Complaint is misleading in that it depicts one of the doll heads that have been used

9  as part of the BARBIE line for many years, and therefore ignores that Mattel has

10  long designed and sold an array of different BARBIE line dolls that use different

11  doll heads, including doll heads which depict different ethnicities, and that are

12  dressed in different clothing and fashion styles.

13       27.    Answering paragraph 27 of the Complaint, Mattel admits that

14  MGA has used the line "The Girls With a Passion for Fashion" in some contexts,

15  denies that MGA originated or otherwise has rights to that phrase, admits that one

16  audience for products in the "Bratz" line has been "tweens" and denies the truth of

17  the remaining allegations set forth in paragraph 27.

18       28.    Answering paragraph 28 of the Complaint, Mattel admits that

19  certain "Bratz" dolls have won certain awards, the terms of which speak for

20  themselves, states that it is without knowledge or information sufficient to form a

21  belief as to the truth or falsity of the allegations regarding the "awards" MGA claims

22  and, on that basis, denies them, denies that plaintiff has protectible rights and denies

23  the truth of any remaining allegations set forth in paragraph 28.

24       29.    Answering paragraph 29 of the Complaint, Mattel admits that

25  dolls in the "Bratz" line compete with dolls in Mattel product lines, denies that

26  Mattel has or has ever had a "stranglehold" on any market, states that the market

27  allegations contained in paragraph 29 are vague and ambiguous, including without

28  limitation in that the allegations fail to specify what products among the parties'

2154363.2

-9-

SECOND AMENDED ANSWER AND COUNTERCLAIMS

EXHIBIT  3

PAGE  113

1  respective lines are being referred to and what time period is being referred to, and

2  denies the truth of any remaining allegations set forth in paragraph 29.

3        30.    Answering paragraph 30 of the Complaint, Mattel admits that

4  MGA has been a licensee of Mattel, states that the market allegations are vague and

5  ambiguous, including without limitation in that the allegations fail to specify what

6  products are being referred to and what time periods or points in time are being

7  referred to, and states that the remainder of the allegations contained therein are

8  characterizations, not factual assertions, and therefore no response is necessary

9  under Fed. R. Civ. P. 8(b) and, to the extent any further response is required, denies

10  the truth of any remaining allegations set forth in paragraph 30.

11        31.    Answering paragraph 31 of the Complaint, Mattel states that the

12  allegations contained therein are characterizations, not factual assertions, and

13  therefore no response is necessary under Fed. R. Civ. P. 8(b) and, to the extent any

14  further response is required, denies the truth of the allegations set forth in paragraph

15  31.

16        32.    Answering paragraph 32 of the Complaint, Mattel denies the

17  truth of the allegations set forth therein.

18        33.    Answering paragraph 33 of the Complaint, Mattel denies the

19  truth of the allegations set forth therein.

20        34.    Answering paragraph 34 of the Complaint, Mattel states that it

21  has released various MY SCENE dolls, including MY SCENE dolls named

22  "Madison", "Chelsea" and "Barbie," states that the appearance of the Bratz and MY

23  SCENE dolls speak for themselves, denies that Mattel designed its MY SCENE

24  dolls to "evoke" or resemble the alleged "look" of "Bratz" dolls, denies that plaintiff

25  has protectible rights, states that MGA has made conflicting representations that are

26  at odds with the allegations of the Complaint and that it is therefore without

27  knowledge or information sufficient to form a belief as to the truth or falsity of the

28  allegations regarding the "launch" of Bratz dolls set forth therein and, on that basis,

-10-

SECOND AMENDED ANSWER AND COUNTERCLAIMS

2154363.2

EXHIBIT ___3___

PAGE ___114___

1  denies them, and denies the truth of the remaining allegations set forth therein.  By

2  way of further answer, Mattel states that the photographs and their accompanying

3  captions on page 10 of the Complaint are misleading and false to the extent they are

4  intended to suggest that a particular Mattel doll has been changed over time as

5  purportedly depicted.  Among other things, Mattel has long designed and sold an

