QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 90378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br>Consolidated with<br>Case Nos. CV 04-09059 & CV 05-2727<br><br>**DISCOVERY MATTER**<br><br>**[To Be Heard By Discovery Master Hon. Edward Infante (Ret.)]**<br><br>[PUBLIC REDACTED] DECLARATION OF CHRISTOPHER TAYBACK IN SUPPORT OF MATTEL, INC.'S OPPOSITION TO MGA'S MOTION TO COMPEL MATTEL TO PRODUCE E-MAIL<br><br>Date: TBA<br>Time: TBA<br>Place: TBA<br><br>**Phase 1**<br>Discovery Cut-Off:  January 28, 2008<br>Pre-Trial Conference: May 5, 2008<br>Trial Date:         May 27, 2008 |

07209/2373521.1

DECLARATION OF CHRISTOPHER TAYBACK

# DECLARATION OF CHRISTOPHER TAYBACK

I, Christopher Tayback, declare as follows:

1. I am a member of the bar of the State of California and a partner of Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for Mattel, Inc. I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

2. On December 17, 2007, MGA asked Mattel to disclose whether it had searched "through all of the email and other electronic databases and materials in its possession, custody or control." The parties met and conferred on December 26, 2007 regarding this issue. At the meet and confer, I informed Robert Herrington, MGA's counsel, that such sweeping discovery questions should be asked as interrogatories, but that Mattel would be happy to answer MGA's electronic discovery questions on a more informal basis if they are more specific.

3. Mr. Herrington then asked me, *via* e-mail, whether Mattel had searched Lily Martinez' hard drive. I responded that Mattel had. Mr. Herrington also asked whether the other computers identified in Michael Moore's Affidavit in support of Mattel's Opposition to MGA's Motion for Terminating Sanctions ("Moore's Affidavit") have been searched. I answered that Mattel had searched those "electronic media in its possession which were likely to have responsive documents," including Zeus and archived email. Mr. Herrington then stated that Mattel should have searched all of its backup tapes and archived email. In response, I proposed that MGA identify the specific backup tapes or other data compilations which it believes may contain responsive documents, and Mattel "will focus our efforts there." I also reminded Mr. Herrington that "the next couple document productions" by Mattel will include e-mails. Mr. Herrington then represented that MGA has "reason to believe" that Mattel had not searched its email files for "several witnesses," based on the purportedly small number of emails produced by Mattel.

07209/2373521.1

-1-

DECLARATION OF CHRISTOPHER TAYBACK

In response, I asked MGA to identify "which Mattel witnesses you believe have responsive documents that were not produced and which electronic data base you believe contains responsive documents that were not searched." MGA never did so. Attached as Exhibit 1 is a true and correct copy of my December 26, 2007 meet and confer correspondence with Mr. Herrington, reflecting same.

4. On December 27, 2007, MGA asked whether Mattel has searched "the archived email files and email backup tapes identified in Moore's Affidavit (paragraphs 8, 10-13, 22-23, and 27-28) for documents responsive to MGA and Bryant's document requests and the categories of documents Mattel was ordered to produce by Judge Infante." Attached as Exhibit 2 is a true and correct copy of Mr. Herrington's December 27, 2007 e-mail to me, reflecting same.

5. On January 4, 2007, I again responded that such sweeping discovery questions are more properly asked as interrogatories, and proposed that MGA identify the data compilations which it believes to contain responsive documents. MGA never responded. I also stated that MGA has already: (i) asked "virtually the same question in the form of an interrogatory;" and (ii) refused to answer a similar interrogatory by Mattel. Attached hereto as Exhibit 3 is a true and correct copy of my January 4, 2007 e-mail to Mr. Herrington, reflecting same.

6. Throughout the meet and confer process, I informed MGA, both orally and in writing, that Mattel "has searched the various electronic media in its possession which were likely to have responsive documents," including archived or backed-up e-mail. MGA's assertion that Mattel indicated that it had not searched its archived and backed-up email is incorrect. I repeatedly corrected MGA's counsel when he made the same mischaracterization in meet and confer correspondence.

