last known business affiliation, current or last known residential address, current or last known business address, current or last known relationship with MATTEL, and current or last known phone number(s).

• With reference to an *entity*, means to state, fully and separately for each, such entity's full name, state (or country) of incorporation or organization, present or last known address, and present or last known telephone number(s).

• With reference to any *DOCUMENT*, means to describe each DOCUMENT by Bates number. If the DOCUMENT does not have a Bates number, IDENTIFY means to provide a complete description of the DOCUMENT such that it may be the subject of a request for production of documents, including by stating the date, identity of the author, addresses(s), recipient(s), signatories, parties, or other PERSONS identified in the DOCUMENT, its present location or custodian and a description of its contents.

• With reference to any MATTEL or MGA product, means to state fully and separately for each, the full name of the product; the number of the product; the SKU of the product; any other applicable designation of the product; the period of time in which the product has been sold; and IDENTIFY each PERSON who has licensed such product.

17. "MATTEL," "YOU," or "YOUR" means the party Mattel, Inc. and any of its past or present officers, directors, employees, parents, subsidiaries, divisions, affiliates, predecessors-in-interest, and joint venture partners.

18. "MATTEL EMPLOYEE" means any of MATTEL's current or former employees.

19. "MATTEL'S INITIAL DISCLOSURES" means Mattel, Inc.'s Consolidated (1) Initial Disclosures Relating to MGA's Unfair Competition Claims, and (2) Second Supplemental Initial Disclosures Relating to Mattel's Claims Against Bryant and MGA, dated January 5, 2007 and any supplemental or amendment thereto.

7

EXHIBIT 6 PAGE 68

20.   "MATTEL PRODUCTS," includes all products sold or offered by sale by MATTEL under or using the name "Barbie," including without limitation, all CONTESTED MATTEL PRODUCTS, all MY SCENE DOLLS, and any doll sold or offered for sale under the name "Diva Starz."

21.   "MY SCENE" means and refers to each image, character, logo, doll, fashion doll, toy, styling head, plush toy, play set, accessory, product, packaging or any other thing that is or has ever been manufactured, marketed or sold by YOU, or others under licensed by YOU, as part of a line of goods or merchandise commonly known as, or sold and marketed under the name "My Scene."

22.   "MY SCENE DOLL" means any fashion doll that is or has ever been distributed, marketed, sold or offered for sale under the name "My Scene" or as part of the "My Scene" line, including separate themes.

23.   "PERSON" or "PERSONS" means all natural persons, partnerships, joint ventures and any kind of business, legal or public entity or organization, as well as its, its or her agents, representatives, employees, officers and directors and any one else acting on its, its or her behalf, pursuant to its, its or her authority or subject or its, its or her control.

24.   "REFERRING OR RELATING TO" means constituting, embodying, containing, referring to, commenting on, evidencing, regarding, discussing, describing, mentioning, reflecting, expressing, pertaining to, concerning, supporting, contradicting, negating, revoking or otherwise relating to in any manner.

25.   "STATE THE COMPLETE FACTUAL BASIS FOR YOUR CONTENTION" means to (i) describe in detail the complete factual for the identified contention; (ii) IDENTIFY all DOCUMENTS that REFER OR RELATE TO that contention; and (iii) IDENTIFY all witnesses who may have information that REFERS OR RELATES TO the contention.

26.   "STORAGE DEVICE" means any computer hard drive, memory, USB device, tape, storage array or any other device or medium that allows a user, whether

8

EXHIBIT __6__ PAGE __69__

1  permanently, temporarily or otherwise, to create, generate, transmit, copy, retain,

2  store, or maintain DIGITAL INFORMATION.

3      27.   "SOURCE OF INFORMATION" means any PERSON or medium

4  containing DOCUMENTS, DIGITAL INFORMATION, or other information,

5  whether in paper, electronic or other form, including, but not limited to any

6  STORAGE DEVICE, file, file cabinet, or any other source of information or

7  DOCUMENTS.

8      28.   "THIS ACTION" refers to *Mattel, Inc. v. Bryant*, Case No. CV 04-9059

9  SGL (RNBx), filed on April 27, 2004 and all cases consolidated or coordinated

10  therewith.

11      29.   The singular form of a noun or pronoun includes within its meaning the

12  plural form of the noun or pronoun so used, and vice versa; the use of the masculine

13  form of a pronoun also includes within its meaning the feminine form of the pronoun

14  so used, and vice versa; the use of any tense of any verb includes also within its

15  meaning all other tenses of the verb so used, whenever such construction results in a

16  broader request for information; and "and" includes "or" and vice versa, whenever

17  such construction results in a broader disclosure of documents or information.

18

19                          **INSTRUCTIONS**

20      1.   Mattel is instructed to serve written responses to these Interrogatories on

21  MGA's counsel at Skadden, Arps, Slate, Meagher & Flom, LLP, 300 South Grand

22  Avenue, Los Angeles, California 90071.

23      2.   Pursuant to Federal Rule of Civil Procedure 33, Mattel shall provide its

24  answers under oath within 30 days of service.

25      3.   If, in responding to these Interrogatories, Mattel asserts an ambiguity in

26  either a particular Interrogatory or an Instruction of Definition applicable thereto,

27  Mattel shall identify in the response to such Interrogatory the language it contends is

28  ambiguous and state the interpretation used in responding.

9

EXHIBIT _6_ PAGE _70_

4.     These Interrogatories impose a continuing obligation subsequent to your initial production to the full extent provided for in Rule 26(e) of the Federal Rules of Civil Procedure.

5.     If, in responding to these Interrogatories, any information is not being provided based on an objection or otherwise, IDENTIFY the information not be provided and explain the complete basis supporting YOUR refusal and/or failure to provide that information.

6.     Unless otherwise noted, these Interrogatories seek information from January 1, 1995, to the present.

EXHIBIT 6 PAGE 71

## **INTERROGATORIES**

INTERROGATORY NO. 12:

IDENTIFY each version of the EMPLOYEE INVENTIONS AGREEMENT adopted and/or used by or on behalf of MATTEL, including, without limitation, (a) the IDENTITY of all persons who participated in or were consulted concerning the creation, drafting, adoption, and/or use of the EMPLOYEE INVENTIONS AGREEMENT; (b) the date(s) and/or range(s) of dates MATTEL'S used each version of the EMPLOYEE INVENTIONS AGREEMENT; and (c) the reason(s) for the changes between each version.

INTERROGATORY NO. 13:

Describe in detail each instance in which any provision of an EMPLOYEE INVENTIONS AGREEMENT was breached or alleged to be breached by an employee, independent contractor, or any other person with whom MATTEL had entered into an EMPLOYEE INVENTIONS AGREEMENT, including without limitation: (a) a complete description of the conduct comprising said breach; and (b) a complete description of all steps taken by MATTEL in response to said breach or alleged breach (*including, for example, conducting an investigation or arranging that an investigation be conducted on MATTEL'S behalf; issuing a warning, whether written or oral; issuing any other notification, whether written or oral; initiating civil litigation, including the name, case number and court of any such litigation; initiating any other legal proceeding, including but not limited to criminal proceedings, including the name, case number and court of any such proceeding; making an exception, whether written, oral, express, or implied; making a determination that no breach occurred, whether or not such determination was documented; or no action).*

EXHIBIT 10 PAGE 72

11

INTERROGATORY NO. 14:

IDENTIFY each version of the CONFLICT OF INTEREST QUESTIONNAIRE adopted and/or used by or on behalf of MATTEL, including, without limitation, (a) the identity of all persons who participated in or were consulted concerning the creation, drafting, adoption, and/or use of the CONFLICT OF INTEREST QUESTIONNAIRE; (b) the date(s) and/or range(s) of dates MATTEL'S used each version of the CONFLICT OF INTEREST QUESTIONNAIRE; and (c) the reason(s) for the changes between each version.

