CONFIDENTIAL - ATTORNEYS' EYES ONLY

1    Q.    In addition to the annual compensation did

2  you receive stock options?

3    A.    For what period of time?

4    Q.    During the time you were President of Girls.

5    A.    Yes.                                      10:24AM

6    Q.    So that whatever value those were worth that

7  would have been over and above your annual

8  compensation?

9    A.    Well, they were options as you would define

10  options so when they were exercised if they were in    10:25AM

11  the money, they were in the money.  Oftentimes they

12  weren't in the money.  So it depended.    REDACTED

13    Q.    But what I'm saying is the        was a

14  salary and the options would have been over and

15  above the salary?                                10:25AM

16    A.    Yes, yes.

17    Q.    Why did you leave Mattel in February 2003?

18    A.    I was asked to leave.  I actually think it

19  was a very good idea to streamline the company

20  corporately.  There were three presidents and the    10:25AM

21  objective was to reduce the head count and merge the

22  Boys and Girls and eventually go from three to one.

23  And I was the first one to leave and Matt was the

24  second one to leave and now there's one.  So they

25  achieved their objective.                        10:26AM
                                                          49

CONFIDENTIAL - ATTORNEYS' EYES ONLY

1       IN WITNESS WHEREOF, I have subscribed my

2   name this 28th day of January, 2008.

3

4

5

6

7   WENDY S. SCHREIBER, CSR No. 3558, RPR

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

255

**Exhibit 14**

CONFIDENTIAL - ATTORNEYS' EYES ONLY

1            UNITED STATES DISTRICT COURT

2          CENTRAL DISTRICT OF CALIFORNIA

3             EASTERN DIVISION     **Certified Copy**

4

5   -------------------------------

6   MATTEL, INC., a Delaware      )

7   Corporation,               )

8           Plaintiff,      )

9        vs.               ) No. CV 04-9059

10  CARTER BRYANT, an individual; ) NM (RNBx)

11  and DOES 1 through 10,     ) VOLUME I

12  Inclusive,            )

13         Defendants.     )

14  --------------------------- )

15  (COMPLETE CAPTION ON NEXT PAGE.)

16

17       CONFIDENTIAL - ATTORNEYS' EYES ONLY

18

19     Videotaped Deposition of HOI HOFFMAN-BRIGGS,

20     at 300 South Grand Street, Los Angeles,

21     California, commencing at 9:22 A.M.,

22     Monday, January 21, 2008, before Ricki Q.

23     Melton, CSR No. 9400, RPR No. 45429.

24

25   PAGES 1 - 265                    1

CONFIDENTIAL - ATTORNEYS' EYES ONLY

| | | |
|---|---|---|
| 1 | heard or overheard someone at Mattel saying | 11:29:55 |
| 2 | something negative about a Bratz product? | 11:29:59 |
| 3 | A.   Not what I recall it, no. | 11:30:04 |
| 4 | Q.   No. | 11:30:08 |
| 5 | Now, you have been at Mattel for -- since | 11:30:49 |
| 6 | 1985.   That's right? | 11:30:53 |
| 7 | A.   Yes. | 11:30:53 |
| 8 | Q.   So for more than 20 years? | 11:30:55 |
| 9 | A.   Yes. | 11:30:57 |
| 10 | Q.   Okay.   And I'm sorry.   I didn't ask you | 11:30:58 |
| 11 | this earlier. | 11:31:02 |
| 12 | Mr. Briggs, what does he do? | 11:31:04 |
| 13 | A.   Oh, my husband? | 11:31:05 |
| 14 | Q.   Yes. | 11:31:07 |
| 15 | A.   He is a service engineer for GE. | 11:31:07 |
| 16 | Q.   Is it service engineer? | 11:31:13 |
| 17 | A.   Yes. | 11:31:14 |
| 18 | Q.   For GE? | 11:31:15 |
| 19 | A.   Yes. | 11:31:16 |
| 20 | Q.   All right.   And how long has he been | 11:31:21 |
| 21 | working at GE? | 11:31:22 |
| 22 | A.   Let me see.   I think he got there in 2001 | 11:31:23 |
| 23 | to now. | 11:31:30 |
| 24 | Q.   Is he planning to keep working there?   Is | 11:31:34 |
| 25 | he going to retire anywhere time soon? | 11:31:38 |

100

CONFIDENTIAL - ATTORNEYS' EYES ONLY

| 1 | A. | I think he's plan to stay there. | 11:31:41 |
|---|---|---|---|

1    A.   I think he's plan to stay there.        11:31:41

2    Q.   He plans to stay there?                  11:31:48

3    A.   Yes.                                      11:31:51

4    Q.   Do you know how much longer he plans on  11:31:51

5  keeping on working?                             11:31:54

6    A.   Okay.  Not what he plan but what we plan. 11:31:54

7  We plan to work until we 62.                    11:31:59

8    Q.   Okay.  And you are 55 now?               11:32:01

9    A.   Yes.                                      11:32:06

10   Q.   And how old is your husband?             11:32:07

11   A.   My husband is 54.                        11:32:09

12   Q.   And I'm not going to ask you any personal 11:32:16

13 questions about your income or anything like that, 11:32:20

14 but what I want to get a sense of is do you -- do 11:32:22

15 you need the income that you are earning right now 11:32:28

16 from Mattel?                                    11:32:30

17   A.   Depends how I like to live.              11:32:34

18   Q.   So to keep living the way you are living 11:32:39

19 now, yes; right?                                11:32:42

20   A.   Yes.                                      11:32:42

21   Q.   Have you ever been worried about losing  11:32:45

22 your job at Mattel?                             11:32:46

23   A.   Not just me worry about losing my job but 11:32:51

24 my husband also, you know.  We all do.          11:32:55

25   Q.   We all do?                               11:33:01
                                                    101

1    IN WITNESS WHEREOF, I have subscribed my name

2    this 2nd day of January , 2008.

3

4

5    _____

6    RICKI Q. MELTON, C.S.R. No. 9400

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**Exhibit 15**

AO 88 (Rev. 11/94) Subpoena in a Civil Ca.

Issued by the

FEB 2 8 2005

# UNITED STATES DISTRICT COURT

CENTRAL    DISTRICT OF CALIFORNIA

MATTEL, INC., A DELAWARE CORPORATION

## SUBPOENA IN A CIVIL CASE

v.

CARTER BRYANT, AN INDIVIDUAL, and DOES
1 through 10, inclusive

Case Number:[1] CV 04-9059 NM (RNBx)

TO: Anna Rhee
101 Avenue G
Redondo Beach, CA 90277

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment "A"

| PLACE | DATE AND TIME |
|---|---|
| Littler Mendelson - 2049 Century Park East, 5th Floor, Los Angeles, CA 90067-3107 (310) 553-0308 | March 10, 2005 11:00 A.M. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* Attorney for Defendant, Carter Bryant | February 25, 2005 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Douglas Wickham, Esq. Littler Mendelson, PC
2049 Century Park East, 5th Floor, Los Angeles, CA 90067 (310) 553-0308

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

CALENDARED

AO 88 (Rev. 11/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | | PLACE | |
|---|---|---|---|---|

SERVED

| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
|---|---|---|

| SERVED BY (PRINT NAME) | | TITLE |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

| DATE | | SIGNATURE OF SERVER |
|---|---|---|

| | | ADDRESS OF SERVER |
|---|---|---|

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to

the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or the demanding party to contest the claim.

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

ATTACHMENT A

Documents To Be Produced

## I.   DEFINITIONS.

1.   "YOU" or "YOUR" means Anna Rhee, and any other PERSON acting on YOUR behalf, pursuant to YOUR authority or subject to YOUR control.

2.   "BRATZ" means any doll or any portion thereof that is now or has ever been known as, or sold or marketed under, the name "BRATZ" (regardless of what such doll is or has been also or previously called) or that is now or has ever been sold or marketed as part of the "BRATZ" line, and all prototypes, models, samples and versions of such doll or any portion thereof.

