QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Plaintiff Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br>Consolidated With Case No. 04-9059 and Case No. 05-2727<br><br>**DISCOVERY MATTER**<br><br>**[To Be Heard By Discovery Master Hon. Edward Infante (Ret.)]**<br><br>[PUBLIC REDACTED] DECLARATION OF TIMOTHY L. ALGER IN SUPPORT OF MATTEL, INC.'S MOTION TO COMPEL MGA AND CARTER BRYANT TO RETURN PRIVILEGED DOCUMENT AND FOR PROTECTIVE ORDER<br><br>Date: T.B.D.<br>Time: T.B.D.<br>Place: T.B.D.<br><br>**Phase 1:**<br>Discovery Cutoff:     January 28, 2008<br>Pre-Trial Conference: May 5, 2008<br>Trial Date:           May 27, 2008 |

## DECLARATION OF TIMOTHY L. ALGER

I, Timothy L. Alger, declare as follows:

1. I am a member of the bar of the State of California and a member of Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for Mattel, Inc. I make this declaration in support of Mattel Inc.'s Motion to Compel MGA and Carter Bryant to Return Privileged Document and for Protective Order. I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

2. By making this declaration, as Mattel's legal counsel, I hereby expressly reserve all rights, duties and privileges on behalf of Mattel and myself under the applicable law of California and federal law, including, but not limited to, Federal Rule of Evidence 501, California Evidence Code sections 950 – 962 and California Business Professions Code section 6068(e), which requires that I "maintain inviolate the confidence, and at every peril to [me], to preserve the secrets of [my] client."

3. On February 23, 2007, a document Bates stamped M 0074372 (the "Document") was produced in discovery to MGA Entertainment, Inc. and Carter Bryant. I understand that the Document is a chronological record of tasks and events recorded by Richard de Anda, Vice President of Mattel's Global Security and Investigations Department. I further understand that the document includes entries describing (1) tasks that Mr. de Anda performed pursuant to instructions from, and (2) communications with, Mattel's legal counsel. The Document was one of 2,637 pages produced to MGA and Bryant on February 23, 2007.

4. At the time of production, I reviewed an unredacted version of the Document. I ordered two entries to be redacted based on attorney-client privilege and attorney work product doctrine, but, through inadvertence, only a single redaction was made.

5. Also produced on February 23, 2007 was Mattel's Supplemental Privilege Log (the "February 23, 2007 Supplemental Log"). Mattel included the Document as entry No. 51 on the February 23, 2007 Supplemental Log. Attached as Exhibit 1 is a true and correct copy of the February 23, 2007 Supplemental Log.

6. Sixty-eight other documents that were redacted or withheld from the February 23rd production or an earlier production were also added to the privilege log on February 23, 207. Forty-one were "new" entries related to documents redacted or withheld from production on or before February 23, 2007.

7. On or about June 12, 2007, counsel for Mattel discovered that the second entry on the Document, dated "7/22/03," had not been redacted. This failure to redact the second entry was inadvertent. "Mattel [had] not intentionally waived, or intended to waive, at any time either the attorney-client privilege or attorney work-product protection with respect to the '7/22/03' entry in the Document." See Declaration of Jill Thomas, dated February 22, 2008, filed concurrently herewith, ¶ 8. Mattel has steadfastly asserted the attorney-client privilege and attorney work product doctrine in this litigation over all documents that are so protected. Indeed, as described below, Mattel promptly and has consistently asserted its privilege regarding the "7/23/03" entry in the Document.

8. After discovering the inadvertent production of the "7/22/03" entry in February 2007, I supervised a second review of all documents produced on February 23, 2007, to determine whether any other privileged documents had been produced inadvertently. We discovered the inadvertent production of 11 other privileged pages among the 2,637 pages produced on February 23, 2007.

9. Quinn Emanuel employs a team of attorneys to review documents in this case. These attorneys are responsible for identifying possibly privileged documents. The team has reviewed millions of pages of documents, and Mattel has produced approximately 900,000 pages of documents in discovery thus far.

