9.   The failure of any Party to object to the designation of information as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall not be deemed an admission that such information qualifies for such designation.

10.   If any Party wishes to have any information, document or testimony marked "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by another Party or nonparty reclassified as non-confidential, or from "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" to "CONFIDENTIAL," the Parties and/or relevant nonparty or nonparties will confer and try to reach agreement. If the Parties and/or relevant nonparty or nonparties cannot reach agreement, either Party and/or the relevant nonparty or nonparties may apply to the Court to resolve the matter in accordance with the Local Rules. Unless and until this Court enters an Order changing the designation of the information, it shall be afforded the treatment prescribed in this Protective Order for its designation.

11.   Nothing contained in this Protective Order shall restrict or prevent any Party or nonparty from disclosing or otherwise using its or his own Litigation Materials which that Party or nonparty produces or discloses in this action.

12.   The inadvertent or unintentional disclosure by a producing Party or nonparty of "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" Litigation Materials during the course of this litigation, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a Party's or nonparty's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. Counsel for the Parties and/or nonparties shall in any event, to the extent possible, upon discovery of inadvertent error, cooperate to restore the confidentiality of the "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" material that was inadvertently or unintentionally disclosed.

EXHIBIT __2__

13. If a Party or nonparty through inadvertence produces or provides discovery that it, he or she believes is subject to a claim of attorney-client privilege or work product immunity, the producing Party or nonparty may give written notice to the receiving Party that the document is subject to a claim of attorney-client privilege or work product immunity and request that the document be returned to the producing Party or nonparty. The receiving Party shall promptly return to the producing Party or nonparty the inadvertently disclosed document and all copies of such document. Return of the document by the receiving Party shall not constitute an admission or concession, or permit any inference, that the returned document is, in fact, properly subject to a claim of attorney-client privilege or work product immunity, nor shall it foreclose any Party from moving the Court for an Order that such document has been improperly designated or should be producible for reasons other than a waiver caused by the inadvertent production.

14. Nothing contained in this Protective Order shall affect the right of any Party or nonparty to make any objection, claim any privilege, or otherwise contest any request for production of documents, interrogatory, request for admission, or question at a deposition or to seek further relief or protective orders from the Court in accordance with the <u>Federal Rules of Civil Procedure</u> and the <u>Local Rules</u>. Nothing in this Protective Order shall constitute an admission or waiver of any claim or defense by any Party.

## FILING AND USE IN COURT OF DESIGNATED MATERIALS

15. Except when the filing under seal is otherwise authorized by statute or federal rule, the Parties shall seek the Court's prior approval for the filing under seal of pleadings and other documents containing properly designated "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information in accordance with the procedures set forth in <u>Local Rule</u> 79-5.1, as such

EXHIBIT ___

PAGE __35__   -13-

07272/625581.2                                                        PROTECTIVE ORDER

1   Rule may be amended from time to time.  Prior to the time that a Party receiving the
2   "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY"
3   information from any other Party files with the Court an application and the other
4   materials required by Local Rule 79-5.1, as such Rule may be amended from time to
5   time, to seal the producing Party's confidential information, the receiving Party shall
6   consult with the producing Party's attorney to determine whether the producing Party
7   will re-designate the previously designated confidential information so as to avoid the
8   need for the request to file such information under the seal.  Upon the default of a
9   Party to seek the Court's approval to file a document containing "CONFIDENTIAL"
10  or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information under seal, any
11  Party may subsequently seek the approval of the Court to file that document under
12  seal, in accordance with the procedures set forth in Local Rule 79-5.1, as such Rule
13  may be amended from time to time.
14
15              THIRD-PARTY REQUEST FOR DESIGNATED MATERIALS
16
17              16.    If any Party or nonparty receives a subpoena or document request
18  from a third party which purports to require the production of materials in that Party's
19  possession which have previously been designated as "CONFIDENTIAL" or
20  "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by any other Party or nonparty,
21  the Party or nonparty receiving such subpoena or document request (a) shall object
22  and refuse to produce documents absent a Court Order or the consent of the Party or
23  nonparty who designated the materials as "CONFIDENTIAL" or "CONFIDENTIAL
24  -- ATTORNEYS' EYES ONLY", (b) immediately notify the Party or nonparty who
25  designated the materials as "CONFIDENTIAL" or "CONFIDENTIAL --
26  ATTORNEYS' EYES ONLY" of the receipt of said subpoena or document request,
27  and (c) shall not oppose any effort by the Party or nonparty which designated the
28  material as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES

EXHIBIT ___3___

1  ONLY" to quash the subpoena or obtain a protective order limiting discovery of such

2  material.

