Received:    6/25/07   3:31PM;                415 397 7188 -> QUINN EMANUEL;   Page 2
06/25/07   15:13 FAX 415 397 7188            KEKER & VAN NEST                          ☑002/002

LAW OFFICES
# KEKER & VAN NEST
### LLP
710 SANSOME STREET
SAN FRANCISCO, CA 94111-1704
TELEPHONE (415) 391-5400
FAX (415) 397-7188
WWW.KVN.COM

MICHAEL H. PAGE
MPAGE@KVN.COM

June 25, 2007

**VIA FACSIMILE**

Timothy L. Alger
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA  90017-2543

Re:    *Mattel, Inc. v. MGA Entertainment, Inc.*

Dear Tim:

I returned to my office Friday to find your letter of Wednesday evening regarding inadvertently produced documents. The majority of those documents appear to relate to matters between Mattel and MGA (specifically, the investigation regarding Mr. Brawer), and while we therefore express no opinion as to whether they are either privileged or inadvertently produced, we will happily destroy or return them.

We must, however, decline your request as to one document, M0074372. As you may not be aware, this particular, one-page document is already the subject of current motion practice concerning the propriety of the existing redactions to it. Having (1) reviewed it initially for the purpose of redacting it, (2) met and conferred over the propriety of those redactions, (3) fully briefed the question whether the redacted portion is in fact privileged, and (4) submitted the unredacted document to Judge Infante over a month ago, it seems quite a bit too late to claim inadvertence. Moreover, the document has been used as an exhibit in at least one deposition without objection. Finally, having reviewed the document, I fail to see what additional portions of the document could possibly be subject to privilege in the first instance.

We will, however, agree not to disseminate that document further pending Judge Infante's ruling on its status, and are happy to consider any further argument you may have on this issue.

Very truly yours,

Michael H. Page

MHP/nsn
cc:    James P. Jenal

397956.01

EXHIBIT _____·4_____
PAGE _____45_____

MATCOR022641

**EXHIBIT  5**

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

WRITER'S DIRECT DIAL NO.
(213) 443-3223

WRITER'S INTERNET ADDRESS
timalger@quinnemanuel.com

June 26, 2007

## VIA FACSIMILE AND U.S. MAIL

Michael Page, Esq.
Keker & Van Nest, LLP
710 Sansome Street
San Francisco, California 94111

Re:   Mattel, Inc. v. MGA Entertainment, Inc.

Dear Michael:

We received your letter of June 25, 2007, relating to Mattel's request for the return of inadvertently produced documents that are protected by attorney-client privilege and the work product doctrine.

On January 4, 2005, Magistrate Judge Robert N. Block entered a Stipulated Protective Order that states, at paragraph 13:

> If a Party or nonparty through inadvertence produces or provides discovery that it, he or she believes is subject to a claim of attorney-client privilege or work product immunity, the producing Party or nonparty may give written notice to the receiving Party that the document is subject to a claim of attorney-client privilege or work product immunity and request that the document be returned to the producing Party or nonparty. The receiving Party shall promptly return to the producing Party or nonparty the inadvertedly disclosed document and all copies of such document. Return of the document by the receiving Party shall not constitute an admission or concession, or permit any inference, that the returned document is, in fact, properly subject to a claim of attorney-client privilege or work product immunity, nor shall it foreclose any Party from moving the Court for an Order that such document has been improperly designated or should be producible for reasons other than a waiver caused by the inadvertent production.

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 335 Madison Avenue, 17th Floor, New York, New York 10017 | TEL ... FAX 212-702-8200
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 9... 
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
PALM SPRINGS | 45-025 Manitou Drive, Suite 10, Indian Wells, California 92210 ...0-345-4757 FAX 760-345-2414
SAN DIEGO | 4445 Eastgate Mall, Suite 200, San Diego, California 92121 | TEL 858-812-5107 FAX 858-812-5336

EXHIBIT J

PAGE 46

07975/2152980.1

Michael H. Page, Esq.
June 26, 2007
Page 2

This provision *requires* return of documents requested by the producing party, and does not give the receiving party the discretion to "decline" such a request. This provision also precludes any argument by Bryant that the inadvertent disclosure constituted waiver. Failure to return a requested document is a violation of a court order.

