MGA Entertainment - Cool Jobs

DEVELOPMENT DESIGNER

FASHION POLICE LIC. COORD./ PRODUCT APPROVAL (1)

GENERAL SUPERVISOR

GRAPHIC DESIGNER

LEAD / SUPRVIOR OF PRODUCT DESIGNERS-SOFT GOODS

PRODUCT DESIGNER- SOFT GOODS (2)

PRODUCT MANAGER- Product Development

PRODUCT MANAGER-Sporting Goods

SALES ADMINISTRATOR (2)

SAMPLE MAKER SPECIALIST

SECURITY GUARD

SENIOR ERP SYSTEMS SPECIALIST

SHIPPER

SOURCING SPECIALIST

SR. BRAND MANAGER- HARDLINES/PUBLISHING

WEB PRODUCER

Site Map | About MGA | Contact Info | Cool Jobs | Privacy Policy

http://www.mgae.com/jobs/jobs.asp

6/10/2003

CONFIDENTIAL - ATTORNEYS EYES ONLY

M 0074423

EXHIBIT 14
PAGE 262

MGA Entertainment - Cool Jobs





Cool Jobs

**Join the team that is setting the pace in the industry.**

MGA Entertainment, leading the revolution in family entertainment has a number of outstanding job opportunities in a stimulating work environment that encourages creativity, perseverance, teamwork and a sense of responsibility.

MGA Entertainment develops a broad range of proprietary and licensed products by using new technologies never before applied to toys. The Company's diverse product line features interactive dolls, electronic handheld games, girl's lifestyle products and smart toys, including robots and interactive plush toys.

We offer an excellent compensation package including medical, dental, vision and 401(k) Plan, as well as bonus plans for designated positions. If you are a bright, goal-oriented, self-motivated person and enjoy a dynamic fast-paced work environment, we encourage you to e-mail your resume to hr@mgae.com Or, if you wish to fax or mail your resume, please send to: .



**MGA Entertainment**
**Attn: Human Resources**
**16730 Schoenborn Street**
**North Hills, CA 91343-6122**
**Fax – 818-894-1815**

MGA is an Equal Opportunity Employer

**Current Jobs:**

ASSOCIATE COPYWRITER

ASSOCIATE SALES MANAGER

CHARACTER ART MANAGER

CHARACTER ART SUPERVISOR

DATA ENTRY / EDI COORDINATOR

http://www.mgae.com/jobs/jobs.asp

6/10/2003

CONFIDENTIAL - ATTORNEYS EYES ONLY

M 0074424

EXHIBIT     14

PAGE          283

MGA Entertainment - Cool Jobs

DEVELOPMENT DESIGNER

FASHION POLICE LIC. COORD./ PRODUCT APPROVAL (1)

GENERAL SUPERVISOR

GRAPHIC DESIGNER

LEAD / SUPRVIOR OF PRODUCT DESIGNERS-SOFT GOODS

PRODUCT DESIGNER- SOFT GOODS (2)

PRODUCT MANAGER- Product Development

PRODUCT MANAGER-Sporting Goods

SALES ADMINISTRATOR (2)

SAMPLE MAKER SPECIALIST

SECURITY GUARD

SENIOR ERP SYSTEMS SPECIALIST

SHIPPER

SOURCING SPECIALIST

SR. BRAND MANAGER- HARDLINES/PUBLISHING

WEB PRODUCER

Site Map | About MGA | Contact Info | Cool Jobs | Privacy Policy



http://www.mgae.com/jobs/jobs.asp

6/10/2003

CONFIDENTIAL - ATTORNEYS EYES ONLY

M 0074425

EXHIBIT 14
PAGE 284

MGA Entertainment - Privacy





## Privacy Policy

### What Information is Collected on our Web Site

This policy applies to MGAE.com and Bratz.com websites. MGA Entertainment wants to give you the most exciting Internet experience possible. MGA only collects information necessary to participate in certain activities on our website, such as promotions or contests. Visitors can participate in most features on the site without providing any personally identifiable information.

MGA Entertainment may in some cases collect demographic information provided by you such as game platform, hobbies, game preferences, etc. This information is only requested on a voluntary basis. MGA Entertainment may aggregate this demographic information and disclose such information in aggregate to third parties. However, MGA Entertainment will not share any personally identifiable information about you.

Specifically, we may collect information for the following circumstances.

