EXHIBIT 1

Received: 2/ 7/05 8:08
FEB-07-2005 18:06 FROM:LITTLER MENDELSON   310 553 5583   310 553 5583 -> JetFax 920; Page 2
TO:12136240643   P.2

ROBERT F. MILLMAN, Bar No. CA 062152
DOUGLAS A. WICKHAM, Bar No. CA 127268
KEITH A. JACOBY, Bar No. 150233
LITTLER MENDELSON
A Professional Corporation
2049 Century Park East, 5th Floor
Los Angeles, CA 90067.3107
Telephone:  310.553.0308
Facsimile:  310.553.5583

Attorneys for Defendant and Cross-Claimant
CARTER BRYANT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTEL, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>CARTER BRYANT, an individual; and DOES 1 through 10, inclusive,<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIMS. | Case No. CV 04-9059 NM (RNBx)<br><br>**DISCOVERY MATTER**<br><br>**JOINT STIPULATION OF ISSUES IN DISPUTE REGARDING DEFENDANT AND CROSS-CLAIMANT CARTER BRYANT'S MOTION TO COMPEL FURTHER DEPOSITION TESTIMONY FROM ANNE DRISKILL AND ALAN KAYE AND FOR THE APPOINTMENT OF A DISCOVERY SPECIAL MASTER**<br><br>[Local Rule 37-2]<br><br>Judge:  Hon. Nora M. Manella<br>Magistrate Judge: Hon. Robert N. Block<br><br>Discovery Cut-Off: TBD<br>Pre-Trial Conference: TBD<br>Trial Date: TBD |

EXHIBIT  1
PAGE  4

Case No. CV 04-9059 NM (RNBx)

Received: 2/7/05 6:08   310 553 5583 -> JetFax 920; Page 3
FEB-07-2005 18:06 FROM:LITTLER MENDELSON   310 553 5583   TO:12136240643   P.3

1  Defendant and Cross-Claimant Carter Bryant ("Bryant") hereby submits the
2  following Joint Stipulation of Issues In Dispute ("Joint Stipulation") regarding his
3  Motion to Compel Further Deposition Testimony from Plaintiff and Counter-
4  Defendant Mattel, Inc.'s ("Mattel") executives, Ann Driskill ("Driskill") and Alan
5  Kaye ("Kaye"), and for the Appointment of a Discovery Special Master, in
6  accordance with Rules 37 and 53 of the Federal Rules of Civil Procedure and Local
7  Rules 37-2 and 53-1.

I.

## BRYANT'S INTRODUCTORY STATEMENT

10  While it is unfortunate that the Court must be burdened with yet another
11  discovery dispute in this case, Mattel's repeated misconduct, obstruction of proper
12  discovery, and its refusals to meet and confer in good faith have necessitated the
13  instant motion. With this motion, Bryant seeks an order from this Court directing
14  Mattel witnesses to respond to proper, probative questions that were posed to them
15  during their depositions, which were improperly objected to and instructed upon by
16  Mattel's lawyers. In addition, however, to stem the tide of Mattel's stonewalling
17  discovery tactics in this case, Bryant also seeks the appointment of a Discovery
18  Special Master to monitor and oversee the discovery process, including attendance at
19  all depositions, for the remainder of this litigation.

20  Presently at issue are the depositions of Ann Driskill and Allan Kaye, both of
21  whom are Mattel employees with substantial knowledge of the issues in dispute in this
22  case. See Declaration of Keith A. Jacoby ("Jacoby Decl.") submitted concurrently
23  herewith, ¶ . Driskill has been employed by Mattel for more than 11 years, admits
24  that, as a supervisor, she is responsible for administering Mattel's employment
25  policies. (Jacoby Decl., ¶ ). Driskill also directly supervised Bryant from January
26  1999 to October 2000. (Jacoby Decl., ¶ ). Driskill is also an experienced toy
27  designer, with over a decade of Mattel product knowledge and a professional eye for
28  artistic detail that such experience engenders. (Jacoby Decl., ¶ ).

LITTLER MENDELSON

1.   CASE NO. 04-9059 NM (RNBx)

Kaye is Mattel's Vice-President of Human Resources, with 28 years of experience in the field of human resources, nine of those years spent at Mattel. (Jacoby Decl., ¶ ). Kaye's deposition testimony suggests he has intimate knowledge of Mattel's employment agreement and policies, all of which emanate directly from his department. (Jacoby Decl., ¶ ). Kaye testified that he has over 10 years of training and experience in conducting internal investigations of alleged employee misconduct and related personnel issues. (Jacoby Decl., ¶ ). Based on his experience and training, he is familiar with the steps that should be taken to document employee investigations and other personnel issues, including obtaining and recovering any witness statements, e-mails, notes, correspondence, or other documentation.[1] (Jacoby Decl., ¶ ).

