Received:   2/ 7/05  6:17PM   310 553 5583 -> JetFax  O;  Page 28
FEB-07-2005 18:15 FROM:LITTLER MENDELSON   310 553 5583   TO:12136240643   P.28/31

1  of Civil Procedure 37(a)(4)(A) mandates that when a motion such as this is granted:

2      the court *shall*, after affording the opportunity to be heard,
       require the party or deponent whose conduct necessitated the
3      motion or the party or attorney advising such conduct or
       both of them to pay to the moving party *the reasonable*
4      *expenses incurred in making the motion, including*
       *attorney's fees*, unless the court finds that the motion was
5      filed without the movant's first making a good faith effort to
       obtain the disclosure or discovery without court action, or
6      that the opposing party's nondisclosure, response, or
       objection was substantially justified, or that other
7      circumstances make an award of expenses unjust.

8  Fed. R. Civ. P. 37 (a)(4)(A); see also Shapiro, 1997 WL 601430 at *1 (awarding

9  sanctions for improper conduct); Van Pilsum, 152 F.R.D. at 180-181 (same). Bryant

10  has incurred attorneys' fees and costs in the amount of $____. (Jacoby Decl., ¶  ). In

11  addition, the reporter's fees for the Driskill and Kaye depositions, totaling $____,

12  should be assessed against Mattel. (Jacoby Decl., ¶  ).

13      Mattel's attorneys should also be personally sanctioned for their unprofessional

14  conduct. Section 1927 of Title 28 of the Unites States Code provides that "[a]ny

15  attorney ... who so multiplies the proceedings in any case unreasonably and

16  vexatiously may be required by the court to satisfy personally the excess costs,

17  expenses, and attorneys' fees reasonably incurred because of such conduct."  28

18  U.S.C. § 1927. "Sanctions under § 1927 are appropriate "for conduct that, viewed

19  objectively, manifests either intentional or reckless disregard for the attorney's duties

20  to the court." Braley v. Campbell, 832 F.2d 1504, 1512 (10th Cir. 1987). Instructing a

21  witness not to answer questions at a deposition on the basis of relevance, and

22  objecting on work product grounds to questions that clearly did not call for work

23  product material, has been found to be conduct that "viewed objectively, manifested

24  intentional or reckless disregard of the attorney's duties to the court" and warrants

25  sanctions against the attorney under Section 1927. Resolution Trust Corp., 73 F.3d at

26  266. In addition to this, Mattel's attorneys failed to meet and confer on this, as Local

27  Rule 37 requires, despite Bryant's repeated efforts to resolve the issues raised herein.

28  (Jacoby Decl., ¶  ). There is no excuse for this behavior, and it should not be

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107

27.   EXHIBIT _____/_____   CASE NO. 04-9059 NM (RNBx)

PAGE ____30____

Received:    2/ 7/05   6:16PM       310 553 5583 -> JetFax    20;   Page 29

FEB-07-2005 18:15 FROM:LITTLER MENDELSON    310 553 5583        TO:12136240643        P.29/31

1  tolerated.

2
   Dated: February   , 2005                 Respectfully submitted,
3
                                            ROBERT F. MILLMAN
4                                           DOUGLAS A. WICKHAM
                                            KEITH A. JACOBY
5

6

7                                           KEITH A. JACOBY
                                            LITTLER MENDELSON
8                                           A Professional Corporation
                                            Attorneys for Defendant and Cross-
9                                           Claimant CARTER BRYANT

10 Dated: February   , 2005                 Respectfully submitted,

11                                          JOHN B. QUINN
                                            MICHAEL T. ZELLER
12                                          JOHN COREY

13

14

15                                          QUINN EMMANUEL URQUHART
                                            OLIVER & HEDGES, LLP
16                                          Attorneys for Plaintiff and Cross-
                                            Defendant MATTEL, INC.

