```
Hon. Edward A. Infante (Ret.)
JAMS
Two Embarcadero Center
Suite 1500
San Francisco, California 94111
Telephone:  (415) 774-2611
Facsimile:  (415) 982-5287
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>CONSOLIDATED WITH<br>MATTEL, INC. v. BRYANT and<br>MGA ENTERTAINMENT, INC. v. MATTEL, INC. | CASE NO. C 04-09049 SGL (RNBx)<br>JAMS Reference No. 1100049530<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-2727<br><br>**ORDER RE IN CAMERA REVIEW OF GLOBAL SECURITY FILES** |

## I. INTRODUCTION

On May 15, 2007, Mattel, Inc. ("Mattel") submitted for *in camera* review fourteen documents from Mattel's Global Security files that were redacted or withheld from production on the grounds of the attorney-client privilege and the work product doctrine. Mattel also submitted a privilege log and the declaration of Richard De Anda in support of its claims of privilege. Having reviewed the documents, privilege log and declaration of Mr. De Anda, Mattel's claims of

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

1

EXHIBIT 2
PAGE 41

privilege are sustained as to privilege log entries 29, 33, 35, 51, 57, 63, 64, 65, 66, 67, 68, and 69, and overruled as to privilege log entries 32 and 50..

## II. DISCUSSION

### A. Claims Based Upon Work Product Doctrine

Although Mattel withheld the disputed documents based upon both the attorney-client privilege and work product doctrine, Mr. De Anda's declaration addresses only the elements of the attorney-client privilege. He does not assert that any of the fourteen documents in dispute were prepared in anticipation of litigation. Decl. of Mr. De Anda at ¶7. Therefore the claims of privilege based upon the work product doctrine are overruled as to all of the fourteen documents in dispute.

### B. Claims Based Upon Attorney-Client Privilege

Mattel claims that each of the fourteen documents at issue is protected by the attorney-client privilege. The attorney-client privilege protects an attorney's communication of legal advice to his client, as well as the client's communication of information to the attorney "to enable him to give sound and informed advice." Upjohn Co. v. United States, 449 U.S. 383, 390 (1981). The protection extends only to communications; however, it does not extend to the facts underlying privileged communications. Id. at 395-96. The Ninth Circuit has described the elements of the attorney-client privilege as follows: "(1) When legal advice of any kind is sought (2) from a professional legal adviser in his or her capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are, at the client's instance, permanently protected (7) from disclosure by the client or by the legal adviser (8) unless the protection be waived." United States v. Martin, 278 F.3d 988, 999 (9th Cir.2002). The party asserting the privilege has the burden of establishing that the privilege applies to a particular document or set of documents. In re Grand Jury Investigation, 974 F.2d 1068, 1070 (9th Cir. 1992).

When a party withholds information otherwise discoverable under the Federal Rules of Civil Procedure by claiming that it is privileged or subject to protection as trial preparation material, "the party shall make the claim expressly and shall describe the nature of the documents,

communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection." Fed.R.Civ.P. 26(b)(5).

Mr. De Anda states in his declaration that privilege log entries 29, 33, 35, 50, 51, 57, 63, 64, 65, 66, and 67 "constituted or recorded confidential communications between me and either in-house counsel for Mattel or outside counsel for Mattel in which counsel conveyed to me legal advice." Decl. of Mr. De Anda at ¶7. A review of the documents confirms Mr. De Anda's representations as to all of these privilege log entries, except entry 50. Privilege log entry 50 is an "investigative log," which Mattel produced in redacted form. The portion that has been redacted consists of a one line entry which indicates that Mr. De Anda may have had a meeting with certain individuals at Mattel, including Mattel's in-house counsel. The one line entry does not contain the substance of any communication whatsoever, much less the substance of a confidential attorney-client privileged communication. Accordingly, Mattel's claims of attorney-client privilege are sustained as to privilege log entries 29, 33, 35, 51, 57, 63, 64, 65, 66, and 67, and overruled as to privilege log entry 50.

Mr. De Anda states in his declaration that the e-mail identified as privilege log entry 32 "was a confidential communication between Mr. Cassidy Park, a Mattel employee, and in-house counsel for Mattel." Decl. of Mr. De Anda at ¶7. Mattel produced privilege log entry 32 in redacted form. The redacted portion consists of a single line, "FYI, attached is Mercedeh's resume." Mattel has failed to establish that this single line of text is a confidential attorney-client communication for the purpose of giving or receiving legal advice. Therefore, Mattel's claim of privilege is overruled as to privilege log entry 32.

The last two documents in dispute are privilege log entries 68 and 69. Mr. De Anda states in his declaration that entries 68 and 69 "are communications from a private investigator to outside counsel for Mattel relating to work that investigator performed at counsel's request." Decl. of Mr. De Anda at ¶7. There are circumstances under which communications between a client's attorney and a third party who assists the attorney in rendering legal advice are protected by the attorney-client privilege. See e.g. U.S. v. Kovel, 296 F.2d 918 (2nd Cir. 1961). It appears

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

3

EXHIBIT ___2___

PAGE ___43___

these transmittal letters were communications made for the purpose of giving legal advice. Therefore, Mattel's claims of privilege are sustained as to privilege log entries 68 and 69.

### IV. CONCLUSION

For the reasons set forth above, Mattel's claims of work product are overruled as to all of the fourteen documents in dispute. Mattel's claims of attorney-client privilege are sustained as to privilege log entries 29, 33, 35, 51, 57, 63, 64, 65, 66, 67, 68, and 69, and overruled as to privilege log entries 32 and 50. Mattel shall produce privilege log entries 32 and 50 without redactions within ten 10 days.

Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery Master, Mattel shall file this Order with the Clerk of Court forthwith.

Dated: July 10, 2007

HON. EDWARD A. INFANTE (Ret.)
Discovery Master

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

4

EXHIBIT 2

PAGE 44

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on July 11, 2007, I served the attached ORDER RE IN CAMERA REVIEW OF GLOBAL SECURITY FILES in the within action by e-mail addressed as follows:

| | | |
|---|---|---|
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| John E. Trinidad, Esq. | Keker & Van Nest | jtrinidad@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johnquinn@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| Dale Cendali Esq. | O'Melveny & Myers LLP | dcendali@omm.com |
| Diana Torres Esq. | O'Melveny & Myers LLP | dtorres@omm.com |
| James Jenal Esq. | O'Melveny & Myers LLP | jjenal@omm.com |
| Alicia Meyer Esq. | O'Melveny & Myers LLP | ameyer@omm.com |
| Jennifer Glad Esq. | O'Melveny & Myers LLP | jglad@omm.com |
| David Hurwitz, Esq. | O'Melveny & Myers LLP | dhurwitz@omm.com |
| Johanna Schmitt Esq. | O'Melveny & Myers LLP | jschmitt@omm.com |
| Michael C. Keats, Esq. | O'Melveny & Myers LLP | mkeats@omm.com |
| Kendall Burr, Esq. | O'Melveny & Myers LLP | kburr@omm.com |
| Melanie Bradley, Esq. | O'Melveny & Myers LLP | mbradley@omm.com |
| Patricia Glaser Esq. | Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP | pglaser@chrisglase.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on July 11, 2007, at San Francisco, California.

_Sandra Chan_

EXHIBIT 2
PAGE 45

EXHIBIT 3

