1    would be in addition to the cost of attorney review of the materials before they are produced in
2    litigation." Id. Mattel also contends that the burden and expense of production is multiplied
3    several times further if Mattel is required to search the files in the possession of its worldwide
4    subsidiaries.
5           Mattel contends that even if the search for responsive documents could be accomplished,
6    the resulting document production would provide MGA with countless documents with little or
7    no relevance. For example, Mattel anticipates that many documents would be discussions of the
8    competition in the context of irrelevant dolls, such as any number of mainline Barbie dolls.
9    Mattel contends that other documents would simply be third party market reports which are
10   equally available to MGA from public sources. Accordingly, Mattel requests that the motion be
11   denied in full.
12          In its reply, MGA counters that the requests are not unduly burdensome. MGA contends
13   that contrary to Mattel's assertions, the requests are factually self-limited, containing restrictive
14   language and defining the outer parameters for the documents sought. Furthermore, MGA
15   contends that it told Mattel that it would be amenable to certain limitations on the number and
16   identities of custodians whose files must be searched, so long as Mattel was amenable to
17   reciprocal accommodations for MGA's own document review. MGA contends that, at a
18   minimum, Mattel should be required to search the physical and electronic files of its employees.
19   MGA contends that Mattel should not be released wholesale from its discovery obligations based
20   on a purported burden, particularly when it failed to work with MGA in good faith to mitigate that
21   burden.
22          Lastly, MGA argues that any burden to Mattel is outweighed by the benefit to be secured
23   from the discovery. MGA contends that it "realistically has no other way of obtaining documents
24   tending to support its claims that Mattel engaged in a pattern of conduct with suppliers,
25   distributors, licensees and others constituting unfair competition except from Mattel." MGA's
26
27   EXHIBIT ___7___
28
     Bryant v. Mattel, Inc.,                              PAGE ___78___                    11
     CV-04-09049 SGL (RNBx)

1  Reply at 10.  Therefore, MGA believes that the benefits of the discovery it seeks are

2  immeasurable and that in contrast, the burden to Mattel is not unreasonable.[1]

3  B. Document Requests

4      In addition to the three general objections described above, Mattel has asserted other

5  objections to certain categories of document requests which MGA contends are improper.  The

6  general objections stated above, as well as the additional objections asserted by Mattel, are

7  reviewed herein in the context of the nine categories of document requests at issue.

8                          1. Document Request Nos. 32-33, 61

9      Request nos. 32, 33 and 61 seek production of communications with sales personnel,

10  merchandisers and retailers relating to alteration of displays or retail spacing of MGA products

11  other than Bratz.  MGA contends that the documents it seeks are relevant to the allegation in

12  paragraph 79 of its complaint that "Mattel merchandisers have been caught tampering with

13  MGA's displays, replacing favorably located MGA merchandise with Mattel merchandise

14  instead."  In its reply brief, MGA clarifies that it "seeks information tending to show that at any

15  time after June 2001, Mattel sales personnel tampered with, or directed others to tamper with,

16  MGA's in-store displays."  MGA's Reply at 8.

17      During the meet and confer process, Mattel agreed to produce documents responsive to

18  request nos. 32-33 and 61 insofar as they related to displays, retail spacing, or shelf space for

19  Bratz, but refused to produce responsive documents relating to any other MGA products.  Glad

20  Decl. in Support of MGA's Motion, Ex. 1.  Mattel contends that request nos. 32 and 33 are

21  overbroad and unduly burdensome insofar as they require production of communications relating

22  to displays, retail spacing, or shelf-space for any other MGA products.  Mattel views the requests

23  as a directive to "go out and find, review and produce essentially all of its retailer

24  _____

25      [1] In a footnote, MGA mentions that Mattel has also withheld documents relating to conduct occurring outside of the United States, and that this issue will be addressed in a separate motion.  MGA's Motion at 10, n. 29.

26  Nothing in this Order is intended in any way to permit or foreclose discovery relating to conduct occurring outside of the United States.

27

28  Bryant v. Mattel, Inc.,
    CV-04-09049 SGL (RNBx)

                                        EXHIBIT ____7____          12

                                        PAGE ____79____

1 | communications about any 'change' in any 'display' or any 'retail spacing' for any MGA

2 | product." Mattel's Opposition at 10. Mattel contends that MGA, not Mattel, should bear the

3 | burden of identifying specific incidents of alleged tampering, and thereafter Mattel will attempt to

4 | find and produce pertinent documents relating to those incidents. Id.

