(internal quotation marks and citation omitted). Because "section 17200 is written in the disjunctive, it establishes three varieties of unfair competition--acts or practices which are unlawful, unfair, or fraudulent." Cel-Tech Communications v. Los Angeles Cellular Telephone Co., 20 Cal.4th 163, 180, 83 Cal.Rptr.2d 548 (1999) (emphasis added). "Unlawful" practices are those practices that are prohibited by law, whether "civil or criminal, federal, state, or municipal, statutory, regulatory, or court-made." Saunders v. Superior Court, 27 Cal.App.4th 832, 839 (citing People v. McKale, 25 Cal.3d 626, 632 (1979)). The prohibition against "unfair" conduct is not as broad as it would seem. In Cel-Tech, the California Supreme Court announced that the test of "unfairness" for commercial cases: "Unfair" means "conduct that threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition." Cel-Tech, 20 Cal.4th at 187.

### 2. Standing

Bryant claims to be bringing the § 17200 "on his own behalf, on behalf of all current and former employees of Mattel employees . . . and on behalf of the general public." See Counterclaims ¶ 10. The parties disagree as to whether he may bring such a claim on behalf of anyone other than himself and argue this point on state-law grounds. However, it is clear under established Ninth Circuit authority that Bryant's purported claims on behalf of others suffer from a federal constitutional deficiency: Bryant must satisfy the case-or-controversy requirement of Article III for any claim that he brings under § 17200. Bryant has not alleged facts that establish that he has standing to bring his claims on behalf of anyone other than himself.[2] See Lee v. American Nat. Ins. Co., 260 F.3d 997, 1001 (9th Cir. 2001) (rejecting, on constitutional grounds, a plaintiff's attempt to assert a § 17200 claim on behalf of others noting that "Article III of the Constitution . . . limits the jurisdiction of the federal

---

[2] As stated below, Bryant has failed to state a claim on his own behalf as well.

courts to 'cases and controversies,' a restriction that has been held to require a plaintiff to show, *inter alia*, that he has actually been injured by the defendant's challenged conduct.") (citing Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc., 528 U.S. 167, 180, 120 S.Ct. 693 (2000)).

Absent class-action type allegations (and a successful motion to certify a class pursuant to Fed. R. Civ. P. 23), it appears to the Court that Bryant cannot assert claims challenging the Employee Agreement or the COI Questionnaire on behalf of anyone other than himself. Therefore, the Court considers only whether Bryant has stated a claim pursuant to § 17200 on his own behalf.

### 3. Cal. Bus. & Prof. Code § 16600

Bryant argues that the Agreement is "unlawful" because it violates Cal. Bus. & Prof. Code § 16600, which provides: "Except as provided in this chapter, every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void." Id. Specifically, Bryant argues (without further elaboration) that "the [Employment] Agreement unlawfully impair[s] Bryant's right to prepare to compete with Mattel." Opp. at 7.

California law permits an employee to seek other employment and even to make some "preparations to compete" before resigning. See Bancroft-Whitney Co. v. Glen, 64 Cal.2d 327, 346 (1966) ("The mere fact that the officer makes preparations to compete before he resigns his office is not sufficient to constitute a breach of duty. It is the nature of his preparations which is significant.") However, "an employee may not transfer his loyalty to a competitor." Stokes v. Dole Nut Co., 41 Cal.App.4th 285, 295 (1995). "During the term of employment, an employer is entitled to its employees' undivided loyalty." Id. (internal citations and quotation marks omitted).

Mattel alleges in the Complaint that Bryant entered into an agreement with MGA to provide MGA design services on a "top priority" basis while he was still employed with by Mattel. Compl. ¶ 13. Bryant also makes similar allegations in the related case, Bryant v. Mattel, Inc., 04-09049: "MGA ultimately offered Bryant a

