```
 1        A.    UNTIL I QUIT.   UNTIL I QUIT BRATZ.

 2        Q.    WHERE IS IT THAT MS. MORALES LIVES?

 3        A.    IT'S HAWTHORNE, THAT AREA.   I'M --

 4        Q.    I'M SORRY WHERE?

 5        A.    HAWTHORNE.                                    05:53:14

 6        Q.    HAWTHORNE?

 7        A.    I BELIEVE IT IS HAWTHORNE.   IT'S AROUND

 8   THAT NEIGHBORHOOD.

 9        Q.    OTHER THAN MS. CABRERA AND MS. MORALES WHO

10   YOU HAVE DISCUSSED SO FAR, ARE THERE ANY OTHER          05:53:34

11   PERSONS WHO YOU HIRED ON TO DO WORK FOR YOU WHILE

12   THEY WERE MATTEL EMPLOYEES AND YOU WERE NOT WORKING

13   FOR MATTEL?

14        A.    NO.

15        Q.    SO THOSE ARE THE TWO?                         05:53:44

16        A.    YEAH.

17        Q.    THE ONLY TWO?

18        A.    YES.

19        Q.    HAVE YOU DISCUSSED THIS LAWSUIT WITH

20   MS. CABRERA?                                            05:54:03

21        A.    NO.

22        Q.    HAVE --

23        A.    EXCEPT THAT AFTER I KNEW THAT I WAS GOING

24   TO HAVE THIS DEPOSITION I TOLD HER, I WARNED HER,

25   LOOK, YOUR NAME IS GOING TO COME UP, I GAVE TO MY       05:54:14
```

308

EXHIBIT _N_ PAGE 254

```
 1    LAWYER ALL THE PAPERWORK THAT I HAVE WITH THE TIME

 2    SHEET, YOUR NAME AND ALL THAT.

 3         Q.   AND WHEN DID YOU DO THAT?

 4         A.   IT WASN'T TOO LONG AGO I TOLD HER THAT.

 5         Q.   THE LAST COUPLE MONTHS?                      05:54:34

 6         A.   YEAH.

 7         Q.   OTHER THAN THAT, HAVE YOU EVER HAD ANY

 8    CONVERSATIONS WITH HER ABOUT THIS LAWSUIT?

 9         A.   NO.

10         Q.   OR ANY COMMUNICATIONS OF ANY KIND?          05:54:42

11         A.   COMMUNICATION?

12              MR. MCFARLAND:  ABOUT THE LAWSUIT.

13              THE WITNESS:  ABOUT THE LAWSUIT?

14    BY MR. ZELLER:

15         Q.   RIGHT.                                       05:54:49

16         A.   YEAH, NO, I DID NOT.

17         Q.   I JUST WANT TO MAKE SURE THERE WEREN'T

18    EMAILS OR SOMETHING LIKE THAT.

19         A.   OKAY, NO, NO, NO, THERE'S NONE OF THAT.

20         Q.   HAVE YOU EVER SPOKEN WITH MS. MORALES ABOUT  05:54:57

21    THIS LAWSUIT?

22         A.   YES, I DID.

23         Q.   AND WHEN DID YOU TALK WITH HER FOR THE

24    FIRST TIME ABOUT THE LAWSUIT?

25         A.   AT THE SAME TIME THAT I TALKED TO ISABEL     05:55:07
```

309

EXHIBIT N   PAGE 255

1    A.    OKAY.

2    Q.    ACTUALLY, I HAVE A SLIGHTLY BETTER COPY.

3          MR. MCFARLAND:  DO YOU WANT ME TO TAKE THIS

4    ONE?

5          MR. ZELLER:  YES, WHY DON'T YOU TAKE THAT        07:18:03

6    ONE.

7    Q.    THAT'S A PRETTY DIRECT PRINTOFF, SO THAT

8    MIGHT BE A LITTLE SHARPER FOR YOU.

9          FOR PURPOSES OF OUR QUESTION YOU CAN IGNORE

10   THE FIRST PAGE OF EXHIBIT 912.                         07:18:13

11   A.    OKAY.

12   Q.    AND I WOULD LIKE TO ASK YOU TO LOOK THROUGH

13   THE PHOTOGRAPHS --

14   A.    UH-HUH.

15   Q.    -- THAT ARE PART OF EXHIBIT 912 HERE, AND        07:18:18

16   ASK YOU IF YOU RECOGNIZE ANY OF THESE AS BEING THE

17   PAINTED BRATZ DOLLS THAT -- THAT YOU HAD RECEIVED

18   AND -- AND GAVE BACK TO M.G.A. AT SOME POINT FOR --

19   FOR USE ON THE -- AT THE HONG KONG TOY FAIR?

20   A.    YES.                                             07:18:39

21   Q.    THESE ARE --

22   A.    YEAH, THESE ARE IT.

23   Q.    AND WHEN YOU SAID THAT THERE WERE WIGS THAT

24   YOU HAD WORKED ON, ARE THEY THE -- THE WIGS THAT ARE

25   DEPICTED ON THE DOLLS HERE?                            07:18:50

362

EXHIBIT N PAGE 256

1    A.   YES.

2    Q.   ON ALL FOUR OF THEM?

3    A.   YES, ALL FOUR OF THEM.

4    Q.   DID YOU DO THE -- THE WORK ON THESE WIGS

5  YOURSELF, OR DID YOU HAVE SOMEONE HELP?          07:18:58

6    A.   I DID THEM MYSELF.

7    Q.   IN FACT, LET ME ASK YOU THIS MORE

8  GENERALLY.  YOU'VE OBVIOUSLY TOLD ME SO FAR ABOUT

9  PEDRO SALAZAR, ANA ISABEL CABRERA, AND BEATRICE

10  MORALES --                                        07:19:26

11    A.   UH-HUH.

12    Q.   -- AS HELPING YOU OR DOING WORK FOR YOU ON

13  THE BRATZ PROJECT; RIGHT?

14    A.   RIGHT.

15    Q.   IS THERE ANYONE ELSE WHO YOU HAD WORK FOR   07:19:32

16  YOU ON THE BRATZ PROJECT?

17    A.   I'M -- I'M GLAD YOU MENTIONED THAT, BECAUSE

18  I FAILED TO TELL YOU THAT PEDRO SALAZAR'S WIFE,

19  MARIA ELENA SALAZAR, ALSO WORK ON SOME OF THESE

20  FASHION, BECAUSE SHE WAS HELPING HER HUSBAND, AND AT  07:19:49

21  THE TIME SHE WAS WORKING FOR MATTEL.

22    Q.   MARIA SALAZAR WAS?

23    A.   YEAH, MARIA ELENA SALAZAR.

24    Q.   OH, I'M SORRY, MARIA ELENA?

25    A.   ELENA, YEAH.  IT'S WEIRD YOU SAY MARIA      07:20:04

363

EXHIBIT N PAGE 257

1  SALAZAR, BECAUSE I ALWAYS CALLED HER MARIA ELENA,

2  SO...

3      Q.   AND HOW IS IT YOU KNOW THAT MARIA ELENA

4  SALAZAR HELPED PEDRO ON THE -- THE BRATZ FASHIONS?

5      A.   BECAUSE WHEN I GO THERE, WORK WITH THEM THE          07:20:23

6  WEEKENDS -- NOT WHEN I WOULD GO DURING THE -- DURING

7  THE WEEK, BECAUSE SHE WAS WORKING AT MATTEL, BUT ON

8  THE WEEKENDS SHE WOULD BE THERE AND SHE WOULD PITCH

9  IN AND HELP OUT A LITTLE BIT.

10     Q.   DID SHE SIGN ANY OF THE -- THE RECEIPTS OR           07:20:41

11  TIME SHEETS?

12     A.   YES, SHE DID.

13     Q.   DID PEDRO ALSO DO THAT?

14     A.   YES, HE DID.

15     Q.   DID EITHER PEDRO SALAZAR OR MARIA ELENA              07:20:48

16  SALAZAR SIGN ANY KIND OF WRITTEN AGREEMENT WITH YOU

17  CONCERNING THEIR WORK ON BRATZ?

18     A.   NO.

19     Q.   OTHER THAN I THINK WHAT YOU DESCRIBED

20  PREVIOUSLY, THE -- THE RECEIPTS AND THE -- THE TIME         07:21:07

21  SHEETS, IS THERE ANY OTHER DOCUMENTATION THAT YOU

22  HAVE THAT REFLECTS THE WORK THAT THEY DID?

23     A.   NO.

24     Q.   BY THE WAY, WHEN YOU WERE -- WHEN YOU PAID

25  THESE FOUR VENDORS THAT WE'VE TALKED ABOUT, PEOPLE          07:21:24

364

EXHIBIT N PAGE 258

```
1    STATE OF CALIFORNIA       )

2    COUNTY OF RIVERSIDE.      )  SS.

3

4         I, PAULA A. PYBURN, CSR NO. 7304, R.P.R., C.L.R., IN

5    AND FOR THE STATE OF CALIFORNIA, DO HEREBY CERTIFY:

6         I AM THE DEPOSITION OFFICER THAT STENOGRAPHICALLY

7    RECORDED THE TESTIMONY IN THE FOREGOING DEPOSITION;

8         PRIOR TO BEING EXAMINED THE DEPONENT WAS FIRST DULY

9    SWORN BY ME;

10        THE FOREGOING TRANSCRIPT IS A TRUE RECORD OF THE

11   TESTIMONY GIVEN.

12        BEFORE COMPLETION OF THE DEPOSITION, REVIEW OF THE

13   TRANSCRIPT [X] WAS [ ] WAS NOT REQUESTED.  IF REQUESTED,

14   ANY CHANGES MADE BY THE DEPONENT (AND PROVIDED TO THE

15   REPORTER) DURING THE PERIOD ALLOWED ARE APPENDED HERETO.

16

17   DATED _____.

18

19

20        _____
          PAULA A. PYBURN
21        C.S.R. NO. 7304, R.P.R.
          CERTIFIED LIVENOTE REPORTER
22

23

24

25
```

EXHIBIT N PAGE 259

**EXHIBIT  O**

CONFIDENTIAL                                        264

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

MATTEL, INC., a Delaware corporation, )   CASE NO.
                                        )   CV 04-9059 DDP (AJWx)
          Plaintiff,            )
                                          )
    vs.                              )
                                          )
CARTER BRYANT, an individual, and    )
DOES 1 through 10, inclusive,        )
                                          )
          Defendants.            )

CARTER BRYANT, on behalf of himself, )
all present and former employees of  )
Mattel, Inc., and the general public, )
                                         )
         Cross-Complainant,       )
                                          )
    vs.                              )
                                          )
MATTEL, INC., a Delaware corporation, )
                                          )
         Cross-Defendant.         )

VOLUME II
THE VIDEOTAPED DEPOSITION OF CARTER BRYANT,
produced, sworn, and examined on Friday, November 5, 2004,
at 9:10 a.m. of that day, pursuant to Notice to Take
Deposition at the University Plaza, Executive Boardroom,
333 South John Q. Hammons Parkway, in the City of Springfield,
County of Greene, State of Missouri, before Sherrie L. Hunt,
Certified Court Reporter, and Notary Public, in a certain
cause now pending in the United States District Court for the
Central District of California, wherein the parties are as
above set forth; taken on behalf of the Plaintiff and
Cross-Defendant.

