1 | such facts.

2 | **RESPONSE TO INTERROGATORY NO. 32:**

3 |         MGA (HK) incorporates by reference its General Response and General

4 | Objections above, as though fully set forth herein and specifically incorporates

5 | General Objection No. 7 (regarding Definitions), including but not limited to its

6 | objections to the definitions of the terms BRATZ INVENTIONS, IDENTIFY and

7 | REFER OR RELATE TO, and further objects on the ground that the interrogatory is

8 | overbroad, unduly burdensome, vague and ambiguous both generally and

9 | specifically with respect to the terms YOUR, YOU, MATTEL. MGA (HK) also

10 | objects to this interrogatory to the extent it seeks information that is not subject to

11 | disclosure under any applicable privilege, doctrine or immunity, including without

12 | limitation the attorney-client privilege, the work product doctrine, the right of

13 | privacy, and all other privileges recognized under the constitutional, statutory or

14 | decisional law of the United States of America, the State of California or any other

15 | applicable jurisdiction. MGA (HK) further objects to the interrogatory on the ground

16 | that it is premature because matters affecting Mattel's ability to obtain injunctive

17 | relief may be the subject of expert testimony at trial. MGA (HK) objects to this

18 | interrogatory to the extent it seeks to limit the expert testimony that MGA (HK) may

19 | seek to introduce at trial. MGA (HK) will identify its experts and make related

20 | disclosures in accordance with the Court's orders and applicable rules.

21 |         MGA (HK) notes that the issue of injunctive relief will be decided by

22 | the Court after the conclusion of all jury deliberation relevant to the issue. MGA

23 | (HK) believes accordingly that the Court's review of injunctive relief issue will not

24 | occur until the conclusion of Phase 2.

25 |         MGA (HK) further objects on the ground that this interrogatory is an

26 | overbroad and unduly burdensome contention interrogatory to the extent it asks for

27 | "all facts" which supports the denial of a statement or allegation. *See e.g., Safeco of*

28 | *Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery

33

EXHIBIT **P** PAGE **301**

1 │ requests seeking "all facts, documents, and witnesses that support the denial of a

2 │ statement or allegation of fact" because the "universe of potentially responsive

3 │ information is almost endless").

4 │      MGA (HK) further objects to the extent that this interrogatory seeks

5 │ information that is outside MGA (HK)'s knowledge and is not in MGA (HK)'s

6 │ possession, custody, or control.  In particular, MGA (HK) objects to this

7 │ interrogatory to the extent that it requests that MGA (HK) "state *all* facts ... and

8 │ IDENTIFY *all* PERSONS…and *all* DOCUMENTS" (emphasis added).

9 │      MGA (HK) further objects to this interrogatory as it asks MGA (HK) to

10 │ assume facts contrary to evidence, and further asks it to base any response on an

11 │ incomplete and incomprehensible hypothetical scenario.  *See, e.g., Kendrick v.*

12 │ *Sullivan*, 125 F.R.D. 1, 3 (D. D.C. 1989) (holding that Rule 33 does not permit

13 │ contention interrogatories directed at hypothetical scenarios).  Whether or not Mattel

14 │ is or would or would not be "entitled to injunctive relief" depends on, among other

15 │ factual and legal factors, which specific "BRATZ INVENTION" Mattel is

16 │ hypothetically found to own, and whether and/or to what extent it is determined that

17 │ any Bratz products that have been produced and sold are derivative works of any

18 │ such BRATZ INVENTIONS, which information is not provided in the incomplete

19 │ hypothetical scenario posited in this interrogatory.  MGA (HK) also objects to this

20 │ interrogatory on the grounds that Mattel – not MGA (HK) – bears the burden of

21 │ proof to show that it is entitled to injunctive relief, if it is ultimately determined that

22 │ Mattel owns one or more BRATZ INVENTIONS.

23 │      MGA (HK) further objects to this interrogatory because Mattel has

24 │ propounded more than 50 interrogatories.  Under Judge Larson's order of February

25 │ 22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-

26 │ 04049-SGL and CV 05-02727]."

27 │ **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 32:**

28 │      MGA (HK) incorporates by reference its General Response and General

EXHIBIT P PAGE 302

1  Objections above, as though fully set forth herein and specifically incorporates
2  General Objection No. 7 (regarding Definitions), including but not limited to its
3  objections to the definitions of the terms BRATZ INVENTIONS, IDENTIFY and
4  REFER OR RELATE TO, and further objects on the ground that the interrogatory is
5  overbroad, unduly burdensome, vague and ambiguous both generally and
6  specifically with respect to the terms YOUR, YOU, MATTEL. MGA (HK) also
7  objects to this interrogatory to the extent it seeks information that is not subject to
8  disclosure under any applicable privilege, doctrine or immunity, including without
9  limitation the attorney-client privilege, the work product doctrine, the right of
10 privacy, and all other privileges recognized under the constitutional, statutory or
11 decisional law of the United States of America, the State of California or any other
12 applicable jurisdiction. MGA (HK) further objects to the interrogatory on the ground
13 that it is premature because matters affecting Mattel's ability to obtain injunctive
14 relief may be the subject of expert testimony at trial. MGA (HK) objects to this
15 interrogatory to the extent it seeks to limit the expert testimony that MGA (HK) may
16 seek to introduce at trial. MGA (HK) will identify its experts and make related
17 disclosures in accordance with the Court's orders and applicable rules.
18        MGA (HK) notes that the issue of injunctive relief will be decided by
19 the Court after the conclusion of all jury deliberation relevant to the issue. MGA
20 (HK) believes accordingly that the Court's review of injunctive relief issue will not
21 occur until the conclusion of Phase 2.
22        MGA (HK) further objects on the ground that this interrogatory is an
23 overbroad and unduly burdensome contention interrogatory to the extent it asks for
24 "all facts" which supports the denial of a statement or allegation. *See e.g., Safeco of*
25 *Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery
26 requests seeking "all facts, documents, and witnesses that support the denial of a
27 statement or allegation of fact" because the "universe of potentially responsive
28 information is almost endless").

EXHIBIT  P   PAGE **303**

1    MGA (HK) further objects to the extent that this interrogatory seeks
2  information that is outside MGA (HK)'s knowledge and is not in MGA (HK)'s
3  possession, custody, or control.  In particular, MGA (HK) objects to this
4  interrogatory to the extent that it requests that MGA (HK) "state *all* facts … and
5  IDENTIFY *all* PERSONS…and *all* DOCUMENTS" (emphasis added).
6    MGA (HK) further objects to this interrogatory as it asks MGA (HK) to
7  assume facts contrary to evidence, and further asks it to base any response on an
8  incomplete and incomprehensible hypothetical scenario.  *See, e.g., Kendrick v.*
9  *Sullivan*, 125 F.R.D. 1, 3 (D. D.C. 1989) (holding that Rule 33 does not permit
10  contention interrogatories directed at hypothetical scenarios).  Whether or not Mattel
11  is or would or would not be "entitled to injunctive relief" depends on, among other
12  factual and legal factors, which specific "BRATZ INVENTION" Mattel is
13  hypothetically found to own, and whether and/or to what extent it is determined that
14  any Bratz products that have been produced and sold are derivative works of any
15  such BRATZ INVENTIONS, which information is not provided in the incomplete
16  hypothetical scenario posited in this interrogatory.  MGA (HK) also objects to this
17  interrogatory on the grounds that Mattel – not MGA (HK) – bears the burden of
18  proof to show that it is entitled to injunctive relief, if it is ultimately determined that
19  Mattel owns one or more BRATZ INVENTIONS.
20    Subject to and without waiving the foregoing objections, MGA (HK)
21  responds as follows:
22    Mattel is not entitled to injunctive relief for the following reasons:
23    (a)    Mattel is not entitled to injunctive relief in accordance with the
24  principles established by the United States Supreme Court in eBay v. MercExchange,
25  126 S. Ct. 1837 (2006).
26    (b)    The original concepts contributed by Bryant to the creation of the
27  Bratz dolls represent only one of the many factors that combined to make Bratz one
28  of the most successful fashion dolls on the market.  The contributions made by MGA

MGA HK'S SUPPL. RESPONSES TO MATTEL'S REVISED 3RD SET OF INTERROGATORIESNO. CV 04-9049 SGL (RNBx)

EXHIBIT __P__ PAGE _304_

1   to the Bratz dolls far outweigh any contributions made by Bryant prior to October

2   21, 2000 in terms of the overall factors that contributed to the commercial success of

3   Bratz.

4           (c)     Mattel played no role in the creation and/or selection of the Bratz

5   slogan, "The Girls with a Passion for Fashion!" or the brand name "Bratz."

6           (d)     Mattel played no role in the development of the Bratz line of

7   dolls' innovative and trend-setting packaging.

8           (e)     Mattel played no role in MGA's improvements, enhancements

9   and changes to the Bratz dolls in the months and years on and/or after October 21,

10   2000.

11           (f)     Mattel played no role in MGA's development of the fashions for

12   the Bratz dolls.

13           (g)     Mattel played no role in the development of Bratz Kidz, Bratz

14   Petz, Bratz Babyz and other successful additions to the Bratz doll family.

15           (h)     Mattel played no role in the development of the myriad of

16   accessories for the Bratz dolls.

17           (i)     Mattel played no role in the development of the successful

18   themes that have enhanced the popularity of the Bratz dolls.

19           (j)     Mattel played no role in the development of the Bratz animated

20   TV series, Bratz TV commercials, or Bratz the movie.

21           (k)     Mattel played no role in the development of the Bratz brand.

22           (l)     If in 2000 Mattel had been presented with the opportunity to

23   develop Bryant's idea for a line of fashion dolls, Mattel would not have pursued said

24   opportunity because of a perceived threat to Mattel's Barbie franchise.

25           (m)    Mattel's inequitable conduct through years of efforts to eliminate

26   competition to its lines of fashion dolls.

27           (n)     Mattel's inequitable conduct through specific acts of unfair

28   competition, as previously set forth in MGA's Responses and Supplemental

MGA HK'S SUPPL. RESPONSES TO MATTEL'S REVISED 3RD SET OF INTERROGATORIES NO. CV 04-9049 SGL (RNBx)

EXHIBIT ___P___ PAGE 305

1 | Responses to Mattel's First Set of Interrogatories Re: Claims of Unfair Competition
2 | Nos. 5, 6, 8, 9 and 10.

