1  available), provided that defendant entered into a binding Stipulation to ensure his
2  appearance at that time and place. The proposal merely requiring that defendant
3  obligate himself to show up was more than reasonable, so as to avoid any further
4  delays on top of the lengthy delay defendant was already creating. See Local Rule
5  7-1 ("Stipulations will be recognized as binding only when made in open court, on
6  the record at a deposition, or when filed in the proceeding."). And, if defendant truly
7  intended in good faith to appear for his deposition, he should not have any difficulty
8  entering into a binding agreement to do so.
9     Yet, defendant would not agree. Mattel made its specific proposal on June 25.
10 Receiving no response, Mattel followed up on June 28 and also asked to meet and
11 confer about defendant's refusals to appear for deposition. Defendant still did not
12 respond, so Mattel again followed up on July 5. Defendant still did not respond, so
13 Mattel followed up again on July 8 and reminded defendant that his time to meet and
14 confer was expiring. Defendant finally replied, but he declined to meet and confer
15 within the time mandated by the Rules, continued to ignore Mattel's straight-forward
16 proposal from two weeks earlier and provided no reason why he would not stipulate.
17 Even before all of this, on June 22 and June 23, Mattel had contacted defendant to
18 work out issues regarding his deposition, but to no avail.
19    Thus, Mattel made repeated efforts for weeks to obtain defendant's cooperation
20 in the matter of setting his deposition for a date certain. Defendant ignored Mattel's
21 attempts to resolve the issue, failed to meet and confer within the time required by the
22 Rules and still, to this day, has provided no binding assurance that he will appear for
23 deposition. Accordingly, Mattel respectfully requests the Court's assistance to ensure
24 that defendant appears for deposition by ordering defendant to sit for a day of
25 deposition in St. Louis during the week of August 16, 2004, which was a time that he
26 acknowledged he was available, or at such earlier time as the Court may direct.
27
28

07209/593681.1

-4-



EXHIBIT 3   PAGE 58

### Defendant's Introductory Statement

1

2    [TBA].

3

4                          ### Statement of Issue

5    Should defendant Carter Bryant be compelled to appear for deposition?

6

7                          ### Mattel's Contentions

8          It cannot be seriously disputed that Mattel is entitled to take defendant's

9    deposition. Little could be more fundamental than a plaintiff's right to obtain the

10   sworn testimony of a defendant. For reasons specific to this case, it is also critical

11   that Mattel be allowed to take his deposition promptly, without further delay beyond

12   the protracted delay that defendant is already creating. Defendant--along with MGA

13   and other third parties associated with defendant--are in unique possession of the

14   facts here. Mattel cannot readily obtain information about defendant's work for

15   MGA without discovery from defendant and from MGA, since they are percipient

16   witnesses to those activities and particularly since defendant kept his activities for

17   MGA secret from Mattel.  Moreover, Mattel anticipates that discovery from

18   defendant (and MGA) will reveal additional persons with percipient knowledge as to

19   defendant's disloyalty.  Thus, the more that defendant delays in making himself

20   available for deposition, the longer this entire case is delayed, to Mattel's prejudice.

21          Defendant nevertheless has refused to comply with Mattel's deposition notice

22   and has unreasonably failed to make himself available for deposition. Mattel filed

23   this suit in April 2004,[9] and defendant subsequently removed it to this Court. On

24   June 17, 2004, Mattel served a Notice of Deposition for defendant.[10] The next day,

25   defendant filed with the Court an ex parte application that sought a complete stay of

26   discovery by Mattel and of all disclosure obligations by defendant, among other

27   _____

28        [9] Zeller Dec., Exh. 1.
          [10] Id., Exh. 4.

07209/593681.1                                    -5-

EXHIBIT 1 PAGE 18

EXHIBIT 3 PAGE 59

1  things. Mattel opposed the application, and Judge Manella denied the entirety of

2  defendant's application, including his stay requests, by an Order dated June 22,

3  2004.[11]

4      In his ex parte application, defendant raised his first alleged complaint about

5  his deposition, asserting that Mattel's Notice of Deposition was purportedly

6  "procedurally defective" because it noticed his deposition for Los Angeles. Mattel

7  promptly wrote to defendant's counsel on June 22 in an effort to resolve this single

8  objection which defendant had raised about the deposition.[12]  While noting that

9  defendant's argument was legally incorrect (see, e.g., Turner v. Prudential Ins. Co.

10 of America, 119 F.R.D. 381 (M.D.N.C. 1988) ("A party may unilaterally choose the

11 place for deposing an opposing party, subject to the granting of a protective order by

12 the Court pursuant to Rule 26(c)(2).")),[13] Mattel nevertheless offered to take

13 defendant's deposition in any location that he proposed so as to obviate defendant's

14 supposed grievance.[14]

15     Defendant wrote back, but reiterated his argument about the deposition taking

16 place in Los Angeles, without providing any response to Mattel's invitation to take

17 the deposition in a city he selected.[15]  He also began raising wholly new objections

18 to being deposed for, evidently, an indefinite period of time. For example, defendant

19 asserted without supporting authority that he could not be deposed until Mattel

20 "provide[s] full and complete responses to Mr. Bryant's recent discovery" -- which

21

22

23 [11] Id., Exh. 3. The alleged basis for his ex parte that Judge Manella rejected was that
   defendant has no obligation to comply with discovery or with his disclosure obligations
24 because Mattel had filed a motion for remand.

25 [12] Id., Exh. 5.

   [13] While defendant repeatedly asserted that he would be moving for a protective
26 order concerning his deposition, defendant has not done so, or even met and conferred on
27 such a motion. Id., ¶¶ __ & Exhs. __.

   [14] Id., Exh. 5.
28
   [15] Id., Exhs. 6 & 7.

07209/593681.1                                                    -6-

                                                      JOINT STIPULATION

EXHIBIT 1  PAGE 9

EXHIBIT  3  PAGE  60

1  responses were not even due.[16]  As Mattel pointed out to defendant,[17] however,

2  the Federal Rules expressly reject that position.  Rule 26(d) states on its face that

3  "methods of discovery may be used in any sequence, and the fact that a party is

4  conducting discovery, whether by deposition or otherwise, does not operate to delay

5  any other party's discovery." Accord Schwarzer, Tashima, and Wagstaffe, California

6  Practice Guide: Federal Civil Procedure Before Trial, ¶ 11:1390 ("The fact one party

7  is conducting discovery (by deposition or otherwise) does not operate to delay

8  another party's right to discovery."). Moreover, defendant's suggestion was factually

9  untenable because he is uniquely in possession of the facts concerning his covert

10  work for and assistance to MGA while he was employed by Mattel. Indeed, the bulk

11  of defendant's discovery requests to Mattel that he relied upon seek from Mattel facts

12  that are entirely within the possession of defendant and third parties associated with

13  defendant, and are not known to Mattel.[18]  Thus, as Mattel also pointed out at the

14  time, defendant's argument had the effect of unreasonably obstructing discovery by

15  posing a supposed dilemma for Mattel that is contrary to law.[19]

16      It was only after yet another request by Mattel on June 23[20] that defendant

17  finally identified St. Louis as a convenient location for his deposition.[21] At the same

18  time, defendant continued to raise claimed objections to the deposition, including

19

20  [16]  Id., Exh. 6.

21  [17]  Id., Exh. 7.

      [18]  Id., ¶ __ & Exhs. 8 and 9.

22  [19]  Id., Exh. 7. Defendant also asserted that he lacked adequate notice of Mattel's
     claims to be deposed. Far from being "bare bones" as defendant has claimed, however,
23  Mattel's Complaint identifies the salient conduct for which he has been sued. Had he
     believed otherwise, defendant would have moved for further particulars.
24
     [20]  Id., Exh. 10.
25
     [21]  Id., Exh. 11. As reflected in the correspondence, defendant additionally took the
26  position that defendant's deposition should be stayed until after Judge Manella rules on
     Mattel's motion for remand.  Defendant raised this specific argument in his ex parte
27  application. As Mattel has stated, and defendant has now conceded, this contention cannot
     serve as a basis for his refusal to comply with Mattel's notice of deposition because it was
28  rejected by the Court in denying his ex parte.

EXHIBIT ___ PAGE ___

EXHIBIT 3 PAGE ___

EXHIBIT 3 PAGE 61

1    entirely new ones based on defendant's alleged availability for almost two months,
2    through the week of August 16, to be deposed.  In its response the following day, on
3    June 25, Mattel noted that defendant had no right through such a lengthy delay to
4    arrogate to himself the very discovery stay that Judge Manella had rejected and did
5    not consider defendant's continuing litany of excuses for his stonewalling to be
6    legitimate.[22]  Nevertheless, Mattel made a simple proposal to resolve these issues with
7    defendant.  Mattel stated:  "[T]o avoid burdening the Court with a motion to compel,
8    we will agree to take Mr. Bryant's deposition in St. Louis, Missouri, starting on
9    August 16, 2004, if defendant enters into a binding Stipulation that will ensure there
10   are no further delays."[23]  Mattel also attached a draft Stipulation and [Proposed] Order
11   for defendant's review and comments.[24]

12        Such a Stipulation was, and remains, appropriate here so as to ensure that
13   defendant does not subsequently change his position and refuse to appear on August
14   16, 2004.  It was also reasonable in light of the requirements of Local Rule 7-1, which
15   states that "[s]tipulations will be recognized as binding only when made in open
16   court, on the record at a deposition, or when filed in the proceeding."  And, if
17   defendant truly intended in good faith to appear for his deposition, he should not have
18   any difficulty entering into a binding agreement to do so.

19        Five days passed without response by defendant.  Accordingly, on June 30,
20   Mattel contacted him again and asked for a reply to its June 25 proposal seeking
21   defendant's binding assurance that he would appear for deposition.[25]  Expressly
22   reciting Local Rule 37-1, Mattel also reiterated its positions regarding defendant's
23   failure to appear for deposition and his failure to cooperate in even trying to schedule
24   a date when would obligate himself to show up and asked defendant to meet and

25    [22] Id., Exh. 12.
26    [23] Id., Exh. 12.
27    [24] Id., Exh. 12.
28    [25] Id., Exh. 13.

07209/593681.1                                  -8-
                                                          JOINT STIPULATION



EXHIBIT  3   PAGE  62

1  confer.[26] Mattel further noted that "this matter can be easily resolved by defendant

2  executing the Stipulation and returning it to me."[27]

3      Another five days passed with still no response from defendant. Mattel again

4  followed up on July 5.[28]

5      Defendant still did not respond, so Mattel followed up again on July 8 and

6  reminded defendant that his time to meet and confer was expiring.[29]

7      Defendant finally replied, but he declined to meet and confer within the time

8  mandated by Local Rule 37-1, continued in his failure to respond Mattel's straight-

9  forward proposal of June 25 and provided no reason why he would not stipulate to

10  his deposition on a date certain.[30] Thus, some three weeks after Mattel had sought to

11  engage defendant in resolving the issues he began raising about his deposition, and

12  two weeks after Mattel had made a specific proposal to fully resolve the disputes

13  regarding his deposition, defendant still would not give any binding assurance that

14  he would appear for deposition.[31] Nor, to this day, has defendant provided any

15  binding assurance that he will ever appear for deposition.[32]

16      Simply put, Mattel is entitled to take defendant's deposition, but defendant's

17  prolonged recalcitrance and refusals to cooperate regrettably require this Court's

18  intervention to ensure that he appears for deposition. Defendant's stonewalling also

19  must end, and end soon, to avoid even further delay in Mattel's ability to move this

20  case forward in a prompt fashion. Mattel therefore respectfully requests that the

21  Court order defendant to sit for a day of deposition in St. Louis during the week of

22

23    [26] Id., Exh. 13.

  [27] Id., Exh. 13.

24    [28] Id., Exh. 14.

25    [29] Id., Exh. 15.

26    [30] Id., Exh. 16; see also id., ¶¶ __ & Exhs. 17 & __.

27    [31] Id., ¶¶ __ & Exhs. __.

  [32] Id.

28

07209/593681.1

-9-

JOINT STIPULATION

EXHIBIT 1 PAGE 22

EXHIBIT 3 PAGE 63

EXHIBIT 1 PAGE 23

Exhibit 5

EXHIBIT 3 PAGE 64

## LITTLER MENDELSON®

July 14, 2004

Keith A. Jacoby
Direct: 310.772.7284
Direct Fax: 310.553.5583
kjacoby@littler.com

VIA FACSIMILE (213.443-3100) AND U.S. MAIL

Michael T. Zeller, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

Re:   Mattel, Inc. v. Carter Bryant

Dear Mr. Zeller:

This letter will memorialize the position of Defendant Carter Bryant with respect to the taking of his deposition, and my understanding of Plaintiff Mattel Inc.'s (Mattel") position, as set forth in our meeting yesterday.

My understanding is that Mattel has agreed to take Mr. Bryant's deposition in St. Louis, Missouri. Mattel may select an appropriate location, and Littler Mendelson is happy to suggest a location if your firm has no suggestion.

My understanding is that an agreement has been reached to commence the deposition on August 17, 2004 at 10:00 a.m..

Two issues remain outstanding, which you suggest require Court intervention. We believe nothing that has occurred to date warrants Court intervention or prophylactic orders, and you have stated no good reason why such Court intervention is necessary. Your suggestion that pre-deposition orders are required appear to be little more than an attempt to gratuitously disparage Mr. Bryant, when he has done absolutely nothing wrong.

