**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS that REFER OR RELATE TO any agreement or contract between YOU and MGA, including without limitation all drafts thereof and all COMMUNICATIONS that REFER OR RELATE TO such agreement or contract.

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS that REFER OR RELATE TO DESIGNS that YOU, whether alone or jointly with others, produced, created, authored, conceived of or reduced to practice during the time period(s) of YOUR employment by Mattel, Inc. and that YOU have purported to license, offer for license, sell, offer for sale, convey, assign or transfer any right, title or interest in (whether in whole or in part) to any PERSON other than Mattel, Inc., including without limitation to MGA.

**REQUEST FOR PRODUCTION NO. 15:**

All DOCUMENTS that REFER OR RELATE TO DESIGNS produced, created, authored, conceived of or reduced to practice prior to October 21, 2000 by YOU, whether alone or jointly with others, that YOU have purported to license, offer for license, sell, offer for sale, convey, assign or transfer any right, title or interest in (whether in whole or in part) to any PERSON other than Mattel, Inc., including without limitation to MGA.

**REQUEST FOR PRODUCTION NO. 16:**

All DOCUMENTS that REFER OR RELATE TO DESIGNS produced, created, authored, conceived of or reduced to practice after October 20, 2000 by YOU, whether alone or jointly with others, that YOU have purported to license, offer for license, sell, offer for sale, convey, assign or transfer any right, title or interest in (whether in whole or in part) to MGA.

1   REQUEST FOR PRODUCTION NO. 17:

2           All DOCUMENTS that REFER OR RELATE TO DESIGNS that YOU

3   created, authored, produced, conceived of or reduced to practice during the time

4   period(s) of YOUR employment by Mattel, Inc. as purported "works-made-for-hire"

5   (whether in whole or in part) for or on behalf of MGA.

6

7   REQUEST FOR PRODUCTION NO. 18:

8           All DOCUMENTS that REFER OR RELATE TO DESIGNS that YOU

9   created, authored, produced, conceived of or reduced to practice prior to October 21,

10  2000 as purported "works-made-for-hire" (whether in whole or in part) for or on

11  behalf of MGA.

12

13  REQUEST FOR PRODUCTION NO. 19:

14          All DOCUMENTS that REFER OR RELATE TO DESIGNS that YOU

15  created, authored, produced, conceived of or reduced to practice after October 20,

16  2000 as purported "works-made-for-hire" (whether in whole or in part) for or on

17  behalf of MGA.

18

19  REQUEST FOR PRODUCTION NO. 20:

20          All COMMUNICATIONS between YOU and MGA that REFER OR

21  RELATE TO Mattel, Inc. or any officer, director, employee or representative of

22  Mattel, Inc.

23

24  REQUEST FOR PRODUCTION NO. 21:

25          All COMMUNICATIONS between YOU and any PERSON, including

26  without limitation MGA, that REFER OR RELATE TO any of YOUR agreements or

27  contracts with Mattel, Inc.

28

REQUEST FOR PRODUCTION NO. 22:

All COMMUNICATIONS between YOU and MGA that REFER OR RELATE TO any work or services that YOU performed for or on behalf of Mattel, Inc. or YOUR employment by Mattel, Inc.

REQUEST FOR PRODUCTION NO. 23:

All DOCUMENTS that REFER OR RELATE TO COMMUNICATIONS between YOU and any officer, director, employee or representative of Mattel, Inc. that REFER OR RELATE TO MGA or BRATZ.

REQUEST FOR PRODUCTION NO. 24:

All COMMUNICATIONS between YOU and any PERSON that REFER OR RELATE TO BRATZ, including without limitation to any DESIGNS for BRATZ, prior to October 21, 2000.

REQUEST FOR PRODUCTION NO. 25:

All DOCUMENTS that REFER OR RELATE TO COMMUNICATIONS between YOU and MGA prior to October 21, 2000, including without limitation all COMMUNICATIONS between YOU and MGA concerning YOUR performing work or services for or on behalf of MGA.

REQUEST FOR PRODUCTION NO. 26:

All DOCUMENTS that REFER OR RELATE TO COMMUNICATIONS between YOU and MGA after October 20, 2000.

REQUEST FOR PRODUCTION NO. 27:

All COMMUNICATIONS between YOU and any PERSON, including without limitation MGA, that REFER OR RELATE TO any DESIGNS that YOU

-10-   MATTEL'S DOCUMENT REQUESTS

EXHIBIT 1  PAGE 15

EXHIBIT_____ PAGE_____

1  produced, created, authored, conceived of or reduced to practice, whether alone or

2  jointly with others, during the time period(s) that YOU were employed by Mattel, Inc.

3

4  REQUEST FOR PRODUCTION NO. 28:

5      All DOCUMENTS that REFER OR RELATE TO any payment of money

6  or consideration made to YOU or for YOUR benefit by any PERSON other than

7  Mattel, Inc., including without limitation by MGA, for work, activities or services

8  that YOU performed during the time period(s) that YOU were employed by Mattel,

9  Inc.

10

11 REQUEST FOR PRODUCTION NO. 29:

12     All DOCUMENTS that REFER OR RELATE TO any payment of money

13 or consideration made to YOU or for YOUR benefit by any PERSON other than

14 Mattel, Inc., including without limitation by MGA, for DESIGNS that YOU

15 produced, created, authored, conceived of or reduced to practice, whether alone or

16 jointly with others, during the time period(s) that YOU were employed by Mattel, Inc.

17

18 REQUEST FOR PRODUCTION NO. 30:

19     All DOCUMENTS that REFER OR RELATE TO any payment of money

20 or consideration made to YOU or for YOUR benefit by MGA for services or work

21 that YOU performed for or on behalf of MGA during the time period(s) that YOU

22 were employed by Mattel, Inc.

23

24 REQUEST FOR PRODUCTION NO. 31:

25     All DOCUMENTS that REFER OR RELATE TO any payment of money

26 or consideration made to YOU or for YOUR benefit by MGA for services or work

27 that YOU performed for or on behalf of MGA prior to October 21, 2000.

28

-11-

MATTEL'S DOCUMENT REQUESTS

EXHIBIT____ PAGE 16

EXHIBIT _____ PAGE _____

**REQUEST FOR PRODUCTION NO. 32:**

All DOCUMENTS that REFER OR RELATE TO any payment of money or consideration made to YOU or for YOUR benefit by MGA for services or work that YOU performed for or on behalf of MGA after October 20, 2000.

**REQUEST FOR PRODUCTION NO. 33:**

All DOCUMENTS that REFER OR RELATE TO any payment of money or consideration made to YOU or for YOUR benefit by MGA for any DESIGNS, or for any right, title or interest in any DESIGNS, that YOU produced, created, authored, conceived of or reduced to practice, whether alone or jointly with others, prior to October 21, 2000.

**REQUEST FOR PRODUCTION NO. 34:**

All DOCUMENTS that REFER OR RELATE TO any payment of money or consideration made to YOU or for YOUR benefit by MGA for any DESIGNS, or for any right, title or interest in any DESIGNS, that YOU produced, created, authored, conceived of or reduced to practice, whether alone or jointly with others, after October 20, 2000.

**REQUEST FOR PRODUCTION NO. 35:**

All of YOUR royalty statements from MGA.

**REQUEST FOR PRODUCTION NO. 36:**

All DOCUMENTS that REFER OR RELATE TO BRATZ, including without limitation all DOCUMENTS that REFER OR RELATE TO the conception, creation, design, development, engineering or sculpting of BRATZ.

EXHIBIT _1_ PAGE _17_

EXHIBIT_____ PAGE_____

**REQUEST FOR PRODUCTION NO. 37:**

All DOCUMENTS that REFER OR RELATE TO work, activities or services that YOU performed concerning BRATZ during the time period(s) that YOU were employed by Mattel, Inc.

**REQUEST FOR PRODUCTION NO. 38:**

All DOCUMENTS that REFER OR RELATE TO work, activities or services that YOU performed concerning BRATZ prior to October 21, 2000.

**REQUEST FOR PRODUCTION NO. 39:**

All DOCUMENTS that REFER OR RELATE TO work, activities or services that YOU performed concerning BRATZ after October 20, 2000.

**REQUEST FOR PRODUCTION NO. 40:**

All DOCUMENTS that REFER OR RELATE TO YOUR participation in the conception, creation, design, development, sculpting, tooling, production or manufacture of BRATZ.

**REQUEST FOR PRODUCTION NO. 41:**

All DOCUMENTS that REFER OR RELATE TO DESIGNS for BRATZ.

**REQUEST FOR PRODUCTION NO. 42:**

All DOCUMENTS that REFER OR RELATE TO DESIGNS for BRATZ that YOU produced, created, authored, conceived of or reduced to practice, whether alone or jointly with others, during the time period(s) that YOU were employed by Mattel, Inc.

REQUEST FOR PRODUCTION NO. 43:

All DOCUMENTS that REFER OR RELATE TO any right, title or interest that YOU claim, or ever have claimed, to have or own in BRATZ or any DESIGN for BRATZ.

REQUEST FOR PRODUCTION NO. 44:

All DOCUMENTS that REFER OR RELATE TO any amount that YOU have been paid for the license, sale, conveyance, assignment or transfer of any right, title or interest that YOU claim, or ever have claimed, to have or own in BRATZ or any DESIGN for BRATZ.

REQUEST FOR PRODUCTION NO. 45:

All DOCUMENTS that REFER OR RELATE TO any amount that YOU have been paid by any PERSON other Mattel, Inc. for the license, sale, conveyance, assignment or transfer of any right, title or interest in any DESIGN, including without limitation for any DESIGN for BRATZ, that YOU produced, created, authored, conceived of or reduced to practice, whether alone or jointly with others, during the time period(s) that YOU were employed by Mattel, Inc.

REQUEST FOR PRODUCTION NO. 46:

All DOCUMENTS that REFER OR RELATE TO any work, activities or services that YOU performed in connection with dolls, doll accessories or toys between April 30, 1998 and January 4, 1999.

REQUEST FOR PRODUCTION NO. 47:

All DOCUMENTS that REFER OR RELATE TO DESIGNS for dolls, doll accessories or toys that YOU produced, created, authored, conceived of or

-14-

MATTEL'S DOCUMENT REQUESTS

EXHIBIT 1 PAGE 19

EXHIBIT        PAGE

1   reduced to practice, whether alone or jointly with others, between April 30, 1998 and
2   January 4, 1999.
3
4   REQUEST FOR PRODUCTION NO. 48:
5        All DOCUMENTS that REFER OR RELATE TO this action, including
6   without limitation all DOCUMENTS that REFER OR RELATE TO any
7   indemnification that YOU have sought, proposed, requested or obtained in
8   connection with the claims asserted in this action.
9
10  REQUEST FOR PRODUCTION NO. 49:
11       All DOCUMENTS that YOU obtained during the course of YOUR
12  employment by Mattel, Inc. that REFER OR RELATE TO dolls, doll accessories or
13  toys.
14
15  REQUEST FOR PRODUCTION NO. 50:
16       All DOCUMENTS that REFER OR RELATE TO Mattel, Inc., or that
17  were prepared, authored or created by Mattel, Inc. or any officer, director, employee
18  or representative of Mattel, Inc., that YOU have ever provided to, shown, described
19  to, communicated to or disclosed in any manner to MGA.
20
21  REQUEST FOR PRODUCTION NO. 51:
22       All prototypes, models and samples that REFER OR RELATE TO
23  DESIGNS that YOU produced, created, authored, conceived of or reduced to
24  practice, whether alone or jointly with others, during the time period(s) that YOU
25  were employed by Mattel, Inc.
26
27
28

-15-                    MATTEL'S DOCUMENT REQUESTS

EXHIBIT 1  PAGE 20

EXHIBIT ____ PAGE ____

REQUEST FOR PRODUCTION NO. 52:

All prototypes, models, samples and tangible items that REFER OR RELATE TO DESIGNS for dolls, doll accessories or toys that YOU produced, created, authored, conceived of or reduced to practice, whether alone or jointly with others, prior to October 21, 2000.

REQUEST FOR PRODUCTION NO. 53:

All prototypes, models, samples and tangible items that REFER OR RELATE TO DESIGNS for dolls, doll accessories or toys that YOU produced, created, authored, conceived of or reduced to practice, whether alone or jointly with others, after October 20, 2000.

REQUEST FOR PRODUCTION NO. 54:

All prototypes, models, samples and tangible items that REFER OR RELATE TO BRATZ.

REQUEST FOR PRODUCTION NO. 55:

All DOCUMENTS and all prototypes, models, samples and tangible items that support, refute or otherwise REFER OR RELATE TO any facts underlying YOUR Affirmative Defenses in this action.

DATED:  June 14, 2004

QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP

By _____
    Michael T. Zeller
    Attorneys for Plaintiff
    Mattel, Inc.

02284/588892.2

-16-                    MATTEL'S DOCUMENT REQUESTS

EXHIBIT 1 PAGE 21

EXHIBIT_____ PAGE_____

**PROOF OF SERVICE**
1013A(3) CCP Revised 5/1/88

STATE OF CALIFORNIA )
COUNTY OF LOS ANGELES )

I am employed in the county of Los Angeles State of California. I am over the age of 18 and not a party to the within action; my business address is: 1055 W. 7th Street, Suite 250, Los Angeles, CA 90017.

