AO88  (Rev.  12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

**Exhibit 10**

RECEIVED

FEB 26 2008

1  THOMAS J. NOLAN (Bar No. 66992)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2  300 South Grand Avenue
   Los Angeles, California 90071-3144
3  Telephone: (213) 687-5000
   Facsimile: (213) 687-5600
4  E-mail: tnolan@skadden.com

5  RAOUL D. KENNEDY (Bar No. 40892)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
6  Four Embarcadero Center, 38th Floor
   San Francisco, California 94111-5974
7  Telephone: (415) 984-6400
   Facsimile: (415) 984-2698
8  E-mail: rkennedy@skadden.com

9  Attorneys for Christina (Tina) Tomiyama

10           UNITED STATES DISTRICT COURT

11           CENTRAL DISTRICT OF CALIFORNIA

12                  EASTERN DIVISION

13  IN THE MATTER OF SUBPOENA      ) CASE NO. CV 04-9049 SGL (RNBx)
    TO CHRISTINA (TINA) TOMIYAMA   )
14  ISSUED IN                      ) Consolidated with Case No. 04-9059
                                   ) and Case No. 05-2727
15  CARTER BRYANT, an individual   )
                                   ) OBJECTIONS OF NON-PARTY
16              Plaintiff,         ) CHRISTINA (TINA) TOMIYAMA
                                   ) TO MATTEL, INC.'S SUBPOENA
17       v.                        ) FOR PRODUCTION OF
                                   ) DOCUMENTS TO TINA
18  MATTEL, INC., a Delaware       ) TOMIYAMA
    corporation                    )
19                                 ) DISCOVERY MATTER
               Defendant.          )
20  ─────────────────────────────  ) Phase 1:
    Consolidated with MATTEL, INC. v. ) Discovery Cut-Off:    January 28, 2008
21  BRYANT and MGA                 ) Pre-Trial Conference: May 5, 2008
    ENTERTAINMENT, INC. v.         ) Trial Date:           May 27, 2008
22  MATTEL, INC.                   )
                                   )
23  ─────────────────────────────  )

24

25

26                          EXHIBIT ___10___

27                          PAGE ___163___

28                          2/26/08

1   Christina (Tina) Tomiyama hereby responds to Plaintiff Mattel, Inc.'s
2   ("Plaintiff") Subpoena for Production of Documents (the "Requests" or the
3   "Subpoena"), served on Tomiyama on February 17, 2008, as follows:

4   **GENERAL OBJECTIONS**

5       1.      Tomiyama objects to the Subpoena and each and every Request
6   to the extent that they seek documents that are protected from disclosure by any
7   applicable privilege, doctrine or right, including without limitation the attorney-client
8   privilege, the work product doctrine, the right of privacy, which is protected by
9   virtue of the Ninth Amendment to the United States Constitution, Article 1, Section 1
10  of the California Constitution, and all other rights and privileges recognized under
11  the constitutional, statutory or decisional law of the United States, the State of
12  California, and all relevant jurisdictions.  Nothing done in relation to the Subpoena is
13  intended to or shall operate as a waiver by Tomiyama, intentionally or otherwise, of
14  the attorney-client privilege, work product doctrine protection, or any other
15  applicable privilege, doctrine or immunity protecting the communications,
16  transactions or records of Tomiyama or any other person from disclosure.

17      2.      Tomiyama objects to the Subpoena and each and every Request
18  (including the Definitions and Instructions) to the extent that they are overbroad,
19  otherwise unlimited as to time, oppressive, vague, ambiguous, harassing, annoying,
20  redundant, duplicative, overlapping, repetitive or cumulative, and/or otherwise
21  unduly burdensome, thereby rendering the Subpoena unenforceable.  *See, e.g., High*
22  *Tech Medical Instrumentation v. New Image Indus.*, 161 F.R.D. 86, 88 (N.D. Cal.
23  1995) ('[T]he Ninth Circuit has long held that nonparties subject to discovery
24  requests deserve extra protection from the courts."); Fed. R. Civ. P. 45(c)(1) ("A
25  party or an attorney responsible for the issuance and service of a subpoena shall take
26  reasonable steps to avoid imposing undue burden or expense on a person subject to
27  that subpoena.").

