1 the term is overly broad and renders the request vague and ambiguous.  MGA further

2 objects to the use of the terms "valuable" and "property" as vague and ambiguous.

3        Subject to and without waiving the foregoing general and specific

4 objections, MGA responds as follows to the request:

5        Due to the overly broad and confusing nature of the Requests as a

6 consequence of Mattel's definitions, MGA states that it cannot "admit" or "deny" this

7 Request in a manner that would provide an accurate statement of MGA's position

8 that could not be used by Mattel to try to mislead the jury.  In lieu thereof, MGA

9 responds as follows: MGA admits that the dolls introduced by MGA to the market

10 for sale in May or June of 2001 known as "Bratz," and subsequent dolls, accessories

11 and other products sold under the Bratz brand, or associated by MGA with the Bratz

12 line of dolls, have value.

13

14 **REQUEST FOR ADMISSION NO. 11:**

15        Admit that BRATZ DOLLS are valuable property.

16 **RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

17        MGA incorporates by reference its General Response and General

18 Objections above, as though fully set forth herein and specifically incorporates

19 General Objection Nos. 12-13 (regarding Definitions), including but not limited to its

20 objections to the definition of "BRATZ DOLLS" on the grounds that Mattel's

21 definition of the term is overly broad and renders the request vague and ambiguous.

22 MGA further objects to the use of the terms "valuable" and "property" as vague and

23 ambiguous.

24        Subject to and without waiving the foregoing general and specific

25 objections, MGA responds as follows to the request:

26        Due to the overly broad and confusing nature of the Requests as a

27 consequence of Mattel's definitions, MGA states that it cannot "admit" or "deny" this

28 Request in a manner that would provide an accurate statement of MGA's position

MGA'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT _2_ PAGE _42_

1  that could not be used by Mattel to try to mislead the jury.  In lieu thereof, MGA

2  responds as follows: MGA admits that dolls introduced by MGA to the market for

3  sale in May or June of 2001 known as "Bratz," and subsequent dolls introduced by

4  MGA to the market known as "Bratz," have value.

5

6  **REQUEST FOR ADMISSION NO. 12:**

7        Admit that BRATZ DOLLS are not valuable property.

8  **RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

9        MGA incorporates by reference its General Response and General

10  Objections above, as though fully set forth herein and specifically incorporates

11  General Objection Nos. 12-13 (regarding Definitions), including but not limited to its

12  objections to the definition of "BRATZ DOLLS" on the grounds that Mattel's

13  definition of the term is overly broad and renders the request vague and ambiguous.

14  MGA further objects to the use of the terms "valuable" and "property" as vague and

15  ambiguous.

16        Subject to and without waiving the foregoing general and specific

17  objections, MGA responds as follows to the request:

18        Due to the overly broad and confusing nature of the Request as a

19  consequence of Mattel's definitions, MGA states that it cannot "admit" or "deny" this

20  Request in a manner that would provide an accurate statement of MGA's position

21  that could not be used by Mattel to try to mislead the jury.  In lieu thereof, MGA

22  responds as follows: MGA admits that dolls introduced by MGA to the market for

23  sale in May or June of 2001 known as Bratz, and subsequent dolls introduced by

24  MGA to the market known as Bratz, have value.

25

26  **REQUEST FOR ADMISSION NO. 13:**

27        Admit that BRYANT'S BRATZ DESIGNS are valuable property.

28

MGA'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT _2_ PAGE _43_

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection Nos. 12-13 (regarding Definitions), including but not limited to its objections to the definition of "BRYANT'S BRATZ DESIGNS" on the grounds that Mattel's definition of the term is overly broad and renders the request vague and ambiguous. MGA interprets the term "DESIGN" as it is commonly used and understood. MGA further objects to the use of the terms "valuable" and "property" as vague and ambiguous.

Subject to and without waiving the foregoing general and specific objections, MGA responds as follows to the request:

Due to the overly broad and confusing nature of the Request as a consequence of Mattel's definitions, MGA states that it cannot "admit" or "deny" this Request in a manner that would provide an accurate statement of MGA's position that could not be used by Mattel to try to mislead the jury. In lieu thereof, MGA responds as follows: MGA denies that Bryant's drawings of characters that he called "Bratz" made prior to entering an agreement with MGA are "valuable property."

**REQUEST FOR ADMISSION NO. 14:**

Admit that BRYANT'S BRATZ DESIGNS are not valuable property.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection Nos. 12-13 (regarding Definitions), including but not limited to its objections to the definition of "BRYANT'S BRATZ DESIGNS" on the grounds that Mattel's definition of the term is overly broad and renders the request vague and ambiguous. MGA interprets the term "DESIGN" as it is commonly used and understood. MGA further objects to the use of the terms "valuable" and "property"

19

EXHIBIT _2_ PAGE _44_

1  as vague and ambiguous.

2       Subject to and without waiving the foregoing general and specific

3  objections, MGA responds as follows to the request:

4       Due to the overly broad and confusing nature of the Request as a

5  consequence of Mattel's definitions, MGA states that it cannot "admit" or "deny" this

6  Request in a manner that would provide an accurate statement of MGA's position

7  that could not be used by Mattel to try to mislead the jury.  In lieu thereof, MGA

8  responds as follows: MGA admits that Bryant's drawings of characters that he called

9  "Bratz" made prior to entering an agreement with MGA are not "valuable property."

10

11  **REQUEST FOR ADMISSION NO. 15:**

12       Admit that BRYANT'S BRATZ DESIGNS were valuable property at

13  the time of the ASSIGNMENT AGREEMENT.

14  **RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

15       MGA incorporates by reference its General Response and General

16  Objections above, as though fully set forth herein and specifically incorporates

17  General Objection Nos. 12-13 (regarding Definitions), including but not limited to its

18  objections to the definition of "BRYANT'S BRATZ DESIGNS" on the grounds that

19  Mattel's definition of the term is overly broad and renders the request vague and

20  ambiguous.  MGA interprets the term "DESIGN" as it is commonly used and

21  understood.  MGA further objects to the use of the terms "valuable" and "property"

22  as vague and ambiguous.  MGA interprets the terms "valuable" and "property" as

23  they are commonly used and understood.

24       Subject to and without waiving the foregoing general and specific

25  objections, MGA responds as follows to the request:

26       MGA denies that Bryant's drawings of characters that he called "Bratz"

27  made prior to entering an agreement with MGA were "valuable property" at the time

28  of the Assignment Agreement, except admits that Bryant's ideas for a line of fashion

20

MGA'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT __2__ PAGE __45__

1   dolls that he called "Bratz" could, after the successful introduction and growing

2   success of the Bratz line, which were predominantly the result of substantial

3   investment, development, and marketing by MGA, be considered in hindsight to

4   have been valuable at the time of the Assignment Agreement.

5

6   **REQUEST FOR ADMISSION NO. 16:**

7          Admit that BRYANT'S BRATZ DESIGNS were not valuable property

8   at the time of the ASSIGNMENT AGREEMENT.

9   **RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

10         MGA incorporates by reference its General Response and General

11  Objections above, as though fully set forth herein and specifically incorporates

12  General Objection Nos. 12-13 (regarding Definitions), including but not limited to its

13  objections to the definition of "BRYANT'S BRATZ DESIGNS" on the grounds that

14  Mattel's definition of the term is overly broad and renders the request vague and

15  ambiguous.  MGA interprets the term "DESIGN" as it is commonly used and

16  understood.  MGA further objects to the use of the terms "valuable" and "property"

17  as vague and ambiguous.  MGA interprets the terms "valuable" and "property" as

18  they are commonly used and understood.

19         Subject to and without waiving the foregoing general and specific

20  objections, MGA responds as follows to the request:

21         Due to the overbroad and confusing nature of the Request as a

22  consequence of Mattel's definitions, MGA states that it cannot "admit" or "deny" this

23  Request in a manner that would provide an accurate statement of MGA's position

24  that could not be used by Mattel to try to mislead the jury.  In lieu thereof, MGA

25  responds as follows: MGA admits that Bryant's drawings of characters that he called

26  "Bratz" made prior to entering an agreement with MGA were not "valuable property"

27  at the time of the Assignment Agreement, and states further that Bryant's ideas for a

28  line of fashion dolls that he called "Bratz" could, after the successful introduction

21

MGA'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT 2 PAGE 46

1  and growing success of the Bratz line, which were predominantly the result of

2  substantial investment, development, and marketing by MGA, be considered in

3  hindsight to have been valuable at the time of the Assignment Agreement.

4

5  **REQUEST FOR ADMISSION NO. 17:**

6      Admit that BRYANT'S BRATZ IDEAS are valuable property.

7  **RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

8      MGA incorporates by reference its General Response and General

9  Objections above, as though fully set forth herein and specifically incorporates

10  General Objection Nos. 12-13 (regarding Definitions), including but not limited to its

11  objections to the definition of "BRYANT'S BRATZ IDEAS" on the grounds that

12  Mattel's definition of the term is overly broad and renders the request vague and

13  ambiguous.  MGA interprets the term "IDEA" as it is commonly used and

14  understood.  MGA further objects to the use of the terms "valuable" and "property"

15  as vague and ambiguous.

16      Subject to and without waiving the foregoing general and specific

17  objections, MGA responds as follows to the request:

18      MGA denies that Bryant's ideas for a line of fashion dolls that he called

19  "Bratz" are "valuable property", in that once Bryant's ideas were publicly disclosed,

20  they entered the public domain.

21

22  **REQUEST FOR ADMISSION NO. 18:**

23      Admit that BRYANT'S BRATZ IDEAS are not valuable property.

24  **RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

25      MGA incorporates by reference its General Response and General

26  Objections above, as though fully set forth herein and specifically incorporates

27  General Objection Nos. 12-13 (regarding Definitions), including but not limited to its

28  objections to the definition of "BRYANT'S BRATZ IDEAS" on the grounds that

22

MGA'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT 2 PAGE 47

1  Mattel's definition of the term is overly broad and renders the request vague and

2  ambiguous.  MGA interprets the term "IDEA" as it is commonly used and

3  understood.  MGA further objects to the use of the terms "valuable" and "property"

4  as vague and ambiguous.  MGA interprets "valuable" and "property" as those terms

5  are commonly used and understood.

6          Subject to and without waiving the foregoing general and specific

7  objections, MGA responds as follows to the request:

8          Due to the overbroad and confusing nature of the Request as a

9  consequence of Mattel's definitions, MGA states that it cannot "admit" or "deny" this

10  Request in a manner that would provide an accurate statement of MGA's position

11  that could not be used by Mattel to try to mislead the jury.  In lieu thereof, MGA

12  responds as follows: MGA admits that Bryant's ideas for a line of fashion dolls that

13  he called "Bratz" are not "valuable property," and states further that Bryant's ideas

14  for a line of fashion dolls that he called "Bratz" could, after the successful

15  introduction and growing success of the Bratz line, which were predominantly the

16  result of substantial investment, development, and marketing by MGA, be

17  considered in hindsight to have been valuable at the time of the Assignment

18  Agreement.

19

20  **REQUEST FOR ADMISSION NO. 19:**

21          Admit that BRYANT'S BRATZ IDEAS were valuable property at the

22  time of the ASSIGNMENT AGREEMENT.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

24          MGA incorporates by reference its General Response and General

25  Objections above, as though fully set forth herein and specifically incorporates

26  General Objection Nos. 12-13 (regarding Definitions), including but not limited to its

27  objections to the definition of "BRYANT'S BRATZ IDEAS" on the grounds that

28  Mattel's definition of the term is overly broad and renders the request vague and

MGA'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT _2_ PAGE _48_

1 ambiguous. MGA interprets the term "IDEA" as it is commonly used and
2 understood. MGA further objects to the use of the terms "valuable" and "property"
3 as vague and ambiguous.

4   Subject to and without waiving the foregoing general and specific
5 objections, MGA responds as follows to the request:

6   MGA denies that Bryant's ideas for a line of fashion dolls that he called
7 "Bratz" were "valuable property" at the time of the Assignment Agreement, except
8 admits that Bryant's ideas for a line of fashion dolls that he called "Bratz" could,
9 after the successful introduction and growing success of the Bratz line, which were
10 predominantly the result of substantial investment, development, and marketing by
11 MGA, be considered in hindsight to have been valuable at the time of the
12 Assignment Agreement.

