1  whole poses a question that is unintelligible in light of applicable copyright law

2  principles.

3         Subject to and without waiving the foregoing general and specific

4  objections, MGA responds as follows to the Request:

5         Due to the confusing nature of the Request, MGA states that it cannot

6  "admit" or "deny" this Request in a manner that would provide an accurate statement

7  of MGA's position (or of the applicable Copyright Registration) that could not be

8  used by Mattel to try to mislead the jury.  In lieu thereof, MGA responds as follows:

9  MGA denies that the Yasmin Doll Configuration, Accessories, and Packaging listed

10  in Copyright Registration No. VA 1-090-290 are derivative of Bryant's 1998

11  "Yasmin drawing" listed in Copyright Registration No. VA 1-218-491, except

12  admits that certain Bratz two-dimensional character art utilized on the Yasmin doll

13  packaging listed in Copyright Registration No. VA 1-090-290 was derivative of

14  Bryant's August 1998 "Yasmin drawing" which Bryant created at a time when he

15  was not employed by Mattel, and which is listed in Copyright Registration No. VA

16  1-218-491.  For this reason only, Copyright Registration No. VA 1-090-290, as

17  modified by Supplemental Registration  No. VA 1-301-536, lists Bryant's August

18  1998 "Yasmin drawing" as "Preexisting Material" and "2-Dimensional artwork"

19  under "Nature of Authorship".

20

21  **REQUEST FOR ADMISSION NO. 70:**

22         Admit that the copyrighted material which is subject to Copyright

23  Registration No. VA 1-090-290 is not BASED ON any DESIGNS CREATED BY

24  BRYANT prior to October 21, 2000.

25  **RESPONSE TO REQUEST FOR ADMISSION NO. 70:**

26         MGA incorporates by reference its General Response and General

27  Objections above, as though fully set forth herein and specifically incorporates

28  General Objection Nos. 12-13 (regarding Definitions), including but not limited to its

MGA'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT _2_ PAGE 98

1  objections to the definition of the terms "BASED ON," "DESIGNS" and

2  "CREATED."  MGA further objects to the Request because "DESIGNS CREATED

3  BY BRYANT" is not a defined term and renders the Request vague and ambiguous.

4        Subject to and without waiving the foregoing general and specific

5  objections, MGA responds as follows to the Request:

6        Due to the overly broad and confusing nature of the Request as a

7  consequence of Mattel's definitions, MGA states that it cannot "admit" or "deny" this

8  Request in a manner that would provide an accurate statement of MGA's position

9  that could not be used by Mattel to try to mislead the jury.  In lieu thereof, MGA

10  responds as follows: MGA denies that the Yasmin Doll Configuration, Accessories,

11  and Packaging listed in Copyright Registration No. VA 1-090-290 are copies of,

12  derivative of, or substantially similar to Bryant's drawings of characters that he called

13  "Bratz" that Bryant made prior to October 21, 2000, except admits that certain Bratz

14  two-dimensional character art utilized on the Yasmin doll packaging listed in

15  Copyright Registration No. VA 1-090-290 was derivative of Bryant's initial

16  drawings of characters called "Bratz" that he created in August 1998, at which time

17  he was not employed by Mattel.

18

19  **REQUEST FOR ADMISSION NO. 71:**

20        Admit that the copyrighted material which is subject to Copyright

21  Registration No. VA 1-090-290 is not BASED ON any DESIGNS CREATED BY

22  BRYANT prior to October 21, 2000, other than the materials subject to Copyright

23  Registration No. VA 1 -218-491.

24  **RESPONSE TO REQUEST FOR ADMISSION NO. 71:**

25        MGA incorporates by reference its General Response and General

26  Objections above, as though fully set forth herein and specifically incorporates

27  General Objection Nos. 12-13 (regarding Definitions), including but not limited to its

28  objections to the definition of the terms "BASED ON," "DESIGNS" and

MGA'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT 2 PAGE 99

1  "CREATED BY."  MGA further objects to the Request because "DESIGNS

2  CREATED BY BRYANT" is not a defined term and renders the Request vague and

3  ambiguous.  MGA further objects that the Request is compound, misleading, and

4  incorrectly assumes that "the copyrighted material which is subject to Copyright

5  Registration No. VA 1-090-290" is "BASED ON" "the materials subject to

6  Copyright Registration No. VA 1-218-491."  MGA thus objects to, and disregards

7  herein, the clause in the Request that states "other than the materials subject to

8  Copyright Registration No. VA 1-218-491".

9          Subject to and without waiving the foregoing general and specific

10  objections, MGA responds as follows to the Request:

11          Due to the overly broad and confusing nature of the Request as a

12  consequence of Mattel's definitions, MGA states that it cannot "admit" or "deny" this

13  Request in a manner that would provide an accurate statement of MGA's position

14  that could not be used by Mattel to try to mislead the jury.  In lieu thereof, MGA

15  responds as follows: MGA denies that the Yasmin Doll Configuration, Accessories,

16  and Packaging listed in Copyright Registration No. VA 1-090-290 are copies of,

17  derivative of, or substantially similar to Bryant's drawings of characters that he called

18  "Bratz" that Bryant made prior to October 21, 2000, except admits that certain Bratz

19  two-dimensional character art utilized on the Yasmin doll packaging listed in

20  Copyright Registration No. VA 1-090-290 was derivative of Bryant's initial

21  drawings of characters called "Bratz" that he created in August 1998, at which time

22  he was not employed by Mattel.

23

24

25

26

27

28

MGA'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT _2_ PAGE _100_

1

2 | DATED: February 04, 2008

3

SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP

By: _____
            Timothy A. Miller
Attorneys for Counter-Defendants, MGA
ENTERTAINMENT, INC., ISAAC LARIAN,
MGA ENTERTAINMENT (HK) LIMITED,
AND MGAE de MEXICO S.R.L. de C.V.

76

EXHIBIT 2 PAGE 101

**EXHIBIT 3**

1  THOMAS J. NOLAN (Bar No. 66992)
2  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
   300 South Grand Avenue
   Los Angeles, California  90071-3144
3  Telephone:  (213) 687-5000
   Facsimile:   (213) 687-5600
4  E-mail:       tnolan@skadden.com

5  RAOUL D. KENNEDY (Bar No. 40892)
   TIMOTHY A. MILLER (Bar No. 154744)
6  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
   Four Embarcadero Center, 38th Floor
7  San Francisco, California  94111-5974
   Telephone:  (415) 984-6400
8  Facsimile:   (415) 984-2698
   E-mail:       rkennedy@skadden.com
9  E-mail:       tmiller@skadden.com

10 Attorneys for Cross-Defendants
   MGA Entertainment, Inc., MGA Entertainment (HK) Limited,
11 MGAE De Mexico, S.R.L. De C.V., and ISAAC LARIAN

12          UNITED STATES DISTRICT COURT

13          CENTRAL DISTRICT OF CALIFORNIA

14               EASTERN DIVISION

15 CARTER BRYANT, an individual          ) CASE NO. CV 04-9049 SGL (RNBx)
                                         ) Consolidated with Case No. 04-9059
16              Plaintiff,               ) and Case No. 05-2727
                                         )
17      v.                               ) **DISCOVERY MATTER**
                                         )
18 MATTEL, INC., a Delaware              ) **[To be heard by Discovery Master Hon.**
   corporation                          ) **Edward A. Infante (Ret.)]**
19                                       )
              Defendant.                 ) **MGA ENTERTAINMENT (HK)**
20                                       ) **LTD.'S OBJECTIONS AND**
   _____        ) **RESPONSES TO MATTEL'S "FIRST"**
21 Consolidated with MATTEL, INC. v.     ) **SET OF REQUESTS FOR**
   BRYANT and MGA                        ) **ADMISSION TO MGA**
22 ENTERTAINMENT, INC. v.                ) **ENTERTAINMENT, INC.; CARTER**
   MATTEL, INC.                          ) **BRYANT; MGA ENTERTAINMENT**
23                                       ) **(HK) LIMITED; AND ISAAC LARIAN**
   **CONFIDENTIAL – ATTORNEYS'**          )
24 **EYES ONLY**                          ) **Phase 1:**
                                         ) Discovery Cut-Off:   January 28, 2008
25                                       ) Pre-Trial Conference: May 5, 2008
   _____        ) Trial Date:             May 27, 2008
26

27

28

MGA HK'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT  3  PAGE  102

1  PROPOUNDING PARTY:      MATTEL, INC. ("Mattel")

2  RESPONDING PARTY:       MGA HK

3  SET NUMBER:             ONE

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MGA HK'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT 3 PAGE 103

Pursuant to Federal Rule of Civil procedure 36, MGA Entertainment (HK) Ltd. ("MGA HK") submits its objections and responses (the "Response"), for reasons stated below, to Mattel's "First" Set of Requests for Admission to MGA Entertainment, Inc.; Carter Bryant; MGA Entertainment (HK) Limited; and Isaac Larian.

## GENERAL RESPONSE

The General Response set forth herein applies to all responses MGA HK is providing in response to these requests for admission (the "Request") or may in the future provide in response to any discovery request in this action. The Response is made without waiving or intending to waive but, on the contrary, expressly reserving: (a) the right to object, on the grounds of competency, privilege, relevancy or materiality, or any other proper grounds, to the use of the Response, for any purpose in whole or in part, in any subsequent step or proceeding in this action or any other action; (b) the right to object on any and all grounds, at any time, to other requests for admissions or other discovery procedures; and (c) the right at any time to revise, correct, add to, or clarify any of the responses propounded herein.

The Responses reflect only the present state of MGA HK's discovery regarding the information Mattel seeks. Discovery for Phase Two and other investigation or research concerning this litigation are continuing. It is anticipated that further discovery, independent investigation, and legal research and analysis will supply additional facts and meaning to the known facts, as well as establish entirely new factual conclusions, all of which may lead MGA HK to discover other information responsive to this Request. MGA HK therefore reserves the right to amend or supplement this Response at any time in light of future investigation, research or analysis, and also expressly reserves the right to rely on, at any time, including trial, subsequently discovered information omitted from this Response as a result of mistake, error, oversight or inadvertence. MGA HK does not hereby admit,

MGA HK'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT _3_ PAGE _104_

1  adopt or acquiesce in any factual or legal contention, assertion or characterization

2  contained in the Request or any particular request therein, even where MGA HK has

3  not otherwise objected to a particular request, or has agreed to provide information

4  responsive to a particular request.

5          No incidental or implied admissions are intended by this Response.

6  These responses should not be taken as an admission that MGA HK accepts or

7  admits the existence of any facts set forth or assumed by any instruction, definition

8  or request.

9                    **GENERAL OBJECTIONS**

10          MGA HK incorporates the following General Objections, as well as the

11  General Response, into its Specific Objections and Responses to each and every

12  Request.  The assertion of same, similar, or additional objections to the individual

13  requests does not waive any of MGA HK's general objections as set forth below:

14          1.    MGA HK objects to the Request insofar as it seeks disclosure of

15  information that is not required to be disclosed under any applicable privilege,

16  doctrine or immunity, including without limitation the attorney-client privilege, the

17  work product doctrine, the right of privacy, the joint defense privilege, the common

18  interest privilege, and all other privileges recognized under the constitutional,

19  statutory or decisional law of the United States of America, the State of California or

20  any other applicable jurisdiction.

21          2.    MGA HK objects to the Request to the extent it seeks information

22  not relevant to the claims or defenses of any party to this action and is not reasonably

23  calculated to lead to the discovery of admissible evidence.

24          3.    MGA HK objects to the Request insofar as it seeks information

25  that is, by reason of public filing or otherwise, already in Mattel's possession or is

26  readily accessible to Mattel.

27          4.    MGA HK objects to the Request insofar as it (1) seeks

28  information not within MGA HK's possession, custody or control; (2) seeks

2

MGA HK'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT _3_ PAGE _105_

1  information that MGA HK cannot locate after a reasonably diligent search; or (3)

2  refers to persons, entities, or events not known to MGA HK.

3        5.    MGA HK objects to the Request insofar it seeks confidential

4  information, trade secrets or other proprietary information.

5        6.    MGA HK objects to the Request to the extent it is unduly

6  burdensome and oppressive.

7        7.    To the extent the Request asks MGA HK to provide information

8  concerning the legal basis of its defense of this matter, MGA HK objects on the

9  grounds that the Request impermissibly call for mental impressions, conclusions,

10  opinions and/or legal theories of MGA HK's attorneys.

11        8.    In responding to the Request, MGA HK has not and will not

12  comply with any instructions or definitions that seek to impose requirements in

13  addition to those imposed by the Federal Rules of Civil Procedure or any applicable

14  local rule.

15        9.    MGA HK objects to the Request to the extent that it may unfairly

16  seek to restrict the facts on which MGA may rely at trial.  Discovery has not been

17  completed and MGA HK is not yet necessarily in possession of all the facts and

18  documents upon which MGA HK intends to rely.  All of the responses submitted

19  herewith are tendered to Mattel with the reservation that the responses are submitted

20  without limiting the evidence on which MGA HK may rely to support the

21  contentions and defenses that MGA HK may assert at the trial of this action and to

22  rebut or impeach the contentions, assertions and evidence that Mattel may present.

23  MGA HK reserves the right to supplement or amend these responses at a future date.

24        10.    MGA HK objects to the Request to the extent it seeks information

25  that will be the subject of expert witness testimony and that is therefore premature.

26  MGA HK further objects to the Request to the extent that it seeks to circumvent the

27  expert disclosure provisions of the <u>Federal</u> and <u>Local Rules</u>.

28        11.    MGA HK reserves the right to object on any ground at any time

3

MGA HK'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT _3_ PAGE _106_

1   to such other and supplemental discovery requests as Mattel may propound involving

2   or relating to the same subject matter of the Request.

3          12.   MGA HK objects to the definitions and instructions to the extent

4   such definitions and instructions purport to enlarge, expand, or alter in any way the

5   plain meaning and scope of any specific term or specific requests on the grounds that

6   such enlargement, expansion or alteration renders such term or request vague,

7   ambiguous, unintelligible, overly broad, unduly burdensome or uncertain.

