**REQUEST FOR ADMISSION NO. 59:**

Admit that one or more of the "Subsequent Generation" BRATZ DOLLS marketed by MGA and sold to the public after June 2001, which differ in some manner from the so-called "First Generation" BRATZ DOLLS marketed by MGA and sold to the public in or about June 2001, were BASED ON one or more DESIGNS CREATED BY BRYANT prior to October 21, 2000.

**RESPONSE TO REQUEST FOR ADMISSION NO. 59:**

MGA HK incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection Nos. 12-13 (regarding Definitions), including but not limited to its objections to the definition of the terms "BRATZ DOLLS," "MGA," "BASED ON," "DESIGNS" and "CREATED." MGA HK further objects to the request because "DESIGNS CREATED BY BRYANT" is not a defined term and renders the request vague and ambiguous.

Subject to and without waiving the foregoing general and specific objections, MGA HK responds as follows to the request:

Due to the overly broad and confusing nature of the Request as a consequence of Mattel's definitions, MGA HK states that it cannot "admit" or "deny" this Request in a manner that would provide an accurate statement of MGA HK's position that could not be used by Mattel to try to mislead the jury. In lieu thereof, MGA HK responds as follows: MGA HK denies that the "Subsequent Generation" Bratz dolls were copies of, derivative of, or substantially similar to Bryant's drawings of characters that he called "Bratz" that Bryant made prior to October 21, 2000, except admits that the "First Generation" Bratz dolls were inspired by Bryant's idea for a new line of fashion dolls called "Bratz" that he presented to MGA prior to entering an Assignment Agreement with MGA.

MGA HK'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT __3__ PAGE _165_

**REQUEST FOR ADMISSION NO. 60:**

Admit that MGA's Copyright Registration No. VA 1-090-287, and any corrections thereto, do not list any derivative works on which the copyrighted material which is subject to that Registration is based other than the materials subject to Copyright Registration No. VA 1-218-487.

**RESPONSE TO REQUEST FOR ADMISSION NO. 60:**

MGA HK incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection Nos. 12-13 (regarding Definitions), including but not limited to its objections to the definition of the term "MGA." MGA HK further objects that the terms "corrections" and "based" are vague, ambiguous, and overly broad. MGA HK further objects that the Request is compound, misleading, and incorrectly assumes that "the materials subject to Copyright Registration No. VA 1-218-487" are listed on any registration document as "derivative works on which the copyrighted material which is subject to [VA 1-090-287] is based". MGA HK further objects that the Request as a whole poses a question that is unintelligible in light of applicable copyright law principles.

Subject to and without waiving the foregoing general and specific objections, MGA HK responds as follows to the request:

Due to the confusing nature of the Request, MGA HK states that it cannot "admit" or "deny" this Request in a manner that would provide an accurate statement of MGA HK's position (or of the applicable Copyright Registration) that could not be used by Mattel to try to mislead the jury. In lieu thereof, MGA HK responds as follows: MGA HK denies that the Jade Doll Configuration, Accessories, and Packaging listed in Copyright Registration No. VA 1-090-287 are derivative of Bryant's 1998 "Jade drawing" listed in Copyright Registration No. VA 1-218-487, except admits that certain Bratz two-dimensional character art utilized on the Jade doll packaging listed in Copyright Registration No. VA 1-090-287 was derivative of

MGA HK'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT _3_ PAGE _166_

1  Bryant's August 1998 "Jade drawing" which Bryant created at a time when he was
2  not employed by Mattel, and which is listed in Copyright Registration No. VA 1-
3  218-487.  For this reason only, Copyright Registration No. VA 1-090-287, as
4  modified by Supplemental Registration  No. VA 1-301-533, lists Bryant's August
5  1998 "Jade drawing" as "Preexisting Material" and "2-Dimensional artwork" under
6  "Nature of Authorship".

7

8  **REQUEST FOR ADMISSION NO. 61:**
9          Admit that the copyrighted material which is subject to Copyright
10  Registration No. VA 1-090-287 is not BASED ON any DESIGNS CREATED BY
11  BRYANT prior to October 21, 2000.
12  **RESPONSE TO REQUEST FOR ADMISSION NO. 61:**
13          MGA HK incorporates by reference its General Response and General
14  Objections above, as though fully set forth herein and specifically incorporates
15  General Objection Nos. 12-13 (regarding Definitions), including but not limited to its
16  objections to the definition of the terms "BASED ON," "DESIGNS" and
17  "CREATED."  MGA HK further objects to the Request because "DESIGNS
18  CREATED BY BRYANT" is not a defined term and renders the Request vague and
19  ambiguous.
20          Subject to and without waiving the foregoing general and specific
21  objections, MGA HK responds as follows to the request:
22          Due to the overly broad and confusing nature of the Request as a
23  consequence of Mattel's definitions, MGA HK states that it cannot "admit" or "deny"
24  this Request in a manner that would provide an accurate statement of MGA HK's
25  position that could not be used by Mattel to try to mislead the jury.  In lieu thereof,
26  MGA HK responds as follows:  MGA HK denies that the Jade Doll Configuration,
27  Accessories, and Packaging listed in Copyright Registration No. VA 1-090-287 are
28  copies of, derivative of, or substantially similar to Bryant's drawings of characters

1   that he called "Bratz" that Bryant made prior to October 21, 2000, except admits that

2   certain Bratz two-dimensional character art utilized on the Jade doll packaging listed

3   in Copyright Registration No. VA 1-090-287 was derivative of Bryant's initial

4   drawings of characters called "Bratz" that he created in August 1998, at which time

5   he was not employed by Mattel.

6

7   **REQUEST FOR ADMISSION NO. 62:**

8       Admit that the copyrighted material which is subject to Copyright

9   Registration No. VA 1-090-287 is not BASED ON any DESIGNS CREATED BY

10  BRYANT prior to October 21, 2000, other than the materials subject to Copyright

11  Registration No. VA 1-218-487.

12  **RESPONSE TO REQUEST FOR ADMISSION NO. 62:**

13      MGA HK incorporates by reference its General Response and General

14  Objections above, as though fully set forth herein and specifically incorporates

15  General Objection Nos. 12-13 (regarding Definitions), including but not limited to its

16  objections to the definition of the terms "BASED ON," "DESIGNS" and

17  "CREATED BY." MGA HK further objects to the Request because "DESIGNS

18  CREATED BY BRYANT" is not a defined term and renders the Request vague and

19  ambiguous. MGA HK further objects that the Request is compound, misleading, and

20  incorrectly assumes that "the copyrighted material which is subject to Copyright

21  Registration No. VA 1-090-287" is "BASED ON" "the materials subject to

22  Copyright Registration No. VA 1-218-487." MGA HK thus objects to, and

23  disregards herein, the clause in the Request that states "other than the materials

24  subject to Copyright Registration No. VA 1-218-487".

25      Subject to and without waiving the foregoing general and specific

26  objections, MGA HK responds as follows to the request:

27      Due to the overly broad and confusing nature of the Request as a

28  consequence of Mattel's definitions, MGA HK states that it cannot "admit" or "deny"

MGA HK'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT __3__ PAGE _168_

1 || this Request in a manner that would provide an accurate statement of MGA HK's

2 || position that could not be used by Mattel to try to mislead the jury. In lieu thereof,

3 || MGA HK responds as follows: MGA HK denies that the Jade Doll Configuration,

4 || Accessories, and Packaging listed in Copyright Registration No. VA 1-090-287 are

5 || copies of, derivative of, or substantially similar to Bryant's drawings of characters

6 || that he called "Bratz" that Bryant made prior to October 21, 2000, except admits that

7 || certain Bratz two-dimensional character art utilized on the Jade doll packaging listed

8 || in Copyright Registration No. VA 1-090-287 was derivative of Bryant's initial

9 || drawings of characters called "Bratz" that he created in August 1998, at which time

10 || he was not employed by Mattel.

11

12 || **REQUEST FOR ADMISSION NO. 63:**

13 ||          Admit that MGA's Copyright Registration No. VA 1-090-288, and any

14 || corrections thereto, do not list any derivative works on which the copyrighted

15 || material which is subject to that Registration is based other than the materials subject

16 || to Copyright Registration No. VA 1-218-488.

17 || **RESPONSE TO REQUEST FOR ADMISSION NO. 63:**

18 ||          MGA HK incorporates by reference its General Response and General

19 || Objections above, as though fully set forth herein and specifically incorporates

20 || General Objection Nos. 12-13 (regarding Definitions), including but not limited to its

21 || objections to the definition of the term "MGA." MGA HK further objects that the

22 || terms "corrections" and "based" are vague, ambiguous, and overly broad. MGA HK

23 || further objects that the Request is compound, misleading, and incorrectly assumes

24 || that "the materials subject to Copyright Registration No. VA 1-218-488" are listed

25 || on any registration document as "derivative works on which the copyrighted material

26 || which is subject to [VA 1-090-288] is based". MGA HK further objects that the

27 || Request as a whole poses a question that is unintelligible in light of applicable

28 || copyright law principles.

EXHIBIT 3 PAGE 169

1    Subject to and without waiving the foregoing general and specific

2   objections, MGA HK responds as follows to the request:

3    Due to the confusing nature of the Request, MGA HK states that it

4   cannot "admit" or "deny" this Request in a manner that would provide an accurate

5   statement of MGA HK's position (or of the applicable Copyright Registration) that

6   could not be used by Mattel to try to mislead the jury.  In lieu thereof, MGA HK

7   responds as follows: MGA HK denies that the Sasha Doll Configuration,

8   Accessories, and Packaging listed in Copyright Registration No. VA 1-090-288 are

9   derivative of Bryant's 1998 "Sasha drawing" listed in Copyright Registration No. VA

10   1-218-488, except admits that certain Bratz two-dimensional character art utilized on

11   the Sasha doll packaging listed in Copyright Registration No. VA 1-090-288 was

12   derivative of Bryant's August 1998 "Sasha drawing" which Bryant created at a time

13   when he was not employed by Mattel, and which is listed in Copyright Registration

14   No. VA 1-218-488.  For this reason only, Copyright Registration No. VA 1-090-288,

15   as modified by Supplemental Registration No. VA 1-301-534, lists Bryant's August

16   1998 "Sasha drawing" as "Preexisting Material" and "2-Dimensional artwork" under

17   "Nature of Authorship".

18

19   **REQUEST FOR ADMISSION NO. 64:**

20    Admit that the copyrighted material which is subject to Copyright

21   Registration No. VA 1-090-288 is not BASED ON any DESIGNS CREATED BY

22   BRYANT prior to October 21, 2000.

23   **RESPONSE TO REQUEST FOR ADMISSION NO. 64:**

24    MGA HK incorporates by reference its General Response and General

25   Objections above, as though fully set forth herein and specifically incorporates

26   General Objection Nos. 12-13 (regarding Definitions), including but not limited to its

27   objections to the definition of the terms "BASED ON," "DESIGNS" and

28   "CREATED."  MGA HK further objects to the Request because "DESIGNS

67

MGA HK'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

1

EXHIBIT 3 PAGE 170

1  CREATED BY BRYANT" is not a defined term and renders the Request vague and

2  ambiguous.

3           Subject to and without waiving the foregoing general and specific

4  objections, MGA HK responds as follows to the request:

5           Due to the overly broad and confusing nature of the Request as a

6  consequence of Mattel's definitions, MGA HK states that it cannot "admit" or "deny"

7  this Request in a manner that would provide an accurate statement of MGA HK's

8  position that could not be used by Mattel to try to mislead the jury.  In lieu thereof,

9  MGA HK responds as follows: MGA HK denies that the Sasha Doll Configuration,

10  Accessories, and Packaging listed in Copyright Registration No. VA 1-090-288 are

11  copies of, derivative of, or substantially similar to Bryant's drawings of characters

12  that he called "Bratz" that Bryant made prior to October 21, 2000, except admits that

13  certain Bratz two-dimensional character art utilized on the Sasha doll packaging

14  listed in Copyright Registration No. VA 1-090-288 was derivative of Bryant's initial

15  drawings of characters called "Bratz" that he created in August 1998, at which time

16  he was not employed by Mattel.

