1  his objections to the definition of the terms "MGA," "RELATING TO" and

2  "BRATZ." Larian objects that the definition is "Bratz" is overly broad so as to

3  render the request vague and ambiguous. In responding to this request, Larian

4  interprets the term "BRATZ" to mean the line of dolls introduced by MGA to the

5  market for sale in May or June of 2001 and subsequent dolls, accessories and other

6  products known as Bratz or associated by MGA with the Bratz line of dolls. Larian

7  further objects on the grounds that the undefined term "focus group" is vague and

8  ambiguous. In responding to this request, Larian interprets the term "focus group" to

9  mean "a small group selected from a wider population and sampled, as by open

10  discussion, for its members' opinions about or emotional response to a particular

11  subject or area, used especially in market research or political analysis." *American*

12  *Heritage Dictionary of the English Language,* 4th edition (2000). Larian further

13  objects that the request is vague, ambiguous and overly broad in that it refers to

14  focus groups "RELATING TO" Bratz.

15      Subject to and without waiving the foregoing general and specific

16  objections, Larian responds as follows to the request:

17      DENIED as stated. Larian denies that MGA conducted any formal

18  focus group testing of Bratz dolls prior to March 2001 and specifically denies that

19  MGA conducted any focus group testing (formal or informal) during that time period

20  that involved a three-dimensional depiction of a Bratz doll. Larian admits that, prior

21  to March 2001 and possibly as early as December 2000, MGA informally assembled

22  a group of children to solicit, possibly with the aid of drawings provided by Carter

23  Bryant, their opinions on the idea of a line of dolls that would be called "Bratz" and

24  with respect to certain features of such a potential doll line that were depicted in

25  those drawings, including for example a removable hair mechanism. It is also

26  possible that prior to March 2001, the opinions of one or more children and MGA

27  employees were solicited on one or more aspects of what later became the Bratz line

28  of dolls that was introduced to market in May or June of 2001, but Larian

40

LARIAN'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT 4 PAGE 221

1  specifically denies that any such informal discussions involved any three-

2  dimensional depiction of a Bratz doll.

3

4  **REQUEST FOR ADMISSION NO. 38:**

5        Admit that MGA did not conduct any focus group testing RELATING

6  TO BRATZ in the year 2000.

7  **RESPONSE TO REQUEST FOR ADMISSION NO. 38:**

8        Larian incorporates by reference his General Response and General

9  Objections above, as though fully set forth herein and specifically incorporates

10  General Objection Nos. 12-13 (regarding Definitions), including but not limited to

11  his objections to the definition of the terms "MGA," "RELATING TO" and

12  "BRATZ."  Larian objects that the definition is "Bratz" is overly broad so as to

13  render the request vague and ambiguous.  In responding to this request, Larian

14  interprets the term "BRATZ" to mean the line of dolls introduced by MGA to the

15  market for sale in May or June of 2001 and subsequent dolls, accessories and other

16  products known as Bratz or associated by MGA with the Bratz line of dolls.  Larian

17  further objects on the grounds that the undefined term "focus group" is vague and

18  ambiguous.  In responding to this request, Larian interprets the term "focus group" to

19  mean "a small group selected from a wider population and sampled, as by open

20  discussion, for its members' opinions about or emotional response to a particular

21  subject or area, used especially in market research or political analysis." *American*

22  *Heritage Dictionary of the English Language,* 4th edition (2000).  Larian further

23  objects that the request is vague, ambiguous and overly broad in that it refers to

24  focus groups "RELATING TO" Bratz.

25        Subject to and without waiving the foregoing general and specific

26  objections, Larian responds as follows to the request:

27        DENIED as stated.  Larian denies that MGA conducted any formal

28  focus group testing of Bratz dolls in the year 2000 and specifically denies that MGA

EXHIBIT 4 PAGE 222

1 | conducted any focus group testing (formal or informal) during that time period that
2 | involved a three-dimensional depiction of a Bratz doll.  Larian admits that, prior to
3 | March 2001 and possibly as early as December 2000, MGA informally assembled a
4 | group of children to solicit, possibly with the aid of drawings provided by Carter
5 | Bryant, their opinions on the idea of a line of dolls that would be called "Bratz" and
6 | with respect to certain features of such a potential doll line that were depicted in
7 | those drawings, including for example a removable hair mechanism.  It is also
8 | possible that in the year 2000, the opinions of one or more children and MGA
9 | employees were solicited on one or more aspects of what later became the Bratz line
10 | of dolls that was introduced to market in May or June of 2001, but Larian
11 | specifically denies that any such informal discussions involved any three-
12 | dimensional depiction of a Bratz doll.

13 |

14 | **REQUEST FOR ADMISSION NO. 39:**

15 | Admit that MGA did conduct focus group testing RELATING TO
16 | BRATZ in the year 2000.

17 | **RESPONSE TO REQUEST FOR ADMISSION NO. 39:**

18 | Larian incorporates by reference his General Response and General
19 | Objections above, as though fully set forth herein and specifically incorporates
20 | General Objection Nos. 12-13 (regarding Definitions), including but not limited to
21 | his objections to the definition of the terms "MGA," "RELATING TO" and
22 | "BRATZ."  Larian objects that the definition is "Bratz" is overly broad so as to
23 | render the request vague and ambiguous.  In responding to this request, Larian
24 | interprets the term "BRATZ" to mean the line of dolls introduced by MGA to the
25 | market for sale in May or June of 2001 and subsequent dolls, accessories and other
26 | products known as Bratz or associated by MGA with the Bratz line of dolls.  Larian
27 | further objects on the grounds that the undefined term "focus group" is vague and
28 | ambiguous.  In responding to this request, Larian interprets the term "focus group" to

LARIAN'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT _4_ PAGE _223_

1  mean "a small group selected from a wider population and sampled, as by open

2  discussion, for its members' opinions about or emotional response to a particular

3  subject or area, used especially in market research or political analysis." *American*

4  *Heritage Dictionary of the English Language,* 4th edition (2000).  Larian further

5  objects that the request is vague, ambiguous and overly broad in that it refers to

6  focus groups "RELATING TO" Bratz.

7          Subject to and without waiving the foregoing general and specific

8  objections, Larian responds as follows to the request:

9          DENIED as stated.  Larian denies that MGA conducted any formal

10  focus group testing of Bratz dolls in the year 2000 and specifically denies that MGA

11  conducted any focus group testing (formal or informal) during that time period that

12  involved a three-dimensional depiction of a Bratz doll.  Larian admits that, prior to

13  March 2001 and possibly as early as December 2000, MGA informally assembled a

14  group of children to solicit, possibly with the aid of drawings provided by Carter

15  Bryant, their opinions on the idea of a line of dolls that would be called "Bratz" and

16  with respect to certain features of such a potential doll line that were depicted in

17  those drawings, including for example a removable hair mechanism.  It is also

18  possible that in the year 2000, the opinions of one or more children and MGA

19  employees were solicited on one or more aspects of what later became the Bratz line

20  of dolls that was introduced to market in May or June of 2001, but Larian

21  specifically denies that any such informal discussions involved any three-

22  dimensional depiction of a Bratz doll.

23

24  **REQUEST FOR ADMISSION NO. 40:**

25          Admit that YOU have not produced any DOCUMENTS RELATING

26  TO focus group testing RELATING TO BRATZ which occurred prior to March

27  2001.

28

LARIAN'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT _4_ PAGE _224_

**RESPONSE TO REQUEST FOR ADMISSION NO. 40:**

Larian incorporates by reference his General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection Nos. 12-13 (regarding Definitions), including but not limited to his objections to the definition of the terms "YOU," "RELATING TO" and "BRATZ." Larian objects that the definition is "Bratz" is overly broad so as to render the request vague and ambiguous. In responding to this request, Larian interprets the term "BRATZ" to mean the line of dolls introduced by MGA to the market for sale in May or June of 2001 and subsequent dolls, accessories and other products known as Bratz or associated by MGA with the Bratz line of dolls. Larian further objects on the grounds that the undefined term "focus group" is vague and ambiguous. In responding to this request, Larian interprets the term "focus group" to mean "a small group selected from a wider population and sampled, as by open discussion, for its members' opinions about or emotional response to a particular subject or area, used especially in market research or political analysis." *American Heritage Dictionary of the English Language,* 4th edition (2000). Larian further objects that the request is vague, ambiguous and overly broad in that it refers to focus groups "RELATING TO" Bratz. Larian further objects to the request insofar as it seeks information that is, by reason Larian's production of documents to Mattel, already in Mattel's possession and is readily accessible to Mattel.

Subject to and without waiving the foregoing general and specific objections, Larian responds as follows to the request:

DENIED. Larian has made reasonable inquiry and the information known to or readily obtainable by Larian is insufficient to enable Larian to admit or deny the request and, on that basis, Larian denies the request. Larian has produced over 50,000 pages of documents in this action. Larian has conducted a search of those documents for documents described in this request and has been unable to locate any such documents. However, Larian reserves the right to use at trial any

44

EXHIBIT 4 PAGE 225

1  documents that he or any other party has produced or may later locate.

2

3  **REQUEST FOR ADMISSION NO. 41:**

4  Admit that YOU have produced one or more DOCUMENTS

5  RELATING TO focus group testing RELATING TO BRATZ which occurred prior

6  to March 2001.

7  **RESPONSE TO REQUEST FOR ADMISSION NO. 41:**

8  Larian incorporates by reference his General Response and General

9  Objections above, as though fully set forth herein and specifically incorporates

10  General Objection Nos. 12-13 (regarding Definitions), including but not limited to

11  his objections to the definition of the terms "YOU," "RELATING TO" and

12  "BRATZ."  Larian objects that the definition is "Bratz" is overly broad so as to

13  render the request vague and ambiguous.  In responding to this request, Larian

14  interprets the term "BRATZ" to mean the line of dolls introduced by MGA to the

15  market for sale in May or June of 2001 and subsequent dolls, accessories and other

16  products known as Bratz or associated by MGA with the Bratz line of dolls.  Larian

17  further objects on the grounds that the undefined term "focus group" is vague and

18  ambiguous.  In responding to this request, Larian interprets the term "focus group" to

19  mean "a small group selected from a wider population and sampled, as by open

20  discussion, for its members' opinions about or emotional response to a particular

21  subject or area, used especially in market research or political analysis." *American*

22  *Heritage Dictionary of the English Language,* 4th edition (2000).  Larian further

23  objects that the request is vague, ambiguous and overly broad in that it refers to

24  focus groups "RELATING TO" Bratz.  Larian further objects to the request insofar

25  as it seeks information that is, by reason Larian's production of documents to Mattel,

26  already in Mattel's possession and is readily accessible to Mattel.

27  Subject to and without waiving the foregoing general and specific

28  objections, Larian responds as follows to the request:

45

LARIAN'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT  4  PAGE  226

1    DENIED.  Larian has made reasonable inquiry and the information

2  known to or readily obtainable by Larian is insufficient to enable Larian to admit or

3  deny the request and, on that basis, Larian denies the request.  Larian has produced

4  over 50,000 pages of documents in this action.  Larian has conducted a search of

5  those documents for documents described in this request and has been unable to

6  locate any such documents.  However, Larian reserves the right to use at trial any

7  documents that he or any other party has produced or may later locate.

