1   right to produce and authorize the production of any and all derivative works, and

2   all proprietary rights of any kind therein, now known or hereafter created

3   throughout the world."

4   **REQUEST FOR ADMISSION NO. 9:**

5       Admit that BRATZ is valuable property.

6   **RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

7       Bryant incorporates by reference the above-stated general objections as if

8   fully set forth herein.   Bryant specifically objects to this request on the grounds

9   that the defined term "BRATZ" incorporates many different categories of things—

10   projects, products, dolls, and designs, or any portion thereof, whether or not ever

11   sold or marketed—which Bryant cannot reasonably consider together, making the

12   request compound.   Bryant also objects to the term "BRATZ" and its definition on

13   the grounds that they are vague and ambiguous.   In responding to this request,

14   Bryant interprets the term "BRATZ" to mean the line of dolls introduced by MGA

15   to the market for sale and known today as "Bratz" and subsequent dolls,

16   accessories, and other products known as "Bratz" or associated by MGA with the

17   Bratz line of dolls.   Bryant also objects to the terms "valuable property" and

18   "valuable", as those terms are not defined in Mattel's Requests for Admission and

19   are therefore vague and ambiguous, and call for Bryant's opinion rather than an

20   admission of fact.   Bryant also objects to the term "property" as vague and

21   ambiguous and (because of that lack of definition) interprets it (for purposes of this

22   response only) to encompass any idea or thing without regard to legal definitions

23   of property.

24       Subject to and without waiving the foregoing general and specific

25   objections, Bryant responds to this request as follows:  Bryant admits that the line

26   of dolls known today as "Bratz" and the associated accessories and other products

27   sold under the Bratz brand, or associated by MGA with the Bratz line of dolls,

28   have value and, on that basis, admits the request.

CARTER BRYANT'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S
FIRST SET OF REQUESTS FOR ADMISSION DATED DECEMBER 27, 2007
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT 5 PAGE 272

**REQUEST FOR ADMISSION NO. 10:**

Admit that BRATZ is not valuable property.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

Bryant incorporates by reference the above-stated general objections as if fully set forth herein.   Bryant specifically objects to this request on the grounds that the defined term "BRATZ" incorporates many different categories of things— projects, products, dolls, and designs, or any portion thereof, whether or not ever sold or marketed—which Bryant cannot reasonably consider together, making the request compound.   Bryant also objects to the term "BRATZ" and its definition on the grounds that they are vague and ambiguous.   In responding to this request, Bryant interprets the term "BRATZ" to mean the line of dolls introduced by MGA to the market for sale and known today as "Bratz" and subsequent dolls, accessories, and other products known as "Bratz" or associated by MGA with the Bratz line of dolls.   Bryant also objects to the terms "valuable property" and "valuable", as those terms are not defined in Mattel's Requests for Admission and are therefore vague and ambiguous, and call for Bryant's opinion rather than an admission of fact.   Bryant also objects to the term "property" as vague and ambiguous and (because of that lack of definition) interprets it (for purposes of this response only) to encompass any idea or thing without regard to legal definitions of property.

Subject to and without waiving the foregoing general and specific objections, Bryant responds to this request as follows:  Because the line of dolls known today as "Bratz" and the associated accessories and other products sold under the Bratz brand, or associated by MGA with the Bratz line of dolls, have value, Bryant denies the request.

CARTER BRYANT'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S
FIRST SET OF REQUESTS FOR ADMISSION DATED DECEMBER 27, 2007
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT __5__ PAGE __273__

1  **REQUEST FOR ADMISSION NO. 11:**

2      Admit that BRATZ DOLLS are valuable property.

3  **RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

4      Bryant incorporates by reference the above-stated general objections as if

5  fully set forth herein.  Bryant objects to the term of "BRATZ DOLLS" and its

6  definition on the grounds that they are vague and ambiguous. In responding to this

7  request, Bryant interprets the term "BRATZ DOLLS" to mean the line of dolls

8  introduced by MGA to the market for sale and today known as "Bratz".  Bryant

9  also objects to the terms "valuable property" and "valuable", as those terms are not

10  defined in Mattel's Requests for Admission and are therefore vague and

11  ambiguous, and call for Bryant's opinion rather than an admission of fact.   Bryant

12  also objects to the term "property" as vague and ambiguous and (because of that

13  lack of definition) interprets it (for purposes of this response only) to encompass

14  any idea or thing without regard to legal definitions of property.

15      Subject to and without waiving the foregoing general and specific

16  objections, Bryant responds to this request as follows:  Bryant admits that the line

17  of dolls introduced by MGA to the market for sale and today known as "Bratz" has

18  value and, on that basis, admits the request.

19

20  **REQUEST FOR ADMISSION NO. 12:**

21      Admit that BRATZ DOLLS are not valuable property.

22  **RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

23      Bryant incorporates by reference the above-stated general objections as if

24  fully set forth herein.  Bryant objects to the term of "BRATZ DOLLS" and its

25  definition on the grounds that they are vague and ambiguous. In responding to this

26  request, Bryant interprets the term "BRATZ DOLLS" to mean the line of dolls

27  introduced by MGA to the market for sale and today known as "Bratz".  Bryant

28  also objects to the terms "valuable property" and "valuable", as those terms are not

16

EXHIBIT _5_ PAGE 274

1  defined in Mattel's Requests for Admission and are therefore vague and

2  ambiguous, and call for Bryant's opinion rather than an admission of fact.   Bryant

3  also objects to the term "property" as vague and ambiguous and (because of that

4  lack of definition) interprets it (for purposes of this response only) to encompass

5  any idea or thing without regard to legal definitions of property.

6      Subject to and without waiving the foregoing general and specific

7  objections, Bryant responds to this request as follows:  Bryant states that the line of

8  dolls introduced by MGA to the market for sale and today known as "Bratz" has

9  value, and, on that basis, denies the request.

10

11  **REQUEST FOR ADMISSION NO. 13:**

12      Admit that BRYANT's BRATZ DESIGNS are valuable property.

13  **RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

14      Bryant incorporates by reference the above-stated general objections as if

15  fully set forth herein.  Bryant objects to the term "BRYANT'S BRATZ

16  DESIGNS" and its definition on the grounds that they are vague and ambiguous.

17  In responding to this request, Bryant interprets the term "BRYANT'S BRATZ

18  DESIGNS" to mean drawings depicting characters that Bryant called Bratz and

19  made prior to October 4, 2000, the date on which Bryant signed his agreement with

20  MGA.  Bryant also objects to the terms "valuable property" and "valuable" as

21  vague and ambiguous, and as calling for Bryant's opinion rather than an admission

22  of fact.  Bryant also objects to the term "property" as vague and ambiguous and

23  (because of that lack of definition) interprets it (for purposes of this response only)

24  to encompass any idea or thing without regard to legal definitions of property.

25      Subject to and without waiving the foregoing general and specific

26  objections, Bryant responds to this request as follows:  Bryant admits that some of

27  the drawings depicting characters that Bryant called Bratz and made prior to

28  October 4, 2000 did not always entirely lack any form of value, and on that basis

EXHIBIT __5__ PAGE 275

1   admits the request.

2

3   **REQUEST FOR ADMISSION NO. 14:**

4       Admit that BRYANT'S BRATZ DESIGNS are not valuable property.

5   **RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

6       Bryant incorporates by reference the above-stated general objections as if

7   fully set forth herein.  Bryant objects to the term "BRYANT'S BRATZ

8   DESIGNS" and its definition on the grounds that they are vague and ambiguous. In

9   responding to this request, Bryant interprets the term "BRYANT'S BRATZ

10   DESIGNS" to mean drawings depicting characters that Bryant called Bratz and

11   made prior to October 4, 2000, the date on which Bryant signed his agreement with

12   MGA. Bryant also objects to the terms "valuable property" and "valuable" as

13   vague and ambiguous, and as calling for Bryant's opinion rather than an admission

14   of fact.  Bryant also objects to the term "property" as vague and ambiguous and

15   (because of that lack of definition) interprets it (for purposes of this response only)

16   to encompass any idea or thing without regard to legal definitions of property.

17       Subject to and without waiving the foregoing general and specific

18   objections, Bryant responds to this request as follows:  Bryant admits that some of

19   the drawings depicting characters that Bryant called Bratz and made prior to

20   October 4, 2000 did not always entirely lack any form of value, and on that basis

21   denies the request.

22

23   **REQUEST FOR ADMISSION NO. 15:**

24       Admit that BRYANT'S BRATZ DESIGNS were valuable property at the

25   time of the ASSIGNMENT AGREEMENT.

26   **RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

27       Bryant incorporates by reference the above-stated general objections as if

28   fully set forth herein.  Bryant objects to the term "BRYANT'S BRATZ

EXHIBIT _5_ PAGE _276_

1   DESIGNS" and its definition on the grounds that they are vague and ambiguous.
2   In responding to this request, Bryant interprets the term "BRYANT'S BRATZ
3   DESIGNS" to mean drawings depicting characters that Bryant called Bratz and
4   made prior to October 4, 2000, the date on which Bryant signed his agreement with
5   MGA. Bryant also objects to the terms "valuable property" and "valuable" as
6   vague and ambiguous, and as calling for Bryant's opinion rather than an admission
7   of fact. Bryant also objects to the term "property" as vague and ambiguous and
8   (because of that lack of definition) interprets it (for purposes of this response only)
9   to encompass any idea or thing without regard to legal definitions of property.
10         Subject to and without waiving the foregoing general and specific
11   objections, Bryant responds to this request as follows: after reasonable inquiry,
12   Bryant has insufficient information or knowledge to enable him to admit or deny
13   this Request.
14   **REQUEST FOR ADMISSION NO. 16:**
15         Admit that BRYANT'S BRATZ DESIGNS were not valuable property at
16   the time of the ASSIGNMENT AGREEMENT.
17   **RESPONSE TO REQUEST FOR ADMISSION NO. 16:**
18         Bryant incorporates by reference the above-stated general objections as if
19   fully set forth herein. Bryant objects to the term "BRYANT'S BRATZ
20   DESIGNS" and its definition on the grounds that they are vague and ambiguous. In
21   responding to this request, Bryant interprets the term "BRYANT'S BRATZ
22   DESIGNS" to mean drawings depicting characters that Bryant called Bratz and
23   made prior to October 4, 2000, the date on which Bryant signed his agreement with
24   MGA. Bryant also objects to the terms "valuable property" and "valuable" as
25   vague and ambiguous, and as calling for Bryant's opinion rather than an admission
26   of fact. Bryant also objects to the term "property" as vague and ambiguous and
27   (because of that lack of definition) interprets it (for purposes of this response only)
28   to encompass any idea or thing without regard to legal definitions of property.

