**REQUEST FOR ADMISSION NO. 57:**

Admit that the so-called "First Generation" BRATZ DOLLS marketed by MGA and sold to the public in or about June 2001 were BASED ON one or more DESIGNED CREATED BY BRYANT prior to October 21, 2000.

**RESPONSE TO REQUEST FOR ADMISSION NO. 57:**

Bryant incorporates by reference the above-stated general objections as if fully set forth herein. Bryant objects to the terms "BRATZ DOLLS," MGA," "BASED ON", "DESIGNS", "CREATED", and "DESIGNS CREATED BY BRYANT" and their definitions as vague, ambiguous, and compound. In responding to this request, Bryant interprets the term "BRATZ DOLLS" to mean the line of dolls introduced by MGA to the market for sale and today known as "Bratz". Bryant also objects to the term "First Generation" as vague and ambiguous. Bryant further objects to the term "BASED ON" and its definition as vague and calling for a legal conclusion. For purposes of this request, Bryant interprets the term "BASED ON" to mean "copies of, derivative of, or substantially similar to." Bryant also objects to the term "CREATED" and "DESIGNS CREATED BY BRYANT" and their definitions as vague and ambiguous, overbroad, calling for a legal conclusion and calling for speculation.

Subject to and without waiving the foregoing general and specific objections, Bryant responds to this request as follows: Bryant denies that the "First Generation" line of dolls introduced by MGA to the market for sale in May or June of 2001 and known as "Bratz" were copies of, derivative of, or substantially similar to drawings and/or tangible items that Bryant made prior to October 21, 2000, and on that basis denies the request.

**REQUEST FOR ADMISSION NO. 58:**

Admit that all of the "Subsequent Generation" BRATZ DOLLS marketed by MGA and sold to the public after June 2001, which differ in some manner from the

EXHIBIT 5 PAGE 314

1  so-called "First Generation" BRATZ DOLLS marketed by MGA and sold to the

2  public in or about June 2001, were not BASED ON any DESIGNS CREATED BY

3  BRYANT prior to October 21, 2000.

4  **RESPONSE TO REQUEST FOR ADMISSION NO. 58:**

5      Bryant incorporates by reference the above-stated general objections as if

6  fully set forth herein. Bryant objects to the terms "BRATZ DOLLS," MGA,"

7  "BASED ON", "DESIGNS", "CREATED", and "DESIGNS CREATED BY

8  BRYANT" and their definitions as vague, ambiguous, and compound.  In

9  responding to this request, Bryant interprets the term "BRATZ DOLLS" to mean

10  the line of dolls introduced by MGA to the market for sale and today known as

11  "Bratz".  Bryant also objects to the terms "First Generation" and "Subsequent

12  Generation" as vague and ambiguous.  Bryant further objects to the term "BASED

13  ON" and its definition as vague and calling for a legal conclusion.   For purposes

14  of this request, Bryant interprets the term "BASED ON" to mean "copies of,

15  derivative of, or substantially similar to."  Bryant also objects to the term

16  "CREATED" and "DESIGNS CREATED BY BRYANT" and their definitions as

17  vague and ambiguous, overbroad, calling for a legal conclusion and calling for

18  speculation.

19      Subject to and without waiving the foregoing general and specific

20  objections, Bryant responds to this request as follows:  Bryant denies that the

21  "Subsequent Generation" line of dolls introduced by MGA to the market for sale

22  after May or June of 2001 and known as "Bratz" were copies of, derivative of, or

23  substantially similar to drawings and/or tangible items that Bryant made prior to

24  October 21, 2000, and on that basis admits the request.

25  **REQUEST FOR ADMISSION NO. 59:**

26      Admit that one or more of the "Subsequent Generation" BRATZ DOLLS

27  marketed by MGA and sold to the public after June 2001, which differ in some

28  manner from the so-called "First Generation" BRATZ DOLLS marketed by MGA

EXHIBIT _5_ PAGE _315_

1  and sold to the public in or about June 2001, were BASED ON one or more

2  DESIGNS CREATED BY BRYANT prior to October 21, 2000.

3  **RESPONSE TO REQUEST FOR ADMISSION NO. 59:**

4      Bryant incorporates by reference the above-stated general objections as if

5  fully set forth herein. Bryant objects to the terms "BRATZ DOLLS," MGA,"

6  "BASED ON", "DESIGNS", "CREATED", and "DESIGNS CREATED BY

7  BRYANT" and their definitions as vague, ambiguous, and compound.  In

8  responding to this request, Bryant interprets the term "BRATZ DOLLS" to mean

9  the line of dolls introduced by MGA to the market for sale and today known as

10  "Bratz".  Bryant also objects to the terms "First Generation" and "Subsequent

11  Generation" as vague and ambiguous.  Bryant further objects to the term "BASED

12  ON" and its definition as vague and calling for a legal conclusion.   For purposes

13  of this request, Bryant interprets the term "BASED ON" to mean "copies of,

14  derivative of, or substantially similar to."  Bryant also objects to the term

15  "CREATED" and "DESIGNS CREATED BY BRYANT" and their definitions as

16  vague and ambiguous, overbroad, calling for a legal conclusion and calling for

17  speculation.

18      Subject to and without waiving the foregoing general and specific

19  objections, Bryant responds to this request as follows:  Bryant denies that the

20  "Subsequent Generation" line of dolls introduced by MGA to the market for sale

21  after May or June of 2001 and known as "Bratz" were copies of, derivative of, or

22  substantially similar to drawings and/or tangible items that Bryant made prior to

23  October 21, 2000, and on that basis denies the request.

24  **REQUEST FOR ADMISSION NO. 60:**

25      Admit that MGA's Copyright Registration No. VA 1-090-287, and any

26  corrections thereto, do not list any derivative works on which the copyrighted

27  material which is subject to that Registration is based other than the materials

28  subject to Copyright Registration No. VA 1-218-487.

58

EXHIBIT 5 PAGE 316

**RESPONSE TO REQUEST FOR ADMISSION NO. 60:**

Bryant incorporates by reference the above-stated general objections as if fully set forth herein. Bryant objects to the request on the grounds that the Copyright Registration referenced in this request speaks for itself. Bryant further objects that the terms "corrections" and "based" are vague, ambiguous, and overbroad. Bryant also object to the Request as unintelligible. Bryant also objects to the question as being harassing as posed to Bryant, as it is more properly directed towards MGA.

Subject to and without waiving the foregoing general and specific objections, Bryant responds to this request as follows: After reasonable inquiry, Bryant has insufficient information or knowledge to enable him to admit or deny this Request. Bryant notes, however, that MGA has provided a response to this same request, and that Bryant has no information at this time to refute MGA's response.

**REQUEST FOR ADMISSION NO. 61:**

Admit that the copyrighted material which is subject to Copyright Registration No. VA-090-287 is not BASED ON any DESIGNS CREATED BY BRYANT prior to October 21, 2000.

**RESPONSE TO REQUEST FOR ADMISSION NO. 61:**

Bryant incorporates by reference the above-stated general objections as if fully set forth herein. Bryant objects to the terms "BASED ON", "DESIGNS CREATED BY BRYANT", "DESIGNS", and "CREATED" and their definitions as vague, ambiguous, and compound. Bryant further objects to the term "BASED ON" and its definition as vague and calling for a legal conclusion. For purposes of this request, Bryant interprets the term "BASED ON" to mean "copies of, derivative of, or substantially similar to." Bryant also objects to the term "CREATED" and "DESIGNS CREATED BY BRYANT" and their definitions as vague and ambiguous, overbroad, calling for a legal conclusion and calling for

59

EXHIBIT 5 PAGE 317

1   speculation.  Bryant also objects to the question as being harassing as posed to

2   Bryant, as it is more properly directed towards MGA.

3         Subject to and without waiving the foregoing general and specific

4   objections, Bryant responds to this request as follows:  After reasonable inquiry,

5   Bryant has insufficient information or knowledge to enable him to admit or deny

6   this Request.  Bryant notes, however, that MGA has provided a response to this

7   same request, and that Bryant has no information at this time to refute MGA's

8   response.

