## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on August 20, 2007, I served the attached ORDER GRANTING MATTEL'S MOTION TO COMPEL MGA TO ANSWER REQUESTS FOR ADMISSION in the within action by e-mail addressed as follows:

| | | |
|---|---|---|
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | crna@kvn.com |
| John E. Trinidad, Esq. | Keker & Van Nest | jtrinidad@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johnquinn@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| Dale Cendali Esq. | O'Melveny & Myers LLP | dcendali@omm.com |
| Diana Torres Esq. | O'Melveny & Myers LLP | dtorres@omm.com |
| James Jenal Esq. | O'Melveny & Myers LLP | jjenal@omm.com |
| Alicia Meyer Esq. | O'Melveny & Myers LLP | ameyer@omm.com |
| Jennifer Glad Esq. | O'Melveny & Myers LLP | jglad@omm.com |
| David Hurwitz, Esq. | O'Melveny & Myers LLP | dhurwitz@omm.com |
| Johanna Schmitt Esq. | O'Melveny & Myers LLP | jschmitt@omm.com |
| Michael C. Keats, Esq. | O'Melveny & Myers LLP | mkeats@omm.com |
| Kendall Burr, Esq. | O'Melveny & Myers LLP | kburr@omm.com |
| Melanie Bradley, Esq. | O'Melveny & Myers LLP | mbradley@omm.com |
| Marvin Putnam, Jr., Esq. | O'Melveny & Myers LLP | mputnam@omm.com |
| William Charron, Esq. | O'Melveny & Myers LLP | wcharron@omm.com |
| Patricia Glaser Esq. | Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP | pglaser@chrisglase.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on August 20, 2007, at San Francisco, California.

Sandra Chan

EXHIBIT __9__ PAGE _351_

**EXHIBIT 10**

*Final*

**MGA ENTERTAINMENT**
**16730 Schoenborn Street**
**North Hills, California  91343**

Dated as of September 18, 2000

Mr. Carter Bryant
1319 West 160th Street
Gardena, California 90247

Dear Mr. Bryant:

      Set forth below are the terms and conditions upon which we (hereinafter "MGA") are retaining you ("Bryant") to consult and advise MGA in the design and development of certain products which MGA wishes to manufacture and distribute (hereinafter our agreement is sometimes referred to as the "MGA Consulting Agreement").  The parties' agreement is as follows:

1.    **Retention as Consultant/Services:** MGA retains Bryant to provide his services to consult with MGA and advise MGA on the design and development by MGA of a line of dolls presently known as "Bratz" (the "MGA Products").  Bryant will render his services at such locations and times as may be reasonably be designated by MGA. It is understood and agreed that Bryant shall provide his services on a "top priority" basis as his services pertain to other clients of Bryant.  In addition, Bryant and all other Bryant staff will take direction from and be under the supervision of such person(s) as may be reasonably designated by MGA from time to time upon notice to Bryant.  It is understood and agreed that, subject to MGA's prior written consent, Bryant may retain third party contractors ("Contractors") to assist at his direction in the services to be rendered hereunder.  Such third parties shall be compensated in a manner ("Contractor Fees") to be determined between Bryant and such third parties and shall be subject to the terms of this Agreement, including without limitation, paragraphs 3, 4, and 7, below. Bryant shall enter into agreements with all Contractors on a form approved by MGA as conforming to the terms of this Agreement and confirming MGA's ownership of all results and proceeds of the services provided by any such Contractors; such form is attached a Exhibit "A" to this Agreement, and is incorporated herein by reference.

2.    **Term/Exclusivity:**  The Term shall commence on the date of this Agreement.  MGA shall have the right to terminate this Agreement on not less than forty-five (45) days prior written notice to Bryant. During the Term of this Agreement, Bryant will not provide consulting services to any person, firm or corporation engaged in the design, development and manufacture and sale of dolls or similar products.

3.    **Ownership:**

    (a)    All results and proceeds of the services provided by Bryant hereunder and any Contractor, including without limitation, any inventions, and any documentation related thereto, and any other material, whether written or oral (collectively, the  "Bryant Work Product") shall be considered "work made for hire" and shall be owned exclusively, throughout the world, and in perpetuity by MGA (including all copyrights and patents therein and thereto, and all renewals and extensions thereof). MGA shall have the sole and exclusive right to use the Bryant Work Product, in whole or in part, in whatever manner MGA may desire, including without limitation, the right to cut, edit, revise, alter and/or otherwise modify the Bryant Work Product and the results of Bryant's services hereunder and the Contractors' services, and to freely use, perform, distribute, exhibit and exploit such materials and license others to do so in any and all media now known or hereafter devised.  MGA shall have the sole and exclusive right to copyright or patent the Bryant Work Product in MGA's name, as the owner and author thereof, and to secure any and all registrations, renewals and extensions of such copyrights and

1

ATTORNEY'S EYES ONLY

BRYANT 00794

EXHIBIT __10__ PAGE 352

patents in MGA's name or Bryant's name or the Contractors' names, as permitted pursuant to applicable statute. Bryant expressly waives, and shall cause all Contractors to waive, any "moral rights" (as such term is commonly understood around the world) in and to the Bryant Work Product prepared by Bryant and/or the Contractors pursuant to the Agreement. Bryant shall, upon request, execute, acknowledge and deliver, and shall cause each Contractor to execute, acknowledge and deliver, to MGA such additional documents as MGA may deem necessary to evidence and effectuate MGA's rights hereunder, and Bryant hereby grants to MGA the right as Bryant's attorney-in-fact to execute, acknowledge, deliver and record in the U.S. Copyright Office, the U.S. Patent Office or elsewhere any and all such documents. If, whether by statutory amendment to the U.S. Copyright and/or Patent Laws, or a decision by a court of competent jurisdiction interpreting such laws, MGA shall not be deemed to be the author or owner of the Bryant Work Product, this Agreement and each agreement with a Contractor shall, nevertheless, constitute an irrevocable assignment by Bryant and each Contractor, as applicable, to MGA of any and all of Bryant's and each Contractors' right, title and interest, including copyright and patent (and all renewals and extensions thereof), in and to the Bryant Work Product. Bryant acknowledges and agrees, and shall cause each Contractor to acknowledge and agree, that he and they have no interest in and shall not, by virtue of this Agreement or any services rendered by Bryant and/or each Contractor to MGA acquire any interest in the MGA Products and that MGA may exploit the MGA Products and any derivative works thereto, without obligation to Bryant and/or the Contractors, except as provided in Paragraph 4, below.

