1    A.   YES.

2    Q.   WHICH OF THE DOLLS DID SHE WORK ON THE

3    FASHIONS FOR OF THAT FIRST WAVE OF -- OF BRATZ

4    DOLLS?

5    A.   I'M TRYING TO THINK.                          05:48:58

6         MR. MCFARLAND:  DON'T GUESS.

7         THE WITNESS:  I KNOW SHE WORK ON SOME OF

8    THEM.  I DON'T KNOW SPECIFIC ON IT.

9    BY MR. ZELLER:

10   Q.   DID YOU OR -- STRIKE THAT.                     05:49:25

11        DID YOU AND MS. CABRERA EVER DISCUSS ANY

12   CONCERN AMONG YOURSELVES AS TO THE FACT THAT SHE WAS

13   WORKING FOR MATTEL AND ALSO WORKING ON BRATZ

14   FASHIONS?

15   A.   ONLY AFTER SHE FOUND OUT THAT I -- WE WERE     05:49:37

16   WORKING ON THE -- ON THE BRATZ, WHEN SHE START

17   SEEING THE DOLLS AT THE DESIGN CENTER.

18   Q.   AND WHAT IS IT THAT YOU AND -- AND SHE

19   DISCUSSED ON THAT?

20   A.   YOU KNOW, SHE WAS REALLY SURPRISED THAT SHE    05:49:51

21   SAW ALL THOSE FASHIONS, AND JUST WAS TELLING ME THAT

22   THE DESIGNERS WERE DISSECTING THE DOLLS AND, YOU

23   KNOW, STUDYING REALLY CLOSELY THE OUTFITS AND STUFF

24   LIKE THAT.  SO SHE JUST START TALKING ABOUT THE

25   BRATZ.                                              05:50:16

305

21

EXHIBIT _____

PAGE _____  428

```
 1        Q.   DID SHE EVER EXPRESS ANY CONCERN THAT
 2   MATTEL WOULD FIND OUT?
 3        A.   NO.   THAT SHE WAS WORKING ON THE BRATZ?
 4        Q.   RIGHT.
 5        A.   NO.                                        05:50:26
 6        Q.   WERE YOU EVER CONCERNED ABOUT THAT?
 7        A.   NO.
 8        Q.   SO IF I UNDERSTAND YOU CORRECTLY, YOU DON'T
 9   SEE ANYTHING WRONG WITH A MATTEL EMPLOYEE WORKING ON
10   THE BRATZ FASHIONS; IS THAT TRUE?                    05:50:37
11        A.   YEAH, THAT'S TRUE.
12        Q.   NOTHING TROUBLING AT ALL ABOUT IT TO YOU?
13        A.   NO.
14        Q.   HOW MANY PEOPLE HAVE YOU HAD DO WORK FOR
15   YOU WHILE THEY WERE EMPLOYED BY MATTEL WHEN YOU WERE  05:50:49
16   NOT A MATTEL EMPLOYEE?
17        A.   I HAD ISABELLE CABRERA AND LATER ON
18   BEATRICE MORALES.
19        Q.   AND WHAT DID YOU HAVE HER WORK ON?
20        A.   ON BRATZ.                                  05:51:09
21        Q.   AND WHAT WAS YOUR GENERAL UNDERSTANDING OF
22   WHAT IT IS THAT BEATRICE MORALES DID AT MATTEL?
23        A.   SHE'S ALSO A SEAMSTRESS, AND ISABELLE'S
24   FRIEND AND -- AND WE NEEDED HELP, AND ISABEL
25   SUGGESTED TO INVITE BEATRICE TO COME AND HELP US.    05:51:29
```

A&E COURT REPORTERS (213) 955-0070. FAX: (213) 955-0077

EXHIBIT ___21___

PAGE ___429___

```
 1        Q.   WERE YOU INTRODUCED TO MS. MORALES THROUGH
 2   ISABEL, OR DID YOU KNOW HER INDEPENDENTLY?
 3        A.   I WAS INTRODUCED TO MS. MORALES THROUGH
 4   ISABEL.
 5        Q.   I'M SORRY, I DIDN'T CATCH THAT.                05:51:50
 6        A.   I WAS INTRODUCED TO MRS. MORALES THROUGH
 7   ISABEL.
 8        Q.   AND DID MS. MORALES WORK ON BRATZ FASHIONS
 9   AS WELL?
10        A.   YES.                                           05:52:07
11        Q.   AND WHAT TIME PERIOD DID SHE DO THAT?
12        A.   IT WAS A YEAR OR SO AFTER THE BRATZ CAME
13   OUT.
14             YOU HAVE THE DATES, BY THE WAY, YOU HAVE
15   HER SIGNED RECEIPTS AND TIME SHEET AND THAT ALL,         05:52:22
16   SO...
17        Q.   I TAKE IT THESE ARE ALL DOCUMENTS YOU GAVE
18   TO YOUR COUNSEL?
19        A.   YES.
20        Q.   YOU HAD MENTIONED THAT MS. MORALES WORKED      05:52:35
21   ON THE BRATZ FASHIONS A YEAR OR SO AFTER THE BRATZ
22   FIRST CAME OUT?
23        A.   YES.
24        Q.   AND FOR HOW LONG DID SHE WORK ON THE BRATZ
25   FASHIONS?                                                05:52:51
```

307

EXHIBIT _____ 21

470

```
1        A.    UNTIL I QUIT.  UNTIL I QUIT BRATZ.

2        Q.    WHERE IS IT THAT MS. MORALES LIVES?

3        A.    IT'S HAWTHORNE, THAT AREA.  I'M --

4        Q.    I'M SORRY WHERE?

5        A.    HAWTHORNE.                             05:53:14

6        Q.    HAWTHORNE?

7        A.    I BELIEVE IT IS HAWTHORNE.  IT'S AROUND

8    THAT NEIGHBORHOOD.

9        Q.    OTHER THAN MS. CABRERA AND MS. MORALES WHO

10   YOU HAVE DISCUSSED SO FAR, ARE THERE ANY OTHER      05:53:34

11   PERSONS WHO YOU HIRED ON TO DO WORK FOR YOU WHILE

12   THEY WERE MATTEL EMPLOYEES AND YOU WERE NOT WORKING

13   FOR MATTEL?

14       A.    NO.

15       Q.    SO THOSE ARE THE TWO?                   05:53:44

16       A.    YEAH.

17       Q.    THE ONLY TWO?

18       A.    YES.

19       Q.    HAVE YOU DISCUSSED THIS LAWSUIT WITH

20   MS. CABRERA?                                      05:54:03

21       A.    NO.

22       Q.    HAVE --

23       A.    EXCEPT THAT AFTER I KNEW THAT I WAS GOING

24   TO HAVE THIS DEPOSITION I TOLD HER, I WARNED HER,

25   LOOK, YOUR NAME IS GOING TO COME UP, I GAVE TO MY  05:54:14
```

308

EXHIBIT _____ 21

PAGE _____ 437

1    LAWYER ALL THE PAPERWORK THAT I HAVE WITH THE TIME

2    SHEET, YOUR NAME AND ALL THAT.

3         Q.   AND WHEN DID YOU DO THAT?

4         A.   IT WASN'T TOO LONG AGO I TOLD HER THAT.

5         Q.   THE LAST COUPLE MONTHS?                      05:54:34

6         A.   YEAH.

7         Q.   OTHER THAN THAT, HAVE YOU EVER HAD ANY

8    CONVERSATIONS WITH HER ABOUT THIS LAWSUIT?

9         A.   NO.

10        Q.   OR ANY COMMUNICATIONS OF ANY KIND?          05:54:42

11        A.   COMMUNICATION?

12             MR. MCFARLAND:  ABOUT THE LAWSUIT.

13             THE WITNESS:  ABOUT THE LAWSUIT?

14    BY MR. ZELLER:

15        Q.   RIGHT.                                       05:54:49

16        A.   YEAH, NO, I DID NOT.

17        Q.   I JUST WANT TO MAKE SURE THERE WEREN'T

18    EMAILS OR SOMETHING LIKE THAT.

19        A.   OKAY, NO, NO, NO, THERE'S NONE OF THAT.

20        Q.   HAVE YOU EVER SPOKEN WITH MS. MORALES ABOUT  05:54:57

21    THIS LAWSUIT?

22        A.   YES, I DID.

23        Q.   AND WHEN DID YOU TALK WITH HER FOR THE

24    FIRST TIME ABOUT THE LAWSUIT?

25        A.   AT THE SAME TIME THAT I TALKED TO ISABEL     05:55:07

A&E COURT REPORTERS (213) 955-0070 FAX: (213) 955-0077

EXHIBIT _____ 21

PAGE _____ 432

```
 1      A.    OKAY.

 2      Q.    ACTUALLY, I HAVE A SLIGHTLY BETTER COPY.

 3            MR. MCFARLAND:  DO YOU WANT ME TO TAKE THIS

 4   ONE?

 5            MR. ZELLER:  YES, WHY DON'T YOU TAKE THAT        07:18:03

 6   ONE.

 7      Q.    THAT'S A PRETTY DIRECT PRINTOFF, SO THAT

 8   MIGHT BE A LITTLE SHARPER FOR YOU.

 9            FOR PURPOSES OF OUR QUESTION YOU CAN IGNORE

10   THE FIRST PAGE OF EXHIBIT 912.                            07:18:13

11      A.    OKAY.

12      Q.    AND I WOULD LIKE TO ASK YOU TO LOOK THROUGH

13   THE PHOTOGRAPHS --

14      A.    UH-HUH.

15      Q.    -- THAT ARE PART OF EXHIBIT 912 HERE, AND       07:18:18

16   ASK YOU IF YOU RECOGNIZE ANY OF THESE AS BEING THE

17   PAINTED BRATZ DOLLS THAT -- THAT YOU HAD RECEIVED

18   AND -- AND GAVE BACK TO M.G.A. AT SOME POINT FOR --

19   FOR USE ON THE -- AT THE HONG KONG TOY FAIR?

20      A.    YES.                                             07:18:39

21      Q.    THESE ARE --

22      A.    YEAH, THESE ARE IT.

23      Q.    AND WHEN YOU SAID THAT THERE WERE WIGS THAT

24   YOU HAD WORKED ON, ARE THEY THE -- THE WIGS THAT ARE

25   DEPICTED ON THE DOLLS HERE?                              07:18:50
```

362

EXHIBIT          21

PAGE             433

```
 1      A.    YES.

 2      Q.    ON ALL FOUR OF THEM?

 3      A.    YES, ALL FOUR OF THEM.

 4      Q.    DID YOU DO THE -- THE WORK ON THESE WIGS

 5   YOURSELF, OR DID YOU HAVE SOMEONE HELP?          07:18:58

 6      A.    I DID THEM MYSELF.

 7      Q.    IN FACT, LET ME ASK YOU THIS MORE

 8   GENERALLY.  YOU'VE OBVIOUSLY TOLD ME SO FAR ABOUT

 9   PEDRO SALAZAR, ANA ISABEL CABRERA, AND BEATRICE

10   MORALES --                                       07:19:26

11      A.    UH-HUH.

12      Q.    -- AS HELPING YOU OR DOING WORK FOR YOU ON

13   THE BRATZ PROJECT; RIGHT?

14      A.    RIGHT.

15      Q.    IS THERE ANYONE ELSE WHO YOU HAD WORK FOR   07:19:32

16   YOU ON THE BRATZ PROJECT?

17      A.    I'M -- I'M GLAD YOU MENTIONED THAT, BECAUSE

18   I FAILED TO TELL YOU THAT PEDRO SALAZAR'S WIFE,

19   MARIA ELENA SALAZAR, ALSO WORK ON SOME OF THESE

20   FASHION, BECAUSE SHE WAS HELPING HER HUSBAND, AND AT   07:19:49

21   THE TIME SHE WAS WORKING FOR MATTEL.

22      Q.    MARIA SALAZAR WAS?

23      A.    YEAH, MARIA ELENA SALAZAR.

24      Q.    OH, I'M SORRY, MARIA ELENA?

25      A.    ELENA, YEAH.  IT'S WEIRD YOU SAY MARIA     07:20:04
```

363

EXHIBIT _____ 21

PAGE _____ 434

```
 1    SALAZAR, BECAUSE I ALWAYS CALLED HER MARIA ELENA,
 2    SO...
 3        Q.   AND HOW IS IT YOU KNOW THAT MARIA ELENA
 4    SALAZAR HELPED PEDRO ON THE -- THE BRATZ FASHIONS?
 5        A.   BECAUSE WHEN I GO THERE, WORK WITH THEM THE        07:20:23
 6    WEEKENDS -- NOT WHEN I WOULD GO DURING THE -- DURING
 7    THE WEEK, BECAUSE SHE WAS WORKING AT MATTEL, BUT ON
 8    THE WEEKENDS SHE WOULD BE THERE AND SHE WOULD PITCH
 9    IN AND HELP OUT A LITTLE BIT.
10        Q.   DID SHE SIGN ANY OF THE -- THE RECEIPTS OR        07:20:41
11    TIME SHEETS?
12        A.   YES, SHE DID.
13        Q.   DID PEDRO ALSO DO THAT?
14        A.   YES, HE DID.
15        Q.   DID EITHER PEDRO SALAZAR OR MARIA ELENA           07:20:48
16    SALAZAR SIGN ANY KIND OF WRITTEN AGREEMENT WITH YOU
17    CONCERNING THEIR WORK ON BRATZ?
18        A.   NO.
19        Q.   OTHER THAN I THINK WHAT YOU DESCRIBED
20    PREVIOUSLY, THE -- THE RECEIPTS AND THE -- THE TIME        07:21:07
21    SHEETS, IS THERE ANY OTHER DOCUMENTATION THAT YOU
22    HAVE THAT REFLECTS THE WORK THAT THEY DID?
23        A.   NO.
24        Q.   BY THE WAY, WHEN YOU WERE -- WHEN YOU PAID
25    THESE FOUR VENDORS THAT WE'VE TALKED ABOUT, PEOPLE        07:21:24
```

