entitled to equitable relief in the nature of injunction and to all other available relief, at law and/or in equity.

8.   **Notices:** All notices, statements and/or payments to be given to the parties hereunder shall be addressed to the parties at the addresses set forth on the first page hereof or at such other address as the parties shall designate in writing from time to time. All notices shall be in writing and shall either be served by personal delivery, mail, or facsimile (if confirmed by mail or personal delivery of the hard copy), all charges prepaid. Except as otherwise provided herein, such notices shall be deemed given when personally delivered, all charges prepaid, or on the date five (5) days following the date of mailing, except that notices of change of address shall be effective only after the actual receipt thereof. Copies of all notices to MGA shall be sent to Fischbach, Perlstein & Lieberman LLP, 1875 Century Park East, Suite 850, Los Angeles, California 90067, Attention: David S. Rosenbaum, Esq. Copies of all notices to Bryant shall be sent to Carter Bryant 1319 West 160th Street, Gardena, California 90247.

9.   **Independent Contractor/No Partnership/Third Party Beneficiary:** Bryant's relationship with MGA is that of an independent contractor. Bryant does not have, and will not represent that he has, any power, right or authority to bind MGA, or to assume or create any obligation or responsibility, express or implied, on behalf of MGA in MGA's name. Nothing stated in the Agreement shall be construed as constituting a partnership or as creating the relationships of employer/employee or principal/agent between the parties. In all matters relating to the Agreement, Bryant shall not act as MGA's employee within the meaning or application of any federal or state unemployment insurance laws, or any other laws or regulations which may impute any obligations or liabilities to MGA by reason of an employment relationship. Bryant will be solely responsible for all taxes, including without limitation, employee and employer, and that he carries all of his own insurance. Neither of the parties hereto shall hold itself out contrary to the terms of this provision by advertising or otherwise. This Agreement shall not be construed to be for the benefit of any third party.

10.   **Services Rendered Deemed Special, etc.:**   Bryant acknowledges that the services to be rendered by him hereunder are of a special, unique, extraordinary and intellectual character which gives them peculiar value, the loss of which cannot be adequately compensated for in an action at law and that a breach of any term, condition or covenant hereof will cause irreparable harm and injury to MGA and in addition to any other available relief MGA will be entitled to seek injunctive relief.

11.   **General Provisions:**



(a)   This Agreement may not be assigned by either Party hereto either voluntarily or by operation of law. Any such assignment shall not relieve such Party of its obligations hereunder.

(b)   The titles of the paragraphs of this Agreement are for convenience only and shall not in any way affect the interpretation of any paragraph of this Agreement or the Agreement itself.

(c)   A waiver by either Party of the terms or conditions of this Agreement in any instance shall not be deemed or construed to be a waiver of such terms or conditions for the future or of any subsequent breach thereof. All remedies, rights, undertakings, obligations and agreements contained herein shall be cumulative and none of them shall be in limitation of any other remedy, right, undertaking, obligation or agreement of either Party.

(d)   Neither Party hereto shall be liable to the other for any incidental, consequential, special or punitive damages of any nature or kind, arising out of in connection with a breach by such Party of this Agreement, whether such liability is asserted on the basis of contract, tort (including negligence or strict liability), or otherwise, even if such Party has been warned of the possibility of any such loss or damage.

{00006662.DOC/2 / 10/04/2000  03:05 PM}

5

EXHIBIT __12w__

PAGE __186.06__

Confidential - Attorney's Eyes Only

MGA 0885409

State of California, applicable to agreements made and to be performed entirely therein, and the parties hereto submit and consent to the jurisdiction of the courts of the State of California, including Federal Courts located therein, should Federal jurisdiction requirements exist, in any action brought to enforce (or otherwise relating to) this contract.

(f)      This Agreement constitutes the entire Agreement between the parties hereto and supersedes all prior agreements, whether written or oral, with respect to the subject matter herein contained.  No provision of this Agreement shall be deemed waived, amended or modified by either Party unless such waiver, amendment or modification shall be in writing and signed by a duly authorized officer of the Party against whom the waiver, amendment or modification is to be enforced.

(g)      Nothing contained in this Agreement shall be construed so as to require the commission of any act contrary to law, and wherever there is any conflict between any provision of this Agreement and any material statute, law, ordinance, order or regulation contrary to which the parties hereto have no legal right to contract, the latter shall prevail, but in such event any provision of this Agreement so affected shall be curtailed and limited only to the extent necessary to bring it within the legal requirements.

Kindly indicate your agreement with the foregoing by signing in the space provided below.

Very truly yours,

MGA ENTERTAINMENT

By: _____

Its: _____


AGREED TO AND ACCEPTED:

_____
CARTER BRYANT

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
Social Security Number

{00006862.DOC/2 / 10/04/2000  03:05 PM}

6

EXHIBIT ___120___

PAGE ___1861.057___

Confidential - Attorney's Eyes Only

MGA 0885410

# SCHEDULE 3

EXHIBIT __120__

PAGE __1861.058__

1111/M17447.49/LT:289394.1/lads

Confidential - Attorney's Eyes Only

MGA 0885411





EXHIBIT 120

PAGE 1861-0579

Confidential – Attorney's Eyes Only

MGA 0885412

# SCHEDULE 4

11 11/M17447.49/LT:289394.1/lads

EXHIBIT _____ 120

PAGE _____ 1861 060

Confidential - Attorney's Eyes Only

MGA 0885413



EXHIBIT 120

PAGE 1861 061

Confidential – Attorney's Eyes Only

MGA 0885414

# SCHEDULE 5

1111/M17447.49/LT:289394.1/lads

EXHIBIT __120__

PAGE __1861·062__

Confidential – Attorney's Eyes Only

MGA 0885415



KICKERHEADZ BOBBLE PENS

EXHIBIT 120

PAGE 1861.663

Confidential - Attorney's Eyes Only

MGA 0885416

# SCHEDULE 6

1111/M17447.49/LT:289394.1/&ds

EXHIBIT _120_

PAGE _1861.064_

Confidential – Attorney's Eyes Only

MGA 0885417



EXHIBIT  120

PAGE  1861.065

Confidential - Attorney's Eyes Only

# EXHIBIT 121

**From:**       Nana Ashong
**To:**         Victoria O'Connor; Paula Treantafelles; Martin Hitch
**CC:**         Jackie Bielke
**BCC:**
**Sent Date:**      2001-09-06 18:26:01:921
**Received Date:**  2001-09-06 18:26:02:015
**Subject:**        For Your Reference
**Attachments:**    Nana Ashong.vcf

Here are key legally relevant dates for Bratz (this is how they appear on our copyright applications):

Date Of Creation: 09/18/00
Shown To Public - 02/12/01
First In Commerce - 05/21/01

Nana

*Nana Ashong*
*Associate Product Manager*
MGA Entertainment
nashong@mgae.com
http://www.mgae.com
818.894.2525 ext. 171
800-222-4685 x119 (outside CA)
818.894.8094 FAX
<<...>>

EXHIBIT _____ 121

PAGE _____ 1862



Δ π EXHIBIT 551
Deponent ARMSTRONG
Date 5/1/07 Rptr. A C
WWW.DEPOBOOK.COM

Confidential - For Attorney's Eyes Only

MGA 0069426

# Nana Ashong
## Asso. Product Manager
Ext. 171       ( Work Voice )

Nashong@mgae.com       ( Preferred Internet )

<u>Version</u>
2.1

<u>Name</u>
Family:  Ashong
First:  Nana
Middle:
Prefix:
Suffix:

<u>Formatted Name</u>
Nana Ashong

<u>Title</u>   .
Asso. Product Manager

<u>Telephone Number</u>       ( Work Voice )
Ext. 171

<u>Electronic Mail Address</u>       ( Preferred Internet )
Nashong@mgae.com

<u>Last Revision</u>
20010525T222658Z

Confidential - For Attorney's Eyes Only

EXHIBIT ____/ᑯ/____

PAGE ____1863____

551- 2

MGA 0069427

# EXHIBIT 122

RECEIVED

DEC 10 2004

*SEND*

1    M. RANDALL OPPENHEIMER (S.B. #77649)
     DIANA M. TORRES (S.B. #162284)
2    O'MELVENY & MYERS LLP
     400 South Hope Street
3    Los Angeles, California 90071-2899
     Telephone:  (213) 430-6000
4    Facsimile:   (213) 430-6407

5

6    Attorneys for Applicant-Intervenor
     MGA ENTERTAINMENT, INC.

FILED
CLERK, U.S. DISTRICT COURT

DEC -7 2004

CENTRAL DISTRICT OF CALIFORNIA
BY                         DEPUTY

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11   MATTEL, INC., a Delaware          Case No. CV 04-9059 NM (RNBx)
     Corporation,
12                                     **STIPULATION PERMITTING MGA
                    Plaintiff,         TO INTERVENE AS A PARTY TO
13                                     THIS ACTION** ~ORDER~
              v.
14                                     Hon. Nora Manella
     CARTER BRYANT, an individual;
15   and DOES 1 through 10, inclusive,

16                  Defendant.

17

18

19

20

21                    DOCKETED ON CM

22                      DEC - 8 2004

23                              006

24   BY

25

26

27

28

                                     STIPULATION PERMITTING MGA TO
                                        INTERVENE AS A PARTY

EXHIBIT _____ 122

PAGE _____ 1864

1     WHEREAS, on April 27, 2004, Plaintiff Mattel, Inc. ("Mattel") filed suit

2  against Carter Bryant ("Bryant") and ten unnamed "Does" alleging breach of

3  contract, breach of the duty of loyalty, breach of fiduciary duty, conversion and

4  unjust enrichment.

