Exhibit 6

1  THOMAS J. NOLAN (Bar No. 66992)
   (tnolan@skadden.com)
2  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
   300 South Grand Avenue, Suite 3400
3  Los Angeles, CA 90071
   Tel.: (213) 687-5000/Fax: (213) 687-5600
4
   RAOUL D. KENNEDY (Bar No. 40892)
5  (rkennedy@skadden.com)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
6  4 Embarcadero Center, 38th Floor
   San Francisco, CA 94111-5974
7  Tel.: (415) 984-6400/ Fax: (415) 984-2698
8  Attorneys for MGA Entertainment, Inc., MGA Entertainment (HK) Limited,
   MGAE de Mexico, S.R.L. DE C.V., and Isaac Larian
9
   JOHN W. KEKER (Bar No. 49092)
10 (jkeker@kvn.com)
   CHRISTA M. ANDERSON (Bar No. 184325)
11 (canderson@kvn.com)
   KEKER & VAN NEST LLP
12 710 Sansome St.
   San Francisco, CA 94111-1704
13 Tel.: (415) 391-5400 / Fax: (415) 397-7188
14 Attorneys for Carter Bryant

15             UNITED STATED DISTRICT COURT

16            CENTRAL DISTRICT OF CALIFORNIA

17 CARTER BRYANT, an            ) CASE NO. CV 04-9049 SGL (RNBx)
   individual,                  )
18                              ) **DISCOVERY MATTER**
                                )
19        Plaintiff,            ) **[To be heard by Discovery Master Hon.**
                                ) **Edward Infante (Ret.) Pursuant to Court**
20        v.                    ) **Order of December 6, 2006]**
                                )
21 MATTEL, INC., a Delaware     ) REPLY MEMORANDUM IN SUPPORT OF
   corporation,                 ) MGA'S AND CARTER BRYANT'S MOTION
22                              ) TO COMPEL PRODUCTION OF
                                ) IMPROPERLY WITHHELD "NHB" MATTEL
23        Defendant.            ) DOCUMENTS
                                )
24 AND CONSOLIDATED             ) **Phase 1**
   ACTIONS                      ) Discovery Cut-Off:   January 28, 2008
25                              ) Pre-Trial Conference: May 5, 2008
                                 Trial Date:          May 27, 2008
26 **CONFIDENTIAL –**
   **ATTORNEY'S EYES ONLY**
27 **– FILED UNDER SEAL**
   **PURSUANT TO**
28 **PROTECTIVE ORDER**

   MGA'S AND CARTER BRYANT'S REPLY IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF IMPROPERLY
   WITHHELD MATTEL DOCUMENTS

                    Exhibit 6
                    P   45

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................. ii

REPLY MEMORANDUM OF POINTS AND AUTHORITIES ............................ 1

I.     FACTUAL BACKGROUND ....................................................... 3

III.   LEGAL ANALYSIS .................................................................. 5

     A.   Documents M 0199767-68 and M 0199769-70 Are Not Protected By The Attorney-Client Privilege. ............................... 5

     B.   Mattel Must Produce Any "NHB" Document That Is Relevant And Responsive To MGA's Request For MGA-Related Documents. .......................................................... 6

     C.   Documents M 0199767-68 and M 0199769-70 Should Be Submitted For An In Camera Review. ...................................... 7

IV.   CONCLUSION ........................................................................ 8

Exhibit 6,
P. 96

# TABLE OF AUTHORITIES

**Case**                                                                        **Page(s)**

*Asuncion v. Metropolitan Life Insurance Co.,*
    493 F. Supp. 2d 716 (S.D.N.Y. 2007) ................................................................... 5

*In re Grand Jury Witness,*
    695 F.2d 359 (9th Cir. 1982) ........................................................... 6

*Holifield v. United States,*
    909 F.2d 201, 204 (7th Cir. 1990) ................................................... 6

*Scanlon v. Bricklayers & Allied Craftworkers, Local No. 3,*
    242 F.R.D. 238 (W.D.N.Y. 2007) .................................................... 4

*United States v. Martin,*
    278 F.3d 988 (9th Cir. 2002) ........................................................... 4

*United States v. White,*
    970 F.2d 328 (7th Cir. 1992) ........................................................... 4

## REPLY MEMORANDUM OF POINTS AND AUTHORITIES

Mattel's opposition drops its work product objection but asserts attorney-client privilege over "NHB" documents that contain important facts concerning when it was investigating the claims asserted in this action, including facts that demonstrate when it knew or should have known its claims for purposes of asserting MGA's statute of limitations and laches defenses. Mattel's position with respect to these documents directly contradicts the position it took before the Discovery Master at the hearing on MGA's motion for a waiver of the attorney-client privilege by claims assertion. The Discovery Master deferred a ruling on that motion on grounds that "Mattel has not and will not take the position that its underlying knowledge or any underlying facts are privileged."[1] The position Mattel has asserted in opposition to this motion demonstrates that prior assertion relied upon by the Discovery Master was false.

Significantly, Mattel does not attach the "NHB" documents to its submission or otherwise submit them for *in camera* review so that the Discovery Master can make his own conclusions about the applicability of any attorney-client privilege. Indeed, Mattel does not even state directly and unequivocally that these documents were prepared for the purpose of seeking legal advice from outside legal counsel. Mattel relies solely on the declaration of Mattel's in-house counsel, Michael Moore, who asserts that they were created sometime "in 2003" and "transmitted . . . to

---

[1] *See* Supplemental Declaration Marcus R. Mumford In Further Support Of Reply Memorandum In Support Of MGA's And Carter Bryant's Motion To Compel Production Of Improperly Withheld "NHB" Mattel Documents ("Supp. Mumford Decl."), Ex. 1: 2/11/2008 Hrg. Tr. at 11:7-10. The Discovery Master noted further: "If Mattel keeps that promise … it may very well be that the privileged information which you are seeking waiver is not vital to prove your contentions with respect to Mattel's knowledge in the application of the statute of limitations or laches defenses." (*Id.* at 11:15-22.) As demonstrated by Mattel's opposition, it does not appear that Mattel intends to keep its promise.

Exhibit 6 ,
P. 98

1   outside counsel for Mattel, for the purpose of obtaining legal advice."[2]  But the issue

2   is not whether they were created sometime in 2003, rather *when* in 2003 and *why* the

3   contents of those documents, especially the facts reflected therein concerning

4   Mattel's investigation into these claims, are privileged.  The fact that these

5   documents were created for this litigation prior to November 2003 countervails its

6   previous assertions concerning when it was on notice of the claims asserted in this

7   action and when its duty to preserve evidence arose.  Moreover, Mattel cannot assert

8   privilege with respect to *facts* it was investigating in 2001: the mere transfer of a

9   factual document to legal counsel does not cloak a document with the attorney-client

10  privilege.

11        Mattel's blanket assertions of attorney-client privilege with respect to the

12  "NHB" documents, M 0199767-68 and M 0199769-70, are insufficient to meet its

13  burden.  Nowhere in its opposition does Mattel indicate the issue or subject for

14  which these documents were created in order to obtain legal advice.  Mattel never

15  states whether these documents pertain to the March 2002 investigation, the August

16  2002 investigation, or any other investigation involving Bratz, MGA, Mr. Bryant, or

17  Isaac Larian.  Moreover, Mattel has refused to indicate what information contained

18  in these documents reflects communications for the purpose of obtaining legal advice.

19        As noted above, it is extremely significant that Mattel's opposition drops its

20  prior claim that these documents are subject to immunity on the basis of work

21  product.  Obviously, Mattel has to concede that these documents are not work

22  product.  They were prepared prior to November 2003 – the date in which Mattel

23  asserts that it first had any "reasons to suspect" the claims against Bryant and MGA.

24

25  _____

26  [2] *See* Declaration of Michael Moore In Support of Mattel Inc.'s Opposition To
    MGA's And Carter Bryant's Joint Motion To Compel Production Of Purportedly

27  Improperly Withheld Mattel Documents, ¶¶ 4-5.

28  _____

Exhibit 6 ,
P. 99

1    Mattel not only has failed to establish that these documents are privileged, but

2  has also failed to provide evidence to this Court that it has produced all non-

3  privileged NHB documents that are responsive to MGA's document requests

4  pertaining to MGA-related material.  The declaration of Michael Moore makes clear

5  that Mattel has the ability to search materials by "term."  But Mattel refused to

6  address whether it search for "NHB" or whether the use of the "NHB" codename

7  caused the company to overlook or deem as non-responsive documents that would

8  otherwise be responsive to MGA or Bryant document requests.

9    This Court should grant MGA's and Bryant's joint motion, and compel Mattel

10  to re-produce M 0199767-68 and M 0199769-70, and be compelled to further collect

11  and produce all documents referring to "NHB" that are responsive to MGA's and

12  Bryant's document requests.

13  **I.    FACTUAL BACKGROUND**

14    On January 31, 2008, the parties met and conferred concerning M 0199767-68,

15  M 0199769-70, and documents referencing "NHB."  Mattel's counsel informed

16  MGA's counsel that document M 0199767-68 was prepared by Ms. Adelle Jones, a

17  paralegal in the Mattel legal department, who works under the supervision of

18  Michael Moore, Mattel's in-house counsel, and that it was "prepared in anticipation

19  of litigation."[3]  The information recorded in the document, according to Mattel, was

20  "gathered by Ms. Jones at Mr. Moore's request and outside counsel's request."[4]

21  Mattel did not inform MGA's counsel that this document contained or constituted

22  confidential communications among counsel and their agents.  Mattel's counsel also

23  stated during the meet and confer that document M 0199769-70 was prepared by

24  _____

25  [3] Mumford Decl., Ex. 2: Letter from Marcus Mumford to Timothy L. Alger, dated
    February 4, 2008.

26  [4] Mattel, Inc's Opposition To MGA's and Carter Bryant's Joint Motion To Compel

27  Production of Purportedly Improperly Withheld Mattel Documents, at 2.

28

Exhibit 6 ,
P. 100

1   Michael Moore, and that it reflected his "thought processes," and information
2   obtained from Mattel employees and outside counsel.[5]  Mattel did not state that this
3   document had been prepared with the purpose of seeking legal advice from counsel.
4   Mattel's counsel also refused to explain which information contained in the
5   documents reflected communications between Mattel and its counsel for the purpose
6   of obtaining legal advice.[6]  It is unclear from the documents themselves what, if any,
7   communications are privileged.
8          With respect to the issue concerning Mattel's use of the codename "NHB,"
9   Mattel's counsel confirmed that "NHB" is a codename for MGA that has been used
10  by Mattel since 2002 or 2003, primarily by Mattel's legal department, but it could
11  have been used beyond the department.[7]  Moreover, Mattel's counsel stated that it
12  had not been purposely withholding any documents responsive to MGA's document
13  requests based on a distinction between MGA and "NHB."[8]  However, Mattel's
14  counsel could not confirm whether "NHB" documents were deemed non-responsive
15  on account of Mattel's use of the codename, and stated that Mattel's privilege log did
16  not necessarily indicate whether an entry referred to a "NHB" document.[9]  Mattel's
17  counsel further noted that it was not placing any documents on the privilege log post-
18  November 2003, which MGA was unaware of.[10]  The status of "NHB" documents
19  pre-November 2003 was not addressed.
20
21
22
23
24  [5] Mumford Decl., Ex.2.
    [6] *Id.* at 2.
25  [7] *Id.*
    [8] *Id.*
26  [9] *Id.* at 3.
    [10] *Id.*
27
28

1  II.  **LEGAL ANALYSIS**

2    A.  **Documents M 0199767-68 and M 0199769-70 Are Not Protected By The Attorney-Client Privilege.**

3         In order to permit full and free discovery of the truth, the attorney-client

4    privilege is strictly construed.  *See United States v. Martin,* 278 F.3d 988, 999 (9th

5    Cir. 2002).  The privilege must be established in a document-by-document basis; a

6    blanket claim failing to specify what information is protected will not suffice.  *See*

7    *United States v. White,* 970 F.2d 328, 334 (7th Cir. 1992); *Scanlon v. Bricklayers &*

8    *Allied Craftworkers, Local No. 3,* 242 F.R.D. 238, 245 (W.D.N.Y. 2007) ("Mere

9    conclusory assertions of privilege or work-product protection are insufficient to

10   satisfy [the burden of establishing the applicability of such privilege.]").  The party

11   claiming the privilege "must supply opposing counsel with sufficient information to

12   assess the applicability of the privilege or protection without revealing the

13   information which is privileged or protected."  *Scanlon,* 242 F.R.D. at 245; *see also*

14   *Martin,* 278 F.3d at 1000 ("A party claiming the privilege must identify specific

15   communications and the grounds supporting the privilege as to each piece of

16   evidence over which privilege is asserted.").  And "[i]n the end, . . ., the question is:

17   does the document in question reveal, directly or indirectly, the substance of a

18   confidential attorney-client communication."  *Scanlon,* 242 F.R.D. at 245 (citation

19   omitted).