6  array of different BARBIE line dolls using different doll heads, and the photographs

7  encaptioned "Mattel's Traditional 'Barbie'" is one of the doll heads that has been

8  used, and continues to be used, as part of the BARBIE line.  In addition, the

9  photographs encaptioned MY SCENE doll "circa 2002" is, in fact, a Mattel doll

10  character called BARBIE that continues to be sold and/or marketed with that head,

11  and the photographs encaptioned MY SCENE doll "circa 2004" depict a MY

12  SCENE doll character separate and apart from the one depicted in the "circa 2002"

13  image (and is not a revised character as plaintiff apparently attempts to imply).

14       35.    Answering paragraph 35 of the Complaint, Mattel admits that

15  Mattel released a product line called FLAVAS, states that the appearance of the

16  FLAVAS dolls speaks for themselves, states that it is without knowledge or

17  information sufficient to form a belief as to the truth or falsity of the allegations

18  regarding the  "rumor" relied upon by plaintiff and the undefined "media"

19  purportedly quoting Isaac Larian and, on that basis, denies them, denies that Mattel

20  has abandoned the FLAVAS line, and denies the truth of the remaining allegations

21  set forth in paragraph 35.

22       36.    Answering paragraph 36 of the Complaint, Mattel denies the

23  truth of the allegations set forth therein.

24       37.    Answering paragraph 37 of the Complaint, Mattel denies the

25  truth of the allegations set forth therein.  By way of further answer, Mattel states that

26  the unnumbered photographs and their accompanying captions on pages 11 through

27  16 of the Complaint -- which apparently were included to purportedly support the

28  allegation that MY SCENE dolls "became 'Bratz,'" which allegation Mattel

2154363.2

-11-

EXHIBIT __3__

PAGE __115__

1  specifically denies -- are false and misleading. Among other things, the heads

2  depicted are among an array of different doll heads that Mattel has used, and

3  continues to use, over the course of many years. Moreover, the images purport to

4  compare different Mattel doll lines to show alleged changes in appearance even

5  though, in fact, each of the heads are currently sold and/or marketed to the public.

6  The "Blonde" series of photographs encaptioned "original" and "recent" MY

7  SCENE is further and specifically misleading in that it purports to compare two

8  differently named and outfitted dolls in the MY SCENE doll line, both of which

9  continue to be sold and/or marketed.

10       38.    Answering paragraph 38 of the Complaint, Mattel states that the

11  phrase "the 'BRATZ' eye" is unintelligible, denies that MGA has rights therein,

12  denies that MGA was the originator of or the first to use the eye shape or makeup

13  depicted as purportedly constituting "the 'BRATZ' eye," denies that Mattel has

14  copied the "the 'BRATZ' eye" and denies the truth of the remaining allegations

15  contained in paragraph 38. By way of further answer, Mattel states that the

16  unnumbered photographs and accompanying caption on page 13 of the Complaint

17  are false and misleading. Among other things, the purported "Original Mattel 'My

18  Scene' Eye" is one of the eye and makeup designs that Mattel has used over the

19  course of many years, and Mattel continues to sell and/or market dolls using the eye

20  and makeup design depicted therein.

21       39.    Answering paragraph 39 of the Complaint, Mattel states that the

22  phrase "the 'BRATZ' eye" is unintelligible, denies that MGA has rights therein,

23  denies that MGA was the originator of or the first to use the eye shape or makeup

24  purportedly described as constituting "the 'BRATZ' eye," denies that Mattel has

25  copied "the 'BRATZ' eye," states that the relevant dolls speak for themselves and

26  denies the truth of the remaining allegations contained in paragraph 39. By way of

27  further answer, Mattel states that the unnumbered photographs and accompanying

28  captions on page 14 of the Complaint are false and misleading. Among other things,

-12-

SECOND AMENDED ANSWER AND COUNTERCLAIMS

2154363.2

EXHIBIT   3

PAGE   116

1   the purported "New Mattel 'My Scene' Eye" is one of the eye and makeup designs
2   that Mattel has used over the course of many years, and Mattel continues to sell
3   and/or market dolls using the eye and makeup design depicted on page 14 of the
4   Complaint.