7. To my knowledge, MGA never informed Mattel of its plan to move to compel email production nor even identified the document requests at issue. Mr. Herrington and I never met and conferred regarding this matter.

07209/2373521.1

-2-

DECLARATION OF CHRISTOPHER TAYBACK

8. On January 11, 2008, Mattel produced over 61,000 pages of Zeus directories.

9. I am informed and believe that Mattel has interviewed dozens of its employees in connection with the claims and counterclaims in the <u>MGA v. Mattel</u> case, and has collected electronic files bearing on these claims from those witnesses, as well as thousands of electronic documents from the SYMM and Zeus servers relating to the unfair competition claims made by MGA, including, but not limited to, marketing and design documents for MY SCENE, WEE THREE, ACCELERACERS, and LITTLE MOMMY.

10. Attached as Exhibit 4 is a true and correct copy of the Order Granting in Part and Denying in Part MGA's Motion to Compel Documents Responsive to First Set of Requests for Production of Documents, dated May 22, 2007.

11. Attached as Exhibit 5 is a true and correct copy of the Order Granting in Part and Denying in Part MGA's Motion to Compel Mattel to Supplement Its Responses and Produced Documents Responsive to MGA's First Set of Document Requests, dated September 12, 2007.

12. Attached as Exhibit 6 is a true and correct copy of excerpts from MGA's Second Set of Interrogatories, dated December 4, 2007.

13. Attached as Exhibit 7 is a true and correct copy of Mattel's Objections and Responses to MGA's Second Set of Interrogatories, dated January 3, 2008.

14. Attached as Exhibit 8 is a true and correct copy of the February 12, 2007 Minute Order.

15. Attached as Exhibit 9 is a true and correct copy of Mattel's Fifth Set of Interrogatories, dated October 19, 2007.

16. Attached as Exhibit 10 is a true and correct copy of MGA's Objections and Responses to Mattel's Fifth Set of Interrogatories, dated November 19, 2007.

17. Attached as Exhibit 11 is a true and correct copy of Michael Moore's Affidavit, dated September 10, 2007.

18. Attached as Exhibit 12 is a true and correct copy of relevant excerpts from Volume III of the deposition transcript of Fred Kawashima, dated September 13, 2007.

19. Attached as Exhibit 13 is a true and correct copy of the Order Regarding Mattel's Motion to Compel Production of Metadata, dated January 9, 2008.

20. Attached as Exhibit 14 is a true and correct copy of excerpts from the Transcript of the January 3, 2008 Omnibus Hearing before Judge Infante.

21. Attached as Exhibit 15 is a true and correct copy of the Declaration of Christopher Tayback in support of Mattel's Motion to Compel Responses to Interrogatories (Nos. 27-44 and 46-49) by the MGA Parties, dated January 7, 2008.

22. Attached as Exhibit 16 is a true and correct copy of the Declaration of Sergio Hernandez, dated April 25, 2007.

23. I am informed and believe that a large portion of MGA's e-mail production are duplicates. MGA also produced a large number of e-mails in redacted form, and subsequently reproduced them in un-redacted form following the Discovery Master's May 15, 2007 Order compelling MGA to produce documents in un-redacted form, except for redactions based on privilege. In one particularly egregious example, MGA produced over 10 copies of the same e-mail chain in redacted and un-redacted form. Attached as Exhibit 17 are true and correct copies of multiple versions of this same e-mail chain, as produced by MGA on May 16, 2005, January 5, 2007, February 5, 2007 and September 7, 2007.

24. I am informed and believe that the data searched on Mattel's high performance disk array (SYMM) used by Mattel for network storage in El Segundo includes the personal share or "M" drives of Mattel employees and some former

employees, and is the most likely location of e-mail archive files created by Mattel employees. The searches of SYMM conducted on behalf of Mattel by its IT consultants located between eight and nine gigabytes of e-mail data on SYMM.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 31, 2008, at Los Angeles, California.

_____
Christopher Tayback