INTERROGATORY NO. 15:

Describe in detail each instance in which any provision of a CONFLICT OF INTEREST QUESTIONNAIRE was breached or alleged to be breached by an employee, independent contractor, or any other person with whom MATTEL had entered into a CONFLICT OF INTEREST QUESTIONNAIRE, including without limitation: (a) a description of the conduct comprising said breach; and (b) a description of all steps taken by MATTEL in response to said breach or alleged breach (*including, for example, conducting an investigation or arranging that an investigation be conducted on MATTEL'S behalf; issuing a warning, whether written or oral; issuing any other notification, whether written or oral; initiating civil litigation, including the name, case number and court of any such litigation; initiating any other legal proceeding, including but not limited to criminal proceedings, including the name, case number and court of any such proceeding; making an exception, whether written, oral, express, or implied; making a determination that no breach occurred, whether or not such determination was documented; or no action*).

12

EXHIBIT U PAGE 73

INTERROGATORY NO. 16:

STATE THE COMPLETE FACTUAL BASIS FOR YOUR CONTENTION that MATTEL has a viable affirmative claim for relief against MGA even if the evidence establishes both of the following:  (i) in August and/or September, 1998, Carter Bryant conceived of the line of fashion dolls that he named Bratz, and (ii) the design for the BRATZ dolls sold by MGA in 2001 was reduced to practice after October 20, 2000.

INTERROGATORY NO. 17:

STATE THE COMPLETE FACTUAL BASIS FOR YOUR CONTENTION that MATTEL employees in the Design Center who personally knew Carter Bryant did not know and/or believe, immediately following the launch of MGA's Bratz dolls in 2001, that Carter Bryant was the creator of the concept for the BRATZ line of dolls.

INTERROGATORY NO. 18:

STATE THE COMPLETE FACTUAL BASIS FOR YOUR CONTENTION that any of the fashions and/or accessories for the BRATZ line of dolls sold by MGA violate or infringe any of MATTEL'S intellectual property and/or proprietary rights.

INTERROGATORY NO. 19:

IDENTIFY with specificity each element of each ALLEGED COPYRIGHTED WORK that MATTEL contends is an original element protectable under the United States Copyright Laws.

13

EXHIBIT _ℓ_ PAGE 7 4

**INTERROGATORY NO. 20:**

IDENTIFY with specificity each ALLEGED TRADE SECRET, including the IDENTITY of each DOCUMENT that embodies or REFERS OR RELATES to each ALLEGED TRADE SECRET.

**INTERROGATORY NO. 21:**

IDENTIFY each PERSON who has had access to each ALLEGED TRADE SECRET, including (a) the ALLEGED TRADE SECRET each PERSON had access to; and (b) the date or dates each PERSON had this access.

**INTERROGATORY NO. 22:**

STATE THE COMPLETE FACTUAL BASIS FOR YOUR CONTENTION that MGA misappropriated any ALLEGED TRADE SECRET.

**INTERROGATORY NO. 23:**

STATE THE COMPLETE FACTUAL BASIS FOR YOUR CONTENTION that the ALLEGED TRADE SECRETS are protectable.

**INTERROGATORY NO. 24:**

DESCRIBE THE SALES AND PROFITS for each MATTEL PRODUCT that has been sold or offered for sale by YOU or YOUR licensees.  (The time period applicable to this interrogatory is from January 1, 1990 to the present).

**INTERROGATORY NO. 25:**

IDENTIFY, fully and separately, each and every PERSON who was involved in the development or marketing of the CONTESTED MATTEL PRODUCTS by stating each PERSON'S name, role, and start/end date.  (As used in this Interrogatory, the phrase "development or marketing" means the entire process of

14

EXHIBIT _U_ PAGE 75

creating and selling a new product or design, including without limitation, the marketing, advertising, promotion, licensing, offering for sale, conception, origin, creation, design, development, sculpting, engineering, reduction to practice, tooling or painting of a product or embodiment of a product).

**INTERROGATORY NO. 26:**

Describe in detail all instances in which a PERSON expressed confusion as to source or sponsorship between any MATTEL products, packaging or advertising (including, but not limited to, the CONTESTED MATTEL PRODUCTS) and any MGA products, packaging or advertising (including, but not limited to, "BRATZ"), by: (i) stating the facts and circumstances of each instance; (ii) IDENTIFYING all DOCUMENTS that REFER OR RELATE TO each instance; and (iii) IDENTIFYING all witnesses who may have information that REFER OR RELATE TO each instance.

**INTERROGATORY NO. 27:**

For each PERSON listed in MATTEL'S INITIAL DISCLOSURES, IDENTIFY each PERSON and describe in detail each PERSON's alleged knowledge of the subjects or information identified in MATTEL'S INITIAL DISCLOSURES.

**INTERROGATORY NO. 28:**

Describe in detail the complete factual basis for YOUR COUNTERCLAIMS, including, without limitation all facts, DOCUMENTS, and witnesses that REFER OR RELATE TO YOUR COUNTERCLAIMS.

EXHIBIT 6 PAGE 76

INTERROGATORY NO. 29:

Describe in detail any estimate or calculation of damage, loss, injury, or unjust enrichment, by reason of any act or omission alleged in YOUR COUNTERCLAIMS, that YOU have made or that has been made on YOUR behalf or at YOUR request, including all facts, DOCUMENTS or witnesses RELATING TO each estimate or calculation.

INTERROGATORY 30:

IDENTIFY each and every SOURCE OF INFORMATION from which YOU have COLLECTED DOCUMENTS that REFER OR RELATE TO BRATZ.

INTERROGATORY 31:

STATE THE COMPLETE FACTUAL BASIS FOR YOUR CONTENTION that any BRATZ doll is substantially similar to, a copy or a derivative of BRATZ DESIGNS created by Carter Bryant on or before October 19, 2000.

DATED:  December 4, 2007

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

By: _____

Robert J. Herrington
Attorneys for Counter-Defendants, MGA
ENTERTAINMENT, INC., ISAAC LARIAN,
MGA ENTERTAINMENT (HK) LIMITED,
AND MGAE de MEXICO S.R.L. de C.V.

16

EXHIBIT _6_ PAGE _77_

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 300 South Grand Avenue, 34th Floor, Los Angeles, CA 90071.

On December 4, 2007, I served the foregoing document described as:

### MGA'S SECOND SET OF INTERROGATORIES TO MATTEL, INC.

on the interested parties in this action addressed as follows:

### SEE ATTACHED SERVICE LIST

☒   (BY PERSONAL SERVICE)   ☐   By personally delivering copies to the person served. (FEDERAL)

☒   I caused such document to be hand delivered to the office of the addressee. (FEDERAL) [As Noted.]

☒   **(BY MAIL)** I am readily familiar with the firm's practice for the collection and processing of correspondence for mailing with the United States Postal Service and the fact that the correspondence would be deposited with the United States Postal Service that same day in the ordinary course of business; on this date, the above-referenced correspondence was placed for deposit at Los Angeles, California and placed for collection and mailing following ordinary business practices. [As Noted.]

I declare under penalty of perjury under the laws of the State of California and the United States of America that the above is true and correct.

Executed on December 4, 2007 at Los Angeles, California.