3.   "PRAYER ANGEL" project means any doll or any portion thereof that is now or has ever been known as, or sold or marketed under, the name "PRAYER ANGEL" (regardless of what such doll is or has been also or previously called) or that is now or has ever been sold or marketed as part of the "PRAYER ANGEL" line, and all prototypes, models, samples and versions of such doll or any portion thereof.

4.   "ANGEL" project means any doll or any portion thereof that is now or has ever been known as, or sold or marketed under, the name "ANGEL" (regardless of what such doll is or has been also or previously called) or that is now or has ever been sold or marketed as part of the "ANGEL" line, and all prototypes, models, samples and versions of such doll or any portion thereof.

5.   "PERSON" or "PERSONS" means all natural persons, partnerships, corporations, joint ventures and any kind of business, legal or public entity or organization, as well as its, his or her agents, representatives, employees, officers and directors and any one else acting on its, his or her behalf, pursuant to its, his or her authority or subject to its, his or her control.

6.   "DOCUMENT" means any "writing" or "recording" as defined in Federal Rule of Evidence 1001 and includes any tangible thing upon which any expression, communication or representation has been recorded, including but not limited to correspondence, e-mails, preliminary, intermediate or final drafts, memoranda, notes, reports of telephone or other oral conversations, audio or videotape recordings, computer tape, computer disk or storage media, computer printout, CD-ROM disk, optical storage disk, other electronic medium, and all other writings and recordings of any kind.

7.   "REFERRING OR RELATING TO" means reflecting, identifying,

describing, summarizing, evidencing, referencing, concerning, discussing or indicating in any way.

8.     Wherever used herein, the singular shall include the plural and the plural shall include the singular.

## II.    INSTRUCTIONS.

1.     YOU are to produce all DOCUMENTS requested hereby that are in YOUR possession, custody and control.

2.     If YOU contend that YOU are not required to produce certain DOCUMENTS called for by these requests on the grounds of a privilege or protection that YOU are not prepared to waive, in lieu of producing such DOCUMENTS identify each DOCUMENT and provide the following information:

a.     The privilege or protection that you claim precludes disclosure;

b.     The subject matter of the DOCUMENT (without revealing the content as to which the privilege or protection is claimed);

c.     The date, author(s), addressee(s); and

d.     Any additional facts on which YOU would base YOUR claim of privilege or protection.

3.     YOU are required to identify any and all DOCUMENTS sought by this document request that have been destroyed.

4.     YOU are required to identify the source of all DOCUMENTS produced, and the person for whom, or department, division or office for which, such DOCUMENTS are maintained.

5.     Each DOCUMENT shall be produced in its original file folder, or in lieu thereof, any writing on the file folder from which each such DOCUMENT is taken shall be copied and appended to such DOCUMENT.

III.   DOCUMENTS TO BE PRODUCED.

1.   Any and all DOCUMENTS REFERRING OR RELATING TO CARTER BRYANT in YOUR possession, custody or control.

2.   Any and all DOCUMENTS REFERRING OR RELATING TO BRATZ in YOUR possession, custody or control.

3.   Any and all DOCUMENTS REFERRING OR RELATING TO PRAYER ANGEL project in YOUR possession, custody or control.

4.   Any and all DOCUMENTS REFERRING OR RELATING TO ANGEL project in YOUR possession, custody or control.

5.   Any and all DOCUMENTS REFERRING OR RELATING TO MGA ENTERTAINMENT, INC. in YOUR possession, custody or control including but not limited to any work YOU performed for MGA, any contracts between YOU and MGA, any invoices pertaining to MGA work, any purchase orders from MGA, any descriptions of projects for MGA, any requisitions from MGA for work YOU performed, any photographs, sketches, drawings, copies or other replicas of any work YOU performed for MGA and any payments YOU received from MGA, and the timing of any work YOU performed for MGA.

6.   Any and all DOCUMENTS REFERRING OR RELATING TO MATTEL, INC. in YOUR possession, custody or control, including but not limited to any work YOU performed for Mattel, any contracts between YOU and Mattel, any invoices pertaining to Mattel work, any purchase orders from Mattel, any descriptions of projects for Mattel, any requisitions from Mattel for work YOU performed, any photographs, sketches, drawings, copies or other replicas of any work YOU performed for Mattel and any payments YOU received from Mattel, and the timing of any work YOU performed for Mattel.

7.   Any and all DOCUMENTS REFERRING OR RELATING TO the above captioned lawsuit.

8.   Any and all DOCUMENTS REFERRING OR RELATING TO communications regarding BRATZ, BRYANT, MGA and/or MATTEL.

9.   All telephone bills for your personal telephone(s) for the period from January 1, 1998 to the present.

10.   All telephone bills for your cellular telephone(s) for the period from January 1, 1998 to the present.

1                 **PROOF OF SERVICE BY MESSENGER**

2          I am employed by Corporate Legal Services in Los Angeles County, California.  I am

3 over the age of eighteen years and not a party to the within-entitled action.  My business address is

4 1655 Beverly Blvd., Los Angeles, California 90026.  On February 28, 2005, I personally served:

5                    **SUBPOENA IN A CIVIL CASE**

6

7          by delivering copies thereof to:

8

9 Michael T. Zeller, Esq.            Diana M. Torres, Esq.
Quinn Emanuel Urquhart Oliver &     O'Melveny & Myers LLP
Hedges LLP                       400 South Hope Street

10 865 S. Figueroa Street, 10th Floor     Los Angeles, CA 90071-2899
Los Angeles, CA 90017

11

12 Valerie E. Kincaid, Esq.
Berman, Mausner & Resser, A Law

13 Corporation
11601 Wilshire Boulevard, Suite 600

14 Los Angeles, CA 90025-1742

15

16          I declare under penalty of perjury under the laws of the State of California that the

above is true and correct.

17

18          Executed on February 28, 2005, at Los Angeles, California.

19

20                                GIL PERSONNIS

21

22

23   Los_Angeles:372101.3 028307.1010

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2048 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310 553 0308

                                 PROOF OF SERVICE

**Exhibit 16**

CONFORMED COPY

1 QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   John B. Quinn (Bar No. 90378)
2   (johnquinn@quinnemanuel.com)
   Michael T. Zeller (Bar No. 196417)
3   (michaelzeller@quinnemanuel.com)
   Jon D. Corey (Bar No. 185066)
4   (joncorey@quinnemanuel.com)
   Duane R. Lyons (Bar No. 125091)
5   (duanelyons@quinnemanuel.com)
  865 South Figueroa Street, 10th Floor
6 Los Angeles, California 90017-2543
  Telephone: (213) 443-3000
7 Facsimile: (213) 443-3100

8 Attorneys for Mattel, Inc.

FILED
2008 JUL 12 Fri 3:02

9                    UNITED STATES DISTRICT COURT

10                 CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 11  CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| 12                Plaintiff, | Consolidated With Case No. 04-9059 and Case No. 05-2727 |
| 13         v. | MATTEL, INC.'S SECOND AMENDED ANSWER IN CASE NO. 05-2727 AND COUNTERCLAIMS FOR: |
| 14 | |
| 15  MATTEL, INC., a Delaware corporation, | 1.  COPYRIGHT INFRINGEMENT; |
| 16                Defendant. | 2.  VIOLATION OF THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT; |
| 17 | 3.  CONSPIRACY TO VIOLATE THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT; |
| 18  MGA ENTERTAINMENT, INC. a California corporation, | |
| 19 | 4.  MISAPPROPRIATION OF TRADE SECRETS; |
| 20                Plaintiff, | 5.  BREACH OF CONTRACT; |
| 21         v. | 6.  INTENTIONAL INTERFERENCE WITH CONTRACT; |
| 22  MATTEL, INC., a Delaware corporation, and DOES 1-10, | 7.  BREACH OF FIDUCIARY DUTY; |
| 23                Defendants. | 8.  AIDING AND ABETTING BREACH OF FIDUCIARY DUTY; |
| 24 | 9.  BREACH OF DUTY OF LOYALTY; |
| 25 | |
| 26 | PUBLIC REDACTED VERSION |
| 27 | Volume I |
| 28 | |

54363.2

C7 12 c7

1  MATTEL, INC., a Delaware
   corporation,

2
                           Counter-claimant,

3
       v.