10. On June 20, 2007, I wrote to counsel for MGA and Bryant and requested that they return all paper copies and destroy all electronic copies of the 12 inadvertently produced, privileged pages, including the Document, and certify that they had complied with my request. Attached as Exhibit 2 is a true and correct copy of my letter to Diane Torres and Michael Page, dated June 20, 2007.

11. I made the request pursuant to Section 13 of the Stipulated Protective Order, a true and correct copy of which is attached as Exhibit 3.

12. By letter dated June 25, 2007, Bryant "declined" Mattel's June 20th request. Attached as Exhibit 4 is a true and correct copy of a letter from Mr. Page, Bryant's legal counsel, dated June 25, 2007.

13. On June 26, 2007, I wrote to Mr. Page and again requested the return and destruction of all copies of the Document in his possession. I noted that Section 13's use of the word "shall" requires the return of documents requested by the producing party and does not give the receiving party discretion to "decline" such a request. Attached as Exhibit 5 is a true and correct copy of my letter to Mr. Page, dated June 26, 2007.

14. I met and conferred with Mr. Page and James Jenal, counsel for MGA, regarding the Document on July 11, 2007. The parties did not reach agreement.

15. Following the conference of counsel, I asked Mr. Page to return and destroy copies of the Document for a third time, or for legal authority supporting his client's position. Attached as Exhibit 6 is a true and correct copy of a letter I sent to Mr. Page (copying Mr. Jenal), dated July 20, 2007.

16. Mr. Page never replied to my July 20, 2007 letter.

17. Meanwhile, on July 6, 2007, David Hurwitz, counsel for MGA, returned the Document to me but stated that he "will have to confirm at a later date that we have returned or destroyed all paper and electronic copies of [the Document]

-3-

DECLARATION OF TIMOTHY L. ALGER

1  as we are searching our files to retrieve all copies." Attached as Exhibit 7 is a true
2  and correct copy of the letter Mr. Hurwitz sent to me, dated July 6, 2007.

3     18.  Mattel accepted MGA's representations that it would comply with
4  Section 13. Counsel for MGA did not provide the subsequent confirmation of return
5  or destruction, however.

6     19.  On July 10, 2007, the Discovery Master sustained Mattel's attorney-
7  client privilege claim for the initial redaction of the Document. Attached as
8  Exhibit 8 is a true and correct copy of the Discovery Master's Order Re in Camera
9  Review of Global Security Files, dated July 10, 2007.

10    20.  At the request of Marc Feinstein, counsel for MGA, I met and
11 conferred with Marc Feinstein and counsel for Bryant regarding the Document on
12 August 7, 2007. Attached as Exhibit 9 is a true and correct copy of a letter from Mr.
13 Feinstein to me, dated August 1, 2007.

14    21.  Counsel asserted during the conference that Mattel had waived its
15 privilege claims. I informed counsel for MGA and Bryant that Mattel would oppose
16 any motion to overrule Mattel's privilege claims. Defendants never filed such a
17 motion.

18    22.  On December 17, 2007, Marcus Mumford, counsel for MGA, wrote to
19 my partner Jon D. Corey to request a further redacted version of the document Bates
20 stamped M 0074372. The letter was addressed to Mr. Corey, not to me. I am the
21 attorney who is primarily responsible for handling Mattel's privilege claims and I
22 had handled all discussions with Defendants regarding M 0074372. I did not see
23 Mr. Mumford's letter prior to the deposition of Mr. de Anda on December 19, 2007.
24 Attached as Exhibit 10 is a true and correct copy of the letter from Mr. Mumford to
25 Mr. Corey, dated December 17, 2007.

26    23.  On December 19, 2007, on behalf of Defendants, MGA questioned Mr.
27 de Anda regarding the "7/22/03" entry by using the version of the Document

1  produced by Mattel on February 23, 2007, which Mattel had "clawed back" on June
2  20, 2007. Attached as Exhibit 11 is a true and correct copy of excerpts of the
3  transcript of the deposition of Richard de Anda, dated December 19, 2007.