3

4  ## DISCOVERY FROM NONPARTIES

5

6       17.    Discovery of nonparties may involve receipt of information,

7  documents, things or testimony which include or contain "CONFIDENTIAL" or

8  "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" materials or information. A

9  nonparty producing such material in this case may designate as "CONFIDENTIAL"

10  or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" some or all of the material it

11  produces in the same manner provided for in this Protective Order with respect to

12  material furnished by or on behalf of the Parties. Any Party may also designate as

13  "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" any

14  materials or information produced by a nonparty that constitute "CONFIDENTIAL"

15  or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" material of the designating

16  Party under Paragraph 2 of this Protective Order, regardless of whether the producing

17  nonparty has also so designated. In addition, a nonparty may also designate as

18  "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" any

19  materials or information produced by a Party that constitute "CONFIDENTIAL" or

20  "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" material or information of such

21  nonparty under Paragraph 2 of this Protective Order, regardless of whether the

22  producing Party has also so designated. In either such an event, the designation

23  providing for the greater level of protection for the material information shall control,

24  subject to Paragraph 10 of this Protective Order. Nonparty materials designated

25  "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by a

26  nonparty or Party shall be governed by the terms of this Protective Order.

27

28

EXHIBIT _____3_____

PAGE __37__   -15-

PROTECTIVE ORDER

## CONCLUSION OF LITIGATION

18.     Within thirty (30) days of the conclusion of this Action, including any post-trial motions or appellate proceedings relating thereto, all documents, transcripts or other things or information designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," and all copies thereof, shall be returned to the attorneys for the Party or nonparty furnishing the same, or shall be destroyed by the attorneys having such documents in their possession. In addition, all summaries or other materials containing or disclosing information contained in such documents, answers, transcripts or other things shall be destroyed; provided, however, that outside counsel for each Party may retain one complete and unredacted set of pleadings and papers filed with the Court or served on the other Parties. Such retained copy of pleadings and papers shall be maintained in a file accessible only to outside counsel bound by this Protective Order. This Protective Order shall continue to be binding after the conclusion of this Action.

## AMENDMENT OF THIS AGREEMENT

19.     The provisions of this Stipulation and Protective Order may be  modified at any time by stipulation of the Parties as approved by Order of the Court. In addition, a Party may at any time apply to the Court for modification of this

EXHIBIT 3

PAGE 36    -16-

07272/625581.2

PROTECTIVE ORDER

1 | Stipulation and Protective Order pursuant to a motion brought in accordance with the
2 | rules of the Court.

3

4 |     **IT IS SO STIPULATED.**

5

6 | DATED: December 22, 2004          QUINN EMANUEL URQUHART
                                      OLIVER & HEDGES, LLP
7

8 |                                   By _Jon Corey_
9 |                                      Jon Corey
                                         Attorneys for Plaintiff
10|                                      Mattel, Inc.

11| DATED: December __, 2004          LITTLER MENDELSON
12

13|                                   By _____
14|                                      Douglas A. Wickham
                                         Attorneys for Defendant
15|                                      Carter Bryant

16| DATED: December __, 2004          O'MELVENY & MEYERS, LLP

17

18|                                   By _____
                                         Diana M. Torres
19|                                      Attorneys for Interventor-Defendant
                                         MGA Entertainment, Inc.
20

21|     **IT IS SO ORDERED.**
22

23| DATED: _1/4/05_                       ROBERT N. BLOCK
24|                                   THE HONORABLE ROBERT N. BLOCK
                                         United States Magistrate Judge
25

26

27

28
                         EXHIBIT ___3___
07272/625581.2                                    -17-
                         PAGE ___39___            PROTECTIVE ORDER

1  Stipulation and Protective Order pursuant to a motion brought in accordance with the
2  rules of the Court.

3
4        IT IS SO STIPULATED.
5
6  DATED: December ___, 2004        QUINN EMANUEL URQUHART
                                    OLIVER & HEDGES, LLP
7
8                                   By_____
9                                      Jon Corey
                                       Attorneys for Plaintiff
10                                     Mattel, Inc.
11
   DATED: December 2/, 2004         LITTLER MENDELSON
12
13                                  By_____
                                       Douglas A. Wickham
14                                     Attorneys for Defendant
                                       Carter Bryant
15
16  DATED: December ___, 2004       O'MELVENY & MEYERS, LLP
17
18                                  By_____
                                       Diana M. Torres
                                       Attorneys for Intervertor-Defendant
19                                     MGA Entertainment, Inc.
20
21       IT IS SO ORDERED.
22
23  DATED: _____
24                                  _____
                                    THE HONORABLE ROBERT N. BLOCK
25                                  United States Magistrate Judge
26
27
28

07272/625581.2                              -17-
                                                        PROTECTIVE ORDER

EXHIBIT ___3___
PAGE __40__

1  Stipulation and Protective Order pursuant to a motion brought in accordance with the

2  rules of the Court.