Accordingly, Mattel again requests the immediate return of documents bearing the following Bates numbers: M 0074372, M 0075006, M 0075009-10, M 0075013, M 0075090, M 0075139-40, M 0075212, M 0075227, and M 0075229-30. Further, Mattel again requests that you destroy any and all electronic copies of the documents that you have created. When you return the documents, please certify that you have included all paper copies of the documents in your possession and that you have destroyed all electronic copies. After receiving the documents and certification from you, Mattel will immediately produce a replacement copy of M 0074372 that has been properly redacted, as discussed in my letter of June 20, 2007.

Thank you for your cooperation. Please let me know if you have any questions.

Very truly yours,

Timothy L. Alger

cc: Diana M. Torres, Esq.

**EXHIBIT** 5

**PAGE** 47

**EXHIBIT  6**

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3223**

WRITER'S INTERNET ADDRESS
**timalger@quinnemanuel.com**

July 20, 2007

## VIA FACSIMILE AND U.S. MAIL

Michael Page, Esq.
Keker & Van Nest, LLP
710 Sansome Street
San Francisco, California  94111

Re:    Mattel, Inc. v. MGA Entertainment, Inc.

Dear Mike:

On June 20, 2007, Mattel requested the return of certain documents that are protected by the attorney-client privilege and work product doctrine. Among them was M 0074372, which inadvertently was not redacted to remove a reference to client communications with counsel and description of work performed by Mattel security at the direction of counsel. John Trinidad of your office certified that the other documents were destroyed, but you declined in a letter dated June 25, 2007 to return M 0074372. We met-and-conferred (along with Jim Jenal, representing MGA), on July 11, 2007. You expressed the position that while the document might have been inadvertently produced, Mattel's delay in seeking its return and redaction was a subsequent waiver that made Section 13 of the Stipulated Protective Order inapplicable. We also discussed Mattel's proposed redaction and an alternative redaction proposed by you.

We have considered the matter and remain of the view that return of the document at Mattel's request, so it can be properly redacted, is *required* by Section 13. Please return the document, and certify the destruction of all copies, and we will provide you with a new copy of M 0074372 with appropriate redactions. Alternatively, provide us with legal authority supporting defendants' position, which we will consider. We request either the return of the document and the certification of destruction, or the authority supporting your position, within seven days.

EXHIBIT _____6_____

PAGE _____48_____

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 335 Madison Avenue, 17th Floor, New York, New York 10017 | TEL 212-702-8100 FAX 212-702-8200
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
PALM SPRINGS | 45-025 Manitou Drive, Suite 10, Indian Wells, California 92210 | TEL 760-345-4757 FAX 760-345-2414
SAN DIEGO | 4445 Eastgate Mall, Suite 200, San Diego, California 92121 | TEL 858-812-3107 FAX 858-812-3336

Michael H. Page, Esq.
July 20, 2007
Page 2

We look forward to hearing from you.

Very truly yours,

Timothy L. Alger

cc:   James P. Jenal, Esq.

EXHIBIT _____ 6 _____

PAGE _____ 49 _____

**EXHIBIT  7**



## O'MELVENY & MYERS LLP

RECEIVED

JUL 0 9 2007

BEIJING
BRUSSELS
CENTURY CITY
HONG KONG
LONDON
NEWPORT BEACH

400 South Hope Street
Los Angeles, California 90071-2899

TELEPHONE (213) 430-6000
FACSIMILE (213) 430-6407
www.omm.com

NEW YORK
SAN FRANCISCO
SHANGHAI
SILICON VALLEY
TOKYO
WASHINGTON, D.C.

July 6, 2007

OUR FILE NUMBER
527436-8

**VIA U.S. MAIL**

WRITER'S DIRECT DIAL
(213) 430-6284

Timothy L. Alger, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street
Los Angeles, CA 90017

WRITER'S E-MAIL ADDRESS
dhurwitz@omm.com

>        Re:    *Bryant v. Mattel, Inc.* **Case No. CV04-09049 SGL (RNBx)**
>               **(consolidated with CV 04-9059 & 05-2727)**

Dear Tim:

Pursuant to your letter request of June 20, 2007, enclosed are documents Bates numbered M0074372; M0075006; M0075009-10; M0075013; M0075090; M0075139-40; M0075212; M0075227; and M00755229-30 which we are returning to you pursuant to Paragraph 13 of the Stipulated Protective Order. By returning these documents, MGA does not admit or concede that any of these documents are properly subject to a claim of attorney-client privilege or work product immunity, or that Mattel has not waived any such claim. This same proviso applies to our prior return of document Bates numbered M0075233-44.