### E-mail

By allowing you to send e-mail to us, we are not attempting to collect any personal information about you. We will only use any personal information (such as name and e-mail address) contained in your e-mail to respond to your specific inquiry or comments in the e-mail. We do not retain your e-mail after we have responded to your specific inquiry or comments.

### Promotions

To participate in some of our promotions, you may be asked to provide an e-mail address or screen name, so that we can let you know if you won a prize. Please do not use your real name for these promotions. For other MGA entertainment promotions, we may request your name and home address in order to send you products or information by regular mail. We will only gather this information after we have received verifiable parental consent to do so.

### Bratz Fan Club

Before permitting a visitor to join the Bratz Fan Club, MGA requires that a parent provide consent by calling 1-800-222-4685. Parents can grant permission for visitors to provide information to participate at various levels including membership, marketing research, and shipping information in order for fans to receive membership materials.

### Opt-Out

If you have provided us with your contact information and do not want MGA Entertainment to

http://www.mgae.com/privacy.asp

6/10/2003

CONFIDENTIAL - ATTORNEYS EYES ONLY

M 0074426

EXHIBIT 19
PAGE 285

MGA Entertainment - Privacy

retain this information, you can notify us at any time by calling 1-800-222-4685 or send us an e-mail at customers@mgae.com and we will remove this information from our database.

**Resumes**

Some of our sites allow for the online submission of resumes in conjunction with job applications. Personal information collected by allowing for resume submission will be used solely for the purpose of accepting and evaluating candidate submissions for job postings. This information may be shared within the company.

**Cookies**

Cookies allow websites to "remember" users activities on a website as well as users visits to a site. At mgae.com, cookies are used to determine the number of unique visitors to our website over a given period. In addition, we sometimes use cookies to show us how people found the MGA site, which pages they visited and how long they stayed. This information does not include any personal information about you. We do not store any personal information into cookies nor do we link or combine information collected through cookies to any personal information that kids submit online when participating in our activities. You can of course, disable cookies on your computer by indicating this in the preferences or options menus in your browser.

**Safeguarding your personal information**

MGA Entertainment will only collect personal information to the extent deemed reasonably necessary to serve our legitimate business purposes, and we will take the appropriate steps to ensure the security and integrity of any information you provided to us.

**Update and removal of personal information**

Parents may at any time update, or delete their child's personal information from our database by calling us at 1-800-222-4685 or send and e-mail to: customers@mgae.com, or send a letter to:

**MGA Entertainment**
**Customer Service Department**
**16730 Schoenborn Street**
**North Hills, CA 91343-6122**

customers@mgae.com

Please be sure to include in your message the name of the site at which you registered and the e-mail address you used to register so that we can verify your request.

MGA Entertainment reserves the right to change this statement at any time. Any changes to this policy will be posted here on the website.

Thank You

Site Map | About MGA | Contact Info | Cool Jobs | Privacy Policy

http://www.mgae.com/privacy.asp

6/10/2003

CONFIDENTIAL - ATTORNEYS EYES ONLY

M 0074427

EXHIBIT 14
PAGE 286

MGA Entertainment - Privacy

http://www.mgae.com/privacy.asp

6/10/2003

CONFIDENTIAL - ATTORNEYS EYES ONLY

M 0074428

EXHIBIT 14
PAGE 287

Isaac Larian
Personal Telephone Numbers

Carolwood Drive
310-271-7575
310-274-5961
310-204-3950
310-343-5447
310-204-3490

16730 Schoenborn
818-789-8262

CONFIDENTIAL - ATTORNEYS EYES ONLY

M 0074429

EXHIBIT 1
PAGE 288

MGA Entertainment
Known Telephone Numbers

9/17/2004 1:07 PM

| Area | Number | Type |
|------|----------|------|
| 818 | 894-2525 | |
| 818 | 221-4340 | fax |
| 818 | 894-7525 | |
| 818 | 894-8094 | fax |
| 818 | 895-0771 | fax |
| 818 | 892-2255 | fax |
| 800 | 222-4685 | |
| 818 | 892-9060 | |
| 818 | 892-9031 | fax |

CONFIDENTIAL - ATTORNEYS EYES ONLY

M 0074430

EXHIBIT 16
PAGE 289

**EXHIBIT 15**

CONFIDENTIAL - ATTORNEYS' EYES ONLY

1        UNITED STATES DISTRICT COURT

2      CEDNTRAL DISTRICT OF CALIFORNIA

3            EASTERN DIVISION

4                                **Certified Copy**

5    ------------------------------)