Despite the fact that these two Mattel witnesses have direct, relevant and critical information to which Bryant is absolutely entitled, Mattel flagrantly halted the deposition testimony of both witnesses at every turn when their testimony appeared to be potentially damaging to Mattel. (Jacoby Decl., ¶ ). Rather than permit Bryant to properly discover such critical information, Mattel's counsel steered the witnesses (and itself) clear from danger, by injecting verbal roadblocks throughout their depositions, including fragrantly coaching its witnesses, instructing the witnesses not to answer valid questions, lengthy speaking objections and ongoing verbal histrionics. (Jacoby Decl., ¶ ).

Most troubling of all, however, is the fact that Mattel's conduct at these depositions seems to be part of a larger systematic cover up effort including hiding the ball, repeated stall and delay tactics, withholding relevant evidence, allowing evidence, including e-mails and other electronic documentation, to be destroyed, despite Bryant's requests that it be preserved, and now, at the Kaye and Driskill

---

[1] In fact, during his tenure at Mattel, Kaye has personally requested e-mails and other documentation associated with investigations of suspected employee misconduct, and has dealt with situations in which he was unable to retrieve certain e-mails and other documents that were not retained. (Jacoby Decl., ¶___)

Received: 2/ 7/05 6:09       310 553 5583 -> JetFax 920; Page 5
FEB-07-2005 18:07 FROM:LITTLER MENDELSON   310 553 5583      TO:12136240643       P.5/31

1  depositions, deliberating hiding evidence that may be harmful to its case, even though
2  Bryant is absolutely entitled to discover it. (Jacoby Decl., ¶ ). These ongoing
3  egregious tactics have unnecessarily burdened this Court, corrupted the record,
4  needlessly prolonged the depositions, and constituted a clear abuse of the discovery
5  process.
6      *This abuse must end.* Accordingly, Bryant, by this joint stipulation and motion,
7  Bryant seeks to compel Driskill and Kaye to respond to questions that Mattel's
8  attorneys impermissibly instructed them not to answer, and to appoint a Discovery
9  Special Master to supervise the taking of all future depositions and related discovery
10 issues that may arise. Finally, Bryant seeks sanctions against Mattel and/or its counsel
11 in the amount of $_____ for its reasonable costs and fees incurred by having
12 no choice but to bring this motion. (Jacoby Decl., ¶ ).

## II.
## MATTEL'S INTRODUCTORY STATEMENT

TBA

## III.
## BRYANT'S STATEMENT OF FACTS

**A. The Thwarted Kaye And Driskill Depositions And Underlying Discovery Disputes.**

Mattel's core contention in this lawsuit against Bryant is that in conceiving "Bratz," Bryant "converted" or copied Mattel intellectual property. Case critical issues also revolve around Mattel's form "Confidential Information and Inventions Agreement" ("Agreement") and form "Conflict of Interest Questionnaire" ("Questionnaire"). Mattel forced Bryant, and apparently all of its employees, to sign these forms or variations of them. (Jacoby Decl., ¶ ). For its part, Mattel contends that Bryant breached these agreements by going to work for MGA Entertainment, Inc. (Jacoby Decl., ¶ ). On the other hand, Bryant contends he did no such thing and,

Received: 2/ 7/05  6:09   310 553 5583 -> JetFax 920; Page 6
FEB-07-2005 18:07 FROM:LITTLER MENDELSON   310 553 5583   TO:12136240643   P.6/31

1  further, that Mattel' agreements are unenforceable contracts of adhesion,
2  unconscionable and violate California law. (Jacoby Decl., ¶  ). The method and
3  manner in which Mattel negotiates, interprets, enforces and applies the terms of the
4  aforementioned contracts is clearly discoverable, and Driskill and Kaye were uniquely
5  positioned to offer testimony on these subjects. (Jacoby Decl., ¶  ).

6       Another crucial issue in this matter is Bryant's contention that Mattel is not only
7  depriving Bryant of relevant evidence to which he is entitled, but that Mattel is
8  deliberately allowing such evidence, including e-mails and other electronic
9  documentation, to be destroyed. (Jacoby Decl., ¶  ). In particular, Bryant contends
10 that Mattel has deliberately failed to produce, in response to several document
11 requests, a host of relevant electronic evidence, including e-mails from Bryant during
12 his tenure at Mattel,[2] and e-mails concerning Bryant during Mattel's investigation into
13 Bryant's alleged wrongdoing in August of 2002. (Jacoby Decl., ¶  ). Indeed, the
14 gravity of Mattel's suspicions against Bryant were so serious that it not only garnered
15 the attention of Mattel's Chief Executive Officer ("CEO"), Robert Eckert, but it
16 prompted Mr. Eckert to personally direct Kaye, a senior executive at Mattel, to
17 investigate the allegations of suspected misconduct by Bryant in August of 2002.
18 (Jacoby Decl., ¶  ).