17

18

19

20

21

22

23

24

25                                          EXHIBIT _____1_____

26

27                                          PAGE _____31_____

28

LITTLER MENDELSON
A Professional Corporation
7055 Dudley Park Lane
12th Floor

Received:   2/ 7/05  6:18PM       310 553 5583 -> JetFax #20;  Page 30
FEB-07-2005 18:15 FROM:LITTLER MENDELSON    310 553 5583    To:12136240643      P.30/31

## PROOF OF SERVICE BY FACSIMILE

1  
2   I am a resident of the State of California, over the age of eighteen years,
3  and not a party to the within action. My business address is 2049 Century Park East,
4  5th Floor, Los Angeles, California  90067.3107. On February 7, 2005, I served the
5  within document(s):

6  **DISCOVERY MATTER**

7  **JOINT STIPULATION OF ISSUES IN DISPUTE REGARDING
8  DEFENDANT AND CROSS-CLAIMANT CARTER BRYANT'S
   MOTION TO COMPEL FURTHER DEPOSITION TESTIMONY
9  FROM ANNE DRISKILL AND ALAN KAYE AND FOR THE
   APPOINTMENT OF A DISCOVERY SPECIAL MASTER**

10  X   by facsimile transmission on February 7, 2005. This document was
11      transmitted by using a facsimile machine that complies with California
        Rules of Court Rule 2003(3), telephone number 310.553.5583. The
12      transmission was reported as complete and without error. A copy of the
13      transmission report, properly issued by the transmitting machine, is
        attached. The names and facsimile numbers of the person(s) served are
14      as set forth below.

15  ..  by placing a true copy of the document(s) listed above for collection
16      and mailing following the firm's ordinary business practice in a sealed
        envelope with postage thereon fully prepaid for deposit in the United
17      States mail at Los Angeles, California addressed as set forth below.

18  X   by depositing a true copy of the same enclosed in a sealed envelope,
19      with delivery fees provided for, in an overnight delivery service pick
20      up box or office designated for overnight delivery, and addressed as set
        forth below.

21
22  ..  by personally delivering a copy of the document(s) listed above to the
        person(s) at the address(es) set forth below.

23  Michael T. Zeller, Esq.          Diana M. Torres, Esq.
24  Quinn Emanuel Urquhart Oliver &  O'Melveny & Myers, LLP
25  Hedges LLP                       400 South Hope Street
    865 S. Figueroa Street, 10th Floor  Los Angeles, CA 90071
26  Los Angeles, CA  90017

27
28  (213) 624-0643                   (213) 430-6407

EXHIBIT ___/___
PAGE ___32___

Received:   2/ 7/05   6:16PM      310 553 5583 -> JetFax   0;   Page 31

FEB-07-2005 18:16 FROM:LITTLER MENDELSON    310 553 5583      TO:12136240643         P.31/31

1       I declare that I am employed in the office of a member of the bar of this court at

2   whose direction the service was made. Executed on February 7, 2005, at Los Angeles,

3   California.

4

5                                                 Criss A. Draper

6

7

8   Los_Angeles:394092.1 028307.1010

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT ____1____

PAGE ____33____

2.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0701

EXHIBIT 2

Received:    7/ 5/06   1:· ᵀM;   -> Quinn Emanuel;   Page 2
JUL-05-2006(WED)  12:04                                                    P.002/003

07/05/2006  10:38 FAX                                                      ☒002/007

FILED

2006 JUL -5  PM 12: 39

U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 90378)
2    (johnquinn@quinnemanuel.com)
     Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
6  Facsimile: (213) 443-3100

7  Attorneys for Plaintiff and Cross-Defendant
   Mattel, Inc.

8

9               UNITED STATES DISTRICT COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11                    EASTERN DIVISION

12  BRYANT,                        CASE NO. CV 04-9049 SGL (RNBx)

13            Plaintiff,           Consolidated with Case Nos. CV 04-
                                   9059 and CV 05-2727
14       v.
                                   MATTEL, INC.'S REPORT OF
15  MATTEL, INC.,                  MEETING OF COUNSEL
                                   REGARDING MATTEL'S MOTION
16            Defendant,           TO DISMISS BRYANT'S
                                   DECLARATORY RELIEF CLAIM
17
                                   Hearing Date:     N/A
18                                 Time:             N/A
                                   Courtroom:        1        BY FAX
19
                                   Hon. Stephen G. Larson
20
                                   Discovery Cutoff:      None set
21                                 Pretrial Conf. Date:   None set
                                   Trial Date:            None set
22