```
                UNITED STATES DISTRICT COURT

                CENTRAL DISTRICT OF CALIFORNIA

                       EASTERN DIVISION

                            - - -

        HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING

                            - - -

CARTER BRYANT,              )
                            )
              PLAINTIFF,    )
                            )
         VS.                )   NO. ED CV 04-09049
                            )   (LEAD LOW NUMBER)
MATTEL, INC.,               )
                            )
              DEFENDANT.    )
_____)   BRYANT'S MOTION FOR
AND RELATED ACTIONS,        )   TERMINATING SANCTIONS
                            )
_____)


              REPORTER'S TRANSCRIPT OF PROCEEDINGS

                     RIVERSIDE, CALIFORNIA

                   MONDAY, AUGUST 27, 2007

                         11:06 A.M.




                 THERESA A. LANZA, RPR, CSR
              FEDERAL OFFICIAL COURT REPORTER
                  3470 12TH STREET, RM. 134
                RIVERSIDE, CALIFORNIA  92501
                       (951) 274-0844
                  CSR11457@SBCGLOBAL.NET
```

**CERTIFIED COPY**

AUGUST 27, 2007    EXHIBIT  3       ED CV 04-9049

                   PAGE  46

56

1  THERE WERE ALSO KEY WORD TYPE SEARCHES DONE, AND
2  THOSE TYPES OF THINGS WERE PRESERVED; BUT THAT WAS A DIFFERENT
3  EFFORT.
4       **THE COURT:** VERY WELL.
5       **MR. QUINN:** IN ADDITION, AS MR. ZELLER MENTIONED, WE
6  TRACKED DOWN SOME 130-PLUS OLDER HARD DRIVES THAT MATTEL I.T.
7  HAD IN ITS POSSESSION; TOOK CUSTODY OF THOSE AND MADE SURE THAT
8  THEY WERE NOT DISPOSED OF.  WE BACKED UP THE NETWORK SERVERS
9  THAT WE THOUGHT MIGHT CONCEIVABLY HAVE RELEVANT INFORMATION AND
10 PRESERVED THOSE AS WELL.
11      SO THOSE ARE ALL OF THE THINGS THAT WERE DONE IN THIS
12 TIME FRAME, AFTER WE RECEIVED A COPY OF THIS CONTRACT.
13      GOING FORWARD, WE DID MAKE A DECISION NOT TO SUSPEND
14 THE AUTOMATIC E-MAIL DELETION POLICY.  AND THE REASON WE MADE
15 THAT DECISION AT THAT TIME IS THE FOLLOWING:
16      THESE CONCERNED EVENTS GOING BACK TWO AND A HALF
17 YEARS, OR WHATEVER THE NUMBER IS, IT SEEMED TO US PRETTY
18 UNLIKELY THAT THERE WOULD BE E-MAILS THAT PEOPLE WOULD THEN BE
19 CREATING THAT WOULD HAVE SOME BEARING ON THOSE EVENTS WHEN
20 MR. BRYANT LEFT MATTEL TWO AND A HALF -- OR WHATEVER THE
21 NUMBER -- THE PERIOD OF TIME WAS BEFORE, BACK IN OCTOBER, IN
22 2000.
23      **THE COURT:** COUNSEL, YOU SERIOUSLY MAINTAIN THAT IN
24 ANY LITIGATION IN WHICH THE ALLEGATIONS GO FAR BEYOND, AS THIS
25 ONE DOES -- IT GOES FAR BEYOND SIMPLY WHAT CARTER BRYANT DID OR

JULY 24, 2006            ED CV 04-09049        EXHIBIT 3
                                               PAGE 47

1  DID NOT DO BACK IN 2000; IT TALKS ABOUT ONGOING CONDUCT, AS
2  ALLEGED IN YOUR MOST RECENT COMPLAINT AGAINST MGA -- THAT THERE
3  WOULD NOT BE INFORMATION GENERATED IN THESE INTERNAL
4  INVESTIGATIONS THAT MIGHT HAVE SOME RELEVANCE OR BEARING?
5      **MR. QUINN:** YOUR HONOR, THESE INTERNAL                    01:53
6  INVESTIGATIONS -- WE SORT OF SKIPPED OVER THAT -- THAT CONCERNS
7  SOMETHING QUITE DIFFERENT, WHICH WE DECIDED WE DID NOT HAVE A
8  CLAIM, THAT THERE WAS NO CLAIM. AND WE DIDN'T TALK ABOUT THAT.
9      ONE OF THE PROBLEMS HERE IN DEALING WITH THIS IS, WE
10 HAVE KIND OF A HINDSIGHT BIAS. WE ARE NOW SITTING HERE KNOWING  01:53
11 WHAT WE KNOW, LOOKING AT THE SIZE OF THE CASE THAT WE ARE NOW
12 LOOKING AT; AND IT'S TEMPTING TO TRY TO ASSUME THAT BACK IN
13 NOVEMBER OF 2003, WE KNEW WHAT WE KNOW NOW AND THAT WE KNEW
14 THAT WE HAD CLAIMS AGAINST MGA.
15     I SUBMIT, YOUR HONOR, WE DID NOT KNOW THAT. ALL WE         01:53
16 KNEW WAS THAT THIS MAN HAD SIGNED A CONTRACT. WE DIDN'T KNOW
17 WHETHER MGA HAD INDUCED HIM TO DO THIS; HAD PAID HIM; WE DIDN'T
18 KNOW THEY HAD PAID HIM WHILE HE WAS WORKING FOR US. WE DIDN'T
19 KNOW WHAT THEY KNEW.
20     **THE COURT:** THAT NEVER CROSSED THE MIND OF ANYBODY AT    01:54
21 MATTEL, THAT PERHAPS CARTER BRYANT WAS INDUCED AWAY FROM
22 MATTEL, ALONG WITH THE PRODUCTS OR DESIGNS THAT HE HAD MADE?
23     **MR. QUINN:** NO, I'M NOT GOING TO SAY IT NEVER CROSSED
24 ANYBODY'S MIND, YOUR HONOR. BUT WE HAD NO WAY OF KNOWING
25 WHETHER THERE WAS A VIABLE CLAIM AGAINST MGA. FOR ALL WE KNEW,  01:54

JULY 24, 2006        ED CV 04-09049        EXHIBIT  3
                                           PAGE  48