5 |      Mattel also contends that request no. 61 is overbroad and amounts to an improper fishing

6 | expedition, seeking virtually all documents that mention MGA, Larian, Bratz, or any other MGA

7 | product, whether or not they have anything to do with anything placed at issue by MGA. Mattel's

8 | Opposition at 7-8. Mattel also contends that the request has no linkage to any possible consumer

9 | confusion between Bratz and My Scene or between the other products mentioned in MGA's

10 | complaint or MGA's responses to Mattel's contention interrogatories. Id. at 8.

11 |      Request nos. 32, 33, and 61 seek documents relevant to MGA's allegation that "Mattel

12 | merchandisers have been caught tampering with MGA's displays, replacing favorably located

13 | MGA merchandise with Mattel merchandise instead." MGA's allegation of tampering is broader

14 | than just Bratz products, and therefore, Mattel's objection to producing responsive documents for

15 | MGA products other than the Bratz line is overruled.

16 |      Further, the requests are not unduly burdensome. Request nos. 32 and 33 are limited to

17 | communications between Mattel and its sales personnel and merchandisers relating to alterations

18 | of display or retail spacing for MGA products, and therefore do not require Mattel to search for

19 | documents from every single one of its employees. Request no. 61 is also reasonably tailored to

20 | seek relevant information, requiring production of communications between Mattel and any

21 | retailer, sales person or merchandiser referring or relating to the allocation of shelf space, altering

22 | of retail displays, or placement of Bratz in retail stores, including but not limited to

23 | communications concerning the placement of "Bratz" relative to My Scene. Contrary to Mattel's

24 | assertion, request no. 61 does not require Mattel to search for virtually all documents that mention

25 | MGA, Larian, Bratz, or any other MGA product, whether or not they have anything to do with

26 | anything placed at issue by MGA. Instead request no. 61 is clearly limited to a defined category

27 |

28 |

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT _____7_____

PAGE _____80_____

13

1    of communications with certain individuals and/or entities regarding a defined subject matter.  In

2    addition, MGA indicates in its reply brief that it seeks documents and communications from June

3    2001 forward.  With this temporal limitation, MGA's motion is granted as to request nos. 32, 33

4    and 61.

5                       <u>2. Document Request Nos. 37-39</u>

6        Request nos. 37 through 39 call for production of Mattel's communications with CARU

7    relating to MGA and restrictions to be placed on MGA, as well as documents supporting Mattel's

8    allegation in its answer that MGA violated CARU standards.  MGA contends that the documents

9    it seeks are relevant to its allegation in paragraph 89 of its complaint that "Mattel used its

10    influence as a major contributor to CARU's budget to induce CARU to place onerous restrictions

11    on MGA advertisements, and to require MGA to amend aspects of commercials that have gone

12    unchallenged in other parties' commercials."

13        In its opposition brief, Mattel represents that is prepared to produce documents that bear

14    on MGA's claims and Mattel's defenses involving CARU, but nothing further.  Mattel contends

15    that the sweep of these requests "goes far beyond any particular advertisements or the allegations

16    in MGA's complaint that Mattel pressured CARU or obtained better treatment different than

17    MGA." Mattel's Opposition at 10.  Furthermore, Mattel contends that the requests are improper

18    because CARU investigates complaints and claims in confidence.

19        MGA's request nos. 37 and 39 seek information relevant to MGA's allegation that Mattel

20    influenced CARU to place restrictions on MGA's advertisements.  The Federal Rules of Civil

21    Procedure do not require MGA to identify every instance when CARU imposed restrictions or

22    required amendments to MGA's advertisements before propounding discovery on the subject.

23        Request no. 38 is much broader, however, seeking all communications between Mattel

24    and CARU referring or relating to MGA, Larian, Bratz, or MGA products.  Request no. 38 is not

25    limited to the subject of MGA's advertisements, or any other subject that is at issue in the case.