1  consulting arrangement. His agreement with MGA was signed on or about October 4,
2  2000. Bryant resigned from Mattel immediately, giving two weeks notice, but stayed at
3  the company until October 20 to finish up and transition the projects on which he had
4  been working." Compl. ¶ 38.
5       The parties' arguments assume that the Employment Agreement would prohibit
6  such conduct;[3] therefore, the Court considers whether an agreement prohibiting an
7  employee from entering into a contract with a competitor *during the course of his*
8  *employment* constitutes an unfair restraint of trade in violation of § 16600. The Court
9  concludes that it does not. Such an agreement is more akin to ensuring the employer
10 has the "employee's undivided loyalty" than it is to an agreement that restricts an
11 employee from "prepar[ing] to compete." For this reason, Plaintiff cannot state a
12 § 17200 claim on this basis.
13     4.   <u>Cal. Labor Code §§ 96(k), 98.6 and 2699</u>
14      Bryant also argues that the Agreement is "unlawful" because it violates a
15 number of provisions of the California Labor Code. Specifically, Bryant alleges that
16 the Agreement is "unlawful" because it violates § 96(k), which provides:
17         The Labor Commissioner and his or her deputies and
18      representatives authorized by him or her in writing shall, upon the filing
19      of a claim therefor by an employee, or an employee representative
20      authorized in writing by an employee, with the Labor Commissioner, take
21      assignments of: . . . (k) Claims for loss of wages as the result of
22      demotion, suspension, or discharge from employment for lawful conduct
23      occurring during nonworking hours away from the employer's premises.
24 Cal. Labor Code § 96(k).
25      Section 98.6 prohibits discrimination or retaliation against an employee who
26 engages in conduct described in §96(k). Section 2699 authorizes a private right of
27
28

---

[3] The Court does not mean to imply that Bryant has conceded this point.

EXHIBIT 10
PAGE 226
11

1  action for certain violations of the Labor Code.
2      Assuming that § 96(k) would otherwise support a § 17200 claim, Bryant has still
3  failed to allege any "loss of wages" or "demotion, suspension or discharge" based on
4  lawful off-duty conduct. Therefore, Bryant has not alleged facts sufficient to support a
5  violation of § 96(k) that would, in turn, support his § 17200 claim.
6      Despite Mattel's arguments against § 98.6 and § 2699 as a proper basis for
7  Bryant's § 17200 claim, Bryant did not defend such claims in his opposition; therefore,
8  the Court treats these claims as abandoned.
9      5.   <u>Cal. Labor Code § 2870</u>
10      Bryant also argues that the Agreement is "unlawful" because it violates Cal.
11  Labor Code § 2870. That provision states:
12      (a) Any provision in an employment agreement which provides
13  that an employee shall assign, or offer to assign, any of his or her rights
14  in an invention to his or her employer shall not apply to an invention that
15  the employee developed entirely on his or her own time without using the
16  employer's equipment, supplies, facilities, or trade secret information
17  except for those inventions that either:
18      (1) Relate at the time of conception or reduction to practice of the
19  invention to the employer's business, or actual or demonstrably
20  anticipated research or development of the employer; or
21      (2) Result from any work performed by the employee for the
22  employer.
23      (b) To the extent a provision in an employment agreement
24  purports to require an employee to assign an invention otherwise
25  excluded from being required to be assigned under subdivision (a), the
26  provision is against the public policy of this state and is unenforceable.
27  Cal. Labor Code § 2870.
28      The Employment Agreement assigns the rights to certain inventions by the

1 employee to the Company. The Agreement limits the scope of this assignment to the
2 extent required by § 2870 by specifically incorporating and quoting § 2870. The
3 Agreement also informs the employee that he bears the burden of proving that the
4 invention falls within the scope of § 2870. This is consistent with California law. See
5 Cal. Labor Code § 2872 ("In any suit or action arising thereunder, the burden of proof
6 shall be on the employee claiming the benefits of its provisions.").

Therefore, Bryant cannot maintain a § 17200 claim based on § 2870.

### 6. Unconscionability

Unconscionability has both procedural and substantive elements. Armendariz v. Foundation Health Psychcare Services, Inc., 24 Cal.4th 83, 99 (2000). Both must be present for a court to invalidate a contract or one of the contract's provisions. Id. at 114. However, "[t]he more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa." Id.

Procedural unconscionability focuses on the elements of oppression and surprise. Discover Bank v. Superior Court, 36 Cal.4th 148, 160 (2005). "Oppression arises from an inequality of bargaining power which results in no real negotiation and an absence of meaningful choice . . . . Surprise involves the extent to which the terms of the bargain are hidden in a 'prolix printed form' drafted by a party in a superior bargaining position." Crippen v. Central Valley RV Outlet, 124 Cal.App.4th 1159, 1165 (2004).