COURT REPORTERS OF THE MIDWEST, INC.
P.O. Box 4282
Springfield, MO 65808 (417) 889-2079

EXHIBIT ___D___ PAGE 260

<u>CONFIDENTIAL</u>                                            265

A P P E A R A N C E S

For Plaintiff and          MR. JOHN B. QUINN
Cross-Defendant:           MR. MICHAEL T. ZELLER
                           MS. TANIA KREBS
                           Quinn, Emanuel, Urquhart,
                               Oliver & Hedges
                           865 South Figueroa Street
                           10th Floor
                           Los Angeles, California 90017


For Defendants and         MR. DOUGLAS A. WICKHAM
Cross-Complainant:         MS. DIBA RASTEGAR
                           Littler Mendelson
                           2049 Century Park East
                           5th Floor
                           Los Angeles, California 90067


Also Present:              Ms. Dale M. Cendali
                           Mr. Michael Moore

Videotaped by:             Mr. Donald Gifford
                           Mr. Donald Gifford, II
                           1528 East Glenwood
                           Springfield, Missouri 65804


I N D E X

                                                    Page

WITNESS:  CARTER BRYANT

Direct Examination (Cont.) By Mr. Quinn ..........   267

Notarial Certificate and Costs ..................   495

                              * * *


Phonetic spelling:  (Ph.)
Exactly as stated:  (Sic)

EXHIBIT __O__ PAGE 261

CONFIDENTIAL

285

1    Q    (By Mr. Quinn)  So I'm using it in the same sense that I
2         used in that question.
3                   MS. CENDALI:  But there's a difference
4         because of the contract.  Object, vague, ambiguous,
5         overbroad, indecipherable.
6    Q    (By Mr. Quinn)  You get to answer now.
7    A    To the best of my understanding of your question, no.
8    Q    And I want to make sure we've communicated here.  When you
9         answered my question when I asked you whether MGA ever
10        commissioned you to do any drawings and you said, well,
11        yes, the angel project -- do you recall telling me that?
12   A    Yes.
13   Q    What -- when you were answering that question, what was
14        your understanding of what the word "commission" meant?
15   A    Just work for hire.
16   Q    So using that same definition -- were you using that same
17        definition when you asked my -- answered my question about
18        whether MGA ever commissioned you to do any drawings
19        relating to Bratz?
20   A    To the best of my understanding, no.
21   Q    They never did that?
22   A    No.
23   Q    My statement's correct?
24   A    Yes.
25   Q    Did you work with Veronica Marlow on any Mattel project in

09:36
09:36
09:36
09:37
09:37
09:37

EXHIBIT ___O___ PAGE 262

CONFIDENTIAL                                                      286

```
 1        the year 2000?                                          09:37

 2   A    No.

 3   Q    Are you familiar with the phrase "passion for fashion"?

 4   A    Yes.

 5   Q    Do you know anything about the origin of that phrase?   09:37

 6   A    That came from one of MGA's employees.

 7   Q    You didn't have anything to do with the realization of

 8        that --

 9   A    No.

10   Q    -- phrase?                                              09:38

11             MR. WICKHAM:  Objection, foundation, calls

12        for speculation.

13             MR. QUINN:  I don't know who would know if

14        he doesn't.

15   Q    (By Mr. Quinn)  Did you --                              09:38

16             MS. CENDALI:  Well, there are a lot of

17        people.

18   Q    (By Mr. Quinn)  So would you work -- while you were

19        employed by Mattel, did you work for any other Mattel

20        competitor?                                             09:38

21             MS. CENDALI:  Objection, mischaracterizes

22        his testimony.

23   A    Other than the things that I've already described about

24        doing for MGA, no.

25   Q    (By Mr. Quinn)  Are you aware of any Mattel employees   09:38
```

EXHIBIT __O__ PAGE __263__

```
 1     besides yourself who worked for MGA while employed by        09:38

 2     Mattel?

 3              MR. WICKHAM:  Objection, mischaracterizes

 4     the witness's testimony.

 5  A  I am not.                                                   09:38

 6  Q  (By Mr. Quinn)  Before signing your contract with MGA, did

 7     you do any research or investigation or due diligence

 8     regarding MGA?

 9              MR. WICKHAM:  Objection, asked and answered.

10  A  What do you mean by "due diligence"?                        09:39

11  Q  (By Mr. Quinn)  Oh, it's one of these legalisms that we

12     lapse into.  Basically I'm just trying to find out whether

13     you did any investigation to find out more about the

14     company or tried to find out who they were, what their

15     history is, what their reputation was, what they did, any   09:39

16     kind of investigation to learn about the company.  That's

17     what I mean.

18              MS. CENDALI:  Objection to form.

19  A  I don't believe that I did, no.

20  Q  (By Mr. Quinn)  Okay.  Suppose we'll look at some           09:39

21     documents.

22  A  Okay.

23  Q  Could you identify for us the MJ -- MGA employee who came

24     up with the phrase "passion for fashion"?

25  A  I believe his name is Charles O'Connor.                     09:40
```

CONFIDENTIAL                                          288

1            (Pause in proceedings.)                    09:40
2            MR. QUINN:  Madam Reporter, if it's okay
3    with you, I'm just going to mark these with a number and,
4    then you can apply your stickers all at once at the end,
5    if that's okay.                                    09:40
6            COURT REPORTER:  Sure.
7            MR. QUINN:  And we haven't allocated exhibit
8    numbers in this case, have we, or have we?
9            MR. WICKHAM:  We have not yet.
10           MR. QUINN:  So should we just start with 1,  09:41
11   start at the beginning?
12           MR. WICKHAM:  Sounds good to me.
13           MR. QUINN:  All right.  I'm going to ask the
14   reporter to mark as Exhibit 1 a multi-page document.
15           MR. WICKHAM:  Are you going to keep that one  09:41
16   or give it to the reporter?  What's your pleasure?
17           MR. QUINN:  I'll probably give it -- well,
18   let's see.  One, two, three.  You need those three, so I
19   will give it to the reporter.
20   Q  (By Mr. Quinn)  This is a multi-page document bearing  09:41
21   Bates numbers 26 -- Bryant 262 to 272.  I would ask you,
22   Mr. Bryant, to please take a look at this document that
23   we're marking as Exhibit 1, and my question for you, sir,
24   is whether you can identify this for us.
25           MR. WICKHAM:  Before we do so, the documents  09:41

EXHIBIT  O  PAGE 265

CONFIDENTIAL                                    494

DEPONENT'S SIGNATURE PAGE

RE:  Mattel, Inc., vs. Carter Bryant, et al.
     Carter Bryant vs. Mattel, Inc.
     Case No. CV 04-9059 DDP (AJWx)
     Deposition taken on November 5, 2004

    I do hereby certify that the foregoing is a true and
correct transcript of the deposition in the foregoing-styled
and numbered cause, and I now sign the same as true and
correct, with the exception of the corrections which I have
noted on the correction sheet provided.

                          _____
                                 CARTER BRYANT


    Subscribed and sworn to before me this 2ᴺᴰ day of
_Mach_____ , 2005.

                          _____
                                 Notary Public


My Commission Expires:           

_Dec. 31, 2008_


EXHIBIT _O_  PAGE _266_

CONFIDENTIAL                                              495

## NOTARIAL CERTIFICATE

STATE OF MISSOURI      )
                       )  ss.
COUNTY OF GREENE       )


        I, Sherrie L. Hunt, Certified Court Reporter, and
Notary Public within and for the State of Missouri, do
hereby certify that on November 5, 2004, pursuant to Notice,
the above witness, CARTER BRYANT, was by me first duly sworn
to testify the truth, the whole truth, and nothing but the
truth in the case aforesaid; and that the deposition by him
was reduced to writing by me in stenotype, and thereafter
transcribed by me, and is fully and accurately set forth in
the preceding pages; that presentment by me to the witness for
signature was waived; and that the deposition will be
thereafter by the witness read, signed, and sworn to on or
before the date of trial.

        I do further certify that I am not related to, nor
attorney for, nor employed by any of the said parties, nor
otherwise interested in the event of said action.


                                    _____
    Sherrie L Hunt                  Sherrie L. Hunt
    Notary Public                   Certified Court Reporter
    Greene County                   C.C.R. Number 1027
    State of Missouri               Notary Public
    My Commission Expires May 17, 2005

My commission expires:  May 17, 2005


Costs:  To Plaintiff and Cross-Defendant $1,344.45
        To Defendants and Cross-Complainant $430.85


            COURT REPORTERS OF THE MIDWEST, INC.
                         P.O. Box 4282
            Springfield, MO 65808 (417) 889-2079


EXHIBIT __O__ PAGE 267

**EXHIBIT P**

1   THOMAS J. NOLAN (Bar No. 066992)
    SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2   300 South Grand Avenue
    Los Angeles, CA 90071-3144
3   Telephone: (213) 687-5000
    Facsimile: (213) 687-5600
4   E-mail:     tnolan@skadden.com

5   RAOUL D. KENNEDY (Bar No. 40892)
    SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
6   Four Embarcadero Center, Suite 3800
    San Francisco, CA 94111
7   Telephone: (415) 984-6400
    Facsimile: (415) 984-2698
8   E-mail:     rkennedy@skadden.com

9   Attorneys for Counter-Defendants,
    MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA ENTERTAINMENT
10  (HK) LIMITED, AND MGAE de MEXICO S.R.L. de C.V.