3     (o)    The equitable doctrine of laches, in that Mattel intentionally
4 delayed in taking legal action against MGA or Carter Bryant for several years in the
5 belief that Mattel would be able to drive Bratz out of the marketplace through the
6 introduction of a copycat line of My Scene Barbie dolls. Mattel only took legal
7 action well after MGA had invested substantial amounts of capital and creative and
8 innovative human effort in the Bratz line of dolls and had experienced enormous
9 success in the marketplace, changing the fashion doll business forever.

10     (p)    The statute of limitations.

11     The persons who have knowledge of the facts and circumstances
12 supporting these contentions of inequitable conduct by Mattel have already been
13 provided in MGA (HK)'s supplemental responses to Interrogatory Nos. 27, 28, and
14 31.

15     To the extent that Mattel's interrogatory could be interpreted to require
16 MGA (HK) to identify all documents that "REFER OR RELATE TO" substantially
17 all facets of MGA's business, these documents are too numerous to identify
18 individually without undue burden to MGA (HK). The following categories of
19 documents may be relevant to these facts: Mattel's Brand Directional Outlines;
20 analyses and assessments of Mattel's marketing strategies prepared and/or produced
21 by Young and Rubicam Brands; Mattel's Marketing Department assessments of
22 Mattel's advertising and branding strategies; Mattel's Creative Briefs; and publicly
23 available documents evidencing MGA's trademarks, patents, and copyrights.

24 **INTERROGATORY NO. 33:**

25     State all facts that support YOUR contention, if YOU so contend, that
26 MATTEL is not entitled to an award of punitive or exemplary damages against
27 YOU, and IDENTIFY all PERSONS with knowledge of such facts and all
28 DOCUMENTS that REFER OR RELATE TO such facts.

38

**RESPONSE TO INTERROGATORY NO. 33:**

MGA (HK) incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 7 (regarding Definitions), including but not limited to its objections to the definitions of the terms IDENTIFY and REFER OR RELATE TO, and further objects on the ground that the interrogatory is overbroad, unduly burdensome, vague and ambiguous both generally and specifically with respect to the terms YOUR, YOU, and MATTEL. In particular, by way of example, the term YOU as defined by Mattel could be read to require MGA (HK) to state all facts supporting why Mattel is not entitled to an award of punitive damages against each of the responding parties in this litigation, thereby rendering the interrogatory impermissibly compound. MGA (HK) also objects to this interrogatory to the extent it seeks information that is not subject to disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction. MGA (HK) further objects to the interrogatory to the extent it calls for a legal conclusion.

MGA (HK) further objects on the ground that this interrogatory is an overbroad and unduly burdensome contention interrogatory to the extent it asks for "all facts" which supports the denial of a statement or allegation. *See e.g., Safeco of Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery requests seeking "all facts, documents, and witnesses that support the denial of a statement or allegation of fact" because the "universe of potentially responsive information is almost endless").

MGA (HK) further objects to the extent that this interrogatory seeks information that is outside MGA (HK)'s knowledge and is not in MGA (HK)'s possession, custody, or control. In particular, MGA (HK) objects to this

39

EXHIBIT _P_ PAGE _3017_

1  interrogatory to the extent that it requests that MGA (HK) "state *all* facts ... and

2  IDENTIFY *all* PERSONS...and *all* DOCUMENTS" (emphasis added).

3        MGA (HK) also objects to this interrogatory on the grounds that Mattel

4  – not MGA (HK) – bears the burden of proof to show that it is entitled to an award of

5  punitive or exemplary damages.

6        MGA (HK) further objects to this interrogatory because Mattel has

7  propounded more than 50 interrogatories.  Under Judge Larson's order of February

8  22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-

9  04049-SGL and CV 05-02727]."

10        Subject to and without waiving the foregoing objections, MGA (HK)

11  responds as follows:  MGA (HK) is willing to meet and confer with Mattel regarding

12  this interrogatory and the obligation of Mattel to supplement its responses to MGA's

13  First Set of Interrogatories.

14  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 33:**

15        MGA (HK) incorporates by reference its General Response and General

16  Objections above, as though fully set forth herein and specifically incorporates

17  General Objection No. 7 (regarding Definitions), including but not limited to its

18  objections to the definitions of the terms IDENTIFY and REFER OR RELATE TO,

19  and further objects on the ground that the interrogatory is overbroad, unduly

20  burdensome, vague and ambiguous both generally and specifically with respect to

21  the terms YOUR, YOU, and MATTEL.  In particular, by way of example, the term

22  YOU as defined by Mattel could be read to require MGA (HK) to state all facts

23  supporting why Mattel is not entitled to an award of punitive damages against each

24  of the responding parties in this litigation, thereby rendering the interrogatory

25  impermissibly compound.  MGA (HK) also objects to this interrogatory to the extent

26  it seeks information that is not subject to disclosure under any applicable privilege,

27  doctrine or immunity, including without limitation the attorney-client privilege, the

28  work product doctrine, the right of privacy, and all other privileges recognized under

1  the constitutional, statutory or decisional law of the United States of America, the

2  State of California or any other applicable jurisdiction.  MGA (HK) further objects to

3  the interrogatory to the extent it calls for a legal conclusion.

4         MGA (HK) further objects on the ground that this interrogatory is an

5  overbroad and unduly burdensome contention interrogatory to the extent it asks for

6  "all facts" which supports the denial of a statement or allegation.  *See e.g., Safeco of*

7  *Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery

8  requests seeking "all facts, documents, and witnesses that support the denial of a

9  statement or allegation of fact" because the "universe of potentially responsive

10  information is almost endless").

11         MGA (HK) further objects to the extent that this interrogatory seeks

12  information that is outside MGA (HK)'s knowledge and is not in MGA (HK)'s

13  possession, custody, or control.  In particular, MGA (HK) objects to this

14  interrogatory to the extent that it requests that MGA (HK) "state *all* facts … and

15  IDENTIFY *all* PERSONS…and *all* DOCUMENTS" (emphasis added).

16         MGA (HK) also objects to this interrogatory on the grounds that Mattel

17  – not MGA (HK) – bears the burden of proof to show that it is entitled to an award of

18  punitive or exemplary damages.

19         Subject to and without waiving the foregoing objections, MGA (HK)

20  responds as follows:

21         Mattel is not entitled to an award of punitive or exemplary damages

22  against MGA (HK) because:  (i) Mattel does not own any rights in the Bratz dolls,

23  (ii) MGA (HK) has not violated or infringed any rights of Mattel with respect to the

24  Bratz dolls, (iii) Mattel has not shown that MGA (HK) acted in bad faith and (iv)

25  Mattel has not presented any evidence to support the requirements for such an award

26  against MGA (HK).

27  **INTERROGATORY NO. 34:**

28         State all facts that support YOUR contention, if YOU so contend, that

EXHIBIT P   PAGE 309

1  YOU did not intentionally interfere with the INVENTIONS AGREEMENT when

2  BRYANT purported to TRANSFER and MGA purported to ACQUIRE rights to

3  BRATZ, and IDENTIFY all PERSONS with knowledge of such facts and all

4  DOCUMENTS that REFER OR RELATE TO such facts.

5  **RESPONSE TO INTERROGATORY NO. 34:**

6        MGA (HK) incorporates by reference its General Response and General

7  Objections above, as though fully set forth herein and specifically incorporates

8  General Objection No. 7 (regarding Definitions), including but not limited to its

9  objections to the definitions of the terms INVENTIONS AGREEMENT, IDENTIFY

10  and REFER OR RELATE TO, and further objects on the ground that the

11  interrogatory is overbroad, unduly burdensome, vague and ambiguous both generally

12  and specifically with respect to the terms YOUR, YOU, BRYANT, MGA,

13  TRANSFER and ACQUIRE. In particular, by way of example, the term YOU as

14  defined by Mattel could be read to require MGA (HK) to state all facts supporting

15  why each of the responding parties did not "intentionally interfere with the

16  INVENTIONS AGREEMENT," thereby rendering the interrogatory impermissibly

17  compound. MGA (HK) also objects to this interrogatory to the extent it seeks

18  information that is not subject to disclosure under any applicable privilege, doctrine

19  or immunity, including without limitation the attorney-client privilege, the work

20  product doctrine, the right of privacy, and all other privileges recognized under the

21  constitutional, statutory or decisional law of the United States of America, the State

22  of California or any other applicable jurisdiction. MGA (HK) further objects to the

23  interrogatory to the extent it calls for a legal conclusion.

24        MGA (HK) further objects on the ground that this interrogatory is an

25  overbroad and unduly burdensome contention interrogatory to the extent it asks for

26  "all facts" which supports the denial of a statement or allegation. *See e.g., Safeco of*

27  *Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery

28  requests seeking "all facts, documents, and witnesses that support the denial of a

42

1   statement or allegation of fact" because the "universe of potentially responsive

2   information is almost endless").

3         MGA (HK) further objects to the extent that this interrogatory seeks

4   information that is outside MGA (HK)'s knowledge and is not in MGA (HK)'s

5   possession, custody, or control.  In particular, MGA (HK) objects to this

6   interrogatory to the extent that it requests that MGA (HK) "state *all* facts … and

7   IDENTIFY *all* PERSONS…and *all* DOCUMENTS" (emphasis added).

8         MGA (HK) further objects to this interrogatory because Mattel has

9   propounded more than 50 interrogatories.  Under Judge Larson's order of February

10   22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-

11   04049-SGL and CV 05-02727]."

12   **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 34:**

13         MGA (HK) incorporates by reference its General Response and General

14   Objections above, as though fully set forth herein and specifically incorporates

15   General Objection No. 7 (regarding Definitions), including but not limited to its

16   objections to the definitions of the terms INVENTIONS AGREEMENT, IDENTIFY

17   and REFER OR RELATE TO, and further objects on the ground that the

18   interrogatory is overbroad, unduly burdensome, vague and ambiguous both generally

19   and specifically with respect to the terms YOUR, YOU, BRYANT, MGA,

20   TRANSFER and ACQUIRE.  In particular, by way of example, the term YOU as

21   defined by Mattel could be read to require MGA (HK) to state all facts supporting

22   why each of the responding parties did not "intentionally interfere with the

23   INVENTIONS AGREEMENT," thereby rendering the interrogatory impermissibly

24   compound.  MGA (HK) also objects to this interrogatory to the extent it seeks

25   information that is not subject to disclosure under any applicable privilege, doctrine

26   or immunity, including without limitation the attorney-client privilege, the work

27   product doctrine, the right of privacy, and all other privileges recognized under the

28   constitutional, statutory or decisional law of the United States of America, the State

EXHIBIT _P_ PAGE _311_

1  of California or any other applicable jurisdiction.  MGA (HK) further objects to the

2  interrogatory to the extent it calls for a legal conclusion.