First, Mr. Bryant has offered to extend the seven hour limit on testimony by a single witness provided by F.R.C.P. 30(d)(2) to 14 hours, in order to give Mattel an opportunity to complete the deposition. Mr. Bryant has agreed to make himself available over August 17, 18, and 19 to accomplish that task. My understanding is that while specifics have not been agreed to at this time, both Mattel and Mr. Bryant are willing in principle to extend the seven hour limit with respect to Rule 30(b)(6) depositions as well.

Mr. Bryant is not willing to permit, as you proposed yesterday, that Mattel be allowed to initially proceed with his deposition for seven hours, or anything less that 14 hours, and then resume his deposition at a later time, after further discovery is completed.   That type of

THE NATIONAL EMPLOYMENT & LABOR.
2049 Century Park East, 5th Floor, Los Angeles, California 90067-3107  Tel: 310.553.0308  Fax: 310.553.5583  www.littler.com



EXHIBIT  **3**  PAGE  **65**

Michael T. Zeller, Esq.
July 14, 2004
Page 2

procedure does not conform to F.R.C.P. 30(d)(2). Moreover, depositions are customarily noticed and taken from day to day, until completed. *In fact, Mattel's deposition notice expressly states that Mr. Bryant's deposition will continue from day to day until completed.* We agree that is precisely what should happen.

It is your client's decision to take Mr. Bryant's deposition at the beginning of this case. Mattel originally noticed Mr. Bryant's deposition before *any* formal discovery whatsoever was completed. In such circumstances, it will always be true that the parties will learn more about the case as discovery progresses, but the law does not require witnesses to appear and reappear again as discovery unfolds. Mattel is free to wait until a later date to take Mr. Bryant's deposition, if it so chooses. However, if his deposition goes forward now, it will go forward in consecutive sessions, and will be deemed completed at the conclusion of 14 hours, or earlier if you elect to end the deposition in less than 14 hours. I understand Mattel is not waiving its right to make a motion pursuant to F.R.C.P. 30(d)(2) to reopen Mr. Bryant's deposition, and Mr. Bryant is not waiving his right to oppose such a motion.

Finally, we have made it clear that there is no need for a Court order directing Mr. Bryant to appear, and Mr. Bryant will not stipulate to such an order. Mr. Wickham and I articulated the various reasons why this is unnecessary, and I will not rehash them here. In short, it is in Mr. Bryant's litigation interests to appear for deposition as agreed, and Mr. Wickham and I have given our representation as counsel that we will do everything in our power to ensure that Mr. Bryant will, in fact, appear. At this time, we have absolutely no reason to believe that he will not appear as agreed. While we, of course, cannot prevent an unforeseen medical emergency or other exigent circumstance that would warrant the canceling of any deposition, no such facts exist at this time. In my entire career, I have never had a witness I was representing spontaneously refuse to appear, nor has Mr. Wickham. I do not believe this will occur here, and ask that you accept the good faith representation of Mr. Wickham and I, rather than waste the Court's time and resources with a preemptive discovery motion.

Please contact me today before the close of business to confirm we have reached a final agreement on Mr. Bryant's deposition, on the terms I have proposed, and that a discovery motion is unnecessary.

Sincerely,

Keith A. Jacoby

cc:     Robert F. Millman, Esq.
        Douglas A. Wickham, Esq.
Los Angeles:366808.2 078307.1010

E

EXHIBIT    PAGE  25

EXHIBIT   3   PAGE  66

EXHIBIT 1 PAGE 26

EXHIBIT 3 PAGE 67

**quinn emanuel** trial lawyers | los angeles
865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-624-7707 FAX 213-624-0643

July 14, 2004

BY FACSIMILE

Keith A. Jacoby, Esq.
Littler Mendelson
2049 Century Park East, 5th Floor
Los Angeles, California 90067

Mattel v. Bryant

Dear Mr. Jacoby:

This will confirm our conversation of this afternoon regarding two of the issues that we discussed yesterday and that are the subject of your letters earlier today.

First, the parties have agreement that Mr. Bryant's deposition will commence on August 17, 2004 at 10:00 a.m. in St. Louis for a seven-hour session. We will arrange for a specific location as well as a court reporter and videographer. Mattel and Mr. Bryant are reserving their respective positions as to the appropriateness of subsequent deposition time with Mr. Bryant, and the parties will discuss the matter if and when it arises.

While Mattel did not agree with the delay of Mr. Bryant's previously noticed deposition until August for reasons that I have already stated and does not believe that the statements in your letter of earlier today accurately reflect Mattel's position in all respects, we will accept your representations as an attorney that Mr. Bryant will appear for deposition at the agreed-upon location and time. Thus, as I mentioned over the phone today, based upon those representations, we will not be going forward at this juncture with a motion to compel his deposition, without prejudice of course to our rights to seek Court relief if circumstances change.

Second, as we agreed yesterday and over the phone today, the extension of time until Friday is for both parties' responses to all outstanding written discovery requests, which includes the interrogatories that Mr. Bryant propounded upon Mattel.

**quinn emanuel urquhart oliver & hedges, llp**

new york | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
san francisco | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
silicon valley | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065
tokyo | NBF Hibiya Bldg., 25F, 1-1-7, Uchisaiwai-cho, Chiyoda-ku, Tokyo 100-0011, Japan
san diego | 4445 Eastgate Mall, Suite 200, San Diego, California 92121

EXHIBIT 1 PAGE 29

EXHIBIT 3 PAGE 68

Please give me a call if you would like to discuss these matters further.  Otherwise, I will let you know about the specific location in St. Louis as soon as practicable.

Very truly yours,

Michael T. Zeller

2

EXHIBIT 1 PAGE 28

EXHIBIT 3 PAGE 69

## QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**SAN DIEGO**
4445 Eastgate Mall, Suite 200
San Diego, CA 92121
(858) 812-3107
Facsimile: (858) 812-3336

**LOS ANGELES**
865 So. Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**PALM SPRINGS**
45-025 Manitou Drive, Suite 8
Indian Wells, CA 92210
(760) 345-4257
Facsimile: (760) 345-2414

**NEW YORK**
335 Madison Avenue, 17th Floor
New York, NY 10017-4611
(212) 702-8100
Facsimile: (212) 702-8200

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

### LOS ANGELES OFFICE

### FACSIMILE TRANSMISSION

DATE:   July 14, 2004

NUMBER OF PAGES, INCLUDING COVER:

TO/COMPANY:

| NAME | PHONE NO. | FAX NO. |
|------|-----------|---------|
| Keith A. Jacoby, Esq. | 310-772-7284 | 310-553-5583 |

FROM:   Michael T. Zeller

RE:   Mattel v. Bryant

MESSAGE:



| CLIENT #: 7209 | ROUTE/RETURN TO: Maria Albert | ☐ CONFIRM FAX ☐ INCLUDE CONF. REPORT |
|---|---|---|
| OPERATOR: | CONFIRMED? ☐ NO ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3178 AS SOON AS POSSIBLE.



EXHIBIT __3__ PAGE __70__

Send Confirmation Report

14 Jul '04  5:15PM Page  1

Line 1: quinn,emanuel          ID: 12136240643
Line 2: JetFax M920e           ID: 13102014746

| Job | Start time | Usage | Phone Number/Email | Type | Pages | Mode | Status |
|-----|-----------|-------|--------------------|------|-------|------|--------|
| 205 | 7/14  5:14PM | 0'47" | 9414#07209#131055355 83# | Send | 3/ 3 | EC144 | Completed............ |

Total:   0'47"    Pages sent: 3    Pages printed: 0

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

LOS ANGELES OFFICE

FACSIMILE TRANSMISSION

DATE: July 14, 2004

RE: Mattel v. Bryant

EXHIBIT 1 PAGE 37

EXHIBIT 3 PAGE 71

EXHIBIT 1 PAGE 31

EXHIBIT **3** PAGE **72**



QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 90378)
  Michael T. Zeller (Bar No. 196417)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Plaintiff
Mattel, Inc.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

MATTEL, INC., a Delaware Corporation,

                Plaintiff,

        v.

CARTER BRYANT, an individual; and
DOES 1 through 10, inclusive,

                Defendant.

CASE NO. BC 314398

Dept:     36
Judge:    Gregory Alarcon

PLAINTIFFS' NOTICE OF
VIDEOTAPED DEPOSITION OF
CARTER BRYANT

Date Action Filed: April 27, 2004

Trial Date:  None Set

72209/602936.1

NOTICE OF DEPOSITION OF CARTER BRYANT

EXHIBIT 1 PAGE 32

EXHIBIT 3 PAGE 73

1  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2      PLEASE TAKE NOTICE that, pursuant to Cal. Civ. Proc. Code § 2025,

3  plaintiff Mattel, Inc. ("Mattel"), by and through its attorneys of record, will take the

4  deposition upon oral examination of Carter Bryant on September 9, 2004 at 9:00 a.m. at

5  2136 West Chesterfield Boulevard, Springfield, Missouri 65807.

6      PLEASE TAKE FURTHER NOTICE that the deposition will be taken by a

7  notary public or other persons qualified to administer oaths, will be recorded

8  stenographically, and will be videotaped.  The deposition will continue from day to day,

9  or may be continued to a future date or dates, until completed, excluding Saturdays,

10  Sundays and legal holidays.

11

12

13

14

15  DATED:  August 26, 2004

16                              QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

17

18                              By _____
                                    John B. Quinn
19                                  Michael T. Zeller

20                                  Attorneys for Plaintiff
                                    Mattel, Inc.
21

22

23

24

25

26

27

28

09/602936.1                                    -2-
                              NOTICE OF DEPOSITION OF CARTER BRYANT

EXHIBIT ___ PAGE ___ 97

EXHIBIT __3__ PAGE __74__

**Exhibit 8**



EXHIBIT _____ PAGE ____

EXHIBIT **3** PAGE **15**

**quinn emanuel** trial lawyers | los angeles
Set South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

WRITER'S DIRECT DIAL NO.
213/443-3688

WRITER'S INTERNET ADDRESS
gloriadonovan@quinnemanuel.com

September 3, 2004

VIA FACSIMILE AND MAIL

Dominic J. Messiha, Esq.
Littler Mendelson
2049 Century Park East, 5th Floor
Los Angeles, CA  90067

Re:  <u>Mattel, Inc. v. Carter Bryant</u>

Dear Mr. Messiha:

You have indicated that defendant may not be honoring the Notice for his deposition. However, we have not received written confirmation from your firm to that effect.  Moreover, we have not received any Motion for Protective Order, although defendant claimed well over a week ago that he would be filing one promptly.

The date for the deposition as set forth in the Notice is September 9, 2004.  That is a day defendant previously represented that he was available.  Because the deposition's location is Springfield, Missouri, where your client resides, we must finalize our travel arrangements. Further, we have made arrangements for a court reporter and videographer.

If we do not receive written confirmation from defendant's counsel by noon on Tuesday, September 7, 2004 that defendant will not be appearing for his noticed deposition, and if defendant then fails to appear, we will seek reimbursement of travel costs as well as appropriate fees incurred as a result.

**quinn emanuel urquhart oliver & hedges, llp**
NEW YORK | 335 Madison Avenue, 17th Floor, New York, New York 10017 | TEL 212-702-8100 FAX 212-702-8200
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94104 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-620-4500 FAX 650-620-4555
PALM SPRINGS | 45-025 Manitou Drive, Suite 8, Indian Wells, California 92210 | TEL 760-345-1947
SAN DIEGO | 4445 Eastgate Mall, Suite 200, San Diego, California 92121 | TEL 858-812-... FAX ...

EXHIBIT 1 PAGE 35

EXHIBIT **3** PAGE **76**

I look forward to receiving your response and would appreciate your prompt attention to this matter.

Sincerely,

*Gloria S. Donovan*

Gloria S. Donovan

GD:mm

cc:   John B. Quinn, Esq.
      Michael T. Zeller, Esq.
      Robert F. Millman, Esq.

2

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**SAN DIEGO**
4445 Eastgate Mall, Suite 200
San Diego, CA 92121
(858) 812-3107
Facsimile, (858) 812-3336

**PALM SPRINGS**
45-025 Manitou Drive, Suite 8
Indian Wells, CA 92210
(760) 345-4757
Facsimile (760) 345-2414

**LOS ANGELES**
865 So. Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**NEW YORK**
335 Madison Avenue, 17th Floor
New York, NY 10017-4611
(212) 702-8100
Facsimile: (212) 702-8200

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile (415) 875-6700

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile. (650) 801-5100

## LOS ANGELES OFFICE

## FACSIMILE TRANSMISSION

DATE:   September 3, 2004

NUMBER OF PAGES, INCLUDING COVER:

TO/COMPANY:
                NAME

Dominic J. Messiha, Esq.

PHONE NO.

(310) 553-0308

FAX NO.

(310) 553-5583

FROM:   Gloria Donovan

RE:   Mattel, Inc. v. Carter Bryant

MESSAGE:

Please see letter attached.

CLIENT #:  07209

ROUTE:
RETURN TO:  Gloria Donovan

☒ CONFIRM FAX
☒ INCLUDE CONF. REPORT

CONFIRMED?  ☐ NO  ☐ YES:

OPERATOR:

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3861 AS SOON AS POSSIBLE.