On June 14, 2004, I served the foregoing document(s) described as **PLAINTIFF MATTEL, INC.'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND TANGIBLE THINGS TO DEFENDANT CARTER BRYANT** on all interested parties in this action.

**Robert F. Millman, Esq.**
**Doughlas A. Wickham, Esq.**
**Littler Mendelson**
**A Professional Corporation**
2049 Century Park East, 5th Floor
Los Angeles, California 90067-3107

[ ]   By placing [ ] the original [X] true copies thereof enclosed in sealed envelopes addressed as follows:

[ ]   **BY MAIL**

[ ]   I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

[ ]   As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]   **BY OVERNIGHT COURIER** I caused each envelope with postage prepaid to be sent by Federal Express.

[ ]   **BY TELECOPIER** By transmitting the above listed document(s) to the fax number(s) set forth below on this date.

[X]   **BY PERSONAL SERVICE** I delivered such envelope by hand to the addressee.

Executed on June 14, 2004, at Los Angeles, California.

[ ]   (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X]   (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Stephen D. Glovik                    _Stephen A. Glovik_
Print Name                           Signature

EXHIBIT __1__ PAGE __22__

EXHIBIT _____ PAGE _____

**Exhibit 2**

EXHIBIT         PAGE

AO 88 (Rev. 11/94) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

_____Central_____ DISTRICT OF __California__

Mattel, Inc., a Delaware corporation,

Plaintiff,

v.

Carter Bryant, an individual; and DOES
1 through 10, inclusive,

Defendants.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  CV 04-3431 NM (RNBx)

TO:  MGA Entertainment, Inc.
16730 Schoenborn St.
North Hills, CA 91343-6122

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Exhibit A annexed hereto

| PLACE | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart Oliver & Hedges, LLP 865 S. Figueroa St., 10th Floor Los Angeles, CA 90017 | Friday, June 25, 2004 10:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| John B. Quinn, Attorneys for Plaintiff Mattel | June 15, 2004 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
John B. Quinn, Quinn Emanuel Urquhart Oliver & Hedges, LLP, 865 S. Figueroa St., 10th Floor, Los Angeles, CA 90017, (213) 443-3000

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

EXHIBIT 1 PAGE 2

EXHIBIT ____ PAGE ____

AO-88

| ATTORNEY OR PARTY WITHOUT ATTORNEY   (Name and Address) | TELEPHONE NUMBER | FOR COURT USE ONLY |
|---|---|---|
| QUINN EMANUEL URQUHART OLIVER<br>865 S FIGUEROA ST<br>10TH FL<br>LOS ANGELES CA 90017 | 624-7707<br><br>Ref. No. or File No.<br>7209 | |

ATTORNEY FOR

Insert name of court and name of judicial district and branch if any.

U.S DISTRICT COURT 312 NORTH SPRING STREET
CENTRAL DISTRICT LOS ANGELES, CA 90012

SHORT TITLE OF CASE:

MATTEL v. BRYANT

| INVOICE NO. | DATE: | TIME: | DEP./DIV. | CASE NUMBER: |
|---|---|---|---|---|
| 136711 | 06/25/04 | 10:00AM | | CV 04-3431 NM |

PROOF OF SERVICE

1.  I served SUBPOENA IN A CIVIL CASE by personally delivering a copy to the person served as follows:

    a.  Person Served:  MGA ENTERTAINMENT, INC.
                       C/O RICHARD DANIELS
                       Authorized to Accept
    b.  Address:  16730 SHOEBORN ST
                 NORTH HILLS CA 91343

    c.  On:  06/15/04        d.  At:  4:02PM

    e.  Witness fees: (2) were not demanded or paid.

    f.  Fee for service $      .00

2.  I received this Subpoena for service on 06/15/04.

3.  The following copies were delivered to the Person Served:

    SUBPOENA IN A CIVIL CASE

4.  Person Serving:  ISRAEL ADEYEMO

APEX ATTORNEY SERVICES
1055 WEST SEVENTH STREET
LOS ANGELES, CA 90017
213-488-1500 FAX 213-488-1550

    d.  Registered California process server
    (1) [ ⊠ ] Employee or [   ] Independent Contractor
    (2) Registration No. 3104
    (3) County: LOS ANGELES
    (4) Expiration:  05/24/05

I declare under penalty of perjury, under the laws of the of California, and of the United States of America that the foregoing is true and correct.

DATE: 06/17/04

                                      SIGNATURE

EXHIBIT 2 PAGE 24

EXHIBIT _____   PAGE _____

**Exhibit A**

**Definitions**

1.     "YOU" or "YOUR" means MGA Entertainment, Inc., any of its current or former employees, officers, directors, agents, attorneys, representatives, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

2.     "BRYANT" means Carter Bryant and any of his current or former agents, representatives, employees, attorneys, predecessors-in-interest and successors-in-interest, and any other PERSON acting on his behalf, pursuant to his authority or subject to his control.

3.     "BRATZ" means any doll or any portion thereof that is now or has ever been known as, or sold or marketed under, the name "Bratz" (regardless of what such doll is or has been also or previously called) or that is now or has ever been sold or marketed as part of the "Bratz" line, and all prototypes, models, samples and versions of such doll or any portion thereof.

4.     "REFER OR RELATE TO" means constituting, embodying, containing, referring to, commenting on, evidencing, regarding, discussing, describing, mentioning, reflecting, expressing, pertaining to, concerning, supporting, contradicting, negating, revoking or otherwise relating to in any manner.

5.     "DESIGNS" means any and all works, designs, artwork, sketches, drawings, illustrations, representations, depictions, blueprints, schematics, diagrams, descriptions, sculptures, prototypes, models, samples, reductions to practice, developments, know-how, ideas, concepts, inventions and/or improvements, as well as all other items, things and DOCUMENTS in which any of the foregoing are or

1   have been expressed, embodied, contained, fixed or reflected in any manner, whether
2   in whole or in part.

3       6.      "DOCUMENT" means all "WRITINGS" and "RECORDINGS"
4   as those terms are defined in Rule 34 of the Federal Rules of Civil Procedure and
5   Rule 1001 of the Federal Rules of Evidence, including, but not limited to, all writings
6   and records of every type and description including, but not limited to, contracts,
7   agreements, correspondence, memoranda, letters, facsimiles, electronic mail
8   ("e-mail"), records of telephone conversations, handwritten and typewritten notes of
9   any kind, statements, reports, minutes, recordings, transcripts and summaries of
10  meetings, voice recordings, pictures, photographs, drawings, computer cards, tapes,
11  discs, printouts and records of all types, studies, instruction manuals, policy manuals
12  and statements, books, pamphlets, invoices, canceled checks and every other device
13  or medium by which or through which information of any type is transmitted,
14  recorded or preserved.    Without any limitation on the foregoing, the term
15  "DOCUMENT" shall include all copies that differ in any respect from the original or
16  other versions of the DOCUMENT, including, but not limited to, all drafts and all
17  copies of such drafts or originals containing initials, comments, notations, insertions,
18  corrections, marginal notes, amendments or any other variation of any kind.

19      7.      "COMMUNICATION" or "COMMUNICATIONS" means and
20  includes any disclosure, transfer or exchange of information between two or more
21  PERSONS, whether orally or in writing, including, without limitation, any
22  conversation or discussion by means of meeting, letter, telephone, note,
23  memorandum, telegraph, telex, telecopier, electronic mail, or any other electronic or
24  other medium, including without limitation in written, audio or video form.

25      8.      "PERSON" or "PERSONS" means all natural persons,
26  partnerships, corporations, joint ventures and any kind of business, legal or public
27  entity or organization, as well as its, his or her agents, representatives, employees,
28

02284/588966.1

-2-
EXHIBIT _↗_ PAGE _2↗_

EXHIBIT A TO SUBPOENA

EXHIBIT _____ PAGE _____

1  officers and directors and any one else acting on its, his or her behalf, pursuant to its,

2  his or her authority or subject to its, his or her control.

3       9.    The singular form of a noun or pronoun includes within its

4  meaning the plural form of the noun or pronoun so used, and *vice versa*; the use of

5  the masculine form of a pronoun also includes within its meaning the feminine form

6  of the pronoun so used, and *vice versa*; the use of any tense of any verb includes also

7  within its meaning all other tenses of the verb so used, whenever such construction

8  results in a broader request for information; and "and" includes "or" and *vice versa*,

9  whenever such construction results in a broader disclosure of documents or

10  information.

11

12                          <u>Instructions</u>

13

14       A.    Unless otherwise specified, these requests call for DOCUMENTS

15  prepared on or after January 1, 1995 through the present.  Documents shall be

16  produced in their original file folders, or in lieu thereof, any writing on the file folder

17  from which each such document is taken shall be copied and appended to such

18  document and the person for whom or department, division, or office for which the

19  document or the file folder is maintained shall be identified.

20       B.    In the event that any document called for by these requests is to

21  be withheld on the basis of a claim of privilege or immunity from discovery, that

22  document is to be identified by stating (i) any addressor and addressee; (ii) any

23  indicated or blind copy; (iii) the document's date, subject matter, number of pages,

24  and attachments or appendices; (iv) all persons to whom the document was

25  distributed, shown, or explained; (v) its present custodian; and (vi) the nature of the

26  privilege or immunity asserted.

27       C.    In the event that any document called for by these requests has

28  been destroyed or discarded, that document is to be identified by stating: (i) any

EXHIBIT 2 -3- PAGE 21       EXHIBIT A TO SUBPOENA

EXHIBIT _____ PAGE _____

1  addressor and addressee; (ii) any indicated or blind copies; (iii) the document's date,

2  subject matter, number of pages, and attachments or appendices; (iv) all persons to

3  whom the document was distributed, shown, or explained; (v) the date of destruction

4  or discard, manner of destruction or discard, and reason for destruction or discard;

5  (vi) the persons who were authorized to carry out such destruction or discard; and

6  (vii) whether any copies of the document presently exist and, if so, the name of the

7  custodian of each copy.

8

9                                    Requests for Production

10

11  REQUEST FOR PRODUCTION NO. 1:

12          All DOCUMENTS that REFER OR RELATE TO any agreement or

13  contract between YOU and BRYANT, including without limitation all drafts thereof.

14

15  REQUEST FOR PRODUCTION NO. 2:

16          All COMMUNICATIONS that REFER OR RELATE TO any agreement

17  or contract between YOU and BRYANT.

18

19  REQUEST FOR PRODUCTION NO. 3:

20          All DOCUMENTS that REFER OR RELATE TO the performance of

21  any agreement or contract between YOU and BRYANT.

22

23  REQUEST FOR PRODUCTION NO. 4:

24          All DOCUMENTS that REFER OR RELATE TO DESIGNS that

25  BRYANT produced, created, authored, conceived of or reduced to practice, whether

26  alone or jointly with others, prior to October 21, 2000.

27

28

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS that REFER OR RELATE TO any work, activities or services, including without limitation any freelance work or consulting services, that BRYANT performed for YOU or on YOUR behalf prior to October 21, 2000.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS that REFER OR RELATE TO DESIGNS produced, created, authored, conceived of or reduced to practice prior to October 21, 2000 by BRYANT, whether alone or jointly with others, in which YOU have purported to purchase, acquire or own any right, title or interest (whether in whole or in part).

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS that REFER OR RELATE TO DESIGNS that BRYANT created, authored, produced, conceived of or reduced to practice prior to October 21, 2000 that YOU claim to own or have rights to as "works-made-for-hire" (whether in whole or in part).

**REQUEST FOR PRODUCTION NO. 8:**

All COMMUNICATIONS between YOU and BRYANT that REFER OR RELATE TO Mattel, Inc., any officer, director, employee or representative of Mattel, Inc. or any agreement or contract between BRYANT and Mattel, Inc.

**REQUEST FOR PRODUCTION NO. 9:**

All COMMUNICATIONS between YOU and BRYANT prior to October 21, 2000.

02284/588966.1

EXHIBIT 2 PAGE 29          EXHIBIT A TO SUBPOENA

EXHIBIT _____ PAGE _____

REQUEST FOR PRODUCTION NO. 10:

All COMMUNICATIONS between YOU and BRYANT that REFER OR RELATE TO BRATZ, including without limitation to any DESIGNS for BRATZ and any work or services performed by BRYANT in connection with BRATZ, prior to October 21, 2000.

REQUEST FOR PRODUCTION NO. 11:

All DOCUMENTS, including without limitation all diaries, notes, calendars, logs, phone records and letters, that reflect, record or memorialize or otherwise REFER OR RELATE TO any oral COMMUNICATIONS between YOU and BRYANT prior to October 21, 2000.

REQUEST FOR PRODUCTION NO. 12:

All DOCUMENTS that REFER OR RELATE TO any payment made to or on behalf of BRYANT prior to October 21, 2000 or for work or services performed by BRYANT prior to October 21, 2000.