EXHIBIT _____

28

PAGE _____ 164

1

3.      Tomiyama objects to the Subpoena and each and every Request to the extent they seek production of documents that have already been produced to Plaintiff, whether in these proceedings or any others.

4.      Tomiyama objects to the Definitions on the grounds that they are vague, unclear or overbroad and, when applied to the Requests, purport to impose on Tomiyama obligations not authorized by Rule 45 of the Federal Rules of Civil Procedure:

(a)      Tomiyama objects to the use of term "inventions" and "reductions to practice" as part of the definition of "DESIGN" or "DESIGNS," in that said terms are terms of art in the patent law.

(b)      Tomiyama objects to the extent that the definition of "MGA" purports to include counsel of record in THIS ACTION.

5.      Tomiyama objects to the Instructions to the extent that they purport to impose on Tomiyama any requirements not imposed by the Federal Rules of Civil Procedure:

(a)      Tomiyama objects to Mattel's instruction that "YOU are required to identify any and all DOCUMENTS sought by this document request that have been destroyed" on the grounds that it is beyond the scope of permitted document discovery.

(b)      Tomiyama objects to Mattel's instruction that "YOU are required to identify the source of all DOCUMENTS produced, and the person for whom, or department, division or office for which, such DOCUMENTS are maintained" on the grounds that it is beyond the scope of permitted document discovery.

(c)      Tomiyama objects to Mattel's instruction that "Each DOCUMENT shall be produced in its original file folder, or in lieu thereof, any writing on the file folder from which each such DOCUMENT is taken shall be

EXHIBIT __10__

PAGE __165__

2

1  copied and appended to such DOCUMENT" to the extent the instruction seeks

2  production of "file folders" for electronically stored documents.

3       6.      Except as otherwise stated below, an objection to a specific

4  document Request does not imply that the Tomiyama believes any documents

5  responsive to that category exist or that the MGA Entities accept the purported

6  factual predicate for any Request.

7       7.      By making the responses set forth below, Tomiyama does not

8  waive any of the aforesaid objections.

9                    **SPECIFIC OBJECTIONS AND RESPONSES**

10 <u>REQUEST NO. 1</u>:

11       All COMMUNICATIONS between YOU and MGA or BRYANT that

12 REFER OR RELATE TO MATTEL, BRATZ, BRYANT or THIS ACTION, and all

13 notes, phone logs or other DOCUMENTS that REFER OR RELATE thereto.

14 <u>RESPONSE TO REQUEST NO. 1</u>:

15       **Tomiyama incorporates by reference her General Objections as**

16 **though fully set forth herein.  There are no responsive documents.  However,**

17 **without waiving Tomiyama's General Objection to the definition of "MGA" to**

18 **the extent that it purports to include counsel of record in this action, to the**

19 **extent that Request No. 1 purports to request such communications between**

20 **Tomimaya and attorneys at Skadden, Arps, Slate & Meagher & Flom LLP,**

21 **Tomiyama further responds as follows.  Tomiyama objects to the production of**

22 **final expert reports previously furnished to Mattel.  Tomiyama has been**

23 **provided with copies of the expert reports of Robert Tonner, Professor Mary**

24 **Bergstein, Professor Peter Menell, Debora Middleton, Lee Loetz, and Bruce L.**

25 **Stein.  There are no responsive notes or phone logs.  All other responsive**

26 **documents will be produced.  All such responsive documents relate to**

27 **Tomiyama's retention by counsel as an expert witness herein.** EXHIBIT ___10___

28

1 | REQUEST NO. 2:

2 |       ALL COMMUNICATIONS between YOU and MGA or BRYANT that

3 | REFER OR RELATE TO MATTEL, BRATZ, BRYANT or THIS ACTION since

4 | April 27, 2004, and all notes, phone logs or other DOCUMENTS that REFER OR

5 | RELATE thereto.

6 | RESPONSE TO REQUEST NO. 2:

7 |       Tomiyama incorporates by reference her General Objections as

8 | though fully set forth herein.  Tomiyama further objects to this request on the

9 | grounds that it is duplicative of Request No. 1.  Any such documents will be

10 | produced in response to Request No. 1.  See response to Request No. 1.