13

14 **REQUEST FOR ADMISSION NO. 20:**

15   Admit that BRYANT'S BRATZ IDEAS were not valuable property at
16 the time of the ASSIGNMENT AGREEMENT.

17 **RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

18   MGA incorporates by reference its General Response and General
19 Objections above, as though fully set forth herein and specifically incorporates
20 General Objection Nos. 12-13 (regarding Definitions), including but not limited to its
21 objections to the definition of "BRYANT'S BRATZ IDEAS" on the grounds that
22 MGA's definition of the term renders the request vague and ambiguous. MGA
23 interprets the term "IDEA" as it is commonly used and understood. MGA further
24 objects to the use of the terms "valuable" and "property" as vague and ambiguous.
25 MGA interprets "valuable" and "property" as those terms are commonly used and
26 understood.

27   Subject to and without waiving the foregoing general and specific
28 objections, MGA responds as follows to the request:

24

MGA'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT 2 PAGE 49

1    Due to the overbroad and confusing nature of the Request as a

2  consequence of Mattel's definitions, MGA states that it cannot "admit" or "deny" this

3  Request in a manner that would provide an accurate statement of MGA's position

4  that could not be used by Mattel to try to mislead the jury.  In lieu thereof, MGA

5  responds as follows: MGA admits that Bryant's ideas for a line of fashion dolls that

6  he called "Bratz" could, after the successful introduction and growing success of the

7  Bratz line, which were predominantly the result of substantial investment,

8  development, and marketing by MGA, be considered in hindsight to have been

9  valuable at the time of the Assignment Agreement.

10

11  **REQUEST FOR ADMISSION NO. 21:**

12    Admit that rights to BRYANT'S BRATZ DESIGNS were assigned to

13  MGA in the ASSIGNMENT AGREEMENT.

14  **RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

15    MGA incorporates by reference its General Response and General

16  Objections above, as though fully set forth herein and specifically incorporates

17  General Objection Nos. 12-13 (regarding Definitions), including but not limited to its

18  objections to the definitions of "BRYANT'S BRATZ DESIGNS" and "MGA" on the

19  grounds that Mattel's definitions of the terms render the request vague and

20  ambiguous.  MGA interprets the term "DESIGN" in accordance with its generally

21  accepted meaning.

22    Subject to and without waiving the foregoing general and specific

23  objections, MGA responds as follows to the request:

24    MGA denies that rights to "BRYANT'S BRATZ DESIGNS" were

25  assigned to MGA in the Assignment Agreement, except admits that in the

26  Assignment Agreement, Bryant assigned to MGA any copyright rights that he may

27  have possessed in his drawings of characters that he called "Bratz." With respect to

28  design patent law, MGA denies that Bryant assigned any such rights to MGA in the

25

MGA'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT _2_ PAGE _50_

1  Assignment Agreement.  In this connection, MGA further asserts that Bryant had no

2  design patent rights that he could assign, because to the extent that Bryant's two-

3  dimensional drawings could have suggested or be considered the conception of a

4  potential three-dimensional design, such three-dimensional design would not have

5  been sufficiently original to qualify for design patent protection.  MGA further

6  asserts that the actual three-dimensional shapes of any of MGA's Bratz do not

7  resemble, and are not substantially similar to, the three-dimensional design that could

8  be considered to have been suggested by Bryant's two-dimensional drawings.

9

10  **REQUEST FOR ADMISSION NO. 22:**

11       Admit that rights to BRYANT'S BRATZ DESIGNS were not assigned

12  to MGA in the ASSIGNMENT AGREEMENT.

13  **RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

14       MGA incorporates by reference its General Response and General

15  Objections above, as though fully set forth herein and specifically incorporates

16  General Objection Nos. 12-13 (regarding Definitions), including but not limited to its

17  objections to the definitions of "BRYANT'S BRATZ DESIGNS" and "MGA" on the

18  grounds that Mattel's definitions of the terms render the request vague and

19  ambiguous.  MGA interprets the term "DESIGN" in accordance with its generally

20  accepted meaning.

21       Subject to and without waiving the foregoing general and specific

22  objections, MGA responds as follows to the request:

23       Due to the overbroad and confusing nature of the Request as a

24  consequence of Mattel's definitions, MGA states that it cannot "admit" or "deny" this

25  Request in a manner that would provide an accurate statement of MGA's position

26  that could not be used by Mattel to try to mislead the jury.  In lieu thereof, MGA

27  responds as follows: MGA admits that in the Assignment Agreement, Bryant

28  assigned to MGA any copyright rights that he may have possessed in his drawings of

MGA'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT _2_ PAGE _51_

1  characters that he called "Bratz." With respect to design patent law, MGA denies that
2  Bryant assigned any such rights to MGA in the Assignment Agreement.  In this
3  connection, MGA further asserts that Bryant had no design patent rights that he
4  could assign, because to the extent that Bryant's two-dimensional drawings could
5  have suggested or be considered the conception of a potential three-dimensional
6  design, such three-dimensional design would not have been sufficiently original to
7  qualify for design patent protection.  MGA further asserts that the actual three-
8  dimensional shapes of any of MGA's Bratz do not resemble, and are not substantially
9  similar to, the three-dimensional design that could be considered to have been
10 suggested by Bryant's two-dimensional drawings.

11

12 **REQUEST FOR ADMISSION NO. 23:**
13          Admit that rights to BRYANT'S BRATZ IDEAS were assigned to
14 MGA in the ASSIGNMENT AGREEMENT.
15 **RESPONSE TO REQUEST FOR ADMISSION NO. 23:**
16          MGA incorporates by reference its General Response and General
17 Objections above, as though fully set forth herein and specifically incorporates
18 General Objection Nos. 12-13 (regarding Definitions), including but not limited to its
19 objections to the definitions of "BRYANT'S BRATZ IDEAS" and "MGA" on the
20 grounds that Mattel's definitions of the terms render the request vague and
21 ambiguous.  MGA interprets the term "IDEA" as it is commonly used and
22 understood.
23          Subject to and without waiving the foregoing general and specific
24 objections, MGA responds as follows to the request:
25
26
27
28

EXHIBIT 2 PAGE 52

1  MGA denies that rights to "BRYANT'S BRATZ IDEAS" were assigned
2  to MGA in the Assignment Agreement, except admits that Bryant assigned to MGA
3  any rights that he may have possessed in the idea for a line of fashion dolls that he
4  called "Bratz."

5

6  **REQUEST FOR ADMISSION NO. 24:**

7  Admit that rights to BRYANT'S BRATZ IDEAS were not assigned to
8  MGA in the ASSIGNMENT AGREEMENT.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

10  MGA incorporates by reference its General Response and General
11  Objections above, as though fully set forth herein and specifically incorporates
12  General Objection Nos. 12-13 (regarding Definitions), including but not limited to its
13  objections to the definitions of "BRYANT'S BRATZ IDEAS" and "MGA" on the
14  grounds that Mattel's definitions of the terms are overly broad and renders the
15  request vague and ambiguous.  MGA interprets the term "IDEA" as it is commonly
16  used and understood.

17  Subject to and without waiving the foregoing general and specific
18  objections, MGA responds as follows to the request:

19  Due to the overly broad and confusing nature of the Request as a
20  consequence of Mattel's definitions, MGA states that it cannot "admit" or "deny" this
21  Request in a manner that would provide an accurate statement of MGA's position
22  that could not be used by Mattel to try to mislead the jury.  In lieu thereof, MGA
23  responds as follows: MGA admits that Bryant assigned to MGA any rights that he
24  may have possessed in the idea for a line of fashion dolls that he called "Bratz."

25

26  **REQUEST FOR ADMISSION NO. 25:**

27  Admit that BRYANT assigned all rights to BRATZ to MGA in the
28  ASSIGNMENT AGREEMENT.

28

MGA'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT 2 PAGE 53

**RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection Nos. 12-13 (regarding Definitions), including but not limited to its objections to the definitions of "BRATZ" and "MGA" on the grounds that Mattel's definitions of the terms are overly broad and renders the request vague and ambiguous.  MGA further objects to the use of the term "all rights" as vague, ambiguous, and overly broad.  MGA interprets the term "all rights" to mean all intellectual property rights, including copyright, trademark, design patent, and utility patent.

Subject to and without waiving the foregoing general and specific objections, MGA responds as follows to the request:

MGA denies that Bryant assigned "all rights" to Bratz to MGA in the Assignment Agreement, except admits that in the Assignment Agreement, Bryant assigned to MGA any copyright rights that he may have possessed in his drawings of characters that he called "Bratz." With respect to design patent law, MGA denies that Bryant assigned any such rights to MGA in the Assignment Agreement.  In this connection, MGA further asserts that Bryant had no design patent rights that he could assign, because to the extent that Bryant's two-dimensional drawings could have suggested or be considered the conception of a potential three-dimensional design, such three-dimensional design would not have been sufficiently original to qualify for design patent protection.  MGA further asserts that the actual three-dimensional shapes of any of MGA's Bratz do not resemble, and are not substantially similar to, the three-dimensional design that could be considered to have been suggested by Bryant's two-dimensional drawings.

**REQUEST FOR ADMISSION NO. 26:**

Admit that BRYANT did not assign all rights to BRATZ to MGA in the

29

MGA'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT 2 PAGE 54

1  ASSIGNMENT AGREEMENT.

2  **RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

3        MGA incorporates by reference its General Response and General

4  Objections above, as though fully set forth herein and specifically incorporates

5  General Objection Nos. 12-13 (regarding Definitions), including but not limited to its

6  objections to the definition of the terms "BRATZ" and "MGA" on the grounds that

7  Mattel's definitions of the terms are overly broad and renders the request vague and

8  ambiguous.  MGA further objects to the use of the term "all rights" as vague,

9  ambiguous, and overly broad.  MGA interprets the term "all rights" to mean all

10  intellectual property rights, including copyright, trademark, design patent, and utility

11  patent.

12        Subject to and without waiving the foregoing general and specific

13  objections, MGA responds as follows to the request:

14        Due to the overbroad and confusing nature of the Request as a

15  consequence of Mattel's definitions, MGA states that it cannot "admit" or "deny" this

16  Request in a manner that would provide an accurate statement of MGA's position

17  that could not be used by Mattel to try to mislead the jury.  In lieu thereof, MGA

18  responds as follows: MGA admits that in the Assignment Agreement, Bryant

19  assigned to MGA any copyright rights that he may have possessed in his drawings of

20  characters that he called "Bratz." With respect to design patent law, MGA denies that

21  Bryant assigned any such rights to MGA in the Assignment Agreement.  In this

22  connection, MGA further asserts that Bryant had no design patent rights that he

23  could assign, because to the extent that Bryant's two-dimensional drawings could

24  have suggested or be considered the conception of a potential three-dimensional

25  design, such three-dimensional design would not have been sufficiently original to

26  qualify for design patent protection.  MGA further asserts that the actual three-

27  dimensional shapes of any of MGA's Bratz do not resemble, and are not substantially

28  similar to, the three-dimensional design that could be considered to have been

EXHIBIT _2_ PAGE _55_

1   suggested by Bryant's two-dimensional drawings.

2

3   **REQUEST FOR ADMISSION NO. 27:**

4       Admit that BRYANT assigned at least some rights to BRATZ to MGA

5   in the ASSIGNMENT AGREEMENT.

6   **RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

7       MGA incorporates by reference its General Response and General

8   Objections above, as though fully set forth herein and specifically incorporates

9   General Objection Nos. 12-13 (regarding Definitions), including but not limited to its

10  objections to the definition of the terms "BRATZ" and "MGA" on the grounds that

11  Mattel's definitions of the terms are overly broad and renders the request vague and

12  ambiguous.  MGA further objects to the use of the term "some rights" as vague,

13  ambiguous, and overly broad.  MGA interprets the term "some rights" to mean

14  intellectual property rights, including copyright, trademark, design patent, and utility

15  patent.

16      Subject to and without waiving the foregoing general and specific

17  objections, MGA responds as follows to the request:

18      MGA denies that Bryant assigned "some rights" to Bratz to MGA in the

19  Assignment Agreement, except MGA admits that in the Assignment Agreement,

20  Bryant assigned to MGA any copyright rights that he may have possessed in his

21  drawings of characters that he called "Bratz." With respect to design patent law,

22  MGA denies that Bryant assigned any such rights to MGA in the Assignment

23  Agreement.  In this connection, MGA further asserts that Bryant had no design

24  patent rights that he could assign, because to the extent that Bryant's two-

25  dimensional drawings could have suggested or be considered the conception of a

26  potential three-dimensional design, such three-dimensional design would not have

27  been sufficiently original to qualify for design patent protection.  MGA further

28  asserts that the actual three-dimensional shapes of any of MGA's Bratz do not

31

MGA'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT _2_ PAGE _56_

1  resemble, and are not substantially similar to, the three-dimensional design that could

2  be considered to have been suggested by Bryant's two-dimensional drawings.