8          13.   MGA HK objects to the defined terms "YOU," "MGA," "MGA

9   HK," "DEFENDANT," "DEFENDANTS," "AFFILIATES," "DESIGN" or

10  "DESIGNS," "BASED ON," "BRATZ," "BRATZ WORK," "BRATZ DOLLS,"

11  "BRYANT'S BRATZ DESIGNS," "BRYANT'S BRATZ IDEAS," "BRYANT'S

12  PITCH MATERIALS," "MATTEL," "CREATED," "RELATING TO" or "REFER

13  OR RELATE TO," and "COMMUNICATION" in the Request on the grounds that

14  these terms use defined terms that distort the commonly used and understood

15  meanings of terms, including legal terms of art, by sweeping in concepts not properly

16  associated with them and render the Request overly broad, unduly burdensome,

17  vague and ambiguous, including, by way of example and without limitation, as

18  follows:

19          (a)   MGA HK objects to the definition of the term "BRATZ"

20  (Definitions ¶ 11) as vague, ambiguous, overly broad and unduly burdensome, and

21  designed to mislead and confuse the trier of fact.  The definition includes "any

22  project, product, doll or DESIGN ever known by [the Bratz] name (whether in whole

23  or in part and regardless of what such project, product or doll is or has been also,

24  previously or subsequently called) and any product, doll or DESIGN or any portion

25  thereof that is now or has ever been known as, or sold or marketed under, the name

26  or term 'Bratz' (whether in whole or in part and regardless of what such product, doll

27  or DESIGN or portion thereof is or has been also, previously or subsequently called)

28  or that is now or has ever been sold or marketed as part of the 'Bratz' line, and each

4

MGA HK'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT __3__ PAGE _107_

1   version or iteration of such product, doll or DESIGN or any portion thereof," and it

2   goes on.  By incorporating the definition of "DESIGN," the overly broad definition

3   of "BRATZ" includes two-dimensional and three-dimensional representations,

4   including "works, design, artwork, sketches, drawings, illustrations, representations,

5   depictions, blueprints, schematics, diagrams, images, sculptures, prototypes, models,

6   samples, rotocasts, reductions to practice, developments, inventions and/or

7   improvements . . . ." (Definitions ¶ 9.)  (See objection to term "DESIGN" below)

8   These convoluted and multi-part definitions combine to render the Requests vague,

9   ambiguous and overly broad, and to include within the term "BRATZ" things that do

10  not fairly represent the Bratz line of dolls, accessories and related products that are

11  the subject of this case.  In responding to the Request, MGA HK will interpret the

12  term "BRATZ" to mean the line of dolls introduced by MGA to the market for sale

13  in May or June of 2001 and subsequent dolls, accessories and other products known

14  as Bratz or associated by MGA with the Bratz line of dolls;

15           (b)    MGA HK objects to the definition of the term "BRATZ

16  DOLLS" (Definitions ¶ 13) as vague, ambiguous, overly broad and unduly

17  burdensome, and designed to mislead and confuse the trier of fact.  The definition

18  includes any doll that "REFERS OR RELATES to BRATZ."  Mattel's definition of

19  the terms "BRATZ" and "REFERS OR RELATES" renders the definition of

20  "BRATZ DOLL" unintelligible because MGA HK cannot know, by way of example,

21  what dolls may "deal with, comment on, respond to, . . . or in any way pertain"

22  (Definitions ¶ 22) to "BRATZ," which is already defined to include any "doll . . . that

23  is now or has ever been known as, or sold or marketed under, the name or term

24  'Bratz' . . . or that is now or has ever been sold or marketed as part of the 'Bratz' line,

25  and each version or iteration of such . . . doll . . . ."  In responding to the Request,

26  MGA HK will interpret the term "BRATZ DOLL" to mean the line of dolls

27  introduced by MGA to the market for sale in May or June of 2001 and subsequent

28  dolls known as Bratz;

5

EXHIBIT _3_ PAGE _108_

1    (c)    MGA HK objects to the definition of the term "BRATZ

2  WORK" as vague, ambiguous, overly broad and unduly burdensome, and designed

3  to mislead and confuse the trier of fact.  The definition contains separate component

4  parts ("any representation . . . whether in whole or in part, whether two-dimensional

5  or three-dimensional, and whether in tangible, digital, electronic or other form,

6  including . . . any DESIGN . . .as well as all other items, things and DOCUMENTS

7  in which any of the foregoing are or have been expressed, embodied, contained,

8  fixed or reflected in any manner . . . .").  The incorporation of the defined term

9  "DESIGN" adds at least another 21 elements ("all works, designs, artwork, sketches,

10  drawings, illustrations, representations, depictions, blueprints, schematics, diagrams,

11  images, sculptures, prototypes, models, samples, rotocasts, reductions to practice,

12  developments, inventions and/or improvements").  The inclusion of these disparate

13  concepts in the term "work" improperly conflates distinct issues of patent law,

14  copyright protection, trade secret law and the common law protecting original ideas;

15    (d)    MGA HK objects to the definition of the term "BASED

16  ON" (Definitions ¶ 10) as vague, ambiguous, overly broad and unduly burdensome,

17  and designed to mislead and confuse the trier of fact.  The definitions strays far from

18  the English meaning of "based on" by including terms loaded with legal significance

19  in intellectual property law, such as "substantially similar to," or "derivative of."  In

20  responding to these requests, MGA HK will not interpret the term "BASED ON," but

21  rather will respond using "based on" as it is commonly used and understood;

22    (e)    MGA HK objects to the term "CREATED" (Definitions ¶

23  19) as vague, ambiguous, overly broad and unduly burdensome, and designed to

24  mislead and confuse the trier of fact.  The definition strays far from the English

25  meaning of the term "created" by including concepts such as "improved," "altered,"

26  "conceived of," and "reduced to practice."  Thus, by way of example, under Mattel's

27  definition of "CREATED," the jury could be misled into believing that a person

28  "CREATED" a particular thing when that person did not, but only slightly altered or

EXHIBIT __3__ PAGE __109__

1  improved the thing. In responding to the Request, MGA HK will not interpret the

2  term "CREATED" according to Mattel's definition, but rather will respond using

3  "created" in its normal, accepted meaning;

4          (f) MGA HK objects to the term "DESIGN" (Definitions ¶ 9)

5  as vague, ambiguous, overly broad and unduly burdensome, and designed to mislead

6  and confuse the trier of fact. The definition combines at least three or four disparate

7  intellectual property concepts. In addition to invoking copyright principles

8  ("artwork, sketches, drawings, illustrations, . . . depictions, blueprints, schematics,

9  diagrams, images, sculptures, . . . models . . . fixed . . ."), *see* 17 U.S.C. § 101, the

10  definition also includes patent law terms, such as "design," "reductions to practice"

11  and "improvements." *See* 35 U.S.C. § 102(g); 35 U.S.C. § 171; 1-GLOS *Chisum on*

12  *Patents* (2007). In addition, the definition makes no distinction between design and

13  utility patents. *See* 1-23 *Chisum on Patents* § 23.01 (highlighting the distinctions

14  between the two). Moreover, under Mattel's definition, a "DESIGN" could also be a

15  trade secret under California's Uniform Trade Secrets Act. *See* Cal. Civ. Code §

16  3426.1 (defining "Trade secret" as "information, including a formula, pattern,

17  compilation, program, device, method, technique, or process that: (1) Derives

18  independent economic value, actual or potential, from not being generally known to

19  the public . . ."). MGA HK will interpret the term "DESIGN" as it is commonly used

20  and understood;

21          (g) MGA HK objects to the terms "RELATING TO" and

22  "REFER OR RELATE TO" on the grounds and to the extent that they are overly

23  broad, unduly burdensome, and/or are vague and ambiguous in the context of the

24  interrogatories as written and as those interrogatories would be plainly understood

25  absent Mattel's definitions;

26          (h) MGA HK objects to the term "BRYANT'S BRATZ

27  DESIGNS" (Definitions ¶ 15) as vague, ambiguous, overly broad and unduly

28  burdensome, and designed to mislead and confuse the trier of fact. The definition

1  includes the defined term "CREATED," (Definitions ¶ 19) which strays far from the

2  English meaning of the term "created" by including concepts such as "improved,"

3  "altered," "conceived of," and "reduced to practice."   In addition, Mattel's definition

4  of the terms "DESIGN," (Definitions ¶ 9) "REFER OR RELATE TO" (Definitions ¶

5  22) and "BRATZ" (Definitions ¶ 11) renders the term "BRYANT'S BRATZ

6  DESIGNS" unintelligible because MGA HK cannot know, by way of example, what

7  designs may "deal with, comment on, respond to, . . . or in any way pertain"

8  (Definitions ¶ 22) to "BRATZ." In responding to these requests, MGA HK will

9  interpret the term "BRYANT'S BRATZ DESIGNS" to mean the drawings depicting

10  Bratz characters that Bryant made prior to October 4, 2000, the date on which Bryant

11  signed his agreement with MGA;

12              (i)     MGA HK objects to the term "BRYANT'S BRATZ

13  IDEAS" (Definitions ¶ 16) as vague, ambiguous, overly broad and unduly

14  burdensome, and designed to mislead and confuse the trier of fact.  The definition

15  includes the defined term "CREATED," (Definitions ¶ 19) which strays far from the

16  English meaning of the term "created" by including concepts such as "improved,"

17  "altered," "conceived of," and "reduced to practice."   In addition, Mattel's definition

18  of the terms "REFER OR RELATE TO" (Definitions ¶ 22) and "BRATZ"

19  (Definitions ¶ 11) renders the term "BRYANT'S BRATZ IDEAS" unintelligible

20  because MGA cannot know, by way of example, what intangible matter created by

21  Bryant may "deal with, comment on, respond to, . . . or in any way pertain"

22  (Definitions ¶ 22) to "BRATZ." In responding to these requests, MGA HK will

23  interpret the term "BRYANT'S BRATZ IDEAS" to mean Carter Bryant's idea of a

24  line of fashion dolls that he called "Bratz," which was sufficiently novel and original

25  to be protected under California law as a confidential novel idea under Desny v.

26  Wilder, 46 Cal.2d 715 (1956) and its progeny;

27              (j)     MGA HK objects to the term "BRYANT'S PITCH

28  MATERIALS" (Definitions ¶ 17) as vague, ambiguous, overly broad and unduly

EXHIBIT _3_ PAGE _111_

1  burdensome, and designed to mislead and confuse the trier of fact. Mattel's

2  definition of the terms "REFER OR RELATE TO" (Definitions ¶ 22) and "BRATZ"

3  (Definitions ¶ 11) renders the term "BRYANT'S BRATZ IDEAS" unintelligible

4  because MGA HK cannot know, by way of example, what drawings Bryant

5  presented to MGA may "comment on [or] respond to" (Definitions ¶ 22) "BRATZ."

6  In responding to these requests, MGA HK will interpret the term "BRYANT'S

7  PITCH MATERIALS" to mean the materials presented by Bryant to MGA depicted

8  in what has been marked as Exhibit 302 (MGA 006453 to MGA 006466), and what

9  was described as a "dummy" in Carter Bryant's November 4, 2004 deposition;

10          (k)    MGA HK objects to the term "YOU" (Definitions ¶ 1) as

11  vague, ambiguous, overly broad and unduly burdensome and designed to mislead

12  and confuse the trier of fact. Mattel's definition of the term "YOU" purports to

13  include all defendants collectively in instances where the plural "YOU" would result

14  in a broader meaning of a request. Thus, Mattel's definition would require MGA HK

15  to admit or deny requests based on the actions of other defendants (such as Carter

16  Bryant) in the action, resulting in responses designed to mislead and confuse the trier

17  of fact. In responding to the requests, MGA HK will interpret the term "YOU" to

18  refer to MGA HK.

19        14.    MGA HK's responses are made based on its understanding and

20  interpretation of the Request. MGA HK reserves the right to supplement its

21  objections and responses should Mattel subsequently assert an interpretation of any

22  request that differs from those of MGA HK.

23        These general objections shall be deemed incorporated into each

24  specific response below as if they were fully set forth below. Nevertheless, without

25  waiver of, without prejudice to, and expressly hereby reserving all of the foregoing

26  general objections, MGA HK submits the following responses to the Requests.

27

28

9

EXHIBIT 3 PAGE 112

## SPECIFIC OBJECTIONS AND RESPONSES

**REQUEST FOR ADMISSION NO. 1:**

Admit that BRATZ competes with one or more products marketed and sold by MATTEL.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

MGA HK incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection Nos. 12-13 (regarding Definitions), including but not limited to its objections to the definitions of "BRATZ" and "MATTEL" on the grounds that Mattel's definitions of those terms are overly broad and renders the request vague and ambiguous.

Subject to and without waiving the foregoing general and specific objections, MGA HK responds as follows to the request:

MGA HK admits that one or more dolls introduced by MGA to the market for sale in May or June of 2001 known as "Bratz" and subsequent dolls, accessories and other products sold under the Bratz brand, or associated by MGA with the Bratz line of dolls, compete with one or more products marketed and sold by Mattel.


**REQUEST FOR ADMISSION NO. 2:**

Admit that BRATZ does not compete with any products marketed and sold by MATTEL.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

MGA HK incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection Nos. 12-13 (regarding Definitions), including but not limited to its objections to the definitions of "BRATZ" and "MATTEL" on the grounds that Mattel's definitions of those terms are overly broad and renders the request vague

MGA HK'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT _3_ PAGE _113_

1  and ambiguous.

2         Subject to and without waiving the foregoing general and specific

3  objections, MGA HK responds as follows to the request:

4         DENIED.  MGA HK admits that one or more dolls introduced by MGA

5  to the market for sale in May or June of 2001 known as "Bratz" and subsequent

6  dolls, accessories and other products sold under the Bratz brand, or associated by

7  MGA with the Bratz line of dolls, compete with one or more products marketed and

8  sold by Mattel.

9

10  **REQUEST FOR ADMISSION NO. 3:**

11         Admit that BRATZ DOLLS compete with one or more products

12  marketed and sold by MATTEL.

13  **RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

14         MGA HK incorporates by reference its General Response and General

15  Objections above, as though fully set forth herein and specifically incorporates

16  General Objection Nos. 12-13 (regarding Definitions), including but not limited to its

17  objections to the definitions of "BRATZ DOLLS" and "MATTEL" on the grounds

18  that Mattel's definitions of those terms are overly broad and renders the request

19  vague and ambiguous.

20         Subject to and without waiving the foregoing general and specific

21  objections, MGA HK responds as follows to the request:

22         MGA HK admits that one or more dolls introduced by MGA to the

23  market for sale in May or June of 2001 known as "Bratz," and subsequent dolls

24  introduced by MGA to the market known as "Bratz," compete with one or more

25  products marketed and sold by Mattel.

26

27  **REQUEST FOR ADMISSION NO. 4:**

28         Admit that BRATZ DOLLS do not compete with any products

11

---

MGA HK'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT __3__ PAGE _114_

1  marketed and sold by MATTEL.