17

18  **REQUEST FOR ADMISSION NO. 65:**

19           Admit that the copyrighted material which is subject to Copyright

20  Registration No. VA 1-090-288 is not BASED ON any DESIGNS CREATED BY

21  BRYANT prior to October 21, 2000, other than the materials subject to Copyright

22  Registration No. VA 1-218-488.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 65:**

24           MGA HK incorporates by reference its General Response and General

25  Objections above, as though fully set forth herein and specifically incorporates

26  General Objection Nos. 12-13 (regarding Definitions), including but not limited to its

27  objections to the definition of the terms "BASED ON," "DESIGNS" and

28  "CREATED BY."  MGA HK further objects to the Request because "DESIGNS

68

MGA HK'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT 3 PAGE 171

1  CREATED BY BRYANT" is not a defined term and renders the Request vague and

2  ambiguous.  MGA HK further objects that the Request is compound, misleading, and

3  incorrectly assumes that "the copyrighted material which is subject to Copyright

4  Registration No. VA 1-090-288" is "BASED ON" "the materials subject to

5  Copyright Registration No. VA 1-218-488."  MGA HK thus objects to, and

6  disregards herein, the clause in the Request that states "other than the materials

7  subject to Copyright Registration No. VA 1-218-488".

8          Subject to and without waiving the foregoing general and specific

9  objections, MGA HK responds as follows to the request:

10          Due to the overly broad and confusing nature of the Request as a

11  consequence of Mattel's definitions, MGA HK states that it cannot "admit" or "deny"

12  this Request in a manner that would provide an accurate statement of MGA HK's

13  position that could not be used by Mattel to try to mislead the jury.  In lieu thereof,

14  MGA HK responds as follows: MGA HK denies that the Sasha Doll Configuration,

15  Accessories, and Packaging listed in Copyright Registration No. VA 1-090-288 are

16  copies of, derivative of, or substantially similar to Bryant's drawings of characters

17  that he called "Bratz" that Bryant made prior to October 21, 2000, except admits that

18  certain Bratz two-dimensional character art utilized on the Sasha doll packaging

19  listed in Copyright Registration No. VA 1-090-288 was derivative of Bryant's initial

20  drawings of characters called "Bratz" that he created in August 1998, at which time

21  he was not employed by Mattel.

22

23  **REQUEST FOR ADMISSION NO. 66:**

24          Admit that MGA's Copyright Registration No. VA 1-090-289, and any

25  corrections thereto, do not list any derivative works on which the copyrighted

26  material which is subject to that Registration is based other than the materials subject

27  to Copyright Registration No. VA 1-218-490.

28

69

MGA HK'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT 3 PAGE 172

1  **RESPONSE TO REQUEST FOR ADMISSION NO. 66:**

2         MGA HK incorporates by reference its General Response and General

3  Objections above, as though fully set forth herein and specifically incorporates

4  General Objection Nos. 12-13 (regarding Definitions), including but not limited to its

5  objections to the definition of the term "MGA."  MGA HK further objects that the

6  terms "corrections" and "based" are vague, ambiguous, and overly broad.  MGA HK

7  further objects that the Request is compound, misleading, and incorrectly assumes

8  that "the materials subject to Copyright Registration No. VA 1-218-490" are listed

9  on any registration document as "derivative works on which the copyrighted material

10  which is subject to [VA 1-090-289] is based".  MGA HK further objects that the

11  Request as a whole poses a question that is unintelligible in light of applicable

12  copyright law principles.

13         Subject to and without waiving the foregoing general and specific

14  objections, MGA HK responds as follows to the request:

15         Due to the confusing nature of the Request, MGA HK states that it

16  cannot "admit" or "deny" this Request in a manner that would provide an accurate

17  statement of MGA HK's position (or of the applicable Copyright Registration) that

18  could not be used by Mattel to try to mislead the jury.  In lieu thereof, MGA HK

19  responds as follows: MGA HK denies that the Cloe Doll Configuration, Accessories,

20  and Packaging listed in Copyright Registration No. VA 1-090-289 are derivative of

21  Bryant's 1998 "Cloe drawing" listed in Copyright Registration No. VA 1-218-490,

22  except admits that certain Bratz two-dimensional character art utilized on the Cloe

23  doll packaging listed in Copyright Registration No. VA 1-090-289 was derivative of

24  Bryant's August 1998 "Cloe drawing" which Bryant created at a time when he was

25  not employed by Mattel, and which is listed in Copyright Registration No. VA 1-

26  218-490.  For this reason only, Copyright Registration No. VA 1-090-289, as

27  modified by Supplemental Registration  No. VA 1-301-535, lists Bryant's August

28  1998 "Cloe drawing" as "Preexisting Material" and "2-Dimensional artwork" under

MGA HK'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT 3  PAGE 173

1  "Nature of Authorship".

2

3  **REQUEST FOR ADMISSION NO. 67:**

4       Admit that the copyrighted material which is subject to Copyright

5  Registration No. VA 1-090-289 is not BASED ON any DESIGNS CREATED BY

6  BRYANT prior to October 21, 2000.

7  **RESPONSE TO REQUEST FOR ADMISSION NO. 67:**

8       MGA HK incorporates by reference its General Response and General

9  Objections above, as though fully set forth herein and specifically incorporates

10  General Objection Nos. 12-13 (regarding Definitions), including but not limited to its

11  objections to the definition of the terms "BASED ON," "DESIGNS" and

12  "CREATED."  MGA HK further objects to the Request because "DESIGNS

13  CREATED BY BRYANT" is not a defined term and renders the Request vague and

14  ambiguous.

15       Subject to and without waiving the foregoing general and specific

16  objections, MGA HK responds as follows to the request:

17       Due to the overly broad and confusing nature of the Request as a

18  consequence of Mattel's definitions, MGA HK states that it cannot "admit" or "deny"

19  this Request in a manner that would provide an accurate statement of MGA HK's

20  position that could not be used by Mattel to try to mislead the jury.  In lieu thereof,

21  MGA HK responds as follows: MGA HK denies that the Cloe Doll Configuration,

22  Accessories, and Packaging listed in Copyright Registration No. VA 1-090-289 are

23  copies of, derivative of, or substantially similar to Bryant's drawings of characters

24  that he called "Bratz" that Bryant made prior to October 21, 2000, except admits that

25  certain Bratz two-dimensional character art utilized on the Cloe doll packaging listed

26  in Copyright Registration No. VA 1-090-289 was derivative of Bryant's initial

27  drawings of characters called "Bratz" that he created in August 1998, at which time

28  he was not employed by Mattel.

71

---

EXHIBIT __3__ PAGE __174__

**REQUEST FOR ADMISSION NO. 68:**

Admit that the copyrighted material which is subject to Copyright Registration No. VA 1-090-289 is not BASED ON any DESIGNS CREATED BY BRYANT prior to October 21, 2000, other than the materials subject to Copyright Registration No. VA 1-218-490.

**RESPONSE TO REQUEST FOR ADMISSION NO. 68:**

MGA HK incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection Nos. 12-13 (regarding Definitions), including but not limited to its objections to the definition of the terms "BASED ON," "DESIGNS" and "CREATED BY."  MGA HK further objects to the Request because "DESIGNS CREATED BY BRYANT" is not a defined term and renders the Request vague and ambiguous.  MGA HK further objects that the Request is compound, misleading, and incorrectly assumes that "the copyrighted material which is subject to Copyright Registration No. VA 1-090-289" is "BASED ON" "the materials subject to Copyright Registration No. VA 1-218-490."  MGA HK thus objects to, and disregards herein, the clause in the Request that states "other than the materials subject to Copyright Registration No. VA 1-218-490".

Subject to and without waiving the foregoing general and specific objections, MGA HK responds as follows to the request:

Due to the overly broad and confusing nature of the Request as a consequence of Mattel's definitions, MGA HK states that it cannot "admit" or "deny" this Request in a manner that would provide an accurate statement of MGA HK's position that could not be used by Mattel to try to mislead the jury.  In lieu thereof, MGA HK responds as follows: MGA HK denies that the Cloe Doll Configuration, Accessories, and Packaging listed in Copyright Registration No. VA 1-090-289 are copies of, derivative of, or substantially similar to Bryant's drawings of characters

72

EXHIBIT _3_ PAGE _175_

1   that he called "Bratz" that Bryant made prior to October 21, 2000, except admits that

2   certain Bratz two-dimensional character art utilized on the Cloe doll packaging listed

3   in Copyright Registration No. VA 1-090-289 was derivative of Bryant's initial

4   drawings of characters called "Bratz" that he created in August 1998, at which time

5   he was not employed by Mattel.

6

7   **REQUEST FOR ADMISSION NO. 69:**

8           Admit that MGA's Copyright Registration No. VA 1-090-290, and any

9   corrections thereto, do not list any derivative works on which the copyrighted

10  material which is subject to that Registration is based other than the materials subject

11  to Copyright Registration No. VA 1-218-491.

12  **RESPONSE TO REQUEST FOR ADMISSION NO. 69:**

13          MGA HK incorporates by reference its General Response and General

14  Objections above, as though fully set forth herein and specifically incorporates

15  General Objection Nos. 12-13 (regarding Definitions), including but not limited to its

16  objections to the definition of the term "MGA."  MGA HK further objects that the

17  terms "corrections" and "based" are vague, ambiguous, and overly broad.  MGA HK

18  further objects that the Request is compound, misleading, and incorrectly assumes

19  that "the materials subject to Copyright Registration No. VA 1-218-491" are listed

20  on any registration document as "derivative works on which the copyrighted material

21  which is subject to [VA 1-090-290] is based".  MGA HK further objects that the

22  Request as a whole poses a question that is unintelligible in light of applicable

23  copyright law principles.

24          Subject to and without waiving the foregoing general and specific

25  objections, MGA HK responds as follows to the request:

26          Due to the confusing nature of the Request, MGA HK states that it

27  cannot "admit" or "deny" this Request in a manner that would provide an accurate

28  statement of MGA HK's position (or of the applicable Copyright Registration) that

73

MGA HK'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT 3 PAGE 176

1  could not be used by Mattel to try to mislead the jury.  In lieu thereof, MGA HK

2  responds as follows: MGA HK denies that the Yasmin Doll Configuration,

3  Accessories, and Packaging listed in Copyright Registration No. VA 1-090-290 are

4  derivative of Bryant's 1998 "Yasmin drawing" listed in Copyright Registration No.

5  VA 1-218-491, except admits that certain Bratz two-dimensional character art

6  utilized on the Yasmin doll packaging listed in Copyright Registration No. VA 1-

7  090-290 was derivative of Bryant's August 1998 "Yasmin drawing" which Bryant

8  created at a time when he was not employed by Mattel, and which is listed in

9  Copyright Registration No. VA 1-218-491.  For this reason only, Copyright

10  Registration No. VA 1-090-290, as modified by Supplemental Registration No. VA

11  1-301-536, lists Bryant's August 1998 "Yasmin drawing" as "Preexisting Material"

12  and "2-Dimensional artwork" under "Nature of Authorship".

13

14  **REQUEST FOR ADMISSION NO. 70:**

15        Admit that the copyrighted material which is subject to Copyright

16  Registration No. VA 1-090-290 is not BASED ON any DESIGNS CREATED BY

17  BRYANT prior to October 21, 2000.

18  **RESPONSE TO REQUEST FOR ADMISSION NO. 70:**

19        MGA HK incorporates by reference its General Response and General

20  Objections above, as though fully set forth herein and specifically incorporates

21  General Objection Nos. 12-13 (regarding Definitions), including but not limited to its

22  objections to the definition of the terms "BASED ON," "DESIGNS" and

23  "CREATED."  MGA HK further objects to the Request because "DESIGNS

24  CREATED BY BRYANT" is not a defined term and renders the Request vague and

25  ambiguous.

26        Subject to and without waiving the foregoing general and specific

27  objections, MGA HK responds as follows to the request:

28        Due to the overly broad and confusing nature of the Request as a

74

MGA HK'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT 3 PAGE 177

1  consequence of Mattel's definitions, MGA HK states that it cannot "admit" or "deny"

2  this Request in a manner that would provide an accurate statement of MGA HK's

3  position that could not be used by Mattel to try to mislead the jury.  In lieu thereof,

4  MGA HK responds as follows: MGA HK denies that the Yasmin Doll

5  Configuration, Accessories, and Packaging listed in Copyright Registration No. VA

6  1-090-290 are copies of, derivative of, or substantially similar to Bryant's drawings

7  of characters that he called "Bratz" that Bryant made prior to October 21, 2000,

8  except admits that certain Bratz two-dimensional character art utilized on the Yasmin

9  doll packaging listed in Copyright Registration No. VA 1-090-290 was derivative of

10  Bryant's initial drawings of characters called "Bratz" that he created in August 1998,

11  at which time he was not employed by Mattel.