8

9  **REQUEST FOR ADMISSION NO. 42:**

10    Admit that YOU have not produced any DOCUMENTS RELATING

11  TO focus group testing RELATING TO BRATZ which occurred in the year 2000.

12  **RESPONSE TO REQUEST FOR ADMISSION NO. 42:**

13    Larian incorporates by reference his General Response and General

14  Objections above, as though fully set forth herein and specifically incorporates

15  General Objection Nos. 12-13 (regarding Definitions), including but not limited to

16  his objections to the definition of the terms "YOU," "RELATING TO" and

17  "BRATZ."  Larian objects that the definition is "Bratz" is overly broad so as to

18  render the request vague and ambiguous.  In responding to this request, Larian

19  interprets the term "BRATZ" to mean the line of dolls introduced by MGA to the

20  market for sale in May or June of 2001 and subsequent dolls, accessories and other

21  products known as Bratz or associated by MGA with the Bratz line of dolls.  Larian

22  further objects on the grounds that the undefined term "focus group" is vague and

23  ambiguous.  In responding to this request, Larian interprets the term "focus group" to

24  mean "a small group selected from a wider population and sampled, as by open

25  discussion, for its members' opinions about or emotional response to a particular

26  subject or area, used especially in market research or political analysis." *American*

27  *Heritage Dictionary of the English Language,* 4th edition (2000).  Larian further

28  objects that the request is vague, ambiguous and overly broad in that it refers to

46

LARIAN'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT  4  PAGE 227

1  focus groups "RELATING TO" Bratz.  Larian further objects to the request insofar
2  as it seeks information that is, by reason Larian's production of documents to Mattel,
3  already in Mattel's possession and is readily accessible to Mattel.

4      Subject to and without waiving the foregoing general and specific
5  objections, Larian responds as follows to the request:

6      DENIED.  Larian has made reasonable inquiry and the information
7  known to or readily obtainable by Larian is insufficient to enable Larian to admit or
8  deny the request and, on that basis, Larian denies the request.  Larian has produced
9  over 50,000 pages of documents in this action.  Larian has conducted a search of
10  those documents for documents described in this request and has been unable to
11  locate any such documents.  However, Larian reserves the right to use at trial any
12  documents that he or any other party has produced or may later locate.

13

14  **REQUEST FOR ADMISSION NO. 43:**

15      Admit that YOU have produced one or more DOCUMENTS
16  RELATING TO focus group testing RELATING TO BRATZ which occurred in the
17  year 2000.

18  **RESPONSE TO REQUEST FOR ADMISSION NO. 43:**

19      Larian incorporates by reference his General Response and General
20  Objections above, as though fully set forth herein and specifically incorporates
21  General Objection Nos. 12-13 (regarding Definitions), including but not limited to
22  his objections to the definition of the terms "YOU," "RELATING TO" and
23  "BRATZ."  Larian objects that the definition is "Bratz" is overly broad so as to
24  render the request vague and ambiguous.  In responding to this request, Larian
25  interprets the term "BRATZ" to mean the line of dolls introduced by MGA to the
26  market for sale in May or June of 2001 and subsequent dolls, accessories and other
27  products known as Bratz or associated by MGA with the Bratz line of dolls.  Larian
28  further objects on the grounds that the undefined term "focus group" is vague and

47

LARIAN'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT _4_ PAGE _228_

1 ambiguous.  In responding to this request, Larian interprets the term "focus group" to
2 mean "a small group selected from a wider population and sampled, as by open
3 discussion, for its members' opinions about or emotional response to a particular
4 subject or area, used especially in market research or political analysis." *American*
5 *Heritage Dictionary of the English Language,* 4th edition (2000).  Larian further
6 objects that the request is vague, ambiguous and overly broad in that it refers to
7 focus groups "RELATING TO" Bratz.  Larian further objects to the request insofar
8 as it seeks information that is, by reason Larian's production of documents to Mattel,
9 already in Mattel's possession and is readily accessible to Mattel.

10        Subject to and without waiving the foregoing general and specific
11 objections, Larian responds as follows to the request:

12        DENIED.  Larian has made reasonable inquiry and the information
13 known to or readily obtainable by Larian is insufficient to enable Larian to admit or
14 deny the request and, on that basis, Larian denies the request.  Larian has produced
15 over 50,000 pages of documents in this action.  Larian has conducted a search of
16 those documents for documents described in this request and has been unable to
17 locate any such documents.  However, Larian reserves the right to use at trial any
18 documents that he or any other party has produced or may later locate.

19

20 **REQUEST FOR ADMISSION NO. 44:**

21        Admit that the so-called "First Generation" BRATZ DOLLS marketed
22 by MGA and sold to the public in or about June 2001 were BASED ON one or more
23 of the BRATZ PITCH MATERIALS.

24 **RESPONSE TO REQUEST FOR ADMISSION NO. 44:**

25        Larian incorporates by reference his General Response and General
26 Objections above, as though fully set forth herein and specifically incorporates
27 General Objection Nos. 12-13 (regarding Definitions), including but not limited to
28 his objections to the definition of the terms "BRATZ DOLLS," "MGA," "BASED

LARIAN'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT 4 PAGE 229

1  ON" and "BRATZ PITCH MATERIALS."

2  Subject to and without waiving the foregoing general and specific

3  objections, Larian responds as follows to the request:

4  Due to the overly broad and confusing nature of the Request as a

5  consequence of Mattel's definitions, Larian states that he cannot "admit" or "deny"

6  this Request in a manner that would provide an accurate statement of Larian's

7  position that could not be used by Mattel to try to mislead the jury.  In lieu thereof,

8  Larian responds as follows: Larian denies that the "First Generation" Bratz dolls

9  were copies of, derivative of, or substantially similar to drawings and/or tangible

10  items that Bryant presented to MGA prior to entering into an Assignment Agreement

11  with MGA, except admits that the "First Generation" Bratz dolls were inspired by

12  Bryant's idea for a new line of fashion dolls called "Bratz" that he presented to MGA

13  prior to entering an Assignment Agreement with MGA.

14

15  **REQUEST FOR ADMISSION NO. 45:**

16  Admit that the so-called "First Generation" BRATZ DOLLS marketed

17  by MGA and sold to the public in or about June 2001 were not BASED ON any of

18  the BRATZ PITCH MATERIALS.

19  **RESPONSE TO REQUEST FOR ADMISSION NO. 45:**

20  Larian incorporates by reference his General Response and General

21  Objections above, as though fully set forth herein and specifically incorporates

22  General Objection Nos. 12-13 (regarding Definitions), including but not limited to

23  his objections to the definition of the terms "BRATZ DOLLS," "MGA," "BASED

24  ON" and "BRATZ PITCH MATERIALS."

25  Subject to and without waiving the foregoing general and specific

26  objections, Larian responds as follows to the request:

27  Due to the overly broad and confusing nature of the Request as a

28  consequence of Mattel's definitions, Larian states that he cannot "admit" or "deny"

LARIAN'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT 4 PAGE 230

1  this Request in a manner that would provide an accurate statement of Larian's

2  position that could not be used by Mattel to try to mislead the jury.  In lieu thereof,

3  Larian responds as follows: Larian denies that the "First Generation" Bratz dolls

4  were copies of, derivative of, or substantially similar to drawings and/or tangible

5  items that Bryant presented to MGA prior to entering into an Assignment Agreement

6  with MGA, except admits that the "First Generation" Bratz dolls were inspired by

7  Bryant's idea for a new line of fashion dolls called "Bratz" that he presented to MGA

8  prior to entering an Assignment Agreement with MGA.

9

10  **REQUEST FOR ADMISSION NO. 46:**

11         Admit that the so-called "First Generation" BRATZ DOLLS marketed

12  by MGA and sold to the public in or about June 2001 were BASED ON one or more

13  of BRYANT'S BRATZ DESIGNS.

14  **RESPONSE TO REQUEST FOR ADMISSION NO. 46:**

15         Larian incorporates by reference his General Response and General

16  Objections above, as though fully set forth herein and specifically incorporates

17  General Objection Nos. 12-13 (regarding Definitions), including but not limited to

18  his objections to the definition of the terms "BRATZ DOLLS," "MGA," "BASED

19  ON" and "BRYANT'S BRATZ DESIGNS."   Larian interprets the term "DESIGN"

20  in accordance with its normal, accepted meaning.

21         Subject to and without waiving the foregoing general and specific

22  objections, Larian responds as follows to the request:

23         Due to the overly broad and confusing nature of the Request as a

24  consequence of Mattel's definitions, Larian states that he cannot "admit" or "deny"

25  this Request in a manner that would provide an accurate statement of Larian's

26  position that could not be used by Mattel to try to mislead the jury.  In lieu thereof,

27  Larian responds as follows: Larian denies that the "First Generation" Bratz dolls

28  were copies of, derivative of, or substantially similar to Bryant's drawings of

LARIAN'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT _4_ PAGE _231_

1  characters that he called "Bratz" that Bryant presented to MGA prior to entering into

2  an Assignment Agreement with MGA.

3

4  **REQUEST FOR ADMISSION NO. 47:**

5      Admit that the so-called "First Generation" BRATZ DOLLS marketed

6  by MGA and sold to the public in or about June 2001 were not BASED ON any of

7  BRYANT'S BRATZ DESIGNS.

8  **RESPONSE TO REQUEST FOR ADMISSION NO. 47:**

9      Larian incorporates by reference his General Response and General

10  Objections above, as though fully set forth herein and specifically incorporates

11  General Objection Nos. 12-13 (regarding Definitions), including but not limited to

12  his objections to the definition of the terms "BRATZ DOLLS," "MGA," "BASED

13  ON" and "BRYANT'S BRATZ DESIGNS." Larian interprets the term "DESIGN"

14  in accordance with its normal, accepted meaning.

15      Subject to and without waiving the foregoing general and specific

16  objections, Larian responds as follows to the request:

17      Due to the overly broad and confusing nature of the Request as a

18  consequence of Mattel's definitions, Larian states that he cannot "admit" or "deny"

19  this Request in a manner that would provide an accurate statement of Larian's

20  position that could not be used by Mattel to try to mislead the jury. In lieu thereof,

21  Larian responds as follows: Larian denies that the "First Generation" Bratz dolls

22  were copies of, derivative of, or substantially similar to Bryant's drawings of

23  characters that he called "Bratz" that Bryant presented to MGA prior to entering into

24  an Assignment Agreement with MGA.

25

26  **REQUEST FOR ADMISSION NO. 48:**

27      Admit that the so-called "First Generation" BRATZ DOLLS marketed

28  by MGA and sold to the public in or about June 2001 were BASED ON one or more

1 of BRYANT'S BRATZ IDEAS.

2 **RESPONSE TO REQUEST FOR ADMISSION NO. 48:**

3          Larian incorporates by reference his General Response and General

4 Objections above, as though fully set forth herein and specifically incorporates

5 General Objection Nos. 12-13 (regarding Definitions), including but not limited to

6 his objections to the definition of the terms "BRATZ DOLLS," "MGA," "BASED

7 ON" and "BRYANT'S BRATZ IDEAS." Larian interprets the term "IDEA" as it is

8 commonly used and understood.

9          Subject to and without waiving the foregoing general and specific

10 objections, Larian responds as follows to the request:

11          Due to the overly broad and confusing nature of the Request as a

12 consequence of Mattel's definitions, Larian states that he cannot "admit" or "deny"

13 this Request in a manner that would provide an accurate statement of Larian's

14 position that could not be used by Mattel to try to mislead the jury. In lieu thereof,

15 Larian responds as follows: Larian denies that the "First Generation" Bratz Dolls

16 marketed by MGA and sold to the public in or about June 2001 were "BASED ON"

17 one or more of Bryant's Bratz ideas, except admits that the "First Generation" Bratz

18 dolls were inspired by Bryant's idea for a line of fashion dolls that he called "Bratz"

19 that he presented to MGA prior to entering into an Assignment Agreement with

20 MGA.

21

22 **REQUEST FOR ADMISSION NO. 49:**

23          Admit that the so-called "First Generation" BRATZ DOLLS marketed

24 by MGA and sold to the public in or about June 2001 were not BASED ON any of

25 BRYANT'S BRATZ IDEAS.

26 **RESPONSE TO REQUEST FOR ADMISSION NO. 49:**

27          Larian incorporates by reference his General Response and General

28 Objections above, as though fully set forth herein and specifically incorporates

EXHIBIT 4 PAGE 233

1  General Objection Nos. 12-13 (regarding Definitions), including but not limited to

2  his objections to the definition of the terms "BRATZ DOLLS," "MGA," "BASED

3  ON" and "BRYANT'S BRATZ IDEAS." Larian interprets the term "IDEA" as it is

4  commonly used and understood.