19

EXHIBIT __5__ PAGE __277__

1       Subject to and without waiving the foregoing general and specific

2   objections, Bryant responds to this request as follows:  After reasonable inquiry,

3   Bryant has insufficient information or knowledge to enable him to admit or deny

4   this Request.

5

6   **REQUEST FOR ADMISSION NO. 17:**

7       Admit that BRYANT'S BRATZ IDEAS are valuable property.

8   **RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

9       Bryant incorporates by reference the above-stated general objections as if

10  fully set forth herein.  Bryant objects to the term "BRYANT'S BRATZ IDEAS"

11  and its definition on the grounds that they are vague and ambiguous. In responding

12  to this request, Bryant interprets the term "BRYANT'S BRATZ IDEAS" to mean

13  Bryant's idea for a line of fashion dolls that he called "Bratz." Bryant also objects

14  to the terms "valuable property" and "valuable" as vague and ambiguous, and as

15  calling for Bryant's opinion rather than an admission of fact.  Bryant also objects

16  to the term "property" as vague and ambiguous and (because of that lack of

17  definition) interprets it (for purposes of this response only) to encompass any idea

18  or thing without regard to legal definitions of property.

19      Subject to and without waiving the foregoing general and specific

20  objections, Bryant responds to this request as follows:  Bryant admits that some of

21  the drawings depicting characters that Bryant called Bratz and made prior to

22  October 4, 2000 did not always entirely lack any form of value, and on that basis

23  admits the request.

24  **REQUEST FOR ADMISSION NO. 18:**

25      Admit that BRYANT'S BRATZ IDEAS are not valuable property.

26  **RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

27      Bryant incorporates by reference the above-stated general objections as if

28  fully set forth herein.  Bryant objects to the term "BRYANT'S BRATZ IDEAS"

EXHIBIT 5 PAGE 278

1  and its definition on the grounds that they are vague and ambiguous.  In responding

2  to this request, Bryant interprets the term "BRYANT'S BRATZ IDEAS" to mean

3  Bryant's idea for a line of fashion dolls that he called "Bratz."  Bryant also objects

4  to the terms "valuable property" and "valuable" as vague and ambiguous, and as

5  calling for Bryant's opinion rather than an admission of fact.  Bryant also objects

6  to the term "property" as vague and ambiguous and (because of that lack of

7  definition) interprets it (for purposes of this response only) to encompass any idea

8  or thing without regard to legal definitions of property.

9      Subject to and without waiving the foregoing general and specific

10  objections, Bryant responds to this request as follows:  Bryant states that some of

11  the drawings depicting characters that Bryant called Bratz and made prior to

12  October 4, 2000 did not always entirely lack any form of value, and on that basis

13  denies the request.

14  **REQUEST FOR ADMISSION NO. 19:**

15      Admit that BRYANT'S BRATZ IDEAS were valuable property at the time

16  of the ASSIGNMENT AGREEMENT.

17  **RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

18      Bryant incorporates by reference the above-stated general objections as if

19  fully set forth herein.  Bryant objects to the term "BRYANT'S BRATZ IDEAS"

20  and its definition on the grounds that they are vague and ambiguous.  In responding

21  to this request, Bryant interprets the term "BRYANT'S BRATZ IDEAS" to mean

22  Bryant's idea for a line of fashion dolls that he called "Bratz."  Bryant also objects

23  to the terms "valuable property" and "valuable" as vague and ambiguous, and as

24  calling for Bryant's opinion rather than an admission of fact.  Bryant also objects

25  to the term "property" as vague and ambiguous and (because of that lack of

26  definition) interprets it (for purposes of this response only) to encompass any idea

27  or thing without regard to legal definitions of property.

28      Subject to and without waiving the foregoing general and specific

CARTER BRYANT'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S
FIRST SET OF REQUESTS FOR ADMISSION DATED DECEMBER 27, 2007
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT 5 PAGE 279

1  objections, Bryant responds to this request as follows: after reasonable inquiry,

2  Bryant has insufficient information or knowledge to enable him to admit or deny

3  this Request.

4  **REQUEST FOR ADMISSION NO. 20:**

5      Admit that BRYANT'S BRATZ IDEAS were not valuable property at the

6  time of the ASSIGNMENT AGREEMENT.

7  **RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

8      Bryant incorporates by reference the above-stated general objections as if

9  fully set forth herein.  Bryant objects to the term "BRYANT'S BRATZ IDEAS"

10  and its definition on the grounds that they are vague and ambiguous. In responding

11  to this request, Bryant interprets the term "BRYANT'S BRATZ IDEAS" to mean

12  Bryant's idea for a line of fashion dolls that he called "Bratz."  Bryant also objects

13  to the terms "valuable property" and "valuable" as vague and ambiguous, and as

14  calling for Bryant's opinion rather than an admission of fact.  Bryant also objects

15  to the term "property" as vague and ambiguous and (because of that lack of

16  definition) interprets it (for purposes of this response only) to encompass any idea

17  or thing without regard to legal definitions of property.

18      Subject to and without waiving the foregoing general and specific

19  objections, Bryant responds to this request as follows:  After reasonable inquiry,

20  Bryant has insufficient information or knowledge to enable him to admit or deny

21  this Request.

22

23  **REQUEST FOR ADMISSION NO. 21:**

24      Admit that rights to BRYANT'S BRATZ DESIGNS were assigned to MGA

25  in the ASSIGNMENT AGREEMENT.

26  **RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

27      Bryant incorporates by reference the above-stated general objections as if

28  fully set forth herein.  Bryant objects to this request on the grounds that the

22

CARTER BRYANT'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S
FIRST SET OF REQUESTS FOR ADMISSION DATED DECEMBER 27, 2007
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT __5__ PAGE 280

1  document referred to as the "ASSIGNMENT AGREEMENT" speaks for itself.

2  Bryant further objects that the Request calls for a legal conclusion.  Bryant objects

3  to the definition of "BRYANT'S BRATZ DESIGN" and "MGA" on the grounds

4  that, as defined, the terms are vague and ambiguous.  In responding to this request,

5  Bryant interprets the term "BRYANT'S BRATZ DESIGNS" to mean drawings

6  depicting characters that Bryant called Bratz and made prior to October 4, 2000,

7  the date on which Bryant signed his agreement with MGA.  Bryant further objects

8  that the term "rights" is not defined in Mattel's Requests for Admission, and

9  therefore is vague and ambiguous.

10       Subject to and without waiving the foregoing general and specific

11  objections, Bryant responds to this request as follows:  Bryant admits that

12  Paragraph 3(b) of the "ASSIGNMENT AGREEMENT" contains the following

13  language: "with respect only to any inventions and any documentation related

14  thereto, and any other material, whether written or oral, created by or for Bryant

15  relating to the MGA Products prior to the commencement of the term of this

16  Agreement, for good and valuable consideration, the receipt and sufficiency of

17  which is hereby acknowledged by Bryant, Bryant hereby irrevocably grants,

18  conveys, transfers, sets over and assigns to MGA in perpetuity all of Bryant's

19  right, title and interest, in an [sic] to the such material, including, without limiting

20  the generality of the foregoing, all rights under copyright and patent (and all

21  renewals and extensions thereof) including the right to produce and authorize the

22  production of any and all derivative works, and all proprietary rights of any kind

23  therein, now known or hereafter created throughout the world."

24  **REQUEST FOR ADMISSION NO. 22:**

25       Admit that rights to BRYANT'S BRATZ DESIGNS were not assigned to

26  MGA in the ASSIGNMENT AGREEMENT.

27  **RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

28       Bryant incorporates by reference the above-stated general objections as if

EXHIBIT 5 PAGE 281

1  fully set forth herein.  Bryant objects to this request on the grounds that the

2  document referred to as the "ASSIGNMENT AGREEMENT" speaks for itself.

3  Bryant further objects that the Request calls for a legal conclusion.  Bryant objects

4  to the definition of "BRYANT'S BRATZ DESIGN" and "MGA" on the grounds

5  that, as defined, the terms are vague and ambiguous.  In responding to this request,

6  Bryant interprets the term "BRYANT'S BRATZ DESIGNS" to mean drawings

7  depicting characters that Bryant called Bratz and made prior to October 4, 2000,

8  the date on which Bryant signed his agreement with MGA.  Bryant further objects

9  that the term "rights" is not defined in Mattel's Requests for Admission, and

10  therefore is vague and ambiguous.

11         Subject to and without waiving the foregoing general and specific

12  objections, Bryant responds to this request as follows:  Bryant admits that

13  Paragraph 3(b) of the "ASSIGNMENT AGREEMENT" contains the following

14  language:  "with respect only to any inventions and any documentation related

15  thereto, and any other material, whether written or oral, created by or for Bryant

16  relating to the MGA Products prior to the commencement of the term of this

17  Agreement, for good and valuable consideration, the receipt and sufficiency of

18  which is hereby acknowledged by Bryant, Bryant hereby irrevocably grants,

19  conveys, transfers, sets over and assigns to MGA in perpetuity all of Bryant's

20  right, title and interest, in an [sic] to the such material, including, without limiting

21  the generality of the foregoing, all rights under copyright and patent (and all

22  renewals and extensions thereof) including the right to produce and authorize the

23  production of any and all derivative works, and all proprietary rights of any kind

24  therein, now known or hereafter created throughout the world."

25  **REQUEST FOR ADMISSION NO. 23:**

26         Admit that rights to BRYANT'S BRATZ IDEAS were assigned to MGA in

27  the ASSIGNMENT AGREEMENT.