9   **REQUEST FOR ADMISSION NO. 62:**

10        Admit that the copyrighted material which is subject to Copyright

11  Registration No. VA 1-090-287 is not BASED ON any DESIGNS CREATED BY

12  BRYANT prior to October 21, 2000, other than the materials subject to Copyright

13  Registration No. VA 1-218-487.

14  **RESPONSE TO REQUEST FOR ADMISSION NO. 62:**

15        Bryant incorporates by reference the above-stated general objections as if

16  fully set forth herein.  Bryant objects to the terms "BASED ON", "DESIGNS

17  CREATED BY BRYANT", "DESIGNS", and "CREATED" and their definitions

18  as vague, ambiguous, and compound.   Bryant further objects to the term "BASED

19  ON" and its definition as vague and calling for a legal conclusion.   For purposes

20  of this request, Bryant interprets the term "BASED ON" to mean "copies of,

21  derivative of, or substantially similar to."  Bryant also objects to the term

22  "CREATED" and "DESIGNS CREATED BY BRYANT" and their definitions as

23  vague and ambiguous, overbroad, calling for a legal conclusion and calling for

24  speculation.  Bryant also objects to the question as being harassing as posed to

25  Bryant, as it is more properly directed towards MGA.

26        Subject to and without waiving the foregoing general and specific

27  objections, Bryant responds to this request as follows:  After reasonable inquiry,

28  Bryant has insufficient information or knowledge to enable him to admit or deny

60

EXHIBIT __5__ PAGE 318

1  this Request.  Bryant notes, however, that MGA has provided a response to this

2  same request, and that Bryant has no information at this time to refute MGA's

3  response.

4  **REQUEST FOR ADMISSION NO. 63:**

5       Admit that MGA's Copyright Registration No. VA 1-090-288, and any

6  corrections thereto, do not list any derivative works on which the copyrighted

7  material which is subject to that Registration is based other than the materials

8  subject to Copyright Registration No. VA 1-218-488.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 63:**

10       Bryant incorporates by reference the above-stated general objections as if

11  fully set forth herein.  Bryant objects to the request on the grounds that the

12  Copyright Registration referenced in this request speaks for itself.  Bryant further

13  objects that the terms "corrections" and "based" are vague, ambiguous, and

14  overbroad.  Bryant also object to the Request as unintelligible.  Bryant also objects

15  to the question as being harassing as posed to Bryant, as it is more properly

16  directed towards MGA.

17       Subject to and without waiving the foregoing general and specific

18  objections, Bryant responds to this request as follows:  After reasonable inquiry,

19  Bryant has insufficient information or knowledge to enable him to admit or deny

20  this Request.  Bryant notes, however, that MGA has provided a response to this

21  same request, and that Bryant has no information at this time to refute MGA's

22  response.

23  **REQUEST FOR ADMISSION NO. 64:**

24       Admit that the copyrighted material which is subject to Copyright

25  Registration No. VA 1-090-288 is not BASED ON any DESIGNS CREATED BY

26  BRYANT prior to October 21, 2000.

27  **RESPONSE TO REQUEST FOR ADMISSION NO. 64:**

28       Bryant incorporates by reference the above-stated general objections as if

EXHIBIT __5__ PAGE 3/9

1  fully set forth herein.  Bryant objects to the terms "BASED ON", "DESIGNS

2  CREATED BY BRYANT", "DESIGNS", and "CREATED" and their definitions

3  as vague, ambiguous, and compound.   Bryant further objects to the term "BASED

4  ON" and its definition as vague and calling for a legal conclusion.   For purposes

5  of this request, Bryant interprets the term "BASED ON" to mean "copies of,

6  derivative of, or substantially similar to."  Bryant also objects to the term

7  "CREATED" and "DESIGNS CREATED BY BRYANT" and their definitions as

8  vague and ambiguous, overbroad, calling for a legal conclusion and calling for

9  speculation.  Bryant also objects to the question as being harassing as posed to

10  Bryant, as it is more properly directed towards MGA.

11      Subject to and without waiving the foregoing general and specific

12  objections, Bryant responds to this request as follows:  After reasonable inquiry,

13  Bryant has insufficient information or knowledge to enable him to admit or deny

14  this Request.  Bryant notes, however, that MGA has provided a response to this

15  same request, and that Bryant has no information at this time to refute MGA's

16  response.

17

18  **REQUEST FOR ADMISSION NO. 65:**

19      Admit that the copyrighted material which is subject to Copyright

20  Registration No. VA 1-090-288 is not BASED ON any DESIGNS CREATED BY

21  BRYANT prior to October 21, 2000, other than the materials subject to Copyright

22  Registration No. VA 1-218-488.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 65:**

24      Bryant incorporates by reference the above-stated general objections as if

25  fully set forth herein.  Bryant objects to the terms "BASED ON", "DESIGNS

26  CREATED BY BRYANT", "DESIGNS", and "CREATED" and their definitions

27  as vague, ambiguous, and compound.   Bryant further objects to the term "BASED

28  ON" and its definition as vague and calling for a legal conclusion.   For purposes

CARTER BRYANT'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S
FIRST SET OF REQUESTS FOR ADMISSION DATED DECEMBER 27, 2007
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT 5 PAGE 320

1  of this request, Bryant interprets the term "BASED ON" to mean "copies of,

2  derivative of, or substantially similar to."  Bryant also objects to the term

3  "CREATED" and "DESIGNS CREATED BY BRYANT" and their definitions as

4  vague and ambiguous, overbroad, calling for a legal conclusion and calling for

5  speculation.  Bryant also objects to the question as being harassing as posed to

6  Bryant, as it is more properly directed towards MGA.

7      Subject to and without waiving the foregoing general and specific

8  objections, Bryant responds to this request as follows:  After reasonable inquiry,

9  Bryant has insufficient information or knowledge to enable him to admit or deny

10  this Request.  Bryant notes, however, that MGA has provided a response to this

11  same request, and that Bryant has no information at this time to refute MGA's

12  response.

13

14  **REQUEST FOR ADMISSION NO. 66:**

15      Admit that MGA's Copyright Registration No. VA 1-090-289, and any

16  corrections thereto, do not list any derivative works on which the copyrighted

17  material which is subject to that Registration is based other than the materials

18  subject to Copyright Registration No. VA 1-218-490.

19  **RESPONSE TO REQUEST FOR ADMISSION NO. 66:**

20      Bryant incorporates by reference the above-stated general objections as if

21  fully set forth herein.  Bryant objects to the request on the grounds that the

22  Copyright Registration referenced in this request speaks for itself.  Bryant further

23  objects that the terms "corrections" and "based" are vague, ambiguous, and

24  overbroad.  Bryant also object to the Request as unintelligible.  Bryant also objects

25  to the question as being harassing as posed to Bryant, as it is more properly

26  directed towards MGA.

27      Subject to and without waiving the foregoing general and specific

28  objections, Bryant responds to this request as follows:  After reasonable inquiry,

CARTER BRYANT'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S
FIRST SET OF REQUESTS FOR ADMISSION DATED DECEMBER 27, 2007
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT 5 PAGE 321

1    Bryant has insufficient information or knowledge to enable him to admit or deny

2    this Request.  Bryant notes, however, that MGA has provided a response to this

3    same request, and that Bryant has no information at this time to refute MGA's

4    response.

5    **REQUEST FOR ADMISSION NO. 67:**

6         Admit that the copyrighted material which is subject to Copyright

7    Registration No. VA 1-090-289 is not BASED ON any DESIGNS CREATED BY

8    BRYANT prior to October 21, 2000.

9    **RESPONSE TO REQUEST FOR ADMISSION NO. 67:**

10        Bryant incorporates by reference the above-stated general objections as if

11   fully set forth herein.  Bryant objects to the terms "BASED ON", "DESIGNS

12   CREATED BY BRYANT", "DESIGNS", and "CREATED" and their definitions

13   as vague, ambiguous, and compound.   Bryant further objects to the term "BASED

14   ON" and its definition as vague and calling for a legal conclusion.   For purposes

15   of this request, Bryant interprets the term "BASED ON" to mean "copies of,

16   derivative of, or substantially similar to."  Bryant also objects to the term

17   "CREATED" and "DESIGNS CREATED BY BRYANT" and their definitions as

18   vague and ambiguous, overbroad, calling for a legal conclusion and calling for

19   speculation.  Bryant also objects to the question as being harassing as posed to

20   Bryant, as it is more properly directed towards MGA.

21        Subject to and without waiving the foregoing general and specific

22   objections, Bryant responds to this request as follows:  After reasonable inquiry,

23   Bryant has insufficient information or knowledge to enable him to admit or deny

24   this Request.  Bryant notes, however, that MGA has provided a response to this

25   same request, and that Bryant has no information at this time to refute MGA's

26   response.

27

28

CARTER BRYANT'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S
FIRST SET OF REQUESTS FOR ADMISSION DATED DECEMBER 27, 2007
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT  5  PAGE 322

**REQUEST FOR ADMISSION NO. 68:**

Admit that the copyrighted material which is subject to Copyright Registration No. VA 1-090-289 is not BASED ON any DESIGNS CREATED BY BRYANT prior to October 21, 2000, other than the materials subject to Copyright Registration No. VA 1-218-490.