(b)     Without limiting the generality of the provisions of Paragraph 3(a), above, with respect only to any inventions, and any documentation related thereto, and any other material, whether written or oral, created by or for Bryant relating to the MGA Products prior to the commencement of the term of this Agreement, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by Bryant, Bryant hereby irrevocably grants, conveys, transfers, sets over and assigns to MGA in perpetuity all of Bryant's right, title and interest, in an to the such material, including, without limiting the generality of the foregoing, all rights under copyright and patent (and all renewals and extensions thereof) including the right to produce and authorize the production of any and all derivative works, and all proprietary rights of any kind therein, now known or hereafter created throughout the world. MGA shall have the sole and exclusive right to use such material, in whole or in part, in whatever manner MGA may desire, including without limitation, the right to cut, edit, revise, alter and/or otherwise modify such materials and to freely use, perform, distribute, exhibit and exploit such materials and license others to do so in any and all media now known or hereafter devised or refrain from doing so as MGA may determine. Bryant expressly waives any "moral rights" (as such term is commonly understood around the world) in and to such materials.

4.     **Compensation/Costs:**

(a)     For the first six (6) months of the Term of this Agreement, MGA shall pay Bryant for his services at the rate of five thousand five hundred dollars ($5,500.00) per month; for the next three (3) months of the Term, MGA shall pay Bryant for his services at the rate of five thousand dollars ($5,000.00) per month. All sums paid to Bryant as monthly fees shall be deemed to be non-refundable, fully-recoupable advances against any royalties that may be payable to Bryant pursuant to paragraph 4(b), below.

(b)     MGA shall pay to Bryant a royalty of three percent (3%) of the Net Sales Receipts from the sales by MGA of any of the MGA Products developed by MGA on which Bryant provided his consulting services. As used herein, the term "Net Sales Receipts" means all monies actually received by MGA from its customers on sales of MGA Products less (i) any and all excise, sales, value added or comparable or similar taxes; (ii) freight and similar third party handling charges paid or payable by MGA; and (iii) returns, discounts, allowances or credits (inclusive of co-op and trade discounts and allowances). MGA shall account to Bryant on a calendar quarterly basis within thirty (30) days after the end of each quarter. All statements of royalties rendered by MGA hereunder shall be conclusive, final,

{00006662.DOC/2 / 10/04/2000  03:05 PM}

2

ATTORNEY'S EYES ONLY

BRYANT 00795

EXHIBIT _10_ PAGE 353

and binding on Bryant, shall constitute an account stated, and shall not be subject to any question for any reason whatsoever unless specific written objection, stating the basis thereof, is given by Bryant to MGA within two (2) years after the date rendered.  No action, suit, or proceeding of any nature in respect of any royalty statement or other accounting rendered by MGA hereunder may be maintained against MGA unless such action, suit, or proceeding is commenced against MGA  in a court of competent jurisdiction within one (1) year after the date of MGA's notice rejecting such objection.  Bryant or his representatives shall have the right, not more than once per year and not more than once per statement of royalties, to examine MGA's books and records relating to the sales of such MGA Products, such examination to be conducted during MGA's normal business hours and upon reasonable prior written notice.

(c)     All costs and expenses incurred by Bryant in connection with the performance of his obligations hereunder shall be borne solely by Bryant, except as otherwise agreed and incurred with MGA's prior written consent.  In the event MGA requests Bryant to travel to the Orient on MGA's behalf in connection with his services hereunder, MGA will reimburse Bryant for all travel expenses incurred in connection therewith, such as parking, airfare (economy class), auto rental, meals and hotel accommodations. Reimbursement shall be at the actual cost of such item without any mark-up.

(d)     Bryant shall submit invoices to MGA for his monthly fees (and reimbursable expenses, if and as agreed) on a monthly basis.  Each invoice shall provide sufficient detail to support the monthly fee charges and hours rendered (and shall include satisfactory copies of bills and/or payments for reimbursable expenses, as applicable).  MGA shall pay each such invoice within fifteen (15) days after receipt of such invoice, provided, however, MGA reserves the right to request further explanation or documentation before paying any invoice submitted by Bryant.

(e)     MGA shall use its reasonable business efforts, consistent with its business judgment, to market, promote, distribute, sell and/or exploit the MGA Products and to collect on all monies due from sales.  MGA has not made and does not hereby make any representation or warranty with respect to the quantity of sales (if any) of MGA Products embodying the Property which MGA may sell.  Bryant recognizes and acknowledges that the sale of MGA Products is speculative and agrees that MGA's judgment and the judgment of its subsidiaries and affiliated companies with regard to the sales of any of its MGA Products and with regard to the marketing, promotion, advertising and exploitation of the MGA Products shall be binding and conclusive upon Bryant.  Bryant warrants and agrees that Bryant will not make any claim, nor shall any liability be imposed upon MGA based upon any claim, that more sales could have been made or that better business could have been done than what was actually made or done by MGA or any of MGA's subsidiaries or its affiliated companies, or that better prices or terms could have been obtained.

5.     **Warranties and Indemnity:**  Bryant represents, warrants and agrees that:

(a)     he has the right and is free to execute this Agreement, to grant the rights granted by him to MGA hereunder, and to perform each and every term and provision hereof;

(b)     neither the execution and delivery of this Agreement nor the performance by Bryant of any of his obligations hereunder will constitute a violation, breach or default under any agreement, arrangement or understanding, or any other restriction of any kind, to which Bryant is a party or by which Bryant is bound;

(c)     the Bryant Work Product shall be free of all liens and encumbrances and there will be no claims, demands or actions pending or threatened with respect thereto; and that the Bryant Work Product is original and no part thereof infringes or shall infringe upon any common law or statutory rights or intellectual property rights of any third party including, without limitation, contractual rights,

{00006662.DOC/2 / 10/04/2000  03:05 PM}

3

ATTORNEY'S EYES ONLY

BRYANT 00796

EXHIBIT _10_ PAGE_354_

patents, copyrights, mask-work rights, trade secrets, rights of privacy and other intellectual property rights;

(d)     he shall comply with all applicable laws and regulations in force during the Term of this Agreement with respect to the services to be rendered hereunder; and

(e)     he shall indemnify and hold MGA harmless from and against any and all claims, losses, costs, judgments, settlements, damages and expenses (including reasonable counsel fees) arising from any breach by him of any of the warranties, representations and agreements made by him hereunder.