364

21

435

1    WHO WERE WORKING FOR YOU --

2        A.    UH-HUH.

3        Q.    -- WELL, I'M SORRY.  ACTUALLY, LET ME ASK

4    ANOTHER QUESTION FIRST.

5              OTHER THAN THE FOUR PEOPLE YOU'VE          07:21:34

6    MENTIONED, DID YOU HAVE ANYONE ELSE DO ANY WORK FOR

7    YOU ON BRATZ?

8        A.    NO.

9        Q.    SO I HAVE EVERYBODY NOW?

10       A.    YEAH, YOU -- I'M SORRY ABOUT THAT, I FAILED   07:21:43

11   TO MENTION.

12       Q.    FOCUSING THEN ON THE FOUR PEOPLE YOU HAD

13   DOING WORK FOR YOU --

14       A.    UH-HUH.

15       Q.    -- PEDRO SALAZAR, MARIA ELENA SALAZAR, ANA   07:21:54

16   ISABEL CABRERA AND BEATRICE MORALES --

17       A.    YEAH.

18       Q.    -- DID YOU PAY THEM ALL IN CASH?

19       A.    I MOSTLY PAID THEM IN CHECK.  A COUPLE

20   TIMES I PAID THEM IN CASH BECAUSE THEY NEED THE      07:22:09

21   MONEY RIGHT AWAY.

22       Q.    SO TYPICALLY IT WAS MORE OFTEN IN -- IN

23   CHECK?

24       A.    OH, YEAH, ABSOLUTELY.

25       Q.    AND ARE THEY CHECKS THAT YOU PERSONALLY     07:22:19

365

A&E COURT REPORTERS (213) 955-0070  FAX: (213) 955-0077

EXHIBIT _____ 21

PAGE _____ 437

```
1                    DECLARATION OF WITNESS

2

3       I CERTIFY UNDER PENALTY OF PERJURY UNDER THE LAWS

4    OF THE STATE OF CALIFORNIA THAT THE FOREGOING IS

5    TRUE AND CORRECT.

6

7

8    EXECUTED AT              , ON

                     (PLACE)              (DATE)

9

10

11                   (SIGNATURE OF WITNESS)

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

422

EXHIBIT _____ 21

PAGE _____ 437

1   STATE OF CALIFORNIA       )

2   COUNTY OF RIVERSIDE.      )   SS.

3

4       I, PAULA A. PYBURN, CSR NO. 7304, R.P.R., C.L.R., IN

5   AND FOR THE STATE OF CALIFORNIA, DO HEREBY CERTIFY:

6       I AM THE DEPOSITION OFFICER THAT STENOGRAPHICALLY

7   RECORDED THE TESTIMONY IN THE FOREGOING DEPOSITION;

8       PRIOR TO BEING EXAMINED THE DEPONENT WAS FIRST DULY

9   SWORN BY ME;

10      THE FOREGOING TRANSCRIPT IS A TRUE RECORD OF THE

11  TESTIMONY GIVEN.

12      BEFORE COMPLETION OF THE DEPOSITION, REVIEW OF THE

13  TRANSCRIPT [X] WAS [ ] WAS NOT REQUESTED.  IF REQUESTED,

14  ANY CHANGES MADE BY THE DEPONENT (AND PROVIDED TO THE

15  REPORTER) DURING THE PERIOD ALLOWED ARE APPENDED HERETO.

16

17  DATED _____:

18

19

20  _____

    PAULA A. PYBURN

21  C.S.R. NO. 7304, R.P.R.

    CERTIFIED LIVENOTE REPORTER

22

23

24

25

EXHIBIT _____ 21

PAGE _____ 437

# EXHIBIT 22

**CERTIFIED COPY**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

CARTER BRYANT, AN INDIVIDUAL,    )
                                 )
                PLAINTIFF,       )
                                 )
      V.                         )        NO.  CV 04-9040  SGL (RNBX)
                                 )
MATTEL, INC., A DELAWARE         )
CORPORATION,                     )
                                 )
                DEFENDANTS.      )
_____)
                                 )
AND CONSOLIDATED ACTION (S).     )
_____)

# C O N F I D E N T I A L

## ATTORNEYS' EYES ONLY

# DEPOSITION OF LISA TONNU

# VOLUME II

# SEPTEMBER 24, 2007

REPORTED BY:
J'ANA SIEGERS
CSR NO. 10845
JOB NO. 07AE614-JS



**COURT REPORTERS**

515 S. Flower Street
Suite 3600
Los Angeles, California 90071
Office: (213) 955-0070
Fax: (213) 955-0077

EXHIBIT _____ 22

PAGE _____ 439

CONFIDENTIAL 30(B)(6) DEPOSITION OF LISA TONNU, VOL. II

1              UNITED STATES DISTRICT COURT

2             CENTRAL DISTRICT OF CALIFORNIA

3                   EASTERN DIVISION

4

5    CARTER BRYANT, AN INDIVIDUAL,)
                                  )  CASE NO.
6              PLAINTIFF,         )  CV.04-9049 SGL (RNBX)
                                  )
7         VS.                     )
                                  )
8    MATTEL, INC., A DELAWARE     )
     CORPORATION,                 )
9                                 )
               DEFENDANT.         )
10                                )
                                  )
11   ------------------------------)
                                  )
     AND CONSOLIDATED ACTIONS.    )
12   ------------------------------)

13

14

15

16          CONFIDENTIAL - ATTORNEYS' EYES ONLY

17

18                   VOLUME II

19        VIDEOTAPED DEPOSITION OF LISA TONNU,

20        30(B)(6) WITNESS FOR MGA ENTERTAINMENT,

21        INC., TAKEN ON BEHALF OF THE DEFENDANT,

22        AT 865 SOUTH FIGUEROA STREET, TENTH FLOOR,

23        LOS ANGELES, CALIFORNIA, COMMENCING AT

24        10:07 A.M., MONDAY, SEPTEMBER 24, 2007,

25        BEFORE J'ANA SIEGERS, CSR NUMBER 10845.

EXHIBIT _____ 22

PAGE _____ 440          240

A & E Court Reporters      (213) 955-0070      Fax: (213) 955-0077

1    APPEARANCES OF COUNSEL:

2

3    FOR MATTEL, INC.:

4         QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
          BY:   JON D. COREY, ESQ.
5         865 SOUTH FIGUEROA STREET
          TENTH FLOOR
6         LOS ANGELES, CALIFORNIA 90017-2543
          (213) 443-3000
7         JONCOREY@QUINNEMANUEL.COM

8

9    FOR MGA ENTERTAINMENT, INC.:

10        CHRISTENSEN, GLASER, FINK,
          JACOBS, WEIL & SHAPIRO, LLP
11        BY:   ALISA MORGENTHALER LEVER, ESQ.
          10250 CONSTELLATION BOULEVARD
12        NINETEENTH FLOOR
          LOS ANGELES, CALIFORNIA 90067
13        (310) 553-3000
          AMORGENTHALER@CHRISGLASE.COM
14

15

     ALSO PRESENT:
16
          PHILIP CRUZ, VIDEOGRAPHER
17
          CRAIG HOLDEN, MGA ENTERTAINMENT, INC.
18        (*PAGES 273-401*)

19

20

21

22

23

24

25                                  EXHIBIT ____22__

                                    PAGE _____441_____ 241

| 11:44:03 | 1 | FOR EXPENSE REIMBURSEMENT, ANOTHER WAS AN ADVANCE |
| 11:44:09 | 2 | ROYALTY PAYMENT, AND A THIRD -- I CAN'T RECALL WHAT |
| 11:44:19 | 3 | THE THIRD ONE WAS, BUT I -- IT WAS SOME TYPE OF |
| 11:44:23 | 4 | PAYMENT FOR SOME -- AN EXPENSE. I CAN'T RECALL WHAT |
| 11:44:26 | 5 | THE THIRD ONE WAS. IT WAS IN THE DEPOSITION, MY |
| 11:44:35 | 6 | PRIOR DEPOSITION. |
| 11:44:35 | 7 | Q. OKAY. SO AS YOU SIT HERE TODAY, YOU DON'T |
| 11:44:35 | 8 | KNOW WHAT WORK OR SERVICES MR. BRYANT PROVIDED TO |
| 11:44:35 | 9 | MGA FOR WHICH HE WAS PAID? |
| 11:44:44 | 10 | MS. MORGENTHALER LEVER: OTHER THAN WHAT |
| 11:44:44 | 11 | SHE TESTIFIED TO ABOUT HER PRIOR DEPOSITION? |
| 11:44:48 | 12 | MR. COREY: WE'LL GET TO HER PRIOR |
| 11:44:49 | 13 | DEPOSITION IN A MINUTE. |
| 11:44:50 | 14 | THE DEPONENT: OTHER THAN WHAT I STATED IN |
| 11:44:51 | 15 | MY PRIOR DEPOSITION, I'M NOT AWARE OF THE EXACT |
| 11:44:55 | 16 | SPECIFICS OF THOSE PAYMENTS OTHER THAN WHAT WAS |
| 11:44:57 | 17 | STATED ON THE SUPPORTING DOCUMENTS THAT WERE GIVEN |
| 11:45:01 | 18 | TO ME. |
| 11:45:02 | 19 | BY MR. COREY: |
| 11:45:02 | 20 | Q. AND WHAT YOU TESTIFIED TO BEFORE WAS THAT |
| 11:45:04 | 21 | YOU DON'T KNOW ANY MORE ABOUT WHAT HE WAS PAID FOR |
| 11:45:08 | 22 | THAN WHAT'S REFLECTED ON THE DOCUMENTS THAT YOU |
| 11:45:10 | 23 | LOOKED AT? |
| 11:45:11 | 24 | A. THAT'S CORRECT. |
| 11:45:11 | 25 | Q. OKAY. NOW, I WANT TO SET ASIDE THE |

EXHIBIT _____ 2²

PAGE _____ 442   300

| 11:45:14 | 1 | PAYMENT FOR A MINUTE.  OKAY? |
| 11:45:20 | 2 | AS MGA'S DESIGNEE, AS YOU SIT HERE TODAY, |
| 11:45:23 | 3 | DO YOU KNOW WHETHER ANY PERSON HAS AT ANY TIME SINCE |
| 11:45:27 | 4 | 1998 PERFORMED WORK OR SERVICES FOR MGA WHILE THAT |
| 11:45:33 | 5 | PERSON WAS A MATTEL EMPLOYEE? |
| 11:45:36 | 6 | A.  NO. |
| 11:45:41 | 7 | Q.  OKAY.  AND YOU DON'T KNOW WHETHER |
| 11:45:45 | 8 | MR. BRYANT PROVIDED WORK OR SERVICES TO MGA WHILE HE |
| 11:45:51 | 9 | WAS A MATTEL EMPLOYEE? |
| 11:45:58 | 10 | A.  NO. |
| 11:45:59 | 11 | Q.  OKAY.  DID YOU SPEAK WITH ANY OF THE |
| 11:46:10 | 12 | FORMER MATTEL EMPLOYEES WHO WERE WORKING AT MGA AND |
| 11:46:15 | 13 | ASK THEM WHETHER THEY HAD PROVIDED WORK OR SERVICES |
| 11:46:18 | 14 | FOR MGA WHILE THEY WERE MATTEL EMPLOYEES? |
| 11:46:20 | 15 | A.  NO. |
| 11:46:22 | 16 | Q.  DO YOU KNOW IF COUNSEL HAS DONE THAT? |
| 11:46:25 | 17 | A.  NO. |
| 11:46:49 | 18 | MR. COREY:  COUNSEL, I THINK WE'RE |
| 11:46:50 | 19 | ENTITLED TO A WITNESS WHO CAN ANSWER THOSE |
| 11:46:53 | 20 | QUESTIONS.  WILL MGA BE PRODUCING SUCH A WITNESS? |
| 11:47:00 | 21 | MS. MORGENTHALER LEVER:  I THINK WE'VE |
| 11:47:00 | 22 | PROVIDED A WITNESS THAT RESPONDED TO YOUR TOPIC. |
| 11:47:04 | 23 | MR. COREY:  WELL, SHE RESPONDED TO THE |
| 11:47:05 | 24 | TOPIC BASED ON VERY NARROW AND INADEQUATE |
| 11:47:10 | 25 | PREPARATION. |

EXHIBIT ___22___

PAGE ___443___                301

| | | |
|---|---|---|
| 11:47:10 | 1 | MS. MORGENTHALER LEVER:  THAT'S YOUR |
| 11:47:13 | 2 | DESCRIPTION, WHICH I DISAGREE WITH.  AND I'M |
| 11:47:15 | 3 | HAPPY -- BUT WE'RE HAPPY TO MEET AND CONFER ON THE |
| 11:47:18 | 4 | TOPIC AT A TIME THAT DOES NOT TAKE UP THE WITNESS'S |
| 11:47:23 | 5 | SCARCE TIME. |
| 11:47:23 | 6 | BY MR. COREY: |
| 11:47:24 | 7 | Q.  AS YOU SIT HERE TODAY, YOU DON'T KNOW ONE |
| 11:47:29 | 8 | WAY OR THE OTHER WHETHER A MATTEL EMPLOYEE HAS |
| 11:47:32 | 9 | PROVIDED SERVICES TO MGA WHILE THEY WERE A MATTEL |
| 11:47:36 | 10 | EMPLOYEE FOR WHICH THEY WERE PAID AFTER THEY LEFT |
| 11:47:40 | 11 | MATTEL'S EMPLOY, DO YOU? |
| 11:47:41 | 12 | MS. MORGENTHALER LEVER:  OBJECTION.  VAGUE |
| 11:47:42 | 13 | AND AMBIGUOUS.  MISCHARACTERIZES THE WITNESS'S |
| 11:47:44 | 14 | TESTIMONY.  AND ALSO ARGUMENTATIVE. |
| 11:47:50 | 15 | THE DEPONENT:  CAN YOU REPEAT THE |
| 11:47:51 | 16 | QUESTION? |
| 11:47:51 | 17 | BY MR. COREY: |
| 11:47:52 | 18 | Q.  SURE. |
| 11:47:57 | 19 | YOU DON'T KNOW WHETHER MGA PAID A MATTEL |
| 11:48:01 | 20 | EMPLOYEE FOR SERVICES THE MATTEL EMPLOYEE RENDERED |
| 11:48:10 | 21 | AFTER PAYMENT WAS -- AFTER THEY LEFT MATTEL'S |
| 11:48:15 | 22 | EMPLOY, DO YOU? |
| 11:48:16 | 23 | MS. MORGENTHALER LEVER:  VAGUE AND |
| 11:48:16 | 24 | AMBIGUOUS.  THE QUESTION DOESN'T MAKE SENSE.  CALLS |
| 11:48:20 | 25 | FOR SPECULATION.  AND OBJECTION AS TO FORM. |

EXHIBIT _____

PAGE _____ 444                    302

A & E Court Reporters        (213) 955-0070        Fax: (213) 955-0077

1　　　　　　DEPOSITION OFFICER'S CERTIFICATE

2

3　　STATE OF CALIFORNIA　　　　)
　　　　　　　　　　　　　　　　　　)　SS.
4　　COUNTY OF ORANGE　　　　　　)

5

6　　　　I, J'ANA SIEGERS, HEREBY CERTIFY:

7　　　　I AM A DULY QUALIFIED CERTIFIED SHORTHAND

8　REPORTER IN THE STATE OF CALIFORNIA, HOLDER OF

9　CERTIFICATE NUMBER CSR 10845 ISSUED BY THE COURT

10　REPORTERS BOARD OF CALIFORNIA AND WHICH IS IN FULL

11　FORCE AND EFFECT.　[FED. R. DIV. P. 28(A)].

12　　　　I AM AUTHORIZED TO ADMINISTER OATHS OR

13　AFFIRMATIONS PURSUANT TO CALIFORNIA CODE OF CIVIL

14　PROCEDURE, SECTION 2093(B) AND PRIOR TO BEING

15　EXAMINED, THE DEPONENT WAS FIRST DULY SWORN BY ME.

16　[FED. R. CIV. P. 28(A), 30(F)(1)].

17　　　　I AM NOT A RELATIVE OR EMPLOYEE OR ATTORNEY OR

18　COUNSEL OF ANY OF THE PARTIES, NOR AM I A RELATIVE

19　OR EMPLOYEE OF SUCH ATTORNEY OR COUNSEL, NOR AM I

20　FINANCIALLY INTERESTED IN THIS ACTION.

21　[FED. R. CIV. P. 28].

22　　　　I AM THE DEPOSITION OFFICER THAT

23　STENOGRAPHICALLY RECORDED THE TESTIMONY IN THE

24　FOREGOING DEPOSITION AND THE FOREGOING TRANSCRIPT IS

25　A TRUE RECORD OF THE TESTIMONY GIVEN BY THE

EXHIBIT 22

PAGE 495　　　　　　503

A & E Court Reporters　　　(213) 955-0070　　　Fax: (213) 955-0077

1    DEPONENT.   [FED. R. CIV. P. 30(F)(1)].

2        BEFORE COMPLETION OF THE DEPOSITION, REVIEW OF

3    THE TRANSCRIPT [X] WAS [ ] WAS NOT REQUESTED.   IF

4    REQUESTED, ANY CHANGES MADE BY THE DEPONENT (AND

5    PROVIDED TO THE REPORTER) DURING THE PERIOD ALLOWED

6    ARE APPENDED HERETO.   [FED. R. CIV. P. 30(E)].

7

8

9    DATED:   OCTOBER 7, 2007.

10

11

12

13

14         _____

15

16

17

18

19

20

21

22

23

24

25         EXHIBIT 22

           PAGE 446                      504

A & E Court Reporters      (213) 955-0070      Fax: (213) 955-0077

RECEIVED

NOV 1 3 2007

LAW OFFICES

CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP

10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000
FAX (310) 556-2920

DIRECT DIAL NUMBER
(310) 556-7852
EMAIL: SGIXER@CHRISGLASE.COM

November 12, 2007

☰ MERITAS LAW FIRMS WORLDWIDE

VIA FACSIMILE AND U.S. MAIL

Jon D. Corey, Esq.
QUINN, EMANUEL, URQUHART, OLIVER & HEDGES, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543

Re:   Carter Bryant v. Mattel, Inc. (and consolidated cases)
      Case No. CV 04-9049 SGL (RNBx)

Dear Mr. Corey:

MGA Entertainment, Inc.'s Rule 30(b)(6) witness, Lisa Tonnu, has the following revisions to the transcript of her deposition taken on September 24, 2007 and September 25, 2007:

Page 256, line 2: "Jenna" should be "Jinna"
Page 316, line 10: "Kaye Schuler" should be "Kaye Scholer"
Page 322, line 6: "Yes" should be Yes. Outside legal counsel were also involved"
Page 357, line 19: "Mandana" should be "Mondana"
Page 376, line 5: "No" should be "Yes"
Page 393, line 14: "target" should be "Targit"
Page 408, line 19: "target" should be "Targit"
Page 454, line 6: "six" should be "sixty"
Page 514, line 8: "Jenna" should be "Jinna"
Page 529, line 3: "Jim Jenal and Janet Jenal" should be "Jim Jenal"
Page 567, line 23: "other than confidential and" should be "that is confidential and"
Page 600, line 21:  "Filenet" should be "File Keepers"
Page 618, line 14: "No" should be "Yes"
Page 618, line 22: "No" should be "Yes"
Page 619, line 1: "No" should be "Yes"
Page 619, line 12: "No" should be "Yes"
Page 620, line 1: "Filenet" should be "File Keepers"
Page 621, line 1: "Yes" should be "He did"
Page 621, lines 3-6 should read as follows: "Documents responsive to the requests were searched and collected"
Page 621, line 16: "No" should be "Yes"

606247

EXHIBIT ___ 22

PAGE ___ 487

Jon D. Corey, Esq.
November 12, 2007
Page 2


Page 621, line 21: "don't" should be deleted and "are being" should be "were"
Page 622, line 16: "No" should be "Yes.
Page 626, line 16: "target" should be "Targit"
Page 634, line 10: "target" should be "Targit"

In addition, the word "Filenet" should be "File Keepers" wherever it appears in the transcript, and the word "target" should be "Targit" wherever it appears in the transcript.

Please do not hesitate to contact me if you have questions regarding the foregoing.

Very truly yours,

Alisa Morgenthaler Lever
of CHRISTENSEN, GLASER, FINK, JACOBS,
WEIL & SHAPIRO, LLP


cc:     Patricia Glaser, Esq.
        Thomas Nolan, Esq.


60949

EXHIBIT     22
PAGE     498

# Exhibit 23



THOMAS J. NOLAN (Bar No. 066992)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue
Los Angeles, CA 90071-3144
Telephone: (213) 687-5000
Facsimile: (213) 687-5600
E-mail: tnolan@skadden.com

RAOUL D. KENNEDY (Bar No. 40892)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Embarcadero Center, Suite 3800
San Francisco, CA 94111
Telephone: (415) 984-6400
Facsimile: (415) 984-2698
E-mail: rkennedy@skadden.com

Attorneys for Counter-Defendants,
MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA ENTERTAINMENT
(HK) LIMITED, AND MGAE de MEXICO S.R.L. de C.V.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>          Plaintiff,<br><br>     v.<br><br>MATTEL, INC., a Delaware corporation<br><br>          Defendant.<br><br>Consolidated with MATTEL, INC. v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case No. 04-9059 and Case No. 05-2727<br><br>**MGA ENTERTAINMENT, INC.'S SUPPLEMENTAL RESPONSES TO MATTEL, INC.'S REVISED THIRD SET OF INTERROGATORIES**<br><br>Honorable Stephen G. Larson<br>Courtroom 1<br><br>Discovery Cut-Off: March 3, 2008 |

PROPOUNDING PARTY:     MATTEL, INC. ("MATTEL")

RESPONDING PARTY:     MGA ENTERTAINMENT, INC. ("MGA")

SET NUMBER:     REVISED THIRD

---

MGA'S SUPPL. RESPONSES TO MATTEL'S REVISED THIRD SET OF INTERROGATORIES  NO. CV 04-9049 SGL (RNBx)

EXHIBIT ___23___

PAGE___449___

## PRELIMINARY STATEMENT

MGA hereby serves its objections to Mattel's Revised Third Set of Interrogatories. MGA is not yet in a position to serve its substantive responses to Mattel's Revised Third Set of Interrogatories, in part due to Mattel's failure to provide meaningful document, deposition and other discovery and also the transition of MGA's representation from prior counsel of record to Skadden, Arps. MGA intends to supplement its objections with substantive responses to the unobjectionable portions of the interrogatories contained in Mattel's Revised Third Set of Interrogatories as soon as it is in a position to do so and after it has concluded meet and confer sessions with Mattel, including with respect to Mattel's outstanding discovery obligations.

The General Response set forth herein applies to all responses that MGA is providing in response to these interrogatories (the "Interrogatories") or may in the future provide in response to any discovery request in this action. The Response is made without waiving, or intending to waive but, on the contrary, expressly reserving: (a) the right to object, on the grounds of competency, privilege, relevancy or materiality, or any other proper grounds, to the use of the Response, for any purpose in whole or in part, in any subsequent step or proceeding in this action or any other action; (b) the right to object on any and all grounds, at any time, to other interrogatories or other discovery procedures; and (c) the right at any time to revise, correct, add to, or clarify any of the responses propounded herein.

The Response reflects only the present state of MGA's discovery regarding the information that Mattel seeks. Discovery and other investigation or research concerning this litigation are continuing. Mattel has produced almost no documents to date and has produced no documents from its Zeus computer system, and has not provided other discovery responses, including without limitation supplemental responses to its March 7, 2005, responses to MGA's First Set of Interrogatories (which responses were comprised almost entirely of objections). It is

1

EXHIBIT ___23___

PAGE ___450___

1  anticipated that further discovery, independent investigation, and legal research and

2  analysis will supply additional facts and meaning to the known facts, as well as

3  establish entirely new factual conclusions, all of which may lead MGA to discover

4  other information responsive to these Interrogatories.  MGA therefore reserves the

5  right to amend or supplement this Response at any time in light of future

6  investigation, research or analysis, and also expressly reserves the right to rely on, at

7  any time, including trial, subsequently discovered information omitted from this

8  Response as a result of mistake, error, oversight or inadvertence.  MGA does not

9  hereby admit, adopt or acquiesce in any factual or legal contention, assertion or

10  characterization contained in the Interrogatories or any particular request therein,

11  even where MGA has not otherwise objected to a particular interrogatory, or has

12  agreed to provide information responsive to a particular interrogatory.

13        No incidental or implied admissions are intended by this Response.

14  These responses should not be taken as an admission that MGA accepts or admits the

15  existence of any facts set forth or assumed by any instruction, definition or

16  interrogatory.

17                        **GENERAL OBJECTIONS**

18        MGA responds to these Interrogatories subject to the following general

19  objections and limitations, each of which is incorporated into each and every

20  response as though fully set forth therein:

21        1.    MGA objects to these Interrogatories to the extent they seek

22  information that is not subject to disclosure under any applicable privilege, doctrine

23  or immunity, including without limitation the attorney-client privilege, the work

24  product doctrine, the right of privacy, and all other privileges recognized under the

25  constitutional, statutory or decisional law of the United States of America, the State

26  of California or any other applicable jurisdiction.

27        2.    MGA objects to these Interrogatories to the extent they seek

28  information not relevant to the claims or defenses of any party to this action and not

EXHIBIT __23__

PAGE __451__

1  reasonably calculated to lead to the discovery of admissible evidence.

2          3.      MGA objects to these Interrogatories to the extent they seek

3  information which by reason of public filing or otherwise is already in Mattel's

4  possession or is readily accessible to Mattel.

5          4.      MGA objects to these Interrogatories to the extent they seek the

6  disclosure of information (1) not currently within its possession, custody or control;

7  (2) that MGA cannot locate after a reasonably diligent search; or (3) that refer to

8  persons, entities, or events not known to MGA.

9          5.      MGA objects to these Interrogatories to the extent they are

10  overbroad and unduly burdensome.

11          6.      MGA objects to the definitions and instructions to the extent

12  such definitions and instructions purport to enlarge, expand, or alter in any way the

13  plain meaning and scope of any specific term or specific interrogatories on the

14  ground that such enlargement, expansion, or alteration renders such a term or request

15  vague, ambiguous, unintelligible, overly broad, unduly burdensome or uncertain.

16          7.      MGA objects to the following definitions in these

17  Interrogatories:

18          (a)      MGA objects to the definition of the term "BRATZ"

19  (Definitions ¶ 9) as vague, ambiguous, overly broad and unduly burdensome, and

20  designed to mislead and confuse the trier of fact.  The definition includes "any

21  project, product, doll or DESIGN ever known by [the Bratz] name (whether in whole

22  or in part and regardless of what such project, product or doll is or has been also,

23  previously or subsequently called) and any product, doll or DESIGN or any portion

24  thereof that is now or has ever been known as, or sold or marketed under, the name

25  or term 'Bratz' (whether in whole or in part and regardless of what such product, doll

26  or DESIGN or portion thereof is or has been also, previously or subsequently called)

27  or that is now or has ever been marketed as part of the 'Bratz' line, and each version

28  or iteration of such product, doll or DESIGN or any portion thereof," and it goes on.

3

EXHIBIT  23

PAGE  453

1  By incorporating the definition of DESIGN, the overly broad definition of BRATZ
2  includes two-dimensional and three-dimensional representations, including "works,
3  designs, artwork, sketches, drawings, illustrations, representations, depictions,
4  blueprints, schematics, diagrams, images, sculptures, prototypes, models, samples,
5  rotocasts, reductions to practice, developments, inventions and/or improvements . . .
6  ." (Definitions, ¶ 8.) These convoluted and multi-part definitions combine to render
7  the interrogatories vague, ambiguous and overly broad, and to include within the
8  term BRATZ things that do not fairly represent the Bratz line of dolls, accessories
9  and related products that are the subject of this case. In responding to these
10 interrogatories, MGA will interpret the term BRATZ to mean the line of dolls
11 introduced by MGA to the market for sale in May or June of 2001 and subsequent
12 dolls, accessories and other products known as Bratz or associated by MGA with the