5     WHEREAS, MGA, believes, at this time, that it has a significantly

6  protectable interest relating to the subject matter of the action, that the disposition

7  of the action may impair or impede MGA's ability to protect its interest absent

8  intervention, and that MGA's interest is not adequately represented by the existing

9  parties.

10    WHEREAS, Mattel is agreeable to the filing of the Answer in Intervention as

11  a procedural matter pursuant to this Stipulation, without waiver of, or prejudice to,

12  its rights, defenses or positions in this or any other action or to the Answer in

13  Intervention, including without limitation to Mattel's jurisdictional objections;

14    WHEREAS, Bryant is agreeable to the filing of the Answer in Intervention as

15  a procedural matter pursuant to this Stipulation, without waiver of, or prejudice to,

16  his rights, defenses or positions in this or any other action;

17    NOW THEREFORE, MGA, Mattel and Bryant hereby stipulate, subject to

18  this Court's approval, as follows:

19    1.    MGA may intervene as a party to this action; and

20  //

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28  //

- 1 -

EXHIBIT _12__

PAGE _1865_

2.   MGA shall be permitted to file its Answer in Intervention, lodged concurrently with this Stipulation.

Dated:      December 3, 2004      O'MELVENY & MYERS LLP

By: _____
      Diana M. Torres
      Attorneys for Applicant-Intervenor
      MGA ENTERTAINMENT, INC.

Dated:      December___, 2004      QUINN EMANUEL URQUHART OLIVER & HEDGES LLP

By: _____
      Michael T. Zeller
      Attorneys for Plaintiff
      MATTEL, INC.

Dated:      December___, 2004      LITTLER MENDELSON, P.C.

By: _____
      Keith A. Jacoby
      Attorneys for Defendant
      CARTER BRYANT

IT IS SO ORDERED.

Dated:      December___, 2004      _____
      Hon. Nora M. Manella
      United States District Judge

- 2 -

EXHIBIT   122

PAGE   186

1   2.   MGA shall be permitted to file its Answer in Intervention, lodged
2   concurrently with this Stipulation.

3
4   Dated:       December___, 2004      O'MELVENY & MYERS LLP

5
6   By:_____
7             Diana M. Torres
         Attorneys for Applicant-Intervenor
         MGA ENTERTAINMENT, INC.

8
9   Dated:       December___, 2004      QUINN EMANUEL URQUHART
10                                      OLIVER & HEDGES LLP

11
12   By: _____
13            Michael T. Zeller
         Attorneys for Plaintiff
         MATTEL, INC.

14
15   Dated:       December___, 2004      LITTLER MENDELSON, P.C.

16
17   By:_____
18            Keith A. Jacoby
         Attorneys for Defendant
         CARTER BRYANT

19   IT IS SO ORDERED.
20
21   Dated:       December___, 2004
22
23                                         Hon. Nora M. Manella
                                           United States District Judge
24
25
26
27
28

- 2 -

EXHIBIT ___122___

PAGE ___1867___

2.     MGA shall be permitted to file its Answer in Intervention, lodged concurrently with this Stipulation.

Dated:     December___, 2004     O'MELVENY & MYERS LLP

By:_____
      Diana M. Torres
Attorneys for Applicant-Intervenor
MGA ENTERTAINMENT, INC.

Dated:     December___, 2004     QUINN EMANUEL URQUHART
OLIVER & HEDGES LLP

By:_____
      Michael T. Zeller
Attorneys for Plaintiff
MATTEL, INC.

Dated:     December 3, 2004     LITTLER MENDELSON, P.C.

By:_____
      Keith A. Jacoby
Attorneys for Defendant
CARTER BRYANT

IT IS SO ORDERED.

Dated:     December 7th, 2004

_____
Hon. Nora M. Manella
United States District Judge

- 2 -

EXHIBIT ___120___

PAGE ___1868___

# EXHIBIT 123

1  M. RANDALL OPPENHEIMER (S.B. #77649)
   DIANA M. TORRES (S.B. #162284)
2  O'MELVENY & MYERS LLP
   400 South Hope Street
3  Los Angeles, California 90071-2899
   Telephone:  (213) 430-6000
4  Facsimile:   (213) 430-6407

5  Attorneys for Applicant-Intervenor
   MGA ENTERTAINMENT, INC.

6

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10

11 MATTEL, INC., a Delaware              Case No. CV 04-9059 NM (RNBx)
   Corporation,
12                                        MGA ENTERTAINMENT, INC.'S
                Plaintiff,                ANSWER IN INTERVENTION TO
13                                        PLAINTIFF'S UNVERIFIED
        v.                                COMPLAINT
14
   CARTER BRYANT, an individual;         Hon. Nora Manella
15 and DOES 1 through 10, inclusive,

16              Defendant.

17

18

19

20

21

22

23

24

25

26

27

28

LA2:730044                               ANSWER IN INTERVENTION TO
                                      PLAINTIFF'S UNVERIFIED COMPLAINT

EXHIBIT ___123___
PAGE __1869__ #247

1       As it has now become abundantly clear that its rights are directly at stake in

2    this action, MGA Entertainment, Inc. ("MGA") intervenes in this case as a

3    defendant.  Plaintiff Mattel, Inc. ("Mattel") filed suit against Carter Bryant

4    ("Bryant"), a design consultant for MGA, asserting, among other claims, that he

5    "wrongfully converted Mattel property" for his own benefit and "the benefit and

6    gain of others" and seeking both monetary and injunctive relief.  It is now evident

7    that Mattel's claims are based on Mattel's misguided theory that Bryant allegedly

8    converted intellectual property from Mattel and used it as the underlying work for

9    his own and MGA's benefit.  MGA reaches this conclusion in light of at least the

10   following:

11       (a)   Mattel's recent registration for an unreleased project created in

12              approximately 1999 that it now calls "Toon Teens," from which Mattel

13              has asserted in the press Bryant "borrowed liberally" for his work on

14              "Bratz," and which is also the subject of the declaratory relief action

15              that Bryant has filed;

16       (b)   the questioning of Bryant at his recent deposition focusing on the

17              creation and development of "Bratz;"

18       (c)   Mattel's recent efforts to subpoena third parties who worked on

19              MGA's "Bratz" products and have no information concerning Bryant's

20              employment relationship with Mattel; and

21       (d)   Mattel's recent attempts to assist those who have infringed MGA's

22              rights in other countries to prove (falsely) that MGA does not own the

23              copyrights to its "Bratz" products.

24   Indeed, Mattel's purported conversion claim is nothing more than a copyright claim

25   in disguise.  It is preempted by federal copyright law, accordingly, and must be

26   recast as a copyright claim under federal law.  This copyright action necessarily

27   implicates MGA's rights, as MGA owns all intellectual property rights in "Bratz."

28   While MGA denies that Mattel is entitled to rights in any of MGA's intellectual

    ANSWER IN INTERVENTION TO
PLAINTIFF'S UNVERIFIED COMPLAINT

EXHIBIT ____123____

PAGE ____1870____

1    property, including, without limitation, MGA's copyrights in the "Bratz" line of

2    products, MGA must now intervene in this action to defend its intellectual property

3    rights. Therefore Defendant in Intervention MGA, as answer to the Complaint

4    herein, admits, denies, and alleges as follows:

5         1.    Upon information and belief, MGA admits that Mattel is a corporation

6    organized and existing under the laws of the State of Delaware and has a place of

7    business in El Segundo, California. Except as so admitted, MGA is without

8    sufficient information to admit the allegations of ¶ 1, and on that basis denies the

9    same.

10        2.    MGA admits that defendant Bryant is an individual currently residing

11   in Springfield, Missouri.

12        3.    MGA is without sufficient information concerning either Mattel's

13   knowledge or the identities of the Doe Defendants, if any, to enable it to admit the

14   allegations of ¶ 3, and on that basis denies the same.

15        4.    MGA denies the allegations of ¶ 4.

16        5.    MGA denies the allegations of ¶ 5.

17        6.    MGA admits that Bryant does not currently reside in California and

18   that Los Angeles County is a proper venue for this action. Except as so admitted,

19   MGA denies the allegations of ¶ 6.

20        7.    MGA is without information to admit the specific allegations of ¶ 7

21   and on that basis denies the same, but admits that reports from Mattel and other

22   public sources make assertions similar to those alleged in ¶ 7.

23        8.    MGA is without information to admit the specific allegations of ¶ 8

24   pertaining to Mattel's operations, and on that basis denies the same, but admits that

25   Mattel has a large facility in El Segundo, California, in which Mattel employs a

26   number of people.