20        Here, because it is unclear what information contained in M 0199767-68 and

21   M 0199769-90 reflect confidential communications for the purpose of obtaining

22   legal advice, and the purpose for which these documents were created is unknown,

23   Mattel has not met its burden in demonstrating that these documents are privileged.

24   There is nothing in the record that purports to show that these documents were

25   prepared for the purpose of seeking legal advice.  The information contained in both

26   documents do not reveal directly or indirectly any privileged communication

27

28

Exhibit 6 ,
P. 102

1  between Mattel's outside counsel and Mattel's agents.  There are no references in

2  either document that denote that a particular notation is attributable to Mattel's

3  outside counsel or Mattel's in-house counsel.  For example, M 0199767-68 contains

4  information gathered by a paralegal at the request of in-house and outside counsel.  It

5  does not reflect in any way confidential communications between Mattel's agents and

6  legal counsel.  The fact that these documents were transmitted to outside counsel by

7  itself does not make them privileged.  *See Asuncion v. Metro. Life Ins. Co.*, 493 F.

8  Supp. 2d 716, 720 (S.D.N.Y. 2007) ("'[t]he fact that a document is sent or received

9  between attorney and client does not make it privileged unless it contains

10  confidential communications relating to legal advice.'") (citation omitted).

11        In addition, Mattel has not indicated the reason why these documents were

12  created.  The Opposition fails to shed light as to the subject of these documents,

13  whether they were prepared in connection to an investigation, and if so which

14  investigation.  Mattel cannot assert the attorney-client privilege as to these

15  documents and refuse to make known the purpose for which these documents were

16  prepared.  This information is necessary in order to determine whether they are

17  privileged in whole or in part.  Thus, Mattel has not established that the attorney-

18  client privilege applies to these documents.

19  **B.    Mattel Must Produce Any "NHB" Document That Is Relevant And Responsive To MGA's Request For MGA-Related Documents.**

20        MGA's and Bryant's request for "NHB" documents that are relevant and

21  responsive to MGA's document requests is not, as Mattel asserts, a "sweeping

22  demand . . . unmoored from any particular discovery requests."[11]  To the contrary,

23  counsel for Mattel asserted in meet and confer that that Mattel has been using the

24  "NHB" codename for MGA since at least 2002.[12]  Although Mattel has stated that it

25

26  [11] Mattel's Opp'n at 7.

27  [12] Mumford Decl., Ex. 2.

28

---

Exhibit 6
P. 103

1  has not purposely withheld any documents responsive to MGA's requests for MGA-

2  related material, Mattel has yet to confirm that "NHB" documents were not

3  inadvertently deemed non-responsive and/or overlooked on account of Mattel's use

4  of the codename.  Indeed, the only logical purpose Mattel could have had for using a

5  codeword for MGA would be to conceal responsive documents from future

6  discovery searches.  Mattel has not and cannot confirm whether all "NHB"

7  documents that are responsive have been collected and produced.  Furthermore,

8  Mattel has not presented any evidence that establishes that it has done a reasonable

9  inquiry for any responsive "NHB" documents on its databases.  Mattel's counsel

10  acknowledged that the documents were located on a Mattel database that was

11  searched using key words, but fails to confirm whether one of the key words

12  included the codename "NHB."[13]  Thus, MGA and Bryant are entitled to an order

13  from this Court requesting that Mattel conduct a search of all "NHB" documents in

14  its databases and produce all "NHB" documents that are responsive to MGA's

15  discovery requests that pertain to MGA-related material, such as the ones noted in

16  MGA and Bryant's joint motion.[14]

17      C.    **Documents M 0199767-68 and M 0199769-70 Should Be Submitted**
            **For An In Camera Review.**

18

19        The Ninth Circuit has noted that the proper procedure for asserting the

20  attorney-client privilege with respects to particular documents or portions thereof is

21  to submit them *in camera*.  *See In re Grand Jury Witness*, 695 F.2d 359, 362 (9th Cir.

1982); *see also Holifield v. United States*, 909 F.2d 201, 204 (7th Cir. 1990) ("Only

22

23  when the district court has been exposed to the contested documents and the specific

24  facts which support a finding of privilege under the attorney-client relationship for

25  ───────────────────────

26  [13] *See* Declaration of Timothy Alger, dated February 7, 2008, ¶ 3.

27  [14] *See* MGA's and Carter Bryant's Joint Motion To Compel Production Of
Improperly Withheld Mattel Documents, at 11-12.

28  ───────────────────────

1  each document can it make a principled determination as to whether the attorney-

2  client privilege in fact applies.").  Here, despite asserting the attorney-client privilege

3  as to documents M 0199767-68 and M 0199769-70, Mattel has yet to submit

4  documents M 0199767-68 and M 0199769-70 to this Court for *in camera* review.

5  Therefore, in order to ascertain whether the documents in question are in fact

6  privileged, MGA and Carter Bryant request an *in camera* inspection of both

7  documents.

8  **III.   CONCLUSION**

9       For the foregoing reasons, MGA and Bryant respectfully request this Court to

10  issue an order (1) to re-produce the documents previously produced by Mattel

11  bearing Bates Nos. M0199767-68 and M0199769-70, and which were improperly

12  recalled by Mattel as allegedly privileged and inadvertently produced; and (2) to

13  compel production of all "NHB" documents that are responsive to MGA's First Set

14  of Requests for Production of Document and Things dated January 31, 2004.

15  DATED:  February 15, 2008

16                                           SKADDEN, ARPS, SLATE, MEAGHER &
                                             FLOM, LLP

17

18                                           By: *Raoul Kennedy* ADO

19                                               Raoul D. Kennedy
                                                 Attorney for MGA Entertainment, Inc.

20

21                                           KEKER & VAN NEST LLP

22                                           By: *Christa Anderson*

23                                               Christa M. Anderson
                                                 Attorney for Carter Bryant

24

25

26

27

28

Exhibit 6,
P. 105

Exhibit 7

## SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

300 SOUTH GRAND AVENUE

LOS ANGELES, CALIFORNIA 90071-3144
———
TEL: (213) 687-5000

FAX: (213) 687-5600

www.skadden.com

DIRECT DIAL
(213) 687-5514
DIRECT FAX
(213) 621-5514
EMAIL ADDRESS
MMUMFORD@SKADDEN.COM

FIRM/AFFILIATE OFFICES
BOSTON
CHICAGO
HOUSTON
NEW YORK
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON

BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

February 4, 2008

<u>**VIA FACSIMILE**</u>

Timothy L. Alger, Esq.
Quinn, Emanuel, Urquhart, Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA  90017-2543

RE:   *Mattel, Inc. v. Bryant*

Dear Timothy:

This letter summarizes our meet and confer last Thursday concerning the "NHB" issues raised in our recent motion to compel: 1) documents M0199767-68 and M0199769-70, which you recently clawed back based on an assertion of attorney-client privilege and work product and 2) the production of all "NHB" documents.

As I stated, Mattel bears the burden of establishing the existence of the attorney-client privilege or work product immunity with respects to these documents. *See Clarke v. American Commerce Nat'l. Bank,* 974 F.2d 127, 129 (9th Cir. 1992); *Green v. Baca,* 226 F.R.D. 624, 652 (C.D. Cal. 2005).

<u>Documents M0199767-68 and M0199769-70</u>

You explained that document M0199767-68, the Mercedeh Ward summary, was prepared by a paralegal in the Mattel legal department, who works under the supervision of Michal Moore, Mattel's in-house counsel.  You indicated that the document was created on August 22, 2003, last modified on September 4, 2003, contained information from outside counsel and Mattel employees, and that it was "prepared in anticipation of litigation."

With respects to document M0199769-70, which was titled "NHB – To Do," you stated that Michael Moore prepared the document on August 10, 2003 – the date on the document – and that it reflected his "thought processes," and information

Exhibit 7,
P. 106

Timothy L. Alger, Esq.
February 4, 2008
Page 2

obtained from Mattel employees and outside counsel. You were not sure whether this document had been updated since its creation.

With respect to these documents, you informed me that Mattel would be placing them on its privilege log but would not be producing them in redacted form since, according to you, there is nothing to produce after the privileged information is redacted. When I asked how work product is applicable in light of Mattel's assertions in its counterclaims and in opposition to MGA and Bryant's joint motion for terminating sanctions, you stated that the documents were prepared in anticipation of the Tune Teens litigation. When I asked what about the documents reflects communications for the purpose of obtaining legal advice, you refused to parse the documents line by line.

As I stated, in light of our meet and confer, it would be inappropriate to withdraw MGA's and Bryant's joint motion to compel. Mattel confirmed that the documents were prepared prior to November 24, 2003. It is therefore improperly asserting work product notwithstanding its counterclaims filed in July 2007 stating that it "had no reason to suspect that Bryant had worked with MGA, or assisted MGA, while he still [sic] employed by Mattel," prior to that date, and notwithstanding its opposition to the motion for terminating sanctions taking a similar position. We no longer have the documents, but we do not recall anything about them that would suggest they were prepared in anticipation of another litigation. Indeed, they appeared to have been prepared in anticipation of this litigation: they referred to MGA by codename, summarized certain alleged facts concerning the creation of Bratz, and there was no mention of any limits with respect to the breadth of its investigation. Moreover, according to the testimony of Richard De Anda, we understand that Mattel had concluded as of late 2002 or early 2003, well before the dates of these documents, that Bratz did not violate a Tune Teens copyright. (*See* De Anda Tr. at 223:14-17.)

## The "NHB" Documents

You confirmed that "NHB" is a codename for MGA, used by Mattel since 2002 or 2003. You stated that it was used primarily in Mattel's legal department but acknowledged there could have been "reflexive use" of the codename beyond that department.

You stated that Mattel has not purposely withheld any documents responsive to MGA's document requests for MGA-related material based on a distinction between "NHB" and MGA. But you could not answer whether "NHB" documents may have been inadvertently deemed non-responsive in Mattel's document production on account of Mattel's use of the codename.

You indicated that you did not see anything further to the matter because Mattel has previously informed MGA that it is not placing any documents on the

Exhibit 7
P. 107

Timothy L. Alger, Esq.
February 4, 2008
Page 3

privilege log that post-date November 2003. I indicated that I was not aware of any such agreement. If you have any further information concerning it, please advise. And your position did not address the status of "NHB" documents that pre-date November 2003. You stated that Mattel's privilege log would not necessarily indicate if an entry referred to a "NHB" document.

With respect to the production of these "NHB" documents, we reaffirm our position that any "NHB" document is relevant and responsive to MGA's requests for MGA-related documents in Mattel's possession. And, in light of the issues raised above, we request an *in camera* inspection of all "NHB" documents.

- To the extent Mattel asserts attorney-client with respect to "NHB" documents, it should be required to establish the document reflects communications between Mattel and its counsel for purposes of obtaining legal advice.

- To the extent Mattel asserts work product with respect to an "NHB" document and the document pre-dates November 2003, we request an explanation concerning what litigation it was prepared in anticipation of and how that position can be reconciled (a) with paragraphs 35-36 of its counterclaims filed July 2007 and (b) with its opposition to the joint motion for terminating sanctions stating that "Mattel first learned of a probable claim in late 2003, at the earliest ... when it obtained a copy of the MGA/Bryant agreement. Before that, no claims were probable, and the investigated claims were never brought."

- To the extent "NHB" documents are not on the privilege log, Mattel has waived privilege and should be compelled to produce them.

Please let me know if I can be of any further assistance in this matter.

Sincerely,

Marcus R. Mumford

cc: Michael H. Page, Esq.
    Mark E. Overland, Esq.

Exhibit 7
P. 108

Job number    : 185          *** SEND SUCCESSFUL *

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3144
TELEPHONE No.: (213) 687-5000
FACSIMILE No.: (213) 687-5600

## FACSIMILE TRANSMITTAL SHEET

FROM: Marcus Mumford                    DATE: February 4, 2008
DIRECT DIAL: (213) 687-5514             FLOOR/OFFICE No: 36
DIRECT FACSIMILE: (213) 621-5514

THIS FACSIMILE IS INTENDED ONLY FOR USE OF THE ADDRESSEE(S) NAMED HEREIN AND MAY CONTAIN LEGALLY PRIVILEGED AND/OR CONFIDENTIAL INFORMATION. IF YOU ARE NOT THE INTENDED RECIPIENT OF THIS FACSIMILE, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS FACSIMILE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS FACSIMILE IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL FACSIMILE TO US AT THE ADDRESS ABOVE VIA THE LOCAL POSTAL SERVICE. WE WILL REIMBURSE ANY COSTS YOU INCUR IN NOTIFYING US AND RETURNING THE FACSIMILE TO US.