5        40.   Answering paragraph 40 of the Complaint, Mattel denies the
6   truth of the allegations therein.  By way of further answer, Mattel states that the
7   unnumbered photographs and their accompanying captions on pages 15 to 16 are
8   false and misleading.  Among other things, the heads depicted are among an array of
9   different doll heads that Mattel has used, and continues to use, over the course of
10   many years.  Moreover, the photographs purport to compare different Mattel doll
11   lines to show alleged changes in appearance even though, in fact, each of the heads
12   are currently sold and/or marketed to the public.  The "Blonde" series of
13   photographs encaptioned "original" and "recent" MY SCENE is further and
14   specifically misleading in that it purports to compare two differently named and
15   outfitted dolls in the MY SCENE doll line, both of which continue to be sold and/or
16   marketed.

17        41.   Answering paragraph 41 of the Complaint, Mattel denies the
18   truth of the allegations set forth therein.

19        42.   Answering paragraph 42 of the Complaint, Mattel admits that the
20   photographs purport to depict two packages that were, among others, part of the MY
21   SCENE line, state that the packages speak for themselves and denies the truth of any
22   remaining allegations set forth therein.

23        43.   Answering paragraph 43 of the Complaint, Mattel admits that the
24   photograph purports to depict one of the packages that were, among others, part of
25   the MY SCENE line, states that the parties' packages speak for themselves, states
26   that MGA has failed to establish that it originated, or has protectible rights in, an
27   "open and transparent style" for packaging and denies the truth of the remaining
28   allegations set forth therein.

EXHIBIT ___3___
PAGE ___117___

1      44.    Answering paragraph 44 of the Complaint, Mattel admits that

2  one photograph purports to depict one of the packages that were, among others, part

3  of the MY SCENE line, admits that the other photograph purports to depict one of

4  the packages that were, among others, used as part of the Bratz line, states that the

5  parties' packages speak for themselves, denies that MGA originated, or has

6  protectible rights in, "the 'BRATZ' packaging" or in the packaging depicted in the

7  Complaint and denies the truth of any remaining allegations set forth therein.

8      45.    Answering paragraph 45 of the Complaint, Mattel admits that

9  one photograph purports to depict one of the packages that were, among others, part

10  of the MY SCENE line, admits that the other photograph purports to depict one of

11  the packages that were, among others, used as part of the Bratz line, states that the

12  parties' packages speak for themselves, denies that MGA originated, or has

13  protectible rights in, the packaging depicted in the Complaint and denies the truth of

14  any remaining allegations set forth therein.

15      46.    Answering paragraph 46 of the Complaint, Mattel states that it

16  has utilized a wide variety of packaging styles and shapes over the years, states that

17  the relevant packaging speaks for itself, states that MGA lacks protectible rights in

18  "non-rectangular shaped box" packaging or in the other elements MGA claims in

19  paragraph 46, and denies the truth of the remaining allegations set forth therein.

20      47.    Answering paragraph 47 of the Complaint, Mattel denies that

21  any alleged "theme" is "MGA's theme," denies that MGA originated or has rights to

22  any theme and denies the truth of the remaining allegations set forth therein.

23      48.    Answering paragraph 48 of the Complaint, Mattel admits that it

24  released a doll called "Chillin Out!", states that it has released such themed dolls

25  over the course of many years, admits MGA released a "Wintertime Wonderland"

26  themed doll, denies that MGA originated or has rights to such theme, states that the

27  relevant products speak for themselves and denies the truth of the remaining

28  allegations set forth therein.

21543632

-14-
SECOND AMENDED ANSWER AND COUNTERCLAIMS

EXHIBIT   3

PAGE   116

49.     Answering paragraph 49 of the Complaint, Mattel admits that it released a doll called "Night on the Town", states that it has released such themed dolls over the course of many years, admits MGA released a "Formal Funk" themed doll, denies that MGA originated or has rights to such theme, states that the relevant products speak for themselves and denies the truth of the remaining allegations set forth therein.