Allison G. Velkes
PRINT NAME                          SIGNATURE

1

EXHIBIT _6_ PAGE _78_

## SERVICE LIST

John B. Quinn, Esq.
Michael T. Zeller, Esq.
Jon D. Corey, Esq.
Timothy L. Alger, Esq.
Quinn Emanuel Urquhart Oliver &
Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA  90017-2543
(213)  443-3000
(213)  443-3100 (Fax)

Attorneys for Mattel, Inc.
[Personal Service]

John W. Keker, Esq.
Michael H. Page, Esq.
Keker & Van Nest, LLP
710 Sansome Street
San Francisco, CA  94111
(415)  391-5400
(415)  397-7188 (Fax)

Attorneys for Carter Bryant
[Mail]

Mark E. Overland, Esq.
Alexander H. Cote, Esq.
David C. Scheper, Esq.
Overland Borenstein Scheper & Kim
300 South Grand Avenue, Suite 2750
Los Angeles, CA  90071
(213)  613-4655
(213)  613-4656 (Fax)

Attorneys for Carlos Gustavo Machado
Gomez
[Mail]

EXHIBIT _6_ PAGE 79

**Exhibit 7**

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 090378)
2    (johnquinn@quinnemanuel.com)
     Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
     Timothy L. Alger (Bar No. 160303)
5    (timalger@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
6  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
7  Facsimile: (213) 443-3100

8  Attorneys for Plaintiff and Cross-
   Defendant
9  MATTEL, Inc.

10              UNITED STATES DISTRICT COURT

11              CENTRAL DISTRICT OF CALIFORNIA

12                    EASTERN DIVISION

13  CARTER BRYANT, an individual,        CASE NO. CV 04-9049 SGL (RNBx)

14              Plaintiff,                Consolidated with:
                                          Case No. CV 04-09059
15        vs.                             Case No. CV 05-02727

16  MATTEL, INC., a Delaware             MATTEL, INC.'S OBJECTIONS AND
    corporation,                         RESPONSES TO MGA
17                                        ENTERTAINMENT, INC.'S SECOND
              Defendant.                  SET OF INTERROGATORIES
18
19  CONSOLIDATED WITH                    Hon. Stephen G. Larson

20  MATTEL, INC. v. BRYANT, and

21  MGA ENTERTAINMENT, INC. v.
    MATTEL, INC.,
22
              Cross-Defendant.
23

24

25  PROPOUNDING PARTY:   MGA ENTERTAINMENT, INC.

26  RESPONDING PARTY:    MATTEL, INC.

27  SET NO.:             TWO (2)

28  NOS.:                12 - 31

EXHIBIT 7 PAGE 80

1-3

07975/2338502.1

### **Preliminary Statement**

Mattel, Inc. ("Mattel") has not yet completed its investigation of the facts relating to this action, has not yet reviewed all documents relating to this action, has not yet interviewed all witnesses in this action, and has not completed discovery from defendants Carter Bryant ("Bryant") or MGA Entertainment, Inc. ("MGA") or any third parties with regard to this action. Consequently, Mattel reserves the right to amend and/or supplement these responses if and when additional facts or documents are discovered. Additionally, because Mattel's responses are based on facts and documents that Mattel has identified to date, they do not preclude Mattel from later relying on facts or documents discovered or generated pursuant to subsequent investigation or discovery. Mattel's response to any of Defendant's Second Set of Interrogatories (the "Interrogatories") is not to be construed as a waiver of any of its objections or its right to object to any other discovery request.

### **General Objections**

Mattel generally objects to each of the Interrogatories on each and every one of the following grounds, which are incorporated into and made a part of Mattel's response to each and every individual Interrogatory:

1.     Mattel objects to the Interrogatories on the grounds that they seek to impose obligations upon Mattel beyond those imposed by the Federal Rules of Civil Procedure.

2.     Mattel objects to the Interrogatories on the grounds that they call for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege, including the privilege against disclosure of the identities and work product of consulting experts. Such information and documents will not be produced.

EXHIBIT 7 PAGE 81

1        3.     Mattel objects to the Interrogatories on the grounds that they call

2  for production or disclosure of confidential, proprietary and/or private information.

3  Such information and documents will not be disclosed or produced except pursuant

4  to and in reliance upon the operative protective order.

5        4.     Mattel objects to the Interrogatories on the grounds that they

6  seek the disclosure of information or documents that are in the possession, custody

7  and control of independent parties over whom Mattel has no control, and seek the

8  disclosure of information or documents that are in the possession, custody and

9  control of defendant MGA or are publicly available and hence equally available to

10  all parties to this litigation.

11        5.     Mattel objects to the Interrogatories on the grounds that they call

12  for information that is neither relevant to the claims or defenses in the pending

13  action nor reasonably calculated to lead to the discovery of admissible evidence.

14        6.     Mattel objects to the Interrogatories on the grounds that they are

15  unduly burdensome and oppressive.

16        7.     Mattel further objects to the Interrogatories on the grounds that

17  they purport to circumvent the expert disclosure provisions of the Federal and Local

18  Rules.  Such disclosures will be made in accordance with the requirements of, and at

19  the times specified by, the Court's Orders and the Rules.

20        8.     Mattel objects to the Interrogatories on the grounds that they

21  seek the disclosure of information or documents in violation of the terms of

22  agreements or protective orders entered into with third parties, or in violation of the

23  privacy, contractual, or other rights of third parties.

24        9.     Mattel objects to the Interrogatories on the grounds that the

25  definitions of "Mattel," "Bratz," "Contested Mattel Products" and "MY SCENE" are

26  overbroad, vague and ambiguous and unduly burdensome.

27       10.     Mattel objects to the Interrogatories on the grounds that the

28  defendants have exceeded the limit on the number of interrogatories they may

EXHIBIT 7 PAGE 82

1  properly serve on Mattel without leave of the Court, which defendants have neither
2  sought nor obtained.
3
4  ### Specific and General Responses
5  Each of the following objections and responses to the Interrogatories is
6  expressly made subject to the above Preliminary Statement and General Objections,
7  all of which are incorporated in each of the following objections and responses to
8  specific Interrogatories.
9
10
11  ### RESPONSES TO INTERROGATORIES
12  **INTERROGATORY NO. 12:**
13  IDENTIFY each version of the EMPLOYEE INVENTIONS
14  AGREEMENT adopted and/or used by or on behalf of MATTEL, including,
15  without limitation, (a) the IDENTITY of all persons who participated in or were
16  consulted concerning the creation, drafting, adoption, and/or use of the EMPLOYEE
17  INVENTIONS AGREEMENT; (b) the date(s) and/or range(s) of dates MATTEL'S
18  used each version of the EMPLOYEE INVENTIONS AGREEMENT; and (c) the
19  reason(s) for the changes between each version.
20
21  **RESPONSE TO INTERROGATORY NO. 12:**
22  In addition to the general objections stated above, Mattel specifically
23  objects to this Interrogatory on the grounds that defendants' Second Set of
24  Interrogatories purports to require Mattel to answer interrogatories that are in excess
25  of the number of interrogatories allowed defendants, including pursuant to the
26  Discovery Master's guidelines set forth in his Order of September 5, 2007. Because
27  defendants have neither sought nor obtained leave of the Court to serve such excess
28  number of interrogatories, they are improper. Mattel further objects to this

-4-

EXHIBIT 7 PAGE 83

1  Interrogatory on the grounds that it seeks information that is not relevant nor likely

2  to lead to the discovery of admissible evidence.  Mattel further objects to this

3  Interrogatory as unreasonably burdensome, overbroad and compound, including

4  without limitation in that it seeks information about provisions of agreements that

5  have no bearing on this action and regardless of whether any such agreements are at

6  issue in this case.  Mattel further objects to this Interrogatory on the grounds that it

7  calls for the disclosure of information subject to the attorney-client privilege, the

8  attorney work-product doctrine and other applicable privileges.  Mattel further

9  objects to this Interrogatory as vague and ambiguous, including without limitation in

10  its use of the terms "participated in" and "use" in this context.  Mattel further objects

11  to this Interrogatory on the grounds that it calls for the disclosure of confidential

12  and/or proprietary information, which Mattel will disclose only subject to and in

13  reliance upon the operative protective order.