4
   MGA ENTERTAINMENT, INC., a

5  California corporation; ISAAC
   LARIAN, an individual; CARTER

6  BRYANT, an individual; MGA
   ENTERTAINMENT (HK) LIMITED,

7  a Hong Kong Special Administrative
   Region business entity; MGAE DE

8  MEXICO, S.R.L. DE C.V., a
   Mexico business entity; CARLOS

9  GUSTAVO MACHADO GOMEZ, an
   individual; and DOES 4 through 10,

10
                           Counter-defendants.

11

12 AND CONSOLIDATED CASES

13

10.  AIDING AND ABETTING
     BREACH OF DUTY OF
     LOYALTY;
11.  CONVERSION;
12.  UNFAIR COMPETITION; AND
13.  DECLARATORY RELIEF

DEMAND FOR JURY TRIAL

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-

## SECOND AMENDED ANSWER

Pursuant to the Court's Orders of January 12, 2007 and June 27, 2007, Defendant Mattel, Inc. ("Mattel") answers the Complaint of MGA Entertainment, Inc. ("Complaint") as follows:

### Preliminary Statement

The Complaint in this case contravenes <u>Rule</u> 8(a) of the <u>Federal Rules of Civil Procedure</u> in multiple respects. For example, in many places, the Complaint improperly mixes factual averments with argumentative rhetoric. The Complaint also includes a selective recitation of alleged historical facts and "rumor," much of which is both irrelevant and inflammatory in tone and content. In addition, many of the allegations of the Complaint are overly broad, vague or conclusory and include terms which are undefined and which are susceptible to different meanings. Accordingly, by way of a general response, all allegations are denied unless specifically admitted, and any factual averment admitted is admitted only as to the specific facts and not as to any conclusions, characterizations, implications or speculations which are contained in the averment or in the Complaint as a whole. These comments and objections are incorporated, to the extent appropriate, into each numbered paragraph of this Second Amended Answer.

Mattel further submits that the use of the headings throughout the Complaint is improper, and therefore no response to them is required. In the event that a response is required, Mattel denies those allegations.

The Complaint also contains many purported photographs of various items, and it uses one or more headings purporting to describe, either individually or in groups, these various photographs. The images of these photographs contained in the Complaint are all relatively small and some are of less than optimal quality, making it difficult to evaluate the adequacy of the photographs or their fairness and accuracy in depicting what they purport to represent. The Complaint also does not describe the circumstances or time frame in which these photographs were taken,

2154363.2

1 and in many cases does not identify, or does not sufficiently or properly identify, the

2 item depicted in the photographs. All of these factors, as well as the use of these

3 photographs and headings out of context, or with an insufficient context, impair the

4 ability of Mattel to fully respond to these photographs and headings, or to any

5 purported allegations involving, or relying upon, the use of such photographs and

6 accompanying headings. By way of a general response, Mattel therefore does not

7 admit the authenticity of any photograph, or the accuracy or adequacy of any

8 heading, nor does it admit any allegation or inference that is based on, or purports to

9 be based on, any photograph or accompanying heading in the Complaint. Mattel

10 reserves the right to challenge the authenticity of any photograph and the accuracy

11 or adequacy of any heading (either as included in the Complaint or in the context of

12 additional material not included). Further, with reference to all photographs and

13 accompanying headings, or any averments based on the Complaint's use of such

14 photographs and headings, which might be offered into evidence, Mattel specifically

15 reserves its right to object to any use of such photographs, headings, and averments,

16 or the Complaint as a whole or in part, in evidence for any purpose whatsoever.

17         To the extent that Mattel has endeavored to answer any particular

18 allegation containing any such photographs and headings, any admission concerning

19 the item purported to be depicted in such photograph, or described in such headings,

20 shall not constitute an admission that the photograph is authentic, adequate, or

21 admissible, nor that any heading is accurate, adequate, or admissible. All such items

22 purportedly depicted in such photographs, and described in such headings, "speak

23 for themselves". Accordingly, to the extent that any such referenced materials are

24 deemed allegations against Mattel, they are denied.

Responses

26         1.    Answering paragraph 1 of the Complaint, Mattel admits that

27 plaintiff MGA Entertainment, Inc. ("plaintiff" or "MGA") is a California

28 corporation with a principal place of business in Van Nuys, California.

4363.2

-4-

1      2.    Answering paragraph 2 of the Complaint, Mattel admits that

2   Mattel is a Delaware corporation with a principal place of business in El Segundo,

3   California.

4      3.    Answering paragraph 3 of the Complaint, Mattel denies that

5   there has been wrongful conduct on its part and states that it is without knowledge

6   or information sufficient to form a belief as to the truth or falsity of the remaining

7   allegations set forth therein and, on that basis, denies them.

8      4.    Answering paragraph 4 of the Complaint, Mattel admits that

9   plaintiff purports to assert claims under the Lanham Act, 15 U.S.C. §§ 1125(a) and

10  (c), California Business and Professions Code §§ 17200 *et seq.*, California Business

11  and Professions Code § 14330 and California common law, denies that plaintiff is

12  entitled to any relief thereunder and denies the truth of the remaining allegations set

13  forth in paragraph 4.

14     5.    Answering paragraph 5 of the Complaint, Mattel admits that it is

15  subject to personal jurisdiction in this District and denies the truth of the remaining

16  allegations set forth in paragraph 5.

17     6.    Answering paragraph 6 of the Complaint, Mattel admits that

18  venue is proper in this District and denies the truth of the remaining allegations set

19  forth in paragraph 6.

20     7.    Answering paragraph 7 of the Complaint, Mattel admits that

21  MGA has filed the instant lawsuit and denies the truth of the remaining allegations

22  set forth in paragraph 7.

23     8.    Answering paragraph 8 of the Complaint, Mattel states that it is

24  without knowledge or information sufficient to form a belief as to the truth or falsity

25  of the allegations regarding MGA's history set forth therein and, on that basis,

26  denies them, states that MGA has made conflicting representations, including in

27  sworn statements, that are at odds with the allegations of the Complaint and denies

28  the truth of the remaining allegations set forth in paragraph 8.

363.2

-5-

1         9.     Answering paragraph 9 of the Complaint, Mattel admits that

2   MGA filed this action, states that Mattel's web site and corporate governance

3   policies speak for themselves and denies the truth of the remaining allegations set

4   forth in paragraph 9.

5         10.    Answering paragraph 10 of the Complaint, Mattel admits that it

6   is the world's most successful toy company, states that the first doll in its BARBIE

7   line was publicly introduced in 1959 and that BARBIE-branded dolls have been the

8   world's best-selling toys, states that Mattel's sales and stock price speak for

9   themselves, and denies the truth of the remaining allegations set forth in paragraph

10   10.

11         11.    Answering paragraph 11 of the Complaint, Mattel admits that

12   Adrienne Fontanella is the former president for girls' toys at Mattel, states that it is

13   without knowledge or information sufficient to form a belief as to the truth or falsity

14   of the allegations regarding an alleged statement by Ms. Fontanella, and denies the

15   truth of the remaining allegations set forth in paragraph 11.

16         12.    Answering paragraph 12 of the Complaint, Mattel is without

17   knowledge or information sufficient to form a belief as to the truth or falsity of the

18   allegations regarding alleged statements by unidentified "analysts," states that

19   Mattel's sales and stock price speak for themselves, and denies the truth of the

20   remaining allegations set forth in paragraph 12.