4      24.    During Mr. de Anda's deposition, Defendants marked a 90-page
5  investigative file as Exhibit No. 1195. The Document was just one page in the 90-
6  page exhibit. Attached as Exhibit 12 is a true and correct copy of Exhibit No. 1195,
7  except for page M 0074372, which has been intentionally omitted because it
8  includes the privileged "7/22/03" entry. Mattel will submit that page to the
9  Discovery Master under separate cover for *in camera* review.

10      25.    Defendants also included the Document in an exhibit (No. 471) marked
11  during the deposition of Alan Kaye on June 21, 2007, but did not elicit testimony
12  regarding the "7/22/03" entry. Attached as Exhibit 13 is a true and correct copy of
13  excerpts of the transcript of the deposition of Alan Kay, dated June 21, 2007.

14      26.    Attached as Exhibit 14 is a true and correct copy of Exhibit No. 471,
15  except for page M 0074372, which has been intentionally omitted because it
16  includes the privileged "7/22/03" entry.

17      27.    On January 28, 2008, MGA and Bryant deposed Robert Simoneau,
18  who headed Mattel's Global Security and Investigations Department before Mr. de
19  Anda assumed the position. Defendants also questioned Mr. Simoneau regarding
20  the "7/22/03" entry by using Exhibit No. 1195, which, as stated above, included the
21  version of the Document produced by Mattel on February 23, 2007. Attached as
22  Exhibit 15 is a true and correct copy of excerpts of the transcript of the deposition of
23  Robert Simoneau, dated January 28, 2008.

24      28.    On January 31, 2008, immediately after learning of the Document's use
25  at the de Anda and Simoneau depositions, I wrote to counsel for MGA and Bryant
26  and asked them again to comply with Section 13 of the Stipulated Protective Order
27  by returning and destroying all copies of the Document. I attached to my letter a
28

revised version of the Document, which included a redaction of the "7/22/03" entry (the "Revised Document") and informed the parties that "[t]his should be the only version of the document used by the parties in this action." Attached as Exhibit 16 is a true and correct copy of my letter to Mr. Page, Thomas Nolan, Robert Herringon and Mark Overland, dated January 31, 2008.

29. By letter dated February 4, 2008, Mr. Mumford asked Mattel to "reconsider" its January 31st request. Attached as Exhibit 17 is a true and correct copy of Mr. Mumford's letter to me, dated February 4, 2008.

30. On February 20, 2008, I sent an email to Mr. Mumford to ask him to meet and confer regarding the Document. Attached as Exhibit 18 is a true and correct printout of the email I sent to Mr. Mumford on February 20, 2008.

31. I met and conferred by telephone with Mr. Mumford on February 21, 2008. I stated that the improperly redacted Document must be returned, and the de Anda and Simoneau deposition testimony regarding the "7/22/03" entry be stricken and redacted from the deposition transcripts. Mr. Mumford proposed to redact the substance of the "7/22/03" entry, but not the date.

32. On February 22, 2008, I informed Mr. Mumford by telephone and email that the "7/22/03" entry needed to be redacted in its entirety, including the date. I again attached a copy of the Revised Document to my email (Bates stamped M 0074372B), for use in a deposition of a Mattel Rule 30(b)(6) witness the following day, February 23, 2008. In the hopes of resolving the matter without a motion, I informed Mr. Mumford that the "7/22/03" entry related to the Gunther-Wahl litigation. No agreement was reached. I informed Mr. Mumford that Mattel would file a motion to compel and for a protective order. Attached as Exhibit 19 is a true and correct printout of the email I sent to Mr. Mumford on February 22, 2008.

33. Mr. Page, counsel for Bryant, has not responded to my January 31, 2008, letter.

Executed on February 28, 2008, at Los Angeles, California.

_____
Timothy L. Alger