3

4       **IT IS SO STIPULATED.**

5

6  DATED: December ___, 2004          QUINN EMANUEL URQUHART
                                      OLIVER & HEDGES, LLP
7

8                                     By_____
9                                        Jon Corey
                                         Attorneys for Plaintiff
10                                       Mattel, Inc.

11  DATED: December ___, 2004          LITTLER MENDELSON
12

13                                     By_____
                                         Douglas A. Wickham
14                                       Attorneys for Defendant
                                         Carter Bryant
15

16  DATED: December ___, 2004          O'MELVENY & MEYERS, LLP

17
                                       By_____
18                                       Diana M. Torres
                                         Attorneys for Intervenor-Defendant
19                                       MGA Entertainment, Inc.

20

21       **IT IS SO ORDERED.**

22

23
    DATED: _____
24                                     THE HONORABLE ROBERT N. BLOCK
                                       United States Magistrate Judge
25

26

27

28

07272/625581.2                              -17-
                                                        PROTECTIVE ORDER

EXHIBIT ___3___

PAGE ___41___

# EXHIBIT A

## ASSURANCE OF COMPLIANCE

I, _____, under penalty of perjury under the laws of the United States of America, declare and state as follows:

I reside at _____, in the City/County of _____ and State/Country of _____;

I have read the annexed Stipulated Protective Order, ("Protective Order") dated _____ in the action entitled *Mattel, Inc. v. Carter Bryant,* Case No. CV 04-9059 NM (RNBx), which currently is pending in the United States District Court for the Central District of California; that I am fully familiar with and agree to comply with and be bound by the provisions of that Protective Order;

I will not divulge to persons other than those specifically authorized by the Protective Order, and will not copy or use any Litigation Materials designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" except solely as permitted by the Protective Order; and

I consent to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing said Protective Order, enjoining any violation or threatened violation of the Protective Order or seeking damages for the breach of said Protective Order.

_____
(Signature)

EXHIBIT ___

PAGE ___

07272/625581.2

PROTECTIVE ORDER

**PROOF OF SERVICE**

1013A(3) CCP Revised 5/1/88

1

2   STATE OF CALIFORNIA        )
    COUNTY OF LOS ANGELES      )

3        I am employed in the county of Los Angeles  State of California.  I am over the age of 18
4   and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor,
    Los Angeles, CA 90012.

5        On December 22, 2004, I served the foregoing document described as

6        **STIPULATED PROTECTIVE ORDER; AND [PROPOSED] ORDER**

7   on  all interested parties in this action:

8                          **SEE ATTACHED SERVICE LIST**

9   [ ]   By placing [ ] the original [X] true copies thereof enclosed in sealed envelopes addressed
10        as follows:

11  [ ]   **BY MAIL**

12  [ ]   I deposited such envelope in the mail at Los Angeles, California.  The envelope was
          mailed with postage thereon fully prepaid.

13  [ ]   As follows: I am "readily familiar" with the firm's practice of collection and processing
14        correspondence for mailing.  Under that practice it would be deposited with U.S. postal
          service on that same day with postage thereon fully prepaid at Los Angeles, California in
15        the ordinary course of business.  I am aware that on motion of the party served, service is
          presumed invalid if postal cancellation date or postage meter date is more than one day
16        after date of deposit for mailing in affidavit.

    [X]   **BY TELECOPIER** By transmitting the above listed document(s) to the fax number(s)
17        set forth above on this date.

18  Executed on December 22, 2004, at Los Angeles, California.

19  [X]   (Federal) I declare that I am employed in the office of a member of the bar of this court at
          whose direction the service was made.

20

21  Ivana Maiorano                              _____
    Print Name                                  Signature

22

23

24

25

26

27

28

EXHIBIT ___3___

PAGE ___43___

1  Robert F. Millman, Esq.
   Douglas A. Wickham, Esq.
2  Keith A. Jacoby, Esq.
   Littler Mendelson
3  A Professional Corporation
   2049 Century Park East, 5th Floor
   Los Angeles, California 90067-3107
4  Phone: 310-553-0308
   Fax: 310-553-5583
5

6  Diana M. Torres, Esq.
   O'Melveney & Meyers
7  400 S. Hope Street
   Los Angeles, CA 90071
8  Phone: 213-430-6000
   Fax: 213-430-6407
9

10 Daniel J. Warren, Esq.
   Sutherland, Asbill & Brennan
11 999 Peachtree Street NE
   Atlanta, GA  30309-3996
12 Phone: 404-853-8698
   Fax: 404-853-8806

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT ___3___

PAGE _____44_____

**EXHIBIT  4**