We will have to confirm at a later date that we have returned or destroyed all paper and electronic copies of these documents as we are searching our files to retrieve all copies.

In addition, following up on our meet and confer concerning the subpoena *duces tecum* on Lambda Investigations, please confirm in writing that all work performed by Lambda for Mattel on any of the topics specified in the subpoena was done at the direction of counsel.

Very truly yours,

David I. Hurwitz
for O'MELVENY & MYERS LLP

Enclosures
cc: Michael Page, Esq. (w/o enclosures)
LA2:835095.1

EXHIBIT _____ ⁊

PAGE _____ 50

**EXHIBIT  8**

1   Hon. Edward A. Infante (Ret.)
    JAMS
2   Two Embarcadero Center
    Suite 1500
3   San Francisco, California 94111
    Telephone:     (415) 774-2611
4   Facsimile:     (415) 982-5287

5

6                   UNITED STATES DISTRICT COURT

7                   CENTRAL DISTRICT OF CALIFORNIA

8                        EASTERN DIVISION

9

10                                          CASE NO. C 04-09049 SGL (RNBx)
                                            JAMS Reference No. 1100049530
11  CARTER BRYANT, an individual,

12          Plaintiff,
                                            Consolidated with
13          v.                              Case No. CV 04-09059
                                            Case No. CV 05-2727
14  MATTEL, INC., a Delaware corporation,
                                            **ORDER RE IN CAMERA REVIEW OF**
15          Defendant.                      **GLOBAL SECURITY FILES**

16

17  CONSOLIDATED WITH
    MATTEL, INC. v. BRYANT and
18  MGA ENTERTAINMENT, INC. v. MATTEL,
    INC.
19

20

21

22                        I. INTRODUCTION

23      On May 15, 2007, Mattel, Inc. ("Mattel") submitted for *in camera* review fourteen

24  documents from Mattel's Global Security files that were redacted or withheld from production on

25  the grounds of the attorney-client privilege and the work product doctrine.  Mattel also submitted

26  a privilege log and the declaration of Richard De Anda in support of its claims of privilege.

27  Having reviewed the documents, privilege log and declaration of Mr. De Anda, Mattel's claims of

28
    Bryant v. Mattel, Inc.,                                                              1
    CV-04-09049 SGL (RNBx)

                                            EXHIBIT _____8_____

                                            PAGE _____51_____

1  privilege are sustained as to privilege log entries 29, 33, 35, 51, 57, 63, 64, 65, 66, 67, 68, and 69,

2  and overruled as to privilege log entries 32 and 50..

3                              II. DISCUSSION

4  A. Claims Based Upon Work Product Doctrine

5          Although Mattel withheld the disputed documents based upon both the attorney-client

6  privilege and work product doctrine, Mr. De Anda's declaration addresses only the elements of

7  the attorney-client privilege. He does not assert that any of the fourteen documents in dispute

8  were prepared in anticipation of litigation. Decl. of Mr. De Anda at ¶7. Therefore the claims of

9  privilege based upon the work product doctrine are overruled as to all of the fourteen documents

10 in dispute.

11 B. Claims Based Upon Attorney-Client Privilege

12         Mattel claims that each of the fourteen documents at issue is protected by the attorney-

13 client privilege. The attorney-client privilege protects an attorney's communication of legal

14 advice to his client, as well as the client's communication of information to the attorney "to

15 enable him to give sound and informed advice." Upjohn Co. v. United States, 449 U.S. 383, 390

16 (1981). The protection extends only to communications; however, it does not extend to the facts

17 underlying privileged communications. Id. at 395-96. The Ninth Circuit has described the

18 elements of the attorney-client privilege as follows: "(1) When legal advice of any kind is sought

19 (2) from a professional legal adviser in his or her capacity as such, (3) the communications

20 relating to that purpose, (4) made in confidence (5) by the client, (6) are, at the client's instance,

21 permanently protected (7) from disclosure by the client or by the legal adviser (8) unless the

22 protection be waived." United States v. Martin, 278 F.3d 988, 999 (9th Cir.2002). The party

23 asserting the privilege has the burden of establishing that the privilege applies to a particular

24 document or set of documents. In re Grand Jury Investigation, 974 F.2d 1068, 1070 (9th Cir.