6    CARTER BRYANT,                    )

7                      Plaintiff,     )

8              vs.                ) No. CV 04-9049SGL

9    MATTEL, INC., a Delaware     )       (RNBx)

10   corporation,                 )

11                    Defendant.   )

12   ------------------------------)

13   Consolidated with MATTEL, INC. )

14   v. BRYANT and MGA            )

15   ENTERTAINMENT, INC. V. MATTEL, )

16   INC.                          )

17   ------------------------------)

18       CONFIDENTIAL - ATTORNEYS EYES ONLY

19

20     Videotaped Deposition of ROBERT SIMONEAU,

21     at 300 South Grand Avenue, Suite 3200,

22     Los Angeles, California, commencing at

23     9:25 A.M., Monday, January 28, 2008,

24     before Judith Schlussel, CSR No. 4307.

25   PAGES 1 - 261

1

CONFIDENTIAL - ATTORNEYS' EYES ONLY

```
 1   APPEARANCES OF COUNSEL:

 2

 3        FOR THE PLAINTIFF:

 4

 5             KEKER & VAN NEST

 6             BY: MICHAEL H. PAGE, ESQ.

 7             710 Sansome Street

 8             San Francisco, California 94111-1704

 9             415 391-5400

10

11        FOR THE WITNESS:

12

13             QUINN EMANUEL URQUHART OLIVER &

14             HEDGES, LLP

15             BY:  JOHN S. GORDON, ESQ.

16             865 S. Figueroa Street

17             10th Floor

18             Los Angeles, California 90017

19             213 443-3000

20

21

22

23

24

25
                                                    2
```



EXHIBIT ___15___
        291

CONFIDENTIAL - ATTORNEYS' EYES ONLY

1      Q.   -- you last saw it?

2      A.   If somebody said I didn't see it, I

3   couldn't argue that one either.  I have no

4   independent recollection of dealing with that file,

5   the original file, at a particular period of time.          11:45:05

6   It would have the dates in it when I dealt with it.

7      Q.   You say the original file.  Are there

8   others?

9      A.   I don't know.  I don't know how many

10  copies -- it's not in my control.  I don't know if          11:45:24

11  there were copies made, if copies -- I don't know.

12  All I know is the files that I described for you,

13  that we opened a file folder, put a face page in it

14  and a log, the documents that I wrote on; beyond

15  that, I don't know what the distribution of it was.          11:45:42

16  I didn't distribute the file to anyone.

17     Q.   You would have kept the original?

18     A.   No.  It would have been in the file cabinet

19  in the security office at Mattel.

20     Q.   And it would have been kept under your           11:45:52

21  supervision or someone else's supervision?

22     A.   It would have been in my office, but it's

23  an unlocked cabinet.

24     Q.   It's a locked cabinet or unlocked?  I'm

25  sorry.                                                      11:46:01

                                                                     97

EXHIBIT ___15___

PAGE ___292___

CONFIDENTIAL - ATTORNEYS' EYES ONLY

1    A.    It would have been in my office, or if I

2    was working on it, it would have been in my office.

3    The other possible place it could have been would be

4    in Rich DeAnda's office if he had the file.  I can

5    tell you if I had it, it would have been under my      11:46:16

6    control during the period of time that I had, was

7    working on it.

8    Q.    Were there any other files that you recall

9    that you opened up on either MGA or Isaac Larian?

10    A.    I don't recall any, sir.                         11:46:34

11    Q.    Could have been more?

12    A.    Yeah, there may have been.  I just don't

13    know.  I don't have any recollection of it.

14    Q.    When you talk about the original file, are

15    you distinguishing the original file as between that   11:46:50

16    and copies or are you talking, are you making a

17    distinction between the original file and other

18    files that your office may have opened --

19    A.    I was referring to that and copies.  I

20    don't know if there are copies or not.  I know I       11:47:04

21    didn't make copies of it.

22    Q.    When was the last time you saw a copy of

23    that file?