19      Notwithstanding the severity of its allegations, the involvement of high level
20 Mattel executives, and a presumably thorough internal investigation, Mattel now
21 claims that it cannot produce a host of e-mails and other electronic documentation
22 concerning Bryant and Mattel's investigation into his alleged wrongdoing because
23 such e-mails purportedly do not exist and/or the e-mails were destroyed through

---

[2] While Mattel has apparently managed to retrieve scores of emails *to* addressees including Bryant, Mattel has failed to produce any email *from* Bryant, which are obviously more germane, and called for by many of Bryant's requests for production of documents in this case. (Jacoby Decl., ¶ __) Additionally, Bryant provided Mattel with a list of 24 people with whom he had regular email contact. However, no emails or communications with any of these people have been produced. (Jacoby Decl., ¶ __)

4

CASE NO. '04-9059 NM (RNBx)

EXHIBIT 1
PAGE 8

**B. Bryant's Repeated Efforts To Meet And Confer Regarding The Kaye And Driskill Depositions.**

Bryant attempted, in vain, to meet and confer with Mattel and resolve these issues on at least *five separate occasions* over a six-week period. (Jacoby Decl., ¶ ). First, Bryant's counsel sent a letter on December 17, 2004, requesting to meet and confer with Mattel's counsel and setting forth the relevant law prohibiting Mattel's improper behavior and instructions not to answer. (Jacoby Decl., ¶ ). Mattel ignored the letter. (Jacoby Decl., ¶ ).

On January 14, 2005, counsel for Bryant and counsel for Mattel met and conferred in person before a certified court reporter to discuss, at length, the specific grounds for Bryant's need to re-open the depositions of Driskill and Kaye, and appoint a Discovery Special Master due to Mattel's conduct during those depositions. (Jacoby Decl., ¶ ). At that meeting, counsel for Mattel promised to respond to Bryant's proposal for stipulating to a discovery master by January 21, 2005. Yet, once again, no further response was received. (Jacoby Decl., ¶ ).

Then, on January 18, 2005, Bryant's counsel sent yet another letter to Mattel's counsel setting forth, in detail, the specific grounds, relevant authorities, and citations to the record of the objectionable conduct with respect to an anticipated motion to compel responses from Driskill and Kaye, and for a Discovery Special Master, again to no avail. (Jacoby Decl., ¶ ).

On January 21, 2005, still Bryant, having received no response from Mattel's counsel, sent another letter reminding Mattel of its promise to respond to Bryant's proposals that day as promised. Once again, Mattel's lawyers failed to offer any response whatsoever. (Jacoby Decl., ¶ ). However, on January 24, 2005, Mattel's counsel finally sent a letter to Bryant in which it rejected outright the proposal for a Discovery Special Master, without providing any authorities in support of its position.[4] (Jacoby Decl., ¶ ). In the letter, Mattel's counsel acknowledged that

---

[4] In Mattel's letter, counsel for Mattel ignored Bryant's two previous letters setting forth, in

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107

EXHIBIT ____1____
PAGE ____9____

CASE NO. 04-9059 NM (RNBx)

1  Mattel had not responded at all to the issue of re-opening the Driskill/ Kaye
2  depositions, but indicated that it would do so. (Jacoby Decl., ¶ ). Predictably,
3  because Mattel failed once again to respond, on January 31, 2005, Bryant sent a final
4  meet and confer letter to Mattel reiterating its position on these issues. (Jacoby Decl.,
5  ¶ ).
6      On February 2, 2005, Mattel finally responded to the issue of the Driskill/ Kaye
7  depositions, in which it flatly rejected Bryant's repeated requests to re-open the
8  depositions, without providing any legitimate grounds or supporting authority for its
9  position.[5] (Jacoby Decl., ¶ ). Mattel also refused to stipulate to a Discovery Special
10 Master and again confirmed its previous refusals to re-open the Driskill and Kaye
11 depositions. (Jacoby Decl., ¶ ).
12     Unfortunately, despite its repeated efforts to resolve these pressing issues
13 informally and to avoid burdening this court with a discovery motion, Bryant was left
14 with no choice but to seek an Order compelling the further testimony of Driskill and
15 Kaye and for an Order appointing a Discovery Special Master to oversee all future
16 depositions and other discovery issues that may arise during the course of this
17 litigation. Bryant respectfully requests this court grant his Motion in order to curb
18 Mattel's ongoing improper conduct tactics and to prevent further needless discovery
19 motions. Additionally, Mattel should also be ordered to pay sanctions, including
20 Bryant's attorneys' fees incurred in making this motion in the amount of
21 _____, pursuant to Federal Rule of Civil Procedure 37 (a)(4)(A) and 28
22 U.S.C. § 1927.

---

detail, the relevant authorities relating to Mattel's improper instructions not to answer, and the grounds for his motion to compel deposition responses and for a discovery master. (Jacoby Decl., ¶ __)
[5] Indeed, despite the fact that Bryant sent *four* letters on the subject of the Driskill/ Kaye depositions, including two which set forth in detail his position, the relevant authorities, exemplars of the objectionable conduct at issue, and the relevant citations to the record, Mattel's letter incredulously states that it will not produce the witnesses for deposition because they need further authority on the issue. (Jacoby Decl., ¶ __).

7

CASE NO. 04-9059 NM (RNBx)

EXHIBIT 1

PAGE 10