23

24

25

26

27                                 ORIGINAL
28                                 COPY

0720w1912132.1

EXHIBIT ___2___                    7|5

PAGE___34___

1 | QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   John B. Quinn (Bar No. 90378)
2 | (johnquinn@quinnemanuel.com)
   Michael T. Zeller (Bar No. 196417)
3 | (michaelzeller@quinnemanuel.com)
   Jon D. Corey (Bar No. 185066)
4 | (joncorey@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
5 | Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
6 | Facsimile: (213) 443-3100

7 | Attorneys for Plaintiff and Cross-Defendant
   Mattel, Inc.

8 |

9 |                UNITED STATES DISTRICT COURT

10 |              CENTRAL DISTRICT OF CALIFORNIA

11 |                    EASTERN DIVISION

12 | BRYANT,                          CASE NO. CV 04-9049 SGL (RNBx)

13 |              Plaintiff,          Consolidated with Case Nos. CV 04-9059 and CV 05-2727

14 |      v.                          MATTEL, INC.'S REPORT OF MEETING OF COUNSEL REGARDING MATTEL'S MOTION TO DISMISS BRYANT'S DECLARATORY RELIEF CLAIM
15 | MATTEL, INC.,

16 |              Defendant,

17 |                                  Hearing Date:    N/A
18 |                                  Time:            N/A
                                      Courtroom:       1
19 |
                                      Hon. Stephen G. Larson
20 |
                                      Discovery Cutoff:     None set
21 |                                  Pretrial Conf. Date:  None set
                                      Trial Date:           None set
22 |

23 |

24 |

25 |

26 |

27 |

28 |                    ORIGINAL

MATTEL'S REPORT OF MEETING OF COUNSEL RE MOTION TO DISMISS DECLARATORY RELIEF CLAIM

EXHIBIT ___2___

PAGE        35

1    This pleading relates to *Bryant v. Mattel, Inc.*, designated as Case No. CV 04-

2  09049 SGL (RNBx) prior to consolidation.

3    At the June 26, 2006 hearing on Mattel's Motion to Dismiss Bryant's

4  Declaratory Relief Claim, the Court directed the parties to confer as to what, if any,

5  further issues raised in Mattel's Motion could be mooted and to file a "joint

6  statement" about the meeting of counsel.  That meet and confer was held on June 29,

7  2006.  Notwithstanding the Court's instruction that the parties submit a "joint

8  statement," Bryant's counsel declined to file a joint submission and instead, on

9  Friday, June 30, 2006, filed unilateral report.[1]  Mattel thus has no alternative but to

10 submit this report.

11    As the Court will recall, John Quinn, counsel for Mattel, represented in open

12 court at the June 26 hearing that Mattel would not assert a claim against Bryant "that

13 Bratz infringes the copyright in 'Toon Teens.'"  Mattel's representation deprived the

14 Court of jurisdiction to hear Bryant's claim for a declaration of non-infringement.

15 To prove the requisite case or controversy in a non-infringement case, Bryant must

16 show a reasonable apprehension of imminent suit for copyright infringement. *See*

17 *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 (9th Cir.

18 1989) (holding that to demonstrate actual controversy in non-infringement case,

19 plaintiff must have a "'real and reasonable apprehension that he will be subject to

20 liability.'") (quoting *Societe de Conditionnement v. Hunter Engineering Co.*, 655

21 F.2d 938, 944 (9th Cir. 1981)); *Japan Gas Lighter Ass'n. v. Ronson Corp.*, 257 F.

22 Supp. 219, 237 (D.N.J. 1966).  By definition Bryant can have no apprehension of

23

24
_____

25    [1]  Bryant filed the unilateral report despite Mattel's specific request to Bryant's
counsel about how the "joint" report requested by the Court would be prepared.  In

26 response to Mattel's inquiry, Bryant's counsel stated that he "intend[ed] to file a
short report confirming the meeting and asking for a ruling on the motion" on his

27 own and then proceeded to file his report without asking for comment by Mattel.