```
                                                                    125

 1   IS ACTUALLY GOING TO BE UNDER SEAL.
 2        I'LL ISSUE A MINUTE ORDER DIRECTING FURTHER
 3   PROCEEDINGS IN THIS MATTER, BUT BE WORKING ON THIS DECLARATION.
 4        MS. GLASER:  THANK YOU, YOUR HONOR.
 5        MR. QUINN:   THANK YOU, YOUR HONOR.                    03:19
 6        THE COURT:  GOOD DAY, COUNSEL.
 7
 8
 9
10
11                          CERTIFICATE
12
13   I HEREBY CERTIFY THAT PURSUANT TO SECTION 753, TITLE 28, UNITED
     STATES CODE, THE FOREGOING IS A TRUE AND CORRECT TRANSCRIPT OF
14   THE STENOGRAPHICALLY RECORDED PROCEEDINGS HELD IN THE ABOVE-
     ENTITLED MATTER AND THAT THE TRANSCRIPT PAGE FORMAT IS IN
15   CONFORMANCE WITH THE REGULATIONS OF THE JUDICIAL CONFERENCE OF
     THE UNITED STATES.
16
17   [signature]                              9-5-07
     THERESA A. LANZA, CSR, RPR                DATE
18   FEDERAL OFFICIAL COURT REPORTER
19
```

JULY 24, 2006            ED CV 04-09049

EXHIBIT 3
PAGE 49

EXHIBIT 4

CONFORMED COPY