26    Further, request no. 38 is, to a certain extent, cumulative of request nos. 37 and 39.

27

28    Bryant v. Mattel, Inc.,
       CV-04-09049 SGL (RNBx)

EXHIBIT ____7____

PAGE ____81____

14

1         Accordingly, MGA's motion is granted with respect to request nos. 37 and 39, but denied

2   as to request no. 38.

3                   3. Document Request No. 43

4         Request no. 43 seeks documents relating to any attempts by Mattel to price My Scene

5   below Bratz. MGA contends that the documents it seeks are likely to lead to admissible evidence

6   relating to whether Mattel has an "organic process" for setting prices, or whether it set prices

7   based on confidential information obtained from MGA. MGA's Motion at 13:22.

8         Mattel contends that there is no allegation in MGA's complaint of below-market pricing.

9   Further, Mattel contends that the request is overbroad and seeks documents that have no relevance

10  to any other subject matter in suit.

11        Request no. 43 seeks documents that have no relevance to any claim or defense in the

12  case. There is no allegation in MGA's complaint related to below-market pricing. Nor is there

13  any allegation that Mattel misappropriated confidential pricing information from MGA.

14  Accordingly, MGA's motion is denied as to request no. 43.

15                  4. Document Request No. 47

16        Request no. 47 calls for production of documents relating to Mattel's communications

17  with buyers, merchandisers, general merchandise managers, or retailers relating to whether MGA

18  was giving any other U.S. retailer below-market pricing or whether MGA was discontinuing one

19  of its product lines. MGA contends that these documents are relevant to the allegation in

20  paragraph 79 of its complaint that "Mattel has falsely told a major United States retailer that

21  MGA was giving another major United States retailer below-market pricing and falsely told a

22  United Kingdom retailer that MGA was discontinuing one of its lines."

23        Mattel contends that request no. 47 is improper because it demands documents about

24  "alleged statements to an unidentified retailer and an unidentified toy line" without giving Mattel

25  "a hint as to where to look in order to perform a good-faith search for documents." Mattel's

26  Opposition at 12.

27

28
    Bryant v. Mattel, Inc.,
    CV-04-09049 SGL (RNBx)

EXHIBIT _____7_____

PAGE _____82_____

15

1        Request no. 47 seeks documents relevant to MGA's allegation that Mattel made a false

2   representation to a major United States retailer that MGA was giving another retailer below-

3   market pricing, and falsely told a United Kingdom retailer that MGA was discontinuing a product

4   line.  The Federal Rules of Civil Procedure do not require MGA to identify the businesses to

5   whom Mattel allegedly made the false statements as a precondition to propounding discovery.

6   Nor is MGA required to identify every instance in which Mattel allegedly made such false

7   representations before propounding discovery.  Nevertheless, the request is extremely broad and

8   burdensome, requiring Mattel to search for "all documents referring or relating to any

9   communications between Mattel" and buyers, merchandisers, general merchandise managers, or

10  retailers referring or relating to whether MGA was giving another United States retailer below-

11  marketing pricing, or whether MGA was discontinuing one of its lines.  To alleviate some of the

12  burden to Mattel, the request is hereby limited to require production of only Mattel's

13  communications with any buyers, merchandisers, general merchandise managers or retailers

14  about MGA providing below-market pricing or MGA discontinuing a product line.  With this

15  limitation, MGA's motion is granted as to request no. 47.

16                           5. Document Request Nos. 48 – 50

17       Request nos. 48 through 50 essentially seek all documents referring or relating to Mattel's

18  communications with any buyers, merchandisers, general merchandise managers, retailers,

19  suppliers, licensees, and potential licensees, referring or relating to Bratz, Larian or MGA

20  regarding the origins, design, development, product launch, sales, promotions, advertising,

21  quality, or price of Bratz or any other MGA product.  During the meet and confer, Mattel agreed

22  to produce some, but not all, responsive documents.  In particular, Mattel objected to producing

23  documents relating to the pricing of Bratz or any MGA product.  Mattel also objected to

24  producing documents relating to Bratz unless the documents also referenced Mattel's My Scene

25  or Barbie products.