Substantive unconscionability focuses on the actual terms of the agreement and evaluates whether they create "overly harsh" or "one-sided results." Armendariz, 24 Cal.4th at 114. To be substantively unconscionable, a contractual provision must shock the conscience. California Grocers Assn. v. Bank of America, 22 Cal.App.4th 205, 214 (1994).

Here, Bryant alleges that the Employee Agreement is a contract of adhesion. Counterclaims ¶ 26. For purposes of the present analysis, the Court assumes that the

1  Employment Agreement is procedurally unconscionable. See Discover Bank v.
2  Superior Court, 36 Cal.4th 148, 160 (2005) ("The procedural element of an
3  unconscionable contract generally takes the form of a contract of adhesion, which,
4  imposed and drafted by the party of superior bargaining strength, relegates to the
5  subscribing party only the opportunity to adhere to the contract or reject it.") (internal
6  quotation marks and citation omitted). However, upon examination of the terms of the
7  Employment Agreement, the Court is unable to conclude that the element of
8  substantive unconscionability has been met. It is not surprising or overly harsh that
9  Mattel would expect its trade secrets and proprietary information to be kept
10 confidential; the same is true regarding Mattel's expectation that the works of its
11 design staff — created by Mattel's employees, using Mattel's resources, during time
12 for which Mattel paid the employee — be considered its property. Therefore, Bryant
13 cannot state a claim based on unconscionability.

### 7. Cal. Labor Code §§ 232 and 232.5

Although not pleaded in the Counterclaims, Bryant argues that his § 17200 claim is supported by an alleged violation of §§ 232 and 232.5. These provisions prohibit limitations on an employee's ability to disclose the amount of his or her wages or information about his or her working conditions. Bryant's arguments fail to address how the Employment Agreement (which prohibits the disclosure of "trade secrets" and "proprietary information") prevented him from disclosing the amount of his wages or information about his working conditions. Bryant has failed to state a § 17200 claim based on §§ 232 and 232.5.

### 8. Unfairness

As noted above, there is only a limited basis on which a plaintiff may challenge conduct as an "unfair" business practice. See Cel-Tech Communications, 20 Cal.4th at 187 ("unfair" conduct that may be challenged pursuant to § 17200 is conduct that is, or is similar to, conduct that constitutes a violation of antitrust laws). Bryant's allegations do not state a claim for an "unfair" business practice in violation of

EXHIBIT ___10___

14   PAGE ___229___

§ 17200.

### 9. "Fraudulent" Conduct

Bryant also argues that the same conduct complained of in connection with his fraud claim also supports a § 17200 claim based on the prohibition against "fraudulent" conduct. This claim is not cognizable. Bryant's fraud claim, explored more fully in the following section, is based upon Mattel's alleged failure to explain to him the terms of the Employment Agreement. However, to allege a "fraudulent business practice" under § 17200, a plaintiff must allege that "members of the public are likely to be deceived." Comm. on Children's Television, Inc. v. Gen. Foods Corp., 35 Cal.3d 197, 211 (1983). Bryant has not alleged facts that would tend to establish that the public might be deceived by Mattel's conduct regarding its employment practices.

### E. Fraud Claim

The parties agree that Bryant's fraud claim is one for fraudulent concealment, and that Bryant must allege all the elements set forth in Marketing West, Inc. v. Sanyo Fisher Corp., 6 Cal.App.4th 603, 612-13 (1992): (1) Mattel must have concealed or suppressed a material fact; (2) Mattel must have been under a duty to disclose the fact to Bryant; (3) Mattel must have intentionally concealed or suppressed the fact with the intent to defraud Bryant; (4) Bryant must have been unaware of the fact and would not have acted as he did if he had known of the concealed or suppressed fact; and (5) as a result of the concealment or suppression of the fact, Bryant must have sustained damage. Bryant alleges that "Mattel required [him] to execute the [Employment] Agreement without disclosing to him its true import and terms." Counterclaims ¶ 56. Bryant's claim is, in essence, that Mattel failed to inform him of the potential legal effect the Agreement might have; in other words, Bryant claims that Mattel failed to fully explain the Agreement to him. This does not support a fraudulent concealment claim.