11                    UNITED STATES DISTRICT COURT

12                   CENTRAL DISTRICT OF CALIFORNIA

13                          EASTERN DIVISION

14  CARTER BRYANT, an individual          )   CASE NO. CV 04-9049 SGL (RNBx)
                                          )
15                    Plaintiff,          )   Consolidated with Case No. 04-9059
                                          )   and Case No. 05-2727
16          v.                            )
                                          )   MGA ENTERTAINMENT (HK)
17  MATTEL, INC., a Delaware              )   LTD.'S SUPPLEMENTAL
    corporation                           )   RESPONSES TO MATTEL,
18                                        )   INC.'S REVISED THIRD SET
                      Defendant.          )   OF INTERROGATORIES
19                                        )
                                          )   Honorable Stephen G. Larson
20                                        )   Courtroom 1
                                          )
21  ───────────────────────────          )
    Consolidated with MATTEL, INC. v.     )   Discovery Cut-Off: March 3, 2008
22  BRYANT and MGA                        )
    ENTERTAINMENT, INC. v.                )
23  MATTEL, INC.                          )
                                          )
24

25  PROPOUNDING PARTY:     MATTEL, INC.  ("MATTEL")

26  RESPONDING PARTY:      MGA ENTERTAINMENT (HK) LTD.

27  SET NUMBER:            REVISED THIRD

28

─────────────────────────────────────────────────────────────────
                                    11-30
MGA HK'S SUPPL. RESPONSES TO MATTEL'S REVISED 3RD SET OF INTERROGATORIES   NO. CV 04-9049 SGL (RNBx)

**PRELIMINARY STATEMENT**

1
2          The General Response set forth herein applies to all responses that
3    MGA Entertainment (HK) Ltd. ("MGA (HK)") is providing in response to these
4    interrogatories (the "Interrogatories") or may in the future provide in response to any
5    discovery request in this action.  The Response is made without waiving, or
6    intending to waive but, on the contrary, expressly reserving:  (a) the right to object,
7    on the grounds of competency, privilege, relevancy or materiality, or any other
8    proper grounds, to the use of the Response, for any purpose in whole or in part, in
9    any subsequent step or proceeding in this action or any other action; (b) the right to
10   object on any and all grounds, at any time, to other interrogatories or other discovery
11   procedures; and (c) the right at any time to revise, correct, add to, or clarify any of
12   the responses propounded herein.
13          The Response reflects only the present state of MGA (HK)'s discovery
14   regarding the information that Mattel seeks.  Discovery and other investigation or
15   research concerning this litigation are continuing.  Mattel has produced almost no
16   documents to date and has produced no documents from its Zeus computer system,
17   and has not provided other discovery responses, including without limitation
18   supplemental responses to its March 7, 2005, responses to MGA's First Set of
19   Interrogatories (which responses were comprised almost entirely of objections).  It is
20   anticipated that further discovery, independent investigation, and legal research and
21   analysis will supply additional facts and meaning to the known facts, as well as
22   establish entirely new factual conclusions, all of which may lead MGA (HK) to
23   discover other information responsive to these Interrogatories.  MGA (HK) therefore
24   reserves the right to amend or supplement this Response at any time in light of future
25   investigation, research or analysis, and also expressly reserves the right to rely on, at
26   any time, including trial, subsequently discovered information omitted from this
27   Response as a result of mistake, error, oversight or inadvertence.  MGA (HK) does
28   not hereby admit, adopt or acquiesce in any factual or legal contention, assertion or

1  characterization contained in the Interrogatories or any particular request therein,

2  even where MGA (HK) has not otherwise objected to a particular interrogatory, or

3  has agreed to provide information responsive to a particular interrogatory.

4        No incidental or implied admissions are intended by this Response.

5  These responses should not be taken as an admission that MGA (HK) accepts or

6  admits the existence of any facts set forth or assumed by any instruction, definition

7  or interrogatory.

8                        **GENERAL OBJECTIONS**

9        MGA (HK) responds to these Interrogatories subject to the following

10 general objections and limitations, each of which is incorporated into each and every

11 response as though fully set forth therein:

12        1.    MGA (HK) objects to these Interrogatories to the extent they

13 seek information that is not subject to disclosure under any applicable privilege,

14 doctrine or immunity, including without limitation the attorney-client privilege, the

15 work product doctrine, the right of privacy, and all other privileges recognized under

16 the constitutional, statutory or decisional law of the United States of America, the

17 State of California or any other applicable jurisdiction.

18        2.    MGA (HK) objects to these Interrogatories to the extent they

19 seek information not relevant to the claims or defenses of any party to this action and

20 not reasonably calculated to lead to the discovery of admissible evidence.

21        3.    MGA (HK) objects to these Interrogatories to the extent they

22 seek information which by reason of public filing or otherwise is already in Mattel's

23 possession or is readily accessible to Mattel.

24        4.    MGA (HK) objects to these Interrogatories to the extent they

25 seek the disclosure of information (1) not currently within its possession, custody or

26 control; (2) that MGA (HK) cannot locate after a reasonably diligent search; or (3)

27 that refer to persons, entities, or events not known to MGA (HK).

28        5.    MGA (HK) objects to these Interrogatories to the extent they are

EXHIBIT __P__ PAGE __270__

1  overbroad and unduly burdensome.

2        6.      MGA (HK) objects to the definitions and instructions to the
3  extent such definitions and instructions purport to enlarge, expand, or alter in any
4  way the plain meaning and scope of any specific term or specific interrogatories on
5  the ground that such enlargement, expansion, or alteration renders such a term or
6  request vague, ambiguous, unintelligible, overly broad, unduly burdensome or
7  uncertain.

8        7.      MGA (HK) objects to the following definitions in these
9  Interrogatories:

10        (a)     MGA (HK) objects to the definition of the term "BRATZ"
11  (Definitions ¶ 9) as vague, ambiguous, overly broad and unduly burdensome, and
12  designed to mislead and confuse the trier of fact.  The definition includes "any
13  project, product, doll or DESIGN ever known by [the Bratz] name (whether in whole
14  or in part and regardless of what such project, product or doll is or has been also,
15  previously or subsequently called) and any product, doll or DESIGN or any portion
16  thereof that is now or has ever been known as, or sold or marketed under, the name
17  or term 'Bratz' (whether in whole or in part and regardless of what such product, doll
18  or DESIGN or portion thereof is or has been also, previously or subsequently called)
19  or that is now or has ever been marketed as part of the 'Bratz' line, and each version
20  or iteration of such product, doll or DESIGN or any portion thereof," and it goes on.
21  By incorporating the definition of DESIGN, the overly broad definition of BRATZ
22  includes two-dimensional and three-dimensional representations, including "works,
23  designs, artwork, sketches, drawings, illustrations, representations, depictions,
24  blueprints, schematics, diagrams, images, sculptures, prototypes, models, samples,
25  rotocasts, reductions to practice, developments, inventions and/or improvements . . .
26  ." (Definitions ¶ 8.)  These convoluted and multi-part definitions combine to render
27  the interrogatories vague, ambiguous and overly broad, and to include within the
28  term BRATZ things that do not fairly represent the Bratz line of dolls, accessories

3

MGA HK'S SUPPL. RESPONSES TO MATTEL'S REVISED 3RD SET OF INTERROGATORIESNO. CV 04-9049 SGL (RNBx)

EXHIBIT P PAGE 271

1 and related products that are the subject of this case. In responding to these
2 interrogatories, MGA (HK) will interpret the term BRATZ to mean the line of dolls
3 introduced by MGA (HK) to the market for sale in May or June of 2001 and
4 subsequent dolls, accessories and other products known as Bratz or associated by
5 MGA (HK) with the Bratz line of dolls;
6         (b)    MGA (HK) objects to the definition of the term "BRATZ
7 DOLL" (Definitions ¶ 12) as vague, ambiguous, overly broad and unduly
8 burdensome, and designed to mislead and confuse the trier of fact. The definition
9 includes any doll that "REFERS OR RELATES TO BRATZ." Mattel's definition of
10 the terms "BRATZ" and "REFERS OR RELATES" renders the definition of
11 "BRATZ DOLL" unintelligible because MGA (HK) cannot know, by way of
12 example, what dolls may "deal with, comment on, respond to, . . . or in any way
13 pertain" (Definitions ¶ 20) to "BRATZ." In responding to these interrogatories,
14 MGA (HK) will interpret the term "BRATZ DOLL" to mean the line of dolls
15 introduced by MGA (HK) to the market for sale in May or June of 2001 and
16 subsequent dolls known as Bratz;
17         (c)    MGA (HK) objects to the definition of the term
18 "CREATED" (Definitions ¶ 21) as vague, ambiguous, overly broad and unduly
19 burdensome, and designed to mislead and confuse the trier of fact. The definition
20 strays far from the English meaning of the term "created" by including concepts such
21 as "improved," "altered," "conceived of" and "reduced to practice." Thus, by way of
22 example, under Mattel's definition of "CREATED," the jury could be misled into
23 believing that a person "CREATED" a particular thing when that person did not, but
24 only slightly altered or improved the thing. In responding to these interrogatories,
25 MGA (HK) will not interpret the term "CREATED," but rather will respond using
26 words contained within the Mattel definition in their normal, accepted meaning;
27         (d)    MGA (HK) objects to the definition of the term
28 "INVENTIONS AGREEMENT" (Definitions ¶ 23) as vague, ambiguous, overly

4

EXHIBIT __P__ PAGE __272__

1 | broad and unduly burdensome, and designed to mislead and confuse the trier of fact.

2 | The definition includes "any other version of such January 4, 1999 agreement." In

3 | responding to these interrogatories, MGA (HK) will interpret the term

4 | "INVENTIONS AGREEMENT" to refer to the document Bates numbered

5 | M0001596;

6 |        (e)    MGA (HK) objects to the definition of the term "BRATZ

7 | INVENTION" (Definitions ¶ 10) as vague, ambiguous, overly broad and unduly

8 | burdensome, and designed to mislead and confuse the trier of fact. The definition

9 | strays far from the English meaning of the term "invention" by including concepts

10 | such as representation, idea, concept, work, process, procedure, plan, improvement,

11 | design and development, none of which necessarily equate to an invention. In

12 | responding to these interrogatories, MGA (HK) will not interpret the term "BRATZ

13 | INVENTION," but rather will respond using words contained within the Mattel

14 | definition in their normal, accepted meaning.