3          MGA (HK) further objects on the ground that this interrogatory is an

4  overbroad and unduly burdensome contention interrogatory to the extent it asks for

5  "all facts" which supports the denial of a statement or allegation.  *See e.g., Safeco of*

6  *Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery

7  requests seeking "all facts, documents, and witnesses that support the denial of a

8  statement or allegation of fact" because the "universe of potentially responsive

9  information is almost endless").

10         MGA (HK) further objects to the extent that this interrogatory seeks

11  information that is outside MGA (HK)'s knowledge and is not in MGA (HK)'s

12  possession, custody, or control.  In particular, MGA (HK) objects to this

13  interrogatory to the extent that it requests that MGA (HK) "state *all* facts ... and

14  IDENTIFY *all* PERSONS...and *all* DOCUMENTS" (emphasis added).

15         Subject to and without waiving the foregoing objections, MGA (HK)

16  responds as follows:

17         This interrogatory appears to be directed at other parties to the litigation,

18  and not to MGA (HK).  MGA (HK) was not involved in Bryant's transfer of rights in

19  Bratz to MGA.  MGA acquired the rights in Bratz, and MGA will respond to this

20  interrogatory.

21  **INTERROGATORY NO. 35:**

22         State all facts that support YOUR contention, if YOU so contend, that

23  YOU did not aid or abet any breach of fiduciary duty or duty of loyalty owed by

24  BRYANT to MATTEL when BRYANT performed work or services with or for

25  MGA while BRYANT was employed by MATTEL, and IDENTIFY all PERSONS

26  with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO

27  such facts.

28

EXHIBIT __P__ PAGE __312__

**RESPONSE TO INTERROGATORY NO. 35:**

MGA (HK) incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 7 (regarding Definitions), including but not limited to its objections to the definitions of the terms IDENTIFY and REFER OR RELATE TO, and further objects on the ground that the interrogatory is overbroad, unduly burdensome, vague and ambiguous both generally and specifically with respect to the terms YOU, BRYANT, MGA and MATTEL. In particular, by way of example, the term YOU as defined by Mattel could be read to require MGA (HK) to state all facts supporting why each of the responding parties "did not aid or abet any breach of fiduciary duty or duty of loyalty owed by BRYANT to MATTEL," thereby rendering the interrogatory impermissibly compound. MGA (HK) also objects to this interrogatory to the extent it seeks information that is not subject to disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction. MGA (HK) further objects to the interrogatory to the extent it calls for a legal conclusion.

MGA (HK) further objects on the ground that this interrogatory is an overbroad and unduly burdensome contention interrogatory to the extent it asks for "all facts" which supports the denial of a statement or allegation. *See e.g., Safeco of Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery requests seeking "all facts, documents, and witnesses that support the denial of a statement or allegation of fact" because the "universe of potentially responsive information is almost endless").

MGA (HK) further objects to the extent that this interrogatory seeks information that is outside MGA (HK)'s knowledge and is not in MGA (HK)'s

EXHIBIT _9_ PAGE _313_

1  possession, custody, or control.  In particular, MGA (HK) objects to this

2  interrogatory to the extent that it requests that MGA (HK) "state *all* facts ... and

3  IDENTIFY *all* PERSONS...and *all* DOCUMENTS" (emphasis added).

4     MGA (HK) further objects to this interrogatory because Mattel has

5  propounded more than 50 interrogatories.  Under Judge Larson's order of February

6  22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-

7  04049-SGL and CV 05-02727]."

8  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 35:**

9     MGA (HK) incorporates by reference its General Response and General

10  Objections above, as though fully set forth herein and specifically incorporates

11  General Objection No. 7 (regarding Definitions), including but not limited to its

12  objections to the definitions of the terms IDENTIFY and REFER OR RELATE TO,

13  and further objects on the ground that the interrogatory is overbroad, unduly

14  burdensome, vague and ambiguous both generally and specifically with respect to

15  the terms YOU, BRYANT, MGA and MATTEL.  In particular, by way of example,

16  the term YOU as defined by Mattel could be read to require MGA (HK) to state all

17  facts supporting why each of the responding parties "did not aid or abet any breach

18  of fiduciary duty or duty of loyalty owed by BRYANT to MATTEL," thereby

19  rendering the interrogatory impermissibly compound.  MGA (HK) also objects to

20  this interrogatory to the extent it seeks information that is not subject to disclosure

21  under any applicable privilege, doctrine or immunity, including without limitation

22  the attorney-client privilege, the work product doctrine, the right of privacy, and all

23  other privileges recognized under the constitutional, statutory or decisional law of

24  the United States of America, the State of California or any other applicable

25  jurisdiction.  MGA (HK) further objects to the interrogatory to the extent it calls for

26  a legal conclusion.

27     MGA (HK) further objects on the ground that this interrogatory is an

28  overbroad and unduly burdensome contention interrogatory to the extent it asks for

46

EXHIBIT _P_ PAGE _314_

1  "all facts" which supports the denial of a statement or allegation. *See e.g., Safeco of*

2  *Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery

3  requests seeking "all facts, documents, and witnesses that support the denial of a

4  statement or allegation of fact" because the "universe of potentially responsive

5  information is almost endless").

6          MGA (HK) further objects to the extent that this interrogatory seeks

7  information that is outside MGA (HK)'s knowledge and is not in MGA (HK)'s

8  possession, custody, or control.  In particular, MGA (HK) objects to this

9  interrogatory to the extent that it requests that MGA (HK) "state *all* facts ... and

10  IDENTIFY *all* PERSONS...and *all* DOCUMENTS" (emphasis added).

11          Subject to and without waiving the foregoing objections, MGA (HK)

12  responds as follows:

13          This interrogatory appears to be directed at other parties to the litigation,

14  and not to MGA (HK).  Bryant has not performed work or services for MGA (HK).

15  Bryant performed work for MGA, and MGA will respond to this interrogatory.

16  **INTERROGATORY NO. 36:**

17          State all facts that support YOUR contention, if YOU so contend, that

18  YOU acted with an innocent state of mind or reasonably believed that MATTEL did

19  not own any rights in any BRATZ INVENTION when BRYANT purported to

20  TRANSFER and MGA purported to ACQUIRE rights to BRATZ, and IDENTIFY

21  all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR

22  RELATE TO such facts.

23  **RESPONSE TO INTERROGATORY NO. 36:**

24          MGA (HK) incorporates by reference its General Response and General

25  Objections above, as though fully set forth herein and specifically incorporates

26  General Objection No. 7 (regarding Definitions), including but not limited to its

27  objections to the definitions of BRATZ INVENTION, IDENTIFY and REFER OR

28  RELATE TO, and further objects on the grounds that the interrogatory is overbroad,

MGA HK'S SUPPL. RESPONSES TO MATTEL'S REVISED 3RD SET OF INTERROGATORIESNO. CV 04-9049 SGL (RNBx)

EXHIBIT  P  PAGE  315

1  unduly burdensome, vague and ambiguous both generally and specifically with

2  respect to the terms YOU, BRYANT, MGA, TRANSFER, MATTEL and

3  ACQUIRE.  In particular, by way of example, the term YOU as defined by Mattel

4  could be read to require MGA (HK) to state all facts supporting why each of the

5  responding parties "acted with an innocent state of mind," thereby rendering the

6  interrogatory impermissibly compound.  MGA (HK) also objects to this

7  interrogatory to the extent it seeks information that is not subject to disclosure under

8  any applicable privilege, doctrine or immunity, including without limitation the

9  attorney-client privilege, the work product doctrine, the right of privacy, and all other

10  privileges recognized under the constitutional, statutory or decisional law of the

11  United States of America, the State of California or any other applicable jurisdiction.

12       Subject to and without waiving the foregoing objections, MGA (HK)

13  responds as follows:  MGA (HK) is willing to meet and confer with Mattel regarding

14  this interrogatory and the obligation of Mattel to supplement its responses to MGA's

15  First Set of Interrogatories.

16  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 36:**

17       MGA (HK) incorporates by reference its General Response and General

18  Objections above, as though fully set forth herein and specifically incorporates

19  General Objection No. 7 (regarding Definitions), including but not limited to its

20  objections to the definitions of BRATZ INVENTION, IDENTIFY and REFER OR

21  RELATE TO, and further objects on the grounds that the interrogatory is overbroad,

22  unduly burdensome, vague and ambiguous both generally and specifically with

23  respect to the terms YOU, BRYANT, MGA, TRANSFER, MATTEL and

24  ACQUIRE.  In particular, by way of example, the term YOU as defined by Mattel

25  could be read to require MGA (HK) to state all facts supporting why each of the

26  responding parties "acted with an innocent state of mind," thereby rendering the

27  interrogatory impermissibly compound.  MGA (HK) also objects to this

28  interrogatory to the extent it seeks information that is not subject to disclosure under

EXHIBIT __P__ PAGE _316_

1  any applicable privilege, doctrine or immunity, including without limitation the

2  attorney-client privilege, the work product doctrine, the right of privacy, and all other

3  privileges recognized under the constitutional, statutory or decisional law of the

4  United States of America, the State of California or any other applicable jurisdiction.

5          Subject to and without waiving the foregoing objections, MGA (HK)

6  responds as follows:

7          This interrogatory appears to be directed at other parties to the litigation,

8  and not to MGA (HK).  MGA (HK) was not involved in Bryant's transfer of rights in

9  Bratz to MGA.  MGA acquired the rights in Bratz, and MGA will respond to this

10  interrogatory.

11  **INTERROGATORY NO. 37:**

12          State all facts that support YOUR contention, if YOU so contend, that

13  BRYANT did not breach the INVENTIONS AGREEMENT when BRYANT

14  purported to TRANSFER rights to BRATZ to MGA, and IDENTIFY all PERSONS

15  with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO

16  such facts.