 

EXHIBIT ___ PAGE 37

EXHIBIT **3** PAGE **78**

Confirmation Report — Memory Send

```
                              Page      : 001
                              Date & Time: Sep-03-04  02:00pm
                              Line 1    : 2136240643
                              Line 2    :
                              Machine ID : QUINN EMANUEL
```

| | | |
|---|---|---|
| Job number | : | 545 |
| Date | : | Sep-03 01:54pm |
| To | : | ☎96454720941310SS535583 |
| Number of pages | : | 003 |
| Start time | : | Sep-03 01:53pm |
| End time | : | Sep-03 02:00pm |
| Pages sent | : | 003 |
| Status | : | OK |
| Job number | : 545 | *** SEND SUCCESSFUL *** |

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

LOS ANGELES OFFICE

FACSIMILE TRANSMISSION

DATE: September 3, 2004                    NUMBER OF PAGES, INCLUDING COVER:

| TO/COMPANY: | NAME | PHONE NO. | FAX NO. |
|---|---|---|---|
| Dominic J. Messiha, Esq. | | (310) 553-0308 | (310) 553-5583 |

FROM:  Gloria Donovan

RE:    Mattel, Inc. v. Carter Bryant

MESSAGE:
Please see letter attached.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3143 AS SOON AS POSSIBLE.

EXHIBIT 1 PAGE 30

EXHIBIT ___3___ PAGE ___79___

EXHIBIT 1   PAGE 31

EXHIBIT 3   PAGE 80

LITTLER MENDELSON®
A PROFESSIONAL CORPORATION

Dominic J. Messiha
Direct: 310.712.7343
Direct Fax: 310.553.5583
dmessiha@littler.com

September 7, 2004

VIA FACSIMILE AND U.S. MAIL

Gloria Donovan, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

Re:   Mattel, Inc. v. Carter Bryant

Dear Ms. Donovan:

In response to your letter of September 3, as has previously been indicated by Mr. Jacoby's August 26 letter to Mr. Zeller, my multiple telephone conversations with you of last week and by the terms of Defendant's Objections to his deposition notice and his Motion for Protective Order filed and hand-served on September 3, Mr. Bryant will not be appearing for deposition in Missouri on September 9.

Please feel free to contact me should you have any further questions in this regard.

Sincerely,

Dominic J. Messiha

cc:   Robert F. Millman, Esq.
      Douglas A. Wickham, Esq.
      Keith A. Jacoby, Esq.
Los_Angeles:373489.1 021307.1010

EXHIBIT __3__ PAGE __81__



## LITTLER MENDELSON®
A PROFESSIONAL CORPORATION

### FACSIMILE COVER SHEET

September 7, 2004

To:   Gloria Donovan, Esq.       Fax:   (213) 624-0643    Phone:
      Quinn Emanuel Urquhart Oliver &
      Hedges, LLP

Fax #(s) verified before sending (initial):
From:   Dominic J. Messiha         Fax:   310.553.5583    Phone:   310.712.7343
Length, including this cover letter:   2   Pages
If you do not receive all pages, please call Sender's Phone Number.

Message:

CONFIDENTIALITY -- The information contained in this fax message is intended only for the personal and confidential use of the designated recipient(s) named above. This message is a communication from attorneys or their agents relating to pending legal matters and, as such, is intended to be privileged and/or confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error, and that any review, dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us by mail. Thank you.

Transmittal Completed: _____ am / pm    Client Code: __02830F__

THE NATIONAL EMPLOYMENT & LABOR LAW FIRM™
_____ CA 90067 3107 Tel: 310.553.0308 Fax: 310.553.5583 www.littler.com

EXHIBIT __ PAGE __

EXHIBIT  **3**  PAGE  **82**

EXHIBIT 1 PAGE 42

EXHIBIT __3__ PAGE __83__

ROBERT F. MILLMAN, Bar No. CA 062152
DOUGLAS A. WICKHAM, Bar No. CA 127268
KEITH A. JACOBY, Bar No. CA 150233
LITTLER MENDELSON
A Professional Corporation
2049 Century Park East, 5th Floor
Los Angeles, CA 90067.3107
Telephone:  310.553.0308
Facsimile:  310.553.5583

Attorneys for Defendant
CARTER BRYANT

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

SEP 0 9 2004

John A. Clarke, Executive Officer/Clerk
By_____, Deputy
J. SUNGA

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

MATTEL, INC., a Delaware Corporation,

Plaintiff,

v.

CARTER BRYANT, an individual; and
DOES 1 through 10, inclusive,

Defendant.

Case No. BC314398

ASSIGNED FOR ALL PURPOSES TO
HON. GREGORY W. ALARCON
DEPT. 36

MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF
DEFENDANT CARTER BRYANT'S
MOTION FOR PROTECTIVE ORDER
AND TO ESTABLISH THE SEQUENCE
AND TIMING OF DISCOVERY;
REQUEST FOR SANCTIONS

[C.C.P. §§ 2019(d), 2025(g), (i) and (n)]

Action Filed: April 27, 2004

Date:    September 28, 2004
Time:    8:30 a.m.
Dept.:   36

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES

EXHIBIT  3  PAGE  84

## TABLE OF CONTENTS

| | | PAGE |
|---|---|---|
| I. | SUMMARY OF ARGUMENT | 1 |
| II. | STATEMENT OF FACTS | 2 |
| | A. The Parties | 2 |
| | B. Procedural History | 3 |
| | C. The Lawsuit | 3 |
| | D. Discovery | 4 |
| | 1. Written Discovery | 4 |
| | 2. Bryant's Deposition | 8 |
| III. | ARGUMENT | 11 |
| | A. Phased Discovery Is Necessary In This Case To Safeguard Bryant's Right To Be Prepared For His Deposition And To Preclude Mattel's Attempt To Litigate By Ambush And Surprise | 11 |
| | 1. Mattel Has Failed To Produce Key Documents In Its Exclusive Possession | 11 |
| | 2. Bryant's Deposition Should Not Go Forward Until Mattel Produces Those Key Documents, Or States In Verified Responses That It Has Conducted A Diligent Search And Reasonable Inquiry And Those Documents Are Not In Its Possession, Custody Or Control | 13 |
| | 3. Mattel Will Not Be Prejudiced By Producing Responsive Documents Prior To Bryant's Deposition | 15 |
| | B. Sanctions Are Warranted In This Case Because Mattel's Ex Parte Motion To Compel Bryant's Deposition Has Already Been Denied By The Federal Court | 16 |
| IV. | CONCLUSION | 17 |

i.

LITTLER MENDELSON

EXHIBIT 1 PAGE 4

EXHIBIT 3 PAGE 85

# TABLE OF AUTHORITIES

PAGE

## CASES

(Chronicle Pub. Co. v. Superior Court
54 Cal. 2d 548 (1960) .................................................................12

Beverly Hills Federal Savings & Loan Assoc. v. Superior Court
259 Cal. App. 2d 306 (1968) .......................................................14

Deyo v. Kilbourne
84 Cal. App. 3d 771 (1978) ....................................................12, 14

Dowell v. Superior Court
47 Cal. 2d 483
(1956) ...........................................................................................16

Emerson Electric v. Superior Court
16 Cal. 4th 1101 (1997) ...............................................................12

Fairmont Ins. Co. v. Sup. Ct. (Stendell)
22 Cal. 4th 245 (2000) ...................................................................1

Greyhound Corp. v. Superior Court
56 Cal. 2d 355 (1961) ...................................................................12

Hall v. Clifton Precision
150 F.R.D. 525 (E.D. Pa. 1993) ...................................................12

Poeschl v. Superior Court
229 Cal. App. 2d 383 (1964) ..................................................14, 16

Rosemont v. Superior Court (Turner)
60 Cal. 2d 709 (1964) .............................................................15, 14

United States v. Proctor & Gamble Co.
356 U.S. 677 (1958)
[78 S.Ct. 983, 2 L.Ed.2d 1077] ...................................................12

## STATUTES

California Code of Civil Procedure
Section 2019 .................................................................................15

Section 2019(c) ........................................................................2, 16

Section 2023 .................................................................................17

Section 2025(g) .......................................................................2, 14

Section 2025(i)(15) .....................................................................17

Section 2025(t) ..............................................................................1

Section 2031 ............................................................................14, 15

Federal Rule of Civil Procedure 45 ...............................................8

ii.

LITTLER MENDELSON



EXHIBIT 3 PAGE 86

## I.

## SUMMARY OF ARGUMENT

1 
2 
3        Plaintiff Mattel, Inc. ("Mattel") has noticed Defendant Carter Bryant's deposition for
4  September 9, 2004, despite the ruling of a federal magistrate judge just two weeks ago, on August
5  20, denying Mattel's *Ex Parte* Application to compel that same deposition. There is no justification
6  for Mattel's attempt to accomplish in state court what it was not permitted to do in federal court.
7  Undaunted, however, Mattel now again seeks to depose Mr. Bryant ("Bryant") without first
8  responding to his outstanding document demands, which seek key documents in Mattel's exclusive
9  possession.
10        Mattel's objective in seeking to depose Bryant at this early stage of document
11  discovery is clear: it wants to ignore the "one deposition rule" by taking his deposition at once, and
12  then, after more document discovery, take it again. Mattel has already stated its intention to do so.
13  This is simply impermissible under Code of Civil Procedure section 2025(t) and its "one deposition
14  rule." This discovery tactic is illegitimate and burdensome, and Mattel is not entitled to take this
15  deposition now because it has failed to comply with its own discovery obligations.
16        Mattel has not only failed to produce responsive documents in this litigation that it
17  does not deny possessing, but has also improperly obtained private telephone records for Bryant, his
18  parents and other non-parties that it refuses to return. Bryant has been forced to seek relief in the
19  issuing court, the federal district court in Dallas, Texas, to attempt to curb this unwarranted invasion
20  into his privacy and that of the non-parties affected by this subpoena. The federal court found that
21  the telephone company inadvertently produced the documents to Mattel, and that Mattel refused to
22  return them and would not even unconditionally provide copies of the documents to Bryant. The
23  court has ordered those records sealed pending a final decision on that matter.
24        With Mattel's discovery abuses setting the stage, it now attempts to depose Bryant
25  while depriving him of a reasonable opportunity to defend himself, by concealing the documents it
26  intends to use against him, with the obvious consequence being Mattel's stated desire to depose
27  Bryant again, in violation of Code of Civil Procedure section 2025(t). See also Fairmont Ins. Co. v.
28  Sup. Ct. (Stendell), 22 Cal. 4th 245, 254 (2000).

LITTLER MENDELSON

1.

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES

EXHIBIT 1 PAGE 11

EXHIBIT **3** PAGE **87**

1   Because Mattel continues to withhold responsive documents, as has been its pattern

2   and practice in other cases, Bryant seeks a protective order from this Court that his deposition should

3   not go forward until Mattel produces the questioned documents.  Bryant also seeks an order from

4   this Court under Code of Civil Procedure section 2019(c) directing that the first round of document

5   discovery be completed before the parties proceed to deposition discovery.  Bryant has served his

6   objections to the deposition notice, and his deposition, noticed for September 9, is automatically

7   stayed pending a determination of this Motion under Code of Civil Procedure section 2025(g).

8          There is no exigency here that would justify Mattel's taking Bryant's deposition prior

9   to documents being fully exchanged.  In fact, Bryant left Mattel in 2000, and the product Mattel

10  claims to target, Bratz, was released in 2001.  There is no motion for a preliminary injunction

11  pending, no trial date, and no discovery cut-off has been set.

12         Once Mattel complies with its discovery obligations and fully produces documents in

13  response to Bryant's document demands, Bryant will submit to deposition.  Bryant should also be

14  permitted the opportunity to have his Motion to Compel further responses to the written discovery

15  against Mattel heard.  Mattel should be granted the same time to obtain documents in response to its

16  third party subpoenas that have been served.  In this way, Mattel will have the benefit of all

17  documents prior to deposing Bryant and cannot later use the absence of documents at a first

18  deposition as an excuse for violating the one deposition rule.  Furthermore, Bryant will then have a

19  full opportunity to refresh his recollection and prepare for his deposition.

II.

STATEMENT OF FACTS

20

21

22  A.     The Parties.

23         Bryant was employed by Mattel as a fashion designer for the "Barbie" line of toys

24  from 1995 to April 1998, and in the Barbie Collectibles division from January 4, 1999 to October 20,

25  2000, earning less than $60,000 per year.  Bryant left Mattel in October 2000, and he then helped

26  launch a ground-breaking line of fashion dolls called "Bratz."  First manufactured and distributed by

27  MGA Entertainment ("MGA") in 2001, "Bratz" took the fashion doll world by storm.  "Bratz" are

28  an international phenomenon that market studies suggest have significantly reduced Mattel's sales of

2.

LITTLER MENDELSON

EXHIBIT 1 PAGE 47

EXHIBIT 3 PAGE 88

1   its flagship product, Barbie. Bryant's involvement in the creation of Bratz has elevated him to the

2   upper echelon of toy designers and brought him great rewards. It is in this context that Mattel

3   decided, more than three and a half years after Bryant's resignation, to sue him.

4        B.        Procedural History.

5            Plaintiff's Complaint was filed April 27, 2004 in state court. See Declaration of

6   Keith A. Jacoby ("Jacoby Decl."), ¶2. On May 14, 2004, Bryant answered the Complaint and

7   removed the action to Federal Court based on its diversity jurisdiction. Jacoby Decl., ¶3. On June

8   18, 2004, Bryant sought a stay of discovery pending the federal court's ruling on Plaintiff's Motion

9   for Remand by way of an *ex parte* application. That request was denied.