REQUEST FOR PRODUCTION NO. 14:

All DOCUMENTS that REFER OR RELATE TO any money or consideration paid by YOU to or on behalf of BRYANT for any DESIGNS, or for any right, title or interest in any DESIGNS, that BRYANT produced, created, authored, conceived of or reduced to practice, whether alone or jointly with others, prior to October 21, 2000.

REQUEST FOR PRODUCTION NO. 15:

All of YOUR royalty statements to or for BRYANT.

1   REQUEST FOR PRODUCTION NO. 16:

2          Any personnel file that YOU have created or maintained concerning

3   BRYANT.

4

5   REQUEST FOR PRODUCTION NO. 17:

6          All DOCUMENTS that REFER OR RELATE TO the conception or

7   sculpting of BRATZ prior to January 1, 2001.

8

9   REQUEST FOR PRODUCTION NO. 18:

10         All DOCUMENTS that REFER OR RELATE TO BRYANT'S

11  participation in the conception, creation, design, development, sculpting, tooling,

12  production or manufacture of BRATZ.

13

14  REQUEST FOR PRODUCTION NO. 19:

15         All DOCUMENTS that REFER OR RELATE TO this action, including

16  without limitation all COMMUNICATIONS pertaining thereto and all

17  DOCUMENTS that REFER OR RELATE TO any indemnification that BRYANT has

18  sought, proposed, requested or obtained in connection with the claims asserted in this

19  action.

20

21  REQUEST FOR PRODUCTION NO. 20:

22         All DOCUMENTS that REFER OR RELATE TO Mattel, Inc., or that

23  were prepared, authored or created by Mattel, Inc. or any officer, director, employee

24  or representative of Mattel, Inc., that BRYANT has ever provided to, shown,

25  described to, communicated to or disclosed in any manner to YOU.

26

27

28

**REQUEST FOR PRODUCTION NO. 21:**

All prototypes, models, samples and tangible items that REFER OR RELATE TO DESIGNS for dolls, doll accessories or toys that BRYANT produced, created, authored, conceived of or reduced to practice, whether alone or jointly with others, prior to October 21, 2000.

EXHIBIT A TO SUBPOENA

EXHIBIT 2 PAGE 32

EXHIBIT _____ PAGE _____

1
## PROOF OF SERVICE
1013A(3) CCP Revised 5/1/88

2 STATE OF CALIFORNIA )
COUNTY OF LOS ANGELES )

3

4     I am employed in the county of Los Angeles  State of California.  I am over the age of 18 and not a party to the within action; my business address is: 865 S. Figueroa Street, 10th Floor, Los Angeles, CA 90017.

5

6     On June 18, 2004, I served the foregoing document(s) described as **SUBPOENA IN A CIVIL CASE** on all interested parties in this action.

7
**Robert F. Millman, Esq.**
**Doughlas A. Wickham, Esq.**
8
**Littler Mendelson**
**A Professional Corporation**
9
**2049 Century Park East, 5th Floor**
**Los Angeles, California 90067-3107**
10

11 [ ]   By placing [ ] the original [X] true copies thereof enclosed in sealed envelopes addressed as follows:

12 [ ]   **BY MAIL**

13 [ ]   I deposited such envelope in the mail at Los Angeles, California.  The envelope was mailed with postage thereon fully prepaid.

14

15 [ ]   As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

16

17

18 [X]   **BY OVERNIGHT COURIER** I caused each envelope with postage prepaid to be sent by Federal Express.

19

20 [ ]   **BY TELECOPIER** By transmitting the above listed document(s) to the fax number(s) set forth below on this date.

21 [ ]   **BY PERSONAL SERVICE** I delivered such envelope by hand to the addressee.

22 Executed on June 18, 2004, at Los Angeles, California.

23 [ ]   (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

24

25 [X]   (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

26   Donna B. Sanchez
Print Name                 Signature

27

28

*EXHIBIT___ PAGE 33*

EXHIBIT____ PAGE____

**Exhibit 3**

EXHIBIT _____ PAGE _____

CONFORMED COPY                           FILED

Hon. Edward A. Infante (Ret.)
JAMS
Two Embarcadero Center
Suite 1500
San Francisco, CA  94111
415-774-2611
415-982-5287 (fax)

2007 JAN 26  PM 12: 25

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>            Plaintiff,<br><br>        v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>            Defendant.<br><br>CONSOLIDATED WITH<br>MATTEL, INC. v. BRYANT and<br>MGA ENTERTAINMENT, INC. v. MATTEL,<br>INC. | CASE NO. C 04-09049 SGL (RNBx)<br>JAMS Reference No. 1100049530<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-2727<br><br>**ORDER GRANTING MATTEL'S<br>MOTION TO COMPEL PRODUCTION<br>OF DOCUMENTS** |

I.  INTRODUCTION

On January 3, 2007, Mattel, Inc. ("Mattel") submitted its Motion to Compel Production of Documents to the undersigned Discovery Master for disposition.[1]  On January 11, 2007, Carter Bryant ("Bryant") submitted his opposition brief, and on January 18, 2007, Mattel submitted a reply brief.  The matter was heard via telephonic conference call on January 24, 2007.  Having

---

[1]  Pursuant to a stipulation and order filed December 6, 2006, the undersigned was designated Discovery Master in accordance with Rule 53 of the Federal Rules of Civil Procedure.

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

1

1-26

EXHIBIT 3 PAGE 34

EXHIBIT _____ PAGE _____

CONFIDENTIAL

EXHIBIT 2 PAGE 35

EXHIBIT_____ PAGE_____

considered the motion papers and comments of counsel at the hearing, Mattel's Motion to Compel

Production of Documents is GRANTED.

## II. BACKGROUND

At the heart of this lawsuit is a dispute over the rights to the "Bratz" dolls. This highly

lucrative line of dolls was first conceived by Bryant, a former Mattel employee, and made

commercially available by MGA Entertainment, Inc. ("MGA") in the summer of 2001. Sales of

Bratz dolls now rival Mattel's Barbie doll.

A. Mattel's Original Complaint

On April 27, 2004, Mattel, the world's largest manufacturer and marketer of toys, filed

suit against its former employee Bryant in state court asserting claims for breach of contract,

breach of fiduciary duty, breach of duty of loyalty, unjust enrichment, and conversion. Mattel

employed Bryant as a product designer from September 1995 through April 1998, and from

January 1999 through October 2000. Upon starting his second term, Bryant signed an Employee

Confidential Information and Inventions Agreement which required him not to engage in any

employment or business other than for Mattel, or invest or assist in any manner any business

competitive with the business or future business plans of Mattel. Bryant also assigned to Mattel

all rights, title, and interest in the "inventions" he conceived of, or reduced to practice, during his

employment.

In addition, Bryant completed Mattel's Conflict of Interest Questionnaire, certifying that

he had not worked for any of Mattel's competitors in the prior twelve months and had not

engaged in any business dealings creating a conflict of interest. Bryant agreed to notify Mattel of

any future events raising a conflict of interest.

Mattel alleges that during his employment, Bryant secretly aided, assisted and worked for

a Mattel competitor (later identified as MGA). Bryant entered into an agreement with MGA to

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

2

EXHIBIT 3 PAGE 34

EXHIBIT _____ PAGE _____

provide product design services on a "top priority" basis.[2]  The agreement further provided that Bryant would receive royalties and other consideration for sales of products on which he provided aid or assistance; that all work and services furnished by Bryant to MGA under the agreement would be considered "works for hire"; and that all intellectual property rights to preexisting work by Bryant purportedly would be assigned to MGA.  Mattel further alleges that Bryant converted, misappropriated and misused Mattel property and resources while he was employed at Mattel.  In the complaint, Mattel claims ownership of all inventions and works created by Bryant during his Mattel employment and seeks to recover all benefits obtained as a result of his alleged breach of duties.

In May of 2004, Bryant removed the state court action to the U.S. District Court, asserting subject matter jurisdiction under both 28 U.S.C. §1331 (federal question jurisdiction) and 28 U.S.C. §1332 (diversity jurisdiction).  Mattel filed a motion to remand and submitted a copy of Bryant's agreement with Mattel's competitor, namely MGA.  The agreement was dated September 18, 2000 – a time when Bryant was still employed by Mattel — and required Bryant to provide MGA with design services for the Bratz dolls.  In return, MGA agreed to compensate Bryant at a monthly rate for a period of time and to pay Bryant a 3% royalty on sales of Bratz dolls.  In August of 2004, the district court remanded the action.

B.  Bryant's Cross-complaint

In September of 2004, after the case was returned to state court, Bryant filed a cross-complaint against Mattel to challenge the legality of Mattel's Employee Confidential Information and Inventions Agreement.  Bryant's cross-complaint included claims for unfair competition, rescission, declaratory relief, and fraud.

//

---

[2] Bryant has already produced his agreement with MGA.  Therefore, the existence of the agreement does not appear to be in dispute.

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

3

EXHIBIT 2  PAGE 37

C. Bryant's Second Notice of Removal (CV 04-9059)

In November of 2004, Bryant filed a second notice of removal, once again invoking federal question and diversity jurisdiction. Bryant asserted that Mattel's complaint presented a federal question because events occurring since the first removal and remand demonstrated that Mattel's conversion claim involved the rights to the Bratz dolls, and therefore was preempted by the Copyright Act. Bryant also contended that there was diversity jurisdiction because he and Mattel were citizens of different states and the amount in controversy exceeded the $75,000 jurisdictional limit because the rights to the Bratz dolls were at stake. After the second notice of removal, MGA intervened as a defendant pursuant to a stipulation and order.

D. Bryant's Declaratory Relief Action Against Mattel (CV 04-9049)

On the same day that Bryant filed his second notice of removal, he also filed a complaint in federal court seeking a declaratory judgment that the Bratz dolls do not infringe Mattel's copyrights in a project known as "Toon Teens."

E. MGA's Complaint Against Mattel (CV 05-2727)

In April of 2005, MGA filed suit against Mattel alleging essentially unfair competition claims. MGA alleged that Mattel engaged in "serial copycatting" of Bratz dolls, Bratz "pets" and other Bratz products, Bratz television commercials, and Bratz packaging.

F. Mattel's Second Motion to Remand its Complaint against Bryant

Mattel filed another motion to remand its suit against Bryant. In March of 2005, the district court issued an order denying the motion to remand and certifying the order for interlocutory review. Mattel filed an appeal, and the district court stayed discovery in May of 2005. Discovery did not resume until May 2006, when the Ninth Circuit affirmed the district court ruling. After the stay was lifted the district court consolidated all three actions for all purposes. There is no scheduling order currently in place.

### G. Court Dismisses Bryant's Cross-claims and Declaratory Relief Action

In July of 2006, the district court dismissed Bryant's cross-claims pursuant to Rule 12(b)(6), Fed.R.Civ.P., for failure to state a claim upon which relief may be granted.  The district court also dismissed Bryant's declaratory relief action, finding there existed no reasonable apprehension of an imminent copyright infringement claim against him by Mattel based upon Mattel's Toon Teen intellectual property.

### H. Mattel's Counterclaims against MGA

Mattel sought leave to file an amended complaint in case no. CV 05-9059 to add five defendants and nine new legal claims alleging a wide range of commercial disputes.  For example, Mattel's proposed amended complaint contains RICO claims, a trade secret misappropriation claim, and aiding and abetting claims predicated on allegations that MGA cherry-picked certain high ranking Mattel executives or designers and then enticed them to steal Mattel's trade and proprietary secrets and deliver them to MGA before beginning work with MGA.  Mattel also sought leave to add a copyright infringement claim.  Mattel has recently filed copyright registrations with the U.S. Copyright Office claiming ownership in various Bratz doll designs created by Bryant.

On January 11, 2007, the district court granted Mattel leave to file its proposed amendments, but only insofar as they are pled in the form of an amended answer and counterclaim in the case MGA filed against Mattel, CV 05-2727.  The next day, Mattel filed its amendments as ordered in case no. CV 05-2727.

### I. Mattel's Requests for Production of Documents

Mattel served the requests for production of documents at issue in this motion on June 14, 2004.  Bryant served objections and responses on July 16, 2004.  The parties met and conferred, but ultimately Mattel moved to compel production in January of 2005.  That motion, however,

was not heard before the district court stayed all discovery pending resolution of Mattel's appeal

to the Ninth Circuit on subject matter jurisdiction issues.

After the stay of discovery was lifted, the parties met and conferred on June 20, 2006, at

the courthouse, and were able to achieve apparent agreement on the bulk of the present motion to

compel. The parties informed the court that they would submit a stipulation and order. See

Minutes dated June 20, 2006, Zeller Dec. Ex. 6 ("With respect to Mattel's Motion to Compel

Production of Documents, counsel will be submitting a stipulation and order which will be

dispositive of all the issues in dispute.").

Over the next several months, the parties exchanged draft stipulations and orders to

memorialize the parties' meet and confer session, but were unable to reach final agreement

because Bryant insisted upon including the following sentence in the stipulation: "The stipulation

resolves all issues raised in Mattel's motion to compel, which is hereby withdrawn." Bryant's

Opposition at 1:18-20. By including this sentence, Bryant intended to prevent further law and

motion regarding the requests at issue in Mattel's original motion to compel. Id. at 1:21-23.