11 | REQUEST NO. 3:

12 |       All DOCUMENTS that REFER OR RELATE TO any agreement or

13 | contract, including any proposed, offered, discussed, negotiated or executed

14 | agreement or contract, between YOU and MGA or BRYANT that REFERS OR

15 | RELATES to this ACTION, including without limitation all drafts thereof and all

16 | COMMUNICATIONS that REFER OR RELATE thereto.

17 | RESPONSE TO REQUEST NO. 3:

18 |       Tomiyama incorporates by reference her General Objections as

19 | though fully set forth herein.  The requested documents will be produced.  The

20 | only such agreement is Ms. Tomiyama's agreement retaining her as an expert

21 | witness in this matter herein.

22 | REQUEST NO. 4:

23 |       All DOCUMENTS that REFER OR RELATE TO any agreement or

24 | contract, including any proposed, offered, discussed, negotiated or executed

25 | agreement or contract, between YOU and MGA, BRYANT or any MATTEL

26 | competitor during the time period(s) that YOU were employed by or were a

27 | EXHIBIT ___to___

28 | PAGE ___167___

4

1 consultant for MATTEL, including without limitation all drafts thereof and all
2 COMMUNICATIONS that REFER OR RELATE thereto.
3 RESPONSE TO REQUEST NO. 4:
4         **Tomiyama incorporates by reference her General Objections as**
5 **though fully set forth herein.  Tomiyama further objects to the request on the**
6 **grounds that the term "competitor" is vague and indefinite.   Tomiyama further**
7 **responds that there are no responsive documents.**
8 REQUEST NO. 5:
9         All DOCUMENTS that REFER OR RELATE TO any work or services
10 that YOU performed for or on behalf of MGA, BRYANT or any MATTEL
11 competitor during the time period(s) that YOU were employed by or were a
12 consultant for MATTEL.
13 RESPONSE TO REQUEST NO. 5:
14         **Tomiyama incorporates by reference her General Objections as**
15 **though fully set forth herein.   Tomiyama further objects to the request on the**
16 **grounds that the term "competitor" is vague and indefinite.   Tomiyama further**
17 **responds that there are no responsive documents.**
18 REQUEST NO. 6:
19         All DOCUMENTS that REFER OR RELATE TO any payment of
20 money or consideration made to YOU or for YOUR benefit by any PERSON other
21 than MATTEL, including without limitation by BRYANT or MGA, for work,
22 activities or services that YOU performed during the time period(s) that YOU were
23 employed by or were a consultant for MATTEL.
24 RESPONSE TO REQUEST NO. 6:
25         **Tomiyama incorporates by reference her General Objections as**
26 **though fully set forth herein.   There are no responsive documents.**
27
28

EXHIBIT ___10___

PAGE ___168___

5

1  REQUEST NO. 7:

2        All DOCUMENTS, including COMMUNICATIONS, that REFER OR

3  RELATE TO any work or services pertaining to THIS ACTION that YOU

4  performed for or on behalf of MGA or BRYANT.

5  RESPONSE TO REQUEST NO. 7:

6        **Tomiyama incorporates by reference her General Objections as**

7  **though fully set forth herein.   Tomiyama further objects to this request on the**

8  **grounds that it is duplicative of Request No. 1.   Any such documents will be**

9  **produced in response to Request No. 1.   See response to Request No. 1.**

10  REQUEST NO. 8:

11        All DOCUMENTS that REFER OR RELATE TO any payment of

12  money or item of value made or offered to YOU or for YOUR benefit by BRYANT

13  or MGA, or requested or sought from BRYANT or MGA by YOU or for YOUR

14  benefit, at any time, including without limitation since April 27, 2004.

15  RESPONSE TO REQUEST NO. 8:

16        **Tomiyama incorporates by reference her General Objections as**

17  **though fully set forth herein.  Tomiyama was retained as an expert by counsel,**

18  **with payments to be made by MGA.   Documents relating thereto will be**

19  **produced.  There are no other responsive documents.**

20  REQUEST NO. 9:

21        All DOCUMENTS that REFER OR RELATE TO BRATZ, including

22  without limitation all DOCUMENTS that REFER OR RELATE TO the conception,

23  creation, design, development, engineering or sculpting of BRATZ.