3

4  **REQUEST FOR ADMISSION NO. 28:**

5    Admit that BRYANT did not assign any rights to BRATZ to MGA in

6  the ASSIGNMENT AGREEMENT.

7  **RESPONSE TO REQUEST FOR ADMISSION NO. 28:**

8    MGA incorporates by reference its General Response and General

9  Objections above, as though fully set forth herein and specifically incorporates

10  General Objection Nos. 12-13 (regarding Definitions), including but not limited to its

11  objections to the definition of the terms "BRATZ" and "MGA" on the grounds that

12  Mattel's definitions of the terms are overly broad and renders the request vague and

13  ambiguous. MGA further objects to the use of the term "some rights" as vague,

14  ambiguous, and overly broad. MGA interprets the term "some rights" to mean

15  intellectual property rights, including copyright, trademark, design patent, and utility

16  patent.

17    Subject to and without waiving the foregoing general and specific

18  objections, MGA responds as follows to the request:

19    Due to the overbroad and confusing nature of the Request as a

20  consequence of Mattel's definitions, MGA states that it cannot "admit" or "deny" this

21  Request in a manner that would provide an accurate statement of MGA's position

22  that could not be used by Mattel to try to mislead the jury. In lieu thereof, MGA

23  responds as follows: MGA admits that in the Assignment Agreement, Bryant

24  assigned to MGA any copyright rights that he may have possessed in his drawings of

25  characters that he called "Bratz." With respect to design patent law, MGA denies that

26  Bryant assigned any such rights to MGA in the Assignment Agreement. In this

27  connection, MGA further asserts that Bryant had no design patent rights that he

28  could assign, because to the extent that Bryant's two-dimensional drawings could

32

MGA'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT _2_ PAGE _5-7_

1   have suggested or be considered the conception of a potential three-dimensional

2   design, such three-dimensional design would not have been sufficiently original to

3   qualify for design patent protection.  MGA further asserts that the actual three-

4   dimensional shapes of any of MGA's Bratz do not resemble, and are not substantially

5   similar to, the three-dimensional design that could be considered to have been

6   suggested by Bryant's two-dimensional drawings.

7

8   **REQUEST FOR ADMISSION NO. 29:**

9           Admit that David Rosenbaum acted as an authorized agent of MGA in

10   the year 2000 insofar as he performed services RELATING TO the ASSIGNMENT

11   AGREEMENT.

12   **RESPONSE TO REQUEST FOR ADMISSION NO. 29:**

13           MGA incorporates by reference its General Response and General

14   Objections above, as though fully set forth herein and specifically incorporates

15   General Objection Nos. 12-13 (regarding Definitions), including but not limited to its

16   objections to the definition of the terms "MGA" and "RELATING TO"  on the

17   grounds that Mattel's definitions of the terms are overly broad and renders the

18   request vague and ambiguous.  MGA further objects to the term "authorized agent"

19   as vague and ambiguous.  MGA further objects to this request to the extent that it

20   calls for the disclosure of information protected by the attorney-client privilege, the

21   work product doctrine, the joint defense privilege and/or the common interest

22   privilege.

23           Subject to and without waiving the foregoing general and specific

24   objections, MGA responds as follows to the request:

25           DENIED.  MGA admits that MGA retained David Rosenbaum in 2000

26   to perform legal services for MGA in connection with the "ASSIGNMENT

27   AGREEMENT."

28

33

MGA'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT _2_ PAGE _58_

1 **REQUEST FOR ADMISSION NO. 30:**

2    Admit that David Rosenbaum did not act as an authorized agent of

3 MGA in the year 2000 insofar as he performed services RELATING TO the

4 ASSIGNMENT AGREEMENT.

5 **RESPONSE TO REQUEST FOR ADMISSION NO. 30:**

6    MGA incorporates by reference its General Response and General

7 Objections above, as though fully set forth herein and specifically incorporates

8 General Objection Nos. 12-13 (regarding Definitions), including but not limited to its

9 objections to the definition of the terms "MGA" and "RELATING TO" on the

10 grounds that Mattel's definitions of the terms are overly broad and renders the

11 request vague and ambiguous.   MGA further objects to the term "authorized agent"

12 as vague and ambiguous.   MGA further objects to this request to the extent that it

13 calls for the disclosure of information protected by the attorney-client privilege, the

14 work product doctrine, the joint defense privilege and/or the common interest

15 privilege.

16    Subject to and without waiving the foregoing general and specific

17 objections, MGA responds as follows to the request:

18    DENIED.  MGA admits that MGA retained David Rosenbaum in 2000

19 to perform legal services for MGA in connection with the "ASSIGNMENT

20 AGREEMENT."

21

22 **REQUEST FOR ADMISSION NO. 31:**

23    Admit that David Rosenbaum acted as an authorized agent of MGA in

24 the year 2000 insofar as he performed services RELATING TO BRYANT.

25 **RESPONSE TO REQUEST FOR ADMISSION NO. 31:**

26    MGA incorporates by reference its General Response and General

27 Objections above, as though fully set forth herein and specifically incorporates

28 General Objection Nos. 12-13 (regarding Definitions), including but not limited to its

MGA'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT _2_ PAGE _5-9_

1  objections to the definition of the terms "MGA" and "RELATING TO" on the

2  grounds that Mattel's definitions of the terms are overly broad and renders the

3  request vague and ambiguous.   MGA further objects on the grounds that the term

4  "authorized agent" is vague and ambiguous.  MGA further objects to this request to

5  the extent that it calls for the disclosure of information protected by the attorney-

6  client privilege, the work product doctrine, the joint defense privilege and/or the

7  common interest privilege.

8           Subject to and without waiving the foregoing general and specific

9  objections, MGA responds as follows to the request:

10          DENIED.  MGA admits that MGA retained David Rosenbaum in 2000

11  to perform legal services for MGA in connection with the "ASSIGNMENT

12  AGREEMENT."

13

14  **REQUEST FOR ADMISSION NO. 32:**

15          Admit that David Rosenbaum did not act as an authorized agent of

16  MGA in the year 2000 insofar as he performed services RELATING TO BRYANT.

17  **RESPONSE TO REQUEST FOR ADMISSION NO. 32:**

18          MGA incorporates by reference its General Response and General

19  Objections above, as though fully set forth herein and specifically incorporates

20  General Objection Nos. 12-13 (regarding Definitions), including but not limited to its

21  objections to the definition of the terms "MGA" and "RELATING TO" on the

22  grounds that Mattel's definitions of the terms are overly broad and renders the

23  request vague and ambiguous.   MGA further objects on the grounds that the term

24  "authorized agent" is vague and ambiguous.  MGA further objects to this request to

25  the extent that it calls for the disclosure of information protected by the attorney-

26  client privilege, the work product doctrine, the joint defense privilege and/or the

27  common interest privilege.

28

35

MGA'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT 2 PAGE 60

1    Subject to and without waiving the foregoing general and specific

2   objections, MGA responds as follows to the request:

3    DENIED.  MGA admits that MGA retained David Rosenbaum in 2000

4   to perform legal services for MGA in connection with the "ASSIGNMENT

5   AGREEMENT."

6

7   **REQUEST FOR ADMISSION NO. 33:**

8    Admit that David Rosenbaum acted as an authorized agent of MGA in

9   the year 2000 insofar as he performed services RELATING TO BRATZ.

10  **RESPONSE TO REQUEST FOR ADMISSION NO. 33:**

11    MGA incorporates by reference its General Response and General

12  Objections above, as though fully set forth herein and specifically incorporates

13  General Objection Nos. 12-13 (regarding Definitions), including but not limited to its

14  objections to the definition of the terms "MGA," "RELATING TO" and "BRATZ"

15  on the grounds that Mattel's definitions of the terms are overly broad and renders the

16  request vague and ambiguous.   MGA further objects on the grounds that the term

17  "authorized agent" is vague and ambiguous.  MGA further objects to this request to

18  the extent that it calls for the disclosure of information protected by the attorney-

19  client privilege, the work product doctrine, the joint defense privilege and/or the

20  common interest privilege.

21    Subject to and without waiving the foregoing general and specific

22  objections, MGA responds as follows to the request:

23    DENIED.  MGA admits that MGA retained David Rosenbaum in 2000

24  to perform legal services for MGA in connection with the "ASSIGNMENT

25  AGREEMENT."

26

27  **REQUEST FOR ADMISSION NO. 34:**

28    Admit that David Rosenbaum did not act as an authorized agent of

36

MGA'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT 2 PAGE 61

1 | MGA in the year 2000 insofar as he performed services RELATING TO BRATZ.

2 | **RESPONSE TO REQUEST FOR ADMISSION NO. 34:**

3 |        MGA incorporates by reference its General Response and General

4 | Objections above, as though fully set forth herein and specifically incorporates

5 | General Objection Nos. 12-13 (regarding Definitions), including but not limited to its

6 | objections to the definition of the terms "MGA," "RELATING TO" and "BRATZ"

7 | on the grounds that Mattel's definitions of the terms are overly broad and renders the

8 | request vague and ambiguous.   MGA further objects on the grounds that the term

9 | "authorized agent" is vague and ambiguous.  MGA further objects to this request to

10 | the extent that it calls for the disclosure of information protected by the attorney-

11 | client privilege, the work product doctrine, the joint defense privilege and/or the

12 | common interest privilege.

13 |        Subject to and without waiving the foregoing general and specific

14 | objections, MGA responds as follows to the request:

15 |        DENIED.  MGA admits that MGA retained David Rosenbaum in 2000

16 | to perform legal services for MGA in connection with the "ASSIGNMENT

17 | AGREEMENT."

18 |

19 | **REQUEST FOR ADMISSION NO. 35:**

20 |        Admit that David Rosenbaum did not act as an authorized agent of

21 | MGA in the year 2000 in any capacity.

22 | **RESPONSE TO REQUEST FOR ADMISSION NO. 35:**

23 |        MGA incorporates by reference its General Response and General

24 | Objections above, as though fully set forth herein and specifically incorporates

25 | General Objection Nos. 12-13 (regarding Definitions), including but not limited to its

26 | objections to the definition of the term "MGA."   MGA further objects on the

27 | grounds that the term "authorized agent" is vague and ambiguous.  MGA further

28 | objects to this request to the extent that it calls for the disclosure of information

37

MGA'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT 2 PAGE 62

1  protected by the attorney-client privilege, the work product doctrine, the joint

2  defense privilege and/or the common interest privilege.

3         Subject to and without waiving the foregoing general and specific

4  objections, MGA responds as follows to the request:

5         DENIED.  MGA admits that MGA retained David Rosenbaum in 2000

6  to perform legal services for MGA in connection with the "ASSIGNMENT

7  AGREEMENT."

8

9  **REQUEST FOR ADMISSION NO. 36:**

10         Admit that MGA did not conduct any focus group testing RELATING

11  TO BRATZ prior to March 2001.

12  **RESPONSE TO REQUEST FOR ADMISSION NO. 36:**

13         MGA incorporates by reference its General Response and General

14  Objections above, as though fully set forth herein and specifically incorporates

15  General Objection Nos. 12-13 (regarding Definitions), including but not limited to its

16  objections to the definition of the terms "MGA," "RELATING TO" and "BRATZ."

17  MGA objects that the definition is "Bratz" is overly broad so as to render the request

18  vague and ambiguous.  In responding to this request, MGA interprets the term

19  "BRATZ" to mean the line of dolls introduced by MGA to the market for sale in

20  May or June of 2001 and subsequent dolls, accessories and other products known as

21  Bratz or associated by MGA with the Bratz line of dolls.  MGA further objects on

22  the grounds that the undefined term "focus group" is vague and ambiguous.  In

23  responding to this request, MGA interprets the term "focus group" to mean "a small

24  group selected from a wider population and sampled, as by open discussion, for its

25  members' opinions about or emotional response to a particular subject or area, used

26  especially in market research or political analysis." *American Heritage Dictionary of*

27  *the English Language,* 4th edition (2000).  MGA further objects that the request is

28  vague, ambiguous and overly broad in that it refers to focus groups "RELATING

38

MGA'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT 2 PAGE 63

1 | TO" Bratz.