2  **RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

3      MGA HK incorporates by reference its General Response and General

4  Objections above, as though fully set forth herein and specifically incorporates

5  General Objection Nos. 12-13 (regarding Definitions), including but not limited to its

6  objections to the definitions of "BRATZ DOLLS" and "MATTEL" on the grounds

7  that Mattel's definitions of those terms are overly broad and renders the request

8  vague and ambiguous.

9      Subject to and without waiving the foregoing general and specific

10  objections, MGA HK responds as follows to the request:

11      DENIED.  MGA HK admits that one or more dolls introduced by MGA

12  to the market for sale in May or June of 2001 known as "Bratz," and subsequent

13  dolls introduced by MGA to the market known as "Bratz," compete with one or more

14  products marketed and sold by Mattel.

15

16  **REQUEST FOR ADMISSION NO. 5:**

17      Admit that BRYANT'S assignment of rights to BRATZ to MGA in the

18  ASSIGNMENT AGREEMENT gave MGA property rights.

19  **RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

20      MGA HK incorporates by reference its General Response and General

21  Objections above, as though fully set forth herein and specifically incorporates

22  General Objection Nos. 12-13 (regarding Definitions), including but not limited to its

23  objections to the definitions of "BRATZ" and "MGA" on the grounds that Mattel's

24  definitions of those terms are overly broad and renders the request vague and

25  ambiguous.   MGA HK further objects to the use of the term "property rights" as

26  vague and ambiguous.  MGA HK interprets "property rights" to mean intellectual

27  property rights, including copyright, trademark, design patent, and utility patent.

28      Subject to and without waiving the foregoing general and specific

12

MGA HK'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT __3__ PAGE _115_

1   objections, MGA HK responds as follows to the request:

2           MGA HK admits that in the Assignment Agreement, Bryant assigned to

3   MGA any copyright rights that he may have possessed in his drawings of characters

4   that he called "Bratz." With respect to design patent law, MGA HK denies that

5   Bryant assigned any such rights to MGA in the Assignment Agreement. In this

6   connection, MGA HK further asserts that Bryant had no design patent rights that he

7   could assign, because to the extent that Bryant's two-dimensional drawings could

8   have suggested or be considered the conception of a potential three-dimensional

9   design, such three-dimensional design would not have been sufficiently original to

10  qualify for design patent protection. MGA HK further asserts that the actual three-

11  dimensional shapes of any of MGA's Bratz do not resemble, and are not substantially

12  similar to, the three-dimensional design that could be considered to have been

13  suggested by Bryant's two-dimensional drawings.

14

15  **REQUEST FOR ADMISSION NO. 6:**

16          Admit that BRYANT'S assignment of rights to BRATZ to MGA in the

17  ASSIGNMENT AGREEMENT did not give MGA property rights.

18  **RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

19          MGA HK incorporates by reference its General Response and General

20  Objections above, as though fully set forth herein and specifically incorporates

21  General Objection Nos. 12-13 (regarding Definitions), including but not limited to its

22  objections to the definitions of "BRATZ" and "MGA" on the grounds that Mattel's

23  definitions of those terms are overly broad and renders the request vague and

24  ambiguous. MGA HK further objects to the use of the term "property rights" as

25  vague and ambiguous. MGA HK interprets "property rights" to mean intellectual

26  property rights, including copyright, trademark, design patent, and utility patent.

27          Subject to and without waiving the foregoing general and specific

28  objections, MGA HK responds as follows to the request:

13

MGA HK'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT __3__ PAGE __116__

1    MGA HK admits that in the Assignment Agreement, Bryant assigned to

2    MGA any copyright rights that he may have possessed in his drawings of characters

3    that he called "Bratz." With respect to design patent law, MGA HK denies that

4    Bryant assigned any such rights to MGA in the Assignment Agreement. In this

5    connection, MGA HK further asserts that Bryant had no design patent rights that he

6    could assign, because to the extent that Bryant's two-dimensional drawings could

7    have suggested or be considered the conception of a potential three-dimensional

8    design, such three-dimensional design would not have been sufficiently original to

9    qualify for design patent protection. MGA HK further asserts that the actual three-

10   dimensional shapes of any of MGA's Bratz do not resemble, and are not substantially

11   similar to, the three-dimensional design that could be considered to have been

12   suggested by Bryant's two-dimensional drawings.

13

14   **REQUEST FOR ADMISSION NO. 7:**

15   Admit that BRYANT'S assignment of rights to BRATZ to MGA in the

16   ASSIGNMENT AGREEMENT gave MGA valuable property rights.

17   **RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

18   MGA HK incorporates by reference its General Response and General

19   Objections above, as though fully set forth herein and specifically incorporates

20   General Objection Nos. 12-13 (regarding Definitions), including but not limited to its

21   objections to the definitions of "BRATZ" and "MGA" on the grounds that Mattel's

22   definitions of those terms are overly broad and renders the request vague and

23   ambiguous. MGA HK further objects to the use of the terms "valuable" and

24   "property rights" as vague and ambiguous. MGA HK interprets "valuable" as it is

25   commonly used and understood. MGA HK interprets "property rights" to mean

26   intellectual property rights, including copyright, trademark, design patent, and utility

27   patent.

28   Subject to and without waiving the foregoing general and specific

14

MGA HK'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT __3__ PAGE __117__

1  objections, MGA HK responds as follows to the request:

2           MGA HK denies that Bryant assigned to MGA in the Assignment

3  Agreement intellectual property rights that were valuable, except MGA HK admits

4  that Bryant assigned to MGA rights that could, after the successful introduction and

5  growing success of the Bratz line, which were predominantly the result of substantial

6  investment, development, and marketing by MGA, be considered in hindsight to

7  have been valuable at the time of the Assignment Agreement.

8

9  **REQUEST FOR ADMISSION NO. 8:**

10          Admit that BRYANT'S assignment of rights to BRATZ to MGA in the

11  ASSIGNMENT AGREEMENT did not give MGA valuable property rights.

12  **RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

13          MGA HK incorporates by reference its General Response and General

14  Objections above, as though fully set forth herein and specifically incorporates

15  General Objection Nos. 12-13 (regarding Definitions), including but not limited to its

16  objections to the definitions of "BRATZ" and "MGA" on the grounds that Mattel's

17  definitions of those terms are overly broad and renders the request vague and

18  ambiguous.  MGA HK further objects to the use of the terms "valuable" and

19  "property rights" as vague and ambiguous.  MGA HK interprets "valuable" as it is

20  commonly used and understood.  MGA HK interprets "property rights" to mean

21  intellectual property rights, including copyright, trademark, design patent, and utility

22  patent.

23          Subject to and without waiving the foregoing general and specific

24  objections, MGA HK responds as follows to the request:

25          MGA HK admits that Bryant's assignment of rights to Bratz to MGA in

26  the Assignment Agreement did not give MGA "valuable property rights," but further

27  asserts that Bryant assigned to MGA rights that could, after the successful

28  introduction and growing success of the Bratz line, which were predominantly the

MGA HK'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT _3_ PAGE _118_

1  result of substantial investment, development, and marketing by MGA, be

2  considered in hindsight to have been valuable at the time of the Assignment

3  Agreement.

4

5  **REQUEST FOR ADMISSION NO. 9:**

6         Admit that BRATZ is valuable property.

7  **RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

8         MGA HK incorporates by reference its General Response and General

9  Objections above, as though fully set forth herein and specifically incorporates

10  General Objection Nos. 12-13 (regarding Definitions), including but not limited to its

11  objections to the definition of "BRATZ" on the grounds that Mattel's definition of

12  the term is overly broad and renders the request vague and ambiguous.   MGA HK

13  further objects to the use of the terms "valuable" and "property" as vague and

14  ambiguous.

15         Subject to and without waiving the foregoing general and specific

16  objections, MGA HK responds as follows to the request:

17         Due to the overly broad and confusing nature of the Requests as a

18  consequence of Mattel's definitions, MGA HK states that it cannot "admit" or "deny"

19  this Request in a manner that would provide an accurate statement of MGA HK's

20  position that could not be used by Mattel to try to mislead the jury.  In lieu thereof,

21  MGA HK responds as follows: MGA HK admits that the dolls introduced by MGA

22  to the market for sale in May or June of 2001 known as "Bratz," and subsequent

23  dolls, accessories and other products sold under the Bratz brand, or associated by

24  MGA with the Bratz line of dolls, have value.

25

26  **REQUEST FOR ADMISSION NO. 10:**

27         Admit that BRATZ is not valuable property.

28

16

MGA HK'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT _3_ PAGE _119_

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

MGA HK incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection Nos. 12-13 (regarding Definitions), including but not limited to its objections to the definition of "BRATZ" on the grounds that Mattel's definition of the term is overly broad and renders the request vague and ambiguous.   MGA HK further objects to the use of the terms "valuable" and "property" as vague and ambiguous.

Subject to and without waiving the foregoing general and specific objections, MGA HK responds as follows to the request:

Due to the overly broad and confusing nature of the Requests as a consequence of Mattel's definitions, MGA HK states that it cannot "admit" or "deny" this Request in a manner that would provide an accurate statement of MGA HK's position that could not be used by Mattel to try to mislead the jury.  In lieu thereof, MGA HK responds as follows: MGA HK admits that the dolls introduced by MGA to the market for sale in May or June of 2001 known as "Bratz," and subsequent dolls, accessories and other products sold under the Bratz brand, or associated by MGA with the Bratz line of dolls, have value.

**REQUEST FOR ADMISSION NO. 11:**

Admit that BRATZ DOLLS are valuable property.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

MGA HK incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection Nos. 12-13 (regarding Definitions), including but not limited to its objections to the definition of "BRATZ DOLLS" on the grounds that Mattel's definition of the term is overly broad and renders the request vague and ambiguous. MGA HK further objects to the use of the terms "valuable" and "property" as vague

17

MGA HK'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT 3  PAGE 120

1   and ambiguous.

2          Subject to and without waiving the foregoing general and specific

3   objections, MGA HK responds as follows to the request:

4          Due to the overly broad and confusing nature of the Requests as a

5   consequence of Mattel's definitions, MGA HK states that it cannot "admit" or "deny"

6   this Request in a manner that would provide an accurate statement of MGA HK's

7   position that could not be used by Mattel to try to mislead the jury.  In lieu thereof,

8   MGA HK responds as follows: MGA HK admits that dolls introduced by MGA to

9   the market for sale in May or June of 2001 known as "Bratz," and subsequent dolls

10  introduced by MGA to the market known as "Bratz," have value.

11

12  **REQUEST FOR ADMISSION NO. 12:**

13         Admit that BRATZ DOLLS are not valuable property.

14  **RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

15         MGA HK incorporates by reference its General Response and General

16  Objections above, as though fully set forth herein and specifically incorporates

17  General Objection Nos. 12-13 (regarding Definitions), including but not limited to its

18  objections to the definition of "BRATZ DOLLS" on the grounds that Mattel's

19  definition of the term is overly broad and renders the request vague and ambiguous.

20  MGA HK further objects to the use of the terms "valuable" and "property" as vague

21  and ambiguous.

22         Subject to and without waiving the foregoing general and specific

23  objections, MGA HK responds as follows to the request:

24         Due to the overly broad and confusing nature of the Request as a

25  consequence of Mattel's definitions, MGA HK states that it cannot "admit" or "deny"

26  this Request in a manner that would provide an accurate statement of MGA HK's

27  position that could not be used by Mattel to try to mislead the jury.  In lieu thereof,

28  MGA HK responds as follows: MGA HK admits that dolls introduced by MGA to

MGA HK'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT __3__ PAGE /2/

1  the market for sale in May or June of 2001 known as Bratz, and subsequent dolls

2  introduced by MGA to the market known as Bratz, have value.

3

4  **REQUEST FOR ADMISSION NO. 13:**

5      Admit that BRYANT'S BRATZ DESIGNS are valuable property.

6  **RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

7      MGA HK incorporates by reference its General Response and General

8  Objections above, as though fully set forth herein and specifically incorporates

9  General Objection Nos. 12-13 (regarding Definitions), including but not limited to its

10  objections to the definition of "BRYANT'S BRATZ DESIGNS" on the grounds that

11  Mattel's definition of the term is overly broad and renders the request vague and

12  ambiguous.   MGA HK interprets the term "DESIGN" as it is commonly used and

13  understood.  MGA HK further objects to the use of the terms "valuable" and

14  "property" as vague and ambiguous.

15      Subject to and without waiving the foregoing general and specific

16  objections, MGA HK responds as follows to the request:

17      Due to the overly broad and confusing nature of the Request as a

18  consequence of Mattel's definitions, MGA HK states that it cannot "admit" or "deny"

19  this Request in a manner that would provide an accurate statement of MGA HK's

20  position that could not be used by Mattel to try to mislead the jury.  In lieu thereof,

21  MGA HK responds as follows: MGA HK denies that Bryant's drawings of

22  characters that he called "Bratz" made prior to entering an agreement with MGA are

23  "valuable property."

24

25  **REQUEST FOR ADMISSION NO. 14:**

26      Admit that BRYANT'S BRATZ DESIGNS are not valuable property.

27  **RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

28      MGA HK incorporates by reference its General Response and General

19

MGA HK'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT _3__ PAGE _122_

1  Objections above, as though fully set forth herein and specifically incorporates

2  General Objection Nos. 12-13 (regarding Definitions), including but not limited to its

3  objections to the definition of "BRYANT'S BRATZ DESIGNS" on the grounds that

4  Mattel's definition of the term is overly broad and renders the request vague and

5  ambiguous.   MGA HK interprets the term "DESIGN" as it is commonly used and

6  understood. MGA HK further objects to the use of the terms "valuable" and

7  "property" as vague and ambiguous.

8        Subject to and without waiving the foregoing general and specific

9  objections, MGA HK responds as follows to the request:

10        Due to the overly broad and confusing nature of the Request as a

11  consequence of Mattel's definitions, MGA HK states that it cannot "admit" or "deny"

12  this Request in a manner that would provide an accurate statement of MGA HK's

13  position that could not be used by Mattel to try to mislead the jury.  In lieu thereof,

14  MGA HK responds as follows: MGA HK admits that Bryant's drawings of

15  characters that he called "Bratz" made prior to entering an agreement with MGA are

16  not "valuable property."

17

18  **REQUEST FOR ADMISSION NO. 15:**

19        Admit that BRYANT'S BRATZ DESIGNS were valuable property at

20  the time of the ASSIGNMENT AGREEMENT.