12

13  **REQUEST FOR ADMISSION NO. 71:**

14          Admit that the copyrighted material which is subject to Copyright

15  Registration No. VA 1-090-290 is not BASED ON any DESIGNS CREATED BY

16  BRYANT prior to October 21, 2000, other than the materials subject to Copyright

17  Registration No. VA 1 -218-491.

18  **RESPONSE TO REQUEST FOR ADMISSION NO. 71:**

19          MGA HK incorporates by reference its General Response and General

20  Objections above, as though fully set forth herein and specifically incorporates

21  General Objection Nos. 12-13 (regarding Definitions), including but not limited to its

22  objections to the definition of the terms "BASED ON," "DESIGNS" and

23  "CREATED BY."  MGA HK further objects to the Request because "DESIGNS

24  CREATED BY BRYANT" is not a defined term and renders the Request vague and

25  ambiguous.  MGA HK further objects that the Request is compound, misleading, and

26  incorrectly assumes that "the copyrighted material which is subject to Copyright

27  Registration No. VA 1-090-290" is "BASED ON" "the materials subject to

28  Copyright Registration No. VA 1-218-491."  MGA HK thus objects to, and

MGA HK'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT __3__ PAGE _178_

1  disregards herein, the clause in the Request that states "other than the materials

2  subject to Copyright Registration No. VA 1-218-491".

3          Subject to and without waiving the foregoing general and specific

4  objections, MGA HK responds as follows to the request:

5          Due to the overly broad and confusing nature of the Request as a

6  consequence of Mattel's definitions, MGA HK states that it cannot "admit" or "deny"

7  this Request in a manner that would provide an accurate statement of MGA HK's

8  position that could not be used by Mattel to try to mislead the jury.  In lieu thereof,

9  MGA HK responds as follows: MGA HK denies that the Yasmin Doll

10 Configuration, Accessories, and Packaging listed in Copyright Registration No. VA

11 1-090-290 are copies of, derivative of, or substantially similar to Bryant's drawings

12 of characters that he called "Bratz" that Bryant made prior to October 21, 2000,

13 except admits that certain Bratz two-dimensional character art utilized on the Yasmin

14 doll packaging listed in Copyright Registration No. VA 1-090-290 was derivative of

15 Bryant's initial drawings of characters called "Bratz" that he created in August 1998,

16 at which time he was not employed by Mattel.

17

18 DATED:  February 04, 2008

19

20                                      SKADDEN, ARPS, SLATE, MEAGHER &
                                       FLOM, LLP

21                                      By: _____

22                                           Timothy A. Miller
                                       Attorneys for Counter-Defendants, MGA
23                                     ENTERTAINMENT, INC., ISAAC LARIAN,
                                       MGA ENTERTAINMENT (HK) LIMITED,
24                                     AND MGAE de MEXICO S.R.L. de C.V.

25

26

27

28

                                        76
MGA HK'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN
203737-San Francisco Server 1A - MSW

EXHIBIT 3 PAGE 179

**EXHIBIT 4**

1   THOMAS J. NOLAN (Bar No. 66992)
    SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2   300 South Grand Avenue
    Los Angeles, California 90071-3144
3   Telephone: (213) 687-5000
    Facsimile: (213) 687-5600
4   E-mail:     tnolan@skadden.com

5   RAOUL D. KENNEDY (Bar No. 40892)
    TIMOTHY A. MILLER (Bar No. 154744)
6   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
    Four Embarcadero Center, 38th Floor
7   San Francisco, California 94111-5974
    Telephone: (415) 984-6400
8   Facsimile: (415) 984-2698
    E-mail:     rkennedy@skadden.com
9   E-mail:     tmiller@skadden.com

10   Attorneys for Cross-Defendants
    MGA Entertainment, Inc., MGA Entertainment (HK) Limited,
11   MGAE De Mexico, S.R.L. De C.V., and ISAAC LARIAN

12            **UNITED STATES DISTRICT COURT**

13            **CENTRAL DISTRICT OF CALIFORNIA**

14                **EASTERN DIVISION**

| | |
|---|---|
| 15  CARTER BRYANT, an individual | CASE NO. CV 04-9049 SGL (RNBx) |
| 16         Plaintiff, | Consolidated with Case No. 04-9059 and Case No. 05-2727 |
| 17      v. | **DISCOVERY MATTER** |
| 18  MATTEL, INC., a Delaware corporation | **[To be heard by Discovery Master Hon. Edward A. Infante (Ret.)]** |
| 19 | |
| 20         Defendant. | **ISAAC LARIAN'S OBJECTIONS AND RESPONSES TO MATTEL'S "FIRST" SET OF REQUESTS FOR** |
| 21  Consolidated with MATTEL, INC. v. BRYANT and MGA | **ADMISSION TO MGA ENTERTAINMENT, INC.; CARTER** |
| 22  ENTERTAINMENT, INC. v. MATTEL, INC. | **BRYANT; MGA ENTERTAINMENT (HK) LIMITED; AND ISAAC LARIAN** |
| 23 | |
| 24  **CONFIDENTIAL – ATTORNEYS' EYES ONLY** | **Phase 1:** Discovery Cut-Off:    January 28, 2008 |
| 25 | Pre-Trial Conference: May 5, 2008 Trial Date:        May 27, 2008 |

26

27

28

LARIAN'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT _4_ PAGE _180_

1  PROPOUNDING PARTY:        MATTEL, INC. ("Mattel")

2  RESPONDING PARTY:         ISAAC LARIAN

3  SET NUMBER:               ONE

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LARIAN'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT _4_ PAGE _181_

Pursuant to Federal Rule of Civil procedure 36, Isaac Larian ("Larian") submits his objections and responses (the "Response"), for reasons stated below, to Mattel's "First" Set of Requests for Admission to MGA Entertainment, Inc.; Carter Bryant; MGA Entertainment (HK) Limited; and Isaac Larian.

## GENERAL RESPONSE

The General Response set forth herein applies to all responses Larian is providing in response to these requests for admission (the "Request") or may in the future provide in response to any discovery request in this action.  The Response is made without waiving or intending to waive but, on the contrary, expressly reserving:  (a) the right to object, on the grounds of competency, privilege, relevancy or materiality, or any other proper grounds, to the use of the Response, for any purpose in whole or in part, in any subsequent step or proceeding in this action or any other action; (b) the right to object on any and all grounds, at any time, to other requests for admissions or other discovery procedures; and (c) the right at any time to revise, correct, add to, or clarify any of the responses propounded herein.

The Responses reflect only the present state of Larian's discovery regarding the information Mattel seeks.  Discovery for Phase Two and other investigation or research concerning this litigation are continuing.  It is anticipated that further discovery, independent investigation, and legal research and analysis will supply additional facts and meaning to the known facts, as well as establish entirely new factual conclusions, all of which may lead Larian to discover other information responsive to this Request.  Larian therefore reserves the right to amend or supplement this Response at any time in light of future investigation, research or analysis, and also expressly reserves the right to rely on, at any time, including trial, subsequently discovered information omitted from this Response as a result of mistake, error, oversight or inadvertence.  Larian does not hereby admit, adopt or acquiesce in any factual or legal contention, assertion or characterization contained

1

LARIAN'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT 4 PAGE 182

1  in the Request or any particular request therein, even where Larian has not otherwise

2  objected to a particular request, or has agreed to provide information responsive to a

3  particular request.

4         No incidental or implied admissions are intended by this Response.

5  These responses should not be taken as an admission that Larian accepts or admits

6  the existence of any facts set forth or assumed by any instruction, definition or

7  request.

8  **GENERAL OBJECTIONS**

9         Larian incorporates the following General Objections, as well as the

10  General Response, into his Specific Objections and Responses to each and every

11  Request.  The assertion of same, similar, or additional objections to the individual

12  requests does not waive any of Larian's general objections as set forth below:

13         1.    Larian objects to the Request insofar as it seeks disclosure of

14  information that is not required to be disclosed under any applicable privilege,

15  doctrine or immunity, including without limitation the attorney-client privilege, the

16  work product doctrine, the right of privacy, the joint defense privilege, the common

17  interest privilege, and all other privileges recognized under the constitutional,

18  statutory or decisional law of the United States of America, the State of California or

19  any other applicable jurisdiction.

20         2.    Larian objects to the Request to the extent it seeks information

21  not relevant to the claims or defenses of any party to this action and is not reasonably

22  calculated to lead to the discovery of admissible evidence.

23         3.    Larian objects to the Request insofar as it seeks information that

24  is, by reason of public filing or otherwise, already in Mattel's possession or is readily

25  accessible to Mattel.

26         4.    Larian objects to the Request insofar as it (1) seeks information

27  not within Larian's possession, custody or control; (2) seeks information that Larian

28  

2

LARIAN'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT __4__ PAGE _183_

1  cannot locate after a reasonably diligent search; or (3) refers to persons, entities, or

2  events not known to Larian.

3       5.    Larian objects to the Request insofar it seeks confidential

4  information, trade secrets or other proprietary information.

5       6.    Larian objects to the Request to the extent it is unduly

6  burdensome and oppressive.

7       7.    To the extent the Request asks Larian to provide information

8  concerning the legal basis of its defense of this matter, Larian objects on the grounds

9  that the Request impermissibly call for mental impressions, conclusions, opinions

10  and/or legal theories of Larian's attorneys.

11       8.    In responding to the Request, Larian has not and will not comply

12  with any instructions or definitions that seek to impose requirements in addition to

13  those imposed by the Federal Rules of Civil Procedure or any applicable local rule.

14       9.    Larian objects to the Request to the extent that it may unfairly

15  seek to restrict the facts on which MGA may rely at trial.  Discovery has not been

16  completed and Larian is not yet necessarily in possession of all the facts and

17  documents upon which Larian intends to rely.  All of the responses submitted

18  herewith are tendered to Mattel with the reservation that the responses are submitted

19  without limiting the evidence on which Larian may rely to support the contentions

20  and defenses that Larian may assert at the trial of this action and to rebut or impeach

21  the contentions, assertions and evidence that Mattel may present.  Larian reserves the

22  right to supplement or amend these responses at a future date.

23       10.    Larian objects to the Request to the extent it seeks information

24  that will be the subject of expert witness testimony and that is therefore premature.

25  Larian further objects to the Request to the extent that it seeks to circumvent the

26  expert disclosure provisions of the <u>Federal</u> and <u>Local Rules</u>.

27       11.    Larian reserves the right to object on any ground at any time to

28  such other and supplemental discovery requests as Mattel may propound involving

3

EXHIBIT _4_ PAGE _184_

1  or relating to the same subject matter of the Request.

2        12.    Larian objects to the definitions and instructions to the extent

3  such definitions and instructions purport to enlarge, expand, or alter in any way the

4  plain meaning and scope of any specific term or specific requests on the grounds that

5  such enlargement, expansion or alteration renders such term or request vague,

6  ambiguous, unintelligible, overly broad, unduly burdensome or uncertain.