5        Subject to and without waiving the foregoing general and specific

6  objections, Larian responds as follows to the request:

7        Due to the overly broad and confusing nature of the Request as a

8  consequence of Mattel's definitions, Larian states that he cannot "admit" or "deny"

9  this Request in a manner that would provide an accurate statement of Larian's

10  position that could not be used by Mattel to try to mislead the jury. In lieu thereof,

11  Larian responds as follows: Larian denies that the "First Generation" Bratz Dolls

12  marketed by MGA and sold to the public in or about June 2001 were not "BASED

13  ON" one or more of Bryant's Bratz ideas, except admits that the "First Generation"

14  Bratz dolls were inspired by Bryant's idea for a line of fashion dolls that he called

15  "Bratz" that he presented to MGA prior to entering into an Assignment Agreement

16  with MGA.

17

18  **REQUEST FOR ADMISSION NO. 50:**

19        Admit that the one or more "Subsequent Generation" BRATZ DOLLS

20  marketed by MGA and sold to the public after June 2001, which differ in some

21  manner from the so-called "First Generation" BRATZ DOLLS marketed by MGA

22  and sold to the public in or about June 2001, were BASED ON one or more of the

23  BRATZ PITCH MATERIALS.

24  **RESPONSE TO REQUEST FOR ADMISSION NO. 50:**

25        Larian incorporates by reference his General Response and General

26  Objections above, as though fully set forth herein and specifically incorporates

27  General Objection Nos. 12-13 (regarding Definitions), including but not limited to

28  his objections to the definition of the terms "BRATZ DOLLS," "MGA," "BASED

1 ON" and "BRATZ PITCH MATERIALS."

2          Subject to and without waiving the foregoing general and specific

3 objections, Larian responds as follows to the request:

4          Due to the overly broad and confusing nature of the Request as a

5 consequence of Mattel's definitions, Larian states that he cannot "admit" or "deny"

6 this Request in a manner that would provide an accurate statement of Larian's

7 position that could not be used by Mattel to try to mislead the jury.  In lieu thereof,

8 Larian responds as follows: Larian denies that the "Subsequent Generation" Bratz

9 dolls were copies of, derivative of, or substantially similar to drawings and/or the

10 tangible items that Bryant presented to MGA prior to entering into an Assignment

11 Agreement with MGA.

12

13 **REQUEST FOR ADMISSION NO. 51:**

14          Admit that all of the "Subsequent Generation" BRATZ DOLLS

15 marketed by MGA and sold to the public after June 2001, which differ in some

16 manner from the so-called "First Generation" BRATZ DOLLS marketed by MGA

17 and sold to the public in or about June 2001, were not BASED ON any of the

18 BRATZ PITCH MATERIALS.

19 **RESPONSE TO REQUEST FOR ADMISSION NO. 51:**

20          Larian incorporates by reference his General Response and General

21 Objections above, as though fully set forth herein and specifically incorporates

22 General Objection Nos. 12-13 (regarding Definitions), including but not limited to

23 his objections to the definition of the terms "BRATZ DOLLS," "MGA," "BASED

24 ON" and "BRATZ PITCH MATERIALS."

25          Subject to and without waiving the foregoing general and specific

26 objections, Larian responds as follows to the request:

27          Due to the overly broad and confusing nature of the Request as a

28 consequence of Mattel's definitions, Larian states that he cannot "admit" or "deny"

EXHIBIT 4 PAGE 235

1  this Request in a manner that would provide an accurate statement of Larian's

2  position that could not be used by Mattel to try to mislead the jury.  In lieu thereof,

3  Larian responds as follows: Larian denies that the "Subsequent Generation" Bratz

4  dolls were copies of, derivative of, or substantially similar to drawings and/or

5  tangible items that Bryant presented to MGA prior to entering into an Assignment

6  Agreement with MGA.

7

8  **REQUEST FOR ADMISSION NO. 52:**

9         Admit that one or more "Subsequent Generation" BRATZ DOLLS

10 marketed by MGA and sold to the public after June 2001, which differ in some

11 manner from the so-called "First Generation" BRATZ DOLLS marketed by MGA

12 and sold to the public in or about June 2001, were BASED ON one or more of

13 BRYANT'S BRATZ DESIGNS.

14 **RESPONSE TO REQUEST FOR ADMISSION NO. 52:**

15        Larian incorporates by reference his General Response and General

16 Objections above, as though fully set forth herein and specifically incorporates

17 General Objection Nos. 12-13 (regarding Definitions), including but not limited to

18 his objections to the definition of the terms "BRATZ DOLLS," "MGA," "BASED

19 ON" and "BRYANT'S BRATZ DESIGNS."

20        Subject to and without waiving the foregoing general and specific

21 objections, Larian responds as follows to the request:

22        Due to the overly broad and confusing nature of the Request as a

23 consequence of Mattel's definitions, Larian states that he cannot "admit" or "deny"

24 this Request in a manner that would provide an accurate statement of Larian's

25 position that could not be used by Mattel to try to mislead the jury.  In lieu thereof,

26 Larian responds as follows: Larian denies that the "Subsequent Generation" Bratz

27 dolls were copies of, derivative of, or substantially similar to Bryant's drawings of

28 characters that he called "Bratz" that Bryant presented to MGA prior to entering into

EXHIBIT __4__ PAGE 236

1  an Assignment Agreement with MGA.

2

3  **REQUEST FOR ADMISSION NO. 53:**

4  Admit that the all of the "Subsequent Generation" BRATZ DOLLS

5  marketed by MGA and sold to the public after June 2001, which differ in some

6  manner from the so-called "First Generation" BRATZ DOLLS marketed by MGA

7  and sold to the public in or about June 2001, were not BASED ON any of

8  BRYANT'S BRATZ DESIGNS.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 53:**

10  Larian incorporates by reference his General Response and General

11  Objections above, as though fully set forth herein and specifically incorporates

12  General Objection Nos. 12-13 (regarding Definitions), including but not limited to

13  his objections to the definition of the terms "BRATZ DOLLS," "MGA," "BASED

14  ON" and "BRYANT'S BRATZ DESIGNS."

15  Subject to and without waiving the foregoing general and specific

16  objections, Larian responds as follows to the request:

17  Due to the overly broad and confusing nature of the Request as a

18  consequence of Mattel's definitions, Larian states that he cannot "admit" or "deny"

19  this Request in a manner that would provide an accurate statement of Larian's

20  position that could not be used by Mattel to try to mislead the jury.  In lieu thereof,

21  Larian responds as follows: Larian denies that the "Subsequent Generation" Bratz

22  dolls were copies of, derivative of, or substantially similar to Bryant's drawings of

23  characters that he called "Bratz" that Bryant presented to MGA prior to entering into

24  an Assignment Agreement with MGA.

25

26  **REQUEST FOR ADMISSION NO. 54:**

27  Admit that the one or more "Subsequent Generation" BRATZ DOLLS

28  marketed by MGA and sold to the public after June 2001, which differ in some

EXHIBIT __4__ PAGE __237__

1  manner from the so-called "First Generation" BRATZ DOLLS marketed by MGA

2  and sold to the public in or about June 2001, were BASED ON one or more of

3  BRYANT'S BRATZ IDEAS.

4  **RESPONSE TO REQUEST FOR ADMISSION NO. 54:**

5        Larian incorporates by reference his General Response and General

6  Objections above, as though fully set forth herein and specifically incorporates

7  General Objection Nos. 12-13 (regarding Definitions), including but not limited to

8  his objections to the definition of the terms "BRATZ DOLLS," "MGA," "BASED

9  ON" and "BRYANT'S BRATZ IDEAS."

10        Subject to and without waiving the foregoing general and specific

11  objections, Larian responds as follows to the request:

12        Due to the overly broad and confusing nature of the Request as a

13  consequence of Mattel's definitions, Larian states that he cannot "admit" or "deny"

14  this Request in a manner that would provide an accurate statement of Larian's

15  position that could not be used by Mattel to try to mislead the jury.  In lieu thereof,

16  Larian responds as follows: Larian denies that one or more "Subsequent Generation"

17  Bratz dolls marketed by MGA and sold to the public after June 2001 were "BASED

18  ON" one or more of Bryant's Bratz ideas, except admits that the "First Generation"

19  Bratz dolls were inspired by Bryant's idea for a new line of fashion dolls called

20  "Bratz" that he presented to MGA prior to entering an Assignment Agreement with

21  MGA, and that the "Subsequent Generation" Bratz dolls expanded upon the various

22  expressions of Bratz characters incorporated in the "First Generation" of Bratz dolls.

23

24  **REQUEST FOR ADMISSION NO. 55:**

25        Admit that the all of the "Subsequent Generation" BRATZ DOLLS

26  marketed by MGA and sold to the public after June 2001, which differ in some

27  manner from the so-called "First Generation" BRATZ DOLLS marketed by MGA

28  and sold to the public in or about June 2001, were not BASED ON any of

57

LARIAN'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT _4_ PAGE _238_

1  BRYANT'S BRATZ IDEAS.

2  **RESPONSE TO REQUEST FOR ADMISSION NO. 55:**

3           Larian incorporates by reference his General Response and General

4  Objections above, as though fully set forth herein and specifically incorporates

5  General Objection Nos. 12-13 (regarding Definitions), including but not limited to

6  his objections to the definition of the terms "BRATZ DOLLS," "MGA," "BASED

7  ON" and "BRYANT'S BRATZ IDEAS."

8           Subject to and without waiving the foregoing general and specific

9  objections, Larian responds as follows to the request:

10          Due to the overly broad and confusing nature of the Request as a

11  consequence of Mattel's definitions, Larian states that he cannot "admit" or "deny"

12  this Request in a manner that would provide an accurate statement of Larian's

13  position that could not be used by Mattel to try to mislead the jury.  In lieu thereof,

14  Larian responds as follows: Larian denies that one or more "Subsequent Generation"

15  Bratz dolls marketed by MGA and sold to the public after June 2001 were not

16  "BASED ON" one or more of Bryant's Bratz ideas, except admits that the "First

17  Generation" Bratz dolls were inspired by Bryant's idea for a new line of fashion dolls

18  called "Bratz" that he presented to MGA prior to entering an Assignment Agreement

19  with MGA, and that the "Subsequent Generation" Bratz dolls expanded upon the

20  various expressions of Bratz characters incorporated in the "First Generation" of

21  Bratz dolls.

22

23  **REQUEST FOR ADMISSION NO. 56:**

24          Admit that the so-called "First Generation" BRATZ DOLLS marketed

25  by MGA and sold to the public in or about June 2001 were not BASED ON any

26  DESIGNS CREATED BY BRYANT prior to October 21, 2000.

27  **RESPONSE TO REQUEST FOR ADMISSION NO. 56:**

28          Larian incorporates by reference his General Response and General

LARIAN'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT _4_ PAGE _239_

1  Objections above, as though fully set forth herein and specifically incorporates

2  General Objection Nos. 12-13 (regarding Definitions), including but not limited to

3  his objections to the definition of the terms "BRATZ DOLLS," "MGA," "BASED

4  ON," "DESIGNS" and "CREATED."  Larian further objects to the request because

5  "DESIGNS CREATED BY BRYANT" is not a defined term and renders the request

6  vague and ambiguous.