28

CARTER BRYANT'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S
FIRST SET OF REQUESTS FOR ADMISSION DATED DECEMBER 27, 2007
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT _5_ PAGE 282

**RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

Bryant incorporates by reference the above-stated general objections as if fully set forth herein.  Bryant objects to this request on the grounds that the document referred to as the "ASSIGNMENT AGREEMENT" speaks for itself. Bryant further objects that the Request calls for a legal conclusion.  Bryant objects to the definition of "BRYANT'S BRATZ IDEAS" and "MGA" on the grounds that, as defined, the terms are vague and ambiguous.  In responding to this request, Bryant interprets the term "BRYANT'S BRATZ IDEAS" to mean Bryant's idea for a line of fashion dolls that he called "Bratz."  Bryant further objects that the term "rights" is not defined in Mattel's Requests for Admission, and therefore is vague and ambiguous.

Subject to and without waiving the foregoing general and specific objections, Bryant responds to this request as follows:  Bryant admits that Paragraph 3(b) of the "ASSIGNMENT AGREEMENT" contains the following language: "with respect only to any inventions and any documentation related thereto, and any other material, whether written or oral, created by or for Bryant relating to the MGA Products prior to the commencement of the term of this Agreement, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by Bryant, Bryant hereby irrevocably grants, conveys, transfers, sets over and assigns to MGA in perpetuity all of Bryant's right, title and interest, in an [sic] to the such material, including, without limiting the generality of the foregoing, all rights under copyright and patent (and all renewals and extensions thereof) including the right to produce and authorize the production of any and all derivative works, and all proprietary rights of any kind therein, now known or hereafter created throughout the world."

**REQUEST FOR ADMISSION NO. 24:**

Admit that rights to BRYANT'S BRATZ IDEAS were not assigned to MGA in the ASSIGNMENT AGREEMENT.

25

EXHIBIT _5_ PAGE _283_

**RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

Bryant incorporates by reference the above-stated general objections as if fully set forth herein. Bryant objects to this request on the grounds that the document referred to as the "ASSIGNMENT AGREEMENT" speaks for itself. Bryant further objects that the Request calls for a legal conclusion. Bryant objects to the definition of "BRYANT'S BRATZ IDEAS" and "MGA" on the grounds that, as defined, the terms are vague and ambiguous. In responding to this request, Bryant interprets the term "BRYANT'S BRATZ IDEAS" to mean Bryant's idea for a line of fashion dolls that he called "Bratz." Bryant further objects that the term "rights" is not defined in Mattel's Requests for Admission, and therefore is vague and ambiguous.

Subject to and without waiving the foregoing general and specific objections, Bryant responds to this request as follows: Bryant admits that Paragraph 3(b) of the "ASSIGNMENT AGREEMENT" contains the following language: "with respect only to any inventions and any documentation related thereto, and any other material, whether written or oral, created by or for Bryant relating to the MGA Products prior to the commencement of the term of this Agreement, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by Bryant, Bryant hereby irrevocably grants, conveys, transfers, sets over and assigns to MGA in perpetuity all of Bryant's right, title and interest, in an [sic] to the such material, including, without limiting the generality of the foregoing, all rights under copyright and patent (and all renewals and extensions thereof) including the right to produce and authorize the production of any and all derivative works, and all proprietary rights of any kind therein, now known or hereafter created throughout the world."

**REQUEST FOR ADMISSION NO. 25:**

Admit that BRYANT assigned all rights to BRATZ to MGA in the

26

EXHIBIT 5 PAGE 284

1    ASSIGNMENT AGREEMENT.

2    **RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

3        Bryant incorporates by reference the above-stated general objections as if

4    fully set forth herein.  Bryant objects to this request on the grounds that the

5    document referred to as the "ASSIGNMENT AGREEMENT" speaks for itself.

6    Bryant further objects that the Request calls for a legal conclusion.  Bryant objects

7    to the definition of "BRATZ" and "MGA" on the grounds that, as defined, the

8    terms are vague and ambiguous.  Bryant also specifically objects to this request on

9    the grounds that the defined term "BRATZ" incorporates many different categories

10   of things—projects, products, dolls, and designs, or any portion thereof, whether or

11   not ever sold or marketed—which Bryant cannot reasonably consider together,

12   making the request compound.   Bryant also objects to the definition of the term

13   "BRATZ" as vague and ambiguous.  In responding to this request, Bryant

14   interprets the term "BRATZ" to mean the line of dolls introduced by MGA to the

15   market for sale and known today as "Bratz" and subsequent dolls, accessories, and

16   other products known as "Bratz" or associated by MGA with the Bratz line of

17   dolls.   Bryant further objects that the term "rights" is not defined in Mattel's

18   Requests for Admission, and therefore is vague and ambiguous.

19       Subject to and without waiving the foregoing general and specific

20   objections, Bryant responds to this request as follows:

21       Bryant admits that Paragraph 3(a) of the "ASSIGNMENT AGREEMENT"

22   contains the following language:  "All results and proceeds of the services

23   provided by Bryant hereunder and any Contractor, including without limitation,

24   any inventions, and any documentation related thereto, and any other material,

25   whether written or oral (collectively, the "Bryant Work Product") shall be

26   considered 'work made for hire' and shall be owned exclusively, throughout the

27   world, and in perpetuity by MGA (including all copyrights and patents therein and

28   thereto, and all renewals and extensions thereof).

27

CARTER BRYANT'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S
FIRST SET OF REQUESTS FOR ADMISSION DATED DECEMBER 27, 2007
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT _5_ PAGE _285_

1    Bryant also admits that Paragraph 3(b) of the "ASSIGNMENT

2  AGREEMENT" contains the following language: "with respect only to any

3  inventions and any documentation related thereto, and any other material, whether

4  written or oral, created by or for Bryant relating to the MGA Products prior to the

5  commencement of the term of this Agreement, for good and valuable

6  consideration, the receipt and sufficiency of which is hereby acknowledged by

7  Bryant, Bryant hereby irrevocably grants, conveys, transfers, sets over and assigns

8  to MGA in perpetuity all of Bryant's right, title and interest, in an [sic] to the such

9  material, including, without limiting the generality of the foregoing, all rights

10  under copyright and patent (and all renewals and extensions thereof) including the

11  right to produce and authorize the production of any and all derivative works, and

12  all proprietary rights of any kind therein, now known or hereafter created

13  throughout the world."

14

15  **REQUEST FOR ADMISSION NO. 26:**

16    Admit that BRYANT did not assign all rights to BRATZ to MGA in the

17  ASSIGNMENT AGREEMENT.

18  **RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

19    Bryant incorporates by reference the above-stated general objections as if

20  fully set forth herein.  Bryant objects to this request on the grounds that the

21  document referred to as the "ASSIGNMENT AGREEMENT" speaks for itself.

22  Bryant further objects that the Request calls for a legal conclusion.  Bryant objects

23  to the definition of "BRATZ" and "MGA" on the grounds that, as defined, the

24  terms are vague and ambiguous.  Bryant also specifically objects to this request on

25  the grounds that the defined term "BRATZ" incorporates many different categories

26  of things—projects, products, dolls, and designs, or any portion thereof, whether or

27  not ever sold or marketed—which Bryant cannot reasonably consider together,

28  making the request compound.  Bryant also objects to the definition of the term

28

CARTER BRYANT'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S
FIRST SET OF REQUESTS FOR ADMISSION DATED DECEMBER 27, 2007
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT 5 PAGE 286

1  "BRATZ" as vague and ambiguous.  In responding to this request, Bryant

2  interprets the term "BRATZ" to mean the line of dolls introduced by MGA to the

3  market for sale and known today as "Bratz" and subsequent dolls, accessories, and

4  other products known as "Bratz" or associated by MGA with the Bratz line of

5  dolls.   Bryant further objects that the term "rights" is not defined in Mattel's

6  Requests for Admission, and therefore is vague and ambiguous.  Subject to and

7  without waiving the foregoing general and specific objections, Bryant responds to

8  this request as follows:

9          Bryant admits that Paragraph 3(a) of the "ASSIGNMENT AGREEMENT"

10  contains the following language:  "All results and proceeds of the services

11  provided by Bryant hereunder and any Contractor, including without limitation,

12  any inventions, and any documentation related thereto, and any other material,

13  whether written or oral (collectively, the "Bryant Work Product") shall be

14  considered 'work made for hire' and shall be owned exclusively, throughout the

15  world, and in perpetuity by MGA (including all copyrights and patents therein and

16  thereto, and all renewals and extensions thereof).

17          Bryant also admits that Paragraph 3(b) of the "ASSIGNMENT

18  AGREEMENT" contains the following language: "with respect only to any

19  inventions and any documentation related thereto, and any other material, whether

20  written or oral, created by or for Bryant relating to the MGA Products prior to the

21  commencement of the term of this Agreement, for good and valuable

22  consideration, the receipt and sufficiency of which is hereby acknowledged by

23  Bryant, Bryant hereby irrevocably grants, conveys, transfers, sets over and assigns

24  to MGA in perpetuity all of Bryant's right, title and interest, in an [sic] to the such

25  material, including, without limiting the generality of the foregoing, all rights

26  under copyright and patent (and all renewals and extensions thereof) including the

27  right to produce and authorize the production of any and all derivative works, and

28  all proprietary rights of any kind therein, now known or hereafter created

EXHIBIT _5_ PAGE _287_

1   throughout the world."

2   **REQUEST FOR ADMISSION NO. 27:**

3        Admit that BRYANT assigned at least some rights to BRATZ to MGA in

4   the ASSIGNMENT AGREEMENT.

5   **RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

6        Bryant incorporates by reference the above-stated general objections as if

7   fully set forth herein.  Bryant objects to this request on the grounds that the

8   document referred to as the "ASSIGNMENT AGREEMENT" speaks for itself.