**RESPONSE TO REQUEST FOR ADMISSION NO. 68:**

Bryant incorporates by reference the above-stated general objections as if fully set forth herein.  Bryant objects to the terms "BASED ON", "DESIGNS CREATED BY BRYANT", "DESIGNS", and "CREATED" and their definitions as vague, ambiguous, and compound.   Bryant further objects to the term "BASED ON" and its definition as vague and calling for a legal conclusion.   For purposes of this request, Bryant interprets the term "BASED ON" to mean "copies of, derivative of, or substantially similar to."  Bryant also objects to the term "CREATED" and "DESIGNS CREATED BY BRYANT" and their definitions as vague and ambiguous, overbroad, calling for a legal conclusion and calling for speculation.  Bryant also objects to the question as being harassing as posed to Bryant, as it is more properly directed towards MGA.

Subject to and without waiving the foregoing general and specific objections, Bryant responds to this request as follows:  After reasonable inquiry, Bryant has insufficient information or knowledge to enable him to admit or deny this Request.  Bryant notes, however, that MGA has provided a response to this same request, and that Bryant has no information at this time to refute MGA's response.

**REQUEST FOR ADMISSION NO. 69:**

Admit that MGA's Copyright Registration No. VA 1-090-290, and any corrections thereto, do not list any derivative works on which the copyrighted material which is subject to that Registration is based other than the materials

65

EXHIBIT 5 PAGE 323

1  subject to Copyright Registration No. VA 1-218-491.

2  **RESPONSE TO REQUEST FOR ADMISSION NO. 69:**

3      Bryant incorporates by reference the above-stated general objections as if

4  fully set forth herein. Bryant objects to the request on the grounds that the

5  Copyright Registration referenced in this request speaks for itself.  Bryant further

6  objects that the terms "corrections" and "based" are vague, ambiguous, and

7  overbroad.  Bryant also object to the Request as unintelligible.  Bryant also objects

8  to the question as being harassing as posed to Bryant, as it is more properly

9  directed towards MGA.

10      Subject to and without waiving the foregoing general and specific

11  objections, Bryant responds to this request as follows:  After reasonable inquiry,

12  Bryant has insufficient information or knowledge to enable him to admit or deny

13  this Request.  Bryant notes, however, that MGA has provided a response to this

14  same request, and that Bryant has no information at this time to refute MGA's

15  response.

16  **REQUEST FOR ADMISSION NO. 70:**

17      Admit that the copyrighted material which is subject to Copyright

18  Registration No. VA 1-090-290 is not BASED ON any DESIGNS CREATED BY

19  BRYANT prior to October 21, 2000.

20  **RESPONSE TO REQUEST FOR ADMISSION NO. 70:**

21      Bryant incorporates by reference the above-stated general objections as if

22  fully set forth herein.  Bryant objects to the terms "BASED ON", "DESIGNS

23  CREATED BY BRYANT", "DESIGNS", and "CREATED" and their definitions

24  as vague, ambiguous, and compound.   Bryant further objects to the term "BASED

25  ON" and its definition as vague and calling for a legal conclusion.   For purposes

26  of this request, Bryant interprets the term "BASED ON" to mean "copies of,

27  derivative of, or substantially similar to."  Bryant also objects to the term

28  "CREATED" and "DESIGNS CREATED BY BRYANT" and their definitions as

66

EXHIBIT __S__ PAGE 324

1  vague and ambiguous, overbroad, calling for a legal conclusion and calling for

2  speculation. Bryant also objects to the question as being harassing as posed to

3  Bryant, as it is more properly directed towards MGA.

4      Subject to and without waiving the foregoing general and specific

5  objections, Bryant responds to this request as follows: After reasonable inquiry,

6  Bryant has insufficient information or knowledge to enable him to admit or deny

7  this Request. Bryant notes, however, that MGA has provided a response to this

8  same request, and that Bryant has no information at this time to refute MGA's

9  response.

10

11  **REQUEST FOR ADMISSION NO. 71:**

12      Admit that the copyrighted material which is subject to Copyright

13  Registration No. VA 1-090-290 is not BASED ON any DESIGNS CREATED BY

14  BRYANT prior to October 21, 2000, other than the materials subject to Copyright

15  Registration No. VA 1-218-491.

16  **RESPONSE TO REQUEST FOR ADMISSION NO. 71:**

17      Bryant incorporates by reference the above-stated general objections as if

18  fully set forth herein. Bryant objects to the terms "BASED ON", "DESIGNS

19  CREATED BY BRYANT", "DESIGNS", and "CREATED" and their definitions

20  as vague, ambiguous, and compound. Bryant further objects to the term "BASED

21  ON" and its definition as vague and calling for a legal conclusion. For purposes

22  of this request, Bryant interprets the term "BASED ON" to mean "copies of,

23  derivative of, or substantially similar to." Bryant also objects to the term

24  "CREATED" and "DESIGNS CREATED BY BRYANT" and their definitions as

25  vague and ambiguous, overbroad, calling for a legal conclusion and calling for

26  speculation. Bryant also objects to the question as being harassing as posed to

27  Bryant, as it is more properly directed towards MGA.

28      Subject to and without waiving the foregoing general and specific

67

EXHIBIT 5 PAGE 325

1  objections, Bryant responds to this request as follows:  After reasonable inquiry,

2  Bryant has insufficient information or knowledge to enable him to admit or deny

3  this Request.  Bryant notes, however, that MGA has provided a response to this

4  same request, and that Bryant has no information at this time to refute MGA's

5  response.

6

7  Dated: February 4, 2008                    KEKER & VAN NEST, LLP

8

9

       By: _____
10          JOHN TRINIDAD
            Attorneys for Plaintiff
11          CARTER BRYANT

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CARTER BRYANT'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S
FIRST SET OF REQUESTS FOR ADMISSION DATED DECEMBER 27, 2007
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT  5  PAGE 326

PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Keker & Van Nest, LLP, 710 Sansome Street, San Francisco, California 94111.

On February 4, 2008, I served the following document(s):

**CARTER BRYANT'S OBJECTIONS AND RESPONSES TO MATTEL, INC.'S FIRST SET OF REQUESTS FOR ADMISSION DATED DECEMBER 27, 2007**

by regular **UNITED STATES MAIL** by placing a true and correct copy in a sealed envelope addressed as shown below. I am readily familiar with the practice of Keker & Van Nest, LLP for collection and processing of correspondence for mailing. According to that practice, items are deposited with the United States Postal Service at San Francisco, California on that same day with postage thereon fully prepaid. I am aware that, on motion of the party served, service is presumed invalid if the postal cancellation date or the postage meter date is more than one day after the date of deposit for mailing stated in this affidavit.

John B. Quinn
Michael T. Zeller
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
Tel:   213/443-3000
Fax:   213/443-3100
Email:  johnquinn@quinnemanuel.com
Email:  michaelzeller@quinnemanuel.com

Alexander H. Cote
Overland Borenstein Scheper & Kim LLP
300 S. Grand Avenue, Suite 2750
Los Angeles, California 90071
Tel:   213/613-4660
Fax:   213/613-4656
Email :      acote@obsklaw.com

Thomas J. Nolan
Skadden Arps Slate Meagher & Flom
300 South Grand Avenue, Suite 3400
Los Angeles, CA 90071-3144
Tel:   213/687-5000
Fax:   213/687-5600
Email: tnolan@skadden.com

1     Executed on February 4, 2008, at San Francisco, California.

2     I declare under penalty of perjury under the laws of the State of California

3 that the above is true and correct.