6.     **Default/Termination:**

(a)     In the event either Party fails to perform any of its material obligations hereunder, or breaches any representation, warranty or agreement contained herein, the other Party may terminate this Agreement on thirty (30) days prior written notice, provided the breaching Party shall not have remedied such failure within such thirty (30) day period.

(b)     Upon the termination of this Agreement Bryant shall turn over to MGA all materials relating to the MGA Products furnished by MGA to Bryant or shall give MGA satisfactory evidence of their destruction.

7.     **Confidentiality:**

(a)     Bryant shall keep in confidence and not disclose to any third party, without the written permission of MGA, the Confidential Information made known to him under this Agreement. As used herein, the term "Confidential Information" means information relating to MGA's products (whether current or projected), product titles, customers, employees, tools and techniques, designs, drawings, schematics and other documentation relating thereto and other confidential and proprietary business information of MGA and which is expressly labeled or identified to Bryant in writing as "confidential" or which, under the circumstances of such disclosure, Bryant knows, or reasonably should know, are treated by MGA as confidential. This requirement of confidentiality shall not apply to any information that is (i) in the public domain through no wrongful act of Bryant; (ii) rightfully received by the Bryant from a third party who is not bound by a restriction of nondisclosure; (iii) already in the Bryant's possession without restriction as to disclosure; or (iv) required to be disclosed by operation of law or by order of a court or administrative body of competent jurisdiction, (provided that prior to such disclosure, MGA shall first receive notice thereof from Bryant and have the opportunity to contest such order or requirement of disclosure or seek appropriate protective order).

(b)     Bryant agrees and acknowledges that all Confidential Information disclosed to him shall be and remain the sole property of MGA. Nothing contained in this Agreement shall be construed as granting to Bryant any right, title or interest of any kind, by license or otherwise, to the Confidential Information disclosed by MGA, the intellectual property therein or any part or copy thereof. Bryant further acknowledges and agrees that nothing contained herein shall be construed as granting Bryant any right to develop, manufacture, produce and/or distribute any product(s) derived from or which otherwise uses any of the Confidential Information disclosed by MGA, or authorize or in any way assist others to do so. Bryant may not make, sell, license or distribute copies of the Confidential Information disclosed by MGA and may not sublicense, transfer or assign in any manner whatsoever this Agreement or any of Bryant's rights or obligations under this Agreement.

(c)     Bryant acknowledges that his failure to perform any of the terms or conditions of this Agreement shall result in immediate and irreparable damage to MGA. Bryant also acknowledges that there may be no adequate remedy at law for such failures and that in the event thereof MGA shall be

{00006662.DOC/2 / 10/04/2000  03:05 PM}

4

ATTORNEY'S EYES ONLY

BRYANT 00797

EXHIBIT _10_ PAGE _355_

entitled to equitable relief in the nature of injunction and to all other available relief, at law and/or in equity.

8.      **Notices:**  All notices, statements and/or payments to be given to the parties hereunder shall be addressed to the parties at the addresses set forth on the first page hereof or at such other address as the parties shall designate in writing from time to time.  All notices shall be in writing and shall either be served by personal delivery, mail, or facsimile (if confirmed by mail or personal delivery of the hard copy), all charges prepaid.  Except as otherwise provided herein, such notices shall be deemed given when personally delivered, all charges prepaid, or on the date five (5) days following the date of mailing, except that notices of change of address shall be effective only after the actual receipt thereof.  Copies of all notices to MGA shall be sent to Fischbach, Perlstein & Lieberman LLP, 1875 Century Park East, Suite 850, Los Angeles, California 90067, Attention: David S. Rosenbaum, Esq. Copies of all notices to Bryant shall be sent to Carter Bryant 1319 West 160th Street, Gardena, California 90247.

9.      **Independent Contractor/No Partnership/Third Party Beneficiary:** Bryant's relationship with MGA is that of an independent contractor.  Bryant does not have, and will not represent that he has, any power, right or authority to bind MGA, or to assume or create any obligation or responsibility, express or implied, on behalf of MGA in MGA's name.  Nothing stated in the Agreement shall be construed as constituting a partnership or as creating the relationships of employer/employee or principal/agent between the parties.  In all matters relating to the Agreement, Bryant shall not act as MGA's employee within the meaning or application of any federal or state unemployment insurance laws, or any other laws or regulations which may impute any obligations or liabilities to MGA by reason of an employment relationship.  Bryant will be solely responsible for all taxes, including without limitation, employee and employer, and that he carries all of his own insurance. Neither of the parties hereto shall hold itself out contrary to the terms of this provision by advertising or otherwise.  This Agreement shall not be construed to be for the benefit of any third party.

10.     **Services Rendered Deemed Special, etc.:**  Bryant acknowledges that the services to be rendered by him hereunder are of a special, unique, extraordinary and intellectual character which gives them peculiar value, the loss of which cannot be adequately compensated for in an action at law and that a breach of any term, condition or covenant hereof will cause irreparable harm and injury to MGA and in addition to any other available relief MGA will be entitled to seek injunctive relief.

11.     **General Provisions:**

        (a)      This Agreement may not be assigned by either Party hereto either voluntarily or by operation of law.  Any such assignment shall not relieve such Party of its obligations hereunder.

        (b)      The titles of the paragraphs of this Agreement are for convenience only and shall not in any way affect the interpretation of any paragraph of this Agreement or the Agreement itself.

        (c)      A waiver by either Party of the terms or conditions of this Agreement in any instance shall not be deemed or construed to be a waiver of such terms or conditions for the future or of any subsequent breach thereof.  All remedies, rights, undertakings, obligations and agreements contained herein shall be cumulative and none of them shall be in limitation of any other remedy, right, undertaking, obligation or agreement of either Party.

        (d)      Neither Party hereto shall be liable to the other for any incidental, consequential, special or punitive damages of any nature or kind, arising out of in connection with a breach by such Party of this Agreement, whether such liability is asserted on the basis of contract, tort (including negligence or strict liability), or otherwise, even if such Party has been warned of the possibility of any such loss or damage.