13 Bratz line of dolls;

14           (b)      MGA objects to the definition of the term "BRATZ
15 DOLL" (Definitions ¶ 12) as vague, ambiguous, overly broad and unduly
16 burdensome, and designed to mislead and confuse the trier of fact. The definition
17 includes any doll that "REFERS OR RELATES TO BRATZ." Mattel's definition of
18 the terms "BRATZ" and "REFERS OR RELATES" renders the definition of
19 "BRATZ DOLL" unintelligible because MGA cannot know, by way of example,
20 what dolls may "deal with, comment on, respond to, . . . or in any way pertain"
21 (Definition ¶ 20) to "BRATZ." In responding to these interrogatories, MGA will
22 interpret the term "BRATZ DOLL" to mean the line of dolls introduced by MGA to
23 the market for sale in May or June of 2001 and subsequent dolls known as Bratz;

24           (c)      MGA objects to the definition of the term "CREATED"
25 (Definitions ¶ 21) as vague, ambiguous, overly broad and unduly burdensome, and
26 designed to mislead and confuse the trier of fact. The definition strays far from the
27 English meaning of the term "created" by including concepts such as "improved,"
28 "altered," "conceived of" and "reduced to practice." Thus, by way of example, under

4

1   Mattel's definition of "CREATED," the jury could be misled into believing that a

2   person "CREATED" a particular thing when that person did not, but only slightly

3   altered or improved the thing.  In responding to these interrogatories, MGA will not

4   interpret the term "CREATED," but rather will respond using words contained

5   within the Mattel definition in their normal, accepted meaning;

6           (d)     MGA objects to the definition of the term "INVENTIONS

7   AGREEMENT" (Definitions ¶ 23) as vague, ambiguous, overly broad and unduly

8   burdensome, and designed to mislead and confuse the trier of fact.  The definition

9   includes "any other version of such January 4, 1999 agreement."  In responding to

10  these interrogatories, MGA will interpret the term "INVENTIONS AGREEMENT"

11  to refer to the document Bates numbered M0001596;

12          (e)     MGA objects to the definition of the term "BRATZ

13  INVENTION" (Definitions ¶ 10) as vague, ambiguous, overly broad and unduly

14  burdensome, and designed to mislead and confuse the trier of fact.  The definition

15  strays far from the English meaning of the term "invention" by including concepts

16  such as representation, idea, concept, work, process, procedure, plan, improvement,

17  design and development, none of which necessarily equate to an invention.  In

18  responding to these interrogatories, MGA will not interpret the term "BRATZ

19  INVENTION," but rather will respond using words contained within the Mattel

20  definition in their normal, accepted meaning.

21          (f)     MGA objects to the terms "IDENTIFY" or "IDENTITY"

22  (Definitions ¶ 28) as overbroad, unduly burdensome, vague, ambiguous, and

23  oppressive.  Mattel's definition of these terms inherently call for answers to multiple

24  discrete questions or subparts to questions.  For example, when those terms are used

25  to reference any BRATZ INVENTION, the use of those terms requests at least 10

26  different and distinct facts: (a) the Bates number of any document that "REFERS OR

27  RELATES TO the BRATZ INVENTION"; (b) the IDENTITY of the individual

28  author or creator of the BRATZ INVENTIONS; (c) the IDENTITY of each other

EXHIBIT  23

PAGE_____454

1  individual who contributed in any manner to the BRATZ INVENTION; (d) the form,
2  material and medium of the BRATZ INVENTION; (e) the title or name of the
3  BRATZ INVENTION; (f) the version, modification, revision or iteration number of
4  the BRATZ INVENTION; (g) the current location of the original of the BRATZ
5  INVENTION; (h) the first day on which the BRATZ INVENTION was created; (i)
6  the last day on which the BRATZ INVENTION was CREATED; (j) whether the
7  entire invention was CREATED during the period of time listed in the Interrogatory
8  (and if not, which portions were created during, earlier, or later than the period of
9  time listed in the Interrogatory.)  Therefore, any interrogatory that includes or
10  incorporates the terms "IDENTIFY" or "IDENTITY" are necessarily compound and
11  should be posed as separate interrogatories.

12          (g)      MGA objects to the terms "any" and "REFER OR
13  RELATE TO" on the grounds and to the extent that they are overbroad, unduly
14  burdensome or are vague and ambiguous in the context of the interrogatories as
15  written and as those interrogatories would be plainly understood absent Mattel's
16  definitions.

17          8.      MGA objects to these interrogatories to the extent that they may
18  unfairly seek to restrict the facts on which MGA may rely at trial.  Discovery has not
19  been completed and MGA is not yet necessarily in possession of all the facts and
20  documents upon which MGA intends to rely.  All of the responses submitted
21  herewith are tendered to Mattel with the reservation that the responses are submitted
22  without limiting the evidence on which MGA may rely to support the contentions
23  and defenses that MGA may assert at the trial of this action and to rebut or impeach
24  the contentions, assertions and evidence that Mattel may present.  MGA reserves the
25  right to supplement or amend these responses at a future date.

26          9.      MGA objects to each interrogatory to the extent that it seeks
27  information that will be the subject of expert witness testimony and that is therefore
28  premature.

MGA'S SUPPL. RESPONSES TO MATTEL'S REVISED THIRD SET OF INTERROGATORIES  NO. CV 04-9049 SGL (RNBx)

EXHIBIT 23

PAGE ___ 453

1      10.    MGA objects to each interrogatory to the extent that it seeks the

2  disclosure of confidential, proprietary, or trade-secret information.

3      11.    MGA objects to each interrogatory to the extent that it calls for a

4  legal conclusion.

5      12.    MGA reserves the right to object on any ground at any time to

6  such other and supplemental discovery requests as Mattel may propound involving

7  or relating to the same subject matter of these interrogatories.

8      13.    The responses below shall not be construed as an admission as to

9  the relevance or admissibility of any statement or characterization contained in any

10  interrogatory.  MGA reserves all objections, including without limitation objections

11  as to competency, relevance, materiality, privilege, authenticity, or admissibility.

12      14.    Consistent with Rule 33(d) of the Federal Rules of Civil

13  Procedure, MGA objects to providing responses to interrogatories that can be

14  derived from documents that have or will be produced (when requested in

15  compliance with Rule 26) and where the burden to derive such information is

16  substantially the same for Mattel as it is for MGA.

17      15.    In responding to these Interrogatories, MGA has not and will not

18  comply with any instructions or definitions that seek to impose requirements in

19  addition to those imposed by the Federal Rules of Civil Procedure and any applicable

20  local rule.

21      16.    To the extent MGA responds to an interrogatory, it does so

22  without waiving or intending to waive but rather, on the contrary, preserving and

23  intending to preserve, its contention that anything Mr. Bryant did on weekends,

24  evenings, vacation and any other time outside ordinary business hours was not done

25  while he was working for Mattel.  MGA's response may not be taken as an admission

26  that the information it provides in its response in any way reflects or evidences work

27  performed by Mr. Bryant while he was working for Mattel or that MGA adopts or

28  agrees with any fact or legal conclusion assumed, presumed or contained in Mattel's

7

EXHIBIT ___23___

PAGE_____456____

1  interrogatory.

2          17.    MGA objects to each of Mattel's interrogatories because Mattel

3  has propounded more than 50 interrogatories, including discrete subparts. Under

4  Judge Larson's order of February 22, 2007, "Interrogatories are limited to 50 for each

5  side for both [Case Nos. CV 04-04049-SGL and CV 05-02727]."

6                  **SPECIFIC OBJECTIONS AND RESPONSES**

7          Without waiving or departing from its General Response and General

8  Objections, and specifically incorporating them in its response to each Interrogatory

9  below, MGA makes the following additional objections and responses to specific

10  Interrogatories:

11  **INTERROGATORY NO. 27:**

12          IDENTIFY each and every BRATZ INVENTION YOU contend was

13  CREATED, in whole or in part, prior to January 4, 1999, and for each BRATZ

14  INVENTION so identified state all facts that support YOUR contention that such

15  BRATZ INVENTION (or aspects or portions thereof) was CREATED prior to

16  January 4, 1999, and IDENTIFY all PERSONS with knowledge of such facts and all

17  DOCUMENTS which REFER OR RELATE TO such facts.

18  **RESPONSE TO INTERROGATORY NO. 27:**

19          MGA incorporates by reference its General Response and General

20  Objections above, as though fully set forth herein and specifically incorporates

21  General Objection No. 7 (regarding the Definitions), including but not limited to its

22  objections to the definitions of the terms BRATZ INVENTION, CREATED,

23  IDENTIFY and REFER OR RELATES TO. MGA further objects to this

24  interrogatory as compound because it contains discrete subparts that require separate,

25  distinct and multiple responses. Specifically, MGA objects to the term IDENTIFY

26  as overbroad and unduly burdensome, as Mattel's definition of this term calls for

27  responses to multiple discrete subparts. For example, Mattel's definition of the term

28  IDENTIFY in the context of this interrogatory would require MGA to provide a

1   multitude of discrete responses for each BRATZ INVENTION, including:

2         (a)    the Bates number of any document that "REFERS OR RELATES

3   TO the BRATZ INVENTION;"

4         (b)    the IDENTITY of the individual author or creator of the BRATZ

5   INVENTION;

6         (c)    the IDENTITY of each other individual who contributed in any

7   manner to the BRATZ INVENTION;

8         (d)    the form, material and medium of the BRATZ INVENTION;

9         (e)    the title or name of the BRATZ INVENTION;

10         (f)    the version, modification, revision or iteration number of the

11   BRATZ INVENTION;

12         (g)    the current location of the original of the BRATZ INVENTION;

13         (h)    the first day on which the BRATZ INVENTION was CREATED;

14         (i)    the last day on which the BRATZ INVENTION was CREATED;

15         (j)    whether the entire invention was CREATED during the period of

16   time listed in the Interrogatory (and if not, which portions were created during,

17   earlier, or later than the period of time listed in the Interrogatory).

18        This interrogatory is further compounded by Mattel's definition of

19   IDENTITY, which purports to require MGA to provide the following information

20   for each of the individuals Mattel is requesting that MGA identify with respect to

21   each BRATZ INVENTION:  (a) the individual's name; (b) any known business title;

22   (c) the current or last known business affiliation; (d) current or last known residential

23   address; (e) current or last known business address; (f) current or last known

24   relationship to MGA; and (g) current or last known telephone number.

25        MGA further objects to this interrogatory on the grounds that it is

26   overbroad, unduly burdensome, vague and ambiguous both generally and

27   specifically with respect to the terms BRATZ INVENTION, BRATZ, CREATED,

28   DESIGN and REFER OR RELATES TO.  In particular, the term BRATZ

9

EXHIBIT 23

PAGE 456

1 INVENTION, which incorporates the terms BRATZ, DESIGN and REFER OR

2 RELATES TO, is so broad and over-inclusive that it could be read to include each

3 and every thought, idea and conversation that anyone may have had about BRATZ

4 during the time period at issue.

5       MGA further objects to the extent that this interrogatory seeks

6 information that is outside of MGA's knowledge and is not in MGA's possession,

7 custody or control.  In particular, MGA objects to this interrogatory to the extent that

8 it requests that MGA "state *all* facts . . . and IDENTIFY *all* PERSONS … and *all*

9 DOCUMENTS" (emphasis added).

10       MGA also objects to this interrogatory to the extent it seeks information

11 that is not subject to disclosure under any applicable privilege, doctrine or immunity,

12 including without limitation the attorney-client privilege, the work product doctrine,

13 the right of privacy, and all other privileges recognized under the constitutional,

14 statutory or decisional law of the United States of America, the State of California or

15 any other applicable jurisdiction.  MGA further objects to the interrogatory on the

16 ground that it is premature because the invention, creation, conception, or reduction

17 to practice of Bratz (and related issues) will be the subject of expert testimony at

18 trial.  MGA objects to this interrogatory to the extent it seeks to limit the expert

19 testimony that MGA may seek to introduce at trial.  MGA will identify its experts

20 and make related disclosures in accordance with the Court's orders and applicable

21 rules.

22       MGA further objects to this interrogatory because Mattel has

23 propounded more than 50 interrogatories.  Under Judge Larson's order of February

24 22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-

25 04049-SGL and CV 05-02727]."

26       Subject to and without waiving the foregoing objections, MGA

27 responds as follows:  MGA is willing to meet and confer with Mattel regarding this

28 interrogatory and the obligation of Mattel to supplement its responses to MGA's First

MGA'S SUPPL. RESPONSES TO MATTEL'S REVISED THIRD SET OF INTERROGATORIES  NO. CV 04-9049 SGL (RNBx)

EXHIBIT 23

PAGE 459

1  Set of Interrogatories.

2  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 27:**

3         MGA incorporates by reference its General Response and General

4  Objections above, as though fully set forth herein and specifically incorporates

5  General Objection No. 7 (regarding the Definitions), including but not limited to its

6  objections to the definitions of the terms BRATZ INVENTION, CREATED,

7  IDENTIFY and REFER OR RELATES TO.  MGA further objects to this

8  interrogatory as compound because it contains discrete subparts that require separate,

9  distinct and multiple responses.  Specifically, MGA objects to the term IDENTIFY

10  as overbroad and unduly burdensome, as Mattel's definition of this term calls for

11  responses to multiple discrete subparts.  For example, Mattel's definition of the term

12  IDENTIFY in the context of this interrogatory would require MGA to provide a

13  multitude of discrete responses for each BRATZ INVENTION, including:

14         (a)    the Bates number of any document that "REFERS OR RELATES

15  TO the BRATZ INVENTION;"

16         (b)    the IDENTITY of the individual author or creator of the BRATZ

17  INVENTION;

18         (c)    the IDENTITY of each other individual who contributed in any

19  manner to the BRATZ INVENTION;

20         (d)    the form, material and medium of the BRATZ INVENTION;

21         (e)    the title or name of the BRATZ INVENTION;

22         (f)    the version, modification, revision or iteration number of the

23  BRATZ INVENTION;

24         (g)    the current location of the original of the BRATZ INVENTION;

25         (h)    the first day on which the BRATZ INVENTION was CREATED;

26         (i)    the last day on which the BRATZ INVENTION was CREATED;

27         (j)    whether the entire invention was CREATED during the period of

28  time listed in the Interrogatory (and if not, which portions were created during,

MGA'S SUPPL. RESPONSES TO MATTEL'S REVISED THIRD SET OF INTERROGATORIES  NO. CV 04-9049 SGL (RNBx)

EXHIBIT 23

PAGE 460

1  earlier, or later than the period of time listed in the Interrogatory).

2      This interrogatory is further compounded by Mattel's definition of

3  IDENTITY, which purports to require MGA to provide the following information

4  for each of the individuals Mattel is requesting that MGA identify with respect to

5  each BRATZ INVENTION:  (a) the individual's name; (b) any known business title;

6  (c) the current or last known business affiliation; (d) current or last known residential

7  address; (e) current or last known business address; (f) current or last known

8  relationship to MGA; and (g) current or last known telephone number.

9      MGA further objects to this interrogatory on the grounds that it is

10  overbroad, unduly burdensome, vague and ambiguous both generally and

11  specifically with respect to the terms BRATZ INVENTION, BRATZ, CREATED,

12  DESIGN and REFER OR RELATES TO.  In particular, the term BRATZ

13  INVENTION, which incorporates the terms BRATZ, DESIGN and REFER OR

14  RELATES TO, is so broad and over-inclusive that it could be read to include each

15  and every thought, idea and conversation that anyone may have had about BRATZ

16  during the time period at issue.

17      MGA further objects to the extent that this interrogatory seeks

18  information that is outside of MGA's knowledge and is not in MGA's possession,

19  custody or control.  In particular, MGA objects to this interrogatory to the extent that

20  it requests that MGA "state *all* facts . . . and IDENTIFY *all* PERSONS ... and *all*

21  DOCUMENTS" (emphasis added).

22      MGA also objects to this interrogatory to the extent it seeks information

23  that is not subject to disclosure under any applicable privilege, doctrine or immunity,

24  including without limitation the attorney-client privilege, the work product doctrine,

25  the right of privacy, and all other privileges recognized under the constitutional,

26  statutory or decisional law of the United States of America, the State of California or

27  any other applicable jurisdiction.  MGA further objects to the interrogatory on the

28  ground that it is premature because the invention, creation, conception, or reduction

MGA'S SUPPL. RESPONSES TO MATTEL'S REVISED THIRD SET OF INTERROGATORIES  NO. CV 04-9049 SGL (RNBx)

EXHIBIT ___23___

PAGE _____461_____

1  to practice of Bratz (and related issues) will be the subject of expert testimony at

2  trial.  MGA objects to this interrogatory to the extent it seeks to limit the expert

3  testimony that MGA may seek to introduce at trial.  MGA will identify its experts

4  and make related disclosures in accordance with the Court's orders and applicable

5  rules.

6          Subject to and without waiving the foregoing objections, MGA

7  responds as follows:

8          With respect to "inventions" as that term is used in utility patent law,

9  MGA does not make any affirmative contentions as to whether there were any such

10 inventions, except that MGA contends that the conception and/or reduction to

11 practice of any such invention occurred before January 1999 and/or after October 20,

12 2000.  With respect to design patents, in August or September of 1998, Carter

13 Bryant, inspired by images he was exposed to, including in the August 1998 issue of

14 *Seventeen Magazine*, the appearance of teenagers, as well as other images in the

15 public domain, conceived of an idea for a line of dolls he named Bratz.  At the same

16 time, Bryant sketched a series of drawings to illustrate his idea.  To the extent said

17 idea contained elements covered by design patent law, no such invention was

18 "reduced to practice" until after October 20, 2000.  Nor did it fall within the scope of

19 the term "inventions" as used in the "INVENTIONS AGREEMENT."

20         The following persons have knowledge of the facts and circumstances

21 surrounding Bryant's conception and his illustrative drawings that he named Bratz:

22 Carter Bryant; Bryant's mother, Janet Bryant; Bryant's father, Thomas Bryant;

23 Jeanne Galvano; Richard Irmen; Elise Cloonan; Ramona Prince.

24         The following documents may be relevant to these facts:  the sketches

25 drawn by Bryant in August or September of 1998; publicly available materials that

26 Bryant identified in his deposition testimony as inspiring his conception of a line of

27 dolls in August or September of 1998, including but not limited to the August 1998

28 issue of *Seventeen Magazine*; and other documents shown to Bryant at his November

EXHIBIT ___23___

PAGE ___462___

1 | 2004 deposition.

2 | **INTERROGATORY NO. 28:**

3 | IDENTIFY each and every BRATZ INVENTION YOU contend was

4 | CREATED, in whole or in part, after October 19, 2000 and before June 1, 2001, and

5 | for each BRATZ INVENTION so identified state all FACTS that support YOUR

6 | contention that such BRATZ INVENTION (or aspects or portions thereof) was

7 | CREATED after October 19, 2000 and before June 1, 2001, and IDENTIFY all

8 | PERSONS with knowledge of such facts and all DOCUMENTS which REFER OR

9 | RELATE TO such facts.

10 | **RESPONSE TO INTERROGATORY NO. 28:**

11 | MGA incorporates by reference its General Response and General

12 | Objections above, as though fully set forth herein and specifically incorporates

13 | General Objection No. 7 (regarding the Definitions), including but not limited to its

14 | objections to the definitions of the terms BRATZ INVENTION, CREATED,

15 | IDENTIFY, and REFER OR RELATED TO.  MGA further objects to this

16 | interrogatory on the grounds that it is overbroad, unduly burdensome, vague and

17 | ambiguous both generally and specifically with respect to the term BRATZ

18 | INVENTION, which incorporates the terms BRATZ, DESIGN and REFER OR

19 | RELATES TO, is so broad and over-inclusive that it could be read to include each

20 | and every thought, idea and conversation that anyone may have had about BRATZ

21 | during the time period at issue.

22 | MGA further objects to this interrogatory as compound because it

23 | contains discrete subparts that require separate, distinct and multiple responses.

24 | Specifically, MGA objects to the term IDENTIFY as overbroad and unduly

25 | burdensome, as Mattel's definition of this term calls for responses to multiple

26 | discrete subparts.  For example, Mattel's definition of the term IDENTIFY in the

27 | context of this interrogatory would require MGA to provide a multitude of discrete

28 | responses for each BRATZ INVENTION, including:

EXHIBIT ___23___

PAGE ___960___

1        (a)   the Bates number of any document that "REFERS OR RELATES

2    TO the BRATZ INVENTION;"

3        (b)   the IDENTITY of the individual author or creator of the BRATZ

4    INVENTION;

5        (c)   the IDENTITY of each other individual who contributed in any

6    manner to the BRATZ INVENTION;

7        (d)   the form, material and medium of the BRATZ INVENTION;

8        (e)   the title or name of the BRATZ INVENTION;

9        (f)   the version, modification, revision or iteration number of the