27        9.    MGA is without information to admit the specific allegations of ¶ 9

28   pertaining to Mattel's operations, and on that basis denies the same, but admits that

LA2.730044                        - 2 -          ANSWER IN INTERVENTION TO
                                                 PLAINTIFF'S UNVERIFIED COMPLAINT

EXHIBIT _____ 123

PAGE _____ 1871

1    Bryant was employed by Mattel during two time periods.

2        10.   MGA is informed and on that basis admits that Bryant signed

3    documents during his employment at Mattel. MGA alleges that Exhibit A speaks

4    for itself as to its contents. MGA lacks information sufficient to enable it to

5    identify or authenticate Exhibit A and on that basis denies each and every allegation

6    in ¶ 10 purporting to describe the content of Exhibit A. MGA further alleges that

7    the allegations in ¶ 10 purporting to describe the legal effect of Exhibit A consist of

8    legal argument and conclusions to which no response is required.

9        11.   MGA is informed and on that basis admits that Bryant signed

10   documents during his employment at Mattel. MGA alleges that Exhibit B speaks

11   for itself as to its contents. MGA lacks information sufficient to enable it to

12   identify or authenticate Exhibit B and on that basis denies each and every allegation

13   in ¶ 11 purporting to describe the content of Exhibit A. MGA further alleges that

14   the allegations in ¶ 11 purporting to describe the legal effect of Exhibit B consist of

15   legal argument and conclusions to which no response is required.

16       12.   MGA admits that Bryant signed a contract with MGA on or about

17   October 4, 2000 that provided that Bryant would receive royalties in connection

18   with certain work to be performed by him thereafter under that agreement, and that

19   MGA would own all intellectual property rights in property for which Bryant

20   provided services, as well as in the work assigned thereunder by Bryant to MGA.

21   Except as so admitted, MGA denies the allegations of ¶ 12.

22       13.   MGA is without information sufficient to admit the allegations in ¶ 13

23   and on that basis denies the same.

24       14.   MGA denies the allegations of ¶ 14.

25       15.   In answer to ¶ 15, MGA repeats its answers to the allegations in

26   paragraphs 1 through 14, above.

27       16.   MGA is informed and on that basis admits that Bryant signed

28   documents during his employment at Mattel. MGA alleges that any purported

ANSWER IN INTERVENTION TO
PLAINTIFF'S UNVERIFIED COMPLAINT

EXHIBIT _____123_____

PAGE _____1872_____

1   "Mattel Employment Agreement" and "Conflict Questionnaire" speak for

2   themselves as to their contents. MGA lacks information sufficient to enable it to

3   identify or authenticate the purported "Mattel Employment Agreement" and

4   "Conflict Questionnaire" and on that basis denies each and every allegation in ¶ 16

5   purporting to describe the contents of such documents. MGA further alleges that

6   the allegations in ¶ 16 purporting to describe the legal effect of any purported

7   "Mattel Employment Agreement" or "Conflict Questionnaire" consist of legal

8   argument and conclusions to which no response is required.

9        17.   MGA alleges that any purported "Mattel Employment Agreement" and

10  "Conflict Questionnaire" speak for themselves as to their contents. MGA lacks

11  information sufficient to enable it to identify or authenticate the purported "Mattel

12  Employment Agreement" and "Conflict Questionnaire" and on that basis denies

13  each and every allegation in ¶ 16 purporting to describe the contents of such

14  documents. MGA further alleges that the allegations in ¶ 16 purporting to describe

15  the legal effect of any purported "Mattel Employment Agreement" or "Conflict

16  Questionnaire" consist of legal argument and conclusions to which no response is

17  required. MGA is without sufficient information concerning Mattel's performance,

18  if any, and on that basis denies all allegations regarding the same.

19       18.   MGA denies the allegations of ¶ 18.

20       19.   MGA denies the allegations of ¶ 19 and affirmatively asserts that the

21  relief sought by Mattel in this paragraph indicates that Mattel's first cause of action

22  implicates federal copyright laws. To the extent that Mattel herein purports to set

23  forth the allegations in support of its first cause of action to substantiate a federal

24  copyright claim, these allegations are also expressly denied.

25       20.   MGA denies the allegations of ¶ 20 except that MGA alleges that any

26  purported "Employment Agreement" speaks for itself as to its contents. MGA

27  lacks information sufficient to enable it to identify or authenticate the purported

28  "Employment Agreement" and on that basis denies each and every allegation in ¶

LA2:730044                          - 4 -              ANSWER IN INTERVENTION TO
                                                      PLAINTIFF'S UNVERIFIED COMPLAINT

EXHIBIT ___123___

PAGE ___1877___

1    20 purporting to describe the contents of such document. MGA further alleges that

2    the allegations in ¶ 20 purporting to describe the legal effect of any purported

3    "Employment Agreement" consist of legal argument and conclusions to which no

4    response is required.

5         21.    In answer to ¶ 21, MGA repeats its answers to the allegations in

6    paragraphs 1 through 20, above.

7         22.    MGA is without information sufficient to admit the allegations of ¶ 22,

8    and on that basis denies same except that MGA alleges that any purported

9    "Employee Agreement" speaks for itself as to its contents. MGA lacks information

10   sufficient to enable it to identify or authenticate the purported "Employee

11   Agreement" and on that basis denies each and every allegation in ¶ 22 purporting to

12   describe the contents of such document. MGA further alleges that the allegations in

13   ¶ 22 purporting to describe the legal effect of any purported "Employee

14   Agreement" consist of legal argument and conclusions to which no response is

15   required.

16        23.    MGA denies the allegations of ¶ 23 and affirmatively asserts that the

17   relief sought by Mattel in this paragraph indicates that Mattel's first cause of action

18   implicates federal copyright laws. To the extent that Mattel herein purports to set

19   forth the allegations in support of its first cause of action to substantiate a federal

20   copyright claim, these allegations are also expressly denied.

21        24.    MGA denies the allegations of ¶ 24.

22        25.    MGA denies the allegations of ¶ 25.

23        26.    MGA denies the allegations of ¶ 26.

24        27.    MGA denies the allegations of ¶ 27.

25        28.    In answer to ¶ 28, MGA repeats its answers to the allegations in

26   paragraphs 1 through 27, above.

27        29.    MGA denies the allegations of ¶ 29.

28        30.    MGA denies the allegations of ¶ 30 and affirmatively asserts that the

ANSWER IN INTERVENTION TO
PLAINTIFF'S UNVERIFIED COMPLAINT

EXHIBIT ____12]____

PAGE ____474____

relief sought by Mattel in this paragraph indicates that Mattel's first cause of action
implicates federal copyright laws.  To the extent that Mattel herein purports to set
forth the allegations in support of its first cause of action to substantiate a federal
copyright claim, these allegations are also expressly denied.

31.   MGA denies the allegations of ¶ 31.

32.   MGA denies the allegations of ¶ 32.

33.   MGA denies the allegations of ¶ 33.

34.   MGA denies the allegations of ¶ 34.

35.   In answer to ¶ 35, MGA repeats its answers to the allegations in
paragraphs 1 through 34, above.

36.   MGA denies the allegations of ¶ 36 and affirmatively asserts that the
allegations in this paragraph indicate that Mattel's fourth cause of action implicates
federal copyright laws.  To the extent that Mattel herein purports to set forth the
allegations in support of its fourth cause of action to substantiate a federal copyright
claim, these allegations are also expressly denied..

37.   MGA denies the allegations of ¶ 37.

38.   MGA denies the allegations of ¶ 38.

39.   MGA denies the allegations of ¶ 39.

40.   In answer to ¶ 40, MGA repeats its answers to the allegations in
paragraphs 1 through 39, above.

41.   MGA denies the allegations of ¶ 41 and affirmatively asserts that the
allegations in this paragraph assert legal or equitable rights that are equivalent to
exclusive rights within the general scope of copyright protection and are, therefore,
expressly preempted by the Copyright Act, 17 U.S.C. § 101 *et seq.* and must be
recast as a federal question under copyright law.  To the extent that Mattel herein
purports to set forth the allegations in support of its fifth cause of action to support
a federal copyright claim, these allegations are also expressly denied.