IF THIS TRANSMISSION IS UNCLEAR OR INCOMPLETE, PLEASE CONTACT THE FACSIMILE DEPARTMENT AT (213) 687-5443. WHEN TRANSMITTING TO OUR MACHINES, PLEASE INCLUDE YOUR COVER SHEET AND NUMBER ALL PAGES CONSECUTIVELY.

TOTAL NUMBER OF PAGES INCLUDING COVER(S):   4

PLEASE DELIVER THE FOLLOWING PAGE(S) TO:

1.  NAME:  Timothy L. Alger, Esq.        FIRM:  Quinn Emanuel Urquhart, etc.
    CITY:  Los Angeles                   TELEPHONE No.:  (213) 443-3000
    FACSIMILE No.:  (213) 443-3100

2.  NAME:  Mark E. Overland, Esq.        FIRM:  Overland Borenstein Scheper & Kim
    CITY:  Los Angeles                   TELEPHONE No.:  (213) 613-4655
    FACSIMILE No.:  (213) 613-4656

3.  NAME:  Michael H. Page, Esq.         FIRM:  Keker & Van Nest, LLP
    CITY:  San Francisco                 TELEPHONE No.:  (415) 391-4300
    FACSIMILE No.:  (415) 397-7188

MESSAGE

COMPLETED

402988 01-Los Angeles Server 1A - MEW

08 FEB -4 PM 6:02

SASM & FL A:

Exhibit  7
P.  109

Exhibit 8

1 QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   John B. Quinn (Bar No. 90378)
2  (johnquinn@quinnemanuel.com)
   Michael T. Zeller (Bar No. 196417)
3  (michaelzeller@quinnemanuel.com)
   Jon D. Corey (Bar No. 185066)
4  (joncorey@quinnemanuel.com)
   Timothy L. Alger (Bar No. 160303)
5  (timalger@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
6  Los Angeles, California  90017-2543
   Telephone:  (213) 443-3000
7  Facsimile:  (213) 443-3100

8  Attorneys for Mattel, Inc.

9              UNITED STATES DISTRICT COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11                    EASTERN DIVISION

12 | CARTER BRYANT, an individual,       | CASE NO. CV 04-9049 SGL (RNBx)
13 |                                      | Consolidated with
   |              Plaintiff,              | Case Nos. CV 04-9059 & CV 05-2727
14 |        vs.                           |
   |                                      | **DISCOVERY MATTER**
15 | MATTEL, INC., a Delaware             |
16 | corporation,                         | **[To Be Heard By Hon. Edward Infante (Ret.) Pursuant To Order Of December 6, 2006]**
17 |              Defendant.              |
   |                                      | MATTEL, INC.'S OPPOSITION TO MGA'S AND CARTER BRYANT'S
18 |                                      | JOINT MOTION TO COMPEL PRODUCTION OF PURPORTEDLY
19 | AND CONSOLIDATED ACTIONS             | IMPROPERLY WITHHELD MATTEL DOCUMENTS
20 |                                      |
21 |                                      | [Declarations of Timothy L. Alger and Michael Moore filed concurrently]
22 |                                      | Date:   T.B.D.
23 |                                      | Time:   T.B.D.
   |                                      | Place:  T.B.D.
24 |                                      | **Phase 1**
25 |                                      | Discovery Cut-Off:    January 28, 2008
   |                                      | Pre-Trial Conference: May 5, 2008
   |                                      | Trial Date:           May 27, 2008
26
27
28

07975/2381811.1

MATTEL'S OPPOSITION TO MGA'S MOTION TO COMPEL

Exhibit _8_
P. _110_

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ............................................................. 1

BACKGROUND FACTS.................................................................... 1

    A.   Mattel Has Not Withheld Any Documents Because They Include "NHB" .................................................................................... 3

    B.   Mattel's Inadvertent Production of Bates Nos. M 0199767-68 and M 0199769-70.......................................................................... 3

    C.   MGA Failed to Meet and Confer Prior to Filing This Motion ............... 4

ARGUMENT.................................................................................. 4

I.    DOCUMENTS M 0199767-68 AND M 0199769-70 ARE PROTECTED BY ATTORNEY-CLIENT PRIVILEGE .................................. 4

II.   MATTEL IS NOT WITHHOLDING FROM PRODUCTION ANY NON-PRIVILEGED "NHB" DOCUMENTS........................................... 7

CONCLUSION................................................................................ 8

-i-

Exhibit _8_ ,
P. _iii_

## TABLE OF AUTHORITIES

**Page**

### Cases

Dabney v. Lodge, Inc.,
   82 F.R.D. 464 (1979)................................................................6

First Chicago Int'l v. United Exch. Co.,
   125 F.R.D. 55 (S.D.N.Y. 1989)..................................................7

Grace Cmty. Church v. Lenox Twp.,
   No. 06-13526, 2007 WL. 2534179 (E.D. Mich. Aug. 31, 2007)...........8

In re M & L Bus. Mach. Co., Inc.,
   161 B.R. 689 (D. Colo. 1993).....................................................7

McCook Metals, L.L.C. v. Alcoa, Inc.,
   192 F.R.D. 242 (N.D. Ill. 2000)..................................................6

Natta v. Zletz,
   418 F.2d 633 (7th Cir. 1969)......................................................6

United States v. Kovel,
   296 F.2d 918 (2d Cir. 1961).......................................................6

United States v. Martin,
   278 F.3d 988 (9th Cir. 2002)......................................................5

Upjohn Co. v. United States,
   449 U.S. 383 (1981).................................................................7

### Rules

Local Rule 37-1 ...........................................................................1

## Preliminary Statement

The two documents at issue on this motion (Bates Nos. M 0199767-68 and M 0199769-70) are quintessential attorney-client privileged communications.

One of the documents that MGA seeks to compel, Bates Nos. M 0199767-68, was prepared by a paralegal acting under the supervision of an in-house Mattel attorney, Michael Moore. Mr. Moore himself prepared the second document, Bates Nos. M 0199769-70. Mr. Moore transmitted both documents to outside counsel for Mattel, for the purpose of obtaining legal advice. Mattel's counsel did not reveal the two documents or their contents to anyone, except through the inadvertent production of the documents in discovery in this case.[1]

Both documents are protected by attorney-client privilege. The documents record and constitute confidential communications among counsel and their agents. Defendants' motion as to these documents should be denied.

Defendants' demand that Mattel search for and produce all "NHB" documents also should be rejected. Mattel has not withheld from production any non-privileged documents because they contain "NHB."

The motion should be denied in its entirety.

## Background Facts

### A.   The Documents At Issue

While acting solely as Mattel's legal advisor, not in a business capacity, Mattel in-house counsel Michael Moore instructed Adelle Jones, a paralegal within Mattel's Law Department, to prepare the document stamped Bates No. M 0199767 -

---

[1]   The inadvertent production of the two documents does not operate as a waiver of Mattel's privilege claims. Immediately upon discovering the inadvertent production, Mattel asked the parties, pursuant to the Stipulated Protective Order, to return and destroy all copies of the documents in their possession.

-1-
MATTEL'S OPPOSITION TO MGA'S MOTION TO COMPEL

Exhibit 8
p. 113

1  M 0199768 in 2003.[2]  The document records information gathered by Ms. Jones at

2  Mr. Moore's request and outside counsel's request.[3]  The document was transmitted

3  by Mr. Moore to outside legal counsel for purposes of obtaining legal advice.[4]

4        Mr. Moore himself created the document stamped Bates No.

5  M 0199769 - M 0199770.[5]  It reflects his communications with and directions from

6  outside counsel regarding tasks to be performed.[6]  The document also reflects

7  notations referring to communications with Jill Thomas, Mattel's Assistant General

8  Counsel, and outside counsel.[7]  Mr. Moore also transmitted the document to outside

9  legal counsel for purposes of obtaining legal advice.[8]

10        Neither document Bates No. M 0199767 - M 0199768 nor Bates No.

11  M 0199769 - M 0199770 were created for any business reason, and they were not

12  disclosed to anyone outside the Mattel legal department or outside counsel.[9]  The

13  only disclosure to a third party was the inadvertent production of the two documents

14  through discovery in this litigation, as discussed further below.[10]  Mattel has not

15  intentionally waived, or intended to waive, at any time, the attorney-client privilege

16  with respect to documents Bates stamped M 0199767 - M 0199768 nor Bates No. M

17  0199769 - M 0199770.[11]

18

19

20

21

22  [2] Id. ¶ 4.
23  [3] Id.
24  [4] Id.
    [5] Id. ¶ 5.
25  [6] Id.
26  [7] Id.
    [8] Id.
27  [9] Id. ¶ 6.
    [10] Id.
28  [11] Id.

07975/2381811.1

Exhibit 8

P. 114

-2-

MATTEL'S OPPOSITION TO MGA'S MOTION TO COMPEL

B.   **Mattel's Inadvertent Production of Bates Nos. M 0199767-68 and M 0199769-70**

Quinn Emanuel employs a team of attorneys to review documents in this case.[12]  To date, these attorneys have reviewed many hundreds of thousands of documents and Mattel has produced in discovery nearly 900,000 pages of documents thus far.[13]  Among those documents were Bates Nos. M 0199767 – M 0199768 and M 0199769 - M 0199770, which were among a very large quantity of electronic documents found on a Mattel database.  They were produced unintentionally and without knowledge that privileged documents were being produced.[14]

On January 17, 2008, Mattel's counsel learned that documents stamped Bates Nos. M 0199767 - M 0199768 and M 0199769 - M 0199770 were produced inadvertently to the parties during discovery.[15]  Pursuant to Section 13 of the Stipulated Protective Order, Mattel immediately wrote to the parties to request that they destroy all electronic versions of the documents, return all paper copies of the documents and certify compliance with Mattel's requests.[16]

C.   **Mattel Has Not Withheld Any Documents Because They Include "NHB"**

Defendants attempt to make much of the use of "NHB" in the two documents and speculate that Mattel has not searched for or withheld documents

---

[12] Alger Dec. ¶ 3.
[13] Id.
[14] Id.
[15] Id. ¶ 4.
[16] Letter from Timothy Alger to Michael Page, Thomas Nolan & Mark Overland, dated Jan. 17, 2008, Alger Dec., Exh. 1.

-3-

MATTEL'S OPPOSITION TO MGA'S MOTION TO COMPEL

Exhibit 8
P. 115

1   because they use "NHB" instead of "MGA."[17]  However, Mattel has not withheld

2   from production any non-privileged document on the basis that it uses "NHB," and

3   it has informed defendants' counsel of this.[18]

4

5        **D.**     **MGA Failed to Meet and Confer Prior to Filing This Motion**

6        MGA wrote to Mattel after business hours on Friday, January 18, 2008,

7   to request a conference of counsel pursuant to the Stipulated Protective Order,

8   which provides that a conference shall occur within five court days of a party's

9   request.[19]

10       During the entire week of January 21, 2008, Mattel's counsel was

11  preparing for and taking numerous depositions before the Phase I discovery cut-off

12  on January 28, 2008.[20]  Accordingly, Mattel proposed to MGA that the parties meet-

13  and-confer on January 28, 2008, which was within the five-day window.[21]  Rather

14  than make any effort to confer that day, MGA filed this motion.[22]

15

16                  **Argument**

17  **I.**    **DOCUMENTS M 0199767-68 AND M 0199769-70 ARE PROTECTED**

18       **BY ATTORNEY-CLIENT PRIVILEGE**

19       The Ninth Circuit defines the attorney-client privilege to include the

20  following elements: "(1) When legal advice of any kind is sought (2) from a

21      [17]  Documents Bates stamped M 0199767-68 and M 0199769-70 use the initials

22  "NHB."  It is a designation used by Mattel's in-house and outside counsel, either

23  among themselves or in communication with their client.  Moore Dec. ¶ 7.

    [18]  Declaration of Timothy L. Alger dated February 7, 2008 ("Alger Dec.") ¶¶ 2,

24  9.

25      [19]  Letter from Marcus Mumford to Timothy Alger, dated Jan. 18, 2008, Alger

Dec., Exh. 3.

26      [20]  Alger Dec. ¶ 6.

27      [21]  Letter from Timothy Alger to Marcus Mumford, dated Jan. 25, 2008, Alger

Dec., Exh. 4.