50.     Answering paragraph 50 of the Complaint, Mattel admits that it released a doll called "Jammin' in Jamaica" and a playset called "Guava Gulch Tiki Lounge", states that it has released such themed dolls and products over the course of many years, admits that MGA released a "Sun-Kissed Summer" themed doll and playset, denies that MGA originated or has rights to such theme, states that the relevant products speak for themselves and denies the truth of the remaining allegations set forth therein.

51.     Answering paragraph 51 of the Complaint, Mattel admits that it has aired television commercials for its MY SCENE line, states that such commercials speak for themselves, denies the truth of the remaining allegations set forth therein and specifically denies that MGA was the originator of or has rights to commercials "combining live action with animated sequences" set to "pop music and lyrics".

52.     Answering paragraph 52 of the Complaint, Mattel denies the truth of the allegations set forth therein.

53.     Answering paragraph 53 of the Complaint, Mattel admits that it released a MY SCENE "Sound Lounge", admits that MGA released a product called "Runway Disco", states that the relevant products speak for themselves, denies that it "imitated MGA's trapezoidal box," denies that MGA has rights thereto, and denies the truth of the remaining allegations set forth therein.

54.     Answering paragraph 54 of the Complaint, Mattel denies the truth of the allegations set forth therein.

EXHIBIT ___3___

PAGE ___119___

2154365.2

55.     Answering paragraph 55 of the Complaint, Mattel admits that, among the styling heads it has produced and sold over the course of many years, it released a MY SCENE styling head, admits that MGA released a styling head called "Funky Fashion Makeover Head", states that the relevant products speak for themselves, denies that MGA has protectible rights and denies the truth of the remaining allegations set forth in paragraph 55.

56.     Answering paragraph 56 of the Complaint, Mattel is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth therein because plaintiff fails to identify the alleged instances of confusion, including the source of the unidentified picture titled "Hairstyle practice", and on that basis, denies them, and denies the truth of any remaining allegations set forth in paragraph 56.

57.     Answering paragraph 57 of the Complaint, Mattel admits that it has aired television commercials for its MY SCENE line, states that such commercials speak for themselves and denies the truth of the remaining allegations set forth therein.

58.     Answering paragraph 58 of the Complaint, Mattel admits that MGA has used the line "The Girls With a Passion for Fashion" in some contexts, denies that MGA originated that phrase or otherwise has rights to it, states that Mattel's web site speaks for itself and denies the truth of the remaining allegations set forth therein.

59.     Answering paragraph 59 of the Complaint, Mattel admits that, among the plush products that it has produced and sold over the course of many years, it has released plush dogs as part of its MY SCENE "Miami Getaway" themed product line, states that Mattel has for many years sold plush pets of the type used with its MY SCENE dog, admits that MGA has released various Bratz pets, states that MGA was not the originator of and has no rights to the features and other

SECOND AMENDED ANSWER AND COUNTERCLAIMS

2154363.2

EXHIBIT __3__

PAGE __120__

1    elements described therein, states that the relevant products speak for themselves

2    and denies the truth of the remaining allegations set forth therein.

3        60.    Answering paragraph 60 of the Complaint, Mattel admits that,

4    among the plush toys that it has released over the course of many years, its MY

5    SCENE dog has been sold in packaging depicted (in part) on page 22 of the

6    Complaint, states that Mattel has for many years sold plush pets and other plush

7    products in packaging of the type used with its MY SCENE dog, admits that MGA

8    has released a "Bratz" dog, states that MGA was not the originator of and has no

9    rights to the packaging described therein, states that the relevant packages speak for

10   themselves and denies the truth of the remaining allegations set forth therein.