14

15  **INTERROGATORY NO. 13:**

16  　　　　Describe in detail each instance in which any provision of an

17  EMPLOYEE INVENTIONS AGREEMENT was breached or alleged to be

18  breached by an employee, independent contractor, or any other person with whom

19  MATTEL had entered into an EMPLOYEE INVENTIONS AGREEMENT,

20  including without limitation:  (a) a complete description of the conduct comprising

21  said breach; and (b) a complete description of all steps taken by MATTEL in

22  response to said breach or alleged breach *(including, for example, conducting an*

23  *investigation or arranging that an investigation be conducted on MATTEL'S behalf;*

24  *issuing a warning, whether written or oral; issuing any other notification, whether*

25  *written or oral; initiating civil litigation, including the name, case number and court*

26  *of any such litigation; initiating any other legal proceeding, including but not*

27  *limited to criminal proceedings, including the name, case number and court of any*

28  *such proceeding; making an exception, whether written, oral, express, or implied;*

1 | *making a determination that no breach occurred, whether or not such determination*

2 | *was documented; or no action).*

3 |

4 | **RESPONSE TO INTERROGATORY NO. 13:**

5 | In addition to the general objections stated above, Mattel specifically

6 | objects to this Interrogatory on the grounds that defendants' Second Set of

7 | Interrogatories purports to require Mattel to answer interrogatories that are in excess

8 | of the number of interrogatories allowed defendants, including pursuant to the

9 | Discovery Master's guidelines set forth in his Order of September 5, 2007.  Because

10 | defendants have neither sought nor obtained leave of the Court to serve such excess

11 | number of interrogatories, they are improper.  Mattel further objects to this

12 | Interrogatory on the grounds that it seeks information that is not relevant nor likely

13 | to lead to the discovery of admissible evidence.  Mattel further objects to this

14 | Interrogatory as unreasonably burdensome, overbroad and compound, including

15 | without limitation in that it seeks information about agreements and provisions of

16 | agreements that are not at issue in this case and about employees, independent

17 | contractors and other persons who have no bearing on this action.  Mattel further

18 | objects to this Interrogatory on the grounds that it calls for the disclosure of

19 | information subject to the attorney-client privilege, the attorney work-product

20 | doctrine and other applicable privileges.  Mattel further objects to this Interrogatory

21 | on the grounds that it calls for the disclosure of confidential and/or proprietary

22 | information, which Mattel will disclose only subject to and in reliance upon the

23 | operative protective order.

24 |

25 | **INTERROGATORY NO. 14:**

26 | IDENTIFY each version of the CONFLICT OF INTEREST

27 | QUESTIONNAIRE adopted and/or used by or on behalf of MATTEL, including,

28 | without limitation, (a) the identity of all persons who participated in or were

07975/2338502.1

-6-

EXHIBIT 7 PAGE 85

1  consulted concerning the creation, drafting, adoption, and/or use of the CONFLICT

2  OF INTEREST QUESTIONNAIRE; (b) the date(s) and/or range(s) of dates

3  MATTEL'S used each version of the CONFLICT OF INTEREST

4  QUESTIONNAIRE; and (c) the reason(s) for the changes between each version.

5

6  **RESPONSE TO INTERROGATORY NO. 14:**

7          In addition to the general objections stated above, Mattel specifically

8  objects to this Interrogatory on the grounds that defendants' Second Set of

9  Interrogatories purports to require Mattel to answer interrogatories that are in excess

10  of the number of interrogatories allowed defendants, including pursuant to the

11  Discovery Master's guidelines set forth in his Order of September 5, 2007. Because

12  defendants have neither sought nor obtained leave of the Court to serve such excess

13  number of interrogatories, they are improper. Mattel further objects to this

14  Interrogatory on the grounds that it seeks information that is not relevant nor likely

15  to lead to the discovery of admissible evidence. Mattel further objects to this

16  Interrogatory as unreasonably burdensome, overbroad and compound, including

17  without limitation in that it seeks information about provisions of conflict of interest

18  questionnaires that have no bearing on this action and regardless of whether any

19  such questionnaires are at issue in this case. Mattel further objects to this

20  Interrogatory on the grounds that it calls for the disclosure of information subject to

21  the attorney-client privilege, the attorney work-product doctrine and other applicable

22  privileges. Mattel further objects to this Interrogatory as vague and ambiguous,

23  including without limitation in its use of the terms "participated in" and "use" in this

24  context. Mattel further objects to this Interrogatory on the grounds that it calls for

25  the disclosure of confidential and/or proprietary information, which Mattel will

26  disclose only subject to and in reliance upon the operative protective order.

27

28

EXHIBIT __7__ PAGE 80

**INTERROGATORY NO. 15:**

Describe in detail each instance in which any provision of a CONFLICT OF INTEREST QUESTIONNAIRE was breached or alleged to be breached by an employee, independent contractor, or any other person with whom MATTEL had entered into a CONFLICT OF INTEREST QUESTIONNAIRE, including without limitation: (a) a description of the conduct comprising said breach; and (b) a description of all steps taken by MATTEL in response to said breach or alleged breach *(including, for example, conducting an investigation or arranging that an investigation be conducted on MATTEL'S behalf, issuing a warning, whether written or oral; issuing any other notification, whether written or oral; initiating civil litigation, including the name, case number and court of any such litigation; initiating any other legal proceeding, including but not limited to criminal proceedings, including the name, case number and court of any such proceeding; making an exception, whether written, oral, express, or implied; making a determination that no breach occurred, whether or not such determination was documented; or no action).*

**RESPONSE TO INTERROGATORY NO. 15:**

In addition to the general objections stated above, Mattel specifically objects to this Interrogatory on the grounds that defendants' Second Set of Interrogatories purports to require Mattel to answer interrogatories that are in excess of the number of interrogatories allowed defendants, including pursuant to the Discovery Master's guidelines set forth in his Order of September 5, 2007. Because defendants have neither sought nor obtained leave of the Court to serve such excess number of interrogatories, they are improper. Mattel further objects to this Interrogatory on the grounds that it seeks information that is not relevant nor likely to lead to the discovery of admissible evidence. Mattel further objects to this Interrogatory as unreasonably burdensome, overbroad and compound, including

EXHIBIT 7 PAGE 87

1    without limitation in that it seeks information about conflict of interest

2    questionnaires and provisions of such questionnaires that are not at issue in this case

3    and about employees, independent contractors and other persons who have no

4    bearing on this action. Mattel further objects to this Interrogatory on the grounds

5    that it calls for the disclosure of information subject to the attorney-client privilege,

6    the attorney work-product doctrine and other applicable privileges. Mattel further

7    objects to this Interrogatory on the grounds that it calls for the disclosure of

8    confidential and/or proprietary information, which Mattel will disclose only subject

9    to and in reliance upon the operative protective order.

10

11   **INTERROGATORY NO. 16:**

12           STATE THE COMPLETE FACTUAL BASIS FOR YOUR

13   CONTENTION that MATTEL has a viable affirmative claim for relief against

14   MGA even if the evidence establishes both of the following: (i) in August and/or

15   September, 1998, Carter Bryant conceived of the line of fashion dolls that he named

16   Bratz, and (ii) the design for the BRATZ dolls sold by MGA in 2001 was reduced to

17   practice after October 20, 2000.

18

19   **RESPONSE TO INTERROGATORY NO. 16:**

20           In addition to the general objections stated above, Mattel specifically

21   objects to this Interrogatory on the grounds that defendants' Second Set of

22   Interrogatories purports to require Mattel to answer interrogatories that are in excess

23   of the number of interrogatories allowed defendants, including pursuant to the

24   Discovery Master's guidelines set forth in his Order of September 5, 2007. Because

25   defendants have neither sought nor obtained leave of the Court to serve such excess

26   number of interrogatories, they are improper. Mattel further objects to this

27   interrogatory in that it asks Mattel to make assumptions that are contrary to the

28   evidence, including without limitation to facts admitted to by defendants and/or their

07975/2338502.1                                     -9-        EXHIBIT 1 PAGE 88

1   witnesses, and are contrary to the logical inferences stemming from defendants'

2   conduct, including their concealment and spoliation of evidence.  Mattel further

3   objects to this Interrogatory as unreasonably burdensome and overbroad in that it

4   purports to require Mattel to summarize all facts on this subject, including without

5   limitation, facts that are known to or in the possession, custody and control of

6   defendants MGA and Bryant and that such defendants have concealed despite Court

7   Orders to provide them, and despite defendants' refusals to answer interrogatories

8   with the same or comparable language.  Mattel further objects to this Interrogatory

9   as compound.  Mattel further objects to this Interrogatory on the grounds that it calls

10   for the disclosure of information subject to the attorney-client privilege, the attorney

11   work-product doctrine and other applicable privileges.  Mattel further objects to this

12   Interrogatory on the grounds that it calls for the disclosure of confidential and/or

13   proprietary information, which Mattel will disclose only subject to and in reliance

14   upon the operative protective order.