21         13.    Answering paragraph 13 of the Complaint, Mattel admits that Jill

22   Barad became President and Chief Executive Officer of Mattel in January 1997, that

23   Mattel acquired Tyco Industries, Inc. ("Tyco") in March 1997, that Mattel acquired

24   Pleasant Company in 1998, Mattel acquired the Learning Company in May 1999,

25   that Mattel acquired Purple Moon in 1999, that the MATCHBOX brand was owned

26   by Tyco, that the AMERICAN GIRL line of dolls was made by Pleasant Company

27   at the time of that entity's acquisition, and denies the truth of the remaining

28   allegations set forth in paragraph 13.

SECOND AMENDED ANSWER AND COUNTERCLAIMS

1    14.    Answering paragraph 14 of the Complaint, Mattel states that its
2 public announcements speak for themselves, and denies the truth of the remaining
3 allegations set forth therein.

4    15.    Answering paragraph 15 of the Complaint, Mattel states that its
5 stock price and its public announcements speak for themselves, and denies the truth
6 of the remaining allegations set forth therein.

7    16.    Answering paragraph 16 of the Complaint, Mattel states that its
8 stock price speaks for itself, states that it is without knowledge or information
9 sufficient to form a belief as to the truth or falsity of the allegations regarding the
10 alleged views of unnamed "analysts" and "[i]nvestors," and denies the truth of the
11 remaining allegations set forth therein.

12    17.    Answering paragraph 17 of the Complaint, Mattel admits that
13 Ms. Barad resigned in February 2000.

14    18.    Answering paragraph 18 of the Complaint, Mattel admits that
15 Robert Eckert became Chairman and Chief Executive Officer of Mattel in May 2000
16 and that Mr. Eckert previously was employed at Kraft Foods, Inc. for 23 years, is
17 without knowledge or information sufficient to form a belief as to the truth or falsity
18 of the allegations regarding the views of unnamed "[i]nvestors" and others, and
19 denies the truth of the remaining allegations set forth in paragraph 18.

20    19.    Answering paragraph 19 of the Complaint, Mattel admits that the
21 *Wall Street Journal* published an article on August 10, 2000 the content of which
22 speaks for itself, and denies the truth of the remaining allegations set forth therein.

23    20.    Answering paragraph 20 of the Complaint, Mattel admits that it
24 disposed of the Learning Company in October 2000, states that its sales and
25 revenues speak for themselves, states that the remainder of the allegations contained
26 therein are characterizations, not factual assertions, and therefore no response is
27 necessary under Fed. R. Civ. P. 8(b) and, to the extent any further response is
28 required, denies the truth of any remaining allegations set forth in paragraph 20.

21.    Answering paragraph 21 of the Complaint, Mattel admits that products in plaintiff's "Bratz" line compete with products in Mattel's BARBIE and other product lines and states that the remainder of the allegation contained therein—consisting of a sentence fragment—is unintelligible and on that basis denies the truth of any such remaining allegation set forth therein.

22.    Answering paragraph 22 of the Complaint, Mattel admits that products in plaintiff's "Bratz" line compete with Mattel products, states that the remainder of the allegations contained therein are characterizations, not factual assertions, and that therefore no response is necessary under Fed. R. Civ. P. 8(b) and, to the extent any further response is required, denies the truth of any remaining allegations set forth therein.

23.    Answering paragraph 23 of the Complaint, Mattel states that MGA has made conflicting statements, including in sworn statements, that are inconsistent with the allegations set forth in paragraph 23 of the Complaint and states that it is therefore without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth therein and, on that basis, denies them.

24.    Answering paragraph 24 of the Complaint, Mattel states that the "look" of the referenced dolls speak for themselves and denies the truth of the remaining allegations set forth therein.  By way of further answer, Mattel states that the photographs and their accompanying caption on page 7 of the Complaint are false and misleading to the extent they are intended to suggest that MGA has produced or used a consistent packaging shape or look or that it has protectible rights in the matters depicted in the photographs.

25.    Answering paragraph 25 of the Complaint, Mattel admits that Bratz dolls are between approximately 9.5 to 10 inches in height, states that the appearances of the dolls speak for themselves, denies that "Bratz" dolls are or "were intentionally shorter" than dolls in Mattel's BARBIE line, denies that the "Bratz"

1   dolls "looked like no other" and denies the truth of the remaining allegations set

2   forth in paragraph 25.

3       26.   Answering paragraph 26 of the Complaint, Mattel states that the

4   use of the term "classic" is unintelligible, since Mattel has designed and sold

5   different dolls using different heads and with different fashions and themes over the

6   years, and denies the truth of any remaining allegations.  By way of further answer,

7   Mattel states that the image encaptioned "Mattel's 'Barbie'" on page 8 of the

8   Complaint is misleading in that it depicts one of the doll heads that have been used

9   as part of the BARBIE line for many years, and therefore ignores that Mattel has

10   long designed and sold an array of different BARBIE line dolls that use different

11   doll heads, including doll heads which depict different ethnicities, and that are

12   dressed in different clothing and fashion styles.

13       27.   Answering paragraph 27 of the Complaint, Mattel admits that

14   MGA has used the line "The Girls With a Passion for Fashion" in some contexts,

15   denies that MGA originated or otherwise has rights to that phrase, admits that one

16   audience for products in the "Bratz" line has been "tweens" and denies the truth of

17   the remaining allegations set forth in paragraph 27.

18       28.   Answering paragraph 28 of the Complaint, Mattel admits that

19   certain "Bratz" dolls have won certain awards, the terms of which speak for

20   themselves, states that it is without knowledge or information sufficient to form a

21   belief as to the truth or falsity of the allegations regarding the "awards" MGA claims

22   and, on that basis, denies them, denies that plaintiff has protectible rights and denies

23   the truth of any remaining allegations set forth in paragraph 28.

24       29.   Answering paragraph 29 of the Complaint, Mattel admits that

25   dolls in the "Bratz" line compete with dolls in Mattel product lines, denies that

26   Mattel has or has ever had a "stranglehold" on any market, states that the market

27   allegations contained in paragraph 29 are vague and ambiguous, including without

28   limitation in that the allegations fail to specify what products among the parties'

1  respective lines are being referred to and what time period is being referred to, and

2  denies the truth of any remaining allegations set forth in paragraph 29.

3        30.    Answering paragraph 30 of the Complaint, Mattel admits that

4  MGA has been a licensee of Mattel, states that the market allegations are vague and

5  ambiguous, including without limitation in that the allegations fail to specify what

6  products are being referred to and what time periods or points in time are being

7  referred to, and states that the remainder of the allegations contained therein are

8  characterizations, not factual assertions, and therefore no response is necessary

9  under Fed. R. Civ. P. 8(b) and, to the extent any further response is required, denies

10  the truth of any remaining allegations set forth in paragraph 30.

11        31.    Answering paragraph 31 of the Complaint, Mattel states that the

12  allegations contained therein are characterizations, not factual assertions, and

13  therefore no response is necessary under Fed. R. Civ. P. 8(b) and, to the extent any

14  further response is required, denies the truth of the allegations set forth in paragraph

15  31.

16        32.    Answering paragraph 32 of the Complaint, Mattel denies the

17  truth of the allegations set forth therein.

18        33.    Answering paragraph 33 of the Complaint, Mattel denies the

19  truth of the allegations set forth therein.