25 1992).

26         When a party withholds information otherwise discoverable under the Federal Rules of

27 Civil Procedure by claiming that it is privileged or subject to protection as trial preparation

28 material, "the party shall make the claim expressly and shall describe the nature of the documents,

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT _____8_____

PAGE ____52____

2

1   communications, or things not produced or disclosed in a manner that, without revealing

2   information itself privileged or protected, will enable other parties to assess the applicability of

3   the privilege or protection." Fed.R.Civ.P. 26(b)(5).

4          Mr. De Anda states in his declaration that  privilege log entries 29, 33, 35, 50, 51, 57, 63,

5   64, 65, 66, and 67 "constituted or recorded confidential communications between me and either

6   in-house counsel for Mattel or outside counsel for Mattel in which counsel conveyed to me legal

7   advice." Decl. of Mr. De Anda at ¶7.  A review of the documents confirms Mr. De Anda's

8   representations as to all of these privilege log entries, except entry 50.  Privilege log entry 50 is an

9   "investigative log," which Mattel produced in redacted form. The portion that has been redacted

10  consists of a one line entry which indicates that Mr. De Anda may have had a meeting with

11  certain individuals at Mattel, including Mattel's in-house counsel.  The one line entry does not

12  contain the substance of any communication whatsoever, much less the substance of a

13  confidential attorney-client privileged communication.  Accordingly, Mattel's claims of attorney-

14  client privilege are sustained as to privilege log entries 29, 33, 35, 51, 57, 63, 64, 65, 66, and 67,

    and overruled as to privilege log entry 50.

15         Mr. De Anda states in his declaration that the e-mail identified as privilege log entry 32

16  "was a confidential communication between Mr. Cassidy Park, a Mattel employee, and in-house

17  counsel for Mattel." Decl. of Mr. De Anda at ¶7.  Mattel produced privilege log entry 32 in

18  redacted form.  The redacted portion consists of a single line, "FYI, attached is Mercedeh's

19  resume." Mattel has failed to establish that this single line of text is a confidential attorney-client

20  communication for the purpose of giving or receiving legal advice.  Therefore, Mattel's claim of

21  privilege is overruled as to privilege log entry 32.

22         The last two documents in dispute are privilege log entries 68 and 69.  Mr. De Anda states

23  in his declaration that entries 68 and 69 "are communications from a private investigator to

24  outside counsel for Mattel relating to work that investigator performed at counsel's request."

25  Decl. of Mr. De Anda at ¶7.  There are circumstances under which communications between a

26  client's attorney and a third party who assists the attorney in rendering legal advice are protected

27  by the attorney-client privilege. See e.g. U.S. v. Kovel, 296 F.2d 918 (2nd Cir. 1961).  It appears

28



EXHIBIT _____ 8 _____

PAGE _____ 53 _____

3

1   these transmittal letters were communications made for the purpose of giving legal advice.

2   Therefore, Mattel's claims of privilege are sustained as to privilege log entries 68 and 69.

3   ## IV. CONCLUSION

4        For the reasons set forth above, Mattel's claims of work product are overruled as to all of

5   the fourteen documents in dispute.  Mattel's claims of attorney-client privilege are sustained as to

6   privilege log entries 29, 33, 35, 51, 57, 63, 64, 65, 66, 67, 68, and 69, and overruled as to

7   privilege log entries 32 and 50.  Mattel shall produce privilege log entries 32 and 50 without

8   redactions within ten 10 days.

9        Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery

10  Master, Mattel shall file this Order with the Clerk of Court forthwith.

11  Dated: July 10, 2007

12                                    HON. EDWARD A. INFANTE (Ret.)
                                      Discovery Master

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
    Bryant v. Mattel, Inc.,                                              4
    CV-04-09049 SGL (RNBx)