24         MR. GORDON:  I would instruct not to

25    disclose any information that reveals any documents    11:47:17

                                                             98

EXHIBIT _15_

PAGE _293_

CONFIDENTIAL - ATTORNEYS' EYES ONLY

```
 1   you and I reviewed while I was your attorney.
 2          THE WITNESS:  I take the advice of my
 3   counsel.
 4     Q.  BY MR. MUMFORD:  When did you last see the
 5   file?                                          11:47:33
 6     A.  As I mentioned, the last time I saw the
 7   file that I had created was sometime when I worked
 8   at Mattel.  And I don't recall when.  My guess is it
 9   was years before I retired, but I don't know.
10     Q.  Did seeing that file refresh your          11:47:53
11   recollection as to what was contained therein?
12     A.  No, sir, it didn't.
13     Q.  In this file that you opened in
14   approximately 2001, 2002, as you say, you were
15   investigating whether MGA and Isaac Larian were    11:48:21
16   hiring Mattel employees?
17     A.  You know, I'd have to see my notes again to
18   see what the genesis of that investigation was.
19     Q.  As you are sitting here, you don't recall
20   it?                                               11:48:44
21     A.  I don't recall the genesis of the
22   investigation.  No, sir, I don't.
23     Q.  Can you dispute that it was to investigate
24   MGA and Isaac Larian hiring Mattel employees?
25     A.  I can't discuss that.  I don't know.        11:48:57
                                                          99
```

CONFIDENTIAL - ATTORNEYS' EYES ONLY

1    Q.   So you can't dispute that?

2         MR. GORDON:  Objection; asked and answered.

3         THE WITNESS:  I've told you I don't know,

4    you know.

5    Q.   BY MR. MUMFORD:  Yes or no, you can't          11:49:11

6    dispute it?

7    A.   I don't know what the genesis of the

8    investigation was.  And I don't know the flow of it,

9    of my part of it in there, so I'd have to take a

10   look at that report to see what I did in that        11:49:23

11   investigation.

12   Q.   You don't recall if you were investigating

13   whether MGA and Isaac Larian hired Mattel employees

14   to help them come up with Bratz?

15   A.   I don't recall independently, no, sir.          11:49:39

16   Q.   Marking as Exhibit 6301 -- let's keep this

17   one.  Showing you a document that's been, that was

18   previously marked at the deposition of Richard

19   DeAnda as Exhibit 1195.

20        Mr. Simoneau, do you recognize it?              11:50:18

21   A.   Do I recognize what?

22   Q.   The cover page?  This document.  I'm

23   showing you that was previously marked in the

24   deposition of Richard DeAnda as Exhibit No. 1195.

25   A.   No, sir, I don't.                                11:50:36
                                                            100

EXHIBIT 15
PAGE 295

CONFIDENTIAL - ATTORNEYS' EYES ONLY

1      Q.   It's Bates numbered M 0074307 to M 0074396.

2   You don't recognize this document?

3      A.   The deposition of DeAnda, is that what you

4   said?

5      Q.   The document had been previously marked at    11:51:05

6   the deposition of DeAnda.

7      A.   I'm sorry.  I have thought you said this

8   was the deposition of DeAnda and it didn't look like

9   a deposition to me.  I heard you say deposition of

10  DeAnda.                                              11:51:18

11     Q.   It's a document I'm asking you if you

12  recognize.  Do you recognize the document?  Please

13  review it.

14     A.   The front page appears to be consistent

15  with what I would have made as the filed folder for   11:51:30

16  a case.  It would be the 115th case in the year '02.

17     Q.   Please review it.  I'm asking you if you

18  recognize it.  Okay?

19     A.   I'm sorry.  I thought I heard you say it

20  was a transcript of his deposition.                   11:51:59

21          Okay, sir.

22          MR. GORDON:  Before you ask a question, I

23  want to confirm that there wasn't a clawback on a

24  particular page and that you're using the most

25  recent page.  74372, are you certain that there is    11:55:23

                                                             101

EXHIBIT  15

PAGE  296

CONFIDENTIAL - ATTORNEYS' EYES ONLY

1    not supposed to be a redacted stamp for the 7-22-03

2    entry?

3              MR. MUMFORD:  I've had previous

4    correspondence with your firm and I haven't heard

5    otherwise.                                           11:55:43

6              MR. GORDON:  For the record, I'm just going

7    to object to any inquiry about that particular entry

8    because I believe I have seen a page that had that

9    entry redacted, because I didn't know what this

10   entry said until you just showed it to me.           11:56:00

11             MR. MUMFORD:  What entry in particular are

12   you talking about?