28

07209/1912332.1

MATTEL'S REPORT OF MEETING OF COUNSEL RE MOTION TO DISMISS DECLARATORY RELIEF CLAIM

EXHIBIT _____ 2

1  suit after Mattel represented that it would not maintain that Bratz infringes the Toon

2  Teen copyright.

3        In response to Mr. Quinn's comments, however, Bryant's counsel claimed at

4  the hearing that other matters besides "Toon Teens" were also the subject of the

5  declaratory relief claim.  The Court then instructed the parties to meet and confer.

6        Contrary to Bryant's assertion in his unilateral report that Mattel refused to

7  make an offer during the June 29 meeting of counsel, Mattel stated to Bryant's

8  counsel that Mattel was willing to consider an appropriate stipulation that might

9  moot these other unidentified matters, depending on what they were.  During the

10  meet and confer, Mattel therefore asked Bryant's counsel to identify these other

11  Mattel works or products as to which Bryant claimed to have a reasonable

12  apprehension of suit for copyright infringement.  Bryant's counsel declined to

13  identify any such works or products, however.  In rejecting the concept of a

14  potential stipulation raised by Mattel, Bryant's counsel stated that Bryant would not

15  accept anything other than Mattel's "confession of judgment" that Bryant "never

16  copied anything" and that no Mattel product has any "relevance" to any claim that

17  Mattel has or ever will assert against Bryant.

18        Mattel attempted to explain to Bryant's counsel that such a proposal was

19  unworkable.  Mattel informed Bryant's counsel that Mattel releases many thousands

20  of products every year and that its designers create many more that are not yet

21  released.  Mattel further noted that in discovery thus far Bryant has not, with limited

22  exceptions such as so-called first generation of "Bratz," specified what designs he

23  has worked on.[2]  Mattel further explained that the relief that Bryant's counsel, Mr.

24  Jacoby, described not only exceeded the relief sought in Bryant's Complaint, but

25  was inconsistent with the fundamental tenets of declaratory relief claim.  In

26  _____

27    [2]  In fact, thus far both Bryant and MGA have generally not produced any
discovery involving matters that post-date June 2001.  EXHIBIT ___2___

28

1 │ particular, the premise of a claim for a declaration of non-infringement is that the

2 │ plaintiff, here Mr. Bryant, have a reasonable apprehension of suit for copyright

3 │ infringement and that no such apprehension can exist without knowledge of a

4 │ specific product. Bryant's counsel nevertheless stated that he would not identify any

5 │ such products. Then, when Mattel started to posit examples of specific Mattel

6 │ products to see if they were among the ones as to which Bryant was claiming a

7 │ reasonable apprehension of suit so that they could potentially be taken off the table,

8 │ counsel for MGA terminated the call.

9 │      Bryant's Complaint identifies a single product—Toon Teens—as to which he

10 │ alleges to have a reasonable apprehension of suit for copyright infringement. Mattel

11 │ disagrees for the reasons set forth in its moving papers, including because Mattel has

12 │ never threatened Bryant with a suit alleging copyright infringement of Toon Teens.

13 │ Subsequently, Mattel represented in open court that it will not sue Bryant for

14 │ infringement of the Toon Teens copyright, which negates any claim by Bryant that

15 │ he suffers "reasonable apprehension" of a copyright infringement suit or that such a

16 │ copyright infringement suit is "imminent." Although Mattel asked during the meet

17 │ and confer what more Bryant believed would be necessary on that score as to Toon

18 │ Teens specifically, Bryant's counsel insisted only that a "confession of judgment"—

19 │ *i.e.*, a declaration of non-infringement on the merits—would satisfy him. Such a

20 │ demand, of course, puts the merits cart before the case-or-controversy horse, as

21 │ Mattel also explained at the meet and confer. Because Bryant has no basis to claim

22 │ a reasonable, objective apprehension of suit of copyright infringement of Toon

23 │ Teens, Mattel's motion to dismiss Bryant's non-infringement claim with respect to