```
Hon. Edward A. Infante (Ret.)
JAMS
Two Embarcadero Center
Suite 1500
San Francisco, California 94111
Telephone:  (415) 774-2611
Facsimile:  (415) 982-5287
```

FILED 2007 JUL 20 PH 3:57 CLERK U.S. DISTRICT COURT CENTRAL DIST. OF CALIF. RIVERSIDE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant. | CASE NO. C 04-09049 SGL (RNBx)<br>JAMS Reference No. 1100049530<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-2727<br><br>ORDER RE IN CAMERA REVIEW OF GLOBAL SECURITY FILES |
| CONSOLIDATED WITH<br>MATTEL, INC. v. BRYANT and<br>MGA ENTERTAINMENT, INC. v. MATTEL, INC. | |

## I. INTRODUCTION

On May 15, 2007, Mattel, Inc. ("Mattel") submitted for *in camera* review fourteen documents from Mattel's Global Security files that were redacted or withheld from production on the grounds of the attorney-client privilege and the work product doctrine. Mattel also submitted a privilege log and the declaration of Richard De Anda in support of its claims of privilege. Having reviewed the documents, privilege log and declaration of Mr. De Anda, Mattel's claims of

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

1

EXHIBIT 4

PAGE 50

privilege are sustained as to privilege log entries 29, 33, 35, 51, 57, 63, 64, 65, 66, 67, 68, and 69, and overruled as to privilege log entries 32 and 50..

## II. DISCUSSION

### A. Claims Based Upon Work Product Doctrine

Although Mattel withheld the disputed documents based upon both the attorney-client privilege and work product doctrine, Mr. De Anda's declaration addresses only the elements of the attorney-client privilege. He does not assert that any of the fourteen documents in dispute were prepared in anticipation of litigation. Decl. of Mr. De Anda at ¶7. Therefore the claims of privilege based upon the work product doctrine are overruled as to all of the fourteen documents in dispute.

### B. Claims Based Upon Attorney-Client Privilege

Mattel claims that each of the fourteen documents at issue is protected by the attorney-client privilege. The attorney-client privilege protects an attorney's communication of legal advice to his client, as well as the client's communication of information to the attorney "to enable him to give sound and informed advice." Upjohn Co. v. United States, 449 U.S. 383, 390 (1981). The protection extends only to communications; however, it does not extend to the facts underlying privileged communications. Id. at 395-96. The Ninth Circuit has described the elements of the attorney-client privilege as follows: "(1) When legal advice of any kind is sought (2) from a professional legal adviser in his or her capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are, at the client's instance, permanently protected (7) from disclosure by the client or by the legal adviser (8) unless the protection be waived." United States v. Martin, 278 F.3d 988, 999 (9th Cir.2002). The party asserting the privilege has the burden of establishing that the privilege applies to a particular document or set of documents. In re Grand Jury Investigation, 974 F.2d 1068, 1070 (9th Cir. 1992).

When a party withholds information otherwise discoverable under the Federal Rules of Civil Procedure by claiming that it is privileged or subject to protection as trial preparation material, "the party shall make the claim expressly and shall describe the nature of the documents,

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

2

EXHIBIT 4

PAGE 51

communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection." Fed.R.Civ.P. 26(b)(5).