26

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT ___7___

PAGE ___83___

16

1    MGA contends that these documents are relevant to its allegation that Mattel interfered

2    with its business dealings with third parties. In its reply brief, MGA asserts that it seeks

3    documents and communications between Mattel and certain third parties "from June 2001 tending

4    to support or refute MGA's assertions that Mattel interfered with MGA's dealings with such

5    parties by providing false or misleading information concerning MGA products, the ownership of

6    'Bratz' and exerting pressure on these parties not to license or sell MGA products." MGA's

7    Reply at 8.

8          Mattel contends that these requests are overbroad and amount to an improper fishing

9    expedition, seeking virtually all documents that mention MGA, Larian, Bratz, or any other MGA

10   product, whether or not they have anything to do with anything placed at issue by MGA. Mattel's

11   Opposition at 7-8. Mattel also contends that the requests have no linkage to any possible

12   consumer confusion between Bratz and My Scene or between the other products mentioned in

13   MGA's complaint or MGA's responses to Mattel's contention interrogatories. Id. at 8.

14         This category of requests is clearly overbroad, requiring production of documents that

15   merely mention MGA, Larian, Bratz or other MGA products, regardless of whether or not they

16   have anything to do with the claims and defenses in the case. MGA has not made any attempt to

17   link these requests to any of the numerous and far-ranging allegations of unfair competition set

18   forth in its complaint. Instead MGA makes a very generalized argument that the requests seek

19   information relevant to its allegation that Mattel interfered with MGA's business dealings with

20   third parties. Furthermore, Mattel has carried its burden of establishing that the burden and

21   expense of complying with the requests far exceed their likely benefit, taking into account the

22   needs of the case. Accordingly, MGA's motion is denied as to request nos. 48 through 50.

23                         6. Document Request Nos. 51 – 55

24         This category of document requests requires production of essentially all documents

25   referring or relating to any communications between Mattel and any public relations firms,

26   members of the press, current or former MGA employees, or former Mattel employees, relating to

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT    7

PAGE    84

17

1    Bratz, Larian, or MGA regarding the origins, design, development, product launch, sales,

2    promotions, advertising, quality, or price of Bratz or any other MGA product.  During the meet

3    and confer process, Mattel agreed to produce some, but not all responsive documents.

4          MGA contends that these documents are relevant to its allegations that Mattel has engaged

5    in serial imitation of MGA products in an attempt to dilute their distinctiveness and create

6    confusion in the marketplace.  MGA also contends that these documents are likely to lead to

7    admissible evidence relating to the creation and ownership of Bratz, Mattel's knowledge and

8    awareness of Bratz products and marketing and its attempt to imitate those products and dilute

9    their distinctiveness.

10         Mattel contends that these requests are overbroad and amount to an improper fishing

11   expedition, seeking virtually all documents that mention MGA, Larian, Bratz, or any other MGA

12   product, whether or not they have anything to do with anything placed at issue by MGA.  Mattel's

13   Opposition at 7-8.  Mattel also contends that the requests have no linkage to any possible

14   consumer confusion between Bratz and My Scene or between the other products mentioned in

15   MGA's complaint or MGA' responses to Mattel's contention interrogatories.  Id. at 8.

16         Like the previous category of requests, this category of requests is grossly overbroad,

17   requiring production of documents that merely mention MGA, Larian, Bratz or other MGA

18   products, regardless of whether or not they have anything to do with the claims and defenses in

19   the case.  MGA has not made any attempt to link these requests to any of the allegations of unfair

20   competition set forth in its complaint or to the responses it provided to Mattel's contention

21   interrogatories.  Furthermore, Mattel has carried its burden of establishing that the burden and

22   expense of complying with these requests far exceed their likely benefit, taking into account the

23   needs of the case.  Accordingly, MGA's motion is denied as to request nos. 51-55.

24                          7. Document Request Nos. 56 – 58

25         This category of requests requires production of all documents relating to business

26   dealings between any licensee, supplier, manufacturer, retailer, distributor, or merchandiser and

27

28
     Bryant v. Mattel, Inc.,
     CV-04-09049 SGL (RNBx)

EXHIBIT  7

PAGE  85                                         18

1  MGA.  MGA contends that these document requests are specifically tailored to documents in

2  Mattel's possession, custody or control concerning MGA's business dealings with licensees,

3  suppliers, manufacturers, retailers, distributors, or merchandisers, and are directly relevant to its

4  claims that Mattel interfered with MGA's business dealings with third parties.