Bryant argues, based on Marketing West, that because Mattel chose to

15

EXHIBIT _____ 10
PAGE _____ 230

1 | respond to his inquiries, Mattel was under a duty to disclose material facts. Under
2 | Marketing West, where a party is "under no duty to speak" but nevertheless
3 | "undertakes to do so, either voluntarily or in response to inquiries, he is bound not only
4 | to state truly what he tells but also not to suppress or conceal any facts within his
5 | knowledge which materially qualify those stated." Marketing West, 6 Cal.App.4th at
6 | 613 (citing Rogers v. Warden, 20 Cal.2d 286, 289 (1942)) (internal quotation marks
7 | omitted). In other words, one who speaks "must make a full and fair disclosure." Id.
8 | Bryant makes no allegations that suggest that anyone at Mattel falls into this
9 | category. He alleges that he was "presented with the form Agreement by Mattel," and
10 | that "he was told that his execution of the Agreement was a condition of his
11 | employment." Counterclaims ¶ 26. He then alleges that "[t]he terms of the Agreement
12 | were not explained to him." Id. This is not the situation discussed in Marketing West
13 | which, not surprisingly, prohibits a party from disclosing only that part of the truth that
14 | favors it. Here, Bryant's allegations complain that Mattel did not disclose anything
15 | regarding the Employment Agreement.

**F.  Rescission**

Bryant asserts that rescission is proper because (1) the Agreement was obtained through fraud; (2) Mattel required Bryant to execute the document as a condition of employment, which resulted in duress; and (3) Mattel did not explain the terms of the Agreement to Bryant, did not give him sufficient time to review it, and did not permit or encourage him to seek legal counsel regarding the Agreement.

Bryant failed to state a fraud claim; therefore, rescission based on his fraud claim would be improper.

Bryant's allegations do not meet the standard for duress, and Mattel's failure to encourage him to seek legal counsel also does not require rescission of the Employment Agreement. See Robison v. City of Manteca, 78 Cal.App.4th 452, 457 (2000). Additionally, although Bryant argues that he was not "given a meaningful opportunity to review the Agreement at the time he executed it," he does not allege

1  that he asked for, and was refused, sufficient time to actually read the Agreement with
2  which he was presented.
3  **G.   Declaratory Relief**
4        Finally, in his fourth counterclaim, Bryant seeks declaratory judgment that
5  Mattel's conduct in requiring Bryant and other employees to execute the Employment
6  Agreement constitutes unfair competition and unfair business practices in violation of
7  Cal. Bus. & Prof. Code §§ 17200 and 16600. This claim for declaratory relief fails
8  because the underlying § 17200 fails.
9        Bryant also seeks a declaration that the Employment Agreement is unlawful
10 and unenforceable as to him and as to other current and former employees of Mattel.
11 See Bryant's Counterclaims ¶¶ 61-65. As discussed previously, Bryant has no
12 standing to assert claims on behalf of anyone other than himself. As discussed
13 throughout this Order, Bryant has not sufficiently alleged that the Employment
14 Agreement is unlawful or unenforceable as to him.
15 **H.   Ruling on Motion to Dismiss (04-09059)**
16       The Motion to Dismiss is **GRANTED** in its entirety. Bryant requested in his
17 Opposition for an opportunity to amend his counterclaims. Therefore, the Court
18 dismisses Bryant's counterclaims without prejudice. Bryant may file Amended
19 Counterclaims that conform with this Order within ten days of the entry of this Order.
20                              **IV. Conclusion**
21       For the reasons set forth above, the Court **GRANTS** the Motion to Dismiss in
22 04-09049 and **DISMISSES WITHOUT PREJUDICE** Bryant's action for declaratory
23 relief. The Court also **GRANTS** the Motion to Dismiss in 04-09059, and **DISMISSES**
24 **WITHOUT PREJUDICE** Bryant's counterclaims. Bryant is granted ten days' leave to
25 amend the counterclaims in conformity with this Order.

EXHIBIT _10_

PAGE _232_

Although this Order dismisses the Complaint in 04-09049, any future filings in the consolidated action shall continue to be filed under 04-09049 in conformity with the Court's consolidation order.

IT IS SO ORDERED.

DATE: 7-17-06

/s/ Stephen G. Larson
STEPHEN G. LARSON
UNITED STATES DISTRICT JUDGE

EXHIBIT _____ 10
PAGE _____ 233