15 |        (f)    MGA (HK) objects to the terms "IDENTIFY" or

16 | "IDENTITY" (Definitions ¶ 28) as overbroad, unduly burdensome, vague,

17 | ambiguous, and oppressive. Mattel's definition of these terms inherently call for

18 | answers to multiple discrete questions or subparts to questions. For example, when

19 | those terms are used to reference any BRATZ INVENTION, the use of those terms

20 | requests at least 10 different and distinct facts: (a) the Bates number of any document

21 | that "REFERS OR RELATES TO the BRATZ INVENTION"; (b) the IDENTITY of

22 | the individual author or creator of the BRATZ INVENTIONS; (c) the IDENTITY of

23 | each other individual who contributed in any manner to the BRATZ INVENTION;

24 | (d) the form, material and medium of the BRATZ INVENTION; (e) the title or name

25 | of the BRATZ INVENTION; (f) the version, modification, revision or iteration

26 | number of the BRATZ INVENTION; (g) the current location of the original of the

27 | BRATZ INVENTION; (h) the first day on which the BRATZ INVENTION was

28 | created; (i) the last day on which the BRATZ INVENTION was CREATED; (j)

5

EXHIBIT P PAGE 273

1  whether the entire invention was CREATED during the period of time listed in the
2  Interrogatory (and if not, which portions were created during, earlier, or later than
3  the period of time listed in the Interrogatory.)  Therefore, any interrogatory that
4  includes or incorporates the terms "IDENTIFY" or "IDENTITY" are necessarily
5  compound and should be posed as separate interrogatories.
6          (g)    MGA (HK) objects to the terms "any" and "REFER OR
7  RELATE TO" on the grounds and to the extent that they are overbroad, unduly
8  burdensome or are vague and ambiguous in the context of the interrogatories as
9  written and as those interrogatories would be plainly understood absent Mattel's
10 definitions.
11         8.     MGA (HK) objects to these interrogatories to the extent that they
12 may unfairly seek to restrict the facts on which MGA (HK) may rely at trial.
13 Discovery has not been completed and MGA (HK) is not yet necessarily in
14 possession of all the facts and documents upon which MGA (HK) intends to rely.
15 All of the responses submitted herewith are tendered to Mattel with the reservation
16 that the responses are submitted without limiting the evidence on which MGA (HK)
17 may rely to support the contentions and defenses that MGA (HK) may assert at the
18 trial of this action and to rebut or impeach the contentions, assertions and evidence
19 that Mattel may present.  MGA (HK) reserves the right to supplement or amend
20 these responses at a future date.
21         9.     MGA (HK) objects to each interrogatory to the extent that it
22 seeks information that will be the subject of expert witness testimony and that is
23 therefore premature.
24         10.    MGA (HK) objects to each interrogatory to the extent that it
25 seeks the disclosure of confidential, proprietary, or trade-secret information.
26         11.    MGA (HK) objects to each interrogatory to the extent that it
27 calls for a legal conclusion.
28         12.    MGA (HK) reserves the right to object on any ground at any

6

EXHIBIT  P  PAGE  274

1  time to such other and supplemental discovery requests as Mattel may propound

2  involving or relating to the same subject matter of these interrogatories.

3       13.    The responses below shall not be construed as an admission as to

4  the relevance or admissibility of any statement or characterization contained in any

5  interrogatory.  MGA (HK) reserves all objections, including without limitation

6  objections as to competency, relevance, materiality, privilege, authenticity, or

7  admissibility.

8       14.    Consistent with Rule 33(d) of the Federal Rules of Civil

9  Procedure, MGA (HK) objects to providing responses to interrogatories that can be

10  derived from documents that have or will be produced (when requested in

11  compliance with Rule 26) and where the burden to derive such information is

12  substantially the same for Mattel as it is for MGA (HK).

13       15.    In responding to these Interrogatories, MGA (HK) has not and

14  will not comply with any instructions or definitions that seek to impose requirements

15  in addition to those imposed by the Federal Rules of Civil Procedure and any

16  applicable local rule.

17       16.    To the extent MGA (HK) responds to an interrogatory, it does so

18  without waiving or intending to waive but rather, on the contrary, preserving and

19  intending to preserve, its contention that anything Mr. Bryant did on weekends,

20  evenings, vacation and any other time outside ordinary business hours was not done

21  while he was working for Mattel.  MGA (HK)'s response may not be taken as an

22  admission that the information it provides in its response in any way reflects or

23  evidences work performed by Mr. Bryant while he was working for Mattel or that

24  MGA (HK) adopts or agrees with any fact or legal conclusion assumed, presumed or

25  contained in Mattel's interrogatory.

26       17.    MGA (HK) objects to each of Mattel's interrogatories because

27  Mattel has propounded more than 50 interrogatories, including discrete subparts.

28  Under Judge Larson's order of February 22, 2007, "Interrogatories are limited to 50

7

MGA HK'S SUPPL. RESPONSES TO MATTEL'S REVISED 3RD SET OF INTERROGATORIESNO. CV 04-9049 SGL (RNBx)

EXHIBIT P PAGE 275

1 | for each side for both [Case Nos. CV 04-04049-SGL and CV 05-02727]."

2 | **SPECIFIC OBJECTIONS AND RESPONSES**

3 | Without waiving or departing from its General Response and General

4 | Objections, and specifically incorporating them in its response to each Interrogatory

5 | below, MGA (HK) makes the following additional objections and responses to

6 | specific Interrogatories:

7 | **INTERROGATORY NO. 27:**

8 | IDENTIFY each and every BRATZ INVENTION YOU contend was

9 | CREATED, in whole or in part, prior to January 4, 1999, and for each BRATZ

10 | INVENTION so identified state all facts that support YOUR contention that such

11 | BRATZ INVENTION (or aspects or portions thereof) was CREATED prior to

12 | January 4, 1999, and IDENTIFY all PERSONS with knowledge of such facts and all

13 | DOCUMENTS which REFER OR RELATE TO such facts.

14 | **RESPONSE TO INTERROGATORY NO. 27:**

15 | MGA (HK) incorporates by reference its General Response and General

16 | Objections above, as though fully set forth herein and specifically incorporates

17 | General Objection No. 7 (regarding the Definitions), including but not limited to its

18 | objections to the definitions of the terms BRATZ INVENTION, CREATED,

19 | IDENTIFY and REFER OR RELATES TO. MGA (HK) further objects to this

20 | interrogatory as compound because it contains discrete subparts that require separate,

21 | distinct and multiple responses. Specifically, MGA (HK) objects to the term

22 | IDENTIFY as overbroad and unduly burdensome, as Mattel's definition of this term

23 | calls for responses to multiple discrete subparts. For example, Mattel's definition of

24 | the term IDENTIFY in the context of this interrogatory would require MGA (HK) to

25 | provide a multitude of discrete responses for each BRATZ INVENTION, including:

26 | (a) the Bates number of any document that "REFERS OR RELATES

27 | TO THE BRATZ INVENTION;"

28 | (b) the IDENTITY of the individual author or creator of the BRATZ

8

P  PAGE 276

1   INVENTION;

2         (c)    the IDENTITY of each other individual who contributed in any

3   manner to the BRATZ INVENTION;

4         (d)    the form, material and medium of the BRATZ INVENTION;

5         (e)    the title or name of the BRATZ INVENTION;

6         (f)    the version, modification, revision or iteration number of the

7   BRATZ INVENTION;

8         (g)    the current location of the original of the BRATZ INVENTION;

9         (h)    the first day on which the BRATZ INVENTION was CREATED;

10         (i)    the last day on which the BRATZ INVENTION was CREATED;

11         (j)    whether the entire invention was CREATED during the period of

12   time listed in the Interrogatory (and if not, which portions were created during,

13   earlier, or later than the period of time listed in the Interrogatory).

14       This interrogatory is further compounded by Mattel's definition of

15   IDENTITY, which purports to require MGA (HK) to provide the following

16   information for each of the individuals Mattel is requesting that MGA (HK) identify

17   with respect to each BRATZ INVENTION:  (a) the individual's name; (b) any

18   known business title; (c) the current or last known business affiliation; (d) current or

19   last known residential address; (e) current or last known business address; (f) current

20   or last known relationship to MGA (HK); and (g) current or last known telephone

21   number.

22       MGA (HK) further objects to this interrogatory on the grounds that it is

23   overbroad, unduly burdensome, vague and ambiguous both generally and

24   specifically with respect to the terms BRATZ INVENTION, BRATZ, CREATED,

25   DESIGN and REFER OR RELATES TO.  In particular, the term BRATZ

26   INVENTION, which incorporates the terms BRATZ, DESIGN and REFER OR

27   RELATES TO, is so broad and over-inclusive that it could be read to include each

28   and every thought, idea and conversation that anyone may have had about BRATZ

1 | during the time period at issue.

2 |      MGA (HK) further objects to the extent that this interrogatory seeks

3 | information that is outside of MGA (HK)'s knowledge and is not in MGA (HK)'s

4 | possession, custody or control.  In particular, MGA (HK) objects to this interrogatory

5 | to the extent that it requests that MGA (HK) "state *all* facts . . . and IDENTIFY *all*

6 | PERSONS ... and *all* DOCUMENTS" (emphasis added).

7 |      MGA (HK) also objects to this interrogatory to the extent it seeks

8 | information that is not subject to disclosure under any applicable privilege, doctrine

9 | or immunity, including without limitation the attorney-client privilege, the work

10 | product doctrine, the right of privacy, and all other privileges recognized under the

11 | constitutional, statutory or decisional law of the United States of America, the State

12 | of California or any other applicable jurisdiction.  MGA (HK) further objects to the

13 | interrogatory on the ground that it is premature because the invention, creation,

14 | conception, or reduction to practice of Bratz (and related issues) will be the subject

15 | of expert testimony at trial.  MGA (HK) objects to this interrogatory to the extent it

16 | seeks to limit the expert testimony that MGA (HK) may seek to introduce at trial.

17 | MGA (HK) will identify its experts and make related disclosures in accordance with

18 | the Court's orders and applicable rules.

19 |      MGA (HK) further objects to this interrogatory because Mattel has

20 | propounded more than 50 interrogatories.  Under Judge Larson's order of February

21 | 22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-

22 | 04049-SGL and CV 05-02727]."

23 |      Subject to and without waiving the foregoing objections, MGA (HK)

24 | responds as follows:  MGA (HK) is willing to meet and confer with Mattel regarding

25 | this interrogatory and the obligation of Mattel to supplement its responses to MGA's

26 | First Set of Interrogatories.