17  **RESPONSE TO INTERROGATORY NO. 37:**

18          MGA (HK) incorporates by reference its General Response and General

19  Objections above, as though fully set forth herein and specifically incorporates

20  General Objection No. 7 (regarding Definitions), including but not limited to its

21  objections to the definitions of the terms INVENTIONS AGREEMENT, BRATZ

22  and REFER OR RELATE TO, and further objects on the ground that the

23  interrogatory is overbroad, unduly burdensome, vague and ambiguous both generally

24  and specifically with respect to the terms YOUR, YOU, BRYANT, MGA and

25  TRANSFER.  MGA (HK) also objects to this interrogatory to the extent it seeks

26  information that is not subject to disclosure under any applicable privilege, doctrine

27  or immunity, including without limitation the attorney-client privilege, the work

28  product doctrine, the right of privacy, and all other privileges recognized under the

MGA HK'S SUPPL. RESPONSES TO MATTEL'S REVISED 3RD SET OF INTERROGATORIESNO. CV 04-9049 SGL (RNBx)

EXHIBIT __P__   PAGE __317__

1  constitutional, statutory or decisional law of the United States of America, the State
2  of California or any other applicable jurisdiction.  MGA (HK) further objects to the
3  interrogatory to the extent it calls for a legal conclusion.  MGA (HK) further objects
4  to the interrogatory on the ground that Mattel – not MGA (HK) – bears the burden of
5  proof to show that Bryant breached the INVENTIONS AGREEMENT.

6         MGA (HK) further objects on the ground that this interrogatory is an
7  overbroad and unduly burdensome contention interrogatory to the extent it asks for
8  "all facts" which supports the denial of a statement or allegation.  *See e.g., Safeco of*
9  *Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery
10 requests seeking "all facts, documents, and witnesses that support the denial of a
11 statement or allegation of fact" because the "universe of potentially responsive
12 information is almost endless").  MGA (HK) further objects on the ground that it is
13 an abuse of the discovery process to effectively ask a Party to prove his, her or its
14 entire case in response to a single interrogatory.  *See, e.g., Lawrence v. First Kansas*
15 *Bank & Trust, Co.*, 169 F.R.D. 657, 663-64 (D. Kan. 1996); *Grynberg v. Total S.A.*,
16 No. 03-cv-01280-WYD-BNB, 2006 WL 1186836, at *6 (D. Colo. May 3, 2006)
17 (ruling that interrogatory that asks defendant to "plead and prove its entire case, and
18 to marshal all evidence, in response to one interrogatory" is overbroad and
19 "constitutes an abuse of the discovery process").

20        MGA (HK) further objects to the extent that this interrogatory seeks
21 information that is outside MGA (HK)'s knowledge and is not in MGA (HK)'s
22 possession, custody, or control.  In particular, MGA (HK) objects to this
23 interrogatory to the extent that it requests that MGA (HK) "state *all* facts … and
24 IDENTIFY *all* PERSONS…and *all* DOCUMENTS" (emphasis added).  In
25 responding to this interrogatory, MGA (HK) undertakes only to make a good faith,
26 reasonable effort to summarize facts currently known to it, and reserves the right to
27 supplement its response.
28        MGA (HK) further objects to this interrogatory because Mattel has

EXHIBIT  P   PAGE  318

1  propounded more than 50 interrogatories.  Under Judge Larson's order of February

2  22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-

3  04049-SGL and CV 05-02727]."

4          Subject to and without waiving the foregoing objections, MGA (HK)

5  responds as follows:  MGA (HK) is willing to meet and confer with Mattel regarding

6  this interrogatory and the obligation of Mattel to supplement its responses to MGA's

7  First Set of Interrogatories.

8  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 37:**

9          MGA (HK) incorporates by reference its General Response and General

10  Objections above, as though fully set forth herein and specifically incorporates

11  General Objection No. 7 (regarding Definitions), including but not limited to its

12  objections to the definitions of the terms INVENTIONS AGREEMENT, BRATZ

13  and REFER OR RELATE TO, and further objects on the ground that the

14  interrogatory is overbroad, unduly burdensome, vague and ambiguous both generally

15  and specifically with respect to the terms YOUR, YOU, BRYANT, MGA and

16  TRANSFER.  MGA (HK) also objects to this interrogatory to the extent it seeks

17  information that is not subject to disclosure under any applicable privilege, doctrine

18  or immunity, including without limitation the attorney-client privilege, the work

19  product doctrine, the right of privacy, and all other privileges recognized under the

20  constitutional, statutory or decisional law of the United States of America, the State

21  of California or any other applicable jurisdiction.  MGA (HK) further objects to the

22  interrogatory to the extent it calls for a legal conclusion.  MGA (HK) further objects

23  to the interrogatory on the ground that Mattel – not MGA (HK) – bears the burden of

24  proof to show that Bryant breached the INVENTIONS AGREEMENT.

25          MGA (HK) further objects on the ground that this interrogatory is an

26  overbroad and unduly burdensome contention interrogatory to the extent it asks for

27  "all facts" which supports the denial of a statement or allegation.  *See e.g., Safeco of*

28  *Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery

EXHIBIT P  PAGE 319

1  requests seeking "all facts, documents, and witnesses that support the denial of a

2  statement or allegation of fact" because the "universe of potentially responsive

3  information is almost endless").  MGA (HK) further objects on the ground that it is

4  an abuse of the discovery process to effectively ask a Party to prove his, her or its

5  entire case in response to a single interrogatory.  *See, e.g., Lawrence v. First Kansas*

6  *Bank & Trust, Co.*, 169 F.R.D. 657, 663-64 (D. Kan. 1996); *Grynberg v. Total S.A.*,

7  No. 03-cv-01280-WYD-BNB, 2006 WL 1186836, at *6 (D. Colo. May 3, 2006)

8  (ruling that interrogatory that asks defendant to "plead and prove its entire case, and

9  to marshal all evidence, in response to one interrogatory" is overbroad and

10 "constitutes an abuse of the discovery process").

11         MGA (HK) further objects to the extent that this interrogatory seeks

12 information that is outside MGA (HK)'s knowledge and is not in MGA (HK)'s

13 possession, custody, or control.  In particular, MGA (HK) objects to this

14 interrogatory to the extent that it requests that MGA (HK) "state *all* facts ... and

15 IDENTIFY *all* PERSONS...and *all* DOCUMENTS" (emphasis added).  In

16 responding to this interrogatory, MGA (HK) undertakes only to make a good faith,

17 reasonable effort to summarize facts currently known to it, and reserves the right to

18 supplement its response.

19         Subject to and without waiving the foregoing objections, MGA (HK)

20 responds as follows:

21         In August or September of 1998, Carter Bryant, inspired by images he

22 was exposed to, including in the August 1998 issue of *Seventeen Magazine*, the

23 appearance of teenagers as well as other images in the public domain, had an idea for

24 a line of fashion dolls that he named Bratz.  At the same time, Bryant sketched a

25 series of drawings to illustrate his conception.  To the extent that some aspect of

26 Bryant's idea would have been protectible under patent law, there was neither a

27 conception nor reduction to practice during the period of Bryant's unemployment

28 with Mattel.  In addition, Bryant's idea for a unique approach to fashion dolls was

P  3 20

1  not covered by the "INVENTIONS AGREEMENT."

2  **INTERROGATORY NO. 38:**

3  State all facts that support YOUR contention, if YOU so contend, that

4  BRYANT did not breach BRYANT's duty of loyalty or fiduciary duties to MATTEL

5  when BRYANT performed work or services with or for MGA while BRYANT was

6  employed by MATTEL, and IDENTIFY all PERSONS with knowledge of such facts

7  and all DOCUMENTS that REFER OR RELATE TO such facts.

8  **RESPONSE TO INTERROGATORY NO. 38:**

9  MGA (HK) incorporates by reference its General Response and General

10  Objections above, as though fully set forth herein and specifically incorporates

11  General Objection No. 7 (regarding Definitions), including but not limited to its

12  objections to the definitions of the terms IDENTIFY and REFER OR RELATE TO,

13  and further objects on the ground that the interrogatory is overbroad, unduly

14  burdensome, vague and ambiguous both generally and specifically with respect to

15  the terms YOUR, YOU, BRYANT, MATTEL, MGA and BRATZ.  MGA (HK) also

16  objects to this interrogatory to the extent it seeks information that is not subject to

17  disclosure under any applicable privilege, doctrine or immunity, including without

18  limitation the attorney-client privilege, the work product doctrine, the right of

19  privacy, and all other privileges recognized under the constitutional, statutory or

20  decisional law of the United States of America, the State of California or any other

21  applicable jurisdiction.  MGA (HK) further objects to the interrogatory to the extent

22  it calls for a legal conclusion.  MGA (HK) further objects to the interrogatory on the

23  ground that Mattel – not MGA (HK) – bears the burden of proof to show that Bryant

24  breached any duties, fiduciary or otherwise, to Mattel.