10           On July 16, Bryant received Mattel's woefully inadequate responses to his written

11  discovery and promptly notified Plaintiff that he would not be appearing for deposition on August

12  17, which Mattel had noticed six days prior, unless Mattel supplemented its production. Jacoby

13  Decl., ¶¶6-9.

14           On August 17, Plaintiff Mattel applied *ex parte* for an order compelling Bryant's

15  deposition. Bryant opposed the motion, arguing that he was entitled to receive Mattel's responses to

16  his discovery prior to his deposition, and that discovery should be conducted in phases, with written

17  discovery preceding depositions. Federal Magistrate Judge Hillman denied Mattel's *ex parte*

18  application. See Exhibit 2 to Declaration of Dominic J. Messiha ("Messiha Decl."), filed

19  concurrently herewith.

20           On August 23, 2004, Judge Manella remanded the action to this Court. Plaintiff

21  served his third deposition notice of Plaintiff on August 26, 2004, noticing the deposition for

22  September 9, 2004 in Springfield, Missouri. Messiha Decl. ¶3.

23       C.        The Lawsuit.

24           On April 27, 2004, Mattel sued Bryant, alleging that he breached the agreements he

25  executed with Mattel, converted Mattel property for his personal gain and/or assisted Mattel's

26  competitor while working for Mattel. It seeks, *inter alia*, compensatory damages, punitive damages,

27  attorney's fees and injunctive relief. Mattel's Complaint encompasses the same charges Mattel

28  leveled against Bryant in the press, though they are pled with less specificity than the unnamed

LITTLER MENDELSON
...
...
...
...

                                    3.

                    DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES



EXHIBIT 3 PAGE 89

1  Mattel sources were willing to give to the *Wall Street Journal* in a newspaper article published in

2  July 2003.  Instead, in its Complaint, Mattel alleged simply that:

3  "Bryant had secretly aided, assisted and worked for a Mattel competitor ... the competitor obligated Bryant to provide product design services to the competitor on a

4  'top priority' basis....while Bryant was employed by Mattel, Bryant and the other defendants converted, misappropriated and misused Mattel property and resources for

5  the benefit of, and to aid and assist, Bryant personally and Mattel's competitor."

6  (Complaint, ¶ 41).

7  Mattel's lawsuit seeks nothing less than to take from Bryant everything he has earned

8  and to destroy what has become his life's work.  It is noteworthy that Mattel's targeting of Bryant

9  has been some time in the making.  Almost three years after Bryant left Mattel, and many months

10  before this lawsuit was filed, Mattel began a media campaign in which unnamed Mattel employees

11  suggested to the press that Bryant stole the "Bratz" concept from Mattel.  The *Wall Street Journal*

12  reported the following in July, 2003:

13  Inside Mattel, some are convinced the Bratz borrow liberally from a Mattel project that was scrapped at the testing stage in 1998. Mattel declined to comment. Mr.

14  Bryant didn't work on the line that Mattel scrapped, according to former and current Mattel designers. But most Barbie designers had seen the prototypes, his former

15  colleagues say. Mr. Bryant, through MGA, declined to be interviewed.

16  The Mattel doll line that was scrapped wasn't exactly like the Bratz, says a longtime Mattel designer who worked on the project. But the Bratz' oversized heads — with

17  their pursed lips and cartoonist eyes — are "virtually identical" to the heads of the dolls her team created, says the designer, who left Mattel in 2001.

18  
19  Lily Martinez, a designer who still works at Mattel, came up with the idea for the big doll heads for Mattel, colleagues say. Mattel declined to comment. She even posted

20  her sketch on her cubicle, colleagues say. "Anyone who passed by her cubicle would see the picture up on the wall," says another designer who also left Mattel in 2001.

21  "The big heads, the big eyes, the big feet — they were all the same" as the Bratz. Ms. Martinez declined to comment.

22  See July 18, 2003 *Wall Street Journal*, "Dolled Up: To Lure Older Girls, Mattel

23  Brings In Hip-Hop Crowd" attached as Exhibit D to the Declaration of Keith A. Jacoby, dated August 18, 2004, (hereinafter "Jacoby Decl.") at ¶ 12.

24  
Bryant denies these allegations.

25  
26  
27  
28  

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310 553 0308

4.

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES



only basic discovery, but also establishment of facts crucial to rulings on pretrial motions, dispositive motions, and for trial. The importance of Bryant's deposition in this matter cannot be overstated.

The purpose of the Civil Discovery Act is critically important here. As discussed above, Mattel's Complaint provides woefully vague allegations of misconduct against Bryant. The Complaint states only that Bryant signed a contract with a "competitor" and "misappropriated and misused Mattel property and resources," without identifying the competitor, let alone what property or resources Bryant allegedly misused. At the Federal Rule 26 Conference held between the parties on June 14, 2004, counsel for Mattel refused to provide any further factual information about the basis of his claims, other than to make vague allegations about telephonic records and Bryant's contract with MGA. Jacoby Decl., ¶¶ 4, 12. Bryant has an unequivocal right to this information.

While Mattel has provided written responses and produced some documents in response to the written discovery it agreed to provide prior to Bryant's deposition, it has withheld far more documents than it has produced. Jacoby Decl., ¶ 12. Critically, while Mattel appears to allege either that Bryant misappropriated Mattel property for his own gain or that he created certain works (namely the "Bratz" dolls) while employed by Mattel, Mattel has not produced any evidence substantiating its claim that Bryant created "Bratz" while employed by Mattel. Mattel does not deny possessing these documents. It simply refuses to produce them. Jacoby Decl., ¶ 7. Moreover, Mattel has made public statements in the media stating that it believes "Bratz" to be "virtually identical" to a doll line developed by Mattel that never hit the market, yet Mattel's responses do not even identify which doll line it believes was misappropriated. Even when it produced some drawings by a former employee named Lilly Martinez, Mattel expressly declined to admit that it was producing them in response to any document request.

13.

EXHIBIT 1  PAGE 50

EXHIBIT 3 PAGE 91

2.   **Bryant's Deposition Should Not Go Forward Until Mattel Produces Those Key Documents, Or States In Verified Responses That It Has Conducted A Diligent Search And Reasonable Inquiry And Those Documents Are Not In Its Possession, Custody Or Control.**

Bryant is entitled to receive the documents he has requested from Mattel in both federal and state court discovery – those documents upon which Mattel bases its allegations against Bryant – prior to being deposed. *Rosemont v. Superior Court (Turner)*, 60 Cal. 2d 709 (1964). This Court has broad discretion to enter an order that discovery should proceed in phases, with written discovery to be completed prior to depositions, or in the alternative, an order staying Bryant's deposition until Mattel produces those documents, pursuant to Code of Civil Procedure section 2019(c). Section 2019(c) states that, upon a showing of good cause, "the court may establish the sequence and timing of discovery for the convenience of parties and witnesses and in the interests of justice."

There is abundant good cause here for the Court to order phased discovery, or in the alternative, to enter an order staying Bryant's deposition, to ensure that Bryant has the ability to prepare himself for deposition and to prevent Mattel's litigation by ambush. Pursuant to Code of Civil Procedure section 2025(g), Mr. Bryant has served objections to his deposition notice and his deposition is automatically stayed pending the Court's decision on this Motion.

A court has broad discretionary powers to alter the normal timing of discovery given good cause, including to prevent "annoyance, embarrassment, or oppression." *Rosemont, supra; see also Poeschl v. Superior Court*, 229 Cal. App. 2d 383 (1964). The discovery statutes vest wide discretion in the trial court in granting, denying, or limiting discovery; and the trial court's rulings will not be disturbed on appeal absent a showing that its discretion was abused. *Beverly Hills Federal Savings & Loan Assoc. v. Superior Court*, 259 Cal. App. 2d 306 (1968).

The Supreme Court, in *Rosemont v. Superior Court, supra*, affirmed the trial court's entry of such an order under circumstances very similar to the instant case. In *Rosemont*, the parties had agreed that defendant's deposition would be taken on a specific date. Thereafter, the deponent sought an order pursuant to former Code of Civil Procedure section 2031 to require Plaintiff to

14.

LITTLER MENDELSON



EXHIBIT __3__ PAGE __92__

B. **Sanctions Are Warranted In This Case Because Mattel's Ex Parte Motion To Compel Bryant's Deposition Has Already Been Denied By The Federal Court.**

Code of Civil Procedure section 2025(i)(15) provides that the Court "shall impose a monetary sanction under Section 2023 against any party, person or attorney who unsuccessfully makes or opposes a motion for a protective order, unless it finds that the one subject to the sanction acted with substantial justification or that other circumstances make the imposition of the sanction unjust."

In the instant case, Mattel has no justification whatsoever for noticing Bryant's deposition, having lost an *ex parte* application for an order compelling his deposition just over a week prior. Mattel continues to attempt to gain an improper tactical advantage in this litigation by its abuse of the discovery process in failing to fully respond to written discovery and refusing to produce relevant documents in its exclusive possession. For these reasons, an award of sanctions is appropriate.

IV.

CONCLUSION

For the foregoing reasons, Bryant respectfully requests that this Court issue an order that discovery should proceed in phases, with written discovery to be completed prior to depositions being conducted. In the alternative, Bryant requests that the Court stay his deposition until such time as Mattel produces documents responsive to his written discovery, or at least until after his Motion to Compel production of those documents can be heard.

17.

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES

EXHIBIT 1 PAGE 53

EXHIBIT **3** PAGE **93**

1    Dated:  September 3, 2004

2                                        ROBERT F. MILLMAN
                                         DOUGLAS A. WICKHAM
3                                        KEITH A. JACOBY

4

5                                        ROBERT F. MILLMAN /
                                         LITTLER MENDELSON
6                                        A Professional Corporation
                                         Attorneys for Defendant
7                                        CARTER BRYANT

8    Los_Angeles:372822.4 022X07.1010
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation

                                18.

                DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES

EXHIBIT 1 PAGE 55        Exhibit 11

EXHIBIT 3 PAGE 95

36

FILED
LOS ANGELES SUPERIOR COURT
OCT 05 2004
JOHN A. CLARKE, CLERK
BY
DEPUTY

| | |
|---|---|
| MATTEL, INC., a Delaware Corporation, | CASE NO. BC 314398 |
| Plaintiff, | TENTATIVE RULING ON (1) MOTION TO COMPEL DEPOSITION |
| v. | AND (2) MOTION FOR A PROTECTIVE ORDER AND ESTABLISH THE |
| CARTER BRYANT, an individual; and DOES 1 through 10, inclusive, | SEQUENCE AND TIMING OF DISCOVERY |
| Defendants. | Hearing Date:  October 5, 2004 |
| | Moving Party:  Plaintiff (motion to compel) and Defendant (motion for protective order) |

Defendant Carter Bryant was hired by Plaintiff Mattel as a fashion designer for the

"Barbie" line of toys from 1995 to April 1998, and in the Barbie Collections division from

January 4, 1999 to October 2000. After leaving Mattel, Bryant started his own line of fashion

doll, called "Bratz," which received much success. Mattel brings this lawsuit against Bryant for

(1) Breach of Contract; (2) Breach of Fiduciary Duty; (3) Breach of Duty of Loyalty; (4) Unjust

Enrichment; and (5) Conversion. Bryant filed his cross-complaint for (1) Unfair Competition;

(2) Rescission; (3) Declaratory Relief; and (4) Fraud.

Plaintiff moves to compel the deposition of Plaintiff. The law is clear that Plaintiff is

entitled to depose Defendant who is a party in this action. Although the federal magistrate judge

denied Plaintiff its ex parte application to file a motion to compel deposition of Defendant, this

Court is not bound by the federal court's local rules. California law is clear that "[a]ny party

may obtain discovery...by taking in California the oral deposition of any person, including any

party to the action...." CCP § 2025(a). The Court is inclined to grant Plaintiff's motion to

compel.

However, Defendant has filed his motion for a protective order. Defendant is not

contending that Plaintiff is not entitled to depose him. Rather, it appears that Defendant wants

1

EXHIBIT **3** PAGE **96**

Plaintiff to produce certain documents before the deposition, which will assist Defendant in preparation of his deposition. As such, Defendant seeks an order to establish the timing and sequence of the discovery requests. The Court is also inclined to grant Defendant's motion for a protective order.

Plaintiff is ordered to produce these documents or state in verified responses that none exists, and after a diligent search and reasonable inquiry, there are no such documents in Plaintiff's possession, custody, or control. Defendant is ordered to be deposed 20 days after Plaintiff produces these documents.

DATED:        October 5, 2004

GREGORY W. ALARCON
SUPERIOR COURT JUDGE

2

EXHIBIT 1 PAGE 5

EXHIBIT 3 PAGE 97

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 10/05/04                                                    DEPT. 36

HONORABLE GREGORY W. ALARCON   JUDGE   C. WILSON         DEPUTY CLERK

HONORABLE                      JUDGE PRO TEM           ELECTRONIC RECORDING MONITOR

#10        P. MAPSTEAD, C.A.   Deputy Sheriff   M. DOLZ, CSR #8424   Reporter

8:30 am   BC314398                 Plaintiff
                                   Counsel   JOHN B. QUINN (X)
          MATTEL INC
                         VS        Defendant
                                   Counsel   KEITH A. JACOBY (X)
          CARTER BRYANT

NATURE OF PROCEEDINGS:

MOTION FOR PLAINTIFF MATTEL, INC., TO COMPEL
DEPOSITION OF DEFENDANT AND CROSS CLAIMANT CARTER
BRYANT AND FOR SANCTION IN THE AMOUNT AMOUNT OF
$4,500.00;

MOTION FOR PROTECTIVE ORDER DEFENDANT CARTER BRYANT

CASE MANAGEMENT CONFERENCE

The matter is called for hearing.