From Mattel's perspective, however, the proposed sentence amounted to a demand that Mattel

waive its right to all further discovery in connection with its requests. Mattel proposed the

following provision as an alternative:

> Except as, and only as set forth in the terms of Paragraph One above, nothing in
> this Stipulation shall preclude or limit Mattel from seeking further discovery on
> any matter, including as to matter on which the parties could not reach complete
> agreement, or preclude or limit any right of Bryant to object or resist to such
> discovery.

Bryant's Opposition at 7:5-11. Apparently Mattel's alternative language was

unacceptable to Bryant. At the direction of the Discovery Master, the parties met and

conferred again in late December 2006, but to no avail.

Despite the parties' inability to reach final agreement, Bryant produced approximately

EXHIBIT 2 PAGE 40

1,600 pages of documents to date.  Mattel contends, however, that the production is inadequate and consistent with a pattern of stonewalling.[3]  Accordingly, Mattel filed the instant motion to compel responsive documents, which includes a request for sanctions in the amount of $7,805.

J.   Mattel's Motion to Compel Production of Documents

Mattel's motion has three parts.  First, Mattel seeks an order compelling Bryant to produce the following categories of requested documents:  (a) documents relating to Bratz designs created by Bryant while employed by Mattel; (b) doll prototypes created by Bryant while working for Mattel; (c) documents that refer to the conception, creating or development of Bratz; (d) Mattel-related documents that Bryant disclosed to MGA; (e) communications between Bryant and MGA that relate to Mattel or Mattel employees; and (f) documents showing what dolls Bryant was exposed to while working at Mattel.  Mattel's Motion at 6.  Mattel asserts that these categories of documents are relevant to establish Bryant's liability and would reveal works rightfully owned by Mattel.

Second, as to other categories of documents which Bryant has agreed to produce, Mattel contends that Bryant has imposed unjustified limitations.  According to Mattel, Bryant will not produce any responsive documents that were created after the suit was filed; Bryant will not produce any communications with MGA "created" after the end of his Mattel employment; Bryant is limiting production of Bratz-related documents to designs that, in Bryant's view, "resulted in" the first line of Bratz dolls released in June 2001; Bryant has not produced known contracts between him and MGA and refuses to produce non-privileged communications relating to those contracts; and Bryant has withheld all but one category of financial documents relating to

---

[3]  According to Mattel, Bryant evaded a deposition until Mattel obtained a court order compelling him to appear.  Similarly, MGA allegedly refused to permit its CEO, Isaac Larian, from being deposed.  Mattel again obtained a court order compelling the deposition and sanctions.  To date, only Bryant and Larian have been deposed.

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

7

EXHIBIT 2 PAGE 41

his earnings from his work for MGA. Mattel's Motion at 7. Mattel seeks full production of responsive documents without any of the limitations described above.

Third, Mattel contends that the documents Bryant has produced are inadequate for a number of reasons: the financial documents are so heavily redacted they are useless; faxed documents are missing fax header information, including the sending and receiving parties[4]; e-mails and other electronic documents that are known to exist have not been produced; Bryant refuses to inspect, and refuses to permit Mattel to inspect, the hard drive of a computer he used during the relevant period; and Bryant's privilege log is facially incomplete and lists only four documents.

### K. Bryant's Opposition to Mattel's Motion to Compel

Bryant opposes Mattel's motion to compel. He views the motion as nothing more than Mattel's unwillingness to allow closure on any discovery matter after a lengthy meet and confer process which began back in 2004. Bryant emphasizes that the document requests at issue were first propounded at a time when Mattel was attempting to remand the case, making the claim that it did not know whether $75,000 was in controversy and insisting that it was asserting solely state law claims. Bryant explains that given Mattel's view of the case in 2004, he took the position that discovery should be limited to what occurred in his last days at Mattel and shortly thereafter. See Bryant's Opposition at 4-5 ("Bryant's activities and earnings in connection with Bratz in later years could have no conceivable relevance to the case because if those activities and earnings were at stake, the case was worth millions, not pennies."). Accordingly, in the summer and fall of 2004, he produced the following categories of documents: documents evidencing the artwork used to create the "First Generation" of Bratz dolls -- the first dolls sold to the public in the summer of 2001; hundreds of pieces of artwork he was permitted to retain from his employment

---

[4]  There is evidence that MGA's CEO instructed an employee to obliterate the fax header on a fax Bryant sent to MGA from Mattel's Design Center. MGA denies the accusation.

EXHIBIT 2 PAGE 42

at Mattel; MGA statements revealing his earnings connected with the sale of the First Generation Bratz dolls and his 2000 contract with MGA; personal phone records and bank records; and hundreds of three dimensional doll parts and toy accessories that came into his possession over the years, including a prototype of the First Generation "Jade" doll.

Bryant generally agrees with Mattel's description of the meet and confer session held at the courthouse on June 20, 2006 and the parties' exchange of draft stipulations. According to Bryant, all the requests addressed in Mattel's original motion to compel and the instant motion led to agreement on the following points: (a) Bryant would produce all agreements for work he performed with or on behalf of MGA prior to June 30, 2001 (the approximate date the First Generation Bratz dolls were released to the public); (b) Bryant would waive the attorney-client privilege with respect to communications with the attorney who assisted him in negotiating his contract with MGA, so long as that waiver would be limited and in no way waive the privilege with respect to litigation counsel; (c) Bryant would produce any documents relating to any payments he received from MGA while employed at Mattel, irrespective of the date of creation; (d) Bryant agreed to make a diligent search for all computers referenced in his deposition and search them for responsive documents; (e) Bryant agreed to produce all documents and tangible things obtained from Mattel during the course of his employment at Mattel; (f) Bryant agreed to conduct a search and produce any patent, trademark or copyright applications, registrations and other non-privileged documents in his possession in connection with his work with MGA prior to June 2001; (g) Bryant agreed to identify documents responsive to particular requests if Mattel could demonstrate that the requests asked for such identification of documents; (h) Bryant agreed to sign a verification that none of the information redacted from his phone records related to Bratz or his work for MGA prior to June 30, 2001; (i) Bryant agreed to supplement his privilege log; and (j) the parties agreed that the stipulation modified Bryant's prior response to the discovery

EXHIBIT 2 PAGE 47

requests and that the stipulation controlled to the extent they were inconsistent. Bryant's

Opposition at 5:22-6:21.

Bryant emphasizes that the parties have engaged in an extensive meet and confer process

and asks the Discovery Master to order the disposition of this motion in a manner consistent with

the parties' draft stipulation. If the draft stipulation is not adopted, Bryant fears the parties will

have no incentive to compromise in the future. Bryant's Opposition at 1:24-2:3. Bryant also asks

the Discovery Master to order Mattel not to revisit any of the requests that were the subject of

Mattel's original motion to compel or the instant motion to compel. Id. at 2:11-13 and 10:9-10.

Furthermore, Bryant asserts that Mattel's requests are overbroad in numerous respects. In

particular, Bryant asserts that Mattel is not entitled to all communications with MGA relating to

Mattel employees. Bryant also asserts that Mattel is not entitled to unredacted personal phone

records and financial information because these records are protected by privacy rights. Lastly,

Bryant asserts that Mattel is not entitled to all Bratz related documents created after the lawsuit

was filed.

### III. DISCUSSION

#### A. The Parties Did Not Reach a Stipulation to Resolve the Instant Motion

The parties' extensive submissions make it clear that the parties did not resolve the issues

raised in the instant motion. The parties met and conferred extensively and in good faith,

reaching compromises on virtually all categories of documents in dispute. Despite their efforts,

however, the parties were ultimately unable to execute a binding stipulation because they were

unable to agree on any provision to govern Mattel's future right to pursue additional discovery

from Bryant. It is clear that the parties deemed it necessary to include such a provision in the

draft stipulation in order to protect their respective positions. Because the parties did not execute

a binding stipulation, there is no legal basis to enforce the terms contained in the draft stipulation.

10

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT 3 PAGE 44

Therefore, Mattel's right to the discovery it seeks in the instant motion to compel is governed by the familiar guidelines set forth in Rule 26 of the Federal Rules of Civil Procedure.

Furthermore, because the parties met and conferred in good faith and because they had a legitimate dispute over language governing Mattel's future right to pursue additional discovery from Bryant, the Discovery Master denies Mattel's request for sanctions.

B. Rule 26 of the Federal Rules of Civil Procedure

Rule 26 of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed.R.Civ.P. 26(b)(1). "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. Discovery shall, however, be limited by the court if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Fed.R.Civ.P. 26(b)(2).

C. Mattel's Requests for Production

Request Nos. 2, 13, 48: Documents Relating to Bryant's Agreements with MGA

Mattel seeks documents relating to Bryant's agreements with MGA, including doll-related agreements. Bryant is withholding responsive documents, including (a) documents relating to his Bratz agreements with MGA other than final signed agreements, including communications exchanged by the parties and drafts of the agreements, (b) documents relating to doll-related

EXHIBIT 3 PAGE 15

1  agreements discussed or negotiated by Bryant and third parties while he was employed by Mattel

2  other than signed agreements that were "reached" while Bryant was employed by Mattel, and (c)

3  documents relating to Bryant's fee agreements with MGA or other indemnity agreements relating

4  to this action.

5        The Discovery Master finds that the withheld documents are relevant to Mattel's claims.

6

7  Among other things, the withheld documents could establish the timing, nature and scope of

8  Bryant's work for MGA (or others), ongoing acts of copyright infringement, and damages.  In

9  addition, the withheld documents could be used for impeachment purposes.  Further, documents

10  relating to fee or indemnity agreements between MGA and Bryant are relevant to demonstrate

11  bias and lack of credibility.  Bryant has failed to establish that the requested discovery is barred

12  by Rule 26(b)(2), Fed.R.Civ.P.  Accordingly, Bryant is ordered to produce all non-privileged

13

14  documents responsive to Request Nos. 2, 13, and 48.

15        Request Nos. 11, 12, 19, 37, 40, 41, 42, 43, 53, 54, 55:  Documents Relating to Bratz's

16  Development and Other Projects that Bryant Worked on for MGA

17

18        Mattel seeks documents relating to the Bratz project and any other projects Bryant worked

19  on for MGA.  Bryant produced documents relating only to the First Generation Bratz dolls.

20  Bryant is prepared to produce additional documents relating to work he performed for MGA prior

21  to June 30, 2001, acknowledging that those documents are relevant to Mattel's claim that Bryant

22

23  breached his employee agreement by allegedly performing services for Mattel and MGA at the

24  same time.  Bryant objects to the requests to the extent they seek any additional documents on

25  relevancy and overbreadth grounds.

26        The Discovery Master finds that Mattel's requests seek relevant information and are not

27  overbroad.  The lawsuit is much broader than the First Generation Bratz dolls issued in June 30,

28

29  2001. For example, Mattel alleges that it is entitled all works created by Bryant during his Mattel

EXHIBIT 3 PAGE 46

1   employment, regardless of whether they resulted in a Bratz doll released in June of 2001. Mattel

2   also alleges that Bryant has breached his ongoing contractual duties not to use any of Mattel's

3   confidential and proprietary information, not just information relating to the Bratz dolls released

4   in June of 2001. Mattel also alleges that Bryant has infringed Mattel's alleged copyrights in Bratz

5   works -- works that are allegedly owned by Mattel because they were created while Bryant was

6   employed by Mattel -- through his ongoing conduct of reproducing and creating derivative works.

7   Accordingly, Bryant is ordered to produce all non-privileged documents responsive to Request

8   Nos. 11, 12, 19, 37, 40, 41, 42, 43, 53, 54, and 55.

9

10   <u>Request Nos. 29, 30, 31, 32, 33, 34, 35, 36, 45, 46:  Documents Relating to Bryant's</u>

11   <u>Payments from MGA</u>

12         Mattel seeks documents relating to Bryant's payments from MGA.  Bryant acknowledges

13   that Mattel is entitled to know how much money Bryant has earned from MGA, and represents

14   that he has produced, in redacted form, all royalty statements he has received related to the First

15   Generation Bratz dolls and his 2000 contract with MGA.  Bryant asserts that his redactions are

16   justified as a means to avoid disclosing the breakdown of MGA's revenue by particular product,

17   which information Bryant believes constitutes MGA's trade secret information.  Bryant also

18   objects to producing tax returns, asserting that Mattel cannot show a "compelling need" for the

19   returns.  Bryant's Opposition at 29:21-27.

20         The Discovery Master finds that documents relating to MGA's payments to Bryant,

21   including royalty statements and other payment information, are relevant to several Mattel claims.

22   First, Mattel's claims against Bryant include breach of contract, breach of fiduciary duty, breach

23   of duty of loyalty, unjust enrichment, and conversion.  Mattel seeks to recover all benefits Bryant

24   received as a result of his alleged violations of duties to Mattel.  Payments to Bryant from MGA

25   and others might be traceable to work Bryant performed while employed by Mattel, regardless of

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

13


EXHIBIT __3__ PAGE __47__

when the payments were actually made.  Such payments might also lead to evidence to support Mattel's allegation that Bryant converted, misappropriated, or misused Mattel information.