24  RESPONSE TO REQUEST NO. 9:

25        **Tomiyama incorporates by reference her General Objections as**

26  **though fully set forth herein.   Tomiyama further objects to this request on the**

27  EXHIBIT ___10___

28  PAGE ___169___

6

1  grounds that it is duplicative of Request No. 1.  Any such documents will be

2  produced in response to Request No. 1.  See response to Request No. 1.

3  REQUEST NO. 10:

4          All DOCUMENTS that REFER OR RELATE TO work, activities or

5  services that YOU performed concerning BRATZ at any time, including without

6  limitation during the time period(s) that YOU were employed by or were a

7  consultant for MATTEL.

8  RESPONSE TO REQUEST NO. 10:

9          Tomiyama incorporates by reference her General Objections as

10 though fully set forth herein.   There are no responsive documents relating to

11 the time periods Tomiyama was employed by or was a consultant for Mattel.

12 Tomiyama further objects to the Request on the grounds of duplication. Any

13 such documents will be produced in response to Request No. 1.  See response to

14 Request No. 1.

15 REQUEST NO. 11:

16         All DOCUMENTS that REFER OR RELATE TO DESIGNS for

17 BRATZ, including without limitation any such DESIGNS made, produced, created,

18 authored, conceived of or reduced to practice by or for BRYANT.

19 RESPONSE TO REQUEST NO. 11:

20         Tomiyama incorporates by reference her General Objections as

21 though fully set forth herein.  Tomiyama further objects to this request on the

22 grounds that it is duplicative of Request No. 1.  Any such documents will be

23 produced in response to Request No. 1.  See response to Request No. 1.

24 REQUEST NO. 12:

25         All agreements or contracts between YOU and MATTEL that were

26 negotiated or executed at any time and that REFERS OR RELATES TO YOUR

27 MATTEL employment or separation from MATTEL, including agreements or

28

EXHIBIT ___/S

7

1  contracts that REFER OR RELATE TO YOUR rights and responsibilities as a

2  MATTEL employee, vendor or consultant.

3  RESPONSE TO REQUEST NO. 12:

4       **Tomiyama incorporates by reference her General Objections as**

5  **though fully set forth herein.  Tomiyama has one such agreement, the**

6  **agreement relating to her severance in connection with her involuntary**

7  **termination by Mattel in 2006.  Said agreement will be produced.**

8  REQUEST NO. 13:

9       All COMMUNICATIONS between YOU and MGA or BRYANT that

10  REFER OR RELATE TO any agreement or contract between YOU and MATTEL

11  that was negotiated or executed at any time that REFERS OR RELATES TO YOUR

12  MATTEL employment or separation from MATTEL, including agreements or

13  contracts that REFER OR RELATE TO YOUR rights and responsibilities as a

14  MATTEL employee, vendor or consultant, and all notes, phone logs and other

15  DOCUMENTS relating thereto.

16  RESPONSE TO REQUEST NO. 13:

17       **Tomiyama incorporates by reference her General Objections as**

18  **though fully set forth herein.  There are no responsive documents.**

19  REQUEST NO. 14:

20       All DOCUMENTS which YOU reviewed or upon which YOU relied

21  upon in connection with the Expert Report of Tina Tomiyama, dated February 11,

22  2008 (hereinafter, "YOUR REPORT").

23  RESPONSE TO REQUEST NO. 14:

24       **Tomiyama incorporates by reference her General Objections as**

25  **though fully set forth herein.  Tomiyama further objects to the request on the**

26  **grounds that the term "reviewed" is vague and indefinite.  Tomiyama further**

27  **objects to this request on the grounds that it is duplicative of Request No. 1.  See**

28

EXHIBIT __10__

PAGE __171__

8

1  response to Request No. 1. Tomiyama further responds that the documents
2  upon which she relied were identified in her expert report, and further that
3  these documents are pleadings in this action, documents or tangible items
4  produced by the parties to this action, or a website, the URL of which
5  Tomiyama set forth in her report. To the extent that Tomiyama considered any
6  additional documents, any such documents will be produced in response to
7  Request No. 1.