2 |         Subject to and without waiving the foregoing general and specific

3 | objections, MGA responds as follows to the request:

4 |         DENIED as stated.  MGA denies that MGA conducted any formal focus

5 | group testing of Bratz dolls prior to March 2001 and specifically denies that MGA

6 | conducted any focus group testing (formal or informal) during that time period that

7 | involved a three-dimensional depiction of a Bratz doll.  MGA admits that, prior to

8 | March 2001 and possibly as early as December 2000, MGA informally assembled a

9 | group of children to solicit, possibly with the aid of drawings provided by Carter

10 | Bryant, their opinions on the idea of a line of dolls that would be called "Bratz" and

11 | with respect to certain features of such a potential doll line that were depicted in

12 | those drawings, including, for example, a removable hair mechanism.  It is also

13 | possible that prior to March 2001, the opinions of one or more children and MGA

14 | employees were solicited on one or more aspects of what later became the Bratz line

15 | of dolls that was introduced to market in May or June of 2001, but MGA specifically

16 | denies that any such informal discussions involved any three-dimensional depiction

17 | of a Bratz doll.

18 |

19 | **REQUEST FOR ADMISSION NO. 37:**

20 |         Admit that MGA did conduct focus group testing RELATING TO

21 | BRATZ prior to March 2001.

22 | **RESPONSE TO REQUEST FOR ADMISSION NO. 37:**

23 |         MGA incorporates by reference its General Response and General

24 | Objections above, as though fully set forth herein and specifically incorporates

25 | General Objection Nos. 12-13 (regarding Definitions), including but not limited to its

26 | objections to the definition of the terms "MGA," "RELATING TO" and "BRATZ."

27 | MGA objects that the definition is "Bratz" is overly broad so as to render the request

28 | vague and ambiguous.  In responding to this request, MGA interprets the term

EXHIBIT _2_ PAGE _64_

1  "BRATZ" to mean the line of dolls introduced by MGA to the market for sale in

2  May or June of 2001 and subsequent dolls, accessories and other products known as

3  Bratz or associated by MGA with the Bratz line of dolls.  MGA further objects on

4  the grounds that the undefined term "focus group" is vague and ambiguous.  In

5  responding to this request, MGA interprets the term "focus group" to mean "a small

6  group selected from a wider population and sampled, as by open discussion, for its

7  members' opinions about or emotional response to a particular subject or area, used

8  especially in market research or political analysis." *American Heritage Dictionary of*

9  *the English Language,* 4th edition (2000).  MGA further objects that the request is

10  vague, ambiguous and overly broad in that it refers to focus groups "RELATING

11  TO" Bratz.

12        Subject to and without waiving the foregoing general and specific

13  objections, MGA responds as follows to the request:

14        DENIED as stated.  MGA denies that MGA conducted any formal focus

15  group testing of Bratz dolls prior to March 2001 and specifically denies that MGA

16  conducted any focus group testing (formal or informal) during that time period that

17  involved a three-dimensional depiction of a Bratz doll.  MGA admits that, prior to

18  March 2001 and possibly as early as December 2000, MGA informally assembled a

19  group of children to solicit, possibly with the aid of drawings provided by Carter

20  Bryant, their opinions on the idea of a line of dolls that would be called "Bratz" and

21  with respect to certain features of such a potential doll line that were depicted in

22  those drawings, including, for example, a removable hair mechanism.  It is also

23  possible that prior to March 2001, the opinions of one or more children and MGA

24  employees were solicited on one or more aspects of what later became the Bratz line

25  of dolls that was introduced to market in May or June of 2001, but MGA specifically

26  denies that any such informal discussions involved any three-dimensional depiction

27  of a Bratz doll.

28

MGA'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT __2__ PAGE __65__

1  **REQUEST FOR ADMISSION NO. 38:**

2        Admit that MGA did not conduct any focus group testing RELATING

3  TO BRATZ in the year 2000.

4  **RESPONSE TO REQUEST FOR ADMISSION NO. 38:**

5        MGA incorporates by reference its General Response and General

6  Objections above, as though fully set forth herein and specifically incorporates

7  General Objection Nos. 12-13 (regarding Definitions), including but not limited to its

8  objections to the definition of the terms "MGA," "RELATING TO" and "BRATZ."

9  MGA objects that the definition is "Bratz" is overly broad so as to render the request

10  vague and ambiguous.  In responding to this request, MGA interprets the term

11  "BRATZ" to mean the line of dolls introduced by MGA to the market for sale in

12  May or June of 2001 and subsequent dolls, accessories and other products known as

13  Bratz or associated by MGA with the Bratz line of dolls.  MGA further objects on

14  the grounds that the undefined term "focus group" is vague and ambiguous.  In

15  responding to this request, MGA interprets the term "focus group" to mean "a small

16  group selected from a wider population and sampled, as by open discussion, for its

17  members' opinions about or emotional response to a particular subject or area, used

18  especially in market research or political analysis." *American Heritage Dictionary of*

19  *the English Language,* 4th edition (2000).  MGA further objects that the request is

20  vague, ambiguous and overly broad in that it refers to focus groups "RELATING

21  TO" Bratz.

22        Subject to and without waiving the foregoing general and specific

23  objections, MGA responds as follows to the request:

24        DENIED as stated.  MGA denies that MGA conducted any formal focus

25  group testing of Bratz dolls in the year 2000 and specifically denies that MGA

26  conducted any focus group testing (formal or informal) during that time period that

27  involved a three-dimensional depiction of a Bratz doll.  MGA admits that, prior to

28  March 2001 and possibly as early as December 2000, MGA informally assembled a

41

MGA'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT _2_ PAGE _66_

1   group of children to solicit, possibly with the aid of drawings provided by Carter

2   Bryant, their opinions on the idea of a line of dolls that would be called "Bratz" and

3   with respect to certain features of such a potential doll line that were depicted in

4   those drawings, including, for example, a removable hair mechanism.  It is also

5   possible that in the year 2000, the opinions of one or more children and MGA

6   employees were solicited on one or more aspects of what later became the Bratz line

7   of dolls that was introduced to market in May or June of 2001, but MGA specifically

8   denies that any such informal discussions involved any three-dimensional depiction

9   of a Bratz doll.

10

11   **REQUEST FOR ADMISSION NO. 39:**

12          Admit that MGA did conduct focus group testing RELATING TO

13   BRATZ in the year 2000.

14   **RESPONSE TO REQUEST FOR ADMISSION NO. 39:**

15          MGA incorporates by reference its General Response and General

16   Objections above, as though fully set forth herein and specifically incorporates

17   General Objection Nos. 12-13 (regarding Definitions), including but not limited to its

18   objections to the definition of the terms "MGA," "RELATING TO" and "BRATZ."

19   MGA objects that the definition is "Bratz" is overly broad so as to render the request

20   vague and ambiguous.  In responding to this request, MGA interprets the term

21   "BRATZ" to mean the line of dolls introduced by MGA to the market for sale in

22   May or June of 2001 and subsequent dolls, accessories and other products known as

23   Bratz or associated by MGA with the Bratz line of dolls.  MGA further objects on

24   the grounds that the undefined term "focus group" is vague and ambiguous.  In

25   responding to this request, MGA interprets the term "focus group" to mean "a small

26   group selected from a wider population and sampled, as by open discussion, for its

27   members' opinions about or emotional response to a particular subject or area, used

28   especially in market research or political analysis." *American Heritage Dictionary of*

42

MGA'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT  2  PAGE  67

1   *the English Language,* 4th edition (2000).  MGA further objects that the request is

2   vague, ambiguous and overly broad in that it refers to focus groups "RELATING

3   TO" Bratz.

4          Subject to and without waiving the foregoing general and specific

5   objections, MGA responds as follows to the request:

6          DENIED as stated.  MGA denies that MGA conducted any formal focus

7   group testing of Bratz dolls in the year 2000 and specifically denies that MGA

8   conducted any focus group testing (formal or informal) during that time period that

9   involved a three-dimensional depiction of a Bratz doll.  MGA admits that, prior to

10  March 2001 and possibly as early as December 2000, MGA informally assembled a

11  group of children to solicit, possibly with the aid of drawings provided by Carter

12  Bryant, their opinions on the idea of a line of dolls that would be called "Bratz" and

13  with respect to certain features of such a potential doll line that were depicted in

14  those drawings, including, for example, a removable hair mechanism.  It is also

15  possible that in the year 2000, the opinions of one or more children and MGA

16  employees were solicited on one or more aspects of what later became the Bratz line

17  of dolls that was introduced to market in May or June of 2001, but MGA specifically

18  denies that any such informal discussions involved any three-dimensional depiction

19  of a Bratz doll.

20

21  **REQUEST FOR ADMISSION NO. 40:**

22          Admit that YOU have not produced any DOCUMENTS RELATING

23  TO focus group testing RELATING TO BRATZ which occurred prior to March

24  2001.

25  **RESPONSE TO REQUEST FOR ADMISSION NO. 40:**

26          MGA incorporates by reference its General Response and General

27  Objections above, as though fully set forth herein and specifically incorporates

28  General Objection Nos. 12-13 (regarding Definitions), including but not limited to its

43

MGA'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT 2 PAGE 68

1  objections to the definition of the terms "YOU," "RELATING TO" and "BRATZ."

2  MGA objects that the definition is "Bratz" is overly broad so as to render the request

3  vague and ambiguous.  In responding to this request, MGA interprets the term

4  "BRATZ" to mean the line of dolls introduced by MGA to the market for sale in

5  May or June of 2001 and subsequent dolls, accessories and other products known as

6  Bratz or associated by MGA with the Bratz line of dolls.  MGA further objects on

7  the grounds that the undefined term "focus group" is vague and ambiguous.  In

8  responding to this request, MGA interprets the term "focus group" to mean "a small

9  group selected from a wider population and sampled, as by open discussion, for its

10  members' opinions about or emotional response to a particular subject or area, used

11  especially in market research or political analysis." *American Heritage Dictionary of*

12  *the English Language,* 4th edition (2000).  MGA further objects that the request is

13  vague, ambiguous and overly broad in that it refers to focus groups "RELATING

14  TO" Bratz.  MGA further objects to the request insofar as it seeks information that is,

15  by reason MGA's production of documents to Mattel, already in Mattel's possession

16  and is readily accessible to Mattel.

17       Subject to and without waiving the foregoing general and specific

18  objections, MGA responds as follows to the request:

19       DENIED.  The MGA entities have produced documents related to the

20  informal focus group testing described in response to Request for Admission Nos.

21  36-39.  It is also possible that the MGA entities have produced documents related to

22  focus group testing among 4.2 million pages of documents produced by the MGA

23  entities in this action.  MGA has conducted a search of those documents for

24  documents described in this request and is currently unable to locate any other such

25  documents.  However, MGA reserves the right to use at trial any other such

26  documents that it may later locate.

27

28

MGA'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT 2 PAGE 69

1  **REQUEST FOR ADMISSION NO. 41:**

2         Admit that YOU have produced one or more DOCUMENTS

3  RELATING TO focus group testing RELATING TO BRATZ which occurred prior

4  to March 2001.

5  **RESPONSE TO REQUEST FOR ADMISSION NO. 41:**

6         MGA incorporates by reference its General Response and General

7  Objections above, as though fully set forth herein and specifically incorporates

8  General Objection Nos. 12-13 (regarding Definitions), including but not limited to **its**

9  objections to the definition of the terms "YOU," "RELATING TO" and "BRATZ."

10  MGA objects that the definition is "Bratz" is overly broad so as to render the request

11  vague and ambiguous.  In responding to this request, MGA interprets the term

12  "BRATZ" to mean the line of dolls introduced by MGA to the market for sale in

13  May or June of 2001 and subsequent dolls, accessories and other products known as

14  Bratz or associated by MGA with the Bratz line of dolls.  MGA further objects on

15  the grounds that the undefined term "focus group" is vague and ambiguous.  In

16  responding to this request, MGA interprets the term "focus group" to mean "a small

17  group selected from a wider population and sampled, as by open discussion, for its

18  members' opinions about or emotional response to a particular subject or area, used

19  especially in market research or political analysis." *American Heritage Dictionary of*

20  *the English Language,* 4th edition (2000).  MGA further objects that the request is

21  vague, ambiguous and overly broad in that it refers to focus groups "RELATING

22  TO" Bratz.  MGA further objects to the request insofar as it seeks information that is,

23  by reason MGA's production of documents to Mattel, already in Mattel's possession

24  and is readily accessible to Mattel.