21  **RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

22        MGA HK incorporates by reference its General Response and General

23  Objections above, as though fully set forth herein and specifically incorporates

24  General Objection Nos. 12-13 (regarding Definitions), including but not limited to its

25  objections to the definition of "BRYANT'S BRATZ DESIGNS" on the grounds that

26  Mattel's definition of the term is overly broad and renders the request vague and

27  ambiguous.   MGA HK interprets the term "DESIGN" as it is commonly used and

28  understood. MGA HK further objects to the use of the terms "valuable" and

20

EXHIBIT 3 PAGE 123

1    "property" as vague and ambiguous.  MGA HK interprets the terms "valuable" and

2    "property" as they are commonly used and understood.

3           Subject to and without waiving the foregoing general and specific

4    objections, MGA HK responds as follows to the request:

5           MGA HK denies that Bryant's drawings of characters that he called

6    "Bratz" made prior to entering an agreement with MGA were "valuable property" at

7    the time of the Assignment Agreement, except admits that Bryant's ideas for a line of

8    fashion dolls that he called "Bratz" could, after the successful introduction and

9    growing success of the Bratz line, which were predominantly the result of substantial

10   investment, development, and marketing by MGA, be considered in hindsight to

11   have been valuable at the time of the Assignment Agreement.

12

13   **REQUEST FOR ADMISSION NO. 16:**

14          Admit that BRYANT'S BRATZ DESIGNS were not valuable property

15   at the time of the ASSIGNMENT AGREEMENT.

16   **RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

17          MGA HK incorporates by reference its General Response and General

18   Objections above, as though fully set forth herein and specifically incorporates

19   General Objection Nos. 12-13 (regarding Definitions), including but not limited to its

20   objections to the definition of "BRYANT'S BRATZ DESIGNS" on the grounds that

21   Mattel's definition of the term is overly broad and renders the request vague and

22   ambiguous.   MGA HK interprets the term "DESIGN" as it is commonly used and

23   understood.  MGA HK further objects to the use of the terms "valuable" and

24   "property" as vague and ambiguous.  MGA HK interprets the terms "valuable" and

25   "property" as they are commonly used and understood.

26          Subject to and without waiving the foregoing general and specific

27   objections, MGA HK responds as follows to the request:

28          Due to the overbroad and confusing nature of the Request as a

21

MGA HK'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT _3_ PAGE _124_

1  consequence of Mattel's definitions, MGA HK states that it cannot "admit" or "deny"

2  this Request in a manner that would provide an accurate statement of MGA HK's

3  position that could not be used by Mattel to try to mislead the jury.  In lieu thereof,

4  MGA HK responds as follows: MGA HK admits that Bryant's drawings of

5  characters that he called "Bratz" made prior to entering an agreement with MGA

6  were not "valuable property" at the time of the Assignment Agreement, and states

7  further that Bryant's ideas for a line of fashion dolls that he called "Bratz" could,

8  after the successful introduction and growing success of the Bratz line, which were

9  predominantly the result of substantial investment, development, and marketing by

10  MGA, be considered in hindsight to have been valuable at the time of the

11  Assignment Agreement.

12

13  **REQUEST FOR ADMISSION NO. 17:**

14        Admit that BRYANT'S BRATZ IDEAS are valuable property.

15  **RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

16        MGA HK incorporates by reference its General Response and General

17  Objections above, as though fully set forth herein and specifically incorporates

18  General Objection Nos. 12-13 (regarding Definitions), including but not limited to its

19  objections to the definition of "BRYANT'S BRATZ IDEAS" on the grounds that

20  Mattel's definition of the term is overly broad and renders the request vague and

21  ambiguous.   MGA HK interprets the term "IDEA" as it is commonly used and

22  understood.  MGA HK further objects to the use of the terms "valuable" and

23  "property" as vague and ambiguous.

24        Subject to and without waiving the foregoing general and specific

25  objections, MGA HK responds as follows to the request:

26        MGA HK denies that Bryant's ideas for a line of fashion dolls that he

27  called "Bratz" are "valuable property", in that once Bryant's ideas were publicly

28  disclosed, they entered the public domain.

22

MGA HK'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT _3_ PAGE _125_

1

2 **REQUEST FOR ADMISSION NO. 18:**

3      Admit that BRYANT'S BRATZ IDEAS are not valuable property.

4 **RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

5      MGA HK incorporates by reference its General Response and General

6 Objections above, as though fully set forth herein and specifically incorporates

7 General Objection Nos. 12-13 (regarding Definitions), including but not limited to its

8 objections to the definition of "BRYANT'S BRATZ IDEAS" on the grounds that

9 Mattel's definition of the term is overly broad and renders the request vague and

10 ambiguous.   MGA HK interprets the term "IDEA" as it is commonly used and

11 understood. MGA HK further objects to the use of the terms "valuable" and

12 "property" as vague and ambiguous.  MGA HK interprets "valuable" and "property"

13 as those terms are commonly used and understood.

14      Subject to and without waiving the foregoing general and specific

15 objections, MGA HK responds as follows to the request:

16      Due to the overbroad and confusing nature of the Request as a

17 consequence of Mattel's definitions, MGA HK states that it cannot "admit" or "deny"

18 this Request in a manner that would provide an accurate statement of MGA HK's

19 position that could not be used by Mattel to try to mislead the jury.  In lieu thereof,

20 MGA HK responds as follows: MGA HK admits that Bryant's ideas for a line of

21 fashion dolls that he called "Bratz" are not "valuable property," and states further that

22 Bryant's ideas for a line of fashion dolls that he called "Bratz" could, after the

23 successful introduction and growing success of the Bratz line, which were

24 predominantly the result of substantial investment, development, and marketing by

25 MGA, be considered in hindsight to have been valuable at the time of the

26 Assignment Agreement.

27

28

23

MGA HK'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT 3 PAGE 126

**REQUEST FOR ADMISSION NO. 19:**

Admit that BRYANT'S BRATZ IDEAS were valuable property at the time of the ASSIGNMENT AGREEMENT.

**RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

MGA HK incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection Nos. 12-13 (regarding Definitions), including but not limited to its objections to the definition of "BRYANT'S BRATZ IDEAS" on the grounds that Mattel's definition of the term is overly broad and renders the request vague and ambiguous. MGA HK interprets the term "IDEA" as it is commonly used and understood. MGA HK further objects to the use of the terms "valuable" and "property" as vague and ambiguous.

Subject to and without waiving the foregoing general and specific objections, MGA HK responds as follows to the request:

MGA HK denies that Bryant's ideas for a line of fashion dolls that he called "Bratz" were "valuable property" at the time of the Assignment Agreement, except admits that Bryant's ideas for a line of fashion dolls that he called "Bratz" could, after the successful introduction and growing success of the Bratz line, which were predominantly the result of substantial investment, development, and marketing by MGA, be considered in hindsight to have been valuable at the time of the Assignment Agreement.

**REQUEST FOR ADMISSION NO. 20:**

Admit that BRYANT'S BRATZ IDEAS were not valuable property at the time of the ASSIGNMENT AGREEMENT.

**RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

MGA HK incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates

24

EXHIBIT 3 PAGE 127

1   General Objection Nos. 12-13 (regarding Definitions), including but not limited to its

2   objections to the definition of "BRYANT'S BRATZ IDEAS" on the grounds that

3   Mattel's definition of the term renders the request vague and ambiguous.  MGA HK

4   interprets the term "IDEA" as it is commonly used and understood.  MGA HK

5   further objects to the use of the terms "valuable" and "property" as vague and

6   ambiguous.  MGA HK interprets "valuable" and "property" as those terms are

7   commonly used and understood.

8        Subject to and without waiving the foregoing general and specific

9   objections, MGA HK responds as follows to the request:

10        Due to the overbroad and confusing nature of the Request as a

11  consequence of Mattel's definitions, MGA HK states that it cannot "admit" or "deny"

12  this Request in a manner that would provide an accurate statement of MGA HK's

13  position that could not be used by Mattel to try to mislead the jury.  In lieu thereof,

14  MGA HK responds as follows: MGA HK admits that Bryant's ideas for a line of

15  fashion dolls that he called "Bratz" could, after the successful introduction and

16  growing success of the Bratz line, which were predominantly the result of substantial

17  investment, development, and marketing by MGA, be considered in hindsight to

18  have been valuable at the time of the Assignment Agreement.

19

20  **REQUEST FOR ADMISSION NO. 21:**

21        Admit that rights to BRYANT'S BRATZ DESIGNS were assigned to

22  MGA in the ASSIGNMENT AGREEMENT.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

24        MGA HK incorporates by reference its General Response and General

25  Objections above, as though fully set forth herein and specifically incorporates

26  General Objection Nos. 12-13 (regarding Definitions), including but not limited to its

27  objections to the definitions of "BRYANT'S BRATZ DESIGNS" and "MGA" on the

28  grounds that Mattel's definitions of the terms render the request vague and

25

MGA HK'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT __3__ PAGE __128__

1 ambiguous.  MGA HK interprets the term "DESIGN" in accordance with its

2 generally accepted meaning.

3        Subject to and without waiving the foregoing general and specific

4 objections, MGA HK responds as follows to the request:

5        MGA HK denies that rights to "BRYANT'S BRATZ DESIGNS" were

6 assigned to MGA in the Assignment Agreement, except admits that in the

7 Assignment Agreement, Bryant assigned to MGA any copyright rights that he may

8 have possessed in his drawings of characters that he called "Bratz." With respect to

9 design patent law, MGA HK denies that Bryant assigned any such rights to MGA in

10 the Assignment Agreement.  In this connection, MGA HK further asserts that Bryant

11 had no design patent rights that he could assign, because to the extent that Bryant's

12 two-dimensional drawings could have suggested or be considered the conception of a

13 potential three-dimensional design, such three-dimensional design would not have

14 been sufficiently original to qualify for design patent protection.  MGA HK further

15 asserts that the actual three-dimensional shapes of any of MGA's Bratz do not

16 resemble, and are not substantially similar to, the three-dimensional design that could

17 be considered to have been suggested by Bryant's two-dimensional drawings.

18

19 **REQUEST FOR ADMISSION NO. 22:**

20        Admit that rights to BRYANT'S BRATZ DESIGNS were not assigned

21 to MGA in the ASSIGNMENT AGREEMENT.

22 **RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

23        MGA HK incorporates by reference its General Response and General

24 Objections above, as though fully set forth herein and specifically incorporates

25 General Objection Nos. 12-13 (regarding Definitions), including but not limited to its

26 objections to the definitions of "BRYANT'S BRATZ DESIGNS" and "MGA" on the

27 grounds that Mattel's definitions of the terms render the request vague and

28 ambiguous.  MGA HK interprets the term "DESIGN" in accordance with its

1  generally accepted meaning.

2          Subject to and without waiving the foregoing general and specific

3  objections, MGA HK responds as follows to the request:

4          Due to the overbroad and confusing nature of the Request as a

5  consequence of Mattel's definitions, MGA HK states that it cannot "admit" or "deny"

6  this Request in a manner that would provide an accurate statement of MGA HK's

7  position that could not be used by Mattel to try to mislead the jury.  In lieu thereof,

8  MGA HK responds as follows: MGA HK admits that in the Assignment Agreement,

9  Bryant assigned to MGA any copyright rights that he may have possessed in his

10  drawings of characters that he called "Bratz." With respect to design patent law,

11  MGA HK denies that Bryant assigned any such rights to MGA in the Assignment

12  Agreement.  In this connection, MGA HK further asserts that Bryant had no design

13  patent rights that he could assign, because to the extent that Bryant's two-

14  dimensional drawings could have suggested or be considered the conception of a

15  potential three-dimensional design, such three-dimensional design would not have

16  been sufficiently original to qualify for design patent protection.  MGA HK further

17  asserts that the actual three-dimensional shapes of any of MGA's Bratz do not

18  resemble, and are not substantially similar to, the three-dimensional design that could

19  be considered to have been suggested by Bryant's two-dimensional drawings.

20

21  **REQUEST FOR ADMISSION NO. 23:**

22          Admit that rights to BRYANT'S BRATZ IDEAS were assigned to

23  MGA in the ASSIGNMENT AGREEMENT.

24  **RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

25          MGA HK incorporates by reference its General Response and General

26  Objections above, as though fully set forth herein and specifically incorporates

27  General Objection Nos. 12-13 (regarding Definitions), including but not limited to its

28  objections to the definitions of "BRYANT'S BRATZ IDEAS" and "MGA" on the

MGA HK'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT _3_ PAGE _130_

1  grounds that Mattel's definitions of the terms render the request vague and

2  ambiguous.  MGA HK interprets the term "IDEA" as it is commonly used and

3  understood.

4          Subject to and without waiving the foregoing general and specific

5  objections, MGA HK responds as follows to the request:

6          MGA HK denies that rights to "BRYANT'S BRATZ IDEAS" were

7  assigned to MGA in the Assignment Agreement, except admits that Bryant assigned

8  to MGA any rights that he may have possessed in the idea for a line of fashion dolls

9  that he called "Bratz."

10

11  **REQUEST FOR ADMISSION NO. 24:**

12          Admit that rights to BRYANT'S BRATZ IDEAS were not assigned to

13  MGA in the ASSIGNMENT AGREEMENT.

14  **RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

15          MGA HK incorporates by reference its General Response and General

16  Objections above, as though fully set forth herein and specifically incorporates

17  General Objection Nos. 12-13 (regarding Definitions), including but not limited to its

18  objections to the definitions of "BRYANT'S BRATZ IDEAS" and "MGA" on the

19  grounds that Mattel's definitions of the terms are overly broad and renders the

20  request vague and ambiguous.  MGA HK interprets the term "IDEA" as it is

21  commonly used and understood.

22          Subject to and without waiving the foregoing general and specific

23  objections, MGA HK responds as follows to the request:

24          Due to the overly broad and confusing nature of the Request as a

25  consequence of Mattel's definitions, MGA HK states that it cannot "admit" or "deny"

26  this Request in a manner that would provide an accurate statement of MGA HK's

27  position that could not be used by Mattel to try to mislead the jury.  In lieu thereof,

28  MGA HK responds as follows: MGA HK admits that Bryant assigned to MGA any

EXHIBIT __3__ PAGE _131_

1    rights that he may have possessed in the idea for a line of fashion dolls that he called

2    "Bratz."

3

4    **REQUEST FOR ADMISSION NO. 25:**

5        Admit that BRYANT assigned all rights to BRATZ to MGA in the

6    ASSIGNMENT AGREEMENT.

7    **RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

8        MGA HK incorporates by reference its General Response and General

9    Objections above, as though fully set forth herein and specifically incorporates

10    General Objection Nos. 12-13 (regarding Definitions), including but not limited to its

11    objections to the definitions of "BRATZ" and "MGA" on the grounds that Mattel's

12    definitions of the terms are overly broad and renders the request vague and

13    ambiguous.  MGA HK further objects to the use of the term "all rights" as vague,

14    ambiguous, and overly broad.  MGA HK interprets the term "all rights" to mean all

15    intellectual property rights, including copyright, trademark, design patent, and utility

16    patent.