7        13.    Larian objects to the defined terms "YOU," "MGA," "MGA HK,"

8  "DEFENDANT," "DEFENDANTS," "AFFILIATES," "DESIGN" or "DESIGNS,"

9  "BASED ON," "BRATZ," "BRATZ WORK," "BRATZ DOLLS," "BRYANT'S

10  BRATZ DESIGNS," "BRYANT'S BRATZ IDEAS," "BRYANT'S PITCH

11  MATERIALS," "MATTEL," "CREATED," "RELATING TO" or "REFER OR

12  RELATE TO," and "COMMUNICATION" in the Request on the grounds that these

13  terms use defined terms that distort the commonly used and understood meanings of

14  terms, including legal terms of art, by sweeping in concepts not properly associated

15  with them and render the Request overly broad, unduly burdensome, vague and

16  ambiguous, including, by way of example and without limitation, as follows:

17        (a)    Larian objects to the definition of the term "BRATZ"

18  (Definitions ¶ 11) as vague, ambiguous, overly broad and unduly burdensome, and

19  designed to mislead and confuse the trier of fact.  The definition includes "any

20  project, product, doll or DESIGN ever known by [the Bratz] name (whether in whole

21  or in part and regardless of what such project, product or doll is or has been also,

22  previously or subsequently called) and any product, doll or DESIGN or any portion

23  thereof that is now or has ever been known as, or sold or marketed under, the name

24  or term 'Bratz' (whether in whole or in part and regardless of what such product, doll

25  or DESIGN or portion thereof is or has been also, previously or subsequently called)

26  or that is now or has ever been sold or marketed as part of the 'Bratz' line, and each

27  version or iteration of such product, doll or DESIGN or any portion thereof," and it

28  goes on.  By incorporating the definition of "DESIGN," the overly broad definition

EXHIBIT __4__ PAGE _185_

1  of "BRATZ" includes two-dimensional and three-dimensional representations,

2  including "works, design, artwork, sketches, drawings, illustrations, representations,

3  depictions, blueprints, schematics, diagrams, images, sculptures, prototypes, models,

4  samples, rotocasts, reductions to practice, developments, inventions and/or

5  improvements . . . ." (Definitions ¶ 9.)  (See objection to term "DESIGN" below)

6  These convoluted and multi-part definitions combine to render the Requests vague,

7  ambiguous and overly broad, and to include within the term "BRATZ" things that do

8  not fairly represent the Bratz line of dolls, accessories and related products that are

9  the subject of this case.  In responding to the Request, Larian will interpret the term

10  "BRATZ" to mean the line of dolls introduced by MGA to the market for sale in

11  May or June of 2001 and subsequent dolls, accessories and other products known as

12  Bratz or associated by MGA with the Bratz line of dolls;

13          (b)     Larian objects to the definition of the term "BRATZ

14  DOLLS" (Definitions ¶ 13) as vague, ambiguous, overly broad and unduly

15  burdensome, and designed to mislead and confuse the trier of fact.  The definition

16  includes any doll that "REFERS OR RELATES to BRATZ."  Mattel's definition of

17  the terms "BRATZ" and "REFERS OR RELATES" renders the definition of

18  "BRATZ DOLL" unintelligible because Larian cannot know, by way of example,

19  what dolls may "deal with, comment on, respond to, . . . or in any way pertain"

20  (Definitions ¶ 22) to "BRATZ," which is already defined to include any "doll . . . that

21  is now or has ever been known as, or sold or marketed under, the name or term

22  'Bratz' . . . or that is now or has ever been sold or marketed as part of the 'Bratz' line,

23  and each version or iteration of such . . . doll . . . ."  In responding to the Request,

24  Larian will interpret the term "BRATZ DOLL" to mean the line of dolls introduced

25  by MGA to the market for sale in May or June of 2001 and subsequent dolls known

26  as Bratz;

27          (c)     Larian objects to the definition of the term "BRATZ

28  WORK" as vague, ambiguous, overly broad and unduly burdensome, and designed

1   to mislead and confuse the trier of fact.  The definition contains separate component

2   parts ("any representation . . . whether in whole or in part, whether two-dimensional

3   or three-dimensional, and whether in tangible, digital, electronic or other form,

4   including . . . any DESIGN . . .as well as all other items, things and DOCUMENTS

5   in which any of the foregoing are or have been expressed, embodied, contained,

6   fixed or reflected in any manner . . . .").  The incorporation of the defined term

7   "DESIGN" adds at least another 21 elements ("all works, designs, artwork, sketches,

8   drawings, illustrations, representations, depictions, blueprints, schematics, diagrams,

9   images, sculptures, prototypes, models, samples, rotocasts, reductions to practice,

10   developments, inventions and/or improvements").  The inclusion of these disparate

11   concepts in the term "work" improperly conflates distinct issues of patent law,

12   copyright protection, trade secret law and the common law protecting original ideas;

13         (d)    Larian objects to the definition of the term "BASED ON"

14   (Definitions ¶ 10) as vague, ambiguous, overly broad and unduly burdensome, and

15   designed to mislead and confuse the trier of fact.  The definitions strays far from the

16   English meaning of "based on" by including terms loaded with legal significance in

17   intellectual property law, such as "substantially similar to," or "derivative of."  In

18   responding to these requests, Larian will not interpret the term "BASED ON," but

19   rather will respond using "based on" as it is commonly used and understood;

20         (e)    Larian objects to the term "CREATED" (Definitions ¶ 19)

21   as vague, ambiguous, overly broad and unduly burdensome, and designed to mislead

22   and confuse the trier of fact.  The definition strays far from the English meaning of

23   the term "created" by including concepts such as "improved," "altered," "conceived

24   of," and "reduced to practice."  Thus, by way of example, under Mattel's definition of

25   "CREATED," the jury could be misled into believing that a person "CREATED" a

26   particular thing when that person did not, but only slightly altered or improved the

27   thing.  In responding to the Request, Larian will not interpret the term "CREATED"

28   according to Mattel's definition, but rather will respond using "created" in its normal,

6

EXHIBIT _4_ PAGE _187_

1 | accepted meaning;

2 |         (f)    Larian objects to the term "DESIGN" (Definitions ¶ 9) as

3 | vague, ambiguous, overly broad and unduly burdensome, and designed to mislead

4 | and confuse the trier of fact. The definition combines at least three or four disparate

5 | intellectual property concepts. In addition to invoking copyright principles

6 | ("artwork, sketches, drawings, illustrations, . . . depictions, blueprints, schematics,

7 | diagrams, images, sculptures, . . . models . . . fixed . . ."), *see* 17 U.S.C. § 101, the

8 | definition also includes patent law terms, such as "design," "reductions to practice"

9 | and "improvements." *See* 35 U.S.C. § 102(g); 35 U.S.C. § 171; 1-GLOS *Chisum on*

10 | *Patents* (2007). In addition, the definition makes no distinction between design and

11 | utility patents. *See* 1-23 *Chisum on Patents* § 23.01 (highlighting the distinctions

12 | between the two). Moreover, under Mattel's definition, a "DESIGN" could also be a

13 | trade secret under California's Uniform Trade Secrets Act. *See* Cal. Civ. Code §

14 | 3426.1 (defining "Trade secret" as "information, including a formula, pattern,

15 | compilation, program, device, method, technique, or process that: (1) Derives

16 | independent economic value, actual or potential, from not being generally known to

17 | the public . . ."). Larian will interpret the term "DESIGN" as it is commonly used

18 | and understood;

19 |         (g)    Larian objects to the terms "RELATING TO" and "REFER

20 | OR RELATE TO" on the grounds and to the extent that they are overly broad,

21 | unduly burdensome, and/or are vague and ambiguous in the context of the

22 | interrogatories as written and as those interrogatories would be plainly understood

23 | absent Mattel's definitions;

24 |         (h)    Larian objects to the term "BRYANT'S BRATZ

25 | DESIGNS" (Definitions ¶ 15) as vague, ambiguous, overly broad and unduly

26 | burdensome, and designed to mislead and confuse the trier of fact. The definition

27 | includes the defined term "CREATED," (Definitions ¶ 19) which strays far from the

28 | English meaning of the term "created" by including concepts such as "improved,"

7

EXHIBIT __4__ PAGE _188_

1  "altered," "conceived of," and "reduced to practice."   In addition, Mattel's definition

2  of the terms "DESIGN," (Definitions ¶ 9) "REFER OR RELATE TO" (Definitions ¶

3  22) and "BRATZ" (Definitions ¶ 11) renders the term "BRYANT'S BRATZ

4  DESIGNS" unintelligible because Larian cannot know, by way of example, what

5  designs may "deal with, comment on, respond to, . . . or in any way pertain"

6  (Definitions ¶ 22) to "BRATZ."  In responding to these requests, Larian will interpret

7  the term "BRYANT'S BRATZ DESIGNS" to mean the drawings depicting Bratz

8  characters that Bryant made prior to October 4, 2000, the date on which Bryant

9  signed his agreement with MGA;

10              (i)      Larian objects to the term "BRYANT'S BRATZ IDEAS"

11  (Definitions ¶ 16) as vague, ambiguous, overly broad and unduly burdensome, and

12  designed to mislead and confuse the trier of fact.  The definition includes the defined

13  term "CREATED," (Definitions ¶ 19) which strays far from the English meaning of

14  the term "created" by including concepts such as "improved," "altered," "conceived

15  of," and "reduced to practice."   In addition, Mattel's definition of the terms "REFER

16  OR RELATE TO" (Definitions ¶ 22) and "BRATZ" (Definitions ¶ 11) renders the

17  term "BRYANT'S BRATZ IDEAS" unintelligible because MGA cannot know, by

18  way of example, what intangible matter created by Bryant may "deal with, comment

19  on, respond to, . . . or in any way pertain" (Definitions ¶ 22) to "BRATZ."  In

20  responding to these requests, Larian will interpret the term "BRYANT'S BRATZ

21  IDEAS" to mean Carter Bryant's idea of a line of fashion dolls that he called "Bratz,"

22  which was sufficiently novel and original to be protected under California law as a

23  confidential novel idea under <u>Desny v. Wilder</u>, 46 Cal.2d 715 (1956) and its

24  progeny;

25              (j)      Larian objects to the term "BRYANT'S PITCH

26  MATERIALS" (Definitions ¶ 17) as vague, ambiguous, overly broad and unduly

27  burdensome, and designed to mislead and confuse the trier of fact.  Mattel's

28  definition of the terms "REFER OR RELATE TO" (Definitions ¶ 22) and "BRATZ"

8

LARIAN'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT   4   PAGE 189

1   (Definitions ¶ 11) renders the term "BRYANT'S BRATZ IDEAS" unintelligible

2   because Larian cannot know, by way of example, what drawings Bryant presented to

3   MGA may "comment on [or] respond to" (Definitions ¶ 22) "BRATZ." In

4   responding to these requests, Larian will interpret the term "BRYANT'S PITCH

5   MATERIALS" to mean the materials presented by Bryant to MGA depicted in what

6   has been marked as Exhibit 302 (MGA 006453 to MGA 006466), and what was

7   described as a "dummy" in Carter Bryant's November 4, 2004 deposition;

8             (k)    Larian objects to the term "YOU" (Definitions ¶ 1) as

9   vague, ambiguous, overly broad and unduly burdensome and designed to mislead

10   and confuse the trier of fact. Mattel's definition of the term "YOU" purports to

11   include all defendants collectively in instances where the plural "YOU" would result

12   in a broader meaning of a request. Thus, Mattel's definition would require Larian to

13   admit or deny requests based on the actions of other defendants in the action,

14   resulting in responses designed to mislead and confuse the trier of fact. In

15   responding to the requests, Larian will interpret the term "YOU" to refer to Isaac

16   Larian, individually.

17            14.    Larian's responses are made based on its understanding and

18   interpretation of the Request. Larian reserves the right to supplement his objections

19   and responses should Mattel subsequently assert an interpretation of any request that

20   differs from those of Larian.

21           These general objections shall be deemed incorporated into each

22   specific response below as if they were fully set forth below. Nevertheless, without

23   waiver of, without prejudice to, and expressly hereby reserving all of the foregoing

24   general objections, Larian submits the following responses to the Requests.

25

26

27

28

9

EXHIBIT __4__ PAGE __190__

1    <u>**SPECIFIC OBJECTIONS AND RESPONSES**</u>

2    <u>**REQUEST FOR ADMISSION NO. 1:**</u>

3          Admit that BRATZ competes with one or more products marketed and

4    sold by MATTEL.

5    <u>**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**</u>

6          Larian incorporates by reference his General Response and General

7    Objections above, as though fully set forth herein and specifically incorporates

8    General Objection Nos. 12-13 (regarding Definitions), including but not limited to

9    his objections to the definitions of "BRATZ" and "MATTEL" on the grounds that

10   Mattel's definitions of those terms are overly broad and renders the request vague

11   and ambiguous.

12         Subject to and without waiving the foregoing general and specific

13   objections, Larian responds as follows to the request:

14         Larian admits that one or more dolls introduced by MGA to the market

15   for sale in May or June of 2001 known as "Bratz" and subsequent dolls, accessories

16   and other products sold under the Bratz brand, or associated by MGA with the Bratz

17   line of dolls, compete with one or more products marketed and sold by Mattel.

18

19   <u>**REQUEST FOR ADMISSION NO. 2:**</u>

20         Admit that BRATZ does not compete with any products marketed and

21   sold by MATTEL.

22   <u>**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**</u>

23         Larian incorporates by reference his General Response and General

24   Objections above, as though fully set forth herein and specifically incorporates

25   General Objection Nos. 12-13 (regarding Definitions), including but not limited to

26   his objections to the definitions of "BRATZ" and "MATTEL" on the grounds that

27   Mattel's definitions of those terms are overly broad and renders the request vague

28   and ambiguous.