7          Subject to and without waiving the foregoing general and specific

8  objections, Larian responds as follows to the request:

9          Due to the overly broad and confusing nature of the Request as a

10  consequence of Mattel's definitions, Larian states that he cannot "admit" or "deny"

11  this Request in a manner that would provide an accurate statement of Larian's

12  position that could not be used by Mattel to try to mislead the jury.  In lieu thereof,

13  Larian responds as follows: Larian denies that the "First Generation" Bratz dolls

14  were copies of, derivative of, or substantially similar to Bryant's drawings of

15  characters that he called "Bratz" that Bryant made prior to October 21, 2000, except

16  admits that the "First Generation" Bratz dolls were inspired by Bryant's idea for a

17  new line of fashion dolls called "Bratz" that he presented to MGA prior to entering

18  an Assignment Agreement with MGA.

19

20  **REQUEST FOR ADMISSION NO. 57:**

21          Admit that the so-called "First Generation" BRATZ DOLLS marketed

22  by MGA and sold to the public in or about June 2001 were BASED ON one or more

23  DESIGNS CREATED BY BRYANT prior to October 21, 2000.

24  **RESPONSE TO REQUEST FOR ADMISSION NO. 57:**

25          Larian incorporates by reference his General Response and General

26  Objections above, as though fully set forth herein and specifically incorporates

27  General Objection Nos. 12-13 (regarding Definitions), including but not limited to

28  his objections to the definition of the terms "BRATZ DOLLS," "MGA," "BASED

EXHIBIT  4  PAGE  240

1  ON," "DESIGNS" and "CREATED."  Larian further objects to the request because

2  "DESIGNS CREATED BY BRYANT" is not a defined term and renders the request

3  vague and ambiguous.

4       Subject to and without waiving the foregoing general and specific

5  objections, Larian responds as follows to the request:

6       Due to the overly broad and confusing nature of the Request as a

7  consequence of Mattel's definitions, Larian states that he cannot "admit" or "deny"

8  this Request in a manner that would provide an accurate statement of Larian's

9  position that could not be used by Mattel to try to mislead the jury.  In lieu thereof,

10  Larian responds as follows: Larian denies that the "First Generation" Bratz dolls

11  were copies of, derivative of, or substantially similar to Bryant's drawings of

12  characters that he called "Bratz" that Bryant made prior to October 21, 2000, except

13  admits that the "First Generation" Bratz dolls were inspired by Bryant's idea for a

14  new line of fashion dolls called "Bratz" that he presented to MGA prior to entering

15  an Assignment Agreement with MGA.

16

17  **REQUEST FOR ADMISSION NO. 58:**

18       Admit that all of the "Subsequent Generation" BRATZ DOLLS

19  marketed by MGA and sold to the public after June 2001, which differ in some

20  manner from the so-called "First Generation" BRATZ DOLLS marketed by MGA

21  and sold to the public in or about June 2001, were not BASED ON any DESIGNS

22  CREATED BY BRYANT prior to October 21, 2000.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 58:**

24       Larian incorporates by reference his General Response and General

25  Objections above, as though fully set forth herein and specifically incorporates

26  General Objection Nos. 12-13 (regarding Definitions), including but not limited to

27  his objections to the definition of the terms "BRATZ DOLLS," "MGA," "BASED

28  ON," "DESIGNS" and "CREATED."  Larian further objects to the request because

LARIAN'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT _4_ PAGE _24_

1  "DESIGNS CREATED BY BRYANT" is not a defined term and renders the request

2  vague and ambiguous.

3          Subject to and without waiving the foregoing general and specific

4  objections, Larian responds as follows to the request:

5          Due to the overly broad and confusing nature of the Request as a

6  consequence of Mattel's definitions, Larian states that he cannot "admit" or "deny"

7  this Request in a manner that would provide an accurate statement of Larian's

8  position that could not be used by Mattel to try to mislead the jury.  In lieu thereof,

9  Larian responds as follows: Larian denies that the "Subsequent Generation" Bratz

10  dolls were copies of, derivative of, or substantially similar to Bryant's drawings of

11  characters that he called "Bratz" that Bryant made prior to October 21, 2000, except

12  admits that the "First Generation" Bratz dolls were inspired by Bryant's idea for a

13  new line of fashion dolls called "Bratz" that he presented to MGA prior to entering

14  an Assignment Agreement with MGA.

15

16  **REQUEST FOR ADMISSION NO. 59:**

17          Admit that one or more of the "Subsequent Generation" BRATZ

18  DOLLS marketed by MGA and sold to the public after June 2001, which differ in

19  some manner from the so-called "First Generation" BRATZ DOLLS marketed by

20  MGA and sold to the public in or about June 2001, were BASED ON one or more

21  DESIGNS CREATED BY BRYANT prior to October 21, 2000.

22  **RESPONSE TO REQUEST FOR ADMISSION NO. 59:**

23          Larian incorporates by reference his General Response and General

24  Objections above, as though fully set forth herein and specifically incorporates

25  General Objection Nos. 12-13 (regarding Definitions), including but not limited to

26  his objections to the definition of the terms "BRATZ DOLLS," "MGA," "BASED

27  ON," "DESIGNS" and "CREATED."  Larian further objects to the request because

28  "DESIGNS CREATED BY BRYANT" is not a defined term and renders the request

61

LARIAN'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT __4__ PAGE _242_

1  vague and ambiguous.

2          Subject to and without waiving the foregoing general and specific

3  objections, Larian responds as follows to the request:

4          Due to the overly broad and confusing nature of the Request as a

5  consequence of Mattel's definitions, Larian states that he cannot "admit" or "deny"

6  this Request in a manner that would provide an accurate statement of Larian's

7  position that could not be used by Mattel to try to mislead the jury. In lieu thereof,

8  Larian responds as follows: Larian denies that the "Subsequent Generation" Bratz

9  dolls were copies of, derivative of, or substantially similar to Bryant's drawings of

10  characters that he called "Bratz" that Bryant made prior to October 21, 2000, except

11  admits that the "First Generation" Bratz dolls were inspired by Bryant's idea for a

12  new line of fashion dolls called "Bratz" that he presented to MGA prior to entering

13  an Assignment Agreement with MGA.

14

15  **REQUEST FOR ADMISSION NO. 60:**

16          Admit that MGA's Copyright Registration No. VA 1-090-287, and any

17  corrections thereto, do not list any derivative works on which the copyrighted

18  material which is subject to that Registration is based other than the materials subject

19  to Copyright Registration No. VA 1-218-487.

20  **RESPONSE TO REQUEST FOR ADMISSION NO. 60:**

21          Larian incorporates by reference his General Response and General

22  Objections above, as though fully set forth herein and specifically incorporates

23  General Objection Nos. 12-13 (regarding Definitions), including but not limited to

24  his objections to the definition of the term "MGA." Larian further objects that the

25  terms "corrections" and "based" are vague, ambiguous, and overly broad. Larian

26  further objects that the Request is compound, misleading, and incorrectly assumes

27  that "the materials subject to Copyright Registration No. VA 1-218-487" are listed

28  on any registration document as "derivative works on which the copyrighted material

LARIAN'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT __4__ PAGE _243_

1  which is subject to [VA 1-090-287] is based".  Larian further objects that the

2  Request as a whole poses a question that is unintelligible in light of applicable

3  copyright law principles.

4       Subject to and without waiving the foregoing general and specific

5  objections, Larian responds as follows to the request:

6       Due to the confusing nature of the Request, Larian states that he cannot

7  "admit" or "deny" this Request in a manner that would provide an accurate statement

8  of Larian's position (or of the applicable Copyright Registration) that could not be

9  used by Mattel to try to mislead the jury.  In lieu thereof, Larian responds as follows:

10  Larian denies that the Jade Doll Configuration, Accessories, and Packaging listed in

11  Copyright Registration No. VA 1-090-287 are derivative of Bryant's 1998 "Jade

12  drawing" listed in Copyright Registration No. VA 1-218-487, except admits that

13  certain Bratz two-dimensional character art utilized on the Jade doll packaging listed

14  in Copyright Registration No. VA 1-090-287 was derivative of Bryant's August 1998

15  "Jade drawing" which Bryant created at a time when he was not employed by Mattel,

16  and which is listed in Copyright Registration No. VA 1-218-487.  For this reason

17  only, Copyright Registration No. VA 1-090-287, as modified by Supplemental

18  Registration  No. VA 1-301-533, lists Bryant's August 1998 "Jade drawing" as

19  "Preexisting Material" and "2-Dimensional artwork" under "Nature of Authorship".

20

21  **REQUEST FOR ADMISSION NO. 61:**

22       Admit that the copyrighted material which is subject to Copyright

23  Registration No. VA 1-090-287 is not BASED ON any DESIGNS CREATED BY

24  BRYANT prior to October 21, 2000.

25  **RESPONSE TO REQUEST FOR ADMISSION NO. 61:**

26       Larian incorporates by reference his General Response and General

27  Objections above, as though fully set forth herein and specifically incorporates

28  General Objection Nos. 12-13 (regarding Definitions), including but not limited to

LARIAN'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT _4_ PAGE _244_

1 his objections to the definition of the terms "BASED ON," "DESIGNS" and

2 "CREATED."  Larian further objects to the Request because "DESIGNS CREATED

3 BY BRYANT" is not a defined term and renders the Request vague and ambiguous.

4        Subject to and without waiving the foregoing general and specific

5 objections, Larian responds as follows to the request:

6        Due to the overly broad and confusing nature of the Request as a

7 consequence of Mattel's definitions, Larian states that he cannot "admit" or "deny"

8 this Request in a manner that would provide an accurate statement of Larian's

9 position that could not be used by Mattel to try to mislead the jury.  In lieu thereof,

10 Larian responds as follows:  Larian denies that the Jade Doll Configuration,

11 Accessories, and Packaging listed in Copyright Registration No. VA 1-090-287 are

12 copies of, derivative of, or substantially similar to Bryant's drawings of characters

13 that he called "Bratz" that Bryant made prior to October 21, 2000, except admits that

14 certain Bratz two-dimensional character art utilized on the Jade doll packaging listed

15 in Copyright Registration No. VA 1-090-287 was derivative of Bryant's initial

16 drawings of characters called "Bratz" that he created in August 1998, at which time

17 he was not employed by Mattel.

18

19 **REQUEST FOR ADMISSION NO. 62:**

20        Admit that the copyrighted material which is subject to Copyright

21 Registration No. VA 1-090-287 is not BASED ON any DESIGNS CREATED BY

22 BRYANT prior to October 21, 2000, other than the materials subject to Copyright

23 Registration No. VA 1-218-487.

24 **RESPONSE TO REQUEST FOR ADMISSION NO. 62:**

25        Larian incorporates by reference his General Response and General

26 Objections above, as though fully set forth herein and specifically incorporates

27 General Objection Nos. 12-13 (regarding Definitions), including but not limited to

28 his objections to the definition of the terms "BASED ON," "DESIGNS" and

LARIAN'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT   4   PAGE 245

1  "CREATED BY."  Larian further objects to the Request because "DESIGNS

2  CREATED BY BRYANT" is not a defined term and renders the Request vague and

3  ambiguous.  Larian further objects that the Request is compound, misleading, and

4  incorrectly assumes that "the copyrighted material which is subject to Copyright

5  Registration No. VA 1-090-287" is "BASED ON" "the materials subject to

6  Copyright Registration No. VA 1-218-487."  Larian thus objects to, and disregards

7  herein, the clause in the Request that states "other than the materials subject to

8  Copyright Registration No. VA 1-218-487".

9          Subject to and without waiving the foregoing general and specific

10  objections, Larian responds as follows to the request:

11          Due to the overly broad and confusing nature of the Request as a

12  consequence of Mattel's definitions, Larian states that he cannot "admit" or "deny"

13  this Request in a manner that would provide an accurate statement of Larian's

14  position that could not be used by Mattel to try to mislead the jury.  In lieu thereof,

15  Larian responds as follows: Larian denies that the Jade Doll Configuration,

16  Accessories, and Packaging listed in Copyright Registration No. VA 1-090-287 are

17  copies of, derivative of, or substantially similar to Bryant's drawings of characters

18  that he called "Bratz" that Bryant made prior to October 21, 2000, except admits that

19  certain Bratz two-dimensional character art utilized on the Jade doll packaging listed

20  in Copyright Registration No. VA 1-090-287 was derivative of Bryant's initial

21  drawings of characters called "Bratz" that he created in August 1998, at which time

22  he was not employed by Mattel.