9   Bryant further objects that the Request calls for a legal conclusion.  Bryant objects

10  to the definition of "BRATZ" and "MGA" on the grounds that, as defined, the

11  terms are vague and ambiguous.  Bryant also specifically objects to this request on

12  the grounds that the defined term "BRATZ" incorporates many different categories

13  of things—projects, products, dolls, and designs, or any portion thereof, whether or

14  not ever sold or marketed—which Bryant cannot reasonably consider together,

15  making the request compound.   Bryant also objects to the definition of the term

16  "BRATZ" as vague and ambiguous.  In responding to this request, Bryant

17  interprets the term "BRATZ" to mean the line of dolls introduced by MGA to the

18  market for sale and known today as "Bratz" and subsequent dolls, accessories, and

19  other products known as "Bratz" or associated by MGA with the Bratz line of

20  dolls.   Bryant further objects that the term "rights" is not defined in Mattel's

21  Requests for Admission, and therefore is vague and ambiguous.  Subject to and

22  without waiving the foregoing general and specific objections, Bryant responds to

23  this request as follows:

24        Bryant admits that Paragraph 3(a) of the "ASSIGNMENT AGREEMENT"

25  contains the following language:  "All results and proceeds of the services

26  provided by Bryant hereunder and any Contractor, including without limitation,

27  any inventions, and any documentation related thereto, and any other material,

28  whether written or oral (collectively, the "Bryant Work Product") shall be

30

EXHIBIT _5_ PAGE _288_

1  considered 'work made for hire' and shall be owned exclusively, throughout the

2  world, and in perpetuity by MGA (including all copyrights and patents therein and

3  thereto, and all renewals and extensions thereof).

4       Bryant also admits that Paragraph 3(b) of the "ASSIGNMENT

5  AGREEMENT" contains the following language: "with respect only to any

6  inventions and any documentation related thereto, and any other material, whether

7  written or oral, created by or for Bryant relating to the MGA Products prior to the

8  commencement of the term of this Agreement, for good and valuable

9  consideration, the receipt and sufficiency of which is hereby acknowledged by

10  Bryant, Bryant hereby irrevocably grants, conveys, transfers, sets over and assigns

11  to MGA in perpetuity all of Bryant's right, title and interest, in an [sic] to the such

12  material, including, without limiting the generality of the foregoing, all rights

13  under copyright and patent (and all renewals and extensions thereof) including the

14  right to produce and authorize the production of any and all derivative works, and

15  all proprietary rights of any kind therein, now known or hereafter created

16  throughout the world."

17  **REQUEST FOR ADMISSION NO. 28:**

18       Admit that BRYANT did not assign any rights to BRATZ to MGA in the

19  ASSIGNMENT AGREEMENT.

20  **RESPONSE TO REQUEST FOR ADMISSION NO. 28:**

21       Bryant incorporates by reference the above-stated general objections as if

22  fully set forth herein.  Bryant objects to this request on the grounds that the

23  document referred to as the "ASSIGNMENT AGREEMENT" speaks for itself.

24  Bryant further objects that the Request calls for a legal conclusion.  Bryant objects

25  to the definition of "BRATZ" and "MGA" on the grounds that, as defined, the

26  terms are vague and ambiguous.  Bryant also specifically objects to this request on

27  the grounds that the defined term "BRATZ" incorporates many different categories

28  of things—projects, products, dolls, and designs, or any portion thereof, whether or

31

EXHIBIT _5_ PAGE _289_

1   not ever sold or marketed—which Bryant cannot reasonably consider together,

2   making the request compound.   Bryant also objects to the definition of the term

3   "BRATZ" as vague and ambiguous.  In responding to this request, Bryant

4   interprets the term "BRATZ" to mean the line of dolls introduced by MGA to the

5.  market for sale and known today as "Bratz" and subsequent dolls, accessories, and

6   other products known as "Bratz" or associated by MGA with the Bratz line of

7   dolls.   Bryant further objects that the term "rights" is not defined in Mattel's

8   Requests for Admission, and therefore is vague and ambiguous.

9       Subject to and without waiving the foregoing general and specific

10  objections, Bryant responds to this request as follows:

11      Bryant admits that Paragraph 3(a) of the "ASSIGNMENT AGREEMENT"

12  contains the following language:  "All results and proceeds of the services

13  provided by Bryant hereunder and any Contractor, including without limitation,

14  any inventions, and any documentation related thereto, and any other material,

15  whether written or oral (collectively, the "Bryant Work Product") shall be

16  considered 'work made for hire' and shall be owned exclusively, throughout the

17  world, and in perpetuity by MGA (including all copyrights and patents therein and

18  thereto, and all renewals and extensions thereof).

19      Bryant also admits that Paragraph 3(b) of the "ASSIGNMENT

20  AGREEMENT" contains the following language: "with respect only to any

21  inventions and any documentation related thereto, and any other material, whether

22  written or oral, created by or for Bryant relating to the MGA Products prior to the

23  commencement of the term of this Agreement, for good and valuable

24  consideration, the receipt and sufficiency of which is hereby acknowledged by

25  Bryant, Bryant hereby irrevocably grants, conveys, transfers, sets over and assigns

26  to MGA in perpetuity all of Bryant's right, title and interest, in an [sic] to the such

27  material, including, without limiting the generality of the foregoing, all rights

28  under copyright and patent (and all renewals and extensions thereof) including the

32

CARTER BRYANT'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S
FIRST SET OF REQUESTS FOR ADMISSION DATED DECEMBER 27, 2007
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT  5  PAGE 290

1   right to produce and authorize the production of any and all derivative works, and

2   all proprietary rights of any kind therein, now known or hereafter created

3   throughout the world."

4

5   **REQUEST FOR ADMISSION NO. 29:**

6       Admit that David Rosenbaum acted as an authorized agent of MGA in the

7   year 2000 insofar as he performed services RELATING TO the ASSIGNMENT

8   AGREEMENT.

9   **RESPONSE TO REQUEST FOR ADMISSION NO. 29:**

10       Bryant incorporates by reference the above-stated general objections as if

11   fully set forth herein.  Bryant also specifically objects to this request on the

12   grounds that the term "authorized agent" is unclear and confusing and as calling

13   for a legal conclusion.  Bryant also specifically objects to this request on the

14   ground that it is more properly directed toward MGA, because it addresses matters

15   exclusively within MGA's control and outside of Bryant's knowledge, and that it is

16   therefore burdensome and oppressive as directed to Bryant.  Bryant also objects to

17   the definition of the terms "MGA" and "RELATING TO" on the grounds that they

18   are overbroad, vague and ambiguous.

19       Subject to and without waiving the foregoing general and specific

20   objections, Bryant responds to this request as follows: after reasonable inquiry,

21   Bryant has insufficient information or knowledge to enable him to admit or deny

22   this Request.

23   **REQUEST FOR ADMISSION NO. 30:**

24       Admit that David Rosenbaum did not act as an authorized agent of MGA in

25   the year 2000 insofar as he performed services RELATING TO the

26   ASSIGNMENT AGREEMENT.

27   **RESPONSE TO REQUEST FOR ADMISSION NO. 30:**

28       Bryant incorporates by reference the above-stated general objections as if

EXHIBIT _5_ PAGE _291_

1  fully set forth herein.  Bryant also specifically objects to this request on the

2  grounds that the term "authorized agent" is unclear and confusing and as calling

3  for a legal conclusion.   Bryant also specifically objects to this request on the

4  ground that it is more properly directed toward MGA, because it addresses matters

5  exclusively within MGA's control and outside of Bryant's knowledge, and that it is

6  therefore burdensome and oppressive as directed to Bryant.  Bryant also objects to

7  the definition of the terms "MGA" and "RELATING TO" on the grounds that they

8  are overbroad, vague and ambiguous.

9      Subject to and without waiving the foregoing general and specific

10  objections, Bryant responds to this request as follows: after reasonable inquiry,

11  Bryant has insufficient information or knowledge to enable him to admit or deny

12  this Request.

13  **REQUEST FOR ADMISSION NO. 31:**

14      Admit that David Rosenbaum acted as an authorized agent of MGA in the

15  year 2000 insofar as he performed services RELATING TO BRYANT.

16  **RESPONSE TO REQUEST FOR ADMISSION NO. 31:**

17      Bryant incorporates by reference the above-stated general objections as if

18  fully set forth herein.  Bryant also specifically objects to this request on the

19  grounds that the term "authorized agent" is unclear and confusing and as calling

20  for a legal conclusion.  Bryant also specifically objects to this request on the

21  ground that it is more properly directed toward MGA, because it addresses matters

22  exclusively within MGA's control and outside of Bryant's knowledge, and that it is

23  therefore burdensome and oppressive as directed to Bryant.  Bryant also objects to

24  the definition of the terms "MGA", "RELATING TO", and "RELATING TO

25  BRYANT" on the grounds that they are overbroad, vague and ambiguous.

26      Subject to and without waiving the foregoing general and specific

27  objections, Bryant responds to this request as follows: after reasonable inquiry,

28  Bryant has insufficient information or knowledge to enable him to admit or deny

EXHIBIT 5 PAGE 292

1    this Request.

2    **REQUEST FOR ADMISSION NO. 32:**

3        Admit that David Rosenbaum did not act as an authorized agent of MGA in

4    the year 2000 insofar as he performed services RELATING TO BRYANT.

5    **RESPONSE TO REQUEST FOR ADMISSION NO. 32:**

6        Bryant incorporates by reference the above-stated general objections as if

7    fully set forth herein.  Bryant also specifically objects to this request on the

8    grounds that the term "authorized agent" is unclear and confusing and as calling

9    for a legal conclusion.  Bryant also specifically objects to this request on the

10   ground that it is more properly directed toward MGA, because it addresses matters

11   exclusively within MGA's control and outside of Bryant's knowledge, and that it is

12   therefore burdensome and oppressive as directed to Bryant.  Bryant also objects to

13   the definition of the terms "MGA", "RELATING TO", and "RELATING TO

14   BRYANT" on the grounds that they are overbroad, vague and ambiguous.

15       Subject to and without waiving the foregoing general and specific

16   objections, Bryant responds to this request as follows: after reasonable inquiry,

17   Bryant has insufficient information or knowledge to enable him to admit or deny

18   this Request.

19   **REQUEST FOR ADMISSION NO. 33:**

20       Admit that David Rosenbaum acted as an authorized agent of MGA in the

21   year 2000 insofar as he performed services RELATING TO BRATZ.