4                                   _Julie Selby_
                        JULIE A. SELBY

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT ___5___ PAGE 328

**EXHIBIT 6**

THOMAS J. NOLAN (Bar No. 66992)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue
Los Angeles, California  90071-3144
Telephone:   (213) 687-5000
Facsimile:    (213) 687-5600
E-mail:       tnolan@skadden.com

RAOUL D. KENNEDY (Bar No. 40892)
TIMOTHY A. MILLER (Bar No. 154744)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Embarcadero Center, 38th Floor
San Francisco, California  94111-5974
Telephone:   (415) 984-6400
Facsimile:    (415) 984-2698
E-mail:       rkennedy@skadden.com

Attorneys for Cross-Defendants
MGA Entertainment, Inc., MGA Entertainment (HK) Limited,
MGAE De Mexico, S.R.L. De C.V., and ISAAC LARIAN

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>       Plaintiff,<br><br>   v.<br><br>MATTEL, INC., a Delaware corporation<br><br>       Defendant.<br><br>Consolidated with MATTEL, INC. v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case No. 04-9059 and Case No. 05-2727<br><br>**STIPULATION REGARDING EXTENSION OF TIME TO RESPOND AND OBJECT TO REQUESTS FOR ADMISSION**<br><br>**[[Proposed] Order filed concurrently herewith]**<br><br>**Phase 1:**<br>Discovery Cut-Off:   January 28, 2008<br>Pre-Trial Conference: May 5, 2008<br>Trial Date:          May 27, 2008 |

---

STIPULATION RE EXTENSION OF TIME TO RESPOND TO REQUESTS FOR ADMISSION

EXHIBIT __6__ PAGE __329__

1  WHEREAS, Mattel, Inc. ("Mattel") served the following sets of

2  Requests for Admission ("RFAs"): (i) Mattel's Second Set of Requests for

3  Admission Propounded to All Defendants ("Second Set to All Defendants"); (ii)

4  Mattel's Third Set of Requests for Admission Propounded to All Defendants ("Third

5  Set to All Defendants"); (iii) Mattel's Fourth Set of Requests for Admission

6  Propounded to All Defendants ("Fourth Set to All Defendants"); and (iv) Mattel's

7  First Set of Requests for Admission Propounded to MGA Entertainment, Inc., Carter

8  Bryant, MGA Entertainment (HK) Limited, and Isaac Larian; and

9  WHEREAS, the responses of Isaac Larian, MGA Entertainment, Inc.

10  ("MGA"), MGA Entertainment (HK) Limited ("MGA HK") and MGAE de Mexico

11  S.R.L. de C.V. ("MGA Mexico") to the above-referenced RFAs are currently due as

12  follows:  (i) responses to Second Set to All Defendants are currently due January 25,

13  2008; (ii)  responses to Third Set to All Defendants are currently due January 25,

14  2008; (iii) responses to Fourth Set to All Defendants  are currently due January 28,

15  2008); and (iv) responses to Mattel's First Set of Requests for Admission

16  Propounded to MGA Entertainment, Inc., Carter Bryant, MGA Entertainment (HK)

17  Limited, and Isaac Larian are currently due January 28, 2008; and

18  WHEREAS, the Phase I fact discovery cut-off is January 28, 2008; and

19  WHEREAS, a death in the family of Isaac Larian has prevented Mr.

20  Larian from participating in the preparation of responses to the above-referenced

21  RFAs; and

22  WHEREAS, Mattel has agreed to extend to and including February 4,

23  2008, the time for Isaac Larian, MGA, MGA HK and MGA Mexico to serve their

24  responses and objections to the First Set to All Defendants, the Second Set to All

25  Defendants, the Third Set to All Defendants and Mattel's First Set of Requests for

26  Admission Propounded to MGA Entertainment, Inc., Carter Bryant, MGA

27  Entertainment (HK) Limited, and Isaac Larian, to permit time for Mr. Larian to

28  participate in the preparation of responses to those requests; and

-1-

STIPULATION RE EXTENSION OF TIME TO RESPOND TO REQUESTS FOR ADMISSION

EXHIBIT 6 PAGE 330

1         WHEREAS, Larian, MGA, MGA HK and MGA Mexico agree that this

2 extension of time should not prejudice Mattel's ability to make a motion directed to

3 the sufficiency of those parties' responses to these discovery requests, should the

4 need arise and, thus, have agreed to extend any deadline for Mattel to make a motion

5 directed to the sufficiency of those responses by 10 days.

6         THEREFORE, the undersigned parties, through their undersigned

7 counsel, stipulate and agree as follows:

8        1.     The time for Larian, MGA, MGA HK and MGA Mexico to serve

9 their responses and objections to the following Requests for Admission is extended

10 to and including February 4, 2008:

11         (a)     Mattel's Second Set of Requests for Admission Propounded

12 to All Defendants;

13         (b)     Mattel's Third Set of Requests for Admission Propounded

14 to All Defendants;

15         (c)     Mattel's Fourth Set of Requests for Admission Propounded

16 to All Defendants; and

17         (d)     Mattel's First Set of Requests for Admission Propounded to

18 MGA Entertainment, Inc., Carter Bryant, MGA Entertainment (HK) Limited, and

19 Isaac Larian.

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28

-2-

STIPULATION RE EXTENSION OF TIME TO RESPOND TO REQUESTS FOR ADMISSION

EXHIBIT 6 PAGE 331

2.  Any limitation on the time for Mattel to file a motion directed to the sufficiency of Larian's, MGA's, MGA HK's or MGA Mexico's responses to the Requests for Admission identified in paragraph 1 will be extended by 10 days.


IT IS SO STIPULATED.


DATED:  January 25, 2008              SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP


                                      By:  _____/s/ Raoul D. Kennedy_____
                                               RAOUL D. KENNEDY

                                      Attorneys for Cross-Defendants
                                      MGA Entertainment, Inc., MGA
                                      Entertainment (HK) Limited,
                                      MGAE De Mexico, S.R.L. De C.V.,
                                      and ISAAC LARIAN


DATED:  January 25, 2008              QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP


                                      By: _Christopher Tayback_/ with permission
                                                                  by TPM
                                             CHRISTOPHER TAYBACK

                                      Attorneys for Defendant Mattel, Inc.

STIPULATION RE EXTENSION OF TIME TO RESPOND TO REQUESTS FOR ADMISSION

203445.01-San Francisco Server 1A                    MSW – Draft January 25, 2008 - 12:09 PM

EXHIBIT _6_ PAGE _332_

**EXHIBIT 7**

KEKER & VAN NEST, LLP
JOHN W. KEKER - #49092
jkeker@kvn.com
MICHAEL H. PAGE - #154913
mpage@kvn.com
CHRISTA M. ANDERSON - #184325
canderson@kvn.com
MATTHEW M. WERDEGAR - #200470
mwerdegar@kvn.com
JOHN E. TRINIDAD - #250468
jtrinidad@kvn.com
AUDREY WALTON-HADLOCK- #250574
awaltonhadlock@kvn.com
710 Sansome Street
San Francisco, CA  94111-1704
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

Attorneys for Plaintiff
CARTER BRYANT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>                    Plaintiff,<br><br>      v.<br><br>MATTEL, INC. a Delaware Corporation,<br><br>                    Defendant.<br><br>CONSOLIDATED WITH MATTEL, INC., v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | Case No. CV 04-09049 SGL (RNBx) (consolidated with CV 04-9059 & 05-2727<br><br>**ORDER RE STIPULATION REGARDING EXTENSION OF TIME TO RESPOND AND OBJECT TO REQUESTS FOR ADMISSION**<br><br>**See Stip No. 1651**<br><br>Dept:        Courtroom 1<br>Judge:      Hon. Stephen G. Larson<br><br>Date Comp. Filed:  April 13, 2005<br><br>Discovery Cut-Off:  Jan. 28, 2008<br>Pre-Trial Conference:  May 5, 2008<br>Trial Date:  May 27, 2008 |

1

[PROPOSED] ORDER REGARDING EXTENSION OF TIME TO RESPOND AND OBJECT TO REQUESTS FOR ADMISSION
CASE NO. CV 04-09049 SGL (RNBx)

410089.01
410121.01

EXHIBIT ___7___ PAGE 333

## ORDER

Based on the stipulation of Mattel, Inc. ("Mattel") and Carter Bryant ("Bryant") Regarding Extension of Time to Respond and Object to Requests For Admission,

IT IS HEREBY ORDERED THAT:

1.      The Court approves the parties' stipulation that Bryant may respond and object to certain Requests For Admission after the January 28, 2008, Phase 1 discovery cutoff.  Accordingly, the time for Bryant to serve his responses and objections to the following Requests for Admission is extended to and including February 4, 2008:

(a)     Mattel's Second Set of Requests for Admission Propounded to All Defendants;

(b)     Mattel's Third Set of Requests for Admission Propounded to All Defendants;

(c)     Mattel's Fourth Set of Requests for Admission Propounded to All Defendants; and

(d)     Mattel's First Set of Requests for Admission Propounded to MGA Entertainment, Inc., Carter Bryant, MGA Entertainment (HK) Limited, and Isaac Larian.

2.      Any limitation on the time for Mattel to file a motion directed to the sufficiency of Bryant's responses to the Requests for Admission identified in paragraph 1 will be extended by 10 calendar days.

IT IS SO ORDERED.