{00006662.DOC/2 / 10/04/2000  03:05 PM}

5

ATTORNEY'S EYES ONLY

BRYANT 00798

EXHIBIT _10_ PAGE 356

(e)     This Agreement shall be construed and interpreted pursuant to the laws of the State of California, applicable to agreements made and to be performed entirely therein, and the parties hereto submit and consent to the jurisdiction of the courts of the State of California, including Federal Courts located therein, should Federal jurisdiction requirements exist, in any action brought to enforce (or otherwise relating to) this contract.

(f)     This Agreement constitutes the entire Agreement between the parties hereto and supersedes all prior agreements, whether written or oral, with respect to the subject matter herein contained. No provision of this Agreement shall be deemed waived, amended or modified by either Party unless such waiver, amendment or modification shall be in writing and signed by a duly authorized officer of the Party against whom the waiver, amendment or modification is to be enforced.

(g)     Nothing contained in this Agreement shall be construed so as to require the commission of any act contrary to law, and wherever there is any conflict between any provision of this Agreement and any material statute, law, ordinance, order or regulation contrary to which the parties hereto have no legal right to contract, the latter shall prevail, but in such event any provision of this Agreement so affected shall be curtailed and limited only to the extent necessary to bring it within the legal requirements.

Kindly indicate your agreement with the foregoing by signing in the space provided below.

Very truly yours,

MGA ENTERTAINMENT

By: _____

Its: _____

AGREED TO AND ACCEPTED:

CARTER BRYANT  REDACTED

Social Security Number

[00006862.DOC/2 / 10/04/2000  03:05 PM]

6

EXHIBIT 2 PAGE 26

**EXHIBIT 11**

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

| | | |
|---|---|---|
| **NEW YORK**<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010<br>(212) 849-7000<br>Facsimile: (212) 849-7100 | **LOS ANGELES**<br>865 South Figueroa Street, 10th Floor<br>Los Angeles, CA 90017<br>(213) 443-3000<br>Facsimile: (213) 443-3100 | **SAN FRANCISCO**<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111<br>(415) 875-6600<br>Facsimile: (415) 875-6700 |
| **TOKYO**<br>Akasaka Twin Tower Main Building, 6th Floor<br>17-22 Akasaka 2-Chome<br>Minato-ku, Tokyo 107-0052, Japan<br>+81 3 5561-1711<br>Facsimile: +81 3 5561-1712 | | **SILICON VALLEY**<br>555 Twin Dolphin Drive, Suite 560<br>Redwood Shores, CA 94065<br>(650) 801-5000<br>Facsimile: (650) 801-5100 |

## LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

**DATE:**   February 6, 2008         **NUMBER OF PAGES, INCLUDING COVER: 3**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Timothy A. Miller, Esq.<br>Skadden, Arps, Slate, Meagher & Flom LLP | 415-984-6400 | 415-984-2698 |

**FROM:**      B. Dylan Proctor, Esq.

**RE:**      *Mattel, Inc. v. Bryant*

**MESSAGE:**

FAXED
FEB 0 6 2008

07209/2337346.1

| CLIENT # | 7209 | ROUTE/<br>RETURN TO: | Suzanne Johnson - 10 | ☒ CONFIRM FAX<br>☒ INCLUDE CONF. REPORT |
|---|---|---|---|---|
| OPERATOR: | PRISCILLA | | CONFIRMED? | ☐ NO ☐ YES: _____ |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.**

EXHIBIT 11 PAGE 358

```
                     ***********************
                     ***   TX REPORT   ***
                     ***********************

     TRANSMISSION OK

     TX/RX NO             3001
     RECIPIENT ADDRESS    76706#7209#14159842698
     DESTINATION ID
     ST. TIME             02/06 15:10
     TIME USE             00'56
     PAGES SENT              3
     RESULT               OK
```

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**TOKYO**
Akasaka Twin Tower Main Building, 6th Floor
17-22 Akasaka 2-Chome
Minato-ku, Tokyo 107-0052, Japan
+81 3 5561-1711
Facsimile: +81 3 5561-1712

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94085
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
# FACSIMILE TRANSMISSION

**DATE:**     February 6, 2008          **NUMBER OF PAGES, INCLUDING COVER: 3**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Timothy A. Miller, Esq.<br>Skadden, Arps, Slate, Meagher & Flom LLP | 415-984-6400 | 415-984-2698 |

**FROM:**     B. Dylan Proctor, Esq.

**RE:**     *Mattel, Inc. v. Bryant*

**MESSAGE:**

EXHIBIT __11__ PAGE 359

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3112**

WRITER'S INTERNET ADDRESS
**dylanproctor@quinnemanuel.com**

February 6, 2008

**VIA FACSIMILE AND U.S. MAIL**

Timothy Miller, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
Four Embarcadero Center, Suite 3800
San Francisco, CA 94111

Re:     <u>Mattel v. Bryant</u>

Dear Counsel:

I am writing to request an immediate meet and confer regarding the responses of MGA Entertainment, Inc., MGA Entertainment (HK) Limited, and Isaac Larian (collectively the "MGA Defendants") to Mattel's First Set of Requests for Admission to MGA Entertainment, Inc., Carter Bryant, MGA Entertainment (HK) Limited, and Isaac Larian ("Requests"). All three sets of responses fail to properly respond to Mattel's Requests and should be supplemented.

For example, the MGA Defendants have failed to provide responsive answers to Request Nos. 29-35, which ask whether David Rosenbaum was an authorized agent of MGA regarding various matters. Additionally, Request Nos. 31-32 ask whether David Rosenbaum acted as an authorized agent of MGA in the year 2000 insofar as he performed services relating to Bryant, and Request Nos. 33-34 ask whether Rosenbaum was an authorized agent insofar as he performed services relating to Bratz. However, regardless of which services Mattel's Requests specify, the MGA Defendants provide the same answer: that MGA retained David Rosenbaum in 2000 to perform legal services for MGA in connection with the "Assignment Agreement." This answer is clearly not responsive.

EXHIBIT _11_ PAGE _360_

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

The MGA Defendants have also failed to provide responsive answers to Requests regarding MGA's Copyright registrations (Request Nos. 60, 63, 66, and 69).  For example, Request No. 60 seeks an admission that MGA's Copyright Registration No. VA 1-090-287 does not list any derivative works on which the copyrighted material which is subject to that Registration is based on other than the materials subject to Copyright Registration No. VA 1-218-487.  Rather than admit or deny this Request, the MGA Defendants provide a non-responsive narrative regarding whether the material that is the subject of the Copyright Registration is _actually_ derivative of the materials subject to Copyright Registration No. VA 1-218-487 and in what manner.  This is improper.