10   BRATZ INVENTION;

11       (g)   the current location of the original of the BRATZ INVENTION;

12       (h)   the first day on which the BRATZ INVENTION was CREATED;

13       (i)   the last day on which the BRATZ INVENTION was CREATED;

14       (j)   whether the entire invention was CREATED during the period of

15   time listed in the Interrogatory (and if not, which portions were created during,

16   earlier, or later than the period of time listed in the Interrogatory).

17       This interrogatory is further compounded by Mattel's definition of

18   IDENTITY, which purports to require MGA to provide the following information

19   for each of the individuals Mattel is requesting that MGA identify with respect to

20   each BRATZ INVENTION:  (a) the individual's name (b) any known business title;

21   (c) the current or last known business affiliation; (d) current or last known residential

22   address; (e) current or last known business address; (f) current or last known

23   relationship to MGA; and (g) current or last known telephone number.

24       MGA further objects to the extent that this interrogatory seeks

25   information that is outside of MGA's knowledge and is not in MGA's possession,

26   custody or control.  In particular, MGA objects to this interrogatory to the extent that

27   it requests that MGA "state *all* facts . . . and IDENTIFY *all* PERSONS ... and *all*

28   DOCUMENTS" (emphasis added).

15

MGA'S SUPPL. RESPONSES TO MATTEL'S REVISED THIRD SET OF INTERROGATORIES  NO. CV 04-9049 SGL (RNBx)

EXHIBIT __23__

PAGE __414__

1    MGA also objects to this interrogatory to the extent it seeks information
2  that is not subject to disclosure under any applicable privilege, doctrine or immunity,
3  including without limitation the attorney-client privilege, the work product doctrine,
4  the right of privacy, and all other privileges recognized under the constitutional,
5  statutory or decisional law of the United States of America, the State of California or
6  any other applicable jurisdiction.

7    MGA further objects to the interrogatory on the ground that it is
8  premature because the invention, creation, conception, or reduction to practice of
9  Bratz (and related issues) will be the subject of expert testimony at trial.  MGA
10  objects to this interrogatory to the extent it seeks to limit the expert testimony that
11  MGA may seek to introduce at trial.  MGA will identify its experts and make related
12  disclosures in accordance with the Court's orders and applicable rules.  MGA further
13  objects to the interrogatory as unduly burdensome, on the grounds that it would
14  require MGA to identify numerous documents that have already been produced and
15  are readily available to Mattel.

16    MGA further objects to this interrogatory because Mattel has
17  propounded more than 50 interrogatories.  Under Judge Larson's order of February
18  22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-
19  04049-SGL and CV 05-02727]."

20    Subject to and without waiving the foregoing objections, MGA
21  responds as follows:  MGA is willing to meet and confer with Mattel regarding this
22  interrogatory and the obligation of Mattel to supplement its responses to MGA's First
23  Set of Interrogatories.

24  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 28:**

25    MGA incorporates by reference its General Response and General
26  Objections above, as though fully set forth herein and specifically incorporates
27  General Objection No. 7 (regarding the Definitions), including but not limited to its
28  objections to the definitions of the terms BRATZ INVENTION, CREATED,

EXHIBIT __23__

PAGE __9 b5.__

1 | IDENTIFY, and REFER OR RELATED TO.  MGA further objects to this
2 | interrogatory on the grounds that it is overbroad, unduly burdensome, vague and
3 | ambiguous both generally and specifically with respect to the term BRATZ
4 | INVENTION, which incorporates the terms BRATZ, DESIGN and REFER OR
5 | RELATES TO, is so broad and over-inclusive that it could be read to include each
6 | and every thought, idea and conversation that anyone may have had about BRATZ
7 | during the time period at issue.

8 |        MGA further objects to this interrogatory as compound because it
9 | contains discrete subparts that require separate, distinct and multiple responses.
10 | Specifically, MGA objects to the term IDENTIFY as overbroad and unduly
11 | burdensome, as Mattel's definition of this term calls for responses to multiple
12 | discrete subparts.  For example, Mattel's definition of the term IDENTIFY in the
13 | context of this interrogatory would require MGA to provide a multitude of discrete
14 | responses for each BRATZ INVENTION, including:

15 |        (a)     the Bates number of any document that "REFERS OR RELATES
16 | TO the BRATZ INVENTION;"

17 |        (b)     the IDENTITY of the individual author or creator of the BRATZ
18 | INVENTION;

19 |        (c)     the IDENTITY of each other individual who contributed in any
20 | manner to the BRATZ INVENTION;

21 |        (d)     the form, material and medium of the BRATZ INVENTION;

22 |        (e)     the title or name of the BRATZ INVENTION;

23 |        (f)     the version, modification, revision or iteration number of the
24 | BRATZ INVENTION;

25 |        (g)     the current location of the original of the BRATZ INVENTION;

26 |        (h)     the first day on which the BRATZ INVENTION was CREATED;

27 |        (i)     the last day on which the BRATZ INVENTION was CREATED;

28 |        (j)     whether the entire invention was CREATED during the period of

EXHIBIT _____23____

PAGE _____944____

1 | time listed in the Interrogatory (and if not, which portions were created during,
2 | earlier, or later than the period of time listed in the Interrogatory).

3 |       This interrogatory is further compounded by Mattel's definition of
4 | IDENTITY, which purports to require MGA to provide the following information
5 | for each of the individuals Mattel is requesting that MGA identify with respect to
6 | each BRATZ INVENTION: (a) the individual's name (b) any known business title;
7 | (c) the current or last known business affiliation; (d) current or last known residential
8 | address; (e) current or last known business address; (f) current or last known
9 | relationship to MGA; and (g) current or last known telephone number.

10 |       MGA further objects to the extent that this interrogatory seeks
11 | information that is outside of MGA's knowledge and is not in MGA's possession,
12 | custody or control. In particular, MGA objects to this interrogatory to the extent that
13 | it requests that MGA "state *all* facts . . . and IDENTIFY *all* PERSONS … and *all*
14 | DOCUMENTS" (emphasis added).

15 |       MGA also objects to this interrogatory to the extent it seeks information
16 | that is not subject to disclosure under any applicable privilege, doctrine or immunity,
17 | including without limitation the attorney-client privilege, the work product doctrine,
18 | the right of privacy, and all other privileges recognized under the constitutional,
19 | statutory or decisional law of the United States of America, the State of California or
20 | any other applicable jurisdiction.

21 |       MGA further objects to the interrogatory on the ground that it is
22 | premature because the invention, creation, conception, or reduction to practice of
23 | Bratz (and related issues) will be the subject of expert testimony at trial. MGA
24 | objects to this interrogatory to the extent it seeks to limit the expert testimony that
25 | MGA may seek to introduce at trial. MGA will identify its experts and make related
26 | disclosures in accordance with the Court's orders and applicable rules. MGA further
27 | objects to the interrogatory as unduly burdensome, on the grounds that it would
28 | require MGA to identify numerous documents that have already been produced and

18

MGA'S SUPPL. RESPONSES TO MATTEL'S REVISED THIRD SET OF INTERROGATORIES  NO. CV 04-9049 SGL (RNBx)

EXHIBIT ___23___

PAGE ___467___

1  are readily available to Mattel.

2      Subject to and without waiving the foregoing objections, MGA

3  responds as follows:

4      With respect to Bratz dolls and accessories, as concerns the term

5  "inventions" as that is used in utility patent law, and/or in the "INVENTIONS

6  AGREEMENT," MGA does not make any affirmative contentions as to whether

7  there were any such inventions, except that MGA contends the conception and/or

8  reduction to practice of any such invention occurred before January 1999 and/or after

9  October 20, 2000. With respect to package design for Bratz products, MGA

10 contends that certain aspects of said designs qualified as design patents. With

11 respect to design patents, to the extent that the Bratz line of dolls, first marketed by

12 MGA in 2001, contained features covered by design patent law, said inventions were

13 "reduced to practice" by MGA after October 20, 2000 and before June 1, 2001.

14     The following persons have knowledge of the facts and circumstances

15 regarding the foregoing: Isaac Larian; Carter Bryant; Margaret Leahy; Veronica

16 Marlow; Anna Rhee; Mercedeh Ward; Sarah Halpern; Paula Treantafelles (Garcia);

17 Steve Tarmichael; Rebecca Harris; Cecilia Kwok; David Dees; Jesse Ramirez; Sam

18 Wong; Edmond Lee; Steven Lee; Aileen Storer; Eric Yip; Leon Djiguerian; Rachel

19 Harris; Maggie Siu; Ben Ton; Samuel Wong; Ray Wong; Steffan Smith; and Samir

20 Khare.

21     The following documents may be relevant to these facts:  all

22 "DOCUMENTS" that refer to or evidence the work performed by MGA employees

23 and freelancers toward the reduction to practice of the first generation of Bratz dolls

24 during the period after October 19, 2000 through June 1, 2001, including but not

25 limited to:  (i) documents showing the development of the first generation of Bratz

26 dolls; (ii) documents showing exchanges with the Hong Kong factory regarding the

27 development of the first generation of Bratz dolls; (iii) documents showing the

28 timing of the development of packaging, fashion, and accessories for the first

MGA'S SUPPL. RESPONSES TO MATTEL'S REVISED THIRD SET OF INTERROGATORIES  NO. CV 04-9049 SGL (RNBx)

EXHIBIT ___23___

PAGE ___458___

1  generation of Bratz dolls; (iv) documents related to the January 2001 Hong Kong toy

2  fair; (v) documents related to the February 2001 New York toy fair; (vi)

3  polyurethane samples of prototypes; (vii) rotocasts and sculpts in Hong Kong; and

4  (viii) invoices submitted from Carter Bryant, Veronica Marlow, Anna Rhee, Victoria

5  O'Connor, and other invoices submitted by freelancers for work performed on the

6  Bratz project. The documents evidencing this work are too numerous to identify

7  individually.

8  **INTERROGATORY NO. 29:**

9         IDENTIFY each and every BRATZ INVENTION that was CREATED,

10  in whole or in part, after January 3, 1999 and before October 21, 2000, and for each

11  BRATZ INVENTION so identified state all FACTS that REFER OR RELATE TO

12  the timing of the creation of such BRATZ INVENTION and IDENTIFY all

13  PERSONS with knowledge of such facts and all DOCUMENTS which REFER OR

14  RELATE TO such facts.

15  **RESPONSE TO INTERROGATORY NO. 29:**

16         MGA incorporates by reference its General Response and General

17  Objections above, as though fully set forth herein and specifically incorporates

18  General Objection No. 7 (regarding Definitions), including but not limited to its

19  objections to the definitions of the terms BRATZ INVENTION, CREATED, REFER

20  OR RELATE TO, and IDENTIFY. MGA further objects to this interrogatory as

21  compound because it contains discrete subparts that require separate, distinct and

22  multiple responses. Specifically, MGA objects to the term IDENTIFY as overbroad

23  and unduly burdensome, as Mattel's definition of this term calls for responses to

24  multiple discrete subparts. For example, Mattel's definition of the term IDENTIFY

25  in the context of this interrogatory would require MGA to provide a multitude of

26  discrete responses for each BRATZ INVENTION, including:

27         (a)    the Bates number of any document that "REFERS OR RELATES

28  TO THE BRATZ INVENTION;"

MGA'S SUPPL. RESPONSES TO MATTEL'S REVISED THIRD SET OF INTERROGATORIES  NO. CV 04-9049 SGL (RNBx)

EXHIBIT ___23___

PAGE _____4b9_____

1      (b)   the IDENTITY of the individual author or creator of the BRATZ

2 INVENTION;

3      (c)   the IDENTITY of each other individual who contributed in any

4 manner to the BRATZ INVENTION;

5      (d)   the form, material and medium of the BRATZ INVENTION;

6      (e)   the title or name of the BRATZ INVENTION;

7      (f)   the version, modification, revision or iteration number of the

8 BRATZ INVENTION;

9      (g)   the current location of the original of the BRATZ INVENTION;

10      (h)   the first day on which the BRATZ INVENTION was CREATED;

11      (i)   the last day on which the BRATZ INVENTION was CREATED;

12      (j)   whether the entire invention was CREATED during the period of

13 time listed in the Interrogatory (and if not, which portions were created during,

14 earlier, or later than the period of time listed in the Interrogatory).

15      This interrogatory is further compounded by Mattel's definition of

16 IDENTITY, which purports to require MGA to provide the following information

17 for each of the individuals Mattel is requesting that MGA identify with respect to

18 each BRATZ INVENTION:  (a) the individual's name (b) any known business title;

19 (c) the current or last known business affiliation; (d) current or last known residential

20 address; (e) current or last known business address; (f) current or last known

21 relationship to MGA; and (g) current or last known telephone number.

22      MGA further objects to this interrogatory on the grounds that it is

23 overbroad, unduly burdensome, vague and ambiguous both generally and

24 specifically with respect to the terms BRATZ INVENTION, BRATZ, CREATED,

25 DESIGN and REFER OR RELATES TO.  In particular, the term BRATZ

26 INVENTION, which incorporates the terms BRATZ, DESIGN and REFER OR

27 RELATES TO, is so broad and over-inclusive that it could be read to include each

28 and every thought, idea and conversation that anyone may have had about BRATZ

MGA'S SUPPL. RESPONSES TO MATTEL'S REVISED THIRD SET OF INTERROGATORIES  NO. CV 04-9049 SGL (RNBx)

EXHIBIT ___23___

PAGE ___470___

1   during the time period at issue.

2        MGA further objects to the extent that this interrogatory seeks
3   information that is outside of MGA's knowledge and is not in MGA's possession,
4   custody or control.  In particular, MGA objects to this interrogatory to the extent that
5   it requests that MGA "state *all* facts . . . and IDENTIFY *all* PERSONS ... and *all*
6   DOCUMENTS" (emphasis added).

7        MGA also objects to this interrogatory to the extent it seeks information
8   that is not subject to disclosure under any applicable privilege, doctrine or immunity,
9   including without limitation the attorney-client privilege, the work product doctrine,
10  the right of privacy, and all other privileges recognized under the constitutional,
11  statutory or decisional law of the United States of America, the State of California or
12  any other applicable jurisdiction.

13       MGA further objects to the interrogatory on the ground that it is
14  premature because the invention, creation, conception, or reduction to practice of
15  Bratz (and related issues) will be the subject of expert testimony at trial.  MGA
16  objects to this interrogatory to the extent it seeks to limit the expert testimony that
17  MGA may seek to introduce at trial.  MGA will identify its experts and make related
18  disclosures in accordance with the Court's orders and applicable rules.  MGA further
19  objects to the interrogatory as unduly burdensome, on the grounds that it would
20  require MGA to identify numerous documents that have already been produced and
21  are readily available to Mattel.

22       MGA further objects to this interrogatory because Mattel has
23  propounded more than 50 interrogatories.  Under Judge Larson's order of February
24  22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-
25  04049-SGL and CV 05-02727]."

26       Subject to and without waiving the foregoing objections, MGA
27  responds as follows:  MGA is willing to meet and confer with Mattel regarding this
28  interrogatory and the obligation of Mattel to supplement its responses to MGA's First

MGA'S SUPPL. RESPONSES TO MATTEL'S REVISED THIRD SET OF INTERROGATORIES  NO. CV 04-9049 SGL (RNBx)

EXHIBIT   23

PAGE   47

1 | Set of Interrogatories.

2 | **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 29:**

3 |        MGA incorporates by reference its General Response and General

4 | Objections above, as though fully set forth herein and specifically incorporates

5 | General Objection No. 7 (regarding Definitions), including but not limited to its

6 | objections to the definitions of the terms BRATZ INVENTION, CREATED, REFER

7 | OR RELATE TO, and IDENTIFY. MGA further objects to this interrogatory as

8 | compound because it contains discrete subparts that require separate, distinct and

9 | multiple responses. Specifically, MGA objects to the term IDENTIFY as overbroad

10 | and unduly burdensome, as Mattel's definition of this term calls for responses to

11 | multiple discrete subparts. For example, Mattel's definition of the term IDENTIFY

12 | in the context of this interrogatory would require MGA to provide a multitude of

13 | discrete responses for each BRATZ INVENTION, including:

14 |        (a)    the Bates number of any document that "REFERS OR RELATES

15 | TO the BRATZ INVENTION;"

16 |        (b)   the IDENTITY of the individual author or creator of the BRATZ

17 | INVENTION;

18 |        (c)   the IDENTITY of each other individual who contributed in any

19 | manner to the BRATZ INVENTION;

20 |        (d)   the form, material and medium of the BRATZ INVENTION;

21 |        (e)   the title or name of the BRATZ INVENTION;

22 |        (f)   the version, modification, revision or iteration number of the

23 | BRATZ INVENTION;

24 |        (g)   the current location of the original of the BRATZ INVENTION;

25 |        (h)   the first day on which the BRATZ INVENTION was CREATED;

26 |        (i)   the last day on which the BRATZ INVENTION was CREATED;

27 |        (j)   whether the entire invention was CREATED during the period of

28 | time listed in the Interrogatory (and if not, which portions were created during,

23

EXHIBIT ___23___

PAGE ___672___

1   earlier, or later than the period of time listed in the Interrogatory).

2        This interrogatory is further compounded by Mattel's definition of

3   IDENTITY, which purports to require MGA to provide the following information

4   for each of the individuals Mattel is requesting that MGA identify with respect to

5   each BRATZ INVENTION:  (a) the individual's name (b) any known business title;

6   (c) the current or last known business affiliation; (d) current or last known residential

7   address; (e) current or last known business address; (f) current or last known

8   relationship to MGA; and (g) current or last known telephone number.

9        MGA further objects to this interrogatory on the grounds that it is

10   overbroad, unduly burdensome, vague and ambiguous both generally and

11   specifically with respect to the terms BRATZ INVENTION, BRATZ, CREATED,

12   DESIGN and REFER OR RELATES TO.  In particular, the term BRATZ

13   INVENTION, which incorporates the terms BRATZ, DESIGN and REFER OR

14   RELATES TO, is so broad and over-inclusive that it could be read to include each

15   and every thought, idea and conversation that anyone may have had about BRATZ

16   during the time period at issue.

17        MGA further objects to the extent that this interrogatory seeks

18   information that is outside of MGA's knowledge and is not in MGA's possession,

19   custody or control.  In particular, MGA objects to this interrogatory to the extent that

20   it requests that MGA "state *all* facts . . . and IDENTIFY *all* PERSONS ... and *all*

21   DOCUMENTS" (emphasis added).

22        MGA also objects to this interrogatory to the extent it seeks information

23   that is not subject to disclosure under any applicable privilege, doctrine or immunity,

24   including without limitation the attorney-client privilege, the work product doctrine,

25   the right of privacy, and all other privileges recognized under the constitutional,

26   statutory or decisional law of the United States of America, the State of California or

27   any other applicable jurisdiction.

28        MGA further objects to the interrogatory on the ground that it is

MGA'S SUPPL. RESPONSES TO MATTEL'S REVISED THIRD SET OF INTERROGATORIES  NO. CV 04-9049 SGL (RNBx)

EXHIBIT 23

PAGE 473

1  premature because the invention, creation, conception, or reduction to practice of

2  Bratz (and related issues) will be the subject of expert testimony at trial. MGA

3  objects to this interrogatory to the extent it seeks to limit the expert testimony that

4  MGA may seek to introduce at trial. MGA will identify its experts and make related

5  disclosures in accordance with the Court's orders and applicable rules. MGA further

6  objects to the interrogatory as unduly burdensome, on the grounds that it would

7  require MGA to identify numerous documents that have already been produced and

8  are readily available to Mattel.

9          Subject to and without waiving the foregoing objections, MGA

10  responds as follows:

11          There were no inventions related to Bratz after January 3, 1999 and

12  before October 21, 2000.

13  **INTERROGATORY NO. 30:**

14          State all facts that support YOUR contention, if YOU so contend, that,

15  assuming BRYANT assigned rights in any BRATZ INVENTION to MATTEL

16  pursuant to the INVENTIONS AGREEMENT, MGA is entitled to priority over

17  and/or has superior rights to MATTEL as to such BRATZ INVENTION, and

18  IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that

19  REFER OR RELATE TO such facts.

20  **RESPONSE TO INTERROGATORY NO. 30:**

21          MGA incorporates by reference its General Response and General

22  Objections above, as though fully set forth herein and specifically incorporates

23  General Objection No. 7 (regarding Definitions), including but not limited to its

24  objections to the definitions of the terms BRATZ INVENTION, INVENTIONS

25  AGREEMENT, IDENTIFY and REFER OR RELATE TO. MGA also objects to

26  this interrogatory to the extent it seeks information that is not subject to disclosure

27  under any applicable privilege, doctrine or immunity, including without limitation

28  the attorney-client privilege, the work product doctrine, the right of privacy, and all

EXHIBIT ___23___

PAGE ___474___

1 | other privileges recognized under the constitutional, statutory or decisional law of
2 | the United States of America, the State of California or any other applicable
3 | jurisdiction. MGA further objects to this interrogatory to the extent it calls for a