42.   MGA denies the allegations of ¶ 42 and affirmatively asserts that the

LA2:730044                                              - 6 -                    ANSWER IN INTERVENTION TO
                                                                          PLAINTIFF'S UNVERIFIED COMPLAINT

EXHIBIT ___123___

PAGE ___1875___

1  allegations in this paragraph assert legal or equitable rights that are equivalent to
2  exclusive rights within the general scope of copyright protection, which are
3  expressly preempted by the Copyright Act, 17 U.S.C. § 101 *et seq.* and must be
4  recast as a federal question under copyright law. To the extent that Mattel herein
5  purports to set forth the allegations in support of its fifth cause of action to
6  substantiate a federal copyright claim, these allegations are also expressly denied.
7      43.   MGA denies the allegations of ¶ 43 and affirmatively asserts that the
8  allegations in this paragraph assert legal or equitable rights that are equivalent to
9  exclusive rights within the general scope of copyright protection, which are
10  expressly preempted by the Copyright Act, 17 U.S.C. § 101 *et seq.* and must be
11  recast as a federal question under copyright law. To the extent that Mattel herein
12  purports to set forth the allegations in support of its fifth cause of action to
13  substantiate a federal copyright claim, these allegations are also expressly denied.
14      44.   MGA denies the allegations of ¶ 44.
15      45.   MGA denies the allegations of ¶ 45.
16
17  ### AFFIRMATIVE DEFENSES
18  MGA asserts the following affirmative defenses:
19  ### FIRST AFFIRMATIVE DEFENSE
20      1.   Plaintiff's Complaint and each purported claim for relief therein is
21  preempted by the Federal Copyright Act.
22  ### SECOND AFFIRMATIVE DEFENSE
23      2.   Plaintiff's Complaint and each purported claim for relief therein fail to
24  state facts sufficient to constitute a claim for relief.
25  ### THIRD AFFIRMATIVE DEFENSE
26      3.   Plaintiff's Complaint and each purported claim for relief therein are
27  barred by the equitable doctrine of unclean hands.
28

LA2:730044

- 7 -

ANSWER IN INTERVENTION TO
PLAINTIFF'S UNVERIFIED COMPLAINT

EXHIBIT __23__

PAGE __1876__

1

**FOURTH AFFIRMATIVE DEFENSE**

2      4.      Plaintiff's Complaint and each purported claim for relief therein are

3  barred by the equitable doctrine of waiver.

4

**FIFTH AFFIRMATIVE DEFENSE**

5      5.      Plaintiff's Complaint and each purported claim for relief therein are

6  barred by the equitable doctrine of estoppel.

7

**SIXTH AFFIRMATIVE DEFENSE**

8      6.      Plaintiff's Complaint and each purported claim for relief therein are

9  barred by the equitable doctrine of laches.

10

**SEVENTH AFFIRMATIVE DEFENSE**

11      7.      Plaintiff's Complaint and each purported claim for relief therein are

12  barred by the equitable doctrine of consent.

13

**EIGHTH AFFIRMATIVE DEFENSE**

14      8.      Plaintiff's Complaint and each purported claim for relief therein, or

15  some of them, are barred by the applicable statutes of limitations, including

16  California Code of Civil Procedure sections 337, 339, 343 and 338(c) .

17

**NINTH AFFIRMATIVE DEFENSE**

18      9.      Plaintiff's Complaint and each purported claim for relief therein, or

19  some of them, are barred because no Defendant owed a legal duty to Plaintiff or, if

20  any legal duty arose, it was not breached by any Defendant.

21

**TENTH AFFIRMATIVE DEFENSE**

22      10.      Without admitting, and specifically denying, that any Defendant owed

23  any duty to Plaintiff, any duty or obligation, contractual or otherwise, which

24  Plaintiff claims was owed by any Defendant has been fully performed, satisfied

25  and/or discharged.

26

**ELEVENTH AFFIRMATIVE DEFENSE**

27      11.      Plaintiff's Complaint and each purported claim for relief therein are

28  barred because each Defendant has complied fully with his and/or its obligations, if

ANSWER IN INTERVENTION TO
PLAINTIFF'S UNVERIFIED COMPLAINT

EXHIBIT _____
PAGE _____

1  any, under all applicable laws.

2  ### TWELFTH AFFIRMATIVE DEFENSE

3  12.  Plaintiff's Complaint and each purported claim for relief therein are

4  barred because Plaintiff has failed to exercise reasonable diligence in properly

5  mitigating its damages, if any in fact were suffered.

6  ### THIRTEENTH AFFIRMATIVE DEFENSE

7  13.  Plaintiff's Complaint and each purported claim for relief therein are

8  barred because the alleged losses or harms sustained by Plaintiff, if any, resulted

9  from causes other than any act or omission by any Defendant.

10  ### FOURTEENTH AFFIRMATIVE DEFENSE

11  14.  Plaintiff's Complaint and each purported claim for relief therein, or

12  some of them, are barred because to the extent Plaintiff has suffered any harm, and

13  Defendant in Intervention denies that Plaintiff has suffered any harm, it is due to

14  Plaintiff's own acts and omissions.

15  ### FIFTEENTH AFFIRMATIVE DEFENSE

16  15.  Plaintiff's Complaint and each purported claim for relief therein, or

17  some of them, are barred because any alleged contract between Plaintiff and

18  Defendant Bryant fails for lack of consideration, is vague and uncertain, and

19  therefore is void, voidable and/or unenforceable.

20  ### SIXTEENTH AFFIRMATIVE DEFENSE

21  16.  Plaintiff's Complaint and each purported claim for relief therein, or

22  some of them, are barred because any breaches of an alleged contract or duty,

23  which Defendant in Intervention denies, are excused by Plaintiff's acts or

24  omissions.

25  ### SEVENTEENTH AFFIRMATIVE DEFENSE

26  17.  To the extent Plaintiff's Complaint and any purported claim for relief

27  therein, or some of them, seek the remedy of injunctive relief, that remedy is barred

28  because Plaintiff's remedies at law are adequate and any alleged harms, and

- 9 -

EXHIBIT  B3
PAGE  1878

1  Defendant in Intervention denies that there are harms, are not irreparable.

2  **EIGHTEENTH AFFIRMATIVE DEFENSE**

3  18. Plaintiff's Complaint and each purported claim for relief therein

4  cannot be maintained because any duties or obligations, contractual or otherwise,

5  which Plaintiff claims are owed by Defendant Bryant, are contrary to applicable

6  law.

7  **NINETEENTH AFFIRMATIVE DEFENSE**

8  19. Plaintiff is barred from recovering punitive and/or exemplary damages

9  from Defendant or Defendant in Intervention ("Defendants") because an award of

10  such damages would violate the United States and/or California Constitutions, and

11  applicable case law.

12  **TWENTIETH AFFIRMATIVE DEFENSE**

13  20. Defendant in Intervention does not presently know all facts concerning

14  the conduct of Plaintiff sufficient to state all affirmative defenses at this time.

15  Defendant in Intervention will seek leave of Court to amend this Answer in

16  Intervention should it later discover facts demonstrating the existence of additional

17  affirmative defenses.

18

19  **WHEREFORE**, Defendant in Intervention prays for judgment as follows:

20  1. Plaintiff's Complaint shall be dismissed in its entirety with prejudice;

21  2. Plaintiff shall take nothing by its action against Defendant;

22  3. Defendant in Intervention shall be awarded its costs of suit and

23  attorneys' fees incurred in this matter (to the extent permitted by applicable law);

24  and

25  4. Defendant in Intervention shall be awarded such other further relief as

26  may be deemed just and proper.

27

28

LA2:730044

- 10 -

ANSWER IN INTERVENTION TO
PLAINTIFF'S UNVERIFIED COMPLAINT

EXHIBIT 23

PAGE 1879

1

2    Dated:        December 3, 2004

3                                    O'MELVENY & MYERS LLP

4                                    By: Diana L. Torres

5                                       Diana M. Torres
                                     Attorneys for Defendant-in-Intervention
6                                    MGA ENTERTAINMENT, INC.

7

8    LA2:730044

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LA2:730044                          - 11 -
                                            ANSWER IN INTERVENTION TO
                                         PLAINTIFF'S UNVERIFIED COMPLAINT