28

Exhibit __8__ ,
P. __116__

-4-

MATTEL'S OPPOSITION TO MGA'S MOTION TO COMPEL

1  professional legal adviser in his or her capacity as such, (3) the communications
2  relating to that purpose, (4) made in confidence (5) by the client, (6) are, at the
3  client's instance, permanently protected (7) from disclosure by the client or by the
4  legal adviser (8) unless the protection be waived." United States v. Martin, 278 F.3d
5  988, 999 (9th Cir. 2002).
6       The two documents at issue in this motion are protected by the
7  attorney-client privilege because all of the above elements are satisfied:
8       **Mattel Sought Legal Advice:** As stated in Mr. Moore's declaration,
9  while acting solely as the company's legal advisor, Mr. Moore instructed a paralegal
10 within Mattel's Law Department to prepare the document Bates stamped M
11 0199767-68. Mr. Moore transmitted the document to outside legal counsel for
12 purposes of obtaining legal advice.
13      **From a Professional Legal Adviser:** At all times, Mr. Moore acted
14 on behalf of Mattel solely in his legal capacity, and he consulted with outside legal
15 counsel. Further, while Mr. Moore was acting as legal counsel to Mattel, when he
16 communicated with outside legal counsel, he acted as an agent for Mattel. See Natta
17 v. Zletz, 418 F.2d 633, 637 (7th Cir. 1969) (explaining communications between
18 internal and external legal counsel "are essentially between the corporation and its
19 outside attorneys"); McCook Metals, L.L.C. v. Alcoa, Inc., 192 F.R.D. 242, 255
20 (N.D. Ill. 2000) ("To the extent that the communications are between outside
21 counsel and in-house counsel, these are considered communications between
22 attorney and client, with the in-house counsel acting as agent for the corporate
23 client.").
24      **Communications Were for the Purpose of Receiving Legal Advice:**
25 The communications between Mr. Moore and outside counsel were for the purpose
26 of providing professional legal advice to Mattel. The two documents at issue were
27
28 [22] Alger Dec. ¶ 7.

Exhibit _8_,
P. _117_

1    prepared either by Mr. Moore or a paralegal working under his supervision.  They

2    reflect and constitute communications between Mattel in-house counsel and outside

3    counsel.  See United States v. Kovel, 296 F.2d 918, 921 (2d Cir. 1961) (documents

4    prepared by a paralegal acting as an agent of an attorney are protected by the

5    attorney-client privilege); Dabney v. Lodge, Inc., 82 F.R.D. 464, 465 (1979)

6    (communications with paralegal subordinates are protected by attorney-client

7    privilege); First Chicago Int'l v. United Exch. Co., 125 F.R.D. 55, 57-8 (S.D.N.Y.

8    1989) (privilege applies to documents created at behest of external and internal legal

9    counsel to "assess [the corporation's] legal options"); In re M & L Bus. Mach. Co.,

10    Inc., 161 B.R. 689, 693 (D. Colo. 1993) (privilege applies to memoranda prepared

11    by bank's employees at request of bank's internal counsel to assess bank's potential

12    liability).

13    **Communications Were Made in Confidence by the Client:** The

14    documents were confidential and have not been disclosed to any third party, except

15    for the inadvertent production in this case.  Mattel immediately requested the return

16    and destruction of the documents from the parties pursuant to the Protective Order

17    upon learning that they had been produced inadvertently during discovery.

18    Defendants' assertion that document M 0199767-68 is discoverable

19    because it contains a "summary of underlying facts" (Mot. at 8) is nonsensical.  The

20    documents were communications among counsel and reflect and constitute attorney

21    communications.  Such communications are fundamentally privileged.  Upjohn Co.

22    v. United States, 449 U.S. 383, 390 (1981) (attorney-client privilege protects "the

23    giving of information to the lawyer to enable him to give sound and informed

24    advice"); see also Order of January 9, 2008 (Discovery Master finding that

25    communication of drawing between attorney and illustrator-agent protected by

26    attorney-client privilege).

27    **Mattel Continues to Assert the Attorney-Client Privilege and Has**

28    **Not Waived It:** Upon discovering that the documents had been produced

Exhibit  8
P. 118

1    inadvertently in discovery, Mattel immediately asked the parties to return and

2    destroy all copies in their possession pursuant to the Protective Order. Mattel has

3    not waived the privilege through the inadvertent production of the two documents in

4    discovery. See Grace Cmty. Church v. Lenox Twp., 2007 WL. 2534179, at *3, *5

5    (E.D. Mich. Aug. 31, 2007) (upholding privilege for inadvertently produced

6    document that was not marked "attorney-client privilege").[23]

7

8    **II.    MATTEL IS NOT WITHHOLDING FROM PRODUCTION ANY**

9    **NON-PRIVILEGED "NHB" DOCUMENTS**

10        There is no basis for defendants' unfocused demand for an order

11   compelling a search for "NHB" documents. Indeed, the Discovery Master

12   previously has rejected as improper the kind of sweeping demand made here that is

13   unmoored from any particular discovery requests. Further, Mattel is not

14   withholding from production any non-privileged documents that contain "NHB."[24]

15   Mattel has informed defendants of this.[25] Mattel agrees with defendants that an

16   otherwise responsive document would not become non-responsive simply because it

17   refers to "NHB." Illustrating this is a document that defendants used as an exhibit at

18   the deposition of Robert Eckert, Bates No. M 0257834.[26]

19        Also meritless is defendants' assertion that they are entitled to all

20   documents that might make reference to "NHB." The Discovery Master has already

21   repeatedly rejected this contention. See, e.g., Order of May 22, 2007, at 17-19

22   (rejecting MGA's demand that Mattel produce documents "that merely mention

23

24   [23] The Stipulated Protective Order in this case makes clear that inadvertent

25   production does not operate as a waiver. See Stipulated Protective Order, ¶ 13 (mandating the return of documents on demand, while reserving the other parties'

26   right to challenge a claim of privilege after the return of the documents).

27   [24] Alger Dec. ¶ 2.

28   [25] Id. ¶ 9.
     [26] Id. ¶ 2.

Exhibit 8,
P. 119

07975/2381811.1

-7-

1   MGA, Larian, Bratz or other MGA products, regardless of whether or not they have

2   anything to do with the claims and defenses in the case").  Mattel is not obligated to

3   produce or log all documents that refer to MGA, whether or not the document uses

4   "NHB."

5

6                                    **Conclusion**

7            For the foregoing reasons, Mattel respectfully requests that the

8   Discovery Master deny MGA's motion to compel in its entirety.

9

10  DATED:  February 7, 2008            Respecfully submitted,

11                                     QUINN EMANUEL URQUHART OLIVER &
                                       HEDGES, LLP

12

13

14                                     By_____

15                                        Timothy L. Alger
                                          Attorneys for Mattel, Inc.

16

17

18

19

20

21

22

23

24

25

26

27

28                                     Exhibit  8  ,
                                       P.  130

07975/2381811.1
                                       -8-
                         MATTEL'S OPPOSITION TO MGA'S MOTION TO COMPEL

Exhibit 9

1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
2     John B. Quinn (Bar No. 090378)
      johnquinn@quinnemanuel.com
      Michael T. Zeller (Bar No. 196417)
3     (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
4     (joncorey@quinnemanuel.com)
      Timothy L. Alger (Bar No. 160303)
5     (timalger@quinnemanuel.com)
    865 South Figueroa Street, 10th Floor
6   Los Angeles, California 90017-2543
    Telephone: (213) 443-3000
7   Facsimile: (213) 443-3100

8   Attorneys for Plaintiff Mattel, Inc.

9

10                 UNITED STATES DISTRICT COURT

11                CENTRAL DISTRICT OF CALIFORNIA

12                      EASTERN DIVISION

13  CARTER BRYANT, an individual,          CASE NO. CV 04-9049 SGL (RNBx)

14           Plaintiff,                     Consolidated with Case No. CV 04-
                                            09059 and Case No. CV 05-02727
15        vs.
                                            **DISCOVERY MATTER**
16  MATTEL, INC., a Delaware
    corporation,                            **[To Be Heard By Discovery Master
17                                          Hon. Edward Infante (Ret.)]**
            Defendant.
18                                          DECLARATION OF MICHAEL
                                            MOORE IN SUPPORT OF MATTEL,
19  AND CONSOLIDATED CASES                  INC.'S OPPOSITION TO MGA'S AND
                                            CARTER BRYANT'S JOINT
20                                          MOTION TO COMPEL
                                            PRODUCTION OF PURPORTEDLY
21                                          IMPROPERLY WITHHELD MATTEL
                                            DOCUMENTS
22
                                            Date:   T.B.D.
23                                          Time:   T.B.D.
                                            Place:  T.B.D.
24
                                            **Phase 1**
25                                          Discovery Cut-Off:    January 28, 2008
                                            Pre-Trial Conference: May 5, 2008
26                                          Trial Date:           May 27, 2008

27

28

U7209/2381821.1

                                            DECLARATION OF MICHAEL MOORE

                     Exhibit 9
                     P. 121

## DECLARATION OF MICHAEL MOORE

I, Michael Moore, declare as follows:

1.      I make this declaration in support of Mattel's Opposition to MGA Entertainment, Inc.'s and Carter Bryant's Joint Motion to Compel Production of Purportedly Improperly Withheld Mattel Documents.  I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

2.      I have been a Mattel employee since December 2000.  I am currently Expert Counsel in Mattel, Inc.'s Law Department.

3.      By making this declaration, as Mattel's legal counsel, I hereby expressly reserve all rights, duties and privileges on behalf of Mattel and my own under the applicable law of California and federal law, including, but not limited to, California Evidence Code sections 950-962, Federal Rule of Evidence 501 and California Business Professions Code section 6068(e), which requires that I "maintain inviolate the confidence, and at every peril to [me], to preserve the secrets of [my] client."

4.      Acting solely as the company's legal advisor, I instructed Adelle Jones, a paralegal within Mattel's Law Department, to prepare for me the document Bates stamped M 0199767-68 in 2003.  It records information gathered by Ms. Jones at my request and outside counsel's request.  I then transmitted the document to outside legal counsel for purposes of obtaining legal advice.

5.      Also acting solely as the company's legal advisor, I personally created the document Bates stamped M 0199769-70 in 2003.  It reflects my communications with and directions from Mattel's outside counsel regarding tasks to be performed.  The document also reflects notations from Jill Thomas, Mattel's Assistant General Counsel, and Mattel's outside counsel.  I also transmitted the document to outside legal counsel for purposes of obtaining legal advice.

Exhibit 9
P. 100

6.     I have not disclosed document Bates stamped M 0199767-68 or Bates stamped M 0199769-70 or their contents to anyone outside Mattel's Law Department or Mattel's outside legal counsel.  Mattel has not intentionally waived, or intended to waive, at any time the attorney-client privilege with respect to documents Bates stamped M 0199767-68 and M 0199769-70.  These documents were gathered and then inadvertently produced in discovery among many thousands of other documents in this litigation.  The documents were on a Mattel database that was searched using key words.

7.     Documents Bates stamped M 0199767-68 and M 0199769-70 use the initials "NHB."  It is a designation that is used by Mattel's in-house and outside counsel, either among themselves or in communications with their client.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 7, 2008, at Los Angeles County, California.

Michael Moore

-3-

DECLARATION OF MICHAEL MOORE

07209/2381821.1

Exhibit 9,
P. 123

Exhibit 10

03-10-08 Infante Hearing Transcript.txt

```
1              UNITED STATES DISTRICT COURT

2             CENTRAL DISTRICT OF CALIFORNIA

3                  EASTERN DIVISION

4

5   CARTER BRYANT, AN INDIVIDUAL, )

6                  PLAINTIFF,      )
                                   )
7        VS.                       ) CASE NO.
                                   )
8   MATTEL, INC., A DELAWARE       ) CV 04-9049 SGL (RNBX)
    CORPORATION,                   ) [CONSOLIDATED WITH
9                                  ) CASE NO. 04-9059 AND
                   DEFENDANT.      ) CASE NO. 05-2727]
10                                 )
                                   )
11  _____ )
                                   )
12  AND CONSOLIDATED ACTION(S).    )
    _____ )

13

14

15        TELEPHONIC TRANSCRIPT OF

16        PROCEEDINGS, TAKEN BEFORE HON.

17        EDWARD A. INFANTE, AT 865 SOUTH

18        FIGUEROA STREET, THIRD FLOOR, LOS

19        ANGELES, CALIFORNIA, COMMENCING

20        AT 8:32 A.M., MONDAY, MARCH 10,

21        2008, BEFORE ANGELA DUPRE, CSR 7804.

22

23

24

25
```