11       61.    Answering paragraph 61 of the Complaint, Mattel denies that it

12   has intended to cause any consumer confusion and states that it is without

13   knowledge or information sufficient to form a belief as to the truth or falsity of the

14   allegations set forth therein concerning unnamed retailers, customers and others

15   because plaintiff fails to identify any source for the matters alleged and, on that

16   basis, denies them and denies the truth of any remaining allegations set forth therein.

17       62.    Answering paragraph 62 of the Complaint, Mattel denies that it

18   has intended to cause any confusion and states that it is without knowledge or

19   information sufficient to form a belief as to the truth or falsity of the allegations set

20   forth therein concerning alleged comments and conversations because plaintiff fails

21   to identify any source for the alleged comments and conversations and, on that

22   basis, denies them, and denies the truth of any remaining allegations set forth

23   therein.

24       63.    Answering paragraph 63 of the Complaint, Mattel denies that it

25   has intended to cause any confusion and states that it is without knowledge or

26   information sufficient to form a belief as to the truth or falsity of the allegations set

27   forth therein because plaintiff fails to identify any source for the alleged comments

28

2154363.2

-17-

SECOND AMENDED ANSWER AND COUNTERCLAIMS

EXHIBIT __3__

PAGE __121__

1   and conversations and, on that basis, denies them, and denies the truth of any

2   remaining allegations set forth therein.

3            64.    Answering paragraph 64 of the Complaint, Mattel denies that it

4   has intended to cause any confusion and states that it is without knowledge or

5   information sufficient to form a belief as to the truth or falsity of the allegations set

6   forth therein because plaintiff fails to identify any source for the alleged comments

7   and conversations and, on that basis, denies them, and denies the truth of any

8   remaining allegations set forth therein.

9            65.    Answering paragraph 65 of the Complaint, Mattel denies the

10  truth of the allegations set forth therein.

11           66.    Answering paragraph 66 of the Complaint, Mattel admits that it

12  sued a competitor in the German courts for unfair competition for copying various

13  Mattel BARBIE line products, states that such claims exclusively arose under and

14  were the subject of German law, states that since that time the Federal Supreme

15  Court has rejected the contention made by MGA in paragraph 66 that

16  "systematically copying and borrowing elements" from competing dolls supports a

17  claim for unfair competition, and denies the truth of the remaining allegations set

18  forth therein.

19           67.    Answering paragraph 67 of the Complaint, Mattel denies the

20  truth of the allegations set forth therein.

21           68.    Answering paragraph 68 of the Complaint, Mattel admits that it

22  has released dolls called "Wee 3 Friends," admits that MGA has released dolls

23  called "4-Ever Best Friends," states that the relevant products speak for themselves,

24  denies that MGA's packaging is distinctive, denies that MGA has protectible rights

25  thereto and denies the truth of the remaining allegations set forth in paragraph 68.

26           69.    Answering paragraph 69 of the Complaint, Mattel admits that its

27  Fisher Price division has released, among other dolls called "Little Mommy," the

28  "Little Mommy Potty Training Baby Doll," admits that MGA has released a

-18-

SECOND AMENDED ANSWER AND COUNTERCLAIMS

2154363.2

EXHIBIT ___3___

PAGE ___122___

1  "Mommy's Little Patient" doll and denies the truth of the remaining allegations set
2  forth therein.

3       70.    Answering paragraph 70 of the Complaint, Mattel admits that it
4  has released die-cast cars and other products called "Acceleracers" as part of its
5  HOT WHEELS line, admits that MGA has released products called "AlienRacers,"
6  denies that MGA was the originator of or has rights to the elements and matters
7  described in paragraph 70, states that the relevant products speak for themselves and
8  denies the truth of the remaining allegations set forth therein.

9       71.    Answering paragraph 71 of the Complaint, Mattel admits that it
10  has aired commercials relating to "Acceleracers," states that such commercials
11  speak for themselves, denies the truth of the remaining allegations set forth therein
12  and specifically denies that MGA originated or has rights to commercials and other
13  matters described therein.