15

16   **INTERROGATORY NO. 17:**

17        STATE THE COMPLETE FACTUAL BASIS FOR YOUR

18   CONTENTION that MATTEL employees in the Design Center who personally

19   knew Carter Bryant did not know and/or believe, immediately following the launch

20   of MGA's Bratz dolls in 2001, that Carter Bryant was the creator of the concept for

21   the BRATZ line of dolls.

22

23   **RESPONSE TO INTERROGATORY NO. 17:**

24        In addition to the general objections stated above, Mattel specifically

25   objects to this Interrogatory on the grounds that defendants' Second Set of

26   Interrogatories purports to require Mattel to answer interrogatories that are in excess

27   of the number of interrogatories allowed defendants, including pursuant to the

28   Discovery Master's guidelines set forth in his Order of September 5, 2007.  Because

EXHIBIT 7 PAGE 89

1  defendants have neither sought nor obtained leave of the Court to serve such excess

2  number of interrogatories, they are improper.  Mattel further objects to this

3  interrogatory in that it misstates Mattel's contentions.  Mattel further objects to this

4  interrogatory on the ground that it seeks information that is not relevant nor

5  reasonably calculated to lead to the discovery of admissible evidence, including

6  without limitation in that knowledge or notice of such matters are irrelevant to

7  defendants' purported statute of limitations and laches defenses.  Mattel further

8  objects to this Interrogatory as unreasonably burdensome and overbroad in that it

9  purports to require Mattel to summarize all facts on this subject, despite defendants'

10  own refusals to answer interrogatories with the same or comparable language.

11  Mattel further objects to this Interrogatory as compound.  Mattel further objects to

12  this Interrogatory on the grounds that it calls for the disclosure of information

13  subject to the attorney-client privilege, the attorney work-product doctrine and other

14  applicable privileges.  Mattel further objects to this Interrogatory on the grounds that

15  it calls for the disclosure of confidential and/or proprietary information, which

16  Mattel will disclose only subject to and in reliance upon the operative protective

17  order.

18

19  **INTERROGATORY NO. 18:**

20          STATE THE COMPLETE FACTUAL BASIS FOR YOUR

21  CONTENTION that any of the fashions and/or accessories for the BRATZ line of

22  dolls sold by MGA violate or infringe any of MATTEL'S intellectual property

23  and/or proprietary rights.

24

25  **RESPONSE TO INTERROGATORY NO. 18:**

26          In addition to the general objections stated above, Mattel specifically

27  objects to this Interrogatory on the grounds that defendants' Second Set of

28  Interrogatories purports to require Mattel to answer interrogatories that are in excess

1   of the number of interrogatories allowed defendants, including pursuant to the

2   Discovery Master's guidelines set forth in his Order of September 5, 2007.  Because

3   defendants have neither sought nor obtained leave of the Court to serve such excess

4   number of interrogatories, they are improper.  Mattel further objects to this

5   interrogatory on the ground that it seeks information that is not relevant nor

6   reasonably calculated to lead to the discovery of admissible evidence, including in

7   that it purports to require Mattel to identify matters that are the subject of claims not

8   asserted in this action and/or are asserted in other actions.  Mattel further objects to

9   this Interrogatory on the grounds that it is unreasonably burdensome and overbroad,

10  including in that it purports to require Mattel to summarize all facts on this subject,

11  despite defendants' own refusals to answer interrogatories with the same or

12  comparable language.  Mattel further objects to this Interrogatory as compound.

13  Mattel further objects to this Interrogatory on the grounds that it calls for the

14  disclosure of information subject to the attorney-client privilege, the attorney work-

15  product doctrine and other applicable privileges.  Mattel further objects to this

16  Interrogatory on the grounds that it calls for the disclosure of confidential and/or

17  proprietary information, which Mattel will disclose only subject to and in reliance

18  upon the operative protective order.

19

20  **INTERROGATORY NO. 19:**

21          IDENTIFY with specificity each element of each ALLEGED

22  COPYRIGHTED WORK that MATTEL contends is an original element protectable

23  under the United States Copyright Laws.

24

25  **RESPONSE TO INTERROGATORY NO. 19:**

26          In addition to the general objections stated above, Mattel specifically

27  objects to this Interrogatory on the grounds that defendants' Second Set of

28  Interrogatories purports to require Mattel to answer interrogatories that are in excess

-12-

EXHIBIT 7 PAGE 91

1  of the number of interrogatories allowed defendants, including pursuant to the

2  Discovery Master's guidelines set forth in his Order of September 5, 2007. Because

3  defendants have neither sought nor obtained leave of the Court to serve such excess

4  number of interrogatories, they are improper. Mattel further objects to this

5  interrogatory on the ground that it seeks information that is not relevant nor

6  reasonably calculated to lead to the discovery of admissible evidence. Mattel

7  further objects to this Interrogatory on the grounds that it is unreasonably

8  burdensome and overbroad, including in that it purports to require Mattel to identify

9  "each element" of numerous works, despite defendants' own refusals to answer

10 interrogatories with the same or comparable language. Mattel further objects to this

11 Interrogatory as compound. Mattel further objects to this Interrogatory on the

12 grounds that it calls for the disclosure of information subject to the attorney-client

13 privilege, the attorney work-product doctrine and other applicable privileges. Mattel

14 further objects to this Interrogatory on the grounds that it calls for the disclosure of

15 confidential and/or proprietary information, which Mattel will disclose only subject

16 to and in reliance upon the operative protective order.

17

18 **INTERROGATORY NO. 20:**

19          IDENTIFY with specificity each ALLEGED TRADE SECRET,

20 including the IDENTITY of each DOCUMENT that embodies or REFERS OR

21 RELATES to each ALLEGED TRADE SECRET.

22

23 **RESPONSE TO INTERROGATORY NO. 20:**

24          In addition to the general objections stated above, Mattel specifically

25 objects to this Interrogatory on the grounds that defendants' Second Set of

26 Interrogatories purports to require Mattel to answer interrogatories that are in excess

27 of the number of interrogatories allowed defendants, including pursuant to the

28 Discovery Master's guidelines set forth in his Order of September 5, 2007. Because

1   defendants have neither sought nor obtained leave of the Court to serve such excess

2   number of interrogatories, they are improper. Mattel further objects to this

3   Interrogatory on the grounds that it is unreasonably burdensome, overbroad and

4   duplicative of other discovery requests propounded in this action. Mattel further

5   objects to this Interrogatory on the grounds that it calls for the disclosure of

6   information subject to the attorney-client privilege, the attorney work-product

7   doctrine and other applicable privileges. Mattel further objects to this Interrogatory

8   on the grounds that it calls for the disclosure of confidential and/or proprietary

9   information, which Mattel will disclose only subject to and in reliance upon the

10  operative protective order.

11

12  **INTERROGATORY NO. 21:**

13          IDENTIFY each PERSON who has had access to each ALLEGED

14  TRADE SECRET, including (a) the ALLEGED TRADE SECRET each PERSON

15  had access to; and (b) the date or dates each PERSON had this access.

16

17  **RESPONSE TO INTERROGATORY NO. 21:**

18          In addition to the general objections stated above, Mattel specifically

19  objects to this Interrogatory on the grounds that defendants' Second Set of

20  Interrogatories purports to require Mattel to answer interrogatories that are in excess

21  of the number of interrogatories allowed defendants, including pursuant to the

22  Discovery Master's guidelines set forth in his Order of September 5, 2007. Because

23  defendants have neither sought nor obtained leave of the Court to serve such excess

24  number of interrogatories, they are improper. Mattel further objects to this

25  Interrogatory on the grounds that it is unreasonably burdensome, overbroad and

26  duplicative of other discovery requests propounded in this action. Mattel further

27  objects to this interrogatory as vague and ambiguous, including as to time. Mattel

28  further objects to this Interrogatory on the grounds that it calls for the disclosure of

EXHIBIT 7 PAGE 93

1    information subject to the attorney-client privilege, the attorney work-product

2    doctrine and other applicable privileges.  Mattel further objects to this Interrogatory

3    on the grounds that it calls for the disclosure of confidential and/or proprietary

4    information, which Mattel will disclose only subject to and in reliance upon the

5    operative protective order.