20        34.    Answering paragraph 34 of the Complaint, Mattel states that it

21  has released various MY SCENE dolls, including MY SCENE dolls named

22  "Madison", "Chelsea" and "Barbie," states that the appearance of the Bratz and MY

23  SCENE dolls speak for themselves, denies that Mattel designed its MY SCENE

24  dolls to "evoke" or resemble the alleged "look" of "Bratz" dolls, denies that plaintiff

25  has protectible rights, states that MGA has made conflicting representations that are

26  at odds with the allegations of the Complaint and that it is therefore without

27  knowledge or information sufficient to form a belief as to the truth or falsity of the

28  allegations regarding the "launch" of Bratz dolls set forth therein and, on that basis,

2154363.2

-10-
SECOND AMENDED ANSWER AND COUNTERCLAIMS

1   denies them, and denies the truth of the remaining allegations set forth therein. By

2   way of further answer, Mattel states that the photographs and their accompanying

3   captions on page 10 of the Complaint are misleading and false to the extent they are

4   intended to suggest that a particular Mattel doll has been changed over time as

5   purportedly depicted. Among other things, Mattel has long designed and sold an

6   array of different BARBIE line dolls using different doll heads, and the photographs

7   encaptioned "Mattel's Traditional 'Barbie'" is one of the doll heads that has been

8   used, and continues to be used, as part of the BARBIE line. In addition, the

9   photographs encaptioned MY SCENE doll "circa 2002" is, in fact, a Mattel doll

10  character called BARBIE that continues to be sold and/or marketed with that head,

11  and the photographs encaptioned MY SCENE doll "circa 2004" depict a MY

12  SCENE doll character separate and apart from the one depicted in the "circa 2002"

13  image (and is not a revised character as plaintiff apparently attempts to imply).

14          35.    Answering paragraph 35 of the Complaint, Mattel admits that

15  Mattel released a product line called FLAVAS, states that the appearance of the

16  FLAVAS dolls speaks for themselves, states that it is without knowledge or

17  information sufficient to form a belief as to the truth or falsity of the allegations

18  regarding the "rumor" relied upon by plaintiff and the undefined "media"

19  purportedly quoting Isaac Larian and, on that basis, denies them, denies that Mattel

20  has abandoned the FLAVAS line, and denies the truth of the remaining allegations

21  set forth in paragraph 35.

22          36.    Answering paragraph 36 of the Complaint, Mattel denies the

23  truth of the allegations set forth therein.

24          37.    Answering paragraph 37 of the Complaint, Mattel denies the

25  truth of the allegations set forth therein. By way of further answer, Mattel states that

26  the unnumbered photographs and their accompanying captions on pages 11 through

27  16 of the Complaint -- which apparently were included to purportedly support the

28  allegation that MY SCENE dolls "became 'Bratz,'" which allegation Mattel

1  specifically denies -- are false and misleading.  Among other things, the heads

2  depicted are among an array of different doll heads that Mattel has used, and

3  continues to use, over the course of many years.  Moreover, the images purport to

4  compare different Mattel doll lines to show alleged changes in appearance even

5  though, in fact, each of the heads are currently sold and/or marketed to the public.

6  The "Blonde" series of photographs encaptioned "original" and "recent" MY

7  SCENE is further and specifically misleading in that it purports to compare two

8  differently named and outfitted dolls in the MY SCENE doll line, both of which

9  continue to be sold and/or marketed.

10        38.    Answering paragraph 38 of the Complaint, Mattel states that the

11  phrase "the 'BRATZ' eye" is unintelligible, denies that MGA has rights therein,

12  denies that MGA was the originator of or the first to use the eye shape or makeup

13  depicted as purportedly constituting "the 'BRATZ' eye," denies that Mattel has

14  copied the "the 'BRATZ' eye" and denies the truth of the remaining allegations

15  contained in paragraph 38.  By way of further answer, Mattel states that the

16  unnumbered photographs and accompanying caption on page 13 of the Complaint

17  are false and misleading.  Among other things, the purported "Original Mattel 'My

18  Scene' Eye" is one of the eye and makeup designs that Mattel has used over the

19  course of many years, and Mattel continues to sell and/or market dolls using the eye

20  and makeup design depicted therein.

21        39.    Answering paragraph 39 of the Complaint, Mattel states that the

22  phrase "the 'BRATZ' eye" is unintelligible, denies that MGA has rights therein,

23  denies that MGA was the originator of or the first to use the eye shape or makeup

24  purportedly described as constituting "the 'BRATZ' eye," denies that Mattel has

25  copied "the 'BRATZ' eye," states that the relevant dolls speak for themselves and

26  denies the truth of the remaining allegations contained in paragraph 39.  By way of

27  further answer, Mattel states that the unnumbered photographs and accompanying

28  captions on page 14 of the Complaint are false and misleading.  Among other things,

363.2

-12-

1  the purported "New Mattel 'My Scene' Eye" is one of the eye and makeup designs

2  that Mattel has used over the course of many years, and Mattel continues to sell

3  and/or market dolls using the eye and makeup design depicted on page 14 of the

4  Complaint.

5          40.     Answering paragraph 40 of the Complaint, Mattel denies the

6  truth of the allegations therein.  By way of further answer, Mattel states that the

7  unnumbered photographs and their accompanying captions on pages 15 to 16 are

8  false and misleading.  Among other things, the heads depicted are among an array of

9  different doll heads that Mattel has used, and continues to use, over the course of

10 many years.  Moreover, the photographs purport to compare different Mattel doll

11 lines to show alleged changes in appearance even though, in fact, each of the heads

12 are currently sold and/or marketed to the public.  The "Blonde" series of

13 photographs encaptioned "original" and "recent" MY SCENE is further and

14 specifically misleading in that it purports to compare two differently named and

15 outfitted dolls in the MY SCENE doll line, both of which continue to be sold and/or

16 marketed.

17         41.     Answering paragraph 41 of the Complaint, Mattel denies the

18 truth of the allegations set forth therein.

19         42.     Answering paragraph 42 of the Complaint, Mattel admits that the

20 photographs purport to depict two packages that were, among others, part of the MY

21 SCENE line, state that the packages speak for themselves and denies the truth of any

22 remaining allegations set forth therein.

23         43.     Answering paragraph 43 of the Complaint, Mattel admits that the

24 photograph purports to depict one of the packages that were, among others, part of

25 the MY SCENE line, states that the parties' packages speak for themselves, states

26 that MGA has failed to establish that it originated, or has protectible rights in, an

27 "open and transparent style" for packaging and denies the truth of the remaining

28 allegations set forth therein.

-13-

1      44.    Answering paragraph 44 of the Complaint, Mattel admits that

2  one photograph purports to depict one of the packages that were, among others, part

3  of the MY SCENE line, admits that the other photograph purports to depict one of

4  the packages that were, among others, used as part of the Bratz line, states that the

5  parties' packages speak for themselves, denies that MGA originated, or has

6  protectible rights in, "the 'BRATZ' packaging" or in the packaging depicted in the

7  Complaint and denies the truth of any remaining allegations set forth therein.

8      45.    Answering paragraph 45 of the Complaint, Mattel admits that

9  one photograph purports to depict one of the packages that were, among others, part

10  of the MY SCENE line, admits that the other photograph purports to depict one of

11  the packages that were, among others, used as part of the Bratz line, states that the

12  parties' packages speak for themselves, denies that MGA originated, or has

13  protectible rights in, the packaging depicted in the Complaint and denies the truth of

14  any remaining allegations set forth therein.

15      46.    Answering paragraph 46 of the Complaint, Mattel states that it

16  has utilized a wide variety of packaging styles and shapes over the years, states that

17  the relevant packaging speaks for itself, states that MGA lacks protectible rights in

18  "non-rectangular shaped box" packaging or in the other elements MGA claims in

19  paragraph 46, and denies the truth of the remaining allegations set forth therein.

20      47.    Answering paragraph 47 of the Complaint, Mattel denies that

21  any alleged "theme" is "MGA's theme," denies that MGA originated or has rights to

22  any theme and denies the truth of the remaining allegations set forth therein.

23      48.    Answering paragraph 48 of the Complaint, Mattel admits that it

24  released a doll called "Chillin Out!", states that it has released such themed dolls

25  over the course of many years, admits MGA released a "Wintertime Wonderland"

26  themed doll, denies that MGA originated or has rights to such theme, states that the

27  relevant products speak for themselves and denies the truth of the remaining

28  allegations set forth therein.

54363.2

-14-

1      49.    Answering paragraph 49 of the Complaint, Mattel admits that it

2   released a doll called "Night on the Town", states that it has released such themed

3   dolls over the course of many years, admits MGA released a "Formal Funk" themed

4   doll, denies that MGA originated or has rights to such theme, states that the relevant

5   products speak for themselves and denies the truth of the remaining allegations set

6   forth therein.