    EXHIBIT ___8___
    PAGE ___54___

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on July 11, 2007, I served the attached ORDER RE IN CAMERA REVIEW OF GLOBAL SECURITY FILES in the within action by e-mail addressed as follows:

| | | |
|---|---|---|
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| John E. Trinidad, Esq. | Keker & Van Nest | jtrinidad@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johnquinn@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| Dale Cendali Esq. | O'Melveny & Myers LLP | dcendali@omm.com |
| Diana Torres Esq. | O'Melveny & Myers LLP | dtorres@omm.com |
| James Jenal Esq. | O'Melveny & Myers LLP | jjenal@omm.com |
| Alicia Meyer Esq. | O'Melveny & Myers LLP | ameyer@omm.com |
| Jennifer Glad Esq. | O'Melveny & Myers LLP | jglad@omm.com |
| David Hurwitz, Esq. | O'Melveny & Myers LLP | dhurwitz@omm.com |
| Johanna Schmitt Esq. | O'Melveny & Myers LLP | jschmitt@omm.com |
| Michael C. Keats, Esq. | O'Melveny & Myers LLP | mkeats@omm.com |
| Kendall Burr, Esq. | O'Melveny & Myers LLP | kburr@omm.com |
| Melanie Bradley, Esq. | O'Melveny & Myers LLP | mbradley@omm.com |
| Patricia Glaser Esq. | Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP | pglaser@chrisglase.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on July 11, 2007, at San Francisco, California.

Sandra Chan

EXHIBIT ___8___

PAGE ___55___

**EXHIBIT  9**



# O'MELVENY & MYERS LLP

BEIJING
BRUSSELS
CENTURY CITY
HONG KONG
LONDON
NEWPORT BEACH

400 South Hope Street
Los Angeles, California 90071-2899

TELEPHONE (213) 430-6000
FACSIMILE (213) 430-6407
www.omm.com

NEW YORK
SAN FRANCISCO
SHANGHAI
SILICON VALLEY
TOKYO
WASHINGTON, D.C.

August 1, 2007

**OUR FILE NUMBER**
527436-4

## VIA FACSIMILE AND MAIL

**WRITER'S DIRECT DIAL**
(213) 430-7274

Timothy Alger, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street
Los Angeles, California 90017

**WRITER'S E-MAIL ADDRESS**
mfeinstein@omm.com

Re:   *Mattel v. Bryant -- Inadvertently Produced Documents*

Dear Tim:

I am writing to request a meet and confer regarding MGA's contemplated motion to compel Mattel to re-produce certain investigation documents that Mattel claims are privileged and further claims were inadvertently produced on February 23, 2007.

In three separate letters dated June 11, June 20, and July 18, 2007, Mattel requested that MGA return[1] the following documents pursuant to section 13 of the Stipulated Protective Order: M0074372, M0074477, M0074478, M0075006, M0075009, M0075010, M0075013, M0075090, M0075139, M0075140, M0075212, M0075227, M0075229, M0075230, and M0075233-M0075244. Mattel claims that these documents are protected by the attorney-client and/or work product privileges and were inadvertently produced.

MGA disputes Mattel's privilege claims as to each of the above documents. Even if the documents were initially privileged, MGA asserts that Mattel waived such protection. The circumstances of Mattel's production of these documents and belated recall of them shows that Mattel's production of the documents was not inadvertent and that the documents were either not privileged or the privilege was waived. Mattel produced this group of documents only after MGA had moved to compel the production of Mattel's investigative file, notwithstanding that Mattel had the right to withhold and did withhold documents based on a privilege assertion.

After the original production, Mattel agreed to remove the "Attorneys' Eyes Only" designation from these documents without objecting that the documents were privileged and making a request for their return. As to one of the documents, M0074372, Mattel failed to assert a privilege claim when that document was filed with the Discovery Master and the Court in

---

[1] In your letter of June 20, you requested that we return M0074372 because it was inadvertently not redacted, and stated that "Mattel will immediately produce a replacement copy of M0074372 that has been properly redacted."

EXHIBIT ___9___

PAGE ___56___

O'MELVENY & MYERS LLP
Timothy Alger, Esq., August 1, 2007 - Page 2

support of MGA's Motion to Compel, and failed again to object when the same document was used as an exhibit in the deposition of Alan Kaye.

MGA anticipates filing a motion to compel the production of all of these documents, including the original redacted version of M0074372. Accordingly, MGA requests a meet and confer to review each of the above documents and to discuss Mattel's basis for asserting either the attorney-client privilege, the work product privilege, or both, and to discuss issues relating to Mattel's waiver of the privilege.