13             MR. GORDON:  Page 74372, the entry at

14   7-22-03, I'm just telling you the page I've seen had

15   a redacted stamp there, so this is the first time     11:56:13

16   I've even seen what the entry is and I'm just

17   preserving for the record that you may have -- I may

18   have the wrong copy and you may have the right one,

19   but I don't know.  So I'm just saying I'm

20   preserving --                                         11:56:27

21             MR. PAGE:  I can probably help.  I believe

22   that the upshot of this was that this was partially

23   redacted, further redacted to -- we'd have to go off

24   the record for me to tell you which words were

25   redacted.                                             11:56:46
                                                              102

EXHIBIT __15__

PAGE __297a__

CONFIDENTIAL - ATTORNEYS' EYES ONLY

1          MR. GORDON:  I'm just preserving for the

2    record --

3          MR. PAGE:  The portion of this entry that

4    reflected that there was communication with

5    counsel --                                        11:56:54

6          MR. GORDON:  Right.

7          MR. PAGE:  -- was for the redacted, but not

8    the portion of this entry that records the action

9    performed by the investigator.

10          MR. GORDON:  I'm -- that's consistent with    11:57:05

11   what I'm doing.  I'm preserving for the record that

12   the 7-22-03 entry which is, I think, what Michael

13   was just referring to was redacted on the only copy

14   of this I've ever seen before so I'm just preserving

15   my objection privilege and I'll instruct him not to   11:57:21

16   answer any inquiry related to that, and I'll just

17   say for the record, I believe you may have the, not

18   the most recently redacted version, and that's what

19   you're using and you should be using for a redacted

20   version.                                          11:57:37

21          MR. PAGE:  If you want to go off the

22   record, I can tell you exactly what the state of the

23   redacted one was so you know what he can ask.

24          MR. MUMFORD:  Let me ask you this, John, do

25   you want to make a further redaction right now?    11:57:46

                                                       103

EXHIBIT 15

PAGE 297b

CONFIDENTIAL - ATTORNEYS' EYES ONLY

1     MR. GORDON:  I don't know.  It would take

2     me a little while to figure out whether I'm right or

3     you're right.

4          MR. MUMFORD:  I can tell you what the state

5     of things as I understand them.  I understand this        11:57:55

6     document was clawed back and your firm promised to

7     provide an updated copy.  I sent correspondence to

8     your firm in December to confirm that we had

9     received in fact the updated copy.  I didn't hear

10    any response to that.  I can tell you this document      11:58:13

11    was introduced at the DeAnda, and there was no

12    objection from your side.  So I just assume that it

13    was the appropriate document.  It was certainly not

14    intentional --

15         MR. GORDON:  I'm not suggesting that it is.        11:58:29

16    I'm the newcomer to the scene here and I'm just

17    going to preserve for the record that on behalf of

18    Mattel, at least until I get to a break and I can

19    find out whether in fact you're right or I'm

20    right --                                                 11:58:43

21         MR. MUMFORD:  Let's take a break.  Let's go

22    off the record.

23         THE VIDEOGRAPHER:  We're going off the

24    record at approximately 11:58 A.M.

25         (Discussion off the record.)

                                                              104

EXHIBIT 15

PAGE 297c

CONFIDENTIAL - ATTORNEYS' EYES ONLY

1              (The luncheon recess was taken

2       at 11:58 A.M.)

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

105

EXHIBIT 15

PAGE 297d

CONFIDENTIAL - ATTORNEYS' EYES ONLY

```
 1      APPEARANCES OF COUNSEL:
 2              (P.M. SESSION)
 3
 4          MARCUS R. MUMFORD, ESQ.
 5          JOHN S. GORDON, ESQ.
 6          MICHAEL H. PAGE, ESQ.
 7
 8
 9   ALSO PRESENT:
10
11          MICHAEL MOORE, ESQ.
12          SOSEH KEVORKIAN, VIDEOGRAPHER
13
14
15
16
17
18      REPORTED BY:
19
20          JUDITH SCHLUSSEL, CSR No. 4307
21
22
23
24
25
                                          106
```

CONFIDENTIAL - ATTORNEYS' EYES ONLY

```
 1          (The deposition of ROBERT SIMONEAU was

 2     reconvened at 1:17 P.M.)

 3

 4                  ROBERT SIMONEAU,

 5     the witness, having been previously administered an

 6     oath in accordance with CCP Section 2094, testified

 7     further as follows:

 8

 9             EXAMINATION (CONTINUING)

10                                                01:17:18

11          THE VIDEOGRAPHER:  We're going back on the

12     record at approximately 1:17 P.M.

13     BY MR. MUMFORD:

14          Q.   Prior to our break, there was an issue that

15     counsel for Mr. Simoneau raised with respect to the   01:17:35

16     document that's been marked as DeAnda Exhibit 1195.

17     John, you want to state --

18          MR. GORDON:  I want to state for the

19     record, we object to the use of the entry for

20     7-22-03 based on attorney-client privilege and work   01:17:58

21     product, and it's my understanding that this version

22     of the page was clawed back and that subsequently a

23     redacted version deleting the entry for 7-22-03

24     under the name DeAnda was prepared.  I assume it was

25     provided to you, but I guess that's a little bit      01:18:21
                                                                   107
```

EXHIBIT ___15___

PAGE ___2978___

CONFIDENTIAL - ATTORNEYS' EYES ONLY

1   unclear whether it was.  I have a redacted version.