24 │ Toon Teens can therefore be granted.[3]

25 │

26 │    [3]  *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 (9th

27 │ Cir. 1989); *Japan Gas Lighter Ass'n. v. Ronson Corp.*, 257 F. Supp. 219, 237 (D.N.J. 1966); 12 *Moore's Federal Practice* § 57.22[2][c] (3d ed. 2004)

28 │ (footnote continued)

EXHIBIT ___2___

07209/1912332.1

3

38

MATTEL'S REPORT OF MEETING OF COUNSEL RE MOTION TO DISMISS DECLARATORY RELIEF CLAIM

1      Bryant's failure to claim an imminent suit for copyright infringement of
2 Mattel works and products other than Toon Teens further compels the conclusion
3 that the Court lacks subject matter jurisdiction. At the outset, Bryant's Complaint
4 identifies no work or product other than "Toon Teens" as to which Bryant claims a
5 reasonable apprehension of suit. That alone means that Bryant cannot establish
6 subject matter jurisdiction as to them. *See Morongo Band of Mission Indians v.*
7 *California State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988) (holding
8 that facts sufficient to establish jurisdiction must appear on the face of the
9 complaint). Furthermore, at the meet and confer, Bryant's counsel declined to
10 identify any such product or work other than "Toon Teens" as to which he claims to
11 have an objective basis for a reasonable apprehension of suit for copyright
12 infringement. Logically, if Bryant cannot identify any other work or product, then
13 he cannot have the requisite apprehension of imminent suit. Bryant is asking for an
14 advisory opinion that he has never infringed the copyright of any Mattel's thousands
15 of products and other works. Article III prohibits such claims.

17 DATED: July 5, 2006     QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

19 By_____
20 Jon Corey
    Attorneys for Plaintiff and Counter-
21     Defendant Mattel

25 ("Declaratory relief is appropriate when and only when one or both parties have
pursued a course of conduct that will result in imminent and inevitable litigation
26 unless the issue is resolved by declaratory relief."); *see also Xerox Corp. v. Apple*
27 *Computer Co.*, 734 F. Supp. 1542, 1547 (N.D. Cal. 1990) (declaratory relief was not justified because litigation was not "imminent").

07209/1912332.1

4

MATTEL'S REPORT OF MEETING OF COUNSEL RE MOTION TO DISMISS DECLARATORY RELIEF CLAIM

EXHIBIT ___2___

39

## PROOF OF SERVICE
1013A(3) CCP Revised 5/1/88

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

       I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP, 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017.

       On July 5, 2006, I caused to be served the following document(s) on interested parties in this action described as MATTEL, INC.'S REPORT OF MEETING OF COUNSEL REGARDING MATTEL'S MOTION TO DISMISS BRYANT'S DECLARATORY RELIEF CLAIM addressed as follows:

Diana M. Torres, Esq.
O'Melveney & Myers, LLP
400 South Hope Street
Los Angeles, California 90071
Facsimile: (213) 430-6407

Keith Jacoby, Esq.
Littler Mendelson
2049 Century Park East, 5th Floor
Los Angeles, CA 90067
Facsimile: (310) 553-5583

X    **(BY MAIL) I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

      **(BY MAIL) I caused such envelope to be placed in the firm's mail. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

X    **(BY FACSIMILE) I caused such document to be transmitted by facsimile to the offices of the addressee. Upon completion of the said facsimile transmission, the transmitting machine issued a transmission report showing the transmission was complete and without error.

      **(BY FEDERAL EXPRESS) by placing the document(s) listed above in such envelope for deposit with FEDERAL EXPRESS to be delivered via priority overnight service to the persons at the addresses set forth above.

      **(BY PERSONAL SERVICE) I caused to be delivered by hand such envelope to the offices of the addressee.

Executed on July 5, 2006, at Los Angeles, California.

      (State)I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

X    (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

SUZANNE JOHNSON               _Suzanne Johnson_
Type or Print Name               Signature

07209/1912927.1                                             1

EXHIBIT _____2_____

PAGE _____40_____