Mr. De Anda states in his declaration that privilege log entries 29, 33, 35, 50, 51, 57, 63, 64, 65, 66, and 67 "constituted or recorded confidential communications between me and either in-house counsel for Mattel or outside counsel for Mattel in which counsel conveyed to me legal advice." Decl. of Mr. De Anda at ¶7. A review of the documents confirms Mr. De Anda's representations as to all of these privilege log entries, except entry 50. Privilege log entry 50 is an "investigative log," which Mattel produced in redacted form. The portion that has been redacted consists of a one line entry which indicates that Mr. De Anda may have had a meeting with certain individuals at Mattel, including Mattel's in-house counsel. The one line entry does not contain the substance of any communication whatsoever, much less the substance of a confidential attorney-client privileged communication. Accordingly, Mattel's claims of attorney-client privilege are sustained as to privilege log entries 29, 33, 35, 51, 57, 63, 64, 65, 66, and 67, and overruled as to privilege log entry 50.

Mr. De Anda states in his declaration that the e-mail identified as privilege log entry 32 "was a confidential communication between Mr. Cassidy Park, a Mattel employee, and in-house counsel for Mattel." Decl. of Mr. De Anda at ¶7. Mattel produced privilege log entry 32 in redacted form. The redacted portion consists of a single line, "FYI, attached is Mercedeh's resume." Mattel has failed to establish that this single line of text is a confidential attorney-client communication for the purpose of giving or receiving legal advice. Therefore, Mattel's claim of privilege is overruled as to privilege log entry 32.

The last two documents in dispute are privilege log entries 68 and 69. Mr. De Anda states in his declaration that entries 68 and 69 "are communications from a private investigator to outside counsel for Mattel relating to work that investigator performed at counsel's request." Decl. of Mr. De Anda at ¶7. There are circumstances under which communications between a client's attorney and a third party who assists the attorney in rendering legal advice are protected by the attorney-client privilege. See e.g. U.S. v. Kovel, 296 F.2d 918 (2nd Cir. 1961). It appears

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

3

EXHIBIT 4
PAGE 52

these transmittal letters were communications made for the purpose of giving legal advice. Therefore, Mattel's claims of privilege are sustained as to privilege log entries 68 and 69.

## IV. CONCLUSION

For the reasons set forth above, Mattel's claims of work product are overruled as to all of the fourteen documents in dispute. Mattel's claims of attorney-client privilege are sustained as to privilege log entries 29, 33, 35, 51, 57, 63, 64, 65, 66, 67, 68, and 69, and overruled as to privilege log entries 32 and 50. Mattel shall produce privilege log entries 32 and 50 without redactions within ten 10 days.

Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery Master, Mattel shall file this Order with the Clerk of Court forthwith.

Dated: July 10, 2007

*[signature]*
HON. EDWARD A. INFANTE (Ret.)
Discovery Master

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

4

EXHIBIT 4

PAGE 53

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on July 11, 2007, I served the attached ORDER RE IN CAMERA REVIEW OF GLOBAL SECURITY FILES in the within action by e-mail addressed as follows:

| | | |
|---|---|---|
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| John E. Trinidad, Esq. | Keker & Van Nest | jtrinidad@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johnquinn@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| Dale Cendali Esq. | O'Melveny & Myers LLP | dcendali@omm.com |
| Diana Torres Esq. | O'Melveny & Myers LLP | dtorres@omm.com |
| James Jenal Esq. | O'Melveny & Myers LLP | jjenal@omm.com |
| Alicia Meyer Esq. | O'Melveny & Myers LLP | ameyer@omm.com |
| Jennifer Glad Esq. | O'Melveny & Myers LLP | jglad@omm.com |
| David Hurwitz, Esq. | O'Melveny & Myers LLP | dhurwitz@omm.com |
| Johanna Schmitt Esq. | O'Melveny & Myers LLP | jschmitt@omm.com |
| Michael C. Keats, Esq. | O'Melveny & Myers LLP | mkeats@omm.com |
| Kendall Burr, Esq. | O'Melveny & Myers LLP | kburr@omm.com |
| Melanie Bradley, Esq. | O'Melveny & Myers LLP | mbradley@omm.com |
| Patricia Glaser Esq. | Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP | pglaser@chrisglase.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on July 11, 2007, at San Francisco, California.

Sandra Chan

EXHIBIT 4
PAGE 54