5         Again, Mattel contends that these requests are overbroad and amount to an improper

6  fishing expedition, seeking virtually all documents that mention MGA, Larian, Bratz, or any other

7  MGA product, whether or not they have anything to do with anything placed at issue by MGA.

8  Mattel's Opposition at 7-8.  Mattel also contends that the requests have no linkage to any possible

9  consumer confusion between Bratz and My Scene or between the other products mentioned in

10 MGA's complaint or MGA' responses to Mattel's contention interrogatories. Id. at 8.  Mattel

11 also objects to request nos. 57 and 58 insofar as they require Mattel to produce documents that

12 refer "explicitly or implicitly" to business dealings involving MGA.

13        Like the previous two categories of document requests, this category of requests is grossly

14 overbroad.  Request nos. 56 and 57 require production of documents referring or relating to

15 MGA's business dealings, without specifying any products or other subject matter limitations.

16 Request no. 58 is narrower, but is unreasonable insofar as it requires Mattel to produce documents

17 that refer "explicitly or implicitly" to business deals involving MGA's Bratz or other products.

18 Furthermore, Mattel has carried its burden of establishing that the burden and expense of

19 complying with the requests far exceed their likely benefit, taking into account the needs of the

20 case.  Accordingly, MGA's motion is denied as to request nos. 56 through 58.

21                    8. Document Request Nos. 59, 60, 62-63, 99, 101

22        This category of requests requires production of all documents relating to (a) any

23 interference with or inhibition of the licensing or potential licensing of MGA's products, or

24 relating to any limitations or restrictions on any MGA licensee (request nos. 59, 62-63); (b) any

25 third party's licensing or potential licensing of MGA products (request no. 60); and (c)

26 communications between Mattel and MGA's licensees and distributors referring to MGA, Bratz

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT ____7____

PAGE ____66____

19

1  or the claims in this lawsuit (request nos. 99, 101).  MGA contends that the documents it seeks are

2  relevant to its allegation that Mattel exerted its influence on retailers and other third parties not to

3  do business with MGA.

4       Mattel contends that request nos. 59, 60, 62 and 63 are overbroad, seeking all documents

5  that might bear on MGA's business without identifying any particular business dealings.  Mattel

6  also contends that they are overbroad insofar as they require production of all documents related

7  to "any MGA PRODUCT world wide," where "product" is defined as "each image, character,

8  logo, doll, toy, accessory, product, packaging or other thing or matter that is or has ever been

9  manufactured, marketed or sold by MGA or others under license."  Mattel's Opposition at 9.

10       Mattel also contends that request nos. 99 and 101 are overbroad and amount to an

11  improper fishing expedition, seeking virtually all documents that mention MGA, Larian, Bratz, or

12  any other MGA product, whether or not they have anything to do with anything placed at issue by

13  MGA.  Mattel's Opposition at 7-8.  Mattel also contends that the requests have no linkage to any

14  possible consumer confusion between Bratz and My Scene or between the other products

15  mentioned in MGA's complaint or MGA' responses to Mattel's contention interrogatories.  Id. at

16  8.

17       Request nos. 59, 60, 62, and 63 seek information relevant to MGA's allegations, including

18  among others, that Mattel "warned a number of companies, including the biggest publishing

19  entity in the United Kingdom, not to license MGA products, or risk retribution," and that Mattel

20  "terminated one of its licensees, apparently in retribution for licensing Bratz."  MGA's Complaint

21  at ¶76.  They are also reasonably tailored to require production of only those documents and

22  communications that refer or relate to interference with or inhibition of the licensing or potential

23  licensing of MGA's products, that refer or relate to any limitations or restrictions on any MGA

24  licensee, and that refer or relate to any third party's licensing or potential licensing of MGA

25  products.  Mattel has not established that searching for theses types of responsive documents is

26  unduly burdensome.  Therefore, MGA's motion is granted as to request nos. 59, 60, 62 and 63.