27 | **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 27:**

28 |      MGA (HK) incorporates by reference its General Response and General

EXHIBIT __P__ PAGE __278__

1 | Objections above, as though fully set forth herein and specifically incorporates
2 | General Objection No. 7 (regarding the Definitions), including but not limited to its
3 | objections to the definitions of the terms BRATZ INVENTION, CREATED,
4 | IDENTIFY and REFER OR RELATES TO.  MGA (HK) further objects to this
5 | interrogatory as compound because it contains discrete subparts that require separate,
6 | distinct and multiple responses.  Specifically, MGA (HK) objects to the term
7 | IDENTIFY as overbroad and unduly burdensome, as Mattel's definition of this term
8 | calls for responses to multiple discrete subparts.  For example, Mattel's definition of
9 | the term IDENTIFY in the context of this interrogatory would require MGA (HK) to
10 | provide a multitude of discrete responses for each BRATZ INVENTION, including:

11 |      (a)   the Bates number of any document that "REFERS OR RELATES
12 | TO THE BRATZ INVENTION;"

13 |      (b)   the IDENTITY of the individual author or creator of the BRATZ
14 | INVENTION;

15 |      (c)   the IDENTITY of each other individual who contributed in any
16 | manner to the BRATZ INVENTION;

17 |      (d)   the form, material and medium of the BRATZ INVENTION;

18 |      (e)   the title or name of the BRATZ INVENTION;

19 |      (f)   the version, modification, revision or iteration number of the
20 | BRATZ INVENTION;

21 |      (g)   the current location of the original of the BRATZ INVENTION;

22 |      (h)   the first day on which the BRATZ INVENTION was CREATED;

23 |      (i)   the last day on which the BRATZ INVENTION was CREATED;

24 |      (j)   whether the entire invention was CREATED during the period of
25 | time listed in the Interrogatory (and if not, which portions were created during,
26 | earlier, or later than the period of time listed in the Interrogatory).

27 |      This interrogatory is further compounded by Mattel's definition of
28 | IDENTITY, which purports to require MGA (HK) to provide the following

11

1  information for each of the individuals Mattel is requesting that MGA (HK) identify

2  with respect to each BRATZ INVENTION:  (a) the individual's name; (b) any

3  known business title; (c) the current or last known business affiliation; (d) current or

4  last known residential address; (e) current or last known business address; (f) current

5  or last known relationship to MGA (HK); and (g) current or last known telephone

6  number.

7  MGA (HK) further objects to this interrogatory on the grounds that it is

8  overbroad, unduly burdensome, vague and ambiguous both generally and

9  specifically with respect to the terms BRATZ INVENTION, BRATZ, CREATED,

10  DESIGN and REFER OR RELATES TO.  In particular, the term BRATZ

11  INVENTION, which incorporates the terms BRATZ, DESIGN and REFER OR

12  RELATES TO, is so broad and over-inclusive that it could be read to include each

13  and every thought, idea and conversation that anyone may have had about BRATZ

14  during the time period at issue.

15  MGA (HK) further objects to the extent that this interrogatory seeks

16  information that is outside of MGA (HK)'s knowledge and is not in MGA (HK)'s

17  possession, custody or control.  In particular, MGA (HK) objects to this interrogatory

18  to the extent that it requests that MGA (HK) "state *all* facts . . . and IDENTIFY *all*

19  PERSONS ... and *all* DOCUMENTS" (emphasis added).

20  MGA (HK) also objects to this interrogatory to the extent it seeks

21  information that is not subject to disclosure under any applicable privilege, doctrine

22  or immunity, including without limitation the attorney-client privilege, the work

23  product doctrine, the right of privacy, and all other privileges recognized under the

24  constitutional, statutory or decisional law of the United States of America, the State

25  of California or any other applicable jurisdiction.  MGA (HK) further objects to the

26  interrogatory on the ground that it is premature because the invention, creation,

27  conception, or reduction to practice of Bratz (and related issues) will be the subject

28  of expert testimony at trial.  MGA (HK) objects to this interrogatory to the extent it

12

1  seeks to limit the expert testimony that MGA (HK) may seek to introduce at trial.

2  MGA (HK) will identify its experts and make related disclosures in accordance with

3  the Court's orders and applicable rules.

4        Subject to and without waiving the foregoing objections, MGA (HK)

5  responds as follows:

6        With respect to "inventions" as that term is used in utility patent law,

7  MGA (HK) does not make any affirmative contentions as to whether there were any

8  such inventions, except that MGA (HK) contends that the conception and/or

9  reduction to practice of any such invention occurred before January 1999 and/or after

10  October 20, 2000.  With respect to design patents, in August or September of 1998,

11  Carter Bryant, inspired by images he was exposed to, including in the August 1998

12  issue of *Seventeen Magazine*, the appearance of teenagers, as well as other images in

13  the public domain, conceived of an idea for a line of dolls he named Bratz.  At the

14  same time, Bryant sketched a series of drawings to illustrate his idea.  To the extent

15  said idea contained elements covered by design patent law, no such invention was

16  "reduced to practice" until after October 20, 2000.  Nor did it fall within the scope of

17  the term "inventions" as used in the "INVENTIONS AGREEMENT."

18        The following persons have knowledge of the facts and circumstances

19  surrounding Bryant's conception and his illustrative drawings that he named Bratz:

20  Carter Bryant; Bryant's mother, Janet Bryant; Bryant's father, Thomas Bryant;

21  Jeanne Galvano; Richard Irmen; Elise Cloonan; Ramona Prince.

22        The following documents may be relevant to these facts:  the sketches

23  drawn by Bryant in August or September of 1998; publicly available materials that

24  Bryant identified in his deposition testimony as inspiring his conception of a line of

25  dolls in August or September of 1998, including but not limited to the August 1998

26  issue of *Seventeen Magazine*; and other documents shown to Bryant at his November

27  2004 deposition.

28

MGA HK'S SUPPL. RESPONSES TO MATTEL'S REVISED 3RD SET OF INTERROGATORIES NO. CV 04-9049 SGL (RNBx)

EXHIBIT ___  PAGE __28__

1 | __INTERROGATORY NO. 28:__

2 | IDENTIFY each and every BRATZ INVENTION YOU contend was

3 | CREATED, in whole or in part, after October 19, 2000 and before June 1, 2001, and

4 | for each BRATZ INVENTION so identified state all FACTS that support YOUR

5 | contention that such BRATZ INVENTION (or aspects or portions thereof) was

6 | CREATED after October 19, 2000 and before June 1, 2001, and IDENTIFY all

7 | PERSONS with knowledge of such facts and all DOCUMENTS which REFER OR

8 | RELATE TO such facts.

9 | __RESPONSE TO INTERROGATORY NO. 28:__

10 | MGA (HK) incorporates by reference its General Response and General

11 | Objections above, as though fully set forth herein and specifically incorporates

12 | General Objection No. 7 (regarding the Definitions), including but not limited to its

13 | objections to the definitions of the terms BRATZ INVENTION, CREATED,

14 | IDENTIFY, and REFER OR RELATED TO. MGA (HK) further objects to this

15 | interrogatory on the grounds that it is overbroad, unduly burdensome, vague and

16 | ambiguous both generally and specifically with respect to the term BRATZ

17 | INVENTION, which incorporates the terms BRATZ, DESIGN and REFER OR

18 | RELATES TO, is so broad and over-inclusive that it could be read to include each

19 | and every thought, idea and conversation that anyone may have had about BRATZ

20 | during the time period at issue.

21 | MGA (HK) further objects to this interrogatory as compound because it

22 | contains discrete subparts that require separate, distinct and multiple responses.

23 | Specifically, MGA (HK) objects to the term IDENTIFY as overbroad and unduly

24 | burdensome, as Mattel's definition of this term calls for responses to multiple

25 | discrete subparts. For example, Mattel's definition of the term IDENTIFY in the

26 | context of this interrogatory would require MGA (HK) to provide a multitude of

27 | discrete responses for each BRATZ INVENTION, including:

28 | (a)    the Bates number of any document that "REFERS OR RELATES

EXHIBIT __P__  PAGE __282__

1  TO the BRATZ INVENTION;"

2          (b)      the IDENTITY of the individual author or creator of the BRATZ

3  INVENTION;

4          (c)      the IDENTITY of each other individual who contributed in any

5  manner to the BRATZ INVENTION;

6          (d)      the form, material and medium of the BRATZ INVENTION;

7          (e)      the title or name of the BRATZ INVENTION;

8          (f)      the version, modification, revision or iteration number of the

9  BRATZ INVENTION;

10         (g)      the current location of the original of the BRATZ INVENTION;

11         (h)      the first day on which the BRATZ INVENTION was CREATED;

12         (i)      the last day on which the BRATZ INVENTION was CREATED;

13         (j)      whether the entire invention was CREATED during the period of

14  time listed in the Interrogatory (and if not, which portions were created during,

15  earlier, or later than the period of time listed in the Interrogatory).

16         This interrogatory is further compounded by Mattel's definition of

17  IDENTITY, which purports to require MGA (HK) to provide the following

18  information for each of the individuals Mattel is requesting that MGA (HK) identify

19  with respect to each BRATZ INVENTION:  (a) the individual's name; (b) any

20  known business title; (c) the current or last known business affiliation; (d) current or

21  last known residential address; (e) current or last known business address; (f) current

22  or last known relationship to MGA (HK); and (g) current or last known telephone

23  number.

24         MGA (HK) further objects to the extent that this interrogatory seeks

25  information that is outside of MGA (HK)'s knowledge and is not in MGA (HK)'s

26  possession, custody or control.  In particular, MGA (HK) objects to this interrogatory

27  to the extent that it requests that MGA (HK) "state *all* facts . . . and IDENTIFY *all*

28  PERSONS ... and *all* DOCUMENTS" (emphasis added).

EXHIBIT _P_ PAGE _283_

1   MGA (HK) also objects to this interrogatory to the extent it seeks

2   information that is not subject to disclosure under any applicable privilege, doctrine

3   or immunity, including without limitation the attorney-client privilege, the work

4   product doctrine, the right of privacy, and all other privileges recognized under the

5   constitutional, statutory or decisional law of the United States of America, the State

6   of California or any other applicable jurisdiction.

7   MGA (HK) further objects to the interrogatory on the ground that it is

8   premature because the invention, creation, conception, or reduction to practice of

9   Bratz (and related issues) will be the subject of expert testimony at trial.  MGA (HK)

10  objects to this interrogatory to the extent it seeks to limit the expert testimony that

11  MGA (HK) may seek to introduce at trial.  MGA (HK) will identify its experts and

12  make related disclosures in accordance with the Court's orders and applicable rules.