25  MGA (HK) further objects on the ground that this interrogatory is an

26  overbroad and unduly burdensome contention interrogatory to the extent it asks for

27  "all facts" which supports the denial of a statement or allegation.  *See e.g., Safeco of*

28  *Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery

EXHIBIT  **P**  PAGE  **32**

1  requests seeking "all facts, documents, and witnesses that support the denial of a
2  statement or allegation of fact" because the "universe of potentially responsive
3  information is almost endless").  MGA (HK) further objects on the ground that it is
4  an abuse of the discovery process to effectively ask a Party to prove his, her or its
5  entire case in response to a single interrogatory.  *See, e.g., Lawrence v. First Kansas*
6  *Bank & Trust, Co.*, 169 F.R.D. 657, 663-64 (D. Kan. 1996); *Grynberg v. Total S.A.*,
7  No. 03-cv-01280-WYD-BNB, 2006 WL 1186836, at *6 (D. Colo. May 3, 2006)
8  (ruling that interrogatory that asks defendant to "plead and prove its entire case, and
9  to marshal all evidence, in response to one interrogatory" is overbroad and
10  "constitutes an abuse of the discovery process").
11          MGA (HK) further objects to the extent that this interrogatory seeks
12  information that is outside MGA (HK)'s knowledge and is not in MGA (HK)'s
13  possession, custody, or control.  In particular, MGA (HK) objects to this
14  interrogatory to the extent that it requests that MGA (HK) "state all facts … and
15  IDENTIFY all PERSONS…and all DOCUMENTS" (emphasis added).  In
16  responding to this interrogatory, MGA (HK) undertakes only to make a good faith,
17  reasonable effort to summarize facts currently known to it, and reserves the right to
18  supplement its response.
19          MGA (HK) further objects to this interrogatory because Mattel has
20  propounded more than 50 interrogatories.  Under Judge Larson's order of February
21  22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-
22  04049-SGL and CV 05-02727]."
23          Subject to and without waiving the foregoing objections, MGA (HK)
24  responds as follows:  MGA (HK) is willing to meet and confer with Mattel regarding
25  this interrogatory and the obligation of Mattel to supplement its responses to MGA's
26  First Set of Interrogatories.
27  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 38:**
28          MGA (HK) incorporates by reference its General Response and General

EXHIBIT  P    PAGE  322

1  Objections above, as though fully set forth herein and specifically incorporates
2  General Objection No. 7 (regarding Definitions), including but not limited to its
3  objections to the definitions of the terms IDENTIFY and REFER OR RELATE TO,
4  and further objects on the ground that the interrogatory is overbroad, unduly
5  burdensome, vague and ambiguous both generally and specifically with respect to
6  the terms YOUR, YOU, BRYANT, MATTEL, MGA and BRATZ.  MGA (HK) also
7  objects to this interrogatory to the extent it seeks information that is not subject to
8  disclosure under any applicable privilege, doctrine or immunity, including without
9  limitation the attorney-client privilege, the work product doctrine, the right of
10  privacy, and all other privileges recognized under the constitutional, statutory or
11  decisional law of the United States of America, the State of California or any other
12  applicable jurisdiction.  MGA (HK) further objects to the interrogatory to the extent
13  it calls for a legal conclusion.  MGA (HK) further objects to the interrogatory on the
14  ground that Mattel – not MGA (HK) – bears the burden of proof to show that Bryant
15  breached any duties, fiduciary or otherwise, to Mattel.

16         MGA (HK) further objects on the ground that this interrogatory is an
17  overbroad and unduly burdensome contention interrogatory to the extent it asks for
18  "all facts" which supports the denial of a statement or allegation.  *See e.g., Safeco of*
19  *Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery
20  requests seeking "all facts, documents, and witnesses that support the denial of a
21  statement or allegation of fact" because the "universe of potentially responsive
22  information is almost endless").  MGA (HK) further objects on the ground that it is
23  an abuse of the discovery process to effectively ask a Party to prove his, her or its
24  entire case in response to a single interrogatory.  *See, e.g., Lawrence v. First Kansas*
25  *Bank & Trust, Co.*, 169 F.R.D. 657, 663-64 (D. Kan. 1996); *Grynberg v. Total S.A.*,
26  No. 03-cv-01280-WYD-BNB, 2006 WL 1186836, at *6 (D. Colo. May 3, 2006)
27  (ruling that interrogatory that asks defendant to "plead and prove its entire case, and
28  to marshal all evidence, in response to one interrogatory" is overbroad and

1  "constitutes an abuse of the discovery process").

2         MGA (HK) further objects to the extent that this interrogatory seeks

3  information that is outside MGA (HK)'s knowledge and is not in MGA (HK)'s

4  possession, custody, or control.  In particular, MGA (HK) objects to this

5  interrogatory to the extent that it requests that MGA (HK) "state all facts ... and

6  IDENTIFY all PERSONS...and all DOCUMENTS" (emphasis added).  In

7  responding to this interrogatory, MGA (HK) undertakes only to make a good faith,

8  reasonable effort to summarize facts currently known to it, and reserves the right to

9  supplement its response.

10         Subject to and without waiving the foregoing objections, MGA (HK)

11  responds as follows:

12         Bryant was not a fiduciary of Mattel.  Bryant was not an officer or

13  director of Mattel.  Mattel has not proven any facts that would support its claim that

14  Bryant was a fiduciary of Mattel.  MGA (HK) responds further that Bryant did not

15  perform any services for MGA prior to signing his agreement with MGA on October

16  4, 2000.  Bryant's activities with respect to the Bratz concept prior to October 4,

17  2000, were directed to securing a commercially beneficial relationship with MGA,

18  i.e., Bryant "pitched" the concept of Bratz to MGA.  In addition, Bryant's

19  employment with Mattel was at will, and Bryant had the right to leave Mattel to join

20  a competitor, or to work for a competitor, at any time.  Any work that Bryant

21  performed relating to his Bratz ideas during the time period that he was still

22  employed by Mattel constituted lawful steps by Bryant to prepare to embark upon a

23  new career.  Isaac Larian instructed Bryant to leave Mattel immediately upon

24  executing his contract with MGA.  During the period from October 4, 2000, through

25  October 20, 2000, Bryant contributed very little to the development of what later

26  became the first generation of Bratz dolls.

27         The following persons have knowledge of the facts and circumstances

28  supporting this contention:  Isaac Larian, Carter Bryant, Victoria O'Connor, Margaret

MGA HK'S SUPPL. RESPONSES TO MATTEL'S REVISED 3RD SET OF INTERROGATORIESNO. CV 04-9049 SGL (RNBx)

EXHIBIT P   PAGE 324

1 | Leahy, Aileen Storer, Veronica Marlow, Paula Garcia, and Anne Wang.

2 | **INTERROGATORY NO. 39:**

3 | IDENTIFY each and every bank or financial institution account that
4 | REFERS OR RELATES TO YOU, including accounts in YOUR name or for YOUR
5 | benefit, since January 1, 1999.

6 | **RESPONSE TO INTERROGATORY NO. 39:**

7 | MGA (HK) incorporates by reference its General Response and General
8 | Objections above, as though fully set forth herein and specifically incorporates
9 | General Objection No. 7 (regarding Definitions), including but not limited to its
10 | objections to the definitions of the terms IDENTIFY and REFERS OR RELATES
11 | TO, and further objects on the ground that the interrogatory is overbroad, unduly
12 | burdensome, vague and ambiguous both generally and specifically with respect to
13 | the terms YOU and YOUR. MGA (HK) also objects to this interrogatory to the
14 | extent it seeks information that is not subject to disclosure under any applicable
15 | privilege, doctrine or immunity, including without limitation the attorney-client
16 | privilege, the work product doctrine, the right of privacy, and all other privileges
17 | recognized under the constitutional, statutory or decisional law of the United States
18 | of America, the State of California or any other applicable jurisdiction. MGA (HK)
19 | further objects to this interrogatory as premature asset discovery under Federal Rule
20 | of Civil Procedure 69(a), as there is presently no judgment for the payment of money
21 | pending against MGA (HK). MGA (HK) further objects on the grounds that it is
22 | overbroad, not relevant to the claims or defenses of any party to the action and not
23 | reasonably calculated to lead to the discovery of admissible evidence.

24 | **INTERROGATORY NO. 40:**

25 | IDENTIFY each and every STORAGE DEVICE that YOU have used
26 | for any purpose which contains or contained DIGITAL INFORMATION that
27 | REFERS OR RELATES TO BRATZ prior to January 1, 2002.

28 |

EXHIBIT _P_ PAGE _325_

**RESPONSE TO INTERROGATORY NO. 40:**

MGA (HK) incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 7 (regarding Definitions), including but not limited to its objections to the definitions of the terms IDENTIFY, REFERS OR RELATES TO and BRATZ, and further objects to this interrogatory on the grounds that it is overbroad, unduly burdensome, vague and ambiguous both generally and specifically with respect to the terms YOU, STORAGE DEVICE and DIGITAL INFORMATION.   MGA (HK) further objects to this interrogatory as compound because it contains discrete subparts that require separate, distinct and multiple responses.  Specifically, MGA (HK) objects to the terms IDENTIFY and STORAGE DEVICE as overbroad and unduly burdensome, as Mattel's definition of this term calls for responses to multiple discrete subparts.  For example, Mattel's definition of the term IDENTIFY in the context of this interrogatory would require MGA (HK) to provide numerous discrete facts for each STORAGE DEVICE, including:

(a)     the individual(s) that use or have used the STORAGE DEVICE;

(b)     the current location of the STORAGE DEVICE;

(c)     the IDENTITY of the PERSON who possesses the STORAGE DEVICE or if it no longer exists, the date on which it was destroyed or disposed of;

(d)     the type of STORAGE DEVICE;

(e)     whether the STORAGE DEVICE has ever been copied or imaged (and if so, the current location of each copy or image and the IDENTITY of the PERSONS who possess such copies or image);

(f)     the date(s) on which such copies or images were made;

(g)     the manufacturer name, brand, model name, model number, and serial number of the STORAGE DEVICE;

(h)     the technical specifications and capacities of such STORAGE DEVICE.

EXHIBIT  P   PAGE  326

1       In addition, Mattel's definition of YOU could be read to require MGA

2 (HK) to provide the foregoing information about STORAGE DEVICES belonging to

3 each of the responding parties.

4       MGA (HK) also objects to this interrogatory to the extent it seeks

5 information that is not subject to disclosure under any applicable privilege, doctrine

6 or immunity, including without limitation the attorney-client privilege, the work

7 product doctrine, the right of privacy, and all other privileges recognized under the

8 constitutional, statutory or decisional law of the United States of America, the State

9 of California or any other applicable jurisdiction. MGA (HK) further objects to the

10 interrogatory on the ground that it is premature because the invention, creation,

11 conception, or reduction to practice of Bratz (and related issues) will be the subject

12 of expert testimony at trial. MGA (HK) objects to this interrogatory to the extent it

13 seeks to limit the expert testimony that MGA (HK) may seek to introduce at trial.

14 MGA (HK) will identify its experts and make related disclosures in accordance with

15 the Court's orders and applicable rules. MGA (HK) further objects to the extent that

16 this interrogatory seeks information that is outside of MGA (HK)'s knowledge and is

17 not in MGA (HK)'s possession, custody or control.

18       MGA (HK) further objects to this interrogatory because Mattel has

19 propounded more than 50 interrogatories. Under Judge Larson's order of February

20 22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-

21 04049-SGL and CV 05-02727]."