Counsel submit on the Court's tentative ruling.  The
Court adopts the tentative and rules as follows:

Plaintiff's motion to compel is granted.

Defendant's motion for a protective order is granted.

Plaintiff is ordered to produce the documents or state
in verified responses that none exists, and after a
diligent search and reasonable inquiry, there are no
such documents in Plaintiff's possession, custody or
control.  Defendant is ordered to be deposed 20 days
after Plaintiff produces the documents.

The Court's ruling is more fully reflected in the
Ruling on 1) Motion to Compel Deposition and 2)
Motion for a Protective Order and Establish the
Sequence and Timing of Discovery, signed and filed

                    Page   1 of 2    DEPT. 36        MINUTES ENTERED
                                                     10/05/04
                                                     COUNTY CLERK

EXHIBIT 1 PAGE 56

EXHIBIT 3 PAGE 98

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 10/05/04

DEPT. 36

HONORABLE GREGORY W. ALARCON    JUDGE    C. WILSON    DEPUTY CLERK

HONORABLE                       JUDGE PRO TEM              ELECTRONIC RECORDING MONITOR

#10

P: MAPSTEAD, C.A.    Deputy Sheriff    M. DOLZ, CSR #8424    Reporter

8:30 am   BC314398

MATTEL INC

VS

CARTER BRYANT

Plaintiff
Counsel    JOHN B. QUINN (X)

Defendant
Counsel    KEITH A. JACOBY (X)

NATURE OF PROCEEDINGS:

this date, and incorporated by reference herein.

The Case Management Conference is continued to
10/28/04 at 8:30 a.m. in this Department.

Counsel are ordered to complete and submit a long
cause packet to the court.

Notice is deemed waived.

Page   2 of  2    DEPT. 36

MINUTES ENTERED
10/05/04
COUNTY CLERK



EXHIBIT  1  PAGE  57

EXHIBIT   3   PAGE   99

Oct 21 04 02:51p                                                                    P.1

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 90378)
2    Michael T. Zeller (Bar No. 196417)
     Tania Krebs (Bar No. 227281)
3  865 South Figueroa Street, 10th Floor
   Los Angeles, California 90017-2543          **FILED**
4  (213) 443-3000 (telephone)                  LOS ANGELES SUPERIOR COURT
   (213) 443-3100 (facsimile)
5                                              ɣ∩  OCT 2 0 2004
   Attorneys for Plaintiff
6  Mattel, Inc.                                JOHN A. CLARKE, CLERK
                                                  *J. Walker*
7                                              BY L. WALKER, DEPUTY

8          SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                 FOR THE COUNTY OF LOS ANGELES

10

11  MATTEL, INC., a Delaware corporation,      CASE NO. BC 314398

12                 Plaintiff,
                                               ~~[ PROPOSED ]~~ ORDER GRANTING
13         v.                                  MATTEL'S EX PARTE
                                               APPLICATION TO SET
14  CARTER BRYANT, an individual, and          COMPELLED DEPOSITION OF
    DOES 1 through 10, inclusive,              DEFENDANT AND CROSS-
15                                             CLAIMANT CARTER BRYANT FOR
                   Defendants.                 A DATE CERTAIN PURSUANT TO
16                                             THE COURT'S ORDER OF
                                               OCTOBER 5, 2004
17  CARTER BRYANT, on behalf of himself, all
    present and former employees of Mattel, Inc.,
18  and the general public,                    Judge:  Hon. Gregory Alarcon
                                               Dept:   36
19                 Cross-Complainant,          Date Action Filed: April 27, 2004
                                               Trial Date:  None Set
20         v.

21  MATTEL, INC., a Delaware corporation,

22                 Cross-Defendant.

23

24

25

26

27

28

                                        ~~EXHIBIT  17  PAGE  59~~

                             ~~EXHIBIT  1  PAGE  60~~

                    EXHIBIT  3  PAGE  100

Oct 21 04 02:51p                                                           P.2

1       This matter came before the Court on October 19, 2004 for an <u>ex parte</u>

2 order to set for a date certain the previously compelled deposition of Defendant and Cross-

3 Claimant Carter Bryant. Eric J. Emanuel and Michael T. Zeller of Quinn Emanuel Urquhart

4 Oliver & Hedges, LLP appeared on behalf of Plaintiff Mattel, Inc. The appearance for

5 Defendant is noted on the record.

6       Having considering the papers and after considering the arguments of

7 counsel regarding Mattel's application, the Court hereby FINDS that good cause exists for

8 the issuance of <u>ex parte</u> relief, and hereby GRANTS Mattel's <u>ex parte</u> application.

9       Accordingly, the Court ORDERS and compels Defendant and Cross-

10 Claimant Carter Bryant to appear for deposition commencing on November 4, 2004, at 9:00

11 a.m. at University Plaza Hotel and Convention Center, 333 S. John Q. Hammons Parkway,

12 Springfield, Missouri 65806.

13

14 IT IS SO ORDERED

15 Date: 10/20/04

16                            Honorable Judge Gregory Alarcon
                           Judge of the Superior Court

17

18

19

20 Submitted by:   QUINN EMANUEL URQUHART OLIVER & HEDGES

21 Attorneys for:   Plaintiff Mattel, Inc.

22

23

24

25

26

27

28

EXHIBIT 1 PAGE 61

EXHIBIT 3 PAGE 101

# EXHIBIT 4

1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
    John B. Quinn (Bar No. 90378)
2   (johnquinn@quinnemanuel.com)
    Michael T. Zeller (Bar No. 196417)
3   (michaelzeller@quinnemanuel.com)
    Jon D. Corey (Bar No. 185066)
4   (joncorey@quinnemanuel.com)
    865 South Figueroa Street, 10th Floor
5   Los Angeles, California 90017-2543
    Telephone: (213) 443-3000
6   Facsimile:  (213) 443-3100

7   Attorneys for Plaintiff Mattel, Inc.

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10                         EASTERN DIVISION

11

12   CARTER BRYANT, an individual,       CASE NO. CV 04-9049 SGL (RNBx)

13              Plaintiff,               Consolidated with
                                         Case No. CV 04-09059
14   .                                   Case No. CV 05-02727
        vs.
15                                       **DISCOVERY MATTER**

16   MATTEL, INC., a Delaware            **[To Be Heard By Discovery Master**
     corporation,                        **Hon. Edward Infante (Ret.)]**
17
                                         DECLARATION OF SHANE H.
18              Defendant.               MCKENZIE IN SUPPORT OF
                                         MATTEL, INC.'S MOTION TO
19                                       ENFORCE STIPULATION AND
                                         COMPEL BRYANT TO MAKE
20   AND CONSOLIDATED ACTIONS            ORIGINAL DOCUMENTS
                                         AVAILABLE AND FOR SANCTIONS
21
                                         Hearing Date: TBA
22                                       Time:  TBA
                                         Place:  TBA
23
                                         Discovery cutoff:  None set
24                                       Final Pretrial Conf. Date:  None set
                                         Trial Date:  None set
25

26

27

28

07209/2039936.1
                                   -1-
                                                    MCKENZIE DECLARATION

EXHIBIT ~~PAGE~~ ~~C~~

EXHIBIT __4__ PAGE __102__

# DECLARATION OF SHANE H. MCKENZIE

I, Shane H. McKenzie, declare as follows:

1.  I am a member of the bar of the State of California and an associate at Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for plaintiff and cross-defendant Mattel, Inc. ("Mattel"). I make this declaration of personal, firsthand knowledge and, if called and sworn as a witness, I could and would testify competently thereto.

2.  On December 22 and 23, 2004, at Littler Mendelson's offices, I inspected some of the original documents produced by Carter Bryant in this matter. A videographer and photographer, hired by Mattel to document the inspection, were also present on both days.

3.  Bryant failed to turn over for inspection and photographing the majority of the originals in his production. I was neither provided nor allowed to inspect 462 pages of the "originals" of Bryant's 1588 pages of production. I was not allowed to inspect or photograph the remaining 1124 pages, which included all of the originals of Bratz drawings in his production. The only "originals" of Bratz drawings that I was provided were, in fact, photocopies. Bryant's counsel also refused to make available for inspection and photographing the originals of documents that had been produced in redacted form, such as royalty statements and phone records, while making repeated promises to provide all original documents "when found." To date, Bryant has refused to make at least 35 original documents—including Bratz design drawings as well as a signature page from an agreement with MGA—available for inspection and photographing.

4.  Attached as Exhibit 1 is a true and correct copy of my December 27, 2004 letter to Keith Jacoby cataloging the originals that were not provided by Bryant's counsel for inspection and photographing.

07209/2039936.1

-2-

MCKENZIE DECLARATION

EXHIBIT 2  PAGE 103

EXHIBIT 4 PAGE 103

5.     Attached as Exhibit 2 is a true and correct copy of the letter I sent requesting certain originals be made available to Bryant, dated June 21, 2006.

6.     Attached as Exhibit 3 is a true and correct copy of the letter I sent detailing previously requested originals, dated August 8, 2006.

7.     Attached as Exhibit 4 is a true and correct copy of the letter I sent again requesting previously requested originals, dated August 21, 2006.

8.     Following Bryant's on-the-record stipulation that he would provide Mattel with all remaining originals at the June 20, 2006 meet and confer, Mattel received nothing until several weeks later on July 12, 2006 when another 267 pages were produced.  Many originals were still missing, and I notified Bryant of the deficiency in my letter of August 8, attached hereto as Exhibit 3.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed this 22nd day of January, 2007, at Los Angeles, California.

_____
Shane Heather McKenzie

EXHIBIT 2 PAGE 41

EXHIBIT 4 PAGE 104

Exhibit 1

EXHIBIT 2   PAGE 105

EXHIBIT ___4___ PAGE 105

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-624-7707 FAX 213-624-0643

December 27, 2004

**VIA FACSIMILE
AND U.S. MAIL**

Keith A. Jacoby, Esq.
Littler Mendelson, P.C.
2049 Century Park East, 5th Floor
Los Angeles, California 90067

<u>Mattel, Inc. v. Bryant</u>

Dear Mr. Jacoby:

Last Wednesday and Thursday, I inventoried all originals of the documents produced by Carter Bryant that your offices showed to me and claimed to have in its possession. There were a great number of originals that were missing. Indeed, according to your staff, Bryant's counsel "does not have" the majority of the originals of Bratz drawings and sketches and does not even know where they are. This is quite problematic, especially considering that Mr. Bryant testified that all of his original Bratz drawings and sketches have "been turned over to our legal team." (Bryant Dep. Tr. at 146:23.)

Bryant's failure to produce the originals is all the more inexplicable given that Mattel has been requesting, for months now, the originals be made available for inspection and photographing and has gone to great lengths in an attempt to resolve Bryant's foot dragging on the issue in the hopes of avoiding burdening the Court with a motion. Mattel first requested to inspect all of the originals of the documents produced by Bryant some two months ago, even before Mr. Bryant's deposition. Yet, Bryant turned over for inspection only a handful of originals at his deposition in early November, and nothing else. At the deposition, Doug Wickham of your office promised to make the originals available, albeit belatedly: "We certain

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 335 Madison Avenue, 17th Floor, New York, New York 10017 | TEL 212-702-8100 FAX 212-702-8200
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94104 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-620-4500 FAX 650-620-4555
PALM SPRINGS | 45-025 Manitou Drive, Suite 8, Indian Wells, California 92210 | TEL 760-345-4757 FAX 760-345-2414
SAN DIEGO | 4445 Eastgate Mall, Suite 200, San Diego, California 92121 | TEL 858-812-3107 FAX 858-812-3336

EXHIBIT 2 PAGE 106

EXHIBIT **4** PAGE **106**

available for inspection at a reasonable time upon reasonable notice." (Bryant Dep. Tr. at
616:16-18).

We repeated our requests for all originals on November 6, 2004, and again in a letter from Jon
Corey dated November 17, 2004, among other occasions. Despite Mr. Wickham's promise in
early November, and despite our follow-up efforts, we received no satisfactory response from
Bryant's counsel as to when the originals would be made available for inspection and copying.
Then, in early December, over a month after our initial requests, you stated for the first time that
you had not yet even begun to organize the original documents, which you claimed would take "a
significant amount" of additional time. You further stated that you had not yet obtained the
return of the few originals that were in Missouri for Bryant's deposition weeks earlier.
Subsequently, in response to Tania Krebs' December 14, 2004 letter requesting a <u>Rule</u> 37-1 meet
and confer on the subject, you agreed to make all original documents available for inspection and
photographing on December 22, 2004.

Obviously, that did not occur. By our accounting, at the inspection your offices did not provide
us with the originals discussed below.

I.    <u>No Original Bratz Drawings or Sketches Were Made Available For Inspection And
      Photographing.</u>

      A.    <u>Bryant's Counsel Claims Not To Know Where The Majority Of The
            Originals Of Bratz Drawings And Sketches Are.</u>

*All* of the Bratz drawings and sketches that your office made available for inspection last
Wednesday and Thursday were photocopies, not originals. The documents for which only
copies, and not originals, were provided include:

1.    CB00957. The "original" of this document is a color copy of a Bratz sketch.
2.    CB00958-976. The "originals" of these bates numbered documents are
      black and white photocopies of various Bratz sketches.
3.    CB00977. The "original" of this document is a color copy of "Zoe."
4.    CB00978-983. The "originals" of these bates numbered documents are
      black and white photocopies of various Bratz sketches.
5.    CB00984, 986-987. The "originals" of these bates numbered documents
      are color photocopies of Bratz sketches and attached fabric samples (fabric
      samples are also copies, not fabric).
6.    CB00985. The "original" of this bates numbered document is a color
      photocopy of a Bratz sketch.
7.    CB00988-1016, 01018-01048, 01051. The "originals" of these bates
      numbered documents are black and white photocopies of Bratz sketches.