Second, the payments are relevant to Mattel's recently added claim for copyright infringement.  Mattel alleges that Bryant, MGA, and others have infringed Mattel's rights in the Bratz drawings and works by copying and preparing derivative works from those works.  Under the Copyright Act, a plaintiff is entitled to recover profits from infringement as well as actual damages.  17 U.S.C. §504(b).  The works that potentially infringe Mattel's copyrights, therefore, include all Bratz doll products that MGA released to the market.  For this reason, and for reasons already discussed in the previous subsection, Bryant's limited production of documents relating to only the First Generation of Bratz dolls is inadequate.

Third, payments to Bryant are relevant to Mattel's recently added claims for trade secret misappropriation.  Payments could show when and what trade secret information Bryant and other defendants allegedly misappropriated from Mattel.  Any proof of trade secret theft is also relevant to Mattel's defense against MGA's unfair competition claims.

Lastly, the breakdown of gross royalty payments may be required to prove actual causation of damages.

The protective order filed on January 4, 2005, is sufficient to address any confidentiality concerns raised by Bryant.  Among other things, the protective order provides protection for confidential trade secret information.  It has two tiers of protection, allowing a party to designate documents as either "Confidential" or "Confidential – Attorney's Eyes Only."  The protective order also requires the parties to use information produced in discovery only for purposes of this litigation and not for any other purpose.

Accordingly, Bryant is ordered to produce, without redactions, all non-privileged documents responsive to Request Nos. 29, 30, 31, 32, 33, 34, 35, 36, 45, and 46.  Bryant,

EXHIBIT 2 PAGE 48

however, is not required to produce tax returns, provided that he otherwise fully complies with these requests as ordered.

Request Nos. 20, 23, 27, 28: Communications Between Bryant and MGA

Mattel seeks production of Bratz-related communications and communications with MGA. More specifically, Mattel seeks production of four categories of documents Bryant has refused to produce: (1) communications between Bryant and MGA or third parties that explicitly relate to designs Bryant created while employed by Mattel; (2) communications between Bryant and MGA that relate to Mattel employees; (3) communications between Bryant and MGA relating to Bryant's Mattel employment or work Bryant performed for Mattel, except those communications "created" prior to the close of Bryant's Mattel employment; and (4) communications between Bryant and MGA that post-date Bryant's Mattel employment. Bryant contends that the discovery requests for communications between Bryant and MGA are overbroad. Bryant asserts that there are many former Mattel employees and friends of his who have privacy rights that would be impinged upon if he were to disclose his communications. Bryant also asserts that he has his own confidentiality interest regarding any information that he shared with MGA. In particular, he objects to Mattel's discovery requests to the extent they would require him to reveal the identity of current Mattel employees seeking employment with MGA or Bryant.

The Discovery Master finds that Mattel's requests for all communications between Bryant and MGA unquestionably seek information relevant to Mattel's claims: they will reveal what Mattel information Bryant shared with MGA, if any, and when. The protective order is sufficient to address Bryant's confidentiality concerns. It allows parties to designate as "Confidential" private information about current or former employees, contractors or vendors (including employee, contractor and personnel records). Therefore, Bryant is ordered to produce all non-

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

15

privileged documents responsive to Request Nos. 20, 23, 27, and 28.  However, Bryant may continue to redact his telephone records, and shall provide a signed verification that none of the telephone calls that were redacted relate or refer in any way to MGA, Bratz, or any other project that Bryant worked on, with, for, or on behalf of MGA.  Telephone calls that do not relate or refer in any way to MGA or Bratz are irrelevant.

Request Nos. 49, 51:  Mattel-Related Documents

Mattel seeks production of Mattel-related documents, and Bryant agrees to produce them. Accordingly, Bryant is ordered to produce all documents responsive to Request Nos. 49 and 51.

Request No. 9:  Documents re Registrations and Applications for Registrations

Lastly, in Request No. 9 Mattel seeks production of documents registrations and registrations and applications for registration.  Bryant deems the motion moot with respect to Request No. 9 because he agrees to produce any patent, copyright and trademark applications, registrations or other non-privileged documents in his possession, custody or control that constitute or relate to such applications and registrations obtained or applied in connection with (1) work on Bratz prior to January 1, 2001; (2) work related to the release of the First Generation Bratz dolls; and (3) work related to any work Bryant performed with, for or on behalf of MGA during the term of Bryant's employment with Mattel.

As discussed previously, the Discovery Master finds that the First Generation Bratz limitation is improper.  Therefore, Bryant is ordered to produce all non-privileged documents responsive to Request No. 9.

IV. CONCLUSION

For the reasons set forth above, the Discovery Master orders as follows:

1. Mattel's motion to compel production of documents responsive to its First Set of Requests for Production, Request Nos. 2, 9, 11, 12, 13, 19, 20, 23, 27, 28, 29, 30, 31, 32, 33, 34,

EXHIBIT 7 PAGE 5 0

35, 36, 37, 40, 41, 42. 43. 45, 46, 48, 49, 51, 53, 54, and 55, is GRANTED.  However, Bryant

need not produce his tax returns, on the condition that he complies fully with Request Nos. 29, 30,

31, 32, 33, 34, 35, 36, 45, and 46.

2.  Bryant shall produce all redacted documents in un-redacted form, except for redactions

that are justified by the attorney-client privilege or work product doctrine or his telephone records

pursuant to the terms of this Order.

3.  Bryant shall serve a complete privilege log in conformity with Rule 26(b)(5),

Fed.R.Civ.P.

4.  Pursuant to Rule 34, Fed.R.Civ.P., Bryant shall produce the hard drives of his

computers for forensic imaging.

5.  Bryant shall complete his production by producing missing attachments, fax cover

pages and all other missing responsive documents.

6.  Mattel's request for an award of sanctions in the amount of $7,805 is DENIED.

7.  Bryant shall comply with this Order no later than February 23, 2007.

Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery Master,

Mattel shall file this Order with the Clerk of Court forthwith.


IT IS SO ORDERED.


Dated: January 25, 2007

HON. EDWARD A. INFANTE (Ret.)
Discovery Master

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

17

EXHIBIT 9 PAGE 51

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on January 25,

2007, I served the attached ORDER GRANTING MATTEL'S MOTION TO COMPEL

PRODUCTION OF DOCUMENTS in the within action by e-mail addressed as follows:

| | | |
|---|---|---|
| Robert Millman Esq. | Littler Mendelson | rfmillman@littler.com |
| Douglas Wickham Esq. | Littler Mendelson | dwickham@littler.com |
| Keith Jacoby Esq. | Littler Mendelson | kjacoby@littler.com |
| Dominic Messiha Esq | Littler Mendelson | dmessiha@littler.com |
| Diba Restagar Esq. | Littler Mendelson | drestagar@littler.com |
| Michelle Park Esq. | Littler Mendelson | mpark@littler.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | jbq@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Valerie Nannery Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | valerienannery@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Morris Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgetmorris@quinnemanuel.com |
| Tamar Buchjakian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchjakjian@quinnemanuel.com |
| Dale Cendali Esq. | O'Melveny & Myers LLP | dcendali@omm.com |
| Diana Torres Esq. | O'Melveny & Myers LLP | dtorres@omm.com |
| James Jenal Esq. | O'Melveny & Myers LLP | jjenal@omm.com |
| Alicia Meyer Esq. | O'Melveny & Myers LLP | ameyer@omm.com |
| Jennifer Glad Esq. | O'Melveny & Myers LLP | jglad@omm.com |
| Benjamin Kim Esq. | O'Melveny & Myers LLP | bjkim@omm.com |
| Hamid Jabbar Esq. | O'Melveny & Myers LLP | hjabbar@omm.com |
| Johanna Schmitt Esq. | O'Melveny & Myers LLP | jschmitt@omm.com |
| Patricia Glaser Esq. | Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP | pglaser@chrismill.com |

EXHIBIT 3 PAGE 52

**Exhibit 4**

**CONFORMED COPY**

2007 JUN 20  PM 1:12

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

BY:

FILED

1    Hon. Edward A. Infante (Ret.)
     JAMS
2    Two Embarcadero Center
     Suite 1500
3    San Francisco, California 94111
     Telephone:    (415) 774-2611
4    Facsimile:    (415) 982-5287

5

6

7                    UNITED STATES DISTRICT COURT

8                   CENTRAL DISTRICT OF CALIFORNIA

                            EASTERN DIVISION
9

10

11   CARTER BRYANT, an individual,          CASE NO. C 04-09049 SGL (RNBx)
                                            JAMS Reference No.1100049530
12                  Plaintiff,

13          v.                              Consolidated with
                                            Case No. CV 04-09059
14   MATTEL, INC., a Delaware corporation,  Case No. CV 05-2727

15                  Defendant.              **ORDER GRANTING IN PART AND
                                            DENYING IN PART MATTEL'S
16                                          MOTION TO ENFORCE THE
                                            COURT'S ORDER OF JANUARY 25,
17                                          2007, TO COMPEL PRODUCTION OF
                                            DOCUMENTS BY CARTER BRYANT
18                                          AND FOR SANCTIONS**

19   CONSOLIDATED WITH
     MATTEL, INC. v. BRYANT and
20   MGA ENTERTAINMENT, INC. v. MATTEL,
     INC.
21

22

23

24                          I. INTRODUCTION

25          On May 15, 2007, Mattel, Inc. ("Mattel") submitted its "Motion to Enforce the Court's

26   Order of January 25, 2007, to Compel Production of Documents by Carter Bryant and for

27

28   Bryant v. Mattel, Inc.,
     CV-04-09049 SGL (RNBx)                                                    1

                        EXHIBIT _4_ PAGE _53_  6/19/07

1    Sanctions." On May 18, 2007, Carter Bryant ("Bryant") submitted his opposition brief, and on

2    May 23, 2007, Mattel submitted a reply brief. Mattel essentially seeks an order compelling

3    Bryant to produce copies of a document identified on Bryant's privilege log that has been

4    withheld on the basis of the attorney-client privilege.[1] Having considered all the papers submitted

5    by the parties, Mattel's motion to produce the two documents withheld under a claim of privilege

6    is granted and the request for sanctions is denied.

7                                     II. BACKGROUND

8        In early January of 2007, Mattel filed a motion to compel Bryant to produce, among other

9    things, his fee agreement with MGA in response to Request Nos. 2, 13, and 48. Bryant argued

10   that such agreements are irrelevant and privileged. The Discovery Master held that the

11   documents relating to fee or indemnity agreements between MGA and Bryant are relevant to

12   demonstrate bias and lack of credibility. Accordingly, the Discovery Master ordered Bryant to

13   produce, among other things, all non-privileged documents responsive to Request Nos. 2, 13, and

14   48, and to produce a privilege log in compliance with Rule 26(b)(5), Fed.R.Civ.P. See Discovery

15   Master's Order Granting Mattel's Motion to Compel Production of Documents, dated January 25,

16   2007 (the "January 25, 2007 Order").

17       On March 16, 2007, Bryant served a privilege log that listed as items Nos. 9 and 10 copies

18   of a fee agreement between MGA and the law firm of Littler Mendelson, P.C. ("Littler"). Littler

19   is counsel of record for Bryant in this action. Notably, however, the privilege log indicates that

20   the author of the fee agreement is "Robert F. Millman, Esq. (attorney with Littler Mendelson,

21   P.C., counsel for MGA Entertainment, Inc., and acting in his capacity as counsel for MGA

22   Entertainment, Inc.)." Proctor Decl., Ex. 5. The recipient is identified as "Daphne Gronich, Esq.

---

[1] The parties were able to resolve a portion of the motion during the briefing process. In addition to the fee
agreements, Mattel originally sought production of a communication between MGA's patent counsel to Mr. Bryant
regarding a patent for interchangeable doll footgear and feet. A day before the opposition brief was due, Bryant
offered to produce the communication if Mattel agreed that doing so would not constitute a waiver of privilege as to
any other document or testimony. Mattel accepted Bryant's offer. See Bryant's Opposition at 1 and Mattel's Reply
at 1. Mattel continues to assert, however, that Bryant's conduct warrants sanctions because Bryant should have
offered to produce the communication during the meet and confer process.

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT 4  PAGE 54

1   (general counsel for MGA Entertainment, Inc.)." Id.  Privilege Log Entry Nos. 9 and 10 are both

2   described as an "addendum to retainer agreement between Littler Mendelson, P.C. and MGA

3   Entertainment, Inc." Id.  The only difference in the description is that Privilege Log Entry No. 9

4   is "executed," whereas No. 10 is a "draft." Id.  In his opposition brief, Bryant represents that

5   items No. 9 and No. 10 are "the same document, save that one copy has two signatures and the

6   other only one." Id.  Bryant is not a party to the fee agreement.  MGA, however, has apparently

7   asserted the attorney-client privilege as to item Nos. 9 and 10 and Bryant is withholding the

8   document pursuant to their joint defense agreement.  Bryant's Opposition at 3.