8  REQUEST NO. 15:

9       All COMMUNICATIONS that REFER OR RELATE TO, or are
10  referenced in, YOUR REPORT, and all notes, phone logs and other DOCUMENTS
11  that REFER OR RELATE thereto.

12  RESPONSE TO REQUEST NO. 15:

13       Tomiyama incorporates by reference her General Objections as
14  though fully set forth herein.  Tomiyama further objects to this request on the
15  grounds that it is duplicative of Request No. 1.  Any such documents will be
16  produced in response to Request No. 1.  See response to Request No. 1.

17  REQUEST NO. 16:

18       To the extent not produced in response to any other Request herein, all
19  DOCUMENTS referenced in YOUR REPORT.

20  RESPONSE TO REQUEST NO. 16:

21       Tomiyama incorporates by reference her General Objections as
22  though fully set forth herein.  Tomiyama further objects to this request on the
23  grounds that it is duplicative of Requests No. 1 and No. 14.  Any such
24  documents will be produced in response to Requests No. 1 and No. 14.  See
25  responses to Requests No. 1 and No. 14.

26
27
28

EXHIBIT __10__

PAGE __172__

9

1  REQUEST NO. 17:

2       All DOCUMENTS that REFER OR RELATE TO work that YOU

3  performed with, for or at the request of BRYANT, including without limitation

4  during the time that YOU and/or BRYANT were employed by MATTEL and

5  including without limitation all DESIGNS and DESIGN MATERIALS relating

6  thereto.

7  RESPONSE TO REQUEST NO. 17:

8       **Tomiyama incorporates by reference her General Objections as**

9  **though fully set forth herein. There are no responsive documents.**

10  REQUEST NO. 18:

11       All COMMUNICATIONS between YOU and Mary Bergstein, D. Jan

12  Duffy, Erich Joachimsthaler, Peter Menell, Paul Meyer, Debora Middleton, Erich

13  Speckin, Robert Tonner and/or any other PERSON known to YOU to have ever been

14  retained as an expert in THIS ACTION by BRYANT or MGA, and all notes, phone

15  logs and other DOCUMENTS that REFER OR RELATE thereto.

16  RESPONSE TO REQUEST NO. 18:

17       **Tomiyama incorporates by reference her General Objections as**

18  **though fully set forth herein. There are no responsive documents.**

19  REQUEST NO. 19:

20       All DOCUMENTS that YOU have received from or provided or

21  transmitted to, whether directly or indirectly, Mary Bergstein, D. Jan Duffy, Erich

22  Joachimsthaler, Peter Menell, Paul Meyer, Debora Middleton, Erich Speckin, Robert

23  Tonner and/or any other PERSON known to YOU to have ever been retained as an

24  expert in THIS ACTION by BRYANT or MGA, and all notes, phone logs and other

25  DOCUMENTS that REFER OR RELATE thereto.

26

27  EXHIBIT ___10___

28  PAGE ___173___

10

1  RESPONSE TO REQUEST NO. 19:

2      Tomiyama incorporates by reference her General Objections as
3  though fully set forth herein. Tomiyama further objects to the request on the
4  grounds that the term "indirectly" is vague and indefinite. She further
5  responds that there are no responsive documents, other than what may be
6  produced in response to Request 1.   See response to Request No. 1.

7  REQUEST NO. 20:

8      All     DOCUMENTS,     including     without     limitation     all
9  COMMUNICATIONS, that REFER OR RELATE to any MATTEL project, product
10 or potential or proposed product that was prepared, created or authored by YOU or
11 any other PERSON while YOU or such PERSON was employed by MATTEL and
12 that YOU either (a) shared with, transmitted to or provided to MGA or BRYANT in
13 any manner, whether in whole or in part, or (b) sent or transmitted out of, or took or
14 removed from MATTEL.

15 RESPONSE TO REQUEST NO. 20:

16     Tomiyama incorporates by reference her General Objections as
17 though fully set forth herein. There are no responsive documents.