25         Subject to and without waiving the foregoing general and specific

26  objections, MGA responds as follows to the request:

27         ADMITTED.  The MGA entities have produced documents related to

28  the informal focus group testing described in response to Request for Admission

EXHIBIT _2_ PAGE _70_

1   Nos. 36-39. It is also possible that the MGA entities have produced documents

2   related to focus group testing among 4.2 million pages of documents produced by the

3   MGA entities in this action. MGA has conducted a search of those documents for

4   documents described in this request and is currently unable to locate any other such

5   documents. However, MGA reserves the right to use at trial any other such

6   documents that it may later locate.

7

8   **REQUEST FOR ADMISSION NO. 42:**

9           Admit that YOU have not produced any DOCUMENTS RELATING

10  TO focus group testing RELATING TO BRATZ which occurred in the year 2000.

11  **RESPONSE TO REQUEST FOR ADMISSION NO. 42:**

12          MGA incorporates by reference its General Response and General

13  Objections above, as though fully set forth herein and specifically incorporates

14  General Objection Nos. 12-13 (regarding Definitions), including but not limited to its

15  objections to the definition of the terms "YOU," "RELATING TO" and "BRATZ."

16  MGA objects that the definition is "Bratz" is overly broad so as to render the request

17  vague and ambiguous. In responding to this request, MGA interprets the term

18  "BRATZ" to mean the line of dolls introduced by MGA to the market for sale in

19  May or June of 2001 and subsequent dolls, accessories and other products known as

20  Bratz or associated by MGA with the Bratz line of dolls. MGA further objects on

21  the grounds that the undefined term "focus group" is vague and ambiguous. In

22  responding to this request, MGA interprets the term "focus group" to mean "a small

23  group selected from a wider population and sampled, as by open discussion, for its

24  members' opinions about or emotional response to a particular subject or area, used

25  especially in market research or political analysis." *American Heritage Dictionary of*

26  *the English Language,* 4th edition (2000). MGA further objects that the request is

27  vague, ambiguous and overly broad in that it refers to focus groups "RELATING

28  TO" Bratz. MGA further objects to the request insofar as it seeks information that is,

46

MGA'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT 2 PAGE 71

1  by reason MGA's production of documents to Mattel, already in Mattel's possession

2  and is readily accessible to Mattel.

3          Subject to and without waiving the foregoing general and specific

4  objections, MGA responds as follows to the request:

5          DENIED. MGA has made reasonable inquiry and the information

6  known or readily obtainable by MGA is insufficient to enable MGA to admit or deny

7  the request, and on that basis, MGA denies the request. The MGA entities have

8  produced over 4.2 million pages of documents in this action. MGA has conducted a

9  search of those documents for documents described in this request and has been

10  unable to locate any such documents. However, MGA reserves the right to use at

11  trial any such documents that it may later locate.

12

13  **REQUEST FOR ADMISSION NO. 43:**

14          Admit that YOU have produced one or more DOCUMENTS

15  RELATING TO focus group testing RELATING TO BRATZ which occurred in the

16  year 2000.

17  **RESPONSE TO REQUEST FOR ADMISSION NO. 43:**

18          MGA incorporates by reference its General Response and General

19  Objections above, as though fully set forth herein and specifically incorporates

20  General Objection Nos. 12-13 (regarding Definitions), including but not limited to its

21  objections to the definition of the terms "YOU," "RELATING TO" and "BRATZ."

22  MGA objects that the definition is "Bratz" is overly broad so as to render the request

23  vague and ambiguous. In responding to this request, MGA interprets the term

24  "BRATZ" to mean the line of dolls introduced by MGA to the market for sale in

25  May or June of 2001 and subsequent dolls, accessories and other products known as

26  Bratz or associated by MGA with the Bratz line of dolls. MGA further objects on

27  the grounds that the undefined term "focus group" is vague and ambiguous. In

28  responding to this request, MGA interprets the term "focus group" to mean "a small

47

MGA'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT 2 PAGE 72

1  group selected from a wider population and sampled, as by open discussion, for its
2  members' opinions about or emotional response to a particular subject or area, used
3  especially in market research or political analysis." *American Heritage Dictionary of*
4  *the English Language,* 4th edition (2000).  MGA further objects that the request is
5  vague, ambiguous and overly broad in that it refers to focus groups "RELATING
6  TO" Bratz.  MGA further objects to the request insofar as it seeks information that is,
7  by reason MGA's production of documents to Mattel, already in Mattel's possession
8  and is readily accessible to Mattel.

9          Subject to and without waiving the foregoing general and specific
10 objections, MGA responds as follows to the request:

11          DENIED.  MGA has made reasonable inquiry and the information
12 known or readily obtainable by MGA is insufficient to enable MGA to admit or deny
13 the request, and on that basis, MGA denies the request.  The MGA entities have
14 produced over 4.2 million pages of documents in this action.  MGA has conducted a
15 search of those documents for documents described in this request and has been
16 unable to locate any such documents.  However, MGA reserves the right to use at
17 trial any such documents that it may later locate.

18

19 **REQUEST FOR ADMISSION NO. 44:**

20          Admit that the so-called "First Generation" BRATZ DOLLS marketed
21 by MGA and sold to the public in or about June 2001 were BASED ON one or more
22 of the BRATZ PITCH MATERIALS.

23 **RESPONSE TO REQUEST FOR ADMISSION NO. 44:**

24          MGA incorporates by reference its General Response and General
25 Objections above, as though fully set forth herein and specifically incorporates
26 General Objection Nos. 12-13 (regarding Definitions), including but not limited to its
27 objections to the definition of the terms "BRATZ DOLLS," "MGA," "BASED ON"
28 and "BRATZ PITCH MATERIALS."

MGA'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT _2_ PAGE _73_

1    Subject to and without waiving the foregoing general and specific

2  objections, MGA responds as follows to the request:

3    Due to the overly broad and confusing nature of the Request as a

4  consequence of Mattel's definitions, MGA states that it cannot "admit" or "deny" this

5  Request in a manner that would provide an accurate statement of MGA's position

6  that could not be used by Mattel to try to mislead the jury.  In lieu thereof, MGA

7  responds as follows: MGA denies that the "First Generation" Bratz dolls were copies

8  of, derivative of, or substantially similar to drawings and/or tangible items that

9  Bryant presented to MGA prior to entering into an Assignment Agreement with

10  MGA, except admits that the "First Generation" Bratz dolls were inspired by

11  Bryant's idea for a new line of fashion dolls called "Bratz" that he presented to MGA

12  prior to entering an Assignment Agreement with MGA.

13

14  **REQUEST FOR ADMISSION NO. 45:**

15    Admit that the so-called "First Generation" BRATZ DOLLS marketed

16  by MGA and sold to the public in or about June 2001 were not BASED ON any of

17  the BRATZ PITCH MATERIALS.

18  **RESPONSE TO REQUEST FOR ADMISSION NO. 45:**

19    MGA incorporates by reference its General Response and General

20  Objections above, as though fully set forth herein and specifically incorporates

21  General Objection Nos. 12-13 (regarding Definitions), including but not limited to its

22  objections to the definition of the terms "BRATZ DOLLS," "MGA," "BASED ON"

23  and "BRATZ PITCH MATERIALS."

24    Subject to and without waiving the foregoing general and specific

25  objections, MGA responds as follows to the request:

26    Due to the overly broad and confusing nature of the Request as a

27  consequence of Mattel's definitions, MGA states that it cannot "admit" or "deny" this

28  Request in a manner that would provide an accurate statement of MGA's position

49

MGA'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT __2__ PAGE __74__

1  that could not be used by Mattel to try to mislead the jury.  In lieu thereof, MGA

2  responds as follows: MGA denies that the "First Generation" Bratz dolls were copies

3  of, derivative of, or substantially similar to drawings and/or tangible items that

4  Bryant presented to MGA prior to entering into an Assignment Agreement with

5  MGA, except admits that the "First Generation" Bratz dolls were inspired by

6  Bryant's idea for a new line of fashion dolls called "Bratz" that he presented to MGA

7  prior to entering an Assignment Agreement with MGA.

8

9  **REQUEST FOR ADMISSION NO. 46:**

10      Admit that the so-called "First Generation" BRATZ DOLLS marketed

11  by MGA and sold to the public in or about June 2001 were BASED ON one or more

12  of BRYANT'S BRATZ DESIGNS.

13  **RESPONSE TO REQUEST FOR ADMISSION NO. 46:**

14      MGA incorporates by reference its General Response and General

15  Objections above, as though fully set forth herein and specifically incorporates

16  General Objection Nos. 12-13 (regarding Definitions), including but not limited to its

17  objections to the definition of the terms "BRATZ DOLLS," "MGA," "BASED ON"

18  and "BRYANT'S BRATZ DESIGNS."   MGA interprets the term "DESIGN" in

19  accordance with its normal, accepted meaning.

20      Subject to and without waiving the foregoing general and specific

21  objections, MGA responds as follows to the request:

22      Due to the overly broad and confusing nature of the Request as a

23  consequence of Mattel's definitions, MGA states that it cannot "admit" or "deny" this

24  Request in a manner that would provide an accurate statement of MGA's position

25  that could not be used by Mattel to try to mislead the jury.  In lieu thereof, MGA

26  responds as follows: MGA denies that the "First Generation" Bratz dolls were copies

27  of, derivative of, or substantially similar to Bryant's drawings of characters that he

28  called "Bratz" that Bryant presented to MGA prior to entering into an Assignment

50

MGA'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT 2 PAGE 75

1   Agreement with MGA.

2

**3   REQUEST FOR ADMISSION NO. 47:**

4         Admit that the so-called "First Generation" BRATZ DOLLS marketed

5   by MGA and sold to the public in or about June 2001 were not BASED ON any of

6   BRYANT'S BRATZ DESIGNS.

**7   RESPONSE TO REQUEST FOR ADMISSION NO. 47:**

8         MGA incorporates by reference its General Response and General

9   Objections above, as though fully set forth herein and specifically incorporates

10   General Objection Nos. 12-13 (regarding Definitions), including but not limited to its

11   objections to the definition of the terms "BRATZ DOLLS," "MGA," "BASED ON"

12   and "BRYANT'S BRATZ DESIGNS."   MGA interprets the term "DESIGN" in

13   accordance with its normal, accepted meaning.

14         Subject to and without waiving the foregoing general and specific

15   objections, MGA responds as follows to the request:

16         Due to the overly broad and confusing nature of the Request as a

17   consequence of Mattel's definitions, MGA states that it cannot "admit" or "deny" this

18   Request in a manner that would provide an accurate statement of MGA's position

19   that could not be used by Mattel to try to mislead the jury.  In lieu thereof, MGA

20   responds as follows: MGA denies that the "First Generation" Bratz dolls were copies

21   of, derivative of, or substantially similar to Bryant's drawings of characters that he

22   called "Bratz" that Bryant presented to MGA prior to entering into an Assignment

23   Agreement with MGA.

24

**25   REQUEST FOR ADMISSION NO. 48:**

26         Admit that the so-called "First Generation" BRATZ DOLLS marketed

27   by MGA and sold to the public in or about June 2001 were BASED ON one or more

28   of BRYANT'S BRATZ IDEAS.

MGA'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT 2 PAGE 76

**RESPONSE TO REQUEST FOR ADMISSION NO. 48:**

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection Nos. 12-13 (regarding Definitions), including but not limited to its objections to the definition of the terms "BRATZ DOLLS," "MGA," "BASED ON" and "BRYANT'S BRATZ IDEAS."  MGA interprets the term "IDEA" as it is commonly used and understood.

Subject to and without waiving the foregoing general and specific objections, MGA responds as follows to the request:

Due to the overly broad and confusing nature of the Request as a consequence of Mattel's definitions, MGA states that it cannot "admit" or "deny" this Request in a manner that would provide an accurate statement of MGA's position that could not be used by Mattel to try to mislead the jury.  In lieu thereof, MGA responds as follows: MGA denies that the "First Generation" Bratz Dolls marketed by MGA and sold to the public in or about June 2001 were "BASED ON" one or more of Bryant's Bratz ideas, except admits that the "First Generation" Bratz dolls were inspired by Bryant's idea for a line of fashion dolls that he called "Bratz" that he presented to MGA prior to entering into an Assignment Agreement with MGA.

**REQUEST FOR ADMISSION NO. 49:**

Admit that the so-called "First Generation" BRATZ DOLLS marketed by MGA and sold to the public in or about June 2001 were not BASED ON any of BRYANT'S BRATZ IDEAS.