17        Subject to and without waiving the foregoing general and specific

18    objections, MGA HK responds as follows to the request:

19        MGA HK denies that Bryant assigned "all rights" to Bratz to MGA in

20    the Assignment Agreement, except admits that in the Assignment Agreement, Bryant

21    assigned to MGA any copyright rights that he may have possessed in his drawings of

22    characters that he called "Bratz." With respect to design patent law, MGA HK denies

23    that Bryant assigned any such rights to MGA in the Assignment Agreement.  In this

24    connection, MGA HK further asserts that Bryant had no design patent rights that he

25    could assign, because to the extent that Bryant's two-dimensional drawings could

26    have suggested or be considered the conception of a potential three-dimensional

27    design, such three-dimensional design would not have been sufficiently original to

28    qualify for design patent protection.  MGA HK further asserts that the actual three-

29

EXHIBIT 3 PAGE 132

1 | dimensional shapes of any of MGA's Bratz do not resemble, and are not substantially
2 | similar to, the three-dimensional design that could be considered to have been
3 | suggested by Bryant's two-dimensional drawings.

4 |

5 | **REQUEST FOR ADMISSION NO. 26:**

6 | Admit that BRYANT did not assign all rights to BRATZ to MGA in the
7 | ASSIGNMENT AGREEMENT.

8 | **RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

9 | MGA HK incorporates by reference its General Response and General
10 | Objections above, as though fully set forth herein and specifically incorporates
11 | General Objection Nos. 12-13 (regarding Definitions), including but not limited to its
12 | objections to the definition of the terms "BRATZ" and "MGA" on the grounds that
13 | Mattel's definitions of the terms are overly broad and renders the request vague and
14 | ambiguous. MGA HK further objects to the use of the term "all rights" as vague,
15 | ambiguous, and overly broad. MGA HK interprets the term "all rights" to mean all
16 | intellectual property rights, including copyright, trademark, design patent, and utility
17 | patent.

18 | Subject to and without waiving the foregoing general and specific
19 | objections, MGA HK responds as follows to the request:

20 | Due to the overbroad and confusing nature of the Request as a
21 | consequence of Mattel's definitions, MGA HK states that it cannot "admit" or "deny"
22 | this Request in a manner that would provide an accurate statement of MGA HK's
23 | position that could not be used by Mattel to try to mislead the jury. In lieu thereof,
24 | MGA HK responds as follows: MGA HK admits that in the Assignment Agreement,
25 | Bryant assigned to MGA any copyright rights that he may have possessed in his
26 | drawings of characters that he called "Bratz." With respect to design patent law,
27 | MGA HK denies that Bryant assigned any such rights to MGA in the Assignment
28 | Agreement. In this connection, MGA HK further asserts that Bryant had no design

30

EXHIBIT __3__ PAGE _/33_

1   patent rights that he could assign, because to the extent that Bryant's two-

2   dimensional drawings could have suggested or be considered the conception of a

3   potential three-dimensional design, such three-dimensional design would not have

4   been sufficiently original to qualify for design patent protection.  MGA HK further

5   asserts that the actual three-dimensional shapes of any of MGA's Bratz do not

6   resemble, and are not substantially similar to, the three-dimensional design that could

7   be considered to have been suggested by Bryant's two-dimensional drawings.

8

9   **REQUEST FOR ADMISSION NO. 27:**

10          Admit that BRYANT assigned at least some rights to BRATZ to MGA

11   in the ASSIGNMENT AGREEMENT.

12   **RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

13          MGA HK incorporates by reference its General Response and General

14   Objections above, as though fully set forth herein and specifically incorporates

15   General Objection Nos. 12-13 (regarding Definitions), including but not limited to its

16   objections to the definition of the terms "BRATZ" and "MGA" on the grounds that

17   Mattel's definitions of the terms are overly broad and renders the request vague and

18   ambiguous.  MGA HK further objects to the use of the term "some rights" as vague,

19   ambiguous, and overly broad.  MGA HK interprets the term "some rights" to mean

20   intellectual property rights, including copyright, trademark, design patent, and utility

21   patent.

22          Subject to and without waiving the foregoing general and specific

23   objections, MGA HK responds as follows to the request:

24          MGA HK denies that Bryant assigned "some rights" to Bratz to MGA in

25   the Assignment Agreement, except MGA HK admits that in the Assignment

26   Agreement, Bryant assigned to MGA any copyright rights that he may have

27   possessed in his drawings of characters that he called "Bratz." With respect to design

28   patent law, MGA HK denies that Bryant assigned any such rights to MGA in the

31

MGA HK'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT 3 PAGE 134

1  Assignment Agreement. In this connection, MGA HK further asserts that Bryant

2  had no design patent rights that he could assign, because to the extent that Bryant's

3  two-dimensional drawings could have suggested or be considered the conception of a

4  potential three-dimensional design, such three-dimensional design would not have

5  been sufficiently original to qualify for design patent protection. MGA HK further

6  asserts that the actual three-dimensional shapes of any of MGA's Bratz do not

7  resemble, and are not substantially similar to, the three-dimensional design that could

8  be considered to have been suggested by Bryant's two-dimensional drawings.

9

10  **REQUEST FOR ADMISSION NO. 28:**

11  Admit that BRYANT did not assign any rights to BRATZ to MGA in

12  the ASSIGNMENT AGREEMENT.

13  **RESPONSE TO REQUEST FOR ADMISSION NO. 28:**

14  MGA HK incorporates by reference its General Response and General

15  Objections above, as though fully set forth herein and specifically incorporates

16  General Objection Nos. 12-13 (regarding Definitions), including but not limited to its

17  objections to the definition of the terms "BRATZ" and "MGA" on the grounds that

18  Mattel's definitions of the terms are overly broad and renders the request vague and

19  ambiguous. MGA HK further objects to the use of the term "some rights" as vague,

20  ambiguous, and overly broad. MGA HK interprets the term "some rights" to mean

21  intellectual property rights, including copyright, trademark, design patent, and utility

22  patent.

23  Subject to and without waiving the foregoing general and specific

24  objections, MGA HK responds as follows to the request:

25  Due to the overbroad and confusing nature of the Request as a

26  consequence of Mattel's definitions, MGA HK states that it cannot "admit" or "deny"

27  this Request in a manner that would provide an accurate statement of MGA HK's

28  position that could not be used by Mattel to try to mislead the jury. In lieu thereof,

32

EXHIBIT 3 PAGE 135

1  MGA HK responds as follows: MGA HK admits that in the Assignment Agreement,

2  Bryant assigned to MGA any copyright rights that he may have possessed in his

3  drawings of characters that he called "Bratz." With respect to design patent law,

4  MGA HK denies that Bryant assigned any such rights to MGA in the Assignment

5  Agreement.  In this connection, MGA HK further asserts that Bryant had no design

6  patent rights that he could assign, because to the extent that Bryant's two-

7  dimensional drawings could have suggested or be considered the conception of a

8  potential three-dimensional design, such three-dimensional design would not have

9  been sufficiently original to qualify for design patent protection.  MGA HK further

10  asserts that the actual three-dimensional shapes of any of MGA's Bratz do not

11  resemble, and are not substantially similar to, the three-dimensional design that could

12  be considered to have been suggested by Bryant's two-dimensional drawings.

13

14  **REQUEST FOR ADMISSION NO. 29:**

15        Admit that David Rosenbaum acted as an authorized agent of MGA in

16  the year 2000 insofar as it performed services RELATING TO the ASSIGNMENT

17  AGREEMENT.

18  **RESPONSE TO REQUEST FOR ADMISSION NO. 29:**

19        MGA HK incorporates by reference its General Response and General

20  Objections above, as though fully set forth herein and specifically incorporates

21  General Objection Nos. 12-13 (regarding Definitions), including but not limited to its

22  objections to the definition of the terms "MGA" and "RELATING TO"  on the

23  grounds that Mattel's definitions of the terms are overly broad and renders the

24  request vague and ambiguous.   MGA HK further objects to the term "authorized

25  agent" as vague and ambiguous.  MGA HK further objects to this request to the

26  extent that it calls for the disclosure of information protected by the attorney-client

27  privilege, the work product doctrine, the joint defense privilege and/or the common

28  interest privilege.

33

EXHIBIT __3__ PAGE _136_

1          Subject to and without waiving the foregoing general and specific

2    objections, MGA HK responds as follows to the request:

3          DENIED.  MGA HK admits that MGA retained David Rosenbaum in

4    2000 to perform legal services for MGA in connection with the "ASSIGNMENT

5    AGREEMENT."

6

7    **REQUEST FOR ADMISSION NO. 30:**

8          Admit that David Rosenbaum did not act as an authorized agent of

9    MGA in the year 2000 insofar as it performed services RELATING TO the

10   ASSIGNMENT AGREEMENT.

11   **RESPONSE TO REQUEST FOR ADMISSION NO. 30:**

12         MGA HK incorporates by reference its General Response and General

13   Objections above, as though fully set forth herein and specifically incorporates

14   General Objection Nos. 12-13 (regarding Definitions), including but not limited to its

15   objections to the definition of the terms "MGA" and "RELATING TO"  on the

16   grounds that Mattel's definitions of the terms are overly broad and renders the

17   request vague and ambiguous.  MGA HK further objects to the term "authorized

18   agent" as vague and ambiguous.  MGA HK further objects to this request to the

19   extent that it calls for the disclosure of information protected by the attorney-client

20   privilege, the work product doctrine, the joint defense privilege and/or the common

21   interest privilege.

22         Subject to and without waiving the foregoing general and specific

23   objections, MGA HK responds as follows to the request:

24         DENIED.  MGA HK admits that MGA retained David Rosenbaum in

25   2000 to perform legal services for MGA in connection with the "ASSIGNMENT

26   AGREEMENT."

27

28

34

MGA HK'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT _3_ PAGE _137_

1   **REQUEST FOR ADMISSION NO. 31:**

2          Admit that David Rosenbaum acted as an authorized agent of MGA in

3   the year 2000 insofar as it performed services RELATING TO BRYANT.

4   **RESPONSE TO REQUEST FOR ADMISSION NO. 31:**

5          MGA HK incorporates by reference its General Response and General

6   Objections above, as though fully set forth herein and specifically incorporates

7   General Objection Nos. 12-13 (regarding Definitions), including but not limited to its

8   objections to the definition of the terms "MGA" and "RELATING TO" on the

9   grounds that Mattel's definitions of the terms are overly broad and renders the

10   request vague and ambiguous.   MGA HK further objects on the grounds that the

11   term "authorized agent" is vague and ambiguous.  MGA HK further objects to this

12   request to the extent that it calls for the disclosure of information protected by the

13   attorney-client privilege, the work product doctrine, the joint defense privilege

14   and/or the common interest privilege.

15          Subject to and without waiving the foregoing general and specific

16   objections, MGA HK responds as follows to the request:

17          DENIED.  MGA HK admits that MGA retained David Rosenbaum in

18   2000 to perform legal services for MGA in connection with the "ASSIGNMENT

19   AGREEMENT."

20

21   **REQUEST FOR ADMISSION NO. 32:**

22          Admit that David Rosenbaum did not act as an authorized agent of

23   MGA in the year 2000 insofar as it performed services RELATING TO BRYANT.

24   **RESPONSE TO REQUEST FOR ADMISSION NO. 32:**

25          MGA HK incorporates by reference its General Response and General

26   Objections above, as though fully set forth herein and specifically incorporates

27   General Objection Nos. 12-13 (regarding Definitions), including but not limited to its

28   objections to the definition of the terms "MGA" and "RELATING TO" on the

35

1  grounds that Mattel's definitions of the terms are overly broad and renders the

2  request vague and ambiguous.  MGA HK further objects on the grounds that the term

3  "authorized agent" is vague and ambiguous.  MGA HK further objects to this request

4  to the extent that it calls for the disclosure of information protected by the attorney-

5  client privilege, the work product doctrine, the joint defense privilege and/or the

6  common interest privilege.

7           Subject to and without waiving the foregoing general and specific

8  objections, MGA HK responds as follows to the request:

9           DENIED.  MGA HK admits that MGA retained David Rosenbaum in

10  2000 to perform legal services for MGA in connection with the "ASSIGNMENT

11  AGREEMENT."

12

13  **REQUEST FOR ADMISSION NO. 33:**

14           Admit that David Rosenbaum acted as an authorized agent of MGA in

15  the year 2000 insofar as it performed services RELATING TO BRATZ.

16  **RESPONSE TO REQUEST FOR ADMISSION NO. 33:**

17           MGA HK incorporates by reference its General Response and General

18  Objections above, as though fully set forth herein and specifically incorporates

19  General Objection Nos. 12-13 (regarding Definitions), including but not limited to its

20  objections to the definition of the terms "MGA," "RELATING TO" and "BRATZ"

21  on the grounds that Mattel's definitions of the terms are overly broad and renders the

22  request vague and ambiguous.  MGA HK further objects on the grounds that the term

23  "authorized agent" is vague and ambiguous.  MGA HK further objects to this request

24  to the extent that it calls for the disclosure of information protected by the attorney-

25  client privilege, the work product doctrine, the joint defense privilege and/or the

26  common interest privilege.

27           Subject to and without waiving the foregoing general and specific

28  objections, MGA HK responds as follows to the request:

EXHIBIT 3 PAGE 139

1          DENIED.  MGA HK admits that MGA retained David Rosenbaum in

2  2000 to perform legal services for MGA in connection with the "ASSIGNMENT

3  AGREEMENT."

4

5  **REQUEST FOR ADMISSION NO. 34:**

6          Admit that David Rosenbaum did not act as an authorized agent of

7  MGA in the year 2000 insofar as it performed services RELATING TO BRATZ.

8  **RESPONSE TO REQUEST FOR ADMISSION NO. 34:**

9          MGA HK incorporates by reference its General Response and General

10  Objections above, as though fully set forth herein and specifically incorporates

11  General Objection Nos. 12-13 (regarding Definitions), including but not limited to its

12  objections to the definition of the terms "MGA," "RELATING TO"  and "BRATZ"

13  on the grounds that Mattel's definitions of the terms are overly broad and renders the

14  request vague and ambiguous.  MGA HK further objects on the grounds that the term

15  "authorized agent" is vague and ambiguous.  MGA HK further objects to this request

16  to the extent that it calls for the disclosure of information protected by the attorney-

17  client privilege, the work product doctrine, the joint defense privilege and/or the

18  common interest privilege.