10

EXHIBIT __4__ PAGE _191_

1          Subject to and without waiving the foregoing general and specific

2 objections, Larian responds as follows to the request:

3          DENIED.  Larian admits that one or more dolls introduced by MGA to

4 the market for sale in May or June of 2001 known as "Bratz" and subsequent dolls,

5 accessories and other products sold under the Bratz brand, or associated by MGA

6 with the Bratz line of dolls, compete with one or more products marketed and sold

7 by Mattel.

8

9 **REQUEST FOR ADMISSION NO. 3:**

10          Admit that BRATZ DOLLS compete with one or more products

11 marketed and sold by MATTEL.

12 **RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

13          Larian incorporates by reference his General Response and General

14 Objections above, as though fully set forth herein and specifically incorporates

15 General Objection Nos. 12-13 (regarding Definitions), including but not limited to

16 his objections to the definitions of "BRATZ DOLLS" and "MATTEL" on the

17 grounds that Mattel's definitions of those terms are overly broad and renders the

18 request vague and ambiguous.

19          Subject to and without waiving the foregoing general and specific

20 objections, Larian responds as follows to the request:

21          Larian admits that one or more dolls introduced by MGA to the market

22 for sale in May or June of 2001 known as "Bratz," and subsequent dolls introduced

23 by MGA to the market known as "Bratz," compete with one or more products

24 marketed and sold by Mattel.

25

26 **REQUEST FOR ADMISSION NO. 4:**

27          Admit that BRATZ DOLLS do not compete with any products

28 marketed and sold by MATTEL.

LARIAN'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT 4 PAGE 192

1  **RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

2       Larian incorporates by reference his General Response and General

3  Objections above, as though fully set forth herein and specifically incorporates

4  General Objection Nos. 12-13 (regarding Definitions), including but not limited to

5  his objections to the definitions of "BRATZ DOLLS" and "MATTEL" on the

6  grounds that Mattel's definitions of those terms are overly broad and renders the

7  request vague and ambiguous.

8       Subject to and without waiving the foregoing general and specific

9  objections, Larian responds as follows to the request:

10       DENIED.  Larian admits that one or more dolls introduced by MGA to

11  the market for sale in May or June of 2001 known as "Bratz," and subsequent dolls

12  introduced by MGA to the market known as "Bratz," compete with one or more

13  products marketed and sold by Mattel.

14

15  **REQUEST FOR ADMISSION NO. 5:**

16       Admit that BRYANT'S assignment of rights to BRATZ to MGA in the

17  ASSIGNMENT AGREEMENT gave MGA property rights.

18  **RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

19       Larian incorporates by reference his General Response and General

20  Objections above, as though fully set forth herein and specifically incorporates

21  General Objection Nos. 12-13 (regarding Definitions), including but not limited to

22  his objections to the definitions of "BRATZ" and "MGA" on the grounds that

23  Mattel's definitions of those terms are overly broad and renders the request vague

24  and ambiguous.   Larian further objects to the use of the term "property rights" as

25  vague and ambiguous.  Larian interprets "property rights" to mean intellectual

26  property rights, including copyright, trademark, design patent, and utility patent.

27       Subject to and without waiving the foregoing general and specific

28  objections, Larian responds as follows to the request:

12

LARIAN'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT _4_ PAGE _193_

1           Larian admits that in the Assignment Agreement, Bryant assigned to

2   MGA any copyright rights that he may have possessed in his drawings of characters

3   that he called "Bratz."  With respect to design patent law, Larian denies that Bryant

4   assigned any such rights to MGA in the Assignment Agreement.  In this connection,

5   Larian further asserts that Bryant had no design patent rights that he could assign,

6   because to the extent that Bryant's two-dimensional drawings could have suggested

7   or be considered the conception of a potential three-dimensional design, such three-

8   dimensional design would not have been sufficiently original to qualify for design

9   patent protection.  Larian further asserts that the actual three-dimensional shapes of

10  any of MGA's Bratz do not resemble, and are not substantially similar to, the three-

11  dimensional design that could be considered to have been suggested by Bryant's two-

12  dimensional drawings.

13  **REQUEST FOR ADMISSION NO. 6:**

14          Admit that BRYANT'S assignment of rights to BRATZ to MGA in the

15  ASSIGNMENT AGREEMENT did not give MGA property rights.

16  **RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

17          Larian incorporates by reference his General Response and General

18  Objections above, as though fully set forth herein and specifically incorporates

19  General Objection Nos. 12-13 (regarding Definitions), including but not limited to

20  his objections to the definitions of "BRATZ" and "MGA" on the grounds that

21  Mattel's definitions of those terms are overly broad and renders the request vague

22  and ambiguous.   Larian further objects to the use of the term "property rights" as

23  vague and ambiguous.  Larian interprets "property rights" to mean intellectual

24  property rights, including copyright, trademark, design patent, and utility patent.

25          Subject to and without waiving the foregoing general and specific

26  objections, Larian responds as follows to the request:

27          Larian admits that in the Assignment Agreement, Bryant assigned to

28  MGA any copyright rights that he may have possessed in his drawings of characters

13

LARIAN'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT _4_ PAGE _194_

1 that he called "Bratz." With respect to design patent law, Larian denies that Bryant

2 assigned any such rights to MGA in the Assignment Agreement. In this connection,

3 Larian further asserts that Bryant had no design patent rights that he could assign,

4 because to the extent that Bryant's two-dimensional drawings could have suggested

5 or be considered the conception of a potential three-dimensional design, such three-

6 dimensional design would not have been sufficiently original to qualify for design

7 patent protection. Larian further asserts that the actual three-dimensional shapes of

8 any of MGA's Bratz do not resemble, and are not substantially similar to, the three-

9 dimensional design that could be considered to have been suggested by Bryant's two-

10 dimensional drawings.

11

12 **REQUEST FOR ADMISSION NO. 7:**

13        Admit that BRYANT'S assignment of rights to BRATZ to MGA in the

14 ASSIGNMENT AGREEMENT gave MGA valuable property rights.

15 **RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

16        Larian incorporates by reference his General Response and General

17 Objections above, as though fully set forth herein and specifically incorporates

18 General Objection Nos. 12-13 (regarding Definitions), including but not limited to

19 his objections to the definitions of "BRATZ" and "MGA" on the grounds that

20 Mattel's definitions of those terms are overly broad and renders the request vague

21 and ambiguous. Larian further objects to the use of the terms "valuable" and

22 "property rights" as vague and ambiguous. Larian interprets "valuable" as it is

23 commonly used and understood. Larian interprets "property rights" to mean

24 intellectual property rights, including copyright, trademark, design patent, and utility

25 patent.

26        Subject to and without waiving the foregoing general and specific

27 objections, Larian responds as follows to the request:

28        Larian denies that Bryant assigned to MGA in the Assignment

14

EXHIBIT _4_ PAGE _195_

1  Agreement intellectual property rights that were valuable, except Larian admits that

2  Bryant assigned to MGA rights that could, after the successful introduction and

3  growing success of the Bratz line, which were predominantly the result of substantial

4  investment, development, and marketing by MGA, be considered in hindsight to

5  have been valuable at the time of the Assignment Agreement.

6

7  **REQUEST FOR ADMISSION NO. 8:**

8        Admit that BRYANT'S assignment of rights to BRATZ to MGA in the

9  ASSIGNMENT AGREEMENT did not give MGA valuable property rights.

10 **RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

11       Larian incorporates by reference his General Response and General

12 Objections above, as though fully set forth herein and specifically incorporates

13 General Objection Nos. 12-13 (regarding Definitions), including but not limited to

14 his objections to the definitions of "BRATZ" and "MGA" on the grounds that

15 Mattel's definitions of those terms are overly broad and renders the request vague

16 and ambiguous. Larian further objects to the use of the terms "valuable" and

17 "property rights" as vague and ambiguous.  Larian interprets "valuable" as it is

18 commonly used and understood.  Larian interprets "property rights" to mean

19 intellectual property rights, including copyright, trademark, design patent, and utility

20 patent.

21       Subject to and without waiving the foregoing general and specific

22 objections, Larian responds as follows to the request:

23       Larian admits that Bryant's assignment of rights to Bratz to MGA in the

24 Assignment Agreement did not give MGA "valuable property rights," but further

25 asserts that Bryant assigned to MGA rights that could, after the successful

26 introduction and growing success of the Bratz line, which were predominantly the

27 result of substantial investment, development, and marketing by MGA, be

28 considered in hindsight to have been valuable at the time of the Assignment

LARIAN'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT _4_ PAGE _196_

1  Agreement.

2

3  **REQUEST FOR ADMISSION NO. 9:**

4      Admit that BRATZ is valuable property.

5  **RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

6      Larian incorporates by reference his General Response and General

7  Objections above, as though fully set forth herein and specifically incorporates

8  General Objection Nos. 12-13 (regarding Definitions), including but not limited to

9  his objections to the definition of "BRATZ" on the grounds that Mattel's definition of

10  the term is overly broad and renders the request vague and ambiguous.   Larian

11  further objects to the use of the terms "valuable" and "property" as vague and

12  ambiguous.

13      Subject to and without waiving the foregoing general and specific

14  objections, Larian responds as follows to the request:

15      Due to the overly broad and confusing nature of the Requests as a

16  consequence of Mattel's definitions, Larian states that he cannot "admit" or "deny"

17  this Request in a manner that would provide an accurate statement of Larian's

18  position that could not be used by Mattel to try to mislead the jury.  In lieu thereof,

19  Larian responds as follows: Larian admits that the dolls introduced by MGA to the

20  market for sale in May or June of 2001 known as "Bratz," and subsequent dolls,

21  accessories and other products sold under the Bratz brand, or associated by MGA

22  with the Bratz line of dolls, have value.

23

24  **REQUEST FOR ADMISSION NO. 10:**

25      Admit that BRATZ is not valuable property.

26  **RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

27      Larian incorporates by reference his General Response and General

28  Objections above, as though fully set forth herein and specifically incorporates

LARIAN'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT __4__ PAGE _197_

1  General Objection Nos. 12-13 (regarding Definitions), including but not limited to

2  his objections to the definition of "BRATZ" on the grounds that Mattel's definition of

3  the term is overly broad and renders the request vague and ambiguous.   Larian

4  further objects to the use of the terms "valuable" and "property" as vague and

5  ambiguous.

6          Subject to and without waiving the foregoing general and specific

7  objections, Larian responds as follows to the request:

8          Due to the overly broad and confusing nature of the Requests as a

9  consequence of Mattel's definitions, Larian states that he cannot "admit" or "deny"

10  this Request in a manner that would provide an accurate statement of Larian's

11  position that could not be used by Mattel to try to mislead the jury.  In lieu thereof,

12  Larian responds as follows: Larian admits that the dolls introduced by MGA to the

13  market for sale in May or June of 2001 known as "Bratz," and subsequent dolls,

14  accessories and other products sold under the Bratz brand, or associated by MGA

15  with the Bratz line of dolls, have value.

16

17  **REQUEST FOR ADMISSION NO. 11:**

18          Admit that BRATZ DOLLS are valuable property.

19  **RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

20          Larian incorporates by reference his General Response and General

21  Objections above, as though fully set forth herein and specifically incorporates

22  General Objection Nos. 12-13 (regarding Definitions), including but not limited to

23  his objections to the definition of "BRATZ DOLLS" on the grounds that Mattel's

24  definition of the term is overly broad and renders the request vague and ambiguous.

25  Larian further objects to the use of the terms "valuable" and "property" as vague and

26  ambiguous.

27          Subject to and without waiving the foregoing general and specific

28  objections, Larian responds as follows to the request:

17

LARIAN'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT   4  PAGE 198

1    Due to the overly broad and confusing nature of the Requests as a
2  consequence of Mattel's definitions, Larian states that he cannot "admit" or "deny"
3  this Request in a manner that would provide an accurate statement of Larian's
4  position that could not be used by Mattel to try to mislead the jury.  In lieu thereof,
5  Larian responds as follows: Larian admits that dolls introduced by MGA to the
6  market for sale in May or June of 2001 known as "Bratz," and subsequent dolls
7  introduced by MGA to the market known as "Bratz," have value.