23

24  **REQUEST FOR ADMISSION NO. 63:**

25          Admit that MGA's Copyright Registration No. VA 1-090-288, and any

26  corrections thereto, do not list any derivative works on which the copyrighted

27  material which is subject to that Registration is based other than the materials subject

28  to Copyright Registration No. VA 1-218-488.

65

LARIAN'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT 4 PAGE 246

**RESPONSE TO REQUEST FOR ADMISSION NO. 63:**

Larian incorporates by reference his General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection Nos. 12-13 (regarding Definitions), including but not limited to his objections to the definition of the term "MGA." Larian further objects that the terms "corrections" and "based" are vague, ambiguous, and overly broad. Larian further objects that the Request is compound, misleading, and incorrectly assumes that "the materials subject to Copyright Registration No. VA 1-218-488" are listed on any registration document as "derivative works on which the copyrighted material which is subject to [VA 1-090-288] is based". Larian further objects that the Request as a whole poses a question that is unintelligible in light of applicable copyright law principles.

Subject to and without waiving the foregoing general and specific objections, Larian responds as follows to the request:

Due to the confusing nature of the Request, Larian states that he cannot "admit" or "deny" this Request in a manner that would provide an accurate statement of Larian's position (or of the applicable Copyright Registration) that could not be used by Mattel to try to mislead the jury. In lieu thereof, Larian responds as follows: Larian denies that the Sasha Doll Configuration, Accessories, and Packaging listed in Copyright Registration No. VA 1-090-288 are derivative of Bryant's 1998 "Sasha drawing" listed in Copyright Registration No. VA 1-218-488, except admits that certain Bratz two-dimensional character art utilized on the Sasha doll packaging listed in Copyright Registration No. VA 1-090-288 was derivative of Bryant's August 1998 "Sasha drawing" which Bryant created at a time when he was not employed by Mattel, and which is listed in Copyright Registration No. VA 1-218-488. For this reason only, Copyright Registration No. VA 1-090-288, as modified by Supplemental Registration No. VA 1-301-534, lists Bryant's August 1998 "Sasha drawing" as "Preexisting Material" and "2-Dimensional artwork" under "Nature of

66

EXHIBIT __4__ PAGE _247_

1  Authorship".

2

3  **REQUEST FOR ADMISSION NO. 64:**

4        Admit that the copyrighted material which is subject to Copyright

5  Registration No. VA 1-090-288 is not BASED ON any DESIGNS CREATED BY

6  BRYANT prior to October 21, 2000.

7  **RESPONSE TO REQUEST FOR ADMISSION NO. 64:**

8        Larian incorporates by reference his General Response and General

9  Objections above, as though fully set forth herein and specifically incorporates

10  General Objection Nos. 12-13 (regarding Definitions), including but not limited to

11  his objections to the definition of the terms "BASED ON," "DESIGNS" and

12  "CREATED." Larian further objects to the Request because "DESIGNS CREATED

13  BY BRYANT" is not a defined term and renders the Request vague and ambiguous.

14        Subject to and without waiving the foregoing general and specific

15  objections, Larian responds as follows to the request:

16        Due to the overly broad and confusing nature of the Request as a

17  consequence of Mattel's definitions, Larian states that he cannot "admit" or "deny"

18  this Request in a manner that would provide an accurate statement of Larian's

19  position that could not be used by Mattel to try to mislead the jury. In lieu thereof,

20  Larian responds as follows: Larian denies that the Sasha Doll Configuration,

21  Accessories, and Packaging listed in Copyright Registration No. VA 1-090-288 are

22  copies of, derivative of, or substantially similar to Bryant's drawings of characters

23  that he called "Bratz" that Bryant made prior to October 21, 2000, except admits that

24  certain Bratz two-dimensional character art utilized on the Sasha doll packaging

25  listed in Copyright Registration No. VA 1-090-288 was derivative of Bryant's initial

26  drawings of characters called "Bratz" that he created in August 1998, at which time

27  he was not employed by Mattel.

28

EXHIBIT _4_ PAGE _248_

**REQUEST FOR ADMISSION NO. 65:**

Admit that the copyrighted material which is subject to Copyright Registration No. VA 1-090-288 is not BASED ON any DESIGNS CREATED BY BRYANT prior to October 21, 2000, other than the materials subject to Copyright Registration No. VA 1-218-488.

**RESPONSE TO REQUEST FOR ADMISSION NO. 65:**

Larian incorporates by reference his General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection Nos. 12-13 (regarding Definitions), including but not limited to his objections to the definition of the terms "BASED ON," "DESIGNS" and "CREATED BY." Larian further objects to the Request because "DESIGNS CREATED BY BRYANT" is not a defined term and renders the Request vague and ambiguous. Larian further objects that the Request is compound, misleading, and incorrectly assumes that "the copyrighted material which is subject to Copyright Registration No. VA 1-090-288" is "BASED ON" "the materials subject to Copyright Registration No. VA 1-218-488." Larian thus objects to, and disregards herein, the clause in the Request that states "other than the materials subject to Copyright Registration No. VA 1-218-488".

Subject to and without waiving the foregoing general and specific objections, Larian responds as follows to the request:

Due to the overly broad and confusing nature of the Request as a consequence of Mattel's definitions, Larian states that he cannot "admit" or "deny" this Request in a manner that would provide an accurate statement of Larian's position that could not be used by Mattel to try to mislead the jury. In lieu thereof, Larian responds as follows: Larian denies that the Sasha Doll Configuration, Accessories, and Packaging listed in Copyright Registration No. VA 1-090-288 are copies of, derivative of, or substantially similar to Bryant's drawings of characters that he called "Bratz" that Bryant made prior to October 21, 2000, except admits that

68

EXHIBIT _4_ PAGE 249

1  certain Bratz two-dimensional character art utilized on the Sasha doll packaging

2  listed in Copyright Registration No. VA 1-090-288 was derivative of Bryant's initial

3  drawings of characters called "Bratz" that he created in August 1998, at which time

4  he was not employed by Mattel.

5

6  **REQUEST FOR ADMISSION NO. 66:**

7         Admit that MGA's Copyright Registration No. VA 1-090-289, and any

8  corrections thereto, do not list any derivative works on which the copyrighted

9  material which is subject to that Registration is based other than the materials subject

10  to Copyright Registration No. VA 1-218-490.

11  **RESPONSE TO REQUEST FOR ADMISSION NO. 66:**

12         Larian incorporates by reference his General Response and General

13  Objections above, as though fully set forth herein and specifically incorporates

14  General Objection Nos. 12-13 (regarding Definitions), including but not limited to

15  his objections to the definition of the term "MGA." Larian further objects that the

16  terms "corrections" and "based" are vague, ambiguous, and overly broad. Larian

17  further objects that the Request is compound, misleading, and incorrectly assumes

18  that "the materials subject to Copyright Registration No. VA 1-218-490" are listed

19  on any registration document as "derivative works on which the copyrighted material

20  which is subject to [VA 1-090-289] is based". Larian further objects that the

21  Request as a whole poses a question that is unintelligible in light of applicable

22  copyright law principles.

23         Subject to and without waiving the foregoing general and specific

24  objections, Larian responds as follows to the request:

25         Due to the confusing nature of the Request, Larian states that he cannot

26  "admit" or "deny" this Request in a manner that would provide an accurate statement

27  of Larian's position (or of the applicable Copyright Registration) that could not be

28  used by Mattel to try to mislead the jury. In lieu thereof, Larian responds as follows:

69

LARIAN'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT _4_ PAGE _250_

1   Larian denies that the Cloe Doll Configuration, Accessories, and Packaging listed in

2   Copyright Registration No. VA 1-090-289 are derivative of Bryant's 1998 "Cloe

3   drawing" listed in Copyright Registration No. VA 1-218-490, except admits that

4   certain Bratz two-dimensional character art utilized on the Cloe doll packaging listed

5   in Copyright Registration No. VA 1-090-289 was derivative of Bryant's August 1998

6   "Cloe drawing" which Bryant created at a time when he was not employed by

7   Mattel, and which is listed in Copyright Registration No. VA 1-218-490.  For this

8   reason only, Copyright Registration No. VA 1-090-289, as modified by

9   Supplemental Registration  No. VA 1-301-535, lists Bryant's August 1998 "Cloe

10  drawing" as "Preexisting Material" and "2-Dimensional artwork" under "Nature of

11  Authorship".

12

13  **REQUEST FOR ADMISSION NO. 67:**

14          Admit that the copyrighted material which is subject to Copyright

15  Registration No. VA 1-090-289 is not BASED ON any DESIGNS CREATED BY

16  BRYANT prior to October 21, 2000.

17  **RESPONSE TO REQUEST FOR ADMISSION NO. 67:**

18          Larian incorporates by reference his General Response and General

19  Objections above, as though fully set forth herein and specifically incorporates

20  General Objection Nos. 12-13 (regarding Definitions), including but not limited to

21  his objections to the definition of the terms "BASED ON," "DESIGNS" and

22  "CREATED."  Larian further objects to the Request because "DESIGNS CREATED

23  BY BRYANT" is not a defined term and renders the Request vague and ambiguous.

24          Subject to and without waiving the foregoing general and specific

25  objections, Larian responds as follows to the request:

26          Due to the overly broad and confusing nature of the Request as a

27  consequence of Mattel's definitions, Larian states that he cannot "admit" or "deny"

28  this Request in a manner that would provide an accurate statement of Larian's

LARIAN'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT _4_ PAGE _251_

1  position that could not be used by Mattel to try to mislead the jury.  In lieu thereof,

2  Larian responds as follows: Larian denies that the Cloe Doll Configuration,

3  Accessories, and Packaging listed in Copyright Registration No. VA 1-090-289 are

4  copies of, derivative of, or substantially similar to Bryant's drawings of characters

5  that he called "Bratz" that Bryant made prior to October 21, 2000, except admits that

6  certain Bratz two-dimensional character art utilized on the Cloe doll packaging listed

7  in Copyright Registration No. VA 1-090-289 was derivative of Bryant's initial

8  drawings of characters called "Bratz" that he created in August 1998, at which time

9  he was not employed by Mattel.