22   **RESPONSE TO REQUEST FOR ADMISSION NO. 33:**

23       Bryant incorporates by reference the above-stated general objections as if

24   fully set forth herein.  Bryant also specifically objects to this request on the

25   grounds that the term "authorized agent" is unclear and confusing and as calling

26   for a legal conclusion.  Bryant also specifically objects to this request on the

27   ground that it is more properly directed toward MGA, because it addresses matters

28   exclusively within MGA's control and outside of Bryant's knowledge, and that it is

EXHIBIT _5_ PAGE _293_

1  therefore burdensome and oppressive as directed to Bryant. Bryant also objects to
2  the definition of the terms "MGA", "BRATZ", and "RELATING TO" on the
3  grounds that they are overbroad, vague and ambiguous. Bryant also specifically
4  objects to this request on the grounds that the defined term "BRATZ" incorporates
5  many different categories of things—projects, products, dolls, and designs, or any
6  portion thereof, whether or not ever sold or marketed—which Bryant cannot
7  reasonably consider together, making the request compound. Bryant also objects
8  to the definition of the term "BRATZ" as vague and ambiguous. In responding to
9  this request, Bryant interprets the term "BRATZ" to mean the line of dolls
10 introduced by MGA to the market for sale and known today as "Bratz" and
11 subsequent dolls, accessories, and other products known as "Bratz" or associated
12 by MGA with the Bratz line of dolls.

13     Subject to and without waiving the foregoing general and specific
14 objections, Bryant responds to this request as follows: after reasonable inquiry,
15 Bryant has insufficient information or knowledge to enable him to admit or deny
16 this Request.

17 **REQUEST FOR ADMISSION NO. 34:**

18     Admit that David Rosenbaum did not act as an authorized agent of MGA in
19 the year 2000 insofar as he performed services RELATING TO BRATZ.

20 **RESPONSE TO REQUEST FOR ADMISSION NO. 34:**

21     Bryant incorporates by reference the above-stated general objections as if
22 fully set forth herein. Bryant also specifically objects to this request on the
23 grounds that the term "authorized agent" is unclear and confusing and as calling
24 for a legal conclusion. Bryant also specifically objects to this request on the
25 ground that it is more properly directed toward MGA, because it addresses matters
26 exclusively within MGA's control and outside of Bryant's knowledge, and that it is
27 therefore burdensome and oppressive as directed to Bryant. Bryant also objects to
28 the definition of the terms "MGA", "BRATZ", and "RELATING TO" on the

CARTER BRYANT'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S
FIRST SET OF REQUESTS FOR ADMISSION DATED DECEMBER 27, 2007
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT _5_ PAGE _294_

1 grounds that they are overbroad, vague and ambiguous. Bryant also specifically

2 objects to this request on the grounds that the defined term "BRATZ" incorporates

3 many different categories of things—projects, products, dolls, and designs, or any

4 portion thereof, whether or not ever sold or marketed—which Bryant cannot

5 reasonably consider together, making the request compound. Bryant also objects

6 to the definition of the term "BRATZ" as vague and ambiguous. In responding to

7 this request, Bryant interprets the term "BRATZ" to mean the line of dolls

8 introduced by MGA to the market for sale and known today as "Bratz" and

9 subsequent dolls, accessories, and other products known as "Bratz" or associated

10 by MGA with the Bratz line of dolls.

11         Subject to and without waiving the foregoing general and specific

12 objections, Bryant responds to this request as follows: after reasonable inquiry,

13 Bryant has insufficient information or knowledge to enable him to admit or deny

14 this Request.

15 **REQUEST FOR ADMISSION NO. 35:**

16         Admit that David Rosenbaum did not act as an authorized agent of MGA in

17 the year 2000 in any capacity.

18 **RESPONSE TO REQUEST FOR ADMISSION NO. 35:**

19         Bryant incorporates by reference the above-stated general objections as if

20 fully set forth herein. Bryant also specifically objects to this request on the

21 grounds that the term "authorized agent" is unclear and confusing and as calling

22 for a legal conclusion. Bryant also specifically objects to this request on the

23 ground that it is more properly directed toward MGA, because it addresses matters

24 exclusively within MGA's control and outside of Bryant's knowledge, and that it is

25 therefore burdensome and oppressive as directed to Bryant.

26         Subject to and without waiving the foregoing general and specific

27 objections, Bryant responds to this request as follows: after reasonable inquiry,

28 Bryant has insufficient information or knowledge to enable him to admit or deny

EXHIBIT __5__ PAGE __295__

1  this Request.

2  **REQUEST FOR ADMISSION NO. 36:**

3      Admit that MGA did not conduct any focus group testing RELATING TO

4  BRATZ prior to March 2001.

5  **RESPONSE TO REQUEST FOR ADMISSION NO. 36:**

6      Bryant incorporates by reference the above-stated general objections as if

7  fully set forth herein. Bryant objects to the terms "MGA", "RELATING TO" and

8  "BRATZ" and their definitions as vague and ambiguous.  Bryant also specifically

9  objects to this request on the grounds that the defined term "BRATZ" incorporates

10  many different categories of things—projects, products, dolls, and designs, or any

11  portion thereof, whether or not ever sold or marketed—which Bryant cannot

12  reasonably consider together, making the request compound.   Bryant also objects

13  to the definition of the term "BRATZ" as vague and ambiguous.  In responding to

14  this request, Bryant interprets the term "BRATZ" to mean the line of dolls

15  introduced by MGA to the market for sale and known today as "Bratz" and

16  subsequent dolls, accessories, and other products known as "Bratz" or associated

17  by MGA with the Bratz line of dolls.  Bryant also objects to this request as vague

18  and ambiguous because the term "focus group testing" is not defined.  Bryant also

19  specifically objects to this request on the ground that it is more properly directed

20  toward MGA, because it addresses matters within MGA's control, and that it is

21  therefore burdensome and oppressive as directed to Bryant.

22      Subject to and without waiving the foregoing general and specific

23  objections, Bryant responds to this request as follows:  After reasonable inquiry,

24  Bryant has insufficient information or knowledge to enable him to admit or deny

25  this Request.

26

27  **REQUEST FOR ADMISSION NO. 37:**

28      Admit that MGA did conduct focus group testing RELATING TO BRATZ

CARTER BRYANT'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S
FIRST SET OF REQUESTS FOR ADMISSION DATED DECEMBER 27, 2007
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT _5_ PAGE _294_

1   prior to March 2001.

2   **RESPONSE TO REQUEST FOR ADMISSION NO. 37:**

3   Bryant incorporates by reference the above-stated general objections as if

4   fully set forth herein. Bryant objects to the terms "MGA", "RELATING TO" and

5   "BRATZ" and their definitions as vague and ambiguous. Bryant also specifically

6   objects to this request on the grounds that the defined term "BRATZ" incorporates

7   many different categories of things—projects, products, dolls, and designs, or any

8   portion thereof, whether or not ever sold or marketed—which Bryant cannot

9   reasonably consider together, making the request compound. Bryant also objects

10  to the definition of the term "BRATZ" as vague and ambiguous. In responding to

11  this request, Bryant interprets the term "BRATZ" to mean the line of dolls

12  introduced by MGA to the market for sale and known today as "Bratz" and

13  subsequent dolls, accessories, and other products known as "Bratz" or associated

14  by MGA with the Bratz line of dolls. Bryant also objects to this request as vague

15  and ambiguous because the term "focus group testing" is not defined. Bryant also

16  specifically objects to this request on the ground that it is more properly directed

17  toward MGA, because it addresses matters within MGA's control, and that it is

18  therefore burdensome and oppressive as directed to Bryant.

19  Subject to and without waiving the foregoing general and specific

20  objections, Bryant responds to this request as follows: After reasonable inquiry,

21  Bryant has insufficient information or knowledge to enable him to admit or deny

22  this Request.

23  **REQUEST FOR ADMISSION NO. 38:**

24  Admit that MGA did not conduct any focus group testing RELATING TO

25  BRATZ in the year 2000.

26  **RESPONSE TO REQUEST FOR ADMISSION NO. 38:**

27  Bryant incorporates by reference the above-stated general objections as if

28  fully set forth herein. Bryant objects to the terms "MGA", "RELATING TO" and

39

CARTER BRYANT'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S
FIRST SET OF REQUESTS FOR ADMISSION DATED DECEMBER 27, 2007
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT  5  PAGE  247

1  "BRATZ" and their definitions as vague and ambiguous.  Bryant also specifically

2  objects to this request on the grounds that the defined term "BRATZ" incorporates

3  many different categories of things—projects, products, dolls, and designs, or any

4  portion thereof, whether or not ever sold or marketed—which Bryant cannot

5  reasonably consider together, making the request compound.   Bryant also objects

6  to the definition of the term "BRATZ" as vague and ambiguous.  In responding to

7  this request, Bryant interprets the term "BRATZ" to mean the line of dolls

8  introduced by MGA to the market for sale and known today as "Bratz" and

9  subsequent dolls, accessories, and other products known as "Bratz" or associated

10  by MGA with the Bratz line of dolls.  Bryant also objects to this request as vague

11  and ambiguous because the term "focus group testing" is not defined.  Bryant also

12  specifically objects to this request on the ground that it is more properly directed

13  toward MGA, because it addresses matters within MGA's control, and that it is

14  therefore burdensome and oppressive as directed to Bryant.

15       Subject to and without waiving the foregoing general and specific

16  objections, Bryant responds to this request as follows:  After reasonable inquiry,

17  Bryant has insufficient information or knowledge to enable him to admit or deny

18  this Request.

19  **REQUEST FOR ADMISSION NO. 39:**

20       Admit that MGA did conduct focus group testing RELATING TO BRATZ

21  in the year 2000.