DATED: January 31, 2008

_____
HON. STEPHEN J. LARSON
UNITED STATES DISTRICT JUDGE

410089.01
410121.01

EXHIBIT __7__ PAGE 334

**EXHIBIT 8**

# CONFORMED COPY

FILED

BY:
2007 AUG 21 PM 2:00
CLERK, U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
EASTERN DIVISION

1  Hon. Edward A. Infante (Ret.)
   JAMS
2  Two Embarcadero Center
   Suite 1500
3  San Francisco, California 94111
   Telephone:   (415) 774-2611
4  Facsimile:   (415) 982-5287

5

6

7                    UNITED STATES DISTRICT COURT

8                    CENTRAL DISTRICT OF CALIFORNIA

9                         EASTERN DIVISION

10

11  CARTER BRYANT, an individual,        CASE NO. C 04-09049 SGL (RNBx)
                                         JAMS Reference No.1100049530
12              Plaintiff,

13         v.                            Consolidated with
                                         Case No. CV 04-09059
14  MATTEL, INC., a Delaware corporation,  Case No. CV 05-2727

15              Defendant.               **ORDER GRANTING MATTEL'S
                                         MOTION TO COMPEL CARTER
16                                       BRYANT TO ANSWER REQUESTS
                                         FOR ADMISSION OR TO ORDER
17                                       REQUESTS ADMITTED; DENYING
                                         REQUEST FOR MONETARY
18                                       SANCTIONS**

19  CONSOLIDATED WITH
    MATTEL, INC. v. BRYANT and
20  MGA ENTERTAINMENT, INC. v. MATTEL,
    INC.
21

22

23                       I. INTRODUCTION

24      On June 26, 2007, Mattel, Inc. ("Mattel") submitted a "Motion to Compel Carter Bryant

25  To Answer Requests For Admission Or To Order Requests Admitted And For Monetary

26  Sanctions." More specifically, Mattel seeks an order compelling Carter Bryant ("Bryant") to

27  answer Request Nos. 33, 34, 100, 106, 112, 118, 126, 127, 129, 131, 133, 135, 137, 139, 141 and

28

EXHIBIT __6__ PAGE __335__

143 in Mattel's Third Set of Requests for Admission or an order that such Requests are deemed admitted. Mattel also seeks $3,500 in sanctions. On July 3, 2007, Bryant submitted an opposition brief, and on July 9, 2007, Mattel submitted a reply brief. The matter was heard on August 13, 2007. Having considered the motion papers and the comments of counsel at the hearing, Mattel's motion to compel Bryant to answer requests for admission is granted and the request for sanctions is denied.

## II. BACKGROUND

In February of 2007, Mattel served its Third Set of Requests for Admission to Bryant (the "Requests"). Among other things, the Requests seek information regarding: (a) the timing of meetings between Bryant and MGA regarding Bratz, work performed by Bryant on Bratz, designs created by Bryant for Bratz and payments made to Bryant by MGA for Bratz; (b) the contract between MGA and Bryant whereby Bryant purported to assign all of his rights, title and interest in Bratz to MGA; and (c) whether specific Bratz works subject to copyright registrations are derivative of other specific Bratz works.

In March of 2007, Bryant served his responses. In response to some of the requests asking Bryant to admit that certain works were derivative of other Bratz works[1], Bryant asserted numerous objections, including that they "call[ed] for the disclosure of information subject to the attorney-client privilege, the work product doctrine and other applicable privileges" and "call[ed] for a legal conclusion." See Bryant's Responses to Request Nos. 100, 106, 112, 118, 126, 127, 129, 131, 133, 135, 137, 139, 141 and 143, Kidman Decl., Ex. 2. Bryant also responded that "the information known or readily obtainable" by Bryant was "insufficient" to enable him to admit or deny the requests.

Bryant also objected and refused to answer two requests for admission regarding the validity and enforceability of his contract with MGA on the grounds that the requests called for a "legal conclusion" and "the disclosure of information subject to the attorney-client privilege, the

---

[1] Hereinafter, these requests are collectively referred to as the "requests for admission regarding derivative works."

1   work product doctrine, and other applicable privileges." <u>See</u> Bryant's Responses to Request Nos.

2   33 and 34, Kidman Decl., Ex. 2.

3       After meeting and conferring, Bryant agreed to provide supplemental responses to the

4   requests for admission regarding derivative works. Bryant, however, persisted in his objection to

5   the two requests regarding his contract with MGA on "legal conclusion" and privilege grounds.

6       Bryant served supplemental and amended responses on May 29, June 11, and June 29,

7   2007. With respect to the requests for admission regarding derivative works, Bryant's responses

8   consisted of objections on the grounds that the requests called for a legal conclusion and "for the

9   disclosure of information subject to the attorney-client privilege, the work product doctrine, and

10  other applicable privileges." <u>See</u> Bryant's Responses to Request Nos. 100, 106, 112, 118, 126,

    127, 129, 131, 133, 135, 137, 139, 141 and 143, Kidman Decl., Ex. 6.

11      Mattel contends that MGA's objections and refusal to answer have no merit. More

12  specifically, Mattel contends that Rule 36, Fed.R.Civ.P., provides that requests for admission may

13  relate to the application of law to fact and the ultimate issues in the case. Mattel contends that

14  only requests to admit pure conclusions of law unrelated to the facts of the case are objectionable,

15  and that none of its requests for admission even remotely ask for pure questions of law. Further,

16  Mattel contends that Bryant's objection that the requests call for privileged information and work

17  product is without merit. Mattel argues that a party cannot avoid answering requests for

18  admission that involve the application of law to fact by claiming that it needs to confer with

19  counsel in order to do so. Mattel contends that to hold otherwise would effectively gut the

20  provision of Rule 36 authorizing such requests.

21      Bryant contends that Mattel's requests for admission improperly call for ultimate legal

22  conclusions, relying primarily upon <u>Playboy Enterprises, Inc. v. Welles</u>, 60 F.Supp.2d 1050, 1057

23  (S.D. Cal. 1999). Bryant also contends that the requests for admission are improper because they

24  seek information covered by the attorney-client privilege or joint defense privilege or the work

25  product doctrine. Bryant asserts that any legal opinion he may have of whether a work is

26  derivative of another inevitably will seek the legal opinions of, and communications from, his

27  counsel.

28

### III. DISCUSSION

Rule 36 of the Federal Rules of Civil Procedure governs requests for admission and provides, in pertinent part, that "[a] party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26(b)(1) set forth in the request that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request." Fed.R.Civ.P. 36(a).  Further, "[a] party who considers that a matter of which an admission has been requested presents a genuine issue for trial may not, on that ground alone, object to the request; the party may, subject to the provisions of Rule 37(c), deny the matter or set forth reasons why the party cannot admit or deny it." Id.

The Advisory Committee Notes to the 1970 Amendment to Rule 36 provide the following additional guidance:

> As revised, the subdivision provides that a request may be made to admit any matters within the scope of Rule 26(b) that relate to statements or opinions of fact or of the application of law to fact.  It thereby eliminates the requirement that the matters be "of fact."  This change resolves conflicts in the court decisions as to whether a request to admit matters of "opinion" and matters involving "mixed law and fact" is proper under the rule. . . .
>
> \* \* \*
>
> Not only is it difficult as a practical matter to separate "fact" from "opinion," see 4 *Moore's Federal Practice* ¶36.04 (2d ed. 1966); cf. 2A Barron & Holtzoff, *Federal Practice and Procedure* 317 (Wright ed. 1961), but an admission on a matter of opinion may facilitate proof or narrow the issues or both.  An admission of a matter involving the application of law to fact may, in a given case, even more clearly narrow the issues.  For example, an admission that an employee acted in the scope of his employment may remove a major issue from the trial.  In *McSparran v Hanigan*, [225 F. Supp. 628 (E.D. Pa. 1963)], plaintiff admitted that "the premises on which said accident occurred, were occupied or under the control" of one of the defendants, 225 F.Supp. at 636.  This admission, involving law as well as fact, removed one of the issues from the lawsuit and thereby reduced the proof required at trial.  The amended provision does not authorize requests for admissions of law unrelated to the facts of the case.

1970 Advisory Committee Notes to Rule 36, Fed.R.Civ.P.

Nos. 100, 106, 112, 118, 126-127, 129, 131, 133, 135, 137, 139, 141, 143 re Derivative Works

Mattel's requests for admission regarding derivative works all follow the same format. For example, Request for Admission No. 100 asks Bryant to "[a]dmit that the work registered as

EXHIBIT 8 PAGE 338

1   V A 1-090-287 is a derivative of the work registered as V A 1-218-487.  Kidman Decl., Ex. 1, p.

2   21.