The remainder of the MGA Defendants' responses, including, but not limited to responses to Request Nos. 5-8, 15-16, 19-28, 44-47, 52-55, and 58-59 are similarly non-responsive and should be supplemented.

Please let me know when the MGA Defendants are available for an immediate meet and confer.  If we cannot resolve this matter, Mattel contemplates bringing a motion to compel complete, proper responses.  I look forward to hearing from you.

Very truly yours,

B. Dylan Proctor /AML

07209/2379779.1

EXHIBIT __11__ PAGE _361_

**EXHIBIT 12**

# SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR EMBARCADERO CENTER
SAN FRANCISCO, CALIFORNIA 94111-4144

TELEPHONE No.: (415) 984-6400
FACSIMILE No.: (415) 984-2698

DIRECT FACSIMILE No: 415-984-2698
EMAIL: tmiller@skadden.com

## FACSIMILE TRANSMITTAL SHEET

PLEASE DELIVER THE FOLLOWING PAGE(S) TO:

| | |
|---|---|
| NAME: | B. Dylan Proctor, Esq. |
| FIRM: | Quinn Emanuel |
| CITY: | Los Angeles |
| TELEPHONE No.: | 213-443-3000 |
| FACSIMILE No.: | 213-443-3100 |
| FROM: | Timothy A. Miller |

DATE: February 6, 2008

FLR/RM: 37

DIRECT DIAL: 415-984-2647

TOTAL NUMBER OF PAGES INCLUDING COVER(S):  2

THIS FACSIMILE IS INTENDED ONLY FOR USE OF THE ADDRESSEE(S) NAMED HEREIN AND MAY CONTAIN LEGALLY PRIVILEGED AND/OR CONFIDENTIAL INFORMATION. IF YOU ARE NOT THE INTENDED RECIPIENT OF THIS FACSIMILE, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS FACSIMILE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS FACSIMILE IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL FACSIMILE TO US AT THE ADDRESS ABOVE VIA THE LOCAL POSTAL SERVICE. WE WILL REIMBURSE ANY COSTS YOU INCUR IN NOTIFYING US AND RETURNING THE FACSIMILE TO US.

MESSAGE:  *Mattel v. Bryant, et al.*: Please see February 6, 2008, letter from Timothy A. Miller.

EXHIBIT 12 PAGE 362

02-06-08   17:05   From-SKADDEN ARPS SLATE MEAGHER   4159842699   T-655   P.002/002   F-330

# SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

### FOUR EMBARCADERO CENTER

### SAN FRANCISCO, CALIFORNIA 94111-4144

TEL: (415) 984-6400

FAX: (415) 984-2698

http://www.skadden.com

DIRECT DIAL
415-984-2647
EMAIL ADDRESS
TMILLER@SKADDEN.COM

FIRM/AFFILIATE OFFICES

BOSTON
CHICAGO
HOUSTON
LOS ANGELES
NEWARK
NEW YORK
PALO ALTO
RESTON
WASHINGTON, D.C.
WILMINGTON

BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO

February 6, 2008

<u>Via E-Mail and Facsimile</u>

Dylan Proctor, Esq.
Quinn Emanuel
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017

RE:   <u>Mattel v. Bryant, et al.</u>

Dear Dylan:

I received your letter dated February 6, 2008, requesting an "immediate" conference of counsel regarding the Objections and Responses to Mattel's "First" Set of Requests for Admission to MGA Entertainment, Inc., Carter Bryant, MGA Entertainment (HK) Ltd. and Isaac Larian.

Your letter claims that each set of RFA responses is deficient and goes on to raise a series of issues with respect to certain RFA responses. The Discovery Master Stipulation does not permit demands for an "immediate" meet and confer. The Discovery Master Stipulation requires only that the parties meet and confer within five court days of receipt of a proper meet and confer letter. As you well know, we are not available for an immediate meet and confer because, as you know, we are in the midst of briefing multiple motions filed by Mattel at the very end of the Phase 1 discovery period and preparing for the February 11 hearing before Judge Infante. We could be prepared to meet and confer any time on Monday afternoon, which is three court days after the receipt of your letter.

Very truly yours,

Timothy A. Miller

203860-San Francisco Server 1A - MSW

EXHIBIT _12_ PAGE 363

**EXHIBIT 13**

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

NEW YORK
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

LOS ANGELES
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

SAN FRANCISCO
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

TOKYO
Akasaka Twin Tower Main Building, 6th Floor
17-22 Akasaka 2-Chome
Minato-ku, Tokyo 107-0052, Japan
+81 3 5561-1711
Facsimile: +81 3 5561-1712

SILICON VALLEY
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
# FACSIMILE TRANSMISSION

**DATE:**    February 6, 2008                **NUMBER OF PAGES, INCLUDING COVER: 2**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Timothy A. Miller, Esq. Skadden, Arps, Slate, Meagher & Flom LLP | 415-984-6400 | 415-984-2698 |

**FROM:**    B. Dylan Proctor, Esq.

**RE:**    *Mattel, Inc. v. Bryant*

**MESSAGE:**



EXHIBIT _13_ PAGE _364_

| CLIENT # | 7209 | ROUTE/ RETURN TO: | Suzanne Johnson - 10 | ☒ CONFIRM FAX ☒ INCLUDE CONF. REPORT |
|---|---|---|---|---|
| OPERATER: | *MRSalln* | CONFIRMED? | ☐ NO  ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.**

02/06/2008 18:13 FAX  12134433100        QUINN-LA9-2                        ☑001

```
                    ********************
                    ***   TX REPORT   ***
                    ********************


    TRANSMISSION OK

    TX/RX NO              0062
    RECIPIENT ADDRESS     76706#7209#14159842698
    DESTINATION ID
    ST. TIME              02/06 18:11
    TIME USE              01'01
    PAGES SENT            2
    RESULT               OK
```

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**TOKYO**
Akasaka Twin Tower Main Building, 6th Floor
17-22 Akasaka 2-Chome
Minato-ku, Tokyo 107-0052, Japan
+81 3 5561-1711
Facsimile: +81 3 5561-1712