4 | legal conclusion. MGA further objects to the extent that this interrogatory seeks
5 | information that is outside MGA's knowledge and is not in MGA's possession,
6 | custody, or control. In particular, MGA objects to this interrogatory to the extent
7 | that it requests MGA to "state *all facts . . . and* IDENTIFY all PERSONS . . . and *all*
8 | DOCUMENTS" (emphasis added).

9 | MGA further objects to the interrogatory on the grounds that it is vague,
10 | ambiguous and threatens to mislead the trier of fact in that it is stated in the
11 | hypothetical and therefore proceeds from the false premise that Bryant assigned
12 | rights in the Bratz line of dolls to Mattel and that all terms of the INVENTIONS
13 | AGREEMENT are binding and enforceable. *See e.g., Kendrick v. Sullivan*, 125
14 | F.R.D. 1, 3 (D. D.C. 1989) (holding that Rule 33 does not permit contention
15 | interrogatories directed at hypothetical scenarios). Any response to this interrogatory
16 | depends on, among other factual and legal factors, specifically which BRATZ
17 | INVENTION it is hypothetically assumed that Bryant assigned rights in to MGA and
18 | which rights he assigned, which information is not provided in the incomplete
19 | hypothetical scenario posited in this interrogatory.

20 | MGA further objects to the interrogatory on the ground that it is
21 | premature because the invention, creation, conception, or reduction to practice of
22 | Bratz (and related issues) will be the subject of expert testimony at trial. MGA
23 | objects to this interrogatory to the extent it seeks to limit the expert testimony that
24 | MGA may seek to introduce at trial. MGA further objects on the grounds that the
25 | interrogatory seeks information not relevant to any claim or defense in the action and
26 | is not reasonably calculated to the discovery of admissible evidence because MGA
27 | denies that Bryant assigned any such rights to Mattel.

28 | MGA objects to this interrogatory because Mattel has propounded more

MGA'S SUPPL. RESPONSES TO MATTEL'S REVISED THIRD SET OF INTERROGATORIES  NO. CV 04-9049 SGL (RNBx)

EXHIBIT ___23___

PAGE ___935___

1 | than 50 interrogatories.  Under Judge Larson's order of February 22, 2007,
2 | "Interrogatories are to be limited to 50 for each side for both [Case Nos. CV 04-
3 | 04049-SGL and CV 05-02727]."

4 | **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 30:**

5 |     MGA incorporates by reference its General Response and General
6 | Objections above, as though fully set forth herein and specifically incorporates
7 | General Objection No. 7 (regarding Definitions), including but not limited to its
8 | objections to the definitions of the terms BRATZ INVENTION, INVENTIONS
9 | AGREEMENT, IDENTIFY and REFER OR RELATE TO.  MGA also objects to
10 | this interrogatory to the extent it seeks information that is not subject to disclosure
11 | under any applicable privilege, doctrine or immunity, including without limitation
12 | the attorney-client privilege, the work product doctrine, the right of privacy, and all
13 | other privileges recognized under the constitutional, statutory or decisional law of
14 | the United States of America, the State of California or any other applicable
15 | jurisdiction.  MGA further objects to this interrogatory to the extent it calls for a
16 | legal conclusion.  MGA further objects to the extent that this interrogatory seeks
17 | information that is outside MGA's knowledge and is not in MGA's possession,
18 | custody, or control.  In particular, MGA objects to this interrogatory to the extent
19 | that it requests MGA to "state *all facts . . . and* IDENTIFY all PERSONS . . . and *all*
20 | DOCUMENTS" (emphasis added).

21 |     MGA further objects to the interrogatory on the grounds that it is vague,
22 | ambiguous and threatens to mislead the trier of fact in that it is stated in the
23 | hypothetical and therefore proceeds from the false premise that Bryant assigned
24 | rights in the Bratz line of dolls to Mattel and that all terms of the INVENTIONS
25 | AGREEMENT are binding and enforceable.  *See e.g., Kendrick v. Sullivan*, 125
26 | F.R.D. 1, 3 (D. D.C. 1989) (holding that Rule 33 does not permit contention
27 | interrogatories directed at hypothetical scenarios).  Any response to this interrogatory
28 | depends on, among other factual and legal factors, specifically which BRATZ

1  INVENTION it is hypothetically assumed that Bryant assigned rights in to MGA and

2  which rights he assigned, which information is not provided in the incomplete

3  hypothetical scenario posited in this interrogatory.

4        MGA further objects to the interrogatory on the ground that it is

5  premature because the invention, creation, conception, or reduction to practice of

6  Bratz (and related issues) will be the subject of expert testimony at trial.  MGA

7  objects to this interrogatory to the extent it seeks to limit the expert testimony that

8  MGA may seek to introduce at trial.  MGA further objects on the grounds that the

9  interrogatory seeks information not relevant to any claim or defense in the action and

10  is not reasonably calculated to the discovery of admissible evidence because MGA

11  denies that Bryant assigned any such rights to Mattel.

12        Subject to and without waiving the foregoing objections, MGA

13  responds as follows:

14        MGA incorporates by reference its supplemental responses to

15  Interrogatory Nos. 27, 28, 29 and 31 as though fully set forth herein, and responds

16  further that, assuming Bryant assigned rights to inventions related to Bratz pursuant

17  to the "INVENTIONS AGREEMENT," (i.e. under the terms of said Agreement and

18  for inventions conceived of and/or reduced to practice during the period of Bryant's

19  employment with Mattel to which said Agreement relates), MGA would have

20  superior rights in the Bratz dolls because:  (i) there were no "inventions" related to

21  Bratz covered by the "INVENTIONS AGREEMENT;" (ii) the Bratz dolls were

22  neither substantially similar to, nor a copy of, nor derivative of, Mattel's hypothetical

23  rights; and (iii) Mattel waived any rights it may have had due to laches and the

24  statute of limitations.

25  **INTERROGATORY NO. 31:**

26        State all facts that support YOUR contention, if YOU so contend, that

27  the INVENTIONS AGREEMENT is not valid and enforceable, and IDENTIFY all

28  PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR

EXHIBIT 23

PAGE 477

1 | RELATE TO such facts.

2 | **RESPONSE TO INTERROGATORY NO. 31:**

3 | MGA incorporates by reference its General Response and General

4 | Objections above, as though fully set forth herein and specifically incorporates

5 | General Objection No. 7 (regarding Definitions), including but not limited to its

6 | objections to the definitions of the terms INVENTIONS AGREEMENT, IDENTIFY

7 | and REFER OR RELATE TO. MGA also objects to this interrogatory to the extent

8 | it seeks information that is not subject to disclosure under any applicable privilege,

9 | doctrine or immunity, including without limitation the attorney-client privilege, the

10 | work product doctrine, the right of privacy, and all other privileges recognized under

11 | the constitutional, statutory or decisional law of the United States of America, the

12 | State of California or any other applicable jurisdiction. MGA also objects to this

13 | interrogatory to the extent that it calls for a legal conclusion.

14 | MGA objects that this interrogatory is an overbroad and unduly

15 | burdensome contention interrogatory to the extent it asks for "all facts" which

16 | supports the denial of a statement or allegation. *See e.g., Safeco of Am. v. Rawstron*,

17 | 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery requests seeking "all

18 | facts, documents, and witnesses that support the denial of a statement or allegation of

19 | fact" because the "universe of potentially responsive information is almost endless").

20 | MGA further objects to the extent that this interrogatory seeks information outside of

21 | MGA's personal knowledge and is not in MGA's possession, custody or control. In

22 | particular, MGA objects to this interrogatory to the extent that it requests that MGA

23 | "state *all* facts . . . and IDENTIFY *all* PERSONS . . . and *all* DOCUMENTS"

24 | (emphasis added).

25 | MGA objects to this interrogatory because Mattel has propounded more

26 | than 50 interrogatories. Under Judge Larson's order of February 22, 2007,

27 | "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-04049-

28 | SGL and CV 05-02727]."

29

1    Subject to and without waiving the foregoing objections, MGA

2    responds as follows:  MGA is willing to meet and confer with Mattel regarding this

3    interrogatory and the obligation of Mattel to supplement its responses to MGA's First

4    Set of Interrogatories.

5    **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 31:**

6    MGA incorporates by reference its General Response and General

7    Objections above, as though fully set forth herein and specifically incorporates

8    General Objection No. 7 (regarding Definitions), including but not limited to its

9    objections to the definitions of the terms INVENTIONS AGREEMENT, IDENTIFY

10   and REFER OR RELATE TO.  MGA also objects to this interrogatory to the extent

11   it seeks information that is not subject to disclosure under any applicable privilege,

12   doctrine or immunity, including without limitation the attorney-client privilege, the

13   work product doctrine, the right of privacy, and all other privileges recognized under

14   the constitutional, statutory or decisional law of the United States of America, the

15   State of California or any other applicable jurisdiction.  MGA also objects to this

16   interrogatory to the extent that it calls for a legal conclusion.

17   MGA objects that this interrogatory is an overbroad and unduly

18   burdensome contention interrogatory to the extent it asks for "all facts" which

19   supports the denial of a statement or allegation. *See e.g., Safeco of Am. v. Rawstron*,

20   181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery requests seeking "all

21   facts, documents, and witnesses that support the denial of a statement or allegation of

22   fact" because the "universe of potentially responsive information is almost endless").

23   MGA further objects to the extent that this interrogatory seeks information outside of

24   MGA's personal knowledge and is not in MGA's possession, custody or control.  In

25   particular, MGA objects to this interrogatory to the extent that it requests that MGA

26   "state *all* facts . . . and IDENTIFY *all* PERSONS . . . and *all* DOCUMENTS"

27   (emphasis added).

28   Subject to and without waiving the foregoing objections, MGA

30

EXHIBIT ___23___

PAGE ___479___

1   responds as follows:

2         MGA contends that Paragraph 3-a of the "INVENTIONS

3   AGREEMENT" is unenforceable based on the equitable doctrine of laches, and the

4   statute of limitations, in that Mattel intentionally delayed in taking legal action

5   against MGA or Carter Bryant for several years in the belief that Mattel would be

6   able to drive Bratz out of the marketplace through the introduction of a copycat line

7   of My Scene Barbie dolls.  Mattel only took legal action well after MGA had

8   invested substantial amounts of capital and creative and innovative human effort in

9   the Bratz line of dolls and had experienced enormous success in the market place,

10  changing the fashion doll business forever.  In addition, many Mattel employees

11  knew following the introduction of the first generation of Bratz dolls to the market

12  that Carter Bryant was the originator of the idea that led to the first generation of

13  Bratz dolls.

14        The "INVENTIONS AGREEMENT" is also invalid and unenforceable

15  insofar as it purports to prohibit Bryant from engaging in good faith and reasonable

16  efforts to seek professional opportunities with Mattel competitors while still

17  employed by Mattel.

18        These contentions are based on the following facts and circumstances:

19  MGA is informed and believes that it was common knowledge at Mattel that many

20  Mattel employees employed in the Mattel design center worked on a freelance basis

21  for third parties, including Mattel competitors.  Despite knowledge of this activity,

22  Mattel rarely, if ever, enforced any rights it may have had to prohibit such

23  freelancing.  Mattel has therefore waived any right it may have had to enforce

24  Paragraph 3-a of the "INVENTIONS AGREEMENT" against Carter Bryant by

25  virtue of course-of-conduct contract law principles.

26        The following persons have knowledge of the facts and circumstances

27  supporting this contention: current and former members of Mattel management,

28  current and former members of Mattel's legal department, current and former

MGA'S SUPPL. RESPONSES TO MATTEL'S REVISED THIRD SET OF INTERROGATORIES  NO. CV 04-9049 SGL (RNBx)

EXHIBIT  23

PAGE  580

1 | employees in Mattel's Design Center, including, Robert Eckert, Alan Kaye, Matt
2 | Bousquette, Adrienne Fontanella, Richard De Anda, Ivy Ross and Margaret Leahy.
3 |    The following documents may be relevant to these facts:  the
4 | "INVENTIONS AGREEMENT;" Mattel documents referring or relating to Mattel's
5 | enforcement, or lack thereof, of the provisions of similar agreements between Mattel
6 | and its employees; Mattel documents referring or relating to Mattel's knowledge or
7 | investigation of suspected violations of similar agreements between Mattel and its
8 | employees; Mattel's internal emails that have not been produced; documents from
9 | Mattel's Zeus computer systems; documents referring or relating to Mattel's market
10 | research; documents referring or relating to Mattel's public relations efforts;
11 | documents  referring or relating to Mattel's advertising and advertising strategies.
12 | Mattel has produced very few documents in this action in response to MGA's
13 | outstanding requests.  MGA recently served additional requests for production of
14 | documents.  MGA reserves the right to supplement this response and all of its other
15 | responses after Mattel has completed its production.
16 |    This response is without prejudice to MGA's position that the
17 | "INVENTIONS AGREEMENT" as a whole is invalid and unenforceable as a
18 | violation of public policy.

**19 | INTERROGATORY NO. 32:**

20 |    State all facts that support YOUR contention, if YOU so contend, that
21 | MATTEL is not or would not be entitled to injunctive relief as requested in its
22 | COMPLAINT and/or COUNTERCLAIMS if it is ultimately determined that
23 | MATTEL owns one or more BRATZ INVENTIONS, and IDENTIFY all PERSONS
24 | with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO
25 | such facts.

**26 | RESPONSE TO INTERROGATORY NO. 32:**

27 |    MGA incorporates by reference its General Response and General
28 | Objections above, as though fully set forth herein and specifically incorporates

32

EXHIBIT __23__

PAGE __48/__

1  General Objection No. 7 (regarding Definitions), including but not limited to its

2  objections to the definitions of the terms BRATZ INVENTIONS, IDENTIFY and

3  REFER OR RELATE TO, and further objects on the ground that the interrogatory is

4  overbroad, unduly burdensome, vague and ambiguous both generally and

5  specifically with respect to the terms YOUR, YOU, MATTEL.  MGA also objects to

6  this interrogatory to the extent it seeks information that is not subject to disclosure

7  under any applicable privilege, doctrine or immunity, including without limitation

8  the attorney-client privilege, the work product doctrine, the right of privacy, and all

9  other privileges recognized under the constitutional, statutory or decisional law of

10  the United States of America, the State of California or any other applicable

11  jurisdiction.  MGA further objects to the interrogatory on the ground that it is

12  premature because matters affecting Mattel's ability to obtain injunctive relief may

13  be the subject of expert testimony at trial.  MGA objects to this interrogatory to the

14  extent it seeks to limit the expert testimony that MGA may seek to introduce at trial.

15  MGA will identify its experts and make related disclosures in accordance with the

16  Court's orders and applicable rules.

17        MGA notes that the issue of injunctive relief will be decided by the

18  Court after the conclusion of all jury deliberation relevant to the issue.  MGA

19  believes accordingly that the Court's review of injunctive relief issue will not occur

20  until the conclusion of Phase 2.

21        MGA further objects on the ground that this interrogatory is an

22  overbroad and unduly burdensome contention interrogatory to the extent it asks for

23  "all facts" which supports the denial of a statement or allegation.  *See e.g., Safeco of*

24  *Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery

25  requests seeking "all facts, documents, and witnesses that support the denial of a

26  statement or allegation of fact" because the "universe of potentially responsive

27  information is almost endless").

28        MGA further objects to the extent that this interrogatory seeks

33

EXHIBIT ___23___

PAGE ___482___

1 | information that is outside MGA's knowledge and is not in MGA's possession,
2 | custody, or control.  In particular, MGA objects to this interrogatory to the extent
3 | that it requests that MGA "state *all* facts … and IDENTIFY *all* PERSONS…and *all*
4 | DOCUMENTS" (emphasis added).

5 | MGA further objects to this interrogatory as it asks MGA to assume
6 | facts contrary to evidence, and further asks it to base any response on an incomplete
7 | and incomprehensible hypothetical scenario.  *See, e.g., Kendrick v. Sullivan*, 125
8 | F.R.D. 1, 3 (D. D.C. 1989) (holding that Rule 33 does not permit contention
9 | interrogatories directed at hypothetical scenarios).  Whether or not Mattel is or would
10 | or would not be "entitled to injunctive relief" depends on, among other factual and
11 | legal factors, which specific "BRATZ INVENTION" Mattel is hypothetically found
12 | to own, and whether and/or to what extent it is determined that any Bratz products
13 | that have been produced and sold are derivative works of any such BRATZ
14 | INVENTIONS, which information is not provided in the incomplete hypothetical
15 | scenario posited in this interrogatory.  MGA also objects to this interrogatory on the
16 | grounds that Mattel – not MGA – bears the burden of proof to show that it is entitled
17 | to injunctive relief, it if is ultimately determined that Mattel owns one or more
18 | BRATZ INVENTIONS.

19 | MGA further objects to this interrogatory because Mattel has
20 | propounded more than 50 interrogatories.  Under Judge Larson's order of February
21 | 22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-
22 | 04049-SGL and CV 05-02727]."

23 | **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 32:**

24 | MGA incorporates by reference its General Response and General
25 | Objections above, as though fully set forth herein and specifically incorporates
26 | General Objection No. 7 (regarding Definitions), including but not limited to its
27 | objections to the definitions of the terms BRATZ INVENTIONS, IDENTIFY and
28 | REFER OR RELATE TO, and further objects on the ground that the interrogatory is

34

EXHIBIT _23_

PAGE _483_

1  overbroad, unduly burdensome, vague and ambiguous both generally and

2  specifically with respect to the terms YOUR, YOU, MATTEL.  MGA also objects to

3  this interrogatory to the extent it seeks information that is not subject to disclosure

4  under any applicable privilege, doctrine or immunity, including without limitation

5  the attorney-client privilege, the work product doctrine, the right of privacy, and all

6  other privileges recognized under the constitutional, statutory or decisional law of

7  the United States of America, the State of California or any other applicable

8  jurisdiction.  MGA further objects to the interrogatory on the ground that it is

9  premature because matters affecting Mattel's ability to obtain injunctive relief may

10  be the subject of expert testimony at trial.  MGA objects to this interrogatory to the

11  extent it seeks to limit the expert testimony that MGA may seek to introduce at trial.

12  MGA will identify its experts and make related disclosures in accordance with the

13  Court's orders and applicable rules.

14          MGA notes that the issue of injunctive relief will be decided by the

15  Court after the conclusion of all jury deliberation relevant to the issue.  MGA

16  believes accordingly that the Court's review of injunctive relief issue will not occur

17  until the conclusion of Phase 2.

18          MGA further objects on the ground that this interrogatory is an

19  overbroad and unduly burdensome contention interrogatory to the extent it asks for

20  "all facts" which supports the denial of a statement or allegation. *See e.g., Safeco of*

21  *Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery

22  requests seeking "all facts, documents, and witnesses that support the denial of a

23  statement or allegation of fact" because the "universe of potentially responsive

24  information is almost endless").

25          MGA further objects to the extent that this interrogatory seeks

26  information that is outside MGA's knowledge and is not in MGA's possession,

27  custody, or control.  In particular, MGA objects to this interrogatory to the extent

28  that it requests that MGA "state *all* facts … and IDENTIFY *all* PERSONS…and *all*

35

MGA'S SUPPL. RESPONSES TO MATTEL'S REVISED THIRD SET OF INTERROGATORIES  NO. CV 04-9049 SGL (RNBx)

EXHIBIT ___23___

PAGE ___444___

1   DOCUMENTS" (emphasis added).

2          MGA further objects to this interrogatory as it asks MGA to assume

3   facts contrary to evidence, and further asks it to base any response on an incomplete

4   and incomprehensible hypothetical scenario. *See, e.g., Kendrick v. Sullivan*, 125

5   F.R.D. 1, 3 (D. D.C. 1989) (holding that Rule 33 does not permit contention

6   interrogatories directed at hypothetical scenarios). Whether or not Mattel is or would

7   or would not be "entitled to injunctive relief" depends on, among other factual and

8   legal factors, which specific "BRATZ INVENTION" Mattel is hypothetically found

9   to own, and whether and/or to what extent it is determined that any Bratz products

10  that have been produced and sold are derivative works of any such BRATZ

11  INVENTIONS, which information is not provided in the incomplete hypothetical

12  scenario posited in this interrogatory. MGA also objects to this interrogatory on the

13  grounds that Mattel – not MGA – bears the burden of proof to show that it is entitled

14  to injunctive relief, it if is ultimately determined that Mattel owns one or more

15  BRATZ INVENTIONS.

16         Subject to and without waiving the foregoing objections, MGA

17  responds as follows:

18         Mattel is not entitled to injunctive relief for the following reasons:

19         (a)    Mattel is not entitled to injunctive relief in accordance with the

20  principles established by the United States Supreme Court in eBay v. MercExchange,

21  126 S. Ct. 1837 (2006).

22         (b)    The original concepts contributed by Bryant to the creation of the

23  Bratz dolls represent only one of the many factors that combined to make Bratz one

24  of the most successful fashion dolls on the market. The contributions made by MGA

25  to the Bratz dolls far outweigh any contributions made by Bryant prior to October

26  21, 2000 in terms of the overall factors that contributed to the commercial success of

27  Bratz.

28         (c)    Mattel played no role in the creation and/or selection of the Bratz

MGA'S SUPPL. RESPONSES TO MATTEL'S REVISED THIRD SET OF INTERROGATORIES  NO. CV 04-9049 SGL (RNBx)

EXHIBIT __23__

PAGE _____ 485

1  slogan, "The Girls with a Passion for Fashion!" or the brand name "Bratz."

2          (d)     Mattel played no role in the development of the Bratz line of
3  dolls' innovative and trend-setting packaging.

4          (e)     Mattel played no role in MGA's improvements, enhancements
5  and changes to the Bratz dolls in the months and years on and/or after October 21,
6  2000.

7          (f)     Mattel played no role in MGA's development of the fashions for
8  the Bratz dolls.

9          (g)     Mattel played no role in the development of Bratz Kidz, Bratz
10  Petz, Bratz Babyz and other successful additions to the Bratz doll family.

11          (h)     Mattel played no role in the development of the myriad of
12  accessories for the Bratz dolls.

13          (i)     Mattel played no role in the development of the successful
14  themes that have enhanced the popularity of the Bratz dolls.

15          (j)     Mattel played no role in the development of the Bratz animated
16  TV series, Bratz TV commercials, or Bratz the movie.

17          (k)     Mattel played no role in the development of the Bratz brand.

18          (l)     If in 2000 Mattel had been presented with the opportunity to
19  develop Bryant's idea for a line of fashion dolls, Mattel would not have pursued said
20  opportunity because of a perceived threat to Mattel's Barbie franchise.

21          (m)     Mattel's inequitable conduct through years of efforts to eliminate
22  competition to its lines of fashion dolls.

23          (n)     Mattel's inequitable conduct through specific acts of unfair
24  competition, as previously set forth in MGA's Responses and Supplemental
25  Responses to Mattel's First Set of Interrogatories Re: Claims of Unfair Competition
26  Nos. 5, 6, 8, 9 and 10.

27          (o)     The equitable doctrine of laches, in that Mattel intentionally
28  delayed in taking legal action against MGA or Carter Bryant for several years in the

EXHIBIT ___23___

PAGE ___446___

1  belief that Mattel would be able to drive Bratz out of the marketplace through the

2  introduction of a copycat line of My Scene Barbie dolls.  Mattel only took legal

3  action well after MGA had invested substantial amounts of capital and creative and

4  innovative human effort in the Bratz line of dolls and had experienced enormous

5  success in the marketplace, changing the fashion doll business forever.

6        (p)    The statute of limitations.

7        The persons who have knowledge of the facts and circumstances

8  supporting these contentions of inequitable conduct by Mattel have already been

9  provided in MGA's supplemental responses to Interrogatory Nos. 27, 28, and 31.

10       To the extent that Mattel's interrogatory could be interpreted to require

11 MGA to identify all documents that "REFER OR RELATE TO" substantially all

12 facets of MGA's business, these documents are too numerous to identify individually

13 without undue burden to MGA.  The following categories of documents may be

14 relevant to these facts: Mattel's Brand Directional Outlines; analyses and assessments

15 of Mattel's marketing strategies prepared and/or produced by Young and Rubicam

16 Brands; Mattel's Marketing Department assessments of Mattel's advertising and

17 branding strategies; Mattel's Creative Briefs; and publicly available documents

18 evidencing MGA's trademarks, patents, and copyrights.

19 **INTERROGATORY NO. 33:**

20       State all facts that support YOUR contention, if YOU so contend, that

21 MATTEL is not entitled to an award of punitive or exemplary damages against

22 YOU, and IDENTIFY all PERSONS with knowledge of such facts and all

23 DOCUMENTS that REFER OR RELATE TO such facts.

24 **RESPONSE TO INTERROGATORY NO. 33:**

25       MGA incorporates by reference its General Response and General

26 Objections above, as though fully set forth herein and specifically incorporates

27 General Objection No. 7 (regarding Definitions), including but not limited to its

28 objections to the definitions of the terms IDENTIFY and REFER OR RELATE TO,

MGA'S SUPPL. RESPONSES TO MATTEL'S REVISED THIRD SET OF INTERROGATORIES  NO. CV 04-9049 SGL (RNBx)

23

PAGE    ___ 419 ___

1  and further objects on the ground that the interrogatory is overbroad, unduly

2  burdensome, vague and ambiguous both generally and specifically with respect to

3  the terms YOUR, YOU, and MATTEL.  In particular, by way of example, the term

4  YOU as defined by Mattel could be read to require MGA to state all facts supporting

5  why Mattel is not entitled to an award of punitive damages against each of the

6  responding parties in this litigation, thereby rendering the interrogatory

7  impermissibly compound.  MGA also objects to this interrogatory to the extent it

8  seeks information that is not subject to disclosure under any applicable privilege,

9  doctrine or immunity, including without limitation the attorney-client privilege, the

10  work product doctrine, the right of privacy, and all other privileges recognized under

11  the constitutional, statutory or decisional law of the United States of America, the

12  State of California or any other applicable jurisdiction.  MGA further objects to the

13  interrogatory to the extent it calls for a legal conclusion.

14          MGA further objects on the ground that this interrogatory is an

15  overbroad and unduly burdensome contention interrogatory to the extent it asks for

16  "all facts" which supports the denial of a statement or allegation. *See e.g., Safeco of*

17  *Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery

18  requests seeking "all facts, documents, and witnesses that support the denial of a

19  statement or allegation of fact" because the "universe of potentially responsive

20  information is almost endless").

21          MGA further objects to the extent that this interrogatory seeks

22  information that is outside MGA's knowledge and is not in MGA's possession,

23  custody, or control.  In particular, MGA objects to this interrogatory to the extent

24  that it requests that MGA "state *all* facts … and IDENTIFY *all* PERSONS…and *all*

25  DOCUMENTS" (emphasis added).

26          MGA also objects to this interrogatory on the grounds that Mattel – not

27  MGA – bears the burden of proof to show that it is entitled to an award of punitive or

28  exemplary damages.

Exhibit  23

PAGE  498

1    MGA further objects to this interrogatory because Mattel has

2 propounded more than 50 interrogatories. Under Judge Larson's order of February

3 22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-

4 04049-SGL and CV 05-02727]."

5    Subject to and without waiving the foregoing objections, MGA

6 responds as follows: MGA is willing to meet and confer with Mattel regarding this

7 interrogatory and the obligation of Mattel to supplement its responses to MGA's First

8 Set of Interrogatories.

9 **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 33:**

10    MGA incorporates by reference its General Response and General

11 Objections above, as though fully set forth herein and specifically incorporates

12 General Objection No. 7 (regarding Definitions), including but not limited to its

13 objections to the definitions of the terms IDENTIFY and REFER OR RELATE TO,

14 and further objects on the ground that the interrogatory is overbroad, unduly

15 burdensome, vague and ambiguous both generally and specifically with respect to

16 the terms YOUR, YOU, and MATTEL. In particular, by way of example, the term

17 YOU as defined by Mattel could be read to require MGA to state all facts supporting

18 why Mattel is not entitled to an award of punitive damages against each of the

19 responding parties in this litigation, thereby rendering the interrogatory

20 impermissibly compound. MGA also objects to this interrogatory to the extent it

21 seeks information that is not subject to disclosure under any applicable privilege,

22 doctrine or immunity, including without limitation the attorney-client privilege, the

23 work product doctrine, the right of privacy, and all other privileges recognized under

24 the constitutional, statutory or decisional law of the United States of America, the

25 State of California or any other applicable jurisdiction. MGA further objects to the

26 interrogatory to the extent it calls for a legal conclusion.

27    MGA further objects on the ground that this interrogatory is an

28 overbroad and unduly burdensome contention interrogatory to the extent it asks for

40

EXHIBIT ___23___

PAGE ___989___

1   "all facts" which supports the denial of a statement or allegation. *See e.g., Safeco of*
2   *Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery
3   requests seeking "all facts, documents, and witnesses that support the denial of a
4   statement or allegation of fact" because the "universe of potentially responsive
5   information is almost endless").

6          MGA further objects to the extent that this interrogatory seeks
7   information that is outside MGA's knowledge and is not in MGA's possession,
8   custody, or control. In particular, MGA objects to this interrogatory to the extent
9   that it requests that MGA "state *all* facts … and IDENTIFY *all* PERSONS…and *all*
10   DOCUMENTS" (emphasis added).

11          MGA also objects to this interrogatory on the grounds that Mattel – not
12   MGA – bears the burden of proof to show that it is entitled to an award of punitive or
13   exemplary damages.

14          Subject to and without waiving the foregoing objections, MGA
15   responds as follows:

16          Mattel is not entitled to an award of punitive or exemplary damages
17   against MGA because:  (i) Mattel does not own any rights in the Bratz dolls; (ii)
18   MGA has not violated or infringed any rights of Mattel with respect to the Bratz
19   dolls; (iii) Mattel has not shown that MGA acted in bad faith; and (iv) Mattel has not
20   presented any evidence to support the requirements for such an award against MGA.

21   **INTERROGATORY NO. 34:**

22          State all facts that support YOUR contention, if YOU so contend, that
23   YOU did not intentionally interfere with the INVENTIONS AGREEMENT when
24   BRYANT purported to TRANSFER and MGA purported to ACQUIRE rights to
25   BRATZ, and IDENTIFY all PERSONS with knowledge of such facts and all
26   DOCUMENTS that REFER OR RELATE TO such facts.

27   **RESPONSE TO INTERROGATORY NO. 34:**

28          MGA incorporates by reference its General Response and General

EXHIBIT 23

PAGE 49 ()

1   Objections above, as though fully set forth herein and specifically incorporates
2   General Objection No. 7 (regarding Definitions), including but not limited to its
3   objections to the definitions of the terms INVENTIONS AGREEMENT, IDENTIFY
4   and REFER OR RELATE TO, and further objects on the ground that the
5   interrogatory is overbroad, unduly burdensome, vague and ambiguous both generally
6   and specifically with respect to the terms YOUR, YOU, BRYANT, MGA,
7   TRANSFER and ACQUIRE.  In particular, by way of example, the term YOU as
8   defined by Mattel could be read to require MGA to state all facts supporting why
9   each of the responding parties did not "intentionally interfere with the
10  INVENTIONS AGREEMENT," thereby rendering the interrogatory impermissibly
11  compound.  MGA also objects to this interrogatory to the extent it seeks information
12  that is not subject to disclosure under any applicable privilege, doctrine or immunity,
13  including without limitation the attorney-client privilege, the work product doctrine,
14  the right of privacy, and all other privileges recognized under the constitutional,
15  statutory or decisional law of the United States of America, the State of California or
16  any other applicable jurisdiction.  MGA further objects to the interrogatory to the
17  extent it calls for a legal conclusion.

18       MGA further objects on the ground that this interrogatory is an
19  overbroad and unduly burdensome contention interrogatory to the extent it asks for
20  "all facts" which supports the denial of a statement or allegation.  *See e.g., Safeco of*
21  *Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery
22  requests seeking "all facts, documents, and witnesses that support the denial of a
23  statement or allegation of fact" because the "universe of potentially responsive
24  information is almost endless").

25       MGA further objects to the extent that this interrogatory seeks
26  information that is outside MGA's knowledge and is not in MGA's possession,
27  custody, or control.  In particular, MGA objects to this interrogatory to the extent
28  that it requests that MGA "state *all* facts … and IDENTIFY *all* PERSONS…and *all*

42

EXHIBIT ____23____

PAGE ____49/____

1  DOCUMENTS" (emphasis added).

2        MGA further objects to this interrogatory because Mattel has

3  propounded more than 50 interrogatories.  Under Judge Larson's order of February

4  22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-

5  04049-SGL and CV 05-02727]."

6  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 34:**

7        MGA incorporates by reference its General Response and General

8  Objections above, as though fully set forth herein and specifically incorporates

9  General Objection No. 7 (regarding Definitions), including but not limited to its

10  objections to the definitions of the terms INVENTIONS AGREEMENT, IDENTIFY

11  and REFER OR RELATE TO, and further objects on the ground that the

12  interrogatory is overbroad, unduly burdensome, vague and ambiguous both generally

13  and specifically with respect to the terms YOUR, YOU, BRYANT, MGA,

14  TRANSFER and ACQUIRE.  In particular, by way of example, the term YOU as

15  defined by Mattel could be read to require MGA to state all facts supporting why

16  each of the responding parties did not "intentionally interfere with the

17  INVENTIONS AGREEMENT," thereby rendering the interrogatory impermissibly

18  compound.  MGA also objects to this interrogatory to the extent it seeks information

19  that is not subject to disclosure under any applicable privilege, doctrine or immunity,

20  including without limitation the attorney-client privilege, the work product doctrine,

21  the right of privacy, and all other privileges recognized under the constitutional,

22  statutory or decisional law of the United States of America, the State of California or

23  any other applicable jurisdiction.  MGA further objects to the interrogatory to the

24  extent it calls for a legal conclusion.

25        MGA further objects on the ground that this interrogatory is an

26  overbroad and unduly burdensome contention interrogatory to the extent it asks for

27  "all facts" which supports the denial of a statement or allegation.  *See e.g., Safeco of*

28  *Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery

EXHIBIT ____23____

PAGE ____492____

1    requests seeking "all facts, documents, and witnesses that support the denial of a
2    statement or allegation of fact" because the "universe of potentially responsive
3    information is almost endless").

4            MGA further objects to the extent that this interrogatory seeks
5    information that is outside MGA's knowledge and is not in MGA's possession,
6    custody, or control.  In particular, MGA objects to this interrogatory to the extent
7    that it requests that MGA "state *all* facts ... and IDENTIFY *all* PERSONS...and *all*
8    DOCUMENTS" (emphasis added).

9            Subject to and without waiving the foregoing objections, MGA
10   responds as follows:

11           MGA incorporates by reference its supplemental responses to
12   Interrogatory No. 33 as though fully set forth herein, and further responds that MGA
13   did not know, despite fair inquiry, that Carter Bryant had entered into the
14   "INVENTIONS AGREEMENT."  MGA responds further that MGA did not
15   intentionally induce Bryant to breach any agreement (known or unknown) with
16   Mattel, but instead it was Bryant who, through an intermediary, approached MGA,
17   and pitched the Bratz concept to MGA.  In addition, MGA does not believe that
18   Bryant has breached the "INVENTIONS AGREEMENT" or any other agreement
19   with Mattel, or breached any duties or obligations to Mattel.

20           The persons who have knowledge of the facts and circumstances
21   supporting this contention that MGA did not intentionally interfere with the
22   INVENTIONS AGREEMENT when Bryant transferred his rights in Bratz to MGA
23   have already been identified in the supplemental responses to Interrogatory Nos. 27,
24   28, and 31.

25           Documents responsive to this interrogatory are protected by the
26   attorney-client privileged or work product doctrine.  MGA previously offered to
27   stipulate to a limited waiver of these privileges and protections to permit inspection
28   of such documents, but Mattel refused.  Subject to these objections, MGA responds

44

EXHIBIT ____23____

PAGE ____493____

1  that the following documents may be relevant to these facts: all documents showing

2  Bryant's work on his "pitch" materials; documents evidencing Bryant's desire to be a

3  freelance artist; documents evidencing Bryant's interactions with MGA prior to the

4  execution of the October 4, 2000 agreement between Bryant and MGA; and the

5  October 4, 2000 agreement between Bryant and MGA.

6  **INTERROGATORY NO. 35:**

7       State all facts that support YOUR contention, if YOU so contend, that

8  YOU did not aid or abet any breach of fiduciary duty or duty of loyalty owed by

9  BRYANT to MATTEL when BRYANT performed work or services with or for

10  MGA while BRYANT was employed by MATTEL, and IDENTIFY all PERSONS

11  with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO

12  such facts.

13  **RESPONSE TO INTERROGATORY NO. 35:**

14       MGA incorporates by reference its General Response and General

15  Objections above, as though fully set forth herein and specifically incorporates

16  General Objection No. 7 (regarding Definitions), including but not limited to its

17  objections to the definitions of the terms IDENTIFY and REFER OR RELATE TO,

18  and further objects on the ground that the interrogatory is overbroad, unduly

19  burdensome, vague and ambiguous both generally and specifically with respect to

20  the terms YOU, BRYANT, MGA and MATTEL.  In particular, by way of example,

21  the term YOU as defined by Mattel could be read to require MGA to state all facts

22  supporting why each of the responding parties "did not aid or abet any breach of

23  fiduciary duty or duty of loyalty owed by BRYANT to MATTEL," thereby

24  rendering the interrogatory impermissibly compound.  MGA also objects to this

25  interrogatory to the extent it seeks information that is not subject to disclosure under

26  any applicable privilege, doctrine or immunity, including without limitation the

27  attorney-client privilege, the work product doctrine, the right of privacy, and all other

28  privileges recognized under the constitutional, statutory or decisional law of the

45

EXHIBIT 23

PAGE 494

1  United States of America, the State of California or any other applicable jurisdiction.

2  MGA further objects to the interrogatory to the extent it calls for a legal conclusion.

3      MGA further objects on the ground that this interrogatory is an

4  overbroad and unduly burdensome contention interrogatory to the extent it asks for

5  "all facts" which supports the denial of a statement or allegation. *See e.g., Safeco of*

6  *Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery

7  requests seeking "all facts, documents, and witnesses that support the denial of a

8  statement or allegation of fact" because the "universe of potentially responsive

9  information is almost endless").

10     MGA further objects to the extent that this interrogatory seeks

11  information that is outside MGA's knowledge and is not in MGA's possession,

12  custody, or control.  In particular, MGA objects to this interrogatory to the extent

13  that it requests that MGA "state *all* facts … and IDENTIFY *all* PERSONS…and *all*

14  DOCUMENTS" (emphasis added).

15     MGA further objects to this interrogatory because Mattel has

16  propounded more than 50 interrogatories.  Under Judge Larson's order of February

17  22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-

18  04049-SGL and CV 05-02727]."

19  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 35:**

20     MGA incorporates by reference its General Response and General

21  Objections above, as though fully set forth herein and specifically incorporates

22  General Objection No. 7 (regarding Definitions), including but not limited to its

23  objections to the definitions of the terms IDENTIFY and REFER OR RELATE TO,

24  and further objects on the ground that the interrogatory is overbroad, unduly

25  burdensome, vague and ambiguous both generally and specifically with respect to

26  the terms YOU, BRYANT, MGA and MATTEL.  In particular, by way of example,

27  the term YOU as defined by Mattel could be read to require MGA to state all facts

28  supporting why each of the responding parties "did not aid or abet any breach of

MGA'S SUPPL. RESPONSES TO MATTEL'S REVISED THIRD SET OF INTERROGATORIES  NO. CV 04-9049 SGL (RNBx)

23

495

1 | fiduciary duty or duty of loyalty owed by BRYANT to MATTEL," thereby

2 | rendering the interrogatory impermissibly compound. MGA also objects to this

3 | interrogatory to the extent it seeks information that is not subject to disclosure under

4 | any applicable privilege, doctrine or immunity, including without limitation the

5 | attorney-client privilege, the work product doctrine, the right of privacy, and all other

6 | privileges recognized under the constitutional, statutory or decisional law of the

7 | United States of America, the State of California or any other applicable jurisdiction.

8 | MGA further objects to the interrogatory to the extent it calls for a legal conclusion.

9 |       MGA further objects on the ground that this interrogatory is an

10 | overbroad and unduly burdensome contention interrogatory to the extent it asks for

11 | "all facts" which supports the denial of a statement or allegation. *See e.g., Safeco of*