EXHIBIT 123
PAGE 1880

# EXHIBIT 124

| Week Ending Friday | Badge Number | Project (P2MST = Admin Time) | | Hours Reported | ITRACS Internal Project Task Identifier | |
|---|---|---|---|---|---|---|
| Jul 5 1996 12:00:00:000AM | 90202 | PA106 | O | 20 | PA10650136 | |
| Jul 5 1996 12:00:00:000AM | 90202 | PW116 | | 5.5 | PW11650003 | |
| Jul 5 1996 12:00:00:000AM | 90202 | P2MST | | 13.5 | | 80170 |
| Jul 12 1996 12:00:00:000AM | 90202 | PA106 | O | 20 | PA10650136 | |
| Jul 12 1996 12:00:00:000AM | 90202 | PW116 | O | 8 | PW11650003 | |
| Jul 12 1996 12:00:00:000AM | 90202 | P2MST | | 4 | | 80020 |
| Jul 12 1996 12:00:00:000AM | 90202 | RA111 | O | 4 | RA11150130 | |
| Jul 12 1996 12:00:00:000AM | 90202 | RA173 | O | 1 | RA17350131 | |
| Jul 12 1996 12:00:00:000AM | 90202 | RA174 | O | 1 | RA17450131 | |
| Jul 12 1996 12:00:00:000AM | 90202 | RA175 | O | 1 | RA17550131 | |
| Jul 19 1996 12:00:00:000AM | 90202 | PA106 | O | 16 | PA10650136 | |
| Jul 19 1996 12:00:00:000AM | 90202 | PW116 | O | 2 | PW11650003 | |
| Jul 19 1996 12:00:00:000AM | 90202 | P2MST | | 13 | | 80050 |
| Jul 19 1996 12:00:00:000AM | 90202 | RA111 | O | 8 | RA11150130 | |
| Jul 26 1996 12:00:00:000AM | 90202 | PW116 | O | 5 | PW11650003 | |
| Jul 26 1996 12:00:00:000AM | 90202 | P2MST | | 2 | | 80020 |
| Jul 26 1996 12:00:00:000AM | 90202 | RA049 | O | 20 | RA04950129 | |
| Jul 26 1996 12:00:00:000AM | 90202 | RA049 | | 2 | | 90010 |
| Jul 26 1996 12:00:00:000AM | 90202 | RA111 | O | 8 | RA11150130 | |
| Aug 2 1996 12:00:00:000AM | 90202 | RA176 | O | 2 | RA17650130 | |
| Aug 2 1996 12:00:00:000AM | 90202 | PW116 | O | 5 | PW11650003 | |
| Aug 2 1996 12:00:00:000AM | 90202 | PW242 | | 2 | PW24250003 | |
| Aug 2 1996 12:00:00:000AM | 90202 | P2MST | | 2 | | 80020 |
| Aug 2 1996 12:00:00:000AM | 90202 | RA049 | O | 29 | RA04950129 | |
| Aug 9 1996 12:00:00:000AM | 90202 | RA176 | O | 1 | RA17650130 | |
| Aug 9 1996 12:00:00:000AM | 90202 | PA106 | O | 31 | PA10650136 | |
| Aug 9 1996 12:00:00:000AM | 90202 | P2MST | | 8 | | 80020 |
| Aug 16 1996 12:00:00:000AM | 90202 | PW116 | O | 2 | PW11650003 | |
| Aug 16 1996 12:00:00:000AM | 90202 | PW242 | O | 2 | PW24250003 | |
| Aug 16 1996 12:00:00:000AM | 90202 | P2MST | | 5 | | 80170 |
| Aug 16 1996 12:00:00:000AM | 90202 | RA049 | O | 20 | RA04950129 | |
| Aug 16 1996 12:00:00:000AM | 90202 | RA176 | | 10 | RA17650130 | |
| Aug 23 1996 12:00:00:000AM | 90202 | PW242 | O | 39 | PW24250003 | |
| Aug 30 1996 12:00:00:000AM | 90202 | PW242 | | 23 | PW24250003 | |
| Aug 30 1996 12:00:00:000AM | 90202 | P2MST | | 16 | | 80050 |
| Sep 6 1996 12:00:00:000AM | 90202 | PW242 | O | 22 | PW24250003 | |

EXHIBIT ___124___

PAGE ___1881___



PENGAD 800-631-6989

DEPOSITION EXHIBIT
350
9.21.6   MN

| Week Ending Friday | Badge Number | Project (P2MST = Admin Time) | | Hours Reported | TRACS Internal Project Task Identifier | |
|---|---|---|---|---|---|---|
| Sep 6 1996 12:00:00:000AM | 90202 | P2MST | | 8.5 | | 80050 |
| Sep 6 1996 12:00:00:000AM | 90202 | P2MST | | 8.5 | | 80170 |
| Sep 13 1996 12:00:00:000AM | 90202 | PW242 | O | 29 | PW24250003 | |
| Sep 13 1996 12:00:00:000AM | 90202 | RA176 | O | 10 | RA17650130 | |
| Sep 20 1996 12:00:00:000AM | 90202 | PW242 | O | 16 | PW24250003 | |
| Sep 20 1996 12:00:00:000AM | 90202 | P2MST | | 5 | | 80050 |
| Sep 20 1996 12:00:00:000AM | 90202 | RA176 | O | 18 | RA17650130 | |
| Sep 27 1996 12:00:00:000AM | 90202 | PW242 | O | 15 | PW24250003 | |
| Sep 27 1996 12:00:00:000AM | 90202 | RA049 | O | 6 | RA04950130 | |
| Sep 27 1996 12:00:00:000AM | 90202 | RA051 | O | 6 | RA05150110 | |
| Sep 27 1996 12:00:00:000AM | 90202 | RA052 | O | 6 | RA05250110 | |
| Sep 27 1996 12:00:00:000AM | 90202 | RA176 | O | 6 | RA17650130 | |
| Oct 4 1996 12:00:00:000AM | 90202 | PW242 | O | 25 | PW24250003 | |
| Oct 4 1996 12:00:00:000AM | 90202 | RA049 | O | 4 | RA04950130 | |
| Oct 4 1996 12:00:00:000AM | 90202 | RA176 | O | 10 | RA17650131 | |
| Oct 11 1996 12:00:00:000AM | 90202 | PW242 | O | 30 | PW24250003 | |
| Oct 11 1996 12:00:00:000AM | 90202 | RA176 | O | 9 | RA17650130 | |
| Oct 18 1996 12:00:00:000AM | 90202 | PW242 | O | 45 | PW24250003 | |
| Oct 25 1996 12:00:00:000AM | 90202 | PW242 | O | 39 | PW24250003 | |
| Nov 1 1996 12:00:00:000AM | 90202 | PW242 | O | 39 | PW24250003 | |
| Nov 8 1996 12:00:00:000AM | 90202 | PW242 | O | 27 | PW24250003 | |
| Nov 8 1996 12:00:00:000AM | 90202 | P2MST | | 2 | | 80020 |
| Nov 15 1996 12:00:00:000AM | 90202 | RA176 | O | 10 | RA17650130 | |
| Nov 15 1996 12:00:00:000AM | 90202 | PW242 | O | 2 | PW24250003 | |
| Nov 22 1996 12:00:00:000AM | 90202 | RA176 | O | 37 | RA17650130 | |
| Nov 22 1996 12:00:00:000AM | 90202 | PW242 | O | 4 | PW24250003 | |
| Nov 22 1996 12:00:00:000AM | 90202 | P2MST | | 5 | | 80020 |
| Nov 22 1996 12:00:00:000AM | 90202 | RA176 | O | 30 | RA17650130 | |
| Nov 29 1996 12:00:00:000AM | 90202 | PW242 | O | 12 | PW24250003 | |
| Nov 29 1996 12:00:00:000AM | 90202 | P2MST | | 21 | | 80170 |
| Nov 29 1996 12:00:00:000AM | 90202 | RA176 | O | 4 | RA17650130 | |
| Dec 6 1996 12:00:00:000AM | 90202 | PW242 | O | 21 | PW24250003 | |
| Dec 6 1996 12:00:00:000AM | 90202 | P2MST | | 2 | | 80020 |
| Dec 6 1996 12:00:00:000AM | 90202 | RA176 | O | 16 | RA17650130 | |
| Dec 13 1996 12:00:00:000AM | 90202 | PW242 | O | 45 | PW24250003 | |
| Dec 27 1996 12:00:00:000AM | 90202 | P2MST | | 40 | | 80170 |

EXHIBIT ___124___

PAGE ___1882___

| Week Ending Friday | Badge Number | Project (P2MST = Admin Time) | | Hours Reported | TRACS Internal Project Task Identifier |
|---|---|---|---|---|---|
| Jan 3 1997 12:00:00:000AM | 90202 | P2MST | | 40 | 80170 |
| Jan 10 1997 12:00:00:000AM | 90202 | P2MST | | 40 | 80170 |
| Jan 17 1997 12:00:00:000AM | 90202 | RA176 | 0 | 9 | RA17650130 |
| Jan 17 1997 12:00:00:000AM | 90202 | RA195 | 0 | 30 | RA19550131 |
| Jan 17 1997 12:00:00:000AM | 90202 | NS054 | 0 | 15 | NS05450003 |
| Jan 24 1997 12:00:00:000AM | 90202 | RA176 | 0 | 15 | RA17650130 |
| Jan 24 1997 12:00:00:000AM | 90202 | SA035 | 0 | 15 | SA03550133 |
| Jan 31 1997 12:00:00:000AM | 90202 | SA120 | 0 | 39 | SA12050133 |
| Feb 7 1997 12:00:00:000AM | 90202 | RA176 | 0 | 2 | RA17650131 |
| Feb 7 1997 12:00:00:000AM | 90202 | SA030 | 0 | 37 | SA03050133 |
| Feb 14 1997 12:00:00:000AM | 90202 | SA030 | 0 | 39 | SA03050133 |
| Feb 21 1997 12:00:00:000AM | 90202 | P2MST | | 16 | 80010 |
| Feb 21 1997 12:00:00:000AM | 90202 | P2MST | | 2 | 80020 |
| Feb 21 1997 12:00:00:000AM | 90202 | SA030 | 0 | 21 | SA03050133 |
| Feb 28 1997 12:00:00:000AM | 90202 | SA090 | 0 | 20 | SA09050133 |
| Feb 28 1997 12:00:00:000AM | 90202 | SA100 | 0 | 19 | SA10050133 |
| Mar 7 1997 12:00:00:000AM | 90202 | SA090 | 0 | 19 | SA09050133 |
| Mar 7 1997 12:00:00:000AM | 90202 | SA100 | 0 | 20 | SA10050133 |
| Mar 14 1997 12:00:00:000AM | 90202 | SA090 | 0 | 19 | SA09050133 |
| Mar 14 1997 12:00:00:000AM | 90202 | SA090 | 0 | 19 | SA09050133 |
| Mar 21 1997 12:00:00:000AM | 90202 | SA100 | 0 | 20 | SA10050133 |
| Mar 21 1997 12:00:00:000AM | 90202 | SA090 | 0 | 19 | SA09050133 |
| Mar 21 1997 12:00:00:000AM | 90202 | SA100 | 0 | 20 | SA10050133 |
| Mar 28 1997 12:00:00:000AM | 90202 | P2MST | | 15 | 80170 |
| Mar 28 1997 12:00:00:000AM | 90202 | SA100 | 0 | 12 | SA10050133 |
| Apr 4 1997 12:00:00:000AM | 90202 | SA090 | 0 | 12 | SA09050133 |
| Apr 4 1997 12:00:00:000AM | 90202 | SA100 | 0 | 14 | SA10050133 |
| Apr 4 1997 12:00:00:000AM | 90202 | SA100 | 0 | 25 | SA10050133 |
| Apr 11 1997 12:00:00:000AM | 90202 | SA090 | 0 | 15 | SA09050133 |
| Apr 11 1997 12:00:00:000AM | 90202 | SA100 | 0 | 15 | SA10050133 |
| Apr 11 1997 12:00:00:000AM | 90202 | SA503 | 0 | 15 | SA50350133 |
| Apr 11 1997 12:00:00:000AM | 90202 | SA090 | 0 | 15 | SA09050133 |
| Apr 18 1997 12:00:00:000AM | 90202 | SA100 | 0 | 15 | SA10050133 |
| Apr 18 1997 12:00:00:000AM | 90202 | SA090 | 0 | 20 | SA09050133 |
| Apr 18 1997 12:00:00:000AM | 90202 | SA503 | 0 | 10 | SA50350084 |
| Apr 25 1997 12:00:00:000AM | 90202 | SA090 | 0 | 10 | SA09050133 |
| Apr 25 1997 12:00:00:000AM | 90202 | SA100 | 0 | 10 | SA10050133 |
| Apr 25 1997 12:00:00:000AM | 90202 | SA503 | 0 | 30 | SA50350084 |