2

0

Exhibit _10_,
P. _124_

```
                    03-10-08 Infante Hearing Transcript.txt
 1     APPEARANCES OF COUNSEL:

 2

       FOR CARTER BRYANT:
 3
            KEKER & VAN NEST, LLP
 4          BY:  MATTHEW M. WERDEGAR, ESQ.
                 MICHAEL H. PAGE, ESQ.
 5          710 SANSOME STREET
            SAN FRANCISCO, CALIFORNIA 94111
 6          (415) 391-5400
            (TELEPHONICALLY)
 7

 8     FOR MATTEL, INC.:

 9          QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
            BY:  TIMOTHY L. ALGER, ESQ.
10               JON D. COREY, ESQ.
                 HARRY A. OLIVAR, JR., ESQ.
11               B. DYLAN PROCTOR, ESQ.
                 DAVID W. QUINTO, ESQ.
12          865 SOUTH FIGUEROA STREET
            TENTH FLOOR
13          LOS ANGELES, CALIFORNIA 90017-2543
            (213) 443-3000
14

15     FOR MGA ENTERTAINMENT, INC.:

16          SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
            BY:  RAOUL D. KENNEDY, ESQ.
17               JOSE R. ALLEN, ESQ.
                 THOMAS J. NOLAN, ESQ.
18               RICHARD J. ZUROMSKI, JR., ESQ.
                 PAUL M. ECKLES, ESQ. (NEW YORK OFFICE)
19               MATTHEW E. SLOAN, ESQ. (LOS ANGELES OFFICE)
            FOUR EMBARCADERO CENTER
20          SUITE 3800
            SAN FRANCISCO, CALIFORNIA 94111
21          (415) 984-6400
            (TELEPHONICALLY)
22

23     ALSO PRESENT:

24          HON. EDWARD A. INFANTE (TELEPHONICALLY)

25
                                                             3
 0


 1               LOS ANGELES, CALIFORNIA; MONDAY

 2                     MARCH 10, 2008

 3                      8:32 A.M.
                      Page 2
```

Exhibit 10 ,
P. 125

03-10-08 Infante Hearing Transcript.txt

1    EVIDENCE BEFORE ME AND RULE ON THE MOTION.

2        MR. PAGE:  THANK YOU, YOUR HONOR.

3        JUDGE INFANTE:  WE HAVE NOW A MOTION NUMBER 5,

4    WHICH IS MGA AND CARTER BRYANT'S JOINT MOTION TO

5    COMPEL PRODUCTION OF IMPROPERLY WITHHELD MATTEL

6    DOCUMENTS SHOWING MATTEL'S INVESTIGATION OF MGA AND

7    CARTER BRYANT, PRIOR TO NOVEMBER 2003, AND TO

8    COMPEL PRODUCTION OF ALL, QUOTE, NHB, UNQUOTE,

9    DOCUMENTS.

10           YOU MAY PROCEED.

11       MR. KENNEDY:  THANK YOU, YOUR HONOR.  RAOUL

12   KENNEDY.

13           I CANNOT OVERSTATE THE IMPORTANCE OF THIS

14   MOTION, BOTH ASPECTS OF IT, PARTICULARLY AS IT

15   BEARS ON THE IMPLIED WAIVER REQUEST.

16           WE HAVE NOW TWO DOCUMENTS THAT HAVE BEEN

17   PRODUCED:  ONE DATED AUGUST 2003 AND ANOTHER THAT

18   APPEARS TO HAVE BEEN GENERATED AROUND JUNE OF 2003,

19   GIVEN THE SUBJECT MATTER, BOTH OF WHICH REVEAL THAT

20   MATTEL IS USING A CODE NAME, CLOAK AND DAGGER

21   STUFF, TO REFER TO MGA, ALL -- MANY MONTHS BEFORE

22   THEY SUPPOSEDLY FIRST STUMBLED ON ANYTHING IN

23   NOVEMBER OF 2003.

24           TO ADD TO IT, WHEN THESE DOCUMENTS GET

25   PRODUCED AND THE CLAWBACK STARTS, MATTEL TELLS US

                                              45

0

1    THEY ARE PRIVILEGED, NOT ONLY BY THE

2    ATTORNEY-CLIENT PRIVILEGE, BUT BY THE WORK PRODUCT

3    RULE.

                 Page 40

              Exhibit /0 ,
              P. /26

03-10-08 Infante Hearing Transcript.txt

4          NOW, IF THERE'S NOBODY IN THIS CASE WHO'S

5   UNDER ANY MISIMPRESSION AS TO WHAT YOU NEED IN

6   ORDER TO BE ASSERTING WORK PRODUCT -- AND I SUBMIT,

7   THIS ISN'T JUST SOME ESTATE AND TRUST LAWYER WHO IS

8   THROWING OUT ORDERS IDLY, WHEN WE POINTED OUT,

9   WELL, WHAT WAS THE LITIGATION THAT YOU WERE

10  CONTEMPLATING BACK AT THE TIME OF THESE DOCUMENTS

11  THAT CAUSED YOU TO BE USING CODE WORDS, WITHOUT

12  EXPLANATION?  THE WORK PRODUCT PRIVILEGE JUST GETS

13  WITHDRAWN WITHOUT ANY EXPLANATION AS TO WHAT WAS

14  INVOLVED.

15          AT A MINIMUM, YOUR HONOR, WE WOULD

16  REQUEST THAT YOU ORDER BOTH OF THESE DOCUMENTS BE

17  MADE AVAILABLE FOR IN CAMERA INSPECTION.  I THINK

18  YOU THAT YOU WILL FIND THAT THEY ARE EITHER FULLY

19  PRODUCIBLE OR AT LEAST SHOULD BE PRODUCED IN

20  REDACTED FORM.

21          IN ADDITION, AND MORE SIGNIFICANTLY, WE

22  DON'T HAVE ANY IDEA AS TO HOW MANY OTHER NHB

23  DOCUMENTS THERE MAY BE OUT THERE.  THEY DON'T

24  APPEAR ON PRIVILEGE LOGS, AT LEAST IDENTIFIED AS

25  NHB.  AND WE HAVE NO IDEA WHETHER MATTEL'S MANY

                                                    46

0

1   DOCUMENT SORTERS HAVE EVER BEEN ALERTED TO THE FACT

2   THAT NHB MEANS MGA, AND THAT YOU SHOULD BE ON THE

3   LOOKOUT FOR THEM.

4          AND SO AT A MINIMUM, I SUBMIT THAT WE

5   NEED AMENDED PRIVILEGE LOGS MAKING CLEAR THAT IF

6   THERE ARE DOCUMENTS THAT HAVE BEEN WITHHELD, THAT

Page 41

Exhibit _16_
P. _137_

03-10-08 Infante Hearing Transcript.txt

7   IF THEY INCLUDE NHB, THAT THAT REFERENCE BE THERE

8   AS WELL SO THAT WE CAN TEST THE VALIDITY OF THOSE

9   CLAIMS.

10           AND, FINALLY, IN THAT REGARD, YOU -- AS

11   YOU DIRECTED US TO DO, WITH REGARD TO PRIOR

12   DOCUMENT PRODUCTIONS BY MGA AND MR. LARIAN, I THINK

13   WE'RE ENTITLED TO SOME KIND OF ASSURANCE HERE THAT

14   MATTEL REALLY HAS CHECKED AND HAS MADE SURE THAT

15   EVERYBODY WHO HAS BEEN SORTING DOCUMENTS HAVE BEEN

16   AWARE OF THE FACT THAT NHB ALSO MEANS MGA.

17           THERE MAY BE A GOOD FAITH REASON FOR

18   REFERRING TO A COMPETITOR BY A CODE NAME, UNDER

19   THESE CIRCUMSTANCES, BUT ONE THAT CERTAINLY COMES

20   TO MIND WOULD BE TRYING TO BOLLIX UP A WORD SEARCH

21   SO THAT THINGS CAN'T BE TRACED.  AND EVEN IF THAT

22   WASN'T THE INTENT, THAT COULD CERTAINLY BE THE

23   EFFECT.

24           FINALLY, I JUST WANT TO EMPHASIZE, WE

25   HAVE THIS DECLARATION FROM MR. MOORE -- AND, AGAIN,

                                                    47

0

1   PEOPLE IN THIS CASE KNOW HOW TO WRITE DECLARATIONS.

2   MR. MOORE TELLS US DOCUMENTS ARE CREATED SOMETIME

3   IN 2003, AND THEN ARE TRANSMITTED TO THE OUTSIDE

4   COUNSEL FOR THE PURPOSE OF OBTAINING LEGAL ADVICE.

5   DOESN'T SAY THEY WERE CREATED FOR THE PURPOSE OF

6   OBTAINING LEGAL ADVICE.  SO WE'RE BACK TO THE OLD

7   THING, YOU CAN'T SEND THE BIBLE TO YOUR LAWYER AND

8   NOW CLAIM THE BIBLE IS PRIVILEGED.  AND WE HAVE A

9   VERY ARTFUL DECLARATION HERE WHICH, I THINK, CAUSES

Page 42

Exhibit  (D ,
P. 128

03-10-08 Infante Hearing Transcript.txt
10  SOME BELLS TO GO OFF.

11          BEYOND THAT, I WOULD BE REPEATING WHAT'S

12  IN THE PAPERS.  SO UNLESS YOUR HONOR HAS ANY

13  QUESTIONS, WE ARE PREPARED TO SUBMIT.

14      JUDGE INFANTE:  OKAY.  THANK YOU VERY MUCH.

15          DOES MATTEL HAVE ANY COMMENTS?

16      MR. ALGER:  YES, YOUR HONOR.  IT'S TIM ALGER,

17  FOR MATTEL.

18          JUST BRIEFLY, WE ARE PREPARED TO SUBMIT

19. THE DOCUMENTS TO THE COURT FOR REVIEW IN CAMERA.

20  THE DOCUMENTS ARE QUITE CLEAR THAT THEY WERE

21  PREPARED FOR THE PURPOSES OF DEFENDING MATTEL

22  INSIDE, BY IN-HOUSE COUNSEL, BUT ALSO TO

23  COMMUNICATE WITH OUTSIDE COUNSEL REGARDING FACTS

24  THAT WERE BEING LEARNED AT THAT PERIOD OF TIME.

25          A REVIEW OF THE DOCUMENTS MAKES IT QUITE

                                                    48

0

1   CLEAR -- AND MGA'S TRYING TO MISLEAD THE COURT

2   HERE, BECAUSE MGA HAS SEEN THE DOCUMENTS.  THE

3   DOCUMENTS ARE QUITE CLEAR THAT THEY INVOLVE

4   ATTORNEY RESEARCH, ATTORNEY INVESTIGATION, WHICH

5   WAS GOING ON IN THE -- IN 2003, THAT ULTIMATELY WAS

6   INVOLVED -- INVOLVED FACTS AND WITNESSES IN THIS

7   CASE.

8           THE DOCUMENTS ALSO DISCLOSE

9   COMMUNICATIONS WITH OUTSIDE COUNSEL AND IN-HOUSE

10  COUNSEL.  THE SECOND DOCUMENT THAT MR. MOORE

11  CREATED TALKS ABOUT MR. ZELLER, AND IT TALKS ABOUT

12  MS. THOMAS, AN IN-HOUSE COUNSEL AT MATTEL.  IT'S

Page 43

Exhibit 10 ,
P. 129

03-10-08 Infante Hearing Transcript.txt
13      QUITE CLEAR THAT THERE WAS DIALOGUING THAT WAS