14       72.    Answering paragraph 72 of the Complaint, Mattel states that its
15  web site speaks for itself, denies the truth of the remaining allegations contained in
16  paragraph 72 and specifically denies that Mattel intended to create confusion in the
17  marketplace.

18       73.    Answering paragraph 73 of the Complaint, Mattel denies the
19  truth of the allegations set forth therein.

20       74.    Answering paragraph 74 of the Complaint, Mattel denies the
21  truth of the allegations set forth therein.

22       75.    Answering paragraph 75 of the Complaint, Mattel admits that it
23  has reminded certain former employees who became employed by MGA by letter of
24  their contractual and fiduciary obligation to maintain the secrecy of all Mattel
25  confidential and proprietary business information, states that such letters were
26  prepared and sent to their recipients in good faith contemplation of litigation, admits
27  that it filed a complaint for declaratory relief against Ronald Brawer in Los Angeles
28  Superior Court, entitled Mattel, Inc. v. Brawer, Case No. BC323381, on October 21,

-19-

EXHIBIT 3

PAGE 123

2154363.2

1   2004, states that pursuant to the Court's Order of August 25, 2005 it need not

2   respond to the allegations in paragraph 75 relating to that action, and denies the truth

3   of the remaining allegations set forth in paragraph 75.

4         76.   Answering paragraph 76 of the Complaint, Mattel states that

5   MGA cannot establish subject matter jurisdiction regarding extra-territorial acts,

6   including such acts that are lawful in foreign nations, and denies the truth of

7   allegations set forth therein.

8         77.   Answering paragraph 77 of the Complaint, Mattel states that

9   MGA cannot establish subject matter jurisdiction regarding extra-territorial acts,

10   including such acts that are lawful in foreign nations, and denies the truth of the

11   allegations set forth therein.

12         78.   Answering paragraph 78 of the Complaint, Mattel states that it is

13   without knowledge or information sufficient to form a belief as to the truth or falsity

14   of the allegations regarding MGA's claimed "shortage of doll hair" and, on that

15   basis, denies them and denies the truth of the remaining allegations set forth therein.

16         79.   Answering paragraph 79 of the Complaint, Mattel states that

17   MGA cannot establish subject matter jurisdiction regarding extra-territorial acts,

18   including such acts that are lawful in foreign nations, and denies the truth of

19   allegations set forth therein.

20         80.   Answering paragraph 80 of the Complaint, Mattel denies the

21   truth of the allegations set forth therein.

22         81.   Answering paragraph 81 of the Complaint, Mattel admits that

23   NPD Funworld ("NPD") supplies sales statistics in *inter alia* the toy, PC games and

24   video games industries, admits that to Mattel's knowledge NPD restricts the use of

25   its subscriber information, states that MGA was sued by NPD and states that it is

26   without knowledge or information sufficient to form a belief as to the truth or falsity

27   of the allegations regarding the need of unspecified "toy companies" for NPD

28

21154363.2

-20-

EXHIBIT 3

PAGE 124

1  statistics and, on that basis, denies them and denies the truth of any remaining

2  allegations set forth therein.

3         82.     Answering paragraph 82 of the Complaint, Mattel denies the

4  truth of the allegations set forth therein.

5         83.     Answering paragraph 83 of the Complaint, Mattel states that it is

6  without knowledge or information sufficient to form a belief as to the truth or falsity

7  of the allegations set forth therein because MGA fails to quantify its annual

8  subscription fees and, on that basis, denies them.

9         84.     Answering paragraph 84 of the Complaint, Mattel states that it is

10  without knowledge or information sufficient to form a belief as to the truth or falsity

11  of the allegations set forth therein and, on that basis, denies them.

12         85.     Answering paragraph 85 of the Complaint, Mattel states that

13  MGA was sued by NPD, states that it is without knowledge or information sufficient

14  to form a belief as to such nature and grounds for such litigation (to which Mattel

15  was not a party) and, on that basis, denies the allegations relating thereto, and denies

16  the truth of the remaining allegations set forth therein.