6

7    **INTERROGATORY NO. 22:**

8              STATE THE COMPLETE FACTUAL BASIS FOR YOUR

9    CONTENTION that MGA misappropriated any ALLEGED TRADE SECRET.

10

11   **RESPONSE TO INTERROGATORY NO. 22:**

12             In addition to the general objections stated above, Mattel specifically

13   objects to this Interrogatory on the grounds that defendants' Second Set of

14   Interrogatories purports to require Mattel to answer interrogatories that are in excess

15   of the number of interrogatories allowed defendants, including pursuant to the

16   Discovery Master's guidelines set forth in his Order of September 5, 2007.  Because

17   defendants have neither sought nor obtained leave of the Court to serve such excess

18   number of interrogatories, they are improper.  Mattel further objects to this

19   Interrogatory on the grounds that it is unreasonably burdensome, overbroad and

20   duplicative of other discovery requests propounded in this action, including that it

21   purports to require Mattel to identify facts that are known to or in the possession,

22   custody and control of defendants but that defendants have failed and refused to

23   discuss and including in that it purports to require Mattel to summarize all facts on

24   this subject, despite defendants' own refusals to answer interrogatories with the

25   same or comparable language.  Mattel further objects to this Interrogatory on the

26   grounds that it calls for the disclosure of information subject to the attorney-client

27   privilege, the attorney work-product doctrine and other applicable privileges.  Mattel

28   further objects to this Interrogatory on the grounds that it calls for the disclosure of

1 | confidential and/or proprietary information, which Mattel will disclose only subject
2 | to and in reliance upon the operative protective order.

3

**INTERROGATORY NO. 23:**

STATE THE COMPLETE FACTUAL BASIS FOR YOUR CONTENTION that the ALLEGED TRADE SECRETS are protectable.

**RESPONSE TO INTERROGATORY NO. 23:**

In addition to the general objections stated above, Mattel specifically objects to this Interrogatory on the grounds that defendants' Second Set of Interrogatories purports to require Mattel to answer interrogatories that are in excess of the number of interrogatories allowed defendants, including pursuant to the Discovery Master's guidelines set forth in his Order of September 5, 2007. Because defendants have neither sought nor obtained leave of the Court to serve such excess number of interrogatories, they are improper. Mattel further objects to this Interrogatory on the grounds that it is unreasonably burdensome, overbroad and duplicative of other discovery requests propounded in this action, including in that it purports to require Mattel to summarize all facts on this subject, despite defendants' own refusals to answer interrogatories with the same or comparable language. Mattel further objects to this Interrogatory on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Interrogatory on the grounds that it calls for the disclosure of confidential and/or proprietary information, which Mattel will disclose only subject to and in reliance upon the operative protective order.

EXHIBIT 7 PAGE 95

**INTERROGATORY NO. 24:**

DESCRIBE THE SALES AND PROFITS for each MATTEL PRODUCT that has been sold or offered for sale by YOU or YOUR licensees.  (The time period applicable to this interrogatory is from January 1, 1990 to the present).

**RESPONSE TO INTERROGATORY NO. 24:**

In addition to the general objections stated above, Mattel specifically objects to this Interrogatory on the grounds that defendants' Second Set of Interrogatories purports to require Mattel to answer interrogatories that are in excess of the number of interrogatories allowed defendants, including pursuant to the Discovery Master's guidelines set forth in his Order of September 5, 2007.  Because defendants have neither sought nor obtained leave of the Court to serve such excess number of interrogatories, they are improper.  Mattel further objects to this interrogatory on the ground that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Mattel further objects to this Interrogatory on the grounds that it is unreasonably burdensome and overbroad, including in that it seeks information about Mattel sales and products not at issue in this case.  Mattel further objects to this Interrogatory on the grounds that it calls for the disclosure of confidential and/or proprietary information, which Mattel will disclose only subject to and in reliance upon the operative protective order.

**INTERROGATORY NO. 25:**

IDENTIFY, fully and separately, each and every PERSON who was involved in the development or marketing of the CONTESTED MATTEL PRODUCTS by stating each PERSON'S name, role, and start/end date.  (As used in this Interrogatory, the phrase "development or marketing" means the entire process of creating and selling a new product or design, including without limitation, the

-17-   EXHIBIT __7 PAGE 94

1   marketing, advertising, promotion, licensing, offering for sale, conception, origin,

2   creation, design, development, sculpting, engineering, reduction to practice, tooling

3   or painting of a product or embodiment of a product).

4

5   **RESPONSE TO INTERROGATORY NO. 25:**

6            In addition to the general objections stated above, Mattel specifically

7   objects to this Interrogatory on the grounds that defendants' Second Set of

8   Interrogatories purports to require Mattel to answer interrogatories that are in excess

9   of the number of interrogatories allowed defendants, including pursuant to the

10  Discovery Master's guidelines set forth in his Order of September 5, 2007.  Because

11  defendants have neither sought nor obtained leave of the Court to serve such excess

12  number of interrogatories, they are improper.  Mattel further objects to this

13  Interrogatory on the grounds that it is unreasonably burdensome and overbroad,

14  including in that it seeks information about Mattel sales and products not at issue in

15  this case.  Mattel further objects to this Interrogatory on the grounds that it calls for

16  the disclosure of confidential and/or proprietary information, which Mattel will

17  disclose only subject to and in reliance upon the operative protective order.

18

19  **INTERROGATORY NO. 26:**

20           Describe in detail all instances in which a PERSON expressed

21  confusion as to source or sponsorship between any MATTEL products, packaging

22  or advertising (including, but not limited to, the CONTESTED MATTEL

23  PRODUCTS) and any MGA products, packaging or advertising (including, but not

24  limited to, "BRATZ"), by:  (i) stating the facts and circumstances of each instance;

25  (ii) IDENTIFYING all DOCUMENTS that REFER OR RELATE TO each instance;

26  and (iii) IDENTIFYING all witnesses who may have information that REFER OR

27  RELATE TO each instance.

28

EXHIBIT 7 PAGE 97

**RESPONSE TO INTERROGATORY NO. 26:**

In addition to the general objections stated above, Mattel specifically objects to this Interrogatory on the grounds that defendants' Second Set of Interrogatories purports to require Mattel to answer interrogatories that are in excess of the number of interrogatories allowed defendants, including pursuant to the Discovery Master's guidelines set forth in his Order of September 5, 2007. Because defendants have neither sought nor obtained leave of the Court to serve such excess number of interrogatories, they are improper. Mattel further objects to this Interrogatory on the grounds that it seeks information that is not relevant nor likely to lead to the discovery of admissible evidence and is unreasonably burdensome and overbroad, including in that it seeks information about products, packaging and other matters not at issue in this case. Mattel further objects to this Interrogatory on the grounds that it calls for the disclosure of confidential and/or proprietary information, which Mattel will disclose only subject to and in reliance upon the operative protective order.

**INTERROGATORY NO. 27:**

For each PERSON listed in MATTEL'S INITIAL DISCLOSURES, IDENTIFY each PERSON and describe in detail each PERSON's alleged knowledge of the subjects or information identified in MATTEL'S INITIAL DISCLOSURES.

**RESPONSE TO INTERROGATORY NO. 27:**

In addition to the general objections stated above, Mattel specifically objects to this Interrogatory on the grounds that defendants' Second Set of Interrogatories purports to require Mattel to answer interrogatories that are in excess of the number of interrogatories allowed defendants, including pursuant to the Discovery Master's guidelines set forth in his Order of September 5, 2007. Because

EXHIBIT 7 PAGE 98

1  defendants have neither sought nor obtained leave of the Court to serve such excess

2  number of interrogatories, they are improper.  Mattel further objects to this

3  Interrogatory on the grounds that it seeks information that is unreasonably

4  burdensome and overbroad.  Mattel further objects to this Interrogatory on the

5  grounds that it calls for the disclosure of confidential and/or proprietary information,

6  which Mattel will disclose only subject to and in reliance upon the operative

7  protective order.

8

9  **INTERROGATORY NO. 28:**

10         Describe in detail the complete factual basis for YOUR

11  COUNTERCLAIMS, including, without limitation all facts, DOCUMENTS, and

12  witnesses that REFER OR RELATE TO YOUR COUNTERCLAIMS.