7      50.    Answering paragraph 50 of the Complaint, Mattel admits that it

8   released a doll called "Jammin' in Jamaica" and a playset called "Guava Gulch Tiki

9   Lounge", states that it has released such themed dolls and products over the course

10  of many years, admits that MGA released a "Sun-Kissed Summer" themed doll and

11  playset, denies that MGA originated or has rights to such theme, states that the

12  relevant products speak for themselves and denies the truth of the remaining

13  allegations set forth therein.

14     51.    Answering paragraph 51 of the Complaint, Mattel admits that it

15  has aired television commercials for its MY SCENE line, states that such

16  commercials speak for themselves, denies the truth of the remaining allegations set

17  forth therein and specifically denies that MGA was the originator of or has rights to

18  commercials "combining live action with animated sequences" set to "pop music

19  and lyrics".

20     52.    Answering paragraph 52 of the Complaint, Mattel denies the

21  truth of the allegations set forth therein.

22     53.    Answering paragraph 53 of the Complaint, Mattel admits that it

23  released a MY SCENE "Sound Lounge", admits that MGA released a product called

24  "Runway Disco", states that the relevant products speak for themselves, denies that

25  it "imitated MGA's trapezoidal box," denies that MGA has rights thereto, and

26  denies the truth of the remaining allegations set forth therein.

27     54.    Answering paragraph 54 of the Complaint, Mattel denies the

28  truth of the allegations set forth therein.

2154363.2

-15-

1        55.    Answering paragraph 55 of the Complaint, Mattel admits that,

2   among the styling heads it has produced and sold over the course of many years, it

3   released a MY SCENE styling head, admits that MGA released a styling head called

4   "Funky Fashion Makeover Head", states that the relevant products speak for

5   themselves, denies that MGA has protectible rights and denies the truth of the

6   remaining allegations set forth in paragraph 55.

7        56.    Answering paragraph 56 of the Complaint, Mattel is without

8   knowledge or information sufficient to form a belief as to the truth or falsity of the

9   allegations set forth therein because plaintiff fails to identify the alleged instances of

10  confusion, including the source of the unidentified picture titled "Hairstyle practice",

11  and on that basis, denies them, and denies the truth of any remaining allegations set

12  forth in paragraph 56.

13       57.    Answering paragraph 57 of the Complaint, Mattel admits that it

14  has aired television commercials for its MY SCENE line, states that such

15  commercials speak for themselves and denies the truth of the remaining allegations

16  set forth therein.

17       58.    Answering paragraph 58 of the Complaint, Mattel admits that

18  MGA has used the line "The Girls With a Passion for Fashion" in some contexts,

19  denies that MGA originated that phrase or otherwise has rights to it, states that

20  Mattel's web site speaks for itself and denies the truth of the remaining allegations

21  set forth therein.

22       59.    Answering paragraph 59 of the Complaint, Mattel admits that,

23  among the plush products that it has produced and sold over the course of many

24  years, it has released plush dogs as part of its MY SCENE "Miami Getaway"

25  themed product line, states that Mattel has for many years sold plush pets of the type

26  used with its MY SCENE dog, admits that MGA has released various Bratz pets,

27  states that MGA was not the originator of and has no rights to the features and other

28

1   elements described therein, states that the relevant products speak for themselves

2   and denies the truth of the remaining allegations set forth therein.

3        60.    Answering paragraph 60 of the Complaint, Mattel admits that,

4   among the plush toys that it has released over the course of many years, its MY

5   SCENE dog has been sold in packaging depicted (in part) on page 22 of the

6   Complaint, states that Mattel has for many years sold plush pets and other plush

7   products in packaging of the type used with its MY SCENE dog, admits that MGA

8   has released a "Bratz" dog, states that MGA was not the originator of and has no

9   rights to the packaging described therein, states that the relevant packages speak for

10  themselves and denies the truth of the remaining allegations set forth therein.

11       61.    Answering paragraph 61 of the Complaint, Mattel denies that it

12  has intended to cause any consumer confusion and states that it is without

13  knowledge or information sufficient to form a belief as to the truth or falsity of the

14  allegations set forth therein concerning unnamed retailers, customers and others

15  because plaintiff fails to identify any source for the matters alleged and, on that

16  basis, denies them and denies the truth of any remaining allegations set forth therein.

17       62.    Answering paragraph 62 of the Complaint, Mattel denies that it

18  has intended to cause any confusion and states that it is without knowledge or

19  information sufficient to form a belief as to the truth or falsity of the allegations set

20  forth therein concerning alleged comments and conversations because plaintiff fails

21  to identify any source for the alleged comments and conversations and, on that

22  basis, denies them, and denies the truth of any remaining allegations set forth

23  therein.

24       63.    Answering paragraph 63 of the Complaint, Mattel denies that it

25  has intended to cause any confusion and states that it is without knowledge or

26  information sufficient to form a belief as to the truth or falsity of the allegations set

27  forth therein because plaintiff fails to identify any source for the alleged comments

28

1   and conversations and, on that basis, denies them, and denies the truth of any
2   remaining allegations set forth therein.

3       64.   Answering paragraph 64 of the Complaint, Mattel denies that it
4   has intended to cause any confusion and states that it is without knowledge or
5   information sufficient to form a belief as to the truth or falsity of the allegations set
6   forth therein because plaintiff fails to identify any source for the alleged comments
7   and conversations and, on that basis, denies them, and denies the truth of any
8   remaining allegations set forth therein.

9       65.   Answering paragraph 65 of the Complaint, Mattel denies the
10  truth of the allegations set forth therein.

11      66.   Answering paragraph 66 of the Complaint, Mattel admits that it
12  sued a competitor in the German courts for unfair competition for copying various
13  Mattel BARBIE line products, states that such claims exclusively arose under and
14  were the subject of German law, states that since that time the Federal Supreme
15  Court has rejected the contention made by MGA in paragraph 66 that
16  "systematically copying and borrowing elements" from competing dolls supports a
17  claim for unfair competition, and denies the truth of the remaining allegations set
18  forth therein.

19      67.   Answering paragraph 67 of the Complaint, Mattel denies the
20  truth of the allegations set forth therein.

21      68.   Answering paragraph 68 of the Complaint, Mattel admits that it
22  has released dolls called "Wee 3 Friends," admits that MGA has released dolls
23  called "4-Ever Best Friends," states that the relevant products speak for themselves,
24  denies that MGA's packaging is distinctive, denies that MGA has protectible rights
25  thereto and denies the truth of the remaining allegations set forth in paragraph 68.

26      69.   Answering paragraph 69 of the Complaint, Mattel admits that its
27  Fisher Price division has released, among other dolls called "Little Mommy," the
28  "Little Mommy Potty Training Baby Doll," admits that MGA has released a

54363.2

-18-

1 | "Mommy's Little Patient" doll and denies the truth of the remaining allegations set
2 | forth therein.

3 |      70.    Answering paragraph 70 of the Complaint, Mattel admits that it
4 | has released die-cast cars and other products called "Acceleracers" as part of its
5 | HOT WHEELS line, admits that MGA has released products called "AlienRacers,"
6 | denies that MGA was the originator of or has rights to the elements and matters
7 | described in paragraph 70, states that the relevant products speak for themselves and
8 | denies the truth of the remaining allegations set forth therein.

9 |      71.    Answering paragraph 71 of the Complaint, Mattel admits that it
10 | has aired commercials relating to "Acceleracers," states that such commercials
11 | speak for themselves, denies the truth of the remaining allegations set forth therein
12 | and specifically denies that MGA originated or has rights to commercials and other
13 | matters described therein.

14 |      72.    Answering paragraph 72 of the Complaint, Mattel states that its
15 | web site speaks for itself, denies the truth of the remaining allegations contained in
16 | paragraph 72 and specifically denies that Mattel intended to create confusion in the
17 | marketplace.