We request that at the meet and confer, Mattel be prepared to address the following questions related to the proposed motion:  who was involved in the privilege review of these documents?  How were the documents produced inadvertently as Mattel contends?  Why did Mattel raise no issue with the production when documents surfaced at various points as mentioned above?  What specific events led Mattel to request that the documents be returned?

Please let us know when Mattel is available to meet and confer within the time required by the Discovery Master Stipulation.

Sincerely,

Marc Feinstein

Marc Feinstein
of O'MELVENY & MYERS LLP

cc:    David Hurwitz
       Yvonne Garcia

EXHIBIT  9
PAGE  57

**EXHIBIT 10**

12-17-2007   03:39pm   From-                    +2136877909      T-769   P.002/002   F-696

## SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

300 SOUTH GRAND AVENUE

LOS ANGELES, CALIFORNIA 90071-3144

TEL: (213) 687-5000
FAX: (213) 687-5600
www.skadden.com

DIRECT DIAL
(213) 687-5514
DIRECT FAX
(213) 621-5514
EMAIL ADDRESS
NMUMFORD@SKADDEN.COM

FIRM/AFFILIATE OFFICES
BOSTON
CHICAGO
HOUSTON
NEW YORK
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C
WILMINGTON
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

December 17, 2007

### VIA FACSIMILE

Jon D. Corey, Esq.
Quinn, Emanuel, Urquhart, Oliver & Hedges, LLP
865 South Figueroa St., 10th Floor
Los Angeles, CA 90017

RE:   _Mattel v. Bryant_

Dear Jon:

I write regarding document M 0074372 (Item No. 51 on Mattel's privilege
log), which was initially produced by Mattel on February 23, 2007 (in redacted form)
but later returned to Mattel under the "claw back" provision of the Stipulated
Protective Order so that additional redactions could be made. By letter dated June
20, 2007, Mattel promised to "immediately produce a replacement of [this
document]" after it had been "properly redacted." Without conceding that any
additional redaction would be proper, we ask that you fulfill your agreement and re-
produce this document immediately, as we are unable to locate it in our files.

Please let me know if you have any questions concerning the above.

Sincerely,

Marcus R. Mumford

cc:   Christa M. Anderson

EXHIBIT ___10___

PAGE ___58___

**EXHIBIT 11**

CONFIDENTIAL - ATTORNEYS' EYES ONLY

1          UNITED STATES DISTRICT COURT

2        CENTRAL DISTRICT OF CALIFORNIA

3             EASTERN DIVISION

4

5    ------------------------------

6    MATTEL, INC., a Delaware          )

7    Corporation,                      )

8              Plaintiff,              )

9         vs.                          ) No. CV 04-9059 NM

10   CARTER BRYANT, an individual;     )      (RNBx)

11   and DOES 1 through 10,            ) VOLUME I

12   Inclusive,                        )

13             Defendants.             )

14   ------------------------------)

15   (COMPLETE CAPTION ON NEXT PAGE.)

16

17        CONFIDENTIAL - ATTORNEYS' EYES ONLY

18

19   Videotaped deposition of RICHARD N. DE ANDA,

20   taken at 300 South Grand Street, Los Angeles,

21   California, commencing at 9:17 A.M.,

22   Wednesday, December 19, 2007, before

23   Wendy S. Schreiber, CSR No. 3558, RPR, CLR.

24

25   PAGES 1 - 332

1

EXHIBIT ___11___

PAGE ___59___

CONFIDENTIAL - ATTORNEYS' EYES ONLY

```
 1            UNITED STATES DISTRICT COURT

 2          CENTRAL DISTRICT OF CALIFORNIA

 3                 EASTERN DIVISION

 4

 5      ------------------------------

 6    MATTEL, INC., a Delaware          )

 7    Corporation,                      )

 8              Plaintiff,              )

 9              vs.                     ) No. CV 04-9059 NM

10    CARTER BRYANT, an individual;     )    (RNBx)

11    and DOES 1 through 10,            )

12    Inclusive,                        )

13              Defendants.            )

14      ------------------------------ )

15    CARTER BRYANT, on behalf of       )

16    himself, all present and          )

17    former employees of Mattel,       )

18    Inc., and the general public,     )

19              Counter-Claimants,     )

20              vs.                     )

21    MATTEL, INC., a Delaware          )

22    Corporation,                      )

23              Counter-Defendant.     )

24      ------------------------------

25                                                          2
```

EXHIBIT ___11___

PAGE ___6 0___