2   If you want to use that, you can copy it and give me

3   back a copy or you can proceed however you'd like.

4           MR. PAGE:  For the purposes of deposition,

5   can I suggest that we make a copy and I would have          01:18:37

6   no objection if you substitute it in as the exhibit.

7           MR. GORDON:  We can make it an A exhibit.

8           MR. MUMFORD:  Yeah.  It would have to be --

9   I mean why don't we do it this way, Mike.  Because

10  this has already been marked and already introduced        01:18:53

11  at DeAnda's deposition, so I would object to sort of

12  inserting a page into this and I want the testimony

13  to be consistent with respect to this one document.

14  But the entry that you're talking about, John, is

15  the entry on M 0074372, correct?                           01:19:12

16          MR. GORDON:  Correct.

17          MR. MUMFORD:  The redaction that you

18  contemplate is the line, everything after 7-22-03

19  Tuesday?

20          MR. GORDON:  T-U-E, right.                          01:19:29

21          MR. MUMFORD:  T-U-E?

22          MR. GORDON:  Through the word DeAnda.

23          MR. MUMFORD:  Through the word DeAnda.

24          MR. GORDON:  Not the last one, not the last

25  entry because that's not redacted on the page I've         01:19:37
                                                                    108

EXHIBIT ___15___

PAGE ___297g___

CONFIDENTIAL - ATTORNEYS' EYES ONLY

1   been given as what apparently was prepared as the

2   redacted clawed back subsequently-redacted version.

3          MR. MUMFORD:  And again, just for the

4   record, I can tell you that I sent a letter to

5   Mr. Alger from your firm in December trying to get          01:19:52

6   him to address this issue for me.  He never

7   responded to that letter, and again, we introduced

8   this exhibit and -- at the deposition of Richard

9   DeAnda, and questioned him extensively on this page

10  in particular -- and there was no objection that was        01:20:13

11  asserted at that time either by the person

12  representing Mr. DeAnda or Mattel's company counsel,

13  who was Ms. Jill Thomas, who was sitting there in

14  the room at the time.

15         Just to be sure of what you're talking          01:20:34

16  about here, you're talking about the horizontal line

17  that accompanies the entry at 7-22-03.

18         MR. GORDON:  Yes, two lines that ends with

19  the word DeAnda.

20         MR. MUMFORD:  Okay.  We, of course, reserve     01:20:48

21  all rights with respect to this redaction, but we

22  think it's probably much more appropriate that we

23  deal with it after this deposition is over.

24         MR. GORDON:  That's fine.  Do you want to

25  make a copy of the doubly-redacted page?              01:21:05
                                                          109

EXHIBIT _____ 15 _____

PAGE _____ 297 h _____

CONFIDENTIAL - ATTORNEYS' EYES ONLY

```
 1          MR. MUMFORD:  No.  No.  I would not.

 2    Because, again, that hasn't been provided to us and

 3    we've been using this version.

 4          MR. GORDON:  I wasn't suggesting

 5    replacement.  I was just suggesting, so there is in      01:21:23

 6    the record what it is the page looks like that I

 7    think is the current appropriate page.  But all that

 8    being said, just proceed if you would.

 9          MR. MUMFORD:  We can resolve that after the

10    fact.  Thank you.                                        01:21:38

11       Q.  BY MR. MUMFORD:  Mr. Simoneau, good

12    afternoon.

13       A.  Good afternoon, sir.

14       Q.  Turning your attention back to the document

15    that's been marked as Exhibit 1195, do you recognize     01:21:50

16    it?

17       A.  The entire document or are you speaking of

18    this whole packet of paper?

19       Q.  Yeah.

20       A.  I recognize portions of it.                       01:22:04

21       Q.  Is it a file from your department at

22    Mattel?

23       A.  Portions of it appear to be a file that I

24    recognize.

25       Q.  Are you saying this is, this is not an            01:22:18
                                                               110
```

EXHIBIT __15__

PAGE __297i__