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT ___7___

PAGE ___67___

20

1    In contrast, however, request nos. 99 and 101 are overbroad, requiring Mattel to search for

2    and produce all documents referring or relating to communications between Mattel and any MGA

3    licensee or distributor that refer or relate to MGA, Bratz, this lawsuit, other litigation involving

4    the parties or their employees, claims by MGA against Mattel or claims by Mattel against MGA

5    or its employees.  For example, the requests would potentially require production of documents

6    that merely mentioned MGA and Bratz but that otherwise have no relevance to the claims and

7    defenses in the suit.  Therefore, MGA's motion is denied as to request nos. 99 and 101.

8                        <u>9. Document Request Nos. 64, 65, 66, 67</u>

9    This category of requests requires production of all documents relating to (a) any third

10   party's agreement or decision not to license, manufacture, promote, distribute or sell MGA

11   products or supply materials or services to MGA, or to limit, restrict, curtail or reduce such

12   activities (request nos. 64-65); and (b) any interference with or inhibition of the supply of goods

13   or services to MGA, or of MGA's distribution of its products (request nos. 66-67).  MGA

14   contends that these documents are relevant to its claims that Mattel interfered with MGA's

15   business dealings with distributors, retailers, and other third parties, as alleged in paragraphs 76-

16   79 of its complaint.

17   Mattel contends that these requests are overbroad, seeking all documents that might bear

18   on MGA's business without identifying any particular business dealings.  Mattel also contends

19   that they are overbroad insofar as they require production of all documents related to "any MGA

20   PRODUCT world wide," where "product" is defined as "each image, character, logo, doll, toy,

21   accessory, product, packaging or other thing or matter that is or has ever been manufactured,

22   marketed or sold by MGA or others under license."  Mattel's Opposition at 9.

23   These requests seek information relevant to MGA's allegation that Mattel interfered with

24   its business dealings.  In particular, MGA has alleged that Mattel "warned a number of

25   companies, including the biggest publishing entity in the United Kingdom, not to license MGA

26   products, or risk retribution," and that Mattel "terminated one of its licensees, apparently in

27

28

EXHIBIT ___7___

PAGE ___66___

21

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

1  retribution for licensing Bratz." MGA's Complaint at ¶76. MGA's requests are reasonably
2  calculated to lead to information relevant to this allegation. Although the definition of product is
3  broad, the definition does not render the requests overbroad because they are otherwise limited in
4  subject matter. Further Mattel has failed to establish that it is unduly burdensome to search for
5  and produce documents responsive to this category of requests. Therefore, MGA's motion is
6  granted as to request nos. 64, 65, 66, and 67.

7                              10. Document Request Nos. 102-104

8          This category of requests requires production of Mattel's communications with three
9  companies referring to MGA, Bratz or Larian. MGA contends that these documents are relevant
10  to its claims that Mattel interfered with its business dealings with third parties.

11         Mattel now represents that it will produce communications with Nickelodeon that bear on
12  MGA's allegation regarding sponsorship of the 2005 Kids Choice Awards. Mattel contends,
13  however, that communications with Cartoon Network or 4kids Entertainment are not relevant to
14  any claim or defense in suit.

15         Mattel's communications with Nickelodeon regarding MGA, Bratz or Larian are relevant
16  in light of MGA's allegation that Mattel was "instrumental in attempting to keep MGA from
17  participating as a sponsor in the 'Kids' Choice Awards.'" Id. at ¶97. Therefore, MGA's motion
18  is granted as to request nos. 102. In contrast, MGA has failed to establish that similar
19  communications with Cartoon Network and 4kids Entertainment are relevant to a claim or
20  defense in suit. Therefore, MGA's motion is denied as to request nos. 103 and 104.

21  //
22  //
23  //
24
25
26
27
28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT _____ 7 _____

PAGE _____ 69 _____                        22

V. CONCLUSION

For the reasons set forth above, MGA's motion to compel is granted in part as to document request nos. 32 ( as modified), 33 (as modified), 61 (as modified), 37, 39, 47 (as modified) , 59, 60, 62, 63, 64, 65, 66, 67, and 102, and denied in part as to document request nos. 38, 43, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 99, 101, 103 and 104.  MGA's request for sanctions is denied.  Mattel shall produce responsive documents as set forth above no later than June 15, 2007.

Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery Master, MGA shall file this Order with the Clerk of Court forthwith.

Dated: May 22, 2007

HON. EDWARD A. INFANTE (Ret.)
Discovery Master

EXHIBIT _____ 7

PAGE _____ 90          23