13  MGA (HK) further objects to the interrogatory as unduly burdensome, on the

14  grounds that it would require MGA (HK) to identify numerous documents that have

15  already been produced and are readily available to Mattel.

16  MGA (HK) further objects to this interrogatory because Mattel has

17  propounded more than 50 interrogatories.  Under Judge Larson's order of February

18  22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-

19  04049-SGL and CV 05-02727]."

20  Subject to and without waiving the foregoing objections, MGA (HK)

21  responds as follows:  MGA (HK) is willing to meet and confer with Mattel regarding

22  this interrogatory and the obligation of Mattel to supplement its responses to MGA's

23  First Set of Interrogatories.

24  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 28:**

25  MGA (HK) incorporates by reference its General Response and General

26  Objections above, as though fully set forth herein and specifically incorporates

27  General Objection No. 7 (regarding the Definitions), including but not limited to its

28  objections to the definitions of the terms BRATZ INVENTION, CREATED,

16

EXHIBIT ___P___ PAGE 284

1    IDENTIFY, and REFER OR RELATED TO. MGA (HK) further objects to this

2    interrogatory on the grounds that it is overbroad, unduly burdensome, vague and

3    ambiguous both generally and specifically with respect to the term BRATZ

4    INVENTION, which incorporates the terms BRATZ, DESIGN and REFER OR

5    RELATES TO, is so broad and over-inclusive that it could be read to include each

6    and every thought, idea and conversation that anyone may have had about BRATZ

7    during the time period at issue.

8          MGA (HK) further objects to this interrogatory as compound because it

9    contains discrete subparts that require separate, distinct and multiple responses.

10   Specifically, MGA (HK) objects to the term IDENTIFY as overbroad and unduly

11   burdensome, as Mattel's definition of this term calls for responses to multiple

12   discrete subparts. For example, Mattel's definition of the term IDENTIFY in the

13   context of this interrogatory would require MGA (HK) to provide a multitude of

14   discrete responses for each BRATZ INVENTION, including:

15         (a)    the Bates number of any document that "REFERS OR RELATES

16   TO the BRATZ INVENTION;"

17         (b)    the IDENTITY of the individual author or creator of the BRATZ

18   INVENTION;

19         (c)    the IDENTITY of each other individual who contributed in any

20   manner to the BRATZ INVENTION;

21         (d)    the form, material and medium of the BRATZ INVENTION;

22         (e)    the title or name of the BRATZ INVENTION;

23         (f)    the version, modification, revision or iteration number of the

24   BRATZ INVENTION;

25         (g)    the current location of the original of the BRATZ INVENTION;

26         (h)    the first day on which the BRATZ INVENTION was CREATED;

27         (i)    the last day on which the BRATZ INVENTION was CREATED;

28         (j)    whether the entire invention was CREATED during the period of

EXHIBIT __P__ PAGE __285__

1 time listed in the Interrogatory (and if not, which portions were created during,

2 earlier, or later than the period of time listed in the Interrogatory).

3       This interrogatory is further compounded by Mattel's definition of

4 IDENTITY, which purports to require MGA (HK) to provide the following

5 information for each of the individuals Mattel is requesting that MGA (HK) identify

6 with respect to each BRATZ INVENTION: (a) the individual's name; (b) any

7 known business title; (c) the current or last known business affiliation; (d) current or

8 last known residential address; (e) current or last known business address; (f) current

9 or last known relationship to MGA (HK); and (g) current or last known telephone

10 number.

11       MGA (HK) further objects to the extent that this interrogatory seeks

12 information that is outside of MGA (HK)'s knowledge and is not in MGA (HK)'s

13 possession, custody or control. In particular, MGA (HK) objects to this interrogatory

14 to the extent that it requests that MGA (HK) "state *all* facts ... and IDENTIFY *all*

15 PERSONS ... and *all* DOCUMENTS" (emphasis added).

16       MGA (HK) also objects to this interrogatory to the extent it seeks

17 information that is not subject to disclosure under any applicable privilege, doctrine

18 or immunity, including without limitation the attorney-client privilege, the work

19 product doctrine, the right of privacy, and all other privileges recognized under the

20 constitutional, statutory or decisional law of the United States of America, the State

21 of California or any other applicable jurisdiction.

22       MGA (HK) further objects to the interrogatory on the ground that it is

23 premature because the invention, creation, conception, or reduction to practice of

24 Bratz (and related issues) will be the subject of expert testimony at trial. MGA (HK)

25 objects to this interrogatory to the extent it seeks to limit the expert testimony that

26 MGA (HK) may seek to introduce at trial. MGA (HK) will identify its experts and

27 make related disclosures in accordance with the Court's orders and applicable rules.

28 MGA (HK) further objects to the interrogatory as unduly burdensome, on the

EXHIBIT __P__    PAGE __286__

1  grounds that it would require MGA (HK) to identify numerous documents that have

2  already been produced and are readily available to Mattel.

3          Subject to and without waiving the foregoing objections, MGA (HK)

4  responds as follows:

5          With respect to Bratz dolls and accessories, as concerns the term

6  "inventions" as that is used in utility patent law, and/or in the "INVENTIONS

7  AGREEMENT," MGA (HK) does not make any affirmative contentions as to

8  whether there were any such inventions, except that MGA (HK) contends the

9  conception and/or reduction to practice of any such invention occurred before

10 January 1999 and/or after October 20, 2000.  With respect to package design for

11 Bratz products, MGA (HK) contends that certain aspects of said designs qualified as

12 design patents.  With respect to design patents, to the extent that the Bratz line of

13 dolls, first marketed by MGA in 2001, contained features covered by design patent

14 law, said inventions were "reduced to practice" by MGA after October 20, 2000 and

15 before June 1, 2001.

16         The following persons have knowledge of the facts and circumstances

17 regarding the foregoing:  Isaac Larian; Carter Bryant; Margaret Leahy; Veronica

18 Marlow; Anna Rhee; Mercedeh Ward; Sarah Halpern; Paula Treantafelles (Garcia);

19 Steve Tarmichael; Rebecca Harris; Cecilia Kwok; David Dees; Jesse Ramirez; Sam

20 Wong; Edmond Lee; Steven Lee; Aileen Storer; Eric Yip; Leon Djiguerian; Rachel

21 Harris; Maggie Siu; Ben Ton; Samuel Wong; Ray Wong; Steffan Smith; and Samir

22 Khare.

23         The following documents may be relevant to these facts:  all

24 "DOCUMENTS" that refer to or evidence the work performed by MGA employees

25 and freelancers toward the reduction to practice of the first generation of Bratz dolls

26 during the period after October 19, 2000 through June 1, 2001, including but not

27 limited to:  (i) documents showing the development of the first generation of Bratz

28 dolls; (ii) documents showing exchanges with the Hong Kong factory regarding the

MGA HK'S SUPPL. RESPONSES TO MATTEL'S REVISED 3RD SET OF INTERROGATORIESNO. CV 04-9049 SGL (RNBx)

EXHIBIT ____P____ PAGE ___287___

1  development of the first generation of Bratz dolls; (iii) documents showing the

2  timing of the development of packaging, fashion, and accessories for the first

3  generation of Bratz dolls; (iv) documents related to the January 2001 Hong Kong toy

4  fair; (v) documents related to the February 2001 New York toy fair; (vi)

5  polyurethane samples of prototypes; (vii) rotocasts and sculpts in Hong Kong; and

6  (viii) invoices submitted from Carter Bryant, Veronica Marlow, Anna Rhee, Victoria

7  O'Connor, and other invoices submitted by freelancers for work performed on the

8  Bratz project.  The documents evidencing this work are too numerous to identify

9  individually.

10  **INTERROGATORY NO. 29:**

11  IDENTIFY each and every BRATZ INVENTION that was CREATED,

12  in whole or in part, after January 3, 1999 and before October 21, 2000, and for each

13  BRATZ INVENTION so identified state all FACTS that REFER OR RELATE TO

14  the timing of the creation of such BRATZ INVENTION and IDENTIFY all

15  PERSONS with knowledge of such facts and all DOCUMENTS which REFER OR

16  RELATE TO such facts.

17  **RESPONSE TO INTERROGATORY NO. 29:**

18  MGA (HK) incorporates by reference its General Response and General

19  Objections above, as though fully set forth herein and specifically incorporates

20  General Objection No. 7 (regarding Definitions), including but not limited to its

21  objections to the definitions of the terms BRATZ INVENTION, CREATED, REFER

22  OR RELATE TO, and IDENTIFY.  MGA (HK) further objects to this interrogatory

23  as compound because it contains discrete subparts that require separate, distinct and

24  multiple responses.  Specifically, MGA (HK) objects to the term IDENTIFY as

25  overbroad and unduly burdensome, as Mattel's definition of this term calls for

26  responses to multiple discrete subparts.  For example, Mattel's definition of the term

27  IDENTIFY in the context of this interrogatory would require MGA (HK) to provide

28  a multitude of discrete responses for each BRATZ INVENTION, including:

1        (a)    the Bates number of any document that "REFERS OR RELATES

2 TO the BRATZ INVENTION;"

3        (b)    the IDENTITY of the individual author or creator of the BRATZ

4 INVENTION;

5        (c)    the IDENTITY of each other individual who contributed in any

6 manner to the BRATZ INVENTION;

7        (d)    the form, material and medium of the BRATZ INVENTION;

8        (e)    the title or name of the BRATZ INVENTION;

9        (f)    the version, modification, revision or iteration number of the

10 BRATZ INVENTION;

11        (g)    the current location of the original of the BRATZ INVENTION;

12        (h)    the first day on which the BRATZ INVENTION was CREATED;

13        (i)    the last day on which the BRATZ INVENTION was CREATED;

14        (j)    whether the entire invention was CREATED during the period of

15 time listed in the Interrogatory (and if not, which portions were created during,

16 earlier, or later than the period of time listed in the Interrogatory).

17        This interrogatory is further compounded by Mattel's definition of

18 IDENTITY, which purports to require MGA (HK) to provide the following

19 information for each of the individuals Mattel is requesting that MGA (HK) identify

20 with respect to each BRATZ INVENTION:  (a) the individual's name; (b) any

21 known business title; (c) the current or last known business affiliation; (d) current or

22 last known residential address; (e) current or last known business address; (f) current

23 or last known relationship to MGA (HK); and (g) current or last known telephone

24 number.