22       Subject to and without waiving the foregoing objections, MGA (HK)

23 responds as follows: MGA (HK) is willing to meet and confer with Mattel regarding

24 this interrogatory and the obligation of Mattel to supplement its responses to MGA's

25 First Set of Interrogatories.

26 **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 40:**

27       MGA (HK) incorporates by reference its General Response and General

28 Objections above, as though fully set forth herein and specifically incorporates

MGA HK'S SUPPL. RESPONSES TO MATTEL'S REVISED 3RD SET OF INTERROGATORIES NO. CV 04-9049 (SGL) (RNBx)

EXHIBIT ___ PAGE ___

General Objection No. 7 (regarding Definitions), including but not limited to its objections to the definitions of the terms IDENTIFY, REFERS OR RELATES TO and BRATZ, and further objects to this interrogatory on the grounds that it is overbroad, unduly burdensome, vague and ambiguous both generally and specifically with respect to the terms YOU, STORAGE DEVICE and DIGITAL INFORMATION. MGA (HK) further objects to this interrogatory as compound because it contains discrete subparts that require separate, distinct and multiple responses. Specifically, MGA (HK) objects to the terms IDENTIFY and STORAGE DEVICE as overbroad and unduly burdensome, as Mattel's definition of this term calls for responses to multiple discrete subparts. For example, Mattel's definition of the term IDENTIFY in the context of this interrogatory would require MGA (HK) to provide numerous discrete facts for each STORAGE DEVICE, including:

(a)     the individual(s) that use or have used the STORAGE DEVICE;

(b)     the current location of the STORAGE DEVICE;

(c)     the IDENTITY of the PERSON who possesses the STORAGE DEVICE or if it no longer exists, the date on which it was destroyed or disposed of;

(d)     the type of STORAGE DEVICE;

(e)     whether the STORAGE DEVICE has ever been copied or imaged (and if so, the current location of each copy or image and the IDENTITY of the PERSONS who possess such copies or image);

(f)     the date(s) on which such copies or images were made;

(g)     the manufacturer name, brand, model name, model number, and serial number of the STORAGE DEVICE;

(h)     the technical specifications and capacities of such STORAGE DEVICE.

In addition, Mattel's definition of YOU could be read to require MGA (HK) to provide the foregoing information about STORAGE DEVICES belonging to each of the responding parties.

MGA HK'S SUPPL. RESPONSES TO MATTEL'S REVISED 3RD SET OF INTERROGATORIESNO. CV 04-9049 SGL (RNBx)

EXHIBIT _P_   PAGE _328_

1    MGA (HK) also objects to this interrogatory to the extent it seeks

2    information that is not subject to disclosure under any applicable privilege, doctrine

3    or immunity, including without limitation the attorney-client privilege, the work

4    product doctrine, the right of privacy, and all other privileges recognized under the

5    constitutional, statutory or decisional law of the United States of America, the State

6    of California or any other applicable jurisdiction.  MGA (HK) further objects to the

7    interrogatory on the ground that it is premature because the invention, creation,

8    conception, or reduction to practice of Bratz (and related issues) will be the subject

9    of expert testimony at trial.  MGA (HK) objects to this interrogatory to the extent it

10   seeks to limit the expert testimony that MGA (HK) may seek to introduce at trial.

11   MGA (HK) will identify its experts and make related disclosures in accordance with

12   the Court's orders and applicable rules.  MGA (HK) further objects to the extent that

13   this interrogatory seeks information that is outside of MGA (HK)'s knowledge and is

14   not in MGA (HK)'s possession, custody or control.

15       Subject to and without waiving the foregoing objections, MGA (HK)

16   responds as follows:

17       With respect to North America prior to January 1, 2002, MGA

18   maintained several Snap servers in Los Angeles containing mostly graphic art files.

19   The servers are no longer in service but are currently archived at MGA's Southern

20   California facility.  MGA Art Department personnel also used Macintosh desktops

21   and laptops that linked to the snap servers which may have contained files referring

22   to Bratz.  Files created with accounting and other back office software applications

23   were saved on sequel servers located in Los Angeles via an application called "Great

24   Plains."  MGA personnel's emails were located on an exchange server, also housed

25   in Los Angeles.  MGA employees save all company related work files on a file

26   server called the "U Drive," which is also used by MGA (HK) employees.  This

27   Drive is still in production and has been upgraded to a Netapp Storage System.

28       With respect to MGA's offices in Hong Kong prior to January 1, 2002,

MGA HK'S SUPPL. RESPONSES TO MATTEL'S REVISED 3RD SET OF INTERROGATORIES NO. CV 04-9049 SGL (RNBx)

EXHIBIT _P_____ PAGE 329

1  MGA (HK) Art Department personnel utilized Macintosh desktops that linked to a

2  few file servers housed in Hong Kong to store graphic files.  MGA (HK) personnel

3  connected to the "Great Plains" sequel server located in Southern California.  MGA

4  (HK) maintained its own exchange server in Hong Kong for emails to and from

5  MGA (HK) employees.

6  **INTERROGATORY NO. 41:**

7          IDENTIFY all PERSONS who at any time have been employed by or

8  under contract with MATTEL who are now or have been employed by or under

9  contract with YOU since January 1, 1999, and, for each such PERSON, state his or

10  her name, date of hire or effective date of contract, the date on which YOU first had

11  contact with such PERSON regarding potential employment or contracting, the

12  date(s) on which such PERSON was interviewed for possible employment or

13  contracting, each title (if any) such PERSON has held while employed by or under

14  contract with YOU, and the date of termination (if applicable).

15  **RESPONSE TO INTERROGATORY NO. 41:**

16          MGA (HK) incorporates by reference its General Response and General

17  Objections above, as though fully set forth herein and specifically incorporates

18  General Objection No. 7 (regarding Definitions), including but not limited to its

19  objections to the definitions of the term IDENTIFY and further objects to this

20  interrogatory on the grounds that it is overbroad, unduly burdensome, vague and

21  ambiguous both generally and specifically with respect to the terms YOU.  MGA

22  (HK) also objects to this interrogatory to the extent it seeks information that is not

23  subject to disclosure under any applicable privilege, doctrine or immunity, including

24  without limitation the attorney-client privilege, the work product doctrine, the right

25  of privacy, and all other privileges recognized under the constitutional, statutory or

26  decisional law of the United States of America, the State of California or any other

27  applicable jurisdiction.

28          Subject to and without waiving the foregoing objections, MGA (HK)

EXHIBIT __P__ PAGE __330__

1  responds as follows:  MGA (HK) is willing to meet and confer with Mattel regarding
2  this interrogatory and the obligation of Mattel to supplement its responses to MGA's
3  First Set of Interrogatories.

4  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 41:**

5        MGA (HK) incorporates by reference its General Response and General
6  Objections above, as though fully set forth herein and specifically incorporates
7  General Objection No. 7 (regarding Definitions), including but not limited to its
8  objections to the definitions of the term IDENTIFY and further objects to this
9  interrogatory on the grounds that it is overbroad, unduly burdensome, vague and
10 ambiguous both generally and specifically with respect to the terms YOU.  MGA
11 (HK) also objects to this interrogatory to the extent it seeks information that is not
12 subject to disclosure under any applicable privilege, doctrine or immunity, including
13 without limitation the attorney-client privilege, the work product doctrine, the right
14 of privacy, and all other privileges recognized under the constitutional, statutory or
15 decisional law of the United States of America, the State of California or any other
16 applicable jurisdiction.

17       Subject to and without waiving the foregoing objections, MGA (HK)
18 responds as follows:  the following is a list of all former Mattel employees who have
19 been employed by MGA, MGA (HK) or MGAE de MEXICO S.R.L. de C.V. since
20 January 1, 1999:

| ACTIVE EMPLOYEES | MGA POSITION | DATES |
|---|---|---|
| Abundis, Ricardo | Dir. of Inventory/Customer Finance | 12/01/04-Present |
| Bate, Ian | Quality Assurance Mgr. | 7/31/06-Present |
| Black, Nanette | SVP, HR | 2/12/07 - Present |
| Bloodworth III, John E. | Prod. Mgr., Games | 08/21/06-Present |
| Bloomfield, Kevin | Sr. Designer | 11/25/02-Present |

63

EXHIBIT _P_ PAGE _33_

| ACTIVE EMPLOYEES | MGA POSITION | DATES |
|---|---|---|
| Brawer, Ron | President, Sales, Marketing & Strategic Planning | 10/05/04-Present |
| Brisbois, Janine (CANADA) | VP Nat'l Accts. | 10/04/05-Present |
| Castilla, Jorge | Mgr. Sales Planning | 04/03/06-Present |
| Chang, Suzy | Sr. Development Designer | 08/28/06-Present |
| Cheng, Steve | Sr. Designer | 04/08/02-Present |
| Cody Jr, Gerry | Sr. Designer - Boys Toys | 11/20/06-Present |
| Contreras, Nick | VP Customer Marketing | 11/29/04-Present |
| Cooney Jr., Daniel | VP National Account Mgr. | 05/15/06-Present |
| De La Cruz, Maria | Fashion Design Mgr., Style Guides | 2/12/07 -Present |
| Dixon, Karen | Sr. Producer | 2/19/07 -Present |
| Domingo, Luisito H | Sr. Prelim Dolls Designer | 07/07/03-Present |
| Dominguez, Greg Paul | Prod. Designer | 04/01/02-Present |
| Feldman, Joe | Design Engineer | 12/08/04-Present |
| Forrest, Craig | Prod. Mgr., Games | 5/15/06-Present |
| Garcia, Mia | Dev. Designer | 2/23/05-Present |
| Garcia, Paula | VP Girls Toy Prod. Dev. | 04/17/00-Present |
| Gonzalez, Eduardo | Sr. Dir. of Quality Assurance; Quality Assurance Mgr. | 10/16/06-Present; 1/3/05-8/18/05 |
| Hall, Tracy | Sr. Dir. of Prod. Dev., CE/YE | 08/07/06 -Present |
| Hansen, Melody | Face Painter | 03/13/06-Present |
| Hansen, Todd | Packaging Engineer | 5/2/05-Present |
| Hatch, Jill | Sr. Dir., National Sales | 09/18/06 -Present |