2

EXHIBIT 2 PAGE 67

EXHIBIT 4 PAGE 107

8.    CB01049-1050, 1052-1053. The "originals" of these bates numbered documents are color photocopies of various Bratz sketches.

9.    CB01054-1094. The "originals" of these bates numbered documents are black and white photocopies of various Bratz sketches.

10.   CB01095-1096. The "originals" of these bates numbered documents are color photocopies of Bratz sketches.

11.   CB01097-1119. The "originals" of these bates numbered documents are black and white photocopies of various Bratz sketches.

As we understand it, your office claims that it has *none* of the originals of these documents and does not know where they are, despite Mr. Bryant's testimony that he gave you--his "legal team" --all his originals of Bratz drawings and sketches. Thus, the original Bratz drawings and sketches that your office could not account for in any way, even as to their whereabouts, include specifically: CB00138-153, 154-166, 168, 170, 175-82, 184-91, 193, 196-200, 203, 209, 212-213, 216-218, 220-261, 273-276, 284-289, 291-300, 302-303, 310-324, 328, 341, 347-348, 358-363, 380-83, and 1246-47.

### B.    Bryant Did Not Produce for Inspection The Few Original Drawings He Brought With Him to His Deposition.

In addition to the originals of the Bratz drawings and sketches that your office says it does not know where they are, Bryant's counsel also failed to make available for our inspection and photocopying the few originals that Bryant had with him at deposition in Missouri. This is despite the fact that Mattel had repeatedly asked for many weeks to inspect and photograph these and all other original Bratz drawings and sketches, and Bryant's counsel had over seven weeks to simply move the drawings from Missouri to Los Angeles.

The original sketches and drawings that Bryant had at his deposition, but did not produce for our inspection and photographing, include: CB00001-12; CB00175-182, 184-192, 194-199, 201-213, 215-218, 220, 222-224, 226-227, 229-230, 232-246, 273-275, CB01246-1247 and CB01243.

Moreover, the originals of ostensibly notarized Bratz sketches and drawings that your office now states it does not have include: CB00192, 194-195, 201-202, 204, 207-208, 210-211, 214-215, 301 and 1243.

3

EXHIBIT 2 PAGE 66

EXHIBIT 4 PAGE 108

**II.**   **Bryant's Counsel Also Failed To Make Available For Inspection And Photographing Numerous Other Original Documents.**

There were also many other pages of non-redacted originals[1] that your office claimed that it "cannot find." These include:

1.   CB00068, 72, 108, 183, 325-327, 329-33, 342, 346, 349-51. Handwritten notes.
2.   CB00103, 167. Faxes of Bratz sketches and drawings.
3.   CB00169. Diagram of Bratz outfits and fabric Swatches.
4.   CB00219. Fax from Bryant to Cecilia Kwok re: Bratz.
5.   CB00262-272. Bratz promotional brochure.
6.   CB00277-278, 290. Schematics of Bratz doll specifications.
7.   CB00280-282. E-mail re: Bratz armature from Ben Ton and Mercedeh Ward.
8.   CB00304-309. Steve Madden advertisement.
9.   CB00343-344. Lyrics to the "Bratz Song."
10.   CB00364-367. Color schematic/chart for Bratz.
11.   CB00368-375. Picture proof of eye, eyebrow and lip design for Bratz.
12.   CB00376-377. Correspondence from Bryant to Cecilia Kwok re: Bratz and correspondence from Bryant to Hasbro.
13.   CB00378-379. Illustrations.
14.   CB00396-662. August 1998 Issue of Seventeen Magazine.
15.   CB00663. BARBIE Comic Strip Panels.
16.   CB00681. Unsigned B&W Drawing of "Avon BARBIE".
17.   CB00682. B&W Drawings of "Skye."
18.   CB00722. B&W BARBIE comic strip drawing.
19.   CB00782, 785-788. Mail Boxes Etc., Pearl Arts, and Circuit City Receipts.
20.   CB00789-793. Envelope w/enclosed Special Tax Notice.
21.   CB00794-799. "Final" 9/18/00 MGA Agreement.
22.   CB00803. B&W drawing.
23.   CB00821. B&W drawing of "Aladdin BARBIE".
24.   CB00878-879. B&W drawings of BARBIE.
25.   CB00930-931. B&W comic strip drawings.
26.   CB01121: Promo Ad for Bicyclin' STACIE® Doll.

---

[1] Bryant's counsel refused to make available for inspection and photographing the originals of documents that had been produced in redacted form, such as royalty statements and phone records. We do not agree with Bryant's position that he is free to withhold such documents. As you know, Mattel's right to obtain unredacted versions of the redacted documents in Bryant's production is a subject of Mattel's motion to compel that is in process.

4

EXHIBIT 2 PAGE 68

EXHIBIT  4  PAGE 109

27.   CB01187.  B&W Drawing of "Global Avon BARBIE".
28.   CB01190-1192.  BARBIE Collectibles Department (Phone Lists, Personnel List).
29.   CB01193-1197.  MGA check stubs.
30.   CB01198-1199.  Correspondence from Lynne Robinson, Vice President, Human Resources, Mattel, Inc. to Bryant on 12/9/98.
31.   CB01200-1212.  Correspondence to and from Bryant and Kinuyo Shichijyo, Universal Commerce Corp., Ltd. and Universal Commerce Corp. invoices.
32.   CB01215-1221, 1223-1225.  Various B&W drawings and sketches.
33.   CB01226-1230.  Magazine photos.
34.   CB01231.  MGA invoice for Bryant work.
35.   CB01232-1233.  Executed Confidentiality Agreement signed by Bryant and MGA's Licensing Director, Victoria O'Connor;
36.   CB01234-1235.  Exhibit A to Independent Contractor Agreement (9/18/00) between MGA and Bryant.
37.   CB01236, 1238-1242.  Bratz fabric sheets and swatch submission form.
38.   CB01244.  Rejection Letter to Bryant re: submission of artwork.
39.   CB01245.  B&W drawing.
40.   CB01248-1250.  B&W magazine photographs.

* * *

Please contact me as soon as possible to propose a date certain when you will make available for inspection and photographing *all* of the originals of the documents that Bryant has produced in this litigation.  At this point, we have spent some two months trying to resolve this simple issue with you and have gone through the meet and confer process.  Despite those extensive efforts, and despite Bryant's agreements to produce the originals for our inspection and photographing, Bryant still has not done so.  We will have no alternative but to bring a motion to seek the Court's assistance if this matter is not resolved promptly.

I look forward to hearing from you.

Best regards,

Shane McKenzie

07209/626717.1

5

EXHIBIT ___ PAGE ___



EXHIBIT **4**   PAGE **110**

EXHIBIT 2 PAGE 71

EXHIBIT 4 PAGE 111

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

WRITER'S INTERNET ADDRESS
shanemckenzie@quinnemanuel.com

June 21, 2006

**VIA FACSIMILE AND U.S. MAIL**
**310-553-5583**

Keith A. Jacoby, Esq.
Littler Mendelson, P.C.
2049 Century Park East, 5th Floor
Los Angeles, California 90067

Re:     Production of Original Documents and Things

Dear Mr. Jacoby:

I am writing to request, pursuant to the parties' agreement yesterday on the record before Judge Block, that Mr. Bryant's counsel make available for our inspection and photographing the originals of documents and tangible things identified below within fifteen days of this request. I presume that the inspection will take place at your offices.

For the record, these are the originals that we had previously requested but have not yet been made available to us by Mr. Bryant's counsel. They are: CB00001-12, 68, 72, 103, 108, 138-153, 154-170, 175-83, 184-93, 194-213, 214-303, 310-33, 341-44, 346-351, 358-383, 663, 681-82, 722, 794-799, 803, 821, 878-879, 930-931, 957-1016, 1018-1119, 1187, 1190-97, 1200-1212, 1215-1221, 1223-1225, 1231-36, 1238-45 and 1246-47.

I look forward to hearing from you about a suitable date for this inspection.

Very truly yours,

Shane McKenzie

cc:     Diana Torres, Esq.
SM:shm

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 555 Madison Avenue, 17th Floor, New York, New York 10017 | TEL 212-702-8100 FAX 212-702-8200
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
SAN DIEGO | 4445 Eastgate Mall, Suite 200, San Diego, California 92121 | TEL 858-812-3107 FAX 858-812-3336

07209/1905669.1

~~EXHIBIT 2 PAGE 72~~

EXHIBIT ___4___ PAGE 112

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**SAN DIEGO**
444 S Eastgate Mall, Suite 200
San Diego, CA 92121
(858) 812-3107
Facsimile: (858) 812-3336

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE

# FACSIMILE TRANSMISSION

**DATE:**   June 21, 2006

**NUMBER OF PAGES, INCLUDING COVER: 2**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Keith A. Jacoby, Esq. Littler Mendelson | (310) 553-0308 | (310) 553-5583 |
| Diana M. Torres, Esq. O'Melveney & Meyers | (213) 430-6000 | (213) 430-6407 |

**FROM:**   Shane McKenzie

**RE:**   Mattel, Inc. v. Carter Bryant

**MESSAGE:**

Please see attached letter dated June 21, 2006.



| CLIENT # | 7209 | ROUTE/ RETURN TO: | Rebecca Ramos | ☒ CONFIRM FAX ☒ INCLUDE CONF. REPORT |
|---|---|---|---|---|
| OPERATOR: | | | CONFIRMED?   ☐ NO ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.**

EXHIBIT 2   PAGE 22

EXHIBIT 4   PAGE 113



## Group Send Report

Page        : 001
Date & Time: 06-21-2006   12:04pm
Line 1      : 2136240643
Line 2      :
Machine ID : QUINN EMANUEL

| | | |
|---|---|---|
| Job number | : | 524 |
| Date | : | 06-21  12:02pm |
| Number of pages | : | 002 |
| Start time | : | 06-21  12:02pm |
| End time | : | 06-21  12:04pm |

Successful nbrs.

Fax numbers

☎+76039#72094131055355583#
☎12134306407#

Unsuccessful nbrs.                                                                    Pages sent

EXHIBIT 2 PAGE 74

EXHIBIT 4 PAGE 114

Exhibit 2

EXHIBIT 2 PAGE 25

EXHIBIT 4 PAGE 115


**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

WRITER'S INTERNET ADDRESS
shanemckenzie@quinnemanuel.com

August 8, 2006

**VIA FACSIMILE AND U.S. MAIL**
**310-553-5583**

Keith A. Jacoby, Esq.
Littler Mendelson, P.C.
2049 Century Park East, 5th Floor
Los Angeles, California 90067

Re:    Production of Original Documents and Things

Dear Mr. Jacoby:

I am writing to address the outstanding issues regarding Carter Bryant's production of original documents and tangible things. On June 20, 2006, on the record before Judge Block, Mr. Bryant's counsel represented to the Court that it was in possession of all of Bryant's original documents produced in this matter. Pursuant to the parties' agreement in chambers on that date, you agreed that you would produce *all* of the remaining originals for our inspection and photographing within fifteen days of our request. Our request was made on June 21, 2006. Despite the fact that our agreement stipulated that we would be allowed to inspect the originals by July 6, you stated the earliest you would be able to allow us to inspect the originals was July 12.

On December 22 and 23, 2004, and again on July 12, 2006, I inventoried all originals of the documents produced by Carter Bryant that your offices showed to me and claimed to have in its possession. There are still documents that are "missing" and have not been produced. By our accounting, Carter Bryant has failed to provide us with the following originals:

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 335 Madison Avenue, 17th Floor, New York, New York 10017 | TEL 212-702-8100 FAX 212-702-8200
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94104 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
PALM SPRINGS | 45-025 Manitou Drive, Suite 10, Indian Wells, California 92210 | TEL 760-345-4757 FAX 760-345-2414
SAN DIEGO | 4445 Eastgate Mall, Suite 200, San Diego, California 92121 | TEL 858-812-3107 FAX 858-812-3336

07209/1905367.1

EXHIBIT 2 PAGE 74

EXHIBIT  4   PAGE 116

103, 144, 168, 214, 219, 320-33, 341-44, 346-51, 379, 382, 681,
803, 962, 970, 1000, 1079, 1190-91, 1215-17, 1219-21, 1223,
1231, 1233-35, and 1245.

Please contact me as soon as possible to propose a date certain when you will make available for
inspection and photographing the remaining originals of the documents that Bryant has produced
in this litigation.  As you know, we spent many months trying to resolve this simple issue with
you before the discovery stay, have gone through the meet and confer process and have brought
a motion to compel production.  We look forward to resolving these issues without further court
intervention.

I look forward to hearing from you.

Very truly yours,

Shane McKenzie

SM:shm
07209/1905367.1

07209/1905367.1                                   2

EXHIBIT 2 PAGE 77

EXHIBIT 4 PAGE 117

E   EXHIBIT 2 PAGE 78

EXHIBIT 4 PAGE 118

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

WRITER'S INTERNET ADDRESS
shanemckenzie@quinnemanuel.com

August 21, 2006

**VIA FACSIMILE AND U.S. MAIL**
**310-553-5583**

Keith A. Jacoby, Esq.
Littler Mendelson, P.C.
2049 Century Park East, 5th Floor
Los Angeles, California 90067

Re:    Production of Original Documents and Things

Dear Mr. Jacoby:

As you know, the agreement reached between the parties on June 20, 2006 and stated on the record before Judge Block obligated Bryant's counsel to produce for inspection and photographing requested originals within 15 days. Pursuant to that agreement, Mattel requested on July 6 that certain originals be made available. (There were of course a series of requests prior to that, as well as a motion to compel seeking those originals, which need not be detailed again here.)