9       Mattel contends that the fee agreement identified as items No. 9 and 10 should be

10  produced pursuant to the January 25, 2007 Order.  Mattel contends that although Bryant was not a

11  party to that agreement, the agreement between MGA and Littler is nevertheless an agreement for

12  MGA to pay Bryant's legal fees and is relevant to show Bryant's bias and lack of credibility.

13  Mattel further contends that the agreement between MGA and Littler is not privileged under

14  Ninth Circuit law.  See e.g. United States v. Blackman, 72 F.3d 1418, 1424 (9th Cir. 1995) ("[a]s a

15  general rule, client identity and the nature of the fee arrangement between attorney and client are

16  not protected from disclosure by the attorney-client privilege."); Clarke v. American Commerce

17  Natl. Bank, 974 F.2d 127, 129 (9th Cir. 1992) ("Our decisions have recognized that the identity of

18  the client, the amount of the fee, the identification of payment by case file name, and the general

19  purpose of the work performed are usually not protected from disclosure by the attorney-client

20  privilege.").

21      Bryant contends that the documents at issue are in his possession solely because they were

22  provided to his counsel under a joint defense agreement.  He contends that this joint defense

23  agreement prevents him from waiving the attorney-client privilege asserted by MGA.  He further

24  asserts that if Mattel wants to challenge the privilege asserted, Mattel should seek the document

25  directly from MGA.

### III. DISCUSSION

26      For reasons already set forth in the January 25, 2007 Order, the documents at issue are

27  relevant to the claims and defenses in the case.  Pursuant to the terms of the January 25, 2007

28  Bryant v. Mattel, Inc.,
    CV-04-09049 SGL (RNBx)                                                                3

EXHIBIT 4 PAGE 55

Order, Bryant was required to either produce the documents or identify them on a privilege log.

As the party withholding the documents, Bryant was required to substantiate the claim of

privilege under Federal Rule of Civil Procedure 26(b)(5). He has failed to do so. Bryant has not

made any attempt to submit affidavits or other admissible evidence to establish that, for instance,

the withheld documents contain confidential attorney-client communications made for the

purpose of giving legal advice. Nor has he made any challenge to the caselaw cited by Mattel

holding that, in general, fee agreements are not privileged under Ninth Circuit law. That Bryant

and MGA are parties to a joint defense agreement does not excuse Bryant from substantiating the

underlying claim of attorney-client privilege. See <u>Griffin v. Davis</u>, 161 F.R.D. 687, 691 (C.D.

Cal. 1995).

Moreover, MGA, which participated in the meet and confer on this motion and was served

with the motion[2], has not made any attempt to substantiate its claim of the attorney-client

privilege other than the unsupported assertions in Bryant's privilege log. Therefore, the claim of

privilege is overruled as to privilege log items Nos. 9 and 10 and the documents are ordered

produced.

<div align="center">IV. CONCLUSION</div>

For the reasons set forth above, Bryant is ordered to produce privilege log items Nos. 9

and 10 forthwith. Mattel's motion for sanctions is denied.

Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery

Master, Bryant shall file this Order with the Clerk of Court forthwith.

Dated:  June 19, 2007

/s/Edward A. Infante

HON. EDWARD A. INFANTE (Ret.)
Discovery Master

---

[2] <u>See</u> Mattel's Reply at 1.

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

4

<div align="center">EXHIBIT 4 PAGE 54</div>

### PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on June 19, 2007,

I served the attached ORDER GRANTING IN PART AND DENYING IN PART

MATTEL'S MOTION TO ENFORCE THE COURT'S ORDER OF JANUARY 25, 2007,

TO COMPEL PRODUCTION OF DOCUMENTS BY CARTER BRYANT AND FOR

SANCTIONS in the within action by e-mail addressed as follows:

| Name | Firm | Email |
|---|---|---|
| Robert Millman Esq. | Littler Mendelson | rfmillman@littler.com |
| Douglas Wickham Esq. | Littler Mendelson | dwickham@littler.com |
| Keith Jacoby Esq. | Littler Mendelson | kjacoby@littler.com |
| Dominic Messiha Esq | Littler Mendelson | dmessiha@littler.com |
| Diba Rastegar Esq. | Littler Mendelson | drastegar@littler.com |
| Michelle Park Esq. | Littler Mendelson | mpark@littler.com |
| Alaya B. Meyers, Esq. | Littler Mendelson | ameyers@littler.com |
| Brady Mitchell, Esq. | Littler Mendelson | bmitchell@littler.com |
| Carol Miller, Esq. | Littler Mendelson | cmiller@littler.com |
| Ryan P. Eskin, Esq. | Littler Mendelson | reskin@littler.com |
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | jbq@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| Dale Cendali Esq. | O'Melveny & Myers LLP | dcendali@omm.com |
| Diana Torres Esq. | O'Melveny & Myers LLP | dtorres@omm.com |
| James Jenal Esq. | O'Melveny & Myers LLP | jjenal@omm.com |
| Alicia Meyer Esq. | O'Melveny & Myers LLP | ameyer@omm.com |
| Jennifer Glad Esq. | O'Melveny & Myers LLP | jglad@omm.com |
| David Hurwitz, Esq. | O'Melveny & Myers LLP | dhurwitz@omm.com |
| Johanna Schmitt Esq. | O'Melveny & Myers LLP | jschmitt@omm.com |
| Michael C. Keats, Esq. | O'Melveny & Myers LLP | mkeats@omm.com |
| Kendall Burr, Esq. | O'Melveny & Myers LLP | kburr@omm.com |
| Melanie Bradley, Esq. | O'Melveny & Myers LLP | mbradley@omm.com |
| Patricia Glaser Esq. | Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP | pglaser@chrisglase.com |

I declare under penalty of perjury under the laws of the Untied States of America that

the above is true and correct.

Executed on June 19, 2007, at San Francisco, California.

Sandra Chan

EXHIBIT 4 PAGE 7

CALENDAR

RECEIVED

JUN 2 5 2007

1   Hon. Edward A. Infante (Ret.)
    JAMS
2   Two Embarcadero Center
    Suite 1500
3   San Francisco, California 94111
    Telephone:   (415) 774-2611
4   Facsimile:    (415) 982-5287

5

6

7                        UNITED STATES DISTRICT COURT

8                        CENTRAL DISTRICT OF CALIFORNIA

9                              EASTERN DIVISION

10

11  CARTER BRYANT, an individual,          CASE NO. C 04-09049 SGL (RNBx)
                                           JAMS Reference No.1100049530
12              Plaintiff,

13        v.                               Consolidated with
                                           Case No. CV 04-09059
14  MATTEL, INC., a Delaware corporation,  Case No. CV 05-2727

15              Defendant.                 ORDER GRANTING IN PART AND
                                           DENYING IN PART MATTEL'S
16                                         MOTION TO ENFORCE THE
                                           COURT'S ORDER OF JANUARY 25,
17                                         2007, TO COMPEL PRODUCTION OF
                                           DOCUMENTS BY CARTER BRYANT
18                                         AND FOR SANCTIONS

19  CONSOLIDATED WITH
    MATTEL, INC. v. BRYANT and
20  MGA ENTERTAINMENT, INC. v. MATTEL,
    INC.
21

22

23

24                           I. INTRODUCTION

25        On May 15, 2007, Mattel, Inc. ("Mattel") submitted its "Motion to Enforce the Court's

26  Order of January 25, 2007, to Compel Production of Documents by Carter Bryant and for

27

28
    Bryant v. Mattel, Inc.,
    CV-04-09049 SGL (RNBx)

EXHIBIT 4 PAGE 58

1   Sanctions." On May 18, 2007, Carter Bryant ("Bryant") submitted his opposition brief, and on

2   May 23, 2007, Mattel submitted a reply brief. Mattel essentially seeks an order compelling

3   Bryant to produce copies of a document identified on Bryant's privilege log that has been

4   withheld on the basis of the attorney-client privilege.[1] Having considered all the papers submitted

5   by the parties, Mattel's motion to produce the two documents withheld under a claim of privilege

6   is granted and the request for sanctions is denied.

<div align="center">II. BACKGROUND</div>

7       In early January of 2007, Mattel filed a motion to compel Bryant to produce, among other

8   things, his fee agreement with MGA in response to Request Nos. 2, 13, and 48. Bryant argued

9   that such agreements are irrelevant and privileged. The Discovery Master held that the

10  documents relating to fee or indemnity agreements between MGA and Bryant are relevant to

11  demonstrate bias and lack of credibility. Accordingly, the Discovery Master ordered Bryant to

12  produce, among other things, all non-privileged documents responsive to Request Nos. 2, 13, and

13  48, and to produce a privilege log in compliance with Rule 26(b)(5), Fed.R.Civ.P. See Discovery

14  Master's Order Granting Mattel's Motion to Compel Production of Documents, dated January 25,

15  2007 (the "January 25, 2007 Order").

16      On March 16, 2007, Bryant served a privilege log that listed as items Nos. 9 and 10 copies

17  of a fee agreement between MGA and the law firm of Littler Mendelson, P.C. ("Littler"). Littler

18  is counsel of record for Bryant in this action. Notably, however, the privilege log indicates that

19  the author of the fee agreement is "Robert F. Millman, Esq. (attorney with Littler Mendelson,

20  P.C., counsel for MGA Entertainment, Inc., and acting in his capacity as counsel for MGA

21  Entertainment, Inc.)." Proctor Decl., Ex. 5. The recipient is identified as "Daphne Gronich, Esq.

22

23      [1] The parties were able to resolve a portion of the motion during the briefing process. In addition to the fee
24  agreements, Mattel originally sought production of a communication between MGA's patent counsel to Mr. Bryant
    regarding a patent for interchangeable doll footgear and feet. A day before the opposition brief was due, Bryant
25  offered to produce the communication if Mattel agreed that doing so would not constitute a waiver of privilege as to
    any other document or testimony. Mattel accepted Bryant's offer. See Bryant's Opposition at 1 and Mattel's Reply
26  at 1. Mattel continues to assert, however, that Bryant's conduct warrants sanctions because Bryant should have
    offered to produce the communication during the meet and confer process.

27

28  Bryant v. Mattel, Inc.,
    CV-04-09049 SGL (RNBx)

EXHIBIT 4 PAGE 59

1   (general counsel for MGA Entertainment, Inc.)." Id. Privilege Log Entry Nos. 9 and 10 are both

2   described as an "addendum to retainer agreement between Littler Mendelson, P.C. and MGA

3   Entertainment, Inc." Id. The only difference in the description is that Privilege Log Entry No. 9

4   is "executed," whereas No. 10 is a "draft." Id. In his opposition brief, Bryant represents that

5   items No. 9 and No. 10 are "the same document, save that one copy has two signatures and the

6   other only one." Id. Bryant is not a party to the fee agreement. MGA, however, has apparently

7   asserted the attorney-client privilege as to item Nos. 9 and 10 and Bryant is withholding the

8   document pursuant to their joint defense agreement. Bryant's Opposition at 3.

9       Mattel contends that the fee agreement identified as items No. 9 and 10 should be

10  produced pursuant to the January 25, 2007 Order. Mattel contends that although Bryant was not a

11  party to that agreement, the agreement between MGA and Littler is nevertheless an agreement for

12  MGA to pay Bryant's legal fees and is relevant to show Bryant's bias and lack of credibility.

13  Mattel further contends that the agreement between MGA and Littler is not privileged under

14  Ninth Circuit law. See e.g. United States v. Blackman, 72 F.3d 1418, 1424 (9th Cir. 1995) ("[a]s a

15  general rule, client identity and the nature of the fee arrangement between attorney and client are

16  not protected from disclosure by the attorney-client privilege."); Clarke v. American Commerce

17  Natl. Bank, 974 F.2d 127, 129 (9th Cir. 1992) ("Our decisions have recognized that the identity of

18  the client, the amount of the fee, the identification of payment by case file name, and the general

19  purpose of the work performed are usually not protected from disclosure by the attorney-client

20  privilege.").

21      Bryant contends that the documents at issue are in his possession solely because they were

22  provided to his counsel under a joint defense agreement. He contends that this joint defense

23  agreement prevents him from waiving the attorney-client privilege asserted by MGA. He further

24  asserts that if Mattel wants to challenge the privilege asserted, Mattel should seek the document

25  directly from MGA.

### III. DISCUSSION

26      For reasons already set forth in the January 25, 2007 Order, the documents at issue are

27  relevant to the claims and defenses in the case. Pursuant to the terms of the January 25, 2007

28  Bryant v. Mattel, Inc.,
    CV-04-09049 SGL (RNBx)                                                                3

EXHIBIT 4 PAGE 60

1  Order, Bryant was required to either produce the documents or identify them on a privilege log.

2  As the party withholding the documents, Bryant was required to substantiate the claim of

3  privilege under Federal Rule of Civil Procedure 26(b)(5). He has failed to do so. Bryant has not

4  made any attempt to submit affidavits or other admissible evidence to establish that, for instance,

5  the withheld documents contain confidential attorney-client communications made for the

6  purpose of giving legal advice. Nor has he made any challenge to the caselaw cited by Mattel

7  holding that, in general, fee agreements are not privileged under Ninth Circuit law. That Bryant

8  and MGA are parties to a joint defense agreement does not excuse Bryant from substantiating the

9  underlying claim of attorney-client privilege. See Griffin v. Davis, 161 F.R.D. 687, 691 (C.D.