18 REQUEST NO. 21:

19
20     All  DOCUMENTS  that  REFER  OR  RELATE  TO  BRYANT's
   employment by or work for MATTEL.
21

22 RESPONSE TO REQUEST NO. 21:

23     Tomiyama incorporates by reference her General Objections as
24 though fully set forth herein. There are no responsive documents, other than to
   the extent Ms. Tomiyama's expert report may be considered responsive.
25

26

27     EXHIBIT _/0_

28     PAGE _____/74_

11

1  REQUEST NO. 22:

2
3      All DOCUMENTS that REFER OR RELATE TO any work or services
   provided by any PERSON to or for MGA or BRYANT while such PERSON was a
4
   MATTEL employee or that REFER OR RELATE to the payment of any money or
5
   item of value by MGA or BRYANT to any PERSON while such PERSON was a
6
   MATTEL employee.
7  RESPONSE TO REQUEST NO. 22:

8
       **Tomiyama incorporates by reference her General Objections as**
9
   **though fully set forth herein.  There are no responsive documents.**
10
   REQUEST NO. 23:
11
12     To the extent not produced in response to any other Request herein, all
13 DOCUMENTS that REFER OR RELATE TO work or services provided by, or any
14 money or item of value paid to, any PERSON in connection with BRATZ, including
15 without limitation by or to Veronica Marlow, Margaret Hatch Leahy, Ana Cabrera,
16 Beatriz Morales, Maria Salazar, Anna Rhee or Elise Cloonan.

17 RESPONSE TO REQUEST NO. 23:

18     **Tomiyama incorporates by reference her General Objections as**
19 **though fully set forth herein.  There are no responsive documents.**

20 REQUEST NO. 24:

21
22     To the extent not produced in response to any other Request herein, all
   COMMUNICATIONS between YOU and any PERSON that REFER OR RELATE
23
   TO BRATZ, MGA, BRYANT or THIS ACTION at any time since January 1, 1999,
24
   and all notes, phone logs and other DOCUMENTS relating thereto.
25

26     EXHIBIT ___10___

27     PAGE _____175_____

28

12

OBJECTIONS OF CHRISTINA (TINA) TOMIYAMA TO
MATTEL, INC.'S SUBPOENA FOR PRODUCTION OF DOCUMENTS TO NON-PARTY TINA TOMIYAMA

1 | RESPONSE TO REQUEST NO. 24:

2 |        Tomiyama incorporates by reference her General Objections as

3 | though fully set forth herein.  There are no responsive documents.

4 |

5 | DATED:  February 25, 2008

6 |                                        SKADDEN, ARPS, SLATE, MEAGHER &
   |                                        FLOM, LLP

7 |

8 | By: _____

9 |                                        Kenneth A. Plevan
   |                                        *(admitted pro hac vice)*

10 |                                       Attorneys for Christina (Tina) Tomiyama

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |                              EXHIBIT ___10___

28 |                              PAGE ___176___

13

OBJECTIONS OF CHRISTINA (TINA) TOMIYAMA TO
MATTEL, INC.'S SUBPOENA FOR PRODUCTION OF DOCUMENTS TO NON-PARTY TINA TOMIYAMA
758936-New York Server 1A - MSW



EXHIBIT __10__

PAGE __177__

1 THOMAS J. NOLAN (Bar No. 066992)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2 300 South Grand Avenue
Los Angeles, CA  90071-3144
3 Telephone:  (213) 687-5000
Facsimile:   (213) 687-5600
4 E-mail:       tnolan@skadden.com

5 RAOUL D. KENNEDY (Bar No. 40892)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
6 Four Embarcadero Center, Suite 3800
San Francisco, CA  94111
7 Telephone: (415) 984-6400
Facsimile:  (415) 984-2698
8 E-mail:      rkennedy@skadden.com

9 Attorneys for Counter-Defendants,
MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA ENTERTAINMENT
10 (HK) LIMITED, AND MGAE de MEXICO S.R.L. de C.V.