**RESPONSE TO REQUEST FOR ADMISSION NO. 49:**

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection Nos. 12-13 (regarding Definitions), including but not limited to its objections to the definition of the terms "BRATZ DOLLS," "MGA," "BASED ON"

52

EXHIBIT _2_ PAGE _77_

1 and "BRYANT'S BRATZ IDEAS."  MGA interprets the term "IDEA" as it is

2 commonly used and understood.

3          Subject to and without waiving the foregoing general and specific

4 objections, MGA responds as follows to the request:

5          Due to the overly broad and confusing nature of the Request as a

6 consequence of Mattel's definitions, MGA states that it cannot "admit" or "deny" this

7 Request in a manner that would provide an accurate statement of MGA's position

8 that could not be used by Mattel to try to mislead the jury.  In lieu thereof, MGA

9 responds as follows: MGA denies that the "First Generation" Bratz Dolls marketed

10 by MGA and sold to the public in or about June 2001 were not "BASED ON" one or

11 more of Bryant's Bratz ideas, except admits that the "First Generation" Bratz dolls

12 were inspired by Bryant's idea for a line of fashion dolls that he called "Bratz" that

13 he presented to MGA prior to entering into an Assignment Agreement with MGA.

14

15 **REQUEST FOR ADMISSION NO. 50:**

16          Admit that the one or more "Subsequent Generation" BRATZ DOLLS

17 marketed by MGA and sold to the public after June 2001, which differ in some

18 manner from the so-called "First Generation" BRATZ DOLLS marketed by MGA

19 and sold to the public in or about June 2001, were BASED ON one or more of the

20 BRATZ PITCH MATERIALS.

21 **RESPONSE TO REQUEST FOR ADMISSION NO. 50:**

22          MGA incorporates by reference its General Response and General

23 Objections above, as though fully set forth herein and specifically incorporates

24 General Objection Nos. 12-13 (regarding Definitions), including but not limited to its

25 objections to the definition of the terms "BRATZ DOLLS," "MGA," "BASED ON"

26 and "BRATZ PITCH MATERIALS."

27          Subject to and without waiving the foregoing general and specific

28 objections, MGA responds as follows to the request:

53

MGA'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT 2 PAGE 78

1    Due to the overly broad and confusing nature of the Request as a
2  consequence of Mattel's definitions, MGA states that it cannot "admit" or "deny" this
3  Request in a manner that would provide an accurate statement of MGA's position
4  that could not be used by Mattel to try to mislead the jury.  In lieu thereof, MGA
5  responds as follows: MGA denies that the "Subsequent Generation" Bratz dolls were
6  copies of, derivative of, or substantially similar to drawings and/or the tangible items
7  that Bryant presented to MGA prior to entering into an Assignment Agreement with
8  MGA.
9
10 **REQUEST FOR ADMISSION NO. 51:**
11    Admit that all of the "Subsequent Generation" BRATZ DOLLS
12 marketed by MGA and sold to the public after June 2001, which differ in some
13 manner from the so-called "First Generation" BRATZ DOLLS marketed by MGA
14 and sold to the public in or about June 2001, were not BASED ON any of the
15 BRATZ PITCH MATERIALS.
16 **RESPONSE TO REQUEST FOR ADMISSION NO. 51:**
17    MGA incorporates by reference its General Response and General
18 Objections above, as though fully set forth herein and specifically incorporates
19 General Objection Nos. 12-13 (regarding Definitions), including but not limited to its
20 objections to the definition of the terms "BRATZ DOLLS," "MGA," "BASED ON"
21 and "BRATZ PITCH MATERIALS."
22    Subject to and without waiving the foregoing general and specific
23 objections, MGA responds as follows to the request:
24    Due to the overly broad and confusing nature of the Request as a
25 consequence of Mattel's definitions, MGA states that it cannot "admit" or "deny" this
26 Request in a manner that would provide an accurate statement of MGA's position
27 that could not be used by Mattel to try to mislead the jury.  In lieu thereof, MGA
28 responds as follows: MGA denies that the "Subsequent Generation" Bratz dolls were

54

MGA'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT 2 PAGE 79

1  copies of, derivative of, or substantially similar to drawings and/or tangible items

2  that Bryant presented to MGA prior to entering into an Assignment Agreement with

3  MGA.

4

5  **REQUEST FOR ADMISSION NO. 52:**

6  Admit that one or more "Subsequent Generation" BRATZ DOLLS

7  marketed by MGA and sold to the public after June 2001, which differ in some

8  manner from the so-called "First Generation" BRATZ DOLLS marketed by MGA

9  and sold to the public in or about June 2001, were BASED ON one or more of

10  BRYANT'S BRATZ DESIGNS.

11  **RESPONSE TO REQUEST FOR ADMISSION NO. 52:**

12  MGA incorporates by reference its General Response and General

13  Objections above, as though fully set forth herein and specifically incorporates

14  General Objection Nos. 12-13 (regarding Definitions), including but not limited to its

15  objections to the definition of the terms "BRATZ DOLLS," "MGA," "BASED ON"

16  and "BRYANT'S BRATZ DESIGNS."

17  Subject to and without waiving the foregoing general and specific

18  objections, MGA responds as follows to the request:

19  Due to the overly broad and confusing nature of the Request as a

20  consequence of Mattel's definitions, MGA states that it cannot "admit" or "deny" this

21  Request in a manner that would provide an accurate statement of MGA's position

22  that could not be used by Mattel to try to mislead the jury.  In lieu thereof, MGA

23  responds as follows: MGA denies that the "Subsequent Generation" Bratz dolls were

24  copies of, derivative of, or substantially similar to Bryant's drawings of characters

25  that he called "Bratz" that Bryant presented to MGA prior to entering into an

26  Assignment Agreement with MGA.

27

28

MGA'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT __2__ PAGE __80__

**REQUEST FOR ADMISSION NO. 53:**

Admit that the all of the "Subsequent Generation" BRATZ DOLLS marketed by MGA and sold to the public after June 2001, which differ in some manner from the so-called "First Generation" BRATZ DOLLS marketed by MGA and sold to the public in or about June 2001, were not BASED ON any of BRYANT'S BRATZ DESIGNS.

**RESPONSE TO REQUEST FOR ADMISSION NO. 53:**

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection Nos. 12-13 (regarding Definitions), including but not limited to its objections to the definition of the terms "BRATZ DOLLS," "MGA," "BASED ON" and "BRYANT'S BRATZ DESIGNS."

Subject to and without waiving the foregoing general and specific objections, MGA responds as follows to the request:

Due to the overly broad and confusing nature of the Request as a consequence of Mattel's definitions, MGA states that it cannot "admit" or "deny" this Request in a manner that would provide an accurate statement of MGA's position that could not be used by Mattel to try to mislead the jury.  In lieu thereof, MGA responds as follows: MGA denies that the "Subsequent Generation" Bratz dolls were copies of, derivative of, or substantially similar to Bryant's drawings of characters that he called "Bratz" that Bryant presented to MGA prior to entering into an Assignment Agreement with MGA.

**REQUEST FOR ADMISSION NO. 54:**

Admit that the one or more "Subsequent Generation" BRATZ DOLLS marketed by MGA and sold to the public after June 2001, which differ in some manner from the so-called "First Generation" BRATZ DOLLS marketed by MGA and sold to the public in or about June 2001, were BASED ON one or more of

56

EXHIBIT _2_ PAGE _81_

1  BRYANT'S BRATZ IDEAS.

2  **RESPONSE TO REQUEST FOR ADMISSION NO. 54:**

3          MGA incorporates by reference its General Response and General

4  Objections above, as though fully set forth herein and specifically incorporates

5  General Objection Nos. 12-13 (regarding Definitions), including but not limited to its

6  objections to the definition of the terms "BRATZ DOLLS," "MGA," "BASED ON"

7  and "BRYANT'S BRATZ IDEAS."

8          Subject to and without waiving the foregoing general and specific

9  objections, MGA responds as follows to the request:

10         Due to the overly broad and confusing nature of the Request as a

11  consequence of Mattel's definitions, MGA states that it cannot "admit" or "deny" this

12  Request in a manner that would provide an accurate statement of MGA's position

13  that could not be used by Mattel to try to mislead the jury.  In lieu thereof, MGA

14  responds as follows: MGA denies that one or more "Subsequent Generation" Bratz

15  dolls marketed by MGA and sold to the public after June 2001 were "BASED ON"

16  one or more of Bryant's Bratz ideas, except admits that the "First Generation" Bratz

17  dolls were inspired by Bryant's idea for a new line of fashion dolls called "Bratz" that

18  he presented to MGA prior to entering an Assignment Agreement with MGA, and

19  that the "Subsequent Generation" Bratz dolls expanded upon the various expressions

20  of Bratz characters incorporated in the "First Generation" of Bratz dolls.

21

22  **REQUEST FOR ADMISSION NO. 55:**

23         Admit that the all of the "Subsequent Generation" BRATZ DOLLS

24  marketed by MGA and sold to the public after June 2001, which differ in some

25  manner from the so-called "First Generation" BRATZ DOLLS marketed by MGA

26  and sold to the public in or about June 2001, were not BASED ON any of

27  BRYANT'S BRATZ IDEAS.

28

MGA'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT 2 PAGE 82

**RESPONSE TO REQUEST FOR ADMISSION NO. 55:**

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection Nos. 12-13 (regarding Definitions), including but not limited to its objections to the definition of the terms "BRATZ DOLLS," "MGA," "BASED ON" and "BRYANT'S BRATZ IDEAS."

Subject to and without waiving the foregoing general and specific objections, MGA responds as follows to the request:

Due to the overly broad and confusing nature of the Request as a consequence of Mattel's definitions, MGA states that it cannot "admit" or "deny" this Request in a manner that would provide an accurate statement of MGA's position that could not be used by Mattel to try to mislead the jury. In lieu thereof, MGA responds as follows: MGA denies that one or more "Subsequent Generation" Bratz dolls marketed by MGA and sold to the public after June 2001 were not "BASED ON" one or more of Bryant's Bratz ideas, except admits that the "First Generation" Bratz dolls were inspired by Bryant's idea for a new line of fashion dolls called "Bratz" that he presented to MGA prior to entering an Assignment Agreement with MGA, and that the "Subsequent Generation" Bratz dolls expanded upon the various expressions of Bratz characters incorporated in the "First Generation" of Bratz dolls.

**REQUEST FOR ADMISSION NO. 56:**

Admit that the so-called "First Generation" BRATZ DOLLS marketed by MGA and sold to the public in or about June 2001 were not BASED ON any DESIGNS CREATED BY BRYANT prior to October 21, 2000.

**RESPONSE TO REQUEST FOR ADMISSION NO. 56:**

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection Nos. 12-13 (regarding Definitions), including but not limited to its

MGA'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT 2 PAGE 83

1 | objections to the definition of the terms "BRATZ DOLLS," "MGA," "BASED ON,"
2 | "DESIGNS" and "CREATED."  MGA further objects to the request because
3 | "DESIGNS CREATED BY BRYANT" is not a defined term and renders the request
4 | vague and ambiguous.

5 |      Subject to and without waiving the foregoing general and specific
6 | objections, MGA responds as follows to the request:

7 |      Due to the overly broad and confusing nature of the Request as a
8 | consequence of Mattel's definitions, MGA states that it cannot "admit" or "deny" this
9 | Request in a manner that would provide an accurate statement of MGA's position
10 | that could not be used by Mattel to try to mislead the jury.  In lieu thereof, MGA
11 | responds as follows: MGA denies that the "First Generation" Bratz dolls were copies
12 | of, derivative of, or substantially similar to Bryant's drawings of characters that he
13 | called "Bratz" that Bryant made prior to October 21, 2000, except admits that the
14 | "First Generation" Bratz dolls were inspired by Bryant's idea for a new line of
15 | fashion dolls called "Bratz" that he presented to MGA prior to entering an
16 | Assignment Agreement with MGA.

17 |

18 | **REQUEST FOR ADMISSION NO. 57:**

19 |      Admit that the so-called "First Generation" BRATZ DOLLS marketed
20 | by MGA and sold to the public in or about June 2001 were BASED ON one or more
21 | DESIGNS CREATED BY BRYANT prior to October 21, 2000.

22 | **RESPONSE TO REQUEST FOR ADMISSION NO. 57:**

23 |      MGA incorporates by reference its General Response and General
24 | Objections above, as though fully set forth herein and specifically incorporates
25 | General Objection Nos. 12-13 (regarding Definitions), including but not limited to its
26 | objections to the definition of the terms "BRATZ DOLLS," "MGA," "BASED ON,"
27 | "DESIGNS" and "CREATED."  MGA further objects to the request because
28 | "DESIGNS CREATED BY BRYANT" is not a defined term and renders the request

59

MGA'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT 2 PAGE 84

1  vague and ambiguous.