19          Subject to and without waiving the foregoing general and specific

20  objections, MGA HK responds as follows to the request:

21          DENIED.  MGA HK admits that MGA retained David Rosenbaum in

22  2000 to perform legal services for MGA in connection with the "ASSIGNMENT

23  AGREEMENT."

24

25  **REQUEST FOR ADMISSION NO. 35:**

26          Admit that David Rosenbaum did not act as an authorized agent of

27  MGA in the year 2000 in any capacity.

28

MGA HK'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT __3__ PAGE _140_

1  **RESPONSE TO REQUEST FOR ADMISSION NO. 35:**

2       MGA HK incorporates by reference its General Response and General

3  Objections above, as though fully set forth herein and specifically incorporates

4  General Objection Nos. 12-13 (regarding Definitions), including but not limited to its

5  objections to the definition of the term "MGA."  MGA HK further objects on the

6  grounds that the term "authorized agent" is vague and ambiguous.  MGA HK further

7  objects to this request to the extent that it calls for the disclosure of information

8  protected by the attorney-client privilege, the work product doctrine, the joint

9  defense privilege and/or the common interest privilege.

10      Subject to and without waiving the foregoing general and specific

11 objections, MGA HK responds as follows to the request:

12      DENIED.  MGA HK admits that MGA retained David Rosenbaum in

13 2000 to perform legal services for MGA in connection with the "ASSIGNMENT

14 AGREEMENT."

15

16 **REQUEST FOR ADMISSION NO. 36:**

17      Admit that MGA did not conduct any focus group testing RELATING

18 TO BRATZ prior to March 2001.

19 **RESPONSE TO REQUEST FOR ADMISSION NO. 36:**

20      MGA HK incorporates by reference its General Response and General

21 Objections above, as though fully set forth herein and specifically incorporates

22 General Objection Nos. 12-13 (regarding Definitions), including but not limited to its

23 objections to the definition of the terms "MGA," "RELATING TO" and "BRATZ."

24 MGA HK objects that the definition is "Bratz" is overly broad so as to render the

25 request vague and ambiguous.  In responding to this request, MGA HK interprets the

26 term "BRATZ" to mean the line of dolls introduced by MGA to the market for sale

27 in May or June of 2001 and subsequent dolls, accessories and other products known

28 as Bratz or associated by MGA with the Bratz line of dolls.  MGA HK further

EXHIBIT __3__ PAGE _141_

1  objects on the grounds that the undefined term "focus group" is vague and

2  ambiguous.  In responding to this request, MGA HK interprets the term "focus

3  group" to mean "a small group selected from a wider population and sampled, as by

4  open discussion, for its members' opinions about or emotional response to a

5  particular subject or area, used especially in market research or political analysis."

6  *American Heritage Dictionary of the English Language,* 4th edition (2000).  MGA

7  HK further objects that the request is vague, ambiguous and overly broad in that it

8  refers to focus groups "RELATING TO" Bratz.

9          Subject to and without waiving the foregoing general and specific

10  objections, MGA HK responds as follows to the request:

11          DENIED as stated.  MGA HK denies that MGA conducted any formal

12  focus group testing of Bratz dolls prior to March 2001 and specifically denies that

13  MGA conducted any focus group testing (formal or informal) during that time period

14  that involved a three-dimensional depiction of a Bratz doll.  MGA HK admits that,

15  prior to March 2001 and possibly as early as December 2000, MGA informally

16  assembled a group of children to solicit, possibly with the aid of drawings provided

17  by Carter Bryant, their opinions on the idea of a line of dolls that would be called

18  "Bratz" and with respect to certain features of such a potential doll line that were

19  depicted in those drawings, including for example a removable hair mechanism.  It is

20  also possible that prior to March 2001, the opinions of one or more children and

21  MGA employees were solicited on one or more aspects of what later became the

22  Bratz line of dolls that was introduced to market in May or June of 2001, but MGA

23  HK specifically denies that any such informal discussions involved any three-

24  dimensional depiction of a Bratz doll.

25  **REQUEST FOR ADMISSION NO. 37:**

26          Admit that MGA did conduct focus group testing RELATING TO

27  BRATZ prior to March 2001.

28

MGA HK'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT __3__ PAGE __142__

**RESPONSE TO REQUEST FOR ADMISSION NO. 37:**

MGA HK incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection Nos. 12-13 (regarding Definitions), including but not limited to its objections to the definition of the terms "MGA," "RELATING TO" and "BRATZ." MGA HK objects that the definition is "Bratz" is overly broad so as to render the request vague and ambiguous.  In responding to this request, MGA HK interprets the term "BRATZ" to mean the line of dolls introduced by MGA to the market for sale in May or June of 2001 and subsequent dolls, accessories and other products known as Bratz or associated by MGA with the Bratz line of dolls.  MGA HK further objects on the grounds that the undefined term "focus group" is vague and ambiguous.  In responding to this request, MGA HK interprets the term "focus group" to mean "a small group selected from a wider population and sampled, as by open discussion, for its members' opinions about or emotional response to a particular subject or area, used especially in market research or political analysis." *American Heritage Dictionary of the English Language,* 4th edition (2000).  MGA HK further objects that the request is vague, ambiguous and overly broad in that it refers to focus groups "RELATING TO" Bratz.

Subject to and without waiving the foregoing general and specific objections, MGA HK responds as follows to the request:

DENIED as stated.  MGA HK denies that MGA conducted any formal focus group testing of Bratz dolls prior to March 2001 and specifically denies that MGA conducted any focus group testing (formal or informal) during that time period that involved a three-dimensional depiction of a Bratz doll.  MGA HK admits that, prior to March 2001 and possibly as early as December 2000, MGA informally assembled a group of children to solicit, possibly with the aid of drawings provided by Carter Bryant, their opinions on the idea of a line of dolls that would be called "Bratz" and with respect to certain features of such a potential doll line that were

40

EXHIBIT 3 PAGE 143

1  depicted in those drawings, including for example a removable hair mechanism.  It is

2  also possible that prior to March 2001, the opinions of one or more children and

3  MGA employees were solicited on one or more aspects of what later became the

4  Bratz line of dolls that was introduced to market in May or June of 2001, but MGA

5  HK specifically denies that any such informal discussions involved any three-

6  dimensional depiction of a Bratz doll.

7

8  **REQUEST FOR ADMISSION NO. 38:**

9       Admit that MGA did not conduct any focus group testing RELATING

10  TO BRATZ in the year 2000.

11  **RESPONSE TO REQUEST FOR ADMISSION NO. 38:**

12       MGA HK incorporates by reference its General Response and General

13  Objections above, as though fully set forth herein and specifically incorporates

14  General Objection Nos. 12-13 (regarding Definitions), including but not limited to its

15  objections to the definition of the terms "MGA," "RELATING TO" and "BRATZ."

16  MGA HK objects that the definition is "Bratz" is overly broad so as to render the

17  request vague and ambiguous.  In responding to this request, MGA HK interprets the

18  term "BRATZ" to mean the line of dolls introduced by MGA to the market for sale

19  in May or June of 2001 and subsequent dolls, accessories and other products known

20  as Bratz or associated by MGA with the Bratz line of dolls.  MGA HK further

21  objects on the grounds that the undefined term "focus group" is vague and

22  ambiguous.  In responding to this request, MGA HK interprets the term "focus

23  group" to mean "a small group selected from a wider population and sampled, as by

24  open discussion, for its members' opinions about or emotional response to a

25  particular subject or area, used especially in market research or political analysis."

26  *American Heritage Dictionary of the English Language,* 4th edition (2000).  MGA

27  HK further objects that the request is vague, ambiguous and overly broad in that it

28  refers to focus groups "RELATING TO" Bratz.

41

1    Subject to and without waiving the foregoing general and specific

2   objections, MGA HK responds as follows to the request:

3    DENIED as stated.  MGA HK denies that MGA conducted any formal

4   focus group testing of Bratz dolls in the year 2000 and specifically denies that MGA

5   conducted any focus group testing (formal or informal) during that time period that

6   involved a three-dimensional depiction of a Bratz doll.  MGA HK admits that, prior

7   to March 2001 and possibly as early as December 2000, MGA informally assembled

8   a group of children to solicit, possibly with the aid of drawings provided by Carter

9   Bryant, their opinions on the idea of a line of dolls that would be called "Bratz" and

10   with respect to certain features of such a potential doll line that were depicted in

11   those drawings, including for example a removable hair mechanism.  It is also

12   possible that in the year 2000, the opinions of one or more children and MGA

13   employees were solicited on one or more aspects of what later became the Bratz line

14   of dolls that was introduced to market in May or June of 2001, but MGA HK

15   specifically denies that any such informal discussions involved any three-

16   dimensional depiction of a Bratz doll.

17

18   **REQUEST FOR ADMISSION NO. 39:**

19    Admit that MGA did conduct focus group testing RELATING TO

20   BRATZ in the year 2000.

21   **RESPONSE TO REQUEST FOR ADMISSION NO. 39:**

22    MGA HK incorporates by reference its General Response and General

23   Objections above, as though fully set forth herein and specifically incorporates

24   General Objection Nos. 12-13 (regarding Definitions), including but not limited to its

25   objections to the definition of the terms "MGA," "RELATING TO" and "BRATZ."

26   MGA HK objects that the definition is "Bratz" is overly broad so as to render the

27   request vague and ambiguous.  In responding to this request, MGA HK interprets the

28   term "BRATZ" to mean the line of dolls introduced by MGA to the market for sale

42

MGA HK'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT 3 PAGE 145

1  in May or June of 2001 and subsequent dolls, accessories and other products known

2  as Bratz or associated by MGA with the Bratz line of dolls.  MGA HK further

3  objects on the grounds that the undefined term "focus group" is vague and

4  ambiguous.  In responding to this request, MGA HK interprets the term "focus

5  group" to mean "a small group selected from a wider population and sampled, as by

6  open discussion, for its members' opinions about or emotional response to a

7  particular subject or area, used especially in market research or political analysis."

8  *American Heritage Dictionary of the English Language,* 4th edition (2000).  MGA

9  HK further objects that the request is vague, ambiguous and overly broad in that it

10  refers to focus groups "RELATING TO" Bratz.

11          Subject to and without waiving the foregoing general and specific

12  objections, MGA HK responds as follows to the request:

13          DENIED as stated.  MGA HK denies that MGA conducted any formal

14  focus group testing of Bratz dolls in the year 2000 and specifically denies that MGA

15  conducted any focus group testing (formal or informal) during that time period that

16  involved a three-dimensional depiction of a Bratz doll.  MGA HK admits that, prior

17  to March 2001 and possibly as early as December 2000, MGA informally assembled

18  a group of children to solicit, possibly with the aid of drawings provided by Carter

19  Bryant, their opinions on the idea of a line of dolls that would be called "Bratz" and

20  with respect to certain features of such a potential doll line that were depicted in

21  those drawings, including for example a removable hair mechanism.  It is also

22  possible that in the year 2000, the opinions of one or more children and MGA

23  employees were solicited on one or more aspects of what later became the Bratz line

24  of dolls that was introduced to market in May or June of 2001, but MGA HK

25  specifically denies that any such informal discussions involved any three-

26  dimensional depiction of a Bratz doll.

27

28

MGA HK'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT 3 PAGE 146

1 **REQUEST FOR ADMISSION NO. 40:**

2        Admit that YOU have not produced any DOCUMENTS RELATING

3 TO focus group testing RELATING TO BRATZ which occurred prior to March

4 2001.

5 **RESPONSE TO REQUEST FOR ADMISSION NO. 40:**

6        MGA HK incorporates by reference its General Response and General

7 Objections above, as though fully set forth herein and specifically incorporates

8 General Objection Nos. 12-13 (regarding Definitions), including but not limited to its

9 objections to the definition of the terms "YOU," "RELATING TO" and "BRATZ."

10 MGA HK objects that the definition is "Bratz" is overly broad so as to render the

11 request vague and ambiguous. In responding to this request, MGA HK interprets the

12 term "BRATZ" to mean the line of dolls introduced by MGA to the market for sale

13 in May or June of 2001 and subsequent dolls, accessories and other products known

14 as Bratz or associated by MGA with the Bratz line of dolls. MGA HK further

15 objects on the grounds that the undefined term "focus group" is vague and

16 ambiguous. In responding to this request, MGA HK interprets the term "focus

17 group" to mean "a small group selected from a wider population and sampled, as by

18 open discussion, for its members' opinions about or emotional response to a

19 particular subject or area, used especially in market research or political analysis."

20 *American Heritage Dictionary of the English Language,* 4th edition (2000). MGA

21 HK further objects that the request is vague, ambiguous and overly broad in that it

22 refers to focus groups "RELATING TO" Bratz. MGA HK further objects to the

23 request insofar as it seeks information that is, by reason MGA HK's production of

24 documents to Mattel, already in Mattel's possession and is readily accessible to

25 Mattel.

26        Subject to and without waiving the foregoing general and specific

27 objections, MGA HK responds as follows to the request:

28        DENIED. The MGA entities have produced documents related to the

1  informal focus group testing described in response to Request for Admission Nos.

2  36-39.  It is also possible that the MGA entities have produced documents related to

3  focus group testing among 4.2 million pages of documents produced by the MGA

4  entities in this action.  MGA HK has conducted a search of those documents for

5  documents described in this request and is currently unable to locate any other such

6  documents.  However, MGA HK reserves the right to use at trial any other such

7  documents that it may later locate.

8

9  **REQUEST FOR ADMISSION NO. 41:**

10            Admit that YOU have produced one or more DOCUMENTS

11  RELATING TO focus group testing RELATING TO BRATZ which occurred prior

12  to March 2001.

13  **RESPONSE TO REQUEST FOR ADMISSION NO. 41:**

14            MGA HK incorporates by reference its General Response and General

15  Objections above, as though fully set forth herein and specifically incorporates

16  General Objection Nos. 12-13 (regarding Definitions), including but not limited to its

17  objections to the definition of the terms "YOU," "RELATING TO" and "BRATZ."

18  MGA HK objects that the definition is "Bratz" is overly broad so as to render the

19  request vague and ambiguous.  In responding to this request, MGA HK interprets the

20  term "BRATZ" to mean the line of dolls introduced by MGA to the market for sale

21  in May or June of 2001 and subsequent dolls, accessories and other products known

22  as Bratz or associated by MGA with the Bratz line of dolls.  MGA HK further

23  objects on the grounds that the undefined term "focus group" is vague and

24  ambiguous.  In responding to this request, MGA HK interprets the term "focus

25  group" to mean "a small group selected from a wider population and sampled, as by

26  open discussion, for its members' opinions about or emotional response to a

27  particular subject or area, used especially in market research or political analysis."