8

9  **REQUEST FOR ADMISSION NO. 12:**
10    Admit that BRATZ DOLLS are not valuable property.
11 **RESPONSE TO REQUEST FOR ADMISSION NO. 12:**
12    Larian incorporates by reference his General Response and General
13 Objections above, as though fully set forth herein and specifically incorporates
14 General Objection Nos. 12-13 (regarding Definitions), including but not limited to
15 his objections to the definition of "BRATZ DOLLS" on the grounds that Mattel's
16 definition of the term is overly broad and renders the request vague and ambiguous.
17 Larian further objects to the use of the terms "valuable" and "property" as vague and
18 ambiguous.
19    Subject to and without waiving the foregoing general and specific
20 objections, Larian responds as follows to the request:
21    Due to the overly broad and confusing nature of the Request as a
22 consequence of Mattel's definitions, Larian states that he cannot "admit" or "deny"
23 this Request in a manner that would provide an accurate statement of Larian's
24 position that could not be used by Mattel to try to mislead the jury.  In lieu thereof,
25 Larian responds as follows: Larian admits that dolls introduced by MGA to the
26 market for sale in May or June of 2001 known as Bratz, and subsequent dolls
27 introduced by MGA to the market known as Bratz, have value.
28

18

LARIAN'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT _4_ PAGE _149_

1  **REQUEST FOR ADMISSION NO. 13:**

2         Admit that BRYANT'S BRATZ DESIGNS are valuable property.

3  **RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

4         Larian incorporates by reference his General Response and General

5  Objections above, as though fully set forth herein and specifically incorporates

6  General Objection Nos. 12-13 (regarding Definitions), including but not limited to

7  his objections to the definition of "BRYANT'S BRATZ DESIGNS" on the grounds

8  that Mattel's definition of the term is overly broad and renders the request vague and

9  ambiguous.   Larian interprets the term "DESIGN" as it is commonly used and

10  understood.  Larian further objects to the use of the terms "valuable" and "property"

11  as vague and ambiguous.

12         Subject to and without waiving the foregoing general and specific

13  objections, Larian responds as follows to the request:

14         Due to the overly broad and confusing nature of the Request as a

15  consequence of Mattel's definitions, Larian states that he cannot "admit" or "deny"

16  this Request in a manner that would provide an accurate statement of Larian's

17  position that could not be used by Mattel to try to mislead the jury.  In lieu thereof,

18  Larian responds as follows: Larian denies that Bryant's drawings of characters that

19  he called "Bratz"  made prior to entering an agreement with MGA are "valuable

20  property."

21

22  **REQUEST FOR ADMISSION NO. 14:**

23         Admit that BRYANT'S BRATZ DESIGNS are not valuable property.

24  **RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

25         Larian incorporates by reference his General Response and General

26  Objections above, as though fully set forth herein and specifically incorporates

27  General Objection Nos. 12-13 (regarding Definitions), including but not limited to

28  his objections to the definition of "BRYANT'S BRATZ DESIGNS" on the grounds

19

LARIAN'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT 4 PAGE 200

1  that Mattel's definition of the term is overly broad and renders the request vague and

2  ambiguous.   Larian interprets the term "DESIGN" as it is commonly used and

3  understood.  Larian further objects to the use of the terms "valuable" and "property"

4  as vague and ambiguous.

5          Subject to and without waiving the foregoing general and specific

6  objections, Larian responds as follows to the request:

7          Due to the overly broad and confusing nature of the Request as a

8  consequence of Mattel's definitions, Larian states that he cannot "admit" or "deny"

9  this Request in a manner that would provide an accurate statement of Larian's

10 position that could not be used by Mattel to try to mislead the jury.  In lieu thereof,

11 Larian responds as follows: Larian admits that Bryant's drawings of characters that

12 he called "Bratz" made prior to entering an agreement with MGA are not "valuable

13 property."

14

15 **REQUEST FOR ADMISSION NO. 15:**

16          Admit that BRYANT'S BRATZ DESIGNS were valuable property at

17 the time of the ASSIGNMENT AGREEMENT.

18 **RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

19          Larian incorporates by reference his General Response and General

20 Objections above, as though fully set forth herein and specifically incorporates

21 General Objection Nos. 12-13 (regarding Definitions), including but not limited to

22 his objections to the definition of "BRYANT'S BRATZ DESIGNS" on the grounds

23 that Mattel's definition of the term is overly broad and renders the request vague and

24 ambiguous.   Larian interprets the term "DESIGN" as it is commonly used and

25 understood. Larian further objects to the use of the terms "valuable" and "property"

26 as vague and ambiguous. Larian interprets the terms "valuable" and "property" as

27 they are commonly used and understood.

28          Subject to and without waiving the foregoing general and specific

20

LARIAN'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT  4  PAGE 201

1  objections, Larian responds as follows to the request:

2  Larian denies that Bryant's drawings of characters that he called "Bratz"

3  made prior to entering an agreement with MGA were "valuable property" at the time

4  of the Assignment Agreement, except admits that Bryant's ideas for a line of fashion

5  dolls that he called "Bratz" could, after the successful introduction and growing

6  success of the Bratz line, which were predominantly the result of substantial

7  investment, development, and marketing by MGA, be considered in hindsight to

8  have been valuable at the time of the Assignment Agreement.

9

10  **REQUEST FOR ADMISSION NO. 16:**

11  Admit that BRYANT'S BRATZ DESIGNS were not valuable property

12  at the time of the ASSIGNMENT AGREEMENT.

13  **RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

14  Larian incorporates by reference his General Response and General

15  Objections above, as though fully set forth herein and specifically incorporates

16  General Objection Nos. 12-13 (regarding Definitions), including but not limited to

17  his objections to the definition of "BRYANT'S BRATZ DESIGNS" on the grounds

18  that Mattel's definition of the term is overly broad and renders the request vague and

19  ambiguous.  Larian interprets the term "DESIGN" as it is commonly used and

20  understood.  Larian further objects to the use of the terms "valuable" and "property"

21  as vague and ambiguous.  Larian interprets the terms "valuable" and "property" as

22  they are commonly used and understood.

23  Subject to and without waiving the foregoing general and specific

24  objections, Larian responds as follows to the request:

25  Due to the overbroad and confusing nature of the Request as a

26  consequence of Mattel's definitions, Larian states that he cannot "admit" or "deny"

27  this Request in a manner that would provide an accurate statement of Larian's

28  position that could not be used by Mattel to try to mislead the jury.  In lieu thereof,

21

LARIAN'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT _4_ PAGE _202_

1   Larian responds as follows: Larian admits that Bryant's drawings of characters that
2   he called "Bratz" made prior to entering an agreement with MGA were not "valuable
3   property" at the time of the Assignment Agreement, and states further that Bryant's
4   ideas for a line of fashion dolls that he called "Bratz" could, after the successful
5   introduction and growing success of the Bratz line, which were predominantly the
6   result of substantial investment, development, and marketing by MGA, be
7   considered in hindsight to have been valuable at the time of the Assignment
8   Agreement.
9

10   **REQUEST FOR ADMISSION NO. 17:**
11   Admit that BRYANT'S BRATZ IDEAS are valuable property.
12   **RESPONSE TO REQUEST FOR ADMISSION NO. 17:**
13   Larian incorporates by reference his General Response and General
14   Objections above, as though fully set forth herein and specifically incorporates
15   General Objection Nos. 12-13 (regarding Definitions), including but not limited to
16   his objections to the definition of "BRYANT'S BRATZ IDEAS" on the grounds that
17   Mattel's definition of the term is overly broad and renders the request vague and
18   ambiguous.   Larian interprets the term "IDEA" as it is commonly used and
19   understood.  Larian further objects to the use of the terms "valuable" and "property"
20   as vague and ambiguous.
21   Subject to and without waiving the foregoing general and specific
22   objections, Larian responds as follows to the request:
23   Larian denies that Bryant's ideas for a line of fashion dolls that he
24   called "Bratz" are "valuable property", in that once Bryant's ideas were publicly
25   disclosed, they entered the public domain.
26

27   **REQUEST FOR ADMISSION NO. 18:**
28   Admit that BRYANT'S BRATZ IDEAS are not valuable property.

EXHIBIT _4_ PAGE _203_

**RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

Larian incorporates by reference his General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection Nos. 12-13 (regarding Definitions), including but not limited to his objections to the definition of "BRYANT'S BRATZ IDEAS" on the grounds that Mattel's definition of the term is overly broad and renders the request vague and ambiguous.   Larian interprets the term "IDEA" as it is commonly used and understood.  Larian further objects to the use of the terms "valuable" and "property" as vague and ambiguous.  Larian interprets "valuable" and "property" as those terms are commonly used and understood.

Subject to and without waiving the foregoing general and specific objections, Larian responds as follows to the request:

Due to the overbroad and confusing nature of the Request as a consequence of Mattel's definitions, Larian states that he cannot "admit" or "deny" this Request in a manner that would provide an accurate statement of Larian's position that could not be used by Mattel to try to mislead the jury.  In lieu thereof, Larian responds as follows: Larian admits that Bryant's ideas for a line of fashion dolls that he called "Bratz" are not "valuable property," and states further that Bryant's ideas for a line of fashion dolls that he called "Bratz" could, after the successful introduction and growing success of the Bratz line, which were predominantly the result of substantial investment, development, and marketing by MGA, be considered in hindsight to have been valuable at the time of the Assignment Agreement.

**REQUEST FOR ADMISSION NO. 19:**

Admit that BRYANT'S BRATZ IDEAS were valuable property at the time of the ASSIGNMENT AGREEMENT.

23

EXHIBIT 4  PAGE 204

**RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

1 

2          Larian incorporates by reference his General Response and General

3 Objections above, as though fully set forth herein and specifically incorporates

4 General Objection Nos. 12-13 (regarding Definitions), including but not limited to

5 his objections to the definition of "BRYANT'S BRATZ IDEAS" on the grounds that

6 Mattel's definition of the term is overly broad and renders the request vague and

7 ambiguous.   Larian interprets the term "IDEA" as it is commonly used and

8 understood.  Larian further objects to the use of the terms "valuable" and "property"

9 as vague and ambiguous.

10          Subject to and without waiving the foregoing general and specific

11 objections, Larian responds as follows to the request:

12          Larian denies that Bryant's ideas for a line of fashion dolls that he called

13 "Bratz" were "valuable property" at the time of the Assignment Agreement, except

14 admits that Bryant's ideas for a line of fashion dolls that he called "Bratz" could,

15 after the successful introduction and growing success of the Bratz line, which were

16 predominantly the result of substantial investment, development, and marketing by

17 MGA, be considered in hindsight to have been valuable at the time of the

18 Assignment Agreement.

19

20 **REQUEST FOR ADMISSION NO. 20:**

21          Admit that BRYANT'S BRATZ IDEAS were not valuable property at

22 the time of the ASSIGNMENT AGREEMENT.

23 **RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

24          Larian incorporates by reference his General Response and General

25 Objections above, as though fully set forth herein and specifically incorporates

26 General Objection Nos. 12-13 (regarding Definitions), including but not limited to

27 his objections to the definition of "BRYANT'S BRATZ IDEAS" on the grounds that

28 Mattel's definition of the term renders the request vague and ambiguous.  Larian

24

LARIAN'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT _4_ PAGE _205_

1  interprets the term "IDEA" as it is commonly used and understood.  Larian further

2  objects to the use of the terms "valuable" and "property" as vague and ambiguous.

3  Larian interprets "valuable" and "property" as those terms are commonly used and

4  understood.

5          Subject to and without waiving the foregoing general and specific

6  objections, Larian responds as follows to the request:

7          Due to the overbroad and confusing nature of the Request as a

8  consequence of Mattel's definitions, Larian states that he cannot "admit" or "deny"

9  this Request in a manner that would provide an accurate statement of Larian's

10  position that could not be used by Mattel to try to mislead the jury.  In lieu thereof,

11  Larian responds as follows: Larian admits that Bryant's ideas for a line of fashion

12  dolls that he called "Bratz" could, after the successful introduction and growing

13  success of the Bratz line, which were predominantly the result of substantial

14  investment, development, and marketing by MGA, be considered in hindsight to

15  have been valuable at the time of the Assignment Agreement.