10

11  **REQUEST FOR ADMISSION NO. 68:**

12  Admit that the copyrighted material which is subject to Copyright

13  Registration No. VA 1-090-289 is not BASED ON any DESIGNS CREATED BY

14  BRYANT prior to October 21, 2000, other than the materials subject to Copyright

15  Registration No. VA 1-218-490.

16  **RESPONSE TO REQUEST FOR ADMISSION NO. 68:**

17  Larian incorporates by reference his General Response and General

18  Objections above, as though fully set forth herein and specifically incorporates

19  General Objection Nos. 12-13 (regarding Definitions), including but not limited to

20  his objections to the definition of the terms "BASED ON," "DESIGNS" and

21  "CREATED BY."  Larian further objects to the Request because "DESIGNS

22  CREATED BY BRYANT" is not a defined term and renders the Request vague and

23  ambiguous.  Larian further objects that the Request is compound, misleading, and

24  incorrectly assumes that "the copyrighted material which is subject to Copyright

25  Registration No. VA 1-090-289" is "BASED ON" "the materials subject to

26  Copyright Registration No. VA 1-218-490."  Larian thus objects to, and disregards

27  herein, the clause in the Request that states "other than the materials subject to

28  Copyright Registration No. VA 1-218-490".

71

EXHIBIT _4_ PAGE _252_

1    Subject to and without waiving the foregoing general and specific
2 objections, Larian responds as follows to the request:
3    Due to the overly broad and confusing nature of the Request as a
4 consequence of Mattel's definitions, Larian states that he cannot "admit" or "deny"
5 this Request in a manner that would provide an accurate statement of Larian's
6 position that could not be used by Mattel to try to mislead the jury. In lieu thereof,
7 Larian responds as follows: Larian denies that the Cloe Doll Configuration,
8 Accessories, and Packaging listed in Copyright Registration No. VA 1-090-289 are
9 copies of, derivative of, or substantially similar to Bryant's drawings of characters
10 that he called "Bratz" that Bryant made prior to October 21, 2000, except admits that
11 certain Bratz two-dimensional character art utilized on the Cloe doll packaging listed
12 in Copyright Registration No. VA 1-090-289 was derivative of Bryant's initial
13 drawings of characters called "Bratz" that he created in August 1998, at which time
14 he was not employed by Mattel.

15

16 **REQUEST FOR ADMISSION NO. 69:**
17    Admit that MGA's Copyright Registration No. VA 1-090-290, and any
18 corrections thereto, do not list any derivative works on which the copyrighted
19 material which is subject to that Registration is based other than the materials subject
20 to Copyright Registration No. VA 1-218-491.
21 **RESPONSE TO REQUEST FOR ADMISSION NO. 69:**
22    Larian incorporates by reference his General Response and General
23 Objections above, as though fully set forth herein and specifically incorporates
24 General Objection Nos. 12-13 (regarding Definitions), including but not limited to
25 his objections to the definition of the term "MGA." Larian further objects that the
26 terms "corrections" and "based" are vague, ambiguous, and overly broad. Larian
27 further objects that the Request is compound, misleading, and incorrectly assumes
28 that "the materials subject to Copyright Registration No. VA 1-218-491" are listed

EXHIBIT _4_ PAGE _253_

1  on any registration document as "derivative works on which the copyrighted material

2  which is subject to [VA 1-090-290] is based".  Larian further objects that the

3  Request as a whole poses a question that is unintelligible in light of applicable

4  copyright law principles.

5       Subject to and without waiving the foregoing general and specific

6  objections, Larian responds as follows to the request:

7       Due to the confusing nature of the Request, Larian states that he cannot

8  "admit" or "deny" this Request in a manner that would provide an accurate statement

9  of Larian's position (or of the applicable Copyright Registration) that could not be

10  used by Mattel to try to mislead the jury.  In lieu thereof, Larian responds as follows:

11  Larian denies that the Yasmin Doll Configuration, Accessories, and Packaging listed

12  in Copyright Registration No. VA 1-090-290 are derivative of Bryant's 1998

13  "Yasmin drawing" listed in Copyright Registration No. VA 1-218-491, except

14  admits that certain Bratz two-dimensional character art utilized on the Yasmin doll

15  packaging listed in Copyright Registration No. VA 1-090-290 was derivative of

16  Bryant's August 1998 "Yasmin drawing" which Bryant created at a time when he

17  was not employed by Mattel, and which is listed in Copyright Registration No. VA

18  1-218-491.  For this reason only, Copyright Registration No. VA 1-090-290, as

19  modified by Supplemental Registration  No. VA 1-301-536, lists Bryant's August

20  1998 "Yasmin drawing" as "Preexisting Material" and "2-Dimensional artwork"

21  under "Nature of Authorship".

22

23  **REQUEST FOR ADMISSION NO. 70:**

24       Admit that the copyrighted material which is subject to Copyright

25  Registration No. VA 1-090-290 is not BASED ON any DESIGNS CREATED BY

26  BRYANT prior to October 21, 2000.

27  **RESPONSE TO REQUEST FOR ADMISSION NO. 70:**

28       Larian incorporates by reference his General Response and General

73

EXHIBIT  4  PAGE  254

1 | Objections above, as though fully set forth herein and specifically incorporates
2 | General Objection Nos. 12-13 (regarding Definitions), including but not limited to
3 | his objections to the definition of the terms "BASED ON," "DESIGNS" and
4 | "CREATED." Larian further objects to the Request because "DESIGNS CREATED
5 | BY BRYANT" is not a defined term and renders the Request vague and ambiguous.
6 |    Subject to and without waiving the foregoing general and specific
7 | objections, Larian responds as follows to the request:
8 |    Due to the overly broad and confusing nature of the Request as a
9 | consequence of Mattel's definitions, Larian states that he cannot "admit" or "deny"
10 | this Request in a manner that would provide an accurate statement of Larian's
11 | position that could not be used by Mattel to try to mislead the jury. In lieu thereof,
12 | Larian responds as follows: Larian denies that the Yasmin Doll Configuration,
13 | Accessories, and Packaging listed in Copyright Registration No. VA 1-090-290 are
14 | copies of, derivative of, or substantially similar to Bryant's drawings of characters
15 | that he called "Bratz" that Bryant made prior to October 21, 2000, except admits that
16 | certain Bratz two-dimensional character art utilized on the Yasmin doll packaging
17 | listed in Copyright Registration No. VA 1-090-290 was derivative of Bryant's initial
18 | drawings of characters called "Bratz" that he created in August 1998, at which time
19 | he was not employed by Mattel.
20 |
21 | **REQUEST FOR ADMISSION NO. 71:**
22 |    Admit that the copyrighted material which is subject to Copyright
23 | Registration No. VA 1-090-290 is not BASED ON any DESIGNS CREATED BY
24 | BRYANT prior to October 21, 2000, other than the materials subject to Copyright
25 | Registration No. VA 1 -218-491.
26 | **RESPONSE TO REQUEST FOR ADMISSION NO. 71:**
27 |    Larian incorporates by reference his General Response and General
28 | Objections above, as though fully set forth herein and specifically incorporates

LARIAN'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN

EXHIBIT _4_ PAGE _255_

1  General Objection Nos. 12-13 (regarding Definitions), including but not limited to

2  his objections to the definition of the terms "BASED ON," "DESIGNS" and

3  "CREATED BY."  Larian further objects to the Request because "DESIGNS

4  CREATED BY BRYANT" is not a defined term and renders the Request vague and

5  ambiguous.  Larian further objects that the Request is compound, misleading, and

6  incorrectly assumes that "the copyrighted material which is subject to Copyright

7  Registration No. VA 1-090-290" is "BASED ON" "the materials subject to

8  Copyright Registration No. VA 1-218-491."  Larian thus objects to, and disregards

9  herein, the clause in the Request that states "other than the materials subject to

10  Copyright Registration No. VA 1-218-491".

11           Subject to and without waiving the foregoing general and specific

12  objections, Larian responds as follows to the request:

13           Due to the overly broad and confusing nature of the Request as a

14  consequence of Mattel's definitions, Larian states that he cannot "admit" or "deny"

15  this Request in a manner that would provide an accurate statement of Larian's

16  position that could not be used by Mattel to try to mislead the jury.  In lieu thereof,

17  Larian responds as follows: Larian denies that the Yasmin Doll Configuration,

18  Accessories, and Packaging listed in Copyright Registration No. VA 1-090-290 are

19  copies of, derivative of, or substantially similar to Bryant's drawings of characters

20  that he called "Bratz" that Bryant made prior to October 21, 2000, except admits that

21  certain Bratz two-dimensional character art utilized on the Yasmin doll packaging

22  listed in Copyright Registration No. VA 1-090-290 was derivative of Bryant's initial

23  drawings of characters called "Bratz" that he created in August 1998, at which time

24  he was not employed by Mattel.

25

26

27

28

EXHIBIT _4_ PAGE _254_

1  DATED:  February 04, 2008

2                                    SKADDEN, ARPS, SLATE, MEAGHER &
                                     FLOM, LLP

3                                    By: _____

4                                         Timothy A. Miller
                                     Attorneys for Counter-Defendants, MGA
5                                    ENTERTAINMENT, INC., ISAAC LARIAN,
                                     MGA ENTERTAINMENT (HK) LIMITED,
6                                    AND MGAE de MEXICO S.R.L. de C.V.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LARIAN'S RESPONSE TO MATTEL'S 1ST SET OF RFA TO BRYANT, MGA, MGA HK AND LARIAN
203733-San Francisco Server 1A - MSW

EXHIBIT  4 PAGE 257

**EXHIBIT 5**

RECEIVED

FEB 0 6 2008

1  KEKER & VAN NEST, LLP
   JOHN W. KEKER - #49092
2  jkeker@kvn.com
   MICHAEL H. PAGE - #154913
3  mpage@kvn.com
   CHRISTA M. ANDERSON - #184325
4  canderson@kvn.com
   MATTHEW M. WERDEGAR - #200470
5  mwerdegar@kvn.com
   JOHN E. TRINIDAD - #250468
6  jtrinidad@kvn.com
   AUDREY WALTON-HADLOCK- #250574
7  710 Sansome Street
   San Francisco, CA 94111-1704
8  Telephone: (415) 391-5400
   Facsimile: (415) 397-7188
9
   Attorneys for Plaintiff
10 CARTER BRYANT

11

12              UNITED STATES DISTRICT COURT

13             CENTRAL DISTRICT OF CALIFORNIA

14                   EASTERN DIVISION

15

16 | CARTER BRYANT, an individual,      | Case No. CV 04-09049 SGL (RNBx)
17 |                         Plaintiff, | (consolidated with CV 04-9059 & 05-2727)
18 |    v.                              | **CARTER BRYANT'S
19 | MATTEL, INC. a Delaware            | OBJECTIONS AND RESPONSES
   | Corporation,                       | TO MATTEL, INC.'S FIRST SET
20 |                        Defendant.  | OF REQUESTS FOR ADMISSION
21 |                                    | DATED DECEMBER 27, 2007**
22 | CONSOLIDATED WITH MATTEL,
   | INC., v. BRYANT and MGA
23 | ENTERTAINMENT, INC. v.
   | MATTEL, INC.
24

25

26

27

28

2-4-08

EXHIBIT 5 PAGE 258

| | | |
|---|---|---|
| 1 | PROPOUNDING PARTY: | MATTEL, INC. |
| 2 | RESPONDING PARTY: | CARTER BRYANT |
| 3 | SET NUMBER: | "First" |

4

5 **PRELIMINARY STATEMENT**

6     Carter Bryant ("Defendant" or "Bryant") hereby objects and responds to

7 Mattel, Inc.'s ("Plaintiff" or "Mattel") First Set of Requests for Admission

8 Propounded to MGA Entertainment, Inc., Carter Bryant, MGA Entertainment

9 (HK) Limited and Isaac Larian dated December 27, 2007 ("the Requests") as

10 follows.

11     Bryant's responses and objections are made solely for the purpose of this

12 action.