22  **RESPONSE TO REQUEST FOR ADMISSION NO. 39:**

23       Bryant incorporates by reference the above-stated general objections as if

24  fully set forth herein. Bryant objects to the terms "MGA", "RELATING TO" and

25  "BRATZ" and their definitions as vague and ambiguous.  Bryant also specifically

26  objects to this request on the grounds that the defined term "BRATZ" incorporates

27  many different categories of things—projects, products, dolls, and designs, or any

28  portion thereof, whether or not ever sold or marketed—which Bryant cannot

40

CARTER BRYANT'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S
FIRST SET OF REQUESTS FOR ADMISSION DATED DECEMBER 27, 2007
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT __5 PAGE _298

1  reasonably consider together, making the request compound.   Bryant also objects
2  to the definition of the term "BRATZ" as vague and ambiguous.  In responding to
3  this request, Bryant interprets the term "BRATZ" to mean the line of dolls
4  introduced by MGA to the market for sale and known today as "Bratz" and
5  subsequent dolls, accessories, and other products known as "Bratz" or associated
6  by MGA with the Bratz line of dolls.  Bryant also objects to this request as vague
7  and ambiguous because the term "focus group testing" is not defined.  Bryant also
8  specifically objects to this request on the ground that it is more properly directed
9  toward MGA, because it addresses matters within MGA's control, and that it is
10  therefore burdensome and oppressive as directed to Bryant.

11       Subject to and without waiving the foregoing general and specific
12  objections, Bryant responds to this request as follows:  After reasonable inquiry,
13  Bryant has insufficient information or knowledge to enable him to admit or deny
14  this Request.

15  **REQUEST FOR ADMISSION NO. 40:**

16       Admit that YOU have not produced any DOCUMENTS RELATING TO
17  focus group testing RELATING TO BRATZ which occurred prior to March 2001.

18  **RESPONSE TO REQUEST FOR ADMISSION NO. 40:**

19       Bryant incorporates by reference the above-stated general objections as if
20  fully set forth herein. Bryant objects to the terms "MGA", "RELATING TO" and
21  "BRATZ" and their definitions as vague and ambiguous.  Bryant also specifically
22  objects to this request on the grounds that the defined term "BRATZ" incorporates
23  many different categories of things—projects, products, dolls, and designs, or any
24  portion thereof, whether or not ever sold or marketed—which Bryant cannot
25  reasonably consider together, making the request compound.   Bryant also objects
26  to the definition of the term "BRATZ" as vague and ambiguous.  In responding to
27  this request, Bryant interprets the term "BRATZ" to mean the line of dolls
28  introduced by MGA to the market for sale and known today as "Bratz" and

41

CARTER BRYANT'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S
FIRST SET OF REQUESTS FOR ADMISSION DATED DECEMBER 27, 2007
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT __5__ PAGE _299_

1  subsequent dolls, accessories, and other products known as "Bratz" or associated

2  by MGA with the Bratz line of dolls.  Bryant also objects to this request as vague

3  and ambiguous because the term "focus group testing" is not defined.  Bryant also

4  specifically objects to this request on the ground that it is more properly directed

5  toward MGA, because it addresses matters within MGA's control, and that it is

6  therefore burdensome and oppressive as directed to Bryant.

7       Subject to and without waiving the foregoing general and specific

8  objections, Bryant responds to this request as follows:  Bryant admits that he has

9  conducted a search of documents he has produced in this case in an attempt to

10  locate documents that relate to focus group testing that occurred prior to March

11  2001 and admits that he is currently unable to locate any such document.

12  **REQUEST FOR ADMISSION NO. 41:**

13       Admit that YOU have produced one or more DOCUMENTS RELATING

14  TO focus group testing RELATING TO BRATZ which occurred prior to March

15  2001.

16  **RESPONSE TO REQUEST FOR ADMISSION NO. 41:**

17       Bryant incorporates by reference the above-stated general objections as if

18  fully set forth herein. Bryant objects to the terms "MGA", "RELATING TO" and

19  "BRATZ" and their definitions as vague and ambiguous.  Bryant also specifically

20  objects to this request on the grounds that the defined term "BRATZ" incorporates

21  many different categories of things—projects, products, dolls, and designs, or any

22  portion thereof, whether or not ever sold or marketed—which Bryant cannot

23  reasonably consider together, making the request compound.  Bryant also objects

24  to the definition of the term "BRATZ" as vague and ambiguous.  In responding to

25  this request, Bryant interprets the term "BRATZ" to mean the line of dolls

26  introduced by MGA to the market for sale and known today as "Bratz" and

27  subsequent dolls, accessories, and other products known as "Bratz" or associated

28  by MGA with the Bratz line of dolls.  Bryant also objects to this request as vague

CARTER BRYANT'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S
FIRST SET OF REQUESTS FOR ADMISSION DATED DECEMBER 27, 2007
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT _5_ PAGE 300

1  and ambiguous because the term "focus group testing" is not defined.  Bryant also

2  specifically objects to this request on the ground that it is more properly directed

3  toward MGA, because it addresses matters within MGA's control, and that it is

4  therefore burdensome and oppressive as directed to Bryant.

5      Subject to and without waiving the foregoing general and specific

6  objections, Bryant responds to this request as follows:  Bryant states that he has

7  conducted a search of documents he has produced in this case in an attempt to

8  locate documents that relate to focus group testing that occurred prior to March

9  2001, is currently unable to locate any such document, and on that basis denies the

10  request.

11  **REQUEST FOR ADMISSION NO. 42:**

12      Admit that YOU have not produced any DOCUMENTS RELATING TO

13  focus group testing RELATING TO BRATZ which occurred in the year 2000.

14  **RESPONSE TO REQUEST FOR ADMISSION NO. 42:**

15      Bryant incorporates by reference the above-stated general objections as if

16  fully set forth herein. Bryant objects to the terms "MGA", "RELATING TO" and

17  "BRATZ" and their definitions as vague and ambiguous.  Bryant also specifically

18  objects to this request on the grounds that the defined term "BRATZ" incorporates

19  many different categories of things—projects, products, dolls, and designs, or any

20  portion thereof, whether or not ever sold or marketed—which Bryant cannot

21  reasonably consider together, making the request compound.   Bryant also objects

22  to the definition of the term "BRATZ" as vague and ambiguous.  In responding to

23  this request, Bryant interprets the term "BRATZ" to mean the line of dolls

24  introduced by MGA to the market for sale and known today as "Bratz" and

25  subsequent dolls, accessories, and other products known as "Bratz" or associated

26  by MGA with the Bratz line of dolls.  Bryant also objects to this request as vague

27  and ambiguous because the term "focus group testing" is not defined.  Bryant also

28  specifically objects to this request on the ground that it is more properly directed

EXHIBIT _5_ PAGE _301_

1  toward MGA, because it addresses matters within MGA's control, and that it is

2  therefore burdensome and oppressive as directed to Bryant.

3       Subject to and without waiving the foregoing general and specific

4  objections, Bryant responds to this request as follows:  Bryant admits that he has

5  conducted a search of documents he has produced in this case in an attempt to

6  locate documents that relate to focus group testing that occurred in the year 2000

7  and admits that he is currently unable to locate any such document.

8  **REQUEST FOR ADMISSION NO. 43:**

9       Admit that YOU have produced one or more DOCUMENTS RELATING

10  TO focus group testing RELATING TO BRATZ which occurred in the year 2000.

11  **RESPONSE TO REQUEST FOR ADMISSION NO. 43:**

12       Bryant incorporates by reference the above-stated general objections as if

13  fully set forth herein. Bryant objects to the terms "MGA", "RELATING TO" and

14  "BRATZ" and their definitions as vague and ambiguous.  Bryant also specifically

15  objects to this request on the grounds that the defined term "BRATZ" incorporates

16  many different categories of things—projects, products, dolls, and designs, or any

17  portion thereof, whether or not ever sold or marketed—which Bryant cannot

18  reasonably consider together, making the request compound.  Bryant also objects

19  to the definition of the term "BRATZ" as vague and ambiguous.  In responding to

20  this request, Bryant interprets the term "BRATZ" to mean the line of dolls

21  introduced by MGA to the market for sale and known today as "Bratz" and

22  subsequent dolls, accessories, and other products known as "Bratz" or associated

23  by MGA with the Bratz line of dolls.  Bryant also objects to this request as vague

24  and ambiguous because the term "focus group testing" is not defined.  Bryant also

25  specifically objects to this request on the ground that it is more properly directed

26  toward MGA, because it addresses matters within MGA's control, and that it is

27  therefore burdensome and oppressive as directed to Bryant.

28       Subject to and without waiving the foregoing general and specific

EXHIBIT __5__ PAGE __302__

1  objections, Bryant responds to this request as follows:  Bryant states that he has

2  conducted a search of documents he has produced in this case in an attempt to

3  locate documents that relate to focus group testing that occurred in the year 2000,

4  is currently unable to locate any such document, and on that basis denies the

5  request.

6  **REQUEST FOR ADMISSION NO. 44:**

7         Admit that the so-called "First Generation" BRATZ DOLLS marketed by

8  MGA and sold to the public in or about June 2001 were BASED ON one or more

9  of the BRATZ PITCH MATERIALS.

10  **RESPONSE TO REQUEST FOR ADMISSION NO. 44:**

11        Bryant incorporates by reference the above-stated general objections as if

12  fully set forth herein. Bryant objects to the terms "BRATZ DOLLS," MGA,"

13  "BASED ON" and "BRATZ PITCH MATERIALS" and their definitions as vague,

14  ambiguous, and compound.  In responding to this request, Bryant interprets the

15  term "BRATZ DOLLS" to mean the line of dolls introduced by MGA to the

16  market for sale and today known as "Bratz".  Bryant also objects to the term "First

17  Generation" as vague and ambiguous.  Bryant further objects to the term "BASED

18  ON" and its definition as vague and calling for a legal conclusion.   For purposes

19  of this request, Bryant interprets the term "BASED ON" to mean "copies of,

20  derivative of, or substantially similar to."

21        Subject to and without waiving the foregoing general and specific

22  objections, Bryant responds to this request as follows:  Bryant denies that the "First

23  Generation" line of dolls introduced by MGA to the market for sale in May or June

24  of 2001 and known as "Bratz" were copies of, derivative of, or substantially

25  similar to drawings and/or tangible items that Bryant presented to MGA prior to

26  entering into the "ASSIGNMENT AGREEMENT" with MGA, and on that basis

27  denies the request.