3           Rule 36 plainly states that requests for admission may "relate to statements or opinions of

4   fact or the application of law to fact."  Mattel's requests for admission regarding derivative works

5   fall within this permissible category.  Courts have required parties to answer requests for

6   admission similar to Mattel's requests.  For example, in McSparran, supra, the plaintiff admitted

7   that "the premises on which said accident occurred, were occupied or under the control" of one of

8   the defendants.  In Marchand v. Mercy Med. Ctr., 22 F.3d 933, 937 (9th Cir. 1994), the Ninth

9   Circuit found that a request to admit that defendant's care and treatment of plaintiff failed to

10  comply with the "applicable standards of care" was permissible.  In First Options of Chicago, Inc.

11  v. Wallenstein, 1996 WL 729816 (E.D. Pa. 1996), the court ordered defendants to answer

12  requests to admit that they "owed a fiduciary duty" to certain creditors to preserve corporate

13  assets.  Id. at *3.  In Treister v. PNC Bank, 2007 WL 521935 (S.D. Fla. 2007), the court found

14  that a request for defendant to admit that it was not required to provide plaintiffs with copies of

15  cancelled checks drawn on their accounts "clearly calls for an application of law to fact."  Id. at

16  *2.

17          The cases relied upon by Bryant do not dictate a contrary result.  Bryant cites to Playboy

18  Enterprises, Inc. v. Welles, 60 F.Supp.2d 1050, 1057 (S.D. Cal. 1999), where the court held that a

19  defendant could properly object and refuse to answer a request to (1) admit that she was a public

20  figure as defined in a Supreme Court case, and (2) admit that a specific contract provision

21  required her to obtain permission from Playboy Enterprises before using the designation

22  "Playmate of the Year."  The holding, however, is debatable.  One of the claims in the suit was

23  for defamation, which has different elements depending upon whether the party asserting

24  defamation is a public or non-public figure.  Furthermore, whether a party is a public figure or

25  non-public figure could be reasonably characterized as a mixed question of fact and law.  The

26  second request for an admission could also be reasonably characterized as a mixed question of

27  fact and law.  "A party's *understanding* of the *meaning* or intent of a document is a statement of

28  fact.  Thus, where the meaning of a document is at issue in the case, an RFA may seek the

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

5

EXHIBIT __8__ PAGE _339_

admission or denial of the responding party's understanding of the *meaning or intent* of the contract." See 11 Schwarzer, Tashima & Wagstaffe, Cal. Prac. Guide: Fed. Civ.Pro. Before Trial, 11:2010 (The Rutter Group 2006) (emphasis in the original), citing Booth Oil Site Admin. Group v. Safety-Kleen Corp., 194 F.R.D. 76, 80 (W.D. NY 2000). In any event, the Playboy decision is not binding precedent.

Bryant also cites to Google, Inc. v. Am. Blind & Wallpaper Factory, Inc., No. C03-4340, 2006 WL 3290402, at *2 (N.D. Cal. 2006). In Google, the court concluded that a request compelling defendant to admit that "under certain described circumstances no 'use' of American Blind's trademarks would occur within the meaning of Lanham Act" was an impermissible request for a conclusion of law, and therefore, defendant need not admit or deny, but could simply respond with objections. It is unclear, however, what the "certain described circumstances" might have been in Google. If the "certain described circumstances" to which the court referred were purely hypothetical, then the Google decision is consistent with the admonition in the 1970 Advisory Committee Notes that Rule 36 "does not authorize requests for admission of law unrelated to the facts of the case."

Another case relied upon by Bryant, Disability Rights Council of Greater Washington v. Washington Metropolitan Area Transit Authority, 234 F.R.D. 1, 3, (D. D.C. 2006), involved purely legal conclusions, and therefore is distinguishable. The last case relied upon by Bryant, Photon, Inc. v. Harris Intertype, Inc., 28 F.R.D. 327, 328 (D. Mass. 1961), was issued well before the 1970 amendments to Rule 36, and therefore is unreliable.

In sum, Mattel's requests for admission regarding derivative works are consistent with the plain language of Rule 36 and several cases holding that requests for admission calling for application of law to facts are permissible. See e.g., Marchand, supra; First Options of Chicago, Inc., supra; and Treister, supra. Therefore, Bryant's "legal conclusion" objection is overruled.

Bryant's privilege and work product objections are also without merit. The fact that Bryant may need to consult with counsel to respond to the requests does not make the response privileged. To hold otherwise would effectively gut the provision of Rule 36 authorizing requests that call for the application of law to fact. See also Convergent Business Systems, Inc. v.

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

6

EXHIBIT 8 PAGE 340

1  Diamond Reporting, Inc., 1989 WL 92038, at *1 (E.D.N.Y. 1988) ("Seeking the facts and

2  documents which support a particular allegation in a complaint violates neither the attorney-client

3  or work product privileges.").

4      Mattel's motion is granted as to the requests for admission regarding derivative works.

5  Nos. 33 and 34 re Contract Between Bryant and MGA

6      Request No. 33 asks Bryant to "[a]dmit that YOU do not contest that the contract between

7  MGA and YOU attached as Exhibits 30 is valid." Request No. 34 similarly asks Bryant to

8  "[a]dmit that YOU do not contest that the contract between MGA and YOU attached as Exhibit

9  30 is enforceable."

10      These two requests for admission do not call for pure legal conclusions. Rather they are

11  akin to contention interrogatories that are routinely asked and answered. Therefore, Bryant's

12  objections to the requests are overruled and Bryant is ordered to admit or deny Request Nos. 33

13  and 34 consistent with Rule 36(a), Fed.R.Civ.P.

### IV. CONCLUSION

14      For the reasons set forth above, Mattel's motion to compel Bryant to answer requests for

15  admission is granted. Bryant shall admit or deny the requests in accordance with Rule 36(a),

16  Fed.R.Civ.P., no later than August 30, 2007. The request for sanctions is denied.

17      Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery

18  Master, Mattel shall file this Order with the Clerk of Court forthwith.

20  Dated: August 2o , 2007

                        _Edward Infante_

21                  HON. EDWARD A. INFANTE (Ret.)

                   Discovery Master

### PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on August 20, 2007, I served the attached ORDER GRANTING MATTEL'S MOTION TO COMPEL CARTER BRYANT TO ANSWER REQUESTS FOR ADMISSION OR TO ORDER REQUESTS ADMITTED; DENYING REQUEST FOR MONETARY SANCTIONS in the within action by e-mail addressed as follows:

| | | |
|---|---|---|
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| John E. Trinidad, Esq. | Keker & Van Nest | jtrinidad@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johnquinn@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| Dale Cendali Esq. | O'Melveny & Myers LLP | dcendali@omm.com |
| Diana Torres Esq. | O'Melveny & Myers LLP | dtorres@omm.com |
| James Jenal Esq. | O'Melveny & Myers LLP | jjenal@omm.com |
| Alicia Meyer Esq. | O'Melveny & Myers LLP | ameyer@omm.com |
| Jennifer Glad Esq. | O'Melveny & Myers LLP | jglad@omm.com |
| David Hurwitz, Esq. | O'Melveny & Myers LLP | dhurwitz@omm.com |
| Johanna Schmitt Esq. | O'Melveny & Myers LLP | jschmitt@omm.com |
| Michael C. Keats, Esq. | O'Melveny & Myers LLP | mkeats@omm.com |
| Kendall Burr, Esq. | O'Melveny & Myers LLP | kburr@omm.com |
| Melanie Bradley, Esq. | O'Melveny & Myers LLP | mbradley@omm.com |
| Marvin Putnam, Jr., Esq. | O'Melveny & Myers LLP | mputnam@omm.com |
| William Charron, Esq. | O'Melveny & Myers LLP | wcharron@omm.com |
| Patricia Glaser Esq. | Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP | pglaser@chrisglase.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on August 20, 2007, at San Francisco, California.