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
# FACSIMILE TRANSMISSION

**DATE:**      February 6, 2008

**NUMBER OF PAGES, INCLUDING COVER: 2**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Timothy A. Miller, Esq.<br>Skadden, Arps, Slate, Meagher & Flom LLP | 415-984-6400 | 415-984-2698 |

**FROM:**      B. Dylan Proctor, Esq.

**RE:**      *Mattel, Inc. v. Bryant*

**MESSAGE:**

EXHIBIT _13_ PAGE _365_

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3112**

WRITER'S INTERNET ADDRESS
**dylanproctor@quinnemanuel.com**

February 6, 2008

**VIA FACSIMILE AND U.S. MAIL**

Timothy A. Miller, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
Four Embarcadero Center Suite 3800
San Francisco, California 94111

Re:     Mattel v. Bryant

Dear Counsel:

I write in response to your letter of this afternoon.  As you know, the parties agreed that Mattel has three days to resolve issues arising from the MGA Defendants' deficient responses to Mattel's Requests for Admission, and/or to move to compel proper responses.  Because the MGA Defendants refuse to meet and confer regarding their responses, Mattel will move to compel to preserve its rights.  Mattel acknowledges the Defendants' refusal and will inform the Court of the same.

Very truly yours,

B. Dylan Proctor

07209/2380512.1

EXHIBIT 13 PAGE 366

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

07209/2380512.1

**EXHIBIT 14**

## Jean Claude Jones

| | |
|---|---|
| **From:** | Dylan Proctor |
| **Sent:** | Thursday, February 07, 2008 11:55 AM |
| **To:** | Jean Claude Jones |
| **Subject:** | FW: Mattel v. Bryant |
| **Attachments:** | 3rd Quinn Fax 02.06.08.pdf; RFA STIP.pdf |

B. Dylan Proctor
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3112
Main Phone: (213) 443-3000
Main Fax:  (213) 443-3100
E-mail:  dylanproctor@quinnemanuel.com
Web:  www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above.  This message may be an attorney-client communication and/or work product and as such is privileged and confidential.  If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

**From:** Miller, Timothy A [mailto:Timothy.Miller@skadden.com]
**Sent:** Wednesday, February 06, 2008 7:10 PM
**To:** Dylan Proctor
**Cc:** Kennedy, Raoul D (SFC); Nolan, Thomas J (LAC); Eckles, Paul M (NYC); Mumford, Marcus R (LAC)
**Subject:** Mattel v. Bryant

Dylan:

You write letters very quickly.  I received the attached letter from you in what seemed like only moments after I pushed the send button on my email to you.

I am not aware of the agreement to which you refer.  I am aware of the attached stipulation, signed by Chris Tayback of your firm, regarding the extention of time to respond to several sets of RFAs.  Is this the agreement that you are referring to?

Tim

**Timothy A. Miller**
**Skadden, Arps, Slate, Meagher & Flom LLP**
Four Embarcadero Center, Suite 3800
San Francisco, CA 94111
Direct Dial:  415-984-2647

EXHIBIT _14_ PAGE _367_

2/7/2008

Fax: 415-984-2698
tmiller@skadden.com

----------------------------------------------------------------

***************************************************** To ensure compliance with Treasury Department regulations, we advise you that, unless otherwise expressly indicated, any federal tax advice contained in this message was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or applicable state or local tax law provisions or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein. ***************************************************
***************************************************** This email and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified any dissemination, distribution or copying of this email, and any attachments thereto, is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original copy and any copy of any email, and any printout thereof. Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request. ***************************************************

================================================================

EXHIBIT _14_ PAGE 368

02/06/2008 18:12 FAX  12134433100          QEUOH LAO 2                              ☑001/002

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**TOKYO**
Akasaka Twin Tower Main Building, 6th Floor
17-22 Akasaka 2-Chome
Minato-ku, Tokyo 107-0052, Japan
+81 3 5561-1711
Facsimile: +81 3 5561-1712

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

**RECEIVED**
FROM FAX DEPARTMENT

FEB 0 6 2008

SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP

**DATE:**  February 6, 2008          **NUMBER OF PAGES, INCLUDING COVER:** 2

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Timothy A. Miller, Esq.<br>Skadden, Arps, Slate, Meagher & Flom LLP | 415-984-6400 | 415-984-2698 |



EXHIBIT _14_ PAGE 369

## quinn emanuel trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

WRITER'S DIRECT DIAL NO.
(213) 443-3112

WRITER'S INTERNET ADDRESS
dylanproctor@quinnemanuel.com

February 6, 2008

**VIA FACSIMILE AND U.S. MAIL**

Timothy A. Miller, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
Four Embarcadero Center Suite 3800
San Francisco, California 94111

Re:   Mattel v. Bryant

Dear Counsel:

I write in response to your letter of this afternoon.  As you know, the parties agreed that Mattel has three days to resolve issues arising from the MGA Defendants' deficient responses to Mattel's Requests for Admission, and/or to move to compel proper responses.  Because the MGA Defendants refuse to meet and confer regarding their responses, Mattel will move to compel to preserve its rights.  Mattel acknowledges the Defendants' refusal and will inform the Court of the same.

Very truly yours,

B. Dylan Proctor

07209/2380512.1

EXHIBIT 14 PAGE 370

quinn emanuel urquhart oliver & hedges, llp

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

07209/2380512.1

1  THOMAS J. NOLAN (Bar No. 66992)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2  300 South Grand Avenue
   Los Angeles, California  90071-3144
3  Telephone:   (213) 687-5000
   Facsimile:    (213) 687-5600
4  E-mail:        tnolan@skadden.com

5  RAOUL D. KENNEDY (Bar No. 40892)
   TIMOTHY A. MILLER (Bar No. 154744)
6  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
   Four Embarcadero Center, 38th Floor
7  San Francisco, California  94111-5974
   Telephone:   (415) 984-6400
8  Facsimile:    (415) 984-2698
   E-mail:        rkennedy@skadden.com
9

10 Attorneys for Cross-Defendants
   MGA Entertainment, Inc., MGA Entertainment (HK) Limited,
11 MGAE De Mexico, S.R.L. De C.V., and ISAAC LARIAN