12 | *Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery

13 | requests seeking "all facts, documents, and witnesses that support the denial of a

14 | statement or allegation of fact" because the "universe of potentially responsive

15 | information is almost endless").

16 |       MGA further objects to the extent that this interrogatory seeks

17 | information that is outside MGA's knowledge and is not in MGA's possession,

18 | custody, or control. In particular, MGA objects to this interrogatory to the extent

19 | that it requests that MGA "state *all* facts ... and IDENTIFY *all* PERSONS…and *all*

20 | DOCUMENTS" (emphasis added).

21 |       Subject to and without waiving the foregoing objections, MGA

22 | responds as follows:

23 |       MGA incorporates by reference its supplemental responses to

24 | Interrogatory Nos. 34 and 38 as though fully set forth herein. In addition, MGA

25 | denies that Bryant was a fiduciary with respect to his efforts to become a freelance

26 | artist.

27 | **INTERROGATORY NO. 36:**

28 |       State all facts that support YOUR contention, if YOU so contend, that

EXHIBIT 23

PAGE 496

1  YOU acted with an innocent state of mind or reasonably believed that MATTEL did

2  not own any rights in any BRATZ INVENTION when BRYANT purported to

3  TRANSFER and MGA purported to ACQUIRE rights to BRATZ, and IDENTIFY

4  all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR

5  RELATE TO such facts.

6  **RESPONSE TO INTERROGATORY NO. 36:**

7         MGA incorporates by reference its General Response and General

8  Objections above, as though fully set forth herein and specifically incorporates

9  General Objection No. 7 (regarding Definitions), including but not limited to its

10  objections to the definitions of BRATZ INVENTION, IDENTIFY and REFER OR

11  RELATE TO, and further objects on the grounds that the interrogatory is overbroad,

12  unduly burdensome, vague and ambiguous both generally and specifically with

13  respect to the terms YOU, BRYANT, MGA, TRANSFER, MATTEL and

14  ACQUIRE.  In particular, by way of example, the term YOU as defined by Mattel

15  could be read to require MGA to state all facts supporting why each of the

16  responding parties "acted with an innocent state of mind," thereby rendering the

17  interrogatory impermissibly compound.  MGA also objects to this interrogatory to

18  the extent it seeks information that is not subject to disclosure under any applicable

19  privilege, doctrine or immunity, including without limitation the attorney-client

20  privilege, the work product doctrine, the right of privacy, and all other privileges

21  recognized under the constitutional, statutory or decisional law of the United States

22  of America, the State of California or any other applicable jurisdiction.

23         Subject to and without waiving the foregoing objections, MGA

24  responds as follows:  MGA is willing to meet and confer with Mattel regarding this

25  interrogatory and the obligation of Mattel to supplement its responses to MGA's First

26  Set of Interrogatories.

27  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 36:**

28         MGA incorporates by reference its General Response and General

48

EXHIBIT   23

PAGE   497

1  Objections above, as though fully set forth herein and specifically incorporates
2  General Objection No. 7 (regarding Definitions), including but not limited to its
3  objections to the definitions of BRATZ INVENTION, IDENTIFY and REFER OR
4  RELATE TO, and further objects on the grounds that the interrogatory is overbroad,
5  unduly burdensome, vague and ambiguous both generally and specifically with
6  respect to the terms YOU, BRYANT, MGA, TRANSFER, MATTEL and
7  ACQUIRE.  In particular, by way of example, the term YOU as defined by Mattel
8  could be read to require MGA to state all facts supporting why each of the
9  responding parties "acted with an innocent state of mind," thereby rendering the
10  interrogatory impermissibly compound.  MGA also objects to this interrogatory to
11  the extent it seeks information that is not subject to disclosure under any applicable
12  privilege, doctrine or immunity, including without limitation the attorney-client
13  privilege, the work product doctrine, the right of privacy, and all other privileges
14  recognized under the constitutional, statutory or decisional law of the United States
15  of America, the State of California or any other applicable jurisdiction.
16         Subject to and without waiving the foregoing objections, MGA
17  responds as follows:
18         Mattel cannot show that MGA acted in bad faith when Bryant
19  transferred and MGA acquired all rights to the Bratz concept on October 4, 2000,
20  because of the following facts of which MGA was aware in the September to
21  October 2000 time period: (i) Bryant had an idea in August or September of 1998,
22  when he was not employed by Mattel, for a series of characters that he named Bratz
23  that could be used to create, among other things, a line of fashion dolls; (ii) at the
24  same time, Bryant sketched a series of drawings to illustrate his conception; (iii)
25  Bryant was the rightful owner of the concepts reflected in his drawings and other
26  representations of his ideas and of his drawings; (iv) Bryant and his counsel
27  represented and warranted to MGA that he was the exclusive originator and owner of
28  his Bratz ideas and drawing and that no third party had any interest or rights in the

49

EXHIBIT _____ 23

PAGE _____ 498

1  drawings or the ideas reflected in the drawings; (v) Bryant came recommended by

2  Veronica Marlow, a trusted freelancer who had worked for MGA in the past; (vi)

3  immediately upon entering into a written freelance agreement with Bryant, Isaac

4  Larian, the CEO of MGA, instructed Bryant to immediately resign from Mattel; (vii)

5  MGA employees and freelance artists had made substantial original and creative

6  contributions to the creation of what ultimately was marketed as Bratz dolls; and

7  (viii) assuming some part of the Bratz concept was a feature that could have been

8  protected by a design patent, any such invention was not "reduced to practice" prior

9  to October 20, 2000.

10          The following persons have knowledge of these facts:  Carter Bryant;

11  Bryant's mother, Janet Bryant; Bryant's father, Thomas Bryant; Jeanne Galvano;

12  Richard Irmen; Elise Cloonan; Ramona Prince; Margaret Leahy; Veronica Marlow;

13  Anna Rhee; Mercedeh Ward; Sarah Halpern; Paula Treantafelles (Garcia); Steve

14  Tarmichael; Rebecca Harris; Cecilia Kwok; David Dees; Jesse Ramirez; Samuel

15  Wong; Edmond Lee; Steven Lee; Aileen Storer; Eric Yip; Leon Djiguerian; Rachel

16  Harris; Maggie Siu; Ben Ton; Sam Wong; Ray Wong.

17          The following documents may be relevant to these facts:  MGA's

18  agreement with Carter Bryant; and documents that refer to or evidence the work

19  performed by MGA employees and freelancers toward the reduction to practice of

20  the Bratz line of dolls.  Documents responsive to this interrogatory are protected by

21  the attorney-client privilege and work product doctrine.  MGA previously offered to

22  stipulate to a limited waiver of these privileges and protections to permit inspection

23  of such documents, but Mattel refused.

24  **INTERROGATORY NO. 37:**

25          State all facts that support YOUR contention, if YOU so contend, that

26  BRYANT did not breach the INVENTIONS AGREEMENT when BRYANT

27  purported to TRANSFER rights to BRATZ to MGA, and IDENTIFY all PERSONS

28  with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO

EXHIBIT     23

PAGE         499

1 | such facts.

2 | **RESPONSE TO INTERROGATORY NO. 37:**

3 |      MGA incorporates by reference its General Response and General

4 | Objections above, as though fully set forth herein and specifically incorporates

5 | General Objection No. 7 (regarding Definitions), including but not limited to its

6 | objections to the definitions of the terms INVENTIONS AGREEMENT, BRATZ

7 | and REFER OR RELATE TO, and further objects on the ground that the

8 | interrogatory is overbroad, unduly burdensome, vague and ambiguous both generally

9 | and specifically with respect to the terms YOUR, YOU, BRYANT, MGA and

10 | TRANSFER. MGA also objects to this interrogatory to the extent it seeks

11 | information that is not subject to disclosure under any applicable privilege, doctrine

12 | or immunity, including without limitation the attorney-client privilege, the work

13 | product doctrine, the right of privacy, and all other privileges recognized under the

14 | constitutional, statutory or decisional law of the United States of America, the State

15 | of California or any other applicable jurisdiction. MGA further objects to the

16 | interrogatory to the extent it calls for a legal conclusion. MGA further objects to the

17 | interrogatory on the ground that Mattel – not MGA – bears the burden of proof to

18 | show that Bryant breached the INVENTIONS AGREEMENT.

19 |      MGA further objects on the ground that this interrogatory is an

20 | overbroad and unduly burdensome contention interrogatory to the extent it asks for

21 | "all facts" which supports the denial of a statement or allegation. *See e.g., Safeco of*

22 | *Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery

23 | requests seeking "all facts, documents, and witnesses that support the denial of a

24 | statement or allegation of fact" because the "universe of potentially responsive

25 | information is almost endless"). MGA further objects on the ground that it is an

26 | abuse of the discovery process to effectively ask a Party to prove his, her or its entire

27 | case in response to a single interrogatory. *See, e.g., Lawrence v. First Kansas Bank*

28 | *& Trust, Co.*, 169 F.R.D. 657, 663-64 (D. Kan. 1996); *Grynberg v. Total S.A.*, No.

EXHIBIT ____23____

PAGE _____500

1  03-cv-01280-WYD-BNB, 2006 WL 1186836, at *6 (D. Colo. May 3, 2006) (ruling

2  that interrogatory that asks defendant to "plead and prove its entire case, and to

3  marshal all evidence, in response to one interrogatory" is overbroad and "constitutes

4  an abuse of the discovery process").

5          MGA further objects to the extent that this interrogatory seeks

6  information that is outside MGA's knowledge and is not in MGA's possession,

7  custody, or control.  In particular, MGA objects to this interrogatory to the extent

8  that it requests that MGA "state *all* facts … and IDENTIFY *all* PERSONS…and *all*

9  DOCUMENTS" (emphasis added).  In responding to this interrogatory, MGA

10  undertakes only to make a good faith, reasonable effort to summarize facts currently

11  known to it, and reserves the right to supplement its response.

12          MGA further objects to this interrogatory because Mattel has

13  propounded more than 50 interrogatories.  Under Judge Larson's order of February

14  22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-

15  04049-SGL and CV 05-02727]."

16          Subject to and without waiving the foregoing objections, MGA

17  responds as follows:  MGA is willing to meet and confer with Mattel regarding this

18  interrogatory and the obligation of Mattel to supplement its responses to MGA's First

19  Set of Interrogatories.

20  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 37:**

21          MGA incorporates by reference its General Response and General

22  Objections above, as though fully set forth herein and specifically incorporates

23  General Objection No. 7 (regarding Definitions), including but not limited to its

24  objections to the definitions of the terms INVENTIONS AGREEMENT, BRATZ

25  and REFER OR RELATE TO, and further objects on the ground that the

26  interrogatory is overbroad, unduly burdensome, vague and ambiguous both generally

27  and specifically with respect to the terms YOUR, YOU, BRYANT, MGA and

28  TRANSFER.  MGA also objects to this interrogatory to the extent it seeks

EXHIBIT    23

PAGE    501

1  information that is not subject to disclosure under any applicable privilege, doctrine

2  or immunity, including without limitation the attorney-client privilege, the work

3  product doctrine, the right of privacy, and all other privileges recognized under the

4  constitutional, statutory or decisional law of the United States of America, the State

5  of California or any other applicable jurisdiction.  MGA further objects to the

6  interrogatory to the extent it calls for a legal conclusion.  MGA further objects to the

7  interrogatory on the ground that Mattel – not MGA – bears the burden of proof to

8  show that Bryant breached the INVENTIONS AGREEMENT.

9          MGA further objects on the ground that this interrogatory is an

10  overbroad and unduly burdensome contention interrogatory to the extent it asks for

11  "all facts" which supports the denial of a statement or allegation.  *See e.g., Safeco of*

12  *Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery

13  requests seeking "all facts, documents, and witnesses that support the denial of a

14  statement or allegation of fact" because the "universe of potentially responsive

15  information is almost endless").  MGA further objects on the ground that it is an

16  abuse of the discovery process to effectively ask a Party to prove his, her or its entire

17  case in response to a single interrogatory.  *See, e.g., Lawrence v. First Kansas Bank*

18  *& Trust, Co.*, 169 F.R.D. 657, 663-64 (D. Kan. 1996); *Grynberg v. Total S.A.*, No.

19  03-cv-01280-WYD-BNB, 2006 WL 1186836, at *6 (D. Colo. May 3, 2006) (ruling

20  that interrogatory that asks defendant to "plead and prove its entire case, and to

21  marshal all evidence, in response to one interrogatory" is overbroad and "constitutes

22  an abuse of the discovery process").

23          MGA further objects to the extent that this interrogatory seeks

24  information that is outside MGA's knowledge and is not in MGA's possession,

25  custody, or control.  In particular, MGA objects to this interrogatory to the extent

26  that it requests that MGA "state *all* facts … and IDENTIFY *all* PERSONS…and *all*

27  DOCUMENTS" (emphasis added).  In responding to this interrogatory, MGA

28

1  undertakes only to make a good faith, reasonable effort to summarize facts currently

2  known to it, and reserves the right to supplement its response.

3         Subject to and without waiving the foregoing objections, MGA

4  responds as follows:

5         In August or September of 1998, Carter Bryant, inspired by images he

6  was exposed to, including in the August 1998 issue of *Seventeen Magazine*, the

7  appearance of teenagers as well as other images in the public domain, had an idea for

8  a line of fashion dolls that he named Bratz. At the same time, Bryant sketched a

9  series of drawings to illustrate his conception. To the extent that some aspect of

10  Bryant's idea would have been protectible under patent law, there was neither a

11  conception nor reduction to practice during the period of Bryant's unemployment

12  with Mattel. In addition, Bryant's idea for a unique approach to fashion dolls was

13  not covered by the "INVENTIONS AGREEMENT."

14  **INTERROGATORY NO. 38:**

15         State all facts that support YOUR contention, if YOU so contend, that

16  BRYANT did not breach BRYANT's duty of loyalty or fiduciary duties to MATTEL

17  when BRYANT performed work or services with or for MGA while BRYANT was

18  employed by MATTEL, and IDENTIFY all PERSONS with knowledge of such facts

19  and all DOCUMENTS that REFER OR RELATE TO such facts.

20  **RESPONSE TO INTERROGATORY NO. 38:**

21         MGA incorporates by reference its General Response and General

22  Objections above, as though fully set forth herein and specifically incorporates

23  General Objection No. 7 (regarding Definitions), including but not limited to its

24  objections to the definitions of the terms IDENTIFY and REFER OR RELATE TO,

25  and further objects on the ground that the interrogatory is overbroad, unduly

26  burdensome, vague and ambiguous both generally and specifically with respect to

27  the terms YOUR, YOU, BRYANT, MATTEL, MGA and BRATZ. MGA also

28  objects to this interrogatory to the extent it seeks information that is not subject to

EXHIBIT __23.

PAGE __504

1  disclosure under any applicable privilege, doctrine or immunity, including without
2  limitation the attorney-client privilege, the work product doctrine, the right of
3  privacy, and all other privileges recognized under the constitutional, statutory or
4  decisional law of the United States of America, the State of California or any other
5  applicable jurisdiction. MGA further objects to the interrogatory to the extent it calls
6  for a legal conclusion. MGA further objects to the interrogatory on the ground that
7  Mattel – not MGA – bears the burden of proof to show that Bryant breached any
8  duties, fiduciary or otherwise, to Mattel.

9          MGA further objects on the ground that this interrogatory is an
10 overbroad and unduly burdensome contention interrogatory to the extent it asks for
11 "all facts" which supports the denial of a statement or allegation. *See e.g., Safeco of*
12 *Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery
13 requests seeking "all facts, documents, and witnesses that support the denial of a
14 statement or allegation of fact" because the "universe of potentially responsive
15 information is almost endless"). MGA further objects on the ground that it is an
16 abuse of the discovery process to effectively ask a Party to prove his, her or its entire
17 case in response to a single interrogatory. *See, e.g., Lawrence v. First Kansas Bank*
18 *& Trust, Co.*, 169 F.R.D. 657, 663-64 (D. Kan. 1996); *Grynberg v. Total S.A.*, No.
19 03-cv-01280-WYD-BNB, 2006 WL 1186836, at *6 (D. Colo. May 3, 2006) (ruling
20 that interrogatory that asks defendant to "plead and prove its entire case, and to
21 marshal all evidence, in response to one interrogatory" is overbroad and "constitutes
22 an abuse of the discovery process").

23         MGA further objects to the extent that this interrogatory seeks
24 information that is outside MGA's knowledge and is not in MGA's possession,
25 custody, or control. In particular, MGA objects to this interrogatory to the extent
26 that it requests that MGA "state all facts ... and IDENTIFY all PERSONS...and all
27 DOCUMENTS" (emphasis added). In responding to this interrogatory, MGA
28 undertakes only to make a good faith, reasonable effort to summarize facts currently

EXHIBIT ____23____

PAGE ____505____

1    known to it, and reserves the right to supplement its response.

2            MGA further objects to this interrogatory because Mattel has

3    propounded more than 50 interrogatories.  Under Judge Larson's order of February

4    22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-

5    04049-SGL and CV 05-02727]."

6            Subject to and without waiving the foregoing objections, MGA

7    responds as follows:  MGA is willing to meet and confer with Mattel regarding this

8    interrogatory and the obligation of Mattel to supplement its responses to MGA's First

9    Set of Interrogatories.

10   **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 38:**

11           MGA incorporates by reference its General Response and General

12   Objections above, as though fully set forth herein and specifically incorporates

13   General Objection No. 7 (regarding Definitions), including but not limited to its

14   objections to the definitions of the terms IDENTIFY and REFER OR RELATE TO,

15   and further objects on the ground that the interrogatory is overbroad, unduly

16   burdensome, vague and ambiguous both generally and specifically with respect to

17   the terms YOUR, YOU, BRYANT, MATTEL, MGA and BRATZ.  MGA also

18   objects to this interrogatory to the extent it seeks information that is not subject to

19   disclosure under any applicable privilege, doctrine or immunity, including without

20   limitation the attorney-client privilege, the work product doctrine, the right of

21   privacy, and all other privileges recognized under the constitutional, statutory or

22   decisional law of the United States of America, the State of California or any other

23   applicable jurisdiction.  MGA further objects to the interrogatory to the extent it calls

24   for a legal conclusion.  MGA further objects to the interrogatory on the ground that

25   Mattel – not MGA – bears the burden of proof to show that Bryant breached any

26   duties, fiduciary or otherwise, to Mattel.

27           MGA further objects on the ground that this interrogatory is an

28   overbroad and unduly burdensome contention interrogatory to the extent it asks for

EXHIBIT   23

PAGE   506

1   "all facts" which supports the denial of a statement or allegation. *See e.g., Safeco of*

2   *Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery

3   requests seeking "all facts, documents, and witnesses that support the denial of a

4   statement or allegation of fact" because the "universe of potentially responsive

5   information is almost endless"). MGA further objects on the ground that it is an

6   abuse of the discovery process to effectively ask a Party to prove his, her or its entire

7   case in response to a single interrogatory. *See, e.g., Lawrence v. First Kansas Bank*

8   *& Trust, Co.*, 169 F.R.D. 657, 663-64 (D. Kan. 1996); *Grynberg v. Total S.A.*, No.

9   03-cv-01280-WYD-BNB, 2006 WL 1186836, at *6 (D. Colo. May 3, 2006) (ruling

10  that interrogatory that asks defendant to "plead and prove its entire case, and to

11  marshal all evidence, in response to one interrogatory" is overbroad and "constitutes

12  an abuse of the discovery process").

13          MGA further objects to the extent that this interrogatory seeks

14  information that is outside MGA's knowledge and is not in MGA's possession,

15  custody, or control. In particular, MGA objects to this interrogatory to the extent

16  that it requests that MGA "state all facts ... and IDENTIFY all PERSONS...and all

17  DOCUMENTS" (emphasis added). In responding to this interrogatory, MGA

18  undertakes only to make a good faith, reasonable effort to summarize facts currently

19  known to it, and reserves the right to supplement its response.

20          Subject to and without waiving the foregoing objections, MGA

21  responds as follows:

22          Bryant was not a fiduciary of Mattel. Bryant was not an officer or

23  director of Mattel. Mattel has not proven any facts that would support its claim that

24  Bryant was a fiduciary of Mattel. MGA responds further that Bryant did not perform

25  any services for MGA prior to signing his agreement with MGA on October 4, 2000.

26  Bryant's activities with respect to the Bratz concept prior to October 4, 2000, were

27  directed to securing a commercially beneficial relationship with MGA, i.e., Bryant

28  "pitched" the concept of Bratz to MGA. In addition, Bryant's employment with

MGA'S SUPPL. RESPONSES TO MATTEL'S REVISED THIRD SET OF INTERROGATORIES  NO. CV 04-9049 SGL (RNBx)

EXHIBIT ___ 23