EXHIBIT ___124___

PAGE ___1883___

| Week Ending Friday | Badge Number | Project (P2MST = Admin. Time) | | Hours Reported | TRACS Internal Project | Task Identifier |
|---|---|---|---|---|---|---|
| May 2 1997 12:00:00:000AM | 90202 | SA090 | O | 15 | SA09050133 | |
| May 2 1997 12:00:00:000AM | 90202 | SA503 | O | 30 | SA50350084 | 80020 |
| May 9 1997 12:00:00:000AM | 90202 | P2MST | | 5 | | |
| May 9 1997 12:00:00:000AM | 90202 | SA090 | O | 15 | SA09050133 | |
| May 9 1997 12:00:00:000AM | 90202 | SA100 | O | 5 | SA10050133 | |
| May 9 1997 12:00:00:000AM | 90202 | SA503 | O | 20 | SA50350084 | |
| May 16 1997 12:00:00:000AM | 90202 | SA090 | O | 10 | SA09050133 | |
| May 16 1997 12:00:00:000AM | 90202 | SA503 | O | 30 | SA50350084 | |
| May 23 1997 12:00:00:000AM | 90202 | P2MST | O | 5 | | 80170 |
| May 23 1997 12:00:00:000AM | 90202 | SA100 | O | 10 | SA10050133 | |
| May 23 1997 12:00:00:000AM | 90202 | SA503 | O | 30 | SA50350084 | |
| May 30 1997 12:00:00:000AM | 90202 | P2MST | O | 8.5 | | 80170 |
| May 30 1997 12:00:00:000AM | 90202 | SA100 | O | 11 | SA10050133 | |
| May 30 1997 12:00:00:000AM | 90202 | SA503 | O | 25 | SA50350084 | |
| Jun 6 1997 12:00:00:000AM | 90202 | SA100 | O | 20 | SA10050133 | |
| Jun 6 1997 12:00:00:000AM | 90202 | SA503 | O | 19 | SA50350084 | |
| Jun 13 1997 12:00:00:000AM | 90202 | P2MST | O | 16 | | 80050 |
| Jun 13 1997 12:00:00:000AM | 90202 | SA100 | O | 15 | SA10050133 | |
| Jun 13 1997 12:00:00:000AM | 90202 | SA503 | O | 8 | SA50350084 | |
| Jun 20 1997 12:00:00:000AM | 90202 | PW242 | O | 10 | PW24250003 | |
| Jun 20 1997 12:00:00:000AM | 90202 | P2MST | | 8 | | 80050 |
| Jun 20 1997 12:00:00:000AM | 90202 | SA100 | O | 21 | SA10050133 | |
| Jun 27 1997 12:00:00:000AM | 90202 | PW242 | O | 19 | PW24250003 | |
| Jun 27 1997 12:00:00:000AM | 90202 | SA100 | O | 20 | SA10050133 | |
| Jul 4 1997 12:00:00:000AM | 90202 | PW242 | O | 12 | PW24250003 | |
| Jul 4 1997 12:00:00:000AM | 90202 | P2MST | | 15 | | 80170 |
| Jul 4 1997 12:00:00:000AM | 90202 | SA100 | O | 12 | SA10050133 | |
| Jul 11 1997 12:00:00:000AM | 90202 | PW242 | O | 10 | PW24250003 | |
| Jul 11 1997 12:00:00:000AM | 90202 | P2MST | | 8.5 | | 80050 |
| Jul 11 1997 12:00:00:000AM | 90202 | SA100 | O | 12 | SA10050133 | |
| Jul 11 1997 12:00:00:000AM | 90202 | SA503 | O | 8.5 | SA50350084 | |
| Jul 18 1997 12:00:00:000AM | 90202 | PW242 | O | 20 | PW24250003 | |
| Jul 18 1997 12:00:00:000AM | 90202 | SA100 | O | 19 | SA10050133 | |
| Jul 25 1997 12:00:00:000AM | 90202 | SA082 | O | 39 | SA08250131 | |
| Aug 1 1997 12:00:00:000AM | 90202 | SA082 | O | 45 | SA08250131 | |
| Aug 8 1997 12:00:00:000AM | 90202 | P2MST | | 3 | | 80020 |

EXHIBIT 124

PAGE 1887

| Week Ending Friday | Badge Number | Project (P2MST = Admin Time) | (Admin Time) | Hours Reported | TRACS Internal Project Task Identifier |
|---|---|---|---|---|---|
| Aug 8 1997 12:00:00:000AM | 90202 | SA082 | O | 9 | SA08250131 |
| Aug 8 1997 12:00:00:000AM | 90202 | SA083 | O | 15 | SA08350111 |
| Aug 8 1997 12:00:00:000AM | 90202 | SA084 | O | 15 | SA08450111 |
| Aug 15 1997 12:00:00:000AM | 90202 | SA082 | O | 45 | SA08250131 |
| Aug 22 1997 12:00:00:000AM | 90202 | SA082 | O | 39 | SA08250131 |
| Aug 29 1997 12:00:00:000AM | 90202 | SN020 | O | 39 | SN02050001 |
| Sep 5 1997 12:00:00:000AM | 90202 | SN020 | O | 39 | SN02050001 |
| Sep 12 1997 12:00:00:000AM | 90202 | SN020 | O | 39 | SN02050001 |
| Sep 19 1997 12:00:00:000AM | 90202 | SN020 | O | 44 | SN02050001 |
| Sep 26 1997 12:00:00:000AM | 90202 | SN100 | O | 39 | SN10050001 |
| Oct 3 1997 12:00:00:000AM | 90202 | PW242 | O | 20 | PW24250003 |
| Oct 3 1997 12:00:00:000AM | 90202 | SN020 | O | 20 | SN02050004 |
| Oct 10 1997 12:00:00:000AM | 90202 | SN015 | O | 39 | SN01550003 |
| Oct 17 1997 12:00:00:000AM | 90202 | PW501 | O | 5 | PW50150003 |
| Oct 17 1997 12:00:00:000AM | 90202 | SN015 | O | 4 | SN01550003 |
| Oct 17 1997 12:00:00:000AM | 90202 | SN100 | O | 30 | SN10050003 |
| Oct 24 1997 12:00:00:000AM | 90202 | SN015 | O | 10 | SN01550003 |
| Oct 24 1997 12:00:00:000AM | 90202 | SN100 | O | 29 | SN10050003 |
| Oct 31 1997 12:00:00:000AM | 90202 | SN100 | O | 39 | SN10050003 |
| Nov 7 1997 12:00:00:000AM | 90202 | SN100 | O | 39 | SN10050003 |
| Nov 14 1997 12:00:00:000AM | 90202 | SN100 | O | 30 | SN10050003 |
| Nov 14 1997 12:00:00:000AM | 90202 | SN155 | O | 9 | SN15550003 |
| Nov 21 1997 12:00:00:000AM | 90202 | SN100 | O | 39 | SN10050003 |
| Nov 28 1997 12:00:00:000AM | 90202 | P2MST | | 39 | 80170 |
| Dec 5 1997 12:00:00:000AM | 90202 | SA082 | O | 19 | SA08250007 |
| Dec 5 1997 12:00:00:000AM | 90202 | SN100 | O | 20 | SN10050003 |
| Dec 12 1997 12:00:00:000AM | 90202 | SA082 | O | 19 | SA08250007 |
| Dec 12 1997 12:00:00:000AM | 90202 | SN100 | O | 20 | SN10050003 |
| Dec 26 1997 12:00:00:000AM | 90202 | P2MST | | 39 | 80170 |
| Jan 2 1998 12:00:00:000AM | 90202 | P2MST | | 39 | 80180 |
| Jan 9 1998 12:00:00:000AM | 90202 | P2MST | | 40 | 80180 |
| Jan 16 1998 12:00:00:000AM | 90202 | P2MST | | 40 | 80180 |
| Jan 23 1998 12:00:00:000AM | 90202 | P2MST | | 40 | 80180 |
| Jan 30 1998 12:00:00:000AM | 90202 | P2MST | | 40 | 80180 |
| Feb 6 1998 12:00:00:000AM | 90202 | P2MST | | 40 | 80180 |
| Feb 13 1998 12:00:00:000AM | 90202 | P2MST | | 40 | 80180 |