14      GOING ON AMONG COUNSEL.  AND THE DELL JONES

15      DOCUMENT, THE FIRST DOCUMENT THAT INVOLVES A

16      PARTICULAR WITNESS IN THIS CASE, AND INVOLVES

17      INVESTIGATION INTO THAT WITNESS' BACKGROUND, AND

18      ALSO SPECULATES -- HAS SOME SPECULATION ABOUT THAT

19      WITNESS.  WE'RE CERTAINLY PREPARED TO PRESENT THOSE

20      TO THE DISCOVERY MASTER FOR REVIEW.

21              THERE'S NOTHING -- THERE'S NOTHING CLOAK

22      AND DAGGER GOING ON HERE.  AS IT'S BEEN DISCLOSED

23      IN THIS CASE, LONG AGO, MATTEL HAS A FILTER ON ITS

24      E-MAIL SYSTEM WHERE INCOMING AND OUTGOING E-MAILS

25      THAT REFERENCE CERTAIN NAMES OR ENTITIES ARE

49

0

1       CAPTURED IN THE FILTER.  AND MATTEL HAS USED -- THE

2       LEGAL DEPARTMENT HAS USED NHB FOR THE PURPOSES OF

3       NOT HAVING E-MAIL COMMUNICATIONS WITH OUTSIDE

4       COUNSEL CAPTURED IN THE FILTER.  THERE'S NOTHING

5       SURREPTITIOUS ABOUT THIS.

6               OUR CODERS -- I PERSONALLY SUPERVISED OUR

7       CODING TEAM IN THIS CASE.  OUR CODERS ARE TRAINED;

8       THEY KNOW WHAT NHB IS, THEY KNOW IT'S EQUIVALENT TO

9       MGA.  AND THE FACT THAT WE, MATTEL, PRODUCED

10      DOCUMENTS IN THIS CASE THAT REFERENCE NHB PROVE

11      THAT.  THEY PROVE IT.

12              THE TWO DOCUMENTS THAT WERE INADVERTENTLY

13      PRODUCED, THEY WENT TO ONE PARTICULAR ATTORNEY THAT

14      WAS REVIEWING DOCUMENTS, SHE DID NOT CATCH THE

15      PRIVILEGED NATURE OF THE DOCUMENTS.  THEY HAD NHB

Page 44

Exhibit 10 ,
P. 130

03-10-08 Infante Hearing Transcript.txt

16   ON THEM.  THEY DON'T SAY MGA.  THEY HAVE NHB.

17          THERE WAS ANOTHER DOCUMENT THAT WAS USED

18   AT MR. ECKERT'S DEPOSITION THAT HAS NHB ON IT.  IT

19   WAS PRODUCED.  IT'S NOT PRIVILEGED.  AND MGA STILL

20   HAS IT.  IT'S NOT JUST LUCK OF THE DRAW THAT THAT

21   DOCUMENT WAS PRODUCED.

22          SO IT'S QUITE CLEAR THAT WE HAVE BEEN

23   PRODUCING DOCUMENTS -- FINDING DOCUMENTS AND

24   PRODUCING DOCUMENTS THAT ARE RELEVANT, THAT HAVE --

25   WE HAVE BEEN ORDERED TO PRODUCE, OR THAT WE HAVE

0                                                      50

1    AGREED TO PRODUCE IN THIS CASE THAT REFERENCE NHB.

2    THERE'S NOTHING BEING WITHHELD ON THE BASIS THAT IT

3    INCLUDES THE USE OF THE WORDS -- THE INITIALS NHB,

4    INSTEAD OF MGA.

5        MR. KENNEDY:  YOUR HONOR, RAOUL KENNEDY.  IF I

6    COULD JUST HAVE ONE SENTENCE.

7            ALL OF THOSE ASSURANCES ARE COMING FROM

8    THE SAME MR. ALGER WHO REPRESENTED TO US THAT THESE

9    DOCUMENTS ENJOYED WORK PRODUCT PROTECTION AND HAS

10   DECLINED YET ANOTHER OPPORTUNITY THIS MORNING TO

11   EXPLAIN HOW HE WAS ABLE TO MAKE THAT KIND OF A

12   MISTAKE, IF IT WAS A MISTAKE.

13       MR. ALGER:  YOUR HONOR, I'M NOT GOING TO GET

14   INTO A -- SUCH A CONTEST WITH MR. KENNEDY HERE.  WE

15   ARE REPRESENTING IN THIS -- IN OPPOSITION OF THIS

16   MOTION, ATTORNEY-CLIENT PRIVILEGE TO PROTECT THESE

17   DOCUMENTS.  THAT'S SUFFICIENT.  WE DO NOT HAVE TO

18   ARGUE SOMETHING SIMPLY BECAUSE MR. KENNEDY WANTS TO

Page 45

Exhibit _10_ ,
P. _131_

03-10-08 Infante Hearing Transcript.txt

19      ARGUE IT.

20              WE HAVE PRESENTED EVIDENCE AND WE'RE

21      PREPARED TO PRESENT THE DOCUMENTS TO THE DISCOVERY

22      MASTER FOR REVIEW UNDER ATTORNEY-CLIENT PRIVILEGE,

23      AND -- AND THE HOBGOBLIN OF WORK PRODUCT AND TRYING

24      TO GET INTO THAT DEBATE IS UNNECESSARY THIS

25      MORNING.

                                                        51

0

1       JUDGE INFANTE:  OKAY.  THANK YOU, VERY MUCH.

2               COULD YOU JUST HOLD FOR ONE SECOND,

3       PLEASE.  I'LL BE WITH YOU IN JUST A MINUTE.

4               (BRIEF PAUSE IN PROCEEDING.)

5       JUDGE INFANTE:  COUNSEL, I'VE CONSIDERED THAT

6       MOTION BRIEFLY.  AND THE MOTION IS GRANTED.  THE

7       TWO DOCUMENTS THAT ARE AT ISSUE SHALL BE SUBMITTED

8       TO ME IN CAMERA.

9               AND WITH RESPECT TO THE SECOND PART OF

10      THE MOTION RELATING TO NHB DOCUMENTS, THE MOTION IS

11      GRANTED.  AND THE COMPLIANCE DATE SHOULD BE BY

12      MARCH 14TH.

13              I WILL ISSUE A WRITTEN ORDER.  I EXPECT

14      YOU TO HAVE IT BY THE CLOSE OF BUSINESS TODAY.

15              DID COUNSEL HEAR ME OKAY ON THAT?

16      MR. WERDEGAR:  THANK YOU, YOUR HONOR.

17      MR. PAGE:  YES, YOUR HONOR.

18      JUDGE INFANTE:  ALL RIGHT.  WE'LL MOVE NOW TO

19      THE NEXT MOTION.

20              BEFORE I DO, DOES THE COURT REPORTER NEED

21      A BREAK?

Exhibit 16,
P. 132

03-10-08 Infante Hearing Transcript.txt

22    COURT REPORTER:  I'M FINE.  THANK YOU.

23    MR. COREY:  DID YOU HEAR THAT, YOUR HONOR?  SHE

24    SAID THAT SHE WAS FINE.

25        JUDGE INFANTE:  OKAY.  WE ARE GOING TO MOVE TO

52

0

1     MOTION NUMBER 6.  THIS IS CARTER BRYANT'S MOTION TO

2     QUASH MATTEL'S SUBPOENA, ISSUED TO THE PEOPLES BANK

3     OF THE OZARKS.  THE MOTION WAS FILED ON

4     JANUARY 28TH.

5         CARTER BRYANT MAY PROCEED.

6     MR. WERDEGAR:  GOOD MORNING, YOUR HONOR.

7     AGAIN, MATT WERDEGAR FOR CARTER BRYANT.

8         THIS MOTION ALSO HAS BEEN EXTENSIVELY

9     BRIEFED.  I DON'T WANT TO GO THROUGH EVERYTHING

10    THAT'S IN THE PAPERS.  I JUST WANT TO REEMPHASIZE

11    BRIEFLY TWO POINTS.

12        FIRST OF ALL, YOUR HONOR, MATTEL'S

13    CONDUCT WITH RESPECT TO THE SUBPOENA IS TROUBLING.

14    THE SUBPOENA WAS SIGNED ON JANUARY 15TH OF 2008.

15    IT WAS SERVED ON THE PEOPLES BANK OF THE OZARKS ON

16    JANUARY 18TH OF 2008.  BUT CARTER BRYANT WAS NOT

17    PROVIDED WITH ANY NOTICE OF THE SUBPOENA UNTIL

18    JANUARY 25TH, A FRIDAY AFTERNOON, A WEEK AFTER THE

19    SUBPOENA WAS SERVED.

20        MATTEL HAS ADMITTED THAT THIS VIOLATED

21    THE PRIOR NOTICE REQUIREMENTS OF RULE 45(B), BUT

22    THE ATTEMPT TO ARGUE IT WAS MERELY A TECHNICAL

23    VIOLATION, AND IT SHOULDN'T BE A REASON FOR

24    QUASHING THE SUBPOENA, BECAUSE THERE WAS NO

Page 47

Exhibit 10
P. 133

03-10-08 Infante Hearing Transcript.txt

10       THE FOREGOING TRANSCRIPT IS A TRUE AND

11  CORRECT TRANSCRIPT OF MY SHORTHAND NOTES SO TAKEN;

12       I FURTHER CERTIFY THAT I AM NEITHER

13  COUNSEL FOR NOR RELATED TO ANY PARTY TO SAID ACTION

14  NOR IN ANY WAY INTERESTED IN THE OUTCOME THEREOF.

15       IN WITNESS WHEREOF, I HAVE HEREUNTO

16  SUBSCRIBED MY NAME THIS_____DAY OF

17  _____, 2008.

18

19

20

21     _____

22

23

24

25

90

Page 81

Exhibit 10 ,
P. 134

Exhibit 11

1  Hon. Edward A. Infante (Ret.)
   JAMS
2  Two Embarcadero Center
   Suite 1500
3  San Francisco, California 94111
   Telephone:     (415) 774-2611
4  Facsimile:      (415) 982-5287

5

6

7

8                        . UNITED STATES DISTRICT COURT

9                        CENTRAL DISTRICT OF CALIFORNIA

10                             EASTERN DIVISION

11

12  CARTER BRYANT, an individual,          CASE NO. CV 04-09049 SGL (RNBx)
                                           JAMS Reference No. 1100049530
13            Plaintiff,

14       v.                                Consolidated with
                                           Case No. CV 04-09059
15  MATTEL, INC., a Delaware corporation,  Case No. CV 05-2727

16            Defendant.                   ORDER DIRECTING MATTEL TO
                                           SUBMIT DOCUMENT NOS.
17                                         M0199767-68 AND M0199769-70 FOR
                                           IN CAMERA REVIEW; GRANTING
18                                         MOTION TO COMPEL PRODUCTION
                                           OF "NHB" DOCUMENTS
19  CONSOLIDATED WITH
20  MATTEL, INC. v. BRYANT and
    MGA ENTERTAINMENT, INC. v. MATTEL,
21  INC.

22

23        On January 28, 2008, MGA Entertainment, Inc. ("MGA") and Carter Bryant ("Bryant")

24  submitted a joint "Motion to Compel Production of Improperly Withheld Mattel Documents

25  Showing Mattel's Investigation of MGA and Carter Bryant Prior to November 2003 and to

26  Compel Production of all 'NHB' Documents." On February 7, 2008, Mattel, Inc. ("Mattel")

27

28
    Bryant v. Mattel, Inc.,
    CV-04-09049 SGL (RNBx)

                         Exhibit _11_,
                         P. _135_                                          1

1    submitted an opposition, and on February 15, 2008, Mattel submitted a reply. The parties were

2    directed to meet and confer further regarding the motion, which has been completed.  The motion

3    was heard on March 10, 2008.

4         This motion raises essentially two issues arising from Mattel's recent request to claw back

5    two documents.  The first issue concerns the documents themselves, bearing Bates Nos.

6    M0199767-68 and M0199769-70.  MGA and Bryant describe the two documents at issue as

7    follows:

8         "•M0199767-68 reflects a summary of former MGA employee Mercedah Ward's

9         contact with Mattel, including the fact that Mattel employees were reaching out to

10        her in 2001 for information concerning the development and creation of Bratz,

11        and the suggestion that Mattel had concluded that Ward was the source of the

12        anonymous letter Mattel CEO Robert Eckert received in August 2002 – extremely

13        relevant information going, *inter alia*, to the parties' statute of limitations and

14        laches defenses.

15        •M0199769-70 reflects a task list, dated August 10, 2003, including the efforts of

16        Mattel employees to contact MGA employees; a "suspected mole"; the obtaining

17        of human resources files of Mattel employees; the pulling of Carter Bryant's

18        PeopleSoft information and employment file; a reference to Mattel's current trial

19        counsel; and inquiries into MGA and Carter Bryant.  The assertion of work

20        product with respect to this document, dated August 2003, is particularly

21        problematic in that it directly contravenes the position Mattel has taken with this

22        Court concerning when it first suspected and began collecting evidence

23        concerning the alleged wrongdoing."

24   Joint Motion at p.1.  MGA and Bryant contend that the two documents are responsive to several

25   discovery requests and are not protected by either the attorney-client privilege or the work product

26   doctrine.  More specifically, MGA and Bryant contend that the first document at issue does not

27

28   Bryant v. Mattel, Inc.,
     CV-04-09049 SGL (RNBx)

Exhibit 11 ,
P. 136

2

1  contain any indicia of a request for legal advice, but rather consists of a summary of underlying

2  facts. MGA and Bryant contend that the second document similarly lacks any evidence that it

3  reflects confidential attorney-client communications, but instead consists of a "to do" list. MGA

4  and Bryant contend that the two documents at issue are not protected by the work product

5  doctrine because the documents were not prepared in anticipation of litigation.

6      Mattel contends that the two documents are protected by the attorney-client privilege. To

7  substantiate its claims of privilege, Mattel submitted the declaration of its counsel, Michael

8  Moore, which states, in pertinent part, as follows:

9      4.   Acting solely as the company's legal advisor, I instructed Adelle Jones, a

10     paralegal within Mattel's Law Department, to prepare for me the document Bates

11     stamped M0199767-68 in 2003. It records information gathered by Ms. Jones at

12     my request and outside counsel's request. I then transmitted the document to

13     outside legal counsel for purposes of obtaining legal advice.

14     5.   Also acting solely as the company's legal advisor, I personally created the

15     document Bates stamped M0199769-70 in 2003. It reflects my communications

16     with and directions from Mattel's outside counsel regarding tasks to be performed.

17     The document also reflects notations from Jill Thomas, Mattel's Assistant General

18     Counsel, and Mattel's outside counsel. I transmitted the document to outside legal

19     counsel for purposes of obtaining legal advice.

20  Decl. of Michael Moore in Support of Mattel's Opposition.

21     An *in camera* inspection of disputed documents is appropriate to resolve claims of

22  privilege. See United States v. Zolin, 491 U.S. 554, 568-69, 109 S.Ct. 2619, 105 L.Ed.2d 469

23  (1989). The practice is both long-standing and routine in cases involving claims of privilege. In

24  re Grand Jury Subpoenas Dated March 19, 2002 and August 2, 2002, 318 F.3d 379 (2d Cir.