17         86.     Answering paragraph 86 of the Complaint, Mattel denies the

18  truth of the allegations set forth therein.

19         87.     Answering paragraph 87 of the Complaint, Mattel admits that the

20  Children's Advertising Review Unit ("CARU") is the children's arm of the

21  advertising industry's self-regulation program, states that compliance with CARU's

22  Privacy Program can provide FTC-approved Safe Harbor under the Children's

23  Online Privacy Protection Act ("COPPA"), and denies the truth of the remaining

24  allegations set forth therein.

25         88.     Answering paragraph 88 of the Complaint, Mattel admits that it

26  is one of dozens of CARU Supporters and denies the truth of the remaining

27  allegations set forth therein.

28

21543632

EXHIBIT 3
PAGE 125

SECOND AMENDED ANSWER AND COUNTERCLAIMS

89. Answering paragraph 89 of the Complaint, Mattel denies the truth of the allegations set forth therein.

90. Answering paragraph 90 of the Complaint, Mattel states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations as to the consequences to MGA of MGA's violations of CARU standards and, on that basis, denies them.

91. Answering paragraph 91 of the Complaint, Mattel states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations as to the consequences to MGA of MGA violation of CARU standards and, on that basis, denies them.

92. Answering paragraph 92 of the Complaint, Mattel admits that the Toy Industry Association, Inc. ("TIA") is a toy industry trade association, admits that at certain times TIA has given awards called the People's Choice Toy of The Year or the Toy of The Year Award, denies that Mattel wrongfully influenced TIA and states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth therein and, on that basis, denies them.

93. Answering paragraph 93 of the Complaint, Mattel states that the allegations set forth therein are vague and ambiguous, including in that they fail to properly identify the years in which the referenced awards were given and/or the particular product which won such awards, and accordingly lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth therein and, on that basis, denies them.

94. Answering paragraph 94 of the Complaint, Mattel admits that Neil Freidman was the chairman of TIA from approximately May 2002 to May 2004, states that Fischer Price is a division of Mattel and denies the truth of the remaining allegations set forth therein.

EXHIBIT 3
PAGE 126

-22-

SECOND AMENDED ANSWER AND COUNTERCLAIMS

2154363.2

1         95.    Answering paragraph 95 of the Complaint, Mattel admits that

2   Hokey Pokey Elmo won the Toy of the Year Award and denies the truth of the

3   remaining allegations set forth therein.

4         96.    Answering paragraph 96 of the Complaint, Mattel states that it is

5   without knowledge or information sufficient to form a belief as to the truth or falsity

6   of the allegations set forth therein and, on that basis, denies them.

7         97.    Answering paragraph 97 of the Complaint, Mattel denies the

8   truth of the allegations set forth therein.

9         98.    Answering paragraph 98 of the Complaint, Mattel denies the

10  truth of the allegations set forth therein.

11        99.    Answering paragraph 99 of the Complaint, Mattel denies the

12  truth of the allegations set forth therein.

13        100.   Answering paragraph 100 of the Complaint, Mattel denies the

14  truth of the allegations set forth therein.

15        101.   Answering paragraph 101 of the Complaint, Mattel repeats its

16  responses contained in paragraphs 1 through 100 of this Second Amended Answer

17  and incorporates them by reference as though fully and completely set forth herein.

18        102.   Answering paragraph 102 of the Complaint, Mattel denies the

19  truth of the allegations set forth therein and specifically denies that MGA's alleged

20  trade dress is distinctive.

21        103.   Answering paragraph 103 of the Complaint, Mattel denies the

22  truth of the allegations set forth therein and specifically denies that MGA's alleged

23  trade dress is distinctive.

24        104.   Answering paragraph 104 of the Complaint, Mattel denies the

25  truth of the allegations set forth therein.

26        105.   Answering paragraph 105 of the Complaint, Mattel denies the

27  truth of the allegations set forth therein.

28

EXHIBIT  3

PAGE  127

2154365.2

SECOND AMENDED ANSWER AND COUNTERCLAIMS