13

14  **RESPONSE TO INTERROGATORY NO. 28:**

15         In addition to the general objections stated above, Mattel specifically

16  objects to this Interrogatory on the grounds that defendants' Second Set of

17  Interrogatories purports to require Mattel to answer interrogatories that are in excess

18  of the number of interrogatories allowed defendants, including pursuant to the

19  Discovery Master's guidelines set forth in his Order of September 5, 2007.  Because

20  defendants have neither sought nor obtained leave of the Court to serve such excess

21  number of interrogatories, they are improper.  Mattel further objects to this

22  Interrogatory on the grounds that it is unreasonably burdensome, overbroad and

23  compound, including in that it purports to require Mattel to summarize all facts on

24  these multiple subject, despite defendants' own refusals to answer interrogatories

25  with the same or comparable language.  Mattel further objects to this Interrogatory

26  on the grounds that it calls for the disclosure of information subject to the attorney-

27  client privilege, the attorney work-product doctrine and other applicable privileges.

28  Mattel further objects to this Interrogatory on the grounds that it calls for the

EXHIBIT 7 PAGE 99

1   disclosure of confidential and/or proprietary information, which Mattel will disclose

2   only subject to and in reliance upon the operative protective order.

3

4   **INTERROGATORY NO. 29:**

5           Describe in detail any estimate or calculation of damage, loss, injury, or

6   unjust enrichment, by reason of any act or omission alleged in YOUR

7   COUNTERCLAIMS, that YOU have made or that has been made on YOUR behalf

8   or at YOUR request, including all facts, DOCUMENTS or witnesses RELATING

9   TO each estimate or calculation.

10

11  **RESPONSE TO INTERROGATORY NO. 29:**

12          In addition to the general objections stated above, Mattel specifically

13  objects to this Interrogatory on the grounds that defendants' Second Set of

14  Interrogatories purports to require Mattel to answer interrogatories that are in excess

15  of the number of interrogatories allowed defendants, including pursuant to the

16  Discovery Master's guidelines set forth in his Order of September 5, 2007.  Because

17  defendants have neither sought nor obtained leave of the Court to serve such excess

18  number of interrogatories, they are improper.  Mattel further objects to this

19  Interrogatory on the grounds that it is unreasonably burdensome, overbroad and

20  compound, including in that it purports to require Mattel to summarize all facts on

21  these multiple subject, despite defendants' own refusals to answer interrogatories

22  with the same or comparable language.  Mattel further objects to this Interrogatory

23  on the grounds that it calls for the disclosure of information subject to the attorney-

24  client privilege, the attorney work-product doctrine and other applicable privileges.

25  Mattel further objects to this Interrogatory on the grounds that it purports to require

26  Mattel to disclose the identity of consulting experts.  The identity of any such

27  experts will not be disclosed.  Mattel further objects to this Interrogatory on the

28  grounds that it calls for the disclosure of confidential and/or proprietary information,

1  which Mattel will disclose only subject to and in reliance upon the operative

2  protective order. Mattel further objects to this Interrogatory on the grounds that it

3  purports to circumvent the expert disclosure provisions of the <u>Federal</u> and <u>Local</u>

4  <u>Rules</u>. Such disclosures will be made in accordance with the requirements of, and at

5  the times specified by, the Court's Orders and the <u>Rules</u>.

6

7  **INTERROGATORY NO. 30:**

8          IDENTIFY each and every SOURCE OF INFORMATION from which

9  YOU have COLLECTED DOCUMENTS that REFER OR RELATE TO BRATZ.

10

11 **RESPONSE TO INTERROGATORY NO. 30:**

12          In addition to the general objections stated above, Mattel specifically

13 objects to this Interrogatory on the grounds that defendants' Second Set of

14 Interrogatories purports to require Mattel to answer interrogatories that are in excess

15 of the number of interrogatories allowed defendants, including pursuant to the

16 Discovery Master's guidelines set forth in his Order of September 5, 2007. Because

17 defendants have neither sought nor obtained leave of the Court to serve such excess

18 number of interrogatories, they are improper. Mattel further objects to this

19 Interrogatory on the grounds that it is unreasonably burdensome, overbroad and

20 compound, including in that it purports to require Mattel to summarize all facts on

21 these multiple subject, despite defendants' own refusals to answer interrogatories

22 with the same or comparable language. Mattel further objects to this Interrogatory

23 on the grounds that it calls for the disclosure of information subject to the attorney-

24 client privilege, the attorney work-product doctrine and other applicable privileges.

25 Mattel further objects to this Interrogatory on the grounds that it purports to require

26 Mattel to disclose the identity of consulting experts. The identity of any such

27 experts will not be disclosed. Mattel further objects to this Interrogatory on the

28 grounds that it calls for the disclosure of confidential and/or proprietary information,

1   which Mattel will disclose only subject to and in reliance upon the operative

2   protective order.

3

4   **INTERROGATORY NO. 31:**

5           STATE THE COMPLETE FACTUAL BASIS FOR YOUR

6   CONTENTION that any BRATZ doll is substantially similar to, a copy or a

7   derivative of BRATZ DESIGNS created by Carter Bryant on or before October 19,

8   2000.

9

10  **RESPONSE TO INTERROGATORY NO. 31:**

11          In addition to the general objections stated above, Mattel specifically

12  objects to this Interrogatory on the grounds that defendants' Second Set of

13  Interrogatories purports to require Mattel to answer interrogatories that are in excess

14  of the number of interrogatories allowed defendants, including pursuant to the

15  Discovery Master's guidelines set forth in his Order of September 5, 2007.  Because

16  defendants have neither sought nor obtained leave of the Court to serve such excess

17  number of interrogatories, they are improper.  Mattel further objects to this

18  Interrogatory on the grounds that it is unreasonably burdensome, overbroad and

19  compound, including in that it purports to require Mattel to summarize all facts on

20  these multiple subject, despite defendants' own refusals to answer interrogatories

21  with the same or comparable language.  Mattel further objects to this Interrogatory

22  on the grounds that its description of Mattel's positions in this suit is erroneous and

23  incomplete.  Mattel further objects to this Interrogatory on the grounds that it calls

24  for the disclosure of information subject to the attorney-client privilege, the attorney

25  work-product doctrine and other applicable privileges.  Mattel further objects to this

26  Interrogatory on the grounds that it purports to require Mattel to disclose the identity

27  of consulting experts.  The identity of any such experts will not be disclosed.  Mattel

28  further objects to this Interrogatory on the grounds that it calls for the disclosure of

07975/2338502.1

-23-

EXHIBIT 7 PAGE 102

1  confidential and/or proprietary information, which Mattel will disclose only subject
2  to and in reliance upon the operative protective order.

3

4  DATED:  January 3, 2008          QUINN EMANUEL URQUHART OLIVER &
                                     HEDGES, LLP
5

6                                  By _Michael Zeller (by Heidi Frahm)_
7                                     Michael T. Zeller
                                      Attorneys for Mattel, Inc.
8

EXHIBIT 7 PAGE 103

**SEND**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA - Eastern Division
CIVIL MINUTES - GENERAL

| | | |
|---|---|---|
| Case No. | CV 04-09059 SGL(RNBx) | Date: February 12, 2007 |
| Title: | MATTEL, INC. -v- CARTER BRYANT, DOES 1-10, INCLUSIVE | |

**Consolidated Action**
CV 05-02727 SGL(RNBx)    MGA ENTERTAINMENT v. MATTEL, INC.,

==================================================================

PRESIDING: HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

Jim Holmes                              Theresa Lanza
Courtroom Deputy Clerk                  Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:      ATTORNEYS PRESENT FOR DEFENDANTS:

John B. Quinn and Michael Zeller for   Diana M. Torres for MGA
Mattel                                 Keith A. Jacoby for Carter Bryant

PROCEEDINGS:      SCHEDULING CONFERENCE PURSUANT TO FRCP 16(b)

The Court convened a scheduling conference pursuant to FRCP 16(b).  Court and counsel discussed case management and thereafter the court set the following schedule:  See attachment "Schedule of Trial and Pretrial Dates."