18 |      73.    Answering paragraph 73 of the Complaint, Mattel denies the
19 | truth of the allegations set forth therein.

20 |      74.    Answering paragraph 74 of the Complaint, Mattel denies the
21 | truth of the allegations set forth therein.

22 |      75.    Answering paragraph 75 of the Complaint, Mattel admits that it
23 | has reminded certain former employees who became employed by MGA by letter of
24 | their contractual and fiduciary obligation to maintain the secrecy of all Mattel
25 | confidential and proprietary business information, states that such letters were
26 | prepared and sent to their recipients in good faith contemplation of litigation, admits
27 | that it filed a complaint for declaratory relief against Ronald Brawer in Los Angeles
28 | Superior Court, entitled <u>Mattel, Inc. v. Brawer</u>, Case No. BC323381, on October 21,

1 | 2004, states that pursuant to the Court's Order of August 25, 2005 it need not
2 | respond to the allegations in paragraph 75 relating to that action, and denies the truth
3 | of the remaining allegations set forth in paragraph 75.

4 |       76.    Answering paragraph 76 of the Complaint, Mattel states that
5 | MGA cannot establish subject matter jurisdiction regarding extra-territorial acts,
6 | including such acts that are lawful in foreign nations, and denies the truth of
7 | allegations set forth therein.

8 |       77.    Answering paragraph 77 of the Complaint, Mattel states that
9 | MGA cannot establish subject matter jurisdiction regarding extra-territorial acts,
10 | including such acts that are lawful in foreign nations, and denies the truth of the
11 | allegations set forth therein.

12 |       78.    Answering paragraph 78 of the Complaint, Mattel states that it is
13 | without knowledge or information sufficient to form a belief as to the truth or falsity
14 | of the allegations regarding MGA's claimed "shortage of doll hair" and, on that
15 | basis, denies them and denies the truth of the remaining allegations set forth therein.

16 |       79.    Answering paragraph 79 of the Complaint, Mattel states that
17 | MGA cannot establish subject matter jurisdiction regarding extra-territorial acts,
18 | including such acts that are lawful in foreign nations, and denies the truth of
19 | allegations set forth therein.

20 |       80.    Answering paragraph 80 of the Complaint, Mattel denies the
21 | truth of the allegations set forth therein.

22 |       81.    Answering paragraph 81 of the Complaint, Mattel admits that
23 | NPD Funworld ("NPD") supplies sales statistics in *inter alia* the toy, PC games and
24 | video games industries, admits that to Mattel's knowledge NPD restricts the use of
25 | its subscriber information, states that MGA was sued by NPD and states that it is
26 | without knowledge or information sufficient to form a belief as to the truth or falsity
27 | of the allegations regarding the need of unspecified "toy companies" for NPD
28 |

163.2

1  statistics and, on that basis, denies them and denies the truth of any remaining
2  allegations set forth therein.

3       82.   Answering paragraph 82 of the Complaint, Mattel denies the
4  truth of the allegations set forth therein.

5       83.   Answering paragraph 83 of the Complaint, Mattel states that it is
6  without knowledge or information sufficient to form a belief as to the truth or falsity
7  of the allegations set forth therein because MGA fails to quantify its annual
8  subscription fees and, on that basis, denies them.

9       84.   Answering paragraph 84 of the Complaint, Mattel states that it is
10  without knowledge or information sufficient to form a belief as to the truth or falsity
11  of the allegations set forth therein and, on that basis, denies them.

12       85.   Answering paragraph 85 of the Complaint, Mattel states that
13  MGA was sued by NPD, states that it is without knowledge or information sufficient
14  to form a belief as to such nature and grounds for such litigation (to which Mattel
15  was not a party) and, on that basis, denies the allegations relating thereto, and denies
16  the truth of the remaining allegations set forth therein.

17       86.   Answering paragraph 86 of the Complaint, Mattel denies the
18  truth of the allegations set forth therein.

19       87.   Answering paragraph 87 of the Complaint, Mattel admits that the
20  Children's Advertising Review Unit ("CARU") is the children's arm of the
21  advertising industry's self-regulation program, states that compliance with CARU's
22  Privacy Program can provide FTC-approved Safe Harbor under the Children's
23  Online Privacy Protection Act ("COPPA"), and denies the truth of the remaining
24  allegations set forth therein.

25       88.   Answering paragraph 88 of the Complaint, Mattel admits that it
26  is one of dozens of CARU Supporters and denies the truth of the remaining
27  allegations set forth therein.

28

54363.2

-21-
SECOND AMENDED ANSWER AND COUNTERCLAIMS

1        89.   Answering paragraph 89 of the Complaint, Mattel denies the

2 truth of the allegations set forth therein.

3        90.   Answering paragraph 90 of the Complaint, Mattel states that it is

4 without knowledge or information sufficient to form a belief as to the truth or falsity

5 of the allegations as to the consequences to MGA of MGA's violations of CARU

6 standards and, on that basis, denies them.

7        91.   Answering paragraph 91 of the Complaint, Mattel states that it is

8 without knowledge or information sufficient to form a belief as to the truth or falsity

9 of the allegations as to the consequences to MGA of MGA violation of CARU

10 standards and, on that basis, denies them.

11        92.   Answering paragraph 92 of the Complaint, Mattel admits that the

12 Toy Industry Association, Inc. ("TIA") is a toy industry trade association, admits

13 that at certain times TIA has given awards called the People's Choice Toy of The

14 Year or the Toy of The Year Award, denies that Mattel wrongfully influenced TIA

15 and states that it is without knowledge or information sufficient to form a belief as

16 to the truth or falsity of the remaining allegations set forth therein and, on that basis,

17 denies them.

18        93.   Answering paragraph 93 of the Complaint, Mattel states that the

19 allegations set forth therein are vague and ambiguous, including in that they fail to

20 properly identify the years in which the referenced awards were given and/or the

21 particular product which won such awards, and accordingly lacks knowledge or

22 information sufficient to form a belief as to the truth or falsity of the allegations set

23 forth therein and, on that basis, denies them.

24        94.   Answering paragraph 94 of the Complaint, Mattel admits that

25 Neil Freidman was the chairman of TIA from approximately May 2002 to May

26 2004, states that Fischer Price is a division of Mattel and denies the truth of the

27 remaining allegations set forth therein.

28

95.     Answering paragraph 95 of the Complaint, Mattel admits that Hokey Pokey Elmo won the Toy of the Year Award and denies the truth of the remaining allegations set forth therein.

96.     Answering paragraph 96 of the Complaint, Mattel states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth therein and, on that basis, denies them.

97.     Answering paragraph 97 of the Complaint, Mattel denies the truth of the allegations set forth therein.

98.     Answering paragraph 98 of the Complaint, Mattel denies the truth of the allegations set forth therein.

99.     Answering paragraph 99 of the Complaint, Mattel denies the truth of the allegations set forth therein.

100.    Answering paragraph 100 of the Complaint, Mattel denies the truth of the allegations set forth therein.

101.    Answering paragraph 101 of the Complaint, Mattel repeats its responses contained in paragraphs 1 through 100 of this Second Amended Answer and incorporates them by reference as though fully and completely set forth herein.

102.    Answering paragraph 102 of the Complaint, Mattel denies the truth of the allegations set forth therein and specifically denies that MGA's alleged trade dress is distinctive.

103.    Answering paragraph 103 of the Complaint, Mattel denies the truth of the allegations set forth therein and specifically denies that MGA's alleged trade dress is distinctive.

104.    Answering paragraph 104 of the Complaint, Mattel denies the truth of the allegations set forth therein.

105.    Answering paragraph 105 of the Complaint, Mattel denies the truth of the allegations set forth therein.

2154363.2

-23-
SECOND AMENDED ANSWER AND COUNTERCLAIMS

1    106.   Answering paragraph 106 of the Complaint, Mattel denies the
2    truth of the allegations set forth therein.