25        MGA (HK) further objects to this interrogatory on the grounds that it is

26 overbroad, unduly burdensome, vague and ambiguous both generally and

27 specifically with respect to the terms BRATZ INVENTION, BRATZ, CREATED,

28 DESIGN and REFER OR RELATES TO.  In particular, the term BRATZ

EXHIBIT P   PAGE 289

1  INVENTION, which incorporates the terms BRATZ, DESIGN and REFER OR

2  RELATES TO, is so broad and over-inclusive that it could be read to include each

3  and every thought, idea and conversation that anyone may have had about BRATZ

4  during the time period at issue.

5      MGA (HK) further objects to the extent that this interrogatory seeks

6  information that is outside of MGA (HK)'s knowledge and is not in MGA (HK)'s

7  possession, custody or control.  In particular, MGA (HK) objects to this interrogatory

8  to the extent that it requests that MGA (HK) "state *all* facts . . . and IDENTIFY *all*

9  PERSONS … and *all* DOCUMENTS" (emphasis added).

10      MGA (HK) also objects to this interrogatory to the extent it seeks

11  information that is not subject to disclosure under any applicable privilege, doctrine

12  or immunity, including without limitation the attorney-client privilege, the work

13  product doctrine, the right of privacy, and all other privileges recognized under the

14  constitutional, statutory or decisional law of the United States of America, the State

15  of California or any other applicable jurisdiction.

16      MGA (HK) further objects to the interrogatory on the ground that it is

17  premature because the invention, creation, conception, or reduction to practice of

18  Bratz (and related issues) will be the subject of expert testimony at trial.  MGA (HK)

19  objects to this interrogatory to the extent it seeks to limit the expert testimony that

20  MGA (HK) may seek to introduce at trial.  MGA (HK) will identify its experts and

21  make related disclosures in accordance with the Court's orders and applicable rules.

22  MGA (HK) further objects to the interrogatory as unduly burdensome, on the

23  grounds that it would require MGA (HK) to identify numerous documents that have

24  already been produced and are readily available to Mattel.

25      MGA (HK) further objects to this interrogatory because Mattel has

26  propounded more than 50 interrogatories.  Under Judge Larson's order of February

27  22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-

28  04049-SGL and CV 05-02727]."

EXHIBIT ___P___    PAGE _290_

1    Subject to and without waiving the foregoing objections, MGA (HK)

2  responds as follows:  MGA (HK) is willing to meet and confer with Mattel regarding

3  this interrogatory and the obligation of Mattel to supplement its responses to MGA's

4  First Set of Interrogatories.

5  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 29:**

6    MGA (HK) incorporates by reference its General Response and General

7  Objections above, as though fully set forth herein and specifically incorporates

8  General Objection No. 7 (regarding Definitions), including but not limited to its

9  objections to the definitions of the terms BRATZ INVENTION, CREATED, REFER

10  OR RELATE TO, and IDENTIFY.  MGA (HK) further objects to this interrogatory

11  as compound because it contains discrete subparts that require separate, distinct and

12  multiple responses.  Specifically, MGA (HK) objects to the term IDENTIFY as

13  overbroad and unduly burdensome, as Mattel's definition of this term calls for

14  responses to multiple discrete subparts.  For example, Mattel's definition of the term

15  IDENTIFY in the context of this interrogatory would require MGA (HK) to provide

16  a multitude of discrete responses for each BRATZ INVENTION, including:

17    (a)    the Bates number of any document that "REFERS OR RELATES

18  TO THE BRATZ INVENTION;"

19    (b)    the IDENTITY of the individual author or creator of the BRATZ

20  INVENTION;

21    (c)    the IDENTITY of each other individual who contributed in any

22  manner to the BRATZ INVENTION;

23    (d)    the form, material and medium of the BRATZ INVENTION;

24    (e)    the title or name of the BRATZ INVENTION;

25    (f)    the version, modification, revision or iteration number of the

26  BRATZ INVENTION;

27    (g)    the current location of the original of the BRATZ INVENTION;

28    (h)    the first day on which the BRATZ INVENTION was CREATED;

EXHIBIT _____ *P* PAGE _____ *291*

1        (i)      the last day on which the BRATZ INVENTION was CREATED;

2        (j)      whether the entire invention was CREATED during the period of

3   time listed in the Interrogatory (and if not, which portions were created during,

4   earlier, or later than the period of time listed in the Interrogatory).

5        This interrogatory is further compounded by Mattel's definition of

6   IDENTITY, which purports to require MGA (HK) to provide the following

7   information for each of the individuals Mattel is requesting that MGA (HK) identify

8   with respect to each BRATZ INVENTION:  (a) the individual's name; (b) any

9   known business title; (c) the current or last known business affiliation; (d) current or

10  last known residential address; (e) current or last known business address; (f) current

11  or last known relationship to MGA (HK); and (g) current or last known telephone

12  number.

13       MGA (HK) further objects to this interrogatory on the grounds that it is

14  overbroad, unduly burdensome, vague and ambiguous both generally and

15  specifically with respect to the terms BRATZ INVENTION, BRATZ, CREATED,

16  DESIGN and REFER OR RELATES TO.  In particular, the term BRATZ

17  INVENTION, which incorporates the terms BRATZ, DESIGN and REFER OR

18  RELATES TO, is so broad and over-inclusive that it could be read to include each

19  and every thought, idea and conversation that anyone may have had about BRATZ

20  during the time period at issue.

21       MGA (HK) further objects to the extent that this interrogatory seeks

22  information that is outside of MGA (HK)'s knowledge and is not in MGA (HK)'s

23  possession, custody or control.  In particular, MGA (HK) objects to this interrogatory

24  to the extent that it requests that MGA (HK) "state *all* facts . . . and IDENTIFY *all*

25  PERSONS ... and *all* DOCUMENTS" (emphasis added).

26       MGA (HK) also objects to this interrogatory to the extent it seeks

27  information that is not subject to disclosure under any applicable privilege, doctrine

28  or immunity, including without limitation the attorney-client privilege, the work

24

1  product doctrine, the right of privacy, and all other privileges recognized under the

2  constitutional, statutory or decisional law of the United States of America, the State

3  of California or any other applicable jurisdiction.

4         MGA (HK) further objects to the interrogatory on the ground that it is

5  premature because the invention, creation, conception, or reduction to practice of

6  Bratz (and related issues) will be the subject of expert testimony at trial. MGA (HK)

7  objects to this interrogatory to the extent it seeks to limit the expert testimony that

8  MGA (HK) may seek to introduce at trial. MGA (HK) will identify its experts and

9  make related disclosures in accordance with the Court's orders and applicable rules.

10  MGA (HK) further objects to the interrogatory as unduly burdensome, on the

11  grounds that it would require MGA (HK) to identify numerous documents that have

12  already been produced and are readily available to Mattel.

13         Subject to and without waiving the foregoing objections, MGA (HK)

14  responds as follows:

15         There were no inventions related to Bratz after January 3, 1999 and

16  before October 21, 2000.

17  **INTERROGATORY NO. 30:**

18         State all facts that support YOUR contention, if YOU so contend, that,

19  assuming BRYANT assigned rights in any BRATZ INVENTION to MATTEL

20  pursuant to the INVENTIONS AGREEMENT, MGA is entitled to priority over

21  and/or has superior rights to MATTEL as to such BRATZ INVENTION, and

22  IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that

23  REFER OR RELATE TO such facts.

24  **RESPONSE TO INTERROGATORY NO. 30:**

25         MGA (HK) incorporates by reference its General Response and General

26  Objections above, as though fully set forth herein and specifically incorporates

27  General Objection No. 7 (regarding Definitions), including but not limited to its

28  objections to the definitions of the terms BRATZ INVENTION, INVENTIONS

25

EXHIBIT __P__ PAGE __293__

1  AGREEMENT, IDENTIFY and REFER OR RELATE TO. MGA (HK) also objects

2  to this interrogatory to the extent it seeks information that is not subject to disclosure

3  under any applicable privilege, doctrine or immunity, including without limitation

4  the attorney-client privilege, the work product doctrine, the right of privacy, and all

5  other privileges recognized under the constitutional, statutory or decisional law of

6  the United States of America, the State of California or any other applicable

7  jurisdiction. MGA (HK) further objects to this interrogatory to the extent it calls for

8  a legal conclusion. MGA (HK) further objects to the extent that this interrogatory

9  seeks information that is outside MGA (HK)'s knowledge and is not in MGA (HK)'s

10  possession, custody, or control. In particular, MGA (HK) objects to this

11  interrogatory to the extent that it requests MGA (HK) to "state *all facts . . . and*

12  IDENTIFY all PERSONS . . . and *all* DOCUMENTS" (emphasis added).

13            MGA (HK) further objects to the interrogatory on the grounds that it is

14  vague, ambiguous and threatens to mislead the trier of fact in that it is stated in the

15  hypothetical and therefore proceeds from the false premise that Bryant assigned

16  rights in the Bratz line of dolls to Mattel and that all terms of the INVENTIONS

17  AGREEMENT are binding and enforceable. *See e.g., Kendrick v. Sullivan*, 125

18  F.R.D. 1, 3 (D. D.C. 1989) (holding that Rule 33 does not permit contention

19  interrogatories directed at hypothetical scenarios). Any response to this interrogatory

20  depends on, among other factual and legal factors, specifically which BRATZ

21  INVENTION it is hypothetically assumed that Bryant assigned rights in to MGA and

22  which rights he assigned, which information is not provided in the incomplete

23  hypothetical scenario posited in this interrogatory.

24            MGA (HK) further objects to the interrogatory on the ground that it is

25  premature because the invention, creation, conception, or reduction to practice of

26  Bratz (and related issues) will be the subject of expert testimony at trial. MGA (HK)

27  objects to this interrogatory to the extent it seeks to limit the expert testimony that

28  MGA (HK) may seek to introduce at trial. MGA (HK) further objects on the

1  grounds that the interrogatory seeks information not relevant to any claim or defense

2  in the action and is not reasonably calculated to the discovery of admissible evidence

3  because MGA (HK) denies that Bryant assigned any such rights to Mattel.

4         MGA (HK) objects to this interrogatory because Mattel has propounded

5  more than 50 interrogatories.  Under Judge Larson's order of February 22, 2007,

6  "Interrogatories are to be limited to 50 for each side for both [Case Nos. CV 04-

7  04049-SGL and CV 05-02727]."