MGA HK'S SUPPL. RESPONSES TO MATTEL'S REVISED 3RD SET OF INTERROGATORIESNO. CV 04-9049 SGL (RNBx)

EXHIBIT P  PAGE 332

| ACTIVE EMPLOYEES | MGA POSITION | DATES |
|---|---|---|
| Hinh, Michael | Mgr. Category Adv. | 6/28/05-Present |
| Hsu, Janet | SVP Non Toys Prod. Dev. & Licensing | 3/9/05-Present |
| Kao, Alice | Cust. Marketing Mgr. - Hong Kong Office | 2/21/05-Present |
| Kaufman, Ken | Advertising Exec. | 01/03/05-Present |
| Keller, Pamela E | VP Supply Chain & Operations | 09/25/06 -Present |
| Keossian, Alejandro Gabriel | Gr. Designer | 08/11/03-Present |
| Kim (Lee), Joyce | Sr. Playset Designer | 2/23/05-Present |
| Kim, Young Ran | Sample Maker Specialist | 01/15/04-Present |
| Kirst, Kristen | Hair Designer | 03/31/03-Present |
| Komatsu, Ellen | Sr. Prelim Dolls Designer | 08/25/03-Present |
| Larson, Jill | Sales Associate | 12/20/06-Present |
| Law, Adrian (Chi Shing) | Dev. Design Mgr. | 05/01/06-Present |
| Lumabao, Bo | Prod. Mgr. | 2/14/05-Present |
| Marks, Dorothy | Sample Maker Specialist | 07/26/05-Present |
| Martin, Raymond John | Prod. Mgr. of Consumer Electronics | 02/23/04-Present |
| Min, Aye Aye | Hair Designer | 04/17/06-Present |
| Nakamura, Yumi | Mgr. of Style Guides | 1/22/07-Present |
| Natareno, Marvin | Jr. Project Analyst | 01/03/07-Present |
| Nigoghossian, Christine | Sr. Doll Designer | 04/25/05-Present |
| Ochoa, Laura | Trade Marketing Mgr. | 09/01/04-Present |
| Palijo, Amelia Ivy Arafiles | Sr. Sculptress | 02/23/04-Present |
| Pestonji, Danny | Dir. Prod. Dev. Preschool | 06/01/04-Present |
| Phelan, Denise | Sample Maker Specialist | 01/18/05-Present |

65

EXHIBIT P   PAGE 333

| ACTIVE EMPLOYEES | MGA POSITION | DATES |
|---|---|---|
| Phoosopha, Poottipong | Face Painter | 12/08/03-Present |
| Pickard, Michael | Sr. Project Packaging Engineer | 03/22/04-Present |
| Rae, Ronald | SVP, National Account Sales | 03/12/07-Present |
| Ratleff, Leland | Sr. HR Dir. | 12/04/06-Present |
| Ronquillo, Desiree Elisabeth | Sr. Dev. Designer | 05/03/04-Present |
| Ruiz, Micaela | Sample Maker Specialist | 2/13/06-Present |
| Sasic-Koetsier, Natasha | Illustrator | 06/01/04-Present |
| Salazar, Maria Elena | Sample Maker Supervisor | 03/31/03-Present |
| Salemnia, Shirin | Research Mgr. | 02/17/03-Present |
| Scott, Harvey | Sample Maker Specialist | 08/01/05-Present |
| Smith, Steffen J. | Dir. of Package Dev. | 10/13/03-Present |
| Su, Jier | Dir. of Prod. Planning | 8/16/05-Present |
| Soai, Dennis | Dolls Dev. Design Mgr. | 03/04/02-Present |
| Thompson, Marla | Sample Sourcing & Procurement Mgr. | 04/04/05-Present |
| Tran, Chau Ngoc | Sample Maker Specialist | 05/10/04-Present |
| Trueba, Mariana | Marketing Mgr. | 04/26/04-Present |
| Umana, Esteban | Quality Engineer | 03/19/07-Present |
| Upshaw, Gail | Sample Maker Specialist | 5/23/05-Present |
| Vargas, Pablo | Dir. Sales | 04/26/04-Present |
| Wang, Chang-Chin | Assoc. Face Designer | 05/03/04-Present |
| Ward, Lance | Structural Engineer | 08/02/04-Present |
| Whittaker, Dawn | Sr. Prod. Designer | 12/06/04-Present |
| Wong, Jenny | Sr. Gr. Designer | 09/09/02-Present |

MGA HK'S SUPPL. RESPONSES TO MATTEL'S REVISED 3RD SET OF INTERROGATORIESNO. CV 04-9049 SGL (RNBx)

EXHIBIT 9   PAGE 334

| CURRENT MGA INDEPENDENT CONTRACTORS/FREELANCERS/TEMPS | MGA POSITION | DATES |
|---|---|---|
| Augborne, Troy | Structural Engineer (Temp) | 2/26/07 – 3/2/07, 4/16/07 – Present |
| Bryant, Carter | Prod. Designer/Independent Contractor | |
| Zetino, Reyna | Samplemaker, Temp Assignment | 04/13/07 – Present |

| FORMER EMPLOYEES/FREELANCERS | MGA POSITION | DATES |
|---|---|---|
| Aryapour, Daryoush | Creative Ser. Dir. | 10/25/99-04/14/00 |
| Aguilar, Lourdes | Brand Mgr. | 9/01/04-6/11/06 |
| Blaser, Janet | Dev. Designer | 06/14/04-09/10/04 |
| Bower Violette, Mari Joanne | Prod. Mgr. | 10/13/03-03/10/06 |
| Brown, Lilia | Gr. Designer | 03/31/03-05/05/05 |
| Burlando, Gabriella | Prod. Mgr. | 03/5/02-06/27/06 |
| Chonavel, Fabienne | Marketing Mgr. | 04/10/02-08/23/02 |
| Dailey, Christine | VP Prod. Dev. | 05/07/01-11/22/02 |
| Feicht, Steve | Artist/Jr. Designer Freelancer | 07/18/02-Unknown |
| Gillmour, Kami | VP Marketing | 05/24/99-07/14/00 |
| Hardouin, Christopher | Project Mgr. | 06/04/01-07/23/04 |
| Hitch, Martin | VP Int'l Sales | 01/04/01-06/04/02 |
| Ho, Jeff | Sr. Prod. Artist Freelancer | Unknown-10/04 |
| Huntley, James | Independent Contractor – Miuchiz; VP Marketing | 08/17/06 – Unknown; 5/23/05-08/16/06 |
| Kagan, Randi | Marketing Dir. | 09/23/02-07/22/03 |

MGA HK'S SUPPL. RESPONSES TO MATTEL'S REVISED 3RD SET OF INTERROGATORIESNO. CV 04-9049 SGL (RNBx)

EXHIBIT P   PAGE 335

| FORMER EMPLOYEES/FREELANCERS | MGA POSITION | DATES |
|---|---|---|
| Koch, Andreas | Prod. Mgr. | 10/18/99-01/11/01 |
| Leahy, Margaret | Sr. Sculptor | Temp To Perm. Eff. 4/4/05 - 03/06/07 |
| Mayer, Lyn Carol | Fabric Artist | 07/21/03-05/05/05 |
| McBride, Susan | Prod. Dir., Games | 06/03/02-01/25/07 |
| Mils, Frank | Mgr. of Quality Assurance | 03/20/06-07/07/06 |
| Nguyen, Xuanlan T | Pattern Maker | 05/19/03-01/03/05 |
| O'Brien, Gary Thomas | Field Sales Dir. | 05/10/04-07/22/04 |
| Otero, Jose | Web Designer | 08/11/03-2/1/06 |
| Owen, Dan | Sr. Playset Mgr. | 08/23/04-12/13/05 |
| Parasole, Nicolletta | Gr. Designer | 01/05/04-6/27/05 |
| Parkinson, Ana Mancia | Dev. Designer | 05/10/04-01/03/07 |
| Rambeau, Roger | VP Operations | 05/13/96-04/03/98 |
| Ramirez, Andrea | Key Account Mgr. | 04/05/05-12/12/06 |
| Reed, Wendy | Soft Goods Spec. | 11/06/00-01/12/01 |
| Reyes, Scot Anthony | Sm. Doll Designer | 05/23/04-3/11/05 |
| Rhee, Anna | Doll Face Design Freelancer | 1/4/07 - 2/13/07 |
| Ross, Lon | Marketing Dir. | 11/13/00-08/03/01 |
| Schwartz, Dena | Sr. Prod. Mgr. | 05/21/01-04/08/02 |
| Shaver, Brandi | Gr. Designer | 05/03/04-06/30/06 |
| Stinnett, Holly | Sr. Brand Mgr. | 07/21/03-1/12/05 |
| Tawil, Lisa | Licensing Coord. | 04/08/02-07/18/03 |
| Terry, Gord | Dir. of Sales | 10/01/01-06/06/02 |

MGA HK'S SUPPL. RESPONSES TO MATTEL'S REVISED 3RD SET OF INTERROGATORIESNO. CV 04-9049 SGL (RNBx)

EXHIBIT P   PAGE 336

| FORMER EMPLOYEES/FREELANCERS | MGA POSITION | DATES |
|---|---|---|
| Ward, Mercedeh | Sr. Prod. Designer | 10/00-1/01; 3/7/05-8/5/05 |
| Whitaker, Joseph | Consultant | 11/05/96-03/97 |
| Williams, Patrick | SVP Sales | 01/07/01-05/29/01 |
| Wong, Tong | Dev. Designer | 03/10/03-05/16/03 |
| Wright, Cherrise | Soft Goods Mgr. | 05/03/04-8/24/05 |
| Zbojniewicz, Dave | Dir. Bus. Planning/Independent Contractor | 04/04-09/04 |

DATED:  November 30, 2007

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: _____
Thomas J. Nolan
Attorneys for Counter-Defendants, MGA
ENTERTAINMENT, INC., ISAAC LARIAN,
MGA ENTERTAINMENT (HK) Ltd., and
MGAE de MEXICO S.R.L. de C.V.

MGA HK'S SUPPL. RESPONSES TO MATTEL'S REVISED 3RD SET OF INTERROGATORIESNO. CV 04-9049 SGL (RNBx)

EXHIBIT P   PAGE 337

**EXHIBIT Q**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

CARTER BRYANT, an individual,

　　　　　Plaintiff,

　　　vs.　　　　　　　　　No.　CV04-9049 SGL　(RNBx)

MATTEL, INC., a Delaware
corporation,

　　　　　Defendants.