Nevertheless, in response to our July 6 request, Bryant's counsel only made some, but not all, of the originals available. Accordingly, nearly two weeks ago, on August 8, 2006, we sent you an additional letter detailing the previously requested original documents that have still not been provided for Mattel's inspection and photographing. I have not received a response from you to that letter. Please let me know when you will provide these originals for inspection.

Very truly yours,

Shane McKenzie
SM:shm
07209/1942435.1

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 335 Madison Avenue, 17th Floor, New York, New York 10017 | TEL 212-702-8100 FAX 212-702-8200
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94104 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
PALM SPRINGS | 45-025 Manitou Drive, Suite 10, Indian Wells, California 92210 | TEL 760-345-4757 FAX 760-345-2414
SAN DIEGO | 4445 Eastgate Mall, Suite 200, San Diego, California 92121 | TEL 858-812-3107 FAX 858-812-3336

07209/1942435.1

EXHIBIT 2 PAGE 74

EXHIBIT 4 PAGE 119

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

<u>NEW YORK</u>
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

<u>LOS ANGELES</u>
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

<u>SAN FRANCISCO</u>
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

<u>SAN DIEGO</u>
4445 Eastgate Mall, Suite 200
San Diego, CA 92121
(858) 812-3107
Facsimile: (858) 812-3336

<u>SILICON VALLEY</u>
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

**DATE:**   August 21, 2006

**NUMBER OF PAGES, INCLUDING COVER: 2**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Keith A. Jacoby<br>Littler Mendelson, P.C. | | 310-553-5583 |

**FROM:**   Shane McKenzie

**RE:**   Production of Original Documents and Things

**MESSAGE:**



| CLIENT # | 7209 | ROUTE/<br>RETURN TO: | christina navarro | ☒ CONFIRM FAX |
|---|---|---|---|---|
| OPERATOR: | | *Wm* | | ☒ INCLUDE CONF. REPORT |
| | | | CONFIRMED?   ☐ NO   ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.**



EXHIBIT __4__ PAGE __120__



08/21/2006 17:20 FAX 2136240    QEUOH-LAO-2    ☒001

```
**********************
***   TX REPORT   ***
**********************

TRANSMISSION OK

TX/RX NO              0400
RECIPIENT ADDRESS     9414#07209#13105535583#
DESTINATION ID
ST. TIME              08/21 17:19
TIME USE              00'38
PAGES SENT            2
RESULT                OK
```

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**SAN DIEGO**
4445 Eastgate Mall, Suite 200
San Diego, CA 92121
(858) 812-3107
Facsimile: (858) 812-3336

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

**DATE:**   August 21, 2006          **NUMBER OF PAGES, INCLUDING COVER: 2**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Keith A. Jacoby<br>Littler Mendelson, P.C. | | 310-553-5583 |

**FROM:**   Shane McKenzie

**RE:**   Production of Original Documents and Things

**MESSAGE:**

~~EXHIBIT 2 PAGE 81~~

EXHIBIT 4 PAGE 121

# EXHIBIT 5



1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 90378)
2     (johnquinn@quinnemanuel.com)
      Michael T. Zeller (Bar No. 196417)
3     (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
4     (joncorey@quinnemanuel.com)
      865 South Figueroa Street, 10th Floor
5     Los Angeles, California  90017-2543
      Telephone: (213) 443-3000
6     Facsimile: (213) 443-3100

7  Attorneys for Plaintiff
   Mattel, Inc.

8

9                    UNITED STATES DISTRICT COURT

10                  CENTRAL DISTRICT OF CALIFORNIA

11                         EASTERN DIVISION

12  CARTER BRYANT, an individual,        CASE NO. CV 04-9049 SGL (RNBx)
                                         Consolidated with
13            Plaintiff,                 Case Nos. CV 04-09059 & CV 05-2727

14       vs.                             **DISCOVERY MATTER**

15  MATTEL, INC., a Delaware             **[To Be Heard By Discovery Master
    corporation,                         Hon. Edward Infante (Ret.)]**
16
              Defendant.                 DECLARATION OF MICHAEL T.
17                                       ZELLER IN SUPPORT OF MOTION
                                         OF PLAINTIFF MATTEL, INC. FOR
18                                       ADDITIONAL TIME AND/OR TO
                                         REOPEN THE DEPOSITION OF
19  AND CONSOLIDATED ACTIONS            CARTER BRYANT FOR ALL
                                         PURPOSES AND TO OVERRULE
20                                       ADDITIONAL INSTRUCTIONS NOT
                                         TO ANSWER AT THE DEPOSITION
21
    **CONFIDENTIAL**                     Date:  TBA
22                                       Time:  TBA
    **FILED UNDER SEAL PURSUANT**        Place: Telephonic
23  **TO PROTECTIVE ORDER**
                                         **Phase 1**
24                                       Discovery Cut-Off:   January 14, 2008
                                         Pre-Trial Conference: April 7, 2008
25                                       Trial Date:           April 29, 2008

26                                       **Phase 2**
                                         Discovery Cut-Off:   March 3, 2008
27                                       Pre-Trial Conference: June 2, 2008
                                         Trial Date:           July 1, 2008
28

07209/2179928.1
                                         DECLARATION OF MICHAEL T. ZELLER

EXHIBIT **5** PAGE **122**

CONFORMED COPY

LODGED
CLERK, U.S. DISTRICT COURT

AUG - 2 2007

CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION      BY DEPUTY

# DECLARATION OF MICHAEL T. ZELLER

I, Michael T. Zeller, declare as follows:

1.     I am a member of the bars of the States of California, New York and Illinois, and a partner of Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for Mattel, Inc. I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

## I.   MATTEL'S EFFORTS TO OBTAIN DEFENDANTS' DOCUMENTS

2.     Mattel served Bryant with its First Set of Requests for Production on June 14, 2004, and served MGA with a Subpoena to Produce and Permit Inspection and Copying of Documents on June 15, 2004. Attached as Exhibits 1 and 2 are true and correct copies of these Mattel requests.

3.     As of November 4, 2004, when Bryant's deposition commenced, Bryant had produced 1588 pages of documents and MGA had produced 676 pages of documents.

4.     Mattel filed a Motion to Compel Production of Documents against Carter Bryant on January 4, 2005. That motion was not heard before the Court stayed discovery. On June 20, 2006, after the discovery stay was lifted, the parties further met and conferred in Magistrate Judge Block's courtroom to discuss outstanding discovery issues that predated the stay. Though the parties were able to reach apparent tentative agreement regarding Bryant's document production during the meet and confer, Bryant later backed out of the agreement and made additional demands, such as insisting that Mattel waive its right to all further discovery. Over the following months, Mattel attempted to persuade Bryant to cure the deficiencies in his production without judicial intervention and, at the direction of the Discovery Master, met and conferred with Bryant on document production issues again on December 28, 2006. However, Bryant's counsel still refused to produce any additional documents unless Mattel waived its right to further discovery.

07209/2179928.1

-1-

DECLARATION OF MICHAEL T. ZELLER


EXHIBIT __5__ PAGE __123__

1   5. Mattel filed with the Discovery Master its Motion to Compel

2 Production of Documents against Carter Bryant on January 3, 2007, which the

3 Discovery Master granted almost in its entirety, in an Order dated January 25, 2007,

4 a true and correct copy of which is attached as Exhibit 3.  Bryant still refused to

5 produce certain documents, including his fee agreements.  Mattel accordingly filed a

6 Motion to Enforce the Court's Order of January 25, 2007, which the Discovery

7 Master granted on June 19, 2007.  Attached as Exhibit 4 is a true and correct copy of

8 the Order Granting in Part and Denying in Part Mattel's Motion to Enforce the

9 Court's Order of January 25, 2007.  Since the time the January 25, 2007 Order was

10 issued, Bryant has produced more than 18,000 pages of previously withheld

11 documents.

12   6. Mattel moved to compel MGA to produce documents on February 2,

13 2007.  The Discovery Master granted that motion in an Order dated May 15, 2007

14 and, before that, stated it was granting the motion at oral argument on March 5,

15 2007.  Attached as Exhibit 5 is a true and correct copy of the Order Granting

16 Mattel's Motion to Compel Production of Documents and Interrogatory Answers by

17 MGA, dated May 15, 2007.

18   7. Since the time Bryant's deposition was taken, MGA has produced more

19 than 155,000 pages of documents.  The vast majority of MGA's productions came

20 only after the Discovery Master orally granted Mattel's motion to compel in March

21 2007.  Altogether, MGA and Bryant have produced nearly 175,000 pages of

22 documents since Bryant's deposition was taken.  As of today, MGA still has

23 additional time to produce its outstanding documents, including through August 14,

24 2007 from MGA Hong Kong.  Attached as Exhibit 6 is a true and correct copy of

25 the Court's July 2, 2007 Order, reflecting the deadlines for MGA's productions.

26

27

28

-2-

DECLARATION OF MICHAEL T. ZELLER

EXHIBIT **5** PAGE **124**

## II.   INSPECTION OF BRYANT'S ORIGINALS

8.      Much of the documentary evidence produced by Bryant consists of undated design drawings, without complete fax headers, date and time stamps and fax cover pages, which Bryant produced to Mattel as black and white photocopies.

9.      Mattel began asking Bryant to make his original drawings and other documents available for inspection and photographing beginning at least as early as October 2004. Attached as Exhibit 7 is a true and correct copy of a letter dated October 27, 2004 from my colleague, Kirkland Garey, to Keith Jacoby (counsel for Bryant) that confirms aspects of an October 25, 2004 meet and confer in which Mr. Jacoby agreed to allow Mattel to inspect original documents and things.

10.     Bryant's counsel indicated that the originals would be made available at Bryant's deposition itself. Attached as Exhibit 8 is a true and correct copy of an e-mail message from Keith Jacoby dated November 3, 2004 in which he stated that "we will have these originals sent to Missouri." Bryant nevertheless made only a few original drawings available at Bryant's deposition and none of the other originals.

11.     After the deposition, Mattel repeated its requests that Bryant make his originals available. However, Bryant's counsel did not turn over a single additional original Bratz drawing or sketch and did not turn over the majority of the originals of the 1,588 pages of documents that had been produced as of that time. Accordingly, on February 18, 2005, Mattel filed a motion to compel Bryant to produce his originals for inspection and photographing. Before the motion was heard, the case was stayed for approximately a year. After the stay was lifted, Bryant stipulated on the record before Judge Block, on June 20, 2006, that he would produce the originals requested by Mattel for inspection and photographing on 15 days' notice.

12.     After Bryant made that representation, Mattel repeatedly requested in writing that certain originals be made available by Bryant, but Bryant still refused to

-3-

EXHIBIT  5  PAGE  125

1  make all the requested originals available. Mattel then filed a Motion to Enforce
2  Stipulation and Compel Bryant to Make Original Documents Available, on January
3  23, 2007. The Discovery Master granted that motion and ordered Bryant to make all
4  original documents and three-dimensional items requested by Mattel available for
5  inspection and photographing by February 28, 2007. Attached as Exhibit 9 is a true
6  and correct copy of the Order Granting Mattel's Motion to Enforce Stipulation to
7  Make Original Documents Available, dated February 14, 2007.

8    13.    On February 27 and 28, 2007, Bryant allowed Mattel to inspect some,
9  but not all, of the remaining original documents that Bryant had previously refused
10  to produce for inspection. After more repeated requests by Mattel and threatened
11  motion practice, Bryant finally allowed the inspection of further original documents
12  for the first time, on May 31, June 20 and June 21, 2007.

13  **III.    BRYANT'S "EVIDENCE ELIMINATOR" SOFTWARE**

14    14.    After Bryant's initial production of documents revealed that Bryant had
15  purchased at least one desktop computer in October 2000, Mattel reminded Bryant
16  that he should secure possession of all relevant computer hard drives to prevent the
17  possible destruction of evidence as early as November 2004. Attached as Exhibit 10
18  is a true and correct copy of a letter dated November 17, 2004, in which Mattel
19  asked Bryant's counsel to ensure that they had secured possession of these drives.
20  After Bryant refused to make his computer hard drives available, Mattel moved to
21  compel production of the hard drives, as well as other documents, on January 4,
22  2005. Disposition of that motion, too, was stayed for almost a year. After discovery
23  resumed and Bryant continued to refuse to produce the hard drives, Mattel again
24  moved to compel on January 3, 2007.