10  Cal. 1995).

11   Moreover, MGA, which participated in the meet and confer on this motion and was served

12  with the motion[2], has not made any attempt to substantiate its claim of the attorney-client

13  privilege other than the unsupported assertions in Bryant's privilege log. Therefore, the claim of

14  privilege is overruled as to privilege log items Nos. 9 and 10 and the documents are ordered

    produced.

15  <div align="center">IV. CONCLUSION</div>

16   For the reasons set forth above, Bryant is ordered to produce privilege log items Nos. 9

17  and 10 forthwith. Mattel's motion for sanctions is denied.

18   Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery

19  Master, Bryant shall file this Order with the Clerk of Court forthwith.

20

21  Dated:  June 19, 2007

22         /s/ Edward A. Infante

23         HON. EDWARD A. INFANTE (Ret.)
           Discovery Master

24

25

26   [2] See Mattel's Reply at 1.

27

28  Bryant v. Mattel, Inc.,
    CV-04-09049 SGL (RNBx)

EXHIBIT 4 PAGE 61

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on June 19, 2007,
I served the attached ORDER GRANTING IN PART AND DENYING IN PART
MATTEL'S MOTION TO ENFORCE THE COURT'S ORDER OF JANUARY 25, 2007,
TO COMPEL PRODUCTION OF DOCUMENTS BY CARTER BRYANT AND FOR
SANCTIONS in the within action by e-mail addressed as follows:

| | | |
|---|---|---|
| Robert Millman Esq. | Littler Mendelson | rfmillman@littler.com |
| Douglas Wickham Esq. | Littler Mendelson | dwickham@littler.com |
| Keith Jacoby Esq. | Littler Mendelson | kjacoby@littler.com |
| Dominic Messiha Esq | Littler Mendelson | dmessiha@littler.com |
| Diba Rastegar Esq. | Littler Mendelson | drastegar@littler.com |
| Michelle Park Esq. | Littler Mendelson | mpark@littler.com |
| Alaya B. Meyers, Esq. | Littler Mendelson | ameyers@littler.com |
| Brady Mitchell, Esq. | Littler Mendelson | bmitchell@littler.com |
| Carol Miller, Esq. | Littler Mendelson | cmiller@littler.com |
| Ryan P. Eskin, Esq. | Littler Mendelson | reskin@littler.com |
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | jbq@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| Dale Cendali Esq. | O'Melveny & Myers LLP | dcendali@omm.com |
| Diana Torres Esq. | O'Melveny & Myers LLP | dtorres@omm.com |
| James Jenal Esq. | O'Melveny & Myers LLP | jjenal@omm.com |
| Alicia Meyer Esq. | O'Melveny & Myers LLP | ameyer@omm.com |
| Jennifer Glad Esq. | O'Melveny & Myers LLP | jglad@omm.com |
| David Hurwitz, Esq. | O'Melveny & Myers LLP | dhurwitz@omm.com |
| Johanna Schmitt Esq. | O'Melveny & Myers LLP | jschmitt@omm.com |
| Michael C. Keats, Esq. | O'Melveny & Myers LLP | mkeats@omm.com |
| Kendall Burr, Esq. | O'Melveny & Myers LLP | kburr@omm.com |
| Melanie Bradley, Esq. | O'Melveny & Myers LLP | mbradley@omm.com |
| Patricia Glaser Esq. | Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP | pglaser@chrisglase.com |

I declare under penalty of perjury under the laws of the Untied States of America that
the above is true and correct.

Executed on June 19, 2007, at San Francisco, California.

Sandra Chan

EXHIBIT 4 PAGE 62

<div align="center">PROOF OF SERVICE</div>

1

2      I am employed in the City and County of San Francisco, State of California in the office

3  of a member of the bar of this court at whose direction the following service was made.  I am
over the age of eighteen years and not a party to the within action.  My business address is Keker

4  & Van Nest, LLP, 710 Sansome Street, San Francisco, California  94111.

5  On June 20, 2007, I served the following document(s):

6      **ORDER GRANTING IN PART AND DENYING IN PART MATTEL'S
MOTION TO ENFORCE THE COURT'S ORDER OF JANUARY 25, 2007,**

7      **TO COMPEL PRODUCTION OF DOCUMENTS BY CARTER BRYANT
AND FOR SANCTIONS**

8

9  by regular **UNITED STATES MAIL** by placing a true and correct copy in a sealed envelope
addressed as shown below.  I am readily familiar with the practice of Keker & Van Nest, LLP for

10  collection and processing of correspondence for mailing.  According to that practice, items are
deposited with the United States Postal Service at San Francisco, California on that same day

11  with postage thereon fully prepaid.  I am aware that, on motion of the party served, service is
presumed invalid if the postal cancellation date or the postage meter date is more than one day

12  after the date of deposit for mailing stated in this affidavit.

13  John B. Quinn                                Diana M. Torres
    Michael T. Zeller                            O'Melveny & Myers, LLP

14  Quinn Emanuel Urquhart Oliver & Hedges, LLP  400 S. Hope Street

15  865 South Figueroa Street, 10th Floor        Los Angeles, CA  90071
    Los Angeles, CA  90017-2543                  Tel:   213/430-6000

16  Tel:   213/443-3000                          Fax:   213/430-6407
    Fax:   213/443-3100                          Email: dtorres@omm.com

17  Quinn: johnquinn@quinnemanuel.com

18  Zeller: michaelzeller@quinnemanuel.com

19  Patricia L. Glaser
    Christensen Glaser Fink Jacobs Weil & Shapiro

20  10250 Constellation Blvd., 19th Floor

21  Los Angeles, CA  90067
    Tel:   310/553-3000

22  Fax:   310/556-2920
    Email: pglaser@chrisglase.com

23

24      Executed on June 20, 2007, at San Francisco, California.

25      I declare under penalty of perjury under the laws of the State of California that the above
is true and correct.

26

27                                _Julie Selby_

28                                JULIE A. SELBY

<div align="center">PROOF OF SERVICE
CASE NO. CV 04-09049 SGL (RNBx)</div>   EXHIBIT 4  PAGE 69B

**Exhibit 5**

CONFORMED COPY

LODGED

FILED

2007 MAY 16  PM 1: 59   2007 MAY 16  PM 2: 00

CLERK U.S. DISTRICT COURT   CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.   CENTRAL DIST. OF CALIF.
RIVERSIDE   RIVERSIDE
BY _____   BY _____

1  Hon. Edward A. Infante (Ret.)
   JAMS
2  Two Embarcadero Center
   Suite 1500
3  San Francisco, California 94111
   Telephone:   (415) 774-2611
4  Facsimile:   (415) 982-5287

5

6

7                UNITED STATES DISTRICT COURT

8                CENTRAL DISTRICT OF CALIFORNIA

9                       EASTERN DIVISION

10

11  CARTER BRYANT, an individual,        CASE NO. C 04-09049 SGL (RNBx)
                                          JAMS Reference No. 1100049530
12                 Plaintiff,

13         v.                             Consolidated with
                                          Case No. CV 04-09059
14  MATTEL, INC., a Delaware corporation, Case No. CV 05-2727

15                 Defendant.             ORDER GRANTING MATTEL'S
                                          MOTION TO COMPEL PRODUCTION
16                                        OF DOCUMENTS AND
                                          INTERROGATORY RESPONSES BY
17  CONSOLIDATED WITH                     MGA
    MATTEL, INC. v. BRYANT and
18  MGA ENTERTAINMENT, INC. v. MATTEL,
    INC.
19

20

21                    I.  INTRODUCTION

22      On February 2, 2007, Mattel, Inc. ("Mattel") submitted its Motion To Compel Production

23  of Documents and Interrogatory Answers by MGA Entertainment, Inc. ("MGA").  On February

24  20, 2007, MGA submitted its opposition brief, and on February 26, 2007, Mattel submitted a

25  reply brief.  The matter was heard on March 5, 2007.  Thereafter the motion was taken under

26  submission pending the parties' submission of a proposed protective order, which was received

27

28
    Bryant v. Mattel, Inc.,
    CV-04-09049 SGL (RNBx)                                                    1

EXHIBIT 5 PAGE 64

1   on April 23, 2007. Having considered the motion papers and comments of counsel at the hearing,

2   Mattel's motion to compel is granted.

## II. BACKGROUND

### A. Requests for Documents

5   In June of 2004, two months after Mattel filed suit against Bryant, and before MGA

6   became a party to the action, Mattel served MGA with an eight-page subpoena for twenty-one

7   categories of documents, to be produced in ten days. MGA filed a motion to quash, which the

8   court granted because of the short amount of time provided for compliance with the subpoena.

9   The parties met and conferred in July of 2004, and reached an agreement to limit the scope of

10  some of Mattel's requests. In particular, the parties agreed to limit production to the "first

11  generation" Bratz dolls. On August 12, 2004, MGA produced documents.

12  In 2005, the parties stipulated to supplementing their document productions on May 16,

13  2005. Mattel agreed to continue limiting its discovery requests to "first generation" Bratz dolls.

14  In September of 2006, MGA made a supplemental production of documents. On February

15  5, 2007, MGA produced about 2,300 pages of documents to replace earlier produced documents

16  with legibility problems. On February 20, 2007, MGA produced an additional 224 pages of

17  documents to replace earlier produced documents with legibility problems.

18  Mattel now moves to compel MGA to produce documents responsive to its requests. As a

19  preliminary matter, Mattel contends that MGA's production is deficient because it contains

20  redactions and cut-off text. Further, Mattel contends that MGA's production is incomplete with

21  respect to essentially five categories of documents. First, Mattel contends that MGA is

22  withholding documents relating to the origins of Bratz and Bryant's work for MGA. Mattel

23  believes that MGA's production is incomplete based upon its review of documents that have been

24  produced by third party Steven Linker. According to Mattel, Linker's documents from October

25  of 2000 show that Bratz was much farther along before Bryant left Mattel than MGA or Bryant

26  previously represented. Mattel also contends that MGA's responses to the document requests

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

2

EXHIBIT 5 PAGE 65

1   contain inappropriate limitations, such as MGA's statement that it will produce "relevant and

2   responsive non-objectionable documents" or only that it will produce documents "sufficient" to

3   show when certain dates relating to Bratz occurred.  Mattel contends that these "carve outs

4   purport to allow MGA to cherry-pick what it will and will not produce to Mattel."  Mattel's

5   Separate Statement at 17:11-13.  Mattel also contends that the carve-outs fail to provide notice of

6   what is or is not being withheld.  Mattel also contends that MGA's objections based upon its

7   confidentiality concerns or the privacy rights of third parties are unwarranted in light of the

8   protective order in place.  In addition, Mattel contends that MGA's objection to producing

9   documents relating to activities or conduct in foreign countries is wholly improper because those

10  documents may contain information relevant to Mattel's claims.

11      Second, Mattel seeks documents relating to the origins of Bratz, regardless of whether

12  such documents relate to the "first generation" Bratz dolls.  Mattel argues that whether the work

13  ultimately resulted in Bratz dolls that were released at a particular time does not matter for

14  discovery purposes.  Mattel contends that the works created by Bryant during his Mattel

15  employment are highly relevant because Mattel owns them, regardless of whether they resulted in

16  a Bratz doll released at a particular time.[1]

17      Mattel next contends that MGA is improperly withholding documents about designs

18  Bryant created on Bratz dolls that were released after June 2001, even though such designs may

19  be derivative of work he did when employed by Mattel.  Mattel contends that it is entitled to

20  explore whether such works and the profits from Bratz dolls other than the "first generation"

21  Bratz dolls were derived from works owned by Mattel both for purposes of establishing liability

22  and damages.  Furthermore, Mattel asserts that the "first generation" limitation on discovery is

23  improper in light of Bryant's continuing duty not to use Mattel's confidential and proprietary

24  information as well as MGA's unfair competition claims.

25  _____

26      [1]  Mattel also reiterates many of the arguments it made previously in connection with its earlier filed motion to compel Bryant to produce documents.

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)                                                        3

EXHIBIT 5 PAGE 46

1    Mattel also asserts that MGA is improperly withholding documents relating to products,

2  services and matters other than those relating to "dolls." According to Mattel, it has evidence that

3  Bryant conceived of marketing and advertising ideas for the Bratz line while he was employed by

4  Mattel. Mattel contends that any such ideas or contributions may belong to it pursuant to the

5  Inventions Agreement.

6    Third, Mattel seeks documents relating to all of MGA's payments to Bryant, and not just

7  payments for the "first generation" Bratz dolls. Mattel asserts that such information is relevant

8  because (1) Mattel seeks all benefits Bryant received as a result of violating his duties to Mattel;

9  (2) under the Copyright Act, Mattel is entitled to all profits from infringement as well as actual

10  damages; and (3) payments may show when and what trade secret information Bryant and other

11  defendants allegedly misappropriated from Mattel.