11 **UNITED STATES DISTRICT COURT**

12 **CENTRAL DISTRICT OF CALIFORNIA**

13 **EASTERN DIVISION**

14

15 CARTER BRYANT, an individual )  CASE NO. CV 04-9049 SGL (RNBx)
)
16            Plaintiff,              )  Consolidated with Case No. 04-9059
)  and Case No. 05-2727
     v.                              )
17                                    )  **PROOF OF SERVICE RE**
   MATTEL, INC., a Delaware          )  **OBJECTIONS OF NON-PARTY**
18 corporation                       )  **CHRISTINA (TINA) TOMIYAMA**
)  **TO MATTEL, INC.'S SUBPOENA**
19            Defendant.             )  **FOR PRODUCTION OF**
)  **DOCUMENTS TO TIMA**
20                                    )  **TOMIYAMA**
)
21                                    )  Honorable Stephen G. Larson
)  Courtroom 1
22 ─────────────────────────── )
)
23 Consolidated with MATTEL, INC. v. )
   BRYANT and MGA                    )
24 ENTERTAINMENT, INC. v.            )
   MATTEL, INC.                      )
25                                    )

26

27                                       EXHIBIT ____10____

28                                       PAGE ____178____

---
PROOF OF SERVICE                                                    NO. CV 04-9049 SGL (RNBx)

1

## PROOF OF SERVICE

2

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 300 South Grand Avenue, 34th Floor, Los Angeles, CA 90071.

4

5

On **February 26, 2008**, I served the foregoing document described as:

6

**(1) OBJECTIONS OF NON-PARTY CHRISTINA (TINA) TOMIYAMA TO MATTEL, INC'S SUBPOENA FOR PRODUCTION OF DOCUMENTS TO TINA TOMIYAMA**

7

8

**(2) CD OF CHRISTINA (TINA) TOMIYAMA EXPERT DOCUMENTS (CT 00001 – CT00793)**

9

10

on the interested parties in this action addressed as follows:

11

**SEE ATTACHED SERVICE LIST**

12

13

☒   **(BY PERSONAL SERVICE)** ☐      By personally delivering copies to the person served. (FEDERAL) (As Noted.)

14

15

☒      I caused such documents to be hand delivered to the office of the addressee. (FEDERAL) (As Noted.)

16

17

☒   **(BY FEDERAL EXPRESS)** I am readily familiar with the firm's practice for the collection and processing of correspondence for mailing with Federal Express and the fact that the correspondence would be deposited with Federal Express that same day in the ordinary course of business; on this date, the above-referenced correspondence was placed for deposit at Los Angeles, California and placed for collection and mailing following ordinary business practices. (As Noted.)

18

19

20

21

22

I declare under penalty of perjury under the laws of the State of California and the United States of America that the above is true and correct.

23

Executed on **February 26, 2008** at Los Angeles, California.

24

25

Cecilia Reyes
PRINT NAME                         SIGNATURE

26

EXHIBIT  10

27

PAGE  179

28

1

1

## SERVICE LIST

2

3  John B. Quinn, Esq.
   Michael T. Zeller, Esq.
4  Jon D. Corey, Esq.
   Timothy L. Alger, Esq.
5  Quinn Emanuel Urquhart Oliver &
   Hedges, LLP
6  865 South Figueroa Street, 10th Floor
   Los Angeles, CA 90017-2543
7  (213) 443-3000
   (213) 443-3100 (Fax)
8
   Attorneys for Mattel, Inc.
9  [Personal Service]

10

11

12  Mark E. Overland, Esq.
    Alexander H. Cote, Esq.
    David C. Scheper, Esq.
13  Overland Borenstein Scheper & Kim
    300 South Grand Avenue, Suite 2750
14  Los Angeles, CA 90071
    (213) 613-4655
15  (213) 613-4656 (Fax)

16  Attorneys for Carlos Gustavo Machado
    Gomez
17  [Federal Express]

18

19

20

21

22

23

24

25

   John W. Keker, Esq.
   Michael H. Page, Esq.
   Keker & Van Nest, LLP
   710 Sansome Street
   San Francisco, CA 94111
   (415) 391-5400
   (415) 397-7188 (Fax)

   Attorneys for Carter Bryant
   [Federal Express]