2           Subject to and without waiving the foregoing general and specific

3  objections, MGA responds as follows to the request:

4           Due to the overly broad and confusing nature of the Request as a

5  consequence of Mattel's definitions, MGA states that it cannot "admit" or "deny" this

6  Request in a manner that would provide an accurate statement of MGA's position

7  that could not be used by Mattel to try to mislead the jury.  In lieu thereof, MGA

8  responds as follows: MGA denies that the "First Generation" Bratz dolls were copies

9  of, derivative of, or substantially similar to Bryant's drawings of characters that he

10 called "Bratz" that Bryant made prior to October 21, 2000, except admits that the

11 "First Generation" Bratz dolls were inspired by Bryant's idea for a new line of

12 fashion dolls called "Bratz" that he presented to MGA prior to entering an

13 Assignment Agreement with MGA.

14

15 **REQUEST FOR ADMISSION NO. 58:**

16          Admit that all of the "Subsequent Generation" BRATZ DOLLS

17 marketed by MGA and sold to the public after June 2001, which differ in some

18 manner from the so-called "First Generation" BRATZ DOLLS marketed by MGA

19 and sold to the public in or about June 2001, were not BASED ON any DESIGNS

20 CREATED BY BRYANT prior to October 21, 2000.

21 **RESPONSE TO REQUEST FOR ADMISSION NO. 58:**

22          MGA incorporates by reference its General Response and General

23 Objections above, as though fully set forth herein and specifically incorporates

24 General Objection Nos. 12-13 (regarding Definitions), including but not limited to its

25 objections to the definition of the terms "BRATZ DOLLS," "MGA," "BASED ON,"

26 "DESIGNS" and "CREATED."  MGA further objects to the request because

27 "DESIGNS CREATED BY BRYANT" is not a defined term and renders the request

28 vague and ambiguous.

MGA'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT  2  PAGE  85

1          Subject to and without waiving the foregoing general and specific

2 objections, MGA responds as follows to the request:

3          Due to the overly broad and confusing nature of the Request as a

4 consequence of Mattel's definitions, MGA states that it cannot "admit" or "deny" this

5 Request in a manner that would provide an accurate statement of MGA's position

6 that could not be used by Mattel to try to mislead the jury. In lieu thereof, MGA

7 responds as follows: MGA denies that the "Subsequent Generation" Bratz dolls were

8 copies of, derivative of, or substantially similar to Bryant's drawings of characters

9 that he called "Bratz" that Bryant made prior to October 21, 2000, except admits that

10 the "First Generation" Bratz dolls were inspired by Bryant's idea for a new line of

11 fashion dolls called "Bratz" that he presented to MGA prior to entering an

12 Assignment Agreement with MGA.

13

14 **REQUEST FOR ADMISSION NO. 59:**

15          Admit that one or more of the "Subsequent Generation" BRATZ

16 DOLLS marketed by MGA and sold to the public after June 2001, which differ in

17 some manner from the so-called "First Generation" BRATZ DOLLS marketed by

18 MGA and sold to the public in or about June 2001, were BASED ON one or more

19 DESIGNS CREATED BY BRYANT prior to October 21, 2000.

20 **RESPONSE TO REQUEST FOR ADMISSION NO. 59:**

21          MGA incorporates by reference its General Response and General

22 Objections above, as though fully set forth herein and specifically incorporates

23 General Objection Nos. 12-13 (regarding Definitions), including but not limited to its

24 objections to the definition of the terms "BRATZ DOLLS," "MGA," "BASED ON,"

25 "DESIGNS" and "CREATED." MGA further objects to the request because

26 "DESIGNS CREATED BY BRYANT" is not a defined term and renders the request

27 vague and ambiguous.

28          Subject to and without waiving the foregoing general and specific

MGA'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT _2_ PAGE _86_

1  objections, MGA responds as follows to the request:

2          Due to the overly broad and confusing nature of the Request as a

3  consequence of Mattel's definitions, MGA states that it cannot "admit" or "deny" this

4  Request in a manner that would provide an accurate statement of MGA's position

5  that could not be used by Mattel to try to mislead the jury.  In lieu thereof, MGA

6  responds as follows: MGA denies that the "Subsequent Generation" Bratz dolls were

7  copies of, derivative of, or substantially similar to Bryant's drawings of characters

8  that he called "Bratz" that Bryant made prior to October 21, 2000, except admits that

9  the "First Generation" Bratz dolls were inspired by Bryant's idea for a new line of

10  fashion dolls called "Bratz" that he presented to MGA prior to entering an

11  Assignment Agreement with MGA.

12

13  **REQUEST FOR ADMISSION NO. 60:**

14          Admit that MGA's Copyright Registration No. VA 1-090-287, and any

15  corrections thereto, do not list any derivative works on which the copyrighted

16  material which is subject to that Registration is based other than the materials subject

17  to Copyright Registration No. VA 1-218-487.

18  **RESPONSE TO REQUEST FOR ADMISSION NO. 60:**

19          MGA incorporates by reference its General Response and General

20  Objections above, as though fully set forth herein and specifically incorporates

21  General Objection Nos. 12-13 (regarding Definitions), including but not limited to its

22  objections to the definition of the term "MGA."  MGA further objects that the terms

23  "corrections" and "based" are vague, ambiguous, and overly broad.  MGA further

24  objects that the Request is compound, misleading, and incorrectly assumes that "the

25  materials subject to Copyright Registration No. VA 1-218-487" are listed on any

26  registration document as "derivative works on which the copyrighted material which

27  is subject to [VA 1-090-287] is based".  MGA further objects that the Request as a

28  whole poses a question that is unintelligible in light of applicable copyright law

62

MGA'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT 2 PAGE 87

1  principles.

2          Subject to and without waiving the foregoing general and specific

3  objections, MGA responds as follows to the Request:

4          Due to the confusing nature of the Request, MGA states that it cannot

5  "admit" or "deny" this Request in a manner that would provide an accurate statement

6  of MGA's position (or of the applicable Copyright Registration) that could not be

7  used by Mattel to try to mislead the jury.  In lieu thereof, MGA responds as follows:

8  MGA denies that the Jade Doll Configuration, Accessories, and Packaging listed in

9  Copyright Registration No. VA 1-090-287 are derivative of Bryant's 1998 "Jade

10  drawing" listed in Copyright Registration No. VA 1-218-487, except admits that

11  certain Bratz two-dimensional character art utilized on the Jade doll packaging listed

12  in Copyright Registration No. VA 1-090-287 was derivative of Bryant's August 1998

13  "Jade drawing" which Bryant created at a time when he was not employed by Mattel,

14  and which is listed in Copyright Registration No. VA 1-218-487.  For this reason

15  only, Copyright Registration No. VA 1-090-287, as modified by Supplemental

16  Registration  No. VA 1-301-533, lists Bryant's August 1998 "Jade drawing" as

17  "Preexisting Material" and "2-Dimensional artwork" under "Nature of Authorship".

18

19  **REQUEST FOR ADMISSION NO. 61:**

20          Admit that the copyrighted material which is subject to Copyright

21  Registration No. VA 1-090-287 is not BASED ON any DESIGNS CREATED BY

22  BRYANT prior to October 21, 2000.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 61:**

24          MGA incorporates by reference its General Response and General

25  Objections above, as though fully set forth herein and specifically incorporates

26  General Objection Nos. 12-13 (regarding Definitions), including but not limited to its

27  objections to the definition of the terms "BASED ON," "DESIGNS" and

28  "CREATED."  MGA further objects to the Request because "DESIGNS CREATED

63

EXHIBIT _2_ PAGE _88_

1 BY BRYANT" is not a defined term and renders the Request vague and ambiguous.

2         Subject to and without waiving the foregoing general and specific

3 objections, MGA responds as follows to the Request:

4         Due to the overly broad and confusing nature of the Request as a

5 consequence of Mattel's definitions, MGA states that it cannot "admit" or "deny" this

6 Request in a manner that would provide an accurate statement of MGA's position

7 that could not be used by Mattel to try to mislead the jury. In lieu thereof, MGA

8 responds as follows:  MGA denies that the Jade Doll Configuration, Accessories, and

9 Packaging listed in Copyright Registration No. VA 1-090-287 are copies of,

10 derivative of, or substantially similar to Bryant's drawings of characters that he called

11 "Bratz" that Bryant made prior to October 21, 2000, except admits that certain Bratz

12 two-dimensional character art utilized on the Jade doll packaging listed in Copyright

13 Registration No. VA 1-090-287 was derivative of Bryant's initial drawings of

14 characters called "Bratz" that he created in August 1998, at which time he was not

15 employed by Mattel.

16

17 **REQUEST FOR ADMISSION NO. 62:**

18         Admit that the copyrighted material which is subject to Copyright

19 Registration No. VA 1-090-287 is not BASED ON any DESIGNS CREATED BY

20 BRYANT prior to October 21, 2000, other than the materials subject to Copyright

21 Registration No. VA 1-218-487.

22 **RESPONSE TO REQUEST FOR ADMISSION NO. 62:**

23         MGA incorporates by reference its General Response and General

24 Objections above, as though fully set forth herein and specifically incorporates

25 General Objection Nos. 12-13 (regarding Definitions), including but not limited to its

26 objections to the definition of the terms "BASED ON," "DESIGNS" and

27 "CREATED BY." MGA further objects to the Request because "DESIGNS

28 CREATED BY BRYANT" is not a defined term and renders the Request vague and

64

MGA'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT 2 PAGE 89

1   ambiguous.  MGA further objects that the Request is compound, misleading, and

2   incorrectly assumes that "the copyrighted material which is subject to Copyright

3   Registration No. VA 1-090-287" is "BASED ON" "the materials subject to

4   Copyright Registration No. VA 1-218-487."  MGA thus objects to, and disregards

5   herein, the clause in the Request that states "other than the materials subject to

6   Copyright Registration No. VA 1-218-487".

7            Subject to and without waiving the foregoing general and specific

8   objections, MGA responds as follows to the Request:

9            Due to the overly broad and confusing nature of the Request as a

10   consequence of Mattel's definitions, MGA states that it cannot "admit" or "deny" this

11   Request in a manner that would provide an accurate statement of MGA's position

12   that could not be used by Mattel to try to mislead the jury.  In lieu thereof, MGA

13   responds as follows: MGA denies that the Jade Doll Configuration, Accessories, and

14   Packaging listed in Copyright Registration No. VA 1-090-287 are copies of,

15   derivative of, or substantially similar to Bryant's drawings of characters that he called

16   "Bratz" that Bryant made prior to October 21, 2000, except admits that certain Bratz

17   two-dimensional character art utilized on the Jade doll packaging listed in Copyright

18   Registration No. VA 1-090-287 was derivative of Bryant's initial drawings of

19   characters called "Bratz" that he created in August 1998, at which time he was not

20   employed by Mattel.

21

22   **REQUEST FOR ADMISSION NO. 63:**

23            Admit that MGA's Copyright Registration No. VA 1-090-288, and any

24   corrections thereto, do not list any derivative works on which the copyrighted

25   material which is subject to that Registration is based other than the materials subject

26   to Copyright Registration No. VA 1-218-488.

27   **RESPONSE TO REQUEST FOR ADMISSION NO. 63:**

28            MGA incorporates by reference its General Response and General

65

MGA'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT _2_ PAGE _90_

1 Objections above, as though fully set forth herein and specifically incorporates

2 General Objection Nos. 12-13 (regarding Definitions), including but not limited to its

3 objections to the definition of the term "MGA."  MGA further objects that the terms

4 "corrections" and "based" are vague, ambiguous, and overly broad.  MGA further

5 objects that the Request is compound, misleading, and incorrectly assumes that "the

6 materials subject to Copyright Registration No. VA 1-218-488" are listed on any

7 registration document as "derivative works on which the copyrighted material which

8 is subject to [VA 1-090-288] is based".  MGA further objects that the Request as a

9 whole poses a question that is unintelligible in light of applicable copyright law

10 principles.