28  *American Heritage Dictionary of the English Language,* 4th edition (2000).  MGA

EXHIBIT 3 PAGE 148

1  HK further objects that the request is vague, ambiguous and overly broad in that it

2  refers to focus groups "RELATING TO" Bratz.  MGA HK further objects to the

3  request insofar as it seeks information that is, by reason MGA HK's production of

4  documents to Mattel, already in Mattel's possession and is readily accessible to

5  Mattel.

6         .  Subject to and without waiving the foregoing general and specific

7  objections, MGA HK responds as follows to the request:

8               ADMITTED.  The MGA entities have produced documents related to

9  the informal focus group testing described in response to Request for Admission

10  Nos. 36-39.  It is also possible that the MGA entities have produced documents

11  related to focus group testing among 4.2 million pages of documents produced by the

12  MGA entities in this action.  MGA HK has conducted a search of those documents

13  for documents described in this request and is currently unable to locate any other

14  such documents.  However, MGA HK reserves the right to use at trial any other such

15  documents that it may later locate.

16

17  **REQUEST FOR ADMISSION NO. 42:**

18               Admit that YOU have not produced any DOCUMENTS RELATING

19  TO focus group testing RELATING TO BRATZ which occurred in the year 2000.

20  **RESPONSE TO REQUEST FOR ADMISSION NO. 42:**

21               MGA HK incorporates by reference its General Response and General

22  Objections above, as though fully set forth herein and specifically incorporates

23  General Objection Nos. 12-13 (regarding Definitions), including but not limited to its

24  objections to the definition of the terms "YOU," "RELATING TO" and "BRATZ."

25  MGA HK objects that the definition is "Bratz" is overly broad so as to render the

26  request vague and ambiguous.  In responding to this request, MGA HK interprets the

27  term "BRATZ" to mean the line of dolls introduced by MGA to the market for sale

28  in May or June of 2001 and subsequent dolls, accessories and other products known

46

MGA HK'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT 3 PAGE 149

1   as Bratz or associated by MGA with the Bratz line of dolls. MGA HK further

2   objects on the grounds that the undefined term "focus group" is vague and

3   ambiguous. In responding to this request, MGA HK interprets the term "focus

4   group" to mean "a small group selected from a wider population and sampled, as by

5   open discussion, for its members' opinions about or emotional response to a

6   particular subject or area, used especially in market research or political analysis."

7   *American Heritage Dictionary of the English Language,* 4th edition (2000). MGA

8   HK further objects that the request is vague, ambiguous and overly broad in that it

9   refers to focus groups "RELATING TO" Bratz. MGA HK further objects to the

10  request insofar as it seeks information that is, by reason MGA HK's production of

11  documents to Mattel, already in Mattel's possession and is readily accessible to

12  Mattel.

13          Subject to and without waiving the foregoing general and specific

14  objections, MGA HK responds as follows to the request:

15          DENIED. MGA HK has made reasonable inquiry and the information

16  known or readily obtainable by MGA HK is insufficient to enable MGA HK to

17  admit or deny the request, and on that basis, denies the request. The MGA entities

18  have produced over 4.2 million pages of documents in this action. MGA HK has

19  conducted a search of those documents for documents described in this request

20  and has been unable to locate any such documents. However, MGA HK reserves the

21  right to use at trial any such documents that it may later locate.

22

23  **REQUEST FOR ADMISSION NO. 43:**

24          Admit that YOU have produced one or more DOCUMENTS

25  RELATING TO focus group testing RELATING TO BRATZ which occurred in the

26  year 2000.

27  **RESPONSE TO REQUEST FOR ADMISSION NO. 43:**

28          MGA HK incorporates by reference its General Response and General

47

EXHIBIT _3_ PAGE _150_

1 Objections above, as though fully set forth herein and specifically incorporates

2 General Objection Nos. 12-13 (regarding Definitions), including but not limited to its

3 objections to the definition of the terms "YOU," "RELATING TO" and "BRATZ."

4 MGA HK objects that the definition is "Bratz" is overly broad so as to render the

5 request vague and ambiguous. In responding to this request, MGA HK interprets the

6 term "BRATZ" to mean the line of dolls introduced by MGA to the market for sale

7 in May or June of 2001 and subsequent dolls, accessories and other products known

8 as Bratz or associated by MGA with the Bratz line of dolls. MGA HK further

9 objects on the grounds that the undefined term "focus group" is vague and

10 ambiguous. In responding to this request, MGA HK interprets the term "focus

11 group" to mean "a small group selected from a wider population and sampled, as by

12 open discussion, for its members' opinions about or emotional response to a

13 particular subject or area, used especially in market research or political analysis."

14 *American Heritage Dictionary of the English Language,* 4th edition (2000). MGA

15 HK further objects that the request is vague, ambiguous and overly broad in that it

16 refers to focus groups "RELATING TO" Bratz. MGA HK further objects to the

17 request insofar as it seeks information that is, by reason MGA HK's production of

18 documents to Mattel, already in Mattel's possession and is readily accessible to

19 Mattel.

20       Subject to and without waiving the foregoing general and specific

21 objections, MGA HK responds as follows to the request:

22       DENIED. MGA HK has made reasonable inquiry and the information

23 known or readily obtainable by MGA HK is insufficient to enable MGA to admit or

24 deny the request, and on that basis, denies the request. The MGA entities have

25 produced over 4.2 million pages of documents in this action. MGA HK has

26 conducted a search of those documents for documents described in this request

27 and has been unable to locate any such documents. However, MGA HK reserves the

28 right to use at trial any such documents that it may later locate.

48

EXHIBIT __3__ PAGE __151__

**REQUEST FOR ADMISSION NO. 44:**

Admit that the so-called "First Generation" BRATZ DOLLS marketed by MGA and sold to the public in or about June 2001 were BASED ON one or more of the BRATZ PITCH MATERIALS.

**RESPONSE TO REQUEST FOR ADMISSION NO. 44:**

MGA HK incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection Nos. 12-13 (regarding Definitions), including but not limited to its objections to the definition of the terms "BRATZ DOLLS," "MGA," "BASED ON" and "BRATZ PITCH MATERIALS."

Subject to and without waiving the foregoing general and specific objections, MGA HK responds as follows to the request:

Due to the overly broad and confusing nature of the Request as a consequence of Mattel's definitions, MGA HK states that it cannot "admit" or "deny" this Request in a manner that would provide an accurate statement of MGA HK's position that could not be used by Mattel to try to mislead the jury.  In lieu thereof, MGA HK responds as follows: MGA HK denies that the "First Generation" Bratz dolls were copies of, derivative of, or substantially similar to drawings and/or tangible items that Bryant presented to MGA prior to entering into an Assignment Agreement with MGA, except admits that the "First Generation" Bratz dolls were inspired by Bryant's idea for a new line of fashion dolls called "Bratz" that he presented to MGA prior to entering an Assignment Agreement with MGA.

**REQUEST FOR ADMISSION NO. 45:**

Admit that the so-called "First Generation" BRATZ DOLLS marketed by MGA and sold to the public in or about June 2001 were not BASED ON any of the BRATZ PITCH MATERIALS.

MGA HK'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT _3_ PAGE _152_

**RESPONSE TO REQUEST FOR ADMISSION NO. 45:**

      MGA HK incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection Nos. 12-13 (regarding Definitions), including but not limited to its objections to the definition of the terms "BRATZ DOLLS," "MGA," "BASED ON" and "BRATZ PITCH MATERIALS."

      Subject to and without waiving the foregoing general and specific objections, MGA HK responds as follows to the request:

      Due to the overly broad and confusing nature of the Request as a consequence of Mattel's definitions, MGA HK states that it cannot "admit" or "deny" this Request in a manner that would provide an accurate statement of MGA HK's position that could not be used by Mattel to try to mislead the jury. In lieu thereof, MGA HK responds as follows: MGA HK denies that the "First Generation" Bratz dolls were copies of, derivative of, or substantially similar to drawings and/or tangible items that Bryant presented to MGA prior to entering into an Assignment Agreement with MGA, except admits that the "First Generation" Bratz dolls were inspired by Bryant's idea for a new line of fashion dolls called "Bratz" that he presented to MGA prior to entering an Assignment Agreement with MGA.

**REQUEST FOR ADMISSION NO. 46:**

      Admit that the so-called "First Generation" BRATZ DOLLS marketed by MGA and sold to the public in or about June 2001 were BASED ON one or more of BRYANT'S BRATZ DESIGNS.

**RESPONSE TO REQUEST FOR ADMISSION NO. 46:**

      MGA HK incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection Nos. 12-13 (regarding Definitions), including but not limited to its objections to the definition of the terms "BRATZ DOLLS," "MGA," "BASED ON"

50

MGA HK'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT 3 PAGE 153

1 and "BRYANT'S BRATZ DESIGNS."   MGA HK interprets the term "DESIGN" in
2 accordance with its normal, accepted meaning.

3          Subject to and without waiving the foregoing general and specific
4 objections, MGA HK responds as follows to the request:

5          Due to the overly broad and confusing nature of the Request as a
6 consequence of Mattel's definitions, MGA HK states that it cannot "admit" or "deny"
7 this Request in a manner that would provide an accurate statement of MGA HK's
8 position that could not be used by Mattel to try to mislead the jury.  In lieu thereof,
9 MGA HK responds as follows: MGA HK denies that the "First Generation" Bratz
10 dolls were copies of, derivative of, or substantially similar to Bryant's drawings of
11 characters that he called "Bratz" that Bryant presented to MGA prior to entering into
12 an Assignment Agreement with MGA.

13

14 **REQUEST FOR ADMISSION NO. 47:**

15          Admit that the so-called "First Generation" BRATZ DOLLS marketed
16 by MGA and sold to the public in or about June 2001 were not BASED ON any of
17 BRYANT'S BRATZ DESIGNS.

18 **RESPONSE TO REQUEST FOR ADMISSION NO. 47:**

19          MGA HK incorporates by reference its General Response and General
20 Objections above, as though fully set forth herein and specifically incorporates
21 General Objection Nos. 12-13 (regarding Definitions), including but not limited to its
22 objections to the definition of the terms "BRATZ DOLLS," "MGA," "BASED ON"
23 and "BRYANT'S BRATZ DESIGNS."   MGA HK interprets the term "DESIGN" in
24 accordance with its normal, accepted meaning.

25          Subject to and without waiving the foregoing general and specific
26 objections, MGA HK responds as follows to the request:

27          Due to the overly broad and confusing nature of the Request as a
28 consequence of Mattel's definitions, MGA HK states that it cannot "admit" or "deny"

51

MGA HK'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT 3 PAGE 154

1 │ this Request in a manner that would provide an accurate statement of MGA HK's

2 │ position that could not be used by Mattel to try to mislead the jury.  In lieu thereof,

3 │ MGA HK responds as follows: MGA HK denies that the "First Generation" Bratz

4 │ dolls were copies of, derivative of, or substantially similar to Bryant's drawings of

5 │ characters that he called "Bratz" that Bryant presented to MGA prior to entering into

6 │ an Assignment Agreement with MGA.

7 │

8 │ **REQUEST FOR ADMISSION NO. 48:**

9 │          Admit that the so-called "First Generation" BRATZ DOLLS marketed

10 │ by MGA and sold to the public in or about June 2001 were BASED ON one or more

11 │ of BRYANT'S BRATZ IDEAS.

12 │ **RESPONSE TO REQUEST FOR ADMISSION NO. 48:**

13 │          MGA HK incorporates by reference its General Response and General

14 │ Objections above, as though fully set forth herein and specifically incorporates

15 │ General Objection Nos. 12-13 (regarding Definitions), including but not limited to its

16 │ objections to the definition of the terms "BRATZ DOLLS," "MGA," "BASED ON"

17 │ and "BRYANT'S BRATZ IDEAS."  MGA HK interprets the term "IDEA" as it is

18 │ commonly used and understood.

19 │          Subject to and without waiving the foregoing general and specific

20 │ objections, MGA HK responds as follows to the request:

21 │          Due to the overly broad and confusing nature of the Request as a

22 │ consequence of Mattel's definitions, MGA HK states that it cannot "admit" or "deny"

23 │ this Request in a manner that would provide an accurate statement of MGA HK's

24 │ position that could not be used by Mattel to try to mislead the jury.  In lieu thereof,

25 │ MGA HK responds as follows: MGA HK denies that the "First Generation" Bratz

26 │ Dolls marketed by MGA and sold to the public in or about June 2001 were "BASED

27 │ ON" one or more of Bryant's Bratz ideas, except admits that the "First Generation"

28 │ Bratz dolls were inspired by Bryant's idea for a line of fashion dolls that he called

52

EXHIBIT 3 PAGE 155

1  "Bratz" that he presented to MGA prior to entering into an Assignment Agreement

2  with MGA.

3

4  **REQUEST FOR ADMISSION NO. 49:**

5       Admit that the so-called "First Generation" BRATZ DOLLS marketed

6  by MGA and sold to the public in or about June 2001 were not BASED ON any of

7  BRYANT'S BRATZ IDEAS.

8  **RESPONSE TO REQUEST FOR ADMISSION NO. 49:**

9       MGA HK incorporates by reference its General Response and General

10  Objections above, as though fully set forth herein and specifically incorporates

11  General Objection Nos. 12-13 (regarding Definitions), including but not limited to its

12  objections to the definition of the terms "BRATZ DOLLS," "MGA," "BASED ON"

13  and "BRYANT'S BRATZ IDEAS."  MGA HK interprets the term "IDEA" as it is

14  commonly used and understood.

15       Subject to and without waiving the foregoing general and specific

16  objections, MGA HK responds as follows to the request:

17       Due to the overly broad and confusing nature of the Request as a

18  consequence of Mattel's definitions, MGA HK states that it cannot "admit" or "deny"

19  this Request in a manner that would provide an accurate statement of MGA HK's

20  position that could not be used by Mattel to try to mislead the jury.  In lieu thereof,

21  MGA HK responds as follows: MGA HK denies that the "First Generation" Bratz

22  Dolls marketed by MGA and sold to the public in or about June 2001 were not

23  "BASED ON" one or more of Bryant's Bratz ideas, except admits that the "First

24  Generation" Bratz dolls were inspired by Bryant's idea for a line of fashion dolls that

25  he called "Bratz" that he presented to MGA prior to entering into an Assignment

26  Agreement with MGA.

27

28

53

MGA HK'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT 3 PAGE 156

**REQUEST FOR ADMISSION NO. 50:**

Admit that the one or more "Subsequent Generation" BRATZ DOLLS marketed by MGA and sold to the public after June 2001, which differ in some manner from the so-called "First Generation" BRATZ DOLLS marketed by MGA and sold to the public in or about June 2001, were BASED ON one or more of the BRATZ PITCH MATERIALS.