16

17  **REQUEST FOR ADMISSION NO. 21:**

18          Admit that rights to BRYANT'S BRATZ DESIGNS were assigned to

19  MGA in the ASSIGNMENT AGREEMENT.

20  **RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

21          Larian incorporates by reference his General Response and General

22  Objections above, as though fully set forth herein and specifically incorporates

23  General Objection Nos. 12-13 (regarding Definitions), including but not limited to

24  his objections to the definitions of "BRYANT'S BRATZ DESIGNS" and "MGA" on

25  the grounds that Mattel's definitions of the terms render the request vague and

26  ambiguous.  Larian interprets the term "DESIGN" in accordance with its generally

27  accepted meaning.

28          Subject to and without waiving the foregoing general and specific

25

LARIAN'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT 4 PAGE 206

1  objections, Larian responds as follows to the request:

2          Larian denies that rights to "BRYANT'S BRATZ DESIGNS" were

3  assigned to MGA in the Assignment Agreement, except admits that in the

4  Assignment Agreement, Bryant assigned to MGA any copyright rights that he may

5  have possessed in his drawings of characters that he called "Bratz." With respect to

6  design patent law, Larian denies that Bryant assigned any such rights to MGA in the

7  Assignment Agreement.  In this connection, Larian further asserts that Bryant had no

8  design patent rights that he could assign, because to the extent that Bryant's two-

9  dimensional drawings could have suggested or be considered the conception of a

10 potential three-dimensional design, such three-dimensional design would not have

11 been sufficiently original to qualify for design patent protection.  Larian further

12 asserts that the actual three-dimensional shapes of any of MGA's Bratz do not

13 resemble, and are not substantially similar to, the three-dimensional design that could

14 be considered to have been suggested by Bryant's two-dimensional drawings.

15

16 **REQUEST FOR ADMISSION NO. 22:**

17          Admit that rights to BRYANT'S BRATZ DESIGNS were not assigned

18 to MGA in the ASSIGNMENT AGREEMENT.

19 **RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

20          Larian incorporates by reference his General Response and General

21 Objections above, as though fully set forth herein and specifically incorporates

22 General Objection Nos. 12-13 (regarding Definitions), including but not limited to

23 his objections to the definitions of "BRYANT'S BRATZ DESIGNS" and "MGA" on

24 the grounds that Mattel's definitions of the terms render the request vague and

25 ambiguous.  Larian interprets the term "DESIGN" in accordance with its generally

26 accepted meaning.

27          Subject to and without waiving the foregoing general and specific

28 objections, Larian responds as follows to the request:

26

LARIAN'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT _4_ PAGE _207_

1        Due to the overbroad and confusing nature of the Request as a
2  consequence of Mattel's definitions, Larian states that he cannot "admit" or "deny"
3  this Request in a manner that would provide an accurate statement of Larian's
4  position that could not be used by Mattel to try to mislead the jury.  In lieu thereof,
5  Larian responds as follows: Larian admits that in the Assignment Agreement, Bryant
6  assigned to MGA any copyright rights that he may have possessed in his drawings of
7  characters that he called "Bratz."  With respect to design patent law, Larian denies
8  that Bryant assigned any such rights to MGA in the Assignment Agreement.  In this
9  connection, Larian further asserts that Bryant had no design patent rights that he
10  could assign, because to the extent that Bryant's two-dimensional drawings could
11  have suggested or be considered the conception of a potential three-dimensional
12  design, such three-dimensional design would not have been sufficiently original to
13  qualify for design patent protection.  Larian further asserts that the actual three-
14  dimensional shapes of any of MGA's Bratz do not resemble, and are not substantially
15  similar to, the three-dimensional design that could be considered to have been
16  suggested by Bryant's two-dimensional drawings.
17
18  **REQUEST FOR ADMISSION NO. 23:**
19        Admit that rights to BRYANT'S BRATZ IDEAS were assigned to
20  MGA in the ASSIGNMENT AGREEMENT.
21  **RESPONSE TO REQUEST FOR ADMISSION NO. 23:**
22        Larian incorporates by reference his General Response and General
23  Objections above, as though fully set forth herein and specifically incorporates
24  General Objection Nos. 12-13 (regarding Definitions), including but not limited to
25  his objections to the definitions of "BRYANT'S BRATZ IDEAS" and "MGA" on the
26  grounds that Mattel's definitions of the terms render the request vague and
27  ambiguous.  Larian interprets the term "IDEA" as it is commonly used and
28  understood.

27

EXHIBIT _4_ PAGE _208_

1           Subject to and without waiving the foregoing general and specific

2   objections, Larian responds as follows to the request:

3           Larian denies that rights to "BRYANT'S BRATZ IDEAS" were

4   assigned to MGA in the Assignment Agreement, except admits that Bryant assigned

5   to MGA any rights that he may have possessed in the idea for a line of fashion dolls

6   that he called "Bratz."

7

8   **REQUEST FOR ADMISSION NO. 24:**

9           Admit that rights to BRYANT'S BRATZ IDEAS were not assigned to

10  MGA in the ASSIGNMENT AGREEMENT.

11  **RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

12          Larian incorporates by reference his General Response and General

13  Objections above, as though fully set forth herein and specifically incorporates

14  General Objection Nos. 12-13 (regarding Definitions), including but not limited to

15  his objections to the definitions of "BRYANT'S BRATZ IDEAS" and "MGA" on the

16  grounds that Mattel's definitions of the terms are overly broad and renders the

17  request vague and ambiguous.  Larian interprets the term "IDEA" as it is commonly

18  used and understood.

19          Subject to and without waiving the foregoing general and specific

20  objections, Larian responds as follows to the request:

21          Due to the overly broad and confusing nature of the Request as a

22  consequence of Mattel's definitions, Larian states that he cannot "admit" or "deny"

23  this Request in a manner that would provide an accurate statement of Larian's

24  position that could not be used by Mattel to try to mislead the jury.  In lieu thereof,

25  Larian responds as follows: Larian admits that Bryant assigned to MGA any rights

26  that he may have possessed in the idea for a line of fashion dolls that he called

27  "Bratz."

28

28

LARIAN'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT _4_ PAGE _209_

1 **REQUEST FOR ADMISSION NO. 25:**

2         Admit that BRYANT assigned all rights to BRATZ to MGA in the

3 ASSIGNMENT AGREEMENT.

4 **RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

5         Larian incorporates by reference his General Response and General

6 Objections above, as though fully set forth herein and specifically incorporates

7 General Objection Nos. 12-13 (regarding Definitions), including but not limited to

8 his objections to the definitions of "BRATZ" and "MGA" on the grounds that

9 Mattel's definitions of the terms are overly broad and renders the request vague and

10 ambiguous. Larian further objects to the use of the term "all rights" as vague,

11 ambiguous, and overly broad. Larian interprets the term "all rights" to mean all

12 intellectual property rights, including copyright, trademark, design patent, and utility

13 patent.

14         Subject to and without waiving the foregoing general and specific

15 objections, Larian responds as follows to the request:

16         Larian denies that Bryant assigned "all rights" to Bratz to MGA in the

17 Assignment Agreement, except admits that in the Assignment Agreement, Bryant

18 assigned to MGA any copyright rights that he may have possessed in his drawings of

19 characters that he called "Bratz." With respect to design patent law, Larian denies

20 that Bryant assigned any such rights to MGA in the Assignment Agreement. In this

21 connection, Larian further asserts that Bryant had no design patent rights that he

22 could assign, because to the extent that Bryant's two-dimensional drawings could

23 have suggested or be considered the conception of a potential three-dimensional

24 design, such three-dimensional design would not have been sufficiently original to

25 qualify for design patent protection. Larian further asserts that the actual three-

26 dimensional shapes of any of MGA's Bratz do not resemble, and are not substantially

27 similar to, the three-dimensional design that could be considered to have been

28 suggested by Bryant's two-dimensional drawings.

29

LARIAN'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT _4_ PAGE _210_

**REQUEST FOR ADMISSION NO. 26:**

Admit that BRYANT did not assign all rights to BRATZ to MGA in the ASSIGNMENT AGREEMENT.

**RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

Larian incorporates by reference his General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection Nos. 12-13 (regarding Definitions), including but not limited to his objections to the definition of the terms "BRATZ" and "MGA" on the grounds that Mattel's definitions of the terms are overly broad and renders the request vague and ambiguous. Larian further objects to the use of the term "all rights" as vague, ambiguous, and overly broad. Larian interprets the term "all rights" to mean all intellectual property rights, including copyright, trademark, design patent, and utility patent.

Subject to and without waiving the foregoing general and specific objections, Larian responds as follows to the request:

Due to the overbroad and confusing nature of the Request as a consequence of Mattel's definitions, Larian states that he cannot "admit" or "deny" this Request in a manner that would provide an accurate statement of Larian's position that could not be used by Mattel to try to mislead the jury. In lieu thereof, Larian responds as follows: Larian admits that in the Assignment Agreement, Bryant assigned to MGA any copyright rights that he may have possessed in his drawings of characters that he called "Bratz." With respect to design patent law, Larian denies that Bryant assigned any such rights to MGA in the Assignment Agreement. In this connection, Larian further asserts that Bryant had no design patent rights that he could assign, because to the extent that Bryant's two-dimensional drawings could have suggested or be considered the conception of a potential three-dimensional design, such three-dimensional design would not have been sufficiently original to

30

LARIAN'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT 4 PAGE 211

1  qualify for design patent protection.  Larian further asserts that the actual three-
2  dimensional shapes of any of MGA's Bratz do not resemble, and are not substantially
3  similar to, the three-dimensional design that could be considered to have been
4  suggested by Bryant's two-dimensional drawings.
5
6  **REQUEST FOR ADMISSION NO. 27:**
7      Admit that BRYANT assigned at least some rights to BRATZ to MGA
8  in the ASSIGNMENT AGREEMENT.
9  **RESPONSE TO REQUEST FOR ADMISSION NO. 27:**
10      Larian incorporates by reference his General Response and General
11  Objections above, as though fully set forth herein and specifically incorporates
12  General Objection Nos. 12-13 (regarding Definitions), including but not limited to
13  his objections to the definition of the terms "BRATZ" and "MGA" on the grounds
14  that Mattel's definitions of the terms are overly broad and renders the request vague
15  and ambiguous.  Larian further objects to the use of the term "some rights" as vague,
16  ambiguous, and overly broad.  Larian interprets the term "some rights" to mean
17  intellectual property rights, including copyright, trademark, design patent, and utility
18  patent.
19      Subject to and without waiving the foregoing general and specific
20  objections, Larian responds as follows to the request:
21      Larian denies that Bryant assigned "some rights" to Bratz to MGA in
22  the Assignment Agreement, except Larian admits that in the Assignment Agreement,
23  Bryant assigned to MGA any copyright rights that he may have possessed in his
24  drawings of characters that he called "Bratz." With respect to design patent law,
25  Larian denies that Bryant assigned any such rights to MGA in the Assignment
26  Agreement.  In this connection, Larian further asserts that Bryant had no design
27  patent rights that he could assign, because to the extent that Bryant's two-
28  dimensional drawings could have suggested or be considered the conception of a

LARIAN'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

I

EXHIBIT 4 PAGE 2/2

1  potential three-dimensional design, such three-dimensional design would not have

2  been sufficiently original to qualify for design patent protection.  Larian further

3  asserts that the actual three-dimensional shapes of any of MGA's Bratz do not

4  resemble, and are not substantially similar to, the three-dimensional design that could

5  be considered to have been suggested by Bryant's two-dimensional drawings.

6

7  **REQUEST FOR ADMISSION NO. 28:**

8        Admit that BRYANT did not assign any rights to BRATZ to MGA in

9  the ASSIGNMENT AGREEMENT.

10  **RESPONSE TO REQUEST FOR ADMISSION NO. 28:**

11        Larian incorporates by reference his General Response and General

12  Objections above, as though fully set forth herein and specifically incorporates

13  General Objection Nos. 12-13 (regarding Definitions), including but not limited to

14  his objections to the definition of the terms "BRATZ" and "MGA" on the grounds

15  that Mattel's definitions of the terms are overly broad and renders the request vague

16  and ambiguous.   Larian further objects to the use of the term "some rights" as vague,

17  ambiguous, and overly broad.  Larian interprets the term "some rights" to mean

18  intellectual property rights, including copyright, trademark, design patent, and utility

19  patent.