13     Bryant points out that discovery is still pending, that he has not concluded

14 his investigation of the facts relating to this case, has not completed his own

15 discovery in this case, and has not completed preparation for trial. In particular,

16 Mattel has been ordered to provide certain discovery, but has yet to comply with

17 all such orders. In light of the foregoing, the following Responses are given

18 without prejudice to Bryant's right to stand on his objections, to continue his

19 investigation and discovery, to rely on subsequently discovered facts, and to utilize

20 subsequently discovered or subsequently identified evidence or documents.

21     The following Responses reflect the current status of Bryant's knowledge

22 and belief respecting the matters about which inquiry is made. Discovery will

23 continue as long as permitted by order of the Court, statute, or stipulation of the

24 parties, and investigation by Bryant, his attorneys and agents will continue up to

25 and throughout the trial of this action. Bryant specifically reserves the right to

26 introduce at the time of trial any evidence from any source, including documents

27 and testimony from any witnesses, which may hereafter be discovered.

28     If any information has been unintentionally omitted from these Responses,

1

CARTER BRYANT'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S
FIRST SET OF REQUESTS FOR ADMISSION DATED DECEMBER 27, 2007
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT 5 PAGE 259

1  Bryant hereby reserves the right to amend these Responses to include the omitted
2  information.  Bryant also reserves the right to change, amend or supplement any or
3  all of the matters contained in these responses as additional facts are ascertained,
4  analyses are made, and research is completed.  These introductory paragraphs
5  apply to each and every Response herein and shall be incorporated as though fully
6  set forth in each and every Response.

7       Bryant's response to any of the Requests does not constitute an admission by
8  Bryant that he agrees with Plaintiff's characterizations or definitions contained
9  therein, that the information sought is relevant to a claim or defense, or that the
10  information sought is likely to lead to admissible evidence.  Except for explicit
11  facts admitted herein, no admission of any nature whatsoever is to be implied by or
12  inferred from any response anywhere stated in this document.  By responding to
13  these Requests, Bryant does not concede the relevancy, materiality, or
14  admissibility of any information sought by the requests or any responses thereto.

15       All of Bryant's responses are based upon information and documentation
16  that is currently available and specifically known to Bryant.  The responses are
17  made in a good-faith effort to provide information now known to Bryant which is
18  responsive, but Bryant specifically reserves the right both to supplement any of the
19  responses set forth below and to utilize at trial any further information or
20  documents.

21                          **GENERAL OBJECTIONS**

22       The following general objections apply to the entirety of Mattel's "First" Set
23  of Requests for Admission to multiple defendants, including Carter Bryant.  The
24  assertion of the same, similar, or additional objections to the individual requests
25  does not waive any of Bryant's general objections as set forth below.

26       1.     To the extent that the Requests ask Bryant to provide information
27  concerning the legal bases of his defenses of this matter, Bryant objects on the
28  grounds that the Requests impermissibly call for mental impressions, conclusions,

                                   2

EXHIBIT 5 PAGE 260

1    opinions and/or legal theories of Bryant's attorneys.

2        2.    Bryant also objects to the extent that the Requests call for the

3    disclosure of information protected by the attorney-client privilege, the work-

4    product doctrine, the joint defense or common interest privilege, or any other

5    applicable privilege or immunity.

6        3.    Bryant also objects to the extent that the Requests call for any legal

7    conclusions.

8        4.    Bryant further objects to the extent that the Requests seek information

9    comprising confidential information, protected from disclosure by California

10   and/or federal law.

11       5.    Bryant objects to the Requests to the extent that the Requests attempt

12   to unfairly restrict the facts on which Bryant may rely at trial.  Discovery has not

13   been completed and Bryant is not yet necessarily in possession of all the facts and

14   documents upon which Bryant intends to rely.  All of the responses submitted

15   herewith are tendered to Mattel with the reservation that discovery is ongoing and

16   thus the responses are submitted without limiting the evidence on which Bryant

17   may rely to support the contentions that Bryant may assert at the trial of this action.

18   Further, Bryant reserves the right to supplement or amend these responses in the

19   future if it deems that to be appropriate.

20       6.    Bryant objects to the Requests to the extent that the Requests seek

21   information that is not reasonably within Bryant's knowledge or within his

22   possession, custody, or control.

23       7.    Bryant objects to the Requests to the extent that the Requests seek

24   information that is neither relevant to the claims or defenses asserted in this

25   litigation nor reasonably calculated to lead to the discovery of admissible evidence.

26       8.    Bryant objects to the Requests to the extent they seek information that

27   is, by reason of public filing or otherwise, already in Mattel's possession or is

28   readily accessible to Mattel.

3

CARTER BRYANT'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S
FIRST SET OF REQUESTS FOR ADMISSION DATED DECEMBER 27, 2007
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT _5_ PAGE _261_

9.      Bryant objects to the Requests to the extent they seek confidential information, trade secrets or other proprietary information.

10.      Bryant objects to the Request to the extent they seek information that will be the subject of expert witness testimony and that is therefore premature. Bryant further objects to these Requests to the extent that they seeks to circumvent the expert disclosure provisions of the Federal and Local Rules.  Bryant will disclose his experts' opinions at a time and in a manner consistent with the Court's scheduling orders and the Federal Rules of Civil Procedure.

11.      Bryant objects to the defined terms "YOU", "MGA", "MGA HK", "MGA MEXICO", "PERSON" or "PERSONS", "AFFILIATES", "DEFENDANT" or "DEFENDANTS", and "MATTEL" on the grounds that these terms, as defined, are compound, overbroad, vague and ambiguous, subject to multiple interpretations and call for a legal conclusion.

12.      Bryant objets to the term "YOU" as vague and ambiguous, as well as over broad and unduly burdensome, as the defnitoin purports to include all defendants collectively.  In responding to the requests, MGA will interpret the term "YOU" to refer to Bryant.

13.      Bryant objects to the defined terms "DESIGN" or "DESIGNS", "BRATZ", "BRATZ DOLLS", "BRYANT'S BRATZ DESIGNS", "BRYANT'S BRATZ IDEAS", "BRYANT'S PITCH MATERIALS", "BRATZ WORK" or "BRATZ WORKS" on the grounds that these terms, as defined, are compound, overbroad, vague, ambiguous and misleading, subject to multiple interpretations, and call for a legal conclusion.

14.      Bryant objects to the defined terms "RELATING TO" and "REFER OR RELATE" as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

15. Bryant objects to the defined terms "BASED ON" and "CREATED" as vague and ambiguous, subject to multiple interpretations, and because these terms

4

EXHIBIT _5_ PAGE _262_

1  and Mattel's definitions for these terms call for a legal conclusion.

2      16.   Bryant objects to the defined terms "COMMUNICATION" and

3  "DOCUMENT" or "DOCUMENTS" as vague and ambiguous, and overbroad,

4  unduly burdensome, and not reasonably calculated to lead to the discovery of

5  admissible evidence to the extent that Mattel intends these terms to impose

6  obligations upon Bryant beyond those contemplated or permitted by the Federal

7  Rules of Civil Procedure and the Federal Rules of Evidence, including in particular

8  Rules 26, 34, and 36 of the Federal Rules of Civil Procedure, and Rule 1001 of the

9  Federal Rules of Evidence.

10

11                 **OBJECTIONS AND RESPONSES**

12  **REQUEST FOR ADMISSION NO. 1:**

13      Admit that BRATZ competes with one or more products marketed and sold

14  by MATTEL.

15  **RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

16      Bryant incorporates by reference the above-stated general objections as if

17  fully set forth herein.  Bryant also specifically objects to this request on the

18  grounds that the defined term "BRATZ" incorporates many different categories of

19  things—projects, products, dolls, and designs, or any portion thereof, whether or

20  not ever sold or marketed—which Bryant cannot reasonably consider together,

21  making the request compound.   Bryant also objects to the term "BRATZ" and its

22  definition as vague and ambiguous.  In responding to this request, Bryant interprets

23  the term "BRATZ" to mean the line of dolls introduced by MGA to the market for

24  sale and known today as "Bratz" and subsequent dolls, accessories, and other

25  products known as "Bratz" or associated by MGA with the Bratz line of dolls.

26  Bryant also specifically objects to this request on the ground that the term

27  "MATTEL" as defined is overbroad and vague and ambiguous.

28      Subject to and without waiving the foregoing general and specific

5

CARTER BRYANT'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S
FIRST SET OF REQUESTS FOR ADMISSION DATED DECEMBER 27, 2007
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT __5__ PAGE __263__

1  objections, Bryant responds to this request as follows:  as defined by Mattel, the

2  term "BRATZ" may include many things that do not compete with any Mattel

3  products, including Bryant's early drawings.  Bryant, however, admits that one or

4  more dolls introduced by MGA to the market for sale and known today as "Bratz,"

5  as well as one or more accessories or other products sold under the Bratz brand or

6  associated by MGA with the Bratz line of dolls, compete with one or more

7  products marketed and sold by Mattel and, on that basis, Bryant admits the request.

8

9  **REQUEST FOR ADMISSION NO. 2:**

10      Admit that BRATZ does not compete with any products marketed and sold

11  by MATTEL.

12  **RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

13      Bryant incorporates by reference the above-stated general objections as if

14  fully set forth herein.  Bryant also specifically objects to this request on the

15  grounds that the defined term "BRATZ" incorporates many different categories of

16  things—projects, products, dolls, and designs, or any portion thereof, whether or

17  not ever sold or marketed—which Bryant cannot reasonably consider together,

18  making the request compound.   Bryant also objects to the term "BRATZ" and its

19  definition as vague and ambiguous.  In responding to this request, Bryant interprets

20  the term "BRATZ" to mean the line of dolls introduced by MGA to the market for

21  sale and known today as "Bratz" and subsequent dolls, accessories, and other

22  products known as "Bratz" or associated by MGA with the Bratz line of dolls.

23  Bryant also specifically objects to this request on the ground that the term

24  "MATTEL" as defined is overbroad and vague and ambiguous.

25      Subject to and without waiving the foregoing general and specific

26  objections, Bryant responds to this request as follows:  as defined by Mattel, the

27  term "BRATZ" includes many things that do not compete with any Mattel

28  products, including Bryant's early drawings.  Bryant, however, admits that one or

CARTER BRYANT'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S
FIRST SET OF REQUESTS FOR ADMISSION DATED DECEMBER 27, 2007
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT _5_ PAGE _264_

1   more dolls introduced by MGA to the market for sale and known as "Bratz," as

2   well as one or more accessories or other products sold under the Bratz brand or

3   associated by MGA with the Bratz line of dolls, compete with one or more

4   products marketed and sold by Mattel and, on that basis, Bryant denies the request.

5

6   **REQUEST FOR ADMISSION NO. 3:**

7       Admit that BRATZ DOLLS compete with one or more products marketed

8   and sold by MATTEL.

9   **RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

10      Bryant incorporates by reference the above-stated general objections as if

11  fully set forth herein.  Bryant also objects to the definition of the term "BRATZ

12  DOLLS" as vague and ambiguous.  In responding to this request, Bryant interprets

13  the term "BRATZ DOLLS" to mean the line of dolls introduced by MGA to the

14  market for sale and today known as "Bratz".  Bryant also specifically objects to

15  this request on the ground that the term "MATTEL" as defined is overbroad and

16  vague and ambiguous.

17      Subject to and without waiving the foregoing general and specific

18  objections, Bryant responds to this request as follows:  Bryant admits that one or

19  more dolls introduced by MGA to the market for sale and today known as "Bratz"

20  compete with one or more products marketed and sold by Mattel, and on that basis,

21  Bryant admits the request.

22

23  **REQUEST FOR ADMISSION NO. 4:**

24      Admit that BRATZ DOLLS do not compete with any products marketed and

25  sold by MATTEL.