28

EXHIBIT 5 PAGE 303

**REQUEST FOR ADMISSION NO. 45:**

Admit that the so-called "First Generation" BRATZ DOLLS marketed by MGA and sold to the public in or about June 2001 were not BASED ON any of the BRATZ PITCH MATERIALS.

**RESPONSE TO REQUEST FOR ADMISSION NO. 45:**

Bryant incorporates by reference the above-stated general objections as if fully set forth herein. Bryant objects to the terms "BRATZ DOLLS," MGA," "BASED ON" and "BRATZ PITCH MATERIALS" and their definitions as vague, ambiguous, and compound.  In responding to this request, Bryant interprets the term "BRATZ DOLLS" to mean the line of dolls introduced by MGA to the market for sale and today known as "Bratz".  Bryant also objects to the term "First Generation" as vague and ambiguous.  Bryant further objects to the term "BASED ON" and its definition as vague and calling for a legal conclusion.   For purposes of this request, Bryant interprets the term "BASED ON" to mean "copies of, derivative of, or substantially similar to."

Subject to and without waiving the foregoing general and specific objections, Bryant responds to this request as follows:  Bryant denies that the "First Generation" line of dolls introduced by MGA to the market for sale in May or June of 2001 and known as "Bratz" were copies of, derivative of, or substantially similar to drawings and/or tangible items that Bryant presented to MGA prior to entering into the "ASSIGNMENT AGREEMENT" with MGA, and on that basis admits the request.

**REQUEST FOR ADMISSION NO. 46:**

Admit that the so-called "First Generation" BRATZ DOLLS marketed by MGA and sold to the public in or about June 2001 were BASED ON one or more of BRYANT'S BRATZ DESIGNS.

**RESPONSE TO REQUEST FOR ADMISSION NO. 46:**

Bryant incorporates by reference the above-stated general objections as if

46

EXHIBIT 5 PAGE 304

1    fully set forth herein. Bryant objects to the terms "BRATZ DOLLS," MGA,"
2    "BASED ON" and "BRYANT'S BRATZ DESIGNS" and their definitions as
3    vague, ambiguous, and compound.  In responding to this request, Bryant interprets
4    the term "BRATZ DOLLS" to mean the line of dolls introduced by MGA to the
5    market for sale and today known as "Bratz".  Bryant also objects to the term "First
6    Generation" as vague and ambiguous.  Bryant further objects to the term "BASED
7    ON" and its definition as vague and calling for a legal conclusion.   For purposes
8    of this request, Bryant interprets the term "BASED ON" to mean "copies of,
9    derivative of, or substantially similar to."
10        Subject to and without waiving the foregoing general and specific
11   objections, Bryant responds to this request as follows:  Bryant denies that the "First
12   Generation" line of dolls introduced by MGA to the market for sale in May or June
13   of 2001 and known as "Bratz" were copies of, derivative of, or substantially
14   similar to drawings and/or tangible items that Bryant presented to MGA prior to
15   entering into the "ASSIGNMENT AGREEMENT" with MGA, and on that basis
16   denies the request.
17
18   **REQUEST FOR ADMISSION NO. 47:**
19        Admit that the so-called "First Generation" BRATZ DOLLS marketed by
20   MGA and sold to the public in or about June 2001 were not BASED ON any of
21   BRYANT'S BRATZ DESIGNS.
22   **RESPONSE TO REQUEST FOR ADMISSION NO. 47:**
23        Bryant incorporates by reference the above-stated general objections as if
24   fully set forth herein. Bryant objects to the terms "BRATZ DOLLS," MGA,"
25   "BASED ON" and "BRYANT'S BRATZ DESIGNS" and their definitions as
26   vague, ambiguous, and compound.  In responding to this request, Bryant interprets
27   the term "BRATZ DOLLS" to mean the line of dolls introduced by MGA to the
28   market for sale and today known as "Bratz".  Bryant also objects to the term "First

CARTER BRYANT'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S
FIRST SET OF REQUESTS FOR ADMISSION DATED DECEMBER 27, 2007
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT 5 PAGE 305

1    Generation" as vague and ambiguous.  Bryant further objects to the term "BASED

2    ON" and its definition as vague and calling for a legal conclusion.   For purposes

3    of this request, Bryant interprets the term "BASED ON" to mean "copies of,

4    derivative of, or substantially similar to."

5          Subject to and without waiving the foregoing general and specific

6    objections, Bryant responds to this request as follows:  Bryant denies that the "First

7    Generation" line of dolls introduced by MGA to the market for sale in May or June

8    of 2001 and known as "Bratz" were copies of, derivative of, or substantially

9    similar to drawings and/or tangible items that Bryant presented to MGA prior to

10   entering into the "ASSIGNMENT AGREEMENT" with MGA, and on that basis

11   admits the request.

12   **REQUEST FOR ADMISSION NO. 48:**

13         Admit that the so-called "First Generation" BRATZ DOLLS marketed by

14   MGA and sold to the public in or about June 2001 were BASED ON one or more

15   of BRYANT'S BRATZ IDEAS.

16   **RESPONSE TO REQUEST FOR ADMISSION NO. 48:**

17         Bryant incorporates by reference the above-stated general objections as if

18   fully set forth herein. Bryant objects to the terms "BRATZ DOLLS," MGA,"

19   "BASED ON" and "BRYANT'S BRATZ IDEAS" and their definitions as vague,

20   ambiguous, and compound.  In responding to this request, Bryant interprets the

21   term "BRATZ DOLLS" to mean the line of dolls introduced by MGA to the

22   market for sale and today known as "Bratz".  Bryant also objects to the term "First

23   Generation" as vague and ambiguous. Bryant further objects to the term "BASED

24   ON" and its definition as vague and calling for a legal conclusion.   For purposes

25   of this request, Bryant interprets the term "BASED ON" to mean "copies of,

26   derivative of, or substantially similar to."

27         Subject to and without waiving the foregoing general and specific

28   objections, Bryant responds to this request as follows:  Bryant denies that the "First

EXHIBIT _5_ PAGE 306

1   Generation" line of dolls introduced by MGA to the market for sale in May or June

2   of 2001 and known as "Bratz" were copies of, derivative of, or substantially

3   similar to drawings and/or tangible items that Bryant presented to MGA prior to

4   entering into the "ASSIGNMENT AGREEMENT" with MGA, and on that basis

5   denies the request..

6   **REQUEST FOR ADMISSION NO. 49:**

7          Admit that the so-called "First Generation" BRATZ DOLLS marketed by

8   MGA and sold to the public in or about June 2001 were not BASED ON any of

9   BRYANT'S BRATZ IDEAS.

10  **RESPONSE TO REQUEST FOR ADMISSION NO. 49:**

11         Bryant incorporates by reference the above-stated general objections as if

12  fully set forth herein. Bryant objects to the terms "BRATZ DOLLS," MGA,"

13  "BASED ON" and "BRYANT'S BRATZ IDEAS" and their definitions as vague,

14  ambiguous, and compound.  In responding to this request, Bryant interprets the

15  term "BRATZ DOLLS" to mean the line of dolls introduced by MGA to the

16  market for sale and today known as "Bratz".  Bryant also objects to the term "First

17  Generation" as vague and ambiguous.  Bryant further objects to the term "BASED

18  ON" and its definition as vague and calling for a legal conclusion.   For purposes

19  of this request, Bryant interprets the term "BASED ON" to mean "copies of,

20  derivative of, or substantially similar to."

21         Subject to and without waiving the foregoing general and specific

22  objections, Bryant responds to this request as follows:  Bryant denies that the "First

23  Generation" line of dolls introduced by MGA to the market for sale in May or June

24  of 2001 and known as "Bratz" were copies of, derivative of, or substantially

25  similar to drawings and/or tangible items that Bryant presented to MGA prior to

26  entering into the "ASSIGNMENT AGREEMENT" with MGA, and on that basis

27  admits the request.

28

EXHIBIT 5 PAGE 307

**REQUEST FOR ADMISSION NO. 50:**

Admit that one or more "Subsequent Generation" BRATZ DOLLS marketed by MGA and sold to the public after June 2001, which differ in some manner from the so-called "First Generation" BRATZ DOLLS marketed by MGA and sold to the public in or about June 2001, were BASED ON one or more of the BRATZ PITCH MATERIALS.

**RESPONSE TO REQUEST FOR REQUEST FOR ADMISSION NO. 50:**

Bryant incorporates by reference the above-stated general objections as if fully set forth herein. Bryant objects to the terms "BRATZ DOLLS," MGA," "BASED ON" and "BRATZ PITCH MATERIALS" and their definitions as vague, ambiguous, and compound.  In responding to this request, Bryant interprets the term "BRATZ DOLLS" to mean the line of dolls introduced by MGA to the market for sale and today known as "Bratz".  Bryant also objects to the terms "First Generation" and "Subsequent Generation" as vague and ambiguous.  Bryant further objects to the term "BASED ON" and its definition as vague and calling for a legal conclusion.   For purposes of this request, Bryant interprets the term "BASED ON" to mean "copies of, derivative of, or substantially similar to."

Subject to and without waiving the foregoing general and specific objections, Bryant responds to this request as follows:  Bryant denies that the "Subsequent Generation" line of dolls introduced by MGA to the market for sale after May or June of 2001 and known as "Bratz" were copies of, derivative of, or substantially similar to drawings and/or tangible items that Bryant presented to MGA prior to entering into the "ASSIGNMENT AGREEMENT" with MGA, and on that basis denies the request.

**REQUEST FOR ADMISSION NO. 51:**

Admit that all of the "Subsequent Generation" BRATZ DOLLS marketed by MGA and sold to the public after June 2001, which differ in some manner from the so-called "First Generation" BRATZ DOLLS marketed by MGA and sold to the

50

CARTER BRYANT'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S
FIRST SET OF REQUESTS FOR ADMISSION DATED DECEMBER 27, 2007
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT 5 PAGE 308

1   public in or about June 2001, were not BASED ON any of the BRATZ PITCH

2   MATERIALS.

3   **RESPONSE TO REQUEST FOR ADMISSION NO. 51:**

4          Bryant incorporates by reference the above-stated general objections as if

5   fully set forth herein. Bryant objects to the terms "BRATZ DOLLS," MGA,"

6   "BASED ON" and "BRATZ PITCH MATERIALS" and their definitions as vague,

7   ambiguous, and compound.  In responding to this request, Bryant interprets the

8   term "BRATZ DOLLS" to mean the line of dolls introduced by MGA to the

9   market for sale and today known as "Bratz".  Bryant also objects to the terms

10  "First Generation" and "Subsequent Generation" as vague and ambiguous.  Bryant

11  further objects to the term "BASED ON" and its definition as vague and calling for

12  a legal conclusion.   For purposes of this request, Bryant interprets the term

13  "BASED ON" to mean "copies of, derivative of, or substantially similar to."