_Sandra Chan_
Sandra Chan

EXHIBIT _8_ PAGE _342_

**EXHIBIT 9**

**CONFORMED COPY**

BY:

2007 AUG 21  PM 2: 00

CLERK U.S. DISTRICT COURT
CENTRAL DIST OF CALIF.
EASTERN DIVISION

FILED

1   Hon. Edward A. Infante (Ret.)
    JAMS
2   Two Embarcadero Center
    Suite 1500
3   San Francisco, California 94111
    Telephone:    (415) 774-2611
4   Facsimile:    (415) 982-5287

5

6

7               UNITED STATES DISTRICT COURT

8               CENTRAL DISTRICT OF CALIFORNIA

9                     EASTERN DIVISION

10

11  CARTER BRYANT, an individual,            CASE NO. C 04-09049 SGL (RNBx)
                                             JAMS Reference No. 1100049530
12          Plaintiff,

13      v.                                   Consolidated with
                                             Case No. CV 04-09059
14  MATTEL, INC., a Delaware corporation,    Case No. CV 05-2727

15          Defendant.                       **ORDER GRANTING MATTEL'S**
                                             **MOTION TO COMPEL MGA TO**
16                                           **ANSWER REQUESTS FOR**
                                             **ADMISSION**
17  CONSOLIDATED WITH
    MATTEL, INC. v. BRYANT and
18  MGA ENTERTAINMENT, INC. v. MATTEL,
    INC.
19

20

21

22

23                      I. INTRODUCTION

24          On May 25, 2007, Mattel filed a "Motion To Compel MGA To Answer Requests For

25  Admission And To Compel Amended Answers Or Order Requests Admitted And For Monetary

26  Sanctions." On June 5, 2007, MGA filed an opposition, and on June 12, 2007, Mattel filed a

27  reply. Thereafter the motion was deferred pending the resolution of MGA's motion to dismiss

28  Bryant v. Mattel, Inc.,
    CV-04-09049 SGL (RNBx)                                                1

EXHIBIT  9  PAGE 343

1   and completion of the meet and confer process.  See Order Deferring Mattel's Motion to Compel

2   MGA to Answer Requests for Admission.  On June 27, 2007, Judge Larson entered an order

3   denying MGA's motion to dismiss Mattel's trade secret claims, and on August 9, 2007, Mattel

4   submitted an updated Statement of Rule 37-1 Compliance.  Also on August 9, 2007, the parties

5   submitted a joint statement indicating that they were able to resolve substantially all of the issues

6   raised in Mattel's motion.  As a result of the parties' meet and confer efforts, only the following

7   requests for admission remain in dispute: Nos. 186-190, 192, 193, 199, 200, 206, 207, 213, 214,

8   222-224, 226, 228, 230, 232, 234, 236, 238 and 240 of Mattel's Third Set of Requests for

9   Admission.  Mattel also continues to seek monetary sanctions with respect to the requests for

10  admission identified above.

11          For the reasons set forth below, Mattel's motion to compel is granted and the motion for

    sanctions is denied.

12                                  II. BACKGROUND

13          On February 28, 2007, Mattel propounded its Third Set of Requests for Admission

14  to MGA (the "Requests for Admission").  Among other things, the requests for admission ask

15  MGA to admit that certain copyrighted works are derivative of other Bratz works and that certain

16  copyrighted works are "substantially similar" to other Bratz works (Nos. 192, 193, 199, 200, 206,

17  207, 213, 214, 222-224, 226, 228, 230, 232, 234, 236, 238, and 240).[1]  Other requests ask MGA

18  to admit certain facts pertaining to statements MGA made to the press about MGA's and Mattel's

19  labor practices (Nos. 186-190).  The National Labor Committee issued a report titled "Made in

20  China: The Sweatshop Behind the Bratz" documenting "sweatshop" conditions and labor abuses

21  at the Hua Tai 4K factory in China where Bratz dolls are manufactured.  According to Mattel,

22  MGA stated in a press release that "it is not familiar with the company named in the report," that

23  "MGA uses first rate factories in the orient to make its goods," and that "[t]he same factories

24  make products for the world's biggest toy manufacturers including Mattel."  Associated Press

25  _____

26     [1]  Hereinafter, these requests are collectively referred to as the "requests for admission regarding copyright
    registrations."

27

28
    Bryant v. Mattel, Inc.,                                                                                    2
    CV-04-09049 SGL (RNBx)

EXHIBIT  9  PAGE  344

1    article dated December 22, 2006, Kidman Decl., Ex. 21.  Mattel's requests for admission ask

2    MGA to admit that the Hua Tai 4k factory is one of the factories used by MGA to manufacture

3    Bratz dolls (No. 186), that MGA made the above-reference statements to the media (Nos. 187-

4    188), that as of the date of those statements, the Hua Tai 4K factory did not manufacture products

5    for Mattel (No. 189), and that MGA knew the Hua Tai 4K factory did not manufacture products

6    for Mattel (No. 190).

7              On March 30, 2007, MGA served its Responses objecting to the requests for admission

8    regarding copyright registrations on the grounds that they called for "a legal conclusion" and "the

9    disclosure of attorney-client privileged information or information protected from disclosure by

10   the work-product doctrine, joint defense or common interests privilege or other privilege."

11   Kidman Decl., Ex. 11.  As for the remainder of the requests for admission at issue (Nos. 186-

12   190), MGA objected that the requests were "vague and ambiguous" and sought information that

     was not relevant to any claim or defense in the suit.  The instant motion ensued.

13             With respect to the requests for admission regarding copyright registrations, Mattel

14   contends that Rule 36, Fed.R.Civ.P., authorizes requests that call for a legal conclusion so long as

15   the legal conclusion relates to the facts of the case.  Mattel contends that it has sued MGA for

16   copyright infringement, and therefore the requests for admission regarding copyright registrations

17   clearly relate to the facts of the case.  Further, Mattel contends that MGA's privilege and work

18   product objections are without merit.  Mattel argues that a party cannot avoid answering requests

19   for admission that involve the application of law to fact by claiming that it needs to confer with

20   counsel in order to do so. · Mattel contends that to hold otherwise would effectively gut the

21   provision of Rule 36 authorizing such requests.

22             As to the remaining requests for admission, Mattel contends that they seek admissions that

23   are clearly relevant to its claim that MGA has engaged in unfair competition by, among other

24   things, "repeatedly issu[ing] false and misleading press releases" about Mattel.  Mattel's

25   Counterclaim, ¶¶81 and 165, Kidman Decl., Ex. 7.  Mattel also contends that the requests for

26   admission seek information relevant to Mattel's defenses to MGA's unfair competition claims

27   and causation of alleged damages on those claims.  For example, Mattel contends that the requests

28

EXHIBIT  9  PAGE  345

for admission could show that any decline in sales, lost profits or loss of goodwill and reputation MGA seeks to attribute to Mattel's conduct was caused or contributed to the public's negative reaction to MGA's alleged "sweatshop" labor practices.

In opposition, MGA stands by its objections that the requests for admission regarding copyright registrations are improper because they call for a legal conclusion and require the disclosure of information protected by the attorney-client privilege and work product doctrine. MGA reasons that any knowledge it could have regarding whether copyright works are "derivative" or "substantially similar" to other works must necessarily come from the opinions of its counsel.

MGA contends that the remaining requests regarding its comments to the press are irrelevant to any claim or defense. MGA points out that Mattel's counterclaims do not mention any comments regarding the Hua Tai 4K factory or MGA's or Mattel's labor practices. Rather, Mattel's counterclaims are based upon alleged comments by Isaac Larian regarding Mattel's MyScene My Bling Bling dolls with real gems. Furthermore, MGA contends that the Request Nos. 186-190 cannot support any defense against MGA's unfair competition claims because those claims were filed well before the alleged press statements were made.

<u>III. DISCUSSION</u>

Rule 36 of the Federal Rules of Civil Procedure governs requests for admission and provides, in pertinent part, that "[a] party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26(b)(1) set forth in the request that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request." Fed.R.Civ.P. 36(a). Further, "[a] party who considers that a matter of which an admission has been requested presents a genuine issue for trial may not, on that ground alone, object to the request; the party may, subject to the provisions of Rule 37(c), deny the matter or set forth reasons why the party cannot admit or deny it." <u>Id.</u>

"Rule 36 serves two vital purposes, both of which are designed to reduce trial time. Admissions are sought, first to facilitate proof with respect to issues that cannot be eliminated

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

4

EXHIBIT 9 PAGE 346

from the case, and secondly, to narrow the issues by eliminating those that can be." The Advisory Committee Notes to the 1970 Amendment to Rule 36; see also Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d 1242, 1245 (9th Cir. 1981) ("The purpose of Rule 36(a) is to expedite trial by establishing certain material facts as true and thus narrowing the range of issues for trial.").