12                UNITED STATES DISTRICT COURT

13               CENTRAL DISTRICT OF CALIFORNIA

14                      EASTERN DIVISION

15 CARTER BRYANT, an individual        )  CASE NO. CV 04-9049 SGL (RNBx)
                                       )
16                     Plaintiff,      )  Consolidated with Case No. 04-9059
                                       )  and Case No. 05-2727
17        v.                           )
                                       )  STIPULATION REGARDING
18 MATTEL, INC., a Delaware            )  EXTENSION OF TIME TO
   corporation                         )  RESPOND AND OBJECT TO
19                                     )  REQUESTS FOR ADMISSION
                     Defendant.        )
20 _____ )  [[Proposed] Order filed concurrently
                                       )  herewith]
21 Consolidated with MATTEL, INC. v.   )
   BRYANT and MGA                      )  Phase 1:
22 ENTERTAINMENT, INC. v.              )  Discovery Cut-Off:   January 28, 2008
   MATTEL, INC.                        )  Pre-Trial Conference: May 5, 2008
23                                     )  Trial Date:           May 27, 2008
24

25

26

27

28

─────────────────────────────────────────────────────────────
        STIPULATION RE EXTENSION OF TIME TO RESPOND TO REQUESTS FOR ADMISSION

EXHIBIT _14_ PAGE _371_

1    WHEREAS, Mattel, Inc. ("Mattel") served the following sets of

2  Requests for Admission ("RFAs"): (i) Mattel's Second Set of Requests for

3  Admission Propounded to All Defendants ("Second Set to All Defendants"); (ii)

4  Mattel's Third Set of Requests for Admission Propounded to All Defendants ("Third

5  Set to All Defendants"); (iii) Mattel's Fourth Set of Requests for Admission

6  Propounded to All Defendants ("Fourth Set to All Defendants"); and (iv) Mattel's

7  First Set of Requests for Admission Propounded to MGA Entertainment, Inc., Carter

8  Bryant, MGA Entertainment (HK) Limited, and Isaac Larian; and

9    WHEREAS, the responses of Isaac Larian, MGA Entertainment, Inc.

10  ("MGA"), MGA Entertainment (HK) Limited ("MGA HK") and MGAE de Mexico

11  S.R.L. de C.V. ("MGA Mexico") to the above-referenced RFAs are currently due as

12  follows:  (i) responses to Second Set to All Defendants are currently due January 25,

13  2008; (ii)  responses to Third Set to All Defendants are currently due January 25,

14  2008; (iii) responses to Fourth Set to All Defendants  are currently due January 28,

15  2008); and (iv) responses to Mattel's First Set of Requests for Admission

16  Propounded to MGA Entertainment, Inc., Carter Bryant, MGA Entertainment (HK)

17  Limited, and Isaac Larian are currently due January 28, 2008; and

18    WHEREAS, the Phase I fact discovery cut-off is January 28, 2008; and

19    WHEREAS, a death in the family of Isaac Larian has prevented Mr.

20  Larian from participating in the preparation of responses to the above-referenced

21  RFAs; and

22    WHEREAS, Mattel has agreed to extend to and including February 4,

23  2008, the time for Isaac Larian, MGA, MGA HK and MGA Mexico to serve their

24  responses and objections to the First Set to All Defendants, the Second Set to All

25  Defendants, the Third Set to All Defendants and Mattel's First Set of Requests for

26  Admission Propounded to MGA Entertainment, Inc., Carter Bryant, MGA

27  Entertainment (HK) Limited, and Isaac Larian, to permit time for Mr. Larian to

28  participate in the preparation of responses to those requests; and

-1-

STIPULATION RE EXTENSION OF TIME TO RESPOND TO REQUESTS FOR ADMISSION

EXHIBIT 14 PAGE 372

1    WHEREAS, Larian, MGA, MGA HK and MGA Mexico agree that this
2    extension of time should not prejudice Mattel's ability to make a motion directed to
3    the sufficiency of those parties' responses to these discovery requests, should the
4    need arise and, thus, have agreed to extend any deadline for Mattel to make a motion
5    directed to the sufficiency of those responses by 10 days.

6    THEREFORE, the undersigned parties, through their undersigned
7    counsel, stipulate and agree as follows:

8    1.    The time for Larian, MGA, MGA HK and MGA Mexico to serve
9    their responses and objections to the following Requests for Admission is extended
10   to and including February 4, 2008:

11   (a)    Mattel's Second Set of Requests for Admission Propounded
12   to All Defendants;

13   (b)    Mattel's Third Set of Requests for Admission Propounded
14   to All Defendants;

15   (c)    Mattel's Fourth Set of Requests for Admission Propounded
16   to All Defendants; and

17   (d)    Mattel's First Set of Requests for Admission Propounded to
18   MGA Entertainment, Inc., Carter Bryant, MGA Entertainment (HK) Limited, and
19   Isaac Larian.

20   ///
21   ///
22   ///
23   ///
24   ///
25   ///
26   ///
27   ///
28

-2-

STIPULATION RE EXTENSION OF TIME TO RESPOND TO REQUESTS FOR ADMISSION

EXHIBIT 14 PAGE 373

2.    Any limitation on the time for Mattel to file a motion directed to the sufficiency of Larian's, MGA's, MGA HK's or MGA Mexico's responses to the Requests for Admission identified in paragraph 1 will be extended by 10 days.


IT IS SO STIPULATED.


DATED:  January 25, 2008        SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

By: _____/s/ Raoul D. Kennedy_____
          RAOUL D. KENNEDY

Attorneys for Cross-Defendants
MGA Entertainment, Inc., MGA
Entertainment (HK) Limited,
MGAE De Mexico, S.R.L. De C.V.,
and ISAAC LARIAN


DATED:  January 25, 2008        QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By: _____Christopher Tayback / with permission by TMN_____
        CHRISTOPHER TAYBACK

Attorneys for Defendant Mattel, Inc.