PAGE ___ 507

1   Mattel was at will, and Bryant had the right to leave Mattel to join a competitor, or to
2   work for a competitor, at any time. Any work that Bryant performed relating to his
3   Bratz ideas during the time period that he was still employed by Mattel constituted
4   lawful steps by Bryant to prepare to embark upon a new career. Isaac Larian
5   instructed Bryant to leave Mattel immediately upon executing his contract with
6   MGA. During the period from October 4, 2000, through October 20, 2000, Bryant
7   contributed very little to the development of what later became the first generation of
8   Bratz dolls.

9        The following persons have knowledge of the facts and circumstances
10  supporting this contention: Isaac Larian, Carter Bryant, Victoria O'Connor, Margaret
11  Leahy, Aileen Storer, Veronica Marlow, Paula Garcia, and Anne Wang.

12  **INTERROGATORY NO. 39:**

13       IDENTIFY each and every bank or financial institution account that
14  REFERS OR RELATES TO YOU, including accounts in YOUR name or for YOUR
15  benefit, since January 1, 1999.

16  **RESPONSE TO INTERROGATORY NO. 39:**

17       MGA incorporates by reference its General Response and General
18  Objections above, as though fully set forth herein and specifically incorporates
19  General Objection No. 7 (regarding Definitions), including but not limited to its
20  objections to the definitions of the terms IDENTIFY and REFERS OR RELATES
21  TO, and further objects on the ground that the interrogatory is overbroad, unduly
22  burdensome, vague and ambiguous both generally and specifically with respect to
23  the terms YOU and YOUR. MGA also objects to this interrogatory to the extent it
24  seeks information that is not subject to disclosure under any applicable privilege,
25  doctrine or immunity, including without limitation the attorney-client privilege, the
26  work product doctrine, the right of privacy, and all other privileges recognized under
27  the constitutional, statutory or decisional law of the United States of America, the
28  State of California or any other applicable jurisdiction. MGA further objects to this

58

EXHIBIT ___ 23

PAGE ___ 508

1  interrogatory as premature asset discovery under Federal Rule of Civil Procedure
2  69(a), as there is presently no judgment for the payment of money pending against
3  MGA.  MGA further objects on the grounds that it is overbroad, not relevant to the
4  claims or defenses of any party to the action and not reasonably calculated to lead to
5  the discovery of admissible evidence.

6  **INTERROGATORY NO. 40:**

7          IDENTIFY each and every STORAGE DEVICE that YOU have used
8  for any purpose which contains or contained DIGITAL INFORMATION that
9  REFERS OR RELATES TO BRATZ prior to January 1, 2002.

10 **RESPONSE TO INTERROGATORY NO. 40:**

11          MGA incorporates by reference its General Response and General
12 Objections above, as though fully set forth herein and specifically incorporates
13 General Objection No. 7 (regarding Definitions), including but not limited to its
14 objections to the definitions of the terms IDENTIFY, REFERS OR RELATES TO
15 and BRATZ, and further objects to this interrogatory on the grounds that it is
16 overbroad, unduly burdensome, vague and ambiguous both generally and
17 specifically with respect to the terms YOU, STORAGE DEVICE and DIGITAL
18 INFORMATION.  MGA further objects to this interrogatory as compound because
19 it contains discrete subparts that require separate, distinct and multiple responses.
20 Specifically, MGA objects to the terms IDENTIFY and STORAGE DEVICE as
21 overbroad and unduly burdensome, as Mattel's definition of this term calls for
22 responses to multiple discrete subparts.  For example, Mattel's definition of the term
23 IDENTIFY in the context of this interrogatory would require MGA to provide
24 numerous discrete facts for each STORAGE DEVICE, including:

25          (a)     the individual(s) that use or have used the STORAGE DEVICE;

26          (b)     the current location of the STORAGE DEVICE;

27          (c)     the IDENTITY of the PERSON who possesses the STORAGE

28 DEVICE or if it no longer exists, the date on which it was destroyed or disposed of;

EXHIBIT  23

PAGE  509

1        (d)    the type of STORAGE DEVICE;

2        (e)    whether the STORAGE DEVICE has ever been copied or imaged

3 (and if so, the current location of each copy or image and the IDENTITY of the

4 PERSONS who possess such copies or image);

5        (f)    the date(s) on which such copies or images were made;

6        (g)    the manufacturer name, brand, model name, model number, and

7 serial number of the STORAGE DEVICE;

8        (h)    the technical specifications and capacities of such STORAGE

9 DEVICE.

10        In addition, Mattel's definition of YOU could be read to require MGA to

11 provide the foregoing information about STORAGE DEVICES belonging to each of

12 the responding parties.

13        MGA also objects to this interrogatory to the extent it seeks information

14 that is not subject to disclosure under any applicable privilege, doctrine or immunity,

15 including without limitation the attorney-client privilege, the work product doctrine,

16 the right of privacy, and all other privileges recognized under the constitutional,

17 statutory or decisional law of the United States of America, the State of California or

18 any other applicable jurisdiction.  MGA further objects to the interrogatory on the

19 ground that it is premature because the invention, creation, conception, or reduction

20 to practice of Bratz (and related issues) will be the subject of expert testimony at

21 trial.  MGA objects to this interrogatory to the extent it seeks to limit the expert

22 testimony that MGA may seek to introduce at trial.  MGA will identify its experts

23 and make related disclosures in accordance with the Court's orders and applicable

24 rules.  MGA further objects to the extent that this interrogatory seeks information

25 that is outside of MGA's knowledge and is not in MGA's possession, custody or

26 control.

27        MGA further objects to this interrogatory because Mattel has

28 propounded more than 50 interrogatories.  Under Judge Larson's order of February

MGA'S SUPPL. RESPONSES TO MATTEL'S REVISED THIRD SET OF INTERROGATORIES  NO. CV 04-9049 SGL (RNBx)

EXHIBIT ___ 23

PAGE ___ 510

1  22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-

2  04049-SGL and CV 05-02727]."

3              Subject to and without waiving the foregoing objections, MGA

4  responds as follows: MGA is willing to meet and confer with Mattel regarding this

5  interrogatory and the obligation of Mattel to supplement its responses to MGA's First

6  Set of Interrogatories.

7  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 40:**

8              MGA incorporates by reference its General Response and General

9  Objections above, as though fully set forth herein and specifically incorporates

10  General Objection No. 7 (regarding Definitions), including but not limited to its

11  objections to the definitions of the terms IDENTIFY, REFERS OR RELATES TO

12  and BRATZ, and further objects to this interrogatory on the grounds that it is

13  overbroad, unduly burdensome, vague and ambiguous both generally and

14  specifically with respect to the terms YOU, STORAGE DEVICE and DIGITAL

15  INFORMATION.  MGA further objects to this interrogatory as compound because

16  it contains discrete subparts that require separate, distinct and multiple responses.

17  Specifically, MGA objects to the terms IDENTIFY and STORAGE DEVICE as

18  overbroad and unduly burdensome, as Mattel's definition of this term calls for

19  responses to multiple discrete subparts.  For example, Mattel's definition of the term

20  IDENTIFY in the context of this interrogatory would require MGA to provide

21  numerous discrete facts for each STORAGE DEVICE, including:

22              (a)    the individual(s) that use or have used the STORAGE DEVICE;

23              (b)    the current location of the STORAGE DEVICE;

24              (c)    the IDENTITY of the PERSON who possesses the STORAGE

25  DEVICE or if it no longer exists, the date on which it was destroyed or disposed of;

26              (d)    the type of STORAGE DEVICE;

27              (e)    whether the STORAGE DEVICE has ever been copied or imaged

28  (and if so, the current location of each copy or image and the IDENTITY of the

EXHIBIT ____23____

PAGE ____5/1____

1   PERSONS who possess such copies or image);

2          (f)    the date(s) on which such copies or images were made;

3          (g)    the manufacturer name, brand, model name, model number, and

4   serial number of the STORAGE DEVICE;

5          (h)    the technical specifications and capacities of such STORAGE

6   DEVICE.

7       In addition, Mattel's definition of YOU could be read to require MGA to

8   provide the foregoing information about STORAGE DEVICES belonging to each of

9   the responding parties.

10      MGA also objects to this interrogatory to the extent it seeks information

11  that is not subject to disclosure under any applicable privilege, doctrine or immunity,

12  including without limitation the attorney-client privilege, the work product doctrine,

13  the right of privacy, and all other privileges recognized under the constitutional,

14  statutory or decisional law of the United States of America, the State of California or

15  any other applicable jurisdiction.  MGA further objects to the interrogatory on the

16  ground that it is premature because the invention, creation, conception, or reduction

17  to practice of Bratz (and related issues) will be the subject of expert testimony at

18  trial.  MGA objects to this interrogatory to the extent it seeks to limit the expert

19  testimony that MGA may seek to introduce at trial.  MGA will identify its experts

20  and make related disclosures in accordance with the Court's orders and applicable

21  rules.  MGA further objects to the extent that this interrogatory seeks information

22  that is outside of MGA's knowledge and is not in MGA's possession, custody or

23  control.

24      Subject to and without waiving the foregoing objections, MGA

25  responds as follows:

26      With respect to North America prior to January 1, 2002, MGA

27  maintained several Snap servers in Los Angeles containing mostly graphic art files.

28  The servers are no longer in service but are currently archived at MGA's Southern

1  California facility.  MGA Art Department personnel also used Macintosh desktops

2  and laptops that linked to the snap servers which may have contained files referring

3  to Bratz.  Files created with accounting and other back office software applications

4  were saved on sequel servers located in Los Angeles via an application called "Great

5  Plains."  MGA personnel's emails were located on an exchange server, also housed

6  in Los Angeles.  MGA employees save all company related work files on a file

7  server called the "U Drive," which is also used by MGA Entertainment (HK) Ltd.

8  ("MGA Hong Kong") employees.  This Drive is still in production and has been

9  upgraded to a Netapp Storage System.

10       With respect to MGA's offices in Hong Kong prior to January 1, 2002,

11  MGA Hong Kong Art Department personnel utilized Macintosh desktops that linked

12  to a few file servers housed in Hong Kong to store graphic files.  MGA Hong Kong

13  personnel connected to the "Great Plains" sequel server located in Southern

14  California.  MGA Hong Kong maintained its own exchange server in Hong Kong for

15  emails to and from MGA Hong Kong employees.

16  **INTERROGATORY NO. 41:**

17       IDENTIFY all PERSONS who at any time have been employed by or

18  under contract with MATTEL who are now or have been employed by or under

19  contract with YOU since January 1, 1999, and, for each such PERSON, state his or

20  her name, date of hire or effective date of contract, the date on which YOU first had

21  contact with such PERSON regarding potential employment or contracting, the

22  date(s) on which such PERSON was interviewed for possible employment or

23  contracting, each title (if any) such PERSON has held while employed by or under

24  contract with YOU, and the date of termination (if applicable).

25  **RESPONSE TO INTERROGATORY NO. 41:**

26       MGA incorporates by reference its General Response and General

27  Objections above, as though fully set forth herein and specifically incorporates

28  General Objection No. 7 (regarding Definitions), including but not limited to its

EXHIBIT      23

PAGE        513

1  objections to the definitions of the term IDENTIFY and further objects to this

2  interrogatory on the grounds that it is overbroad, unduly burdensome, vague and

3  ambiguous both generally and specifically with respect to the terms YOU. MGA

4  also objects to this interrogatory to the extent it seeks information that is not subject

5  to disclosure under any applicable privilege, doctrine or immunity, including without

6  limitation the attorney-client privilege, the work product doctrine, the right of

7  privacy, and all other privileges recognized under the constitutional, statutory or

8  decisional law of the United States of America, the State of California or any other

9  applicable jurisdiction.

10  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 41:**

11  MGA incorporates by reference its General Response and General

12  Objections above, as though fully set forth herein and specifically incorporates

13  General Objection No. 7 (regarding Definitions), including but not limited to its

14  objections to the definitions of the term IDENTIFY and further objects to this

15  interrogatory on the grounds that it is overbroad, unduly burdensome, vague and

16  ambiguous both generally and specifically with respect to the terms YOU. MGA

17  also objects to this interrogatory to the extent it seeks information that is not subject

18  to disclosure under any applicable privilege, doctrine or immunity, including without

19  limitation the attorney-client privilege, the work product doctrine, the right of

20  privacy, and all other privileges recognized under the constitutional, statutory or

21  decisional law of the United States of America, the State of California or any other

22  applicable jurisdiction.

23  Subject to and without waiving the foregoing objections, MGA

24  responds as follows:  the following is a list of all former Mattel employees who have

25  been employed by MGA, MGA Hong Kong or MGAE de MEXICO S.R.L. de C.V.

26  since January 1, 1999:

27

28

EXHIBIT    23

PAGE     514

| ACTIVE EMPLOYEES | MGA POSITION | DATES |
|---|---|---|
| Abundis, Ricardo | Dir. of Inventory/Customer Finance | 12/01/04-Present |
| Bate, Ian | Quality Assurance Mgr. | 7/31/06-Present |
| Black, Nanette | SVP, HR | 2/12/07-Present |
| Bloodworth III, John E. | Prod. Mgr., Games | 08/21/06-Present |
| Bloomfield, Kevin | Sr. Designer | 11/25/02-Present |
| Brawer, Ron | President, Sales, Marketing & Strategic Planning | 10/05/04-Present |
| Brisbois, Janine (CANADA) | VP Nat'l Accts. | 10/04/05-Present |
| Castilla, Jorge | Mgr. Sales Planning | 04/03/06-Present |
| Chang, Suzy | Sr. Development Designer | 08/28/06-Present |
| Cheng, Steve | Sr. Designer | 04/08/02-Present |
| Cody Jr, Gerry | Sr. Designer - Boys Toys | 11/20/06-Present |
| Contreras, Nick | VP Customer Marketing | 11/29/04-Present |
| Cooney Jr., Daniel | VP National Account Mgr. | 05/15/06-Present |
| De La Cruz, Maria | Fashion Design Mgr., Style Guides | 2/12/07-Present |
| Dixon, Karen | Sr. Producer | 2/19/07 -Present |
| Domingo, Luisito H | Sr. Prelim Dolls Designer | 07/07/03-Present |
| Dominguez, Greg Paul | Prod. Designer | 04/01/02-Present |
| Feldman, Joe | Design Engineer | 12/08/04-Present |
| Forrest, Craig | Prod. Mgr., Games | 5/15/06-Present |
| Garcia, Mia | Dev. Designer | 2/23/05-Present |
| Garcia, Paula | VP Girls Toy Prod. Dev. | 04/17/00-Present |

65

EXHIBIT   23

515

| ACTIVE EMPLOYEES | MGA POSITION | DATES |
|---|---|---|
| Gonzalez, Eduardo | Sr. Dir. of Quality Assurance; | 10/16/06-Present; |
| | Quality Assurance Mgr. | 1/3/05-8/18/05 |
| Hall, Tracy | Sr. Dir. of Prod. Dev., CE/YE | 08/07/06 -Present |
| Hansen, Melody | Face Painter | 03/13/06-Present |
| Hansen, Todd | Packaging Engineer | 5/2/05-Present |
| Hatch, Jill | Sr. Dir., National Sales | 09/18/06 -Present |
| Hinh, Michael | Mgr. Category Adv. | 6/28/05-Present |
| Hsu, Janet | SVP Non Toys Prod. Dev. & Licensing | 3/9/05-Present |
| Kao, Alice | Cust. Marketing Mgr. -Hong Kong Office | 2/21/05-Present |
| Kaufman, Ken | Advertising Exec. | 01/03/05-Present |
| Keller, Pamela E | VP Supply Chain & Operations | 09/25/06 -Present |
| Keossian, Alejandro Gabriel | Gr. Designer | 08/11/03-Present |
| Kim (Lee), Joyce | Sr. Playset Designer | 2/23/05-Present |
| Kim, Young Ran | Sample Maker Specialist | 01/15/04-Present |
| Kirst, Kristen | Hair Designer | 03/31/03-Present |
| Komatsu, Ellen | Sr. Prelim Dolls Designer | 08/25/03-Present |
| Larson, Jill | Sales Associate | 12/20/06-Present |
| Law, Adrian (Chi Shing) | Dev. Design Mgr. | 05/01/06-Present |
| Lumabao, Bo | Prod. Mgr. | 2/14/05-Present |
| Marks, Dorothy | Sample Maker Specialist | 07/26/05-Present |
| Martin, Raymond John | Prod. Mgr. of Consumer Electronics | 02/23/04-Present |
| Min, Aye Aye | Hair Designer | 04/17/06-Present |

MGA'S SUPPL. RESPONSES TO MATTEL'S REVISED THIRD SET OF INTERROGATORIES  NO. CV 04-9049 SGL (RNBx)

23

5/6

| ACTIVE EMPLOYEES | MGA POSITION | DATES |
|---|---|---|
| Nakamura, Yumi | Mgr. of Style Guides | 1/22/07-Present |
| Natareno, Marvin | Jr. Project Analyst | 01/03/07-Present |
| Nigoghossian, Christine | Sr. Doll Designer | 04/25/05-Present |
| Ochoa, Laura | Trade Marketing Mgr. | 09/01/04-Present |
| Palijo, Amelia Ivy Arafiles | Sr. Sculptress | 02/23/04-Present |
| Pestonji, Danny | Dir. Prod. Dev. Preschool | 06/01/04-Present |
| Phelan, Denise | Sample Maker Specialist | 01/18/05-Present |
| Phoosopha, Poottipong | Face Painter | 12/08/03-Present |
| Pickard, Michael | Sr. Project Packaging Engineer | 03/22/04-Present |
| Rae, Ronald | SVP, National Account Sales | 03/12/07-Present |
| Ratleff, Leland | Sr. HR Dir. | 12/04/06-Present |
| Ronquillo, Desiree Elisabeth | Sr. Dev. Designer | 05/03/04-Present |
| Ruiz, Micaela | Sample Maker Specialist | 2/13/06-Present |
| Sasic-Koetsier, Natasha | Illustrator | 06/01/04-Present |
| Salazar, Maria Elena | Sample Maker Supervisor | 03/31/03-Present |
| Salemnia, Shirin | Research Mgr. | 02/17/03-Present |
| Scott, Harvey | Sample Maker Specialist | 08/01/05-Present |
| Smith, Steffen J. | Dir. of Package Dev. | 10/13/03-Present |
| Su, Jier | Dir. of Prod. Planning | 8/16/05-Present |
| Soai, Dennis | Dolls Dev. Design Mgr. | 03/04/02-Present |
| Thompson, Marla | Sample Sourcing & Procurement Mgr. | 04/04/05-Present |
| Tran, Chau Ngoc | Sample Maker Specialist | 05/10/04-Present |
| Trueba, Mariana | Marketing Mgr. | 04/26/04-Present |

MGA'S SUPPL. RESPONSES TO MATTEL'S REVISED THIRD SET OF INTERROGATORIES  NO. CV 04-9049 SGL (RNBx)

EXHIBIT   23

PAGE   517

| ACTIVE EMPLOYEES | MGA POSITION | DATES |
|---|---|---|
| Umana, Esteban | Quality Engineer | 03/19/07-Present |
| Upshaw, Gail | Sample Maker Specialist | 5/23/05-Present |
| Vargas, Pablo | Dir. Sales | 04/26/04-Present |
| Wang, Chang-Chin | Assoc. Face Designer | 05/03/04-Present |
| Ward, Lance | Structural Engineer | 08/02/04-Present |
| Whittaker, Dawn | Sr. Prod. Designer | 12/06/04-Present |
| Wong, Jenny | Sr. Gr. Designer | 09/09/02-Present |

| CURRENT MGA INDEPENDENT CONTRACTORS/FREELANCERS/TEMPS | MGA POSITION | DATES |
|---|---|---|
| Augborne, Troy | Structural Engineer (Temp) | 2/26/07 – 3/2/07, 4/16/07 – Present |
| Bryant, Carter | Prod. Designer/Independent Contractor | |
| Zetino, Reyna | Samplemaker, Temp Assignment | 04/13/07 – Present |

| FORMER EMPLOYEES/FREELANCERS | MGA POSITION | DATES |
|---|---|---|
| Aryapour, Daryoush | Creative Ser. Dir. | 10/25/99-04/14/00 |
| Aguilar, Lourdes | Brand Mgr. | 9/01/04-6/11/06 |
| Blaser, Janet | Dev. Designer | 06/14/04-09/10/04 |
| Bower Violette, Mari Joanne | Prod. Mgr. | 10/13/03-03/10/06 |
| Brown, Lilia | Gr. Designer | 03/31/03-05/05/05 |
| Burlando, Gabriella | Prod. Mgr. | 03/5/02-06/27/06 |
| Chonavel, Fabienne | Marketing Mgr. | 04/10/02-08/23/02 |
| Dailey, Christine | VP Prod. Dev. | 05/07/01-11/22/02 |
| Feicht, Steve | Artist/Jr. Designer Freelancer | 07/18/02-Unknown |

68

| FORMER EMPLOYEES/FREELANCERS | MGA POSITION | DATES |
|---|---|---|
| Gillmour, Kami | VP Marketing | 05/24/99-07/14/00 |
| Hardouin, Christopher | Project Mgr. | 06/04/01-07/23/04 |
| Hitch, Martin | VP Int'l Sales | 01/04/01-06/04/02 |
| Ho, Jeff | Sr. Prod. Artist Freelancer | Unknown-10/04 |
| Huntley, James | Independent Contractor – Miuchiz;<br><br>VP Marketing | 08/17/06 – Unknown;<br><br>5/23/05-08/16/06 |
| Kagan, Randi | Marketing Dir. | 09/23/02-07/22/03 |
| Koch, Andreas | Prod. Mgr. | 10/18/99-01/11/01 |
| Leahy, Margaret | Sr. Sculptor | Temp To Perm. Eff. 4/4/05 - 03/06/07 |
| Mayer, Lyn Carol | Fabric Artist | 07/21/03-05/05/05 |
| McBride, Susan | Prod. Dir., Games | 06/03/02-01/25/07 |
| Mils, Frank | Mgr. of Quality Assurance | 03/20/06-07/07/06 |
| Nguyen, Xuanlan T | Pattern Maker | 05/19/03-01/03/05 |
| O'Brien, Gary Thomas | Field Sales Dir. | 05/10/04-07/22/04 |
| Otero, Jose | Web Designer | 08/11/03-2/1/06 |
| Owen, Dan | Sr. Playset Mgr. | 08/23/04-12/13/05 |
| Parasole, Nicolletta | Gr. Designer | 01/05/04-6/27/05 |
| Parkinson, Ana Mancia | Dev. Designer | 05/10/04-01/03/07 |
| Rambeau, Roger | VP Operations | 05/13/96-04/03/98 |
| Ramirez, Andrea | Key Account Mgr. | 04/05/05-12/12/06 |
| Reed, Wendy | Soft Goods Spec. | 11/06/00-01/12/01 |

MGA'S SUPPL. RESPONSES TO MATTEL'S REVISED THIRD SET OF INTERROGATORIES  NO. CV 04-9049 SGL (RNBx)

EXHIBIT __23__

PAGE __519__

| FORMER EMPLOYEES/FREELANCERS | MGA POSITION | DATES |
|---|---|---|
| Reyes, Scot Anthony | Sm. Doll Designer | 05/23/04-3/11/05 |
| Rhee, Anna | Doll Face Design Freelancer | 1/4/07 - 2/13/07 |
| Ross, Lon | Marketing Dir. | 11/13/00-08/03/01 |
| Schwartz, Dena | Sr. Prod. Mgr. | 05/21/01-04/08/02 |
| Shaver, Brandi | Gr. Designer | 05/03/04-06/30/06 |
| Stinnett, Holly | Sr. Brand Mgr. | 07/21/03-1/12/05 |
| Tawil, Lisa | Licensing Coord. | 04/08/02-07/18/03 |
| Terry, Gord | Dir. of Sales | 10/01/01-06/06/02 |
| Ward, Mercedeh | Sr. Prod. Designer | 10/00-1/01; 3/7/05-8/5/05 |
| Whitaker, Joseph | Consultant | 11/05/96-03/97 |
| Williams, Patrick | SVP Sales | 01/07/01-05/29/01 |
| Wong, Tong | Dev. Designer | 03/10/03-05/16/03 |
| Wright, Cherrise | Soft Goods Mgr. | 05/03/04-8/24/05 |
| Zbojniewicz, Dave | Dir. Bus. Planning/Independent Contractor | 04/04-09/04 |

DATED:  November 30, 2007

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

By: _____
        Thomas J. Nolan
Attorneys for Counter-Defendants, MGA
ENTERTAINMENT, INC., ISAAC LARIAN,
MGA ENTERTAINMENT (HK) LIMITED,
AND MGAE de MEXICO S.R.L. de C.V.

MGA'S SUPPL. RESPONSES TO MATTEL'S REVISED THIRD SET OF INTERROGATORIES  NO. CV 04-9049 SGL (RNBx)

EXHIBIT  23

520