EXHIBIT   124

PAGE   1885

| Week Ending Friday | Badge Number | Project (P2MST = Admin Time) | | Hours Reported | TRACS Internal Project Task Identifier |
|---|---|---|---|---|---|
| Feb 20 1998 12:00:00:000AM | 90202 | P2MST | | 40 | 80180 |
| Feb 27 1998 12:00:00:000AM | 90202 | P2MST | | 40 | 80180 |
| Mar 6 1998 12:00:00:000AM | 90202 | P2MST | | 40 | 80180 |
| Mar 13 1998 12:00:00:000AM | 90202 | P2MST | | 40 | 80180 |
| Mar 20 1998 12:00:00:000AM | 90202 | P2MST | | 40 | 80180 |
| Mar 27 1998 12:00:00:000AM | 90202 | P2MST | | 40 | 80180 |
| Apr 3 1998 12:00:00:000AM | 90202 | P2MST | | 40 | 80180 |
| Apr 10 1998 12:00:00:000AM | 90202 | P2MST | | 40 | 80180 |
| Apr 17 1998 12:00:00:000AM | 90202 | P2MST | | 40 | 80180 |
| Apr 24 1998 12:00:00:000AM | 90202 | P2MST | | 40 | 80180 |
| May 1 1998 12:00:00:000AM | 90202 | P2MST | | 40 | 80180 |
| May 8 1998 12:00:00:000AM | 90202 | P2MST | | 40 | 80180 |
| May 15 1998 12:00:00:000AM | 90202 | P2MST | | 40 | 80180 |
| Jan 8 1999 12:00:00:000AM | 90202 | BA724 | | 19 | BA72450110 |
| Jan 8 1999 12:00:00:000AM | 90202 | BA760 | | 20 | BA76050110 |
| Jan 15 1999 12:00:00:000AM | 90202 | BA724 | | 39 | BA72450110 |
| Jan 22 1999 12:00:00:000AM | 90202 | BA724 | | 22.5 | BA72450110 |
| Jan 22 1999 12:00:00:000AM | 90202 | BA775 | | 8 | BA77550110 |
| Jan 22 1999 12:00:00:000AM | 90202 | P2MST | | 8.5 | 80170 |
| Jan 29 1999 12:00:00:000AM | 90202 | BA724 | O | 9 | BA72450110 |
| Jan 29 1999 12:00:00:000AM | 90202 | BA744 | O | 20 | BA74450110 |
| Jan 29 1999 12:00:00:000AM | 90202 | BA775 | O | 10 | BA77550110 |
| Feb 5 1999 12:00:00:000AM | 90202 | BA724 | | 10 | BA72450110 |
| Feb 5 1999 12:00:00:000AM | 90202 | BA744 | | 9 | BA74450110 |
| Feb 5 1999 12:00:00:000AM | 90202 | BA775 | | 20 | BA77550110 |
| Feb 12 1999 12:00:00:000AM | 90202 | BA724 | | 0 | BA72450110 |
| Feb 12 1999 12:00:00:000AM | 90202 | BA744 | | 30 | BA74450110 |
| Feb 12 1999 12:00:00:000AM | 90202 | BA775 | | 9 | BA77550110 |
| Feb 19 1999 12:00:00:000AM | 90202 | BA724 | | 5 | BA72450110 |
| Feb 19 1999 12:00:00:000AM | 90202 | BA744 | | 34 | BA74450110 |
| Mar 5 1999 12:00:00:000AM | 90202 | BA744 | | 35 | BA74450110 |
| Feb 26 1999 12:00:00:000AM | 90202 | BA724 | | 9 | BA72450110 |
| Feb 26 1999 12:00:00:000AM | 90202 | BA744 | | 30 | BA74450110 |
| Mar 12 1999 12:00:00:000AM | 90202 | BA724 | | 5 | BA72450110 |
| Mar 12 1999 12:00:00:000AM | 90202 | BA744 | | 34 | BA74450110 |
| Mar 19 1999 12:00:00:000AM | 90202 | P2MST | | 5 | 80010 |

EXHIBIT 124

PAGE 1886

| Week Ending Friday | Badge Number | Project (P2MST = Admin Time) | Hours Reported | TRACCS Internal Project Task Identifier |
|---|---|---|---|---|
| Mar 19 1999 12:00:00:000AM | 90202 | BA724 | 2 | BA72450110 |
| Mar 19 1999 12:00:00:000AM | 90202 | BA744 | 2 | BA74450110 |
| Mar 26 1999 12:00:00:000AM | 90202 | BA744 | 15 | BA74450110 |
| Apr 2 1999 12:00:00:000AM | 90202 | BA744 | 10 | BA74450110 |
| Apr 2 1999 12:00:00:000AM | 90202 | P2MST | 13 | 80170 |
| Apr 9 1999 12:00:00:000AM | 90202 | BA744 | 5 | BA74450110 |
| Apr 9 1999 12:00:00:000AM | 90202 | P2MST | 8.5 | 80050 |
| Apr 9 1999 12:00:00:000AM | 90202 | P2MST | 17 | 80170 |
| Apr 16 1999 12:00:00:000AM | 90202 | BA744 | 20 | BA74450110 |
| Apr 23 1999 12:00:00:000AM | 90202 | BA744 | 20 | BA74450110 |
| Apr 30 1999 12:00:00:000AM | 90202 | BA744 | 20 | BA74450110 |
| May 7 1999 12:00:00:000AM | 90202 | BA744 | 2 | BA74450110 |
| May 7 1999 12:00:00:000AM | 90202 | BA744 | 2 | BA74450110 |
| May 7 1999 12:00:00:000AM | 90202 | PW645 | 10 | PW64550003 |
| May 14 1999 12:00:00:000AM | 90202 | PW645 | 10 | PW64550003 |
| May 21 1999 12:00:00:000AM | 90202 | PW645 | 15 | PW64550003 |
| May 28 1999 12:00:00:000AM | 90202 | PW645 | 12 | PW64550003 |
| May 28 1999 12:00:00:000AM | 90202 | P2MST | 5 | 80170 |
| Jun 4 1999 12:00:00:000AM | 90202 | P2MST | 39 | 80170 |
| Jun 11 1999 12:00:00:000AM | 90202 | P2MST | 8.5 | 80050 |
| Jun 11 1999 12:00:00:000AM | 90202 | BA744 | 3 | BA74450110 |
| Jun 11 1999 12:00:00:000AM | 90202 | BA747 | 0.5 | BA74750109 |
| Jun 11 1999 12:00:00:000AM | 90203 | PW645 | 8.5 | PW64550003 |
| Jun 25 1999 12:00:00:000AM | 90202 | P2MST | 0 | 80020 |
| Jun 18 1999 12:00:00:000AM | 90202 | BA744 | 5 | BA74450110 |
| Jun 18 1999 12:00:00:000AM | 90202 | BA747 | 5 | BA74750109 |
| Jun 18 1999 12:00:00:000AM | 90202 | PW645 | 5 | PW64550003 |
| Jun 18 1999 12:00:00:000AM | 90202 | P2MST | 14 | |
| Jul 2 1999 12:00:00:000AM | 90202 | P2MST | 5 | 80020 |
| Jul 9 1999 12:00:00:000AM | 90202 | P2MST | 8.5 | 80170 |
| Aug 27 1999 12:00:00:000AM | 90202 | P2MST | 8.5 | 80050 |
| Sep 3 1999 12:00:00:000AM | 90202 | PW645 | 15 | PW64550003 |
| Sep 10 1999 12:00:00:000AM | 90202 | P2MST | 8.5 | 80170 |
| Sep 17 1999 12:00:00:000AM | 90202 | PW645 | 20 | PW64550003 |
| Sep 24 1999 12:00:00:000AM | 90202 | PW645 | 20 | PW64550003 |
| Sep 24 1999 12:00:00:000AM | 90202 | BA775 | 5 | BA77550110 |