25  2003); see also In re Grand Jury Proceedings, 220 F.3d 568, 571 (7th Cir. 2000). Accordingly,

26

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

Exhibit 11 ,
P. 137

3

1   Mattel is ordered to submit the disputed documents for *in camera* review no later than March 14,

2   2008.

3         The second issue concerns references to "NHB" in the two clawed back documents.  MGA

4   and Bryant contend that Mattel uses the codename "NHB" for MGA.  Aside from the two clawed

5   back documents, MGA and Bryant are aware of only one other instance of "NHB" documents in

6   Mattel's document production – the use of "NHB Timeline" across the top of an e-mail that Mattel

7   CEO Robert Eckert forwarded to himself related to this lawsuit.  There are no other "NHB"

8   documents in Mattel's production or listed on Mattel's privilege log.

9         MGA and Bryant contend that Mattel should not be able to hide behind its codename for

10   MGA to avoid its discovery obligations.  They contend that all documents referencing MGA as

11   "NHB" are responsive to any document requests that call for MGA documents, regardless of the

12   manner in which MGA is referenced.  Accordingly, MGA and Bryant request an order

13   compelling Mattel to produce all "NHB" documents that are responsive to MGA's First Set of

14   Requests for Production of Documents and Things dated January 31, 2004 ("MGA's Requests").

15   Joint Motion at p.8.

16         In response, Mattel represents that it "has not withheld from production any non-

17   privileged documents because they contain 'NHB.'"  Mattel's Opposition at p.1.  Elsewhere Mattel

18   represents that it "has not withheld from production any non-privileged documents on the basis

19   that it uses 'NHB,'" (id. at p.4; see also Alger Decl., ¶2), and that "Mattel is not withholding from

20   production any non-privileged documents that contain 'NHB'." (Id. at .7).  As an example, Mattel

21   points to the NHB Timeline.  Furthermore, Mattel contends that MGA and Bryant are not entitled

22   to documents simply because they contain a reference to "NHB."

23         MGA and Bryant's motion to compel production of "NHB" documents is granted.  Mattel

24   has not confirmed that documents containing "NHB" were searched for in response to MGA's

25   Requests and Mattel's submissions appear to side-step the issue.  Mattel has also not confirmed

26   that "NHB" documents were not inadvertently deemed non-responsive and/or overlooked on

27

28

1  account of Mattel's use of the codename "NHB." In other words, Mattel has not confirmed

2  whether documents that refer to MGA only by the "NHB" codename have been reviewed for

3  responsiveness and produced. In particular, Mattel has not verified whether it has conducted a

4  key word search of its databases using the codename "NHB." Accordingly, MGA and Bryant's

5  motion to compel production of "NHB" documents is granted. Mattel shall conduct a search of

6  all "NHB" documents in its databases and produce all "NHB" documents that are responsive to

7  MGA's Requests no later than March 14, 2008. All responsive documents being withheld on the

8  basis of a claim of privilege must be identified on a privilege log, which must also be produced no

9  later than March 14, 2008.

10        Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery

11  Master, MGA shall file this Order with the Clerk of Court forthwith.

12

13  Dated: March 10, 2008

14                                    HON. EDWARD A. INFANTE (Ret.)
                                      Discovery Master

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

Exhibit ǁ ,
P. 139

5

Exhibit 12

1   Hon. Edward A. Infante (Ret.)
    JAMS
2   Two Embarcadero Center
    Suite 1500
3   San Francisco, California 94111
    Telephone:    (415) 774-2611
4   Facsimile:    (415) 982-5287

5

6

7

8                   UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10                         EASTERN DIVISION

11

12   CARTER BRYANT, an individual,          CASE NO. CV 04-09049 SGL (RNBx)
                                            JAMS Reference No. 1100049530
13                Plaintiff,

14         v.                               Consolidated with
                                            Case No. CV 04-09059
15   MATTEL, INC., a Delaware corporation,  Case No. CV 05-2727

16                Defendant.                **ORDER DENYING MGA AND
                                            BRYANT'S JOINT MOTION TO
17                                          COMPEL PRODUCTION OF
                                            DOCUMENT NOS. M0199767-68 AND
18                                          M0199769-70**

19   CONSOLIDATED WITH
     MATTEL, INC. v. BRYANT and
20   MGA ENTERTAINMENT, INC. v. MATTEL,
     INC.
21

22         Pursuant to court order, on March 12, 2008, Mattel Inc. ("Mattel") submitted documents

23   bearing Bates Nos. M0199767-68 and M0199769-70 for *in camera* review.  The two documents

24   are the subject of MGA Entertainment, Inc.'s ("MGA") and Carter Bryant's ("Bryant") joint

25   "Motion to Compel Production of Improperly Withheld Mattel Documents Showing Mattel's

26   Investigation of MGA and Carter Bryant Prior to November 2003 and to Compel Production of

27   all 'NHB' Documents," which was heard on March 10, 2008.  Mattel contends that the two

28   Bryant v. Mattel, Inc.,
     CV-04-09049 SGL (RNBx)

                              Exhibit 12,
                              P. 140

                                                                                1

1  documents at issue are protected by the attorney-client privilege.  To substantiate its claims of

2  privilege, Mattel submitted the declaration of its counsel, Michael Moore, which states, in

3  pertinent part, as follows:

4      4.    Acting solely as the company's legal advisor, I instructed Adelle Jones, a

5      paralegal within Mattel's Law Department, to prepare for me the document Bates

6      stamped M0199767-68 in 2003.  It records information gathered by Ms. Jones at

7      my request and outside counsel's request.  I then transmitted the document to

8      outside legal counsel for purposes of obtaining legal advice.

9      5.    Also acting solely as the company's legal advisor, I personally created the

10      document Bates stamped M0199769-70 in 2003.  It reflects my communications

11      with and directions from Mattel's outside counsel regarding tasks to be performed.

12      The document also reflects notations from Jill Thomas, Mattel's Assistant General

13      Counsel, and Mattel's outside counsel.  I transmitted the document to outside legal

14      counsel for purposes of obtaining legal advice.

15      6.    I have not disclosed the document Bates stamped M0199767-68 or Bates

16      stamped M0199769-70 or their contents to anyone outside Mattel's Law

17      Department or Mattel's outside legal counsel.  Mattel has not intentionally

18      waived, or intended to waive, at any time the attorney-client privilege with respect

19      to documents Bates stamped M0199767-68 or Bates stamped M0199769-70.

20      These documents were gathered and then inadvertently produced in discovery

21      among many thousands of other documents in this litigation.  The documents

22      were on a Mattel database that was searched using key words.

23  Decl. of Michael Moore in Support of Mattel's Opposition.

24      MGA and Bryant contend that the two documents are not protected by the attorney-client

25  privilege.  More specifically, MGA and Bryant contend that the first document at issue does not

26  contain any indicia of a request for legal advice, but rather consists of a summary of underlying

27  facts.  MGA and Bryant contend that the second document similarly lacks any evidence that it

28

Exhibit 12,
P. 141

1   reflects confidential attorney-client communications, but instead consists of a "to do" list.

2   The essential elements of the attorney-client privilege are: "(1) When legal advice of any

3   kind is sought (2) from a professional legal adviser in his or her capacity as such, (3) the

4   communications relating to that purpose, (4) made in confidence (5) by the client, (6) are, at the

5   client's instance, permanently protected (7) from disclosure by the client or by the legal adviser

6   (8) unless the protection be waived." United States v. Martin, 278 F.3d 988, 999 (9th Cir. 2002).

7   The burden is on the party asserting the privilege to establish all the elements of the privilege.

8   United States v. Munoz, 233 F.3d 1117, 1128 (9th Cir. 2000). "Because the attorney-client

9   privilege has the effect of withholding relevant information from the factfinder, it is applied only

10   when necessary to achieve its limited purpose of encouraging full and frank disclosure by the

11   client to his or her attorney." Clark v. Am. Commerce Nat'l Bank, 974 F.2d 127, 129 (9th Cir.

12   1992).

13   Mattel has satisfactorily established the requisite elements of the attorney-client privilege

14   with respect to the first document, Bates stamped M0199767-68. Mattel's counsel, Michael

15   Moore, explains in his declaration that he instructed a Mattel paralegal to prepare the document,

16   and that the document reflects information gathered by the paralegal at his request and outside

17   counsel's request. An in camera review reveals that the document contains information regarding

18   the employment history of a former Mattel employee and a brief description of her claimed

19   involvement and knowledge regarding the development of Bratz.

20   Mattel's counsel also states in his declaration that he transmitted the document M0199767-

21   68 to outside legal counsel for purposes of obtaining legal advice. Further, Mattel's counsel states

22   that the document and its contents have not been disclosed to anyone outside Mattel's Legal

23   Department or Mattel's outside legal group.

24   MGA's and Bryant's assertion that document M0199767-68 is discoverable because it

25   contains only a "summary of underlying facts" is without merit. As explained in the declaration

26   of Mattel's counsel, the document is a communication among counsel for the purpose of obtaining

27   legal advice, which is protected by the attorney-client privilege. Upjohn Co. v. United States, 449

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

Exhibit 12,
P. 142

3

1    U.S. 383, 390 (1981) (attorney-client privilege protects "the giving of information to the lawyer to

2    enable him to give sound and informed advice").

3         Mattel has also satisfactorily established the requisite elements of the attorney-client

4    privilege as to the second document at issue, Bates stamped M0199769-70.  Mattel's counsel

5    explains in his declaration that he created the document Bates stamped M0199769-70 and that the

6    document reflects his communications with and directions from Mattel's outside counsel

7    regarding tasks to be performed.  Mattel's counsel also states that the document reflects notations

8    from Jill Thomas, Mattel's Assistant General Counsel, and Mattel's outside counsel.  Mattel's

9    counsel also states that he transmitted the document to outside legal counsel for purposes of

10   obtaining legal advice and that the document and its contents have not been disclosed to anyone

11   outside Mattel's Legal Department or Mattel's outside legal group.  An *in camera* review confirms

12   that the document bears indicia of a confidential attorney-client privileged communication that is

13   consistent with Mattel's description of the document.

14        Accordingly, MGA's and Carter Bryant's joint motion to compel is denied as to the

15   documents bearing Bates number M0199767-68 and M0199769-70.  Pursuant to Paragraph 6 of

16   the Stipulation and Order for Appointment of a Discovery Master, MGA shall file this Order with

17   the Clerk of Court forthwith.

18

19   Dated: March 17, 2008

20                                          HON. EDWARD A. INFANTE (Ret.)
                                            Discovery Master

21

22

23

24

25

26

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

Exhibit 12
P. 143

4

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on March 17, 2008, I served the attached ORDER DENYING MGA AND BRYANT'S JOINT MOTION TO COMPEL PRODUCTION OF DOCUMENT NOS. M0199767-68 AND M0199769-70 in the within action by email addressed as follows:

| | | |
|---|---|---|
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| Matthew M. Werdegar, Esq. | Keker & Van Nest | mwerdegar@kvn.com |
| John E. Trinidad, Esq. | Keker & Van Nest | jtrinidad@kvn.com |
| Audrey Walton-Hadlock, Esq. | Keker & Van Nest | awalton-hadlock@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johnquinn@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| John Gordon | Quinn, Emanuel, Urquhart, Oliver & Hedges | johngordon@quinnemanuel.com |
| Thomas J. Nolan, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tnolan@skadden.com |
| Raoul D. Kennedy, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | rkennedy@skadden.com |
| Amy S. Park, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | apark@skadden.com |
| Harriet S. Posner, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | hposner@skadden.com |
| Carl Alan Roth, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | croth@skadden.com |
| Timothy A. Miller, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tmiller@skadden.com |
| Marcus R. Mumford, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Mmumford@skadden.com |
| Paul M. Eckles, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Paul.eckles@skadden.com |
| Lance A. Etcheverry, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Lance.etcheverry@skadden.com |
| Robert J. Herrington, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Robert.herrington@skadden.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on March 17, 2008, at San Francisco, California.