Counsel stipulated pursuant to Local Rule 16-14, to settlement procedure #3, to a retired judicial officer or other private or non-profit dispute resolution body for mediation type settlement proceedings. The Court approves the request and refers this case to an outside Mediator to act as the Settlement Officer.  Counsel are directed to contact such outside Mediator to schedule a settlement conference as soon as the parties believe such a conference would be fruitful. The cut-off to complete the mandatory settlement procedures under Local Rule 16-14, is December 3, 2007, in Case No. CV 04-09059-SGL (RNBx) Mattel, Inc. v. Carter Bryant, and the cut-off to complete the mandatory settlement procedures under Local rule 16-14, is April 21, 2008, in Case No. CV 05-02727 SGL (RNBx) MGA Entertainment v. Mattel, Inc.

The Court further ordered that in both Case No. CV 04-09049-SGL (RNBx), Mattel, Inc. v. Carter Bryant, and Case No. CV 05-02727 SGL (RNBx), MGA Entertainment v. Mattel, Inc.:

1.    Non-Expert Depositions are limited to a total of 24 for each side for both cases.
2.    Expert Depositions are limited to a total of 20 for each side for both cases.
3.    Interrogatories are limited to 50 for each side for both cases.

IT IS SO ORDERED.

EXHIBIT 7 PAGE 104

MINUTES FORM 90                                        Initials of Deputy Clerk: jh
CIVIL – GEN                         Page 1                      00/30

2-12-07

## SCHEDULE OF TRIAL AND PRETRIAL DATES

CASE NAME:      CARTER BRYANT -v- MATTEL, INC., CASE NO: CV 04-09059-SGL(RNBx)

(Consolidated Case No: CV 05-2727-SGL(RNBx), MGA Entertainment, Inc.
v. Mattel, Inc., et al.)

| Matter | Time | Court Order |
|---|---|---|
| Jury Trial Date | 9:30 am | 02/12/08 |
| Estimated Length of Trial | | |
| [Hearing on Motions in Limine; Hearing on Disputed Jury Instructions | 10:00 am | 02/04/08 |
| Final Pretrial Conference, LR 16-7 Motions in Limine to be filed | 11:00 am | 01/14/08 |
| Lodge Pretrial Conference Order, LR 16-6 to 16-6.2; File Contentions of Fact and Law, LR16-2.8; Exhibit & Witness Lists, LR 16-4 to 16-5; File Status Report regarding Settlement; File Rule 26(e)(1) Supplementation File Agreed Upon Set of Jury Instructions and Verdict Forms LR 49-1 to 49-2, 51-1 to 51-5.1; File Joint Statement regarding Disputed Instructions, Verdicts, etc. | | 12/31/07 |
| Last date to conduct Settlement Conference | | 12/03/07 |
| Last date for hearing motions, LR 7.2, et seq. | 10:00 am | 11/19/07 |
| Discovery cut-off | | 10/22/07 |
| Last date to Amend Pleadings or Add Parties | | Closed |

### ADDITIONAL MATTERS TO BE DETERMINED AT SCHEDULING CONFERENCE

LR 16-14.4 Settlement Selection:
to be discussed

☐ 1. CT/USMJ        ☑ 3. Outside ADR

☐ 2. Attorney Settlement Panel        ☐

DOE Dismissal:        Complaint Filed: 04/13/05        SET DATE

Dismissal Date:        to be discussed

S:\SGL\CIVIL ORDERS\Mattel 04-09059 MO 2-12-07 wpd

EXHIBIT 7 PAGE 105

**Exhibit 8**



FEB 2 3 2007

CALENDARED

**SEND**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA - Eastern Division
CIVIL MINUTES - GENERAL

Case No.    CV 04-09059 SGL(RNBx)                                    Date:  February 12, 2007
Title:        MATTEL, INC. -v- CARTER BRYANT, DOES 1-10, INCLUSIVE
            **Consolidated Action**
            CV 05-02727 SGL(RNBx)    MGA ENTERTAINMENT v. MATTEL, INC.,
=======================================================================
PRESIDING:  HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

Jim Holmes                                          Theresa Lanza
Courtroom Deputy Clerk                              Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:                  ATTORNEYS PRESENT FOR DEFENDANTS:

John B. Quinn and Michael Zeller for               Diana M. Torres for MGA
Mattel                                             Keith A. Jacoby for Carter Bryant

PROCEEDINGS:     SCHEDULING CONFERENCE PURSUANT TO FRCP 16(b)

        The Court convened a scheduling conference pursuant to FRCP 16(b).   Court and counsel
discussed case management and thereafter the court set the following schedule:  See attachment
"Schedule of Trial and Pretrial Dates."

        Counsel stipulated pursuant to Local Rule 16-14, to settlement procedure #3, to a retired judicial
officer or other private or non-profit dispute resolution body for mediation type settlement proceedings.
The Court approves the request and refers this case to an outside Mediator to act as the Settlement
Officer.  Counsel are directed to contact such outside Mediator to schedule a settlement conference as
soon as the parties believe such a conference would be fruitful. The cut-off to complete the mandatory
settlement procedures under Local Rule 16-14, is December 3, 2007, in Case No. CV 04-09059-SGL
(RNBx) Mattel, Inc. v. Carter Bryant, and the cut-off to complete the mandatory settlement procedures
under Local rule 16-14, is April 21, 2008, in Case No. CV 05-02727 SGL (RNBx) MGA Entertainment v.
Mattel, Inc.

        The Court further ordered that in both Case No. CV 04-09049-SGL (RNBx), Mattel, Inc. v. Carter
Bryant, and Case No. CV 05-02727 SGL (RNBx), MGA Entertainment v. Mattel, Inc.:

        1.      Non-Expert Depositions are limited to a total of 24 for each side for both cases.
        2.      Expert Depositions are limited to a total of 20 for each side for both cases.
        3.      Interrogatories are limited to 50 for each side for both cases.

        IT IS SO ORDERED.

MINUTES FORM 90                                                          Initials of Deputy Clerk: jh
CIVIL – GEN                    Page 1       FEB 2 2 2007                  00/30

EXHIBIT 8  PAGE 106

(48/2-22

  

## SCHEDULE OF TRIAL AND PRETRIAL DATES

**CASE NAME:**    MGA ENTERTAINMENT, INC. V. MATTEL, INC., et al.,

**CASE NO:**    CV 05-2727-SGL (RNBx)

| Matter | Time | Court Order |
|---|---|---|
| Jury Trial Date | 9:30 am | 07/01/08 |
| Estimated Length of Trial | | |
| [Hearing on Motions in Limine; Hearing on Disputed Jury Instructions | 10:00 am | 06/23/08 |
| Final Pretrial Conference, LR 16-7 Motions in Limine to be filed | 11:00 am | 06/02/08 |
| Lodge Pretrial Conference Order, LR 16-6 to 16-6.2; File Contentions of Fact and Law, LR16-2.8; Exhibit & Witness Lists, LR 16-4 to 16-5; File Status Report regarding Settlement; File Rule 26(e)(1) Supplementation File Agreed Upon Set of Jury Instructions and Verdict Forms LR 49-1 to 49-2, 51-1 to 51-5.1; File Joint Statement regarding Disputed Instructions, Verdicts, etc. | | 05/19/08 |
| Last date to conduct Settlement Conference | | 04/21/08 |
| Last date for hearing motions, LR 7.2, *et seq.* | 10:00 am | 04/07/08 |
| Discovery cut-off | | 03/03/08 |
| Last date to Amend Pleadings or Add Parties | | Closed |

## ADDITIONAL MATTERS TO BE DETERMINED AT SCHEDULING CONFERENCE

LR 16-14.4 Settlement Selection:
to be discussed

☐ 1. CT/USMJ          ☑ 3. Outside ADR

☐ 2. Attorney Settlement Panel    ☐

DOE Dismissal:          Complaint Filed: 04/13/05      SET DATE

Dismissal Date:        to be discussed

S:\SGL\CIVIL ORDERS\MGA 05-2727 MO 2-12-07.wpd

EXHIBIT 8 PAGE 107

**Exhibit 9**