3    107.   Answering paragraph 107 of the Complaint, Mattel denies the
4    truth of the allegations set forth therein.

5    108.   Answering paragraph 108 of the Complaint, Mattel denies the
6    truth of the allegations set forth therein and specifically denies that plaintiff is
7    entitled to injunctive relief.

8    109.   Answering paragraph 109 of the Complaint, Mattel repeats its
9    responses contained in paragraphs 1 through 108 of this Second Amended Answer
10   and incorporates them by reference as though fully and completely set forth herein.

11   110.   Answering paragraph 110 of the Complaint, Mattel denies the
12   truth of the allegations set forth therein.

13   111.   Answering paragraph 111 of the Complaint, Mattel denies the
14   truth of the allegations set forth therein.

15   112.   Answering paragraph 112 of the Complaint, Mattel denies the
16   truth of the allegations set forth therein.

17   113.   Answering paragraph 113 of the Complaint, Mattel denies the
18   truth of the allegations set forth therein.

19   114.   Answering paragraph 114 of the Complaint, Mattel denies the
20   truth of the allegations set forth therein.

21   115.   Answering paragraph 115 of the Complaint, Mattel denies the
22   truth of the allegations set forth therein.

23   116.   Answering paragraph 116 of the Complaint, Mattel denies the
24   truth of the allegations set forth therein.

25   117.   Answering paragraph 117 of the Complaint, Mattel denies the
26   truth of the allegations set forth therein and specifically denies that plaintiff is
27   entitled to injunctive relief.

28

-24-
SECOND AMENDED ANSWER AND COUNTERCLAIMS

1    118.   Answering paragraph 118 of the Complaint, Mattel denies the
2  truth of the allegations set forth therein.

3    119.   Answering paragraph 119 of the Complaint, Mattel repeats its
4  responses contained in paragraphs 1 through 118 of this Second Amended Answer
5  and incorporates them by reference as though fully and completely set forth herein.

6    120.   Answering paragraph 120 of the Complaint, Mattel denies the
7  truth of the allegations set forth therein.

8    121.   Answering paragraph 121 of the Complaint, Mattel denies the
9  truth of the allegations set forth therein.

10    122.   Answering paragraph 122 of the Complaint, Mattel denies the
11  truth of the allegations set forth therein.

12    123.   Answering paragraph 123 of the Complaint, Mattel denies the
13  truth of the allegations set forth therein and specifically denies that plaintiff is
14  entitled to injunctive relief.

15    124.   Answering paragraph 124 of the Complaint, Mattel repeats its
16  responses contained in paragraphs 1 through 123 of this Second Amended Answer
17  and incorporates them by reference as though fully and completely set forth herein.

18    125.   Answering paragraph 125 of the Complaint, Mattel denies the
19  truth of the allegations set forth therein.

20

21                          <u>General Denial</u>

22    Unless specifically admitted herein, Mattel denies the truth of each and
23  every allegation set forth in plaintiff's Complaint and specifically denies that
24  plaintiff is entitled to any relief against Mattel.

25

26

27

28

## Affirmative Defenses

By alleging the Affirmative Defenses set forth below, Mattel does not agree or concede that it bears the burden of proof or the burden of persuasion on any of these issues, whether in whole or in part.

## First Affirmative Defense

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## Second Affirmative Defense

Plaintiff has no valid, enforceable or protectible rights or interest in the alleged trade dress or other matters asserted, including without limitation in that plaintiff has failed to establish that its alleged trade dress is distinctive as to plaintiff.

## Third Affirmative Defense

Plaintiff's claims, including without limitation plaintiff's claims based upon alleged extra-territorial acts, are barred in whole or in part by lack of subject matter jurisdiction.

## Fourth Affirmative Defense

Plaintiff's claims are barred in whole or in part by plaintiff's unclean hands.

## Fifth Affirmative Defense

Plaintiff's claims are barred in whole or in part by virtue of Mattel's prior creation of the elements and other matters asserted in the Complaint.

363.2

-26-

<u>Sixth Affirmative Defense</u>

Plaintiff's claims are barred in whole or in part by its lack of standing.

<u>Seventh Affirmative Defense</u>

Plaintiff's claims are barred in whole or in part by the applicable statutes of limitation and the doctrine of laches.

<u>Eighth Affirmative Defense</u>

Plaintiff's claims are barred in whole or in part by the doctrines of waiver, estoppel and acquiescence.

<u>Ninth Affirmative Defense</u>

Plaintiff's claims are barred in whole or in part by Mattel's constitutional rights of free speech, petitioning and association, including without limitation by the litigation privilege as protected by and/or codified in *inter alia* Section 47(b) of the <u>California Civil Code</u>, the *Noerr-Pennington* doctrine, the common interest privilege and by other privileges.

<u>Tenth Affirmative Defense</u>

Plaintiff's claims are barred in whole or in part by Mattel's federal and state constitutional rights of free speech, including without limitation under the First Amendment of the United States Constitution.

<u>Eleventh Affirmative Defense</u>

Plaintiff's claims are barred in whole or in part by the competitor privilege.

-27-

### Twelfth Affirmative Defense

Plaintiff's claims are in whole or in part preempted by the Copyright Act and barred by the *Sears-Compco* doctrine.

### Thirteenth Affirmative Defense

Plaintiff's requested relief, including plaintiff's requests for punitive and/or enhanced damages, are barred in whole or in part because all of Mattel's actions were in good faith.

### Fourteenth Affirmative Defense

Plaintiff's damages, if any, were not caused by Mattel and are not attributable to the acts or omissions of Mattel.

### Fifteenth Affirmative Defense

Plaintiff has failed to mitigate its damages, if any.

### Additional Defenses

Mattel has insufficient knowledge or information upon which to form a belief as to whether additional defenses are available. Mattel reserves the right to amend this Second Amended Answer to add, delete, or modify additional defenses based on legal theories which may or will be divulged through clarification of the Complaint, through discovery, through change or clarification of the governing law or through further legal analysis of plaintiff's positions in this litigation.

### Prayer for Relief

WHEREFORE, Mattel prays for relief as follows:

1          1.    That the Complaint be dismissed with prejudice;

2          2.    That plaintiff take nothing by reason of the Complaint against

3    Mattel and that judgment be entered in Mattel's favor;

4          3.    That Mattel recover its costs and attorneys' fees; and

5          4.    That this Court award such other and further relief as it deems

6    just and proper.

7

8    **COUNTERCLAIMS**

9          Pursuant to the Court's Orders of January 12, 2007 and June 27, 2007,

10   and incorporating its [Proposed] Amended Complaint dated November 19, 2006,

11   Mattel, Inc. alleges as follows:

12   **Preliminary Statement**

13         1.   For years MGA Entertainment, Inc. has engaged in a pattern of

14   stealing and using Mattel, Inc.'s property and trade secrets.  MGA's use of the

15   stolen property and trade secrets caused and continues to cause significant harm to

16   Mattel.  MGA first stole "Bratz," a fashion doll, from Mattel, and then continued

17   stealing Mattel's confidential and proprietary information to fuel MGA's growth.

18         2.    Carter Bryant conceived, created and developed Bratz designs

19   while he was employed by Mattel as a doll designer.  He concealed his Bratz work

20   from Mattel and wrongfully sold Bratz to MGA while he was a Mattel employee.

21   As MGA knows, Mattel owns the Bratz designs that Bryant made.  As the rightful

22   owner of those Bratz designs, Mattel has registered copyrights for them and seeks

23   damages arising from MGA's repeated infringement of those copyrights.

24         3.    Emboldened by the success of its illegal conduct, MGA has

25   repeated—and even expanded—its pattern of theft on numerous occasions.  For

26   example, in or about 2004, MGA decided to expand into Mexico.  To do so, and

27   operating from its Southern California offices, MGA hired away three key Mattel

28   employees in Mexico, who, on their way out, stole virtually every category of

SECOND AMENDED ANSWER AND COUNTERCLAIMS

2154363.2