8  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 30:**

9         MGA (HK) incorporates by reference its General Response and General

10 Objections above, as though fully set forth herein and specifically incorporates

11 General Objection No. 7 (regarding Definitions), including but not limited to its

12 objections to the definitions of the terms BRATZ INVENTION, INVENTIONS

13 AGREEMENT, IDENTIFY and REFER OR RELATE TO.  MGA (HK) also objects

14 to this interrogatory to the extent it seeks information that is not subject to disclosure

15 under any applicable privilege, doctrine or immunity, including without limitation

16 the attorney-client privilege, the work product doctrine, the right of privacy, and all

17 other privileges recognized under the constitutional, statutory or decisional law of

18 the United States of America, the State of California or any other applicable

19 jurisdiction.  MGA (HK) further objects to this interrogatory to the extent it calls for

20 a legal conclusion.  MGA (HK) further objects to the extent that this interrogatory

21 seeks information that is outside MGA (HK)'s knowledge and is not in MGA (HK)'s

22 possession, custody, or control.  In particular, MGA (HK) objects to this

23 interrogatory to the extent that it requests MGA (HK) to "state *all facts . . . and*

24 IDENTIFY all PERSONS . . . and *all* DOCUMENTS" (emphasis added).

25        MGA (HK) further objects to the interrogatory on the grounds that it is

26 vague, ambiguous and threatens to mislead the trier of fact in that it is stated in the

27 hypothetical and therefore proceeds from the false premise that Bryant assigned

28 rights in the Bratz line of dolls to Mattel and that all terms of the INVENTIONS

27

1  AGREEMENT are binding and enforceable. *See e.g., Kendrick v. Sullivan*, 125

2  F.R.D. 1, 3 (D. D.C. 1989) (holding that Rule 33 does not permit contention

3  interrogatories directed at hypothetical scenarios). Any response to this interrogatory

4  depends on, among other factual and legal factors, specifically which BRATZ

5  INVENTION it is hypothetically assumed that Bryant assigned rights in to MGA and

6  which rights he assigned, which information is not provided in the incomplete

7  hypothetical scenario posited in this interrogatory.

8         MGA (HK) further objects to the interrogatory on the ground that it is

9  premature because the invention, creation, conception, or reduction to practice of

10  Bratz (and related issues) will be the subject of expert testimony at trial. MGA (HK)

11  objects to this interrogatory to the extent it seeks to limit the expert testimony that

12  MGA (HK) may seek to introduce at trial. MGA (HK) further objects on the

13  grounds that the interrogatory seeks information not relevant to any claim or defense

14  in the action and is not reasonably calculated to the discovery of admissible evidence

15  because MGA (HK) denies that Bryant assigned any such rights to Mattel.

16         Subject to and without waiving the foregoing objections, MGA (HK)

17  responds as follows:

18         MGA (HK) incorporates by reference its supplemental responses to

19  Interrogatory Nos. 27, 28, 29 and 31 as though fully set forth herein, and responds

20  further that, assuming Bryant assigned rights to inventions related to Bratz pursuant

21  to the "INVENTIONS AGREEMENT," (i.e. under the terms of said Agreement and

22  for inventions conceived of and/or reduced to practice during the period of Bryant's

23  employment with Mattel to which said Agreement relates), MGA would have

24  superior rights in the Bratz dolls because:  (i) there were no "inventions" related to

25  Bratz covered by the "INVENTIONS AGREEMENT;" (ii) the Bratz dolls were

26  neither substantially similar to, nor a copy of, nor derivative of, Mattel's hypothetical

27  rights; and (iii) Mattel waived any rights it may have had due to laches and the

28  statute of limitations.

MGA HK'S SUPPL. RESPONSES TO MATTEL'S REVISED 3RD SET OF INTERROGATORIESNO. CV 04-9049 SGL (RNBx)

EXHIBIT __P__    PAGE _296_

**INTERROGATORY NO. 31:**

State all facts that support YOUR contention, if YOU so contend, that the INVENTIONS AGREEMENT is not valid and enforceable, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

**RESPONSE TO INTERROGATORY NO. 31:**

MGA (HK) incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 7 (regarding Definitions), including but not limited to its objections to the definitions of the terms INVENTIONS AGREEMENT, IDENTIFY and REFER OR RELATE TO. MGA (HK) also objects to this interrogatory to the extent it seeks information that is not subject to disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction. MGA (HK) also objects to this interrogatory to the extent that it calls for a legal conclusion.

MGA (HK) objects that this interrogatory is an overbroad and unduly burdensome contention interrogatory to the extent it asks for "all facts" which supports the denial of a statement or allegation. *See e.g., Safeco of Am. v. Rawstron,* 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery requests seeking "all facts, documents, and witnesses that support the denial of a statement or allegation of fact" because the "universe of potentially responsive information is almost endless"). MGA (HK) further objects to the extent that this interrogatory seeks information outside of MGA (HK)'s personal knowledge and is not in MGA (HK)'s possession, custody or control. In particular, MGA (HK) objects to this interrogatory to the extent that it requests that MGA (HK) "state *all* facts . . . and IDENTIFY *all* PERSONS . . . and *all* DOCUMENTS" (emphasis added).

29

1    MGA (HK) objects to this interrogatory because Mattel has propounded

2 more than 50 interrogatories. Under Judge Larson's order of February 22, 2007,

3 "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-04049-

4 SGL and CV 05-02727]."

5    Subject to and without waiving the foregoing objections, MGA (HK)

6 responds as follows: MGA (HK) is willing to meet and confer with Mattel regarding

7 this interrogatory and the obligation of Mattel to supplement its responses to MGA's

8 First Set of Interrogatories.

9 **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 31:**

10    MGA (HK) incorporates by reference its General Response and General

11 Objections above, as though fully set forth herein and specifically incorporates

12 General Objection No. 7 (regarding Definitions), including but not limited to its

13 objections to the definitions of the terms INVENTIONS AGREEMENT, IDENTIFY

14 and REFER OR RELATE TO. MGA (HK) also objects to this interrogatory to the

15 extent it seeks information that is not subject to disclosure under any applicable

16 privilege, doctrine or immunity, including without limitation the attorney-client

17 privilege, the work product doctrine, the right of privacy, and all other privileges

18 recognized under the constitutional, statutory or decisional law of the United States

19 of America, the State of California or any other applicable jurisdiction. MGA (HK)

20 also objects to this interrogatory to the extent that it calls for a legal conclusion.

21    MGA (HK) objects that this interrogatory is an overbroad and unduly

22 burdensome contention interrogatory to the extent it asks for "all facts" which

23 supports the denial of a statement or allegation. *See e.g., Safeco of Am. v. Rawstron,*

24 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery requests seeking "all

25 facts, documents, and witnesses that support the denial of a statement or allegation of

26 fact" because the "universe of potentially responsive information is almost endless").

27 MGA (HK) further objects to the extent that this interrogatory seeks information

28 outside of MGA (HK)'s personal knowledge and is not in MGA (HK)'s possession,

1  custody or control.  In particular, MGA (HK) objects to this interrogatory to the

2  extent that it requests that MGA (HK) "state *all* facts . . . and IDENTIFY *all*

3  PERSONS . . . and *all* DOCUMENTS" (emphasis added).

4         Subject to and without waiving the foregoing objections, MGA (HK)

5  responds as follows:

6         MGA (HK) contends that Paragraph 3-a of the "INVENTIONS

7  AGREEMENT" is unenforceable based on the equitable doctrine of laches, and the

8  statute of limitations, in that Mattel intentionally delayed in taking legal action

9  against MGA or Carter Bryant for several years in the belief that Mattel would be

10 able to drive Bratz out of the marketplace through the introduction of a copycat line

11 of My Scene Barbie dolls.  Mattel only took legal action well after MGA had

12 invested substantial amounts of capital and creative and innovative human effort in

13 the Bratz line of dolls and had experienced enormous success in the market place,

14 changing the fashion doll business forever.  In addition, many Mattel employees

15 knew following the introduction of the first generation of Bratz dolls to the market

16 that Carter Bryant was the originator of the idea that led to the first generation of

17 Bratz dolls.

18        The "INVENTIONS AGREEMENT" is also invalid and unenforceable

19 insofar as it purports to prohibit Bryant from engaging in good faith and reasonable

20 efforts to seek professional opportunities with Mattel competitors while still

21 employed by Mattel.

22        These contentions are based on the following facts and circumstances:

23 MGA (HK) is informed and believes that it was common knowledge at Mattel that

24 many Mattel employees employed in the Mattel design center worked on a freelance

25 basis for third parties, including Mattel competitors.  Despite knowledge of this

26 activity, Mattel rarely, if ever, enforced any rights it may have had to prohibit such

27 freelancing.  Mattel has therefore waived any right it may have had to enforce

28 Paragraph 3-a of the "INVENTIONS AGREEMENT" against Carter Bryant by

31

1 | virtue of course-of-conduct contract law principles.

2 |       The following persons have knowledge of the facts and circumstances

3 | supporting this contention: current and former members of Mattel management,

4 | current and former members of Mattel's legal department, current and former

5 | employees in Mattel's Design Center, including, Robert Eckert, Alan Kaye, Matt

6 | Bousquette, Adrienne Fontanella, Richard De Anda, Ivy Ross and Margaret Leahy.

7 |       The following documents may be relevant to these facts:  the

8 | "INVENTIONS AGREEMENT;" Mattel documents referring or relating to Mattel's

9 | enforcement, or lack thereof, of the provisions of similar agreements between Mattel

10 | and its employees; Mattel documents referring or relating to Mattel's knowledge or

11 | investigation of suspected violations of similar agreements between Mattel and its

12 | employees; Mattel's internal emails that have not been produced; documents from

13 | Mattel's Zeus computer systems; documents referring or relating to Mattel's market

14 | research; documents referring or relating to Mattel's public relations efforts;

15 | documents  referring or relating to Mattel's advertising and advertising strategies.

16 | Mattel has produced very few documents in this action in response to MGA's

17 | outstanding requests.  MGA recently served additional requests for production of

18 | documents.  MGA (HK) reserves the right to supplement this response and all of its

19 | other responses after Mattel has completed its production.

20 |       This response is without prejudice to MGA (HK)'s position that the

21 | "INVENTIONS AGREEMENT" as a whole is invalid and unenforceable as a

22 | violation of public policy.

23 | **INTERROGATORY NO. 32:**

24 |       State all facts that support YOUR contention, if YOU so contend, that

25 | MATTEL is not or would not be entitled to injunctive relief as requested in its

26 | COMPLAINT and/or COUNTERCLAIMS if it is ultimately determined that

27 | MATTEL owns one or more BRATZ INVENTIONS, and IDENTIFY all PERSONS

28 | with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO

32

EXHIBIT __P__  PAGE __300__