**CERTIFIED COPY**

AND CONSOLIDATED ACTIONS.

VIDEOTAPED DEPOSITION OF RICHARD IRMEN

San Francisco, California

Friday, September 28, 2007

REPORTED BY:
MONICA LEPE-GEORG
CSR No. 11976

Job No. 1-74003

EXHIBIT Q PAGE 338

RICHARD IRMEN                          09/28/07

1    6:02 till 6:13 p.m.)

2              THE VIDEOGRAPHER   Back on the record.

3              The time is 6:13.

4    BY MR. ZELLER:

18:13:57   5       Q.  Focusing on the time period of October,

6    2000.  At that time Carter bought a new desktop

7    computer; is that correct?

18:14:07   8       A.  Yes.

18:14:08   9       Q.  Prior to that time, had you or Carter or

10   Elise had in that Gardena house a computer?

18:14:18  11       A.  Yes.

18:14:19  12       Q.  Which among you had computers prior to

13   October of 2000 in that house?

18:14:26  14       A.  Elise had a computer there.

18:14:29  15       Q.  Was it an Apple computer --

18:14:31  16       A.  Yes.

18:14:33  17       Q.  -- or some other kind?

18:14:35  18       A.  It was an Apple.

18:14:37  19       Q.  Do you remember what model?

18:14:38  20       A.  No.

18:14:38  21       Q.  Was it a desktop model or a laptop?

18:14:44  22       A.  Desktop, I believe.

18:14:45  23       Q.  Other than that computer, was there any

24   other computer in the house prior to October of 2000

25   that any of the three of you had?

SARNOFF COURT REPORTERS AND LEGAL TECHNOLOGIES
877.955.3855

EXHIBIT Q   PAGE 339

RICHARD IRMEN                                    09/28/07

18:14:54  1        A.   No.

18:14:56  2        Q.   So it's the case that you didn't have a

          3   computer prior to October of 2000 in that house?

18:15:02  4        A.   No, we did not.

18:15:04  5        Q.   Neither you nor Carter did?

18:15:06  6        A.   No, we didn't.

18:15:09  7        Q.   Did -- did you use Elise's computer prior

          8   to that time?

18:15:15  9        A.   No, I don't believe I did.

18:15:19  10       Q.   Did you ever see Carter use it?

18:15:21  11       A.   No.

18:15:30  12       Q.   When Elise moved out, did she take the

          13   computer with her?

18:15:34  14       A.   Yes, she did.

18:15:35  15       Q.   So there was no computer at all in the

          16   house from the time period when Elise moved out up

          17   until the time that Carter bought that desktop

          18   computer in October of 2000?

18:15:47  19       A.   That's correct.

18:15:58  20       Q.   And we were talking about Carter bought a

          21   desktop computer in October of 2000, but that was in

          22   the Gardena house?

18:16:02  23       A.   Yes.

18:16:03  24       Q.   Did you use that computer?

18:16:06  25       A.   Yes.

                                                              285

SARNOFF COURT REPORTERS AND LEGAL TECHNOLOGIES
                877.955.3855

EXHIBIT  Q  PAGE 340

RICHARD IRMEN                                    09/28/07

Q.  Did Carter use that computer that you saw?

A.  Yes.

Q.  At some point on that desktop computer a program called "Evidence Eliminator" was installed; is that correct?

A.  I believe so.

Q.  Was that something that you did or Carter did?

A.  I believe Carter did.

Q.  Have you ever had any conversations or discussions with Carter about -- about that program?

MS. ANDERSON:  Again, excluding any conversations that you might have had in the presence of counsel, which would be attorney-client privilege, otherwise you may answer.

THE WITNESS:  Yes.

BY MR. ZELLER:

Q.  And what did you and Carter discuss in that regard?

A.  I've seen it running.  I'm very computer illiterate.  They don't like me and I know it.  I would say -- you know, in his office it would be running and I'd say turn off your computer and he'd say oh, it's running through.  It keeps the computer clean and it shuts itself off.  I remember asking

EXHIBIT Q PAGE 341

RICHARD IRMEN                                    09/28/07

1    him about that.

2        Q.  When you say you had seen it running, you

3    saw the Evidence Eliminator program running on the

4    computer?

5        A.  Yeah, the screen thing and whatever, it had

6    lines or --

7        Q.  And did you see this for the first time

8    when you and Carter were in the Gardena house?

9        A.  I believe that was in the Nixa house where

10   I seen it.

11       Q.  And is it fair to say that you hadn't seen

12   it running prior to the time that you were in the

13   Nixa house?

14       A.  I don't recall, but I'm not really sure

15   about that either.

16       Q.  It's fair to say that the first

17   recollection you have of seeing it running was when

18   you were in the Nixa house?

19       A.  Yes.

20       Q.  And tell me if I'm wrong, but it sounded

21   like you had seen this running more than once; is

22   that correct?

23       A.  Probably did.

24       Q.  That's your best recollection?

25       A.  Yes.

18:17:30  (line 2)
18:17:37  (line 5)
18:17:43  (line 7)
18:17:50  (line 9)
18:17:55  (line 11)
18:18:03  (line 14)
18:18:07  (line 16)
18:18:14  (line 19)
18:18:14  (line 20)
18:18:21  (line 23)
18:18:23  (line 24)
18:18:25  (line 25)

SARNOFF COURT REPORTERS AND LEGAL TECHNOLOGIES
877.955.3855

EXHIBIT Q  PAGE 3 42

RICHARD IRMEN                                    09/28/07

18:18:31  1        Q.   Were you involved in any way in the

       2    purchase of the Evidence Eliminator program that was

       3    on the desktop computer?

       4             MS. ANDERSON:  Lacks foundation.

       5             THE WITNESS:  No, I wasn't.

       6    BY MR. ZELLER:

18:18:45  7        Q.   Do you -- do you know how Carter went about

       8    obtaining that program?

       9             MS. ANDERSON:  Calls for speculation.

      10             THE WITNESS:  I do not.

      11    BY MR. ZELLER:

18:18:52 12        Q.   Do you have any knowledge or information as

      13    to why Carter obtained that program?

      14             MS. ANDERSON:  Calls for speculation.

      15             THE WITNESS:  My understanding is -- is

      16    that when you ran that at the end of the day or once

      17    a week or whatever, that it kept your files clean

      18    from viruses and it kept your computer running

      19    tiptop.

      20    BY MR. ZELLER:

18:19:18 21        Q.   And this understanding that you mentioned

      22    was based upon what Carter told you?

18:19:23 23        A.   Yes.

18:19:26 24        Q.   Was that understanding based on anything

      25    other than what Carter told you?

                                                            288

SARNOFF COURT REPORTERS AND LEGAL TECHNOLOGIES
877.955.3855

EXHIBIT  Q  PAGE 343

RICHARD IRMEN                                    09/28/07

1                  CERTIFICATE OF WITNESS

2

3              I, RICHARD IRMEN, hereby declare under

4      penalty of perjury that I have read the foregoing

5      deposition testimony; and that the same is a true

6      and correct transcription of my said testimony

7      except as I have corrected pursuant to my rights

8      under Section 2025(q)(1) of the California Code of

9      Civil Procedure.

10

11

12

13

14

15

16                          _____
                                   RICHARD  IRMEN

17

18                          _____

19                                      Date

20

21

22

23

24

25

                                                        329

EXHIBIT  8  PAGE 344

1       I, the undersigned, a Certified Shorthand

2  Reporter of the State of California, do hereby certify:

3       That the foregoing proceedings were taken

4  before me at the time and place herein set forth; that

5  any witnesses in the foregoing proceedings, prior to

6  testifying, were duly sworn; that a record of the

7  proceedings was made by me using machine shorthand

8  which was thereafter transcribed under my direction;

9  that the foregoing transcript is a true record of the

10  testimony given.

11       Further, that if the foregoing pertains to

12  the original transcript of a deposition in a Federal

13  Case, before completion of the proceedings, review of

14  the transcript [  ] was [ X ] was not requested.

15       I further certify I am neither financially

16  interested in the action nor a relative or employee

17  of any attorney or party to this action.

18       IN WITNESS WHEREOF, I have this date

19  subscribed my name.

20

21  Dated:   **ΙOCT 1 8 2007** _____

22

23

      MONICA LEPE-GEORG
24      CSR No. 11976

25

EXHIBIT _Q_ PAGE _345_

**EXHIBIT  R**

1

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

CARTER BRYANT, an individual, )

      Plaintiff, )

vs.         )   Case No.

MATTEL, INC., a Delaware   ) CV 04-09049 SGL

corporation,      )   (RNBx)

      Defendant. )


CONFIDENTIAL - ATTORNEYS' EYES ONLY


    The videotaped deposition of

STEVEN LINKER, called as a witness for examination,

taken pursuant to the Federal Rules of Civil

Procedure of the United States District Courts

pertaining to the taking of depositions, taken

before PAULINE M. VARGO, a Notary Public within and

for the County of DuPage, State of Illinois, and a

Certified Shorthand Reporter of said state, C.S.R.

No. 84-1573, at Suite 4000, One IBM Plaza, Chicago,

Illinois, on the 13th day of September, A.D. 2006,

at 9:50 a.m.

EXHIBIT R PAGE 346

2

```
1        PRESENT:

2            LITTLER MENDELSON,

3            (2049 Century Park East, 5th Floor,

4            Los Angeles, California  90067.3107,

5            310.712.7314), by:

6            MR. DOUGLAS A. WICKHAM,

7                appeared on behalf of the Plaintiff

8                Carter Bryant;

9


10            MATTEL, INC.,

11            (333 Continental Boulevard,

12            El Segundo, California  90245.5012,

13            310.252.6733), by:

14            MR. MICHAEL MOORE,

15            Senior Counsel,

16                -and-

17            QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP,

18            (865 South Figueroa Street, 10th Floor,

19            Los Angeles, California  90017.2543,

20            213.443.3000), by:

21            MR. MICHAEL T. ZELLER,

22            MS. TANIA KREBS,

23                appeared on behalf of Defendant

24                Mattel, Inc.;
```

EXHIBIT R   PAGE 347