25    15.    In opposing Mattel's motions to compel Bryant's hard drives, Bryant's
26  counsel represented to Judge Block, and then to the Discovery Master, that
27  defendants had reviewed the hard drive of Bryant's desktop computer but located no
28  "relevant" or "responsive" documents. For example, Bryant's counsel swore to

-4-

DECLARATION OF MICHAEL T. ZELLER

EXHIBIT **5**  PAGE **126**

1  Judge Block that they had "tirelessly searched for and inspected [Bryant's] hard

2  drives for relevant information," but found none.  Attached as Exhibits 11 and 12

3  are true and correct copies of the Declaration of Keith A. Jacoby in Support of

4  Defendant Carter Bryant's Portion of Joint Stipulation, dated January 11, 2005

5  (without exhibits), and excerpts from the Joint Stipulation Re: Mattel's Motion to

6  Compel Production of Documents, dated January 11, 2005, reflecting same.

7      16.    The Discovery Master ordered Bryant to produce his hard drives for

8  forensic imaging on January 25, 2007.  After that, Bryant told Mattel that he could

9  not locate the desktop computer hard drive.  Attached as Exhibit 13 is a true and

10  correct copy of a letter, dated April 6, 2007, reflecting same.  It was only after

11  Mattel moved for sanctions, filing on April 11, 2005 a Motion to Enforce Court's

12  January 25, 2007 Order Compelling Bryant to Produce Desktop Computer Hard

13  Drive, that Bryant "found" it.  Attached as Exhibit 14 is a true and correct copy of

14  Keith Jacoby's letter to me, dated April 23, 2007, enclosing a mirror image of the

15  desktop hard drive and offering, for the first time, to make the desktop hard drive

16  available for imaging.

17      17.    Examination of the images of Bryant's desktop hard drive has revealed

18  that it had a program called "Evidence Eliminator" installed on it.  Attached as

19  Exhibit 15 is a true and correct copy of the Evidence Eliminator website homepage,

20  available at http://www.evidence-eliminator.com/product/d2w, reflecting that the

21  creators of the program have stated that its purpose is to permanently destroy data

22  and render it unrecoverable.

23      I declare under penalty of perjury under the laws of the United States of

24  America that the foregoing is true and correct.

25      Executed on August 1, 2007, at Los Angeles, California.

26

27                     _Mima T. 2_
                         Michael T. Zeller

28

DECLARATION OF MICHAEL T. ZELLER

EXHIBIT __5__ PAGE __127__

**Exhibit 1**

EXHIBIT_____ PAGE_____



1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 90378)
2    Michael T. Zeller (Bar No. 196417)
   865 South Figueroa Street, 10th Floor
3  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
4  Facsimile: (213) 443-3100

5  Attorneys for Plaintiff
   Mattel, Inc.

6

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10                        WESTERN DIVISION

11
   MATTEL, INC., a Delaware          )  Case No. CV 04-3431 NM (RNBx)
12 corporation,                      )
                                     )
13           Plaintiff,              )  PLAINTIFF MATTEL, INC.'S
                                     )  FIRST SET OF REQUESTS FOR
14      v.                           )  THE PRODUCTION OF
                                     )  DOCUMENTS AND TANGIBLE
15 CARTER BRYANT, an individual; and )  THINGS TO DEFENDANT
   DOES 1 through 10, inclusive,     )  CARTER BRYANT
16                                   )
             Defendants.             )
17                                   )

18

19

20

21

22

23

24

25

26

27

28

02284/588892.2

EXHIBIT ____ PAGE ____

MATTEL'S DOCUMENT REQUESTS

EXHIBIT_____ PAGE_____

1    Pursuant to <u>Rule</u> 34 of the <u>Federal Rules of Civil Procedure</u>, plaintiff

2  Mattel, Inc. ("Mattel") hereby requests that defendant Carter Bryant produce the

3  following documents and tangible things within thirty days hereof at the offices of

4  Quinn Emanuel Urquhart Oliver & Hedges, LLP, located at 865 South Figueroa

5  Street, 10th Floor, Los Angeles, California 90017-2543. Defendant shall be obligated

6  to supplement responses to these requests at such times and to the extent required by

7  <u>Rule</u> 26(e) of the <u>Federal Rules of Civil Procedure</u>.

8

9                              <u>Definitions</u>

10

11       1.    "YOU" or "YOUR" means defendant Carter Bryant and any of his

12  current or former agents, representatives, attorneys, employees, predecessors-in-

13  interest and successors-in-interest, and any other PERSON acting on his behalf,

14  pursuant to his authority or subject to his control.

15       2.    "MGA" means MGA Entertainment, Inc., any of its current or

16  former employees, officers, directors, agents, representatives, attorneys, parents,

17  subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest,

18  and any other PERSON acting on its behalf, pursuant to its authority or subject to its

19  control.

20       3.    "BRATZ" means any doll or any portion thereof that is now or has

21  ever been known as, or sold or marketed under, the name "Bratz" (regardless of what

22  such doll is or has been also or previously called) or that is now or has ever been sold

23  or marketed as part of the "Bratz" line, and all prototypes, models, samples and

24  versions of such doll or any portion thereof.

25       4.    "REFER OR RELATE TO" means constituting, embodying,

26  containing, referring to, commenting on, evidencing, regarding, discussing,

27  describing, mentioning, reflecting, expressing, pertaining to, concerning, supporting,

28  contradicting, negating, revoking or otherwise relating to in any manner.

-2-

MATTEL'S DOCUMENT REQUESTS

EXHIBIT 1   PAGE 7

EXHIBIT _____   PAGE _____

1    5.    "DESIGNS" means any and all works, designs, artwork, sketches,

2  drawings, illustrations, representations, depictions, blueprints, schematics, diagrams,

3  descriptions, sculptures, prototypes, models, samples, reductions to practice,

4  developments, know-how, ideas, concepts, inventions and/or improvements, as well

5  as all other items, things and DOCUMENTS in which any of the foregoing are or

6  have been expressed, embodied, contained, fixed or reflected in any manner, whether

7  in whole or in part.

8    6.    "DOCUMENT" means all "WRITINGS" and "RECORDINGS"

9  as those terms are defined in <u>Rule</u> 34 of the <u>Federal Rules of Civil Procedure</u> and

10  <u>Rule</u> 1001 of the <u>Federal Rules of Evidence</u>, including, but not limited to, all writings

11  and records of every type and description including, but not limited to, contracts,

12  agreements, correspondence, memoranda, letters, facsimiles, electronic mail

13  ("e-mail"), records of telephone conversations, handwritten and typewritten notes of

14  any kind, statements, reports, minutes, recordings, transcripts and summaries of

15  meetings, voice recordings, pictures, photographs, drawings, computer cards, tapes,

16  discs, printouts and records of all types, studies, instruction manuals, policy manuals

17  and statements, books, pamphlets, invoices, canceled checks and every other device

18  or medium by which or through which information of any type is transmitted,

19  recorded or preserved.   Without any limitation on the foregoing, the term

20  "DOCUMENT" shall include all copies that differ in any respect from the original or

21  other versions of the DOCUMENT, including, but not limited to, all drafts and all

22  copies of such drafts or originals containing initials, comments, notations, insertions,

23  corrections, marginal notes, amendments or any other variation of any kind.

24    7.    "COMMUNICATION" or "COMMUNICATIONS" means and

25  includes any disclosure, transfer or exchange of information between two or more

26  PERSONS, whether orally or in writing, including, without limitation, any

27  conversation or discussion by means of meeting, letter, telephone, note,

28

-3-                    MATTEL'S DOCUMENT REQUESTS

EXHIBIT __1__ PAGE __8__

EXHIBIT _____ PAGE _____

1  memorandum, telegraph, telex, telecopier, electronic mail, or any other electronic or

2  other medium, including without limitation in written, audio or video form.

3        8.    "PERSON" or "PERSONS" means all natural persons,

4  partnerships, corporations, joint ventures and any kind of business, legal or public

5  entity or organization, as well as its, his or her agents, representatives, employees,

6  officers and directors and any one else acting on its, his or her behalf, pursuant to its,

7  his or her authority or subject to its, his or her control.

8        9.    The singular form of a noun or pronoun includes within its

9  meaning the plural form of the noun or pronoun so used, and *vice versa*; the use of

10  the masculine form of a pronoun also includes within its meaning the feminine form

11  of the pronoun so used, and *vice versa*; the use of any tense of any verb includes also

12  within its meaning all other tenses of the verb so used, whenever such construction

13  results in a broader request for information; and "and" includes "or" and *vice versa*,

14  whenever such construction results in a broader disclosure of documents or

15  information.

16

17                        <u>Instructions</u>

18

19        A.    Unless otherwise specified, these requests call for DOCUMENTS

20  prepared on or after January 1, 1995 through the present.  Documents shall be

21  produced in their original file folders, or in lieu thereof, any writing on the file folder

22  from which each such document is taken shall be copied and appended to such

23  document and the person for whom or department, division, or office for which the

24  document or the file folder is maintained shall be identified.

25        B.    In the event that any document called for by these requests is to

26  be withheld on the basis of a claim of privilege or immunity from discovery, that

27  document is to be identified by stating (i) any addressor and addressee; (ii) any

28  indicated or blind copy; (iii) the document's date, subject matter, number of pages,

02284/588892.2

-4-

MATTEL'S DOCUMENT REQUESTS

EXHIBIT___ PAGE _9_

EXHIBIT_____ PAGE_____

and attachments or appendices; (iv) all persons to whom the document was distributed, shown, or explained; (v) its present custodian; and (vi) the nature of the privilege or immunity asserted.

C.      In the event that any document called for by these requests has been destroyed or discarded, that document is to be identified by stating: (i) any addressor and addressee; (ii) any indicated or blind copies; (iii) the document's date, subject matter, number of pages, and attachments or appendices; (iv) all persons to whom the document was distributed, shown, or explained; (v) the date of destruction or discard, manner of destruction or discard, and reason for destruction or discard; (vi) the persons who were authorized to carry out such destruction or discard; and (vii) whether any copies of the document presently exist and, if so, the name of the custodian of each copy.

<u>Requests for Production</u>

<u>REQUEST FOR PRODUCTION NO. 1</u>:

All DOCUMENTS that REFER OR RELATE TO any work or services pertaining to dolls, doll accessories or toys that YOU performed for or on behalf of any PERSON other than Mattel, Inc. during the time period(s) that YOU were employed by Mattel, Inc.

<u>REQUEST FOR PRODUCTION NO. 2</u>:

All DOCUMENTS that REFER OR RELATE TO any agreement or contract between YOU and any PERSON pertaining in any manner to any doll, doll accessory or toy that was proposed, offered, discussed, negotiated or executed during the time period(s) that YOU were employed by Mattel, Inc., including without limitation all drafts thereof and all COMMUNICATIONS that REFER OR RELATE TO such agreement or contract.

-5-                              MATTEL'S DOCUMENT REQUESTS

EXHIBIT __ PAGE 10

EXHIBIT _____ PAGE _____

1  REQUEST FOR PRODUCTION NO. 3:

2       All DOCUMENTS that REFER OR RELATE TO DESIGNS that YOU

3  produced, created, authored, conceived of or reduced to practice, whether alone or

4  jointly with others, for or on behalf of any PERSON other than Mattel, Inc. during the

5  time period(s) that YOU were employed by Mattel, Inc.

6

7  REQUEST FOR PRODUCTION NO. 4:

8       All DOCUMENTS that REFER OR RELATE TO DESIGNS for any

9  doll, doll accessory or toy that YOU produced, created, authored, conceived of or

10 reduced to practice, whether alone or jointly with others, prior to October 21, 2000.

11

12 REQUEST FOR PRODUCTION NO. 5:

13      All DOCUMENTS that REFER OR RELATE TO any agreement or

14 contract between YOU and Mattel, Inc.

15

16 REQUEST FOR PRODUCTION NO. 6:

17      All DOCUMENTS that REFER OR RELATE TO any work or services

18 YOU performed for or on behalf of Mattel, Inc. during the time period(s) that YOU

19 were employed by Mattel, Inc.

20

21 REQUEST FOR PRODUCTION NO. 7:

22      All DOCUMENTS that REFER OR RELATE TO DESIGNS that YOU

23 produced, created, authored, conceived of or reduced to practice, whether alone or

24 jointly with others, for or on behalf of Mattel, Inc. during the time period(s) that YOU

25 were employed by Mattel, Inc.

26

27

28

EXHIBIT __ PAGE __

MATTEL'S DOCUMENT REQUESTS

EXHIBIT _____ PAGE _____

1 | REQUEST FOR PRODUCTION NO. 8:

2 |     DOCUMENTS sufficient to identify each and every PERSON for whom
3 | or on whose behalf YOU have performed any work or services, including without
4 | limitation any freelance work or consulting services, since January 1, 1995.

5 |

6 | REQUEST FOR PRODUCTION NO. 9:

7 |     All DOCUMENTS that REFER OR RELATE TO any copyright, patent
8 | or any other application or registration for DESIGNS that YOU produced, created,
9 | authored, conceived of or reduced to practice, whether alone or jointly with others,
10 | since January 1, 1995, including without limitation all COMMUNICATIONS
11 | pertaining thereto.

12 |

13 | REQUEST FOR PRODUCTION NO. 10:

14 |     All DOCUMENTS that REFER OR RELATE TO work or services,
15 | including without limitation any freelance work or consulting services, that YOU
16 | performed for or on behalf of MGA during that time period(s) that YOU were
17 | employed by Mattel, Inc.

18 |

19 | REQUEST FOR PRODUCTION NO. 11:

20 |     All DOCUMENTS that REFER OR RELATE TO work or services,
21 | including without limitation any freelance work or consulting services, that YOU
22 | performed for or on behalf of MGA prior to October 21, 2000.

23 |

24 | REQUEST FOR PRODUCTION NO. 12:

25 |     All DOCUMENTS that REFER OR RELATE TO work or services,
26 | including without limitation any freelance work or consulting services, that YOU
27 | performed for or on behalf of MGA after October 20, 2000.

28 |

02284/588892.2

-7-

EXHIBIT __1__ PAGE _12_

MATTEL'S DOCUMENT REQUESTS

EXHIBIT_____ PAGE_____