12    Fourth, Mattel seeks documents relating to MGA's agreements with Bryant. Mattel

13  contends that all agreements between Bryant and MGA are relevant, not just the original

14  September 18, 2000 agreement. In particular, Mattel contends that it is entitled to discover all

15  documents relating to MGA and Bryant's alleged joint defense agreement because such

16  information would be relevant to demonstrate bias and lack of credibility.

17    Fifth, Mattel seeks production of all declarations, affidavits and other sworn written

18  statements from other cases that refer or relate to Bratz or Angel. Mattel contends that such

19  information may reveal relevant information about the date of creation of Bryant's Bratz

20  drawings.

21    In response, MGA denies withholding responsive documents and asserts that it has

22  produced volumes of documents responsive to Mattel's requests. In particular, MGA represents

23  that it has produced all responsive and relevant documents that it was able to locate in response to

24  request nos. 6, 7, 9, 26, 27, 32, 33, 34, 35, 36, 55, 69, and 70. Further, MGA asserts that even

25  before the motion was filed, it had agreed to address the vast majority of the issues raised in this

26  motion. In particular, MGA represents that it is diligently working to produce documents related

27

28

EXHIBIT 5 PAGE 67

1   to Bratz other than "first generation" Bratz in response to request nos. 1, 2, 8, 10, 11, 43, 45, 46,

2   49, 50, 51, 53, 57, 59, 61, 63, 64, 66, 96, 97, 98, 99 and 100. MGA represents that it informed

3   Mattel that it would produce documents pertaining to subsequent generations of Bratz dolls that

4   have been released on the market. In addition, MGA represents that it has agreed to produce

5   documents relevant to Bratz or Prayer Angels that it received from Union Bank. More

6   specifically, MGA represents that it agreed to review and produce documents provided to it by

7   Union Bank for the years 1999 – 2001 concerning payments that it could identify as being for

8   Bratz or Prayer Angels. MGA also represents that it has agreed to produce royalty statements.

9   Therefore, MGA views the motion as unnecessary.

10      MGA next contends that Mattel's motion should be denied for the following additional

11  reasons. First, MGA contends that Mattel is not entitled to MGA's product design documents for

12  unreleased products. MGA asserts that its product design documents for its unreleased toy

13  concepts are among its most highly valuable trade secrets. Furthermore, MGA contends that

14  designs and drawings for products currently under development, over six years after Bryant first

15  created his original Bratz drawings, have no relevance to any of Mattel's claims. In the event that

16  documents relating to unreleased products are ordered produced, MGA requests a protective order

17  under Rule 26(c), Fed.R.Civ.P., that limits the dissemination of its documents more drastically

18  than the current protective order provides. In the alternative, MGA requests that any order

19  compelling production of documents relating to unreleased products should essentially be stayed

20  until after MGA's products are publicly released.

21      Second, MGA contends that Mattel is not entitled to information concerning Bryant's

22  attorneys' fees because the information is privileged. Furthermore, MGA contends that the

23  information is not relevant to demonstrate bias because "there is no dispute that Bryant's interests

24

25

26

27

28

EXHIBIT 5 PAGE 68

1    in this case are aligned with those of MGA, and that Bryant is 'biased' in that sense." MGA's

2    Opposition at 24:9-12.[2]

3       Third, MGA asserts that Mattel is not entitled to review all non-public witness statements

4    and litigation documents concerning Bratz for a variety of reasons, including because Mattel has

5    refused to produce similar types of documents. More significantly, MGA contends that Mattel's

6    requests for non-public witness statements are "a blatant attempt to avoid the discovery

7    limitations imposed by both the Federal Rules of Civil Procedure and those additional limitations

8    imposed by this Court." MGA's Opposition at 25:6-7. MGA explains its position as follows.

9    MGA is involved in litigation against a number of counterfeiters and infringers in Asia. In 2003,

10   Mattel allegedly began feeding documents concerning "Toon Teens" to those defendants in an

11   attempt to prove that Bryant created Bratz while working at Mattel, even though Mattel

12   abandoned its claims based upon "Toon Teens" in this court. Thereafter, those defendants took

13   the position that MGA did not own, and therefore could not enforce, the rights to Bratz. MGA

14   was thus forced to litigate the issue of ownership. MGA contends that "[i]n effect, by prompting

15   foreign counterfeiters to espouse a theory that Mattel now admits has no merit, Mattel has created

16   a situation in which MGA has been forced to give testimony and provide evidence related to

17   issues in this case that Mattel now seeks to obtain wholesale." MGA's Opposition at 25:5-24.

18       Fourth, MGA contends that Mattel is not entitled to documents concerning a family

19   dispute between MGA's chief executive officer and his brother because such documents are in no

20   way relevant to this lawsuit. MGA explains that the brothers were involved in an arbitration

21   proceeding relating to MGA's CEO's purchase of his brother's interest in MGA. Moreover,

22   MGA contends that the brothers were bound by a protective order prohibiting the use of any

23   documents or testimony for any purpose other than the arbitration.

24

25    ——————————————

26      [2] Nevertheless, MGA represents that it has produced the only non-privileged document responsive to the request.

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)                                     6

EXHIBIT 5 PAGE 69

1    Fifth, MGA contends that Mattel is not entitled to its chief executive officer's personnel

2    files because they contain confidential information and are not relevant to the lawsuit. Sixth,

3    MGA contends that Mattel is not entitled to obtain documents from MGA that belong to, and are

4    in the possession, custody and control of, its indirect foreign subsidiary, MGA HK Ltd. Lastly,

5    MGA objects to producing documents relating to any testing performed to determine the date that

6    Bratz documents were created. MGA contends that such discovery is premature and should not

7    proceed until experts are designated.

8         B. Interrogatories

9         On April 28, 2005, Mattel served its Second Set of Interrogatories. On May 20, 2005,

10   however, the district court stayed the action. On May 17, 2006, the district court lifted the stay.

11   On May 30, 2006, MGA responded to the interrogatories.

12        Mattel contends that MGA's responses to the interrogatories were untimely. Further,

13   Mattel contends that the interrogatory responses to numbers five through eleven are deficient

14   because they lack substantive information and consist almost entirely of objections. MGA

15   responds that the motion is moot because it is prepared to provide supplemental responses to its

16   interrogatories. MGA does not otherwise assert any additional grounds for opposing Mattel's

17   motion to compel responses to interrogatories.

18                    III. DISCUSSION

19        A. Rule 26 of the Federal Rules of Civil Procedure

20        Rule 26 of the Federal Rules of Civil Procedure provides that "[p]arties may obtain

21   discovery regarding any matter, not privileged, that is relevant to the claim or defense of any

22   party." Fed.R.Civ.P. 26(b)(1). "Relevant information need not be admissible at trial if the

23   discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id.

24   Discovery shall, however, be limited by the court if it determines that: "(i) the discovery sought is

25   unreasonably cumulative or duplicative, or is obtainable from some other source that is more

26   convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)                                                                                    7

EXHIBIT 5 PAGE 640

1    opportunity by discovery in the action to obtain the information sought; or (iii) the burden or

2    expense of the proposed discovery outweighs its likely benefit, taking into account the needs of

3    the case, the amount in controversy, the parties' resources, the importance of the issues at stake in

4    the litigation, and the importance of the proposed discovery in resolving the issues." Fed.R.Civ.P.

5    26(b)(2).

6         B.   Document Requests

7              1.   Requests re Origins of Bratz and Bryant's Work for MGA (Nos. 6, 26, 27, 32, 33,

8                   34, 35, 51, 53, 55, 64, 69, 96, 97, 98, 99, 100

9         The requests above seek discoverable information regarding the origins of Bratz and

10   Bryant's work for MGA.   MGA represents that it has produced all responsive documents in

11   response to request nos. 6, 26, 27, 32, 33, 34, 35, 55,and  69 (MGA's Opposition at 13:4-5), and is

12   "diligently working to produce documents in response to" request nos. 51, 53, 64, 96, 97, 98, 99,

13   and 100, including documents related to Bratz other than "first generation" (MGA's Opposition at

14   14:1-4 and note 39).   MGA does, however, object to producing design documents for unreleased

15   products and documents from MGA Hong Kong.

16        As a threshold matter, MGA's responses are inadequate to the extent MGA has restricted

17   its production to "relevant and responsive non-objectionable documents" or documents

18   "sufficient" to show when events relating to Bratz occurred.   These restrictions suggest that MGA

19   might be excluding documents that are responsive to the request based upon its unilateral

20   determination of what is "relevant" or "sufficient."   Mattel shall provide the responses to

21   document requests ordered herein without these restrictions.

22                         Design Documents for Unreleased Products

23        MGA's design documents for unreleased products are relevant to Mattel's claims and

24   defenses and must be produced.   See Order Modifying Protective Order.   On April 23, 2007, the

25   parties submitted a stipulation to modify the existing protective order to limit the disclosure of

26   design documents for unreleased products that constitute trade secret information.   See Stipulation

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)                                                                            8

EXHIBIT ___ PAGE ___

1  to Modify Protective Order; And Proposed Order Thereon ("stipulation"). The parties' stipulation

2  has been approved and entered as an order of the court. MGA is ordered to produce design

3  documents for unreleased products that are responsive to Mattel's document requests in

4  accordance with the terms of the stipulation and order.

5  <u>Documents from MGA Hong Kong</u>

6  Documents relating to activities or conduct in foreign countries are relevant and

7  discoverable because Mattel has evidence indicating that MGA Hong Kong was involved with

8  Bratz. Nevertheless, MGA objects to producing documents from Hong Kong unless Mattel

9  provides reciprocal discovery from its subsidiaries.

10  Whether MGA is entitled to discovery from Mattel's subsidiaries has not been briefed in

11  the context of this motion, and therefore is not addressed herein. MGA is ordered to produce

12  documents from MGA Hong Kong.

13  Mattel's motion is granted with respect to request nos. 6, 26, 27, 32, 33, 34, 35, 51, 53, 55,

14  64, 69, 96, 97, 98, 99, 100.

15  2. <u>Additional Requests re Origins of Bratz (Nos. 7, 8, 9, 10, 11, 12, 13, 36, 46, 57, 59,</u>

16  <u>61, 63, 66, 67, 70, 88, 90, 91</u>

17  Mattel contends that MGA is improperly limiting its document production to the "first

18  generation" Bratz dolls. MGA represents, however, that it has agreed to produce subsequent

19  generations of Bratz products (MGA's Opposition at 9:20-25, 13:6-14:1), except design

20  documents for yet unreleased products.

21  As stated previously, design documents for yet unreleased products are relevant and

22  discoverable. <u>See</u> Order Modifying Protective Order. Accordingly, MGA is ordered to produce

23  all non-privileged documents that are responsive to request nos. 7, 8, 9, 10, 11, 12, 13, 36, 46, 57,

24  59, 61, 63, 66, 67, 70, 88, 90, and 91.

25  //

26  //

27

28

EXHIBIT 5 PAGE 2L

1        3. <u>MGA's Payments to Bryant (Nos.43, 45)</u>

2       MGA represents that it has already agreed to produce documents related to Bratz, without

3 limiting its production to "first generation" Bratz. MGA's motion at 13:7-14:3. Nevertheless,

4 Mattel is entitled to an order compelling production of such documents by a date certain. Mattel's

5 motion is granted with respect to request nos. 43 and 45.

6        4. <u>MGA's Agreements with Bryant (Nos. 1, 2, 49, 50)</u>

7       MGA represents that it has already agreed to produce non-privileged documents

8 responsive to request nos. 1, 2, 49, and 50, even though it believes that such documents are not

9 relevant (MGA's motion at 13:7-14:3). These requests seek documents relating to fee or

10 indemnity agreements between MGA and Bryant .

11       Fee or indemnity agreements are relevant to demonstrate bias and lack of credibility.

12 Accordingly, Mattel's motion is granted with respect to request nos. 1, 2, 49, and 50. Any

13 responsive documents withheld on the basis of a privilege must be properly identified in a

14 privilege log.

15       5. <u>Declarations, Affidavits & Other Sworn Written Statements (Nos. 37, 38, 39, 40,</u>

16       <u>41,</u>

17       In request nos. 37, 38, 390, 40, and 41, Mattel seeks production of declarations, affidavits,

18 and other sworn written statements from cases that refer or relate to Bratz or Angel. Mattel

19 anticipates that these documents could provide evidence relating to the conception date for Bratz.

20       Request nos. 37, 38, 39, 40, and 41 seek relevant information regarding the conception

21 date for Bratz. MGA admits in its opposition brief that this issue was litigated in its suits against

22 alleged counterfeiters and infringers.[3] The issue also appears to have been raised in the

23 arbitration proceedings between MGA's chief executive officer, Isaac Larian, and his brother

24 Farhad Larian. In those proceedings, Farhad Larian alleged that Isaac Larian concealed from him

---

25

26    [3] Although MGA questions the propriety of Mattel providing assistance to the alleged counterfeiters and infringers in raising ownership of Bratz as a defense against MGA's claims, MGA has not cited to any legal authority that prohibits Mattel's conduct.

27

28   Bryant v. Mattel, Inc.,
  CV-04-09049 SGL (RNBx)                      10

EXHIBIT S PAGE 72