26  EXHIBIT ___10___

27  PAGE ___180___

28

2

PROOF OF SERVICE                                        NO. CV 04-9049 SGL (RNBx)

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 090378)
2      johnquinn@quinnemanuel.com
     Michael T. Zeller (Bar No. 196417)
3      (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4      (joncorey@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
6  Facsimile:  (213) 443-3100

7  Attorneys for Mattel, Inc.

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10                         EASTERN DIVISION

11 | CARTER BRYANT, an individual,      | CASE NO. CV 04-9049 SGL (RNBx)
12 |                                     |
   |              Plaintiff,             | Consolidated with
13 |                                     | Case No. CV 04-09059
   |         vs.                         | Case No. CV 05-02727
14 |                                     |
   | MATTEL, INC., a Delaware            | **Proof of Service**
15 | corporation,                        |
   |                                     | Date:   TBA
16 |              Defendant.             | Time:   TBA
   |                                     | Place:  TBA
17 |                                     |
   |                                     | Discovery Cut-Off:   January 28, 2008
18 |                                     | Pre-Trial Conference: May 5, 2008
   |                                     | Trial Date:          May 27, 2008
19

20

21

22

23

24

25

26                              EXHIBIT ___10___

27                              PAGE ___181___

28

07209/2391134.1                              -1-            Case No. CV 04-9049 SGL (RNBx)
                                                            PROOF OF SERVICE

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543.

On March 17, 2008, I served true copies of the following document(s) described as **SECOND SUPPLEMENTAL DECLARATION OF DIANE C. HUTNYAN IN SUPPORT OF MATTEL, INC.'S REPLY RE EX PARTE APPLICATION FOR PROTECTIVE ORDER PREVENTING MGA'S UNAUTHORIZED DESTRUCTIVE SAMPLING OF THE PRINCE NOTARY BOOK** on the parties in this action as follows:

John W. Keker, Esq.
Michael H. Page, Esq.
Christina M. Anderson, Esq.
**Keker & Van Nest, LLP**
710 Sansome Street
San Francisco, CA 94111

**BY MAIL:** I enclosed the foregoing into sealed envelope(s) addressed as shown above, and I deposited such envelope(s) in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

**BY FEDEX:** I deposited such document(s) in a box or other facility regularly maintained by FedEx, or delivered such document(s) to a courier or driver authorized by FedEx to receive documents, in sealed envelope(s) or package(s) designated by FedEx with delivery fees paid or provided for, addressed to the person(s) being served.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 17, 2008, at Los Angeles, California.

Andrea Hoeven

EXHIBIT _____ 10 _____

PAGE _____ 182 _____

07209/2217871.1

## PROOF OF SERVICE

1

2       I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is Now Legal Service,

3   1301 W. 2nd Street, Suite 206, Los Angeles, CA 90026.

4       On March 17, 2008, I served true copies of the following document(s) described as **SECOND SUPPLEMENTAL DECLARATION OF DIANE C. HUTNYAN IN SUPPORT**

5   **OF MATTEL, INC.'S REPLY RE EX PARTE APPLICATION FOR PROTECTIVE ORDER PREVENTING MGA'S UNAUTHORIZED DESTRUCTIVE SAMPLING OF**

6   **THE PRINCE NOTARY BOOK** on the parties in this action as follows:

7       Thomas J. Nolan                Mark E. Overland

8       **Skadden, Arps, Slate, Meagher & Flom**   David C. Scheper

           **LLP**                         Alexander H. Cote

9       300 South Grand Ave., Ste. 3400      **Overland Borenstein Scheper & Kim**

          Los Angeles, CA 90071           **LLP**

10                                           300 South Grand Avenue, Suite 2750

                                           Los Angeles, CA 90071

11

12  **BY PERSONAL SERVICE:**  I delivered such envelope(s) by hand to the office of the person(s) being served.

13

14       I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

15       Executed on March 17, 2008, at Los Angeles, California.

16

17                                      NOW LEGAL -- Dave Quintana

18

19

20

21

22

23

24

25

26

27                              EXHIBIT   10

28                              PAGE    183

quinn emanuel