11    Subject to and without waiving the foregoing general and specific

12 objections, MGA responds as follows to the Request:

13    Due to the confusing nature of the Request, MGA states that it cannot

14 "admit" or "deny" this Request in a manner that would provide an accurate statement

15 of MGA's position (or of the applicable Copyright Registration) that could not be

16 used by Mattel to try to mislead the jury.  In lieu thereof, MGA responds as follows:

17 MGA denies that the Sasha Doll Configuration, Accessories, and Packaging listed in

18 Copyright Registration No. VA 1-090-288 are derivative of Bryant's 1998 "Sasha

19 drawing" listed in Copyright Registration No. VA 1-218-488, except admits that

20 certain Bratz two-dimensional character art utilized on the Sasha doll packaging

21 listed in Copyright Registration No. VA 1-090-288 was derivative of Bryant's

22 August 1998 "Sasha drawing" which Bryant created at a time when he was not

23 employed by Mattel, and which is listed in Copyright Registration No. VA 1-218-

24 488.  For this reason only, Copyright Registration No. VA 1-090-288, as modified by

25 Supplemental Registration  No. VA 1-301-534, lists Bryant's August 1998 "Sasha

26 drawing" as "Preexisting Material" and "2-Dimensional artwork" under "Nature of

27 Authorship".

28

MGA'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT __2__ PAGE __91__

1    **REQUEST FOR ADMISSION NO. 64:**

2          Admit that the copyrighted material which is subject to Copyright

3 Registration No. VA 1-090-288 is not BASED ON any DESIGNS CREATED BY

4 BRYANT prior to October 21, 2000.

5    **RESPONSE TO REQUEST FOR ADMISSION NO. 64:**

6          MGA incorporates by reference its General Response and General

7 Objections above, as though fully set forth herein and specifically incorporates

8 General Objection Nos. 12-13 (regarding Definitions), including but not limited to its

9 objections to the definition of the terms "BASED ON," "DESIGNS" and

10 "CREATED." MGA further objects to the Request because "DESIGNS CREATED

11 BY BRYANT" is not a defined term and renders the Request vague and ambiguous.

12          Subject to and without waiving the foregoing general and specific

13 objections, MGA responds as follows to the Request:

14          Due to the overly broad and confusing nature of the Request as a

15 consequence of Mattel's definitions, MGA states that it cannot "admit" or "deny" this

16 Request in a manner that would provide an accurate statement of MGA's position

17 that could not be used by Mattel to try to mislead the jury. In lieu thereof, MGA

18 responds as follows: MGA denies that the Sasha Doll Configuration, Accessories,

19 and Packaging listed in Copyright Registration No. VA 1-090-288 are copies of,

20 derivative of, or substantially similar to Bryant's drawings of characters that he called

21 "Bratz" that Bryant made prior to October 21, 2000, except admits that certain Bratz

22 two-dimensional character art utilized on the Sasha doll packaging listed in

23 Copyright Registration No. VA 1-090-288 was derivative of Bryant's initial

24 drawings of characters called "Bratz" that he created in August 1998, at which time

25 he was not employed by Mattel.

26

27    **REQUEST FOR ADMISSION NO. 65:**

28          Admit that the copyrighted material which is subject to Copyright

MGA'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT _2_ PAGE _92_

1  Registration No. VA 1-090-288 is not BASED ON any DESIGNS CREATED BY

2  BRYANT prior to October 21, 2000, other than the materials subject to Copyright

3  Registration No. VA 1-218-488.

4  **RESPONSE TO REQUEST FOR ADMISSION NO. 65:**

5          MGA incorporates by reference its General Response and General

6  Objections above, as though fully set forth herein and specifically incorporates

7  General Objection Nos. 12-13 (regarding Definitions), including but not limited to its

8  objections to the definition of the terms "BASED ON," "DESIGNS" and

9  "CREATED BY." MGA further objects to the Request because "DESIGNS

10 CREATED BY BRYANT" is not a defined term and renders the Request vague and

11 ambiguous. MGA further objects that the Request is compound, misleading, and

12 incorrectly assumes that "the copyrighted material which is subject to Copyright

13 Registration No. VA 1-090-288" is "BASED ON" "the materials subject to

14 Copyright Registration No. VA 1-218-488." MGA thus objects to, and disregards

15 herein, the clause in the Request that states "other than the materials subject to

16 Copyright Registration No. VA 1-218-488".

17         Subject to and without waiving the foregoing general and specific

18 objections, MGA responds as follows to the Request:

19         Due to the overly broad and confusing nature of the Request as a

20 consequence of Mattel's definitions, MGA states that it cannot "admit" or "deny" this

21 Request in a manner that would provide an accurate statement of MGA's position

22 that could not be used by Mattel to try to mislead the jury. In lieu thereof, MGA

23 responds as follows: MGA denies that the Sasha Doll Configuration, Accessories,

24 and Packaging listed in Copyright Registration No. VA 1-090-288 are copies of,

25 derivative of, or substantially similar to Bryant's drawings of characters that he called

26 "Bratz" that Bryant made prior to October 21, 2000, except admits that certain Bratz

27 two-dimensional character art utilized on the Sasha doll packaging listed in

28 Copyright Registration No. VA 1-090-288 was derivative of Bryant's initial

EXHIBIT _2_ PAGE _93_

1 drawings of characters called "Bratz" that he created in August 1998, at which time

2 he was not employed by Mattel.

3

4 **REQUEST FOR ADMISSION NO. 66:**

5        Admit that MGA's Copyright Registration No. VA 1-090-289, and any

6 corrections thereto, do not list any derivative works on which the copyrighted

7 material which is subject to that Registration is based other than the materials subject

8 to Copyright Registration No. VA 1-218-490.

9 **RESPONSE TO REQUEST FOR ADMISSION NO. 66:**

10        MGA incorporates by reference its General Response and General

11 Objections above, as though fully set forth herein and specifically incorporates

12 General Objection Nos. 12-13 (regarding Definitions), including but not limited to its

13 objections to the definition of the term "MGA." MGA further objects that the terms

14 "corrections" and "based" are vague, ambiguous, and overly broad. MGA further

15 objects that the Request is compound, misleading, and incorrectly assumes that "the

16 materials subject to Copyright Registration No. VA 1-218-490" are listed on any

17 registration document as "derivative works on which the copyrighted material which

18 is subject to [VA 1-090-289] is based". MGA further objects that the Request as a

19 whole poses a question that is unintelligible in light of applicable copyright law

20 principles.

21        Subject to and without waiving the foregoing general and specific

22 objections, MGA responds as follows to the Request:

23        Due to the confusing nature of the Request, MGA states that it cannot

24 "admit" or "deny" this Request in a manner that would provide an accurate statement

25 of MGA's position (or of the applicable Copyright Registration) that could not be

26 used by Mattel to try to mislead the jury. In lieu thereof, MGA responds as follows:

27 MGA denies that the Cloe Doll Configuration, Accessories, and Packaging listed in

28 Copyright Registration No. VA 1-090-289 are derivative of Bryant's 1998 "Cloe

69

EXHIBIT 2 PAGE 94

1  drawing" listed in Copyright Registration No. VA 1-218-490, except admits that

2  certain Bratz two-dimensional character art utilized on the Cloe doll packaging listed

3  in Copyright Registration No. VA 1-090-289 was derivative of Bryant's August 1998

4  "Cloe drawing" which Bryant created at a time when he was not employed by

5  Mattel, and which is listed in Copyright Registration No. VA 1-218-490.  For this

6  reason only, Copyright Registration No. VA 1-090-289, as modified by

7  Supplemental Registration  No. VA 1-301-535, lists Bryant's August 1998 "Cloe

8  drawing" as "Preexisting Material" and "2-Dimensional artwork" under "Nature of

9  Authorship".

10

11  **REQUEST FOR ADMISSION NO. 67:**

12        Admit that the copyrighted material which is subject to Copyright

13  Registration No. VA 1-090-289 is not BASED ON any DESIGNS CREATED BY

14  BRYANT prior to October 21, 2000.

15  **RESPONSE TO REQUEST FOR ADMISSION NO. 67:**

16        MGA incorporates by reference its General Response and General

17  Objections above, as though fully set forth herein and specifically incorporates

18  General Objection Nos. 12-13 (regarding Definitions), including but not limited to its

19  objections to the definition of the terms "BASED ON," "DESIGNS" and

20  "CREATED."  MGA further objects to the Request because "DESIGNS CREATED

21  BY BRYANT" is not a defined term and renders the Request vague and ambiguous.

22        Subject to and without waiving the foregoing general and specific

23  objections, MGA responds as follows to the Request:

24        Due to the overly broad and confusing nature of the Request as a

25  consequence of Mattel's definitions, MGA states that it cannot "admit" or "deny" this

26  Request in a manner that would provide an accurate statement of MGA's position

27  that could not be used by Mattel to try to mislead the jury.  In lieu thereof, MGA

28  responds as follows: MGA denies that the Cloe Doll Configuration, Accessories, and

MGA'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT _2_ PAGE _95_

1  Packaging listed in Copyright Registration No. VA 1-090-289 are copies of,

2  derivative of, or substantially similar to Bryant's drawings of characters that he called

3  "Bratz" that Bryant made prior to October 21, 2000, except admits that certain Bratz

4  two-dimensional character art utilized on the Cloe doll packaging listed in Copyright

5  Registration No. VA 1-090-289 was derivative of Bryant's initial drawings of

6  characters called "Bratz" that he created in August 1998, at which time he was not

7  employed by Mattel.

8

9  **REQUEST FOR ADMISSION NO. 68:**

10         Admit that the copyrighted material which is subject to Copyright

11  Registration No. VA 1-090-289 is not BASED ON any DESIGNS CREATED BY

12  BRYANT prior to October 21, 2000, other than the materials subject to Copyright

13  Registration No. VA 1-218-490.

14  **RESPONSE TO REQUEST FOR ADMISSION NO. 68:**

15         MGA incorporates by reference its General Response and General

16  Objections above, as though fully set forth herein and specifically incorporates

17  General Objection Nos. 12-13 (regarding Definitions), including but not limited to its

18  objections to the definition of the terms "BASED ON," "DESIGNS" and

19  "CREATED BY." MGA further objects to the Request because "DESIGNS

20  CREATED BY BRYANT" is not a defined term and renders the Request vague and

21  ambiguous. MGA further objects that the Request is compound, misleading, and

22  incorrectly assumes that "the copyrighted material which is subject to Copyright

23  Registration No. VA 1-090-289" is "BASED ON" "the materials subject to

24  Copyright Registration No. VA 1-218-490." MGA thus objects to, and disregards

25  herein, the clause in the Request that states "other than the materials subject to

26  Copyright Registration No. VA 1-218-490".

27         Subject to and without waiving the foregoing general and specific

28  objections, MGA responds as follows to the Request:

71

MGA'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT 2 PAGE 96

1       Due to the overly broad and confusing nature of the Request as a

2   consequence of Mattel's definitions, MGA states that it cannot "admit" or "deny" this

3   Request in a manner that would provide an accurate statement of MGA's position

4   that could not be used by Mattel to try to mislead the jury.  In lieu thereof, MGA

5   responds as follows: MGA denies that the Cloe Doll Configuration, Accessories, and

6   Packaging listed in Copyright Registration No. VA 1-090-289 are copies of,

7   derivative of, or substantially similar to Bryant's drawings of characters that he called

8   "Bratz" that Bryant made prior to October 21, 2000, except admits that certain Bratz

9   two-dimensional character art utilized on the Cloe doll packaging listed in Copyright

10  Registration No. VA 1-090-289 was derivative of Bryant's initial drawings of

11  characters called "Bratz" that he created in August 1998, at which time he was not

12  employed by Mattel.

13

14  **REQUEST FOR ADMISSION NO. 69:**

15      Admit that MGA's Copyright Registration No. VA 1-090-290, and any

16  corrections thereto, do not list any derivative works on which the copyrighted

17  material which is subject to that Registration is based other than the materials subject

18  to Copyright Registration No. VA 1-218-491.

19  **RESPONSE TO REQUEST FOR ADMISSION NO. 69:**

20      MGA incorporates by reference its General Response and General

21  Objections above, as though fully set forth herein and specifically incorporates

22  General Objection Nos. 12-13 (regarding Definitions), including but not limited to its

23  objections to the definition of the term "MGA."  MGA further objects that the terms

24  "corrections" and "based" are vague, ambiguous, and overly broad.  MGA further

25  objects that the Request is compound, misleading, and incorrectly assumes that "the

26  materials subject to Copyright Registration No. VA 1-218-491" are listed on any

27  registration document as "derivative works on which the copyrighted material which

28  is subject to [VA 1-090-290] is based".  MGA further objects that the Request as a

72

MGA'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT 2 PAGE 97