**RESPONSE TO REQUEST FOR ADMISSION NO. 50:**

MGA HK incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection Nos. 12-13 (regarding Definitions), including but not limited to its objections to the definition of the terms "BRATZ DOLLS," "MGA," "BASED ON" and "BRATZ PITCH MATERIALS."

Subject to and without waiving the foregoing general and specific objections, MGA HK responds as follows to the request:

Due to the overly broad and confusing nature of the Request as a consequence of Mattel's definitions, MGA HK states that it cannot "admit" or "deny" this Request in a manner that would provide an accurate statement of MGA HK's position that could not be used by Mattel to try to mislead the jury. In lieu thereof, MGA HK responds as follows: MGA HK denies that the "Subsequent Generation" Bratz dolls were copies of, derivative of, or substantially similar to drawings and/or the tangible items that Bryant presented to MGA prior to entering into an Assignment Agreement with MGA.

**REQUEST FOR ADMISSION NO. 51:**

Admit that all of the "Subsequent Generation" BRATZ DOLLS marketed by MGA and sold to the public after June 2001, which differ in some manner from the so-called "First Generation" BRATZ DOLLS marketed by MGA and sold to the public in or about June 2001, were not BASED ON any of the

54

EXHIBIT __3__ PAGE __157__

1  BRATZ PITCH MATERIALS.

2  **RESPONSE TO REQUEST FOR ADMISSION NO. 51:**

3      MGA HK incorporates by reference its General Response and General

4  Objections above, as though fully set forth herein and specifically incorporates

5  General Objection Nos. 12-13 (regarding Definitions), including but not limited to its

6  objections to the definition of the terms "BRATZ DOLLS," "MGA," "BASED ON"

7  and "BRATZ PITCH MATERIALS."

8      Subject to and without waiving the foregoing general and specific

9  objections, MGA HK responds as follows to the request:

10      Due to the overly broad and confusing nature of the Request as a

11  consequence of Mattel's definitions, MGA HK states that it cannot "admit" or "deny"

12  this Request in a manner that would provide an accurate statement of MGA HK's

13  position that could not be used by Mattel to try to mislead the jury.  In lieu thereof,

14  MGA HK responds as follows: MGA HK denies that the "Subsequent Generation"

15  Bratz dolls were copies of, derivative of, or substantially similar to drawings and/or

16  tangible items that Bryant presented to MGA prior to entering into an Assignment

17  Agreement with MGA.

18

19  **REQUEST FOR ADMISSION NO. 52:**

20      Admit that one or more "Subsequent Generation" BRATZ DOLLS

21  marketed by MGA and sold to the public after June 2001, which differ in some

22  manner from the so-called "First Generation" BRATZ DOLLS marketed by MGA

23  and sold to the public in or about June 2001, were BASED ON one or more of

24  BRYANT'S BRATZ DESIGNS.

25  **RESPONSE TO REQUEST FOR ADMISSION NO. 52:**

26      MGA HK incorporates by reference its General Response and General

27  Objections above, as though fully set forth herein and specifically incorporates

28  General Objection Nos. 12-13 (regarding Definitions), including but not limited to its

MGA HK'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT  3  PAGE 158

1  objections to the definition of the terms "BRATZ DOLLS," "MGA," "BASED ON"

2  and "BRYANT'S BRATZ DESIGNS."

3          Subject to and without waiving the foregoing general and specific

4  objections, MGA HK responds as follows to the request:

5          Due to the overly broad and confusing nature of the Request as a

6  consequence of Mattel's definitions, MGA HK states that it cannot "admit" or "deny"

7  this Request in a manner that would provide an accurate statement of MGA HK's

8  position that could not be used by Mattel to try to mislead the jury. In lieu thereof,

9  MGA HK responds as follows: MGA HK denies that the "Subsequent Generation"

10  Bratz dolls were copies of, derivative of, or substantially similar to Bryant's drawings

11  of characters that he called "Bratz" that Bryant presented to MGA prior to entering

12  into an Assignment Agreement with MGA.

13

14  **REQUEST FOR ADMISSION NO. 53:**

15          Admit that the all of the "Subsequent Generation" BRATZ DOLLS

16  marketed by MGA and sold to the public after June 2001, which differ in some

17  manner from the so-called "First Generation" BRATZ DOLLS marketed by MGA

18  and sold to the public in or about June 2001, were not BASED ON any of

19  BRYANT'S BRATZ DESIGNS.

20  **RESPONSE TO REQUEST FOR ADMISSION NO. 53:**

21          MGA HK incorporates by reference its General Response and General

22  Objections above, as though fully set forth herein and specifically incorporates

23  General Objection Nos. 12-13 (regarding Definitions), including but not limited to its

24  objections to the definition of the terms "BRATZ DOLLS," "MGA," "BASED ON"

25  and "BRYANT'S BRATZ DESIGNS."

26          Subject to and without waiving the foregoing general and specific

27  objections, MGA HK responds as follows to the request:

28          Due to the overly broad and confusing nature of the Request as a

MGA HK'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT 3 PAGE 159

1  consequence of Mattel's definitions, MGA HK states that it cannot "admit" or "deny"

2  this Request in a manner that would provide an accurate statement of MGA HK's

3  position that could not be used by Mattel to try to mislead the jury.  In lieu thereof,

4  MGA HK responds as follows: MGA HK denies that the "Subsequent Generation"

5  Bratz dolls were copies of, derivative of, or substantially similar to Bryant's drawings

6  of characters that he called "Bratz" that Bryant presented to MGA prior to entering

7  into an Assignment Agreement with MGA.

8

9  **REQUEST FOR ADMISSION NO. 54:**

10       Admit that the one or more "Subsequent Generation" BRATZ DOLLS

11  marketed by MGA and sold to the public after June 2001, which differ in some

12  manner from the so-called "First Generation" BRATZ DOLLS marketed by MGA

13  and sold to the public in or about June 2001, were BASED ON one or more of

14  BRYANT'S BRATZ IDEAS.

15  **RESPONSE TO REQUEST FOR ADMISSION NO. 54:**

16       MGA HK incorporates by reference its General Response and General

17  Objections above, as though fully set forth herein and specifically incorporates

18  General Objection Nos. 12-13 (regarding Definitions), including but not limited to its

19  objections to the definition of the terms "BRATZ DOLLS," "MGA," "BASED ON"

20  and "BRYANT'S BRATZ IDEAS."

21       Subject to and without waiving the foregoing general and specific

22  objections, MGA HK responds as follows to the request:

23       Due to the overly broad and confusing nature of the Request as a

24  consequence of Mattel's definitions, MGA HK states that it cannot "admit" or "deny"

25  this Request in a manner that would provide an accurate statement of MGA HK's

26  position that could not be used by Mattel to try to mislead the jury.  In lieu thereof,

27  MGA HK responds as follows: MGA HK denies that one or more "Subsequent

28  Generation" Bratz dolls marketed by MGA and sold to the public after June 2001

MGA HK'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT __3__ PAGE _160_

1  were "BASED ON" one or more of Bryant's Bratz ideas, except admits that

2  the "First Generation" Bratz dolls were inspired by Bryant's idea for a new line of

3  fashion dolls called "Bratz" that he presented to MGA prior to entering an

4  Assignment Agreement with MGA, and that the "Subsequent Generation" Bratz

5  dolls expanded upon the various expressions of Bratz characters incorporated in the

6  "First Generation" of Bratz dolls.

7

8  **REQUEST FOR ADMISSION NO. 55:**

9        Admit that the all of the "Subsequent Generation" BRATZ DOLLS

10  marketed by MGA and sold to the public after June 2001, which differ in some

11  manner from the so-called "First Generation" BRATZ DOLLS marketed by MGA

12  and sold to the public in or about June 2001, were not BASED ON any of

13  BRYANT'S BRATZ IDEAS.

14  **RESPONSE TO REQUEST FOR ADMISSION NO. 55:**

15        MGA HK incorporates by reference its General Response and General

16  Objections above, as though fully set forth herein and specifically incorporates

17  General Objection Nos. 12-13 (regarding Definitions), including but not limited to its

18  objections to the definition of the terms "BRATZ DOLLS," "MGA," "BASED ON"

19  and "BRYANT'S BRATZ IDEAS."

20        Subject to and without waiving the foregoing general and specific

21  objections, MGA HK responds as follows to the request:

22        Due to the overly broad and confusing nature of the Request as a

23  consequence of Mattel's definitions, MGA HK states that it cannot "admit" or "deny"

24  this Request in a manner that would provide an accurate statement of MGA HK's

25  position that could not be used by Mattel to try to mislead the jury.  In lieu thereof,

26  MGA HK responds as follows: MGA HK denies that one or more "Subsequent

27  Generation" Bratz dolls marketed by MGA and sold to the public after June 2001

28  were not "BASED ON" one or more of Bryant's Bratz ideas, except admits that

MGA HK'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT __3__ PAGE _161_

1  the "First Generation" Bratz dolls were inspired by Bryant's idea for a new line of

2  fashion dolls called "Bratz" that he presented to MGA prior to entering an

3  Assignment Agreement with MGA, and that the "Subsequent Generation" Bratz

4  dolls expanded upon the various expressions of Bratz characters incorporated in the

5  "First Generation" of Bratz dolls.

6

7  **REQUEST FOR ADMISSION NO. 56:**

8         Admit that the so-called "First Generation" BRATZ DOLLS marketed

9  by MGA and sold to the public in or about June 2001 were not BASED ON any

10  DESIGNS CREATED BY BRYANT prior to October 21, 2000.

11  **RESPONSE TO REQUEST FOR ADMISSION NO. 56:**

12         MGA HK incorporates by reference its General Response and General

13  Objections above, as though fully set forth herein and specifically incorporates

14  General Objection Nos. 12-13 (regarding Definitions), including but not limited to its

15  objections to the definition of the terms "BRATZ DOLLS," "MGA," "BASED ON,"

16  "DESIGNS" and "CREATED."  MGA HK further objects to the request because

17  "DESIGNS CREATED BY BRYANT" is not a defined term and renders the request

18  vague and ambiguous.

19         Subject to and without waiving the foregoing general and specific

20  objections, MGA HK responds as follows to the request:

21         Due to the overly broad and confusing nature of the Request as a

22  consequence of Mattel's definitions, MGA HK states that it cannot "admit" or "deny"

23  this Request in a manner that would provide an accurate statement of MGA HK's

24  position that could not be used by Mattel to try to mislead the jury.  In lieu thereof,

25  MGA HK responds as follows: MGA HK denies that the "First Generation" Bratz

26  dolls were copies of, derivative of, or substantially similar to Bryant's drawings of

27  characters that he called "Bratz" that Bryant made prior to October 21, 2000, except

28  admits that the "First Generation" Bratz dolls were inspired by Bryant's idea for a

EXHIBIT _3_ PAGE _162_

1  new line of fashion dolls called "Bratz" that he presented to MGA prior to entering

2  an Assignment Agreement with MGA.

3

4  **REQUEST FOR ADMISSION NO. 57:**

5        Admit that the so-called "First Generation" BRATZ DOLLS marketed

6  by MGA and sold to the public in or about June 2001 were BASED ON one or more

7  DESIGNS CREATED BY BRYANT prior to October 21, 2000.

8  **RESPONSE TO REQUEST FOR ADMISSION NO. 57:**

9        MGA HK incorporates by reference its General Response and General

10  Objections above, as though fully set forth herein and specifically incorporates

11  General Objection Nos. 12-13 (regarding Definitions), including but not limited to its

12  objections to the definition of the terms "BRATZ DOLLS," "MGA," "BASED ON,"

13  "DESIGNS" and "CREATED."  MGA HK further objects to the request because

14  "DESIGNS CREATED BY BRYANT" is not a defined term and renders the request

15  vague and ambiguous.

16        Subject to and without waiving the foregoing general and specific

17  objections, MGA HK responds as follows to the request:

18        Due to the overly broad and confusing nature of the Request as a

19  consequence of Mattel's definitions, MGA HK states that it cannot "admit" or "deny"

20  this Request in a manner that would provide an accurate statement of MGA HK's

21  position that could not be used by Mattel to try to mislead the jury.  In lieu thereof,

22  MGA HK responds as follows: MGA HK denies that the "First Generation" Bratz

23  dolls were copies of, derivative of, or substantially similar to Bryant's drawings of

24  characters that he called "Bratz" that Bryant made prior to October 21, 2000, except

25  admits that the "First Generation" Bratz dolls were inspired by Bryant's idea for a

26  new line of fashion dolls called "Bratz" that he presented to MGA prior to entering

27  an Assignment Agreement with MGA.

28

EXHIBIT 3 PAGE 163

1 | **REQUEST FOR ADMISSION NO. 58:**

2 |     Admit that all of the "Subsequent Generation" BRATZ DOLLS

3 | marketed by MGA and sold to the public after June 2001, which differ in some

4 | manner from the so-called "First Generation" BRATZ DOLLS marketed by MGA

5 | and sold to the public in or about June 2001, were not BASED ON any DESIGNS

6 | CREATED BY BRYANT prior to October 21, 2000.

7 | **RESPONSE TO REQUEST FOR ADMISSION NO. 58:**

8 |     MGA HK incorporates by reference its General Response and General

9 | Objections above, as though fully set forth herein and specifically incorporates

10 | General Objection Nos. 12-13 (regarding Definitions), including but not limited to its

11 | objections to the definition of the terms "BRATZ DOLLS," "MGA," "BASED ON,"

12 | "DESIGNS" and "CREATED." MGA HK further objects to the request because

13 | "DESIGNS CREATED BY BRYANT" is not a defined term and renders the request

14 | vague and ambiguous.

15 |     Subject to and without waiving the foregoing general and specific

16 | objections, MGA HK responds as follows to the request:

17 |     Due to the overly broad and confusing nature of the Request as a

18 | consequence of Mattel's definitions, MGA HK states that it cannot "admit" or "deny"

19 | this Request in a manner that would provide an accurate statement of MGA HK's

20 | position that could not be used by Mattel to try to mislead the jury. In lieu thereof,

21 | MGA HK responds as follows: MGA HK denies that the "Subsequent Generation"

22 | Bratz dolls were copies of, derivative of, or substantially similar to Bryant's drawings

23 | of characters that he called "Bratz" that Bryant made prior to October 21, 2000,

24 | except admits that the "First Generation" Bratz dolls were inspired by Bryant's idea

25 | for a new line of fashion dolls called "Bratz" that he presented to MGA prior to

26 | entering an Assignment Agreement with MGA.

27

28

MGA HK'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT __3__ PAGE _164_