20        Subject to and without waiving the foregoing general and specific

21  objections, Larian responds as follows to the request:

22        Due to the overbroad and confusing nature of the Request as a

23  consequence of Mattel's definitions, Larian states that he cannot "admit" or "deny"

24  this Request in a manner that would provide an accurate statement of Larian's

25  position that could not be used by Mattel to try to mislead the jury.  In lieu thereof,

26  Larian responds as follows: Larian admits that in the Assignment Agreement, Bryant

27  assigned to MGA any copyright rights that he may have possessed in his drawings of

28  characters that he called "Bratz." With respect to design patent law, Larian denies

32

EXHIBIT _4_ PAGE _213_

1 that Bryant assigned any such rights to MGA in the Assignment Agreement. In this

2 connection, Larian further asserts that Bryant had no design patent rights that he

3 could assign, because to the extent that Bryant's two-dimensional drawings could

4 have suggested or be considered the conception of a potential three-dimensional

5 design, such three-dimensional design would not have been sufficiently original to

6 qualify for design patent protection. Larian further asserts that the actual three-

7 dimensional shapes of any of MGA's Bratz do not resemble, and are not substantially

8 similar to, the three-dimensional design that could be considered to have been

9 suggested by Bryant's two-dimensional drawings.

10

11 **REQUEST FOR ADMISSION NO. 29:**

12     Admit that David Rosenbaum acted as an authorized agent of MGA in

13 the year 2000 insofar as he performed services RELATING TO the ASSIGNMENT

14 AGREEMENT.

15 **RESPONSE TO REQUEST FOR ADMISSION NO. 29:**

16     Larian incorporates by reference his General Response and General

17 Objections above, as though fully set forth herein and specifically incorporates

18 General Objection Nos. 12-13 (regarding Definitions), including but not limited to

19 his objections to the definition of the terms "MGA" and "RELATING TO" on the

20 grounds that Mattel's definitions of the terms are overly broad and renders the

21 request vague and ambiguous. Larian further objects to the term "authorized agent"

22 as vague and ambiguous. Larian further objects to this request to the extent that it

23 calls for the disclosure of information protected by the attorney-client privilege, the

24 work product doctrine, the joint defense privilege and/or the common interest

25 privilege.

26     Subject to and without waiving the foregoing general and specific

27 objections, Larian responds as follows to the request:

28     DENIED. Larian admits that MGA retained David Rosenbaum in 2000

33

LARIAN'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT _4_ PAGE _214_

1 to perform legal services for MGA in connection with the "ASSIGNMENT

2 AGREEMENT."

3

4 **REQUEST FOR ADMISSION NO. 30:**

5          Admit that David Rosenbaum did not act as an authorized agent of

6 MGA in the year 2000 insofar as he performed services RELATING TO the

7 ASSIGNMENT AGREEMENT.

8 **RESPONSE TO REQUEST FOR ADMISSION NO. 30:**

9          Larian incorporates by reference his General Response and General

10 Objections above, as though fully set forth herein and specifically incorporates

11 General Objection Nos. 12-13 (regarding Definitions), including but not limited to

12 his objections to the definition of the terms "MGA" and "RELATING TO" on the

13 grounds that Mattel's definitions of the terms are overly broad and renders the

14 request vague and ambiguous.  Larian further objects to the term "authorized agent"

15 as vague and ambiguous.  Larian further objects to this request to the extent that it

16 calls for the disclosure of information protected by the attorney-client privilege, the

17 work product doctrine, the joint defense privilege and/or the common interest

18 privilege.

19          Subject to and without waiving the foregoing general and specific

20 objections, Larian responds as follows to the request:

21          DENIED.  Larian admits that MGA retained David Rosenbaum in 2000

22 to perform legal services for MGA in connection with the "ASSIGNMENT

23 AGREEMENT."

24

25 **REQUEST FOR ADMISSION NO. 31:**

26          Admit that David Rosenbaum acted as an authorized agent of MGA in

27 the year 2000 insofar as he performed services RELATING TO BRYANT.

28

LARIAN'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT __4__ PAGE 215

1  **RESPONSE TO REQUEST FOR ADMISSION NO. 31:**

2         Larian incorporates by reference his General Response and General

3  Objections above, as though fully set forth herein and specifically incorporates

4  General Objection Nos. 12-13 (regarding Definitions), including but not limited to

5  his objections to the definition of the terms "MGA" and "RELATING TO" on the

6  grounds that Mattel's definitions of the terms are overly broad and renders the

7  request vague and ambiguous.   Larian further objects on the grounds that the term

8  "authorized agent" is vague and ambiguous.  Larian further objects to this request to

9  the extent that it calls for the disclosure of information protected by the attorney-

10 client privilege, the work product doctrine, the joint defense privilege and/or the

11 common interest privilege.

12        Subject to and without waiving the foregoing general and specific

13 objections, Larian responds as follows to the request:

14        DENIED.  Larian admits that MGA retained David Rosenbaum in 2000

15 to perform legal services for MGA in connection with the "ASSIGNMENT

16 AGREEMENT."

17

18 **REQUEST FOR ADMISSION NO. 32:**

19        Admit that David Rosenbaum did not act as an authorized agent of

20 MGA in the year 2000 insofar as he performed services RELATING TO BRYANT.

21 **RESPONSE TO REQUEST FOR ADMISSION NO. 32:**

22        Larian incorporates by reference his General Response and General

23 Objections above, as though fully set forth herein and specifically incorporates

24 General Objection Nos. 12-13 (regarding Definitions), including but not limited to

25 his objections to the definition of the terms "MGA" and "RELATING TO" on the

26 grounds that Mattel's definitions of the terms are overly broad and renders the

27 request vague and ambiguous.  Larian further objects on the grounds that the term

28 "authorized agent" is vague and ambiguous.  Larian further objects to this request to

LARIAN'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT _4_ PAGE _216_

1  the extent that it calls for the disclosure of information protected by the attorney-

2  client privilege, the work product doctrine, the joint defense privilege and/or the

3  common interest privilege.

4        Subject to and without waiving the foregoing general and specific

5  objections, Larian responds as follows to the request:

6        DENIED.  Larian admits that MGA retained David Rosenbaum in 2000

7  to perform legal services for MGA in connection with the "ASSIGNMENT

8  AGREEMENT."

9

10 **REQUEST FOR ADMISSION NO. 33:**

11       Admit that David Rosenbaum acted as an authorized agent of MGA in

12 the year 2000 insofar as he performed services RELATING TO BRATZ.

13 **RESPONSE TO REQUEST FOR ADMISSION NO. 33:**

14       Larian incorporates by reference his General Response and General

15 Objections above, as though fully set forth herein and specifically incorporates

16 General Objection Nos. 12-13 (regarding Definitions), including but not limited to

17 his objections to the definition of the terms "MGA," "RELATING TO"  and

18 "BRATZ" on the grounds that Mattel's definitions of the terms are overly broad and

19 renders the request vague and ambiguous.  Larian further objects on the grounds that

20 the term "authorized agent" is vague and ambiguous.  Larian further objects to this

21 request to the extent that it calls for the disclosure of information protected by the

22 attorney-client privilege, the work product doctrine, the joint defense privilege

23 and/or the common interest privilege.

24       Subject to and without waiving the foregoing general and specific

25 objections, Larian responds as follows to the request:

26       DENIED.  Larian admits that MGA retained David Rosenbaum in 2000

27 to perform legal services for MGA in connection with the "ASSIGNMENT

28 AGREEMENT."

36

LARIAN'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT __4__ PAGE _217_

1

2 **REQUEST FOR ADMISSION NO. 34:**

3        Admit that David Rosenbaum did not act as an authorized agent of

4 MGA in the year 2000 insofar as he performed services RELATING TO BRATZ.

5 **RESPONSE TO REQUEST FOR ADMISSION NO. 34:**

6        Larian incorporates by reference his General Response and General

7 Objections above, as though fully set forth herein and specifically incorporates

8 General Objection Nos. 12-13 (regarding Definitions), including but not limited to

9 his objections to the definition of the terms "MGA," "RELATING TO" and

10 "BRATZ" on the grounds that Mattel's definitions of the terms are overly broad and

11 renders the request vague and ambiguous.  Larian further objects on the grounds that

12 the term "authorized agent" is vague and ambiguous.  Larian further objects to this

13 request to the extent that it calls for the disclosure of information protected by the

14 attorney-client privilege, the work product doctrine, the joint defense privilege

15 and/or the common interest privilege.

16        Subject to and without waiving the foregoing general and specific

17 objections, Larian responds as follows to the request:

18        DENIED.  Larian admits that MGA retained David Rosenbaum in 2000

19 to perform legal services for MGA in connection with the "ASSIGNMENT

20 AGREEMENT."

21

22 **REQUEST FOR ADMISSION NO. 35:**

23        Admit that David Rosenbaum did not act as an authorized agent of

24 MGA in the year 2000 in any capacity.

25 **RESPONSE TO REQUEST FOR ADMISSION NO. 35:**

26        Larian incorporates by reference his General Response and General

27 Objections above, as though fully set forth herein and specifically incorporates

28 General Objection Nos. 12-13 (regarding Definitions), including but not limited to

37

EXHIBIT  4  PAGE  218

1  his objections to the definition of the term "MGA."  Larian further objects on the

2  grounds that the term "authorized agent" is vague and ambiguous.  Larian further

3  objects to this request to the extent that it calls for the disclosure of information

4  protected by the attorney-client privilege, the work product doctrine, the joint

5  defense privilege and/or the common interest privilege.

6          Subject to and without waiving the foregoing general and specific

7  objections, Larian responds as follows to the request:

8          DENIED.  Larian admits that MGA retained David Rosenbaum in 2000

9  to perform legal services for MGA in connection with the "ASSIGNMENT

10  AGREEMENT."

11

12  **REQUEST FOR ADMISSION NO. 36:**

13          Admit that MGA did not conduct any focus group testing RELATING

14  TO BRATZ prior to March 2001.

15  **RESPONSE TO REQUEST FOR ADMISSION NO. 36:**

16          Larian incorporates by reference his General Response and General

17  Objections above, as though fully set forth herein and specifically incorporates

18  General Objection Nos. 12-13 (regarding Definitions), including but not limited to

19  his objections to the definition of the terms "MGA," "RELATING TO" and

20  "BRATZ."  Larian objects that the definition is "Bratz" is overly broad so as to

21  render the request vague and ambiguous.  In responding to this request, Larian

22  interprets the term "BRATZ" to mean the line of dolls introduced by MGA to the

23  market for sale in May or June of 2001 and subsequent dolls, accessories and other

24  products known as Bratz or associated by MGA with the Bratz line of dolls.  Larian

25  further objects on the grounds that the undefined term "focus group" is vague and

26  ambiguous.  In responding to this request, Larian interprets the term "focus group" to

27  mean "a small group selected from a wider population and sampled, as by open

28  discussion, for its members' opinions about or emotional response to a particular

38

EXHIBIT 4 PAGE 219

1  subject or area, used especially in market research or political analysis." *American*

2  *Heritage Dictionary of the English Language,* 4th edition (2000).  Larian further

3  objects that the request is vague, ambiguous and overly broad in that it refers to

4  focus groups "RELATING TO" Bratz.

5       Subject to and without waiving the foregoing general and specific

6  objections, Larian responds as follows to the request:

7       DENIED as stated.  Larian denies that MGA conducted any formal

8  focus group testing of Bratz dolls prior to March 2001 and specifically denies that

9  MGA conducted any focus group testing (formal or informal) during that time period

10  that involved a three-dimensional depiction of a Bratz doll.  Larian admits that, prior

11  to March 2001 and possibly as early as December 2000, MGA informally assembled

12  a group of children to solicit, possibly with the aid of drawings provided by Carter

13  Bryant, their opinions on the idea of a line of dolls that would be called "Bratz" and

14  with respect to certain features of such a potential doll line that were depicted in

15  those drawings, including for example a removable hair mechanism.  It is also

16  possible that prior to March 2001, the opinions of one or more children and MGA

17  employees were solicited on one or more aspects of what later became the Bratz line

18  of dolls that was introduced to market in May or June of 2001, but Larian

19  specifically denies that any such informal discussions involved any three-

20  dimensional depiction of a Bratz doll.

21

22  **REQUEST FOR ADMISSION NO. 37:**

23       Admit that MGA did conduct focus group testing RELATING TO

24  BRATZ prior to March 2001.

25  **RESPONSE TO REQUEST FOR ADMISSION NO. 37:**

26       Larian incorporates by reference his General Response and General

27  Objections above, as though fully set forth herein and specifically incorporates

28  General Objection Nos. 12-13 (regarding Definitions), including but not limited to

39

LARIAN'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT 4 PAGE 220