26  **RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

27      Bryant incorporates by reference the above-stated general objections as if

28  fully set forth herein.  Bryant also objects to the definition of the term "BRATZ

7

CARTER BRYANT'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S
FIRST SET OF REQUESTS FOR ADMISSION DATED DECEMBER 27, 2007
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT _5_ PAGE _265_

1  DOLLS" as vague and ambiguous. In responding to this request, Bryant interprets

2  the term "BRATZ DOLLS" to mean the line of dolls introduced by MGA to the

3  market for sale and today known as "Bratz". Bryant also specifically objects to

4  this request on the ground that the term "MATTEL" as defined is overbroad and

5  vague and ambiguous.

6      Subject to and without waiving the foregoing general and specific

7  objections, Bryant responds to this request as follows: Bryant admits that one or

8  more dolls introduced by MGA to the market for sale and known today as "Bratz"

9  compete with one or more products marketed and sold by Mattel, and on that basis,

10 Bryant denies the request.

11

12 **REQUEST FOR ADMISSION NO. 5:**

13      Admit that BRYANT's assignment of rights to BRATZ to MGA in the

14 ASSIGNMENT AGREEMENT gave MGA property rights.

15 **RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

16      Bryant incorporates by reference the above-stated general objections as if

17 fully set forth herein. Bryant objects to this request on the grounds that the

18 document referred to as the "ASSIGNMENT AGREEMENT" speaks for itself.

19 Bryant further objects that the Request calls for a legal conclusion. Bryant objects

20 to the definition of "BRATZ" and "MGA" on the grounds that, as defined, the

21 terms are vague and ambiguous. In responding to this request, Bryant interprets

22 the term "BRATZ" to mean the line of dolls introduced by MGA to the market for

23 sale and known today as "Bratz" and subsequent dolls, accessories, and other

24 products known as "Bratz" or associated by MGA with the Bratz line of dolls.

25 Bryant further objects that the term "property rights" is not defined in Mattel's

26 Requests for Admission, and therefore is vague and ambiguous.

27      Subject to and without waiving the foregoing general and specific

28 objections, Bryant responds to this request as follows:

CARTER BRYANT'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S
FIRST SET OF REQUESTS FOR ADMISSION DATED DECEMBER 27, 2007
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT _5_ PAGE _266_

1    Bryant admits that Paragraph 3(a) of the "ASSIGNMENT AGREEMENT"

2    contains the following language: "All results and proceeds of the services

3    provided by Bryant hereunder and any Contractor, including without limitation,

4    any inventions, and any documentation related thereto, and any other material,

5    whether written or oral (collectively, the "Bryant Work Product") shall be

6    considered 'work made for hire' and shall be owned exclusively, throughout the

7    world, and in perpetuity by MGA (including all copyrights and patents therein and

8    thereto, and all renewals and extensions thereof)."

9    Bryant also admits that Paragraph 3(b) of the "ASSIGNMENT

10   AGREEMENT" contains the following language: "with respect only to any

11   inventions and any documentation related thereto, and any other material, whether

12   written or oral, created by or for Bryant relating to the MGA Products prior to the

13   commencement of the term of this Agreement, for good and valuable

14   consideration, the receipt and sufficiency of which is hereby acknowledged by

15   Bryant, Bryant hereby irrevocably grants, conveys, transfers, sets over and assigns

16   to MGA in perpetuity all of Bryant's right, title and interest, in an [sic] to the such

17   material, including, without limiting the generality of the foregoing, all rights

18   under copyright and patent (and all renewals and extensions thereof) including the

19   right to produce and authorize the production of any and all derivative works, and

20   all proprietary rights of any kind therein, now known or hereafter created

21   throughout the world."

22

23   **REQUEST FOR ADMISSION NO. 6:**

24   Admit that BRYANT's assignment of rights to BRATZ to MGA in the

25   ASSIGNMENT AGREEMENT did not give MGA property rights.

26   **RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

27   Bryant incorporates by reference the above-stated general objections as if

28   fully set forth herein. Bryant objects to this request on the grounds that the

9

EXHIBIT _5_ PAGE _267_

1  document referred to as the "ASSIGNMENT AGREEMENT" speaks for itself.

2  Bryant further objects that the Request calls for a legal conclusion.  Bryant objects

3  to the definition of "BRATZ" and "MGA" on the grounds that, as defined, the

4  terms are vague and ambiguous.  In responding to this request, Bryant interprets

5  the term "BRATZ" to mean the line of dolls introduced by MGA to the market for

6  sale and known today as "Bratz" and subsequent dolls, accessories, and other

7  products known as "Bratz" or associated by MGA with the Bratz line of dolls.

8  Bryant further objects that the term "property rights" is not defined in Mattel's

9  Requests for Admission, and therefore is vague and ambiguous.

10      Subject to and without waiving the foregoing general and specific

11  objections, Bryant responds to this request as follows:

12      Bryant admits that Paragraph 3(a) of the "ASSIGNMENT AGREEMENT"

13  contains the following language:  "All results and proceeds of the services

14  provided by Bryant hereunder and any Contractor, including without limitation,

15  any inventions, and any documentation related thereto, and any other material,

16  whether written or oral (collectively, the "Bryant Work Product") shall be

17  considered 'work made for hire' and shall be owned exclusively, throughout the

18  world, and in perpetuity by MGA (including all copyrights and patents therein and

19  thereto, and all renewals and extensions thereof)."

20      Bryant also admits that Paragraph 3(b) of the "ASSIGNMENT

21  AGREEMENT" contains the following language:  "with respect only to any

22  inventions and any documentation related thereto, and any other material, whether

23  written or oral, created by or for Bryant relating to the MGA Products prior to the

24  commencement of the term of this Agreement, for good and valuable

25  consideration, the receipt and sufficiency of which is hereby acknowledged by

26  Bryant, Bryant hereby irrevocably grants, conveys, transfers, sets over and assigns

27  to MGA in perpetuity all of Bryant's right, title and interest, in an [sic] to the such

28  material, including, without limiting the generality of the foregoing, all rights

10

EXHIBIT __5__ PAGE __268__

1 under copyright and patent (and all renewals and extensions thereof) including the

2 right to produce and authorize the production of any and all derivative works, and

3 all proprietary rights of any kind therein, now known or hereafter created

4 throughout the world."

5

6 **REQUEST FOR ADMISSION NO. 7:**

7    Admit that BRYANT's assignment of rights to BRATZ to MGA in the

8 ASSIGNMENT AGREEMENT gave MGA valuable property rights.

9 **RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

10    Bryant incorporates by reference the above-stated general objections as if

11 fully set forth herein.  Bryant objects to this request on the grounds that the

12 document referred to as the "ASSIGNMENT AGREEMENT" speaks for itself.

13 Bryant further objects that the Request calls for a legal conclusion.  Bryant objects

14 to the definition of "BRATZ" and "MGA" on the grounds that, as defined, the

15 terms are vague and ambiguous.  In responding to this request, Bryant interprets

16 the term "BRATZ" to mean the line of dolls introduced by MGA to the market for

17 sale and known today as "Bratz" and subsequent dolls, accessories, and other

18 products known as "Bratz" or associated by MGA with the Bratz line of dolls.

19 Bryant further objects that the term "property rights" is not defined in Mattel's

20 Requests for Admission, and therefore is vague and ambiguous.  Bryant also

21 objects to the terms "valuable property rights" and "valuable", as those terms are

22 not defined in Mattel's Requests for Admission and are therefore vague and

23 ambiguous, and call for Bryant's opinion rather than an admission of fact.

24    Subject to and without waiving the foregoing general and specific

25 objections, Bryant responds to this request as follows:

26    Bryant admits that Paragraph 3(a) of the "ASSIGNMENT AGREEMENT"

27 contains the following language:  "All results and proceeds of the services

28 provided by Bryant hereunder and any Contractor, including without limitation,

11
CARTER BRYANT'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S
FIRST SET OF REQUESTS FOR ADMISSION DATED DECEMBER 27, 2007
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT _5_ PAGE _269_

1  any inventions, and any documentation related thereto, and any other material,

2  whether written or oral (collectively, the "Bryant Work Product") shall be

3  considered 'work made for hire' and shall be owned exclusively, throughout the

4  world, and in perpetuity by MGA (including all copyrights and patents therein and

5  thereto, and all renewals and extensions thereof)."

6          Bryant also admits that Paragraph 3(b) of the "ASSIGNMENT

7  AGREEMENT" contains the following language: "with respect only to any

8  inventions and any documentation related thereto, and any other material, whether

9  written or oral, created by or for Bryant relating to the MGA Products prior to the

10  commencement of the term of this Agreement, for good and valuable

11  consideration, the receipt and sufficiency of which is hereby acknowledged by

12  Bryant, Bryant hereby irrevocably grants, conveys, transfers, sets over and assigns

13  to MGA in perpetuity all of Bryant's right, title and interest, in an [sic] to the such

14  material, including, without limiting the generality of the foregoing, all rights

15  under copyright and patent (and all renewals and extensions thereof) including the

16  right to produce and authorize the production of any and all derivative works, and

17  all proprietary rights of any kind therein, now known or hereafter created

18  throughout the world."

19  **REQUEST FOR ADMISSION NO. 8:**

20          Admit that BRYANT's assignment of rights to BRATZ to MGA in the

21  ASSIGNMENT AGREEMENT did not give MGA valuable property rights.

22  **RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

23          Bryant incorporates by reference the above-stated general objections as if

24  fully set forth herein.  Bryant objects to this request on the grounds that the

25  document referred to as the "ASSIGNMENT AGREEMENT" speaks for itself.

26  Bryant further objects that the Request calls for a legal conclusion.  Bryant objects

27  to the definition of "BRATZ" and "MGA" on the grounds that, as defined, the

28  terms are vague and ambiguous.  In responding to this request, Bryant interprets

12

EXHIBIT __5__ PAGE 270

1  the term "BRATZ" to mean the line of dolls introduced by MGA to the market for

2  sale and known today as "Bratz" and subsequent dolls, accessories, and other

3  products known as "Bratz" or associated by MGA with the Bratz line of dolls.

4  Bryant further objects that the term "property rights" is not defined in Mattel's

5  Requests for Admission, and therefore is vague and ambiguous.  Bryant also

6  objects to the terms "valuable property rights" and "valuable", as those terms are

7  not defined in Mattel's Requests for Admission and are therefore vague and

8  ambiguous, and call for Bryant's opinion rather than an admission of fact.

9     Subject to and without waiving the foregoing general and specific

10  objections, Bryant responds to this request as follows:

11     Bryant admits that Paragraph 3(a) of the "ASSIGNMENT AGREEMENT"

12  contains the following language:  "All results and proceeds of the services

13  provided by Bryant hereunder and any Contractor, including without limitation,

14  any inventions, and any documentation related thereto, and any other material,

15  whether written or oral (collectively, the "Bryant Work Product") shall be

16  considered 'work made for hire' and shall be owned exclusively, throughout the

17  world, and in perpetuity by MGA (including all copyrights and patents therein and

18  thereto, and all renewals and extensions thereof)."

19     Bryant also admits that Paragraph 3(b) of the "ASSIGNMENT

20  AGREEMENT" contains the following language:  "with respect only to any

21  inventions and any documentation related thereto, and any other material, whether

22  written or oral, created by or for Bryant relating to the MGA Products prior to the

23  commencement of the term of this Agreement, for good and valuable

24  consideration, the receipt and sufficiency of which is hereby acknowledged by

25  Bryant, Bryant hereby irrevocably grants, conveys, transfers, sets over and assigns

26  to MGA in perpetuity all of Bryant's right, title and interest, in an [sic] to the such

27  material, including, without limiting the generality of the foregoing, all rights

28  under copyright and patent (and all renewals and extensions thereof) including the

13

EXHIBIT __5__ PAGE __271__