14         Subject to and without waiving the foregoing general and specific

15  objections, Bryant responds to this request as follows:  Bryant denies that the

16  "Subsequent Generation" line of dolls introduced by MGA to the market for sale

17  after May or June of 2001 and known as "Bratz" were copies of, derivative of, or

18  substantially similar to drawings and/or tangible items that Bryant presented to

19  MGA prior to entering into the "ASSIGNMENT AGREEMENT" with MGA, and

20  on that basis admits the request.

21  **REQUEST FOR ADMISSION NO. 52:**

22         Admit that one or more "Subsequent Generation" BRATZ DOLLS marketed

23  by MGA and sold to the public after June 2001, which differ in some manner from

24  the so-called "First Generation" BRATZ DOLLS marketed by MGA and sold to

25  the public in or about June 2001, were BASED ON one or more of BRYANT'S

26  BRATZ DESIGNS.

27  **RESPONSE TO REQUEST FOR ADMISSION NO. 52:**

28         Bryant incorporates by reference the above-stated general objections as if

EXHIBIT __5__ PAGE __309__

1  fully set forth herein. Bryant objects to the terms "BRATZ DOLLS," MGA,"

2  "BASED ON" and "BRYANT BRATZ DESIGNS " and their definitions as vague,

3  ambiguous, and compound.  In responding to this request, Bryant interprets the

4  term "BRATZ DOLLS" to mean the line of dolls introduced by MGA to the

5  market for sale and today known as "Bratz".  Bryant also objects to the terms

6  "First Generation" and "Subsequent Generation" as vague and ambiguous.  Bryant

7  further objects to the term "BASED ON" and its definition as vague and calling for

8  a legal conclusion.  For purposes of this request, Bryant interprets the term

9  "BASED ON" to mean "copies of, derivative of, or substantially similar to."

10         Subject to and without waiving the foregoing general and specific

11  objections, Bryant responds to this request as follows:  Bryant denies that the

12  "Subsequent Generation" line of dolls introduced by MGA to the market for sale

13  after May or June of 2001 and known as "Bratz" were copies of, derivative of, or

14  substantially similar to drawings and/or tangible items that Bryant presented to

15  MGA prior to entering into the "ASSIGNMENT AGREEMENT" with MGA, and

16  on that basis denies the request.

17  **REQUEST FOR ADMISSION NO. 53:**

18         Admit that the all of the "Subsequent Generation" BRATZ DOLLS

19  marketed by MGA and sold to the public after June 2001, which differ in some

20  manner from the so-called "First Generation" BRATZ DOLLS marketed by MGA

21  and sold to the public in or about June 2001, were not BASED ON any of

22  BRYANT'S BRATZ DESIGNS.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 53:**

24         Bryant incorporates by reference the above-stated general objections as if

25  fully set forth herein. Bryant objects to the terms "BRATZ DOLLS," MGA,"

26  "BASED ON" and "BRYANT'S BRATZ DESIGNS" and their definitions as

27  vague, ambiguous, and compound.  In responding to this request, Bryant interprets

28  the term "BRATZ DOLLS" to mean the line of dolls introduced by MGA to the

CARTER BRYANT'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S
FIRST SET OF REQUESTS FOR ADMISSION DATED DECEMBER 27, 2007
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT 5 PAGE 310

1  market for sale and today known as "Bratz". Bryant also objects to the terms

2  "First Generation" and "Subsequent Generation" as vague and ambiguous. Bryant

3  further objects to the term "BASED ON" and its definition as vague and calling for

4  a legal conclusion. For purposes of this request, Bryant interprets the term

5  "BASED ON" to mean "copies of, derivative of, or substantially similar to."

6      Subject to and without waiving the foregoing general and specific

7  objections, Bryant responds to this request as follows: Bryant denies that the

8  "Subsequent Generation" line of dolls introduced by MGA to the market for sale

9  after May or June of 2001 and known as "Bratz" were copies of, derivative of, or

10  substantially similar to drawings and/or tangible items that Bryant presented to

11  MGA prior to entering into the "ASSIGNMENT AGREEMENT" with MGA, and

12  on that basis admits the request.

13  **REQUEST FOR ADMISSION NO. 54:**

14      Admit that one or more "Subsequent Generation" BRATZ DOLLS marketed

15  by MGA and sold to the public after June 2001, which differ in some manner from

16  the so-called "First Generation" BRATZ DOLLS marketed by MGA and sold to

17  the public in or about June 2001, were BASED ON one or more of BRYANT'S

18  BRATZ IDEAS.

19  **RESPONSE TO REQUEST FOR ADMISSION NO. 54:**

20      Bryant incorporates by reference the above-stated general objections as if

21  fully set forth herein. Bryant objects to the terms "BRATZ DOLLS," MGA,"

22  "BASED ON" and "BRYANT'S BRATZ IDEAS" and their definitions as vague,

23  ambiguous, and compound. In responding to this request, Bryant interprets the

24  term "BRATZ DOLLS" to mean the line of dolls introduced by MGA to the

25  market for sale and today known as "Bratz". Bryant also objects to the terms

26  "First Generation" and "Subsequent Generation" as vague and ambiguous. Bryant

27  further objects to the term "BASED ON" and its definition as vague and calling for

28  a legal conclusion. For purposes of this request, Bryant interprets the term

EXHIBIT __5__ PAGE _311_

1   "BASED ON" to mean "copies of, derivative of, or substantially similar to."

2   Subject to and without waiving the foregoing general and specific

3   objections, Bryant responds to this request as follows:  Bryant denies that the

4   "Subsequent Generation" line of dolls introduced by MGA to the market for sale

5   after May or June of 2001 and known as "Bratz" were copies of, derivative of, or

6   substantially similar to drawings and/or tangible items that Bryant presented to

7   MGA prior to entering into the "ASSIGNMENT AGREEMENT" with MGA, and

8   on that basis denies the request.

9   **REQUEST FOR ADMISSION NO. 55:**

10   Admit that the all of the "Subsequent Generation" BRATZ DOLLS

11   marketed by MGA and sold to the public after June 2001, which differ in some

12   manner from the so-called "First Generation" BRATZ DOLLS marketed by MGA

13   and sold to the public in or about June 2001, were not BASED ON any of

14   BRYANT'S BRATZ IDEAS.

15   **RESPONSE TO REQUEST FOR ADMISSION NO. 55:**

16   Bryant incorporates by reference the above-stated general objections as if

17   fully set forth herein. Bryant objects to the terms "BRATZ DOLLS," MGA,"

18   "BASED ON" and "BRYANT'S BRATZ IDEAS" and their definitions as vague,

19   ambiguous, and compound.  In responding to this request, Bryant interprets the

20   term "BRATZ DOLLS" to mean the line of dolls introduced by MGA to the

21   market for sale and today known as "Bratz".  Bryant also objects to the terms

22   "First Generation" and "Subsequent Generation" as vague and ambiguous.  Bryant

23   further objects to the term "BASED ON" and its definition as vague and calling for

24   a legal conclusion.   For purposes of this request, Bryant interprets the term

25   "BASED ON" to mean "copies of, derivative of, or substantially similar to."

26   Subject to and without waiving the foregoing general and specific

27   objections, Bryant responds to this request as follows:  Bryant denies that the

28   "Subsequent Generation" line of dolls introduced by MGA to the market for sale

CARTER BRYANT'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S
FIRST SET OF REQUESTS FOR ADMISSION DATED DECEMBER 27, 2007
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT __5__ PAGE _312_

1  after May or June of 2001 and known as "Bratz" were copies of, derivative of, or

2  substantially similar to drawings and/or tangible items that Bryant presented to

3  MGA prior to entering into the "ASSIGNMENT AGREEMENT" with MGA, and

4  on that basis admits the request.

5  **REQUEST FOR ADMISSION NO. 56:**

6      Admit that the so-called "First Generation" BRATZ DOLLS marketed by

7  MGA and sold to the public in or about June 2001 were not BASED ON any

8  DESIGNS CREATED BY BRYANT prior to October 21, 2000.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 56:**

10      Bryant incorporates by reference the above-stated general objections as if

11  fully set forth herein. Bryant objects to the terms "BRATZ DOLLS," MGA,"

12  "BASED ON", "DESIGNS", "CREATED", and "DESIGNS CREATED BY

13  BRYANT" and their definitions as vague, ambiguous, and compound.  In

14  responding to this request, Bryant interprets the term "BRATZ DOLLS" to mean

15  the line of dolls introduced by MGA to the market for sale and today known as

16  "Bratz".  Bryant also objects to the term "First Generation" as vague and

17  ambiguous.  Bryant further objects to the term "BASED ON" and its definition as

18  vague and calling for a legal conclusion.   For purposes of this request, Bryant

19  interprets the term "BASED ON" to mean "copies of, derivative of, or

20  substantially similar to."  Bryant also objects to the term "CREATED" and

21  "DESIGNS CREATED BY BRYANT" and their definitions as vague and

22  ambiguous, overbroad, calling for a legal conclusion and calling for speculation.

23      Subject to and without waiving the foregoing general and specific

24  objections, Bryant responds to this request as follows:  Bryant denies that the "First

25  Generation" line of dolls introduced by MGA to the market for sale in May or June

26  of 2001 and known as "Bratz" were copies of, derivative of, or substantially

27  similar to drawings and/or tangible items that Bryant made prior to October 21,

28  2000, and on that basis admits the request..

CARTER BRYANT'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S
FIRST SET OF REQUESTS FOR ADMISSION DATED DECEMBER 27, 2007
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT _5_ PAGE 313