The Advisory Committee Notes to the 1970 Amendment to Rule 36 provide the following additional guidance:

> As revised, the subdivision provides that a request may be made to admit any matters within the scope of Rule 26(b) that relate to statements or opinions of fact or of the application of law to fact. It thereby eliminates the requirement that the matters be "of fact." This change resolves conflicts in the court decisions as to whether a request to admit matters of "opinion" and matters involving "mixed law and fact" is proper under the rule. . . .
>
> *       *       *
>
> Not only is it difficult as a practical matter to separate "fact" from "opinion," see 4 *Moore's Federal Practice* ¶36.04 (2d ed. 1966); cf. 2A Barron & Holtzoff, *Federal Practice and Procedure* 317 (Wright ed. 1961), but an admission on a matter of opinion may facilitate proof or narrow the issues or both. An admission of a matter involving the application of law to fact may, in a given case, even more clearly narrow the issues. For example, an admission that an employee acted in the scope of his employment may remove a major issue from the trial. In *McSparran v Hanigan,* [225 F. Supp. 628 (E.D. Pa. 1963)], plaintiff admitted that "the premises on which said accident occurred, were occupied or under the control" of one of the defendants, 225 F.Supp. at 636. This admission, involving law as well as fact, removed one of the issues from the lawsuit and thereby reduced the proof required at trial. The amended provision does not authorize requests for admissions of law unrelated to the facts of the case.

1970 Advisory Committee Notes to Rule 36, Fed.R.Civ.P.

### Requests For Admission re Copyright Registrations (Nos. 192, 193, 199, 200, 206, 207, 213, 214, 222-224, 226, 228, 230, 232, 234, 236, 238, and 240)

Mattel's requests for admission regarding copyright registrations are written in essentially the same format. For example, Request No. 192 asks MGA to "[a]dmit that the work registered as VA 1-090-287 is a derivative of the work registered as VA 1-218-487." Kidman Decl., Ex. 11. Request No. 193 asks MGA to "[a]dmit that the work registered as VA 1-090-287 is substantially similar to the work registered as VA 1-218-487." Id.

Rule 36 plainly states that requests for admission may "relate to statements or opinions of fact or the application of law to fact." Mattel's requests for admission fall within this permissible

1  category.  Courts have required parties to answer requests for admission similar to Mattel's

2  requests.  For example, in McSparran, supra, the plaintiff admitted that "the premises on which

3  said accident occurred, were occupied or under the control" of one of the defendants.  In

4  Marchand v. Mercy Med. Ctr., 22 F.3d 933, 937 (9th Cir. 1994), the Ninth Circuit found that a

5  request to admit that defendant's care and treatment of plaintiff failed to comply with the

6  "applicable standards of care" was permissible.  In First Options of Chicago, Inc. v. Wallenstein,

7  1996 WL 729816 (E.D. Pa. 1996), the court ordered defendants to answer requests to admit that

8  they "owed a fiduciary duty" to certain creditors to preserve corporate assets.  Id. at *3.  In

9  Treister v. PNC Bank, 2007 WL 521935 (S.D. Fla. 2007), the court found that a request for

10  defendant to admit that it was not required to provide plaintiffs with copies of cancelled checks

11  drawn on their accounts "clearly calls for an application of law to fact."  Id. at *2.

12          Despite the stated purpose of the 1970 amendments to Rule 36  to "resolve conflicts in the

13  court decisions as to whether a request to admit matters of 'opinion' and matters involving 'mixed

14  law and fact' is proper under the rule, there apparently continues to exist a split of authority.

15  MGA cites to several cases for the proposition that a request for admission calling for legal

16  conclusion is improper.  See e.g., Playboy Enterprises, Inc. v. Welles, 60 F.Supp.2d 1050 (S.D.

17  Cal. 1999) (defendant allowed to object to requests asking her to admit she was a public figure

18  and admit that a contract provision required her to obtain permission from plaintiff before using

19  "Playmate of the Year" because the requests asked for a conclusion of law); Tulip Computers

20  Int'l. B.V. v. Dell Computer Corp., 210 F.R.D. 100, 108 (D. Del. 2002) ("Moreover, requests that

21  seek legal conclusions are not allowed under Rule 36."); Border Collie Rescue, Inc. v. Ryan, 418

22  F.Supp.2d 1330, n. 12 (M.D. Fla. 2006) (requests asking defendant to admit that he defamed

23  plaintiffs and "knowingly and maliciously published false statements of fact" concerning

24  plaintiffs deemed improper); Tuvalu v. Woodford, 2006 WL 3201096, at *7 (E.D. Cal. 2006)

25  ("[R]equests for admission should not be used . . . to demand that the other party admit the truth

26  of a legal conclusion, even if the conclusion is attached to operative facts. . .") (quotations

27  omitted); and Fuentes v. Knowles, 2007 WL 1946619, at *2 (E.D. Cal. 2007) (requests asking

28  defendant to admit that prisoners should be provided access to medical care, that defendant should

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

6

EXHIBIT  9  PAGE 348

not delay access to care, and that defendant was aware of his responsibilities under certain caselaw and statute were held improper as seeking "interpretations of law which is outside the scope of defendant's knowledge" and legal conclusions).  None of these cases are binding authority, however.  Furthermore, without knowing all of the factual circumstances that led to the decisions in each of the cases cited above, it appears that most of them are inconsistent with the plain language of Rule 36 and the guidelines set forth in the Advisory Committee Notes.  See e.g., Playboy Enterprises, Inc., supra; Tulip, supra, Border Collie Rescue, Inc., supra.  Rule 36 expressly allows requests for admission relating to "the application of law to fact." Fed.R.Civ.P. 36(a).  Furthermore, the Advisory Committee Notes provide two examples of such requests:  an admission that an employee acted in the scope of his employment; and an admission that the premises on which an accident occurred were occupied or under the control of a defendant.  The Advisory Committee Notes make it clear that these types of requests calling for legal conclusions are permissible, and in doing so, distinguish the requests that call for admissions of law unrelated to the facts of the case, which are not authorized.

Mattel's requests for admission regarding copyright registrations do not ask for pure conclusions of law unrelated to the facts of the case, and MGA does not contend otherwise.  Each of Mattel's requests relates to the copyrighted works allegedly owned by MGA.  Furthermore, these requests are clearly designed to help narrow the issues for trial, which is a major purpose of Rule 36.  See 1970 Advisory Committee Notes to Rule 36, Fed.R.Civ.P.  Therefore, MGA's "legal conclusion" objection is overruled.

MGA's privilege and work product objections are also without merit.  The fact that MGA may need to consult with counsel to respond to the requests does not make the response privileged.  To hold otherwise would effectively gut the provision of Rule 36 authorizing requests that call for the application of law to fact.  See also Convergent Business Systems, Inc. v. Diamond Reporting, Inc., 1989 WL 92038, at *1 (E.D.N.Y. 1988) ("Seeking the facts and documents which support a particular allegation in a complaint violates neither the attorney-client or work product privileges.").

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

7

EXHIBIT 9 PAGE 349

1      Mattel's motion is granted as to the requests for admission regarding copyright

2   registrations.

3

4      Requests for Admission re MGA's Alleged Statements To The Press (Nos. 186-190)

5      The requests for admission regarding MGA's alleged statements to the press seek relevant

6   information within the scope of Rule 26(b)(1), Fed.R.Civ.P.  In its counterclaims, Mattel alleges

7   that MGA made false statements about Mattel's MyScene My Bling Bling products.  Mattel

8   further alleges that "[s]uch conduct is not an isolated incident.  MGA and Larian, in an effort to

9   gain an unfair advantage, repeatedly issued false and misleading press releases."  Mattel's

10  Counterclaims, ¶81, Kidman Decl. Ex. 7.  Request Nos. 186-190 are directly relevant to MGA

11  and Larian's allegedly ongoing conduct.  These requests for admission are also relevant to support

12  Mattel's defense against MGA's unfair competition claim.  Mattel intends to show that the public

13  report regarding MGA's alleged "sweatshop" labor practices may have caused or contributed to

14  the decline in sales, profits, and dilution of goodwill and reputation allegedly caused by Mattel's

15  anticompetitive conduct.

16     Therefore, MGA's objection based upon relevancy is overruled and MGA is ordered to

17  admit or deny Request Nos. 186-190 consistent with Rule 36(a), Fed.R.Civ.P.

### IV. CONCLUSION

18     For the reasons set forth above, Mattel's motion to compel is granted.  MGA shall provide

19  responses to the requests for admission no later than August 30, 2007.  Mattel's motion for

20  sanctions is denied.

21     Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery

22  Master, Mattel shall file this Order with the Clerk of Court forthwith.

23

24  Dated:  August 20, 2007

25

26  HON. EDWARD A. INFANTE (Ret.)
    Discovery Master

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

8

EXHIBIT __9__ PAGE 350