-3-

EXHIBIT _14_ PAGE _374_

**EXHIBIT 15**

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**TOKYO**
Akasaka Twin Tower Main Building, 6th Floor
17-22 Akasaka 2-Chome
Minato-ku, Tokyo 107-0052, Japan
+81 3 5561-1711
Facsimile: +81 3 5561-1712

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
# FACSIMILE TRANSMISSION

**DATE:**       February 6, 2008           **NUMBER OF PAGES, INCLUDING COVER: 2**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Timothy A. Miller, Esq.<br>Skadden, Arps, Slate, Meagher & Flom LLP | 415-984-6400 | 415-984-2698 |

**FROM:**     B. Dylan Proctor, Esq.

**RE:**     *Mattel, Inc. v. Bryant*

**MESSAGE:**



EXHIBIT _15_ PAGE _375_

07209/2380541.1

| CLIENT # | 7209 | ROUTE/<br>RETURN TO: | Suzanne Johnson - 10 | ☒ CONFIRM FAX<br>☒ INCLUDE CONF. REPORT |
|---|---|---|---|---|
| OPERATOR: | | | CONFIRMED?  ☐ NO  ☐ YES: _____ | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.**

Confirmation Report — Memory Send

```
                              Page       : 001
                              Date & Time: 02-06-2008   19:32
                              Line 1     : 2134433100
                              Line 2     :
                              Machine ID : QUINN EMANUEL
```

| | | |
|---|---|---|
| Job number | : | 623 |
| Date | : | 02-06  19:31 |
| To | : | ☎00098#07209#14159842698 |
| Number of pages | : | 002 |
| Start time | : | 02-06  19:31 |
| End time | : | 02-06  19:32 |
| Pages sent | : | 002 |
| Status | : | OK |
| Job number | : 623 | |



\*\*\* SEND SUCCESSFUL \*\*\*

---

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**TOKYO**
Akasaka Twin Tower Main Building, 6th Floor
17-22 Akasaka 2-Chome
Minato-ku, Tokyo 107-0052, Japan
+81 3 5561-1711
Facsimile: +81 3 5561-1712

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

**DATE:** February 6, 2008

**NUMBER OF PAGES, INCLUDING COVER:** 2

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Timothy A. Miller, Esq.<br>Skadden, Arps, Slate, Meagher & Flom LLP | 415-984-6400 | 415-984-2698 |

**FROM:** B. Dylan Proctor, Esq.

**RE:** Mattel, Inc. v. Bryant

**MESSAGE:**

| 07200/2380541.1 | | | | ☒ CONFIRM FAX |
|---|---|---|---|---|
| CLIENT # | 7209 | ROUTE/<br>RETURN TO: | Suzanne Johnson - 10 | ☒ INCLUDE CONF. REPORT |
| OPERATOR: | | CONFIRMED? | ☐ NO  ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.**

EXHIBIT 15 PAGE 376

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3112**

WRITER'S INTERNET ADDRESS
**dylanproctor@quinnemanuel.com**

February 6, 2008

**VIA FACSIMILE AND U.S. MAIL**

Timothy A. Miller, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
Four Embarcadero Center Suite 3800
San Francisco, California 94111

Re:   <u>Mattel v. Bryant</u>

Dear Counsel:

In response to your e-mail of earlier this evening, the stipulation attached to your e-mail is the stipulation to which I refer.

Very truly yours,

B. Dylan Proctor

07209/2380512.1

EXHIBIT _15_ PAGE _377_

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

07209/2380512.1

**EXHIBIT 16**

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**TOKYO**
Akasaka Twin Tower Main Building, 6th Floor
17–22 Akasaka 2-Chome
Minato-ku, Tokyo 107-0052, Japan
+81 3 5561-1711
Facsimile: +81 3 5561-1712

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
# FACSIMILE TRANSMISSION

**DATE:**     February 6, 2008

**NUMBER OF PAGES, INCLUDING COVER: 3**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| John Trinidad, Esq.<br>Keker & Van Nest LLP | (415) 397-5400 | (415) 397-7188 |

**FROM:**     B. Dylan Proctor

**RE:**     *Mattel, Inc. v. Bryant*

**MESSAGE:**

FEB 0 6 2008

| CLIENT # | 07209 | ROUTE/<br>RETURN TO: | Suzanne Johnson - 10 | ☒ CONFIRM FAX<br>☒ INCLUDE CONF. REPORT |
|---|---|---|---|---|
| OPERATOR: | Priscilla | | CONFIRMED?   ☐ NO   ☐ YES: _____ | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.**

EXHIBIT *16* PAGE *378*

# quinn emanuel trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

WRITER'S DIRECT DIAL NO.
(213) 443-3112

WRITER'S INTERNET ADDRESS
dylanproctor@quinnemanuel.com

February 6, 2008

**VIA FACSIMILE AND U.S. MAIL**

John Trinidad, Esq.
Keker & Van Nest LLP
710 Sansome Street
San Francisco, CA 94111

Re:   Mattel v. Bryant

Dear Counsel:

I am writing to request an immediate meet and confer regarding the responses of Carter Bryant ("Bryant") to Mattel's First Set of Requests for Admission to MGA Entertainment, Inc., Carter Bryant, MGA Entertainment (HK) Limited, and Isaac Larian ("Requests"). Bryant's responses fail to properly respond to Mattel's Requests and should be supplemented.

For example, Bryant fails to provide substantive responses to Request Nos. 5-8, which seek information concerning whether Bryant's assignment of rights of Bratz to MGA in the Assignment Agreement gave MGA property rights. Rather than admit or deny the Requests, Bryant simply quotes sections of the Agreement. This is improper.

Additionally, Bryant also states that he has insufficient information to admit or deny several Requests for which he clearly has sufficient knowledge. For example, Request Nos. 15 and 16 ask whether Bryant's Bratz Designs were valuable property at the time of the Assignment Agreement. Bryant entered into the Assignment Agreement, and he created the designs. He clearly has knowledge as to whether those designs had value at the time he entered into the agreement. Bryant also claims he does not have sufficient information to admit or deny Request

EXHIBIT _16_ PAGE _379_

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

Nos. 19 and 20, which ask whether Bryant's Bratz Ideas were valuable property at the time of the Assignment Agreement.  Again, Bryant clearly has knowledge of the value of his ideas at the time he entered into the Assignment Agreement.

Bryant's responses to Request Nos. 17-18, 21-28, 48-49, and 54-55 are similarly deficient and should be supplemented.

Please let me know when Bryant is available for an immediate meet and confer.  If we cannot resolve this matter, Mattel contemplates bringing a motion to compel complete, proper responses.  I look forward to hearing from you.

Very truly yours,

B. Dylan Proctor

07209/2380432.1

07209/2380432.1

2

EXHIBIT 16 PAGE 380