EXHIBIT ___124___

PAGE ___887___

| Week Ending Friday | Badge Number | Project (P2MST = Admin Time) | Hours Reported | TRACS Internal Project Task Identifier |
|---|---|---|---|---|
| Oct 1 1999 12:00:00:000AM | 90202 | BA775 | 10 | BA77550110 |
| Oct 8 1999 12:00:00:000AM | 90202 | PW645 | 29 | PW64550003 |
| Nov 19 1999 12:00:00:000AM | 90202 | P2MST | 5 | 80170 |
| Nov 26 1999 12:00:00:000AM | 90202 | P2MST | 39 | 80170 |
| Dec 3 1999 12:00:00:000AM | 90202 | BA747 | 3 | BA74750110 |
| Dec 3 1999 12:00:00:000AM | 90202 | BA775 | 2 | BA77550126 |
| Dec 10 1999 12:00:00:000AM | 90202 | BA747 | 3 | BA74750110 |
| Dec 10 1999 12:00:00:000AM | 90202 | BA775 | 2 | BA77550126 |
| Dec 17 1999 12:00:00:000AM | 90202 | BA775 | 2 | BA77550126 |
| Dec 17 1999 12:00:00:000AM | 90202 | BA747 | 4 | BA74750038 |
| Dec 31 1999 12:00:00:000AM | 90202 | P2MST | 40 | 80170 |
| Dec 24 1999 12:00:00:000AM | 90202 | P2MST | 22 | 80170 |
| Jan 7 2000 12:00:00:000AM | 90202 | P2MST | 8.5 | 80050 |
| Mar 31 2000 12:00:00:000AM | 90202 | P2MST | 15 | 80020 |
| Mar 31 2000 12:00:00:000AM | 90202 | P2MST | 5 | 80010 |
| Apr 21 2000 12:00:00:000AM | 90202 | P2MST | 13.5 | 80170 |
| May 19 2000 12:00:00:000AM | 90202 | P2MST | 8.5 | 80050 |
| May 26 2000 12:00:00:000AM | 90202 | P2MST | 13.5 | 80170 |
| Jun 2 2000 12:00:00:000AM | 90202 | P2MST | 25.5 | 80170 |
| Jun 16 2000 12:00:00:000AM | 90202 | P2MST | 21 | 80030 |
| Jun 23 2000 12:00:00:000AM | 90202 | P2MST | 39 | 80170 |
| Jul 7 2000 12:00:00:000AM | 90202 | P2MST | 17 | 80170 |
| Aug 4 2000 12:00:00:000AM | 90202 | P2MST | 5 | 80170 |
| Aug 11 2000 12:00:00:000AM | 90202 | P2MST | 8.5 | 80050 |
| Sep 1 2000 12:00:00:000AM | 90202 | P2MST | 5 | 80170 |
| Sep 8 2000 12:00:00:000AM | 90202 | P2MST | 8.5 | 80050 |
| Sep 8 2000 12:00:00:000AM | 90202 | P2MST | 8.5 | 80170 |

EXHIBIT 124

PAGE 1888

# EXHIBIT 125

CONFIDENTIAL - ATTORNEYS EYES ONLY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

**CERTIFIED COPY**

**CONFIDENTIAL**

```
CARTER BRYANT, an individual,  )
                               )
              Plaintiff,       )
                               )
       vs.                     )  No. CV 04-09049 SGL
                               )  (RNBx) (c/w CV
MATTEL, INC., a Delaware       )  04-9059 & 05-2727)
Corporation,                   )
                               )
              Defendant.       )
                               )
CONSOLIDATED WITH MATTEL,      )
INC., v. BRYANT and MGA        )
ENTERTAINMENT, INC. v. MATTEL, )
INC.                           )
_____)
```

**ATTORNEYS EYES ONLY**

-- CONFIDENTIAL TRANSCRIPT-ATTORNEYS EYES ONLY --

VIDEOTAPED DEPOSITION OF ARNOLDO J. ARTAVIA

Los Angeles, California

Thursday, September 21, 2006

Reported by:
Marceline F. Noble
CSR No. 3024
JOB No. 919809A

EXHIBIT __125__

PAGE __1889__

CONFIDENTIAL - ATTORNEYS EYES ONLY

```
           1           Q    And that capability exists today?

           2           A    Yes.

           3           Q    And the ability to put things into Excel

           4     exists today?

 01:10     5           A    Yes.

           6           Q    Let me show you a document that we have

           7     marked as Exhibit 350 in this deposition.

           8                I believe counsel has a copy as well.

           9                And I'll note for the record that this is a

 01:10    10     soft copy of a spreadsheet that Mr. Corey provided me

          11     after the lunch break.  And let me ask you --

          12                MR. COREY:  A printout of a soft copy.

          13                MR. JENAL:  Thank you.  That actually would

          14     be right.  A hard copy of the soft copy.  Not soft.

 01:11    15     But yeah, you're right.

          16                (Deposition Exhibit 350 was marked for

          17                identification by the court reporter.)

          18     BY MR. JENAL:

          19           Q    Let me ask you, do you recognize

 01:11    20     Exhibit 350?

          21           A    I recognize the format, yes.

          22           Q    What do you recognize this to be?

          23           A    It's similar in nature to a spreadsheet that

          24     I created.

 01:11    25           Q    This is a -- are we -- you say a spreadsheet
```

95

EXHIBIT____125

PAGE_____890

CONFIDENTIAL - ATTORNEYS EYES ONLY

```
          1    you created.

          2        A    Uh-huh.

          3        Q    This is similar in nature to one of the two

          4    spreadsheets you created back in 2004?

01:11     5        A    Correct.

          6        Q    Which of the two spreadsheets that you

          7    discussed is this similar to?

          8        A    The initial.  The first one that we

          9    discussed.

01:11    10        Q    And the second spreadsheet, I believe you

         11    said had greater detail?

         12        A    Around -- it had great detail around the

         13    tasks that are represented here.

         14        Q    And in particular, what additional detail

01:12    15    did that spreadsheet provide?

         16        A    A description of those tasks.

         17        Q    So if -- if we look at this Exhibit 350, the

         18    far right-hand column refers to "TRACS Internal

         19    Project Task Identifier."

01:12    20             Do you see that?

         21        A    Yes, I do.

         22        Q    And is it your understanding that the second

         23    spreadsheet that you produced back in 2004 had an

         24    English language description of what these task codes

01:12    25    represent?
```

96

EXHIBIT___125

PAGE_____1821

CONFIDENTIAL - ATTORNEYS EYES ONLY

1    was not, and that column would indicate the date and

2    time in which that particular time entry was created?

3        A    That's correct.

4        Q    Okay.  So these are actually the individual

01:21   5    time entries, but the only time it's been printed in

6    the report is the week ending to which they are

7    assigned?

8        A    Correct.

9        Q    Okay.  Got it.

01:21  10        How hard is it to add that extra column that

11   we have the date and times that the entries were

12   actually made?

13       A    Not hard at all.

14       Q    Second column is "Badge Number."  I think we

01:22  15   know what the badge number is here.

16        Third column says, "Project," paren, "(P2MST

17   equals Admin Time)," closed paren.  And I think you

18   had indicated when I had cleverly but unhelpfully

19   picked out task identifier 80170, that's actually

01:22  20   assigned to that P2MST; correct?

21       A    Yes.

22       Q    So that's reflecting admin time?

23       A    Yes.

24       Q    Okay.  Do you know what admin time means?

01:22  25       A    Time that an individual reported for things

105

EXHIBIT ___125___

PAGE ___1892___

CONFIDENTIAL - ATTORNEYS EYES ONLY

| | | |
|---|---|---|
| | 1 | like vacation, you know, leave of absence, sick time. |
| | 2 | Q    What about like going to meetings with the |
| | 3 | boss? |
| | 4 | A    If it was not a meeting related to the -- a |
| 01:22 | 5 | project, then yes. |
| | 6 | Q    Okay.  So it wouldn't necessarily mean time |
| | 7 | not spent on site, it's just not time attributable to |
| | 8 | a particular project and task? |
| | 9 | A    Correct. |
| 01:23 | 10 | Q    And then I take it, though, that the rest of |
| | 11 | these numbers are what we referred to previously as |
| | 12 | P2 numbers or project numbers -- |
| | 13 | A    Yes. |
| | 14 | Q    -- in this -- in the third column? |
| 01:23 | 15 | MR. COREY:  In the third column. |
| | 16 | BY MR. JENAL: |
| | 17 | Q    Right? |
| | 18 | A    Yes. |
| | 19 | Q    And in the second spreadsheet that you had |
| 01:23 | 20 | created -- |
| | 21 | Let me ask you this.  Did -- did you have in |
| | 22 | that second spreadsheet the column that indicated the |
| | 23 | date and time on which the entry was actually made? |
| | 24 | A    No. |
| 01:23 | 25 | Q    Did you have information as to what these |

106

EXHIBIT ___125___

PAGE ___1893___