_____
Sandra Chan

Exhibit 12
P. 144

Exhibit 13

12-08-2006  02:58pm  From-QUINN EMANUEL          2136240648          T-707  P.003/010  F-346

*Send*

1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
        John B. Quinn (Bar No. 090378)
2       (johnquinn@quinnemanuel.com)
        Michael T. Zeller (Bar No. 196417)
3       (michaelzeller@quinnemanuel.com)
        Jon D. Corey (Bar No. 185066)
4       (joncorey@quinnemanuel.com)
    865 South Figueroa Street, 10th Floor
5   Los Angeles, California 90017-2543
    Telephone:  (213) 443-3000
6   Facsimile:  (213) 443-3100

7   Attorneys for Mattel, Inc.

8   [Additional counsel listed on following page]

9

10                    UNITED STATES DISTRICT COURT

11                  CENTRAL DISTRICT OF CALIFORNIA

12   CARTER BRYANT, an individual,        Case No. CV 04-09049 SGL (RNBx)

13                    Plaintiff,          Consolidated with
                                          Case No. CV 04-09059
14           v.                           Case No. CV 05-02727

15   MATTEL, INC., a Delaware             STIPULATION FOR APPOINTMENT
     corporation,                         OF A DISCOVERY MASTER; AND
16
                     Defendant.           [PROPOSED] ORDER
17
                                          Discovery Cutoff Date:  Not Set
18                                        Trial Date:  Not Set

19

20

21

22

23

24

25

26

27

28

Exhibit 13
P. 145

Case No. CV 04-09049 SGL (RNBx)
STIPULATION FOR APPOINTMENT OF A DISCOVERY
MASTER AND [PROPOSED] ORDER

12-08-2006   02:58pm   From-QUINN EMANUEL                    2136240643            T-707   P.004/010   F-946

1   LITTLER MENDELSON
       Robert F. Millman (Bar No. 062152)
2      Douglas A. Wickham (Bar No. 127268)
       Keith A. Jacoby (Bar No. 150233)
3   2049 Century Park East, 5th Floor
    Los Angeles, California 90067-3107
4   Telephone:  (310) 553-0308
    Facsimile:  (310) 553-5583
5
    Attorneys for Carter Bryant
6
    O'MELVENY & MYERS LLP
7      Diana M. Torres (Bar No. 162284)
    400 S. Hope Street
8   Los Angeles, California 90017
    Telephone:  (213) 430-6000
9   Facsimile:  (213) 430-6407

10  O'MELVENY & MYERS LLP
       Dale Cendali
11  Times Square Tower
    7 Times Square
12  New York, NY 10036

13  CHRISTENSEN, GLASER, FINK, JACOBS WEIL & SHAPIRO, LLP
       Patricia Glaser (Bar No. 55668)
14  10250 Constellation Boulevard - 19th Floor
    Los Angeles, CA 90067
15  Telephone: (310) 553-3000
    Facsimile: (310) 556-2920
16
    Attorneys for MGA Entertainment, Inc.
17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION FOR APPOINTMENT OF A DISCOVERY
MASTER AND [PROPOSED] ORDER

EX. 13 -2-
P. 146

1    WHEREAS, the parties are in agreement that a discovery master should be

2  appointed in this matter to resolve any discovery disputes and to minimize the

3  burden on the Court; and

4    WHEREAS, the parties have agreed upon a nominee, Hon. Edward A. Infante

5  (Ret.), and he has agreed to serve as a discovery master in this matter;

6    NOW, THEREFORE, to facilitate the fair and efficient completion of pre-

7  trial discovery, the parties Mattel, Inc. and Carter Bryant and MGA Entertainment,

8  Inc., by and through their respective counsel of record, hereby stipulate and agree as

9  follows:

10    1.    The Discovery Master shall be appointed to assure and provide cost-

11  effective discovery and to minimize the burden of discovery disputes upon the

12  Court. Any and all discovery motions and other discovery disputes in the above

13  captioned action shall be decided by a master ("Discovery Master") pursuant to

14  Federal Rule of Civil Procedure 53. Any motions currently pending before

15  Magistrate Judge Block shall be transferred to the Discovery Master. The moving

16  party shall provide to the Discovery Master all papers associated with each pending

17  motion.

18    2.    The Discovery Master shall be Hon. Edward A. Infante (Ret.). His

19  business address is: Two Embarcadero Center, Suite 1500, San Francisco, CA

20  94111.

21    •  3.    Judge Infante shall serve as the Discovery Master until all issues herein

22  have been finally disposed of or determined, or until he shall withdraw in

23  accordance with applicable law. If at any time he becomes unable to serve as the

24  Discovery Master, the parties shall confer to present an alternative agreed-upon

25  designee to the Court. In the event that the parties cannot agree to an alternate

26  designee, then the Court shall appoint a Discovery Master.

27    4.    The Discovery Master shall have the authority to set the date, time, and

28  place for all hearings determined by the Discovery Master to be necessary; to

12-08-2006   02:58pm   From-QUINN EMANUEL                    2136240543          T-707   P.008/010   F-346

1    preside over hearings (whether telephonic or in-person); to take evidence in

2    connection with discovery disputes; to issue orders resolving discovery motions

3    submitted to the Discovery Master; to conduct telephonic conferences to resolve

4    discovery disputes arising during depositions; to issue orders awarding non-

5    contempt sanctions, including, without limitation, the award of attorney's fees, as

6    provided by Rules 37 and 45; and to prepare, file and serve other orders, reports and

7    recommendations, as appropriate.

8        5.    All discovery disputes shall be resolved by motion (except those arising

9    during a deposition which the Discovery Master determines can be resolved by

10   telephonic conference during the deposition).  The moving party shall first identify

11   each dispute, state the relief sought, and identify the authority supporting the

12   requested relief in a meet and confer letter that shall be served on all parties by

13   facsimile or electronic mail.  The parties shall have five court days from the date of

14   service of that letter to conduct an in-person conference to attempt to resolve the

15   dispute.  If the dispute has not been resolved within five court days after such

16   service, the moving party may seek relief from the Discovery Master by formal

17   motion or letter brief, at the moving party's option.  The opposing party shall have

18   five court days from the date of service of the motion or letter brief to submit a

19   formal opposition or response.  Any reply brief or letter brief shall be served within

20   three court days from the date of service of a formal opposition or response.  The

21   hearing on the motion shall take place within five court days of the service of any

22   reply brief or letter unless (a) the parties agree to another hearing date or agree that

23   no hearing is necessary; (b) the Discovery Master determines that no hearing is

24   necessary; or (c) the Discovery Master is not available, in which case the hearing

25   shall take place on the Discovery Master's first available date.  The foregoing shall

26   not prohibit (i) the parties from agreeing to alternate procedures, or (ii) a party from

27   seeking the Discovery Master's immediate resolution of a dispute or resolution of a

28   dispute upon shortened time upon a showing of good cause why a party would be

STIPULATION FOR APPOINTMENT OF A DISCOVERY
MASTER AND [PROPOSED] ORDER

Ex.13
p.148

1  prejudiced absent prompt resolution.  Service of any document by fax or electronic

2  mail prior to 6:00 p.m. shall constitute service on that day.

3       6.    The Discovery Master's orders resolving discovery disputes, reports, or

4  recommendations pursuant to Rule 53(e) or (f) shall be treated as rulings made by a

5  Magistrate Judge of the United States District Court.  The Discovery Master shall

6  file each order, report, or recommendation pursuant to Rule 53(e) or (f) and serve

7  the parties within five court days of his/her decision on a matter.

8       7.    A court reporter shall transcribe any hearing or other proceeding before

9  the Discovery Master.

10      8.    The cost of any proceeding before the Discovery Master, including the

11  fees of the Discovery Master, the fees of court reporters who transcribe hearings or

12  other proceedings before the Discovery Master, and the fees of any other person

13  necessary to the efficient administration of the proceeding before the Discovery

14  Master, shall be paid one-half by Mattel, Inc., and one-half by MGA Entertainment,

15  Inc. and Carter Bryant unless, consistent with the Federal Rules of Civil Procedure,

16  the Discovery Master Orders otherwise.  By agreeing to share costs among the

17  parties, no party waives its right to seek recovery or reimbursement for such costs

18  from any other party.

19      9.    The Discovery Master shall be compensated according to his regular

20  hourly rate of $750.

21      10.   Pursuant to Federal Rule of Civil Procedure 53(b)(2), the Discovery

22  Master shall proceed with all reasonable diligence.

23      11.   Based on an affidavit filed by Hon. Edward A. Infante pursuant to

24  28 U.S.C. § 455 and Federal Rule of Civil Procedure 53(b)(3), the parties are not

25  aware that he has a relationship to the parties, to counsel, to the action, or to the

26  Court that would require disqualification of a judge under 28 U.S.C. § 455, and

27  based thereon the parties expressly waive any ground for disqualification disclosed

28  therein of Hon. Edward A. Infante to serve as master in these proceedings.

STIPULATION FOR APPOINTMENT OF A DISCOVERY
MASTER AND [PROPOSED] ORDER

-5-

Ex. 13
P. 149

12.   The Discovery Master shall not have ex parte communications with ~~the Court~~, a party or counsel.

13.   The Discovery Master shall preserve and maintain all documents and materials submitted by the parties as well as all orders, reports, and recommendations issued by the Discovery Master. These documents, materials, orders, reports and recommendations shall be the record of the Discovery Master's activities, and shall be maintained in chronological order until the Discovery Master is informed by the parties that all issues herein have been finally disposed of and determined.

14.   The Discovery Master is hereby authorized to receive and consider information and documents designated "CONFIDENTIAL" and "CONFIDENTIAL-ATTORNEYS EYES ONLY" pursuant to the January 4, 2005 Stipulated Protective Order. The Discovery Master agrees to be bound by the January 4, 2005 Order.

15.   All third parties subject to discovery requests or deposition in this litigation shall be bound by the terms of this Stipulation and Order.

Dated: November 22, 2006          O'MELVENY & MYERS LLP


                                  By: _____
                                      Diana Torres
                                      Attorneys for MGA Entertainment, Inc.


Dated: November 29, 2006          LITTLER MENDELSON


                                  By: _____
                                      Douglas A. Wickham
                                      Attorneys for Carter Bryant

STIPULATION FOR APPOINTMENT OF A DISCOVERY MASTER AND [PROPOSED] ORDER

-6-

Ex.13
P. 150

1   Dated: ~~November~~ December 4, 2006          QUINN EMANUEL URQUHART
                                                    OLIVER & HEDGES, LLP
2

3                                                 By: _____
                                                    Jon D. Corey
4                                                   Attorneys for Mattel, Inc.

5

6                                            **ORDER**

7       The foregoing Stipulation for Appointment of a Discovery Master is SO

8   ORDERED as modified.

9

10  Dated: 12-6-06.                          _____
                                             Hon. Stephen G. Larson
11                                           United States District Court Judge

12

13                      **CONSENT OF DISCOVERY MASTER**

14      If appointed by the Court, I, the undersigned, consent to serve as Discovery

15  Master in the above referenced proceeding consistent with this Order.

16

17  Dated: 12-5-06                           _____
18                                           Hon. Edward A. Infante (Ret.)

19

20

21

22

23

24

25

26

27

28

-7-

Ex. 13
P. 151

## PROOF OF SERVICE

1013A(3) CCP Revised 5/1/88

1   STATE OF CALIFORNIA )
    COUNTY OF LOS ANGELES )
2

3       I am employed in the county of Los Angeles  State of California.  I am over the age of 18
    and not a party to the within action; my business address is: 865 South Figueroa Street, 10th Floor,
4   Los Angeles, CA 90012.

5       On December 5, 2006, I served the foregoing document described as STIPULATION
    FOR APPOINTMENT OF A DISCOVERY MASTER; AND [PROPOSED ORDER on all
6   interested parties in this action.

7   Keith A. Jacoby, Esq.                          Diana M. Torres, Esq.
    Douglas Wickham, Esq.                          O'Melveny & Meyers
    Littler Mendelson                              400 S. Hope Street
8   A Professional Corporation                     Los Angeles, CA 90071
    2049 Century Park East, 5th Floor              Phone: 213-430-6000
9   Los Angeles, California 90067-3107             Fax: 213-430-6407
    Phone: 310-553-0308
10  Fax: 310-553-5583

11

12  [ ]   By placing [ ] the original [X] true copies thereof enclosed in sealed envelopes addressed
          as follows:
13

14  [X]   BY MAIL

15  [ ]   I deposited such envelope in the mail at Los Angeles, California.  The envelope was mailed
          with postage thereon fully prepaid.
16
    [ ]   As follows:  I am "readily familiar" with the firm's practice of collection and processing
17        correspondence for mailing.  Under that practice it would be deposited with U.S. postal
          service on that same day with postage thereon fully prepaid at Los Angeles, California in the
18        ordinary course of business.  I am aware that on motion of the party served, service is
          presumed invalid if postal cancellation date or postage meter date is more than one day after
19        date of deposit for mailing in affidavit.

20  [ ]   BY TELECOPIER By transmitting the above listed document(s) to the fax number(s)
          set forth above on this date.
21
    [ ]   BY PERSONAL SERVICE I delivered such envelope by hand to the addressee.
22
    Executed on December 5, 2006, at Los Angeles, California.
23
    [ ]   (State) I declare under penalty of perjury under the laws of the State of California that the
          above is true and correct.
24
    [X]   (Federal) I declare that I am employed in the office of a member of the bar of this court at
          whose direction the service was made.
25

26
    Cheri Hatch                                    _____
27  Print Name                                     Signature

28

EX. 13
P. 152